# Exhibit A

## Exhibit A

Plaintiffs Represented by Michael Hingle Associates Who Have Not Alleged a Vioxx Injury in Their PPFs

| Vioxx User/Plaintiff | Case Caption | Docket Number | Alternate Case Caption & Docket Number | Date PPF Received or Last Updated | Exhibit | Comments |
|---|---|---|---|---|---|---|
| Adams, Walter G. | Acosta, Ella v. Merck & Co., Inc. | 2:05-cv-04457 | N/A | 12/16/05 | D | Replaced "Vioxx" with "Bextra" in Section IV of the PPF. |
| Antonio, Isiah | Acosta, Ella v. Merck & Co., Inc. | 2:05-cv-04457 | Lillie Ruffin on behalf of Isiah Antonio; Bailey, Lois v. Merck & Co., Inc.(2:05-cv-06904) | 12/13/05 | E | Replaced "Vioxx" with "Celebrex" and "Bextra" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Archote, Lois | Acosta, Ella v. Merck & Co., Inc. | 2:05-cv-04457 | Milton Archote on behalf of Lois Archote; Bailey, Lois v. Merck & Co., Inc.(2:05-cv-06904) | 2/27/07 | F | Replaced "Vioxx" with "Celebrex" throughout entire PPF. |
| Banks, Willie Ola | Acosta, Ella v. Merck & Co., Inc. | 2:05-cv-04457 | N/A | 12/13/05 | G | Replaced "Vioxx" with "Bextra" in Section IV of the PPF. |
| Bordelon, Irene | Acosta, Ella v. Merck & Co., Inc. | 2:05-cv-04457 | N/A | 12/13/05 | H | Replaced "Vioxx" with "Bextra" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Charles, Frances | Acosta, Ella v. Merck & Co., Inc. | 2:05-cv-04457 | N/A | 1/9/06 | I | Replaced "Vioxx" with "Celebrex" in Section IV of the PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Butler, James F. on behalf of Butler, Angel S. | Bailey, Lois v. Merck & Co., Inc. | 2:05-cv-06904 | N/A | 6/22/06 | J | No Vioxx injury indicated in PPF; Replaced "Vioxx" with "Celebrex" in Section IV of the PPF. |
| Gauthier (Cauthier), Robert on behalf of Gauthier, Lois | Bailey, Lois v. Merck & Co., Inc. | 2:05-cv-06904 | N/A | 6/22/06 | K | Replaced "Vioxx" with "Bextra" throughout entire PPF. |
| Major, Lynell on behalf of Washington, Gertrude | Bailey, Lois v. Merck & Co., Inc. | 2:05-cv-06904 | N/A | 6/22/06 | L | Replaced "Vioxx" with "Celebrex" throughout entire PPF. |
| Coleman, Bernice W. | Charpentier, Matt v. Merck & Co., Inc. | 2:05-cv-04458 | N/A | 2/27/07 | M | Replaced "Vioxx" with "Celebrex" in Section IV of the PPF. |
| Detillier, Moise | Charpentier, Matt v. Merck & Co., Inc. | 2:05-cv-04458 | N/A | 12/15/05 | N | Replaced "Vioxx" with "Celebrex" in Section IV of the PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |

## Exhibit A

Plaintiffs Represented by Michael Hingle Associates Who Have Not Alleged a Vioxx Injury in Their PPFs

| Vioxx User/Plaintiff | Case Caption | Docket Number | Alternate Case Caption & Docket Number | Date PPF Received or Last Updated | Exhibit | Comments |
|---|---|---|---|---|---|---|
| Forcell, Shirley | Charpentier, Matt v. Merck & Co., Inc. | 2:05-cv-04458 | Donna L. Forcell on behalf of Shirley Forcell; Bailey, Lois v. Merck & Co., Inc.(2:05-cv-06904) | 6/10/06 | O | No Vioxx injury indicated in PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Guillory, Melva | Charpentier, Matt v. Merck & Co., Inc. | 2:05-cv-04458 | N/A | 1/11/06 | P | Replaced "Vioxx" with "Bextra" throughout entire PPF. |
| Heinz, Winnie T. | Charpentier, Matt v. Merck & Co., Inc. | 2:05-cv-04458 | N/A | N/A | N/A | Never filed PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Hollins, Leatha | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 1/20/06 | Q | Replaced "Vioxx" with "Bextra" and "Celebrex" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Jones, Ione G. | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | R | Replaced "Vioxx" with "Celebrex" in Section IV of the PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Kelly, Geraldine | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 1/20/06 | S | Replaced "Vioxx" with "Bextra" throughout entire PPF. |
| Ledet, Wilfred | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | T | Replaced "Vioxx" with "Celebrex" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Lee, Clifford (William) | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | U | Replaced "Vioxx" with "Celebrex" throughout entire PPF. |
| Lirette, Larry W. | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | V | Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Lowe, Andrew | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | Darlene Lowe on behalf of Andrew Lowe; Bailey, Lois v. Merck & Co., Inc.(2:05-cv-06904) | 12/15/05 | W | No Vioxx injury indicated in PPF; Celebrex mentioned in Section I of the PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| McClain, Yvonne | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | X | Replaced "Vioxx" with "Celebrex" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |

