UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> CASES ) <br> ) | MDL NO. 1657 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE KNOWLES |

## ORDER APPOINTING SPECIAL MASTER

On March 22, 2007, this Court issued a Notice of Intent to Appoint Professor Paul Rice of American University as a Special Master in this proceeding under Fed. R. Civ. P. 53. By this Order, the Court formally appoints Professor Rice as Special Master. This appointment is made pursuant to Rule 53 and the inherent authority of the Court. The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

### I.   BACKGROUND

In November 2005, the Court ordered Merck to submit for *in camera* review all documents as to which it claimed privilege. In response to that Order, Merck produced 81 boxes of documents, amounting to nearly 500,000 pages. The Court reviewed these documents, document by document, and determined which documents were privileged and which documents were not. Merck sought review of the Court's privilege rulings. On May 26, 2006, the U.S. Court of Appeals for the Fifth Circuit issued a ruling suggesting that this Court (or its designee) re-examine 2,000 documents that Merck would select pursuant to a different review protocol. *In re Vioxx Prods. Liab. Litig.*, 2006 WL 1726675 (5th Cir. May 25, 2006). The Fifth Circuit did not rule on the merits of any privilege ruling, but simply concluded that a new procedure was needed to review

868831v.1

the documents. *Id.* at *3.

Merck has now provided this Court with 10 boxes containing approximately 2,000 documents that Merck believes are representative of all the documents in question. The Court hereby appoints Professor Paul Rice of the Washington College of Law at American University as Special Master to review the privilege log and those documents, as well as any of the additional documents in this proceeding as to which Merck has asserted privilege to the extent necessary to resolve fairly those privilege claims.

## II.    SPECIAL MASTER'S DUTIES

Rule 53(a)(1)(A) states that the Court may appoint a special master to "perform duties consented to by the parties." Pursuant to the order of the Court, Special Master Rice shall review those 2,000 documents that Merck has identified for review and resolve Merck's privilege claims regarding each of those documents. In addition, Special Master Rice shall review the privilege log and any of the additional documents as to which Merck has asserted privilege to the extent necessary to resolve fairly the privilege claims regarding those documents.

## III.   COMMUNICATIONS WITH THE PARTIES AND THE COURT

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate *ex parte* with the court or a party." The Special Master in this proceeding may communicate *ex parte* with the Court, without notice to the parties, regarding logistics and the status of his activities. Subject to the provisions of Section IV concerning *ex parte* communications, the Special Master shall not communicate *ex parte* with any party or any party's attorney without notice to all parties and the Court. Such notice shall indicate the general nature of the proposed communication.

Absent express permission by the Court granted after consultation with the parties, the

868831v.1

Special Master shall not communicate publicly or privately with persons other than the Court, Liaison Counsel, and counsel designated by Liaison Counsel about the document review contemplated by this litigation, including the content of the documents reviewed or any arguments or presentations made by the parties about those documents.

## IV.     DOCUMENT REVIEW PROCESS

As contemplated by the Fifth Circuit's ruling in this matter, the purpose of the document review to be conducted pursuant to this Order is to provide "a means by which the 'more significant documents' [in the Merck collection] may be examined with full assistance to the district court, producing a pattern that may validate the earlier process and facilitate any further proceedings." 2006 WL 1726675, at *3. Further, it is to be a process that will afford plaintiffs "the benefit of an *in camera* review," while giving Merck "the opportunity to support its claim of privilege when it is necessary to do so." *Id.* at 4.

As specified by the Fifth Circuit, "Merck . . . will place personnel at hand to answer questions of [the Special Master] and provide such assistance as he shall need, including arranging the documents in ways that will ease the burden of review with or without such randomization as the trial court may order." *Id.* "This supplementation will include written filings if requested." *Id.* "Because this process is by necessity ex parte, all oral communications must be recorded by a court reporter at Merck's expense, with all transcripts and written submissions filed under seal." *Id.*

During the course of the document review process, the Special Master and any personnel that he has asked to support his efforts, will have access to materials as to which Merck has asserted privilege claims. For purposes of this review effort, all such persons shall be deemed officers of the Court, such that their access will not give rise to a waiver of any privilege claims.

3

## V. SPECIAL MASTER'S RECORD

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as to the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of his activities. If the Court asks the Special Master to submit a formal report, the Special Master shall submit such report in writing for electronic filing on the case docket.

## VI. REVIEW OF SPECIAL MASTER'S ORDERS

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(g)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 20 days of the date it was electronically filed. The Court shall, as Rule 53(g) requires, review *de novo* all objections to such reports, rulings, or findings.

## VII. COMPENSATION

Rule 53(b)(2)(E) states that the Court shall set forth "the basis, terms, and procedure for fixing the master's compensation." Special Master Rice shall be compensated at the rate of $600 per hour. Plaintiffs and Merck shall share this cost equally. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue.

Within 14 days of this Order, the parties shall establish an initial operating account of $100,000. Plaintiffs and Merck shall share this cost equally. The Court will not order any additional payments by the parties until the retainer is fully earned.

By separate order, the Court will (1) appoint special counsel to the Special Master to manage the Special Master's operating account and to provide logistical support and local facilities for the Special Master, and (2) set forth the method of accounting and the reimbursement protocol to be used by the Special Master and his special counsel in this case.

New Orleans, Louisiana, this 25th day of April, 2007.

*[signature]*
UNITED STATES DISTRICT JUDGE

868831v.1