## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | |
| | * | **MDL Docket No. 1657** |
| | * | |
| | * | **JUDGE ELDON E. FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |
| | * | |

**THIS DOCUMENT RELATES TO:** *Charles Fitzgerald, et al. v. Merck & Co. , Inc., et al.,* **Case No. 07-2099**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RxSOLUTIONS, INC.'s MOTION TO DISMISS PLAINTIFFS PETER PINTAR AND JEANETTE PINTAR'S COMPLAINT AGAINST DEFENDANT RxSOLUTIONS, INC.

### PRELIMINARY STATEMENT

Defendant RxSolutions, Inc. ("RxSolutions"), by and through its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs Peter Pintar and Jeanette Pintar's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief may be granted, because the state law claims that the Pintars allege against RxSolutions are completely preempted by section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a).

Plaintiffs Peter Pintar and Jeanette Pintar are, respectively, a participant and a beneficiary in the California Ironworkers Field Welfare Plan (the "Plan"), an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, codified at 29 U.S.C. §§ 1001 *et. seq.* The Plan provides prescription drug coverage for plan participants and beneficiaries. RxSolutions is a pharmacy benefit manager that provides administrative,

managerial, consulting, and claims processing services for the Plan's prescription drug program pursuant to a pharmaceutical services agreement with the Plan.  When participants seek to fill prescriptions under the Plan's mail order prescription program, RxSolutions itself, through its own pharmacists, dispenses those prescriptions.

On two occasions, RxSolutions dispensed Vioxx by mail to Mr. Pintar.  Mr. Pintar is the only named plaintiff in this multiparty action who received prescription services for Vioxx from RxSolutions.

The Pintars allege three causes of action against RxSolutions.  In their First Cause of Action, they allege that Vioxx is a defective and dangerous drug, that RxSolutions (and other named defendants) knew this, and failed to warn the Pintars that the drug was defective and dangerous.  The First Cause of Action seeks to hold RxSolutions strictly liable for this alleged failure to warn.  Complaint, ¶¶ 34-38.  The Fourth Cause of Action alleges that RxSolutions (and other named defendants) breached an implied warranty of merchantability that Vioxx was safe and fit for its intended use.  Complaint, ¶¶ 59-64.  In the Twelfth Cause of Action, Jeanette Pintar alleges that she was damaged by loss of consortium on account of the injuries sustained by her husband through his consumption of Vioxx.  Complaint, ¶¶ 103-105.  The Pintars seek compensatory and punitive damages and injunctive relief for their injuries.

The Pintars' state law claims against RxSolutions are preempted under two separate doctrines governing the preemption of state law by federal law.  First, the Pintars' state law claims are expressly preempted by section 514 of ERISA, 29 U.S.C. § 1144, which categorically preempts all state laws that relate to an employee benefit plan subject to ERISA.  Second, the Pintars' claims are preempted under the doctrine of complete preemption because the claims fall within the scope of ERISA's civil enforcement scheme embodied in section 502 of ERISA, 29

U.S.C. § 1132. Because the claims cannot be maintained under expressly preempted state law, the only possible source of law on which the Pintars may proceed is ERISA's civil enforcement scheme. However, because the Pintars seek money damages against RxSolutions, a remedy that is not available under ERISA, there is no set of facts that would entitle the Pintars to relief under ERISA. Therefore, the court should dismiss the claims for failure to state a claim upon which relief can be granted.

## ARGUMENT

I.   **The Pintars' state law claims are expressly preempted under ERISA § 514 because the state laws on which they rely "relate to" the administration of employee benefit plans. Moreover, the Pintars' state law claims duplicate, supplement, or supplant the remedies provided under ERISA's exclusive remedial scheme and are therefore completely preempted.**

A.   **Express preemption under ERISA § 514.**

The core of the Pintars' claims against RxSolutions is that Mr. Pintar submitted a prescription for Vioxx to RxSolutions, the pharmacy benefit manager contractually required to administer his ERISA's plan's drug benefit program, and that RxSolutions decided to fill the prescription in accordance with the terms of the plan. The Pintars allege, however, that RxSolutions knew or should have known that Vioxx was an unsafe drug and should have warned Mr. Pintar of that fact or should have refused to fill the prescription. They therefore claim that RxSolutions should be held liable under state law tort doctrines for damages for its failure to properly administer the prescription drug program.

