UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

*Robert K. Waitt, et al. v. Merck & Company, Inc., et al., 05-5318*

### PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

#### I. INTRODUCTION

Plaintiff Robert K. Waitt has moved this transferee Court to remand this action to the King County, Washington state superior court from which it was erroneously removed by defendant Merck & Co., Inc.

Plaintiff originally filed this class action in the King County Superior Court of Washington state. The suit alleges wrongful conduct by Merck and others in connection with the recall of Vioxx®. Merck removed the lawsuit to the federal court in the Western District of Washington (Seattle) ("transferor Court"), claiming that the federal court has subject matter jurisdiction pursuant to the Class Action

PLAINTIFF WAITT'S
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO
REMAND

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

Page 1

Fairness Act (CAFA) because, *inter alia*, the aggregate amount placed in controversy by the claims exceeds $5,000,000. Merck proffered no evidence to support the contention.

In response, plaintiff moved the transferor Court to remand the action, arguing that Merck had not met its burden to establish that removal was proper. The transferor Court judge determined that its resolution of the motion "turn[ed] upon . . . whether [CAFA] places the burden of proof for the propriety of removal upon the plaintiff or the defendant," an issue it understood "to be one of first impression in federal jurisprudence." Docket # 26 at 2-3.[1] Implicitly, thus, the transferor court made clear that Merck had *not* met its burden *if it in fact had the burden* to establish that the aggregate value of the claims at issue in this action exceed $5 million.

The transferor Court ultimately and erroneously ruled that CAFA places the burden *on a plaintiff* to establish the impropriety of a defendant's removal of an action to federal court, and thus denied plaintiff's motion to remand. Docket # 26 at 4. In the 21 months since the transferor Court ruled, no less than five federal circuit courts have ruled on the issue, and have uniformly held that CAFA does *not* alter the long standing rule that the party invoking federal jurisdiction bears the burden of demonstrating its existence.

As the law is now clear that *Merck* has the burden of establishing that the federal court has subject matter jurisdiction, and as it has not met that burden, this matter should be remanded to state court.

## II. BACKGROUND FACTS

On or about April 6, 2005, plaintiff Robert K. Waitt filed this class action complaint in the King County Superior Court in Seattle, Washington. Docket # 2 at Exhibit A at 1. The complaint alleged breach of contract, negligence, misrepresentation, and other wrongful conduct **in connection with the**

---

[1] All references to "Docket #" cites are to those filed in proceedings before the transferor Court in Case # 2:05-cv-00759, unless otherwise noted, and are attached hereto.

**PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

*recall* of Vioxx® by the defendants. *Id.* at ¶ 1.3. The gist of this action focuses on the voluntary recall instituted by Merck and the failure of the defendants to either pay Mr. Waitt (and others similarly situated) for the cost of his unused Vioxx® pills (a grand total of $76.27), as they represented they would, or to return the Vioxx® pills to him. *Id.* at ¶ 2.9. Mr. Waitt specifically alleged that he does not know the size of the class, nor whether the claims exceed $5,000,000 in aggregate value. *Id.* at ¶¶ 1.3, 3.4.

Merck was served with process on April 6, 2005. On April 21, 2005, Merck filed a Notice of Removal supported by the Declaration of Douglas A. Hofmann, its attorney of record. Docket # 1. In its Notice of Removal to federal court Merck expressly and impliedly represented to the transferor Court that federal jurisdiction existed:

> As set forth below, this is a putative class action in which: (1) there are 100 or more members in plaintiff's proposed class; (2) at least some members of the proposed class have different citizenship from some defendants; and (3) the aggregate amount put in controversy by the claims of the plaintiff and proposed class members exceeds the sum or value of $5,000,000. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d).

Docket # 1-1 at ¶ 10.

Plaintiff challenged the jurisdictional basis for removal in the transferor Court, and moved for remand. Merck opposed the motion, claiming that it was *plaintiff's burden* to prove the impropriety of removal, and that plaintiff failed to do so. In the face of plaintiff's motion, Merck provided the Court with absolutely no evidence that the aggregate amount of the damages sought in this litigation exceed the minimal jurisdictional limit of $5,000,000. Docket # 20 at 5-9.[2]

---

[2] Merck proffered no evidence, despite the fact that it presumably knows: (1) the actual number of individuals in Washington, other states, and the possessions of the United States who participated in the voluntary recall from September 30, 2004 to the date the complaint was filed, and (2) the amount of money paid to each which was less than the retail value of the Vioxx® returned and the aggregate of those amounts. Plaintiff assumes that the voluntary recall is largely if not entirely computerized so that the actual number of individuals and entities involved, along with the amounts paid, is either known to the defendants or is readily available to them.

**PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

Page 3

In ruling on the motion to remand, the transferor Court judge determined that its resolution "turn[ed] specifically upon . . . whether [CAFA] places the burden of proof for the propriety of removal upon the plaintiff or the defendant," an issue it understood "to be one of first impression in federal jurisprudence." Docket # 26 at 2-3. Implicitly, thus, the transferor Court made clear that Merck had *not* met its burden *if it in fact had the burden* to establish that the aggregate value of the claims at issue in this action exceed $5 million.

Erroneously, the transferor Court ultimately ruled that CAFA places the burden *on a plaintiff* to establish the impropriety of a defendant's removal of an action to federal court, and thus denied plaintiff's motion to remand. Docket # 26 at 4.

