*Robert K. Waitt, et al. v. Merck & Company, Inc., et al., 05-5318*

# ATTACHMENTS TO:

### PLAINTIFF ROBERT K. WAITT'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Docket # 1: Merck's Notice of Removal

Docket # 2, Exhibit A: Plaintiff Waitt's Complaint

Docket # 20: Merck's Opposition to Remand

Docket # 26: Order Regarding Motion to Remand

Martens + Associates, P.S.
705 Fifth Avenue South, Ste. 150
Seattle, Washington 98104-4436
206.709.2999 / Fax: 206.709.2722

# Docket #1: Merck's Notice of Removal

1

2

3

4

5

6

7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

ROBERT K. WAITT, on his own behalf and on
behalf of all individuals and entities similarly
situated,

NO.

11

Plaintiffs,

NOTICE OF REMOVAL OF
DEFENDANT MERCK & CO., INC.

12

v.

King County Cause No.: 05-2-11515-7
SEA

13

14

15

MERCK & CO., INC., a New Jersey
corporation; and NNC GROUP, LLC formerly
known as National Notification Center, and
Indiana Limited Liability Company; and DOES
1 through 35, inclusive,

16

Defendants.

17

18     PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck"), through its under-

19    signed counsel, hereby removes the above-captioned action from the Superior Court of the State

20    of Washington in and for the County of King, to the United States District Court for the Western

21    District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and 1711 respectfully

22    states:

23          1.     This is one of numerous class actions filed over the last several months involving

24    allegations regarding the prescription drug VIOXX®.

25

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1695349.1

1    2.    On or about April 6, 2005, Robert K. Waitt ("plaintiff") commenced this putative

2    class action against Merck and other defendants by filing a Class Action Complaint ("Com-

3    plaint") in the Superior Court of the State of Washington in and for the County of King bearing

4    number 05-2-11515-7SEA.

5    3.    As more fully set out below, this case is properly removed to this Court pursuant to

6    28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this

7    Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

8    ### I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

9

10   4.    Upon information and belief, the Complaint was served on Merck on April 6,

11   2005.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

12   5.    Pursuant to the recently enacted Class Action Fairness Act, Merck need not obtain

13   the consent of any other defendant to remove this action.  *See* 28 U.S.C. 1453(b).

14   6.    The Superior Court of the State of Washington in and for the County of King is

15   located within the Western District of Washington at Seattle.  Therefore, venue is proper pursuant

16   to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action

17   is pending."  *See* 28 U.S.C. § 1441(a).

18   7.    No previous application has been made for the relief requested herein.

19   8.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders

20   served upon Merck, which papers include the summonses and petitions, is attached as Exhibit A

21   to the Declaration of Douglas A. Hofmann.  Pursuant to 28 U.S.C. § 1446(d), a copy of this

22   Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the

23   clerk of the Superior Court of the State of Washington in and for the County of King.

24

25

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 2

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1695349.1

## II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

9.      This case is subject to removal pursuant to the recently enacted Class Action Fairness Act ("CAFA").

10.     As set forth below, this is a putative class action in which: (1) there are 100 or more members in the plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from some defendants; and (3) the aggregate amount put in controversy by the claims of the plaintiff and proposed class members exceeds the sum or value of $5,000,000.  Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

A.      Class Action Consisting Of More Than 100 Members

11.     In his complaint, plaintiff purports to represent a statewide and nationwide class of all Washington residents and residents of the United States "who received notice and made, or attempted to make, a claim for refund from Merck for unused Vioxx®" subsequent to Merck's voluntary withdrawal of VIOXX® from the market in September 2004 "and who were paid any amount less than the full retail value of Vioxx® pills returned to defendant."  (Compl. ¶¶ 1.3(A)(1)-(2).)  In addition, plaintiff purports to represent a statewide and/or nationwide class consisting of all persons "from whom Merck obtained, or sought to obtain, receipts in exchange for unused Vioxx®" purchased or in the possession of said persons on or about September 30, 2004, or on whom Merck "imposed other requirements extending beyond the subject matter of the recall from September 30, 2004 to the present."  (Compl. ¶ 1.3(B).)

12.     Plaintiff asserts that "there are hundreds, or perhaps thousands, of members of the classes."  (Compl. ¶ 3.4.)  Based on these and other allegations, the aggregate number of class members of all proposed plaintiff classes is obviously greater than 100 for purposes of 28 U.S.C. 1332(d)(5)(B).

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 3

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1695349.1

B.    Diversity Of Citizenship

13.    Plaintiff Waitt is a resident of the State of Washington.  (Compl. ¶ 1.1.)  Plaintiff does not allege any alternative state of residence.  Accordingly, upon information and belief, Washington is the state in which plaintiff is domiciled and, therefore, the state of which plaintiff is a citizen.

14.    Merck is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey, and therefore, is a citizen of New Jersey for pur-poses of determining diversity.  28 U.S.C. § 1332(c)(1).

15.    Thus, at least one proposed class member and one defendant are diverse.

C.    The Amount-In-Controversy Requirement Is Satisfied.

16.    Plaintiff in this case alleges that Merck failed "to promptly, efficiently, compe-tently, and effectively investigate, process and handle" (Compl. ¶ 4.2.) matters related to VIOXX® refunds and also failed to "provide recall information to plaintiff and class members that was true, correct, accurate and not misleading."  (Compl. ¶ 6.1.)  Plaintiff further alleges that but for defendant's "misleading and erroneous advice, acts or omissions . . . plaintiff and others similarly situated would not have incurred damages, represented by the difference in the refund checks and the fair market value of the returned Vioxx® pills, and attorneys' fees, costs and expenses."  (Compl. ¶ 2.13.)  Furthermore, plaintiff alleges that defendant's conduct regarding the VIOXX® refund program "potentially amount[s] to a windfall of millions of dollars" to Merck. (Compl. ¶ 2.10.)

17.    Plaintiff alleges five separate claims for relief: breach of contract and warranty (First Cause of Action), common law negligence (Second Cause of Action), negligent misrepre-sentation (Third Cause of Action), violation of the Washington Consumer Protection Act and/or similar statutes in New Jersey or Indiana (Fourth Cause of Action), and injunc-

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 4

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1695349.1

tive/equitable/declaratory relief (Fifth Cause of Action). Based on these allegations, plaintiff
seeks several forms of relief, including: compensatory damages, treble damages, punitive dam-
ages, declaratory relief, attorneys' fees, prejudgment interest, and "such other and further relief as
the Court deems just and equitable." (Compl., Prayer for Relief at 15-16.)

18.     The claims of the individual class members in a class action are aggregated to
determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C.
1332(d)(6). Under this standard, plaintiff's claim easily meets the jurisdictional threshold.

19.     First, plaintiff alleges that Merck's conduct regarding the VIOXX® refund pro-
gram would, on its face, "potentially amount to a windfall of millions of dollars" to Merck.
(Compl. ¶ 2.10.) In addition, plaintiff also seeks treble damages and punitive damages which, if
awarded, would multiply that "millions of dollars" figure. On this ground alone, the $5 million
threshold is satisfied.

20.     Second, plaintiff in this action seeks compensatory damages, including but not
limited to "the full retail value of Vioxx®, plus prejudgment interest at the highest amount
allowed by law and attorneys' fees." (Compl. ¶ 4.4.) Plaintiff also seeks "treble damages not to
exceed ten thousand dollars ($10,000.00) for each and every violation" under the Washington
Consumer Protection Act. (Compl. ¶ 7.3.) There need only be 500 such alleged violations for the
amount in controversy to be met. (*cf.* Compl. ¶ 3.4 ("there are hundreds, or perhaps thousands,
of members of the classes").) Thus, the jurisdictional minimum is met on this basis as well.

21.     Third, plaintiff purports to bring this action on behalf of anyone who sought reim-
bursement from Merck for unused VIOXX® "and who [was] paid any amount less than the full
retail value of Vioxx® pills returned to defendant." Plaintiff thus includes in his proposed class
all individuals who returned unused VIOXX® to Merck and were reimbursed only for their co-
payment because part of their VIOXX® purchase was covered by insurance. Given the breadth

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 5

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1695349.1

1  of this proposed class, the amount sought by each individual need only be modest for the aggre-

2  gated amount in controversy to exceed $5 million.

3       22.    Moreover, CAFA's legislative history makes clear that doubts regarding the

4  maintenance of interstate class actions in state or federal court should be resolved in favor of

5  federal jurisdiction. *See, e.g.*, S. REP. 109-14, at 43 (2005) ("Overall, new section 1332(d) is

6  intended to expand substantially federal court jurisdiction over class actions. Its provisions

7  should be read broadly, with a strong preference that interstate class actions should be heard in a

8  federal court if properly removed by any defendant."); *id.* at 35 (the intent of CAFA "is to

9  strongly favor the exercise of federal diversity jurisdiction over class actions with interstate rami-

10  fications."); *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum

11  to decide most interstate class actions because these cases usually involve large amounts of

12  money and many plaintiffs, and have significant implications for interstate commerce and

13  national policy.").

