UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | |
| : | SECTION L |
| This document relates to: : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |
| LENE ARNOLD : | |
| v. : | |
| MERCK & CO., INC. : | |
| Case No. 05-2627 : | |
| and : | |
| ALICIA GOMEZ : | |
| v. : | |
| MERCK & CO., INC. : | |
| Case No. 05-1163 : | |

EIGHTH NOTICE OF SUPPLEMENTAL AUTHORITY
OF PLAINTIFFS LENE ARNOLD AND ALICIA GOMEZ

Plaintiffs, Lene Arnold and Alicia Gomez, hereby submit as their EIGHTH supplemental authority in opposition to Merck & Co.'s Motion for Summary Judgment, the opinions of *Barnhill v. Teva Pharmaceuticals USA, Inc., et al.*, Civ. No. 06-0282-CB-M (S.D.Ala. Apr. 24, 2007) [attached hereto as Exhibit "A"]; *Kelly v. Wyeth*, Civ. No. 2003-3314F (Middlesex, Mass. Super. Ct. Apr. 12, 2007)[attached hereto as Exhibit "B"]; and *Watters v. Wachovia Bank, N.A.*, 127 S.Ct. 1559 (U.S. Apr. 17, 2007)[attached hereto as Exhibit "C"].

Although addressing preemption in the context of a generic's drug warning label, the *Barnhill* opinion is significant as it dispels any deference owed to the FDA's preamble. Specifically, Judge Butler held:

> An agency's advisory opinion is entitled to deference only to the extent it has the power to persuade. *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). For several reasons, the FDA's position is not persuasive. First, it represents an about-face from the agency's position-until 2001–that the FDA labeling rules were not intended to preempt state law. *See Weiss*, 464 F.Supp. 2d at 672 (detailing history of FDA's position on preemption). Second, its reasoning is flawed and leads to a result contrary to the purpose of the FDCA. If an FDA-approved label establishes, as the Preamble asserts, both a floor and a ceiling for a manufacturer's duty to warn, 71 Fed.Regis. 3935, then the manufacturer has no incentive ever to disclose risk information it may subsequently discover. Furthermore, the FDA's Preamble position would nullify its own regulations which place an affirmative duty upon drug manufacturers to revise a drug's label to include a warning 'as soon as there is reasonable evidence of an association of serious hazard with a drug...'"

*Barnhill*, slip op. at 10 (citations omitted).

*Barnhill* provides persuasive authority for rejecting summary judgment.

Also, in *Kelly, supra*, the trial court denied a motion for summary judgment which was based upon a federal preemption defense involving a different generic pharmaceutical drug manufactured by Teva Pharmaceuticals, U.S.A., Inc. Whereas the *Kelly* Court found there to be no conflict preemption, in part, because Teva never submitted a proposed label change, the Court recognized that where the FDA makes a determination and has considered and found a label change scientifically unsubstantiated, preemption applies. *Id.*, slip op. at 10. Under the reasoning of *Kelly*, even Merck's label change due to the VIGOR study would not support a finding of preemption as the FDA itself recognized that a stronger label was scientifically substantiated. Therefore, only when the FDA rejects a label, as opposed to approving a minimally effective label, is there a potential for conflict preemption. As that is not the case for Vioxx, *Kelly* provides persuasive

authority for denying Merck's motion for summary judgment.

Finally, in *Watters v. Wachovia Bank*, the Supreme Court addressed the extent of a national bank's incidental authority under the National Bank Act to do business through operating subsidiaries. This issue was brought to the forefront due to a regulation issued in 2006 by the Office of Controller of Currency ("OCC"), to the effect that subsidiaries of national banks are exempt from state law to the same extent as a parent national bank. 12 C.F.R. §7.4006 (2006). While the majority found the issue of deference to the agency to be "academic" due to its interpretation of the National Bank Act, *Id*. 127 S.Ct. at 1572, the dissent (Justices Stevens, Roberts and Scalia) found that the OCC had no authority to issue a regulation authorizing preemption. *Id.* at 1582. The dissent's analysis began by noting that "Congress knows how to authorize executive agencies to preempt state laws. It has not done so here." *Id.*[1] The dissent further criticized the OCC's effort to regulate preemption by stating:

> No case from this court has ever applied such a deferential standard to an agency decision that could so easily disrupt the federal-state balance. To be sure, expert agency opinions as to which state laws conflict with a federal statute may be entitled to "some weight, especially when "the subject matter is technical" and "the relevant history and background are complex and extensive." But "[u]nlike Congress, administrative agencies are clearly not designed to represent the interests of States, yet with relative ease they can promulgate comprehensive and detailed regulations that have broad preemption and detailed regulations that have broad preemption ramifications for state law." For that reason, when an agency purports to decide the scope of federal preemption, a healthy respect for state sovereignty calls for something less than *Chevron* deference.

*Id*. at 1584 (citations omitted).

*Watters v. Wachovia Bank* also provides persuasive authority supporting plaintiff's

---

[1] The same reasoning applies to the FDA. Whereas Congress authorized express preemption under the Medical Device Amendments Act of 1978, 21 U.S.C. §360k, no such authority was provided for pharmaceutical drugs.

opposition to Merck's motion for summary judgment.

Plaintiffs respectfully request that this Court consider these opinions when ruling upon the instant motion.

                                                Respectfully submitted,

                                                **PLAINTIFFS' STEERING COMMITTEE**

Date: May 2, 2007                              By: /s/ Leonard A. Davis
                                                      **Russ M. Herman (Bar No. 6819)**
                                                      Leonard A. Davis (Bar No. 14190)
                                                      Stephen J. Herman (Bar No. 23129)
                                                      ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                                      820 O'Keefe Ave.
                                                      New Orleans, Louisiana 70113
                                                      Telephone: (504) 581-4892
                                                      Facsimile: (504) 561-6024

                                                      **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA  71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA  92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC  20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028  (telecopier) |

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

| | |
|---|---|
| Kathryn A. Snapka, Esquire<br>SNAPKA, TURMAN & WATERHOUSE LLP<br>606 N. Carancahua, Suite 1511<br>P.O. Drawer 23017<br>Corpus Christi, TX  78403<br>(361) 888-7676 (telephone)<br>(361) 884-8545 (telecopier) | Zollie C. Steakley<br>TX State Bar No. 24029848<br>MS State Bar No. 100517<br>Attorney for Plaintiffs<br>CAMPBELL~CHERRY~HARRISON~<br> DAVIS~DOVE, P.C.<br>P.O. Drawer 21387<br>Waco, Texas 76702<br>(254) 761-3300 (telephone)<br>(254) 761-3301 (telecopier) |

**Counsel for Plaintiff Gomez**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 2nd day of May, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Ave.
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com