UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  VIOXX | : | |
| | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| *This document relates to All Actions and* | : | JUDGE FALLON |
| *Nos. 2:05-cv-547 and 2:05-cv-544* | : | MAG. JUDGE KNOWLES |
| | : | |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' STEERING COMMITTEE'S RENEWED
MOTION TO IMPLEMENT PROCEDURE FOR RAPID REMAND

**I.    INTRODUCTION**

A year ago, the Plaintiffs' Steering Committee moved this Court to implement a procedure to remand three cases that the PSC determined to be near "trial ready" for trials outside of the Eastern District of Louisiana.  The PSC's motion to implement procedure for rapid remand examined the relative merits of obtaining jury trial verdicts from transferor jurisdictions.  At the time, Merck protested on the grounds that core discovery was still ongoing in the MDL, that the cases were not "trial ready", and that early remand of the cases would undermine the MDL trial selection process.  At the Court's regularly scheduled status conference, on April 27, 2006, the Court denied the PSC's motion.

In its April 27, 2006 Minute Entry, the Court explained its decision to deny the motion for immediate remand.  The Court stated that it was awaiting the results of trials already scheduled. Specifically, this Court held, "The Court indicated that it desires to try the four scheduled cases before ruling on any remand motions.  As such, it is ordered that the PSC's motion to implement

1

procedure is denied." *In re Vioxx Products Liability Litigation*, MDL 1657, Minute Entry at 12 (E.D.La. Apr. 27, 2006).

In the intervening twelve months since this Court's April 27, 2006 Minute Entry, all of the anticipated test case trials have been conducted. In addition, each of the three conditions comprising Merck's opposition have been met. Surpassing these milestones suggests that the issue of remands may now be revisited.

Outside of the MDL, Merck continues to assert that it will try every case to verdict before paying a penny to any individual litigant. Merck's litigation posture makes any delay in scheduling the trials Merck insists upon untenable. Time is fleeting. Injured claimants deserve the just speedy and in expensive determination of their claims promised to them by Fed.R.Civ.P. 1.

Under these circumstances, the PSC submits that its renewed motion to implement a procedure for rapid remand is now ripe and should be granted.

## II. FACTUAL BACKGROUND

The PSC proposes that suggestions of remand immediately issue for two actions that would have gone to verdict by now, but for their transfer to the MDL: *Pikul v. Merck*, No. H-03-3656 (S.D.Tex) and *Stubblefield v. Merck & Co., Inc.*, No. H-02-3139 (S.D.Tex.).[1] These cases involve 56 and 37-year-old decedents who suffered fatal myocardial infarctions after ingestion of 50 milligrams of Vioxx.

Keith Jerome Stubblefield, 37, was prescribed Vioxx, 50 mg on February 6, 2001 for headaches, an off-label indication. On March 17, 2001, he suffered a fatal acute myocardial infarction. Mr. Stubblefield is survived by his wife and 4 children. The Stubblefields filed their

---

[1] The MDL Docket Nos. for these actions are 2:05-cv-547 and 2:05-CV-544, respectively.

lawsuit originally on May 2, 2002, in Brazoria County, Texas. Merck removed the case to the Southern District of Texas, where it was assigned to the Honorable Vanessa Gilmore in the Houston Division ("Houston Division").

While before Judge Gilmore, that court, on November 8, 2004, denied Merck's Motion to Stay to the action pending transfer because discovery was completed. *See Stubblefield v. Merck & Co., Inc.* (S.D.Tex. Nov. 8, 2004)[Attached hereto as Exhibit "A"]. Discovery in the Stubblefield case was completed and motions for summary judgment were briefed and pending. Plaintiff and Merck Profile forms in the MDL are completed.

Paul Pikul was initially prescribed Vioxx for gout, an off-label indication. His Vioxx dosage was increased to 25 mg twice daily thereafter and on January 22, 2002, Mr. Pikul was prescribed Vioxx, 50 mg. tablets once per day. On June 13, 2002, Mr. Pikul died at home. The autopsy concluded the cause of death was a blood clot in his heart that led to a fatal myocardial infarction.

