UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKIE ROBERTS and JACKIE AMMONS, PLAINTIFFS C0-Executrixes of the Estate of MARY ROBERTS, Deceased, Plaintiffs, VS. MERCK & CO., INC., JEANNA DAMPIER and DOES 1-5, Defendants. | CAUSE NO. 07-2007[1] JURY TRIAL DEMAND |

## PLAINTIFFS' MOTION TO REMAND

COME NOW Vickie Roberts and Jackie Ammons, plaintiffs in the above-styled and numbered cause, by and through their attorneys of record, and file their Motion to Remand this action to the Circuit Court of Montgomery County, Mississippi, from which it was improvidently removed by Merck & Co., Inc., and in support thereof would respectfully show unto the Court the following facts, to-wit:

### PROCEDURAL HISTORY

1. This action was filed by Vickie Roberts and Jackie Ammons, as Co-Executors of the Estate of Mary Roberts, Dec. in the Circuit Court of Montgomery County, Mississippi against Merck & Company, Inc. ("Merck"), Jeanna Dampier ("Dampier"), and John Does 1 - 5 on February 16, 2007. At the time of Mary Roberts death, she was an adult resident citizen of Montgomery County, Mississippi and her Last Will and Testament is being

---

[1] Plaintiffs' Motion to Remand was previously filed in the United States District Court for the Northern District of Mississippi; Civil Action No.: 3:07CV034-M-A

probated in the Chancery Court of Montgomery County, Mississippi in cause number 06-1-0003PL. The plaintiffs alleged that Jeanna Dampier was and is an adult resident citizen of the State of Mississippi and that Merck was a New Jersey corporation, whose principal place of business is located in the State of New Jersey and not in any other state. The plaintiffs specifically alleged in the Complaint that no assertion by any party of federal diversity jurisdiction would be proper in that one of the plaintiffs is a resident citizen of the State of Mississippi and defendant Dampier is a resident of the State of Mississippi. (Complaint, ¶ 5(b)(3)) A copy of the original Complaint is attached hereto, marked "Exhibit 1."

2. The process of the Circuit Court of Montgomery County, Mississippi, was issued for the defendants on February 16, 2007. Merck was served with Summons with a copy of the Complaint attached on February 16, 2007. ("Exhibit 2" attached hereto). Dampier was served with Summons with a copy of the Complaint attached on March 6, 2007. ("Exhibit 3" attached hereto).

3. Merck filed its Notice of Removal on March 8, 2007. (Notice of Removal, "Exhibit 4"; Civil Cover Sheet, "Exhibit 5," and ECF Notice, "Exhibit 6.")

4. In its Notice of Removal, Merck claims that this Court has original jurisdiction of this action pursuant to the provisions of 28 *U.S.C.*, § 1332 in that all properly joined and served parties are of diverse citizenship to the plaintiffs and the amount in controversy

exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. (Notice of Removal, § II, ¶ 11 - 15)[2]

5.  Merck filed its Answer and Defenses to the Complaint in this Court on March 9, 2007.

6.  Plaintiffs now file this their Motion to Remand.

## BASIS FOR REMAND

7.  This action should be remanded since there is no federal matter jurisdiction over this action due to the lack of complete diversity of citizenship between all plaintiffs and all defendants. 28 *U.S.C.* 1332.

8.  Vickie Roberts was and is a resident and citizen of the State of Mississippi, residing in Montgomery County, Mississippi, and not domiciled in any other state. Jackie Ammons was and is a resident and citizen of the State of Georgia, residing in Mableton, Georgia, and not domiciled in any other state.) At the time of Mary Robert's death, she was an adult resident citizen of the State of Mississippi. Vickie Roberts and Jackie Ammons, as the legal representatives of the estate of Mary Roberts, Dec., have brought claims for personal injuries arising from their Mother, Mary Robert's intake of the drug, Vioxx® for a sustained period of time, resulting in a heart attack and damages resulting therefrom.

---

[2] Merck's claim of complete diversity is based on its allegation that, even though Dampier is a non-diverse defendant to the plaintiffs, diversity exists nonetheless because Dampier was improperly joined in this cause and, therefore, the non-diverse defendant's Mississippi residence should not be considered for purposes of diversity jurisdiction under 28 *U.S.C.*, § 1332.

Merck was the manufacturer and seller of the Vioxx® which Mary Roberts was prescribed and took.

