# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Cheryl D. Ailer, etc., el al., vs. Merck & Co.,* | * | |
| *Inc., etc.,* | * | |
| (E.D. La. Index No. CA- 07-11009-L) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, answers the First

Amended Complaint herein as follows:

## RESPONSE TO THE PARTIES. THE PLAINTIFFS

1.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the First Amended Complaint.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 2 of the First Amended Complaint.

3.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 3 of the First Amended Complaint.

4.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 4 of the First Amended Complaint.

5.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 5 of the First Amended Complaint.

6.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 6 of the First Amended Complaint.

7.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the First Amended Complaint.

8.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the First Amended Complaint.

9.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the First Amended Complaint.

10.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the First Amended Complaint.

11.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the First Amended Complaint.

12.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the First Amended Complaint.

13.      Denies each and every allegation contained in paragraph 13 of the First Amended Complaint except admits that Merck is a foreign corporation with its principal place of business at One Merck Drive, White House Station, New Jersey 08889.

14.      Denies each and every allegation contained in paragraph 14 of the First Amended Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

15.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the First Amended Complaint except admits that Merck is a New Jersey corporation with its principal place of business in White House Station, New Jersey.

871542v.1

16.     Denies each and every allegation contained in paragraph 16 of the First Amended Complaint except admits that Merck is authorized to do business in the States of Florida, Georgia and California.

17.     Denies each and every allegation contained in paragraph 17 of the First Amended Complaint except admits that Merck is authorized to do business in the States of Florida, Georgia and California and that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

18.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the First Amended Complaint that Cheryl D. Ailer's ("Ms. Ailer's") ingestion of Vioxx occurred in Georgia, but denies that Ms. Ailer's minor son, Louis McCoy, Jr., was harmed as a result of Ms. Ailer's alleged ingestion of Vioxx, in Georgia or elsewhere.

19.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the First Amended Complaint that Clara F. Brown's ("Ms. Brown's") ingestion of Vioxx occurred in Georgia, but denies that Ms. Brown was harmed as a result of her alleged ingestion of Vioxx, in Georgia or elsewhere.

20.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the First Amended Complaint that Joseph J. Morgese's ("Mr. Morgese's") ingestion of Vioxx occurred in Florida, but denies that Mr. Morgese was harmed as a result of his alleged ingestion of Vioxx, in Florida or elsewhere.

21.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the First Amended Complaint that

871542v.1

Elwood M. Parkerson's ("Mr. Parkerson's") ingestion of Vioxx occurred in Florida, but denies that Mr. Parkerson was harmed as a result of his alleged ingestion of Vioxx, in Florida or elsewhere.

22.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the First Amended Complaint that Eileen E. Rains's ("Ms. Rains's") ingestion of Vioxx occurred in California, but denies that Ms. Rains was harmed as a result of her alleged ingestion of Vioxx, in California or elsewhere.

23.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the First Amended Complaint that Bryan Lee Roberts's ("Mr. Robert's") ingestion of Vioxx occurred in Florida, but denies that Mr. Roberts was harmed as a result of his alleged ingestion of Vioxx, in Florida or elsewhere.

## RESPONSE TO VENUE

24.     Denies each and every allegation contained in paragraph 24 of the First Amended Complaint except admits that Merck is authorized to do business in the States of Florida, Georgia and California.

25.     Denies each and every allegation contained in paragraph 25 of the First Amended Complaint except admits that Merck is authorized to do business in the States of Florida, Georgia and California and that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the First Amended Complaint that Ms. Ailer's ingestion of Vioxx occurred in Pitts, Georgia, but denies that Ms. Ailer's minor son,

871542v.1

Louis McCoy, Jr., was harmed as a result of Ms. Aileer's alleged ingestion of Vioxx, in Pitts, Georgia or elsewhere.

27.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the First Amended Complaint that Ms. Brown's ingestion of Vioxx occurred in Albany, Georgia, but denies that Ms. Brown was harmed by her alleged ingestion of Vioxx, in Albany, Georgia or elsewhere.

28.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the First Amended Complaint that Mr. Morgese's ingestion of Vioxx occurred in Sarasota, Florida, but denies that Mr. Morgese was harmed as a result of his alleged ingestion of Vioxx, in Sarasota, Florida or elsewhere.

29.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the First Amended Complaint that Mr. Parkerson's ingestion of Vioxx occurred in Cocoa Beach, Florida, but denies that Mr. Parkerson was harmed as a result of his alleged ingestion of Vioxx, in Cocoa Beach, Florida or elsewhere.

