UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | VIOXX                                : | MDL NO. 1657 |
| | PRODUCTS LIABILITY LITIGATION : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**
All cases in which LOUIS M. SHERWOOD is named as a defendant (See attached list, Exhibit "A.")

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE OF DEFENDANT

I.   INTRODUCTION:

Louis M. Sherwood, M.D. was named as a defendant in the cases listed in Exhibit "A" hereto. Dr. Sherwood passed away on January 25, 2007 and his wife, Judy Sherwood is the representative of his estate for purposes of this substitution. (See Exhibits "B" and "C" previously attached hereto.)

Federal Rule of Civil Procedure 25 provides, in pertinent part:

> RULE 25. SUBSTITUTION OF PARTIES
> (a) Death.
> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for hte service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days

> after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Federal Rule of Civil Procedure 25(a)(1)

Counsel for Dr. Sherwood filed the Suggestion of Death on February 21, 2007 and thus, this action is timely.

The claims against Dr. Sherwood continue against his estate and the estate's representative. "A substituted party steps into the same position of the original party." *Ransom v. Brennan*, 437 F. 2d 513, 516 (C.A. Tex.1971).

> Under general principles of conflict of laws, whether a cause of action survives the death of the defendant is determined by the law of the jurisdiction in which the cause of action arose.

*Id.* at 520.

This action was filed in the United States District Court for the Eastern District of Pennsylvania. Under Pennsylvania law,

> the death of a party does not normally terminate an action, but that it may be continued against his estate, provided the personal representative of the deceased defendant is substituted.

*Gilberti v. Payne*, 459 Pa. 609, 611, 331 A. 2d 158, 159 (1975).

Counsel for Dr. Sherwood indicates that Judy Sherwood is "the representative of his estate for purposes of substitution under the relevant rules." (*See* Exhibit "C" previously attached hereto), as such, Plaintiffs respectfully request that such substitution be granted.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that Judy Sherwood be substituted for Louis M. Sherwood in the cases listed in Exhibit "A" hereto.

                Respectfully submitted by:

                KLINE & SPECTER
                *A Professional Corporation*

By: _____
      Thomas R. Kline, Esquire (28895)
      Lee B. Balefsky, Esquire (25321)
      Michelle L. Tiger, Esquire (43872)
      KLINE & SPECTER, P.C.
      1525 Locust Street, 19th floor
      Philadelphia, PA 19102
      ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Kline & Specter, P.C.'s Motion to Substitute Defendant has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis file & Serve advanced in accordance with PreTrial Order No. 8, on this 26th day of April, 2007.

*[signature]*

**MICHELLE L. TIGER, ESQUIRE**