**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L/3 |
| This document relates to Donald L. Simons | * | JUDGE FALLON |
| *v. Merck & Co., Inc., et al.*, | * | MAG. JUDGE KNOWLES |
| (E.D. La. Index No. 06-14300 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND JURY DEMAND OF DEFENDANT KEVIN BEDELL**

Defendant, Kevin Bedell ("Mr. Bedell"), through undersigned counsel, answers the

First Amended Complaint ("Complaint") herein as follows:

**RESPONSE TO "GENERAL ALLEGATIONS"**

1.      Denies each and every allegation contained in paragraph 1 of the Complaint

except admits that Plaintiff purport to seek damages in excess of $15,000.00, but denies that

there is any legal or factual basis for such relief.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint are not directed toward

Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies

each and every allegation contained in said paragraph except admits that Merck is a New Jersey

corporation with its principal place of business at One Merck Drive, Whitehouse Station, New

Jersey, and that Merck is authorized to do business in the State of Florida.

4.      The allegations contained in paragraph 4 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that the prescription medicine Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"); that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"); and that Vioxx is Merck's trade name for rofecoxib.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Mr. Bedell is currently employed by Merck.

7.      The allegations contained in paragraph 7 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

8.      The allegations contained in paragraph 8 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

9.      The allegations contained in paragraph 9 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

10.     The allegations contained in paragraph 10 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

11.     The allegations contained in paragraph 11 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that in May 1999 Merck received the approval of the United States Food and Drug Administration ("FDA") to manufacture, market and distribute the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses.  Mr. Bedell further admits that Merck is authorized to do business in the State of Florida.

12.     The allegations contained in paragraph 12 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

13.     The allegations contained in paragraph 13 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that Merck marketed the prescription medicine Vioxx and employed professional representatives to have product discussions concerning Vioxx with health care professionals.

872009v.1

14.     The allegations contained in paragraph 14 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to that study for its actual language and full text.

15.     The allegations contained in paragraph 15 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in the first sentence of said paragraph.  Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of said paragraph.

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits that Plaintiff purport to refer to the VIGOR study and respectfully refers the Court to that study for its actual language and full text.

17.     The allegations contained in paragraph 17 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

18.     The allegations contained in paragraph 18 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in the first sentence of said paragraph.  Mr. Bedell

872009v.1

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of said paragraph.

19.     The allegations contained in paragraph 19 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits that Plaintiff purport to selectively quote the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

20.     The allegations contained in paragraph 20 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits that Plaintiff purport to refer to ta particular letter, and respectfully refers the Court to that letter for its actual language and full text.

21.     The allegations contained in paragraph 21 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits that Plaintiff purport to refer to a particular letter, and respectfully refers the Court to that letter for its actual language and full text.

22.     The allegations contained in paragraph 22 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that Merck

872009v.1

manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

23.     The allegations contained in paragraph 23 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

24.     The allegations contained in paragraph 24 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

25.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 27 of the Complaint.  Denies each and every allegation contained in the second sentence of said paragraph.

28.     The allegations contained in paragraph 28 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that on September 30, 2004 Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market.

29.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

872009v.1

**RESPONSE TO COUNT I**
**STRICT LIABILITY AS TO MERCK & CO., INC.**

30.     With respect to paragraph 30 of the Complaint, Mr. Bedell hereby repeats and

realleges each and every admission, denial, averment and statement contained in paragraphs 1

through 29 of this Answer with the same force and effect as though set forth here in full.

31.     The allegations contained in paragraph 31 of the Complaint, including

subparagraphs a – e, are not directed toward Mr. Bedell and therefore no response is required.  If

a response is required, Mr. Bedell denies each and every allegation contained in said paragraph,

including subparts a – e.

32.     The allegations contained in paragraph 32 of the Complaint are not directed

toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in said paragraph.

33.     The allegations contained in paragraph 33 of the Complaint are not directed

toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed

toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell

denies each and every allegation contained in said paragraph.

35.     The allegations contained in paragraph 35 of the Complaint are not directed

toward Mr. Bedell and are legal conclusions and therefore no response is required.  If a response

872009v.1

is required, Mr. Bedell denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

36.     The allegations contained in paragraph 36 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

37.     The allegations contained in paragraph 37 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

38.     The allegations contained in paragraph 38 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to the allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

872009v.1

## RESPONSE TO "COUNT II
### NEGLIGENCE BY MERCK & CO., INC., KEVIN BEDELL, JOHN CUNNINGHAM, MOHANARAJAH NADARAJAH, TIFFANY NARDONE, AND <u>VAN R. WALKER, JR."</u>

41.     With respect to paragraph 41 of the Complaint, Mr. Bedell hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

42.     The allegations contained in paragraph 42 of the Complaint are not directed toward Mr. Bedell and are legal conclusions and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, including subparagraphs a – c, directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph, including subparagraphs a – c.

