UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1657 Section: L JUDGE FALLON MAG. JUDGE KNOWLES |

*This document relates to:*
*Ronald Luers Soelzer and*
*Paula Maurine Soelzer*
*v. Merck & Co., Inc.*
*No. 06-9818*

## ANSWER TO AMENDED COMPLAINT

Comes now Defendant, Merck & Co., Inc. ("Merck"), by and through one of its attorneys of record, and for its answer to Plaintiff's Amended Complaint, states and alleges:

1. Denies each and every allegation contained in the Amended Complaint except those matters specifically admitted herein.

### RESPONSE TO "SUMMARY OF ACTION"

**2.** Denies the third, fourth and fifth sentences of paragraph 1 and is without sufficient information upon which to admit the first and second sentences of paragraph 1 and therefore, denies the same remitting Plaintiff to his strict proof thereof as to those allegations.

### RESPONSE TO "JURISDICTION AND VENUE"

3. The allegations contained in paragraph 2 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that there is diversity between the parties.

4. The allegations contained in paragraph 3 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiff purports to put an amount in controversy that exceeds that minimum jurisdictional limits of this Court but denies that there is any legal or factual basis for such relief.

5. The allegations contained in paragraph 4 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits it is authorized to do business in the State of South Dakota.

## RESPONSE TO "PARTIES"

6. Merck is without sufficient information upon which to admit or deny the allegations contained in paragraph 5 of the Amended Complaint and remits Plaintiff to his strict proof thereof.

7. Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that Merck manufactured, marketed and distributed the prescription medicine Vioxx® and that Vioxx is Merck's brand name for rofecoxib. Merck further admits that it sought and received approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for Vioxx's indicated uses.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

8. Merck is without sufficient information at this time to admit the allegations set forth in paragraph 7 as it is not known what times may be relevant and material hereto.

9. The allegations contained in paragraph 8 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed to be required, Merck denies each and every allegation stated in that paragraph.

10. Denies each and every allegation contained in paragraph 9 of the Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11. Denies each and every allegation contained in paragraph 10 of the Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

12. Merck is without sufficient information at this time to admit the allegations set forth in paragraph 11 of the Amended Complaint and therefore denies the same remitting Plaintiff to his strict proof thereof.

13. Denies each and every allegation stated in paragraph 12 of the Amended Complaint.

14. Denies each and every allegation stated in paragraph 13 of the Amended Complaint.

15. Denies each and every allegation stated in paragraph 14 of the Amended Complaint.

16. Denies each and every allegation contained in paragraph 15 of the Amended Complaint except Merck admits that Vioxx is the brand name for Rofecoxib and admits that Vioxx reduces pain and inflammation and that the mechanism of action for Vioxx is believed to

be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

17. Denies the allegations stated in paragraph 16 of the Amended Complaint except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

18. Merck denies each and every allegation in paragraph 17 of the Amended Complaint except admits that Merck submitted a new drug application for Vioxx on November 23, 1998 and respectfully refers the Court to the relevant application information for its actual language and full text.

19. Merck denies each and every allegation in paragraph 18 of the Amended Complaint except admits that Merck submitted a new drug application for Vioxx on November 23, 1998 and respectfully refers the Court to the relevant application information for its actual language and full text.

20. Denies each and every allegation in paragraph 19 of the Amended Complaint except admits that Merck sought and, in May, 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescription information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

21. Denies each and every allegation in paragraph 20 of the Amended Complaint except admits that Merck sought and, in May, 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescription information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

22. Denies each and every allegation contained in paragraph 21 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

23. Denies each and every allegation contained in paragraph 22 of the Amended Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the reference study for its actual conclusion and full text.

24. Denies each and every allegation contained in paragraph 23 of the Amended Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the reference study for its actual conclusion and full text.

