# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Jack Hawkins v. Merck & Co., Inc., et al.,* | * | |
| (E.D. La. Index No. CA- 06-9349 -L) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND JURY DEMAND OF DEFENDANT MARK MULLEN

Defendant, Mark Mullen ("Mr. Mullen"), through undersigned counsel, answers the Amended Complaint herein as follows:

## RESPONSE TO "GENERAL ALLEGATIONS"

1.      Denies each and every allegation contained in paragraph 1 of the Amended Complaint except admits that Plaintiff purports to seek damages in excess of $15,000, but denies that there is any legal or factual basis for such relief.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Amended Complaint.

3.      Denies each and every allegation contained in paragraph 3 of the Amended Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation in paragraph 4 of the Amended Complaint.

5.      The allegations contained in paragraph 5 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 5 of the Amended Complaint except admits that Defendant Merck & Co., Inc. ("Merck") manufactured the prescription medicine Vioxx® ("Vioxx").

6.      The allegations contained in paragraph 6 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 6 of the Amended Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

7.      The allegations contained in paragraph 7 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation in paragraph 7 of the Amended Complaint except admits that Merck is authorized to do business in the State of Florida.

8.      The allegations contained in paragraph 8 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation in paragraph 8 of the Amended Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Mr. Mullen further admits that Merck is authorized to do business in the State of Florida.

872492v.1

9.      Denies each and every allegation contained in paragraph 9 of the Amended Complaint directed toward Mr. Mullen except admits that he is currently employed by Merck.  Mr. Mullen is not required to respond to the allegations directed toward the other Defendants named in paragraph 9 of the Amended Complaint.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the employment or residency status of the other named Defendants.

10.     Denies each and every allegation contained in the first sentence of paragraph 10 of the Amended Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and admits that Vioxx is part of a class of drugs known as non-steroidal and anti-inflammatory drugs ("NSAIDs").  The allegations contained in the second sentence of paragraph 10 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen admits that the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs") includes aspirin, ibuprofen and naproxen.

11.     The allegations contained in paragraph 11 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen admits Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

12.     The allegations contained in paragraph 12 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is

3

required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint.

13.     The allegations contained in paragraph 13 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint.

14.     The allegations contained in paragraph 14 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.     The allegations contained in paragraph 15 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 15 of the Amended Complaint.

16.     The allegations contained in paragraph 16 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Amended Complaint.

17.     The allegations contained in paragraph 17 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

872492v.1

18.     The allegations contained in paragraph 18 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

19.     The allegations contained in paragraph 19 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

20.     The allegations contained in paragraph 20 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint except admits that Plaintiff purports to refer to an application and to the extent the referenced application is in writing, the actual contents of the application constitute the best evidence of its terms and Mr. Mullen denies all allegations inconsistent with those contents.

21.     The allegations contained in paragraph 21 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

22.     The allegations contained in paragraph 22 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is

required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Amended Complaint except admits that Plaintiff purports to refer to studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

23.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Amended Complaint except admits that Plaintiff purports to quote portions of the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

24.     The allegations contained in paragraph 24 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint except admits that Plaintiff purports to refer to quote a portion of a document and respectfully refers the Court to the referenced document for its actual language and full text.

25.     The allegations contained in paragraph 25 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint except admits that Plaintiff purports to quote from a document and respectfully refers the Court to the referenced document for its actual language and full text.

6

26.     The allegations contained in paragraph 26 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26.

27.     The allegations contained in paragraph 27 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28.     The allegations contained in paragraph 28 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint except admits that Plaintiff purports to quote from a document and respectfully refers the Court to the referenced document for its actual language and full text.

29.     The allegations contained in paragraph 29 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint except admits that Plaintiff purports to refer to a particular application and respectfully refers the Court to the referenced application for its actual language and full text.

30.     The allegations contained in paragraph 30 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is

required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint except admits that Plaintiff purports to refer to a particular application and respectfully refers the Court to the referenced application for its actual language and full text.

