UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1657 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Patricia J. Oakes & Warner L. Oakes  v. Merck & Co., Inc.,* **No. 07-1999.**

## ANSWER TO COMPLAINT AND JURY DEMAND

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations set forth in the Complaint of Patricia J. Oakes and Warner L. Oakes:

### A.    The Parties

1.    Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2.    Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint.

3.    Defendant Merck admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.    Defendant Merck denies each and every allegation in Paragraph 4 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of pharmaceutical products to improve human health.

B.    **Jurisdiction**

5.    Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to Plaintiffs.  Merck admits that it is incorporated in New Jersey and has its principal place of business in New Jersey.

6.    Defendant Merck denies each and every allegation in Paragraph 6 of the Complaint except admits that Merck is authorized to do business in the State of Maine.

7.    Defendant Merck denies each and every allegation in Paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.    Defendant Merck lacks knowledge or information as to the first clause of Paragraph 8.  Further answering, the second clause in Paragraph 8 of the Complaint contains legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said clause.

9.    Defendant Merck admits that Plaintiffs purport to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief.

C.    **Venue**

10.    Defendant Merck denies each and every allegation in Paragraph 10 of the Complaint except admits that Merck is a New Jersey corporation and is authorized to do business in the State of Maine.

11.    Defendant Merck denies every allegation directed toward Merck contained in Paragraph 11 of the Complaint except admits that Merck manufactured, marketed, and

distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.     Defendant Merck lacks knowledge or information as to the first clause of Paragraph 12.  Further answering, the second clause in Paragraph 12 of the Complaint contains legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 12 of the Complaint.

13.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint.

### D.     VIOXX facts

14.     Defendant Merck denies each and every allegation in Paragraph 14 of the Complaint except admits that Vioxx is the brand name for rofecoxib, that rofecoxib is in a class of drugs known as nonsteroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

15.     Defendant Merck denies each and every allegation in Paragraph 15 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) to the United States Food and Drug Administration (FDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

16.     Defendant Merck denies each and every allegation in paragraph 16 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

17.     Defendant Merck denies each and every allegation in paragraph 17 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

18.     Defendant Merck denies each and every allegation in Paragraph 18 of the Complaint except admits that 2003 worldwide Vioxx sales figures exceeded $2 billion.

19.      Defendant Merck denies each and every allegation contained in the first sentence of paragraph 19 of the Petition and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 19 of the Petition.

20.     Defendant Merck denies each and every allegation set for in paragraph 20 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual language and full text. Merck further admits that, as required by the FDA when they approved the design of the VIGOR study, patients in the Vioxx arm of said study were administered a dosage of 50mg daily, and that patients who were being treated with aspirin were excluded from the study.

21.     Defendant Merck denies each and every allegation contained in Paragraph 21 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

22.     Defendant Merck denies each and every allegation set for in paragraph 22 of the Complaint.

23.     Defendant Merck denies each and every allegation set forth in paragraph 23 of the Complaint except admits that study exists and respectfully refers the Court to the referenced study for its actual language and full text. Merck further avers that patients administered rofecoxib (Vioxx) in the referenced study experienced significantly reduced pain at night compared to patients administered celecoxib and acetaminophen (Tylenol).

24.     Defendant Merck denies each and every allegation set forth in paragraph 24 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

25.     Defendant Merck denies each and every allegation in Paragraph 25 of the Complaint except admits that the referenced study exists, and that Plaintiff appears to have accurately quoted Dr. Whelton and respectfully refers the Court to the referenced study and presentation for its actual language and full text.

26.     Defendant Merck denies each and every allegation in Paragraph 26 of the Complaint except admits that the referenced study and publication exist, and Merck respectfully refers the Court to said publications for their actual language and full text.

27.     Defendant Merck denies each and every allegation in Paragraph 27 of the Complaint except admits that Merck contracted with Dr. Peter Holt to conduct certain audio conferences pertaining to Vioxx.

28.     Defendant Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated

December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

29.     Defendant Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

30.     Defendant Merck denies each and every allegation set forth in paragraph 30 of the Complaint except admits that audio conferences regarding Vioxx took place in June 2000. Merck further avers that it received a letter from Thomas W. Abrams of DDMAC in September, 2001, from which Plaintiffs appear to quote, and respectfully refers the Court to said letter for its actual language and full context.

