UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * * | MDL No. 1657 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| | | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Daniel Czarnecki v. Merck & Co., Inc.,* **No. 06-10115.**

## ANSWER TO COMPLAINT AND JURY DEMAND

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations contained in the Complaint of Daniel Czarnecki:

## I.      RESPONSE TO "PARTIES"

1.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint.

3.      Defendant Merck admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx.  Merck further admits that Vioxx is the brand name for rofecoxib.

## II.      RESPONSE TO "JURISDICTION AND VENUE"

5.      Defendant Merck states that the allegations in paragraph 5 of the Complaint are legal conclusions as to which no response is required.  .

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in this paragraph.

7.      The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

8.      The first two sentences of Paragraph 8 contain legal conclusions to which no responsive pleading is required.  Should a response be deemed required, defendant Merck denies each and every allegation contained in sentences one and two of Paragraph 8.  Defendant Merck denies the allegations in sentence three of Paragraph 8, but admits it does business within Massachusetts.  Merck denies each and every allegation contained in the fourth sentence of Paragraph 8.  Sentences five and six of Paragraph 8 contain legal conclusions to which no responsive pleading is required.  Should a response be deemed required, defendant Merck denies each and every allegation contained in sentences five and six of Paragraph 8.

III.    **RESPONSE TO "GENERAL ALLEGATIONS"**

9.      Defendant Merck denies each and every allegation contained in Paragraph 9 of the Complaint except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10.     Defendant Merck denies each and every allegation contained in Paragraph 10 of the Complaint except admits that Vioxx was one of Merck's top-selling medications while it was on the market.  Merck admits that 2003 worldwide Vioxx sales figures exceeded $2 billion.

11.     Defendant Merck denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     Defendant Merck denies each and every allegation in Paragraph 12 of the Complaint.

A.     **Response to "Merck's Pre-Market Knowledge of VIOXX's Cardiotoxicity and Prothrombotic Effects"**

13.     Defendant Merck denies each and every allegation contained in Paragraph 13 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Defendant Merck denies each and every allegation in Paragraph 14 of the Complaint.

15.     Defendant Merck denies each and every allegation contained in Paragraph 15 of the Complaint except admits that it submitted a New Drug Application to the FDA for Vioxx on November 23, 1998 and that Merck received FDA approval to market Vioxx on or about May 20, 1999.  Merck respectfully refers the Court to the referenced New Drug Application ("NDA") for its actual language and full text.

16.     Defendant Merck denies each and every allegation contained in the first two sentences of Paragraph 16 of the Complaint and avers that Merck marketed the prescription

medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and with state and federal law. .  Merck denies each and every allegation contained in the third sentence of paragraph 16 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

17.     Defendant Merck denies each and every allegation contained in Paragraph 17 of the Complaint.

**B.      Response to "The VIOXX Gastrointestinal Research ("VIGOR") Study"**

18.     Defendant Merck denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     Defendant Merck denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text..

20.     Defendant Merck denies each and every allegation contained in Paragraph 20 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to the referenced studies for their actual language and full text.

21.     Defendant Merck denies each and every allegation in Paragraph 21 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced study and presentation for its actual language and full text.

22.     Defendant Merck denies each and every allegation in Paragraph 22 of the Complaint.

23.     Defendant Merck denies each and every allegation in Paragraph 23 of the Complaint.

24.     Merck denies each and every averment in Paragraph 24 of the Complaint, except it admits that the studies and the referenced presentation exists, and it respectfully refers the Court to the study and presentation for their actual language and full context.

25.     Defendant Merck denies each and every allegation in Paragraph 25 of the Complaint except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

26.     Defendant Merck denies each and every allegation contained in Paragraph 26 of the Complaint except admits that the referenced article exists and that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced article and press release for their actual language and full text.

27.     Defendant Merck denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Defendant Merck denies each and every allegation contained in Paragraph 28 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

29.     Defendant Merck denies each and every averment in Paragraph 29, except admits that the study referenced in the first sentence of that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text.  Merck further avers that the plaintiffs purport to quote a Merck press release but avers that the quote is taken out of context. Merck respectfully refers the Court to the press release for its actual language and full text.

30.     Defendant Merck denies each and every allegation contained in Paragraph 30 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

31.     Defendant Merck denies each and every allegation contained in Paragraph 31 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

32.     Merck denies each and every allegation contained in Paragraph 32 of the Complaint except admits that the referenced study and article exist and respectfully refers the Court to the study and article for their actual language and full text.

33.     Defendant Merck denies each and every averment in Paragraph 33 of the Complaint, except it admits that the referenced presentation and studies exist, and it respectfully refers the Court to the presentation and studies for their actual language and full text.

34.     Defendant Merck denies each and every allegation contained in Paragraph 34 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

35.     Defendant Merck denies each and every allegation in Paragraph 35 of the Complaint.

36.     Defendant Merck denies each and every allegation in Paragraph 36 of the Complaint except admits that the referenced trial was halted in September 2004. Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

C.    **Response to "Post-Withdrawal Confirmation of VIOXX's Cardiotoxicity"**

37.    Defendant Merck denies each and every allegation contained in Paragraph 37 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

38.    Defendant Merck denies each and every allegation Paragraph 38 of the Complaint except admits that the referenced article exists and that Plaintiff purports to quote portions of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

39.    Defendant Merck denies each and every allegation in Paragraph 39 of the Complaint except it admits that the analysis and studies referenced in this paragraph exists, and it respectfully refers the Court to the analysis and studies for their actual language and full text.

40.    Defendant Merck denies each and every allegation in Paragraph 40 except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

41.    Defendant Merck denies each and every allegation in Paragraph 41 except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

42.    Defendant Merck denies each and every allegation contained in Paragraph 42 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

43.    Defendant Merck denies each and every allegation contained in Paragraph 43 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

44.     Defendant Merck denies each and every allegation contained in Paragraph 44 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

45.     Denies each and every allegation contained in Paragraph 45 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

46.     Defendant Merck denies each and every allegation contained in Paragraph 46 of the Complaint, except admits that the advisory committee voted to allow Vioxx to be returned to the market, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

## IV.     <u>RESPONSE TO "MARION CECILIA CZARNECKI"</u>

47.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 48 of the Complaint.  The first part of the second sentence in Paragraph 48 is a legal conclusion to which no response is required.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second part of sentence two in Paragraph 48.

49.     Defendant Merck denies each and every allegation contained in Paragraph 49 of the Complaint.

50.     Defendant Merck denies each and every allegation contained in Paragraph 50 of the Complaint.

51.     Defendant Merck denies each and every allegation contained in Paragraph 51 of the Complaint.

52.     Defendant Merck denies each and every allegation contained in Paragraph 52 of the Complaint.

53.     Defendant Merck denies each and every allegation contained in Paragraph 53 of the Complaint.

54.     Defendant Merck denies each and every allegation contained in Paragraph 54 of the Complaint.

## V.     RESPONSE TO "CAUSES OF ACTION"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

### Response to "COUNT ONE - Negligence"

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent that a response is required, Merck denies each and every allegation in said paragraph and respectfully refers the court to the relevant law governing Plaintiffs' negligence claims.

56.     Paragraph 56 contains legal conclusions to which no response is required.  To the extent that a response is required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

57.     Merck denies each and every allegation contained in Paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in Paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint including sub-paragraphs (a) through (m).

60.     Defendant Merck denies each and every allegation in Paragraph 60 of the Complaint.

61.     Defendant Merck denies each and every allegation in Paragraph 61 of the Complaint.

62.     Defendant Merck denies each and every allegation in Paragraph 62 of the Complaint.

63.     Defendant Merck denies each and every allegation contained in Paragraph 63 of the Complaint.

### Response to "COUNT TWO - Strict Liability/Restatement of Torts §402A"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

64.     Merck admits it manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

65.     The allegations set forth in paragraph 65 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 66 of the Complaint, and denies each and every allegation directed at Merck in paragraph 66 of the Complaint.

67.      Defendant Merck denies each and every allegation in Paragraph 67 of the Complaint.

68.      Defendant Merck denies each and every allegation in Paragraph 68 of the Complaint.

69.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 of the Complaint.

70.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70.

71.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71.

72.      Defendant Merck denies each and every allegation in Paragraph 72 of the Complaint.

**RESPONSE TO "COUNT THREE - Restatement of Torts § 402B"**

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

73.      The allegations set forth in Paragraph 73 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck denies each and every allegation set forth in Paragraph 73 of the Complaint.

74.      Defendant Merck denies each and every allegation contained in Paragraph 74 of the Complaint .

75.      Defendant Merck denies each and every allegation contained in Paragraph 75 of the Complaint, including subparagraphs (A)-(C).

- 11 -

76.     Defendant Merck denies each and every allegation contained in Paragraph 76 of the Complaint.

77.     Defendant Merck denies each and every allegation contained in Paragraph 77 of the Complaint.

78.     Defendant Merck denies each and every allegation contained in Paragraph 78 of the Complaint.

79.     Defendant Merck denies each and every allegation contained in the first sentence of Paragraph 79 of the Complaint.  The allegations contained in the second sentence of paragraph 79 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

80.     Defendant Merck denies each and every allegation contained in Paragraph 80 of the Complaint.

## RESPONSE TO "COUNT FOUR - Fraud"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

81.     Defendant Merck denies each and every allegation contained in Paragraph 81 of the Complaint.

82.     Defendant Merck denies each and every allegation contained in Paragraph 82 of the Complaint.

83.     Defendant Merck denies each and every allegation contained in Paragraph 83 of the Complaint.

84.     Defendant Merck denies each and every allegation contained in Paragraph 84 of the Complaint.

85.     Defendant Merck denies each and every allegation contained in Paragraph 85 of the Complaint.

86.     Defendant Merck denies each and every allegation contained in Paragraph 86 of the Complaint.

87.     Defendant Merck denies each and every allegation contained in Paragraph 87 of the Complaint.


## Response to "COUNT FIVE - Express Warranties"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

88.     Defendant Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

89.     Defendant denies each and every allegation contained in Paragraph 89 of the Complaint.

90.     Defendant denies each and every allegation contained in Paragraph 90 of the Complaint.

91.     Defendant denies each and every allegation contained in Paragraph 91 of the Complaint.

92.     Defendant denies each and every allegation contained in Paragraph 92 of the Complaint.

## Response to "COUNT SIX - Implied Warranties"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

93.     Defendant Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

94.     The allegations contained in Paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

95.     Defendant denies each and every allegation contained in Paragraph 95 of the Complaint.

96.     Defendant denies each and every allegation contained in Paragraph 96 of the Complaint.

## Response to "COUNT SEVEN - Failure to Warn/Restatement of Torts § 388"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

97.     The allegations contained in Paragraph 97 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiffs' negligence claims.

98.     Defendant denies each and every allegation contained in Paragraph 98 of the Complaint, including subparagraphs (A) and (B).

99.     Defendant denies each and every allegation contained in Paragraph 99 of the Complaint.

100.    Defendant denies each and every allegation contained in Paragraph 100 of the Complaint.

### Response to "COUNT EIGHT - Intentional Infliction of Emotional Distress"

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

101.    Defendant denies each and every allegation contained in Paragraph 101 of the Complaint.

102.    Defendant denies each and every allegation contained in Paragraph 102 of the Complaint.

103.    Defendant Merck denies each and every allegation contained in Paragraph 103 of the Complaint.

104.    Defendant Merck denies each and every allegation contained in Paragraph 104 of the Complaint.

105.    Defendant Merck denies each and every allegation contained in Paragraph 105 of the Complaint.


**Response to "COUNT NINE - Survival Action"**

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

106.    Defendant Merck denies each and every allegation contained in Paragraph 106 of the Complaint.

107.    Defendant Merck denies each and every allegation contained in Paragraph 107 of the Complaint.

108.    Defendant Merck denies each and every allegation contained in Paragraph 108 of the Complaint.


**Response to "COUNT TEN - Wrongful Death"**

Defendant Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

109.    Defendant Merck denies each and every allegation contained in Paragraph 109 of the Complaint.


The "Wherefore" Paragraph of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and

every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## RESPONSE TO "JURY DEMAND"

Merck admits that the Plaintiff demands a trial by jury.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any product for which Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Merck had no control and for whom Merck is not responsible.

### FOURTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## SIXTH DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or an act of God or other intervening cause or causes.

## SEVENTH DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

**EIGHTH DEFENSE**

The injuries and damages alleged in the Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

**NINTH DEFENSE**

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

**TENTH DEFENSE**

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**ELEVENTH DEFENSE**

The Plaintiff' claims are barred by the Plaintiff's contributory negligence and the contributory negligence of others.

**TWELFTH DEFENSE**

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**THIRTEENTH DEFENSE**

The Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

**FOURTEENTH DEFENSE**

The benefits of the product or products at issue outweigh the risks, if any, that may be attendant to their use.

## FIFTEENTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and /or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

## SIXTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, under Comment k of the Restatement (Second) of Torts § 402A.

## SEVENTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## EIGHTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## NINETEENTH DEFENSE

The Plaintiff's claims are barred under Section 4 et seq. of the Restatement (Third), of Torts: Product Liability.

## TWENTIETH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under Massachusetts law Merck's only obligation is to warn the

prescribing physician and/or health care providers and said obligation was fulfilled.  To the extent that Plaintiff asserts claims based upon alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to the prescribing physician.

<strong>TWENTY-FIRST DEFENSE</strong>

Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, the Plaintiff's claims are preempted.

<strong>TWENTY-SECOND DEFENSE</strong>

The Plaintiff's claims may be time-barred, in whole or in part, under applicable statute(s) of limitations, statutes of repose, or are otherwise untimely.

<strong>TWENTY-THIRD DEFENSE</strong>

If the Plaintiff sustained the injuries or losses alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiff and/or third parties, not from any negligence or breach of duty by Merck.  Judgment may not enter for the Plaintiff if it is found that the Plaintiff was more negligent than Merck.  If judgment is rendered in the Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

## TWENTY-FOURTH DEFENSE

To the extent the Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries or losses asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## TWENTY-FIFTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

## TWENTY-SIXTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## TWENTY-SEVENTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiff, nor did the Plaintiff rely on any representations or warranties made by Merck.  To the extent the Plaintiff relied on any representations or warranties, such reliance was unjustified.

## TWENTY-EIGHTH DEFENSE

Merck did not breach any duty of care to the Plaintiff.

## TWENTY-NINTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of estoppel.

## THIRTIETH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because he has

made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

### THIRTY-FIRST DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

### THIRTY-SECOND DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

### THIRTY-THIRD DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Plaintiff's alleged injuries.  Each and every claim asserted or raised in the Complaint is barred by the doctrine of statutory and regulatory compliance.

### THIRTY-FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to a lack of notice.

### THIRTY-FIFTH DEFENSE

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### THIRTY-SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

### THIRTY-SEVENTH DEFENSE

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action.

## THIRTY-EIGHTH DEFENSE

To the extent the Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## FORTIETH DEFENSE

To the extent the Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## FORTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because Massachusetts law does not permit courts to award such damages unless expressly authorized to do so by statute.  See, e.g., Flesner v. Technical Communications Corp., 410 Mass. 805, 813 (1991).

## FORTY-SECOND DEFENSE

The Plaintiff's state-law claims are barred, in whole or in part, because Vioxx was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FORTY-THIRD DEFENSE

- 24 -

The Complaint and the causes of action contained therein are barred, in whole or in part, by the United States and Massachusetts Constitutions, which prohibit the extraterritorial application of Massachusetts law.

### FORTY-FOURTH DEFENSE

The Complaint and the causes of action contained therein are barred, in whole or in part, by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Massachusetts.  That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

### FORTY-FIFTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### FORTY-SIXTH DEFENSE

The Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by MASS. R. CIV. P. 9 (b).

### FORTY-SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and comparable provisions of the Massachusetts Declaration of Rights.  To the extent the Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### FORTY-EIGHTH DEFENSE

This case is more appropriately brought in a different venue.

### FORTY-NINTH DEFENSE

- 25 -

Venue in this case is improper.

## FIFTIETH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## FIFTY-FIRST DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## FIFTY-SECOND DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery by release as to his claims.

## FIFTY-THIRD DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery due to spoliation of evidence.

## FIFTY-FOURTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the governing state laws.

## FIFTY-FIFTH DEFENSE

The Plaintiff has not sustained any injury or damages compensable at law.

## FIFTY-SIXTH DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for the Plaintiff's failure to provide it with due process of law.

## FIFTY-SEVENTH DEFENSE

To the extent the Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### FIFTY-EIGHTH DEFENSE

To the extent the Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

### FIFTY-NINTH DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### SIXTIETH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.  Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiff take

nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel


*/s/ Catherine H. Wicker*
James J. Dillon (BBO# 124660)
David E. Cole (BBO# 658705)
Catherine H. Wicker (BBO# 664326)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000


Counsel for Merck & Co., Inc.



Dated:  May 16, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer to Complaint and Jury Claim has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of May, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel