UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation | *<br>*<br>* |
| This Document Relates to:<br>    LENE ARNOLD | *   MDL No. 1657<br>* |
| | *   SECTION L |
| versus | * |
| | *   JUDGE ELDON E. FALLON |
| MERCK & CO., INC.<br>    Defendant | *<br>*   MAGISTRATE JUDGE<br>*   KNOWLES |
| Case No. 05-2627 | *<br>* |
| & | *<br>* |
| ALICIA GOMEZ | *<br>* |
| versus | *<br>* |
| MERCK & CO., INC.<br>    Defendant | * |
| Case No.  05-1163 | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MERCK'S RESPONSE TO PLAINTIFFS'
SUBMISSION OF EIGHTH SUPPLEMENTAL AUTHORITY**

Defendant Merck & Co., Inc. ("Merck") submits this response to plaintiffs' Eighth Notice of Supplemental Authority, filed in opposition to Merck's pending motion for summary judgment in the above-captioned cases.  For the reasons explained herein, the decisions in *Barnhill v. Teva Pharms. USA, Inc.*, No. 06-0282-CB-M (S.D. Ala. Apr. 24, 2007), *Kelly v. Wyeth*, No. 2003-3314F (Mass. Super. Ct. Apr. 12, 2007), and *Watters v. Wachovia Bank, N.A.*, 127 S. Ct. 1559 (2007), should not alter the Court's preemption analysis in these cases.

A.  *Barnhill v. Teva Pharms. USA, Inc.*

Plaintiffs rely on *Barnhill* for the proposition that this Court owes no deference to the FDA Preemption Preamble.  (Pl. Supp. Auth. at 2.)  But the *Barnhill* decision is both legally wrong and factually inapposite.

To start, the *Barnhill* deference analysis proceeds from a false premise – that in the absence of an explicit congressional statement of preemptive intent, an agency's explicit statement of preemptive intent cannot overcome the presumption against preemption.  *Barnhill* slip op. 9 ("[W]hatever deference would be owed to an agency's views in contexts where the presumption against federal preemption does apply, an agency cannot supply, on Congress's behalf, the clear legislative statement of intent required to overcome the presumption against preemption.") (quoting *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 97 n.9 (2d Cir. 2006)).)  As Merck has explained, the *Desiano* dictum on which *Barnhill* relies cannot be reconciled with a long line of Supreme Court precedents rejecting such a presumption where an agency expressly acts to preempt state law.  (*See* Merck Reply Br. 9 n.3); *see, e.g., New York v. FERC*, 535 U.S. 1, 18 (2002).  In such cases, the sole question is whether the agency's action is "within the scope of its congressionally delegated authority," which a court must answer "without any presumption one way or the other."  *Id*.  An agency's power to preempt state law, in short, simply "does not depend on express congressional authorization to displace state law."  *United States v. Vernon Home Health*, 21 F.3d 693, 695 (5th Cir. 1994); *see New York v. FCC*, 486 U.S. 57, 64 (1988) (same); *Fid. Fed. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 154 (1982) (same).

Proceeding from this false premise, *Barnhill* incorrectly concludes that the FDA's position, expressed in the 2006 Preemption Preamble, is insufficient to overcome the presumption against preemption because it lacks the "power to persuade."  *Barnhill* slip op. at

10.  But it is not the "power to persuade" standard of *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), that governs the Preamble.  Rather, as Merck has explained, the agency decision here is entitled to review under the more deferential standard of *Auer v. Robbins*, 519 U.S. 452, 461 (1997).  Under *Auer*, a court must give "controlling" deference – in the words of the Fifth Circuit – to an agency's construction of the meaning of its own regulations, including when that construction is advanced in a regulatory Preamble.  *Belt v. EmCare, Inc.*, 444 F.3d 403, 416 & n.35 (5th Cir. 2006).  Thus, under *Auer*, the Court must enforce the agency's decision so long as it is not plainly inconsistent with the regulations or beyond the agency's power under the statute.  Because the *Barnhill* analysis proceeds under the wrong standard, its entire discussion is beside the point.

The court's analysis errs in many other respects as well.  First, the decision places far too much weight on the FDA's reconsideration of its prior views regarding preemption.  As Merck has explained, an agency may change its views in response to developments it observes within its field of expertise – as the FDA has done here – without diminishing the deference due the agency's conclusions.  (*See* Merck Br. at 23-25 (citing cases).)  *See also Chevron, U.S.A. v. NRDC, Inc.*, 467 U.S. 837, 863-64 (1984) ("the agency, to engage in informed rulemaking, must consider varying interpretations and the wisdom of its policy on a continuing basis").

Second, the court erred in asserting that the Preamble is inconsistent with the purposes of the FDCA because it would leave the manufacturer with "no incentive ever to disclose risk information it may subsequently discover." *Barnhill* slip. op. 10.  Post-Preamble, pharmaceutical manufacturers still have ample incentives to disclose risk information – if the FDA concludes that a manufacturer failed to properly disclose risk information, the manufacturer is subject to the full panoply of state-law remedies.  Such claims are not preempted because they

seek to enforce – not contradict – the labeling decisions reached by the FDA. It is the *Barnhill* court's view – that courts are better situated than the agency to regulate the disclosure of risk information by pharmaceutical manufacturers – that cannot be squared with the purposes of the FDCA.

Third, the *Barnhill* decision inexplicably suggests that even the FDA is "not convinced" of the preemptive effect of the Preamble, because the Preamble ostensibly asserts that "all failure-to warn claims are preempted," while simultaneously "recognizing that perhaps *all* does not mean every such claim." *Barnhill* slip op. 11. This makes no sense. The Preamble *never* asserts that all state-law claims are preempted; it asserts *exactly the opposite*: "FDA recognizes that FDA's regulation of drug labeling will not preempt all State law actions." 71 Fed. Reg. at 3936. The *Barnhill* court's flawed analysis of the Preamble should carry no persuasive weight.

Finally, *Barnhill* is not only analytically wrong but factually distinguishable. According to the opinion, the plaintiff suffered a side effect that "was or should have been known to the defendants," but was not adequately disclosed on the label. *Barnhill* slip op. 2. There is no indication in the opinion, however, that the *FDA* possessed the same information as the defendants when it approved the drug's label. To the contrary, much of the court's analysis (*id.* at 6-7, 10-11) turns on the "changes being effected" ("CBE") provision of the FDA regulations, 21 C.F.R. § 314.70(c)(6)(iii), which governs changes to a label to add or strengthen a warning in the event that *new* risk information is discovered *after* a label has already been approved. As Merck has explained, that provision, and the factual circumstances that implicate it, have no relevance here: in this case, plaintiffs were prescribed and ingested Vioxx *after* the VIGOR data was considered and a new label was approved by the FDA, but *before* any new risk information came to light.

B.  *Kelly v. Wyeth*

The state trial court decision in *Kelly* is similarly inapposite.  The *Kelly* court allowed a state-law failure-to-warn claim to proceed only because the manufacturer failed to propose labeling changes to the FDA based on new risk information:  "In this case . . . Teva never proposed any labeling changes before the FDA, therefore the FDA never had the opportunity to accept or reject a labeling change.  Because the labeling change was never before the FDA, there is no conflict between state and federal law and preemption does not apply." *Kelly* slip op. 10.  In the instant cases, by contrast, plaintiffs Arnold and Gomez challenge a label that was approved by the FDA, *after* extensive discussion over proposed language and *after* the agency had reviewed the very same information (the VIGOR study) that plaintiffs say should have led to additional label disclosures.  As the FDA has explained, its labeling regulations preempt "any claim premised on the defendants' failure to provide additional warnings" about an approved drug "premised on scientific information known to and considered by FDA as part of the approval process."  Letter Brief of FDA as Amicus Curiae, *Perry v. Novartis Pharmaceuticals*, Civ. No. 05-5350 (E.D. Pa.) ("FDA *Perry* Br.") at 12; *see also* 71 Fed. Reg. at 3936.  That was precisely the case here.

C.  *Watters v. Wachovia Bank, N.A.*

Plaintiffs go farthest afield in citing *Watters v. Wachovia Bank, N.A.*  That case holds that the National Bank Act ("NBA") preempts certain state laws relating to the business of banking, a subject that has nothing whatsoever to do with this case.  Indeed, plaintiffs do not even purport to rely on the majority opinion, but instead rely on the *dissenting* opinion, which discusses an issue not even addressed by the majority, *viz.*, whether the Office of the Comptroller of the Currency had authority under the NBA to issue regulations preempting state law.  The discussion plaintiffs

cite is thus doubly irrelevant – it is *dicta,* and it is *dicta* in a dissenting opinion. *See U.S. RR Ret. Bd. v. Fritz*, 449 U.S. 166, 177 n.10 (1980) ("The comments in the dissenting opinion . . . are just that: comments in a dissenting opinion."). On top of that, the author of the *Watters* dissent, Justice Stevens, has long objected to the Court's agency preemption doctrine, *see Geier v. Am. Honda Motor Co.*, 529 U.S. 861 (2000) (Stevens, J., dissenting); *Fid. Fed. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141 (1982) (Rehnquist, J., dissenting, joined by Stevens, J.) – but his narrow views of agency preemption authority obviously have *not* prevailed in the Court's cases, including in *Watters* itself.

Even on its own terms, the *Watters* dissent does not help plaintiffs here. Plaintiffs first point to the statement in the dissent that "Congress knows how to authorize agencies to preempt state law. It has not done so here." 127 S. Ct. at 1582. According to plaintiffs, Congress similarly has not authorized the FDA to issue regulations that preempt state law. However, that assertion is ridiculous: although express authorization is *not* required, *see de la Cuesta*, 458 U.S. at 154; *United States v. Vernon Home Health, Inc.*, 21 F.3d 693, 695 (5th Cir. 1994), the 1962 FDCA amendments expressly stated that state laws conflicting with the statute (and thus with regulations issued to enforce the statute) would be preempted. *See* Pub. L. No. 87-781, Tit. II, § 202, 76 Stat. 780, 783 (1962). Plaintiffs also rely on the dissent's statement that "[n]o case from this Court has ever applied . . . a deferential standard" to agency actions with preemptive effects. 127 S. Ct. at 1584. But that statement is self-evidently wrong: for *decades*, the Court has *repeatedly* given strong deference to agency regulations and other actions that have the effect of preempting state law. *See, e.g., New York v. FERC*, 535 U.S. 1, 17-18 (2002); *New York v. FCC*, 486 U.S. at 64; *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 708 (1984); *de la Cuesta*,

6

458 U.S. at 154; *U.S. v. Shimer*, 367 U.S. 374, 382-83 (1961).  It is those consistent, *majority* decisions that govern this case and compel preemption of plaintiffs' claims.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

7

873620v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response to Plaintiffs' Submission of Eighth Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of May, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

873620v.1