## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX®** | **: MDL Docket No. 1657** |
| | : |
| **PRODUCTS LIABILITY LITIGATION** | **: SECTION L** |
| | : |
| This document relates to: *Betty Johnson v. Merck &* | **: JUDGE FALLON** |
| *Co., Inc.* (E.D. La. 07-2700) | : |
| | **: MAG. JUDGE KNOWLES** |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

responds to Plaintiff's Complaint ("Complaint") herein as follows:

### RESPONSE TO "STATEMENT OF THE PARTIES"

1.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 1 of the Complaint.

2.     Merck admits that it is a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey. Merck denies each and every

allegation contained in the second sentence of paragraph 2 of the Complaint and avers that

Merck is a leading research-driven pharmaceutical products and services company that

researches, discovers, develops, manufactures and markets a broad range of innovative

pharmaceutical products to improve human health. Merck further admits that it manufactured,

marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew

Vioxx from the worldwide market on September 30, 2004. The allegations contained in the third

sentence of paragraph 2 of the Complaint are legal conclusions as to which no responsive

pleading is required. Merck denies each and every remaining allegation contained in paragraph

2 of the Complaint.

3.    Merck denies each and every allegation contained in paragraph 3 of the Complaint except admits that Plaintiff purports to use the word "Defendant" as stated in said paragraph.

### RESPONSE TO "STATEMENT OF JURISDICTION AND VENUE"

4.    The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.

5.    The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint.

6.    With respect to the allegations contained in paragraph 6 of the Complaint, Merck admits that a multidistrict litigation proceeding entitled *In re Vioxx Products Liability Litigation*, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon, and that the subject matter of that litigation is similar to the subject matter set forth in this Complaint.

### RESPONSE TO "STATEMENT OF THE FACTS"

7.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.    Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as

-2-

cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is Merck's trade name for rofecoxib.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of COX-2.

10.    Merck admits the allegations contained in paragraph 10 of the Complaint that it submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

11.    Merck admits the allegations contained in paragraph 11 of the Complaint that it submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.

12.    Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

13.    Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that Plaintiff purports to quote portions of the referenced label and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

- 3 -

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Plaintiff purports to quote portions of the referenced label and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

16.     Merck admits that in paragraph 16 of the Complaint Plaintiff purports to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

29.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that Plaintiff purports to quote from an 8-K Securities and Exchange Commission filing and respectfully refers the Court to the referenced document for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

- 6 -

## RESPONSE TO "COUNT I – PRODUCTS LIABILITY – DEFECTIVE DESIGN (N.J.S.A. 2A:58C-2 *et seq.*)"

34.[1]    With respect to the allegations contained in the second paragraph numbered 33 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

35.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

36.    Merck denies each and every allegation contained in paragraph 35 of the Complaint.

37.    Merck denies each and every allegation contained in the first sentence of paragraph 36 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 36 of the Complaint.

38.    Merck denies each and every allegation contained in the first and second sentences of paragraph 37 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third and fourth sentences of paragraph 37 of the Complaint.

39.    Merck denies each and every allegation contained in paragraph 38 of the Complaint.

---

[1]    Plaintiff erroneously numbered two separate paragraphs as paragraph 33 in the Complaint. Merck has continued answering with consecutively numbered paragraphs.

40.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 40, including the paragraph beginning with "WHEREFORE," of the Complaint except admits that Plaintiff purports to seek damages as stated therein but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II – PRODUCTS LIABILITY – FAILURE TO WARN (N.J.S.A. 2A:58C-2 *et seq.*)"

42.     With respect to the allegations contained in paragraph 41 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

43.     Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

44.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

45.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

46.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

- 8 -

47.    Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

48.    Merck denies each and every allegation contained in paragraph 47, including the paragraph beginning with "WHEREFORE," of the Complaint except admits that Plaintiff purports to seek damages as stated therein but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III – NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-2 *et seq.*)"

49.    With respect to the allegations contained in paragraph 48 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

50.    The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

51.    Merck denies each and every allegation contained in paragraph 50 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

52.    Merck denies each and every allegation contained in paragraph 51 of the Complaint.

53.    Merck denies each and every allegation contained in paragraph 52 of the Complaint.

- 9 -

54.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 64, including the paragraph beginning with "WHEREFORE," of the Complaint except admits that Plaintiff purports to seek damages as stated therein but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV – BREACH OF EXPRESS WARRANTY"

66.     With respect to the allegations contained in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

67.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

68.     The allegations contained in paragraph 67 of the Complaint and subparagraphs a through c of paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and subparagraphs and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

69.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

70.     The allegations contained in paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 69 of the Complaint.

- 11 -

71.     The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 70 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 73, including the paragraph beginning with "WHEREFORE," of the Complaint except admits that Plaintiff purports to seek damages as stated therein but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V – PUNITIVE DAMAGES UNDER THE PRODUCTS LIABILITY ACT (N.J.S.A.2A:58C-1)"

75.     With respect to the allegations contained in paragraph 74 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

76.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 77, including the paragraph beginning with "WHEREFORE," of the Complaint except admits that Plaintiff

purports to seek damages as stated therein but denies that there is any legal or factual basis for such relief.

<strong>RESPONSE TO "RELIEF REQUESTED"</strong>

Plaintiff's "Relief Requested" section of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the Relief Requested of Plaintiff's Complaint as set out more fully below.

A.     Merck denies that Plaintiff is entitled to the relief requested in paragraph A of the Relief Requested;

B.     Merck denies that Plaintiff is entitled to the relief requested in paragraph B of the Relief Requested;

C.     Merck denies that Plaintiff is entitled to the relief requested in paragraph C of the Relief Requested;

D.     Merck denies that Plaintiff is entitled to the relief requested in paragraph D of the Relief Requested;

E.     Merck denies that Plaintiff is entitled to the relief requested in paragraph E of the Relief Requested; and

F.     Merck denies that Plaintiff is entitled to the relief requested in paragraph F of the Relief Requested.

<strong>RESPONSE TO "DEMAND FOR JURY TRIAL"</strong>

Merck demands a trial by jury as to all issues so triable.

- 13 -

## AFFIRMATIVE DEFENSES

79.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

80.     The Complaint fails to state a claim upon which relief can be granted.

81.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

82.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

83.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

84.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

85.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

86.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

- 14 -

87.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

88.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

89.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

90.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

91.     To the extent Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

92.     Plaintiff's claims are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

- 15 -

93.     Plaintiff's claims are barred in whole or in part by the First Amendment.

94.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

95.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

96.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

97.     Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

98.     This case is more appropriately brought in a different venue.

99.     To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

100.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

101.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate the alleged damages.

102. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

103. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

104. To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

105. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

106. To the extent Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

- 17 -

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint

with prejudice and awarding Merck its reasonable costs and disbursements, together with such

and other and further relief that the Court may deem just and proper.

Dated: May 23, 2007                          Respectfully submitted,

_Dorothy H. Wimberly_

Phillip A. Whittmann, 13625
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Joseph K. Hetrick
A. Elizabeth Balakhani
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant

Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by

U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order

No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United

States District Court for the Eastern District of Louisiana by using the CM/ECF system which

will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657

on this 23rd day of May, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361
dwimberly@stonepigman.com

Defendant's Liaison Counsel