IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAIL TURNER,<br>　　　　Plaintiff<br><br>VS.<br><br>MERCK & CO., INC.<br>　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 05-6030 |

| | | |
|---|---|---|
| IN RE: VIOXX MARKETING,<br>SALES PRACTICES AND<br>PRODUCTS LIABILITY<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>　　　GAIL TURNER | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

### THE O'QUINN LAW FIRM'S MOTION
### TO WITHDRAW AS ATTORNEY IN CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

THE O'QUINN LAW FIRM, JOHN R. LEACH, III; MICHAEL J. LOWENBERG and ANTHONY E. FARAH, Movants herein, ask that this Court allow them to withdraw as attorneys in charge for Plaintiff Gail Turner, now deceased, and her beneficiary heirs, Albert Turner, Rona Turner and Sandra Turner. In support of their motion, Movants would show the Court the following:

1.　　Plaintiff, Gail Turner, now deceased, sued Defendant, Merck & Co., Inc., for Strict Products Liability, Negligence, Misrepresentation and Fraud, Civil Conspiracy and Commercial Bribery, Breach of the Implied Warranty of Merchantability, Breach of the Implied Warranty of Fitness For a Particular Purpose, Breach of Express Warranty, and Gross Negligence/Malice.

2.　　Discovery is being conducted under this Court's Case Management Order No. 9.

3.　　The case is not presently set for trial.

## A. STATEMENT OF FACTS

4. As directed by her physician, Plaintiff ingested the drug Vioxx. Because of her ingestion of Vioxx, Plaintiff suffered physical injuries and damages. Plaintiff also was using Vioxx in a manner for which it was intended and/or in a reasonably foreseeable manner.

## B. ARGUMENT & AUTHORITIES

5. Pursuant to Louisiana Rules of Professional Conduct 1.16 (b) 4 and 5, good cause exists for this Court to grant this Motion to Withdraw because Plaintiff's beneficiary heirs Albert Turner, Rona Turner and Sandra Turner (collectively referred to as "Beneficiary Heirs") and THE O'QUINN LAW FIRM, JOHN R. LEACH, III; MICHAEL J. LOWENBERG and ANTHONY E. FARAH have philosophical differences as to how to prosecute this case and it is not in the best interest of the client(s) for our representation to continue.

6. Plaintiff died on February 6, 2007 leaving the Beneficiary Heirs. Upon information and belief, Plaintiff died in intestate and none of the Beneficiary Heirs possess a power of attorney for Plaintiff's estate. Simply put, no one is authorized to act on behalf of Plaintiff's estate.

7. Further, prior to Plaintiff's death, she failed to comply with this Court's Case Management Order requiring Plaintiff to complete a Plaintiff's Fact Sheet or cooperate with the prosecution of her own lawsuit.

8. THE O'QUINN LAW FIRM has delivered a copy of this Motion to Plaintiff's beneficiary heirs and have notified them in writing, by both certified and regular mail, of their right to object to the Motion.

9. Albert Turner's, Plaintiff's Beneficiary Heir, last known address is 1445 Lakeside Estates Drive, Houston, Texas 77042

10. Sandra Turner's, Plaintiff's Beneficiary Heir, last known address is 285 St. Louis, Raceland, Louisiana, 70394.

11. Rona Turner's, Plaintiff's Beneficiary Heir, last known address is 171 Triplo Oak Dr., Raceland, Louisiana, 70394.

12. Following is a list of all pending settings and deadlines in this case:

> **Plaintiff's Profile Form was due February 6, 2006. There is a pending deficiency for which we received notice on or about September 12, 2006.** At that time **we were given twenty days to complete the form.** While Merck and its counsel have worked

with us, we are aware that Plaintiff's failure to file the Profile Form will not be ignored indefinitely. This matter was communicated to Plaintiff and has been communicated to her Beneficiary Heirs.

### C. CONCLUSION

13. Because Plaintiff and THE O'QUINN LAW FIRM, JOHN R. LEACH, III; MICHAEL J. LOWENBERG and ANTHONY E. FARAH had philosophical differences as to how best to proceed with the prosecution of her case and now Plaintiff's Beneficiary Heirs and THE O'QUINN LAW FIRM, JOHN R. LEACH, III; MICHAEL J. LOWENBERG and ANTHONY E. FARAH have philosophical differences regarding the same, THE O'QUINN LAW FIRM, JOHN R. LEACH, III; MICHAEL J. LOWENBERG and ANTHONY E. FARAH request that they be permitted to withdraw as attorneys in charge.

14. Plaintiff's Beneficiary Heirs have not advised THE O'QUINN LAW FIRM of a substitute attorney and THE O'QUINN LAW FIRM requests this withdrawal not only on behalf of The Firm and its attorneys, but also on behalf of Franklin D. Azar & Associates, P.C., the referring lawyers who maintained responsibility for this case with THE O'QUINN LAW FIRM.

## D.     PRAYER

WHEREFORE Movants request that THE O'QUINN LAW FIRM, JOHN R. LEACH, III; MICHAEL J. LOWENBERG and ANTHONY E. FARAH be allowed to withdraw as the Attorneys-of-Record for Plaintiff and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

THE O'QUINN LAW FIRM

By: _____

John R. Leach, III
SBN: 12084500
Michael J. Lowenberg
SBN: 24001164
Anthony E. Farah
SBN: 24007172
440 Louisiana St., Suite 2300
Houston, Texas 77002
(713) 223-1000
(713) 222-6903 (fax)

**ATTORNEYS FOR PLAINTIFF**

## **VERIFICATION**

STATE OF TEXAS §
HARRIS COUNTY §

Before me, the undersigned notary, on this day personally appeared JOHN R. LEACH, III, a person whose identity is known to me. After I administered an oath to him and upon his oath he stated that he had read The O'Quinn Law Firm's Motion to Withdraw and that the facts stated therein are within his personal knowledge and are true and correct.

_____
JOHN R. LEACH, III

SUBSCRIBED AND SWORN to before me on this 22nd day of May, 2007.

[Notary Seal: SUSAN CASTILLO, NOTARY PUBLIC, STATE OF TEXAS, MY COMMISSION EXPIRES MARCH 27, 2010]

_____
Notary Public for the State of Texas

3/27/2010
My commission expires

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion to Withdraw and Proposed Order were served on the 23 day of May, 2007, as described below to all counsel of record in accordance with the Federal Rules of Civil Procedure and more specifically, this Court's orders as entered in the MDL No. 1657:

Mr. Wilfred P. Coronato
Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3918
**Attorney for Defendant Merck**

All Counsel of Record Via LexisNexis File & Serve:

By: _____
John R. Leach, III