UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1657 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Ralph Michael Lane v. Merck & Co., Inc., Case No. 06-3665.*

## MERCK & CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiff's Complaint ("Complaint") as follows:

### RESPONSE TO "PARTIES"

1.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1 of the Complaint.

2.     Merck admits the allegations contained in paragraph 2 of the Complaint.

### RESPONSE TO "JURISDICTION AND VENUE"

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits the parties are diverse and that plaintiff purports to place an amount in controversy exceeding $75,000.00, but denies that there is any legal or factual basis for relief.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO "FACTUAL ALLEGATIONS"

5.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 5 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint, except Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint.

## RESPONSE TO "FIRST CLAIM FOR RELIEF – STRICT LIABILITY"

9.      With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this answer with the same force and effect as though set forth here in full.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint, except Merck admits that Merck marketed the prescription medicine Vioxx which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint, except Merck admits that Plaintiff purports to seek exemplary damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "SECOND CLAIM FOR RELIEF – NEGLIGENCE"**

17.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this answer with the same force and effect as though set forth here in full.

18.     The allegations contained in the first sentence of paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint.

<strong><u>RESPONSE TO "THIRD CLAIM FOR RELIEF –<br>DECEPTIVE TRADE PRACTICES ACT"</u></strong>

23.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this answer with the same force and effect as though set forth here in full.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

<strong><u>RESPONSE TO "FOURTH CLAIM FOR RELIEF –<br>ACTUAL AND CONSTRUCTIVE FRAUD"</u></strong>

25.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this answer with the same force and effect as though set forth here in full.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.     The final paragraph of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that Plaintiff purports to state a claim for damages, including exemplary damages, treble damages, attorney's fees, interest, and costs, but Merck denies that there is any legal or factual basis for such relief.

## AFFIRMATIVE DEFENSES

1.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

4.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

7.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

12.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Texas law.

15.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. Pro. 9(b) and Texas law.

16.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17.     Plaintiff's claims are barred in whole or in part by the First Amendment.

18.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20.     This case is more appropriately brought in a different venue.

21.     Venue in this case is improper.

22.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and have received judgments on parts of some or all claims asserted herein.

23.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

25.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

26.     The claims of Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31.     Plaintiff has not sustained any injury or damages compensable at law.

32.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

33.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

34.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

35.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

36.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

37.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

38.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

39.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

40.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

41.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

42.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusations against it; thus, the allegations are void for vagueness.

43.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

44.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

45.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

46.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

47.     Plaintiff's claims may be barred by Plaintiff's contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiff and/or his treating physician and/or other health care providers.

48.     If Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in

Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

49.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

50.     The occurrences and injuries Plaintiff allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff.  Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable.  Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiff or any other parties.

51.     If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

52.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

53.    Merck asserts that Plaintiff's claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

54.    Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

55.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

56.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

57.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

58.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

59.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

60.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

61.    Plaintiff's claims for injunctive relief are barred by the doctrine of primary jurisdiction.

62.     To the extent that Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

63.     Plaintiff's claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

64.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

65.     Merck incorporates any applicable affirmative defense or other defense asserted by way of any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

## XV.  JURY DEMAND

66.     Merck hereby demands a trial by jury on all of Plaintiff's claims.

Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361


*Defendant's Liaison Counsel*

Jonathan B. Skidmore
State Bar No. 18462500
H. Douglas Wabner
State Bar No. 2062550
Richard S. Krumholz
State Bar No. 00784425
Joe Tomaselli, Jr.
State Bar No. 24003064

2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

ATTORNEYS FOR DEFENDANT
MERCK & CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of May, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel