UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX | : |
| | : MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : |
| | : SECTION L |
| | : |
| *This document relates to ALL CASES* | : JUDGE FALLON |
| | : MAG. JUDGE KNOWLES |
| | : |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' STEERING COMMITTEE'S MOTION
TO CONDUCT CASE-SPECIFIC DISCOVERY

I.  **INTRODUCTION**

After nearly two and a half years of coordinated pretrial proceedings, Merck continues to assert that it will not settle this litigation and that it will try each and every Vioxx case. Merck's litigation strategy has resulted in a prolonged stalemate that has frustrated the efforts of thousands of claimants seeking to advance their claims. To resolve this impasse, the PSC recommends initiating preparations for the remand of cases on the MDL's docket, since most of the coordinated pretrial discovery in the MDL has been completed.

Because Merck has publicly announced its unwillingness to settle these cases, the time for their remand is approaching. The PSC therefore moves for an order directing that case-specific discovery commence in 250 cases to be designated by plaintiffs to be completed within the next six (6) months. Such an order is necessary to advance the litigation and to prepare the MDL for dissolution by ensuring that these initial remand cases are ready for trial upon remand to transferor courts.

1

## II. ARGUMENT

The original transfer order of MDL No. 1657 was issued by the Judicial Panel on Multidistrict Litigation ("JPML") on February 16, 2005. *See In re Vioxx Products Liability Litigation*, 360 F.Supp. 2d 1352 (J.P.M.L. 2005). The JPML's order consolidated the federal Vioxx litigation to serve the convenience of the parties and witnesses and to promote the just and efficient conduct of the litigation. The Panel's rationale for centralization was to eliminate duplicative discovery, avoid inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. Consistent with that directive, this Court has overseen extensive pretrial proceedings including discovery involving massive document productions, depositions of party witnesses, experts and third party witnesses and disputes involving the same. In addition, the Court has presided over several Vioxx trials that have generated lengthy and broad ranging *Daubert* rulings, as well as numerous evidentiary rulings affecting the trials.

After twenty-eight months, the coordinated pretrial discovery in the MDL has largely been accomplished and it is time to consider the dissolution of the MDL. Since *Lexecon Inc. v. Milberg, Weiss, Hynes & Lerach*, 523 U.S. 26 (1988), was decided, the MDL practice of self-referral of cases (*i.e.*, the transfer of an action under 28 U.S.C. §1404 by the transferee judge to the transferee forum) is no longer tolerated. *See generally In re Propulsid Products Liability Litigation*, 208 F.R.D. 133, 141 (E.D.La. 2002) (master complaints may not be used to "frustrate the intended effect" of §1407 by substituting the original venues with that of the transferee forum); *Abbott Laboratories v. CVS Pharmacy, Inc.*, 290 F.3d 854, 856 n. 1 (7th Cir. 2002) ("Any effort to move venue without Revco's consent would violate the holding of *Lexecon*"); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("Once [pretrial proceedings] have been completed, the cases must be returned

to the originating districts for decision on the merits."). As many of the cases docketed in the MDL originated elsewhere (or are subject to 28 U.S.C. §1404 venue transfers as contemplated by PTO No. 11), remand or transfer of cases to their appropriate trial venues must occur.

A critical first step in preparing cases for remand or transfer will be to ensure that case-specific discovery is completed prior to that dispatch. Several courts administering MDLs have issued such orders prior to remanding individual cases back to transferor courts. *See generally In re Latex Gloves Products Liability Litigation*, 2002 WL 32151775, * 5 (E.D.Pa. 2002) (ordering that case-specific discovery occur in each case prior to remand).[1] These orders prepare the MDL for dissolution and ensure that each individual action will be in a posture that allows it to be promptly resolved upon its remand to the transferor court.

For example, *In re Orthopedic Bone Screw Products Liability Litigation*, was an assemblage of numerous individual medical device, products liability cases consolidated for pretrial purposes. The Honorable Louis C. Bechtle presided over this MDL involving more than 5,000 plaintiffs. *See In re Orthopedic Bone Screw Products Liability Litigation*, 1997 WL 303239, * 1 (E.D.Pa. 1997). Very early on in that MDL, Judge Bechtle ordered that case-specific discovery occur prior to remand. *See In re Orthopedic Bone Screw Products Liability Litigation*, MDL Docket No. 1014, PTO No. 286 (E.D.Pa. 1996) (establishing procedures to ensure that discovery of individual cases is "substantially completed before remand").[2] In the court's suggestion of remand, it observed that,

---

[1] 502 cases were remanded in *In re Latex Goves. See Multidistrict Litigation Terminated Through September 30, 2006*, at pg. 10. A copy of this statistical report is available at the JPML website at http://www.jpml.uscourts.gov/Statistics/TerminatedDocketsThroughSeptember2006.pdf.

[2] PTO No. 286 states in relevant part:

> This Order pertains to all cases filed in or transferred and docketed

"[d]iscovery has been completed [prior to remand] with respect to substantially all issues concerning liability and damages in Remand Groups I and II." *In re Orthopedic Bone Screw Products Liability Litigation*, 1997 WL 303239, * 4. PTO 1056 further provides that the depositions of fact witnesses in Remand Groups I and II had been completed, that all expert witnesses had been identified and deposed, and that medical examinations of plaintiffs had been conducted. *Id.* at 5. Thus, virtually all pretrial discovery in individual cases had been completed prior to remand. *Id.* at * 4 ("certain circumstances may warrant additional limited discovery where such discovery was inadvertently omitted or wholly unforeseen as necessary. It is the recommendation of this court, however, that such circumstances be strictly and narrowly recognized by the transferor court.").

Because cases had been fully discovered during the administration of the MDL, Judge Bechtle was able to implement a program of continual remand, wherein groups of cases were remanded for disposition by the transferor courts after all case-specific discovery had been completed. Thus, the MDL was prepared for dissolution and individual plaintiffs were in a position to promptly resolve their claims after remand.

An order directing case-specific discovery in this case will similarly prepare the MDL for dissolution and ensure that the claims of individual plaintiffs are promptly resolved after remand.

---

in MDL No. 1014, prior to July 7, 1995 ("Remand Group I"). It is the intention of the Court that discovery concerning the claims of individual plaintiffs in Remand Group I shall be substantially completed before remand, that each such action will then be returned or transferred to the appropriate District Court designated in the Remand Order (hereinafter the "Remand Court") in a posture that will allow each plaintiff's claim to be resolved as the Remand Court's docket permits.

*In re Orthopedic Bone Screw Products Liability Litigation*, MDL Docket No. 1014, PTO No. 286, * 1 (E.D.Pa. 1996), attached hereto as Exhibit "A".

Although Merck may desire to further defer the resolution of the thousands of cases before this Court, justice demands that plaintiffs injured by Vioxx be afforded every opportunity to resolve their claims promptly. *See* Fed.R.Civ.P. 1. For this reason, an order directing case-specific discovery should be entered so cases that are ready, willing and able to proceed to trial expeditiously upon remand do so.[3]

Furthermore, an order directing case-specific discovery will advance the MDL since this Court could begin a program of remand by submitting cases for adjudication in transferor courts while continuing to preside over the pretrial proceedings of the cases remaining with discovery still outstanding and incomplete. Notwithstanding the "impressive management efforts" of this Court to advance the litigation through the use of bellwether trials designed to facilitate settlement by obtaining representative and instructive jury verdicts, *In re Vioxx Products Liability Litigation*, 2006 WL 1726675, * 2 (5th Cir. 2006), Merck continues to insist that it will try each and every Vioxx case. Since Merck refuses to abandon this impossible position, remand is inevitable. With cases already fully discovered, a program of remand could be implemented so that cases can be resolved in their originating courts while this Court continues to oversee and coordinate the MDL proceedings. Accordingly, a program of remand, even if limited to only a pioneering few, *i.e.*, 250 cases, will advance the MDL and accelerate the resolution of individual cases.[4]

At this time it is unnecessary for the Court to determine when a program of remand should

---

[3] Such an order is consistent with Merck's attempts to conduct case-specific discovery in this litigation. *See In re Vioxx Products Liability Litigation*, MDL No. 1657, Minute Entry, * 8 (E.D.La. June 16, 2006) (recounting Merck's efforts to pursue case-specific discovery in six (6) cases that had not been set for trial).

[4] Any subsequent discovery obtained through these coordinated MDL proceedings will be available to those cases that are already remanded for trials.

be implemented. The PSC is merely requesting that the Court order case-specific discovery to commence in 250 cases designated by plaintiffs so that when that inevitable date arrives, the parties are prepared. This Court should expect no less.

## III. CONCLUSION

For the reasons set forth above, the PSC's Motion to Conduct Case-Specific Discovery should be granted.

                                         Respectfully submitted,

                                         **PLAINTIFFS' STEERING COMMITTEE**

Date: May 29, 2007                          By: /s/ Leonard A. Davis
                                               **Russ M. Herman (Bar No. 6819)**
                                               Leonard A. Davis (Bar No. 14190)
                                               Stephen J. Herman (Bar No. 23129)
                                               *Herman, Herman, Katz & Cotlar, L.L.P.*
                                               820 O'Keefe Avenue
                                               New Orleans, Louisiana 70113
                                               Telephone: (504) 581-4892
                                               Facsimile: (504) 561-6024

                                               **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of May, 2007.

/s/ Leonard a. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com