# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ORTHOPEDIC BONE SCREW
PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO. 1014

PRETRIAL ORDER NO. 286

(Case Management Order for Remand Group IA)

This Order pertains to all cases filed in or transferred and docketed in MDL No. 1014, prior to July 7, 1995 ("Remand Group I"). It is the intention of the Court that discovery concerning the claims of individual plaintiffs in Remand Group I shall be substantially completed before remand, that each such action will then be returned or transferred to the appropriate District Court designated in the Remand Order (hereinafter the "Remand Court") in a posture that will allow each plaintiff's claim to be resolved as promptly as the Remand Court's docket permits. Towards this end, the Court hereby orders as follows:

1.     Before April 2, 1996, the Special Master shall file with the Court a list of cases to be included within the first set of cases to be remanded to the Remand Court or otherwise prepared for trial ("Remand Group IA").

2.     On or before April 17, 1996, plaintiffs' counsel in each of the cases included within Remand Group IA shall deliver to counsel for the applicable defendant, the PLC and the Special Master the following with respect to each case in Remand Group IA:

    (a)     A completed Notice of Defect in the form appended hereto as Exhibit "A";

    (b)     Authorizations to obtain social security and workers' compensation records in the form appended hereto as Exhibits "B" and "C" respectively, together with the documents described in those authorizations to the extent that such documents are in the possession of the plaintiffs or the plaintiffs' counsel.

3.     On or before May 13, 1996, plaintiffs' counsel in each case included within Remand Group IA shall deliver to counsel for the applicable defendant, the PLC and the Special

Master a list of all expert witnesses who will testify on behalf of plaintiffs at trial of each case in Remand Group IA together with complete and final disclosures with regard to such expert witnesses as called for by Rule 26(a) of the Federal Rules of Civil Procedure.

4.  On or before June 27, 1996, defendants in each of the cases designated for inclusion in Remand Group IA shall deliver to counsel for the applicable plaintiff, the PLC and the Special Master with respect to each case included in Remand Group IA:

(a)  A list of all expert witnesses who will testify on behalf of the defendant at trial together with complete and final disclosures with regard to such expert witnesses as called for by Rule 26(a) of the Federal Rules of Civil Procedure;

(b)  All medical records previously obtained by defendant for such plaintiff if plaintiff was not previously given specific notice by defendant that such records were being obtained pursuant to the plaintiff's authorization and an opportunity to purchase copies thereof.

5.  During the period between June 1, 1996 and July 31, 1996, the parties may take the depositions of any expert identified pursuant to the provisions of paragraphs 3(a) and 4(a) of this Pretrial Order.  In each case included within Remand Group IA, the parties may, by agreement, forego the taking of expert depositions without prejudice to their right to claim that their adversaries' expert report(s) failed to provide adequate notice of the anticipated substance of any expert witness' trial testimony.

6.  During the period April 2 through June 14, 1996, the defendants may schedule the medical examinations of the plaintiffs in Remand Group IA under Federal Rule of Civil Procedure 35 subject to the following:

(a)  Disclosure of any report shall be in accordance with and under the procedures established in Rule 35; and,

(b)  Plaintiffs shall not be required to travel an unreasonable distance for medical examinations.  Disputes concerning whether or not plaintiffs are being asked to travel an unreasonable distance for their medical examination shall be presented to the Special Master.  In the

2

event that the medical examination is scheduled to take place more than 50 miles from the plaintiff's residence, the party requesting the examination shall reimburse the plaintiff for all reasonable travel and lodging expenses incurred by the plaintiff to attend his/her examination.

During the period between April 24, 1996 and June 14, 1996, the parties upon reasonable notice may conduct non-destructive testing of any the medical devices which are the subject of this litigation which have been explanted from the plaintiffs in Remand Group IA. In arranging for and conducting such testing, the parties shall take all measures appropriate to preserve the physical condition of the devices and the chain of custody. Representatives of the parties, including counsel, may personally deliver devices for testing, observe all testing, and record such testing photographically, by videotape, or otherwise. Representives of the parties may not interfere in the testing that they may observe.

8.     On or before July 15, 1996, each plaintiff in Remand Group IA shall provide to the applicable defendant, the PLC and the Special Master each portion of the Pretrial Memorandum attached hereto as Exhibit "D" which the plaintiff is required to complete (with the exception of that portion of the Pretrial Memorandum stating plaintiffs' objections to defendants' exhibits) for each case in Remand Group IA.

9.     On or before August 15, 1996, each defendant in a case included in Remand Group IA shall provide the applicable plaintiff, the PLC and the Special Master each portion of the Pretrial Memorandum appended hereto as Exhibit "D" which that defendant is required to complete for each case in Remand Group IA.

10.    On August 30, 1996, the plaintiff in each case included in Remand Group IA shall provide to the applicable defendant, the PLC, the Special Master and the Court a completed Pretrial Memorandum in the form appended hereto as Exhibit "D" for each case included in Remand Group IA.

11.    On or before August 30, 1996, the parties shall serve and file all motions in limine, motions to strike evidence, motions to preclude evidence, motions for summary judgment and

3

other similar trial motions.   On or before September 20, 1996, responses shall be filed to all motions filed pursuant to this paragraph and replies are to be filed before September 30, 1996.

12.    This order does not affect the provisions of Pretrial Order 68 establishing procedures for discovery and motion practice as to expert opinions on generally applicable issues.

13.    No adjustment to the schedule in this Order shall be made except upon a showing of good cause.   All applications by plaintiffs or defendants or both for any such adjustments shall be directed to the Special Master.   Upon a showing of good cause, the Special Master may make such adjustments to the schedule established by this Order as are necessary and appropriate without further Order of this Court.

Date: 4/2/96

Bechtle, J.

4

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ORTHOPEDIC BONE SCREW          :          MDL DOCKET NO. 1014
PRODUCTS LIABILITY LITIGATION          :
                                       :

## NOTICE OF ALLEGED DEFECT

_____ is a plaintiff who

_____ is in possession, custody or control of an explanted device which is the

subject of the above-referenced litigation.

_____ is not in possession, custody or control of an explanted device which is the

subject of the above-referenced litigation.


Plaintiff claims that he/she sustained injury as a result of the following indicated

mechanisms of injury [check out defendant's version]

_____     fracture of orthopedic bone screws

_____     bending of orthopedic bone screws

_____     cracking of orthopedic bone screws

_____     corrosion of orthopedic bone screws

_____     fretting of orthopedic bone screws

_____     galling of orthopedic bone screws

_____     metal sloughing of orthopedic bone screws

_____     migration of orthopedic bone screws

_____     use of metallic components having a different chemical composition

_____     loosening of orthopedic bone screws

_____ pull out of orthopedic bone screws

_____ stress shielding

_____ spinal stabilization

_____ pedicle fracture

_____ pedicle micro-fracture

_____ intrinsic design features which make screw placement blind, inaccurate and imprecise

_____ system design which is incapable of bearing and withstanding the loads, stresses, and strains to which it is subjected in the human body

_____ excessive bulk

_____ raises the mechanical stress at levels adjacent to the fused level

_____ creates a mechanism for infection

_____ foreign body reaction with inflammation

_____ contains carcinogenic materials

_____ contains toxic materials

_____ creates a vehicle which produces increased venous pressure

_____ other (specify in detail)

_____

_____

_____


**By:** _____
        Attorney for Plaintiff

2

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ORTHOPEDIC BONE SCREW
PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO. 1014

## AUTHORIZATION FOR RELEASE OF SOCIAL SECURITY RECORDS

I, _____, do hereby authorize the Social Security Administration to release the following information about myself to Legal Record Services, 4040 Chestnut Street, Philadelphia, Pennsylvania 19104, or LBS Associates, Inc., c/o Linda Biddle Snyder, RN, 112 E. Main Street, Suite 105, Elkton, Maryland 21921, or Litigation Management, Inc., 1300 E. 9th Street, Suite 1900, Cleveland, Ohio 44114, or Litigation Reprographics and Support Service, 601 Poydras Street, New Orleans, Louisiana 70130, or the PLAINTIFFS' LEGAL COMMITTEE, c/o Calvin C. Fayard, Jr., Arnold A. Levin/John J. Cummings, III/W. Hugh Sibley, 320 Walnut Street, Suite 600, Philadelphia, Pennsylvania 19106-3875, or:

any and all records of statements made by me, forms or applications that I have submitted, and the results of any medical examination or adjudication regarding Social Security benefits that I have claimed due to disability.

You are hereby authorized to allow these attorneys or their representatives to inspect, copy and reproduce any and all information in your possession pertaining to my social security benefits including, but not limited to, any claim for benefits, investigative report, medical evaluation, hearing transcript, photograph, status report, award or determination.

Copies of this document are to be accepted with the same authority as the original, and I specifically authorize you to release records without the necessity of an original authorization.

Signature:

_____

Date of Birth:
Social Security Number:

Address:

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: ORTHOPEDIC BONE SCREW<br>PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1014 |

## AUTHORIZATION FOR RELEASE OF INSURANCE INFORMATION

I, _____, do hereby authorize any insurance company which has provided me with health, disability, or workers' compensation insurance coverage to release to Legal Record Services, 4040 Chestnut Street, Philadelphia, Pennsylvania 19104, or LBS Associates, Inc., c/o Linda Biddle Snyder, RN, 112 E. Main Street, Suite 105, Elkton, Maryland 21921, or Litigation Management, Inc., 1300 E. 9th Street, Suite 1900, Cleveland, Ohio 44114, or Litigation Reprographics and Support Service, 601 Poydras Street, New Orleans, Louisiana 70130, or the PLAINTIFFS' LEGAL COMMITTEE, c/o Calvin C. Fayard, Jr., Arnold A. Levin/John J. Cummings, III/W. Hugh Sibley, 320 Walnut Street, Suite 600, Philadelphia, Pennsylvania 19106-3875, or:

any and all information concerning any injuries, sickness, disorders or disabilities incurred by me or rehabilitation services or benefits received by me which you have concerning medical examination, diagnosis, or treatment for any physical, psychological or emotional disorder or disability, including information relating to my ability to work. I am a party involved in a lawsuit pending in the United States District Court for the Eastern District of Pennsylvania entitled "In Re: Orthopedic Bone Screw Products Liability Litigation, MDL Docket Number 1014."

You are hereby authorized to allow these attorneys or their representative to inspect, copy and reproduce any and all information in your possession pertaining to my insurance including but not limited to any claim for benefits, investigative reports, medical evaluation, hearing transcript, photographs, status reports, award or determination.

Copies of this document are to be accepted with the same authority as the original, and I specifically authorize you to release records without the necessity of an original authorization specifying the insurer by name.

Signature: _____

Date of Birth: _____
Social Security Number: _____

Address:

EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ORTHOPEDIC BONE SCREW PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1014 |

PROPOSED PRETRIAL ORDER NO. _____

Pursuant to Pretrial Order No. _____ and Rule 16.1(c) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, the parties hereby submit the following Proposed Pretrial Order:

1.    <u>Jurisdiction/Brief Statement of Nature of Action</u>.  The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § _____ [diversity of citizenship] [federal question jurisdiction].  This action involves claims for personal injury, products liability, _____.

2.    <u>Proposed Remand Court</u>.

Plaintiff's Proposal and Reason:


Defendant's Proposal and Reason:


3.    <u>Brief Statement/Counterstatement of Facts, Theories of Liability, and Defenses</u>.

Plaintiff's Statement of Facts: _____.

Defendants' Counterstatement of Facts: _____.

4.    <u>Itemized List of Monetary Damages Claimed</u>.

The following list sets for all monetary damages claimed by plaintiff(s), including any and all computations of lost earnings and loss of future earning capacity, medical expenses (itemized), and property damages.

a.

b.

c.

**5.**   <u>List of All Trial Witnesses, Including Experts.</u>

  a.   <u>Liability witnesses for plaintiff(s).</u>

   (1)   (name and address)

   (2)

  b.   <u>Damages witnesses for plaintiff(s).</u>

   (1)

   (2)

  c.   <u>Liability witnesses for defendants.</u>

   (1)

   (2)

  d.   <u>Damages witnesses for defendants.</u>

   (1)

   (2)

**6.**   <u>Schedule of Trial Exhibits.</u>

  a.   <u>Plaintiff's exhibits.</u>

   (1)

   (2)

  **b.**   <u>Defendants' exhibits.</u>

   (1)

   (2)

**7.**   <u>Objections to Exhibits on Authentication and Business Records Grounds.</u>

  a.   <u>Plaintiff's objections.</u>

2

b.   Defendant's objections.

8.   Estimated Length of Trial.

    a.   Plaintiff's estimate:  ___ days.

    b.   Defendants' estimate:  ___ days.

9.   Special Comments.

    a.   Legal Issues.

        (1)   Plaintiff's comments:

        (2)   Defendants' comments:

    b.   Stipulations.

    c.   Amendments of Pleadings.

    d.   Other.

_____
[PLAINTIFF'S COUNSEL]

          _____
          [DEFENDANTS' COUNSEL]

SO ORDERED, this _____ day of _____, 1996.

                    _____
                    Louis C. Bechtle,
                    United States District Judge

3