UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   VIOXX MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| This document relates to: **EDLA CASE NO. 07-902** | ) ) ) |
| DON CHAPMAN, a Nevada resident; DOROTHY CHAPMAN, a Nevada resident; VIRGINIA JEAN GUANCI, a Nevada resident; RICHARD GUANCI, a Nevada Resident; ESSIE PRINCE, a Nevada resident; GLORIA RYBA, a Nevada resident; DAVID STOLZ, a Nevada resident, | ) ) ) ) ) ) **MDL DOCKET NO. 1657** |
| Plaintiffs | ) **SECTION L** |
| vs. | ) ) |
| MERCK & COMPANY, INC., a corporation; WALGREENS COMPANY, an Illinois corporation; COSTCO WHOLESALE CORPORATION; EXPRESS SCRIPTS, INCORPORATED; TARGET CORPORATION; RALPH'S GROCERY COMPANY, d/b/a FOOD 4 LESS; LISA DAVIS, a Nevada resident; MISTY KUPERMAN, a Nevada resident; RICKY GULATI, a Nevada resident; FRED AVUENE, a Nevada resident; SERGE BRUNRY, a Nevada resident; DEBBIE LEE, a Nevada resident; KAREN SHOUSE, a Nevada resident; NANCY MOREDOCK, a Nevada resident; JERRY SHAW, a Nevada resident; KERRY EDWARDS, a Nevada resident; TINA DIMORE, a Nevada resident; TRACEY PHILLIPI, a Nevada resident; JULIE WURCH, a Nevada resident; LADON SILVEA, a Nevada resident; ROE INDIVIDUAL PHARMACISTS 1 to 50; ROE BUSINESS ENTITIES 1 to 100, inclusive, and DOES 1 to 50, inclusive, | ) **JUDGE FALLON** ) ) **MAGISTRATE JUDGE** ) **DANIEL E. KNOWLES, III** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

1

## PLAINTIFFS' MOTION TO ENLARGE TIME TO EFFECT SERVICE ON INDIVIDUAL DEFENDANTS

COME NOW Plaintiffs, by and through their attorneys of record, MAINOR, EGLET, COTTLE and hereby motions this court for an Order extending the time for the service of the Summons and Complaint herein on Defendants Debbie Lee, Lisa Davis and Fred Auzenne, past the 120 day statutory deadline. This motion is made and based upon FRCP 4, the Memorandum of Points and Authorities which follow, attached affidavit of counsel, attached exhibits and the pleadings and papers on file herein.

## PRELIMINARY STATEMENT

PLAINTIFFS, respectfully request that this Court grant Order extending the time for the service of the Summons and Complaint herein on Defendants Debbie Lee, Lisa Davis, and Fred Auzenne past the 120 day statutory deadline. Plaintiffs have moved this Court for its Order declaring that certain of the Defendants have made an appearance in this matter and should answer or otherwise respond to the *Complaint* or, in the alternative, granting Plaintiffs an extension of time to serve the *Complaint* on those Defendants by publication. In a recent decision by Nevada District Court Judge Jessie Walsh the exact issue regarding service which is the issue brought forward in this motion was decided in favor of the Plaintiffs as follows:

> COURT ORDERED, Plaintiff's motion GRANTED for a period of no more than 60 days. It appears that Defendants have been put on notice that service is being attempted on Merck's three drug sales representatives, and it does not seem that Defendants have or will be prejudiced by any delay in service at this time. 3/21//2007. *Booth v. Merck, et al.,* 06-A-527873-C. [Attached to this Motion as Exhibit "1" Order of Judge Walsh]

Based upon this decision we ask that this honorable court follow Judge Walsh's ruling on this issue and allow service by publication in this case. Defendants have not and will not be prejudiced as a result of any delay in service. No trial date has been set in this matter and discovery has not commenced. Plaintiffs' are in the process of effecting service by publication in the similar Booth case involving the same defendants as in the instant case.

2

MERCK developed, tested and obtained FDA approval for Vioxx, a Cox-2 inhibitor designed to replace Ibuprofen. Merck marketed Vioxx as a pain relieving drug that would allegedly not harm the user's stomach. Defendants' strategy beginning in the 1990's has been to aggressively market and promote Vioxx by falsely misleading potential users about the drug and by failing to protect users from serious dangers which Merck and the other defendants knew or should have known would result from use of the drug. MERCK widely and successfully marketed Vioxx in the United States, by undertaking an advertising blitz extolling the virtues of Vioxx in order to induce widespread use of the drug. The marketing campaign consisted of advertisements, promotional literature directed to Doctors by Merck sales representatives. These local drug salespersons directly "detailed" (i.e., promoted and marketed) Vioxx to physicians and otherwise participated in the overall marketing of Vioxx in Nevada, primarily in Las Vegas and Reno.

## SUMMARY ARGUMENT

Thru the use of 2 investigation firms and the creative investigative work of the drafter of this brief and counsel for plaintiff, we have found the father of Fred Azunne and the son of Lisa Davis. Both of these blood relatives, tell us that Fred and Lisa are both Nevada residents and live at the residents which we attempted service. Defense counsel will articulate in his opposition that he gave us the state in which these 3 detailers reside. All of which are curiously out of state. Unimpeachably, someone is flat out lying. Whether Defense counsel is lying or the blood relatives of the remaining three detailers are lying is unfortunately our concern because we must serve all detailers. However, now it is the Courts concern as well. When Merck was successful in having all these cases transferred to the MDL, all that could be heard were Merck's claims of judicial efficiency and speed. The only thing we hear now are false statements concerning the whereabouts of detailers and baseless attacks on the due diligence of this plaintiff, which will be shown to be merit less as this motion unfolds.

3

Defense counsel has indicated to plaintiff that he has the addresses of the remaining three detailers; however, he will not release them. Nonetheless, plaintiff believes if these addresses were given, it would turn out to be another wild goose chase of half truths. Simply put, plaintiff asks this Court to order Defense counsel to release the correct and accurate addresses of the remaining three Detailers, Lisa Davis, Fred Azunne and Debra Lee.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. LEGAL ARGUMENT

On or about September 8, 2006, Plaintiffs filed their Complaint against the Defendants in the Eighth Judicial District Court for the State of Nevada. Service was not completed in the Nevada state Court. On October 19, 2006, Defendant Merck removed the case to Federal Court. Where service of process in state court is defective or incomplete, 28 U.S.C.S. § 1448 and Fed. R. Civ. P. 4(m) give the plaintiff 120 days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured. 28 U.S.C.S. § 1448 governs service of process in removed cases. Where service has not been perfected prior to removal, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. 28 U.S.C.S. § 1448. The Federal Rules of Civil Procedure apply to removed cases after the date of removal. Fed. R. Civ. P. 81(c). Fed. R. Civ. P. 4(m) allows a plaintiff 120 days after a complaint is filed in federal court to complete service, and has also been interpreted to give plaintiffs in removed cases 120 days after the date of removal to complete service. See, *Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351 ( N.M. 2006). In the context of 28 U.S.C.S. § 1448, making the decision to dismiss or give time to perfect service, the court looks at whether an extension of time would prejudice the defense and whether defendants had any notice of the suit. Id.

In deciding to give a plaintiff 120 days from the date of removal to perfect the defective state service might burden the defendant who may have state procedural

justification for dismissal. Placement of the burden on that rare defendant's shoulders is proper. Because it is that defendant who makes the decision to remove the case to federal court and restart the clock. See, *Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351 (N.M. 2006). Where service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and FED. R. CIV. P. 4(m) give the plaintiff 120 days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured. 28 U.S.C. § 1448 governs service of process in removed cases. Where "service has not been perfected prior to removal, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. The Federal Rules of Civil Procedure apply to removed cases after the date of removal. FED. R. CIV. P. 81(c). Rule 4(m) allows a plaintiff 120 days after a complaint is filed in federal court to complete service, and has also been interpreted to give plaintiffs in removed cases 120 days after the date of removal to complete service. See *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D. Ga.1997). In this case, Plaintiffs had not completed state service of process as of October 19, 2006, the date Defendants removed the case to federal court, Plaintiffs are still within the 120 day period the Federal Rules give them to perfect service. In all cases removed from any State court in which any one or more of the defendants *has not been served* with process or in which the *service has not been perfected prior to removal*, or in which *process served proves to be defective*, such *process or service may be completed or new process issued* in the same manner as in cases originally filed in such district court. 28 U.S.C. § 1448, See, *F.D.I.C. v. Canfield*, 967 F.2d 443, 445 (10th Cir. 1992)("As in any case of statutory interpretation, we begin with the plain language of the law."). The interplay of § 1448 and Rule 4(m) actually encourages courts to direct plaintiffs to perfect service. See *Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997).

5

In making the decision to dismiss or give time to perfect service, the court in *Brazell*, looked at whether an extension of time would prejudice the defense and whether Defendants had any notice of the suit. *Brazell v. Green*, 1995 U.S. App. Lexis 27638 (1995). Defendants have not been prejudiced by any delay in service and the case is now proceeding in state court in a timely fashion. There is no trial date that has been set in this case and discovery has not commenced. In the instant case Defendant Merck has been put on notice that service is being attempted on Merck's three drug sales representatives. **To illustrate, Plaintiffs counsel has asked Defense counsel for the remaining addresses of the three drug representatives, Defense counsel admits he has the addresses, but will not release them.** Finally, Merck has filed an Answer in Federal and state court on behalf of eleven other drug sales representatives.

**B.     IN THE ALTERNATIVE, DEFENDANTS WHO HAVE NOT BEEN PERSONALLY SERVED HAVE BEEN CONSTRUCTIVELY NOTIFIED OF THE CLAIMS AGAINST THEM AND PLAINTIFFS HAVE BEEN DILIGENT AND DESERVE AN EXTENSION IN ORDER TO SERVE DEFENDANTS**

**1. Those Defendant drug sales representatives who have not been personally served with the Complaint have made a general appearance in this action and have constructive, if not actual, knowledge of the claims against them.**

The three Defendant drug sales representatives/detailers who have yet to be personally served and who have yet to file their Answers to the Complaint have, nevertheless, made their appearance in this action and have constructive, if not actual, knowledge of the claims made against them. Service should, therefore, be deemed accomplished and those Defendants should be ordered to file their Answers or otherwise respond to Plaintiffs' claims.

As stated above, Defendant Merck's attorneys filed Answers to the Complaints on behalf of Merck and those of its drug representatives whom Plaintiffs have been able to serve. Then when Plaintiffs filed a Motion to Remand the case back to Nevada State Court, Merck's attorneys opposed the Motion on behalf of Merck and all the Defendant sales representatives,

whether they had been served with the Complaint yet or not. In their Opposition to the Motion to Remand, there was no mention or objection concerning the fact that certain of the Defendants on whose behalf the Opposition was filed had not yet been served with the Complaint.

In fact, the Opposition to Motion to Remand simply conformed to the reality that Merck's attorneys are representing all of the sales representatives named in this action and they have made an appearance on their behalf. As a result, those three Defendants (who are either avoiding service of process or, for one reason or another, cannot be found) have constructive if not actual knowledge of claims against them; they have made a general appearance in this matter; and they should now file their Answers to the Complaint.

This action was under Federal jurisdiction during removal period and, under Federal case law, "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Pipes*, 799F.2d 489 (9th Cir. 1986). The failure to raise an objection (either by a plea or motion) that personal service has not been made, serves as a waiver to any deficiencies in service of process. See, *Guardian Title Co. Inc. v. Sulmeyer*, 417F.2d 1290 (9th Cir.1969) (citing F.R.C.P 12(h) (1)).

In *Dougan v. Gustaveson*, 108 Nev 517, 520 (1992), a case of first impression (where the defendant had filed an Answer and did not object to the untimely service of the Complaint), the Nevada Supreme Court turned to federal case law:

> The federal cases have consistently held that a defendant who fails to timely assert a defect in service may be barred from doing so later *(citations omitted)*. Despite the mandatory language of the FRCP 4(j) dismissal provision [which the Court noted was virtually identical to NRCP 4(i), which states that if service is not made within 120 days after filing the Complaint and good cause is not shown, the action "shall be dismissed as to that defendant without prejudice"], these federal courts have determined that the defense of insufficient service of process may be waived under FRCP 12(b) for failure to raise the defense in the answer or pre-answer motion See, *Dougan v. Gustaveson*, 108 Nev 517, 520 (1992).

7

Although the three Defendant drug representatives have not filed their Answers, they have filed a response to Plaintiffs' Motion to Remand. That was an affirmative act showing knowledge of the suit and an intention to appear-- in other words, a general appearance. *Guardian Title Co.*, 417 F.2d 1290. Simply put, the Defendants have made an appearance, and they cannot object to failure of personal service at this point.

Moreover, and more importantly, the rules of civil procedure are to be construed "to secure the just, speedy, and inexpensive determination of every action." N.R.C.P. (I). Recognition of a general appearance and waiver supports the reasoning behind both the federal and states rules of service.

Pursuant to the above, Plaintiffs requests this Court to make a determination and issue its Order that the three Defendant drug sales representatives/detailers named herein ( Debbie Lee, Lisa Davis, Fred Auzenne) have appeared in this matter; that they have constructive, if not actual, knowledge of the claims against them; that it is not necessary for Plaintiffs to continue to attempt personal service on these Defendants; and that the Defendants should now answer or otherwise respond to the First Amended Complaint.

**II.     Plaintiffs have acted diligently in attempting service of process on the three Defendant drug representatives and, if needed, Plaintiffs should be allowed a reasonable amount of additional time to affect service by publication.**

Plaintiffs have made reasonable and extensive efforts to locate the three Defendant drug representatives who have not been personally served. However, those Defendants cannot be located within the state, or may be avoiding. An ongoing investigation of each Defendant's whereabouts has disclosed the following:

Defendant, Fred Auzunne Jr. [Attached to this Motion as Exhibit "2" Affidavit of Megan Ferrel "] Affiant spoke to Fred Auzunne Sr., who stated the serves were not for him, but for his son, Fred Auzunne Jr. He stated he would accept service and give the papers to his

8

son". Since that service on December 28, 2006, Plaintiffs have attempted to locate and serve Mr. Auzunne in the Scottsdale, Arizona area but have been unable to locate him through the use of a local Phoenix process service company identified as Bond Investigations. We are still continuing our efforts to locate Mr. Auzenne.

Defendant Lisa Davis was served in Las Vegas, Nevada as indicated by the Affidavit of Jimmie M. Young [Attached to this Motion as Exhibit "3"] on December 19, 2006. "Affiant spoke with Dale who stated he was Lisa Davis's son, and would be willing to accept service for her". Based upon Merck's assertions that we served the wrong Lisa Davis on that date we have attempted to locate her in Arizona. Our investigation conducted by Bond Investigations indicated that there are in excess of seventy-five Lisa Davis's located in Arizona. Without additional information on this Defendant her present location will be difficult to determine.

Defendant, Debbie Lee was served in Ely, Nevada at her last known address on January 4, 2007. [Attached to this Motion as Exhibit "4"] Merck's counsel has since informed Plaintiffs that this was the wrong Debbie Lee. Despite further investigation by Robert Lawson Investigations we have been unable to locate another Debbie Lee in Nevada or Arizona that was employed a drug representative by Merck. Mr. Lawson is continuing to investigate. [Attached to this Motion as Exhibit "5" Affidavits of representatives for Lawson Investigations]

Plaintiffs ask the Court to simply review the Affidavits attached to Plaintiffs' Motion to determine whether or not Plaintiffs and the process servers hired by Plaintiffs used reasonable efforts to locate and serve them with the Complaint in this action.

Under N.R.C.P 4(i), "service of the complaint and summons must be made within 120 days or the action will be dismissed without prejudice, unless a plaintiff can show good cause why service was not made during the 120-day period." *Scrimer v. Dist. Ct.*, 116 Nev. 507,

512 998 P.2d 1190 (Nev. 2000). The district court determines good cause, within its discretion. *Id.*, at 1196.

The Court in *Scrimer* enumerated several considerations which may govern a district court's analysis of good cause under N.R.C.P. 4(i), and F.R.C.P. 4(i) emphasizing that " no single consideration is controlling." *Id.* at 1196. Those considerations which directly apply here would be:

> a. difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day service period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel,… (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court. *Id.* at 1195-1196.

Plaintiffs have been extremely diligent in serving any and all Defendants in this case. Plaintiff used several different resources and search programs in order to quickly serve defendants so that they would not be prejudice by any delay. The remaining Defendants must have had constructive notice of the law suit. Further, Plaintiff has not asked for extension in this case and only asks for one if the Court does not find Plaintiffs first two arguments persuasive. Plaintiff has had difficulty finding the remaining Defendants. What is more, Defendants concealment of the addresses of Debbie Lee, Lisa Davis and Fred Auzenne, Jr. is causing delay and waste in our Court system and is working against the goal of judicial economy.

Finally, "underlying these considerations is the policy behind Rule 4(i)—encourage the diligent prosecution of complaints. Rule 4(i) was not adopted, however, to become an automatic sanction when a plaintiff fails to serve the complaint within 120 days of filing… [and] the district court should recognize that 'good public policy dictates that cases should be adjudicated on their merits.'" *Id.* at 1195-1196

Based upon the removal date of October 19, 2006, 120 days expired on February 16, 2007. On all three defendants as evidenced by the attached Affidavits service was attempted prior to the expiration of the service date of February 16, 2007.

Plaintiffs assert that there is ample reason for the Court to find good cause for an extension in service, given the efforts made by the Plaintiffs to complete service on these Defendants. Plaintiffs hereby requests that the Court extend the time for service beyond 120 days for good cause shown due to Plaintiff's difficulty encountered while attempting to personally serve Defendants.

## CONCLUSION

Plaintiffs have been diligent in attempting to serve the remaining detailers and should be given an extension to complete service of process. In addition, Plaintiffs hereby request that this Court Order the release of address information for purposes of service of process on the remaining three detailers Debbie Lee, Lisa Davis and Fred Auzenne, Jr.

Nevada District Court Judge Jessie Walsh decided this exact issue regarding service which is the issue brought forward in this motion and granted an Order allowing service in favor of the Plaintiffs. Plaintiffs' are in the process of serving defendants Debbie Lee, Lisa Davis and Fred Auzenne, Jr. in the similar Booth case. Based upon the foregoing, Plaintiffs respectfully request this Court to enter its Order authorizing an additional 60 days from the date of the Courts Order, within which Plaintiffs' may complete service of process by publication

////
////
////
////
////
////

11

pursuant to F.R.C.P.4(e)(1 on the following Defendants: Debbie Lee, Lisa Davis, and Fred Auzenne, Jr.

Dated this 18th day of April, 2007.

By: _____
ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
**MAINOR EGLET COTTLE**
400 South Fourth Street, Suite 600
Las Vegas, NV 89101
Attorney for Plaintiffs

**LIST OF EXHIBITS:**

1) <u>Order</u> of Judge Jessie Walsh regarding service on Defendants
2) <u>Affidavit of Megan Ferrel</u> regarding Fred Auzunne Jr;
3) <u>Affidavit of Jimmie M. Young</u> regarding Lisa Davis;
4) <u>Affidavit of service</u> on Debbie Lee;
5) <u>Affidavits</u> from representatives of Robert Lawson investigations regarding attempted service of individual defendants; and,
6) <u>Affidavit</u> of Robert W. Cottle, Esq.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and in accordance with Pretrial Order No. 8(b), the following document was served on Liaison Counsel, Russ Herman and Philip Wittmann, by U.S. mail and E-mail or by hand delivery and upon all parties and by electronically uploading the same to Lexis Nexis File & Serve and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, that the I certify that I am an employee of MAINOR EGLET & COTTLE, and that the following documents were served via electronic service with the procedures established in MDL 1657:

**PLAINTIFFS' MOTION TO ENLARGE TIME TO EFFECT SERVICE ON INDIVIDUAL DEFENDANTS**

DATED this 18th day of April, 2007

/s/ *Robert W. Cottle*
ROBERT W. COTTLE, ESQ.