MINUTE ENTRY
FALLON, J.
MAY 31, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

     The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 24 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the monthly pretrial conference follows.

I.    STATE COURT TRIAL SETTINGS

     The following is the updated current listing provided by Merck of state court cases set for trial through December 31, 2007:  The *Kozic* case is set for September 17, 2007 in Tampa, Florida.  Additionally, a trial date of September 17, 2007 has been set in the California

1

JS10(02:00)

Coordinated proceeding, in the California Superior Court, Los Angeles County, for a case to be selected from a pool of five cases.  In October, *Crandall* is set for October 1, 2007 in Washoe County, Nevada; *Zajicek* is set for October 22, 2007 in Jackson County, Texas; and *Donohoo* is set for October 29, 2007 in Madison County, Illinois.

II.     STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  At today's conference, the State Liaison Committee called the Court's attention to several issues.  First, counsel for the doctor defendants in the *Jeffries, et al. v. Merck & Co., Inc., et al* case, Civil Action No. 06-1987, raised the issue of reporting created by their clients' continued presence in this litigation.  Second, PLC informed the Court that plaintiffs in the *Trahan, et al v. Merck & Co., Inc., et al.* case, Civil Action No. 06-11310, contend that they need not file a Plaintiff Profile Form until the Court resolves their pending motion to remand.  The Court has addressed this issue on prior occasions and has made clear that plaintiffs with cases in this Court must abide by Pre-Trial Order 18C regardless of whether or not they have a remand motion pending.

III.    FURTHER PROCEEDINGS IN THE EARLY FEDERAL COURT CASES

Plaintiff's Motion for New Trial in the *Irvin/Plunkett* case was granted by the Court and the Judgment in favor of Merck was vacated on May 29, 2007.  Plaintiff's Motion for New Trial in the *Dedrick* case was denied by the Court on May 29, 2007.

On August 30, 2006, the Court ordered a new trial on the issue of damages only, in the *Barnett* case.  Merck's motion for new trial on all issues and its alternative renewed motion for judgment as a matter of law were argued March 28, 2007 and the motions were taken under

submission. Retrial of the case is set for October 29, 2007.

## IV. CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The Court has advised the parties that it will address these issues at a later date.

## V. DISCOVERY DIRECTED TO MERCK

On March 21, 2007, the Court issued a notice relating to its intention to appoint a Special Master to make findings of fact and conclusions of law with respect to certain documents over which Merck claimed privilege. Thereafter, on April 25, 2007, the Court entered an Order appointing Professor Paul Rice as Special Master; and on May 1, 2007, the Court entered an Order appointing Brent B. Barriere as Special Counsel to, inter alia, manage the Special Master's operating account and to provide logistical support and local facilities for the Special Master. Special Master Rice and Special Counsel Barriere have had several conferences and communications with the parties.

At today's conference, Special Master Rice informed the Court of the progress of his initial review of approximately 2,000 representative documents selected by Merck and 600 documents selected by the PSC. Special Master Rice informed the Court that he anticipated completing his review of this first wave of documents in the near future, and plans on issuing a final report and recommendation by the end of June, 2007.

VI.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

VII.    DEPOSITION SCHEDULING

On March 28, 2007, Merck noticed de bene esse trial preservation depositions for Merck employees Dr. Elav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, and Dr. Peter Kim, former employee Dr. Douglas Greene, and expert witness Dr. Lisa Rarick. On March 30, 2007, the PSC, pursuant to Federal Rules of Civil Procedure 26(c) filed a Motion for a Protective Order. At the April 12, 2007 monthly conference, the Court granted the PSC's motion for a protective order, but only until May 31, 2007.

At today's conference, the Court revisited this issue. The parties informed the Court that one of the noticed depositions is scheduled for June 2007, and the rest are scheduled in July and August 2007. In light of the Special Master's review of documents that may be relevant to these depositions, the Court directed the parties to meet and confer on rescheduling the June deposition. However, the July and August depositions will remain scheduled as noticed for the time being.

Also, the PSC advises that it is attempting to notice depositions to facilitate completion

of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

VIII.   <u>PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM</u>

On April 23, 2007, Merck filed five Rules to Show Cause Why Cases Should Not Be Dismissed for Providing a Grossly Deficient Plaintiff Profile Form in Contravention of Pre-Trial Order No. 18C.  On April 24, 2007, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed for Breach of Agreement and for Providing a Grossly Deficient Plaintiff Profile Form that Fails to Allege a Vioxx Related Injury.  These Rules were heard today following the monthly pretrial conference, and the Court will enter a separate order resolving the Rules.

On May 29, 2007, Lifetime Medical Center and Lifetime Healthcare Inc. filed a Rule to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order No. 18C (Rec. Doc. 11198).  At today's conference, the parties suggested that the Lifetime entities are third-parties that lack standing to file such a Rule.  However, the Lifetime entities are in fact defendants in the *Sfeir v. Merck & Co., Inc., et al.* case, Civil Action No. 06-2243, and the *Lukasik v. Merck & Co., Inc., et al.* case, Civil Action No. 06-3151.  Nevertheless, as an insufficient period of time has passed since the Plaintiff Profile Forms were due in these cases, IT IS ORDERED that Lifetime's Rule to Show Cause (Rec. Doc. 11198) is DENIED.  The defendants are free to re-urge this matter at a later time, once the plaintiffs have had ample opportunity to respond.

Lastly, on January 22, 2007, Merck advised the PSC that it was seeking its concurrence with respect to setting a deadline for submission of PPFs by Louisiana residents affected by

Hurricane Katrina, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs to avoid the possible loss or disappearance of evidence relevant to the claims.  Merck provided the PSC with lists of the Louisiana plaintiffs, plaintiffs represented by Louisiana counsel, and pro se plaintiffs who have not submitted PPFs, and a proposed Pre-Trial Order setting a deadline for submission of PPFs by these plaintiffs.  The PSC has requested updates to the lists and counsel for Defendants has agreed to provide updated lists.  The PSC has reviewed this information and communicated several times with Merck, and the parties have exchanged various revisions to the proposed Pre-Trial Order.  At today's conference, the parties informed the Court that they anticipate submitting a joint proposed Pre-Trial Order on this issue by June 8, 2007.

IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various pro se claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

Both PLC and counsel for Defendants have had ongoing communications with *pro se* claimant in the *Harrison v. Merck & Co., Inc.* case, Civil Action No. 07-905, regarding Mr. Harrison's discovery requests.  The parties have also had communications with *pro se* claimant in the *Reid v. Merck & Co., Inc.* case, Civil Action No. 05-5314, regarding Mr. Reid's discovery requests.  Counsel advised the Court that they anticipate finalizing the arrangements with these *pro se* claimants by June 18, 2007.

X. IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS data. The PSC has been advised that Orders were issued in New Jersey state court regarding the IMS data and the PSC is reviewing the Orders further.

XI. MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law. The matter has been fully briefed and the Court heard oral argument on November 17, 2006 and took Merck's motion under submission.

XII. TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum. On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form. The PSC is reviewing the information and will be providing a response to DLC.

On March 7, 2007, a Notice of Amendment to the Tolling Agreement was filed with the Court. The parties agreed to establish a deadline for the submission of claims under the Tolling Agreement. No further requests for tolling shall be accepted under the Tolling Agreement beyond April 9, 2007.

XIII. ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL

PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIV. <u>VIOXX SUIT STATISTICS</u>

Merck advises that as of March 31, 2007, it has been served or was aware that it had been named as a defendant in approximately 27,250 lawsuits, which include approximately 45,700 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 266 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,400 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,550 lawsuits representing approximately 16,550 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of March 31, approximately 13,700 claimants had entered into Tolling Agreements. Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV. <u>MERCK INSURANCE</u>

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation. Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's

First Request for Production of Documents. The PSC advised that it did not deem the supplemental responses sufficient. The PSC also issued a Notice of FRE 30(b)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues. Additionally, FRE 30(b)(6) Corporate Deposition Notices were issued to Merck's insurers. On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurance issues. The parties discussed this matter further with the Court on January 10, 2007.

On January 16, 2007, Merck and its insurers jointly filed an omnibus motion to quash or, alternatively, a motion for a protective order with regard to the PSC's insurance-related discovery. The PSC responded and the Court heard argument on March 1, 2007. Thereafter, the Court entered an Order requiring Merck to produce certain insurance policies and present a 30(b)(6) witness for deposition, but otherwise granted the motion. The deposition of the 30(b)(6) witness was held on May 23, 2007.

## XVI. MOTION TO COMPEL RETURN OF ATTORNEY WORK PRODUCT

On March 7, 2007, during the deposition of John W. Farquhar, M.D., defendant attempted to use a document that the Plaintiffs' Steering Committee contended was inappropriate to be used because it contained attorney work product. On March 8, 2007, a telephone status conference took place with the Court and the parties were ordered to address the issue at the April 2007 monthly status conference. On March 29, 2007, the PSC filed a Motion to Compel the Return of Attorney Work Product. Merck filed its opposition on April 10, 2007, and that matter was argued following the monthly status conference on April 12, 2007. By Order and Reasons dated May 29, 2007, the Court denied the motion and further ordered that to the extent

9

the transcript of Dr. Farquhar's deposition remains unavailable, all volumes of the transcript, except for Volume 2, be unsealed.

XVII.  MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months.  The matter is not yet set for hearing.  Merck has not yet had an opportunity to review the motion, but plans to respond in due course.

At today's conference, the PSC also informed the Court that it has withdrawn its Renewed Motion to Implement Procedure for Rapid Remand (Rec. Doc. 10922).  Accordingly, IT IS ORDERED that the PSC's motion (Rec. Doc. 10922) is DENIED AS MOOT.

XVIII. NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on June 28, 2007, at 9:00 a.m.  Counsel unable to attend in person may listen-in by telephone at 1-866-213-7163.  The access code will be 3037893 and the Chairperson will be Judge Fallon.

