UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1657 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Richard L. Dutton v. Merck & Company, Inc.,* *Civil Action No. 05-4880.*

## MERCK & CO., INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

### RESPONSE TO "PARTIES"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1.00 of the Complaint.

2.      Merck denies each and every allegation contained in paragraph 2.00 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

### RESPONSE TO "JURISDICTION AND VENUE"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

1

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FACTUAL BACKGROUND"

5.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 5 of the Complaint, and Merck denies each and every allegation directed toward Merck contained in paragraph 5 of the Complaint.

6.     Merck denies each and every allegation contained in paragraph 6 of the Complaint except Merck admits that it manufactured, marketed, and distributed the prescription medication Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

7.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 7 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 7 of the Complaint.

## RESPONSE TO "DEFENDANT'S MISREPRESENTATION AND CONTINUED CONCEALMENT"

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint, including subparts (a) and (b), except Merck admits that it marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

2

11.     The allegations contained in paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 16 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but denies that there is any legal or factual basis for such relief.

877406v.1

## RESPONSE TO "TOLLING OF APPLICABLE STATUTES OF LIMITATION"

20.   With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

21.   Merck admits that in paragraph 20 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of their Complaint.

22.   The allegations contained in paragraph 21 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

23.   The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

24.   The allegations contained in paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

25.   Merck denies each and every allegation contained in paragraph 24 of the Complaint.

26.   The allegations contained in paragraph 25 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

27.   The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

877406v.1

28.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

29.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

### RESPONSE TO "CAUSES OF ACTION"
### Count 1
### (Negligence and Gross Negligence)

30.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

31.     Merck admits that in paragraph 29 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of their Complaint.

32.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, including subparts (a) through (d).

33.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 32 of the Complaint.

### Count 3
### (Products Liability)

35.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

36.     Merck admits that in paragraph 33 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of their Complaint.

5

37.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

41.     The allegations contained in paragraph 38 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

<u>**Count 4**</u>
<u>**(Breach of Warranty)**</u>

42.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

43.     Merck admits that in paragraph 39 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of their Complaint.

44.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

45.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

877406v.1

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 42 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 42 of the Complaint.

47.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

## Count 5
### (Negligence per se)

48.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

49.     Merck admits that in paragraph 44 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of their Complaint.

50.     The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law.

51.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

52.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

53.     The allegations contained in paragraph 48 of the Complaint, including subparts (a) through (f), are legal conclusions as to which no responsive pleading is required.  Should a

877406v.1

response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparts (a) through (f).

54.     The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

55.     Merck denies each and every allegation contained in paragraph 50 of the Complaint.

<u>**RESPONSE TO "DAMAGES"**</u>

56.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

57.     Merck denies each and every allegation contained in paragaph 51 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but denies that there is any legal or factual basis for such relief.

58.     Merck denies each and every allegation contained in paragraph 52 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages relating to past and future loss of earning capacity, but denies that there is any legal or factual basis for such relief.

59.     Merck denies each and every allegation contained in paragraph 53 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages relating to past and future physical pain and mental anguish, physical and mental impairment, and physical disfigurement, but denies that there is any legal or factual basis for such relief.

60.     Merck denies each and every allegation contained in paragraph 54 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages relating to

8

past and future medical expenses, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "EXEMPLARY DAMAGES"

61.      With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

62.      Merck admits that in paragraph 55 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of their Complaint.

63.      The allegations contained in paragraph 56 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragaph 56 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for exemplary damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "PRE- AND POST-JUDGMENT INTEREST"

64.      With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

65.      Merck denies each and every allegation contained in paragraph 57 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for pre-judgment and post-judgment interest, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "JURY DEMAND AND CONDITIONS PRECEDENT"

66.      Paragraph 58 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

877406v.1

67.     The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

68.     Plaintiffs' prayer for relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph, including subparts (i) through (v), except Merck admits that Plaintiffs purport to state a claim for damages, including actual damages, exemplary damages, pre-judgment and post-judgment interest, and costs of court, but denies that there is any legal or factual basis for such relief.

## AFFIRMATIVE DEFENSES

1.     The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

4.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

877406v.1

7.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

12.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

877406v.1

13.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Texas law.

15.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. Pro. 9(b) and Texas law.

16.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

18.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20.     This case is more appropriately brought in a different venue.

21.     Venue in this case is improper.

22.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

877406v.1

23.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

25.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

26.     The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31.     Plaintiffs have not sustained any injury or damages compensable at law.

32.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

877406v.1

33.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

34.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

35.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

36.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

37.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

877406v.1

38.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

39.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

40.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusations against it; thus, the allegations are void for vagueness.

41.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

877406v.1

42.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

43.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

44.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

45.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

46.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

47.     Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or their treating physicians and/or other health care providers.

48.     If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs

877406v.1

and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

49.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

50.     The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable.  Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

51.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

52.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

53.     Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

54.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

55.     Plaintiffs claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

56.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

57.     Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

58.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

59.     Plaintiffs' claims are not suitable for joinder.

60.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

877406v.1

61.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

62.     Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

63.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

64.     Merck incorporates any applicable affirmative defense or other defense asserted by way of any other defendant in this action and hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the Master Answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.

## JURY DEMAND

65.     Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:     504-581-3200
Fax:         504-581-3361
Defendant's Liaison Counsel

877406v.1

Jonathan B. Skidmore
State Bar No. 18462500
H. Douglas Wabner
State Bar No. 2062550
Richard S. Krumholz
State Bar No. 00784425
Joe Tomaselli, Jr.
State Bar No. 24003064

2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

*Attorneys for Defendant Merck & Co., Inc.*

20

877406v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of June, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

877406v.1