UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| Rose Sfeir v. Merck & Co., Inc., Lifetime | * | JUDGE KNOWLES |
| Medical Center, Lifetime Healthcare, Inc. | * | |
| No. 06 cv 2243. | * | |
| | * | |
| Eugenia B. Lukasik, Individually and as | * | |
| Executrix of the Estate of Richard | * | |
| Lukasik, SR., a/k/a Richard Paul Lukasik, | * | |
| a/k/a Sr., v. Merck & Co., Inc., Lifetime | * | |
| Medical Center, Lifetime Healthcare, Inc. | * | |
| No. 06 cv 3151. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS LIFETIME MEDICAL CENTER'S AND LIFETIME HEALTHCARE, INC.'S, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROVIDE ANY RESPONSE TO THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C

NOW INTO COURT, defendants Lifetime Medical Center and Lifetime Healthcare, Inc., (hereinafter "Lifetime") through its undersigned counsel, move the Court for entry of an Order requiring plaintiffs in the above captioned cases to show cause why the above captioned plaintiffs respective claims should not be dismissed with prejudice for failure to provide any response to the Plaintiff Profile Form (hereinafter "PPF") as required by Pre-Trial Order No. 18C (hereinafter "PTO 18C" or "the Order").  As more fully set forth below, plaintiffs have failed to furnish a PPF as required by PTO 18C.

## BACKGROUND

As the Court is no doubt aware, on June 23, 2006, the Court entered PTO 18C, which regulates, inter alia, the service and production requirements for PPFs and PPF-related documents. *(PTO 18C ¶1)*. Per PTO 18C, all plaintiffs are directed to produce a "verified PPFs, signed and dated Authorizations, and all responsive documents" by specific deadlines. *Id.* ¶2. The Order mandates that no extensions will be granted, except for one 20-day extension of time if a plaintiff fails to provide a fully responsive PPF. *Id.* ¶4.

By way of background, the *Sfeir* and *Lukasik* matters were commenced in New York State Supreme Court on January 17, 2006 and October 25, 2006, respectively. The matters were then removed to the United States District Court, Western District of New York on March 7, 2006 and February 3, 2006, respectively. Co-defendant Merck & Co., Inc., (hereinafter "Merck") filed motions to stay all proceedings pending a decision on the transfer of the case by the Judicial Panel on Multidistrict Litigation on March 7, 2006 and February 6, 2006, respectively. In response to the motions by Merck, on April 3, 2006, plaintiffs' counsel brought motions to have the matters remanded back to New York State Supreme Court. The plaintiffs' motions for remand were brought in an effort to avoid Federal Court. Lifetime was named as a party in a tactical attempt by plaintiffs' counsel to keep the mater in New York. However, the plaintiffs' motions were never heard, as the Federal Court for the Western District of New York entered an Order, whereby the stay was lifted resulting in the transfer of both matters to the Multidistrict Litigation Panel in the Eastern District of Louisiana.

In accordance with PTO 18C ¶4, Lifetime notified plaintiffs' counsel by written correspondence on December 15, 2006, requesting that they furnish the requisite PPF. In the

letter to plaintiffs' counsel, Lifetime advised plaintiffs' counsel that they had failed to serve a complete and verified PPF by the applicable deadline pursuant to PTO 18C. Plaintiffs' counsel were also advised that plaintiffs are required, in accordance with PTO 18C ¶3, to provide a complete and verified PPF within seventy-five days of their respective matters being transferred to the United States District Court of the Eastern District of Louisiana. (A photocopy of the correspondences are attached hereto as Exhibit A.) To date, more than seven months have now passed since the PPF was originally due in the *Sfeir* matter, and more than five months have now passed since the PPF was originally due in *Lukasik* matter. Accordingly, Lifetime now moves, pursuant to Federal Rules of Civil Procedure16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the above captioned plaintiffs with prejudice because of their failure to comply with PTO 18C.

## ARGUMENT

It is respectfully requested that this Court dismiss each of the above captioned plaintiffs' claims with prejudice, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), as the plaintiffs have failed to comply with PTO 18C. It is submitted that PTO 18C mandates, in pertinent part, that:

> Plaintiffs in all cardiovascular event cases shall each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs shall also produce with their PPF all documents responsive to the document requests contained therein.

(PTO 18C¶1)(emphasis added). Furthermore, paragraph 3 of PTO 18C provides:

> Plaintiffs in individual cardiovascular event cases that are filed in or transferred to this MDL proceedings after September 1, 2005 shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this proceeding.

(PTO 18C ¶3)(emphasis added). The plaintiffs in the *Sfeir* and *Lukasik* matters PPFs were due on or about July 5, 2006 and September 2, 2006, respectively. The plaintiffs were informed of the requirement to complete and serve a PPF on December 15, 2006, by way of correspondences from Lifetime. To date, no response has been provided to Lifetime and each of the above captioned plaintiffs have failed to provide a complete and verified PPF as required by PTO 18C.

Accordingly, Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, (5th Cir. 1990); *see also* Fed. R. Civ.P. 16(f), 37(b)(2)(c), and 41(b). Plaintiffs failure to produce the Court ordered discovery violates PTO 18C, and, therefore, the plaintiffs claims should be dismissed with prejudice.

As has been stated in previous arguments before this Court, in *Acuna v. Brown & Root, Inc.,* 200 F.3d 335 (5th Cir. 2000), *cert. denied,* 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for a plaintiff's failure to provide basic information about their claims. The Fifth Circuit observed that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ.P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries. *See Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 1999 WL 1072274 (5th Cir.) (plaintiff's complaint is insufficient where it is devoid of "names, dates, locations, times, or any facts that would put [defendant] on notice as to what conduct supports ... his claims"). The affidavits supplied by plaintiffs did not provide this information. The district court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without

better definition of plaintiffs' claims.

*Id.* at 340-41. In light of the foregoing, it is respectfully submitted that this Court dismiss plaintiffs' claims with prejudice for failing to comply with PTO 18C.

On the basis of the plaintiffs repeated inaction, this Court is authorized to sanction plaintiffs under the Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), for their failure to respond. *(See, Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005)). In interpreting Federal Rules of Civil Procedure 41(b), the Fifth Circuit Court of Appeals has held that dismissal of an action with prejudice will be affirmed "only upon the showing of a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice." *Id., citing Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996).

In this instance, the PPF was designed to provide the defendants with basic information necessary to defend Vioxx ® related cases. Moreover, the complete and verified PPF, which plaintiffs are required to provide, furnishes defendants with critical information about the background of the plaintiff, the plaintiff's use of Vioxx®, the injuries alleged, the names of health care providers who rendered care to the plaintiff, and other basic information necessary to the defense of the claims brought by the plaintiffs or on behalf of the plaintiffs. The passage of time, without compliance with PTO 18C only serves to hinder and prejudice the defense of these claims as memories fade, medical records are lost or destroyed, and witnesses cannot be located or pass away. As such, it is respectfully submitted that the plaintiffs' inaction serves to hinder and prejudice the defense of the above captioned claims. It is further submitted that the plaintiffs' inaction rises to the level of contumacious conduct and demonstrates a clear record of

delay and as such it would be, in the best interest of justice, for this Court to dismiss plaintiffs' actions with prejudice.

## CONCLUSION

For the foregoing reason, Lifetime defendants respectfully request the Court to order plaintiffs to appear before this Court and show cause why the above captioned plaintiffs' claims should not be dismissed with prejudice for failing to provide any response to the PPF as required by PTO 18C.

Dated: June 4, 2007

                                          **BROWN & TARANTINO, LLC**

                                      By: /s/ Blake T. Webber
                                            Blake T. Webber, Esq.
                                            Attorneys for Defendants Lifetime Medical Center, Lifetime Healthcare, Inc.
                                            45 Exchange Boulevard, Suite 300
                                            Rochester, New York 14614
                                            (585) 454-3377 Telephone
                                            (585) 232-5883 Fax
                                            bwebber@btattys.com

                                            ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause and Incorporated Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically field with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of June, 2007.

**BROWN & TARANTINO, LLC**

By: /s/ Blake T. Webber
Blake T. Webber, Esq.
Attorneys for Defendants Lifetime Medical Center,
Lifetime Healthcare, Inc.
45 Exchange Boulevard, Suite 300
Rochester, New York 14614
(585) 454-3377 Telephone
(585) 232-5883 Fax
bwebber@btattys.com

ORIGINAL SIGNED DOCUMENT ON FILE
WITH THE COURT