UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| **THIS DOCUMENT RELATES TO:** *Beverly Wilhite and Jack Wilhite  v. Merck & Co., Inc., and Pfizer, Inc.  Case No. 06-2813.* | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MERCK & CO., INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

### RESPONSE TO "I. PARTIES"

1.      Merck denies each and every allegation, directed at Merck, contained in paragraph 1 of the Complaint, except Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx ("Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 1 of the Complaint.

2.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to the allegations contained in paragraph 2 of the Complaint.

3. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to the allegations contained in paragraph 3 of the Complaint.

4. Merck denies each and every allegation contained in paragraph 4 of the Complaint, except Merck admits that Merck is incorporated under the laws of the State of New Jersey with its principle place of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey 08889-0100. Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "II. JURISDICTION AND VENUE"

5. Merck admits that the plaintiffs purport to place an amount in controversy exceeding $75,000.00, but Merck denies that there is any legal or factual basis for such relief.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits the parties are diverse and that plaintiffs purport to place an amount in controversy exceeding $75,000.00, but denies that there is any legal or factual basis for relief.

7. The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.

8. Merck denies each and every allegation directed to Merck that is contained in paragraph 8 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in said paragraph.

## RESPONSE TO "III. FACTUAL BACKGROUND REGARDING PLAINTIFFS"

9.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.      Merck denies each and every allegation directed at Merck in paragraph 11 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations not directed at Merck in paragraph 11.

12.      Merck denies each and every allegation directed at Merck in paragraph 12 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations not directed at Merck in paragraph 12.

13.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.      Merck denies each and every allegation directed at Merck in paragraph 14 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations not directed at Merck in paragraph 14.

## RESPONSE TO "IV. FACTUAL BACKGROUND REGARDING PFIZER AND BEXTRA"

### RESPONSE TO "A. FACTS REGARDING BEXTRA AND BEXTRA'S MARKET LAUNCH"

15.      The allegations set forth in paragraph 15 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 15 of the Complaint.

16.      Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Vioxx is part of a class of medications known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2")..

17.      Merck denies the allegations contained in paragraph 17 of the Complaint.

18.      Merck denies the allegations contained in paragraph 18 of the Complaint.

19.      Merck denies the allegations contained in paragraph 19 of the Complaint, except admits that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDs is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

20.      The allegations set forth in paragraph 20 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed to Merck in paragraph 20 of the Complaint.

21.      The allegations set forth in paragraph 21 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed to Merck in paragraph 21 of the Complaint.

22.      The allegations set forth in the first sentence of paragraph 22 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the first sentence of paragraph 22 of the Complaint.  Merck admits the allegations in the second sentence of paragraph 22 of the Complaint.

23.     The allegations set forth in paragraph 23 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     The allegations set forth in paragraph 24 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     The allegations set forth in paragraph 25 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     The allegations set forth in paragraph 26 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     The allegations set forth in paragraph 27 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

## RESPONSE TO "B. FACTS REGARDING BEXTRA'S SAFETY AND PFIZER'S KNOWLEDGE THEREOF"

28.     The allegations set forth in paragraph 28 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, except admits the referenced article exists, but respectfully refers the Court to the referenced article for its actual conclusions and full text.

29.     The allegations set forth in paragraph 29 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, except admits the referenced article exists, and respectfully refers the Court to the referenced article for its actual conclusions and full text.

30.     The allegations set forth in paragraph 30 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation directed at Merck in paragraph 31 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 31.

32.     The allegations set forth in paragraph 32 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     The allegations set forth in paragraph 33 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     The allegations set forth in paragraph 34 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35.     The allegations set forth in paragraph 35 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation directed at Merck in paragraph 36 of the Complaint, except admits the referenced FDA Advisory Committee meeting took place, and respectfully refers the Court to the minutes of that meeting for their actual language and full text. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 36.

37.     The allegations set forth in paragraph 37 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38.     The allegations set forth in paragraph 38 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.     The allegations set forth in paragraph 39 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     The allegations set forth in paragraph 40 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     The allegations set forth in paragraph 41 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation directed at Merck in paragraph 42 of the Complaint, except admits the referenced article exists, and respectfully refers the Court to the referenced article for its actual conclusions and full text.

43.     The allegations set forth in paragraph 43 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint.

44.     The allegations set forth in paragraph 44 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint.

45.     The allegations set forth in paragraph 45 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint.

46.     The allegations set forth in paragraph 46 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint.

47.     The allegations set forth in paragraph 47 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint.

### RESPONSE TO "C. FACTS REGARDING PFIZER'S MARKETING AND SALE OF BEXTRA

48.     The allegations set forth in paragraph 48 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint.

49.     The allegations set forth in paragraph 49 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint.

50.     The allegations set forth in paragraph 50 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint.

51.     The allegations set forth in paragraph 51 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51 of the Complaint.

52.     The allegations set forth in paragraph 52 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint.

53.     The allegations set forth in paragraph 53 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint.

54.     The allegations set forth in paragraph 54 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint.

55.     The allegations set forth in paragraph 55 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint.

56. The allegations set forth in paragraph 56 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint.

57. The allegations set forth in paragraph 57 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint.

58. The allegations set forth in paragraph 58 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint.

59. The allegations set forth in paragraph 59 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint.

60. The allegations set forth in paragraph 60 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Complaint.

61.     The allegations set forth in paragraph 61 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Complaint.

62.     The allegations set forth in paragraph 62 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint.

63.     The allegations set forth in paragraph 63 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint.

**RESPONSE TO "V. FACTUAL BACKGROUND REGARDING MERCK AND VIOXX"**

64.     Merck admits the allegations contained in paragraph 64 of the Complaint, except avers that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

65.     Merck admits that it manufactured, marketed and distributed Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 65 of the Complaint that Plaintiffs were consumers of Vioxx.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint except admits that Merck sought and in 1999 received approval from the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the

relevant FDA-approved prescribing information.  Merck further admits that Vioxx is the brand name for rofecoxib.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Vioxx, like all prescription medication, has had certain reported adverse events associated with its use, which were described in the relevant FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text..

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint, except admits that Vioxx, like all prescription medication, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint except admits that the studies referenced in sentence one of paragraph 70 and the article referenced in sentence two of paragraph 70 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits the existence of the journal and the article contained therein, and Merck respectfully refers the Court to the referenced document for its actual language and full text.

74.     Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits the journals and the articles contained therein exist, and Merck respectfully refers the Court to the referenced documents for its actual language and full text.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

## RESPONSE TO "VI. CLAIMS FOR RELIEF"

### RESPONSE TO "A. FIRST CLAIM FOR RELIEF:  NEGLIGENCE"

82.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck in said paragraph and respectfully refers the court to the relevant legal standard, including any conflict of laws rules.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 83 of the Complaint.

84.     The allegations contained in paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck in said paragraph and respectfully refers the court to the relevant legal standard, including any conflict of laws rules.   Merck denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation directed at Merck in paragraph 87 of the Complaint, including subparagraphs a. through m..  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 87.

86.     Merck denies each and every allegation directed at Merck and contained in paragraph 86 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 86.

87.     Merck denies each and every allegation directed at Merck in paragraph 87 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 87.

88.     Merck denies each and every allegation directed at Merck in paragraph 88 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 88.

89.     Merck denies each and every allegation directed at Merck in paragraph 89 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 89.

90.     Merck denies each and every allegation directed at Merck in paragraph 90, except admits that Plaintiffs purport to seek exemplary damages, but denies that there is any legal or factual basis for such relief.  Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 90.

91.     The statements contained in paragraph 91 of the Complaint are not allegations and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that Plaintiffs purport to state a claim for damages, including compensatory damages, exemplary damages and punitive damages, interest, the costs of suit and attorney's fees, but Merck denies that there is any legal or factual basis for such relief.  Additionally, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 91.

### RESPONSE TO "B. SECOND CLAIM FOR RELIEF:  STRICT LIABILITY"

92.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 93.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 94.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 95.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 96.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 97.

98.     Merck denies each and every allegation set forth in paragraph 98 of the Complaint, however, Merck avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 98.

99.     Merck denies each and every allegation set forth in paragraph 99 of the Complaint, however, Merck avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 99.

100.     Merck denies each and every allegation set forth in paragraph 100 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 100.

101.    Merck denies each and every allegation directed at Merck in paragraph 101 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 101.

102.    Merck denies each and every allegation set forth in paragraph 102 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 102.

103.    Merck denies each and every allegation set forth in paragraph 103 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 103.

104.    Merck denies each and every allegation set forth in paragraph 104 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 104.

105.    Merck denies each and every allegation set forth in paragraph 105 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 105.

106.    Merck denies each and every allegation directed at Merck in paragraph 106 of the Complaint, except Merck admits that Plaintiffs purport to seek punitive and exemplary damages, but Merck denies that there is any legal or factual basis for such relief.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 106.

107.    Paragraph 107 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck, contained in said paragraph, except Merck admits that Plaintiffs

purport to seek compensatory, punitive and exemplary damages, interest, cost of suit and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief. Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 107.

### RESPONSE TO "C.  THIRD CLAIM FOR RELIEF:  BREACH OF EXPRESS WARRANTY"

108.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

109.    Merck denies each and every allegation directed at Merck in paragraph 109 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 109.

110.    Merck denies each and every allegation directed at Merck in paragraph 110, including subparagraphs a. through e., of the Complaint.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 110.

111.    Merck denies each and every allegation directed at Merck in paragraph 111 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 111.

112.    Merck denies each and every allegation directed at Merck in paragraph 112 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 112.

113.    Merck denies each and every allegation directed at Merck in paragraph 113 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 113.

114.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114 of the Complaint.

115.     Merck denies each and every allegation directed at Merck in paragraph 115 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 115.

116.     Merck denies each and every allegation directed at Merck in paragraph 116 of the Complaint, except Merck admits that Plaintiffs purport to seek punitive and exemplary damages, but Merck denies that there is any legal or factual basis for such relief.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 116.

117.     Paragraph 117 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck, contained in said paragraph, except Merck admits that Plaintiffs purport to seek compensatory, punitive and exemplary damages, interest, cost of suit and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief. Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 117.

### RESPONSE TO "D. FOURTH CLAIM FOR RELIEF:  BREACH OF IMPLIED WARRANTY"

118.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

119.     Merck admits the allegations directed at Merck in paragraph 119 of the Complaint, and avers that it voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 119.

120.    The allegations contained in paragraph are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 120 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 120.

121.    Merck denies each and every allegation directed at Merck in paragraph 121 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 121.

122.    Merck denies each and every allegation directed at Merck in paragraph 122 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 122.

123.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123.

124.    The allegations contained in paragraph 124 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in said paragraph. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 124.

125.    Merck denies each and every allegation directed at Merck in paragraph 125 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 125.

126.    Merck denies each and every allegation directed at Merck in paragraph 126 of the Complaint, except Merck admits that Plaintiffs purport to seek punitive and exemplary damages, but Merck denies that there is any legal or factual basis for such relief.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 126.

127.    Paragraph 127 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck, contained in said paragraph, except Merck admits that Plaintiffs purport to seek compensatory, punitive and exemplary damages, interest, cost of suit and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief. Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 127.

### RESPONSE TO "E. FIFTH CLAIM FOR RELIEF:  FRAUD"

128.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

129.    Merck denies each and every allegation directed at Merck in paragraph 129 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 129.

130.    The allegations contained in paragraph 130 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation directed at Merck in said paragraph, and respectfully refers the Court to the relevant legal standard. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 130.

131.    Merck denies each and every allegation directed at Merck in paragraph 131 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 131.

132.    Merck denies each and every allegation directed at Merck in paragraph 132 of the Complaint, including subparagraphs 1. through 6..  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 132.

133.    Merck denies each and every allegation directed at Merck in paragraph 133 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 133.

134.    Merck denies each and every allegation directed at Merck in paragraph 134 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 134.

135.    Merck denies each and every allegation directed at Merck in paragraph 135 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 135.

136.    Merck denies each and every allegation directed at Merck in paragraph 136 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 136.

137.    The allegations contained in paragraph 137 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in said paragraph. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 137.

138.    Merck denies each and every allegation directed at Merck in paragraph 138 of the Complaint, except Merck admits that Plaintiffs purport to seek punitive damages, but Merck denies that there is any legal or factual basis for such relief.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 138.

## RESPONSE TO "F. SIXTH CLAIM FOR RELIEF:
## FRAUDULENT MISREPRESENTATION & CONCEALMENT"

139.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

140.    The allegations contained in paragraph 140 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 140.

141.    Merck denies each and every allegation directed at Merck in paragraph 141, including subparagraphs a. through b. of the Complaint.  Merck denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 141.

142.    Merck denies each and every allegation directed at Merck in paragraph 142 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 142.

143.    Merck denies each and every allegation directed at Merck in paragraph 143 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 143.

144.    Merck denies each and every allegation directed at Merck in paragraph 144 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 144.

145.    Merck denies each and every allegation directed at Merck in paragraph 145 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 145.

146.    Merck denies each and every allegation directed at Merck in paragraph 146 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 146.

147.    Merck denies each and every allegation directed at Merck in paragraph 147 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 147.

148.    Merck denies each and every allegation directed at Merck in paragraph 148 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 148.

149.    Merck denies each and every allegation directed at Merck in paragraph 149 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 149.

150.    Merck denies each and every allegation directed at Merck in paragraph 150 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 150.

151.    Merck denies each and every allegation directed at Merck in paragraph 151 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 151.

152.    Merck denies each and every allegation directed at Merck in paragraph 152 of the Complaint, except Merck admits that Plaintiffs purport to seek punitive and exemplary damages, but Merck denies that there is any legal or factual basis for such relief.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 152.

153.    Paragraph 153 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck, contained in said paragraph, except Merck admits that Plaintiffs purport to seek compensatory, punitive and exemplary damages, interest, cost of suit and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief. Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 153.

### RESPONSE TO "G. SEVENTH CLAIM FOR RELIEF"

154.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

155.    Merck denies each and every allegation directed at Merck in paragraph 155 of the Complaint, except admits it manufactured, marketed and distributed Vioxx until Merck voluntarily withdrew Vioxx from the worldwid market on September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 155.

156.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156 of the Complaint.

157.    Merck denies each and every allegation directed at Merck in paragraph 157 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 157.

158.    Merck denies each and every allegation directed at Merck in paragraph 158 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 158.

159.    The allegations contained in paragraph 159 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in said paragraph. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 159.

160.    Paragraph 160 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every

allegation directed at Merck, contained in said paragraph, except Merck admits that Plaintiffs purport to seek equitable relief, cost of suit and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief.  Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 160.

### RESPONSE TO "H. EIGHTH CLAIM FOR RELIEF:  LOSS OF CONSORTIUM"

161.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

162.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 162 of the Complaint.

163.    Merck denies each and every allegation directed at Merck in paragraph 163 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 163.

164.    Merck denies each and every allegation directed at Merck in paragraph 164 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 164.

165.    Paragraph 165 of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck, contained in said paragraph, except Merck admits that Plaintiff Jack Wilhite, purports to seek compensatory damages and punitive damages, interest, cost of suit and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief. Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 160.

## RESPONSE TO "VII. DEMAND FOR JURY TRIAL"

166.    Merck admits that in Section VII of the Complaint Plaintiffs have requested a jury trial on all issues in this case.

## RESPONSE TO "VIII. PRAYER FOR RELIEF"

167.    Section VIII is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparts 1. through 10., except Merck admits that Plaintiffs purport to bring an action for damages and other relief, but Merck denies that there is any legal or factual basis for such relief.  Furthermore, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in Section VIII.

## AFFIRMATIVE DEFENSES

1.    The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

4.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

7.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

12.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Texas law.

15.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. Pro. 9(b) and Texas law.

16.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

18.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20.     This case is more appropriately brought in a different venue.

21.     Venue in this case is improper.

22.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

23.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

25.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

26.     The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31.     Plaintiffs have not sustained any injury or damages compensable at law.

32.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

33.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

34.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

35.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

36.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

37.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

38.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

39.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

40.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

41.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

42.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusations against it; thus, the allegations are void for vagueness.

43.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

44.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

45.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

46.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

47.     Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or their treating physician and/or other health care providers.

48.     If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is

rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

49.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

50.     The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable.  Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

51.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

52.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

53.    Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

54.    Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

55.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

56.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

57.    Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

58.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

59.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

60.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

61.    Plaintiffs' claims for injunctive relief are barred by the doctrine of primary jurisdiction.

62.     To the extent that Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

63.     Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

64.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

65.     Merck incorporates any applicable affirmative defense or other defense asserted by way of any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

## JURY DEMAND

66.     Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Gerry Lowry
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Attorneys for Defendant Merck & Co., Inc.

Of Counsel:

John Sullivan
Julie Hardin
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Stipulation of Dismissal Without Prejudice has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of June, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel