**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| **PRODUCTS LIABILITY LITIGATION** | § | **SECTION L** |
| | § | |
| *This document relates to: Suann* | § | |
| *Richardson v. Merck & Co., Inc.* | § | **JURY DEMAND** |
| | § | |
| *No. 5:06-CV-00958* | § | |


## MERCK & CO., INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

　　　　Merck & Co., Inc. ("Merck") files this answer to Plaintiffs' First Amended Complaint (the "Complaint") as follows:

### I.  RESPONSE TO "THE PARTIES"

　　　　1.　　　Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

　　　　2.　　　Merck denies each and every allegation contained in paragraph 2 of the Complaint except admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that it is authorized to do business in the state of Arkansas.  Merck also admits that its registered agent for service in Arkansas is The Corporation Company.

### II.  RESPONSE TO "PERSONAL AND SUBJECT MATTER JURISDICTION"

　　　　3.　　　Merck states that the allegations contained in the first sentence of paragraph 3 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence except admits that Plaintiff's claims put more than $75,000.00 in controversy but there is no legal or

factual basis for any of the relief sought.  Merck denies the allegations contained in the second sentence of paragraph 3 of the Complaint.

### III.  RESPONSE TO "VENUE"

4.      The allegations contained in the first, second, and fifth sentences of paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required.  Merck lacks knowledge and information sufficient to form belief as to the truth or falsity of the allegations contained in the third and fourth sentences of paragraph 4 of the Complaint.

### IV.  RESPONSE TO "FACTUAL ALLEGATIONS—THE VIOXX STORY"

5.      Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that Vioxx is a selective non-steroidal anti-inflammatory drug ("NSAID") and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDS such as Naproxen is believed to be associated with gastric damage and increased bleeding time among patients taking such non-selective NSAIDS.

7.      The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response by deemed required, Merck denies each and every allegation contained in said paragraph except avers that traditional NSAIDs block both the Cox-1 and COX-2 enzymes.

8.      The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be required, Merck

denies each and every allegation in said paragraph, except admits that Vioxx is a selective NSAID and that the inhibition of COX-1 in patients taking traditional non-selective NSAIDS such as Naproxen is believed to be associated with gastric damage and increased bleeding time among patients taking such non-selective NSAIDS.

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that Vioxx is the brand name for rofecoxib and that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2.

10.     Merck denies each and every allegation in paragraph 10 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that the *Wall Street Journal* published an article concerning Vioxx and respectfully refers the Court to that article for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to Naproxen.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.  Merck further admits that in

September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck trains its professional representatives, and that Plaintiff purports to quote the referenced document but avers that said quotation is taken out of context.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from the trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint and avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to Naproxen, which is a non-selective NSAID.

## V.  RESPONSE TO "FACTUAL ALLEGATIONS— PLAINTIFF'S USE OF VIOXX AND INJURY OR DEATH"

29.     With respect to the allegations contained in paragraph 29 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

30.     Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

## VI.  RESPONSE TO "FACTUAL ALLEGATIONS—DISCOVERY RULE"

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 35 of the Complaint.

## VII.  RESPONSE TO "CAUSES OF ACTION"

### i.  Defective Design (Negligence and Strict Liability)

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.    Merck denied each and every allegation contained in paragraph 44 of the Complaint.

**ii.  Defective Marketing (Negligence and Strict Liability)**

45.    With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

46.    The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Merck denies each and every allegation contained in paragraph 47 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

48.    Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.    Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

## VIII.  RESPONSE TO "H.  COMPENSATORY DAMAGES"

53.     With respect to the allegations contained in Paragraph 53 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

54.     The allegations contained in Paragraph 54 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for compensatory damages, but denies that there is any legal or factual basis for said relief.

55.     The allegations contained in Paragraph 55 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for compensatory damages, but denies that there is any legal or factual basis for said relief.

56.     The allegations contained in Paragraph 56 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for compensatory damages, but denies that there is any legal or factual basis for said relief.

57.     The allegations contained in Paragraph 57 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for compensatory damages, but denies that there is any legal or factual basis for said relief.

58.     Merck denies each and every allegation contained in Paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in Paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in Paragraph 60 of the Complaint.

## IX.  RESPONSE TO "I.  EXEMPLARY DAMAGES"

61.     With respect to the allegations contained in Paragraph 61 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

62.     Merck denies each and every allegation contained in Paragraph 62 of the Complaint.

63.     Merck denies each and every allegation contained in Paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in Paragraph 64 of the Complaint.

## X.  RESPONSE TO "J.  JURY DEMAND"

65.     The allegations contained in Paragraph 65 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.

## XI.  RESPONSE TO "K.  PRAYER"

66.     The allegations contained in Paragraph 66 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required,

Merck admits that Plaintiff purports to state a claim for compensatory and punitive damages, but denies that there is any legal or factual basis for said relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

1.      Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

2.      The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

3.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

4.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes for which Merck is not legally responsible.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

5.      To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

6.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

7.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

8.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

9.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

10.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having

real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

11.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

12.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

13.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

14.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

15.     Plaintiff's claims are barred in whole or in part by the First Amendment to the United States and Arkansas state constitutions.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

16.     Merck is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

17.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

18.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

19.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate directions or warnings as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

20.     Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

21.     Plaintiff's claims are barred in whole or in part because Vioxx provides net benefits for a class of patients within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

22.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

23.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

24.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

25.     Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

26.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

27.     Any warnings given by Merck were transmitted to the prescribing physician and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

28.     If Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

29.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

30.     Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

31.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

32.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

33.     Plaintiff has not sustained any injury or damages compensable at law.

879170v.1

**AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:**

34.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

**AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:**

35.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state constitutional rights.

**AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:**

36.    The extent of any risk associated with Merck's use of the product, the existence of which is not admitted, was at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

**AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:**

37.    Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L.Ed.2d 1 (1991);

879170v.1

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

38.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, or reckless, and therefore, any award of punitive damages is barred.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

39.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

40.     Merck affirmatively asserts insufficiency of process and insufficiency of service of process.

## AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

41.     This case is more appropriately brought in a different venue.

**<u>AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES</u>:**

42.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its Answer to assert any such defense.

**<u>AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES</u>:**

43.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action

**<u>JURY DEMAND</u>**

Merck hereby demands trial by jury on all issues.

Respectfully submitted,

By:/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan
Arkansas Bar No. 96063
Kristie A. Wright
Arkansas Bar No. 2005012
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
903-255-1000
903-255-0800 (FAX)
jdoan@haltomdoan.com
kwright@haltomdoan.com

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly
Phillip Wittmann
STONE PIGMAN
WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361


ATTORNEYS FOR MERCK & CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Stipulation of Dismissal Without Prejudice has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of June, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

879170v.1