UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| *This document relates to All Cases* | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

**PRETRIAL ORDER NO. 24**
(Louisiana Plaintiffs, Plaintiffs Represented by Louisiana Counsel, and Pro Se Plaintiffs)

More than a year ago, at the January 2006 monthly status conference, the Court postponed without date the deadlines for the production of PPFs and PPF-related documents for Plaintiffs from Louisiana and Plaintiffs with Louisiana Counsel to accommodate those who were displaced or otherwise inconvenienced because of Hurricane Katrina. As more time passes, however, the risk increases that memories may fade, medical records cannot be located, are misplaced or are destroyed, and doctors, healthcare, and other medical providers, and other witnesses retire or cannot be found. Upon the request of Defendants' Liaison Counsel ("DLC") and following discussion with the Plaintiffs' Liaison Counsel ("PLC"), the Court will now set a final extension for all Plaintiffs who are either from Louisiana or represented by Louisiana Counsel and Pro Se Plaintiffs who have failed to serve the Plaintiff Profile Forms ("PPFs"), Authorizations, and responsive PPF-related documents as required by Pretrial Order No. 18C ("PTO 18C").

1

Attached to this Pretrial Order as Exhibit A is a chart that identifies Plaintiffs who are either from Louisiana or represented by Louisiana Counsel, whom Defendant Merck & Co., Inc. ("Merck") has identified as not having provided a PPF, Authorizations, and responsive PPF-related documents as required by PTO 18C. This chart also includes the Plaintiffs' name, the case name and civil action number, the name and address of Plaintiffs' Counsel, and the original due date, as alleged by Merck, for the PPF. According to Merck, all of the Plaintiffs referenced in Exhibit A have received, by letter notice, at least one 20-day extension as required by PTO 18C, and many of the PPFs identified in Exhibit A are now more than one year overdue. Each Plaintiff has also, according to the PLC, been provided early this year an email from the PLC notifying them that the Court had requested the PLC and DLC to negotiate this Pretrial Order.

Similarly, there are a number of Pro Se Plaintiffs who, according to Merck, have also failed to provide a PPF, Authorizations, and responsive PPF-related documents, as required by PTO 18C. In accordance with PTO 18C, Merck advises that it has sent at least two certified letters to each of these Pro Se Plaintiffs informing them of the obligation to provide a PPF and providing each Pro Se Plaintiff with at least two 20-day extensions. In January 2007, an additional certified letter providing a 20-day extension was sent to each of these Pro Se Plaintiffs. In some instances, however, these letters have been returned with a note from the United States Postal Office that the letters have either been unclaimed, or that they are unable to forward, or that the address or forwarding information is either incomplete or insufficient. Regarding any undeliverable letters, Merck advises that it has made additional attempts to locate these Plaintiffs,

including checking with directory assistance and the Internet. Upon finding current addresses, Merck advises it re-sent or forwarded said letters via certified mail. According to Merck, most of these PPFs are now more than one year overdue.

Attached to this Pretrial Order as Exhibit B is a chart of Pro Se Plaintiffs who, according to Merck, have not provided a PPF, Authorizations, and responsive PPF-related documents as required by PTO 18C. This chart includes each Plaintiff's name, address, the case name and civil number, the original due date, as alleged by Merck, for the PPF, and the name of any withdrawing counsel. Excluded from this list are any such Pro Se Plaintiffs whose January 2007 20-day letters were returned as undeliverable and whom Merck was not subsequently able to locate. It also excludes those who subsequently provided a PPF.

Merck reserves the right to file a motion to dismiss the claims of both groups of these excluded Plaintiffs.

For the foregoing reasons and in order to preserve evidence,

IT IS HEREBY ORDERED that:

1. All Louisiana Plaintiffs, Plaintiffs with Louisiana counsel, and Pro Se Plaintiffs identified in Exhibits A and B who claim to have suffered a cardiovascular event as defined by PTO 18C are hereby provided one final extension of ninety (90) days from the date of entry of this Pretrial Order to serve verified PPFs, signed and undated Authorizations, and all responsive PPF related documents as mandated by PTO 18C within said ninety (90) day period.

2. Any Plaintiff identified in Exhibits A or B who does not claim that he or she suffered a cardiovascular event as defined by PTO 18C, and who believes that he or

3

directed to stipulate that he or she has not claimed, and will not claim in the future, to have suffered, prior to the date of the entry of this Pretrial Order, a cardiovascular event as defined by PTO 18C, by signing and serving the Consent Order with Stipulation attached hereto as Exhibit C, within ninety (90) days from the date of entry of this Pretrial Order.

3. Merck is hereby directed, within five (5) business days of the date of entry of this Pretrial Order, to send a letter to the counsel for each Plaintiff identified in Exhibit A, by facsimile or certified mail and regular first class mail, enclosing a copy of this Pretrial Order with Exhibit C. Merck is hereby directed within five business days of the date of entry of this Pretrial Order to send a letter to each Pro Se Plaintiff listed in Exhibit B, by certified and regular first class mail, enclosing a copy of this Pretrial Order with Exhibit C. In addition, Merck shall also send copies of each Pro Se letter, without attachments, to the PLC.

New Orleans, Louisiana, this 14th day of June, 2007.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE