EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| *This document relates to:* | * | |
| | * | MAGISTRATE |
| _____ v. Merck & Co., Inc., | * | JUDGE KNOWLES |
| No. _____ | * | |
| | * | |
| Plaintiff:_____ | * | |
| | * | |
| * * * * * * * * * * * * * * * | * | |

**CONSENT ORDER WITH STIPULATION THAT PLAINTIFF HAS NOT CLAIMED AND WILL NOT CLAIM IN THE FUTURE THAT HE/SHE SUFFERED, PRIOR TO THE DATE OF ENTRY OF PRETRIAL ORDER NO. 24, A CARDIOVASCULAR EVENT AS DEFINED BY PRETRIAL ORDER NO. 18C**

WHEREAS, on June 14, 2007, this Court issued Pretrial Order No. 24 ("PTO 24") setting final due dates for Louisiana Plaintiffs, Plaintiffs represented by Louisiana Counsel, and Pro Se Plaintiffs who have not provided a Plaintiff Profile Form ("PPF") as required by Pretrial Order No.18C ("PTO 18C"); and directing that each of these Plaintiffs, within ninety (90) days from the date of entry of PTO 24, to either (i) serve a verified PPF, signed and undated Authorizations, and all responsive PPF-related documents as required by PTO 18C, or (ii) serve a Stipulation that he or she has not claimed, and will not claim in the future, to have suffered, prior to the date of

the entry of PTO 24, a myocardial infarction, ischemic stroke, or a death ("cardiovascular event") as defined by PTO 18C; and

WHEREAS, the above-captioned Plaintiff ("Plaintiff") asserts that he or she has not claimed, and will not in the future claim, to have suffered, prior to the date of the entry of PTO 24, a cardiovascular event as defined by PTO 18C; and

WHEREAS, Plaintiff agrees that he or she will not re-file any suit based on any similar claims related to Vioxx against Merck, any of its subsidiaries, agents, distributors, employees, sales representatives, or against any pharmacy in any other court or forum or amend his or her current Complaint to allege that he or she suffered prior to the date of entry of PTO 24 a cardiovascular event as defined by PTO 18C;

NOW, THEREFORE, IT IS HEREBY STIPULATED and AGREED by and between the undersigned parties that:

1. Plaintiff has not claimed and will not claim in the future that he or she suffered, prior to the date of the entry of PTO 24, a cardiovascular event as defined by PTO 18C.

2. Plaintiff will not re-file any suit based on any similar claims related to Vioxx against Merck, any of its subsidiaries, agents, distributors, employees, sales representatives, or against any pharmacy in any other court or forum or amend his or her current Complaint to allege that he or she suffered prior to the date of entry of PTO 24, a cardiovascular event as defined by PTO 18C.

Dated: _____, 2007.

| | |
|---|---|
| **[For Plaintiff Represented by Counsel]**<br>FIRM<br><br>By:_____<br>    Attorney<br>    Address<br><br>*Attorneys for Plaintiff*<br><br>**[For Pro Se Plaintiff]**<br>PLAINTIFF NAME<br><br><br>Sign:_____<br>    Plaintiff Name<br>    Address | STONE PIGMAN WALTHER WITTMANN LLC<br><br>By:_____<br>    Phillip A. Wittmann<br>    546 Carondelet St.<br>    New Orleans, LA 70130<br><br>*Attorneys for Defendant,*<br>*Merck & Co., Inc.* |

Considering the above, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above referenced plaintiff is barred from claiming to have suffered, prior to the date of the entry of PTO 24, a cardiovascular event as defined by PTO 18C pursuant to the terms of the stipulation set forth above, without cost as to any party as against the other.

IT IS SO ORDERED.

      ENTERED this _____ day of _____, 2007.

_____
Hon. Eldon Fallon, U.S.D.J.