**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN re: VIOXX PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1657 |
| THIS DOCUMENT RELATES TO: | ) ) | JUDGE ELDON E. FALLON |
| Joan O'Bryan, now deceased | ) ) | |
| Case No. 2:06-CV-2070 | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR RELIEF FROM ORDER**

Comes now the Defendants, Daska P. Mehta, M.D., Daniel G. Meece, M.D., Center for Arthritis and Osteoporosis, PSC, and Bardstown Internal Medicine, PSC, by and through counsel, hereby tender this Memorandum in Support of their contemporaneously filed Motion for Relief from Order of the Court, entered May 24, 2007 and entered as Document No. 11189 in the LAED ECF/CM system. The grounds for this motion are as follows:

**FACTUAL BACKGROUND**

On May 22, 2007 in the above matter, counsel for Plaintiff filed a Suggestion of Death and Motion for Substitution of Parties. On May 24, 2007, this Honorable Court *sua sponte* ruled on this Motion and entered the above described Order of Substitution. This short time frame between the Motion and entry of the Order did not allow undersigned counsel to voice their objections to Plaintiff's Motion.

1

## APPLICABLE LAW

Fed. R. Civ. P. 60(b) provides that, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding[.]" There are many grounds upon which a litigant may seek to be relieved from an Order such as the one at issue in this Motion, including (1) mistake, inadvertence, surprise or excusable neglect, as well (6) any other reason justifying relief from the operation of the judgment. It is well established that the decision on whether to relieve a party from an order on any of the grounds listed in Fed. R. Civ. P. 60(b) is at the discretion of the Court. *See*, Sacco v. Matter, 154 F.R.D. 1 (N.D.N.Y. 1994), Torockio v. Chamberlain Mfg. Co., 56 F.R.D. 82 (W.D.Pa. 1972), *aff'd* 474 F.2d 1340.

"In exercising its discretion to relieve party from final judgment… court should balance policy in favor of serving ends of justice against policy in favor of finality." Mazzone v. Stamler, 157 F.R.D. 212 (S.D.N.Y. 1994).

The burden on the party moving for relief from an Order, "must persuade the trial court, at a bare minimum, that his motion is timely, that exceptional circumstances exist favoring extraordinary relief, that if the judgment is set aside he has the right stuff to mount a potentially meritorious claim or defense, and that no unfair prejudice will accrue to the opposing parties should the motion be granted." In re Rodriguez Comacho, 2007 WL 117735 (1st Cir. BAP (P.R.) 2007).

## ARGUMENT

I.  **Relief should be granted because there was insufficient time for Defendants to Object to Motion for Substitution of Parties prior to the Court issuing a ruling.**

Fed. R. Civ. P. 60(b)(6) acts as a potential "catch-all" for unspecified reasons that a party may feel that they have a valid argument to seek relief from a judgment or order of the court. The only direction in that part of the rule is that the reason must justify relief from the order. Here, the Defendants seek relief from the Court's May 24, 2007 Order of Substitution of Parties on the grounds that there was insufficient time between the filing of the Motion to Substitute and the Court's ruling on that Motion for the Defendants to receive, analyze, plan and formulate their Objection. Plaintiff filed their Suggestion of Death and Motion for Substitution of Parties on May 22, 2007 and the Court issued the Order of Substitution on May 24, 2007. While the Defendants understand that this type of ruling is normally a simple perfunctory matter and they are regularly unopposed, this situation is different in that the Defendants have a good faith argument that substantive Kentucky state law would not allow such a substitution as provided in Fed. R. Civ. P. 25, and thus, they were planning on objecting to the Motion for Substitution. The passage of only two (2) days from the receipt of the Motion for Substitution and the issuance of the Order of Substitution was not sufficient for Defendants to file their Objection, and thus they seek relief from the Order of Substitution to file and argue their Objection. While it seems odd, the basis for this argument is that the Court simply acted too swiftly to allow for reasonable and timely objections to the Motion.

II. **Alternatively, it was the mistake, inadvertence, surprise and/or excusable neglect of Counsel that caused the necessity for relief from the Court's Order of Substitution**

If the Court believes that the ruling on Plaintiff's Motion to Substitute was made within a reasonable time frame, then the Defendants argue that it was the mistake, inadvertence, surprise and/or excusable neglect of undersigned counsel that was the cause of the failure to file an Objection to the Plaintiff's Motion for Substitution, thus the Defendants seek relief under Fed. R. Civ. P. 60(b)(1).

As stated above in the Applicable Law section of this Motion, if the Defendants seek relief under subsection (1) of the Rule, they must make a showing that that "exceptional circumstances exist favoring extraordinary relief, that if the judgment is set aside he has the right stuff to mount a potentially meritorious claim or defense, and that no unfair prejudice will accrue to the opposing parties should the motion be granted." In re Rodriguez Comacho, *supra.*

A. **Exceptional circumstances exist**

The exceptional circumstance that justifies the relief from the Court's Order of Substitution is the short time frame between the filing of the Plaintiff's Motion and the Court's issuance of an Order. As the Plaintiff's Certificate of Service attached to their Suggestion of Death and Motion for Substitution clearly demonstrate, the Plaintiff's filing was mailed to counsel for these Moving Defendants on May 22, 2007. Thus it could not have been received sooner than the next day, May 23, 2007. The Court issued the Order of Substitution on May 24, 2007, thus leaving approximately one (1) day for undersigned counsel to receive, interpret, appreciate and respond by Objection to the

4

Plaintiff's Motion.  Thus, the sheer lack of time is the exceptional circumstance in this matter that justifies relief from the Court's Order of Substitution.

  **B.**  **A potentially meritorious defense exists**

Further, the Defendants have a potentially meritorious defense to the Plaintiff's Motion for Substitution.  In a nutshell, Defendants state that Plaintiff's Motion for Substitution of Parties was untimely under Kentucky substantive law and thus the ability to substitute parties under Fed. R. Civ. P. 25 has been extinguished.

Kentucky Revised Statute (KRS) 395.278 provides that actions must be revived within one year of death.  This one-year limit on revival is a statute of limitation under Kentucky law.  Mrs. O'Bryan died on February 14, 2006 – more than one year ago – and any claims on her behalf are extinguished and a motion to revive those claims is barred by the Kentucky statute of limitations.  Fed. R. Civ. P. 25 only takes effect when, in the language of the rule itself, when "a party dies *and the claim is not thereby extinguished*, the court may order substitution of the proper parties."  Kentucky law extinguishes the claim after one year with no substitution, thus Fed. R. Civ. P. 25 does not come into play and this Plaintiff's claims have been extinguished by the action of Kentucky substantive law.  *See*, Defendants' Objection to Plaintiffs' Motion for Substitution of Parties, attached as Exhibit "A".

This is the basis for the Objection that Defendants wished to assert, but were not allowed, given the fact that Plaintiff's Motion was already ruled upon.  Therefore, Defendants believe that they should be relieved of the Court's Order of Substitution to make this potentially dispositive argument of substantive state law.

5

### C.  No unfair prejudice will accrue to Plaintiffs

The final hurdle that the moving party must overcome is to demonstrate that there would be no unfair prejudice to the opposing party (here the Plaintiff) should the Court choose to grant relief from its own judgment or order.  In the instant case, the focus is on what would normally be considered a mere housekeeping motion, not a final judgment.  However, the objection that Defendants wish to make to Plaintiff's Motion for Substitution is quite substantive and potentially dispositive of this claim, but this does not translate into unfair prejudice.  The Plaintiff is not prejudiced because they will have to respond to Defendants objection as they bear the burden of proving their entitlement to have parties substituted in this matter.  It is also worth noting that because this case involves multiple Cox-II drug types, it exists in both this MDL and in MDL 1699 In re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, and that in the Bextra and Celebrex MDL, all Defendants have made the same Kentucky revival statute argument.  Therefore, the Parties are already engaged in this argument in another forum and thus the Plaintiffs are not prejudiced as they will only have to repeat the work they have already done.  The Defendants should be allowed relief from the Court's Order of Substitution.

### CONCLUSION

THEREFORE, and for all the reasons stated above, Defendants Daska P. Mehta, M.D., Daniel G. Meece, M.D., Center for Arthritis and Osteoporosis, PSC, and Bardstown Internal Medicine, PSC, respectfully request that this Court grant them Relief from the Court's previous Order of Substitution and allow the Defendants to file their Objection to the Plaintiff's Suggestion of Death and Motion for Substitution of Parties.

Respectfully submitted,

LYNN, FULKERSON, NICHOLS & KINKEL, PLLC

267 West Short Street
Lexington, Kentucky  40507
Tel. No. (859) 253-0523

_____/s/ David A. Trevey_____
MELANIE S. MARRS
DAVID A. TREVEY (KBA #90535)
ATTORNEYS FOR DEFENDANTS, DASHKA P. MEHTA M.D., DANIEL G. MEECE, M.D., CENTER FOR OSTEOPOROSIS AND ARTHRITIS, PSC AND BARDSTOWN INTERNAL MEDICINE, PSC

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Relief from Order has been served on Liaison Counsel, Russ Herman and Phillip Whittmann, by U.S. Mail and email or by hand-delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this the 15th day of June, 2007.

_____/s/ David A. Trevey_____
MELANIE S. MARRS
DAVID A. TREVEY (KBA #90535)
LYNN, FULKERSON, NICHOLS & KINKEL, PLLC
267 West Short Street
Lexington, Kentucky  40507
Tel. No. (859) 253-0523
ATTORNEYS FOR DEFENDANTS, DASHKA P. MEHTA M.D., DANIEL G. MEECE, M.D., CENTER FOR OSTEOPOROSIS AND ARTHRITIS, PSC AND BARDSTOWN INTERNAL MEDICINE, PSC