UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN re: VIOXX PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | MDL Docket No. 1657 |
| THIS DOCUMENT RELATES TO: ) ) | JUDGE ELDON E. FALLON |
| Joan O'Bryan, now deceased ) ) | |
| Case No. 2:06-CV-2070 ) ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION
FOR SUBSTITUTION OF PARTIES**

Comes now the Defendants, Daska P. Mehta, M.D., Daniel G. Meece, M.D., Center for Arthritis and Osteoporosis, PSC, and Bardstown Internal Medicine, PSC, by and through counsel, and submits this memorandum in opposition to the motion of Donna Marie O'Bryan and Mary Cordelia Ball to be substituted as plaintiffs in place of Joan O'Bryan, who died on February 14, 2006, more than one year ago. The motion for substitution should be denied because the plaintiff's claims were extinguished pursuant to Kentucky law on February 14, 2007, one year after her death, and prior to the filing of the motion for substitution on May 22, 2007. Further, this Court should dismiss plaintiff's claims with prejudice as they are time-barred.

### INTRODUCTION

Donna O'Bryan and Mary Ball move to be substituted as plaintiffs pursuant to Fed. R. Civ. P. 25, which provides that when "a party dies *and the claim is not thereby extinguished*, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a) (emphasis added). Rule 25(a) "describes the *manner* in which parties are to be

1

substituted in federal court," but the Rule is only called into action "once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978); *see also First Idaho Corp. v. Davis*, 867 F.2d. 1241, 1242 (9th Cir. 1989); *Hilbrands v. Far East Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975).

To determine whether Mrs. O'Bryan's action survives her death, this court must look to Kentucky law. KRS 395.278 provides that actions must be revived within one year of death. This one-year limit on revival is a statute of limitation under Kentucky law. Mrs. O'Bryan died on February 14, 2006 – more than one year ago – and any claims on her behalf are extinguished and a motion to revive those claims is barred by the Kentucky statute of limitations. Therefore, the motion to substitute should be denied, and Mrs. O'Bryan's claims against Pfizer should be dismissed with prejudice.

## ARGUMENT

### A.  Kentucky substantive law governs this case.

Joan O'Bryan originally filed her lawsuit against moving Defendants and others in Kentucky state court. *See* Compl. Several of the Defendants removed the case on the basis of diversity to the United States District Court for the Western District of Kentucky, and then the case was transferred to this court for pretrial proceedings. *See* Jt. Notice of Removal; Transfer Order.[1]

In transferred diversity cases, in the circumstances presented here, this court uses the choice of law rules of the transferor state – here Kentucky – to determine which state's substantive law will govern the case. *Int'l Business Machines Corp. v. Bajorek,*

---

[1] Plaintiff moved to remand this case. However, the remand motion was not decided prior to transfer of the case to the MDL.

2

191 F.3d 1033, 1036-37 (9th Cir. 1999). Kentucky applies its own law in tort cases as long as there are "significant contacts" with Kentucky. *Foster v. Leggett,* 484 S.W.2n 827, 829 (Ky. 1972).

Joan O'Bryan was a resident of Kentucky. Compl. ¶ 2. Kentucky-resident physicians prescribed Bextra® to Mrs. O'Bryan in Kentucky. Compl. ¶¶ 6-9. Mrs. O'Bryan allegedly consumed and claims she was injured by Bextra® in Kentucky. *See, e.g.,* Compl. ¶¶ 2, 159-61. Thus, this case has significant contacts with Kentucky, and Kentucky courts would apply Kentucky substantive law to this case. *Foster,* 484 S.W.2d at 829.

**B.     Pursuant to KRS 395.278, Mrs. O'Bryan's claims were extinguished one year after her death.**

Kentucky Statues mandates that an "application to revive an action in the name of the representative or successor of a plaintiff … shall be made within one (1) year after the death of a deceased party." KRS 395.278. This provision is a statute of limitation. *Hammons v. Tremco, Inc.,* 887 S.W.2d 336, 338 (Ky. 1994); *Mitchell v. Money,* 602 S.W.2d 687, 688 (Ky. Ct. App. 1980). Thus, the one-year limit is "mandatory and not subject to enlargement." *Hammons,* 887 S.W.2d at 338.

In Kentucky, a personal injury suit could not survive death of a party until 1811 when the Kentucky legislature enacted the one-year time limit on revival in 1851, and the one-year limit has coexisted with survival statutes since then, *Id.* at 701.

The survival and revival statutes *creates* a new right of action. As Kentucky's highest court noted, "[c]ertainly the creation of a right of action where none would exist otherwise is a matter of substance and not procedure, and we do not believe … that a

3

statute of limitation expressly directed to the assertion of that right is … just a matter of procedure in which the legislative will is subject to modification pursuant to the rule-making power of the courts." *Id.*

But the new right of action is not automatic. "A personal representative does not automatically succeed to the decedent's rights and status as a litigant." *Id.* Instead, the representative "is permitted, by an act of the legislature, to revive an action which dies with the decedent." *Mitchell*, 602 S.W.2d. at 688. Thus, "revivor is not a simple matter of straightening up the record of a lawsuit," but rather is "in the nature of a new action." *Daniel*, 445 S.W.2d at 701.

Accordingly, Kentucky courts hold that an application to revive an action must be *filed* within the one-year time limit – as a complaint or other initiating pleading must be – not merely *served* within the one-year time limit – as other pleadings and papers may be. *Osborne v. Kenacre Land Corp.*, 65 S.W.3d 534, 536 (Ky. Ct. App. 2001). In *Osborne*, the plaintiff, Raymond Osborne, died on September 13, 1997. On September 12, 1998, the executor of Raymond's estate, Michael Osborne, served on defendant a motion to revive the action. Michael did not file the motion to revive the action with the court until September 16, 1998. *Id.* at 535.

The *Osborne* court held, as Kentucky courts consistently hold, that one-year limit on revival of actions is a statute of limitation and not a procedural statute relating to pleading, practice, or procedure. *Id.* at 536. Any statute of limitation "limits the time in which one may bring suit after the cause of action accrues." *Id.* Therefore, the Kentucky rule which requires *filing* of an initiating pleading applied rather than the Kentucky rule allowing service by mail. *Id.* The court held that it did not have discretion to extend the

4

one-year limit on revival. Because Michael did not file the motion to revive within one year of Raymond's death, Michael's application was time barred. *Id.*

Because it is a statute of limitation, any action on behalf of a deceased plaintiff which is not revived within the one-year time limit "must be dismissed." *Id.*; *Snyder v. Snyder*, 769 S.W.2d 70, 72 (Ky. Ct. App. 1989). The one-year limit is "mandatory and not subject to enlargement." *Hammons*, 887 S.W.2d at 338.

Thus, Mrs. O'Bryan's claims were extinguished on February 14, 2007, because her representative did not apply for revival by the date. Her representatives' current motion for substitution filed on May 22, 2007, is untimely and barred by the statute of limitations, as Mrs. O'Bryan's claims were already extinguished under Kentucky law.

Federal courts sitting in diversity are required to apply the statutes of limitations of the forum state. *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996). The United States Supreme Court has held that there is "simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980). Failure to apply the state law would result in "inequitable administration" of the law, even if it would not result in forum shopping. *Id.* Here, granting the motion for substitution would improperly extend the statute of limitations for Mrs. O'Bryan's representatives, a result which would not occur in Kentucky courts.

**C.     KRS 395.278 and Rule 25(a) are not in conflict.**

Rule 25 provides that when "a party dies *and the claim is not thereby extinguished*, the court may order substitution of the proper parties." Fed. R. Civ. 25(a) (emphasis added). Under Rule 25, substitution is not proper in this case because Mrs. O'Bryan's claims *are already extinguished. See Hilbrands,* 509 F.2d at 1323 (noting that Rule 25 "does not provide for the survival of any right of action").

Citing a decision from the Eastern District of Kentucky, Plaintiffs may ask this Court to ignore the one-year statute of limitation in Kentucky's revival statute. *See Boggs v. Blue Diamond Coal Co.*, 497 F. Supp. 1105, (E.D. Ky. 1980). In *Boggs*, the Eastern District of Kentucky held that Rule 25(a) and KRS 395.278 are both procedural and in direct conflict and that, because the federal rule is constitutional, it controls. *Id.* at 1124. In fact, Rule 25(a) and KRS 395.278 are not both procedural rules and are not in conflict. After the *Boggs* decision, Kentucky's Supreme Court reiterated that KRS 395.278 is a substantive statute of limitation that cannot be enlarged. *Hammons,* 887 S.W.2d at 338. The substantive limits of KRS 395.278 obviate the need for the procedure for revival set out in Rule 25. As the Ninth Circuit has held with regard to Rule 25(a), when there is applicable substantive state law, rather than a conflicting state procedural rule, the applicable substantive state law must control. *See First Idaho Corp.,* 867 F.2d at 1242 (holding that where state law prevented judgment from being entered against deceased defendant, issue was one of substantive sate law, which controlled, rather than one of conflicting procedural rules). Moreover, this Court is not bound to apply prior decisions of Kentucky federal courts. *Gunther v. County of Washington,* 623 F.2d 1303, 1319 (9th Cir. 1979).

6

The United States Supreme Court's analysis in *Walker v. Armco Steel Corp.*, 449 U.S. 740 (1980) is instructive. In *Walker*, the Supreme Court considered whether in a diversity action the federal court should follow state law or Fed. R. Civ. P. 3 in assessing when a lawsuit commenced for purposes of tolling the state statute of limitations. *Id.* at 741. Under the state law, a lawsuit was not commenced for purposes of the statute of limitations until the plaintiff obtained service of the summons on the defendant. *Id.* at 742. Rule 3 provided that "a civil action is commenced by filing a complaint with the court." *Id.* at 750. The Court held that the state statute and the federal rule did not directly conflict, noting that "there is no indication that the Rule was intended to toll a state statute of limitations." *Id.* In the absence of direct conflict, the Court held that "state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." *Id.* at 752-53.

The same is true here. There is no indication that Rule 25 was intended to displace state statutes of limitations. To the contrary, Rule 25 is purely procedural. *Robertson*, 436 U.S. at 587 n.3. Therefore, there is no conflict between Rule 25 and KRS 395.278, and the statute of limitations in KRS 395.278 bars Mrs. O'Bryan's representatives' motion for revival.

Pursuant to KRS 395.278 and Kentucky cases interpreting it, "an action which is not revived within the one-year statutory period … must be dismissed." *Snyder v. Snyder*, 769 S.W.2d 70, 72 (Ky. Ct. App. 1989). Defendants ask that the court deny the motion for substitution and dismiss the claims against them.

Respectfully submitted,

LYNN, FULKERSON, NICHOLS & KINKEL, PLLC

267 West Short Street
Lexington, Kentucky  40507
Tel. No. (859) 253-0523

   /s/ David A. Trevey
MELANIE S. MARRS
DAVID A. TREVEY (KBA #90535)
ATTORNEYS FOR DEFENDANTS, DASHKA P. MEHTA M.D., DANIEL G. MEECE, M.D., CENTER FOR OSTEOPOROSIS AND ARTHRITIS, PSC AND BARDSTOWN INTERNAL MEDICINE, PSC

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Relief from Order has been served on Liaison Counsel, Russ Herman and Phillip Whittmann, by U.S. Mail and email or by hand-delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this the 15th day of June, 2007.

   /s/ David A. Trevey
MELANIE S. MARRS
DAVID A. TREVEY (KBA #90535)
LYNN, FULKERSON, NICHOLS & KINKEL, PLLC
267 West Short Street
Lexington, Kentucky  40507
Tel. No. (859) 253-0523
ATTORNEYS FOR DEFENDANTS, DASHKA P. MEHTA M.D., DANIEL G. MEECE, M.D., CENTER FOR OSTEOPOROSIS AND ARTHRITIS, PSC AND BARDSTOWN INTERNAL MEDICINE, PSC