UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|    Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
|    LENE ARNOLD | * | SECTION L |
| | * | |
| versus | * | JUDGE ELDON E. FALLON |
| | * | |
| MERCK & CO., INC. | * | MAGISTRATE JUDGE |
|       Defendant | * | KNOWLES |
| | * | |
|   Case No. 05-2627 | * | |
| | * | |
| & | * | |
| | * | |
| ALICIA GOMEZ | * | |
| | * | |
| versus | * | |
| | * | |
| MERCK & CO., INC. | | |
|     Defendant | | |
| | | |
|   Case No.  05-1163 | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT MERCK & CO., INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF EIGHTH NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Merck & Co., Inc. ("Merck") submits this supplemental response to plaintiffs' Reply in Support of Eighth Notice of Supplemental Authority. As Merck has already explained, the decisions submitted by plaintiffs do not undermine the conclusion that their claims are preempted, and nothing in plaintiffs' reply demonstrates otherwise.

Plaintiffs contend that the Supreme Court's decision in *Watters v. Wachovia Bank, N.A.*, 127 S. Ct. 1559 (2007), is relevant here solely because "the issue of agency deference" was "briefed and argued" in *Watters*. Pls.' Reply 2. What matters about a

judicial opinion, however, is not what the parties and amici *argued*, but rather what the opinion *actually says and decides*. And as plaintiffs concede, the *Watters* majority said nothing about agency preemption. The three *Watters* dissenters, meanwhile, obviously disagree with four decades of Supreme Court precedents holding that a federal agency can promulgate regulations that have the effect of preempting state law, *see* Merck. Supp. Letter 5 (citing cases), but their view is not now – and never has been – the law.

Plaintiffs also attempt to link the *Watters* dissent with the decision in *Bates v. Dow Agrosciences*, *LLC*, 544 U.S. 431 (2005) – a case not cited by either the *Watters* dissenters or the majority, and which has nothing to do with *Watters*. It does have something to do with *this* case, however: it strongly *supports* preemption here. *Bates* explicitly holds that federal law preempts state-law packaging and labeling requirements that are "different from or in addition to" the requirements of federal law. *Id.* at 447. As the Court explained, any "[s]tate-law requirements" that would be imposed through failure-to-warn liability "must . . . be measured against any relevant [agency] regulations that give content to the [federal statute's] misbranding requirements," and any claims that rest on *differing* requirements are preempted. *Id*. at 453. Inasmuch as plaintiffs' claims here expressly seek to impose label disclosures different from those required under FDA regulations, those state-law requirements are necessarily preempted under the reasoning of *Bates*. Indeed, the very quotation on which plaintiffs rely (Pls.' Reply 3) proves the point: "Private remedies that enforce the *federal* branding requirements would seem to aid, rather than hinder, the function of [the federal statute]." 544 U.S. at 451 (emphasis added). The *Bates* Court here is discussing "parallel" state-law claims, i.e., claims that simply authorize *additional remedies* for violation of the *federal* labeling requirement,

2

not claims that seek to impose different substantive requirements. *Id.* at 447-48. The *Bates* Court could not have held more clearly that to the extent the state common-law claim requires disclosures beyond those required by federal law, the claim is preempted: "We emphasize that a state-law labeling requirement must in fact be *equivalent* to a requirement under [federal law] in order to survive pre-emption." *Id.* at 453 (emphasis added). That analysis compels preemption here.

In addressing *Barnhill v. Teva Pharms. USA, Inc.*, No. 06-0282-CB-M (S.D. Ala. Apr. 24, 2007), and *Kelly v. Wyeth*, No. 2003-3314F (Mass. Super. Ct. Apr. 12, 2007), plaintiffs continue to insist that because the Preamble is an "advisory opinion" (21 C.F.R. § 10.85(d)(1)), it is not entitled to controlling deference. But an "advisory opinion" constitutes "the formal position of the FDA" and is binding on the agency (*id.* § 10.85(e)), in contrast to "informal" positions reflected in "opinion letters and amicus briefs," *Belt v. EmCare, Inc.*, 444 F.3d 403, 416 n.35 (5th Cir. 2006). More importantly, however, under settled U.S. Supreme Court and Fifth Circuit precedent, even *informal* agency views expressed in amicus briefs are entitled to "controlling deference" where, as here, those views construe the agency's own regulations. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Belt*, 444 F.3d at 416 n.35. It follows *a fortiori* that a *formal* agency position adopted in a regulatory Preamble is entitled to equally strong deference. *See also Medtronic, Inc. v. Lohr*, 518 U.S. 470, 506 (1996) (Breyer, J., concurring) ("The Food and Drug Administration (FDA) is fully responsible for administering the MDA. That responsibility means informed agency involvement and, therefore, special understanding of the likely impact of both state and federal requirements, as well as an understanding of whether (or the extent to which) state requirements may interfere with

federal objectives. The FDA can translate these understandings into particularized pre-emptive intentions accompanying its various rules and regulations. It can communicate those intentions, for example, through statements in regulations, preambles, interpretive statements, and responses to comments . . . ." (quotations and citations omitted)).

Plaintiffs also again insist that the FDA's view is entitled to no deference because FDA has responded to changing circumstances by modifying its view on preemption. Merck has already explained why that view is erroneous (*see* Merck Reply Br. 17-19), but even the cases cited by plaintiffs do not support their argument. In both *Bates* and *Norfolk Southern R.R. v. Shanklin*, 529 U.S. 344 (2000), the Court declined to defer to an agency's new interpretation of an underlying statute's express preemption provision because the new interpretation was inconsistent with the plain meaning of the provision. *See Bates*, 544 U.S. at 449; *Shanklin*, 529 U.S. at 356. Where the language of the statute is plain, there is no room for a new agency interpretation and thus no basis for judicial deference. Here, by contrast, there is unquestionably room for the FDA to exercise its policy judgment about the need to preempt state laws that obstruct the effective operation of the agency's labeling regulations.

Against the FDA's unambiguous, formal interpretation of its own regulations, and the conclusive Supreme Court and Fifth Circuit authority commanding deference to that interpretation, plaintiffs cite a floor statement of a single member of Congress as counter-evidence of the regulations' meaning. But that isolated comment certainly cannot overcome the FDA's *own* formally stated interpretation of its *own* regulations, and in any event, individual floor statements are unreliable indicators of the intent of an entire Congress, *see*, *e.g.*, *U.S. v. Ceballos-Torres*, 218 F.3d 409, 414 n.6 (5th Cir. 2000). That

4

is especially so where, as here, the floor statement is made in connection with an unenacted bill that does not even address the preemptive effect of FDA regulations.  *See Enhancing Drug Safety and Innovation Act*, S. 484, 110th Cong. (2007).

Finally, plaintiffs argue that the CBE discussions in *Barnhill* and *Kelly* are relevant here because "Merck rebuffed the FDA's attempts to secure a post-VIGOR label with a CV warning."  (Pls.' Reply 6.)  Merck did not – and could not – do any such thing. The FDA exercises ultimate legal authority over the content of prescription drug labels. The agency does communicate with manufacturers about proposed label changes, but whatever label is ultimately approved by the FDA conclusively establishes the FDA's own exercise of judgment as to how the balance of policy considerations (including the risk of overwarning and confusion) should be struck in a particular situation.  *See* 71 Fed. Reg. 3922, 3934 (2006) (approved label "reflects thorough FDA review of the pertinent scientific evidence and communicates . . . the agency's formal, authoritative conclusions regarding the conditions under which the product can be used safely and effectively"). Because plaintiffs' claims seek to impose additional labeling requirements beyond those approved by FDA, but are based on the same scientific evidence already reviewed by FDA, their claims are preempted.  *See Hurley v. Lederle Laboratories*, 863 F.2d 1173, 1179 (5th Cir. 1988) ("Thus, assuming that the FDA has processed all the relevant and available information in arriving at the prescribed warning, *its decision as to the proper wording must preempt by implication that of a state*." (emphasis added)); *Weiss v. Fujisawa Pharmaceutical Co.*, 2006 WL 3422688, at *7 (E.D. Ky. Nov. 28, 2006) ("prescription drug failure-to-warn claims '*premised on the adequacy of the warnings approved and reviewed by the FDA*' would be preempted." (emphasis added)); *In re*

5

*Medtronic, Inc., Implantable Defibrillators Litigation*, 2006 WL 3420285, at *8 (D. Minn. Nov. 28, 2006) ("In situations where the *FDA is aware of a certain risk, and has approved a particular warning concerning that risk*, any claim of inadequate warning which might require a label differing from the FDA-prescribed language is preempted." (emphasis added)).

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Stipulation of Dismissal Without Prejudice has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of June, 2007.

                                                */s/ Dorothy H. Wimberly*
                                               Dorothy H. Wimberly, 18509
                                               STONE PIGMAN WALTHER
                                               WITTMANN L.L.C.
                                               546 Carondelet Street
                                               New Orleans, Louisiana  70130
                                               Phone:  504-581-3200
                                               Fax:     504-581-3361
                                               dwimberly@stonepigman.com

                                               Defendants' Liaison Counsel