**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS | : | MDL Docket No. 1657 |
|     LIABILITY LITIGATION | : | |
| | : | PLAINTIFFS: |
| THIS DOCUMENT RELATES TO: | : | |
| | : | Mary Cordelia Ball and Donna |
| Case No.   2:06-cv-2070 | : | Marie O'Bryan, as Executors |
| | : | of the Estate of Joan O'Bryan, |
| | : | now deceased |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR RELIEF FROM ORDER**

As a preliminary matter, and as this Court is undoubtedly aware, Defendants have mischaracterized their Motion for Relief as a FRCP 60(b) motion.  As is apparent on its face, FRCP 60(b) applies only to a "*final* judgment, order or proceeding…"  This Court's order granting Plaintiffs' motion for substitution of parties is certainly not a final order, as no claims were resolved or extinguished as a result thereof.  "Rule 60(b) only applies to motions for relief from final judgment, order or proceeding; thus, [the] district court erred when it treated defendant's motion to reconsider . . . as Rule 60 motion . . . ."  Fed. Rules Civ. Proc. 60, annotation (internal citations omitted).  Hence, the caselaw and standards Defendants rely on in their motion requesting relief are inapplicable to this particular situation. "Rather, plaintiff's motion . . . should [be] viewed as a routine request for reconsideration of an interlocutory district court decision . . . . Such requests do not necessarily fall within any specific Federal Rule.  They rely on 'the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires.'"  Greene v. Union Mut. Life Ins. Co., 764 F.2d 19, 22 (1st Cir. 1985)(internal

citations omitted).  Thus, the proper standard to apply to Defendants' request is whether the relief sought will serve the interests of justice.

Granting Defendants the relief they are seeking in this matter will not serve the interests of justice, for the simple reason that Defendants' arguments regarding the propriety of the substitution of parties is flawed.  Granting the requested relief and allowing additional briefs on this issue will only serve to delay this matter further and cost both the Court and the parties additional, unnecessary time and expense.  This certainly will not serve the interests of justice.

Defendants fail to cite a single Federal authority supporting their objection to Plaintiffs' motion to substitute.  The reason is simple.  The federal cases are unanimous in holding that the federal rule governs, trumping any contrary state authority. (See attached Exhibit A, excerpted from *Lexis* search results). That result is hardly surprising, since Defendants' position is based upon a fundamental misunderstanding of the law.

The cases unequivocally hold that while the question of whether an action survives is one of state law, the procedure for reviving the action is controlled by the Federal Rules of Civil Procedure. *See, e.g., Boggs v. Blue Diamond Coal Company*, 497 F. Supp. 1105 (E.D. Ky. 1980); and cases cited in attached Exhibit A.  That is consistent with the language of Rule 25 which provides that when "a party dies *and the claim is not thereby extinguished*, the court may order substitution of the proper parties." Fed. R. Civ. Proc. 25(a)(1) (emphasis added).

Defendants, however, argue that the present action did not survive the death of the plaintiff because of the revival provisions in KRS 395.278.  That position is patently absurd.  A totally different statute, in a totally different Chapter, provides the basis for

survival of the action.  KRS 411.140.  Thus, even in a Kentucky court, applying Kentucky law, the action survived the death of Plaintiff.  Indeed, it survived for a full year following her death, assuming this case was being litigated in a Kentucky court.[1]

Since the action did in fact survive Plaintiff's death, as per KRS 411.140, the sole question presented in this action is what law governs the procedure and timing for substituting the proper party plaintiff.  Defendants must and do acknowledge that Federal Rule 25 applies "once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978); *Accord*, the cases cited in Exhibit A.  Since the action did survive, Rule 25 provides the proper procedure for substitution.

The on point case, and the one upon which counsel for Plaintiffs relied, is *Boggs v. Blue Diamond Coal Company*, 497 F. Supp. 1105 (E.D. Ky. 1980).  That case is dispositive of the present motion.

As Defendants acknowledge, and as discussed in *Boggs*, the decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S. Ct. 1978, 64 L. Ed.2d 659 (1980) provides the framework for analysis of this issue.[2] The Court there held that lower Federal Courts should address such issues using the following analysis:

1. Is the scope of the Federal Rule, when given its plain meaning, sufficiently broad to control the issue before the court?

---

[1] Of course, whether the action was subsequently extinguished by KRS 395.278 or is properly revived under Fed. R. Civ. P. 25 is the issue presented here. For the reasons discussed herein, Rule 25 governs substitution and revival of this action.

[2] While the *Walker* court ultimately held for defendants, it did so based upon the first prong of a three part analysis which Defendants conveniently ignore. The Court determined that the state rule did not conflict with the Federal procedure and therefore did not reach the second and third prongs of the analysis.

    2. If so, is the Federal Rule within the scope of the Rules Enabling Act?

    3. If so, is the Rule also within a constitutional grant of power, such as that to be found in Article III of the Constitution, providing for the establishment of the federal courts, as implemented by Article I, § 8, especially the Necessary and Proper Clause?

*Boggs*, *supra,* 497 F. Supp. at 1108 (*citing, Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S. Ct. 1978, 64 L. Ed.2d 659 (1980)).

As in *Boggs*, and presenting the identical issue, each prong is satisfied in the present action. The issue is clearly within the scope of Rule 25, which was intended to establish a uniform procedure in the Federal Court system and avoid the harsh result under earlier law. Fed. R. Civ. Proc. 25, *Notes of Advisory Committee on 1963 Amendments to Rules*. Defendants' position conflicts with both the spirit and purpose of that rule. Similarly, there is no real question that the Rule is both within the scope of the Rules Enabling Act and is Constitutional.

It is clear that this claim survived Joan O'Bryan's death, pursuant to KRS 411.140. Given that the claim survives according to state law, the Court need only look to the Federal Rule 25 for the actual procedure for revival, including the timing thereof. Defendants are simply wrong in their assertions otherwise, and granting the requested relief from this Court's Order allowing substitution would not serve the interests of justice. Wherefore, Plaintiffs respectfully request that the Motion for Relief be DENIED and that the Order allowing substitution stand.

Respectfully submitted,

/s/ D. Brian Rattliff
D. Brian Rattliff
Gregory J. Bubalo
BUBALO, HIESTAND & ROTMAN, PLC
401 S. Fourth St., Suite 800
Louisville, KY  40202
brattliff@bhtriallaw.com

and

Ann B. Oldfather
Oldfather Law Firm
1330 S. Third Street
Louisville, KY  40202
aoldfather@oldfather.com

and

Tyler S. Thompson
Dolt, Thompson, Shepherd & Kinney, PSC
455 S. 4th Street, Suite 310
Louisville, KY  40202
tthompson@kytrial.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Suggestion of Death and Motion for Substitution of Parties has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand-delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with the Pretrial Order 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 20th day of June, 2007.

/s/ D. Brian Rattliff
D. Brian Rattliff
Kentucky Bar No. 56665
BUBALO, HIESTAND & ROTMAN, PLC
401 S. Fourth St., Suite 800
Louisville, KY  40202
(502) 753-1600
(502) 753-1601
brattliff@bhtriallaw.com