5. Federal law as controlling

Since Rule 25 permitting substitution of personal representative of nonresident party is procedural, and is not controlled or governed by local law substitution of personal representative of nonresident defendant in diversity action in state which does not permit such substitution does not go beyond scope of 28 USCS § 2072 which authorizes United States Supreme Court to establish practice and procedure of District Courts and does not go beyond federal legislative power. Iovino v Waterson (1959, CA2 NY) 274 F2d 41, 2 FR Serv 2d 423, 79 ALR2d 519, cert den (1960) 362 US 949, 4 L Ed 2d 867, 80 S Ct 860.

Rule 25(a)(1) is the procedural device which, for federal district court, controls the manner in which substitution of parties may be effected following death of a party in an action which survives under state law. Ransom v Brennan (1971, CA5 Tex) 437 F2d 513, 14 FR Serv 2d 1118, 13 ALR Fed 818, cert den (1971) 403 US 904, 29 L Ed 2d 680, 91 S Ct 2205.

In federal diversity action, if the cause of action, under law of forum state, survives the death of the defendant, the method to be employed by federal court to substitute executor as party is directed by the federal rules, even though inconsistent with state law. Ransom v Brennan (1971, CA5 Tex) 437 F2d 513, 14 FR Serv 2d 1118, 13 ALR Fed 818, cert den (1971) 403 US 904, 29 L Ed 2d 680, 91 S Ct 2205.

Substitution motions made before court of appeals are decided under Federal Rules of Appellate Procedure, which do not specify any time period for substitution; Civil Rule 25 governs substitute motions filed before district court. Servidone Constr. Corp. v Levine (1998, CA2) 156 F3d 414, 41 FR Serv 3d 1425.

Rule 25(a)(1) provides for procedural manner and means by which right to recover, as recognized by state, is enforced by federal District Court having venue and subject matter jurisdiction after death of original party when death does not extinguish cause of action. Commercial Solvents Corp. v Jasspon (1950, DC NY) 92 F Supp 20.

Motion to substitute executrix of one of defendants, who had been appointed by court in California, where the defendant was domiciled at date of his death, is granted since federal court does not lack authority to grant requested relief because of state court cases holding that foreign executor or administrator might not be sued in state court; such argument fails to recognize distinction between original jurisdiction and retaining jurisdiction in pending case. Neiman-Marcus Co. v Laft (1954, DC NY) 17 FRD 119.

In light of precedent in action based on federal substantive law that Rule 25(a) controls over inconsistent state statute relating to claims against decedent's estates, plaintiffs' motion for substitution of party's executor for deceased party would be granted over objection that claims against executor were barred under law of state in which District Court was held. Lamb v United Sec. Life Co. (1973, SD Iowa) 59 FRD 44, CCH Fed Secur L Rep P 93764, 16 FR Serv 2d 1479.

Federal Rule of Civil Procedure 25(a) is procedural under Enabling Act and substitution of parties may be permitted despite contrary provisions of state law; Rule 25(a) is constitutional

since Article III of Constitution and Necessary and Proper Clause grants to Congress power to enact rules of procedure. Boggs v Blue Diamond Coal Co. (1980, ED Ky) 497 F Supp 1105, 30 FR Serv 2d 1.

Time limit for filing motion for substitution of parties by former employee's widow in action brought under Age Discrimination in Employment Act(29 USCS § 621) is governed by federal substantive law as opposed to inconsistent state statutes. Asklar v Honeywell, Inc. (1982, DC Conn) 95 FRD 419, 29 BNA FEP Cas 1596, 30 CCH EPD P 33300.