UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX : <br> : <br> PRODUCTS LIABILITY LITIGATION : <br> : <br> : <br> This document relates to: : <br> : <br> LENE ARNOLD : <br> : <br> v. : <br> : <br> MERCK & CO., INC. : <br> : <br> Case No. 05-2627 : <br> : <br> and : <br> : <br> ALICIA GOMEZ : <br> : <br> v. : <br> : <br> MERCK & CO., INC. : <br> : <br> Case No. 05-1163 : <br> : | MDL Docket NO. 1657 <br><br> SECTION L <br><br> JUDGE FALLON <br> MAG. JUDGE KNOWLES |

**TENTH NOTICE OF SUPPLEMENTAL AUTHORITY
OF PLAINTIFFS LENE ARNOLD AND ALICIA GOMEZ**

Plaintiffs, Lene Arnold and Alicia Gomez, hereby submit as their Tenth supplemental authority in opposition to Merck & Co.'s Motion for Summary Judgment, the opinion of the Honorable Donovan W. Frank in *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL No. 05-1708 (DWF/AJB), slip op. (D.Minn. June 12, 2007) [a copy of which is attached hereto as Exhibit "A"] and the opinion of the Honorable Justice Stephen G. Breyer in *Watson v. Philip Morris Companies, Inc.,* 2007 WL1660910 (U.S. June 11, 2007)[a copy of which

is attached hereto as Exhibit "B"].

The PSC wishes to highlight that portion of Judge Frank's Opinion in *Guidant* that addresses the implied preemption defense raised by the defendant. Although the case involved a medical device and was subject to the express preemption provision of the Medical Device Amendments of 1978 to the Food Drug and Cosmetic Act, 21 U.S.C. §360k, Guidant asserted an implied preemption defense based upon *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). The court determined that Guidant's reliance on *Buckman* was "misplaced" because the duty asserted in a "fraud on the FDA" claim is the manufacturer's duty to the FDA, as opposed to the duties owed by the manufacturer to the plaintiff. *See Guidant*, slip. op at 21-23.

The recent decision of Justice Breyer, writing for a unanimous Supreme Court, reflects the cohesion of all of the Justices surrounding the limitation on federal jurisdiction. The Court's reasoning has ramifications that impact upon the limitations of federal supremacy over state law. In *Watson*, the plaintiff sued the cigarette manufacturer under a state consumer fraud statute. Philip Morris removed the action to federal court under the pretense that compliance with the Federal Trade Commission's regulations subjected the action to the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1). In the course of rejecting this argument, the Supreme Court determined that:

> A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries. *See, e.g.*, Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136a (2000 ed. and Supp. IV)(mandating disclosure of testing results in the context of pesticide registration). Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion.

*Watson*, 2007 WL 1660910, *8.  The PSC submits that the Supreme Court's reasoning in *Watson* should be applied to the implied preemption arguments presented by Merck.  Congress has never expressed any delegation of authority to the FDA to regulate preemption in the context of pharmaceutical drugs.  To the contrary, the Drug Amendments of 1962, which amended the FDCA to require applications for approval of new drugs to demonstrate effectiveness, as well as safety, stated:

> Nothing in the amendments made by this Act to the federal Food, Drug & Cosmetic Act shall be construed as invalidating any provision of state law which would be valid in the absence of such amendments, unless there is a direct and positive conflict between such amendments and such provision of State law.

Pub.L.No. 87-781, Title II, §202, 76 Stat. 793 (Oct. 10, 1962).  Congress never intended to expand federal law to preempt state tort law.

    The PSC respectfully requests the Court's consideration of these opinions when determining the instant motion.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date:  June 15, 2007                         By:  /s/ Leonard A. Davis
                                                      **Russ M. Herman (Bar No. 6819)**
                                                      Leonard A. Davis (Bar No. 14190)
                                                      Stephen J. Herman (Bar No. 23129)
                                                      ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                                      820 O'Keefe Avenue
                                                      New Orleans, Louisiana  70113
                                                      Telephone: (504) 581-4892
                                                      Facsimile: (504) 561-6024

                                                      **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA  92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC  20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028  (telecopier) |

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

| | |
|---|---|
| Kathryn A. Snapka, Esquire<br>SNAPKA, TURMAN & WATERHOUSE LLP<br>606 N. Carancahua, Suite 1511<br>P.O. Drawer 23017<br>Corpus Christi, TX  78403<br>(361) 888-7676 (telephone)<br>(361) 884-8545 (telecopier) | Zollie C. Steakley<br>TX State Bar No. 24029848<br>MS State Bar No. 100517<br>Attorney for Plaintiffs<br>CAMPBELL~CHERRY~HARRISON~<br> DAVIS~DOVE, P.C.<br>P.O. Drawer 21387<br>Waco, Texas 76702<br>(254) 761-3300 (telephone)<br>(254) 761-3301 (telecopier) |

**Counsel for Plaintiff Gomez**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15 th day of June 2007.

    /s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com