Theodore V. H. Mayer (5/19/95)
Vilia B. Hayes (4/13/05)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Attorneys for Defendant Merck & Co., Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

ROSE SFEIR,

                        Plaintiff,

           -against-

MERCK & CO., INC., LIFETIME HEALTH
MEDICAL CENTER, LIFETIME
HEALTHCARE, INC.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - x

No.: _____

**NOTICE OF REMOVAL OF
DEFENDANT MERCK & CO.,
INC.**

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this

action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme Court of the State of

New York, County of Erie to the United States District Court for the Western District of New

York and respectfully states to this Court the following:

        1.      This action involves allegations regarding the prescription drug Vioxx®.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring

148 Vioxx products liability cases to the United States District Court for the Eastern District of

Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C.§ 1407. Merck

intends to seek the transfer of this action to that Multidistrict Litigation, *In re VIOXX Products

Liability Litigation,* MDL No. 1657, and will shortly provide to the MDL Panel notice of this

action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. Plaintiff Rose Sfeir ("Plaintiff") filed this civil action against Merck in the Supreme Court of the State of New York, County of Erie, bearing Index Number 2006-000550. Plaintiff seeks damages for "permanent injuries" that she alleges were caused by her use of the prescription medicine Vioxx. (Compl. ¶ 13.) Plaintiff's claims are based on theories of negligence, breach of warranty, and strict liability.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Merck has (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Merck was served with a copy of Plaintiff's Complaint ("Complaint") on February 16, 2006. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441. A true and correct copy of the Summons and Complaint filed in Erie County is attached hereto as Exhibit 1.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. All Defendants required for removal have consented to and/or joined in this removal. Defendants who are fraudulently joined need not consent to removal.[1]

7. No previous application has been made for the relief requested herein.

---

[1]. Because Defendants Lifetime Health Medical Center and Lifetime Healthcare, Inc. are fraudulently joined under New York State law, *Negrin v. Alza Corporation*, 98 Civ. 4772 (DAB),1999 U.S. Dist. LEXIS 3006, *8-*9 (S.D.N.Y. March 17, 1999) *citing Bichler v. Willing*, 58 A.D.2d 331, 333-334 (N.Y. App. Div. 1st Dep't 1977), their consent to removal is unnecessary. *See Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993); *Miami Pipe Line Co., Inc. v. Panhandle Eastern Pipe Line Co.*, 384 F.2d 21, 27 (10th Cir. 1967).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, Erie County.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

### A. Complete Diversity Of Citizenship

10. There is complete diversity between Plaintiff, a citizen of New York, and Merck, a citizen of New Jersey, the only properly joined parties to this action.

11. Upon information and belief, Plaintiff is a citizen of the State of New York.[2]

12. Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

13. For the reasons set forth below, the other named defendants – Lifetime Health Medical Center and Lifetime Healthcare, Inc. ("Pharmacy Defendants") – are fraudulently joined. Therefore, their citizenship must be ignored for the purpose of determining the propriety of removal. *See, e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-1360 (11th Cir. 1996) *abrogated on other grounds*. A defendant is fraudulently joined when "there is no

_____

2. Plaintiff alleges that she is a resident of New York. (Compl. ¶ 1.) Plaintiff alleges no other alternative state of residence. Accordingly, New York is the state in which Plaintiff is domiciled and, therefore, the state of which she is a citizen. *See* 28 U.S.C. § 1332(a); *see also Linardos v. Fortuna*, 157 F.3d 945, 946 (2d Cir. 1998) ("[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile.").

possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Courts have interpreted this language to mean that a "reasonable basis" must exist for a plaintiff's claim against a non-diverse party. *In Re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n. 4 (S.D.N.Y. 2001). The Pharmacy Defendants are fraudulently joined because, as demonstrated below, no reasonable basis exists for Plaintiff's claims against them.

14.     Plaintiff alleges that she "used the product Vioxx which resulted in personal injuries," (Compl. ¶ 4), that her "injuries were caused solely by the negligence of the Defendants" *(id.* ¶ 8), that "[a]s a result of the breach of warranties by the Defendants, Plaintiff sustained permanent injuries" *(id.* ¶ 13), and that "[t]he Defendants…are…liable for the injuries sustained by Plaintiff ROSE SFEIR in strict products liability" *(id.* ¶ 15).

15.     There is no reasonable basis for predicting that Plaintiff could prevail on her asserted claims against the Pharmacy Defendants for the reasons set forth below.

16.     New York law is clear that negligence, breach of warranty, and strict liability claims are untenable as a matter of law against a pharmacy:

> [There is] no basis in law for liability under theories of negligence or breach of warranty where there [are] no allegations that the pharmacist altered the product in any way…Moreover…retail druggists dispensing prescription drugs [are] not liable under strict products liability.

*Negrin v. Alza Corporation*, 98 Civ. 4772 (DAB),1999 U.S. Dist. LEXIS 3006, *8-*9 (S.D.N.Y. March 17, 1999) *citing Bichler v. Willing*, 58 A.D.2d 331, 333-334 (N.Y. App. Div. 1st Dep't 1977). Since there is no reasonable basis to predict that Plaintiff could prevail against the Pharmacy Defendants on any of her claims, the Pharmacy Defendants are fraudulently joined.

4

## B.    The Amount In Controversy Requirement Is Satisfied.

17.    It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiff seeks compensatory and exemplary damages for alleged "permanent injuries" that Plaintiff alleges were caused by her use of the pharmaceutical Vioxx, which was manufactured by Merck.  (Compl. ¶ 13.)  The foregoing makes it apparent that the amount in controversy for Plaintiff is well in excess of $75,000.  *See, e.g., James v. Gardner*, 2004 U.S. Dist. LEXIS 23174, *10 (E.D.N.Y. 2004) (where plaintiff fails to represent a definitive amount in controversy, the court may look to defendant's petition for removal for a showing of reasonable probability that plaintiff's claim for damages exceeds the jurisdictional amount).

18.    Federal courts confronted by similar complaints in which plaintiffs alleged that they suffered similar injuries as a result of their use of Vioxx found that they have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000.  *See, e.g., Porter v. Merck & Co., Inc.*, No. 4:03CV12LN, Memorandum and Order at 2 (S.D. Miss. June 17, 2003);[3] *Zeedyk v. Merck & Co., Inc.*, No. 02C4203, Order at 2 (N.D. Ill. August 30, 2002).[4]

---

3.    True and correct copies of the complaint and unpublished decision in *Porter* is attached hereto as Exhibit 2.

4.    True and correct copies of the complaint and Court's Order in *Zeedyk* is attached hereto as Exhibit 3.

WHEREFORE, Defendant Merck respectfully removes this action from the

Supreme Court of the State of New York, County of Erie, pursuant to 28 U.S.C. § 1441.

DATED:      New York, New York
            February 28, 2006

                              Respectfully submitted,

                              HUGHES HUBBARD & REED LLP


                              By: _Vilia B. Hayes_
                                  Theodore V. H. Mayer (5/19/95)
                                  Vilia B. Hayes (4/13/05)

                              One Battery Park Plaza
                              New York, New York 10004-1482
                              (212) 837-6000
                              hayes@hugheshubbard.com

                              PHILLIPS LYTLE LLP
                              Peter D. Braun
                              Tamar P. Halpern
                              Cindy Kaplan Bennes
                              Suite 3400
                              One HSBC Center
                              Buffalo, New York  14203-2887
                              (716) 847-8400

                              *Attorneys for Defendant Merck & Co., Inc.*

# Exhibit 1

STATE OF NEW YORK    :
SUPREME COURT    :    COUNTY OF ERIE

---

ROSE SFEIR
167 Huxley Drive
Snyder, New York 14226

Plaintiff

vs.

<strong>COMPLAINT</strong>
Index#:

MERCK & CO., INC.
One Merck Drive
P.O. Box 100
Whitehouse Station, New Jersey 08889

LIFETIME HEALTH MEDICAL CENTER
1185 Sweet Home Road
Amherst, New York 14226

LIFETIME HEALTHCARE, INC.
165 Court Street
Rochester, New York 14642

Defendants

---

FILED
01/17/2006/ 16:16:56
ERIE COUNTY CLERK
RCPT # 8373P
I 2006000550

M002841921

PLAINTIFF, by her attorneys, BROWN CHIARI, LLP, for her Complaint in the above-entitled action, alleges:

1. That Plaintiff, ROSE SFEIR, at all times herein mentioned has been a resident of the County of Erie, State of New York.

2. Upon information and belief, Defendant, MERCK & CO., INC., is a New Jersey corporation authorized to do business in the State of New York.

- BROWN CHIARI LLP -

3.  Defendant, LIFETIME HEALTHCARE, INC., is a domestic corporation incorporated under the laws of the State of New York with offices at least at the locations of Defendant LIFETIME HEALTH MEDICAL CENTER, 1185 Sweet Home Road, Amherst, New York 14226.

4.  That Plaintiff ROSE SFEIR used the product Vioxx which resulted in personal injuries.

5.  The aforesaid product was designed, developed, manufactured, assembled, supplied, distributed, sold and marketed by the Defendants.

6.  The aforesaid product was defective and not reasonably safe.

7.  Upon information and belief, the Defendants' negligence, included but was not limited to, improper design, compounding and/or manufacturing of the product; improper and/or inadequate packaging; improper and/or incorrect filling of the prescription; improper and/or inadequate advertising; improper and/or inadequate warnings including failure to warn Plaintiff if the product was contraindicted for any condition she may have had.

8.  The aforesaid incident and resulting injuries were caused solely by the negligence of the Defendants in failing to use reasonable care in designing, making, manufacturing, inspecting, testing, distributing, marketing and selling the product.

## AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF ALLEGES:

9.  Plaintiff repeats and realleges paragraphs 1 through 8 as if fully setforth herein.

10. That the aforesaid incident and resulting injuries to Plaintiff ROSE SFEIR

- BROWN CHIARI LLP -

M0028441922

were caused by the Defendants' breach of express and implied warranties that the aforesaid product was reasonably fit for use by the Plaintiff.

11. Upon information and belief, the Defendants proffered both oral and written warranties, including but not limited to, package literature and/or warranties on the bottle, that the product was safe and reasonably fit for use by the Plaintiff.

12. At the time of the occurrence, Plaintiff was using the product for the purpose and in the manner intended and that, by the use of reasonable care, would not have both discovered the breach and realized its danger.

13. As a result of the breach of warranties by the Defendants, Plaintiff sustained permanent injuries.

## AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF ALLEGES:

14. Plaintiff repeats and realleges paragraphs 1 through 13 as if fully setforth herein.

15. The Defendants designed, produced, manufactured, distributed and sold the aforesaid product in a defective condition and are therefore liable for the injuries sustained by Plaintiff ROSE SFEIR in strict products liability.

16. The product at issue at issue was defective, including but not limited to, in being improperly prepared, improperly marketed and not having proper directions and/or warnings.

17. The Defendants knew, or by application of reasonable, developed human skill and foresight, should have had knowledge the product was defective and should have warned the Plaintiff.

- BROWN CHIARI LLP -

M002841923

- Page 4 -

18. At all times herein mentioned, Plaintiff was using the product for its intended and foreseeable purpose.

19. One or more exceptions to CPLR Article 16 apply herein.

WHEREFORE, the Plaintiff does hereby demand judgment against the Defendants, jointly and severally, in a sum that exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction in this action, together with the costs and disbursements of this action.

DATED: Lancaster, New York
      January 17, 2006

Theresa M. Walsh, Esq. for
BROWN CHIARI LLP
**Attorneys for Plaintiff**
5775 Broadway
Lancaster, New York 14086
(716) 681-7190

- BROWN CHIARI LLP -

M002841924

STATE OF NEW YORK       :
SUPREME COURT          :       COUNTY OF ERIE

ROSE SFEIR
167 Huxley Drive
Snyder, New York  14226

                              Plaintiff

                                                    **SUMMONS**
                                                    **Served with Complaint**
        vs.                                         Index No.

MERCK & CO., INC.
One Merck Drive
P.O. Box 100
Whitehouse Station, New Jersey 08889

                                            **RECEIVED**
LIFETIME HEALTH MEDICAL CENTER
1185 Sweet Home Road                           FEB 1 6 2006
Amherst, New York 14226
                                            **LEGAL DEPT.**
LIFETIME HEALTHCARE, INC.
165 Court Street
Rochester, New York 14642

                              Defendants

FILED
01/17/2006/  16:16:56
ERIE COUNTY CLERK
RCPT # 83739
I 2006000550

To the above named Defendants:

        **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's
attorneys, at the address stated below, a written Answer to the attached Complaint.

        If this Summons is served upon you within the State of New York by personal service
you must respond within **TWENTY (20)** days after service, not counting the day of service. If
this Summons is not personally delivered to you within the State of New York you must respond
within **THIRTY (30)** days after service is completed, as provided by law.

                        - BROWN CHIARI, LLP -

M002841925

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

[ X ]   Plaintiff's residence, or place of business;

[    ]   Defendants' residence;

[    ]   Designation made by Plaintiff.

DATED: Lancaster, New York
                January 17, 2006

Theresa M. Walsh, Esq.
BROWN CHIARI LLP
**Attorneys for Plaintiff**
5775 Broadway
Lancaster, New York 14086-2360
(716) 681-7190

- BROWN CHIARI, LLP -

Exhibit 2

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF JASPER COUNTY, MISSISSIPPI

AMOS PORTER, FLORA SUMRALL,
AND ANNIE LAURIE VARNADO　　　　　　　　　　　　**PLAINTIFFS**

**VS.**　　　　　　　　　　　　　　　　　　　　**NO. 2002-_12-0236_**

MERCK & COMPANY, INC.
(hereinafter "Merck"); G.D. Searle and Co.
(hereinafter "Searle") a subsidiary of
Pharmacia, Inc. (hereinafter "Pharmacia"), a
foreign corporation; Monsanto Company;
Pfizer, Inc.; John Doe #1, M.D., John Doe #2,
M.D., John Doe #3, M.D., and John Doe #4,
M.D., all Mississippi physicians whose true
names and identities are presently unknown
or unconfirmed but will be substituted by
amendment　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**F I L E D**
JASPER COUNTY, MISS.

DEC 3 1 2002

MARK A. ISHEE
CIRCUIT CLERK

## COMPLAINT

COME NOW the Plaintiffs, Amos Porter, Flora Sumrall, and Annie Laurie Varnado, in the above-styled and numbered cause, by and through their attorneys of record, and file this their Complaint against the Defendants, and in support thereof would show unto the Court the following, to-wit:

1. This is a civil action brought on behalf of Plaintiffs who were prescribed and used the prescription medication VIOXX (Rofecoxib) and/or CELEBREX (Celecoxib). Plaintiff Sumrall used Vioxx and Celebrex which caused her to suffer renal problems, severe edema, and other injuries. Plaintiff Porter used Celebrex which caused him to suffer a stroke and other injuries. Plaintiff Varnado used Vioxx which caused her to suffer from heart problems, edema and other injuries. This action seeks damages for personal injuries and damages caused by the drugs named herein and

ingested by Plaintiffs.

2.     Plaintiff Amos Porter is an adult resident of The First Judicial District of Jasper County, Mississippi. Plaintiff Flora Sumrall and Annie Laura Varnado are adult residents of Clarke County, Mississippi.

3.     Defendant, Merck & Co., Inc., (hereinafter "Merck") is a New Jersey corporation. At all times relevant hereto, Merck was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Vioxx (Rofecoxib). Defendant Merck may be served through its registered agent: CT Corporation System; 631 Lakeland East Drive; Flowood, Mississippi, 39208.

4.     Defendant G. D. Searle & Co. (hereinafter "Searle") is a subsidiary of Pharmacia, Inc., and is upon information, knowledge and belief an Illinois Corporation, and is not registered to do business in Mississippi. As such, Defendant Searle can be served via certified mail through its CEO Alan L. Heller at its principle place of business: 5200 Old Orchard Road, Skobie, Illinois, 60077. At all times relevant to this action was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Defendant Pharmacia is a Deleware Corporation licensed and registered to do business in Mississippi and can be served through its registered agent:   CT Corporation System: 631 Lakeland East Drive; Flowood, Mississippi, 39208.

5.     Monsanto Company (hereinafter "Monsanto") is the parent of Pharmacia Inc. and is a Delaware Corporation. At all times relevant hereto Monsanto through its subsidiary companies was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Defendant Monsanto is

licensed and registered to do business in Mississippi, and may be served through its agent: CT Corporation; 631 Lakeland East Drive; Flowood, Mississippi, 39208.

6. Defendant Pfizer Inc. (hereinafter "Pfizer") is a Delaware corporation, and at all times relevant hereto Pfizer was in the business of marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Defendant Pfizer is licenses and registered to do business in Mississippi and may be served through its agent: CT Corporation; 631 Lakeland East Drive; Flowood, Mississippi, 39208.

7. Defendants John Doe #1, M.D., John Doe #2, M.D., John Doe #3, M.D., and John Doe #4, M.D., are physicians licensed by the State of Mississippi with residence and/or principal place of business in Mississippi, whose identities are at present unknown or unconfirmed and will be substituted by amendment.

8. Venue is proper in The First Judicial District of Jasper County, Mississippi as the part of the cause of action and injury occurred in The First Judicial District of Jasper County, Mississippi.

9. The claims of Plaintiffs accrued in whole or in part in this judicial district and the Plaintiff resides in this judicial circuit. Some of these Defendants are foreign corporations which have been and are currently engaged in business, directly or by authorized agent, in this judicial district. Venue and jurisdiction are therefore proper. The claims of Plaintiff herein satisfy the jurisdictional amount of this court.

10. Vioxx is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Defendant Merck did manufacture, design, package, market and distribute this drug. This Defendant encouraged the use of this drug in improper customers, misrepresented the safety and

-3-

effectiveness of this drug and concealed or understated its dangerous side effects. This Defendant aggressively marketed this drug directly to the consuming mediums, including, but not limited to, print and television advertisements. This Defendant did this to increase sales and profits.

11.     Celebrex is a pharmaceutical treatment for musculaskeletal joint pain associated with osteoarthritis among other maladies. Defendants Searle, Pharmacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Defendants Seale, Pharmacia, Monsanto and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. These Defendants aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. These Defendants did this to increase sales and profits.

12.     At all times relevant hereto, the drug company Defendants actually knew of the defective nature of their products as herein set forth, yet continued to design, manufacture, market, distribute and sell their products so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. The drug company Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

-4-

## COUNT I

13.    Plaintiffs allege all prior paragraphs of this complaint as if fully set out herein.

14.    The pharmaceutical Vioxx (Rofecoxib) designed, manufactured, sold and/or supplied by Defendant Merck, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

15.    Further, the pharmaceutical Vioxx designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign, both directly to the consuming public and indirectly to physicians through drug sales representatives.

16.    The pharmaceutical Vioxx designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective due to inadequate testing.

17.    Additionally Defendant Merck failed to provide timely and adequate post-marketing warnings or instructions after the manufacturer knew of the risk of injury from Vioxx, via post-marketing data.  The defective nature of this product is a contributing cause of Plaintiffs Sumrall and Varnados' injuries.

WHEREFORE, Plaintiffs Sumrall and Varnado deny judgment against Defendant Merck in an amount of compensatory and punitive damages as a jury deems reasonable plus costs.

## COUNT II

18.    Plaintiffs realliege all prior paragraphs of this complaint as if fully set out

herein.

19. The pharmaceutical Celebrex (Celecoxib) designed, manufactured, sold and/or supplied by Defendants Searle, Pharmacia, Monsanto and/or Pfizer, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

20. Further, the pharmaceutical Celebrex designed, manufactured, sold and/or supplied by one or more of the above-referenced Defendants was defective in its marketing due to inadequate warnings or instructions, both independently and when coupled with the aggressive marketing warnings or instructions, both independently and when coupled with the aggressive marketing campaign the above-referenced Defendants initiated in relation to this product, both directly to the consuming public and indirectly to the physicians through drug sales representatives.

21. The pharmaceutical Celebrex designed, manufactured, distributed, marketed, sold and/or supplied by one or more of the above-referenced Defendants was defective due to inadequate testing.

22. Additionally, Defendants Searle, Pharmacia, Monsanto and Pfizer failed to provide timely and adequate post-marketing warnings or instructions after the Defendants knew or learned of the risk of injury from Celebrex via post-marketing data. The defective nature of this product is a contributing cause of Plaintiffs Sumrall and Porter's injuries.

WHEREFORE, Plaintiffs Sumrall and Porter demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

-6-

## COUNT III

23.     Plaintiffs reallege all prior paragraphs of this complaint as if fully set out herein.

24.     Defendant Merck had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant Merck failed to exercise ordinary care in the design, manufacturer, marketing, sale testing and/or distribution of Vioxx into the stream of commerce. Defendant Merck knew or should have known that Vioxx created an unreasonable risk of bodily harm, including the risk of death.

25.     Despite the fact that Defendant Merck knew or should have known that Vioxx caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, this Defendant continued to market, and to this day continues to market, Vioxx to the consuming public when there were and are adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

26.     Defendant Merck knew or should have known that consumers such as Plaintiffs Sumrall and Varnado would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care as described herein. Defendant's negligence was a contributing cause of Plaintiffs Sumrall and Varnado's injuries.

WHEREFORE, Plaintiffs Sumrall and Varnado demand judgment against Defendant Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT IV

27.     Plaintiffs reallege all prior paragraphs of the Complaint as if set out herein.

-7-

28.     Defendants Searle, Pharmacia, Monsanto and Pfizer had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Celebrex (Celecoxib) into the stream of commerce. These Defendants failed to exercise ordinary care in the design, manufacture, sale, testing and/or distribution of Celebrex in the stream of commerce.

29.     These Defendants knew or should have known that Celebrex created an unreasonable risk or bodily harm, including the risk of death.

30.     Despite the fact that Defendants Searle, Pharmacia, Monsanto and Pfizer knew or should have known that Celebrex caused unreasonably, dangerous side effects which many users would by unable to remedy by any means, these Defendants continued to market, and continue to, market to this day, Celebrex to the consuming public, when there were and are adequate and safer alternative methods of treatment, or opportunities for more meaningful warnings.

31.     Defendants Searle, Pharmacia, Monsanto and Pfizer knew or should have known that consumers such as Plaintiffs Sumrall and Porter would foreseeably suffer injury or death as a result of Defendants' failure to exercise ordinary care as described above. Defendants' negligence was a contributing cause of Plaintiffs Sumrall and Porter's injuries.

WHEREFORE, Plaintiffs Sumrall and Porter demand judgment against Defendants Searle, Pharmacia, Monsanto, and Pfizer in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### COUNT V

32.     Plaintiffs reallege all prior paragraphs of this complaint as if fully set out

hereto.

33.     Defendant Merck made express representations to the consuming public at large through its aggressive marketing and advertising campaigns relative to its product, Vioxx.

34.     Defendant Merck, through its detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx.

35.     Vioxx does not conform to the express representations made through Defendant Merck's advertising.

36.     Vioxx does not conform to the express representations made by Defendant Merck's agents/sales representatives.

37.     Defendants Merck conduct in this matter was contributing cause of injuries and damages suffered by Plaintiffs Sumrall and Varnado.

WHEREFORE, this Plaintiffs Sumrall and Varnado demands judgment against Defendant Merck in such and amount of compensatory and damages as a jury deems reasonable, plus costs.

### COUNT VI

38.     Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

39.     Defendants Searle, Pharmacia, Monsanto and Pfizer made express representations to the consuming public at large through their aggressive marketing and advertising campaigns relative to their product, Celebrex.

40.     Defendants Searle, Pharmacia, Monsanto and Pfizer through their detail sales representatives, made representations of the safety and efficacy of their product,

Celebrex.

41.    Celebrex does not conform to the express representations made through Defendants' advertising.

42.    Celebrex does not conform to the express representations made by Defendants' agents/sales representatives.

43.    These Defendants' conduct in this matter was a contributing cause of injuries and damages suffered by Plaintiffs Sumrall and Porter.

WHEREFORE, plaintiffs Sumrall and Porter demand judgment against Defendants Searle Pharmacia, Monsanto, and Pfizer in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VII

44.    Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

45.    At the time Defendant Merck marketed, sold, and distributed Vioxx for use by the general consuming public, including Plaintiffs Sumrall and Varnado, this Defendant knew of the use for which Vioxx was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

46.    Plaintiffs Sumrall and Varnado reasonably relied upon the skill and judgment of Defendant Merck as to whether Vioxx was of merchantable quality, and safe and fit for its intended use.

47.    Contrary to such implied warranty, Vioxx was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used

-10-

described above.

48.    Defendant Merck conduct in this regard was contributing cause of injuries and damages of Plaintiffs Sumrall and Varnado.

WHEREFORE, this Plaintiffs Sumrall and Varnado demand judgment against Defendant Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### COUNT VIII

49.    Plaintiffs reallege all prior paragraphs of the Complaint as if fully set out herein.

50.    At the time Defendants Searle, Pharmacia, Monsanto and Pfizer marketed, sold and distributed Celebrex for use by the general consuming public, including Plaintiffs Sumrall and Porter, these Defendants knew of the use for which Celebrex was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

51.    Plaintiffs Sumrall and Porter reasonably relied upon the skill and judgment of these Defendants as to whether Celebrex was of merchantable quality and safe and fit for its intended use.

52.    Contrary to such implied warranty, Celebrex was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was intended and used as described above.

53.    These Defendants' conduct in this regard was a contributing cause of Plaintiffs Sumrall and Porter's injuries and damages.

WHEREFORE, Plaintiffs Sumrall and Porter demand judgment against Defendants Searle, Pharmacia, Mansanto, and Pfizer in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT IX

54.     Plaintiffs reallege all prior paragraphs of the Complaint as if fully set out herein.

55.     Defendant Merck negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx was safe and effective. Defendant Merck represented Vioxx as safe so that the general consuming public, including Plaintiffs Sumrall and Varnado in particular, would rely upon said representations when purchasing said products.

56.     Prior to and following the introduction of Vioxx into the market as a prescribable pharmaceutical medication, Defendant Merck set in motion a public relations and advertising/marketing campaign to market its product to the general consuming public by way of press releases, print advertisement, mass mail out advertisements and TV advertising.    Defendant Merck's representations made concerning Vioxx as a safe and effective drug were made so that Plaintiffs Sumrall and Varnado, and the general consuming public, would rely on said representations and seek prescriptions for this drug from their treating physicians. In fact, Plaintiffs Sumrall and Varnado did rely on Defendant Merck's representations in this regard.

60.     At the time Defendant Merck made these representations, it was aware that these representations were false and/or made these representations with

-12-

reckless disregard to their truth. As a result of Defendant Merck's fraud and misrepresentation, Plaintiffs Sumrall and Varnado suffered injuries and damages.

WHEREFORE, Plaintiffs Sumrall and Varnado demand judgment against Defendant Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT X

61.     Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

62.     Defendants Searle, Pharmacia, Monsanto and Pfizer negligently, recklessly, intentionally and fraudulently made material misrepresentations that Celebrex was safe and effective. These Defendants represented Celebrex as safe so that the general consuming public, including Plaintiff's decedent in particular, would rely upon said representations when purchasing said products.

63.     Prior to and following the introduction of Celebrex into the market as a prescribable pharmaceutical medication, Defendants Searle, Pharmacia, Monsanto and Pfizer set in motion a public relations and advertising/marketing campaign to market their product to the general consuming public by way of press releases, print advertisement, mass mail out advertisements and TV advertising. Defendants' representations made concerning Celebrex as a safe and effective drug were made so that Plaintiffs Sumrall and Porter and the general consuming public would rely on said representations and seek prescriptions for this drug from their treating physicians. In fact, Plaintiffs Sumrall and Porter did rely on Defendants Searle, Pharmacia, Monsanto and Pfizer's representations.

64.     At the time Defendants Searle, Pharmacia, Monsanto and Pfizer made these representations, it was aware that these representations were false and/or made these representations with a reckless disregard to their truth.  As a result of these Defendants' fraud and misrepresentation, Plaintiffs Sumrall and Porter suffered injuries.

WHEREFORE, this Plaintiffs Sumrall and Porter demand judgment against Defendants Searle, Pharmacia, Mansanto, and Pfizer in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

<strong><u>COUNT XI</u></strong>

65.     Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

66.     Plaintiffs sought the care and treatment of Defendants John Doe #1, M.D., John Doe, M.D. #2, John Doe #3, M.D., and John Doe, #4 M.D. for various ailments and maladies.

67.     In relation to said care and treatment, these Defendants prescribed Vioxx to Plaintiffs Sumrall and Varnado and Celebrex to Plaintiffs Sumrall and Porter.

68.     Defendants John Does, M.D., #1, #2, #3 and #4 knew, or should have known, of the dangerous side effects of these medications, and prescribing said medications in light of such knowledge presents a deviation from the standard of care generally exercised by physicians under like or similar circumstances and rises to the level of medical negligence.

69.     The medical negligence of Defendants John Does, M.D., #1, #2, #3 and #4 was a direct and proximate cause of the Plaintiffs' injuries.

-14-