Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 1 of 15
Case 6:06-cv-06075-DGL Document 8 Filed 03/06/2006 Page 1 of 2

- Page 1 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EUGENIA B. LUKASIK, Individually and
as Executrix of the ESTATE OF RICHARD
LUKASIK,SR.A/K/A RICHARD PAUL
LUKASIK A/K/A SR.

                          Plaintiff          **NOTICE OF MOTION**
                                                    **Docket #: 06 CV 6075**

   vs.

MERCK & CO., INC.,
LIFETIME HEALTH MEDICAL CENTER
LIFETIME HEALTHCARE, INC.

                          Defendants

---

| | |
|---|---|
| **MOTION MADE BY:** | Plaintiff by and through her attorneys, BROWN CHIARI, LLP |
| **DATE, TIME, AND PLACE OF HEARING:** | Before the Honorable David G. Larimer, UNITED STATES DISTRICT COURT, 100 Street, Rochester, New York 14614 on a date and time to be determined by the Court |
| **TIME REQUESTED FOR ORAL ARGUMENT:** | 10 Minutes |
| **RELIEF DEMANDED:** | Order remanding this case for further proceedings to New York State Supreme Court, Erie County |
| **GROUNDS FOR RELIEF DEMANDED:** | Affidavit of Theresa M. Walsh, Esq. with attached Exhibits; Memorandum of Law; 28 USC §1332; 28 USC §1441; 28 USC §1446; 28 USC §1447; Federal Rules of Civil Procedure |

- BROWN CHIARI, LLP -

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 2 of 15
Case 6:06-cv-06075-DGL Document 8 Filed 03/06/2006 Page 2 of 2

- Page 2 -

Pursuant to Local Rule 7.1, Plaintiff intends to file and serve reply papers and as a result, any papers in opposition to this motion are required to be filed and served at least eight (8) business days prior to the return date of the motion.

DATED: Lancaster, New York            S/Theresa M. Walsh
       March 6, 2006                    Theresa M. Walsh, Esq.
                                                    BROWN CHIARI, LLP
                                                    **Attorneys for Plaintiff**
                                                    5775 Broadway
                                                    Lancaster, New York 14086
                                                    (716) 681-7190
                                                    twalsh@brownchiari.com

TO:    Vilia B. Hayes, Esq.
         HUGHES, HUBBARD & REED, LLP
         **Attorneys for Defendant**
         **MERCK & CO., INC.**
         One Battery Park Plaza
         New York, New York 10004-1482
         (212) 837-6000

         Peter D. Braun, Esq.
         PHILLIPS LYTLE, LLP
         **Attorneys for Defendant**
         **MERCK & CO., INC.**
         One HSBC Center, Suite 3400
         Buffalo, New York 14203-2887
         (716) 847-8400

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 3 of 15
Case 6:06-cv-06075-DGL Document 9 Filed 05/08/2006 Page 1 of 2

- Page 1 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EUGENIA B. LUKASIK, Individually and
as Executrix of the ESTATE OF RICHARD
LUKASIK,SR.A/K/A RICHARD PAUL
LUKASIK A/K/A SR.

                Plaintiff

    vs.                                **ATTORNEY'S AFFIDAVIT**
                                       **Docket #: 06 CV 6075**

MERCK & CO., INC.,
LIFETIME HEALTH MEDICAL CENTER
LIFETIME HEALTHCARE, INC.

                Defendants

---

STATE OF NEW YORK)
COUNTY OF ERIE)       ss.:

       THERESA M. WALSH, being duly sworn, deposes and says:

       1.       That I am an attorney duly licensed to practice law in the State of New York and a member of the law firm of BROWN, CHIARI, LLP, 5775 Broadway, Lancaster, New York, 14086, attorneys for the plaintiff in the above matter.

       2.       That I make this affidavit in support of Plaintiff's motion to remand this case back to New York State Supreme Court for further proceedings.

       3.       That this action was commenced by the filing of a Summons and Complaint in the Erie County Clerk's office on October 25, 2005. This action is one for injuries sustained as a result of the ingestion by Plaintiff's decedent, Richard Lukasik, of Vioxx which was manufactured, distributed and sold by the defendants. See **Exhibit A.**

Case 2:05-md-01657-EEF-DEK   Document 11456-4   Filed 06/21/07   Page 4 of 15
Case 6:06-cv-06075-DGL   Document 9   Filed 03/06/2006   Page 2 of 2

- Page 2 -

5.      The defendant Merck subsequently filed a Notice of Removal.  See **Exhibit B**. This Notice of Removal was filed before the defendants had been served with the Summons and Complaint in this matter.  Merck's petition further fails to comport with 28 U.S.C. §1446 as diversity does not exist and as such this Court does not have jurisdiction in this matter.

6.      As set forth further in Plaintiff's Memorandum of Law, the burden of proof is on the defendants in this matter to show that requirements for removal are met, including the showing of any alleged fraudulent joinder.  The defendants can not meet this burden and as such, the remand of this case is proper.

WHEREFORE, an Order of this Court is respectfully requested remanding this case back to New York State Supreme Court, Erie County for further proceedings and for such other relief as this Court deems just and proper.

|  |  |
|---|---|
|  | S/Theresa M. Walsh |
|  | Theresa M. Walsh, Esq. |
|  | BROWN CHIARI, LLP |
| Sworn to before me this | Attorneys for Plaintiff |
| 6th day of March, 2006 | 5775 Broadway |
|  | Lancaster, New York  14086 |
|  | (716) 681-7190 |
| S/Heather M. Kling | twalsh@brownchiari.com |
| Heather M. Kling |  |
| Notary Public State of New York |  |
| Qualified in Erie County |  |
| Commission Expires 3/18/06 |  |

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 5 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 05/05/2006 Page 1 of 11

- Page 1 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EUGENIA B. LUKASIK, Individually and
as Executrix of the ESTATE OF RICHARD
LUKASIK,SR.A/K/A RICHARD PAUL
LUKASIK A/K/A SR.

                        Plaintiff

    vs.                        **Docket #06 CV 6075**

MERCK & CO., INC.,
LIFETIME HEALTH MEDICAL CENTER
LIFETIME HEALTHCARE, INC.

                        Defendants

---

# MEMORANDUM OF LAW

---

                        BROWN CHIARI, LLP
                        **Attorneys for Plaintiff**
                        5775 Broadway
                        Lancaster, New York 14086
                        (716) 681-7190

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 6 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 2 of 11

- Page 2 -

## **PRELIMINARY STATEMENT**

This Memorandum is in support of Plaintiff's motion to remand this matter back to the New York State Supreme Court, Erie County for further proceedings. This suit was commenced in New York State Supreme Court on October 25, 2005 for personal injuries resulting from the ingestion of Vioxx by the Plaintiff's decedent, Richard Luaksik, which was manufactured, distributed and sold by the defendants. The action was commenced against the manufacturer of the drug, Merck, and sellers of the drugs to the Plaintiff, the Lifetime Health Center defendants, which are New York entities. Defendant Merck subsequently filed a Notice of Removal claiming fraudulent joinder of the Lifetime Health Center defendants. This Notice of Removal was filed before the defendants had been formally served with the Summons & Complaint. Plaintiff makes this motion on the grounds that Merck's removal petition is defective due to the lack of diversity.

## **ARGUMENT**

**POINT I:** **THIS COURT DOES NOT HAVE JURISDICTION IN THIS MATTER AND AS SUCH THE NOTICE OF REMOVAL IS IMPROPER**

As noted above, at the time Merck filed its petition for removal, it had not been served formal process in this matter. Accordingly, it was not under the jurisdiction of this Court at the time it filed its Notice of Removal and, as such, this Court lacks jurisdiction to consider and act on Merck's removal petition.

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 7 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 05/05/2006 Page 3 of 11

- Page 3 -

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." *Omni Capital International, Ltd v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S.Ct. 404, (1987). "In the absence of such service, a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999).

It is Merck's burden to show it was properly under the jurisdiction of this Court at the time it filed its petition and is entitled to the relief it seeks in said petition. Accordingly, the petition is invalid as it did not have a proper jurisdictional basis at the time it was filed and this matter must be remanded on these grounds alone.

**POINT II:** **DIVERSITY DOES NOT EXIST AND AS SUCH, THIS COURT DOES NOT HAVE JURISDICTION AND THE CASE MUST BE REMANDED**

As strictly required under 28 U.S.C. §1332, diversity between the parties to the action must exist in order for this Court to have jurisdiction. The case law also makes clear that the burden of proving the right to removal falls squarely on the removing party and that 28 U.S.C. §1446 should be strictly construed against removing a case to federal court.

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprise, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991). (citations omitted). The defendants in this case have the burden proving that this matter meets the jurisdictional requirements of this Court.

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 8 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 4 of 11

- Page 4 -

*Davies v. Belden & Blake Corporation*, 2001 WL 210471 (W.D.N.Y.), *Fisher v. Building Services 32 B-J Health Fund*, 1997 WL 590843 (S.D.N.Y.) citing *Shamrock Oil & Gas Corp. v. Sheets, et al.*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *DiPasquale v. Greyhound Lines, Inc.*, 1997 WL 374212 (W.D.N.Y.). See also *Thomas v. Baldwin*, 189 F.Supp.21 1 (E.D.N.Y. 2002).

The Courts have set forth the long standing inherent principles behind this strict adherence. "Due regard for the rightful independence of state governments, which should actuate federals courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets, et al.*, 313 U.S. 100, 109 ,61 S.Ct. 868, 85 L.Ed. 1214 (1941) (citations omitted). Furthermore, "this requirement has been interpreted strictly, for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his own forum." *Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F.Supp. 171, 172 (E.D.N.Y. 1988) (citations omitted).

Under the relevant case law and facts of this case, Merck can not meet its burden.

As noted above, diversity does not exist in this case. Merck's petition attempts to circumvent this situation by inappropriately claiming that the Lifetime Health Care Center defendants are fraudulently joined in order to achieve diversity. Merck's arguments are flawed on several grounds.

Merck's sole argument is that a cause of action can not be maintained in this matter against the Lifetime Health Care Center defendants and as such fraudulent joinder exists. Long standing New York law is clear that a seller of a product can be held liable in a products liability

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 9 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 05/05/2006 Page 9 of 11

- Page 5 -

action such as the case at bar. See examples *Godoy v.Abamaster*, 302 AD2d 57, 754 NYS2d 301 (2nd Dept. 2003); *Monaco v. Hall-Eglert GMC Sales*, 3 AD2d 670, 158 NYS2d 562 (3rd Dept. 1956).

However, Merck improperly relies on the Appellate Division, First Department decision of *Bichler v. Willing*, 58 AD2d 331, 397 NYS2d 57 (1st Dept, 1977) as the basis of its fraudulent joinder claims. Merck claims the *Bichler* decision supports its contention that no reasonable basis exists for causes of action against the Lifetime Health Care Center defendants.

The *Bichler* Court found that causes of action for negligence, breach of warranties and strict products liability could not be made against the pharmacy defendant based upon the facts of that case. As an initial matter, not only are the *Bichler* findings outdated but they can not be used as the binding authority for this case. Neither the Appellate Division, Fourth Department, from which the case at bar originates, nor the Court of Appeals have spoken to or confirmed the above *Bichler* findings. The limited New York state court cases that have relied upon the *Bichler* findings at issue mostly originated from the First Department.

Of further significance, Merck has misconstrued the findings in *Bichler* in making its claim that no reasonable basis exists for the Plaintiff's causes of action against Rite Aid and Middleport Family Health Center. The Court's findings in *Bichler* were founded based upon the facts of that case. The Court did imply distinguishing facts that could justify causes of action for negligence, express warranties and strict products liability against a pharmacy. *Bichler* at 333.

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 10 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 6 of 10

- Page 6 -

Merck further wrongly applies a "reasonable basis" standard to this case. The Court in *Pampillonia v. RJR Nabisco*, 138 F3d 459 (2nd Cir. 1997) sets forth the stringent grounds for the finding of fraudulent joinder.

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate , by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is **no possibility,** based upon the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff. (emphasis added) Id. at 461.

Merck misstates the present status of the law as to the interpretation of "no possibility" in accordance with *Pampillonia*. Merck cites *In Re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272 (SDNY 2001) in support of its contention that the standard is "no reasonable basis." However, subsequent decisions by the United States District Court, Southern District do not follow *In Re Rezulin* and strictly interpret the "no possibility" language of *Pampillonia*.

"To prevail on their motion, removing defendants must prove, by clear and convincing evidence, that there is *no possibility* that Plaintiffs can show such exposure and causation." *Dexter v. AC&S, Inc.*, 2003 WL 22725461, 1 (SDNY) citing *Pampillonia.* Further, the Court noted that "recent cases from this district have strictly applied the standard." Id. (citations omitted). In *Arseneault v. Congoleum Corp.*, 2002 WL 472256, 5 (SDNY), the Court, in rejecting the defendants' reliance on *In Re Rezulin*, stated "…this Court believes that the Court of Appeals did not inadvertently use the language that it did." "The Court finds the standard is stringent. Any possibility of recovery, even if slim, militates against the finding of fraudulent joinder; only where there is **no possibility** of recovery is such a finding warranted." (emphasis

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 11 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 7 of 10

- Page 7 -

added). *Nemazee v. Premier, Inc.*, 232 F.Supp.2d 172 (SDNY 2002) citing *Whitaker v. American Telecasting, Inc.*, 261 F3d 196 (2nd Cir. 2001). See also *Stan Winston Creatures v. Toys R Us*, 314 F.Supp.2d 177 (SDNY 2003).

As noted above, New York law is clear that the products liability causes of action, as plead in the complaint in the instant action can be maintained against the seller of a product, which in this case would be the Lifetime Health Care Center defendants. Even using the *Bichler* findings, causes of against may potentially exist against a pharmacy for negligence, express warranties, and strict products liability. It is clear under the pertinent case law that Merck can not meet the *Pampillomnia* standard.

Merck uses an improper standard in its argument by relying on cases that have decided issues similar to this case in the context of a summary judgment motion which is quite distinguishable from the case at bar. "Because this jurisdictional inquiry is preliminary to any decision on the merits, the federal court resolves any uncertainties in applicable state law in plaintiffs' favor and subjects the complaint to less scrutiny than on a motion to dismiss for failure to state a claim." *Intershoe v. Filanto*, 97 F.Supp.2d 471, 474 (SDNY 2000) (citations omitted), See also *Ecology & Environment v. Automated Compliance Systems*, 2001 WL 1117160, 5 (WDNY); *Moran v. Continental Casualty Company*, 2001 WL 171214, 3 (NDNY).

The general pleading rules found in New York practice are recognized in the Courts' findings in these matters. As noted by the courts, "this court need not decide whether, as a matter of New York law, the Complaint does indeed state a claim…for the purposes of establishing this Court's lack of jurisdiction to make precisely these determinations, it suffices

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 12 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 8 of 10

- Page 8 -

that the Complaint colorably asserts such a claim and that New York's liberal pleading rules leave open the possibility that the state court would deem the complaint to state a claim…" (citations omitted) *Intershoe,* supra; *Ecology*, supra.

Merck's analysis is not only flawed in its reliance on *Bichler,* which was a summary judgment case, but also in its dependence on *Negrin v. Alza Corp.*, 1999 WL 144507 (SDNY). The *Negrin* decision not only predates the Southern District authorities cited by the Plaintiff above but also relies on state court decisions that involve summary judgment cases. *Negrin* at 3. Recent cases have found the reliance on the findings of summary judgment decisions to not be applicable to the issue in dispute in the present case: whether there is any possibility for recovery against the defendants in deciding if fraudulent joinder has occurred.

In noting that the defendants relied upon state court cases that were using a summary judgment standard, the *Dexter* Court stated that "this Court…confronts something very different than a motion for summary judgment." *Dexter* at 1. (citations omitted). "It must be remembered that the strength of plaintiffs' case is not relevant in the present context." Id. (citations omitted) "Indeed, it is not even enough for Removing Defendants to show that Plaintiffs' cause of action against [the defendants] would not survive a motion to dismiss." Id. (citations omitted). "A defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case." *Stan Winston Creatures* at 182. (citations omitted). "In general there need be only **a possibility** that a right to relief exists under the governing law to avoid a finding of fraudulent joinder." (emphasis added) *Stan Winston Creatures* at 183. (citations omitted).

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/24/07 Page 13 of 15
Case 6:06-cv-00075-DGL Document 10 Filed 03/06/2006 Page 9 of 10

- Page 9 -

The complaint at issue more than meets the liberal and basic pleading rules used in New York practice and the standards set forth in the case law cited above. Even though it is the Plaintiff's position that *Bichler* does not apply to the case as bar, the Plaintiff's complaint is clearly in compliance with the *Bichler* court's findings to the extent that they are claimed to be applicable.

In spite of this, Merck completely ignores this fact and in its blanket removal petition still cites *Negrin,* which relies on *Bichler* in its analysis. Merck's citing of *Negrin* is not only blatantly flawed on this fact alone but the *Negrin/Bichler* findings are the sole basis for its notice of removal. Without its claimed applicability of these findings, Merck has no standing to claim any fraudulent joinder of the Lifetime Health Care Center defendants.

New York law is clear that the causes of action articulated in the complaint can be maintained against a seller of a product, including a pharmacy. This is true even under the *Bichler* case relied upon by Merck. Accordingly, causes of action against the Lifetime Health Care Center defendants are possible under New York state law. As such, the defendants are unable to meet their burden for removing this case to this Court and remand is necessary and proper.

It should also be noted that the defendants have not obtained the consent from the Lifetime Health Care defendants. Merck claims it is not necessary since it alleges these entities are fraudulently joined. However, as noted above, causes of action can legitimately be brought against these entities. No allegations have been made that the Lifetime Health Care entities were not served. The consent of these entities has not been obtained nor can Merck obtain their

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 14 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 10 of 11

- Page 10 -

consent and meet the requirements for removal since they are New York entities and can not legitimately consent to removal on diversity grounds. Accordingly, the Notice of Removal is deficient on these grounds as well. *Owczarek v. The Austin Company*, 2004 WL 625273 (WDNY).

## **CONCLUSION**

As a result of the defects in Merck's removal petition, this case must be remanded to the New York State Supreme Court, Erie County for further proceedings.

DATED: Lancaster, New York
       March 6, 2006                                         S/Theresa M. Walsh
                                                        Theresa M. Walsh, Esq.
                                                        BROWN CHIARI, LLP
                                                        **Attorneys for Plaintiff**
                                                        5775 Broadway
                                                        Lancaster, New York 14086
                                                        (716) 681-7190
                                                        twalsh@brownchiari.com

TO:    Vilia B. Hayes, Esq.
         HUGHES, HUBBARD & REED, LLP
         **Attorneys for Defendant**
         **MERCK & CO., INC.**
         One Battery Park Plaza
         New York, New York 10004-1482
         (212) 837-6000

Case 2:05-md-01657-EEF-DEK Document 11456-4 Filed 06/21/07 Page 15 of 15
Case 6:06-cv-06075-DGL Document 10 Filed 03/06/2006 Page 11 of 11

- Page 11 -

Peter D. Braun, Esq.
PHILLIPS LYTLE, LLP
**Attorneys for Defendant**
**MERCK & CO., INC.**
One HSBC Center, Suite 3400
Buffalo, New York 14203-2887
(716) 847-8400