## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX MARKETING, SALES | * | MDL NO. 1657 |
| PRACTICES, and PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | |
| DANIEL SLAUGHTER, on behalf | * | CASE NO. 06-10158 |
| of all surviving heirs, and on behalf | * | |
| of JESSI SLAUGHTER, Deceased, | * | |
| | * | JUDGE ELDON E. FALLON |
| Plaintiff, | * | |
| v. | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| MERCK & CO., INC., a foreign | * | |
| corporation, | * | |
| | * | PLAINTIFF DEMANDS TRIAL |
| Defendant. | * | BY STRUCK JURY |

**(THIS DOCUMENT RELATES TO:  Bobby W. Myatt, et al. v. Merck & Co., Inc., Civil Action No. 3:06-cv-04606)**

### FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Daniel Slaughter, on behalf of all surviving heirs, and on behalf of Jessi Slaughter, Deceased, and amends the previously filed complaint as follows:

### IDENTIFICATION OF PARTIES

1.      Plaintiff Daniel Slaughter is the surviving son of Jessi Slaughter and, at all times material hereto, was a resident of Bolivar County, Mississippi.  As a direct and proximate result of the death of Jessi Slaughter and the negligence and the other actions and/or omissions of Defendant Merck as more fully set forth in the Complaint, as amended, Jessi Slaughter was injured and harmed as set forth herein.

2.      Jessi Slaughter died on September 16, 2006.  At the time of her death, Jessi Slaughter was a resident of Bolivar County, Mississippi. Jessi Slaughter was survived by her children, Daniel Slaughter and Manger Slaughter.  Jessi Slaughter was not survived by a spouse.

3.     Plaintiff Daniel Slaughter is bringing this action on behalf of all surviving heirs, and on behalf of Jessi Slaughter, deceased, as survivors and as otherwise permitted under the law of the State of Mississippi.   At the time of her death, Jessi Slaughter, was survived by her children, Daniel Slaughter and Manger Slaughter.

4.     In all other respects, the identity and location of the named parties set forth in the original Complaint shall remain unchanged.

## PROCEEDINGS AND FACTUAL BACKGROUND

5.     This cause was originally brought as part of a consolidated complaint, filed in the United States District Court for the District of New Jersey.  The complaint in this cause was, and continues to be, styled as:  *Bobby W. Myatt, et al. v. Merck & Co., Inc.* (D.N.J. Civil Action No. 3:06-cv-04606).  Jessi Slaughter was named as a plaintiff in that complaint.

6.     Jessi Slaughter died on September 16, 2006.  Daniel Slaughter, on behalf of all surviving heirs, and on behalf of Jessi Slaughter, is the proper plaintiff to bring this action in Jessi Slaughter's place and stead, and on behalf of all surviving heirs.

7.     As more specifically set forth in the original complaint in this cause, Jessi Slaughter was injured and harmed as the direct and proximate result of her ingestion of a dangerous product, namely, VIOXX® (rofecoxib).  Further, Jessi Slaughter died as the proximate result of her ingestion of VIOXX® (rofecoxib) and/or her Vioxx-related injuries suffered by her during her life.  In addition to the injuries alleged in the original complaint, i.e., kidney failure, Jessi Slaughter died from a myocardial infarction as the result of her ingestion of VIOXX®.

8.     As a direct and proximate result of the conduct of Defendant Merck, the breaches of implied and expressed warranties, the fraudulent misrepresentations, and/or the defective nature of VIOXX®, as more specifically described herein, Jessi Slaughter suffered bodily injury and harm, resulting in pain, anguish, and ultimate death.  Jessi Slaughter, or those on her behalf, also incurred significant hospital and medical expenses, funeral and administration expenses, loss

of earning capacity, shortened life expectancy, and loss of enjoyment of life.  Her surviving heirs also lost the love and affection of Jessi Slaughter.

9.     Plaintiff adopts Counts I through V as set forth in the original Complaint, specifically as they relate to Jessi Slaughter, and adopt those counts herein.

## COUNT VI – WRONGFUL DEATH

10.     Plaintiff realleges and restates those paragraphs above and all paragraphs of the original Complaint as if set forth fully herein.

11.     Plaintiff Daniel Slaughter brings this action on behalf of all surviving heirs, and on behalf of Jessi Slaughter, and others, seeking damage for the wrongful death of Jessi Slaughter caused as the result of Jessi Slaughter's ingestion of the dangerous product, VIOXX®.

12.     As a direct and proximate result of the conduct of Defendant Merck, the breaches of implied and expressed warranties, the fraudulent misrepresentations, and/or the defective nature of VIOXX®, Jessi Slaughter suffered bodily injury and harm, resulting in pain and anguish, and ultimate death.

13.     In addition to the damages detailed herein, Plaintiff Daniel Slaughter on behalf of all surviving heirs, and on behalf of Jessi Slaughter, deceased, seeks compensation for all pecuniary and compensatory damages incurred or lost as a result of Jessi Slaughter's death.

14.     Defendant Merck's conduct rose to the level of conscious, wanton, reckless, and intentional disregard for the rights and safety of others, including Jessi Slaughter.

**WHEREFORE**, Plaintiff, Daniel Slaughter, demands a money judgment against Defendant Merck in the form of compensatory and punitive damages, as a jury deems reasonable and just, plus the costs and expenses of these proceedings.

## COUNT VII – ACTION BROUGHT ON BEHALF OF
## All SURVIVING HEIRS OF JESSI SLAUGHTER

15.     Plaintiff realleges and restates those paragraphs above and all paragraphs of the original Complaint as if set forth fully herein.

16.     The children of Jessi Slaughter, who are named above, were all proximately injured, harmed, and damaged as the result of the death of Jessi Slaughter.  Said children lost the love, support, maintenance, and consortium of their mother, Jessi Slaughter.

17.     Daniel Slaughter, on behalf of all surviving heirs, and on behalf of Jessi Slaughter, hereby brings this action seeking all damages recoverable under Mississippi law as a result of the death of his mother, Jessi Slaughter.

**WHEREFORE,** the Plaintiff, Daniel Slaughter, on behalf of all surviving heirs, and on behalf of Jessi Slaughter, demands a money judgment against Defendant Merck in the form of compensatory and punitive damages, as a jury deems reasonable and just, plus the costs and expenses of these proceedings.

## DAMAGES

18.     In addition to the damages claimed and the recovery sought in the original Complaint, Daniel Slaughter, on behalf of all surviving heirs, and on behalf of Jessi Slaughter, seeks the following additional damages, pursuant to Mississippi law:

a.      The Estate of Jessi Slaughter and the surviving heirs of Jessi Slaughter have incurred medical and/or funeral expenses due to the decedent's injury or death, and has lost the prospective net accumulations which might have reasonably been expected but for the decedent's wrongful death.

b.      Daniel Slaughter, on behalf of all surviving heirs, and on behalf of Jessi Slaughter, seeks all other damages recoverable under law and related to the death of Jessi Slaughter, including hospital and medical expenses, loss of earning capacity, shortened life expectancy, and loss of enjoyment of life.

c.      Daniel Slaughter, on behalf of all other legal heirs of Jessi Slaughter, seeks recovery as the survivors of Jessi Slaughter, deceased.

19.     In all other respects, Plaintiff Daniel Slaughter adopts and incorporates the original Complaint as if set forth fully herein.

4

## DEMAND FOR JURY TRIAL

**PLAINTIFF RESTATES HIS DEMAND FOR A TRIAL BY STRUCK JURY ON ALL ISSUES PRESENTED.**

Signed this  19th  day of June, 2007.


                                            **By:**  /s/ Benjamin L. Locklar
                                                  **ANDY D. BIRCHFIELD, JR. (BIR006)**
                                                  **BENJAMIN L. LOCKLAR (LOC009)**
                                                  **Attorneys for the Plaintiffs**

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
 **METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 957-7555 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of same in the United States Mail, first class, postage prepaid and upon all other interested parties through LexisNexis, as required by the Court's Pretrial Order #8, on this the ____ day of May, 2007.

Richard C. Stanley
Bryan C. Reuter
Thomas P. Owen, Jr.
**STANLEY, FLANAGAN**
   **& REUTER, LLC**
909 Poydras Street
Suite 2500
New Orleans, Louisiana 70112
(504) 523-1580
(504) 524-0069 – FAX

Phillip A. Wittman
Dorothy H. Wimberly
Carmelite M. Bertaut
**STONE PIGMAN WALTHER.**
   **WITTMAN, LLC**
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200
(504) 581-3361 FAX


_____/s/ Benjamin L. Locklar_____
**OF COUNSEL**


**BEASLEY, ALLEN, CROW, METHVIN,**
   **PORTIS, & MILES, P.C.**
234 Commerce Street
Montgomery, Alabama  36104
(334) 269-2343
(334) 954-7555 - FAX
**Andy.Birchfield@beasleyallen.com**
**Ben.Locklar@bealseyallen.com**