UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT REPORT NO. 25 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 25.

I.   STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through December 31, 2007: The *Kozic* case is set for September 17, 2007 in Tampa, Florida. Additionally, a trial date of September 27, 2007 has been set in the California Coordinated proceeding, in the California Superior Court, Los Angeles County, for a case to be selected from a pool of cases. In October, *Crandall* is set for October 1 in Washoe County, Nevada; *Zajicek* is set for October 22 in Jackson County, Texas; and *Donohoo* is set for October 29, 2007 in Madison County, Illinois.

880493v.1

## II. FURTHER PROCEEDINGS IN THE EARLY TRIAL CASES

On August 30, the Court ordered a new trial on the issue of damages only, in the *Barnett* case. On June 5, 2007, the Court issued an Order denying Merck's renewed motion for judgment as a matter of law and denying in part Merck's motion for a new trial on all issues. The Court deferred ruling on reconsidering the scope of the new trial. Further, the Court vacated the Judgment of August 30, 2006 and modified its Order. Further, the Court ordered that there would be a new trial unless Mr. Barnett notified the Court that it agreed to a remittitur. On June 20, 2007, Mr. Barnett filed a Notice Accepting the Remittitur.

## III. CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court and the parties await a hearing date to be set for oral argument. The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007. The Court has indicated that this motion will be addressed at a later date.

## IV. DISCOVERY DIRECTED TO MERCK

On March 21, 2007, the Court issued a notice relating to its intention to appoint a Special Master to make findings of fact and conclusions of law with respect to certain documents over which Merck claimed privilege. Thereafter, on April 25, 2007, the Court entered an Order appointing Professor Paul Rice as Special Master; and on May 1, 2007, the Court entered an Order appointing Brent B. Barriere as Special Counsel to, *inter alia*, manage the Special Master's operating accounting and to provide logistical support and local facilities for the Special Master. Special Master Rice and Special Counsel Barriere have had additional and numerous conferences and communications with the parties. The Special Master has been issuing initial assessments

and Merck has provided responses to the various assessments.  The PSC has also been given an opportunity to respond to the responses provided by Merck.  The parties expect that the Special Master will be delivering a status report and a report on his findings to the Court for discussion prior to the monthly status conference on June 28, 2007.  The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007.

V.      DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.  The parties await further rulings from the Court.

VI.     DEPOSITION SCHEDULING

On March 28, 2007, Merck noticed *de bene esse* trial preservation depositions for Merck employees Dr. Eliav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, and Dr. Peter Kim, former employee Dr. Douglas Greene, and expert witness Dr. Lisa Rarick.  On March 30, 2007, the PSC, pursuant to Federal Rules of Civil Procedure 26(c) filed a Motion for a Protective Order.  Merck filed its opposition on April 9.  The motion was argued following the monthly status conference on April 12, 2007.  The Court granted the PSC's Motion for Protective Order, but only until May 31, 2007.  Thereafter, at the May status conference, the Court asked the parties to reschedule the June depositions and, as for the July and August depositions, indicated

880493v.1

that he would allow those depositions to proceed as scheduled. The Court also advised that if a party had a problem then the Court would revisit the issue.[1] On June 20, 2007, Merck filed a Re-Notice of the *De Bene Esse* Trial Preservation Deposition of Dr. Briggs Morrison (set for July 24-25, 2007) and Dr. Lisa Rarick (set for August 27-28, 2007). The PSC has advised that it opposes these depositions and will be filing additional pleadings with the Court concerning these matters. The parties will be prepared to address this further at the monthly status conference on June 28, 2007.

The PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

VII.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On June 14, 2007, Pre-Trial Order No. 24 was issued. The Pre-Trial Order sets a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs.

Merck is filing five Rules to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs or for submitting grossly deficient PPFs in contravention of Pre-Trial Order 18C. Merck is asking that the rules be set for hearing at the next monthly status conference.

VIII.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007.

---

[1]   Transcript of May 31, 2007 status conference at p. 10.

IX.  *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

Both PLC and counsel for Defendants have had ongoing communications with *pro se* claimant in the *Harrison v. Merck* case (1:06-cv-932) regarding Mr. Harrison's discovery requests.  The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007.

X.  IMS DATA

Counsel for IMS and the PLC continue to discuss further production of IMS data.  The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further.  The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007.

XI.  MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief was filed on September 15, 2006.  Merck's reply was filed on October 6, 2006.  Plaintiffs have filed several notices of supplemental authority, to which Merck has prepared responses.  The motion was argued on November 17, 2006 and the parties await a ruling.

XII.  TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum.  On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form.  The PSC is reviewing the information and will be providing a response to DLC.  PLC and defense counsel have discussed this issue and continue to discuss it.

XIII. ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.  The PSC will be prepared to discuss this further at the monthly status conference on June 28, 2007.

XIV. VIOXX SUIT STATISTICS

Merck advises that as of March 31, 2007, it had been served or was aware that it had been named as a defendant in approximately 27,250 lawsuits, which include approximately 45,700 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and in approximately 266 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 8,400 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,550 lawsuits representing approximately 16,550 plaintiff groups are included in a coordinated proceeding in New Jersey

Superior Court. In addition, as of March 31, approximately 13,700 claimants had entered into Tolling Agreements. Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV.   MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation. Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC advised that it did not deem the supplemental responses sufficient. The PSC also issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues. Additional FRE 30(B)(6) Corporate Deposition Notices were issued to Merck's insurers. On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurance issues. The parties discussed this matter further with the Court on January 10, 2007.

On January 16, 2007, Merck and its insurers jointly filed an omnibus motion to quash or, alternatively, a motion for a protective order with regard to the PSC's insurance-related discovery. The PSC responded and the Court heard argument on March 1, 2007. Thereafter, the Court entered an Order requiring Merck to produce certain insurance policies and present a 30(b)(6) witness for deposition, but otherwise granted the motion. The deposition of the 30(b)(6)

witness was held on May 23, 2007. The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007.

XVI. <u>MOTION TO CONDUCT CASE SPECIFIC DISCOVERY</u>

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months. The matter is not yet set for hearing. Merck has advised that it will be filing responsive pleadings. The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007.

XVII. <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Leonard A. Davis | /s/ Dorothy H. Wimberly |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman, Katz & Cotlar, LLP*** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | ***Stone Pigman Walther Wittmann L.L.C.*** |
| New Orleans, LA  70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA  70130-3588 |
| FAX:  (504) 561-6024 | PH:    (504) 581-3200 |
| | FAX:   (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

880493v.1

## CERTIFICATE

      I hereby certify that the above and foregoing Joint Status Report No. 25 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of June, 2007.

                                          */s/ Dorothy H. Wimberly*
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana  70130
                                          Phone:  504-581-3200
                                          Fax:     504-581-3361
                                          dwimberly@stonepigman.com

                                          Defendants' Liaison Counsel

880493v.1