UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' STEERING
COMMITTEE'S MOTION FOR A PROTECTIVE ORDER**

The Plaintiffs' Steering Committee ("PSC") seeks once again to postpone Merck's *de bene esse* depositions of its key witnesses, including Merck's expert witness Dr. Lisa Rarick and various fact witnesses for the Company, claiming that Merck's trial preservation depositions may not fairly take place until the Court has reviewed and issued final rulings on all of the documents on Merck's privilege log.

Plaintiffs' continued effort to postpone these depositions indefinitely should be rejected for several reasons.  ***First***, the PSC's demand that Merck once again push back the date of important trial perpetuation depositions would put an undue burden on Merck's witnesses and unfairly prejudice Merck in presenting its defense in future trials.  ***Second***, contrary to the PSC's claims, plaintiffs will suffer no real prejudice if the *de bene esse* depositions go forward as scheduled.  Plaintiffs' claim that Merck should not be entitled to conduct trial preservation depositions until all of Merck's privilege claims have been resolved before the Special Master is merely an attempt to pressure Merck into abandoning valid privilege claims in exchange for preserving the testimony of the Company's key witnesses.  That is a choice Merck should not be

881312v.1

required to make.  Merck is unquestionably entitled to conduct depositions of its own witnesses in connection with preparing its defense in this case *and also* has the right to assert privilege over confidential attorney-client communications.  Moreover, should the Court release any additional documents as a result of its pending privilege review, Merck is willing to stipulate to additional half-day depositions of each of these witnesses without requiring the PSC to proffer intended areas of further examination in advance, though Merck would obviously object to questions that are not specifically relevant to newly released documents resulting from the Court's privilege review.

*Third*, and finally, the PSC's suggestion that Merck has delayed the production of non-privileged materials to the PSC is simply without merit.  In fact, as the record of correspondence between the PSC and Merck counsel shows, Merck has made every effort to cooperate with plaintiffs to ensure that all non-privileged discovery is promptly made available as it is released.

For these reasons, plaintiffs' Motion for a Protective Order to postpone the depositions of Drs. Rarick and other fact witnesses should be denied.

I.  **POSTPONING THE TRIAL PERPETUATION DEPOSITIONS OF DRS. RARICK AND MORRISON WILL UNDULY PREJUDICE MERCK.**

Plaintiffs' request that the Court indefinitely postpone the *de bene esse* depositions of Merck's witnesses would create serious inconvenience for Merck and its witnesses.  Plaintiffs assert that Merck's plan to conduct trial preservation depositions is motivated by the desire for "tactical advantages that inure only to Merck's benefit in uncoordinated state court proceedings" (Pls.' Supp. Br. at 2); however, plaintiffs are well aware that this is not the case.  While it is true Merck would like to have the trial preservation depositions for its witnesses completed for use in upcoming New Jersey trials, that is not the sole reason for Merck's urgent need to conduct the *de bene esse* depositions at issue.  As Merck's counsel has already informed plaintiffs, both Merck's

2

witnesses and trial counsel have cleared time in their schedules to proceed with the depositions on scheduled dates throughout the Summer. If postponed again, it will be extremely difficult to reschedule these depositions in the Fall in light of the heavy trial schedules proposed in New Jersey and other proceedings. Once those trials begin, Merck's trial counsel and witnesses will be consumed with trial responsibilities and will not have the time or resources to focus on *de bene esse* depositions as well. Thus, postponing these depositions would unfairly prejudice Merck in presenting its defense of Vioxx cases on the mere chance that additional documents related to these witnesses will become available at some point in the future. Such an outcome would be undeniably unfair and prejudicial to Merck.

Moreover, Merck already has cooperated in multiple trial preservation depositions requested and conducted by the plaintiffs in this litigation. In fact, the PSC has suggested to this Court that they are close to meeting their goal of creating a canned "trial package" that will allow plaintiffs' counsel all over the country to conduct Vioxx trials simultaneously. It is patently unfair to allow plaintiffs alone to secure *de bene esse* testimony from their key witnesses for use at upcoming trials while simultaneously preventing Merck from conducting similar depositions. The Court has recognized as much when addressing the issue of trial preservation depositions at the April 12, 2007 Status Conference, noting that "the defendants have the superior interest in going forward with the depositions" because "as a realistic matter the states are coming on board and having a number of trials that present significant logistical problems." (Apr. 12, 2007 Tr. at 19:8-12.) As a result, **both** Merck and plaintiffs should have the opportunity to preserve trial witness testimony to be used at the many trials scheduled across the country.

For these reasons alone, the Court should deny plaintiffs' motion to postpone Merck's *de bene esse* depositions and instead order the parties to proceed with the depositions as scheduled.

881312v.1

## II. PLAINTIFFS WILL SUFFER NO PREJUDICE IF THE TRIAL PRESERVATION DEPOSITIONS PROCEED AS PLANNED.

Not only is postponement of the depositions manifestly unfair to Merck but plaintiffs will not be prejudiced if the trial preservation depositions go forward as scheduled. First, plaintiffs have more than enough information to conduct a cross examination of Dr. Rarick and Merck's various fact witnesses. Second, there is no basis for plaintiffs' claim that the privileged documents currently being considered by the Special Master have any relevance whatsoever to the testimony of these witnesses. And third, even if documents relevant to Merck's witnesses were to become available at some point in the future, Merck has already stated its willingness to reopen the depositions at that time to allow plaintiffs to cross-examine the witness at issue on any new, previously unaddressed subjects arising from the disclosure of those documents.

*First*, plaintiffs will have more than enough information as to the substance of Merck's witnesses' testimony to prepare for the scheduled depositions. For example, plaintiffs have already been notified that they will be promptly receiving a Rule 26 expert report for Dr. Lisa Rarick and that it will be substantively similar to the reports Dr. Rarick has provided in prior state court proceedings in which the PSC participated. In addition, the plaintiffs have already deposed Dr. Rarick at length in various state court proceedings and have cross-examined Dr. Rarick at several trials. As a result, the plaintiffs are already on notice of the substance of Dr. Rarick's opinions and the subject matter of her testimony. Indeed, the PSC has demonstrated its knowledge of Dr. Rarick's expert opinions in its brief, listing six different topics on which Dr. Rarick has testified in the Vioxx litigation. (*See* Pls.' Supp. Motion at 2.) Thus, plaintiffs cannot credibly claim that Dr. Rarick's scheduled August 27 and 28, 2007 deposition cannot go forward due to the PSC's need for additional discovery on the subject matter of her testimony.

4

The same is true for the other Merck witnesses in question, including Dr. Briggs Morrison, Dr. Alise Reicin, Dr. Peter Kim, and Dr. Eliav Barr. The majority of these witnesses have testified in previous Vioxx trials and have been deposed in proceedings in which PSC members participated. For example, the PSC admits that Dr. Morrison has testified in multiple Vioxx trials and that Dr. Morrison "is expected to testify, as he has previously in other trials" (Supp. Br. at 3 n.2), regarding Merck's pre-approval behavior. Similarly, Ms. Reicin was deposed for more than four days in the New Jersey litigation and has appeared in approximately a dozen trials, in some cases called by plaintiffs themselves. Thus, the PSC is well aware of the subject matters and supporting documents relevant to these witnesses' testimony, and cannot now claim that they need more time to conduct additional discovery.[1]

*Second*, there is no basis for the PSC's claim that additional discovery *relevant to the witnesses at issue* will be released as a result of the Special Master's review of Merck's privilege documents. The PSC's argument in favor of postponement is based entirely on the unfounded assertion that "the few declassified documents that have been produced to date, suggest that the expected production of the contested, declassified documents will contain significant evidence from which exceptional cross examination can be developed." (Pls. Supp. Br. at 6.) This is simply not the case. Plaintiffs are unable to point to even one document released by Merck as a result of the Special Master review thus far that will be relevant to the cross examination of the witnesses currently scheduled for *de bene esse* depositions. Moreover, plaintiffs have no basis for their suggestion that they will receive a windfall of documents relevant to these plaintiffs. In

---

[1] The PSC also implies that plaintiffs were surprised by the cross-noticing of these depositions in the state litigation. (*See* Supp. Br. at 5 ("Not until June 14, 2007, did Merck advise of its intent to cross-notice these witnesses.").) However, Merck has cross-noticed depositions nationwide since the beginning of this litigation. Indeed, Pretrial Order 9 essentially encourages Merck to do so. Merck's plan to cross-notice depositions in New Jersey was not made clear until recently only because Judge Higbee had previously not allowed such depositions to go forward based on her reading of New Jersey law.

5

his Initial Assessments, the Special Master upheld privilege as to the majority of documents he has reviewed thus far. Moreover, the Special Master has not yet issued a final report taking into account Merck's detailed explanations for its privilege claims as to the remainder of the documents. As a result, there is no reason to believe that plaintiffs will soon receive an avalanche of new documents relevant to the trial preservation testimony of the witnesses at issue.

As Merck has previously urged, the more reasonable and fair solution is to proceed with the depositions as scheduled with the caveat that in the event further relevant documents are released, Merck will stipulate to additional half-day depositions of each of these witnesses ***without need to move for leave to take such depositions*** and ***without requiring the PSC to proffer intended areas of further examination in advance***. Merck would reserve for the supplemental deposition any objections to questions that are not specifically relevant to newly released documents resulting from the Court's privilege review or that address subjects fully covered by prior testimony. To that end, Merck would also request that the Court issue an order stating that any supplemental deposition must be restricted to questions relating to newly released documents

This solution is fair to both parties. On the one hand, these *de bene esse* depositions would be final and usable at trial in the time between the trial preservation depositions and any supplemental depositions, addressing the concerns raised by the heavy trial calendar in upcoming months. On the other, plaintiffs would be able to follow-up with supplemental depositions after the privilege review is complete, just as they would be able to ask additional questions about any released documents if these witnesses appear live at trial after that date.

881312v.1

### III. PLAINTIFFS' CLAIM THAT MERCK HAS NOT BEEN COOPERATIVE IN TURNING OVER DISCOVERY IS WITHOUT MERIT.

Finally, the PSC's claim that Merck is still "reluctant" to produce the documents deemed not privileged by the Special Master or the Court  (*see* Pls.' Supp. Br. at 5-6) is entirely without basis.  The PSC asserts that Merck recently produced newly de-classified documents in an impermissible "document dump" format.  (*Id.*)  However, correspondence between the PSC and Merck counsel makes clear that Merck has made every effort to produce the requisite documents to the PSC and to ensure that the PSC understood the production format.  (*See* Correspondence between Lenny Davis, Ben Barnett and Tom Munno, Attached as Ex. 1 – 5.)

For example, Merck produced a batch of documents as to which the Company has withdrawn privilege claims to the PSC on June 14, 2007.  On June 21, 2007, Lenny Davis sent a letter to Merck counsel asserting that the documents produced by Merck were not in compliance with the document production protocol, and were essentially a "document dump."  (*See* Letter to Ben Barnett, June 21, 2007, attached as Ex. 1.)  Merck counsel Tom Munno responded to Mr. Davis's letter on that same day, explaining that the documents were produced in the same format as prior productions of documents where Merck withdrew or modified its claims of privilege.  In addition, Mr. Munno explained that the PSC was already in possession of the "load files" necessary to view the relevant documents.  (*See* Letter to Lenny Davis, June 21, 2007, attached as Ex. 2.)  Mr. Davis responded that he was unsure if the PSC possessed the "load files" and expressed additional technical concerns about the documents.  (*See* Email From Lenny Davis to Tom Munno, June 22, 2007, attached as Ex. 3.)  Mr. Munno then contacted Mr. Davis via email on June 23, 2007, stating that even though the PSC already possessed the relevant "load files," Merck would produce an additional "load file" specifically for the documents in question, noting that the new file may cause technical problems for the PSC – which is why the file was not

7

originally turned over. (*See* Email from Tom Munno to Lenny Davis, June 23, 2007, attached as Ex. 4.) In response, Mr. Davis informed Merck counsel that Mike Wagner of Seeger Weiss would review the issue, and specifically stated to Mr. Munno, "I appreciate the information and willingness to assist." (*See* Email from Lenny Davis to Tom Munno, June 23, 2007, attached as Ex. 5.)

This correspondence between the parties makes clear that Merck has been proactive in working with the PSC to ensure that the PSC could access all recently produced materials in a readable format. The PSC's suggestion that Merck has attempted to "delay and hamper the PSC's ability to review documents" is wholly unfounded. Merck has produced, and will continue to produce, any additional discovery to which plaintiffs are entitled as soon as practicable.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion for a protective order regarding Merck's scheduled *de bene esse* depositions.

\

Respectfully submitted,

*s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

881312v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to PSC's Motion for Protective Order has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of June, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel