# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  Vioxx®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE** |
| *Cavins, Annette v. Merck & Co., Inc.;* | * | **JUDGE KNOWLES** |
| Docket Number: 2:06-cv-06564 | * | |
| | * | |
| *Davis, Kim J. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-07029 | * | |
| | * | |
| *Franklin, Vickie v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-07054 | * | |
| | * | |
| *Gunik, Irina v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-07027 | * | |
| | * | |
| *Hauser, Barry F. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06284 | * | |
| | * | |
| *Hill, Ernestine v. Merck & Co., Inc. ;* | * | |
| Docket Number: 2:06-cv-07062 | * | |
| | * | |
| *Hudson, John v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-07011 | * | |
| | * | |
| *Jones, Montea v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06917 | * | |
| | * | |
| *Kincaid, Jerome Carl v. Merck & Co.,* | * | |
| *Inc.;* Docket Number: 2:06-cv-07057 | * | |
| | * | |
| *Kuehn, Vernon v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-07055 | * | |
| | * | |
| *Kyser, Ethel L. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06551 | * | |
| | * | |
| *Lapikas, Margaret v. Merck & Co.,* | * | |
| *Inc.;* Docket Number: 2:06-cv-06190 | * | |
| | * | |

```
                                            *
Maull, Dizzie Dean v. Merck & Co.,          *
Inc.; Docket Number: 2:06-cv-07025          *
                                            *
McCormick, Marsha v. Merck & Co.,           *
Inc.; Docket Number: 2:06-cv-07023          *
                                            *
Poindexter, Wendel C. v. Merck & Co.,       *
Inc.; Docket Number: 2:06-cv-06916          *
                                            *
Powers, Gary Dean v. Merck & Co.,           *
Inc.; Docket Number: 2:06-cv-07026          *
                                            *
Reser, Sharrel D. v. Merck & Co., Inc.;     *
Docket Number: 2:06-cv-06989                *
                                            *
Savron, John M. v. Merck & Co., Inc.;       *
Docket Number: 2:06-cv-06545                *
                                            *
Shaw, Mary L. v. Merck & Co., Inc.;         *
Docket Number: 2:06-cv-06988                *
                                            *
Sheppard, Laurise v. Merck & Co., Inc.;     *
Docket Number: 2:06-cv-06195                *
                                            *
Signer, Ellyn v. Merck & Co., Inc.;         *
Docket Number: 2:06-cv-06535                *
                                            *
Sims, Judith v. Merck & Co., Inc.;          *
Docket Number: 2:06-cv-06985                *
                                            *
Smith, Ronnie M. v. Merck & Co., Inc.;      *
Docket Number: 2:06-cv-06543                *
                                            *
Stabley, Donna E. v. Merck & Co., Inc.;     *
Docket Number: 2:06-cv-06536                *
                                            *
Stevenson, Nancy L. v. Merck & Co.,         *
Inc. ; Docket Number: 2:06-cv-06537         *
                                            *
Suggs, Carol v. Merck & Co., Inc.;          *
Docket Number: 2:06-cv-07012                *
                                            *
Tavis, Betty v. Merck & Co., Inc.;          *
Docket Number: 2:06-cv-07020                *
                                            *
```

881423v.1

*Taylor, Sharon D. v. Merck & Co., Inc.;*        \*
Docket Number: 2:06-cv-06538        \*
        \*
*Thomas, Carolyn M. v. Merck & Co.,*      \*
*Inc.;* Docket Number: 2:06-cv-06991     \*
        \*
*Thomason, Frederick v. Merck & Co.,*     \*
*Inc.;* Docket Number: 2:06-cv-06990     \*
        \*
*Walker, Idella v. Merck & Co., Inc.;*       \*
Docket Number: 2:06-cv-07053        \*
        \*
*Walters, Wilton v. Merck & Co., Inc.;*      \*
Docket Number: 2:06-cv-06993        \*
        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

### DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROVIDE A PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring the Plaintiffs in the cases captioned above (the "Plaintiffs") to show cause why their individual claims should not be dismissed with prejudice for failure to provide a Plaintiff Profile Form ("PPF") as required by Pre-Trial Order No. 18C ("PTO 18C" or "the Order"). A full list of these Plaintiffs is included as Exhibit A to this Rule and Memorandum. As more fully set forth below, after repeated warnings, Plaintiffs have still failed to serve a PPF, Authorizations and PPF-related documents as required by the mandates of PTO 18C.

881423v.1

## BACKGROUND

On June 23, 2006, this Court entered PTO 18C.[1]  PTO 18C governs, among other things, the service and production requirements for PPFs and PPF-related documents.  (PTO 18C ¶ 1.)  PTO 18C directs plaintiffs to serve "verified PPFs, signed … Authorizations, and all responsive documents" by specific deadlines.  (*Id.* ¶ 2.)  The Order further provides that only one twenty-day extension of time be provided to plaintiffs who fail to timely serve a fully responsive PPF and also mandates that "[n]o other extensions will be granted."  (*Id.* ¶ 4.)

By letter dated January 31, 2007, Merck first notified Plaintiffs' counsel in these cases, Laminack, Pirtle and Martines ("Laminack Pirtle"), that each of these Plaintiffs had failed to serve a verified PPF by the applicable deadline pursuant to Paragraph 4 of the Order.  As required by PTO 18C, in such letters, Merck also provided each delinquent Plaintiff with an additional twenty days to provide a complete and verified PPF.  (*See* Ex. A & Ex. B.)  On or about February 26, 2007, after failing to produce PPFs for these Plaintiffs, Laminack Pirtle contacted Merck seeking additional PPF extensions for 90 Plaintiffs, including all of the Plaintiffs subject to this motion.  On March 1, 2007, in response to this request, Merck provided all of these Plaintiffs with an additional thirty days, on-top of the twenty days already provided, to comply with PTO 18C.  (*See* Ex. C.)  On March 20, 2007, after failing to receive PPFs for these Plaintiffs, Merck served each Plaintiff with a second warning letter and once again advised Laminack Pirtle that these Plaintiffs were in violation of PTO 18C.[2]  Finally, on May 23, 2007, Merck provided Laminack Pirtle with a third and final notice that Plaintiffs remained in violation

---

[1]   PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

[2]   Merck's second warning letters were inadvertly distributed prematurely on March 20, 2007, as all of these Plaintiffs were still subject to the thirty day extension Merck provided on March 1, 2007.  (*See* Exs. D-II.)  Regardless, Laminack Pirtle acknowledged receipt of these warning letters in a letter dated March 22, 2007.

881423v.1

of PTO 18C and provided an additional ten days out of professional courtesy, on top of the two extensions already provided, to serve a completed and verified PPF.  (*See* Ex. JJ.)   This notice specifically warned that Merck would "move to dismiss these actions" if Plaintiffs failed to comply with PTO 18C.  (*See Id*.)  Attached hereto as Exhibit A is a complete list of the names of each Plaintiff represented by Laminack Pirtle who has failed to provide a PPF, each case name, each docket number, as well as the original due date for each PPF, and the dates Merck sent each of its three warning letters.

Over four months have now elapsed since Merck's first warning letter and Plaintiffs have still not produced a PPF or PPF-related documents.  All of these PPFs were due last year and all are now over six months overdue.  Despite receiving multiple extensions and warning letters, Merck has neither received a single PPF, nor has it received any PPF-related records or Authorizations for the release of records from any of these Plaintiffs.[3]  Accordingly, Merck now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the Plaintiffs listed above with prejudice because they have failed to comply with PTO 18C.

<u>**ARGUMENT**</u>

This Court must dismiss each of Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed to comply with the mandates of PTO 18C and because they have stonewalled discovery by failing to provide a PPF, Authorizations for release of records, and PPF-related documents.  The language of PTO 18C is clear:

---

[3]   One Plaintiff subject to this motion, Vernon Kuehn, has provided medical records, however, these records are essentially useless without a complete and verified PPF.

881423v.1

> Plaintiffs in all cardiovascular event cases *shall* each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs *shall* also produce with their PPF all documents responsive to the document requests contained therein.

(PTO 18C ¶ 1.) (emphasis added). Furthermore, Paragraph 2 of the Order provides that "complete and verified PPFs, signed … Authorizations, and all responsive documents *shall* be produced" by a specific date. (PTO 18C ¶ 2.) (emphasis added) Each of the above-referenced Plaintiffs have failed to comply with PTO 18C by serving a PPF, Authorizations and PPF-related documents, failed to respond to Merck's warning letters, and most significantly failed to provide any information regarding their claims outside the allegations contained in their complaint.

In *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for plaintiff's failure to provide basic information about their claims. The Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* at 340. The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information.

> The affidavits supplied by the plaintiffs did not provide this information. The District Court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

6

*Id.* at 340-41.  In the present case, Plaintiffs have failed to provide *any* information regarding their claims as required by PTO 18C and therefore this Court should dismiss Plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial discovery. *Id.* at 340-41.

      Case management orders, like PTO 18C, are the "engine(s)" that drive disposition on the merits and district courts must have broad discretion to enforce these orders if they are ignored or flaunted, as Plaintiffs have done in this MDL.  *See In re Phenylpropanolamine ("PPA") Prod. Liab. Litig.*, 460 F.3d 1217, 1229-37 (9th Cir. 2006) (holding that the District Court did not abuse its discretion in dismissing cases for failing to comply with case management orders).  Merck has notified Laminack Pirtle on three separate occasions that it intended to seek dismissal of Plaintiffs' claims if these Plaintiffs failed to provide a complete and responsive PPF as required by PTO 18C. (*See* Exs. B-JJ.)  Likewise, this Court has not only noted its intention to dismiss such cases, but has already dismissed a number of cases in this MDL proceeding for failing to comply with the mandates of PTO 18C.  (Ct. Order 3/1/07; Ct. Order 12/4/06; Ct. Order 10/26/06; Ct. Order 3/27/06; Ct. Order 4/12/07; Tr. 1/3/06 Status Conference at 25-26.)  Despite all of Merck's warnings, Plaintiffs have still not provided a PPF or any PPF-related documents.  This type of negligent behavior simply cannot be tolerated in complex multi-party litigations like Vioxx.  *See PPA Prod. Liab. Litig.,* 460 F.3d at 1237.

      Indeed, Laminack Pirtle cannot demonstrate that their failure to provide a PPF was due to inadvertence or an honest misunderstanding and, therefore, these cases should be dismissed with prejudice.  Not only does PTO 18C require Plaintiffs to serve on Merck a complete and verified PPF, Authorizations and responsive documents by a specified date, but it also cautions Plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs and that "[n]o other extensions will be granted."  (PTO 18C ¶ 2.)  Merck not only

provided each of the above-referenced Plaintiffs the requisite twenty-day extension, it has also

provided each of these Plaintiffs, as a professional courtesy, with three additional extensions.

(*See* Exs. B-JJ.)  Despite these numerous extensions and warning letters, Plaintiffs have still not

provided PPFs or a PPF-related documents as required by PTO 18C.  Plaintiffs failure to

"produce documents as ordered" by this Court is sufficient justification for dismissal and "[l]ate

tender is no excuse."  *PPA Prod. Liab. Litig.*, 460 F.3d at 1227 (citations omitted).  As this Court

has noted in the Propulsid MLD litigation, when plaintiffs have had "ample opportunity" to

respond to discovery, as the record in these cases demonstrates, dismissal with prejudice is an

appropriate and warranted sanction. *In re Propulsid Prod. Liab. Litig.*, 2003 WL 22383576, at *1

(E.D. La. Oct. 16, 2003).

   In addition to the specified Plaintiffs' failure to comply with this Court's orders,

their claims should also be dismissed for the resulting harm that their silence causes Merck.  *See*

*In re Bextra and Celebrex Marketing, Sales Practices, and Prod. Liab. Litig.*,  No. 05CV01699

CBR, 2007 WL 987813,  at *1 (March 30, 2007) (recognizing that dismissal with prejudice is

warranted when defendants are prejudice by plaintiffs who failed to comply with a pretrial order

regarding the timely completion of plaintiff fact sheets), *see also Hickman v. Fox Television*

*Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).  The PPF provides Merck with basic and

essential information necessary to defend these cases and without the PPF Merck lacks critical

information about Plaintiffs' claims.  Furthermore, without Authorizations, Merck cannot

investigate Plaintiffs' claims or gather the information needed to properly defend itself.

Moreover, as time continues to pass without complete and responsive PPFs and signed

Authorizations, Merck is prejudiced because memories fade, medical records are lost, destroyed

881423v.1

or misplaced, and witnesses cannot be found or die. *See Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813,  at *1-2.

Finally, by failing to provide a PPF, Plaintiffs are postponing the litigation and consequently encouraging other Plaintiffs to do the same. The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); see also *Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813,  at *1 ("The Court's need to manage its docket is compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. … Dismissal of these plaintiffs will serve to appropriately penalize these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.")

In light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C and Merck's warning letters and extensions, Merck respectfully urges the Court to enforce the Order as written and dismiss Plaintiffs' cases with prejudice.

## CONCLUSION

For the foregoing reason, Defendant respectfully requests the Court to order the above referenced Plaintiffs to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for failure to provide any response to the PPF as required by PTO 18C.

Respectfully submitted,

_/s/ Dorothy H. Wimberly_
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

881423v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of June, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

881423v.1