UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| *Heidrick, Michelle L. v. Merck & Co.,* | * | JUDGE KNOWLES |
| *Inc.*; Docket Number: 2:06-cv-04306; | * | |
| | * | |
| *Blair, Ruby v. Merck & Co., Inc.;* Docket | * | |
| Number: 2:06-cv-06817; | * | |
| | * | |
| *Bradley, Joann v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06816; | * | |
| | * | |
| *Carmichael, Patricia v. Merck & Co.,* | * | |
| *Inc.;* Docket Number: 2:06-cv-06823; | * | |
| | * | |
| *Davenport, Daisy v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06814; | * | |
| | * | |
| *Freeman, Hazel D. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06803; | * | |
| | * | |
| *Hinson, John R v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06812; | * | |
| | * | |
| *Taylor, Theodore E. v. Merck & Co.,* | * | |
| *Inc.;* Docket Number: 2:06-cv-06826; | * | |
| | * | |
| *White, Jerry v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06827; | * | |
| | * | |
| *Jimenez, Alexis O. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-07001; | * | |
| | * | |
| *Edner, Valencia v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:06-cv-06746; | * | |
| | * | |
| *Marhon, Michael Jr. v. Merck & Co.,* | * | |
| *Inc.;* Docket Number: 2:06-cv-06733; | * | |
| | * | |

877078v.1

| | |
|---|---|
| *Hasbrouck, Charles v. Merck & Co., Inc.;* Docket Number: 2:06-cv-05988; and only regarding Jackie Hauk on behalf of Barbara Ann McDonald; | * * * * * |
| *Hauk, Jacqueline A. v. Merck & Co., Inc.;* Docket Number: 2:06-cv-06906; | * * * |
| *Wusstig, Erwin v. Merck & Co., Inc.;* Docket Number: 2:06-cv-06958; and only regarding Angela Schweibinz, Jean Schwarz, Linda Whitson, Lora Lee Mason, Marie Hoefert, Susan Maher, and | * * * * * * |
| *Henry, William H. v. Merck & Co., Inc.;* Docket Number: 2:06-cv-06517. | * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROVIDE ANY RESPONSE TO THE <u>PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C</u>**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring the Plaintiffs in the cases captioned above (the "Plaintiffs") to show cause why their individual claims should not be dismissed with prejudice for failure to provide any response to the Plaintiff Profile Form ("PPF") as required by Pre-Trial Order No. 18C ("PTO 18C" or "the Order"). A full list of these Plaintiffs is included in Exhibit A of this Rule and Memorandum. As more fully set forth below, after repeated warnings, Plaintiffs have ignored Merck's notice to provide a PPF and have failed to serve a PPF as required by the mandates of PTO 18C.

**BACKGROUND**

On June 23, 2006, this Court entered PTO 18C.[1] PTO 18C governs, among other things, the service and production requirements for PPFs and PPF-related documents. (PTO 18C ¶ 1.) PTO 18C directs plaintiffs to serve "verified PPFs, signed … Authorizations, and all responsive documents" by specific deadlines. (*Id.* ¶ 2.) The Order provides only one 20-day extension of time if a plaintiff fails to timely serve a fully responsive PPF. (*Id.* ¶ 4.) The Order also mandates that "[n]o other extensions will be granted." (*Id.*)

Pursuant to Paragraph 4 of the Order, Merck notified each of the Plaintiffs, by letter to their respective counsel that he or she had failed to serve a verified PPF by the applicable deadline. As required by PTO 18C, in such letters, Merck also provided each delinquent Plaintiff with an additional twenty days to provide a PPF. (*See* Ex A. & Exs. B-J.) After failing to receive a PPF, Merck again notified the appropriate Plaintiffs' counsel by warning letter that these Plaintiffs were in violation of PTO 18C and provided an additional ten days, on top of the twenty days already provided, to respond. (*See* Exs. K-EE.) Attached hereto as Exhibit A is a complete list of the name of each Plaintiff who has failed to provide a PPF, each case name, each docket number, name of each Plaintiff's counsel, plus the original due date for each PPF, and the dates Merck sent each of its two warning letters to Plaintiffs.

Almost three months have now elapsed since almost all of Merck's last warning letters and Plaintiffs have still not produced a PPF or PPF-related documents. All of these PPFs were due last year and many are now over a year over due. Moreover, on request from Plaintiffs' Counsel Merck also granted many of these Plaintiffs additional extensions in addition

---

[1] PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

to the aforementioned warning letters to provide their PPFs.[2]  Despite these extensions and warning letters, Merck has neither received a single PPF, nor has it received any PPF-related records or Authorizations for the release of records from any of these Plaintiffs.  Accordingly, Merck now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the Plaintiffs listed above with prejudice because they have failed to comply with PTO 18C.

## ARGUMENT

This Court must dismiss each of Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed to comply with the mandates of PTO 18C and because they have stonewalled discovery by failing to provide a PPF, authorizations for release of records, and PPF-related documents.  The mandatory language of PTO 18C is clear:

> Plaintiffs in all cardiovascular event cases *shall* each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth in Attachment A.  Those plaintiffs *shall* also produce with their PPF all documents responsive to the document requests contained therein.

(PTO 18C ¶ 1) (emphasis added).  Furthermore, Paragraph 2 of the Order provides that "complete and verified PPFs, signed … Authorizations, and all responsive documents *shall* be produced" by a specific date.  (PTO 18C ¶ 2) (emphasis added).  Each of the above-referenced Plaintiffs has failed to timely serve a complete PPF, Authorizations and PPF-related documents,

---

[2]  In response to requests from Plaintiffs' counsel, Merck provided M. Heidrick with a four week extension, M. Robinson with a twenty day extension, N. Marhon with a sixty day extension, and B. McDonald with a two week extension.

4

877078v.1

failed to respond to Merck's warning letters, and most significantly failed to provide any information regarding their claims outside the allegations contained in their complaint.

In *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for plaintiff's failure to provide basic information about their claims. The Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* at 340. The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information.

> The affidavits supplied by the plaintiffs did not provide this information. The District Court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Id.* at 340-41. In the present case, Plaintiffs have failed to provide *any* information regarding their claims as required by PTO 18C and therefore this Court should dismiss Plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial discovery. *Id.* at 340-41.

Case management orders, like PTO 18C, are the "engine(s)" that drive disposition on the merits and district courts must have broad discretion to enforce these orders if they are ignored or flaunted, as Plaintiffs have done in this MDL. *See In re Phenylpropanolamine ("PPA") Prod. Liab. Litig.*, 460 F.3d 1217, 1229-37 (9th Cir. 2006) (holding that the District Court did not abuse its discretion in dismissing cases for failing to comply with case

877078v.1

management orders). Merck has notified each of the Plaintiffs twice that it intended to seek dismissal if they failed to provide a complete and responsive PPF as required by PTO 18C. (*See* Exs. X-UU.) Likewise, this Court has not only noted its intention to dismiss such cases, but has already dismissed a number of cases in this MDL proceeding for failing to comply with PTO 18C. (Ct. Order 3/1/07; Ct. Order 12/4/06; Ct. Order 10/26/06; Ct. Order 3/27/06; Ct. Order 4/12/07; Tr. 1/3/06 Status Conference at 25-26.) Despite all of these warning, Plaintiffs have still not provided a PPF or PPF-related documents. This type of negligent behavior simply cannot be tolerated in complex multi-party litigations like Vioxx. *See PPA Prod. Liab. Litig.*, 460 F.3d at 1237.

Indeed, Plaintiffs cannot demonstrate that their failure to provide a PPF was due to inadvertence or an honest misunderstanding and, therefore, their cases should be dismissed with prejudice. Not only does PTO 18C require Plaintiffs to serve on Merck a complete and verified PPF, Authorizations and responsive documents by a specified date, but it also cautions Plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs and that "[n]o other extensions will be granted." (PTO 18C ¶ 2.) Merck not only provided each of the above-referenced Plaintiffs with a twenty-day extension it also provided each of these Plaintiffs, as a professional courtesy, with an additional ten-day extension. (*See* Exs. B-EE.) In most cases nearly three months have passed since Merck's second warning letter and Plaintiffs have still not provided a PPF. Plaintiffs failure to "produce documents as ordered" is sufficient justification for dismissal and "[l]ate tender is no excuse." *PPA Prod. Liab. Litig.*, 460 F.3d at 1227 (citations omitted). As this courted noted in the Propulsid MLD litigation when plaintiffs have had "ample opportunity" to respond to discovery, as the record in these cases demonstrates,

877078v.1

dismissal with prejudice is an appropriate and warranted sanction. *In re Propulsid Prod. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) .

In addition to the specified Plaintiffs' failure to comply with this Court's orders, their claims should also be dismissed for the resulting harm that their silence causes Merck. *See In re Bextra and Celebrex Marketing, Sales Practices, and Prod. Liab. Litig.*, No. 05CV01699 CBR, 2007 WL 987813, at *1 (March 30, 2007) (recognizing that dismissal with prejudice is warranted when defendants are prejudice by plaintiffs who failed to comply with a pretrial order regarding the timely completion of plaintiff fact sheets), *see also Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).  The PPF provides Merck with basic and essential information necessary to defend these cases and without the PPF Merck lacks critical information about Plaintiffs' claims.  Furthermore, without Authorizations, Merck cannot investigate Plaintiffs' claims or gather the information needed to properly defend itself.  Moreover, as time continues to pass without complete and responsive PPFs and signed Authorizations, Merck is prejudiced as memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die. *See Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813, at *1-2.

Finally, by failing to provide a PPF, Plaintiffs are postponing the litigation and consequently encouraging other Plaintiffs to do the same. The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

877078v.1

*Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); see also *Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813, at *1 ("The Court's need to manage its docket is compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. … Dismissal of these plaintiffs will serve to appropriately penalize these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders").

In light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C, Merck respectfully urges the Court to enforce the order as written and dismiss Plaintiffs' cases with prejudice.

## **CONCLUSION**

For the foregoing reason, Defendant respectfully requests the Court to order the above referenced Plaintiffs to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for failure to provide any response to the PPF as required by PTO 18C.

DATED:  May 31, 2007

                        Respectfully submitted,

                        */s/ Dorothy H. Wimbery*
                        Phillip A. Wittmann, 13625
                        Dorothy H. Wimberly, 18509
                        Carmelite M. Bertaut, 3054

                        STONE PIGMAN WALTHER WITTMANN L.L.C.
                        546 Carondelet Street
                        New Orleans, Louisiana 70130
                        Phone: 504-581-3200
                        Fax:    504-581-3361

                        Defendants' Liaison Counsel

877078v.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of June, 2007.

                        */s/ Dorothy H. Wimberly*
                        Dorothy H. Wimberly, 18509
                        STONE PIGMAN WALTHER WITTMANN L.L.C.
                        546 Carondelet Street
                        New Orleans, Louisiana  70130
                        Phone:  504-581-3200
                        Fax:     504-581-3361
                        dwimberly@stonepigman.com

                        Defendants' Liaison Counsel

877078v.1