# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE** |
| *Anderson, Johnny E. v. Merck & Co.,* | * | **JUDGE KNOWLES** |
| *Inc.;* Docket Number: 2:05-cv-04762; | * | |
| and only regarding Ava R. Goodman, | * | |
| Raymond J. Heno, Effie L. Holland, | * | |
| Stephen P. Ledet, Clifford Massey, John | * | |
| E. McKinley, Keith Morris on behalf of | * | |
| Willie Morris, Glenn G. Patin Jr., Tony | * | |
| Petite on behalf of Audrey A. Doyle | * | |
| Petite, Mary Broussard on behalf of Lee | * | |
| Youlanda Prejean, Geraldine | * | |
| Prudhomme, Ricky G. Stacy, Pinkie | * | |
| Wesley on behalf of Carrie J. Wesley, | * | |
| Barbara E. Faciane, Bremella H. Etienne | * | |
| on behalf of Bernadine Honore, Wallace | * | |
| Horton, Abigail R. Glapion on behalf of | * | |
| Cora D. Robertson, Vivian  Simmons- | * | |
| Trepagnier, and Serena J. Weston on | * | |
| behalf of Henry Williams; | * | |
| | * | |
| *Ballard, Lucille v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:05-cv-04767; and | * | |
| only regarding Juanita M. Haywood, and | * | |
| Bettye Lamb on behalf of Chester Lamb; | * | |
| | * | |
| *Cable, Linda M. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:05-cv-04759; and | * | |
| only regarding Larry V. Haynes, Geneva | * | |
| L. Leamon, Rico Powell, and David J. | * | |
| Winkelman; | * | |
| | * | |
| *Adams, Eva L. v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:05-cv-04326; and | * | |
| only regarding Miranda Baker; | * | |
| | * | |
| | * | |
| | * | |

*Black, Carver v. Merck & Co., Inc.;*　　*
Docket Number: 2:05-cv-03802; and　　*
only regarding Marilyn Hunt;　　　　　*
　　　　　　　　　　　　　　　　　*

*Fife, Sam v. Merck & Co., Inc.;* Docket　*
Number: 2:05-cv-06348; and only　　　*
regarding Barbara Sue Cook;　　　　　*
　　　　　　　　　　　　　　　　　*

*Harris, Marlene v. Merck & Co., Inc.;*　*
Docket Number: 2:05-cv-02580; and　　*
only regarding Sarah Robinson;　　　　*
　　　　　　　　　　　　　　　　　*

*Liotto, Barbara v. Merck & Co., Inc.;*　*
Docket Number: 2:05-cv-04323; and　　*
only regarding Olena Oliphant and　　　*
Elenor Williams;　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*

*Pueser, Kathryn v. Merck & Co., Inc.;*　*
Docket Number: 2:05-cv-03806; and　　*
only regarding Paul Allen Davolt;　　　*
　　　　　　　　　　　　　　　　　*

*Underwood, Sammy L. v. Merck & Co.,*　*
*Inc.;* Docket Number: 2:05-cv-02571;　*
and only regarding Elizabeth Dawn　　　*
Grimm;　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*

*Boudreaux, Joan v. Merck & Co., Inc.;*　*
Docket Number: 2:05-cv-04443; and　　*
only regarding Frances Palmer;　　　　*
　　　　　　　　　　　　　　　　　*

*Davis, Leonce v. Merck & Co., Inc.;*　　*
Docket Number: 2:04-cv-02937;　　　　*
　　　　　　　　　　　　　　　　　*

*Ivers, Deloris v. Merck & Co., Inc.;*　　*
Docket Number: 2:05-cv-02946; and　　*
only regarding Jill Crabbe on behalf of　*
Donald Riddick.　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*

* * * * * * * * * * * * * * * *　*

877080v.1

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED
FOR PROVIDING GROSSLY DEFICIENT PLAINTIFF PROFILE FORMS
IN CONTRAVENTION OF PRE-TRIAL ORDER NO. 18C**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its

undersigned counsel, moves the Court for entry of an Order requiring Plaintiffs in the cases

captioned above (the "Plaintiffs") to show cause why their individual claims should not be

dismissed with prejudice for failing to provide a complete and responsive Plaintiff Profile Form

("PPF") as required by Pre-Trial Order No. 18C ("PTO 18C" or "the Order").  A full list of these

Plaintiffs is included in Exhibit 1 of this Rule and Memorandum.  As more fully set forth below

Plaintiffs have provided wholly non-responsive and grossly deficient PPFs.  After repeated

written requests that Plaintiffs fully comply with PTO 18C, these Plaintiffs have still failed to

produce complete and responsive PPFs.

## BACKGROUND

On June 23, 2006, the Court entered PTO 18C.[2]  PTO 18C governs, among other

things, the service and production requirements for PPFs, Authorizations for medical and other

records ("Authorizations"), and PPF-related documents.  (PTO 18C ¶ 1.)  PTO 18C directs

plaintiffs to produce "*complete and verified* PPFs, signed … Authorizations, and all responsive

documents" by specific deadlines.  (*Id.* ¶ 2.) (emphasis added)  PTO 18C provides one twenty-

day extension of time to plaintiffs who fail to provide fully responsive PPFs.  (*Id.* ¶ 4.)  The

Order also mandates that "[n]o other extensions will be granted."  (*Id.*)

Pursuant to Paragraph 4 of PTO 18C, Merck first notified each of the thirty six

Plaintiffs between January 3, 2006 and July 7, 2006, by individual letters to their respective

counsel, that he or she had served a grossly deficient or incomplete PPF lacking basic and

---

[1]   PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO
18B, entered on September 14, 2005.

877080v.1

essential information to support their claims against Merck.  (*See* Ex 1. & Exs. 38-61.)  Each grossly deficient or incomplete PPF is annexed hereto as Exs. 2-37.  As required by PTO 18C, Merck also provided each Plaintiff in said notices with a twenty-day extension to provide a complete and verified PPF.  (*See* Exs. 38-61.)

After failing to provide a complete and verified PPF, Merck again notified the appropriate Plaintiffs' counsel by warning letter that each Plaintiff was in violation of PTO 18C and provided an additional ten days, on top of the twenty-days already provided, to respond. (*See* Exs. 62-97.)  Each of the notices cautioned Plaintiffs that if he or she failed to serve a complete and responsive PPF within the time requested, Merck would seek dismissal of Plaintiffs' claims without further notice.[3]  (*See Id.)*  Almost three months have now elapsed since Merck's last warning letters and Plaintiffs' counsel has failed to produce complete and responsive PPFs for these Plaintiffs.  Attached hereto as Exhibit 1 is a list containing the name of each Plaintiff who provided a grossly deficient PPF, each case name, each docket number, and the name of each Plaintiff's counsel.  Exhibit 1 also provides the date each grossly deficient PPF was received or last supplemented and the dates Merck provided Plaintiffs' counsel with notices that Plaintiffs were in violation of PTO 18C.

Finally, while ten of the thirty-six Plaintiffs provided the Authorizations and/or PPF-related documents that are required by PTO 18C, these Authorizations and documents are essentially useless because the PPFs provided lacked critical information such as the names or addresses of the Plaintiffs' medical providers, the dates of alleged injury or treatment, and the dates of alleged Vioxx use.  Likewise, while seven Plaintiffs supplemented their PPFs (by either

---

[2]     Merck acknowledges that twenty-one of these Plaintiffs are residents of Louisiana and may have been adversely impacted by Hurricane Katrina.  In light of this situation, Merck has waited over a year for these Plaintiffs to supplement their grossly deficient or incomplete PPFs.  These Plaintiffs, however, have still failed to provide basic and essential information regarding their claims, let alone complete and verified PPFs.

877080v.1

responding to Merck's first notice letter or to a Dechert core criteria letter), these supplements all continue to lack basic and essential information and remain grossly deficient.

Accordingly, Merck now moves, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the Plaintiffs because they have failed to comply with PTO 18C.

## ARGUMENT

This Court should dismiss each of these Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), because Plaintiffs have failed to comply with PTO 18C and because they have stonewalled discovery by serving grossly deficient PPFs. The language of PTO 18C is mandatory in that:

> Plaintiffs who fail to provide *complete and verified* PPFs . . . within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be given twenty (20) additional days to cure such deficiency. *No other extensions will be granted*.

(PTO 18C ¶ 4) (emphasis added). Pursuant to this paragraph, Merck notified each Plaintiff on two separate occasions that Plaintiffs had failed to serve complete and verified PPFs. (*See* Exs. V-JJJ.) Furthermore, as early as January 3, 2006, Merck notified this Court and the Plaintiffs' Steering Committee ("PSC") that it intended to move "to dismiss the complaints of those plaintiffs who fail[ed] to cure deficiencies after due notice." (Joint Report No. 10, at 8.) Despite numerous opportunities to cure their deficiencies, the above-specified Plaintiffs have failed to fulfill their mandatory discovery obligations and to date, have failed to provide complete and responsive PPFs.

By providing grossly deficient PPFs Plaintiffs have failed to comply with the discovery obligations outlined in PTO 18C. Under such circumstances, Rules 16(f), 37(b)(2)(c),

877080v.1

and 41(b) provide for the dismissal of a party's claims with prejudice as an appropriate sanction for failing to comply with a court order.  *See* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b)*; see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories).  Likewise, in *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for plaintiffs' failure to provide basic information about their claims.  The Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ.P. 11(b)(3).  Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* at 340.  The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information:

> The affidavits supplied by the plaintiffs did not provide this information.  The District Court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Id.* at 340-41.  In the present case, Plaintiffs have not only failed to provide basic and essential information regarding their claims, but they have failed to fully supplement their deficient PPFs after repeated notices.  While seven Plaintiffs did indeed provide supplements and/or responded to core criteria letters form Dechert, these PPFs still remained woefully inadequate and grossly deficient.  Satisfying the core criteria is not enough.  As this courted noted in its December 15, 2006 Minute Entry regarding PTO 18C, Plaintiffs must provide "complete responses to <u>all</u> of the

877080v.1

questions in the PPF." (emphasis added)  Thus, as in *Acuna*, this Court should dismiss Plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial discovery.

In addition to Plaintiffs' failure to comply with this Court's orders, Plaintiffs' claims should also be dismissed for the resulting harm that their silence causes Merck.  *See In re Bextra and Celebrex Marketing, Sales Practices, and Prod. Liab. Litig.*,  No. 05CV01699 CBR, 2007 WL 987813,  at *1 (March 30, 2007) (recognizing that dismissal with prejudice is warranted when defendants are prejudice by plaintiffs who failed to comply with a pretrial order regarding the timely completion of plaintiff fact sheets); *see also Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).  In the PPFs provided by Plaintiffs, basic information, such as the nature of their injuries, Vioxx use dates, medical background, and the names and addresses of their prescribing and treating physicians and other medical providers are either not provided or incomplete.  (*See* Exs. 2-37).  Any argument by Plaintiffs that their partial responses should suffice or provide a defense to their cases being dismissed is meritless.  As stated above, this Court has held that complete responses to all PPF questions are required. Further, Rule 37 states that an "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).  Moreover, a plaintiff's memory, even if imperfect, is not a sufficient excuse for refusing to answer discovery. *See Bryant v. United States ex rel. U.S. Post Office*, 2006 WL 305661, at *3-4 (6th Cir. Feb. 9, 2006) (affirming district court's dismissal of plaintiff's complaint under Rule 37 for plaintiff's alleged bad memory with regard to her medical history).

Without a complete PPF, Authorizations, and medical records, Merck lacks critical information about Plaintiffs' claims.  Furthermore, without the Authorizations, Merck cannot investigate Plaintiffs' claims or gather the information needed to properly defend itself.

877080v.1

As the 9th Circuit recently noted in the Phenylpropanolamine MDL Litigation, "[f]ailing to produce documents" as ordered is considered sufficient justification for dismissal and "[l]ate tender is no excuse." *In re Phenylpropanolamine ("PPA") Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (holding that the District Court did not abuse its discretion in dismissing cases for failing to comply with case management orders). As time passes without complete and responsive answers, signed Authorizations, and PPF-related records, Merck is prejudiced since memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die.

Additionally, Plaintiffs cannot demonstrate that their failure to comply with PTO 18C was due to inadvertence or an honest misunderstanding. Not only does PTO 18C require Plaintiffs to serve on Merck a complete and verified PPF, Authorizations and responsive documents by a specified date, but it also cautions Plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs. As noted above, Merck provided each Plaintiff not only with a twenty-day extension, but also with a ten-day extension. Over a year has now passed since Merck's first notice letters and over six months have gone by since Merck's second warning letters and Plaintiffs still have not provided complete and verified PPFs. It is especially appropriate to dismiss actions with prejudice for failure to produce a complete PPF where Plaintiffs, such as here, have already received multiple warnings that such violations would result in dismissal with prejudice. *See In re Propulsid Prod. Liab. Litig* 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003). Here, Merck notified Plaintiffs on multiple occasions that it intended to seek the dismissal of Plaintiffs' claims if they failed to provide responsive PPFs as required by PTO 18C. By not responding, Plaintiffs have flouted both PTO 18C and Merck's warning letters. Accordingly, this Court should dismiss Plaintiffs' claims with prejudice.

877080v.1

Finally, by failing to provide complete and responsive PPFs and Authorizations, Plaintiffs are postponing the litigation and consequently encouraging other Plaintiffs to do the same.  Plaintiffs' dilatory behavior cannot be permitted because "[t]he public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *In re PPA Prods. Liab. Litig.,* 460 F.3d at 1227 (quoting Fed. R. Civ. P. 1).  When delay becomes unreasonable, as the record in this case illustrates, dismissal with prejudice is an appropriate sanction to deter other Plaintiffs from similar dilatory behavior. *Id.*  Indeed, the Supreme Court has held that deterrence is one of the important purposes of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League*, 427 U.S. at 643;  *see also Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813,  at *1 ("The Court's need to manage its docket is compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. … Dismissal of these plaintiffs will serve to appropriately penalize these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.")

In light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C, Merck urges this Court to enforce the Order as written and dismiss Plaintiffs' cases with prejudice.

877080v.1

## CONCLUSION

For the foregoing reason, Defendant respectfully requests the Court to order Plaintiffs to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form as required by Pre-Trial Order No. 18C

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

877080v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of June, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

**Defendants' Liaison Counsel**

877080v.1