MINUTE ENTRY
FALLON, J.
JUNE 28, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 25 of Plaintiffs' and Defendants' Liaison Counsel. This conference was transcribed by Karen Ibos, Official Court Reporter. Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

I.  STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through December 31, 2007: The *Kozic* case is set for September 17, 2007 in Tampa, Florida. Additionally, a trial date of September 27, 2007 has been set in the California

1

JS10(02:00)

Coordinated proceeding, in the California Superior Court, Los Angeles County, for a case to be selected from a pool of cases. In October, *Crandall* is set for October 1, 2007 in Washoe County, Nevada; *Zajicek* is set for October 22, 2007 in Jackson County, Texas; and *Donohoo* is set for October 29, 2007 in Madison County, Illinois.

II.    FURTHER PROCEEDINGS IN THE EARLY FEDERAL COURT CASES

On August 30, 2006, the Court ordered a new trial on the issue of damages only, in the *Barnett* case. On June 5, 2007, the Court issued an Order denying Merck's renewed motion for judgment as a matter of law and denying in part Merck's motion for new trial on all issues. The Court deferred ruling on reconsidering the scope of the new trial. Further, the Court vacated the Judgment of August 30, 2006 and modified its Order. Further, the Court ordered that there would be a new trial unless Mr. Barnett notified the Court that he agreed to a remittitur. On June 20, 2007, Mr. Barnett filed a Notice of Acceptance of Remittitur.

III.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The Court has advised the parties that it will address these issues at a later date.

IV.    DISCOVERY DIRECTED TO MERCK

On March 21, 2007, the Court issued a notice relating to its intention to appoint a Special Master to make findings of fact and conclusions of law with respect to certain documents over which Merck claimed privilege. Thereafter, on April 25, 2007, the Court entered an Order

appointing Professor Paul Rice as Special Master; and on May 1, 2007, the Court entered an Order appointing Brent B. Barriere as Special Counsel to, *inter alia*, manage the Special Master's operating account and to provide logistical support and local facilities for the Special Master. Special Master Rice and Special Counsel Barriere have had several conferences and communications with the parties and have almost completed their review of the initial representative documents. At today's conference, Special Master Rice informed the Court that his final Report and Recommendations would be completed and delivered to the Court in the next several days.

The Court indicated that it expects to receive a narrative report from Special Master Rice and an appendix detailing his recommended rulings on each document. The Court will then provide copies of these materials to the parties, and allow fifteen (15) days for any objections to be filed. The Court will then resolve any objections and either adopt, modify, or reject the Special Master's recommendations. The Court anticipates that the parties will be able to extrapolate from these representative privilege rulings and that an individual review of the remaining documents may not be necessary. To the extent that Merck continues to assert privilege on the remaining documents, however, the Court informed the parties that it may consider shifting costs for any further review by Special Master Rice onto Merck entirely.

V.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and

DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

VI.     PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On June 14, 2007, Pre-Trial Order No. 24 was issued. The Pre-Trial Order sets a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented by Louisiana counsel, and pro se plaintiffs.

Merck is filing five Rules to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs or for submitting grossly deficient PPFs in contravention of Pre-Trial Order 18C. Merck is asking that the rules be set for hearing at the next monthly status conference.

VII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.

VIII.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various pro se claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

Both PLC and counsel for Defendants have had ongoing communications with *pro se*

claimant in the *Harrison v. Merck & Co., Inc.* case, Civil Action No. 07-905, regarding Mr. Harrison's discovery requests.

IX.     IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS data. The PSC has been advised that Orders were issued in New Jersey state court regarding the IMS data and the PSC is reviewing the Orders further.

X.      MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law. The matter has been fully briefed and the Court heard oral argument on November 17, 2006 and took Merck's motion under submission.

XI.     TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum. On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form. The PSC is reviewing the information and will be providing a response to DLC.

XII.    ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is

attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIII.   VIOXX SUIT STATISTICS

Merck advises that as of March 31, 2007, it has been served or was aware that it had been named as a defendant in approximately 27,250 lawsuits, which include approximately 45,700 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 266 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 8,400 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,550 lawsuits representing approximately 16,550 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of March 31, approximately 13,700 claimants had entered into Tolling Agreements.  Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XIV.   MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents.  The PSC advised that it did not deem the supplemental responses sufficient.  The PSC also issued a Notice of FRE 30(b)(6) Corporate

Deposition to Merck & Co., Inc. regarding various insurance related issues. Additionally, FRE 30(b)(6) Corporate Deposition Notices were issued to Merck's insurers. On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurance issues. The parties discussed this matter further with the Court on January 10, 2007.

On January 16, 2007, Merck and its insurers jointly filed an omnibus motion to quash or, alternatively, a motion for a protective order with regard to the PSC's insurance-related discovery. The PSC responded and the Court heard argument on March 1, 2007. Thereafter, the Court entered an Order requiring Merck to produce certain insurance policies and present a 30(b)(6) witness for deposition, but otherwise granted the motion. The deposition of the 30(b)(6) witness was held on May 23, 2007.

XV.  MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months. The matter is not yet set for hearing and has not been fully briefed.

XVI.  DEPOSITION SCHEDULING

On March 28, 2007, Merck noticed de bene esse trial preservation depositions for Merck employees Dr. Elav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, and Dr. Peter Kim, former employee Dr. Douglas Greene, and expert witness Dr. Lisa Rarick. On March 30, 2007, the PSC, pursuant to Federal Rules of Civil Procedure 26(c) filed a Motion for a Protective Order. At the April 12, 2007 monthly conference, the Court granted the PSC's motion for a protective order, but only until May 31, 2007. At the May 31, 2007 monthly conference, the Court directed

the parties to reschedule the June deposition, but allowed the July and August depositions to remain scheduled as noticed for the time being.

At today's conference, the Court heard argument from the parties on whether the July and August depositions should proceed. For the reasons stated on the record, IT IS ORDERED that the July depositions be rescheduled, but that beginning in August the depositions may proceed with the following conditions: (1) Merck must make the witnesses available for supplemental depositions upon the PSC's reasonable notice should such be necessary; (2) the PSC need not show good cause for a supplemental deposition, nor disclose information that they intend to use with the witness at the supplemental deposition; (3) all supplemental depositions will be at Merck's cost; and (4) the PSC is entitled to receive expert reports and take discovery depositions of witnesses before trial preservation depositions are conducted.

Also, the PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

## XVII.   NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on July 27, 2007, at 9:30 a.m. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 5923245 and the Chairperson will be Judge Fallon.