UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| *This document relates to All Cases* | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PRE-TRIAL ORDER NO. 25
(Terms of *Pro Se* Claimants' Access to PSC Document Depository)

This matter comes before the Court as a result of a request by *Pro Se* Claimant Dennis Harrison. Mr. Harrison has advised the Plaintiffs' Steering Committee ("PSC") that he seeks to perform certain litigation functions relating to MDL 1657 including: (1) access to and reviewing documents produced by Merck and other third-parties housed at the PSC's document depository; (2) reviewing depositions and exhibits, some of which may have been deemed confidential pursuant to Pre-Trial Order No. 13; and (3) participating in discussions with members of the PSC regarding trial tactics and theories. Some of the documents and materials that Mr. Harrison seeks access to may contain privileged and/or confidential information. Accordingly, this Pre-Trial Order governs the access and availability of the documents and materials to Mr. Harrison and provides for the preservation of any applicable privileges or protections. This Pre-Trial Order shall also govern any future requests by *Pro Se* Claimants for access to Vioxx materials housed or created by the PSC and discussions between the PSC and *Pro Se* Claimants.

___ Fee_____
___ Process_____
_X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No_____

Upon consideration of the submissions of Mr. Harrison, the PSC, and counsel for Merck, and for good cause shown, it is hereby ORDERED that:

*Pro Se* Claimants shall be granted access to the PSC depository at times acceptable to the PSC for the limited purpose of conducting document review. Because *Pro Se* Claimants will not receive the benefits of the PSC's work product, *Pro Se* Claimants shall not be subject to any assessment set forth in Pre-Trial Order No. 16. Accordingly, the PSC shall, at the expense of *Pro Se* Claimants, make documents available that have been produced by Merck and third parties. The PSC shall be paid and reimbursed by *Pro Se* Claimants for all costs and expenses incurred in assisting and copying documents for the *Pro Se* Claimants, including, but not limited to, cost of personnel and document copy cost ($.25 per page). *Pro Se* Claimants shall promptly pay the PSC for all costs and expenses. In the event that *Pro Se* Claimants fail to promptly pay such costs, the PSC is authorized to suspend access to the PSC document depository

Some of the documents and materials to be made available by the PSC to *Pro Se* Claimants may contain attorney-client privilege communications or other information protected as "privileged" under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Material") or may contain protected attorney-work product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Work Product Material"). *Pro Se* Claimants shall not release or otherwise disclose any Privileged Material or Work Product Material unless specific written authorization is received from Plaintiffs' Liaison Counsel. While it is the Court's expectation that *Pro Se* Claimants will use their best efforts to protect Privileged Material and Work Product Material there may be an inadvertent disclosure during the course of this litigation. The Court therefore

establishes the following procedures in the event there is an inadvertent disclosure of Privileged Material or Work Product Material (collectively "Protected Material").

As *Pro Se* Claimants are representing themselves in this MDL, they are not authorized to waive any applicable privilege or work production on behalf of the PSC or its clients. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the PSC, upon becoming aware of the disclosure, requests its return and took reasonable precautions to avoid such inadvertent disclosure.

Should any party come into possession of any document or materials that may be Protected Material, such party shall promptly notify Plaintiffs' Liaison Counsel. Any documents which the PSC deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the PSC or destroyed at the PSC's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the PSC requests destruction, written certification of compliance shall be provided promptly. Any party or person receiving Protected Material inadvertently disclosed shall be entitled to challenge the privilege or work product status of any document returned or destroyed subject to Rule 26 of the Federal Rules of Civil Procedure. In the event of such a challenge, the PSC shall provide the challenged document to the court for *in camera* review and, during the pendency of such challenge, the party who received such information shall not disclose any copies of the challenged document.

The documents, materials, and information obtained by *Pro Se* Claimants pursuant to this Pre-Trial Order shall be used solely and exclusively by the *Pro Se* Claimants for the prosecution of the *Pro Se* Claimant's federal case, subject to Pre-Trial Order No. 13 and any additional

agreements entered into regarding Confidential Information. *Pro Se* Claimants shall not sell, distribute, or otherwise disclose any of the materials, documents, or information learned and discovered through the *Pro Se* Claimants' prosecution of their Vioxx claims. Specifically, any materials, documents, and information utilized in connection with the prosecution of the *Pro Se* Claimants' claim that are subject to a Confidentiality Agreement shall remain confidential and *Pro Se* Claimants shall take all steps necessary to preserve and maintain the confidentiality of such materials, documents, and information consistent with this Court's Orders.

The PSC may suspend or terminate a *Pro Se* Claimant's access to the PSC Depository and the rights granted to the *Pro Se* Claimant pursuant to this Pre-Trial Order if the *Pro Se* Claimant in any way impedes or interferes with the operations of the PSC or its Depository provided that: (1) the PSC provides written notice of such suspension or termination to the Court and (2) that the *Pro Se* Claimant have an opportunity to be heard by the Court regarding the PSC's written notice.

Nothing herein modifies, alters, or amends Pre-Trial Order No. 13.

Dated: July 3, 2007

Honorable Eldon E. Fallon
United States District Court Judge