# EXHIBIT A

**Fred Longer**

| | |
|---|---|
| **From:** | Cvtisi@aol.com |
| **Sent:** | Thursday, June 14, 2007 6:01 PM |
| **To:** | mayer@hugheshubbard.com |
| **Cc:** | dbuchanan@seegerweiss.com; LDavis@hhkc.com |
| **Subject:** | Lisa rarek |

Ted:

Since our discussion this morning, I have sought to determine whether Dr. Rarek was even named in any MDL case or as a defense MDL generic witness. I have been told that she has neither been named nor deposed.

Given the forgoing, it does not appear that we can agree to a preservation deposition of Dr. Rarek and certainly could not do so under the auspices of the MDL.. When and if you name Dr. Rarek as a generic MDL: expert, we will need to review her report and take a discovery deposition before we can schedule a preservation deposition.

If I am mistaken, please let me know.

Chris

_____

See what's free at AOL.com.

## Fred Longer

| | |
|---|---|
| **From:** | Mayer, Ted [mayer@hugheshubbard.com] |
| **Sent:** | Friday, June 15, 2007 5:23 PM |
| **To:** | Buchanan, David |
| **Cc:** | Cvtisi@aol.com |

**Subject:** RE: Trial preservation depositions

Dave--I didn't think I had any surprises left for you.  In any case, I wasn't intending any surprises in this message. I was just distinguishing between the depositions already noticed for dates that we would like to hold if we can and those we intend to re-notice. . Of course, we will need to hear about scheduling issues you may have and work cooperatively to see if we can arrange things to everyone's satisfaction within the constraints we have..Ted

**From:** Buchanan, David [mailto:dbuchanan@seegerweiss.com]
**Sent:** Friday, June 15, 2007 5:11 PM
**To:** Mayer, Ted
**Cc:** Cvtisi@aol.com
**Subject:** RE: Trial preservation depositions

Ted, your email takes a somewhat surprising tact in reminding us that these dates are fixed given the tenor of our conversation yesterday.  As I mentioned during our call, yesterday was the first I realized your intent to cross notice these deps for NJ.  If you wish to work cooperatively on scheduling, then I will attempt to coordinate for NJ and work on mutually convenient dates.  If you are simply declaring that these are the dates for the deps of Drs. Barr and Kim, then I will proceed down a different path.

**From:** Mayer, Ted [mailto:mayer@hugheshubbard.com]
**Sent:** Friday, June 15, 2007 4:52 PM
**To:** Cvtisi@aol.com; Buchanan, David
**Cc:** DBarrios@bkc-law.com
**Subject:** Trial preservation depositions

Chris and Dave:

Further to our call of yesterday, this is a reminder that the de bene esse deposition of Eliav Barr is set for July 25-26 in New York, and the de bene esse deposition of Peter Kim is set for August 21 and 22 in Philadelphia.

Our wish is to set the de bene esse deposition of Dr. Briggs Morrison on July 23-24 or 24-25  in New York, and the trial preservation deposition of Dr Rarick on August 27-28 in Washington, D.C.  With regard to Dr. Rarick, Chris has raised procedural questions which we will address in a subsequent communication.

As I mentioned on the phone,  we will have to move the currently scheduled preservation deposition for Dr. Reicin and are seeking dates in August.  We are also deferring any scheduling of the preservation deposition of Dr. Greene due to his unavailability this summer.

You indicated that as to some of the witnesses you may desire a further discovery session before the preservation deposition.  I reserve our right to contest such requests  in light of the substantial examination each of the above witnesses has undergone already, but asked you to put your requests in writing so we can consider the basis and scope of the requests and respond appropriately as to each individual situation.

In response to Chris's request, attorneys for the fall lineup as currently postured--omitting Barnett, where we understand from public statements plaintiff is expected to accept remittitur, and New Jersey--are listed on the attachment.

6/22/2007

Have a good weekend.

Ted

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Fred Longer

| | |
|---|---|
| **From:** | Cvtisi@aol.com |
| **Sent:** | Monday, June 25, 2007 1:33 PM |
| **To:** | mayer@hugheshubbard.com |
| **Cc:** | dbuchanan@seegerweiss.com; Fred Longer |
| **Subject:** | Fwd: Lisa rarek |

Ted:

On June 14, I raised an issue with respect to the propriety of preserving the deposition of Dr. Rarek in the MDL at this time. Specifically, I asked that you address how (or why) you could notice a de benne esse deposition in the MDL of a retained generic expert who has not been named or deposed in the MDL. For your reference, I attach my June 14 e-mail below.

On June 15 you wrote to Dave and I and acknowledged that, with respect to Dr. Rarek's MDL preservation deposition, I had "raised procedural questions which we [Merck] will address in a subsequent communication." The only subsequent communication that we ever received on this issue, however, was Merck's June 20 Notice of de benne esse deposition for Dr. Rarek in the MDL. That notice purports to set Dr. Rarek's preservation for August 27-28. That notice hardly explains how or why this deposition could proceed in the MDL at this time in light of the concerns that I have raised (To my knowledge, this deposition has not been cross noticed in any state case).

In anticipation of today's conference call with Dave, Fred and I on the issue of de benne esse depositions generally, we would ask that you please inform us of the basis for your noticing this retained generic expert for a de benne esse deposition in the MDL where, to our knowledge, she has not been identified an MDL generic witness, has not produced an MDL expert report, and has not been subject to an MDL discovery and deposition. As I told you in my June 14 e-mail, which I again reference below, if Dr. Rarek were to be identified as an MDL generic witness at some point in the future, the PSC would need an MDL report and we would seek an MDL discovery deposition and other permissible discovery. Only then can we even begin to discuss the timing of her MDL preservation deposition. Given that there are no MDL trials scheduled, it would appear that the expedited deposition you propose in the MDL is at best premature.

We look forward to your response to this.

Regards,
Chris


a message dated 6/14/2007 6:01:03 P.M. Eastern Daylight Time, Cvtisi writes:

> Ted:
>
> Since our discussion this morning, I have sought to determine whether Dr. Rarek was even named in any MDL case or as a defense MDL generic witness. I have been told that she has neither been named nor deposed.
>
> Given the forgoing, it does not appear that we can agree to a preservation deposition of Dr. Rarek and certainly could not do so under the auspices of the MDL.. When and if you name Dr. Rarek as a generic MDL: expert, we will need to review her report and take a discovery deposition before we can schedule a preservation deposition.
>
> If I am mistaken, please let me know.
>
> Chris

See what's free at AOL.com.

6/25/2007