IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ *This document relates to:* Joan O'Bryan, now deceased, 06-3172 CRB _____/ | CASE NO. 05-1699 CRB MDL No. 1699 CRB **ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTIES** |

Now pending before the Court is the motion to substitute Donna Marie O'Bryan and Mary Cordelia Ball, Co-Executors and personal representatives of the estate of Joan O'Bryan as plaintiffs for plaintiff Joan O'Bryan, now deceased. After carefully considering the papers filed by the parties, the motion for substitution of parties is DENIED.

## BACKGROUND

Plaintiff Joan O'Bryan filed this personal injury action against defendants in Kentucky state court in September 2005. Defendants removed the case to the United States District Court for the Western District of Kentucky on diversity jurisdiction grounds. The case was then transferred to this Court for pretrial proceedings. On or about February 14, 2006, plaintiff Joan O'Bryan died. By order dated May 16, 2006, Donna Marie O'Bryan and Mary Cordelia Ball were appointed Co-Executors of the estate of Joan O'Bryan. More than one year later plaintiff's counsel filed a suggestion of death and a motion to substitute

Donna Marie O'Bryan and Mary Cordelia Ball as plaintiffs pursuant to Federal Rule of Civil Procedure 25(a). Defendants oppose the motion on the ground that Joan O'Bryan's claims have been extinguished pursuant to Kentucky's statute of limitations for revival of an action. See KRS §395.278.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 25(a)(1) provides in relevant part: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party." Rule 25 (a) "describes the *manner* in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." Robertson v. Wegmann, 436 U.S. 584, 587 n.3 (1978) (internal quotation marks and citation omitted); see also First Idaho Corp. v. Davis, 867 F.2d 1241, 1242 (9th Cir. 1989) ("Rule 25(a) dictates the method of substitution of parties in federal court and is purely procedural").

"Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any [diversity] case is the law of the State." Erie R. Co. v. Thompkins, 304 U.S. 64, 78 (1938). "As a federal court sitting in diversity [this Court] must apply [Kentucky's] substantive law." Torres v. Goodyear Tire and Rubber Co., 867 F.2d 1234, 1236 (9th Cir. 1989). "Generally where the defendant in a diversity case obtains a transfer, 'the transferee district court must be obligated to apply the state law that would have applied had there not been a change of venue.'" International Business Machines Corp. v. Bajorek, 191 F.3d 1033, 1036 (9th Cir. 1999) (quoting Van Dusen v. Barrack, 376 U.S. 612, 639 (1964)).

**DISCUSSION**

Under Kentucky law "[n]o right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought

2

or revived by the personal representative, heir or devisee, in the same manner as causes of action founded on contract." KRS § 411.140. As plaintiff O'Bryan's claims were for personal injuries, they may be revived by her personal representatives, the proposed substituted plaintiffs. Kentucky law, however, provides a time limit for reviving an action on behalf of a deceased party. "An application to revive an action in the name of the representative or successor of a plaintiff, . . . shall be made within one (1) year after the death of a deceased party." KRS §395.278. Accordingly, the motion for substitution is untimely as it was filed more than 15 months after plaintiff O'Bryan died. See Hammons v. Tremco, Inc., 887 S.W. 2d 336, 338 (Ky. 1994) (Section 395.278 "operates as a statute of limitations; therefore, the period set fourth in the statute is mandatory and not subject to enlargement").

Proposed plaintiffs respond that the motion for substitution should be granted because it is timely under Federal Rule of Civil Procedural 25(a)(1) as it was made within 90 days of the suggestion of plaintiff's death on the record. Fed. R. Civ. P. 25(a)(1). As is explained above, however, Rule 25(a)(1) is procedural, it does not supplant the state substantive law. "The time limitation for bringing in an executrix as a party is parallel to a statute of limitations, which for the federal court in a diversity action is that of the forum [state]." Restatement of Conflict of Laws, § 603 (1934); see also Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980) (holding that in the absence of a controlling federal law there is no reason that an action based on state law which would be barred in the state courts by the state statute of limitations should proceed through litigation in federal court because the parties are diverse); see also id at 745 ("'in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in federal court should be substantially the same, . . . as it would be if tried in a State court'") (quoting Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109 (1945)).

Proposed plaintiffs' assertion that Rule 25 conflicts with Kentucky law and that the federal law should apply, is wrong. There is no conflict. Rule 25(a) provides the procedure for substituting parties upon a plaintiff's death if the plaintiff's claim is not extinguished. Fed. R. Civ. P. 25(a)(1). Here, plaintiff's claim was extinguished and cannot be revived

3

because no attempt to substitute plaintiff's personal representative was made within one year of her death. KRS §395.278.

## CONCLUSION

For the foregoing reasons, the motion for substitution is DENIED as it was untimely under the applicable Kentucky statute of limitations on revival of an action. KRS §395.278. Accordingly, plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: July 5, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\1699\dismissalorders\orderre04-3172.wpd