UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | |

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER #13
### (Stipulation and Protective Order Regarding Confidential Information)

.

WHEREAS, certain documents and information have been and may be sought, produced, or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate to the parties' confidential and proprietary information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c); and

WHEREAS, the parties have provided and will provide a significant amount of discovery materials in this Action and the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

Scope

1.    This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this Action whether revealed in a

document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party or parties (the "Receiving Party").

2.      Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3.      The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

4.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

Confidential Information

5.      "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c)(7), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

6.      Specific documents and discovery responses produced by a Supplying Party shall, if appropriate, be designated as Confidential Information by marking the pages of the document that contain Confidential Information as follows: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". Except as provided in paragraphs 8 and 21, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

7.      Any material produced or provided in this Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

2

8.      Information disclosed at a deposition taken in connection with this Action may be designated as Confidential Information by:

(a)      stating on the record during the taking of the deposition that the deposition, or some part of it, may constitute Confidential Information; and

(b)      designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition.  The Court reporter will indicate the portions designated as confidential and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "Confidential-Subject to Further Confidentiality Review."  Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.  If the Supplying Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Confidential Information.

9.      A party in this Action may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Protective Order.

Permissible Disclosure of Confidential Information

10.      Subject to Paragraph 13, the Receiving Party may show and deliver Confidential Information to the following people:

(a)      counsel for the Receiving Party and Merck in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

3

(b)     with respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee of the Receiving Party to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

(c)     stenographic employees and court reporters recording or transcribing testimony in this Action;

(d)     the Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

(e)     any outside consultant or expert whether formally retained or not if the Receiving Party signs the certification described in paragraph 12;

(f)     any attorney for claimants in other pending U.S. litigation alleging personal injury or economic loss arising from the alleged use, purchase, or payment of VIOXX (or attorneys for claimants in any other pending litigation as the parties may mutually agree or the Court directs) for use in this or such other action, provided that the proposed recipient is: (i) already operating under a stipulated Protective Order or (ii) agrees to be bound by this Order and signs the certification described in paragraph 12;

(g)     any third party for whom there is a litigation need to disclose the information if the Receiving Party signs the certification described in paragraph 12; and

(h)     any physician who treated a plaintiff for whom there is a litigation need to show Confidential Information that declines to sign the certification described in paragraph 12, provided that the physician is advised that, pursuant to this Order, such physician (1) may not make copies of any of the documents, (2) may not disclose the information beyond the parties involved in the litigation, and (3) must return the documents to counsel for the Receiving Party

4

after the litigation need for the documents has past.

11.     The Receiving Party may show Confidential Information to any witness during a deposition, hearing, or trial.  Confidential Information shown to any witness during a deposition shall not lose its Confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If, after a deposition is noticed or a hearing or trial is set, the Supplying Party objects to Confidential Information being shown to that witness, the Supplying Party shall attempt to confer with counsel to resolve the issue.  If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief.

12.     Where indicated in this Order, each putative recipient of Confidential Information shall be provided with a copy of this Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  These certifications are strictly confidential.  Counsel for each party shall maintain the certifications without giving copies to the other side.  The parties expressly agree, and it is hereby ordered that, except in the event of a violation of this order, they will make no attempt to seek copies of the certifications or to determine the identities of persons signing them.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.  Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or

5

extracts thereof, are not required to execute Certifications.

13.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current director, officer, employee of, or counsel for a pharmaceutical company other than Merck that is marketing or has in development a selective COX-2 inhibitor, or a consultant, other than an occasional consultant, who is currently consulting about a selective COX-2 inhibitor, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made.  If, within the ten day period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion.  Alternatively, the party wishing to make such disclosure may provide the counsel who designated such information as confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision.  Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this paragraph. The parties have agreed that plaintiffs do not have to give notice or invoke the Court with respect

to any person whom plaintiffs have retained to assist them in the prosecution of this Action as of September 17, 2004 who otherwise would be a consultant described in this paragraph as long as any such person signs the certification described in paragraph 12.  This agreement does not cover any person who as of September 17, 2004 was not a consultant described in this paragraph, but who later becomes a person described in this paragraph.

Use of Confidential Information

14.    The Receiving Party shall use confidential information only in connection with this Action or an action in which the Receiving Party is permitted by this Order to use Confidential Information.

15.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Protective Order.

16.    Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

Protection of Confidential Information

17.    Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

18.    Any party that is served with a subpoena or other notice compelling the

7

production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

19.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

20.     Upon the conclusion of any attorney's last case in this proceeding (or such other case in which the Receiving Party is permitted by this order to use Confidential Information), including any appeals related thereto, at the written request and option of the Supplying Party, all discovery materials produced by the Supplying Party and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned within thirty (30) calendar days to the Supplying Party, provided, however, that counsel may retain their privileged communications, work product, certifications pursuant to paragraph 12, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Supplying Party shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Supplying Party and any copies thereof, any and all records, notes, memoranda,

8

summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Supplying Party in accordance with the terms of this Protective Order.

Changes in Designation of Information

21.     Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation and simultaneously producing a re-designated copy of such material.

22.     Any party may object to the propriety of the designation (or redesignation) of specific material as Confidential Information by serving a written objection upon the Supplying Party's counsel.  The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the document will have its designation removed unless within thirty (30) days after written notice that the parties' negotiations are ended, the Supplying Party moves the Court for an order upholding the designation.  On such a motion, the Supplying Party shall have the burden of proving that the material is Confidential Information.  The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

23.     To the extent that any material designated as Confidential Information herein

9

becomes publicly available other than through a violation of this or another protective order, or has its designation as Confidential Information withdrawn or judicially removed in any U.S. VIOXX action or MDL-1658, the Confidential Information designation shall be deemed withdrawn from such material and shall, on notice, be removed from the log.

Filing Papers In Court Records

24.     The parties will use the following procedure for submitting to the Court material consisting of, relating to, containing, incorporating, reflecting, describing, or attaching Confidential Information:

(a)     Any such material shall be filed in a sealed envelope, labeled with the case name, case number, the motion to which the documents relate, and a listing of the titles of the documents in the envelope (such titles not to reveal Confidential Information).

(b)     Within seven (7) business days of the submission of any material pursuant to the preceding sub-paragraph, the parties shall confer to determine if the Supplying Party objects to the filing of the subject Confidential Information in unsealed form. To the extent of the parties agreement concerning the treatment of the subject Confidential Information, the filing party may file the subject materials in unsealed form. To the extent the parties are unable to reach agreement, either party may file a motion to address the appropriate treatment of the subject materials. On such a motion, the Supplying Party shall have the burden of proving that the material is Confidential Information. The material shall remain sealed unless the Court orders otherwise.

25.     When submitting deposition testimony pursuant to the previous paragraph that has been designated as Confidential Information, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or

10

relied on by the submitting party.

Miscellaneous Provisions

26.    Defendant shall produce within thirty days of this Order a confidentiality log in a searchable electronic format that can be used with commercially available database software (*e.g.*, Microsoft Access) identifying the following information for each document produced or made available in this litigation: the document's (a) beginning and ending Bates numbers; (b) date; (c) title, (d) document type; (e) author(s); (f) recipient(s); and (g) confidentiality status (*e.g.*, "Confidential" or "Non-Confidential"). Defendant shall update the confidentiality log on the first business day of each month. Each confidentiality log shall reflect all documents produced by defendant by the fifteenth day of the prior month. Documents designated "Confidential-Subject to Protective Order" that do not appear on the log are Confidential Information under this Order.

27.    Within seven days of entry of this Order (or within seven days of entry or execution of any applicable order or stipulation), Defendant shall produce to Plaintiffs copies of any order from any U.S. VIOXX action or MDL-1658 or any stipulation allowing disclosure beyond the protective order in such action that concerns, in whole or in part, the treatment of Confidential Information concerning VIOXX. The parties shall meet and confer to discuss any issues raised by such orders or stipulations.

28.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order.

11

29.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

30.     Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Merck's ability to review plaintiffs' information and report information to regulatory agencies.

DONE this __24th__ day of __May__, 2005.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE