**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE** |
| ***All cases & plaintiffs subject to this*** | * | **JUDGE KNOWLES** |
| ***Rule are listed in Exhibit A.*** | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED**
**MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED**
**WITH PREJUDICE FOR FAILURE TO PROVIDE A**
**PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its

undersigned counsel, moves the Court for entry of an Order requiring the Plaintiffs in the cases

captioned above (the "Plaintiffs") to show cause why their individual claims should not be

dismissed with prejudice for failure to provide a Plaintiff Profile Form ("PPF") as required by

Pre-Trial Order No. 18C ("PTO 18C" or "the Order").  A full list of these Plaintiffs is included

as Exhibit A to this Rule and Memorandum.  As more fully set forth below, after repeated

warnings, Plaintiffs have still ailed to serve a PPF, Authorizations and PPF-related documents as

required by the mandates of PTO 18C.

## BACKGROUND

On June 23, 2006, this Court entered PTO 18C.[1]  PTO 18C governs, among other things, the service and production requirements for PPFs and PPF-related documents.  (PTO 18C ¶ 1.)  PTO 18C directs plaintiffs to serve "verified PPFs, signed … Authorizations, and all responsive documents" by specific deadlines.  (*Id.* ¶ 2.)  The Order further provides that only one twenty-day extension of time be provided to plaintiffs who fail to timely serve a fully responsive PPF and also mandates that "[n]o other extensions will be granted."  (*Id.* ¶ 4.)

Pursuant to Paragraph 4 of PTO 18C, Merck began over one year ago (in or about January 2006) to notify Plaintiffs' counsel in these cases, Jeffrey J. Lowe PC and Carey & Danis LLC (collectively "Carey & Danis"), that each of these Plaintiffs had failed to serve a verified PPF by the applicable deadline.  Moreover, as required by PTO 18C, Merck provided each delinquent Plaintiff with an additional twenty days to provide a PPF.  (*See* Ex. A.)  On or about September 28, 2006 through December 21, 2006, after failing to receive PPFs from these Plaintiffs, Merck served second warning letters for forty-five of the above-referenced Plaintiffs and once again advised Carey & Danis that these Plaintiffs were in violation of PTO 18C.  In good faith, Merck also provided these Plaintiffs with an additional ten days, on top of the twenty days already provided, to comply.  (*See* Ex. A.)  During the time that Merck began to serve these second warning letters, Carey & Danis represented over five hundred Plaintiffs with incomplete or outstanding PPFs who were in violation of PTO 18C.

In late February 2007, because of the large number of Plaintiffs with incomplete or outstanding PPFs, Merck contacted Carey & Danis and requested that the granting of any

---

[1]   PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

882766v.1

further extensions for all Plaintiffs who were in violation of PTO 18C and who had already

received at least one twenty-day extension be consolidated in order to more efficiently grant any

further extensions.  In addition, Merck attempted to negotiate with Plaintiffs' counsel whether a

voluntary agreement could be reached to dismiss any of the above-referenced cases if it were

clear that the Plaintiffs were not interested in pursuing their claims.  On March 8, 2007 (the

"March 2007 Agreement"), after two weeks of negotiations, Merck provided Carey & Danis

with a proposal via email that offered approximately 460 Carey & Danis plaintiffs, including all

the Plaintiffs subject to his Rule, with an additional thirty-day extension to provide either: (a)

completed and verified PPFs, signed Authorizations, and all responsive PPF-related documents

pursuant to PTO 18C; (b) an executed Non-Cardiovascular Event Stipulations; or (c) executed

Stipulations and Consent Orders of Dismissal without Prejudice.[2]  (*See* Ex. B.)  All of the

Plaintiffs included in this proposal had already received at least one twenty-day extension and

eighty-six Plaintiffs had also received an additional 10-day extension.  (*See* Ex. A.)  In a letter

dated March 12, 2007, Carey & Danis objected to signing the Non-Cardiovascular Event

Stipulations but nevertheless accepted the proposed thirty-day extensions.  (*See* Ex. C.)  On

March 15, 2007, Merck confirmed the March 2007 Agreement via letter and reiterated that it

fully expected Carey & Danis to complete the Non-Cardiovascular Event Stipulations if

Plaintiffs had not suffered a cardiovascular event as defined by PTO 18C.  (*See* Ex. D.)

On April 9, 2007, pursuant to the terms of the March 2007 Agreement, Carey &

Danis responded to Merck's March 2007 Agreement that: (a) it had provided approximately 180

of the original 460 PPFs; (b) it would dismiss 23 Plaintiffs; and (c) it was seeking an additional

---

[2]    During this two-weeks of negotiations, Carey & Danis provided forty PPFs and thus, the total outstanding
number of Plaintiffs with incomplete or outstanding PPFs totaled 460.

3

thirty day extension for approximately 97 of the original 460 Plaintiffs. (*See* Ex. E)  Carey

& Danis, however, failed to address the status of approximately 161 Plaintiffs that were subject

to the March 2007 Agreement and failed to request additional extension for these Plaintiffs.[3]

On April 13, 2007, (the "April 2007 Agreement") in response to Carey & Danis'

April 9, 2007 letter, Merck provided all outstanding Plaintiffs who were subject to the March

2007 Agreement second thirty-day extensions to either; (1) provide their complete and

responsive PPFs; (2) dismiss their cases without prejudice, or; (3) complete and sign Non-

Cardiovascular Event Stipulations.  (*See* Ex. F.)  Merck also provided the 161 Plaintiffs who

were left off Carey & Danis' April 9, 2007 letter with this exact same second thirty-day

extension.  In providing these second thirty-day extensions, Merck cautioned Carey & Danis that

these second extensions would be "final" extensions regarding these Plaintiffs and made it clear

that Merck would seek motions to dismiss these Plaintiffs' claims if Plaintiffs did not comply

with the April 2007 Agreement.  (*Id.*)

On May 4, 2007, despite Merck's March 2007 and April 2007 Agreements, Carey

& Danis informed Merck that it was seeking a third additional thirty-day extension for 108 of the

original 460 Plaintiffs subject to the March 2007 Agreement. (*See* Ex. G.)  On May 15, 2007, in

light of the numerous extensions and warning letters already provided by Merck, this third

request for extension was denied.  (*See* Ex. H.)  At present 176 Plaintiffs who were subject to

Merck's March 2007 and April 2007 Agreements have still not provided their PPFs.  Attached

hereto as Exhibit A is a list containing the name of each Plaintiff, each case name and docket

---

[3]  Carey & Danis' April 9, 2007 letter also addressed the status of Plaintiffs who were not included in Merck's original March 2007 Agreement and as a result, approximately twenty nine Plaintiffs are not reflected in the totals listed above.

882766v.1

number, the original due date for each PPF, the dates Merck sent each of its warning letters, and

the dates Merck provide each thirty-day extension.[4]

Notwithstanding Merck's Agreements, these 176 Plaintiffs failed to provide a

complete and verified PPF as mandated by PTO 18C.   Indeed, fifteen of these PPFs were first

due in 2005 and all 176 PPFs, to date, are at least five months over due.   Accordingly, Merck

now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to

dismiss the claims of the Plaintiffs listed above because they have failed to comply with PTO

18C.

## ARGUMENT

This Court must dismiss each of Plaintiffs' claims with prejudice, pursuant to Fed.

R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed to comply with the

mandates of PTO 18C and because they have stonewalled discovery by failing to provide a PPF,

Authorizations for release of records, and PPF-related documents.   The language of PTO 18C is

clear:

> Plaintiffs in all cardiovascular event cases *shall* each complete and
> serve upon Merck a PPF and Authorizations for Release of
> Records of all healthcare providers and other sources of
> information and records (e.g., pharmacies, employers, etc.) in the
> form set forth in Attachment A.  Those plaintiffs *shall* also produce
> with their PPF all documents responsive to the document requests
> contained therein.

(PTO 18C ¶ 1) (emphasis added).  Furthermore, Paragraph 2 of the Order provides that

"complete and verified PPFs, signed … Authorizations, and all responsive documents *shall* be

produced" by a specific date.  (PTO 18C ¶ 2) (emphasis added)  Each of the above-referenced

---

[4]     Due to the large number of Plaintiffs, Merck did not attach each notice letter as an Exhibit to this Motion.
Merck can, however, provided this Court with copies of these letters upon request.

882766v.1

Plaintiffs have failed to timely serve a complete PPF, Authorizations and PPF-related documents, failed to respond to Merck's warning letters, and most significantly failed to provide any information regarding their claims outside the allegations contained in their complaint.

In *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for plaintiff's failure to provide basic information about their claims. The Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* at 340. The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information.

> The affidavits supplied by the plaintiffs did not provide this information. The District Court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Id.* at 340-41. In the present case, Plaintiffs have failed to provide *any* information regarding their claims as required by PTO 18C and therefore this Court should dismiss Plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial discovery. *Id.* at 340-41.

Case management orders, like PTO 18C, are the "engine(s)" that drive disposition on the merits and district courts must have broad discretion to enforce these orders if they are ignored or flaunted, as Plaintiffs have done in this MDL. *See In re Phenylpropanolamine ("PPA") Prod. Liab. Litig.*, 460 F.3d 1217, 1229-37 (9th Cir. 2006) (holding that the District

Court did not abuse its discretion in dismissing cases for failing to comply with case management orders).  Merck has notified Carey & Danis on up to four separate occasions that it intended to seek dismissal of Plaintiffs' claims if these Plaintiffs failed to provide a complete and responsive PPF as required by PTO 18C. (*See* Exs. A, B, D, F.)  Likewise, this Court has not only noted its intention to dismiss such cases, but has already dismissed a number of cases in this MDL proceeding for failing to comply with the mandates of PTO 18C.  (Ct. Order 3/1/07; Ct. Order 12/4/06; Ct. Order 10/26/06; Ct. Order 3/27/06; Ct. Order 4/12/07; Tr. 1/3/06 Status Conference at 25-26.)  Despite all of Merck's warnings, Plaintiffs have still not provided a PPF or any PPF-related documents.  This type of negligent behavior simply cannot be tolerated in complex multi-party litigations like Vioxx.  *See PPA Prod. Liab. Litig.,* 460 F.3d at 1237.

          Indeed, Carey & Danis cannot demonstrate that their failure to provide a PPF was due to inadvertence or an honest misunderstanding and, therefore, these cases should be dismissed with prejudice.  Not only does PTO 18C require Plaintiffs to serve on Merck a complete and verified PPF, Authorizations and responsive documents by a specified date, but it also cautions Plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs and that "[n]o other extensions will be granted."  (PTO 18C ¶ 2.)  Merck not only provided each of the above-referenced Plaintiffs the requisite twenty-day extension, it has also provided each of these Plaintiffs, as a professional courtesy, with at least two additional thirty-day extension and in forty-five cases an additional ten day extension.  (*See* Exs. A, D, F.) Despite these numerous extensions and warning letters, Plaintiffs have still not provided PPFs or a PPF-related documents as required by PTO 18C.  Plaintiffs' failure to "produce documents as ordered" by this Court is sufficient justification for dismissal and "[l]ate tender is no excuse." *PPA Prod. Liab. Litig.*, 460 F.3d at 1227 (citations omitted).  As this Court has noted in the

882766v.1

Propulsid MLD litigation, when plaintiffs have had "ample opportunity" to respond to discovery, as the record in these cases demonstrates, dismissal with prejudice is an appropriate and warranted sanction. *In re Propulsid Prod. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003).

In addition to the specified Plaintiffs' failure to comply with this Court's orders, their claims should also be dismissed for the resulting harm that their silence causes Merck. *See In re Bextra and Celebrex Marketing, Sales Practices, and Prod. Liab. Litig.*, No. 05CV01699 CBR, 2007 WL 987813, at *1 (March 30, 2007) (recognizing that dismissal with prejudice is warranted when defendants are prejudice by plaintiffs who failed to comply with a pretrial order regarding the timely completion of plaintiff fact sheets), *see also Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005). The PPF provides Merck with basic and essential information necessary to defend these cases and without the PPF Merck lacks critical information about Plaintiffs' claims. Furthermore, without Authorizations, Merck cannot investigate Plaintiffs' claims or gather the information needed to properly defend itself. Moreover, as time continues to pass without complete and responsive PPFs and signed Authorizations, Merck is prejudiced because memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die. *See Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813, at *1-2.

Finally, by failing to provide a PPF, Plaintiffs are postponing the litigation and consequently encouraging other Plaintiffs to do the same. The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to

> deter those who might be tempted to such conduct in the absence
> of such a deterrent.

*Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); see also *Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813,  at *1 ("The Court's need to manage its docket is compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. … Dismissal of these plaintiffs will serve to appropriately penalize these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.")

In light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C and Merck's warning letters and extensions, Merck respectfully urges the Court to enforce the order as written and dismiss Plaintiffs' cases with prejudice.

## CONCLUSION

For the foregoing reason, Defendant respectfully asks the Court to order the above referenced Plaintiffs to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for failure to provide any response to the PPF as required by PTO 18C.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054

STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

882766v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of July, 2007.

_/s/ Dorothy H. Wimberly_
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

882766v.1