# Exhibit H



Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3910
Telephone: 201-536-9220
Fax: 201-536-0799
hugheshubbard.com

Robert W. Brundige, Jr.
Wilfred P. Coronato
*Resident Partners*

May 15, 2007

**VIA TELECOPY AND EMAIL**

Casey Flynn, Esq.
Sarah Hale, Esq.
Jeffrey J. Lowe, Esq.
Carey & Danis, LLC
8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105

   Re: **Final PPF Extensions**

Dear Counselors:

  I am writing in response to your letter dated May 9, 2007.

  As you are aware, on March 8, 2007, Merck provided approximately 460 Plaintiffs represented by Carey & Danis, LLC and Jeffrey J. Lowe, P.C. a thirty (30) day extension through April 9, 2007 to provide either: (a) a complete and verified Plaintiff Profile Form ("PPF"), signed Authorizations, and all responsive PPF-related documents pursuant to Pre-Trial Order 18C ("PTO 18C"); (b) a completed and signed Non Cardiovascular Event Stipulation ("Non-CV Stipulation"); or (c) a completed and signed Stipulation and Consent Order of dismissal without prejudice. On April 9, 2007, Merck provided many of these same Plaintiffs with another thirty (30) day extension because they still had failed to provide PPFs by the April 9, 2007 extension date. The second thirty (30) day extension expired on May 9, 2007.

  As indicated in your April 9, 2007 letter, the remaining outstanding cases now fall primarily in two distinct categories. Category 1 includes approximately 51 Plaintiffs you "believe" have not suffered a cardiovascular injury as defined by PTO 18C ("cardiovascular

2

event"). Category 2 includes approximately 108 Plaintiffs that received two additional thirty (30) day extensions on March 8, 2007 and on April 9, 2007 but still have not provided a PPF. All of these Plaintiffs had already received at least one earlier notice from Merck regarding their obligations to provide a PPF and many of these PPFs are now more than a year over due. Merck will address each of these categories in turn.

### 1. PLAINTIFFS NOT CLAIMING TO HAVE SUFFERED A CV-EVENT

With regard to the approximately 51 Plaintiffs you have indicated are not claiming a cardiovascular event, Merck has conducted a review of the injury allegations contained in the complaints for these Plaintiffs. Most of the Plaintiffs indicate in their complaints that they may have had a cardiovascular injury as defined in PTO 18C. Indeed, some have explicitly alleged in their complaints a PTO 18C injury. For example, Jessie Tatum alleges that he suffered a "heart attack" in his complaint. Likewise, it is alleged that Philip Lichtenberg died as a result of using Vioxx. Any attempt to claim now that these Plaintiffs are not alleging a cardiovascular injury is made in bad faith because it contradicts the express allegations that Plaintiffs have set forth in their own complaints and because you seek to reserve the right to claim in the future that their past injury was cardiovascular.

It is simply not enough to claim that you "do not believe" that these Plaintiffs suffered a cardiovascular injury. It has been over a year since most of these complaints were first filed and you have had more than sufficient time to investigate these injury allegations. These Plaintiffs must state expressly and unequivocally whether they are alleging a cardiovascular injury. If these Plaintiffs are allowed to conceal highly relevant information about their specific injuries, they will delay further discovery and thereby prejudice Merck by delaying the production of relevant information in contravention of PTO 18C.

If these Plaintiffs are not claiming to have suffered cardiovascular events as defined by PTO 18C, then Merck again requests that these Plaintiffs sign the Non-CV Stipulation in the form previously provided and again enclosed. By signing the Non-CV Stipulation, these Plaintiffs are only representing that they have not suffered cardiovascular events *as of this time*. The Non-CV Stipulation does not prevent Plaintiffs from alleging injuries that may occur in the future. Please be aware, however, that for all Plaintiffs who are unwilling to provide a Non-CV Stipulation, Merck can only assume, based on the allegations in their individual complaints, that these Plaintiffs *have* suffered a cardiovascular event.

Accordingly, please be advised that Merck will file a *"Rule to Show Cause and Incorporated Motion to Dismiss"* against any Plaintiff with respect to whom you have not, within 20 days from the date of this letter, served either: (a) a complete and verified PPF, signed authorizations, and all responsive PPF related documents; (b) a completed and signed the Non-CV Stipulation; (c) a completed and signed a Stipulation and Consent Order of dismissal without prejudice in the form attached; or (d) an amendment of the injury allegation contained in the original complaint to allege the specific injury these individuals suffered.

M00BD29389

## 2. PLAINTIFFS THAT HAVE FAILED TO PROVIDE PPFS

In light of the fact that Merck had already granted all of these 108 Plaintiffs two thirty (30) day extensions to submit their complete and verified PPFs, signed Authorizations, and all responsive PPF-related documents pursuant to PTO's 18C and 23, Merck will not be granting any additional extensions. As noted previously, all of these Plaintiffs had received at least one notice letter before these thirty (30) day extensions were granted and many of these PPFs are now more than a year overdue. Accordingly, please be advised that Merck will be filing a "*Rule to Show Cause and Incorporated Motion to Dismiss*" the claims of these Plaintiffs as previously warned.

Very truly yours,

Zane C. Riester

Enclosures