UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to ALL CASES* | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND THIS COURT'S MINUTE ENTRY OF JUNE 28, 2007 RE: MOTION FOR A PROTECTIVE ORDER**

**I. INTRODUCTION**

Pursuant to Fed.R.Civ.P. 59(e), the Plaintiff's Steering Committee (the "PSC") respectfully requests that this Court amend its Minute Entry of June 28, 2007. Following the monthly status conference on June 28, 2007, this Court entered the Minute Entry in question denying the PSC's motion for a protective order with respect to *de bene esse* depositions noticed by Merck. By virtue of this Court's denial of the PSC's motion for a protective order several *de bene esse* depositions are scheduled to be taken in August.

Simultaneous with this Court's consideration of the PSC's motion for protective order, the Honorable Carol E. Higbee considered this same issue during a monthly status conference in the New Jersey Vioxx litigation. Although Judge Higbee has not yet issued a definitive ruling, she has issued a letter to all counsel making it clear that she will not permit the use at trial of any *de bene esse* depositions conducted before the Victor discovery has been resolved and the PSC has had an

1

opportunity to review all materials produced following the privilege review by Special Master Rice.[1]

Judge Higbee states that the *de bene esse* depositions that are currently scheduled for August will not be available for use in New Jersey trials scheduled for October.

Because Merck purports to be taking the *de bene esse* deposition for use in upcoming state court trials and the *de bene esse* depositions scheduled for August will be unavailable for use in New Jersey, the PSC respectfully requests that this Court modify its June 28, 2007 Minute Entry in order to grant the PSC's motion for a protective order. Since the *de bene esse* depositions cannot be used in the upcoming New Jersey trials, conducting such depositions in the MDL before the release of declassified privileged documents and the resolution of the Victor discovery will waste time and resources since multiple rounds of *de bene esse* depositions will be necessary.

## II. ARGUMENT

As the PSC noted in its prior submissions supporting its motion for a protective order, there is no urgency in the MDL for *de bene esse* depositions since no MDL trials are presently scheduled to occur. In responding to this argument by the PSC, Merck was forced to admit that it was noticing the *de bene esse* depositions in the MDL so they could be used in upcoming state court trials.[2] During the status conference Merck argued it was appropriate to leverage the MDL in this manner to promote efficiency by avoiding the need to take separate *de bene esse* depositions in each of the litigation forums.[3] Thus, Merck's vision was to have one set of *de bene esse* depositions that could

---

[1] A copy of Judge Higbee's June 29, 2007 letter is attached hereto as Exhibit "A".

[2] *See* Transcript of June 28, 2007 Status Conference at pgs. 25 (Wherein Douglas Marvin stated, "[n]ow, why do it now? The reason is is because we have trials coming up in the Fall..."). The only trials scheduled to occur in the Fall are in state courts.

[3] *See* Transcript of June 28, 2007 Status Conference at pgs. 25 (Wherein Douglas Marvin (continued...)

be used in both federal and state court.

Because Judge Higbee is unwilling to permit the use of the contemplated *de bene esse* depositions in the New Jersey Vioxx litigation, the rationale supporting Merck's decision to conduct *de bene esse* depositions at this time has been undercut since separate *de bene esse* depositions will now be required for New Jersey and the MDL. Instead of permitting *de bene esse* depositions in a manner that necessitates multiple rounds of depositions, the MDL depositions should be delayed until they can be conducted in a manner that ensures that they are complete and can be used in each of the litigation forums. For instance, as presently scheduled, the MDL depositions themselves will be taken with an incomplete record and may need to be supplemented after plaintiffs have access to all relevant materials. The New Jersey *de bene esse* depositions, if permitted, will be conducted in their entirety after all materials have been made available to plaintiffs. Duplicating the efforts of the parties in this manner is wasteful and fails to capture the efficiencies of the MDL.

Although Merck initially claimed that it was seeking *de bene esse* depositions in the MDL in order to promote efficiency, going forward with the *de bene esse* depositions scheduled for August will produce the opposite result. Instead of wasting the time and the resources of the parties, the PSC suggests that this Court revisit the issue and delay the *de bene esse* depositions until they can be conducted in a manner that makes them available for use in both federal and state court. In the context of this litigation, Judge Higbee's letter makes it clear that this means delaying the depositions until after the Victor discovery has been resolved and plaintiffs have had an opportunity

---

[3](...continued)
argued, "[i]t would not make sense for us to schedule *de bene esse* depositions in one state and then schedule the same *de bene esse* depositions in a second state an then in a third state somewhat later. And then to come to the MDL somewhere down the road and schedule them again. It does make sense to notice those depositions here in the MDL and to do it once.").

to review all materials following the review by Special Master Rice. Waiting until that time will promote efficiency, produce an effective trial package and ensure fairness by guaranteeing that plaintiffs will be able to conduct a meaningful cross-examination. Finally, since there are no MDL trials presently scheduled to occur, Merck will not be prejudiced since the MDL *de bene esse* depositions can be put on hold until the New Jersey litigation is ready.

### III. CONCLUSION

For the reasons set forth above and in our moving papers, the PSC respectfully requests that the Motion to Alter or Amend be granted and the *de bene esse* depositions be delayed until the Victor discovery has been resolved and the PSC has had a full opportunity to review all of Merck's declassified privileged documents.

Respectfully submitted,

**PLAINTIFFS' STEERING COMIATTEE**

Date: July 9, 2007

By: /s/ Leonard A. Davis
    **Russ M. Herman (Bar No. 6819)**
    Leonard A. Davis (Bar No. 14190)
    Stephen J. Herman (Bar No. 23129)
    *Herman, Herman, Katz & Cotlar, L.L.P.*
    820 O'Keefe Avenue
    New Orleans, Louisiana 70113
    Telephone: (504) 581-4892
    Facsimile: (504) 561-6024

    **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 9th day of July, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:    (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com