# EXHIBIT A




15418907

Jun 29 2007
4:42PM

# SUPERIOR COURT OF NEW JERSEY
### COUNTIES OF
### ATLANTIC AND CAPE MAY

**CAROL E. HIGBEE**
*Judge*

1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 343-2190

June 29, 2007

**VIA FILE & SERVE**

To:   All VIOXX® Counsel

**Re:   In re VIOXX® Litigation
Case No. 619**

Dear Counsel:

    Yesterday at the conference I was advised by defense counsel that Judge Fallon had ordered *de bene esse* depositions of some Merck corporate representatives take place in August. I was further advised that Merck wished to cross notice these in New Jersey so that they could be used in the New Jersey litigation at future trials. Plaintiffs strongly objected to that procedure.

    As I have repeatedly told counsel, Judge Fallon and I are in regular communication and have attempted, when possible, to coordinate and cooperate in order to facilitate both the New Jersey and MDL litigation. In fact, counsel for the defense was urging the court to coordinate New Jersey *de bene esse* depositions with the federally ordered depositions. I, therefore, advised counsel that I would be speaking to Judge Fallon in order to find out exactly what he had ruled.

    At the conclusion of the conference I was able to speak to Judge Fallon. He stated to me unequivocally that he did not expect that the *de bene esse* depositions scheduled in August would be used in the New Jersey litigation. He indicated that he fully understood that the law concerning depositions of employees within a state that were subject to subpoena power was substantially different than the employees who were not working or residing within the state. It was not his expectation that the August depositions would be coordinated with and used in the New Jersey litigation.

    I expressed my concerns about this type of deposition on the record at the conference. I am not in a position to make a final decision at this time as to whether and/or when to allow *de bene esse* depositions. I would invite either plaintiff or defendant to file a motion concerning this issue. The first issue that the court will have to decide is whether to allow *de bene esse* depositions at all of New Jersey corporate

 

*"The Judiciary of New Jersey is an Equal Opportunity/Affirmative Action Employer"*

employees and if the court determines that *de bene esse* depositions are appropriate, how they should be conducted.

      I do not anticipate that a decision on this complex issue should be made without it being fully briefed and oral argument being held. I do not intend to order *de bene esse* deps which may be used at future litigation to be taken before there can be a review of those documents which are found to be non-privileged or before the issue of VICTOR discovery has been resolved. Therefore, the August depositions will not have any effect on the New Jersey litigation and should not be participated in by either plaintiff or defendant of the New Jersey litigation with the expectation that they will be used here for the trials in October.

                                                       Very truly yours,

                                                       CAROL E. HIGBEE, P.J.Cv.

CEH:cm