UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX<br>  Products Liability Litigation | * * * | |
| This Document Relates to: | * * | MDL No. 1657 |
| LENE ARNOLD | * * | SECTION L |
| versus | * * | JUDGE ELDON E. FALLON |
| MERCK & CO., INC.<br>  Defendant | * * * | MAGISTRATE JUDGE<br>KNOWLES |
| Case No. 05-2627 | * * | |
| & | * * | |
| ALICIA GOMEZ | * * | |
| versus | * * | |
| MERCK & CO., INC.<br>  Defendant | | |
| Case No. 05-1163 | | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION AND MEMORANDUM TO ALTER OR AMEND THE
COURT'S JULY 3, 2007 ORDER DENYING MERCK'S MOTION FOR
SUMMARY JUDGMENT TO INCLUDE CERTIFICATION FOR
<u>INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)</u>**

Pursuant to Rule 59(e) and 28 U.S.C. § 1292(b), defendant Merck & Co., Inc. ("Merck") respectfully requests that this Court amend its Order of July 3, 2007 ("Preemption Order") and certify for interlocutory appeal the question whether plaintiffs' claims are preempted by the FDA's prescription drug labeling regulations. Certification for immediate appellate review is appropriate in this case because this issue constitutes a controlling question of law, the resolution

of which could materially advance the ultimate termination not only of these cases, but of many other similar Vioxx cases nationwide.[1]

Another district court recently granted certification under § 1292(b) on the very same issue. *See McNellis ex rel. DeAngelis v. Pfizer, Inc.*, No. Civ. 05-1286(JBS), 2006 WL 2819046, at *13 (D.N.J. Sept. 29, 2006). Like this case, *McNellis* involves allegations that a pharmaceutical company (Pfizer) failed to adequately warn of risks associated with a prescription drug (Zoloft). After rejecting the defendant's preemption defense, the trial court certified for interlocutory review the question whether FDA "requirements for the form and content of the labeling for the prescription antidepressant Zoloft preempted New Jersey's failure-to-warn law, under the doctrine of conflict preemption." *Id.* at *13 n.9. The court held that its preemption ruling fell squarely within the requirements for interlocutory review under § 1292(b) because (1) the preemptive scope of federal law is a controlling question of law; (2) "district courts throughout the country have come to different conclusions when addressing" the preemptive effect of the FDA's labeling regulations; and (3) "given the dispositive nature of the preemption issue, immediate appellate review will prevent the needless expenditure of resources on further discovery and renewed summary judgment motion practice, in the event Defendant were to succeed on appeal." *Id.* at *11-13. The instant cases are on all fours with *McNellis*. For the reasons set forth more fully below, the Court should likewise amend its Preemption Order to certify it for immediate interlocutory appeal.

---

[1] Plaintiffs themselves recognized the appropriateness of interlocutory review with regard to preemption issues at the hearing on Merck's motion. *See* Tr. 41:24-42:1, Nov. 17, 2006 (Mr. Levin) ("I think most of us here know who the elephant in this courtroom is. It's the Fifth Circuit. This case is appealable in whatever form.").

# ARGUMENT

Section 1292(b) is designed to authorize interlocutory appeals "for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2007); *see In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1263 (7th Cir. 1980) ("Interlocutory review is permitted to assure orderly and efficient administration of complex cases.").

Interlocutory appeal is appropriate under § 1292(b) when the order at issue "involves a controlling question of law as to which there is substantial ground for differences of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation." *Hartz v. Adm'rs of Tulane Educ. Fund*, CA No. 06-2977, 2007 WL 1232211, at *2 (E.D. La. Apr. 25, 2007). This Court's July 3 Preemption Order easily satisfies those standards.

**I.   THE ISSUE OF WHETHER PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE FDA'S PRESCRIPTION DRUG LABELING REGULATIONS IS A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION.**

The question whether plaintiffs' failure-to-warn claims are preempted by the FDA's prescription drug labeling regulations is a controlling legal issue on which courts have broadly disagreed and which affects not only these (and other similar) Vioxx cases, but also many other pharmaceutical-related product liability cases in the Fifth Circuit. Numerous courts have recognized that questions regarding the preemptive effect of federal law are appropriate for interlocutory appeal. This case is no different.

*First*, courts have repeatedly recognized that the issue of whether federal law preempts a state law cause of action is a "controlling question of law" appropriate for immediate review under § 1292(b). For example, in *MacDonald v. Monsanto Co.*, 27 F.3d 1021 (5th Cir. 1994),

the Fifth Circuit granted review on "the question of whether the labeling requirements of the Federal Insecticide, Fungicide and Rodenticide Act . . . preempt parallel state law labeling requirements." *Id.* at 1022. Similarly, in *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380 (5th Cir. 2004), the court granted interlocutory review, *id.* at 382, and concluded that state-law claims for personal injury were preempted by the Airline Deregulation Act of 1978 because "federal regulatory requirements for passenger safety warnings and instructions are exclusive and preempt all state standards and requirements." *Id.* at 385. *See also Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000) (noting that interlocutory appeal under § 1292 was appropriately granted in *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir. 2000) to determine whether federal law preempts state tort law in certain suits between air carriers); *Cearley v. Gen.l Am. Transp. Corp.*, 186 F.3d 887, 889 (8th Cir. 1999) (granting review and finding that state law claims were preempted by safety regulations promulgated by Federal Railroad Administration); *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 183 (3d Cir. 1986) (granting review of "the question whether the Federal Cigarette Labeling and Advertising Act . . . preempts any or all of the state common law claims brought by appellee").[2]

In *Ahrenholz,* the Seventh Circuit explained that a "question of law" under § 1292(b) "means an abstract legal issue rather than an issue of whether summary judgment should be

---

[2] *See also Palmer v. Liggett Group, Inc.,* 825 F.2d 620, 622 (1st Cir. 1987) (granting interlocutory review to determine preemptive effect of Federal Cigarette Labeling and Advertising Act ("FCLAA")); *Baylis v. Marriott*, 843 F.2d 658, 662 (2d Cir. 1988) (granting review to determine whether state-law claims for breach of contract and tortious inducement were preempted by Railway Labor Act); *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 67-68 (4th Cir. 1988) (granting review to address scope of ERISA preemption); *Genord v. Blue Cross & Blue Shield*, 440 F.3d 802, 803-04 (6th Cir. 2006) (granting review to determine whether civil RICO action was "reverse-preempted" by McCarran-Ferguson Act); *Moe v. United States*, 326 F.3d 1065, 1067 (9th Cir. 2003) (granting review to determine scope of preemption under Federal Employee's Compensation Act); *Kidneigh v. UNUM Life Ins. Co.*, 345 F.3d 1182, 1183-1184 (10th Cir. 2003) (granting review to address scope of ERISA preemption); *Blab T.V, Inc.. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 852 (11th Cir. 1999) (granting review to address whether the Cable Communications Policy Act of 1984 completely preempts state law tort and contract claims); *Taylor v. PPG Indus., Inc.*, 256 F.3d 1315, 1316 (Fed. Cir. 2001) (granting review to address the preemption of state law claims by federal patent law).

granted." 219 F.3d at 677. Thus, the question of "whether federal law preempts state business-tort law in suits between air carriers over routes and rates of service" was appropriate for interlocutory review because the preemption question "was an abstract issue of law . . . resolution of which could (because it was indeed a *controlling* issue) head off protracted, costly litigation." *Id.* (emphasis in original). The court further explained that because preemption "was an abstract issue of law, it was suitable for determination by an appellate court without a trial record." *Id.* Similarly here, the preemptive effect of the FDA's prescription drug labeling regulations is a purely legal and sufficiently abstract question of law to warrant immediate interlocutory review. *See McNellis*, 2006 WL 2819046, at \*11 ("there is little question that the preemption issue would be dispositive if decided in Pfizer's favor and therefore is 'controlling'").[3]

**Second**, it is equally clear that there are "substantial grounds for a difference of opinion" as to whether plaintiffs' claims are preempted by the FDA's prescription drug labeling regulations. To start, as the *McNellis* court recognized, the very fact of the FDA's determination that failure-to-warn claims are preempted under the circumstances presented here suffices to demonstrate a substantial difference of opinion on this issue. *See McNellis*, 2006 WL 2819046, at \*12. In direct contrast to this Court's ruling, the "FDA has determined that the exercise of

---

[3] For these reasons, the Court's footnoted statement that "numerous factual disputes would also otherwise preclude summary judgment in these cases" such as "the extent of Merck's knowledge beyond [April 11, 2002], and thus whether or not the company had a renewed duty to warn in light of 'newly discovered risks,'" Preemption Order at 7 n.5, is no barrier to § 1292(b) certification. As the Court itself recognized, the "abstract issue" of regulatory preemption and deference to the FDA Preamble affects "jury instructions and oral rulings" in Vioxx cases. Preemption Order at 1 n.1. What is more, this issue would be controlling in the instant cases – and others involving exclusively post-VIGOR-label usage – because plaintiffs have *not*, in fact, sought further discovery with respect to Merck's post-VIGOR knowledge, nor do they contend that Merck had post-VIGOR information about Vioxx risks that it failed to disclose to the FDA. The argument in these post-VIGOR cases is that *the VIGOR label itself* was inadequate, because it failed to disclose certain information Merck and the FDA possessed *before* the label was approved. *See* Pls. Stmt. Material Facts at 31. There are simply no material disputed facts, and no requests for additional discovery, about the state of Merck's knowledge after the VIGOR label was approved. *See also McNellis*, 2006 WL 2819046, at \*13 (rejecting argument that possible additional discovery should preclude § 1292(b) certification).

5

State authority conflicts with the exercise of Federal authority under the act." Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products, 71 Fed. Reg. 3922, 3967 (Jan. 24, 2006). Such conflict exists, the FDA has concluded, because if "State authorities, including judges and juries applying State law, were permitted to reach conclusions about the safety and effectiveness information disseminated with respect to drugs for which FDA has already made a series of regulatory determinations based on its considerable institutional expertise and comprehensive statutory authority, the federal system for regulation of drugs would be disrupted." *Id.* at 3969. Accordingly, the FDA has concluded that any state-law claim that challenges the adequacy of a label approved by the FDA on the basis of information considered by the FDA actually conflicts with, and is therefore preempted by, the FDA's labeling regulations. *Id.* at 3936. As in *McNellis*, "this Court can rest its conclusion that a substantial difference of opinion exists on the fact that the FDA's position – as established in the Preamble to the Final Rule – that [the regulations] require[] a finding of preemption, is in contrast to this Court's conclusions in its [Preemption Order]." 2006 WL 2819046, at *12.

Beyond the disagreement between the FDA and this Court, there is also broad disagreement among federal district and state courts that have addressed this issue. The existence of numerous conflicting judicial decisions on a given issue is, of course, conclusive evidence that there are substantial grounds for a difference of opinion. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 867-68 (5th Cir. 2002) (interlocutory appeal granted to resolve split of authority on issue of diversity jurisdiction); *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (conflicting decisions demonstrate substantial grounds for a difference of opinion). This Court's own Preemption Order noted that, in contrast to this Court's conclusion, several other courts "have deferred to the FDA's current view that its requirements are 'both a minimum floor

and a maximum ceiling' for the content and format of prescription drug labels, 71 Fed. Reg. at 3935, and have recognized an implied Congressional intent to preempt certain state-law claims." Preemption Order at 16 (citing cases). Other courts, however, have come to the opposite conclusion. *Id.* (citing cases). As the *McNellis* court recognized, that "split in authority certainly constitutes a sufficient number of conflicting and contradictory opinions," satisfying the requirement that this issue presents "substantial grounds for a difference of opinion." 2006 WL 2819046, at *12.

**II.    IMMEDIATE APPELLATE REVIEW WILL PROMOTE JUDICIAL EFFICIENCY AND MATERIALLY ADVANCE THE RESOLUTION OF THIS MULTI-DISTRICT LITIGATION.**

Interlocutory review of the Court's Preemption Order also would materially advance the Vioxx litigation by disposing of numerous Vioxx cases if Merck's position on appeal prevails. A "critical" consideration under § 1292(b) is whether an interlocutory appeal would "have the potential for substantially accelerating the disposition of the litigation." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (internal citations omitted); *see also In re Virginia Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) (§ 1292(b) appeal appropriate where resolution of controlling question could prevent waste of "much time, expense and effort"). In *McNellis*, the court concluded that resolution of the same preemption issue facing this Court would materially advance the termination of the litigation because "given the dispositive nature of the preemption issue, immediate appellate review will prevent the needless expenditure of resources on further discovery and renewed summary judgment motion practice, in the event Defendant were to succeed on appeal." 2006 WL 2819046, at *12. Similarly, the court in *Ahrenholz* observed that an issue was appropriate for interlocutory appeal where, as here, resolution of the issue could "head off protracted, costly litigation." 219 F.3d at 677.

7

The same consideration applies with even greater force here. In a multi-district litigation of this size and scope, with many thousands of cases currently pending on the trial court docket, swift resolution of a legal issue that could potentially affect many of those cases will obviously avoid the (potentially wasteful) expenditure of enormous resources on discovery and trials. This Court's Preemption Order itself noted the direct impact the Order will have on many other cases in this multi-district proceeding. Preemption Order at 1 n.1. The time and expense of a single interlocutory appeal is far less than continuing the labor-intensive process of working up cases, one-by-one, for trial, only to find out much later that certain of the plaintiffs' failure-to-warn claims should have been dismissed. In addition, immediate review will have positive implications for other failure-to-warn prescription drug cases generally, as it will clarify the Fifth Circuit's position on the issue of FDA preemption and serve as guidance for this Court and others going forward. Thus, "[f]or the sake of 'judicial economy and the interests of the parties in obtaining an overall conclusion of the proceedings,' an interlocutory appeal is appropriate." *Philibert v. Ethicon, Inc.*, No. Civ.A.04-220, 2004 WL 1922032, at *5 (E.D. La. Aug. 25, 2004) (citation omitted).

## CONCLUSION

For the reasons stated above, the Court should amend and certify its July 3, 2007 Preemption Order for immediate interlocutory appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

John H. Beisner
Jonathan D. Hacker
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck & Co., Inc.'s Motion and Memorandum to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b)has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of July, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel