

**Herman, Katz & Co. L.L.P.**
Attorneys at Law

820 O'KEEFE AVENUE, NEW ORLEANS, LOUISIANA 70113-1116
TELEPHONE: (504) 581-4892   FACSIMILE: (504) 561-6024
HTTP://WWW.HHKC.COM

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Joseph A. Kott, M.D. J.D. (Of Counsel)

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

Offices in New Orleans and
Covington, Louisiana

This Firm and its Partners Are Also
Partners in Herman, Mathis, Casey,
Kitchens & Gerel, LLP

July 11, 2007

Honorable Eldon E. Fallon
c/o United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA 70130

Re:   *In re: Vioxx Products Liability Litigation*
      MDL 1657

Dear Judge Fallon:

We received your Order dated July 3, 2007 transmitting the Special Master's Report and Recommendations and filing of Appendix I and Appendix II.

We have noted that some of the recommended rulings that were issued in Appendix I to the Special Master's Report and Recommendations differ from some of the Initial Assessments previously issued. In order to fully and expeditiously evaluate the differences between the Initial Assessments and the Recommended Rulings, we would like to know if the Special Master or Special Counsel has a log or index that identifies the initial assessments which were changed by the Special Master upon issuance of the Special Master's Report and Recommendations. Specifically, if one exists, we request a copy of any log, index or listing of those Initial Assessments which were changed at the time of issuance of the Report and Recommendations.

In addition, the PSC seeks clarification on some documents that the Special Master initially deemed not privileged but which, after review of additional material supplied by Merck, the Special Master ultimately deemed privileged. Specifically, it was noted on page 11 that the Special Master had "particular problem(s)" with claims of privilege for some documents where Merck's corporate lawyers "made extensive grammatical, editorial, and word choice comments on ***non-legal type communications like scientific reports, articles and study proposals.***" (Emphasis added.) The Special Master further noted that he "could not see the legal significance of these comments and changes and insisted that Merck explain how the lawyers were primarily rendering legal advice on the document as a whole..." Apparently, Merck did provide some explanation which arguably addressed its burden for these facially non-legal documents. Respectfully, the PSC cannot envision

Honorable Eldon E. Fallon
July 11, 2007
Page 2

any circumstance where a lawyer's edits to a scientific publication would ever be considered the rendering of legal advice even if we were to accept the proposition that the pharmaceutical industry is "pervasively regulated." Indeed scientific publications - - even when authored by pharmaceutical company employees - - are not regulated by the FDA in any way. In this regard, the PSC asks for clarification as to how, and upon what facts, Merck was able to overcome its burden with respect to these non-legal "scientific reports, articles and study proposals."

In this regard, we have not received whatever information Merck may have provided to the Special Master to substantiate its claim "how lawyers were primarily rendering legal advice on the document as a whole" and, therefore are unable, at this time, to respond to any determination on which such comments should or should not be afforded privileged status.

Upon review of the Special Master's Report and Recommendations, we attempted to cross-reference documents to Merck & Co., Inc.'s Background Submission Concerning Privilege dated June 4, 2007. Attached to Merck's submission was an Appendix B and Appendix D. Throughout those appendices there are substantial redactions and my recollection was that the Special Master requested that Merck provide revised submissions to the PSC that did not have extensive redactions. Unfortunately, we have been unable to locate a re-submission by Merck and if one exists, we would request that a copy be furnished to us. We are copying Phil Wittmann and Charlie Cohen with this letter and asking that they advise further. We understand that Merck will be getting this information to us shortly.

The PSC is further concerned because it has not received all of the VICTOR/Oxford materials. The PSC requests that all materials be provided in a readable and usable form. This includes all of the items addressed at the last status conference and any correspondence or e-mails by and between Merck and Oxford relating to such information. Furthermore, the PSC requests that Merck identify all documents (by bates number) that it previously claimed to be privileged which relate in any way to VICTOR/Oxford.

The PSC intends on further addressing your Order of July 3, 2007. Receipt of this information in a timely fashion prior to the deadline of July 18, 2007 as set forth in your Order is appreciated.

Honorable Eldon E. Fallon
July 11, 2007
Page 3

The PSC appreciates the efforts of Special Master Rice and Special Counsel Barriere.

Sincerely,

RUSS M. HERMAN

RMH:lmf
cc: Philip A. Wittmann, Esq.
    Charles Cohen, Esq.
    Anthony Irpino, Esq.
    Chris Tisi, Esq.
    Jeff Grand, Esq.
    Fred Longer, Esq.
    Plaintiffs' Steering Committee