## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT LOUISIANA

In re: VIOXX PRODUCTS LIABILITY
LITIGATION,

**This pleading applies to the following cases:**

*All cases & plaintiffs subject to this Memorandum are listed in Exhibit A, B, C and D.*

Cause No.

MDL No. 1657

## PLAINTIFFS' MEMORANDUM TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DISMISSED FOR NOT PROVIDING PLAINTIFF PROFILE FORMS

Regarding the cases on **Exhibit A**, plaintiffs do not believe that these plaintiffs suffered a cardiovascular event as that term is defined in Pretrial Order 18(c). Plaintiffs, however, do not want to enter a stipulation that these plaintiffs never suffered a heart attack or stroke during the time or after the time they took Vioxx. Merck is in essence requesting that plaintiff stipulate as to the extent of the injury in the initial discovery disclosure, before any treating doctor deposition has been taken. Pretrial Order 18(c) does not require such a stipulation. Though plaintiffs' attorneys understand its duty to do a reasonable investigation of the injuries of a case, certain types of heart attacks and certain types of strokes can be difficult to know about. It is not uncommon for people to have MRIs that show previous strokes or echocardiograms or other heart diagnostic tests

42256.1

that show old heart attacks;  or to have plaintiffs who have not had the proper diagnostic tests to ascertain the extent of their Vioxx-related injuries.

Pretrial Order 18(c) indicates that plaintiffs' answers are the equivalent of answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in accordance with Fed.R.Civ.P. 26.  Plaintiffs contend that there is very little harm to Merck, if during the course of discovery, it is determined that certain plaintiffs suffered a cardiovascular event as that term is defined in Pretrial Order 18(c), and a plaintiff profile form is then submitted.  <u>See generally</u> Fed.R.Civ.P. 26(e).

If this Court requires that plaintiff complete a fact sheet or enter a stipulation, plaintiffs request ninety (90) days from the date of this hearing to do so.

Regarding the cases on **Exhibit B**, plaintiffs have submitted their plaintiff profile forms.  Defendants have not been prejudiced by any delay in receiving these plaintiff profile forms.  Depositions of treating physicians and disclosure of expert witnesses have not even occurred in these cases.  Plaintiffs' attorneys routinely receive Merck's defendant profile forms late.

Regarding the cases on **Exhibit C**, plaintiffs request that this Court dismiss these cases without prejudice.  Plaintiff will work with defendant Merck to enter into a stipulation to dismiss these cases without prejudice.  ⸺⸺⸺

Regarding the cases on **Exhibit D,** plaintiffs will submit a completed Plaintiff Profile Form within three weeks.

For the reasons mentioned herein, defendants' motion should be denied because plaintiffs have acted in good faith to comply with pretrial order 18(c).

## I.      **Defendant's motion to dismiss should be denied.**

42256.1

**A.** **Fed.R.Civ.P. 37(b)(2) and 41(b) require a willful disregard of a discovery order and that the imposition of lesser sanctions would either be futile or not in the best interest of justice before granting a dismissal of plaintiffs' case with prejudice.**

    **1.** **Fed.R.Civ.P. 37(b)(2) only allows dismissal with prejudice for a willful violation and where a lesser sanction would not achieve the desired results.**

Pretrial Order 18(c) indicates that plaintiffs' answers are the equivalent of answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in accordance with Fed.R.Civ.P. 26.  In moving for dismissal of plaintiffs' action with prejudice, defendant is moving for sanctions pursuant to Fed.R.Civ.P. 37(b)(2).

Rule 37(b)(2) states in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

Fed.R.Civ.P. 37(c)(2).

Regarding sanctions under Rule 37, the Fifth Circuit has set out the following criteria:  (1) the penalized party's discovery violation must be willful and (2) the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect.  United States v. 49,000 Currency, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted).  The reviewing court may also consider whether

the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation. Id. (citing Batson, 765 F.2d at 514). See, e.g., Rose v. Batson, 765 F.2d 511, 514 (5th Cir. 1985) (dismissing case after numerous violations of discovery orders and that party's failure to produce was not because of her inability to produce and that the nonproduction severely prejudiced the party's ability to prepare its case).

> **2.   Under Rule 41(b) Fed.R.Civ.P. dismissal with prejudice is only proper for purpose of delay or contumacious conduct.**

Likewise, Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b). Such a dismissal may be either with or without prejudice. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is proper only if the record shows the plaintiff engaged in "purposeful delay or contumacious conduct" and the imposition of lesser sanctions would either be futile or not in the best interest of justice. Dorsey v. Scott Wetzel Servs., Inc., 84 F.3d 170, 171 (5th Cir. 1996); Long, 77 F.3d at 879-80.

> **3.   Prior to moving for a discovery sanction, the local rules of this court require defendant to meet and confer and file a certificate of compliance which defendant has failed to do.**

Finally, Local rule for the Eastern District of Louisiana provides:

LR37.1E  Discovery Motions

No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and

confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

See In re Complaint of Guidry & Gisclair, Inc., 1996 U.S. Dist. LEXIS 2865, *3 (E.D. La. 1996) ("Local rules require that the parties in good faith attempt to resolve.) See also Fed. R. Civ. P. 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.")

**B      Plaintiffs are in good faith attempting to comply with Pretrial Order 18(c); therefore, they should not be subject to sanctions pursuant to Rule 37 or dismissal with prejudice pursuant to Rule 42(b).**

Regarding **Exhibit A**, Pretrial Order 18(c) does not require plaintiffs to stipulate that their cases are not heart attack and stroke.

Regarding **Exhibit B**, these cases are in the first phase of written discovery. Defendants have not been prejudiced by any delay in receiving these plaintiff profile forms.  Depositions of treating physicians and disclosure of expert witnesses have not even occurred in these cases.  Plaintiffs' attorneys routinely receive Merck's defendant profile forms late.

**C.      Defendants' authority is distinguishable.**

In re Propulsid Products Liability Litigation, No. MDL 1355, 2003 WL 22383576 (E.D.La. Oct. 16, 2003), the Court dismissed plaintiffs' claims with prejudice for failure to file a plaintiff profile form after the following occurred: (1) the Court gave multiple notices to plaintiffs advising them of the applicable deadlines; (2) when plaintiffs failed to respond to the notices according to the established procedure, the matter was set for hearing and considered by the Court; (3) plaintiffs failed to respond to any of the notices; (4) at the June 26, 2003 Monthly Status Conference, defendants brought before the court

42256.1

a Motion to Dismiss with Prejudice multiple plaintiffs, including the plaintiffs who failed to file their Plaintiff Profile Forms; and (4) plaintiffs did not attend the hearing and did not oppose defendants' motion.  As a result, the court dismissed plaintiffs' claim. Id.

Similarly in McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990), after more than close to two years of motions and hearings where the magistrate judge ordered plaintiffs to produce responsive documents, the magistrate found the parties' discovery abuses wilful and in bad faith and recommended that his answers be stricken and default judgment for the law firm be entered, and this recommendation was later adopted by the district court.  Id.

Finally in Hickman v. Fox TV Station, Inc., 231 F.R.D. 248, 252 (S.D. Tex. 2005), a magistrate judge dismissed plaintiff's case for lack of prosecution after determining that (1) plaintiff had consistently failed to comply with court orders and has not exhibited diligence in producing all documents and materials relevant to her claims; (2) plaintiff had indicated she will not be available to complete her deposition in the forum state for at least another eight months and also that she will be in Kuwait for an indefinite period of time.  In determining whether to grant a dismissal with or without prejudice, the court decided that it would grant a dismissal with prejudice because there was "no indication here that lesser sanctions, including the assessment of monetary fines, will cure the indefinite delay to the disposition of this suit resulting from Plaintiff's continuing and open-ended unavailability. Thus, imposition of a less harsh sanction would be futile." Id. at 254.  Despite this language, in the conclusion for the case, the Court holds "the court will dismiss this action without prejudice." Hickman, 231 F.R.D. at 252.

42256.1

## II.        Conclusion

For the foregoing reasons, defendant's motion should be denied.

JEFFREY J. LOWE, PC

By: Jeffrey J. Lowe          #10538
Francis J. "Casey" Flynn
Attorney for Plaintiff
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

John Carey
Joseph P. Danis
David Bauman
Sarah Hale
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

Charles Lampin
Kell Lampin LLC
4700 Mexican Rd.
St. Peters, Missouri 63376
636-498-4000

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105

42256.1

314-725-9595
Fax: 314-725-9597

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon all parties to be served electronically on this 19th day of July, 2007:



42256.1