UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE** |
| *Davis, Kim J. v. Merck & Co., Inc.*; 2:06- | * | **JUDGE KNOWLES** |
| cv-07029-EEF-DEK | * | |
| | * | |
| *Hill, Ernestine v. Merck & Co., Inc.*; | * | |
| 2:06-cv-07062-EEF-DEK | * | |
| | * | |
| *Maull, Dizzie Dean v. Merck & Co., Inc.*; | * | |
| 2:06-cv-07025-EEF-DEK | * | |
| | * | |
| *Reser, Sharrel D. v. Merck & Co., Inc.*; | * | |
| 2:06-cv-06989-EEF-DEK | * | |
| | * | |
| *Shaw, Mary L. v. Merck & Co., Inc.*; | * | |
| 2:06-cv-06988-EEF-DEK | * | |
| | * | |
| *Stevenson, Nancy L. v. Merck & Co.,* | * | |
| *Inc.*; Docket Number: 2:06-cv-06537 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINTS
SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE ANY RESPONSE TO
THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Reply Brief In Further

Support of Its Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be

Dismissed With Prejudice For Failure To Provide Any Response To The Plaintiff Profile Form

as Required By Pre-Trial Order No. 18C.

**PRELIMINARY STATEMENT**

This Court must dismiss each of the above listed plaintiffs' ("Plaintiffs") claims with

885483v.1

prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed

to comply with Pre-Trial Order No. 18C ("PTO 18C") and because they have stonewalled

discovery by failing to serve Plaintiff Profile Forms ("PPFs"), Authorizations, and PPF-related

documents. [1]   As noted in Merck's initial Memorandum, each of the above Plaintiffs' PPFs,

Authorizations, and PPF-related documents were originally due last year and Merck has

provided all of these individuals with three separate extensions to comply with PTO 18C.

Notwithstanding repeated notices and extensions, Laminack, Pirtle & Martines ("Laminack") is

now asking the Court for an additional ten-day extension for each of these Plaintiffs to comply

with PTO 18C.  The time for Plaintiffs to request an extension has long passed.  Plaintiffs'

failure to complete the PPF and provide Authorizations and PPF-related documents after

repeated extensions demonstrates a willful and wanton disregard for this Court and this litigation

that must not be rewarded.

## ARGUMENT

The record clearly establishes Plaintiffs' repeated disregard for PTO 18C.  Indeed,

Laminack affirms in its own opposition papers that two of these Plaintiffs, Kim J. Davis and

Ernestine Hill, have "failed to cooperate" with their own counsel.[2]  (Pls.' Opp'n ¶ 5 & ¶ 7).

Merck should not be penalized for Laminack's dilatory conduct, nor should this Court grant any

extensions to Plaintiffs that have categorically ignored their own counsel.  As this Court

observed in *Propulsid*, "[i]n order to proceed with the litigation in an organized and logical

manner, the Court established procedures and deadlines that the parties must follow." *In re*

---

[1]   Merck originally filed its Rule to Show Cause in regards to thirty-two Plaintiffs represented by Laminack, Pirtle & Martines that had failed to provide a PPF as required by PTO 18C.  Twenty-six of these Plaintiffs have subsequently provided Merck with a Plaintiff Profile Form, Authorizations, and PPF-related documents pursuant to the terms of PTO 18C and Merck has filed Notices to Withdraw its application as to these Plaintiffs.

[2]   One additional Plaintiff, Nancy L. Stevenson, has also advised Laminack that "she no longer wish[es] to pursue her Vioxx lawsuit" and therefore Merck requests that this case be dismissed with prejudice.  (Pls.' Opp'n ¶ 13).

885483v.1

*Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003). These

Plaintiffs have violated this obligation and any additional extension would only reward

Plaintiffs' total non-compliance with PTO 18C without any showing of good cause.

Furthermore, it is wholly inappropriate for Laminack to now assert that two of these

Plaintiffs, Dizzie Dean Maull and Sharrel D. Reser, are having an unexplained "extraordinarily

difficult time gathering the requested information" after having *more than a year* to investigate

Plaintiffs' claims and follow-up with these individuals.[3]  (Pls.' Opp'n ¶ 8 & ¶ 9). Indeed, this is

the first time Merck has learned of Plaintiffs' purported difficulties and Laminack provides no

specifics as to the nature of these extraordinary difficulties. Without any details, Merck can only

assume that they do not reflect sudden or unexpected difficulties. Presumably, these are all

problems that were known or should have been known when Plaintiffs' Complaints were filed

and Laminack should have taken special care to accommodate these difficulties. As this Court

noted in *In re Propulsid Products Liability Litigation*, "[d]efendants have a right to receive

[basic] information from claimants and claimants have a duty to provide the information *timely*."

2003 WL 22383576, at *1 (emphasis added).

Finally, Plaintiffs' request for an additional extension is untenable in light of the

mandatory language of PTO 18C, which requires Plaintiffs to submit a PPF by a date certain.

(*See* PTO 18C ¶¶ 1-3.)  The Order further provides that only one twenty-day extension of time

be provided to Plaintiffs who fail to timely serve a fully responsive PPF and also mandates that

"[n]o other extensions will be granted." (*Id.* ¶ 4.)  Despite having received three separate

---

[3]   One additional Plaintiff, Mary Shaw, has also failed to comply with PTO 18C and is also seeking an additional ten days to comply with PTO 18C. Mary Shaw's PPF was first due on December 12, 2006. As such, Laminack has had ample opportunity to secure Ms. Shaw's PPF and should have taken special care to accommodate for any difficulties Ms. Shaw was having.

885483v.1

extensions and having over seven months to complete their PPFs, these Plaintiffs failed to provide a single document, medical record, or Authorization for the release of records.[4] Unquestionably, Plaintiffs' failure to provide a PPF, a single Authorization, or a single medical record, despite three notices and extensions from Merck, demonstrates a willful disregard for PTO 18C.  Indeed, any ruling short of dismissal with prejudice would not only encourage other Plaintiffs to disregard this Court's Orders regarding discovery but also reward Plaintiffs who ignore both Merck's notices and their own counsel's requests to comply with this Court's Orders.  Finally, contrary to Plaintiffs' statements, Merck has and will be prejudice by Plaintiffs' non-compliance.  Without a complete PPF and Authorizations, Merck cannot investigate Plaintiffs' claims or gather the information needed to properly defend itself.  Moreover, as time continues to pass without complete and responsive PPFs and signed Authorizations, Merck is prejudiced because memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die.

If, despite the foregoing abuse by Plaintiffs, this Court is amendable to providing these Plaintiffs with an additional ten-day extension from the hearing on July 27, 2007 to August 6, 2007, then Merck respectfully requests that this extension only be provided on the condition that these cases will automatically be dismissed with prejudice at the end of the extension period in the event of non-compliance.  Therefore, if Plaintiffs fail to serve by August 6, 2007 (1) a "complete and verified" PPF; (2) a complete set of signed Authorizations; and (3) all relevant and available PPF-related medical records, including Plaintiff's death certificate and coroner's report (if applicable) in accordance with PTO 18C, then Plaintiffs' Complaints will be

---

[4]    In addition, it should be noted that Plaintiffs have already been provided in effect an additional thirty-day extension from the filing of Merck's instant Rule to provide their PPFs, Authorizations, and medical and other records and they have still not done so.

885483v.1

automatically dismissed with prejudice upon the filing of an affidavit on non-compliance by Merck's counsel.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to dismiss Plaintiffs' claims with prejudice both for their failure to provide responsive and complete PPFs in compliance with PTO 18C and for their continued willful, wanton, and dilatory behavior.

DATED:  July 23, 2007

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

885483v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of July, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

885483v.1