UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to** | * | |
| | * | MAGISTRATE |
| *Adams, Eva L. v. Merck & Co., Inc.;* | * | JUDGE KNOWLES |
| Docket Number: 2:05-cv-04326; and | * | |
| only regarding Miranda Baker; | * | |
| | * | |
| *Black, Carver v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:05-cv-03802; and | * | |
| only regarding Marilyn Hunt; | * | |
| | * | |
| *Fife, Sam v. Merck & Co., Inc.;* Docket | * | |
| Number: 2:05-cv-06348; and only | * | |
| regarding Barbara Sue Cook; | * | |
| | * | |
| *Harris, Marlene v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:05-cv-02580; and | * | |
| only regarding Sarah Robinson; | * | |
| | * | |
| *Liotto, Barbara v. Merck & Co., Inc.;* | * | |
| Docket Number: 2:05-cv-04323; and | * | |
| only regarding Olena Oliphant and | * | |
| Elenor Williams; | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS RULE TO SHOW CAUSE WHY
PLAINTIFFS' COMPLAINTS SHOULD NOT BE DISMISSED FOR
PROVIDING GROSSLY DEFICIENT PLAINTIFF PROFILE FORMS
<u>IN NON-COMPLIANCE WITH PRE-TRIAL ORDER NO. 18B</u>**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Reply Brief In Further

Support of Its Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be

885499v.1

Dismissed With Prejudice For Providing Grossly Deficient Plaintiff Profile Forms in non-compliance with Pre-Trial Order No. 18C.

## PRELIMINARY STATEMENT

This Court must dismiss each of the above listed plaintiffs' ("Plaintiffs") claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), because Plaintiffs have failed to comply with Pre-Trial Order 18C ("PTO 18C") and because they have stonewalled discovery by repeatedly serving grossly deficient Plaintiff Profile Forms ("PPFs"). As noted in Merck's initial Memorandum, district courts have the power to dismiss cases for plaintiffs' failure to provide basic information about their claims. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229. Furthermore, as this Court noted in its December 15, 2006 Minute Entry regarding PTO 18C, Plaintiffs must provide "complete responses to *all* of the questions in the PPF." (emphasis added)  Here, Plaintiffs have continually produced incomplete and deficient PPFs in violation of PTO 18C. Plaintiffs cannot demonstrate that their failure to comply was due to inadvertence or an honest misunderstanding and, for the reason discussed below, their cases should be dismissed with prejudice.

## ARGUMENT

Notwithstanding Plaintiffs' failure to provide complete responses to their PPFs, Plaintiffs argue that they should not be subject to *any* discovery sanctions, including a dismissal of their claims, because "(P)laintiffs have acted in good faith to comply with (PTO 18C)." (Pls.' Mem. at 3). Specifically, Plaintiffs argue that (1) all six Plaintiffs, in good faith, have sufficiently

supplemented the PPFs in accordance with PTO 18C[1]; (2) that four of these six Plaintiffs' PPFs are not due because they have not suffered a cardiovascular event; and (3) the present motion is premature because Merck has failed to comply with Local Civil Rule 37.1. (*Id.* at 2-5.) All of these contentions are without merit.

I. **Plaintiffs' Complaints Should Be Dismissed Because the Service of Grossly Deficient PPFs Cannot Reasonably be Considered Good Faith Compliance with PTO 18C.**

As noted in Merck's motion papers, the PPFs provided by these Plaintiffs lack basic and essential information, such as the nature of their injuries, the date of their alleged Vioxx injury, Vioxx use dates, medical background, and the names and addresses of their prescribing and treating physicians as well as healthcare providers. Moreover, additional information regarding their medical history and past medical providers is either not provided or incomplete. Plaintiffs' counsel, Carey & Danis LLP ("Carey & Danis"), now assert that the PPFs for these Plaintiffs are complete and between July 13, 2007 and July 27, 2007 Carey & Danis provided newly amended PPFs for each of these Plaintiffs. These amended PPFs, however, continue to remain grossly deficient. Specifically, Plaintiff's counsel repeatedly used the phrases "plaintiffs will supplement" or "see medical records" to avoid answering key questions throughout these PPFs. (*See* Exs. A-F).

Any argument by Plaintiffs that their recently provided PPF responses should suffice or prevent dismissal of their cases is wholly meritless. This Court has repeatedly held that complete responses to *all* PPF questions are required and references to medical records are not sufficient

---

[1] Merck originally filed its Rule to Show Cause in regards to eight Plaintiffs represented by Carey & Danis that had failed to provide a PPF as required by PTO 18C. Two of these Plaintiffs, Allen Davolt and Elizabeth Dawn Grimm, have subsequently provided Merck with sufficiently complete PPFs, pursuant to the terms of PTO 18C, to take them out of the "grossly deficient" category and Merck will file Notices to Withdraw its application as to these Plaintiffs.

885499v.1

or appropriate responses and has dismissed cases for failure to comply fully with PTO 18C. (Order 4/12/07; Ct. Order 3/1/07; Ct. Order 12/4/06; Ct. Order 10/26/06).  Furthermore, Rule 37 states that an "evasive or incomplete disclosure, answer, or response shall be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).  Moreover, a Plaintiff's memory, even if imperfect, is not a sufficient excuse for refusing to answer discovery. *See Bryant v. United States ex rel. U.S. Post Office*, 2006 WL 305661, at *3-4 (6th Cir. Feb. 9, 2006) (affirming district court's dismissal of plaintiff's complaint under Rule 37 for plaintiff's alleged bad memory with regard to her medical history).

      Without a complete PPF, Authorizations, and medical and other records, Merck lacks critical information regarding Plaintiffs' claims to properly defend itself and investigate Plaintiffs' claims.  All of these PPFs were due more than ten months ago and Plaintiffs have had ample opportunity to supplement their inadequate PPF responses.  Indeed, Rule 26(g)(2) requires counsel to certify that every discovery response is, to the best of counsel's knowledge, "consistent with the [Federal] rules" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 26(g)(2)(A) and (B).  The PPFs provided by Carey & Danis do not comport with this Rule.  For example, Plaintiffs continue to fail to provide basic information in their PPFs such as their date of injury,  Vioxx use dates, names, addresses and dates of treatment for their healthcare providers, etc. (*See* Exs. A-F).  When a party "demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted).  Moreover, nothing in PTO 18C excuses Plaintiffs from answering discovery in good faith and failure to do so should result in dismissal.

885499v.1

II.     **Plaintiffs' Claims That They Have Not Suffered a Cardiovascular Event as Defined by PTO 18C Does Not Justify the Service of Grossly Deficient PPFs**

PTO 18C defines a "cardiovascular event" as "a myocardial infarction, an ischemic stroke, or a death." (PTO 18C at 1.) The PTO sets dates certain for Plaintiffs' service of their PPFs and related information. (PTO 18C ¶ 2.) Plaintiffs argue that four of the six Plaintiffs were "not even required to fill out a [PPF]" because these Plaintiffs are not claiming to have suffered a "cardiovascular event" as defined by Pretrial Order 18(C). (Pls.' Opp'n at 2.) Plaintiffs' argument is made in bad faith for two reasons. First, Plaintiffs' interpretation of PTO 18C unilaterally grants them an indefinite extension on submitting PPFs until they feel it is appropriate. Second, the argument appears to contradict the express allegations that Plaintiffs have set forth in their own Complaints, which demonstrate that these Plaintiffs are claiming a cardiovascular event.

   A. **Plaintiffs Impermissibly Grant Themselves an Indefinite Extension**

The language of PTO 18C is mandatory. Specifically, Paragraph 2 of PTO 18C provides that "complete and verified PPFs, signed and dated Authorizations, and all responsive documents *shall* be produced on the following schedule . . ." (PTO 18C ¶ 2) (emphasis added). In addition, Paragraph 3 of PTO 18C requires Plaintiffs in cardiovascular event cases who join the MDL after September 1, 2005 to "provide complete and verified PPFs" and supporting documents "within seventy-five (75) days of their transfer order or the date on which they are filed in this proceeding." (PTO 18C ¶ 3.)

Plaintiffs' interpretation of PTO 18C, however, contradicts the spirit and the intent of the Order. Despite the allegation in these Plaintiffs' complaints, Carey & Danis claims that these Plaintiffs have not suffered cardiovascular events, and has steadfastly refused to sign a stipulation, in the form of similar to the one incorporated into PTO 24, that these Plaintiffs are

not claiming a cardiovascular injury ("non cv-event stipulation"). This position is untenable in light of the mandatory language of PTO 18C, which requires Plaintiffs to submit a PPF by a date certain. In light of the allegations set forth in Plaintiffs' Complaints, if Plaintiffs are unwilling to execute a non cv-event stipulation, Merck can only assume that these individuals have suffered a "cardiovascular event" and therefore are required to comply fully with PTO 18C. (*See* PTO 18C ¶¶ 1-3.) *Cf. In re Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) ("Defendants have a right to receive this information from claimants and claimants have a duty to provide the information timely."). Moreover, Plaintiffs' interpretation effectively forecloses discovery. The only way for Merck to scale Plaintiffs' stonewall is to serve discovery demands on each and every defendant in the MDL - the precise result that PTO 18C was intended to avoid.

**B.      The Plaintiffs at Issue Claim Cardiovascular Events in their Complaints**

Plaintiffs' bad faith refusal to submit a complete PPF plainly contradicts the actual allegations set forth in their Complaints. The following table lists each of the Plaintiffs in question and their specific allegations. The allegations show that PTO 18C likely requires many, if not all, of these Plaintiffs to serve a timely PPF:

| Plaintiff | Case | Allegation of Injury |
|---|---|---|
| Hunt, Marilyn | Black, Carver v. Merck & Co., Inc. | Heart Attack and developed Heart and Cardiovascular Problems |
| Cook, Barbara Sue | Fife, Sam v. Merck & Co., Inc. | Heart and Cardiovascular Problems |
| Oliphant, Olena | Liotto, Barbara v. Merck & Co., Inc. | Blood Clots and Heart and Cardiovascular Problems |
| Williams, Elenor | Liotto, Barbara v. Merck & Co., Inc. | Blood Clots and Heart and Cardiovascular Problems |

As the above chart illustrates, all of the above-referenced Plaintiffs have all claimed "cardiovascular problems" in their Complaint. In fact, Marilyn Hunt, specifically alleged that she suffered a "heart attack" in her Complaint and PPF and is therefore required to serve a

885499v.1

"complete and verified" PPF pursuant to PTO 18C.[2] (*See Infra*, PTO 18C, ¶¶ 2-3.) In opposition to this motion, however, Plaintiffs equivocate and state that they "*do not believe*" that these plaintiffs suffered a cardiovascular injury. (Pls.' Mem. at 2) (emphasis added). It is imperative to this litigation that Plaintiffs inform Merck and this Court definitively, without tentative language, whether they are alleging a cardiovascular injury. If they are not claiming to have suffered from a "cardiovascular event" and do not amend their Complaints, then it is respectfully requested that each Plaintiff execute the non cv-event stipulation attached hereto as Exhibit G.

It is simply inconsistent and unfathomable that after receiving repeated warnings to produce complete and responsive PPFs, after having months and years to determine the precise nature of these Plaintiffs' injuries, after failing to provide a non-cv stipulation, Plaintiffs' Counsel only now asserts that this Plaintiff is "not even required to fill out a [PPF]" because this is not a cardiovascular event case. If Plaintiffs are allowed to continue to conceal their specific injuries, they will delay the service of their PPFs and thereby prejudice Merck. Carey & Danis has had more than sufficient time to determine the precise nature of these Plaintiffs' injuries and should not be allowed to avoid the service and production requirements of PTO 18C. This type of behavior obstructs the pace of litigation and frustrates the purpose behind PTO 18C. (Tr. 1/3/06 Status Conference at 25-26.) This Court must enforce PTO 18C as written and dismiss these claims with prejudice.

---

[2] The contention that PTO 18C does not apply to Ms. Hunt expressly contradicts the allegations provided in her Complaint and her PPF. Ms. Hunt's Complaint specifically provides "heart attack" as her claimed injury, an injury defined as a "cardiovascular event" by PTO 18C. Likewise, Ms. Hunt lists "heart attack" as an alleged injury in her PPF. In Plaintiff's Opposition, however, Carey & Danis now claim that Marilyn Hunt "suffered blockage requiring surgery" as a result of her Vioxx use. (Pls.' Opp'n at 2.) Despite this allegation, Carey & Danis has not amended Ms Hunt's complaint and has refused to provide a non cv-event stipulation that she did not suffer a heart attack as originally alleged in her Complaint.

885499v.1

If, however, the Court determine that each of these four Plaintiffs, Marilyn Hunt, Barbara Sue Cook, Olena Oliphant, and Elenor Williams, should be permitted to modify their original claim to now assert a non cv-event injury and to thereby avoid being subject to the mandates of PTO 18C, then Merck respectfully requests that these Plaintiffs be ordered to sign a stipulation, attached as Exhibit G, that they are not claiming to have suffered a cardiovascular injury, just as required of Louisiana and Pro Se Plaintiffs under PTO 24.

### III. PTO 18B Superseded Local Civil Rule 37.1.

Finally, Plaintiffs maintain that Merck's present Motion is premature because Merck has not complied with Eastern District of Louisiana Local Civil Rule 37.1E, which requires opposing counsel to meet and confer, in person or by telephone, before moving for discovery sanctions. (Pls.' Mem. at 5.) PTO 18B, however, supersedes Local Civil Rule 37.1. Rule 16 affords this Court "wide discretion" to manage discovery in "mass tort" actions. *Acuna,* 200 F.3d at 340. This coordinated proceeding comprises thousands of cases and individual Vioxx users. It would be extraordinarily burdensome for Merck to meet and confer with scores of counsel every month and generate certificates summarizing the results of each conference. This Court therefore established a mechanism by which Merck would notify Plaintiffs' counsel of deficiencies by fax or electronic mail. (PTO 18C ¶ 4.) Plaintiffs' counsel would then have twenty days to respond to the deficiencies asserted. (*Id.*) *See In re Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (establishing procedures to efficiently address the claims of thousands of plaintiffs nationwide). Accordingly, Plaintiffs' argument is without merit.

885499v.1

## CONCLUSION

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to order the specified plaintiffs to appear before this Court and show cause why their claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form incompliance with PTO 18C.

DATED:  July 23, 2007

                                        Respectfully submitted,

                                        */s/ Dorothy H. Wimberly*
                                        Phillip A. Wittmann, 13625
                                        Dorothy H. Wimberly, 18509
                                        Carmelite M. Bertaut, 3054
                                        STONE PIGMAN WALTHER WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana 70130
                                        Phone: 504-581-3200
                                        Fax:    504-581-3361

                                        **Defendants' Liaison Counsel**

885499v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of July, 2007.

    */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:       504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

885499v.1