# EXHIBIT D

IN RE: VIOXX® PRODUCTS )
LIABILITY LITIGATION )
) MDL Docket No. 1657
)
_____ )
) Plaintiff: <u>Marilyn Hunt</u>
THIS RELATES TO: ) (name)
Black et al v. Merck & Co., Inc. et al )
Civil Action No.: )
2:05-cv-03802-EEF-DEK )
_____ )

## PLAINTIFF PROFILE FORM

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

### I. CASE INFORMATION

A. Name of person completing this form: <u>Marilyn Hunt</u>

B. If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

   1. Social Security Number: _____

   2. Maiden Or Other Names Used or By Which You Have Been Known: _____

   3. Address: _____

   4. State which individual or estate you are representing, and in what capacity you are representing the individual or estate? _____

   5. If you were appointed as a representative by a court, state the:

      Court: _____ Date of Appointment: _____

   6. What is your relationship to the deceased or represented person or person claimed to be injured? _____

   7. If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died: _____

8606.1

C. Claim Information

1. Are you claiming that you have or may develop bodily injury as a result of taking VIOXX®? Yes <u>X</u> No ___ *If "yes,"*

    a. What is your understanding of the bodily injury you claim resulted from your use of VIOXX®? <u>Heart attack and related physical injuries</u>

    b. When do you claim this injury occurred? <u>About 3/2003</u>

    c. Who diagnosed the condition? <u>Dr. Gubin, Dr. Arshad</u>

    d. Did you ever suffer this type of injury prior to the date set forth in answer to the prior question? Yes ___ No <u>X</u> *If "yes,"* when and who diagnosed the condition at that time? ___

    e. Do you claim that your use of VIOXX® worsened a condition that you already had or had in the past? Yes ___ No <u>X</u> *If "yes,"* set forth the injury or condition; whether or not you already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any. ___

D. Are you claiming mental and/or emotional damages as a consequence of VIOXX®? Yes <u>X</u> No ___
*If "yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor) from whom you have sought treatment for psychological, psychiatric or emotional problems during the last ten (10) years, state:

    a. Name and address of each person who treated you: <u>Plaintiff will supplement</u>

    b. To your understanding, condition for which treated: <u>Mental anguish and emotional distress</u>

    c. When treated: <u>Plaintiff will supplement</u>

    d. Medications prescribed or recommended by provider: <u>Plaintiff will supplement</u>

II. **PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®**

A. Name: <u>Marilyn Hunt</u>

B. Maiden or other names used or by which you have been known: <u>N/A</u>

C. Social Security Number: <u>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</u>

8606.1

D. Address __P.O. Box 691, Caruthersville, MO 63830__

E. Identify each address at which you have resided during the last ten (10) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 1824 Lincoln, P.O. Box 691, Caruthersville, MO 63830 | 1999- present |
| 1000 Daeoc Rd., Caruthersville, MO 63830 | At least 1995-1999 |

F. Driver's License Number and State Issuing License: __486684816, MO__

G. Date and Place of Birth: __4/7/55, Memphis, TN__

H. Sex: Male____ Female __X__

I. Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Caruthersville High School | 1968-1972 | general | High school diploma |
|  |  |  |  |

J. Employment Information.

1. Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/ Job Duties |
|---|---|---|---|
| Pemiscot Memorial Health Systems | Hwy 61 & Reed, Hayti, Missouri 63851 | 2000-8/2003 | housekeeping |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|

| Southeast Missouri Transportation System | Poplar Bluff, MO | 1998-2000 | Van driver |
|---|---|---|---|
| Wal-Mart | State Hwy 84 West, Caruthersville, MO 63830 | 1995-1998 | Cashier/stocker |

3. Are you making a wage loss claim for either your present or previous employment? Yes **X** No ____

   *If "yes,"* state your annual income at the time of the injury alleged in Section I(C): **$7.00/hr, 40 hr/wk.**

K. Military Service Information: Have you ever served in the military, including the military reserve or National Guard? Yes ___ No **X**

   *If "yes,"* were you ever rejected or discharged from military service for any reason relating to your physical, psychiatric or emotional condition? Yes ___ No ___

L. Insurance / Claim Information:

   1. Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim? Yes **X** No ___ *If "yes,"* to the best of your knowledge please state:

      a. Year claim was filed: **2002**

      b. Nature of disability: **Heart problems**

      c. Approximate period of disability: **2002- present**

   2. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes **X** No ___ *If "yes,"* set forth when and the reason. **See above**

   3. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury? Yes ___ No **X** *If "yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted._____

8606.1

M. As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?   Yes ___ No **X** ___   *If "yes,"* set forth where, when and the felony and/or crime. _____

## III. FAMILY INFORMATION

A. List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g., divorce, annulment, death): **N/A**

B. Has your spouse filed a loss of consortium claim in this action?   Yes ___ No ___

C. To the best of your knowledge did any child, parent, sibling, or grandparent of yours suffer from any type of cardiovascular disease including but not limited to: heart attack, abnormal rhythm, arteriosclerosis, (hardening of the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block, congenital heart abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, stroke?
Yes ___ No ___ Don't Know **X** ___   *If "yes,"* identify each such person below and provide the information requested.

Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, Cause of Death: _____

D. If applicable, for each of your children, list his/her name, age and address: **N/A**

E. If you are claiming the wrongful death of a family member, list any and all heirs of the decedent. **N/A**

## IV. VIOXX® PRESCRIPTION INFORMATION

A. Who prescribed VIOXX® for you?  **Dr. Tim McPherson, Dr. John Nwora, Dr. Muhammad Azharuddin**

B. On which dates did you begin to take, and stop taking, VIOXX?  **About 12/2002 to about 10/2003**

8606.1

C. Did you take VIOXX® continuously during that period?

Yes __X__ No ___ Don't Recall ___

D. To your understanding, for what condition were you prescribed VIOXX®? __Arthritis__

E. Did you renew your prescription for VIOXX®?   Yes __X__ No ___ Don't Recall ___

F. If you received any samples of VIOXX®, state who provided them, what dosage, how much and when they were provided: **Plaintiff will supplement**

G. Which form of VIOXX® did you take (check all that apply)?
   ___ 12.5 mg Tablet (round, cream, MRK 74)
   ___ 12.5 mg Oral Suspension
   _X_ 25 mg Tablet (round, yellow, MRK 110)
   ___ 25 mg Oral Suspension
   ___ 50 mg Tablet (round, orange, MRK 114)

H. How many times per day did you take VIOXX®?
   **Once each day.**

I. Did you request that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®   Yes ___ No _X_ Don't Recall ___

J. Instructions or Warnings:

   1. Did you receive any written or oral information about VIOXX® before you took it?
      Yes ___ No ___ Don't Recall __X__

   2. Did you receive any written or oral information about VIOXX® while you took it?
      Yes ___ No ___ Don't Recall __X__

   3. *If "yes,"*

      a. When did you receive that information? _____

      b. From whom did you receive it? _____

      c. What information did you receive? _____

K. What over-the-counter pain relief medications, if any, were you taking at the same time you were taking VIOXX®? __None__

8606.1

## V. MEDICAL BACKGROUND

A. Height: **5'5"**

B. Current Weight: **288**
   Weight at the time of the injury, illness, or disability described in Section I©:
   **330**

C. Smoking/Tobacco Use History: *Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.*

   **X**   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco /snuff.

   ___   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco /snuff.
   a. Date on which smoking/tobacco use ceased: _____
   b. Amount smoked or used: on average _____ per day for _____ years.

   ___   Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco /snuff.
   a. Amount smoked or used: on average _____ per day for _____ years.

   ___   Smoked different amounts at different times.

D. Drinking History. Do you now or have you in the past drank alcohol (beer, wine, whiskey, et.)? Yes___ No **X** *If "yes," fill in the appropriate blank* with the number of drinks that represents your average alcohol consumption during the period you were taking VIOXX® up to the time that you sustained the injuries alleged in the complaint:

   _____ drinks per week,

   _____ drinks per month,

   _____ drinks per year, *or*

   Other (describe): _____

E. Illicit Drugs. Have you ever used (even one time) any illicit drugs of any kind within one (1) year before, or any time after, you first experienced your alleged VIOXX® related injury?   Yes___ No **X** Don't Recall ____

   *If "yes,"* identify each substance and state when you first and last used it. _____

F. Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

8606.1

1. Cardiovascular surgeries, including, but not limited to, the following, and specify for what condition the surgery was performed: open heart/bypass surgery, pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---|---|---|---|---|
| Stenting | Heart problems | Plaintiff will supplement | Plaintiff will supplement | PMHS |
| | | | | |

2. Treatments/Interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|---|---|---|---|
| Heart catheterization | Plaintiff will supplement | Plaintiff will supplement | PMHS |
| | | | |

3. To your knowledge, have you had any of the following tests performed: chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, bubble/microbubble study, or Holter monitor?
Yes __X__ No ___ Don't Recall ___ *If "yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| ECG | 4/3/04 | Arshad | See medical records | Chest pain |
| Stress test | 5/11/04 | Arshad | Pemiscot Memorial Health System | Chest pain |
| Chest x-ray | 4/03/04 | Arshad | Pemiscot Memorial Health System | Chest pain |

## VI. DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking "yes" or "no." Where you have indicated "yes," please attach the documents and things to your responses to this profile form.

8606.1

{Plaintiff will make available for inspection and copying.}

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this profile form.  Yes ___ No _____

B. Decedent's death certificate (if applicable).  Yes ___ No _____

C. Report of autopsy of decedent (if applicable).  Yes ___ No ___

## VII. LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

A. Your current family and/or primary care physician:

| Name | Address |
|---|---|
| Dr. Abdullah Arshad | 907 East Reed Street, Hayti, MO 63851 |
| | |

B. To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|---|---|---|
| See above | | |
| | | |
| | | |

C. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Pemiscot Memorial Health systems | Hwy 61 and Reed St., Hayti, MO 63851 | 8/25/04; 12/25/04; 4/2/04; See medical records | Chest pain |
| | | | |
| | | | |

D. Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Pemiscot Primary Care Center | 907 East Reed St., Hayti, MO 63851 | See medical records | Routine check ups, testing |
| Stern | 80 Humphreys | 5/17/02 | Left heart |

8606.1

| | | | |
|---|---|---|---|
| Cardiovascular Center | Center, Suite 200, Memphis, TN 38120 | | catheterization |
| | | | |

E. Each physician or healthcare provider from whom you have received treatment in the last ten (10) years.

| Name | Address | |
|---|---|---|
| Dr. Steve Gubin | Box 201, 106 W 12th Street, Caruthersville, MO 63830 | |
| Dr. John Nwora | Plaintiff will supplement | |

F. Each pharmacy that has dispensed medication to you in the last ten (10) years.

| Name | Address |
|---|---|
| Wal-Mart Pharmacy | State Hwy 84 West, Caruthersville, MO 63830 |
| | |

G. If you have submitted a claim for social security disability benefits in the last ten (10) years, state the name and address of the office that is most likely to have records concerning your claim.

| Name | Address |
|---|---|
| Social Security Administration | 902 North By Pass, Kennett, MO 63857 |
| | |

H. If you have submitted a claim for worker's compensation, state the name and address of the entity that is most likely to have records concerning your claim.

| Name | Address |
|---|---|
| N/A | |
| | |

8606.1

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part VI of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.

_Marilyn Hunt_     _Marilyn Hunt_    7-1-07
Signature          Print Name         Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) |

Name:_____

Date of Birth:_____

Social Security Number:_____

  I hereby authorize _____ to release all existing medical records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of <u>HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302,</u> and/or to the law firm of _____ and/or their designated agents ("Receiving Parties"). These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

  I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

  This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments,

medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this ___ day of _____, 200___

_Marilyn Hunt_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

AUTHORIZATION #1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL No. 1657

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO
45 C.F.R. § 164.508 (HIPAA)

Name:_____

Date of Birth:_____

Social Security Number:_____

I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302,** and/or to the law firm of _____ and/or their designated agents ("Receiving Parties"). These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing

information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this ___ day of _____, 200__

_Marilyn Hunt_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

AUTHORIZATION #2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® PRODUCT LIABILITY LITIGATION | MDL No. 1657<br><br>AUTHORIZATION FOR RELEASE OF PSYCHOTHERAPY NOTES PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) |

Name:_____

Date of Birth:_____

Social Security Number:_____

I hereby authorize _____ to release all existing psychotherapy notes regarding the above-named person's medical care, treatment, physical/mental condition, and/or medical expenses to law firm of <u>**HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302**</u>, and/or to the law firm of _____ and/or <u>their designated agents ("Receiving Parties")</u>. These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

I understand that this authorization includes all psychotherapy notes maintained separately from the above-named person's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress.

I understand that the health information being disclosed by these psychotherapy notes may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

*Marilyn Hunt*
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

AUTHORIZATION #3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL No. 1657

AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages, earnings or earning capacity.)

Name:_____

Date of Birth:_____

Social Security Number:_____

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of <u>HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of _____ and/or their designated agents</u> ("Receiving Parties"). These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this ___ day of _____, 200__

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

AUTHORIZATION #4