# EXHIBIT G

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

## CONSENT ORDER WITH STIPULATION THAT PLAINTIFF HAS NOT CLAIMED AND WILL NOT CLAIM IN THE FUTURE THAT HE/SHE SUFFERED PRIOR TO THE DATE OF ENTRY OF THIS ORDER A CARDIOVASCULAR EVENT AS DEFINED BY PRE-TRIAL ORDER NO. 18C

WHEREAS, the Defendant Merck & Co., Inc. ("Merck") believes that the above-referenced Plaintiff ("Plaintiff") has alleged in his or her complaint that he or she or may have suffered a cardiovascular event as defined by Pre-Trail Order 18C ("PTO 18C"), specifically "myocardial infarction, an ischemic stroke, or a death." As a result, Merck believes that the above Plaintiff is in default of PTO 18C in having provided a grossly deficient Plaintiff Profile Form ("PPF") contrary to the schedule and instructions enumerated in the aforementioned Order; and

WHEREAS, the above-captioned Plaintiff asserts that he or she has not claimed, and will not in the future claim, to have suffered, prior to the date of this stipulation, a cardiovascular event as defined by PTO 18C; and

WHEREAS, Plaintiff agrees that he or she will not re-file any suit based on any similar claims related to Vioxx against Merck, any of its subsidiaries, agents, distributors, employees, sales representatives, or against any pharmacy in any other court or forum or amend his or her current Complaint to allege that he or she suffered, prior to the date of this stipulation, a cardiovascular event as defined by PTO 18C;

NOW, THEREFORE, IT IS HEREBY STIPULATED and AGREED by and between the undersigned parties that:

1.    Plaintiff has not claimed and will not claim in the future that he or she suffered, prior to the date of this stipulation, a cardiovascular event as defined by PTO 18C.

2.    Plaintiff will not re-file any suit based on any similar claims related to Vioxx against Merck, any of its subsidiaries, agents, distributors, employees, sales representatives, or against any pharmacy in any other court or forum or amend his or her current Complaint to allege that he or she suffered, prior to the date of this stipulation, a cardiovascular event as defined by PTO 18C.

Dated: July____, 2007

CAREY & DANIS, LLC

By:_____
**Jeffrey J. Lowe**
Carey & Danis, LLC
Jeffrey J. Lowe, P.C.
8235 Forsyth Blvd.
Ste. 1100
St. Louis, MO 63105

*Attorneys for Plaintiff*

STONE PIGMAN WALTHER WITTMANN
LLC

By:_____
**Phillip A. Wittmann**
Stone Pigman Walther Wittman, LLC
546 Carondelet St.
New Orleans, LA 70130

*Attorneys for Defendant Merck & Co., Inc.*

2

Considering the above, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED that the above referenced plaintiff is barred from claiming to have suffered, prior to

the date of the entry of the Order, a cardiovascular event as defined by PTO 18C pursuant to the

terms of the stipulation set forth above, without cost as to any party as against the other.

IT IS SO ORDERED.

ENTERED this _____ day of _____, 2007.

_____
**Hon. Eldon Fallon, U.S.D.J.**

3