UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | ) MDL Docket No. 1657 |
| | ) |
| PRODUCTS LIABILITY LITIGATION | ) Section L |
| | ) |
| This document relates to: | ) Judge Fallon |
| *Avant, et al. v. Merck & Co., Inc., et al.* | ) |
| (Index No. 07-900) | ) Mag. Judge Knowles |
| *Batiz, et al. v. Merck & Co., Inc., et al.* | ) |
| (Index No. 07-901) | ) |
| *Chapman, et al. v. Merck & Co., Inc., et al.* | ) |
| (Index No. 07-902) | ) |
| *Coon, et al. v. Merck & Co., Inc., et al.* | ) |
| (Index No. 07-903) | ) |
| *Cox, et al. v. Merck & Co., Inc., et al.* | ) |
| (Index No. 07-904) | ) |
| | ) |

**OPPOSITION TO PLAINTIFFS' MOTION TO
ENLARGE TIME FOR SERVICE**

**I.    INTRODUCTION**

The Court should deny plaintiffs' motion for an extension to serve defendants Fred Auzenne, Lisa Davis, and Deborah Lee.[1]  Plaintiffs' lack of diligence in seeking to locate and serve these three defendants – all of whom were opportunistically joined as hoped-for jurisdictional spoilers – means they are not entitled to an extension to complete service of process.  In fact, plaintiffs' only effort to serve these three defendants was to deliver a defective summons (unsigned and unsealed by the Court Clerk) to three individuals that merely share their same names (two of whom were in the wrong state even though Merck had already informed plaintiffs of each defendant's state of residency).  Since being notified that they served the wrong individuals, plaintiffs have done nothing to locate the correct defendants, secure a properly issued summons, or serve them.

---

[1]    Fred Auzenne was incorrectly sued as "Fred Avuene" and Deborah Lee was incorrectly sued as "Debbie Lee" in the complaint.

Plaintiffs' other request, for this Court to deem these defendants served based on their purported appearance in this action, should also be denied because there is no factual or legal basis for this request. Because the 120 days allowed by Fed. R. Civ. P. 4(m) to serve these individuals has long since passed, these defendants can and should be dismissed for failure to complete service.

## II.   ARGUMENT

### A.   Defendants Auzenne, Davis, and Lee Have Not Waived Service.

As an initial matter, plaintiffs' request that the Court deem service accomplished on these three professional representative defendants because they purportedly have "made their appearance in this action" and have "constructive . . . knowledge of the claims made against them" (s*ee* Mot. at 6) should be denied because this statement is demonstrably untrue. Plaintiffs' request is based on the false premise that "Merck's attorneys opposed the Motion [to Remand] on behalf of Merck and *all of Defendant sales representatives*." Mot. at 6.

These allegations are unsupported by the record. The motion to remand briefing filed while this case was pending in the District of Nevada shows that the opposition to plaintiffs' motion to remand was filed **by Merck only** before any of the professional representative defendants had been served or appeared. *See* Ex. A, Opp'n to Mot. to Remand (*Avant*) (without exhibits) (D. Nev. Docket No. 16), p. 1; Ex. B, D. Nev. Docket Index (*Avant*) (summonses on professional representative defendants —D. Nev. Docket Nos. 21-30, 35, 39, and 40—were served starting on December 18, 2006; professional representatives first appeared and answered on January 8, 2007). This is a far cry from a waiver of service and a "general appearance." *See, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) ("Normally, an appearance in an action 'involves some presentation or submission to the court.' ") (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2683 (2d ed. 1983)); *see also Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction.") (emphasis added).

Nor does these defendant's purported "constructive knowledge" of the complaint relieve plaintiffs of the need to complete service of process; plaintiffs must accomplish actual service pursuant to Fed. R. Civ. P. 4 regardless of whether the defendant has notice of the claim. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) (affirming dismissal for want of timely service and noting "[t]he defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements"); *Direct Mail*, 840 F.2d at 688 ("without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction") (citations omitted); *Mateo v. M/S KISO*, 805 F. Supp. 792, 794 (N.D. Cal. 1992) ("Without substantial compliance with Rule 4, it is irrelevant whether a defendant has notice of a plaintiff's claims.") (citing *Direct Mail*), *abrogated on other grounds by* 361 F.3d 1222 (9th Cir. 2004).[2]

### B. Plaintiffs Have Failed to Establish Any "Good Cause" For An Extension to Serve the Unserved Professional Representatives.

Plaintiffs' request for an extension to serve these three defendants should also be denied. Fed. R. Civ. P. 4(m) requires that a case be dismissed without prejudice against any defendant who is not served within 120 days after the filing of the complaint, absent a showing of "good cause" for the plaintiffs' failure to complete service. The burden rests on plaintiffs to show good cause for their failure to complete service within Rule 4(m)'s time frame. *Ruley v. Nelson*, 106 F.R.D. 514, 517 (D. Nev. 1985) ("if service is not effected within 120 days after the filing of the complaint, the plaintiff has the burden of establishing good cause for the delay"); *see also McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993) (same).

While courts have not adopted a rigid or all-encompassing definition of "good cause," it is clear that it requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually

---

[2] Plaintiffs erroneously cite and rely on Nevada law in their motion. But service of process is a federal procedural issue that is governed by the Federal Rules of Civil Procedure after removal. *Henderson v. U.S.*, 517 U.S. 654, 656 (1996) ("the manner and timing of serving process are generally nonjurisdictional matters of procedure controlled by the Federal Rules") (citations omitted).

does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (affirming dismissal for want of timely service). Further, good cause requires "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for non-compliance within the time specified." *Id.*

Plaintiffs have not met their burden here. Their "effort" to show good cause is limited to unsubstantiated claims that they conducted an "investigation" to locate these three defendants for service. This investigation is neither delineated or described in an affidavit from a process server or investigator to substantiate this claim and allow this Court (and defendants) to assess whether it evidences good cause. All the record shows is that plaintiffs' counsel, for unspecified reasons after an unspecified investigation, served the wrong Fred Auzenne, Lisa Davis, and Deborah Lee, and that Auzenne and Davis actually live in Arizona. This information, however, came from Merck, not from an "investigation" by the plaintiffs. *See* Not. of Removal (D. Nev. Docket No. 1), ¶ 12; Statement Concerning Removal (D. Nev. Docket No. 10), § 2 (notifying plaintiffs of defendants' state of residence and correcting spelling of these defendants' names). Plaintiffs completely ignored this information and, several months after this case was removed to the this Court, attempted to serve individuals sharing these same names in Nevada. The result was that plaintiffs served the wrong people.[3]

Plaintiffs' efforts to serve these defendants were, at best, feeble, and certainly do not meet the required "good cause" needed to merit an extension for service. For example, plaintiffs did not even attempt to begin service until late December 2006—two months after this case was removed. More than 270 days have now passed since this case was removed on October 18, 2006, more than twice the 120 days allowed by Fed. R. Civ. P. 4(m).[4]

---

[3] After that service was made, Merck's counsel notified plaintiffs' counsel that he had served the wrong individuals. Exs. C – D, Letters from McCoy to Cottle.

[4] *See Remy v. HDR Engineering, Inc.*, 2005 WL 1925902, at *2 (E.D. Cal. Aug. 8, 2005) ("[t]he 120-day time period set out in Rule 4(m) starts to run upon removal to the federal district court") (citing *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir.2002)).

4

885712v.1

The summonses plaintiffs provided to the process server were also defective—they were not signed and sealed by the Court Clerk as required by Fed. R. Civ. P. 4. Exs. E-G, Summonses. This flagrant disregard of Fed. R. Civ. P. 4 is the antithesis of good cause is the equivalent of no attempt at service at all. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569-70 (3d Cir. 1996) (ignoring Rule 4's procedures for proper issuance of summons "does not constitute good cause" such that 120-day period for completing service should be extended)*; Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (quashing service of an unsigned and unsealed summons; such service as a "serious infraction" that "may demonstrate a flagrant disregard for the rules").

Such careless disregard for the rules governing service certainly does not demonstrate good cause for allowing an extension, but rather warrants dismissal of these three defendants. *Khorozian v. McCullough*, 186 F.R.D. 325, 328-29 (D.N.J. 1999) (dismissing complaint and denying plaintiffs' motion for extension to serve where only minimal attempts to serve defendants were made with summonses that were not signed and sealed by the Court Clerk); *Ayres*, 99 F.3d at 569-70 (affirming district court's order dismissing defendants served with summonses that were not signed and sealed by the Court Clerk); *see also Ruley*, 106 F.R.D. at 518 (defining inadvertence of counsel as carelessness, lack of attention, or negligence on the part of plaintiffs' attorney) (citations omitted). To the contrary, failure to serve the professional representatives is merely further proof that these defendants were fraudulently joined in an attempt to defeat diversity jurisdiction. *See Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002-LRR, 2006 WL 1004970, at *4 (N.D. Iowa Apr. 17, 2006) ("[T]he court concludes that failing to serve the Individual Defendants . . . proves that the joinder of the Individual Defendants was fraudulent.").

In sum, there is no "good cause," or any cause at all, to excuse plaintiffs' failure to serve these defendants. Plaintiffs' claims against these three individuals should be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to complete service. *See, e.g., Ruley*, 106 F.R.D. at

518 (dismissing complaint under predecessor to Rule 4(m) where service was made 155 days after complaint filed).

885712v.1

### C. Plaintiffs Are Not Entitled to Leave to Serve Defendants Auzenne, Davis, and Lee to Be Served by Publication.

Without devoting even a single line of their brief to the rule or case law governing the issue, plaintiffs request in the conclusion to their motion that, in addition to an extension of time to complete service, they be granted leave to serve these defendants by publication according to Nev. R. Civ. P. 4(e)(1). Although state law methods of service are permitted under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 4(e)(1), this request should be denied because plaintiffs have not met the rigorous standard required before leave to serve a defendant by publication can be granted in Nevada. Under Nevada law, leave to serve by publication is only appropriate once the plaintiff has established to the Court by affidavit that, after "due diligence," the defendant to be served cannot be found within the state or otherwise conceals himself to avoid service, that a cause of action against the defendants to be served with publication actually exists, and that these defendants are necessary and proper parties to the action. Nev. R. Civ. P. 4(e)(1). These requirements, which must be strictly construed and enforced[5]—were not met here.

Plaintiffs' single attempt at completing process on defendants Auzenne, Davis, and Lee by delivering a defective summons on the wrong individuals is insufficient, as a matter of law, to satisfy Nev. R. Civ. P. 4(e)(1)'s due diligence standard and support an order for service by publication. *See Gassett v. Snappy Car Rental*, 111 Nev. 1416, 1420, 906 P.2d 258, 261 (1995) (attempt at service that consisted of one visit to an old address before service by publication fails to demonstrate due diligence); *McNair v. Rivera*, 110 Nev. 463, 467, 874 P.2d 1240 (1994) ("The single effort [to complete service] referenced in the affidavit of due diligence clearly falls short of that required by NRCP 4(e)(1)(i)."). Far more is required to meet this standard: plaintiffs must show that they have exhausted *all available methods* to locate the unserved defendants and serve process. *See Browning v. Dixon*, 114 Nev. 213, 218, 954 P.2d 741, 744 (1998) ("routine checks" to locate a defendant are not enough to meet standard for leave to serve by publication; due diligence in attempting service was not exercised because plaintiff "ignored other reasonable

---

[5] *E.g.*, *Foster v. Lewis,* 78 Nev. 330, 372 P.2d 679 (1962) (Nev. R. Civ. P. 4(e)'s provisions for service by publication must be **strictly construed**).

methods" for locating the defendant); *Price v. Dunn*, 106 Nev. 100, 103, 787 P.2d 785, 787 (1990) (search of telephone directory, power company's list and telephone call to defendant's stepmother to ascertain a defendant's location do not satisfy the due diligence test because other reasonable methods for locating the defendant existed).

The Court should not credit plaintiffs' claims that they made "diligent effort" to locate Auzenne, Davis, and Lee for service. Plaintiff conclusory affidavits (none of which were even attached to their motions) do not enumerate what efforts plaintiffs made to locate these individuals, and are thus insufficient to support a finding of due diligence. *Foster v. Lewis*, 78 Nev. 330, 336, 372 P.2d 679, 682 (1962) ("the rule requires a statement of facts, as distinguished from legal conclusions from which the court can determine whether due diligence to find the defendant . . . has been exercised").

**III.  CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' motion, and should instead dismiss defendants Auzenne, Davis, and Lee pursuant to Fed. R. Civ. P. 4(m).

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

885712v.1

                            Kristina Pickering, No. 992
                            Denise Barton, No. 5579
                            Robert R. McCoy, No. 9121
                            Morris Pickering & Peterson
                            900 Bank of America Plaza
                            300 South Fourth Street
                            Las Vegas, Nevada  89101
                            Phone:  702-474-9400
                            Fax:       702-474-9422

Counsel for Merck & Co., Inc., Gerald Shaw, Serge Brunet, Tina Damore, Kerry Edwards, Neeraj Gulati, Karen Shouse, Ladon Silva, Julie Wurch, Misty Kuperman and Mary Tracey Philippi

885712v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **OPPOSITION TO PLAINTIFFS' MOTION TO ENLARGE TIME FOR SERVICE** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of July, 2007.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel

885712v.1