UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE |
| *All cases & Plaintiffs subject to* | * | JUDGE KNOWLES |
| *Exhibit A to Merck & Co., Inc.'s Rule* | * | |
| *and Incorporated Memorandum to* | * | |
| *Show Cause Why Cases Should Not* | * | |
| *Be Dismissed With Prejudice for* | * | |
| *Failure to Provide a Plaintiff Profile* | * | |
| *Form as Required by PTO 18C.* | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS
SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE ANY RESPONSE TO
THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Reply Memorandum in Further Support of Its Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Provide Any Response To The Plaintiff Profile Form as Required By Pre-Trial Order No. 18C.

**PRELIMINARY STATEMENT**

This Court must dismiss each of the above-referenced plaintiffs' ("Plaintiffs") claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed to comply with Pre-Trial Order No. 18C ("PTO 18C"), and because they have stonewalled discovery by failing to serve Plaintiff Profile Forms ("PPFs"), Authorizations, and PPF-related documents and by repeatedly serving grossly deficiency

PPFs. As noted in Merck's initial Memorandum, it is difficult to conceive of any action better designed to disregard the Court's Orders than providing no response at all. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming the District Court's dismissal of Plaintiff's Complaint for plaintiff's failure to timely respond to interrogatories). Furthermore, district courts have the power to dismiss cases for plaintiffs' failure to provide basic information about their claims. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229. When a party "demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted).

In the instant matter, Jeffrey J. Lowe P.C. and Carey & Danis, LLC (collectively "Carey & Danis") have failed to produce court-ordered discovery and have continually produced grossly deficient PPFs in violation of PTO 18C. Notwithstanding Carey & Danis' complete failure to provide the required PPFs or responsive PPFs, Plaintiffs' Counsel argues that dismissal with prejudice of the one hundred and seventy-six cases is unwarranted because: (A) Carey & Danis *do not believe* eighty (80) Plaintiffs have suffered cardiovascular events as defined by PTO 18C and are not required to provide a PPF; (B) twenty-eight (28) Plaintiffs have provided responsive PPFs as mandated by PTO 18C; (C) sixty-six (66) Plaintiffs claims should be dismissed without prejudice; (D) and two (2) plaintiff will provide their PPFs within three weeks of the date of their opposition. The names of these Plaintiffs are listed in Exhibits A – D, respectively to Plaintiffs' Opposition and in Exhibit A to Merck's initial Rule to Show Cause. Plaintiffs

2

cannot demonstrate that their failure to comply was due to inadvertence or an honest misunderstanding and, for the reason discussed below, their cases should be dismissed with prejudice.

## ARGUMENT

I.  **THE EIGHTY PLAINTIFFS WHO ARE NOW CLAIMING THEY DID NOT SUFFER A CARDIOVASCULAR EVENT AND, THEREFORE, ARE NOTREQUIRED TO PROVIDE A PPF, SHOULD BE DIRECTED TO DISCLOSE WHETHER THEY HAVE SUFFERED A "CARDIOVASCULAR EVENT" AS DEFINED BY PTO 18C**

PTO 18C defines a "cardiovascular event" as "a myocardial infarction, an ischemic stroke, or a death." (PTO 18C at 1.) The PTO sets due dates for the service of Plaintiffs' PPFs and related information. (PTO 18C ¶ 2.) Carey & Danis now maintains that "[they] *do* not *believe* [eighty] plaintiffs had [suffered] cardiovascular events" as defined by Pretrial Order 18C and are not required to provide a PPF. (Pls.' Mem. at 1.) These eighty Plaintiffs are identified in Exhibit A to Plaintiffs' Opposition. As a result, Plaintiffs argue that they have not violated PTO 18C. In addition, Carey & Danis states that they "do not want to enter a stipulation that these Plaintiffs never suffered" a cardiovascular event as defined by PTO 18C ("non-cv event stipulation") and that Merck will not be prejudiced if Plaintiffs are not required to provide a complete and verified PPF some time in the future. *Id.* This is simply not true.

Plaintiffs' argument is made in bad faith for a number of reasons. First, Counsel's argument contradicts the express allegations that three (3) Plaintiffs have set forth in their own Complaints, in which they expressly allege to have suffered "heart attacks," a cardiovascular event defined by PTO 18C. Second, Plaintiffs' claim that another fifty-two (52) cases are not "cardiovascular events" as defined by PTO 18C is wholly

inconsistent with the Complaints filed by Carey & Danis, which allege that each of these Plaintiffs suffered a cardiovascular-type injury or some other vague injury allegation that can be construed to be a cardiovascular event as defined by PTO 18C. Finally, because Carey & Danis has demonstrated a pattern of bad faith and disregard for this Court's orders by previously alleging non-cardiovascular injuries in other plaintiffs' complaints only to provide PPFs where plaintiffs later allege that they suffered cardiovascular events as defined by PTO 18C, the remaining twenty-five (25) Plaintiffs must be required to sign a stipulation in the form attached as Exhibit 3[1], that they are not claiming to have suffered a cardiovascular event as defined by PTO 18C.

### A.     *Plaintiffs specifically alleging a cardiovascular event.*

Plaintiffs' bad faith refusal to submit a PPF is plain in light of the actual allegations set forth in three Plaintiffs' complaints. The following table lists each of the Plaintiffs in question and their specific allegations. The allegations show that PTO 18C required these Plaintiffs to serve a PPF almost a year ago.

| PLAINTIFF | CASE NAME | ALLEGATION IN PLAINTIFF'S COMPLAINT |
|---|---|---|
| Anthony Mantley | Aldin, Rich v. Merck & Co., Inc. | "Heart Attack" (Mantley Complaint ¶ 3) |
| Larry Simpson | Bohlke, Charlotte v. Merck & Co., Inc. | "Heart Attack" (Simpson Complaint ¶ 10) |
| Eugene O'Neal | Robert Durant v. Merck & Co., Inc. | "Heart Attacks" (O'Neal Complaint ¶ 38) |

As identified above, Messrs. Mantley, Simpson, and O'Neal allege that they suffered a heart attack or in Mr. O'Neal's case multiple heart attacks, injuries clearly defined as a "cardiovascular event" by PTO 18C. In none of these three cases, however, have

---

[1] The Court in PTO 24 requires Louisiana and P*ro Se* plaintiffs, who claim that they do not need to provide a PPF pursuant to PTO 18C, to execute the same form.

Plaintiffs amended their Complaints or provided any additional evidence that they have not suffered myocardial infarctions.

It is simply inconsistent and unfathomable after receiving repeated warnings to produce complete and responsive PPFs, after having a year and a half to determine the precise nature of these Plaintiffs' injuries, and after failing to provide any response to Merck's notice letters, that Plaintiffs' Counsel now asserts that these Plaintiffs are not alleging cardiovascular events as defined by PTO 18C. This Court must enforce PTO 18C as written and dismiss the Complaints of Mantley, Simpson, and O'Neal.

### B. *Fifty-Two Additional Plaintiffs at Issue Likely Claim Cardiovascular Events.*

Plaintiffs' bad faith refusal to submit complete PPFs, Authorizations and PPF-related documents as mandated by PTO 18C for an additional fifty-two Plaintiffs plainly contradicts the allegations set forth in their Complaints. Attached hereto as Exhibit 1 is a chart that identifies each of the fifty-two Plaintiffs in question and their specific injury allegations. The allegations show that PTO 18C likely requires many, if not all, of these Plaintiffs to serve a timely PPF and PPF-related documents. These injury allegations include "cardiovascular problems," "heart and cardiovascular problems," "four bypass surgeries," "injury," and "damage." (*See* Ex. 1)  Indeed, Plaintiffs Counsels' argument that these fifty-two Plaintiffs now are not alleging to have suffered cardiovascular events as defined by PTO 18C, contradicts the allegations that Plaintiffs have set forth in their own Complaints, in which they have already claimed to have suffered "heart and cardiovascular problems" or alleged some other type of vague injury that may be construed to be a cardiovascular event as defined by PTO 18C.

As Exhibit 1 illustrates, without clarification, these allegations of injuries either fall or may fall within this Court's definition of cardiovascular event cases as outlined in PTO 18C. Indeed, not one of the fifty-two plaintiffs (or any of the eighty Plaintiffs) has provided Merck, or this Court, with any information or evidence to support their argument that these fifty-two (or eighty) claims do not involve a cardiovascular event. Without more information such as a PPF, Authorizations and medical records, Merck cannot determine Plaintiffs' specific injuries. Indeed, more than a year and a half and in some cases, more than two years have passed for Carey & Danis to investigate the claims of these Plaintiffs.

In light of the allegations in Plaintiffs' Complaints, if Carey & Danis have reasonably investigated the claims of these eighty Plaintiffs and have determined that each has not suffered a cardiovascular event as defined by PTO 18C, then they should be required to execute a non-cardiovascular event stipulation in the form ordered by this Court in PTO 24 or amend each of the fifty-two Complaint. Carey & Danis, however, has steadfastly refused to sign a stipulation, in the form similar to the one incorporated into PTO 24, that these Plaintiffs are not claiming a cardiovascular event. Plaintiffs' Counsel cannot have their cake and eat it too because as each day passes without a PPF, executed Authorizations, and medical and other records to investigate Plaintiffs' claims, Merck is prejudiced. *Infra* at 8. If Plaintiffs are unwilling to provide a non cv-event stipulation, then Merck and this Court can only assume that these individuals have suffered a "cardiovascular event" and therefore are required to comply fully with PTO 18C.

C.  *The Remaining Twenty-Five Plaintiffs Should Be Required To Execute the Non-CV Event Stipulation*

As identified in Exhibit 2 attached hereto, the remaining twenty-five (25) Plaintiffs identified in Plaintiff's Exhibit A allege some type of non-cardiovascular injury such as "Blood clots in leg" and/or in "feet" or in "thigh," "shortness of breath," "chest and leg pain," "kidney problems," etc.  While these cases appear to clearly fall outside PTO 18C, Plaintiffs must be ordered to sign a non-cv event stipulation for all of these Plaintiffs because Carey & Danis has demonstrated a pattern of bad faith and disregard for this Court's orders.

In the past, Carey & Danis have filed complaints where plaintiffs allege non-cardiovascular events (e.g., blood clots) as defined by PTO 18C, but later have served PPFs that indicate that plaintiff indeed suffered a stroke or heart attack as defined by PTO 18C.  For example, in Judy Brown's Complaint, filed on March 2, 2005, Carey & Danis claim that Mrs. Brown "developed blood clots" as a result of taking Vioxx. (Miles Compl. ¶ 11.)  However, in the PPF that Carey & Danis provided almost two years later on February 7, 2007, Ms. Brown's injury was defined as "blood clot, *stroke*, and other cardiovascular problems …" (Judy Brown PPF, LNFS #13731907) (emphasis added).  Likewise, Diane Kochel and Rebeca Fox also originally alleged to have only suffered "blood clots" in their complaints, but eventually provided PPFs years later that alleged "cardiovascular problems" and "cardiac … and other physical problems." (Andrews Compl. ¶ 10; Lucille Compl. ¶ 45; Diane Kockel PPF, LNFS #7672509; Rebecca Fox PPF, LNFS #7628361).  As a result of these actions, Plaintiffs must be required to complete the non-cv event stipulation attached as Exhibit 3.  Plaintiffs must state without tentative language now whether they are alleging a cardiovascular injury.  If

they are allowed to conceal highly relevant information about Plaintiffs injuries, they will further delay discovery and prejudice Merck.

> **D.     *Merck Will Be Prejudiced If Plaintiffs do not provide a PPF or execute a Non-CV Stipulation***

Because "plaintiffs do not believe that these [eighty] plaintiffs suffered a cardiovascular event" as defined by PTO 18C, Plaintiffs' counsel contends, that "there is very little harm to Merck, if during the course of discovery, it is determined that certain plaintiffs suffered a cardiovascular event" as defined by PTO 18C, and a PPF is then submitted. (Pls.' Mem. at 1-2.)  This interpretation is untenable in light of the mandatory language of PTO 18C, which requires Plaintiffs to submit a PPF by a date certain. (*See* PTO 18C ¶¶ 1-3.)  *Cf. In re Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) ("Defendants have a right to receive this information from claimants and claimants have a duty to provide the information timely.").  As time passes, memories fade, medical records are destroyed or misplaced, and witnesses die.  In fact, in Missouri, the state of residence for the majority of the Plaintiffs subject to the instant motion, health care providers are only required to preserve patients' medical records for seven years.  See V.A.M.S. 334.097.  As such, if it is determined *today* that a number of the Plaintiffs subject to this motion suffered a cardiovascular event in 1999 or 2000, it is very possible that Merck will be unable to collect any medical records at all to investigate Plaintiffs' claims thereby severely prejudicing Merck.

It is unfair to allow Plaintiffs to delay production of relevant information now and then surprise Merck long after PTO 18C requires the production of complete PPFs and supporting documents.  Carey & Danis should not be allowed to avoid the service and production requirements of PTO 18C.  This type of behavior obstructs the

pace of litigation and frustrates the purpose behind PTO 18C. (Tr. 1/3/06 Status Conference at 25-26.) The only way for Merck to scale Plaintiffs' stonewall is to serve discovery demands on each and every defendant in the MDL - a result that PTO 18C was intended to avoid.

Accordingly, the eighty Complaints of the Plaintiffs identified in Plaintiff's Exhibit A to their opposition should be dismissed with prejudice because they failed to provide a PPF as mandated by PTO 18C. In the alternative, each of the eighty Plaintiffs who are now alleging not to have suffered a cardiovascular event as defined by PTO 18C should be ordered to sign a stipulation, attached as Exhibit 3, that they are not claiming to have suffered a cardiovascular injury, just as required of Louisiana and *Pro Se* Plaintiffs under PTO 24.

## II. THE CLAIMS OF THE TWENTY-EIGHT PLAINTIFFS WHO FILED PPFS SHOULD BE DISMISSED BECAUSE THE SERVICE OF GROSSLY DEFICIENT PPFS CANNOT REASONABLY BE CONSIDERED GOOD FAITH COMPLIANCE WITH PTO 18C

In Exhibit B to Plaintiffs' Counsel's Opposition, Carey & Danis identifies twenty-eight (28) Plaintiffs whom they claim have provided responsive PPFs as mandated by PTO 18C and, accordingly, whose claims should not be dismissed. Despite this claim, however, five of the twenty-eight PPFs have not been provided to Merck[2] at all and seven of the twenty-eight continue to be grossly deficient.[3]

The PPFs provided by Ronald Lenhardt, Sr., Tammy McCullough, Geraldine

---

[2] Merck has been unable to locate PPFs for the following: Jack Davis, Stephen Vincent, Elisha Scott, Justin Eads, and Shirley Miller.
[3] Fifteen of the twenty-eight plaintiffs identified in Plaintiffs' Exhibit B to their Opposition have provided Merck with sufficiently complete PPFs pursuant to PTO 18C. As such, on July 24, 2007, Merck has filed Notices to Withdraw its application as to these Plaintiffs.

885719v.1

Moore, James Steele, Jr., Roger Walker, Darrel G. Christ, and Melvin Henry[4] lack basic and essential information including, but not limited to the nature of their injuries, the date of their alleged Vioxx injuries, Vioxx use dates, medical background, etc. Specifically, Plaintiff's counsel repeatedly uses the phrases "plaintiffs will supplement" or "see medical records" to avoid answering key questions throughout these PPFs. (*See* Exs. 4-11.) Moreover, additional information regarding their medical history and past medical providers is either not provided or incomplete.

Any argument by Plaintiffs that these PPF responses are sufficient is wholly meritless. This Court has repeatedly held that complete responses to *all* PPF questions are required and has dismissed cases for failure to comply fully with PTO 18C. (Ct. Order 12/4/06; Ct. Order 10/26/06; Ct. Order 3/27/07; Ct. Order 4/12/07; PTO 18C at 1-2.) In fact, Rule 37 states that an "evasive or incomplete disclosure, answer, or response shall be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). Moreover, a Plaintiff's memory, even if imperfect, is not a sufficient excuse for refusing to answer discovery. *See Bryant v. United States ex rel. U.S. Post Office*, 2006 WL 305661, at *3-4 (6th Cir. Feb. 9, 2006) (affirming district court's dismissal of plaintiff's complaint under Rule 37 for plaintiff's alleged bad memory with regard to her medical history).

Without a complete PPF, Authorizations, and medical and other records, Merck lacks critical information regarding Plaintiffs' claims to properly defend against Plaintiffs' claims. In fact, each of the thirteen PPFs were due more than ten months ago and Plaintiffs have had more than enough opportunity to provide complete PPF

---

[4] In addition to providing a grossly deficient PPF, Mr. Henry also failed to provide executed Authorizations.

responses. Rule 26(g)(2) requires counsel to certify that every discovery response is, to the best of counsel's knowledge, "consistent with the [Federal] rules" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 26(g)(2)(A) & (B). The PPFs provided by Carey & Danis do not comport with this Rule. When a party "demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted). Moreover, nothing in PTO 18C excuses Plaintiffs from answering discovery in good faith and failure to do so should result in dismissal. Accordingly, the claims of Ronald Lenhardt, Sr., Tammy McCullough, Geraldine Moore, James Steele, Jr., Roger Walker, Darrel G. Christ, and Melvin Henry should be dismissed with prejudice.

As briefly stated above, Carey & Danis represented to this Court that the PPFs for Jack Davis, Stephen Vincent, Elisha Scott, Justin Eads, and Shirley Miller were completed and served. Despite this representation, Carey & Danis has failed to provide these PPFs. Accordingly, the Complaints of these five Plaintiffs should also be dismissed with prejudice.

### III. THE COMPLAINTS OF THE SIXTY-SIX PLAINTIFFS IDENTIFIED IN EXHIBIT C TO PLAINTIFFS' OPPOSITION SHOULD BE DISMISSED WITH PREJUDICE

Regarding Exhibit C, Carey & Danis request that this Court dismiss sixty-six (66) cases without prejudice. (A full list of these Plaintiffs has been attached as Ex. 12). For many months, as noted in Merck's original motions papers, Merck has worked diligently with Carey & Danis in providing numerous extensions. During this time Merck worked

11

885719v.1

with Carey & Danis to secure stipulations of voluntarily dismissal for delinquent Plaintiffs and agreed to voluntarily dismiss over 30 plaintiffs without prejudice. The time for the claims of these sixty-six plaintiffs to be dismissed without prejudice, however, has long passed. Carey & Danis has had ample time to provide Merck with stipulations of voluntary dismissal for these plaintiffs, but never did. Carey & Danis' inaction forced Merck to file its Rule to Show Cause and Merck can no longer agree to dismiss these cases without prejudice.

Presumably, the reason Carey & Danis have agreed to dismiss the claims of these sixty-six Plaintiffs is because they have no claims against Merck and/or have not responded to their Counsels' communication regarding the providing PPFs and PPF-related documents. In either case, dismissal with prejudice is warranted. Further, dismissal of these Plaintiffs with prejudice will serve to appropriately penalize Carey & Danis for their non-compliance and will also encourage other plaintiffs to work with Merck to amicably resolve these cases as efficiently as possible and ensure that Plaintiffs interested in participating in this litigation will comply with this Court's case management orders. Therefore, in light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C and Merck's warning letters and extensions, Merck respectfully urges the Court to enforce the order as written and dismiss Plaintiffs' cases with prejudice.

IV. **PLAINTIFFS' COUNSEL SHOULD NOT BE AFFORDED ANY MORE EXTENSIONS TO PROVIDE DELINQUENT PPFs**

Regarding Exhibit D to Plaintiffs' Opposition, Carey & Danis claims that Oliver Ainsworth and Betty Jean Shepherd will submit completed PPFs within three weeks. (Pl. Mem. at or ¶ 2.) Plaintiffs' request for an additional extension is untenable in light of the

885719v.1

mandatory language of PTO 18C, which requires Plaintiffs to submit a PPF by a date certain. (*See* PTO 18C ¶¶ 1-3.) PTO 18C further provides that only one twenty-day extension of time be provided to Plaintiffs who fail to timely serve a fully responsive PPF and also mandates that "[n]o other extensions will be granted." (*Id.* ¶ 4.) Despite having received three separate extensions and having almost a year to complete their PPFs, these Plaintiffs failed to provide a single document, medical record, or Authorization for the release of records.[5]

Unquestionably, Plaintiffs' failure to provide a PPF, a single Authorization, or a single medical record, despite three notices and extensions from Merck, demonstrates a willful disregard for PTO 18C. Indeed, any ruling short of dismissal with prejudice would not only encourage other Plaintiffs to disregard this Court's Orders regarding discovery, but also reward Plaintiffs who ignore both Merck's notices and their own counsel's requests to comply with this Court's Orders. Finally, contrary to Plaintiffs' statements, Merck has and will be prejudiced by Plaintiffs' non-compliance. Without a complete PPF and Authorizations, Merck cannot investigate Plaintiffs' claims or gather the information needed to properly defend itself. Moreover, as stated above, as time continues to pass without complete, responsive PPFs and signed Authorizations, Merck is prejudiced because memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die.

If, despite Plaintiffs' abuse, this Court is amendable to providing these two Plaintiffs with an additional three week extension from the hearing on July 27, 2007 to August 17, 2007, then Merck respectfully requests that this extension only be provided

---

[5] In addition, it should be noted that Plaintiffs have already been provided in effect an additional thirty-day extension from the filing of Merck's instant Rule to provide their PPFs, Authorizations, and medical and other records, but they have still not done so.

on the condition that these cases will automatically be dismissed with prejudice at the end of the extension period in the event of non-compliance.  Therefore, if Plaintiffs fail to serve by August 17, 2007 (1) a "complete and verified" PPF; (2) a complete set of signed Authorizations; and (3) all relevant and available PPF-related medical records, including Plaintiff's death certificate and coroner's report (if applicable) in accordance with PTO 18C, then Plaintiffs' Complaints will be automatically dismissed with prejudice upon the filing of an affidavit on non-compliance by Merck's counsel.

## V.     PTO 18B SUPERSEDED LOCAL CIVIL RULE 37.1

Plaintiffs maintain that Merck's present Motion is premature because Merck has not complied with Eastern District of Louisiana Local Civil Rule 37.1E, which requires opposing counsel to meet and confer, in person or by telephone, before moving for discovery sanctions and to file a certificate of compliance.  (Pls.' Mem. at 12.)  First, PTO 18C supersedes Local Civil Rule 37.1E.  Rule 16 affords this Court "wide discretion" to manage discovery in so-called "mass tort" actions.  *Acuna*, 200 F.3d at 340.  This coordinated proceeding comprises thousands upon thousands of cases representing thousands upon thousands of Vioxx users.  It would be extraordinarily burdensome for Merck to meet and confer with scores of counsel every month and generate certificates summarizing the results of each conference.  This Court therefore established a mechanism under which Merck's counsel would notify Plaintiffs' counsel of deficiencies by fax or electronic mail.  (PTO 18B ¶ 4.)  Plaintiffs' counsel would then have twenty days to respond to the deficiencies asserted.  (*Id.*)  *See Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (establishing procedures to efficiently address the claims of thousands of plaintiffs nationwide).  Moreover, Merck refers this Court to Exhibits B – H of its initial moving papers as examples of some of the facsimiles and electronic mail

14

transmissions that have been provided to Cary & Danis in an effort to resolve the issues relating to the instant motion. Accordingly, Plaintiffs' argument is without merit.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to dismiss Plaintiffs' claims with prejudice both for their failure to provide responsive and complete PPFs in compliance with PTO 18C and for their continued wanton and dilatory behavior.

DATED: July 24, 2007

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

885719v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of July, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

885719v.1