UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to:* | JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| All Plaintiffs Subject to Merck & Co. Inc.'s Pending Rules and Incorporating Memoranda to Show Cause Why Cases Should Not be Dismissed With Prejudice for Failure to Provide a Plaintiff Profile Form as Required by PTO 18C | |

**THE PLAINTIFFS' STEERING COMMITTEE, AS *AMICUS CURIAE*, BRIEF IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S RULE TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED FOR PROVIDING GROSSLY DEFICIENT PLAINTIFF PROFILE FORMS IN CONTRAVENTION OF PRETRIAL ORDER NO. 18(C)**

I. **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") respectfully submits this brief as *amicus curiae* to the Court in opposition to defendant Merck & Co., Inc.'s Rule to Show Cause Why Cases Should Not be Dismissed for Providing Grossly Deficient Plaintiff Profile Forms in Contravention of Pretrial Order No. 18(c). Whereas Merck's characterizations of the sufficiency of each plaintiffs' profile form demands individuated attention, Merck has aggregated those plaintiffs subject to its motion in an effort to avoid its burden of proving that the ultimate sanction of dismissal is warranted for each plaintiff. The motion does not set forth with specificity the purported deficiencies so that the PSC or this court could address the issues for which a draconian sanction of dismissal is sought.

1

More importantly, even if some deficiency was proven for each of the plaintiffs at issue, Merck should still not be entitled to the ultimate sanction of dismissal without first obtaining a court order compelling more sufficient answers. Without first offering the subject plaintiffs an opportunity to cure any judicially determined defect (as opposed to a purported deficiency pronounced by Merck), there is a significant risk of prejudice to the plaintiffs who will not have their cases determined on their merits when a less drastic sanction of compulsion is available to Merck.

Because the draconian sanction of dismissal is the first and only sanction requested by Merck, it is beyond cavil that the present motion overreaches and should be denied.

## II. BACKGROUND

When the Judicial Panel for Multidistrict Litigation instituted this consolidated litigation, it did so with the expectation that this Court would efficiently administer the burgeoning number of Vioxx cases pending within the federal judiciary. As only a small part of its effort to discharge its responsibility, this Court entered its pretrial order addressed to Plaintiff Profile Forms and Authorizations and Merck's Profile Form, *i.e.*, Pretrial Order No. 18 (entered August 4, 2005). Pretrial Order No. 18 has been amended on several occasions with the result that the current operative Pretrial Order addressing plaintiff profile forms is PTO No. 18(c) (entered June 26, 2006). As it applies to plaintiffs, the order is intended to permit Merck initial discovery limited to the Plaintiff Profile Form and medical authorizations. Because of the probing nature of the Plaintiff Profile Form, the Court permitted this type of inquiry over ordinary forms of discovery, such as interrogatories and document requests. *See* PTO No. 18(c). In particular, paragraph 4 of PTO No. 18(c) states:

> Plaintiffs who fail to provide complete and verified PPFs, signed and
> dated Authorizations, and all responsive documents requested in the

>PPFs within the time period set forth herein above shall be given notice by email or fax from defendants' Liaison Counsel or his designee or should be given twenty (20) additional days to cure such deficiency. No other extensions will be granted.

Whereas Merck contends in its motion that it followed the protocol established by PTO No. 18(c) by providing the responding plaintiffs notices of deficiency and an opportunity to cure, it argues that because the Order provides that "no other extensions will be granted," that dismissal is the only sanction applicable to plaintiffs that Merck alone has designated as non-compliant. Plaintiffs in this MDL are not "enemy combatants" and Merck cannot be the sole arbiter of whether the Plaintiff Profile Forms are properly filled out or grossly deficient. Only through judicial review can that determination be made. It follows that because it is only an initial judicial review, a finding of insufficiency should not automatically result in dismissal.

The Federal Rules of Civil Procedure are designed to provide for the just, speedy and inexpensive determination of legal disputes on their merits. See Fed.R.Civ.P. 1. Automatic dismissals of legal claims without a judicial determination of non-compliance with a court order and an opportunity to cure, prior to a sanction being imposed, is extraordinary. It would not ordinarily occur in binary litigation, and should not occur in this MDL. The ordinary and proper procedure that should apply to binary litigation should apply to the subject cases as well. Merck's motion improperly seeks to impose the ultimate sanction of dismissal first, without any prior determination by this Court of insufficiency or an opportunity to cure. To expedite the dismissal of plaintiffs' claims under the circumstances suggested by Merck is tantamount to a depravation of plaintiffs' due process rights and would present a clear error of law under existing jurisprudence.

### III. ARGUMENT

The federal judiciary operates under the presumption that all claims should be adjudicated

on their merits, not on procedural or technical grounds. The United States Supreme Court has abided by this concept especially in the context of discovery disputes. For example, in *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958), the United States Supreme Court held that Rule 37 "should not be construed to authorize dismissal of [a] complaint because of petitioner's non-compliance with pretrial production order when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of petitioner." This seminal reasoning echoed again in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976), where the United States Supreme Court upheld the dismissal by a district court of a complaint because of the plaintiffs' "flagrant bad faith" and their counsel's "callous disregard" of their responsibilities." *Id.* at 643. Both *Societe Internationale* and *National Hockey League* suggest that only flagrant, bad faith warrants the ultimate discovery sanction of dismissal for non-compliance with ordinary discovery.

It therefore follows that only in the face of repeated failure to comply with a court's directive is it permissible for a district court to dismiss a claim. Indeed, in *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 338, (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000), the Fifth Circuit upheld the dismissal of plaintiff's claims where the plaintiffs failed in discovery to provide basic information but only <u>after</u> the magistrate judge made a determination that the plaintiffs' discovery efforts were insufficient. In *Acuna*, "the magistrate judge found that the affidavits did not comply with the scheduling order, reiterated some of the requirements of the order, and gave plaintiffs an additional month to comply." *Id.*, 200 F.3d at 338. Only after the failure to comply with the magistrate judge's order did the district court dismiss the action. That dismissal was later upheld by the Fifth Circuit. In contrast, to the present situation, Merck seeks to jump directly to the dismissal of the action

without first providing the responding plaintiffs an opportunity for a judicial review of the sufficiency of their PPFs and an opportunity to cure in the event of such a finding. Under these circumstances, absent even the suggestion of bad faith or a callous disregard by plaintiffs' counsel, the ultimate sanction of dismissal of these actions is unwarranted.

Some circuit courts entertain a more refined analysis of the *National Hockey League* considerations when addressing motions for discovery sanctions like Merck's. For example, the Ninth Circuit in *In re Phenylpropanolamine ("PPA") Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006), recognized several factors that must be weighed prior to deciding whether to dismiss a case for failure to comply with a discovery order. Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 1226. Even a cursory review of these factors suggest that the draconian sanction of dismissal is not warranted under the present circumstances.

First, while the public has an interest in expeditious resolution of litigation, this MDL is only two and half years old with discovery still ongoing and the Court only recently indicating its interest in 28 U.S.C. §1407 remands back to transferor courts. Given these facts, the public's interest is still met in this litigation without resorting to the sudden termination of litigation requested by Merck.

Second, the Court's need and ability to manage its docket is undisputed. *See In re Vioxx Products Liability Litigation*, 2006 WL 1726675, *2 (5th Cir. May 26, 2007)(discussing the "commendable effort of this able district judge"). Indeed, the Court's pretrial orders have effectively managed this litigation and only a small fraction of claimants are even accused by Merck as being non-compliant. The threat to this Court's authority, by permitting the accused non-

5

compliant plaintiffs judicial review of Merck's accusations and an opportunity to cure if the accusations prove true, will not meaningly affect this Court's abilities to effectively administer the MDL.

Third, the risk to Merck is limited. Since Merck has publicly been on the record as intending to try every case, there is no prejudice to Merck to allow each case to be tried on its merits without resorting to gamesmanship or expediting judgments based upon Merck's determination alone that claimant's Plaintiff Profile Forms are insufficient. There is little risk to Merck to have this Court conduct an initial review of the PPFs to determine their sufficiency and then, and only then, if a deficiency is found, to allow plaintiffs an opportunity to cure their PPFs prior to a renewed motion for sanctions. As the Fifth Circuit has stated in this very litigation on application of Merck: "Traditional procedural protections are not limitlessly malleable. If staying within those traditional constraints takes more time than jumping their traces, that is not justification for doing so. The time it takes is the time it takes." *Id.*, 2006 WL 1726675, *3.

The fourth factor governing the public policy favoring disposition of cases on the merits weighs in favor of allowing plaintiffs to be judicially determined to have deficient PPFs an opportunity to cure their claims. *See Acuna, supra.*

Finally, the availability of less drastic sanctions is obvious. This Court should first make a judicial determination that Merck is in fact correct, *i.e.*, the Plaintiff Profile Forms at issue are, in fact, deficient. If such a determination is made, then an order compelling plaintiffs to comply with PTO No. 18(C) should issue. An order of compulsion is a far less drastic sanction than dismissal and may be all that is necessary to ensure compliance with the Court's directives.

All things considered, Merck's effort to snap-up a judgment of dismissal in these individual

actions, without appropriate measures and checks to ensure that the plaintiff's claims have received due process is excessive and overreaching.

## IV.   CONCLUSION

Merck's motion to issue a rule to show cause why these claims should not be dismissed overreaches. Merck seeks the "brass ring" of dismissal without first making any meaningful effort to compel plaintiffs to comply with the Federal Rules of Civil Procedure or this Court's directive. Simply because this litigation is aggregated in the multidistrict litigation context provides no justification for leap-frogging the due process rights of the plaintiffs at issue. Merck should be required to first obtain an order compelling plaintiffs to provide more sufficient answers if, in fact, this Court determines their PPFs to be deficient. Only after an opportunity to cure any judicially determined PPFs found to be deficient is not met, is the sanction of dismissal warranted. Since Merck has sought only the final sanction and avoided the less drastic, intermediate order of compulsion, the present motion should be denied.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: July 25, 2007

By: /s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC 20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028 (telecopier) |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of July, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:    (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com