UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

JOINT REPORT NO. 26 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 26.

I.      STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court

cases set for trial through December 31, 2007:  The *Kozic* case is set for September 17, 2007 in

Tampa, Florida.  Additionally, the *Appell/Arrigale* case is set for September 17, 2007 in the

California Coordinated proceeding, in the California Superior Court, Los Angeles County.  In

October, *Zajicek* is set for October 22 in Jackson County, Texas; and *Donohoo* is set for October

29, 2007 in Madison County, Illinois.  The Superior Court for Atlantic County, New Jersey, is

planning four trials involving a total of ten cases to commence in October 2007, but there is no

886020v.1

firm date yet.  A trial date of November 26, 2007 has been set in the California Coordinated proceeding, in the California Superior Court, Los Angeles County, for a case to be selected from a pool of cases.

## II.    FURTHER PROCEEDINGS IN THE EARLY TRIAL CASES

On June 28, 2007, the Court entered Judgment in the *Barnett* case.  Thereafter, on July 13, 2007, Merck filed a Motion for New Trial.  Plaintiffs intend to oppose the motion and have discussed a briefing schedule with Merck.  Merck has consented to Mr. Barnett filing an opposition on or before August 10, 2007.  The parties will advise the Court and be prepared to discuss this further at the monthly status conference on July 27, 2007.

## III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed and submitted to the Court and the parties await a hearing date to be set for oral argument.  The parties will be prepared to discuss this further at the monthly status conference on June 28, 2007. The Court has indicated that this motion will be addressed at a later date.

## IV.    DISCOVERY DIRECTED TO MERCK

On July 3, 2007, the Court entered an Order filing the Special Master's Report and Recommendations into the record.  On July 18, 2007, in accordance with the procedure previously established by the Court, Merck filed under seal and *in camera* a Motion to Adopt in Part the Special Master's Report and Recommendations.  On July 18, 2007, the PSC filed a Response to the July 3, 2007 Order Regarding Report and Recommendations of Special Master

Rice.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2007.

## V.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

On July 24, 2007, the PSC issued deposition notices for Governor Haley Barbour and Governor Mitchell E. Daniels, Jr., together with a subpoena request for documents, and for records only depositions of National Governors Association, National Conference of State Legislators, American Legislative Exchange Council and The Council of State Governors. These discovery requests were issued in connection with Merck's Motion for Summary Judgment in the Arnold and Gomez cases.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.  The parties await further rulings from the Court.

## VI.    DEPOSITION SCHEDULING

Merck has noticed the *de bene esse* depositions of the following current Merck employees on the below listed dates:  Dr. Alise Reicin for August 29 and 30, 2007; Dr. Briggs Morrison for September 5 and 6, 2007; and Dr. Eliav Barr for September 24 and 25, 2007. Merck advises that it intends to cross-notice these depositions nationwide, except in New Jersey (Judge Higbee in New Jersey has declared that the depositions will not have effect in New

Jersey).   Merck has withdrawn its request to schedule two *de bene esse* depositions, those of

Drs. Kim and Rarick.  The PSC has requested a discovery deposition prior to the taking of the *de*

*bene esse* depositions of Drs. Barr and Reicin.  Merck disputes the need for any further discovery

depositions, but has agreed to make Dr. Reicin available for one (1) additional day for a

discovery deposition.  The parties have certain scheduling disputes which they will discuss with

the Court.  In addition the PSC and Merck have agreed to place the *de bene esse* deposition and

discovery deposition of Dr. Greene on hold until further notice. The parties will be prepared to

address this further at the monthly status conference on July 27, 2007.

The PSC advises that it is attempting to notice depositions to facilitate completion

of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues

arise regarding the scheduling of depositions.

VII.    <u>PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM</u>

Following the June 2007 monthly status conference, Merck filed five Rules to

Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs or for submitting

grossly deficient PPFs in contravention of Pre-Trial Order 18C.  On July 25, 2007, the PSC filed

an *Amicus Curiae* brief in opposition to Merck's various Rules to Show Cause Why Cases

Should Not Be Dismissed.  The rules are set for hearing following the monthly status conference

on July 27, 2007.

VIII.    <u>STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE</u>

Representatives of the PSC and the State Liaison Committee have had several

communications.  The parties will be prepared to discuss this further at the monthly status

conference on July 27, 2007.

886020v.1

IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On July 5, 2007, the Court entered Pre-Trial Order No. 25 which sets forth the terms of *pro se* plaintiffs' access to the PSC document depository.  Since the entry of the Order, the PSC has received a number of communications from various *pro se* claimants.  The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov.

X.   IMS DATA

Counsel for IMS and the PLC continue to discuss further production of IMS data.  The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2007.

XI.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b).  Plaintiffs intend to oppose the motion and have discussed a briefing schedule with Merck.  Merck has consented to plaintiffs filing an opposition

- 5 -

on or before July 27, 2007.  Merck has agreed to file a reply on or before August 1, 2007.

Further, the PSC has issued discovery requests to third parties, Governor Haley Barbour,

Governor Mitchell E. Daniels, Jr., National Governors Association, National Conference of State

Legislators, American Legislative Exchange Council and The Council of State Governors (see

Section V. herein).  The parties will advise the Court and will be prepared to discuss this matter

further at the monthly status conference on July 27, 2007.

XII.    TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile

Forms submitted with Tolling Agreements and requested that a stipulation be worked out

regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed

cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum.  On

March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form.  The PSC is

reviewing the information and will be providing a response to DLC.  PLC and defense counsel

have discussed this issue and continue to discuss it.

XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of

Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in

Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice.  The

PSC is attempting to secure agreements from other states similar to the agreement reached with

the State of Texas MDL PSC.  The PSC will be prepared to discuss this further at the monthly

status conference on July 27, 2007.

886020v.1

XIV.   VIOXX SUIT STATISTICS

As of June 30, 2007, Merck had been served or was aware that it had been named as a defendant in approximately 26,950 lawsuits, which include approximately 45,225 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and in approximately 266 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 8,575 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,400 lawsuits representing approximately 16,400 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of June 30, approximately 14,450 claimants had entered into Tolling Agreements with the Company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 4,620 plaintiff groups have been dismissed as of June 30.  Of these, there have been more than 1,170 plaintiff groups whose claims were dismissed with prejudice (*i.e.*, they cannot be brought again) either by plaintiffs themselves or by the courts.  More than 3,450 additional plaintiff groups have had their claims dismissed without prejudice (*i.e.*, they can be brought again).

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

886020v.1

XV.     MERCK INSURANCE

Since the 30(b)(6) Deposition took place on May 23, 2007, the PSC is further reviewing materials and will advise Merck regarding issues involving the PSC's request for discovery concerning Merck insurance coverage and the arbitration/dispute resolution matters.

XVI.    MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months.  The matter is not yet set for hearing.  Merck has advised that it will be filing responsive pleadings. The parties will be prepared to discuss this further at the monthly status conference on July 27, 2007.

**NEW ITEMS**

XVII.   OXFORD/VICTOR DATA

The PSC has requested that Merck and Oxford provide information relative to Protocol 203 and other items related to VICTOR.  Merck has advised the PSC that it has produced all VICTOR-related materials in its possession.  On July 3, 2007, Merck's counsel sent correspondence to PLC enclosing a comprehensive index memorializing these productions and copies of transmittal letters regarding same.  Merck advises that it has requested from Oxford the data underlying the upcoming article to be published in the *New England Journal of Medicine*, but it has not yet received any additional data from Oxford that it has not already produced to the PSC.  Merck has agreed to produce to the PSC any additional data received from Oxford when it is received by Merck.  Merck's counsel and Liaison Counsel in the New Jersey Coordinated Litigation jointly agreed on the terms of a letter sent to Oxford concerning these issues.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2007.

886020v.1

- 9 -

XVIII. NEXT STATUS CONFERENCE

        PLC and DLC will be prepared to schedule the next status conference, on a date

to be selected by the Court.

                             Respectfully submitted,


/s/ Leonard A. Davis_____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**


/s/ Dorothy H. Wimberly_____
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

886020v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 26 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of July, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

886020v.1