# EXHIBIT "2"

# EXHIBIT "2"

1  MORRIS PICKERING & PETERSON
   Kristina Pickering, No. 992
2  Denise Barton, No. 5579
   Robert R. McCoy, No. 9121
3  900 Bank of America Plaza
   300 South Fourth Street
4  Las Vegas, Nevada  89101
   Telephone:  (702) 474-9400
5  Facsimile:   (702) 474-9422

6
   Attorneys for Defendants
7  Merck & Co., Inc., Gerald Shaw,
   Serge Brunet, Tina Damore, Kerry
8  Edwards, Neeraj Gulati, Nancy Moredock,
   Karen Shouse, Ladon Silva, Julie Wurch,
9  Misty Kuperman, Mary Tracey Philippi,
   Fred Auzenne, Deborah Lee, and Lisa Davis
10

11            IN THE UNITED STATES DISTRICT COURT

12                   DISTRICT OF NEVADA

13  RICHARD BOOTH, a Nevada resident;     )  Case No. 2:07-cv-00470-JCM-LRL
    KEN VU, a Nevada resident; ARCHIE     )
14  DANIEL, a Nevada resident; KURT       )
    SCHLOSS, a Nevada resident; JOHN      )
15  KATSIBUBAS, a Nevada resident; APRIL  )
    KATSIBUBAS, a Nevada resident,        )
16                                        )
                                          )
17                Plaintiffs,             )
                                          )
18  vs.                                   )  **ANSWER OF DEFENDANTS**
                                          )  **FRED AUZENNE, DEBORAH**
19  MERCK & COMPANY, INC., a foreign      )  **LEE, AND LISA DAVIS**
    corporation; WAL-MART STORES, INC.;   )
20  LONGS DRUG STORES CALIFORNIA,         )
    INC.; COSTCO WHOLESALE                )
21  CORPORATION; AMERICAN DRUG            )
    STORES, INC., d/b/a JEWEL-OSCO; LISA  )
22  DAVIS, a Nevada resident; MISTY       )
    KUPERMAN, a Nevada resident; RICKY    )
23  GULATI, a Nevada resident; FRED       )
    AVUENE, a Nevada resident; SERGE      )
24  BRUNRY, a Nevada resident; DEBBIE     )
    LEE, a Nevada resident; KAREN SHOUSE, )
25  a Nevada resident; NANCY MOREDOCK,    )
    a Nevada resident; JERRY SHAW, a      )
26  Nevada resident; KERRY EDWARDS, a     )
    Nevada resident; TINA DIMORE, a       )
27  Nevada resident; TRACEY PHILLIPI, a   )
    Nevada resident; JULIE WURCH, a       )
28  Nevada resident;                      )

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1  Nevada resident; LADON SILVEA, a )
   Nevada resident; ROE INDIVIDUAL )
2  PHARMACISTS 1 TO 50; ROE BUSINESS )
   ENTITIES 1 TO 100, inclusive, AND DOES )
3  1 TO 50 inclusive, )
                                       )
4                Defendants. )
                                       )
5  _____)

6        Defendants Fred Auzenne (incorrectly sued as "Fred Avuene"),

7  Deborah Lee (incorrectly sued as "Debbie Lee"), and Lisa Davis ("defendants"),

8  answer the Complaint as follows:

9                **RESPONSE TO "INTRODUCTION"**

10       *       Defendants deny each and every allegation directed at them in

11 the unnumbered introductory paragraph of the Complaint except admit that

12 Merck manufactured, marketed, and distributed the prescription medicine Vioxx

13 in a manner consistent with the relevant United States Food and Drug

14 Administration ("FDA")-approved prescribing information until it voluntarily

15 withdrew Vioxx from the worldwide market on September 30, 2004, that Merck

16 employed professional representatives to have product discussions involving

17 Vioxx with health care providers, and that they are or were employed by Merck.

18 Defendants lack knowledge or information sufficient to form a belief as to the

19 truth or falsity of the allegations not directed toward them in that paragraph.

20       1.      Defendants lack knowledge or information sufficient to form a

21 belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

22       2.      Defendants lack knowledge or information sufficient to form a

23 belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

24       3.      Defendants lack knowledge or information sufficient to form a

25 belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

26       4.      Defendants lack knowledge or information sufficient to form a

27 belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7.      The allegations in paragraph 7 of the Complaint are legal conclusions and are not directed toward defendants and therefore no responsive pleading is required. Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

8.      Defendants deny each and every allegation directed at them in paragraph 8 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

9.      Defendants deny each and every allegation directed at them in paragraph 9 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

10.     Defendants deny each and every allegation directed at them in paragraph 10 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

11.     Defendants deny each and every allegation in the first sentence of paragraph 11 of the Complaint except admit that Merck marketed the prescription medicine Vioxx and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals. Defendants further admit that they are or were employed by Merck. The allegations in the second and third sentences of that paragraph are

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

1  legal conclusions are to which no responsive pleading is required. Should a

2  response be deemed required, defendants deny each and every allegation in the

3  second and third sentences of that paragraph.

4         12.    The allegations in paragraph 12 of the Complaint are not

5  directed toward defendants and therefore no responsive pleading is required.

6  Should a response be deemed required, Defendants lack knowledge or

7  information sufficient to form a belief as to the truth or falsity of the allegations in

8  that paragraph.

9         13.    Defendants deny each and every allegation in paragraph 13 of

10 the Complaint except admit that Merck is authorized to do business in Nevada,

11 and aver that it is a New Jersey corporation with its principal place of business in

12 New Jersey. Defendants further admit that Merck manufactured, marketed, and

13 distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx

14 from the worldwide market on September 30, 2004.

15        14.    Defendants deny each and every allegation directed at them in

16 paragraph 14 of the Complaint. Defendants lack knowledge or information

17 sufficient to form a belief as to the truth or falsity of the allegations not directed

18 toward them in that paragraph.

19        15.    The allegations in paragraph 15 of the Complaint are not

20 directed toward defendants and therefore no responsive pleading is required.

21 Should a response be deemed required, Defendants lack knowledge or

22 information sufficient to form a belief as to the truth or falsity of the allegations in

23 that paragraph.

24        16.    Defendants deny each and every allegation directed at them in

25 paragraph 16 of the Complaint except admit that they were employed by Merck

26 as professional representatives to have product discussions concerning Vioxx

27 with health care professionals. Defendants further admit that Merck

28 manufactured, marketed, and distributed the prescription medicine Vioxx until it

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

1  voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

2  Defendants lack knowledge or information sufficient to form a belief as to the

3  truth or falsity of the allegations not directed toward them in that paragraph.

4          17.    The allegations in paragraph 17 of the Complaint are not

5  directed at defendants, and therefore no response is required.  Should a response

6  be deemed required, defendants deny each and every allegation directed at them

7  in that paragraph except admit that Merck manufactured, marketed, and

8  distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx

9  from the worldwide market on September 30, 2004.  Defendants lack knowledge

10 or information sufficient to form a belief as to the truth or falsity of the

11 allegations not directed toward them in that paragraph.

12         18.    The allegations in paragraph 18 of the Complaint are not

13 directed at defendants, and therefore no response is required.  Should a response

14 be deemed required, defendants deny each and every allegation in that

15 paragraph except admit that Merck is a leading research-driven pharmaceutical

16 products and services company that researches, discovers, develops,

17 manufactures and markets a broad range of innovative pharmaceutical products

18 to improve human health, that it is a New Jersey corporation with its principal

19 place of business in New Jersey and that it is authorized to do business in

20 Nevada.  Defendants further admit that Merck manufactured, marketed, and

21 distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx

22 from the worldwide market on September 30, 2004.

23         19.    The allegations in paragraph 19 of the Complaint are not

24 directed toward defendants and therefore no responsive pleading is required.

25 Should a response be deemed required, defendants lack knowledge or

26 information sufficient to form a belief as to the truth or falsity of the allegations in

27 that paragraph.

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

## RESPONSE TO "FACTUAL ALLEGATIONS"

20.    Defendants deny each and allegation in paragraph 20 of the Complaint except admit that Merck employed professional representatives to have product discussions involving Vioxx with health care professionals, and that they are or were employed by Merck.

21.    Defendants deny each and every allegation directed at them in paragraph 21 of the Complaint except admit that Merck manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

22.    Defendants deny each and every allegation directed at them in paragraph 22 of the Complaint except admit that Vioxx is the brand name for rofecoxib and that Vioxx was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refer the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

23.    Defendants deny each and every allegation in paragraph 23 of the Complaint except admit that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

24.    Defendants deny each and every allegation directed at them in paragraph 24 of the Complaint, and respectfully refer the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

1    text. Defendants lack knowledge or information sufficient to form a belief as to

2    the truth or falsity of the allegations not directed toward them in that paragraph.

3        25.    Defendants lack knowledge or information sufficient to form a

4    belief as to the truth or falsity of the allegations set forth in the first and second

5    sentences of paragraph 25 of the Complaint. Defendants deny each and every

6    remaining allegation in that paragraph except admit that Vioxx is a selective

7    non-steroidal anti-inflammatory medication ("NSAID") that reduces pain and

8    inflammation, and that the mechanism of action is believed to be due to

9    inhibition of prostaglandin synthesis via inhibition of an enzyme known as

10   COX-2, and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking

11   traditional non-selective NSAIDS is believed to be associated with gastric

12   damage and increased bleeding among patients taking such traditional

13   non-selective NSAIDs.

14       26.    The allegations in paragraph 26 of the Complaint are not

15   directed at defendants, and therefore no response is required. Should a response

16   be deemed required, defendants deny each and every allegation in that

17   paragraph except admit that Merck sought and received approval of the FDA to

18   manufacture and market the prescription medicine Vioxx.

19       27.    Defendants deny each and every allegation in paragraph 27 of

20   the Complaint except admit that Vioxx has had certain reported adverse events

21   associated with its use, which were described in the relevant FDA-approved

22   prescribing information for Vioxx and respectfully refer the Court to the relevant

23   prescribing information for Vioxx for its actual language and full text.

24       28.    Defendants deny each and every allegation in paragraph 28 of

25   the Complaint, except admit that Merck scientists participated in the VIGOR

26   study involving Vioxx and respectfully refer the Court to the referenced study for

27   its actual language and full text. Defendants further admit that Merck informed

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

1   the FDA of the data, submitted data analyses and proposed new labeling to the

2   FDA.

3       29.   Defendants deny each and every allegation directed at them in

4   paragraph 29 of the Complaint.  Defendants lack knowledge or information

5   sufficient to form a belief as to the truth or falsity of the allegations not directed

6   toward them in that paragraph.

7       30.   Defendants deny each and every allegation directed at them in

8   paragraph 30 of the Complaint except admit that Merck marketed Vioxx in the

9   United States in a manner consistent with the relevant FDA-approved

10  prescribing information for Vioxx until Merck voluntarily withdrew Vioxx from

11  the worldwide market on September 30, 2004.  Defendants lack knowledge or

12  information sufficient to form a belief as to the truth or falsity of the allegations

13  not directed toward them in that paragraph.

14      31.   Defendants deny each and every allegation directed at them in

15  paragraph 31 of the Complaint and respectfully refer the Court to the relevant

16  FDA-approved prescribing information for Vioxx for its actual language and full

17  text. Defendants lack knowledge or information sufficient to form a belief as to

18  the truth or falsity of the allegations not directed toward them in that paragraph.

19      32.   Defendants deny each and every allegation directed at them in

20  paragraph 32 of the Complaint and respectfully refer the Court to the relevant

21  FDA-approved prescribing information for Vioxx for its actual language and full

22  text. Defendants lack knowledge or information sufficient to form a belief as to

23  the truth or falsity of the allegations not directed toward them in that paragraph.

24      33.   Defendants deny each and every allegation directed at them in

25  paragraph 33 of the Complaint and respectfully refer the Court to the relevant

26  FDA-approved prescribing information for Vioxx for its actual language and full

27  text. Defendants lack knowledge or information sufficient to form a belief as to

28  the truth or falsity of the allegations not directed toward them in that paragraph.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8

34. Defendants deny each and every allegation directed at them in paragraph 34 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

## RESPONSE TO "FIRST CAUSE OF ACTION"

## "STRICT LIABILITY - FAILURE TO WARN AND DESIGN DEFECT"

35. With respect to the allegations in paragraph 35 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36. Defendants deny each and every allegation directed at them in paragraph 36 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

37. Defendants deny each and every allegation directed at them in paragraph 37 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

38. Defendants deny each and every allegation in paragraph 38 of the Complaint.

39. Defendants deny each and every allegation in paragraph 39 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION"

## "NEGLIGENCE"

40. With respect to the allegations in paragraph 40 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

9

1    41. The allegations in paragraph 41 of the Complaint are legal

2 conclusions as to which no responsive pleading is required. Should a response

3 be deemed required, defendants deny each and every allegation directed at them

4 in that paragraph and respectfully refer the Court to the relevant common law

5 standards for negligence claims in this jurisdiction, including any applicable

6 conflicts of law rules. Defendants lack knowledge or information sufficient to

7 form a belief as to the truth or falsity of the allegations not directed toward them

8 in that paragraph.

9    42. The allegations in paragraph 42 of the Complaint are not

10 directed at defendants, and therefore no response is required. Should a response

11 be deemed required, defendants deny each and every allegation directed at them

12 in that paragraph. Defendants lack knowledge or information sufficient to form

13 a belief as to the truth or falsity of the allegations not directed toward them in

14 that paragraph.

15    43. The allegations in paragraph 43 of the Complaint are not

16 directed at defendants, and therefore no response is required. Should a response

17 be deemed required, defendants deny each and every allegation in that

18 paragraph.

19    44. The allegations in paragraph 43 of the Complaint are not

20 directed at defendants, and therefore no response is required. Should a response

21 be deemed required, defendants deny each and every allegation in that

22 paragraph.

23 **RESPONSE TO "THIRD CAUSE OF ACTION"**

24 **"NEGLIGENCE PER SE"**

25    45. With respect to the allegations in paragraph 45 of the

26 Complaint, defendants repeat and reallege each and every admission, denial,

27 averment, and statement in paragraphs 1 through 44 of this Answer with the

28 same force and effect as though set forth here in full.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

46.     The allegations in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph and respectfully refer the Court to the relevant common law standards for negligence per se claims in this jurisdiction, including any applicable conflicts of law rules.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

47.     The allegations in paragraph 47 of the Complaint are not directed at defendants, and therefore no response is required.  Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

48.     The allegations in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, defendants deny each and every allegation in that paragraph.

49.     The allegations in paragraph 49 of the Complaint are not directed at defendants, and therefore no response is required.  Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

50.     The allegations in paragraph 50 of the Complaint are not directed at defendants, and therefore no response is required.  Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph and respectfully refer the Court to the relevant FDA-approved

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 8910-
702/474-9400
FAX 702/474-9422

1  prescribing information for Vioxx for its actual language and full text.

2  Defendants lack knowledge or information sufficient to form a belief as to the

3  truth or falsity of the allegations not directed toward them in that paragraph.

4          51.     The allegations in paragraph 51 of the Complaint are not

5  directed at defendants, and therefore no response is required.  Should a response

6  be deemed required, defendants deny each and every allegation in that

7  paragraph and respectfully refer the Court to the relevant FDA-approved

8  prescribing information for Vioxx for its actual language and full text.

9          52.     The allegations in paragraph 52 of the Complaint are not

10 directed at defendants, and therefore no response is required.  Should a response

11 be deemed required, defendants deny each and every allegation that paragraph.

12         53.     The allegations in paragraph 53 of the Complaint are not

13 directed at defendants, and therefore no response is required.  Should a response

14 be deemed required, defendants deny each and every allegation in that

15 paragraph and respectfully refer the Court to the relevant FDA-approved

16 prescribing information for Vioxx for its actual language and full text.

17         54.     The allegations in paragraph 54 of the Complaint are not

18 directed at defendants, and therefore no response is required.  Should a response

19 be deemed required, defendants deny each and every allegation directed at them

20 in that paragraph and respectfully refer the Court to the relevant FDA-approved

21 prescribing information for Vioxx for its actual language and full text.

22 Defendants lack knowledge or information sufficient to form a belief as to the

23 truth or falsity of the allegations not directed toward them in that paragraph.

24         55.     The allegations in paragraph 55 of the Complaint are not

25 directed at defendants, and therefore no response is required.  Should a response

26 be deemed required, defendants deny each and every allegation directed at them

27 in that paragraph and respectfully refer the Court to the relevant FDA-approved

28 prescribing information for Vioxx for its actual language and full text.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1   Defendants lack knowledge or information sufficient to form a belief as to the

2   truth or falsity of the allegations not directed toward them in that paragraph.

3          56.    The allegations in paragraph 56 of the Complaint are not

4   directed at defendants, and therefore no response is required. Should a response

5   be deemed required, defendants deny each and every allegation in that

6   paragraph.

7          57.    The allegations in paragraph 57 of the Complaint are not

8   directed at defendants, and therefore no response is required. Should a response

9   be deemed required, defendants deny each and every allegation in that

10  paragraph.

11         58.    The allegations in paragraph 58 of the Complaint are not

12  directed at defendants, and therefore no response is required. Should a response

13  be deemed required, defendants deny each and every allegation in that

14  paragraph.

15         59.    The allegations in paragraph 59 of the Complaint are not

16  directed at defendants, and therefore no response is required. Should a response

17  be deemed required, defendants deny each and every allegation in that

18  paragraph.

19              **RESPONSE TO "FOURTH CAUSE OF ACTION"**

20                 **"BREACH OF IMPLIED WARRANTY"**

21         60.    With respect to the allegations in paragraph 60 of the

22  Complaint, defendants repeat and reallege each and every admission, denial,

23  averment, and statement in paragraphs 1 through 59 of this Answer with the

24  same force and effect as though set forth here in full.

25         61.    The allegations in paragraph 61 of the Complaint are legal

26  conclusions as to which no responsive pleading is required. Should a response

27  be deemed required, defendants deny each and every allegation directed at them

28  in that paragraph. Defendants lack knowledge or information sufficient to form

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

13

1   a belief as to the truth or falsity of the allegations not directed toward them in
2   that paragraph.

3      62. Defendants deny each and every allegation in paragraph 62 of
4   the Complaint.

5      63. Defendants deny each and every allegation directed at them in
6   paragraph 63 of the Complaint.  Defendants lack knowledge or information
7   sufficient to form a belief as to the truth or falsity of the allegations not directed
8   toward them in that paragraph.

9      64. Defendants deny each and every allegation in paragraph 64 of
10   the Complaint.

11      65. Defendants deny each and every allegation in paragraph 65 of
12   the Complaint.

13   **<u>RESPONSE TO "FIFTH CAUSE OF ACTION"</u>**
14   **<u>"BREACH OF EXPRESS WARRANTY"</u>**

15      66. With respect to the allegations in paragraph 66 of the
16   Complaint, defendants repeat and reallege each and every admission, denial,
17   averment, and statement in paragraphs 1 through 65 of this Answer with the
18   same force and effect as though set forth here in full.

19      67. Defendants deny each and every allegation in paragraph 67 of
20   the Complaint and respectfully refer the Court to the relevant FDA-approved
21   prescribing information for Vioxx for its indicated uses and full text.

22      68. Defendants deny each and every allegation directed at them in
23   paragraph 68 of the Complaint.  Defendants lack\ knowledge or information
24   sufficient to form a belief as to the truth or falsity of the allegations not directed
25   toward them in that paragraph.

26      69. Defendants deny each and every allegation in paragraph 69 of
27   the Complaint.

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

14

70. Defendants deny each and every allegation in paragraph 70 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION"
## "DECEIT BY CONCEALMENT"

71. With respect to the allegations in paragraph 71 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72. Defendants deny each and every allegation directed at them in paragraph 72 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

73. Defendants deny each and every allegation in paragraph 73 of the Complaint.

74. Defendants deny each and every allegation in paragraph 74 of the Complaint except admit that Merck received a letter from Spencer Salis of DDMAC on December 16, 1999, and respectfully refer the Court to the referenced letter for its actual language and full text.

75. Defendants deny each and every allegation directed at them in paragraph 75 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

76. Defendants deny each and every allegation directed at them in paragraph 76 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

77. Defendants deny each and every allegation in paragraph 77 of the Complaint.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

15

1    78.    Defendants deny each and every allegation in paragraph 78 of
2  the Complaint.

3    79.    Defendants deny each and every allegation in paragraph 79 of
4  the Complaint, except admit that plaintiffs purport to seek punitive damages, but
5  denies there is any factual or legal basis for such relief.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"
## "NEGLIGENT MISREPRESENTATION"

8    80.    With respect to the allegations in paragraph 80 of the
9  Complaint, defendants repeat and reallege each and every admission, denial,
10  averment, and statement in paragraphs 1 through 79 of this Answer with the
11  same force and effect as though set forth here in full.

12    81.    The allegations in paragraph 81 of the Complaint are legal
13  conclusions as to which no responsive pleading is required. Should a response
14  be deemed required, defendants deny each and every allegation directed at them
15  in that paragraph. Defendants lack knowledge or information sufficient to form
16  a belief as to the truth or falsity of the allegations not directed toward them in
17  that paragraph.

18    82.    Defendants deny each and every allegation directed at them in
19  paragraph 82 of the Complaint. Defendants lack knowledge or information
20  sufficient to form a belief as to the truth or falsity of the allegations not directed
21  toward them in that paragraph.

22    83.    Defendants deny each and every allegation directed at them in
23  paragraph 83 of the Complaint. Defendants lack knowledge or information
24  sufficient to form a belief as to the truth or falsity of the allegations not directed
25  toward them in that paragraph.

26    84.    Defendants deny each and every allegation directed at them in
27  paragraph 84 of the Complaint. Defendants lack knowledge or information

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1  sufficient to form a belief as to the truth or falsity of the allegations not directed

2  toward them in that paragraph.

3       85.    Defendants deny each and every allegation directed at them in

4  paragraph 85 of the Complaint. Defendants lack knowledge or information

5  sufficient to form a belief as to the truth or falsity of the allegations not directed

6  toward them in that paragraph.

7       86.    Defendants deny each and every allegation in paragraph 86 of

8  the Complaint.

9       87.    Defendants deny each and every allegation in paragraph 87 of

10  the Complaint.

11  ### RESPONSE TO "EIGHTH CAUSE OF ACTION"

12  ### "VIOLATION OF NRS 41.600, 598.0915, 598.0923, 598.0925"

13       88.    With respect to the allegations in paragraph 88 of the

14  Complaint, defendants repeat and reallege each and every admission, denial,

15  averment, and statement in paragraphs 1 through 87 of this Answer with the

16  same force and effect as though set forth here in full.

17       89.    Defendants admit that plaintiffs purport in paragraph 89 of

18  the Complaint to bring this action under NRS 41.600 in an individual capacity,

19  but denies that there is any legal or factual basis for such a cause of action.

20       90.    The allegations in paragraph 90 of the Complaint are legal

21  conclusions as to which no responsive pleading is required. Should a response

22  be deemed required, defendants deny each and every allegation in that

23  paragraph, and respectfully refer the Court to the referenced statutes for their

24  actual language and full text.

25       91.    Defendants deny each and every allegation directed at them in

26  paragraph 91 of the Complaint, including subparagraphs (A) through (D).

27  Defendants lack knowledge or information sufficient to form a belief as to the

28  truth or falsity of the allegations not directed toward them in that paragraph.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

92.     Defendants deny each and every allegation directed at them in paragraph 92 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward them in that paragraph.

93.     Defendants deny each and every allegation in paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation in paragraph 94 of the Complaint.

## RESPONSE TO "NINTH CAUSE OF ACTION"

## "LOSS OF CONSORTIUM"

95.     With respect to the allegations in paragraph 95 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 94 of this Answer with the same force and effect as though set forth here in full.

96.     The allegations in paragraph 96 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph and respectfully refer the Court to the relevant common law standards for loss of consortium claims in this jurisdiction, including any applicable conflicts of law rules.

97.     Defendants deny each and every allegation in paragraph 97 of the Complaint.

## RESPONSE TO "TENTH CAUSE OF ACTION"

## "LOSS OF CONSORTIUM"

98.     With respect to the allegations in paragraph 98 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 97 of this Answer with the same force and effect as though set forth here in full.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

18

99. The allegations in paragraph 99 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph and respectfully refer the Court to the relevant common law standards for loss of consortium claims in this jurisdiction, including any applicable conflicts of law rules.

100. Defendants deny each and every allegation in paragraph 100 of the Complaint.

## RESPONSE TO "ELEVENTH CAUSE OF ACTION"
## "LOSS OF CONSORTIUM"

101. With respect to the allegations in paragraph 101 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

102. The allegations in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, defendants deny each and every allegation directed at them in that paragraph and respectfully refer the Court to the relevant common law standards for loss of consortium claims in this jurisdiction, including any applicable conflicts of law rules.

103. Defendants deny each and every allegation in paragraph 103 of the Complaint.

## RESPONSE TO "TWELFTH CAUSE OF ACTION"
## "LOSS OF CONSORTIUM"

104. With respect to the allegations in paragraph 104 of the Complaint, defendants repeat and reallege each and every admission, denial, averment, and statement in paragraphs 1 through 103 of this Answer with the same force and effect as though set forth here in full.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

19

1    105.   The allegations in paragraph 105 of the Complaint are legal

2  conclusions as to which no responsive pleading is required. Should a response

3  be deemed required, defendants deny each and every allegation directed at them

4  in that paragraph and respectfully refer the Court to the relevant common law

5  standards for loss of consortium claims in this jurisdiction, including any

6  applicable conflicts of law rules.

7    106.   Defendants deny each and every allegation in paragraph 106

8  of the Complaint.

9  ## RESPONSE TO "THIRTEENTH CAUSE OF ACTION"

10  ## "LOSS OF CONSORTIUM"

11    107.   With respect to the allegations in paragraph 107 of the

12  Complaint, defendants repeat and reallege each and every admission, denial,

13  averment, and statement in paragraphs 1 through 106 of this Answer with the

14  same force and effect as though set forth here in full.

15    108.   The allegations in paragraph 108 of the Complaint are legal

16  conclusions as to which no responsive pleading is required. Should a response

17  be deemed required, defendants deny each and every allegation directed at them

18  in that paragraph and respectfully refer the Court to the relevant common law

19  standards for loss of consortium claims in this jurisdiction, including any

20  applicable conflicts of law rules.

21    109.   Defendants deny each and every allegation in paragraph 109

22  of the Complaint.

23    110.   In response to the prayer for judgment set out on pages 26

24  through 27 of the Complaint, defendants deny each and every allegation

25  in that prayer except admit that plaintiffs purport to seek the relief stated

26  therein but deny that there is any legal or factual basis for such relief.

27    \*\*\*

28    Defendants deny all averments not specifically admitted herein.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

### AS FOR A FIRST
### DEFENSE, DEFENDANTS ALLEGE:

111.    Plaintiffs' claims may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, DEFENDANTS ALLEGE:

112.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, DEFENDANTS ALLEGE:

113.    Plaintiffs' claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### AS FOR A FOURTH
### DEFENSE, DEFENDANTS ALLEGE:

114.    Plaintiffs' claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH
### DEFENSE, DEFENDANTS ALLEGE:

115.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH
### DEFENSE, DEFENDANTS ALLEGE:

116.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

## AS FOR A SEVENTH
## DEFENSE, DEFENDANTS ALLEGE:

117.   To the extent that plaintiffs assert claims based on defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A EIGHTH
## DEFENSE, DEFENDANTS ALLEGE:

118.   To the extent that plaintiffs asserts claim based upon an alleged failure by defendants to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because defendants have discharged their duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, DEFENDANTS ALLEGE:

119.   If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by defendants or other manufacturer.

## AS FOR A TENTH
## DEFENSE, DEFENDANTS ALLEGE:

120.   If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of defendants and over whom defendants had no control and for whom defendants may not be held accountable.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS NEVADA 89101
702/474-9400
FAX 702/474-9422

22

### AS FOR A ELEVENTH
### DEFENSE, DEFENDANTS ALLEGE:

121.   If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx.

### AS FOR A TWELFTH
### DEFENSE, DEFENDANTS ALLEGE:

122.   If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which these defendants are not responsible.

### AS FOR A THIRTEENTH
### DEFENSE, DEFENDANTS ALLEGE:

123.   To the extent plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, defendants' liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH
### DEFENSE, DEFENDANTS ALLEGE:

124.   To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Nevada law.

### AS FOR A FIFTEENTH
### DEFENSE, DEFENDANTS ALLEGE:

125.   Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Nev. R. Civ. P. 9(b).

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

23

## AS FOR A SIXTEENTH
## DEFENSE, DEFENDANTS ALLEGE:

126.   Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, DEFENDANTS ALLEGE:

127.   Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A EIGHTEENTH
## DEFENSE, DEFENDANTS ALLEGE:

128.   Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, DEFENDANTS ALLEGE:

129.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, DEFENDANTS ALLEGE:

130.   This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, DEFENDANTS ALLEGE:

131.   Venue in this case is improper.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1

### AS FOR A TWENTY-SECOND
### DEFENSE, DEFENDANTS ALLEGE:

2

3      132.   Plaintiffs' claims may be barred, in whole or in part, from

4   recovery because, in this or other courts, they have brought actions and have

5   received judgments on parts of some or all claims asserted herein.

6

### AS FOR A TWENTY-THIRD
### DEFENSE, DEFENDANTS ALLEGE:

7

8      133.   Plaintiffs' claims may be barred, in whole or in part, from

9   recovery, on the ground that the claims asserted herein have been submitted to

10  arbitration, and a binding decision has been rendered.

11

### AS FOR A TWENTY-FOURTH
### DEFENSE, DEFENDANTS ALLEGE:

12     134.   Plaintiffs' claims may be barred, in whole or in part, from

13  recovery by release as to their claims.

14

### AS FOR A TWENTY-FIFTH
### DEFENSE, DEFENDANTS ALLEGE:

15

16     135.   Plaintiffs' claims may be barred, in whole and in part, by the

17  doctrine of laches.

18

### AS FOR A TWENTY-SIXTH
### DEFENSE, DEFENDANTS ALLEGE:

19     136.   Plaintiffs' claims are barred, in whole or in part, by their

20  failure to mitigate damages.

21

### AS FOR A TWENTY-SEVENTH
### DEFENSE, DEFENDANTS ALLEGE:

22

23     137.   To the extent there were any risks associated with the use of

24  the product which is the subject matter of this action that defendants knew or

25  should have known and which gave rise to a duty to warn, defendants at all

26  times discharged such duty through appropriate and adequate warnings in

27  accordance with federal and governing state laws.

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

25

## AS FOR A TWENTY-EIGHTH
## DEFENSE, DEFENDANTS ALLEGE:

138.  Plaintiffs' claims may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, DEFENDANTS ALLEGE:

139.  Plaintiffs' claims may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, DEFENDANTS ALLEGE:

140.  Any conduct allegedly causing liability on the part of defendants is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, DEFENDANTS ALLEGE:

141.  Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, DEFENDANTS ALLEGE:

142.  Defendants reserve their right to dismiss the Complaint and seek further relief for plaintiffs' failure to provide them with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, DEFENDANTS ALLEGE:

143.  Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, DEFENDANTS ALLEGE:

144.  Plaintiffs' claims are barred in whole or in part because defendants provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1   within the meaning of comment j to Section 402A of the Restatement (Second) of

2   Torts.

### AS FOR A THIRTY-FIFTH
### DEFENSE, DEFENDANTS ALLEGE:

145.   Plaintiffs' claims are barred under Section 4, et. seq., of the

Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SIXTH
### DEFENSE, DEFENDANTS ALLEGE:

146.   Plaintiffs' claims are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to

Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, DEFENDANTS ALLEGE:

147.   To the extent that plaintiffs rely upon any theory of breach of

warranty, such claims are also barred for lack of timely notice of breach and/or

lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, DEFENDANTS ALLEGE:

148.   To the extent that plaintiffs seek punitive damages for the

conduct which allegedly caused injuries asserted in the Complaint, such an

award would also, if granted, violate defendants' state and federal constitutional

rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and

Excessive Fines Clauses of the United States Constitution, as well as other

provisions therein, and the cognate provisions of the Nevada Constitution, to wit:

Article 1, sections 8 and 15.  Furthermore, NRS 42.005(2) impermissibly singles

out and exempts products liability cases from the limits otherwise imposed on

the recovery of punitive damages, leaving their assessment to the standardless

discretion of the finder of fact.  Further, the statute and Nevada cases decided

under it do not comply with the minimum standards established by the United

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1 States Supreme Court in this evolving area of the law, and they improperly

2 permit multiple awards of punitive damages for the same alleged act or acts.

### AS FOR A THIRTY-NINTH
### DEFENSE, DEFENDANTS ALLEGE:

149. To the extent that plaintiffs seek punitive damages for an alleged act or omission of defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A FORTIETH
### DEFENSE, DEFENDANTS ALLEGE:

150. Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FORTY-FIRST
### DEFENSE, DEFENDANTS ALLEGE:

151. With respect to plaintiffs' claims for punitive damages, defendants specifically incorporate by reference all standards and limitations regarding the determination and enforceability of punitive damage awards set forth in of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 US 408 (U.S. 2003).

### AS FOR A FORTY-SECOND
### DEFENSE, DEFENDANTS ALLEGE:

152. To the extent that plaintiffs assert claims based on defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

### AS FOR A FORTY-THIRD
### DEFENSE, DEFENDANTS ALLEGE:

153.  Plaintiffs' claims are barred to the extent they are based on a theory providing for liability without proof of causation, which violates defendants' rights under the Due Process and Equal Protection provisions of the Constitution of the United States of America and the cognate provisions of the Nevada Constitution.

### AS FOR A FORTY-FOURTH
### DEFENSE, DEFENDANTS ALLEGE:

154.  To the extent plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

### AS FOR A FORTY-FIFTH
### DEFENSE, DEFENDANTS ALLEGE:

155.  If a finding of liability is made against defendants, defendants are entitled to apportionment.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable defendants to determine all of their legal, contractual and equitable rights, defendants reserve the right to amend and/or supplement the averments of their Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Defendants incorporate by reference and makes a part hereof all other applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

WHEREFORE, defendants respectfully demand judgment dismissing plaintiffs' Complaint with prejudice and awarding defendants their

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1   reasonable attorney's fees, together with such other and further relief that the

2   Court may deem just and proper.

3                                          MORRIS PICKERING & PETERSON

4

5   By _____

6          Kristina Pickering, No. 992
           Denise Barton, No. 5579

7          Robert R. McCoy, No. 9121
           900 Bank of America Plaza

8          300 South Fourth Street
           Las Vegas, NV  89101

9
    Attorneys for Defendants

10  Merck & Co., Inc., Gerald Shaw,
    Serge Brunet, Tina Damore, Kerry

11  Edwards, Neeraj Gulati, Nancy
    Moredock, Karen Shouse, Ladon

12  Silva, Julie Wurch, Misty Kuperman,
    Mary Tracey Philippi, Fred Auzenne,

13  Deborah Lee, and Lisa Davis

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

30

1

## CERTIFICATE OF SERVICE

2       Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada

3  Electronic Filing Procedures, I certify that I am an employee of MORRIS

4  PICKERING & PETERSON, and that the following documents were served via

5  electronic service: **ANSWER OF DEFENDANTS FRED AUZENNE, DEBORAH**

6  **LEE, AND LISA DAVIS**

7

8  Robert W. Cottle, No. 4576            Steven E. Guinn, No. 5341
    Aaron M. O'Brien, No. 8863          Holly Parker, No. 10181

9  MAINOR EGLET COTTLE            LAXALT & NOMURA, LTD.
    400 South Fourth Street, Suite 600     9600 Gateway Drive

10  Las Vegas, Nevada  89101          Reno, Nevada  89521
    Phone: (702) 450-5400

11                           Attorneys for Defendants
    Attorneys for Plaintiffs            Wal-Mart Stores, Inc.; Costco

12                           Wholesale Corporation; American
                           Drug Stores, Inc.

13

14               DATED this _4th_ day of June, 2007.

15

16                               By: _Patricia Gamm_

17

18

19

20

21

22

23

24

25

26

27

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1  MORRIS PICKERING & PETERSON
   Kristina Pickering, No. 992
2  Denise Barton, No. 5579
   Robert R. McCoy, No. 9121
3  900 Bank of America Plaza
   300 South Fourth Street
4  Las Vegas, Nevada  89101
   Telephone:  (702) 474-9400
5  Facsimile:  (702) 474-9422
6
   Attorneys for Defendants
7  Merck & Co., Inc., Gerald Shaw,
   Serge Brunet, Tina Damore, Kerry
8  Edwards, Neeraj Gulati, Nancy Moredock,
   Karen Shouse, Ladon Silva, Julie Wurch,
9  Misty Kuperman, Mary Tracey Philippi,
   Fred Auzenne, Deborah Lee and Lisa Davis
10

11              IN THE UNITED STATES DISTRICT COURT

12                    DISTRICT OF NEVADA

13  RICHARD BOOTH, a Nevada resident;        Case No. 2:07-cv-00470-JCM-LRL
    KEN VU, a Nevada resident; ARCHIE
14  DANIEL, a Nevada resident; KURT        )
    SCHLOSS, a Nevada resident; JOHN       )
15  KATSIBUBAS, a Nevada resident; APRIL   )
    KATSIBUBAS, a Nevada resident,         )
16                                         )
                                           )
17              Plaintiffs,                )
                                           )
18  vs.                                    )
                                           )  **DEFENDANTS FRED**
19  MERCK & COMPANY, INC., a foreign       )  **AUZENNE, DEBORAH LEE,**
    corporation; WAL-MART STORES, INC.;    )  **AND LISA DAVIS'S**
20  LONGS DRUG STORES CALIFORNIA,          )  **DISCLOSURE STATEMENT**
    INC.; COSTCO WHOLESALE                 )  **(FED. R. CIV. P. 7.1 and LR 7.1-1)**
21  CORPORATION; AMERICAN DRUG             )
    STORES, INC., d/b/a JEWEL-OSCO; LISA   )
22  DAVIS, a Nevada resident; MISTY        )
    KUPERMAN, a Nevada resident; RICKY     )
23  GULATI, a Nevada resident; FRED        )
    AVUENE, a Nevada resident; SERGE       )
24  BRUNRY, a Nevada resident; DEBBIE      )
    LEE, a Nevada resident; KAREN SHOUSE,  )
25  a Nevada resident; NANCY MOREDOCK,     )
    a Nevada resident; JERRY SHAW, a       )
26  Nevada resident; KERRY EDWARDS, a      )
    Nevada resident; TINA DIMORE, a        )
27  Nevada resident; TRACEY PHILLIPI, a    )
    Nevada resident; JULIE WURCH, a        )
28  Nevada resident; JULIE WURCH, a

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1 | Nevada resident; LADON SILVEA, a )
Nevada resident; ROE INDIVIDUAL )
2 | PHARMACISTS 1 TO 50; ROE BUSINESS )
ENTITIES 1 TO 100, inclusive, AND DOES )
3 | 1 TO 50 inclusive, )
                                          )
4 |           Defendants.               )
                                          )
5 | _____)

6        Pursuant to Fed. R. Civ. P. 7.1 and LR 7.1-1, the undersigned,

7   counsel of record for defendants Fred Auzenne, Deborah Lee and Lisa Davis,

8   certify that there are no known interested parties other than those participating in

9   the case that have an interest in the outcome of this case. These representations

10  are made to enable judges of the Court to evaluate possible disqualification or

11  recusal.

12                                    MORRIS PICKERING & PETERSON

13

14  By_____
                                      Kristina Pickering, No. 992
15                                    Denise Barton, No. 5579
                                      Robert R. McCoy, No. 9121
16                                    900 Bank of America Plaza
                                      300 South Fourth Street
17                                    Las Vegas, Nevada 89101

18                                    Attorneys for Defendants
                                      Merck & Co., Inc., Gerald Shaw,
19                                    Serge Brunet, Tina Damore, Kerry
                                      Edwards, Neeraj Gulati, Nancy
20                                    Moredock, Karen Shouse, Ladon
                                      Silva, Julie Wurch, Misty Kuperman,
21                                    Mary Tracey Philippi, Fred Auzenne,
                                      Deborah Lee and Lisa Davis
22

23

24

25

26

27

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PICKERING & PETERSON, and that the following documents were served via electronic service: **DEFENDANTS FRED AUZENNE, DEBORAH LEE AND LISA DAVIS'S DISCLOSURE STATEMENT (FED. R. CIV. P. 7.1 and LR 7.1-1)**

Robert W. Cottle, No. 4576
Robert T. Eglet, No. 3402
David A. Tanner, No. 8282
MAINOR EGLET COTTLE
400 South Fourth Street, Suite 600
Las Vegas, Nevada 89101
Phone: (702) 450-5400

Attorneys for Plaintiffs

DATED this 4th day of June, 2007.

By: _Patricia Cammu_

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3