# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:      VIOXX MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | )<br>)<br>) **MDL DOCKET NO. 1657**<br>) |
| This document relates to:<br>*Avant, et al. v. Merck & Co., Inc., et.al.*<br>(Index No. 07-900)<br>*Batiz, et al. v. Merck & Co., Inc., et.al.*<br>(Index No. 07-901)<br>*Chapman, et al. v. Merck & Co., Inc., et.al.*<br>(Index No. 07-902)<br>*Coon, et al. v. Merck & Co., Inc., et. al.*<br>(Index No. 07-903)<br>*Cox, et al. v. Merck & Co., Inc., et. al.*<br>(Index No. 07-904) | ) **SECTION L**<br>)<br>) **JUDGE FALLON**<br>)<br>) **MAGISTRATE JUDGE**<br>) **DANIEL E. KNOWLES, III**<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF IT'S MOTION TO ENLARGE TIME TO EFFECT SERVICE ON INDIVIDUAL DEFENDANTS

COME NOW Plaintiffs, by and through their attorneys of record, MAINOR, EGLET,

COTTLE respectfully submits this Reply Memorandum in Further Support of It's Motion to

Enlarge Time to Effect Service on Individual Defendants. This Reply is made and based upon

FRCP 4, the Memorandum of Points and Authorities which follow, attached exhibits and the

pleadings and papers on file herein.

### PRELIMINARY STATEMENT

Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne have been served and have

Answered the Complaint in one of ten related Vioxx cases filed by undersigned counsel against

Merck in the Vioxx litigation in Nevada [Booth 2:07-cv-00470-JCM-LRL]. The same

Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne are included in the above captioned

five cases. Plaintiffs' request that the Court issue an Order in all five cases that Defendants,

Debbie Lee, Lisa Davis, and Fred Auzenne  Answer the *Complaint* in the above referenced

1

cases or, in the alternative, grant Plaintiffs an extension of time to serve the *Complaint* on those Defendants by publication. Defendants have not and will not be prejudiced as a result of any delay in service. No trial date has been set in this matter and discovery is on-going in all the above-referenced cases. Plaintiffs' have submitted Profile forms pursuant to Pre-Trial Order 18-C and have also submitted supplemental PPF's and documents in applicable cases.

Plaintiffs' have effected service by publication in a related Vioxx case involving the same defendants as in the instant cases. [See attached as Exhibit "1" Affidavits of Service on Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne] Merck Answered in Federal District Court- Nevada on behalf of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne on June 4, 2007 and also filed a Disclosure Statement on behalf of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne on June 4, 2007. [See attached as Exhibit "2" Answer of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne and Disclosure Statement of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

Plaintiffs' Motion to enlarge time for service for good cause should be granted in this case. In its opposition Merck has completely misstated the facts surrounding numerous attempts by the Plaintiffs to effect service upon the three individual defendants. Merck also argues that "plaintiffs have done nothing to locate the correct defendants, secure a properly issued summons, or serve them". This statement is completely unfounded. Plaintiffs have been diligent in their attempts at service as evidenced by the affidavits of service attached to this document and Defendants' subsequent Answer to Plaintiffs' Complaint in a related Vioxx case. The attached Affidavits of Service on all three Defendants indicate that service was performed by publication and filed with the District Court on May 14, 2007. Merck then filed an Answer on behalf of the three Defendants on June 4, 2007 in Nevada District Court.

2

## II.   ARGUMENT

### A.   PLAINTIFFS HAVE BEEN SUCCESSFUL IN SERVING THE '3 DEFENDANTS" AND DEFENDANTS HAVE ANSWERED IN FEDERAL COURT IN RELATED VIOXX CASE

Plaintiffs ask the Court to simply review the Affidavits attached to this reply and attached as Exhibit "1" Affidavits of Service on Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne.  Although Defendants Opposition implies, and states outright, that Plaintiffs made little or no effort to serve the Defendants.  That is simply not the case as evidenced by the attached affidavits and Defendants' Answer to the Complaint in the Booth Vioxx case attached as Exhibit "2".

### B.   BY FILING THEIR ANSWER TO PLAINTIFFS COMPLAINT IN RELATED VIOXX CASE IN FEDERAL COURT, AND BY FILING AN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND THE 3 DEFENDANTS MADE THEIR APPEARANCE AND WAIVED SERVICE OF PROCESS

Service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service. Plaintiffs assert that the served Defendants attempt to limit the waiver of service analysis to Answers and defensive motions are misguided. The Nevada Supreme Court has ruled that a party waives its objection to service of process by appearing and filing responsive pleadings without stating an objection to the sufficiency of process. See *Hanson v. Eighth Judicial District,* 116 Nev. 650, 656-57, 6 P.3d 982, 986 (2000). By filing their Opposition to Motion to Remand Defendants simply conformed to the reality that Merck's attorneys are representing all of the sales representatives named in this action and they have made an appearance on their behalf.  In *Hansen*, the Nevada Supreme Court explained that a defendant may join other defenses along with its motion for insufficiency of service of process, but that objections to service of process are waived if not

3

  
made in a timely fashion or not included in a responsive pleading. Thus, where a defendant files a responsive pleading (such as the Opposition to a Motion for Remand as the three Defendants have done here), without raising the defense of insufficiency of service of process, the Defendants have thereby waived such a defense.

As a result, those three Defendants have constructive if not actual knowledge of claims against them; they have made a general appearance in this matter; and they should now file their Answers to the Complaint in the above captioned five cases.

Pursuant to the above, Plaintiffs requests this Court to make a determination and issue its Order that the three Defendant drug sales representatives/detailers named herein ( Debbie Lee, Lisa Davis, Fred Auzenne) have appeared in this matter; that they have constructive, if not actual, knowledge of the claims against them; that it is not necessary for Plaintiffs to continue to attempt personal service on these Defendants; and that the Defendants should now answer or otherwise respond to the Complaint. Finally, Merck has filed an Answer in Federal and state court on behalf of eleven other drug sales representatives and has filed an Answer on behalf of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne in a related Vioxx case.

## CONCLUSION

It is Plaintiffs' contention that the three Defendant drug sales representatives have made their appearance in this action and have knowledge of the claims against them. Therefore, service of the Complaint should be deemed accomplished and those Defendants should be ordered to file their Answers or otherwise respond to Plaintiffs' claims.

If the Court does not grant the Order requested above, then Plaintiffs assert that they have been diligent in attempting to serve the remaining detailers and should be given an extension to complete service of process. Based upon the foregoing, Plaintiffs respectfully request this Court to enter its Order authorizing an additional 60 days from the date of the Courts Order, within which Plaintiffs' may complete service of process by

4

publication pursuant to N.R.C.P.4(e)(1) on the following Defendants: Debbie Lee, Lisa Davis,

and Fred Auzenne, Jr.

Dated this 26th day of July, 2007.

By: _____

     ROBERT W. COTTLE, ESQ.
     Nevada Bar No. 4576
     **MAINOR EGLET COTTLE**
     400 South Fourth Street, Suite 600
     Las Vegas, NV 89101
     Attorney for Plaintiffs

**LIST OF EXHIBITS:**

1)   Affidavits of Service on Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne;
2)   Answer of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne and Disclosure
Statement of Defendants, Debbie Lee, Lisa Davis, and Fred Auzenne in related
Vioxx case.

6

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and in accordance with Pretrial Order No. 8(b), the following document was served on Liaison Counsel, Russ Herman and Philip Wittmann, by U.S. mail and E-mail or by hand delivery and upon all parties and by electronically uploading the same to Lexis Nexis File & Serve and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, that the I certify that I am an employee of MAINOR EGLET & COTTLE, and that the following documents were served via electronic service with the procedures established in MDL 1657:

### PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF IT'S MOTION TO ENLARGE TIME TO EFFECT SERVICE ON INDIVIDUAL DEFENDANTS

DATED this 26th day of July, 2007

        /s/   _Robert W. Cottle_
        ROBERT W. COTTLE, ESQ.

7