UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER

Beginning in 1998, Merck & Co., Inc. ("Merck") contracted with both DDB

Communications Group, Inc. ("DDB"), a marketing and advertising agency, and Ogilvy Public

Relations Worldwide, Inc. ("Ogilvy"), a public relations agency, to provide advertising and

public relations services, respectively, for Merck in connection with Vioxx.

On February 7, 2006, the Plaintiffs' Steering Committee ("PSC") served DDB and Ogilvy

with subpoenas requiring DDB and Ogilvy to appear for a deposition on February 27, 2006 and

to produce certain categories of documents.  On February 16, 2006, counsel for DDB and Ogilvy

provided objections to the PSC.  Specifically, DDB refused to provide any responsive documents

and Ogilvy refused to provide many of the responsive documents until Merck had an opportunity

to review the documents for the purpose of determining which documents are protected by the

attorney-client privilege.  Subsequent to Merck's review and permission, DDB and Ogilvy

advised that they would produce the documents.

On March 14, 2006, the PSC sent a letter to the Court requesting the Court's assistance.

-1-

In particular, the PSC contended that Merck should not be permitted to conduct a review of the DDB and Ogilvy documents prior to production because Merck's attorney-client privilege does not extend to DDB and Ogilvy employees. As such, according to the PSC, Merck has no right to review the documents. On March 22, 2006, Merck filed a response to the PSC's letter brief asserting that it is entitled to review the documents prior to DDB's and Ogilvy's production.

On May 24, 2006, the Court issued an Order & Reasons allowing Merck two weeks to review all the documents at issue, construct a detailed privilege log, and provide the Court with the log and documents for an *in camera* review. *See* Rec. Doc. 4849. The Court advised that it would then review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

On April 25, 2007, in response to a ruling by the United States Court of Appeals for the Fifth Circuit, *see In re Vioxx Prods. Liab. Litig.*, 2006 WL 1726675 (5th Cir. May 26, 2006), the Court appointed Professor Paul Rice of the Washington College of Law at American University as Special Master pursuant to Rule 53 of the *Federal Rules of Civil Procedure* to review a sample of documents believed to be representative of all documents as to which Merck has asserted privilege. *See* Rec. Doc. 10872. The Special Master has completed his review of these representative documents and on July 3, 2007 the Court entered his Report and Recommendations into the record. *See* Rec. Doc. 11566.

Subsequently, the Court requested that the Special Master also review the DDB and Ogilvy documents. Special Master Rice has now completed his review of the DDB and Ogilvy documents and has delivered to the Court his Second Report and Recommendations which

-2-

addresses these third party documents.

The Court now issues this Order (1) to relieve the Special Master of his duty under Rule 53(f) to serve copies of his Second Report and Recommendations on the parties; (2) to file the attached Second Report and Recommendations into the record; and (3) to provide that, pursuant to Rule 53(g)(2), the parties shall file any objections to this second report no later than **fifteen (15) days** from today's date, that is, by August 14, 2007.

New Orleans, Louisiana, this 31st day of July, 2007.

UNITED STATES DISTRICT JUDGE