**MINUTE ENTRY**
**FALLON, J.**
**JULY 27, 2007**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 26 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Pinkey Ferdinand, Official Court Reporter.  Counsel may contact Ms. Ferdinand at (504) 589-7781 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.    STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through December 31, 2007:  The *Kozic* case is set for September 17, 2007 in Tampa, Florida.  Additionally, the *Appell/Arrigale* cases are set for September 17, 2007 in the California

1

JS10(01:30)

Coordinated proceeding, in the California Superior Court, Los Angeles County.  In October, *Donohoo* is set for October 29, 2007 in Madison County, Illinois.  The Superior Court for Atlantic County, New Jersey, is planning four trials involving a total of ten cases to commence in October 2007, but there is no firm date yet.  A trial date of November 26, 2007 has been set in the California Coordinated proceeding, in the California Superior Court, Los Angeles County, for a case to be selected from a pool of cases.

II.     FURTHER PROCEEDINGS IN THE EARLY FEDERAL COURT CASES

On June 28, 2007, the Court entered Judgment in the *Barnett* case.  Thereafter, on July 13, 2007, Merck filed a Motion for New Trial.  Plaintiffs intend to oppose the motion and have discussed a briefing schedule with Merck.  Merck has consented to Mr. Barnett filing an opposition on or before August 10, 2007.

III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The Court has advised the parties that it will address these issues at a later date.

IV.     DISCOVERY DIRECTED TO MERCK

On July 3, 2007, the Court entered an Order filing the Special Master's Report and Recommendations into the record.  On July 18, 2007, in accordance with the procedure previously established by the Court, Merck filed under seal and *in camera* a Motion to Adopt in Part the Special Master's Report and Recommendations.  On July 18, 2007, the PSC filed a

Response to the July 3, 2007 Order regarding the Special Master's Report and Recommendations. Merck has also written a letter to the Special Master seeking certain clerical clarifications.

At today's conference, Special Counsel Barriere informed the Court that both the Special Master's Amended Report and Recommendations (regarding the sample documents) and the Special Master's Second Report and Recommendations (regarding third party documents) would be delivered to the Court in the near future. The Court will enter these materials into the record when they are received.

V.      DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

On July 24, 2007, the PSC issued deposition notices for Governor Haley Barbour and Governor Mitchell E. Daniels, Jr., together with a subpoena request for documents, and for records only depositions of National Governors Association, National Conference of State Legislators, American Legislative Exchange Council, and The Council of State Governors. These discovery requests were issued in connection with Merck's Motion for Summary Judgment in the *Arnold* and *Gomez* cases.

VI.    DEPOSITION SCHEDULING

Merck has noticed the *de bene esse* depositions of the following current Merck employees on the below listed dates:  Dr. Alise Reicin for August 29 and 30, 2007; Dr. Briggs Morrison for September 5 and 6, 2007; and Dr. Eliav Barr for September 24 and 25, 2007. Merck advises that it intends to cross-notice these depositions nationwide, except in New Jersey. Merck has withdrawn its request to schedule two *de bene esse* depositions, those of Drs. Kim and Rarick.  The PSC has requested a discovery deposition prior to the taking of the *de bene esse* depositions of Drs. Barr and Reicin.  Merck disputes the need for any further discovery depositions, but has agreed to make Dr. Reicin available for one (1) additional day for a discovery deposition.  The parties informed the Court that they have certain scheduling disputes regarding Dr. Reicin's *de bene esse* deposition.  The Court directed the parties to attempt to work out these scheduling disputes.  In addition, the PSC and Merck have agreed to place the *de bene esse* deposition and discovery deposition of Dr. Greene on hold until further notice.

Also, the PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

VII.    PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Following the June 2007 monthly status conference, Merck filed five Rules to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs or for submitting grossly deficient PPFs in contravention of Pre-Trial Order 18C.  On July 25, 2007, the PSC filed an Amicus Curiae brief in opposition to Merck's various Rules to Show Cause Why Cases Should Not Be Dismissed.  The Rules were taken up following today's conference, and the Court will

issue separate orders resolving these issues.

VIII.   STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  At today's conference, the State Liaison Committee called the Court's attention to one particular case in which a remand motion is pending, *Flippin v. Merck & Co., Inc.*, No. 05-1797.  Plaintiff's counsel in this case requested that the matter be brought to the Court's attention due to various medical and economic hardships.  The Court requested that the State Liaison Committee provide the relevant materials for this case separately.

IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various pro se claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On July 5, 2007, the Court entered Pre-Trial Order No. 25, which sets forth the terms of *pro se* plaintiffs' access to the PSC document depository.  Since the entry of PTO 25, the PSC has received a number of communications from various *pro se* claimants.  The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov.

X.   IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS data.  The PSC has been advised that Orders were issued in New Jersey state court regarding the IMS data

and the PSC is reviewing the Orders further.

XI.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  The PSC filed an opposition to Merck's motion on July 26, 2007.  Merck has agreed to file a reply on or before August 1, 2007.  Further, as noted above, the PSC has issued discovery requests to the following third parties in connection with this issue:  Governor Haley Barbour, Governor Mitchell E. Daniels, Jr., National Governors Association, National Conference of State Legislators, American Legislative Exchange Council, and The Council of State Governors (*see supra*, Section V).

XII.   TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum.  On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form.  The PSC is reviewing the information and will be providing a response to DLC.

XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL

1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIV.   <u>VIOXX SUIT STATISTICS</u>

Merck advises that as of June 30, 2007, it has been served or was aware that it had been named as a defendant in approximately 26,950 lawsuits, which include approximately 45,225 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 266 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,575 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,400 lawsuits representing approximately 16,400 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of June 30, approximately 14,450 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 4,620 plaintiff groups have been dismissed as of June 30, 2007. Of these, there have been more than 1,170 plaintiff groups whose claims were dismissed with prejudice (*i.e.*, they cannot be brought again), either by plaintiffs themselves or by the courts, and more than 3,450 plaintiff groups whose claims were dismissed without prejudice (*i.e.*, they can be brought again).

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party). Further,

Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV.     MERCK INSURANCE

Since the 30(b)(6) deposition regarding insurance took place on May 23, 2007, the PSC is further reviewing materials and will advise Merck with respect to issues involving the PSC's request for discovery concerning Merck insurance coverage and the arbitration/dispute resolution matters.

XVI.    MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months.  The matter is not yet set for hearing.  Merck advises that it intends to file responsive pleadings.

XVII.   OXFORD/VICTOR DATA

The PSC has requested that Merck and Oxford provide information relative to Protocol 203 and other items related to VICTOR.  Merck has advised the PSC that it has produced all VICTOR-related materials in its possession.  On July 3, 2007, Merck's counsel sent correspondence to PLC enclosing a comprehensive index memorializing these productions and copies of transmittal letters regarding same.  Merck advises that it has requested from Oxford the data underlying the upcoming article to be published in the *New England Journal of Medicine*, but it has not yet received any additional data from Oxford that it has not already produced to the PSC.  Merck has agreed to produce to the PSC any additional data received from Oxford when it is received by Merck.  Merck's counsel and Liaison Counsel in the New Jersey Coordinated Litigation jointly agreed on the terms of a letter sent to Oxford concerning these issues.

8

XVIII. <u>NEXT STATUS CONFERENCE</u>

The next monthly status conference will be held on September 6, 2007, at 9:00 a.m.

Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access

code will be 11540037 and the Chairperson will be Judge Fallon.

