IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX PRODUCT LIABILITY LITIGATION | * * * * * * | MDL NO. 1657 SECTION "L" SPECIAL MASTER PAUL RICE |

* * * * * * * * * * * * *

## CONTENTS

Third Special Master's Report and Recommendations – Alleged Factual Errors and Inconsistencies in First Opinion on Sample Document Submissions

Appendix I

    A.    Amended Recommended ruling on Merck 2,000 sample documents

    B.    Amended Recommended ruling on PSC 600 documents

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

August 1, 2007

# THIRD SPECIAL MASTER'S REPORT AND RECOMMENDATIONS - ALLEGED FACTUAL ERRORS AND INCONSISTENCIES IN FIRST OPINION ON SAMPLE DOCUMENT SUBMISSIONS

On July 2, 2007 the Special Master filed his First Report and Recommendations on sample documents that were submitted to the Court by Merck & Co. [hereafter Merck] for in camera inspection from a universe of an estimated 60,000 documents withheld from discovery on privilege grounds.

In response to these recommended rulings Merck was granted permission by Judge Fallon to contact the Special Master to identify factual errors upon which decisions were recommended, inconsistencies in recommended rulings, and recommended rulings that were not consistent with the Special Master's explanations. This was received by the Special Master on July 16, 2007. Each document has been retrieved from the database, re-examined by the Special Master and corrections, where appropriate, made. Each of the questions raised by Merck in its July 16 letter will be addressed in sequence in which the documents were identified.

**A. Documents For Which Basis and Ruling Do Not Match.** The Special Master, Special Counsel and a team of paralegals worked diligently to avoid inconsistencies in format of recommended rulings and substantive rulings on identical (or nearly identical) documents. Nonetheless, inconsistencies are inevitable when examining thousands of documents. This occurs because the process of understanding a company's enterprise, the content of communications, the circumstances of their preparation, reason for their creation, and how substantive principles of the law of privilege relate to them is an evolving one. Through this evolution, internal guidelines are created and constantly revised as greater understanding is acquired. This, of course, requires the constant re-examination of documents and changing of previous tentative decisions. While the digital age has facilitated this process, it is inevitable that some of the communications in need of re-examination will not be found. Aside from the evolving nature of the process, when examining thousands of documents on the same or similar subject matters, identical communications often appear to be different in the context of other communications.

Inconsistencies in the format or substantive rulings may also occur because of (1) the evolving nature of this process, (2) the fact that some documents are only partially privileged, and (3) attempts to clarify rulings on partially privileged documents with the least verbiage. An example of this is the first category of documents identified in the July 16 letter from Merck's counsel under the title.

Document 296 (MRK-AFK0188276-278) (change to Granted in part, Denied in part)

Document 396 (MRK-AFK0062350-352) (change to Granted in part, Denied in part)

Document 706 (MRK-AAD0410558-561) (change to Granted in part, Denied in part)

Document 801 (MRK-ABX0041665-703) (change to Granted in part, Denied in part)

Document 802 (MRK-ABX0041704-721) (change to Granted in part, Denied in part)

Document 809 (MRK-ABY0156097-127) (change to Granted in part, Denied in part)

Document 1059 (MRK-ABK0205361-372) (change to Granted in part, Denied in part)

Document 1076 (MRK-ABY0020856-869) (change to Granted in part, Denied in part)

Document 1422 (MRK-AAC0108437-475) (change to Granted in part, Denied in part)

Document 1423 (MRK-AAC0108476-493) (change to Granted in part, Denied in part)

Document 1491 (MRK-ADB0102687-688) (change to Granted in part, Denied in part)

These were documents for which the attorney-client privilege claim was only partially granted. The original communications were found to have been created for both business and legal purposes. Not having been created primarily for legal advice or assistance, the attorney-client privilege did not apply to either the e-mail communications or their attachments. The responses by Merck's legal counsel, however, were rendering legal assistance on those mixed purpose communications. Therefore, privilege was denied to the initial communications and attachments, but Merck was permitted to redact their lawyers' comments. Initially, this was noted as a "Denied with permission to excise." This format was used because Merck's lawyers had made their comments (many of which were extensive) on the very document that was not privileged and had done this through electronic line edits rather than handwritten interlineations that could easily be redacted. Because we wanted it to be clear that the attachment had to be produced we denied the claim but noted that Merck could redact the lawyer's edits. In retrospect we concluded that this should be dealt with through a "Granted in Part and Denied in Part" ruling with explanation in the opinion. We attempted to change all of these initial assessments, but obviously all were not found. The substantive content of these recommended rulings, however, remains the same.

In some instances the e-mail message and attachment upon which privilege was claimed was given one document number. In others instances, the e-mail message and attachment were given two document numbers. On occasion, this led to one ruling erroneously being recommended for two separate document numbers. That is what appears to have happened with the following documents:

Document 680 (MRK-AIQ0005581-584) (change to Granted)
Document 1306 (MRK-ADB0102386) (change to Granted)

When some documents were re-examined by the Special Master, independently, or after discussions with Special Counsel, decisions were changed but reasons did not get clarified to correspond to the changes. This appears to have occurred with the following document:

Document 518 (MRK-AGV0000038). (Initially, the privilege claim for this document was Granted in part and Denied in part.) (change to Denied).

**B. Identical Document With Differing Rulings.** Merck identified a number of identical documents upon which there had been inconsistent rulings.

Attorney-client privilege and work product immunity were denied for Document 236 (MRK-ADW0023073) but attorney-client privilege was granted for identical redactions in seven other documents. The disposition should be changed as follows:

Document 236 (MRK-ADW0023073) (changed to Granted for A/C)

Privilege was denied for Document 519 (MRK-AGV000039-40) because the handwriting was not identified as being that of a lawyer. The privilege claim was granted for Document 1163 (MRK-AGV0062079-80) that was identical. The disposition should be changed as follows:

Document 519 (MRK-AGV000039-40) (changed to Granted for A/C)

Privilege was Granted in part and Denied in part for Document 579 (MRK-AAD0223925) because the attachment to a non-privileged communication is not privileged, but privilege was granted for Lahner's comments on the attachment. Document 97 (ACD-123132) was Granted in part and Denied in part. The disposition should be changed as follows:

Document 579 (MRK-AAD0223925) (Changed to Granted in Part and Denied in part. Attachment to MRK-AAD223923-24. Denied. Lahner's comments on the attachment are privileged. Granted)

Privilege was upheld for Document 1431, but was denied for Document 1420 (MRK-AAC0065640), Document 1436 (MRK-ACD0004645), and Document 1505 (MRK-ADI0006428) in Appendix A and Document 414 (MRK-AAC0065614), Document 434 (MRK-AAD0108129), Document 454 (MRK-ACD0004645), and Document 469 (MRK-ADI0006428) of Appendix B. Merck contends all of these claims should be Granted. To the contrary, after re-examining all of the documents, all of the claims should be denied because (1) the message and attachment were not primarily for legal advice because they were sent to many individuals that included two lawyers, and

individuals that included two lawyers, and (2) the content of the message did not convey legal advice – only a suggestion for an alternative format for developing language for a submission to the DDMAC.

    Document 1431 (MRK-ABW0012580-581) (change to Denied)

    **C. Mis-identified documents.** Merck identified two documents where the decisions and descriptions do not match the documents. Occasionally, in the volume of communications being processed decisions will mistakenly be placed on the wrong communication. That appears to have happened with Document 733 (MRK-ABC0016991) and Document 1508 (MRK-ADI0033779-80). The ruling on the documents should be changed as follows:

    Document 733 (MRK-ABC0016991) (change to Granted)
    Document 1508 (MRK-ADI0033779-80) (change Granted in part, Denied in part. Attachment –Denied. Lawyer's comments on attachment – Granted.)

    **D. Factual Inaccuracies.** Merck identifies a number of decisions that were allegedly based on factual inaccuracies that may have affected the privilege rulings.

    Privilege claims for Document 357 (MRK-ACR0003979), Document 358 (MRK-ACR0003980-981), Document 463 (Appendix B) (MRK-ACR0003979) and Document 464 (Appendix B) (MRK-ACR0003980-981) were denied because "Olson, a non-lawyer, requested that information be sent to him by the author of the message." Brent Olson is an in-house attorney at Merck. These claims, however, were not denied because of any misperception about Olson being an attorney, but because there was no reason given for why the attorney was requesting the information and Janet Keyser was not seeking legal advice. The decisions on these documents should be as follows:

    Document 357 (MRK-ACR0003979) (no change)
    Document 358 (MRK-ACR0003980-981) (no change)
    Document 463 (Appendix B) (MRK-ACR0003979) (no change)
    Document 464 (Appendix B) (MRK-ACR0003980-981) (no change)
    Reason: No explanation was offered for why the attorney was requesting this information and the person sending it was not seeking legal assistance.

    In Document 371 (MRK-ADI0018662-663) Kevin Dugan was not identified as a lawyer. The decision on this document should be as follows:

    Document 371 (MRK-ADI0018662-663) (changed to Granted)

    In Document 372 (MRK-ADL0042587-89) Kevin Dugan was not identified as a lawyer. The decision on this document should be as follows:

    Document 372 (MRK-ADL0042587-89) (changed to Granted)

In Document 399 (MRK-AFK0138563-567) Mr. Andrew Chuk was not identified as a lawyer. Accordingly, the recommended decision should be changed as follows:

Document 399 (MRK-AFK0138563-67) (changed to Granted)

Document 681 (MRK-AIQ0005585-86) was not identified by Merck as part of Document 680 (MRK-AIQ 5581-84). The agenda proposed in 681 would have been part of the request for legal advice in document 680. Accordingly, the recommended decision should be as follows:

Document 681 (MRK-AIQ0005585-86) (changed to Granted)

Document 1248 (MRK-ABX0065974-977) is an attachment to Document MRK-ABX0065973. Privilege was denied for the attachment and the comments on the attachment were held not to be privileged because they were not identified as having been from a lawyer. The cover e-mail identifies the comments as having come from "Ron." Ron having now been identified as Ron Henshall, an attorney, the decision on the document should be changed as follows:

Document 1248 (MRK-ABX0065974-977) (changed to Granted in part, Denied in part. Attachment – Denied. Lawyer's comments on attachment – Granted.)

The privilege claim for Document 1666 (MRK-ADK0008325) was denied because the content of the e-mail was addressed to "everyone." The content of the voice message the lawyer was being asked to review and comment upon was mistakenly interpreted as part of the e-mail message itself. Accordingly, the recommended ruling for this document should be changed as follows:

Document 1666 (MRK-ADK0008325) (changed to Granted)

**E. Documents With No Ruling.** Merck identifies three documents in which all e-mails in the chains have not been ruled upon. The recommended rulings are as follows:

Document 580 (MRK-AAD0225908) (Granted in part, Denied in part. First two e-mail messages seek legal advice from Lahner – Granted. Third message from Lahner does not reveal substance of Lahner's advice – Denied.)

Document 1400 (MRK-AFV0271161-62) (Granted in part, Denied in part. First two messages with attachment are not primarily for legal advice – sent to a number of non-lawyers and a lawyer – Denied. Message from Lahner – Granted. Last message from Braunstein to van Adelsberg – Denied. It does not reveal the content of any advice from Lahner.)

Document 1693 (MRK-ADW0022052-53 (Granted in part, Denied in part. Privilege denied for the whole e-mail chain except for the single message from

Dunn to Lahner, April 13, 2002 – Granted. Verification of date of pending circulars in not legal advice and no advice is revealed in the last message from Dunn to Barker.)

**F. Documents With No Ruling on Work-Product Claims.** The Merck letter of July 16 identifies two documents on which all claims were not addressed. These claims were work product claims and they were overlooked because they were so seldom asserted. Disposition of the claims should be as follows:

Document 928 (MRK-ABO0001111) (A/C Denied. Time of scheduled interviews is not a confidential communication protected by the attorney-client privilege. Work Product – Granted.)

Document 946 (MRK-ACX00042235-236) (A/C Denied. Scheduling of meetings is not a confidential communication protected by the attorney-client privilege. Work product – Denied. The litigation anticipated is not identified. Hughes Hubbard worked with Merck on many projects and all of the projects related to anticipated litigation. Some related only to advertising. The fact that something was "prepared" by an employee at the request of a lawyer is not dispositive.)

**G. Other Request for Clarification**

In Document 857 (MRK-AFQ0008484-85) the claim of attorney-client privilege was denied with the explanation that the comments of Mr. Cromley were "editorial" in nature. This was an incorrect choice of words. The explanation should have been that the comments of Mr. Cromley seemed more policy oriented, rather than primarily legal in nature. The recommended ruling has not been changed.

I submit these recommendations to the Court this 1st day of August, 2007.

Paul R. Rice, Special Master