UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | : MDL Docket No. 1657 <br> : <br> : SECTION: L <br> : <br> : JUDGE FALLON <br> : MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**
*Lori Rodriguez, et al v. Merck & Co., Inc., et al*
**Docket No: 07-953**

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LORI RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RICHARD RODRIGUEZ, DECEASED; LUIS ANGEL RODRIGUEZ, INDIVIDUALLY; RUBEN RODRIGUEZ, INDIVIDUALLY; NAOMI FRANCO, INDIVIDUALLY; AND RACHEL RODRIGUEZ, INDIVIDUALLY (hereinafter referred to as Plaintiffs), complaining of MERCK & CO., INC.; AMERISOURCE, INC.; BERGEN BRUNSWIG DRUG COMPANY d/b/a AMERISOURCEBERGEN (hereinafter sometimes referred to as the "Drug Defendants"); AND GERARDO ZAVALA, M.D. (hereinafter sometimes referred to as Physician Defendant), all sometimes referred to herein collectively as "Defendants," and for cause of action, Plaintiffs would respectfully show unto this Court the following:

I.

This is a civil action brought on behalf of the above-styled Plaintiffs, and Plaintiff RICHARD RODRIGUEZ was prescribed and used the prescription medication Vioxx® (Rofecoxib). This drug caused the Plaintiffs to suffer harm, injuries, and legal damages. Vioxx® caused the untimely death

of RICHARD RODRIGUEZ(DECEASED). This action seeks monetary damages for these injuries caused by Vioxx® (Rofecoxib).

II.

This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure 190.4.

III.

Plaintiff LORI RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RICHARD RODRIGUEZ, DECEASED, is a resident of Taft, San Patricio County, Texas.

Plaintiff LUIS ANGEL RODRIGUEZ is a resident of San Antonio, Bexar County, Texas.

Plaintiff RUBEN RODRIGUEZ is a resident of San Antonio, Bexar County, Texas.

Plaintiff NAOMI FRANCO is a resident of San Antonio, Bexar County, Texas.

Plaintiff RACHEL RODRIGUEZ is a resident of San Antonio, Bexar County, Texas.

Defendant, MERCK & CO., INC., (hereinafter referred to as "Merck"), is incorporated in the State of New Jersey and has its principal place of business in Raway, New Jersey. Defendant, MERCK is duly authorized to conduct business in the State of Texas. Service of process upon Defendant MERCK has been accomplished by serving the agent for service of process at C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. At all times relevant herein, Defendant MERCK was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. Defendant MERCK does business by agent in Texas and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Texas. No additional service is necessary at this time.

Defendant, AMERISOURCE, INC. (hereinafter referred to as "Amerisource"), is incorporated in the state of Delaware, and has its principal place of business in Wilmington, DE.

Defendant AMERISOURCE was duly authorized to conduct business in the State of Texas. Defendant AMERISOURCE is believed to be a non-resident corporation which engages in business in the State of Texas, but which does not maintain a regular place of business in this State (and has not designated an agent for service of process in Texas). Therefore, pursuant to TCPRC, Section 17.044, this Defendant has been served by serving the Secretary of State located at P.O. Box 13697, ATTENTION: CITATIONS UNIT, Austin, Texas 78711. Defendant AMERISOURCE has been served pursuant to the Texas Long-Arm Statute in TCPRC, Chapter 17. The address for Defendant AMERISOURCE is 2330 Shawnee Mission Parkway, Westwood, Kansas 66205. At all times relevant herein, Defendant was in the business of marketing, promoting, selling and/or distributing pharmaceuticals and other products, including Vioxx®. Defendant AMERISOURCE does business by agent in Texas and, on information and belief, advertised, marketed, promoted, sold and/or distributed Vioxx® in Texas. No additional service is necessary at this time.

Defendant, BERGEN BRUNSWIG DRUG COMPANY D/B/A AMERISOURCEBERGEN, (hereinafter referred to as "Bergen"), is incorporated in the state of California and has its principal place of business in Orange, CA. Defendant BERGEN was duly authorized to conduct business in the State of Texas. Defendant BERGEN is believed to be a non-resident corporation which engages in business in the State of Texas, but which does not maintain a regular place of business in this State (and has not designated an agent for service of process in Texas). Therefore, pursuant to TCPRC, Section 17.044, this Defendant has been served by serving the Secretary of State located at P.O. Box 13697, ATTENTION: CITATIONS UNIT, Austin, Texas 78711. Defendant BERGEN has been served pursuant to the Texas Long-Arm Statute in TCPRC, Chapter 17. The address for Defendant BERGEN is P. O. Box 959, Valley Forge, Pennsylvania 19482. At all times relevant herein Defendant BERGEN was in the business of marketing, promoting, selling and/or distributing

pharmaceuticals and other products, including Vioxx®. Defendant BERGEN does business by agent in Texas and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Texas. No additional service is necessary at this time.

Defendant GERARDO ZAVALA, M.D., is a physician who has been served with process at 4423 N.W. Loop 410, Suite 100, San Antonio, Texas 78229. No additional service is necessary at this time. At all times material to this petition, each Defendant acted as an agent for each of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged herein.

IV.

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court. Plaintiffs seek recovery of monetary damages for injuries to Plaintiffs sustained as a result of the wrongful conduct of Defendants.

V.

Venue is proper in Bexar County, Texas pursuant to the Texas Civil Practice and Remedies Code, Chapter 15, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

VI.

Plaintiff RICHARD RODRIGUEZ (DECEASED) took Vioxx® (Rofecoxib) as a prescription medication for the relief of pain. As a result of the ingestion of Vioxx® (Rofecoxib), Plaintiff RICHARD RODRIGUEZ (DECEASED) suffered from complications which led to serious injuries and the ultimate untimely death of Plaintiff RICHARD RODRIGUEZ (DECEASED).

VII.

Vioxx® (Rofecoxib), is a prescription drug purportedly designed to treat pain through reduced inflammation; Vioxx® (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent (NSAID). The Drug Defendants did manufacture, design, package, market, sell and/or distribute this drug. The Drug Defendants encouraged the use of this drug through an aggressive marketing campaign, including through its sales representatives and direct-to-consumers. Defendants misrepresented the safety and effectiveness of this drug, and concealed or understated the drug's dangerous side effects.

At all times relevant hereto, the Drug Defendants actually knew of the defective nature of their product as herein set forth. Despite this knowledge, Drug Defendants continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety. Such conduct by Drug Defendants was in conscious disregard of the foreseeable harm caused by these products. The Drug Defendants' conduct exhibits such an entire want of care so as to establish that Drug Defendants' actions were fraudulent, and with misrepresentations, and with legal malice, reckless, intentional, grossly negligent, willful, in breach of warranties, and with strict liability, and thus Plaintiffs are entitled to appropriate compensatory and punitive/exemplary damages.

VIII.

The pharmaceutical Vioxx® (Rofecoxib) was designed, manufactured, marketed, sold and/or supplied by one or more of these Defendants, and such drug was placed into the stream of commerce in a defective and unreasonably dangerous condition (as these terms are defined in law). More specifically, such drug was defective and unreasonably dangerous, taking into account the utility of the product and the risk involved with the product's use. Further, there were (and are) safer

alternative drugs that were (and are) available on the market for treatment of the same ailments that Vioxx® was purportedly designed to treat. Further, an additional example of a safer alternative design would have been a drug with a package insert that more fully and completely disclosed (warned) regarding the extreme risks of Vioxx® (the drug). The design of Vioxx® renders the drug defective. The manufacture of Vioxx® renders the drug defective. The marketing of Vioxx® renders the drug defective. By way of example, but without limitation, the marketing of Vioxx® was defective because of the inadequate warnings and/or inadequate instructions for use of the product (especially in light of the aggressive marketing campaign for this drug). In fact, Drug Defendants failed to warn (and failed to adequately warn), even after the Drug Defendants had actual knowledge of the extreme risks of serious injury and/or death as posed by Vioxx®. By way of further example, but without limitation, Drug Defendants' product must be considered as defective because of the inadequate testing of the drug. The defective product Vioxx®, and all of the wrongful conduct of Drug Defendants, was a producing cause and contributing cause of the harm, injuries, and legal damages complained of herein by Plaintiffs.

IX.

Further, Plaintiffs would show that the Drug Defendants failed to use ordinary care with Vioxx®, and that failures to use ordinary care constitute negligence. Such negligent acts and/or omissions were a proximate cause of the death of RICHARD RODRIGUEZ and Plaintiffs' legal harm and damages to Plaintiffs. Drug Defendants had a duty to exercise reasonable care, but failed to exercise reasonable care. Drug Defendants' failures to exercise reasonable care include, but are not limited to, a lack of care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. By way of example, but without limitation, Drug Defendants were negligent (and extremely negligent) in that Drug Defendants even knew of

the great risk of harm to persons taking Vioxx®, and yet Drug Defendants continued to push their drug on the consuming public (including Plaintiffs herein).

Defendants failed to use reasonable care, and such failures constitute negligence. Defendants knew or should have known that consumers (patients) such as the Plaintiffs would foreseeably suffer injury or death as a result of Defendants' negligence. Such negligence was a proximate cause of the death of RICHARD RODRIGUEZ and the legal harm and legal damages to Plaintiffs.

X.

Plaintiffs would show that Drug Defendants made express representations relative to their product Vioxx® (Rofecoxib). Drug Defendants represented that the product was effective, and safe and fit for use when, in fact, the product was not so effective, and not safe, and not fit. Such conduct constitutes misrepresentations and negligent misrepresentations on the part of Drug Defendants, and such representations resulted in and caused the untimely death of RICHARD RODRIGUEZ and Plaintiffs' legal harm and legal damages (for which this suit and these claims are now asserted).

Plaintiffs would further show that Drug Defendants made express and implied warranties relative to their product, Vioxx® (Rofecoxib). Plaintiffs reasonably relied upon the skill and judgment of the Drug Defendants as to whether Vioxx® (Rofecoxib) was of merchantable quality, and safe and fit for its intended use. Drug Defendants made warranties that their product was of merchantable quality, and safe and fit for its intended purpose, but such product was not of merchantable quality, and not safe and not fit for its intended purpose. In fact, the product was and is unreasonably dangerous and unfit for the ordinary purposes for which Drug Defendants intended the product to be sued. Such conduct constitutes breach of warranties (express and/or implied), and such breaches of these warranties was a producing and/or proximate cause of the death of RICHARD RODRIGUEZ and Plaintiffs' legal harm and legal damages (for which this suit and these claims are now asserted).

XI.

Drug Defendants were negligent and reckless, and engaged in wrongful conduct that was intentional. All of these behaviors by Drug Defendant rise to the level of fraud. Plaintiffs would show that Drug Defendants are guilty of fraud, and that such fraud by Drug Defendants was a cause of the death of RICHARD RODRIGUEZ and Plaintiffs' legal harm and legal damages. By way of example, but without limitation, Drug Defendants repeatedly represented to doctors and to the general public (and to Plaintiffs) that Vioxx® (Rofecoxib) was safe, and fit for its intended purpose, and was without risks with respect to certain side effects, and Drug Defendants made these repeated representations despite their knowledge to the contrary (such contrary and unfavorable information was being hidden and secreted by Drug Defendants). Plaintiffs reasonably relied upon the repeated representations of Drug Defendants, and did so to this Plaintiffs' detriment. Drug Defendants' fraud was a cause of the death of RICHARD RODRIGUEZ and the legal harm and legal damages to Plaintiffs.

XII.

Prior to and following the introduction of Vioxx® (Rofecoxib) into the market as a prescribed pharmaceutical medication, the Drug Defendants set into motion a campaign to market their product. The Drug Defendants' representations made concerning Vioxx® (Rofecoxib) as a safe and effective drug were made so that Plaintiffs and the general consuming public would rely on said representations and take this drug. In fact, decedent and her family did rely on Drug Defendants' representations in this regard.

At the time the Drug Defendants made these representations, Drug Defendants were aware that these representations were false and/or Drug Defendants made these representations with reckless disregard to their truth. As a result of the Drug Defendants' fraud and misrepresentations, RICHARD RODRIGUEZ lost his life and the Plaintiffs have suffered legal harm and legal damages.

Defendant GERARDO ZAVALA, M.D., prescribed Vioxx® (Rofecoxib) to Plaintiff RICHARD RODRIGUEZ, DECEASED. Defendant GERARDO ZAVALA, M.D. failed to warn and/or negligently prescribed the medication Vioxx® (Rofecoxib) to RICHARD RODRIGUEZ, DECEASED. Defendant doctor failed to properly monitor the effect of the drug on RICHARD RODRIGUEZ, DECEASED and failed to offer a safer alternative drug to treat him.

XIII.

All Defendants, and each of them, individually and collectively, are guilty of various acts of omission and commission which constitute conduct giving rise to legal liability of all Defendants. Such conduct of all Defendants was a proximate and/or producing cause of the incident(s) made the basis of this lawsuit, and the untimely death of RICHARD RODRIGUEZ and the legal harm and legal damages to Plaintiffs herein.

XIV.

RICHARD RODRIGUEZ lost his life as a result of taking Vioxx® (Rofecoxib). Plaintiff Lori Rodriguez is the surviving spouse of RICHARD RODRIGUEZ (deceased). Luis Angel Rodrigez, Ruben Rodriguez, Naomi Franco and Rachel Rodriguez are children of RICHARD RODRIGUEZ, DECEASED. Plaintiffs Lori Rodriguez, Luis Angel Rodriguez, Ruben Rodriguez, Naomi Franco and Rachel Rodriguez have suffered harm and legal damages in the past, and will continue to suffer legal damages in the future. Such legal damages include, but are not limited to, mental anguish, loss of consortium, and all of those legal damages and remedies available pursuant to the Texas Wrongful Death Statute and/or Texas Survival Statute. Plaintiffs seek all legal damages as a result of the death of RICHARD RODRIGUEZ, DECEASED (these Plaintiffs' pecuniary losses, losses of companionship and society, mental anguish, loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, and the loss of the positive benefits flowing from the love, comfort, companionship, and society, and the emotional pain,

torment, and suffering (all arising from the untimely death of RICHARD RODRIGUEZ). Plaintiffs seek fair compensation for these legal damages that have occurred in the past, and hereby assert the appropriate claim for such legal damages that will likely occur in the future. Plaintiffs have suffered each of these elements in an amount within the jurisdictional limits of this Court.

As representative of the estate of RICHARD RODRIGUEZ, DECEASED, his wife, Lori Rodriguez respectively, seeks all legal damages recoverable to the estate. Specifically, on behalf of the estate of RICHARD RODRIGUEZ, Lori Rodriguez seeks fair and reasonable compensation for decedent's pain and mental anguish (meaning conscious physical pain and emotional pain, torment, and suffering), medical expenses, and funeral and burial expenses arising from the incident made the basis of this suit. Such legal damages are sought for such harm that has occurred in the past.

XV.

Plaintiffs further allege entitlement to pre-judgment and post-judgment interest at the highest rate permitted by law.

XVI.

Defendants and/or Drug Defendant may try to assert a defense by alleging and/or arguing that Vioxx® (Rofecoxib), and its package insert, were "approved" by the Food and Drug Administration (FDA). Plaintiffs would show that any presumption that Drug Defendants argue may apply under the Texas Civil Practice & Remedies Code because such "approval" is rebutted because:

    a.    The standards or procedures used in the particular pre-market approval process for Vioxx were inadequate to protect the public, including Plaintiff, from unreasonable risks of injury or damage from Vioxx, and/or

    b.    Drug Defendants, both before and after pre-market approval of Vioxx, withheld from or misrepresented to the FDA information that was material and relevant to the performance and/or safety of Vioxx and was causally related to Plaintiff's injuries and subsequent death.

XVII.

Plaintiffs hereby demand a trial by jury, and would show that Plaintiffs have tendered the required jury fee with the filing of this Petition.

XVIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants, MERCK & CO., INC.; AMERISOURCE, INC., BERGEN BRUNSWIG DRUG COMPANY d/b/a AMERISOURCEBERGEN AND GERARDO ZAVALA, M.D. be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiffs recover judgment against these Defendants, for actual damages as alleged herein, pre-judgment and post-judgment interest at the highest rate permitted by law; exemplary damages as allowed by law; costs of suit; and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF DOUGLAS A. ALLISON
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471
361-888-6002
361-888-6651 FAX NUMBER

BY: _____
Douglas A. Allison
State Bar No. 01083500


LAW OFFICES OF JACK MODESETT III
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471
361-882-3737
361-885-7983 FAX NUMBER

BY: _____
Jack Modesett III
State Bar No. 14244337

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' First Amended Original Petition has been served on liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of August, 2007.

_____
Douglas A. Allison