# EXHIBIT A



NATIONAL CONFERENCE *of* STATE LEGISLATURES

*The Forum for America's Ideas*

Friday, January 13, 2006

Steven J. Rauschenberger
*Assistant Senate Minority Leader*
*Illinois*
*President, NCSL*

Susan Clarke Schaar
*Clerk of the Senate*
*Virginia*
*Staff Chair, NCSL*

William T. Pound
*Executive Director*

The Honorable Mike Leavitt, Secretary
U.S. Department of Health and Human Services
Hubert Humphrey Building
200 Independence Avenue, SW, Room 615 F
Washington, DC 20201

Re: **Food and Drug Administration Final Rule on the Requirements on Content and Format of Labeling for Human Prescription Drugs and Biologics; Requirements for Prescription Drug Product Labels, Docket No. 00N-1269**

Dear Secretary Leavitt:

I am writing on behalf of the National Conference of State Legislatures (NCSL) to express our opposition to the inclusion of language that would preempt state product liability laws in the above-referenced Rule. This preemption language is a thinly-veiled attempt on the part of FDA to confer upon itself authority it does not have by statute and does not have by way of judicial rulings. The Food, Drug & Cosmetics Act does not expressly permit FDA to preempt state law in the area of prescription drugs. In addition, several courts have consistently ruled against FDA's position favoring preemption. FDA seeks to insert this currently unavailable language into its final rule without going through the requisite comment period that should be accorded to a such an important shift in agency position. This amounts to an abuse of agency process and a complete disregard for our dual system of government.

The Notice of Proposed Rulemaking (NPRM) for the "Requirements on Content and Format of Labeling for Human Prescription Drugs and Biologics; Requirements for Prescription Drug Product Labels" (Labeling Rule) was first issued on December 22, 2000. In the original NPRM, FDA conducted an analysis of the Labeling Rule to determine whether it contained any policies that have federalism implications or that preempt state law in accordance with Executive Order 13132. FDA determined that the Labeling Rule did not have federalism implications as defined by E.O. 13132 and stated:

> "FDA is publishing this proposed rule to revise its regulations governing the format and content of labeling for human prescription drug products...Because enforcement of these labeling provisions is a Federal responsibility, there should be little, if any, impact from this rule, if finalized, on the States, or on the

Washington
*444 North Capitol Street, NW, Suite 515*
*Washington, D.C. 20001*
*Phone 202.624.5400   Fax 202.737.1069*

Denver
*7700 East First Place*
*Denver, Colorado 80230*
*Phone 303.364.7700   Fax 303.364.7800*

*Website* www.ncsl.org

distribution of power and responsibilities among the various levels of Government. **In addition, this proposed rule does not preempt State law.** Accordingly, FDA has determined that this proposed rule does not contain policies that have federalism implications or that preempt State law. " (NPRM, Fed. Reg. vol. 65, No. 247, p. 81103).

NCSL subsequently agreed with FDA's analysis and did not comment on the NPRM. Had the NPRM contained a conflict between state and federal law, FDA is required under E.O. 13132 to conduct an official consultation with state and local government groups such as NCSL "in an effort to avoid such a conflict." (E.O. 13132 sec. 4(d)). This consultation would normally occur **before** the NPRM was published in the Federal Register.

NCSL understands that FDA now intends to finalize this rule and include a policy statement that provisions of the Labeling Rule would now preempt state product liability laws. NCSL recently asked FDA officials why it was including this harmful language. References to several recent court cases wherein FDA filed amicus briefs and in which FDA's position on federal preemption of state laws did not prevail were offered. FDA further informed NCSL it would not re-publish the Labeling Rule and open it up for comments based on this very significant change, nor would it share the proposed language with NCSL. **It is unacceptable that FDA would not permit the states to be heard on language that has a direct impact on state civil justice systems nationwide.**

To resolve the current situation, I respectfully request that either the language be withdrawn or in the alternative, that the Labeling Rule be re-published with the appropriate opportunity to comment on this troubling proposed provision. Your consideration of our concerns and recommendations is most appreciated. For further information, please contact NCSL staff Joy Johnson Wilson at 202-624-8689 or Susan Parnas Frederick at 202-624-3566.

Sincerely,

*[signature]*

Sen. Steven J. Rauschenberger
Assistant Senate Minority Leader, Illinois
President, NCSL

Cc:  The Honorable Arlen Specter, Chair, Senate Judiciary Committee
     The Honorable Patrick Leahy, Ranking Member, Senate Judiciary Committee
     The Honorable James Sensenbrenner, Chair, House Judiciary Committee
     The Honorable John Conyers, Ranking Member, House Judiciary Committee
     The Honorable Michael Enzi, Chair Senate Health, Education, Labor, and Pensions Committee
     The Honorable Edward Kennedy, Ranking Member, Senate Health, Education, Labor, and Pensions Committee
     The Honorable Joe Barton, Chair, House Energy and Commerce Committee
     The Honorable John Dingell, Ranking Member, House Energy and Commerce Committee