**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: VIOXX®** <br><br> **PRODUCTS LIABILITY LITIGATION** <br><br> *This document relates to: PAULA ZUREK and JOHN ZUREK, w/h v. Merck & Co., Inc., Peter S. Kim, Ph.D., Judy Sherwood Personal Representative of the Estate of Louis M. Sherwood, M.D., Deceased, David W. Anstice and Edward M. Scolnick, M.D. (E.D. Pa. 07-3729).* | MDL Docket No. 1657 <br><br> **SECTION L** <br><br> **JUDGE FALLON** <br><br> **MAGISTRATE JUDGE KNOWLES** |

**ANSWER AND JURY DEMAND OF DEFENDANT JUDY SHERWOOD, PERSONAL REPRESENTATIVE OF THE ESTATE OF LOUIS M. SHERWOOD, M.D. (DECEASED)**

Defendant Judy Sherwood, Personal Representative of The Estate of Louis M. Sherwood, M.D. (deceased) ("Dr. Sherwood"), by and through undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

**RESPONSE TO "PARTIES - PLAINTIFFS"**

1) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

**RESPONSE TO "PARTIES DEFENDANTS"**

3) The allegations contained in paragraph 3 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

4) The allegations contained in paragraph 4 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

5) The allegations contained in paragraph 5 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

6) The allegations contained in paragraph 6 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

7) The allegations contained in paragraph 7 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

8) The allegations contained in paragraph 8 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

9) The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

10) The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

11) The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

12) Denied, except admitted that Dr. Sherwood was the former Senior Vice President, Medical and Scientific Affairs in the U.S. Human Health Division of Merck ("U.S. MEDSA"). Judy Sherwood is a citizen of Florida and permanently resides at 7598 Playa Rienta Way, Delray Beach, Florida.

13) Denied, except admitted that Dr. Sherwood was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

14) Denied, except admitted that Dr. Sherwood was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

15) Denied.

16) Denied.

17) Denied.

18) Denied.

19) Denied.

20) Denied.

21) The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

22) The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

23) The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

24) The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

25) The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

26) The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

27) The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

28) The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

29) The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

30) The allegations contained in paragraph 30 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

31) The allegations contained in paragraph 31 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

32) The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

33) The allegations contained in paragraph 33 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

34) Denied.

**RESPONSE TO "JURISDICTIONAL STATEMENT"**

35) The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required, but are otherwise denied.

**RESPONSE TO "BACKGROUND"**

36) Denied, except admitted that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via

inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Dr. Sherwood further admits that VIOXX® is Merck's trade name for rofecoxib.

37) Denied, except admitted that VIOXX® is a selective COX-2 inhibitor.

38) Denied.

39) Denied, except admitted that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and the Court is referred to the Application for its actual language and full text.

40) Denied, except admitted that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and the Court is referred to the Application for its actual language and full text.

41) Denied, except admitted that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and the Court is referred to the prescribing information for VIOXX® for its indicated uses.

42) Denied, except admitted that Merck scientists participated in the VIGOR study involving VIOXX® and the Court is referred to the referenced study for its actual conclusions and full text.

43) Denied, except admitted that Plaintiffs purport to quote the document referenced in paragraph 43 and the Court is referred to the referenced document for its actual language and full text.

44) Denied, but averred that in March 2000 Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study, to which the Court is referred for its actual language and full text.

45) Denied, except admitted that in September 2001 Merck received a letter from a regulatory review officer of the FDA regarding VIOXX® and the Court is referred to the referenced letter for its actual language and full text.

46) Denied, except admitted that in September 2001 Merck received a letter from a regulatory review officer of the FDA regarding VIOXX® and the Court is referred to the referenced letter for its actual language and full text.

47) Denied, except admitted that in or about April 2002 the FDA approved certain changes to the Vioxx prescribing information and the Court is referred to the prescribing information for Vioxx for its actual language and full text.

48) Denied.

49) Denied.

50) Denied.

51) Denied, except admitted that Plaintiffs purport to quote from the Merck 2001 Annual Report and the Court is referred to the referenced report for its actual language and full text.

52) Denied, except admitted that Plaintiffs purport to quote from an 8-K Securities and Exchange Commission filing and the Court is referred to the referenced document for its actual language and full text.

53) Denied, except the existence of the journal and the article referenced in paragraph 53 is admitted and the Court is referred to the referenced document for its actual language and full text.

54) Denied, except the existence of the study referenced in paragraph 54 is admitted and the Court is referred to the referenced study for its actual language and full text.

55) Denied, except the existence of the article referenced in paragraph 55 is admitted and the Court is referred to the referenced document for its actual language and full text.

56) Denied.

57) Denied.

58) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint as Dr. Sherwood was no longer employed by Merck on September 30, 2004.

60) Denied.

**RESPONSE TO "COUNT I - NEGLIGENCE"**

61) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

62) Denied.

63) Denied.

64) Denied.

65) Denied.

66) Denied.

67) Denied.

As for the "Wherefore" section under paragraph 67, no responsive pleading is required, but the allegations are otherwise denied.

**RESPONSE TO "COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"**

68) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

69) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint.

71) The allegations contained in paragraph 71 are legal conclusions as to which no response is required, but are otherwise denied.

72) Denied.

73) Denied.

74) Denied.

75) The allegations contained in paragraph 75 are legal conclusions as to which no response is required, but are otherwise denied.

76) Denied.

77) Denied.

78) Denied.

79) Denied.

As for the "Wherefore" section under paragraph 79, no responsive pleading is required, but the allegations are otherwise denied.

**RESPONSE TO "COUNT III - BREACH OF EXPRESS WARRANTY"**

80) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

81) Denied, except admitted that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

82) Denied.

83) Denied.

84) Denied.

85) Denied.

86) Denied.

87) Denied.

88) Denied.

89) Denied.

90) Denied.

91) Denied.

92) Denied.

93) Denied.

94) Denied.

As for the "Wherefore" section under paragraph 94, no responsive pleading is required, but the allegations are otherwise denied.

**RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION"**

95) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

96) The allegations contained in paragraph 96 are legal conclusions as to which no response is required, but are otherwise denied.

97) Denied.

98) Denied.

99) Denied.

100) Denied.

101) Denied.

102) Denied.

103) Denied.

104) Denied.

As for the "Wherefore" section under paragraph 104, no responsive pleading is required, but the allegations are otherwise denied.

**RESPONSE TO "COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS"**

105) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

106) Denied.

107) The allegations contained in paragraph 107 are legal conclusions as to which no response is required, but are otherwise denied.

108) Denied.

109) Denied.

110) Denied.

111) Denied.

112) Denied.

As for the "Wherefore" section under paragraph 112, no responsive pleading is required, but the allegations are otherwise denied.

**RESPONSE TO "COUNT VI - PUNITIVE DAMAGES"**

113) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

114) Denied.

115) Denied.

116) Denied.

117) Denied.

118) Denied.

119) Denied.

120) Denied.

As for the "Wherefore" section under paragraph 120, no responsive pleading is required, but the allegations are otherwise denied.

**RESPONSE TO "COUNT VII - LOSS OF CONSORTIUM"**

121) Judy Sherwood incorporates by reference her responses contained in the preceding paragraphs of this Answer.

122) Judy Sherwood lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint.

123) Denied.

124) Denied.

125) Denied.

126) Denied.

127) Denied.

128) Denied.

129) Denied.

As for the "Wherefore" section under paragraph 129, no responsive pleading is required, but the allegations are otherwise denied.

**AFFIRMATIVE DEFENSES**

130) Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

131) The Complaint fails to state a claim upon which relief can be granted.

132) Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

133) If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

134) To the extent that Plaintiffs assert claims based on Dr. Sherwood's and/or Dr. Sherwood's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

135) To the extent that Plaintiffs assert claims based upon an alleged failure by Dr. Sherwood and/or Dr. Sherwood to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

136) If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

137) Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

138) If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

139) If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Dr. Sherwood and over whom Merck and/or Dr. Sherwood had no control and for whom Dr. Sherwood may not be held accountable.

140) If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

141) If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

142) To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

143) Plaintiffs' claims are barred, in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

144) Plaintiffs' claims are barred in whole or in part by the First Amendment.

145) Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

146) Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

147) Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation

Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

148) Plaintiffs claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

149) This case is more appropriately brought in a different venue.

150) To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Sherwood's liability, if any, should be reduced accordingly.

151) To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

152) Plaintiffs claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

153) Plaintiffs' claims of fraud are barred by reason of Plaintiffs failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

154) Plaintiffs claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

155) To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck or Dr. Sherwood, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

156) Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Judy Sherwood to determine all of her legal, contractual and equitable rights, she reserves the right to amend and supplement the averments of her answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Judy Sherwood will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Judy Sherwood respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding the Estate of Dr. Louis M. Sherwood its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Judy Sherwood demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Mark A. Berman
Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA & BERMAN, LLC**
126 State Street
Hackensack, NJ 07601
Tel: (201) 441-9056
Fax: (201) 441-9435

*Attorneys for Defendant*
*Judy Sherwood, Personal Representative for the Estate of Louis M. Sherwood, M.D. (Deceased)*

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
**STONE PIGMAN WALTHER WITTMANN, LLC**
546 Carondelet Street
New Orleans, LA 70130
Tel: (504) 581-3200
Fax: (504) 581-3361

*Defendants' Liaison Counsel*

Dated: August 14, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer & Jury Demand of Defendant Judy Sherwood, Personal Representative of the Estate of Louis M. Sherwood, M.D. (Deceased), has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of August, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
**STONE PIGMAN WALTHER WITTMANN, LLC**
546 Carondelet Street
New Orleans, LA 70130
Tel: (504) 581-3200
Fax: (504) 581-3361

*Defendants' Liaison Counsel*