IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | | |
| PRODUCTS LIABILITY LITIGATION | * | MDL DOCKET NO: 1657 |
| | * | Section L |
| | * | Judge Fallon |
| | * | |
| This Document Relates to | * | Mag. Judge Knowles |
| | * | |
| DANIEL KOPALYAN, ET AL | * | |
| | * | |
| VS. | * | |
| | * | |
| MERCK, INC., ET AL | * | |
| | * | |
| Docket No. 07-2701, Eastern District of LA | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>AFFIRMATIVE DEFENSES AND ANSWER</u>

NOW INTO COURT, comes defendant, **PMSI, INC. d/b/a Florida, PMSI, Inc**., (hereinafter referred to as "PMSI") in the captioned matter, who submits the following Answer and Affirmative Defenses to the Petition of Daniel Kopalyan and Shushanik Kopalyan.

1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Petition fails to state facts sufficient to constitute a claim upon which relief can be granted and further fails to entitle plaintiffs to the relief sought, or to any other relief whatsoever from PMSI .

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

### THIRD DEFENSE

PMSI denies that the products distributed by it caused or contributed to the alleged injuries of plaintiffs and further denies that it is liable to plaintiffs for the claims alleged or for any other claims whatsoever.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the Louisiana Products Liability Act, LSA R.S. 9:2800.51, et seq, and PMSI  hereby pleads all of the limitations and defenses set forth therein.

### FIFTH DEFENSE

Plaintiffs assumed the risk of any injury or damage alleged in the Petition.

### SIXTH DEFENSE

Plaintiffs failed to limit or mitigate their alleged losses.

### SEVENTH DEFENSE

PMSI  asserts that any injury or damages alleged in the Petition, which injuries and/or damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiffs;

or by pre-existing conditions; or by other persons, entities or forces over whom PMSI had no control and for which PMSI is not responsible.

## EIGHTH DEFENSE

Any injury or damage sustained by plaintiffs were caused by intervening or superseding events, factors, occurrences or conditions which were not caused by PMSI and for which PMSI is not liable.

## NINTH DEFENSE

In the event that PMSI is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, PMSI avers that any injury or damages alleged in the Petition were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiffs' recovery, in whole or in part.

## TENTH DEFENSE

PMSI, while denying that any product distributed by it caused or contributed to any injury incurred by plaintiffs, asserts that plaintiffs were warned or were otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product.  Plaintiffs are thereby estopped from any recovery on the claims asserted.

## ELEVENTH DEFENSE

PMSI did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which PMSI specifically denies, then PMSI did not make such representation with the intent to either deceived or to induce plaintiffs to act in justifiable reliance.

## TWELFTH DEFENSE

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of PMSI and did not act upon any statement, representation advice or conduct to their detriment.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because of plaintiffs' lack of awareness of, or lack of reliance upon, the representations alleged.

## FOURTEENTH DEFENSE

PMSI asserts that as of the relevant times alleged in the Petition, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

## SIXTEENTH DEFENSE

PMSI invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on compensatory and punitive damages.

4

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### EIGHTEENTH DEFENSE

PMSI is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiffs, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries. PMSI is also entitled to have any damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs, or any state entity acting on behalf of plaintiffs, from any source.

### NINETEENTH DEFENSE

Where applicable, plaintiffs' claims are barred, in whole or in part, by executed releases and/or the doctrines of res judicata and estoppel.

### TWENTIETH DEFENSE

PMSI asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

### TWENTY-FIRST DEFENSE

PMSI asserts that to the extent plaintiffs assert claims based on PMSI's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, under applicable state law because VIOXX

was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. Sec. 301.

## TWENTY-THIRD DEFENSE

To the extent plaintiffs asserts claim based upon an alleged failure by PMSI to warn plaintiffs directly of alleged dangers associated with the use of VIOXX, such claims are barred under the learned-intermediary doctrine.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the "directions or warning" as to the use of VIOXX were adequate under the law.

## TWENTY-FIFTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which PMSI  is not responsible.

## TWENTY-SIXTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiffs' misuse or abuse of VIOXX thereby barring recovery.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred as plaintiffs failed to read and/or head any warning that may have been provided.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiffs.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because there existed no privity between plaintiffs and PMSI.

### THIRTIETH DEFENSE

Plaintiffs are not entitled to punitive damages under Louisiana Law.

### THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to recovery under the La. Unfair Trade Practices Act as plaintiffs have failed to give notice to the La. Attorney General as required by the Act.

### THIRTY-SECOND DEFENSE

Plaintiffs have failed to plead fraud with particularity as required by Louisiana Code of Civil Procedure article 856.

### THIRTY-THIRD DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against PMSI in that they failed to notify PMSI of any alleged defect in the product.

### THIRTY-FOURTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against PMSI in that PMSI owed no warranty to plaintiffs for defects that were known to plaintiffs or should have been discovered by a reasonably prudent buyer.

### THIRTY-FIFTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against PMSI in that no redhibitory defect exists in VIOXX.

### THIRTY-SIXTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against PMSI in that the thing sold was fit for its ordinary use.

### THIRTY-SEVENTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against PMSI in that plaintiffs failed to tender the product for repair or return of the purchase price.

### THIRTY-EIGHTH DEFENSE

PMSI  adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to PMSI, and further reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

### THIRTY-NINTH DEFENSE

PMSI hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to this case.

**AND NOW FOR ANSWER TO PLAINTIFFS' PETITION:**

### PRELIMINARY STATEMENT

PMSI  states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by PMSI and other persons or entities.  The Petition

improperly and repeatedly refers to PMSI and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against PMSI. To the extent that any specific allegations are made, or intended to be made against PMSI that are not specifically admitted herein, they are denied.

## RESPONSE TO PETITION

1.

PMSI denies the allegations set forth in Paragraph 1 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

2.

PMSI denies the allegations set forth in Paragraph 2 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

3.

The allegations set forth in Paragraph 3 of plaintiffs' petition are denied to the extent they state or imply any fault, negligence or liability on the part of PMSI.

4.

The allegations set forth in Paragraph 4 of plaintiffs' petition are denied to the extent they state or imply any fault, negligence or liability on the part of PMSI.

5.

PMSI denies the allegations set forth in Paragraph 5 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

6.

PMSI denies the allegations set forth in Paragraph 6 of plaintiffs' petition for lack of

sufficient information to justify a belief therein.

7.

PMSI denies the allegations set forth in Paragraph 7 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

8.

PMSI denies the allegations set forth in Paragraph 8 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

9.

PMSI denies the allegations set forth in Paragraph 9 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

10.

PMSI admits that it sold Vioxx, as alleged in Paragraph 10 of plaintiffs' petition.

11.

PMSI denies the allegations set forth in Paragraph 11 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

12.

PMSI denies the allegations set forth in Paragraph 12 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

13.

PMSI denies the allegations set forth in Paragraph 13 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

14.

PMSI denies the allegations as set forth in Paragraph 14 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

15.

PMSI denies the allegations set forth in Paragraph 15 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

16.

The allegations set forth in Paragraph 16 of plaintiffs' petition are denied to they extent they state or imply any fault, negligence, or liability on the part of PMSI.

17.

PMSI denies the allegations as set forth the first sentence of Paragraph 17 of plaintiffs' petition for lack of sufficient information to justify a belief therein. The allegations set forth in the second sentence of Paragraph 17 of plaintiffs' petition are denied to they extent they state or imply any fault, negligence, or liability on the part of PMSI.

18.

PMSI denies the allegations as set forth the Paragraph 18 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

19.

PMSI denies the allegations as set forth in Paragraph 19 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

20.

PMSI denies the allegations as set forth in Paragraph 20 of plaintiffs' petition for lack of

sufficient information to justify a belief therein.

21.

PMSI denies the allegations as set forth in Paragraph 21 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

22.

PMSI denies the allegations as set forth in Paragraph 22 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

23.

PMSI denies the allegations as set forth in the first sentence of Paragraph 23 of plaintiffs' petition for lack of sufficient information to justify a belief therein. The allegations of the second sentence of Paragraph 23 are denied to the extent they state or imply any fault, negligence, or liability on PMSI.

24.

The allegations of Paragraph 24 of plaintiffs' petition are denied to the extent they state or imply any fault, negligence, or liability on PMSI.

25.

PMSI denies the allegations as set forth in Paragraph 25 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

26.

PMSI denies the allegations as set forth in Paragraph 26 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

27.

PMSI denies the allegations as set forth in Paragraph 27 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

28.

PMSI denies the allegations as set forth in Paragraph 28 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

29.

PMSI denies the allegations as set forth in Paragraph 29 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

30.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

31.

PMSI denies the allegations as set forth in Paragraph 31 of plaintiffs' petition.

32.

PMSI denies the allegations as set forth in Paragraph 32 of plaintiffs' petition.

33.

PMSI denies the allegations as set forth in Paragraph 33 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

34.

PMSI denies the allegations as set forth in Paragraph 34 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

13

35.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

36.

PMSI denies the allegations as set forth in Paragraph 36 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

37.

The allegations in Paragraph 37 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 37 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

38.

PMSI denies the allegations as set forth in Paragraph 38 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

39.

PMSI denies the allegations as set forth in Paragraph 39 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

40.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

41.

The allegations in Paragraph 41 of plaintiffs' petition do not contain any allegations against

14

PMSI  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 41 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

42.

The allegations in Paragraph 42 of plaintiffs' petition do not contain any allegations against PMSI  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 42 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

43.

PMSI denies the allegations as set forth in Paragraph 43 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

44.

The allegations in Paragraph 44 of plaintiffs' petition do not contain any allegations against PMSI  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 44 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

45.

The allegations in Paragraph 45 of plaintiffs' petition do not contain any allegations against PMSI  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 45 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

46.

The allegations in Paragraph 46 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 46 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

47.

The allegations in Paragraph 47 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 47 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

48.

The allegations in Paragraph 48 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 48 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

49.

The allegations in Paragraph 49 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 49 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

50.

The allegations in Paragraph 50 of plaintiffs' petition do not contain any allegations against

PMSI  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 50 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

51.

The allegations in Paragraph 51 of plaintiffs' petition do not contain any allegations against PMSI  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 51 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

52.

PMSI denies the allegations as set forth in Paragraph 52 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

53.

PMSI denies the allegations as set forth in Paragraph 53 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

54.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

55.

PMSI denies the allegations as set forth in Paragraph 55 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

56.

PMSI denies the allegations as set forth in Paragraph 56 of plaintiffs' petition for lack of

sufficient information to justify a belief therein.

57.

The allegations in Paragraph 57 of plaintiffs' petition are denied to the extent they state or imply any fault, negligence of liability on the part of PMSI.

58.

PMSI denies the allegations as set forth in Paragraph 58 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

59.

PMSI denies the allegations as set forth in Paragraph 59 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

60.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

61.

The allegations in Paragraph 61 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 61 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

62.

The allegations in Paragraph 62 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 62 of plaintiffs' petition in so far as

it seeks to impose liability of any nature upon PMSI.

63.

PMSI denies the allegations as set forth in Paragraph 63 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

64.

PMSI denies the allegations as set forth in Paragraph 64 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

65.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

66.

The allegations in Paragraph 66 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 66 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

67.

PMSI denies the allegations as set forth in Paragraph 67 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

68.

PMSI denies the allegations as set forth in Paragraph 68 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

69.

The allegations in Paragraph 69 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 69 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

70.

The allegations in Paragraph 70 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 70 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

71.

PMSI denies the allegations as set forth in Paragraph 71 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

72.

PMSI denies the allegations as set forth in Paragraph 72 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

73.

The allegations in Paragraph 73 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant. Should an answer be deemed necessary, PMSI denies the allegations set forth in Paragraph 73 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

20

74.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

75.

The allegations in Paragraph 75 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 75 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

76.

The allegations in Paragraph 76 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 76 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

77.

The allegations in Paragraph 77 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 77 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon PMSI.

78.

The allegations in Paragraph 78 of plaintiffs' petition do not contain any allegations against PMSI and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, PMSI  denies the allegations set forth in Paragraph 78 of plaintiffs' petition in so far as

it seeks to impose liability of any nature upon PMSI.

79.

PMSI denies the allegations as set forth in Paragraph 79 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

80.

PMSI denies the allegations as set forth in Paragraph 80 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

81.

PMSI denies the allegations as set forth in Paragraph 81 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

82.

PMSI incorporates by reference its responses to all previous paragraphs of the Complaint, as it fully set forth herein.

83.

PMSI denies the allegations as set forth in Paragraph 83 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

84.

PMSI denies the allegations as set forth in Paragraph 84 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

**WHEREFORE,** defendant, PMSI, Inc. d/b/a Florida, PMSI, Inc., prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs, dismissing all of the claims

of the plaintiffs against them, with prejudice, and at plaintiffs' cost.

Respectfully submitted,

_____

Thomas P.  Anzelmo (Bar Roll #2533)
Darcy E. Decker (#30469)
McCranie, Sistrunk, Anzelmo,
Hardy, Maxwell & McDaniel, PC
3445 N.  Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Southwest PMSI
tanzelmo@mcsalaw.com
ddecker@mcsalaw.com

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liason Counsel, Russ Herman and Phillip Whittmann, by US Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on this 15th day of August, 2007.

Thomas P.  Anzelmo (Bar Roll #2533)
Attorney for Defendant
McCranie, Sistrunk, Anzelmo,
Hardy, Maxwell & McDaniel, PC
3445 N.  Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
tanzelmo@mcsalaw.com