UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to Case No.: 07cv3998<br><br>JOSEPHINE COKER, et al.<br><br>           Plaintiffs<br><br>vs.<br><br>MERCK & CO., INC., et al.<br><br>           Defendants. | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE KNOWLES |

## MOTION AND INCORPORATED MEMORANDUM OF
## DEFENDANT MERCK & CO., INC. TO VACATE REMAND ORDER

### INTRODUCTION

Pursuant to Rule 60(b), Federal Rules of Civil Procedure, defendant Merck & Co., Inc. ("Merck") respectfully moves this Court to vacate the remand order entered by the transferor court on August 14, 2007.  Merck respectfully suggests that the transferor court, the Northern District of Mississippi, was divested of jurisdiction over *Josephine Coker, et al. v Merck & Co., Inc., et al.* as of August 6, 2007, the date on which the conditional transfer order issued by the Judicial Panel on Multidistrict Litigation ("the MDL Panel") became final.  Therefore, the remand order entered by the transferor court on August 14, 2007 is void and should be vacated.

### PROCEDURAL BACKGROUND

Plaintiffs filed suit on or about May 29, 2007, in the Leflore County Circuit Court, State of Mississippi.  On July 3, 2007, Merck removed this case to the Northern District of

2

Mississippi, based on diversity jurisdiction under 28 U.S.C. § 1332.  (Attached hereto as Ex. A is the notice of removal.)  On July 5, 2007, Merck filed an Answer and a motion to stay the litigation pending transfer to the these MDL proceedings.  (Attached hereto as Ex. B is the motion to stay.)  On July 10, 2007, pursuant to JPML Rule 7.5(e), Merck also filed a written notice with the MDL Panel notifying it of the "tag along" status of this action pursuant to JPML Rule 7.5(e).  (Attached hereto as Ex. C is the notice.)  On August 6, 2007, the MDL Panel filed conditional transfer order 108 ("CTO 108"), transferring this and certain other actions to this Court.  *See* Rec. doc. 12017.  In addition, this Court received and stamp-filed a copy of CTO 108 on August 6, 2007.  *Id.*  Because plaintiffs did not oppose transfer within 15 days, ***the transfer order became final on August 6, 2007***.  *See* Rec. doc. 12017; JPML Rule 7.4(a), (e).

Meanwhile, plaintiffs had filed a motion in the transferor court seeking to remand this matter to the state court (Attached hereto as Ex. D is the motion).  On August 14, 2007, after the transfer had already become final, the transferor court entered an order remanding the action to state court in Mississippi.  (Attached hereto as Ex. E is the remand order.)

## ARGUMENT

## I.   THE TRANSFEROR COURT LACKED JURISDICTION TO RULE ON THE MOTION TO REMAND.

The transfer of this action from the transferor court to this Court was effective on August 6, 2007, when the transfer order was filed in this Court.  *See* JPML Rule 1.5 ("A transfer . . . shall be effective when the transfer . . . order is filed in the office of the clerk of the district court of the transferee district."); Rule 1.5 commentary ("Transfer of jurisdiction occurs when the Panel's order of transfer is filed in the transferee court.").  Once transfer becomes effective, the jurisdiction of the transferor court ceases, and the transferee court is vested with exclusive jurisdiction.  *See, e.g.*, *In re Plumbing Fixture Cases,* 298 F. Supp. 484 (JPML 1968); *see also*

888904v.1

*Astarte Shipping Co. v. Allied Steel & Export Serv.*, 767 F.2d 86, 87 (5th Cir. 1985) ("[W]hen the [Judicial Panel on Multidistrict Litigation] orders a case transferred, the transferor district court is deprived of jurisdiction until the case is returned to it.").  Once the conditional transfer order in this case became final on August 6, 2007, jurisdiction over all pretrial proceedings vested exclusively in this Court.  Thus, the transferor court had no jurisdiction to rule on the motion to remand on August 14, 2007 – eight days ***after*** jurisdiction over all pretrial proceedings vested exclusively in this Court.

**II.      THE REMAND ORDER IS NULL AND VOID AND MUST BE VACATED.**

Fed. R. Civ. P. 60(b) provides in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:  . . . (4) the judgment is void."  "When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion -- the judgment is either void or it is not."  *Recreational Properties, Inc. v. Southwest Mortg. Service Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).  *See also* CHARLES ALAN WRIGHT ET AL., 11 FEDERAL PRACTICE AND PROCEDURE § 2862 (2nd ed. 1995).

Because the Northern District of Mississippi lacked jurisdiction to rule on the remand motion, its order granting remand is void.  *See In re Prudential Insurance Company Of America Sales Practices Litig.*, 177 F.R.D. 216 (D.N.J. 1997) ("Judge Campos's Remand Order, filed August 19, 1997, is a nullity . . . because Judge Campos no longer had jurisdiction over the Ortegas' case as of August 18, 1997, the filing date of the MDL Panel's order to the transferee district."); *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (observing that a judgment is void where "the court that rendered it lacked jurisdiction of the subject matter"); *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) ("A judgment is void on jurisdictional grounds if the court lacked jurisdiction over the subject matter or over the parties.").  Thus, the

4

transferor court's remand order must be vacated.  *See Astarte Shipping Co. v. Allied Steel & Export Serv.*, 767 F.2d at 87; Fed. R. Civ. P. 60(b).

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to vacate the August 14, 2007 order granting plaintiffs' motion to remand.

Date:   August 17, 2007

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

888904v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion and Incorporated Memorandum to Vacate Remand Order has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of August, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

888904v.1