IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FILED
JUL 0 3 2007
DAVID CREWS, CLERK
By_____ Deputy

JOSEPHINE COKER, )
CHARLIE CRISS, )
and ROSE PURNELL, )
 )
    Plaintiffs, )
 )
vs. ) Case No.: 4:07CV100-P-B
 )
MERCK & COMPANY, INC., )
MISTY AUSTIN, ) JURY TRIAL DEMAND
ANDREA ELIZABETH BEAVERS, )
DAN SHEALS, )
WILLIAM UMPHLETT, )
and JOHN DOES 1-20, )
 )
    Defendants. )

## NOTICE OF REMOVAL

TO: The United States District Court for the Northern District of Mississippi:

PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Leflore County, Mississippi, to the United States District Court for the Northern District of Mississippi, and respectfully states to this Court as follows:

1.     This is one of numerous personal injury cases that have been filed recently in both federal and state courts around the country concerning the pharmaceutical Vioxx® ("Vioxx"). On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "Panel") issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation*. The Transfer Order directed that 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. The 148 cases subject to the

Transfer Order, while involving different and distinct facts, raise certain overlapping factual issues and allege similar legal theories. On March 4, 2005, the Panel issued Conditional Transfer Order No. 1 transferring additional federal district court cases, including nine pending in Mississippi, to the United States District Court for the Eastern District of Louisiana, pending opposition from any party. Merck intends to provide notice to the Panel, pursuant to J.P.M.L. Rule 7.5, of the pendency of this "tag-along" action.

2. On or about May 29, 2007, Josephine Coker, Charlie Criss, and Rose Purnell ("plaintiffs") commenced a civil action by filing a Complaint, bearing cause number 2007-0226 CICI, in the Circuit Court of Leflore County, Mississippi. Merck now timely removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3. For the reasons described below, removal of this action is proper because (1) Merck has satisfied the procedural requirements for removal and (2) this Court has jurisdiction over the State Court action pursuant to 28 U.S.C. § 1332.

I. **MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. On June 15, 2007, Merck was served with the Complaint. Accordingly, Merck now timely removes this action within thirty days of service on the defendants pursuant to 28 U.S.C. § 1446(b).

5. Upon information and belief, no further proceedings have been had in the State Court Action. A copy of the state court record is attached hereto as Exhibit 1.

6. The United States District Court for the Northern District of Mississippi, Greenville Division embraces the county in which the state court action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 104(b)(1) & 1441(a).

7.   Merck is the only properly joined defendant and therefore no other consent to this removal is required.[1]

8.   No previous application has been made for the relief requested herein.

9.   Pursuant to 28 U.S.C. § 1446(d), defendant Merck is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

## II.   REMOVAL IS PROPER IN THIS CASE BASED ON DIVERSITY JURISDICTION.

10.   As set forth below, this Court has subject matter jurisdiction over the State Court action pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity between plaintiffs and the only properly joined defendant, Merck.

### A.   The Amount In Controversy Exceeds $75,000.

11.   It is apparent on the face of the Complaint that plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiffs seek compensatory and punitive damages. Complaint at ¶¶ 133-139, Ad Damnum Clause. Courts considering similar alleged injuries arising of the plaintiffs' alleged use of the same drug – Vioxx - have found the amount in controversy requirement of 28 U.S.C. § 1332 (diversity jurisdiction) to be satisfied and thus denied motions to remand. *See, e.g., Morgan v. Merck & Co.,* No. 3:03cv435WS, Order Denying Plaintiffs' Motion To Remand And Granting Defendants' Pending Motions (S.D.

---

[1] 28 U.S.C. § 1441(b) does not bar removal. It is well settled that co-defendants who are fraudulently joined need not consent to removal. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993); *Getty Oil Corp. v. Insurance Co. of N. Am.,* 841 F.2d 1254, 1261 n.9 (5th Cir. 1988). The other named defendants, Austin, Beavers, Sheals, and Umphlett are fraudulently joined and therefore, their consent is not required.

3

Miss. May 29, 2004); *Omobude v. Merck & Co.*, No. 3:03CV528LN, Memorandum and Order at 3 (S.D. Miss. Oct. 3, 2003); *Porter v. Merck & Co.*, No. 4:03CV12LN, Memorandum and Order at 2 (S.D. Miss. June 17, 2003).[2]

**B. There Is Complete Diversity Between Plaintiffs And The Only Arguably Properly Joined Defendant-Merck.**

12. Upon information and belief, plaintiffs were, at the time this suit was filed, a citizen of the State of Mississippi.[3] Complaint at ¶ 1.

13. Merck is, and was at the time of the filing of this lawsuit, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Complaint at ¶ 2. Therefore, Merck is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14. Defendants John Does 1-20 have been sued under fictitious names. Complaint at ¶ 4. Accordingly, the citizenship of defendants John Does 1-20 "shall be disregarded" for purposes of removal. 28 U.S.C. § 1141(a).

15. For the reasons set forth below, the remaining defendants, Misty Austin, Andrea Elizabeth Beavers, Dan Sheals and William Umphlett ("professional representatives"), are fraudulently joined. Therefore, their citizenship must be ignored for removal purposes. *See Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction).

---

[2] Copies of the unpublished decisions in *Morgan, Omobude,* and *Porter,* along with their respective complaints, are attached hereto as Exhibits 2, 3, and 4, respectively.
[3] Plaintiffs allege that they are adult residents of Leflore County, Mississippi. Complaint at ¶ 1. Plaintiffs allege no other alternative state of residence. Accordingly, Mississippi is the state in which plaintiffs are domiciled and, therefore, the state of which they are citizens for purposes of determining diversity.

4

### C. The Professional Representative Defendants are Fraudulently Joined.

16. For the reasons set forth below, the professional representative defendants, identified as Mississippi residents and Merck professional representatives, are improperly joined.[4] *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction). Pursuant to the fraudulent joinder doctrine, a court should disregard the citizenship of in-state defendants where, as here, "there is no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000). There is no reasonable basis to predict that plaintiffs could prevail on their claims against the professional representatives for the following reasons.

17. There is no reasonable basis to predict that plaintiffs could prevail on the claims against the professional representatives and the professional representatives are fraudulently joined because plaintiffs have not alleged even a minimally sufficient factual basis for the claims asserted against the professional representatives. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding in-state defendant fraudulently joined where plaintiff refers to the in-state defendant only in passing and directs specific allegations towards the diverse defendants); *Strong v. First Family Fin. Services, Inc.*, 202 F. Supp. 2d 536, 545 (S.D. Miss. 2002) (denying remand; non-diverse defendant fraudulently joined where plaintiff asserted mere conclusory allegations "unaccompanied by any factual allegation"); *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002) (denying remand where complaint contained only "conclusory or generic allegations of wrongdoing on the part of non-diverse defendant").

---

[4] The United States Court Of Appeals For The Fifth Circuit has recently adopted the term "improper joinder" in place of "fraudulent joinder." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004).

18. Here, plaintiffs attempt to allege that the professional representatives are liable for product liability - inadequate warnings, product liability - breach of express warranty, product liability - breach of implied warranty of fitness for particular purpose, negligence, fraudulent misrepresentation, intentional/negligent misrepresentation to a learned intermediary, common law fraud, fraudulent suppression, negligent misrepresentation, agent misrepresentation, and damages. Complaint at Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII. Each of these causes of action require that the professional representatives actually have made a representation or omission of fact to the plaintiffs on which the plaintiffs subsequently reasonably relied. *See Skemetta v. Baywatch Yacht Club, Inc*, 806 So. 2d 1120, 1124 (Miss. 2002) (defining the elements of negligent misrepresentation to include a misrepresentation or omission of fact by the defendant that the plaintiff reasonably relied on); *Johnson v. Black Brothers, Inc.*, 879 So. 2d 525, 529 (Miss. Ct. App. 2004) (defining fraudulent misrepresentation as a false representation by the defendant with the intent that the "hearer" act on in reliance of its truth). Here, plaintiffs do not make any specific allegations as to what the professional representatives said, or to whom, and does not even identify plaintiffs' prescribing physician(s). Instead, plaintiffs' allegations regarding the conduct of Merck professional representatives are general, broad, and conclusory. Such vague and uncertain assertions are not sufficient to state a factual basis for any claim **against the professional representative defendants**. *See, e.g., Tillman v. RI Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined "where plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 637-38 (S.D. Miss. 2002) (collective, conclusory and generic allegations of wrongdoing on the part of all defendants are insufficient to show that individual defendant was not fraudulently joined) (citing

6

*Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000)); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("Rezulin II") (pharmaceutical representatives fraudulently joined due to general collective allegations regarding "defendants"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them). Accordingly, there is no reasonable basis to predict that plaintiffs could prevail on any of their claims against the professional representatives.

19. Plaintiffs' misrepresentation and fraud claims are deficient for the additional reason that plaintiffs have not pleaded fraud with particularity as required by Mississippi law. *See* Fed. R. Civ. P. 9. Nowhere in the Complaint do plaintiffs identify with the requisite particularity material misrepresentations of past or present fact made by the professional representatives. To the contrary, the claims against the professional representatives do not even meet basic pleading standards, much less the heightened standard for pleading fraud.

20. In addition, there is no reasonable basis to predict that plaintiffs could prevail on the warranty claims against the professional representatives for the following reasons. First, the professional representatives are not "warrantors" of Vioxx; rather the seller, or warrantor, of the product is the manufacturer, Merck. Second, plaintiffs fail to allege that their physicians purchased or even received Vioxx from the named professional representatives. Therefore, plaintiff's allegations against the professional representatives for breach of implied and express warranties fail. *See Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000).

21. Lastly, the professional representatives are improperly joined for the further reason that, to the extent plaintiffs' claims rely on a duty of the professional representatives to

7

warn the plaintiffs directly, no such duty exists. *Gulotta v. GE Capital Modular Space*, No. Civ.A. 03-1669, 2003 WL 21991717, at *2 (E.D. La. Aug. 19, 2003) (denying remand where non-diverse employee/agent defendant had "no personal duty of care" to plaintiff and was fraudulently joined) attached hereto as exhibit 5; *Walker v. Medtronic, Inc.*, No. 1:03CV74-D-D, 2003 WL 21517997, at *3-*4 (N.D. Miss. June 4, 2003) (denying remand and dismissing claims against sales representative because under Mississippi law a sales representative has no duty to warn (applying learned intermediary doctrine) and there were "no specific factual allegations" of fraudulent misrepresentation against these non-diverse defendants) attached hereto as exhibit 6; *Hardy v. Ducote*, No. 02-1520 (Section "A"), 2003 U.S. Dist. LEXIS 2940, at *6-*9 (W.D. La. Jan. 20, 2003) (denying remand where employer had not "delegated" to the non-diverse employee-defendant a duty of care owed to the plaintiff; finding fraudulent joinder) attached hereto as exhibit 7.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of the State of Mississippi for Leflore County, bearing cause number 2007-0226 CICI, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 3rd day of July, 2007.

8

Respectfully submitted,

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC

*alyson jones*
_____
CHRISTY D. JONES (MB #3192)
CHARLES C. HARRELL (MB #3135)
ANITA MODAK-TRURAN (MB #99422)
J. KENNEDY TURNER, III (MB #8140)
ALYSON B. JONES (MB #101456)

BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
17th FLOOR, AMSOUTH PLAZA
210 EAST CAPITOL STREET
PO BOX 22567
JACKSON, MS 39225
Telephone: (601) 948-5711
Facsimile: (601) 985-4500

Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via 1st-Class U.S. Mail, postage prepaid, upon the following counsel of record:

James V. Doyle, Jr.
WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203

James K. Littleton, III
LITTLETON LAW OFFICE
P.O. Box 1155
Greenwood, MS 38935-1155

**ATTORNEYS FOR THE PLAINTIFFS**

SO CERTIFIED this 3rd day of July, 2007.

/s/ Alyson Jones
ALYSON B. JONES

Jackson 2173081v.1