## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

| | | |
|---|---|---|
| JOSEPHINE COKER, | ) | |
| CHARLIE CRISS, | ) | |
| and ROSE PURNELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: **4:07cv100 WAP-EMB** |
| | ) | |
| MERCK & COMPANY, INC., | ) | |
| MISTY AUSTIN, | ) | **JURY TRIAL DEMAND** |
| ANDREA ELIZABETH BEAVERS, | ) | |
| DAN SHEALS, | ) | |
| WILLIAM UMPHLETT, | ) | |
| and JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## MERCK'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re Vioxx Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1657, the multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all federal product liability actions involving Vioxx (the "Vioxx product liability actions"). *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

Merck will shortly provide notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action. Merck expects a conditional transfer order to be issued shortly thereafter.

Case 4:07-cv-00100-WAP-EMB   Document 6   Filed 07/03/2007   Page 2 of 10

## BACKGROUND

### A.   MDL-1657

On February 16, 2005 MDL Panel issued a transfer order establishing MDL Proceeding

No. 1657, titled, *In re Vioxx Products Liability Litigation.*  The transfer order directed that the

148 actions that were the subject of the original motions for coordinated treatment pursuant to 28

U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for

the Eastern District of Louisiana before the Honorable Eldon E. Fallon.  *In re Vioxx Products*

*Liability Litigation*, 360 F. Supp. 2d at 1352.[1]  In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds
> that the cases in this litigation involve common questions of fact, and that
> centralization under Section 1407 in the Eastern District of Louisiana will
> serve the convenience of the parties and witnesses and promote the just
> and efficient conduct of the litigation.  All cases focus on the alleged
> increased health risks (including heart attack and/or stroke) when taking
> Vioxx, an anti-inflammatory drug, and whether Merck knew of these
> increased risks and failed to disclose them to the medical community and
> consumers.  Centralization under Section 1407 is necessary in order to
> eliminate duplicative discovery, avoid inconsistent pretrial rulings, and
> conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions pending

in multiple federal districts . . . will be treated as potential tag-along cases." *Id.* at 1353 n. 1.

There is currently a process in place for effecting the transfer to Judge Fallon's court of

related Vioxx product liability actions quickly and efficiently.  Merck's counsel, in a written

submission known as a "tag-along letter," notifies the Panel twice a week of newly-filed related

actions and developments in actions still under Panel consideration.  The Panel has been issuing

---

[1].      In its December 6, 2005 Order Denying Motion for Reconsideration, the Panel changed the
caption of MDL-1657 to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation* in order
to "more accurately reflect the scope of this litigation." *See id.* at 2.

conditional transfer orders transferring actions to Judge Fallon's court based on the information

contained in these tag-along letters.  Since the first Transfer Order was issued on February 16,

2005, more than 8,000 cases have been transferred to or filed directly in the MDL proceedings.

### B.    The Instant Action

On or about May 29, 2007, plaintiffs commenced this action against Merck by filing a

Complaint in the Circuit Court of Leflore County, Mississippi, bearing Case Number 2007-

0226CICI.  Merck was served with a copy of plaintiffs' Complaint on June 15, 2007.  Merck

timely removed this action to this Court on July 3, 2007.  There is no dispute that this action

involves the same factual inquiries that the Panel noted were present in the Vioxx product

liability actions generally, thereby warranting coordinated pre-trial proceedings in the Eastern

District of Louisiana.  Specifically, it is clear from the face of the Complaint that this case, like

the other Vioxx product liability actions, focuses on the alleged increased health risks (including

heart attack and stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck

knew of these alleged increased risks and failed to disclose them to the medical community and

consumers. For example, plaintiffs allege that "Defendants manufactured, sold and distributed

the prescription drug Vioxx" and that "[n]either the plaintiffs nor their heath care providers had

knowledge that the prescription drug Vioxx was unsafe to their health." (Compl. ¶¶ 65, 69)

Merck will shortly provide notice to the MDL Panel of this related action.  Merck expects

a conditional transfer order to be issued by the MDL Panel in this action within the next few

weeks.  Once the conditional transfer order is issued, plaintiffs have fifteen days to object to

transfer in accordance with R.P.J.P.M.L. 7.4(c).[2] Assuming that plaintiffs do not object to the

---

[2]    In the event plaintiffs choose to object to transfer to MDL-1657, there is a separate procedure for
filing objections to the transfer with the MDL Panel.  The issue of whether the case should be transferred
would be set for the next available Panel hearing session.  Given the overlapping factual issues this case
appears to have with those already in the MDL proceedings, any opposition would almost certainly be

transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's

court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's court.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its

likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-established.

*Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04

Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to stay all proceedings is well established.").

Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL

Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding

duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if

the action is not stayed; and (3) potential prejudice to the non-moving party. *Buie v. Blue Cross & Blue*

*Shield of Kan. City, Inc.*, No. 05-0534, 2005 U.S. Dist. LEXIS 35783, at *4 (W.D. Mo. Sept. 13, 2005);

---

futile. In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration. The Panel, in every Transfer Order since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders. (*See* June 20, 2005 Transfer Order (attached hereto as Exhibit A) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders Nos. 1 and 2); August 11, 2005 Transfer Order (attached hereto as Exhibit B) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders Nos. 5, 6, and 9); September 13, 2005 Transfer Order (attached hereto as Exhibit C) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8; October 21, 2005 Transfer Order (attached hereto as Exhibit D) (rejecting the arguments of the parties who opposed Conditional Transfer Order Nos. 11, 14, 15, 17, and 19); December 2, 2005 Transfer Order (attached hereto as Exhibit E) (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 19, 20, 21, 22, and 23); February 14, 2006 Transfer Order (attached hereto as Exhibit F) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 24, 25, 26, 28, 29, and 30); April 11, 2006 Transfer Order (attached hereto as Exhibit G) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 32, 33, 34, 36, and 37); April 13, 2006 Transfer Order (attached hereto as Exhibit H) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 31 and 35); June 14, 2006 Transfer Order (attached hereto as Exhibit I) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 38, 40, 43, and 45).)

*Mathis v. Bristol-Myers Squibb*, No. 03-0308, 2003 U.S. Dist. LEXIS 3797, at *2 (E.D. La. March 12, 2003).

Federal courts throughout the country with pending Vioxx product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts have issued stays. *See, e.g., Reid v. Merck & Co., Inc.,* No. 05 Civ. 06621(DGL), (W.D. N.Y. Mar. 1, 2006), slip op. at 6 ("The interest of uniform treatment of recurring jurisdictional issues is best served … by entering a stay in these cases."); *Beal v. Merck & Co., Inc.,* No. 05 Civ. 1344, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) (granting Merck's stay holding that "having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources"); *Hatch v. Merck & Co., Inc.,* No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn. Oct. 3, 2005)(same); *see also Euell v. Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005), slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying proceedings will serve the interests of judicial economy."); *Gaffney v. Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same); *see Grammer v. Merck & Co., Inc.,* No. 05 cv 67, slip op. at 1 (N.D. Miss. June 10, 2005) ("...that all pre-trial proceedings in this action shall be stayed, pending its likely transfer by the Judicial Panel on Multidistrict Litigation"); *Johnson v. Merck & Co., Inc.,* No. 05 cv 120, slip op., at 1 (N.D. Miss. June 20, 2005) (same); *Dueitt v. Merck & Co., Inc.,* No. 05 cv 133, slip op, at 1 (S.D. Miss. June 21, 2005) (same); *Dotson v. Merck &*

*Co., Inc.,* No. 05 cv 316, slip op., at 1 (S.D. Miss. June 22, 2005) (same); *Larry v. Merck & Co., Inc.,*

No. 05 cv 155, slip op., at 1 (N.D. Miss. August 16, 2005) (same).

## I.     JUDICIAL ECONOMY MANDATES A STAY.

Granting a stay of proceedings here will promote judicial economy.  The purpose of multidistrict

litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient

manner.  *See* 28 U.S.C. 1407(a).  Where, as here, the MDL Panel has already coordinated Vioxx product

liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay

of these proceedings will promote judicial economy.  *See Euell*, 2005 WL 2348487, at * 1 ("This case

involves the same factual inquiries that are present in the other hundreds of VIOXX cases . . . the Court .

. . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Mathern v.*

*Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer*

*Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *see also Melton v. Merck & Co.,*

*Inc.,* No. 04 cv 372, slip op., at 3 (S.D. Miss. Jan. 25, 2005) ("The court additionally finds that staying

all proceedings in this case will serve the interests of judicial economy."); *Lee v. Merck & Co., Inc.,* No.

04 cv 378, slip op., at 3 (S.D. Miss. Feb. 1, 2005) (same).

It is well settled that a district court is best served not expending resources "familiarizing itself

with the intricacies of an action that will be coordinated for pretrial management before a transferee

judge."  *Rivers,* 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425,

2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case . . . the court

would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose

jurisdiction.").  Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve

the resources of this court and prevent duplicative discovery and pretrial management efforts.  *SeeBoard*

*of Trustees of Teachers' Retirement System v. Worldcom, Inc.,* 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002)

("Having one court rather than three decide complex jurisdictional issues obviously saves judicial

resources."); *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069,

at * 2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and

acquired knowledge regarding the action and its pretrial procedures will be wasted.").

## II.      MERCK WILL BE PREJUDICED ABSENT A STAY.

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to

plaintiffS if a stay is granted.  *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030,

92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and

discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a

stay.").  There are currently over 8,000 Vioxx actions being coordinated in MDL-1657.  If individual

district courts allowed cases to proceed in the short window between the time cases were filed in or

removed to individual federal district courts and they were transferred to Judge Fallon, Merck would

face death by a thousand cuts.  Plaintiffs would be free to pursue a strategy of aggressively litigating,

and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that

inarguably meet the §1407 transfer standard to be transferred to Judge Fallon's court.  Judge Fallon has

established detailed protocols to manage the litigation through the disposition motion phase.  Merck

should not be forced to engage in unnecessary and duplicative discovery and motion practice.  *See*

*Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL  2234071, at * 1 (W.D. Tenn. Sept 13,

2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions

and discovery is significant."); *see also North v. Merck & Co., Inc.,* No. 05 Civ. 6475, 2005 WL

2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("[T]he risk of hardship to Merck of engaging in duplicative

motion practice and discovery . . . outweighs any prejudice that could potentially inure to [plaintiff]."); *Gorea*, 2005 WL 2372440, at * 1  ("[W]hereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

The potential prejudice to plaintiffs if the action is stayed is non-existent.  Plaintiffs have expended limited resources to date; this action is still in its infancy and discovery has not yet begun.  Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL.  Thus, plaintiffs will not suffer prejudice as a result of a stay**.**

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

DATED this 5<u>th</u> day of July, 2007.

Respectfully submitted,

   /s Alyson B. Jones
CHRISTY D. JONES (MB #3192)
CHARLES C. HARRELL (MB #3135)
ANITA MODAK-TRURAN (MB #99422)
J. KENNEDY TURNER, III (MB #8140)
ALYSON B. JONES (MB # 101456)

ATTORNEYS FOR
DEFENDANT MERCK & CO., INC.

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17th Floor, AmSouth Plaza
210 East Capitol Street
Post Office Box 22567
Jackson, Mississippi  39225-2567
Telephone:  (601) 948-5711
Facsimile:   (601) 985-4500

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification to the following ECF participants:

James V. Doyle, Jr.
WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203

James K. Littleton, III
LITTLETON LAW OFFICE
P.O. Box 1155
Greenwood, MS 38935-1155

**ATTORNEYS FOR THE PLAINTIFFS**

SO CERTIFIED $\underline{5^{th}}$ day of July, 2007.


                      ___/s Alyson B. Jones_____
                         ALYSON B. JONES


Jackson 2177694v.1