IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| JOSEPHINE COKER, CHARLIE CRISS, and ROSE PURNELL, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No.: 4:07cv100-P-B |
| MERCK & COMPANY, INC., MISTY AUSTIN, ANDREA ELIZABETH BEAVERS, DAN SHEALS, WILLIAM UMPHLETT, and JOHN DOES 1-20, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO REMAND

**COME NOW** the Plaintiffs, by and through the undersigned counsel of record, to request that this Honorable Court remand this action to the Circuit Court of Leflore County, Mississippi, pursuant to 28 U.S.C. §1447(c). As grounds for this motion, the Plaintiffs offer the following:

1. This is a personal injury and product liability case related to the Plaintiffs' ingestion of the pharmaceutical drug rofecoxib, previously sold under the trade name of "Vioxx." In addition to Defendant Merck & Company, Inc. (hereinafter "Merck"), there are four other named defendants, all of which, based on information and belief, are Mississippi residents (hereinafter "Resident Defendants"). Merck has improperly removed this action and jurisdiction is proper in the Circuit Court of Leflore County.

2. Diversity of Citizenship does not exist in this case. The only way for diversity of citizenship to exist in this case is for Defendant Merck to establish that the Resident Defendants were

1

improperly/fraudulently joined and that there "is no possibility that [plaintiffs] would be able to establish a cause of action against them in state court." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). To prove that non-diverse parties have been fraudulently joined in order to defeat diversity, the removing party must demonstrate either "outright fraud in the plaintiff's recitation of jurisdictional facts," or that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *citing Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Defendant Merck has not done so. The Fifth Circuit has warned, "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart*, 199 F.3d at 246.

3. The Plaintiffs have alleged several viable causes of action against the Mississippi Resident Defendants, any one of which preclude removal of this action from state court. In their Complaint, originally filed in the Circuit Court of Leflore County, Mississippi, Plaintiffs pled facts and claims against the Resident Defendants for fraudulent misrepresentation, intentional/negligent misrepresentation to a learned intermediary, common law fraud, fraudulent suppression, negligent misrepresentation, and agent misrepresentation. *See Complaint*, Counts 5-11. The standard in the Fifth Circuit is very clear and simple - Merck must show this Court that the claims against the Resident Defendants are precluded by law or that these particular plaintiffs cannot prevail under any factual scenario. Because Defendant Merck cannot meet this burden, their argument fails, diversity of citizenship does not exist, and this case must be remanded to state court.

4. Without establishing the consent of the Resident Defendants, Defendant Merck removed this action from the Circuit Court of Leflore County, Mississippi on July 3, 2007. The Fifth

2

Circuit is clear that "[w]here a joint cause of action is alleged, all defendants who are not 'nominal defendants' and may properly join in a removal petition must do so." *Coogan v. DeBoer Prop. Corp.*, 254 F.Supp. 1058 (S.D. Tex. 1973). In *Spillers*, District Judge Bramlette of the Southern District of Mississippi remanded the case to state court, stating, "[a]lthough it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the defendant was first served." *Spillers v. Tillman*, 959 F.Supp. 364, 368 (S.D.Miss. 1997). In the same opinion, Judge Bramlette also stated that, "[t]he right to remove is purely statutory. Most cases emphasize that the procedural requirements for removal from state to federal court, although not jurisdictional, **are to be strictly construed and enforced in favor of state court jurisdiction.**" *Id.* (emphasis added). Because the non-removing defendants did not communicate their consent to the Court, Defendant Merck did not strictly comply with the removal statute; thus, strict construction favors the Plaintiffs and this case should be remanded back to the Circuit Court of Leflore County without delay.

5.  Moreover, Plaintiffs aver that Defendant Merck's sole motivation in removing the case at bar is to create an unfair, unnecessary delay in the present Plaintiffs' prosecution of their case while obtaining transfer to the U.S. District Court for the Eastern District of Louisiana, where Defendant Merck hopes for a significant delay while this case languishes among the more than 8,000 other cases previously transferred to the MDL court. Filing a pleading for the purposes of unnecessary delay is clearly prohibited by Rule 11 of the Federal Rules of Civil Procedure. *See Ident Corp. of America v. Wendt*, 638 F.Supp. 116, 118 (E.D.MO. 1986) (costs and attorney fees were awarded for filing removal notice for purposes of delay); *In re Oximetrix, Inc.*, 748 F.2d 637, 644 (Fed.Cir. 1984)

3

(upholding sanctions for using removal notice for purposes of improper delay).

   6. As additional grounds, Plaintiffs incorporate by reference, as if set forth fully herein, their Brief filed in support of this Motion to Remand and Response in Opposition to Merck's Motion to Stay.

   **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Honorable Court remand this case back to the Circuit Court of Leflore County, Mississippi, pursuant to 28 U.S.C. § 1447(c), from where it was improvidently removed.

   Respectfully submitted this 11th day of July, 2007.

                /s/ James V. Doyle, Jr.
                James V. Doyle, Jr. (MB #100727)
                *Attorney for Plaintiffs*

**OF COUNSEL**:

**WIGGINS CHILDS QUINN & PANTAZIS, LLC**
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
(205) 314-0500 phone
(205) 254-1500 fax

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing document was served via First Class U.S. Mail, postage prepaid, upon the following counsel of record:

Christy D. Jones, Esq.
Charles C. Harrell, Esq.
Anita Modak-Truran, Esq.
J. Kennedy Turner, III, Esq.
Alyson B. Jones, Esq.
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
17TH Floor, Amsouth Plaza
210 East Capitol Street
P.O. Box 22567
Jackson, MS 39225

*Attorneys for Defendant Merck & Company, Inc.*

On this the 11th day of July, 2007.

        /s/ James V. Doyle, Jr.
        James V. Doyle, Jr. (MB #100727)