UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MDL No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE <br> DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Janet May Burts, et al. v. Merck & Co., Inc.*, Case No. 07-3936.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint for Damages ("Complaint") as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO
### "THE PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13.    Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.   Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to do business in Arizona, Florida, Massachusetts, Maryland, Mississippi, Missouri, New York, South Carolina, and Wisconsin.

## RESPONSE TO
## "JURISDICTION AND VENUE"

33.     The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6

34.     The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

35.     The allegations contained in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck is authorized to do business in Arizona, Florida, Massachusetts, Maryland, Mississippi, Missouri, New Mexico, South Carolina, and Wisconsin.

36.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that Judge Eldon Fallon issued a Minute Entry on September 7, 2005, and respectfully refers the Court to that Minute Entry for its actual content and full effect.

### RESPONSE TO
### "FACTUAL ALLEGATIONS"

37.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that in 1992 Merck became aware of research and development work relative to selective COX-2 inhibitors.

38.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that in 1992 Merck became aware of research and development work relative to selective COX-2 inhibitors.

7

39.     Denies each and every allegation contained in paragraph 40 of the Complaint.

40.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck sought, and, in 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.  Merck further admits that Vioxx is the brand name for rofecoxib.

41.     Denies each and every allegation contained in paragraph 42 of the Complaint.

42.     Denies each and every allegation contained in paragraph 43 of the Complaint.

43.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary withdrawal of Vioxx from the worldwide market and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

8

44.     Denies each and every allegation contained in paragraph 45 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Vioxx, which is the brand name for rofecoxib, was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

46.     Denies each and every allegation contained in paragraph 47 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein

47.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

48.   Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

49.   Denies each and every allegation contained in paragraph 50 of the Complaint.

50.   Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

51.   Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 52 of the Complaint and the article referenced in the second sentence of paragraph 52 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

52.   Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

53.   Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

54. Denies each and every allegation contained in paragraph 55 of the Complaint, except admits the existence of the referenced publication and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

55. Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that the referenced studies and publications exist and respectfully refers the Court to said studies and publications for their actual language and full text.

56. Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

57. Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

58. Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that on September 30, 2004, both Merck and the FDA issued statements regarding Vioxx and respectfully refers the Court to those statements for their actual language and full text.

59. Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

60. Denies each and every allegation contained in paragraph 61 of the Complaint.

61.    Denies each and every allegation contained in paragraph 62 of the Complaint.

62.    The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 63 of the Complaint.

63.    Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

64.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 65 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 65 of the Complaint.

## RESPONSE TO "COUNT I:  STRICT LIABILITY PURSUANT TO 402(A) OF THE RESTATEMENT (SECOND) OF TORTS"

65.    With respect to the allegations contained in paragraph 66 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.    Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.    Denies each and every allegation contained in paragraph 68 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

68. Denies each and every allegation contained in paragraph 69 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

69. Denies each and every allegation contained in paragraph 70 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

70. Denies each and every allegation contained in paragraph 71 of the Complaint.

71. Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT II: NEGLIGENCE"

72. With respect to the allegations contained in paragraph 73 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73. The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

13

74.     Denies each and every allegation contained in paragraph 75 of the Complaint, including its subparts a through j, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

75.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "COUNT III:  GROSS NEGLIGENCE"

76.     With respect to the allegations contained in paragraph 77 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 75 of this Answer with the same force and effect as though set forth here in full.

77.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT IV: NEGLIGENT MISREPRESENTATION"

78.     With respect to the allegations contained in paragraph 79 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     The allegations contained in paragraph 80 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 80 of the Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 81 of the Complaint, including its subparts a through f.

81.     Denies each and every allegation contained in paragraph 82 of the Complaint.

82.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first and second sentences of paragraph 83 of the Complaint, and denies each and every allegation directed toward Merck in the first and second sentences of paragraph 83 of the Complaint. The allegations contained in the third sentence of paragraph 83 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 83 of the Complaint.

15

## RESPONSE TO
## "COUNT V: BREACH OF IMPLIED WARRANTY"

83.     With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

84.     Denies each and every allegation contained in paragraph 85 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

85.     The allegations contained in paragraph 86 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 86 of the Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

86.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 87 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 87 of the Complaint.

87.     Denies each and every allegation contained in paragraph 88 of the Complaint.

88.    Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

89.    Denies each and every allegation contained in paragraph 90 of the Complaint.

## RESPONSE TO
## "COUNT VI: WRONGFUL DEATH"

90.    With respect to the allegations contained in paragraph 91 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.    The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT VII: LOSS OF CONSORTIUM"

92.    With respect to the allegations contained in paragraph 93 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 91 of this Answer with the same force and effect as though set forth here in full.

93.     Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

94.     With respect to the allegations contained in paragraph 95 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     Denies each and every allegation contained in paragraph 96 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

96.     Denies each and every allegation contained in paragraph 97 of the Complaint, including its subparts a through d, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

97.     Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that Plaintiffs purport to seek damages and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PRAYER"

98.     The allegations contained in paragraph 99 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 99 of the Complaint, including

its subparts a through e, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND JURY DEMAND"

99.     The allegations contained in the unnumbered paragraph under the heading "Jury Demand Jury Demand" of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

100.     The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

101.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

102.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

103.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

104.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

105.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

106.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

107.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

108.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

109.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A ELEVENTH
### DEFENSE, MERCK ALLEGES:

110.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

111.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

112.    To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

113.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

114.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

115.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

116.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

117.    Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

22

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

118.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

119.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

120.    Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

121.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

122.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

123.    The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

124.   The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

125.   The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

126.   To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

127.   The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

128.   The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTIETH
DEFENSE, MERCK ALLEGES:**

129.   Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

130.    Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

131.    Merck reserves its right to dismiss the Complaint and seek further relief

for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

132.    Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

133.    Plaintiffs' claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical

preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of

the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

134.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

135.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

**AS FOR A THIRTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

136.   To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A THIRTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

137.   The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs.

**AS FOR A THIRTY-NINTH
DEFENSE, MERCK ALLEGES:**

138.   To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FORTIETH
DEFENSE, MERCK ALLEGES:**

139.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A FORTY-FIRST
DEFENSE, MERCK ALLEGES:**

140.   To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

141.    To the extent that Plaintiffs allege a negligence per se claim, that claim is

barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

142.    To the extent that Plaintiffs seek injunctive relief, that claim is barred by

the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

143.    To the extent Plaintiffs seek to recover only economic loss in tort, their

claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

144.    Plaintiffs' claims are barred, in whole or in part, because one or more

Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

145.    To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

146.    To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

27

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

147.    To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

148.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

149.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

150.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

151.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

152. Plaintiffs' claims are not suitable for joinder.

### AS FOR A FIFTY-FOURTH
### DEFENSE, MERCK ALLEGES:

153. Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under the applicable state law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

### AS FOR A FIFTY-FIFTH
### DEFENSE, MERCK ALLEGES:

154. A finding of liability under current Missouri law and procedure would violate Merck's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.  Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

   i.   This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

   ii.  Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

29

iii.    This also denies Merck any meaningful review by the trial court of the submissibility of Plaintiffs' claims as to certain defects, and

iv.    This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiffs do not have substantial evidence, a defect never claimed by Plaintiffs' experts or a defect never mentioned in the evidence at the trial.

b.    Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.    Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

155.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

156.     Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

157.     Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

158.     Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

159.     Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

160.     Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors. Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

161.     Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

a.      Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

b.      Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

c.      Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

d.     Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.     Missouri law does not require that an award of punitive damages bear a reasonable relationship to the Defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.     Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.     Missouri law allows multiple punitive damage awards for the same conduct;

h.     Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.     Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.     Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.     Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.     Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly

on the basis of economic status bearing no relationship to the incident, the damages sustained by the Plaintiffs, the mental state of the Defendant or to other awards of punitive damages under comparable facts;

m.      Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.      Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.      Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

162.      Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

163.     Any Plaintiff who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

164.     One or more Plaintiffs lacks standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

165.     Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

166.     Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

167. Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

168. Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

169. Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

170.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

171.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

172.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A SEVENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

173.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

### AS FOR A SEVENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

174.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

### AS FOR A SEVENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

175.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A SEVENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

176.    The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

### AS FOR A SEVENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

177.   Merck's fault, if any, must be compared to the fault of Plaintiffs and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

### AS FOR A SEVENTY-NINTH
### DEFENSE, MERCK ALLEGES:

178.   To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

### AS FOR AN EIGHTIETH
### DEFENSE, MERCK ALLEGES:

179.   Merck invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, et seq., N.M.R.A. 2003 and in relevant decisions by New Mexico courts.

### AS FOR AN EIGHTY-FIRST
### DEFENSE, MERCK ALLEGES:

180.   An award of punitive damages cannot be sustained against Merck because under New Mexico law an award of punitive damages by a jury does not

(1)   provide a standard of sufficient clarity for determining the appropriateness of the award or the appropriateness of the size of the award;

(2)   instruct the jury on the limits on punitive damages imposed by the applicable principles of deterrence and punishment;

(3)    expressly prohibit an award of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status of Merck, its foreign origin, and other characteristics peculiar to Merck;

(4)    provide for a standard for determining punitive damages that is not vague or arbitrary;

(5)    define with sufficient clarity the mental state of mind, conduct or intent that makes an award of punitive damages permissible; and

(6)    subject to judicial review, on the basis of objective standards, an award of punitive damages both as to the amount of the award and the appropriateness of the award.

Accordingly, an award of punitive damages would violate Merck's constitutional rights, including but not limited to the rights to due process of law, equal protection of the law, not to be twice put in jeopardy for the same offense, and the right to be free of excessive fines under the Fifth, Ninth and Fourteenth Amendment of the United States Constitution, and similar rights under the provisions of the Constitution of the State of New Mexico, including but not limited to Article II, Sections 1, 4, 10, 12, 13, 14, 15, 18 and 19 of the New Mexico Constitution.

**AS FOR AN EIGHTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

181.    The imposition of punitive damages in this action would violate the Commerce Clause of the United States Constitution and would exceed the judicial and legislative power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

## AS FOR AN EIGHTY-THIRD
## DEFENSE, MERCK ALLEGES:

182.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR AN EIGHTY-FOURTH
## DEFENSE, MERCK ALLEGES:

183.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR AN EIGHTY-FIFTH
## DEFENSE, MERCK ALLEGES:

184.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided, and Plaintiffs knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

185.    Plaintiffs' claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing and labeling Vioxx conformed with the state of the art at the time Vioxx was first sold by Merck.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

186.    To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's constitutional rights under the United States and Arizona Constitutions and are not permitted by Arizona law.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

187.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

## AS FOR AN EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

188.    To the extent Plaintiffs seek punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301. Further, Arizona Rev. Stat. § 12-701 further bars punitive damages.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

189.    To the extent Plaintiffs seek punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), and pursuant to statute in the State of Arizona.

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

190.    Plaintiffs cannot state a claim under the Arizona Consumer Fraud Act because Plaintiffs have not relied on any representations by Merck and/or have not suffered any consequent and proximate injury.

## AS FOR A NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

191.    All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## AS FOR A NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

192.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

## AS FOR A NINETY-FOURTH
## DEFENSE, MERCK ALLEGES:

193.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Arizona Constitutions.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

194.    Merck has complied with requirements promulgated by and under federal law, and the product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt the Plaintiffs' claims under state law, and, pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

195.    Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* ("DUTPA"), because the Florida DUTPA does not apply to a claim for personal injury or death.

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

196.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, Plaintiffs' claims for damages for such injuries or losses are barred to the extent they were proximately caused by Plaintiffs' use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

## AS FOR A NINETY-EIGHTH
## DEFENSE, MERCK ALLEGES:

197.    To the extent the Plaintiffs are not residents of South Carolina or the alleged causes of action did not arise in South Carolina, Plaintiffs' claims are barred by South Carolina Code Ann. § 15-5-150.

## AS FOR A NINETY-NINTH
## DEFENSE, MERCK ALLEGES:

198.    To the extent that Plaintiffs seek punitive damages, various provisions of

the United States Constitution and the South Carolina Constitution bar Plaintiffs' claim for

punitive damages. An award of punitive damages under South Carolina law violates the Fifth,

Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of

the South Carolina Constitution in various ways, including the following:

a.    the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with the due process guarantees;

b.    any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c.    any award of punitive damages based upon the wealth of the Defendant violates due process guarantees;

d.    the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.    even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

f.    the Plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant; and

g.    the Plaintiffs' claim for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right.

The Plaintiffs' claim for punitive damages violates the federal doctrine of

separation of powers and Article I, Section 8 of the South Carolina Constitution for the reason

that punitive damages are a creation of the judicial branch of government which invades the

province of the legislative branch of government. Additionally, Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines. Finally, Plaintiffs' claim for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

### AS FOR A ONE HUNDREDTH
### DEFENSE, MERCK ALLEGES:

199.   The Plaintiffs are not entitled to recover exemplary or punitive damages under Massachusetts law. Mass. Gen. Laws ch. 229, § 2.

### AS FOR A ONE HUNDRED FIRST
### DEFENSE, MERCK ALLEGES:

200.   The Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the Plaintiffs did not provide Merck with written notice of their claim and because the conduct of Merck, selling a prescription drug approved by the FDA and accompanied by FDA-approved labeling and warnings, cannot constitute a violation of Chapter 93A.

### AS FOR A ONE HUNDRED SECOND
### DEFENSE, MERCK ALLEGES:

201.   The Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the acts in question did not occur primarily and substantially within the Commonwealth of Massachusetts.

## AS FOR A ONE HUNDRED THIRD
## DEFENSE, MERCK ALLEGES:

202.    Plaintiffs impermissibly seek to impose liability on conduct protected
from liability by the First Amendment to the United States Constitution and by Article 1 of the
Wisconsin Constitution.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there
be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed
to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in
connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial,
as the Court may deem just and proper.

Dated: August _20_ , 2007

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
            Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
     Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 20 day of August, 2007.

_____