UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX  PRODUCTS LIABILITY LITIGATION | :  : | SECTION: L |
|  | :  : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**
   *Barnett v. Merck & Co., Inc.*, 06-485

### ORDER

Before the Court is Merck's Motion for New Trial (Rec. Doc. 11661). On June 5, 2007, the Court denied in part a previous, and almost identical, motion for a new trial on all issues filed by Merck. *See* Rec. Doc. 11258. Indeed, Merck recognizes that in the instant motion, it is asking the Court to reconsider its June 5, 2007 decision to offer the Plaintiff a remittitur in the above-captioned case. Since the *Federal Rules of Civil Procedure* do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the *Federal Rules of Civil Procedure* or a motion for relief from judgment or order under Rule 60(b) of the *Federal Rules of Civil Procedure*. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Because Merck's motion was filed within ten days of the

-1-

rendition of final judgment, it shall be governed by Rule 59(e). *Lavespere*, 910 F.2d at 173.[1]

"Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law." *Motiva Enters. LLC v. Wegmann*, No. 00-3096, 2001 WL 246414 (E.D. La. Mar. 12, 2001). In the instant motion, Merck re-urges its arguments in support of a new trial on all issues and contends that the Court made an error of law in remitting the jury's award. For the reasons stated in the Court's June 5, 2007 Order & Reasons, IT IS ORDERED that Merck's Motion for New Trial (Rec. Doc. 11661) is DENIED.

New Orleans, Louisiana, this 20th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Merck filed the instant motion on July 13, 2007. While Merck's motion was filed within ten days of rendition of final judgment (which was entered on June 28, 2007), it was filed more than ten days after the Court's June 5, 2007 decision to remit the jury's award. Regardless, the Court finds that Merck's motion lacks merit under both Rule 59 and Rule 60 standards.