UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**
*O'Bryan v. Merck & Co., Inc., et al.*, No. 06-2070

ORDER

On March 22, 2007, Plaintiff's counsel in the above-captioned case filed a joint Suggestion of Death and Motion for Substitution of Parties (Rec. Doc. 11137), informing the Court that the Plaintiff Joan O'Bryan died on or about February 14, 2006 and requesting that the duly appointed Co-Executors of her Estate, Donna Marie O'Bryan and Mary Cordelia Bell, be substituted pursuant to Rule 25(a)(1) of the *Federal Rules of Civil Procedure*. On March 23, 2007, the Court granted the motion to substitute as a matter of course. *See* Rec. Doc. 11189.

On June 15, 2007, certain Defendants filed a Motion to Vacate the Order of Substitution (Rec. Doc. 11379). The Defendants contend that they did not have an opportunity to oppose the Plaintiff's motion and argue on the merits that the Plaintiff's motion for substitution was untimely because Kentucky, which supplies the applicable substantive law in this diversity case, requires substitution within one year of death of the plaintiff. *See* Ky. Rev. Stat. Ann. § 395.278.

Here, the Defendants rely on a Kentucky state law (admittedly a substantive state law) to

attack the procedural propriety of the substitution of parties allowed by this Court pursuant to Rule 25(a)(1). There is clearly a conflict between Ky. Rev. Stat. Ann. § 395.278, which requires substitution within one year of a plaintiff's death, and Rule 25(a)(1), which does not place a time limit on the filing of a suggestion of death.[1] In resolving this conflict, the Court is guided by a comprehensive decision from the United States District Court for the Eastern District of Kentucky addressing this very question. In *Boggs v. Blue Diamond Coal Co.*, 497 F. Supp. 1105, 1107 (E.D. Ky. 1980), the "principal issue [was] whether, when substitution must be made of a new party for a deceased party, the time limits which must be met in effecting such substitution are controlled by federal law or the law of Kentucky." After a detailed analysis, the *Boggs* court concluded that Rule 25 is a valid procedural rule that "does not abridge substantive rights within the meaning of the Enabling Act," *id.* at 1124, and therefore allowed the proposed substitution in accordance with Rule 25.

This Court agrees with *Boggs* and finds that the substitution previously allowed in this case was procedurally proper. Indeed, it is undisputed that Ms. O'Bryan's claims were not extinguished by reason of her death. *See* Ky. Rev. Stat. Ann. § 411.140. Therefore, because "the cause of action survive[d], the method employed by the federal court to substitute . . . is directed by the federal rules, though inconsistent with state law." *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); *see also Asklar v. Honeywell, Inc.*, 95 F.R.D. 419, 424 n.6 (D. Conn. 1982) ("It is probably also true, following the principles of *Hanna v. Plumer*, 380 U.S. 460 (1965), and *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), that even in diversity actions,

---

[1] Rule 25 requires only that a motion to substitute be filed within ninety days "after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1).

Rule 25(a) time limitations control over inconsistent state statutes."). To rule otherwise would jeopardize the benefits of procedural uniformity which the *Federal Rules of Civil Procedure* grant litigants in federal courts. Accordingly, IT IS ORDERED that the Defendants' Motion to Vacate (Rec. Doc. 11379) is DENIED.[2]

New Orleans, Louisiana, this   21st   day of   August  , 2007.

                                                         UNITED STATES DISTRICT JUDGE

---

[2] The Court limits itself here to the procedural question of substitution, and does not reach any other issues in this case, particularly those issues of substantive law. In this regard, the Court respectfully diverges from a recent decision in *In re Bextra & Celebrex Marketing Sales Practices & Product Liability Litigation*, ___ F.R.D. ___, 2007 WL 1977343 (N.D. Cal. July 5, 2007), which denied a similar motion to substitute by these same co-executors in Ms. O'Bryan's case against Pfizer.