## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to: | * | MAGISTRATE |
| ROSIE JOAN TRAHAN, and | * | |
| CHARLES C. TRAHAN. SR | * | JUDGE KNOWLES |
| | * | |
| V. | * | CAUSE NO: 06-11310 |
| | * | |
| MERCK & CO., INC. and | * | |
| DARLENE ROBERSON | | |

### *PLAINTIFFS', ROSIE JOAN TRAHAN AND CHARLES C. TRAHAN'S, RESPONSE IN OPPOSITION TO DEFENDANT, MERCK & CO., INC.'S RULE TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED*

COME NOW Plaintiffs, Rosie Joan Trahan and Charles C. Trahan, Sr. ("the Trahans"), and file this their Response in Opposition to Defendant Merck & Co., Inc.'s ("Merck") Rule to Show Cause why Case Should not be Dismissed, as follows:

### I.  INTRODUCTION

At the heart of the current controversy is the need for strict construction of the removal statutes to insure preservation of the power reserved for States to resolve controversies within their courts. *See, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  The instant action was originally filed in Mississippi State Court before it was unlawfully removed to Federal Court by Merck.  Now in the MDL, Merck argues that the Trahans' claims are subject to dismissal for violation of PTO 18C, regarding timely filing of Plaintiff Profile Forms ("PPFs").[1]  However, Merck

---

[1]Attached at Exhibit "1" is the PPF of Rosie Trahan, unsigned and redacted.  Mrs. Trahan's social security number and address are not shown to avoid public disclosure of private information.  Plaintiff's PPF is being provided to this Court in good faith with the representation

has yet to respond to Plaintiffs' Motion to Remand, or take any action toward establishing a basis

for subject matter jurisdiction.  Without subject matter jurisdiction, MDL courts cannot dismiss

plaintiffs' cases for failure to comply with pre-trial discovery and/or pleading related CMO's.  This

matter was resolved by the 9th Circuit in *In Re: Phenylpropanolamine (PPA) Products Liability*

*Litigation*, 2006 WL 616075 (9th Cir. March 13, 2006), *cert denied, Bayer Corp. v. Anderson, 127*

*S.Ct. 244 (2006)* ("The *Anderson* PPA Litigation").  The Trahans should not be subjected to the

ultimate sanction of dismissal.  Merk has not met, attempted to meet, nor can it meet its

jurisdictional burden.  On August 16, 2007, Merck lost this jurisdictional issue in Federal District

Court in Mississippi.  In *Coker v. Merck & Co., Inc*., 2007 WL 2363398 (N.D. Miss. Aug. 16, 2007),

the Federal District Court of Mississippi **remanded** a case to State Court that was filed against

Merck and four (4) of its sales representatives.  The Trahans case should not be dismissed.

## II.  FACTS SUPPORTING PLAINTIFFS' RESPONSE OPPOSING DISMISSAL

This action is brought by the Plaintiffs for damages resulting to Rosie Trahan from her

ingestion of VIOXX.  Mrs. Trahan purchased VIOXX and ingested the drug on a regular basis

beginning in August 1999.  On February 8, 2001, she suffered physical injuries resulting from her

ingestion, including an acute myocardial infarction.  Exhibit "2".[2]

---

that Plaintiff stands prepared to formally file and serve her PPF should Merck meets its burden of
establishing subject matter jurisdiction.

[2]Attached at Exhibit "2" is the February 12, 2001 discharge summary and transfer order
from River Region Health Center regarding the acute anterior myocardial infarction suffered by
Rosie Trahan on February 8, 2001.  On February 12, 2001, Ms. Trahan was transferred, via
ambulance, to St. Dominic Hospital in Jackson where she underwent coronary artery bypass
grafting.  The discharge summary from the St. Dominic's admission is included in Exhibit "2".

On October 23, 2006, Mrs. Trahan filed her Complaint for damages in the Circuit Court of Warren County, Mississippi.  In a twenty-seven (27) page, eighty-three (83) paragraph, fact specific Complaint, the Trahan's pled claims against Merck, and the in-state Defendant Darlene Roberson. Exhibit "3".  Ms. Roberson was the Merck sales representative who marketed and promoted VIOXX to Dr. Linda Rockhold, Mrs. Trahan's treating/prescribing physician.  The Trahan's claims against Roberson are based upon established Mississippi law holding that a VIOXX sales representative can be liable for misrepresentations and/or omissions of fact made directly to a patient's treating physician where it can be shown that the sales representative participated directly, personally, and/or actively in the alleged tortious conduct raised.  *Coker v. Merck & Co., Inc.*, 2007 WL 2363398 (N.D. Miss. Aug. 16, 2007).  *See, also, Wyeth Labs, Inc. v. Fortenberry*, 530 So.2d 688 (Miss. 1988); *Walker v. Medtronic, Inc.*, 2003 WL 21517997 (N.D. Miss. June 4, 2004).

On November 10, 2006, Merck removed this case to the United States District Court for the Southern District of Mississippi, Western Division.  Merck's sole basis for asserting federal jurisdiction is the alleged improper joinder of the in-state Defendant, Darlene Roberson.  Nineteen days later, on November 29, 2006, the Trahans filed their Motion to Remand.  Exhibit "4", and Memorandum in Support of Remand, Exhibit "5".  Merck has not filed any response to Plaintiffs' Motion to Remand.  Merck has never made any attempt to confirm subject matter jurisdiction exists.

In its Memorandum to Show Cause why Cases Should not be Dismissed, Merck suggests that it is the Trahans who are delaying resolution of this case.  This statement is not true.

After this case was transferred to this MDL Court, the Trahans refiled their Motion to Remand on April 20, 2007.  The Trahans' Motion to Remand was set to be argued before this Court on May 31, 2007.  At Merck's request, resolution of the jurisdictional issue has been delayed.

-3-

On April 25, 2007, counsel for Merck informed undersigned counsel that Merck had not received the Trahans' PPF.  Undersigned counsel responded with the Trahans' Notice of Objection to Filing Plaintiffs' Profile Form, filed with this Court on May 16, 2007.  Exhibit "5".  As indicated by Plaintiffs' Notice of Objection, the Trahans continued to request that Merck participate in timely resolution of the subject matter jurisdiction issue.  Merck refused, and continues to refuse.  Merck has delayed, and continues to delay, timely resolution of this case through its obstructionist and dilatory tactics.

Over a period of several months, undersigned counsel has attempted to speak with Merck's counsel to suggest a procedure for resolving the impasse.  On June 21, 2007, undersigned counsel wrote Merck's counsel describing, in detail, his inability to reach anyone at Merck to discuss a solution.  Exhibit "6".  An additional written request to discuss this matter further was forwarded to Merck's counsel on July 17, 2007.  Exhibit "7".  Merck's counsel has corresponded with undersigned counsel, and has, on occasion, returned counsel's telephone calls.  However, to date, there has been no direct communication or discussion about how resolution of the jurisdictional issue can be advanced.

As an alternative to dismissal, in a separate Motion, the Trahans have requested this Court to transfer Plaintiffs' Motion to Remand back to the United States District Court for the Southern District of Mississippi, Western Division, for resolution.  This will allow speedy determination of Plaintiffs' Motion to Remand in light of the recent ruling in *Coker*, and would be a means of relieving the undoubtable pressure on this Court's MDL docket.  Should the jurisdictional issue be resolved in favor of Federal jurisdiction, Plaintiffs will immediately consent to transfer of this case back to the MDL, and immediately deliver their PPF to Merck.

### III. <u>ARGUMENT</u>

**A.     Merck has not established the requisite jurisdictional basis for dismissal.**

Unless a defendant files for bankruptcy, no legal basis exists for the exercise of exclusive federal control over matters of state litigation. As a consequence, MDL rules and orders apply only to cases filed in "or removable to" federal court. Manual for Complex Litigation, 4th § 20.31, p. 230 (2004). As the party arguing that this case is removable to federal court, Merck has the heavy burden of proving that the Trahans fraudulently/improperly joined the Merck sales representative, Darlene Roberson. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039, 104 S.CT. 701, 79 L. Ed.2d 166 (1984). In this Circuit, matters of subject matter jurisdiction may be considered by the Court, *sua sponte*, as issues of subject matter jurisdiction should be "policed by the courts on their initiative." *Gasch v. Hartford Accident & Indemnity Company*, 491 F.3d 278, 281 (5th Cir. 2007). Until Merck establishes subject matter jurisdiction, the presumption against federal jurisdiction continues to exist. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990).

*Gasch* is an excellent example of the Fifth Circuit's current position on the need for District Courts to address issues of subject matter jurisdiction, in the first instance. In *Gasch*, the matter was before the Fifth Circuit on appeal from the District Court's grant of summary judgment. *Id.* at 280-281. The case, originally filed in state court, was removed to federal court on the basis of improper joinder of the in-state defendant. *Id.* at 279. A motion to remand was not filed. *Id.* At the appellate level, neither party raised the issue of subject matter jurisdiction. However, the Fifth Circuit considered the matter *sua sponte*. *Id.* at 281. The Fifth Circuit recognized that there had been substantial activity in the case, including what the Fifth Circuit considered a summary judgment ruling with merit. *Id.* at 285. However, the Fifth Circuit ruled that the case should not have gone forward in federal court, vacated the summary judgment of the District Court, and remanded the

matter to state court.  *Id*. at 284.

In the instant case, Merck has not responded to Plaintiffs' Motion to Remand.  Merck has made absolutely no effort to meet its burden of establishing federal subject matter/removal jurisdiction.  Unless and until the subject matter jurisdiction issue has been resolved, in some manner, Merck has no basis for requesting that the Trahans' case be dismissed.  *See, e.g., B, Inc. v. Miller Brewing Co.*, 663 F.2d. 545, 549 (5th Cir. 1981) (District Court must be certain of its jurisdictional basis before entering judgment on merits); *Marathon Oil Co. v. Ruhrgas*, 115 F.3d 315, 317-18 (5th Cir. 1997) (it is appropriate for federal court to examine for subject matter jurisdiction constantly, and if found lacking, to remand).

**B.**     **The Trahans have asserted a claim against Darlene Roberson under Mississippi Law – federal jurisdiction does not exist.**

In it's Notice of Removal, at paragraph 18, Merck raises a singular argument in support of it's federal jurisdiction/improper joinder claim.  Merck correctly recognizes that the Trahans have pled claims of strict liability in tort, intentional/negligent misrepresentation to learned intermediary, fraud, breach of warranty, common law fraud, fraud by admission, and aiding and abetting against Darlene Roberson.  Merck is also correct in that each of these causes of action require that Roberson actually make a representation or omission of fact.  Merck's jurisdictional argument fails, under Mississippi law, when Merck suggests that these representations or omissions of fact must have been made to Rosie Trahan.  Mississippi law allows a Plaintiff, such as Rosie Trahan, to assert a cause of action against a sales representative, such as Darlene Roberson, when it is shown that the misrepresentations and/or omissions of fact were made to the Plaintiffs' prescribing physician.  In each count asserted against Darlene Roberson, Plaintiff has sufficiently alleged that Darlene Roberson made such representations and/or omissions of fact to Rosie Trahan's prescribing physician.

The basis for holding an individual or entity liable to a patient for failure to adequately warn the patient's physician of the known adverse effects of a prescription drug was discussed by the Mississippi Supreme Court in *Wyeth Laboratories, Inc. v. Billy Joe Fortenberry*, 530 So.2d 688 (Miss. 1988).  In *Wyeth*, the Mississippi Supreme Court discussed the duty, as follows:

> We hold that the drug manufacturer has a duty to adequately warn the prescribing physician of any known adverse effects which might result from use of its prescription drugs. (citations omitted)....
>
> The general rule is "that where prescription drugs are concerned, a manufacturer's duty to warn only extends to physicians and not to laymen." (citation omitted)  If the language of the warning is adequate, then the drug manufacturer ordinarily is free from liability. (citation omitted)  The "learned intermediary" doctrine is the basis for this rule.

*Wyeth*, 530 So.2d 688.  *See, also*, *Moore v. Memorial Hospital of Gulfport*, 825 So.2d 658, 662 (Miss. 2002) (pharmaceutical companies are required to warn only the prescribing physician of the dangers inherent in its' products).  The *Wyeth* Court further discussed that a physician would be required to take into account the disclosed propensities of a drug, as well as the characteristics of his patient, when making choices regarding the use of prescription medication.  *Id.*  The Court recognized that in cases involving non-prescription drugs, the duty to adequately warn would be owed directly to the patient/consumer.  *Id.* at 692.

The basis for extending this duty to a sales representative for purposes of holding a sales representative liable was discussed by the Northern District Court of Mississippi in *Walker v. Medtronic, Inc.*, 2003 WL 21517997 (N.D. Miss. June 4, 2003).  Although the court in *Walker* found that the medical products sales representative was fraudulent joined, the Court did recognize, under Mississippi law, the sales representative would be subject to personal liability when she "directly participates in or authorizes the commission of a tort."  *Id.* at ¶3.  The Court in *Walker* dismissed the claims against the medical products representative due to the Plaintiffs failure to include specific

factual allegations in the complaint concerning the representatives participation in the fraud in anything other than "very general terms." *Id.* at ¶4. Clearly, if the Plaintiff in *Walker* had pled her case, as Rosie Trahan has pled her case against Darlene Roberson, the Court would have reached a different result.

Indeed, a different result was reached by the Mississippi District Court in *Coker v. Merck & Co., Inc.*, 2007 WL 2363398 (N.D. Miss. Aug. 16, 2007). In *Coker,* the Mississippi District Court considered a fraudulent joinder argument by Merck, identical to the argument which Merck is making in the instant case. Four Merck sales representatives were named as defendants in *Coker* based upon allegations that they had participated in secreting the harmful affects of VIOXX through programs such as "VIOXX Obstacle Dodge Ball" and "JeapordXX". *Id.* at p.3. After considering Merck's claims of improper joinder, the Northern District Court of Mississippi found that Merck had not met its burden of establishing Federal Court jurisdiction. Therefore, because there existed a possibility of recovery against the resident Merck sales representatives, the case was remanded. *Id.*

VIOXX is a prescription drug. Darlene Roberson was Merck's contact with Dr. Rockhold. Under Mississippi law, Darlene Roberson owed a duty to Rosie Trahan to fully disclose the known risks of adverse cardiovascular events to Dr. Rockhold, Rosie Trahan's prescribing physician. Instead, Darlene Roberson exercised her training and use of games such as **DODGE BALL** VIOXX, and **JEAPORDXX**, to insure that the known risks of adverse cardiovascular events were denied and/or not made known to Dr. Rockhold. *See,* Exhibit "3". The failure to adequately discharge this duty forms the basis of Plaintiffs' claims against Darlene Roberson, and confirms that Merck cannot suggest that this Court has subject matter jurisdiction to dismiss Plaintiffs' claims. Indeed, Merck has already lost this argument in *Coker.*

**C.      The Ninth Circuit, when considering this same issue, has sided with the plaintiffs.**

In its Memorandum to Show Cause, Merck cites several cases supporting the Federal District Court's broad discretion to enforce PTOs regarding the filing of PPF forms.  Each of these cases, when viewed in the context of the jurisdictional issue raised, confirm that Merck's position is wrong.

In the cases relied on by Merck, the Federal Courts had already taken subject matter jurisdiction over the cases at the time they were dismissed.[3]  In addition, in *In re: Propulsid Liability Litigation,* 2003 WL 22383576 (E.D. La. October 16, 2003), the plaintiffs not only were under the jurisdiction of the MDL Court, they did not file a response opposing dismissal, and did not even appear at the hearing.  *Id.* at p.1.  The only MDL proceeding referenced by Merck which has relevance to the dismissal issue in the context of a challenge to subject matter jurisdiction is the *PPA Products Liability Litigation*.  When the Ninth Circuit in the *PPA Litigation* addressed a similar issue, it ruled unequivocally in favor of the plaintiff/claimants.

At page 5 of Merck's Memorandum to Show Cause, Merck does cite to a decision of the Ninth Circuit in the *PPA Litigation* holding that the MDL Court did not abuse its discretion in dismissing cases for failing to comply with case management orders.[4]  However, the Ninth Circuit decision cited by Merck did not address the dismissal issue in the context of a challenge to the MDL Court's jurisdiction.  If Merck would have dug deeper, it would have found that the Ninth Circuit had indeed ruled in the *PPA Litigation*, on an identical issue, rejecting Merck's position.

In a subsequent Ninth Circuit decision, *In re: Phenylpropanolamine (PPA) Products Liability*

---

[3]In *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), the District Court, prior to dismissal, had found it had removal jurisdiction under a federal act.  *Id.* at 338.  In *In re: Guidant Corp.*, 2007 WL 2189069 (8th Cir. August 1, 2007), the plaintiffs originally filed their case in the MDL.  The same is true of the remaining cases cited by Merck in its Memorandum to Show Cause at pages 5-6.

[4]*In re: Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1229-37 (9th Cir. 2006).

*Litigation,* 2006 WL 616075 (9th Cir. March 13, 2006), *cert denied, Bayer Corp. v. Anderson,* 127

S.Ct. 244 (2006) ("The *Anderson* PPA Case") the Ninth Circuit considered an appeal to the District

Court's dismissal of forty-six (45) cases which had been removed to Federal Court, as a single case,

on the basis of improper joinder, and eventually transferred to the PPA MDL. *Id.* at p.1. The Court

will note that the history of The *Anderson* PPA Case on which both the Ninth Circuit and the United

States Supreme Court based its rulings was strikingly similar to the history of the Trahans case in

the instant action. [5] The *Anderson* PPA Case was filed in Mississippi State Court. The original case

included forty-seven (47) plaintiffs, and spouses, who asserted claims against foreign manufacturer

defendants, and Mississippi resident retailers. The case was removed to Federal Court based on the

alleged fraudulent joinder of the Mississippi retailer defendants. The plaintiffs filed their motion to

remand. Before the motion to remand could be ruled on, the case was transferred to MDL 1407, the

 *PPA Products Liability Litigation*.

        Upon arriving at the PPA MDL, the Manufacturing Defendants argued that the plaintiffs were

subject to CMO 15 and CMO 15A. The two CMOs, it was argued, required the plaintiffs to provide

product identification discovery, required the plaintiffs to sever their claims, and required the

plaintiffs to file individual complaints. The plaintiffs did not comply with either CMO while waiting

for the MDL Court and/or the District Court to rule on their motion to remand.

        Eventually, the MDL Court denied the *Anderson* Plaintiffs' motion to remand. Within days

of the ruling, the *Anderson* Plaintiffs filed forty-five (45) individual severed complaints. The

Manufacturing Defendants moved to dismiss the complaints for non-compliance and/or late

---

        [5]The history of The *Anderson* PPA Case cannot be obtained from the Ninth Circuit
Decision. The history of the litigation, as discussed above, is taken from the briefs of the parties
which are available on Westlaw. The specific history discussed is taken from the Appellee Brief
of the Manufacturing Defendants filed in the Ninth Circuit Appeal which can be located at 2005
WL 1789623.

compliance with CMOs 15 and 15A.[6]  The MDL Court granted the motion to dismiss.  The MDL Court ruled that the *Anderson* Plaintiffs had not properly filed individual complaints, and had failed to comply with product identification discovery requirements.[7]

In their appeal to the Ninth Circuit, the *Anderson* Plaintiffs challenged the action of the MDL Court arguing, in the first instance, that the MDL Court did not have subject matter jurisdiction to require the *Anderson* Plaintiffs to comply with the CMOs.  In the alternative, the *Anderson* Plaintiffs argued good faith late compliance with the CMOs.  The Ninth Circuit, in a brief one page opinion, overturned the MDL Court's dismissal for failure to comply with the CMOs, finding an absence of subject matter jurisdiction.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 2006 WL 616075, p.2, (9th Cir. March 13, 2006).  Certiorari was denied by the United States Supreme Court.  *Bayer v. Anderson,* 127 S.Ct. 244 (Oct. 2, 2006).

In the instant case, the Trahans stand ready to comply with PTO 18C, when, and if, Merck meets its burden of establishing federal court subject matter jurisdiction.  Unless and until Merck meets its burden, Merck cannot request that the Trahans' case be dismissed.

### III.  CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request this Court deny Merck's Rule to dismiss Plaintiffs' claims with prejudice.

DATED this the 23rd day of August, 2007.

---

[6]This history is contained in the Appellee Brief of the Manufacturing Defendants, 2005 WL 1789623, at p.13-14.

[7] Appellee Brief of Manufacturing Defendants, 2005 WL 1789623, at p.24.

Respectfully submitted,

DRUG LITIGATION LIABILITY GROUP, PLLC
Comprised of:

Liston/Lancaster, PLLC
126 North Quitman Avenue
Post Office Box 645
Winona, MS 38967

David H. Nutt & Associates, P.C
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157

Pittman, Germany, Roberts & Welsh, L.L.P.
Post Office Box 22985
Jackson, MS 39225-2985


By:      /s/ C. Victor Welsh, III                           
         ATTORNEYS FOR PLAINTIFFS


OF COUNSEL TO RECEIVE PLEADINGS:

C. Victor Welsh, III (MSB #7107)
PITTMAN, GERMANY, ROBERTS & WELSH, L.L.P.
P. O. Box 22985
Jackson, MS 39225-2985
(601) 948-6200 - phone
(601) 948-6187 - fax

## *CERTIFICATE OF SERVICE*

I hereby certify that the above and foregoing ***Response in Opposition to Defendant, Merck & Co., Inc.'s Rule to Show Cause Why Case Should Not Be Dismissed*** has been served on Liaison Counsel, Russ Herman and Phillip Whittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on the 23rd day of August, 2007.

/s/ C. Victor Welsh, III
C. Victor Welsh, III (MSB #7107)
PITTMAN, GERMANY, ROBERTS &
    WELSH, L.L.P.
P. O. Box 22985
Jackson, MS 39225-2985
Phone:    (601) 948-6200
Fax:         (601) 948-6187