Westlaw.

Slip Copy                                                                                    Page 1

Slip Copy, 2007 WL 2363398 (N.D.Miss.)
**(Cite as: Slip Copy)**

Coker v. Merck & Co., Inc.
N.D.Miss.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D.
Mississippi,Greenville Division.
Josephine COKER, Charlie Criss, and Rose Purnell,
Plaintiffs,
v.
MERCK & COMPANY, INC.; Misty Austin,
Andrea Elizabeth Beavers, Dan Sheals, William
Umphlett, and John Does 1-20, Defendants.
**Civil Action No. 4:07CV100-P-B.**

Aug. 16, 2007.

James Victor Doyle, Jr., Wiggins Childs Quinn & Pantazis, LLC, Birmingham, AL, James Kevin Littleton, Littleton Law Office, Greenwood, MS, for Plaintiffs.
Alyson B. Jones, Anita K. Modak-Truran, Christy D. Jones, J. Kennedy Turner, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Charles C. Harrell, Butler, Snow, O'Mara, Stevens & Cannada, Pllc, Memphis, TN, for Defendants.

### *MEMORANDUM OPINION*
W. ALLEN PEPPER, JR., United States District Judge.
*1 This matter comes before the court upon Plaintiff's Motion to Remand [11]. After due consideration of the motion and the response filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

On June 18, 2007 the plaintiffs filed their Complaint in the Circuit Court of Leflore County, Mississippi against the pharmaceutical company Merck & Company, Inc., four named sales representatives of Merck, and twenty John Does seeking compensatory and punitive damages for injuries allegedly caused by Merck's arthritis drug, Vioxx.

The Complaint asserts the following claims: (1) defective-design product liability pursuant to Miss.Code Ann. § 11-1-63 against Defendant Merck; (2) inadequate-warnings product liability pursuant to Miss.Code Ann. § 11-1-63 against "Defendants"; (3) breach of express warranty pursuant to Miss.Code Ann. §§ 11-1-63 and 75-2-213 against "Defendants"; (4) breach of implied warranty of fitness for particular purpose pursuant to Miss.Code Ann. §§ 11-1-63 and 75-2-215 against "Defendants", (5) negligence against "Defendant Merck" and "Defendant Sales Reps and/or Defendant John Does 1-20"; (6) fraudulent misrepresentation against "Defendants"; (7) intentional/negligent misrepresentation to a learned intermediary against "Merck, Sales Rep[s] and John Does 1-20"; (8) common law fraud against "Defendants"; (9) fraudulent suppression against "Defendant Merck through its agent, Defendant Sales Rep and/or Defendant John Does 1-20"; (10) negligent misrepresentation against "Defendants"; and (11) agent misrepresentation against "Defendants, acting in two capacities herein, as sales agents and independent advisers to the physicians."

The defendants removed this action to federal court on July 3, 2007 arguing that the plaintiffs improperly joined the four named sales representatives, all of whom are Mississippi residents, in order to defeat diversity jurisdiction. The defendants filed a motion to stay proceedings pending transfer of the case to an MDL Panel which this court denied on July 23, 2007.[FN1]

> FN1. At the time the defendants filed their motion to stay pending transfer by the MDL Panel on July 5, 2007, there was no conditional transfer order regarding the instant case. On July 19, 2007 the MDL

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                                                       Page 2

Slip Copy, 2007 WL 2363398 (N.D.Miss.)
**(Cite as: Slip Copy)**

Panel sent the parties a conditional transfer order naming the instant case among other "tag along" actions. However, since there has yet to be a full transfer order, this court is still vested with jurisdiction in this case. *See* Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").

On July 11, 2007 the plaintiffs filed the instant motion to remand arguing that the defendants have not met their burden in demonstrating that there is no reasonable possibility of recovery against the four resident defendants.

## II. DISCUSSION

### *A. Improper Joinder Standards*

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000) This burden is a heavy one. *Id.* Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.,* 192 F.Supp.2d 641 (N.D.Miss.2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 550 (5th Cir.1981).

\*2 There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999)). Since there is no dispute that the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir.(Miss.) 2004) (en banc) wrote:
[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id* (citing *Travis,* 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by ' piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.1990)). However, "the court ' must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff ' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart,* 199 F.3d at 246.

Whether the plaintiffs in the instant case can establish a reasonable basis for a state claim against the resident agent defendants must be tempered by Mississippi law. *Hart,* 199 F.3d at 247. Although " the general rule in Mississippi law is that the defendant-agent incurs no liability for a principal's breach of duty ... an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment. " *Id* (citing *Wheeler v. Frito-Lay, Inc.,* 743 F.Supp. 483 (S.D.Miss.1990) (interpreting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                          Page 3

Slip Copy, 2007 WL 2363398 (N.D.Miss.)
**(Cite as: Slip Copy)**

Mississippi law)). Moreover, an agent is "subject to personal liability when he 'directly participates in or authorizes the commission of a tort.' " *Id.* (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So.2d 977, 978 (Miss.1986)). At the same time, however, "individual liability may not be predicated merely on [the agent's] connection to the corporation but must have as its foundation 'individual wrongdoing.' " *Id.* (quoting *Turner v. Wilson*, 620 So.2d 545, 548 (Miss.1993)).

*3 Thus, in order to defeat the plaintiffs' motion to remand, the defendants in this case bear the burden of demonstrating that there is no reasonable basis to predict that the plaintiff might be able to establish that the sale representatives "directly participated in the commission of tort," *Hart*, 199 F.3d at 248, at least one of which is asserted in the Complaint.

### *B. Analysis*

Having taken into account all of the unchallenged factual allegations in a light most favorable to the plaintiffs and having resolving any contested issues of fact and legal ambiguities in the plaintiffs' favor, the court concludes that the defendants have not met their burden in demonstrating that there is no reasonable basis for recovery against all of the sale representatives under all of the theories advanced for liability.

As cited above, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment. The Complaint alleges that Merck instructed their sales representatives to intentionally "dodge" any questions posed by doctors regarding certain harmful effects of the prescription drug Vioxx through training programs like the "Vioxx Obstacle Dodge Ball Program" and the "JeopardXX" training game. These allegations alone suggest that the resident sales representatives were joint-tortfeasors along with Merck in the sense that they are alleged to have been instructed by their employer to misrepresent the health risks of Vioxx, they knew the dodging techniques were misleading, and they nevertheless knowingly misrepresented the risks of Vioxx to their physician clients. Thus, the Complaint sufficiently alleges that the resident sales representatives directly participated in a tort rendering it reasonably possible for the plaintiffs to recover against the sales representatives under Mississippi law as jointtortfeasors.

### III. CONCLUSION

The defendants have not met their burden in proving that there is no reasonable possibility of recovery under all of the causes of action with respect to all of the named resident defendants. All that is necessary for this case to be remanded is that there be a reasonable possibility of recovery under at least one cause of action asserted in the Complaint against one resident defendant. As explained above, the court has concluded that there is a reasonable possibility of recovery against the resident defendants for at least negligence, fraudulent misrepresentation, negligent misrepresentation, and intentional/negligent misrepresentation to a learned intermediary. The court, however, expresses no opinion on the likelihood of success on the merits of these claims or the other claims contained in the Complaint. Accordingly, an Order shall issue forthwith, **THIS DAY** of August 14, 2007.

N.D.Miss.,2007
Coker v. Merck & Co., Inc.
Slip Copy, 2007 WL 2363398 (N.D.Miss.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.