# EXHIBIT G

# FDA Regulation on Prescription Drug Labeling Laws

Background
The Food and Drug Administration (FDA) regulates the format and content of labeling for prescription drugs and biologic products. The part of the labeling that is directed to health care practitioners is called a "package insert" and is the primary means by which the FDA communicates essential, science-based prescribing information. Labeling is required to contain a summary of the essential scientific information needed for the safe and effective use of the drug, to be informative and accurate and neither promotional in tone, nor false and misleading.

While the federal government has the obligation to regulate these substances and provide relevant information to health care practitioners, many states have enacted laws that also require the sharing of safety-related information on these substances, and provide for further regulation of product liability. For example, the state of California has enacted Proposition 65, which requires the Governor to publish a list of chemicals that are known to cause cancer or reproductive harm.

December 2000 Proposed Rule
The FDA published a proposed rule on December 22, 2000 that would have updated these requirements. The proposed rule contained specific language acknowledging the importance of state law on the issue, "FDA has determined that this proposed rule does not contain policies that have federalism implications or that preempt state law."

Current Status
FDA received a number of comments and did not finalize these regulations, but now intends to quickly publish a final regulation that includes new language explicitly calling for preemption of state product liability laws. This language reverses the FDA's position in the original rule, and appears to be an attempt by the FDA to assert the right of preemption despite the lack of clear Congressional intent (the Food, Drug, and Cosmetics Act does not expressly allow for preemption of state law in this area), and the lack of clear judicial precedent (several courts have recently overturned the FDA's position). Although the FDA has proposed including the preemption language in the preamble of the new rule (as opposed to the body of the rule), it would still represent a major shift in agency position without going through the requisite comment period. This could represent a violation of the current Executive Order on Federalism as well as the Administrative Procedures Act.

Judicial History
Some recent court cases in 2005 have ruled that the FDA standards are a minimum standard and that drug companies may add stronger language, and that states have the right to require additional language. Furthermore, the courts have determined if the drug companies are sued for damages when they have chosen to minimize language on the warning labels, they can and will be held liable. FDA, however, maintains that the FDA standards are not minimums, but strict standards, and that any additional warnings placed on labels (either at the behest of the drug manufacturer or at the request of the state), are by definition "false and misleading", because they DIFFER from the FDA standard. The following two cases decided in 2005 explicitly rejected the FDA's position on this issue: Cartwright v. Pfizer, Inc. E.D. TX, No. 04-292 (March 31, 2005) and Miles v. Pfizer, M.D. La., No. 03-691 (March 30, 2005).

Next Steps
NCSL has sent a letter to HHS Secretary Leavitt requesting that the introduction of the final rule be halted and that, given the major shift in preemption policy, it be re-submitted as a proposed

rule. However, it appears that HHS believes it has satisfied its internal requirement to provide a consultation with states and intends to move forward with finalizing the rule.