UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation | * <br> * <br> * |
| This Document Relates to: | *    MDL No. 1657 |
| LENE ARNOLD | *    SECTION L |
| versus | *    JUDGE ELDON E. FALLON |
| MERCK & CO., INC.<br>    Defendant | *    MAGISTRATE JUDGE<br> *    KNOWLES |
| Case No. 05-2627 | * |
| & | * |
| ALICIA GOMEZ | * |
| versus | * |
| MERCK & CO., INC.<br>    Defendant | * |
| Case No. 05-1163 | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
MERCK'S MOTION TO ALTER OR AMEND PREEMPTION RULING**

Defendant Merck & Co, Inc. ("Merck") respectfully submits the attached decision in *Pennsylvania Employees Benefit Trust Fund v. Zeneca Inc.*, Case No. 05-5340, 2007 WL 2376312 (3d Cir. Aug. 17, 2007), to supplement Merck's pending Motion To Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).

As set forth in more detail in Merck's prior briefing, interlocutory appeal is appropriate under § 1292(b) when the order at issue "involves a controlling question of law as to which there

is substantial ground for differences of opinion" and an immediate appeal "may materially advance the ultimate termination of the litigation." *Hartz v. Adm'rs of Tulane Educ. Fund*, Case No. 06-2977, 2007 WL 1232211, at *2 (E.D. La. Apr. 25, 2007). According to plaintiffs, "[t]here is no broad based difference of opinion on the legal principles underlying the Court's ruling" as to "whether claims against prescription drug manufacturers are preempted by the FDCA and/or FDA regulations." (Pls.' Opp. at 10-11.) However, the Third Circuit's decision in *Zeneca* further confirms that there is a substantial ground for difference of opinion as to the question whether federal law preempts prescription drug failure-to-warn claims, and that interlocutory review is thus appropriate in this case.

In *Zeneca*, the Third Circuit affirmed the district court's dismissal of class action consumer fraud claims based on a defendant pharmaceutical company's prescription drug advertising on the ground that such claims are preempted by the federal Food Drug and Cosmetic Act ("FDCA"). As the court explained, "state laws are preempted when they frustrate regulations that have been promulgated following a specific inquiry into a particular area of agency authority." *Zeneca*, 2007 WL 2376312, at *9. According to the court, "allowing [plaintiffs'] claims to proceed would unnecessarily frustrate the FDCA's purpose and FDA regulations" because "the extent of agency involvement in regulating prescription drug advertising is extensive and specific." *Id.* Moreover, the court noted, preemption is especially appropriate "when **FDA-approved labeling** is the basis for allegedly fraudulent representations made in prescription drug advertising." *Id.* (emphasis added). "Accordingly, the purpose of protecting prescription drug users in the FDCA would be frustrated if states were allowed to interpose consumer fraud laws that permitted plaintiffs to **question the veracity of statements approved by the FDA**." *Id.* (emphasis added). To find otherwise "would pose an undue obstacle

to both Congress's and the FDA's objectives in protecting the nation's prescription drug users." *Id.* at *11.

In this case, just as in *Zeneca*, plaintiffs assert failure-to-warn claims based on alleged misstatements in Merck's FDA-approved labeling and advertising. Thus, this Court's decision to deny summary judgment on plaintiffs' failure-to-warn claims is at odds with the Third Circuit's dismissal of substantially similar claims in *Zeneca*. As a result, the *Zeneca* decision further highlights that there is a "substantial ground for differences of opinion" as to whether prescription drug failure-to-warn claims that challenge "FDA-approved labeling" or "question the veracity of statements approved by the FDA" are preempted by federal law.

For this reason, and those set forth in Merck's prior briefing, the Court should certify the question whether plaintiffs' state law failure-to-warn claims are preempted by federal law for immediate appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

Dated:  August 23, 2007

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jonathan D. Hacker
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

4

890018v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of August, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel