UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to: | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |
| LENE ARNOLD | |
| v. | |
| MERCK & CO., INC. | |
| Case No. 05-2627 | |
| and | |
| ALICIA GOMEZ | |
| v. | |
| MERCK & CO., INC. | |
| Case No. 05-1163 | |

**THE PSC'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
RE: MERCK'S MOTION AND MEMORANDUM TO ALTER OR
AMEND THE COURT'S JULY 3, 2007 ORDER DENYING MERCK'S
MOTION FOR SUMMARY JUDGMENT TO INCLUDE CERTIFICATION
<u>FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)</u>**

The Plaintiffs' Steering Committee hereby submits as supplemental authority the following materials:

• Letter correspondence from Chadwick C. Duran, Deputy Attorney General (Indiana), to Leonard A. Davis, Esquire, *see* August 20, 2007 Letter from Chadwick Duran to Leonard

1

Davis, attached hereto as Exhibit "A".

- E-mail correspondence from James C. Mason, Senior Advisor to the Director, Office of Intergovernmental Affairs, U.S. Department of Health and Human Services, to Nicole Stofer, former staff member of the Office of Mississippi Governor Haley Barbour, *see* January 4, 2006 Correspondence from James C. Mason to Nicole Stofer, attached hereto as Exhibit "B";

- E-mail correspondence from Nicole Stofer to Paul Hurst, Chief Counsel to the Office of Mississippi Governor Haley Barbour, *see* January 13, 2006 Correspondence from Nicole Stofer to Paul Hurst, attached hereto as Exhibit "C";

- Handwritten notes of Nicole Stofer from January 5, 2006 consultation with FDA, attached hereto as Exhibit "D";[1]

- E-mail correspondence from Matthew Salo, Director, Health and Human Services Committee of the National Governors Association ("NGA"), to Nicole Stofer *et al.*, *see* January 13, 2006 Correspondence from Matthew Salo to Nicole Stofer *et al.* ("Salo E-mail"), attached hereto as Exhibit "E";

- January 19, 2006 NGA news release "This Just In - January 19, 2006" ("NGA News Release"), attached hereto as Exhibit "F"; and

- Memorandum attached to Salo E-mail entitled "FDA Regulations on Prescription Drug Labeling Laws" ("Salo Memorandum"), attached hereto as Exhibit "G";

---

[1] Although the PSC has not yet been able to conclusively verify that this Exhibit is Ms. Stofer's notes from her January 5, 2006 consultation with FDA, from the context of the notes it's clear they are the notes from this consultation. The PSC intends to take discovery from Ms. Stofer to verify the identity of this Exhibit.

Each of the above referenced materials have been provided to the PSC in response to the PSC's efforts to conduct discovery concerning the FDA's purported consultation with state officials and organizations prior to the publication of the Final Rule. Specifically, these materials were provided to the PSC in response to subpoenas served upon the Office of Mississippi Governor Haley Barbour and the Office of Indiana Governor Mitch Daniels. The above materials expose several flaws with the Final Rule and refute any assertion that the FDA complied with Executive Order 13132,[2] thus, supporting this Court's conclusion that the Final Rule is not entitled to controlling deference. For instance, the letter from Chadwick Duran to Leonard Davis supports a determination that FDA did not comply with Executive Order 13132. In his letter, Chadwick Duran states as follows:

> Governor Daniels has no personal knowledge concerning the subject matter of the deposition, FDA's Proposed Labeling Rule OON-1269 ... **HHS and/or FDA did solicit consultation from Indiana's federal representative in early January 2006, but no consultation was forthcoming from the Office of the Governor** ... As neither the Governor or his staff participated in consulting with the FDA or communicating on the proposed rule prior to its promulgation, we are requesting that the subpoena for Governor Daniel's deposition be withdrawn along with the request for documents.

*See* August 20, 2007 Letter from Chadwick Duran to Leonard Davis, Exhibit "A". The letter from Chadwick Duran demonstrates that FDA misrepresented the extent of its consultation with state officials. *See* FDA Memorandum "Consultation with State Officials and Organizations" (hereinafter, "FDA Consultation Memo") (representing that FDA had consulted with the Office of

---

[2] *See* 64 Fed. Reg. 43255 §4(d)(1999) ("When an agency foresees the possibility of a conflict between State law and Federally protected interests within its area of regulatory responsibility, the agency shall consult, to the extent practicable, with appropriate State and local officials in an effort to avoid such a conflict.").

3

Indiana Governor Mitch Daniels in January 2006 regarding the inclusion in the Final Rule of language preempting state law), attached as Exhibit 41 to Plaintiffs' Response in Opposition to Merck & Co.'s Motion for Summary Judgement. The fact that FDA misrepresented that there had been consultation with the Office of Governor Mitch Daniels clearly supports a finding that FDA failed to comply with Executive Order 13132.

Several of the materials attached to this notice of supplemental authority relating to the FDA's purported consultation with the Office of Governor Haley Barbour, *i.e.*, Exhibits B and C, further demonstrate that the Final Rule should not be accorded deference since FDA failed to comply with Executive Order 13132. Although the FDA's Consultation Memo suggests to the reader that FDA consulted with Governor Barbour himself, examination of Exhibits B and C demonstrate that FDA merely conducted a cursory telephone conference with Nicole Stofer, a former member of the Governor's staff. Indeed, FDA's own correspondences verify that it sought consultation with Ms. Stofer, not Governor Barbour, and that FDA did not intend to conduct a meaningful consultation as required by Executive Order 13132 since it merely proposed a fifteen minute consultation with Ms. Stofer.[3] Given the magnitude of FDA's decision to preempt state tort law, consultation with hundreds of the highest ranking state officials, as opposed to mere staff members, over a period of months or years was necessary to satisfy Executive Order 13132. Given the brevity of FDA's consultation with Ms. Stofer it's no wonder she was unwilling to commit the

---

[3] *See* January 4, 2006 Correspondence from James C. Mason to Nicole Stofer ("Per my voicemail message, our Deputy Director for Policy, Laura Caliguiri, would like to speak with you about an upcoming Food and Drug Administration rulemaking. We have been asked to consult with governor's offices and wanted to make sure we had the opportunity to speak with you. Would you have about 15 minutes tomorrow ..."), Exhibit "B".

Governor's Office to publically supporting the Final Rule.[4]

The attached materials prepared by Matthew Salo of the National Governors Association ("NGA") expose additional weaknesses of the Final Rule and further demonstrate that FDA failed to comply with Executive Order 13132. For instance, in an e-mail sent out to several individuals prior to the publication of the Final Rule, Mr. Salo states as follows:

> FDA is seeking to finalize a rule (possibly within the next week) regarding prescription drug labeling. This would be the finalization of a proposed rule first published in December 2000. That proposed rule acknowledged the important role of state law in this area, however, the final rule they intend to publish completely overturns that position and explicitly calls for preemption of state law. **This language has been added in the time between 2000 and now, and no state has had the opportunity to review or formally comment on that language**.
>
> FDA's consultation process has been to conduct four conference calls, one with myself, one with Joy Wilson of NCSL, one with Nicole Stofer in Governor Barbour's office and one with Governor Daniels' office. **To my knowledge, none of these parties were able to see the proposed preemption language**.

*See* Salo E-mail (emphasis added), Exhibit "E". Thus, Mr. Salo points out that the Final Rule is contrary to the proposed rule that had acknowledged that state law was not to be preempted,[5] and that FDA failed to conduct meaningful consultation with state officials as required by Executive

---

[4] *See* January 13, 2006 Correspondence from Nicole Stofer to Paul Hurst ("This is the memo outlining the FDA proposed rule that HHS/FDA wanted us to review. I already put a call into FDA and told them we didn't have a position. We didn't have enough time to properly review the issue, etc. but we weren't going to publically oppose or support FDA."), Exhibit "C".

[5] *See* NGA News Release (" This new [Final Rule on] preemption ... contrasts the FDA's prior stance first published as a proposed rule on December 22, 2000, which stated 'FDA has determined that this proposed rule does not contain policies that have federalism implications or that preempt state law.'"), Exhibit "F".

Order 13132 since it conducted just four telephone conferences and did not provide the proposed language to the individuals it consulted with.

The Memorandum attached to the Salo E-mail provides the following additional analysis of the Final Rule:

> FDA received a number of comments and did not finalize these regulations, but now intends to quickly publish a final regulation that includes new language explicitly calling for preemption of state products liability laws. This language reverses the FDA's position in the original rule, and **appears to be an attempt by the FDA to assert the right of preemption despite the lack of clear Congressional intent** (the Food, Drug, and Cosmetics Act does not expressly allow for preemption of state law in this area), and the lack of clear judicial precedent (several courts have recently overturned the FDA's position). **Although the FDA has proposed including the preemption language in the preamble of the new rule (as opposed to the body of the rule),[6] it would still represent a major shift in agency position without going through the requisite comment period**. This could represent a violation of the current Executive Order on Federalism as well as the Administrative Procedures Act.

*See* Salo Memo, Exhibit "G". Thus, according to Mr. Salo's Memo, by publishing the Final Rule with preemption language FDA not only reversed its position from the time it published the proposed rule, but also exceeded the authority delegated to it by Congress. Mr. Salo's Memo also aptly points out that FDA violated the Administrative Procedures Act by failing to provide the requisite notice and comment period prior to the publication of the Final Rule.

From the authority submitted with this notice of supplemental authority as well as the initial

---

[6] Ms. Stofer's handwritten notes from her brief consultation with FDA demonstrate that FDA was aware that its efforts to preempt state law were flawed since the preemption language is located in the preamble and not in the text of the rule. *See* Stofer Notes ("If FDA's position is in preamble, it doesn't have the weight of the law behind it - instead of being in the rule - compromise.")(emphasis original), Exhibit "D".

6

supplemental authority regarding Merck's 1292(b) motion, it is clear FDA was being disingenuous in its Consultation Memo when it represented that several state officials and organizations it had consulted with prior to the publication of the Final Rule supported its efforts to preempt state law. To date it is clear that both the NGA and the National Conference of State Legislatures strongly opposed preemption, and that there was no actual consultation with the Office of Governor Mitch Daniels despite representations by FDA to the contrary. While there was consultation with the Office of Governor Haley Barbour, there was no willingness by the Governor's Office to support the Final Rule. Collectively this authority discredits the Final Rule and supports this Court's determination that it is not entitled to deference.[7]

The PSC respectfully requests that this Court take into consideration these supplemental authorities when determining Merck's 1292(b) motion.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: August 23, 2007

By:/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

---

[7] The PSC is still engaged in discovery efforts concerning FDA's purported consultation with state officials and organizations and intends to submit additional materials on a rolling basis so as to keep this Court fully apprised as new evidence is uncovered.

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

Kathryn A. Snapka, Esquire
SNAPKA, TURMAN & WATERHOUSE LLP
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, TX 78403
(361) 888-7676 (telephone)
(361) 884-8545 (telecopier)

Zollie C. Steakley
TX State Bar No. 24029848
MS State Bar No. 100517
Attorney for Plaintiffs
CAMPBELL~CHERRY~HARRISON~
 DAVIS~DOVE, P.C.
P.O. Drawer 21387
Waco, Texas 76702
(254) 761-3300 (telephone)
(254) 761-3301 (telecopier)

**Counsel for Plaintiff Gomez**

9

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of August, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:  (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com