UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>LENE ARNOLD<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-2627<br><br>and<br><br>ALICIA GOMEZ<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-1163 | MDL Docket NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**NOTICE OF SUPPLEMENTAL AUTHORITY
RE: MERCK'S MOTION AND MEMORANDUM TO ALTER OR AMEND
THE COURT'S JULY 3, 2007 ORDER DENYING MERCK'S
MOTION FOR SUMMARY JUDGMENT TO INCLUDE CERTIFICATION FOR
INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**

The Plaintiffs' Steering Committee hereby submits as supplemental authority a letter from the National Conference of State Legislatures ("NCSL") to the U.S. Department of Health and Human Services, *see* January 13, 2006 Letter from Senator Steven J. Rauschenberger to the Honorable Mike Leavitt, Secretary of U.S. Department of Health and Human Services, attached

1

hereto as Exhibit "A", and a letter from H. Colby Lane, counsel to Governor Haley Barbour, to Leonard A. Davis, Esquire. *See* August 7, 2007 Letter from H. Colby Lane to Leonard Davis, attached hereto as Exhibit "B".

In the NCSL letter, Senator Rauschenberger expressed strong opposition to the FDA's intent to include preemption language in the FDA's Final Rule on the Requirements on Content and Format of Labeling for Human Prescription Drugs and Biologics.[1] The NCSL letter refutes any assertion that FDA meaningfully complied with Executive Order 13132, thus, supporting this Court's conclusion that the Final Rule was not entitled to controlling deference. *See* 64 Fed. Reg. 43255 §4(d)(1999) ("When an agency foresees the possibility of a conflict between State law and Federally protected interests within its area of regulatory responsibility, the agency shall consult, to the extent practicable, with appropriate State and local officials in an effort to avoid such a conflict."). In his letter, Senator Rauschenberger commented on the failure of FDA to comply with Executive Order 13132 as follows:

> Had the NPRM contained a conflict between state and federal law, FDA is required under E.O. 13132 to conduct an official consultation with state and local government groups such as NCSL "in an effort to avoid such a conflict." (E.O. 13132 sec. 4(d)). This consultation would normally occur **before** the NPRM was published in the Federal Register ... FDA further informed NCSL it would not re-publish the Labeling Rule and open it up for comments based on this very significant change, nor would it share the proposed language with NCSL. **It is unacceptable that FDA would not permit the states to be heard on language that has a direct impact on state civil justice systems nationwide.**

To resolve the current situation, I respectfully request that either the

---

[1] Senator Rauschenberger's letter was mailed to FDA prior to the publication of the Final Rule. *See Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products*, 71 FR 3922 (January 24, 2006)[hereafter "Final Rule"].

> language be withdrawn or in the alternative, that the Labeling Rule be re-published with the appropriate opportunity to comment on this troubling proposed provision.

*See* Letter from Senator Steven J. Rauschenberger at 2 (emphasis is original). The above portions of Senator Rauschenberger's letter refute any assertion that FDA meaningfully complied with Executive Order 13132 and support this Court's determination that the Final Rule is not entitled to controlling deference.

Senator Rauschenberger's letter is also very critical of FDA for several additional reasons. Most noteworthy is Senator Rauschenberger's assertion that FDA lacks authority to preempt state law in the realm of prescription drugs. In his letter, Senator Rauschenberger refers to the preemption language in the Final Rule as a "thinly-veiled attempt on the part of FDA to confer upon itself authority it does not have by statute and does not have by way of judicial ruling ... [the FDCA] does not expressly permit FDA to preempt state law in the area of prescription drugs ... [and] several courts have consistently ruled against FDA's position favoring preemption." *Id.*

Senator Rauschenberger's further charges that FDA failed to provide a meaning notice and comment period regarding FDA's decision to include preemption language in its Final Rule. *See* Letter from Senator Steven J. Rauschenberger at 1 ("FDA seeks to insert this currently unavailable language into its final rule without going through the requisite comment period that should be accorded to such an important shift in agency position. This amounts to an abuse of agency process and a complete disregard for our dual system of government."). Senator Rauschenberger also observed that the FDA's notice of proposed rulemaking ("NPRM") failed to alert would be opponents to the inclusion of preemption language of the need to comment by including language in the NPRM that expressly stated that the proposed rule does not preempt state law. Indeed, in light

3

of insufficiency of the NPRM in this regard, Senator Rauschenberger stated that, "NCSL subsequently agreed with FDA's analysis and did not comment on the NPRM." *See* Letter from Senator Steven J. Rauschenberger at 2.

The letter from H. Colby Lane to Leonard Davis further supports a determination that FDA did not meaningfully comply with Executive Order 13132. In this letter, H. Colby Lane states as follows:

> You have subpoenaed Governor Barbour to testify at a deposition regarding consultation by the FDA in connection with the inclusion of language on preemption of state law claims in FDA's proposed labeling rule (00N-1269) (the "labeling rule). Governor Barbour does not have any recollection of being consulted by the FDA or any other person or organization in connection with the labeling rule, nor does he have any recollection of being briefed by any member of his staff on the labeling rule. The Governor's healthcare policy advisor was contacted in connection with the labeling rule.[2] This advisor, who is no longer employed by the Governor's office, has informed our office that she does not recall discussing the labeling rule with the Governor.

*See* Letter from H. Colby Lane at 1. Had the FDA's consultation been truly meaningful, one would expect Governor Barbour to at least be aware that such consultation had transpired. Given the magnitude of the FDA's sudden and unexpected policy shift, FDA should have consulted with Governor Barbour himself and not with a mere advisor.

---

[2] The PSC is attempting to locate this healthcare policy advisor for purposes of conducting discovery related to his or her consultation with FDA.

The PSC respectfully requests that this Court take into consideration these supplemental authorities when determining Merck's 1292(b) motion.[3]

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: August 13, 2007

By:/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

---

[3] Both of these letters are related to the PSC's efforts to conduct discovery concerning the FDA's purported consultation with state officials and organizations prior to the publication of the Final Rule. In connection with this discovery, the PSC has subpoenaed the National Governors Association, the Council of State Governors, the American Legislative Exchange Council, National Conference of State Legislators, the Office of Mississippi Governor Haley Barbour and the Office of Indiana Governor Mitch Daniels. To date the only entities responding to these discovery requests are the Office of Mississippi Governor Haley Barbour and the NCSL.

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFFS' STEERING COMMITEE**

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

Kathryn A. Snapka, Esquire
SNAPKA, TURMAN & WATERHOUSE LLP
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, TX 78403
(361) 888-7676 (telephone)
(361) 884-8545 (telecopier)

Zollie C. Steakley
TX State Bar No. 24029848
MS State Bar No. 100517
Attorney for Plaintiffs
CAMPBELL~CHERRY~HARRISON~
 DAVIS~DOVE, P.C.
P.O. Drawer 21387
Waco, Texas 76702
(254) 761-3300 (telephone)
(254) 761-3301 (telecopier)

**Counsel for Plaintiff Gomez**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of August, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com