IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | | |
| PRODUCTS LIABILITY LITIGATION | * | MDL DOCKET NO: 1657 |
| | * | Section L(3) |
| | * | |
| | * | Judge Fallon |
| | * | |
| This Document Relates to: | * | Mag. Judge Knowles |
| | * | |
| *Flippin, et al v. Merck & Cc., Inc., et al* | * | |
| | * | |
| Docket No.05-1797, Eastern District of LA | * | |
| | * | |

*******************************************

## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

NOW INTO COURT, come defendants, Nicholas Terry Warren, Steve C. Jackson, and Richard W. Hays (incorrectly named in the Complaint as Richard W. Hayes) (collectively "Pharmacy Defendants") in the captioned matter, who submit the following Opposition to Plaintiffs' Supplemental Motion to Remand.

**I.   MEDICAL EMERGENCY AND ECONOMIC HARDSHIP IS NOT A VALID BASIS ON WHICH A CASE CAN BE REMANDED.**

28 USC §1447(c) states that:

A motion to remand the case on the basis of any defect other than

> lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Faced with a situation where district courts would remand a case for any discretionary reason, the US Supreme Court, in *Thermtron Products, Inc.*, stated that "Congress never intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute."[1] "[A] district court cannot remand an otherwise properly removed case for discretionary or policy reasons."[2] "The fact that the plaintiff's action might receive more speedy disposition in a state court is not an authorized ground for remand."[3] "[C]alendar congestion is not a valid reason for a remand."[4] "Pursuant to 28 U.S.C. §1447(b), a motion to remand a case to state court may only be made on the basis of a defect in removal procedure or a lack of subject matter jurisdiction."[5]

In the present case, suit was properly removed to federal court and, as will be shown, this Court has valid subject matter jurisdiction. Neither medical emergency nor economic hardship are

---

[1] *Ryan v. State Bd. Of Elections of State or Ill.*, 661 F.2D 1130, 1134 (7th Cir. 1981), 661, quoting *Thermtron Products, Inc. v. Hermandsdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (abrogated on other grounds) (internal quotations omitted).

[2] *Elrad v. United Life and Acc. Ins. Co.*, 624 F.Supp. 742, 743, see also *Thermtron Products, Inc.*, 423 U.S. at 343-44, and *Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2D 1130, 1133 (7th Cir. 1981).

[3] *Morgan v. Ranger Ins. Co.*, 413 F.Supp 678, 679 (D.C. Fla. 1976).

[4] *Begley v. Maho Bay Camps, Inc*, 850 F. Supp. 172, 175 (E.D.N.Y. 1994), citing *Thermtron Products, Inc. v. Hermandsdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (abrogated on other grounds).

[5] *Begley* 850 F. Supp. at 175.

recognized or valid statutory grounds for remanding an action that is otherwise properly before a district court. Although Plaintiffs' situation is unfortunate, their hardships do not form a basis for removal. Furthermore, as stated above, it has been recognized that an argument that a case would be heard more quickly if in state court, is not a valid reason to remand the case. Thus, because the case was properly removed and properly before this court, it cannot be remanded based on plaintiffs' faulty theories.

## II. THERE IS DIVERSITY OF CITIZENSHIP BECAUSE THE PHARMACY DEFENDANTS HAVE BEEN IMPROPERLY JOINED.

Plaintiffs sole cause of action against the Pharmacy Defendants in this case is negligence in dispersing VIOXX.[6] There are no allegations that the prescriptions were incorrectly filled or that plaintiffs' doctor's instructions were not followed.

"Fraudulent joinder arises when the removing parties . . . present sufficient evidence that [plaintiff] could not have established a cause of action against nondiverse defendants under state law."[7]

Tennessee, as almost every other state, recognizes the learned-intermediary doctrine. Tennessee allows that "product manufacturers who have a duty to give warnings may reasonably rely on intermediaries to transit their warnings and instruction" and recognizes physicians as learned

---

[6] Plaintiff's Complaint for Personal Injuries ¶ 25. (Plaintiffs claim that Pharmacy Defendants were negligent because "they knew or should have know of the increased risk of heart attack and [] failed to adequately warn the plaintiff of the risk of heart attack associated with ingesting Vioxx."

[7] *Salisbury v. Purdue Pharma, L.P.*, 166 F.Supp.2d 546, 549 (E.D.Ky 2001); quoting, *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F.Supp.2d 694, 695-96 (W.D.Ky. 2000). (internal quotations omitted).

intermediaries.[8]  Furthermore, it has recognized that a pharmacists' "only function was to fill the prescription" of the doctor.[9]  Thus, it is the physician, not the pharmacist, who is charged with the duty to warn the patient of any dangers.[10]

Applying similar reasoning, numerous other courts have recognized that a pharmacist cannot be held liable for simply filling a prescription.  Numerous courts have found that under the learned intermediary doctrine, pharmacists have no legal duty to warn the patient.[11]

In *Sanks v. Parke-Davis*, plaintiff filed suit alleging that the pharmacy failed to warn her about any "potentially life-threatening side-effects" of a drug that had been prescribed by her doctor.[12]  The court found that plaintiff's suit failed to contain any allegations that the pharmacy "incorrectly filled, dispensed, or labeled her prescription" and that the absence of these allegations "is fatal to her claim . . . because a pharmacy or pharmacist who correctly fills a prescription in strict accordance with the prescribing physician's directions is protected by the learned intermediary doctrine and is not required to warn patients of potential adverse side effects."[13]

In *Jones v. Irwin*, the court was presented with the narrow question of "whether a pharmacist, who correctly fills a prescription, is negligent for failing to warn the customer or notify the physician

---

[8] *Carter v. Danek Medical, Inc.*, 1999 WL 33537317, *9 (W.D. Tenn. 1999), see also, *Laws v. Johnson*, 799 S.W.2d 249, 252-53 (Tenn. App. 1990).

[9] *Laws*, 799 S.W.2d at 255.

[10] *Laws*, 799 S.W.2d at 252.

[11] *Moore ex rel. Moore v. Memorial Hospital of Gulfport*, 825 So.2d 658, 666 (Miss 2002); see also, *Walker v. Jack Eckerd Corp.*, 209 Ga.App. 517, 434 S.E.2d 63, 67 (1993); *Mazur v. Merck & Co.*, 964 F.2d 1348, 1356 (3rd Cir. 1992); *Adkins v. Mong*, 168 Mich.App. 726, 425 N.W.2d 151, 152 (1988).

[12] 2000 WL 33910097, *4 (M.D. Ala. 2000).

[13] *Sanks*, 2000 WL 33910097, at *4.

that the drug is being prescribed in dangerous amounts, that the customer is being over medicated, or that the various drugs in their prescribed quantities could cause adverse reactions in the customer."[14] In reaching its conclusion, the court found that "[t]he overwhelming majority of recent state cases stand for the proposition that the pharmacist has no duty to warn."[15] The court answered the question they were faced with in the negative and stated that "[i]t is the duty of the prescribing physician . . . to warn the patient of any dangers associated with taking the drug . . . [and] the duty of the drug manufacturer to notify the physician of any adverse effects of other precautions that must be taken in administering the drug."[16] The court went on to state that "[p]lacing these duties to warn on the pharmacist would only serve to compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability."[17]

Thus, as is the case in this situation, Pharmacy Defendants cannot be liable for failure to warn plaintiffs of any alleged dangers because it is not their duty, rather, it is the duty of plaintiffs' doctor to inform them of all risk associated with use of the product. Because no valid claim has been asserted against the Pharmacy defendants, diversity of citizenship is present, and the removal of this case to the District Court was proper. Thus, the case cannot be remanded.

### III.   PLAINTIFFS' CLAIM THAT PHARMACY DEFENDANTS FAILED TO WARN THEM IS CONTRARY TO THEIR ALLEGATION THAT MERCK CONCEALED THE ALLEGED HARM FROM THE PUBLIC AND HEALTHCARE COMMUNITY

Finally, the Pharmacy Defendants wish to reiterate Merck's argument, set forth in their Notice of Removal, that plaintiffs' claims against the Pharmacy Defendants are contradictory to

---

[14] 602 F.Supp. 399, 400 (D.C.Ill. 1985).

[15] *Jones*, 602 F.Supp. at 401.

[16] *Jones*, 602 F.Supp. at 402.

[17] *Jones*, 602 F.Supp. at 402.

those asserted against Merck.[18] Additionally, Pharmacy Defendants wish to adopt the argument that it is impossible for plaintiffs to sustain an allegation that the Pharmacy defendants are liable to them because they failed to warn plaintiffs of something that they allege Merck concealed from the public and healthcare community.

This argument is further supported by *In re Rezuline Products Liability Litigation*, where the court recognized that plaintiffs' assertion that defendants "recklessly, falsely and/or deceptively represented or knowingly omitted, suppressed or concealed facts of such materiality regarding the safety and efficacy of [drug] from prescribing physicians refutes the assumption" that the physician had knowledge of the drug's harmful effects.[19]

Therefore, because plaintiffs contend that Merck concealed the alleged harms from everyone outside, including the pharmacists, they cannot then claim that those same pharmacists should be charged with warning plaintiffs of harm, of which, according to plaintiffs own pleading, they were not aware.

The cause should not be remanded because, according to this additional argument, plaintiffs fail to state a valid cause of action against the Pharmacy Defendants, and because they are unable to do so, Pharmacy Defendants have been improperly joined and this case was properly removed to District Court.

## IV.  CONCLUSION

As set forth above, plaintiffs have failed to state a valid cause of action against the Pharmacy Defendants, and as such, those Defendants have been improperly joined and this case must remain in the Vioxx MDL in the Eastern District of Louisiana.

---

[18] Notice of Removal ¶ 27.

[19] 133 F.Supp.2d 272, 295 (S.D.N.Y. 2001).

**WHEREFORE,** the defendants, Nicholas Terry Warren, Steve C. Jackson, and Richard W. Hays, pray that after due proceeding be had, this court deny Plaintiffs' Motion to Remand this case.

Respectfully submitted,

*/s/ Darcy E. Decker*

Thomas P. Anzelmo (Bar Roll #2533)
Darcy E. Decker (#30469)
McCranie, Sistrunk, Anzelmo,
Hardy, Maxwell & McDaniel, PC
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
tanzelmo@mcsalaw.com
ddecker@mcsalaw.com

and

Thomas M. Donnell, Jr.
Stewart, Estes & Donnell, PLC
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219-2392
(615) 244-6538
(615) 256-8386 (fax)
donnell@sedlaw.com
Counsel for Pharmacy Defendants

CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Answer has been served on Liason Counsel, Russ Herman and Phillip Whittmann, by US Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on this 28th day of August, 2007.

*Darcy E. Decker*

Darcy E. Decker (Bar Roll #30469)
Attorney for Defendant
McCranie, Sistrunk, Anzelmo,
Hardy, Maxwell & McDaniel, PC
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
ddecker@mcsalaw.com