UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>LENE ARNOLD<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-2627<br><br>and<br><br>ALICIA GOMEZ<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-1163 | MDL Docket NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THE PSC'S RESPONSE TO MERCK'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MERCK'S MOTION TO ALTER OR
AMEND PREEMPTION RULING**

Merck's Notice of Supplemental Authority suggests that *Pennsylvania Employees Benefit Trust Fund v. Zeneca Inc.*, 2007 WL 2376312 (3rd Cir. Aug. 17, 2007), supports Merck's contention that there are substantial grounds for differences of opinion as to whether failure to warn claims are preempted by virtue of the Final Rule. *See Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products*, 71 FR 3922 (2006). This assertion is incorrect

1

for several reasons.

First, *Zeneca* is a false advertising case that is based on the drug companies' purported misrepresentations in advertisements for Nexium. *See Zeneca*, 2007 WL 2376312, *6 ("Thus, the question presented here is whether state consumer fraud laws pose an obstacle to the FDA's congressionally-mandated regulation of prescription drug advertising."). The plaintiff in that case, Pennsylvania Employees Benefit Trust Fund, alleged in its complaint that the defendants were liable to a class of purchasers for damages under the Delaware Consumer Fraud Act since the defendants had used deceptive advertising that promoted Nexium as an improvement on Prilosec. The plaintiff further alleged violations of the 50 states consumer protection statutes, negligent misrepresentation and unjust enrichment. The underlying argument supporting these claims for economic damages was that the defendants had deceived consumers into switching from their cheaper and equally effective drug, Prilosec, to a newer and more profitable drug, Nexium, by misrepresenting Nexium as superior to Prilosec. After the district court dismissed the complaint, the Third Circuit reviewed that order by focusing on whether the federal scheme preempted the advertisements at issue in the case.

Since *Zeneca* is a false advertising case, its holding is limited to false advertising cases. The Third Circuit has yet to find preemption in a personal injury case that involves claims addressing traditional failure to warn claims based upon inadequate labeling of a prescription drug. Indeed, the position of the Third Circuit on preemption in failure to warn cases will be established on a fully developed record when the Third Circuit rules in either *McNellis, et al. v. Pfizer*, 06-5148 (3rd Cir.) or *Colacicco v. Apotex, Inc.*, No. 06-3107 (3rd Cir.). Accordingly, Merck's reliance on *Zeneca* as supporting its claim that there is a split of authority is misplaced since there has not yet been a ruling

by the Third Circuit on the broader issue of preemption in failure to warn cases.

Second, it is premature to label *Zeneca* the law of the Third Circuit since it is anticipated that plaintiffs will petition for a rehearing given the strong dissenting opinion of the split panel. *See Zeneca*, 2007 WL 2376312 (Cowen, J., dissenting). Such a request for a rehearing is likely to be granted since it appears the panel's majority erred and also because one of the panel members voting in the majority was sitting by designation and is not part of the present composition of active Third Circuit judges.[1]

Third, the decision by the panel is flawed since it amounts to field preemption and, as was pointed out by the dissent, the majority failed to demonstrate an actual conflict between federal and state law. The majority concluded that there is preemption since the FDA occupies the entire field of prescription drug advertising. *See Zeneca*, 2007 WL 2376312, * 9-10 ("allowing these claims to proceed would unnecessarily frustrate the FDCA's purpose and FDA regulations, as the extent of agency involvement in regulating prescription drug advertising is extensive and specific ... [t]he high level of specificity in federal law and regulations with respect to prescription drug advertising is

---

[1] The Judge sitting by designation in *Zeneca* is the Honorable Eugene E. Siler, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit. It is not surprising that Judge Siler may support preemption in *Zeneca* given the Sixth Circuit's stance on preemption in drug cases. *See Garcia v. Wyeth-Ayerst Laboratories*, 385 F.3d 961 (6th Cir. 2004) (finding preemption of drug claim asserted under exception to Michigan statute immunizing drug manufacturers from products liability for drugs approved by FDA). The position of the Sixth Circuit in *Garcia* is questionable and is contrary to the Second Circuit in *Desiano*. *See Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 97 Fn. 9 (2nd Cir. 2006) (rejecting preemption argument under same exception to Michigan statute immunizing drug manufacturers form products liability for drugs approved by FDA), *petition for cert. pending, Warner-Lambert Company LLC and Pfizer Inc., v. Kimberly Kent, et al*, 06-1498 (U.S. May 10, 2007). As in *Zeneca*, the Sixth Circuit improperly extended *Buckman* to find preemption in *Garcia*. *See infra* at 5. Because a certiorari petition is currently pending in *Desiano*, the Supreme Court may have an opportunity to correct those courts that have extended *Buckman* beyond its logical limits.

irreconcilable with general state laws that purport to govern all types of advertising."). This determination is directly at odds with recent Fifth Circuit authority. *See, e.g., McNeil v. Wyeth*, 2006 WL 2411547 (5th Cir. 2006) (failure to warn claim against drug manufacturer is viable cause of action that survives summary judgment). Further, even if correct, the ruling has no application to the present dispute since not even Merck has argued that field preemption has any application to this case. *See* Memorandum of Law in Support of Merck's Motion for Summary Judgment at 12 ("The later form of conflict preemption [referring to conflict preemption of state laws that frustrates federal objectives] is at issue here, as elaborated in Part II below.").

Further evidence of the majority's error in *Zeneca* is its reliance upon several express preemption cases that are inapposite.[2] Courts frequently tolerate state laws and/or tort actions that parallel federal law in cases that implicate express preemption provisions. *See Zeneca*, 2007 WL 2376312, *15-16 (discussion of Supreme Court cases upholding state-law claims that parallel federal requirements) (Cowen, J., dissenting). There is simply no basis for finding preemption of tort claims that parallel federal law under a conflict preemption theory given that such claims have been traditionally tolerated under our federal system. *See, e.g., McNeil, supra* (failure to warn claim against drug manufacturer is viable cause of action that survives summary judgment). The majority opinion is clearly off base since such a ruling could be interpreted to preempt all claims, even those that parallel federal law.[3]

---

[2] *See Zeneca*, 2007 WL 2376312, * 8-9 (relying upon *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996), *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861 (2000), and *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001)).

[3] Merck relies upon portions of the majority opinion in *Zeneca* that discuss FDA approval of labeling. Since the majority fails to mention the "changes being affected" or CBE regulations, (continued...)

Finally, the faults with the majority opinion in *Zeneca* are perhaps best illustrated by the dissent's observation that the majority incorrectly applied *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). The author of the dissent, the Honorable Robert E. Cowen, should be accorded considerable weight on this issue since he was also the author of the dissenting opinion in the Third Circuit case overturned by the Supreme Court in *Buckman*. *See In re Orthopedic Bone Screw Liability Litigation*, 159 F.3d 817 (3rd Cir. 1998) (Cowen, J., dissenting), *rev'd, Buckman*, 531 U.S. 341. In his *Zeneca* dissent, Justice Cowen observed the misapplication of *Buckman* by the majority as follows:

> Fourth, I disagree that the majority's attempt to analogize this case to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001), where the Supreme Court found preemption based upon specific conflicts between certain FDA objectives and state-law fraud-on-the-agency claims and FDCA requirements ... [T]he Court found that unlike the traditional state tort claims, the fraud-on-the-agency claims existed solely by virtue of FDCA disclosure requirements, which Congress had given the FDA the exclusive responsibility to enforce ... Unlike the claims in Buckman, plaintiffs' claims here do not exist by virtue of a violation of FDCA disclosure requirements. The state consumer protection statutes at issue existed long before the federal enactments.

---

[3](...continued)
*see* 21 C.F.R. §§201.57(e) and 314.70(c)(b), that permit drug manufacturers to make labeling changes when new risk information becomes know, these portions of the opinion are not well considered as the issues were neither adequately argued or briefed. Other courts that have considered preemption arguments based upon FDA's approval of drug labeling have examined these provisions in depth to find that there can not be a conflict justifying preemption in light of these minimal regulations. *See In re Vioxx Products Liability Litigation*, 2007 WL 1952964, * 5 (E.D.La. July 3, 2007) (discussing CBE regulations in opinion denying summary judgment); *Witczak v. Pfizer*, 377 F.Supp.2d 726, 729 (D.Minn. 2005) (same); *Caraker v. Sandoz,* 172 F. Supp. 2d 1018, 1037 (S.D. Ill. 2001) (imposing a common law duty under state law acknowledging that a drug manufacturer must act reasonably in using the CBE provisions to alter a warning or label when such label clauses are warranted under the CBE provision does not operate as an obstacle to federal regulations).

*See Zeneca*, 2007 WL 2376312, *15 (Cowen, J., dissenting). This reasoning still resonates strongly in the present context. Indeed, this Court and others have followed this reasoning by rejecting similar arguments attempting to employ *Buckman* to support preemption arguments. *See In re Vioxx Products Liability Litigation*, 401 F.Supp.2d 565, 587 (E.D.La. Nov. 18, 2005) (rejecting *Buckman* argument); *Desiano*, 467 F.3d at 88-89 (same); *Caraker,* 172 F. Supp. 2d 1018, 1033 (same); *Globetti v. Sandoz Pharm. Corp.*, 2001 WL 419160 (N.D.Ala. 2001) (same); *Eve v. Sandoz Pharm. Corp.*, 2002 WL 181972 (S.D.Ind. 2002) (same). *See also Bouchard v. Amer. Home Products Corp.*, 213 F. Supp. 2d 802, 811-812 (N.D. Ohio 2002) (where the court specifically stated evidence of defendants' communications with the FDA may be relevant in a state tort claim).

In light of the forgoing, *Zeneca* does not support Merck's assertion that there are substantial grounds for differences of opinion with respect to whether or not the Final Rule should be accorded deference.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: August 29, 2007

By: /s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

Kathryn A. Snapka, Esquire
SNAPKA, TURMAN & WATERHOUSE LLP
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, TX 78403
(361) 888-7676 (telephone)
(361) 884-8545 (telecopier)

Zollie C. Steakley
TX State Bar No. 24029848
MS State Bar No. 100517
Attorney for Plaintiffs
CAMPBELL~CHERRY~HARRISON~
 DAVIS~DOVE, P.C.
P.O. Drawer 21387
Waco, Texas 76702
(254) 761-3300 (telephone)
(254) 761-3301 (telecopier)

**Counsel for Plaintiff Gomez**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of August, 2007.

    /s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com