UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: Vioxx Marketing, Sales Practices & Products Liability Litigation | * * * * | MDL No. 1657 |
|  | * | SECTION L |
|  | * | |
|  | * | JUDGE ELDON E. FALLON |
| **This Document Relates to:** | * | |
| *Cummings v. Merck & Co., Inc.,* | * | MAGISTRATE JUDGE |
| *Case No.: 2:07cv02939* | * | DANIEL E. KNOWLES, III |
|  | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

**ANSWER AND DEFENSES
OF DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") submits the following Answer and Defenses to the Amended Complaint ("Complaint") of plaintiff Marion Cummings, Individually and on Behalf of the Wrongful Death Beneficiaries of Carmon Cummings ("plaintiff"), as follows:

**ANSWER**

Merck answers the allegations of the Complaint as follows, and denies each allegation in the Complaint except those expressly admitted below.

**I.**

**RESPONSE TO "PARTIES"**

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph 1 of the Complaint, and therefore denies same.

2.      Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.      The allegations contained in paragraph 3 of the Complaint are not directed towards defendant, Merck.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck employs Professional Representatives.

### RESPONSE TO "JURISDICTION AND VENUE"

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that it is authorized to do business in the state of Mississippi and that it may be served with process through CT Corporation System, at 645 Lakeland East Drive, Suite 101 in Flowood, Mississippi 39232.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, and therefore, denies same.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits this case was transferred to the Vioxx Multi-District Litigation in this Court.

### RESPONSE TO "FACTUAL BACKGROUND"

7.      Merck lacks knowledge or information sufficient to form a belief as to the allegations contained in the first, second, third, fourth, and fifth sentences contained in paragraph

7 of the Complaint, and therefore denies same.  Merck denies each and every allegation contained in the sixth sentence of said paragraph.

8.     Merck denies each and every allegation contained in the first through sixth sentences of paragraph 8 of the Complaint except admits that Vioxx® ("Vioxx") is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).  Merck denies each and every allegation contained in the seventh and eighth sentences of paragraph 8 of the Complaint and respectfully refers the Court to the referenced publication for its actual language and full text.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor and avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions in full context.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except Merck admits that it manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

16.     Merck denies each and every allegation in paragraph 16 of the Complaint except admits that plaintiff purports to quote from Merck documents but Merck avers that said quotations are taken out of context.

17.     Merck denies each and every allegation in paragraph 17 of the Complaint except admits that Merck received a letter from an FDA regulatory official in September 2001 and respectfully refers the Court to said letter for its actual language and full text.

18.     Merck denies each and every allegation in paragraph 18 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complain except admits that the referenced press release exists and respectfully refers the Court to the document for its actual language and full text.

### RESPONSE TO "COUNT ONE – STRICT LIABILITY (Defective Design)"

21.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

23.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore denies same.

24.     Merck denies each and every allegation contained in paragraph 24of the Complaint.

25.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore denies same. Merck further refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint.

### RESPONSE TO "COUNT TWO- STRICT LIABILITY (Failure to Warn)"

30.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, and therefore denies same.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

## RESPONSE TO "COUNT THREE-NEGLIGENT DESIGN"

38.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  To the extent that a response is required, Merck denies each and every allegation contained in paragraph 39 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

## RESPONSE TO "COUNT FOUR-NEGLIGENT FAILURE TO WARN"

44.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.    The allegations of paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

46.    The allegations contained in paragraph 46 of the Complaint are not directed towards defendant, Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck employs Professional Representatives.

47.    Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.    The allegations contained in paragraph 48 of the Complaint are not directed towards defendant, Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck employs Professional Representatives.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.    The allegations contained in paragraph 50 of the Complaint are not directed towards defendant, Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck employs Professional Representatives.

51.    Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.    Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

**RESPONSE TO "COUNT FIVE- BREACH OF IMPLIED WARRANTIES"**

55.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     The allegations contained in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 56 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

57.     Merck denies each and every allegation contained in paragraph 57 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

58.     The allegations contained in paragraph 58 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

## RESPONSE TO "COUNT SIX – FRAUD/FRAUDULENT CONCEALMENT"

65.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint, except Merck admits that it trains its professional representatives.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint, except Merck admits that it trains its professional representatives.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, except Merck admits that it trains its professional representatives.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint, except Merck admits that it trains its professional representatives.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint, except Merck admits that it trains its professional representatives.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for their actual language, full text and context.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for their actual language, full text and context.   Merck further admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint, except admits that the referenced marketing campaign exists and respectfully refers the Court to the relevant marketing documents for their actual language and full text.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint except admits that plaintiff purports to quote portions of the article referenced in said paragraph, and Merck respectfully refers the court to the entire article for its actual language.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint except admits that the referenced press release exists and that Merck received a letter from an FDA regulatory official in September 2001 and respectfully refers the court to the referenced press release and letter for their entire language and full text.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint except admits that the referenced article exists and refers the court to the referenced article for its actual conclusions and text.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint except admits that plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint, except admits that the referenced marketing campaign exists and respectfully refers the Court to the relevant marketing documents for their actual language and full text.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint, except admits that the referenced marketing campaign exists and respectfully refers the Court to the relevant marketing documents for their actual language and full text.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.

## RESPONSE TO "COUNT EIGHT-PUNITIVE DAMAGES"

96.      Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.      Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.      Merck denies each and every allegation contained in paragraph 98 of the Complaint.

## RESPONSE TO "DAMAGES"

99.      Merck denies each and every allegation contained in the paragraph 99 of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

100.      Merck denies each and every allegation contained in paragraph 100 of the Complaint, except admits that plaintiff purports to state a claim for punitive damages but denies that there is any legal or factual basis for said relief.

101.      Merck denies each and every allegation contained in paragraph 101 of the Complaint, except admits that plaintiff purports to state a claim for attorneys' fees but denies that there is any legal or factual basis for said relief.

102.      Merck denies each and every allegation contained in paragraph 102 of the Complaint, except admits that plaintiff purports to state a claim for pre-judgment interest but denies that there is any legal or factual basis for said relief.

## RESPONSE TO PARAGRAPH BEGINNING "WHEREFORE"

The paragraph of the Complaint beginning "WHEREFORE" does not contain any allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the paragraph beginning "WHEREFORE" except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiff, Merck alleges as follows:

## FIRST DEFENSE

The claims of plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The claims of the plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## FOURTH DEFENSE

The claims of the plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## FIFTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## SIXTH DEFENSE

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

## SEVENTH DEFENSE

To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## EIGHTH DEFENSE

To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff and/or decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## NINTH DEFENSE

If plaintiff and /or decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff and/or decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH DEFENSE

If plaintiff and/or decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH DEFENSE

If plaintiff and/or decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by decedent's misuse or abuse of Vioxx.

## TWELFTH DEFENSE

If plaintiff and/or decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff and/or decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## FOURTEENTH DEFENSE

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Mississippi law.

## FIFTEENTH DEFENSE

Plaintiff's claims of fraud are barred by reason of plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and Mississippi Rules of Civil Procedure.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## NINETEENTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## TWENTIETH DEFENSE

This case is more appropriately brought in a different venue.

## TWENTY-FIRST DEFENSE

Venue in this case is improper.

## TWENTY-SECOND DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## TWENTY-THIRD DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## TWENTY-FOURTH DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

## TWENTY-FIFTH DEFENSE

The claims of plaintiff may be barred, in whole and in part, by the doctrine of laches.

## TWENTY-SIXTH DEFENSE

The claims of plaintiff are barred, in whole or in part, by their failure to mitigate damages.

## TWENTY-SEVENTH DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## TWENTY-EIGHT DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## TWENTY-NINTH DEFENSE

The claims of plaintiff may be barred, in whole or in part, by the governing state laws.

## THIRTIETH DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## THIRTY-FIRST DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

## THIRTY-SECOND DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for plaintiff's failure to provide it with due process of law.

## THIRTY-THIRD DEFENSE

To the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## THIRTY-FOURTH DEFENSE

To the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## THIRTY-FIFTH DEFENSE

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a) imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)     imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)     imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## FORTIETH DEFENSE

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### FORTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### FORTY-SECOND DEFENSE

Merck affirmatively pleads Miss. Code § 85-5-7 (1972), governing the law in Mississippi for joint tortfeasors, as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

### FORTY-THIRD DEFENSE

To the extent that the plaintiff's claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

### FORTY-FOURTH DEFENSE

Plaintiff's claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through (c) (1972), as amended by Miss. Laws  2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

### FORTY-FIFTH DEFENSE

Some or all of the damages alleged by plaintiff are barred by Miss. Code §§ 75-2-714, 715 (1972).

### FORTY-SIXTH DEFENSE

To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity and/or standing to bring such claims.

### FORTY-EIGHTH DEFENSE

Plaintiff's recovery if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others.

### FORTY-NINTH DEFENSE

Merck affirmatively asserts the requirements of Miss. Code Ann. § 11-7-13, which governs wrongful death actions.

Merck requests that plaintiff be denied the relief sought in the Complaint and that Merck be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper.  Merck hereby gives notice that it intends to rely upon such defenses as may become available or appear during discovery proceedings in this case or that are included in the Multidistrict Litigation Proceeding before Judge Fallon of the Eastern District of Louisiana, and Merck reserves the right to amend its answer to assert any such defense.

**WHEREFORE, Merck prays for relief and judgment against plaintiff as follows:**

A.      That plaintiff takes nothing by reason of the Complaint;

B.      That this action be dismissed with prejudice;

C.      That Merck recovers its fees, costs and attorneys' fees incurred herein; and

D.      Such further and other relief as the Court deems proper.

DATED this 30th day of August, 2007.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18059
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:      504-581-3361


Defendant's Liaison Counsel

<u>**CERTIFICATE OF SERVICE**</u>

I  hereby certify that the above and foregoing Answer and Defenses has been served on

Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand

delivery and e-mail and upon all parties  by electronically uploading the same to LexisNexis File

& Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was

electronically filed with the Clerk of Court of the United States for the Eastern District of

Louisiana by using CM/ECF system which will send a Notice of Electronic Filing in accord with

the procedures established in MDL 1657 on this 30th day of August, 2007.

<div style="margin-left:40%">

*/s/ Dorothy H. Wimberly*

Dorothy H. Wimberly, 18059
STONE PIGMAN WALTHER
WITTMANN L.L.C
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendant's Liaison Counsel

</div>

JACKSON 2939 T56v1