# Exhibit "C"

LAW OFFICES
## WEBSTER, CHAMBERLAIN & BEAN
1747 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 785-9500
FAX: (202) 835-0243

ARTHUR L. HEROLD
ALAN P. DYE
EDWARD D. COLEMAN
FRANK M. NORTHAM
JOHN W. HAZARD, JR.
HUGH K. WEBSTER
DAVID P. GOCH
DAVID M. REPASS
CHARLES M. WATKINS
HEIDI K. ABEGG
DAVID M. ABRAHAMS
JOHN R. STROUT
JAMES S. WILSON, JR.

GEORGE D. WEBSTER (1921-1996)
CHARLES E. CHAMBERLAIN (1917-2002)
OF COUNSEL
J. COLEMAN BEAN
KENT MASTERSON BROWN*

*NOT ADMITTED TO DC BAR

August 20, 2007

Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113

Re: *In Re: Vioxx Product Liability Litigation, MDL 1657 (E.D. La.).*

Dear Mr. Davis:

This firm represents the National Governors Association (NGA), and I am responding to your letter to NGA dated July 26, 2007 and to the subpoena included with that letter seeking certain documents in connection with the above-named case. Your letter states that the requested documents may be delivered to you anytime prior to September 5, 2007.

There are only two documents responsive to the subpoena, and they are enclosed. I certify that these are the only responsive documents in the possession or control of NGA.

Please let me know if you have any questions.

Sincerely,

Hugh K. Webster



## NATIONAL CONFERENCE *of* STATE LEGISLATURES

*The Forum for America's Ideas*

Friday, January 13, 2006

The Honorable Mike Leavitt, Secretary
U.S. Department of Health and Human Services
Hubert Humphrey Building
200 Independence Avenue, SW, Room 615 F
Washington, DC 20201

**Steven J. Rauschenberger**
*Assistant Senate Minority Leader*
*Illinois*
*President, NCSL*

**Susan Clarke Schaar**
*Clerk of the Senate*
*Virginia*
*Staff Chair, NCSL*

**William T. Pound**
*Executive Director*

Re: Food and Drug Administration Final Rule on the Requirements on Content and Format of Labeling for Human Prescription Drugs and Biologics; Requirements for Prescription Drug Product Labels, Docket No. 00N-1269

Dear Secretary Leavitt:

I am writing on behalf of the National Conference of State Legislatures (NCSL) to express our opposition to the inclusion of language that would preempt state product liability laws in the above-referenced Rule. This preemption language is a thinly-veiled attempt on the part of FDA to confer upon itself authority it does not have by statute and does not have by way of judicial rulings. The Food, Drug & Cosmetics Act does not expressly permit FDA to preempt state law in the area of prescription drugs. In addition, several courts have consistently ruled against FDA's position favoring preemption. FDA seeks to insert this currently unavailable language into its final rule without going through the requisite comment period that should be accorded to a such an important shift in agency position. This amounts to an abuse of agency process and a complete disregard for our dual system of government.

The Notice of Proposed Rulemaking (NPRM) for the "Requirements on Content and Format of Labeling for Human Prescription Drugs and Biologics; Requirements for Prescription Drug Product Labels" (Labeling Rule) was first issued on December 22, 2000. In the original NPRM, FDA conducted an analysis of the Labeling Rule to determine whether it contained any policies that have federalism implications or that preempt state law in accordance with Executive Order 13132. FDA determined that the Labeling Rule did not have federalism implications as defined by E.O. 13132 and stated:

> "FDA is publishing this proposed rule to revise its regulations governing the format and content of labeling for human prescription drug products…Because enforcement of these labeling provisions is a Federal responsibility, there should be little, if any, impact from this rule, if finalized, on the States, or on the

**Washington**
*444 North Capitol Street, NW, Suite 515*
*Washington, D.C. 20001*
*Phone 202.624.5400  Fax 202.737.1069*

**Denver**
*7700 East First Place*
*Denver, Colorado 80230*
*Phone 303.364.7700  Fax 303.364.7800*

*Website* www.ncsl.org

distribution of power and responsibilities among the various levels of Government. **In addition, this proposed rule does not preempt State law.** Accordingly, FDA has determined that this proposed rule does not contain policies that have federalism implications or that preempt State law. " (NPRM, Fed. Reg. vol. 65, No. 247, p. 81103).

NCSL subsequently agreed with FDA's analysis and did not comment on the NPRM. Had the NPRM contained a conflict between state and federal law, FDA is required under E.O. 13132 to conduct an official consultation with state and local government groups such as NCSL "in an effort to avoid such a conflict." (E.O. 13132 sec. 4(d)). This consultation would normally occur **before** the NPRM was published in the Federal Register.

NCSL understands that FDA now intends to finalize this rule and include a policy statement that provisions of the Labeling Rule would now preempt state product liability laws. NCSL recently asked FDA officials why it was including this harmful language. References to several recent court cases wherein FDA filed amicus briefs and in which FDA's position on federal preemption of state laws did not prevail were offered. FDA further informed NCSL it would not re-publish the Labeling Rule and open it up for comments based on this very significant change, nor would it share the proposed language with NCSL. **It is unacceptable that FDA would not permit the states to be heard on language that has a direct impact on state civil justice systems nationwide.**

To resolve the current situation, I respectfully request that either the language be withdrawn or in the alternative, that the Labeling Rule be re-published with the appropriate opportunity to comment on this troubling proposed provision. Your consideration of our concerns and recommendations is most appreciated. For further information, please contact NCSL staff Joy Johnson Wilson at 202-624-8689 or Susan Parnas Frederick at 202-624-3566.

Sincerely,

Steven J. Rauschenberger

Sen. Steven J. Rauschenberger
Assistant Senate Minority Leader, Illinois
President, NCSL

Cc: The Honorable Arlen Specter, Chair, Senate Judiciary Committee
    The Honorable Patrick Leahy, Ranking Member, Senate Judiciary Committee
    The Honorable James Sensenbrenner, Chair, House Judiciary Committee
    The Honorable John Conyers, Ranking Member, House Judiciary Committee
    The Honorable Michael Enzi, Chair Senate Health, Education, Labor, and Pensions Committee
    The Honorable Edward Kennedy, Ranking Member, Senate Health, Education, Labor, and Pensions Committee
    The Honorable Joe Barton, Chair, House Energy and Commerce Committee
    The Honorable John Dingell, Ranking Member, House Energy and Commerce Committee

# FDA Regulation on Prescription Drug Labeling Laws

Background
The Food and Drug Administration (FDA) regulates the format and content of labeling for prescription drugs and biologic products. The part of the labeling that is directed to health care practitioners is called a "package insert" and is the primary means by which the FDA communicates essential, science-based prescribing information. Labeling is required to contain a summary of the essential scientific information needed for the safe and effective use of the drug, to be informative and accurate and neither promotional in tone, nor false and misleading.

While the federal government has the obligation to regulate these substances and provide relevant information to health care practitioners, many states have enacted laws that also require the sharing of safety-related information on these substances, and provide for further regulation of product liability. For example, the state of California has enacted Proposition 65, which requires the Governor to publish a list of chemicals that are known to cause cancer or reproductive harm.

December 2000 Proposed Rule
The FDA published a proposed rule on December 22, 2000 that would have updated these requirements. The proposed rule contained specific language acknowledging the importance of state law on the issue, "FDA has determined that this proposed rule does not contain policies that have federalism implications or that preempt state law."

Current Status
FDA received a number of comments and did not finalize these regulations, but now intends to quickly publish a final regulation that includes new language explicitly calling for preemption of state product liability laws. This language reverses the FDA's position in the original rule, and appears to be an attempt by the FDA to assert the right of preemption despite the lack of clear Congressional intent (the Food, Drug, and Cosmetics Act does not expressly allow for preemption of state law in this area), and the lack of clear judicial precedent (several courts have recently overturned the FDA's position). Although the FDA has proposed including the preemption language in the preamble of the new rule (as opposed to the body of the rule), it would still represent a major shift in agency position without going through the requisite comment period.

Judicial History
Some recent court cases in 2005 have ruled that the FDA standards are a minimum standard and that drug companies may add stronger language, and that states have the right to require additional language. Furthermore, the courts have determined if the drug companies are sued for damages when they have chosen to minimize language on the warning labels, they can and will be held liable. FDA, however, maintains that the FDA standards are not minimums, but strict standards, and that any additional warnings placed on labels (either at the behest of the drug manufacturer or at the request of the state), are by definition "false and misleading", because they DIFFER from the FDA standard. The following two cases decided in 2005 explicitly rejected the FDA's position on this issue: Cartwright v. Pfizer, Inc. E.D. TX, No. 04-292 (March 31, 2005) and Miles v. Pfizer, M.D. La., No. 03-691 (March 30, 2005).

Next Steps
NCSL has sent a letter to HHS Secretary Leavitt requesting that the introduction of the final rule be halted and that, given the major shift in preemption policy, it be re-submitted as a proposed rule. However, it appears that HHS believes it has satisfied its internal requirement to provide a consultation with states and intends to move forward with finalizing the rule.