UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>LENE ARNOLD<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-2627<br><br>and<br><br>ALICIA GOMEZ<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-1163 | MDL Docket NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THE PSC'S REPLY IN SUPPORT OF FIRST AND SECOND NOTICE OF SUPPLEMENTAL AUTHORITY RE: MERCK'S MOTION AND MEMORANDUM TO ALTER OR AMEND THE COURT'S JULY 3, 2007 ORDER DENYING MERCK'S MOTION FOR SUMMARY JUDGMENT TO INCLUDE CERTIFICATION <u>FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)</u>**

The deference owed to the FDA is of critical importance to Merck's motion for summary judgment that is the subject of its request for 1292(b) certification. In its recent response to the PSC's First and Second Notices of Supplemental Authority, Merck contends that FDA's failure to comply with Executive Order 13132 is irrelevant to its motion to alter or amend and asks the Court

1

to disregard strong evidence of the FDA's failure to comply with this Executive Order. Merck asks the Court to disregard FDA's failure to comply with Executive Order 13132 because executive orders purportedly do not confer substantive rights on private citizens to challenge agency actions. Even assuming this assertion to be correct, Merck's analysis is confused since the plaintiffs are not directly challenging FDA's action under the Executive Order, but rather are disputing Merck's claim that the FDA interpretation set forth in the preamble is entitled to controlling deference.

Unlike the labeling rule itself, the FDA's interpretation in the preamble does not carry the force of law and is a mere advisory opinion that represents the FDA's view on preemption. *See* 21 C.F.R. § 10.85 (d)(1). The fact that the preemption language appears in the preamble, and not in the text of the Final Rule, allows for an analysis of agency deference, thus making relevant FDA's failure to comply with Executive Order 13132.[1] Plaintiffs are not seeking to privately enforce an Executive Order as Merck contends. Rather, plaintiffs are pointing to FDA's failure to comply with

---

[1] Had the FDA included the preemption language in the text of its labeling rule, the pertinent question would be whether or not Congress had delegated to FDA the authority to issue regulations that preempt state tort claims against prescription drug manufacturers. It is indisputable that FDA lacks such authority. The FDA's effort to avoid this major inconvenience is evidenced by the documents made available from Governor Barbour's office.

Amongst the documents presented in the PSC's Supplemental Authority are the handwritten notes of Nicole Stofer, a former staff member of the Office of Mississippi Governor Haley Barbour, from her brief consultation with FDA. These notes demonstrate that FDA was aware that its efforts to preempt state law could be ineffectual because of the compromise that resulted in the statement of preemption being located in a preamble. *See* Stofer Notes ("If FDA's position is in preamble, it doesn't have the weight of the law behind it - instead of being in the rule - compromise.")(emphasis original), Exhibit "D" to the PSC's Second Notice of Supplemental Authority Re: Merck's Motion to Alter or Amend The Court's July 3, 2007 Order (hereafter "PSC's 2nd Notice of Supp. Author.").

Given the high degree of relevance of materials such as Ms. Stofer's notes that have been submitted to this Court as supplemental authority, the PSC intends to obtain affidavits and to take depositions in order to ensure that such materials are properly authenticated.

2

an Executive Order as strong evidence that the Court properly determined that the Final Rule should not be accorded deference.

As this Court properly observed in its order denying Merck's motion for summary judgment, neither of the heightened deference standards from *Auer* or *Chevron* controls the level of deference that should be accorded to the Final Rule.[2] Where an agency interpretation is not entitled to *Auer* or *Chevron* deference, it is "'entitled to respect' only to the extent that it has the 'power to persuade.'" *Gonzales v. Oregon*, 126 S. Ct. 904, 915 (2006) (quoting *Skidmore*, 323 U.S. at 140). As the Supreme Court recently explained:

> 'The weight [accorded to an administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give the power to persuade, if lacking power to control.'

*United States v. Mead*, 533 U.S. 218, 228 (2001) (quoting *Skidmore & Swift & Co.*, 323 U.S. 134, 140 (1994)). Certainly consideration of FDA's failure to comply with Executive Order 13132 is appropriate under the above standard as it implicates both FDA's thoroughness and the power of the Final Rule to persuade. The documents presented in the Notices of Supplemental Authorities reflect that the FDA had acknowledged that its position on preemption was flawed and that it had openly compromised.

Moreover, the court in *Jackson* stated that, "[t]he FDA failed to comply with its requirements to communicate with the states and to allow the states an opportunity to participate in the proceedings prior to a preemption decision." *See Jackson v. Pfizer, Inc.*, 432 F.Supp.2d 964, 968

---

[2] *See Auer v. Robbins*, 519 U.S. 452 (1997) and *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 (1984).

Fn. 3 (D.Neb. 2006), *citing*, Executive Order 13132 § 4(c)-(e). This authority clearly refutes Merck's assertion that FDA's failure to comply with Executive Order 13132 is irrelevant. Further, in light of FDA's failure to comply with Executive Order 13132, there should be no doubt why so many courts have determined that the Final Rule should not be accorded any deference. *See Jackson, supra* (no deference accorded to Final Rule); *Weiss v. Fujisawa Pharm. Co.*, 464 F.Supp.2d 666 (E.D.Ky. 2006) (same); *Perry v. Novartis Pharma. Corp.*, 456 F.Supp.2d 678 (E.D.Pa. 2006) (same); *Levine v. Wyeth*, 2006 WL 3041078 (Vt. Oct. 27, 2006) (same), *cert. pending*, No. 06-1249 (U.S. 2007); *Kelly v. Wyeth*, 2007 WL 1302589 (Middlesex, Mass. Super. Ct. Apr. 12, 2007); *Barnhill v. Teva Pharmaceuticals USA, Inc., et al.*, Civ. No. 06-0282-CB-M (S.D.Ala. Apr. 24, 2007).[3]

Remarkably, Merck argues that the materials submitted by the PSC actually establish that FDA complied with Executive Order 13132. This assertion defies logic especially when one considers that several documents submitted by the PSC charge that FDA failed to satisfy its obligations under Executive Order 13132. *See* January 13, 2006 Correspondence from Matthew Salo, Director, Health and Human Services Committee of the National Governors Association ("NGA"), to Nicole Stofer *et al.* ("Salo E-mail"); Memorandum entitled "FDA Regulations on Prescription Drug Labeling Laws" ("Salo Memo") ("This could represent a violation of the current Executive Order on federalism. . . ");[4] January 13, 2006 Letter from Senator Steven J. Rauschenberger, of the National Conference of State Legislatures ("NCSL"), to the Honorable Mike

---

[3] Exhibit "A" to the Eighth Notice of Supplemental Authority of Plaintiffs Lene Arnold and Alicia Gomez.

[4] A copy of the Salo E-mail and Salo Memo are attached to the PSC's 2nd Notice of Supp.Author. as Exhibits "E" and "G".

Leavitt, Secretary of U.S. Department of Health and Human Services ("NCSL Letter") (same).[5]

In any event, the materials submitted by the PSC as supplemental authority clearly establish that the Final Rule should not be afforded any level of deference in part because FDA failed to comply with Executive Order 13132. While the PSC does not contend that it was necessary for the FDA to adopt the position of parties it consulted with, the materials submitted by the PSC demonstrate that the FDA vastly overstated the degree of its consultation with stake-holders,[6] and that FDA's last minute efforts to consult with state officials were inadequate.[7]

When an administrative agency overstates its support or is otherwise disingenuous, as is the case with the FDA viz. the Final Rule, the agency should not be accorded deference.

FDA's Consultation Memo states that, "[i]n developing a final rule on physician labeling, in January 2006, Food and Drug Administration (FDA) officials consulted with a variety of State officials and representative organizations about the potential inclusion of preamble language ...

---

[5] A copy of NCSL Letter is attached to the PSC's 1st Notice of Supp.Author. as Exhibit "A".

[6] *See* FDA Memorandum "Consultation with State Officials and Organizations" (hereinafter, "FDA Consultation Memo"), attached as Exhibit 41 to Plaintiffs' Response in Opposition to Merck & Co.'s Motion for Summary Judgement.

[7] Although Executive Order 13132 requires that agencies consult with State and local officials in order to avoid conflicts with state law, it is obvious from materials predating the publication of the Final Rule that FDA had already decided to preempt state law prior to any consultation with State officials and organizations, and that no meaningful efforts to avoid conflicts with state law were made. *See* 64 Fed. Reg. 43255 §4(d)(1999) ("When an agency foresees the possibility of a conflict between State law and Federally protected interests within its area of regulatory responsibility, the agency shall consult, to the extent practicable, with appropriate State and local officials in an effort to avoid such a conflict."). Thus, FDA's consultation, which occurred mere days before the publication of the Final Rule, was entirely pretextual and in no way designed to inform FDA's decision making. *See* January 13, 2006 Correspondence from Nicole Stofer to Paul Hurst (indicating that Governor Barbour's Office "didn't have enough time to properly review the issue" and would not publically support FDA's Final Rule), attached to PSC's 2nd Notice of Supp.Author. as Exhibit "C".

[preempting] failure to warn [claims] ... ". *See* Consultation Memo at 1 (emphasis added). The Consultation Memo further provides that, "FDA <u>consulted with</u> the following State officials or organizations that represent State officials and governments." *Id.* (listing the National Governors Association ("NGA"), the Council of State Governors ("CSG"), the American Legislative Exchange Council ("ALEC"), the National Conference of State Legislatures ("NCSL"), the Office of Mississippi Governor Haley Barbour and the Office of Indiana Governor Mitch Daniels) (emphasis added). These statements by FDA are misleading since FDA consulted with a member of Haley Barbour's staff, not the Governor himself; and since FDA failed to consult with the CSG, the ALEC or Governor Mitch Daniels and/or any member of his staff.

Although Merck adverts to the use of the term the "Office of Mississippi Governor Haley Barbour" and the fact that FDA attempted to contact Governor Daniels' office as evidence that FDA was forthright about its purported consultation with state officials and organizations, these arguments are not persuasive. The Consultation Memo clearly uses of the terms "consulted with" and "State officials," which imply that FDA participated in substantive consultation with Haley Barbour, who is a state official, and not with a member of his staff. Given the use of the term state official, FDA's subsequent use of a broader term, the Office of Mississippi Governor Haley Barbour, does not correct the mistaken impression that the consultation was with the Governor himself. Instead, FDA should have indicated that it had consulted with Nicole Stofer of the Office of Mississippi Governor Haley Barbour. Similarly, the Consultation Memo appears to misrepresent that FDA "consulted with" the Office of Indiana Governor Mitch Daniels. Although FDA attempted to consult with Governor Daniels' office, neither the Governor nor any member of his staff actually consulted with FDA concerning the Final Rule. *See* August 20, 2007 Letter from Chadwick Duran

to Leonard Davis ("<u>no consultation was forthcoming from the Office of the Governor</u> ...") (emphasis added).[8] Additionally, the materials recently submitted via the PSC's Third Notice of Supplemental Authority suggest that FDA committed another apparent misrepresentation by stating that it consulted with the ALEC and the CSG.[9]

FDA also understated the extent of opposition it received from state officials and organization concerning its efforts to preempt state tort law. The Consultation Memo indicates that, "[m]ost of the offices and organizations FDA contacted expressed no opposition or no significant opposition, although one party did express significant opposition." *See* Consultation Memo at 1. This statement is incorrect as discovery clearly demonstrates that at least two of the organizations FDA consulted with expressed strong opposition to the Final Rule. *See* NCSL Letter (expressing strong opposition to FDA's efforts to preempt state law on behalf of the NCSL); Salo E-mail (expressing strong opposition to FDA's efforts to preempt state law on behalf of the NGA), Salo Memo (same). Because both the NGA and NCSL were strongly opposed to the inclusion of preemption language, FDA's assertion that just one of the parties was opposed is disingenuous and

---

[8] A copy of this letter is attached to PSC's 2nd Notice of Supp.Author. as Exhibit "A".

[9] *See* CSG Letter ("After a thorough review of the files located at CSG Headquarters in Lexington, KY, the CSG office in Washington, DC, and all of the CSG regional and satellite offices, it has been determined that none of the documents listed in Schedule A of the aforementioned subpoena are in the possession of CSG, and there is no evidence that any such documents have ever been in the possession of CSG."), attached to PSC's 3rd Notice of Supp.Author. as Exhibit "B"; ALEC Letter (ALEC has no documents responsive to the PSC's discovery requests), attached to PSC's 3rd Notice of Supp.Author. as Exhibit "A".

Indeed, other sources previously submitted by the PSC verify that FDA did not consult with CSG or ALEC despite assertions by FDA in its Consultation Memo that it consulted with these organizations. *See* Salo E-mail ("FDA's consultation process has been to conduct four conferences calls, one with myself, one with Joy Wilson of NCSL, one with Nicole Stofer in Governor Barbour's office and one with Governor Daniel's office.").

further demonstrates that FDA should not be accorded deference.

The materials submitted by the PSC also demonstrate that FDA's consultation with state officials and organizations was not thorough. FDA did not provide advance copies of the preemption language to the individuals and/or organizations it chose to consult with. *See* Salo E-mail ("To my knowledge, none of these parties were able to see the proposed preemption language.") (emphasis added). Nor did FDA consult with Governors Mitch Daniels or Haley Barbour despite its suggestion that such consultation had occurred and the magnitude of the FDA's efforts to preempt state law.[10] Remarkably, Merck suggests that mere consultation with a member of Haley Barbour's staff was sufficient for FDA to satisfy its obligation under Executive Order 13132. However, this argument evaporates when one considers that Governor Barbour was not even aware that one of his staff members had even been contacted by the FDA.[11] The consultation that actually occurred was far too brief to accomplish a meaningful appreciation of the issues involved. *See* January 4, 2006 Correspondence from James C. Mason, Senior Advisor to the Director, Office of Intergovernmental Affairs, U.S. Department of Health and Human Service, to Nicole Stofer (requesting "15 minutes" for a consultation with Ms. Stofer) (emphasis added), attached to PSC's 2nd Notice of Supp.Author. as Exhibit "B; January 13, 2006 Correspondence from Nicole Stofer to

---

[10] *See* August 20, 2007 Letter from Chadwick Duran to Leonard Davis (FDA did not consult with any representative from the Office of Mississippi Governor Mitch Daniels); August 7, 2007 Letter from H. Colby Lane, counsel to Governor Haley Barbour, to Leonard Davis (FDA consulted with member of Governor Barbour's staff and not with the Governor himself), attached to PSC's 1st Notice of Supp.Author. as Exhibit "B".

[11] August 7, 2007 Letter from H. Colby Lane, counsel to Governor Haley Barbour, to Leonard Davis ("Governor Barbour does not have any recollection of being consulted by the FDA or any other person or organization in connection with the labeling rule, nor does he have any recollection of being briefed by any member of his staff on the labeling rule.").

8

Paul Hurst (indicating that Governor Barbour's Office "<u>didn't have enough time to properly review the issue</u>" and would not publically support FDA's Final Rule) (emphasis added).

Based on the authority that has been submitted by the PSC to date, it is crystal clear that FDA overstated the extent of consultation and support for its efforts to preempt state law following its consultation with state officials and organization. Given these overstatements and the FDA's lack of thoroughness, it is entirely reasonable for courts to deny deference to the Final Rule. In any event, FDA's failure to comply with Executive Order 13132 provides further support for this Court's decision to deny Merck's motion for summary judgment and is relevant to Merck's motion to alter or amend.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: August 30, 2007

By: /s/ Leonard A. Davis
    **Russ M. Herman (Bar No. 6819)**
    Leonard A. Davis (Bar No. 14190)
    Stephen J. Herman (Bar No. 23129)
    ***Herman, Herman, Katz & Cotlar, L.L.P.***
    820 O'Keefe Avenue
    New Orleans, Louisiana 70113
    Telephone: (504) 581-4892
    Facsimile: (504) 561-6024

    **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

Kathryn A. Snapka, Esquire
SNAPKA, TURMAN & WATERHOUSE LLP
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, TX  78403
(361) 888-7676 (telephone)
(361) 884-8545 (telecopier)

Zollie C. Steakley
TX State Bar No. 24029848
MS State Bar No. 100517
Attorney for Plaintiffs
CAMPBELL~CHERRY~HARRISON~
 DAVIS~DOVE, P.C.
P.O. Drawer 21387
Waco, Texas 76702
(254) 761-3300 (telephone)
(254) 761-3301 (telecopier)

**Counsel for Plaintiff Gomez**

11

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of August, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com