UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO: *Fred Kelly v. Merck & Co., Inc.*, Case No. 06-11416.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), incorrectly identified in the Plaintiff's Complaint as "Merck & Company, Inc.," by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

1.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1 of the Complaint, except admits that Merck manufactured the prescription medicine Vioxx® ("Vioxx"), which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that its registered agent in Louisiana is CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that a Master Complaint for Class Action Cases was filed on August 2, 2005 in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, and respectfully refers the Court to the referenced Complaint for its actual language and full text.

### RESPONSE TO
### "FACTUAL BACKGROUND"

5.     Denies each and every allegation contained in paragraph 1 under the heading "Factual Background" of the Complaint, except admits that Vioxx is the brand name for rofecoxib and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Vioxx, which reduces pain and inflammation, was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

2

6.    Denies each and every allegation contained in paragraph 2 under the heading "Factual Background" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.    Denies each and every allegation contained in paragraph 3 under the heading "Factual Background" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.    Denies each and every allegation contained in paragraph 4 under the heading "Factual Background" of the Complaint, except admits that 2003 worldwide Vioxx sales exceeded $2 billion.

9.    Denies each and every allegation contained in paragraph 5 under the heading "Factual Background" of the Complaint, except admits that Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market on September 30, 2004.

10.    Denies each and every allegation contained in paragraph 6 under the heading "Factual Background" of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

11.    Denies each and every allegation contained in paragraph 7 under the heading "Factual Background" of the Complaint, except admits that a Task Force was created to

3

evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.

12.    Denies each and every allegation contained in paragraph 8 under the heading "Factual Background" of the Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

13.    Denies each and every allegation contained in paragraph 9 under the heading "Factual Background" of the Complaint.

14.    Denies each and every allegation contained in paragraph 10 under the heading "Factual Background" of the Complaint, except admits that in 1998, the Board of Scientific Advisors recommended that data be collected on CV events in Vioxx clinical trials in a systematic manner. Merck respectfully refers the Court to the referenced document for its actual language and full text.

15.    Denies each and every allegation contained in paragraph 11 under the heading "Factual Background" of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

16.    Denies each and every allegation contained in paragraph 12 under the heading "Factual Background" of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing

information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

17.    Denies each and every allegation contained in paragraph 13 under the heading "Factual Background" of the Complaint.

18.    Denies each and every allegation contained in paragraph 14 under the heading "Factual Background" of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

19.    Denies each and every allegation contained in paragraph 15 under the heading "Factual Background" of the Complaint.

20.    Denies each and every allegation contained in paragraph 16 under the heading "Factual Background" of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.

21.    Denies each and every allegation contained in paragraph 17 under the heading "Factual Background" of the Complaint, except admits that Plaintiff purports to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.   Merck further avers that the referenced trial was halted in September 2004.

22.    Denies each and every allegation contained in paragraph 18 under the heading "Factual Background" of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.   Merck further avers that on September 30, 2004 Merck announced that it would voluntarily withdraw Vioxx from the worldwide market.

5

23.    Denies each and every allegation contained in paragraph 19 under the heading "Factual Background" of the Complaint.

24.    Denies each and every allegation contained in paragraph 20 under the heading "Factual Background" of the Complaint.

25.    Denies each and every allegation contained in paragraph 21 under the heading "Factual Background" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

26.    Denies each and every allegation contained in paragraph 22 under the heading "Factual Background" of the Complaint.

27.    The allegations contained in paragraph 23 under the heading "Factual Background" of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

## RESPONSE TO
## "FIRST CAUSE OF ACTION - NEGLIGENCE"

28.    Denies each and every allegation contained in paragraph 1 under the heading "First Cause of Action – Negligence" of the Complaint.

29.    Denies each and every allegation contained in paragraph 2 under the heading "First Cause of Action – Negligence" of the Complaint.

30.    With respect to the allegations contained in paragraph 3 under the heading "First Cause of Action – Negligence" of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

6

31.    Denies each and every allegation contained in paragraph 4 under the heading "First Cause of Action – Negligence" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

32.    Denies each and every allegation contained in paragraph 5 under the heading "First Cause of Action – Negligence" of the Complaint.

33.    Denies each and every allegation contained in paragraph 6 under the heading "First Cause of Action – Negligence" of the Complaint.

34.    Denies each and every allegation contained in paragraph 7 under the heading "First Cause of Action – Negligence" of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

35.    Denies each and every allegation contained in paragraph 8 under the heading "First Cause of Action – Negligence" of the Complaint.

36.    Denies each and every allegation contained in paragraph 9 under the heading "First Cause of Action – Negligence" of the Complaint.

37.    Denies each and every allegation contained in paragraph 10 under the heading "First Cause of Action – Negligence" of the Complaint.

38.    Denies each and every allegation contained in paragraph 11 under the heading "First Cause of Action – Negligence" of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 12 under the heading "First Cause of Action – Negligence" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

40.     Denies each and every allegation contained in paragraph 13 under the heading "First Cause of Action – Negligence" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

41.     Denies each and every allegation contained in paragraph 14 under the heading "First Cause of Action – Negligence" of the Complaint.

42.     Denies each and every allegation contained in paragraph 15 under the heading "First Cause of Action – Negligence" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 16 under the heading "First Cause of Action – Negligence" of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 17 under the heading "First Cause of Action – Negligence" of the Complaint.

8

45.     Denies each and every allegation contained in paragraph 18 under the heading "First Cause of Action – Negligence" of the Complaint.

46.     Denies each and every allegation contained in paragraph 19 under the heading "First Cause of Action – Negligence" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.     Denies each and every allegation contained in paragraph 20 under the heading "First Cause of Action – Negligence" of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 21 under the heading "First Cause of Action – Negligence" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

49.     Denies each and every allegation contained in paragraph 22 under the heading "First Cause of Action – Negligence" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

50.     Denies each and every allegation contained in paragraph 23 under the heading "First Cause of Action – Negligence" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.    Merck further admits that Vioxx, like all prescription drugs, has had certain reported

9

adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

## RESPONSE TO
## "SECOND CAUSE OF ACTION – GROSS NEGLIGENCE"

51.     With respect to the allegations contained in paragraph 1 under the heading "Second Cause of Action – Gross Negligence" of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52.     Denies each and every allegation contained in paragraph 2 under the heading "Second Cause of Action – Gross Negligence" of the Complaint.

53.     Denies each and every allegation contained in paragraph 3 under the heading "Second Cause of Action – Gross Negligence" of the Complaint.

54.     Denies each and every allegation contained in paragraph 4 under the heading "Second Cause of Action – Gross Negligence" of the Complaint.

55.     Denies each and every allegation contained in paragraph 5 under the heading "Second Cause of Action – Gross Negligence" of the Complaint.

56.     Denies each and every allegation contained in paragraph 6 under the heading "Second Cause of Action – Gross Negligence" of the Complaint.

57.     Denies each and every allegation contained in paragraph 7 under the heading "Second Cause of Action – Gross Negligence" of the Complaint.

10

## RESPONSE TO
## "THIRD CAUSE OF ACTION - FAILURE TO WARN"

58.     With respect to the allegations contained in paragraph 1 under the heading "Third Cause of Action – Failure to Warn" of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     Denies each and every allegation contained in paragraph 2 under the heading "Third Cause of Action – Failure to Warn" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

60.     Denies each and every allegation contained in paragraph 3 under the heading "Third Cause of Action – Failure to Warn" of the Complaint.

61.     Denies each and every allegation contained in paragraph 4 under the heading "Third Cause of Action – Failure to Warn" of the Complaint.

62.     Denies each and every allegation contained in paragraph 5 under the heading "Third Cause of Action – Failure to Warn" of the Complaint.

63.     Denies each and every allegation contained in paragraph 6 under the heading "Third Cause of Action – Failure to Warn" of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 7 under the heading "Third Cause of Action – Failure to Warn" of the Complaint.

65.    Denies each and every allegation contained in paragraph 8 under the heading "Third Cause of Action – Failure to Warn" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

66.    Denies each and every allegation contained in paragraph 9 under the heading "Third Cause of Action – Failure to Warn" of the Complaint.

## RESPONSE TO
## "FOURTH CAUSE OF ACTION - REDHIBITION"

67.    With respect to the allegations contained in paragraph 1 under the heading "Fourth Cause of Action – Redhibition" of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.    The allegations contained in paragraph 2 under the heading "Fourth Cause of Action – Redhibition" of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 under the heading "Fourth Cause of Action – Redhibition" of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

69.    Denies each and every allegation contained in paragraph 3 under the heading "Fourth Cause of Action – Redhibition" of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the

12

information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

70.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 4 under the heading "Fourth Cause of Action – Redhibition" of the Complaint, and denies each and every allegation directed towards Merck in paragraph 4 under the heading "Fourth Cause of Action – Redhibition" of the Complaint.

71.     Denies each and every allegation contained in paragraph 5 under the heading "Fourth Cause of Action – Redhibition" of the Complaint.

72.     Denies each and every allegation contained in paragraph 6 under the heading "Fourth Cause of Action – Redhibition" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 7 under the heading "Fourth Cause of Action – Redhibition" of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

## RESPONSE TO "FIFTH CAUSE OF ACTION – BREACH OF EXPRESS AND IMPLIED WARRANTY"

74.     With respect to the allegations contained in paragraph 1 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth here in full.

13

75.    Denies each and every allegation contained in paragraph 2 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

76.    Denies each and every allegation contained in paragraph 3 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

77.    Denies each and every allegation contained in paragraph 4 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

78.    Denies each and every allegation contained in paragraph 5 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

79.    Denies each and every allegation contained in paragraph 6 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

80.    Denies each and every allegation contained in paragraph 7 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

81.    Denies each and every allegation contained in paragraph 8 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

82.    Denies each and every allegation contained in paragraph 9 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint.

83.    Denies each and every allegation contained in paragraph 10 under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty" of the Complaint,

except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

84.   Denies each and every allegation contained in the first unnumbered paragraph under the heading "Damages" of the Complaint, including its subparts a through g, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

85.   The allegations contained in the final, unnumbered "Wherefore" paragraph of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

86.   The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

87.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

88.     The claims of the Plaintiff may be barred, in whole or in part, from
recovery because Plaintiff made statements or taken actions that preclude Plaintiff from asserting
claims or constitute a waiver of Plaintiff's claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

89.     The claims of the Plaintiff may be barred, in whole or in part, from
recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

90.     Each and every claim asserted or raised in the Complaint is barred by the
doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

91.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,
upon information and belief, such injuries or losses were caused, in whole or in part, through the
operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiff asserts claims based on Merck's adherence to
and compliance with applicable federal laws, regulations and rules, such claims are preempted
by federal law under the Supremacy Clause of the United States Constitution.

16

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

93.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

94.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

95.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

96.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

17

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

97.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

98.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck´s liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

99.     To the extent Plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

100.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

18

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

101.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

102.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

103.    Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

104.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

105.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

106.    Venue in this case is improper.

19

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

107.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

108.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

109.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

110.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

111.    The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

112.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

113.   The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

114.   The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

115.   Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

116.   Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

117.   Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

118.   Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

119.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

120.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

121.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

122.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

123.    Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiff.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

124.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

125.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

126.    To the extent that Plaintiff alleges a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

127.    To the extent that Plaintiff alleges a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

128.    To the extent that Plaintiff seeks injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

129.    To the extent Plaintiff seeks to recover only economic loss in tort, his

claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

130.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

131.    To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

132.    To the extent that Plaintiff seeks punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

133.    To the extent that Plaintiff seeks punitive damages, that demand is barred

because Vioxx and its labeling was subject to and received pre-market approval by the FDA

under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

134.    Merck demands a trial by jury of all issues.

### AS FOR A FIFTIETH
### DEFENSE, MERCK ALLEGES:

135.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A FIFTY-FIRST
### DEFENSE, MERCK ALLEGES:

136.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A FIFTY-SECOND
### DEFENSE, MERCK ALLEGES:

137.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

138.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

139.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act. La. Rev. Stat. § 9:2800.59(A).

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

140.    Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

141.    Plaintiff's Complaint fails to state a claim for unlawful conduct under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. ("DUTPA"), because the Florida DUTPA does not apply to a claim for personal injury or death.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: September 4, 2007.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

27

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this __4__ day of September, 2007.

Melissa V. Beaugh