UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>   Products Liability Litigation | *<br>*<br>* |
| This Document Relates to: | * MDL No. 1657<br>* |
| LENE ARNOLD | * SECTION L<br>* |
| versus | * JUDGE ELDON E. FALLON<br>* |
| MERCK & CO., INC.<br>   Defendant | * MAGISTRATE JUDGE<br>* KNOWLES<br>* |
| Case No. 05-2627 | *<br>* |
| & | *<br>* |
| ALICIA GOMEZ | *<br>* |
| versus | *<br>* |
| MERCK & CO., INC.<br>   Defendant | |
| Case No. 05-1163 | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MERCK'S REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY**

     Plaintiffs' Response to Merck's Notice of Supplemental Authority attempts to downplay the significance of the Third Circuit's recent decision in *Pennsylvania Employees Benefit Trust Fund v. Zeneca Inc.*, __ F.3d __, 2007 WL 2376312 (3d Cir. Aug. 17, 2007) to Merck's pending Motion To Alter or Amend the Court's July 3, 2007 Order. According to plaintiffs, the *Zeneca* decision is (1) inapposite because it involved consumer fraud claims instead of personal injury claims; and (2) incorrect and likely to be reversed by the Third Circuit *en banc*. Plaintiffs' arguments are unpersuasive.

1

*First*, plaintiffs suggest that the Third Circuit's ruling in *Zeneca* is irrelevant because that case involves false advertising claims under Delaware's Consumer Fraud Act, not personal injury claims. According to plaintiffs, "[s]ince *Zeneca* is a false advertising case, its holding is limited to false advertising cases." (Pls.' Resp. at 2.) While plaintiffs are correct that *Zeneca* is a false advertising case, plaintiffs cannot seriously dispute that the opinion stands for the broader principle that where the FDA has spoken on an issue, states cannot impose different standards of liability – a proposition that applies with equal force to failure-to-warn claims. Plaintiffs' own strenuous efforts to discredit the decision are proof enough that its principles are relevant here.

As Merck has already explained, *Zeneca* found that "state laws are preempted when they frustrate regulations that have been promulgated following a specific inquiry into a particular area of agency authority." 2007 U.S. App. LEXIS 19601, at *32. Moreover, ""[i]mplied conflict preemption" is especially appropriate "when **FDA-approved labeling** is the basis for allegedly fraudulent representations made in prescription drug advertising." *Id*. at *34, *35 (emphasis added). As a result, the *Zeneca* court concluded that "the purpose of protecting prescription drug users in the FDCA would be frustrated if states were allowed to interpose consumer fraud laws that permitted plaintiffs to **question the veracity of statements approved by the FDA**." *Id*. at *35 (emphasis added). Thus, the decision clearly reflects a general recognition by the Third Circuit that state-law claims challenging the adequacy of FDA-approved labels – like plaintiffs' claims here – are preempted by FDA regulations.

*Second*, plaintiffs assert that the *Zeneca* decision is of limited value because "it is anticipated that plaintiffs will petition for rehearing" and that "[s]uch a request is likely to be granted since it appears the panel's majority erred." (Pls.' Resp. at 3.) However, plaintiffs' disagreement with the holding in *Zeneca* and their speculation regarding its further review are

irrelevant. Although plaintiffs dedicate the majority of their response to a substantive criticism of the court's opinion, they cannot dispute that the decision further deepens the disagreement among federal courts as to whether state-law failure-to-warn claims are preempted by FDA regulations, and therefore strengthens the case for interlocutory review by the Fifth Circuit. Indeed, in mounting their attack on *Zeneca*, plaintiffs actually **concede** that it is in tension with other preemption decisions. For example, plaintiffs criticize the Third Circuit decision as being "directly at odds with recent Fifth Circuit authority" holding that a "failure-to-warn claim . . . is a viable cause of action that survives summary judgment." (Pls.' Resp. at 4 (citing *McNeil v. Wyeth*, 462 F.3d 364 (5th Cir. 2006)). Although plaintiffs' characterization of *McNeil* is wrong – that decision does not mention the word "preemption" much less analyze the question – plaintiffs' view is nonetheless a concession that a difference of opinion exists among the federal courts. Plaintiffs likewise complain that the *Zeneca* decision fails to discuss the CBE regulations, noting that "[o]ther courts . . . have examined these provisions in depth to find that there can not be a conflict justifying preemption in light of these minimal regulations." (Pls.' Br. at 4-5 n.3.) Again, while Merck disagrees with plaintiffs' substantive analysis, their criticism affirmatively asserts that there is a difference of opinion among the courts. Finally, plaintiffs object to the *Zeneca* court's discussion of *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), stating "[t]his Court and others have . . . reject[ed] similar arguments attempting to employ *Buckman* to support preemption arguments." (Pls.' Resp. at 6.) Once again, plaintiffs' argument is an explicit recognition that there is widespread disagreement among the courts on the role of federal preemption in prescription drug litigation.[1] Thus, as even plaintiffs make

---

[1] Although *Buckman* was not the primary focus of Merck's motion for summary judgment, plaintiffs' response also highlights the disagreement among federal courts of appeals regarding preemption of fraud-on-the-FDA claims under *Buckman*. As plaintiffs explain, there is a circuit split on the question of *Buckman* preemption –

3

clear, there is a conflict among the courts on the issue of FDA preemption, and the Fifth Circuit should be given the opportunity to review the issue at this time.

For these reasons, and those set forth in Merck's prior briefing, the Court should certify the question whether plaintiffs' state law failure-to-warn claims are preempted by federal law for immediate appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).

Dated:  September 4, 2007

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jonathan D. Hacker
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

---

the Sixth Circuit decision in *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961 (6th Cir. 2004) is "contrary to the Second Circuit" decision in *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2d Cir. 2006).  (Pls.' Resp. at 3 n.1.)

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of September, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel