# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 27 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 27.

I.      STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court

cases set for trial through December 31, 2007:  The *Kozic* case is set for September 17, 2007 in

Tampa, Florida.  In October, the *Appell/Arrigale* case is set for October 9, 2007 in the California

Coordinated proceeding, in the California Superior Court, Los Angeles County and *Donohoo* is

set for October 29, 2007 in Madison County, Illinois.  A trial date of November 26, 2007 has

been set in the California Coordinated proceeding, in the California Superior Court, Los Angeles

County, for a case to be selected from a pool of cases.  Finally, the *Record* case has been set for the December 2007-January 2008 docket in Palm Beach County, Florida.

## II.     FURTHER PROCEEDINGS IN THE EARLY TRIAL CASES

On June 28, 2007, the Court entered Judgment in the *Barnett* case.  Thereafter, on July 13, 2007, Merck filed a Motion for New Trial.  On August 20, 2007, the Motion for New Trial was denied.  The parties will advise the Court and be prepared to discuss this further at the monthly status conference on September 6, 2007.

## III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed and submitted to the Court.

On January 29, 2007, the PSC filed a motion for leave to amend the Personal Injury and Wrongful Death Second Amended Master Class Action Complaint to add a plaintiff class representative from Iowa.  Defendants filed their opposition and also filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The matter has been fully briefed and the parties await a hearing date to be set for oral argument.  The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007. The Court has indicated that this motion will be addressed at a later date.

## IV.    DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special

886020v.1
891224v.1

Master's Report and Recommendations and Merck's objections that were filed under seal. Documents that are discoverable are to be produced to plaintiffs no later than September 15, 2007. The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007.

V.      DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

On July 24, 2007, the PSC issued deposition notices for Governor Haley Barbour and Governor Mitchell E. Daniels, Jr., together with a subpoena request for documents, and for records only depositions of National Governors Association, National Conference of State Legislators, American Legislative Exchange Council and The Council of State Governors. These discovery requests were issued in connection with Merck's Motion for Summary Judgment in the Arnold and Gomez cases. Responses that have been received to the subpoenas have been provided to Merck. On August 27, 2007, the PSC requested that Merck stipulate that the documents are admissible. The Notices of Depositions are outstanding. The PSC is gathering documents that are responsive to the discovery requests and is attempting to formulate stipulations and/or affidavits relevant to the outstanding issues. PLC is awaiting a response from Merck. The PLC further anticipates that additional discovery will be issued to the FDA and others who may have participated in the rule making process regarding preemption. The PSC will be prepared to discuss this further at the monthly status conference on September 6, 2007.

On July 31, 2007, the Court issued an Order regarding Special Master Rice's Second Report regarding the DDB and Ogilvy documents which were the subject of the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck

886020v.1
891224v.1

should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC. On August 17, 2007, Merck filed objections to the Court's Order. The PSC will be filing a response to Merck's objections. The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007.

## VI.   DEPOSITION SCHEDULING

Merck has noticed the *de bene esse* depositions of the following current Merck employees on the below listed dates: Dr. Alise Reicin for November 14 and 15, 2007; Dr. Briggs Morrison (to be reset); and Dr. Eliav Barr for November 29 and 29, 2007). The parties continue to discuss scheduling of depositions. The parties will be prepared to address this further at the monthly status conference on September 6, 2007.

The PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

## VII.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Following the July 2007 monthly status conference, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs in contravention of Pre-Trial Order 18C. The Rule is set for hearing following the monthly status conference on September 6, 2007. Additionally, certain matters that were the subject of the Rules heard on July 27, 2007 were continued and also will be heard following the monthly status conference.

Merck advises that the Oldfather law firm, counsel for certain Kentucky plaintiffs, has not provided additional authorizations (specific as to provider) in lieu of the authorizations that are required under PTO 18C. Merck contends that specific authorizations are required

- 4 -

because certain specific providers, including but not limited to IRS and SSI, have refused to honor the more general authorizations. Merck further advises that counsel for these plaintiffs has advised Merck that PTO 18C requires them to execute and return only the blank authorizations forms attached to the PPF. The Oldfather firm contends that only the authorizations required under PTO 18C are required at this time and that such authorizations have in fact been provided. The parties have been unable to resolve this dispute and will be prepared to discuss this further at the monthly status conference on September 6, 2007.

## VIII.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007.

## IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On July 5, 2007, the Court entered Pre-Trial Order No. 25 which sets forth the terms of *pro se* plaintiffs' access to the PSC document depository. Since the entry of the Order, the PSC has received a number of communications from various *pro se* claimants. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov.

886020v.1
891224v.1

X.   IMS DATA

Counsel for IMS and the PLC continue to discuss further production of IMS data.  The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further.  The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007.

XI.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b).  Oral argument was held on August 9, 2007, and the Court took the matter under advisement.  Further, the PSC advises it issued discovery requests to third parties, Governor Haley Barbour, Governor Mitchell E. Daniels, Jr., National Governors' Association, National Conference of State Legislators, American Legislative Exchange Council and the Council of State Governors (see Section V. herein).  The parties will advise the Court and will be prepared to discuss this matter further at the monthly status conference on September 6, 2007.

XII.   TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum.  On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form.  The PSC is

886020v.1
891224v.1

reviewing the information and will be providing a response to DLC.  PLC and defense counsel have discussed this issue and continue to discuss it.

## XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.  The PSC will be prepared to discuss this further at the monthly status conference on September 6, 2007.

## XIV.   VIOXX SUIT STATISTICS

As of June 30, 2007, Merck had been served or was aware that it had been named as a defendant in approximately 26,950 lawsuits, which include approximately 45,225 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and in approximately 266 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 8,575 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,400 lawsuits representing approximately 16,400 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of June 30, approximately 14,450 claimants had entered into Tolling Agreements with the Company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 4,620 plaintiff groups have been dismissed as of June 30.  Of these, there have been

more than 1,170 plaintiff groups whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts. More than 3,450 additional plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

## XV.   MERCK INSURANCE

Since the 30(b)(6) Deposition took place on May 23, 2007, the PSC is further reviewing materials and will advise Merck regarding issues involving the PSC's request for discovery concerning Merck insurance coverage and the arbitration/dispute resolution matters.

## XVI.   MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months. The matter is not yet set for hearing. Merck has advised that it will be filing responsive pleadings. The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007.

## XVII.   OXFORD/VICTOR DATA

The PSC has requested that Merck and Oxford provide information relative to Protocol 203 and other items related to VICTOR. On July 3, 2007, Merck's counsel sent correspondence to PLC enclosing a comprehensive index memorializing these productions and copies of transmittal letters regarding same. On July 25, 2007, Oxford provided Merck with the

data that supported Oxford's publication on the VICTOR study. That data was produced to the PSC and the PSC is reviewing the production and will communicate further with Merck regarding any additional issues concerning the production. Merck has agreed to produce to the PSC any additional data received from Oxford when it is received by Merck. The parties will be prepared to discuss this further at the monthly status conference on September 6, 2007.

**NEW ITEMS**

XVIII. *FLIPPIN* MOTION TO REMAND

The Motion for Remand filed in this *Flippin* matter (No. 05-1797) is set for hearing following the status conference on September 6, 2007.

XIX.   *COKER* MOTION TO VACATE

Merck's Motion to Vacate Remand filed in this *Coker* matter (No. 07-3998) is set for hearing following the status conference on September 6, 2007. The motion will be decided on the briefs.

XX.   PSC MDL TRIAL PACKAGE

The PSC anticipates that it will have a trial package prepared by September 30, 2007 and will be prepared to advise the Court further at the monthly status conference on September 6, 2007.

886020v.1
891224v.1

## XXI.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,


*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361
**Defendants' Liaison Counsel**

886020v.1
891224v.1

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing Joint Status Report No. 27 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of September, 2007.

<p style="padding-left:50%;">
<em>/s/ Leonard A. Davis</em><br/>
Leonard A. Davis (#14190)<br/>
Herman, Herman, Katz & Cotlar, LLP<br/>
820 O'Keefe Ave.<br/>
New Orleans, LA  70113<br/>
PH:  (504) 581-4892<br/>
FAX:  (504) 561-6024<br/>
ldavis@hhkc.com<br/>
Plaintiffs' Liaison Counsel
</p>

886020v.1
891224v.1