UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCT LIABILITY LITIGATION<br><br>This document related to Case No.: 07cv3998<br><br>JOSEPHINE COKER, et al.,<br><br>          Plaintiffs,<br>v.<br><br>MERCK & COMPANY, INC., et al.,<br><br>          Defendants. | MDL Docket No. 1657<br><br>Section L<br><br>JUDGE FALLON<br><br>MAGISTRATE KNOWLES |

**OPPOSITION TO DEFENDANT MERCK & COMPANY, INC.'S MOTION TO VACATE
JUDGE PEPPER'S REMAND ORDER**

**INTRODUCTION**

On August 14, 2007, District Judge Allen Pepper of the United States District Court for the

Northern District of Mississippi issued an Order remanding the above-referenced case to the Circuit

Court of Leflore County, Mississippi. (Attached hereto as "Exhibit 1").

In the Memorandum Opinion (attached hereto as "Exhibit 2") accompanying the Remand

Order, District Judge Allen Pepper analyzed the parties' filings and agreed with the Plaintiffs' argument

that subject matter jurisdiction was lacking with the federal court.  District Judge Pepper's

Memorandum Opinion explained that diversity of citizenship does not exist among the parties because

Plaintiffs asserted viable claims in their Complaint under Mississippi law against the Mississippi-resident



defendants named therein.

In opposition to Plaintiffs' *Motion to Remand* (attached hereto as "Exhibit 3"), Defendant

Merck attempted to argue that the Mississippi-resident defendants were fraudulently and/or improperly

joined; however, District Judge Pepper rejected that position. Specifically, Judge Pepper stated:

> Although 'the general rule in Mississippi law is that the defendant-agent incurs no liability
> for a principal's breach of duty... an agent for a disclosed principal can be held personally
> liable for his own tortious acts committed within the scope of his employment.'

*Exhibit 2, District Judge Pepper's August 14th Memorandum Opinion* at 4 (citing *Wheeler v.*

*Frito-Lay, Inc.*, 743 F.Supp. 483 (S.D. Miss. 1990) (interpreting Mississippi law)).

District Judge Pepper's analysis of the alleged facts and claims, utilizing the appropriate

standard in the Fifth Circuit, ultimately led him to rule that, "the defendants have not met their burden in

demonstrating that there is no reasonable basis for recovery against all of the sale representatives under

all of the theories advanced for liability." *Id* at 4-5.  Moreover, the *Coker* Complaint "sufficiently

alleges that the resident sales representatives directly participated in a tort rendering it reasonably

possible for the plaintiffs to recover against the sales representatives under Mississippi law as joint-

tortfeasors." *Id.*

A day after Judge Pepper's ruling was entered, counsel for Defendant Merck wrote a letter to

Judge Pepper, declaring that his decision "is null and void because it was entered after transfer of the

*Coker* case to the federal MDL proceeding was complete." *See Letter from Alyson B. Jones to*

*Judge Allen Pepper*, dated August 17, 2007. (Attached hereto as "Exhibit 6").  Defense Counsel

Jones did not file a motion to vacate in the Northern District of Mississippi for Judge Pepper to

consider; rather, Dorothy Wimberley, defense counsel for Merck with the Stone Pigman firm, filed the

instant motion with this court, hoping to have this court vacate District Judge Pepper's Order.

## PROCEDURAL BACKGROUND

On or about May 29, 2007, in the Circuit Court of Leflore County, Mississippi, Plaintiffs Josephine Coker, Charlie Criss, and Rose Purnell filed a Complaint against Merck & Company, Inc., Misty Austin, Andrea Elizabeth Beavers, Dan Sheals, William Umphlett, and John Does 1-20. Defendant Merck and the four individually-named Mississippi-resident defendants were properly served and all filed answers.  In their Complaint, Plaintiffs asserted a total of eleven (11) claims, a number of which were asserted against each defendant, including the individual Mississippi-resident defendants, for misconduct related to the marketing, distribution, and sale of the drug Vioxx which ultimately injured the Plaintiffs.

On July 3, 2007, Merck filed a petition for removal of this case with the Northern District of Mississippi, claiming diversity of citizenship among the parties under 28 U.S.C. § 1332.  Plaintiffs opposed the removal and filed a *Motion to Remand* on July 11, 2007. (Attached hereto as "Exhibit 3").  Plaintiffs filed an *Opposition to Defendant's Motion to Stay* which also included a memorandum of law in support of remand and opposing a stay.  (Attached hereto as "Exhibit 4").  Finally, on August 13, 2007, Plaintiffs filed a *Motion to Expedite*, urging the court to rule on Plaintiff's *Motion to Remand*. (Attached hereto as "Exhibit 5").

On August 15, 2007, District Judge Allen Pepper signed an Order and Memorandum Opinion remanding this case to Mississippi state court.  Through the Court's ECF system, counsel was notified on the following day of the ruling.  Neither the Northern District of Mississippi nor the Plaintiffs were aware that CTO-108 had been stamped-in with this Court's seal at the time that Judge Pepper issued

his Order and Memorandum Opinion.  It was only by way of letter from defense counsel on August 17, 2007, that the undersigned and, apparently, Judge Pepper, became aware of the transfer of this case to this Court.

### DEFENSE COUNSEL ALREADY REPRESENTED TO THE NORTHERN DISTRICT OF MISSISSIPPI THAT JUDGE PEPPER'S AUGUST 14TH ORDER "HAS NO BEARING" AND IS A NULLITY

According to the *Manual for Complex Litigation*, a transfer under 28 U.S.C. § 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court.  *See Manual for Complex Litigation, Fourth*, § 20.131.  Defendant Merck has asserted that because CTO-108 was stamped in on August 6, 2007, any subsequent action taken by the transferor court is a nullity.  That may in fact be the case in this instance; however, nothing prevents this Court from considering Plaintiffs' pending Motion to Remand and adopting District Judge Allen Pepper's August 15th Order.

For over twenty years, the *Glasstech* case has provided guidance to transferee courts (here, the Eastern District of Louisiana) on how to handle actions by transferor courts after transfer is effected.  *See Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed.Cir. 1985).  The general rule regarding a motion *sub judice* (under consideration) before the transferor court at the time an action is officially transferred is that a subsequent decision on the motion by the transferor court is a nullity. *Glasstech*, 769 F.2d at 1576-1577.  *Black's Law Dictionary* defines nullity as "[n]othing; no proceeding; an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect." *Blacks*, Sixth Edition (1990) at 1067.

Because Judge Pepper ruled against the defendants in his Order remanding this case back to

the Circuit Court of Leflore County, Mississippi, Defendant Merck's legal team sees this opportunity to attempt an end-run around an adverse ruling by asking this Court, a court of equal stature sitting in Louisiana, to overrule and vacate a Mississippi federal district court judge's ruling based on Mississippi law.  This Court should reject this tactic by Defendant Merck - if for no other reason than judicial comity - and adopt District Judge Pepper's Order and Memorandum Opinion.

On August 17, 2007, counsel for Defendant Merck wrote to District Judge Allen Pepper after his ruling and declared that his decision "is null and void because it was entered after transfer of the *Coker* case to the federal MDL proceeding was complete." *See Letter from Alyson B. Jones to Judge Allen Pepper*, dated August 17, 2007 (Attached hereto as "Exhibit 6").  Defendant Merck went even further by declaring to the court, stating that "plaintiffs' Notice [of the *Coker* decision] ... has no bearing on these matters and the parties shall proceed with these actions in the United States District Court for the Eastern District of Louisiana." *Id.*

If District Judge Pepper's Order is a nullity, action by this Court is unnecessary.  If the remand order is a nullity, it has no force or effect and there is no need for this Court to vacate it, particularly since this case will ultimately be transferred back to the Northern District of Mississippi for further proceedings sooner or later.  Obviously, the Plaintiffs hope the transfer will be sooner rather than later. And, because there has been a challenge to subject matter jurisdiction in the Northern District of Mississippi that is at the heart of Plaintiffs' *Motion to Remand*, Plaintiffs encourage this Court to consider its jurisdiction before taking any action which might cause Plaintiffs to delay the prosecution of their claims against these defendants.

Plaintiffs urge this Court to fully consider the arguments advanced in the Northern District of

Mississippi which are contained in the Exhibits attached hereto.  Plaintiffs have asserted colorable, viable claims under Mississippi law which defeat defendants' boilerplate fraudulent joinder argument and, thus, eliminate the option of removal based on diversity of citizenship.  Consequently, subject matter jurisdiction is not proper with this or any other federal court, including the Judicial Panel on Multidistrict Litigation, and Plaintiffs' *Motion to Remand* is due to be granted.  Plaintiffs urge this Court to rule as the Northern District did and send this case back to the state court of Mississippi where it was properly filed.

### MOTION TO VACATE IS INAPPROPRIATE IN THIS COURT AND SHOULD HAVE BEEN MADE WITH JUDGE PEPPER IN THE NORTHERN DISTRICT OF MISSISSIPPI

Even though Judge Pepper's Order came after the effective transfer date, his Order is still the "law of this case" and his judgment should be given the appropriate deference. Due to the procedural complexity involved in transferring a case to a Multidistrict Litigation court, circumstances like this one arise where a ruling arguably becomes a nullity for no reason other than the date it was entered.

The doctrine of "law of the case" is widely accepted among federal courts and is designed to promote stability and efficiency in court procedures. The rule was articulated in *Exterior,* a 1982 case, as follows: "a judge ordinarily should not overrule the decisions of a prior judge in the same case without good cause." *In re Exterior and Aluminum Coil Anti-Trust Litigation,* 696 F.2d 613, 616 (8th Cir.1982).  In *Exterior,* a multidistrict litigation district judge overruled orders twice issued by another district judge denying class certification. Where the presence of two different judges in the same case exists, there is an attendant danger of the parties re-litigating adverse rulings before a potentially more sympathetic ear. *Id.*  Clearly, that is what Defendant Merck is attempting here - attempting to

have this court overrule and "vacate" another district judge's prior ruling. District Judge Pepper analyzed the pleadings, interpreted Mississippi law, and applied it to the instant case. His conclusion and ruling is that the Mississippi-resident defendants were properly named as defendants and colorable claims exist against them as plead under Mississippi law; consequently, Defendant Merck's claim of fraudulent joinder failed, diversity of citizenship exists among the parties, and subject matter jurisdiction is lacking in the federal courts, including this Court.

28 U.S.C. § 1407 established the Judicial Panel on Multidistrict Litigation which has been charged with identifying appropriate cases for consolidated pretrial proceedings in a chosen federal district court. One of the stated purposes of multidistrict litigation is to prevent inconsistent pretrial rulings. *See An Introduction to the Judicial Panel on Multidistrict Litigation*, Page 2, http://www.jpml.uscourts.gov. (Attached hereto as "Exhibit 7"). Plaintiffs ask that this Court rule consistent with that stated purpose and consider Plaintiffs' challenge to subject matter jurisdiction. Due to the transfer of this case here and due to the apparent effect on District Judge Pepper's ruling, this Court should now give due consideration to Plaintiffs' *Motion to Remand, Opposition to Stay*, and *Motion to Expedite,* and remand this case back to the Circuit Court of Leflore County, Mississippi, from where it was improperly removed.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Honorable Court deny Defendant Merck's Motion to Vacate, take notice of District Judge Allen Pepper's Order remanding this case, consider Plaintiffs' pending *Motion to Remand* and *Memorandum in Support of Remand,* and rule accordingly by remanding this case to the Circuit Court of Leflore County, Mississippi, where jurisdiction is proper.

Respectfully submitted this 29th day of August, 2007.

_____
James V. Doyle, Jr. (MB #100727)
*Attorney for Plaintiffs*

**OF COUNSEL**:

**WIGGINS CHILDS QUINN & PANTAZIS, LLC**
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
(205) 314-0500   phone
(205) 254-1500   fax

## CERTIFICATE OF SERVICE

A copy of the foregoing document was served via First Class U.S. Mail, postage prepaid and addresses as follows to these attorneys of record:

Alyson Bustamante Jones, Esq.
BUTLER SNOW O'MARA, STEVENS & CANADA, PLLC
P.O. Box 22567
Jackson, MS 39225-2567
*Attorney for Defendant Merck & Company, Inc., Misty Austin, Andrea Elizabeth Beavers, Dan Sheals, William Umphlett*

Dorothy H. Wimberly, Esq.
STONE PIGMAN WALTHER WHITTMANN, LLC
546 Carondelet Street
New Orleans, LA 70130-3588
*Attorney for Defendant Merck & Company, Inc*

On this the 29th of August, 2007.

_____
James V. Doyle, Jr. (MB #100727)
*Attorney for Plaintiffs*