UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to Case No.: 07cv3998<br><br>JOSEPHINE COKER, et al.,<br><br>              Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., et al.,<br><br>              Defendants. | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE KNOWLES |

### REPLY IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S <u>MOTION TO VACATE REMAND ORDER</u>

   In their Opposition to Merck's Motion to Vacate the Northern District of Mississippi's order remanding this case to state court, plaintiffs concede that the transferor court's remand order was issued after the date on which this action was transferred to the MDL proceeding, and therefore lacks legal authority.  While plaintiffs attempt to side-step this point by suggesting that the transferor court's remand order is the "law of the case" and should be adopted by this Court, this argument is unpersuasive.  Because the transferor court's remand order in this case is a legal "nullity," the Court is not obligated to give the order any deference.  Moreover, there is no reason why the Court should even consider the issue of remand at this time.  As a result, the Court should grant Merck's motion to vacate.

   *First*, plaintiffs themselves admit that the transferor court, the Northern District of Mississippi, lacked the authority to remand this case to state court after the action was transferred

to the MDL proceeding. (*See* Pls.' Opp. at 4 ("The general rule regarding a motion *sub judice*, (under consideration) before the transferor court at the time an action is officially transferred is that a subsequent decision on the motion by the transferor court is a nullity.").) According to plaintiffs, the Federal Circuit's ruling in *Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed. Cir. 1985), "provide[s] guidance to transferee courts . . . on how to handle actions by transferor courts after transfer is effectuated." (Pls.' Opp. at 4.) *Glasstech* makes clear that orders issued by a transferor court after a case has been transferred to an MDL proceeding are made "without authority" and should be vacated. 769 F.2d at 1578. In that case, the Circuit Court was asked to decide the issue whether a district court properly denied plaintiff's motion for a protective order *after* the plaintiff's case was transferred to another district court for coordination in an MDL proceeding under 28 U.S.C § 1407. On review, the appellate court refused to address the merits of the transferor court's order, noting that that "the purpose of section 1407 was to eliminate the potential for conflicting pretrial rulings," so that "two courts of exclusive different jurisdictions, or venues, cannot exercise control over the same single claim for relief at the same time." *Id*. at 1576. Thus, the court held that the transferor court lacked the authority to rule on plaintiffs' motion for a protective order and, as a result, the court's order must be vacated. *Id*.

The same is true here. As Merck explained in its motion, the remand order at issue was entered by the Northern District of Mississippi only after the case was transferred to the Vioxx MDL. At that time, the transferor court had already been divested of its authority over the action and therefore lacked the authority to rule on plaintiffs' remand motion. Thus, contrary to plaintiffs' suggestion, Merck's motion to vacate is not an "end-run around an adverse ruling." (Pls.' Opp. at 5.) Because the transferor court lacked the authority to decide plaintiffs' remand

891369v.1

motion, no valid ruling on the issues presented by plaintiffs' motion to remand has been made in this case.

Plaintiffs' argument that the Northern District of Mississippi's ruling is the "law of the case" in this action and should be given deference (Pls.' Opp. at 6) fails for the same reason. Put simply, there is no prior order to which this Court can defer. Plaintiffs are unable to cite any authority supporting the notion that an MDL court should defer to rulings made by the transferor court **after** transfer was granted under § 1407. Indeed, the one case on which plaintiffs rely, *In re Exterior Siding & Aluminum Coil Antitrust Litig.*, 696 F.2d 613 (8th Cir. 1982) (Pls.' Opp. at 6), is wholly inapposite. In *Exterior*, the transferor court denied plaintiffs' class certification motion **before** the case was transferred to the MDL proceeding under section 1407. *Id*. at 614 After the case was transferred to an MDL proceeding, plaintiffs re-urged class certification and the MDL judge granted the motion. *Id*. On appeal, the court held that "law of the case" required the MDL judge to defer to the transferor court's certification ruling. *Id*. at 618. However, in *Exterior* the transferor court's ruling on class certification **pre-dated** the MDL proceedings. Thus, the court's ruling in that case is simply inapplicable here, where the prior "order" at issue was made after MDL transfer and was therefore – by plaintiffs' own concession – a legal nullity.

**Second**, there is no basis for plaintiffs' suggestion that this Court should consider – and grant – plaintiffs' motion for remand in this case on an expedited basis. (Pls.' Opp. at 7.) The mere fact that the transferor court in this case erred in issuing an order after it had been divested of authority to do so does not entitle plaintiffs to "cut in line" before the other plaintiffs with remand motions currently pending in this MDL proceeding. Indeed, the fact that numerous remand motions pending before the Court present similar jurisdictional issues is all the more reason **to defer** decision on this particular motion to remand at the present time – all such remand

4

motions should be considered in a uniform manner so as to avoid inconsistent rulings on the cross-cutting jurisdictional issues presented by plaintiffs' motion to remand in the present case. *Ad hoc* consideration of the jurisdictional issues presented by the plaintiffs' motion only serves to undermine the purpose of pretrial consolidation under section 1407. In short, there is simply nothing to distinguish the motion to remand in the present case from the other similar motions currently pending before this Court, and plaintiffs' attempt to urge remand at this time should be rejected in favor of uniform, consistent consideration of all such remand motions raising similar jurisdictional issues.

## CONCLUSION

For the foregoing reasons and for all of the reasons set forth in Merck's prior briefing, Merck respectfully requests that this Court grant its motion to vacate the August 14, 2007 order granting plaintiffs' motion to remand.

Date:   September 5, 2007

        Respectfully submitted,

        */s/ Dorothy H. Wimberly*
        Phillip A. Wittmann, 13625
        Dorothy H. Wimberly, 18509
        Carmelite M. Bertaut, 3054
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana 70130
        Phone: 504-581-3200
        Fax: 504-581-3361

        Defendants' Liaison Counsel

891369v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Reply Memorandum in Support of Motion to Vacate Remand Order has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of September, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

891369v.1