# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUTH ALEXANDER, Administratrix of the Estate of Jane Doyle<br><br>Plaintiff<br><br>v.<br><br>Merck & Co., Inc.<br><br>Defendant | File Number MDL 1657<br>Section L<br>05-5768<br><br>**Plaintiff Ruth Alexander, as Administratrix of the Estate of Jane Doyle's Motion for Relief from Dismissal Order Pursuant to FRCP 60(b)(1) and Memorandum in Support** |

### This Document Relates to Case No. 05-5768

Comes the Plaintiff, Ruth Alexander, Administratrix of the Estate of Jane Doyle, ("Plaintiff"), by counsel, and respectfully moves this honorable Court pursuant to FRCP 60(b)(1) to vacate its Minute Entry Order in the above-referenced matter entered August 1, 2007, wherein the instant action was dismissed with prejudice upon Defendant Merck & Co., Inc's ("Merck") Motion to Dismiss for failure to file a PPF as required by Pre-trial Order No. 18C. The Plaintiff further moves the Court to return this case to the active docket.

The Plaintiff incorporates herein her Memorandum of authorities in support of this Motion below. An appropriate Order is attached hereto.

## I.   FACTUAL AND PROCEDURAL HISTORY

September 29, 2005, the Plaintiff filed suit in the United States District Court for the Western District of Kentucky, Louisville Division in her capacity as Administratrix of the Estate of her mother, Jane Doyle. The Complaint alleged a products liability claim against the Defendant with respect to its product Vioxx, along with allegations that the Defendant failed to advise the general public and users of Vioxx of associated cardiovascular and thromboembolic risks. The



Plaintiff further alleged claims of fraudulent concealment, tolling, and estoppel. For her causes of action Plaintiff alleged claims in strict liability, negligence, failure to warn, fraud, breach of express and implied warranties, and violation of the Kentucky Consumer Protection Act, and requested appropriate damages, including punitive damages. The Complaint alleged similar claims on behalf of five (5) other Kentucky residents who used Vioxx. Also on September 29, 2005, Plaintiff's counsel filed suit on behalf of a Seventh Plaintiff, Joyce Hurst, in the United States District Court for the Southern District of Indiana, New Albany Division. Thereafter, all seven cases were transferred to the instant MDL litigation venued in the Eastern District of Louisiana, New Orleans Division in December 2005 and January 2006.

Plaintiff will not contest and does not debate the facts set forth in Merck's "Background" section of its Memorandum to Show Cause to dismiss this matter and other cases in the instant MDL filed May 31, 2007. On August 1, 2007, the Clerk of this honorable Court entered an Order dismissing the instant case upon Merck's Motion. Counsel for the Plaintiff did not file a Motion in Opposition to Merck's Motion to Dismiss as counsel never received actual notice of Merck's motion. This was because Plaintiff's counsel was unaware of the contents of this Court's Pre-trial Order 18C regarding Plaintiff Profile Forms (PPFs). Further, at the time the motion was filed, Plaintiff's counsel was unaware of Pre-trial Order 8B regarding electronic service and the necessity to register with the LexisNexis File and Serve System (LNFS).

On or around July 5, 2007, attorney Zane Riester, of the law firm of Hughes, Hubbard and Reed, LLP, the law firm handling PPFs for the Defense Liaison Counsel (DLC), contacted Plaintiff's counsel to advise of the past due completed PPFs and to further advise that dismissal of counsel's Vioxx Plaintiff's cases could be forthcoming unless the PPFs were not completed and filed in a timely fashion. Attorney Riester graciously provided copies of Pre-trial Order 18C and 8B to counsel and from that time forward Plaintiff's counsel has worked with Mr. Riester to provide the mandatory PPFs. Furthermore, Mr. Riester has most graciously provided additional extensions of time to the remaining Plaintiffs to file their PPFs and, in fact, three of the Plaintiffs

2

have already forwarded to Mr. Riester same. The other three remaining Vioxx Plaintiffs have been forwarded their PPFs for completion and Plaintiffs counsel is diligently working at completing and filing those. Furthermore, Plaintiff's counsel and other attorneys in his firm are now registered in the LNFS system and are diligently working towards having all PPFs filed in that system.

As for dismissed Vioxx Plaintiff Ruth Alexander, she has provided information for the PPF on behalf of her mother's Estate and has duly executed all authorizations dated July 31, 2007. A copy of the completed PPF is attached hereto. Further, Ms. Alexander has provided some medical records relevant to the claim which are in the possession of Plaintiff's counsel and contingent on the granting of the instant motion will be filed in LNFS. It is unknown at this time why of the seven Vioxx cases in Plaintiffs' counsel's office, that only the instant case of Ruth Alexander as Administratrix of the Estate of Jane Doyle was sought to be dismissed by Merck. For unknown reasons the Alexander case has been treated differently than the others.

## II. ARGUMENT

Plaintiff seeks relief under FRCP 60(b)(1) which states:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1)   Mistake, inadvertence, surprise, or excusable neglect;..."
FRCP 60(b)(1).

In analyzing Rule 60(b) the Fifth Circuit has recognized that the Rule is to be construed liberally to do substantial justice. *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965). See also *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980)(Rule 60(b) must be equitably and liberally applied to achieve substantial justice). The purpose of the motion is to permit the trial judge to reconsider such matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal. *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977).

Rule 60(b) has been most liberally applied to default judgments; its main application is to those cases in which the true merits of a case might never be considered because of technical error or fraud or concealment by the opposing party or the court's inability to consider fresh evidence. *Fackelman v. Bell*, 564 F.2d at 735. Considering in the instant case no discovery has been completed as only pleadings were filed prior to transfer to the MDL, the instant case is analogous to a default judgment. See *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279-80 (5th Cir. 1985). (In granting a default judgment, the court does not consider the substance of merits of case). As the instant case is an analogous to a default judgment in that the substance of merits of the case have not been considered, the *Fackleman* case argues for the most liberal application of Rule 60(b).

In ruling on motion to set aside under 60(b)(1), the courts generally look to three factors:

(1)  The extent of prejudice to the non-moving party;

(2)  The merits of the moving party's asserted claims; and,

(3)  The culpability of the moving party's conduct.

Id. at 1280. The mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion. Id. In considering the first factor set forth above, the Plaintiff submits that although there is the possibility of prejudice from delay, as referenced in Merck's Motion for Dismissal at page 7, the Plaintiff respectfully submits that Merck has not been prejudiced with respect to the claims asserted by Plaintiff, Ruth Alexander. All medical records relevant to this case still are in existence. Further, the decedent, Jane Doyle, died prior to the institution of this litigation and as such no additional prejudice befalls Merck that would not have existed had the PPFs been timely filed. It is also well known that medical providers in such cases typically rely on medical records to express their opinions and factual basis for same. As such, Merck has not been prejudiced by the delay in filing the PPF in this matter.

With respect to the merits of the Plaintiff's claims, obviously it remains to be seen what will be learned in discovery with respect to the use of Vioxx by the decedent, Jane Doyle, but what is clear is that there are arguable and justiciable matters with respect to Merck's liability with respect to Vioxx as evidenced by the thousands and thousands of cases which have been filed against it with respect to cardiovascular events. There was clearly a reason that Merck pulled this product from the shelves and Merck itself has acknowledged in public statements of the potential for Vioxx to cause cardiovascular events. Further, as stated in Plaintiff's attached PPF, Jane Doyle contemporaneously sustained a myocardial infarction while using Vioxx. Thus, there exist, at least questions of fact with respect to whether Plaintiff's claim would ultimately be meritorious.

With respect to the third factor set forth in the *Hibernia* case, the culpability of the movant's conduct, Plaintiff's counsel takes full responsibility for its failure to be in compliance with Pre-trial Order 18C. Nevertheless, justice requires that a party should not be penalized for an attorney's carelessness. *Kelly v. U.S.*, 805 F. Supp. 14, 16 (E.D.La. 1992). Parties should not be punished for their counsel's neglect except in extreme and unusual circumstances and dismissal of a complaint with prejudice is a drastic remedy. *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974). Dismissal with prejudice is warranted only in extreme circumstances and only after the trial court in the exercise of its unquestionable authority to control its own docket, has resorted to the wide range of lesser sanctions which it may impose upon the litigant or the derelict attorney or both. *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971). See also *U.S. v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) (Justice demands that a blameless party not be disadvantaged by the errors or the neglect of his attorney which cause a final, involuntary termination of proceedings). Furthermore, a trial court in resolving a motion for relief from judgment on the basis of an attorney's mistake must determine whether excusable neglect has in fact been established, resolving all doubts in favor of the party seeking relief. *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

Finally, attorney negligence or carelessness may constitute excusable neglect warranting relief from judgment under appropriate circumstances. *Hartford Steamboiler Inspection and Ins. Co., v. Southeastern Refractories, Inc.*, 212 F.R.D. 62, 64 (D. Conn. 2003). Although inadvertence, ignorance of the rules, or mistakes construing the rules do not necessarily constitute excusable neglect, it is clear that excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Id. The determination is an equitable one, taking account of all relevant circumstances surrounding the party's omission. Id. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). Also to be considered, with the respect to the issue of excusable neglect are factors such as the prejudice to the opposing party, the length of the delay as potential impact on judicial proceedings, the reason for the delay, whether the movant acted in good faith, and whether the movant's underlying claim is meritorious. *Jennings v. Rivers,* 394 F.3d 850, 856 (10th Cir. 2005).

In light of the above authorities, the Plaintiff respectfully submits that in the instant case substantial justice would not be served by upholding dismissal of the Plaintiff's action against Merck. Plaintiff submits Merck will not be prejudiced by the delay in failing to file and serve the PPF as said PPF can be immediately filed and served if this Court vacates its previous Order. Additionally, there are questions of fact that arguably would allow the Plaintiff to prevail on the merits of this case. Finally, the Plaintiff herself is completely without culpability with respect to the above-referenced matter and should not be punished for the shortcomings of counsel. Plaintiff further submits that the failure to file the PPF in the instant case falls under the definition of excusable neglect and as such the Court has a basis for sustaining the instant motion.

It is also clear that the Plaintiff and her counsel have not engaged in any sort of dilatory action and have at all times operated in good faith. As soon as Plaintiff's counsel realized the contents of Pre-trial Orders 18C and 8B, counsel immediately began attempting to be in compliance. Plaintiff's counsel is currently diligently working with Defense Liaison Counsel to

6

submit all required PPFs for the Co-Plaintiffs in this matter and asks for the opportunity to do so with respect to the instant case. Plaintiff submits the ultimate sanction of dismissal is excessive in this matter and while the Plaintiff submits that sanctions are not warranted, if the Court does decide some sanction is necessary in this matter, it should be something less than dismissal with prejudice.

### III. CONCLUSION

In light of the foregoing, the Plaintiff respectfully moves this Court to vacate its Order of Dismissal entered August 1, 2007, and to return the instant matter to the Court's active docket.

Date of Filing: August 29, 2007

Respectfully submitted,

/s/ Kevin P. Weis
Kevin P. Weis (KY87977)
David B. Gray
*Counsel for Ruth Alexander, Administratrix of the Estate of Jane Doyle*
Goldberg Simpson, PSC
9301 Dayflower Street
Louisville, KY 40059
(502) 589-4440
(502) 581-1344
kweis@goldbergsimpson.com
dgray@goldbergsimpson.com

"ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT"

## CERTIFICATE OF SERVICE

  I hereby certified that the above and foregoing Plaintiff's Motion for Relief from Dismissal Order Pursuant to FRCP 60(b)(1) and Memorandum in Support has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No. 8(B), and that the foregoing was delivered overnight via UPS to the Clerk of Court of the United States District Court for the Eastern District of Louisiana for Ed La and will be filed by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 upon completion of the registration process on this the 29th day of August, 2007.

/s/ Kevin P. Weis
Kevin P. Weis (KY87977)
David B. Gray
*Counsel for Ruth Alexander, Administratrix of the Estate of Jane Doyle*
Goldberg Simpson, PSC
9301 Dayflower Street
Louisville, KY 40059
(502) 589-4440
(502) 581-1344
kweis@goldbergsimpson.com
dgray@goldbergsimpson.com

g:\medmal\doyle,jane the estate of\motion for relief 082907.doc
39916.001

8

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUTH ALEXANDER, Administratrix of the Estate of Jane Doyle )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>Merck & Co., Inc. )<br>)<br>Defendant ) | File Number: MDL 1657<br>Section L<br>05-5768<br><br><br><br><br><br><br>**Order** |

Upon Motion of the Plaintiff, Ruth Alexander, Administratrix of the Estate of Jane Doyle, by counsel pursuant to FRCP 60(b)(1) and the Court being otherwise duly and sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff's Motion for Relief from Dismissal Order entered August 1, 2007, in the above-referenced matter is hereby **vacated** and said action is to be returned to the Court's active docket.