**MINUTE ENTRY**
**FALLON, J.**
**SEPTEMBER 6, 2007**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 27 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Jodi Simcox, Official Court Reporter.  Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.  **STATE COURT TRIAL SETTINGS**

The following is the updated current listing provided by Merck of state court cases set for trial through December 31, 2007:  The *Kozic* case is set for September 17, 2007 in Tampa, Florida.  The *Appell/Arrigale* cases previously set for September 17, 2007 in the California

1

JS10(00:50)

Coordinated proceeding, in the California Superior Court, Los Angeles County have been continued until January 2008. *Donohoo* was previously set for October 9, 2007 in Madison County, Illinois, but has been continued to April 7, 2008. Finally, the *Record* case has been set for the December 2007-January 2008 docket in Palm Beach County, Florida.

II.     FURTHER PROCEEDINGS IN THE EARLY FEDERAL COURT CASES

On June 28, 2007, the Court entered Judgment in the *Barnett* case. Thereafter, on July 13, 2007, Merck filed a Motion for New Trial. On August 20, 2007, the Motion for New Trial was denied. At today's conference, the Court also discussed the potential of selecting a procedure for trying several stroke cases.

III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The Court has advised the parties that it will address these issues at a later date.

IV.     DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal. Documents that are discoverable are to be produced to plaintiffs no later than September 15, 2007. The parties advised the Court that they are discussing agreeable modifications to this deadline.

V.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

On July 24, 2007, the PSC issued deposition notices for Governor Haley Barbour and Governor Mitchell E. Daniels, Jr., together with a subpoena request for documents, and for records only depositions of National Governors Association, National Conference of State Legislators, American Legislative Exchange Council, and The Council of State Governors. These discovery requests were issued in connection with Merck's Motion for Summary Judgment in the *Arnold* and *Gomez* cases. Responses that have been received to the subpoenas have been provided to Merck. On August 27, 2007, the PSC requested that Merck stipulate that the documents are admissible. The Notices of Depositions are outstanding. The PSC is gathering documents that are responsive to the discovery requests and is attempting to formulate stipulations and/or affidavits relevant to the outstanding issues. PLC is awaiting a response from Merck. The PLC further anticipates that additional discovery will be issued to the FDA and others who may have participated in the rulemaking process regarding preemption.

On July 31, 2007, the Court issued an Order regarding Special Master Rice's Second Report regarding the DDB and Ogilvy documents which were the subject of the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC. On August 17, 2007, Merck filed objections to the Special Master's Second Report. On September 5, 2007, the PSC filed its response. At today's conference, the Court allowed Merck leave to file a reply brief.

3

VI.  DEPOSITION SCHEDULING

Merck has noticed the *de bene esse* depositions of the following current Merck employees on the below listed dates: Dr. Alise Reicin for November 14 and 15, 2007; Dr. Briggs Morrison (to be reset); and Dr. Eliav Barr for November 29 and 30, 2007. The parties continue to discuss the scheduling of depositions.

Also, the PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

VII. PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Following the July 2007 monthly status conference, Merck an additional Rule to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs in contravention of Pre-Trial Order 18C. In addition, several Rules heard at the July 2007 monthly status conference were continued until today. All of these Rules were taken up following today's conference, and the Court will issue separate orders resolving these issues.

The Court also directed Merck to submit to the PSC a draft proposal of an amendment to Pre-Trial Order 18C that addresses a number of issues that continue to arise in individual cases. Specifically, the proposed amendment should address the need for additional authorizations (specific as to the provider) in lieu of the generic authorizations that are currently required under Pre-Trial Order 18C in light of certain providers' refusal to honor the generic authorizations. Also, the proposed amendment should clarify the duties of the parties in exchanging profile forms. The Court will then consider the parties' proposal.

VIII.   STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The Court informed the parties that it will be setting briefing schedules for various outstanding motions to dismiss filed by individual doctors that have been named as additional defendants so that these matters can be resolved.

IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various pro se claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On July 5, 2007, the Court entered Pre-Trial Order No. 25, which sets forth the terms of *pro se* plaintiffs' access to the PSC document depository. Since the entry of PTO 25, the PSC has received a number of communications from various *pro se* claimants. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov.

X.   IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS data. The PSC has been advised that Orders were issued in New Jersey state court regarding the IMS data and the PSC is reviewing the Orders further.

XI.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene*

5

*Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. Further, as noted above, the PSC advises that it has issued discovery requests to the following third parties in connection with this issue: Governor Haley Barbour, Governor Mitchell E. Daniels, Jr., National Governors Association, National Conference of State Legislators, American Legislative Exchange Council, and The Council of State Governors (*see supra*, Section V).

## XII.   TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum. On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form. The PSC is reviewing the information and will be providing a response to DLC.

## XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIV. <u>VIOXX SUIT STATISTICS</u>

Merck advises that as of June 30, 2007, it has been served or was aware that it had been named as a defendant in approximately 26,950 lawsuits, which include approximately 45,225 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 266 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,575 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,400 lawsuits representing approximately 16,400 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of June 30, approximately 14,450 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 4,620 plaintiff groups have been dismissed as of June 30, 2007. Of these, there have been more than 1,170 plaintiff groups whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts, and more than 3,450 plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV. <u>MERCK INSURANCE</u>

Since the 30(b)(6) deposition regarding insurance took place on May 23, 2007, the PSC

is further reviewing materials and will advise Merck with respect to issues involving the PSC's request for discovery concerning Merck insurance coverage and the arbitration/dispute resolution matters.

XVI.   MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months.  The matter is not yet set for hearing.  Merck advises that it intends to file responsive pleadings.

XVII.   OXFORD/VICTOR DATA

The PSC has requested that Merck and Oxford provide information relative to Protocol 203 and other items related to VICTOR.  On July 3, 2007, Merck's counsel sent correspondence to PLC enclosing a comprehensive index memorializing productions and copies of transmittal letters regarding same.  On July 25, 2007, Oxford provided Merck with the data that supported Oxford's publication on the VICTOR study.  That data was produced to the PSC and the PSC is reviewing the production and will communicate further with Merck regarding any additional issues concerning the production.  Merck has agreed to produce to the PSC any additional data received from Oxford when it is received by Merck.

XVIII.   *FLIPPIN* MOTION TO REMAND

The Motion for Remand filed in the *Flippin* matter (No. 05-1797) was continued and will be reset upon the completion of the PSC trial package.

XIV.   PSC MDL TRIAL PACKAGE

The PSC advises that it anticipates that it will have a trial package prepared by September 30, 2007.  The Court advised the parties that it would like to review the trial package

when it is completed.

## XV. <u>NEXT STATUS CONFERENCE</u>

The next monthly status conference will be held on October 11, 2007, at 9:00 a.m. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 16088848 and the Chairperson will be Judge Fallon.

