# U. S. DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA
### (New Orleans)

| | |
|---|---|
| IN RE: VIOXX® § <br> PRODUCTS LIABILITY LITIGATION § <br> § <br> RONALD DOOLEY, ET AL § <br> § <br> VS. § <br> § <br> MERCK & COMPANY, INC. § | MDL Docket No. 1657 <br><br> MDL No. 06-11047 <br> *transferred from No.06-2165* <br> *USDC COLORADO* |

**PLAINTIFF RONALD DOOLEY'S MOTION TO DISMISS DUPLICATIVE CLAIM FILED UNDER CASE NO. 06-2165, IN THE USDC OF COLORODO (TRANSFERED TO THIS COURT UNDER MDL NO. 06-11047)**

Plaintiff served this motion on opposing counsel on June 4, 2007. However, due to an error by office personnel, the motion was not filed. Plaintiff files the motion again and serves opposing counsel again.

Plaintiff Ronald Dooley seeks to dismiss the claims he filed *pro se* in the State of Colorado, which was removed to the USDC of Colorado under C.A. No. 06-2165, and transferred to this Court under MDL No. 06-11047. Mr. Dooley ultimately retained counsel who, without knowledge of the Colorado action, filed a lawsuit in federal district court in Minnesota under C.A. No. 06-3890, where the undersigned is licensed to practice law, which was then transferred to this Court under MDL No. 06-10119. Given that both lawsuits have been transferred and consolidated for pretrial activity within these MDL proceedings, dismissal of the first-filed action in Colorado will not prejudice Defendant, but will ensure Mr. Dooley is allowed to proceed with counsel of his choice.[1]

---

[1] Mr. Dooley's wife, Julia Dooley, is a party to the Colorado proceedings. She is not represented by the undersigned and is not a party to the Minnesota action. None of the claims of these two parties are derivative. Both parties claim independent injuries caused by their separate ingestion of Defendant's product. There is thus no

I.   **Plaintiffs' Choice of Forum Should Prevail Because No Justification Exists for Rigid Enforcement of the First-Filed Rule in this Instance.**

When lawsuits involving the same subject matter are pending, the general rule is that the first-filed lawsuit should proceed. *See, e.g., Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). This rule is not sacrosanct or mechanically applied. It is flexible, allowing for exceptions when appropriate. *See, e.g., Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). Indeed, the rule should not be enforced when the balance of equities favor proceeding with the second-filed lawsuit. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

This is particularly true when both suits were filed by the same party. Typically, disputes over the first-filed rule arise when one party files suit in one forum, and the adversary files suit in another. In those instances, both sides have an interest in their respective choices of forum. Here, however, Mr. Dooley filed both lawsuits.

A.   **The "Balance of Convenience" Favors Permitting Dismissal of the First-Filed Action.**

The first-filed rule should not be enforced when the "balance of convenience" favors allowing the second suit to proceed. *See United States v. Costello*, 809 F. Supp. 56, 59 (E.D. Wis. 1992); *Superior Savings Association v. Bank of Dallas*, 705 F. Supp. 326, 330-31 (N.D. Tex. 1989). In this case, the first-filed suit involves Mr. Ronald Dooley and Mrs. Julia Dooley in a *pro se* capacity, seeking compensation for separate injuries caused by separate ingestion of Defendant's drug. The second-filed suit under MDL Case No. 06-10119, transferred from Minnesota Case No. 06-3890, involves the injuries sustained by Mr. Ronald Dooley, only; and spousal claims being made by Mrs. Dooley. Mr. Dooley is represented by counsel in the second

---

prejudice to Ronald Dooley's claims proceeding separately from Julia Dooley's claims. The dismissal sought here involves Ronald Dooley's claims only.

suit. Mr. Dooley's attorney is licensed to practice law in Minnesota state and federal court, but is not licensed to practice in Colorado. Plaintiff Ronald Dooley's choice of counsel should be an important factor in the balance of convenience.

Allowing the above-referenced Minnesota suit to proceed will in no way prejudice Defendant. The only discovery conducted to date on Mr. Dooley's claims is the completion of a fact sheet and responses to purported deficiencies in the fact sheet. That fact sheet and its supplements are equally applicable regardless of the case-specific cause number that appears within it. The State of Colorado is no more convenient to Defendant than the State of Minnesota. And even if it were, this Court has already indicated it will entertain motions to transfer venue on convenience grounds when pretrial proceedings are completed. This Court has allowed plaintiffs to file suit directly in the MDL judicial district with the caveat that such lawsuits may be transferred to more convenient forums later.

### B. Venue Is Proper in the Court Presiding over the Second-Filed Suit.

There has been no claim in this litigation that the District of Minnesota is an improper venue. Hundreds of lawsuits have been filed in Minnesota by non-Minnesota residents. Federal law establishes venue in any judicial district in which a defendant maintains sufficient minimum contacts to establish the Due Process clause requirements for personal jurisdiction. *See* 28 U.S.C. § 1391(c) & cmt. There is no claim that Defendant failed to maintain sufficient minimum contacts with Minnesota to establish Defendant's amenability to personal jurisdiction there.

The United States Supreme Court has held that extensive sales in a forum state are sufficient to establish jurisdiction for claims brought by non-residents. In *Keeton v. Hustler Magazine, Inc.*, a New York resident brought a libel action against Hustler Magazine in New Hampshire even though Hustler had no physical presence there. 465 U.S. 770 (1984). The

Court found general jurisdiction based on the company's circulation of 10 to 15,000 magazines a month in the forum.

> Where, as in this case, respondent, Hustler Magazine, has continuously and deliberately exploited the New Hampshire market, it must reasonably anticipate being haled into court there in a libel action based on the contents of its magazine. There is no unfairness in calling the respondent to answer for the contents of that publication wherever a substantial number of copies are regularly sold and distributed.

*Id.* at 781. General jurisdiction was present even though the plaintiff was not a forum resident and the bulk of harm from the libel would occur outside the forum. *Id.* at 780.

Sales in a forum state, like those made by the manufacturers here, along with active nationwide promotion and marketing, are more than sufficient contacts to establish general jurisdiction, that is, jurisdiction for all purposes. The seminal Eighth Circuit case on this issue is *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704 (8th Cir. 2003). In *Lakin*, the appellate court reversed a district court finding of no jurisdiction in Missouri federal court on the ground the lower court should have permitted the plaintiff to conduct "jurisdictional discovery" to determine whether the volume of the defendant's business activity within Missouri established general jurisdiction. The court found persuasive that the defendant, a financial institution, provided substantial loans to Missouri residents that may have been secured with Missouri property. The court concluded that what is relevant is not the defendant's percentage of sales to the forum, but the significance of the sales to the forum.

> Percentage of a company's sales in a given state are generally irrelevant. Instead, our focus is on whether a defendant's activity is "continuous and systematic." Many companies conduct millions of dollars in sales worldwide yet only do a small percentage of sales in any one state. However, our relevant inquiry is not whether the percentage of a company's contacts is substantial for that company; rather, our inquiry focuses on whether the company's contacts are substantial for the forum.

*Id.* at 709.

The defendant in *Mieczkowski v. Masco Corp.* had no office, no registered agent, no employees, no property and no license to do business in the forum state. 997 F. Supp. 782 (E.D. Tex. 1998). However, the defendant maintained over $700,000 in sales in the forum, provided direct mail-outs to the forum and maintained a website accessible to forum residents. The combination of these contacts established general jurisdiction. *Id.* at 787; *see also Provident National Bank v. California Federal Savings & Loan*, 819 F.2d 434, 436 (3rd Cir. 1987) (general jurisdiction predicated on servicing secured loans of forum residents even though defendant financial institution had no office or physical presence and miniscule number of depositors in the forum); *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1074, 1076-79 (9th Cir. 2003), *r'hrg en banc granted*, 366 F.3d 789 (9th Cir. 2004) (general jurisdiction found where defendant's sole contacts were its internet site and sales in California that accounted for six percent of its total sales).

A volume of sales sufficient to establish general jurisdiction means the corporation is subject to the reach of the forum's judiciary for all purposes, regardless of the citizenship of the plaintiff. The court in *Lee v. Walworth Valve Co.* found a non-resident defendant's forum contacts of less than $200,000 in sales and 85 days of visits by sales representatives sufficient to establish general jurisdiction. 482 F.2d 297 (4th Cir. 1973). In so holding, the court wrote:

> If a foreign corporation's contacts with a forum state are sufficiently substantial, the forum state may constitutionally authorize the judicial assertion of *in personam* jurisdiction, even though the plaintiff has had no contacts with the forum state and the cause of action did not arise there.

*Id.* at 299 (*citing Perkins v. Bequet Mining Co.*, 342 U.S. 437 (1952); *see also Keeton*, 465 U.S. at 779 ("[W]e have not to date required a plaintiff to have 'minimum contacts' with the forum State before permitting that State to assert personal jurisdiction over a nonresident defendant.").

Because personal jurisdiction exists in both forums, venue is proper in both forums.

## CONCLUSION AND PRAYER

Given that Plaintiff Ronald Dooley is represented *pro se* in the Colorado action, that Mr. Dooley's counsel of choice is licensed to practice in Minnesota federal court but not in state or federal court in Colorado, and that Defendant will suffer no prejudice to dismissal of the Colorado action, Plaintiff Ronald Dooley respectfully requests that the Court grant his motion to dismiss his cause of action under Case No. 06-1657, USDC, District of Colorado and transferred to this Court under MDL No. 06-11047. Plaintiff Ronald Dooley requests all other relief to which he is entitled. This motion only applies to Plaintiff Ronald Dooley. Other Plaintiffs and Defendants are not affected by this motion.

DATED: August 16, 2007

Respectfully submitted,

HISSEY, KIENTZ & HERRON, P.L.L.C.

BY: _____
Erik B. Walker
Minnesota Bar No. 0345192
16800 Imperial Valley Drive, Ste. 130
Houston, Texas 77060
(713)224-7670 (Telephone)
(713)224-7671 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

And

BY: _____
**Ronald Dooley,** *Pro Se*
Ronald Dooley
6316 S. Johnson St.
Littleton, CO 80123
(303) 933-6682

HISSEY * KIENTZ, L.L.P.

Dated: 9/14/2007          BY: _____
                              David L. Friend
                              Texas Federal Bar No. 20893
                              Kristin Giaquinta
                              Texas Federal Bar No. 705450
                              9442 Capital of Texas Highway N.
                              Suite 400
                              Austin, Texas 78759
                              (512) 320-9100  (Telephone)
                              (512) 320-9101  (Fax)
                              **dfriend@hkllp.com**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2007, a true and correct copy of the foregoing document was filed with the Clerk of the Court and served on all counsel of record electronically through LNFS, and by regular mail to Defendant's counsel of record as follows:

Andrew H. Myers
Wheeler Trigg Kennedy
1801 California Street, Ste. 3600
Denver, CO  80202

_____
David L. Friend

## U. S. DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA
### (New Orleans)

| | | |
|---|---|---|
| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | § § § | MDL Docket No. 1657 |
| RONALD DOOLEY and JULIA DOOLEY | § § § | MDL No. 06-11047<br>*transferred from No.06-2165*<br>*USDC COLORADO* |
| VS. | § § | |
| MERCK & COMPANY, INC. | § | |

### ORDER

On the date shown below, the Court considered Plaintiff Ronald Dooley's Motion to Dismiss his Duplicative Claim filed Under Case No. 06-2165, in the United States District Court of Colorado, transferred to this Court under MDL No. 06-11047, and the Court, after considering the motion and pleadings on file concludes that the motion should be granted.

**IT IS ORDERED** that Plaintiff Ronald Dooley's claims filed under Case No. 06-2165 in the United States District Court, District of Colorado, are hereby dismissed.

**IT IS ORDERED** that all other claims asserted in Cause of Action No. 06-2165, in the United States District Court, Dist. of Colorado, and transferred to this Court under MDL No. 06-11047, shall remain unaffected by this order.

**IT IS ORDERED** that Plaintiff Ronald Dooley may proceed with his claims in Cause of Action No. 06-3890, transferred to this Court under MDL No. 06-10119.

All costs of court are to be borne by the party incurring the same.

DATED:_____

_____
Honorable U.S. District Judge