# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE |
| *Abate, Mildred v. Merck & Co., Inc.*; | * | JUDGE KNOWLES |
| 2:06-cv-02209; and only regarding Mary | * | |
| Jo Evans; | * | |
| | * | |
| *Ackerman, Kathleen v. Merck & Co.,* | * | |
| *Inc.*; 2:06-cv-02198; and only regarding | * | |
| Judy Dozier; | * | |
| | * | |
| *Ahouse, Irene v. Merck & Co., Inc.*; | * | |
| 2:06-cv-02216; and only regarding | * | |
| Grazia Biscardi; | * | |
| | * | |
| *Albanese, Marie v. Merck & Co., Inc.*; | * | |
| 2:06-cv-02207; and only regarding | * | |
| Dorothy Davies; | * | |
| | * | |
| *Allanson, Willard v. Merck & Co., Inc.*; | * | |
| 2:06-cv-02213; and only regarding | * | |
| Sharon Coulter and Vervl I Coulter; | * | |
| | * | |
| *Alston, Janie v. Merck & Co., Inc.*; 2:06- | * | |
| cv-02217; and only regarding Pamela | * | |
| Bowers and Steven Bowers; | * | |
| | * | |
| *Amie, Vernon v. Merck & Co., Inc.*; 2:06- | * | |
| cv-02219; and only regarding Vernon C | * | |
| Amie; | * | |
| | * | |
| *Ballantyne, Arthur W. v. Merck & Co.,* | * | |
| *Inc.*; 2:06-cv-02195; and only regarding | * | |
| Larry Crosland | * | |
| | * | |
| *Bamford, Armeda v. Merck & Co., Inc.*; | * | |
| 2:06-cv-01168; and only regarding Inge | * | |
| G Koerner; | * | |

|  | * |
| *Corey, Marian v. Merck & Co., Inc.*; | * |
| 2:06-cv-01196; and only regarding | * |
| Gladys O Reeves; | * |
|  | * |
| *Czekalski, Cindy v. Merck & Co., Inc.*; | * |
| 2:06-cv-01207; and only regarding | * |
| Claudia Eddy; | * |
|  | * |
| *Disalvo, Angelo v. Merck & Co., Inc.*; | * |
| 2:06-cv-01194; and only regarding | * |
| Michael McCarthy; | * |
|  | * |
| *Allen, Denise v. Merck & Co., Inc.*; 2:05- | * |
| cv-04738, and only regarding Billy | * |
| Brown, Cal Brown, Joe Dan Brown | * |
| Frank Cloy, Jimmy Collier, Mark Ervin, | * |
| Clarence Fields, Alejandro Garza, Irma | * |
| Garza, Kaylee Godwin, Thomas Griffin, | * |
| Edward Hunt, Mike Nickerson, Charlie | * |
| Parker, Evie Parker, Brian Perrine, | * |
| William Pierce, John Paul Ramsey, and | * |
| Randall Watson; | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED
WITH PREJUDICE FOR FAILURE TO PROVIDE ANY RESPONSE TO THE
<u>PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C</u>**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its

undersigned counsel, moves the Court for entry of an Order requiring the plaintiffs in the cases

captioned above (the "Plaintiffs") to show cause why their individual claims should not be

dismissed with prejudice for failure to provide any response to the Plaintiff Profile Form ("PPF")

as required by Pre-Trial Order No. 18C ("PTO 18C" or "the Order"). A full list of these

Plaintiffs is included in Exhibit A of this Rule and Memorandum. As more fully set forth below,

despite repeated warnings, Plaintiffs have ignored Merck's notices to provide a PPF and have

failed to serve a PPF as required by PTO 18C.

892967v.1

## BACKGROUND

On June 23, 2006, this Court entered PTO 18C.[1]  PTO 18C governs, among other things, the service and production requirements for PPFs, Authorizations for the release of records, and PPF-related documents.  (PTO 18C ¶ 1.)  PTO 18C directs plaintiffs to serve "verified PPFs, signed … Authorizations, and all responsive documents" by specific deadlines. (*Id.* ¶ 2.)  The Order provides for only one 20-day extension of time to cure if a plaintiff fails to timely serve a fully responsive PPF and expressly states that "[n]o other extensions will be granted."  (*Id.* ¶ 4.)

Pursuant to Paragraph 4 of the Order, Merck notified each of the Plaintiffs, by letter to their respective counsel, that he or she had failed to serve a PPF by the applicable deadline and provided each delinquent Plaintiff with an additional twenty days to provide a PPF. (*See* Ex. A & Exs. B-FF.)  After failing to receive a PPF, Merck again notified each of these Plaintiffs, by warning letter to their respective counsel, that he or she was in violation of PTO 18C and provided an additional ten days, on top of the twenty days already provided, to respond. (*See* Exs. GG-JJJ(A).)  To date, none of these Plaintiffs have provided Merck with a PPF.

Attached hereto as Exhibit A is a complete list of the name of each Plaintiff who has failed to provide a PPF, each case name, each docket number, and the name of each Plaintiff's counsel.  Exhibit A also identifies the original due date for each PPF, and the dates Merck sent each of its two warning letters with extensions to each Plaintiff.

All of these Plaintiffs' PPFs were due last year and half are almost two years overdue.  Moreover, upon request from Plaintiffs' counsel, Merck also granted twelve of these

---

[1]     PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

892967v.1

Plaintiffs additional extensions to provide their PPFs in addition to the two aforementioned extensions.[2]   Despite these multiple warning letters, Merck has received neither a single PPF, any PPF-related records nor any Authorizations for the release of records from any of these Plaintiffs.  Accordingly, Merck now moves, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the Plaintiffs listed above with prejudice because they have failed to comply with PTO 18C.

## ARGUMENT

This Court must dismiss each of Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), because Plaintiffs have failed to comply with the mandates of PTO 18C and because they have stonewalled discovery by failing to provide a PPF, Authorizations for release of records, and PPF-related documents.  The mandatory language of PTO 18C is clear:

> Plaintiffs in all cardiovascular event cases *shall* each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth in Attachment A.  Those plaintiffs *shall* also produce with their PPF all documents responsive to the document requests contained therein.

(PTO 18C ¶ 1.) (emphasis added).  Furthermore, Paragraph 2 of the Order provides that "complete and verified PPFs, signed … Authorizations, and all responsive documents *shall* be produced" by a specific date.  (PTO 18C ¶ 2.) (emphasis added).  Each of the above-referenced Plaintiffs has failed to serve a PPF, Authorizations and responsive PPF-related documents, failed

---

[2]    In response to requests from Plaintiffs' counsel, Merck provided Inge G Koerner, Gladys O Reeves, Claudia Eddy, Michael McCarthy, Mary Jo Evans, Judy Dozier, Grazia Biscardi, Dorothy Davies, Sharon Coulter and Vervl I Coulter, Pamela Bowers and Steven Bowers, Vernon C Amie, and Larry Crosland with additional individual extensions of forty-five days.

892967v.1

to respond to Merck's warning letters, and most significantly failed to provide any information

regarding their claims outside the allegations contained in their complaints.

In *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530

U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss

cases for plaintiff's failure to provide basic information about their claims.  The Court noted that

in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their

claims by way of pretrial order:

> The scheduling orders issued below essentially required that
> information which plaintiffs should have had before filing their
> claims pursuant to Fed. R. Civ. P. 11(b)(3).  Each plaintiff should
> have had at least some information regarding the nature of his
> injuries, the circumstances under which he could have been
> exposed to harmful substances, and the basis for believing that the
> named defendants were responsible for his injuries.

*Id.* at 340.  The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of

1,600 plaintiffs for their failure to provide this basic information.

> The affidavits supplied by the plaintiffs did not provide this
> information.  The District Court did not commit clear error or an
> abuse of discretion in refusing to allow discovery to proceed
> without better definition of plaintiffs' claims.

*Id.* at 340-41.  Furthermore, "Congress established MDL protocols to encourage efficiency" and

thus "MDL courts must be able to establish schedules with firm cutoff dates."  *In re Guidant*

*Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. 06-3810., 2007 WL 2189069 at *2 (8th

Cir. Aug. 1, 2007) (citation omitted).  Indeed, because of the volume of plaintiffs involved in

MDL litigations, MDL Courts are given broad "discretion to organize, coordinate and adjudicate

its proceedings, including the dismissal of cases for failure to comply with its orders."  *Id.*  In the

present case, Plaintiffs have failed to provide *any* information regarding their claims as required

by PTO 18C and therefore this Court should dismiss Plaintiffs' claims for failing to comply with

892967v.1

this Court's Order. *Acuna,* 200 F.3d at 340-41.

        Case management orders, like PTO 18C, are the "engine(s)" that drive disposition on the merits and district courts must have broad discretion to enforce these orders if they are ignored or flaunted, as Plaintiffs have done in this MDL. *See In re Phenylpropanolamine ("PPA") Prod. Liab. Litig.*, 460 F.3d 1217, 1229-37 (9th Cir. 2006) (holding that the District Court did not abuse its discretion in dismissing cases for failing to comply with case management orders). Merck has notified each of the Plaintiffs twice that it intended to seek dismissal if they failed to produce a PPF and Authorizations as required by PTO 18C. (*See* Exs. B-JJJ(A).) Likewise, this Court has not only warned of its intention to dismiss such cases, but has already dismissed a number of cases in this MDL proceeding for failing to comply with PTO 18C. (Ct. Order 7/27/07; Ct. Order 5/31/07; Ct. Order 4/12/07; Ct. Order 3/1/07; Ct. Order 12/4/06; Ct. Order 10/26/06; Ct. Order 3/27/06; Tr. 1/3/06 Status Conference at 25-26.) Despite all of Merck's and this Court's warnings, Plaintiffs have still not provided a PPF, Authorizations or any responsive PPF-related documents. This type of behavior simply cannot be tolerated in complex multi-party litigations like Vioxx. *See PPA Prod. Liab. Litig.,* 460 F.3d at 1237.

        Indeed, Plaintiffs cannot demonstrate that their failure to provide a PPF was due to inadvertence or an honest misunderstanding and, therefore, their cases should be dismissed with prejudice. Not only does PTO 18C require Plaintiffs to serve Merck a complete and verified PPF, Authorizations and all responsive documents by a specified date, but it also cautions Plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs and that "[n]o other extensions will be granted." (PTO 18C ¶ 2.) *Cf. In re Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) ("Defendants have a right to receive this information from claimants and claimants have a duty to provide the information

892967v.1

timely").  Merck not only provided each of the above-referenced Plaintiffs with a twenty-day

extension, but it also provided each of these Plaintiffs, as a professional courtesy, with an

additional ten-day extension.  (*See* Exs. B-JJJ(A).)   At least a month has now passed since

Merck's last warning letters and Plaintiffs have still not provided a PPF or any response to

Merck's warning letters.  Plaintiffs failure to "produce documents as ordered" is sufficient

justification for dismissal and "[l]ate tender is no excuse."  *PPA Prod. Liab. Litig.*, 460 F.3d at

1227 (citations omitted), *see also In re Guidant Prod. Liab. Litig.*, 2007 WL 2189069 at *3

(noting that dismissal is proper because plaintiffs' "did not act in good faith" when they blatantly

ignored the court's deadlines and procedures to provide fact sheets in a MDL litigation).  Finally,

as this courted noted in the Propulsid MDL litigation when plaintiffs have had "ample

opportunity" to respond to discovery, as the record in these cases demonstrates, dismissal with

prejudice is an appropriate and warranted sanction.  *In re Propulsid Prod. Liab. Litig.*, 2003 WL

22383576, at *1 (E.D. La. Oct. 16, 2003).

        In addition to the specified Plaintiffs' failure to comply with this Court's orders,

their claims should also be dismissed for the resulting harm that their silence causes Merck.  *See

In re Bextra and Celebrex Marketing, Sales Practices, and Prod. Liab. Litig.*,  No. 05CV01699

CBR, 2007 WL 987813, at *1 (N.D. Cal. March 30, 2007) (recognizing that dismissal with

prejudice is warranted when defendants are prejudice by plaintiffs who failed to comply with a

pretrial order regarding the timely completion of plaintiff fact sheets), *see also Hickman v. Fox

Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).  The PPF provides Merck with

basic and essential information necessary to defend these cases and without  a timely PPF Merck

lacks critical information about Plaintiffs' claims.

As time continues to pass without complete and responsive PPFs and signed Authorizations, Merck is prejudiced as memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die.  *See Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813,  at *1-2.  Furthermore, without a PPF and Authorizations, Merck cannot investigate Plaintiffs' claims or gather the necessary medical records it needs to defend itself. Indeed, at this point Merck is seriously at risk.  The statutory periods for many of these Plaintiffs' health care providers to retain these records are beginning to expire, and once they do, the medical records relating to these Plaintiffs are likely to be routinely destroyed by these providers.[3]  As such, it is very possible that Merck may be unable to collect medical records pertaining to many of these Plaintiffs, thereby severely prejudicing Merck.

Finally, by failing to provide a PPF and Authorizations, Plaintiffs are postponing the litigation and consequently encouraging other Plaintiffs to do the same.  The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); *see also Bextra and Celebrex Prod. Liab. Litig.*, 2007 WL 987813,  at *1 ("The Court's need to manage its docket is

---

[3]   For example, in Missouri healthcare providers are only required to preserve patients' medical records for seven years.  *See* V.A.M.S. 334.097; in West Virginia, healthcare providers are only required to preserve patients' medical records for 5 years.  *See* WV ADC § 64-12-7; in Illinois, certain healthcare providers are only required to preserve patients' medical records for 5 years and hospitals are only required to preserve records for 10 years. *See* 77 IL ADC 545, 77 IL ADC 300.1840; in Texas, certain healthcare providers are only required to preserve patients' medical records for 5 years, hospitals are only required to preserve records for 10 years, and films, scans and other image records are only required to be preserved for 5 years.  *See* 25 TX ADC § 133.41, § 134.41.

892967v.1

compromised by the plaintiffs' failure to comply with PTO 6 and the Special Master's compliance order. … Dismissal of these plaintiffs will serve to appropriately penalize these plaintiffs for their non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.")

In light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C, Merck respectfully urges the Court to enforce the Order as written and dismiss Plaintiffs' cases with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to dismiss the Plaintiffs' claims with prejudice.

DATED:  September 18, 2007                Respectfully submitted,


                                          */s/ Dorothy H. Wimberly*
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          Carmelite M. Bertaut, 3054
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          **Defendants' Liaison Counsel**

892967v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 18th day of September, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

892967v.1