IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE VIOXX MARKETING, | ) | MDL DOCKET NO. 1657 |
| SALES PRACTICES, AND | ) | ALL CASES |
| PRODUCTS LIABILITY | ) |  |
| LITIGATION | ) | 2:06-CV-00302 |
|  | ) |  |
|  | ) |  |
| In Re: Fields v. Merck & Co Inc, et al. | ) |  |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COME the Defendants, JOHN M. SULTAN, M.D. and RAVINIA ASSOCIATES IN

INTERNAL MEDICINE, LTD., by their attorneys, PRETZEL & STOUFFER, CHARTERED, and

pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Honorable Court to enter an order

dismissing these Defendants from the above-captioned lawsuit, with prejudice, as the Plaintiff has

failed to file the Healthcare Professional Report required by Illinois law.  In support thereof, these

Defendants state as follows:

1.      The Plaintiff initiated the above-captioned lawsuit by filing a Complaint at Law

in the Circuit Court for Cook County, Illinois, on September 30, 2005.  The allegations set forth in

the Plaintiff's Complaint allege a cause of action for medical malpractice.  A copy of the Plaintiff's

Complaint is attached to this Motion and designated as Exhibit "A."

2.      Federal courts apply the requirements set forth in 735 ILCS 5/2-622 of the Illinois

Code of Civil Procedure to medical malpractice lawsuits pending in federal court.  Sherrod v. Lingle,

223 F.3d 605, 613 (7th Cir. 2000).  In Sherrod, the Seventh Circuit stated that "Illinois law requires

the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice

complaint in order to prevent frivolous lawsuits." 233 F.3d at 613.

3.      Attached to the Plaintiff's Complaint is an Affidavit of Counsel which indicated that the plaintiff was unable to obtain a consultation as required under Illinois law due to the pending expiration of the Statute of Limitations. A copy of that Affidavit is attached to this Motion and designated as Exhibit "B."

4.      Pursuant to 735 ILCS 5/2-622(a)(2), the Affidavit of Counsel provides the plaintiff with an extension of 90-days for the filing of the Healthcare Professional Report. That extension expired December 29, 2005.

5.      Further, no additional 90-day extensions pursuant to 735 ILCS 5/2-622(a)(2) shall be granted, except where there has been a withdrawal of the plaintiff's counsel. There has not been a withdrawal of plaintiff's counsel in the instant matter.

6.      735 ILCS 5/2–622(g) specifies that a failure to file the certificate required "shall be grounds for dismissal under Section 2-619." Accordingly, the trial court has the discretion under Illinois law to dismiss with prejudice any medical malpractice action filed when a plaintiff fails to timely file the Healthcare Professional Report and Attorney Certificate required by Illinois Law. Premo v. Falcone, 197 Ill. App. 3d 625, 554 N.E. 2d 1071 (2nd Dist. 1990).

7.      In Hobbs v. Lorenz, 337 Ill. App. 3d 566, 786 N.E.2d 260 (2nd Dist. 2003), plaintiff's counsel filed the complaint in compliance with Section 2-622(a)(2). Hobbs did "little or nothing toward supplying the report" during the 90-day extension, and, as a result, the court dismissed the suit. Hobbs, 337 Ill. App. 3d at 570. If a plaintiff does not comply with Section 2-622, the trial court may in its discretion dismiss the complaint with prejudice. Id. at 569.

8.      Likewise, Plaintiff has failed to comply with 735 ILCS 5/2-622 of the Illinois Code

of Civil Procedure because she has not filed a report of a health professional who determined that

there is a reasonable and meritorious cause for filing of this action.  Accordingly, the Court should

dismiss the Plaintiff's Complaint at Law with prejudice pursuant to 735 ILCS 5/2-622 and Federal

Rule of Civil Procedure 12(b)(6).

      WHEREFORE, Defendants, JOHN M. SULTAN, M.D. and RAVINIA ASSOCIATES IN

INTERNAL MEDICINE, LTD., request this Court to enter an order dismissing the Plaintiff's claims

against these Defendants, and any other relief this Court deems appropriate.

/s/Edward B. Ruff, III, Esq.
IL Bar No.  ARDC # 618332
Michael P. Turiello
IL Bar No.  ARDC # 6238272
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-7507 - Phone
(312) 346-8242 - Fax
ERuff@pretzel-stouffer.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Memorandum of Law in Support of Motion to Dismiss was filed electronically this 21st day of September, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic system.

Antonio Maurizio Romanucci
Romanucci & Blandin
33 North LaSalle St.
Ste. 2200
Chicago, IL 60602

Brian Alan Sher
Bryan Cave - Chicago
161 N. Clark Street
Suite 4300
Chicago, IL 60601

Stephen G. Strauss
Bryan Cave, LLP - St. Louis
211 N. Broadway
Suite 3600
St. Louis, MO 63102

/s/Edward B. Ruff, III, Esq.
IL Bar No.  ARDC # 618332
Michael P. Turiello
IL Bar No.  ARDC # 6238272
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-7507 - Phone
(312) 346-8242 - Fax
ERuff@pretzel-stouffer.com
*Attorneys for Defendant*

4

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MILTON FIELDS, as Special Administrator )
of the Estate of SOPHY FIELDS, Deceased, )
                        )
      Plaintiff, )
                        )
  v. )  No.
                        )  Plaintiff Demands a Trial by Jury
                        )
MERCK CO., INC., JOHN M. SULTAN, M.D., )
RAVINIA ASSOCIATES IN INTERNAL )
MEDICINE, LTD., )
                        )
      Defendants. )

2005L010783
CALENDAR/ROOM B
TIME 00:00
Product Liability

### COMPLAINT AT LAW

NOW COMES the Plaintiff, MILTON FIELDS, as Special Administrator of the Estate

of SOPHY FIELDS, Deceased, by and through his attorneys, ROMANUCCI & BLANDIN,

L.L.C., and complaining of Defendants MERCK CO., INC., JOHN M. SULTAN, M.D.,

RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., pleading hypothetically and

in the alternative, states as follows:

### COUNT I - WRONGFUL DEATH/SURVIVAL/FAMILY EXPENSE ACT
### JOHN SULTAN, M.D.

    1.      On September 30, 2003, MILTON FIELDS was the lawful husband of SOPHY

FIELDS.

    2.      On September 30, 2005, MILTON FIELDS, was appointed Special

Administrator of the Estate of SOPHY FIELDS, deceased, by the Circuit Court of Cook

County, Law Division.

1



DEFENDANT'S EXHIBIT A

3.      That at all times relevant herein, JOHN SULTAN, M.D., was a physician duly licensed in the practice of her profession in the County of Cook, State of Illinois.

4.      That SOPHY FIELDS was under the continuous care and treatment of the Defendant, JOHN SULTAN, M.D., from October 21, 1999, to September 30, 2003, and prior thereto.

5.      That it then and there became the duty of defendant JOHN SULTAN, M.D., to render medical services consistent with the medical needs of SOPHY FIELDS.

6.      That there was a duty on the part of the Defendant, JOHN SULTAN, M.D., to treat SOPHY FIELDS in accordance with accepted standards of prevailing medical practices and opinion.

7.      On October 21, 1999, and prior thereto and thereafter, Plaintiff SOPHY FIELDS was prescribed VIOXX by defendant JOHN SULTAN, M.D.

8.      On September 30, 2003, and prior thereto, Plaintiff SOPHY FIELDS was under the care of Defendant JOHN SULTAN, M.D., her primary care physician.

9.      That the Defendant, JOHN SULTAN, M.D., knew and/or should have known that VIOXX was contraindicated for Plaintiff SOPHY FIELDS and created a risk of the occurrence of serious cardiovascular events.

10.     After assuming the care of SOPHY FIELDS, the Defendant, JOHN SULTAN, M.D., committed one or more of the following acts and/or omissions:

      a.      Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for SOPHY FIELDS;

2

b.     Improperly prescribed VIOXX to Plaintiff knowing that she was at risk for future cardiac problems;

c.     Improperly prescribed VIOXX to Plaintiff knowing that she was at risk cardiac problems as a result of said prescription;

d.     Failed to warn the plaintiff that VIOXX was known to cause death and serious cardiac problems;

e.     Failed to warn the plaintiff of the risks associated with the use of VIOXX; and

f.     Negligently prescribed VIOXX when from 2001 to present, physicians knew and had been given ample warning that VIOXX was a risk factor that caused death and cardiovascular problems;

10.     That as a result of one or more of the foregoing negligent acts and/or omissions, SOPHY FIELDS suffered injuries of a personal and pecuniary nature that caused her death on September 30, 2003.

11.     That SOPHY FIELDS' injuries and subsequent death were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, JOHN SULTAN, M.D.

12.     As a proximate result of defendant's negligence and of SOPHY FIELDS' death, her next of kin have suffered injuries and damages, including but not limited to, loss of support and loss of society, for which the MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, demands compensation pursuant to the Illinois Wrongful Death Act.

13.     At the time of her death, SOPHY FIELDS left surviving as her next of kin: MILTON FIELDS, decedent's surviving husband, and Gary S. Fields, Shelly M. Fields,

3

Laurie Fields, and Howard Fields, decedent's four surviving children.

14.    As a proximate result of defendant's negligence, SOPHY FIELDS sustained injuries and damages on September 30, 2003, and before, continuing until her death, including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services, for which her Estate demands compensation pursuant to the Illinois Survival Act.

15.    As a proximate result of defendants' negligence, and of the treatment necessitated for the injuries sustained by SOPHY FIELDS, MILTON FIELDS has become obligated to pay various medical, hospital, funeral, and burial expenses, for which she claims damages pursuant to the Illinois Family Expense Act.

WHEREFORE, plaintiff MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, Deceased, PRAYS judgment against defendant, JOHN M. SULTAN, M.D., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

## COUNT II - WRONGFUL DEATH/SURVIVAL/FAMILY EXPENSE ACT
## RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD.

1.    On September 30, 2003, MILTON FIELDS was the lawful husband of SOPHY FIELDS.

2.    On September 30, 2005, MILTON FIELDS was appointed Special Administrator of the Estate of SOPHY FIELDS, deceased, by the Circuit Court of Cook County, Law Division.

3.    On or about September 30, 2003, prior thereto and thereafter, defendant

4

RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., was a medical service corporation, licensed and doing business in the State of Illinois and employed medical personnel and held itself out to the general public as a medical service corporation, properly skilled in the care and treatment of persons in the condition of the plaintiff SOPHY FIELDS, with offices in the County of Cook and State of Illinois.

4.      Plaintiff's decedent SOPHY FIELDS presented to/contacted defendant RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., on or about October 21, 1999, and prior thereto and thereafter, for medical treatment.

5.      Plaintiff's decedent SOPHY FIELDS was continuously treated by defendants JOHN M. SULTAN, M.D., and RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., from October 21, 1999- September 30,  2003, and prior thereto.

6.      On or about October 21, 1999- September 30, 2003, and prior thereto, medical doctors, nurses, and other health care workers were employees, servants and/or agents of defendant RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., and were under the direction, supervision and/or control of RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD.

7.      It then and there became the duty of RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., through its agents, employees, and servants, to act like a reasonably well qualified health care personnel of the same or similar training would act in the same or similar circumstances.

8.      On October 21, 1999, and prior thereto, plaintiff SOPHY FIELDS was

5

prescribed VIOXX by defendant JOHN M. SULTAN, M.D., and RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD.

9.      That the Defendant, JOHN M. SULTAN, M.D., and RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., knew and/or should have known that VIOXX was contraindicated for plaintiff SOPHY FIELDS and created a risk of the occurrence of serious cardiovascular events.

10.     Defendant   JOHN M. SULTAN, M.D., was an agent and/or employee of defendant RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., at all relevant times herein.

11.     Defendant JOHN M. SULTAN, M.D.'s care of the plaintiff was within the scope of her duties as an employee and agent of defendant RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., at all relevant times herein.

12.     Defendant RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., held defendant JOHN M. SULTAN, M.D.'s, out to the community and to the Plaintiff as an actual and/or apparent agent.

13.     After assuming the care of SOPHY FIELDS, the Defendant, RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., committed one or more of the following acts and/or omissions:

a.      Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for SOPHY FIELDS;

b.      Improperly prescribed VIOXX to Plaintiff knowing that she was at risk for future cardiac problems;

6

c.    Improperly prescribed VIOXX to Plaintiff knowing that she was at risk cardiac problems as a result of said prescription;

d.    Failed to warn the plaintiff that VIOXX was known to cause death and serious cardiac problems;

e.    Failed to warn the plaintiff of the risks associated with the use of VIOXX; and

f.    Negligently prescribed VIOXX when from 2001 to present, physicians knew and had been given ample warning that VIOXX was a risk factor that caused death and cardiovascular problems;

14.    That as a result of one or more of the foregoing negligent acts and/or omissions, SOPHY FIELDS suffered injuries of a personal and pecuniary nature that caused her death on September 30, 2003.

15.    That SOPHY FIELDS' injuries and subsequent death were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD.

16.    As a proximate result of defendants' negligence and of SOPHY FIELDS' death, her next of kin have suffered injuries and damages, including but not limited to, loss of support and loss of society, for which MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, Deceased, demands compensation pursuant to the Illinois Wrongful Death Act.

17.    At the time of her death, SOPHY FIELDS left surviving as her next of kin: MILTON FIELDS, decedent's surviving husband, and Gary S. Fields, Shelly M. Fields, Laurie Fields, and Howard Fields, decedent's four surviving children.

7

18.     As a proximate result of defendant's negligence, SOPHY FIELDS sustained injuries and damages on September 30, 2003, and before, continuing until her death, including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services, for which her Estate demands compensation pursuant to the Illinois Survival Act.

19.     As a proximate result of defendants' negligence, and of the treatment necessitated for the injuries sustained by SOPHY FIELDS, MILTON FIELDS has become obligated to pay various medical, hospital, funeral, and burial expenses, for which she claims damages pursuant to the Illinois Family Expense Act.

WHEREFORE, plaintiff MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, Deceased, PRAYS judgment against defendant RAVINIA ASSOCIATES IN INTERNAL MEDICINE, LTD., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

## COUNT III - WRONGFUL DEATH/SURVIVAL/FAMILY EXPENSE ACT
## MERCK CO., INC.

1.     On September 30, 2003, MILTON FIELDS was the lawful husband of SOPHY FIELDS.

2.     On September 30, 2005, MILTON FIELDS was appointed Special Administrator of the Estate of SOPHY FIELDS, deceased, by the Circuit Court of Cook County, Law Division.

3.     On and before September 30, 2003, and at all times material, SOPHY FIELDS, was a resident of the State of Illinois.

8

4.      On and before September 30, 2003, and at all times material, MERCK was incorporated in the State of New Jersey with its principal place of business in State of New Jersey.

5.      On and before September 30, 2003, and at all times material, MERCK was transacting business in Cook County, in Illinois.

6.      On and or before September 30, 2003, and at all times material, MERCK researched a pharmaceutical known as VIOXX.

7.      On and or before September 30, 2003, and at all times material, MERCK developed a pharmaceutical known as VIOXX.

8.      On and before September 30, 2003, and at all times material, MERCK formulated a pharmaceutical known as VIOXX.

9.      On and before September 30, 2003, and at all times material, MERCK manufactured a pharmaceutical known as VIOXX.

10.     On and before September 30, 2003, and at all times material, MERCK produced a pharmaceutical known as VIOXX.

11.     On and before September 30, 2003, and at all times material, MERCK marketed a pharmaceutical drug known as VIOXX.

12.     On and before September 30, 2003, and at all times material, MERCK sold a pharmaceutical known as VIOXX.

13.     On and about September 30, 2003, SOPHY FIELDS was prescribed VIOXX.

14.     SOPHY FIELDS was administered VIOXX from October 19, 1999, or

prior thereto, until her date of death, September 30, 2003.

15.     On or about September 30, 2003, SOPHY FIELDS suffered acute coronary insufficiency as a consequence of hypertensive cardiovascular disease, due to, or as a consequence of, VIOXX.

16.     On September 30, 2003, SOPHY FIELDS died as a result of the aforementioned acute coronary insufficiency as a consequence of hypertensive cardiovascular disease due to VIOXX.

17.     On or before September 30, 2003, and at all times material, MERCK was negligent in one or more of the following respects:

a.     Formulating VIOXX in a manner which increased the risk of cardiovascular problems at a higher rate than those individuals taking other similar drugs; or

b.     Failing to properly address and/or investigate the issue of cardiovascular risks through controlled clinical trials;

c.     Failing to properly warn doctors of the increased cardiovascular risks of VIOXX; or

d.     Failing to properly warn the public of the increased cardiovascular risks resulting from VIOXX; or

e.     Failing to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescriptions medications; or

f.     Failing to properly warn the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

g.     Misrepresenting the safety of VIOXX to the public at large and minimizing the significant cardiovascular risks presented by the drug; or

10

h.      Was otherwise negligent.

18.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant MERCK, Plaintiff SOPHY FIELDS sustained injuries and damages on September 30, 2003, continuing until her death, including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services, for which her Estate demands compensation pursuant to the Illinois Survival Act.

19.     As a proximate result of defendants' negligence and of SOPHY FIELDS' death, her next of kin have suffered injuries and damages, including but not limited to, loss of support and loss of society, for which MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, demands compensation pursuant to the Illinois Wrongful Death Act.

20.     At the time of her death, SOPHY FIELDS left surviving as her next of kin: MILTON FIELDS, decedent's surviving husband, and Gary S. Fields, Shelly M. Fields, Laurie Fields, and Howard Fields, decedent's four surviving children.

21.     As a proximate result of defendants' negligence, and of the treatment necessitated for the injuries sustained by SOPHY FIELDS, MILTON FIELDS has become obligated to pay various medical, hospital, funeral, and burial expenses, for which she claims damages pursuant to the Illinois Family Expense Act. injuries of a personal and pecuniary nature that caused her death on September 30, 2003.

22.     On or about September 20, 2004, Defendant MERCK withdrew VIOXX from the market.

11

23.     Plaintiff, SOPHY FIELDS, did not know, and could not have known, of the potential relationship between VIOXX and her cardiovascular injuries before September 20, 2004.

WHEREFORE Plaintiff MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, prays for judgment against Defendant MERCK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), which shall represent fair and just compensation.

### COUNT IV - PRODUCTS LIABILITY
### MERCK CO., INC.

1.     On and before September 30, 2003, and at all times material, SOPHY FIELDS, was a resident of the State of Illinois.

2.     On and before September 30, 2003, and at all times material, MERCK was incorporated in the State of New Jersey with its principal place of business in the

3.     On and or before September 30, 2003, and at all times material, MERCK was transacting business in Cook County, in Illinois.

4.     On and or before September 30, 2003, and at all times material, MERCK researched a pharmaceutical known as VIOXX.

5.     On and or before September 30, 2003, and at all times material, MERCK developed a pharmaceutical known as VIOXX.

6.     On and or before September 30, 2003, and at all times material, MERCK formulated a pharmaceutical known as VIOXX.

7.     On and or before September 30, 2003, and at all times material, MERCK

12

manufactured a pharmaceutical known as VIOXX.

8.      On and or before September 30, 2003, and at all times material, MERCK produced a pharmaceutical known as VIOXX.

9.      On and or before September 30, 2003, and at all times material, MERCK marketed a pharmaceutical drug known as VIOXX.

10.     On and or before September 30, 2003, and at all times material, MERCK sold a pharmaceutical known as VIOXX.

11.     On and about October 21, 1999-September 30, 2003, and prior thereto, SOPHY FIELDS, was prescribed VIOXX.

12.     SOPHY FIELDS was administered VIOXX from October 21, 1999, or prior thereto, until her date of death, September 30, 2003.

13.     SOPHY FIELDS consumed VIOXX in the manner in which it was intended to be used.

14.     SOPHY FIELDS consumed VIOXX in the same condition as when it left the control of MERCK.

15.     On or about September 30, 2003, SOPHY FIELDS suffered acute coronary insufficiency as a consequence of hypertensive cardiovascular disease, due to, or as a consequence of, VIOXX

16.     On September 30, 2003, SOPHY FIELDS died as a result of the aforementioned acute coronary insufficiency as a consequence of hypertensive cardiovascular disease, as a result of VIOXX

17.    On or before September 30, 2003, and at all times material, VIOXX was
unreasonably dangerous in one or more of the following respects:

a.    Its consumers at a greater risk for cardiovascular problems, as compared
to individuals taking other similar drugs; or

b.    Its cardiovascular risks were not properly investigated through controlled
clinical trials; or

c.    It was not labeled with a warning sufficient to alert doctors of the
increased cardiovascular risks of VIOXX; or

d.    It was not labeled with a warning sufficient to alert the public of the
increased cardiovascular risks resulting from VIOXX; or

e.    It was not labeled with a warning sufficient to alert doctors of known
potentially dangerous interactions that VIOXX would have with other
prescription medications; or

f.    It was not labeled with a warning sufficient to alert the general public of
the known potentially dangerous interactions that VIOXX would have
with other prescription medications; or

g.    It was labeled and marketed in a way that misrepresented it as safe to the
public at large and minimized the cardiovascular risks it posed to
consumers; or

h.    Was otherwise negligent.

18.    As a proximate result of defendants' negligence and of SOPHY FIELDS'
death, her next of kin have suffered injuries and damages, including but not limited to,
loss of support and loss of society, for which the MILTON FIELDS, as Special
Administrator of the Estate of SOPHY FIELDS, demands compensation pursuant to the
Illinois Wrongful Death Act.

19.    At the time of her death, SOPHY FIELDS left surviving as her next of kin:

14

MILTON FIELDS, decedent's surviving husband, and Gary S. Fields, Shelly M. Fields, Laurie Fields, and Howard Fields, decedent's four surviving children.

20.     As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff SOPHY FIELDS sustained injuries and damages on September 30, 2003, continuing until her death, including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services, for which her Estate demands compensation pursuant to the Illinois Survival Act.

21.     As a proximate result of defendants' negligence, and of the treatment necessitated for the injuries sustained by SOPHY FIELDS, MILTON FIELDS has become obligated to pay various medical, hospital, funeral, and burial expenses, for which she claims damages pursuant to the Illinois Family Expense Act. injuries of a personal and pecuniary nature that caused her death on September 30, 2003.

22.     On or about September 20, 2004, Defendant MERCK withdrew VIOXX from the market.

23.     Plaintiff SOPHY FIELDS did not know, and could not have known, of the potential relationship between VIOXX and her cardiovascular injuries before September 20, 2004.

15

WHEREFORE Plaintiff MILTON FIELDS, as Special Administrator of the Estate of SOPHY FIELDS, Deceased, prays for judgment against Defendant MERCK CO., INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), which shall represent fair and just compensation.

Respectfully Submitted,

One of Plaintiffs' Attorneys

Antonio M. Romanucci, Esq.
Stephanie K. Nathanson, Esq.
ROMANUCCI & BLANDIN, L.L.C.
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
(312) 458-1000

P.02

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MILTON FIELDS, as Special Administrator
of the Estate of SOPHY FIELDS, Deceased,

    Plaintiff,

     v.

MERCK CO., INC., JOHN M. SULTAN, M.D.,
RAVINIA ASSOCIATES IN INTERNAL
MEDICINE, LTD.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2005L010783
CALENDAR/ROOM B
TIME 00:00
Product Liability

No.
Plaintiff Demands a Trial by Jury

## AFFIDAVIT

I, STEPHANIE K. NATHANSON, as attorney for the Plaintiff and pursuant to Section 2-622 of the Illinois Code of Civil Procedure, state as follows:

That I was unable to obtain a consultation with a licensed health care professional required by Paragraph 1 of Section 2-622 of the Illinois Code of Civil Procedure because the statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations.

FURTHER AFFIANT SAYETH NAUGHT

SUBSCRIBED AND SWORN
to before me this 30th day of September, 2005.

_____
NOTARY PUBLIC

STEPHANIE K. NATHANSON

**OFFICIAL SEAL**
**NORMA GARBUTT**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/23/09

ROMANUCCI & BLANDIN
33 North La Salle Street
Suite 2000
Chicago, Illinois 60602
312/458-1000
Atty. No.: 35875



DEFENDANT'S EXHIBIT