IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 ALL CASES  2:06-CV-11291 |
| In Re: Reimer v. Lichteberg et al. | |

### MEMORANUDM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Defendant LEE LICHTENBERG, M.D., by his attorneys, PRETZEL & STOUFFER, CHARTERED, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to enter an order dismissing this Defendant from the above-captioned lawsuit, with prejudice, as the Plaintiff has failed to file the Healthcare Professional Report required by Illinois law. In support thereof, this Defendant states as follows:

1. The Plaintiff initiated the above-captioned lawsuit by filing a Complaint at Law in the Circuit Court for Kane County, Illinois, on September 25, 2006. The allegations set forth in the Plaintiff's Complaint allege a cause of action for medical malpractice. A copy of the Plaintiff's Complaint is attached to this Motion and designated as Exhibit "A."

2. Federal courts apply the requirements set forth in 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure to medical malpractice lawsuits pending in federal court. Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000). In Sherrod, the Seventh Circuit stated that "Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint in order to prevent frivolous lawsuits." 233 F.3d 605 at 613.

3.      Attached to the Plaintiff's Complaint is an Affidavit of Counsel which indicated that the plaintiff was unable to obtain a consultation as required under Illinois law due to the pending expiration of the Statute of Limitations. A copy of that Affidavit is attached to this Motion and designated as Exhibit "B."

4.      Pursuant to 735 ILCS 5/2-622(a)(2), the Affidavit of Counsel provides the plaintiff with an extension of 90-days for the filing of the Healthcare Professional Report. That extension expired December 24, 2006.

5.      Further, no additional 90-day extensions pursuant to 735 ILCS 5/2-622(a)(2) shall be granted, except where there has been a withdrawal of the plaintiff's counsel. There has not been a withdrawal of plaintiff's counsel in the instant matter.

6.      735 ILCS 5/2–622(g) specifies that a failure to file the certificate required "shall be grounds for dismissal under Section 2-619." Accordingly, the trial court has the discretion under Illinois law to dismiss with prejudice any medical malpractice action filed when a plaintiff fails to timely file the Healthcare Professional Report and Attorney Certificate required by Illinois Law. Premo v. Falcone, 197 Ill. App. 3d 625, 554 N.E. 2d 1071 (2nd Dist. 1990).

7.      In Hobbs v. Lorenz, 337 Ill. App. 3d 566, 786 N.E.2d 260 (2nd Dist. 2003), plaintiff's counsel filed the complaint in compliance with 735 ILCS 2-622(a)(2). Hobbs did "little or nothing toward supplying the report" during the 90-day extension, and, as a result, the court dismissed the suit. Hobbs, 337 Ill. App. 3d at 570. If a plaintiff does not comply with Section 2-622, the trial court may in its discretion dismiss the complaint with prejudice. Id. at 569.

8.      Likewise, Plaintiff has failed to comply with 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure because she has not filed a report of a health professional who determined that there is a reasonable and meritorious cause for filing of this action. Accordingly, the Court should

dismiss the Plaintiff's Complaint at Law with prejudice pursuant to 735 ILCS 5/2-622 and Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant, LEE LICHTENBERG, M.D., requests this Court to enter an order dismissing the Plaintiff's claims against this Defendant, and any other relief this Court deems appropriate.

/s/Edward B. Ruff, III, Esq.
IL Bar No.  ARDC # 618332
Michael P. Turiello
IL Bar No.  ARDC # 6238272
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-7507 - Phone
(312) 346-8242 - Fax
ERuff@pretzel-stouffer.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Memorandum of Law in Support of Motion to Dismiss was filed electronically this 21st day of September, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

| | |
|---|---|
| Antonio Maurizio Romanucci<br>Romanucci & Blandin<br>33 North LaSalle St.<br>Ste. 2200<br>Chicago, IL 60602 | Brian Alan Sher<br>Bryan Cave - Chicago<br>161 N Clark Street<br>Suite 4300<br>Chicago, IL 60601-3315 |

Stephen G. Strauss
Bryan Cave, LLP - St. Louis
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

          /s/Edward B. Ruff, III, Esq.
          IL Bar No.  ARDC # 618332
          Michael P. Turiello
          IL Bar No.  ARDC # 6238272
          PRETZEL & STOUFFER, CHARTERED
          One South Wacker Drive, Suite 2500
          Chicago, Illinois  60606
          (312) 346-7507 - Phone
          (312) 346-8242 - Fax
          ERuff@pretzel-stouffer.com
          *Attorneys for Defendant*

DONALD J. FABIAN

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| MARILYN S. REIMER, | ) |
| Plaintiff, | ) |
| v. | ) No. '06 L 480 |
| LEE LICHTENBERG, M.D., and MERCK & CO., INC., a foreign corporation, | ) PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants. | ) |

**NOTICE**
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE BEFORE THE ABOVE NAMED JUDGE ON 12-14-06 ___ A.M., P.M. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

## COMPLAINT AT LAW

NOW COME Plaintiff MARILYN S. REIMER, by and through her attorneys, ROMANUCCI & BLANDIN, L.L.C., and complaining of Defendants, LEE LICHTENBERG, M.D., and MERCK CO. INC., pleading hypothetically and in the alternative, states as follows:

### COUNT I
### LEE LICHTENBERG, M.D.
### NEGLIGENCE

1. At all times relevant herein, LEE LICHTENBERG, M.D., was a physician duly licensed in the practice of his profession in the County of Kane, State of Illinois.

2. At all times relevant herein, MARILYN S. REIMER was living in the City of Elgin, in the County of Kane, State of Illinois.

3. That Plaintiff, MARILYN S. REIMER, was under the continuous care and treatment of the Defendant, LEE LICHTENBERG, M.D., from December 20, 2002 to May 15, 2004, and subsequent thereto.

4. That it then and there became the duty of Defendant LEE LICHTENBERG, M.D., to render medical services consistent with the medical needs of Plaintiff, MARILYN S. REIMER.

1


DEFENDANT'S EXHIBIT A

5. That there was a duty on the part of the Defendant, LEE LICHTENBERG, M.D., to treat Plaintiff, MARILYN S. REIMER, in accordance with accepted standards of prevailing medical practices and opinions.

6. On or about December 20, 2002, Plaintiff, MARILYN S. REIMER, was prescribed VIOXX by defendant LEE LICHTENBERG, M.D.

7. On or about December 20, 2002, and prior thereto, and continuing up to and including May 15, 2004, and subsequent thereto, Plaintiff, MARILYN S. REIMER, was under the care of Defendant LEE LICHTENBERG, M.D.

8. On or about December 20, 2002, and prior thereto, and continuing up to and including May 15, 2004, and subsequent thereto, Plaintiff, MARILYN S. REIMER, was continuously prescribed VIOXX by Defendant, LEE LICHTENBERG, M.D., and consumed VIOXX pursuant to his instructions.

9. That the Defendant, LEE LICHTENBERG, M.D., knew and/or should have known that VIOXX was contraindicated for Plaintiff, MARILYN S. REIMER, and created a risk of the occurrence of serious cerebrovascular events.

10 After assuming the care of Plaintiff, MARILYN S. REIMER, the Defendant, LEE LICHTENBERG, M.D., committed one or more of the following acts and/or omissions:

   a. Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for MARILYN S. REIMER;

   b. Improperly prescribed VIOXX to Plaintiff knowing that she was at risk for future cardiac problems;

   c. Improperly prescribed VIOXX to Plaintiff knowing that she had a history of cardiac problems;

   d. Failed to warn Plaintiff that VIOXX should not be used in patients with a history of cardiac problems;

e. Failed to warn Plaintiff of the risks associated with the use of VIOXX in individuals with a history of cardiac problems;

f. Improperly prescribed VIOXX by phone without regard for Plaintiff's medical history.

11. On or about May 15, 2004, Plaintiff, MARILYN S. REIMER, suffered a right cerebrovascular accident due to, or as a consequence of, VIOXX.

12. That Plaintiff, MARILYN S. REIMER's, injuries were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, LEE LICHTENBERG, M.D.

13. That as a direct and proximate result of one of the foregoing acts and/or omissions, Plaintiff, MARILYN S. REIMER sustained injuries and damages including pain, suffering, disability, disfigurement, loss of normal life, and obligations to pay for hospital, physician and medical services, all of which are permanent in nature.

14. On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

15. Plaintiff, MARILYN S. REIMER, did not know, and could not have known, of the potential relationship between VIOXX and her cerebrovascular injuries before September 30, 2004.

WHEREFORE, Plaintiff, MARILYN S. REIMER, prays judgment against defendant LEE LICHTENBERG, M.D., in an amount in excess of the minimal jurisdictional requirements for the Law Division of the Circuit Court of Kane County, plus costs.

**COUNT II**
**MERCK & CO., INC.**
**NEGLIGENCE**

1. At all times relevant herein, Plaintiff, MARILYN S. REIMER, was a resident of the City of Elgin, in the County of Kane, State of Illinois.

2. At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in State of New Jersey.

3. At all times relevant herein, MERCK was transacting business in the County of Kane, in the State of Illinois.

4. At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

5. At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

6. At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

7. At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

8. At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

9. At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

10. At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

11. On and about December 20, 2002, Plaintiff, MARILYN S. REIMER, was prescribed VIOXX.

12. Plaintiff, MARILYN S. REIMER, was prescribed and consumed VIOXX from on or about December 20, 2002, or prior thereto, until May 15, 2004, and subsequent thereto.

13. On or about May 15, 2004, MARILYN S. REIMER suffered a right cerebrovascular accident due to, or as a consequence of, VIOXX.

14. At all times material, MERCK was committed one or more of the following acts and/or omissions:

   a. Formulated VIOXX in a manner which increased the risk of cardiovascular problems at a higher rate than those individuals taking other similar drugs; or

   b. Failed to properly address and/or investigate the issue of cardiovascular risks through controlled clinical trials;

   c. Failed to properly warn doctors of the increased cardiovascular risks of VIOXX; or

   d. Failed to properly warn the public of the increased cardiovascular risks resulting from VIOXX; or

   e. Failed to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescriptions medications; or

   f. Failed to properly warn the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

   g. Misrepresented the safety of VIOXX to the public at large and minimized the significant cardiovascular risks presented by the drug; or

15. As a direct and proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant, MERCK, Plaintiff MARILYN S. REIMER sustained injuries and damages including pain, suffering, disability, disfigurement, loss of normal life, and obligations to pay for hospital, physician and medical services, all of which are permanent in nature.

16. On or about September 30, 2004, Defendant, MERCK, withdrew VIOXX from the market.

10/18/2006 12:52 FAX 6303223472   L. LICHTENBERG, MD   ☒08

17. Plaintiff, MARILYN S. REIMER, did not know, and could not have known, of the potential relationship between VIOXX and her cerebrovascular injuries before September 30, 2004.

WHEREFORE Plaintiff, MARILYN S. REIMER, prays for judgment against Defendant, MERCK & CO., INC., in an amount in excess of the minimal jurisdictional requirements for the Law Division of the Circuit Court of Kane County, plus costs.

**COUNT III**
**MERCK & CO., INC.**
**PRODUCTS LIABILITY**

1-12. Plaintiff incorporates paragraphs 1-12 of Count II as paragraphs 1-12 of Count III as though full set forth herein.

13. At all times stated herein, Plaintiff, MARILYN S. REIMER, consumed VIOXX in the manner in which it was intended to be used.

14. At all times stated herein, Plaintiff, MARILYN S. REIMER, consumed VIOXX in the same condition as when it left the control of MERCK.

15. On or about May 15, 2004, Plaintiff, MARILYN S. REIMER, suffered a cerebrovascular accident due to, or as a consequence of, VIOXX.

16. On or before May 15, 2004, and at all times material, VIOXX was unreasonably dangerous in one or more of the following respects:

   a. Its consumers were at a greater risk for cardiovascular problems, as compared to individuals taking other similar drugs;

   b. Its cardiovascular risks were not properly investigated through controlled clinical trials;

   c. It was not labeled with a warning sufficient to alert doctors of the increased cardiovascular risks of VIOXX;

10/18/2006 12:52 FAX 6303223472    L. LICHTENBERG, MD    ☒009

  d.   It was not labeled with a warning sufficient to alert the public of the increased cardiovascular risks resulting from VIOXX;

  e.   It was not labeled with a warning sufficient to alert doctors of known potentially dangerous interactions that VIOXX would have with other prescription medications;

  f.   It was not labeled with a warning sufficient to alert the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications;

  g.   It was labeled and marketed in a way that misrepresented it as safe to the public at large and minimized the cardiovascular risks it posed to consumers;

17.   As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff, MARILYN S. REIMER, sustained injuries of a personal and pecuniary nature.

18.   As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff, MARILYN S. REIMER, sustained injuries and damages including pain, suffering, disability, disfigurement, loss of normal life, and obligations to pay for hospital, physician, and medical services, all of which are permanent in nature.

19.   On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

20.   Plaintiff, MARILYN S. REIMER, did not know, and could not have known, of the potential relationship between VIOXX and here cerebrovascular injuries before September 30, 2004.

WHEREFORE, Plaintiff, MARILYN S. REIMER, PRAYS judgment against defendant MERCK & CO., INC., in an amount in excess of the minimal jurisdictional requirements for the Law Division of the Circuit Court of Kane County, plus costs.

10/18/2006 12:52 FAX 6302225472 L. LICHTENBERG, MD ☒010

Respectfully Submitted,

*/s/ Romanucci*

One of Plaintiffs' Attorneys

Antonio M. Romanucci, Esq.
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312-458-1000
312-458-1004 Fax
Attorney No.: 35875

8

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| MARILYN S. REIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 L 480 |
| v. ) | |
| ) | |
| LEE LICHTENBERG, M.D., and MERCK & ) | |
| CO., INC., a foreign corporation. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### AFFIDAVIT

I, ANTONIO M. ROMANUCCI, as attorney for the Plaintiff and pursuant to Section 2-622 of the Illinois Code of Civil Procedure, state as follows:

1. That I was unable to obtain a consultation with a licensed health care professional required by Paragraph 1 of Section 2-622 of the Illinois Code of Civil Procedure because the statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations.

FURTHER AFFIANT SAYETH NAUGHT

_____
Antonio M. Romanucci

SUBSCRIBED AND SWORN
to before me this ___ day of _____, 2006

_____
NOTARY PUBLIC

Antonio M. Romanucci
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312/458-1000
Firm ID# 35875


DEFENDANT'S EXHIBIT B