IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657<br>ALL CASES<br><br>2:06-CV–09734 |
| In Re: GENOWEFA WROBEL v. SURENDER LAL, M.D. and MERCK & CO., INC. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Defendant, LAL SURENDER, M.D., by his attorneys, PRETZEL & STOUFFER, CHARTERED, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to enter an order dismissing this Defendant from the above-captioned lawsuit, with prejudice, as the Plaintiff has alleged facts showing that the cause is untimely and further has failed to file the Healthcare Professional Report required by Illinois law. In support thereof, this Defendant states as follows:

1.   The Plaintiff initiated the above-captioned lawsuit by filing a Complaint at Law in the Circuit Court for Cook County, Illinois, on September 29, 2006. The allegations set forth in the Plaintiff's Complaint allege a cause of action for medical malpractice. A copy of the Plaintiff's Complaint is attached to this Motion and designated as Exhibit "A."

### Plaintiff's Complaint Should Be Dismissed Under the Illinois Statute of Repose

2.   Since the statute of limitations is an affirmative defense, the plaintiff need not negate it in his complaint. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). However,

1

where the plaintiff pleads facts which show that the suit is time barred, or otherwise without merit, he or she will effectively plead themselves out of court. Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). "A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations or repose can be dismissed on a motion to dismiss." Tregenza v. Great American Communications Co., 12 F.3d 717 (7th Cir. 1993).

    3.    The applicable Illinois statute, 735 ILCS 5/13-212 states in pertinent part:

> Physician or hospital. (a) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician...duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of a reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, **but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death**. (Emphasis Added.)

    4.    Plaintiff's Complaint alleges that the defendant, Dr. Lal Surender, prescribed Vioxx to the plaintiff on October 9, 1999, and prior thereto. (Exhibit A, paragraph 6). Plaintiff further alleges that as a result of this prescription, she suffered a myocardial infarction on November 25, 2004. (Exhibit A, paragraph 10). Plaintiff filed her Complaint on September 29, 2006. Since the applicable statute of repose began to run on October 9, 1999, the date plaintiff alleges to have been given the Vioxx prescription, the period to file plaintiff's complaint expired on or about October 9, 2003. Therefore, where the required dates for determining whether plaintiff's complaint fell within the applicable statute of repose are pled in her complaint, this Court should grant defendant's motion to dismiss.

2

### Plaintiff's Complaint Should be Dismissed for Failure to File a Healthcare Professional Report

5. Federal courts apply the requirements set forth in 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure to medical malpractice lawsuits pending in federal court. Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000). In Sherrod, the Seventh Circuit stated that "Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint in order to prevent frivolous lawsuits." 233 F.3d at 613.

6. Pursuant to 735 ILCS 5/2-622(a)(2), an Affidavit of Counsel provides the plaintiff with an extension of 90-days for the filing of the Healthcare Professional Report.

7. Further, no additional 90-day extensions pursuant to 735 ILCS 5/2-622(a)(2) shall be granted, except where there has been a withdrawal of the plaintiff's counsel. There has not been a withdrawal of plaintiff's counsel in the instant matter.

8. Neither an Affidavit of Counsel nor a Healthcare Professional Report were attached to Plaintiff's Complaint or timely filed in this case.

9. 735 ILCS 5/2–622(g) specifies that a failure to file the certificate required "shall be grounds for dismissal under Section 2-619." Accordingly, the trial court has the discretion under Illinois law to dismiss with prejudice any medical malpractice action filed when a plaintiff fails to timely file the Healthcare Professional Report and Attorney Certificate required by Illinois Law. Premo v. Falcone, 197 Ill. App. 3d 625, 554 N.E.2d 1071 (2nd Dist. 1990).

10. Plaintiff has failed to comply with 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure because she has not filed a report of a health professional who determined that

3

there is a reasonable and meritorious cause for filing of this action. Accordingly, the Court should dismiss the Plaintiff's Complaint at Law with prejudice pursuant to 735 ILCS 5/2-622 and 735 ILCS 5/2-619.

WHEREFORE, Defendant, LAL SURENDER, M.D., requests this Court to enter an order dismissing the Plaintiff's claims against this Defendant, and any other relief this Court deems appropriate.

/s/Edward B. Ruff, III, Esq.
IL Bar No.  ARDC # 618332
Michael P. Turiello
IL Bar No.  ARDC # 6238272
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-7507 - Phone
(312) 346-8242 - Fax
ERuff@pretzel-stouffer.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Memorandum of Law in Support of Motion to Dismiss was filed electronically this 21st day of September, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

| | |
|---|---|
| Antonio Maurizio Romanucci | Brian Alan Sher |
| Romanucci & Blandin | Brian Cave - Chicago |
| 33 North LaSalle St. | 161 N Clark Street |
| Ste. 2200 | Suite 4300 |
| Chicago, IL 60602 | Chicago, IL 60601 |

/s/Edward B. Ruff, III
IL Bar No.  ARDC # 618332
Michael P. Turiello
IL Bar No.  ARDC # 6238272
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-7507 - Phone
(312) 346-8242 - Fax
Mturiello@pretzel-stouffer.com
*Attorneys for Defendant*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

FILED-2 2006 SEP 22 PM 4:34 DOROTHY BROWN CLERK OF CIRCUIT COURT LAW DIVISION

| | | |
|---|---|---|
| GENOWEFA WROBEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. |
| SURENDER LAL, M.D. and MERCK & CO., INC., | ) ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT AT LAW

NOW COMES Plaintiff GENOWEFA WROBEL, by and through her attorneys, ROMANUCCI & BLANDIN, L.L.C., and complaining of Defendants, SURENDER LAL, M.D., and MERCK & CO., INC., pleading hypothetically and in the alternative, states as follows:

### COUNT I - NEGLIGENCE
### SURENDER LAL, M.D.

1. At all times relevant herein, SURENDER LAL, M.D., was a physician duly licensed in the practice of his profession in the County of Cook, State of Illinois.

2. At all times relevant herein, GENOWAFA WROBEL was living in the City of Chicago, in the County of Cook, State of Illinois.

3. That GENOWEFA WROBEL was under the continuous care and treatment of the Defendant, SURENDER LAL, M.D., from October 9, 1999 and prior thereto.

4. That it then and there became the duty of Defendant SURENDER LAL, M.D. to render medical services consistent with the medical needs of GENOWEFA WROBEL.


DEFENDANT'S EXHIBIT A

5. That there was a duty on the part of the Defendant, SURENDER LAL, M.D., to treat GENOWEFA WROBEL in accordance with accepted standards of prevailing medical practices and opinion.

6. On October 9, 1999 and prior thereto, Plaintiff GENOWEFA WROBEL was prescribed VIOXX by defendant SURENDER LAL, M.D.

7. On October 9, 1999, and prior thereto, plaintiff GENOWEFA WROBEL was under the care of Defendant SURENDER LAL, M.D for condition o hypertension, diabetes and general heart conditions.

8. That the Defendant, SURENDER LAL, M.D., knew and/or should have known that VIOXX was contraindicated for plaintiff GENOWEFA WROBEL and created a risk of the occurrence of serious cardiovascular events.

9. Notwithstanding the defendant's duty as stated above, defendant, SURENDER LAL, M.D., committed one or more of the following negligent acts and/or omissions:

    a. Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for GENOWEFA WROBEL;

    b. Improperly prescribed VIOXX to Plaintiff knowing that he was at risk for future cardiac problems;

    c. Improperly prescribed VIOXX to Plaintiff knowing that he had a history of cardiac problems;

    d. Failed to warn the plaintiff that VIOXX should not be used in patients with a history of cardiac problems;

    e. Failed to warn the plaintiff of the risks associated with the use of VIOXX in individuals with a history of cardiac problems;

    f. Improperly prescribed VIOXX by phone without regard for Plaintiff's medical history.

10. That as a result of one or more of the foregoing negligent acts and/or omissions,

GENOWEFA WROBEL suffered a myocardial infarction on November 25th, 2004 resulting in injuries of a personal and pecuniary nature.

11. On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

12. That GENOWEFA WROBEL's injuries were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, SURENDER LAL, M.D.

13. That as a direct and proximate result of one of the foregoing acts and/or omissions, Plaintiff, GENOWEFA WROBEL sustained injuries and damages including pain, suffering, disability, disfigurement and obligations for hospital, physician and medical services.

14. As a proximate result of Defendant' negligence, and of the treatment necessitated for the injuries sustained by GENOWEFA WROBEL, she has become obligated to pay various medical, and hospital expenses for which he claims damages.

WHEREFORE, plaintiff GENOWEFA WROBEL PRAYS judgment against Defendant SURENDER LAL, M.D., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

### COUNT II - NEGLIGENCE
### MERCK & CO., INC.

1. At all times relevant herein, GENOWEFA WROBEL, was a resident of the City of Chicago, in the County of Cook, State of Illinois.

2. At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in State of New Jersey.

3. At all times relevant herein, MERCK was transacting business in Cook County, in Illinois.

4. At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

5. At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

6. At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

7. At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

8. At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

9. At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

10. At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

11. On and about October 9, 1999, GENOWEFA WROBEL was prescribed VIOXX.

12. GENOWEFA WROBEL was administered VIOXX from October 9, 1999, or prior thereto.

13. On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

14. On or before October 9, 1999, and at all times material, MERCK was negligent in one or more of the following respects:

   a. Formulating VIOXX in a manner which increased the risk of cardiovascular problems at a higher rate than those individuals taking other similar drugs; or

b. Failing to properly address and/or investigate the issue of cardiovascular risks through controlled clinical trials;

c. Failing to properly warn doctors of the increased cardiovascular risks of VIOXX; or

d. Failing to properly warn the public of the increased cardiovascular risks resulting from VIOXX; or

e. Failing to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescriptions medications; or

f. Failing to properly warn the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

g. Misrepresenting the safety of VIOXX to the public at large and minimizing the significant cardiovascular risks presented by the drug; or

h. Was otherwise negligent.

15. As a direct and proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant MERCK, Plaintiff GENOWEFA WROBEL sustained myocardial infarction on November 25th, 2004 and damages including pain, suffering, disability, disfigurement, and obligations for hospital, physician and medical services.

16. On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

17. Plaintiff, GENOWEFA WROBEL, did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

WHEREFORE Plaintiff GENOWEFA WROBEL PRAYS for judgment against Defendant MERCK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), which shall represent fair and just compensation.

## COUNT III - PRODUCTS LIABILITY
## MERCK & CO., INC.

1. At all times relevant herein, GENOWEFA WROBEL, was a resident of the City of Chicago, in the County of Cook, State of Illinois.

2. At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in the State of New Jersey.

3. At all times relevant herein, MERCK was transacting business in Cook County, in Illinois.

4. At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

5. At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

6. On At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

7. At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

8. At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

9. At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

10. At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

11. On and about October 9, 1999, GENOWEFA WROBEL was prescribed VIOXX.

12. GENOWEFA WROBEL was administered VIOXX from October 9, 1999, or

prior thereto.

13. GENOWEFA WROBEL consumed VIOXX in the manner in which it was intended to be used.

14. GENOWEFA WROBEL consumed VIOXX in the same condition as when it left the control of MERCK.

16. On or about November 25, 2004, GENOWEFA WROBEL was diagnosed with myocardial infarction due to, or as a consequence of, VIOXX.

17. On or before October 9, 1999, and at all times material, VIOXX was unreasonably dangerous in one or more of the following respects:

   a. Its consumers at a greater risk for cardiovascular problems, as compared to individuals taking other similar drugs; or

   b. Its cardiovascular risks were not properly investigated through controlled clinical trials; or

   c. It was not labeled with a warning sufficient to alert doctors of the increased cardiovascular risks of VIOXX; or

   d. It was not labeled with a warning sufficient to alert the public of the increased cardiovascular risks resulting from VIOXX; or

   e. It was not labeled with a warning sufficient to alert doctors of known potentially dangerous interactions that VIOXX would have with other prescription medications; or

   f. It was not labeled with a warning sufficient to alert the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

   g. It was labeled and marketed in a way that misrepresented it as safe to the public at large and minimized the cardiovascular risks it posed to consumers; or

   h. Was otherwise negligent.

18. As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff GENOWEFA WROBEL sustained a myocardial infarction and damages

including pain, suffering, disability, disfigurement, and obligations for hospital, physician, and medical services.

19. As a proximate result of defendant's negligence, and of the treatment necessitated for the injuries sustained by GENOWEFA WROBEL, she has become obligated to pay various medical and hospital expenses.

20. On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

21. Plaintiff GENOWEFA WROBEL did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

WHEREFORE, Plaintiff GENOWEFA WROBEL, PRAYS judgment against defendant MERCK, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this lawsuit.

Respectfully Submitted,

*[signature]*

One of Plaintiffs' Attorneys

Antonio M. Romanucci, Esq.
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312-458-1000
312-458-1004 Fax
Attorney No.: 35875