UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | * * * | MDL Docket No. 1657 |
| This Document Relates To: | * * | |
| RONALD DOOLEY, ET AL VS. MERCK & COMPANY, INC. | * | |

No. 06-11047; No. 06-10119

### DEFENDANT MERCK & CO. INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS FIRST-FILED CLAIM AND CROSS-MOTION TO DISMISS PLAINTIFFS' DUPLICATIVE CLAIM

Defendant Merck & Co. Inc. ("Merck") hereby opposes plaintiffs' motion to dismiss their first-filed claim (*Dooley v. Merck & Co., Inc.*, MDL No. 06-11047 (transferred from D. Colo.)) and moves the Court to dismiss instead plaintiffs' duplicative suit (*Dooley v. Merck & Co., Inc.*, MDL No. 06-10119 (transferred from D. Minn)).

As set forth below, Fifth Circuit law is clear that, when multiple lawsuits involving the same subject matter are pending, the first-filed lawsuit should proceed and the later claims should be dismissed. Plaintiffs have not presented any basis for proceeding differently here. Nor can they. As the record in this case shows, Colorado is the most convenient forum for trying plaintiffs' claims in light of the fact that all of the evidence and witnesses relevant to plaintiffs' case are located in Colorado. As a result, plaintiffs' Minnesota action should be dismissed and plaintiffs' case should proceed in Colorado when remanded from this MDL proceeding.

893781v.1

## BACKGROUND

On September 25, 2006, Ronald and Julia Dooley filed suit against Merck in the Jefferson County District Court, State of Colorado, asserting causes of action for harm allegedly caused by their ingestion of Vioxx® ("Vioxx"). (*See* 9/25/06 Compl. and Jury Demand "Colo. Compl.," Ex. A.) Four days later, on September 29, 2006, plaintiffs filed suit against Merck in the United States District Court for the District of Minnesota, alleging the same claims based on Mr. Dooley's alleged Vioxx use, and apparently alleging loss of consortium claims on Mrs. Dooley's behalf. (*See* 9/29/06 Compl. "Minn. Compl.," Ex. B.) Plaintiffs' Minnesota action was transferred to this Court and assigned MDL No. 06-10119. (*See* Conditional Transfer Order No. 71.) Merck removed plaintiffs' Colorado action to the United States District Court for the District of Colorado, and the case was transferred to this Court and assigned MDL No. 06-11047. (*See* Conditional Transfer Order No. 76.)

At the time of Mr. Dooley's alleged ingestion of Vioxx, plaintiffs were, and apparently still are, Colorado residents. (*See* Colo. Compl. at ¶¶ 1, 2; Ronald and Julia Dooely's Plaintiff Profile Forms, Exs. C and D.) Plaintiffs therefore assert in their Colorado action that jurisdiction and venue are proper in Colorado based on Merck's alleged "tortious and other improper acts within the State of Colorado." (*Id.* at ¶ 5.) By contrast, plaintiffs have alleged no connection between their claims and the State of Minnesota. Moreover, Mr. Dooley's Profile Form discloses that he was prescribed Vioxx in Colorado by a Colorado doctor, that he purchased and ingested Vioxx in Colorado, and that he suffered and was treated in Colorado for the injuries that he claims were caused by Vioxx. (*See* Mr. Dooley's Profile Form at 7-13.) Mr. Dooley's Profile Form further reveals that he has received all of his medical treatment for the last 10 years in Colorado, and that he has lived and worked in Colorado for at least the last 17 years. (*See id.* at 4-5.) In short, by plaintiffs' own admission, the alleged acts that are the subject of their claims

occurred in Colorado, and all witnesses and documents related to Mr. Dooley's Vioxx use, medical treatment, and work and social history are located in Colorado. Moreover, no relevant action took place in Minnesota, and no witness, document or other piece of evidence is located there.[1]

Notwithstanding the lack of any meaningful connection between their claims and the State of Minnesota, plaintiffs seek to dismiss their Colorado action so that they can proceed in Minnesota. This request should be denied because it is contrary to the Fifth Circuit's well-settled "first-filed" rule, which requires that, where two substantially overlapping actions are pending in different federal district courts, the action that was filed first – in this case the Colorado action – should be allowed to proceed. Plaintiffs fail to demonstrate any compelling reason to deviate from that rule; to the contrary, an analysis of the relevant factors overwhelmingly favors dismissal of the Minnesota action because Minnesota is an inconvenient forum for litigation of plaintiffs' claims.

---

[1] Plaintiffs confusingly assert both that Mrs. Dooley "is not represented by the undersigned and is not a party to the Minnesota action" (Plfs.' Mot. at 1 n.1) and that the Minnesota action "includes spousal claims being made by Mrs. Dooley" (*id.* at 2). In fact, Mrs. Dooley is plainly identified as one of the "plaintiffs" in the Minnesota action, and plaintiffs' counsel signed the complaint on behalf of "plaintiffs." (*See* Minn. Compl. ¶ 1 & at 29.) In the Colorado action, Mrs. Dooley alleged independent injuries based on her own alleged Zoloft use. (*See* Colo. Compl. ¶¶ 10, 11.) Whether Mrs. Dooley alleges independent or derivative claims, or no claims at all, is immaterial to resolution of the present motion. Mrs. Dooley's Profile Form, like Mr. Dooley's, reveals that she has lived and worked in Colorado for at least the past two decades, and that she was prescribed and ingested Vioxx, and received all subsequent medical care, in Colorado. (*See* Mrs. Dooley's Profile Form.) Thus, even if Mrs. Dooley were to assert an independent claim based on her alleged Vioxx use, that claim, like Mr. Dooley's, would be based almost exclusively on evidence and witnesses in Colorado, and would have no apparent connection to Minnesota.

**ARGUMENT**

**I.     THE FIRST-FILED RULE MANDATES DISMISSAL OF PLAINTIFFS' MINNESOTA ACTION.**

In their motion, plaintiffs correctly concede that "[w]hen lawsuits involving the same subject matter are pending, the general rule is that the first-filed lawsuit should proceed." (Plfs.' Mot. at 2 (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971))); *see also*, *e.g.*, *Poche v. Geo-Ram, Inc.*, No. CIV. A. 96-1437, 1996 WL 371679, at *2 (E.D. La. Jul. 2, 1996) ("This circuit has long followed the "first-filed" rule.") (citing *Mann Mfg.*, 439 F.2d at 407; *Johnson Bros. Corp v. Int'l Bhd. of Painters*, 861 F. Supp. 28 (M.D. La. 1994); *Stack v. Whitney Nat. Bank*, 789 F. Supp. 753 (S.D. Miss. 1991); *Igloo Products Corp. v. The Mounties, Inc.*, 735 F. Supp. 214 (S.D. Tex.1990)).  As this Court has recognized, "[u]nder the first-filed rule, in the absence of 'compelling circumstances' the court 'initially seized of a controversy' should be the one to decide the case." *Poche*, 1996 WL 371679, at *2 (quoting *Mann Mfg.*, 439 F.2d at 407); *see also*, *e.g.*, *Cobb Inv. Co., Inc. v. Piccadilly Cafeterias, Inc.*, Civ. A. No. 00-0091, Civ. A. No. 00-0311, 2000 WL 280021, at *3 (E.D. La. Mar. 14, 2000) ("the first-filed ruled requires that the Middle District of Louisiana, which initially seized the controversy, should be the court to decide the case absent any compelling circumstances").  Thus, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

Here, it is undisputed that the Colorado action was first-filed, that the Colorado and Minnesota actions are practically identical, and that one of these cases should be dismissed. Because plaintiffs fail to demonstrate compelling reasons to dismiss the Colorado action – and,

4

in fact, as shown below, there are very compelling reasons to dismiss the Minnesota action – this Court should follow the first-filed rule and dismiss the Minnesota action.

## II.     PLAINTIFFS FAIL TO DEMONSTRATE COMPELLING REASONS TO DEVIATE FROM THE FIRST-FILED RULE

In determining whether compelling reasons exist to deviate from the first-filed rule, this Court has typically applied the same private and public interest factors articulated by the Supreme Court in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) to determine whether transfer of venue should be granted on the basis of *forum non conveniens* under 28 U.S.C. § 1404.  See *Poche*, 1996 WL 371679, at \*\*2-3; *Cobb Inv.*, 2000 WL 280021, at \*3.  The private factors considered by the Court are:

> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Poche*, 1996 WL 371679, at \*\*2-3 (citing *Piper*, 454 U.S. at 257).  In addition, the relevant public factors include:

> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized controversies decided at home;
> (3) the familiarity of the forum with the law that will govern the case; and
> (4) the avoidance of unnecessary problems of conflict of laws and the application of foreign law.

*Id*.  In this case, plaintiffs' Colorado action – not their Minnesota action – should proceed because:  (1) all of the relevant public and private interest factors weigh strongly in favor of trying plaintiffs' claims in Colorado, and (2) the only real argument plaintiffs advance in support of trying their claims in Minnesota – the fact that plaintiffs' counsel is admitted to practice there – is not a compelling reason to ignore the Fifth Circuit's "first filed' rule.

*First*, contrary to plaintiffs' claim that "[t]he State of Colorado is no more convenient to Defendant that the State of Minnesota" (Plfs.' Mot. at 3), application of the *Piper* test reveals that both public and private factors weigh overwhelmingly in favor of dismissing the Minnesota action. All of the relevant private interest factors indicate that the Dooleys' lawsuit against Merck should be remanded to and proceed in Colorado once the MDL has completed its purpose. As set forth above, nearly every fact witness relevant to this case is located in Colorado. By contrast, there is no evidence suggesting that any witness is located in Minnesota. Similarly, all of the events at issue in the case took place in Colorado. As a result, all of the evidence relevant to Mr. and Mrs. Dooley's claims will likely be located in Colorado. Trying this case in Minnesota would therefore create needless problems related to the presentation of evidence and witnesses at trial. Indeed, the parties would likely be unable to compel the attendance of ***any*** percipient witness at trial. Even if some Colorado witnesses agreed to voluntarily appear in Minnesota, the costs of attendance would be far greater than if the case were tried in Colorado.

Public considerations likewise favor dismissal of the Minnesota action. "The local interest in having localized controversies decided at home" strongly favors resolution in Colorado of plaintiffs' claims that they were injured in Colorado by a medication allegedly prescribed and ingested there. Minnesota, on the other hand, has no public interest in the resolution of an action concerning injuries to non-residents allegedly caused by actions outside of Minnesota. Additionally, in light of the fact that all of the events relevant to Mr. and Mrs. Dooleys' claims took place in Colorado – *e.g.*, Mr. Dooley was prescribed Vioxx, purchased Vioxx, took Vioxx and was allegedly injured by Vioxx in Colorado – it is likely that Colorado substantive law will apply to plaintiffs' claims. Thus, the District of Colorado is likely to have far more familiarity with the applicable substantive law than would a federal court in another

6

state. Because an analysis of the relevant interest factors makes clear that there are very compelling reasons to dismiss the Minnesota action in favor of plaintiffs' Colorado claims, plaintiffs' motion to dismiss should be denied.[2]

***Second***, contrary to plaintiffs' claims, the mere fact that plaintiffs' counsel is not admitted to practice in the District of Colorado is not a "compelling reason" to deviate from the first-filed rule. Ignoring all of the interests factors favoring Colorado as the proper forum for litigation of their claims, plaintiffs argue that dismissal of the Colorado action will "preserve" plaintiffs' choice of counsel by allowing them to try their claims in the state where their attorney is admitted to practice. (Plfs' Mot. at 2-3.) However, this argument is without merit. Plaintiffs cite no authority, and Merck is aware of none, for the proposition that an attorney's court admissions, or lack of them, is a relevant consideration in determining proper venue, much less any authority for the proposition that counsel's court admission status should be taken into account when deciding whether there are compelling reasons to deviate from the well-established "first-filed" rule.[3] Thus, even if plaintiffs' counsel's court admissions should be considered at all, the mere fact that counsel is not a member of the Colorado bar should not override the fact

---

[2] Plaintiffs devote the remainder of their motion to arguing that venue is proper in Minnesota, and that Merck is subject to jurisdiction there. (Plfs.' Mot. at 3-5.) That argument, however, is beside the point. The question before the Court is not whether the Minnesota action should be dismissed based on improper venue, but instead is: as between the two cases that plaintiffs elected to file in Colorado and Minnesota, which one should be dismissed. As plaintiffs concede, that question must be answered by application of the Fifth Circuit's well-settled first-filed rule, and proper application of that rule mandates dismissal of the Minnesota action.

[3] If counsel's bar admission were an important consideration, cases would rarely be transferred under 28 U.S.C. § 1404, because such transfer would depend on the fortuitous admission of the parties' counsel in whatever court is determined to be more convenient. The fact that courts routinely transfer cases without even considering whether the parties' attorneys are admitted in the transferee court provides a strong indication that court admission is not in fact a relevant consideration.

893781v.1

that the relevant public and private interest factors overwhelmingly support dismissal of the Minnesota action.[4]

Moreover, it simply is not true that dismissal of the Minnesota action will deprive plaintiffs of their choice of counsel. If this case proceeds in Colorado, plaintiffs' counsel can apply for admission to practice in the District of Colorado. The only requirement for such admission is that an attorney be "licensed by the highest court of a state, federal territory, or the District of Columbia where a written examination was required for admission and be a member of the bar in good standing in all courts and jurisdictions where he or she has been admitted." D.C. COLO. LCivR 83.3. Thus, the simple fact that plaintiffs' counsel is not currently admitted to practice in the District of Colorado provides no basis for dismissing the Colorado action.

## CONCLUSION

As set forth above, Fifth Circuit law is clear that, where lawsuits involving the same subject matter are pending, the first-filed suit should proceed while the other cases are dismissed. In this case, plaintiffs' Colorado action predates their substantially similar Minnesota claim. Because plaintiffs present no compelling evidence why their first-filed Colorado action should not go forward – and, indeed, cannot escape the fact that Minnesota is an inconvenient forum to resolve their claims – plaintiffs' motion to dismiss the Colorado action should be denied, and the Court should instead dismiss plaintiffs' Minnesota action.

---

[4] Indeed, even if the Court elected to dismiss the Colorado action, Merck would be entitled to transfer of the Minnesota action to Colorado pursuant to 28 U.S.C. § 1404. Accordingly, Merck reserves its right to seek such transfer at an appropriate time in the event the Colorado action is dismissed.

893781v.1

Dated: September 24, 2007.                    Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

893781v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of September, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel