# Ex. A

# DEFENDANT MERCK & CO. INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS FIRST-FILED CLAIM AND CROSS-MOTION TO DISMISS PLAINTIFFS' DUPLICATIVE CLAIM

IN THE DISTRICT COURT
COUNTY OF JEFFERSON, SATE OF COLORADO

2006 SEP 25 AM 9: 17

RONALD DOOLEY and )
JULIA DOOLEY, individually )
and as husband and wife, )
    Plaintiffs, )
)
v. ) CASE NO.:
)
Merck & CO., Inc. ) **06CV3710**
    Defendant, )

/2

## COMPLAINT AND JURY DEMAND

### PARTIES

1) Plaintiff, Ronald Dooley, is an individual residing in the state of Colorado, city of Littleton.

2) Plaintiff, Julia Dooley, is an individual residing in the state of Colorado, city of Littleton.

3) Plaintiffs, were at all times relevant herein, husband and wife.

4) At all times relevant herein, Defendant Merck & Co, Inc. (hereinafter, "Merck"), was a pharmaceutical company incorporated under the laws of New Jersey with its principal place of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey.

### JURISDICTION AND VENUE

5) This Court has original jurisdiction pursuant to Colo. Rev. Stat. §13-1-124(a) and (b) because Merck has transacted business and committed tortious and other improper acts within the State of Colorado.

6) Venue is proper in this Court pursuant to C.R.C.P. 98(c) as Merck is a nonresident and can be sued in the county designated in this Complaint. Further, venue is proper under C.R.C.P. 98 as the improper acts alleged herein occurred in Jefferson County, State of Colorado.

### ALLEGATIONS

7) Plaintiff, Ronald Dooley, first began taking Vioxx® in 2000 and took said pharmaceutical pursuant to prescriptions from his treating physicians until approximately mid-September of 2004. Vioxx® is a prescription drug product manufactured and marketed by Defendant Merck & Co., Inc.

1

DOCKETED

8) From February of 2001 until on or about the time he discontinued his Vioxx® therapy in September of 2004, Ronald Dooley had a series of strokes and TIA's, and a myocardial infarction, all as a result of ingesting Vioxx®.

9) Plaintiff has experienced significant health problems as a result of ingesting Vioxx®, including, but not limited to weakness of his extremities, dizziness, memory loss, numbness which has required rehabilitation, severely decreased his ability to perform normal activities of daily living, and from which he has sustained permanent injuries.

10) Plaintiff, Julia Dooley, ingested Vioxx® from approximately 2000 until May of 2004 pursuant to a prescription from her treating physicians.

11) During and subsequent to the period of time Plaintiff, Julia Dooley, ingested Vioxx® she experienced significant cardiac problems requiring medical treatment, and severely limiting her ability to perform normal activities of daily living, all as a result of ingesting Vioxx®.

12) On September 30, 2004, Defendant Merck officially announced the voluntary recall of Vioxx® from all worldwide markets due to the dramatically increased risk of cardiovascular events, including heart attacks, heart disease, and strokes, in patients taking Vioxx®.

### FIRST CLAIM FOR RELIEF - STRICT LIABILITY

13) Plaintiff, individually and jointly, hereby incorporate by reference paragraphs 1 through 12 as if set forth fully herein.

14) Defendant Merck, in manufacturing and marketing Vioxx® to physicians who would prescribe it and to the public who would consume it, represented that it was safe.

15) The drug Vioxx® was defective in that it caused serious complications including heart attacks, arrhythmias, heart disease and/or strokes in patients who used it. The marketing information which Merck published and caused to be published was inappropriate and inadequate in that it failed to disclose complications which were known by the Defendant.

16) Physicians who were prescribing Vioxx® were not given full and complete information concerning the complications which patients using it were experiencing.

17) The failure by Defendant Merck to give appropriate information, warnings and directions regarding Vioxx® was the proximate cause of damages to the Plaintiffs, all as described at paragraphs 7 through 11 above.

18) As a direct and proximate result of Defendant's misconduct, Plaintiffs, individually and collectively, have incurred and will continue to incur medical expenses and hospital expenses. Each have severe and permanent disabilities and impairments which were suffered as a result of the

2

Defendant's actions.

19) As a direct and proximate result of the Defendant's misconduct, Plaintiffs have suffered, and will continue to suffer greatly in mind and spirit, including pain and suffering, fear, anxiety, loss of enjoyment of life, emotional distress, loss of companionship and other non-economic damages.

20) By continuing to market Vioxx® after learning of the severe complications associated with its use, the Defendant acted with a wanton and reckless disregard of Plaintiff's rights and safety, thereby entitling Plaintiff to exemplary damages.

## SECOND CLAIM FOR RELIEF - NEGLIGENCE

21) Plaintiff hereby incorporates by reference paragraphs 1 through 20 as though set forth fully herein.

22) Defendant had a duty to adequately warn physicians and potential patients of the dangers and side effects associated with the use of Vioxx®. The Defendant breached its duty to physicians and the Plaintiffs specifically by failing to adequately warn of the known dangers and side effects associated with Vioxx®

23) Long before September 30, 2004, the Defendant was aware of the known dangers and side effects associated with the use of Vioxx® and had a duty to disclose to Plaintiffs and their physicians the known risk of heart attacks, arrhythmias, and/or strokes associated with the use of Vioxx®.

24) Had the Plaintiffs been adequately advised of the risks associated with the use of Vioxx®, that drug would never have been utilized, and a different drug would have been prescribed to treat Plaintiffs for their medical conditions.

25) As a direct and proximate result of Defendant's negligence, Plaintiffs have incurred those injuries, damages and losses set forth above in this Complaint.

26) Defendant acted with wanton and reckless disregard for Plaintiffs' rights and safety thereby entitling Plaintiffs to exemplary damages.

## THIRD CLAIM FOR RELIEF - COLORADO CONSUMER PROTECTION ACT

27) Plaintiff hereby incorporates by reference paragraphs 1 through 26 as though set forth fully herein.

28) In marketing the drug Vioxx® as a safe and effective product without disclosing the known complications associated with its use, the Defendant violated the Colorado Consumer Protection Act thereby entitling the Plaintiffs to treble damages and attorney's fees pursuant to the Consumer Protection Act, C.R.S. -701 *et seq.*

3

## FOURTH CLAIM FOR RELIEF – ACTUAL AND CONSTRUCTIVE FRAUD

29) Plaintiffs hereby incorporate by reference paragraphs 1 through 28 as though set forth fully herein.

30) Defendant committed actual fraud by making material representations, which were false, knowing that such material representations were false and/or with reckless disregard for the truth or falsity of the material representations, with the intent that Plaintiffs and all those similarly situated would rely on such material misrepresentations. Plaintiffs acted in actual and justifiable reliance on such material misrepresentations and were injured as a result.

31) In addition, and in the alternative, if necessary, Defendant knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiffs would rely on Defendant's misrepresentations. Plaintiffs acted in actual and justifiable reliance on Defendant's misrepresentation and were injured as a result.

32) Defendant committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiffs relating to the Vioxx® at issue in this lawsuit. Said breach or breaches constitute fraud because of their propensity to deceive others or constitute an injury to public interest or public policy.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in favor of the Plaintiffs and against the Defendant in such sum as will reasonably compensate the Plaintiffs for their injuries, damages and losses together with exemplary damages, treble damages, attorney's fees, interest, costs and such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS THAT THIS CASE BE TRIED TO A JURY.

Respectfully submitted this 25th day of SEPTEMBER, 2006

By: _Ronald L. Dooley_
(Ronald Dooley), Plaintiff, Pro Se)

By: _Julia Dooley_
(Julia Dooley, Plaintiff, Pro Se)

Plaintiffs' Names and Addresses
Ronald Dooley
Julia Dooley
6316 South Johnson Street
Littleton, Colorado 80123
(303) 933-6682

4