UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *  *

**THIS DOCUMENT RELATES TO:**      *Paskero, Robert  v. Merck & Co., Inc. et al.*
                                    *Civil Action No. 2:06-cv-03139*

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

COMES NOW Plaintiff, Robert Paskero, by and through his attorneys, and files his

memorandum in support of his Motion to Remand, and states as follows:

This Court lacks subject matter jurisdiction because:  (1) complete diversity does not

exist between all plaintiffs and all defendants; (2) properly joined defendants are residents and

citizens of Illinois.  Absent subject matter jurisdiction, "…the district court shall remand."  28

U.S.C. § 1447(c); *Caterpillar v. Lewis,* 519 U.S. 61, 68-69, 117 S.Ct. 467, 473 (1996).  The

"first step" of considering subject matter jurisdiction is the right of this Court.  In fact, the

Seventh Circuit noted that the District Court for the Southern District of Illinois is empowered to

consider its own jurisdiction, stating: "We find nothing absurd in district courts individually

evaluating their own jurisdiction."  *Municipal Retirement Fund v. CitiGroup, Inc.,* 391 F. 3d

844, 851 (7th Cir. 2004).

1

Defendant Maryville Pharmacy, is an Illinois citizen, failed to warn Plaintiff and his physicians of the dangers associated with Vioxx and also sold defective drugs, without proper and sufficient warnings. Based upon the representations, misrepresentations, fraud, and related conduct of the pharmacies, Plaintiff was prescribed and ingested Vioxx, which resulted in injury. Although undertaking to provide warnings with Vioxx, Maryville Pharmacy withheld specific knowledge and did not provide adequate and proper warnings of the associated dangers. Maryville Pharmacy is liable for their conduct.

## INTRODUCTION

Plaintiff filed suit in Madison County, Illinois against three separate Merck entities and a pharmacy (Maryville Pharmacy).  Plaintiff and Maryville Pharmacy are citizens and residents of Illinois.

Merck removed the case to District Court by invoking federal diversity jurisdiction, and arguing that Plaintiff improperly and fraudulently joined Maryville Pharmacy.  Because those allegations are false, there is no subject matter jurisdiction.

## ARGUMENT

Federal courts have limited jurisdiction.  *Kokonnen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  The courts must presume that cases lie outside federal jurisdiction. Consequently, the removal statute should be strictly construed to favor state court jurisdiction. *Id.*

**A.      The Standard for Fraudulent Joinder.**

Under the law of the Seventh Circuit, fraudulent joinder "occurs when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court,

or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." ***Schwartz v. State Farm Mutual Automobile Insr. Com.,*** 174 F.3d 875, 878 (7th Cir. 1999); ***Gottlieb v. Westin Hotel Co.,*** 990 F.2d 323, 327 (7th Cir. 1993). As expected, establishing fraudulent joinder is a heavy burden borne exclusively by the party invoking the jurisdiction of this Court. ***Chase v. Shop 'N Save Warehouse Foods, Inc.,*** 110 F.3d 424, 427 (7th Cir. 1997); ***McNutt v. General Motors Acceptance Corp.,*** 298 U.S. 178, 179 (1936). The removing party must support its jurisdictional allegations with evidence which proves "to a reasonable probability that jurisdiction exists." ***Chase,*** 110 F.3d at 427. Expressly:

> An out-of-state defendant who wants to remove… must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

***Poulos v. Naas Foods, Inc.,*** 959 F.2d at 69, 73 (7th Cir. 1992).

In deciding whether a defendant has been fraudulently joined, a federal court "must engage in an act of prediction: is there any reasonable probability that a state court would rule against the non-diverse defendant?" ***Id***. The basic question is the following: does Plaintiff have any claim against Maryville Pharmacy? Unequivocally, the answer is "Yes."

**B.     Plaintiff Has Multiple Causes of Action Against Maryville Pharmacy.**

Under Illinois law, Plaintiff may maintain a products liability action against pharmacies under any number of theories. '"Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court… ***Katonah v. USAir****, 868 F. Supp. 1031, 1034 (N.D. Ill. 1994)* (quoting ***Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp****., 34 F.3d 1310, 1315 (7th Cir. 1994)).* Again, Plaintiffs need only plead a cause of action which might survive a motion to dismiss in

3

the state court. ***Katonah v. USAir, 868 F. Supp. at 1034.*** In other cases before this Court involving in state defendants such as Maryville Pharmacy, Illinois District Courts have found pharmacies to be properly joined with virtually identical allegations pled against them.

Here, Plaintiff alleged causes of action against Maryville Pharmacy under theories of: strict product liability - sale of defective product and negligence - failure to warn, and breach of warranties. Each, standing alone, is sufficient to establish a viable cause of action against the pharmacies under Illinois law.

### 1.    Negligence

Negligence is proven by showing a duty, breach of duty, causation and damages**. *Abbasi v. Paraskevoulakos,*** 187 Ill. 2d 386, 390, 718 N.E.2d 181, 183 (Ill. 1999). Although Maryville Pharmacy provided some type of warnings with Vioxx, and thereby assumed a duty to warn Vioxx users, Maryville Pharmacy did not provide warnings of the specific dangers that have in fact resulted in Plaintiff's injuries. As such, that (assumed) duty was breached.

### a.    The pharmacies owed a duty to Plaintiff.

Whether a duty exists is a question of law. A court determines whether a duty exists in a particular case by considering: (1) the foreseeability that the defendant's conduct may injure another; (2) the likelihood of an injury occurring; (3) the burden placed on the defendant by imposing a duty; and (4) the consequences of imposing this burden on the defendant. ***Colonial Inn Motor Lodge,*** 288 Ill.App.3d at 40, 223 Ill.Dec. 674, 680 N.E.2d 407 (Ill. App. 1997). The facts of this case validate not only the duty of Maryville Pharmacy, but also breach of that duty and resulting injuries.

With a similar fact pattern, this Court and others have already determined that a pharmacy, and in fact Maryville Pharmacy specifically, owed Plaintiff a duty under Illinois law. Citing to seminal Illinois authority, this Court specifically concluded that when a "pharmacist voluntarily undertakes to warn a patient of side effects, he may owe a duty of care to warn of specific dangers." ***Muller v. Bayer,*** C.A. No 01-cv-0696-MJR *citing Happel v. Wal-Mart Stores*, 316 Ill. 3d 621, 629, 737 N.E.2d 650, 656-57 (Ill. App. 2000). Based upon that determination, without consideration of Plaintiff's other causes of action against Maryville Pharmacy for strict liability or failure to warn, ***Muller*** was summarily remanded. ***Id.*** As in that case, Plaintiff "ha[s] sufficiently stated a claim against Walgreens..." ***Mueller, at*** 5.

### b. The learned intermediary rule does not protect the pharmacies.

In denial of the pharmacy's duties, Merck relied on a line of cases discussing the learned intermediary rule as related to pharmacies. While distinguishing those cases, the Illinois court of appeals subsequently reasoned that "[t]he underlying rationale of these cases is that to impose such a duty on the pharmacist would effectively require him to exercise medical judgment in deciding whether the physician had correctly prescribed a medication and in the correct amount to treat a condition." ***Happel,*** 737 N.E.2d at 656. This case is clearly different because providing warnings to Plaintiff or their physicians of known dangers would not require the pharmacist to exercise any medical judgment. It would only have ensure that crucial information was provided to the physicians.

> Accordingly, we hold that, under the circumstances here, where defendant knew that…injury or death was substantially certain to result, defendant had an affirmative duty to disclose, either to [Plaintiff's doctor] or to [Plaintiff], the information that [Plaintiff] should not take [Vioxx].

*Id.,* at 657.

Significantly, the cases Maryville Pharmacy has relied upon attempt to place the burden on the treating physician to warn the patients. That is not possible here, because the Merck defendants withheld information from the physicians. As alleged in Plaintiff's Complaint, the pharmacies knew of the dangers but did not pass this information along to Plaintiff or their doctors. Without that fraudulently withheld information, the physicians were unable to warn the Plaintiff.

Clearly, "both the foreseeability and likelihood of injury strongly favor imposing a duty to warn on defendant [pharmacies]." ***Happel,*** 737 N.E.2d at 656-57. The pharmacies had a duty to provide safe medication and to warn the Plaintiff that Vioxx carried an unacceptably high risk of clotting, heart attack, or stroke. Plaintiff's Complaint alleges that the pharmacies knew or should have known of the risk of taking Vioxx based on the FDA sanctions of Merck, the Dear Doctor letters Merck sent to doctors and other health care providers, and the medical literature regarding Vioxx. These Dear Doctor letters were actually dear "healthcare professional letters and applied to pharmacies and pharmacists as well as doctors. Simply stated, the pharmacies were "simply [Plaintiff's] last, best chance to avoid serious injury or death… the consequences of imposing the duty to warn on defendant are minimal." ***Id.***

Plaintiff alleged that the pharmacy had knowledge of this known, specific adverse side effect, and therefore had a duty to warn Plaintiff. ***Happel,*** 737 N.E.2d at 656-57. Maryville Pharmacy breached this duty when each failed to advise Plaintiff of the specific danger of clotting, heart attack, or stroke, resulting from ingestion of Vioxx. In addition to the claims against the pharmacies for failure to warn, Plaintiff unmistakably stated a claim for negligence

that has a possibility for success.  Accordingly, this case should be remanded.  ***Poulous,*** 959 F.2d at 73.

### 2.       Strict Liability – Sale of Defective Product

In selling Vioxx, Maryville Pharmacy was more than an innocent seller.  Plaintiff's Complaint alleged that Vioxx was defective because it contained insufficient warnings regarding the clotting associated with the Vioxx, and despite this knowledge, the pharmacies continued to sell, market and distribute Vioxx after they knew or should have known that the product was unreasonably dangerous. Maryville Pharmacy had knowledge of the Dear Healthcare Professional Letter from Merck dated April 2002.  A prescription drug is deemed to be unreasonably dangerous, subjecting the manufacturer or seller to liability, if the drug was not manufactured properly or was not accompanied by appropriate directions and warnings.  ***Leesley v. West,*** 165 Il. App. 3d 135, 140, 518 N.E.2d 758, 761 (Ill. App, 1988).

Further interpretation of ***Leesley*** would impose an obligation on the pharmacy for allowing an unreasonably dangerous drug to be placed into the stream of commerce. Accordingly, Maryville Pharmacy is liable under a theory of strict liability for placing Vioxx, a defective product, into the stream of commerce without adequate warnings of clotting, heart attack, or stroke.  For that reason, Plaintiff has stated a claim for failure to warn against Maryville Pharmacy that at the very least have a possibility of success and warrant remand.

### 3.       Breach of Implied Warranty.

In order to sustain a claim for breach of implied warranty, a plaintiff must demonstrate: (1) a sale of goods; (2) that the seller of the goods is a merchant with respect to those goods; and (3) that the goods were not of merchantable quality.  ***Malaway v. Richards Manufacturing Co.,***

150 Ill. App. 3d 549, 558-59, 501 N.E.2d 376 (Ill. App. 5th Dist. 1986).  These have all been properly pled.

The courts in Illinois have determined that the sale of drugs, surgical implements, and food are sales of goods within the meaning of Article Two of the Illinois Commercial Code.  *See Garcia v. Edgewater Hospital*, 244 Ill. App. 3d 894, 900-901, 613 N.E.2d 1243, 1248-49 (Ill. App. 1993) (holding the sale of artificial mitral valves by a hospital was a sale of goods, and the hospital could be held liable under a theory of implied warranty).  Merchantable goods should not be objectionable under contract description, fit for ordinary purposes, adequately packaged and labelled, and conform to the promises made on the container or label.  810 ILCS 5/2-314(2) a-f.

Plaintiff's Complaint alleges that they purchased Vioxx from Maryville Pharmacy pursuant to prescriptions from their physicians.  Plaintiff also alleges that the ingestion of Vioxx obtained from these pharmacies led to clotting, heart attack, or stroke.  Assuming the allegations of the Complaint in Plaintiff's favor, these facts lead to the reasonable conclusion that Maryville Pharmacy was a merchant with respect to prescription medication, and that the product, Vioxx, were objectionable under contract description, not fit for the purpose of treating arthritis or joint pain, inadequately packaged and labelled, and did not conform to the promises made on the container or label.  Conclusively, Plaintiff stated a claim for breach of implied warranty against the pharmacies that has the possibility of success.

## CONCLUSION

Under relevant Illinois law, Plaintiff's Complaint unquestionably states viable causes of action against Maryville Pharmacy.  Because Maryville Pharmacy, was not fraudulently joined,

8

its citizenship cannot be disregarded to concoct subject matter jurisdiction that does not exist.  As such, subject matter jurisdiction is lacking and accordingly Plaintiff requests that the Court remand this case back to Madison County, Illinois pursuant to 28 U.S.C. § 1332(a).

Respectfully submitted,

GOLDENBERG HELLER ANTOGNOLI
ROWLAND SHORT & GORI, P.C.

By:    /s/Aaron K. Dickey
Aaron K. Dickey    #6281731
2227 South State Route 157
P.O. Box 959
Edwardsville, IL 62025
618-656-5150

*ATTORNEYS FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was served upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically uploaded with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, this 26th day of September, 2007.


<u>/s/ Aaron K. Dickey</u>