UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL No. 1657 |
|  | * |  |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
|  | * |  |
|  | * | JUDGE FALLON |
| This document relates to All Cases | * |  |
|  | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * *

**PRE-TRIAL ORDER NO. 27**
(*In Camera* Inspection of the PSC Trial Package)

As the transferee court responsible for the coordinated proceedings in MDL No. 1657, one of the first orders of business addressed in this matter was the appointment of Plaintiffs' Liaison Counsel ("PLC") (*See* PTO No. 2 dated February 28, 2005) and the Plaintiffs' Steering Committee ("PSC") (*See* PTO No. 6 dated April 8, 2005).  In these orders, this Court established a committee responsible for the active oversight and administration of the MDL 1657 docket from the plaintiffs' perspective.  (A similar order, PTO No. 7, was entered addressing defense counsel.) Recognizing the nature of the PLC and PSC's functions,[1] the Court imposed upon each the duties to conduct discovery in a coordinated and consolidated matter on behalf and for the benefit of all plaintiffs, to conduct meetings and participate in proceedings before this Court through verbal or written motions, to explore and develop settlement options, and to maintain

---

[1] *See, e.g., In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977).

1

adequate files of all pretrial matters, including the maintenance of a document or exhibit depository available under reasonable terms and conditions for examination by all MDL plaintiffs' attorneys. Commensurate with its other duties, the PSC also was called upon by the Court to produce and develop a "trial package" to assist plaintiffs in the preparation and presentation of trials which the Court may order (including those that have already and may be sent to this MDL, those cases that may be remanded to their transferor courts for trial, as well as those state cases that may be coordinated with this MDL).

Now being informed that the PSC has compiled and prepared a trial package, to be made available to all attorneys who agree to coordinate with this MDL pursuant to PTO No. 19 (assessment order), the Court has scheduled a hearing to inspect and review the trial package. Since it is contemplated that during the hearing the PSC's work- product will be demonstrated and revealed to the Court, such a demonstration can only be accomplished on an *ex parte* basis and without the presence of third parties, including, but not limited to, adverse parties. These would include Merck & Co., Inc., doctor and pharmacy defendants, and their counsel. The Court does not envision its *in camera* review of the contents of the trial package as entailing the advocacy of legal positions by the PSC or its presenters, much less an assessment of the relative merits of the parties' positions in this litigation.

Since selection, organization, use, and definition of materials in the trial package necessarily encompass the thought process and strategy of the PLC, PSC, the Executive Committee of the PSC, and the Trial Package Committee created by the PSC, the trial package constitutes and is protected by the work-product privilege against discovery and disclosure. The material clearly has been assembled, prepared, created, and compiled in anticipation of litigation

and is not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("work product material"). Further, the trial package may contain materials covered by the attorney-client privilege or other information protected by privilege under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure or Federal Rules of Evidence ("privileged material").

Accordingly, the court will conduct an *in camera* examination of the trial package, and will not regard this review as giving rise to a waiver of the work-product or attorney-client privileges.

The foregoing is now made the Order of the Court.

Dated: September 27, 2007

_____
Honorable Eldon E. Fallon
United States District Court Judge