UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL Docket No. 1657<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:** *Charles Fitzgerald, et al. v. Merck & Co., Inc., et al.,*
**Case No. 07-2099**

### RxSOLUTIONS, INC.'s REPLY MEMORADUM TO PLAINTIFFS PETER PINTAR AND JEANETTE PINTAR's OPPOSITION TO RxSOLUTIONS, INC.'S MOTION TO DISMISS THE COMPLAINT

Defendant RxSolutions, Inc. ("RxSolutions"), by and through its undersigned counsel, respectfully submits this Reply Memorandum to plaintiffs Peter Pintar and Jeanette Pintar's Opposition to RxSolutions, Inc.'s Motion to Dismiss Plaintiffs Peter Pintar and Jeanette Pintar's Complaint Against Defendant RxSolutions, Inc.

In its memorandum in support of its Rule 12(b)(6) motion to dismiss the complaint, RxSolutions presented three points. First, it argued that the Pintars' state law claims for money damages arising out of RxSolutions' provision of Vioxx to Mr. Pintar pursuant to the terms of his health benefit plan are preempted under the express preemption provision of section 514(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a). Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Second, RxSolutions argued that the Pintars' state law claims are preempted under the "complete preemption" doctrine, which instructs that any state law claim "that duplicates, supplements or supplants the ERISA civil enforcement remedy [under ERISA

§ 502(a), 29 U.S.C. § 1132(a)] conflicts with the clear congressional intent to make the ERISA remedy exclusive . . ."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("*Davila*").  Third, RxSolutions argued that the Pintars' claims for money damages, recharacterized as claims under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for "appropriate equitable relief," do not state claims for which relief may be granted because section 502(a)(3) does not authorize an award of money damages.  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002); *Mertens v. Hewitt Associates, Inc.*, 508 U.S. 248, 252 (1993).

       The Pintars' scatter-shot Opposition appears to raise two principal arguments.  First, they contend that their state law claims of strict liability for failure to warn and breach of an implied warranty a merchantability, grounded on the notion that RxSolutions knew or should have known that Vioxx was a defective and dangerous drug, do not "relate to" an ERISA plan, and are therefore not expressly preempted under ERISA § 514(a).  Opposition to RxSolutions, Inc.'s Motion to Dismiss ("Plfs. Opp.") at 4-11.  Second, the Pintars attempt to distinguish the Supreme Court's decision in *Davila* by arguing that their claims do not arise out of the mishandling of a claim for benefits under an ERISA plan, but rather out of an "independent legal duty" under Nevada law, and are therefore not completely preempted under ERISA's civil enforcement scheme.  Plfs. Opp. at 12-13.  Neither of these arguments withstand scrutiny.  And, tellingly, the Pintars do not even attempt to argue that if their state law claims are preempted, they have any viable claim under ERISA.  The complaint should therefore be dismissed under Fed. Rule Civ. P. 12(b)(6).

I.     **The Pintars' damages claims arising out of the alleged mishandling of the prescription drug benefit claims "relate to" an employee benefit plan.**

       The Supreme Court has repeatedly observed that section 514(a)'s preemption provision "indicates Congress's intent to establish the regulation of employee welfare benefit plans 'as

2

exclusively a federal concern.'" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).  Congress's "'goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government …, [and to prevent] the potential for conflict in substantive law … requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.'" *Id.* at 657-58 (quoting *Ingersoll-Rand, Co. v. McClendon*, 498 U.S. 133, 142 (1990) (Court's ellipses)).  Given this overall intent, the Fifth Circuit has recognized that section 514(a)'s "relates to" test is "deliberately expansive" and "is a signal that it is to be construed extremely broadly." *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1329 (5th Cir. 1992).

The courts have also recognized that the "relates to" test is not unlimited.  Thus, "'[p]re-emption does not occur … if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." *Travelers*, 514 U.S. at 662 (quoting *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 130 n.1 (1992)).  In applying this expansive but not unlimited test, the Fifth Circuit has fashioned a two-pronged test to determine whether a state law "relates to" an employee benefit plan.  A law is preempted if : "(1)  The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationships among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Mayeaux v. Louisiana Health Service & Indemnity Co.*, 376 F.3d 420, 433 (5th Cir. 2004).

Following this approach, the Fifth Circuit has repeatedly found that state law tort and contract actions based on the alleged mishandling of a claim for plan benefits are preempted.  In *Corcoran*, for example, the plaintiffs alleged that the third party administrator of their health plan refused to pre-certify a recommended hospital stay and that this refusal led to the death of their unborn child.  They brought a wrongful death action against the administrator.

3

The court recognized that the wrongful death statute was a law of general application rather than one targeted at employee benefit plans. Nevertheless, "a law is not saved from pre-emption merely because it does not target employee benefit plans. Indeed, much pre-emption litigation involves laws of general application which, when applied in particular settings, can be said to have a connection with or a reference to an ERISA plan." *Corcoran*, 965 F.2d at 1330. The court examined the circumstances that gave rise to the claim and concluded that the third party administrator's allegedly negligent conduct occurred in the course of making a benefit determination. The court concluded that "[t]he principle of *Pilot Life* [*Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987)] that ERISA pre-empts state-law claims alleging improper handling of benefit claims is broad enough to cover the cause of action asserted here." *Corcoran*, 965 F.2d at 1333.

Similarly, in *Mayeaux*, the court was faced with a tort action against a plan administrator brought by the injured plan participant and by her treating physician. The plaintiffs alleged various state law tort claims arising out of the administrator's refusal to approve a particular course of treatment. The court concluded that the participant's claims were preempted under the complete preemption doctrine developed under section 502(a). *Mayeaux*, 376 F.3d at 433. The court then examined the physician's claims and concluded that they related to an employee benefit plan and were therefore expressly preempted under section 514(a) because "they challenge [the administrator's] handling, review, and disposition of a request for coverage." *Id.* The court reasoned that "[i]f a medical practitioner could collaterally challenge a plan's decision not to provide benefits, he would directly affect the relationship between the plan and its beneficiary, two traditional ERISA entities. That clearly cannot be allowed …" *Id*. at 434.

The Fifth Circuit has reached the same conclusion in a number of other cases involving state law claims arising out of the alleged mishandling of a claim for benefits. *E.g.*, *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 243 (5th Cir. 2006) (employer's claims against plan administrator for breach of contract and misrepresentation are expressly preempted to the extent that they allege an unwarranted delay in processing claims for benefits); *Haynes v. Prudential Health Care*, 313 F.3d 330, 335 (5th Cir. 2002) (personal injury claim against

administrator for negligently handling claims for benefits relates to a plan and is expressly preempted); *McNeil v. Time Ins. Co.*, 205 F.3d 179, 192 (5th Cir. 2000) (participant's common law and statutory claims are expressly preempted because "[e]ach claim addresses Mr. McNeil's right to receive benefits under the terms of an ERISA plan.").

The Pintars' claims for damages based on failure to warn and breach of implied warranty are no different from the kinds of claims that the Fifth Circuit has consistently found to be expressly preempted under section 514(a). In essence, they allege that Mr. Pintar applied for a benefit under his plan, RxSolutions provided that benefit by dispensing prescriptions for Vioxx, and that in processing these claim, RxSolutions should either have refused to provide the benefit or should have issued a warning that Vioxx was dangerous or defective. These claims amount to nothing more than an assertion that RxSolutions mishandled the claims for benefits and should be held liable for doing so. The claims plainly relate to an employee benefit plan and are therefore expressly preempted.

**II.   The claims are also completely preempted under ERISA § 502(a).**

The Pintars also appear to argue that their claims survive complete preemption under the doctrine announced in *Pilot Life* and confirmed in *Davila*. Plfs. Opp. at 11-14. While their contentions are less than clear, they appear to assert that their claims arise out of an "independent legal duty," and therefore are saved from complete preemption. They assert that in cases like *Davila*, the "claims exist because of the terms of the plan." *Id.* at 12. Consequently, they contend that complete preemption would apply only if the plan document itself "lay[s] out the exact policy for warning or not warning as it relates to prescriptions and warranties." *Id.* This argument completely misreads *Davila* and the other complete preemption cases cited in RxSolutions's opening memorandum.

In *Davila*, one of the plaintiffs alleged that his plan administrator refused to cover his claims for Vioxx, causing him to substitute another drug that caused him injury. A second plaintiff alleged that her plan administrator refused to authorize an extension of her hospital stay, which caused her to suffer post-surgery complications and injuries. 542 U.S. at 206. Both

5

plaintiffs sued, alleging that the administrators' conduct violated their statutory duty under Texas law "to exercise ordinary care when making health care treatment decisions." *Id.* The Court held that these claims fell within the scope of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which authorizes a plan participant to bring suit to recover benefits, clarify his right to future benefits, or enforce his rights under the terms of the plan. The court recognized that the Texas statute imposed an external legal duty of care on plan administrators, but rejected the argument that this duty was "independent" of the benefit plans. *Id.* at 213. The court reasoned that "[statutory] liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans. Petitioners' potential liability under the [statute] in these cases, then, derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 214. Consequently, "respondents' [statutory] causes of action are not entirely independent of the federally regulated contract itself." *Id.*

The same is true here. The only reason RxSolutions dispensed Vioxx to Mr. Pintar was that it was a covered benefit under the mail-in prescription plan that RxSolutions administered. The liability that RxSolutions might have for violating Nevada laws relating to a duty to warn and breach of warranty thus arises directly out of RxSolutions' handling of the claims for benefits. As such, the claims are not "independent of the federally regulated contract itself."

The illogic of the Pintars' position is plain. If, as they contend, their state claims are based on an independent legal duty solely because they are grounded on state rather than federal law, then the complete preemption doctrine would be a nullity. In every complete preemption case from *Pilot Life* to *Davila,* the plaintiff was seeking to enforce duties arising under state law. If that were all it took to avoid complete preemption, there would be no doctrine of complete preemption.

6

**Conclusion**

Based on the foregoing, RxSolutions respectfully submits that the Pintars' state law claims are both expressly and completely preempted.  Moreover, because the Pintars seek only money damages, a remedy that ERISA does not provide, any ERISA claim that they might assert fails to state a claim for which relief can be granted.  Accordingly, the court should dismiss the complaint as to RxSolutions with prejudice.

Respectfully submitted,

Dated:  October 5, 2007

   /s/   August A. Imholtz III, Esq.
Thomas F. Fitzgerald, Esq.
Michael J. Prame, Esq.
August A. Imholtz III, Esq.
GROOM LAW GROUP, CHTD.
1701 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C.  20006-5893
Telephone:  (202) 857-0620
Facsimile:   (202) 659-4503
TFF@groom.com
MJP@groom.com
AAI@groom.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing RxSolutions, Inc.'s Reply Memorandum to Plaintiffs Peter Pintar and Jeanette Pintar's Opposition to RxSolutions, Inc.'s Motion to Dismiss the Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and, upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 this 5th day of October, 2007.

Russ M. Herman
Herman, Herman, Katz Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
E-mail: rherman@hhkc.com
Plaintiffs' Liaison Counsel in *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.)

Phillip A. Wittmann
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70131
E-mail: pwittmann@stonepigman.com
Defendants' Liaison Counsel in *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.)

    */s/   August A. Imholtz III, Esq.*
August A. Imholtz III, Esq.