IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX PRODUCTS LIABILITY          *
LITIGATION                               *
                                         *     MDL Docket No. 1657
SANDRA GOLDER et al.                     *
                                         *     Section L
                                         *
Plaintiffs                               *     Judge Fallon
        v.                               *
                                         *
MERCK & CO., INC.                        *     **This Document Relates to:**
                                         *     **2:07-cv-06434**
        Defendant                        *
  *     *     *     *     *     *     *     *     *     *     *     *

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers Plaintiffs'

Complaint ("Complaint") and each and every count thereof, separately and severally, as follows:

## RESPONSE TO "PREAMBLE"

Merck denies each and every allegation contained in the first unnumbered paragraph of

the "Preamble" section of the Complaint.  Merck denies each and every allegation contained in

the second unnumbered paragraph of the "Preamble" section of the Complaint, except admits

that that the presentation referenced in the second unnumbered paragraph of the "Preamble"

section of the Complaint exists and respectfully refers the Court to said documents for their

actual language and full text.  Merck denies each and every allegation contained in the third

unnumbered paragraph of the "Preamble" section of the Complaint.  Merck denies each and

every allegation contained in the first three sentences of the fourth unnumbered paragraph of the

"Preamble" section of the Complaint, except admits that Merck voluntarily withdrew Vioxx

from the worldwide market on September 30, 2004.  Merck denies each and every allegation

contained in the last sentence of the fourth unnumbered paragraph of the "Preamble" section of

the Complaint, except admits that the journal and editorial referenced therein exist and respectfully refers the Court to the referenced editorial for its actual language and full text.

## RESPONSE TO "THE PARTIES"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Merck admits the allegations contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation of paragraph 4 of the Complaint, and avers that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntarily withdrawal Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx is the brand name for rofecoxib.

## RESPONSE TO "JURISDICTION AND VENUE"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 3 of this Answer with the same force and effect as though set forth here in full.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.

895337v.1

6.     Merck denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint.

## RESPONSE TO "FACTUAL BACKGROUND"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 7 of this Answer with the same force and effect as though set forth here in full.

8.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Merck denies each and every allegation directed at Merck in paragraph 10 of the Complaint.

11.    Merck denies each and every allegation directed at Merck in paragraph 11 of the Complaint.

12.    Merck denies each and every allegation directed at Merck in paragraph 12 of the Complaint.

13.    The allegations contained in paragraph 13 of the Complaint are legal conclusions as to which no responsive pleading is required.

14.    Merck denies each and every allegation directed at Merck in paragraph 14 of the Complaint.

895337v.1

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except avers that Vioxx is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective cyclooxygenase-2 ("COX-2") inhibiter which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses in a manner consistent with the information in the FDA-approved prescribing information.  Merck further avers that the COX enzyme produces arachidonic acid, that prostaglandins are derived from arachidonic acid and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2..

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except it admits that Vioxx is a selective cyclooxygenase-2 ("COX-2") inhibiter and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

17.     Merck denies each and every allegation in paragraph 17 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

18.     Merck denies each and every allegation in paragraph 18 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

19.     Merck denies each and every allegation in paragraph 19 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the

895337v.1

prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

22. Merck denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Merck denies each and every allegation contained in the second sentence of paragraph 22 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck denies each and every allegation contained in the third sentence of paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that the studies referenced in sentence one of paragraph 24 and the

article referenced in sentence three of paragraph 24 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

28.     Merck denies each and every allegation set forth in the first two sentences of paragraph 28 of the Complaint except admits that the referenced journals and articles contained therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual language and full context. Denies each and every allegation in the third sentence of paragraph 28 of the Complaint except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full context.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck received a letter in September 2001 from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

895337v.1

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that Merck received a letter in September 2001 from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

32.     Merck denies each and every allegation set forth  in paragraph 32 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the court to the referenced Patient Information sheet for its actual language and full text.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

895337v.1

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO "COUNT I--NEGLIGENCE" (Survival Action)**

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

895337v.1

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint, including subparagraphs (a)-(f).

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation set forth in paragraph 46 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count I of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count I of the Complaint.

### <u>RESPONSE TO "COUNT II--NEGLIGENCE" (Wrongful Death Claim)</u>

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

895337v.1

49.     The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation set forth in paragraph 52 of the Complaint, including subparagraphs (a)-(e).

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count II of the Com  plaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count II of the Complaint.

895337v.1

## RESPONSE TO "COUNT III--STRICT LIABILITY" (Survival Action)

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and effect as though set forth here in full.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

57.     Merck denies each and every allegation set forth in paragraph 57 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint.

59.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in first sentence of paragraph 59 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of paragraph 59 of the Complaint.

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

895337v.1

63.     Merck denies each and every allegation set forth in paragraph 63 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count III of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count III of the Complaint.

### RESPONSE TO "COUNT IV--STRICT LIABILITY" (Wrongful Death Claim)

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

67.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in first sentence of paragraph 67 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of paragraph 104 of the Complaint.

895337v.1

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count IV of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count IV of the Complaint.

<u>RESPONSE TO COUNT V--STRICT PRODUCTS LIABILITY<br>(FAILURE TO WARN) (Survival Action)</u>

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

72.     Merck denies each and every allegation set forth in paragraph 72 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

73.     Merck denies each and every allegation set forth in paragraph 73 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine

895337v.1

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

74.     Merck denies each and every allegation set forth in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation set forth in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation set forth in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation set forth in paragraph 79 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count V of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count V of the Complaint.

### RESPONSE TO COUNT VI--STRICT PRODUCTS LIABILITY (FAILURE TO WARN) (Wrongful Death Claim)

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

- 14 -

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

82.     Merck denies each and every allegation set forth in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation set forth in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation set forth in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation set forth in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation set forth in paragraph 87 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VI of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VI of the Complaint.

895337v.1

<u>RESPONSE TO "COUNT VII--BREACH OF</u>
<u>IMPLIED WARRANTY OF MERCHANTABILITY (Survival Action)</u>

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation set forth in paragraph 88 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

89.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

90.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint.

91.     The allegations set forth in paragraph 91 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

92.     Merck denies each and every allegation set forth in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation set forth in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation set forth in paragraph 94 of the Complaint.

895337v.1

95.     Merck denies each and every allegation set forth in paragraph 95 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VII of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VII of the Complaint.

**RESPONSE TO "COUNT VIII--BREACH OF**
**IMPLIED WARRANTY OF MERCHANTABILITY" (Wrongful Death Claim)**

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

96.     Merck denies each and every allegation set forth in paragraph 96 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

97.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

98.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint.

99.     The allegations set forth in paragraph 99 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

895337v.1

100.   Merck denies each and every allegation set forth in paragraph 100 of the Complaint.

101.   Merck denies each and every allegation set forth in paragraph 101 of the Complaint.

102.   Merck denies each and every allegation set forth in paragraph 102 of the Complaint.

103.   Merck denies each and every allegation set forth in paragraph 103 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VIII of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VIII of the Complaint.

## <u>RESPONSE TO "COUNT IX--BREACH OF EXPRESS WARRANTY"</u>
### <u>(Survival Action)</u>

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 103 of this Answer with the same force and effect as though set forth here in full.

104.   Merck denies each and every allegation set forth in paragraph 104 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

105.   Merck denies each and every allegation set forth in paragraph 105 of the Complaint.

895337v.1

106.    Merck denies each and every allegation set forth in paragraph 106 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

107.    The allegations contained in paragraph 107 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparagraphs (a)-(c), and respectfully refers the court to the relevant law governing Plaintiff's claims.

108.    The allegations contained in the first sentence of paragraph 108 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every of allegation contained in the first sentence of paragraph 108 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 108 of the Complaint.

109.    Merck denies each and every allegation set forth in paragraph 109 of the Complaint.

110.    Merck denies each and every allegation set forth in paragraph 110 of the Complaint.

111.    Merck denies each and every allegation set forth in paragraph 111 of the Complaint.

112.    Merck denies each and every allegation set forth in paragraph 112 of the Complaint.

113.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint.

114.    Merck denies each and every allegation set forth in paragraph 114 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count IX of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count V of the Complaint.

### RESPONSE TO "COUNT X--BREACH OF EXPRESS WARRANTY" (Wrongful Death Claim)

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 114 of this Answer with the same force and effect as though set forth here in full.

115.    Merck denies each and every allegation set forth in paragraph 115 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

116.    Merck denies each and every allegation set forth in paragraph 116 of the Complaint.

117.    Merck denies each and every allegation set forth in paragraph 117 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

118.    The allegations contained in paragraph 118 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparagraphs (a)-(c), and respectfully refers the court to the relevant law governing Plaintiff's claims.

119.     The allegations contained in the first sentence of paragraph 119 of the Complaint are legal conclusions as to which no response is required.   Should a response be deemed required, Merck denies each and every of allegation contained in the first sentence of paragraph 119 of the Complaint.   Merck denies each and every allegation contained in the second sentence of paragraph 119 of the Complaint.

120.     Merck denies each and every allegation set forth in paragraph 120 of the Complaint.

121.     Merck denies each and every allegation set forth in paragraph 121 of the Complaint.

122.     Merck denies each and every allegation set forth in paragraph 122 of the Complaint.

123.     Merck denies each and every allegation set forth in paragraph 123 of the Complaint.

124.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint.

125.     Merck denies each and every allegation set forth in paragraph 125 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count X of the Complaint is not an allegation and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count X of the Complaint.

895337v.1

## RESPONSE TO COUNT XI--FRAUD AND MISREPRESENTATION
### (Survival Action)

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through125 of this Answer with the same force and effect as though set forth here in full.

126.    Merck denies each and every allegation set forth in paragraph 126 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

127.    The allegations contained in paragraph 127 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant legal standard governing Plaintiff's claims.  Merck further denies that it violated any applicable law, duty or standard of care in the manufacture, sale or design of Vioxx.

128.    Merck denies each and every allegation set forth in paragraph 128 of the Complaint.

129.    Merck denies each and every allegation set forth in paragraph 129 of the Complaint.

130.    Merck denies each and every allegation set forth in paragraph 130 of the Complaint.

131.    Merck denies each and every allegation set forth in paragraph 131 of the Complaint.

132.    Merck denies each and every allegation set forth in paragraph 132 of the Complaint.

895337v.1

133.     Merck denies each and every allegation set forth in paragraph 133 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count XI of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count XI of the Complaint.

### RESPONSE TO COUNT XII--FRAUD AND MISREPRESENTATION
### (Wrongful Death Claim)

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 133 of this Answer with the same force and effect as though set forth here in full.

134.     Merck denies each and every allegation set forth in paragraph 134 of the Complaint, except admits that plaintiff purports to incorporate all other paragraphs of the Complaint.

135.     The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant legal standard governing Plaintiff's claims.  Merck further denies that it violated any applicable law, duty or standard of care in the manufacture, sale or design of Vioxx.

136.     Merck denies each and every allegation set forth in paragraph 136 of the Complaint.

137.     Merck denies each and every allegation set forth in paragraph 137 of the Complaint.

138.    Merck denies each and every allegation set forth in paragraph 138 of the Complaint.

139.    Merck denies each and every allegation set forth in paragraph 139 of the Complaint.

140.    Merck denies each and every allegation set forth in paragraph 140 of the Complaint.

141.    Merck denies each and every allegation set forth in paragraph 141 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count XII of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count XII of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

142.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

143.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

144.    The claims of the Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

- 24 -

145.    The Complaint fails to state a claim upon which relief can be granted.

146.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

147.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

148.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

149.    If the Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

150.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

151.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs' Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

152.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs' Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

895337v.1

153.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

154.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' Decedent's misuse or abuse of Vioxx.

155.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' Decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

156.    To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

157.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Maryland law.

158.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

159.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

160.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

895337v.1

161.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

162.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

163.    This case is more appropriately brought in a different venue.

164.    Venue in this case is improper.

165.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

166.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

167.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

168.    The claims of the Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

169.    The claims of the Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

170.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

895337v.1

171.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

172.    The claims of the Plaintiffs may be barred, in whole or in part, by the governing state laws.

173.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

174.    Plaintiffs have not sustained any injury or damages compensable at law.

175.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

176.    To the extent that Plaintiffs seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

177.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

178.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

179.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

180.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

895337v.1

Plaintiffs allege their Decedent to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

181.    Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

182.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

Merck joins in the demand for a trial by jury.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Merck & Co., Inc. respectfully requests that the Complaint be dismissed and that Merck recover all costs herein expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
504-581-3361 (phone)
504-581-3361 (facsimile)

Paul F. Strain (Federal Bar No. 01255)
pfstrain@venable.com
Stephen E. Marshall (Federal Bar No. 08896)
semarshall@venable.com
Christopher J. Conoscenti (Federal Bar No. 27247)
cjconoscenti@venable.com
Venable, LLP
Two Hopkins Plaza
Baltimore, Maryland  21201-2978
410-244-7400 (phone)
410-244-7742 (facsimile)

Counsel for Merck & Co., Inc.

895337v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of October, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

895337v.1