Michael London
Douglas & London, P.C.
111 John Street
Suite 1400
New York, NY 10038
Telephone: (212)566-7500
Facsimile: (212)566-7501

Attorneys for Plaintiffs Herein

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED OCT - 9 2007
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | ) CASE NO.: 05-CV-05164 ) |
| This Document relates to: | ) MDL No.: 1657 ) |
| NINA HOPPER | ) |
| Plaintiff, | ) |
| vs. | ) |
| MERCK & CO., | ) |
| Defendants. | ) |

TO THE HONORABLE JUDGE OF SAID COURT:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIM SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROVIDE A RESPONSE TO THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRETRIAL ORDER NO. 18C**

1. On September 18, 2007, Defendant filed an Order to Show Cause against numerous plaintiffs in this multidistrict litigation that are represented by many different law firms. This Response concerns the above-captioned Plaintiff only, who is represented by Douglas & London, P.C., your undersigned's law firm.

2.  Simply put, Defendant's Motion seeks to dismiss this case, among others, with prejudice for failure of plaintiff to provide any response to the Plaintiff Profile Form (hereinafter referred to as "PPF") as required by Pre-Trial Order No. 18C. As set forth in detail below, your undersigned's office, counsel for Plaintiff, Nina Hopper, has attempted to contact Plaintiff, Ms. Hopper, on multiple occasions so as to obtain and submit the necessary materials that serve as the basis for Defendant's underlying motion. To date, our efforts to receive the materials from Plaintiff, Ms. Hopper, have been unsuccessful.

3.  We have attempted to contact Plaintiff, Ms. Hopper, on multiple occasions by letter and by phone so as to obtain and submit the necessary materials that serve as the basis for Defendant's underlying motion. To date, our efforts to receive the materials from Plaintiff, Ms. Gardener, have been unsuccessful.

4.  Specifically, our efforts to reach Ms. Hopper include the following:

- Correspondence was sent to Ms. Hopper, dated *November 22, 2006*. In sum and substance this letter requested that her PFS be returned to our office by December 8, 2006. This letter was sent via regular mail and by return receipt certified mail.[1]

- A newspaper ad for Ms. Hopper and/or next of kin was placed and run from December 4, 2006, though December 6, 2006.

- On April 19, 2007, your undersigned secured an Affidavit from Shadow Investigations, who was hired to do a search of Plaintiff's whereabouts. As set forth in the Affidavit, we had no success in the attempt to locate the Plaintiff. Upon request from the Court the Affidavit of due diligence will be provided for an *in camera* inspection to the Court.

- Correspondence was sent to Ms. Hopper dated *July 9, 2007*. In sum and substance this letter requested that she contact our office immediately and by no later than July 27, 2007. This letter was sent via regular mail and by return receipt certified mail.

---

[1] Copies of the actual correspondence between our office and our co-counsel to Ms. Hopper are subject to and protected by the attorney-client privilege and we do not want to waive same by attaching them to this Response. Accordingly, to the extent the Court wants to review these letters, we will gladly provide them for an *in camera* inspection.

- Numerous efforts to reach the Plaintiff by telephone were also made. However, on or about October 12, 2006, the telephone number to Ms. Hopper was disconnected.

5. While we believe our efforts have been more than diligent to reach Ms. Hopper we would respectfully request that the Court afford Plaintiff at the very least thirty (30) more days for her to hopefully complete and return the PPF to our office for service upon the Defendants or for her to make a decision as to whether to pursue this matter. To this precise end, while we believe that Ms. Hopper has received our correspondence, before such a drastic step like dismissal with prejudice is taken, we would ask the Court to permit us one more opportunity for her to possibly respond.[2]

6. There is no prejudice that would result to Defendant for this short delay; indeed, this case is not set for trial, nor is a deposition scheduled in this respect. Furthermore, while we are cognizant of the Defendant's right to discover cases and defend claims asserted against them, permitting Plaintiff, Ms. Hopper, at the very least an additional thirty (30) days to provide the information requested, namely the PPF and executed authorizations or to determine whether she wants to pursue this action further, will not prejudice the defense of the case nor any of Defendant's rights.

7. Finally, in the event the Court does dismiss Plaintiff's case either now, or at the expiration of some additional period, via a conditional dismissal order, *we would respectfully request that such dismissal order be issued and made without prejudice.*

For the aforementioned reasons, Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss and permit the Plaintiff, Nina Hopper, additional time to serve her completed PPF and executed authorizations, and/or in the alternative should the motion be granted, than said dismissal should be without prejudice, and grant such other and further relief as the Court deems just and proper under the circumstances.

---

[2] We also intend on serving this opposition on her; as such, upon receipt of this opposition she should have additional time.

Respectfully submitted,

Dated: October 1, 2007

                    DOUGLAS & LONDON, P.C.

By: _____
Michael London
Attorneys for Plaintiff
111 John Street; Suite 1400
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501

## CERTIFICATE OF SERVICE

I hereby certify that I caused to serve a true and correct copy of the Plaintiff's Certification in Opposition to Defendant's Order to Show Cause, sworn to the 2nd day of October, 2007, via Lexis Nexis File & Serve, upon all defense counsel of record and upon:

Hon. Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, Louisiana, 70130

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: October 2, 2007

Michael A. London