IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL<br>CASES | ) <br>) MDL NO. 1657<br>) <br>) SECTION: L<br>) <br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES<br>) SPECIAL MASTER RICE<br>) |

## REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY AND STATUS REPORT ON PENDING MDL CLASS ACTIONS

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply in support of its Notice Of Supplemental Authority And Status Report On Pending MDL Class Actions. Plaintiffs' response brief reveals their fundamental misreading of the decision in *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076 (N.J. 2007) ("*Engineers*"), as well as their misunderstanding of the basic purpose and responsibilities of an MDL court. As Merck has explained, both the *Engineers* decision and this Court's prior decision denying certification of a nationwide personal injury class support Merck's argument that the Court should deny certification of plaintiffs' proposed statewide personal injury classes and grant Merck's motions to dismiss the purchaser and medical monitoring complaints.

*First*, plaintiffs' assertion that the *Engineers* decision "left intact the possibility that it would approve the uniform application of New Jersey law to a national class" (Pls.' Br. at 3) is wishful thinking at best. That conclusion can only be reached by ignoring the New Jersey Supreme Court's strong signal that it would have rejected the Appellate Division's *Engineers* choice-of-law analysis had reversal not been mandated on numerous other grounds. The court

1

895719v.1

pointedly noted that "certification of a nationwide class is 'rare,' and application of the law of a single state to all members of such a class is even more rare." 929 A.2d 1086 n.3. Accordingly, the court found that Merck "advance[d] strong arguments in support of its appeal from the Appellate Division's choice of law analysis." *Id.* In short, the *Engineers* decision tends to support Merck's argument that New Jersey law cannot be applied to a nationwide class.

***Second***, the *Engineers* decision also undermines plaintiffs' bid for certification of the purchaser, medical monitoring, and personal injury classes by emphasizing that class certification is inappropriate where liability turns on facts unique to each plaintiff.

Plaintiffs cannot seriously argue that *Engineers* is irrelevant to their purchase claims. Instead, plaintiffs insist they have not yet decided whether – or in what form – to seek certification of those claims, even though the Purchase Claims Master Complaint explicitly states that plaintiffs seek to certify a class of "[a]ll End-Payors located in the United States, including Consumers and Third-Party Payors, who purchased and/or paid for Vioxx not for resale during the period from May 20, 1999 through September 30, 2004, when Vioxx was withdrawn from the market." (Purchase Claims Master Class Action Compl. ¶ 4, *Aguero v. Merck & Co., Inc.*, No. 05-0504, Aug. 2, 2005 (footnotes omitted).) Alternatively, plaintiffs seek to certify statewide classes of "[a]ll End-Payors located in [State], including Consumers and Third-Party Payors, who purchased and/or paid for Vioxx not for resale during the period from May 20, 1999 through September 30, 2004, when Vioxx was withdrawn from the market." (*Id.* ¶ 5.) Both of these proposed classes are the very types of classes the *Engineers* decision precludes.

Plaintiffs also cite three federal cases that ostensibly "certified nationwide purchase classes of consumers and/or third party payors." (Pls.' Br. at 12 n.6.) One of those cases involved claims for overtime compensation certified under the federal Fair Labor Standards Act,

not purchase claims brought under state law consumer fraud statutes and certified pursuant to Rule 23. *See Burch v. Qwest Communs. Int'l, Inc.*, 2007 U.S. Dist. LEXIS 59795 (D. Minn. July 24, 2007). In the others, plaintiffs challenged pricing schemes, not a drug manufacturer's allegedly deceptive advertising and marketing of a drug. In *In re Abbott Labs. Norvir Antitrust Litig.*, 2007 U.S. Dist. LEXIS 44459 (N.D. Cal. June 11, 2007), for example, plaintiffs asserted antitrust violations focusing on defendants' pricing of a drug, and the court certified an unopposed nationwide class seeking injunctive relief under the federal Sherman Act, as well as an opposed class seeking damages under state-law unjust enrichment laws. The court also certified a statewide class under the California Unfair Competition Law, which defendant also did not oppose. *Id*. at *29. Similarly, in *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 2007 U.S. Dist. LEXIS 63159 (D. Mass. Aug. 27, 2007), plaintiffs alleged a conspiracy to raise the price consumers paid for prescription drugs, not that drug manufacturers fraudulently advertised or marketed their drugs, as plaintiffs do here. In short, these decisions provide no support for certification of plaintiffs' consumer fraud claims in this litigation.

Plaintiffs also assert that *Engineers* poses "no obstacle to class certification" of medical monitoring claims in the jurisdictions where – according to plaintiffs – such claims are recognized. (Pls.' Br. at 8 (citing cases).) Leaving to one side the viability of those claims, which Merck strongly disputes, only one of the decisions cited by plaintiffs even addresses class certification of medical monitoring claims. And contrary to plaintiffs' suggestion, numerous federal and state courts – including several in jurisdictions relied on by plaintiffs – have found that medical monitoring classes are inherently unsuitable for class certification because of the overwhelming number of individualized questions. *See Buynie v. Airco, Inc.*, No. A-3193-05T1, 2007 WL 2275013 (N.J. Super. Ct. App. Div. Aug. 10, 2007); *Wyeth, Inc. v. Gottlieb*, 930 So. 2d

635 (Fla. Ct. App. 2006). Moreover, plaintiffs' continued focus on the "behavior . . . of a single defendant as to a single drug" as an issue that is "common to all class members" was squarely rejected by the court in *Engineers*. 929 A.2d at 1087 ("the commonality of defendant's behavior is but a small piece of the required proofs").

Finally, as to the statewide personal injury class claims, plaintiffs seek to sidestep this Court's denial of nationwide class certification by characterizing that decision as turning on "the thorny choice of law issue." (Pls. Br. at 6.) Not so. Plaintiffs ignore the fact that the Court denied certification on the "independent" ground that individual questions of fact would predominate – a holding that would apply equally in the context of statewide classes. *See In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 459 (E.D. La. 2006) ("[E]ven if New Jersey law could be applied to the entire class, individualized factual issues concerning specific causation and damages dominate this litigation and create independent hurdles to certification."). That conclusion is echoed in *Engineers* as well, where the court held that the question whether Merck's alleged misrepresentations about Vioxx caused harm to plaintiffs turns on highly individual issues that preclude certification.

***Third***, plaintiffs seek to ignore the fundamental objectives of the MDL statute by arguing that this Court should abdicate its responsibility to rule on certification of statewide personal injury classes, despite the fact that the MDL Panel itself explicitly and repeatedly lists consistent resolution of class certification issues as a basis for ordering transfer in the first place. (*See* Merck Notice of Supplemental Authority (collecting cases).) Plaintiffs argue that some of the cases cited by Merck are antitrust cases, which "lend themselves to uniform application, thus permitting uniform considerations of class certifications" (Pls.' Br. at 6), but plaintiffs' attempted distinction makes no sense at all. As an initial matter, Merck cited several other non-antitrust

4

cases that all support resolution of class certification matters by the MDL court.  (*See* Merck Notice of Supplemental Authority at 4-5.)  And it could have cited dozens more, representing a variety of claims, all holding that transfer is appropriate "to prevent inconsistent pretrial rulings, ***especially with respect to class certification***."  *In re Medtronic, Inc.*, 408 F. Supp. 2d 1351, 1352 (J.P.M.L. 2005) (product liability claims).  *See also, e.g.*, *In re Jetblue Airways Corp. Privacy Litig.*, 305 F. Supp. 2d 1362 (J.P.M.L. 2004) (violation of privacy claims); *In re Union Pac. R.R. Co. Empl. Pract. Litig.*, 314 F. Supp. 2d 1383 (J.P.M.L. 2004) (discrimination claims); *In re Farmers Ins. Co.*, 295 F. Supp. 2d 1375 (J.P.M.L. 2003) (consumer fraud claims); *In re Global Crossing Ltd. Secs. & ERISA Litig.*, 223 F. Supp. 2d 1384 (J.P.M.L. 2002) (securities and ERISA claims).  *Accord In re Natural Res. Fund, Inc., Secs. Litig.*, 372 F. Supp. 1403, 1404 (J.P.M.L. 1974) ("potential for conflicting class determinations by the transferor courts . . . presents another highly persuasive if not compelling reason for transfer of all actions to a single judge"); *In re New York City Mun. Secs. Litig.*, 439 F. Supp. 267, 269-70 (J.P.M.L. 1977) ("[T]here is no reason . . . why the class determinations regarding the [transferred] actions should not be made by the transferee judge.  Indeed, the transferee judge's participation in this important pretrial process will better enable him to coordinate the pretrial proceedings regarding the common factual questions and to thereby effect the simplification of issues through control of discovery and other means").").[1]

Moreover, there is no logical reason that MDL courts should decide class certification in the context of antitrust cases but not other kinds of cases, and plaintiffs do not even bother to explain why that would make sense.  The fact that antitrust cases may be subject to unitary

---

[1] Plaintiffs' argument that this Court's resolution of all pretrial issues, including class certification, runs afoul of *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), is both unexplained and inexplicable.  *Lexecon* holds only that cases must be remanded to the original transferor court for trial proceedings.  It does not address class certification at all, much less suggest that class certification alone should be excluded from the list of pre-trial proceedings the MDL court is both authorized and expected to address.

federal law is irrelevant – the question here is which court should decide the *procedural* question of class certification.  As to that question, it is irrelevant whether the substantive law is drawn from a federal standard or from laws of the fifty states.

Without any authority to support their position, plaintiffs resort to attacking the MDL model itself, and its twin goals of efficiency and consistency.  Remarkably, they fault the "static MDL model," arguing that: (1) it was "last modified" nine years ago, (2) it "fails to take into account local nuances," and (3) it "applies a uniform ruling to each case despite the variance of circuit laws." (Pls.' Br. at 5.)  Of course, plaintiffs' complaint that 28 U.S.C. § 1407 ought to be amended in some unstated manner amounts to an implicit concession that current law does not permit the result they urge.  The MDL statute vests the transferee court with the responsibility of conducting pre-trial proceedings, including class certification.  28 U.S.C. § 1407(a).  Were it otherwise, the purposes of the MDL statute would be thwarted entirely.  Class certification must be resolved "at an early practicable time," Fed. R. Civ. P. 23(c)(1)(A) – certainly long before all other pre-trial proceedings have been concluded.  Therefore, permitting cases to be remanded for determination of class certification would sharply conflict with an MDL court's duty to conduct all pre-trial proceedings itself and thus eliminate the efficiencies sought to be achieved by transfer.  Moreover, permitting statewide class certification to be resolved in fifty separate federal proceedings embraces just the sort of inconsistency the MDL rules were designed to avoid.  *Id*.  If plaintiffs do not like the current MDL model, they should direct their arguments to Congress, not this Court.

In the end, it is transparently obvious that plaintiffs' real purpose in seeking remand for class certification purposes is to avoid the implications of this Court's previous ruling on their nationwide class proposal.  Yet Merck is unaware of any instance in which the MDL Panel has

remanded a case *before* class certification had been decided, plaintiffs have cited none in their response, and their proposal plainly conflicts with the MDL court's purpose of resolving all pre-trial issues prior to remand.  Because the resolution of class certification during the MDL process will avoid the risk of inconsistent pretrial rulings and increase judicial efficiency, this Court should resolve plaintiffs' proposed statewide personal injury classes at this time, rather than suggest that the cases be remanded to their transferor courts for multiple class certification proceedings.

Dated:  October 10, 2007

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Stipulation of Dismissal Without Prejudice has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of October, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel