MINUTE ENTRY
FALLON, J.
OCTOBER 11, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 28 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.  <u>STATE COURT TRIAL SETTINGS</u>

The following is the updated current listing provided by Merck of state court cases set for trial through March 31, 2008:  The *Record* case in the Florida Circuit Court, Palm Beach County, Florida, is currently set on a trial docket that runs from December 10, 2007 to January

1

JS10(00:40)

18, 2008.  In January, the Turner case is set for January 7, 2008 in the Alabama Circuit Court, Bullock County, Alabama; the *Appell/Arrigale* case is set for January 8, 2008 in the California Coordinated proceeding, in the California Superior Court, Los Angeles County; and a date of January 22, 2008 has been set in the New Jersey Coordinated proceeding, in the New Jersey Superior Court, Atlantic County, for four trials with up to 2-3 plaintiffs each.  In February, the *Zajicek* case is set for February 11, 2008 in the Texas District Court, Jackson County, Texas.  Finally, the *Frederick* case is set for March 10, 2008, in the Alabama Circuit Court, Jefferson County, Alabama.

II.     FURTHER PROCEEDINGS IN THE EARLY FEDERAL COURT CASES

On September 14, 2007, Merck filed a Notice of Appeal from the Judgment entered in the *Barnett* case.  At today's conference, the Court discussed the potential of selecting a procedure for trying several stroke cases in 2008.  The Court also informed the parties that it would be focusing on the purchase claims cases that are part of this MDL.

III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The Court has advised the parties that it will address these issues at a later date.

IV.     DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to

which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal. Documents that are discoverable are to be produced to plaintiffs in accordance with an agreed schedule, with the production concluding on or about November 30, 2007. Merck advises it has already produced documents relating to Dr. Reicin for which it withdrew or modified its privilege claims and further advises that it will produce on October 15, 2007 documents relating to Drs. Morrison or Barr for which Merck is withdrawing or modifying its privilege claims. The parties informed the Court that they have reached agreements concerning upcoming deposition dates in light of these productions.

V.     DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

On July 31, 2007, the Court issued an Order regarding Special Master Rice's Second Report regarding the DDB and Ogilvy documents which were the subject of the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC. On August 17, 2007, Merck filed objections to the Special Master's Second Report, the PSC then filed a response, and Merck filed a reply. By Order dated September 21, 2007, the Court instructed Special Master Rice to issue rulings with respect to individual documents subject to Merck's objections to the Special Master's recommendations regarding the DDB/Ogilvy privileged documents. On September 27, 2007, the parties participated in a conference call with Special Master Rice and Special Counsel Barriere and agreed on a

procedure and schedule for the review.  Pursuant to the schedule, Merck has submitted additional materials and briefing, the Special Master will issue tentative rulings on October 9, Merck will submit any materials in response to those tentative rulings by October 16, and the PSC will submit any response by October 23.

VI.     DEPOSITION SCHEDULING

Merck has noticed the *de bene esse* depositions of the following current Merck employees on the below listed dates:  Dr. Alise Reicin for November 14 and 15, 2007; Dr. Briggs Morrison for November 29 and 30, 2007; and Dr. Eliav Barr for November 29 and 30, 2007.  The PSC has noticed the discovery deposition of Dr. Reicin for October 16, 2007; however, upon receipt of the Reicin production (see Section IV above), the PSC requested that this deposition date be reset.  Furthermore, the PSC has communicated with Merck regarding the scheduling of Dr. Barr's discovery deposition.  The parties continue to discuss the scheduling of depositions.

VII.    PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Following the September 6, 2007 monthly status conference, Merck filed three additional Rules to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs in contravention of Pre-Trial Order 18C.  In addition, several Rules heard at the July 27, 2007 and September 6, 2007 monthly status conferences were continued until today.  All of these Rules were taken up following today's conference, and the Court will issue separate orders resolving these issues.

Issues relating to the completeness of PPFs and the requirement of specific authorizations by certain providers were discussed at the September 6, 2007 status conference.  In accordance

with the Court's instructions, the parties have attempted to address these issues in a proposed new Pre-Trial Order. On October 9, 2007, Merck submitted the parties' competing drafts to the Court. At today's conference, the Court directed the parties to once again try to reach an agreement on these issues.

## VIII.     STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. At today's conference, the State Liaison Committee called the Court's attention to one particular case in which a remand motion is pending, *Montgomery v. Merck & Co., Inc.*, No. 05-1176. Plaintiff's counsel in this case requested that the matter be brought to the Court's attention due to medical hardships. The Court also directed counsel in the *Flippin v. Merck & Co., Inc.* case, No. 05-1797, to provide convenient dates for a hearing on the pending remand motion in that case.

## IX.     *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various pro se claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On July 5, 2007, the Court entered Pre-Trial Order No. 25, which sets forth the terms of *pro se* plaintiffs' access to the PSC document depository. Since the entry of PTO 25, the PSC has received a number of communications from various *pro se* claimants. The Pre-Trial Order is

located at http://vioxx.laed.uscourts.gov.

X. IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS data. The PSC has been advised that Orders were issued in New Jersey state court regarding the IMS data and the PSC is reviewing the Orders further.

XI. MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement.

XII. TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum. On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form. The PSC is reviewing the information and will be providing a response to DLC.

XIII. ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL

6

1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

## XIV. <u>VIOXX SUIT STATISTICS</u>

Merck advises that as of June 30, 2007, it has been served or was aware that it had been named as a defendant in approximately 26,950 lawsuits, which include approximately 45,225 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 266 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,575 lawsuits representing approximately 23,450 plaintiff groups are or are slated to be in the federal MDL and approximately 16,400 lawsuits representing approximately 16,400 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of June 30, approximately 14,450 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 4,620 plaintiff groups have been dismissed as of June 30, 2007. Of these, there have been more than 1,170 plaintiff groups whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts, and more than 3,450 plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits

include multiple Plaintiffs in the caption.

XV.     MERCK INSURANCE

Since the 30(b)(6) deposition regarding insurance took place on May 23, 2007, the PSC is further reviewing materials and will advise Merck with respect to issues involving the PSC's request for discovery concerning Merck insurance coverage and the arbitration/dispute resolution matters.

XVI.    MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months. The matter is not yet set for hearing. Merck advises that it intends to file responsive pleadings.

XVII.   OXFORD/VICTOR DATA

The PSC has requested that Merck and Oxford provide information relative to Protocol 203 and other items related to VICTOR. On July 3, 2007, Merck's counsel sent correspondence to PLC enclosing a comprehensive index memorializing productions and copies of transmittal letters regarding same. On July 25, 2007, Oxford provided Merck with the data that supported Oxford's publication on the VICTOR study. That data was produced to the PSC. Merck has agreed to produce to the PSC any additional data received from Oxford when it is received by Merck.

XVIII.  PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued Pre-Trial Order No. 27 regarding submission of the PSC's trial package. On October 3, 2007, the trial package was presented to the Court for review.

## XIV. NEXT STATUS CONFERENCE

The next monthly status conference will be held on November 9, 2007, at 9:00 a.m. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 20713894 and the Chairperson will be Judge Fallon.

*[signature]*