## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | : MDL Docket No. 1657 |
| | : |
| PRODUCTS LIABILITY LITIGATION | : SECTION L |
| | : |
| This document relates to: *Linda Hakim and Maurice* | : JUDGE FALLON |
| *Hakim v. Merck & Co., Inc.* (E.D. La. 07-5434) | : |
| | : MAG. JUDGE KNOWLES |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "JURISDICTION AND VENUE"

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that Plaintiffs purport to be citizens of a state other than New Jersey and that Plaintiffs state that the amount in controversy exceeds $75,000, but denies that there is any legal or factual basis for the relief sought by Plaintiffs.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is authorized to do business in Pennsylvania.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck

admits Plaintiffs purport to bring an action in which the amount in controversy exceeds $150,000, but denies that there is any legal or factual basis for the relief sought by Plaintiffs.

## RESPONSE TO "PARTIES"

4.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.    Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey.

7.    Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx®.

8.    Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck is authorized to do business in the Commonwealth of Pennsylvania.

9.    Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

11.    Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription

- 2 -

medicine Vioxx. Merck respectfully refers the Court to the relevant Food and Drug Administration ("FDA")-approved prescribing information for Vioxx for Vioxx's indicated uses.

12. Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13. Merck denies each and every allegation contained in paragraph 13 of the Complaint.

## RESPONSE TO "NATURE OF THE CASE"

14. Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck sought and received approval of the FDA to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for Vioxx's indicated uses.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16. Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint.

## RESPONSE TO "FACTUAL BACKGROUND"

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Vioxx is the brand name of rofecoxib. Further, Merck avers Vioxx

- 3 -

is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint and avers that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of COX-2.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Plaintiffs purport to refer to the FDA's labeling for Vioxx, Merck's trade name for rofecoxib, and certain "studies" and respectfully refers the Court to the referenced labeling and studies for their actual language and full text.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that Plaintiffs purport to quote the referenced label and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

26.     Merck admits that in paragraph 26 of the Complaint Plaintiffs purport to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced studies and article exist and respectfully refers the Court to said studies and article for their actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that Merck received a letter from a regulatory review officer in

- 5 -

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

33.    Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

36.    Merck denies each and every allegation contained in paragraph 36 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

37.    Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

39.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that Plaintiffs purport to quote from a Merck 8-K filing with the Securities and Exchange Commission and respectfully refers the Court to the relevant document for its actual language and full text.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

- 7 -

45.     Merck denies each and every allegation contained in paragraph 45 of the

Complaint except admits that Plaintiffs purport to quote portions of certain statements and

respectfully refers the Court to the referenced statements for their actual language and full

context.

46.     Merck denies each and every allegation contained in paragraph 46 of the

Complaint.

## RESPONSE TO "PLAINITFF'S [*sic*] USE OF VIOXX"

47.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation contained in paragraph 49 of the

Complaint.

50.     Merck denies each and every allegation contained in paragraph 50 of the

Complaint.

51.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the

Complaint.

## RESPONSE TO "COUNT I – NEGLIGENCE"

53.     With respect to the allegations contained in paragraph 53 of the Complaint, Merck

repeats and realleges each and every admission, denial, averment, and statement contained in the

preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

54. The allegations contained in paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant state law standard, including any applicable conflicts of laws rules.

55. Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56. Merck denies each and every allegation contained in paragraph 56 of the Complaint, including subparagraphs a through c.

57. Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58. Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59. Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60. Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61. Merck denies each and every allegation contained in paragraph 61 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT II – PRODUCTS LIABILTY [sic] – DEFECTIVE DESIGN"

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

64.     Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the remaining allegations of paragraph 64 of the Complaint.

65.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

- 10 -

69.   Merck denies each and every allegation contained in paragraph 69 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

70.   The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint.

71.   Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.   The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

73.   Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "COUNT III – PRODUCTS LIABILTY [*sic*] – FAILURE TO WARN"**

74.   With respect to the allegations contained in paragraph 74 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

75.   Merck denies each and every allegation contained in paragraph 75 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in the paragraph 78 of the Complaint.

79.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant state law standard, including any applicable conflicts of laws rules.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

- 12 -

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## **RESPONSE TO "COUNT IV – BREACH OF EXPRESS WARRANTY"**

88.     With respect to the allegations contained in paragraph 88 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT V – FRAUDULENT MISREPRESENTATION"

96.     With respect to the allegations contained in paragraph 96 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     The allegations contained in paragraph 98 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.

- 14 -

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VI – FRAUD"

107.    With respect to the allegations contained in paragraph 107 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110. Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111. Merck denies each and every allegation contained in paragraph 111 of the Complaint.

112. Merck denies each and every allegation contained in paragraph 112 of the Complaint.

113. Merck denies each and every allegation contained in paragraph 113 of the Complaint.

114. Merck denies each and every allegation contained in paragraph 114 of the Complaint.

115. The allegations contained in paragraph 115 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 115 of the Complaint.

116. Merck denies each and every allegation contained in paragraph 116 of the Complaint.

117. Merck denies each and every allegation contained in paragraph 117 of the Complaint.

118. Merck denies each and every allegation contained in paragraph 118 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VII – NEGLIGENT MISREPRESENTATION"

119.    With respect to the allegations contained in paragraph 119 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

120.    Merck denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Merck denies each and every allegation contained in paragraph 121 of the Complaint.

122.    The allegations contained in paragraph 122 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

123.    The allegations contained in paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

124.    Merck denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Merck denies each and every allegation contained in paragraph 125 of the Complaint.

126.    Merck denies each and every allegation contained in paragraph 126 of the Complaint.

127. Merck denies each and every allegation contained in paragraph 127 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VIII – LOSS OF CONSORTIUM"

128. With respect to the allegations contained in paragraph 128 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

129. Merck denies each and every allegation contained in paragraph 129 of the Complaint.

130. Merck denies each and every allegation contained in paragraph 130 of the Complaint.

131. Merck denies each and every allegation contained in paragraph 131 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "PRAYER FOR RELIEF"

Plaintiffs' "Prayer for Relief" section of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint as set out more fully below.

a. Merck denies that Plaintiffs are entitled to the relief requested in paragraph a of the Prayer for Relief;

- 18 -

b.      Merck denies that Plaintiffs are entitled to the relief requested in paragraph b of the Prayer for Relief;

c.      Merck denies that Plaintiffs are entitled to the relief requested in paragraph c of the Prayer for Relief; and

d.      Merck denies that Plaintiffs are entitled to the relief requested in paragraph d of the Prayer for Relief.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Merck demands a trial by jury as to all issues so triable.

## AFFIRMATIVE DEFENSES

132.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

133.    The Complaint fails to state a claim upon which relief can be granted.

134.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

135.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

136.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

137.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are

barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

138.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

139.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

140.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

141.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

142.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

143.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and

environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

144.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

145.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

146.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

147.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

148.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

149.     Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

150.     Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

151.     This case is more appropriately brought in a different venue.

152.    To the extent Plaintiffs settled or will in the future settle with any person or entity
with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced
accordingly.

153.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or
actually received from any other source for injuries alleged in the Complaint, such benefits are
not recoverable in this action.

154.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to
mitigate the alleged damages.

155.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the
circumstances constituting fraud with particularity, as required by Federal Rule of Civil
Procedure 9(b).

156.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net
benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement
(Third) of Torts:  Products Liability.

157.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of
Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and,
therefore, any award of punitive damages is barred.

158.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling
was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §
301.

159.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Merck demands a trial by jury as to all issues so triable.

Dated: October 12 , 2007        Respectfully submitted,

Dorothy H. Wimberly

Phillip A. Whittmann, 13625
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Joseph K. Hetrick
A. Elizabeth Balakhani
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 12th day of October, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendant's Liaison Counsel