IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br>　　　　　　Plaintiff,<br>vs.<br>ELI LILLY & COMPANY,<br>　　　　　　Defendant. | Case No. 3:06-cv-88  TMB<br><br>O R D E R |

　　　The State of Alaska brought suit against Defendant Eli Lilly & Company, ("Lilly"), in state court, seeking damages and penalties arising from the marketing and sale of the prescription drug Zyprexa.  Docket 1, Exhibit A (Complaint).   The State alleges that Lilly knew of risks associated with Zyprexa that were not revealed to the Food and Drug Administration, the state, physicians, or consumers. Id. Furthermore, the State alleges that Lilly advertised and sold Zyprexa for a number of non-approved or "off-label" uses. Id.  The State alleges fraud and negligent misrepresentation, negligence, strict liability, and violations of the Unfair Trade Practices and Consumer Protection Act, codified in A.S. § 45.50.471, and seeks relief of an award of damages in excess of $100,000 for Zyprexa-related damages of past, present and future medical expenses for recipients of the Alaska Medicaid program, restitution for the cost of all Zyprexa prescriptions paid by the state, civil penalties of $5,000 per violation of the Unfair Trade Practices Act, costs, interest, and actual attorneys' fees. Id.

　　　Lilly removed this matter to Federal Court on April 19, 2006, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  Docket 1.

　　　Having reviewed the pleadings and heard oral argument on July 24, 2006, the Court now enters the following Order.

1



## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may generally remove to the appropriate federal district court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Plaintiff moves for an order of remand pursuant to 28 U.S.C. § 1447( c). Docket 10. Under §1447© ), a case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The burden of establishing federal jurisdiction falls to the party invoking the removal statute. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). Section 1441(a) "is strictly construed against removal jurisdiction." Id.

Plaintiffs argue that removal was improper, because there is no ground for asserting federal jurisdiction over this case. Docket 11. Plaintiff argues that removal is generally only appropriate in three circumstances: 1) the parties meet the statutory requirements for the Court's diversity jurisdiction;[1] 2) the Complaint raises a substantial federal question; or 3) under the "complete preemption" doctrine, Plaintiff's state law claims have been totally subsumed by federal law. Docket 11 at 3 (citations omitted). Plaintiff argues that its claims for relief arise exclusively under state statutory and common law, and do not require the construction or application of federal law as essential elements of those claims.[2] Docket 11. Accordingly, there is no substantial federal question, and Plaintiff asserts a remand to state court is required. Id.

Defendant argues that federal question removal is proper, because Plaintiff's Complaint raises substantial and disputed federal questions under the federal Food, Drug and Cosmetic Act, ("FDCA"), and under federal Medicaid law. Docket 23. Defendant relies in part on a decision from In re Zyprexa Products Liability Litigation, 375 F.Supp.2d 170 (E.D.N.Y. 2005), in which the United States District Court for the Eastern District of New York found federal question jurisdiction in a similar case.

---

[1] Diversity is not an issue in this matter.

[2] Plaintiff notes that "while Defendant's conduct may also be in violation of federal law, it is state law that Plaintiff seeks to enforce." Docket 27 at 3.

2

### The Well-Pleaded Complaint Rule

In determining the presence or absence of federal jurisdiction, the court first applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Lockyer, 375 F.3d at 838 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)). "The federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" Id. (quoting Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Id. (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

On its face, Plaintiff's Complaint does not state a claim arising under federal law. Plaintiffs seek relief under Alaska statutes which prohibit deceptive trade practices, and under common law negligence and strict liability analyses.

### The Artful Pleading Doctrine

The court's inquiry does not end there. Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). "Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996)(citation omitted). Courts have applied the artful pleading doctrine in complete preemption cases and substantial question cases, the latter of which includes cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question. Lippitt, 340 F.3d at 1041-1042. The Ninth Circuit has described the artful pleading doctrine as "a useful procedural sieve to detect traces of federal subject matter jurisdiction in a particular case," but cautions that "Courts should invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." 340 F.3d at 1041 (citations and quotations omitted).

### – Substantial Federal Question

"The artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question." Lippitt, 340 F.3d at 1042. A state law claim falls in this category when 1) a substantial, disputed question of federal law is a necessary element

3

of the well-pleaded state claim, or the claim is an "inherently federal claim" articulated in state-law terms, or 2) the right to relief depends on the resolution of a substantial, disputed federal question. Id., (citations omitted). The Lippitt court observed that "no specific recipe exists for a court to alchemize a state claim into a federal claim - a court must look at a complex group of facts in any particular case to decide whether a state claim actually 'arises' under federal law." Id., at 1042-43. The Supreme Court suggests that the relevant inquiry is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S.Ct. 2363 (2005).

Plaintiff argues that it has alleged violations of state consumer fraud and unfair trade practice statutes, as well as claims under Alaska common law, and that federal law is implicated only in light of the state statutory and common law violations as a "factual predicate" for such violations, not as an essential element. Docket 11 at 8. "No element of Plaintiff's claims requires either the interpretation or application of federal law." Id. Plaintiff argues that while federal law created the Medicaid program, Congress has delegated to the states the administration and operation of the program through individual state Medicaid agencies. Docket 11 at 11-12, citing 42 U.S.C. 1396a(a). Plaintiff acknowledges that its state law claims may touch upon areas in which FDA regulations are present, but those regulations provide no cause of action for Plaintiff. Docket 27 at 5, citing Grable & Sons, 125 S.Ct., 2370.

Defendant argues that "Plaintiff's case is so infused with federal issues" under the FDCA and Medicaid law that the Complaint raises "substantial and disputed" issues of federal law that provide this Court with original jurisdiction. Docket 23 at 3. Specifically, Defendant suggests that because federal funds constitute at least 50% of Alaska's Medicaid program funds at issue in the lawsuit, federal jurisdiction is proper. Docket 23 at 10. Further, Defendant suggests that federal questions relating to off-label promotion lie at the heart of the Complaint. Docket 23 at 5. "Federal regulations require that all claims in promotional labeling or advertising be consistent with warning, labeling and promotional materials approved and monitored by the FDA." Docket 23 at 5, citing 21 C.F.R. §202.1(e)(4)(2005). Defendant suggests that resolution of the off-label promotion claims

4

and the warnings-related claims requires construction and application of the relevant federal statutory and regulatory provisions. Docket 23 at 6.

The Supreme Court has counseled that "federal jurisdiction demands not only a contested federal issue, but a <u>substantial</u> one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." <u>Grable</u>, 125 S.Ct. at 2367 (emphasis added). The Court finds no substantial federal question in this matter at this time. Contra <u>In re Zyprexa Products Liability Litigation</u>, 375 F.Supp.2d 170 (E.D.N.Y. 2005).

– **<u>Complete Preemption</u>**

"Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." <u>ARCO Environmental Remediation v. Dept. of Health and Environmental Quality of the State of Montana</u>, 213 F.3d 1108,1114 (9th Cir. 2000). The Ninth Circuit has observed that there are two categories of cases where the Supreme Court has found complete preemption: ERISA and the Labor Management Relations Act.[3] 340 F.3d, at 1042. Complete preemption only applies when "federal law completely preempts state law and provides a federal remedy." <u>ARCO</u>, 213 F.3d, at 1114, (quoting <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1403 (9th Cir. 1988)). In other words, the exclusive cause of action for the claim under these federal statutes was found within the statute itself.[4]

Defendant suggests that complete preemption exists here because "Congress has so thoroughly and intentionally regulated the marketing and promotion of prescription medications that any challenge to such marketing and promotions necessarily states a federal cause of action."

---

[3] Plaintiffs note that complete preemption also has been found by the National Bank Act. Docket 11 at 17 (citations omitted).

[4] In contrast, "conflict preemption" exists when state law actually conflicts with federal law. Defendant suggests that conflict preemption exists in light of the FDA's position that is approval of labeling under the act preempts conflicting or contrary state law. Docket 23 at 7. Plaintiff, however, notes that "the FDA recognizes that FDS's regulation of drug labeling will not preempt all State law actions." Docket 27 at 6, citing <u>Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products</u>, 71 Fed. Reg. 3922, 3936. "Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, <u>does not confer federal jurisdiction over the case</u>." <u>ARCO</u>, 213 F.3d at 1114 (emphasis added). Therefore, Defendant's argument that conflict-preemption principles apply to failure-to-warn claims such as those asserted here is not dispositive. Docket 23 at 7-8.

5

Docket 23, fn. 11. However, as Plaintiff observes, the FDCA does not provide an exclusive cause of action or remedy, and it provides no private right of action. Docket 11 at 17. Similarly, "federal Medicaid law does not provide exclusive remedies, or in some cases remedies at all, for those requests for relief." Docket 27 at 7. Rather, "federal medicaid law delegates the management of the Medicaid program, and recovery of Medicaid funds, to the states. Further, the states are required to have laws in place to facilitate this recovery." Docket 27 at 7. Accordingly, neither the FDCA nor Medicaid completely preempt state law and provide a federal remedy, and complete preemption does not apply.

In light of the foregoing, the Court concludes that the artful pleading doctrine does not apply. Plaintiff's claims do not implicate a substantial federal question, and the Court does not find complete preemption. Plaintiff's claims seek relief to recover damages solely under Alaska law.

## CONCLUSION

For the reasons set out above, the Motion for Remand at Docket 10 is **GRANTED**, and this matter is **REMANDED** to the Superior Court for the State of Alaska, Third Judicial District at Anchorage. It is further ordered that Defendant's motion at docket 4 to stay all proceedings, and Plaintiff's motion for hearing at Docket 13 are **DENIED AS MOOT**.

Dated at Anchorage, Alaska, this 28th day of July, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge