UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL 1657<br><br>HON. ELDON E. FALLON |
| THIS DOCUMENT RELATES TO:<br>*State of Utah v. Merck Inc.*, 2:06cv09336 | |

**PLAINTIFF STATE OF UTAH'S**
**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

## INTRODUCTION

This is a Memorandum in Support of a Motion to Remand Utah's Cause of Action to the Third Judicial District Court for the State of Utah. The case was brought by the Attorney General alleging state causes of action based upon injury to the State Medicaid program arising out of the sale of "Vioxx." Removal of this case was not based upon diversity of citizenship but upon the alleged existence of a federal question. Recent authority from the District of Utah, interpreting Supreme Court cases, indicates that should this motion be brought in the District of Utah, it would be granted. This conclusion is supported by recent authority from the Districts of Pennsylvania and South Carolina. It was previously supported by cases in Alaska and the Western District of Texas.

Utah filed this action against Merck & Co., in state court alleging only violations of state law. Under these state laws, the State seeks civil penalties, restitution and costs of past and future medical care incurred by the State under Utah's Medicaid program as a result of Vioxx's

adverse effects upon the Medicaid population. The State also seeks restitution, civil penalties and other pecuniary relief required as a result of Merck's improper statements and actions within the State of Utah. The Complaint asserts claims arising solely under Utah statutory and common law; it contains no federal causes of action.

The complaint alleges loss to Utah Medicaid, not any federal agency. Under federal law and regulations, the State has the right and the statutory duty, to bring this action for recompense for damages. *Arkansas Dept. of Health and Human Services v. Ahlborn,)* 547 U.S. 268, 126 S.Ct. 1752 (May 1, 2006.) The Social Security Act ("SSA") requires the State to "take all reasonable measures to ascertain the legal liability of third parties…to pay for care and services available under the plan." 42 U.S.C. 1396(a) (5.) If "legal liability is found to exist", the State must seek reimbursement "to the extent of such legal liability…" Id. However, the SSA creates no federal causes of action for seeking reimbursement and does not confer federal jurisdiction; rather it relies upon the States to pursue liable third parties under state law-based theories.

Utah has brought state causes of action under state law for the loss to state Medicaid. The State claims that Merck violated Utah's False Claims Act—a state law. The complaint also alleges violations of Utah's Fair Trade Practices Act, the state common law theory of products liability—for both failure to warn and design defect—negligence and breach of implied and express warranties under Utah's Uniform Commercial Code. None of the State's state-law claims allege that a violation of federal law, such as the Social Security Act or the Food, Drug and Cosmetics Act ("FDCA"), gives rise to defendant's liability.

Nevertheless, Merck removed this case pursuant to 28 U.S.C. 1441 and 1446 on grounds that the Complaint raises substantial issues of federal law under 28 U.S.C. 1331, or in the alternative, that the State's claims are preempted by federal law. Merck's arguments are

unavailing, as the State's claims do not raise substantial and disputed issues of federal law requiring interpretation or application of federal law for their resolution. Moreover, Merck's claims of federal preemption are spurious and unsupported by any authority. Removal of this case to federal court is therefore improper, and the State respectfully requests that the Court grant its Motion to Remand this case to Utah state court, where it belongs.

## THE UTAH DISTRICT COURT WOULD REMAND THE CASE

This exact question has recently come before the United States District Court for the District of Utah. In *State of Utah v. Eli Lilly and Company*, --F. Supp.2d---, 2007 WL 2482397 (Sept. 4, 2007) the Court decided an action based upon allegation by the State of Utah that, as a result of actions and inactions by Eli Lilly & Co., Medicaid funds were improperly dispersed to Utah Medicaid participants and suppliers for the use of the Defendant's drug Zyprexa. As here, the pharmaceutical company removed the case from state court by asserting two grounds for federal subject matter jurisdiction: (1) substantial federal question jurisdiction under 28 U.S.C. 1331 and (2) preemption.

The District Court noted that federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction. The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Montoya v. Chao,* 296 F.3d 952,955 (10th Cir.2002.) If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Importantly, doubtful cases must be resolved in favor of remand. *Archuleta v. Lacuestra,* 131 F.3d 1359, 1370 (10th Cir. 1997.)

A case arises under federal law if a "well-pleaded complaint establishes that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance Inc. V.*

3

*McVeigh,* 126 S.Ct. 2122, 2131 (2006). "The Supreme Court has long recognized that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues or turn 'on substantial questions of federal law." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308,312, 125 S.Ct.2363, 162 L.Ed.2d 257 (2005) "However, this is a 'slim category' and 'it takes more than a federal element to open the 'arising under' door." *Grable,* 545 U.S. at 308. See also *Merrell Dow v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986.) Finally, the District Court noted that even if there was a substantial federal issue, the Court must decide if the state law claims necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

The District Court held that there was no actual disputed and substantial federal question. Utah Medicaid law merely incorporated federal law and that such an incorporation does not implicate a substantial federal question. "To the extent a federal issue exists, it is not essential to the adjudication of the plaintiff's claims, particularly those focused upon by defendant." "The mere presence of a federal standard embedded in a state law cause of action is not sufficient to warrant federal subject matter jurisdiction where there is no federal remedy for a violation of the federal statute." Thus, the District Court found that congressional intent as to the relevant statutes was important and indicated that an exercise of federal jurisdiction would not be proper. "Federal courts should await a clear signal from Congress before treating such auxiliary claims as 'arising under' the laws of the United States." The Court found no meaningful indication that Congress intended to confer federal jurisdiction over state law causes of action implicating the FDCA and the SSA. The absence of congressional approval was particularly important where

Congress has specifically required states to seek reimbursement from legally liable third parties but has provided no federal cause of action to do so.

The District Court further found that the exercise of jurisdiction would upset the congressionally approved balance between federal and state judicial responsibilities. Congress is presumed to be familiar with federal court precedents and it expects its enactments to be interpreted in conformity. "Significantly, the Supreme Court itself has stated that 'considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd of State of Cal. v. Constr. Laborers Vacation*, 501 U.S. 1, 22 m.22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Finally, the District Court, relying upon the decision of this Court (*In re Vioxx Products Liability Litig.*, No. MDL 1657, 2007 WL 1952964 at 9 (E.D. La. July 3, 2007) agreed that the FDCA does not preempt state common law causes of action.

Thus the District Court for Utah held that removal was improper under either the substantial federal question issue or federal preemption. The Eli Lilly case was therefore remanded to Utah State Court. This case is virtually identical. The only difference is that in the year this case has been in the MDL, the State has amended its Unfair Claims Practices Act. This is a distinction without a difference and will be remedied by a motion to amend as soon as this Court has ruled upon the remand issue.

### OTHER DISTRICT COURTS HAVE GRANTED REMAND

We call the Court's attention to other District Courts which have granted remand under virtually the same circumstances. *Pennsylvania v. Eli Lilly & Co., Inc.*, 2007 WL 1876531 (E.D. Penn. June 27, 2007); Alaska v. Eli Lilly & Co., 2006 WL 2168831 (D. Alaska 2006; Texas v.

Merck & Co., Inc., 385 F.Supp.2d 604,608 (W.D. Texas 2005) and South Carolina v. Eli Lilly & Co., No. 7:07-1875-HMH, Docket 16 at 5-6 (unpublished order.)

Thus, there is a substantial body of precedent granting remand in cases brought by Attorneys General for violations of the Medicaid act by pharmaceutical companies. We invite the Court's review of these well reasoned opinions

## CONCLUSION

This Court has already found that there is no preemption of state common law causes of action under the FDCA. Thus, the only question before the Court is whether Utah's complaint raises a substantial and contested federal issue. It is clear that such would not be the case in the District of Utah. Under the District Court's interpretation of *Grable, Empire Healthchoice, and Merrell Dow,* it is evident that Utah's case does not fit into the "slim" category of cases described by *Grable.* This being the case, there is no substantial federal question raised by the State's incorporation of federal standards into state law. Therefore, the State urges remand to the Third Judicial District of the State of Utah.

DATED this 18th day of October, 2007

/s/ Kenneth D. Lougee
Kenneth D. Lougee (Bar No. 10682)
Attorney for Plaintiff
**Garretson Steele**
5664 South Green Street
Salt Lake City, UT 84123
Ph:  (801) 266-0999
Fax: (801) 266-1338
kennethlougee@att.net

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **PLAINTIFF STATE OF UTAH'S MOTION TO REMAND** has been served on Liaison Counsel, Philip Whitman, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance to PreTrial Order No. 8(B) and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 18th day of October, 2007.

/s/ Kenneth D. Lougee
Kenneth D. Lougee (Bar No. 10682)
Attorney for Plaintiff
**Garretson Steele**
5664 South Green Street
Salt Lake City, UT 84123
Ph:  (801) 266-0999
Fax: (801) 266-1338
kennethlougee@att.net