UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * ** | * | |

**THIS DOCUMENT RELATES TO:**     *Cambell, Ruth Carolyn v. Merck & Co.,*
                                 *Inc. et al.*
                                 *Civil Action No. 2:05-cv-06193*


<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**</u>


COMES NOW Plaintiff, Ruth Carolyn Campbell, by and through her attorneys, and files this memorandum in support of this Motion to Remand, and states as follows:

This case should be remanded to the Circuit Court of the City of St. Louis because Plaintiff is a citizen of the state of Missouri and has at least colorable claims against non-diverse defendants: "Schnucks" and Amy Sepko ("Sepko") and Sherry Alberts ("Alberts") (sales representatives of Merck and citizens of Missouri). Schnucks and Merck have not demonstrated that there is not arguably a reasonable basis for predicting that Missouri might impose liability on them. Under Missouri law, courts leave it to the fact finder to determine whether the defendants have breached their duty. See, e.g., *Horner v. Spalitto*, 1 S.W.3d 519, 522 (Mo. App. W.D. 1999). Finally, neither the Federal Courts of Missouri nor the Eighth Circuit has adopted the theory of fraudulent misjoinder, and this Court's role is limited to determining jurisdiction (discussed infra).

Accordingly, in light of the presumption in favor of remand, this Court lacks diversity jurisdiction as there is not complete diversity between plaintiff and defendants, and this action should be remanded to the Circuit Court of St. Louis City.

**ARGUMENT**

This case should be remanded to the Circuit Court of the City of St. Louis because plaintiff has at least colorable claims against non-diverse defendants; therefore, this Court lacks diversity jurisdiction.

A)      Removal statutes require 'complete diversity' and are strictly construed in favor of state court jurisdiction.  Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(c) mandates remand of the case to the state court whenever the district court concludes that subject-matter jurisdiction, which is based on complete diversity, does not exist. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).  It is well-established that the removing party bears the burden of showing that removal was proper. *In re Business Men's Assu*r. *Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).  It is a well-established rule of federal jurisprudence that complete diversity of citizenship must exist before a federal court can exercise jurisdiction over a matter based on 28 U.S.C. §1332. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).  Complete diversity exists when the citizenship of every plaintiff is different from the citizenship of every defendant. *Well's Dairy, Inc. v. American Industrial Refrigeration, Inc*., 157 F. Supp. 2d 1018, 1025-6 (N.D. Iowa 2001).  If even one plaintiff and one defendant share the same citizenship, diversity is destroyed and the case must be remanded. *Id*.

Furthermore, pursuant to 28 U.S.C. §1441(b), actions based upon diversity of

citizenship "shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the state in which such action is brought." See also *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1987).  Removal statutes are strictly construed in favor of state court jurisdiction and district courts must resolve all doubts concerning removal in favor of remand.  *In re Business Men's Assur. Co. of America*, 992 F.2d at 183.

      B)    Defendants are not fraudulently joined; therefore, plaintiff's motion to remand should be granted.   Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendant. *Wiles v. Capitol Indemnity Corporation*, 2180 F.3d 868 (8th Cir. 2002).  Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant.  *Anderson v. Home Insurance Co.,* 724 F.2d 82 (8th Cir. 1983).  The party asserting fraudulent joinder has the burden of proof.  *Eide v. Midstate Oil Co.,* 895 S.W. 2d (Mo.App.W.D. 1995).

      When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. *Manning v. Wal-Mart Stores E., Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citations omitted). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Manning*, 304 F. Supp. 2d at 1148 (citing *Filla v. Norfolk Southern Ry. Co*., 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a 'colorable' cause of action--that is, if the state law might impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder." *Manning*, 304 F. Supp. 2d at 1148 (citing *Filla*, 336 F.3d at 810 n.1) (emphasis added). "The district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id*. "In making such a prediction, the district court

should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id*. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Id. (internal citations omitted). Critically, the Eighth Circuit has held that in situations "where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. *Filla*, 336 F.3d at 811.  In ruling on this issue, the Court may consider the pleadings, supporting affidavits, and the motion for remand.  In those instances where a court pierces the pleadings and considers factual and legal materials outside the pleadings, it should only consider whether these materials establish facts supporting the claims, not whether these materials resolve the merits of the plaintiff's claims. *Reeb v. Wal-Mart Stores*, 902 F. Supp. 185, 188 (E.D. Mo. 1995).

This Court cannot consider whether permissive joinder was proper until it resolves the issue of whether it has jurisdiction over the case. *Filla*, 336 F. 3d at 809; *Manning*, 304 F. Supp. 2d at 1148; *Hill v. Ford Motor Company*, 324 F. Supp. 2d 1028, 1031 (E.D. Mo. 2004). In deciding whether joinder is fraudulent, the Court may not step from the threshold jurisdictional issue into a decision on the merits. Manning, 304 F. Supp. 2d at 1148; *Filla*, 336 F. 3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.") Unless there is federal jurisdiction, a district court has no power to decide whether plaintiff's claims satisfy the requisites for permissive joinder under Rule 20. *Filla* 336 F. 3d at 811; *Manning* at 1148; *Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868, 874 (S.D. Miss. 2004). Accordingly, as explained herein, defendants were not fraudulently joined. As a result, there is not

complete diversity between plaintiff and defendants, and this case should be remanded to the City of St. Louis.

C.     Furthermore, this Court and the Eighth Circuit have not recognized 'fraudulent misjoinder.' *Paula Ballard, et al., v. Wyeth* , No. 4:04CV1111 CDP (E.D. Mo. Nov. 8, 2004) ("[t]he Eighth Circuit has not recognized this theory, and I will not do so in this case." *In Iowa Public Service Co. v. Medicine Bow Coal Co*., 556 F.2d 400, 404 (8th Cir. 1977), the Eighth Circuit held that "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Alternatively, even if the court adopts the theory of fraudulent misjoinder, misjoinder is a procedural defect that may be remedied in state court, and should not provide a basis for removal. See e.g. *Couch v. White Motor Co*., 290 F.Supp. 697 (W.D. Mo. 1968); *Viles v. Sharp,* 248 F.Supp. 271 (W.D. MO. 1965). In the other alternative,the fraudulent misjoinder doctrine of Tapscott requires a showing of egregiousness in the fraudulent misjoinder of parties that Merck has not demonstrated.

D.     Defendants cannot carry their burden to demonstrate that there is not arguably a reasonable basis for predicting that Missouri law might impose liability on the non-diverse Schnucks and  non-diverse Defendants Amy Sepko and Sherry Alberts.

Here, Plaintiff alleged causes of action against Schnucks under theories of product liability, negligence and breach of warranty.   Each, standing alone, is sufficient to establish a viable cause of action against the pharmacies under Missouri law.

**1.     Negligence**

Negligence is proven by showing a duty, breach of duty, causation and damages**.** Although Schnucks provided some type of warnings with Vioxx, and thereby assumed a

duty to warn Vioxx users, Schnucks did not provide warnings of the specific dangers that have in fact resulted in Plaintiff's injuries  As such, that (assumed) duty was breached.

### a.    The pharmacies owed a duty to Plaintiff.

Whether a duty exists is a question of law. A court determines whether a duty exists in a particular case by considering: (1) the foreseeability that the defendant's conduct may injure another; (2) the likelihood of an injury occurring; (3) the burden placed on the defendant by imposing a duty; and (4) the consequences of imposing this burden on the defendant.  The facts of this case validate not only the duty of Schnucks, but also breach of that duty and resulting injuries.

### b.  The learned intermediary rule does not protect the pharmacies.

In denial of the pharmacy's duties, Merck relied on a line of cases discussing the learned intermediary rule as related to pharmacies.  This case is clearly different because providing warnings to Plaintiff or their physicians of known dangers would not require the pharmacist to exercise any medical judgment.  It would only have ensure that crucial information was provided to the physicians.

 Significantly, the cases Schnucks has relied upon attempt to place the burden on the treating physician to warn the patients. That it not possible here, because the Merck defendants withheld information from the physicians.   As alleged in Plaintiff's Complaint, the pharmacies knew of the dangers but did not pass this information along to Plaintiff or their doctors.  Without that fraudulently withheld information, the physicians were unable to warn the Plaintiff.

Clearly, both the foreseeability and likelihood of injury strongly favor imposing a duty to warn on defendant pharmacies.  The pharmacies had a duty to provide safe medication and to warn the Plaintiff that Vioxx carried an unacceptably high risk of

clotting, heart attack, or stroke.  Pharmacies knew or should have known of the risk of taking Vioxx based on the FDA sanctions of Merck, the Dear Doctor letters Merck sent to doctors and other health care providers, and the medical literature regarding Vioxx. Simply stated, the pharmacies were Plaintiff's last, best chance to avoid serious injury or death, while the consequences of imposing the duty to warn on defendant are minimal.

Plaintiff alleged that the pharmacy did not adequately warn Plaintiff about the dangers of Vioxx.  Schnucks breached this duty when it failed to advise Plaintiff of the specific danger of heart attack or stroke resulting from ingestion of Vioxx.  Plaintiff unmistakably stated a claim for negligence that has a possibility for success.  Accordingly, this case should be remanded.

**2.      Product Liability – Sale of Defective Product**

In selling Vioxx, Schnucks was more than an innocent seller.  Plaintiff's Complaint alleged that Vioxx was defective and that it was sold by Walgreen to the decedent.  A prescription drug is deemed to be unreasonably dangerous, subjecting the manufacturer or seller to liability, if the drug was not manufactured properly or was not accompanied by appropriate directions and warnings.

There exists an obligation on the pharmacy for allowing an unreasonably dangerous drug to be placed into the stream of commerce.  Accordingly, Schnucks is liable under a theory of strict liability for placing Vioxx, a defective product, into the stream of commerce without adequate warnings of clotting, heart attack, or stroke. Therefore, Plaintiff has stated a claim for products liability for sale of a defective product against Schnucks that has a possibility of success and warrants remand.

**3.      Breach of Warranty**

Plaintiff alleges she purchased the defective and dangerous Vioxx drugs from the

Schnucks pursuant to prescriptions from Plaintiff's physicians.  In selling Vioxx to
Plaintiff, the Schnucks expressly and impliedly warranted that Vioxx was safe for its
intended use, was free from manufacturing or production defects, and would perform as
indicated.

In addition, Plaintiff alleges that the Schnucks also expressly and impliedly
warranted that Vioxx caused no side effects other than those listed in their package insert.
The Schnucks' breached these warranties by selling to Plaintiff Vioxx that was not of
merchantable quality, was unsafe, whose potential side effects were substantially untested,
and could cause heart attach or stroke.

Finally, Plaintiff pleads that as a direct and proximate result of the Schnucks'
breaches of express and implied warranties, Plaintiff has been damaged.  Therefore,
Plaintiff has stated a claim for breach of warranty against Schnucks that has a possibility
of success and warrants remand.

### 4.    Plaintiff Pleads Multiple Counts Against Sales Representatives

Plaintiff alleges Defendant Amy Sepko and Sherry Alberts are employee sales
representatives of Merck in charge of selling Vioxx for Merck in the Missouri area,
involved in the distributing, marketing, and selling of Vioxx used to treat arthritis and as a
pain reliever.  They are citizens of Missouri and non-diverse defendants.  Plaintiff alleges
causes of action against Sepko and Alberts for concert of action and conspiracy as well as
a claim for conspiracy against the non-diverse seller defendants in Missouri.

### a.    Missouri courts might impose liability on defendants Merck, Sepko, and Alberts on the basis of concert of action.

The concert of action theory imposes liability upon "all those who, in pursuance of
a common plan or design to commit a tortious act, actively take part in it, or further it by

cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit. . . ." *Zafft v. Eli Lilly & Co.,* 676 S.W.2d 241, 245 (Mo. banc1984) (citing Prosser, Law of Torts § 46, at 292 (4th ed. 1971). Restatement (Second) of Torts § 876 (1977)). Joint liability exists where the wrong is done by concert of action and common intent and purpose, provided that the act of each person was an efficient cause, contributing to the injury. Proof of a conspiracy is not necessary." *Stafford v. Muster*, 582 S.W.2d 670, 677 (Mo. banc 1979).

Plaintiff alleges that defendants Sepko and Alberts failed "to inform plaintiff, plaintiff's treating physicians, health care providers and the general public, about the risks and dangers of Vioxx." (See generally Count IX). Plaintiff further alleges that defendants Sepko and Alberts each acting in concert of action with the other defendants, under a common scheme entitled by Defendants, "Dodgeball Vioxx." (Id.)  Notably, plaintiff alleges that defendants Sepko and Alberts acted in concert of action with Merck to promote the use of Vioxx to individual doctors and hospitals in Missouri, including providing samples to doctors and hospitals throughout the Missouri region, entering into formulary agreements (to use Vioxx over other COX-2 inhibitors) as well as providing misleading and false material representations and omitting to disclose material facts. (Id.)

Finally, plaintiff alleges that defendants Sepko and Alberts "gave substantial assistance and/or encouragement to the others to carry out defendants' common plan or scheme, "Dodgeball Vioxx," to promote, advertise, distribute and profit from the sale of Vioxx to plaintiff and the general public, which in turn was a substantial factor in causing or contributing to cause plaintiff's personal injuries and actual damages in an amount to be proved at trial." (*Id.*)

Plaintiff alleges that defendants Sepko and Alberts, working in concert of action

with Merck and others, to promote Vioxx, concealed the existence of the "Dodgeball

Vioxx" scheme or intentionally failed in disclosing Vioxx's dangers to healthcare

providers and the general public, which caused damage to plaintiff. Accordingly, Missouri

courts might hold defendant Alberts and Sepko liable under the "concert of action"

theory. For this independent reason, plaintiff's motion to remand should be granted.

> b.   **Missouri courts might impose liability on non-diverse defendants Sepko and Alberts for plaintiff's other causes of action.**

Missouri courts could also hold defendants Sepko and Alberts and Merck liable

under the R.S.Mo. §407.010 et seq. (The Missouri Merchandising Practices Act) and for

negligent misrepresentation (Count VI), fraudulent omission (Count VII), conspiracy

(Count X), common law fraud (Count VIII) and breach of warranty (Count XI). In

*General Elec. Capital Corp. v. Rauch,* the Court noted that an agent, while performing his

duties for a principal, is liable for acts or omissions causing injuries to third persons,

whenever, under the circumstances he owes a duty of care in regard to such matters to

such third persons and he is liable whenever he is culpable of such negligence as would

create a liability to another person if no relationship of master and servant or principal and

agent existed between him and someone else.  See *General Elec. Capital Corp. v. Rauch*,

970 S.W.2d 348, 356 (Mo.App. 1998); *Grothe v. Helterbrand*, 946 S.W.2d 301, 304

(Mo.App. 1997).

District courts have already recognized actions against Merck pharmaceutical

representatives like Sepko and Alberts as grounds for remanding actions against Merck.

See e.g. Refic Kozic v. Merck & Co., et al, 8:04-CV-324-T-27TBM at *3 (M.D. Fla.,

Aug. 9, 2004) (recognizing a claim against Merck pharmaceutical representatives based

on their misrepresentations to subscribing doctors and/or the public); *Ruby White v. Merck*

& *Co*., et al, 8:05-cv-243-T-26MSS (M.D. Fla. Feb. 14, 2005).  Many other courts have also recognized actions against pharmaceutical representatives like Sepko and Alberts. *Ingweson v. Wyeth*, 02-CV-982-W-ODS (W.D.Mo. Jan. 22, 2003); *Marshall v. Wyeth*, 4-CV-179-TMP (N.D.Ala., Feb. 18, 2004) (holding same); *Parent v. Wyeth*, 2:03-CV-626-FTM-29SPC (M .D.Fla., Dec. 18, 2003) (finding that Florida state law expressly allows claims against pharmaceutical sales reps and, therefore, remanding the case).  Plaintiff has alleged that Sepko and Albers committed torts against plaintiff, consistent with the facts detailed in Plaintiff's complaint. Accordingly, as plaintiff has a colorable claim against defendants Sepko and Albers, plaintiff's motion to remand should be granted.

**CONCLUSION**

For the foregoing reasons, this action should be remanded to the Circuit Court of St. Louis City.

GOLDENBERG HELLER ANTOGNOLI
ROWLAND SHORT & GORI, P.C.

By:     **/s/ Aaron K. Dickey**
        Aaron K. Dickey   #50042
        Gateway One Building
        701 Market Street, Ste. 1375
        St. Louis, MO 63101
        314-241-6230

        ***ATTORNEYS FOR PLAINTIFF***

**DATED:**      October 22, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was served upon all parties by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically uploaded with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, this 22nd day of October, 2007.

**/s/Aaron K. Dickey**