# EXHIBIT  88



13398625

Jan 9 2007
3:48PM

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 |
| | *Medina-Afanador;*<br>*Milagros*<br>Plaintiff:   Milagros-Medina Afanador_____<br>(name) |
| THIS RELATES TO: | Telephoone: (787) 814-0242 |
| Civil Action No.: | (787) 201-3718 |

**PLAINTIFF PROFILE FORM**

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

### I. CASE INFORMATION

A.   Name of person completing this form: Milagros Medina-Alfanador_____

B.   If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

   1.   Social Security Number:   ____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_____

   2.   Maiden or Other Names Used or By Which You have Been Known: __None_____

   3.   Address: P.O. Box 1268 Utuado PR 00641_____

   4.   State which individual or estate you are representing, and in what capacity you are representing the individual or estate?   NONAPPLICABLE_____

   5.   If you were appointed as a representative by a court, state the: NONAPPLICABLE
         Court: _____ Date of Appointment:_____

   6.   What is your relationship to deceased or represented person or person claimed to be injured?   Same person as "person completing form"_____

   7.   If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died. NONAPPLICABLE

1

MO09330572

C.   Claim Information

    1.   Are you claiming that you have or may develop bodily injury as result of taking VIOXX®? Yes __X__ No _____ If "yes":

        a.   What is your understanding of the bodily injury you claim resulted from your use of VIOXX®? It did not develop in the instance of discharge in 2001. I felt strong pain and throbbing in my heart.

        b.   When do you claim this injury occurred?  2001

        c.   Who diagnosed the condition?  Dr. Isaac Gonzalez Martinez Cirugia, Liga Puertorriquena Contra, El Cancer Hospital.

        d.   Did you ever suffer this type of injury prior to the date set forth in answer to the prior question? Yes _____ No __X____ . If "yes", when and who diagnosed the condition at that time?

        e.   Do you claim that your use of VIOXX® worsened a condition that you already had or had in the past? Yes_____ No _X____ . If "yes", set forth the injury or condition; whether or not you had already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any.

D.   Are you claiming mental and/or emotional damages as a consequence of VIOXX®? Yes __ ___No _____ . If "yes", for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor) from whom you have sough treatment for psychological, psychiatric or emotional problems during the last ten (10) years, state:

    a.   Name and address of each person who treated you:
        NONAPPLICABLE

    b.   To your understanding, condition for which treated:
        NONAPPLICABLE

    c.   When treated: NONAPPLICABLE

    d.   Medications prescribed or recommended by provider: NONAPPLICABLE

2

M009330573

## II. <u>PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®</u>

A.    Name: Milagros-Medina Afanador

B.    Maiden or other names used or by which you have been known: None

C.    Social Security Number: ___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

D.    Address: <u>P.O. Box 1268, Utuado PR 00641</u>

Identify each address at which you have resided during the last ten (10) years, and list
        when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| Bo.Vieci Abajo, sector El Nogal Carr 111 Km 3.2 Int. P.O. Box 1268 Utuado, PR 00641 | 15 years |
|  |  |
|  |  |
|  |  |
|  |  |

F.    Driver's License Number and State Issuing License: Will be provided when obtained.

G.    Date of Place and Birth: Utuado, PR - <u>May 10, 1945</u>

H.    Sex: <u>Male</u>           Female <u>  X  </u>

I.    Identify the highest level of education (high school, college, university or other educational
        institution) you have attended (even if not completed), the dates of attendance, courses of study
        pursued and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas/Degrees |
|---|---|---|---|
| Antonio Jesus Lopez | 1955 | 4th grade | none |
|  |  |  |  |
|  |  |  |  |

3

MC09330574

J.    Employment Information

    1.    Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|------------------------|
| None | | | |

    2.    List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|------------------------|
| None | | | |
| | | | |
| | | | |
| | | | |
| | | | |

    3.    Are you making a wage loss claim for either your present or previous employment?  Yes _____ No _X___.  If "yes", state your annual income at the time of the injury alleged in Section I(C): _____not applicable_____

K.    Military Service Information: Have you ever served in the military, including the military reserve or National Guard?  Yes _____ No _X____
If "yes", were you ever rejected or discharged from military service for any reason relating to your physical, psychiatric or emotional condition?  Yes _____  No _____

L.    Insurance/Claim Information:

    1.    Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim?  Yes _____ No _X___.  If "yes", to the best of your knowledge please state:

4

MO09330575

      a.      Year claim was filed:  <u>NONAPPLICABLE</u>

      b.      Nature of disability: <u>NONAPPLICABLE</u>

      c.      Approximate period of disability: <u>NONAPPLICABLE</u>

2.      Have you ever been out of work for more that thirty (30) days for reasons  related to your health (other than pregnancy)? Yes _____ No ___x_____. If "yes", set forth when and the reason <u>NONAPPLICABLE</u>_____

3.      Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury? Yes _____ No _X____ . If "yes", state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted. _____not applicable _____

M.      As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? Yes _____ No _X___ . If "yes", set forth where, when and the felony and/or crime. _____not applicable_____

## III. <u>FAMILY INFORMATION</u>

A.      List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g., divorce, annulment, death):

<u>I am widowed from my husband Rafael Hdez Serrano</u> _____

B.      Has your spouse filed a loss of consortium claim in this action? Yes ____No _X_____

C.      To the best of your knowledge did any child, parent, sibling, or grandparent of yours suffer from any type of cardiovascular disease including but not limited to: heart attack, abnormal rhythm, arteriosclerosis (hardening or the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapses, heart block, congenital heart abnormality, Scarlet Fever, Rheumatic Fever, a trial fibrillation, stroke? Yes _____ No _____ Don't Know _____ . If "yes", identify each such person below and provide the information requested. <u>None appeared noted in individual's medical record.</u>

      1.      Name: <u>NONAPPLICABLE</u>_____

      2.      Current Age (or Age at Death): <u>NONAPPLICABLE</u>_____

      3.      Type of Problem: <u>NONAPPLICABLE</u>_____

5

MCO9330576

4.      If Applicable, Cause of Death: <u>NONAPPLICABLE</u>_____

D.      If applicable, for each of your children, list his/her name, age and address:
NONAPPLICABLE_____
_____
_____

E.      If you are claiming the wrongful death of a family member, list any and all heirs of the decedent.
        NONAPPLICABLE_____
        _____
        _____


## IV. <u>VIOXX® PRESCRIPTION INFORMATION</u>

A.      Who prescribed VIOXX® for you? <u>Doctor Cordona at the hospital Oncology in Rio Piedras.</u>

B       On which dates did you begin to take, and stop taking VIOXX®?
        <u>In December 2000, I began to take Vioxx.  December 15, 2000- 50mg, September-50mg.</u>
_____

C.      Did you take VIOXX® continuously during that period?
        Yes _X___ No _____ Don't Recall _____

D.      To your understanding, for what condition were you prescribed VIOXX®?  <u>For pain and inflamation.</u>

E.      Did you renew your prescription for VIOXX®?  Yes __x___No_____Don't Recall _____

F.      If you received any samples of VIOXX®, state who provided them, what dosage, how much and when they were provided:
        <u>I don't remember.._____</u>

G.      Which form of VIOXX® did you take (check all that apply)?

        _____      12.5 mg Tablet (round, cream, MRK 74)
        _____      12.5 mg Oral Suspension
        _____      25 mg Tablet (round, yellow, MRK 110)
        _____      25 mg Oral Suspension
        __X____         50 mg Tablet (round, orange, MRK 114)

H.      How many times per day did you take VIOXX®?   <u>One time per day</u>_____

6

M009330577

I.     Did you request that any doctor or clinic provide you with VIOXX®?
Yes _____ No _X_____ Don't Recall _____

J.     Instructions or Warnings:

     1.     Did you receive any written or oral information about VIOXX® before you took it?
Yes _____ No_X_____ Don't Recall _____

     2.     Did you receive any written or oral information about VIOXX® while you took it?
Yes _____ No _X_____ Don't Recall _____

     3.     If "yes":

          a.     When did you receive that information?
NONAPPLICABLE_____

          b.     From whom did you receive it?
NONAPPLICABLE_____

          c.     What information did you receive?
NONAPPLICABLE_____

K.     What over the counter pain relief medication, if any, were you taking at the same time you were taking VIOXX®? I don't remember _____

## V. **MEDICAL BACKGROUND**

A.     Height: 5'2"_____

B.     Current Weight: 185_____ lbs.__ Weight at the time of the injury, illness, or disability described in Section I (C): ___194 lbs.._____

_____

C.     Smoking/Tobacco Use History: Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.

   _X___ Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

   ____ Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

   a.     Date on which smoking/tobacco use ceased: NONAPPLICABLE.

MOO9330578

b.     Amount smoked or used: on average __per day for _____ years. ___
NONAPPLICABLE

_____ Current smoker or cigarettes/cigars/pipe tobacco or user of chewing
tobacco/snuff. NONAPPLICABLE

_____ Smoked different amounts at different times. NONAPPLICABLE

D.   Drinking History.  Do you now drink or have you in the past drank alcohol (beer, wine,
whiskey, etc.) Yes _____ No _X_____ .  If "yes", fill in the appropriate blank with the number
of drinks that represents your average alcohol consumption during the period you were taking
VIOXX® up to the time that you sustained the injuries alleged in the complaint:

_____     drinks per week, NONAPPLICABLE

_____     drinks per month, NONAPPLICABLE

_____     drinks per year or

Other (describe) NONAPPLICABLE _____

E.   Illicit Drugs.  Have you ever used (even one time) any illicit drugs of any kind within one (1) year
before, or any time after, you first experienced your alleged VIOXX® related injury?" Yes
_____ No _X_____ Don't Recall _____ .  If "yes", identify each substance and state when
you first and last used it.
None noted in medical record. will be supplemented if determined otherwise

F.   Please indicate to the best of your knowledge whether you have ever received any of the
following treatments or diagnostic procedures:

1.   Cardiovascular surgeries, including but not limited to, the following and specify for what
condition the surgery was performed; open heart/bypass surgery, pacemaker
implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung
resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---------|-----------|------|--------------------|----------|
| none    |           |      |                    |          |
|         |           |      |                    |          |
|         |           |      |                    |          |

8

MODJ330579

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |

2.      Treatments/interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|---|---|---|---|
| None |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.      To your knowledge, have you had any of the following tests performed: chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, bubble/microbubble study, or Holter monitor?

Yes _____ No _____ Don't Recall _____ . If "yes", answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| Sonograph Evaluation | 02/12/2001 | Antonio Maldonado | Radiological Institute, Diego Avenue, #21, Arecibo, P.R. 00612 | Evaluate upper abdomen |
| Sonograph | 11/02/2000 | Antonio Maldonado, Radiologist | Radiological Institute, Diego Avenue, #21, Arecibo, P.R. 00612 | Exam of breast |
| Mammogram | 06/09/2000 | Luis Alonso-Dafauce, Radiologist | Radiological Institute, Diego Avenue, 21, Arecibo, P.R. 00612 | Baseline exam |

9

MO09330680

| Mammogram Compression | 11/15/2000 | Antonio Maldonado | Radiological Institute, Diego, Avenue, #21, Arecibo, P.R. 00612 | Right Breast Malignancy |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## VI. DOCUMENTS

Please indicate if any of the following documents and things that are currently in your possession, custody or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no"*. Where you have indicated *"yes"*, please attach the documents and things to your responses to this profile form.

A.   Records of physicians, hospitals, pharmacies and other healthcare providers identified in response to this profile form.   Yes _X___   No _____

B.   Decedent's death certificate (if applicable).   NONAPPLICABLE

C.   Report of autopsy of decedent (if applicable).   NONAPPLICABLE

## VII. LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

List the name and address of each of the following:

A.   Your current family and/or primary care physician(s):

| Name | Address |
|---|---|
| Dra.. Ortiz de Cruz | CDT DR. Caparros, 29 Esteves Ave., Utualdo P.R. |
| | |

B.   To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Dra. Ortiz de Cruz | CDT SR Caparros, 29 Ave., Utualdo, P.R. | more than 10 years |

10

M009330581

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Otero Quintana | Dr. Alajandro Otero Lopez,Institute of Hemotology and Oncology North, Manati, P.R., 00674 | 08/07/2000 | Cholelithiasis, Echogenic Pancreas |
| I. Gonzalez Martinez Oncology Hospital/ Dr. Cardona, attending physician | Medical Center, 170 Arizmendi, 00925-3410 | 08/08/2001, 09/05/2001 | Laproscopic Surgery |
| I. Gonzalez Martinez, Surgical Pathology and Cytopathology | Box 191811, San Juan, P.R. 00910-1811 | 12/2000 | Surgery related cancer in right breast |
| General Hospital of Utuado | Corporacion Central de Salud Utuado, PR 00641 | 11/2000 | breast cancer |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

M00933-0582

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |

D.   Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| Genera l Hospital of Utuado | Corporacion Central de Salud Utaudo, PR 00641 | multiple dates | cancer and symptoms, chest pains, |
| Otero Quintana | Dr. Alajandro Otero Lopez,Institute of Hemotology and Oncology North, Manati, P.R., 00674 | 08/07/2000 | Cholclithiasis, Echogenic Pancreas |
| I. Gonzalez Martinez Oncology Hospital/ Dr. Cardona, attending physician | Medical Center, 170 Arizmendi, 00925-3410 | 08/08/2001, 09/05/2001 | Laproscopic Surgery |
| I. Gonzalez Martinez, Surgical Pathology and Cytopathology | Box 191811, San Juan, P.R. 00910-1811 | 12/2000 | Surgery related cancer in right breast |
| General Hospital of Utuado | Corporacion Central de Salud Utaudo, PR 00641 | 11/2000 | breast cancer |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.   Each physician or healthcare provider from whom you have received treatment in the last ten (10) years.

12

M009330583

| Name | Address | Dates of Treatment |
|---|---|---|
| General Hospital of Utuado | Corporacion Central de Salud Utuado, PR 00641 | multiple |
| Otero Quintana | Dr. Alajandro Otero Lopez,Institute of Hemotology and Oncology North, Manati, P.R., 00674 | 08/07/2000 |
| I. Gonzalez Martinez Oncology Hospital/ Dr. Cardona, attending physician | Medical Center, 170 Arizmendi, 00925-3410 | 08/08/2001, 09/05/2001 |
| I. Gonzalez Martinez, Surgical Pathology and Cytopathology | Box 191811, San Juan, P.R. 00910-1811 | 12/2000 |
| General Hospital of Utuado | Corporacion Central de Salud Utaudo, PR 00641 | 11/2000 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

F.     Each pharmacy that has dispensed medication to you in the last ten (10) years.

| Name | Address |
|---|---|
| San Miguel Farmacia | Fte Plaza Principal, 00641 Utuado, P.R. |
| CDT Si-Capi Farmacia | 2 Antonio R. Barcelo Utuado, P.R. |
|  |  |
|  |  |
|  |  |

13

MOD9330584

|  |  |
|--|--|
|  |  |
|  |  |

G.    If you have submitted a claim for social security liability benefits in the last ten (10) years, state the name and address of the office that is most likely to have records concerning your claim.

| Name | Address |
|------|---------|
| NONAPPLICABLE |  |
|  |  |

H.    If you have submitted a claim for worker's compensation, state the name and address of the entity that is most likely to have records concerning your claim.

| Name | Address |
|------|---------|
| NONAPPLICABLE |  |
|  |  |


## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part VI of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.


_____          Milagros Medina_____          07/26/06_____
Signature                                     Print Name                              Date

M009330585

14

# EXHIBIT  89

MAY 30 '01 16:03 FR S&S 599 5TH FL      212 848 5245 TO 00458#027110001S P.02

May 30 2001 10:33AM  Eduardo Diaz                1-718-786-5933          P.2

**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 2 9 2001 ★
BROOKLYN OFFICE

**CV 01 3441**

- - - - - - - - - - - - - - - - - - - - - - - - - -X

DOMINICK LETTIERI and
MARY LOMBARDOZZI,

                    Plaintiffs,

    -against-

MERCK & CO., INC., PHARMACIA CORP. and
PFIZER INC.

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No.:

JOHNSON, J.

MANN, M.J.

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

        Plaintiffs for their complaint allege upon actual knowledge as to their acts and status and upon information and belief as to all other matters.

### SUMMARY OF CLAIMS

1.     This class action proceeding is brought on behalf of a nationwide class of persons who are taking the osteoarthritis drug refecoxib marketed by defendant Merck & Co. Inc. ("Merck") under the brand names "Vioxx;" and a similar drug celecoxib marketed by defendants Pharmacia Corporate ("Pharmacia") and Pfizer Inc. ("Pfizer") under the brand name "Celebrex" for the treatment of osteoarthris and/or for persons who have taken such drugs for osteoarthris during the relevant time. Both of these drugs belong to a class of drugs as Cox-2 inhibitors.

M002E17717

2

2.    This action seeks, *inter alia,* emergency notice to all class members to assure

notification to individuals taking Vioxx and Celebrex of important research recently

presented to the Food & Drug Administration ("FDA") that patients taking Vioxx and

Celebrex have a higher risk of heart attacks than patients taking other pain reliever

medication to treat their osteoarthritis. Both of these drugs, belong to a class of drugs

now as Cox-2 inhibitors.

3.    Merck and Pharmacia have consistently marketed Vioxx and Celebrex as highly

effective, pain relief drugs for patients suffering from osteoarthritis as compared with

more traditional and less costly drugs used to treat osteoarthritis. As demonstrated by

Merck's own research, users of Vioxx were four times as likely to suffer heart attacks as

compared to other less expensive medications, or combinations thereof. Under the

circumstances, Vioxx and Celebrex should no longer be used as a primary drug in the

treatment of osteoarthritis. Nonetheless, Merck and Pharmacia have taken no affirmative

steps to communicate this critical information to class members.

4.    Plaintiff seeks emergency notice to class members and revised patient warnings,

in the form of additional medical labeling which is presently being considered by the

FDA, so that class members will be apprised of these findings. Notice to patients, as

opposed to physicians, is required in order to ensure that persons taking the drug will

receive this critical information.

5.    Absent emergency notice and revised patient warnings, hundreds or thousands of

individuals may unwittingly continue osteoarthritis treatment with Vioxx and Celebrex

based on the erroneous assumption that Vioxx and Celebrex are safer and more effective

treatments than other traditional and less costly drugs. Upon receiving the notice, class

member will likely go off Vioxx and Celebrex treatment for osteoarthritis, or at the very

MAY 30 '01 16:03 FR S&S 599 5TH FL    212 848 5245 TO 00458#0271100018 P.04

May 30 2001 10:34AM  Eduardo Diaz            1-718-786-5933        p.4

3

least use a combination of drugs to treat osteoarthritis, which would have superior results. Class members should be afforded the opportunity to make this informed choice.

6.    Plaintiff also seeks, for himself and the Class, refunds of all amounts paid for the purchase of Vioxx and Celebrex, as well as all other ascertainable economic losses suffered, including medical expenses as a result of consulting with physicians regarding this information, and all such other relief as he and the Class are otherwise entitled to, including reasonable attorneys' and expert fees.

## PARTIES

7.    Plaintiff Mary Lombardozzi is a resident of, and citizen of, the State of New York. At all times relevant herein, plaintiff ingested Vioxx which was prescribed to him for osteoarthritis and was unaware of the serious shortcomings of the drug set forth herein.

8.    Plaintiff Dominick Lettieri is a resident of, and citizen of, the State of New York. At all times relevant herein, plaintiff ingested Celebrex which was prescribed to him for osteoarthritis and was unaware of the serious shortcomings of the drug set forth herein.

9.    Defendant Merck has its principal place of business at New York, New York and is incorporated in the State of New Jersey. At all times relevant hereto, Merck was engaged in the business of manufacturing the pharmaceutical Vioxx. Merck does substantial business in the State of New York and in this federal district, and at all times relevant herein, it developed, manufactured and sold interstate commerce and in the State of New York the Vioxx.

10.    Defendant Pharmacia has its principal place of business in the State of New Jersey. At all times relevant hereto, Pharmacia was engaged in the business of manufacturing the pharmaceutical Celebrex. Pharmacia does substantial business in the

M002E17719

MAY 30 '01 16:04 FR S&S 599 5TH FL     212 848 5245 TO 00458H0271100018 P.05

May 30 2001 10:34AM  Eduardo Diaz            1-718-786-5933        p.5

4

State of New York and in the federal district, and at all times relevant herein, its

subsidiary, G.D. Searle developed, manufactured and co-marketed Celebrex with Pfizer

in interstate commerce and in the State of New York.

11.    Defendant Pfizer has its principal place of business at New York, New York and

in incorporated in the State of Delaware.  At all times relevant hereto, Pfizer was engaged

in the business of co-marketing with Pharmacia's subsidiary, G.D. Searle the

pharmaceutical Celebrex.  Pfizer does substantial business in the State of New York and

in this federal district, and at all times relevant herein, sold in interstate commerce and in

the State of New York the aforementioned drug.

## · JURISDICTION

12.    Plaintiff alleges an amount in controversy in excess of $75,000 exclusive of

interest and Court costs, as to himself and each member of the proposed Class.

13.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)

because the amount controversy exceeds $75,000, as to plaintiff and every member of

proposed Class, because the individual plaintiffs damage claims exceed said amount and

because of the Class has an undivided interest in obtaining injunctive/equitable relief,

including emergency notice, revised drug warnings and medical monitoring, that exceeds

$75,000 in value.

14.    There is complete diversity of citizenship between plaintiff and defendant.

## FACTUAL ALLEGATIONS

15.    At all times relevant, defendants, itself, or by use of others, did manufacture,

create, design, test, label, package, distribute, supply, market, sell, advertise, and

otherwise distribute, in interstate commerce, the products Vioxx and Celebrex.

M002E17720

MAY 30 '01 16:04 FR S&S 599 5TH FL     212 848 5245 TO 00458#0271100018 P.06

May 30 2001 10:34AM  Eduardo Diaz                1-718-796-5933          P.6

5

16.    Vioxx and Celebrex are Cox-2 inhibitor which reportedly reduces pain and
inflammation, while also significantly reducing incidents of stomach ulcers commonly
associated with pain relievers like aspirin and ibuprofen. Osteoarthritis is treated for the
purposes of reducing inflammation, selling, stiffness and joint pain.

17.    There are over 1 million users of Vioxx and Celebrex nationwide and annual sales
of Vioxx and Celebrex worldwide provide defendants Merck, Pharmacia and Pfizer with
a combined $4 billion in sales in 2000.

18.    Merck, Pharmacia and Pfizer have consistently marketed Vioxx and Celebrex as a
highly effective, osteoarthritis drug as compared with more traditional and less costly
drugs used to treat osteoarthritis.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action as a class action for equitable, injunctive and
declaratory relief as well as monetary relief pursuant to Federal Rules of Civil Procedure
Rule 23 on behalf of a class consisting of all persons in the United States, including their
successors in interest, who have ingested Vioxx and Celebrex for osteoarthritis at all
times relevant herein (the "Class").

20.    Plaintiff is a member of the Class he seeks to represent. The members of the
Class, thousands of individuals, are so numerous that joinder is impracticable and would
involve thousands of litigants.

21.    There are questions of law and fact common to the Class including, but not
limited to:

    (a)    Whether Vioxx and Celebrex are hazardously less effective in reducing

            inflammation, swelling, stiffness and joint pain as compared with the more

M002E177217

MAY 30 '01 16:04 FR S&S 599 5TH FL        212 848 5245 TO 00458#0271100013 P.07

May 30 2001 10:34AM  Eduardo Diaz                1-718-786-5933              P.7

6

traditional and less costly non-prescription medication such as aspirin and ibuprofen used to treat osteoarthritis;

(b)    Whether defendants have failed to adequately warn of the hazardous shortcomings of Vioxx and Celebrex in reducing inflammation, swelling, stiffness and joint pain, as compared to other forms of osteoarthritis treatments;

(c)    Whether emergency notice and revised patient warnings should be disseminated to class members;

(d)    Whether defendants negligently designed, manufactured, warned of and/or marketed Vioxx and Celebrex;

(e)    Whether defendants conducted, either directly or indirectly, appropriate pre- and post-release testing of Vioxx and Celebrex; and

(f)    Whether users of Vioxx and Celebrex are entitled to monetary relief.

22.    The claims of the named plaintiff are typical of the claims of the Class in that the named plaintiff and the members of the Class used Vioxx and Celebrex for the treatment of osteoarthritis.

23.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and common issues predominate.  Plaintiff has retained counsel competent and experienced in complex class actions.

24.    Notices can be provided to class members by a combination of published notice, Internet notice and first-class mail using techniques and forms of notice similar to those customarily used in drug-related product liability, personal injury and other consumer class actions.

M002E17722

MAY 30 '01 16:04 FR S&S 599 5TH FL     212 848 5245 TO 00458#0271100018 P.08

May 30 2001 10:35AM   Eduardo Diaz          1-718-786-5933          P.8

7

25.     Plaintiff seeks, *inter alia* injunctive relief in the form of emergency notice and revised drug warnings to more adequately advise Vioxx and Celebrex users of the drugs' performance in relation to the other available treatment for osteoarthritis and a Court-order and supervised medical monitoring program funded by defendants.

26.     Class certification is appropriate because defendants have acted, or refused to act, on grounds generally applicable to the Class, making appropriate preliminary and final injunctive and declaratory relief consisting of emergency notice, revised patient warnings and medical monitoring with respect to plaintiff and the class members. In addition, the prosecution of separate actions by or against individual member of the Class would create a risk of incompatible standards of conduct for defendants and inconsistent or varying adjudications for all parties. A class action is also superior to other available methods for the fair and efficient adjudication of this action.

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCT LIABILITY
### (FAILURE TO WARN)

27.     Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

28.     Defendants are the manufacturers and/or suppliers of Vioxx and Celebrex.

29.     Vioxx and Celebrex manufactured and/or supplied by defendants, was and is unaccompanied by adequate warnings regarding the higher risk of heart attacks for patients ingesting these drugs than those patients taking more traditional non-prescription pain relief medication.

30.     Defendants failed to perform adequate testing prior to its introduction in that adequate testing would have shown that patients taking Vioxx and Celebrex had an

M002E17723

MAY 30 '01 16:05 FR S&S 599 5TH FL       212 848 5245 TO 004583A0271100018 P.09

May 30 2001 10:35AM  Eduardo Diaz                1-718-786-5933           P.9

8

increased risk of heart attacks than those patients taking more traditional non-prescription pain relief medication.

31.    Vioxx and Celebrex manufactured and/or supplied by defendants was defective due to inadequate post-marketing warnings or instructions because, after the manufacturers knew or should have known that Vioxx and Celebrex posed a greater risk to patients taking these drugs than those patients taking more traditional non-prescription pain relief medications.

32.    As the producing cause and legal result of the defective or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, and as a direct and legal result thereof, plaintiff and other class members require reasonable and necessary health care, attention and services and did incur medical, health, incidental and related expenses and required updated warnings and emergency notice.  Absent such equitable relief, plaintiff and other members of the Class will suffer irreparable injury for which there is no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**STRICT PRODUCT LIABILITY**

33.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

34.    Defendants are the manufacturers and/or suppliers of Vioxx and Celebrex.

35.    The Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous in design or formulation in that, when it left the hands of the manufacturers and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

M002E177724

MAY 30 '01 16:05 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.10

May 30 2001 10:35AM  Eduardo Diaz                1-718-786-5933         P.10

9

36.    Alternatively, the Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous in design or formulation, in that, when it left the hands of the manufacturers and/or suppliers, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other forms of osteoarthritis pain relief treatments.

37.    The Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous due to inadequate warning or instruction because the manufacturers knew or should have known that those products posed a great risk to patients taking then those patients taking more traditional non-prescription pain relief medications.

38.    As the producing cause and legal result of the defective or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, and as a direct and legal result thereof, plaintiff and other Class members require reasonable and necessary health care, attention and services and did incur medical, health, incidental and related expenses and require updated warnings and emergency notice.  Absent such equitable relief, plaintiff and members of the Class will suffer irreparable injury for which there is no adequate remedy at law.

### THIRD CLIAM FOR RELIEF
### NEGLIGENCE

39.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

40.    Defendants have a duty to exercise reasonable care in the manufacture, sale and/or distribution of Vioxx and Celebrex into the stream of commerce, including a duty to assure that the products work effectively for their intended use which reasonably and

M002E17725

MAY 30 '01 16:05 FR S&S 599 5TH FL        212 848 5245 TO 00458#0271100018 P.11

May 30 2001 10:35AM   Eduardo Diaz                1-718-786-5933              P.11

10

foreseeable included a reduction of inflammation, swelling, stiffness and joint pain without increasing the likelihood of heart attack by patients ingesting these products.

41.    Defendants have failed to exercise reasonable care in the manufacture, sale, testing, equality assurance, quality control and/or distribution of Vioxx and Celebrex into interstate commerce in that defendants have known or should have known that Vioxx and Celebrex posed a great risk to patients taking them than those patients taking more traditional non-prescription pain relief medications.

42.    Defendants were negligent in the design, manufacture, testing, advertising, warning, marketing and sale of Vioxx and Celebrex in that it:

   (a)    Failed to use reasonable care in designing and manufacturing Vioxx and Celebrex so as to avoid the aforementioned risk to individuals when Vioxx and Celebrex was being used for pain management associated with osteoarthritis.

   (b)    Failed to accompany its product with proper warnings regarding all possible adverse effects associated with the use of Vioxx and Celebrex.

   (c)    Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the effective of Vioxx and Celebrex.

   (d)    Failed to provide adequate training to medical care providers for appropriate use of Vioxx and Celebrex;

   (e)    Failed to warn plaintiff and other members of the Class, prior to actively encouraging the sale of Vioxx and Celebrex, either directly or indirectly, orally or in writing, that Vioxx and Celebrex poised a significant risk of heart attack over and above traditional non-prescription pain relief medication.

M002E17726

MAY 30 '01 16:06 FR S&S 599 5TH FL     212 848 5245 TO 00458#0271100018 P.12

May 30 2001 10:36AM  Eduardo Diaz          1-718-786-5933          P.12

11

(f)    Was otherwise careless or negligent.

43.    Despite the fact that defendants knew or should have known that Vioxx and Celebrex and posed a significant risk to patients taking these drugs than those patients taking more traditional non-prescription pain relief medication, defendants have continued to market Vioxx and Celebrex to consumers, including plaintiff, when there were safer, more effective and less expensive methods of pain relief from osteoarthritis.

44.    Defendants have known or should have known that consumers such as plaintiff would suffer foreseeable injury as a result of defendants' failure to exercise ordinary care, including irreparable injury absent equitable relief, as described above.

45.    Defendants' negligence was a proximate cause of plaintiff's and class members' economic loss which they have suffered and continue to suffer.

### FOURTH CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTY

46.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

47.    Defendants have expressly warranted that Vioxx and Celebrex are safe and effective for the treatment of osteoarthritis.

48.    Vioxx and Celebrex does not conform to this express representation in that they fails to advise users of the increased risk of heart attack, while other less expensive non-prescription treatments do not present this risk.

49.    As direct and proximate result of the breach of said warranties, plaintiff and class members suffered economic loss in amounts to be proven at trial.

M002E17727

MAY 30 '01 16:06 FR S&S 599 5TH FL        212 848 5245 TO 00458#0271100018 P.13

May 30 2001 10:36AM   Eduardo Diaz                    1-718-786-5933          P.13

12

## FIFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

50.    Plaintiff incorporates by reference all other paragraphs of this compolaint as if fully set forth herein and further alleges as follows:

51.    At the time defendants marketed, sold, and distributed Vioxx and Celebrex, defendants knew that the use for which Vioxx and Celebrex were intended and impliedly warranted the product to be of merchantable quality and fit for such use.

52.    Plaintiff and other class members and their physicians reasonably relied upon the skill and judgment of defendants as to whether Vioxx and Celebrex was of merchantable quality and fit for its intended use.

53.    Contrary to such implied warranty, Vioxx and Celebrex were not of merchantable quality or fit for its intended use, because the product was and is unfit for the ordinary purposes for which it was used as described above.

54.    As a direct and proximate result of the breach of implied warranty, plaintiff and other members of the Class suffered economic loss as alleged herein.

## CLASS ACTION INJUNCTIVE, EQUITABLE
## AND MONETARY RELIEF

55.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

56.    Defendants have a continuing duty to warn plaintiff, the Class and the public of all potential risks and dangers of which it becomes or should become aware of.  There have been studies underway regarding these risks and dangers.  As a proximate result of defendants' conduct as described herein, plaintiff, on behalf of himself and all others similarly situated, is entitled to damages and/or equitable relief in the form of emergency notice, revised drug warnings and/or equivalent remedial and corrective action, to

M002E17728

13

accurately reflect and publicize the known effects of Vioxx and Celebrex, at defendants'

expense.

57.    Defendants should be required to provide information, including appropriate and

updated product warnings to individuals who use and/or have previously use Vioxx and

Celebrex for osteoarthritis to apprise them of timely information concerning the drug and

the relative riskiness of its use.

58.    Plaintiff's and class members' increased risk of hear attack and certain other

serious cardiac events as a result of their use of Vioxx and Celebrex makes periodic

diagnostic and medical examinations necessary and reasonable. Easily administered,

cost-effective medical monitoring procedures exist which may be applied to plaintiff and

members of the Class.

59.    Plaintiff and other members of the Class are also entitled to damages, as well as

their estates or heirs, for wrongful death, pain, suffering and lost earnings.

WHEREFORE, PLAINTIFF PRAYS FOR
RELIEF AS FOLLOWS

60.    Wherefore, Plaintiff prays for relief as follows:

(a)    That this action be certified as a class action on behalf of the proposed

class of individuals who have ingested Vioxx and/or Celebrex for

osteoarthritis, that the named plaintiffs be designated as representative of

the Class and that named counsel be designated Class counsel;

(b)    Creation of a comprehensive, court-supervised program which will:

(1)    Locate and notify Vioxx and Celebrex users that users of Vioxx

and Celebrex are more likely to suffer a heart attack as compared

M002E17729

MAY 30 '01 16:06 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.15

May 30 2001 10:37AM  Eduardo Diaz           1-718-786-5933        P.15

14

with patients taking the more traditional and less costly non-prescription medications or combinations thereof;

(2)    Create a court-supervised trust fund, paid for by defendants, to finance a medical monitoring program to deliver services, including but not limited to testing, preventive screening and surveillance for conditions resulting from, or potentially resulting from consumption of Vioxx and Celebrex.

(3)    Provide class members with revised warnings on drug labels and packages; and

(4)    Include new warnings on Merck and Pharmacia's Internet websites and in Vioxx and Celebrex's U.S. Product Prescribing Information, which appears in the Physicians' Desk Reference;

(c)    Award plaintiff and the Class damages incidental to their procurement and ingestion of Vioxx and Celebrex.

(d)    Order defendants to refund and make restitution of all monies acquired from the sale of Vioxx and Celebrex to plaintiff and the Class;

(e)    Attorneys' fees, expenses, and costs of this action; and

(f)    Such further relief as this Court deems necessary, just, and proper.

M002E17730

MAY 30 '01 16:07 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.16

May 30 2001 10:37AM  Eduardo Diaz              1-718-786-5933            P.16

15

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: May 23, 2001

_Nicholas A. Gravante, Jr._

BOIES, SCHILLER, FLEXNER, LLP
David Boies
Nicholas A. Gravante, Jr.
Kenneth G. Walsh
570 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300

Attorneys for Plaintiff

M002E17731