# EXHIBIT  100

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRAIDA BADILLO-MORALES, et al.,

    Plaintiffs,

    v.                                    CIVIL NO. 05-2055 (RLA)

MERCK & CO., INC., et al.,

    Defendants.

## J U D G M E N T

    Attorney JORGE CARAZO QUETGLAS having failed to submit the electronic version of the complaint by the deadline of December 9, 2005, as ordered by the undersigned on December 5, 2005, <u>see</u> docket No. 1, it is

    HEREBY ORDERED that the complaint in this action be and the same is hereby **DISMISSED** for lack of prosecution.

    IT IS SO ORDERED.

    San Juan, Puerto Rico, this 4th day of January, 2006.


                     S/Raymond L. Acosta
                      RAYMOND L. ACOSTA
              United States District Judge

# EXHIBIT  101

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **IRAIDA BADILLO MORALES,** | * | |
| **et al** | * | |
| **Plaintiffs** | * | |
| | * | |
| **vs.** | * | **Civil 06-1983 (GAG)** |
| | * | |
| **MERCK & CO., INC., et al** | * | |
| **Defendants** | * | |
| | * | |
| -------------------------------------------- | * | |

# O R D E R

Counsel for the plaintiffs in this case, Jorge Carazo Quetglas, was notified several times that he has to comply with Standing Order #1, and with the Manual for Civil and Criminal Cases, by electronically filing the initiating documents in this case.   He has also been given ample time to do so.  In view of the failure of attorney Jorge Carazo Quetglas to comply with the filing requirements, this case is hereby DISMISSED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 16th day of October 2006.


*S/ Gustavo A. Gelpi*
GUSTAVO A. GELPI
U. S. District Judge

# EXHIBIT  102

```
1        IN THE COURT OF JEFFERSON COUNTY, ALABAMA

2

3    CASE NO:  CV05-2316

4

5    GARY ALBRIGHT

6

7    V.

8

9    MERCK & CO, INC., et al.

10

11

12                 C A P T I O N

13

14       The following proceedings were held before the

15    Honorable Judge Scott Vowell and jury at the

16    Jefferson County Courthouse, 716 Richard Arrington

17    Boulevard, Birmingham, Alabama  35203, commencing on

18    November 27, 2006 at approximately 11:00 a.m.

19

20    Commissioner:

21

22    Lisa Bailey

23

24

25
```

1    to be in some of his medical records, and I

2    don't know if it's apparent to the jury when the

3    jury talks to -- hears him talk.

4         All right.  With regard to the summary

5    judgment based on the claim of fraud I am going

6    to grant it as to the fraudlent

7    misrepresentation aspect because I can find no

8    evidence of any affirmative misrepresentations

9    to either Mr. Albright or to his treating

10   physicians.  I looked at y'all's case of Brown

11   versus KNV, which is an interesting civil

12   appeals case, but I think there there was

13   evidence of a written affirmative

14   misrepresentation, which distinguishes it from

15   this case.  So I am going to grant it as to

16   fraudulent misrepresentation.

17        I am going to deny it as to the

18   plaintiff's claim for fraudulent suppression,

19   which I think under Owens versus State Farm

20   means that I find that as a matter of law that

21   there was a duty to disclose.  Because that case

22   says that's always a question of law for the

23   Court to decide if there was a duty to disclose.

24   Do y'all agree with that or have you thought

25   about it?

# EXHIBIT  103

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>MERCK & COMPANY, INC.;<br>AMERISOURCE CORPORATION;<br>BERGEN BRUNSWIG DRUG<br>COMPANY, INC.; and<br>AMERISOURCEBERGEN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. O4-792-DRH

## COMPLAINT

COMES NOW PLAINTIFF, JOHN ELLIS, by and through his undersigned counsel, and for his cause of action against the Defendants, states as follows:

This is a civil action brought on behalf of the above-styled Plaintiff, who was prescribed and used the prescription medication Vioxx® (Rofecoxib). This drug caused the Plaintiff to suffer personal injury and damages. This action seeks monetary damages for injuries caused by, and damages caused by, Vioxx® (Rofecoxib).

## STATEMENT OF THE PARTIES

1.    Plaintiff JOHN ELLIS is a resident of Marion County, Illinois who was prescribed and ingested Vioxx for a period of 4years, starting in 2000, and suffered injury.

2.        Defendant Merck & Company, Inc. (hereinafter referred to as "Merck"), is incorporated in the State of New Jersey and has its principal place of business in Rahway, New Jersey. At all times relevant herein, Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. Merck does business by agent in Illinois and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Marion County, Illinois.

3.        Amerisource Corporation (hereinafter referred to as "Amerisource"), is incorporated in the state of Delaware, has its principal place of business in Wilmington, Delaware. At all times relevant herein, Amerisource was in the business of marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. Amerisource does business by agent in Illinois and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Marion County, Illinois.

4.        Bergen Brunswig Drug Company, Inc. (hereinafter referred to as "Bergen"), is incorporated in the state of California and has its principal place of business in Orange, California. At all times relevant herein Bergen was in the business of marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. Bergen does business by agent in Illinois and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Marion County, Illinois.

5.        Amerisourcebergen, is incorporated in the state of Pennsylvania and has its principal place of business in Chesterbrook, Pennsylvania. At all times relevant herein Amerisourcebergen was in the business of marketing, promoting, selling and distributing pharmaceuticals and other

2

products, including Vioxx®. Amerisourcebergen does business by agent in Illinois under its former names Amerisource and Bergen Brunswig.  On information and belief, Amerisourcebergen at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Marion County, Illinois.

6.     At all times material to this Complaint, each Defendant acted as an agent for each of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged herein.

## JURISDICTION AND VENUE

7.     Personal jurisdiction and subject matter jurisdiction are appropriate in this Court as to all Defendants, as all Defendants have done business in the Southern District of Illinois, either directly or by agent, and have thus availed themselves of this jurisdiction.

8.  Diversity jurisdiction exists under Federal R.C.V.P. 28§1332 since this civil action is between a citizen of Illinois and citizens of New Jersey, Delaware, California and Pennsylvania. Also, the amount of controversy exceeds $75,000.00 exclusive of interest and costs.

9.  Venue is proper in the United States District Court for the Southern District of Illinois under Fed. R. Civ. P. 28 §1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in Marion County, Illinois, which falls within the jurisdictional boundaries of the United States District Court for the Southern District of Illinois.

## STATEMENT OF FACTS

10.     Vioxx® (Rofecoxib), is a prescription drug designed to treat pain through reduced inflammation; Vioxx® (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent (NSAID). Defendants did manufacture, design, package, market, sell and distribute this drug. The

3

Defendants encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumers.  Defendants misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects.

11.  At all times relevant hereto, Defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products.  Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

## COUNT I

## STRICT LIABILITY—DESIGN DEFECT

12.  Plaintiff alleges and re-adopts all prior paragraphs of this Complaint as if fully set out herein.

13.  The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, sold and/or supplied by one or more of these Defendants, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

14.  Further, the pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by one or more of these Defendants was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

4

15.     Further, the pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by one or more of these Defendants was defective due to inadequate testing.

16     Additionally, Defendants failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from Vioxx® (Rofecoxib).  The defective nature of this product is a contributing cause of Plaintiff's injuries.

WHEREFORE, the Plaintiff demands judgment against each Defendant in excess of $75,000.00 for compensatory damages, plus punitive damages as this Court deems reasonable, and costs.

## COUNT II

## NEGLIGENCE

17.     Plaintiff realleges and re-adopts all prior paragraphs of this Complaint as if fully set out herein.

18.     Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Defendants failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Defendants knew or should have known that Vioxx® (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

19.     Despite the fact that the Defendants knew or should have known that Vioxx® (Rofecoxib) caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, the Defendants continued to market Vioxx® (Rofecoxib) to the consuming

public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

20.     Defendants knew or should have known that consumers such as the Plaintiff would foreseeably suffer injury or death as a result of the Defendants' failure to exercise ordinary care as described herein.  Defendants' negligence was a contributing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

WHEREFORE, the Plaintiff demands judgment against each Defendant in excess of $75,000.00 for compensatory damages, plus punitive damages as this Court deems reasonable, and costs.

## COUNT III

## BREACH OF EXPRESS WARRANTY OF MECHANTABILITY

21.     Plaintiff realleges and re-adopts all prior paragraphs of this Complaint as if fully set out hereto.

22.     Defendants made express representations to Plaintiff relative to its product, Vioxx® (Rofecoxib).

23.     Defendants, through their advertising and detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx® (Rofecoxib).

24.     Vioxx® (Rofecoxib) does not conform to the express representations made to the Plaintiff or his physicians.

25.     Vioxx® (Rofecoxib) does not conform to the express representations made by the Defendants' agents/sales representatives.

26.     Defendants' conduct in this matter was a contributing cause of injuries and

6

damages suffered by Plaintiff.

WHEREFORE, the Plaintiff demands judgment against each Defendant in excess of $75,000.00 for compensatory damages, plus punitive damages as this Court deems reasonable, and costs.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MECHANTABILITY

27.    Plaintiff realleges and re-adopts all prior paragraphs of the Complaint as if fully set out herein.

28.    At the time Defendants marketed, sold and distributed Vioxx® (Rofecoxib) for use by the general consuming public, including Plaintiff, the Defendants knew of the use for which Vioxx® (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

29.    Plaintiff reasonably relied upon the skill and judgment of the Defendants as to whether Vioxx® (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

30.    Contrary to such implied warranty, Vioxx® (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

31.    Defendants' conduct in this regard was the contributing cause of the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff demands judgment against each Defendant in excess of $75,000.00 for compensatory damages, plus punitive damages as this Court deems reasonable, and costs.

## COUNT V

## FRAUDULENT MISREPRESENTATION

32.     Plaintiff realleges and re-adopts all prior paragraphs of the Complaint as if fully set out herein.

33.     Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx® (Rofecoxib) was safe and effective. Defendants represented Vioxx® (Rofecoxib) as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product.

34.     Prior to and following the introduction of Vioxx® (Rofecoxib) into the market as a prescribable pharmaceutical medication, Defendants set in motion a campaign to market its product. Defendants' representations made concerning Vioxx® (Rofecoxib) as a safe and effective drug were made so that Plaintiff and the general consuming public, would rely on said representations and take this drug. In fact, Plaintiff did rely on Defendants' representations in this regard.

35.     Merck trained its sales representatives, through programs such as the "Vioxx® Obstacle Dodge Ball Program," the "Obstacle Response Guide for Vioxx®" and "Top Ten Obstacle Handlers" to misstate and misrepresent the truly dangerous nature of Vioxx® to prescribing physicians.

36.     These programs were specifically designed and promulgated by Merck to mislead prescribing physicians about the safety of Vioxx®.

37.     These programs were specifically designed and promulgated by Merck to mislead prescribing physicians about the life threatening side effects, including myocardial infarction, of Vioxx®.

8

38.    At the time Defendants made these representations, it was aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendants' fraud and misrepresentation, Plaintiff suffered injuries and damages.

WHEREFORE, the Plaintiff demands judgment against each Defendant in excess of $75,000.00 for compensatory damages, plus punitive damages as this Court deems reasonable, and costs.

## DAMAGES

39.    Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a direct and proximate result of Defendants' conduct individually, separately, and in concert; and Plaintiff will respectfully request the Court to determine the amount of loss Plaintiff has suffered and incurred, in the past and in the future, not only from a financial standpoint, but also in terms of good faith, freedom from pain and worry.

40.    At all times relevant hereto, Defendants actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product.  Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiff's individual rights. The Plaintiff, therefore, is entitled to punitive damages from Defendants.

41.    Plaintiffs hereby request a bench trial on all issues in this case and hereby tenders the requisite fee simultaneously with this Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial herein, Plaintiff recovers damages as set forth above, jointly and severally, from Defendants, including cost of Court, pre-judgment and post-judgment interest at the legal rates, and that Plaintiff has such other and further relief, both general and special, at law and in equity, to which they may be justly entitled under the facts and attending circumstances.

**GOLDENBERG, MILLER, HELLER & ANTOGNOLI, P.C.**

**ROBERT D. ROWLAND #6198915**
**D. KEITH SHORT #6210044**
2227 South State Route 157; P.O. Box 959
Edwardsville, Illinois 62025
618-656-5150
rrowland@gmhalaw.com
keith@gmhalaw.com

Attorneys for Plaintiff

Fri Oct 29 16:22:17 2004

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No.    300 100793
Cashier            baugh

Check Number: 69443

D0 Code      Div no
4625            3

Sub Acct Type Tender      Amount
1:510000  N      2         90.00
2:086900  N      2         60.00

Total Amount        $     150.00

CIVIL FILING FEE REC'D FROM ROBERT
ROWLAND 04-792-DRH

cn

Fri Oct 29 16:22:17 2004

Check No.  69443
Amount$   150.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

# EXHIBIT  104

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

* Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.,* S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED TRUE COPY

FEB 3 1 2005

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques - such as establishing separate discovery and/or motion tracks - to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

CLERK'S OFFICE
A TRUE COPY

FEB 2 2

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

## SCHEDULE A

MDL-1657 -- In re Vioxx Products Liability Litigation

**SECT. L MAG. 3**

CASE No. ASSIGNED
EASTERN DIST OF LOUISIANA

### Middle District of Alabama

| | |
|---|---|
| Paul Turner, Sr. v. Merck & Co., Inc., C.A. No. 1:04-999 | 05-0428 |
| Danny M. Wilson v. Merck & Co., Inc., C.A. No. 2:03-844 | 05-0429 |

### Northern District of Alabama

| | |
|---|---|
| Carolyn O. Hensley, etc. v. Merck & Co., Inc., C.A. No. 1:03-906 | 05-0430 |
| William Cook v. Merck & Co., Inc., et al., C.A. No. 2:02-2710 | 05-0431 |
| Sharon Scott Jones v. Merck & Co., Inc., C.A. No. 5:04-3079 | 05-0432 |

### Southern District of Alabama

| | |
|---|---|
| Carolyn Younge, etc. v. Merck & Co., Inc., et al., C.A. No. 1:03-125 | 05-0433 |

### Eastern District of Arkansas

| | |
|---|---|
| Linda Sue Otts v. Merck & Co., Inc., C.A. No. 5:04-57 | 05-0434 |

### Western District of Arkansas

| | |
|---|---|
| Bobby Brown, et al. v. Merck & Co., et al., C.A. No. 4:04-4140 | 05-0435 |
| Arthur Fulton, etc. v. Merck & Co., Inc., C.A. No. 6:03-6107 | 05-0436 |

### Central District of California

| | |
|---|---|
| Charles Ashman v. Merck & Co., Inc., C.A. No. 2:04-8225 | 05-0437 |
| Janet Briggs v. Merck & Co., Inc., C.A. No. 2:04-9275 | 05-0438 |

### Northern District of California

| | |
|---|---|
| Kathy Tokes v. Merck & Co., Inc., C.A. No. 3:04-4435 | 05-0439 |
| Patricia A. Taylor v. Merck & Co., Inc., C.A. No. 3:04-4510 | 05-0440 |
| Jeffrey Brass v. Merck & Co., Inc., C.A. No. 3:04-4521 | 05-0441 |

### Middle District of Florida

| | |
|---|---|
| Frances Dunleavey, et al. v. Merck & Co., Inc., C.A. No. 2:04-539 | 05-0442 |

- A2 -

**MDL-1657 Schedule A (Continued)**

ＳＥＣＴ. Ｌ ＭＡＧ. 3

### Northern District of Florida

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388                    05-0443

### Southern District of Florida

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429                 05-0444
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631                  05-0445
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632               05-0446
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799                       05-0447
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983                  05-0448

### Northern District of Georgia

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530                  05-0449
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231                          05-0450

### Northern District of Illinois

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407                      05-0451
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741                         05-0452
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218                              05-0453

### Southern District of Illinois

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27                       05-0454
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792                        05-0455
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836                                   05-0456

### Southern District of Indiana

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535            05-0457
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651         05-0458

### District of Kansas

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518                             05-0459
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355                           05-0460

- A3 -

**MDL-1657 Schedule A (Continued)**

**SECT. L MAG. 3**

### Eastern District of Kentucky

| | |
|---|---|
| *Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235 | 05-0461 |
| *Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452 | 05-0462 |

### Eastern District of Louisiana

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

### Middle District of Louisiana

| | |
|---|---|
| *Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712 | 05-0463 |
| *Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776 | 05-0464 |
| *Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800 | 05-0465 |
| *Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801 | 05-0466 |
| *Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802 | 05-0467 |
| *James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803 | 05-0468 |
| *Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804 | 05-0469 |

### Western District of Louisiana

| | |
|---|---|
| *Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304 | 05-0470 |
| *Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110 | 05-0471 |
| *Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126 | 05-0472 |
| *Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401 | 05-0473 |
| *Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268 | 05-0474 |
| *Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269 | 05-0475 |
| *Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270 | 05-0476 |
| *Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271 | 05-0477 |
| *Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272 | 05-0478 |
| *Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273 | 05-0479 |
| *William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274 | 05-0480 |
| *Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275 | 05-0481 |
| *Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276 | 05-0482 |
| *Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174 | 05-0483 |

- A4 -

**MDL-1657 Schedule A (Continued)**

### District of Maryland

*Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612      05-0484
*Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975      05-0485
*David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024      05-0486
*Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604      05-0487

### District of Massachusetts

*Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166      05-0488

### District of Minnesota

*Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166      05-0489
*Lowell Burns, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375      05-0490
*Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754      05-0491

### Northern District of Mississippi

*Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105      05-0492

### Southern District of Mississippi

*Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247      05-0493
*Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249      05-0494
*Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372      05-0495
*Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435      05-0496
*Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866      05-0497

### Eastern District of Missouri

*Deyonne E. Whitmore v. Merck & Co., Inc., C.A. No. 4:03-1354      05-0498
*Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446      05-0499
*Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447      05-0500

### Western District of Missouri

*Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952      05-0501
*Russell Young, etc. v. Merck & Co., C.A. No. 6:04-5117      05-0502

- A5 -

**MDL-1657 Schedule A (Continued)**

SECT. L MAG. 3

District of New Jersey

| | |
|---|---|
| *Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178 | 05-0503 |
| *Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341 | 05-0504 |

Eastern District of New York

| | |
|---|---|
| *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441 | 05-0505 |
| *William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949 | 05-0506 |
| *Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439 | 05-0507 |
| *Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606 | 05-0508 |
| *Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686 | 05-0509 |
| *Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485 | 05-0510 |
| *William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486 | 05-0511 |

Southern District of New York

| | |
|---|---|
| *Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082 | 05-0512 |
| *Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085 | 05-0513 |
| *Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297 | 05-0514 |
| *Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959 | 05-0515 |
| *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248 | 05-0516 |
| *Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169 | 05-0517 |

Northern District of Ohio

| | |
|---|---|
| *Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209 | 05-0518 |
| *Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217 | 05-0519 |
| JAMES  E. *Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 | 05-0520 |
| *Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245 | 05-0521 |
| *Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623 | 05-0522 |

Western District of Oklahoma

| | |
|---|---|
| *Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235 | 05-0523 |

Eastern District of Pennsylvania

| | |
|---|---|
| *Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713 | 05-0524 |
| *Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882 | 05-0525 |
| *Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900 | 05-0526 |
| *Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077 | 05-0527 |
| *Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130 | 05-0528 |

- A6 -

**MDL-1657 Schedule A (Continued)**



### District of Puerto Rico

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263      05-0529

### District of South Carolina

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083      05-0530

### Eastern District of Texas

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684      05-0531
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685      05-0532
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686      05-0533
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703      05-0534
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376      05-0535
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406      05-0536
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509      05-0537

### Northern District of Texas

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180      05-0538
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157      05-0539
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259      05-0540

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362      05-0541
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544      05-0542
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526      05-0543
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139      05-0544
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380      05-0545
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448      05-0546
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656      05-0547
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657      05-0548
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187      05-0549
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201      05-0550
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205      05-0551
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206      05-0552
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207      05-0553
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208      05-0554
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209      05-0555
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327      05-0556

- A7 -

**MDL-1657 Schedule A (Continued)**

Southern District of Texas (Continued)

**SECT. L MAG**

| | |
|---|---|
| *Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134 | 05-0557 |
| *Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153 | 05-0558 |
| *Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352 | 05-0559 |
| *Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373 | 05-0560 |

Western District of Texas

| | |
|---|---|
| *Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485 | 05-0561 |
| *Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707 | 05-0562 |
| *Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731 | 05-0563 |

District of Utah

| | |
|---|---|
| *Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794 | 05-0564 |

District of Vermont

| | |
|---|---|
| *Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261 | 05-0565 |

Western District of Virginia

| | |
|---|---|
| *Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20 | 05-0566 |

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### OFFICE OF THE CLERK

LORETTA G. WHYTE
CLERK

500 CAMP ST., ROOM C-151
NEW ORLEANS, LA 70130

February 22, 2005

Mr. Norbert Jaworski, Clerk
United States District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL  62201

In Re:  MDL 1657 Vioxx Products LiabilityLitigation L (3)

Dear Mr. Jaworski:

   Enclosed are certified copies of a transfer order received from the Multidistrict Litigation Panel in Washington, D.C.  It instructs that the cases listed on the attached page  be transferred to our district for disposition pursuant to Title 28 USC 1407, as soon as possible.

   Our office has assigned  new civil action numbers to these cases as referenced on the attached page. Please include copies of this letter, certified copies of the enclosed order of transfer, and certified copies of the docket sheets  with your **original records**  when transferring same to this office. Your prompt attention in this matter is greatly appreciated.

Very truly yours,
Loretta G. Whyte, Clerk

By_____
Deputy Clerk

Enclosures
cc: Judicial Panel on Multidistrict Litigation

| **Your Case Nos.** | **Case Title** | **Our Case Nos.** |
| --- | --- | --- |
| 3:04-27 | Roberta Walson v. Merck & Co., Inc. | 05-454 L (3) |
| 3:04-792 | John Ellis v. Merck & Co., Inc. | 05-455 L (3) |
| 3:04-836 | Bilbrey v. Merck & Co., Inc. | 05-456 L (3) |

# CIVIL COVER SHEET

04-792-DRH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Ellis

**DEFENDANTS** 04-792 DRH

Merck & Company, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff    Marion County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    State of New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Goldenberg, Miller, Hellr & Antognoli, P.C.
2227 S. State Route 157
Edwardsville, IL  62025

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |  |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |  |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |  |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/e |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced a |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commoditie |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** |  | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | ☐ 892 Economic Stabilization |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
|  |  | ☐ 385 Property Damage |  | ☐ 894 Energy Allocation Act |
|  | **PERSONAL INJURY** | Product Liability | **SOCIAL SECURITY** | ☐ 895 Freedom of |
| **REAL PROPERTY** | ☐ 362 Personal Injury— |  | ☐ 861 HIA (1395ff) | Information Act |
| ☐ 210 Land Condemnation | Med. Malpractice | **CIVIL RIGHTS** | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determin |
| ☐ 220 Foreclosure | ☒ 365 Personal Injury — | ☐ 441 Voting | ☐ 863 DIWC/DIWW (405(g)) | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | Product Liability | ☐ 442 Employment | ☐ 864 SSID Title XVI | Justice |
| ☐ 240 Torts to Land | ☐ 368 Asbestos Personal | ☐ 443 Housing/ | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Injury Product | Accommodations |  | State Statutes |
| ☐ 290 All Other Real Property | Liability | ☐ 444 Welfare | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Action |
|  |  | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff |  |

(additional items in table, reproduced below)

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**LABOR** (cont.)
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**FEDERAL TAX SUITS** (cont.)
or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

FEDERAL R.C.V.P. 28 § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75K+

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____

DOCKET NUMBER _____

DATE   10/29/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____