# EXHIBIT  105

1 | Paul R. Kiesel, Esq. (SBN 119854)
Patrick DeBlase, Esq. (SBN 167138)

2 | KIESEL, BOUCHER & LARSON, LLP
8648 Wilshire Boulevard

3 | Beverly Hills, California 90211
Telephone:  310/854.4444

4 | Facsimile: 310/854.0812

5 | Grant Kaiser, Esq. (Texas Bar No. 11078900)
THE KAISER LAW FIRM L.L.P.

6 | 8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001

7 | Telephone: 713/444.1700
Facsimile: 713/444.1780

8 | *Pending Pro Hac Vice Admission*

9 | John Boundas, Esq. (Texas Bar No. 00793367)
Amy M. Carter, Esq. (SBN 237928)

10 | G. Erick Rosemond, Esq. (SBN 226369)
WILLIAMS BAILEY LAW FIRM

11 | 8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001

12 | Telephone: 713/230.2200
Facsimile: 713/643.6226

13 |

14 | Attorneys for Plaintiff, CAROL LEWIS

15 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

16 | FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 3 0 2005

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
D. GILES

17 | Coordination Proceeding Special Title (Rule 1550(b))

18 |

19 | VIOXX® CASES

20 | CAROL LEWIS,

21 | Plaintiff,

22 | v.

23 | MERCK & COMPANY, INC., McKESSON CORPORATION, and DOES 1 through

24 | 100, inclusive,

25 | Defendants.

26 |

27 |

28 | /////

JCCP NUMBER: 4247

CASE NUMBER: B C 3 4 5 3 4 0

**COMPLAINT: AMENDED NOTICE OF ADOPTION OF VIOXX MASTER COMPLAINT (2005 Amended NOA) BY PLAINTIFF CAROL LEWIS**

(By Order of the Honorable Victoria G. Chaney, the designated county of origin shall be deemed, and is stipulated to be, the original county in which this case was initially filed and pending for purposes of removal under 28 U.S.C. § 1441(a) and potential trial venue.)

Assigned For All Purposes To The Honorable Victoria G. Chaney
Department 324

-1-

1    Pursuant to the Court's Case Management Order No. 3:  General Pre-trial Order

2  and Case Management Order No. 6:  Order Regarding Direct Filing, plaintiff Carol Lewis

3  hereby adopts the Master Complaint, and any rulings or order of the Court relating

4  thereto:

5       1. (a)  **Causes of action and Parties alleged in the Master Complaint**.  Plaintiff

6  incorporates by reference each of the causes of action in the Master Complaint checked

7  below and alleges same against Merck:

8        ☒     Strict Liability - Failure to Warn

9        ☒     Negligence

10

11       ☒     Negligence Per Se

12       ☒     Breach of Implied Warranty

13       ☒     Breach of Express Warranty

14       ☒     Deceit by Concealment

15       ☒     Negligent Misrepresentation

16

17       ☒     Violation of Business & Professions Code § 17200

18       ☒     Violation of Business & Professions Code § 17500

19       ☒     Violation of Civil Code § 1750

20       ☐     Wrongful Death

21       ☐     Survivor Action

22       ☐     Loss of Consortium

23     (b)    **Causes of Action and/or Parties not alleged in the Master Complaint**.

24       Plaintiff alleges additional causes of action and/or names additional parties

25  not mentioned in the Master Complaint as follows:  McKesson Corporation.

26     2.    Plaintiff is a resident of the State of California, County of Sacramento.

27  Plaintiff's injuries as alleged in this litigation occurred in the County of Sacramento, in

28  the State of California.

-2-

M001869854

3.   Plaintiff ☒ is / ☐ not claiming damages for mental and/or emotional distress.

4.

☒   Plaintiff is an individual who ingested VIOXX®, and who asserts claims for damages herein by complaining of the following injuries: ischemic stroke, including cardiovascular and neurological injuries.

☐   Plaintiff is the spouse of _____, an individual who ingested VIOXX® and allegedly sustained personal injuries as a result.

☐   Plaintiff's decedent, _____, is an individual who ingested VIOXX® and allegedly sustained fatal injury as a result. The following plaintiffs are heirs of Plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of Plaintiff's decedent, and bring the causes of action alleged herein pursuant to Code of Civil Procedure § 377.60: _____

☐   Plaintiff is a personal representative or successor in interest to decedent, _____, who ingested VIOXX® and allegedly sustained fatal injury as a result, and is authorized to bring a survivor action on behalf of the decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been appointed as the decedent's personal representative or successor in interest by the following court, on the following date: _____

5.   The Vioxx ingested by plaintiff or decedent was purchased at the following pharmacies (*provide name and address of each pharmacy*): Caremark, Post Office Box 961066, Forth Worth, Texas 76161-0066.

6.   (*If plaintiff alleges a cause of action for deceit by concealment and/or a cause of action for negligent misrepresentation, plaintiff must complete this section.*) Plaintiff claims that Defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based on the following allegations:

(a)   What allegedly false statement(s) did Defendants make to you or

-3-

1  your doctor (*if doctor, state the name and address of the doctor*)? Vioxx was safe;

2  Vioxx had fewer side effects and adverse reactions than other pain relief medication;

3  understated known adverse risks and side effects; Vioxx was a drug of first choice;

4  naproxen had antithrombotic properties; Vioxx had a favorable safety profile; information

5  in "Dodge Ball Vioxx" document; Dr. Kira Stammler, 830 South Ham Lane, Lodi,

6  California 95242.

7          (b)     State the name and job title of the individual(s) who made the

8  above-described statements to you or your doctor:   Unknown at this time;

9  representations came from advertisements and prescription information.

10         (c)     When, and by what means (e.g., writing, oral statement, television,

11  Internet, etc.), were the above-described statements made to you or your doctor?

12  Before and while taking Vioxx; packet insert with prescription.

13         (d)     When, and how, did you or your doctor rely on the above-described

14  statements? Before and during the time my doctor prescribed Vioxx for me.

15         (e)     If the above-described statements were false by virtue of

16  Defendants' concealment of facts that were known by Defendants, state the facts that

17  were concealed and that, if known by you or your doctor, would have prevented your

18  alleged injury: Vioxx was not safe; Vioxx did not have fewer side effects; Vioxx was

19  prothrombotic; Vioxx should not have been a drug of first choice; Vioxx caused heart

20  attacks and other serious disorders.

21      7.     Plaintiff requests the relief checked below:

22      ☒     Past and future general damages according to proof.

23

24      ☒     Past and future medical and incidental expenses, according to proof.

25      ☒     Past and future loss of earnings and/or earning capacity, according to

26             proof.

27      ☒     Punitive and exemplary damages, where permitted by law.

28

-4-

☒  Damages for past and future mental and/or emotional distress according to proof.

☐  Damages for past and future loss of consortium, according to proof.

☒  Costs of suit incurred herein.

☒  Injunctive relief (specify): <u>Enjoining Defendants from the acts of unfair competition and untrue and misleading advertising.</u>

☒  Other (specify): <u>Restitution and disgorgement of profits, according to proof, and such other and further relief the Court deems just and proper.</u>

DATED: December 30, 2005

Paul R. Kiesel, Esq. (SBN 119854)
Patrick DeBlase, Esq. (SBN 167138)
KIESEL, BOUCHER & LARSON, LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: 310/854.4444
Facsimile: 310/854.0812

Grant Kaiser, Esq. (Texas Bar No. 11078900)
THE KAISER LAW FIRM L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
Telephone: 713/444.1700
Facsimile: 713/444.1780
*Pending Pro Hac Vice Admission*

John Boundas, Esq. (Texas Bar No. 00793367)
Amy M. Carter, Esq. (SBN 237928)
G. Erick Rosemond, Esq. (SBN 226389)
WILLIAMS BAILEY LAW FIRM
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
Telephone: 713/230.2200
Facsimile: 713/643.6226

Attorneys for Plaintiff, CAROL LEWIS

-5-

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*HFS 1/5/06*
*09:40 AM*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERCK & COMPANY, INC., McKESSON CORPORATION, and
DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAROL LEWIS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL <br> 111 North Hill Street <br> Los Angeles, California 90017 | CASE NUMBER: <br> *(Número del Caso):* <br> **B C 3 4 5 3 4 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul R. Kiesel, Esq. (SBN 119854)                                        310/854.4444
KIESEL, BOUCHER & LARSON LLP                                        310/854.0812
8648 Wilshire Boulevard, Beverly Hills, California 90211-2910          DERRIAN GILES

| | | | |
|---|---|---|---|
| DATE: **DEC 3 0 2005** <br> *(Fecha)* | **John A. Clarke** <br> *(Secretario)* | Clerk, by _____, Deputy <br> *(Adjunto)* | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MERCK + COMPANY, INC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick DeBlase, Esq. (SBN 167138)<br>KIESEL, BOUCHER & LARSON LLP<br>8648 Wilshire Boulevard, Beverly Hills, California 90211-2910<br>TELEPHONE NO.: 310/854.4444    FAX NO.: 310/854.0812<br>ATTORNEY FOR *(Name):* Plaintiff, CAROL LEWIS | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 3 0 2005<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>**D. GILES** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, California<br>BRANCH NAME: Central |
|---|

| CASE NAME:<br>CAROL LEWIS v. MERCK & COMPANY, INC., et al. |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>BC345340 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br><br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 1800–1812) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [X] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Intellectual property (19) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| Employment | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [X] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence        f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 10
5. This case [✓] is [ ] is not   a class action suit.
Date: December 29, 2005

PATRICK DeBLASE, ESQ.
(TYPE OR PRINT NAME)                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in
  sanctions.
- File this cover sheet in addition to any cover sheet required by local court rules.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT  106

A CERTIFIED TRUE COPY

MAR 2 0 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 21  PM 1: 26

LORETTA G. WHYTE
CLERK

*DOCKET NO. 1657*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 2 2006

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

CA 06-1466 L

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-43)*

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 3,259 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, 360 F.Supp.2d 1352 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: JACK L. WAGNER
Clerk, U.S. District Court
Eastern District of California
By _____ Dated APR 1 2 2006 Deputy Clerk

Inasmuch as no objection is pending at this time, the stay is lifted.

MAR 2 0 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CLERK'S OFFICE
A TRUE COPY
MAR 3 0 2006
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

## SCHEDULE CTO-43 - TAG-ALONG ACTIONS
### DOCKET NO. 1657
### IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY
### LITIGATION

EDLA
SEC. L/3

| DIST. DIV. C.A. # | CASE CAPTION | |
|---|---|---|
| **ALABAMA MIDDLE** | | |
| ~~ALM 2 06-127~~ | ~~James O. Struthers, etc. v. Merck & Co., Inc., et al.~~ Vacated 3/20/06 | |
| ALM 3 06-128 | Rosemary Leverett, etc. v. Merck & Co., Inc., et al. | 06-1457 |
| | | |
| **ALABAMA NORTHERN** | | |
| ALN 2 06-184 | Martha Faircloth, etc. v. Merck & Co., Inc. | 06-1458 |
| ALN 2 06-226 | Louise Partin v. Merck & Co., Inc., et al. | 06-1459 |
| ALN 2 06-269 | Freddie Walker Arnold, et al. v. Merck & Co., Inc. | 06-1460 |
| ALN 2 06-315 | Robert Glenn v. Merck & Co., Inc. | 06-1461 |
| ALN 6 06-143 | ReDonna Earle Wakefield Miller , etc. v. Merck & Co., Inc., et al. | 06-1462 |
| ALN 7 06-281 | Virginia A. Rogers v. Merck & Co., Inc. | 06-1463 |
| | | |
| **ALABAMA SOUTHERN** | | |
| ~~ALS 1 06-44~~ | ~~Robert Shawn Roach, et al. v. Merck & Co., et al.~~ Opposed 3/13/06 | |
| | | |
| **ARKANSAS WESTERN** | | |
| ARW 4 06-4011 | Dale A. Rogers v. Merck & Co., Inc. | 06-1464 |
| | | |
| **ARIZONA** | | |
| AZ 4 06-42 | Gerald Tuggle, et al. v. Merck & Co., Inc. | 06-1465 |
| | | |
| **CALIFORNIA EASTERN** | | |
| CAE 2 06-241 | Carol Lewis v. Merck & Co., Inc., et al. | 06-1466 |
| CAE 2 06-281 | Andrew Garrick, et al. v. Merck & Co., Inc., et al. | 06-1467 |
| ~~CAE 2 06-324~~ | ~~Manuel Chavez, et al. v. Merck & Co., Inc., et al.~~ Opposed 3/20/06 | |
| CAE 2 06-330 | William Morning, etc. v. Merck & Co., Inc., et al. | 06-1468 |
| | | |
| **CALIFORNIA NORTHERN** | | |
| ~~CAN 3 05-4949~~ | ~~Mary Zumut v. Merck & Co., Inc.~~ | ~~06-1469~~ |
| CAN 3 06-424 | Marvin Knox v. Merck & Co., Inc. | 06-1470 |
| CAN 3 06-716 | Marilyn Artieres, etc. v. Merck & Co., Inc. | 06-1471 |
| | | |
| **FLORIDA MIDDLE** | | |
| FLM 2 06-61 | Natalie Jane Stewart v. Merck & Co., Inc., et al. | 06-1472 |
| FLM 2 06-62 | Susan Wright, etc. v. Merck & Co., Inc., et al. | 06-1473 |
| FLM 3 06-104 | Ruby A. Barbaree v. Merck & Co., Inc. | 06-1474 |
| FLM 3 06-105 | Laura D. Page, et al. v Merck & Co., Inc. | 06-1475 |
| | | |
| **FLORIDA SOUTHERN** | | |
| FLS 1 06-20227 | Gloria Jean Thomas v. Merck & Co., Inc. | 06-1476 |
| FLS 9 06-80117 | Edward Hettiger, etc. v. Merck & Co., Inc., et al. | 06-1477 |
| | | |
| **IOWA NORTHERN** | | |
| IAN 1 05-174 | Paul Nadermann, et al. v. Merck & Co., Inc. | 06-1478 |
| | | |
| **IOWA SOUTHERN** | | |
| IAS 4 06-35 | Christopher Wright, et al. v. Merck & Co., Inc. | 06-1479 |

SCHEDULE CTO-43 TAG-ALONG ACTIONS (MDL-1657)

| DIST. DIV. C.A. # | | | CASE CAPTION | EDLA SEC. L/3 |
|---|---|---|---|---|

**ILLINOIS NORTHERN**

| | | | | |
|---|---|---|---|---|
| ILN | 1 | 06-640 | Francisco Gonzalez, etc. v. Merck & Co., Inc. | 06-1480 |
| ILN | 1 | 06-716 | Edward Freemon v. Merck & Co., Inc. | 06-1481 |

**ILLINOIS SOUTHERN**

| | | | | |
|---|---|---|---|---|
| ~~ILS~~ | ~~3~~ | ~~06-63~~ | ~~Willis Fuller, et al. v. Merck & Co., Inc.~~ Opposed 3/10/06 | |
| ~~ILS~~ | ~~3~~ | ~~06-64~~ | ~~Robert Paskero v. Merck & Co., Inc., et al.~~ Opposed 3/9/06 | |
| ~~ILS~~ | ~~3~~ | ~~06-65~~ | ~~Eugene Perry, et al. v. Merck & Co., Inc.~~ Opposed 3/10/06 | |
| ILS | 3 | 06-92 | Billy Lathan v. Merck & Co., Inc. | 06-1482 |
| ILS | 3 | 06-93 | Lena Done v. Merck & Co., Inc. | 06-1483 |

**INDIANA NORTHERN**

| | | | | |
|---|---|---|---|---|
| INN | 1 | 05-417 | Teresa Meyer, etc. v. Merck & Co., Inc. | 06-1484 |

**INDIANA SOUTHERN**

| | | | | |
|---|---|---|---|---|
| INS | 2 | 06-27 | Anita Jane Taylor, et al. v Merck & Co., Inc. | 06-1485 |
| INS | 2 | 06-33 | Vernon Dickerson, et al. v. Merck & Co., Inc. | 06-1486 |

**KENTUCKY WESTERN**

| | | | | |
|---|---|---|---|---|
| KYW | 3 | 05-559 | Betty Sims v. Merck & Co., Inc. | 06-1487 |

**LOUISIANA WESTERN**

| | | | | |
|---|---|---|---|---|
| LAW | 2 | 06-133 | Huey Elija Pete, etc. v. Merck & Co., Inc., et al. | 06-1488 |
| LAW | 5 | 05-2249 | Estate of Martha Riser v. Merck & Co., Inc. | 06-1489 |

**MARYLAND**

| | | | | |
|---|---|---|---|---|
| MD | 1 | 06-309 | Burnell Davis v. Merck & Co., Inc. | 06-1490 |
| MD | 1 | 06-313 | Vick C. Smith, et al. v. Merck & Co., Inc. | 06-1491 |
| MD | 1 | 06-324 | Carry L. Jackson, et al. v. Merck & Co., Inc. | 06-1492 |

**MICHIGAN EASTERN**

| | | | | |
|---|---|---|---|---|
| MIE | 1 | 06-10364 | Edward Thomas v. Merck & Co., Inc. | 06-1493 |

**MINNESOTA**

| | | | | |
|---|---|---|---|---|
| MN | 0 | 06-423 | Alan Bachman v. Merck & Co., Inc. | 06-1494 |
| MN | 0 | 06-432 | Lynda Redmond v. Merck & Co., Inc. | 06-1495 |
| MN | 0 | 06-466 | Ronald Strelow, et al. v. Merck & Co., Inc. | 06-1496 |
| MN | 0 | 06-474 | Annette Johnson, etc. v. Merck & Co., Inc. | 06-1497 |
| MN | 0 | 06-486 | Cathlean Tittle, etc. v. Merck & Co., Inc. | 06-1498 |
| MN | 0 | 06-488 | Marlene Mannstedt, et al. v. Merck & Co., Inc. | 06-1499 |
| MN | 0 | 06-489 | David Redmond, et al. v. Merck & Co., Inc. | 06-1500 |
| MN | 0 | 06-499 | JoAnn Gullickson v. Merck & Co., Inc. | 06-1501 |
| MN | 0 | 06-500 | Betty Aune, etc. v. Merck & Co., Inc. | 06-1502 |
| MN | 0 | 06-527 | John Drobnick, et al. v. Merck & Co., Inc. | 06-1503 |
| MN | 0 | 06-530 | Willie E. Sadberry, etc. v. Merck & Co., Inc. | 06-1504 |
| MN | 0 | 06-623 | Robert Hunter, etc. v. Merck & Co., Inc. | 06-1505 |

**MISSOURI EASTERN**

| | | | | |
|---|---|---|---|---|
| MOE | 4 | 06-167 | Loretta Bennett v. Merck & Co., Inc. | 06-1506 |

**MISSISSIPPI NORTHERN**

| | | | | |
|---|---|---|---|---|
| MSN | 4 | 06-25 | Louise McElroy v. Merck & Co., Inc., et al. | 06-1507 |

SCHEDULE CTO-43 TAG-ALONG ACTIONS (MDL-1657)     PAGE 3 of 4

| DIST. DIV. C.A. # | CASE CAPTION | EDLA SEC. L/3 |
|---|---|---|
| **NEW YORK** EASTERN | | |
| NYE 1 06-406 | Basil Ebong, et al. v. Merck & Co., Inc. | **06-1508** |
| NYE 1 06-490 | Karen Padova v. Merck & Co., Inc. | **06-1509** |
| NYE 1 06-629 | Joan Reinhardt v. Merck & Co., Inc. | **06-1510** |
| | | |
| NEW YORK NORTHERN | | |
| NYN 3 06-114 | Ralph Pratt, et al. v. Merck & Co., Inc. | **06-1511** |
| | | |
| NEW YORK SOUTHERN | | |
| NYS 1 06-545 | Camille Gomez, et al. v. Merck & Co., Inc. | **06-1512** |
| NYS 1 06-792 | Thomas Jackson v. Merck & Co., Inc. | **06-1513** |
| | | |
| NEW YORK WESTERN | | |
| ~~NYW 6 06-6065~~ | ~~Gergory Paterniti v. Merck & Co., Inc., et al.~~ Opposed 3/17/06 | |
| ~~NYW 6 06-6066~~ | ~~George Adams v. Merck & Co., Inc., et al.~~ Opposed 3/17/06 | |
| NYW 6 06-6067 | David Grace v. Merck & Co., Inc., et al. | **06-1514** |
| ~~NYW 6 06-6068~~ | ~~Deborah Stroka v. Merck & Co., Inc., et al.~~ Opposed 3/17/06 | |
| ~~NYW 6 06-6069~~ | ~~Bruce Stenzel v. Merck & Co., Inc., et al.~~ Opposed 3/17/06 | |
| NYW 6 06-6070 | Beverley Porter v. Merck & Co., Inc., et al. | **06-1515** |
| NYW 6 06-6074 | Ronald Ciura, etc. v. Merck & Co., Inc., et al. | **06-1516** |
| ~~NYW 6 06-6075~~ | ~~Eugenia D. Lukasik, etc. v. Merck & Co., Inc., et al.~~ Opposed 3/17/06 | |
| NYW 6 06-6090 | Michael Farciglia, et al. v. Merck & Co., Inc., et al. | **06-1517** |
| NYW 6 06-6091 | Kristie L. Maracle, etc. v. Merck & Co., Inc., et al. | **06-1518** |
| ~~NYW 6 06-6097~~ | ~~Pauline Dempsey v. Merck & Co., Inc., et al.~~ Opposed 3/17/06 | |
| | | |
| OHIO NORTHERN | | |
| OHN 1 06-274 | Emily Joseph-Klein, etc. v. Merck & Co., Inc. | **06-1519** |
| | | |
| OKLAHOMA EASTERN | | |
| OKE 6 06-63 | Darla Harris, etc. v. Merck & Co., Inc. | **06-1520** |
| | | |
| OKLAHOMA NORTHERN | | |
| OKN 4 06-49 | Linda Rountree, et al. v. Merck & Co., Inc., et al. | **06-1521** |
| OKN 4 06-64 | Jimmie Neal Pope, et al. v. Merck & Co., Inc. | **06-1522** |
| | | |
| OKLAHOMA WESTERN | | |
| OKW 5 06-157 | William Pickle, Sr. v. Merck & Co., Inc. | **06-1523** |
| | | |
| PENNSYLVANIA EASTERN | | |
| PAE 2 06-263 | Alphonso Maxwell, Jr. v. Merck & Co., Inc. | **06-1524** |
| PAE 2 06-272 | Michael Getz, et al. v. Merck & Co., Inc. | **06-1525** |
| ~~PAE 2 06-388~~ | ~~Robbie Tallas, et al. v. Merck & Co., Inc., et al.~~ Opposed 3/16/06 | |
| ~~PAE 2 06-389~~ | ~~Robbie Tallas, et al. v. Merck & Co., Inc., et al.~~ Opposed 3/16/06 | |
| PAE 2 06-507 | Deborah Veysey, et al. v. Merck & Co., Inc., et al. | **06-1526** |
| PAE 2 06-575 | George V. Edwards, et al. v. Merck & Co., Inc., et al. | **06-1527** |
| PAE 2 06-639 | Carol Jones, etc. v. Merck & Co., Inc., et al. | **06-1528** |
| | | |
| PENNSYLVANIA WESTERN | | |
| PAW 2 06-144 | Drew Schuckman v. Merck & Co., Inc. | **06-1529** |
| PAW 2 06-145 | Theodore Graban, Jr., et al. v. Merck & Co., Inc. | **06-1530** |
| | | |
| RHODE ISLAND | | |
| ~~RI 1 06-65~~ | ~~Frank Detoric, et al. v. Merck & Co., Inc., et al.~~ Opposed 3/20/06 | |

SCHEDULE CTO-43 TAG-ALONG ACTIONS (MDL-1657)

| DIST. DIV. C.A. # | CASE CAPTION | EDLA SEC. L/3 |
|---|---|---|
| **SOUTH CAROLINA** | | |
| SC    3   05-2548 | Robert Don Ashworth, et al. v. Merck & Co., Inc. | 06-1531 |
| SC    3   06-299 | Caroline Seigler, et al. v. Merck & Co., Inc. | 06-1532 |
| | | |
| **TEXAS EASTERN** | | |
| TXE   1   06-31 | Donald R. Goodwin, et al. v. Merck & Co., Inc. | 06-1533 |
| TXE   1   06-40 | Michael Lavon Fletcher, et al. v. Merck & Co., Inc. | 06-1534 |
| TXE   2   06-49 | Thomas Rudd v. Merck & Co., Inc. | 06-1535 |
| TXE   5   06-28 | Walter Joe Skelton v. Merck & Co., Inc. | 06-1536 |
| TXE   6   06-54 | Brenda Jones v. Merck & Co., Inc. | 06-1537 |
| | | |
| **TEXAS NORTHERN** | | |
| TXN   3   06-248 | Christopher Baker v. Merck & Co., Inc. | 06-1538 |
| | | |
| **TEXAS SOUTHERN** | | |
| TXS   1   06-14 | Santos Fraga, et al. v. Merck & Co., Inc., et al. | 06-1539 |
| TXS   2   06-53 | Beatriz Garcia, et al. v Merck & Co., Inc., et al. | 06-1540 |
| ~~TXS   2   06-56~~ | ~~Amanda Salinas, et al. v. Merck & Co., Inc., et al.~~ Vacated 3/20/06 | |
| TXS   3   06-68 | Judith Ann Watson v. Merck & Co., Inc. | 06-1541 |
| TXS   3   06-85 | Eva Lamb v. Merck & Co., Inc. | 06-1542 |
| TXS   4   06-312 | Debra McCain v. Merck & Co., Inc. | 06-1543 |
| TXS   4   06-313 | Frank Taylor v. Merck & Co., Inc. | 06-1544 |
| TXS   4   06-315 | Corine Harmon v. Merck & Co., Inc. | 06-1545 |
| TXS   4   06-316 | Oralia Jacques v. Merck & Co., Inc. | 06-1546 |
| TXS   4   06-317 | Robenia Brooks v. Merck & Co., Inc. | 06-1547 |
| TXS   4   06-319 | James Coleman v. Merck & Co., Inc. | 06-1548 |
| TXS   4   06-334 | Ella Hutchinson v. Merck & Co., Inc. | 06-1549 |
| TXS   4   06-338 | Joyce Taylor v. Merck & Co., Inc. | 06-1550 |
| TXS   4   06-345 | Clydene Daskey v. Merck & Co., Inc. | 06-1551 |
| TXS   4   06-356 | Dolores Beyer v. Merck & Co., Inc. | 06-1552 |
| TXS   4   06-357 | Jerry Yeaney v. Merck & Co., Inc. | 06-1553 |
| TXS   4   06-358 | Gloria Brooks v. Merck & Co., Inc. | 06-1554 |
| TXS   4   06-365 | Cynthia David v. Merck & Co., Inc. | 06-1555 |
| TXS   4   06-368 | Gloria Baiamonte v. Merck & Co., Inc. | 06-1556 |
| TXS   4   06-369 | Virginia Jones v. Merck & Co., Inc. | 06-1557 |
| TXS   4   06-370 | John Gustafson v. Merck & Co., Inc. | 06-1558 |
| TXS   4   06-373 | Brenda Diana Primus v. Merck & Co., Inc. | 06-1559 |
| TXS   4   06-374 | Pedro J. Moreno, Jr. v. Merck & Co., Inc. | 06-1560 |
| TXS   4   06-375 | Arie Anderson, et al. v. Merck & Co., Inc. | 06-1561 |
| TXS   4   06-410 | Gloria Martinez Nicar v. Merck & Co., Inc. | 06-1562 |
| TXS   4   06-444 | Janet Douglas, et al. v. Merck & Co., Inc. | 06-1563 |
| TXS   5   06-16 | Esperanza Garcia, et al. v. Merck & Co., Inc., et al. | 06-1564 |
| TXS   6   06-8 | Raymond O'Brien, et al. v. Merck & Co., Inc. | 06-1565 |
| TXS   7   06-21 | Juanita Alvarado, et al. v. Merck & Co., Inc., et al. | 06-1566 |
| | | |
| **UTAH** | | |
| UT    2   06-70 | Sharon Balfour v. Merck & Co., Inc. | 06-1567 |
| UT    2   06-110 | Myron Sorenson, et al. v Merck & Co., Inc. | 06-1568 |
| UT    2   06-111 | Don Iverson, et al. v. Merck & Co., Inc. | 06-1569 |