UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**
    *Dooley, et al. v. Merck & Co., Inc.*, 06-11047
    *Dooley, et al. v. Merck & Co., Inc.*, 06-10119

<u>ORDER</u>

Before the Court are the Plaintiff Ronald Dooley's Motion to Dismiss Duplicative Claim (Rec. Doc. 12256) and Merck's Cross-Motion to Dismiss Plaintiffs' Duplicative Claim (Rec. Doc. 12372).

On September 25, 2006, Mr. and Mrs. Dooley ("Plaintiffs") filed suit against Merck in Colorado state court. Four days later, on September 29, 2006, the Plaintiffs filed suit against Merck in the United States District Court for the District of Minnesota. Their Colorado action was removed to federal court, and both cases have been transferred into this MDL. In this District, the Colorado action was assigned local case number 06-11047 and the Minnesota action

1

was assigned local case number 06-10119. The parties agree that these two cases are duplicative, and that one of them should be dismissed. The Plaintiffs ask the Court to dismiss the Colorado action. Merck asks the Court to dismiss the Minnesota action.

The Plaintiffs contend that they filed the Colorado action *pro se*, and subsequently retained counsel who filed the Minnesota action without knowledge of the Colorado action. The Plaintiffs argue that their counsel of choice is licensed in the State of Minnesota, and that this justifies allowing the Minnesota action to proceed. Merck contends that the "first-filed" rule should be applied in this case and that the Minnesota action should be dismissed, especially in light of the fact that all of the relevant events occurred in Colorado, where the Plaintiffs reside.

"Under the first-filed rule, in the absence of 'compelling circumstances' the court 'initially seized of a controversy' should be the one to decide the case." *Poche v. Geo-Ram, Inc.*, No. 96-1437, 1996 WL 371679, at *2 (E.D. La. July 2, 1996) (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). It is undisputed that the Plaintiffs' Colorado action was the "first-filed" case. Moreover, the Court finds that "compelling circumstances" do not preclude the application of the "first-filed" rule here. Rather, there is a compelling reason to allow the Colorado action to *proceed*, namely the fact that all of the events relating to the Plaintiffs' alleged injuries took place in Colorado. *See, e.g., Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 218 (S.D. Tex. 1990) ("In determining whether this case presents 'compelling circumstances,' this Court might also look by analogy to the considerations that govern transfer of venue for forum non conveniens under 28 U.S.C. § 1404(a).").

Accordingly, IT IS ORDERED that the Plaintiff Ronald Dooley's Motion to Dismiss Duplicative Claim (Rec. Doc. 12256) is DENIED and that Merck's Cross-Motion to Dismiss

Plaintiffs' Duplicative Claim (Rec. Doc. 12372) is GRANTED, such that the Minnesota action, captioned *Dooley, et al. v. Merck & Co., Inc.*, No. 06-10119, is hereby DISMISSED.

    New Orleans, Louisiana, this  22nd  day of  October , 2007.

                                                                                     UNITED STATES DISTRICT JUDGE