In Re VIOXX
    Products Liability Litigation

MDL No. 1657

Section: L

This Document Relates to:

2:05-cv-06210-EEF-DEK

Judge Fallon
Magistrate Judge Knowles

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MISSOURI
### KANSAS CITY

| | |
|---|---|
| PORTER SMITH and BETTY SMITH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:05 CV 01003 FJG ) |
| MERCK & CO., INC., et al., | ) ) |
| Defendants. | ) |

### ANSWER OF DEFENDANT ENCOMPASS MEDICAL GROUP, P.C.

COMES NOW, defendant Encompass Medical Group, P.C., and for its answer, states as follows:

1. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 1 and, therefore, denies the same.

2. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 2 and, therefore, denies the same.

3. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 3 and, therefore, denies the same.

4. Defendant admits that it is a professional corporation qualified to conduct business in the State of Missouri and operating offices located in Missouri.

5. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 5 and, therefore, denies the same.

6. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 6 and, therefore, denies the same.

7. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 7 and, therefore, denies the same.

8. Defendant incorporates herein by reference its responses to paragraphs 1 through 7 as though fully set forth herein.

9. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 9 and, therefore, denies the same.

10. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 10 and, therefore, denies the same.

11. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 11 and, therefore, denies the same.

12. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 12 and, therefore, denies the same.

13. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 13 and, therefore, denies the same.

14. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 14 and, therefore, denies the same.

15. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 15 and, therefore, denies the same.

16. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 16 and, therefore, denies the same.

17. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 17 and, therefore, denies the same.

18. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 18 and, therefore, denies the same.

19. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 19 and, therefore, denies the same.

20. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 20 and, therefore, denies the same.

21. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 21 and, therefore, denies the same.

22. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 22 and, therefore, denies the same.

### COUNT I
### NEGLIGENCE
### (Porter Smith v. Defendant Merck)

23. Defendant incorporates herein by reference its responses to paragraphs 1 through 22 as though fully set forth herein.

24. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 24 and, therefore, denies the same.

25. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 25 and, therefore, denies the same.

26. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 26 and, therefore, denies the same.

27. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 27 and, therefore, denies the same.

28. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 28 and, therefore, denies the same.

## COUNT II
## STRICT LIABILITY
(Porter Smith v. Defendant Merck)

29. Defendant incorporates herein by reference its responses to paragraphs 1 through 28 as though fully set forth herein.

30. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 30 and, therefore, denies the same.

31. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 31 and, therefore, denies the same.

32. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 32 and, therefore, denies the same.

33. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 33 and, therefore, denies the same.

34. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 34 and, therefore, denies the same.

## COUNT III
## STRICT LIABILITY FOR FAILURE TO WARN
### (Porter Smith v. Defendant Merck)

35. Defendant incorporates herein by reference its responses to paragraphs 1 through 34 as though fully set forth herein.

36. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 36 and, therefore, denies the same.

37. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 37 and, therefore, denies the same.

38. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 38 and, therefore, denies the same.

39. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 39 and, therefore, denies the same.

40. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 40 and, therefore, denies the same.

41. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 41 and, therefore, denies the same.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## UNDER UNIFORM COMMERCIAL CODE
### (Porter Smith v. Defendant Merck)

42. Defendant incorporates herein by reference its responses to paragraphs 1 through 41 as though fully set forth herein.

43. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 43 and, therefore, denies the same.

44. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 44 and, therefore, denies the same.

45. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 45 and, therefore, denies the same.

46. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 46 and, therefore, denies the same.

47. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 47 and, therefore, denies the same.

48. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 48 and, therefore, denies the same.

**COUNT V**
**FRAUD**
**(Porter Smith v. Defendant Merck)**

49. Defendant incorporates herein by reference its responses to paragraphs 1 through 48 as though fully set forth herein.

50. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 50 and, therefore, denies the same.

51. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 51 and, therefore, denies the same.

52. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 52 and, therefore, denies the same.

53. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 53 and, therefore, denies the same.

54. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 54 and, therefore, denies the same.

55. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 55 and, therefore, denies the same.

56. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 56 and, therefore, denies the same.

57. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 57 and, therefore, denies the same.

58. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 58 and, therefore, denies the same.

### COUNT VI
### VIOLATION OF THE MERCHANDISING PRACTICES ACT
### RSMo § 407.010, *et seq.*
### (Porter Smith v. Defendant Merck)

59. Defendant incorporates herein by reference its responses to paragraphs 1 through 58 as though fully set forth herein.

60. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 60 and, therefore, denies the same.

61. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 61 and, therefore, denies the same.

62. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 62 and, therefore, denies the same.

63. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 63 and, therefore, denies the same.

64. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 64 and, therefore, denies the same.

65. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 65 and, therefore, denies the same.

66. Defendant lacks sufficient information or knowledge to either admit or deny the truth of the matters alleged in paragraph 66 and, therefore, denies the same.

### COUNT VII
### MEDICAL NEGLIGENCE
**(Porter Smith v. Defendant McWoods & Encompass Medical Group, P.C.)**

67. Defendant incorporates herein by reference its responses to paragraphs 1 through 66 as though fully set forth herein.

68. Defendant denies the matters alleged in paragraph 68.

69. Defendant denies the matters alleged in paragraph 69.

70. Defendant denies the matters alleged in paragraph 70.

71. Defendant denies the matters alleged in paragraph 71.

### COUNT VIII
### LOST CHANCE OF RECOVERY
**(Porter Smith v. All Defendants)**

72. Defendant incorporates herein by reference its responses to paragraphs 1 through 71 as though fully set forth herein.

73. To the extent the allegations purport to apply to Encompass Medical Group, P.C., this defendant denies the matters alleged in paragraph 73. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 73 and, therefore, denies the same.

74. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 74. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 74 and, therefore, denies the same.

75. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 75. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 75 and, therefore, denies the same.

76. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 76. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 76 and, therefore, denies the same.

### COUNT IX
### LOSS OF CONSORTIUM
### (Betty Smith v. All Defendants)

77. Defendant incorporates herein by reference its responses to paragraphs 1 through 76 as though fully set forth herein.

78. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 78. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 78 and, therefore, denies the same.

## COUNT X
## AGGRAVATING CIRCUMSTANCES – PUNITIVE DAMAGES
### (Porter and Betty Smith v. All Defendants)

79. Defendant incorporates herein by reference its responses to paragraphs 1 through 78 as though fully set forth herein.

80. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 80. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 80 and, therefore, denies the same.

81. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 81. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 81 and, therefore, denies the same.

82. To the extent the allegations purport to apply to Encompass Medical Group. P.C., this defendant denies the matters alleged in paragraph 82. This defendant lacks sufficient information or knowledge to either admit or deny the truth of the remaining matters alleged in paragraph 82 and, therefore, denies the same.

## FURTHER ANSWER

83. Defendant denies each and every allegation not specifically admitted herein.

84. Plaintiff's Petition for Damages/Complaint fails to state a claim upon which relief can be granted against this defendant.

85. Any injuries or damages sustained by plaintiffs, which this defendant expressly denies, were directly and proximately caused or contributed to by the negligence or fault of plaintiffs.

86. In the alternative, any injuries or damages sustained by plaintiffs were directly and proximately caused or contributed to by the negligence or fault of other persons over whom this defendant had no control and for whom this defendant is not legally responsible.

87. Any injuries or damages sustained by plaintiffs, were the direct, proximate and unavoidable consequence of his injuries suffered as a result of the events referenced in plaintiffs' Petition for Damages/Complaint, that were wholly unrelated to any acts or omissions on the part of this answering defendant.

88. Any injuries or damages sustained by plaintiffs were not caused or contributed to in any degree by any negligence, fault, act or omission on the part of this answering defendant.

89. This defendant requests that fault be apportioned among the appropriate parties by the trier or fact, all in accordance with the provisions of Chapter 538 of the Missouri Revised Statues, and that this defendant be responsible only for such percentage of fault, if any, as is apportioned to her by the trier of fact, all in accordance with the provisions of § 538.230 Mo. Rev.Stat.

90. Defendant herein is entitled to a set off of any amount which plaintiffs have received as a result of any compromise or settlement from any person or entity involved in the events set forth in plaintiffs' Petition for Damages/Complaint by virtue of the provisions of § 537.060 Mo.Rev.Stat.

91. Plaintiffs' claims are barred in whole or part by the applicable statute of limitations.

92. Plaintiffs' claims are barred by unforeseen, intervening and/or superseding causes.

93. Plaintiffs' claims are barred by the applicable doctrines of waiver, estoppel and/or laches.

94. The product referenced in plaintiffs' Petition for Damages/Complaint is not an unreasonably dangerous product when used in a manner reasonably anticipated for such a product.

95. At all times relevant or pertinent to this action, the product referenced in plaintiffs' Petition for Damages/Complaint was the "state of the art."

96. The doctrine of assumption of the risk or implied assumption of the risk applies to and bars the claims set forth in plaintiffs' Petition for Damages/Complaint.

97. Plaintiffs' claims may be preempted by federal and/or state statutes, rules, regulations, standards or other similar such enactments.

98. Defendant reserves the right to add any affirmative defenses or other matters of avoidance that may become available or apparent through the course of discovery.

WHEREFORE, having fully answered the allegations contained in plaintiffs' Petition for Damages/Complaint, defendant Encompass Medical Group, P.C., prays that plaintiffs take nothing against it, that it be discharged with an award of its costs and fees incurred and expended herein, and that the Court grant such other relief as the Court deems just and equitable.

Respectfully submitted,

Brent G. Wright  MO #45283
Justin D. Fowler  MO #57791
Horn Aylward & Bandy, LLC
2600 Grand Ave., Suite 500
Kansas City, MO 64108
816-421-0700
816-421-0899 (fax)

Attorneys for Defendant
Encompass Medical Group, PC

## CERTIFICATE OF SERVICE

Copy of the foregoing was mailed this 22nd day of October, 2007, to:

Daniel A. Thomas
Humphrey, Farrington & McClain, PC
221 West Lexington
Suite 400
P.O. Box 900 Independence, Missouri 64051
*Attorneys for Plaintiffs*

George Francis Verschelden
John Christian Aisenbrey
Stinson, Morrison, Hecker, LLP
1201 Walnut
Suite 2900
Kansas City, Missouri 64106-2150
*Attorneys for Defendant Merck & Co., Inc.*

United States District Court for the Eastern District of Louisiana
(New Orleans)
Clerk's Office
500 Poydras Street
Room C-151
New Orleans, Louisiana 70130

Attorney