# EXHIBIT  44

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

PHILIP DAWSON and wife,          )
MARILYN DAWSON,                  )
                                 )
          Plaintiffs,            )
                                 )
v.                               )          Docket No. _163906_
                                 )
MERCK & COMPANY, INC.,           )
                                 )
          Defendant              )

WCS&R

DEC 2 9 2006

RECEIVED

### COMPLAINT

COMES NOW the Plaintiffs and for cause of action against the Defendant would state as follows:

1.    The Plaintiffs are husband and wife and are citizens and residents of Knoxville, Tennessee.

2.    At all times material, Merck & Company, Inc. is a New Jersey corporation licensed to do business in the State of Tennessee and may be served through their registered agent, C.T. Corporation, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

3.    Merck & Company, Inc. has manufactured and distributed the drug known as Vioxx which is intended to treat arthritis pain.

4.    Mr. Dawson is a 59 year old male who is currently suffering from depression, anxiety and recovering from recent cervical neck fusion surgery. In the fall of 2002, his neurosurgical physician prescribed Vioxx (and Celebrex) to alleviate pain in his shoulders and neck. During an annual physical examination with his primary doctor in early 2003, it was recommended that Mr. Dawson see a cardiologist for routine testing based on his age. He was not experiencing any heart problems at

M00BC02688

all.  In February 2003, he scheduled this examination which included a treadmill stress test and a subsequent heart catheterization.  The results indicated a less than 5% blockage in one area of any artery.

5.     Without warning, on December 24, 2003, Mr. Dawson suffered a heart attack and a stint was placed in an artery that was 99% blocked.  As a result of the heart attack and not being able to return to work to full capacity, Mr. Dawson lost his job in February 2004.  He contends that Vioxx was the proximate cause of his heart attack.

6.     Merck & Company, Inc. knew or should have known from preparing its new drug application and from subsequent testing that the drug Vioxx presented a significant risk of coronary artery disease, blood clots, stroke, and other cardiovascular injuries.

7.     The Defendant was negligent in manufacturing, selling and promoting a drug which should never have been placed on the market.

8.     The Defendant was grossly negligent for failing to adequately warn physicians and pharmacists of the risk of the drug during the entire time it marketed the drug.

9.     The Defendant is negligent, per se, in violating 21 C.F.R. 201.56-57 by marketing Vioxx, making misrepresentations and false statements.

10.     The Defendant is strictly liable under the laws of the State of Tennessee.

11.     The Defendant is liable under the uniform commercial code for breach of expressed and implied warranties of fitness and merchant stability.

12.     The negligence of the Defendant was the proximate cause of injuries to Philip Dawson including but not limited to past and future loss of enjoyment of life, past

M00BC02689

and future pain and suffering, past and future medical expenses, lost wages, and impairment of earning capacity.

13.   Marilyn Dawson sues for loss of consortium and love and affection for injuries caused to her husband.

14.   Plaintiff, Philip Dawson, did not discover that Vioxx was the proximate cause of his injury until late 2005.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for the following relief:

1.   That process issue and be served on the Defendant.

2.   That a jury be empaneled to try the issues herein.

3.   That the Plaintiffs receive compensatory damages in a sufficient amount to cover him for the injuries and damages incurred as a result of the accident.

4.   That the Plaintiffs receive punitive damages from the Defendant in the amount of One Million Dollars ($1,000,000.00) for the gross negligence and fraud and the willful and warrant disregard of human life and gross negligence mentioned herein.

5.   That Plaintiff receive such other general relief to which he may be entitled.

RESPECTFULLY SUBMITTED this 24th day of November, 2006.

PHILIP DAWSON

MARILYN DAWSON

M00BC02690

STATE OF TENNESSEE   )
   )
COUNTY OF _Knox_   )

     Personally appeared before me, the undersigned Notary Public for said State and County, Philip Dawson, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence, to me known to be the person described in and who executed the foregoing instrument) and acknowledged under oath that the foregoing is true and correct to the best of his knowledge and belief for the purposes therein contained.

     IN WITNESS WHEREOF, I have hereunto set my hand and affirmed by seal at my office in said County on this the 24th day of November, 2006.

                           _____
                           **NOTARY PUBLIC**

My Commission Expires: _____

STATE OF TENNESSEE   )
   )
COUNTY OF _Knox_   )

     Personally appeared before me, the undersigned Notary Public for said State and County, Marilyn Dawson, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence, to me known to be the person described in and who executed the foregoing instrument) and acknowledged under oath that the foregoing is true and correct to the best of her knowledge and belief for the purposes therein contained.

     IN WITNESS WHEREOF, I have hereunto set my hand and affirmed by seal at my office in said County on this the 24th day of November, 2006.

                           _____
                           **NOTARY PUBLIC**

My Commission Expires: _____

                           _____
                           **KEVIN W. SHEPHERD**
                           Attorney for Plaintiffs
                           315 N. Houston Street
                           Maryville, TN  37801
                           (865) 982-8060

## COST BOND

We acknowledge ourselves as surety for costs in this cause in accordance with T.C.A. 20-12-120.

**KEVIN W. SHEPHERD**
Attorney for Plaintiffs

**PHILIP DAWSON**

**MARILYN DAWSON**

M00BC02692

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

PHILIP DAWSON and wife,  )
MARILYN DAWSON,  )
                                )  Docket No. _1639-06_
       Plaintiffs,  )
                                  )  **SUMMONS**
v.  )
                                  )  MERCK & COMPANY, INC.
MERCK & COMPANY, INC.,  )  through its registered agent, C.T. Corp.
                                  )  800 S. Gay Street, Suite 2021
       Defendant  )  Knoxville, TN 37929

TO THE ABOVE NAMED DEFENDANT(S):

    You are hereby summoned and required to serve upon Kevin W. Shepherd, Plaintiffs' attorney, whose address is 315 N. Houston Street, Maryville, TN 37801, an answer to the Complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    WITNESS, CATHERINE QUIST, Clerk of said court, at office the _11_ day of _Dec._, 2006.

CATHERINE QUIST: CLERK                    COURT DATE: _____

          Cathy Quist
By: _____Steve Harmon_____
      Deputy Clerk

## NOTICE

TO THE DEFENDANT (S):
Tennessee law provides a four thousand ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgement should be entered against you in this action and your wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary

M00BC02693

to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _*13*_ day of _____*Dec*_____, 2006.

_*Jack Tipton*_____, Deputy Sheriff.

(This Summons issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _*28*_ day of _____*Dec*_____ 2006, I served this summons together with the Complaint herein as follows:

_*Merck + Company, Inc    C/o CT Corp*_____

_*Jack Tipton*_____
Sheriff - Deputy Sheriff

M00BC02694

The Americans with Disabilities Act prohibits discrimination against and qualified individual with a disability.  The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs.  In accordance with the Americans with Disability Act, if necessary, the Tennessee Judicial Branch will provide reasonable modification in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator, http: www.tsc.state.tn.us

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Compliance Officer
> Knox County Human Resources Office
> Suite 360 City-County Building
> 400 Main Street, Knoxville, Tennessee 37902
> Voice phone: (865)215-2952   TTY: (865)215-2497

If you need assistance, have questions, or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> Pamela Taylor, Manager/Coordinator
> State Judicial ADA Program
> Administrator Office of the Courts
> Nashville City Center, Suite 600, 511 Union Street
> Nashville, TN 37219
> (615) 741-2687          Fax: (615) 741-6285

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
12/28/2006
Log Number 511764990

**TO:**  Ellen Gregg
Womble Carlyle Sandridge & Rice, PLLC
301 North Main Street, Suite 300
Winston-Salem, NC, 27101

**RE:**  **Process Served in Tennessee**

**FOR:**  Merck & Co., Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Philip Dawson and Marilyn Dawson, Pltfs. vs. Merck & Company, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Return, Notice, Complaint |
| **COURT/AGENCY:** | Knox County Circuit Court, TN Case # 163906 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Vioxx - personal injuries |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/28/2006 at 09:00 |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after service, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Kevin W. Shepherd 315 N. Houston Street Maryville, TN, 37801 865-982-8060 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791199300320 Email Notification, Debra A Bollwage DEBRA_BOLLWAGE@MERCK.COM Email Notification, Kristin L. Sunderman kristin_sunderman@merck.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 800 S. Gay Street Suite 0221 Knoxville, TN, 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |

**WCS&R**

**DEC 29 2006**

**RECEIVED**

Page 1 of 1 / EF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

M0DBC02696

# EXHIBIT  45

IN RE: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1657

THIS RELATES TO:

Plaintiff: _Philip A. Dawson_
(name)

Civil Action No:

## PLAINTIFF PROFILE FORM

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

## I. CASE INFORMATION

A. Name of person completing this form: _Philip A. Dawson_

B. If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

1. Social Security Number:_____

2. Maiden Or Other Names Used or By Which You Have Been Known:_____

3. Address:_____

4. State which individual or estate you are representing, and in what capacity you are representing the individual or estate?_____

5. If you were appointed as a representative by a court, state the:

   Court: _____   Date of Appointment: _____

6. What is your relationship to deceased or represented person or person claimed to be injured?_____

7. If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died: _____

M00F622678

C. Claim Information

1. Are you claiming that you have or may develop bodily injury as a result of taking VIOXX®? Yes _X_ No_____  *If "yes,"*

   a. What is your understanding of the bodily injury you claim resulted from your use of VIOXX®? _HEART ATTACK_____

   b. When do you claim this injury occurred? _12-23-2003_____

   c. Who diagnosed the condition? _____

   d. Did you ever suffer this type of injury prior to the date set forth in answer to the prior question? Yes _____ No _X_ *If "yes,"* when and who diagnosed the condition at that time? _____
   _____
   _____

   e. Do you claim that that your use of VIOXX® worsened a condition that you already had or had in the past? Yes _____ No _X_ *If "yes,"* set forth the injury or condition; whether or not you had already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any. _____
   _____

D. Are you claiming mental and/or emotional damages as a consequence of VIOXX®? Yes _X_ No ____

*If "yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor) from whom have sought treatment for psychological, psychiatric or emotional problems during the last ten (10) years, state:

   a. Name and address of each person who treated you: _____
   _____

   b. To your understanding, condition for which treated: _____

   c. When treated: _____

   d. Medications prescribed or recommended by provider: _____

## II.PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®

A. Name: _Philip A. Dawson_____

B. Maiden or other names used or by which you have been known: _____

C. Social Security Number: _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_____

D. Address: _724 BATTLEFRONT TRAIL, KNOXVILLE, TN 37934_

M00F622679

E.  Identify each address at which you have resided during the last ten (10) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
| --- | --- |
| 724 BATTLEFRONT TRAIL KNOXVILLE TN | 11/23/98 TO PRESENT |

F.  Driver's License Number and State Issuing License: _091797330 -TN_

G.  Date of Place and Birth: _05-27-47 GARRETT, IN_

H.  Sex:  Male _X_  Female ___

I.  Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
| --- | --- | --- | --- |
| LIBERTY CENTER HS | 1962-1965 | BUSINESS | YES |

J.  Employment Information.

1.  Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
| --- | --- | --- | --- |
| SELF-EMPLOYED | | | |
| SENIOR HEALTH SPECIALISTS | 10904 KINGSTON PIKE KNOXVILLE, TN 37934 | 12-01-04 TO PRESENT | INSURANCE AGENT SALES |

2.  List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
| --- | --- | --- | --- |
| AMERICARE | KNOXVILLE, TN | 2000-2004 | REGIONAL MGR / AGENCY MGR. |
| BANKERS LIFE | KNOXVILLE, TN | 1997-2000 | AGENCY MGR |

3.  Are you making a wage loss claim for either your present or previous employment?  Yes ___  No _X_

*If "yes,"* state your annual income at the time of the injury alleged in Section I(C): _____

K.  Military Service Information:  Have you ever served in the military, including the military reserve or national guard?  Yes _X_  No ___

*If "yes,"* were you ever rejected or discharged from military service for any reason relating to your physical, psychiatric or emotional condition?  Yes ___  No _X_

M00F622680

L. Insurance / Claim Information:

1. Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim?   Yes _____   No __X__   If "yes," to the best of your knowledge please state:

   a. Year claim was filed: _____

   b. Nature of disability: _____

   c. Approximate period of disability: _____

2. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)?   Yes _____   No __X__   If "yes," set forth when and the reason. _____
   _____
   _____

3. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?   Yes _____   No __X__   If "yes," state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted. _____
   _____
   _____

M. As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?   Yes _____   No __X__   If "yes," set forth where, when and the felony and/or crime. _____

---

### III. FAMILY INFORMATION

A. List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g., divorce, annulment, death): _____

*MARILYN A. DAWSON  SALES REP. MARRIED 02-14-87  DOB 3-27-50*
*PAULETTE S. DAWSON  UNKNOWN  DIVORCED 12-04-79  DOB 04-20-50*

B. Has your spouse filed a loss of consortium claim in this action?   Yes __X__   No _____

M00F622681

L.  Insurance / Claim Information:

1.  Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim?   Yes _____  No _X_  *If "yes,"* to the best of your knowledge please state:

    a.  Year claim was filed: _____

    b.  Nature of disability: _____

    c.  Approximate period of disability: _____

2.  Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)?  Yes _____  No _X_  *If "yes,"* set forth when and the reason. _____
    _____
    _____

3.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?  Yes _____  No _X_  *If "yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted. _____
    _____
    _____

M.  As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?  Yes _____  No _X_  *If "yes,"* set forth where, when and the felony and/or crime. _____

---

### III. FAMILY INFORMATION

A.  List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (*e.g.*, divorce, annulment, death): _____

*MARILYN A. DAWSON   SALES REP.  MARRIED 02-14-87   DOB 3-27-50*
*PAULETTE S. DAWSON   UNKNOWN   DIVORCED 12-04-79   DOB 04-20-50*

B.  Has your spouse filed a loss of consortium claim in this action?  Yes _X_  No _____

M00F622682

C.  To the best of your knowledge did any child, parent, sibling, or grandparent of yours
suffer from any type of cardiovascular disease including but not limited to: heart attack,
abnormal rhythm, arteriosclerosis (hardening or the arteries), murmur, coronary artery
disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block,
congenital heart abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, stroke?
Yes _X_  No ____  Don't Know ____  *If "yes,"* identify each such person below
and provide the information requested.

Name: _FATHER - JAMES R. DAWSON___ MOTHER - JAQUELINE M.L. DAWSON_

Current Age (or Age at Death): _FATHER - 76____ MOTHER - 83__

Type of Problem: _BOTH HAD BY-PASS SURGERY IN THEIR 60's._

If Applicable, Cause of Death: _FATHER-CANCER   MOTHER - KIDNEY FAILURE_

D.  If applicable, for each of your children, list his/her name, age and address: _____
_BENJAMIN DAWSON 20  724 BATTLEFRONT TRAIL, KNOXVILLE, TN 37934_
_EMILY DAWSON 31  ALISHA DAWSON 35 - ADDRESSES UNKNOWN_
E.  If you are claiming the wrongful death of a family member, list any and all heirs of
the decedent. _____


## IV. VIOXX® PRESCRIPTION INFORMATION

A.  Who prescribed VIOXX® for you? _____

B.  On which dates did you begin to take, and stop taking, VIOXX®? _____

C.  Did you take VIOXX® continuously during that period?
Yes _X_  No ____  Don't Recall ____

D.  To your understanding, for what condition were you prescribed VIOXX®? _NECK PAIN_

E.  Did you renew your prescription for VIOXX®? Yes _X_  No ____  Don't Recall ____

F.  If you received any samples of VIOXX®, state who provided them, what dosage,
how much and when they were provided: _____

G.  Which form of VIOXX® did you take (check all that apply)?
_____ 12.5 mg Tablet (round, cream, MRK 74)
_____ 12.5 mg Oral Suspension
_____ 25 mg Tablet (round, yellow, MRK 110)
_____ 25 mg Oral Suspension
_____ 50 mg Tablet (round, orange, MRK 114)

M00F622683

H.  How many times per day did you take VIOXX®?

_____ 1 TO 2 TIMES _____

I.  Did you request that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®? Yes ____ No X Don't Recall _____

J.  Instructions or Warnings:

1.  Did you receive any written or oral information about VIOXX® before you took it? Yes __ No ____ Don't Recall X

2.  Did you receive any written or oral information about VIOXX® while you took it? Yes ___ No _____ Don't Recall X

3.  If "yes,"

a.  When did you receive that information? _____

b.  From whom did you receive it? _____

c.  What information did you receive? ____
    _____

K.  What over-the-counter pain relief medications, if any, were you taking at the same time you were taking VIOXX®? _____ NOT SURE _____
_____

## V. MEDICAL BACKGROUND

A.  Height: 5'9"

B.  Current Weight: 180 lbs.

Weight at the time of the injury, illness, or disability described in Section I(C): _____

C.  Smoking/Tobacco Use History: *Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.*

____ Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

____ Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

a.  Date on which smoking/tobacco use ceased: _____

b.  Amount smoked or used: on average_____ per day for _____ years.

____ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

a.  Amount smoked or used: on average _____ per day for _____ years.

✓ Smoked different amounts at different times.

M00F622684

D. **Drinking History.** Do you now drink or have you in the past drank alcohol (beer, wine, whiskey, etc.)? Yes _X_ No ____ *If "yes," fill in the appropriate blank* with the number of drinks that represents your average alcohol consumption during the period you were taking VIOXX® up to the time that you sustained the injuries alleged in the complaint:

_5-10_ drinks per week,

_____ drinks per month,

_____ drinks per year, *or*

Other (describe): _____

E. **Illicit Drugs.** Have you ever used (even one time) any illicit drugs of any kind within one (1) year before, or any time after, you first experienced your alleged VIOXX®-related injury?" Yes ____ No _X_ Don't Recall ____

*If "yes"*, identify each substance and state when you first and last used it. _____
_____

F. Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1. Cardiovascular surgeries, including, but not limited to, the following, and specify for what condition the surgery was performed: open heart/bypass surgery, pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---|---|---|---|---|
| HEART CATH W/STINT | HEART ATTACK | 12-26-03 | JOHN ARNETT M | BAPTIST WEST |
| HEART CATH | POSSIBLE BLOCK | 02-12-03 | JOHN ARNETT STEPHEN MARIETTA | BAPTIST WEST PARKWEST |

2. Treatments/interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|---|---|---|---|
| HEART CATH W/STINT | 12-26-03 | STEPHEN MARIETTA | BAPTIST WEST |

3. To your knowledge, have you had any of the following tests performed: chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, bubble/microbubble study, or Holter monitor?
Yes _X_ No ____ Don't Recall ____ *If "yes,"* answer the following:

M00F622685

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| TREADMILL S.T. | 02-03 | JOHN ARNETT | PARKWEST | PART OF PHYSICAL |

## VI. DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please attach the documents and things to your responses to this profile form.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this profile form. Yes X   No ____

B. Decedent's death certificate (if applicable). Yes ____   No ____

C. Report of autopsy of decedent (if applicable). Yes ____   No ____

## VII. LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

*List the name and address of each of the following:*

A.   Your current family and/or primary care physician:

| Name | Address |
|---|---|
| DR. KEVIN BUCHANAN | FARRAGUT FAMILY PRACTICE FARRAGUT, TN 37934 |

B. To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|---|---|---|
| DR. KEVIN BUCHANAN | SAME AS ABOVE | 1997 TO PRESENT |
|  |  |  |
|  |  |  |

C. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

M00F622686

07-26-'07 14:00  FROM-KEVIN SHEPHERD      +8659820138           T-813  P010/011 F-692

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| BAPTIST WEST | KNOXVILLE TN | 12-24-03 | HEART ATTACK |
| PARKWEST | " | 02-12-03 | HEART CATHERIZATION |
| FORT SANDERS | " | 07-03  08-06 | BULGING DISCS IN NECK |
| HEALTHSOUTH | " | 08-12-05 | COLONOSCOPY |

D. Each hospital, clinic, or healthcare facility where you have received outpatient
treatment (including treatment in an emergency room) during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

E. Each physician or healthcare provider from whom you have received treatment in the
last ten (10) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| KEVIN BUCHANAN |  | 1997 - TO - PRESENT |
| JOHN ARNETT & STEPHAN MARIETTA |  | 02-12-03   12-26-03 |
| STEPHEN NATELSON |  | 2002 TO 2006 |
| GARY SPIEGELMAN |  | 8-12-05 |

F. Each pharmacy that has dispensed medication to you in the last ten (10) years.

| Name | Address |
|---|---|
| KROGER | KINGSTON PIKE, KNOXVILLE TN 37934 |
| CVS | " |
| WALGREENS | " |

G. If you have submitted a claim for social security disability benefits in the last ten (10)
years, state the name and address of the office that is most likely to have records
concerning your claim.

| Name | Address |
|---|---|
|  |  |
|  |  |

H. If you have submitted a claim for worker's compensation, state the name and address
of the entity that is most likely to have records concerning your claim.

| Name | Address |
|---|---|
|  |  |
|  |  |

M00F622687

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part VI of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.

_____    _Philip DAWSON_    _07-24-2007_
Signature                Print Name         Date

M00F622688

# EXHIBIT  46

MAY 30 '01 16:03 FR S&S 599 5TH FL        212 848 5245 TO 00458#027110001S P.02

May 30 2001 10:33AM  Eduardo Diaz                  1-718-786-5933           P.2

# FILED

UNITED STATES DISTRICT COURT        IN CLERK'S OFFICE
EASTERN DISTRICT OF NEW YORK        U.S. DISTRICT COURT, E.D.N.Y.
                                    ★ MAY 29 2001 ★
- - - - - - - - - - - - - - -  BROOKLYN OFFICE

DOMINICK LETTIERI and
MARY LOMBARDOZZI,

                          Plaintiffs,

          -against-

MERCK & CO., INC., PHARMACIA CORP. and
PFIZER INC.

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**CV  01  3441**

Civil Action No.: JOHNSON. J.

MANN, M.J.

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

---

Plaintiffs for their complaint allege upon actual knowledge as to their acts and status and upon information and belief as to all other matters.

## SUMMARY OF CLAIMS

1.      This class action proceeding is brought on behalf of a nationwide class of persons who are taking the osteoarthritis drug refecoxib marketed by defendant Merck & Co. Inc. ("Merck") under the brand names "Vioxx;" and a similar drug celecoxib marketed by defendants Pharmacia Corporate ("Pharmacia") and Pfizer Inc. ("Pfizer") under the brand name "Celebrex" for the treatment of osteoarthris and/or for persons who have taken such drugs for osteoarthris during the relevant time. Both of these drugs belong to a class of drugs as Cox-2 inhibitors.

M002E17717

· MAY 30 '01 16:03 FR S&S 599 5TH FL      212 848 5245 TO 00458H0271100018 P.03

May 30 2001 10:34AM  Eduardo Diaz              1-718-786-5933          P.3

2

2.     This action seeks, *inter alia,* emergency notice to all class members to assure

notification to individuals taking Vioxx and Celebrex of important research recently

presented to the Food & Drug Administration ("FDA") that patients taking Vioxx and

Celebrex have a higher risk of heart attacks than patients taking other pain reliever

medication to treat their osteoarthritis. Both of these drugs, belong to a clads of drugs

now as Cox-2 inhibitors.

3.     Merck and Pharmacia have consistently marketed Vioxx and Celebrex as highly

effective, pain relief drugs for patients suffering from osteoarthritis as compared with

more traditional and less costly drugs used to treat osteoarthritis. As demonstrated by

Merck's own research, users of Vioxx were four times as likely to suffer heart attacks as

compared to other less expensive medications, or combinations thereof. Under the

circumstances, Vioxx and Celebrex should no longer be used as a primary drug in the

treatment of osteoarthritis. Nonetheless, Merck and Pharmacia have taken no affirmative

steps to communicate this critical information to class members.

4.     Plaintiff seeks emergency notice to class members and revised patient warnings,

in the form of additional medical labeling which is presently being considered by the

FDA, so that class members will be apprised of these findings. Notice to patients, as

opposed to physicians, is required in order to ensure that persons taking the drug will

receive this critical information.

5.     Absent emergency notice and revised patient warnings, hundreds or thousands of

individuals may unwittingly continue osteoarthritis treatment with Vioxx and Celebrex

based on the erroneous assumption that Vioxx and Celebrex are safer and more effective

treatments than other traditional and less costly drugs. Upon receiving the notice, class

member will likely go off Vioxx and Celebrex treatment for osteoarthritis, or at the very

M002E17718

MAY 30 '01 16:03 FR S&S 599 5TH FL     212 848 5245 TO 00458#0271100018 P.04

May 30 2001 10:34AM   Eduardo Diaz              1-718-786-5933              P.4

3

least use a combination of drugs to treat osteoarthritis, which would have superior results. Class members should be afforded the opportunity to make this informed choice.

6.      Plaintiff also seeks, for himself and the Class, refunds of all amounts paid for the purchase of Vioxx and Celebrex, as well as all other ascertainable economic losses suffered, including medical expenses as a result of consulting with physicians regarding this information, and all such other relief as he and the Class are otherwise entitled to, including reasonable attorneys' and expert fees.

## PARTIES

7.      Plaintiff Mary Lombardozzi is a resident of, and citizen of, the State of New York. At all times relevant herein, plaintiff ingested Vioxx which was prescribed to him for osteoarthritis and was unaware of the serious shortcomings of the drug set forth herein.

8.      Plaintiff Dominick Lettieri is a resident of, and citizen of, the State of New York. At all times relevant herein, plaintiff ingested Celebrex which was prescribed to him for osteoarthritis and was unaware of the serious shortcomings of the drug set forth herein.

9.      Defendant Merck has its principal place of business at New York, New York and is incorporated in the State of New Jersey. At all times relevant hereto, Merck was engaged in the business of manufacturing the pharmaceutical Vioxx. Merck does substantial business in the State of New York and in this federal district, and at all times relevant herein, it developed, manufactured and sold interstate commerce and in the State of New York the Vioxx.

10.     Defendant Pharmacia has its principal place of business in the State of New Jersey. At all times relevant hereto, Pharmacia was engaged in the business of manufacturing the pharmaceutical Celebrex. Pharmacia does substantial business in the

M002E17719

4

State of New York and in the federal district, and at all times relevant herein, its

subsidiary, G.D. Searle developed, manufactured and co-marketed Celebrex with Pfizer

in interstate commerce and in the State of New York.

11.    Defendant Pfizer has its principal place of business at New York, New York and

in incorporated in the State of Delaware.  At all times relevant hereto, Pfizer was engaged

in the business of co-marketing with Pharmacia's subsidiary, G.D. Searle the

pharmaceutical Celebrex.  Pfizer does substantial business in the State of New York and

in this federal district, and at all times relevant herein, sold in interstate commerce and in

the State of New York the aforementioned drug.

## · JURISDICTION

12.    Plaintiff alleges an amount in controversy in excess of $75,000 exclusive of

interest and Court costs, as to himself and each member of the proposed Class.

13.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)

because the amount controversy exceeds $75,000, as to plaintiff and every member of

proposed Class, because the individual plaintiffs damage claims exceed said amount and

because of the Class has an undivided interest in obtaining injunctive/equitable relief,

including emergency notice, revised drug warnings and medical monitoring, that exceeds

$75,000 in value.

14.    There is complete diversity of citizenship between plaintiff and defendant.

## FACTUAL ALLEGATIONS

15.    At all times relevant, defendants, itself, or by use of others, did manufacture,

create, design, test, label, package, distribute, supply, market, sell, advertise, and

otherwise distribute, in interstate commerce, the products Vioxx and Celebrex.

M002E17720

MAY 30 '01 16:04 FR S&S 599 5TH FL      212 848 5245 TO 004584#0271100018 P.06

May 30 2001 10:34AM  Eduardo Diaz              1-718-796-5933         P.6

5

16.    Vioxx and Celebrex are Cox-2 inhibitor which reportedly reduces pain and inflammation, while also significantly reducing incidents of stomach ulcers commonly associated with pain relievers like aspirin and ibuprofen. Osteoarthritis is treated for the purposes of reducing inflammation, selling, stiffness and joint pain.

17.    There are over 1 million users of Vioxx and Celebrex nationwide and annual sales of Vioxx and Celebrex worldwide provide defendants Merck, Pharmacia and Pfizer with a combined $4 billion in sales in 2000.

18.    Merck, Pharmacia and Pfizer have consistently marketed Vioxx and Celebrex as a highly effective, osteoarthritis drug as compared with more traditional and less costly drugs used to treat osteoarthritis.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action as a class action for equitable, injunctive and declaratory relief as well as monetary relief pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of a class consisting of all persons in the United States, including their successors in interest, who have ingested Vioxx and Celebrex for osteoarthritis at all times relevant herein (the "Class").

20.    Plaintiff is a member of the Class he seeks to represent. The members of the Class, thousands of individuals, are so numerous that joinder is impracticable and would involve thousands of litigants.

21.    There are questions of law and fact common to the Class including, but not limited to:

    (a)    Whether Vioxx and Celebrex are hazardously less effective in reducing inflammation, swelling, stiffness and joint pain as compared with the more

MO02E17721

MAY 30 '01 16:04 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100013 P.07

May 30 2001 10:34AM  Eduardo Diaz                1-718-786-5933          P.7

6

traditional and less costly non-prescription medication such as aspirin and
ibuprofen used to treat osteoarthritis;

(b)   Whether defendants have failed to adequately warn of the hazardous
shortcomings of Vioxx and Celebrex in reducing inflammation, swelling,
stiffness and joint pain, as compared to other forms of osteoarthritis
treatments;

(c)   Whether emergency notice and revised patient warnings should be
disseminated to class members;

(d)   Whether defendants negligently designed, manufactured, warned of and/or
marketed Vioxx and Celebrex;

(e)   Whether defendants conducted, either directly or indirectly, appropriate
pre- and post-release testing of Vioxx and Celebrex; and

(f)   Whether users of Vioxx and Celebrex are entitled to monetary relief.

22.   The claims of the named plaintiff are typical of the claims of the Class in that the
named plaintiff and the members of the Class used Vioxx and Celebrex for the treatment
of osteoarthritis.

23.   Plaintiff will fairly and adequately represent and protect the interests of the
members of the Class and common issues predominate.  Plaintiff has retained counsel
competent and experienced in complex class actions.

24.   Notices can be provided to class members by a combination of published notice,
Internet notice and first-class mail using techniques and forms of notice similar to those
customarily used in drug-related product liability, personal injury and other consumer
class actions.

M002E17722

7

25.    Plaintiff seeks, *inter alia* injunctive relief in the form of emergency notice and revised drug warnings to more adequately advise Vioxx and Celebrex users of the drugs' performance in relation to the other available treatment for osteoarthritis and a Court-order and supervised medical monitoring program funded by defendants.

26.    Class certification is appropriate because defendants have acted, or refused to act, on grounds generally applicable to the Class, making appropriate preliminary and final injunctive and declaratory relief consisting of emergency notice, revised patient warnings and medical monitoring with respect to plaintiff and the class members. In addition, the prosecution of separate actions by or against individual member of the Class would create a risk of incompatible standards of conduct for defendants and inconsistent or varying adjudications for all parties. A class action is also superior to other available methods for the fair and efficient adjudication of this action.

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCT LIABILITY
### (FAILURE TO WARN)

27.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

28.    Defendants are the manufacturers and/or suppliers of Vioxx and Celebrex.

29.    Vioxx and Celebrex manufactured and/or supplied by defendants, was and is unaccompanied by adequate warnings regarding the higher risk of heart attacks for patients ingesting these drugs than those patients taking more traditional non-prescription pain relief medication.

30.    Defendants failed to perform adequate testing prior to its introduction in that adequate testing would have shown that patients taking Vioxx and Celebrex had an

M002E17723

8

increased risk of heart attacks than those patients taking more traditional non-prescription pain relief medication.

31.    Vioxx and Celebrex manufactured and/or supplied by defendants was defective due to inadequate post-marketing warnings or instructions because, after the manufacturers knew or should have known that Vioxx and Celebrex posed a greater risk to patients taking these drugs than those patients taking more traditional non-prescription pain relief medications.

32.    As the producing cause and legal result of the defective or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, and as a direct and legal result thereof, plaintiff and other class members require reasonable and necessary health care, attention and services and did incur medical, health, incidental and related expenses and required updated warnings and emergency notice.  Absent such equitable relief, plaintiff and other members of the Class will suffer irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## STRICT PRODUCT LIABILITY

33.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

34.    Defendants are the manufacturers and/or suppliers of Vioxx and Celebrex.

35.    The Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous in design or formulation in that, when it left the hands of the manufacturers and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

M002E177724

MAY 30 '01 16:05 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.10

May 30 2001 10:35AM  Eduardo Diaz                1-718-786-5933        P.10

9

36.    Alternatively, the Vioxx and Celebrex manufactured and/or supplied by
defendants was defective or hazardous in design or formulation, in that, when it left the
hands of the manufacturers and/or suppliers, it was unreasonably dangerous, more
dangerous than an ordinary consumer would expect and more dangerous than other forms
of osteoarthritis pain relief treatments.

37.    The Vioxx and Celebrex manufactured and/or supplied by defendants was
defective or hazardous due to inadequate warning or instruction because the
manufacturers knew or should have known that those products posed a great risk to
patients taking them those patients taking more traditional non-prescription pain relief
medications.

38.    As the producing cause and legal result of the defective or hazardous condition of
Vioxx and Celebrex as manufactured and/or supplied by defendants, and as a direct and
legal result thereof, plaintiff and other Class members require reasonable and necessary
health care, attention and services and did incur medical, health, incidental and related
expenses and require updated warnings and emergency notice.  Absent such equitable
relief, plaintiff and members of the Class will suffer irreparable injury for which there is
no adequate remedy at law.

### THIRD CLIAM FOR RELIEF
### NEGLIGENCE

39.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully
set forth herein and further alleges as follows:

40.    Defendants have a duty to exercise reasonable care in the manufacture, sale
and/or distribution of Vioxx and Celebrex into the stream of commerce, including a duty
to assure that the products work effectively for their intended use which reasonably and

M002E17725

MAY 30 '01 16:05 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.11

May 30 2001 10:35AM  Eduardo Diaz              1-718-786-5933          P.11

10

foreseeable included a reduction of inflammation, swelling, stiffness and joint pain without increasing the likelihood of heart attack by patients ingesting these products.

41.   Defendants have failed to exercise reasonable care in the manufacture, sale, testing, equality assurance, quality control and/or distribution of Vioxx and Celebrex into interstate commerce in that defendants have known or should have known that Vioxx and Celebrex posed a great risk to patients taking them than those patients taking more traditional non-prescription pain relief medications.

42.   Defendants were negligent in the design, manufacture, testing, advertising, warning, marketing and sale of Vioxx and Celebrex in that it:

(a)   Failed to use reasonable care in designing and manufacturing Vioxx and Celebrex so as to avoid the aforementioned risk to individuals when Vioxx and Celebrex was being used for pain management associated with osteoarthritis.

(b)   Failed to accompany its product with proper warnings regarding all possible adverse effects associated with the use of Vioxx and Celebrex.

(c)   Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the effective of Vioxx and Celebrex.

(d)   Failed to provide adequate training to medical care providers for appropriate use of Vioxx and Celebrex;

(e)   Failed to warn plaintiff and other members of the Class, prior to actively encouraging the sale of Vioxx and Celebrex, either directly or indirectly, orally or in writing, that Vioxx and Celebrex poised a significant risk of heart attack over and above traditional non-prescription pain relief medication.

M002E17726

MAY 30 '01 16:06 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.12

May 30 2001 10:36AM   Eduardo Diaz              1-718-786-5933        P.12

11

    (f)    Was otherwise careless or negligent.

43.    Despite the fact that defendants knew or should have known that Vioxx and Celebrex and posed a significant risk to patients taking these drugs than those patients taking more traditional non-prescription pain relief medication, defendants have continued to market Vioxx and Celebrex to consumers, including plaintiff, when there were safer, more effective and less expensive methods of pain relief from osteoarthritis.

44.    Defendants have known or should have known that consumers such as plaintiff would suffer foreseeable injury as a result of defendants' failure to exercise ordinary care, including irreparable injury absent equitable relief, as described above.

45.    Defendants' negligence was a proximate cause of plaintiff's and class members' economic loss which they have suffered and continue to suffer.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

46.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

47.    Defendants have expressly warranted that Vioxx and Celebrex are safe and effective for the treatment of osteoarthritis.

48.    Vioxx and Celebrex does not conform to this express representation in that they fails to advise users of the increased risk of heart attack, while other less expensive non-prescription treatments do not present this risk.

49.    As direct and proximate result of the breach of said warranties, plaintiff and class members suffered economic loss in amounts to be proven at trial.

M002E17727

MAY 30 '01 16:06 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.13

May 30 2001 10:36AM  Eduardo Diaz              1-718-786-5933        P.13

12

## FIFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

50.     Plaintiff incorporates by reference all other paragraphs of this compolaint as if fully set forth herein and further alleges as follows:

51.     At the time defendants marketed, sold, and distributed Vioxx and Celebrex, defendants knew that the use for which Vioxx and Celebrex were intended and impliedly warranted the product to be of merchantable quality and fit for such use.

52.     Plaintiff and other class members and their physicians reasonably relied upon the skill and judgment of defendants as to whether Vioxx and Celebrex was of merchantable quality and fit for its intended use.

53.     Contrary to such implied warranty, Vioxx and Celebrex were not of merchantable quality or fit for its intended use, because the product was and is unfit for the ordinary purposes for which it was used as described above.

54.     As a direct and proximate result of the breach of implied warranty, plaintiff and other members of the Class suffered economic loss as alleged herein.

## CLASS ACTION INJUNCTIVE, EQUITABLE
## AND MONETARY RELIEF

55.     Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

56.     Defendants have a continuing duty to warn plaintiff, the Class and the public of all potential risks and dangers of which it becomes or should become aware of. There have been studies underway regarding these risks and dangers. As a proximate result of defendants' conduct as described herein, plaintiff, on behalf of himself and all others similarly situated, is entitled to damages and/or equitable relief in the form of emergency notice, revised drug warnings and/or equivalent remedial and corrective action, to

M002E17728

13

accurately reflect and publicize the known effects of Vioxx and Celebrex, at defendants' expense.

57.    Defendants should be required to provide information, including appropriate and updated product warnings to individuals who use and/or have previously use Vioxx and Celebrex for osteoarthritis to apprise them of timely information concerning the drug and the relative riskiness of its use.

58.    Plaintiff's and class members' increased risk of heart attack and certain other serious cardiac events as a result of their use of Vioxx and Celebrex makes periodic diagnostic and medical examinations necessary and reasonable.  Easily administered, cost-effective medical monitoring procedures exist which may be applied to plaintiff and members of the Class.

59.    Plaintiff and other members of the Class are also entitled to damages, as well as their estates or heirs, for wrongful death, pain, suffering and lost earnings.

### WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS

60.    Wherefore, Plaintiff prays for relief as follows:

(a)    That this action be certified as a class action on behalf of the proposed class of individuals who have ingested Vioxx and/or Celebrex for osteoarthritis, that the named plaintiffs be designated as representative of the Class and that named counsel be designated Class counsel;

(b)    Creation of a comprehensive, court-supervised program which will:

(1)    Locate and notify Vioxx and Celebrex users that users of Vioxx and Celebrex are more likely to suffer a heart attack as compared

M002E17729

MAY 30 '01 16:06 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.15

May 30 2001 10:37AM  Eduardo Diaz           1-718-786-5933        P.15

14

                with patients taking the more traditional and less costly non-prescription medications or combinations thereof;

(2)     Create a court-supervised trust fund, paid for by defendants, to finance a medical monitoring program to deliver services, including but not limited to testing, preventive screening and surveillance for conditions resulting from, or potentially resulting from consumption of Vioxx and Celebrex.

(3)     Provide class members with revised warnings on drug labels and packages; and

(4)     Include new warnings on Merck and Pharmacia's Internet websites and in Vioxx and Celebrex's U.S. Product Prescribing Information, which appears in the Physicians' Desk Reference;

(c)     Award plaintiff and the Class damages incidental to their procurement and ingestion of Vioxx and Celebrex.

(d)     Order defendants to refund and make restitution of all monies acquired from the sale of Vioxx and Celebrex to plaintiff and the Class;

(e)     Attorneys' fees, expenses, and costs of this action; and

(f)     Such further relief as this Court deems necessary, just, and proper.

M002E17730

MAY 30 '01 16:07 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.16

May 30 2001 10:37AM  Eduardo Diaz              1-718-786-5933          P.16

15

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: May 23, 2001

BOIES, SCHILLER, FLEXNER, LLP
David Boies
Nicholas A. Gravante, Jr.
Kenneth G. Walsh
570 Lexington Avenue
New York, New York 10022
Tel:  (212) 446-2300

Attorneys for Plaintiff

M002E17731

# EXHIBIT  47

897029v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| ALEX CAIN and<br>WILLIAM WATKINS, | Civil Action No.:<br>CV-01-3441 (SJ) |
|              Plaintiffs, | |
|     -against- | AMENDED<br>CLASS ACTION COMPLAINT |
| MERCK & CO., INC., PHARMACIA CORPORATION,<br>PFIZER INC. and G.D. SEARLE & CO., | JURY TRIAL DEMANDED |
|              Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs Alex Cain and William Watkins, by their undersigned attorneys, allege for their complaint, upon actual knowledge as to their acts and status, and upon information and belief as to all other matters, as follows:

## FACTUAL ALLEGATIONS

1.     This action is brought by plaintiffs on behalf of a nationwide class of persons who have taken either the prescription drug rofecoxib, marketed by defendant Merck & Co., Inc. ("Merck") under the brand name "Vioxx," or the prescription drug celecoxib, marketed by defendants Pharmacia Corporation ("Pharmacia"), Pfizer Inc. ("Pfizer") and G. D. Searle & Co. ("Searle") under the brand name "Celebrex."  This action is brought on behalf of all persons who have taken either drug since these drugs became available on the market in 1999.

M002E17655

2.      This action seeks as a remedy, *inter alia*, that emergency notice be provided to all class members in order to ensure that they are informed of the results of certain research recently presented to the Food & Drug Administration ("FDA") showing that Vioxx and/or Celebrex cause patients who take these drugs to have heart attacks, strokes and other cardiac illness as well as an increased risk of suffering those illnesses than patients who take more traditional, alternative pain relief medications.

3.      Vioxx and Celebrex are usually prescribed to treat a medical condition known as osteoarthitis. Osteoarthitis is the most common form of arthritis, afflicting 21 million Americans. Osteoarthitis is a condition that results from normal wear and tear on the joints, such as knees, hips and fingers, or from an injury. Although some people may have only mild discomfort, many people experience considerable pain, inflammation and loss of movement, as cartilage covering the ends of bones at the joints wears away. Osteoarthitis affects all parts of a joint, causing pain and stiffness, especially after physical activity.

4.      Osteoarthitis occurs more often as people grow older and is the most common joint disease. Among people over age 35, about one third show some signs of osteoarthitis upon x-ray. In people over age 55, osteoarthitis of the hip is more common in men, while osteoarthitis of the fingers is more common in women. Osteoarthitis of the knees is common in both men and women.

5.      Vioxx and Celebrex each belong to a class of drugs known as Cox-2 inhibitors, which, according to defendants, reduce pain and inflammation. Cox-2 is a natural enzyme in the human body that plays a role in causing arthritis pain and inflammation. Both Vioxx and Celebrex selectively target and block the Cox-2 enzyme.

M002E117656

3

6.      Celebrex was approved by the FDA in early 1999.  Celebrex is now Pharmacia's biggest selling drug, generating sales of $2.3 billion in the twelve-month period ending March 2001.  Celebrex is marketed by Pharmacia, Pfizer and Searle.

7.      Celebrex is marketed as a drug that delivers powerful relief of pain and inflammation caused by, among other things, osteoarthritis.  Patients who take Celebrex are advised by Pharmacia, Pfizer and Searle, directly and indirectly, including through the patients' own physicians, to continue to take Celebrex daily even when they are no longer in pain.  For osteoarthritis patients, the recommended daily dose for Celebrex is 200 milligrams.

8.      Vioxx was approved by the FDA on May 21, 1999.  Vioxx is now Merck's second best selling drug, after its cholesterol medicine Zocor.  In 1999, global sales of Vioxx totaled $472 million, including U.S. sales of $420 million.  In the twelve-month period ending March 2001, sales of Vioxx totaled $1.7 billion.  Vioxx is marketed by Merck.

9.      Vioxx is marketed as a drug that relieves signs and symptoms of osteoarthritis, acute pain and painful menstrual cycles.  In December 1999, Merck was found by the FDA to be promoting Vioxx unlawfully by promoting the efficacy and safety of the drug without presenting any information to consumers concerning the contraindications, warnings, precautions and adverse events associated with their taking Vioxx.  Merck has reported to its shareholders that its launch of Vioxx was Merck's biggest, fastest and best launch of any drug, ever.

10.     Merck, Pharmacia, Pfizer and Searle have consistently marketed Vioxx and Celebrex as highly effective, safe, prescription drugs that deliver powerful relief of pain and inflammation caused by, among other things, osteoarthritis.  Both drugs have been

M002E17657

4

marketed as being more effective than less costly, alternative drugs that have traditionally been used to treat conditions such as osteoarthritis.  Both drugs have also been marketed as being safer than such alternative, more traditional pain relievers because each is purported to be less likely to cause stomach ulcers.

11.     As demonstrated by Merck's own research, however, patients who take Vioxx suffer heart attacks, strokes and other cardiac illness and/or are significantly more likely to suffer heart attacks, strokes and other cardiac illness than patients who take alternative, less expensive medications to treat conditions like osteoarthritis.  Vioxx causes patients to suffer those illnesses and to have increased risk of suffering those illnesses.  Celebrex, which competes directly with Vioxx and is chemically equivalent and a therapeutic substitute for Vioxx, causes the same effects.

12.     Most patients taking Vioxx and/or Celebrex are elderly and have a higher risk of developing cardiovascular problems to begin with.  Thus, the benefit of reducing the possibility that they will develop a stomach ulcer is far out-weighed by the increased risk that, by taking Vioxx or Celebrex, they will suffer a heart attack, stroke or other cardiac illness.  Under the circumstances, particularly with elderly patients and patients with any history of cardiovascular difficulties, Vioxx and Celebrex should no longer be used as primary care drugs in the treatment of osteoarthritis and similar conditions.

13.     Merck has publicly denied that Vioxx causes heart attacks, strokes and other cardiac illness or that Vioxx causes an increased risk that patients will suffer those illnesses.  Instead, Merck has stated that patients who take certain alternative and competing drugs to treat osteoarthritis are benefited because, unlike a Cox-2 inhibitor like Vioxx, those alternative drugs inhibit the body's production of thromboxane.

M00ZE117658

5

Thromboxane causes platelets in human blood to stick together, leading to blood clots, strokes, heart attacks and other cardiac illness.

14.     Even if it were true, however, as Merck has stated, that Cox-2 inhibitors like Vioxx and Celebrex do not directly cause heart attacks, strokes, and cardiac illness or the increased risk of those illnesses, it is still clear that switching from most alternative and competing pain relief medications to Vioxx and Celebrex indirectly causes those illnesses and/or that increased risk.  For that reason, Vioxx and Celebrex have been and continue to be falsely marketed as being safer than alternative pain relievers, some of which -- unlike Vioxx and Celebrex -- actually help prevent and reduce the likelihood that patients will suffer heart attacks, strokes and other cardiac illness.

15.     Consumers, but particularly elderly consumers who already suffer or have a higher risk of suffering cardiovascular disease, are being being misled by defendants because they are not being advised that by switching from most alternative, more traditional pain relievers to Vioxx and Celebrex, they are increasing the likelihood that they will suffer heart attacks, strokes and other cardiac illness.  The packaging, labels and other information made available to the public concerning both drugs do not alert patients to these serious health dangers and risks.

16.     Plaintiffs seek, *inter alia*, emergency notice to class members and revised patient warnings in package inserts to take the form of additional medical labeling, so that class members will be apprised of these findings and more adequately warned of the hazardous side effects and serious health risks to which they have exposed and are continuing to expose themselves by taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relievers.  Notice to patients, as opposed solely to physicians, is required in order to ensure that all persons taking Vioxx and Celebrex will receive the

M00ZE117659

6

information.  Plaintiffs also seek the establishment of a Court-ordered and supervised medical monitoring program to be funded by defendants for patients who have taken Vioxx or Celebrex.

17.     Absent emergency notice and revised patient warnings, at a minimum, hundreds of thousands -- if not millions -- of individuals will unwittingly continue treating osteoarthritis and similar conditions with Vioxx and Celebrex.  That treatment will be based on these individuals' erroneous assumption that Vioxx and Celebrex are safer and more effective than alternative, less costly pain relief medications.

18.     Upon receiving notice, many class members, particularly elderly people and those with any history of cardiac illness, will likely stop taking Vioxx and Celebrex and resume taking alternative, more traditional pain relievers, thereby avoiding and decreasing the risk that they will suffer strokes, heart attacks and other cardiac illness.  Class members should be afforded the opportunity to make an informed, educated choice as to whether they should continue to take Vioxx and Celebrex.  They should also be afforded the opportunity to make an informed, educated choice as to whether they should switch to Vioxx and/or Celebrex from more traditional, alternative pain relief medications.

19.     Plaintiffs also seek, for themselves and other class members, refunds of all amounts paid to purchase Vioxx and Celebrex, as well as all other ascertainable economic and non-economic losses they have suffered and/or will continue to suffer, including medical expenses to be incurred in consulting with physicians regarding the information to be disclosed, medical expenses already incurred for any cardiac illness already caused by their taking Vioxx and Celebrex, damages for wrongful death as a result of cardiac illness caused by their taking Vioxx and Celebrex, and all such other relief to which they are entitled, including reasonable attorneys' and expert fees.

## PARTIES

20.     Plaintiff Alex Cain is a resident and citizen of the State of Georgia.  At all times relevant herein, plaintiff took Vioxx and Celebrex, which were prescribed to him for osteoarthritis, and was unaware of the shortcomings of and health risks posed by the drugs, as more fully set forth herein.  As a result of his taking Vioxx and Celebrex, Mr. Cain recently suffered two cardiac illnesses, both of which required hospitalization.

21.     Plaintiff William Watkins is a resident and citizen of the State of Georgia.  At all times relevant herein, plaintiff took Vioxx and Celebrex, which were prescribed to him for osteoarthritis, and was unaware of the shortcomings of and health risks posed by the drugs, as more fully set forth herein.  As a result of his taking Celebrex, Mr. Watkins suffered a cardiac illness, which required surgery and hospitalization.

22.     Defendant Merck has its principal place of business and is incorporated in New Jersey.  At all times relevant hereto, Merck was engaged in the business of developing, manufacturing, marketing and selling Vioxx.  Merck does substantial business in New York and in this federal district.  At all times relevant hereto, Merck developed, manufactured, marketed and sold Vioxx in interstate commerce and in New York.

23.     Defendant Pharmacia has its principal place of business in New Jersey and is incorporated in Delaware.  At all times relevant hereto, Pharmacia was engaged in the business of developing, manufacturing, marketing and selling Celebrex.  Pharmacia does substantial business in New York and in this federal district.  At all times relevant hereto, Pharmacia, directly and indirectly through its subsidiary, Searle, developed and manufactured and then, with Pfizer, marketed and sold Celebrex in interstate commerce and in New York.

8

24.     Defendant Pfizer has its principal place of business in New York and is incorporated in Delaware.  At all times relevant hereto, Pfizer was engaged in the business of marketing and selling Celebrex with Pharmacia and Searle.  Pfizer does substantial business in New York and in this federal district.  At all times relevant hereto, Pfizer marketed and sold Celebrex in interstate commerce and in New York.

25.     Defendant Searle has its principal place of business in Illinois and is incorporated in Delaware.  At all times relevant hereto, Searle was engaged in the business of developing, manufacturing, marketing and selling Celebrex.  Searle does substantial business in New York and in this federal district.  At all times relevant hereto, Searle developed, manufactured, marketed and sold Celebrex in interstate commerce and in New York.

## JURISDICTION

26.     Plaintiffs allege an amount in controversy in excess of $75,000, exclusive of interest and Court costs, as to themselves and as to each member of the proposed class.

27.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 as to plaintiffs and as to every member of the proposed class; because the individual plaintiffs' damage claims exceed said amount; and because the Class has an undivided interest in obtaining injunctive/equitable relief, including emergency notice, revised drug warnings and medical monitoring, that exceeds $75,000 in value.

28.     There is complete diversity of citizenship between plaintiffs and defendants.

9

## CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring this action as a class action for equitable, injunctive, monetary and declaratory relief pursuant to Federal Rule of Civil Procedure 23, as representatives of a class of persons consisting of all persons in the United States, including their successors in interest, who have taken Vioxx and/or Celebrex since those products were first made available to patients in 1999.

30.     Plaintiffs are members of the class they seek to represent.  The members of the class, estimated to be millions of individuals, are so numerous that joinder is impractical. The questions of law and fact common to the members of the class predominate over any questions affecting only individual class members, because defendants have acted on grounds generally applicable to the class.

31.     There are numerous questions of law and fact common to the class and all class members including, but not limited to:

      (a)     whether Vioxx and Celebrex cause patients to have heart attacks, strokes and other cardiac illness as well as cause an increased risk that patients will suffer those illnesses as compared to patients who take alternative, less expensive pain relief medications to treat the same and/or similar medical conditions;

      (b)     whether Vioxx and Celebrex are any more effective in reducing pain and inflammation than alternative, less costly pain relief medications;

      (c)     whether defendants adequately warned patients of the hazardous side-effects and serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking and/or switching to

M002E17663

Vioxx and Celebrex from more traditional, alternative pain relief

medications;

(d)     whether defendants' failure to warn patients of those hazardous side

effects and serious health dangers and risks was intentional, reckless or

negligent;

(e)     whether emergency notice and revised patient warnings should be

disseminated to class members to ensure that they are informed of the

hazardous side-effects and serious health dangers and risks to which they

have exposed and are continuing to expose themselves by taking Vioxx

and Celebrex and/or switching to Vioxx and Celebrex from more

traditional, alternative pain relief medications;

(f)     whether defendants negligently designed, manufactured, marketed, and/or

issued warnings about Vioxx and Celebrex;

(g)     whether defendants conducted, either directly or indirectly, appropriate

pre- and post-release testing of Vioxx and Celebrex; and

(h)     whether individuals who have taken Vioxx and Celebrex are entitled to

monetary relief and/or other forms of compensation for the harm caused

by defendants' conduct.

32.     Plaintiffs' claims are typical of the members of the class.  Plaintiffs and all other

class members took Vioxx and/or Celebrex to relieve medical conditions like pain and

inflammation.  Plaintiffs and all other class members were, are, and continue to be

harmed by the same wrongful conduct of defendants.

33.     Plaintiffs will fairly and adequately represent and protect the interests of all class

members.  Plaintiffs have retained counsel competent and experienced in complex class

M002E17664

action litigation.  The interests of the plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

34.     Notice can be provided to class members by a combination of published notice, Internet notice, and first-class mail using techniques and forms of notice similar to those customarily used in drug-related product liability, personal injury and other consumer class actions.

35.     Class certification is appropriate because defendants have acted, or refused to act, on grounds generally applicable to the class, making appropriate preliminary and final injunctive and declaratory relief consisting of emergency notice, revised patient warnings and medical monitoring with respect to plaintiffs and other class members.  In addition, the prosecution of separate actions by or against individual class members would create a risk of incompatible standards of conduct for defendants and inconsistent or varying adjudications for all parties.

36.     Class action treatment is a superior method to the alternatives, if any, for the fair and efficient adjudication of this controversy, in that, among other things, it permits a large number of similarly situated persons to prosecute their claims against a limited number of defendants in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and expense.

**FIRST CLAIM FOR RELIEF**
**STRICT PRODUCT LIABILITY**
**(FAILURE TO WARN)**

37.     Plaintiffs incorporate by reference paragraphs one through thirty-six of this complaint as if fully set forth herein.

M002E17665

38.     Vioxx and Celebrex, as manufactured and/or supplied by defendants, have been and continue to be unaccompanied by adequate warnings regarding the fact that they cause heart attacks, strokes and other cardiac illness, as well as cause the increased risk that patients taking these drugs will suffer those illnesses.  There are no warnings to patients taking these drugs alerting them to the serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking Vioxx or Celebrex, as compared with their taking alternative, less expensive, more traditional pain relief medications for the same and/or similar medial conditions.

39.     Defendants failed to perform adequate testing prior to manufacturing, marketing and selling Vioxx and Celebrex to patients.  Adequate testing would have shown that patients who take and/or switch to Vioxx and Celebrex from more traditional, alternative pain relief medications are substantially more likely to suffer heart attacks, strokes and other cardiac illness.  Adequate testing would have shown that taking and/or switching to Vioxx and Celebrex from alternative, more traditional pain relief medications cause those conditions.

40.     Vioxx and Celebrex, as manufactured and/or supplied by defendants, were defective products due to defendants' inadequate post-marketing warnings and instructions.  Moreover, after defendants knew or should have known that Vioxx and Celebrex posed greater health dangers and risks to patients than more traditional, alternative medications, defendants failed to take steps to warn and/or cause patients to be advised of such dangers and risks.  Defendants also failed to take steps to warn and/or cause patients to be advised of the serious health dangers and risks to which they have exposed and are continuing to expose themselves by switching from most alternative, more traditional pain relievers to Vioxx and Celebrex.

M00ZE17666

41.     As the proximate cause and legal result of the defective and/or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, plaintiffs and other class members require reasonable and necessary health care, attention and services, will continue to incur medical, health, incidental and related expenses, and require updated warnings and emergency notification so that they will fully understand the serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking and continuing to take Vioxx and Celebrex.  Absent such equitable relief, plaintiffs and other class members will continue to suffer irreparable injury for which there is no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### STRICT PRODUCT LIABILITY

42.     Plaintiffs incorporate by reference paragraphs one through forty-one of this complaint as if fully set forth herein.

43.     Vioxx and Celebrex, as manufactured and/or supplied by defendants, were defective and/or hazardous in design or formulation, in that, when those drugs left the hands of the manufacturers and/or suppliers, the foreseeable risks to patients who would take the drugs exceeded the benefits associated with their design or formulation.

44.     Alternatively, Vioxx and Celebrex, as manufactured and/or supplied by defendants, were defective and/or hazardous in design or formulation, in that, when the drugs left the hands of the manufacturers and/or suppliers, the drugs were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more dangerous than other forms of more traditional, anti-inflammatory, pain relief medications.

14

45.     Vioxx and Celebrex, as manufactured and/or supplied by defendants, were defective and/or hazardous to patients due to inadequate warnings and instructions.  The defendants knew or should have known that Vioxx and Celebrex would pose significant health dangers and risks to patients, as compared to traditional, prescription and non-prescription pain relief medications that patients usually took for the same or similar medical conditions.  The defendants also knew or should have known that Vioxx and Celebrex were particularly dangerous for patients who switched to these drugs from more traditional, alternative pain relief medications.

46.     As the proximate cause and legal result of the defective and/or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, plaintiffs and other class members require reasonable and necessary health care, attention and services, will continue to incur medical, health, incidental and related expenses, and require updated warnings and emergency notification so that they will fully understand the serious health dangers and risks to which they have exposed and are continuing to expose themselves by continuing to take Vioxx and Celebrex.  Absent such equitable relief, plaintiffs and other class members will continue to suffer irreparable injury for which there is no adequate remedy at law.

**THIRD CLIAM FOR RELIEF**
**NEGLIGENCE**

47.     Plaintiffs incorporate by reference paragraphs one through forty-six of this complaint as if fully set forth.

48.     Defendants had and continue to have a duty to exercise reasonable care in the development, manufacture, sale and/or distribution of Vioxx and Celebrex into the stream of commerce, including a duty to ensure that the drugs work safely and effectively for

their intended uses, which reasonably and foreseeably included a reduction of inflammation, swelling, stiffness and pain without causing patients to suffer heart attacks, strokes and other cardiac illness and without causing patients to have an increased risk of suffering those illnesses.

49.    Defendants have failed to exercise reasonable care in the development, manufacture, sale, testing, quality assurance, quality control and/or distribution of Vioxx and Celebrex into interstate commerce in that defendants knew or should have known that Vioxx and Celebrex cause heart attacks, strokes and other cardiac illness. Defendants also knew or should have known that Vioxx and Celebrex cause patients who take, or switch to these drugs from more traditional, alternative pain relievers, to be more likely to suffer heart attacks, strokes and other cardiac illness.

50.    Defendants were negligent in the design, manufacture, testing, advertising, warning, marketing, sale of and provision of warnings with respect to Vioxx and Celebrex in that they:

(a)    failed to use reasonable care in designing and manufacturing Vioxx and Celebrex so as to avoid the aforementioned risks to individuals who were prescribed, switched to, and/or took these drugs;

(b)    failed to accompany these products with proper warnings regarding all possible adverse drug effects and potential health dangers and risks that could result from patients' taking Vioxx or Celebrex and/or switching to Vioxx or Celebrex from more traditional, alternative pain relief medications;

M002E17669

(c)     failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the effective use and safety of Vioxx and Celebrex;

(d)     failed to provide adequate training and information to physicians and other medical care providers concerning the appropriate use -- and serious health dangers and risks that would arise from patients' use -- of Vioxx and Celebrex;

(e)     failed to warn plaintiffs and other class members, prior to marketing and distributing Vioxx and Celebrex, either directly or indirectly through physicians, orally or in writing, that taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relievers would cause heart attacks, strokes and other cardiac illness as well as the increased likelihood that patients would suffer those illnesses; and

(f)     Were otherwise careless or negligent.

51.     Despite the fact that defendants knew or should have known that taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications posed serious health dangers and risks to patients, defendants have continued to market Vioxx and Celebrex without disclosing those serious health dangers and risks.

52.     Defendants knew or should have known that consumers such as plaintiffs and other class members would suffer foreseeable injury as a result of defendants' failure to exercise ordinary care, including irreparable injury which has been and will continue to be suffered by unsuspecting patients who take and/or switch to these drugs, absent a grant of the equitable relief described above.

53.     Defendants' negligence was a proximate cause of plaintiffs' and other class members' economic and non-economic loss, which they have suffered and continue to suffer.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

54.     Plaintiffs incorporate by reference paragraphs one through fifty-three of this complaint as if fully set forth herein.

55.     Defendants have expressly warranted that Vioxx and Celebrex are safe and effective drugs.

56.     Vioxx and Celebrex do not conform to this express representation in that the information provided by defendants concerning these drugs fails to advise patients that, as a result of their taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications, patients will suffer heart attacks, strokes and other cardiac illness as well as increase the risk that they will suffer such illnesses.  The information provided by defendants also fails to advise patients that alternative, less expensive, more traditional pain relief medications used to treat the same or similar medical conditions for which Vioxx and Celebrex are prescribed do not present such risks.  Defendants have never advised and, to this day, continue to refuse to advise patients or cause patients to be advised, of the serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking Vioxx and Celebrex and/or by switching to Vioxx and Celebrex from more traditional, alternative pain relief medications.

18

57.     As a direct and proximate result of the breach of said warranties, plaintiffs and other class members have suffered and will continue to suffer economic and non-economic loss in amounts to be proven at trial.

## FIFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

58.     Plaintiffs incorporate by reference paragraphs one through fifty-seven of this complaint as if fully set forth herein.

59.     At the time defendants marketed, sold, and distributed Vioxx and Celebrex, defendants knew the uses for which Vioxx and Celebrex were intended and impliedly warranted the products to be of merchantable quality and fit for such uses.

60.     Plaintiffs and other class members and their physicians reasonably relied upon the skill and judgment of defendants as to whether Vioxx and Celebrex were of merchantable quality and fit for their intended uses.

61.     Contrary to such implied warranties, Vioxx and Celebrex were neither of merchantable quality nor fit for their intended uses.  Because of the serious health dangers and risks posed by the drugs, the drugs were unfit for the ordinary purposes for which they were prescribed and used, as described above.

62.     As a direct and proximate result of these breaches of implied warranties, plaintiffs and other class members have suffered and continue to suffer economic and non-economic loss as alleged herein.

## CLASS ACTION INJUNCTIVE, EQUITABLE
## AND MONETARY RELIEF

63.    Plaintiffs incorporate by reference paragraphs one through sixty-two of this complaint as if fully set forth herein.

64.    Defendants have a continuing duty to warn plaintiffs, other class members, and the public of all potential health risks and dangers of which they become or should become aware.  There have been studies conducted, some of which are continuing, regarding these risks and dangers.  As a proximate result of defendants' conduct as described herein, plaintiffs, on behalf of themselves and all others similarly situated, are entitled to damages and/or equitable relief in the form of emergency notice, revised drug warnings and/or equivalent remedial and corrective action, to accurately reflect and publicize all known health dangers and risks to which individuals taking Vioxx and Celebrex and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications have exposed and are continuing to expose themselves.

65.    Defendants should be required to provide information, including appropriate and updated product warnings, to individuals who currently take and/or have previously taken Vioxx and Celebrex to apprise them of updated information concerning these drugs and of the serious health dangers and risks to which they have been and continue to be exposed by taking and/or switching to these drugs.

66.    Plaintiffs' and other class members' current cardiac illness and/or their now increased risk of suffering heart attacks, strokes, and other cardiac illness as a result of their taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications makes periodic diagnostic and medical examinations necessary

20

and reasonable.  Easily administered, cost-effective medical monitoring procedures exist which may be applied to plaintiffs and other class members.

67.     Plaintiffs and other class members are also entitled to damages, as are their estates or heirs, for wrongful death, pain, suffering, illness, medical expenses, and lost earnings that have been caused by their taking Vioxx and Celebrex and/or their switching to Vioxx and Celebrex from more traditional, alternative pain relief medications.

68.     WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

(a)     That this action be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed class of individuals who have taken Vioxx and/or Celebrex, that the named plaintiffs be designated as representatives of the class, and that named counsel be designated class counsel;

(b)     That defendants be ordered to implement a comprehensive, Court-supervised program which will:

(1)     Locate and notify all persons who have taken Vioxx and/or Celebrex of the serious health dangers and risks to which they have been and will continue to be exposed by taking and/or switching to these drugs, as compared with their taking more traditional, less costly pain relief medications used to treat the same or similar medical conditions;

(2)     Create a trust fund, paid for by defendants, to finance a medical monitoring program to deliver services, including but not limited to testing, preventive screening and surveillance for conditions

21

resulting from, or potentially resulting from, the use of Vioxx and

Celebrex;

(3)    Provide class members with revised and updated warnings on drug

labels and drug packaging; and

(4)    Include new warnings on defendants' Internet websites and in the

U.S. Product Prescribing Information for Vioxx and Celebrex that

appear in the Physicians' Desk Reference.

(c)    That plaintiffs and other class members be awarded damages incidental to

their procurement, taking and/or switching to Vioxx and Celebrex from

alternative pain relievers, including but not limited to damages for

wrongful death, heart attacks, strokes or any other cardiac illness they

have already suffered as well as damages for the increased risk that they

will suffer those illnesses in the future;

(d)    That defendants refund and make restitution of all monies procured from

the sale of Vioxx and Celebrex to plaintiffs and other class members;

(e)    That plaintiffs and other class members be awarded attorneys' fees, expert

fees, expenses, and costs of this action; and

(f)    That plaintiffs and other class members be awarded such other, further and

different relief as the nature of this case may require or as this Court may

deem necessary, just, and proper.

22

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, of all issues triable by jury.

Dated: August 1, 2001

BOIES, SCHILLER & FLEXNER LLP
David Boies
80 Business Park Drive
Suite 110
Armonk, New York 10504
Telephone:     (914) 273-9800
Facsimile:      (914) 273-9810

*Nicholas A. Gravante, Jr.*

BOIES, SCHILLER & FLEXNER LLP
Nicholas A. Gravante, Jr. (NG-0411)
Kenneth G. Walsh (KW- 1654)
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone:     (212) 446-2300
Facsimile:      (212) 446-2350

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I, Kenneth G. Walsh, hereby certify that on August 1, 2001, a copy of the

foregoing Amended Class Action Complaint was served by hand upon the following:

James D. Arden
Sidley Austin Brown & Wood
One World Trade Center
New York, NY 10048
Attorneys for Defendant Pharmacia Corp.

Robb W. Patryk
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Attorneys for Defendant Merck & Co., Inc.

John J.P. Howley
Kay Scholer LLP
425 Park Avenue
New York, NY 10022
Attorneys for Defendant Pfizer Inc.

Kenneth G. Walsh  (KW-1654)