UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| ALL CASES | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MERCK'S MOTION AND INCORPORATED
<u>MEMORANDUM FOR ENTRY OF PRETRIAL ORDER</u>**

Defendant Merck & Co., Inc. ("Merck") respectfully moves the Court for entry of a pretrial order establishing a protocol for expedited discovery in the pending cases in this MDL proceeding and the cases subject to the Tolling Agreement entered in this litigation. That order should govern all plaintiffs with cases pending in this MDL proceeding as of November 9, 2007 and all claimants who have sought to toll the statute of limitations on their claims under the June 1, 2005 Tolling Agreement. (The order would ***not*** apply to claims filed in or transferred to the MDL proceeding after November 9, 2007.)

As the Court is well aware, under 28 U.S.C. § 1407, an MDL court's role is to preside over coordinated or consolidated proceedings, specifically "those that are 'pretrial,'" *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 33-34 (1998), including class certification, discovery, and jurisdictional issues. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §222.36, at 372-75 (2004). Once "pretrial proceedings have run their course," the role of an MDL court is concluded. *Lexecon*, 523 U.S. at 34.

This proceeding began nearly three years ago, and significant advances have been made in the litigation since that time. For example, under this Court's supervision, the parties have

897850v.1

made substantial progress in producing the discovery necessary to resolve Vioxx cases. This includes both general discovery applicable to all cases and case-specific discovery obtained as a result of the Court's Plaintiff Profile Forms, Merck Profile Forms, and medical authorization requirements. In addition, the Court has resolved many issues relating to class certification, denying plaintiffs' motion for a nationwide personal injury class and indicating that statewide Vioxx classes would be inappropriate in light of the highly individualized questions at issue in Vioxx cases. *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2006 WL 3391432 (E.D. La. Nov. 22, 2006). The Court has also conducted several bellwether trials to evaluate the claims at issue in the litigation and assess the importance of individualized resolution of Vioxx cases. However, in the vast majority of Vioxx actions pending in the MDL, there is one major task left for this Court: facilitation of the additional, case-specific discovery necessary to prepare these cases to be sent back to their transferor districts for trial.

In light of the significant progress made thus far in this MDL proceeding, it is important that the Court press forward with case-specific discovery of all cases currently pending in this proceeding in order to identify those cases that simply cannot be sustained as a matter of law and prepare the remaining cases for trial. It is well-recognized that MDL courts should not become a warehouse for dormant claims that plaintiffs do not intend to pursue to trial. As the Judicial Panel on Multidistrict Litigation has put it, an MDL proceeding should not be synonymous with sending cases to a "black hole, never to be seen again." *In re Asbestos Prods. Liab. Lit.*, 771 F. Supp. 415, 423 n.10 (J.P.M.L. 1991). Instead, the MDL court should engage in active case management, implement discovery techniques that "best serve the expeditious disposition of the litigation," and ensure that "the cases were ready for trial at the time of remand to the transferor districts." MANUAL FOR COMPLEX LITIGATION (FOURTH) §20.133, at 225 (2004). Consistent

with this prescribed role, the Court should take the steps necessary to winnow this litigation down to those actions that can legitimately proceed to trial in their appropriate districts. To do so, the Court should require MDL plaintiffs to provide proof of usage, proof of injury, and support for their causation allegations – or else dismiss their claims altogether.

Specifically, Merck respectfully moves the Court to enter an order requiring plaintiffs in all cases pending in the MDL as of November 9, 2007, and all potential plaintiffs subject to the Tolling Agreement, to submit the following information in a timely manner:

- A Rule 26(a)(2) report from a medical expert who attests that the individual suffered an injury and that Vioxx caused that injury;
- Complete pharmacy records for the period 1995-present;
- Amended and Supplemental Plaintiff Profile Forms;
- Answers to supplemental interrogatories;
- Complete healthcare records for the period 1995-present;
- Affidavits that medical and pharmacy records are complete;
- A death certificate and autopsy report (if available) if a death is claimed; and
- A notice to all physicians, pharmacies, or medical facilities that may have relevant records regarding the individual's claim that such records must be preserved.

The fact-gathering envisioned by this motion is wholly appropriate and certainly within this Court's basic case management authority. As the Fifth Circuit noted in affirming dismissal of cases for failure to comply with similar requirements, such orders merely require the sharing of "information which plaintiffs should have obtained before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries . . . and the basis for believing that the named defendant[ was] responsible

for his injuries." *Acuna v. Brown & Root,* 200 F.3d 335, 340 (5th Cir. 2000).

More recently, the federal judge overseeing the welding fume MDL proceeding entered a "Case Administration Order" requiring each plaintiff to submit a "Notice of Diagnosis" confirming that a qualified physician had diagnosed him with an injury attributable to exposure to welding fumes. *See* Case Administration Order at 4-6, Mar. 31, 2006, *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-cv-17000 (N.D. Ohio) (attached as Ex. 1). The Court instituted this requirement in order to "ensure that every plaintiff has a valid basis to assert a claim in this MDL." *Id.* at 5. Other MDL courts have established similar requirements for case-specific discovery to take place prior to cases being remanded for trial. *See, e.g.,* Pretrial Order No. 149, *In re Baycol Products Liability Litigation*, MDL No. 1431 (attached as Ex. 2) (requiring additional discovery including expert reports "[i]n order to promote the fair and efficient administration of this litigation, to comply with its continuing obligations as an MDL court, and to ensure that cases are trial-ready prior to remand").

Here too, the assembly of the information contemplated by this motion is critical to the resolution of any claims alleging injury attributable to Vioxx:

- Obtaining a full set of pharmacy records is critical to evaluating the extent (if any) to which the claimant used the product.

- Securing the information sought by the supplemental Plaintiffs' Profile Form and interrogatories is critical to revealing the basic facts about the claim being asserted.

- This Court has previously determined that for each claimant, all health records from 1995 to present should be made available to Merck. Because experience in this litigation indicates that those records often provide early insights about the viability of a claim, the claimant should be obliged to gather and make available those records

4

897850v.1

on an expedited basis. Further, it is appropriate that a claimant provide affidavits attesting to the completeness of the records provided.

- Because all of these health records are so important, it is reasonable to require the plaintiff to notify all physicians, pharmacies, or medical facilities that may have relevant records regarding the individual's claim that such records must be preserved.

- Where death is alleged, it is certainly reasonable to expect the claimants to provide a death certificate and an autopsy report, both of which are likely to contain information critical to assessing causation issues.

In sum, the additional discovery sought by Merck is easy for plaintiffs to obtain, would help expedite resolution of this litigation, and is consistent with similar orders entered by other courts presiding over mass tort proceedings.

## CONCLUSION

For the foregoing reasons, the Court should order the additional fact-gathering activity set forth above in all cases pending in this MDL proceeding and for all plaintiffs with tolled claims. Defendant is preparing a proposed order setting forth such requirements.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller

O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

897850v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Incorporated Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of October, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel