UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE BAYCOL PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL No. 1431 |
| | ) | (MJD) |
| | ) | |
| This Document Relates to All Actions | ) | Pretrial Order No. 149 |

In order to promote the fair and efficient administration of this litigation, to comply with its continuing obligations as an MDL court, and to ensure that cases are trial-ready prior to remand, the Court enters the following Order establishing the schedule for case-specific discovery.  Except as noted herein, PTOs 114, 127 and 131 are superseded by this Order, and the stay set forth in PTO 89 § 6 is lifted.  All other prior Pretrial Orders shall remain in full force and effect to the extent that they are consistent with this Order.

Based upon these proceedings and the cases filed with this Court, IT IS HEREBY ORDERED:

## I.  CASE-SPECIFIC DISCOVERY

### A.  General Principles

1. **Sole and Exclusive Forum for Conducting Case-Specific Discovery.**  All case-specific discovery in cases currently docketed or that may in the future be docketed in MDL 1431 and all related actions that have been or will be originally filed in or removed to this Court shall occur under the express limitations set forth below and during the time period permitted herein.

2. **Protocols for Case-Specific Fact Depositions.**

   a. Defendants shall be entitled to depose each Plaintiff, his/her healthcare provider(s), and any other person identified by Plaintiff's Fact Sheet or through collection of Plaintiff's records.

   b. Defendants shall be entitled to depose each Plaintiff for up to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing of good cause.  Defendants shall be entitled to depose all other case-specific fact witnesses for up to four (4) hours of actual deposition time, unless Defendants can show a need for additional time to conduct a particular non-party deposition.

   c. Each plaintiff shall be deposed in one of the closest major metropolitan areas in the state, or neighboring state, in which he or she resides.  Deposition sites shall be selected so that the depositions of multiple plaintiffs may be conducted at one

site, but so that Plaintiffs are not required to travel long distances to appear for their depositions.

d. Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

e. If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

**3. Procedure for Serving Notice of Case-Specific Fact Depositions.**

a. **Depositions noticed by a Defendants:** Defendant shall serve notice via email and U.S. Mail on all counsel of record listed in PACER and on the PSC through:

Deanna D. Dailey, Esq. (ddailey@larsonking.com)
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

Returned receipt of email delivery shall be deemed proof of valid service for purposes of the Federal Rules of Civil Procedure.

b. **Depositions noticed by Plaintiffs:** Plaintiff shall serve notice via email and U.S. Mail on each of the following:

Susan A. Weber, Esq. (baycoldeps@sidley.com)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Fred T. Magaziner, Esq. (baycoldep@dechert.com)
DECHERT LLP
Circa Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Deanna D. Dailey, Esq. (ddailey@larsonking.com)
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

      Plaintiff shall also serve notice via email and U.S. Mail on all counsel of record listed in PACER for any defendant other than Bayer or GSK.  Returned receipt of email delivery shall be deemed proof of valid service for purposes of the Federal Rules of Civil Procedure.

**B. <u>Plaintiffs' Preliminary Discovery Obligation</u>**

    **1. Case-Specific Expert Reports on Injury and Causation**.

        a. Plaintiffs who have not previously submitted an expert report pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131 shall identify at least one medical expert attesting that Baycol caused Plaintiff to suffer injuries or damages and serve upon defendants a report using the Stipulated Report Form appended to PTO 131.  Reports shall be due by the following dates:

| | |
|---|---|
| Phase I (D. Minn. Nos. 01-2383 thru 03-1173) | March 3, 2006 |
| Phase II (D. Minn. Nos. 03-1174 thru 03-3743) | June 1, 2006 |
| Phase III (D. Minn. Nos. 03-3744 thru 04-0413) | August 30, 2006 |
| Phase IV (D. Minn. Nos. 04-0414 thru 05-3015) and any later docketed cases | November 28, 2006 |

        b. With respect to Plaintiffs who have not previously submitted an expert report pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131, subject to the procedures set forth in PTO 114 §§ IV-VI, which are incorporated herein by reference, the Court shall dismiss with prejudice the claims of any Plaintiff who fails to comply with § I.B.1.a. of this Order.

        c. With respect to any expert report submitted prior to this Order pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131, Defendants do not stipulate that the report is compliant with Rule 26(a)(2), PTO 114 or PTO 131 and reserve their right to challenge any such report pursuant to the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and case law.

    **2. Supplementation of Plaintiff Fact Sheets.**

    By the deadlines set forth in § I.B.1.a. of this Order, each Plaintiff also shall supplement his or her Plaintiff Fact Sheet to identify any fact witnesses not previously disclosed to Defendants.

**C. <u>Discovery Deadlines</u>**

    **1. Phase I Plaintiffs (D. Minn. Nos. 01-2383 thru 03-1173).**

        a. Immediately:  Defendants may begin noticing depositions.

    b. By March 13, 2006: Depositions of Plaintiffs and other fact witnesses may begin.

    c. (1) Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the name of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information. (2) Within 30 days thereafter, Plaintiffs shall provide Defendants' counsel with notice of any intent to depose any of the disclosed sales representatives. Such notice shall automatically stay the right of Defendants to depose the prescribing physician for an additional 14 days.

    d. By July 31, 2006: Case-specific fact discovery shall be completed, including case-specific fact depositions.

    e. By August 30, 2006: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § 1.B.1. of this Order and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.

    f. By September 29, 2006: Depositions of Plaintiffs' case-specific experts shall be completed.

    g. By October 30, 2006: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.

    h. By November 29, 2006: Depositions of Defendants' case-specific experts shall be completed.

**2. Phase II Plaintiffs (D. Minn. Nos. 03-1174 thru 03-3743).**

    a. On July 31, 2006: Defendants may begin noticing depositions.

    b. By August 30, 2006: Depositions of Plaintiffs and other fact witnesses may begin.

    c. By January 29, 2007: Case-specific fact discovery shall be completed, including case-specific fact depositions.

    d. (1) Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the name of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information. (2) Within 30 days thereafter, Plaintiffs shall provide Defendants' counsel with notice of any intent to depose any of the disclosed sales representatives. Such notice shall automatically stay the right of Defendants to depose the prescribing physician for an additional 14 days.

    e. By February 28, 2007: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § 1.B.1. of this Order, and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.

    f. By March 30, 2007: Depositions of Plaintiffs' case-specific experts shall be completed.

    g. By April 30, 2007: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.

    h. By May 30, 2007: Depositions of Defendants' case-specific experts shall be completed.

3. **Phase III Plaintiffs (D. Minn. Nos. 03-3744 thru 04-0413) and Phase IV Plaintiffs (D. Minn. Nos. 04-0414 thru 05-3015 and any later docketed cases).**

Discovery deadlines for these cases will be set by the Court at a future date, based on experience in managing Phase I and Phase II discovery.

**D. Extensions**

If a Phase I, II or III Plaintiff resides in one of the counties or parishes impacted by Hurricane Katrina or Hurricane Rita, Plaintiff's counsel may submit, within 30 days of entry of this Order, an e-mail to [Chambers Email Box, davis_chambers@mnd.uscourts.gov], with copies to the PSC [Richard Lockridge, ralockridge@locklaw.com] and Defendants [James Mizgala, jmizgala@sidley.com], requesting that such Plaintiff be grouped in Phase IV. Provided that Plaintiff's counsel submits proof of the last known address for Plaintiff, such address is located within one of the counties or parishes impacted by Hurricane Katrina or Rita (as listed in PTO 141), and Plaintiff's counsel attests that s/he has been unable to reach Plaintiff since Hurricane Katrina or Rita occurred, such Plaintiff will be moved to Phase IV. No further extensions will be granted except on a showing of extraordinary circumstances by the Plaintiff.

E. **Service of Case-Specific Rule 26(a)(2) Disclosures**

Consistent with § 4 of PTO 12, case-specific Stipulated Form Reports and supplementations to the Plaintiff Fact Sheet (*see supra*, § I.B.) and Rule 26(a)(2) disclosures shall be served on Defendants' counsel:

> Susan A. Weber, Esq.
> SIDLEY AUSTIN LLP
> One South Dearborn Street
> Chicago, Illinois 60603

And

> Fred T. Magaziner, Esq.
> DECHERT LLP
> Cira Centre
> 2929 Arch Street
> Philadelphia, PA 19104-2808

Each Plaintiff shall, likewise, serve a copy of his or her case-specific report on:

> Deanna D. Dailey, Esq.
> Larson • King, LLP
> 2800 Wells Fargo Place
> 30 East Seventh Street
> St. Paul, Minnesota 55101

## II. MOTION PRACTICE

A. **Motions Related to Generic Experts**

By March 15, 2006, all remaining depositions of generic experts shall be completed. Briefing of *Daubert* and related motions shall proceed on the following schedule:

| | |
|---|---|
| Motions due | April 17, 2006 |
| Oppositions due | May 31, 2006 |
| Replies due | June 21, 2006 |

A hearing date or dates will be set by further order of this Court.

### B. Motions Directed to Multiple Plaintiffs

Nothing in this Order shall prevent the parties from filing any motion directed to multiple Plaintiffs and/or recurring issues. A briefing schedule for any such motions shall be established following the completion of Phase I case-specific discovery.

### C. Case-Specific Motions

Nothing in this Order shall prevent the parties from filing any case-specific motions, including but not limited to motions seeking remedies or sanctions against any Plaintiff for failure to serve discovery that complies with PTO 81 or disclosures that comply with Rule 26(a)(2), or dispositive motions, on a case-by-case basis.

## III. VOLUNTARY DISMISSALS

Any Plaintiff who seeks to dismiss his/her claims voluntarily following entry of this Order, and who previously has complied with PTO 81, must dismiss such claims with prejudice.

## IV. MEDIATION

All rhabdomyolysis cases shall be subject to mediation before remand. Counsel representing a Plaintiff with a rhabdomyolysis claim shall inform the PSC when counsel believes that case-specific discovery is completed. The PSC and Defendants shall meet and confer periodically to develop stipulated lists of claims that are ready to be referred to mediation pursuant to PTO 59 § 6. Such lists shall be submitted to the Court, after which time dates for mediation will be set.

## V. AUTHENTICATION

The Plaintiffs' Steering Committee shall submit to Defendants on or before April 3, 2006, a list of documents, by production number, that the PSC anticipates will be used in cases set for trial after remand. By June 30, Defendants shall provide the PSC with stipulations identifying those documents as to which authentication will not be disputed.

## VI. ROLLING REMAND OF CASES

No case shall be eligible for remand to its transferor court unless:

- Plaintiff's Fact Sheet is substantially complete and all identified deficiencies have been corrected;
- Plaintiff has executed all appropriate authorizations, including HIPAA-compliant authorizations, as requested by defendants;
- Case-specific fact and expert discovery has been completed;
- The Court has ruled upon *Daubert* motions directed to generic experts and any additional pending motions affecting the case; and

7

- For a rhabdomyolysis case, mediation has been conducted pursuant to § IV, *supra*, and PTO 59.

Schedules and procedures for designation of cases eligible for remand, on a rolling basis, shall be established by further order of the Court.

February _____, 2006

                                            Honorable Michael J. Davis
                                            United States District Judge

CH1 3412195v.4