UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION          MDL No. 1431
                                                                                (MJD/JGL)

This Document Relates to All Action          Pretrial Order No. 89

_____

       At the July Status Conference, the parties were asked to meet and confer and agree to a plan for the management of discovery, the selection of cases for trial, and pretrial procedures. An agreement was placed on the record during the Status Conference. In an attempt to place this agreement in a written order, the parties now disagree as to its terms. As the parties have not agreed to a stipulated plan, the Court establishes the following trial program.

       IT IS HEREBY ORDERED:

       1. Cases for this program will include all cases filed in the District of Minnesota involving a Minnesota resident plaintiff plus a minimum of 200 additional cases selected at random from all MDL filed cases (collectively, "Program Cases). This Court will determine the total number of cases selected and the random selection methodology and promptly provide the case names to the PSC, Bayer, and GSK.

       2. No later than two days before the September 2003 Status Conference, the PSC shall review all Program Cases and advise this Court, Bayer, and GSK which Program Cases the PSC determines warrant discovery for the purpose of trial ("Eligible Cases"). All other Program Cases will be dismissed unless a plaintiff establishes just cause for the continuation of a case. Each Eligible Case must include a completed Plaintiff Fact Sheet.

The PSC shall provide Special Master Haydock on August 4, 2003, August 22, 2003, and September 8, 2003 a report of its selection process.

3. At the September 2003 Status Conference, the PSC and Bayer shall meet with Special Master Haydock and mutually agree on:

   A.  Eligible Cases that may be tried; and

   B.  A Discovery Plan for the Eligible Cases, to be completed within a few months, to include: the disclosure of relevant plaintiff medical records, the taking of plaintiff depositions, and the disclosure of medical reports and/or the taking of depositions of treating and prescribing physicians.

If the parties are unable to agree, this Court shall determine the Eligible Cases and/or establish a Discovery Plan.

4. Upon completion of this initial Discovery Plan, the PSC, Bayer, and GSK shall meet with Special Master Haydock and agree on:

   A.  Cases to be included in a Pretrial Plan (collectively, "Pretrial Cases"); and

   B.  A Pretrial Plan, to be completed within a few months, to include the exchange of expert reports, the taking of expert depositions, the filing of dispositive motions, other relevant procedures, and trial dates. This Pretrial Plan anticipates trial dates to be scheduled during Spring 2003. If the parties are unable to agree, this Court shall issue a Pretrial Plan.

5. The parties will defer pending motions before this Court including:

   A.  Defendants' Motion to Transfer Venue;

   B.  PSC & Weitz Motions for Protective Orders and Bayer's Cross Motion to Compel Weitz to Present Plaintiffs for Depositions;

   C.  Defendants' Motion To Establish Pilot Program for Case-Specific Expert Discovery; and

     D.  Plaintiffs' Motion to Stay Disclosure of Generic Experts.

 No party, in deferring these motions, waives any grounds in support of objections to these motions.

 6. Bayer will not notice depositions of individual plaintiffs in MDL cases except as provided for in this Order.

 7. All obligations of all Plaintiffs to complete Plaintiff Fact Sheets, as set forth in prior Orders of this Court, remain in full force and effect.

 8. This Order does not determine what types of cases shall be tried before this Court, or whether cases will be consolidated for trial, or how such cases will be tried.

Date:

              _____
              Michael J. Davis
              United States District Court