IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | MDL Docket No.: 1657 |
| | Section L |
| Vioxx Products Liability Litigation | Judge Fallon |
| | Magistrate Judge Knowles |

This document relates to:

*Donald Patterson v. Merck & Co., Inc.*
Case No.: 06-cv-08319-EEF-DEK

**MOTION FOR SUBSTITUTION OF PARTIES
AND FOR LEAVE TO AMEND COMPLAINT**

Bonnie S. Patterson, individually, and as Personal Representative of the Estate of Donald Patterson, Matthew P. Patterson, individually, and James M. Patterson, individually ("Plaintiffs"), by and through the undersigned counsel, hereby state as follows:

### I.  MOTION FOR SUBSTITUTION OF PARTIES

1. On August 28, 2007, Plaintiffs filed a Suggestion of Death notifying the Court and Defendant Merck & Co., Inc. ("Merck") that Donald Patterson ("Decedent"), the current Plaintiff, died on July 31, 2007 at a time between 1:00a.m and 3:00a.m.

2. Decedent is survived by his wife, Bonnie Patterson ("Mrs. Patterson"), and his two sons, Matthew and James Patterson.

3. On August 16, 2007, an estate was set up in the probate court of the Jefferson County District Court, Case No.: 2007PR0828.  The Personal Representative is Mrs. Patterson.

1

4. Decedent's estate, including the interest in the estates claims against Defendant Merck, has not been distributed. Therefore, Mrs. Patterson is the proper personal representative to represent the estates claims against Defendant Merck.

5. Pursuant to Fed.R.Civ.P. 25(a)(1), this Court is authorized to order the substitution of proper parties. A motion for substitution must be made within ninety (90) days of the service of a Suggestion of Death, or the action is to be dismissed as to the deceased person. This Motion for Substitution of Parties has been filed within the permissible time frame.

6. "[I]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). The executor, administrator, or distributor of the deceased estate is the only party who may properly qualify as personal representative unless the assets of the estate have been distributed; then the proper party would be the successor of the estate. *See*, *e.g.*, *Roberson v. Wood*, 500 F. Supp. 854, 859 (S. D. III. 1980). Fed. R. Civ. P. 25(a).

7. Here, Mrs. Patterson is the proper party to prosecute the estates claims against Defendant Merck and as the assets of the estate have not been distributed.

## II.  MOTION FOR LEAVE TO AMEND COMPLAINT

8. Decedent originally filed his Complaint, Case No. 06-cv-01679, in U.S. District Court for the District of Colorado on August 23, 2006, well within the applicable statute of limitations.

9. Decedent's case was then transferred to the multidistrict litigation action ("MDL") pending before Honorable Judge Eldon E. Fallon in the U.S. District Court Eastern District of Louisiana, MDL No. 1657.

10. Decedent's death occurred on July 31, 2007 almost a year after suit had been filed.

11. "When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured." C.R.S. § 13-21-202.

12. Decedent's death has created an action pursuant to C.R.S. § 13-21-202 in favor of Decedent's spouse and heirs. C.R.S. § 13-21-201.

13. Therefore, movants respectfully request that the Court grant leave to file the attached Amended Complaint (*see* Exhibit A) to allow movants to pursue a wrongful death action against Defendant Merck and to allow Mrs. Patterson to pursue the Decedent's claims against Merck as the personal representative of the estate.

Respectfully submitted this 29th day of October 2007.

*s/ Robert D. Erben*
Robert D. Erben, Esq.
MORIARTY LEYENDECKER ERBEN PC
1123 Spruce Street, Suite 200
Boulder, CO 80302
(303) 495-2658 Tel
(713) 528-1390 Fax
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify on the 29th of October 2007 that a true and correct copy of the above and foregoing MOTION FOR SUBSTITUTION OF PARTIES AND FOR LEAVE TO FILE AMENDED COMPLAINT was filed wth the Court by CM/ECF and served by LexisNexis to the following named persons:

| | |
|---|---|
| John N. Poulos, Esq.<br>Hughes Hubbard & Reed, LLP<br>101 Hudson Street, Suite 3601<br>Jersey City, NJ 07302-3910 | *Out-of-State Attorney for Defendant* |
| Andrew H. Myers, Esq.<br>Wheeler, Trigg, Kennedy LLP<br>1801 California Street, Suite 3600<br>Denver, CO 80202 | *Resident Attorney for Defendant* |
| Phillip A. Wittman, Esq.<br>Stone Pigman Walther Wittman, LLC<br>546 Carondelet Street<br>New Orleans, LA 70130 | *Defendant's Liason Counsel* |
| Russ M. Herman, Esq.<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70113 | *Plaintiff's Liason Counsel* |

                                                */s/ Christina J. Kim*
                                                Christina J. Kim, Paralegal
                                                MORIARTY LEYENDECKER ERBEN PC