# EXHIBIT  43

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

WILLIAM DAVID LOUGH, Individually,
JOYCE MARIE SMITH, Individually, and
FLOYD D. CHAPLIN, Individually,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.                                Civil Action No. 05-C-_____

MERCK & CO., INC., a foreign corporation;
RITE AID OF WEST VIRGINIA, INC.,
a West Virginia corporation; and
DISCOUNT EMPORIUM, INC., *d/b/a*
DRUG EMPORIUM, a West Virginia corporation,

        Defendants.

## COMPLAINT

1.     This Court has venue and jurisdiction over this action.

2.     This Court has subject matter jurisdiction over the claims set forth in this

Complaint as the claims do not arise out of federal law. The plaintiffs and the class they

seek to represent (hereinafter referred to collectively as "plaintiffs") seek no relief under

any federal laws or regulations, assert no federal claims, and withdraw any asserted

state claim that is preempted by federal law. The claims herein are brought solely

under state common and state statutory law. Any and all claims or possible claims

under any federal law, code, regulation, rule, and/or otherwise are expressly not

brought herein and disclaimed. The United States District Court does not have diversity

jurisdiction over this case as complete diversity of citizenship is lacking.

3.     This action is brought for individual claims and pursuant to West Virginia

Rules of Civil Procedure 23, as a class action on behalf of the named plaintiffs and on

M003321478

behalf of all West Virginia residents who have ingested Vioxx® (hereinafter referred to as "drug"), in West Virginia, as a result of any acts or omissions of defendant, its agents, servants, employees, co-conspirators and/or joint venturers or any member of a class of defendants as hereinafter alleged.

4.      Defendant, Merck & Co., Inc. (hereinafter referred to as "Merck," whether acting by and through its agents, servants, employees, co-conspirators, joint venturers and/or subsidiaries), is a foreign corporation with its principal place of business in Whitehouse Station, New Jersey.  At all relevant times herein, Merck was and is in the business of developing, designing, conceiving, formulating, manufacturing, packaging, labeling, marketing, advertising, distributing and selling drugs, including, but not limited to, Vioxx® in the United States, including the State of West Virginia, for consumption and ingestion by citizens and residents of this state, including Kanawha County, West Virginia.

5.      Plaintiffs are all residents of West Virginia, who purchased and ingested Vioxx®, which was conceived, designed, developed, formulated, manufactured, packaged, labeled, marketed, advertised, sold and placed in the stream of commerce to persons, firms and corporations for resale to plaintiffs and for direct sale to plaintiffs as hereinafter alleged.

6.      Defendant pharmacies named below distributed and/or sold the drugs to residents of West Virginia, which said pharmacies (hereinafter referred to as "Pharmacies") distributed and/or sold the drug to residents of the State of West Virginia, including the named plaintiffs:

M003321479

        a.      Rite Aid of West Virginia, Inc., a West Virginia corporation, to plaintiff William David Lough and Floyd D. Chaplin; and

        b.      Discount Emporium, Inc., d/b/a Drug Emporium, a West Virginia corporation to plaintiff Joyce Marie Smith.

7.     At all times complained of herein, defendants were acting for and on their own behalf and as agents, ostensible agents, servants and/or employees, one of the other, in the course and scope of their employment, agency and/or ostensible agency.

8.     At all times complained of herein, defendants were acting as conspirators, one of the other, and with unnamed persons, firms and corporations in common goals, schemes and designs for the goals and purposes as herein alleged and complained of.

9.     At all times complained of herein, defendants entered into a joint venture, one with the other, and with unnamed persons, firms and corporations for the goals and purposes as herein alleged and complained of.

10.     The "drug" contained toxins and when taken by human beings had a deleterious effect on the health of human beings, including damaging their heart, damaging their kidneys, causing stroke, and other related and unrelated damages, both temporary and permanent, and the drugs were unreasonably dangerous.

11.     The defendants knew or should have known that the drug was dangerous and defective and that their acts and/or omissions would cause injury and damage to persons who ingested them, including your plaintiffs and the class that they seek to represent.

M003321480

12.     Defendant Merck negligently, carelessly, knowingly, recklessly, wrongfully and intentionally designed, formulated, tested, manufactured, labeled, distributed, advertised, marketed, prescribed and placed the drug in the stream of commerce for sale in the United States, including the State of West Virginia, and sold the drug to West Virginia residents, including your plaintiffs and the class that they seek to represent.

13.     The Pharmacies negligently, carelessly, knowingly, wrongfully, recklessly and intentionally purchased, offered for sale, advertised, distributed and/or sold the drug to citizens of West Virginia, including plaintiffs and the class which plaintiffs seek to represent, and violated West Virginia Code, §30-5-18.

14.     Defendant Merck, acting individually and in concert as alleged above, set about to and did advertise, market and directly and indirectly caused to be ingested by plaintiffs the drug, which said use was dangerous, untested and unapproved.

15.     Defendant Merck knew or should have known of the dangers of the drug and owed a duty to provide information to the public, physicians, clinics, pharmacies and others of the dangers of the product and the proper and appropriate warnings which would clearly advise physicians, clinics and the public of the dangers of the use of said drug and the effectiveness of said drug.

16.     Defendant Merck intentionally, knowingly, recklessly and negligently failed and refused to advise clinics, physicians, the public or others of the aforesaid dangers of the product and of the effectiveness of said drug.

M003321481

17.   Defendant Merck set about to and did encourage and enlist physicians and others to advertise, market, promote, prescribe and sell the drug to plaintiffs and to mislead plaintiffs and the class to purchase and ingest the drug and, in so doing, said physicians and clinics were acting as the drug manufacturer's agents, ostensible agents, servants, employees, conspirators and/or joint venturers.

18.   Defendant Merck negligently, knowingly, recklessly and intentionally failed and refused to use due care in conceiving, designing, researching, testing, formulating, packaging, advertising, marketing, selling, prescribing and placing the drug in the stream of commerce.

19.   Defendant Merck negligently, knowingly, recklessly and intentionally failed and refused to properly supervise, instruct and inform by warnings, instructions, training and publication the dangers associated with the use of the drug and of the short term and the long term periodic diagnostic medical examinations reasonably necessary for persons who had ingested the drug.

20.   Defendant Merck negligently, knowingly, recklessly and intentionally withheld information from the public, physicians, pharmacies, clinics, the medical community, and others who had a right to know, of information which would have prevented the plaintiffs from being exposed to said drug.

21.   Defendant Merck negligently, knowingly, recklessly and intentionally encouraged the widespread use of the drug which defendant knew or should have known would reasonably harm plaintiffs and others similarly situated.

M003321482

22.     Defendant Merck set about intentionally and knowingly, by acts and omissions, in the manner aforesaid to withhold information from the public, physicians and others who had a right to know, including plaintiffs, information which described the true dangers associated with the use of the drug for the sole and exclusive reason that defendant wished to make a profit from the distribution and sale of said drug.

23.     Plaintiffs, and each of them, did not have sufficient information to determine the safety of the drug and, therefore, relied upon the superior knowledge of defendant in deciding to purchase the drug, and, as a result of the reliance on defendant's false and misleading affirmative misrepresentations and intentional omissions and hiding of relevant, significant and material facts and information, plaintiffs and others were misled into believing the drug was safe and effective for use in the manner prescribed and/or taken.

24.     Defendant Merck withheld information which it had in its possession concerning research, testing, lack of research and testing, studies of humans who had taken the drug and who had been given the drug, which demonstrated that the drug causes damage to human's, heart and kidneys, as well as other information which medically, legally, scientifically and ethically plaintiffs had a right to know before ingesting and which defendant had a duty under the law of West Virginia to disclose.

M003321483

25.     Defendant Pharmacies knew or should have known that Vioxx® was a dangerous drug and that they should warn their customers of the potential harmful effects thereof.

26.     Defendant Pharmacies, knowing the harmful effects, failed and refused to provide warnings to your plaintiffs of the dangers to plaintiffs of ingesting the drug Vioxx®.

27.     Defendant Merck provided false and misleading information concerning its product in that it provided only partial information concerning ill effects of the drug when it knew or should have known and had a duty to know and inform of other dangers associated with the use of the drug.

28.     The defendants' failure to inform plaintiffs and others of all of said information misled plaintiffs and others into believing it was safe and effective to ingest the drug.

29.     Medical care and treatment are available which, if utilized, can detect the latent illness or disease, including heart damage, kidney damage, and other related diseases and illnesses and, therefore, early detection of the disease and/or illness are possible and beneficial to plaintiffs and to all those persons who ingested the drug; however, defendant fails and refuses to pay for same.

30.     As a proximate result of the aforesaid acts and conduct by all defendants, acting for and on their own behalves and as agents, ostensible agents, employees, conspirators and joint venturers of others, including the other defendants named herein, the drug was placed into the stream of commerce, distributed and sold and

M003321484

ingested by plaintiffs and the class which plaintiffs seek to represent, and plaintiffs were damaged as hereinafter alleged.

## COUNT I

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

31.     The defendant Merck is a manufacturer and/or supplier and/or distributor of Vioxx®, and defendant Pharmacies are distributors thereof.

32.     The aforesaid acts and conduct of defendant in the manner as alleged above were negligent and as a proximate result your plaintiffs and the class have suffered and will in the future suffer some or all of the following damages:

a.     Medical and hospital bills for diagnostic and preventative treatment and for treatment of injuries;

b.     Physical injury, both temporary and permanent;

c.     Severe and significant emotional distress, and mental pain and suffering;

d.     Humiliation, embarrassment and fear;

e.     Loss of enjoyment of life;

f.     Loss of income, past and present;

g.     Disability;

h.     Disfigurement;

i.     Expenses reasonably necessary for the monitoring of the diseases associated with ingestion of the drug;

M003321485

j.      Annoyance and inconvenience; and/or

k.      Other damages, which, under the law and circumstances, plaintiffs are entitled to, including attorney fees and costs associated with prosecution of this case.

33.     In addition to the damages above, the personal representatives of those persons who have died as a proximate result of ingestion of the drug have incurred the following damages:

a.      Severe and great sorrow, mental anguish and solace, society, companionship, comfort, guidance, kindly offices and advice of the decedent;

b.      Loss of income of the decedent, services, protection, care and assistance provided by the decedent;

c.      Expenses for the care, treatment and hospitalization of the decedent incident to this injury;

d.      Reasonable funeral expenses;

e.      The damages suffered by the deceased prior to death; and

f.      Emotional distress and loss of consortium and society.

34.     In addition, the acts and conduct of defendant as alleged above entitles plaintiffs and/or their personal representatives to punitive damages, both individually and as a class as herein alleged.

M003321486

## COUNT II

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

35.    Defendant Merck is the manufacturer and/or supplier and/or distributor of Vioxx®.

36.    Defendant Pharmacies distributed and sold said drug to West Virginians and distributed and sold same to plaintiffs.

37.    The acts and conduct of defendant as alleged above were intentional, knowing, reckless and wrongful and, as a proximate result, your plaintiffs ingested the drug and were exposed to harmful toxins.

38.    The defendant intentionally inflicted emotional distress on plaintiffs and the class they seek to represent.

39.    The acts and conduct of defendant were outrageous in that they offended the generally accepted standards of decency and morality of the community.

40.    As a proximate result of defendant's acts and omissions, your plaintiffs and the class have suffered and are suffering severe emotional distress and were otherwise damaged as alleged above.

## COUNT III

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

M003321487

41.    The defendant Merck is the manufacturer and distributor of a drug which was unreasonably dangerous and defective and which was placed in the stream of commerce by defendant.

42.    Defendant Pharmacies distributed and sold said drug to West Virginians and distributed and sold same to plaintiffs.

43.    The aforesaid drug was defective in that it was not properly conceived, designed, formulated, tested, researched, studied, packaged, distributed and sold and it was not accompanied by proper warnings and instructions, and defendant is strictly liable to plaintiffs for their damages.

44.    The product was defective in that when it was placed in the stream of commerce:  (a) the foreseeable risks exceeded the benefits associated with the design or formulation, and/or (b) it was more dangerous than the ordinary consumer, including plaintiffs, would expect and more dangerous than other products marketed for the same purposes, and/or (c) the product did not have sufficient warnings or instructions in light of the dangers associated with the use of the drug, and/or (d) the drug was inadequately tested, and/or (e) for all the reasons alleged above and defendant is strictly liable to the plaintiffs for their damages.

45.    As a proximate result of the product defect, plaintiffs and the class were damaged as alleged above.

## COUNT IV

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

M00332148B

46.     Defendants expressly warranted that Vioxx® was safe for the uses intended, including the doses and manner of taking, and that the drug's effect in pain management had been properly studied and proven.

47.     Vioxx® does not conform to these express representations because Vioxx® is not safe and has high levels of serious side effects, including life threatening side effects, as taken in the manner as advertised, marketed, and approved by defendants and is not effective as represented and defendants breached the express warranties.

48.     As a proximate result of the breach of said warranties, plaintiffs and the class suffered and will continue to suffer injury, harm and economic loss as alleged above.

## COUNT V

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

49.     At the time defendants marketed, sold, and distributed Vioxx® for use by plaintiffs, defendants knew of the use for which said drug was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

50.     Contrary to such implied warranty, Vioxx® was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above and defendants breached the implied warranties.

M003321489

51.    As a direct and proximate result of the breach of implied warranty, plaintiffs and the class suffered and will continue to suffer injury, harm and economic loss as alleged above.

## COUNT VI

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

52.    Defendants published, disseminated and/or circulated oral and written information and matter, including labeling, which tended to and/or did induce, directly and indirectly, West Virginia residents, including your plaintiffs, to enter into contracts and agreements to purchase the drug, and to in fact purchase the drug which said publications were such that misled and/or were calculated to mislead consumers in West Virginia.

53.    Defendants, acting as aforesaid, directly or by agents, servants, employees, conspirators and/or joint venturers, set about to sell, offer for sale, and attempt to sell, in West Virginia, for cash or credit the aforesaid drug and for services associated with said drug.

54.    That the defendants, acting as aforesaid, set about to and did engage in unfair methods of competition and unfair or deceptive practices as set forth in West Virginia Code, § 46A-6-102(f), including but not limited to:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby;

M003321490

Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods . . . which is false, misleading, or deceptive, or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive;

Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

55.     That the acts and conduct above violated West Virginia Code, Chapter 46A, Article 6, Section 101, *et seq.* in that defendant withheld information about the deleterious effects of the drug with the intent that plaintiffs and the class would purchase the drug when defendants knew if the truth were published or provided to plaintiffs that they would not purchase the drug and for the other reasons alleged above.

56.     As a proximate result of the violation by defendants of the aforesaid statute your plaintiffs and the class suffered an ascertainable loss of money or property and plaintiffs are entitled to recover damages all as provided in West Virginia Code, § 46A-6-106.

## COUNT VII

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

57.     Defendants, by acts and omissions, misrepresented the safety and effectiveness of the aforesaid drug, which acts and omissions were fraudulent, all as alleged above.

M003321491

58.     Plaintiffs and the class relied on the defendants' acts and omissions, purchased the drug, and were damaged as alleged above.

## COUNT VIII

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

59.     The acts and conduct of defendants caused the plaintiffs and approximately 30,000 West Virginians to ingest and become exposed to the drug.

60.     Plaintiffs were exposed to a significant amount of the drug as a proximate result of the negligent and intentional acts and omissions of defendants.

61.     The drug has been proven to be a hazardous substance through the negligent actions of defendants.

62.     As a proximate result of the aforesaid exposure, plaintiffs suffer a significantly increased risk of contracting a serious latent disease.

63.     That as a result of the aforesaid exposure to the drug, plaintiffs have been subjected to an increased risk where the need for medical and diagnostic examinations are required, recommended and supported by competent, reliable, medical experts and which is generally accepted by the medical community.

64.     As a proximate result of the acts and conduct of defendants as alleged above, your plaintiffs and the class have been damaged in that they are required, pursuant to reasonable medical necessity, to undergo medical and diagnostic testing which otherwise they would not be required to undergo and to incur medical expenses that they otherwise would not be required to expend.

M003321492

65.    Further, as a proximate result of the acts and omissions of defendants as alleged above, your plaintiffs and the class have been greatly annoyed and inconvenienced, have suffered emotional distress as a result of having to undergo the tests and examinations, have undergone fear, humiliation, and embarrassment, and have been otherwise damaged as alleged above.

66.    Plaintiffs and the class have no adequate remedy at law and, therefore, medical monitoring and the establishment of a medical monitoring fund to pay for said monitoring, to a reasonable degree of medical probability, may prevent injury or death by notification of patients of the dangers and the proper procedures for monitoring, paying for the monitoring and other relief as the court deems appropriate, all of which is a proximate result of defendants' intentional, fraudulent and negligent misconduct as alleged above.

## COUNT IX

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further complain and say as follows:

67.    The actions of the defendants named in this "Complaint," as set forth hereinabove, were done intentionally and/or with a reckless disregard for the rights of the plaintiffs and others, including the entire class, entitling the plaintiffs and the class to punitive damages for all causes of action alleged herein.

## COUNT XII

Plaintiffs re-allege each and every allegation above and further complain and say as follows:

M003321493

68.     This civil action is an appropriate case to be brought and prosecuted as a class action by plaintiffs against defendants and certain classes of defendants pursuant to West Virginia Rules of Civil Procedure 23.

69.     There exists a class of individuals who took the drug subject in this complaint as a result of the acts and conduct of defendants as complained of above. This class includes all persons who ingested the drug and who are residents of West Virginia.

70.     The claims of plaintiffs are typical of the claims of the class and the plaintiffs will fairly and adequately protect the interests of the class with respect to the appropriate common issues of fact and law and have hired counsel competent to prosecute said action for and on behalf of the plaintiffs and the class.

71.     The prosecution of this civil action by all plaintiffs in separate actions would create a risk of varying adjudications with respect to individual members of the class, could be dispositive of interests of other members of the class not parties and/or they may impair or impede their ability to protect their interests and/or the defendants have acted or refused to act on grounds generally applicable to the class making declaratory or injunctive relief appropriate for the whole class.

72.     The class includes approximately thousands of West Virginia citizens and is therefore so numerous that joinder of all members is impracticable.

73.     There are questions of law and facts common to the class, including, but not limited to, the following:

M003321494

a. Whether the defendants violated the West Virginia Consumer Protection Act, W.Va. Code, § 46A-6-101 *et seq.*, and whether defendants are liable to plaintiffs and the class as a consequence.

b. Whether the drug, based on the above allegations, was and is defective and whether the defendants are strictly liable to plaintiffs and the class.

c. Whether the plaintiffs and class may be entitled to medical monitoring damages.

d. Whether the defendants are liable to plaintiffs and the class for punitive damages and the amount thereof.

e. Such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

74. The interest of members of the class, as to common questions of law and fact, in individually controlling the prosecution of separate actions do not outweigh the benefits of a class action as to those issues.

75. The difficulties in management of this case as a class action are outweighed by the benefits it has with respect to disposing of common issues of law and fact as to the large number of litigants, and it is desirable to concentrate the litigation in one forum for the management of this civil action due to the number of cases filed and pending and to be filed.

M003321495

76.     The questions of law and facts common to the members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this civil action.

77.     The individually named plaintiffs are members of the class they seek to represent. The members of the class are so numerous that joinder is impracticable and would involve thousands of litigants, and the class in all other ways are similarly situated as required under Rule 23 of the West Virginia Rules of Civil Procedure and complies with the requirements thereof.

## PRAYER

WHEREFORE, your plaintiffs and the class they seek to represent demand that they be awarded damages and equitable and affirmative relief as follows:

1.     Compensatory damages and punitive damages in an amount to be determined by the Court and jury; and

2.     Damages as provided for under and pursuant to W.Va. Code, § 46A-101 *et seq.*, including compensatory and punitive damages and equitable and injunctive relief; and

3.     An amount for medical monitoring expenses as determined by the Court or a jury; and

4.     The costs and disbursements of this action, including attorney fees; and

5.     Pre-judgment and post-judgment interest; and

6.     Equitable and injunctive relief for providing notice and medical monitoring relief to plaintiffs and the class; and

M003321496

7.      That the Court find that this is an appropriate action to be prosecuted as a class action pursuant to West Virginia Rules of Civil Procedure 23, and that the Court find that plaintiffs, and their counsel, are appropriate representatives and appropriate counsel for the class and that this action shall proceed as a class action on the common issues of law and fact, all as this Court deems just and proper; and

8.      That the Court find defendants liable pursuant to market share, shared risk and alternative shared liability for those plaintiffs who cannot identify the manufacturer of the drug ingested or all of the manufacturers of said drug; and

9.      For such other further and general relief, compensatory, punitive, equitable or injunctive, as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

> WILLIAM DAVID LOUGH, Individually,
> JOYCE MARIE SMITH, Individually, and
> FLOYD D. CHAPLIN, Individually
> on behalf of themselves and all others
> similarly situated
>
> By Counsel
>
> _____
> Carl N. Frankovitch
> West Virginia Bar No. 4746
> Mark A. Colantonio
> West Virginia Bar No. 4238
> Michael G. Simon
> West Virginia Bar No. 5551
> Frankovitch, Anetakis, Colantonio & Simon
> 337 Penco Road
> Weirton, West Virginia 26062-3828
> (304) 723-4400

M003321497

Marvin W. Masters
West Virginia Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106

Scott S. Segal
West Virginia Bar No. 4717
The Segal Law Firm
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
(304) 344-9100

## SUMMONS

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

WILLIAM DAVID LOUGH, Individually,
JOYCE MARIE SMITH, Individually, and
FLOYD D. CHAPLIN, Individually
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.                                              Civil Action No. 05-C-

MERCK & CO., INC., a foreign corporation; .................Merck & Co., Inc.
RITE AID OF WEST VIRGINIA, INC.,            Corporate Headquarters
a West Virginia corporation; and            One Merck Drive
DISCOUNT EMPORIUM, INC., d/b/a              Post Office Box 300
DRUG EMPORIUM, a West Virginia corporation, Whitehouse Station, NJ 08889-0100

                Defendants.

To the above-named Defendant: MERCK & CO., INC.

        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and

required to serve upon plaintiff's attorney, Marvin W. Masters, whose address is The Masters

Law Firm lc, 181 Summers Street, Charleston, West Virginia, 25301, an Answer including any

related Counterclaim you may have to the Complaint, Interrogatories and Request for

Production of Documents filed against you in the above styled civil action, a true copy of

which is herewith delivered to you. You are required to serve your Answer within 30 days

after service of this Summons upon you, exclusive of the day of service. If you fail to do so,

M003321499

# EXHIBIT  44

897029v.1

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

2005 JUL 26  PM 3: 04

MILTON McCRACKEN, Individually,
on behalf of himself and all others
similarly situated,

                  Plaintiffs,

v.                                               Civil Action No. 05-C-_____

MERCK & CO., INC., a foreign corporation;

                  Defendant.

## COMPLAINT

1.     This Court has venue and jurisdiction over this action.

2.     This Court has subject matter jurisdiction over the claims set forth in this Complaint.

3.     This action is brought for individual claims and pursuant to West Virginia Rules of Civil Procedure 23, as a class action on behalf of the named plaintiff and on behalf of all West Virginia residents who have ingested Vioxx® (hereinafter referred to as "drug"), in West Virginia, as a result of any acts or omissions of defendant, its agents, servants, employees, co-conspirators and/or joint venturers or any member of a class of defendants as hereinafter alleged.

4.     Defendant, Merck & Co., Inc. (hereinafter referred to as "Merck," whether acting by and through its agents, servants, employees, co-conspirators, joint venturers and/or subsidiaries), is a foreign corporation with its principal place of business in Whitehouse Station, New Jersey. At all relevant times herein, Merck was and is in the business of developing, designing, conceiving, formulating, manufacturing, packaging,

G:\WPDATA\020559\McCracken\COMPLAINT.DOC

M003208462

labeling, marketing, advertising, distributing and selling drugs, including, but not limited to, Vioxx® in the United States, including the State of West Virginia, for consumption and ingestion by citizens and residents of this state, including Kanawha County, West Virginia.

5.     Plaintiffs are all residents of West Virginia, who purchased and ingested Vioxx®, which was conceived, designed, developed, formulated, manufactured, packaged, labeled, marketed, advertised, sold and placed in the stream of commerce to persons, firms and corporations for resale to plaintiffs and for direct sale to plaintiffs as hereinafter alleged.

6.     At all times complained of herein, defendant was acting for and on its own behalf and as agent, ostensible agent, servant and/or employee, one of the other, in the course and scope of its employment, agency and/or ostensible agency.

7.     At all times complained of herein, defendant was acting as conspirator, one of the other, and with unnamed persons, firms and corporations in common goals, schemes and designs for the goals and purposes as herein alleged and complained of.

8.     At all times complained of herein, defendant entered into a joint venture, one with the other, and with unnamed persons, firms and corporations for the goals and purposes as herein alleged and complained of.

9.     The "drug" contained toxins and when taken by human beings had a deleterious effect on the health of human beings, including damaging their heart, damaging their kidneys, causing stroke, and other related and unrelated damages, both temporary and permanent, and the drugs were unreasonably dangerous.

M003208463

10.    The defendant knew or should have known that the drug was dangerous and defective and that its acts and/or omissions would cause injury and damage to persons who ingested them, including your plaintiff and the class that he seeks to represent.

11.    Defendant Merck negligently, carelessly, knowingly, recklessly, wrongfully and intentionally designed, formulated, tested, manufactured, labeled, distributed, advertised, marketed, prescribed and placed the drug in the stream of commerce for sale in the United States, including the State of West Virginia, and sold the drug to West Virginia residents, including your plaintiff and the class that he seeks to represent.

12.    Defendant Merck, acting individually and in concert as alleged above, set about to and did advertise, market and directly and indirectly caused to be ingested by plaintiffs the drug, which said use was dangerous, untested and unapproved.

13.    Defendant Merck knew or should have known of the dangers of the drug and owed a duty to provide information to the public, physicians, clinics, pharmacies and others of the dangers of the product and the proper and appropriate warnings which would clearly advise physicians, clinics and the public of the dangers of the use of said drug and the effectiveness of said drug.

14.    Defendant Merck intentionally, knowingly, recklessly and negligently failed and refused to advise clinics, physicians, the public or others of the aforesaid dangers of the product and of the effectiveness of said drug.

15.    Defendant Merck set about to and did encourage and enlist physicians

M003208464

and others to advertise, market, promote, prescribe and sell the drug to plaintiff and to mislead plaintiff and the class to purchase and ingest the drug and, in so doing, said physicians and clinics were acting as the drug manufacturer's agents, ostensible agents, servants, employees, conspirators and/or joint venturers.

16.     Defendant Merck negligently, knowingly, recklessly and intentionally failed and refused to use due care in conceiving, designing, researching, testing, formulating, packaging, advertising, marketing, selling, prescribing and placing the drug in the stream of commerce.

17.     Defendant Merck negligently, knowingly, recklessly and intentionally failed and refused to properly supervise, instruct and inform by warnings, instructions, training and publication the dangers associated with the use of the drug and of the short term and the long term periodic diagnostic medical examinations reasonably necessary for persons who had ingested the drug.

18.     Defendant Merck negligently, knowingly, recklessly and intentionally withheld information from the public, physicians, pharmacies, clinics, the medical community, and others who had a right to know, of information which would have prevented the plaintiffs from being exposed to said drug.

19.     Defendant Merck negligently, knowingly, recklessly and intentionally encouraged the widespread use of the drug which defendant knew or should have known would reasonably harm plaintiff and others similarly situated.

20.     Defendant Merck set about intentionally and knowingly, by acts and omissions, in the manner aforesaid to withhold information from the public, physicians

M003208465

and others who had a right to know, including plaintiffs, information which described the true dangers associated with the use of the drug for the sole and exclusive reason that defendant wished to make a profit from the distribution and sale of said drug.

21.    Plaintiff did not have sufficient information to determine the safety of the drug and, therefore, relied upon the superior knowledge of defendant in deciding to purchase the drug, and, as a result of the reliance on defendant's false and misleading affirmative misrepresentations and intentional omissions and hiding of relevant, significant and material facts and information, plaintiff and others were misled into believing the drug was safe and effective for use in the manner prescribed and/or taken.

22.    Defendant Merck withheld information which it had in its possession concerning research, testing, lack of research and testing, studies of humans who had taken the drug and who had been given the drug, which demonstrated that the drug causes damage to humans' heart and kidneys, as well as other information which medically, legally, scientifically and ethically plaintiff had a right to know before ingesting and which defendant had a duty under the law of West Virginia to disclose.

23.    Defendant Merck provided false and misleading information concerning its product in that it provided only partial information concerning ill effects of the drug when it knew or should have known and had a duty to know and inform of other dangers associated with the use of the drug.

24.    The defendant's failure to inform plaintiff and others of all of said information misled plaintiff and others into believing it was safe and effective to ingest

the drug.

25.    Medical care and treatment are available which, if utilized, can detect the latent illness or disease, including heart damage, kidney damage, and other related diseases and illnesses and, therefore, early detection of the disease and/or illness are possible and beneficial to plaintiff and to all those persons who ingested the drug; however, defendant fails and refuses to pay for same.

26.    As a proximate result of the aforesaid acts and conduct by the defendant, acting for and on its own behalf and as agent, ostensible agent, employee, conspirator and joint venturer of others, the drug was placed into the stream of commerce, distributed and sold and ingested by plaintiff and the class which plaintiff seeks to represent, and plaintiff was damaged as hereinafter alleged.

## COUNT I

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

27.    The defendant Merck is a manufacturer and/or supplier and/or distributor of Vioxx®.

28.    The aforesaid acts and conduct of defendant in the manner as alleged above were negligent and as a proximate result your plaintiff and the class have suffered and will in the future suffer some or all of the following damages:

  a.    Medical and hospital bills for diagnostic and preventative treatment and for treatment of injuries;

  b.    Physical injury, both temporary and permanent;

M003208467

c.   Severe and significant emotional distress, and mental pain and suffering;

d.   Humiliation, embarrassment and fear;

e.   Loss of enjoyment of life;

f.   Loss of income, past and present;

g.   Disability;

h.   Disfigurement;

i.   Expenses reasonably necessary for the monitoring of the diseases associated with ingestion of the drug;

j.   Annoyance and inconvenience; and/or

k.   Other damages, which, under the law and circumstances, plaintiffs are entitled to, including attorney fees and costs associated with prosecution of this case.

29.   In addition to the damages above, the personal representatives of those persons who have died as a proximate result of ingestion of the drug have incurred the following damages:

a.   Severe and great sorrow, mental anguish and solace, society, companionship, comfort, guidance, kindly offices and advice of the decedent;

b.   Loss of income of the decedent, services, protection, care and assistance provided by the decedent;

c.   Expenses for the care, treatment and hospitalization of the decedent

M003208468

incident to this injury;

d.       Reasonable funeral expenses;

e.       The damages suffered by the deceased prior to death; and

f.       Emotional distress and loss of consortium and society.

30.     In addition, the acts and conduct of defendant as alleged above entitles plaintiff and/or his personal representatives to punitive damages, both individually and as a class as herein alleged.

## COUNT II

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

31.     Defendant Merck is the manufacturer and/or supplier and/or distributor of Vioxx®.

32.     The acts and conduct of defendant as alleged above were intentional, knowing, reckless and wrongful and, as a proximate result, your plaintiffs ingested the drug and were exposed to harmful toxins.

33.     The defendant intentionally inflicted emotional distress on plaintiff and the class he seeks to represent.

34.     The acts and conduct of defendant were outrageous in that they offended the generally accepted standards of decency and morality of the community.

35.     As a proximate result of defendant's acts and omissions, your plaintiff and the class have suffered and are suffering severe emotional distress and were otherwise damaged as alleged above.

## COUNT III

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

36.    The defendant Merck is the manufacturer and distributor of a drug which was unreasonably dangerous and defective and which was placed in the stream of commerce by defendant.

37.    The aforesaid drug was defective in that it was not properly conceived, designed, formulated, tested, researched, studied, packaged, distributed and sold and it was not accompanied by proper warnings and instructions, and defendant is strictly liable to plaintiffs for their damages.

38.    The product was defective in that when it was placed in the stream of commerce: (a) the foreseeable risks exceeded the benefits associated with the design or formulation, and/or (b) it was more dangerous than the ordinary consumer, including plaintiffs, would expect and more dangerous than other products marketed for the same purposes, and/or (c) the product did not have sufficient warnings or instructions in light of the dangers associated with the use of the drug, and/or (d) the drug was inadequately tested, and/or (e) for all the reasons alleged above and defendant is strictly liable to the plaintiffs for their damages.

39.    As a proximate result of the product defect, plaintiff and the class were damaged as alleged above.

## COUNT IV

Plaintiff incorporates all allegations above the same as if fully restated and re-

M003208470

alleged and plaintiff further complains and says as follows:

40.    Defendant expressly warranted that Vioxx® was safe for the uses intended, including the doses and manner of taking, and that the drug's effect in pain management had been properly studied and proven.

41.    Vioxx® does not conform to these express representations because Vioxx® is not safe and has high levels of serious side effects, including life threatening side effects, as taken in the manner as advertised, marketed, and approved by defendant and is not effective as represented and defendant breached the express warranties.

42.    As a proximate result of the breach of said warranties, plaintiff and the class suffered and will continue to suffer injury, harm and economic loss as alleged above.

## COUNT V

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

43.    At the time defendant marketed, sold, and distributed Vioxx® for use by plaintiffs, defendant knew of the use for which said drug was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

44.    Contrary to such implied warranty, Vioxx® was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above and defendant breached the implied warranties.

M00320847I

45.    As a direct and proximate result of the breach of implied warranty, plaintiff and the class suffered and will continue to suffer injury, harm and economic loss as alleged above.

### COUNT VI

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

46.    Defendant published, disseminated and/or circulated oral and written information and matter, including labeling, which tended to and/or did induce, directly and indirectly, West Virginia residents, including your plaintiff, to enter into contracts and agreements to purchase the drug, and to in fact purchase the drug which said publications were such that misled and/or were calculated to mislead consumers in West Virginia.

47.    Defendant, acting as aforesaid, directly or by agents, servants, employees, conspirators and/or joint venturers, set about to sell, offer for sale, and attempt to sell, in West Virginia, for cash or credit the aforesaid drug and for services associated with said drug.

48.    That the defendant, acting as aforesaid, set about to and did engage in unfair methods of competition and unfair or deceptive practices as set forth in West Virginia Code, § 46A-6-102(f), including but not limited to:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby;

M003208472

Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods . . . which is false, misleading, or deceptive, or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive;

Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

49.     That the acts and conduct above violated West Virginia Code, Chapter 46A, Article 6, Section 101, *et seq.* in that defendant withheld information about the deleterious effects of the drug with the intent that plaintiff and the class would purchase the drug when defendant knew if the truth were published or provided to plaintiffs that they would not purchase the drug and for the other reasons alleged above.

50.     As a proximate result of the violation by defendant of the aforesaid statute your plaintiff and the class suffered an ascertainable loss of money or property and plaintiffs are entitled to recover damages all as provided in West Virginia Code, § 46A-6-106.

## COUNT VII

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

51.     Defendant, by acts and omissions, misrepresented the safety and effectiveness of the aforesaid drug, which acts and omissions were fraudulent, all as alleged above.

52.     Plaintiff and the class relied on the defendant's acts and omissions,

M003208473

purchased the drug, and were damaged as alleged above.

## COUNT VIII

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

53.    The acts and conduct of defendant caused the plaintiff and approximately 30,000 West Virginians to ingest and become exposed to the drug.

54.    Plaintiffs were exposed to a significant amount of the drug as a proximate result of the negligent and intentional acts and omissions of defendant.

55.    The drug has been proven to be a hazardous substance through the negligent actions of defendant.

56.    As a proximate result of the aforesaid exposure, plaintiffs suffer a significantly increased risk of contracting a serious latent disease.

57.    That as a result of the aforesaid exposure to the drug, plaintiffs have been subjected to an increased risk where the need for medical and diagnostic examinations are required, recommended and supported by competent, reliable, medical experts and which is generally accepted by the medical community.

58.    As a proximate result of the acts and conduct of defendant as alleged above, your plaintiff and the class have been damaged in that they are required, pursuant to reasonable medical necessity, to undergo medical and diagnostic testing which otherwise they would not be required to undergo and to incur medical expenses that they otherwise would not be required to expend.

59.    Further, as a proximate result of the acts and omissions of defendant as

M003208474

alleged above, your plaintiff and the class have been greatly annoyed and inconvenienced, have suffered emotional distress as a result of having to undergo the tests and examinations, have undergone fear, humiliation, and embarrassment, and have been otherwise damaged as alleged above.

60.    Plaintiff and the class have no adequate remedy at law and, therefore, medical monitoring and the establishment of a medical monitoring fund to pay for said monitoring, to a reasonable degree of medical probability, may prevent injury or death by notification of patients of the dangers and the proper procedures for monitoring, paying for the monitoring and other relief as the court deems appropriate, all of which is a proximate result of defendant'' intentional, fraudulent and negligent misconduct as alleged above.

## COUNT IX

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

61.    The actions of the defendant named in this "Complaint," as set forth hereinabove, were done intentionally and/or with a reckless disregard for the rights of the plaintiff and others, including the entire class, entitling the plaintiff and the class to punitive damages for all causes of action alleged herein.

## COUNT XII

Plaintiff re-allege each and every allegation above and further complains and says as follows:

62.    This civil action is an appropriate case to be brought and prosecuted as a

M003208475

class action by plaintiffs against defendant and certain classes of defendants pursuant to West Virginia Rules of Civil Procedure 23.

63.    There exists a class of individuals who took the drug subject in this complaint as a result of the acts and conduct of defendant as complained of above. This class includes all persons who ingested the drug and who are residents of West Virginia.

64.    The claims of plaintiff are typical of the claims of the class and the plaintiff will fairly and adequately protect the interests of the class with respect to the appropriate common issues of fact and law and have hired counsel competent to prosecute said action for and on behalf of the plaintiff and the class.

65.    The prosecution of this civil action by all plaintiffs in separate actions would create a risk of varying adjudications with respect to individual members of the class, could be dispositive of interests of other members of the class not parties and/or they may impair or impede their ability to protect their interests and/or the defendant has acted or refused to act on grounds generally applicable to the class making declaratory or injunctive relief appropriate for the whole class.

66.    The class includes approximately thousands of West Virginia citizens and is therefore so numerous that joinder of all members is impracticable.

67.    There are questions of law and facts common to the class, including, but not limited to, the following:

a.    Whether the defendant violated the West Virginia Consumer Protection Act, W.Va. Code, § 46A-6-101 *et seq.*, and whether

M003208476

defendant is liable to plaintiff and the class as a consequence.

b.   Whether the drug, based on the above allegations, was and is defective and whether the defendant is strictly liable to plaintiff and the class.

c.   Whether the plaintiff and class may be entitled to medical monitoring damages.

d.   Whether the defendant is liable to plaintiff and the class for punitive damages and the amount thereof.

e.   Such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

68.   The interest of members of the class, as to common questions of law and fact, in individually controlling the prosecution of separate actions do not outweigh the benefits of a class action as to those issues.

69.   The difficulties in management of this case as a class action are outweighed by the benefits it has with respect to disposing of common issues of law and fact as to the large number of litigants, and it is desirable to concentrate the litigation in one forum for the management of this civil action due to the number of cases filed and pending and to be filed.

70.   The questions of law and facts common to the members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this civil action.

71.   The individually named plaintiff is a member of the class he seeks to

M003208477

represent. The members of the class are so numerous that joinder is impracticable and would involve thousands of litigants, and the class in all other ways are similarly situated as required under Rule 23 of the West Virginia Rules of Civil Procedure and complies with the requirements thereof.

<strong><u>PRAYER</u></strong>

WHEREFORE, your plaintiff and the class he seeks to represent demand that they be awarded damages and equitable and affirmative relief as follows:

1. Compensatory damages and punitive damages in an amount to be determined by the Court and jury; and

2. Damages as provided for under and pursuant to W.Va. Code, § 46A-101 *et seq.*, including compensatory and punitive damages and equitable and injunctive relief; and

3. An amount for medical monitoring expenses as determined by the Court or a jury; and

4. The costs and disbursements of this action, including attorney fees; and

5. Pre-judgment and post-judgment interest; and

6. Equitable and injunctive relief for providing notice and medical monitoring relief to plaintiff and the class; and

7. That the Court find that this is an appropriate action to be prosecuted as a class action pursuant to West Virginia Rules of Civil Procedure 23, and that the Court find that plaintiff, and his counsel, are appropriate representatives and appropriate counsel for the class and that this action

shall proceed as a class action on the common issues of law and fact, all as this Court deems just and proper; and

8. That the Court find defendant liable pursuant to market share, shared risk and alternative shared liability for those plaintiffs who cannot identify the manufacturer of the drug ingested or all of the manufacturers of said drug; and

9. For such other further and general relief, compensatory, punitive, equitable or injunctive, as the Court deems just and proper.

### PLAINTIFFS DEMAND A TRIAL BY JURY.

MILTON McCRACKEN, Individually,
on behalf of himself and all others
similarly situated

By Counsel

Carl N. Frankovitch (WV Bar No. 4746)
Mark A. Colantonio (WV Bar No. 4238)
Michael G. Simon (WV Bar No. 5551)
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, West Virginia  26062-3828
(304) 723-4400

Marvin W. Masters (WV Bar No. 2359)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106

Scott S. Segal (WV Bar No. 4717)
The Segal Law Firm
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
(304) 344-9100

Anthony J. Majestro, Esq. (WV Bar No. 5165)
POWELL & MAJESTRO
405 Capitol Street, Suite P-1200
Post Office Box 3081
Charleston, West Virginia  25331

M003208480

## CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**MILTON MCCRACKEN**
### PLAINTIFF

**VS**                                           CIVIL ACTION NO. **05-C-206K**

**MERCK & CO, INC. (CORPORATE HEADQUARTERS)**
**ONE MERCK DRIVE**
**P.O. BOX 1200**
**WHITEHOUSE STATION, NJ   08889-0100**
### DEFENDANT,

**TO THE ABOVE NAMED DEFENDANT:**

**IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby Summoned and

required to serve upon   MARK A. COLANTONIO , plaintiff's attorney whose address is

337 PENCO RD, WEIRTON, WV   26062-3828     , an answer including any related

counterclaim you may have to the complaint filed against you in the above styled civil action, a

true copy of which is herewith delivered to you.  You are required to serve your answer within

30  Days after service of this summons upon you, exclusive of the day of service.  If you fail to

do so,  judgment by default will be taken against you for the relief demanded in the complaint

and you will be thereafter barred from asserting in another action any claim you may have which

must be asserted by counterclaim in the above styled civil action.

Dated     JULY 26, 2005



_____ Clerk

_____ Deputy

M003208481

MEMORANDUM TO CLERK
FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit          CIVIL ACTION NO. 05-C-_____
Court of Marshall County, West Virginia     Case Assigned to: _____

MILTON McCRACKEN, Individually,
on behalf of himself and all others
similarly situated

             Plaintiffs,

v.                                          Days to Answer     Type of Service

MERCK & CO., INC.                    30              Sec. of State
Corporate Headquarters
One Merck Drive
Post Office Box 1200
Whitehouse Station, New Jersey  08889-0100

            Defendant.

Please issue Summons in the above styled action as indicated.

Original and four (4) copies of Complaint furnished herewith.

Date: __7/26/05_____

M00320648Z

Counsel for Plaintiffs:

Carl N. Frankovitch
West Virginia Bar No. 4746
Mark A. Colantonio
West Virginia Bar No. 4238
Michael G. Simon
West Virginia Bar No. 5551
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, West Virginia  26062-3828
(304) 723-4400

Marvin W. Masters
West Virginia Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106

Scott S. Segal
West Virginia Bar No. 4717
The Segal Law Firm
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
(304) 344-9100

M003200483

PLAINTIFF: MILTON McCRACKEN, et al.        CASE NUMBER: 05-C-_____
DEFENDANT:  MERCK & CO., INC.

II.    TYPE OF CASE:

| TORTS | | OTHER CIVIL |
|---|---|---|
| ( ) Asbestos | ( ) Adoption | ( ) Appeal from Magistrate Court |
| ( ) Professional Malpractice | ( ) Contract | ( ) Petition for Modification of Magistrate Sentence |
| ( ) Personal Injury | ( ) Real Property | ( ) Miscellaneous Civil |
| (X) Product Liability | ( ) Mental Health | ( ) Other |
| ( ) Other Tort | ( ) Appeal of Admin. Agency | |

III.    JURY DEMAND: (X) Yes   ( ) No

        DATE CASE READY FOR TRIAL: _____

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE
       REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
       ( ) YES  (X) NO

       IF YES, PLEASE SPECIFY:
       ( )     Wheelchair accessible hearing room and other facilities
       ( )     Interpreter or other auxiliary aid for the hearing impaired
       ( )     Reader or other auxiliary aid for the visually impaired
       ( )     Spokesperson or other auxiliary aid for the speech impaired
       ( )     Other:_____

Attorneys:                                Representing:

Mark A. Colantonio                        (X) Plaintiffs    ( ) Defendants
West Virginia Bar No. 4238                ( ) Cross-Complainant
Frankovitch, Anetakis, Colantonio & Simon ( ) Cross-Defendant
337 Penco Road
Weirton, West Virginia  26062-3828
(304) 723-4400

3

M00320848

Marvin W. Masters
West Virginia Bar No. 2359
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
(304) 342-3106

Scott S. Segal
West Virginia Bar No. 4717
The Segal Law Firm
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
(304) 344-9100

DATED: _____ 7/26/05 _____

_____
( )      Pro Se                                Signature

4

M003208485

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
08/03/2005
Log Number 510430965



| | |
|---|---|
| **TO:** | Debra A Bollwage<br>Merck & Co., Inc.<br>One Merck Drive<br>Whitehouse Station, NJ, 08889-0100 |
| **RE:** | **Process Served in West Virginia** |
| **FOR:** | Merck & Co., Inc. (Domestic State: NJ) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Milton McCracken, Pltf. vs. Merck & Co., Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons & Complaint |
| **COURT/AGENCY:** | Marshall County Circuit Court, WV<br>Case # 05-C-206K |
| **NATURE OF ACTION:** | Personal Injury - Vioxx litigation. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/03/2005 postmarked on 08/01/2005 |
| **APPEARANCE OR ANSWER DUE:** | 30 days from date served on West Virginia Secretary of State, which was August 1, 2005. |
| **ATTORNEY(S) / SENDER(S):** | Mark A. Colantonio<br>337 Penco Rd.<br>Weirton, WV, 26062 |
| **REMARKS:** | Service of Process made on West Virginia Secretary of State and forwarded to C T Corporation System, the designated agent. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791158132673 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>707 Virginia Street, East<br>Charleston, WV, 25301<br>304-345-8900 |

Page 1 of 1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

M003208486