UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Alfred Daniel, Jr. v. Merck & Co., Inc.*, Case No. 07-1631.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx"), which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "FACTS AND OVERVIEW"

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.     Denies each and every allegation contained in the first and second sentences of paragraph 7 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that Vioxx, a selective COX-2

2

inhibitor, has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID. Merck denies each and every allegation contained in the third sentence of paragraph 7 of the Complaint, except admits that Merck sought, and in May 1999, received FDA approval to market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") to the FDA for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to the relevant prescribing information for its actual language and full text..

9.    Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text..

11.    Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that health care providers prescribed Vioxx to millions of patients in the United States

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, including its subparts (1) and (2), except admits that the referenced study exists and

avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the referenced letter exists, and respectfully refers the Court to that letter for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and the "Dear Doctor" letter for their actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 22 of the Complaint and the article referenced in the second sentence of paragraph 22 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text.

Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that the referenced studies exist, and respectfully refers the Court to those studies for their actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck has conducted studies related to Vioxx and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to those studies for their actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

38.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 38 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 38 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiff purports to quote from Merck's 2001 Annual Report and respectfully refers the Court to that publication for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to the referenced filing for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, including its subparts a through d.

**RESPONSE TO**
**"COUNT ONE (NEGLIGENCE PURSUANT TO**
<u>**THE LOUISIANA PRODUCTS LIABILITY ACT LA. R.S. 9:2800.51)"**</u>

48.     With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

49.     The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004..

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, including its subparts a through i, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

**RESPONSE TO**
**"COUNT TWO (NEGLIGENCE PURSUANT TO**
<u>**THE LOUISIANA PRODUCTS LIABILITY ACT LA. R.S. 9:200.51)"**</u>

52.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

54.     The allegations contained in paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

**RESPONSE TO**
**"COUNT THREE (STRICT LIABILITY – DESIGN DEFECT PURSUANT TO LOUISIANA PRODUCTS LIABILITY ACT LSA R.S. 9:2800.51 ET SEQS.)"**

56.     With respect to the allegations contained in paragraph 56 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

### RESPONSE TO
### "COUNT FOUR (STRICT LIABILITY –
### INADEQUATE AND IMPROPER WARNINGS – DUE TO THE
### LOUISIANA PRODUCTS LIABILITY ACT LSA R.S. 9:2800.51 ET. SEQ.)"

61.     With respect to the allegations contained in paragraph 61 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 65 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 65 of the Complaint.

66.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 66 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 66 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.    Denies each and every allegation contained in paragraph 67 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

**RESPONSE TO**
**"COUNT FIVE (NON-CONFORMITY TO EXPRESS WARRANTY PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT L.S. A.R.S. 9:2800.51 ET SEQ.)"**

68.    With respect to the allegations contained in paragraph 68 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

70.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 70 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 70 of the Complaint.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

72.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 72 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 72 of the Complaint.

## RESPONSE TO
## "COUNT SIX (LOUISIANA RECEPTIVE TRADE PRACTICES ACT)"

73.     With respect to the allegations contained in paragraph 73 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

## RESPONSE TO
## "COUNT SEVEN - DAMAGES"

76.     Denies each and every allegation contained in paragraph 76 of the Complaint, including its subparts a through h.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.

78.     The allegations contained in the final, unnumbered "Wherefore" paragraph after paragraph 77 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

79.     The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

80.     The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

81.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of Plaintiff's claims.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

82.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

83.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

84.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

85.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

86.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

87.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

88.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

89.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

90.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

91.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

92.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

93.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances

constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

94.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

95.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

96.     Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

97.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

98.     This case is more appropriately brought in a different venue.

18

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

99.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

100.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

101.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

102.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to Plaintiff's claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

103.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

104.     The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

105.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

106.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

107.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

108.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

109.    Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

110.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

111.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

112.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

113.    Plaintiff's claims are barred under Section 4, *et seq*., of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

114.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

116.    The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiff.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

117.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

118.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to Plaintiff's claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

119.    To the extent that Plaintiff alleges a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

120.    To the extent that Plaintiff alleges a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

### AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

121.   To the extent that Plaintiff seeks injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

122.   To the extent Plaintiff seeks to recover only economic loss in tort, Plaintiff's claims are barred by the economic loss doctrine.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

123.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

124.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A FORTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

125.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

126.    To the extent that Plaintiff seeks punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

127.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

128.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

129.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

130.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**AS FOR A FIFTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

131.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, *et seq.*

**AS FOR A FIFTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

132.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  October *30* , 2007.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 30

day of October, 2007.

_____