UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA

Jamal Ali Bilal,
    Plaintiff,

v.

Merck & Co., Inc.
    Defendants.

MDL No. 1657
Docket No. 2:06-cv-02364-EEF-DEK



## MOTION TO COMPEL PLAINTIFF ATTORNEYS TO PROVIDE ASSISTANCE IN COMPLETING PLAINTIFF PROFILE FORM PURSUANT TO PRETRIAL ORDER NO. 18C OR IN THE ALTERNATIVE MOTION FOR FAIRNESS HEARING IN REGARDS TO APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM

**COMES NOW** The Plaintiff Jamal Ali Bilal pro se pursuant **Rule 23 Fed. R. Civ. P.** and **Rule 17(c) Fed. R. Civ. P.** request that the court compel Plaintiff attorneys to assist pro se plaintiffs' in processing their profile forms upon the following grounds:

1. In **Baldwin v. LIJ North Shore Health System**, 392 F.Supp.2d 479 **(E.D.N.Y. 2005)** the court held a pro se plaintiff's submissions are held " 'to less stringent standards than formal pleadings drafted by lawyers.' " **Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (**quoting **Haines v. Kerner,** 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); see also **Ferran v. Town of Nassau,** 11 F.3d 21, 22 (2d Cir.1993).** A court must make reasonable allowances so that a pro se plaintiff does not forfeit rights due to her lack of legal training. See **Traguth v. Zuck,** 710 F.2d 90, 94 (2d Cir.1983).** Indeed, courts must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' "

1

**McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994))**. On the other hand, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." **Traguth, 710 F.2d at 95** (internal quotations omitted).

2. Plaintiff is civilly detained in a mental institution and unable to pursue any complex filing aspects in this case pro se. Courts have held that pro se mental patients are entitled to the appointment of counsel at the pleading stages of litigation. See **Cornett v. Donovan, 51 F.3d 894 (9th Cir.1995)**(Right of access to courts is guaranteed to people who are involuntarily committed to mental institution, regardless of whether they are civilly committed following criminal proceedings or civilly committed on grounds of dangerousness); **Yoder v. Patla, 234 F.3d 1275(7TH Cir. 2000) quoting Thomas v. Humfield, 916 F.2d 1032, 1034-35 (5th Cir.1990)** (if the district court determines that plaintiff is mentally incompetent under state law, the district court must reconsider whether a guardian ad litem or other representative should be appointed). It should be noted, that the counsel relationship received by other class plaintiffs in this case did not antedate the litigation. In other words, class counsel had not handled any other litigation for any of the class plaintiffs prior to this litigation. So the logical question begs if counsel can represent thousands of other plaintiffs why not this one?

3. In **Educational Testing Service Praxis Principles of Learning and Teaching, Grades 7-12 Litigation, In re, 447 F.Supp.2d 612 (E. D. La. 2006)** this Court held several fairness hearing to determine the appropriateness of the

proposed settlement and to provide for attorneys' fees, costs and incentive payments to class representatives. At the fairness hearing, IN THAT CASE, the Court received testimony from the Notice Administrator, who **described the forms and procedure used to notify class members of the proposed settlement and their rights with respect to it.** The Notice Administrator testified that the notice was mailed and actually delivered to 96% of the approximately 27,000 class members, which was one of the highest success rates with direct mail he had ever been able to achieve. The Notice Administrator, in that case, also described the other steps taken to give notice, including designing **the notice forms in clear, plain language**, according to the sample forms developed by the Federal Judicial Center; developing a neutral web site containing information about the proposed settlement; issuing a national press release about the proposed settlement; and providing numerous educational associations, state departments of education, and teachers' associations with information about the settlement. The Court, IN THAT CASE, was satisfied that notice to the class fully complied with the requirements of **Rule 23 Fed. R. Civ. P.**

3.  However, in this case, class counsel has not provided the necessary assistance to this particular class plaintiff, even when ordered to do so by this court. Plaintiff, at all times material to this case proceeding, has appeared pro se without court ordered assistance, while at the same time, no other class plaintiff is proceeding pro se in this action. Furthermore, class counsel has misrepresented in previous letters that this particular plaintiff must soldier his own representation even though plaintiff is civilly detained in a mental institution.

**WHEREFORE** the plaintiff prays the court to issue and order putting him on equal footing with other class members of this action and compelling class attorneys for the Plaintiffs to provide the needed assistance to him.

Respectfully submitted,

*Jamaal ali Bilal*

Jamaal Ali Bilal 99-0124
FCCC, 13613 SE Hwy 70
Arcadia, Florida 34266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to John N. Poulos, Esquire, Attorney-at-Law, Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3910, and Plaintiff Class Attorneys of record this 30th day of July 2007.

*Jamaal ali Bilal*
Jamaal Ali Bilal