Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

LOUISIANA HEALTH SERVICE INDEMNITY
COMPANY D/B/A BLUE CROSS/BLUE SHIELD
OF LOUISIANA

**V.**

MERCK & CO., INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: In Re: Vioxx Products Liability Litigation, MDL No. 1657, United
States District Court for the Eastern District of Louisiana
*This Document Relates to: Louisiana Health Service
Indemnity Company d/b/a Blue Cross/Blue Shield of
Louisiana v. Merck & Co., Inc., Case No. 05-0713, Div. L,
Mag. 3*

TO:  Medco Health Solutions, Inc.
     Stacey B. Bernstein, Senior Attorney
     100 Parsons Pond Drive, Mail Stop F3-17
     Franklin Lakes, NJ 07417

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
Any and all documents listed in Exhibit A (attached). Appearance is not necessary if a **certified** copy of the above documents
are received by Bryan C. Reuter Esq., Stanley, Flanagan & Reuter, L.L.C., 909 Poydras Street, Suite 2500, New Orleans,
Louisiana 70112, on or before the date and time specified below.

| PLACE | Dechert L.L.P.<br>Princeton Pike Corporate Center<br>997 Lenox Drive, Building 3, Suite 210<br>Lawrenceville, NJ 08648-2317 | DATE AND TIME<br>October 22, 2007 at 10:00 a.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)                Attorney for Defendant | DATE 09/28/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Bryan C. Reuter, Esq., 909 Poydras St., Suite 2500, New Orleans, LA  70112, (504) 523-1580

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED

| SERVER ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from

the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

### Definitions and Instructions

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.      "You" or "your" mean and refer to Medco Health Solutions, Inc. and any of its subsidiaries, divisions, departments, affiliates, predecessors (including, but not limited to Merck-Medco Managed Care L.L.C.), successors or offices, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Medco Health Solutions, Inc. as well as any person acting or purporting to act on its behalf, including but not limited to pharmacy benefit manages and pharmacy and therapeutics committees.

2.      "Merck & Co., Inc." and "Merck" mean the defendant in this action, and any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

3.      "BlueCross/BlueShield of Louisiana" or "Louisiana Health Service Indemnity Company d/b/a BlueCross/ BlueShield of Louisiana" is the plaintiff in this action, and means any of the employees, agents, representatives, or attorneys of BlueCross/BlueShield of Louisiana, including but not limited to, its Pharmaceutical and Therapeutics Committee or "P & T Committee," and any advisory boards, drug utilization review boards, or other entities affiliated with BlueCross/BlueShield of Louisiana that reviewed and/or recommended drugs for placement on its formulary (excluding Medco Health Solutions, Inc.) during the relevant time period.

3

4.     The term "document" includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded matter, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means, including film, tapes, computer disks or cards, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

5.     "Communication" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, and/or ideas, or transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, and/or any other process, electronic or otherwise. Communications in writing shall include, without limitation, printed, typed, handwritten, electronic and other readable documents.

6.     "Formulary" means any list of drugs for which BlueCross/BlueShield of Louisiana authorizes purchases by or reimbursements to plan beneficiaries, including any tiers, lists of preferred drugs or other subcategories of that list of drugs.

7.     "NSAIDs" means non-steroidal anti-inflammatory drugs.

8.     "Relevant Drugs" means any and all branded and generic NSAIDs (including Cox-2 select inhibitors).

9.     "Vioxx" refers to the drug rofecoxib sold by Merck under the registered trademark VIOXX®.

10.     "Pharmaceutical and Therapeutics Committee" or "P & T Committee" means any person or persons with responsibility for determining which drugs will be placed on

4

BlueCross/BlueShield of Louisiana's formulary, and the conditions and terms under which

BlueCross/BlueShield of Louisiana will authorize purchase of or reimbursement for those drugs.

11.     The term "relate," "related," "relates," or "relating" means concerning, referring

to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with,

mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing,

describing or otherwise relating to the subject matter.

12.     The words "and" and "or" shall be construed in the conjunctive or disjunctive,

whichever makes the request more inclusive.

13.     As used herein, "all," "any," "each," or "every" means "all, any, each and every."

14.     The term "including" means "including, but not limited to."

15.     The use of the plural shall be deemed to include the singular and the use of the

singular shall be deemed to include the plural.

16.     All documents shall be produced in the booklet, binder, file, folder, envelope, or

other container in which the documents are kept or maintained by you.  If for any reason the

container cannot be produced, please produce copies of all labels or other identifying markings.

Documents attached to each other should not be separated.

17.     In the event any document is withheld on a claim of attorney/client privilege or

work product immunity, provide a detailed privilege log that describes the nature and basis for

your claim and the subject matter of the document withheld, in a manner sufficient to disclose

facts upon which you rely in asserting your claim, and to permit the grounds and reasons for

withholding the document to be identified.  Such description should, at a minimum:

      a.     state the date of the document;

      b.     identify each and every author of the document;

c.     identify each and every person who prepared or participated in the
       preparation of the document;

d.     identify each and every person who received the document;

e.     identify each and every person from whom the document was received;

f.     state the present location of the document and all copies thereof;

g.     identify each and every person having custody or control of the document
       and all copies thereof;

h.     describe the subject and purpose of the document; and

i.     provide sufficient further information concerning the document and
       circumstances thereof to explain the claim of privilege or immunity and
       permit the adjudication of the propriety of that claim.

18.     If a document once existed, but has been lost, destroyed, erased or otherwise is no
longer in your possession, identify the document and state the details concerning the loss or
destruction of such document, including the name and address of the present custodian of any
such document known to you.

19.     The "relevant time period" referred to in these definitions and requests is defined
as January 1, 1998 through December 31, 2005.   Unless otherwise stated, all requests are limited
to the relevant time period.

20.     A copy of Pretrial Order #13 (Stipulation and Protective Order Regarding
Confidential Information), which was entered by the Court on May 25, 2005 in MDL Docket No.
1657, is attached to the Subpoena *Duces Tecum* as Exhibit "B."  Any documents responsive to
this subpoena deemed to be confidential should be produced pursuant to the terms of said
Protective Order.

## Document Requests

1.     All contracts and agreements between you and BlueCross/BlueShield of Louisiana during the relevant time period.

2.     All communications between you and BlueCross/BlueShield of Louisiana regarding the placement or status of the Relevant Drugs on BlueCross/BlueShield of Louisiana's formulary during the relevant time period, including, but not limited to, documents generated or received by the national account executive, financial analyst, and clinical executive responsible for the BlueCross/BlueShield of Louisiana account.

3.     All minutes, transcripts, agendas, notes, or other documents reflecting or referring to meetings of the P &T Committee, or other committees or advisory boards, wherein you discussed or made a presentation relating to the status of the Relevant Drugs on BlueCross/BlueShield of Louisiana's formulary, restrictions on the purchase or prescription of the Relevant Drugs, the safety or effectiveness of the Relevant Drugs, or manufacturer-sponsored rebates for the Relevant Drugs.

4.     All documents that you provided to BlueCross/BlueShield of Louisiana regarding the cost, safety, or efficacy of any Relevant Drugs during the relevant time period.

5.     All documents reflecting or relating to your recommendations to BlueCross/BlueShield of Louisiana regarding (a) whether BlueCross/BlueShield of Louisiana should  provide coverage for any Relevant Drugs, or (b) the formulary tier placement, or any restrictions of Relevant Drugs on BlueCross/BlueShield of Louisiana's formulary.

6.     All studies, reports, analyses, abstracts, or other documents that you reviewed or relied upon in your consideration of recommendations to BlueCross/BlueShield of Louisiana regarding the Relevant Drugs during the relevant time period, including but not limited to prior

7

authorization requirements, step edits, or other restrictions on or prerequisites to the purchase or prescription of Relevant Drugs.

7. All documents reflecting any manufacturer rebates for Relevant Drugs with respect to placement and position on BlueCross/BlueShield of Louisiana's formulary.

8. All documents relating or referring to any communications between you and Merck about the placement or status of the Relevant Drugs on (a) your formulary, or (b) BlueCross/BlueShield of Louisiana's formulary.

9. All communications between you and BlueCross/BlueShield of Louisiana regarding any potential, alleged or actual cardiovascular risks associated with the Relevant Drugs, or relating to any changes to the labeling or product inserts pertaining to any Relevant Drugs during the relevant time period.

10. Documents sufficient to show all terms and conditions under which BlueCross/BlueShield of Louisiana provided coverage for the Relevant Drugs during the relevant time period, including but not limited to the formulary tier placement and terms and conditions relating to co-payment obligations and restrictions on or prerequisites to the purchase or prescription of Relevant Drugs.

11. Documents sufficient to show, on a quarterly basis for each calendar year during the relevant time period, the total amount of payments BlueCross/BlueShield of Louisiana made or costs it incurred on behalf of plan beneficiaries for prescriptions or purchases of Relevant Drugs, including but not limited to any financial models that you or BlueCross/BlueShield of Louisiana ran to determine the financial impact of any change in the formulary.

12. All documents discussing any effect Vioxx (including its presence, absence and status on the formulary of BlueCross/BlueShield of Louisiana) was expected to have or did have

8

on BlueCross/BlueShield of Louisiana's financial performance at any time during the relevant

time period.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #13**
**(Stipulation and Protective Order Regarding Confidential Information)**


    WHEREAS, certain documents and information have been and may be sought, produced,

or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate

to the parties' confidential and proprietary information that may be subject to protection

pursuant to Fed. R. Civ. P. 26(c); and

    WHEREAS, the parties have provided and will provide a significant amount of discovery

materials in this Action and the parties agree that a protective order will facilitate a timely and

efficient discovery process;


    IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN,

ORDERED THAT:

Scope

    1.    This Protective Order shall govern all documents, the information contained

therein, and all other information produced or disclosed during this Action whether revealed in a

**Exhibit B**

document, deposition, other testimony, discovery response or otherwise, by any party in this

Action (the "Supplying Party") to any other party or parties (the "Receiving Party").

2. Third parties who so elect may avail themselves of, and agree to be bound by, the

terms and conditions of this Protective Order and thereby become a Supplying Party for purposes

of this Protective Order.

3. The entry of this Protective Order does not prevent any party from seeking a

further order of this Court pursuant to Fed. R. Civ. P. 26(c).

4. Nothing herein shall be construed to affect in any manner the admissibility at trial

or any other court proceeding of any document, testimony, or other evidence.

Confidential Information

5. "Confidential Information" as used herein means any information that the

Supplying Party believes in good faith constitutes, reflects, discloses, or contains information

subject to protection under Fed. R. Civ. P. 26(c)(7), whether it is a document, information

contained in a document, information revealed during a deposition or other testimony,

information revealed in an interrogatory response, or information otherwise revealed.

6. Specific documents and discovery responses produced by a Supplying Party shall,

if appropriate, be designated as Confidential Information by marking the pages of the document

that contain Confidential Information as follows: "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER". Except as provided in paragraphs 8 and 21, documents that do not

bear the foregoing designation are not Confidential Information as that term is used in this Order.

7. Any material produced or provided in this Action for inspection is to be treated by

the Receiving Party as Confidential Information pending the copying and delivery of any copies

of the same by the Supplying Party to the Receiving Party.

2

8.     Information disclosed at a deposition taken in connection with this Action may be designated as Confidential Information by:

(a)     stating on the record during the taking of the deposition that the deposition, or some part of it, may constitute Confidential Information; and

(b)     designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The Court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "Confidential-Subject to Further Confidentiality Review." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period. If the Supplying Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Confidential Information.

9.     A party in this Action may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Protective Order.

Permissible Disclosure of Confidential Information

10.     Subject to Paragraph 13, the Receiving Party may show and deliver Confidential Information to the following people:

(a)     counsel for the Receiving Party and Merck in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

3

(b)     with respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee of the Receiving Party to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

(c)     stenographic employees and court reporters recording or transcribing testimony in this Action;

(d)     the Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

(e)     any outside consultant or expert whether formally retained or not if the Receiving Party signs the certification described in paragraph 12;

(f)     any attorney for claimants in other pending U.S. litigation alleging personal injury or economic loss arising from the alleged use, purchase, or payment of VIOXX (or attorneys for claimants in any other pending litigation as the parties may mutually agree or the Court directs) for use in this or such other action, provided that the proposed recipient is: (i) already operating under a stipulated Protective Order or (ii) agrees to be bound by this Order and signs the certification described in paragraph 12;

(g)     any third party for whom there is a litigation need to disclose the information if the Receiving Party signs the certification described in paragraph 12; and

(h)     any physician who treated a plaintiff for whom there is a litigation need to show Confidential Information that declines to sign the certification described in paragraph 12, provided that the physician is advised that, pursuant to this Order, such physician (1) may not make copies of any of the documents, (2) may not disclose the information beyond the parties involved in the litigation, and (3) must return the documents to counsel for the Receiving Party

4

after the litigation need for the documents has past.

11.    The Receiving Party may show Confidential Information to any witness during a deposition, hearing, or trial. Confidential Information shown to any witness during a deposition shall not lose its Confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If, after a deposition is noticed or a hearing or trial is set, the Supplying Party objects to Confidential Information being shown to that witness, the Supplying Party shall attempt to confer with counsel to resolve the issue. If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief.

12.    Where indicated in this Order, each putative recipient of Confidential Information shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. These certifications are strictly confidential. Counsel for each party shall maintain the certifications without giving copies to the other side. The parties expressly agree, and it is hereby ordered that, except in the event of a violation of this order, they will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or

5

extracts thereof, are not required to execute Certifications.

13. Before disclosing Confidential Information to any person who is, independent of this litigation, a current director, officer, employee of, or counsel for a pharmaceutical company other than Merck that is marketing or has in development a selective COX-2 inhibitor, or a consultant, other than an occasional consultant, who is currently consulting about a selective COX-2 inhibitor, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made. If, within the ten day period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion. Alternatively, the party wishing to make such disclosure may provide the counsel who designated such information as confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision. Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this paragraph. The parties have agreed that plaintiffs do not have to give notice or invoke the Court with respect

6

to any person whom plaintiffs have retained to assist them in the prosecution of this Action as of

September 17, 2004 who otherwise would be a consultant described in this paragraph as long as

any such person signs the certification described in paragraph 12. This agreement does not cover

any person who as of September 17, 2004 was not a consultant described in this paragraph, but

who later becomes a person described in this paragraph.

## Use of Confidential Information

14.     The Receiving Party shall use confidential information only in connection with

this Action or an action in which the Receiving Party is permitted by this Order to use

Confidential Information.

15.     Notwithstanding any other provisions hereof, nothing herein shall restrict any

party's counsel from rendering advice to its clients with respect to this Action and, in the course

thereof, relying upon Confidential Information, provided that in rendering such advice, counsel

shall not disclose any other party's Confidential Information other than in a manner provided for

in this Protective Order.

16.     Nothing contained in this Protective Order shall preclude any party from using its

own Confidential Information in any manner it sees fit, without prior consent of any party or the

Court.

## Protection of Confidential Information

17.     Counsel shall take all reasonable and necessary steps to assure the security of any

Confidential Information and will limit access to Confidential Information to those persons

authorized by this Order.

18.     Any party that is served with a subpoena or other notice compelling the

7

production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

19. If a Receiving Party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

20. Upon the conclusion of any attorney's last case in this proceeding (or such other case in which the Receiving Party is permitted by this order to use Confidential Information), including any appeals related thereto, at the written request and option of the Supplying Party, all discovery materials produced by the Supplying Party and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned within thirty (30) calendar days to the Supplying Party, provided, however, that counsel may retain their privileged communications, work product, certifications pursuant to paragraph 12, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Supplying Party shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Supplying Party and any copies thereof, any and all records, notes, memoranda,

8

summaries, or other written material regarding the discovery materials produced by the

Supplying Party (except for privileged communications, work product and court-filed documents

as stated above) have been delivered to the Supplying Party in accordance with the terms of this

Protective Order.

## Changes in Designation of Information

21.    Any Supplying Party may designate as Confidential Information or withdraw a

Confidential Information designation from any material that it has produced; provided, however,

that such redesignation shall be effective only as of the date of such redesignation. Such

redesignation shall be accomplished by notifying counsel for each party in writing of such

redesignation and simultaneously producing a re-designated copy of such material.

22.    Any party may object to the propriety of the designation (or redesignation) of

specific material as Confidential Information by serving a written objection upon the Supplying

Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar

days, respond (by hand delivery or facsimile transmission) to such objection in writing by either:

(i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the

Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and

conditions of disclosure for the material(s) in issue, the document will have its designation

removed unless within thirty (30) days after written notice that the parties' negotiations are

ended, the Supplying Party moves the Court for an order upholding the designation. On such a

motion, the Supplying Party shall have the burden of proving that the material is Confidential

Information. The material(s) in issue shall continue to be treated in the manner as designated by

the Supplying Party until the Court orders otherwise.

23.    To the extent that any material designated as Confidential Information herein

9

becomes publicly available other than through a violation of this or another protective order, or has its designation as Confidential Information withdrawn or judicially removed in any U.S. VIOXX action or MDL-1658, the Confidential Information designation shall be deemed withdrawn from such material and shall, on notice, be removed from the log.

### Filing Papers In Court Records

24.    The parties will use the following procedure for submitting to the Court material consisting of, relating to, containing, incorporating, reflecting, describing, or attaching Confidential Information:

(a)    Any such material shall be filed in a sealed envelope, labeled with the case name, case number, the motion to which the documents relate, and a listing of the titles of the documents in the envelope (such titles not to reveal Confidential Information).

(b)    Within seven (7) business days of the submission of any material pursuant to the preceding sub-paragraph, the parties shall confer to determine if the Supplying Party objects to the filing of the subject Confidential Information in unsealed form. To the extent of the parties agreement concerning the treatment of the subject Confidential Information, the filing party may file the subject materials in unsealed form. To the extent the parties are unable to reach agreement, either party may file a motion to address the appropriate treatment of the subject materials. On such a motion, the Supplying Party shall have the burden of proving that the material is Confidential Information. The material shall remain sealed unless the Court orders otherwise.

25.    When submitting deposition testimony pursuant to the previous paragraph that has been designated as Confidential Information, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or

10

relied on by the submitting party.

## Miscellaneous Provisions

26.    Defendant shall produce within thirty days of this Order a confidentiality log in a searchable electronic format that can be used with commercially available database software (*e.g.*, Microsoft Access) identifying the following information for each document produced or made available in this litigation: the document's (a) beginning and ending Bates numbers; (b) date; (c) title, (d) document type: (e) author(s); (f) recipient(s); and (g) confidentiality status (*e.g.*, "Confidential" or "Non-Confidential"). Defendant shall update the confidentiality log on the first business day of each month. Each confidentiality log shall reflect all documents produced by defendant by the fifteenth day of the prior month. Documents designated "Confidential-Subject to Protective Order" that do not appear on the log are Confidential Information under this Order.

27.    Within seven days of entry of this Order (or within seven days of entry or execution of any applicable order or stipulation), Defendant shall produce to Plaintiffs copies of any order from any U.S. VIOXX action or MDL-1658 or any stipulation allowing disclosure beyond the protective order in such action that concerns, in whole or in part, the treatment of Confidential Information concerning VIOXX. The parties shall meet and confer to discuss any issues raised by such orders or stipulations.

28.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order.

11

29.    By written agreement of the parties, or upon motion and order of the Court, the

terms of this Protective Order may be amended or modified. This Protective Order shall

continue in force until amended or superseded by express order of the Court, and shall survive

any final judgment or settlement in this Action.

30.    Notwithstanding any other provision in the order, nothing in this Order shall

affect or modify Merck's ability to review plaintiffs' information and report information to

regulatory agencies.

DONE this _24ᵗʰ_ day of _May_, 2005.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

12

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
PRODUCTS LIABILITY LITIGATION

SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..:

THIS DOCUMENT RELATES TO ALL CASES

## CERTIFICATION

I hereby certify that I have read the Stipulation and Protective Order entered in the
above-captioned action and that I understand the terms thereof.

I agree to be bound by the Stipulation and Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the
Stipulation and Protective Order, and I understand that the Court may impose sanctions on me
for any violation of the Stipulation and Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party
are maintaining the certifications without giving copies to the other side, and that the parties
expressly agreed and the Court ordered that, except in the event of a violation of this Order, the
parties will make no attempt to seek copies of the certifications or to determine the identities of
persons signing them. I further understand that if the Court finds that any disclosure is necessary
to investigate a violation of this Order, the disclosure will be limited to outside counsel only and
outside counsel shall not disclose any information to their clients that could tend to identify any
certification signatory unless and until there is specific evidence that a particular signatory may

1

have violated the Order, in which case limited disclosure may be made with respect to that

signatory.

Date:_____

_____
(Signature)


Name:_____
(Typed or Printed)

2