UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 29 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 29.

I.   STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through March 31, 2008: The *Turner* case is set for January 7, 2008 in the Alabama Circuit Court, Bullock County, Alabama. The *Appell/Arrigale* case is set for January 8, 2008 in the California Coordinated proceeding, in the California Superior Court, Los Angeles County. A date of January 22, 2008 has been set in the New Jersey Coordinated proceeding, in the New Jersey Superior Court, Atlantic County, for three trials with up to 2-3 plaintiffs each. In February, the *Zajicek* case is set for February 11, 2008 in the Texas District Court, Jackson County, Texas, and the *Rossi* and *Kieley* cases are set to be tried together in the New Jersey

Superior Court, Atlantic County, on February 25, 2008. Finally, the *Frederick* case is set for March 10, 2008 in the Alabama Circuit Court, Jefferson County, Alabama.

II.   FURTHER PROCEEDINGS IN THE EARLY TRIAL CASES

On September 14, 2007, Merck filed a Notice of Appeal from the Judgment entered in the *Barnett* case. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

III.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court.

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed and the parties await a hearing date to be set for oral argument. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

IV.   DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal. Documents that are discoverable are being produced to plaintiffs in accordance with an agreed schedule, with the production scheduled to conclude on or about November 30, 2007. The

parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

V.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

On July 31, 2007, the Court issued an Order regarding Special Master Rice's Second Report regarding the DDB and Ogilvy documents which were the subject of the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC. On August 17, 2007, Merck filed objections to the Court's Order; the PSC filed a response; and Merck filed a reply. By Order dated September 21, 2007, the Court instructed Special Master Rice to issue rulings with respect to individual documents subject to Merck's objections to the Special Master's recommendations regarding the DDB/Ogilvy privileged documents. The Special Master issued a Fourth Report and Recommendation to the Court, and on November 1, 2007, the Court issued an Order providing that the parties have until November 11, 2007 to file objections to the Fourth Report. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA"). Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6). Counsel for FDA and PLC have been in communication regarding these subpoenas. The PSC will be prepared to discuss this further at the monthly status conference on November 9, 2007.

parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

V.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

On July 31, 2007, the Court issued an Order regarding Special Master Rice's Second Report regarding the DDB and Ogilvy documents which were the subject of the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC. On August 17, 2007, Merck filed objections to the Court's Order; the PSC filed a response; and Merck filed a reply. By Order dated September 21, 2007, the Court instructed Special Master Rice to issue rulings with respect to individual documents subject to Merck's objections to the Special Master's recommendations regarding the DDB/Ogilvy privileged documents. The Special Master issued a Fourth Report and Recommendation to the Court, and on November 1, 2007, the Court issued an Order providing that the parties have until November 11, 2007 to file objections to the Fourth Report. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA"). Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6). Counsel for FDA and PLC have been in communication regarding these subpoenas. The PSC will be prepared to discuss this further at the monthly status conference on November 9, 2007.

VI. **DEPOSITION SCHEDULING**

Merck previously noticed the *de bene esse* depositions of the following current Merck employees: Alise Reicin (to be rescheduled at a later date), Briggs Morrison (scheduled November 29 and 30, 2007), and Eliav Barr (to be rescheduled at a later date). The discovery deposition of Dr. Alise Reicin was scheduled to take place on November 9, 2007, but will also be rescheduled at a mutually agreeable time at a later date. Furthermore, the PSC has communicated with Merck regarding the scheduling of Dr. Barr's discovery deposition. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

The parties continue to discuss scheduling of depositions. The parties will be prepared to address this further at the monthly status conference on November 9, 2007.

VII. **PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM**

Following the October 11, 2007 monthly status conference, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed for failure to submit PPFs in contravention of Pre-Trial Order 18C. The Rule is set for hearing following the monthly status conference on November 9, 2007. Additionally, certain matters that were the subject of the Rules heard on October 11, 2007 were continued and also will be heard following the monthly status conference.

Issues relating to the completeness of PPFs and the requirement of specific authorizations by certain providers were discussed at the September 6, 2007 status conference. In accordance with the Court's instructions, the parties have attempted to address these issues in a proposed new Pre-Trial Order. Although the parties have exchanged drafts and revisions, they have been unable to agree on the language of the proposed order. On October 9, 2007, Merck submitted the parties competing drafts to the Court. The parties continue to discuss the

competing drafts. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

VIII.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On July 5, 2007, the Court entered Pre-Trial Order No. 25 which sets forth the terms of *pro se* plaintiffs' access to the PSC document depository. Since the entry of the Order, the PSC has received a number of communications from various *pro se* claimants. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov.

X.   IMS DATA

Counsel for IMS and the PLC continue to discuss further production of IMS data. The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

XI.     MERCK'S MOTIONS

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on November 9, 2007.

On October 22, 2007, Merck filed a Motion for Summary Judgment in the *Ramon Alvarado, et al* (Case No. 06-7150), *Matthew Devito, et al* (Case No. 07-0562), *Diane Durbin* (Case No. 06-11302), *Barbara McKeal* (Case No. 07-0380), *Ronald Pales* (Case No. 07-1389), and *Jack Ridinger* (Case No. 07-0381) matters. Thereafter, on October 25, 2007, Merck filed a Renewed Motion for Summary Judgment in the *Philip Dawson* (Case No. 07-1259) and *Timothy R. Watson* (Case No. 05-5545) matters. Finally, on October 29, 2007, Merck filed a Motion for Summary Judgment in the *Paul Noe, et al* (Case No. 07-3311), *Donald R. Preuninger, et al* (Case No. 06-10305), *Viet Tran* (Case No. 07-0368), *Pamela Tribby, et al* (Case No. 07-4118), and *David Wyser* (Case No. 07-2695) matters.[1]

On October 29, 2007, Merck also filed a Motion for Entry of Pre-Trial Order (Case Administration Motion) and a Motion for Entry of Pre-Trial Order (Latecomer's Motion), as well as a Response to the Stroke Trial Plan.

On October 29, 2007, Merck filed a Motion for Expedited Briefing Schedule in connection with the three (3) mentioned Motions for Summary Judgment, the two (2) Motions

---

[1]     Merck subsequently withdrew the summary judgment motion as to *Paul Noe, et al.* (Case No. 07-3311).

- 6 -

for Entry of Pre-Trial Orders, and for the Stroke Trial Plan. The Court issued an Order on October 30, 2007 directing that responsive pleadings be filed on or before November 7, 2007. The parties will be prepared to discuss these matters further at the monthly status conference on November 9, 2007.

XII. TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum. On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form. The PSC is reviewing the information and will be providing a response to DLC. PLC and defense counsel have discussed this issue and continue to discuss it.

XIII. ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC. The PSC will be prepared to discuss this further at the monthly status conference on November 9, 2007.

XIV. VIOXX SUIT STATISTICS

As of October 9, 2007, Merck had been served or was aware that it had been named as a defendant in approximately 26,600 lawsuits filed on or before September 30, 2007,

which include approximately 47,000 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and approximately 264 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,800 lawsuits representing approximately 25,800 plaintiff groups are or are slated to be in the federal MDL and approximately 15,850 lawsuits representing approximately 15,850 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of September 30, approximately 14,100 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 5,550 plaintiff groups have been dismissed as of September 30. Of these, there have been more than 1,625 plaintiff groups whose claims were dismissed with prejudice (*i.e.*, they cannot be brought again) either by plaintiffs themselves or by the courts. More than 3,925 additional plaintiff groups have had their claims dismissed without prejudice (*i.e.*, they can be brought again).

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV.   MERCK INSURANCE

Since the 30(b)(6) Deposition took place on May 23, 2007, the PSC is further reviewing materials and will advise Merck regarding issues involving the PSC's request for discovery concerning Merck insurance coverage and the arbitration/dispute resolution matters.

XVI.   MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months. The matter is not yet set for hearing. Merck has advised that it will be filing responsive pleadings. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

XVII.   OXFORD/VICTOR DATA

The PSC has requested that Merck and Oxford provide information relative to Protocol 203 and other items related to VICTOR. On July 3, 2007, Merck's counsel sent correspondence to PLC enclosing a comprehensive index memorializing these productions and copies of transmittal letters regarding same. On July 25, 2007, Oxford provided Merck with the data that supported Oxford's publication on the VICTOR study. That data was promptly produced to the PSC. Merck has agreed to produce to the PSC any additional data received from Oxford when it is received by Merck. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

XVIII.   PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued PTO 27 regarding submission of the PSC's trial package. On October 3, 2007, the trial package was presented to the Court for

899019v.1

review. The PSC has advised that it will require 90 to 120 days to develop and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package. The PSC will be prepared to discuss this further at the monthly status conference on November 9, 2007.

**NEW ITEMS**

XIX. <u>DR. FARQUAR</u>

On October 18, 2007, Defense Liaison Counsel communicated with the Court regarding a chart that it desired to obtain in electronic version to be used in connection with the cross-examination testimony of Dr. Farquar. Plaintiffs' Liaison Counsel requested further information from defendants regarding the request. The parties will be prepared to discuss this further at the monthly status conference on November 9, 2007.

XX. <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Leonard A. Davis | /s/ Dorothy H. Wimberly |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| ***Herman, Herman, Katz & Cotlar, LLP*** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | ***Stone Pigman Walther Wittmann L.L.C.*** |
| New Orleans, LA 70113 | 546 Carondelet Street |
| PH: (504) 581-4892 | New Orleans, LA 70130-3588 |
| FAX: (504) 561-6024 | PH: (504) 581-3200 |
| | FAX: (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

899019v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 29 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (#14190)
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com
Plaintiffs' Liaison Counsel

899019v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

MONTHLY STATUS CONFERENCE
NOVEMBER 9, 2007
SUGGESTED AGENDA

I. State Court Trial Settings

II. Further Proceedings In The Early Trial Cases

III. Class Actions

IV. Discovery Directed to Merck

V. Discovery Directed to Third Parties

VI. Deposition Scheduling

VII. Plaintiff Profile Form and Merck Profile Form

VIII. State/Federal Coordination -- State Liaison Committee

IX. *Pro Se* Claimants

- 2 -

X.      IMS Data

XI.     Merck's Motion for Summary Judgment

XII.    Tolling Agreements

XIII.   Issues Relating to Pre-Trial Order No. 9

XIV.    Vioxx Suit Statistics

XV.     Merck Insurance

XVI.    Motion to Conduct Case Specific Discovery

XVII.   Oxford/VICTOR Data

XVIII.  PSC MDL Trial Package

**NEW ITEMS**

XIX.    Dr. Farquar

XX.     Next Status Conference