UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| *Pales v. Merck & Co., Inc.* | * | |
| No. 07-1389 | * | MAGISTRATE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S OBJECTIONS TO
### DEFENDANT'S SUMMARY JUDGMENT EVIDENCE

Plaintiff Ronald E. Pales objects to the following purported evidence and all references to it in Defendant Merck & Co., Inc.'s Memorandum in Support of Motion for Summary Judgment, filed October 22, 2007, on the following grounds:

1.  Plaintiff objects to Defendant's Exhibits 2 through 9, national news articles regarding Vioxx®, as irrelevant hearsay. These exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with Federal Rule of Evidence 402. The mere presence of news articles does not tend to prove that the Plaintiff failed to bring his claim within the statute of limitations. Alternatively, these exhibits should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Defendant's Exhibits 2 through 9 give rise to the prejudicial assumption that the articles were conspicuous and contextually noteworthy. Additionally, the articles were juxtaposed with opinion pieces, advertisements, and fluff. It is unfair to assume the pieces would be perceived as reliable or adequate legal notice.

Furthermore, these exhibits are hearsay as defined by Federal Rule of Evidence 801 and thus are inadmissible under Federal Rule of Evidence 802. Specifically, in order to create the Defendant's time line for the statute of limitations, the articles are being offered to prove the truth of the assertions concerning Vioxx®. In conclusion, Defendant's Exhibits 2 through 9 are hearsay because they are being offered to prove the truth of the matters asserted and are irrelevant because the exhibits' existence does not establish the Plaintiff's cognizance.

2. Plaintiff objects to Defendant's Exhibits 10 through 12, written statements regarding the APPROVe study, as irrelevant hearsay. These exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with Federal Rule of Evidence 402. The mere presence of the exhibits does not tend to prove that the Plaintiff failed to bring his claims within the statute of limitations. Alternatively, these exhibits should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The exhibits' existence does not impute cognizance. Furthermore, Defendant's Exhibits 10 through 12 are hearsay as defined by Federal Rule of Evidence 801 and thus are inadmissible under Federal Rule of Evidence 802. The Defendant's precarious time line relies on proving the truthfulness of the exhibits' content, which precludes the documents under hearsay, and the bare fact the documents exist fails to demonstrate relevancy.

3. Plaintiff objects to Defendant's Exhibits 13 through 27, national media segments regarding Vioxx®, as irrelevant hearsay. These exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with Federal Rule of Evidence

402. The mere presence of the news segments does not tend to prove that the Plaintiff failed to bring his claims within the statute of limitations. Alternatively, the exhibits should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. Defendant's Exhibits 13 through 27, which ran during a three-day period, give rise to the prejudicial assumption that the segments were conspicuous and contextually noteworthy. Additionally, the segments were juxtaposed with opinion pieces, advertisements and fluff. It is unfair to assume the media segments would be perceived as reliable or adequate notice. Furthermore, Defendant's Exhibits 13 through 27 are hearsay, as defined by Federal Rule of Evidence 801 and thus are inadmissible under Federal Rule of Evidence 802. Specifically, in order to create the Defendant's time line for the statute of limitations, the articles are being offered to prove the truth of the assertions concerning Vioxx®. The Defendant's precarious time line relies on proving the truthfulness of the exhibits' content, which precludes the documents under hearsay. The bare fact that the documents exist fails to demonstrate relevancy.

4.      Plaintiff objects to Defendant's Exhibits 28 through 35, national news articles regarding Vioxx®, as irrelevant hearsay. These exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with Federal Rule of Evidence 402. The mere presence of news articles does not tend to prove that the Plaintiff failed to bring his claims within the statute of limitations. Alternatively, these exhibits should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

3

considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Defendant's Exhibits 28 through 35 give rise to the prejudicial assumption that the articles were conspicuous and contextually noteworthy. Additionally, the articles were juxtaposed with opinion pieces, advertisements and fluff. It is unfair to assume the pieces would be perceived as reliable or adequate legal notice. Furthermore, Defendant's Exhibits 28 through 35 are hearsay, as defined by Federal Rule of Evidence 801, and thus are inadmissible under federal Rule of Evidence 802. Specifically, in order to create the Defendant's time line for the statute of limitations, these articles are being offered to prove the truth of the assertions concerning Vioxx. In conclusion, Defendant's Exhibits 28 through 35 are hearsay because they are being offered to prove the truth of the matter asserted and are irrelevant because the exhibits' existence does not establish the Plaintiff's cognizance.

5. Plaintiff objects to Defendant's Exhibit 36, a sample advertisement regarding Vioxx®, as irrelevant hearsay. This exhibit is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible in accordance with Federal Rule of Evidence 402. The mere presence of the sample advertisement does not tend to prove that the Plaintiff failed to bring his claims within the statute of limitations. Alternatively, Defendant's Exhibit 36 should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The sample advertisement gives rise to the prejudicial assumption that all similar advertisements are conspicuous and contextually noteworthy. Furthermore, Defendant's Exhibit 36 is hearsay, as defined by Federal Rule of Evidence 801 and thus is inadmissible under Federal Rule of Evidence

4

802. Specifically, in order to create the defendant's time line for the statute of limitations, the articles are being offered to prove the truth of the assertions concerning Vioxx®. In conclusion, Defendant's Exhibit 36 is hearsay because it is being offered to prove the truth of the matter asserted and is irrelevant because the exhibit's existence does not establish the Plaintiff's cognizance.

      6.      Plaintiff objects to Defendant's Exhibits 37 through 57, Illinois news articles and media segments regarding Vioxx®, as irrelevant hearsay. These exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with Federal Rule of Evidence 402. The mere presence of local news articles and media segments does not tend to prove that the Plaintiff failed to bring his claims within the statute of limitations. Alternative, Defendant's Exhibits 37 through 57 should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Defendant's Exhibits 37 through 57 give rise to the prejudicial assumption that the articles were conspicuous and contextually noteworthy. Additionally, the articles were juxtaposed with opinion pieces, advertisements and fluff. It is unfair to assume the pieces would be perceived as reliable or adequate legal notice. Furthermore, Defendant's Exhibits 37 through 57 are hearsay, as defined by Federal Rule of Evidence 801, and thus are inadmissible under Federal Rule of Evidence 802. Specifically, in order to create the Defendant's time line for the statute of limitations, the articles are being offered to prove the truth of the assertions concerning Vioxx®. In conclusion, the exhibits are hearsay because they are being offered to prove the truth of the matter asserted, and are irrelevant because the exhibits' presence does not establish the Plaintiff's cognizance.

7. Plaintiff objects to Defendant's Exhibits 95 through 99, national news articles regarding Vioxx®, as irrelevant hearsay. These exhibits are not relevant evidence as defined by Federal Rule of Evidence 401 and thus are inadmissible in accordance with Federal Rule of Evidence 402. The mere presence of national news articles and media segments does not tend to prove that the Plaintiff failed to bring his claims within the statute of limitations. Alternative, Defendant's Exhibits 95 through 99 should be excluded in accordance with Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Defendant's Exhibits 95 through 99 give rise to the prejudicial assumption that the articles were conspicuous and contextually noteworthy. Additionally, the articles were juxtaposed with opinion pieces, advertisements and fluff. It is unfair to assume the pieces would be perceived as reliable or adequate legal notice. Furthermore, Defendant's Exhibits 95 through 99 are hearsay, as defined by Federal Rule of Evidence 801, and thus are inadmissible under Federal Rule of Evidence 802. Specifically, in order to create the Defendant's time line for the statute of limitations, the articles are being offered to prove the truth of the assertions concerning Vioxx®. In conclusion, the exhibits are hearsay because they are being offered to prove the truth of the matter asserted, and are irrelevant because the exhibits' presence does not establish the Plaintiff's cognizance.

For these reasons, Plaintiff Ronald E. Pales asks this Court to sustain his objections and exclude Defendant Merck & Co., Inc.'s summary judgment evidence.

Respectfully submitted,

/s/ Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
**The Kaiser Firm LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 223-0000; fax (713) 223-0440

Drew Ranier
Lousiana Bar No. 8320
**Ranier, Gayle & Elliott LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

Walter Umphrey
Texas Bar No. 20380000
**Provost Umphrey Law Firm LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

Mikal Watts
Texas Bar No. 20981820
**The Watts Law Firm LLP**
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

James L. "Larry" Wright
Texas Bar No. 22038500
**The Watts Law Firm LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
(512) 479-0500; fax (512) 473-0328

John T. Boundas
Texas Bar No. 00793367
**Williams Kherkher Hart Boundas LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

***Attorneys for Plaintiff Ronald E. Pales***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail, email and/or hand delivery and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of November, 2007.

/s/ Grant Kaiser
Grant Kaiser
**The Kaiser Firm LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc: by email only:

Robert Van Kirk          rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski          carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440