UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION:    L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| DAVID WYSER, Plaintiff, | : | |
| vs. | : | |
| MERCK & CO., INC., Defendant, | : | |
| Case No. 07-2695. | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, David Wyser, by counsel, hereby responds to Defendant Merck & Co., Inc.'s Motion for Summary Judgment as follows:

### I.  INTRODUCTION

David Wyser had a heart attack as a result of his ingestion of Vioxx.  Mr. Wyser took 25 mg of Vioxx per day until his heart attack on July 28, 2003.  At this time Merck was vigorously denying that Vioxx had any association with cardiovascular injuries.  When Merck could no longer maintain its charade after the early results of the APPROVe study were disclosed, it withdrew Vioxx from the market on September 30, 2004.  On October 12, 2004, a putative personal injury class action captioned *Van Jelgerhuis, et al. v. Merck & Co., Inc.*, 1:04 cv-1651-RLY-WTL was filed in the United States District Court for the Southern District of Indiana.  Ex. A.  Defendant was represented in this action by George M. Plews and Brett Nelson of Plews

1

Shadley Racher & Braun.  On March 1, 2005, the *Van Jelgerhuis* action was transferred to this MDL and assigned case number 05-0458.  On February 17, 2006, the *Van Jelgerhuis* action was amended and is now captioned as *Heavrin, et al v. Merck & Co., Inc.* under the same MDL case number.  This action is still pending and has not been ruled on by this Court.  Ex. B, *Heavrin* Docket Sheet.

On March 16, 2007, Mr. Wyser's complaint for damages was filed, again in the United States District Court for the Southern District of Indiana. Ex. C.  This case was captioned as *Wyser v. Merck & Co., Inc*. and received case number 1:07-cv-359-SEB-JMS.  The case was later re-assigned and received the case number 1:07-cv-359-SEB-WTL.  As in the *Van Jelgerhuis* case, Merck was represented in this case in the Southern District of Indiana by George M. Plews and Brett Nelson of Plews Shadley Racher & Braun.  On April 26, 2007, David Wyser's case was transferred to this MDL and assigned case number 07-2695.

On October 29, 2007 Defendant filed its motion for summary judgment against David Wyser.  Ex. D.  In Defendant's brief in support of its motion, Defendant asserts that "Wyser's claims are stale because no combination of tolling doctrines can make his late filing timely."  Ex. E, pg. 27.  Defendant goes on to assert that: "plaintiff cannot benefit from *American Pipe* unless there has been a personal injury class action filed in **Indiana's court system**.  Here, no Vioxx personal injury class action has ever been pending in Indiana State Courts." *Id.*, pg. 30 (emphasis in original).

## II. SUMMARY JUDGMENT STANDARD

A party should be granted summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all inferences in its favor." *Tunica Web Advertising v. Tunica Casino Operators Ass'n, Inc.*, 496 F.3d 403, 409 (5th Cir. 2007). "In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence." *E.E.O.C. v. WC&M Enterprises*, 496 F.3d 393, 397-98 (5th Cir. 2007).

### III. ARGUMENT

In its brief in support of its motion for summary judgment, Defendant argues that Mr. Wyser's claims are barred by the statute of limitations, and that neither the fraudulent concealment doctrine nor the tolling rule of *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) can save Mr. Wyser's claim. Defendant also argues that Mr. Wyser's claims for fraud and constructive fraud are also barred by the statute of limitations, even though Indiana applies a six year statute of limitations to those claims.[1] Defendant's arguments ignore controlling legal precedent. When the appropriate law is applied, it is apparent that the Defendant is not entitled to summary judgment.

At the outset, Plaintiff would point out that this court must apply Indiana Statute of Limitations law to decide whether Plaintiff's claim is barred by the statute of limitations or not. *See, e.g. In Re Vioxx Products Liability Litigation*, 478 F.Supp.2d 897 (E.D.La. 2007). Dealing first with the issue of the fraud and constructive fraud, Defendant relies upon *Whitehouse v. Quinn*, 417 N.E.2d 281 (Ind. 1985), for its assertion that Mr. Wyser's fraud and constructive

---

[1] Plaintiff Wyser would also incorporate and adopt, as if fully set out herein, the argument of the Plaintiffs Steering Committee's Omnibus Memorandum of Law In Opposition to Merck's Motions For Summary Judgment, Filed November 1, 2007.

3

fraud claims would be subject to a 2 year statute of limitations, and not the six year statute of limitations specified by I.C. 34-11-2-7. Defendant fails to recognize that *Whitehouse* has been specifically limited by the Indiana Supreme Court to legal malpractice actions. *Lawyer's Title Insurance Corp. v. Pokraka*, 595 N.E.2d 244, 246-47 (Ind. 1992). *See also McLaughlin Equipment Co., Inc. v. Servaas*, 2004 WL 162903 (S.D.Ind. 2004)(recognizing limitation announced in *Pokraka*). As the *Pokraka* Court noted:

> Unlike actions for attorney malpractice with which we dealt in Whitehouse, a specific limitation period of six years for fraud and for breach of an oral contract is provided by statute. Ind.Code § 34-1-2-1. Were we to accept the reasoning of Lawyers Title here, the portions of Ind.Code § 34-1-2-1 relating to fraud and oral contracts would be unnecessary. Such an application would be tantamount to judicially repealing these six-year statutes of limitations because a recovery on theories of fraud or breach of an oral contract would always involve either personal injury or damage to property. We hold that actions for fraud and for breach of an oral contract are governed by Ind. Code § 34-1-2-1 which provides for a six-year statute of limitations. Therefore, the claim was not barred by the statute of limitations.

595 N.E.2d at 246-47. *See also Schuman v. Kobets*, 716 N.E.2d 355, 356 (Ind. 1999)(concluding that 6 year statute of limitations under predecessor statute applied to claim sounding in contract, not 2 year statute for personal injury claims). It is clear that Mr. Wyser's fraud and constructive fraud are controlled by the six year statute of limitations set forth in I.C. 34-11-2-7 (the currently codified version of the code section mentioned in *Pokraka*), and Defendant's motion for summary judgment on this issue must be denied.

Defendant's argument that Mr. Wyser's claims are not saved by the class action tolling rule set forth in *American Pipe*, see Defendant's brief, page 30, similarly fails to recognize controlling law on this issue. Indiana has long recognized tolling as established by *American Pipe*. *Ling v. Webb*, 834 N.E.2d 1137 (Ind. Ct. App. 2005); *Arnold v. Dirrim*, 398 N.E.2d 426

4

(Ind. Ct. App. 1979). Under the equitable tolling principles established in the seminal case of *American Pipe* and its progeny, the filing of a class action tolls the running of the statute of limitations for all putative class members. *American Pipe*, 414 U.S. 538. The Supreme Court recognized the right of prospective class members to intervene if class certification is denied notwithstanding that the applicable limitations periods may have run on their individual claims.

The policy driving the Supreme Court's opinion was its concern that the efficient administration of justice could he thwarted and the very purpose of the class action device was frustrated:

> [T]he commencement of the action satisfied the purpose of the limitations provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs. To hold to the contrary would frustrate the principal function of a class suit, because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties …

*American Pipe*, 414 U.S. at 551. The *American Pipe* doctrine was later expanded by *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983), where the Supreme Court held that "[t]he filing of a class action tolls the statute of limitations as to all asserted members of class ... not just as to intervenors." In extending this doctrine in *Crown, Cork*, the Supreme Court stated that:

> A putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own limitations. The result would be a needless multiplicity of actions - - precisely the situation the Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid.

*Crown, Cork*, 462 U.S. at 350-51. Accordingly, the federal courts recognize that the statute of limitations must be tolled during the pendency of a class action until a definitive denial of class

certification in order to reconcile the statute of limitations with the applicable rules and policies regarding class action proceedings.

Indiana law follows the same course. As the *Ling* court noted, under Indiana law: "Pursuant to the Class Action Tolling Rule, the commencement of a class action lawsuit tolls the applicable statute of limitations during the period between the filing of the action and the trial court's ruling on the question of class certification." *Ling*, 834 N.E.2d at 1142. Since it is clear that Indiana follows the *American Pipe* class action tolling rule, if there was an Indiana personal injury class action filed, then Mr. Wyser's claim was tolled from the date that class action was filed.

In its brief, Defendant seems to imply that Mr. Wyser's claim would only have been tolled by a class action filed in the Indiana state court system. There is no support for this assertion in the Indiana case law, and it would seem to run against logic especially in a case such as this which draws national media attention. The *Van Jelgerhuis* putative class action was filed by Indiana plaintiffs, on behalf of a class that, by definition, included Indiana residents. The case was filed in the Federal District Court for the Southern District of Indiana, because, as a diversity case, that is where it was proper to be filed. Similarly, Mr. Wyser's case was filed in the Federal District Court for the Southern District of Indiana, because it was a diversity case. Defendant's argument would turn diversity jurisdiction on its head, denying parties in federal court the benefit of the substantive law of the state. *See Walker v. Armcco Steel Corp.*, 446 U.S. 740, 745 (1980)(stating that in a diversity action the court applies state substantive law). It would be absurd to argue, as Defendant does here, that substantive law made by the Indiana courts would apply if the action was filed in state court, but not if it was filed in federal court. The application

6

of *American Pipe*'s tolling provision is no different from any other substantive law and applies regardless of whether the claim is brought in state or federal court.

Notwithstanding Defendant's assertions to the contrary, there is an action that tolled Mr. Wyser's statute of limitations.  As noted in the introduction, on October 12, 2004, the purported personal injury class action of *Van Jelgerhuis, et al. v. Merck*, 1:04 cv-1651-RLY-WTL was filed in the United States District Court for the Southern District of Indiana.  Ex. A.  The four counts in the *Van Jelgerhuis* action are identical to the four counts in the *Wyser* action.  Ex. A, Ex. C.  The *Van Jelgerhuis* case, though amended, is still active to this day, and to date no rulings have been entered on it.  If certified, Mr. Wyser's claims would fall within the class as defined in *Van Jelgerhuis*.  While Defendants may argue this Court's ruling on the PSC's motion to certify the master class action complaint ended the tolling period provided by the *Van Jelgerhui*s case, that argument would fly in the face of this Court's ruling in  *In re Propulsid Products Liability Litigation*, 208 F.R.D. 133 (E.D.LA. 2002).  In that case, this Court stated: "the master complaint should not be given the same effect as an ordinary complaint. Instead it should be considered as only an administrative tool to aid efficiency and economy." *Id.* at 142.  The Court also noted that the filing of a master complaint should not to change the rights of the parties. *Id.* at 141 (citing Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2382, at 255 (1971)).  Following this Court's *Propulsid* ruling, the *Van Jelgerhuis* complaint should still be tolling the statute of limitations until today.  Even if this Court did rule, in opposition to its ruling in *Propulsid*, that its ruling on the certification of the master class action complaint somehow affected the *Van Jelgerhuis* case, David Wyser's claim was at least tolled from the filing of the *Van Jelgerhuis* complaint on October 12, 2004, until November 21,

2006, when this Court ruled on the PSC's motion to certify the master class action complaint. *In re Vioxx Products Liability Litigation*, 239 F.R.D. 450 (E.D.La. 2006). In this situation, assuming *arguendo* that David Wyser should have known that Vioxx caused his injury on September 30, 2004 as claimed by Defendants in their brief, pg. 28, only 126 days of the two year statute of limitations would have run before Mr. Wyser filed his personal injury complaint. David Wyser's claim was timely filed, and Defendant's motion for summary judgment must be denied.

Even if Mr. Wyser's statute of limitations was not tolled by the *Van Jelgerhuis* case, there are genuine issues of material fact as to when Mr. Wyser knew or should have known that Vioxx caused his injury. In its brief, Defendant argues that Plaintiff Wyser should have been aware that Vioxx caused his heart attack by the time it decided to withdraw Vioxx from the market, September 30, 2004. Ex. D, pg. 28. Indiana courts recognized that "the date upon which a plaintiff 'discovered facts which, in the exercise of ordinary diligence, should lead to the discovery of [causation] and resulting injury, is *often a question of fact*." *Nelson v. Sandoz Pharmaceuticals Corp*., 288 F.3d 954, 966 (7th Cir. 2002)(emphasis added), citing *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999). *See also Detrex Chemical Industries, Inc., v. Skelton*, 789 N.E.2d 75, 78 (Ind. Ct. App. 2003), citing *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410-11 (Ind. 2001). As the *Sandoz* court noted, "[g]enerally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Sandoz,* 288 F.3d at 966. Indiana courts have recognized that the statute of limitations begins to run when "a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury." *Id*., citing *Degussa*, 744 N.E.2d at 411.

Defendant has put forward no evidence whatsoever that any physician suggested to Mr. Wyser on or before September 30, 2004 that Vioxx caused his injury. Defendant continually argued following the removal of Vioxx from the market that the APPROVe study had to run 18 months before it could be established that patients on Vioxx were at greater risk than those taking a placebo. *See* Merck Press Release, *Merck Announces Worldwide Withdrawal of Vioxx*, attached as Exhibit 9 to the Def's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, filed October 22, 2007. This defense was repeatedly offered by Merck representatives in press releases, print, television, web media, scientific journals, presentations to FDA, and even by Mr. Gilmartin in his testimony before the United States Senate Committee on Finance on November 18, 2004. There is an issue of fact as to when Plaintiff should have known that Vioxx caused his injury, and therefore Defendant's motion for summary judgment must be denied.

Additionally, because Defendant has asserted its naproxen theory and its 18-month defense both in this MDL and in Vioxx personal injury actions across the country, i.e. *Barnett, Dedrick, Hunieston, Irvin, Mason and Smith*, Defendant should be judicially estopped from arguing that the cause of plaintiffs' injuries were discoverable before the withdrawal of Vioxx from the market. See *Insolia v. Phillip Morris Incorporated*, 216 F.3d 596, 598 (7th Cir. 2000)("For decades tobacco companies have assured the public that there is nothing to fear from cigarettes, yet they now slough off lawsuits like this one by professing that everybody knew all along that smoking was risky... In taking this litigation stance, the cigarette makers either are suffering from amnesia or are acknowledging that their propaganda over the years has been ineffectual. Judicial estoppel, however, applies only to inconsistent position adopted in litigation ...."); see also *Whiteley v. Philip Morris Inc.*, 117 Cal.App.4th 635 (Cal.App. lst Dist.

2004)(finding tobacco manufacturers were estopped from arguing that plaintiffs claims were discoverable at earlier date since the manufacturers had denied the relationship between smoking and health risks for decades).  Indeed, because information conclusively refuting the 18-month defense only recently came to light, Defendant should be estopped from arguing that Plaintiff's claims were discoverable before May 30, 2006, the date that Merck publicly admitted its published APPROVe study was incorrect.  As Defendant should be judicially estopped from arguing that Plaintiff's claims were discoverable before May 30, 2006, Defendant's motion for summary judgment must be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Defendant's motion for summary judgment must be denied.

Respectfully submitted,

**PRICE WAICUKAUSKI & RILEY, LLC**


by s/ Christopher A. Moeller
Henry J. Price, Bar No. 8522-49
William N. Riley, Bar No. 14941-49
Jana K. Strain, Bar No. 20677-49
Jamie R. Kendall, Bar No. 25124-49A
Christopher A. Moeller, Bar No. 25710-49

The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone: (317) 633-8787
Fax: (317) 633-8797

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing *Plaintiff David Wyser's Brief in Response to Defendant's Motion for Summary Judgment*  has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November, 2007.

                                              s/ Christopher A. Moeller_____
                                              Christopher A. Moeller