# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT LOUISIANA

| | |
|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION**, | |
| This pleading applies to: | |
| <u>DeVito et al v. Merck & Co Inc</u>, 2:07-cv-00562-EEF-DEK for the following plaintiffs only:  James Barrall, Carol Ciabattoni, and Alonsi Dusi | MDL Docket NO. 1657<br><br>Products Liaibility Litigation<br>Section L<br>Judge Fallon<br>Mag. Judge knowles |

## PLAINTIFFS' STATEMENT IN OPPOSITION TO MERCK'S STATEMENT OF MATERIAL FACTS AND JOINT MEMORANDUM OF LAW IN OPPOSITION TO MERCK'S MOTION FOR SUMMARY JUDGMENT

Defendant Merck's motion for summary judgment should be denied because genuine issues of material fact preclude summary judgment both as to whether Pennsylvania statute of limitations period was tolled pursuant to the <u>American Pipe</u> doctrine under Pennsylvania law and/or whether plaintiffs' warranty claims were timely filed under Pennsylvania law.

Notably, Pennsylvania has a four-year statute of limitation for warranty claims.  13 Pa.C.S.A. § 2725.  As explained herein, plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi's ("plaintiffs") warranty claims were timely filed on February 1, 2007.  <u>DeVito et al v. Merck & Co Inc</u>, 2:07-cv-00562-EEF-DEK (E.D.LA. February 1, 2007) (attached as Exhibit C). Accordingly, since plaintiffs' warranty claims were timely filed pursuant to Pennsylvania's four-year statute of limitation for warranty claims, defendant Merck's motion for summary judgment should be denied.

<u>In re Vioxx Prods. Liab. Litig.</u>, 478 F. Supp. 2d 897, 911 (E.D. La. 2007), in denying

Merck's motion for summary judgment, this Court held that "numerous factual issues relating to Merck's conduct both before and after the withdrawal of Vioxx from the market prevent this Court from summarily determining as a matter of law whether any such claims are time-barred" and that the courts in which these cases will be tried (whether labeled "transferor" or "transferee") may well be better suited to weigh the factual disputes and apply the local statutes of limitations."   Plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi ("plaintiffs") would urge this Court to issue the same opinion here and leave it for the transferor courts to determine these genuine issues of material fact raised herein.

Furthermore, plaintiffs incorporate by reference the Plaintiff Steering Committee's ("PSC") memorandum in opposition to Merck's motion for summary judgment as if fully stated herein.

For the reasons contained herein, Defendant Merck's motion for summary judgment should be denied.

**I.      Plaintiff's statement in opposition to Merck's statement of material facts.**

Plaintiffs deny the allegations contained in ¶¶ 1-18 of Merck's statement of material facts for the reasons contained in the PSC's opposition to Merck's statement of material facts and plaintiffs incorporate by reference the PSC pleading as if fully stated herein.

Plaintiffs admit the allegations of ¶22.

Plaintiffs admit the allegations of ¶23.

**II.    Defendant Merck's motion for summary judgment should be denied because genuine issues of material fact preclude summary judgment on issue of whether Pennsylvania statute of limitations period was tolled pursuant to the <u>American Pipe</u> doctrine and/or whether plaintiffs timely filed their warranty claims under Pennsylvania law.**

**A.    Standard of Review**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the defendant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). While "[t]he issue of whether a suit is time-barred is a question of law, which properly may be resolved at the summary judgment stage," this is only true "if there are no genuine issues of material fact in dispute." <u>In re Vioxx Prods. Liab. Litig.</u>, 478 F. Supp. 2d 897, 902 (E.D. La. 2007) (citing <u>In re Minn. Mut. Life Ins. Co. Sales Practices Litig.</u>, 346 F.3d 830, 835 (8th Cir. 2003). "The moving party bears the burden of demonstrating that there exists no genuine issue of material fact." <u>Id.</u> (citing <u>In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.</u>, 475 F. Supp. 2d 286, 2006 U.S. Dist. LEXIS 91982, 2006 WL 3771011 at *2 (S.D.N.Y. Dec. 14, 2006). "In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor." <u>Id.</u>

**B.    Procedural and factual history**

 On or about February 1, 2007, plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi for decedent Catherine Dusi brought products liability actions, fraud claims, and warranty claims, alleging that their ingestion of Vioxx caused cardiovascular injuries. <u>DeVito et al v. Merck & Co Inc</u>, 2:07-cv-00562-EEF-DEK (E.D.LA. February 1, 2007).

 Plaintiffs allege that "James Barrall is a citizen of the state of Pennslyvania. Because of

-3-

his use of Vioxx, he suffered a stroke and related injuries.  Vioxx caused or was a contributing cause of his health problems."  (Devito Complaint ¶15).   In James Barrell's plaintiff profile form, he stated that he suffered a stroke in May 10, 2003.  (Merck's statement of material facts ¶23).

Plaintiffs further allege that Carol Ciabattoni is a citizen of the state of Pennsylvania. Because of her use of Vioxx, she suffered a heart attack and related injuries.  Vioxx caused or was a contributing cause of her health problems.  (Devito Complaint ¶15).  In Carol Ciabattoni's plaintiff profile form, she stated that she suffered a heart attack in October of 2003.  (Merck's statement of material facts ¶23).

Plaintiffs further allege that "Alonsi Dusi is a citizen of the state of Pennsylvania.  He is the surviving spouse of Catherine Dusi.  Alonsi Dusi has standing to bring this action pursuant to the provisions of 42 Pa.C.S. § 8301 (2005).  Catherine Dusi was a citizen of the state of Pennsylvania.   Because of her use of Vioxx, she suffered a heart attack, which led to her wrongful death.  Vioxx caused or was a contributing cause of her wrongful death."  (Devito Complaint ¶35).  In Catherine Dusi's plaintiff profile form, she stated that she suffered a heart attack and died on February 7, 2003.  (Merck's statement of material facts ¶23).

**C.      The Courts should apply Pennsylvania law to govern plaintiffs' claims because plaintiffs timely filed their actions pursuant to Pennsylvania law.**

Plaintiffs contend that Pennsylvania law controls plaintiffs respective cases.  In re Vioxx Prods. Liab. Litig., 478 F. Supp. 2d 897, 905 (E.D. La. 2007) (holding that on two occasions this Court has determined that the applicable substantive law in Vioxx cases is the law of the state where the plaintiffs resided when they were prescribed Vioxx, when they ingested Vioxx, and

when they were allegedly injured by the drug).  Indeed, this Court held that Louisiana's

choice-of-law rules confirm that the substantive law of the plaintiffs' home states will apply to

the merits of the three cases at issue in this motion.  In re Vioxx Prods. Liab. Litig., 478 F. Supp.

2d at 906 (citing La. Civ. Code Ann. art. 3515 (2007) (setting forth Louisiana's general

choice-of-law considerations and instructing courts to consider (1) the relationship of each state

to the parties and the dispute, and (2) the policies and needs of the interstate and international

systems); La. Civ. Code Ann. art. 3542 (2007) (setting forth the specific choice-of-law provisions

for tort claims and instructing courts to consider (1) the place of conduct and injury, (2) the

domicile, habitual residence, or place of business of the parties; and (3) the state in which the

relationship, if any, between the parties was centered))).

Nevertheless, to determine whether Louisiana's prescription law may apply pursuant to

Article 3549(B) of the Louisiana Civil Code, this Court - as it has indicated - has to determine

whether plaintiffs' claim were timely filed pursuant to Pennsylvania law by examining:  (1) the

length of the limitations periods for each of the claims asserted by the plaintiffs; (2) when the

limitations periods began to run, giving effect to various versions of the discovery rule; and (3)

whether any of the limitations periods were tolled, under the American Pipe doctrine or

otherwise.  In re Vioxx Prods. Liab. Litig., 478 F. Supp. 2d at 906.

**D.     Plaintiff's warranty claims were timely filed under Pennsylvania law.**

The statute of limitations for breach of implied and express warranty is four (4) years.  13

Pa.C.S.A. § 2725.

The Pennsylvania Supreme Court in Williams v. West Penn Power Co., 467 A.2d 811

(Pa.1983) held that Section 2-735 of the Uniform Commercial Code applies to all breach of

warranty actions brought under the Code and that no exception will be made merely because the claim seeks to recover for personal injury.  Id.; see also Cucchi v. Rawlands Protection Services, 574 A.2d 565 (Pa. 1990) ("We rule today that Section 2-275 of the Code (13 Pa. C.S.A. 2725) applies to all breach of warranty actions brought under the Code and that no exception will be made merely because the claims seeks to recover for personal injury.")

Moreover, the case of Patton v. Mack Trucks, Inc, 519 A.2d 959 (Pa.Super.1986) followed the Williams case and held "[t]he plain language of Section 2725 (referring to 42 Pa. C.S.A. 2725) applies to all warranties whether expressed or implied.  Williams v. West Penn Power Co., 502 Pa. 557, 467 A.2d 811 (1983). ('We are of the view that the four-year statute of limitations provided in the Code is applicable to all breach of warranty claims brought under the code.')."[1]

Here, plaintiffs' complaint alleges breach of implied and express warranty and therefore, the statute of limitations is four (4) years.   In particular, James Barrell suffered a stroke in May 10, 2003;  Carol Ciabattoni suffered a heart attack in October of 2003; and Catherine Dusi's suffered a heart attack and died on February 7, 2003.  On or about February 1, 2007, plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi for decedent Catherine Dusi filed their claims against Merck, alleging implied and express warranty claims against the defendant Merck (Count

---

[1] Pennsylvania Courts have abolished the requirements of both vertical and horizontal privity in warranty actions brought under the Pennsylvania Commercial Code decades ago. Kassab v. Central Soya, 246 A.2d 848, 856 (Pa. 1968); Salvador v. Atlantic Steel Boiler Co., 319 A.2d 903, 906 (Pa 1974).  "The primary reasons offered for the condemnation of the privity requirement centered upon the unfairness of insulating the remote manufacturer, who in fact made the defective product, and barring a non-buyer consumer who is in fact injured by that defect under present marketing practices."  Williams v. West Penn Power Co., 467 A.2d 811, 814 (Pa. 1983).

VII-VIII).  DeVito et al v. Merck & Co Inc, 2:07-cv-00562-EEF-DEK

(Exhibit C).

Accordingly, since plaintiffs' warranty claims were timely filed pursuant to

Pennsylvania's four-year statute of limitation for warranty claims, defendant Merck's motion for

summary judgment should be denied.

**E.    Genuine issues of material fact preclude summary judgment on issue of whether Pennsylvania statute of limitations period was tolled pursuant to the American Pipe doctrine under Pennsylvania law.**

**1.    Pennsylvania law adopts the American Pipe doctrine.**

In Kruth v. Liberty Mut. Ins. Co., 346 Pa. Super. 147 (Pa. Super. Ct. 1985), Pennsylvania

courts have adopted the principles of American Pipe; therefore, beginning an action as a class

action suspends the applicable statute of limitations from the commencement date until the Court

refuses to certify for all putative members the class who would have been parties if that action

had been certified as a class action.  Id. at 154-55 (citing  American Pipe & Construction Co. v.

Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and Crown Cork & Seal Co. v. Parker,

462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)).

 Indeed the court in Knuth noted with approval the following:

The rationale and rule [American Pipe and its progeny] has been adopted in our
Commonwealth by our own Supreme Court. In Alessandro v. State Farm Mutual
Automobile Insurance Co., 487 Pa. 274, 409 A.2d 347 (1979),

> Unlike a case where parties are joined, all members of a class action are "parties
> plaintiff" upon the filing of the complaint. When the defendant successfully
> moves for decertification, the decertified parties are "put out of court" as to the
> class action. This order is final, Lee v. Child Care Services, 461 Pa. 641, 337 A.2d
> 586 (1975), and the decertified class members may then pursue their actions on an
> individual basis. They will not be time barred by the statute of limitations, as it is
> suspended during the time they are allegedly parties to the class action. American

-7-

<span style="display:block; text-align:right;">Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). 487 Pa. at 279, 409 A.2d at 350.</span>

Kruth, 346 Pa. Super. at 155.

Indeed, the tolling principle announced in American Pipe and extended in Crown, Cork & Seal is a part of the law of Pennsylvania.  Miller v. Federal Kemper Ins. Co., 352 Pa. Super. 581, 589 (Pa. Super. Ct. 1986).  The Explanatory Note to Pa.R.C.P. 1701, which defines the term "class action," states:

> This definition becomes important in determining the effect of the commencement of a class action as tolling the statute of limitations as to the members of the class other than the named representatives. It carries into effect the decision of the United States Supreme Court in American Pipe and Construction Company v. State of Utah, 414 U.S. 538, 38 L.Ed.2d 713, 94 S.Ct. 756 (1974), in which the Court held that the commencement of an action as a class action suspends the applicable statute of limitations during the interim period from commencement until refusal to certify as to all putative members of the class who would have been parties if the action had been certified as such.

Miller v. Federal Kemper Ins. Co., 352 Pa. Super. at 589 (quoting Explanatory Note to Pa.R.C.P. 1701).

For the foregoing reasons, Pennsylvania law has adopted the American Pipe doctrine.

**2.      Plaintiffs' claims were tolled under the American Pipe doctrine under Pennsylvania law and, therefore, were timely filed.**

Under the American Pipe doctrine, plaintiffs' claims were tolled and, therefore, their actions were timely filed under Pennsylvania law.

42 Pa.C.S.A. § 5524(2), (7) provides that an action to recover damages for injuries under a theory of negligence must be commenced within two years from the date of the purportedly negligent act.  42 Pa.C.S.A. § 5524(2).  Furthermore, the statute of limitations for a wrongful death action is two years.  42 Pa.C.S.A. § 5524.  Nevertheless, Pennsylvania follows the

discovery rule for product liability/negligence actions and wrongful death actions.  See In re Latex Gloves Products Liability Litigation, 152 F.Supp.2d 667 (E.D.Pa.2001) (emphasis added) (holding that an exception known as the discovery rule "arises from the inability of the injured, despite the exercise of due diligence, **to know of the injury or its cause**" and [w]here the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible."); Baumgart v. Keene Building Products Corp., 542 Pa. 194, 199, 666 A.2d 238, 240 (1995) (applying discovery rule to wrongful death action).

Here, under Pennsylvania's statute of limitations and discovery rule, plaintiffs' statute limitations for their product liability actions and wrongful death actions did not expire until at the very earliest, September 30 2006.

Prior to September 30,006,  there was a putative class action pending in the Eastern District of Pennsylvania that was filed on January 20, 2006.  Michael GETZ and Maribeth Getz, et al., v. MERCK & CO., INC., No. 06CV00272, (E.D.Pa. January 20, 2006) (Exhibit A).  The class was defined as:

> All persons residing in Pennsylvania who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.

 (Exhibit A, complaint attached hereto).

Plaintiffs are members of this class.  Additionally, there are other Pennsylvania Class Actions for Vioxx that have been filed in state court and in the federal district courts of

Pennsylvania.  Gwendolyn L. CARR, v. MERCK & CO., INC., No. 04CV04900, 2004 WL 2697106 (E.D.Pa. 2004) (Exhibit B) (medical monitoring class),  Finally, on August 2, 2005, the Master complaint for all pending or subject to transfer class actions was filed in this Court that contained a class action for personal injury and wrongful death with a Pennsylvania class. Evening considering this Court's denial of the PSC's motion for class certification of the nationwide class action for personal injury and wrongful death on November 22, 2006, plaintiffs have still timely filed their action within two years of this denial.[2]

In any case, on February 1, 2007, plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi for decedent Catherine Dusi filed their claims against Merck, alleging that their ingestion of Vioxx caused cardiovascular injuries.  DeVito et al v. Merck & Co Inc, 2:07-cv-00562-EEF-DEK (E.D.LA. February 1, 2007).  Accordingly, under the American Pipe doctrine, plaintiffs' claims were tolled and, therefore, their actions were timely filed.

**III.   Conclusion**

For the reasons contained herein, Defendant Merck's motion for summary judgment should be denied.

---

[2]  Class action tolling is still in effect for each individual state as this Court left open the potential for each jurisdiction to maintain a class action in its Order and Reasons of November 22, 2006. See In re Vioxx Products Liability Litigation. MDL No. 1657, Order and Reasons at 5 n. 5 (E.D. La. Nov. 22, 2006)(Order denying nation-wide class personal Injury class action); see also Second Amended Master Class Action Complaint in In re Vioxx Products Liability Litigation, MDL No. 1657 (E.D.La. January 23, 2006)(wherein a class representative has been identified for the vast majority of states, effectively tolling the limitations periods for plaintiffs in those states).

JEFFREY J. LOWE, PC


By: _____Francis J. "Casey" Flynn_____
              Jeffrey J. Lowe
              Francis J. "Casey" Flynn
              Attorney for Plaintiffs
              8235 Forsyth, Suite 1100
              St. Louis, Missouri 63105
              (314) 678-3400
              Fax: (314) 678-3401

              John Carey
              Joseph P. Danis
              Sarah Hale
              CAREY & DANIS, LLC
              8235 Forsyth Boulevard, Suite 1100
              St. Louis MO 63105
              Telephone: 314-725-7700
              Facsimile: 314-721-0905


              T. Evan Schaeffer
              Andrea B. Lamere
              SCHAEFFER & LAMERE, P.C.
              5512 Godfrey Road
              Highway 67, Suite B
              Godfrey, IL 62035
              618-467-8200

              Evan Buxner
              Walther Glenn Law Offices
              1034 S. Brentwood Blvd., Suite 1300
              St. Louis, MO 63117
              314-725-9595
              Fax: 314-725-9597

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served electronically on all parties to be electronically served this 7th day of November, 2007, to:

Francis J. "Casey" Flynn