UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| *Ridinger v. Merck & Co., Inc.* | * | |
| No. 2:07cv00381 | * | MAGISTRATE |
| | * | KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MERCK'S MOTION FOR SUMMARY JUDGMENT and STATEMENT OF ADDITIONAL MATERIAL FACTS

COMES NOW Plaintiff, Jack Ridinger, through his attorneys and incorporates by reference the brief previously filed on this issue by the Plaintiffs Steering Committee for the MDL-1657, as well as, the PSC's statement of material fact at issue required by the local rules of the Eastern District of Louisiana.

### ADDITIONAL STATEMENT OF MATERIAL FACTS

Either through mistake or oversight, Merck has neglected to address the fact that Plaintiff commenced the instant action in state court in Illinois on September 25, 2006, under the case number of 06-L-864, within the two year statute of limitations. *See Exhibit A--Plaintifs' Original Complaint* and *Exhibit B--Affidavit of Damages*. Note especially at the Clerk of the Court stamp in the upper right corner on the first page of both Exhibit A and B. This was a group of ten similarly situated Plaintiffs who all took Vioxx and suffered cardiovascular injury. Included in the ten plaintiffs are Jack Ridinger, Diane Durbin, and Barbara McKeal. The were filed together based on 735

ILCS 5/2-403, which states as follows: "All persons may join in on action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions…." In this case the transaction was the manufacturer, sale and marketing of a dangerous drug, Vioxx.

Then on October 11, 2006 the Madison County Court ordered the cause of action that included Jack Ridinger, Diane Durbin, and Barbara McKeal to be severed and the Clerk to assign case numbers to the severed cases. *See Exhibit C--Order to Sever.* Then case numbers were assigned. *See Exhibit D--Assignment Order.* However, the severed cases have always related back to the original filing on September 25, 2006.

Plaintiff's case was then removed to Federal Court in the Southern District of Illinois and a Motion to Stay was granted, and Plaintiff's case was transferred to this Court. In the interim, there was substantial communication with Counsel for Merck, Hughes, Hubbard & Reed, in a lengthy attempt to correct the confusion about the severed cases and avoid duplicate Plaintiff Facts Sheets. *See Exhibit E -- Correspondence with Hughes Hubbard regarding Duplicate Cases.*

Finally, in conjunction with Hughes Hubbard & Reed a stipulation of dismissal without prejudice was requested and ordered by this Court on October 10, 2007. *Exhibit F--Stipulation of Dismissal Without Prejudice* and *Exhibit G--Order of Dismissal Without Prejudice.* However, it is clear from the stipulation, dismissal and the accompanying correspondence that the intent all along was for Jack Ridinger, Diane Durbin, and Barbara McKeal to remain open viable cases. What followed the dismissal, is a classic case of the left hand of Merck not knowing what the right hand of Merck was doing. Only twelve days later, Merck filed a summary judgment based on the incorrect filing

date for Jack Ridinger, Diane Durbin, and Barbara McKeal.  Merck bases their entire legal argument on the false assumption that these cases were first filed on October 11, 2007.  This was not the original filing date for Jack Ridinger, Diane Durbin, and Barbara McKeal—this is merely the date of the order to sever and the assignment order.  This mistake is clearly unintentional; in fact, in Merck's Summary Judgment Memorandum, Merck comments on how "remarkably similar" the pleadings are for the Jack Ridinger, Diane Durbin, and Barbara McKeal not comprehending that they are identical severed cases that originate in from the September 25, 2006 filing.

Illinois rules of civil procedure state that, "an action may be severed…as an aid to convenience, whenever it can be done without prejudice to a substantial right." 735 ILCS 5/2-1006.  The substantial right before this Court is the right to have the severed cases relate back to the original filing—Exhibit A, for purposes of calculating timely filing within the applicable statute of limitation.

On, or about, December 2003, the Plaintiff was treated at for a heart attack. (Exhibit A, ¶ 8) Merck withdrew their products from the United States marketplace in September 30, 2004 in the face of the United States Food and Drug Administration's ("FDA") impending action.  Plaintiff had no idea of the possible connection between Vioxx and his heart attack until after the recall.  *See Exhibit H--Plaintiff's Affidavit Ridinger.*

## ARGUMENT

### I.     Legal Standard

Summary judgment may be granted when "the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue

3

as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c). *See also Torres v. City of Chicago*, 261 Ill. App. 3d 499, 503, 632 N.E.2d 54, 56 (1st Dist. 1994). In ruling on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in favor of the non-moving party. *See Stephen v. Swiatkowski*, 263 Ill. App. 3d 694, 697, 635 N.E.2d 997, 1000 (1st Dist. 1994); *First State Ins. Co. v. Montgomery Ward & Co.*, 267 Ill. App. 3d 851, 854-55, 642 N.E.2d 715, 717-18 (1st Dist. 1994). At minimum, there is a genuine issue of material fact as to when Plaintiff knew or should have known that their cardiovascular event was caused by a defective drug called Vioxx. In making the determination whether there is a genuine issue as to any material fact, the Court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. *Ovadka v. Rend Lake Bank*, 203 Ill. App. 3d 1007, 1015, 561 N.E. 2d 360, 365, 149 Ill.Dec. 82 (5th Dist. 1990). "Where the facts admit of more than one conclusion, including a conclusion unfavorable to the party moving for summary judgment, such facts cannot support a motion for summary judgment." *Id* at 366.

      Summary judgment is not a substitute for a trial of disputed factual issues, and a court's role in ruling on a request for summary judgment is not to weigh the evidence, to resolve factual issues, or to choose between the inferences that may be drawn from the facts. *See Andersen v. Koss*, 173 Ill. App. 3d 872, 875-76, 527 N.E.2d 1098, 1100 (1st Dist. 1988); *Schuster v. East St. Louis Jockey Club, Inc.*, 37 Ill. App. 3d 483, 487, 345 N.E.2d 168, 172 (5th Dist. 1976). Moreover, if a fair minded person could draw different inferences from the undisputed facts, a triable issue exists and a Motion for Summary

Judgment must be denied. *See Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992); *Anglin v. Oros*, 257 Ill. App. 3d 213, 216, 628 N.E.2d 873, 875 (1st Dist. 1993); *Riley v. Singer*, 75 Ill. App. 3d 1036, 394 N.E. 2d 746 (5th Dist. 1979). It is only when the undisputed facts are susceptible of but a single inference that the issue becomes one of law. *Id.*

The Illinois Supreme Court has instructed that summary judgment is a drastic measure that should only be granted where the movant's right to judgment is clear and free from doubt. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill.2d 90, 102, 607 N.E.2d 1204 (1992). Because of the drastic nature of this procedure, all evidence presented to the circuit court considering a summary judgment motion must be considered in the light most favorable to the nonmoving party (*In re Estate of Hoover*, 155 Ill.2d 402, 410-11, 615 N.E.2d 736 (1993)), and the motion should be denied not only if there are disputed facts, but also if reasonable people could draw different inferences from the undisputed facts. *See Wood v. National Liability & Fire Insurance Co.*, 324 Ill. App. 3d 583, 585, 755 N.E.2d 1044 (2001).

The evidence submitted by the non-moving party in response to a motion for summary judgment is to be believed and all justifiable inferences are to be drawn in the light most favorable to that party. *Matsushita Electric Ind. V. Zenith Radio*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the non-moving party responds by "set[ting] forth specific facts showing that there is a genuine issue for trial" the motion for summary judgment should be denied. *Anderson*, 477 U.S. at 256. A nonmoving party satisfies its burden of showing that a dispute about a material fact is genuine where the evidence is such that a reasonable jury could return a

5

verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 255-256.

## II.   Merck's Burden

A defendant who moves for summary judgment may meet its initial burden in two ways: (1) by affirmatively disproving the plaintiff's case by introducing evidence that, if uncontroverted, would entitle the movant to judgment as a matter of law (traditional test)[citations omitted], or (2) by establishing that the nonmovant lacks sufficient evidence to prove an essential element of the cause of action (*Celotext* test)[citations omitted]." *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 688-89, 737 N.E.2d 662 (2000). "Only if a defendant satisfies its initial burden of production does the burden shift to the plaintiff to present some factual basis that would arguably entitle them to a judgment under applicable law." *Williams*, 316 Ill. App. 3d at 689, 737 N.E.2d 662. In opposing a motion for summary judgment, a party may rely solely upon the pleadings in creating a question of material fact until the movant supplies facts that would clearly entitle it to judgment as a matter of law. *Williams*, 316 Ill. App. 3d at 689, 737 N.E.2d 662.

## III.   Statute of Limitations – Discovery Rule

Illinois courts follow the "discovery rule" which provides that a cause of action accrues when a person knows or should know, through reasonable investigation, of the injury and its wrongful causation. *See, e.g., Healy v. Owens-Illinois, Inc.*, 359 Ill. App. 3d 186, 833 N.E.2d 906, 910 (1st Dist. 2005). "The reasons behind the discovery rule may support [its] application regardless of how an action is characterized." *Hermitage Corp.*, 166 Ill2d at 77, 651 N.E.2d at 1135. "Illinois courts have applied the discovery rule in a wide variety of actions to postpone the running of the statute of limitations."

*Hermitage Corp.*, 166 Ill2d at 77, 651 N.E.2d at 1135.  Courts are more concerned with whether the underlying facts support application of the discovery rule than how the action was characterized because "[a]n injured party may be unaware of an injury and its wrongful cause whether the action is deemed to involve tort, tort arising from contract, or other breach of contractual duty."  *Hermitage Corp.*, 166 Ill2d at 77, 651 N.E.2d at 1135.

The "requirements for properly pleading the discovery rule are not burdensome and great detail need not be alleged."  *Ogle v. Hotto*, 273 Ill. App. 3d 313, 323, 652 N.E.2d 815, 821 (1995).  To properly plead the applicability of the discovery rule, the plaintiff need only allege what fact or facts support the late discovery of the injury. *Ogle*, 273 Ill. App. 3d at 323, 652 N.E.2d at 821;  (citing *Kirksey v. Trefzger*, 175 Ill. App. 3d 891, 530 N.E.2d 559;  and *Gould v. Sachnoff & Weaver, Ltd.*, 240 Ill. App. 3d 243, 607 N.E.2d 1318).  Even where a pleader fails to plead sufficient facts to satisfy the discovery rule after a motion to dismiss raising statute of limitations issues has been filed, any such insufficiency does not justify a dismissal with prejudice but instead would require that the circuit court grant leave to amend.  *Ogle*, 273 Ill. App. 3d at 323, 652 N.E.2d at 821; (citing *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1034-35, 640 N.E.2d 1323, 1327 (1994)).

Here, the Plaintiff's complaint alleges that he was not aware of the dangerous propensities of Vioxx; that Merck had superior knowledge concerning the dangerous propensities of Vioxx; that Merck concealed this knowledge from the Plaintiff and consumers; and only the threat of FDA action prompted them to withdraw the product on September 30, 2004, after the Plaintiff suffered injury. (Exhibit A, 13).  As a review of Plaintiff's Complaint reveals, Plaintiff has sufficiently alleged facts that demonstrate that the discovery rule applies to the claims asserted.  Application of the discovery rule

7

"delays the commencement of the relevant statue of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill.2d 240, 249, 633 N.E.2d 627 (1994).

The test to be applied in this case was set out by the Illinois Supreme Court in *Nolan v. Johns-Manville*, 85 Ill. App. 2d 161, 421, N.E.2d 864, 52 Ill.Dec. 1 (1981). The Court concluded that the ends of justice were served by applying the discovery rule because the hardship to the Plaintiff, who neither knew, nor should have known that he was injured, outweighed any problems of proof created by the passage of time. *Id*. at 168, 421 N.E.2d at 867. The Court held that plaintiff's cause of action accrues when the plaintiff knows or reasonably should know that the injury was caused by the wrongful acts of another. The aforementioned rule keeps an injured person from being held to the standard of "knowing the inherently unknowable". *Id.* at 171, 421 N.E.2d at 868. More importantly, the Court stated that "the question of when a party knew or reasonably should have known both of an injury and its wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them. *Id*.

### IV. Merck Incorrectly Applies Illinois Law—Specifically Regarding the Discovery Rule and Sudden Traumatic Events.

Merck attempts to mischaracterize Plaintiff's injuries so that they can use the "Sudden Traumatic Event" cases to unjustly cut off the discovery rule. However, Illinois Courts hold that if a natural explanation existed for the plaintiff's injury which reasonably masked the alleged negligent cause, the statute of limitations should be tolled under the discovery rule until it would be fair to hold the plaintiff responsible for discovering his or her claim. *See Caraker v. Sandoz Pharms. Corp.*, 1999 U.S. Dist. LEXIS 10740 (D. Ill.

1999) at 13-20; *Hochbaum v. Casiano*, 292 Ill. App. 3d 589, 686 N.E.2d 626, 629, 226 Ill. Dec. 843 (Ill. App. Ct. 1997) at 630.[1]  In *Caraker,* the Court finds that Ms. Caraker, who had a stroke after a caesarean section delivery, had a natural possible explanation for the cause of her stroke other than a pharmaceutical drug, and that her statute of limitations as to product liability should be tolled.  "A jury could find that the Carakers reasonably believed that, without knowing any other definite cause, the stroke was caused by the recent childbirth, especially in light of the doctors' initial conclusions that the childbirth was a possible cause. Thus, the Court finds that summary judgment on whether the discovery rule applies to this traumatic injury case would be inappropriate." *Id.* at 18.

The *Hochbaum* line of cases also explores preexisting conditions and illnesses.  In *Hochbaum*, the sudden traumatic event is a suicide attempt that was the basis for a product liability claim involving the pharmaceutical drug Prozac.  In that case, the Court found that preexisting depression created a genuine material fact about whether a traumatic suicide attempt was related to the depression or some other cause, thereby tolling the statute of limitations. *Id.* at 628-29.

Merck's "Sudden Traumatic" argument fails because both heart attacks and strokes have natural (non-Vioxx) causes, and the mere fact that any person with cardiovascular risk factors has a heart attack or stroke does not put them on notice that they have the right to sue—this is particularly true in the period prior to Vioxx's removal from the market.  This is another example of how Merck would like to "have it both ways," by arguing that this Court should hold Plaintiff to the standard of a medical

---

[1] See also *Dockery v. Ortiz*, 185 Ill. App. 3d 296, 541 N.E.2d 226, 133 Ill. Dec. 389 (Ill. App. Ct. 1989); *Watkins v. Health & Hospitals Governing Comm'n*, 78 Ill. App. 3d 468, 397 N.E.2d 228, 33 Ill. Dec. 895 (Ill. App. Ct. 1979); *Pszenny v. General Electric Co.*, 132 Ill. App. 3d 964, 478 N.E.2d 485, 88 Ill. Dec. 170 (Ill. App. Ct. 1985).

9

expert--implying Plaintiff is to self-diagnose a Cox-2 hypercoagulable, occlusive, cardiovascular event; while on the other hand, maintaining (as Merck has before this Court and other trial courts) that Plaintiff's cardiovascular events are caused by the patient's own medical risk factors and not by Vioxx.

Furthermore, the "sudden event" construct is incompatible with the actual injury caused by Vioxx. Although a heart attack or a stroke may be characterized as sudden and traumatic, there is additional injury that is the result of a longer and insidious occlusive disease in Plaintiff's arteries. The acceleration of the occlusive or atherosclerotic process begins with the first dose and can continue even after Vioxx has been discontinued. This is the reason Plaintiff pleads that Vioxx caused heart attack and "other cardiovascular injuries" to reflect the insidious injury of occlusive disease. (Exhibit A, ¶ 8)  An additional obfuscation preventing the discovery of the relationship between Vioxx and cardiovascular injury is the amount of time that VIGOR and other studies state is necessary for the thrombolytic effect of Vioxx to reach its peak.

Plaintiff's injury is one with an insidious onset for which a date of injury goes beyond simply the date of the heart attack (and cannot be precisely determined), particularly by a layman.[2]  Instead, Illinois Courts use a reasonable person standard. *See Gordon v. Ortho-Mcneil Pharm., Inc.*, 430 F. Supp. 2d 814, 818 (D. Ill. 2006).  "If a reasonable person would not have discovered the injury any earlier…" then the discovery rule would apply. *Id.*  In the *Gordon* case, the Court used the reasonable person standard "…because it may be difficult for a lay person to draw the connection between taking a sinus medication and suffering from inflammation of the tendons and permanent muscle

---

[2] *See Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869. In *Gordon v. Ortho-Mcneil Pharm., Inc.*, 430 F. Supp. 2d 814, 818 (D. Ill. 2006)

atrophy." *Id.*; *See also Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) at 768.  It is just as difficult for Plaintiff, as a lay person, to make the connection between Vioxx and his heart attack prior to the recall of Vioxx.

### V. Plaintiff's Cause of Action is Tolled by Merck's Fraudulent Concealment.

Under Illinois law, a product liability statute of limitations may be tolled if the defendant liable for the claim fraudulently concealed the existence of the cause of action from the plaintiff. 735 Ill. Comp. Stat. Ann. 5/13-215 (2002). In such a case, the plaintiff has five years after his discovery of the cause of action within which to file suit.  Plaintiff asserts in his Complaint before the Court the existence of affirmative acts or representations by Merck which were designed to prevent and, in fact, did prevent, the plaintiff from discovering his claim.  Plaintiff further alleges that Merck engaged in misrepresentations to the public, including Plaintiff's physician, when they used the "Dodgeball" Vioxx strategy of minimizing concerns about possible Vioxx side effects. Finally, Plaintiff contends that Merck's fraudulent concealment prevented the accrual of the cause of action against Merck until after Vioxx was withdrawn from the market. (Exhibit A, ¶s 13-15, 54)

Merck's silence about the thrombolytic effects of Vioxx until September 30, 2004, coupled with a suppression of a material fact or deceptive conduct, amounts to active concealment.  <u>Posner v. Davis</u>, 76 Ill. App. 3d 638, 395 N.E.2d 133, 32 Ill. Dec. 186  (1st Dist. 1979).  Plaintiff's Complaint alleges the suppression of material fact, specifically that Merck withheld and misrepresented scientific study data.  In addition,

the master complaint for the MDL 1657 (herein incorporated by reference) contain numerous material fact that, if interpreted by this Court in the light most favorable to the Plaintiff, support Plaintiff's allegations of fraudulent concealment thereby tolling the statute. In fact, this Court has already ruled in a similar motion for summary judgment that, "[n]umerous factual issues relating to Merck's conduct both before and after the withdrawal of Vioxx from the market prevent this Court from summarily determining as a matter of law whether any such claims are time-barred." 478 F.Supp.2d 897.

### VI. When Plaintiff Was First Apprised of the Possible Wrongful Cause of His Injury is a Material Fact To Be Decided by the Trier of Fact.

The time at which a plaintiff knows or reasonably should have known both of the injury and that it was wrongfully caused by another party, however, is a question of fact for the trier of fact to decide. *See Morris v. Margulis*, 197 Ill. 2d 28, 36, 754 N.E.2d 314, 318 (2001); *Castello v. Kalis*, 352 Ill. App. 3d 736, 744, 816 N.E.2d 782, 788-89 (1st Dist. 2004); *Gordon v. Ortho-Mcneil Pharm., Inc.*, 430 F. Supp. 2d 814, 818 (D. Ill. 2006); *Jackson Jordan, Inc. v. Leydig, Voit & Mayer,* 158 Ill. 2d 240, 633 N.E.2d 627, 631, 198 Ill. Dec. 786 (Ill. 1994).

When Plaintiff was first apprised of the possible wrongful cause of his injury is a material fact, one that remains a genuine issue to be decided by the trier of fact. Even if this Court were to accept Merck's interpretation of Illinois law, it cannot be denied that an overwhelming amount of evidence exists to the contrary supporting the opposite conclusion. Indeed, the contrary evidence reveals a genuine issue as to a material fact, *i.e.* when the Plaintiff was first put on notice that he should investigate the wrongful cause of his injury? Viewing this evidence in any light, let alone in the light most

favorable to the Plaintiff, genuine issues of material fact remain. These issues need be determined by a trier of fact.

The evidence that the Defendants have offered in support of their respective Summary Judgment Motions is certainly contradicted by the pleadings, affidavits, written discovery, and medical records in this case. Properly, the trier of fact should be called upon to resolve any disputed facts.

## CONCLUSION

For the foregoing reasons, Merck's Motion for Summary Judgment must be denied. The evidence offered by the Merck does not affirmatively disprove any element of the Plaintiff's causes of action or the statute of limitations that govern his claims. Plaintiff can prove that Merck is liable in strict liability and in negligence for the negligent design and sale of Vioxx. Plaintiff can also prove that by manufacturing and selling a defective drug to the public, Merck breached an implied warranty and also misrepresented the effectiveness of the product. For the reasons stated above, Merck's Motion for Summary Judgment on all four counts must be denied

WHEREFORE, the Plaintiff prays that this Court deny the Defendants' Motions for Summary Judgment and for any other relief deemed appropriate under the circumstances.

        **GOLDENBERG HELLER ANTOGNOLI,**
        **ROWLAND SHORT & GORI, P.C.**

        By     /s/Aaron K. Dickey
        **Robert D. Rowland, #6198915**
        **Aaron K. Dickey #6281731**
        2227 S. State Route 157

P.O. Box 959
Edwardsville, IL 62025
618/656-5150 Telephone
618/656-6230 Facsimile
Email: rrowland@ghalaw.com
Email: aaron@ghalaw.com

ATTORNEYS FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that a copy of the above and foregoing was served on all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November, 2007.

                                              */s/ Aaron K. Dickey*
                                              GOLDENBERG HELLER ANTOGNOLI
                                              ROWLAND SHORT & GORI, P.C.