

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:    VIOXX PRODUCTS LIABILITY LITIGATION<br>MDL No. 1657 | SECTION L<br>JUDGE ELDON E. FALLON |
| This document relates to: | |
| DONALD R. PREUNINGER and<br>FLORA N. PREUNINGER,<br>    Plaintiffs,<br>v.<br>MERCK & CO., INC.,<br>    Defendant. | CASE NO. 06-10305<br><br>SET FOR HEARING ON<br>NOVEMBER 9, 2007<br>@ 9:30 a.m. |

**PLAINTIFFS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

Now come the Plaintiffs, by and through their undersigned counsel, and in response to Defendant's Motion for Summary Judgment on the statute of limitations, file this Brief and Affidavit of Flora Preuninger.

**I.    PLAINTIFFS' STATEMENT OF THE FACTS.**

Plaintiff, Donald Preuninger, suffered a heart attack and consequent hemorrhagic stroke on May 29, 2000, while using Vioxx®. Prior to this medical event, he was normal and not mentally incapacitated. Following this medical event and continuing to this date, Donald Preuninger has been unable to handle his own affairs and has been and remains totally dependent

1

upon his wife, Flora Preuninger for all decisions, activities of daily living, and daily care. (Affidavit of Flora Preuninger)

Plaintiffs, Donald Preuinger and Flora Preuinger, filed their lawsuit against Merck & Co., Inc. in the United States District Court for the Southern District of Texas on Tuesday, October 3, 2006. Defendant contends that the last day on which the lawsuit could have been legally filed was on Monday, October 2, 2006. Plaintiffs claim that the statute of limitations has been tolled since May 29, 2000, due to Donald Preuninger's continuous mental and physical incapacity.

## II.   TEXAS LAW ON STATUTE OF LIMITATIONS.

Plaintiffs agree that Texas law governs whether the statute of limitations had expired on this claim prior to the filing of the lawsuit on October 3, 2006.

The applicable Texas statute reads in its entirety:

§ 16.001  Effect of Disability
    (a)  For the purposes of this subchapter, a person is under a legal disability if the person is:
    (1)  younger than 18 years of age, regardless of whether the person is married; or
    (2)  of unsound mind.
    (b)  If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.
    (c)  A person may not tack one disability to another to extend a limitations period.

>    (d)  A disability that arises after a limitations period starts does not suspend the running of the period.

Tex. Civ. Prac. & Rem. Code 16.001 (2007).

## III.  TEXAS DEFINITION OF "UNSOUND MIND"

The Texas Probate Code no longer contains a definition for "unsound mind," this having been deleted by Acts 1995, 74th Leg., ch. 1039, § 73(1), eff. Sept. 1, 1995, repealing Tex. Prob. Code Ann § 3(y).  By the same Act, a definition for "incapacitated person" was added.

> "Incapacitated" or "Incapacitated person" means:
> (1) a minor;
> (2) an adult individual who, because of a physical or mental condition, is substantially unable to provide food, clothing, or shelter for himself or herself, to care for the individual's own physical health, or to manage the individual's own financial affairs; or
> (3) a person who must have a guardian appointed to receive funds due the person from any governmental source.

Tex. Prob. Code Ann § 3(p) (2007).

An adjudication of incompetency is not required to show the legal disability of unsound mind.  "Generally, the term 'unsound mind' refers to a legal disability, although it is not limited to persons who are adjudicated incompetent."  Hargraves v. Armco Foods, Inc., 894 S.W. 2d 546, 547 (Tex. App.-Austin, 1995).  "In order for 16.001 to toll the running of the statute, it is **not** required that the plaintiff be adjudicated incompetent.  To prevent summary judgment, it is only required that the plaintiff raise the issue of

3

mental incompetency." Casu v. CBI NA-CON, Inc., 881 S.W. 2d 32, 34 (Tex. App.-Houston, 1994).

## IV.  UNDER TEXAS LAW, THE COMMENCEMENT OF A SUIT ALONE IS INSUFFICIENT TO DENY THE PROTECTION OF THE TOLLING PROVISION.

The Texas Supreme Court has held that the mere filing of a lawsuit, alone, is insufficient evidence that the plaintiff was competent to proceed with his case. Ruiz v. Conoco, Inc., 868 S.W. 2d 752 (Tex. 1993). In Ruiz, the plaintiff was injured on January 24, 1986, and filed his first lawsuit nearly two years later. This lawsuit was dismissed. Ruiz filed a second lawsuit, which was also dismissed. Five years after the accident which made him incapacitated, Ruiz filed his third lawsuit. In holding that the filing of the first two lawsuits did not prove that he was competent to proceed with litigation, the Texas Supreme Court stated:

> Access to the courts does not alone provide a legally incapacitated person a viable opportunity to protect his legal rights. The disability of a person of unsound mind is not only the lack of access to the courts, but also the inability to participate in, control, or even understand the progression and disposition of their lawsuit….[T]he purpose and scope of the tolling provision, as applied to minors and persons of unsound mind, extends beyond merely ensuring their access to the courts. *See Obrien v. Massachusetts Bay Transp. Auth.*, 405 Mass. 439, 541 N.E. 2d 334, 337 (Mass. 1989)("It is plain that the disabilities to which the Legislature is referring are the disabilities of minority or mental incapacity themselves, not the disability to bring suit.")...
>     For these reasons, we conclude that the mere commencement of a lawsuit by, or on behalf of, a legally incapacitated individual is,

4

> considered alone, insufficient to deny the protection of the tolling provision. In reaching this conclusion, we follow what we believe to be the well-established majority rule. As noted in *Luchini v. Harsany*, 98 Ore. App. 217, 779 P. 2d 1053, 1056 (Ore. Ct. App. 1989):
>> It is the established rule in the majority of jurisdictions deciding the issue that the mere commencement of litigation has no effect on a tolling statute….The majority continues to hold that the extension created for minors, prisoners and the mentally handicapped is not terminated by the commencement of litigation by the representative.

Ruiz, 868 S.W. 2d at 755-756.

### V.   MR. PREUNINGER'S STATUTE OF LIMITATION IS TOLLED DUE TO HIS INCOMPETENCY SINCE MAY 29, 2000.

Texas law tolls the statute of limitations when a person has a mental condition caused by an accident that is the basis of the litigation, and the injury was substantial and prolonged. Ruiz, *supra;* Hargraves, 894 S. W. 2d at 548; Parker v. Yen, 823 S.W. 2d 359 (Tex. App.-Dallas, 1991).

Mr. Preuninger became incapacitated and unable to act for himself on May 29, 2000, and has remained so since that date. Mrs. Preuninger's Affidavit testimony is substantial evidence of this. Mrs. Preuninger, as a competent adult and his wife, who has been with her husband since their marriage in 1970, has a foundation from which to give an opinion as to whether her husband has the mental capacity to make his own decisions, and as to when the change occurred. Lay witnesses with a sufficient association and an adequate opportunity to observe another person may offer an opinion

as to their mental competency.  U.S. v. Alden, 476 F. 2d 378, 385 (7th Cir. 1973);  U.S. v. Minor, 459 F. 2d 103, 106 (5th Cir. 1972);  and see generally, Fed. R. Evid. 701.  Mrs. Preuninger is not able to make any medical diagnoses, but under the Rules of Evidence, with a proper foundation and opportunity to observe, she is entitled to testify about her opinions and perceptions of her husband's behavior, and when this happened.

Plaintiffs have presented substantial admissible evidence that Mr. Preuninger has been mentally incapacitated since May 29, 2000, the first date on which his claims could possibly have accrued.  Mr. Preuninger is of "unsound mind" and "incapacitated" pursuant to Texas Probate Code § 3(p), in that he has a physical and mental condition which causes him to be "unable to provide food, clothing, or shelter for himself…,to care for [his] own physical health, or to manage [his]own financial affairs."

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court to consider the argument and Affidavit presented by Plaintiffs, and to deny Defendant's motion for summary judgment.

/s/ Leila H. Watson
LEILA H. WATSON
Alabama Bar No.: 3023-S74L
ELIZABETH A. ELLIS
Alabama Bar No.: 3521-A63E
CORY WATSON CROWDER &
    DEGARIS, P.C.
Attorney for Plaintiffs
2131 Magnolia Avenue
Birmingham, Alabama 35205
205-328-2200
205-324-7896 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Response to Motion For Summary Judgment has been served on all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November, 2007.

/s/Leila H. Watson