**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**

*Watson v. Merck & Co., Inc.*, No. 05-5545

*Dawson v. Merck & Co., Inc.*, No. 07-1259

**ORDER & REASONS**

Before the Court is Merck & Co., Inc.'s third Motion for Summary Judgment (Rec. Doc. 12754) on statutes of limitations grounds. The instant motion addresses the claims of one plaintiff from Kentucky and one plaintiff group from Tennessee. On March 22, 2007, the Court denied Merck's first statutes limitations motion as premature. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897 (E.D. La. 2007). But earlier today, the Court revisited these issues and granted in part Merck's second statutes of limitations motion, finding that a number of claims were untimely under Pennsylvania, Puerto Rico, and Illinois law. *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007). To avoid repetition, the Court will assume familiarity with these prior decisions, and with the factual and legal background presented therein, and proceed directly to a discussion of the instant motion.

-1-

**I.      PRESENT MOTION**

On October 26, 2007, Merck filed the instant motion for summary judgment in two individual cases. A brief summary of the facts of each case subject to the motion follows:

- **Kentucky:** Timothy Watson resides in Kentucky. He began using Vioxx in July 2001 and allegedly suffered a stroke on August 23, 2002. His case was filed on November 14, 2005 in this Court as *Watson v. Merck & Co., Inc.*, No. 05-5545.

- **Tennessee:** Philip and Marilyn Dawson reside in Tennessee. Mr. Dawson began using Vioxx in 2002 and allegedly suffered a heart attack on December 23, 2003. The Dawsons' case was filed on December 29, 2006 in Tennessee state court and was subsequently removed and transferred into this MDL and assigned the following case number in this District: *Dawson v. Merck & Co., Inc.*, No. 07-1259.[1]

Merck argues that the bulk of these plaintiffs' claims are time-barred pursuant to any conceivably applicable statutes of limitations and, therefore, that it is entitled to summary judgment. More specifically, Merck contends that at the very latest, the various limitations periods began to run on September 30, 2004 when Vioxx was withdrawn from the market, and that the plaintiffs are not entitled to any form of tolling beyond this date under the relevant state laws. Merck also argues that, although timely, the remainder of the plaintiffs' claims fail as a matter of law for various reasons.

---

[1] This summary of the usage and injury information for each of the plaintiffs is based on both allegations in their complaints and answers they provided on the Plaintiff Profile Form, as required by Pretrial Order No. 18C. The complaints and profile forms for these plaintiffs are attached to Merck's instant motion as exhibits 42 through 45.

Re-urging the arguments it made in opposition to Merck's first statutes of limitations motion, the Plaintiffs' Steering Committee argues that the plaintiffs' claims are timely based on a combination of the discovery rule and the fraudulent concealment doctrine (both of which may delay the running of limitations periods) and tolling of the applicable limitations periods under the doctrine announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). *See* Rec. Docs. 12846 & 9548. Additionally, the Court has also received a timely case-specific opposition from the Kentucky plaintiff, in which he argues that factual disputes continue to preclude summary judgment in his case. *See* Rec. Doc. 12906.[2]

## II.    LAW & ANALYSIS

The analytical framework for addressing the instant motion is essentially identical to that set forth in the Court's previous statutes of limitations decision in this MDL. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 902 (E.D. La. 2007). As stated in that opinion, the Court must first determine which state's choice-of-law rules to apply in these cases. Then, pursuant to those rules, it must choose the applicable statutes of limitations. Lastly, the Court must determine when each limitations period began to run and whether or not the applicable statutes of limitations have been tolled, either by the pendency of class actions or otherwise. Merck will be entitled to summary judgment only if the Court can determine that the applicable limitations periods expired prior to the filing of the plaintiffs' respective claims.

### A.    Kentucky Plaintiff

The Kentucky plaintiff identified in the instant motion filed his claims directly in this

---

[2] Pursuant to the order of the Court, all oppositions to Merck's motion were to be filed no later than November 7, 2007. *See* Rec. Doc. 12823. However, the Tennessee plaintiffs have not formally filed a case-specific opposition.

-3-

Court pursuant to Pretrial Order No. 11 on November 14, 2005.  Specifically, Timothy Watson asserts claims for negligence (Count I), defective design (Count II), marketing defect–failure to warn (Count III), breach of express warranties (Count IV), and misrepresentation and fraud (Count V).  The Court previously discussed the use of direct filing in this MDL and has concluded that Louisiana's choice-of-law rules must be applied in such cases.  *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903-04 (E.D. La. 2007).  Louisiana's choice-of-law rules for selecting the applicable limitations period in a particular case are set forth in Article 3549 of the *Louisiana Civil Code*.  The Court has also previously concluded that, under Article 3549, Louisiana's prescription law does not breathe new life into claims that are otherwise stale under the law of the plaintiffs' home states.  *See id.* at 911; *see also In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007).  Accordingly, Merck will be entitled to summary judgment if the plaintiff's claims are untimely under Kentucky law.[3]

Kentucky employs a one-year limitations period for personal injury claims.  *See* Ky. Rev. Stat. Ann. § 413.140(1)(a).  Kentucky's discovery rule provides that this limitations period "commences from the date the plaintiff knew or should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *See Perkins v. Ne. Log Homes*, 808 S.W.2d 809, 819 (Ky. 1991) (internal quotation omitted).  Moreover, the limitations period will be tolled when "there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." *McLain v.*

---

[3] The plaintiff purports to assert all of his claims under New Jersey law.  However, the Court has concluded on many occasions in this MDL that the claims of individual plaintiffs will be governed by the substantive law of their home states.  Therefore, the plaintiff's claims will be addressed under Kentucky law.

*Dana Corp.*, 16 S.W.3d 320, 326 (Ky. Ct. App. 1999).

Applying these principles to the plaintiff's strict liability and negligence claims in Counts I, II, and III, and drawing all justifiable inferences in his favor, the Court finds that, at the very latest, Kentucky's one-year statute of limitations began to run on September 30, 2004. Both the national and local media coverage of the withdrawal of Vioxx from the market were sufficient to put the plaintiff on notice of a potential link between his alleged injuries and the use of Vioxx. *See, e.g., Blanton v. Cooper Indus.*, 99 F. Supp. 2d 797, 801-03 (E.D. Ky. 2000) (noting that newspaper, radio, and television coverage of contamination contributed to the triggering of Kentucky's limitations period).[4] By waiting until November 14, 2005 to file suit, more than one year after the withdrawal of Vioxx from the market, the plaintiff cannot be said to have acted diligently. In his case-specific opposition, the plaintiff argues that he did not acquire actual knowledge of the fact that Vioxx may have caused his injuries until well after the recall of the drug and after certain data regarding short-term Vioxx use was publicly released. However, this argument was recently rejected in the coordinated Vioxx proceedings in New Jersey state court:

> There was, from before the drug was taken off the market, a debate about long-term versus short-term use of the drug. From before the withdrawal dates, plaintiffs argued that even short term use could cause heart attacks and even today Merck argues that short term use doesn't result in heart attacks, despite the various studies and publications that have been published in the medical journals over the last few years. . . . It is clear from the overwhelming weight of authority that plaintiff's attempts to parse the claims against defendant into short-term user and long-term user discovery dates is not appropriate. Plaintiff was aware of Vioxx as the potential cause of her heart attack following Vioxx's withdrawal from the market.

---

[4] The Court has previously discussed the "avalanche of media coverage" following the withdrawal of Vioxx from the market. *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007). This coverage penetrated into Kentucky as well. *See, e.g.*, Barbara Isaacs, *Vioxx News Stuns Area Doctors; Arthritis Drug Pulled on Heart, Stroke Risks*, Herald-Leader (Lexington, KY), Oct. 1, 2004, at A1.

*Oldfield v. Merck & Co., Inc.*, No. ATL-L-2-07, slip op. at 4-5 (N.J. Sup. Ct. Oct. 15, 2007). This Court agrees. Accordingly, the plaintiff's strict liability and negligence claims in Counts I, II, and III are time-barred under Kentucky law.

The plaintiff's express warranty claims in Count IV are subject to a four-year statute of limitations under Kentucky law. *See* Ky. Rev. Stat. Ann. § 355.2-725. Such claims accrue "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* Because the plaintiff began using Vioxx in July 2001, his warranty claims became stale in July 2005, approximately four months before he filed suit. Moreover, the plaintiff's warranty claims also fail under Kentucky law due to the lack of privity, that is, because he did not purchase Vioxx directly from Merck. *See, e.g., Complex Int'l Co. v. Taylor*, 209 S.W.3d 462 (Ky. 2006); *Williams v. Fulmer*, 695 S.W.2d 411 (Ky. 1985).

The plaintiff's misrepresentation and fraud claim in Count V is subject to either a five- or ten-year statute of limitations under Kentucky law, depending on how it is characterized. *See* Ky. Rev. Stat. Ann. §§ 413.120, 413.130. Assuming, as the Court has previously done, that either of these limitations periods began to run on September 30, 2004 when Vioxx was withdrawn from the market, the plaintiff's misrepresentation and fraud claim appears to be timely. Merck argues, however, that the plaintiff has failed to allege that Merck made any false statements of "material" fact, but rather that the company merely failed to disclose certain information. Moreover, Merck argues that it did not have a duty to disclose the allegedly concealed facts to the plaintiff. Because the plaintiff does in fact allege more than a mere omission on Merck's part, and based on the limited record presently before the Court, Merck's

-6-

motion will be denied in part as it relates to the plaintiff's misrepresentation and fraud claim.[5]

Lastly, the Court finds that the plaintiff's claims are not saved by *American Pipe* tolling under Kentucky law. Kentucky has never adopted the *American Pipe* doctrine. *See, e.g., Highland Park Ass'n of Bus. & Enters. v. Abramson*, 91 F.3d 143 (6th Cir. 1996) (unpublished table decision). Moreover, there have been no Vioxx class actions filed in the Kentucky state courts. Absent clear guidance, the Court will not adopt a cross-jurisdictional class action tolling doctrine on Kentucky's behalf. *See, e.g., Wade v. Danek Med., Inc.*, 182 F.3d 281, 286-88 (4th Cir. 1999) ("[W]e reject appellants' argument that the Virginia Supreme Court would adopt a cross-jurisdictional equitable tolling rule.").[6]

### B. Tennessee Plaintiffs

The Tennessee plaintiffs identified in the instant motion filed suit in Tennessee state court on December 29, 2006, and their case was subsequently removed and transferred into this MDL pursuant to 28 U.S.C. § 1407. Specifically, the Dawsons assert claims for strict liability, negligence, and breach of warranty (express and implied). In these circumstances, the Court will apply Tennessee's choice-of-law rules to select the applicable statutes of limitations. *See Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990). Tennessee's choice-of-law rules dictate that

---

[5] The Court does not, however, pass judgment on the *merits* of the Kentucky plaintiff's misrepresentation and fraud claim. Indeed, although this claim may be timely, it is likely to face future challenges in terms of an enhanced burden of proof on causation and recoverable damages. Moreover, all such claims must also satisfy Rule 9(b)'s particularity pleading requirement.

[6] In conjunction with his case-specific opposition, the Kentucky plaintiff has also filed a Motion for Leave to File a Third Amended Complaint (Rec. Doc. 12910), which Merck opposes. The Court cannot sanction the plaintiff's attempt to add additional factual allegations at this final hour. Accordingly, IT IS ORDERED that the plaintiff's motion for leave is DENIED.

Tennessee's statutes of limitations apply in this case.  *See Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328 (6th Cir. 1989).

Tennessee employs a one-year limitations period for personal injury claims premised on theories of negligence and strict liability.  *See* Tenn. Code Ann. § 28-3-104.  Tennessee's discovery rule provides that these limitations periods do not begin to run until a plaintiff discovers, or reasonably should have discovered, the following:  "(1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty."  *Foster v. Harris*, 633 S.W.2d 304, 304-05 (Tenn. 1982); *see also Roe v. Jefferson*, 875 S.W.2d 653 (Tenn. 1994).  Moreover, like Kentucky, Tennessee also provides for tolling of statutes of limitations where a defendant fraudulently conceals a plaintiff's right of action.  *See Ray v. Scheibert*, 450 S.W.2d 578, 579-81 (Tenn. 1969).  However, Tennessee's limitations periods are not tolled "by mere ignorance of the plaintiff and his failure to discover existence of the cause of action within the statutory limitation."  *Id.* at 580-81.

Applying these principles to the plaintiffs' strict liability and negligence claims, and drawing all justifiable inferences in their favor, the Court finds that, at the very latest, Tennessee's one-year statute of limitations began to run on September 30, 2004.  Both the national and local media coverage of the withdrawal of Vioxx from the market were sufficient to put the plaintiffs on notice of a potential link between Mr. Dawson's alleged injuries and the use of Vioxx.  *See, e.g., Bell v. Goforth*, No. 04-997, 2006 WL 627189, at *7-8 (Tenn. Ct. App. Mar. 14, 2006) (noting that the mere revocation of a company's charter by the Secretary of State

contributed to the triggering of Tennessee's limitations period).[7] By waiting until December 29, 2006 to file suit, more than two years after the withdrawal of Vioxx from the market, the plaintiffs cannot be said to have acted diligently. Accordingly, the plaintiffs' strict liability and negligence claims are time-barred under Tennessee law.

The plaintiffs' warranty claims are subject a four-year statute of limitations. *See* Tenn. Code Ann. § 47-2-275. However, their warranty claims are also subject to a one-year statute of repose that requires such claims to be filed "within one (1) year after the expiration of the anticipated life of the product." Tenn. Code Ann. § 29-28-103. The "anticipated life" of a product is determined by the expiration date "placed on the product by the manufacturer when required by law." Tenn. Code Ann. § 29-28-102(1). Pursuant to federal regulations, manufacturers of prescription drugs must place expiration dates on their products. *See* 21 C.F.R. § 211.137(a). Following federally mandated stability testing, *see* 21 C.F.R. § 211.166, Vioxx was determined to have a shelf life of eighteen months and was marked accordingly. Therefore, assuming liberally that the plaintiffs first purchased Vioxx on the date of Mr. Dawson's alleged injury, December 23, 2003, their warranty claims would have become stale eighteen months later, on June 23, 2005, over a year before they filed suit. Thus, the plaintiffs' warranty claims are also untimely under Tennessee law.

Lastly, the Court finds that the plaintiffs' claims are not saved by *American Pipe* tolling

---

[7] The Court has previously discussed the "avalanche of media coverage" following the withdrawal of Vioxx from the market. *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007). This coverage penetrated into Tennessee as well. *See, e.g.*, Maria Burnam, *Vioxx Shelved; Drug Used by Millions*, Commercial Appeal (Memphis, TN), Oct. 1, 2004, at A1; Bush Bernard, *Vanderbilt Study Helps Lead to Recall of Medicine*, The Tennessean (Nashville, TN), Oct. 1, 2004, at A2.

under Tennessee law. Although Tennessee does recognize class action tolling, the Supreme Court of Tennessee has expressly rejected cross-jurisdictional tolling, that is, Tennessee will not toll its statute of limitations "pending a judicial outcome in a foreign jurisdiction." *See Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 807-08 (Tenn. 2000). Because there have been no Vioxx personal injury class actions filed in the Tennessee state or federal courts, the plaintiffs cannot rely on Tennessee's limited class action tolling doctrine.

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Merck's Motion for Summary Judgment (Rec. Doc. 12754) is GRANTED IN PART and DENIED IN PART such that the claims of the identified plaintiffs are hereby DISMISSED WITH PREJUDICE in their entirety, except for the Kentucky plaintiff's misrepresentation and fraud claim.

New Orleans, Louisiana, this 8th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE