UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**

    *Preuninger v. Merck & Co., Inc.*, **No. 06-10305**

    *Tribby, et al. v. Merck & Co., Inc.*, **No. 07-4118**
        (regarding only Susan Robello)

    *Tran v. Merck & Co., Inc.*, **No. 07-368**

    *Wyser v. Merck & Co., Inc.*, **No. 07-2695**


**ORDER & REASONS**

Before the Court is Merck & Co., Inc.'s fourth Motion for Summary Judgment (Rec. Doc. 12798) on statutes of limitations grounds. As it now stands, the instant motion addresses the claims of one plaintiff group from Texas, two plaintiffs from California, and one plaintiff from Indiana.[1] On March 22, 2007, the Court denied Merck's first statutes limitations motion as

---

[1] Merck's motion originally addressed the claims of one additional plaintiff group from West Virginia in the following case: *Noe v. Merck & Co., Inc.*, No. 07-3311. However, the Court has been informed that Merck has withdrawn its motion with respect to this case. *See* Rec. Doc. 12834. Accordingly, IT IS ORDERED that Merck's motion is DENIED AS MOOT IN PART with respect to this plaintiff group.

-1-

premature. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897 (E.D. La. 2007). But earlier today, the Court revisited these issues and granted in part Merck's second statutes of limitations motion, finding that a number of plaintiffs' claims were untimely under Pennsylvania, Puerto Rico, and Illinois law. *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007). To avoid repetition, the Court will assume familiarity with these prior decisions, and with the factual and legal background therein, and proceed directly to a discussion of the instant motion.

## I.   PRESENT MOTION

On October 29, 2007, Merck filed the instant motion for summary judgment on statutes of limitations grounds in several individual cases. A brief summary of the facts of each case that remains subject to the motion follows:

- **Texas:** Donald and Flora Preuninger reside in Texas. Mr. Preuninger began using Vioxx in April 2000 and allegedly suffered a heart attack on May 29, 2000, which led to a subsequent hemorrhagic stroke. Their case was filed on October 3, 2006 in the United States District Court for the Southern District of Texas and was subsequently transferred into this MDL and assigned the following case number in this District: *Preuninger v. Merck & Co., Inc.*, No. 06-10305.

- **California:** Susan Robello and Viet Tran reside in California. Susan Robello alleges that her husband Lawrence Robello suffered a fatal heart attack on March 8, 2005 as a result of taking Vioxx. Her claims were filed in this Court on August 15, 2007 as part of *Tribby, et al. v. Merck & Co., Inc.*, No. 07-4118. Viet Tran began using Vioxx in 2001 and allegedly suffered a "heart condition" from 2002

>    to 2004. His case was filed on October 4, 2006 in California state court and was subsequently removed and transferred into this MDL and assigned the following case number in this District: *Tran v. Merck & Co., Inc.*, No. 07-368.
>
> • **Indiana:** David Wyser resides in Indiana. He began using Vioxx in June or July 2003 and allegedly suffered a heart attack on July 28, 2003. His case was filed on March 16, 2007 in the United States District Court for the Southern District of Indiana and was subsequently transferred into this MDL and assigned the following case number in this District: *Wyser v. Merck & Co., Inc.*, No. 07-2695.[2]

Merck argues that the bulk of these plaintiffs' claims are time-barred pursuant to any conceivably applicable statutes of limitations and, therefore, that it is entitled to summary judgment. More specifically, Merck contends that at the very latest, the various limitations periods began to run on September 30, 2004 when Vioxx was withdrawn from the market, and that the plaintiffs are not entitled to any form of tolling beyond this date under the relevant state laws. Merck also argues that, although timely, the remainder of the plaintiffs' claims fail as a matter of law for various reasons.

Re-urging the arguments it made in opposition to Merck's first statutes of limitations motion, the Plaintiffs' Steering Committee argues that the plaintiffs' claims are timely based on a combination of the discovery rule and the fraudulent concealment doctrine (both of which may

---

[2] This summary of the usage and injury information for each of the plaintiffs is based on both allegations in their complaints and answers they provided on the Plaintiff Profile Form, as required by Pretrial Order No. 18C. The complaints and profile forms for these plaintiffs are attached to Merck's instant motion as exhibits 31 through 38.

delay the running of limitations periods) and tolling of the applicable limitations periods under the doctrine announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). *See* Rec. Docs. 12846 & 9548. Additionally, the Court has also received timely case-specific oppositions from the Texas plaintiffs and from the Indiana plaintiff. *See* Rec. Docs. 12908 & 12923. The Court will address the case-specific arguments below during its discussions of the relevant state law.[3]

## II.  LAW & ANALYSIS

The analytical framework for addressing the instant motion is essentially identical to that set forth in the Court's previous statutes of limitations decision in this MDL. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 902 (E.D. La. 2007). As stated in that opinion, the Court must first determine which state's choice-of-law rules to apply in these cases. Then, pursuant to those rules, it must choose the applicable statutes of limitations. Lastly, the Court must determine when each limitations period began to run and whether or not the applicable statutes of limitations have been tolled, either by the pendency of class actions or otherwise. Merck will be entitled to summary judgment only if the Court can determine that the applicable limitations periods expired prior to the filing of the plaintiffs' respective claims.

### A.  Texas Plaintiffs

The Texas plaintiffs identified in the instant motion filed their claims in the United States District Court for the Southern District of Texas on October 3, 2006 and their case was subsequently transferred into this MDL pursuant to 28 U.S.C. § 1407. Specifically, the

---

[3] Pursuant to the order of the Court, all oppositions to Merck's motion were to be filed no later than November 7, 2007. *See* Rec. Doc. 12823. However, the California plaintiffs have not formally filed case-specific oppositions.

Preuningers assert claims for strict liability (Count I), failure to warn (Count II), breach of warranty of merchantability (Count III), negligence (Count IV), wantonness (Count V), and fraud–misrepresentation–suppression (Count VI).  In these circumstances, the Court will apply Texas's choice-of-law rules to select the applicable statutes of limitations.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990).  Texas's choice-of-law rules dictate that Texas's statutes of limitations apply in this case.  *See State of California v. Copus* , 309 S.W.2d 227, 230 (Tex. 1958).

Texas employs a two-year limitations period for personal injury claims.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  Texas's discovery rule provides that this limitations period commences when "a plaintiff knows or, through the exercise of reasonable care and diligence, should have known of the wrongful act and resulting injury."  *Childs v. Haussecker*, 974 S.W.2d 31, 37 (Tex. 1998) (internal quotation omitted).  Moreover, where a defendant "fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence."  *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983).

Applying these principles to the plaintiffs' strict liability and negligence claims in Counts I, II, IV, and V, and drawing all justifiable inferences in their favor, the Court finds that, at the very latest, Texas's two-year statute of limitations began to run on September 30, 2004.  Both the national and local media coverage of the withdrawal of Vioxx from the market were sufficient to put the plaintiffs on notice of a potential link between Mr. Preuninger's alleged injuries and the use of Vioxx.  *See, e.g., Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 529

(Tex. Ct. App. 1991) (noting that extensive newspaper coverage of a gas leak contributed to the triggering of Texas's limitations period).[4]  By waiting until October 3, 2006 to file suit, more than two years after the withdrawal of Vioxx from the market, the plaintiffs cannot be said to have acted diligently.  Accordingly, the plaintiffs' strict liability and negligence claims in Counts I, II, IV, and V are time-barred under Texas law.[5]

The plaintiffs' warranty claim in Count III is subject to a four-year statute of limitations under Texas law.  *See* Tex. Bus. & Comm. Code Ann. § 2.725.  Such claims accrue "when the breach occurs, [that is, when tender of delivery is made,] regardless of the aggrieved party's lack of knowledge of the breach."  *Id.*  Because Mr. Preuninger began using Vioxx in April 2000, the plaintiffs' warranty claim became stale in April 2004, more than two years before they filed suit. *See, e.g., Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 547 (Tex. 1986).

---

[4] The Court has previously discussed the "avalanche of media coverage" following the withdrawal of Vioxx from the market.  *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007).  This coverage penetrated into Texas as well.  *See, e.g.*, Laura Beil, *Vioxx Recall Has Millions Wondering What To Do*, Dallas Morning News, Oct. 1, 2004, at 1A; Gina Kolata, *Merck Pulls Vioxx, Noting Health Risks*, Houston Chronicle, Oct. 1, 2004, at A3; *Vioxx Users Take Note: Popular Pain Relief Drug Deemed Unsafe*, Austin American-Statesman, Oct. 1, 2004, at A1.

[5] In their case-specific opposition, the plaintiffs contend for the first time that Mr. Preuninger's alleged mental and physical incapacity renders their claims timely.  Attached to the plaintiffs' opposition is an affidavit from Mrs. Preuninger detailing the ways in which her husband has become dependent upon her following his injury.  Texas law provides that "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period."  Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b).  For purposes of the statute, "a person is under a legal disability if the person is . . . of unsound mind."  *Id.* § 16.001(a); *see also Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex. App. 1995).  However, the plaintiffs must "produce specific evidence," or "fact-based expert opinion" to the effect that Mr. Preuninger "did not have the mental capacity to pursue litigation for a definite period of time."  *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. App. 1999).  The Court finds that the plaintiffs have failed to satisfy this burden and, therefore, that their claims are not saved by the unsound-mind exception.

Accordingly, the plaintiffs' warranty claim in Count III is also time-barred under Texas law.

The plaintiffs' fraud–misrepresentation–suppression claim in Count VI is subject to a four-year statute of limitations under Texas law.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051.  Assuming, as the Court has previously done, that this limitations period began to run on September 30, 2004 when Vioxx was withdrawn from the market, the plaintiffs' fraud–misrepresentation–suppression claim appears to be timely.  Merck argues, however, that the plaintiffs have failed to allege that Merck made any false statements of "material" fact, but rather that the company merely failed to disclose certain information.  Moreover, Merck argues that it did not have a duty to disclose any such information.  Because the plaintiffs do in fact allege more than a mere omission on Merck's part, and based on the limited record presently before the Court, Merck's motion will be denied in part as it relates to the plaintiffs' fraud–misrepresentation–suppression claim in Count VI.[6]

Lastly, the Court finds that the plaintiffs' claims are not saved by *American Pipe* tolling under Texas law.  Although Texas does recognize class action tolling, *see Grant v. Austin Bridge Constr. Co.*, 725 S.W.2d 366 (Tex. Ct. App. 1987), Texas has not explicitly adopted cross-jurisdictional tolling.  Moreover, several courts have suggested that Texas would not adopt cross-jurisdictional class action tolling.  *See In re Enron Corp. Sec., Derivative, & "ERISA" Litig.*, 465 F. Supp. 2d 687, 719-22 (S.D. Tex. 2006); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757-58 (Tex. Ct. App. 1995).  Absent clear guidance, the Court will not expand Texas's

---

[6] The Court does not, however, pass judgment on the *merits* of the Texas plaintiffs' fraud–misrepresentation–suppression claim.  Indeed, although this claim may be timely, it is likely to face future challenges in terms of an enhanced burden of proof on causation and recoverable damages.  Moreover, all such claims must also satisfy Rule 9(b)'s particularity pleading requirement.

class action tolling doctrine. *See, e.g., Wade v. Danek Med., Inc.*, 182 F.3d 281, 286-88 (4th Cir. 1999) ("[W]e reject appellants' argument that the Virginia Supreme Court would adopt a cross-jurisdictional equitable tolling rule."). Because there have been no Vioxx personal injury class actions filed in the Texas state courts, the plaintiffs cannot rely on Texas's limited class action tolling doctrine.

### B. California Plaintiffs

Susan Robello's claims were filed directly in this Court pursuant to Pretrial Order No. 11 on August 15, 2007 as part of the *Tribby* case. Robello asserts claims for strict products liability–defective design (Count I), strict products liability–failure to warn (Count II), negligent design (Count III), negligence–failure to warn (Count IV), negligent misrepresentation (Count V), fraudulent omission–concealment (Count VI), breach of implied warranty (Count VII), and breach of express warranty (Count VIII). The Court previously discussed the use of direct filing in this MDL and has concluded that Louisiana's choice-of-law rules must be applied in such cases. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903-04 (E.D. La. 2007). Louisiana's choice-of-law rules for selecting the applicable limitations period in a particular case are set forth in Article 3549 of the *Louisiana Civil Code*. The Court has also previously concluded that, under Article 3549, Louisiana's prescription law does not breathe new life into claims that are otherwise stale under the law of the plaintiffs' home states. *See id.* at 911; *In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007). Accordingly, Merck will be entitled to summary judgment if Robello's claims are untimely under California law.

Viet Tran filed suit in California state court on October 4, 2006 and his case was

subsequently removed and transferred into this MDL pursuant to 28 U.S.C. § 1407.  Tran asserts claims for strict liability (Count I), negligence (Count II), and breach of warranty (Count III).  In these circumstances, the Court will apply California's choice-of-law rules to select the applicable statutes of limitations.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990).  California's choice-of-law rules dictate that California's statutes of limitations apply in this case.  *See Ashland Chem. Co. v. Provence*, 181 Cal. Rptr. 340, 341 (Cal. Ct. App. 1982).  Accordingly, Merck will be entitled to summary judgment if Tran's claims are untimely under California law.

California employs a two-year limitations period for personal injury and wrongful death claims.  *See* Cal. Civ. Proc. Code § 335.1.  California's discovery rule provides that this limitations period commences when "the plaintiff discovers, or has reason to discover, the cause of action."  *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999).  Moreover, pursuant to California's fraudulent concealment doctrine, "[a] defendant's fraud in concealing a cause of action against him will toll the statute of limitations, and that tolling will last as long as a plaintiff's reliance on the misrepresentations is reasonable."  *Grisham v. Philip Morris U.S.A, Inc.*, 151 P.3d 1151, 1159 (Cal. 2007).

Applying these principles to the plaintiffs' strict liability and negligence claims, and drawing all justifiable inferences in their favor, the Court finds that, at the very latest, California's two-year statute of limitations began to run on September 30, 2004.  Both the national and local media coverage of the withdrawal of Vioxx from the market were sufficient to put the plaintiffs on notice of a potential link between their alleged injuries and the use of Vioxx.  *See, e.g., Grisham*, 151 P.3d at 1158 ("[E]vidence that information of a particular hazard has received widespread publicity may under some circumstances be a basis for granting summary

judgment for defendants on statute of limitations grounds and for defeating a plaintiff's delayed discovery claim.").[7]  By waiting until October 4, 2006 and August 15, 2007 to file their respective claims, more than two years after the withdrawal of Vioxx from the market, the plaintiffs cannot be said to have acted diligently.  Accordingly, the plaintiffs' strict liability and negligence claims are time-barred under California law.

The plaintiffs' warranty claims and fraudulent omission–concealment claims are also subject to California's two-year statute of limitations.  *See Rivas v. Safety-Kleen Corp.*, 119 Cal. Rptr. 2d 503, 511-13 (Cal. Ct. App. 2002) (collecting cases and noting that California's products liability limitations period applies to fraud and warranty claims when the alleged breaches led to personal injuries).  Accordingly, for the reasons expressed above, the plaintiffs' warranty claims and fraudulent omission–concealment claims are also time-barred under California law.

Additionally, the Court finds that the plaintiffs' claims are not saved by *American Pipe* tolling under California law.  Indeed, the California Supreme Court has rejected the application of *American Pipe* tolling in mass-tort personal injury cases.  *See Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 933-38 (Cal. 1988).  The *Jolly* case is directly on point and precludes the application of *American Pipe* in the instant cases against Merck.  Accordingly, the plaintiffs cannot rely on California's limited class action tolling doctrine.

---

[7] The Court has previously discussed the "avalanche of media coverage" following the withdrawal of Vioxx from the market.  *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007).  This coverage penetrated into California as well.  *See, e.g.*, Barbara Felder Ostrov, *Company Pulls Arthritis Drug; Study Shows Heart-Attack Risk*, Mercury News (San Jose, CA), Oct. 1, 2004, at 1A; Sabin Russell, *Arthritis Drug Vioxx Yanked Off Market*, San Francisco Chronicle, Oct. 1, 2004, at A1.

### C. Indiana Plaintiff

The Indiana plaintiff identified in the instant motion filed suit in the United States District Court for the Southern District of Indiana on March 16, 2007, and his case was subsequently transferred into this MDL pursuant to 28 U.S.C. § 1407. David Wyser asserts claims for negligent design–failure to reasonably test–failure to warn (Count I), strict liability (Count II), fraud (Count III), and constructive fraud (Count IV). In these circumstances, the Court will apply Indiana's choice-of-law rules to select the applicable statutes of limitations. *See Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990). Indiana's choice-of-law rules dictate that Indiana's statutes of limitations apply in this case. *See Horvath v. Davidson*, 264 N.E.2d 328 (Ind. Ct. App. 1970).

Indiana employs a two-year limitations period for personal injury claims. *See* Ind. Code § 34-1-2-2. Indiana's discovery rule provides that this limitations period does not begin to run until "the plaintiff knew, or in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *See Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). Moreover, pursuant to Indiana's fraudulent concealment doctrine, the limitations period will be tolled where "the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995); *see* Ind. Code § 34-11-5-1. However, "[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment." *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106-07 (7th Cir. 1985).

Applying these principles to the plaintiff's strict liability and negligence claims in Counts

I and II, and drawing all justifiable inferences in his favor, the Court finds that, at the very latest, Indiana's two-year statute of limitations began to run on September 30, 2004. Both the national and local media coverage of the withdrawal of Vioxx from the market were sufficient to put the plaintiff on notice of a potential link between his alleged injuries and the use of Vioxx.[8] By waiting until March 16, 2007 to file suit, more than two years after the withdrawal of Vioxx from the market, the plaintiff cannot be said to have acted diligently. In his case-specific opposition, the plaintiff argues that factual disputes preclude summary judgment in his case, including those concerning whether short-term Vioxx users were put on sufficient notice at the time the drug was withdrawn from the market. However, this argument was recently rejected in the coordinated Vioxx proceedings in New Jersey state court:

> There was, from before the drug was taken off the market, a debate about long-term versus short-term use of the drug. From before the withdrawal dates, plaintiffs argued that even short term use could cause heart attacks and even today Merck argues that short term use doesn't result in heart attacks, despite the various studies and publications that have been published in the medical journals over the last few years. . . . It is clear from the overwhelming weight of authority that plaintiff's attempts to parse the claims against defendant into short-term user and long-term user discovery dates is not appropriate. Plaintiff was aware of Vioxx as the potential cause of her heart attack following Vioxx's withdrawal from the market.

*Oldfield v. Merck & Co., Inc.*, No. ATL-L-2-07, slip op. at 4-5 (N.J. Sup. Ct. Oct. 15, 2007). This Court agrees. Accordingly, the plaintiff's strict liability and negligence claims in Counts I and II are time-barred under Indiana law.

The plaintiff's fraud and constructive fraud claims in Counts III and IV are also subject

---

[8] The Court has previously discussed the "avalanche of media coverage" following the withdrawal of Vioxx from the market. *See In re Vioxx Prods. Liab. Litig.*, ___ F. Supp. 2d ___, slip op. (E.D. La. Nov. 8, 2007). This coverage penetrated into Indiana as well. *See, e.g.*, Jeff Swiatek, *Lilly Had Its Own Bad Bout With An Arthritis Drug*, The Indianapolis Star, Oct. 1, 2004, at 1C.

to Indiana's two-year statute of limitations. *See Shideler v. Dwyer*, 417 N.E.2d 281, 285 (Ind. 1981) (collecting cases and noting that "though parties confronted with a limitations problem often attempt . . . to evade such difficulties by reliance upon pleading technicalities, the courts have consistently rebuffed these efforts in favor of substantive analysis."). Accordingly, "inquiring into the nature of the alleged harm," the Court finds that the "substance" of the plaintiff's cause of action in the instant case is one of personal injury. *See Whitehouse v. Quinn*, 477 N.E.2d 270, 274 (Ind. 1985). Therefore, for the reasons expressed above, the plaintiff's fraud and constructive fraud claims in Counts III and IV are also time-barred under Indiana law.[9]

Lastly, the Court finds that the plaintiff's claims are not saved by *American Pipe* tolling under Indiana law. Although Indiana does recognize class action tolling, *see Ling v. Webb*, 834 N.E.2d 1137, 1141-42 (Ind. Ct. App. 2005), Indiana has not explicitly adopted cross-jurisdictional tolling. In his case-specific opposition, the plaintiff argues that a Vioxx class action filed in Indiana federal court operates to toll the statute of limitations in his case. Absent clear guidance, however, the Court will not expand Indiana's class action tolling doctrine. *See, e.g., Wade v. Danek Med., Inc.*, 182 F.3d 281, 286-88 (4th Cir. 1999) ("[W]e reject appellants' argument that the Virginia Supreme Court would adopt a cross-jurisdictional equitable tolling rule."). Because there have been no Vioxx personal injury class actions filed in the Indiana state

---

[9] In his case-specific opposition, the plaintiff argues that his fraud claims are timely under Indiana's six-year statute of limitations for "[a]ctions for relief against frauds." *See* Ind. Code § 34-11-2-7. Moreover, the plaintiff contends that the *Shideler* and *Whitehouse* decisions have been interpreted narrowly and that they do not govern the instant case. *See, e.g., Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 246 (Ind. 1992). This Court disagrees and will faithfully adhere to *Shideler*'s "substantive analysis." *See, e.g., Lewis v. Methodist Hosp., Inc.*, 326 F.3d 851, 853-56 (7th Cir. 2003); *Davis v. George S. Olive & Co.*, 731 F. Supp. 1380, 1382-84 (S.D. Ind. 1990).

courts, the plaintiff cannot rely on Indiana's limited class action tolling doctrine.

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Merck's Motion for Summary Judgment (Rec. Doc. 12798) is GRANTED IN PART and DENIED IN PART such that the claims of the identified plaintiffs are hereby DISMISSED WITH PREJUDICE in their entirety, except for the Texas plaintiffs' fraud–misrepresentation–suppression claim.

New Orleans, Louisiana, this 8th day of November, 2007.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE