## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL NO. 1657** |
| **PRODUCT LIABILITY** | * | |
| **LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **SPECIAL MASTER PAUL RICE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CONTENTS

**I. Fourth Special Master's Report and Recommendations (Revised) – Merck Documents Circulated to Third Parties.**

**II. Ogilvy Privilege Log and Recommended Dispositions (Revised)**

**III. DDB Privilege Log and Recommended Dispositions (Revised)**

## I. Opinion and Recommendations

In the Special Master's Second Opinion and Recommendation to Judge Fallon, dated July 31, 2007, it was  recommended that all privilege claims for all confidential attorney-client communications distributed to third party consultants be denied.  It was concluded that distribution to individuals outside the corporate structure and the circle of confidentiality around the corporation and its attorney destroyed the element upon which the privilege is premised – confidentiality.  In that opinion the Special Master explored the existing case law that extended the scope of the privilege to communications with such consultants and concluded that the logic of those decisions was not sound and, regardless, did not justify expanding the privilege protection under the unique facts of this case.  On Sept. 21, 2007, after filing that opinion with Judge Fallon, he ordered the Special Master to address each individual privilege claim.  This was ordered so that Merck would have the same opportunity to address deficiencies in each claim similar to the opportunity provided to it in the initial sampling process mandated by the Fifth Circuit for the initial 30,000 privilege claims asserted by Merck and delegated to the Special Master for resolution.

Before embarking on the novel privilege resolution process, the Special Master, with the permission of the Judge Fallon, took the opportunity to further explore the question of distribution to consultants and any resulting waiver that could be found.  He asked the parties to file an additional brief addressing several questions:  (1) why the sharing of privileged

communications with third party consults should not be seen as a violation of the fundamental requirement that privileged communications remain confidential, (2) how extending the privilege to third party consults is consistent with the limited purpose of the privilege, which is to encourage more open and candid communications from the client to the attorney, and (3) if an exception to waiver were recognized for privilege communications circulated to outside consultants, what limitations would ensure that the exception does not swallow the privilege rule.[1]  Briefs having been received, tentative decisions having been issued, and Merck having been given the opportunity to address all concerns with individual privilege claims identified by the Special Master, final opinions and recommendations are being offered in this opinion on the issues of distributions to third party consultants and the individual privilege claims, assuming such distributions are found by Judge Fallon to be acceptable.

In this Opinion we are attempting to adhere to the principle that privileges should only be recognized (and presumably extended) when necessary to achieve a desired social end that is not possible without the privilege's suppression of evidence.  Abhorring the suppression of relevant evidence, the law resorts to that extreme tool only upon demonstrated necessity.  Therefore, Merck's burden has been to persuade us that the attorney-client privilege's goal of encouraging open and candid communication from the client to the attorney is sufficiently furthered by the suppression of communications with third party consultants to justify this action.  We conclude that the burden has not been met.  Neither policy nor reason, experience nor logic justifies an expansion of the privilege that permits a corporate client to share its confidential attorney-client communications with third party consultants because doing so would be useful to the consultants, but not necessary to the consultation process.

**Distribution of Privilege Communications to Third Parties –
The "Functional Employee" Claim**

Before discussing the issue of outside consultants, it is first necessary to clarify the issue that is being addressed in this opinion.  To do this, it may be helpful to start with what is not being addressed.  It is without question that agents of both the client and the attorney whose assistance is necessary in either communicating effectively with the attorney, or in the attorney rendering complete advice, may engage in confidential communications with both the client and the attorney that are protected by the attorney-client privilege.[2]  That is not what is being contested in this action.  If Merck had met the necessity standard, many of these claims would clearly be legitimate.  In this dispute, Merck is claiming that it has the right to distribute confidential attorney-client communications to outside consultants and that its attorneys had the right to communicate directly with those consultants and every communication either retained its privilege protection or came under the corporation's attorney-client privilege umbrella.

---

[1]  Merck filed its brief with the Special Master on October 4, 2007.  The PSC filed its response on October 26, 2007.

[2]  *See generally*, Paul R. Rice, Attorney-Client Privilege in the United States, §§ 3:3 & 4, Agents of Attorney– Standard of Need for Assistance, and  § 4:2, Agents of Client (Thomson West 2d ed. 1999).

In the Special Master's Opinion and Recommendation of July 31, 2007, the developing case law around distribution of privileged communications to outside consultants was thoroughly explored.[3]  There is no need to duplicate that examination in this Opinion.  Suffice it to say, some courts have recognized the right to bring outside consultants into the corporation's circle of confidentiality with its attorneys, solely because they have been placed in a position to function with and like employees.   These courts placed controlling weight on the positions the corporation permitted these consultants to hold.  As long as the consultants were "functional employees" they could be privy to the same confidential internal communications that a real employee would have the right to see.  In none of the decisions, however, did the court explore the extension of the privilege protection from the perspective of the privilege's rationale and need to suppress relevant evidence to achieve the privilege's goal – candor.  After further examination of this issue, it remains our conclusion that characterization of the position and role of consultants vis-a-vis the corporate entity does not justify the expansion of the privilege protection and suppression of relevant evidence.

In its brief on this issue, Merck made four arguments for expanding the privilege protection to encompass outside consultants.  Paraphrasing the arguments, they were:  (1) the consultants would not be open and candid in their communications with counsel; (2) the lawyers would not give complete advice for fear of future harm to the corporation; (3) without Merck having the ability to share legal advice with its consultants, the consultants would not be able to effectively conform their conduct to the requirements of the law, thereby creating legal risks for Merck; and (4) if the scope of the privilege were not extended to outside consultants, they would be discouraged from consulting legal counsel.  We find little merit in any of these claims.

### (1)  Open and Candid Communications With Counsel

If there were direct communications between Merck's attorneys and the outside consultants, or more likely, communications between agents of Merck's attorney gathering additional information upon which to render legal advice, Merck's claim that the consultants would not be candid is without merit.  If Merck, either through its corporate personnel or legal counsel, contacted the consultants seeking information important to advice being sought by Merck or rendered by its attorney, there is no reason to believe that the consultant would not be as candid as possible so that further consulting work would be forthcoming.  But aside from the profit motives of the consultant that drives their candor, such cooperation is required under each consulting contract with Merck, and that is the stated reason why the consultants had explicit

---

[3]  *See*, In re Bieter Co., 16 F.3d 929 (8th Cir. 1994); DE Technologies, Inc. v. Dell, Inc., 2006 WL 2548203, at *2 (W.D. Va. 2006); Residential Constructors, LLC v. Ace Property & Cas. Ins. Co., 2006 WL 3149362, at *15 (D. Nev. 2006); Neighborhood Dev. Collaborative v. Murphy, 2005 WL 3272711, at *5 (D. Md. 2005); Expert-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd., 232 F.R.D. 103, 113 (S.D.N.Y. 2005); Freeport McMoran Sulphur , LLC v. Mick Mullen Energy Equip. Resource, Inc., 2004 WL 1237450 (E.D. La. June 2, 2004); In re Bristol-Myers Squibb Securities Litig., 2003 U.S. Dist. LEXIS 26985, *12-15 (D.N.J. June 25, 2003); In re Currency Conversion Fee, 2003 WL 22389169, at *2 (S.D.N.Y. 2003); In re Copper Market Antitrust Litig., 200 F.R.D. 213, 218 (S.D.N.Y. 2001); and Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53, 55 (S.D.N.Y. 2000).

policies to preserve the confidentiality of information provided to them.[4]  To suggest otherwise is to argue that the consultant would be more concerned about the absence of a privilege protection than the corporation seeking the information.  That is unrealistic, particularly when it is remembered that the consultants, like the corporate employees themselves, receive no direct protection from the corporation's privilege.[5]

### (2)  Lawyer Not Giving Complete Advice for Fear of Disclosure

The fact that in decades past these types of communications were not protected by the privilege would seem to be proof enough that Merck's concerns are exaggerated.  Regardless of whether the consultants were functional employees, the fact that they could not be privy to confidential attorney-client communications did not prevent corporate counsel's legal concerns from being communicated to the consultants indirectly through the corporate personnel who appropriately received them from corporate counsel.  To be sure, direct communications of advice by corporate counsel to the consultants may have been more efficient, but efficiency has never been a basis for creating or expanding privilege protections.  Therefore, since the opinions of legal counsel remained protected under the privilege so long as confidentiality was properly maintained, by not explicitly revealing to third parties the content of the lawyer's communications, there was no reason in the past for legal counsel not to be forthright in communicating with the corporate client.  Similarly, there is no reason to believe that legal counsel would be any less forthright today if the privilege protection were not expanded.

### (3)  Conforming Conduct to the Requirements of the Law

The suggestion that outside consultants need to be privy to Merck's attorney-client communications so that they can conform their conduct to the requirement of the law and Merck

---

[4]  In exhibit 3 of the Todd Cooper affidavit, it is stated in the introduction to a communication entitles "CONFIDENTIALITY ISSUES AT OGILVY PUBLIC RELATIONS WORLD" it is stated: "Taking care with client information must therefore be an integral part of our behavior.  This does not just mean undertaking the simple precautions in this document but it means conveying that sense of care about confidentiality to client in all that we do.  This can assume huge importance in the corporate and financial area, where the communication of the right approach and attitude to confidential data can make the difference to winning the work, but it applies equally to all clients." A similar statement accompanied the Buchholz affidavit in Exhibit 1.

[5]  All courts that have considered the suggestion that individual corporate agents be permitted to assert the attorney-client privilege in their own behalf despite a waiver by the corporation have rejected it.  *See, e.g.*, United States v. Piccini, 412 F.2d 591, 593 (2nd Cir. 1969) ("The [communication] claimed to be privilege, however, was given by Piccini as an officer of the corporation, so that the privilege, if any was that of the corporation, and may not be availed of by Piccini."); In re Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 123 (3rd Cir. 1986) ("[A]ny privilege that exists as to a corporate officer's role and functions with a corporation belongs to the corporation, not the officer."); In re Grand Jury Subpoenas 04-124-3, 2005 WL 2978959 (E.D. Mich. 2005) ("An employee or officer of the corporation (Intervenor) generally may not prevent a corporation from waiving the attorney-client privilege arising from communications between the corporation's counsel – inhouse or outside – and officers of the corporation.").  *See generally*, Paul R. Rice, Attorney-Client Privilege in the United States, § 4:21, For Whom Privilege Protection Exists – The Corporate Entity, Not Its Agents (Thomson West 2d ed. 1999).

can thereby avoid legal problems is a bit of hyperbole.  While greater compliance with legal norms is certainly the rationale behind the privilege protection,[6] the arrangement that Merck had with its consultants adequately accommodated that goal through Merck maintaining absolute control over any public dissemination of materials on Merck's behalf.  Everything the consultants wanted to do under the contract had to be (1) proposed to the company, (2) screened and vetted within the company (including the Legal Department), and (3) approved in writing by Merck.[7]   Since the consultants could not publicly sneeze without Merck holding the handkerchief, Merck's consulting arrangements clearly avoided any jeopardy to its legal health despite the fact that the consultants could not be privy to its attorney-client privilege communications. The fact that the consultants could not *directly* receive confidential advice rendered to the corporation would have no untoward consequences.  This is particularly true since the consultants are not deprived of the benefit of that advice.  Legal concerns expressed *to* Merck need to be adopted *by* Merck and then transmitted to the consultants as corporate concerns and policies independent of the explicit advice previously received.  Merck is the client, not the consultants.  Based on the advice received, Merck is making corporate decisions about advertising and public relations matters that clearly effect the consultants and their work, but only after Merck has adopted that advice.  Because of the pervasive supervision of the consultant's work by Merck, the consultants are not independently making decisions that need to be informed in the same way.

If Merck argues that the legal advice being provided by in-house counsel on the committee in charge of screening and approving of the consultants' proposals is the equivalent of Merck's adoption of the advice, Merck would, in substance, be placing in-house counsel in the position of a corporate executive acting on legal advice.  As noted in the Special Master's First Opinion and Recommendation, that would eliminate the advice from the protection of the privilege.[8]

---

[6]  Paul R. Rice, Attorney-Client Privilege in the United States, § 2:3, Purpose, Rationale and General Construction (Thomson West 2d ed. 1999).

[7]  *See* Declaration by Molly E. Buchholz, Exhibit 2 (Oct. 3, 2007) and Declaration of Todd Cooper, Exhibit 4 (Oct. 3, 2007).

[8]  "[I]f all proposed revisions had to be proposed in writing, and the legal departments were given control over public dissemination of communications, in that they could require that their revisions be incorporated (which apparently is true of Merck's legal department because it has the power to place holds on dissemination until its recommendations are incorporated or its concerns are otherwise satisfied), the role of legal counsel has changed from legal advisor to corporate *decision-maker*.  This is a role that the corporation does not have the right to delegate to attorneys and then insist that the decisions they make are immune from discovery."  *See*, United States v. Freeman, 619 F.2d 1112, 1119-20 (5th Cir. 1980) where it was noted, "An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction."  This cannot be gotten around by the simple expedient of putting a lawyer in the shoes of the executive or, as Merck has done, giving the legal department the power of the corporate executive.

### (4)  Not Obtaining Legal Advice Without the Privilege Protection

The final argument by Merck is that legal advice would not be sought if the communications with the third party consultants were not protected.  This is a curious argument for a couple of reasons. First, it suggests that the third party consultants will refrain from getting legal direction from Merck's lawyers, because those lawyers cannot directly communicate with the consultants under the protection of the privilege.  Since the consultants are not protected by Merck's privilege anyway, it is difficult to understand why the consultants would not seek the guidance from lawyers who are willing to provide it to them.  Second, it completely ignores the fact that the legal guidance can be indirectly obtained by the consultants from Merck's lawyers through other Merck personnel.  As explained above, if Merck personnel seek the guidance, the lawyers response would be protected by the privilege so long as the explicit content of the response is not disclosed.  Nothing would be discoverable in the future except the facts directly communicated to legal counsel by the consultant or facts communicated to corporate personnel for relay to counsel.  Assuming Merck and its lawyers are willing (and there is no reason to believe they would not be, since the privilege could be applicable to communications between corporate personnel and corporate counsel), the outside consultants would have no reason to not seek that direction or be candid when they do so.

## The Incremental Expansion of the Privilege

Incrementally, the scope of the attorney-client privilege has been significantly expanding over the past century.

• The corporate attorney-client privilege has been expanded from only communications between attorneys and members of the corporation's control group[9] to communications between corporate legal counsel and any corporate employee on subjects that were within the scope of his or her corporate responsibilities.[10]

• From a joint client expansion of the privilege for shared communications among third parties sharing a common attorney,[11] the privilege has been expanded to multiple corporations, each with their own counsel, cooperating in a joint defense effort[12] and ultimately to those who simply share a common interest or a community of interests outside of a litigation context and

---

[9]  City of Philadelphia v. Westinghouse Elec. Corp., 210 F. Supp. 483, 485 (E.D. Pa. 1962).

[10]  Harper & Row Publishers Inc. v. Decker, 423 F.2d 487, 491-92 (7th Cir. 1970).  A decade later the "subject matter" test apparently was adopted by the Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), although the Court refused to explicitly adopt any test.

[11]  Griffith v. Davis, 161 F.R.D. 687, 693 (C.D. Cal. 1995) ("[T]he 'joint client doctgrine,' . . . applies where two clients share the same lawyer.").

[12]  United States v. First Midwest Bank, 197 U.S. Dist. LEXIS 3871, *3-4 (N.D. Ill. Feb. 20, 1997) ("The [joint defense] privilege reflects a policy favoring exchange of information between attorneys representing parties sharing a common interest in litigation.").

wish to join forces for the mutual benefit of each[13] (which itself has expanded from those with identical legal interests to those with less than identical interests).[14]

    • From a strict limitation of confidentiality that precluded dissemination of attorney-client communications outside the tight circle of confidentiality around the attorney, client and agents of each, limited waivers have been sanctioned by some courts at the behest of corporations (approving of disclosures to governmental agencies),[15] and inadvertent disclosures have been almost universally excused.[16]

    • From the destruction of the privilege by disclosures that destroyed the confidentiality upon which the privilege was premised (through theft,[17] court order,[18] or unauthorized disclosure by agents[19]), theft has been exempted,[20] disclosures pursuant to court orders have been excused,[21]

---

[13]   United States v. BDO Seidman, LLP, 2007 WL 1880208, *7 (7th Cir. July 2, 2007) ("communications need not be made in anticipation of litigation to fall within the common interest doctrine."); Johnson Electric North America, Inc. v. Mabuchi North America Corp., 1996 WL 191590 (S.D. N.Y. 1996) ("the common interest principle does not require that both, or indeed either, of the communicants be parties to a litigation.").

[14]   *Contrast* Duplan Corp. v. Deering-Milliken, Inc., 397 F. Supp. 1146, 1172 (D.S.C. 1974) *with* SCM Corp. v. Xerox Corp., 70 F.R.D. 508 (D. Conn. 1976).  *See generally,* Attorney-Client Privilege in the United States, § 4:36, "Community of Interests" (Thomson West 2d ed. 1999).

[15]   Diversified Indus., Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1977).  Most courts that have addressed this issue, however, have rejected the concept of limited waiver.

[16]   *See* Alldread v. City of Genada, 988 F.2d 1425 (5th Cir. 1993). *See generally*, Attorney-Client Privilege in the United States, § 9:71, Inadvertent Disclosures (Thomson West 2d ed. 1999).

[17]   *See* In re Grand Jury Proceedings Involving Berkley & Co., 466 F. Supp. 863, 868 (D. Minn. 1979) ("The protection afforded by the privilege, however, does not apply to the documents obtained from Berkley's former employee, for the privilege does not apply to stolen or lost document."); see also  8 Wigmore, Evidence § 2325 (McNaughton rev. ed. 1961) ("All involuntary disclosures, in particular, through the loss or theft of documents from the attorney's possession, are not protected by the privilege, on the principle that, since the law has granted secrecy so far as its own process goes, it leaves to the client and attorney to take the measures of caution sufficient to prevent being overheard by third parties.  The risk of insufficient precautions is upon the client.  This principle applies equally to documents.").

[18]   *See generally*, Attorney-Client Privilege in the United States, § 9:26, Judicially-compelled disclosures (Thomson West 2d ed. 1999) ("When a court compels the disclosure of privileged communications, compliance with that order destroys the confidentiality upon which the privilege protection was premised to the same extent as voluntary disclosures by the client.  Consequently, even though the court's rejection of attorney-client privilege claims may have been erroneous, that decision set into motion conduct by the client that eliminates the foundation of the privilege."

[19]   *See* Jonathan Corp. v. Prime Computer, Inc., 114 F.R.D. 693 (E.D. Va. 1987).

[20]   *See, e.g.*, Crabb v. KFC Nat'l Management Co., 952 F.2d 403 (6th Cir. 1992)(unpublished) (ex-employee's possession of privileged document was excused, even though the breach of confidentiality was unexplained, because efforts to preserve confidentiality were perceived to have been adequate); Sackman v. Liggett Group, Inc., 173 F.R.D. 358 (E.D. N.Y. 1997) ("the assertion of privilege by "B&W" is not waived through public

and corporations have been permitted to retain their privilege protection when agents have made unauthorized disclosures.[22]

Merck is now claiming that consultants should permissibly be brought within the circle of confidentiality because they, the consultants, could be *assisted* by directly receiving advice from the corporation's lawyers. We are not willing to take this step in the expansion of the privilege because it makes a mockery of the privilege's limited purpose and rationale, and further renders the concept of confidentiality meaningless.[23] With the advent of electronic communications and the vastly expanded, albeit inappropriate, assertion of privilege claims by corporations, privilege resolution process in litigation has become one of the most costly endeavors. Here, for example, the court has not only had to address the issue of confidentiality within the Merck corporate structure, but also within each organizational structure of each consulting firm. Every expansion adds complexities, and in turn, costs and confusion to the process. This expansion would particularly have that effect.

The attorney-client privilege is only an evidence rule, and like all other evidence rules, it can only be as good and effective as it is clear and easy to apply. As it has evolved, the attorney-client privilege is quickly becoming neither.

If the concept of confidentiality is to have any semblance of its common law origins, how consultants are incorporated into the corporations' structures cannot control the application of the attorney-client privilege protection. While the need for confidentiality, which is at the heart of the privilege, has been the subject of repetitive assaults over past decades, it remains the touchstone for application of the privilege. Extension of the privilege protection to those outside the corporate client who are neither necessary nor even important to either the seeking or

---

disclosure of a stolen privileged document.").

[21] *See, e.g.*, Government Guarantee Fund of Republic of Finland v. Hyatt Corp., 1998 WL 494681, *6 (D. V.I. Aug. 6, 1998) ("this Court agrees with Hyatt that the compelled production does not constitute a waiver for other lawsuits. The attorney-client privilege is not destroyed by disclosure of protected information to an outside party which is done only under the compulsion of a court order. . . . Similarly, production of privileged materials in one action pursuant to a court order does not constitute a waiver of the privilege for other lawsuits.").

[22] *See, e.g.*, Resolution Trust Corp. v. Dean, 813 F. Supp. 1426, 1429 (D. Ariz. 1993) (Because the RTC had taken efforts to secure the confidentiality of a document, its inexplicable leak could only be attributed to an employee without authority to make a voluntary waiver for entity client.); Allen v. Burns Fry, Ltd., 1987 WL 12199, *3, 1987 A DC Ill 6 (N.D. Ill. June 4, 1987) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."); Rates Technology, Inc. v. Elcotel, Inc., 118 F.R.D. 133, 134-35, 24 Fed. R. Evid. Serv. 555, 9 Fed. R. Serv. 3d 929, 1987 A DC Fla 9 (M.D. Fla. 1987) (no waiver found through disclosures made by sales manager in magazine interview); Petrie v. Commissioner, 1990 WL 34224 (Tax Ct. 1990) (employee's unauthorized disclosure did not waive employer's privilege).

[23] As previously noted in the opinion, the consultants are not precluded from receiving the general tenor of counsel's advice so long as it is related to the consultants as corporate concerns and policies, rather than what the lawyers previously said and recommended.

rendering of legal advice should only be sanction at the appellate level with a full understanding of its implications for the privilege concept, the parties and the courts.

**Conclusion**

While consultants may function like a corporation's employees, they are not employees. They do not have the same ties to the corporation, and they are not as familiar with or committed to the conventions followed by the corporation in preserving confidentiality. As a consequence, problems relating to the preservation through secondary distribution are multiplied, and these problems have to be addressed by courts whenever documents are withheld on privilege grounds. The distribution of confidential communications to consultants outside the corporate family is different in kind and often different in purpose.

The expansion of the privilege that Merck seeks – sharing of privileged communications with outside consultants who can *use* the advice, rather than providing necessary assistance to Merck or its attorney in *obtaining or rendering* advice – is different in purpose and inconsistent with the historical recognition of agency theory that required that the services of the agent be necessary to the legal assistance it complemented.[24] While the necessity standard has been relaxed over the years, this expansion represents a new front, and one, which if successful, will lead to further complications of the privilege, costly distractions in the privilege resolution process when it is asserted, and has no apparent limits that cannot be manipulated by corporations through contractual arrangements so long as the content of the communications relate to the services being provided, and those services are part of a close, albeit undefined, cooperative effort with corporate personnel. Merck appears to argue that the expansion it seeks should be seen as little more than the retention of another employee. It is not. It is retaining another company with all of its attendant problems of confidentiality preservation. This voluntary expansion of the privilege protection by corporations is inappropriate, inconsistent with the rationale and purpose of the privilege, inconsistent with the concept of confidentiality, unnecessary, costly in its application, and therefore inadvisable.

Therefore, it is our recommendation that all claims of privilege for communications to and from consultants be denied. If, however, the Court chooses to extend the privilege to those described as functional employees, we turn now to the individual documents. We begin with our analysis of whether the communications have been shown to confidential in nature and that confidentiality has been preserved.

**Individual Privilege Claims – Concerns of Confidentiality**

On the issue of confidentiality, Merck initially did not file affidavits substantiating that the third party consultants to which Merck had disseminated privileged attorney-client communications had preserved the confidentiality of those communications. Assuming that any

---

[24] *See* Paul R. Rice, ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES, § 3:4, Agent of Attorney – Standard of Need for Assistance, and § 4:2, Agents of Client (Thomson West 2nd ed. 1999).

dissemination to the third party consultants did not destroy the confidentiality of the communications and the privileges premised on the existence of that confidentiality, Merck did not establish either that distribution within each company was appropriate, or that there had been no inappropriate secondary distribution by employees of those companies.

Subsequently, affidavits were filed from an Account Director at DDB Worldwide Communications Group Inc., and an Executive Vice President and Group Director at Ogilvy Public Relations Worldwide, Inc.. Each of these affiants attempted to verify that the confidentiality of the communications was acknowledged, respected, and preserved by their respective companies under both their internal confidentiality policies and the confidentiality clauses of the agreements that each had entered into with Merck. While these affidavits generally provide assurances that confidentiality was respected and preserved, two concerns remained.

First, the contractual obligations to preserve confidentiality never explicitly mentioned communications protected by the attorney-client privilege.

Second, in the approximately 200 third party documents submitted to the court, neither the privilege log nor the supporting affidavits identified either the authors or recipients of the individual communications. Merck supplied the court with the names of the employees who were on the Vioxx teams of each consulting company, but it did not address the questions relative to each document.

In supplemental privilege logs, the second concern was addressed by providing the court with distribution information for documents upon which privilege continued to be claimed. In addition, Merck indirectly addressed both the first and second concerns in supporting affidavits where assurances were given that circulation *of all client information* and communications would have been strictly limited to the members of each team. We accept this as an adequate assurance that confidentiality has been maintained.

In light of the additional supporting materials filed by Merck, each claim has been reassessed. The recommendations of the Special Master are presented below in a three column format. The first column gives each document number and the initial recommended disposition of the Special Master. The second column gives Merck's response to the recommendation. If the initial recommendation was contested by Merck, the third column gives the Special Master's final recommendation. If a tentative ruling is not contested, or a claim is withdrawn, nothing appears in the third column.

## II.  OGILVY PRIVILEGE LOG

| | | |
|---|---|---|
| OPR043489-94 – Denied because (1) author was not identified; (2) no recipients were identified; (3) media strategist's relationship to and need for legal advice not explained | Contested | Granted as redacted. Author was identified. Recipients were identified. Purpose for distribution was explained. |
| OPR043751-56 – Denied because (1) author was not identified; (2) no recipients were identified; (3) media strategist's relationship to and need for legal advice not explained | Not contested | |
| OPR067821-23 – Denied because (1) third party recipients were not identified, (2) media strategist's relationship to and need for legal advice not explained; and (3) content of document is a mixture of tactics and legal advice and the latter is not shown to be the primary purpose of the communication, even in the "Considerations" column. | Not contested | |

OPR067824-26 – Denied                    Not contested
because (1) third party
recipients were not
identified, (2) media
strategist's relationship to
and need for legal advice
not explained; and (3)
content of document is a
mixture of tactics and legal
advice and the latter is not
shown to be the primary
purpose of the
communication, even in
the "Considerations"
column.


OPR067827-30 -- Denied                    Not contested
because (1) third party
recipients were not
identified, (2) media
strategist's relationship to
and need for legal advice
not explained; and (3)
content of document is a
mixture of tactics and legal
advice and the latter is not
shown to be the primary
purpose of the
communication, even in
the "Considerations"
column.


OPR067831 – Denied                    Not contested
because (1) third party
recipients were not
identified, and (2) primary
purpose was not to obtain
legal advice or assistance –
sent to one lawyer and two
non-lawyers for review
and comment.

| | | |
|---|---|---|
| OPR067832 – Denied because (1) third party recipients not identified, (2) their relationship to the content of the document is not explained, and (3) there is no assurance provided that the confidentiality of the communication has been preserved. | Contested | Granted.  Recipients have been identified.  Their relationship to the document has been explained.  Confidentiality concerns have been met. |
| OPR067835 – Denied because (1) third party recipients not identified, (2) their relationship to the content of the document is not explained, and (3) there is no assurance provided that the confidentiality of the communication has been preserved. | Contested | Granted.  Recipients have been identified.  Their relationship to the document has been explained.  Confidentiality concerns have been met. |
| OPR067836 – Denied because (1) third party recipients not identified, (2) their relationship to the content of the document is not explained, and (3) there is no assurance provided that the confidentiality of the communication has been preserved. | Contested | Granted.  Recipients have been identified.  Their relationship to the document has been explained.  Confidentiality concerns have been met. |

| | | |
|---|---|---|
| OPR067838-43 – Denied because (1) third party recipients not identified, (2) their relationship to the content of the document is not explained, and (3) there is no assurance provided that the confidentiality of the communication has been preserved. | Contested | Granted.  Recipients have been identified.  Their relationship to the document has been explained.  Confidentiality concerns have been met. |
| OPR067844 – Denied because (1) third party recipients not identified, (2) their relationship to the content of the document is not explained, and (3) there is no assurance provided that the confidentiality of the communication has been preserved. | Contested | Granted.  Recipients have been identified.  Their relationship to the document has been explained.  Confidentiality concerns have been met. |

### III.  DDB PRIVILEGE LOG

| | | |
|---|---|---|
| DDBEP001227-29 -- Denied because no recipients are identified.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the redactions are acceptable. | Claim withdrawn | |
| DDBEP0013664 -- Denied because no recipients are identified.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the redactions are acceptable. | Claim withdrawn | |
| DDBEP0020399 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the claim should be granted. | Claim withdrawn | |
| DDBP0000672 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the redactions are acceptable. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |

| | | |
|---|---|---|
| DDBP000777-79 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the redactions are acceptable. | Contested | Granted as redacted.  Confidentiality concerns have been adequately addressed. |
| DDBP000787-88 – Denied because (1) legal advice is not disclosed and (2) Board review alluded to is not shown to be a legal committee.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the redactions are acceptable. | Claim withdrawn | |
| DDBP0001320 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Contested | Granted.  Confidentiality concerns have been adequately addressed. |
| DDBP0001321 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Contested | Granted.  Confidentiality concerns have been adequately addressed. |

| | | |
|---|---|---|
| DDBP0003930 -- Denied because neither author nor recipients are identified. While the content is purely legal (perhaps excusing the absence of an identification of author), the absence of distribution information creates an insurmountable confidentiality issue. | Claim withdrawn | |
| DDBP0007580 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the redactions are acceptable. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0007626 – Denied because all recipients are not identified and their relationship to the content of the communication explained.  If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

DDBP0007627-28 –
Denied because all
recipients are not identified
and their relationship to
the content of the
communication explained.
If all confidentiality
concerns are satisfied
(distribution within the
company, distribution to
third parties and secondary
distribution by third
parties), the privilege
claim should be granted as
redacted.

Claim withdrawn

DDBP0007877 – Denied
because all recipients are
not identified and their
relationship to the content
of the communication
explained.  If all
confidentiality concerns
are satisfied (distribution
within the company,
distribution to third parties
and secondary distribution
by third parties), the
privilege claim should be
granted.

Claim withdrawn

| | | |
|---|---|---|
| DDBP0011458-59 – Denied because all recipients are not identified and their relationship to the content of the communication explained. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Contested | Granted.  Recipients have been identified.  Their relationship to content of document has been explained in Merck's log and response.  Confidentiality concerns have been satisfied. |
| DDBP0011461-64 – Denied.  Document does not reveal any information about author or recipients.  This needs to be established by an affiant with personal knowledge of document. If this is provided and if all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0011499-500 – Denied. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0011577-80 – Denied. Document does not reveal any information about author or recipients. This needs to be established by an affiant with personal knowledge of document. If this is provided and if all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | |
|---|---|
| DDBP0011766-86 -- Denied because the communications appears to be between two non-legal personnel reviewing a contract.  Handwritten notes could be those of non-lawyer recipient. Additionally, there is no apparent reason for a third party to have been given a copy of a draft contract for Merck's sponsorship of the U.S. Open. | Claim withdrawn |
| DDBP0017949 – Denied because third party recipients are not identified and their relationship to the content of the communication explained. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Claim withdrawn |
| DDBP0018412-18 -- Denied no date, and no recipients identified | Claim withdrawn |

| | | |
|---|---|---|
| DDBP0018476-77 – Denied. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted in part and denied in part. | Contested | Granted for first sentence of first redaction.  Denied to remainder because legal advice is not disclosed Confidentiality concerns have been adequately addressed. |
| DDBP0018498-99 – Denied. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted in part and denied in part. | Contested | Granted as redacted, except for first sentence of redaction.  Confidentiality concerns have been adequately addressed |
| DDBP0018508 – Denied. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |

| | | |
|---|---|---|
| DDBP0018666 – Denied. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Contested | Granted.  Confidentiality concerns have been adequately addressed. |
| DDBP0018667-69 – Denied because the communications appears to be between two non-legal personnel reviewing a contract.  Handwritten notes could be those of non-lawyer recipient.  Additionally, there is no apparent reason for a third party to have been given a copy of a draft contract for Merck's sponsorship of the U.S. Open. | Claim withdrawn | |
| DDBP0018679-80 -- Denied because storyboard is not a legal instrument and comments on it are not identified.  It is insufficient to say a "regulatory attorney."  Comments are not inherently legal in nature and could have been made by a non-lawyer. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0018925-45 -- Denied because the communications appears to be between two non-legal personnel reviewing a contract. Handwritten notes could be those of non-lawyer recipient. Additionally, there is no apparent reason for a third party to have been given a copy of a draft contract for Merck's sponsorship of the U.S. Open. | Claim withdrawn | |
| DDBP0019138 – Denied. If all confidentiality concerns are satisfied (distribution within the company, distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0019139-40 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0019227 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |
| DDBP0020222 - Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0034584 – Denied because neither author nor recipients are identified and regulatory attorney who is claimed to have given advice is not identified.  If these concerns are satisfied and if all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0036061 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0036075 – Denied. In addition to confidentiality concerns through distribution to third parties, and distribution by third parties, the document does not reveal author or recipients. | Claim withdrawn | |
| DDBP0036168-69 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted in part and denied in part. | Contested | Granted as to last sentence in the redaction; denied for first two sentences of redaction because no legal assistance is revealed. |

DDBP0036229-32 – Denied.  Even if all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should still be denied because the storyboard is not a legal instrument and comments on it are not identified.  It is insufficient to say a "regulatory attorney."  Comments are not inherently legal in nature and could have been made by a non-lawyer.  Also neither author nor recipients are identified.

Claim withdrawn

DDBP0036274 – Denied.  Even if all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should still be denied because "regulatory attorney" who allegedly made notes is not identified.  Comments are not inherently legal in nature and could have been made by a non-lawyer.

Contested

Denied.  Author of notes not identified beyond "regulatory attorney" and comments are not inherently legal in nature.

| | | |
|---|---|---|
| DDBP0036398-400 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0037036-37 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0037038-40 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0037131 -- Denied. Even if all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should still be denied because the storyboard is not a legal instrument and comments on it are not identified.  It is insufficient to say a "regulatory attorney."  Comments are not inherently legal in nature and could have been made by a non-lawyer.  Also neither author nor recipients are identified. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0037138-39 – Denied.  Even if all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should still be denied because the storyboard is not a legal instrument and comments on it are not identified.  It is insufficient to say a "regulatory attorney." Comments are not inherently legal in nature and could have been made by a non-lawyer.  Also neither author nor recipients are identified. | Claim withdrawn | |
| DDBP0037448 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Contested | Granted.  Confidentiality concerns have been adequately addressed. |
| DDBP0037449-51 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0037920 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0037929-32 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted because it recounts the legal advice previously given. | Contested | Granted.  Confidentiality concerns have been adequately addressed. |
| DDBP0041835 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |

| | | |
|---|---|---|
| DDBP0042096 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0042112-33 – Claim mistakenly omitted from tentative rulings. | Claim withdrawn | |
| DDBP0042851 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0042908-09 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0047153-54 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted in part and denied in part. | Contested | Granted as to Lahner and Reiss messages.  Denied as to the remainder. Confidentiality concerns have been adequately addressed. |
| DDBP0054580-89 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should still be denied for the document as a whole.  Only the comments of attorney, Gregory, could be privileged | Claim withdrawn | |

| | | |
|---|---|---|
| DDBP0057790 -- If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted | Contested | Granted. Confidentiality concerns have been adequately addressed. |
| DDBP0058771 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0063426-27 – If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted in part and denied in part. | Contested | Legal advice is not generally revealed in communication – Denied; Donlan message, second & third sentences beginning with "Our attorney" – Granted. Confidentiality concerns have been adequately addressed. |

DDBEP0063431 – Denied.          Claim withdrawn
If all confidentiality
concerns are satisfied
(distribution to third
parties and secondary
distribution by third
parties), the privilege
claim should still be
denied because neither
author nor recipients are
identified.  While the
content is purely legal
(perhaps excusing the
absence of an
identification of author),
the absence of distribution
information creates an
insurmountable
confidentiality issue.


DDBP0063432 -- Denied.          Claim withdrawn
If all confidentiality
concerns are satisfied
(distribution to third
parties and secondary
distribution by third
parties), the privilege
claim should still be
denied because neither
author nor recipients are
identified.  While the
content is purely legal
(perhaps excusing the
absence of an
identification of author),
the absence of distribution
information creates an
insurmountable
confidentiality issue.

DDBP0063433 – Denied.      Claim withdrawn
If all confidentiality
concerns are satisfied
(distribution to third
parties and secondary
distribution by third
parties), the privilege
claim should still be
denied because neither
author nor recipients are
identified.  While the
content is purely legal
(perhaps excusing the
absence of an
identification of author),
the absence of distribution
information creates an
insurmountable
confidentiality issue.

DDBP0063435 – Denied.      Contested                  Granted.  Confidentiality
If all confidentiality                                             concerns have been
concerns are satisfied                                             adequately addressed.
(distribution to third
parties and secondary
distribution by third
parties), the privilege
claim should be granted.

DDBP0063437 – Denied.      Claim withdrawn
If all confidentiality
concerns are satisfied
(distribution to third
parties and secondary
distribution by third
parties), the privilege
claim should still be
denied because the content
of the communication
reveal a series of joint
decision by legal and
regulatory.  There is no
differentiation.

| | | |
|---|---|---|
| DDBP0063472 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted. | Contested | Granted. Confidentiality concerns have been adequately addressed. |
| DDBP0063473 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should granted. | Contested | Granted. Confidentiality concerns have been adequately addressed. |
| DDBP0063475-76 – Denied.  If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should be granted as redacted. | Contested | Granted as redacted. Confidentiality concerns have been adequately addressed. |
| DDBP0063702 – Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim may be granted.  It is not clear, however, why the consultants need to be privy to legal issues relating to music licenses. | Contested | Denied.  There has been no explanation for why it was appropriate to share with the consultant regrets, legal and otherwise, about a contract entered into and paid before it was in writing. |

| | | |
|---|---|---|
| DDBP0063875 -- Denied. If all confidentiality concerns are satisfied (distribution to third parties and secondary distribution by third parties), the privilege claim should still be denied because the content of the communication reveal a series of joint decision by legal and regulatory.  There is no differentiation. | Contested | Granted.  Confidentiality concerns have been adequately addressed and upon re-examination the content of communication appears to related primarily to legal advice or assistance. |

Respectfully submitted,
Paul R. Rice, Special Master
November 8, 2007