UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**      *Dianna Hicks, et al v. Merck & Co., Inc., et al*
                                                              *Civil Action No. 2:05cv1048*

<u>**MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' PETITION**</u>

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and presents the following Answer and Defenses to Plaintiffs' Petition ("Petition") as follows:

For the paragraphs numbered 1-64 of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations contained in paragraphs 1-64 of the Petition are directed at other parties and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

1.      Denies each and every allegation contained in paragraph 1 of the Petition except admits that plaintiffs purport to seek personal injury and economic damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "THE PARTIES"

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegation contained in paragraphs 2.1-2.8 of the Petition, and demands strict proof thereof.

3.      Denies each and every allegation contained in paragraph 3 of the Petition.

4.      Denies each and every allegation contained in paragraph 4 of the Petition except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.      Denies each and every allegation contained in paragraph 5 of the Petition except avers that VIOXX® was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of VIOXX® on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6 of the Petition except admits that Amy Sepko ("Sepko") is a citizen of the State of Missouri and resident of St. Louis City.

7.      Denies each and every allegation contained in paragraph 6 of the Petition except admits that Sherry Alberts ("Alberts") is a citizen of the State of Missouri and resident of St. Louis City and that Alberts had product discussions concerning VIOXX® with health care professionals in Missouri.

8.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck contained in paragraph 8 of the Petition, and denies each and every allegation directed toward Merck contained in paragraph 8 of the Petition.

9.      Denies each and every allegation contained in paragraph 9 of the Petition.

10.     Denies each and every allegation contained in paragraph 10 of the Petition.

11.     Lacks knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 11 of the Petition, and in the alternative denies same.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

12.     Denies each and every allegation contained in paragraph 12 of the Petition except avers that VIOXX® is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective COX-2 inhibiter which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

13.     Denies each and every allegation contained in paragraph 13 of the Petition except avers that VIOXX®'s mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

14.     Denies each and every allegation contained in paragraph 14 of the Petition except admits that Merck sought, and in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and text.

15.     Denies each and every allegation contained in paragraph 15 of the Petition except admits that Merck sought, and in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and text.

16.     Denies each and every allegation contained in paragraph 16 of the Petition except admits that Merck sought, and in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and text.

17.     Denies each and every allegation contained in paragraph 17 of the Second Amended Petition except admits that Plaintiffs purport to quote from certain portions in the FDA-approved label for VIOXX and respectfully refers the Court to the referenced label for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Second Amended Petition and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Second Amended Petition except admits that Plaintiff purports to quote from and recite information about the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Second Amended Petition except admits that Plaintiff purports to quote from the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

21.     Merck denies each and every allegation in paragraph 21 of the Petition except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that VIOXX® has

900367v.1

been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

22.    Denies each and every allegation contained in paragraph 22 of the Petition except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.    Denies each and every allegation contained in paragraph 23 of the Petition except admits that the studies referenced in sentence one of paragraph 23 and the article referenced in sentence two of paragraph 23 exist, and respectfully refers the Court to said publications for their actual language and full text.

24.    Denies each and every allegation contained in paragraph 24 of the Petition.

25.    Denies each and every allegation contained in paragraph 25 of the Petition.

26.    Denies each and every allegation contained in paragraph 26 of the Petition except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

27.    Denies each and every allegation contained in paragraph 27 of the Petition except admits that Plaintiffs purport to quote from Merck's 2001 filing with the Securities and Exchange Commission and respectfully refers the Court to the referenced filing for its actual language and full text.

28.    Denies each and every allegation contained in paragraph 28 of the Petition except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

29.    Denies each and every allegation contained in paragraph 29 of the Petition except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable

Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Petition except admits the existence of the journal, the article contained therein, and that plaintiff appears to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Petition except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Petition except admits that the referenced press release exists and respectfully refers the Court to the referenced documents for their actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Petition, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Petition except admits that Merck received a letter from a regulatory review officer in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Petition except admits that Merck received a letter from a regulatory review officer in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Petition.

900367v.1

37.     Denies each and every allegation contained in paragraph 37 of the Petition except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Petition except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and text.

39.     Denies each and every allegation contained in paragraph 39 of the Petition except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and text.

40.     Denies each and every allegation contained in paragraph 40 of the Petition except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and text.

41.     Denies each and every allegation contained in paragraph 41 of the Petition except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and text.

42.     Denies each and every allegation contained in paragraph 42 of the Petition.

43.     Denies each and every allegation contained in paragraph 43 of the Petition.

44.     Denies each and every allegation contained in paragraph 44 of the Petition.

45.     Denies each and every allegation contained in paragraph 45 of the Petition.

900367v.1

46.     Denies each and every allegation contained in paragraph 46 of the Petition except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Petition except admits that the referenced report exists and respectfully refers the Court to the referenced report for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Petition and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

49.     Denies each and every allegation contained in paragraph 49 of the Petition except admits that 2003 VIOXX® sales exceeded $2 billion.

50.     Denies each and every allegation contained in paragraph 50 of the Petition except admits that Dorothy Hamill was featured in ad campaigns for VIOXX® and that Dorothy Hamill and Bruce Jenner were spokespersons for VIOXX®.

51.     Denies each and every allegation contained in paragraph 51 of the Petition.

52.     Denies each and every allegation contained in paragraph 52 of the Petition and respectfully refers the Court to the referenced study for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Petition and respectfully refers the Court to the referenced articles for their actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Petition and respectfully refers the Court to the referenced press release for its actual language and full text.

900367v.1

55.     Denies each and every allegation contained in paragraph 55 of the Petition and avers that on September 30, 2004 Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

56.     Denies each and every allegation contained in paragraph 56 of the Petition.

57.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Petition, and in the alternative denies same.

58.     Denies each and every allegation contained in paragraph 58 of the Petition.

59.     Denies each and every allegation contained in paragraph 59 of the Petition.

60.     Denies each and every allegation contained in paragraph 60 of the Petition.

## RESPONSE TO "JURISDICTION AND VENUE"

61.     The allegations contained in paragraph 61 of the Petition are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

62.     The allegations contained in paragraph 62 of the Petition are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

900367v.1

63.     The allegations contained in paragraph 63 of the Petition are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

64.     Denies each and every allegation contained in paragraph 64 of the Petition.

## RESPONSE TO "COUNT I – STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN AGAINST MERCK"

65.     With respect to the allegations contained in paragraph 65 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraph of this Answer with the same force and effect as though set forth here in full.

66.     Denies each and every allegation contained in paragraph 66 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

67.     Denies each and every allegation contained in paragraph 67 of the Petition.

68.     Denies each and every allegation contained in paragraph 68 of the Petition.

69.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and third sentences of paragraph 69 of the Petition and in the alternative denies same.  Denies each and every allegation contained in the second sentence of paragraph 69 of the Petition.

70.     Denies each and every allegation contained in paragraph 70 of the Petition.

71.     Denies each and every allegation contained in paragraph 71 of the Petition.

72.     As for the unnumbered prayer for relief under paragraph 71, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed

900367v.1

required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

## RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY – FAILURE TO WARN AGAINST MERCK"

73.     With respect to the allegations contained in paragraph 72 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

74.     Denies each and every allegation contained in paragraph 73 of the Petition.

75.     Denies each and every allegation contained in paragraph 74 of the Petition.

76.     Denies each and every allegation contained in paragraph 75 of the Petition.

77.     Denies each and every allegation contained in paragraph 76 of the Petition.

78.     Denies each and every allegation contained in paragraph 77 of the Petition.

79.     Denies each and every allegation contained in paragraph 78 of the Petition.

80.     Denies each and every allegation contained in paragraph 79 of the Petition.

81.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 80 of the Petition and demands strict proof thereof and in the alternative denies the same.

82.     Denies each and every allegation contained in paragraph 81 of the Petition.

83.     Denies each and every allegation contained in paragraph 82 of the Petition.

84.     As for the unnumbered prayer for relief under paragraph 82, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

- 11 -

## RESPONSE TO "COUNT III – NEGLIGENT DESIGN AGAINST MERCK"

85.     With respect to the allegations contained in paragraph 83 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

86.     Denies each and every allegation contained in paragraph 84 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

87.     Denies each and every allegation contained in paragraph 85 of the Petition.

88.     Denies each and every allegation contained in paragraph 86 of the Petition.

89.     Denies each and every allegation contained in paragraph 87 of the Petition.

90.     Denies each and every allegation contained in paragraph 88 of the Petition.

91.     Denies each and every allegation contained in paragraph 89 of the Petition.

92.     Denies each and every allegation contained in paragraph 90 of the Petition.

93.     Denies each and every allegation contained in paragraph 91 of the Petition.

94.     As for the unnumbered prayer for relief under paragraph 91, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

## RESPONSE TO "COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS MERCK, SEPKO, ALBERTS AND JOHN/JANE DOES 1-100"

For the paragraphs numbered 92-97 in Count IV of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations contained in paragraphs 92-97 in Count IV of the Petition are directed at other parties

and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

95.     With respect to the allegations contained in paragraph 92 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

96.     The allegations contained in paragraph 93 of the Petition are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

97.     Denies each and every allegation contained in paragraph 94, including subparts (a)-(f), of the Petition.

98.     Denies each and every allegation contained in paragraph 95 of the Petition.

99.     Denies each and every allegation contained in paragraph 96 of the Petition.

100.    Denies each and every allegation contained in paragraph 97 of the Petition.

101.    As for the unnumbered prayer for relief under paragraph 97, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

## RESPONSE TO "COUNT V – DECEPTIVE TRADE PRACTICES ACT – AGAINST DEFENDANTS MERCK, SEPKO, ALBERTS AND JOHN/JANE DOES 1- 100"

For the paragraphs numbered 98-104 in Count V of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations contained in paragraphs 98-104 in Count V of the Petition are directed at other parties

900367v.1

and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

102.    With respect to the allegations contained in paragraph 98 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

103.    Denies each and every allegation contained in paragraph 99 of the Petition except admits that Plaintiffs' purport to bring this action pursuant to certain Missouri statutes but Merck denies that there is any factual or legal basis for these claims.

104.    Denies each and every allegation contained in paragraph 100 of the Petition except admits that Plaintiffs' purport to quote from certain Missouri statutes and respectfully refers the Court to the referenced statutes for their actual language and full text.

105.    Denies each and every allegation contained in paragraph 101 of the Petition.

106.    Denies each and every allegation contained in paragraph 102 of the Petition.

107.    Denies each and every allegation contained in paragraph 103 of the Petition.

108.    Denies each and every allegation contained in paragraph 104 of the Petition.

109.    As for the unnumbered prayer for relief under paragraph 104, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

### RESPONSE TO "COUNT VI – FRAUDULENT MISREPRESENTATION AGAINST DEFENDANTS MERCK, SEPKO, ALBERTS, AND JOHN/JANE DOES 1-100"

For the paragraphs numbered 105-114 in Count VI of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the

allegations contained in paragraphs 105-114 in Count VI of the Petition are directed at other parties and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

110.     With respect to the allegations contained in paragraph 105 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

111.     Denies each and every allegation contained in paragraph 106 of the Petition.

112.     Denies each and every allegation contained in paragraph 107 of the Petition.

113.     Denies each and every allegation contained in paragraph 108 of the Petition.

114.     Denies each and every allegation contained in paragraph 109 of the Petition.

115.     Denies each and every allegation contained in paragraph 110 of the Petition.

116.     Denies each and every allegation contained in paragraph 111 of the Petition.

117.     Denies each and every allegation contained in paragraph 112 of the Petition.

118.     Denies each and every allegation contained in paragraph 113 of the Petition.

119.     Denies each and every allegation contained in paragraph 114 of the Petition.

120.     As for the unnumbered prayer for relief under paragraph 114, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

## RESPONSE TO "COUNT VII – FRAUDULENT OMISSION/CONCEALMENT AGAINST DEFENDANTS MERCK, SEPKO, ALBERTS, AND JOHN/JANE DOES 1-100"

For the paragraphs numbered 115-128 in Count VII of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations contained in paragraphs 115-128 in Count VII of the Petition are directed at other parties and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

121.   With respect to the allegations contained in paragraph 115 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

122.   Denies each and every allegation contained in paragraph 116 of the Petition.

123.   Denies each and every allegation contained in paragraph 117 of the Petition.

124.   Denies each and every allegation contained in paragraph 118 of the Petition.

125.   Denies each and every allegation contained in paragraph 119 of the Petition.

126.   Denies each and every allegation contained in paragraph 120 of the Petition.

127.   Denies each and every allegation contained in paragraph 121 of the Petition.

128.   Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 122 of the Petition and demands strict proof thereof and in the alternative denies the same.

129.   Denies each and every allegation contained in paragraph 123 of the Petition.

130.   Denies each and every allegation contained in paragraph 124 of the Petition.

131.   Denies each and every allegation contained in paragraph 125 of the Petition.

132.   Denies each and every allegation contained in paragraph 126 of the Petition.

133.    Denies each and every allegation contained in paragraph 127 of the Petition.

134.    Denies each and every allegation contained in paragraph 128 of the Petition.

135.    As for the unnumbered prayer for relief under paragraph 128, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

## RESPONSE TO "COUNT VIII – CONCERT OF ACTION AGAINST DEFENDANTS MERCK, SEPKO, ALBERTS AND JOHN/JANE DOES 1-100"

For the paragraphs numbered 129-135 in Count VIII of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations contained in paragraphs 129-135 in Count VIII of the Petition are directed at other parties and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

136.    With respect to the allegations contained in paragraph 129 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

137.    Denies each and every allegation contained in paragraph 130 of the Petition.

138.    Denies each and every allegation contained in paragraph 131 of the Petition.

139.    Denies each and every allegation contained in paragraph 132 of the Petition.

140.    Denies each and every allegation contained in paragraph 133 of the Petition.

141.    Denies each and every allegation contained in paragraph 134 of the Petition.

142.    Denies each and every allegation contained in paragraph 135 of the Petition.

900367v.1

143.    As for the unnumbered prayer for relief under paragraph 135, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

## RESPONSE TO "COUNT IX – CONSPIRACY AGAINST DEFENDANTS MERCK, SEPKO AND ALBERTS"

For the paragraphs numbered 136-144 in Count VIII of the Petition, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations contained in paragraphs 136-144 in Count VIII of the Petition are directed at other parties and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

144.    With respect to the allegations contained in paragraph 136 of the Petition, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

145.    Denies each and every allegation contained in paragraph 137 of the Petition.

146.    Denies each and every allegation contained in paragraph 138 of the Petition.

147.    The allegations contained in paragraph 139 of the Petition are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

148.    Denies each and every allegation contained in paragraph 140 of the Petition.

149.    Denies each and every allegation contained in paragraph 141 of the Petition.

150.    Denies each and every allegation contained in paragraph 141 of the Petition.

151.    Denies each and every allegation contained in paragraph 143 of the Petition.

900367v.1

152.     Denies each and every allegation contained in paragraph 144 of the Petition.

153.     As for the unnumbered prayer for relief under paragraph 144, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparagraphs (a)-(e).

<b>JURY DEMAND</b>

154.     Merck hereby requests a trial by jury.

<b>DEFENSES</b>

For its defenses to Plaintiffs' Petition, defendant Merck & Co., Inc. states as follows:

<b>AS FOR A FIRST DEFENSE,<br>MERCK ALLEGES:</b>

155.     The Petition fails to set forth a cause of action upon which relief can be granted.

<b>AS FOR A SECOND DEFENSE,<br>MERCK ALLEGES:</b>

156.     Any product for which it was responsible at the time of the occurrence or injuries alleged by Plaintiffs were not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

<b>AS FOR A THIRD DEFENSE,<br>MERCK ALLEGES:</b>

157.     The occurrence and injuries alleged by Plaintiffs were caused or contributed to by the negligence, breaches of warranty, or defective products of Plaintiffs and/or third parties over whom Merck had no control and for whom Merck is not responsible.

900367v.1

## AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

158.    If plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of person not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

159.    The occurrence and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by Plaintiffs. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to Plaintiffs or any other parties.

## AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

160.    If Plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

900367v.1

## AS FOR A SEVENTH DEFENSE,
## MERCK ALLEGES:

161.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same were

caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of

Merck.

## AS FOR AN EIGHTH DEFENSE,
## MERCK ALLEGES:

162.     The injuries and damages alleged in Plaintiffs' Petition were the result of

unavoidable circumstances that could not have been prevented by anyone, including Merck.

## AS FOR A NINTH DEFENSE,
## MERCK ALLEGES:

163.     Any and all damages alleged by Plaintiffs were caused by misuse of the product

or products at issue in this case, failure to use the product or products properly, and/or alteration

or negligent use of the product or products.

## AS FOR A TENTH DEFENSE,
## MERCK ALLEGES:

164.     Plaintiffs cannot recover under the Petition because the product at issue was made

in accordance with the state of the art at the time it was manufactured.

## AS FOR AN ELEVENTH DEFENSE,
## MERCK ALLEGES:

165.     Plaintiffs' claims are barred by Plaintiffs' contributory negligence and the

contributory negligence of others.

## AS FOR A TWELFTH DEFENSE,
## MERCK ALLEGES:

166.     Plaintiff's claims are barred by Plaintiff's express and/or implied assumption of

the risks, if any, inherent in the alleged use of the product or products at issue.

900367v.1

**AS FOR A THIRTEENTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

167.   Each and every claim asserted or raised in the Petition is barred by the doctrine of res judicata.

**AS FOR A FOURTEENTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

168.   Each and every claim asserted or raised in the Petition is barred by the doctrine of payment and release.

**AS FOR A FIFTEENTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

169.   Each and every claim asserted or raised in the Petition is barred by the doctrine of laches.

**AS FOR A SIXTEENTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

170.   The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

**AS FOR A SEVENTEENTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

171.   The damages and injuries alleged, if any, were caused or enhanced by a preexisting medical condition of Plaintiffs that were not related to any product manufactured by Merck.

**AS FOR A EIGHTEENTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

172.   Each and every claim asserted or raised in the Petition is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

900367v.1

**AS FOR A NINETEENTH DEFENSE,**
**MERCK ALLEGES:**

173.    Plaintiffs' claims are barred in whole or in part pursuant to comment f to Section

6 of the Restatement (Third) of Torts:  Product Liability.

**AS FOR A TWENTIETH DEFENSE,**
**MERCK ALLEGES:**

174.    Plaintiffs' claims are barred in whole or in part pursuant to comment j to Section

402A of the Restatement (Second) of Torts.

**AS FOR A TWENTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

175.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of

Torts:  Product Liability.

**AS FOR A TWENTY-SECOND DEFENSE,**
**MERCK ALLEGES:**

176.    Any warnings which Merck gave were transmitted to the prescribing physicians

and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the

prescribing physician and/or health care providers and said obligation was fulfilled.

**AS FOR A TWENTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

177.    Plaintiffs' claims are barred by the intervention of a learned intermediary or

intermediaries whose acts, omissions, or fault are the cause of Plaintiffs' injuries, damages, or

losses, if any.

**AS FOR A TWENTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

178.    Merck has complied with all requirements of the Food and Drug Administration

of the United States Department of Health and Human Services, and the product or products at

900367v.1

issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, Plaintiffs' claims are preempted.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

179.    Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

180.    If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the negligence or fault of Plaintiffs and/or third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced under the doctrine of comparative fault.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

181.    Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

182.    The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

## AS FOR A TWENTY-NINTH DEFENSE,
## MERCK ALLEGES:

183.   Plaintiffs' knew of the existence of the risks complained of in the Petition, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed themselves to the risk.

## AS FOR A THIRTIETH DEFENSE,
## MERCK ALLEGES:

184.   At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

## AS FOR A THIRTY-FIRST DEFENSE,
## MERCK ALLEGES:

185.   Merck made no express or implied representations or warranties of any kind to Plaintiffs, nor did Plaintiffs rely on any representations or warranties made by Merck.  To the extent Plaintiffs relied upon any representations or warranties, such reliance was unjustified.

## AS FOR A THIRTY-SECOND DEFENSE,
## MERCK ALLEGES:

186.   Merck did not breach any duty of care to Plaintiffs.

## AS FOR A THIRTY-THIRD DEFENSE,
## MERCK ALLEGES:

187.   Plaintiffs' claims are barred by the doctrine of estoppel.

## AS FOR A THIRTY-FOURTH DEFENSE,
## MERCK ALLEGES:

188.   Plaintiffs' claims are barred by the doctrine of waiver.

## AS FOR A THIRTY-FIFTH DEFENSE,
## MERCK ALLEGES:

189.   Plaintiffs have failed to join all necessary and indispensable parties.

900367v.1

**AS FOR A THIRTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

190.    Plaintiffs' claims are barred because Plaintiffs have failed and refused to mitigate their alleged damages.

**AS FOR A THIRTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

191.    Merck did not violate any state or federal statute, regulation or ordinance to cause Plaintiffs' alleged injuries.

**AS FOR A THIRTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

192.    Plaintiffs' claims are barred in whole or in part due to a lack of notice or lack of privity.

**AS FOR A THIRTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

193.    To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FORTIETH DEFENSE,**
**MERCK ALLEGES:**

194.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lacks capacity and/or standing to bring such claims.

**AS FOR A FORTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

195.    To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

900367v.1

## AS FOR A FORTY-SECOND DEFENSE,
## MERCK ALLEGES:

196.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A FORTY-THIRD DEFENSE,
## MERCK ALLEGES:

197.    Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

## AS FOR A FORTY-FOURTH DEFENSE,
## MERCK ALLEGES:

198.    A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

   a.    Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

      i.    This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

- 27 -

900367v.1

      ii.     Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

      iii.    This also denies defendant any meaningful review by the trial court of the submissibility of plaintiff's claims as to certain defects, and

      iv.    This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiff does not have substantial evidence, a defect never claimed by plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.     Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.     Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

900367v.1

**AS FOR A FORTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

199.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

**AS FOR A FORTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

200.    Plaintiffs fails to allege facts from which it can reasonably inferred to the level of clear and convincing proof that defendant acted with complete indifference to or conscious disregard for the safety of others.

**AS FOR A FORTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

201.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

**AS FOR A FORTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

202.    Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

## AS FOR A FORTY-NINTH DEFENSE,
## MERCK ALLEGES:

203.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

## AS FOR A FIFTIETH DEFENSE,
## MERCK ALLEGES:

204.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

## AS FOR A FIFTY-FIRST DEFENSE,
## MERCK ALLEGES:

205.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

## AS FOR A FIFTY-SECOND DEFENSE,
## MERCK ALLEGES:

206.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

900367v.1

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

    a.        Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

    b.        Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

    c.        Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

    d.        Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

    e.        Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

    f.        Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

    g.        Missouri law allows multiple punitive damage awards for the same conduct;

    h.        Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

900367v.1

i.  Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.  Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.  Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.  Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.  Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.  Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.  Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to

impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

**AS FOR A FIFTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

207.   Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

**AS FOR A FIFTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

208.   Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FIFTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

209.   This case is more appropriately brought in a different venue.

**AS FOR A FIFTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

210.   Venue in this case is improper.

**AS FOR A FIFTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

211.   Plaintiffs should not be afforded the right to a jury trial on their claims for punitive damages.

900367v.1

## AS FOR A FIFTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

212.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## AS FOR A FIFTY-NINTH DEFENSE,
## MERCK ALLEGES:

213.    Merck avers that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

## AS FOR A SIXTIETH DEFENSE,
## MERCK ALLEGES:

214.    The Petition and the causes of action contained therein is barred in whole or in part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Missouri respectively.  That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

## AS FOR A SIXTY-FIRST DEFENSE,
## MERCK ALLEGES:

215.    Any plaintiff who purchased VIOXX outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

**AS FOR A SIXTY-SECOND DEFENSE**
**MERCK ALLEGES:**

216.    Plaintiffs lack standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

**AS FOR A SIXTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

217.    Plaintiffs who experienced no manifestation of the alleged defect have no claim against defendants upon which relief may be granted.

**AS FOR A SIXTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

218.    Merck lacked the requisite scienter and did not consciously or deliberately engage in or perpetuate any fraud with respect to the Plaintiffs.

**AS FOR A SIXTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

219.    Plaintiffs' conspiracy claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

**AS FOR A SIXTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

220.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend its answer to assert any such defense.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. respectfully requests that Plaintiffs take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

900367v.1

Respectfully submitted,

STONE PIGMAN WALTHER
WITTMANN, L.L.C.


By:  /s/ Dorothy H. Wimberly
       Phillip A. Wittmann, 13625
       Dorothy H. Wimberly, 18509
       Carmelite M. Bertaut, 3054
       546 Carondelet Street
       New Orleans, LA  70130
       Telephone:  (504) 581-3200
       Fax:  (504) 581-3361

       Defendant's Liaison Counsel

       Dan H. Ball E.D. Mo. # 2555
       Robert T. Ebert, Jr. E.D. Mo. # 3035
       Stephen G. Strauss E.D. Mo. # 84402
       211 North Broadway, Suite 3600
       St. Louis, MO 63102-2750
       Telephone:  (314) 259-2000
       Facsimile:  (314) 259-202

       and

       Norman C. Kleinberg
       Theodore V.H. Mayer
       Charles Avrith
       HUGHES HUBBARD & REED LLP
       One Battery Park Plaza
       New York, NY 10004
       Telephone: (212) 837-6000

       *Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Defenses has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of November, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

900367v.1