UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  VIOXX<br>          Products Liability Litigation | MDL No. 1657<br><br>Section:  L |
| This Document Relates to:<br>          06-11292 | Judge Fallon<br>Magistrate Judge Knowles |

**DEFENDANT DAVID BRUAH, M.D.'S RESPONSE
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

NOW COMES the Defendant, DAVID BRUAH, M.D., by and through his attorneys, GUMMERSON & RAUSCH, LLC, and for his Response to the Plaintiff's Motion to Reconsider the Court's Dismissal Order, states as follows:

**FACTS**

On September 28, 2006, the Plaintiff filed his Complaint against Dr. Bruah and Merck in state court in McHenry County, Illinois alleging medical negligence and products liability.  Dr. Bruah filed his Motion to Dismiss alleging that the Plaintiff's claims against him were barred by the statute of limitations applicable to medical negligence claims in Illinois. On November 6, 2006, Merck removed the case to the United States District Court for the Northern District of Illinois.  Dr. Bruah renewed his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in the United District Court for the Northern District of Illinois after the case was removed.  On November 29, 2006, the District Court entered a briefing schedule on the Motion to Dismiss providing that the Plaintiff had until January 3,

2007 to respond to the Motion. No response to the Motion was filed. Thereafter, on December 21, 2006, the case was transferred to the MDL. Dr. Bruah renewed his Motion to Dismiss in the MDL once the case was transferred into it.

On September 17, 2007, this Honorable Court entered an Order providing that the Plaintiff was to respond to Dr. Bruah's Motion to Dismiss on or before October 10, 2007. The Plaintiff has acknowledged that he failed to file his Response to the Motion to Dismiss. On October 26, 2007, this Honorable Court entered an Order granting Dr. Bruah's Motion to Dismiss. The Plaintiff has now filed a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e) requesting that this Court vacate the Dismissal Order and allow him time to file his response to the Motion to Dismiss. For the reasons that follow, the Plaintiff's Motion should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 59(e) is entitled "New Trials; Amendment of Judgments". Rule 59(e) to which the Plaintiff cites applies to motions to modify or alter a judgment when the motion involves reconsideration of the merits. This Court's Order which is the subject of the Plaintiff's Motion did not decide the merits of the Motion to Dismiss. Therefore, Rule 59(e) is inapplicable to this situation. However, even if this Court were to find Rule 59(e) applicable, it would still not entitle the Plaintiff to the relief he is seeking because his Motion was filed more than 10 days after entry of the Dismissal Order.

Under Federal Rule of Civil Procedure 60(b)(1), a district court may grant relief from a judgment for mistake, inadvertance, surprise, or excusable neglect on a motion made within one year of the judgment. Warfield v. Byron, 436 F.3d 551, 556 (5th Cir. 2006). Pertinent to a motion for relief from a judgment, courts are to consider: (1) the extent of

prejudice to the non-moving party, (2) the culpability of the moving party's conduct, and (3) the merits of the moving party's asserted defense. Id. In this case, the Plaintiff's Motion fails to establish that he is entitled to relief from this judgment pursuant to Rule 60(b)(1).

The Plaintiff's Motion totally lacks any facts to establish that he has a meritorious defense to the Motion to Dismiss. There is nothing contained within the Motion to show that if this Court were to grant his Motion, that he has a reasonable chance of success in defeating the Motion. In Warfield, the district court granted a motion for partial summary judgment when the defendant failed to respond to the motion. The defendant filed his motion pursuant to Rule 60(b) to vacate the order entered against him, which the district court denied. One of the allegations in his motion was he had a defense to the motion for partial summary judgment. One of the reasons the Fifth Circuit upheld the district court's decision to deny relief pursuant to Rule 60(b) was the defendant had not established he had meritorious defense to the motion for partial summary judgment. 436 F.3d 556. In this case, there are no facts in the Plaintiff's Motion demonstrating what response he may have to defeat the statute of limitations claim raised in the Motion to Dismiss. Therefore, the Plaintiff is not entitled to relief under Rule 60(b) because he has not shown he has a meritorious response to the merits of the Motion to Dismiss.

The Plaintiff's Motion also fails to establish that the Court's Order was the subject of mistake, inadvertance, surprise, or excusable neglect. The Plaintiff argues that he never received the Order of the Court directing him to respond to Dr. Bruah's Motion to Dismiss because he failed to properly register with the MDL for electronic service of court documents and filings. It should be pointed out that the Plaintiff has twice filed documents electronically in the MDL prior to this Court issuing its Order requiring the Plaintiff to

respond to Dr. Bruah's Motion to Dismiss. See Plaintiff Profile Form and Amended Plaintiff Profile Form for David Stuart filed by Romanucci & Blandin on May 15, 2007 and May 31, 2007 attached as Exhibits "A" and "B". Therefore, it is unclear how the Plaintiff can be registered to file these documents in the MDL, but not be registered in order to receive Court Orders such as the September 17, 2007 Court Order.

However, even if the Plaintiff did not receive the Court's Order, that fact is not a reason to grant relief under Rule 60(b). In Warfield, the defendant alleged that he never received the plaintiff's motion for partial summary judgment and that is why he failed to respond to it. The Fifth Circuit found that reason did not establish the requisite mistake, inadvertance, surprise, or excusable neglect for relief under Rule 60(b). The Court reasoned that the defendant had reason to believe that such a motion was going to be filed through communications with the plaintiff and he should have been monitoring and attending to the lawsuit, and if he had done so, he would have become aware of the motion. 436 F.3d at 557.

In this case, the Plaintiff was aware that Dr. Bruah had a pending Motion to Dismiss. It had been filed in state court, re-filed when the case was removed to the Northern District of Illinois, and then re-filed when the case was transferred to the MDL. The District Court in Illinois actually ordered a briefing schedule which required the Plaintiff to respond to the Motion. The Plaintiff chose to file no response at that time. This Honorable Court entered a second Order requiring the Plaintiff to respond to the Motion to Dismiss which was sent via electronic filing and to which all parties had access. The Plaintiff again failed to file a response. Although attorney carelessness can constitute excusable neglect warranting relief from judgment, attorney inattentiveness to litigation is not excusable, no matter what

4

the resulting consequences the attorney's somnolent behavior may have on a litigant. Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004).

Under the circumstances of this case, the Plaintiff had knowledge of the pending Motion to Dismiss and has not established that his failure to respond to the Motion to Dismiss was the result of mistake, inadvertance, surprise, or excusable neglect which would entitle him to relief under Rule 60(b). Therefore, the Plaintiff's Motion should be denied.

WHEREFORE, the Defendant, DAVID BRUAH, M.D., respectfully request that this Honorable Court deny the Plaintiff's Motion to Reconsider its Dismissal Order in this case, and for such other relief as this Court deems just.

                DAVID BRUAH, M.D., Defendant

                By: /s/ Tom E. Rausch
                    One of his Attorneys

Tom E. Rausch (#2290820)
GUMMERSON & RAUSCH, LLC
101 S. Benton Street, Suite 201
Woodstock, IL 60098
815-337-7700

STATE OF ILLINOIS )
) ss.
COUNTY OF McHENRY )

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing <u>Defendant David Bruah, M.D.'s Response to Plaintiff's Motion for Reconsideration</u> has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, and Antonio C. Romanucci, the attorney for Plaintiff, David Stuart, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2007.

/s/ Tom E. Rausch
Tom E. Rausch, #2290820
Attorneys for Defendant David Bruah, M.D.
Gummerson & Rausch, LLC
101 S. Benton Street, Suite 201
Woodstock, IL 60098
815/337-7700
815/337-7990 (facsimile)
trausch@lawgr.com