

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 NOV -9 AM 11: 34
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA BAHAM<br>         Plaintiff<br>VERSUS<br><br>MERCK & COMPANY, INC.<br>AND DR. JAMES BAKER<br>         Defendants | CIVIL ACTION NO. 07-7942<br><br>SECTION L(3)<br><br>JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |

### ANSWER OF DEFENDANT, JAMES K. BAKER, M.D.

Defendant, James K. Baker, M.D., through undersigned counsel, answers plaintiff's complaint thus:

### BACKGROUND

#### 1 – 3

He denies ¶¶ 1 – 3 for lack of knowledge and information sufficient to justify a belief in the truth thereof.

#### 4

He admits his status and that he is a practicing physician who treated plaintiff as alleged but denies the remainder of ¶ 4.

```
___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____
```

## FACTS

### 1 – 58

He denies any liability pursuant to the Louisiana Products Liability Act and insofar as ¶¶ 1 – 58 require any answer from him he denies ¶¶ 1 – 58 for lack of knowledge and information sufficient to justify a belief in the truth thereof.

## PLAINTIFF'S USE OF VIOXX

### 59

He admits that he prescribed Vioxx to plaintiff on six occasions [March 7, 2001 – Vioxx 25 mg #30; April 11, 2001 – Vioxx 25 mg #75 with one refill; June 26, 2001 – Vioxx 25 mg #90; November 2, 2001 – Vioxx 25 mg #90 with one refill; April 28, 2003 – Vioxx 25 mg #90 with one refill; and December 11, 2003 – Vioxx 25 mg #90 with 1 refill] for proper indications, with proper testing and with appropriate warnings and discussion of risks, but denies the remainder of ¶ 59 for lack of knowledge and information sufficient to justify a belief in the truth thereof.

### 60

He denies ¶ 60 and avers that he obtained plaintiff's informed consent or, in the alternative, that a reasonable patient in the plaintiff's position would have consented to the prescription of Vioxx.

## MEDICAL MALPRACTICE

### 61

He denies ¶ 61.

62

He admits ¶ 62.

63

He denies ¶ 63 and avers that any such claims of unconstitutionality should be severed.

64

He denies ¶ 64.

65

He denies ¶ 64 and avers that any such claims of unconstitutionality should be severed.

AND NOW, FURTHER ANSWERING, defendant avers that:

66

At all times pertinent hereto, he possessed, exercised and practiced that same degree of knowledge, care and skill ordinarily possessed, exercised and practiced by other specialists in orthopedic surgery, and he used reasonable care and diligence, along with his best judgment, in the application of that skill.

67

No lack of knowledge, care or skill proximately caused plaintiff to suffer injuries that would not otherwise have been incurred.

68

No failure to exercise the requisite degree of care proximately caused plaintiff to suffer injuries that would not otherwise have been incurred.

69

He owed no other duty to plaintiff the breach of which proximately caused her to suffer injuries that would not otherwise have been incurred.

70

He obtained plaintiff's informed consent to the administration of Vioxx.

71

In the alternative, a reasonable patient in plaintiff's position would have consented to the administration of Vioxx.

72

Plaintiff's cause of action, if any, has prescribed by operation of law.

73

Plaintiff's injuries, if any, may have been proximately caused by acts or omissions of others, including plaintiff herself, over whom defendant had no control and for whom defendant bears no responsibility or liability.

74

Plaintiff's proposed complaint of medical malpractice was submitted to a medical review panel composed of three orthopedic surgeons, and on September 26, 2007 the medical review panel rendered a unanimous expert opinion concluding that the evidence did not support the conclusion that he failed to meet the applicable standard of care as charged in the complaint. Specifically, the panelists found:

   1.   At the time of Dr. Baker's treatment of this patient, the complete ramifications or cardiovascular side effects were not publically (*sic*) known.

    2.    There was no direct evidence that the Vioxx caused the patient's stroke.

    3.    The patient was a smoker, which was probably the most likely risk factor for developing a stroke, and there was an additional risk of estrogen use.

A copy of the expert opinion and written reasons of the medical review panel is attached hereto.

75

At all times pertinent hereto, defendant was qualified for and entitled to the benefit of LSA – R.S. 40:1299.42(B)(2) limiting his liability to $100,000.

WHEREFORE, defendant, James K. Baker, M.D., prays that plaintiff's allegations of unconstitutionality of LSA – R.S. 40:1299.41 *et seq.* be severed and that plaintiff's complaint be dismissed with prejudice at her cost. In the alternative, he prays that any award be proportionately reduced by virtue of the acts of omissions of others, including plaintiff herself, and that in any event any award be limited by operation of law to $100,000.

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

BY: _____
C. WM. BRADLEY JR., T.A. [#3371]
MICHAEL S. SEPCICH [#24877]
601 Poydras St., Ste. 2100
New Orleans, LA 70130-6097
Tel: (504) 584-9170
Fax: (504) 584-9142
ATTORNEYS FOR DEFENDANT,
JAMES K. BAKER, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing answer has been served on all known counsel of record for all parties by email and by U.S. Mail this 8th day of November 2007.

_____
C. WM. BRADLEY JR.