UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | ) | MDL Docket No. 1657 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION L |
| | ) | |
| This document relates to: | ) | JUDGE FALLON |
| | ) | |
| *Donald Patterson v. Merck & Co., Inc.* | ) | MAG. JUDGE KNOWLES |
| (E.D. La. Case No. 06-cv-8319) | ) | |
| | ) | |
| _____ | ) | |

## ANSWER, SEPARATE DEFENSES AND JURY DEMAND
## TO FIRST AMENDED PETITION

Defendant Merck and Co., Inc. ("Merck"), by and through its attorneys, hereby sets forth the following Answer and Separate Defenses to the First Amended Complaint filed by Plaintiffs Bonnie S. Patterson and James M. Patterson ("Plaintiffs") and requests trial by jury. Any allegation, averment, contention or statement in the First Amended Complaint not specifically and unequivocally admitted is denied. Merck responds to each of the paragraphs of the First Amended Complaint as follows:

### RESPONSE TO "PARTIES"

1.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the First Amended Complaint, and for that reason, denies each of them.

2.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the First Amended Complaint, and for that reason, denies each of them.

901064v.1

3. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the First Amended Complaint, and for that reason, denies each of them.

4. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint, and for that reason, denies each of them.

5. Merck admits the allegations of paragraph 5 of the First Amended Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

6. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

7. Merck admits that Plaintiffs seek in excess of $75,000 in damages, excluding costs and interest, but denies that Plaintiffs are entitled to recover any damages in this action.

8. Paragraph 8 of the First Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the First Amended Complaint, and for that reason, denies each of them.

## RESPONSE TO "GENERAL ALLEGATIONS"

9. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

10. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint, and for that reason, denies each of them.

901064v.1

11. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the First Amended Complaint, and for that reason, denies each of them.

12. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the First Amended Complaint, and for that reason, denies each of them.

13. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 13 of the First Amended Complaint, and for that reason, denies each of them. Merck denies each allegation of the second sentence of paragraph 13 of the First Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14. Merck denies each allegation of first sentence of paragraph 14 of the First Amended Complaint. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 14 of the First Amended Complaint, and for that reason, denies each of them.

15. Merck denies each allegation of paragraph 15 of the First Amended Complaint.

16. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the First Amended Complaint, and for that reason, denies each of them.

17. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the First Amended Complaint, and for that reason, denies each of them.

3

18. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the First Amended Complaint, and for that reason, denies each of them.

### RESPONSE TO "FIRST CLAIM FOR RELIEF (WRONGFUL DEATH)"

19. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

20. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the First Amended Complaint, and for that reason, denies each of them.

21. Merck denies each allegation of paragraph 21 of the First Amended Complaint.

22. Merck denies each allegation of paragraph 22 of the First Amended Complaint.

### RESPONSE TO "SECOND CLAIM FOR RELIEF (ESTATE CLAIM FOR ECONOMIC LOSSES)"

23. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

24. Merck denies each allegation of paragraph 24 of the First Amended Complaint.

### RESPONSE TO "THIRD CLAIM FOR RELIEF (STRICT LIABILITY)"

25. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

26. Merck denies each allegation of paragraph 26 of the First Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

901064v.1

27. Merck denies each allegation of paragraph 27 of the First Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

28. Merck denies each allegation of paragraph 28 of the First Amended Complaint, except admits that, on or about May 20, 1999, the United States Food and Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx, and that Merck marketed Vioxx in accordance with the information contained in that FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

29. Merck denies each allegation of paragraph 29 of the First Amended Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

30. Merck denies each allegation of paragraph 30 of the First Amended Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

31. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations not directed toward Merck in paragraph 31 of the First Amended Complaint, and denies each and every allegation directed toward Merck in said paragraph.

32. Merck denies each allegation of paragraph 32 of the First Amended Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

33. Merck denies each allegation of paragraph 33 of the First Amended Complaint.

34. Merck denies each allegation of paragraph 34 of the First Amended Complaint.

35. Merck denies each allegation of paragraph 35 of the First Amended Complaint.

### RESPONSE TO "FOURTH CLAIM FOR RELIEF (NEGLIGENCE)"

36. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

37. Merck denies each allegation of paragraph 37 of the First Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

38. The first sentence of paragraph 38 of the First Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx. Merck denies each allegation of the second sentence of paragraph 38 of the First Amended Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

39. The allegations contained in paragraph 39 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

40. Merck denies each allegation in paragraph 40 of the First Amended Complaint.

41. Merck denies each allegation in paragraph 41 of the First Amended Complaint.

42. Merck denies each allegation in paragraph 42 of the First Amended Complaint.

43. Merck denies each allegation in paragraph 43 of the First Amended Complaint.

44. Merck denies each allegation in paragraph 44 of the First Amended Complaint.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF (COLORADO CONSUMER PROTECTION ACT)"

45. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

46. Merck denies each allegation in paragraph 46 of the First Amended Complaint.

47. Merck denies each allegation in paragraph 47 of the First Amended Complaint, except admits that, on or about May 20, 1999, the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx, and that Merck marketed Vioxx in accordance with the information contained in that FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

48. Merck denies each allegation in paragraph 48 of the First Amended Complaint, except admits that, on or about May 20, 1999, the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx, and that Merck marketed Vioxx in accordance with the information contained in that FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

901064v.1

49. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the First Amended Complaint, and for that reason, denies each of them.

50. Merck denies each allegation in paragraph 50 of the First Amended Complaint.

51. Merck denies each allegation in paragraph 51 of the First Amended Complaint.

52. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the First Amended Complaint, and for that reason, denies each of them.

53. Merck denies each allegation in paragraph 53 of the First Amended Complaint.

54. Merck denies each allegation in paragraph 54 of the First Amended Complaint.

55. Merck denies each allegation in paragraph 55 of the First Amended Complaint.

56. Merck denies each allegation in paragraph 56 of the First Amended Complaint.

### RESPONSE TO "SIXTH CLAIM FOR RELIEF (FRAUDULENT MISREPRESENTATION)"

57. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

58. Merck denies each allegation in paragraph 58 of the First Amended Complaint.

59. Merck denies each allegation in paragraph 59 of the First Amended Complaint.

60. Merck denies each allegation in paragraph 60 of the First Amended Complaint.

61. Merck denies each allegation in paragraph 61 of the First Amended Complaint.

62. Merck denies each allegation in paragraph 62 of the First Amended Complaint.

63. Merck denies each allegation in paragraph 63 of the First Amended Complaint.

64. Merck denies each allegation in paragraph 64 of the First Amended Complaint.

65. Merck denies each allegation in paragraph 65 of the First Amended Complaint.

901064v.1

66. Merck denies each allegation in paragraph 66 of the First Amended Complaint.

67. Merck denies each allegation in paragraph 67 of the First Amended Complaint.

### RESPONSE TO "SEVENTH CLAIM FOR RELIEF (FRAUDULENT CONCEALMENT"

68. Merck restates and incorporates by reference each of the preceding paragraphs of this Answer.

69. Merck denies each allegation in paragraph 69 of the First Amended Complaint.

70. The allegations contained in paragraph 70 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

71. Merck denies each allegation in paragraph 71 of the First Amended Complaint.

72. Merck denies each allegation in paragraph 72 of the First Amended Complaint.

73. Merck denies each allegation in paragraph 73 of the First Amended Complaint.

74. Merck denies each allegation in paragraph 74 of the First Amended Complaint.

75. Merck denies each allegation in paragraph 75 of the First Amended Complaint.

76. Merck denies each allegation in paragraph 76 of the First Amended Complaint.

77. Merck denies each allegation in paragraph 77 of the First Amended Complaint.

78. Merck denies each allegation in paragraph 78 of the First Amended Complaint.

### RESPONSE TO "PRAYER"

With respect to the prayer for relief set forth following the enumerated paragraphs of the Complaint, Merck denies that Plaintiff is entitled to any of the relief requested in his prayer, or to any relief whatsoever in connection with this action.

Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a trial by jury.

## SEPARATE DEFENSES

By asserting the following separate defenses, Merck does not allege or admit it has the burden of proof or the burden of persuasion with respect to any of these matters:

### First Defense

Plaintiffs' First Amended Complaint fails to state a claim against Merck upon which relief may be granted.

### Second Defense

Plaintiffs' claims may be barred by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment K, and/or Restatement (Third) of Torts: Products Liability § 6. The pharmaceutical product in question is useful and desirable, and any risk claimed by Plaintiffs with its use and the alleged injury, to the extent it exists, is unavoidable.

### Third Defense

Plaintiffs' claims may be barred, in whole or in part, by misuse or unintended use of Vioxx.

### Fourth Defense

Plaintiffs' claims may be barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

901064v.1

**Fifth Defense**

Plaintiffs' claims may be barred because Plaintiffs' injuries, if any, were actually or proximately caused, in whole or in part, by the intervening or superseding conduct of Plaintiffs or Plaintiffs' Decedent ("Decedent"), independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from Merck's conduct or control.

**Sixth Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of informed consent.

**Seventh Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of comparative fault. If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the First Amended Complaint, this percentage of fault must be reduced against any assessed against Merck pursuant to C.R.S. § 13-21-111, § 13-21-111.5 and § 13-21-406 or other applicable law.

**Eighth Defense**

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs or Decedent did not rely to his or their detriment upon any statement by Merck in determining to use Vioxx.

**Ninth Defense**

Plaintiffs' fraud and misrepresentation claims are barred for failure to plead them with the particularity or specificity required by F.R.C.P. 9(b).

901064v.1

**Tenth Defense**

Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

**Eleventh Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

**Twelfth Defense**

Plaintiffs' damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiffs or Decedent as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance, other health benefits plan, or other collateral sources.

**Thirteenth Defense**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of assumption of risk.

**Fourteenth Defense**

Plaintiffs' claims are barred because Vioxx was designed, manufactured, and marketed in accordance with the state of the art and when Vioxx left the control of Merck, no practical and technically feasible alternative formulation was available that would have prevented the harm for which Plaintiffs seek to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

901064v.1

**Fifteenth Defense**

Plaintiffs' damages, if any, may be limited, in whole or in part, by Plaintiffs' or Decedent's failure to mitigate.

**Sixteenth Defense**

Plaintiffs' claims are barred, in whole or in part, under applicable law because Vioxx was subject to and received pre-market approval by the FDA under 504 Stat. 1040, 21 U.S.C. § 301.

**Seventeenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

**Eighteenth Defense**

Merck is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Colorado, or any other law found applicable in this action.

**Nineteenth Defense**

Plaintiffs' claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Merck and all its activities with respect to the subject product Vioxx have been and are conducted under the supervision of the United States Food and Drug Administration.

**Twentieth Defense**

Merck incorporates all of the defenses set forth under the Colorado Consumer Protection Act, Colorado Revised Statutes § 6-1-101, *et seq*.

13

**Twenty-First Defense**

Merck is entitled to a credit for any settlement of claims for alleged injuries and damages made by Plaintiffs or Decedent with any other defendant or other person or entity.

**Twenty-Second Defense**

The injuries or damages allegedly sustained by Plaintiffs can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.  If any liability is found against Merck, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of Merck for non-economic loss shall be limited, and shall not exceed Merck's equitable share.

**Twenty-Third Defense**

Any verdict or judgment rendered against Merck is subject to the requirements of C.R.S. § 13-21-111.6 and must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

**Twenty-Fourth Defense**

Plaintiffs' damages are limited by the provisions of C.R.S. § 13-21-102.5.

**Twenty-Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, by the Colorado Product Liability Act, § 13-21-401, *et seq.*, including the presumptions contained in C.R.S. §§ 13-21-403 & 13-21-203.

**Twenty-Sixth Defense**

To the extent any part of Plaintiffs' First Amended Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages, therefore, any award of punitive or multiple damages is barred.

**Twenty-Seventh Defense**

To the extent any part of Plaintiffs' First Amended Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such an award, if granted, would violate Merck's constitutional rights under the United States and Colorado Constitutions and is not permitted under Colorado law.

**Twenty-Eighth Defense**

To the extent any part of Plaintiffs' First Amended Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such claim is barred because Vioxx and its labeling were subject to approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-Ninth Defense**

To the extent any part of Plaintiffs' First Amended Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such claims are further barred because:

> a. Vioxx as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the FDA under the Food, Drug and Cosmetic Act (21 U.S.C. § 301, *et seq.*) or the Public Health Service Act (21 U.S.C. § 201, *et seq.*);

15

901064v.1

      b.      Vioxx is generally recognized as safe and effective pursuant to conditions established by the FDA and applicable regulations, including packaging and labeling regulations; and

      c.      Merck did not, either before or after making Vioxx available for public use, knowingly, in violation of applicable FDA regulations, withhold from or misrepresent to the FDA information known to be material and relevant to the harm, which the Plaintiff allegedly suffered.

**Thirtieth Defense**

To the extent any part of Plaintiffs' First Amended Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such damages are limited or barred, in whole or in part, by the provisions of C.R.S. § 13-21-102.

**Thirty-First Defense**

Plaintiffs' claims are barred by the First Amendment to the United States Constitution.

**Thirty-Second Defense**

Plaintiffs' claims are barred or limited, in whole or in part, by the provisions of C.R.S. § 13-21-203.

901064v.1

**Thirty-Third Defense**

Plaintiffs' claims may be barred, in whole or in part, because they are not proper parties to this action.

**Thirty-Fourth Defense**

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, having fully answered the First Amended Complaint, Merck demands judgment against the Plaintiffs and relief as follows:

(1) Dismissing the entire action with prejudice;

(2) Granting Merck reasonable costs, expenses and attorneys' fees; and

(3) Awarding Merck such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, #13625
Dorothy H. Wimberly, #18509
Carmelite M. Bertaut, #3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

901064v.1

        John R. Trigg
        Andrew H. Myers
        Wheeler Trigg Kennedy LLC
        1801 California Street, Suite 3600
        Denver, CO  80202
        Phone:  303-244-1800
        Fax:      303-244-1879

        Counsel for Merck & Co., Inc.

901064v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing ANSWER, SEPARATE DEFENSESA AND JURY DEMAND has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 19th day of November, 2007.

      */s/ Dorothy H. Wimberly*
      Dorothy H. Wimberly, #18509
      Stone Pigman Walther Wittmann L.L.C.
      546 Carondelet Street
      New Orleans, LA  70130
      Phone:  504-581-3200
      Fax:     504-581-3361

901064v.1