IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:     VIOXX PRODUCTS         )<br>LIABILITY LITIGATION              )<br>MDL No. 1657                            )<br>_____)<br>This document relates to:           )<br>                                                )<br>DONALD R. PREUNINGER and )<br>FLORA N. PREUNINGER,          )<br>     Plaintiffs,                               )<br>v.                                               )<br>                                                )<br>MERCK & CO., INC.,                  )<br>     Defendant.                            ) | SECTION L<br>JUDGE ELDON E. FALLON<br><br><br><br><br>CASE NO. 06-10305 |

# PLAINTIFFS' MOTION TO
# SET ASIDE STAY (PTO 30)

Now come the Plaintiffs, by and through their undersigned attorney, and moves the Court to set aside the stay put in effect by Pretrial Order No. 30 on November 9, 2007, and for that states:

1.  On October 29, 2007, Merck filed a Motion for Summary Judgment against Plaintiffs (Rec. Doc 12798). A Notice of Hearing accompanied the Motion, setting the hearing before this Court on November 9, 2007.

2.  The Court granted Merck's Motion for an Expedited Briefing Schedule and ordered Plaintiffs to file a response by November 7, 2007 (Rec. Doc 12823).

3. Plaintiffs filed a Response and Affidavit of Flora Preuninger on November 8, 2007 (Rec. Doc 12923). The Court accepted the late filing of the Response and Affidavit (Rec. Doc 12957).

4. Merck filed a further Response on November 8, 2007 (Rec. Doc 12915), and presented Texas case law that allegedly held that Flora Preuninger's Affidavit was insufficient to create a question of fact because she was not an expert and could not testify to Mr. Preuninger's mental capacity.

5. Plaintiffs have contrary Texas case law to present to the Court that in fact, a lay witness with a factual basis for her opinion on mental capacity, is a competent witness.

> We do not foreclose the possibility, however, that a nurse or even a lay person could, without expressing a medical diagnosis, provide competent summary judgment proof that a plaintiff has been continually and completely mentally incapacitated from the time of the injury until the time suit was filed. *Ct. Praytor v. Ford Motor Co.,* 97 S. W. 3d 237, 241 (Tex.App.-Houston 2002, no pet.)(Lay person testimony will suffice when general experience and common sense enable lay person to form opinion). It is conceivable that even a non-expert witness could testify to facts sufficient to demonstrate the plaintiff was incapable of either bringing suit or understanding or participating in a suit brought on her behalf during the limitations period. For example, a witness could testify that she cared for the plaintiff or was in the presence of the plaintiff on an ongoing basis from the time of her injury and, at all relevant times, the plaintiff was unresponsive, uncommunicative, and incapable of caring for herself. Given a sufficient factual basis, expert medical testimony may not be necessary to raise a fact issue about a mental impairment being continuous and disabling.

<u>Yancy v. United States Partners Intern.</u>, 170 S.W. 3d 185, 192 (Tex.App.-Dallas, 2005).

6. Plaintiffs would have presented this case law to the Court at the scheduled hearing on November 9, 2007, but for the Court issuing its Order on November 8, 2007 (Rec. Doc 12950).  The Court, in reliance only on the Texas case law presented by Merck, refused to consider Mrs. Preuninger's Affidavit about her observations of her husband, and held that there was no evidence of Plaintiff's unsound mind.  (Rec. Doc 12950, page 6, note 5).

7. Plaintiffs request that the Stay Order be lifted to allow them to file by November 26, 2007 at 5:00 p.m., a Motion for Reconsideration of the Summary Judgment, limited to five (5) pages to make their argument on the admissibility of Mrs. Preuninger's Affidavit.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs respectfully request that this Honorable Court would lift the Stay Order (PTO No. 30), to allow Plaintiffs until November 26, 2007, at 5:00 p.m., to file a Motion for Reconsideration of the Summary Judgment, limited to the admissibility of Mrs. Preuninger's Affidavit.

/s/ Leila H. Watson
LEILA H. WATSON
Alabama Bar No.:  3023-S74L
ELIZABETH A. ELLIS
Alabama Bar No.:  3521-A63E
CORY WATSON CROWDER &
  DEGARIS, P.C.
Attorney for Plaintiffs
2131 Magnolia Avenue
Birmingham, Alabama  35205
205-328-2200
205-324-7896 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Motion to Set Aside Stay (PTO 30) has been served on all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of November, 2007.

    /s/Leila H. Watson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   VIOXX PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| MDL No. 1657 ) | SECTION L |
| _____) | JUDGE ELDON E. FALLON |
| This document relates to: ) | |
| ) | |
| DONALD R. PREUNINGER and ) | |
| FLORA N. PREUNINGER, ) | CASE NO. 06-10305 |
|     Plaintiffs, ) | |
| v. ) | |
| ) | |
| MERCK & CO., INC., ) | |
|     Defendant. ) | |

## ORDER ON PLAINTIFFS' MOTION
## FOR RELIEF FROM STAY

This matter comes before the Court on Plaintiffs' Motion for Relief from Stay to file a Motion for Reconsideration of the Summary Judgment.

The Court having considered the grounds, will allow the Plaintiffs until November 26, 2007, 5:00 p.m. to file a Motion For Reconsideration of the Summary Judgment that is no more than five (5) pages in length, and is limited to the sole issue of the admissibility of Mrs. Preuninger's Affidavit, and hereby GRANTS the Motion.

DONE AND ORDERED THIS ___ DAY OF NOVEMBER, 2007.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE