**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT LOUISIANA**

| | |
|---|---|
| In re: **VIOXX PRODUCTS LIABILITY LITIGATION**, | |
| This pleading applies to: | |
| <u>DeVito et al v. Merck & Co Inc</u>, 2:07-cv-00562-EEF-DEK for the following plaintiffs only:  James Barrall, Carol Ciabattoni, and Alonsi Dusi | MDL Docket NO. 1657<br><br>Products Liaibility Litigation<br>Section L<br>Judge Fallon<br>Mag. Judge Knowles |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO
RECONSIDER, PURSUANT TO FED.R.CIV.P. 59(e), THIS COURT'S ORDER
GRANTING SUMMARY JUDGMENT FOR PLAINTIFFS' WARRANTY
CLAIMS**

On November 9, 2007, this Court granted summary judgment for the

following Pennsylvania plaintiffs:   James Barrall, Carol Ciabattoni, and Alonsi Dusi

(hereinafter "plaintiffs"). <u>In re Vioxx Prods. Liab. Litig.</u>, 2007 U.S. Dist. LEXIS

83929 (E.D. La. 2007) ("Order").

Plaintiffs respectfully request, pursuant to Fed.R.Civ.P. 59(e), this Court to

reconsider its Order and to deny defendant Merck's motion for summary judgment

**<u>only</u>** as to plaintiffs' warranty claims for implied warranty of merchantability and

express warranty against defendant Merck.

First, Pennsylvania law allows a plaintiff to bring  warranty claims for

personal injury against the manufacturer of pharmaceutical drugs.

Next, Plaintiffs request that the Court reconsider its Order that plaintiffs'

warranty claims are time-barred on the basis that it has been more than four years since plaintiffs were initially tendered Vioxx because (1) defendant Merck should be equitably estopped from raising the statute of limitations defense to plaintiffs' warranty claims; and (2) the four-year statute should be measured from the time plaintiffs were last tendered Vioxx.  Garber v. Ansell/Perry, 2003 Pa. Dist. & Cnty. Dec. LEXIS 129, *10-11 (Pa. C.P. 2003).

Finally, there exists genuine issues of material fact regarding plaintiffs' express warranty claims that preclude summary judgment.

**I.      Plaintiffs respectfully request this Court to reconsider its Order and to deny defendant Merck's motion for summary judgment as to plaintiffs' warranty claims for implied warranty of merchantability and express warranty against defendant Merck.**

**A.      Standard of review for a Fed.R.Civ.P. 59(e) motion to reconsider.**

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment."  In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).  This Court "has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e)]."  Am. Home Assur. Co. v. Liberty Mutual Ins. Co., 2006 U.S. Dist. LEXIS 64034 (D. La. 2006) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).  "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence."  Id. (citing In re Transtexas Gas Corp., 303 F.3d at 581 (internal quotation and citation omitted).

**B.      Pennsylvania Courts allow warranty claims for personal injury against the manufacturer of pharmaceutical drugs.**

The four-year statute of limitations provided in the Commercial Code is applicable to all breach-of-warranty claims and that no exceptions would be made merely because the claimant seeks to recover on a breach-of-warranty basis for personal injuries.  Connaught Laboratories, Inc. v. Lewis, 124 Pa. Commw. 568, 574 (Pa. Commw. Ct. 1989).

In Connaught Laboratories, Inc. v. Lewis, 124 Pa. Commw. 568, 574 (Pa. Commw. Ct. 1989), a Pennsylvania court allowed a plaintiff to bring warranty claims for personal injury resulting from prescribed DTP vaccination shots.

Indeed, vaccination shots are prescribed by doctors and heavily regulated by the FDA, not unlike prescription drugs.

Furthermore, plaintiffs have found no published Pennsylvania state court opinions that preclude warranty claims against the manufacturer of pharmaceutical drugs.  Accordingly, Pennsylvania law allows plaintiff to bring warranty claims against defendant Merck for prescription drugs.

In addition, this Court relies on two cases for the proposition that warranty claims are inapplicable for the manufacturer of prescription drugs:  Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 744 (E.D. Pa. 2004) and Bearden v. Wyeth, 482 F. Supp. 2d 614, 622 (E.D. Pa. 2006).  (Order at *16).   This authority is distinguishable from the *instant* action.

In Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 744 (E.D. Pa. 2004), Rowan Parkinson and Shirley Parkinson ("plaintiffs") brought a products liability action against Guidant Corporation and Advanced Cardiovascular Systems, Inc.

("ACS") seeking recovery  for injuries sustained by Rowan Parkinson for a

**prescribed medical devices** when a guidewire manufactured by defendant ACS

fractured during the course of an angioplasty procedure on May 11, 1999. Id.  The

court granted summary judgment on plaintiffs' products liability claims for the

prescription medical device based on the comment K, § 402A "unavoidably unsafe

products" defense.  Likewise, the court granted summary judgment on plaintiff's

implied warranty of merchantability claim again based on the comment K, § 402A

reasoning. Id.

First, a medical device was at issue in Parkinson, a medical device is not at

issue in this *instant* litigation.  Next, Defendant Merck has never claimed that Vioxx

is unavoidably unsafe.   Finally, the case relied on by the federal court in Parkinson,

- Makripodis v. Merrell-Dow Pharms, 523 A.2d 374, 377 (Pa. Super. Ct. 1987) - the

issue was whether a pharmacy that dispensed a drug to a plaintiff pursuant to

prescription can be held liable for breach of warranty.  The court in Makripodis

held that it could not because a druggist who dispenses a prescription drug

pursuant to the prescription of a licensed physician only warrants: (1) that he has

compounded the drug prescribed with due care, (2) in the strength and quantity

prescribed,  (3) that he has used the proper methods in the compounding process,

(4) that the drug is pure and unadulterated, and (5) that he has labeled the drug in

accordance with the directives of the physician's prescription. 523 A.2d at 377.  This

holding is not a blanket prohibition of warranty law for the manufacturer of

prescription drugs;   in fact that issue was never before the Court.

Lastly, in <u>Bearden v. Wyeth</u>, 482 F. Supp. 2d 614, 622 (E.D. Pa. 2006), the court applied Arkansas law, not Pennsylvania Law, to decide the case, and any statement regarding Pennsylvania Law is *dicta*, and the particular statement regarding prescription drugs and warranty law was not only *dicta*, but made without citation to authority.

For the foregoing reasons, Pennsylvania law allows a plaintiff to bring warranty claims for personal injury against the manufacturer of pharmaceutical drugs.

**C.    Plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi's ("plaintiffs") warranty claims were timely filed on February 1, 2007.**

On plaintiff James Barrall's fact sheet, he stated that he had a stroke on May 2003 and that he ingested Vioxx from November of 2002 until May of 2003. (Exhibit 1).

On plaintiff Carol Ciabattoni's fact sheet, she stated that she had a heart attack on October of 2003 and that she ingested Vioxx from May of 1999 until November of 2003.   (Exhibit 2)

On decedent Catherine Dusi's fact sheet, plaintiff Alonzo Dusi stated that she (Catherine Dusi) had a heart attack leading to wrongful death on February 7, 2003 and that she ingested Vioxx from November of 2002 until February 7, 2003. (Exhibit 3).

Plaintiffs James Barrall, Carol Ciabattoni, and Alonsi Dusi's warranty claims were timely filed on February 1, 2007 on the <u>DeVito et al v. Merck & Co Inc</u>,

2:07-cv-00562-EEF-DEK complaint.

Plaintiffs request that the Court reconsider its Order that plaintiffs warranty claims are time-barred on the basis that it has been more than four years since plaintiffs were initially tendered Vioxx because (1) Defendant Merck should be equitably estopped from raising the statute of limitations defense to plaintiffs' warranty claims; and (2) the four-year statute should be measured from the time plaintiffs were last tendered Vioxx.

        **1.**       **Defendant Merck should be equitably estopped from raising the statute of limitations defense to plaintiffs' warranty claims.**

Defendant Merck should be equitably estopped from raising the statute of limitations as a defense to plaintiffs' warranty claims.

In <u>Connaught Laboratories, Inc. v. Lewis</u>, 124 Pa. Commw. at 574, the court stated that: "although a plaintiff cannot benefit under the discovery rule in a breach of warranty action, a plaintiff may invoke the doctrine of estoppel in order to extend the statute of limitations if the plaintiff can prove that the defendant caused him to relax his vigilance by some affirmative fraud, deception or concealment of fact." <u>Connaught Laboratories, Inc. v. Lewis</u>, 124 Pa. Commw. at 574-575 (citing <u>Appeal of Sepko</u>, 84 Pa. Commonwealth Ct. 359, 479 A.2d 665 (1984). The nature of the defendant's concealment need not be intentional, and he deception a plaintiff must prove to activate the estoppel theory may be unintentional. <u>Id.</u> The estoppel doctrine is relevant only in those cases in which the defendant's conduct causes the plaintiff to deviate from his inquiry. <u>Id.</u>

Plaintiffs have alleged fraudulent concealment and equitable estoppel against defendant Merck.  (Complaint ¶39).  Plaintiffs take the position that Merck's concealment of the dangers of Vioxx caused plaintiff to deviate from their inquiry that Vioxx was the cause of their cardiovascular injuries.

Accordingly, defendant Merck should be equitably estopped from raising the statute of limitations defense until September 30, 2004.   As a result, plaintiffs' warranty claims were timely filed.

> **2.      Plaintiffs' four-year statute of limitations for warranty claims should be measured from the time plaintiffs were last tendered Vioxx.**

Plaintiffs' four-year statute of limitations for warranty claims should be measured from the time plaintiffs were last tendered Vioxx.  Garber v. Ansell/Perry, 2003 Pa. Dist. & Cnty. Dec. LEXIS 129, *10-11 (Pa. C.P. 2003).

Plaintiff does not dispute the Court's finding that the four-year statute of limitations claims is measured at the time of tender of Vioxx.  Nevertheless, plaintiffs contend that it should be measured from the time plaintiffs were last tendered Vioxx.

In Garber, 2003 Pa. Dist. & Cnty. Dec. LEXIS 129, *10-11, the Pennsylvania court addressed a very similar issue – the operative date for the four-year breach of warranty limitations period.  Id.  Plaintiff brought a personal injury warranty claims, alleging the latex gloves that she wore from 1979 until 1997 caused her personal injury.  Id.   Plaintiffs did not bring her warranty claims against the manufacturer of the latex gloves until June 7, 1999.  Defendant moved for summary

judgment on the basis of the four-year statute of limitations for warranty claims.  Id.

The court in Garber reasoned as follows:

> The question this court must decide is the operative date for the four-year breach of warranty limitations period. The plaintiff filed her claim for breach of warranties on June 7, 1999. Since the delivery date of the gloves is controlling for warranty claims, any delivery of gloves prior to June 7, 1995, are subject to the four-year statute of limitations. Furthermore, any claims based on the warranties of the gloves delivered prior to June 7, 1995, are also subject to the four-year statute of limitations.

Garber, 2003 Pa. Dist. & Cnty. Dec. LEXIS 129 *10-1.

Accordingly, the Court allowed plaintiff to bring warranty claims not from

the first tender of the latex gloves (1979), but for any tender of the latex gloves in the

last four years from filing.

Likewise, in Connaught Laboratories, the Court measured the statute of

limitations from the last or third D.T.P. vaccination, not the first D.T.P. vaccination.

124 Pa. Commw. at 576.

Accordingly, there are genuine issues of material fact regarding when was

the last tender of Vioxx prescriptions to the three plaintiffs: (1) James Barrall's fact

stated that he ingested Vioxx from November of 2002 until May of 2003 (Exhibit 1);

; (2) plaintiff Carol Ciabattoni stated that she ingested Vioxx from May of 1999 until

November of 2003 (Exhibit 2); and plaintiff Alonzo Dusi stated that decedent

Catherine Dusi ingested Vioxx from November of 2002 until February 7, 2003

(Exhibit 3). As plaintiffs are afforded all inferences on summary judgment, and

defendant Merck summary judgment record is silent on when plaintiffs were last

tendered a Vioxx prescription, there exist genuine issues of material act that

preclude summary judgment on plaintiffs' warranty claims.

   **D.    There exists genuine issues of material fact regarding plaintiffs' express warranty claims that preclude summary judgment.**

This Court held that "the various representations allegedly relied upon by the plaintiffs have been found insufficient under Pennsylvania law to create express warranties in prescription drug cases," relying on Sowers v. Johnson & Johnson Med., Inc., 867 F. Supp. 306, 313-14 (E.D. Pa. 1994) and Kenepp v. Am. Edwards Labs., 859 F. Supp. 809, 817-18 (E.D. Pa. 1994).

 Both of these cases, Sowers and Kenepp, found that the the information sheets at issue for the disinfect chemicals were required disclosure under federal law, the representations made therein were  not directed at consumers in order to induce purchases of the product, in these information sheets were not "part of the basis of the bargain" between Johnson & Johnson and potential buyers.  Kenepp, 859 F. Supp. at 817-18;  Sowers, 867 F. Supp. at 313-14.

    Merck directly advertised Vioxx to plaintiffs and the averments may in the product insert are intended for the benefit only of the plaintiffs.

Under the UCC, a seller's description of the goods that becomes part of the basis of the bargain creates an express warranty that the goods will conform to that description. 13 Pa.C.S. § 2313.  In general, all of the statements of the seller become part of the basis of the bargain "unless good reason is shown to the contrary." Solarz v. DaimlerChrysler Corp., 2002 Phila. Ct. Com. Pl. LEXIS 34, 31-32 (Phila. Com. P. LEXIS 2002) (citing § 2313, cmt 8.)  Finally, as in breach of implied

-9-

warranty, a successful claim for breach of express warranty requires a pleading of

damages.  <u>Id.</u> (citing Price v. Chevrolet Motor Div. of Gen. Motors Corp., 2000 PA

Super 410, 765 A.2d 800, 809 (Pa. Super. 2000).

Here, Plaintiffs alleged, in their complaint, that:

> 128.    Merck expressly warranted to Plaintiffs by statements
> made by Merck or its authorized agents, orally or in written
> publications, package labels, and/or inserts, that the Vioxx was safe,
> effective, fit, and proper for its intended use, and the express
> warranties include, but were not limited to:
>> Vioxx is used in adults for:
>> a. relief of the pain and inflammation (swelling and soreness) of
>> osteoarthritis (arthritis from wear and tear on your bones and
> your
>> joints);
>> b. relief of the pain and inflammation of rheumatoid arthritis in
> adults
>> (arthritis caused by a condition where your immune system
> attacks
>> your joints);
>> c. management of short-term pain;
>> d. treatment of menstrual pain (pain during women's monthly
> periods);
>> e. treatment of migraine headache attacks with or without aura.
>
> \*\*\*
>
> 131.  The express warranties and representations made by
> Merck were false in that Vioxx was not safe and was not fit for the use
> for which it was intended.

 The statements of Merck that Vioxx was a safe pain reliever were part of the

basis of the bargain and, therefore, plaintiffs have actionable breach of express

warranty claims against defendant Merck.

## II.     Conclusion

For the foregoing reasons, plaintiffs respectfully request this Court to

reconsider its Order and to deny defendant Merck's motion for summary judgment

as to plaintiffs' warranty claims for implied warranty of merchantability and

express warranty against defendant Merck.


JEFFREY J. LOWE, PC


By:     Francis J. "Casey" Flynn
        Jeffrey J. Lowe
        Francis J. "Casey" Flynn
        Attorney for Plaintiffs
        8235 Forsyth, Suite 1100
        St. Louis, Missouri 63105
        (314) 678-3400
        Fax: (314) 678-3401

        John Carey
        Joseph P. Danis
        Sarah Hale
        CAREY & DANIS, LLC
        8235 Forsyth Boulevard, Suite 1100
        St. Louis MO 63105
        Telephone: 314-725-7700
        Facsimile: 314-721-0905


        T. Evan Schaeffer
        Andrea B. Lamere
        SCHAEFFER & LAMERE, P.C.
        5512 Godfrey Road
        Highway 67, Suite B
        Godfrey, IL 62035
        618-467-8200

        Evan Buxner
        Walther Glenn Law Offices
        1034 S. Brentwood Blvd., Suite 1300
        St. Louis, MO 63117
        314-725-9595

Fax: 314-725-9597

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically on all parties to be electronically served this 21st day of November, 2007, to:

Francis J. "Casey" Flynn