UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION l (3) |
| | : | |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| ALL CASES | : | MAG. JUDGE KNOWLES |

## THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO MR. STRATTON'S MOTION FOR RELEASE OF TRIAL PACKAGE

### I. INTRODUCTION

Michael A. Stratton, Esq., on his own behalf, filed an unsupported motion purporting to seek the immediate release of the Plaintiffs Steering Committee's (PSC's) trial package. He states opaquely that it is "imperative" that he obtain the trial package immediately, "so that the current settlement offer can be fully evaluated." Without the benefit of any supporting memorandum to explicate Mr. Stratton's bare-bones motion, the PSC's rejoinder is to note that the motion is procedurally defective, substantively unfounded, and, if it were granted, could cause great prejudice to the PSC and coordinated counsel, including Mr. Stratton.

Accordingly, the PSC submits that the motion should be denied.

### II. FACTUAL BACKGROUND

On November 9, 2007, at the regularly scheduled status conference before this Court, Merck announced that it had entered into an historic settlement agreement with Negotiating Plaintiffs' Counsel ("NPC") appointed by this Court to engage Merck in settlement discussions. The NPC was comprised of selected members of the PSC, *i.e.*, Andy D. Birchfield, Russ M. Herman, Christopher Seeger and Arnold Levin, and responsible counsel in the California and Texas coordinated Vioxx litigations, Thomas V. Girardi, Edward F. Blizzard, respectively. The NPC engaged in extensive,

arduous, arms' length negotiations opposite Merck's able counsel for months preceding the announcement. The culmination of their labors was the presentation of a $4.85 Billion pre-funded, structured, private Settlement Program designed to resolve pending and tolled claims for persons with myocardial infarctions, sudden cardiac death or ischemic strokes alleged to have been caused by Vioxx. The Settlement Agreement, summary description, and supporting documents were all posted and made publicly available on the world-wide internet at www.officialvioxxsettlement.com that day for interested persons to immediately evaluate.

Following the announcement of the Settlement Agreement, the NPC engaged in numerous didactic sessions to explain the terms of the Settlement Agreement to interested counsel across the United States. During the period between November 19-30, 2007, Members of the NPC participated in formal meetings in Philadelphia,[1] Atlanta, New York, Houston, Denver and Los Angeles, in an effort to explain the terms of the settlement. Prominent amongst the many features of the Settlement was discussion of the fact that the Settlement Program is driven by the Eligible Claimant's abbreviated medical records, not the ability to prove liability against Merck.

To evaluate whether any given client qualifies for compensation in the Settlement Program, an attorney need only demonstrate that their client's abbreviated medical records documenting the injury (the "Event Records") confirm that the Eligible Claimant suffered a heart attack, sudden cardiac death or stroke; that the client's Event Records establish that the Eligible Claimant received at least 30 Vioxx pills within 60 days; and that these records also confirm that Vioxx was being used by the Eligible Claimant within the time frame set forth by the Settlement Agreement. Because the

---

[1] Mr. Stratton personally attended the Settlement Information Meeting that took place in Philadelphia on November 19, 2007.

2

Settlement Program is Event Record driven, there is scant need to consider any other extrinsic documents to properly evaluate the Settlement, particularly documents establishing Merck's liability.

Under the terms of the Settlement Agreement, Section 1.1, counsel representing Vioxx Claimants are obliged to submit a Registration Affidavit for every Vioxx client they represent as primary counsel by January 15, 2007. The Registration Affidavit requires basic information about each client and the injury the client alleges. Mr. Stratton's ability to evaluate the Settlement Agreement is not hampered by the current unavailability of the MDL Trial Package. The Settlement Agreement is an independent document that makes no reference to the MDL Trial Package. Comparison of the Settlement Agreement with the MDL Trial Package is unnecessary to fully evaluate the Settlement Agreement.

Against these facts, Mr. Stratton contends that the trial package is necessary for him to "fully evaluate" the Settlement Agreement. Mr. Stratton is counsel of record for several plaintiffs whose claims are pending in MDL No. 1657 and, according to his Full Participation Agreement reflects that he represent plaintiffs in addition to those pending in MDL No.1657. On or about September 20, 2005, pursuant to Pretrial Order No. 19, Mr. Stratton signed a Full Participation Agreement. *See* Stratton Full Participation Agreement (Identifying the names of clients he represents)(attached hereto as Exhibit "A"). By agreeing to coordinate with the PSC on behalf of all his clients, Mr. Stratton became entitled "to the extent developed, the PSC Work Product, including access to the PSC's virtual depository." *Id.*, ¶7. Consequently, Mr. Stratton will be entitled to receive the MDL trial package upon it becoming available.

3

Currently, however, the PSC is still exploring appropriate methods of securely producing the trial package in a manner that will maintain its integrity and confidentiality. The Court has been apprized of these efforts as recently as the Joint Report No. 29 of Plaintiffs' and Defendants' Liaison Counsel at 10 (Document No. 12888, filed Nov. 7, 2007). Until appropriate security measures are developed and implemented, the trial package is simply not available to counsel coordinated with the PSC, including Mr. Stratton.

Indeed, were the trial package to be available and prematurely circulated prior to the implementation of adequate safeguard measures, the security of the entire trial package could be jeopardized. As this Court has already determined, the trial package reveals substantial attorney work-product material, all of which is privileged. *See In re Vioxx Products Liability Litigation*, MDL No. 1657, PTO No. 27 (E.D.La. Sept. 27, 2007). If the trial package was to be disseminated immediately, the possibility that its contents could be revealed to third parties could act to vitiate the privilege or create unnecessary problems related to claw-back issues. Great prejudice for all coordinated counsel could result in either event.

### III. ARGUMENT

#### A. The Motion is Procedurally Defective

The Eastern District of Louisiana has promulgated Local Rules for the Court. E.D.La. Local Rule 7.4 requires that each motion filed must be accompanied by a memorandum. The purpose of the memorandum in support is to state the reasons in support of the motion and provide the authority relied upon for the relief requested.

Similarly, this Court's Pretrial Order No. 17 §IV adheres to the requirements of E.D.La. L.Rule 7.4.

Mr. Stratton's motion is not accompanied by a certificate of pre-filing consultation, nor a memorandum in support. It is procedurally defective and may be stricken for these reasons alone.

### B. The Motion is Substantively Unfounded

The essence of Mr. Stratton's motion states that it is "imperative" that he obtain the MDL trial package immediately, "so that the current settlement offer can be fully evaluated." There is no support for this unsubstantiated statement.

The Settlement Agreement does not rely upon, nor reference any particular document implicating Merck's liability that may be contained within the MDL trial package. The terms of the settlement therefore do not implicate the trial package. To fully evaluate the matters stated within the Settlement Agreement principally requires only the Settlement Agreement itself. Contrary, to Mr. Stratton's motion, the MDL trial package is unnecessary to fully evaluate the settlement offer.

Mr. Stratton's insistence that the MDL trial package be provided to him immediately is part of a pattern and practice to interfere with the Settlement. In addition to filing his motion in this court, Mr. Stratton, on December 3, 2007, filed a complaint against Merck and the NPC in the United States District Court for the District of Connecticut, *Stratton Faxon v. Merck, Inc., et al*, Civ No. 07-CV-1776 (D.Conn.). That lawsuit seeks a declaratory judgment from the district court in Connecticut interpreting Section 1.2.8 of the Settlement Agreement regarding certain responsibilities of counsel to recommend the settlement to their clients. Under the terms of the Settlement Agreement, Section 1.2.9, this Court, in its role as Chief Administrator, is to the sole arbiter of the obligations Section 1.2.8 imposes upon counsel.[2]  Mr. Stratton's efforts to impose himself into the

---

[2]Efforts to transfer the Connecticut lawsuit have already been instituted before the Judicial Panel for Multidistrict litigation. On December 8, 2007, NPC served a Notice of Tag-Along Action and a motion to expedite the JPML's consideration of the Notice of Tag-Along

settlement proceedings should be strictly examined at this juncture.

Such an examination will reveal that the present motion is utterly unfounded, and could, in fact, prove harmful if the MDL trial package was ordered to be produced prematurely.

## II. CONCLUSION

For the reasons set forth above, the PSC respectfully submits that the Motion for Release of Trial Package should be denied.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: December 10, 2007

By:＿＿＿/s/ Leonard A. Davis＿＿＿＿＿＿＿
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

---

Action. A motion to stay the proceedings in the District of Connecticut will also be filed.

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
Sanford Stevenson Riff LLP
2016 Bissonnet Street
Houston, Texas 77005
(713) 240-2460 (telephone)
(713) 237-0278 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, **upon Michael A. Stratton, Esq. via e-mail**, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of December, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com