UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657 |
| | SECTION I (3) |
| THIS DOCUMENT RELATES TO<br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

## STRATTON'S REPLY TO PSC RESPONSE TO MOTION TO RELEASE TRIAL PACKAGE

The PSC has negotiated a private agreement with Merck which is not subject to any judicial review. Unlike the settlement of a class action whereby a Court must hold a fairness hearing to ensure fairness to all plaintiffs, there is no such review contemplated under the terms of this private agreement. Moreover, to the extent the Court does have a role in the settlement agreement, it is not as a judge but rather as a private chief administrator with unappealable and unreviewable powers of decision making.

This situation leaves non-PSC lawyers and their clients at significant risk of having a poorly negotiated settlement forced on them with no recourse. For instance, this private agreement contains many terms abhorrent to the ethical responsibilities of non-PSC lawyers. These terms include a requirement that counsel recommend the deal to all of his or her clients or to none. This term violates Rule 5.6 of the Rules of Professional Conduct ("RPC") in the District of Connecticut which rule requires that a settlement not contain restrictions on the right of a lawyer to represent other clients. Moreover, the private agreement

creates a prima facie conflict of interest between current clients and is a violation of Rule 1.7 of the RPC.

This private agreement wanly attempts to ignore these ethical concerns by somehow transferring the enforceability of these ethical rules away from the federal district court where the non-PSC lawyer practices to the Chief Administrator whom the PSC appoints to privately arbiter any claims of ethical violations. The private deal then makes the private chief administrator's decisions on ethical issues unreviewable and unappealable by anyone including most germanely non-PSC lawyers.

Now, in another effort to cram down this settlement deal, the PSC desires to deprive non-PSC members and their clients of being able to make informed decisions about opting in or out. Unbelievably, the PSC believes it would dangerous to allow non-PSC members to see the MDL trial package. This package contains the entire PSC work product and would presumptively allow non-PSC members and their clients the opportunity to gauge the strength of their case should they opt out. Without being able to see the trial package, a non-PSC lawyer is left without the information needed to make recommendations to his or her clients. When a client asks "what is the strength of my case if I opt out?" a non-PSC lawyer is left with no idea as to the exhibits, experts and work product available to him or her and cannot adequately answer the question. Of course the same cannot be said of the PSC lawyers who have had access to this package all along. Even his honor Judge Fallon has seen the trial package in camera.

The PSC makes the disingenuous claim that it is unnecessary to see the trial package for a non PSC member and his or her client to make a decision about entering the settlement or not. They also claim that it would be dangerous and cause jeopardy if it were released to non-PSC member lawyer. This is the PSC position even though every non-PSC lawyer is under the jurisdiction of this Court and numerous methods of quickly ensuring non-dissemination could be arrived at including a simple agreement by non-PSC lawyers to agree not to disseminate or face sanctions.

There is no order prohibiting the trial package from being released. This appears to be a PSC private decision to hold back the trial package during the critical time period when non-PSC lawyers must make recommendations and register their clients. This vacuum of information makes it far more likely that non-PSC lawyers will opt their clients into the settlement out of fear that the trial package will be inadequate to sustain a case. This refusal to distribute the package is another cram down technique against non-PSC lawyers.

The PSC also now attempts to accuse the undersigned has engaged in a pattern and practice of questioning the settlement agreement as though undersigned's prudently evaluating this so-called "historic" private deal is verboten and to be sanctioned and punished. This should not be condoned.

As for the PSC's technical claims that the original motion was deficient, undersigned attaches an affidavit explaining the attempts he made to get the trial package before filing the motion. Undersigned's initial failure to file a

memorandum is a reflection of the very simple request being made. A memorandum would have only reiterated and duplicated the motion.

THE PLAINTIFFS,

By_____
MICHAEL A. STRATTON
CT/08166
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: 203-624-9500
FAX: 203-624-9100
mstratton@strattonfaxon.com

## CERTIFICATION OF SERVICE

I hereby certify that the above and forgoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 11th day of December, 2007.

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave., Suite 100
New Orleans, LA 70113

Phillip Wittmann
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130

Alan Schwartz
Iris Gafni-Kane
Usha-Kiran Ghia
Wiggin & Dana, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508

Michael A. Stratton