**OPINION 505**

August 1994

## Questions Presented

1. Would a violation of Texas Disciplinary Rules of Professional Conduct occur if a law firm agreed, as part of the settlement of a lawsuit, not to *solicit* third parties in the future to prosecute claims against the opposing party?
2. Would a violation of Texas Disciplinary Rules of Professional Conduct occur if a law firm agreed, as part of the settlement of a lawsuit, not to *share fees* with anyone in the future with respect to lawsuits or claims brought against the opposing party?

## Discussion

The applicable rule of the Texas Disciplinary Rules of Professional Conduct which governs this situation is Rule 5.06(b), Restrictions On the Rights To Practice. Comment No. 2 of this rule states a lawyer is *prohibited* (emphasis added) from agreeing not to represent other persons in connection with settling a claim on behalf of a client.

Under Rule 5.06(b), the key issue is whether or not a settlement agreement such as this would in any way prevent a lawyer from representing another person. Generally, it seems that the *intent* of both of these clauses would be exactly that: to limit an attorney from representing a client similarly situated in a matter against the opposing party.

### Solicitation

Is "solicitation" protected under the umbrella of "a lawyer's right to practice law?" Solicitation generally describes conduct by an attorney or a third person acting for an attorney, which specifically targets potential clients, with the intent of pecuniary gain. To the extent that such is permitted under the State Bar Rules, and other applicable state and federal statutes, solicitation is part of the practice of law and therefore cannot be more severely restricted in a settlement agreement that it is restricted in the rules and applicable law.

### Fee Sharing

Fee sharing is also a part of practicing law. This also is somewhat regulated, (see Rule 7.01(i), sharing fees with a lay person). To the extent that fee sharing is not in violation of the applicable laws and rules, such cannot be further limited by settlement agreements.

## Conclusion

1. A settlement agreement which exceeds current limitations placed on solicitation would be a limitation on the practice of law and therefore a violation of Rule 5.06(b) of the Texas Disciplinary Rules of Professional Conduct.

Exhibit 2

2. An agreement in which an attorney agrees not to share fees with anyone in the future with respect to lawsuits or claims brought against the opposing party would be a limitation on the practice of law and would be in violation of Rule 5.06(b).