**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  VIOXX® | § | **MDL Docket No. 1657** |
| | § | |
| **PRODUCTS LIABILITY LITIGATION** | § | **SECTION L** |
| | § | |
| **This Document Relates To All Cases** | § | **JUDGE FALLON** |
| | § | |
| | § | **MAGISTRATE JUDGE KNOWLES** |

## ORDER

Considering Certain Plaintiffs' and Their Counsels' Emergency Motion for (1) Clarification and/or Modification of Pretrial Order No. 31 (Registration of Claims) and (2) Declaratory Judgment that Certain Provisions of the Settlement Agreement are Unenforceable, and incorporated Memorandum:

IT IS ORDERED AND DECLARED BY THE COURT that:

1.  The Settlement Agreement Between Merck & Co., Inc. and The Counsel Listed on the Signature Pages Hereto, dated as of November 9, 2007 ("Settlement Agreement"), grants this Court the power to modify provisions that are prohibited or unenforceable because they conflict with state bar rules in Texas and other states.

2.  A portion of the Registration Affidavit and its Exhibit 1, as set forth as Exhibit A to Pretrial Order No. 31, exceeds the terms of the Settlement Agreement and is prohibited and unenforceable under the state bar rules of all states as it prevents lawyers from giving clients the benefit of their independent professional judgment and candid advice, as required by Rule 2.1 of the Model Rules of Professional Conduct and all of its state counterparts.  The Registration Statement and its Exhibit 1, as set forth in Exhibit A to Pretrial Order No. 31, is hereby modified to delete the following:

    Sign one of the statements below: 1. I, _____, on behalf of myself and all other counsel with an Interest in the cases listed in Exhibit 1, agree to the terms of the MSA and will recommend *all* Plaintiffs and/or Tolling claimants listed on Exhibit 1 should enroll in the Program OR 2. I, _____,

do not agree to the terms of the MSA and will not recommend that *any* of the Plaintiffs and/or Tolling claimants listed on Exhibit 1 enroll in the Program.

3.  Section 1.2.8.1 of the Settlement Agreement is prohibited and unenforceable under the state bar rules of all states because it prevents lawyers from giving clients the benefit of their independent professional judgment and candid advice, as required by Rule 2.1 of the Model Rules of Professional Conduct and all of its state counterparts. Therefore, the Court declares that nothing in the Settlement Agreement negates a lawyer's duty under Model Rule 2.1, which requires a lawyer to exercise independent professional judgment as to each individual client.

4.  Section 1.2.8.2 of the Settlement Agreement is prohibited and unenforceable under the state bar rules of all states to the extent that it requires a lawyer to withdraw from representing a client who rejects the offer or to disclaim any fee interest in such a client because it impermissibly restricts the right to practice law, in violation of Rule 5.6 of the Model Rules of Professional Conduct and all of its state counterparts. Therefore, the Court declares that nothing in the Settlement Agreement requires a lawyer to withdraw from representation or to forego a fee interest of any client that rejects the settlement.

5.  The Court declares that section 1.2.9 is prohibited and unenforceable to the extent it permits the Chief Administrator or any third party to interfere with the attorney client relationship.

6.  This Court will appoint forthwith a small working committee to study the Settlement Agreement deadlines with a particular focus on arriving at a date certain by which final settlement payments shall be made and recommend to the Court no later than December 30, 2007, modifications it believes are appropriate to administer the settlement efficiently and expeditiously.

7.  Notwithstanding any provision of the Settlement Agreement, including without limitation, § 9.2.1 purporting to require an assessment of "up to 8%," that as to counsel who timely entered contracts in compliance with Pretrial Order No. 19, those contracts shall be honored, binding, and controlling as to any and all assessment and shall replace the provisions of §§ 9.2.1 and 9.2.2.

ORDER ON EMERGENCY MOTION FOR (1) CLARIFICATION AND/OR MODIFICATION OF PRETRIAL ORDER NO. 31
(REGISTRATION OF CLAIMS) AND (2) DECLARATORY JUDGMENT THAT CERTAIN PROVISIONS OF
THE SETTLEMENT AGREEMENT ARE UNENFORCEABLE

Page 2 of 3

NEW ORLEANS, Louisiana, this _____ day of _____, 2007.


_____
Eldon E. Fallon
United States District Judge

ORDER ON EMERGENCY MOTION FOR (1) CLARIFICATION AND/OR MODIFICATION OF PRETRIAL ORDER NO. 31
(REGISTRATION OF CLAIMS) AND (2) DECLARATORY JUDGMENT THAT CERTAIN PROVISIONS OF
THE SETTLEMENT AGREEMENT ARE UNENFORCEABLE

Page 3 of 3