**MINUTE ENTRY**
**FALLON, J.**
**DECEMBER 14, 2007**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 30 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:15)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com. The full text of the Master Settlement Agreement and exhibits can also be found at http://www.browngreer.com/vioxxsettlement.

BrownGreer, the Court appointed claims administrator, provided a report regarding the registration process. To date, approximately 63 law firms and two (2) *pro se* claimants have submitted registration forms, representing approximately 10,000 claimants. Further, the claims administrator has established a website, http://www.browngreer.com/vioxxsettlement , a toll-free telephone number, 1-866-866-1729, and e-mail address, claimsadmin@browngreer.com, for parties seeking information or assistance.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can

be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served.

  The parties also presented the Court with their Proposed Pre-Trial Order 31B which amends and supplements Pre-Trial Order 31 and 31A by amending the form of Registration Affidavit, and amending the process of serving a Registration Affidavit and Exhibit 1 in the Vioxx Resolution Program.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Finally, Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

II.     STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through March 31, 2008:  In February, the *Zajicek* case is set for February 11, 2008 in the Texas District Court, Jackson County, Texas.  The *Frederick* case is set for March 10, 2008, in the Alabama Circuit Court, Jefferson County, Alabama.

III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The Court has advised the parties that it will address these issues at a later date.

IV.     DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal.  Documents that are discoverable were being produced to plaintiffs in accordance with an agreed schedule, with the production to conclude on or about November 30, 2007.  The motions and production deadline are subject to the stay set forth in Pre-Trial Order 30.

V.      DISCOVERY DIRECTED TO THIRD PARTIES

Prior to the issuance of Pre-Trial Order 30, PLC advised the Court and DLC that the PSC intended to continue to issue third-party notices of depositions for the production of documents.

4

On July 31, 2007, the Court issued an Order regarding Special Master Rice's Second Report regarding the DDB and Ogilvy documents which were the subject of the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC.  On August 17, 2007, Merck filed objections to the Special Master's Second Report, the PSC then filed a response, and Merck filed a reply.  By Order dated September 21, 2007, the Court instructed Special Master Rice to issue rulings with respect to individual documents subject to Merck's objections to the Special Master's recommendations regarding the DDB/Ogilvy privileged documents.  The Special Master issued a Fourth Report and Recommendations to the Court, and on November 1, 2007, the Court issued an Order providing that the parties had until November 11, 2007 to file objections to the Fourth Report.  The Special Master issued an Amended Fourth Report and Recommendations to the Court on November 8, 2007.  Subsequently, the Court issued Pre-Trial Order 30 which stayed all deadlines related to this report.

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA").  Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6).  Counsel for FDA and PLC have been in communication regarding these subpoenas and the FDA has been advised that the Court issued Pre-Trial Order 30 which stayed this issue.  The PSC will seek to have the stay lifted as to this issue.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay

for Purposes of Conducting Discovery Regarding the Website Known as "OfficialVioxSettlement.com".  The Court will issue a separate order addressing this motion.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc.  The Court will issue a separate order addressing this motion.

VI.     DEPOSITION SCHEDULING

Merck previously noticed the *de bene esse* depositions of the following current Merck employees:  Dr. Alise Reicin, Dr. Briggs Morrison, and Dr. Eliav Barr.  These depositions, as well as certain discovery depositions, were postponed by agreement.  These depositions are not subject to the temporary stay set forth in Pre-Trial Order 30 and will be rescheduled at a mutually agreeable time at a later date.

VII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  At today's conference, the State Liaison Committee called the Court's attention to two cases in which a remand motion is pending, *Pagan v. Merck & Co., Inc.*, No. 05-0515, and *Waitt, et al. v. Merck & Co., Inc.*, No. 05-5315.  Plaintiffs' counsel in these cases inquired whether the Court would entertain a motion to lift the stay so that the motions to remand could be heard in these cases.  The State Liaison Committee and the PSC will do a search for similar economic cases and will present a motion to lift the stay to the Court.

VIII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding Pro Se Plaintiff Registration and Enrollment Re: Settlement and Pro Se Tolling Claimant Registration

and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in Section I above.  Letters to pro se individuals were sent by PLC on December 12, 2007 advising them of the Settlement Program and Registration Procedure.

IX.     MERCK'S MOTIONS

On November 8, 2007, the Court granted in part and denied in part Merck's three Motions for Summary Judgment in the *Ramon Alvarado, et al.* (Case No. 06-7150), *Matthew DeVito, et al.* (Case No. 07-562), *Ronald Pales* (Case No. 07-1389), *Philip Dawson* (Case No. 07-1259), *Timothy R. Watson* (Case No. 05-5545), *Donald R. Preuninger, et al.* (Case No. 06-10305), *Viet Tran* (Case No. 07-368), *Pamela Tribby, et al.* (Case No. 07-4118), and *David Wyser* (Case No. 07-2695) matters.  Certain plaintiffs have moved for reconsideration of these judgments, and Merck has filed its opposition to these motions.  The Court will issue separate orders addressing these issues.

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  Oral argument was held on August 9, 2007, and the Court took the matter under advisement.

X.      ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice.  The PSC is

attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XI.     VIOXX SUIT STATISTICS

Merck advises that as of October 9, 2007, it has been served or was aware that it had been named as a defendant in approximately 26,600 lawsuits filed on or before September 30, 2007, which include approximately 47,000 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 264 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 8,800 lawsuits representing approximately 25,800 plaintiff groups are or are slated to be in the federal MDL and approximately 15,850 lawsuits representing approximately 15,850 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court.  In addition, as of September 30, approximately 14,100 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 5,550 plaintiff groups have been dismissed as of September 30, 2007.  Of these, there have been more than 1,625 plaintiff groups whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts, and more than 3,925 plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits

include multiple Plaintiffs in the caption.

XII.     MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, prior to the issuance of Pre-Trial Order 30, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months.  The matter is not yet set for hearing and Merck has not yet filed responsive pleadings.

XIII.    DR. FARQUAR

On October 18, 2007, Defense Liaison Counsel communicated with the Court regarding a chart that it desired to obtain in electronic version to be used in connection with the cross-examination testimony of Dr. Farquar.  Plaintiffs' Liaison Counsel requested further information from defendants regarding the request.

XIV.     PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued Pre-Trial Order 27 regarding submission of the PSC's trial package.  On October 3, 2007, the trial package was presented to the Court for review.  The PSC continues to explore, develop, and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package.

On November 28, 2007, attorney Michael Stratton filed a Motion for Release of Trial Package in the *Perry* (06-3581), *Christie* (05-2973), *Lynch* (05-5072), *Sokoloff* (05-6107), *Whittaker* (05-1257), *Chambers* (05-1997), *Pagani* (07-1384), *Barnett* (06-8320) and *Boyer* cases. On December 10, 2007, the PSC filed a Response. On December 11, 2007, Stratton filed a Reply with the Court.  The Court will issue a separate order setting this motion for hearing.

Additionally, on December 3, 2007, Stratton-Faxon filed a Complaint for Declaratory Judgment in the United States District Court for the District of Connecticut relating to the registration of claims and ethical duties in connection with the Global Resolution Program announced on November 9, 2007. On December 7, 2007, the Plaintiffs' Negotiating Committee filed a Notice of Tag-Along Action with the Judicial Panel on Multidistrict Litigation.

XV. <u>EMERGENCY MOTION TO AMEND/CORRECT PRETRIAL ORDER 31, REGISTRATION OF CLAIMS AND EMERGENCY MOTION FOR DECLARATORY JUDGMENT</u>

On December 14, 2007, several Plaintiffs and their counsel filed an Emergency Motion for (1) Clarification and/or Modification of Pretrial Order No. 31 (Registration of Claims) and (2) Declaratory Judgement that Certain Provisions of the Settlement Agreement are Unenforceable, as well as a Motion to Expedite Hearing on the Emergency Motion. The Court shall issue a separate order setting the briefing schedule and setting the Emergency Motion for hearing.

XVI. <u>NEXT STATUS CONFERENCE</u>

The next monthly status conference will be held on January 18, 2008, at 9:00 a.m., central time. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 28526718 and the Chairperson will be Judge Fallon.