STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
WWW.STONEPIGMAN.COM

ANDREW D. MENDEZ
Phone: (504) 593-0821
E-Mail: amendez@stonepigman.com

OUR FILE NUMBER

3588

66,000

April 25, 2007

**VIA FAX**

Brian Loncar, Esq.
Loncar & Associates
424 S. Central Expressway
Dallas, TX 75201

Re: Vioxx MDL 1657 - Tolling Agreement Exhibits A&B for Multiple Claimants

Dear Brian:

I refer to the Notice of Filing Tolling Agreement and the Tolling Agreement and attachments signed by counsel on June 1, 2005, and filed with the court on June 9, 2005, in the above captioned proceeding.

We previously advised you that the Exhibits A and/or B you submitted on behalf of one hundred three (113) of your clients, listed on the attached table, were incomplete. You have responded to our deficiency notices.

In accordance with paragraph 3 of the Tolling Agreement, I am hereby notifying you that the exhibits submitted on behalf of thirty-two (32) of these claimants, marked "Complete" on the table, are complete and the Tolling Agreement is effective as to them.

In addition, I am hereby notifying you that the exhibits submitted on behalf of one (1) claimant, marked "Complete, subject to reservation of rights" on the attached table, are tentatively considered complete and the Tolling Agreement is effective as to this claimant, subject to our reservation of the right to subsequently request (as a condition for continued applicability of the Tolling Agreement to this claimant) an order from a court of competent jurisdiction appointing the purported representative as the representative of the deceased claimant's estate. (It is our understanding that no probate/estate proceedings have been opened to date for this decedent.)

However, I am also notifying you that the exhibits you submitted for the remaining eight-eight (88) claimants remain incomplete for the reasons identified in the table that follows. If the requested additional materials are received by us within 30 days of the date of this letter, we will review them and notify you as to whether the exhibits are complete and the Tolling Agreement is effective as to these claimants. If the requested additional materials are not received within that time, or are still incomplete when received, we will advise (without further

869717v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 2

April 25, 2007

notice) that the Tolling Agreement is not effective as to any claimant whose exhibits remain incomplete in accordance with paragraph 3 of the Tolling Agreement.

If you believe our records are in error and that you have submitted the requested information, please advise and I will be happy to investigate.

The documents you submitted are subject to all of the terms and conditions of the Tolling Agreement and its attachments.

With kindest regards,

Sincerely,

*[signature]*

Andrew D. Mendez

ADM/tmw
Attachment
cc: Russ M. Herman, Esq. -- Plaintiffs' Liaison Counsel (via e-mail, w/ attachment)

869717v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 3

April 25, 2007

## Key to Deficiency Numeric Codes Used in Table of Claimants:

| | |
|---|---|
| 1 | Claimant did not fill in answers to all questions on Exhibit A (Claimant Profile Form). The specific section(s) left unanswered are identified in the table. The unanswered questions need to be answered and submitted. |
| 2 | Exhibit A was not signed and/or was not dated. A signed and dated Certification (the last page of Exhibit A) must be provided. |
| 3 | The injury alleged in section I(C)(a) of Exhibit A does not include heart attack (myocardial infarction) or ischemic stroke. The Tolling Agreement may only apply if a thrombotic cardiovascular event resulting in one of those specific types of injury is alleged. If claimant alleges an injury of that type, it should be stated specifically on the form and resubmitted. If claimant does not allege an injury of that type, the Tolling Agreement is inapplicable to claimant as the claimant is not eligible for tolling (regardless of whether any other deficiencies are cured). |
| 4 | Exhibit A is missing pages (other than the Certification page, which is covered by code 2). |
| 5 | Exhibit B authorizations have been filled out incorrectly by writing the name of a medical or other provider in the space for the name of the party who is being authorized to release records. That space needs to either: (i) be left blank which is preferable, or, (ii) alternatively, the authorization needs to be provided in multiple copies with the name of each and every provider identified on Exhibit A filled in -- for example, the medical release should be provided filled in with the name of every doctor, hospital and pharmacy; the education/employment release with the name of every employer and education institution, etc. The specific authorization(s) that need to be redone will be identified and need to be resubmitted. |
| 6 | Exhibit B authorizations are not signed and/or are not dated. The specific authorization(s) that need to be redone will be identified and need to be resubmitted. |
| 7 | One or more required Exhibit B authorizations were not provided. All claimants must submit Authorization No. 1 (medical records). Authorization Nos. 2 and 3 must be submitted if the claimant claims mental anguish/emotional distress damages (section I(D) of Exh. A). All claimants must submit either Authorization No. 4 (if they are making a lost wage claim, see section I(J)(3) of Exh. A) or Authorization No. 5 (if they are not making a lost wage claim). The specific authorization(s) that need to be redone will be identified and need to be resubmitted. |
| 8 | The claimant (Vioxx® user) is a deceased person, but the person purporting to represent the decedent has not provided documentation of his or her legal authority to represent the decedent. Sufficient documentation of his or her legal authority to represent the decedent must be provided. In addition, persons purporting to represent deceased person must identify their representative capacity on the Exhibit B authorizations, in the space provided for that purpose below the signature line. |
| 9 | The claimant (Vioxx® user) is living, but Exhibits A and/or B have been signed by someone else. The exhibits either need to be signed by claimant, or sufficient documentation needs to be provided showing the signer has authority to sign (i.e., a Power of Attorney that specifically gives authority over health care matters). In addition, persons purporting to represent another person must identify their representative capacity on the Exhibit B authorizations, in the space provided for that purpose below the signature line. |
| 10 | The claimant did not answer, or ambiguously answered, Exh. A section IV(B) regarding the dates he or she allegedly started and stopped taking Vioxx®. Both a start and a stop date must be provided, or, if claimant only used Vioxx® on a single date or month/year (e.g., October 10, 2000 or October 2000), he or she must specify that is the only date or month/year the drug was used (otherwise it is unclear whether a single date or month/year is the start date, stop date, or the only time period the drug was used). |

869717v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 5

April 25, 2007

| Name | Deficiency | |
|---|---|---|
| [redacted] | 1(VI - medical records not provided) | |
| [redacted] | 3 - no injury provided and checked no injury and no date for injury provided | 3 |
| [redacted] | 8; 1(VI - medical records, death certificate and autopsy report not provided); 8 (Authorization Nos. 1-5) | |
| [redacted] | Complete | |
| [redacted] | 1(VI - medical records not provided) | |
| [redacted] | 1(VI - medical records not provided) | |
| [redacted] | 1(II.F); 10; 1(V.F.3); 6 (Authorization Nos. 1-3; 5) | |
| [redacted] | Exhibit A is substantially incomplete and no Exhibit B authorizations were provided | |
| [redacted] | 1(I.C.1.b,c); 1.D; 10; 1(V.B - weight at injury) | |
| [redacted] | Complete | |
| Dorothy Griffin | 1(I.C.1.b - months); 10; 1(VI - medical records not provided) | |
| [redacted] | Exhibit A is substantially incomplete | |
| [redacted] | Complete | |
| [redacted] | Complete | |
| [redacted] | Exhibit A is substantially incomplete | |
| [redacted] | Complete | |
| [redacted] | Complete | |
| [redacted] | Exhibit A is substantially incomplete | |
| [redacted] | Complete | |
| [redacted] | 1(VII); 1(VI - medical records not provided); 1(V.F.3); 10 | |
| [redacted] | Exhibit A is substantially incomplete | |
| [redacted] | 1(IV.D); 9; 5 (Authorization No. 1, 5); 9.(Authorization No. 1) | 4 |
| [redacted] | 1(VIII.A - D provide address or location); 1(VII.G); 1(I.C.1.b) | |
| [redacted] | 1(VI - medical records not provided) | |
| [redacted] | 10 | |
| [redacted] | 3 (heart trouble worsened and valve replacement); 10 | 3 |
| [redacted] | 1(I>C.1.b - month); 1(VII) | |
| [redacted] | 1(II.I, J. L); 1(IV.D, G); 1(V.B - weight at injury); 1(VI - medical records and death certificate not provided); 8 | |
| [redacted] | Complete | |
| [redacted] | 8; 1(I.C.1.b); 10; 1(VI - medical records and death certificate not provided) | |
| [redacted] | 10 - months; 9; 1(VI - medical records not provided); 6 (Authorization no. 1) | |
| [redacted] | 1(VIII); 9 | |
| [redacted] | 1(I>C.1.b); 1(V.B - weight at injury) | |
| [redacted] | Exhibit A is substantially incomplete | |
| [redacted] | Complete | |

Brian Loncar
William E. Hymes
Gorge M. Rubio•
John Curington
Mark Rosenbloom*

David J. LaRue
Thomas W. Kelty
James M. Bridge
Paul R. Weiss, III
John C. Wren
Brandon Ramsey

**LONCAR & ASSOCIATES**
ATTORNEYS AT LAW    Dallas • Tyler • Wichita Falls • Beaumont • El Paso • McAllen

July 30, 2007

**Via CMRRR # 7007 0220 0001 2538 3662
and regular mail**
Dorothy Griffin
1426 Hillside Circle
Lindale, TX 75771

    Re:    **Vioxx litigation**

Dear Ms. Griffin:

    We have completed our investigation of your potential claim. We regret to inform you that we are closing your file because you are not alleging a heart attack or stroke *while* you were taking Vioxx. Your answers to the most recent Claimant Profile Form that you completed only claim "Heart trouble, chest pains, heart beat sinus, high cholesterol, nose bleeds, rectal bleeding, spitting up blood, high blood pressure and infections".

    Merck's defensive position is they will not settle any Vioxx case out of court. Since Vioxx was pulled from the market in September 2004, Merck has been true to its word. They are taking all claims to trial. In the rare case where Merck did not prevail at trial, Merck has won their appeals.

    Our office will only be trying cases that allege a heart attack or stroke concurrent with a person's use of Vioxx. Other attorneys may not adhere to our guidelines. Therefore, if you wish to pursue your Vioxx case, you should contact another attorney immediately.

    We appreciate you allowing us to review your potential claim. In accordance with your Contract of Employment with our office, we are not maintaining an interest in your claim and you owe us nothing. We will maintain a copy of your file for 7 years. If you would like a copy, please send your written request to:

                      Loncar & Associates
                      Attn: Vioxx Dept
                  424 South Central Expy
                      Dallas, TX 75201

Very truly yours,

*Brian Loncar*

Brian Loncar

424 S. Central Expwy. Dallas, TX 75201
214-747-0422 • 800-285-4878 • Fax: 214-382-5838 • Litigation Fax: 214-382-5841
www.brianloncar.com
•Board Certified-Personal Injury Trial Law-Texas Board of Legal Specialization   *Licensed in Illinois



| | |
|---|---|
| Brian Loncar | David J. LaRue |
| William E. Hymes | Thomas W. Kelty |
| Gorge M. Rubio• | James M. Bridge |
| John Curington | Paul R. Weiss, III |
| Gregorio R. Lopez | John C. Wren |
| Mark Rosenbloom* | Brandon Ramsey |

ATTORNEYS AT LAW    Dallas • Tyler • Wichita Falls • Beaumont • El Paso • McAllen

May 1, 2007

<u>**Via regular mail**</u>
Dorothy Griffin
1426 Hillside Circle
Lindale, TX 75771

Re:    Vioxx litigation

Dear Ms. Griffin:

We have recently received notice from Class Counsel that your Claimant Profile Form contains deficencies that must be corrected by **May 25, 2007**.

We have taken the time to go through each form and hi-light the information you need to provide. **ONLY COMPLETE THE SECTIONS THAT HAVE BEEN HI-LIGHTED. If records have been attached to your forms, please leave them attached, we will send your corrected form on to class counsel as soon as it has been received and any records attached must go along with the form.**

You may feel you have provided this information several times before. You are probably correct; however, the Claimant Profile Form must be completed in a very specific manner for your claim to be processed by the court in New Orleans, so please provide the information again.

Thank you for your immediate attention to these matters. Please return the forms as quickly as possible. The Court has indicated that they have had difficulty reading many people's handwriting so we may have to re-complete some of your forms before re-filing them. Call us immediately if you have any questions at (800) 285-4878. Ask to speak to my legal assistant, John Coveney.

Very truly yours,

*Brian Loncar*

Brian Loncar

424 S. Central Expwy. Dallas, TX 75201
214-747-0422 • 800-285-4878 • Fax: 214-382-5838 • Litigation Fax: 214-382-5841
www.brianloncar.com
•Board Certified-Personal Injury Trial Law-Texas Board of Legal Specialization   *Licensed in Illinois