UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

## NOTICE OF FRE 30(B)(6) CORPORATE DEPOSITION (ORAL AND VIDEOTAPED)

TO:    Merck & Co, Inc.
Through
Phillip A. Wittmann, Esq.
STONE, PIGMAN
546 Carondelet Street
New Orleans, Louisiana 70130-3588
**LIAISON COUNSEL FOR DEFENDANTS**

About Domain DotCom Solutions Pvt. Ltd.
14781 Memorial Drive, Suite 792
Houston, Texas 77079

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of About Domain Dotcom Solutions Pvt. Ltd. on December 27, 2007, at 11:00 o'clock a.m. at the offices of Edward F. Blizzard, Blizzard, McCarthy & Nabers, LLP, Lyric Centre, 440 Louisiana, Suite 1710, Houston, Texas 77002-1689 or at another location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), About Domain Solutions Pvt. Ltd. shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of About Domain Solutions Pvt. Ltd. concerning the topics identified herein.

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial Order No. 9 (Deposition Guidelines) entered April 15, 2005. The terms of such order are incorporated into this Notice.

| | |
|---|---|
| Primary Examiner: | A member of the PSC or its designee |
| Videotaped Deposition: | Yes |
| Call-In Number: | 866-261-4013, Conf. Id. No. 2728103 |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

## I. INSTRUCTIONS AND DEFINITIONS

### DEFINITIONS

(a) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b) "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c) "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d) "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations and/or electronically stored information as that

term is defined in the Federal Rules of Civil Procedure. "(The PSC requests the production of all electronically stored information in its native format. However, prior to the production of such electronically stored information the PSC would like the opportunity to meet and confer regarding any production format to address efficiency, timing, and economy of the production."). A draft or non-identical copy is a separate document within the meaning of this term.

      (e)    "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term electronic data also

includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f) "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g) "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h) "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i) "Including" or "includes" means including, without limitation.

(j) "IP Address" means Internet Protocol Address.

(k) "Person" means any natural person or any business, legal, or governmental entity or association.

(l) "RAM" means Random Access Memory which is part of electronically stored information.

(m) "You," or "your" means the party to whom this discovery request is directed to, as well as all other employees, representatives, independent contractors, consultants, or agents, whether present or former, including attorneys and accountants of the party to whom this discovery request is directed.

The following rules of construction apply to all discovery requests:

(n) The terms "all" and "each" shall be construed as all and each;

(o) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(p) The use of the singular form of any word includes the plural and vice versa; and

(q) Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

A confidentiality order has been entered by in this case by the Honorable Eldon Fallon, Judge of the United States District Court for the Eastern District of Louisiana in the matter of *In Re: Vioxx Product Liability Litigation*, MDL 1957 (E.D.La). A copy of the confidentiality order is attached hereto

## II. TOPICS OF EXAMINATION

1. All documents requested in Section III below.

2. The creation, administration and website known as "officialvioxsettlement.com".

3. Users of the website known as "officialvioxsettlement.com".

4. Advertising of the website known as "officialvioxsettlement.com".

5. Hosting and web servers of the website known as "officialvioxsettlement.com".

6.  Financing and business operations of the website known as "officialvioxsettlemetn.com".

7.  Any topic identified in the document produced in response to the subpoena issued in connection with this Notice of FRE 30(B)(6) Corporate Deposition.

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 30 & 45 of the Federal Rules of Civil Procedure, plaintiffs request that About Domain Solutions Pvt. Ltd. produce each of the documents and other things from which information can be obtained, set forth in the Schedule of Documents and Other Things to Be Produced. The documents and other things shall be produced for inspection and prior to the deposition, at the place noted above or as mutually agreed upon or as ordered by the Court.

### SCHEDULE OF DOCUMENTS & OTHER THINGS TO BE PRODUCED

1.  All documents concerning the domain name "officialvioxsettlement.com" including those reflecting instructions to purchase, develop or implement the website and domain name.

2.  All documents or communications with any entity linked or hyperlinked to the website of "officialvioxsettlement.com".

3.  The IP Addresses of users of your website known as "officialvioxsettlement.com", including any documents, RAM, electronic media or electronic data, that reflect the user and time of such request.

4.  The server log data for the website of "officialvioxsettlement.com".

5.  All invoices for payments relating to the website of "officialvioxsettlement.com".

6.  All correspondence (including electronic data), by and between About Domain DotCom Solutions, Pvt. Ltd. regarding the website of "officialvioxsettlement.com".

7.  Any documents and contract(s) relating to hosting the website known as "officialvioxsettlement.com".

8.  Any documents and contract(s) relating to advertising associated with the website known as "officialvioxsettlement.com".

9. All documents reflecting the location of the web server and person(s) most knowledgeable regarding the web server for the website known as "officialvioxsettlement.com".

        Respectfully submitted,

        /s/ Leonard A. Davis
        **Russ M. Herman (Bar No. 6819)**
        Leonard A. Davis (Bar No. 14190)
        Stephen J. Herman (Bar No. 23129)
        *Herman, Herman, Katz & Cotlar, LLP*
        820 O'Keefe Avenue
        New Orleans, LA 70113
        PH: (504) 581-4892
        FAX: (504) 561-6024

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591<br><br>Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |

| | |
|---|---|
| Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 20th day of December, 2007.

/s/ Leonard A. Davis
**Leonard A. Davis** (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO ALL CASES

## CERTIFICATION

I hereby certify that I have read the Stipulation and Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Stipulation and Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Stipulation and Protective Order, and I understand that the Court may impose sanctions on me for any violation of the Stipulation and Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that, except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may

1

have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:_____

_____
(Signature)

Name:_____
(Typed or Printed)

2