AO 88(11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN              DISTRICT OF TEXAS

**SUBPOENA IN A CIVIL CASE**

IN RE: Vioxx Products Liability Litigation
Eastern District of Louisiana at New Orleans

Case No: MDL No. 1657 ED LA

To:   About Domain DotCom Solutions Pvt. Ltd.
      14781 Memorial Drive, Suite 792
      Houston, TX 77079

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  | Date and Time |

■ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | Date and Time |
|---|---|
| Edward F. Blizzard<br>BLIZZARD, MCCARTHY & NABERS, L.L.P.<br>Lyric Centre, 440 Louisiana, Suite 1710<br>Houston, TX 77002-1689 | Thursday, December 27, 2007<br>11:00 a.m. |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

SEE SCHEDULE A

| Place | | Date and Time |
|---|---|---|
| | Edward F. Blizzard<br>BLIZZARD, MCCARTHY & NABERS, L.L.P.<br>Lyric Centre, 440 Louisiana, Suite 1710<br>Houston, TX 77002-1689 | Thursday, December 27, 2007<br>11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or others persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and title (indicate if attorney for Plaintiff or Defendant)<br>*[signature]*    ATTORNEY FOR PLAINTIFF | Date<br>12/20/2007 |
|---|---|

Issuing Officer's Name, Address and Telephone Number
   Leonard A. Davis, Esquire (LSBA No. 14190)
   HERMAN, HERMAN, KATZ & COTLAR, L.L.P.
   820 O'Keefe Avenue
   New Orleans, Louisiana 70113
   (504) 581-4892

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | Date | Place |
|---|---|---|
| Served on (Print Name) | | Manner of Service |
| Served by (Print Name) | | Title |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　Date

Signature of Server

Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena, or before the time specified for compliance, if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena a written objection to inspection or copying of any and all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(I)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person
resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may, in order to attend trial, be commanded to travel from such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B)  If a subpoena
(I)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific evens or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued, shows a substantial need for testimony or material that cannot be otherwise met without undue hardship, and ensures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories of the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **DEFINITIONS & INSTRUCTIONS**

1.  The requests in Schedule A shall apply to all responsive materials from you.

2.  Whenever used in this Request, the following terms shall have the following meanings:

    (a)  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    (b)  "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

    (c)  "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

    (d)  "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations and/or electronically stored information as that term is defined in the Federal Rules of Civil Procedure. "(The PSC requests the production of all electronically stored information in its native format. However, prior to the production of such electronically stored information the PSC would like the opportunity to meet and confer regarding any production format to address efficiency, timing, and economy of the production."). A draft or non-identical copy is a separate document within the meaning of this term.

(e) "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term electronic data also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f) "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer

memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g) "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h) "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i) "Including" or "includes" means including, without limitation.

(j) "IP Address" means Internet Protocol Address.

(k) "Person" means any natural person or any business, legal, or governmental entity or association.

(l) "RAM" means Random Access Memory which is part of electronically stored information.

(m) "You," or "your" means the party to whom this discovery request is directed to, as well as all other employees, representatives, independent contractors, consultants, or agents, whether present or former, including attorneys and accountants of the party to whom this discovery request is directed.

3. The following rules of construction apply to all discovery requests:

(n) The terms "all" and "each" shall be construed as all and each;

(o) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(p) The use of the singular form of any word includes the plural and vice versa; and

(q) Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

4.) A confidentiality order has been entered by in this case by the Honorable Eldon Fallon, Judge of the United States District Court for the Eastern District of Louisiana in the matter of *In Re: Vioxx Product Liability Litigation*, MDL 1957 (E.D.La). A copy of the confidentiality order is attached hereto

## SCHEDULE A

1. All documents concerning the domain name "officialvioxsettlement.com" including those reflecting instructions to purchase, develop or implement the website and domain name.

2. All documents or communications with any entity linked or hyperlinked to the website of "officialvioxsettlement.com".

3. The IP Addresses of users of your website known as "officialvioxsettlement.com", including any documents, RAM, electronic media or electronic data, that reflect the user and time of such request.

4. The server log data for the website of "officialvioxsettlement.com".

5. All invoices for payments relating to the website of "officialvioxsettlement.com".

6. All correspondence (including electronic data), by and between About Domain DotCom Solutions, Pvt. Ltd. regarding the website of "officialvioxsettlement.com".

7. Any documents and contract(s) relating to hosting the website known as "officialvioxsettlement.com".

8. Any documents and contract(s) relating to advertising associated with the website known as "officialvioxsettlement.com".

9. All documents reflecting the location of the web server and person(s) most knowledgeable regarding the web server for the website known as "officialvioxsettlement.com".