**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  Vioxx Products | ) | **MDL 1657** |
| Liability Litigation | ) | |
| | ) | **JUDGE FALLON** |
| This Document Relates to All Cases | ) | |
| | ) | **MAGISTRATE JUDGE KNOWLES** |
| | ) | |

**JOINDER IN THE EMERGENCY MOTION FOR (1) CLARIFICATION
AND/OR MODIFICATION OF PRETRIAL ORDER NO. 31 (REGISTRATION
OF CLAIMS) AND (2) DECLARATORY JUDGMENT THAT CERTAIN
PROVISIONS OF THE SETTLEMENT AGREEMENT ARE UNENFORCEABLE**

The law firm of Bubalo, Hiestand & Rotman, PLC; The Oldfather Law Firm;

Dolt, Thompson, Shepherd & Kinney; Blanton & Branstetter; the Law Offices of

Mattingly, Nally-Martin & Fowler, PLLC; and their clients, respectfully join in the

*Emergency Motion for (1) Clarification and/or Modification of Pretrial Order 31*

*(Registration of Claims) and (2) Declaratory Judgment that Certain Provisions of the*

*Settlement Agreement Are Unenforceable* (hereafter the "Motion"), and all corrections

thereto.

On December 13, 2007, certain plaintiffs and their counsel ("Movants") filed the

Motion with this Court.  In the Motion, Movants requested that the Court grant the

following relief:

1.      A declaration that the Settlement Agreement between Merck & Co., Inc.
and the Counsel Listed on the Signature Pages Hereto, dated November 9,
2007 (the "Settlement Agreement"), empowers this Court to modify
provisions that are prohibited or unenforceable because they conflict with
state bar rules in Texas and other states;

2.      A declaration that §1.2.8.1 of the Settlement Agreement is prohibited and
unenforceable under the state bar rules of all states because it prevents
lawyers from giving clients the benefit of their independent professional
judgment and candid advice, as required by Rule 2.1 of the Model Rules
of Professional Conduct;

3. A declaration that §1.2.8.2 of the Settlement Agreement is prohibited and unenforceable under the state bar rules of all states because it impermissibly restricts the right to practice law, in violation of Rule 5.6 of Model Rules of Professional Conduct;

4. An order setting a date certain by which final settlement payments made pursuant to the Settlement Agreement shall be made and/or make other similar equitable provisions; and

5. A declaration that notwithstanding any provision of the Settlement Agreement purporting to require an assessment of "up to 8%," that as to counsel that entered contracts in compliance with Pretrial Order No. 18, those contracts shall be honored, binding, and controlling as to any assessment.

The law firm of Bubalo, Hiestand & Rotman, PLC; The Oldfather Law Firm; Dolt, Thompson, Shepherd & Kinney; Blanton & Branstetter; the Law Offices of Mattingly, Nally-Martin & Fowler, PLLC; and their clients join in the arguments made by Movants in the *Memorandum in Support of Certain Plaintiffs' and Their Counsels' Emergency Motion for (1) Clarification and/or Modification of Pretrial Order No. 31 (Registration of Claims) and (2) Declaratory Judgment That Certain Provisions of the Settlement Agreement Are Unenforceable*, and all corrections thereto.

In addition to the relief sought in the Motion, the law firm of Bubalo, Hiestand & Rotman, PLC; The Oldfather Law Firm; Dolt, Thompson, Shepherd & Kinney; Blanton & Branstetter; the Law Offices of Mattingly, Nally-Martin & Fowler, PLLC; and their clients respectfully request that this Court enter a declaration that §1.2.8.1 of the Settlement Agreement is prohibited and unenforceable under the state bar rules of all states because it seeks to require the disclosure of recommendations and advice that an attorney will give, or has given, his or her client in violation of Rule 1.6 of Model Rules of Professional Conduct, corresponding and/or similar state bar rules, the attorney-client privilege as recognized by common law, and under the work product exemption as

recognized by the Supreme Court of the United States in <u>Hickman v. Taylor</u>, 329 U.S.

495, 67 S.Ct. 385, 91 L.Ed. 451 (1941) and its progeny.

Respectfully submitted,


/s/  D. Brian Rattliff
Gregory J. Bubalo
D. Brian Rattliff
Bubalo, Hiestand & Rotman, PLC
401 S. Fourth Street, Suite 800
Louisville, KY  40202
Brattliff@bhtriallaw.com
502/753-1600
502/581-0124 (facsimile)

Ann B. Oldfather
The Oldfather Law Firm
1330 S. Third Street
Louisville, KY  40208
Aoldfather@oldfather.com

Tyler S. Thompson
Liz Shepherd
Dolt, Thompson, Shepherd & Kinney
13800 Lake Point Circle
Louisville, KY  40223
Tthompson@kytrial.com

Jeffrey K. Branstetter
Blanton & Branstetter
705 Meigs Avenue
Jeffersonville, IN   47130
Jkblawyer@insightbb.com

Joseph H. Mattingly, III
Mattingly, Nally-Martin & Fowler, PLLC
104 West Main Street
P.O. Box 678
Lebanon, KY  40033
Jhmlaw@alltel.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing *Joinder in the Emergency Motion for (1) Clarification and/or Modification of Pretrial Order No. 31 (Registration of Claims) and (2) Declaratory Judgment that Certain Provisions of the Settlement Agreement Are Unenforceable* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand-delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with the Pretrial Order 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 4th day of January, 2008.


/s/ D. Brian Rattliff_____
D. Brian Rattliff
Kentucky Bar No. 56665
BUBALO, HIESTAND & ROTMAN, PLC
401 S. Fourth St., Suite 800
Louisville, KY  40202
(502) 753-1600
(502) 753-1601
brattliff@bhtriallaw.com