IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    JAN 1 1 2008
LORETTA G. WHYTE
CLERK

MDL 1657

**LEATRICK FOSTER, VIOLA FOSTER,
LILLIE GUYTON, NANCY HALL,
BRENDA HARE, DORIS HAUGHTON,
OCIE HAUGHTON, TERRY DALE HELMS,
SHARON HICKMAN, EARL HILL, BRENDA
HORTON, ELLIS HOSKINS, CONNIE
IVORY and JENNY LYNN JOHNSON**

**PLAINTIFFS**

VS.                                                    CASE NO.  07-9596

**MERCK & CO., INC.**                                      **DEFENDANT**

---

## MOTION TO REMAND
## TO STATE COURT

---

**COMES NOW,** the Plaintiffs, by and through the undersigned counsel of record,

and submits this, their **Motion to Remand** to the County Court of Lee County,

Mississippi, and in support thereof, would show unto this Honorable Court the following:

### I.

Plaintiffs initiated this cause on September 28, 2007, by filing their Complaint in

the County Court of Lee County, Mississippi, and that the Plaintiffs specifically chose

said Court out of the permissible jurisdictions because of the low amount of damages

sought in their Complaint.

### II.

Plaintiffs claim that Defendant, Merck & Co., Inc., manufactured the drug Vioxx,

and as a result of their ingesting this drug, Plaintiffs have experienced emotional and

physical health problems as a direct and proximate cause of Defendant's negligent

Fee_____
Process_____
X  Dktd _____
✓ CtRmDep_____
Doc. No._____

1

actions.  The Plaintiffs have not, however, experienced health-related problems to the extent that they would qualify for relief under the existing Multi-District Litigation.

### III.

On November 8, 2007, Defendant, Merck & Co., Inc., filed a Notice of Removal with the United States District Court, stating that diversity jurisdiction applies, and that the proper forum for this action is federal court, and that the matter should be transferred to Multi-District Litigation.  The Plaintiffs respectfully disagree with the Defendant's assertion that diversity exists, or that the case should be transferred to the Multi-District Litigation.  The Plaintiffs specifically disagree with the Defendant's assertion that diversity exists on the face of the Complaint, and would respectfully assert that it is the lack of diversity and lack of subject matter jurisdiction, which is apparent on the face of the Complaint.

### IV.

Plaintiffs assert that the amount in controversy does not exceed $75,000.00, as Plaintiffs specifically stated in their Complaint they were "seeking damages not to exceed the amount of $75,000.00 collectively."  Therefore, the District Court of the United States does not have original diversity jurisdiction, pursuant to 28 U.S.C. §1332(a).

### V.

That pursuant to 28 U.S.C. §1331, Plaintiffs assert that this Honorable Court does not have subject matter jurisdiction, as no federal question exists.  Plaintiffs clearly state in their Complaint that "this cause of action is brought pursuant only to causes of actions which exist under the laws of the State of Mississippi."  The Plaintiffs have asserted no claims for relief under Federal Law.

## VI.

Plaintiffs further assert that this cause of action should not be referred for Multi-District Litigation, since their cause of action is not one for which the Multi-District Litigation is designed to resolve. For a case to be sent to Multi-District Litigation it must be a federal case and meet the criteria set forth in said Multi-District Litigation. The Plaintiffs' Complaint was filed in state court and asserted claims over which a federal court does not have jurisdiction.

## VII.

Plaintiffs assert that the County Court of Lee County, Mississippi, is the proper forum for this cause of action to proceed, and respectfully assert that this cause of action should be remanded to the County Court of Lee County, Mississippi, for further proceedings.

## VIII.

That this Motion is not filed for undue harassment or delay, but is necessary for the fair administration of justice.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs respectfully request that this Honorable Court grant their Motion to Remand to state court and remand this cause of action to the County Court of Lee County, Mississippi, and for any other and further relief, whether general or specific, to which the Plaintiffs may be entitled in said premises.

3

Respectfully submitted, this, the ___4___ day of January, 2008.

> **LEATRICK FOSTER, VIOLA FOSTER,**
> **LILLIE GUYTON, NANCY HALL,**
> **BRENDA HARE, DORIS HAUGHTON,**
> **OCIE HAUGHTON, TERRY DALE HELMS,**
> **SHARON HICKMAN, EARL HILL,**
> **BRENDAHORTON, ELLIS HOSKINS,**
> **CONNIE IVORY, and JENNY LYNN**
> **JOHNSON**
> **Plaintiffs**

BY: _____

> **JASON L. SHELTON**
> **Attorney for Plaintiffs**
> **Mississippi Bar No. #99676**

**OF COUNSEL:**

**SHELTON & ASSOCIATES, P.A.**
**218 NORTH SPRING STREET**
**POST OFFICE BOX 1362**
**TUPELO, MISSISSIPPI 38802-1362**
**(662) 842-5051/ TELEPHONE**
**(662) 841-1941/ FACSIMILE**

4

**CERTIFICATE OF SERVICE**

This is to certify that I, Jason L. Shelton, have this day mailed, via U.S. Mail,

postage prepaid, the foregoing **Motion to Remand to State Court** to the following

counsel of record:

> Alyson B. Jones, Esq.
> Butler, Snow, O'Mara, Stevens & Cannada, PLLC
> P.O. Box 22567
> Jackson, MS 39225-2567

This, the ____ day of January, 2008.

JASON L. SHELTON