## Exhibit A
Plaintiffs Represented by Michael Hingle Associates Who Have Not Alleged a Vioxx Injury in Their PPFs

| Vioxx User/Plaintiff | Case Caption | Docket Number | Alternate Case Caption & Docket Number | Date PPF Received or Last Updated | Exhibit | Comments |
|---|---|---|---|---|---|---|
| McCrary, Rose | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | Y | No Vioxx injury indicated in PPF; Replaced "Vioxx" with "Bextra" throughout entire PPF. |
| Rockwood (Lockwood), Cyrus | Hillard, Arterbell D. v. Merck & Co., Inc. | 2:05-cv-04459 | N/A | 12/15/05 | Z | Replaced "Vioxx" with "Bextra" in Section IV of the PPF. |
| Moore, Bruce | Meunier, William v. Merck & Co., Inc. | 2:05-cv-04456 | N/A | 3/2/06 | AA | Replaced "Vioxx" with "Bextra" in Section IV of the PPF. |
| Nall, Mabel | Meunier, William v. Merck & Co., Inc. | 2:05-cv-04456 | N/A | 1/10/06 | BB | Replaced "Vioxx" with "Bextra" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Nelson, Kendra | Meunier, William v. Merck & Co., Inc. | 2:05-cv-04456 | N/A | 1/23/06 | CC | Replaced "Vioxx" with "Celebrex" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Rester, Ronald | Rester, Ronald v. Merck & Co., Inc. | 2:05-cv-04460 | N/A | 3/21/06 | DD | Replaced "Vioxx" with "Celebrex" in Section IV of the PPF. |
| Rout, Rosemary Ann | Rester, Ronald v. Merck & Co., Inc. | 2:05-cv-04460 | N/A | 3/2/06 | EE | Replaced "Vioxx" with "Bextra" throughout entire PPF. |
| Scully, Herbert | Rester, Ronald v. Merck & Co., Inc. | 2:05-cv-04460 | Annabelle Scully on behalf of Herbert Scully; Bailey, Lois v. Merck & Co., Inc.(2:05-cv-06904) | 1/10/06 | FF | Replaced "Vioxx" with "Celebrex" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Vila, Debra | Rester, Ronald v. Merck & Co., Inc. | 2:05-cv-04460 | N/A | 1/12/06 | GG | Replaced "Vioxx" with "Bextra" throughout entire PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Walls, Juanita C. | Walls, Juanita C. v. Merck & Co., Inc. | 2:05-cv-04461 | N/A | 12/15/05 | HH | Replaced "Vioxx" with "Bextra" in Section IV of the PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |

## Exhibit A

Plaintiffs Represented by Michael Hingle Associates Who Have Not Alleged a Vioxx Injury in Their PPFs

| Vioxx User/Plaintiff | Case Caption | Docket Number | Alternate Case Caption & Docket Number | Date PPF Received or Last Updated | Exhibit | Comments |
|---|---|---|---|---|---|---|
| Wheat, Virginia | Walls, Juanita C. v. Merck & Co., Inc. | 2:05-cv-04461 | N/A | 1/20/06 | II | Replaced "Vioxx" with "Celebrex" and "Bextra" in Section IV of the PPF; Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| White, Betty | Walls, Juanita C. v. Merck & Co., Inc. | 2:05-cv-04461 | N/A | 3/21/06 | JJ | Replaced "Vioxx" with "Bextra" throughout entire PPF. |
| Ziegler, Hubert | Walls, Juanita C. v. Merck & Co., Inc. | 2:05-cv-04461 | N/A | 12/15/05 | KK | Hingle confirmed no Vioxx injury in 2/20/06 letter. |
| Williamson, Joan | Williamson, Joan v. Merck & Co., Inc. | 2:05-cv-06903 | N/A | 5/30/06 | LL | Replaced "Vioxx" with "Bextra" throughout entire PPF. |

# Exhibit B

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

U.S. RECEIVED
EAST DISTRICT COURT
DISTRICT OF LA
2005 SEP 30  PM 4:32
LORET...  G. WHYTE
CLERK

| | | |
|---|---|---|
| JUANITA C. WALLS | BARBARA A WILLIAMS | * CIVIL ACTION |
| DARELL ASBERRY-WASHINGTON | DIANE M. WILLIAMS | 05- 4461 |
| | EMMA WILLIAMS | |
| GLEN WEBB | DEMETRI WILLIAMS | * NUMBER: MDL |
| JAMES WELLS | JO ANN B. WILLIAMS | 1657  L MAG.3 |
| RONALD E. WEST | SHARON M. WILSON | |
| VIRGINIA WHEAT | SARAH WILSON | |
| VERLIN WHITE | WILLIAMS | * SECTION: L |
| BETTY D. WHITE | MARILYN WILTZ | |
| LAVITA WILLIAMS | HUBERT J ZIEGLER | * JUDGE FALLON |
| JEANETTE WILLIAMS | | |

* MAGISTRATE JUDGE KNOWLES

VS.

MERCK & CO., INC.

FILED: _____

_____
DEPUTY CLERK

COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, come Plaintiffs, each plaintiff individually, each named above in the caption and hereby named and included herein as a Plaintiff as if individually named and typed herein (hereinafter collectively referred to as "Plaintiffs"), and hereby alleges as follows based upon public documents and information and belief against Merck & Co., Inc., a New Jersey Corporation (hereinafter "Defendant").

PARTIES

1.      Plaintiffs, were all domiciled in Louisiana, Parish of Jefferson at the time they were prescribed and purchased and used the drug Vioxx for treatment of various complaints.

2.      Defendant Merck & Company, Incorporated ("Merck") is a New Jersey corporation with its principal place of business in New Jersey. Merck is a global pharmaceutical products company.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.      This Court has supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred, in part in the Eastern District of Louisiana and further the MDL has been allotted to this district.

## FACTUAL ALLEGATIONS

6.      Plaintiffs bring this action to recover damages for personal injury, restitution, refund and/or for equitable, injunctive relief against Merck, who tested, marketed, distributed, promoted, sold, prescribed and filled Vioxx, which the Plaintiffs took after it was prescribed to them, and, as a result thereof, suffered injuries and damages.  Plaintiffs suffered an anatomical or cardiovascular insult or injury contributed or caused by Vioxx and/or suffered blood clots, deep vein thrombosis and/or pulmonary embolism as a result of the same.

7.      This case involves the Plaintiffs' use of a drug called Vioxx (rofecoxib).  It was designed to treat osteoarthritis, rheumatoid arthritis, acute pain and migraines.

2

M002812723

8.     Defendant had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promotion, distribution and/or sale of the drug Vioxx and did so in a negligent fashion.

9.     Vioxx is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). It works by reducing substances that cause inflammation, pain and fever.

10.    On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the data safety monitoring board overseeing a study of the drug recommended that the study be halted because of an increased risk or serious cardiac events, including heart attack and strokes.

11.    Annual sales of Vioxx total approximately $2.5 billion.

12.    Defendant had an obligation not to violate the law in the manufacture, design, and sale of Vioxx.

13.    Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq.

14.    Defendant failed to meet the standard of care set by the above statutes and regulations, which were intended for the benefit of the individual consumers such as the Plaintiffs, making the Defendant negligent per se.

15.    Plaintiffs took Vioxx at various different times as prescribed. At all times relevant herein, Plaintiffs were unaware of the serious side effects and dangerous properties of the drug as set forth herein. Plaintiffs did not discover the relationship between their complaints/injuries until after September 30, 2004.

3

16.  Vioxx caused Plaintiffs substantial harm including, but not limited to, a heart attack.

17.  Merck spent approximately $500,000,000 in direct and other advertising to consumers and medical providers thereby consciously and intentionally misleading and deceiving medical providers and consumers and withholding critical information from regulators (FDA) and others.

18.  Vioxx had no greater efficacy than aspirin or ibuprofen but entailed much greater risk to consumers.   Merck resisted producing studies which would adequately reflect safety issues.

19.  Merck knew in advance, both pre-approval and pre-marketing, that thousands of consumers who would purchase Vioxx suffered from pre-existing coronary and vascular conditions which would be aggravated, activated, or otherwise compounded, thereby becoming a substantial contributing factor to heart attacks and strokes in consumers.

20.  Defendant failed to adequately warn Plaintiffs of the hazards of Vioxx and concealed this knowledge from the Plaintiffs and others.  As a result of this failure, Plaintiffs were caused to suffer the injury and damages as set forth herein.

21.  Although defendant knew or should have know that dangerous risks were associated with the use of Vioxx, defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

22.  Defendant Merck falsely misrepresented and concealed pertinent facts regarding the drug Vioxx including, without limitation, the absence of adequate testing of the drug,

4

M002812725

the severity and frequency of side effects, and adverse medical conditions caused by the drug.

23.     Defendant Merck failed to take measures to ensure that the end user of the drug was notified fully and completely of the risks of Vioxx, and/or that physicians, pharmacists and health care providers were notified of these risks.

## COUNT I
## Breach of Express Warranty

24.     Plaintiffs restate and realleges all foregoing paragraphs.

25.     Defendant expressly warranted to the market, including the Plaintiffs, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

26.     In using Vioxx, the Plaintiffs relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

27.     Vioxx contains a vice or defect which renders it either absolutely useless, or renders its use so inconvenient and imperfect that buyers would not have purchased it had they know of this vice or defect.

28.     As a direct and proximately result of the Defendant's breaches of warranties, Plaintiffs were injured and suffered special and compensatory damages to be proven at trial.

## COUNT II

5

M002812726

**Violation of Warranty of Redhibition**

29.     Defendant was aware of the substantial risks from taking Vioxx but failed to disclose such to Plaintiffs.

30.     Also, because Defendant was the manufacturer of Vioxx, Defendant is deemed to be aware of Vioxx's redhibitory defects pursuant to LSA-C.C. art. 2545.

31.     Had Plaintiffs been aware of the defects contained in Vioxx, Plaintiffs would not have purchased this medication and would have instead opted for a less harmful alternative. This characteristic rendered it unfit for its intended purposes.

32.     Defendant is thus liable to Plaintiffs under the theory of redhibition.

33.     Thus, Plaintiffs are entitled to a return of any purchase price paid, including but not limited to insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled.

M002812727

## COUNT III
### Breach of The Implied Warranty

34.     Plaintiffs incorporate the allegations contained in the preceding paragraphs.

35.     Defendant has breached the implied warranty of merchantability in that Vioxx was not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen, to be used. Moreover, the Vioxx manufactured and sold by Defendant was defective on the date of its delivery to Plaintiffs.

36.     Defendant has also breached the implied warranty of fitness for a particular purpose. Vioxx is not reasonably fit for the specific purposes for which Defendant knowingly sold it and for which the Plaintiffs bought Vioxx in reliance on Defendant.

37.     Plaintiffs have suffered damages as a result of Defendant's breach of warranty.

## COUNT IV
### Unjust Enrichment

38.     Plaintiffs incorporate the allegations contained in the preceding paragraphs.

39.     Defendant has knowingly received, and continues to receive, a substantial benefit at the expense of Plaintiffs.

40.     It would be unjust and unconscionable to permit Defendant to enrich itself at the expense of Plaintiffs and to retain the funds that Defendant wrongfully obtained from Plaintiffs.

## COUNT V
### Negligence

41.     Plaintiffs incorporate the allegations contained in the preceding paragraphs.

42.     Defendant has a duty to exercise the necessary degree of care expected and required of manufacturers of health care products. Defendant deviated from that duty by

7

M002812728

failing to warn of the risks of the uses of Vioxx.

43.     As a result of Defendant's negligence, Plaintiffs have been injured.  These damages are the actual and proximate result of the Defendant's breach of this duty of care.

### COUNT VI
### Products Liability

44.     Plaintiffs incorporate the allegations contained in the preceding paragraphs.

45.     Whereas Defendant, while knowing of the vice as described herein, failed to declare it to the Plaintiffs, defendant is liable for all damages, including reasonable attorney's fees, as provided by Louisiana Civil Code arts. 2545 and 1953 eq seq.

46.     The damages in question arose from a reasonably anticipated use of the product in question.

47.     The product in question is unreasonably dangerous for the following reasons:

   A.     It is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

   B.     It is unreasonably dangerous in design as provided in R.S. 9:2800.56;

   C.     It is unreasonably dangerous because an adequate warning about the product was not provided as required by R.S. 9:2800.57;

   D.     It is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.57;

48.     The characteristics of the product that render it unreasonably dangerous under R.S. 9:2800.55, et seq., existed at the time the product left the control of the manufacturer

8

or resulted from a reasonably anticipated alteration or modification of the product.

49.   Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Vioxx. Defendant marketed Vioxx which was in a dangerous and defective condition and was defective in design and forumulation by reason of which it was unreasonably dangerous to the user thereof. Vioxx was dangerous and defective at the time it was marketed by defendant, and at the time it was ingested by Plaintiffs.

50.   Vioxx's dangerous and defective condition proximately caused the injuries alleged herein to Plaintiffs while the product was used for its ordinary intended purpose and in the ordinary intended manner. The injuries alleged herein to Plaintiffs, and damages suffered were the direct and proximate result of the marketing and sale by defendant of the defective and unreasonably dangerous product, Vioxx.

51.   Defendant failed to properly and adequately test Vioxx.

52.   Plaintiffs were prescribed and took Vioxx and suffered severe and debilitating injuries and damages as a result.

53.   Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Vioxx.

54.   As a result of Plaintiffs' ingestion and use of Vioxx, Plaintiffs sustained the following non exclusive list of damages:

A.   A heart attack, congestive heart failure, blood clots, deep vein thrombosis, pulmonary embolism, stroke and/or damage and/or failure of kidneys;

B.   Past and future emotional distress;

9

C.     Loss of enjoyment of life;

D.     Past and future mental pain and suffering;

E.     Inconvenience;

F.     Past and future mental anguish;

G.     Past and future physical pain, suffering and disability;

H.     Increased risk of contracting disease;

I.     The need for medical monitoring;

J.     Medical expenses;

K.     Loss of earning and/or earning capacity; and

L.     Other damages to be proven at the trial of this matter.

55.     Plaintiffs live in fear that as a result of the ingestion and use of the drug Vioxx, Plaintiffs are at increased risk of contracting sever and/or other disabling injuries, and consequently, is entitled to medical monitoring at the expense of the defendant.

56.     The medical monitoring that Plaintiffs are entitled to includes, but is not limited to, testing, preventive screening, physician evaluation, examination and care and treatment of the resultant medical conditions.

## JURY DEMAND

57.     Collectively Plaintiffs respectfully request a jury to try all matters raised there.

**WHEREFORE,** Plaintiffs pray:

1.     That defendant be required to answer this complaint after all legal delays have run, all in accordance with law;

2.     That after due proceedings had, and a trial by jury, that there be judgment

herein in favor of Plaintiffs individually and against defendant, for all

damages which are reasonable in the premises for each individual plaintiff,

together with legal interest thereon from the date of judicial demand until

paid, and for all costs of these proceedings;

3.      That the rights of the Plaintiffs to establish their entitlement to compensatory

damages, and the amounts thereof, be reserved for determination when

appropriate.

4.      That Plaintiffs individually recover their respective costs and all expert fees

for the prosecution of this action;

That the Court render judgment in favor of the Plaintiffs individually awarding all damages as

prayed for herein, including attorneys' fees, with all costs assessed against Defendant.

Respectfully submitted,
MICHAEL HINGLE & ASSOCIATES, LLC

Ronald J. Favre, T. A. #5479
Paul D. Hesse,  #22796
Bryan Pfleeger,  #23896
For the Firm
220 Gause Boulevard
Slidell, LA 70459
Phone (985) 641-6800
Facsimile (985) 646-1471
Attorney for Plaintiffs

**PLEASE SERVE:**
Merck & Co., Inc.
Through defendants liaison counsel
STONE PIGMAN WALTHER WITMANN, LLC
Phillip A. Wittmann
546 Carondelet Street
New Orleans, LA 70130

G:\CLASS ACTIONS\VIOXX E-FILES - ALL PLAINTIFFS\COMPLAINT #6FF.wpd

11

# Exhibit C

# Michael Hingle & Associates, LLC

### ATTORNEYS & COUNSELORS AT LAW

Michael Hingle, J.D.+[1]

Ronald Favre, J.D.+
John B. Noble+[2]
Bryan A. Pfleeger+
David P. Sirera+[2]
Austin McElroy+
Paul D. Hesse, J.D.+
Keyojuan L. Gant+
Michael L. Martin+
Colby F. Wenck+

220 Gause Blvd.
Slidell, LA 70458
(985) 641-6800
1-800-872-5879
Fax (985) 646-1471

Heidi B. Pellegrin+*
Celia Estis*
Candace Furlong-Borne*
Shelly Alexander*
Shelly McNamara*

*Paralegal   +Notary

February 20, 2006

Phillip Wittmann                              VIA FAX
546 Carondelet St.
New Orleans, LA 70130

RE:   VIOXX LITIGATION

Dear Mr. Wittmann:

This letter serves to commemorate your recent conversation with Michael Hingle wherein you agreed that we could file motions to dismiss without prejudice on behalf of our clients who have expressly indicated to us they did not take Vioxx. These clients are listed below;

| | |
|---|---|
| Winnie T. Heinz | Ione G. Jones |
| Debra Vila | Isiah Antonio |
| Herbert Scully | Yvonne McClain |
| Wilfred Ledet | Andrew Lowe |
| Moise A. Detillier | Hubert J. Ziegler |
| Shirley Forcell | Virginia Wheat |
| Leatha C. Hollins | Inene Bordelon |
| Larry Lirette | Frances Charles |
| Kendra Nelson | Juanita C. Walls |
| Mabel Nall | |

Enclosed please find a sample draft of the motion to dismiss that we intend to file.

Please call as soon as possible with any questions or comments.

Very Truly Yours,

Paul D. Hesse

PDH/sd
Enclosure
cc:   John Poulos - Via Fax

CLASS ACTIONS\VIOXX\ltr wittmann enc mot dismiss 2.17.06 sd.wpd

CERTIFIED CIVIL TRIAL LAW SPECIALIST
NATIONAL BOARD OF TRIAL ADVOCACY*
ACCREDITED BY AMERICAN BAR ASSOCIATION
[2]ADMITTED IN MISSISSIPPI & LOUISIANA

NEW ORLEANS      SLIDELL      HAMMOND
COVINGTON/MANDEVILLE      METAIRIE      GRETNA
BATON ROUGE      HOUMA      GULFPORT      LAPLACE

M003359085

# Exhibit D

Exhibit A

Dec 16 2005
11:03AM

IN RE: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1657

Claimant: _Walter G. Adams Sr._
(name)

## CLAIMANT PROFILE FORM

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

### I.   CASE INFORMATION

A. Name of person completing this form: _Sharon W. Adams_

B. If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

1. Social Security Number: _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 Walter SS# 436667711_

2. Maiden or other names used or by which you have been known: _No Applicable_

3. Address: _12045 Frank Lane, Independence_

4. State which individual or estate you are representing, and in what capacity you are representing the individual or estate? _Care giver_

5. If you were appointed as a representative by a court, state the:
   Court: _No Applicable_   Date of Appointment: _No Applicable_

6. What is your relationship to ~~deceased~~ or represented person or person claimed to be injured? _Wife_

7. If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died: _No Applicable_

NY 189839_1

C. Claim Information

  1. Are you claiming that you have or may develop bodily injury as a result of taking
     VIOXX®? Yes ✓ No_____ *If "yes,"*

     a. What is your understanding of the bodily injury you claim resulted from your
        use of VIOXX®? possibly mini stoke, Rushed to ER.
        From Ochsner Clinic during Stress test also severe Head
        Ache

     b. When do you claim this injury occurred? Dec 22 2004

     c. Who diagnosed the condition? Ochsner Doctor

     d. Did you ever suffer this type of injury prior to the date set forth in answer to
        the prior question? Yes X No X *If "yes,"* when and who
        diagnosed the condition at that time? YNo the mini stoke
        HAD Headache in pass but they Are worse now
        and much more sever

     e. Do you claim that that your use of VIOXX® worsened a condition that you
        already had or had in the past? Yes ✓ No _____ *If "yes,"* set forth the
        injury or condition; whether or not you had already recovered from that injury
        or condition before you took VIOXX®; and the date of recovery, if any. HAve
        No Recovered From headaches

D. Are you claiming mental and/or emotional damages as a consequence of VIOXX®?
   Yes ✓ No _____

   *If "yes,"* for each provider (including but not limited to primary care physician,
   psychiatrist, psychologist, counselor) from whom have sought treatment for
   psychological, psychiatric or emotional problems during the last ten (10) years, state:

     a. Name and address of each person who treated you: Dr. C. Rodillas
        Ochsner Clinic Foundation 1514 Jefferson Hwy Jefferson LA.
        70121

     b. To your understanding, condition for which treated: Migraines
        possibly mini Steeke

     c. When treated: JAN 28 2005

     d. Medications prescribed or recommended by provider: Neurontin

## II.   PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®

A. Name: Walter G Adams, Sr

B. Maiden or other names used or by which you have been known: No Applicable

C. Social Security Number: 436 66 7711

D. Address: 12045 FRANK LANE, Independence, LA. 70443

189839_1

E. Identify each address at which you have resided during the last ten (10) years, and list
when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 12045 FRANK LANE Independence | 2001 Dec – Now |
| 707 Raccoon Run Slidell LA | May 2000 – Sept 2001 |
| 604 Causeway Blvd Jefferson LA | June 1999 – May 2000 |

*see Attache Paper*

F. Driver's License Number and State Issuing License: _____

G. Date of Place and Birth: __August 9, 1945   New Orleans LA__

H. Sex: Male __✓__ Female _____

I. Identify the highest level of education (high school, college, university or other
educational institution) you have attended (even if not completed), the dates of
attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Delgado | 1967 | Carpentary | None |

J. Employment Information.

1. Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Harry's Ace Hardware | 3535 Magazines N.O. LA 70130 | Aug 1991 Sept 1999 | Sales clerk |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Same as Aboved | | | |

3. Are you making a wage loss claim for either your present or previous
employment? Yes _____ No __X__

*If "yes,"* state your annual income at the time of the injury alleged in
Section I(C): __No Applicable__

K. Military Service Information:  Have you ever served in the military, including the
military reserve or national guard? Yes __✓__ No _____

*If "yes,"* were you ever rejected or discharged from military service for any reason
relating to your physical, psychiatric or emotional condition? Yes _____ No __X__

189839_1

L. Insurance / Claim Information:

   1. Have you ever filed a worker's compensation and/or social security disability (SSI
      or SSD) claim?  Yes ✓  No ____  *If "yes,"* to the best of your knowledge
      please state:

      a. Year claim was filed: *1999*

      b. Nature of disability: *Alzheimers*

      c. Approximate period of disability: *1999 – now*

   2. Have you ever been out of work for more than thirty (30) days for reasons related
      to your health (other than pregnancy)?  Yes X  No ____  *If "yes,"* set forth
      when and the reason. *1994 – 5 way bi-pass*
      *1999 – Alzheimers*

   3. Have you ever filed a lawsuit or made a claim, other than in the present suit,
      relating to any bodily injury?  Yes X  No ____  *If "yes,"* state to the best of
      your knowledge the court in which such action was filed, case name and/or names
      of adverse parties, and a brief description for the claims asserted. *Not Applicable*

M. As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud
   or dishonesty?  Yes ____  No X  *If "yes,"* set forth where, when and the felony and/or
   crime. *Not Applicable*

### III.  FAMILY INFORMATION

A. List for each marriage the name of your spouse; spouse's date of birth (for your
   current spouse only); spouse's occupation; date of marriage; date the marriage ended,
   if applicable; and how the marriage ended (*e.g.*, divorce, annulment, death):
   *Sharon Wintter Adams   August 5 1952*
   *Not empolyed   November 16, 1968   still married*

B. Has your spouse filed a loss of consortium claim in this action?  Yes ____  No X

C. To the best of your knowledge did any child, parent, sibling, or grandparent of yours suffer from any type of cardiovascular disease including but not limited to: heart attack, abnormal rhythm, arteriosclerosis (hardening or the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block, congenital heart abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, stroke? Yes _X_ No _____ Don't Know _____ *If "yes,"* identify each such person below and provide the information requested.

Name: _Herny N. Adams Sr.  Father_

Current Age (or Age at Death): _71_

Type of Problem: _heart attack_

If Applicable, Cause of Death: _cancer_

D. If applicable, for each of your children, list his/her name, age and address: _Walter G. Adams, Jr. congenital heart Abnormality at age 5 Now 36 Address unknown_

E. If you are claiming the wrongful death of a family member, list any and all heirs of the decedent. _Not Applicable_


## IV.  VIOXX® PRESCRIPTION INFORMATION

A. Who prescribed VIOXX® for you? _DR. Hazem Eissa_

B. On which dates did you begin to take, and stop taking, VIOXX®? _— 2/05 or 3/05 when it was pulled_

C. Did you take VIOXX® continuously during that period?
   Yes _X_ No _____ Don't Recall _____

D. To your understanding, for what condition were you prescribed VIOXX®? _Pain_

E. Did you renew your prescription for VIOXX®? Yes _X_ No ____ Don't Recall _____

F. If you received any samples of VIOXX®, state who provided them, what dosage, how much and when they were provided: _No Applicable_

G. Which form of VIOXX® did you take (check all that apply)?
   _____ 12.5 mg Tablet (round, cream, MRK 74)        ⎫ 20 mg Tab
   _____ 12.5 mg Oral Suspension                        ⎬ Bextra
   _____ 25 mg Tablet (round, yellow, MRK 110)          ⎭
   _____ 25 mg Oral Suspension
   _____ 50 mg Tablet (round, orange, MRK 114)

H. How many times per day did you take VIOXX®? _1 x per day_

189839_1

I.  Did you request that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®? Yes _____ No _X_ Don't Recall _____

J.  What medications, prescription and over-the-counter, did you take simultaneously with VIOXX®? _See Attached_____

K.  What medications, prescription and over-the-counter, did you take within 6 months prior to staring VIOXX®? _See Attached_____

L.  Instructions or Warnings:

1.  Did you receive any written or oral information about VIOXX® before you took it? Yes _X_ No _____ Don't Recall _____

2.  Did you receive any written or oral information about VIOXX® while you took it? Yes _X_ No _____ Don't Recall _____

3.  If "yes,"

a.  When did you receive that information? _When the prescription was Filled_

b.  From whom did you receive it? _Pharmacist_____

c.  What information did you receive? _the iNformAtioN sheet that come From the PharmAcy_____

## V.  MEDICAL BACKGROUND

A.  Height: _5'11_

B.  Current Weight: _240_
    Weight at the time of the injury, illness, or disability described in Section I(C): _220_

C.  Smoking/Tobacco Use History: *Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.*

_____ Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

_X_ Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

a.  Date on which smoking/tobacco use ceased: _Dec 1993_____

b.  Amount smoked or used: on average _1 pk_ per day for _9_ years.

_____ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

a.  Amount smoked or used: on average _____ per day for _____ years.

_____ Smoked different amounts at different times.

D.  Drinking History.  Do you now drink or have you in the past drank alcohol (beer, wine, whiskey, etc.)? Yes _____ No _X_ If "yes," fill in the appropriate blank with the number of drinks that represents your average alcohol consumption during the period you were taking VIOXX® up to the time that you sustained the injuries alleged

189839_1

MICHAEL HINGLE & ASSOC    SLIDELL

in the complaint:

_____ drinks per week,

_____ drinks per month,

_____ drinks per year, *or*

Other (describe): _____

E.  Illicit Drugs.  Have you ever used (even one time) any illicit drugs of any kind within
    one (1) year before, or any time after, you first experienced your alleged VIOXX®-
    related injury?"  Yes _____  No _X_ Don't Recall _____

    *If "yes"*, identify each substance and state when you first and last used it. _____
    ___Not Applicable_____

F.  Please indicate to the best of your knowledge whether you have ever received any of
    the following treatments or diagnostic procedures:

    1.  Cardiovascular surgeries, including, but not limited to, the following, and specify
        for what condition the surgery was performed:  open heart/bypass surgery,
        pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck
        artery) surgery, lung resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---------|-----------|------|-------------------|----------|
| OpenHeart/Bypass | Heart | Jan 1994 | D K | University |
|         |           |      |                   |          |

    2.  Treatments/interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|------------------------|------|-------------------|----------|
| Nitro | Dec 1993 | ER | Charity |
|       |          |    |         |

    3.  To your knowledge, have you had any of the following tests performed:  chest X-
        ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal
        echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound,
        MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head,
        bubble/microbubble study, or Holter monitor?
        Yes _X_  No _____  Don't Recall _____  *If "yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|-----------------|------|-------------------|----------|--------|
| MRI | D K | Richard Steub | Ochsner | Alzheimers |
| EKG | D K | M. Cunningham | " | Heart |

## VI.   REQUEST FOR DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please attach the documents and things to your responses to this profile form.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this profile form.  Yes __✓__  No ____

B. Decedent's death certificate (if applicable).  Yes ____  No _✗_

C. Report of autopsy of decedent (if applicable).  Yes ____  No _✗_

## VII.   REQUEST FOR PRESERVATION OF DOCUMENTS AND THINGS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please deliver any and all items to your attorney for preservation and inspection.

A. Unused VIOXX®.

Yes ___ No _✗_

If you answer "yes", set forth in the space provided:

      i.   There is _____ number of _____ mg tablets remaining.

      ii.  There is _____ amount of _____ mg oral suspension remaining.

B. Documents or materials that accompanied any VIOXX® you received, including but not limited to prescriptions, receipts, drug containers, product or package inserts, patient product inserts, packaging, sample boxes, and pharmacy handouts.

Yes _✗_ No ___  Prescription Receipts

C. Photographs, slides, movies, videotapes, or the like relating to your injuries, limitations or damages.

Yes ____ No _✗_

D. Personal diaries, calendars, journals, logs, appointment books, date books, or similar materials you kept or continue to keep from January 1, 1995 to the present which relate or refer to your medical care, medical condition, or employment.

Yes ___ No _✗_

E. Documents that evidence any communication between you and any doctor, employer,

189839_1

defendant, federal or state agency, or other person (other than your attorney) regarding the incident that made the basis of this suit or your claims in this lawsuit.

Yes ___ No X

F. Written communications, whether in paper or electronic form (including communications as part of internet "chat rooms" or e-mail groups), with others not including your attorney, regarding VIOXX®, your injuries or this case.

Yes ___ No X

G. Any and all other documents not specifically requested above that support any claim you believe you have against Merck & Co., Inc. and all damages you claim result therefrom.

Yes ___ No X

## VIII.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

*List the name and address of each of the following:*

A.     Your current family and/or primary care physician:

| Name | Address Ochsner Clinic Foundation |
|---|---|
| Lisa Richards | 1514 Jefferson Hwy, Jefferson LA, 70121 |

B. To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Lisa Richards | 1514 Jefferson Hwy | 1995 |
|  |  |  |
|  |  |  |

C. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Ochsner | 1514 Jefferson | DK | DK |
|  |  |  |  |
|  |  |  |  |

D. Each hospital, clinic, or healthcare facility where you have received outpatient

189839_1

Page 9 of 11