These state law claims are expressly preempted under section 514 of ERISA. Section 514(a) provides that, with exceptions not relevant here, Title I of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). This provision has long been recognized as an explicit statutory expression of "Congress's intent to establish the regulation of employee welfare benefit plans 'as exclusively a federal concern.'" *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins.*

*Co.*, 514 U.S. 645, 656 (1995) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). Consequently, the Pintars' reliance on state law tort doctrines to police the administration of an ERISA plan is misplaced.[1]

As the Supreme Court of Georgia recently observed in a case challenging on state law grounds the administration of pharmacy benefits under an ERISA plan by a contractual pharmacy benefits manager, "[w]here a state law tort action is 'based on alleged improper processing of a claim for benefits under an employee benefit plan,' that claim absolutely 'relates to' the plan." *Advance PCS v. Bauer*, 280 Ga. 639, 642, 632 S.E. 2d 95, 99 (2006) (quoting *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 48 (1987), and citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S.133, 140 (1990).

It follows that the Pintars' state law claims, which seek to impose common law damages remedies for the alleged mishandling of a claim for benefits by the contractual administrator of an employee benefit plan, are expressly preempted by ERISA. Consequently, the complaint fails to allege any claim upon which relief can be granted, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B.   Complete preemption under section 502(a) of ERISA.

Starting with its companion decisions in *Pilot Life* and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), the Supreme Court has repeatedly confirmed that "[t]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme" and that "[t]he

---

[1] Common law claims are included within the scope of section 514's express preemption provision. Section 514(c)(1) provides that "[t]he terms 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any Sate." 29 U.S.C. § 1144(c)(1). *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. at 47 ("the common law causes of action asserted in Dedeaux's complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause").

policy choices reflected in the inclusion of certain remedies and the exclusion of others under the

federal scheme would be completely undermined if ERISA-plan participants and beneficiaries

were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life*, 481

U.S. at 54.  "Therefore, any state-law cause of action that duplicates, supplements or supplants

the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the

ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S.

200, 209 (2004); *see Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143-45 (1990).

Section 502(a) of ERISA provides in relevant part that "[a] civil action may be brought –

(1)  by a participant or beneficiary –

\*      \*      \*

(B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2)      by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under § 409 [providing for damages and other forms of relief for a plan injured by a breach of fiduciary duty];

(3)      by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

In other words, a participant in an ERISA plan has three types of claims:  (1) an

individual claim to obtain benefits wrongfully withheld or to clarify and enforce other rights

under the terms of the plan; (2) a representative claim, advanced on behalf of the plan, for

damages or equitable relief against a breaching plan fiduciary; and (3) a claim for individual

injunctive or other appropriate equitable relief for violations of ERISA or the plan document that

are not otherwise provided for in claims (1) and (2).  *Pilot Life*, 481 U.S. at 53; *Mertens v. Hewitt

Associates, Inc.*, 508 U.S. 248, 252 (1993); *Varity Corp. v. Howe*, 516 U.S. 489, 512-15 (1996).

The Pintars' state law claims fall within the scope of the first and third types of claims. In the first instance, as a participant in the Plan, Pintar was entitled to have RxSolutions fill his prescriptions at no cost to him, subject to any applicable deductible or copayment. The benefit he was entitled to was the actual dispensing of the prescription. In order to provide that benefit, RxSolutions needed to make two determinations: (1) it had to ascertain whether Pintar was in fact a participant in the Plan entitled to the Plan's prescription drug benefits; and, (2) it had to ascertain whether Vioxx was a prescription drug covered under the Plan. In their complaint, the Pintars allege that RxSolutions had a duty that involved two additional steps. It had a duty to determine whether Vioxx was a safe drug, and a duty to warn Pintar if it determined that Vioxx was not safe. In effect, Pintar alleges because RxSolutions failed to undertake these additional steps in the course of administering his claim for prescription benefits, RxSolutions mishandled his benefit claims by dispensing a drug that it knew or should have known was dangerous. He then alleges, in essence, that he is entitled to damages for the mishandling of his claim for benefits.

The courts have uniformly concluded that such state law claims for damages arising out of the mishandling of a claim for benefits are preempted under the doctrine of "complete preemption." In *Davila*, for example, the plaintiff alleged that the refusal of his employer-sponsored HMO to provide him with the Vioxx prescribed by his physician led him to substitute another drug that caused him injury. He sued under the Texas Health Care Liability Act, alleging that the HMO's refusal to cover Vioxx was a violation of the statutory duty to exercise ordinary care in the handling of coverage decisions. The plaintiff argued that this statutory duty of ordinary care arose "independently of any duty imposed by ERISA or the plan terms" and therefore was not within the scope of ERISA's civil enforcement mechanism. *Davila*, 542 U.S.

at 212.  The Court rejected this argument, observing that "interpretation of the terms of

respondents' benefit plans forms an essential part of their [state law] claim, and [state law]

liability would exist here only because of petitioners' administration of ERISA-regulated benefit

plans."  *Id.* at 213.  Similarly, in *Pilot Life*, the insurer administering a disability plan granted

disability benefits to the plaintiff and then terminated and reinstated the benefits over several

years.  The plaintiff sued under a state law theory of "bad faith breach of contract."  *Pilot Life*,

481 U.S. at 43.  The Court concluded that "[t]he common law causes of action raised in

Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an

employee benefit plan, undoubtedly meet the criteria for pre-emption . . ."  *Id.* at 48; *see Advance*

*PCS v. Bauer*, 280 Ga. 639, 632 S.E.2d 95 (2006) (participants' state law unjust enrichment

claim alleging that ERISA plans' pharmacy benefit manager mishandled drug claims by

misclassifying drug is preempted under section 502(a)'s complete preemption doctrine).

      The Pintars' claims may also be viewed as claims for individual relief under ERISA

§ 502(a)(3).  According to the Pintars, RxSolutions had a duty to investigate the safety of the

drugs it dispensed and a duty to warn plan participants when their doctors prescribed an unsafe

drug.  Accepting these contentions as true for purposes of this motion to dismiss, the Pintars have

alleged that RxSolutions had discretion over the handling of the claim for benefits and failed to

prudently exercise its discretion in this instance.  But these allegations amount to a claim that

RxSolutions had discretionary authority over the decision to dispense a drug properly prescribed

and covered under the Pintars' benefit plan.  If this were so, then the Pintars have alleged that

RxSolutions was a fiduciary within the meaning of ERISA's "functional" definition of

"fiduciary."  ERISA § 3(21)(A)(i), 29 U.S.C. §1002(21)(A)(i) ("a person is a fiduciary with

respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control

respecting management of such plan . . ."); *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997).

Seen in this light, Pintar's claims that RxSolutions breached a duty to warn him of the dangers of taking Vioxx and misrepresented that Vioxx was warranted to be of fit and merchantable quality fall squarely within the scope of a claim under ERISA §502(a)(3) that RxSolutions, as a fiduciary, breached its fiduciary duties to warn a plan participant of known dangers and to deal honestly and fairly with plan participants. *Varity Corp.*, 516 U.S. at 506 ("As other courts have held, '[l]ying is inconsistent with the duty of loyalty owed by all fiduciaries and codified in section 404(a)(1) of ERISA'") (*quoting Peoria Union Stock Yards Co v. Penn Mut. Life Ins. Co.*, 698 F.2d 320, 326 (7th Cir. 1983); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 412 (5th Cir. 2003) ("trust principles impose a duty of disclosure upon an ERISA fiduciary when there are 'material facts affecting the interest of the beneficiary which [the fiduciary] knows the beneficiary does not know' but 'needs to know for his protection'") (*quoting* Restatement (Second) of Trusts § 173 cmt. d (1959)).[2]  Because these claims fall directly within the scope of ERISA's enforcement scheme, they are completely preempted.[3]

_____

[2] Jeannette Pintar's claim for damages arising for loss of consortium similarly rests entirely on Pintar's claims that he was either injured by the mishandling of his claim for benefits or was injured by a breach of RxSolutions' duty to advise him of the dangers of Vioxx. This loss of consortium claim is preempted for the same reasons that Pintar's own direct claim for damages are preempted.

[3] The only other possible basis for a claim under section 502(a) is a representative claim for damages recoverable by the plan itself arising from a breach of fiduciary duty. ERISA § 502(a)(2). Nothing in the complaint even remotely suggests that the Pintars are alleging that the plan itself was damaged or has any basis for recovering damages or any other type of relief against RxSolutions. *See Massachusetts Mutual Life Insurance Co. v. Russell*, 437 U.S. 134, 140 (1985) (section 502(a)(2) provides for remedies that "inure[ ] to the benefit of the plan as a whole" and not to individual plan participants).

In short, the Pintars' state law claims for damages resulting from RxSolutions' decision to dispense Vioxx pursuant to the terms of the Pintars' ERISA plan amount to nothing more than claims that RxSolutions mishandled claims for benefits under the terms of the Pintars' Plan or breached its fiduciary duties to provide needed information and to refrain from making misrepresentations concerning the drug that it dispensed to Pintar. These claims fall squarely within the scope of ERISA's enforcement scheme, and they are completely preempted by federal law.

**II.   Even if the Pintars' claims for damages and injunctive relief are recharacterized as federal claims under ERISA, they fail to state claims upon which relief can be granted. ERISA does not allow claims for compensatory or punitive damages, and there is no feasible injunctive relief that could remedy the Pintars' alleged injuries.**

When faced with a state law complaint that is completely preempted by federal law, the court may dismiss the complaint with leave to amend to allege the federal claims, or the court may simply "recharacterize" the complaint as alleging federal claims and then deal with those federal claims on their merits. *See Metropolitan Life*, 481 U.S. at 64; *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 n.6 (9th Cir. 1998). RxSolutions submits that in this case it would be futile to permit the Pintars to file an amended complaint explicitly presenting their claims as ERISA claims, because it is not possible that the Pintars' claims could be amended to state claims under ERISA for which relief could be granted. Consequently, after determining that the Pintars' state law claims are completely preempted, the court should dismiss the complaint against RxSolutions under Fed. R. Civ. P. 12(b)(6).

It is well-settled that in suits alleging the mishandling of a benefit claim under ERISA § 502(a)(1)(B), "[e]xtracontractual, compensatory and punitive damages are not available under ERISA." *Bast v. Prudential Insurance Company of America*, 150 F.3d 1003, 1009 (9th Cir. 1998); *Medina v. Anthem Life Insurance Company*, 983 F.2d 29, 32 (5th Cir. 1993) ("We join the

other circuits that have held that section 502(a)(1)(B) does not allow the recovery of extracontractual or punitive damages."). Thus, viewing the Pintars' recharacterized federal claim as a claim grounded on the mishandling of a benefit claim, it is plain that to the extent the Pintars seek compensatory and punitive damages, those forms of relief are unavailable under section 502(a)(1)(B).

It is equally well-settled that a claim for "other appropriate equitable relief" under ERISA § 502(a)(3)'s does not support a claim for money damages. *Great-West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204, 210 (2002); *Mertens*, 503 U.S. at 255. Consequently, viewed as a claim for individual relief for an alleged breach of fiduciary duty, money damages is not an available form of relief under section 502(a)(3).

To be sure, the Pintars include a prayer for "injunctive relief, enjoining Defendants from the acts of unfair competition and untrue and misleading advertising." Complaint at 24, ¶ 9. This prayer for injunctive relief appears to be aimed at other defendants and not at RxSolutions. But even if these allegations are construed as seeking injunctive relief against RxSolutions, there is no basis for awarding such relief. Section 502(a)(3) does authorize the court "to enjoin any act or practice which violates any provision of this title or the terms of the plan." But the facts alleged in the Complaint make it apparent that there is no basis for granting injunctive relief against RxSolutions. Any alleged "mishandling" of Pintar's past Vioxx prescriptions cannot be cured by an injunctive order aimed at future conduct. Neither is there any need to restrain RxSolutions from "mishandling" prescriptions for Vioxx in the future for Pintar (or anyone else) because Vioxx was withdrawn from the market on September 30, 2004. Complaint, ¶ 9. Thus, as to RxSolutions, any prayer for injunctive relief is moot. *McClellan v. Gronwaldt*, 155 F.3d 507, 514 (5th Cir. 1998) ("It is axiomatic that '[a] request for injunctive relief remains live only

so long as there is some present harm left to enjoin.'") (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)).

## CONCLUSION

Based upon the foregoing, RxSolutions respectfully requests that the Court dismiss the Pintars' Complaint against RxSolutions for failure to state claims for which relief can be granted.

Respectfully submitted,

Dated:  April 20, 2007

Thomas F. Fitzgerald, Esq.
Michael J. Prame, Esq.
August A. Imholtz III, Esq.
GROOM LAW GROUP, CHTD.
1701 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C.  20006-5893
Telephone:  (202) 857-0620
Facsimile:  (202) 659-4503
TFF@groom.com
MJP@groom.com
aai@groom.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of April 2007, the above and foregoing Memorandum of Points and Authorities in Support of RxSolutions, Inc.'s Motion to Dismiss Plaintiffs Peter Pintar and Jeanette Pintar's Complaint Against Defendant RxSolutions, Inc. was served upon the parties, as well as Liaison Counsel for Plaintiffs and Defendants in MDL Case No. 1657 (E.D. La.), by sending this document via Federal Express addressed to the following:

Robert W. Cottle
Robert T. Eglet
David A. Tanner
Mainor Eglet Cottle
400 South Fourth Street, Ste. 600
Las Vegas, NV 89101
Counsel for Plaintiffs in *Charles Fitzgerald, et al. v. Merck & Co. , Inc., et al.,* Case No.
07-2099 (E.D. La.) (previously 2:06-cv-1324-RCJ-LRL (D. Nev.))

Kristina Pickering
Denise Barton
Robert R. McCoy
Morris Pickering Peterson & Trachok
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Counsel for Defendant Merck & Co., Inc. and the named individual defendants in
*Charles Fitzgerald, et al. v. Merck & Co. , Inc., et al.,* Case No. 07-2099 (E.D. La.)
(previously 2:06-cv-1324-RCJ-LRL (D. Nev.))

Steven E. Guinn
Laxalt & Nomura, Ltd.
9600 Gateway Drive
Reno, NV 89521
Counsel for Defendants Walgreens Company, Express Scripts, Inc. and Thrifty Payless,
Inc. d/b/a Rite Aid in *Charles Fitzgerald, et al. v. Merck & Co. , Inc., et al.,* Case No. 07-
2099 (E.D. La.) (previously 2:06-cv-1324-RCJ-LRL (D. Nev.))

Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Plaintiffs' Liaison Counsel in *In re: Vioxx Products Liability Litigation,*
MDL No. 1657 (E.D. La.)

Phillip A. Wittmann
Dorothy H. Wimberly
Carmelite M. Bertaut
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70131
Defendants' Liaison Counsel in *In re: Vioxx Products Liability Litigation*,
MDL No. 1657 (E.D. La.)


August A. Imholtz III, Esq.

13