### III. THIS COURT HAS A RIGHT AND A DUTY TO RECONSIDER THE TRANSFEROR'S COURT'S JURISDICTIONAL RULING, GIVEN THE INTERVENING CLARIFICATION OF THE LAW

The requirement that jurisdiction be established as a threshold matter "springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). Ensuring the existence of subject-matter jurisdiction is the court's "first duty" in every lawsuit. *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005). Subject-matter jurisdiction is an issue that must be considered at any stage of the litigation. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir.2002) ("[S]ubject-matter jurisdiction ... may be questioned at any time until the litigation becomes final, and sometimes even later."). Even if the defense of lack of subject-matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. *See* 5B Wright & Miller, *Federal Practice and Procedure* § 1350, at 132 (3d ed. 2004) (citing *Fahnestock v. Reeder*, 223 F.Supp.2d 618, 621 (E.D.Pa.2002)).

Not surprisingly, a transferee Court has the authority to reconsider a jurisdictional ruling made by

**PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

Page 4

a transferor Court *where the law has changed or been clarified* since the transferor Court made its ruling. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The *Santamarina* court explained:

> The authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous. *Agostini v. Felton*, 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816-17, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) . . . Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case.

*Id. See also, Shute v. Carnival Cuise Lines, Inc.*, 804 F.Supp. 1525, 1527 (S.D. Fla. 1992) ("A prior ruling of a transferor court therefore may be reconsidered when the governing law has been changed by the subsequent decision of a higher court, when new evidence becomes available, when clear error has been committed or to prevent manifest injustice.").

In the 21 months since the transferor Court denied plaintiff's motion to remand, the law has been clarified by multiple circuit courts. It is now clear that Merck, as the removing party, has the burden of establishing jurisdiction in federal court, contrary to the ruling of the transferor Court. This Court thus can and should revisit the jurisdictional issue, this Court's "first duty."

### IV. THE LAW IS NOW CLEAR THAT MERCK HAS THE BURDEN OF ESTABLISHING REMOVAL JURISDICTION, AND MERCK HAS NOT MET THAT BURDEN

In ruling that "it is plaintiff's responsibility [under CAFA] to demonstrate that removal from state court was improvident," Docket 26 at 4, the transferor Court erred.

No less than five circuit courts have since made clear that "under CAFA[,] the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego*

PLAINTIFF WAITT'S
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO
REMAND

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

Page 5

*Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.2006) (per curiam). *Accord, Morgan v. Gay*, 471 F.3d 469, 472-73 (3d Cir. 2006) (holding that under CAFA, the party seeking removal bears the burden of establishing the requisite amount in controversy); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006) (holding that CAFA does not alter the traditional rule that the proponent of federal jurisdiction bears the burden of proving the amount in controversy); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (finding that "none[of CAFA's language] is even arguably relevant" to the question of burden shifting); *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 275 (2nd Cir. 2006) ("We presume that Congress, when it enacted CAFA, knew where the burden of proof had traditionally been placed. By its silence, we conclude that Congress chose not to alter that rule.").

In observing that resolution of plaintiff's motion to remand "turn[ed] specifically upon . . . whether [CAFA] places the burden of proof for the propriety of removal upon the plaintiff or the defendant," the transferor Court made implicitly clear that *Merck had not proven* that the aggregate value of the claims at issue in this action exceed $5 million. Docket # 26 at 2-3. Indeed, Merck presented *no* evidence to prove the allegation. Instead, Merck simply argued that it was plaintiff's burden to disprove removal jurisdiction, and implied that federal jurisdiction was colorable based on a speculative interpretation of the complaint's operative allegations. Docket # 20 at 5-9. Merck simply ignored plaintiff's allegations in his complaint that make clear that he has no factual basis to conclude *whether or not* the class claims exceed $5 million in aggregate value. Docket # 2 at Exhibit A at ¶¶ 1.3, 3.4.

As the transferor Court implicitly acknowledged, Merck has not proven that the claims herein have an aggregate value in excess of $5 million. As a consequence, plaintiff's renewed motion for remand of this action to the King County, Washington state superior court from which it was erroneously removed should be granted.

**PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

## V. CONCLUSION

The transferor Court denied plaintiff's motion to remand this matter for lack of federal subject matter jurisdiction, based strictly on its erroneous belief that the then newly enacted CAFA shifted the burden of proving the impropriety of removal on a plaintiff. The law is now clear that the transferor Court erred in so ruling. It is Merck, not plaintiff, that has the burden of proving that this Court has jurisdiction in this action.

Given the clarification of the law, this Court can and should revisit the transferor Court's jurisdictional ruling, a ruling that relates to a court's "first duty," and involves an issue so fundamental that it can be raised at any time. As Merck has not met its burden of proving that plaintiff's claims exceed $5 million in aggregate value, plaintiff's motion for remand to state court should be granted.

RESPECTFULLY SUBMITTED this 25th day of April, 2007.

**Martens + Associates, P.S.**


By /s/ Richard L. Martens
Richard L. Martens, WSBA # 4737
Timothy M. Blood, WSBA # 14004
Attorneys for Plaintiff Robert K. Waitt

705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
Telephone:   206.709.2999
Facsimile:   206.709.2722
E-mail:          rmartens@martenslegal.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Plaintiff Waitt's Memorandum of Law in Support of Motion to Remand for Lack of Subject Matter Jurisdiction** has been served on Liaison Counsels Russ Herman and Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in

**PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of April, 2007.

/s/ Richard L. Martens
Richard L. Martens, WSBA # 4737
Attorneys for Plaintiff Robert K. Waitt

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
Telephone:	206.709.2999
Facsimile:	206.709.2722
E-mail:	rmartens@martenslegal.com

PLAINTIFF WAITT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

Page 8