14       23.    Finally, plaintiff's assertion that the amount in controversy does not exceed

15  $75,000 (Compl. ¶ 1.3) is altogether irrelevant in light of the recent enactment of CAFA, *see* 28

16  U.S.C. 1332(d)(2), and in any event should be ignored because it is not binding and does not

17  apply to all the forms of relief sought in the Complaint.

18       WHEREFORE, Defendant Merck respectfully removes this action from the Superior

19  Court of the State of Washington in and for the County of King, bearing number 05-2-11515-

20  7SEA to this Court pursuant to 28 U.S.C. § 1441.

21

22

23

24

25

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 6

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1695349.1

1    RESPECTFULLY SUBMITTED this 21st day of April, 2005.

2
                                    Douglas A. Hofmann, WSBA #06393
3                                   Jeffrey R. Johnson, WSBA #11082
                                    Attorneys for Merck & Co., Inc.
4                                   Williams, Kastner & Gibbs PLLC
                                    601 Union Street, Suite 4100
5                                   Seattle, WA 98101-2380
                                    Telephone: (206) 628-6600
6                                   Fax: (206) 628-6611
                                    E-mail: dhofmann@wkg.com
7                                   E-mail: jjohnson@wkg.com

8

9

10                          CERTIFICATE OF SERVICE

11        I hereby certify that on 21st, 2005, I electronically filed the foregoing with the Clerk of the

12   Court using the CM/ECF system, and that I caused the document to be hand-delivered via ABC

13   Legal Messengers to the following:

14        Richard L. Martens, WSBA #4737
          James J. Ragen, WSBA #10885
15        Martens/Ragen, P.S.
          705 Union Station, First Floor
16        705 Fifth Avenue South, Suite 150
          Seattle, WA 98104-4425
17

18
                                    Douglas A. Hofmann, WSBA #06393
19                                  Jeffrey R. Johnson, WSBA #11082
                                    Attorneys for Merck & Co., Inc.
20                                  Williams, Kastner & Gibbs PLLC
                                    601 Union Street, Suite 4100
21                                  Seattle, WA 98101-2380
                                    Telephone: (206) 628-6600
22                                  Fax: (206) 628-6611
                                    E-mail: dhofmann@wkg.com
23                                  E-mail: jjohnson@wkg.com

24

25

NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC. - 7      **Williams, Kastner & Gibbs PLLC**
                                                          Two Union Square, Suite 4100 (98101-2380)
                                                          Mail Address: P.O. Box 21926
                                                          Seattle, Washington 98111-3926
                                                          (206) 628-6600

1695349.1

# Docket #2, Exhibit A: Plaintiff Waitt's Complaint

FILED

05 APR -6 PM 2: 10

KING CO.
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT K. WAITT, on his own behalf and on behalf of all individuals and entities similarly situated, | **05-2-11515-7** SEA |
| Plaintiff, | NO. |
| vs. | **CLASS ACTION** |
| MERCK. & CO., INC, a New Jersey Corporation; and NNC GROUP, LLC formerly known as National Notification Center, an Indiana Limited Liability Company; and DOES 1 through 35, inclusive | COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, MISREPRESENTATION, AND VIOLATION OF THE CONSUMER PROTECTION ACT |
| Defendants. | |

Robert K. Waitt, on his own behalf, and on behalf of all others similarly situated, files this class action complaint against the defendants. The complaint is alleged upon information and belief, except as to those specific allegations which pertain to the named plaintiff, which are alleged upon knowledge unless otherwise indicated. For multiple causes of action against defendants, plaintiff Robert K. Waitt

Class Action Complaint for Breach of Contract, Negligence, Misrepresentation, and other wrongful conduct in connection with the recall of Vioxx® by Defendants

ORIGINAL

Martens/Ragen, P.S.
705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4476
206.709.2099 / Fax: 206.709.2722

Page 1



DECLARATION OF DOUGLAS A. HOFMANN - p. 9
EXHIBIT A

1   alleges as follows:

2                   I. **PARTIES, JURISDICTION AND VENUE**

3       1.1    **Plaintiff.** Robert K. Waitt lives in and is a resident of King County, Washington.

4       1.2    **Defendants.** Defendant Merck & Co., Inc. ["Merck"] is a New Jersey corporation with its

5   global headquarters in Whitehouse Station, New Jersey.  Defendant NNC Group, LLC ["NNC Group"]

6   formerly known as National Notification Center, on information and belief, is an Indiana Limited

7   Liability Company with its headquarters in Indianapolis, Indiana.  Merck transacts business throughout

8   the State of Washington.  NNC Group transacts business in the State of Washington.  Defendants Does 1

9   through 35 are individuals and/or entities, whose true names are currently unknown and who are

10   responsible, in whole or in part, for the claims asserted herein.  At all times material hereto each of the

11   defendants was acting on his, her or its own behalf and also on behalf of the other defendants.

12       1.3    **Nature of Action.**  Plaintiff and the class members assert no federal question and allege

13   that the amount in controversy does not exceed $75,000 per individual class member.  Plaintiff does not

14   presently know if the claims asserted herein exceed $5,000,000 in the aggregate; if they do, plaintiff will

15   agree to defendants' motion to transfer this case to the United States District Court for the Western

16   District of Washington at Seattle pursuant to federal law.  Plaintiff's state law claims are not federally

17   preempted.  Plaintiff brings this class action to secure redress for defendants Merck's and NNC Group's

18   uniform and common practices in the State of Washington and in the United States.  The classes plaintiff

19   seeks to represent can be broken down as follows:

20       (A)    **Mishandling Voluntary Recall.**

21       (1)    **Improper and misleading Notice to Washington Consumers.**  This is a class action

22   against Merck, NNC Group and their authorized agents on behalf of all Washington residents, entities or

23   domiciliaries who received notice and made, or attempted to make, a claim for refund from Merck for

24   unused Vioxx® prescription medication after Merck's voluntary recall on, from September 30, 2004 to

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 2

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 10
EXHIBIT A

1  the present and who were paid any amount less than the full retail value of Vioxx® pills returned to

2  defendants.

3      (2)   **Improper and misleading Notice to Consumers of Other States or Possessions of the**

4  **United States.**  This is a class action against Merck, NNC Group and their authorized agents on behalf

5  of all residents, entities or domiciliaries of other states or possessions of the United States who received

6  notice and made, or attempted to make, a claim for refund from Merck for unused Vioxx® prescription

7  medication after Merck's voluntary recall on, from September 30, 2004 to the present and who were paid

8  any amount less than the full retail value of Vioxx® pills returned to defendants.

9      (B)   **Improper Requirement of Receipts.**  This is a class action against Merck, NNC Group

10  and their authorized agents on behalf of (1) all Washington residents or domiciliaries and/or (2) all

11  residents, entities or domiciliaries of other states or possessions of the United States from whom Merck

12  obtained, or sought to obtain, receipts in exchange for unused Vioxx® pills which had been purchased or

13  were in the possession of said residents or domiciliaries on or about September 30, 2004 or imposed

14  other requirements extending beyond the subject matter of the recall from September 30, 2004 to the

15  present.

16      1.4   **Jurisdiction.**  Jurisdiction is proper in the Superior Court for the State of Washington.

17      1.5   **Venue.**  Defendants do or have done business in King County; accordingly, venue is

18  proper in such county.

19      1.6   **Responsibility.**  Each of the defendants herein are responsible for their own acts and

20  omissions and the acts and omissions of the other defendants under the doctrines of master/servant,

21  principal/agent and/or *respondeat superior.*

22                              II. FACTS

23      2.1   On or about September 30, 2004, Merck & Co., Inc. announced that it was halting world-

24  wide sales of its arthritis drug Vioxx® and recalling the drug from the market because new data from a

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 3

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 130
Seattle, WA 98104-1425
206.709.2999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 11
EXHIBIT A

1   clinical trial found an increased risk of heart attack, other cardiovascular complications and stroke.

2   According to Merck, about 2 million people world wide were currently taking Vioxx® and a total of

3   approximately 84 million had taken it since it first came on the market in 1999.

4       2.2    Vioxx® was one of Merck & Co. Inc.'s most important drugs, with sales of

5   approximately $2.5 billion in 2003, about eleven percent of the company's $22.49 billion in revenue that

6   year.

7       2.3    News of the recall was published nation wide and in the State of Washington through

8   such media as the Internet, The Associated Press, Reuters, United Press International, The New York

9   Times, The Wall Street Journal, The Seattle Times, and the Seattle Post-Intelligencer.  Merck & Co.,

10  Inc. intended to reach as many consumers and as wide an audience as possible with its voluntary recall

11  notice.

12      2.4    On information and belief, Merck & Co., Inc. retained defendant NNC Group, formerly

13  known as National Notification Center, to handle the recall and refund the purchase price of Vioxx® to

14  consumers nation-wide.  NNC Group claims it is the leader in product recalls for the pharmaceutical

15  industry.

16      2.5    At the time of the voluntary recall, a thirty-day supply of Vioxx® cost about $100 retail

17  which each of the defendants knew or should have known.

18      2.6    At or about the time of the voluntary recall defendants gave consumers nation-wide and

19  in the State of Washington specific information on how to receive a refund for the Vioxx® pills being

20  recalled.  For example, in the October 1, 2004 edition of the Seattle Times, defendants indicated:

21  "Merck, the maker of Vioxx, promised to refund patients for unused pills.  It is asking consumers to mail

22  the medication in the original container to NNC Group, Merck Returns, 2670 Executive Drive,

23  Indianapolis, IN 46241."  The original recall procedure did not require consumers to include receipts for

24  the purchase of Vioxx®.

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 4

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 12
EXHIBIT A

2.7    Merck's Revised Procedure for Patients Seeking a Refund for Unused Vioxx, which appeared on a web site modification in December 2004, said in part:

> Merck strongly recommends that you return any unused VIOXX to the National Notification Center (NNC) in accordance with the instructions below. However, if you have already destroyed or disposed of your unused VIOXX, or cannot return it in its original container, you may still be eligible to receive a refund under new procedures adopted by Merck.
>
> To receive a refund for the amount you paid out-of-pocket for VIOXX that remained unused as of September 30, 2004, please call the National Notification Center (NNC) at 1-800-805-9542. Patients who call that number will receive a Patient Return Kit directly from NNC which may be returned via UPS (United Parcel Service). The return kit includes a shipping container and a prepaid UPS shipping label, with complete instructions. Completed return kits can be placed into a UPS drop or delivered to a UPS drop-off location, or the patient can arrange for pick-up by calling UPS at 1-800-PICK-UP. Refunds may take up to 12 weeks from the time that NNC receives the completed refund request.

                                    * * *

> This reimbursement information applies exclusively to residence of the United States, its territories and Puerto Rico.

2.8    In communicating the recall procedure to consumers nationwide and in the State of Washington, the defendant NNC Group was either expressly following Merck & Co. Inc.'s policies, instructions, practices, procedures and training or was otherwise negligent.

2.9    Plaintiff Robert K Waitt received a prescription from his doctor for Vioxx® in February 2003. After taking approximately three pills, plaintiff felt awful and stopped taking the medication. When defendants announced the recall of Vioxx®, plaintiff sent approximately 27 pills and the container to NNC Group in accordance with defendants' original instructions. The retail value of said pills was seventy-six dollars and twenty-seven cents ($76.27).

2.10    On or about January 15, 2005, defendants sent plaintiff a one page printed statement which said, in part: "Attached is your reimbursement check *for your unused portion of Vioxx® based on*

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 5

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.1999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 13
EXHIBIT A

*your receipt value*. Merck & Co., Inc. thanks you for your cooperation and sincerely regrets any inconvenience this may have caused you. If you have any questions, please call 1-800-805-9387." [Emphasis supplied.] The Reimbursement Detail indicated "Receipt Amount $0.83 and Shipping $0.83". Attached to the bottom of the preprinted form was a check in the amount of $0.83, dated 12/16/2004, made payable to Robert Waitt. A true and correct copy of the preprinted form and attached check is attached to this complaint as Exhibit A.

This preprinted form was intended by defendants to convey to average consumers and patients that the enclosed payment constituted a full and final payment for the unused Vioxx® and the postage necessary to return the drugs and that the matter would be closed as a final disposition, in order to discourage the consumer/patient from taking any further action or challenging the voluntary recall process set up by defendants. On its face, this would potentially amount to a windfall of millions of dollars to Merck & Co., Inc. and its agent NNC Group, at the expense of the individual consumer and patient. Defendants' intent is further evidenced by the lack of any additional explanatory information to the consumer/patient as to (a) the reason why the enclosed check in the miniscule amount of $.83 did not represent full payment for the Vioxx® pills themselves and (b) setting forth instructions necessary to obtain full reimbursement.

2.11    Upon receipt of the $0.83 check, plaintiff Robert K. Waitt called the 800 telephone number on the preprinted form. After a lengthy discussion with a woman at NNC Group, and after she purportedly checked her computer records, the woman at NNC Group finally indicated that the check was just for postage and that Mr. Waitt would not get a refund on the purchase price because he had not sent in a receipt for the pills. Mr. Waitt then demanded that the defendants return his Vioxx® pills as they were his property. The woman at NNC Group refused. When Mr. Waitt protested that the recall notice disseminated by defendants said nothing about sending in a receipt with the unused Vioxx®, and

**Class Action Complaint for Breach of Contract, Negligence, Misrepresentation, and other wrongful conduct in connection with the recall of Vioxx® by Defendants**

Page 6

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 14
EXHIBIT A

told the woman at NNC Group that he was going to report this to the FDA, the woman said that the defendants would send a postage prepaid envelope to him so that he could mail the receipt back to Merck.

2.12    On information and belief, Merck and/or NNC Group have sent similar preprinted forms and checks to individuals located in the State of Washington and other states and possessions of the United States who followed defendants' recall instructions and were similarly situated to the named plaintiff herein.

2.13    But for the misleading and erroneous advice, acts or omissions of the defendants, plaintiff and others similarly situated would not have incurred damages, represented by the difference in the refund checks and the fair market value of the returned Vioxx® pills, and attorneys' fees, costs and expenses.

2.14    At all times material hereto, defendants Merck and NNC Group and their authorized agents advertised, represented and warranted to plaintiff and to the class members that they were expert and qualified to properly handle any and all refunds of the retail purchase price of Vioxx®, and that they would do so in a competent, efficient, non-misleading and non-negligent manner.  Those representations, conveyed through the defendants' press releases, advertising, forms and web sites created express and implied warranties and contracts with plaintiff and others similarly situated.

### III. CLASS ACTION ALLEGATIONS

A.    **The Plaintiff**

3.1    Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Civil Rules for Superior Court for the State of Washington on behalf of the classes defined above.

3.2    Excluded from the classes are claims for personal injury by plaintiff and class members.

3.3    Also excluded from the classes are the defendants, any parent, subsidiary, or controlled

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 7

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 15
EXHIBIT A

1  person of the defendants, the officers, directors, agents, servants, or employees of any of the same, and
2
3  the members of the immediate families of any such person.

4      **B.    Numerosity**

5      3.4    Plaintiff does not know the exact size of the classes, since such information is in the
6
7  exclusive control of Merck and NNC Group. However, the exact number may be determined by
8  appropriate discovery. Plaintiff believes there are hundreds, or perhaps thousands, of members of the

classes; thus, they are so numerous that joinder of all members is impracticable.

9      **C.    Adequate Representation**

10     3.5    Plaintiff is a member of the classes he seeks to represent. Plaintiff's claims are typical of
11
12 the claims of the class members because plaintiff and all other members of the class will (or have)
13 sustain(ed) damages arising out of the practices and procedures associated with Merck's and NNC
   Group's recall policies.

14     3.6    Plaintiff will fairly and adequately represent the interests of the classes; plaintiff has no
15
16 interests which are contrary to or in conflict with those of the class members he seeks to represent, and
17 has retained attorneys experienced in the prosecution of complex class action litigation. Plaintiff and his
   counsel have the necessary financial resources to adequately and vigorously litigate this class action.
18 Plaintiff and his counsel are aware of their fiduciary responsibilities to the class members and are
19 determined to diligently discharge those duties by vigorously seeking the maximum possible recovery
20 for the classes.

21     **D.    Common Questions of Law and Fact**

22     3.7    Common questions of law and/or fact predominate over any individual questions that
23
24 may arise, such that there would be enormous economies to the courts and the parties in litigating the
   common issues on a class-wide instead of a repetitive individual basis. Plaintiff's claims are typical of

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722

Page 8



DECLARATION OF DOUGLAS A. HOFMANN - p. 16
EXHIBIT A

the claims of the members of the classes.  No unusual difficulties are likely to be encountered in the management of this class action in that questions of law or fact to be litigated at the liability stage are common to the classes.  All class members have the same legal rights to, and interests in, the fair treatment by Merck.  Class certification is appropriate under Washington law because Merck and NNC Group have acted on grounds generally applicable to the classes.  Plaintiff and all members of the class sustained damages and financial losses which were directly caused by defendants Merck & Co., Inc. and NNC Group and their authorized agents' conduct based on standard practices and procedures as alleged herein.  Plaintiff, by thus proving its own claims, will presumptively prove the claims of the classes.

 3.8  Common questions of law and fact exist as to the plaintiff and members of the classes, and predominate over any individual questions.  Among such common questions of law and fact are:

 a.  Whether defendants misrepresented the recall procedure based on their standard practices and procedures;

 b.  Whether defendants gave negligent or improper advice based on their standard practices and procedures;

 c.  Whether defendants breached express warranties;

 d.  Whether defendants breached implied warranties;

 e.  Whether defendants breached their good faith and fair dealing duties and are guilty of overreaching;

 f.  Whether defendants breached express contracts;

 g.  Whether defendants breached implied contracts;

 h.  Whether defendants violated the Washington Consumer Protection Act, RCW 19.86, *et seq.* and/or the Consumer Protection Acts of their home states of New Jersey and Indiana;

 i.  Whether defendants made intentional, reckless or negligent misrepresentations based on

Class Action Complaint for Breach of Contract, Negligence, Misrepresentation, and other wrongful conduct in connection with the recall of Vioxx® by Defendants

Page 9

Martens/Ragen, P.S.
705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2599 / Fax: 206.709.2721



DECLARATION OF DOUGLAS A. HOFMANN - p. 17
EXHIBIT A

1

2   their standard practices and procedures;

3   j.   Whether defendants failed to exercise reasonable and ordinary care in the notification,

4        handling, processing, and marketing of the Vioxx® recall based on their standard

5        practices and procedures;

6   k.   Whether plaintiff and the class members are entitled to recover direct, incidental and

7        consequential damages;

8   l.   Whether plaintiff and class members are entitled to recover attorney fees;

9   m.   Whether plaintiff and class members are entitled to injunctive relief; and

10  n.   Whether defendants, as part of their standard practices and procedures, are guilty of

11  overreaching and unconscionable conduct in dealing with patients and consumers of Vioxx® on their

12  voluntary recall.

13      **E.   Superiority**

14      3.9   Given the scope of harm inflicted by defendants, the prosecution of separate actions by

15  the individual members of the classes would create a risk of adjudications which would, as a practical

16  matter, be dispositive of the interests of the other members not parties to the adjudication, or would

17  substantially impede their ability to protect their interests.

18      3.10   A class action is superior to other means for the fair and efficient adjudication of the

19  claims presented by this complaint because the individual amounts involved do not lend themselves to

20  separate litigation.

21      **F.   Conclusion**

22      3.11   Accordingly, and for the reasons stated herein, the proposed classes fulfill the

23  certification criteria of Civil Rule 23, and certification of the above-defined classes is appropriate under

24  one or more of the provisions of Civil Rule 23.

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722

Page 10



DECLARATION OF DOUGLAS A. HOFMANN - p. 18
EXHIBIT A

## IV. FIRST CAUSE OF ACTION
### [BREACH OF CONTRACT & WARRANTY]

4.1     At all times material hereto, Robert K. Waitt had a contractual and business relationship with defendants, who each promised to provide competent advice and timely handle the voluntary recall of Vioxx®. Mr. Waitt relied on and was entitled to rely on the notice and procedures given by the defendants on the recall. The misrepresentations, acts and omissions set forth above breached the defendants' express and/or implied warranties and express and/or implied contracts to promptly, efficiently, competently and effectively, process and handle all Vioxx® recall matters between Robert K. Waitt and the defendants.

4.2     At all times material hereto, the owners, consumers and patients taking Vioxx® subject to this class action involving class members had contractual relationships with Merck and NNC Group and their authorized agents, who promised to provide competent advice and timely handle any and all recall procedures. Said class members relied on and were entitled to rely on the notice and procedures given by the defendants on the recall. By their acts and omissions set forth above, defendants breached their express and/or implied warranties and express and/or implied contracts to promptly, efficiently, competently and effectively investigate, process and handle said Vioxx® recall matters.

4.3     As a direct and proximate result of defendants' breaches, plaintiff, in his individual capacity, has suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to, the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law and attorneys' fees, costs and expenses.

4.4     As a direct and proximate result of defendants' breaches, the class members have suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to the full retail value of Vioxx®, plus prejudgment interest at the highest amount allowed by law and attorneys' fees, costs and expenses along with other compensatory damages.

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 11

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722




DECLARATION OF DOUGLAS A. HOFMANN - p. 19
EXHIBIT A

## V. SECOND CAUSE OF ACTION
### [COMMON LAW NEGLIGENCE]

5.1    Each defendant had a duty to handle the voluntary recall of the Vioxx® owned by Robert K. Waitt and the recall of Vioxx® owned by all owners, consumers and patients taking Vioxx® subject to this class action in a timely, competent and proper manner.  The acts and omissions of each defendant, including but not limited to those set forth above, breached that duty, proximately causing damages to plaintiff and all class members in an amount to be proven at time of trial.

5.2    At all times material hereto, defendants held themselves out to be expert in recall matters and thus, knew, should have known, or are charged with the knowledge of the misleading recall procedures set forth in their notice to consumers.  The acts and omissions, including but not limited to those set forth above, demonstrate that each defendant was negligent in handling, investigating and processing the recall of the Vioxx® owned by Robert K. Waitt, and all owners of and/or patients taking and/or class members subject to the recall procedures set forth above in this class action, and in giving improper and erroneous advice on which they knew or should have known Mr. Waitt and all owners and/or patients and/or class members of the Vioxx® recall subject to this class action would rely.

5.3    Merck improperly trained and supervised its authorized agents and or employees, including, but not limited to, NNC Group, which has proximately caused damages to plaintiff and all class members in an amount to be proven at time of trial.

5.4    As a direct and proximate result of defendants' negligent acts or omissions, plaintiff, in his individual capacity,  has suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to, the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law  and attorneys' fees, costs and expenses.

5.5    As a direct and proximate result of said negligent acts or omissions, the class members have suffered compensatory damages in an amount to be proven at time of trial, including, but not

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 12

Martens/Ragen, P.S.
705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 130
Seattle, WA 98104-4426
206.709.2999 / Fax 206.709.3721



DECLARATION OF DOUGLAS A. HOFMANN - p. 20
EXHIBIT A

limited to, the full retail value of Vioxx®, plus prejudgment interest at the highest amount allowed by law and attorneys' fees, costs and expenses along with other compensatory damages.

## VI. THIRD CAUSE OF ACTION
### [NEGLIGENT MISREPRESENTATION]

6.1    At all time material hereto, defendants had a duty to provide recall information to plaintiff and class members that was true, correct, accurate and not misleading under the common law of the State of Washington, the laws of other states and under various administrative regulations and statutes.

6.2    Defendants have breached that duty and have negligently misrepresented facts in their dealings with Robert K. Waitt, and the owners of and/or patients taking and/or class members of the Vioxx® recall subject to this class action, and in their handling of the matters arising out of the recall of Vioxx® as set forth above.

6.3    As a direct and proximate result of said negligence and negligent misrepresentation plaintiff, in its individual capacity, has suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law  and attorneys' fees, costs and expenses

6.4    As a direct and proximate result of said negligence and negligent misrepresentation, the class members have suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to, the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law  and attorneys' fees, costs and expenses along with other compensable damages.

## VII. FOURTH CAUSE OF ACTION
### [CONSUMER PROTECTION ACT]

7.1    The acts and omissions of each defendants set forth above constitute unfair and deceptive acts and practices in trade or commerce that affect the public interest and have proximately caused

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 13

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 21
EXHIBIT A

damages to plaintiff, individually and as class representative, in an amount to be proven at time of trial.

7.2    Said acts and omissions constitute violations of Washington's Consumer Protection Act, RCW 19.86.010 *et seq.* and/or similar statutes of the states of Indiana and New Jersey.

7.3    As a direct and proximate result of said violations, plaintiff, in its individual capacity, has suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to, the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law and attorneys' fees, costs and expenses, and treble damages not to exceed ten thousand dollars ($10,000.00) for each and every violation under Washington law or such other amount under the laws of the states of New Jersey or Indiana for each and every violation.

7.4    As a direct and proximate result of said violations, the class members have suffered compensatory damages in an amount to be proven at time of trial, including, but not limited to the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law and attorneys' fees, costs and expenses, plus other compensable damages and treble damages not to exceed ten thousand dollars ($10,000.00) or such other amount as may be available under the laws of the states of New Jersey or Indiana or members of the class' home states for each and every violation.

## VIII. FIFTH CAUSE OF ACTION
### [INJUNCTIVE/EQUITABLE/DECLARATORY RELIEF]

13.1    Merck's and NNC Group's standard practices, policies, and procedures, as set forth above, are illegal, wrong, contrary to Washington law and/or the laws of New Jersey and Indiana and likely to cause future harm unless a permanent injunction is issued requiring Merck and NNC Group and their authorized agents and/or employees to comply with Washington law and/or the laws of New Jersey and Indiana and to cease all similar acts and omissions as set forth herein.

Class Action Complaint for Breach of Contract, Negligence, Misrepresentation, and other wrongful conduct in connection with the recall of Vioxx® by Defendants

Page 14

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.2999 / Fax: 206.709.2722



DECLARATION OF DOUGLAS A. HOFMANN - p. 22
EXHIBIT A

13.2    Unless a declaration of rights and a permanent injunction are issued requiring Merck and NNC Group to comply with the provisions of its contracts, Washington statutes, the statutes of other states including New Jersey and Indiana, plaintiff and class members will not receive the benefit of their bargains, will have no effective means to learn about the standard practices, policies and procedures of Merck not to comply with Washington law and the consumer protection laws of other states as set forth herein, and will require class members to incur substantial fees and damages which could and should be avoided.

13.3    A declaration of rights and a permanent injunction should be issued prohibiting Merck and NNC Group and their authorized agents from paying anything less than the full retail value of the Vioxx® pills subject to the voluntary recall or engaging in unfair and deceptive acts and practices with regard to the recall of said drug. Otherwise, class members will have no effective means of preventing overreaching, misrepresentation and improper conduct by Merck and NNC Group and will be wrongfully limited in their means of judicial redress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:

1.    For an order confirming that this conditionally certified class action is properly maintainable as a class action, and appointing plaintiff and its undersigned counsel to represent the class;

2.    For compensatory damages and all monetary relief authorized by law or referenced in the complaint in an amount to be proven at time of trial including, but not limited to, the full retail value of the Vioxx® returned to defendants, plus prejudgment interest at the highest amount allowed by law and attorneys' fees, costs and expenses.;

3.    For attorneys' fees, costs and expenses incurred herein;

4.    For treble damages or punitive damages as allowed by law;

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 15

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-1435
206.709.2999 / Fax: 206.709.3722




DECLARATION OF DOUGLAS A. HOFMANN - p. 23
EXHIBIT A

5.      For prejudgment interest at the highest rate allowed by law on all liquidated amounts

including, but not limited to, the full retail value of the Vioxx® pills subject to this class action;

6.      For a declaration that the defendants have engaged in unfair and deceptive acts and

practices and other wrongful conduct contrary to the laws of the State of Washington and the laws of

New Jersey and/or Indiana;

9.      For a permanent injunction prohibiting defendants from engaging in the acts and conduct

described herein.

10.     For leave to amend this complaint as soon as the identities of Does 1 through 35 inclusive

are known;

10.     For leave to amend this complaint to conform to the evidence introduced at trial; and

11.     For such other and further relief as the Court deems just and equitable.

DATED THIS 4th day of April 2005

Martens / Ragen, P.S.

By
Richard L. Martens, WSBA # 4737
James J. Ragen, WSBA # 10885
Attorneys for Plaintiff

Class Action Complaint for Breach of
Contract, Negligence, Misrepresentation,
and other wrongful conduct in connection
with the recall of Vioxx® by Defendants

Page 16

Martens/Ragen, P.S.

705 Union Station, 1st Floor
705 Fifth Avenue South, Ste. 150
Seattle, WA 98104-4425
206.709.3999 / Fax. 206.709.2722

DECLARATION OF DOUGLAS A. HOFMANN - p. 24
EXHIBIT A

# Docket #20: Merck's Opposition to Remand

HONORABLE RONALD S. LASNIK

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9   ROBERT K. WAITT, on his own behalf and on
    behalf of all individuals and entities similarly          NO.  C05-0759-RSL
10  situated,,
                                                              **CLASS ACTION**
11            Plaintiff,

12        v.                                                  DEFENDANT MERCK'S OPPOSITION
                                                              TO PLAINTIFF'S CROSS-MOTION TO
13  MERCK & CO., INC., a New Jersey                           REMAND FOR LACK OF SUBJECT
    Corporation; and NNC GROUP, LLC, formerly                 MATTER JURISDICTION
14  known as National Notification Center, an
    Indiana Limited Liability Company; and DOES               **NOTED ON MOTION CALENDAR**
15  1 through 35, inclusive,,                                  **FOR:  JUNE 23, 2005**

16            Defendants.

17

18                            **I.  INTRODUCTION**

19        Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, respectfully submits

20  this memorandum in opposition to plaintiff's cross-motion to remand.  For the reasons set forth

21  below and in Merck's Motion to Stay All Proceedings, the Court should stay this matter and defer

22  consideration of plaintiff's motion to remand pending a transfer decision by the Judicial Panel on

23  Multidistrict Litigation ("JPML" or "MDL Panel").  Alternatively, if the Court considers

24  plaintiff's remand motion, that motion should be denied because his claims easily meet the

25  jurisdictional threshold.

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO          **Williams, Kastner & Gibbs PLLC**
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 1         Two Union Square, Suite 4100 (98101-2380)
[C05-0759-RSL]                                             Mail Address: P.O. Box 21926
                                                          Seattle, Washington 98111-3926
                                                          (206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

1

## II. BACKGROUND

2    On September 30, 2004, Merck announced the voluntary withdrawal of VIOXX® from

3    the market.  Since then, more than 100 putative class actions concerning VIOXX® have been

4    filed around the country.  In this case, plaintiff purports to represent both a statewide and a

5    nationwide class of people "who received notice and made, or attempted to make, a claim for

6    refund from Merck for unused Vioxx®" subsequent to Merck's voluntary withdrawal of

7    VIOXX® from the market in September 2004 "and who were paid any amount less than the full

8    retail value of Vioxx® pills returned to defendant."  (Compl. ¶¶ 1.3(A)(1)-(2).)  In addition,

9    plaintiff purports to represent a statewide and/or nationwide class consisting of all persons "from

10   whom Merck obtained, or sought to obtain, receipts in exchange for unused Vioxx®" purchased

11   or in the possession of said persons on or about September 30, 2004, or on whom Merck

12   "imposed other requirements extending beyond the subject matter of the recall from September

13   30, 2004 to the present."  (Compl. ¶ 1.3(B).)  Plaintiff further alleges that "there are hundreds, or

14   perhaps thousands, of members of the classes."  (Compl. ¶ 3.4.)

15   Plaintiff alleges breach of contract and warranty (First Cause of Action), common law

16   negligence (Second Cause of Action), negligent misrepresentation (Third Cause of Action),

17   violation of the Washington Consumer Protection Act and/or similar statutes in New Jersey or

18   Indiana (Fourth Cause of Action), and injunctive/equitable/declaratory relief (Fifth Cause of

19   Action), based on Merck's alleged failure "to promptly, efficiently, competently, and effectively

20   investigate, process and handle" (Compl. ¶ 4.2) matters related to VIOXX® refunds.  Based on

21   these allegations, plaintiff seeks several forms of relief, including: compensatory damages, treble

22   damages, punitive damages, declaratory relief, attorneys' fees, prejudgment interest, and "such

23   other and further relief as the Court deems just and equitable."  (Compl., Prayer for Relief at 15-

24   16.)

25

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 2
[C05-0759-RSL]

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

1    On February 16, 2005, the JPML issued an order establishing *In re VIOXX Products*

2  *Liability Litigation*, MDL 1657, in the Eastern District of Louisiana.  *In re VIOXX Prods. Liab.*

3  *Litig.*, MDL 1657, 2005 U.S. Dist. LEXIS 2527 (J.P.M.L. Feb. 16, 2005).  On April 21, 2005,

4  Merck removed the present case to this Court.  On May 27, 2005 Merck moved to stay all

5  proceedings pending a decision by the JPML to transfer this VIOXX®-related case to the

6  multidistrict litigation court ("MDL court").  This case was recently listed on CTO-14 and will

7  almost certainly be transferred to the VIOXX MDL proceeding.  (*See* Ex. 1.)  Plaintiff has

8  nonetheless opposed Merck's motion for stay and moved for remand to state court.

9                                   **III.  ARGUMENT**

10    This Court should defer consideration of plaintiff's remand motion so that Judge Fallon,

11  the VIOXX MDL judge, can address jurisdictional issues in a coordinated manner in the VIOXX

12  MDL proceeding.  Nonetheless, if the Court does consider the jurisdictional issues raised by

13  plaintiff, his Complaint easily satisfies the jurisdictional threshold, and plaintiff's cross-motion to

14  remand should therefore be denied.

15  **A.    The Court Should Defer Consideration of Plaintiff's Remand Motion Pending**
      **Transfer of This Case To The VIOXX MDL Proceeding.**
16

17    The majority of courts have recognized that the best way to ensure that MDL proceedings

18  can achieve their statutory goal of efficient, coordinated proceedings is by staying litigation

19  pending transfer to the MDL court, including the consideration of remand motions.  For this

20  reason, courts around the country have stayed more than 85 VIOXX-related cases in which there

21  are pending remand motions.  (All told, approximately 600 cases have been stayed pending

22  transfer.)  In recent weeks, a court in Pennsylvania stayed a similar VIOXX class action against

23  Merck involving alleged violations of the Pennsylvania consumer protection act, recognizing that

24  the MDL court was better placed to address remand motions in these cases.  *See* Order, *Magnifico*

25  *v. Merck & Co., Inc.*, No. 05-CV-386, slip. op. (W.D. Pa. May 24, 2005) and Complaint (attached

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 3
[C05-0759-RSL]

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

as Ex. 2). Numerous other courts have done the same. As the United States District Court for the Southern District of Florida concluded in staying another economic loss VIOXX class action that has now been transferred to the MDL proceeding: "[J]udicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to . . . allow the MDL judge to resolve the issues presented by similar remand motions." *Fontanilles v. Merck & Co., Inc.*, No. 04-22799-CIV-HUCK, slip op. at 1-2 (S.D. Fla. Dec. 14, 2004) (attached as Ex. 3). Likewise in *Hunter v. Merck & Co., Inc.*, another class action with similar jurisdictional issues, the court concluded that "the MDL [court] should make the ultimate determination regarding whether jurisdiction exists." No. 04-2518-CM, slip op. at 2 (D. Kan. Dec. 20, 2004) (attached as Ex. 4).

Deferral is particularly appropriate because a number of similar class action cases have already been transferred to the MDL proceeding in which plaintiffs challenge the existence of diversity jurisdiction over their consumer fraud claims. (*See, e.g.*, Complaint ¶¶ 41-44, *Magnifico v. Merck & Co., Inc.*, (W.D. Pa.) (No. 05-386) (asserting violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law and/or similar statutes in effect in other states); Complaint ¶¶ 27-33, *Perkins v. Merck & Co., Inc.* (E.D. Mo. 2004) (No. 04-1446) (asserting violations of the Missouri Merchandizing Practices Act); Complaint ¶¶ 29-35, *Oswald v. Merck & Co., Inc.* (N.D. Ill. 2004) (No. 04-6741) (asserting claim under Illinois Consumer Fraud and Deceptive Business Practice Act); Complaint ¶¶ 24-34, *Fontanilles v. Merck & Co., Inc.* (S.D. Fla. 2004) (No. 04-22799) (asserting claim under Florida Deceptive and Unfair Trade Practices Act) (attached as Exs.2, 3 and 5).) Having the MDL court decide the cross-cutting jurisdictional issues raised by these cases will ensure that the various class actions around the country are treated in a uniform manner and that this Court does not enter a ruling that might ultimately be inconsistent with that of the MDL court on like motions. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where "[t]he jurisdictional issue in question is easily capable of arising in [more than one court] . . . [c]onsistency as well as economy is . . . served [by transferring and consolidating cases

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 4
[C05-0759-RSL]

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

1    as to which remand motions are pending]"); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v.*

2    *Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other

3    courts are facing or are likely to face similar jurisdictional issues in cases that have been or may

4    be transferred to a multidistrict proceeding."); *Benjamin v. Bayer Corp.*, No. 02-0886, 2002 U.S.

5    Dist. LEXIS 9157, at *5 (E.D. La. May 16, 2002) ("[B]ecause the issues involved in this remand

6    are likely to be common to other transferred cases, the policies of efficiency and consistency of

7    pre-trial rulings are furthered by a stay of the proceedings.").

8         As set forth in Merck's reply memorandum in support of its motion for stay, plaintiff's

9    arguments that this case should not be stayed because it is unrelated to all the other economic loss

10   cases in the VIOXX® MDL are unsupported.  There are numerous economic loss class actions

11   already in MDL-1657 in which plaintiffs – like plaintiff here – seek refunds for their previously-

12   purchased VIOXX® and have moved to remand their cases to state court.  Thus, the pendency of

13   the motion merely confirms the appropriateness of staying this case so that the MDL court can

14   decide jurisdictional issues in a coordinated manner.

15   **B.**  **Plaintiff's Motion to Remand Should Be Denied Because The Court Has Jurisdiction Over This Case Under the Recently Enacted Class Action Fairness Act.**

16

17        If the Court does address the merits of plaintiff's cross-motion to remand, it should be

18   denied in any event because plaintiff's Complaint easily satisfies the jurisdictional requirements

19   of the recently enacted Class Action Fairness Act of 2005.  Pub. L. No. 109-2, 119 Stat. 4

20   (codified in scattered sections of 28 U.S.C.) ("CAFA").  Under CAFA, federal courts now have

21   jurisdiction over class actions in which: (1) there are 100 or more members in the plaintiff's

22   proposed class(es); (2) at least some members of the proposed class(es) have a different

23   citizenship from some defendants; and (3) the claims of all proposed class members exceed the

24   sum or value of $5,000,000 in the aggregate.  *See* 28 U.S.C. § 1332(d).

25

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 5
[C05-0759-RSL]

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

1      Plaintiff's remand motion does not seriously dispute that the proposed classes consist of

2   100 or more members, that the parties are diverse, or even that the amount in controversy is met.

3   Plaintiff merely asserts that he "does not know" if federal jurisdiction exists in this case. Whether

4   plaintiff knows it or not, federal jurisdiction does exist in this case. First, all three requirements

5   for CAFA jurisdiction are satisfied. Second, CAFA places the burden of establishing that

6   removal was improvident on the named plaintiff – not the removing defendant – and plaintiff has

7   done nothing to satisfy that burden. Third, CAFA's "home state" exception cited by plaintiff is

8   inapplicable to the instant case because Merck is not a Washington company. Thus, plaintiff's

9   cross-motion to remand should be denied.[1]

10      1.   Plaintiff's Claims Easily Satisfy CAFA's Requirements.

11      As discussed in Merck's Notice of Removal, plaintiff's case easily satisfies the

12   requirements for federal jurisdiction under CAFA. First, plaintiff himself asserts that "there are

13   hundreds, or perhaps thousands, of members of the classes." (Compl. ¶ 3.4.) Second, Merck is a

14   New Jersey corporation and plaintiff is a citizen of the State of Washington, thereby satisfying the

15   "minimal diversity" requirement of CAFA. (See Compl. ¶¶ 1.1, 1.2.) And third, plaintiff's

16   claims easily meet the $5 million jurisdictional threshold.

17      Plaintiff's Complaint seeks compensatory, treble, and punitive damages as well as

18   declaratory relief, and further alleges that Merck's conduct regarding the VIOXX® refund

19

20   _____

     [1] Though not relevant to the issue of the existence of diversity jurisdiction, plaintiff also argues that Merck has taken
21   contrary positions in this case. Plaintiff asserts that "Merck consciously and deliberately removed this case from the
     King County Superior Court . . . on the grounds that federal jurisdiction existed for this class action because the
22   claims in the aggregate exceed $5,000,000 and on the other hand, [Merck] has denied *any* basis for a class action
     under either state or federal law" in its First Amended Answer. (Pl. Mot. at 3.) Plaintiff appears to take the position
23   that a defendant may not invoke the *jurisdictional* principles of CAFA, and at the same time deny the *merits* of the
     plaintiff's class allegations. Obviously, this cannot be the case. *See, e.g., Archer v. Kelly*, 271 F. Supp. 2d 1320,
24   1323 (N.D. Okla. 2003) ("the value of a claim and the validity of a claim are separate issues. The value of the claim,
     *i.e.*, the amount in controversy, reflects the potential damages a judge or jury could award if the claim is valid, the
     defendant liable, and the injury compensable . . . defendants' denial of the claim's value (or validity, for that matter)
25   would not defeat diversity jurisdiction if the case had been filed here in the first place.").

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 6
[C05-0759-RSL]

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

program "potentially amount[s] to a windfall of millions of dollars" to Merck.  (Compl. ¶ 2.10.).

CAFA provides not only that the Court should consider the "aggregate" value of all the potential

claims of all proposed class members in this case, but also that plaintiff's request for declaratory

relief should be broadly construed by the Court.  According to the Senate Report accompanying

CAFA, "the federal court should include in its assessment the value of all relief and benefits that

would logically flow from the granting of the declaratory relief sought by the claimants."  *See*

Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 43.  Moreover, "if a federal court is

uncertain about whether 'all matters in controversy' in a purported class action 'do not in the

aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising

jurisdiction over the case."  *Id.* at 42.  Given plaintiff's own admission that this matter potentially

involves "millions of dollars," there can be little question that the jurisdictional threshold is

satisfied.

>    2.    Plaintiff Bears The Burden Of Establishing That Removal Under CAFA Was
>          Improvident.

Plaintiff "challenges the jurisdictional basis for removal" on the grounds that he "does not

know whether a basis for federal jurisdiction" exists in this case or not.  (Pl. Mot. at 3, 4.)

Plaintiff further asserts that Merck bears the burden of establishing the existence of federal

jurisdiction in this case.  (Pl. Mot. at 4.)  However, in enacting CAFA, Congress was clear that

any doubts about whether a case meets the law's requirements should be resolved in favor of

exercising federal jurisdiction, and that the new legislation puts the burden on *plaintiff* to

establish that a case should be remanded.

CAFA's legislative history makes clear that doubts regarding the maintenance of interstate

class actions in state or federal court should be resolved in favor of federal jurisdiction.  *See, e.g.*,

S. Rep. 109-14, at 43 (2005) ("Overall, new section 1332(d) is intended to expand substantially

federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 7
[C05-0759-RSL]

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

1   preference that interstate class actions should be heard in a federal court if properly removed by

2   any defendant."); *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal

3   diversity jurisdiction over class actions with interstate ramifications."); *id.* at 27 ("The Committee

4   believes that the federal courts are the appropriate forum to decide most interstate class actions

5   because these cases usually involve large amounts of money and many plaintiffs, and have

6   significant implications for interstate commerce and national policy."). This is a dramatic change

7   from the approach taken by some federal courts under pre-CAFA law, which put the onus of

8   removal on the defendant by requiring, for example, that jurisdiction be demonstrated to a "legal

9   certainty" if the plaintiff claims that the jurisdictional threshold is not satisfied. *See, e.g., Samuel-*

10  *Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

11      CAFA and its accompanying legislative history similarly indicate that the named plaintiff

12  in a class action that has been removed pursuant to CAFA's jurisdictional principles bears the

13  burden of establishing that such removal was improvident. *See* S. Rep. No. 109-14, at 42 ("If a

14  purported class action is removed pursuant to these jurisdictional provisions, the named

15  plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that

16  the applicable jurisdictional requirements are not satisfied)."). *See also* 151 Cong. Rec. H730

17  (Comments of Mr. Sensenbrenner). Placing the burden of establishing the grounds for remand on

18  the plaintiff is consonant with CAFA's overriding goal of expanding diversity jurisdiction over

19  class actions that have interstate implications.

20      In support of his argument that the party invoking federal jurisdiction bears the burden of

21  establishing its existence, plaintiff relies on *FW/PBS, Inc. v. Dallas*, 493 U.S. 215 (1990) and

22  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). However, both of these cases are

23  inapposite for the simple reason that they were decided ***prior to the enactment of CAFA*** which

24  significantly altered the diversity jurisdiction calculus with respect to class action lawsuits. In

25  any event, neither case dealt with the present issue: the existence of diversity jurisdiction over a

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 8
[C05-0759-RSL]

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

state-filed class action lawsuit. *FW/PBS, Inc.* involved a First Amendment challenge to a city

ordinance regulating sexually-oriented businesses wherein the court declined to reach certain

issues on the ground that the petitioners lacked standing. 493 U.S. at 235. *Steel Co.* involved a

citizen-suit under the federal Emergency Planning and Community Right-To-Know Act of 1986

wherein the court – again – grappled with the issue of standing. 523 U.S. at 86.

As noted above, CAFA explains that the plaintiff in this case, not Merck, bears the burden

of establishing that removal was improvident. Because plaintiff has failed to provide one shred of

evidence to suggest that this matter is not removable under CAFA – and his Complaint, to the

contrary, facially satisfies all of the Act's requirements – plaintiff's motion should be denied.

## C.    The "Home State" Exception Does Not Apply Because Merck is Not a Citizen Of Washington State.

Plaintiff also argues in his remand motion that "based on a variety of factors" and

"looking at the totality of the circumstances" a district court may decline to exercise jurisdiction

under CAFA. (Pl. Mot. at 4.) Plaintiff further argues that such "factors are within the knowledge

of the defendants" and this information "should be in front of the Court." (*Id.*) Again, however,

plaintiff has misconstrued CAFA's jurisdictional principles.

The "factors" to which plaintiff is referring are embodied in CAFA's "home state

exception." However, the home state exception applies only to class actions that are filed in the

defendant's home state. *See* 28 U.S.C. 1332(d)(3). The provision provides, in pertinent part:

> A district court may, in the interests of justice and looking at the totality of the
> circumstances, decline to exercise jurisdiction . . . over a class action in which
> greater than one-third but less than two-thirds of the members of all proposed
> plaintiff classes in the aggregate *and the primary defendants are citizens of the*
> *State in which the action was originally filed* based on consideration of [six
> specified factors][.]

*Id.* Merck, however (as plaintiff alleges in his Complaint) is a citizen of New Jersey – not

Washington. (This exception is also inapplicable because plaintiff seeks to certify a nationwide

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 9
[C05-0759-RSL]

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1.1.715783.1.1.715783.1.1.715783.1.1.715783.1.1.715783.1

1  class; even if Merck were a citizen of Washington, plaintiff could only avail himself of the home

2  state exception if at least one-third of the proposed class members were from Washington state.)

3      In short, the home state exception is inapplicable to this case because plaintiff is not suing

4  a Washington corporation and because he proposes a nationwide class.  For this reason, too,

5  plaintiff's cross-motion to remand should be denied.

6                          **IV.  CONCLUSION**

7      Plaintiff does not dispute that the instant action is a class action in which there are 100 or

8  more members in the plaintiff's proposed classes; that at least some members of the proposed

9  classes have a different citizenship from some defendants; and that the claims of the proposed

10  class members exceed the sum or value of $5,000,000 in the aggregate.  Instead, plaintiff merely

11  argues that he "does not know whether a basis for federal jurisdiction" exists in this case or not.

12  Even if that were true, under CAFA, the plaintiff bears the burden of establishing that removal

13  was improvident.  Plaintiff's motion to remand should be denied.

14      DATED this 20th day of June, 2005.

15                              s/Douglas A. Hofmann, WSBA #06393
                                Jeffrey R. Johnson, WSBA #11082
16                              Attorneys for Merck & Co., Inc.
                                WILLIAMS, KASTNER & GIBBS PLLC
17                              601 Union Street, Suite 4100
                                Seattle, WA  98101
18                              Telephone:    (206) 628-6600
                                FAX:          (206) 628-6611
19                              E-mail:       dhofmann@wkg.com
20                                            jjohnson@wkg.com

21

22

23

24

25

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 10
[C05-0759-RSL]

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on June 20, 2005, I electronically filed the foregoing with the Clerk of

3    the Court using the CM/ECF system, which will send notification of such filing to the following:

4        Richard L. Martens, WSBA #4737
         James J. Ragen, WSBA #10885
5        Martens/Ragen, P.S.
         705 Union Station, First Floor
6        705 Fifth Avenue South, Suite 150
         Seattle, WA  98104-4425
7        richardmartens@martensragen.com
         jimragen@martensragen.com
8

9        Andrew C. Gauen
         Merrick, Hofstedt & Lindsey, P.S.
10       710 - 9th Avenue
         Seattle, WA  98104-2017
11       agauen@mhlseattle.com

12

13
                                          s/ Douglas A. Hofmann, WSBA #06393
14                                        Jeffrey R. Johnson, WSBA #11082
                                          Attorneys for Merck & Co., Inc.
15                                        Williams, Kastner & Gibbs PLLC
                                          601 Union Street, Suite 4100
16                                        Seattle, WA  98101-2380
                                          Telephone:  (206) 628-6600
17                                        Fax:  (206) 628-6611
                                          E-mail:  dhofmann@wkg.com
18                                        E-mail:  jjohnson@wkg.com

19

20

21

22

23

24

25

MERCK'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO             **Williams, Kastner & Gibbs PLLC**
REMAND FOR LACK OF SUBJECT MATTER JURISDICTION - 11          Two Union Square, Suite 4100 (98101-2380)
[C05-0759-RSL]                                               Mail Address: P.O. Box 21926
                                                             Seattle, Washington 98111-3926
                                                             (206) 628-6600

1715783.1 1715783.1 1715783.1 1715783.1 1715783.1 1715783.1

# Docket #26: Order Regarding Motion to Remand

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   ROBERT K. WAITT, on his own behalf and
     on behalf of all individuals and entities
11   similarly situated,                                    Case No. C05-0759L

12          Plaintiff,

13          v.                                              ORDER REGARDING MOTION TO
                                                            STAY AND MOTION TO REMAND
14   MERCK & COMPANY, INC., *et al.*,

15          Defendants.

16

## I. Introduction

17

18   This matter comes before the Court on defendant Merck and Company, Inc.'s ("Merck")

19   "Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict

20   Litigation." In response, plaintiff filed an "Opposition to Motion to Stay and Cross-Motion to

21   Remand for Lack of Subject Matter Jurisdiction." For the reasons set forth herein, the Court

22   denies both Merck's motion to stay and plaintiff's request to remand.

## II. Background

23   On April 6, 2005, plaintiff Robert Waitt filed a class action complaint in King County

24   Superior Court. The complaint sets forth a number of causes of action for economic damages

25   associated with the recall of the drug Vioxx. Specifically, the complaint alleges that Merck

26   failed to reimburse plaintiff for the cost of his unused Vioxx, as promised, and subsequently

27

28   ORDER REGARDING MOTION TO
     STAY AND MOTION TO REMAND- 1

1  refused to return the unused Vioxx to him.  Merck, the drug's manufacturer, removed the matter

2  to federal court pursuant to 28 U.S.C. §§ 1441 & 1332(d).  Merck now moves to stay the case

3  pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") as to whether

4  this case is to be consolidated with those currently pending before Judge Fallon in the Eastern

5  District of Louisiana.[1]  Plaintiff argues that this matter is not appropriate for consolidation and,

6  accordingly, that a stay is not warranted.  Moreover, plaintiff argues that removal was improper

7  and moves to remand the matter to state court.  Merck counters that this Court should not rule on

8  plaintiff's motion to remand, contending that it is for the transferee court in Louisiana to

9  consider.  This Court disagrees.  See Tortola Restaurants v. Kimberly Clark Corp., 987 F. Supp.

10  1186, 1188 (N.D. Cal. 1997) ("A putative transferor court need not automatically postpone

11  rulings on pending motions, or in any way generally suspend proceedings, merely on grounds

12  that an MDL transfer motion has been filed.").  Consequently, the Court will first address

13  plaintiff's motion to remand for lack of subject matter jurisdiction and then turn to Merck's

14  motion to stay.

15                                  **III. Discussion**

16  **A.      Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction.**

17          The resolution of issues raised by the motion to remand turns upon the recently enacted

18  Class Action Fairness Act ("CAFA"), and specifically upon whether it places the burden of

19  proof for the propriety of removal upon the plaintiff or the defendant.[2]  Plaintiff argues that

20  _____

21          [1]Judge Fallon was selected by the JPML to preside over the great many cases filed around the
    nation that involve the health risks associated with Vioxx.  On June 13, 2005, the JPML issued a
22  Conditional Transfer Order ("CTO") that included this case.  Plaintiff opposed the CTO, and the JPML's
    final decision on transfer is pending.
23

24          [2] As plaintiff points out in his cross-motion, the customary rule governing removal and remand
    provides that the party invoking federal jurisdiction bears the burden of demonstrating its existence, Steel
25  Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998); any doubt as to the propriety of removal is
    resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The issue before
26  the Court, then, is essentially one of statutory construction (i.e., whether CAFA modifies the customary
    rule) rather than one predicated upon the traditional legal standard for remand.
27

28  ORDER REGARDING MOTION TO
    STAY AND REQUEST FOR REMAND- 2

1  CAFA does not modify the existing standard for remand because the statute itself is void of

2  language providing for such modification. Merck counters that it was Congress' intent, as

3  evidenced by CAFA's legislative history, to place the burden of showing that removal was

4  improper upon the party moving for remand. Neither the Court nor the parties, as is evident

5  from their briefing, could find published case law addressing this issue; the matter appears to be

6  one of first impression in federal jurisprudence.

7       In cases of statutory construction, the Court's task is to "interpret the words of the statute

8  in light of the purposes Congress sought to serve." Norfolk Redevelopment & Hous. Auth. v.

9  Chesapeake & Potomac Tel. Co. of Va., 464 U.S. 30, 36 (1983).  CAFA, which is codified at

10  various places in Title 28 of the United States Code, effects its relevant changes upon 28 U.S.C.

11  § 1332, colloquially known as the diversity jurisdiction statute.  Regarding these changes, the

12  Senate Committee on the Judiciary stated: "[o]verall, new section 1332(d) is intended to expand

13  substantially federal court jurisdiction over class actions.  Its provisions should be read broadly,

14  with a strong preference that interstate class actions should be heard in a federal court if

15  properly removed by any defendant." S. Rep. No. 109-14, at 43 (2005).  That is, CAFA is

16  designed to permit federal courts to hear more interstate class actions and to relax the barriers

17  facing defendants who seek to remove qualifying class actions to federal court. See id. at 5.

18       With specific regard to removal and remand, plaintiff correctly points out that CAFA

19  itself lacks burden-shifting language.  However, notwithstanding the absence of explicit

20  statutory provisions, it is not difficult to divine Congressional intent from CAFA's legislative

21  history:

22       Pursuant to new subsection 1332(d)(6), the claims of the individual class members
         in any class action shall be aggregated to determine whether the amount in
23       controversy exceeds the sum or value of $5,000,000 . . . . The Committee intends this
         subsection to be interpreted expansively.  If a purported class action is removed
24       pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the
         burden of demonstrating that the removal was improvident (i.e., that the applicable
25       jurisdictional requirements are not satisfied). And if a federal court is uncertain about
         whether 'all matters in controversy' in a purported class action 'do not in the
26       aggregate exceed the sum or value of $5,000,000,' the court should err in favor of

27

28  ORDER REGARDING MOTION TO
    STAY AND REQUEST FOR REMAND- 3

1    exercising jurisdiction over the case.

2    Id. at 42. The Senate Committee on the Judiciary also stated:

3        It is the Committee's intention with regard to each of these exceptions that the party
         opposing federal jurisdiction shall have the burden of demonstrating the applicability
4        of an exemption. Thus, if a plaintiff seeks to have a class action remanded under
         section 1332(d)(4)(A) on the ground that the primary defendants and two thirds or
5        more of the class members are citizens of the home state, that plaintiff shall have the
         burden of demonstrating that these criteria are met by the lawsuit. Similarly, if a
6        plaintiff seeks to have a purported class action remanded for lack of federal diversity
         jurisdiction under subsection 1332(d)(5)(B) . . . that plaintiff should have the burden
7        of demonstrating that 'all matters in controversy' do not 'in the aggregate exceed the
         sum or value of $5,000,000, exclusive of interest and costs' or that 'the number of all
8        proposed plaintiff classes in the aggregate is less than 100.'

9    Id. at 44; see also id. at 43 ("it is the intent of the Committee that the named plaintiff(s) should

10   bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden

11   of demonstrating that more than two-thirds of the proposed class members are citizens of the

12   forum state).").[3]

13        Based on the foregoing legislative history, the Court holds that Merck's reading of

14   CAFA is the correct one and that it is plaintiff's responsibility to demonstrate that removal from

15   state court was improvident. See, e.g., Michael J. Mueller & Tobias E. Zimmerman, The Brave

16   New World of Removal Practice Under the Class Action Fairness Act, 12 No. 3 Andrews Class

17   Action Litig. Rep. 18 at p. 25 (2005) ("[Courts can] find support in [CAFA's] . . . legislative

18   history that indicates that Congress intended to place the burden on the opponent of federal

19   jurisdiction. It is entirely plausible that courts will develop a new test whereby, once a

20   defendant has proven diversity of parties under Section 1332(d)(2), the burden will then fall on

21   the plaintiffs to show that remand is nonetheless warranted"). Plaintiff's lone attempt to

22   discharge this burden is to argue that he has made a prima facie showing that his damages do not

23   meet the $5,000,000 amount in controversy requirement contained in 28 U.S.C. § 1332(d).

24   Reply at 3 (claiming damages in the amount of $76.27). However, plaintiff's reply fails to

25   _____

26        [3] Plaintiff's claims that the Report of the Senate Committee on the Judiciary is "cryptic" and
     requires a "strained process of deduction" are not well-founded. See Reply at 5.
27
     ORDER REGARDING MOTION TO
28   STAY AND REQUEST FOR REMAND- 4

1  include any of the economic damages suffered by the nationwide class he purportedly represents

2  and similarly fails to mention that his complaint requests treble and/or punitive damages.  In

3  short, plaintiff has not met his burden; it follows that remand to state court in inappropriate.

4  **B.     Merck's Motion to Stay.**

5        Merck contends that the Court should stay the proceedings because: (1) the present suit

6  involves facts similar to those in the cases consolidated in Louisiana; and (2) it will save judicial

7  resources and avoid conflicting rulings.  The significance of Merck's second contention,

8  however, is contingent upon the truth of the first.  That is, there is no risk of conflicting rulings

9  or inefficient use of resources when the issues being litigated are factually distinct.  Despite

10  Merck's efforts to paint plaintiff's complaint as akin to those pending before Judge Fallon, and

11  therefore a likely "tag-along action" under 28 U.S.C. § 1407, the fact of the matter is that they

12  are quite different.

13        The Rules of Procedure of the JPML define a "tag-along action" as one "involving

14  common questions of fact with actions previously transferred under Section 1407."  199 F.R.D.

15  425 (2001).  According to the JPML's Transfer Order, the questions of fact before Judge Ellon

16  in the Eastern District of Louisiana all involve the alleged health risks associated with Vioxx.

17  See Hoffman Decl., Ex. A (stating that the consolidation of certain Vioxx cases in Louisiana is

18  warranted under 28 U.S.C. § 1407 because "[a]ll actions focus on the alleged increased health

19  risks . . . when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these

20  increased risks and failed to disclose them to the medical community and consumers.").

21  Therefore, if plaintiff's complaint contained allegations of personal or bodily injury, or made

22  claims for damages based on health risks or product liability, the Court would likely stay the

23  present proceedings pending a transfer decision by the JPML.  The complaint does not, however,

24  allege health risks, nor does it allege that Merck knew of the risks and failed to disclose them.

25  Rather, it alleges purely economic damages and contains five clear causes of action in

26  connection with the Vioxx recall: breach of contract, common law negligence, negligent

27

28  ORDER REGARDING MOTION TO
     STAY AND REQUEST FOR REMAND- 5

1  misrepresentation, injunctive/equitable/declaratory relief, and violation of the Consumer

2  Protection Act.  Based on the current record, it appears that these causes of action do not involve

3  common questions of fact with those cases consolidated in the Eastern District of Louisiana.

4  Accordingly, a stay is inappropriate.

5  **IV.  Conclusion**

6       For all of the foregoing reasons, it is hereby ORDERED that Merck's motion to stay the

7  proceedings (Dkt. # 10) be DENIED.  Plaintiff's cross-motion to remand for lack of subject

8  matter jurisdiction (Dkt. # 17) is also DENIED.[4]

9

10       DATED this 27th day of July, 2005.

11

12            *MM S Lasnik*

          Robert S. Lasnik

          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26      [4] The Court GRANTS Merck's unopposed motion to file a surreply (Dkt. # 24) and has

27  considered the surreply.

28  ORDER REGARDING MOTION TO
STAY AND REQUEST FOR REMAND- 6