Thereafter, the Pikul case was timely filed in the Probate Court of Harris County, Texas on May 29, 2003, and was removed to federal court by Merck on September 11, 2003. On November 7, 2003, the Honorable Lynn Hughes denied Plaintiff's Motion to Remand and retained jurisdiction over the Pikul action in the Houston Division, until transferred to the MDL.
On December 1, 2004, Judge Hughes stayed the Pikul action pending transfer to the MDL.

Nevertheless, general documents and pharmacy records were discovered and depositions were taken of the Independent Executor of the Estate, Thomas Pikul, and the prescribing physician, Dr. Stayton Halberdier. A Plaintiff Profile Form was completed by Plaintiff and a Merck Profile form by Merck.

Because Merck refused to try Pikul as an instructive case and was allowed to strike Pikul unilaterally in the trial process in the MDL, the Pikul family has been without their day in Court.

3

The PSC requested remand of this cause in their initial motion for a procedure for rapid remand. This Court denied remand pending the resolution of the four trial cases. That being accomplished, remand is again requested.

## III.  ARGUMENT

Multidistrict litigation is governed by 28 U.S.C. §1407(a), which states:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however*, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Section 1407(a) "imposes two limitations on the kinds of proceedings that the transferee court may conduct: they must be (1) coordinated or consolidated and (2) pretrial." *In re Patenaude*, 210 F.3d 135, 142 (3d Cir. 2000).  Now that the coordinated pretrial proceedings in this MDL have largely been accomplished since the February 16, 2005 transfer order of the JPML, *In re Vioxx Products Liability Litigation*, 360 F.Supp. 2d 1352 (J.P.M.L. 2005), it is time to consider the dissolution of the MDL.

Since *Lexecon Inc. v. Milberg, Weiss, Hynes & Lerach*, 523 U.S. 26 (1988), was decided, the MDL practice of self-referral of cases (i.e., the transfer of an action under 28 U.S.C. §1404 by the transferee judge to the transferee forum) is no longer tolerated.  *See generally In re Propulsid Products Liability Litigation*, 208 F.R.D. 133, 141 (E.D.La. 2002)(master complaints may not be

4

used "frustrate the intended effect" of §1407 by substituting the original venues with that of the transferee forum); *Abbott Laboratories v. CVS Pharmacy, Inc.*, 290 F.3d 854, 856 n. 1 (7th Cir. 2002)("Any effort to move venue without Revco's consent would violate the holding of *Lexecon*"); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002)("Once [pretrial proceedings] have been completed, the cases must be returned to the originating districts for decision on the merits."). Given Merck's intransigent litigation posture, remand of actions for trial presents the only approach available to advance the ultimate disposition of the thousands of cases on the MDL docket. To initiate such a process, the rules dictate that this Court should issue a suggestion of remand of trial-ready actions to their originating transferor forums.

Existing MDL procedures addressing the remand of cases "indicate that the power to remand a transferred case to the transferor court lies with the Panel, not the transferee district judge." *In re Roberts*, 178 F.3d 181, 184 (3d Cir. 1999). This Court's judgment regarding remand exerts an extraordinary influence on the Panel's determination regarding remand. JPML Rule 7.6(c) states that one means to stimulate the Panel's consideration of remand is by "suggestion of the transferee district court". The JPML rules further provide that, "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." JPML Rule 7.6(d). As a consequence, the Panel would afford this Court's suggestion of remand of Mr. Pikul and Mr. Stubblefield's cases "great weight" and deference. *In re Patenaude*, 210 F.3d at 141 (denying mandamus petition of Panel's determination not to remand where movants failed to request suggestion of remand from the transferee district court).

The fact that the *Pikul* and *Stubblefield* cases that the PSC proposes for rapid remand require virtually no case specific discovery strongly favors a suggestion of remand. The legislative history

of §1407 is replete with an understanding that there may be a need for localized discovery subsequent to the Panel's remand. *See In re Patenaude*, 210 F.3d at 145 ("The House Report states that the committee recognizes that in most cases there will be a need for local discovery proceedings to supplement coordinated discovery proceedings, and that consequently remand . . . for this purpose is desirable."), *quoting*, Multidistrict Litigation: Hearings Before the Subcommittee on Improvements in Judicial Machinery of the Committee of the Judiciary, 89th Cong. 56 (1966); H.R.Rep. No. 1130, 1968 U.S.C.C.A.N at 1901-02. *See also* Manual for Complex Litigation Third §31.133 at 255 (1995)("In some cases, remands have been ordered relatively early, while substantial discovery remained to be done..."). Even the test cases tried within this district required limited case specific discovery before they were truly trial ready. Nevertheless they went to trial and verdict. These cases are in as strong a procedural posture.

   MDL No. 1657 is aging. As it matures, the MDL reaches the point where there are diminishing returns for the cases remaining on the docket in terms of new discoveries of evidence or other trial materials. Each person on the docket claims to have been personally injured by a drug proven to be so dangerous that its withdrawal from marketing was self-evident. Their claims are aging, as is their memory and the evidence supporting their claims. Because there is little left remaining to be discovered in the MDL, the time has come to let these cases leave their MDL roost and leave them to their fate in their originating forums.

### III. CONCLUSION

For the reasons set forth above, the PSC's Renewed Motion to Implement Procedure for Rapid Remand should be granted.

                                                   Respectfully submitted,

                                                   **PLAINTIFFS' STEERING COMMITTEE**

Date: May 2, 2007                          By:/s/ Leonard A. Davis
                                                   **Russ M. Herman (Bar No. 6819)**
                                                   Leonard A. Davis (Bar No. 14190)
                                                   Stephen J. Herman (Bar No. 23129)
                                                   *Herman, Herman, Katz & Cotlar, L.L.P.*
                                                   820 O'Keefe Ave.
                                                 New Orleans, Louisiana 70113
                                                 Telephone: (504) 581-4892
                                                 Facsimile: (504) 561-6024

                                               **PLAINTIFFS' LIAISON COUNSEL**

| | |
|---|---|
| Andy D. Birchfield, Jr., Esquire | Christopher A. Seeger, Esquire |
| Leigh O'Dell, Esquire | SEEGER WEISS |
| BEASLEY, ALLEN, CROW, METHVIN, | One William Street |
| PORTIS & MILES, P.C. | New York, NY 10004 |
| P.O. Box 4160 | (212) 584-0700 (telephone) |
| 234 Commerce Street | (212) 584-0799 (telecopier) |
| Montgomery, AL 36103-4160 | **Co-Lead Counsel** |
| (800) 898-2034 (telephone) | |
| (334) 954-7555 (telecopier) | Gerald E. Meunier, Esquire |
| **Co-Lead Counsel** | GAINSBURGH, BENJAMIN, DAVID, |
| |   MEUNIER & WARSHAUER, L.L.C. |
| Richard J. Arsenault, Esquire | Energy Centre |
| NEBLETT, BEARD & ARSENAULT | 1100 Poydras Street, Ste. 2800 |
| 2220 Bonaventure Court, P.O. Box 1190 | New Orleans, LA 70163 |
| Alexandria, LA 71301-1190 | (504) 522-2304 (telephone) |
| (318) 487-9874 (telephone) | (504) 528-9973 (fax) |
| (318) 561-2591 (telecopier) | |
| | Troy Rafferty, Esquire |

LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 2nd day of May, 2007.

            /s/ Leonard A. Davis
            Leonard A. Davis (Bar No. 14190)
            ***Herman, Herman, Katz & Cotlar, LLP***
            820 O'Keefe Ave.
            New Orleans, LA 70113
            PH: (504) 581-4892
            FAX: (504) 561-6024
            ldavis@hhkc.com