9. The plaintiffs filed their Complaint in this matter on February 16, 2007, against Merck, a corporate resident of the State of New Jersey with its principal place of business located therein and in no other state, and Dampier, an adult resident citizen of the State of Mississippi domiciled therein, who was employed by Merck in the capacity of a drug representative.

10. Merck's assertion of improper joinder of Dampier is that the Plaintiffs' claims require that Dampier made misrepresentations and/or omissions of fact directly to Mary Roberts. This argument fails pursuant to Mississippi law. A medical sales representative such as Dampier can be held liable for misrepresentations and/or omissions of fact directly to a patient's treating physician where it can be shown that the sales representative participated directly, personally, and/or actively in the alleged tortious conduct raised in the Complaint. *Wyeth Labs, Inc., v. Fortenberry*, 530 So.2d 988 (Miss. 1988); *Walker v. Medtronic, Inc.*, 203 WL 21517997 (N. D. Miss., June 4, 2004).

11. The allegations of the plaintiffs' Complaint against Dampier are sufficient to withstand a Rule 12(b)(6) Motion; therefore, a reasonable possibility exists that the plaintiffs might be able to recover against Dampier under Mississippi Law. *Michael A. Catchot, et al. v. Nationwide Insurance Company*, U.S.D.C., S.D. Miss., Case No. 1:06cv0067-LTS, decided November 14, 2006.

12. The allegations against Dampier contained in the Complaint are sufficient to demonstrate that the Plaintiffs have alleged a recognized cause of action upon which, under some set of facts, they might be able to prevail under state law.

13. The Plaintiffs specifically deny all allegations asserted in defendant's Notice of Removal.

14. The Plaintiffs submit herewith their Memorandum of Law in support of their Motion to Remand based upon the absence of federal subject matter jurisdiction based upon diversity of citizenship.

WHEREFORE, Vickie Roberts and Jackie Ammons, as Co-Executors of the Estate of Mary Roberts, Dec., move the Court to enter an Order remanding this action to the Circuit Court of Montgomery County, Mississippi, from which this action was improvidently removed.

DATED: May 3, 2007.

                          DRUG LITIGATION LIABILITY GROUP, PLLC

By:   s/William Liston
        s/ Alan D. Lancaster
        WILLIAM LISTON (MB # 1277)
        ALAN D. LANCASTER (MB # 1792)
        126 North Quitman Avenue
        Post Office Box 645
        Winona, MS 38967

        ATTORNEYS FOR PLAINTIFFS

OF COUNSEL TO RECEIVE
PLEADINGS:

William Liston (MB # 1277)
Alan D. Lancaster (MB # 1792)
LISTON/LANCASTER, PLLC
126 North Quitman Avenue
Post Office Box 645
Winona, MS 38967
Tel:   662/283-2132
Fax:   662/283-3742
E-Mail: biliston@listonlancaster.com
E-Mail: dlancaster@listonlancaster.com

Mary E. McAlister (MB # 2170)
DAVID H. NUTT & ASSOCIATES, P.C.
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157
Tel:   601/898-7302
Fax:   601/898-7304
E-Mail:   mcalister@davidnutt.com

C. Victor Welsh III (MB # 7107)
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
410 South President Street (39201)
Post Office Box 22985
Jackson, MS 39225-2985
Tel:   601/948-6200
Fax:   601/948-6187
E-Mail:   vcs@pgrwlaw.com

## **CERTIFICATE OF SERVICE**

I, Alan D. Lancaster, one of the attorneys for the plaintiffs herein, do hereby certify that on May 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which also sent notification of such filing to the following:

Christye D. Jones, Esquire
Charles C. Harrell, Esquire
Anita Modak-Truran, Esquire
J. Kennedy Turner III, Esquire
Alyson B. Jones, Esquire
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
17th Floor, AmSouth Plaza
210 East Capitol Street
Post Office Box 22567
Jackson, MS 39225
Phone: 601-948-5711
Fax: 601-985-4500
    Counsel for Defendants

Russ M. Herman
Leonard A. Davis
Herman, Katz & Collar, LLP
829 O'Keefe Avenue
New Orleans, LA 70113
Phone: 504-581-4892
Fax: 504-561-6024
    Plaintiffs' Liason Counsel

Phillip A. Wittman
Dorothy H. Wimberly
Stone, Pigman, Walther, Wittman, L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, LA 70809
Phone: 225-490-8900
Fax: 228- 490-8960
    Defendants' Liason Counsel

                        s/Alan D. Lancaster
                        ALAN D. LANCASTER