30.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the First Amended Complaint that Ms. Rains's ingestion of Vioxx occurred in Ahwahnee, California, but denies that Ms. Rains was harmed as a result of her alleged ingestion of Vioxx, in Ahwahnee, California or elsewhere.

31.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the First Amended Complaint that Mr. Robert's ingestion of Vioxx occurred in Miami-Dade County, Florida, but denies that Mr. Roberts was harmed as a result of his alleged ingestion of Vioxx, in Miami-Dade County, Florida or elsewhere.

871542v.1

32.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the First Amended Complaint that Mr. Pulley's ingestion of Vioxx occurred in McClellandtown, Pennsylvania, but denies that Mr. Pulley was harmed as a result of his alleged ingestion of Vioxx, in McClellandtown, Pennsylvania, or elsewhere.

33.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the First Amended Complaint.

## RESPONSE TO VIOXX FACTS

34.     Denies each and every allegation contained in paragraph 34 of the First Amended Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is its trade name for rofecoxib.

35.     Denies each and every allegation contained in paragraph 35 of the First Amended Complaint except admits that on November 23, 1998, Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and text.

36.     Denies each and every allegation contained in paragraph 36 of the First Amended Complaint except admits that on November 23, 1998, Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and text.

37.     Denies each and every allegation contained in paragraph 37 of the First Amended Complaint except admits that Merck sought, and on May 20, 1999, received approval

-6-

from the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses.

38.     Denies each and every allegation contained in paragraph 38 of the First Amended Complaint except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

39.     Denies each and every allegation contained in paragraph 39 of the First Amended Complaint and avers that in March 2000, Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and text.

40.     Denies each and every allegation contained in paragraph 40 of the First Amended Complaint except admits that Plaintiffs purport to refer to the VIGOR study and respectfully refers the Court to that study for its actual language and text.

41.     Denies each and every allegation contained in paragraph 41 of the First Amended Complaint except admits that the VIGOR study involving Vioxx exists and that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.  Merck respectfully refers the Court to the referenced study for its actual conclusions and full text.

871542v.1

42.     Denies each and every allegation contained in paragraph 42 of the First Amended Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

43.     Denies each and every allegation contained in paragraph 43 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to that study for its actual language and full text.  Merck further avers that patients administered rofecoxib (Vioxx) in the referenced study experienced significantly reduced pain at night compared to patients administered celecoxib and acetaminophen (Tylenol).

44.     Denies each and every allegation contained in paragraph 44 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to that study for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 45 of the First Amended Complaint except admits that the referenced study exists and that Plaintiffs appear to have accurately quoted Dr. Whelton and respectfully refers the Court to the referenced study and presentation for their actual language and full text.

46.     Denies each and every allegation contained in paragraph 46 of the First Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to that publication for its actual language and text.

47.     Denies each and every allegation contained in paragraph 47 of the First Amended Complaint except admits that Merck contracted with Dr. Holt to give promotional audio conferences for Vioxx.

48.     Denies each and every allegation contained in paragraph 48 of the First Amended Complaint except admits that Merck received a letter from Spencer Salis of DDMAC

871542v.1

in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 49 of the First Amended Complaint.

50.     Denies each and every allegation contained in the first sentence of paragraph 50 of the First Amended Complaint except admits that audio conferences regarding Vioxx were conducted by Dr. Holt on June 8, 2000, June 13, 2000, June 16, 2000, and June 21, 2000. Denies each and every allegation contained in the second sentence of said paragraph except admits that Plaintiffs purport to refer to a particular document and respectfully refers the Court to that document for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 51 of the First Amended Complaint except admits that on December 12, 2000 Merck received a letter from a FDA regulatory officer and respectfully refers the Court to that letter for its actual language and full text.

52.     Denies each and every allegation contained in paragraph 52 of the First Amended Complaint except admits that on January 5, 2001 Merck sent a letter to the FDA and respectfully refers the Court to that letter for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the First Amended Complaint except admits the existence of the referenced memorandum and respectfully refers the Court to said memorandum for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the First Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to that publication for its actual language and full text.  Merck further admits that Dr.

Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for the VIGOR trial.

55.     Denies each and every allegation contained in paragraph 55 of the First Amended Complaint except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 56 of the First Amended Complaint except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

57.     Denies each and every allegation contained in the first sentence of paragraph 57 of the First Amended Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.  Denies each and every allegation contained in the second sentence of said paragraph except admits that Plaintiffs purport to selectively quote the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 58 of the First Amended Complaint except admits that the referenced journal and article contained therein exist and respectfully refers the Court to the referenced article for its actual content and text.

59.     Denies each and every allegation contained in paragraph 59 of the First Amended Complaint except admits the existence of the Journal of the American Medical Association and article contained therein entitled "Risk of Cardiovascular Events Associated With Selective COX-2 Inhibitors" and respectfully refers the Court to the referenced article for its actual language and full text.

871542v.1

60.     Denies each and every allegation contained in paragraph 60 of the First Amended Complaint except admits that Plaintiffs purport to selectively quote the referenced article and respectfully refers the Court to that article for its actual content and full text.

61.     Denies each and every allegation contained in paragraph 61 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

62.     Denies each and every allegation contained in paragraph 562of the First Amended Complaint except admits that Merck received a letter in September, 2001, from Thomas W. Abrams of the FDA's Division of Drug Marketing, Advertising and Communications ("DDMAC") and respectfully refers the Court to that letter for its actual language and full context.

63.     Denies each and every allegation contained in paragraph 63 of the First Amended Complaint except admits that Merck received a letter in September, 2001, from Thomas W. Abrams of the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 64 of the First Amended Complaint except admits that the referenced publication and article contained therein exist and respectfully refers the Court to the referenced article for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the First Amended Complaint except admits that the referenced publication and article contained therein exist and respectfully refers the Court to that article for its actual language and full text.

871542v.1

66.     Denies each and every allegation contained in paragraph 66 of the First Amended Complaint except admits that the referenced publication and article contained therein exist and respectfully refers the Court to that article for its actual language and full text.

67.     Denies each and every allegation contained in paragraph 67 of the First Amended Complaint except admits that the referenced journal and article contained therein exist and respectfully refers the Court to that article for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 66 of the First Amended Complaint except admits that the referenced journal and article contained therein exist and respectfully refers the Court to that article for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 67 of the First Amended Complaint except admits that the referenced journal and article contained therein exist and respectfully refers the Court to that article for its actual language and full text.

70.     Denies each and every allegation contained in paragraph 70 of the First Amended Complaint except admits that the referenced journal and article contained therein exist and respectfully refers the Court to that article for its actual language and full text.

71.     Denies each and every allegation contained in paragraph 71 of the First Amended Complaint except admits that the referenced journal and article exist and respectfully refers the Court to that article for its actual language and full text.

72.     Denies each and every allegation contained in paragraph 72 of the First Amended Complaint except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

871542v.1

73.     Denies each and every allegation contained in paragraph 73 of the First Amended Complaint.

74.     Denies each and every allegation contained in paragraph 72 except admits that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

75.     Denies each and every allegation contained in paragraph 75 of the First Amended Complaint except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

76.     Denies each and every allegation contained in paragraph 76 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

77.     Denies each and every allegation contained in paragraph 77 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 78 of the First Amended Complaint except admits that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

79.     Denies each and every allegation contained in paragraph 79 of the First Amended Complaint except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that on September 30, 2004, the FDA "acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the Court to the FDA's September 30, 2004 announcement.

871542v.1

80.     Denies each and every allegation contained in paragraph 80 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

81.     Denies each and every allegation contained in paragraph 81 of the First Amended Complaint except admits that the number of Vioxx users in the United States has been estimated at 20 million.

### RESPONSE TO FIRST BASIS FOR IMPOSING LIABILITY:
### STRICT LIABILITY IN TORT UNDER 402A

82.     Denies each and every allegation contained in paragraph 82 of the First Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

83.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the First Amended Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the First Amended Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the First Amended Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the First Amended Complaint.

87.     Denies each and every allegation contained in paragraph 85 of the First Amended Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the First Amended Complaint.

871542v.1

89.     Denies each and every allegation contained in paragraph 89 of the First Amended Complaint.

### RESPONSE TO SECOND BASIS FOR IMPOSING LIABILITY: STRICT LIABILITY IN TORT UNDER 402B

90.     Denies each and every allegation contained in paragraph 90 of the First Amended Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the First Amended Complaint.

### RESPONSE TO THIRD BASIS FOR IMPOSING LIABILITY:  NEGLIGENCE

92.     Denies each and every allegation contained in paragraph 92 of the First Amended Complaint.

93.     Denies each and every allegation contained in paragraph 94 of the First Amended Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the First Amended Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the First Amended Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the First Amended Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the First Amended Complaint.

98.     Denies each and every allegation contained in paragraph 98 of the First Amended Complaint.

871542v.1

99.     Denies each and every allegation contained in paragraph 99 of the First

Amended Complaint.

### RESPONSE TO FOURTH BASIS FOR IMPOSING LIABILITY:  BREACH OF IMPLIED WARRANTY

100.     The allegations contained in paragraph 100 of the First Amended Complaint are

legal conclusions to which no response is required.  If a response is required, Merck denies each

and every allegation contained in said paragraph and respectfully refers the Court to the

relevant legal standard, including any conflict of laws rules.

101.     Denies each and every allegation contained in paragraph 100 of the First

Amended Complaint.

102.     Denies each and every allegation contained in paragraph 102 of the First

Amended Complaint.

### RESPONSE TO FIFTH BASIS FOR IMPOSING LIABILITY:  BREACH OF EXPRESS WARRANTY

103.     Denies each and every allegation contained in paragraph 103 of the First

Amended Complaint.

104.     Denies each and every allegation contained in paragraph 104 of the First

Amended Complaint.

105.     Denies each and every allegation contained in paragraph 105 of the First

Amended Complaint.

### RESPONSE TO "J. LOUIS L. McCOY, JR.'S PERSONAL INJURY CLAIM

106.     Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 106 of the First Amended Complaint.

107.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the First Amended Complaint.

108.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the First Amended Complaint as to statements allegedly made by Ms. Ailer's treating physicians, but expressly denies that Louis L. McCoy, Jr.'s injuries are the result of Ms. Ailer's alleged ingestion of Vioxx.

109.     Denies each and every allegation contained in paragraph 109 of the First Amended Complaint.

110.     Denies each and every allegation contained in paragraph 110 of the First Amended Complaint.

111.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the First Amended Complaint, including subparts a – h, but expressly denies any implication that the alleged injuries or damages are the result of Ms. Ailer's alleged ingestion of Vioxx.

### RESPONSE TO CHERYL D. AILER'S LOSS OF THE COMPANY OF A NORMAL NATURAL CHILD AND OTHER RELATED CLAIMS

112.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the First Amended Complaint, including subparts a – g, but expressly denies any implication that the alleged injuries or damages are the result of Ms. Ailer's alleged ingestion of Vioxx.

### RESPONSE TO CLARA F. BROWN'S PERSONAL INJURY CLAIM

113.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the First Amended Complaint.

871542v.1

114.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the First Amended Complaint.

115.     Denies each and every allegation contained in paragraph 115 of the First Amended Complaint.

116.     Denies each and every allegation contained in paragraph 116 of the First Amended Complaint.

117.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the First Amended Complaint, including subparts a – h, but expressly denies any implication that the alleged injuries or damages are the result of Ms. Brown's alleged ingestion of Vioxx.

<b>RESPONSE TO CHARLIE BROWN'S LOSS OF CONSORTIUM<br>AND HOUSEHOLD SERVICES CLAIMS</b>

118.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the First Amended Complaint, including subparts a – d, but expressly denies any implication that the alleged injuries or damages are the result of Ms. Brown's alleged ingestion of Vioxx.

<b>RESPONSE TO JOSEPH J. MORGESE'S<br>PERSONAL INJURY CLAIM</b>

119.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the First Amended Complaint.

120.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the First Amended Complaint.

121.     Denies each and every allegation contained in paragraph 121 of the First Amended Complaint.

871542v.1

122.     Denies each and every allegation contained in paragraph 122 of the First Amended Complaint.

123.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the First Amended Complaint, including subparts a – f, but expressly denies any implication that the alleged injuries or damages are the result of Mr. Morgese's alleged ingestion of Vioxx.

**RESPONSE TO ANGELA M. MORGESE'S LOSS OF CONSORTIUM
AND HOUSEHOLD SERVICES CLAIM**

124.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the First Amended Complaint, including subparts a – d, but expressly denies any implication that the alleged injuries or damages are the result of Mr. Morgese's alleged ingestion of Vioxx.

**RESPONSE TO ELWOOD M. PARKERSON'S
PERSONAL INJURY CLAIM**

125.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the First Amended Complaint.

126.     Denies each and every allegation contained in paragraph 126 of the First Amended Complaint.

127.     Denies each and every allegation contained in paragraph 127 of the First Amended Complaint.

128.     Denies each and every allegation contained in paragraph 128 of the First Amended Complaint.

129.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the First Amended Complaint, including

871542v.1

subparts a – g, but expressly denies any implication that the alleged injuries or damages are the result of Mr. Parkerson's alleged ingestion of Vioxx.

**RESPONSE TO EILEEN E. RAINS'**
**PERSONAL INJURY CLAIM**

130.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the First Amended Complaint.

131.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the First Amended Complaint.

132.    Denies each and every allegation contained in paragraph 132 of the First Amended Complaint.

133.    Denies each and every allegation contained in paragraph 133 of the First Amended Complaint.

134.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the First Amended Complaint, including subparts a – g, but expressly denies any implication that the alleged injuries or damages are the result of Ms. Rains's alleged ingestion of Vioxx.

**RESPONSE TO PATRICK RAINS' LOSS OF CONSORTIUM**
**AND HOUSEHOLD SERVICES CLAIM**

135.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the First Amended Complaint, including subparts a – e, but expressly denies any implication that the alleged injuries or damages are the result of Ms. Rains's alleged ingestion of Vioxx.

871542v.1

## RESPONSE TO BRYAN LEE ROBERT'S [SIC] PERSONAL INJURY CLAIM

136.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the First Amended Complaint.

137.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the First Amended Complaint.

138.    Denies each and every allegation contained in paragraph 138 of the First Amended Complaint.

139.    Denies each and every allegation contained in paragraph 139 of the First Amended Complaint.

140.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 of the First Amended Complaint, including subparts a – f, but expressly denies any implication that the alleged injuries or damages are the result of Mr. Roberts's alleged ingestion of Vioxx.

## RESPONSE TO HAROLD ALLEN PULLEY'S PERSONAL INJURY CLAIM

141.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 of the First Amended Complaint.

142.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the First Amended Complaint.

143.    Denies each and every allegation contained in paragraph 143 of the First Amended Complaint.

144.    Denies each and every allegation contained in paragraph 144 of the First Amended Complaint.

871542v.1

145.    Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 145 of the First Amended Complaint, including

subparts a – f, but expressly denies any implication that the alleged injuries or damages are the

result of Mr. Pulley's alleged ingestion of Vioxx.

## RESPONSE TO STACEY ELIZABETH PULLEYS
## LOSS OF CONSORTIUM AND HOUSEHOLD SERVICES CLAIM

146.    Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 146 of the First Amended Complaint, including

subparts a – d, but expressly denies any implication that the alleged injuries or damages are the

result of Ms. Pulley's alleged ingestion of Vioxx.

## RESPONSE TO INTENTIONAL, RECKLESS AND/OR
## MALICIOUS CONDUCT

147.    Denies each and every allegation contained in paragraph 147 of the First

Amended Complaint.

## RESPONSE TO RELIEF REQUESTED

Plaintiffs' collective and individual ad damnum clauses, including all subparts, set forth

at pages 40 – 54 of the First Amended Complaint are not allegations and therefore no response is

required.  If a response is required, Merck denies each and every allegation contained therein

except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or

factual basis for the relief sought.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

148.  Each and every claim asserted or raised in the First Amended Complaint is barred

by the applicable statute of limitations, including but not limited to California Code of Civil

Procedure Sections 335.1 and 338 and former section 340(3), California Business and

871542v.1

Professions Code Section 17208, and California Civil Code Section 1783, and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

149.    The First Amended Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

150.    Each and every claim asserted or raised in the First Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

151.    If Plaintiffs has sustained injuries or losses as alleged in the First Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

152.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

153.    Plaintiffs' claims are barred, in whole or in part, by the First Amendment of the United States Constitution and similar provisions in applicable state constitutions, including but not limited to the Constitution of the State of California which protect, among other things, Merck's right to promote and advertise Vioxx.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

154.    If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, such injuries or losses were only so sustained after Plaintiffs Cheryl D. Ailer, Clara

871542v.1

F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E. Rains, Bryan Lee Roberts, and Harold Allen Pulley knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

155.   Plaintiffs' claims are barred, in whole or in part, by their failure to prevent or mitigate the damages claimed.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

156.   If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

157.   If Plaintiffs Cheryl D. Ailer, Clara F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E. Rains, Bryan Lee Roberts, and Harold Allen Pulley have sustained injuries or losses as alleged in the First Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs Cheryl D. Ailer, Clara F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E. Rains, Bryan Lee Roberts, and Harold Allen Pulley's misuse or abuse of Vioxx.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

158.   If Plaintiffs Cheryl D. Ailer, Clara F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E. Rains, Bryan Lee Roberts, and Harold Allen Pulley have sustained injuries or losses as alleged in the First Amended Complaint, such injuries or losses resulted from Plaintiffs Cheryl D. Ailer, Clara F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E.

Rains, Bryan Lee Roberts, and Harold Allen Pulley's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

159.   To the extent that Plaintiffs Cheryl D. Ailer, Clara F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E. Rains, Bryan Lee Roberts, and Harold Allen Pulley's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

160.   To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the First Amended Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

161.   To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the First Amended Complaint, such benefits are not recoverable in this action.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

162.   Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

163.   To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs Cheryl D. Ailer, Clara F. Brown, Joseph J. Morgese, Elwood M. Parkerson, Eileen E. Rains, Bryan Lee Roberts, and Harold Allen Pulley directly of alleged dangers

871542v.1

associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

164.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

165.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

166.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

167.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

168.    Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

169.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

170.    At no time material hereto was any product referred to in the First Amended Complaint defective or unreasonably dangerous.

871542v.1

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

171.    This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

172.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

173.    To the extent that Plaintiffs rely upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

174.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

175.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

176.    Merck is not guilty of negligence and violated no duty owing to Plaintiffs.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

177.    Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiffs' claims under state law and

871542v.1

pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

178.    Plaintiffs Cheryl D. Ailer, Charlie Brown, Angela M. Morgese, Patrick Rains, and Stacey Elizabeth Pulley's claims are barred, in whole or in part, because Plaintiffs Cheryl D. Ailer, Charlie Brown, Angela M. Morgese, Patrick Rain, and Stacey Elizabeth Pulley lack capacity or standing to bring such claims.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

179.    The provisions of California Civil Code Section 1431.2 are applicable to the First Amended Complaint and each cause of action therein.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

180.    In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company* and *American Motorcycle Association v. Superior Court*.  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

181.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the First Amended Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

871542v.1

## AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

182.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

## AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

183.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

184.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious under California Civil Code Section 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code Section 3294(b).

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALELGES:

185.    Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

186.    Plaintiffs' claims for injunctive relief are barred by the doctrine of primary jurisdiction.

## AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

187.    Plaintiffs' claims are not suitable for joinder.

871542v.1

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

188.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

189.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

190.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLGES:

191.     The claims of Plaintiffs may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:

192.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A FORTY-SIXTH DEFENSE, MERCK ALLEGES:

193.     The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A FORTY-SEVENTH DEFENSE, MERCK ALLEGES:

194.     The claims of Plaintiffs may be barred, in whole or in part, from recovery due to spoliation of evidence.

871542v.1

**AS FOR A FORTY-EIGHTH DEFENSE, MERCK ALLEGES:**

195.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

**AS FOR A FORTY-NINTH DEFENSE, MERCK ALLEGES:**

196.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A FIFTIETH DEFENSE, MERCK ALLEGES:**

197.     Plaintiffs have not sustained any injury or damages compensable at law.

**AS FOR A FIFTY-FIRST DEFENSE, MERCK ALLEGES:**

198.     Merck reserves its right to dismiss the First Amended Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

**AS FOR A FIFTY-SECOND DEFENSE, MERCK ALLEGES:**

199.     To the extent there were any risks associated with the use of Vioxx that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

Inasmuch as the First Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to Amend  and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' First Amended Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: May 3, 2007.              Respectfully submitted,

                                 */s/ Dorothy H. Wimberly*
                                 Phillip A. Wittmann, 13625
                                 Dorothy H. Wimberly, 18509
                                 Carmelite M. Bertaut, 3054
                                 STONE PIGMAN WALTHER WITTMANN L.L.C.
                                 546 Carondelet Street
                                 New Orleans, Louisiana 70130
                                 Phone: 504-581-3200
                                 Fax:    504-581-3361

                                 Defendant's Liaison Counsel

                                 Patricia E. Lowry
                                 John B. T. Murray, Jr.
                                 Catherine Whitfield
                                 SQUIRE, SANDERS & DEMPSEY L.L.P.
                                 1900 Phillips Point West
                                 777 South Flagler Drive
                                 West Palm Beach, FL 33401-6198
                                 Phone: 561-650-7200
                                 Fax:    561-655-1509

                                 *Attorneys for Defendant Merck & Co., Inc.*

-32-

871542v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to First Amended Complaint of

Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by

U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order

No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United

States District Court for the Eastern District of Louisiana by using the CM/ECF system which

will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657,

on this 3rd day of May, 2007.

> */s/ Dorothy H. Wimberly*
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

871542v.1