45.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint.

872009v.1

47.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint as to when Plaintiff suffered a heart attack, but denies that Plaintiff suffered any damages as a result of his alleged ingestion of the prescription medicine Vioxx or the alleged conduct of Mr. Bedell or the other defendants.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

## RESPONSE TO "COUNT III
## NEGLIGENT MISREPRESENTATION BY MERCK & CO., INC.,
## KEVIN BEDELL, JOHN CUNNINGHAM, MOHANARAJAH NADARAJAH,
## TIFFANY NARDONE, AND VAN R. WALKER, JR."

50.     With respect to paragraph 50 of the Complaint, Mr. Bedell hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward

the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

872009v.1

58.     The allegations contained in paragraph 58 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph directed toward him, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Mr. Bedell is not required to respond to the allegations directed toward the other defendants.  If a further response is required, Mr. Bedell denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

59.     The allegations contained in paragraph 59 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions to which no response is required.  If a further response is required, Mr. Bedell denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph

62.     Denies each and every allegation contained in paragraph 62 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

-12-

63.     Denies each and every allegation contained in paragraph 63 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

### RESPONSE TO "COUNT IV FRAUD BY MERCK & CO., INC., KEVIN BEDELL, JOHN CUNNINGHAM, MOHANARAJAH NADARAJAH, TIFFANY NARDONE, AND VAN R. WALKER, JR."

64.     With respect to paragraph 64 of the Complaint, Mr. Bedell hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

68.     Denies each and every allegation contained in the first phrase of paragraph 68 of the Complaint directed toward Mr. Bedell.  Mr. Bedell lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations contained in the second phrase of said paragraph as to whether Dr. Van Vliet "either prescribed or approved the continuing use of Vioxx® by DONALD L. SIMMONS [sic] from May 2001 through August 2004."  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in the first phrase of said paragraph.  Mr. Bedell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second phrase of said paragraph as to whether Dr. Van Vliet "either prescribed or approved the continuing use of Vioxx® by DONALD L. SIMMONS [sic] from May 2001 through August 2004."

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, including subparagraphs a – c, directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph, including subparagraphs a – c.

872009v.1

73.     Denies each and every allegation contained in paragraph 73 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph directed toward him, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a further response is required, Mr. Bedell denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph directed toward him, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Mr. Bedell  is not required to respond to allegations directed toward the other defendants.  If a further response is required, Mr. Bedell denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

872009v.1

77.     Denies each and every allegation contained in paragraph 77 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

**RESPONSE TO "COUNT V**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR**
**TRADE PRACTICES ACT BY MERCK & CO., INC."**

81.     With respect to paragraph 80 of the Complaint, Mr. Bedell hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

82.     The allegations contained in paragraph 82 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell

-16-

denies each and every allegation contained in said paragraph except admits that Plaintiff purports to bring an action pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that there is any legal or factual basis for the relief sought.

83.     The allegations contained in paragraph 83 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

84.     The allegations contained in paragraph 84 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

85.     The allegations contained in paragraph 85 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

86.     The allegations contained in paragraph 86 of the Complaint are not directed toward Mr. Bedell and therefore no response is required.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph except admits that Plaintiff purports to seek damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that there is any legal or factual basis for the relief sought.

87.     Denies each and every allegation contained in paragraph 86 of the Complaint directed toward Mr. Bedell.  Mr. Bedell is not required to respond to allegations directed toward the other defendants.  If a response is required, Mr. Bedell denies each and every allegation contained in said paragraph.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE

Plaintiff's ad damnum clause is not an allegation and therefore no response is required.

-17-

872009v.1

If a response is required, Mr. Bedell denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MR. BEDELL ALLEGES:

The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND DEFENSE, MR. BEDELL ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MR. BEDELL ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude them from asserting claims or constitute a waiver of his claims.

### AS FOR A FOURTH DEFENSE, MR. BEDELL ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MR. BEDELL ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MR. BEDELL ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

-18-

## AS FOR A SEVENTH DEFENSE, MR. BEDELL ALLEGES:

To the extent that Plaintiff asserts claims based on this Defendant's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MR. BEDELL ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Defendant to warn Plaintiff directly of the alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Defendant has discharged his duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MR. BEDELL ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MR. BEDELL ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of this Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MR. BEDELL ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

872009v.1

**<u>AS FOR A TWELFTH DEFENSE, MR. BEDELL ALLEGES:</u>**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**<u>AS FOR A THIRTEENTH DEFENSE, MR. BEDELL ALLEGES:</u>**

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Defendant's liability, if any, should be reduced accordingly.

**<u>AS FOR A FOURTEENTH DEFENSE, MR. BEDELL ALLEGES:</u>**

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law.

**<u>AS FOR A FIFTEENTH DEFENSE, MR. BEDELL ALLEGES:</u>**

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

**<u>AS FOR A SIXTEENTH DEFENSE, MR. BEDELL ALLEGES:</u>**

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52Stat. 1040, 21 U.S.C. § 301.

**<u>AS FOR A SEVENTEENTH DEFENSE, MR. BEDELL ALLEGES:</u>**

Plaintiff's claims are barred, in whole or in part, by the First Amendment.

**AS FOR AN EIGHTEENTH DEFENSE, MR. BEDELL ALLEGES:**

Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A NINETEENTH DEFENSE, MR. BEDELL ALLEGES:**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A TWENTIETH DEFENSE, MR. BEDELL ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FIRST DEFENSE, MR. BEDELL ALLEGES:**

Venue in this case is improper.

**AS FOR A TWENTY-SECOND DEFENSE, MR. BEDELL ALLEGES:**

The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and have received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY-THIRD DEFENSE, MR. BEDELL ALLEGES:**

The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

**AS FOR A TWENTY-FOURTH DEFENSE, MR. BEDELL ALLEGES:**

The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

**AS FOR A TWENTY-FIFTH DEFENSE, MR. BEDELL ALLEGES:**

The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

872009v.1

### AS FOR A TWENTY-SIXTH DEFENSE, MR. BEDELL ALLEGES:

The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MR. BEDELL ALLEGES:

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Defendant knew or should have known and which gave rise to a duty to warn, Defendant at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MR. BEDELL ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MR. BEDELL ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MR. BEDELL ALLEGES:

Any conduct allegedly causing liability on the part of Defendant is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MR. BEDELL ALLEGES:

Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MR. BEDELL ALLEGES:

Defendant reserves his right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide him with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MR. BEDELL ALLEGES:

Any liability that might otherwise be imposed upon Defendant is subject to reduction by the application of the doctrine of comparative negligence.

872009v.1

### AS FOR A THIRTY-FOURTH DEFENSE, MR. BEDELL ALLEGES:

Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A THIRTY-FIFTH DEFENSE, MR. BEDELL ALLEGES:

Defendant has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Defendant is not liable.

### AS FOR A THIRTY-SIXTH DEFENSE, MR. BEDELL ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Defendant's state and federal constitutional rights.

### AS FOR A THIRTY-SEVENTH DEFENSE, MR. BEDELL ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any ward of punitive damages is barred.

### AS FOR A THIRTY-EIGHTH DEFENSE, MR. BEDELL ALLEGES:

Plaintiff's demand, if any, for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-NINTH DEFENSE, MR. BEDELL ALLEGES:

Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A FORTIETH DEFENSE, MR. BEDELL ALLEGES:**

Plaintiff's claims are barred, in whole or in part, because Defendant provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff's alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A FORTY-FIRST DEFENSE, MR. BEDELL ALLEGES:**

Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR A FORTY-SECOND DEFENSE, MR. BEDELL ALLEGES:**

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

**AS FOR A FORTY-THIRD DEFENSE, MR. BEDELL ALLEGES:**

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A FORTY-FOURTH DEFENSE, MR. BEDELL ALLEGES:**

Plaintiff's claims are barred, in whole or in part, because Plaintiff Robert H. Putman lacks capacity and/or standing to bring such claims.

**AS FOR A FORTY-FIFTH DEFENSE, MR. BEDELL ALLEGES:**

Plaintiff's Complaint fails to state a claim for unlawful conduct under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.20 et seq. ("DUPTA"), because the Florida DUPTA does not apply to a claim for personal injury or death.

872009v.1

## <u>AS FOR A FORTY-SIXTH DEFENSE, MR. BEDELL ALLEGES:</u>

Defendant Bedell is fraudulently joined.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Mr. Bedell to determine all of his legal, contractual, and equitable rights, Mr. Bedell reserves the right to amend and/or supplement the averments of his Answer to asserts any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Mr. Bedell will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Bedell respectfully demand judgment dismissing Plaintiff's Complaint with prejudice and awarding Mr. Bedell his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## <u>JURY DEMAND</u>

Mr. Bedell demands a trial by jury as to all issues so triable.

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

872009v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant

Kevin Bedell has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S.

Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading

the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and

that the foregoing was electronically filed with the Clerk of Court of the United States District

Court for the Eastern District of Louisiana by using the CM/ECF system which will send a

Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th

day of May, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

872009v.1