25. Denies each and every allegation contained in paragraph 24 of the Amended Complaint except admits that the studies referenced in the first sentence of paragraph 24 and the article referenced in the second sentence of paragraph 24 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

26. Denies each and every allegation stated in paragraph 25 of the Amended Complaint.

27. Denies each and every allegation stated in paragraph 26 of the Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

28. Denies each and every allegation contained in paragraph 27 of the Amended Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

29. Denies each and every allegation contained in paragraph 28 of the Amended Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

30. Denies each and every allegation in paragraph 29 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

31. Denies each and every allegation in paragraph 30 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

32. Denies each and every allegation in paragraph 31 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

33. Denies each and every allegation contained in paragraph 32 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant documents for its actual language and full text.

34. Denies each and every allegation contained in paragraph 33 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

35. Merck denies each and every allegation set forth in paragraph 34 of the Amended Complaint except admits that in April, 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a patient information

sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and patient information sheet for their actual language and full text.

36. Merck denies each and every allegation set forth in paragraph 35 of the Amended Complaint except admits that in April, 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a patient information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and patient information sheet for their actual language and full text.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint.

38. Denies each and every allegation contained in paragraph 37 of the Amended Complaint.

39. Merck denies each and every allegation set forth in paragraph 38 of the Amended Complaint and respectfully refers the Court to the referenced 2001 annual report for its actual language and full text.

40. Merck denies each and every allegation set forth in paragraph 39 of the Amended Complaint and respectfully refers the Court to the referenced filing for its actual language and full text.

41. Denies each and every allegation set forth in paragraph 40 of the Amended Complaint.

### RESPONSE TO "COUNT I – NEGLIGENCE"

42. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

43. Denies each and every allegation stated in paragraph 42 of the Amended Complaint, including subparagraphs a through j.

44. Denies each and every allegation stated in paragraph 43 of the Amended Complaint.

## RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY"

45. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

46. Denies each and every allegation contained in paragraph 45 of the Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

47. Denies each and every allegation stated in paragraph 46 of the Amended Complaint.

48. Denies each and every allegation contained in paragraph 47 of the Amended Complaint and specifically with respect to Plaintiff, alleges it is without sufficient information upon which to admit those allegations and therefore denies the same remitting Plaintiff to his strict proof thereof.

49. Denies each and every allegation contained in paragraph 48 of the Amended Complaint and specifically with respect to Plaintiff, alleges it is without sufficient information upon which to admit those allegations and therefore denies the same remitting Plaintiff to his strict proof thereof.

50. Denies each and every allegation stated in paragraph 49 of the Amended Complaint.

51. Denies each and every allegation stated in paragraph 50 of the Amended Complaint.

52. Denies each and every allegation stated in paragraph 51 of the Amended Complaint.

53. Denies each and every allegation stated in paragraph 52 of the Amended Complaint.

54. Denies each and every allegation stated in paragraph 53 of the Amended Complaint.

55. Denies each and every allegation stated in paragraph 54 of the Amended Complaint.

56. Denies each and every allegation stated in paragraph 55 of the Amended Complaint.

### RESPONSE TO "COUNT III – FAILURE TO WARN"

57. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

58. The allegations contained in paragraph 57 of the Amended Complaint include legal conclusions as to which no responsive pleading is required and to the extent that it contains other allegations, those allegations are denied except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

59. Denies each and every allegation stated in paragraph 58 of the Amended Complaint.

60. Denies each and every allegation stated in paragraph 59 of the Amended Complaint.

61. Denies each and every allegation stated in paragraph 60 of the Amended Complaint.

62. Denies each and every allegation contained in paragraph 61 of the Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

63. Denies each and every allegation contained in paragraph 62 of the Amended Complaint.

### RESPONSE TO "COUNT IV – BREACH OF THE IMPLIED
### WARRANTY OF MERCHANTABILITY"

64. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

65. Denies each and every allegation stated in paragraph 64 of the Amended Complaint.

66. Denies each and every allegation stated in paragraph 65 of the Amended Complaint.

## RESPONSE TO "COUNT V – BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

67. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

68. Denies each and every allegation stated in paragraph 67 of the Amended Complaint.

69. The allegations contained in paragraph 68 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed to be required, Merck remits Plaintiff to his strict proof thereof.

70. Denies each and every allegation stated in paragraph 69 of the Amended Complaint.

71. Denies each and every allegation stated in paragraph 70 of the Amended Complaint.

## RESPONSE TO "COUNT VI – BREACH OF EXPRESS WARRANTY"

72. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

73. Denies each and every allegation stated in paragraph 72 of the Amended Complaint.

74. Denies each and every allegation contained in paragraph 73 of the Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

75. The allegations contained in paragraph 74 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

76. Denies each and every allegation stated in paragraph 75 of the Amended Complaint.

77. Denies each and every allegation stated in paragraph 76 of the Amended Complaint.

78. The allegations contained in paragraph 77 of the Amended Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be
deemed to be required, Merck denies each and every allegation stated in that paragraph.

79. Denies each and every allegation stated in paragraph 78 of the Amended Complaint.

80. Denies each and every allegation stated in paragraph 79 of the Amended Complaint.

81. Denies each and every allegation stated in paragraph 80 of the Amended Complaint.

**RESPONSE TO "COUNT VII – MISREPRESENTATIONS"**

82. Relies upon and incorporates herein its specific responses to the preceding and
succeeding paragraphs.

83. Denies each and every allegation stated in paragraph 82 of the Amended Complaint.

84. Denies each and every allegation stated in paragraph 83 of the Amended Complaint.

85. Denies each and every allegation stated in paragraph 84 of the Amended Complaint.

86. Denies each and every allegation stated in paragraph 85 of the Amended Complaint.

87. Denies each and every allegation stated in paragraph 86 of the Amended Complaint.

**RESPONSE TO "COUNT VIII – VIOLATION OF<br>UNFAIR TRADE PRACTICE/CONSUMDER PROTECTION LAWS"**

88. Relies upon and incorporates herein its specific responses to the preceding and
succeeding paragraphs.

89. Denies each and every allegation stated in paragraph 88 of the Amended Complaint.

90. Denies each and every allegation stated in paragraph 89 of the Amended Complaint.

91. Denies each and every allegation stated in paragraph 90 of the Amended Complaint.

92. Denies each and every allegation stated in paragraph 91 of the Amended Complaint.

93. Denies each and every allegation stated in paragraph 92 of the Amended Complaint.

94. Denies each and every allegation stated in paragraph 93 of the Amended Complaint.

95. Denies each and every allegation stated in paragraph 94 of the Amended Complaint.

96. Denies each and every allegation stated in paragraph 95 of the Amended Complaint.

97. Denies each and every allegation stated in paragraph 96 of the Amended Complaint.

98. Denies each and every allegation stated in paragraph 97 of the Amended Complaint.

99. Denies each and every allegation stated in paragraph 98 of the Amended Complaint.

100. Denies each and every allegation stated in paragraph 99 of the Amended Complaint.

101. Denies each and every allegation stated in paragraph 100 of the Amended Complaint.

102. Denies each and every allegation stated in paragraph 101 of the Amended Complaint.

103. Denies each and every allegation stated in paragraph 102 of the Amended Complaint.

## RESPONSE TO "COUNT IX – PUNITIVE DAMAGES"

104. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

105. Denies each and every allegation stated in paragraph 104 of the Amended Complaint.

## RESPONSE TO COUNT X – CONSORTIUM

106. Relies upon and incorporates herein its specific responses to the preceding and succeeding paragraphs.

107. Defendant is without sufficient information upon which to admit or deny paragraph 106 of Plaintiff's amended complaint and remits Plaintiff to his strict proof thereof.

108. That the claim of Paula Maurine Soelzer in paragraph 107 of the amended complaint, being derivative in nature, is barred by the fact that Plaintiff Ronald Luers Soelzer is not entitled to any recovery.

109. Defendant denies the nature and extent of the damages alleged.

## AFFIRMATIVE DEFENSES

110. Each and every claim asserted or raised in the Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

111. The Amended Complaint fails to state a claim upon which relief can be granted.

112. Each and every claim asserted or raised in the Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

113. If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

114. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

115. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

116. If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured Plaintiff.

117. In the alternative, any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

118. If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any losses or injury caused by any act, practice or omission alleged in the Amended Complaint.

119. If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

120. If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided and Plaintiff knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

121. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

122. Plaintiff's claims are barred in whole or in part by the First Amendment.

123. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

124. Plaintiff's claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing, warning and labeling Vioxx conformed with the state of the art at the time Vioxx was first sold by Merck pursuant to SDCL 20-9-10.1.

125. To the extent that Plaintiff's prayer for relief seeks recovery for punitive damages, such relief is not properly prayed for in the Amended Complaint and, further, to permit a recovery of punitive damages against Merck would violate the constitutional rights and protections afforded to Merck under both the United States and South Dakota Constitutions and such recovery is not permitted under South Dakota law.

126. That any alleged acts or omissions of Merck are not of such a nature as to warrant recovery of punitive damages and therefore, no such award is permitted.

127. To the extent Plaintiff's prayer for relief seeks an award of punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

128. To the extent Plaintiff seeks punitive damages, such claims are further barred because:

    a.    Vioxx as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic act (21 United States Code § 301, et seq.) or the Public Health Service act (42 United States Code § 201, et seq.);

    b.    Vioxx is generally recognized as safe and effective pursuant to conditions established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

    c.    Merck did not, either before or after making Vioxx available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information

known to be material and relevant to the harm which the Plaintiff allegedly suffered.

129. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

130. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

131. Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

132. Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

133. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

134. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

135. Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

136. With respect to each and every cause of action Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined under Restatement (Second) of Torts. The apparent benefit of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

137. Merck's advertisements and labeling with respect to the product which is the subject matter of the Amended Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and South Dakota Constitutions.

138. The public interest and benefit and the availability of such product which is the subject matter of the Amended Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

139. At all times relevant herein, any product which is the subject matter of the Amended Complaint processed and distributed by Merck in the State of South Dakota or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

140. With respect to each and every purported cause of action in the Amended Complaint, Plaintiff is barred by the lack of privity with Merck.

141. To the extent there were any risks associated with the use of the product which is the subject matter of the Amended Complaint which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

142.  If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

143.  To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

144.  Inasmuch as the Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Merck will rely on all defenses that are included in the master answer to be filed in the multidistrict litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Defendant Merck prays that the Amended Complaint of the Plaintiffs be dismissed upon the merits, with prejudice, and that Plaintiffs recover nothing thereunder; and, further, Defendant Merck recover its costs and disbursements herein together with such other and further relief as the Court deems just and proper.

Dated at Sioux Falls, South Dakota, this 9th day of May, 2007.

DAVENPORT, EVANS, HURWITZ &
SMITH, L.L.P.


/s/    *Michael L. Luce*
_____

*Michael L. Luce*
206 West 14th
P. O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Defendant*


## DEMAND FOR JURY TRIAL

Defendant Merck & Co., Inc., demands trial by jury on all issues of fact.


/s/    *Michael L. Luce*
_____

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that a true and

correct copy of the foregoing *"Answer to Amended Complaint"* was served by mail upon:

> G. Verne Goodsell
> Gunderson, Palmer, Goodsell & Nelson, LLP
> 440 Mt. Rushmore Road, 3rd Floor
> P. O. Box 8045
> Rapid City, SD  57709

> and

> John C. Evans
> Megan L. Faust
> Specter, Specter, Evans & Manogue, P.C.
> The 26th Floor Koppers Building
> 436 Seventh Avenue
> Pittsburgh, PA  15219

> *Attorneys for Plaintiff*

on this 9th day of May, 2007.


/s/      *Michael L. Luce*
Michael L. Luce