31.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint except admits that Plaintiff purports to refer to the FDA-approved prescribing information for Vioxx, Merck's trade name for rofecoxib, and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

32.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint except admits that Plaintiff purports to refer to the FDA's labeling for Vioxx, Merck's trade name for rofecoxib, and certain "studies" and respectfully refers the Court to the referenced labeling and studies for their actual language and full text.

33.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint except admits that Plaintiff purports to refer to the "Warnings" section of the labeling for Vioxx, Merck's trade name for rofecoxib, and respectfully refers the Court to the referenced labeling for its actual language and full text.

34.     The allegations contained in paragraph 34 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 34 of the

8

Amended Complaint except admits that Plaintiff purports to refer to a supplemental New Drug Application ("sNDA") that included the Vioxx Gastrointestinal Outcomes Research ('VIGOR") study and respectfully refers the Court to the referenced sNDA for its actual language and full text.

35.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

36.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

37.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

38.     The allegations contained in paragraph 38 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Amended Complaint except admits that Plaintiff purports to refer to a particular report and respectfully refers the Court to the referenced report for its actual language and full text.

9

39.     The allegations contained in paragraph 39 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Amended Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

40.     The allegations contained in paragraph 40 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 40 of the Amended Complaint.

41.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Amended Complaint.

42.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Amended Complaint except admits that Plaintiff purports to refer to a particular statement and respectfully refers the Court to the referenced statement for its actual language and full text.

43.     The allegations contained in paragraph 43 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43.

44.     The allegations contained in paragraph 44 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is

required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Amended Complaint.

45.     The allegations contained in paragraph 45 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Amended Complaint except admits that Plaintiff purports to reference certain publications and respectfully refers the Court to the referenced publications for their actual language and full text.

46.     The allegations contained in paragraph 46 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in the first sentence of paragraph 46 of the Amended Complaint.  Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 46 of the Amended Complaint.

47.     The allegations contained in paragraph 47 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48.     The allegations contained in paragraph 48 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Amended Complaint

except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

49.     The allegations contained in paragraph 49 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Amended Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full context.

50.     The allegations contained in paragraph 50 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Amended Complaint except admits that Plaintiff purports to refer to an 8-K filing and respectfully refers the Court to the referenced filing for its actual language and full text.

51.     The allegations contained in paragraph 51 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Amended Complaint except admits that Plaintiff purports to refer to a particular press release and letter and respectfully refers the Court to the referenced press release and letter for their actual language and full text.

52.     The allegations contained in paragraph 52 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained paragraph 52 of the Amended Complaint except admits that Plaintiff purports to refer to "the publication of a study in the New England Journal of Medicine" and respectfully refers the Court to the referenced publication for its actual language and full text.

53.     The allegations contained in paragraph 53 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint except admits that Plaintiff purports to refer to a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

54.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Amended Complaint except admits that Plaintiff purports to selectively quote a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

55.     The allegations contained in paragraph 55 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Amended Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to that letter for its actual language and full text.

13

56.     The allegations contained in paragraph 56 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Amended Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to that letter for its actual language and full text.

57.     The allegations contained in paragraph 57 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Amended Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to that letter for its actual language and full text.

58.     The allegations contained in paragraph 58 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 58 of the Amended Complaint except admits that Plaintiff purports to selectively quote Merck's 2001 annual report and respectfully refers the Court to the referenced report for its actual language and full text.

59.     The allegations contained in paragraph 59 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 59 of the Amended Complaint except admits that Plaintiff purports to refer to a particular article

14

and respectfully refers the Court to the referenced article for its actual language and full text.

60.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Amended Complaint except admits that Plaintiff purports to refer to a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

61.     The allegations contained in paragraph 61 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 61 of the Amended Complaint.

62.     The allegations contained in paragraph 62 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 62 of the Amended Complaint except admits that Plaintiff purports to refer to Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

63.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Amended Complaint except admits that Plaintiff purports to selectively quote a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

64.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Amended Complaint except

15

admits that Plaintiff purports to selectively quote a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

65.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Amended Complaint except admits that Plaintiff purports to refer to a particular presentation and respectfully refers the Court to the referenced article for its actual language and full text.

66.     The allegations contained in paragraph 66 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint except admits that Plaintiff purports to refer to a particular press release and respectfully refers the Court to the referenced press release for its actual language and full text.

67.     The allegations contained in paragraph 67 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Amended Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Mullen denies all allegations inconsistent with those contents.

68.     The allegations contained in paragraph 68 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the

16

truth or falsity of the allegations contained in paragraph 68 of the Amended Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Mullen denies all allegations inconsistent with those contents.

69.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Amended Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Mullen denies all allegations inconsistent with those contents.

70.     The allegations contained in paragraph 70 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Amended Complaint except admits that in September 2004, Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market.

71.     The allegations contained in paragraph 71 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Amended Complaint except admits that Merck announced the voluntary worldwide withdrawal of Vioxx on September 30, 2004.

72.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Amended Complaint except admits that Plaintiff purports to refer to a study and respectfully refers the Court to the referenced study for its actual language and full text.

73.     The allegations contained in paragraph 73 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 73 of the Amended Complaint except admits that Vioxx was prescribed to millions of patients in the United States.

74.     Denies each and every allegation contained in the first and second sentences of paragraph 74 of the Amended Complaint that is directed toward Mr. Mullen except admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.  The allegations contained in the third sentence of paragraph 74 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required,  Mr. Mullen denies each and every allegation contained in the first and second sentences of paragraph 74 of the Amended Complaint except admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.  The allegations contained in the third sentence of paragraph 74 of the

18

Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

75.     The allegations contained in paragraph 75 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 75 of the Amended Complaint except admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

76.     The allegations contained in paragraph 76 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 76 of the Amended Complaint.

77.     The allegations contained in paragraph 77 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 77 of the Amended Complaint.

78.     The allegations contained in paragraph 78 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 78 of the Amended Complaint.

79.     The allegations contained in paragraph 79 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 79 of the Amended Complaint.

80.     The allegations contained in paragraph 80 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 80 of the Amended Complaint.

81.     The allegations contained in paragraph 81 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 81 of the Amended Complaint.

82.     The allegations contained in paragraph 82 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 82 of the Amended Complaint.

83.     The allegations contained in paragraph 83 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 83 of the Amended Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond

to the allegations directed toward the other Defendants.  If a response is required, Merck denies each and every allegation contained in paragraph 84 of the Amended Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Merck denies each and every allegation contained in paragraph 85 of the Amended Complaint.

### RESPONSE TO "COUNT I STRICT LIABILITY (AS TO DEFENDANT MERCK ONLY)"

With respect to the un-numbered introductory paragraph of Count I, Mr. Mullen hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

86.     The allegations contained in paragraph 86 of the Amended Complaint, including subparts a – f, are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 86 of the Amended Complaint, including subparts a – f.

87.     The allegations contained in paragraph 87 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Amended Complaint.

88.     The allegations contained in paragraph 88 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  Further, the

allegations contained in paragraph 88 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 88 of the Amended Complaint.

89.     The allegations contained in paragraph 89 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 89 of the Amended Complaint.

90.     The allegations contained in paragraph 90 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 90 of the Amended Complaint.

91.     The allegations contained in paragraph 91 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  Further, the allegations contained in paragraph 91 are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 91 of the Amended Complaint.

92.     The allegations contained in paragraph 92 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 92 of the Amended Complaint.

93.     The allegations contained in paragraph 93 of the Amended Complaint are not directed toward Mr. Mullen and therefore no response is required.  If a response is

22

required, Mr. Mullen denies each and every allegation contained in paragraph 93 of the Amended Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO DEMANDS SET FORTH IN**
**AD DAMNUM CLAUSE FOR COUNT I**

Plaintiff's ad damnum clause for Count I of the Amended Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT II NEGLIGENCE (AS TO ALL DEFENDANTS)"**

With respect to the un-numbered introductory paragraph of Count II of the Amended Complaint, Mr. Mullen repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

94.     The allegations contained in paragraph 94 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 94 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 94 of the Amended Complaint.

95.     Denies each and every allegation contained in paragraph 95, including subparts a - f, of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not

23

required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 95 of the Amended Complaint, including subparts a - f.

96.     Denies each and every allegation contained in paragraph 96 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 96 of the Amended Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Amended Complaint directed toward Mr. Mullen except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.  Mr. Mullen is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 97 of the Amended Complaint except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

**RESPONSE TO DEMANDS SET FORTH IN**
**AD DAMNUM CLAUSE FOR COUNT II**

Plaintiff's ad damnum clause for Count II of the Amended Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

872492v.1

**RESPONSE TO "COUNT III**
**NEGLIGENT MISREPRESENTATION (AS TO ALL DEFENDANTS)"**

With respect to the un-numbered introductory paragraph of Count III of the Amended Complaint, Mr. Mullen hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

98.     Denies each and every allegation contained in paragraph 98 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 98 of the Amended Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 99 of the Amended Complaint.

100.     Denies each and every allegation contained in paragraph 100 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 100 of the Amended Complaint.

101.     Denies each and every allegation contained in paragraph 101 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 101 of the Amended Complaint.

872492v.1

102.     Denies each and every allegation contained in paragraph 102 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 102 of the Amended Complaint.

103.     Denies each and every allegation contained in paragraph 103 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 103 of the Amended Complaint.

104.     The allegations contained in paragraph 104 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 104 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 104 of the Amended Complaint.

105.     Denies each and every allegation contained in paragraph 105 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 105 of the Amended Complaint.

106.     The allegations contained in paragraph 106 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 106 of the Amended Complaint directed toward Mr. Mullen, and respectfully refers the Court to the relevant legal

26

standard, including any conflict of laws rules.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 106 of the Amended Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

107.    Denies each and every allegation contained in paragraph 107 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 107 of the Amended Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 108 of the Amended Complaint.

109.    Denies each and every allegation contained in paragraph 109 of the Amended Complaint directed toward Mr. Mullen except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought. Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 109 of the Amended Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

872492v.1

**RESPONSE TO DEMANDS SET FORTH IN**
**AD DAMNUM CLAUSE FOR COUNT III**

Plaintiff's ad damnum clause for Count III of the Amended Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT IV FRAUD (AS TO ALL DEFENDANTS)"**

With respect to the un-numbered introductory paragraph of Count IV of the Amended Complaint, Mr. Mullen hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

110.    Denies each and every allegation contained in paragraph 110 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 110 of the Amended Complaint.

111.    Denies each and every allegation contained in paragraph 111 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 111 of the Amended Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond

28

to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 112 of the Amended Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 113 of the Amended Complaint.

114.    Denies each and every allegation contained in paragraph 114 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 114 of the Amended Complaint.

115.    Denies each and every allegation contained in paragraph 115, including subparts a - c, of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 115 of the Amended Complaint, including subparts a - c.

116.    Denies each and every allegation contained in paragraph 116 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 116 of the Amended Complaint.

117.    The allegations contained in paragraph 117 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 117 of the Amended Complaint

29

directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 117 of the Amended Complaint.

118.    Denies each and every allegation contained in paragraph 118 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 118 of the Amended Complaint.

119.    The allegations contained in paragraph 119 of the Amended Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 119 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 119 of the Amended Complaint.

120.    Denies each and every allegation contained in paragraph 120 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 120 of the Amended Complaint.

121.    Denies each and every allegation contained in paragraph 121 of the Amended Complaint directed toward Mr. Mullen.  Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 121 of the Amended Complaint.

872492v.1

122.     Denies each and every allegation contained in paragraph 122 of the Amended Complaint directed toward Mr. Mullen except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought. Mr. Mullen is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Mullen denies each and every allegation contained in paragraph 122 of the Amended Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Amended Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Mullen denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MR. MULLEN ALLEGES:

1.     Each and every claim asserted or raised in the Amended Complaint is barred by the applicable statute of limitations or is otherwise untimely.

### AS FOR A SECOND DEFENSE, MR. MULLEN ALLEGES:

2.     The Amended Complaint fails to state a claim upon which relief can be granted.

872492v.1

### AS FOR A THIRD DEFENSE, MR. MULLEN ALLEGES:

3.      The claims of Plaintiff are barred, in whole or in part, from recovery because he has made statements or took actions that preclude him from asserting claims or constitute a waiver of his claims.

### AS FOR A FOURTH DEFENSE, MR. MULLEN ALLEGES:

4.      The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MR. MULLEN ALLEGES:

5.      Each and every claim asserted or raised in the Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MR. MULLEN ALLEGES:

6.      If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH DEFENSE, MR. MULLEN ALLEGES:

7.      To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR AN EIGHTH DEFENSE, MR. MULLEN ALLEGES:

8.      To the extent Plaintiff asserts claims based upon an alleged failure by this Defendant to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck and/or this

32

Defendant has discharged their duty to warn in their warnings to the prescribing physician.

### AS FOR A NINTH DEFENSE, MR. MULLEN ALLEGES:

9.      If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MR. MULLEN ALLEGES:

10.      If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of this Defendant and over whom this Defendant had no control and for whom this Defendant may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MR. MULLEN ALLEGES:

11.      If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE, MR. MULLEN ALLEGES:

12.      If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent

872492v.1

medical conditions or natural course of conditions for which this Defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MR. MULLEN ALLEGES:

13.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Complaint, this Defendant's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MR. MULLEN ALLEGES:

14.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action under Florida law.

### AS FOR A FIFTEENTH DEFENSE, MR. MULLEN ALLEGES:

15.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Florida Rule of Civil Procedure 1.120(b) and Federal Rule of Civil Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MR. MULLEN ALLEGES:

16.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MR. MULLEN ALLEGES:

17.     Plaintiff's claims are barred, in whole or in part, by the First Amendment.

## AS FOR AN EIGHTEENTH DEFENSE, MR. MULLEN ALLEGES:

18.     Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH DEFENSE, MR. MULLEN ALLEGES:

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH DEFENSE, MR. MULLEN ALLEGES:

20.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST DEFENSE, MR. MULLEN ALLEGES:

21.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND DEFENSE, MR. MULLEN ALLEGES:

22.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD DEFENSE, MR. MULLEN ALLEGES:

23.     The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH DEFENSE, MR. MULLEN ALLEGES:

24.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

872492v.1

### AS FOR A TWENTY-FIFTH DEFENSE, MR. MULLEN ALLEGES:

25.     The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MR. MULLEN ALLEGES:

26.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MR. MULLEN ALLEGES:

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck or this Defendant knew or should have known and which gave rise to a duty to warn, Merck or this Defendant at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MR. MULLEN ALLEGES:

28.     The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MR. MULLEN ALLEGES:

29.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MR. MULLEN ALLEGES:

30.     Any conduct allegedly causing liability on the part of this Defendant is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MR. MULLEN ALLEGES:

31.     Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MR. MULLEN ALLEGES:

32.     This Defendant reserves its right to dismiss the Amended Complaint and seek further relief for Plaintiff's failure to provide him with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MR. MULLEN ALLEGES:

33.     Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FOURTH DEFENSE, MR. MULLEN ALLEGES:

34.     Plaintiff's claims are barred, in whole or in part, because Merck and/or this Defendant provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FIFTH DEFENSE, MR. MULLEN ALLEGES:

35.     Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A THIRTY-SIXTH DEFENSE, MR. MULLEN ALLEGES:

36.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A THIRTY-SEVENTH DEFENSE, MR. MULLEN ALLEGES:

37.     Defendant Mullen is improperly joined.

872492v.1

### AS FOR A THIRTY-EIGHTH DEFENSE, MR. MULLEN ALLEGES:

38.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A THIRTY-NINTH DEFENSE, MR. MULLEN ALLEGES:

39.    This Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A FORTIETH DEFENSE, MR. MULLEN ALLEGES:

40.    Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Mr. Mullen to determine all of his legal, contractual and equitable rights, he reserves the right to amend and/or supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Mr. Mullen incorporates any applicable defenses asserted by any other Defendant in this action.  Mr. Mullen will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Mullen respectfully demands judgment dismissing Plaintiff's Amended Complaint with prejudice and awarding Mr. Mullen his reasonable costs and

872492v.1

disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Mr. Mullen demands a trial by jury as to all issues so triable.

Dated: May 10, 2007.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Sarah L. Shullman
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Mark Mullen*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Mark Mullen has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of May, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

872492v.1