31.     Defendant Merck denies each and every allegation contained in Paragraph 31 of the Complaint except admits that on December 12, 2000 Merck received a letter from an FDA regulatory officer and respectfully refers the Court to that letter for its actual language and full text.

32.     Defendant Merck denies each and every allegation contained in Paragraph 32 of the Complaint except admits that on January 5, 2001 Merck sent a letter to the FDA and respectfully refers the Court to that letter for its actual language and full text.

33.     Defendant Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     Defendant Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text.  Merck further admits Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for the VIGOR trial.

35.     Defendant Merck denies each and every allegation in Paragraph 35 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.

36.     Defendant Merck denies each and every allegation in Paragraph 36 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.

37.     Defendant Merck denies each and every allegation contained in the first sentence of paragraph 37 of the Complaint except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 37 of the Complaint except admits that in September 2001 Merck received a letter from the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

38.     Defendant Merck denies each and every allegation contained in Paragraph 38 of the Complaint except admits the existence of the referenced journal, and the article contained therein, and respectfully refers the Court to the said article for its actual language and full text.

39.     Defendant Merck denies each and every allegation contained in Paragraph 39 of the Complaint except admits the existence of the publication referenced, and respectfully refers the Court to the referenced document for its actual conclusions and full text.

40.     Defendant Merck denies each and every allegation contained in Paragraph 40 of the Complaint except admits the existence of the publication referenced, and respectfully refers the Court to the referenced document for its actual language and full text.

41.     Defendant Merck denies each and every allegation set for in Paragraph 41 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

42.     Defendant Merck denies each and every allegation in Paragraph 42 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

43.     Defendant Merck denies each and every allegation in Paragraph 43 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

44.     Defendant Merck denies each and every allegation in Paragraph 44 except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

45.     Defendant Merck denies each and every allegation contained in Paragraph 45 of the Complaint, except that Merck admits that the referenced journal and article exist and respectfully refers the Court to the referenced article for its actual language and full text.

46.     Defendant Merck denies each and every allegation contained in Paragraph 46 of the Complaint, except that Merck admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

47.     Defendant Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

48.     Defendant Merck denies each and every allegation contained in Paragraph 48 of the Complaint, except that Merck admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

49.     Defendant Merck denies each and every allegation contained in paragraph 49 of the Complaint except admits that the referenced article exists and Plaintiffs appear to be quoting from said article, and respectfully refers the Court to the referenced article for its actual language and full text.

50.     Defendant Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Defendant Merck denies each and every allegation contained in Paragraph 51 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

52.     Defendant Merck denies each and every allegation contained in Paragraph 52 of the Complaint, except admits that the referenced study and presentation exist and respectfully refers the Court to said study and presentation for their actual language and full text.

53.     Defendant Merck denies each and every allegation in Paragraph 53 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

54.     Defendant Merck denies each and every allegation contained in Paragraph 54 of the Complaint except admits the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

55.     Defendant Merck denies each and every allegation set forth in paragraph 55 of the Complaint, except avers that in a prospective, randomized, placebo controlled clinical trial there

was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raided by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interest of patients.

56.     Defendant Merck denies each and every allegation contained in paragraph 56 of the Complaint, except admits that a primary purpose for the APPROVe clinical trial was to determine whether Vioxx could prevent the development of colon polyps.

57.     Defendant Merck denies each and every allegation set forth in paragraph 57 of the Complaint, except avers that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raided by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interest of patients.

58.     Defendant Merck denies each and every allegation contained in paragraph 58 of the Complaint, except avers that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

59.     Defendant Merck denies each and every allegation contained in the paragraph 59 except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that on September 30, 2004, the FDA

"acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the court to the FDA's September 30, 2004 announcement.

60.     Defendant Merck denies each and every allegation contained in Paragraph 60 of the Complaint except admits the referenced study exists and respectfully refers the Court to the study for the actual language and full text.

61.     Defendant Merck denies each and every allegation contained in Paragraph 61 of the Complaint except admits the number of Vioxx users in the United States has been estimated at 20 million.

## E.     First Basis for Imposing Liability: Strict Liability in Tort Under Restatement (Second) of Torts § 402A

62.     Defendant Merck denies each and every allegation set forth in paragraph 62 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

63.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint.

64.     Defendant Merck denies each and every allegation in Paragraph 64 of the Complaint.

65.     Merck denies each and every allegation in Paragraph 65 of the Complaint.

66.     Merck denies each and every allegation in Paragraph 66 of the Complaint.

67.     Merck denies each and every allegation in Paragraph 67 of the Complaint.

68.     Defendant Merck denies each and every allegation in Paragraph 68 of the Complaint.

69.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint.

**F.      Second Basis for Imposing Liability: Strict Liability Under Restatement (Second) of Torts § 402B**

70.     Defendant Merck denies each and every allegation in Paragraph 70 of the Complaint.

71.     Defendant Merck denies each and every allegation in Paragraph 71 of the Complaint.

**G.      Third Basis for Imposing Liability: Negligence**

72.     Merck denies each and every allegation in Paragraph 72 of the Complaint.

73.     Defendant Merck denies each and every allegation in Paragraph 73 of the Complaint.

74.     Defendant Merck denies each and every allegation in Paragraph 74 of the Complaint.

75.     Defendant Merck denies each and every allegation in Paragraph 75 of the Complaint.

76.     Defendant Merck denies each and every allegation in Paragraph 76 of the Complaint.

77.     Defendant Merck denies each and every allegation in Paragraph 77 of the Complaint.

78.     Defendant Merck denies each and every allegation in Paragraph 78 of the Complaint.

79.     Defendant Merck denies each and every allegation in Paragraph 79 of the Complaint.

**H.     Fourth Basis for Imposing Liability: Breach of Implied Warranty 11 MRSA § 2-314**

80.     The allegations set forth in paragraph 80 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, defendant Merck denies each and every allegation in that paragraph.

81.     Defendant Merck denies each and every allegation in Paragraph 81 of the Complaint .

82.     Defendant Merck denies each and every allegation in Paragraph 82 of the Complaint.

**I.     Fifth Basis for Imposing Liability: Breach of Express Warranty, 11 MRSA 2-313**

83.     Defendant Merck denies each and every allegation in Paragraph 83 of the Complaint, except admits that Plaintiff purports to allege a breach of express warranty.

84.     Defendant Merck denies each and every allegation in Paragraph 84 of the Complaint.

85.     Defendant Merck denies each and every allegation in Paragraph 85 of the Complaint.

**J.     Mrs. Oakes' Personal Injury Claim**

86.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Complaint.

87.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Complaint.

- 13 -

88.     Defendant Merck denies each and every allegation in Paragraph 88 of the Complaint.

89.     Defendant Merck denies each and every allegation in Paragraph 89 of the Complaint.

90.     Defendant Merck denies each and every allegation in Paragraph 90, including subparts (a)-(f).

### K.     Mr. Oakes' Loss of Consortium and Household Services Claims

91.     Defendant Merck denies each and every allegation in Paragraph 91 of the Complaint, including subparts (a)-(d).

### L.     Intentional, Reckless and/or Malicious Conduct

92.     Defendant denies each and every allegation in Paragraph 92 of the Complaint.

### M.     Relief Requested

The allegations following in the "Relief Requested" section of the Plaintiff's Complaint are not allegations to which any responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for damages, but Merck denies that there is any legal or factual basis for said relief.

### RESPONSE TO "JURY DEMAND"

Merck admits that the Plaintiff demands a trial by jury.

### JURY DEMAND

Merck hereby requests a trial by jury.

- 14 -

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any product for which Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Merck had no control and for whom Merck is not responsible.

### FOURTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff. Moreover,

- 15 -

the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties.  Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## SIXTH DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or an act of God or other intervening cause or causes.

## SEVENTH DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## EIGHTH DEFENSE

The injuries and damages alleged in the Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

## NINTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

**TENTH DEFENSE**

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**ELEVENTH DEFENSE**

The Plaintiff's claims are barred by the Plaintiff's contributory negligence and the contributory negligence of others.

**TWELFTH DEFENSE**

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**THIRTEENTH DEFENSE**

The Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

**FOURTEENTH DEFENSE**

The benefits of the product or products at issue outweigh the risks, if any, that may be attendant to their use.

**FIFTEENTH DEFENSE**

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and /or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

**SIXTEENTH DEFENSE**

The Plaintiff's claims are barred, in whole or in part, under Comment k of the

Restatement (Second) of Torts § 402A.

### SEVENTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### EIGHTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### NINETEENTH DEFENSE

The Plaintiff's claims are barred under Section 4 et seq. of the Restatement (Third), of Torts: Product Liability.

### TWENTIETH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under Maine law Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.  To the extent that Plaintiff asserts claims based upon alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to the prescribing physician.

### TWENTY-FIRST DEFENSE

Merck has complied with all requirements of the Food and Drug Administration of the

United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations. Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber. The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. Therefore, the Plaintiff's claims are preempted.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims may be time-barred, in whole or in part, under applicable statute(s) of limitations, statutes of repose, or are otherwise untimely.

### TWENTY-THIRD DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiff and/or third parties, not from any negligence or breach of duty by Merck. Judgment may not enter for the Plaintiff if it is found that the Plaintiff was more negligent than Merck. If judgment is rendered in the Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

### TWENTY-FOURTH DEFENSE

To the extent the Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries or losses asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### TWENTY-FIFTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could

not have been known by the use of ordinary care by Merck.

## TWENTY-SIXTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## TWENTY-SEVENTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiff, nor did the Plaintiff rely on any representations or warranties made by Merck.  To the extent the Plaintiff relied on any representations or warranties, such reliance was unjustified.

## TWENTY-EIGHTH DEFENSE

Merck did not breach any duty of care to the Plaintiff.

## TWENTY-NINTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of estoppel.

## THIRTIETH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

## THIRTY-FIRST DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

## THIRTY-SECOND DEFENSE

The Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

### THIRTY-THIRD DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Plaintiff's alleged injuries.  Each and every claim asserted or raised in the Complaint is barred by the doctrine of statutory and regulatory compliance.

### THIRTY-FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to a lack of notice.

### THIRTY-FIFTH DEFENSE

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### THIRTY-SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

### THIRTY-SEVENTH DEFENSE

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### THIRTY-EIGHTH DEFENSE

To the extent the Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the

standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

### FORTIETH DEFENSE

To the extent the Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### FORTY-SECOND DEFENSE

The Plaintiff's state-law claims are barred, in whole or in part, because Vioxx was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FORTY-THIRD DEFENSE

The Complaint and the causes of action contained therein are barred, in whole or in part, by the United States and Maine Constitutions, which prohibit the extraterritorial application of Maine law.

### FORTY-FOURTH DEFENSE

The Complaint and the causes of action contained therein are barred, in whole or in part, by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Maine.  That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

### FORTY-EIGHTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### FORTY-NINTH DEFENSE

The Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity as required by Fed. R. Civ. P. 9(b).

## FIFTIETH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and comparable provisions of the Maine Constitution.  To the extent the Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## FIFTY-FIRST DEFENSE

This case is more appropriately brought in a different venue.

## FIFTY-SECOND DEFENSE

Venue in this case is improper.

## FIFTY-THIRD DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and has received judgments on parts of some or all claims asserted herein.

## FIFTY-FIFTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery by release as to his claims.

## FIFTY-SIXTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery due to spoliation of evidence.

## FIFTY-SEVENTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the governing state laws.

### FIFTY-EIGHTH DEFENSE

The Plaintiff has not sustained any injury or damages compensable at law.

### FIFTY-NINTH DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for the Plaintiff's failure to provide it with due process of law.

### SIXTIETH DEFENSE

To the extent the Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### SIXTY-FIRST DEFENSE

To the extent the Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

### SIXTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### SIXTY-FOURTH DEFENSE

The Plaintiff is not entitled to recover punitive damages under Maine law because Merck did not act with malice.

### SIXTY-FIFTH DEFENSE

Merck is not strictly liable under Section 221 of the Maine Revised Statutes Annotated

title 14 because Merck did not have knowledge of the alleged danger of Vioxx at the time of sale.

## SIXTY-SIXTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense. Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel


Dated:  May 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Complaint and Jury Claim has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of May, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel