IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

MDL 1657

| | |
|---|---|
| TOMMY LEE IVY | PLAINTIFF |
| VS. | CASE NO. 07-9599 |
| MERCK & CO., INC. | DEFENDANT |

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION TO REMAND**

### A. INTRODUCTION

1. Plaintiffs is Tommy Lee Ivy; Defendant is Merck & Co., Inc.

2. On September 28, 2007, Plaintiffs sued Defendant for negligence in the County Court of Lee County, Mississippi.

3. Defendant received notice of the suit on October 24, 2007.

4. Defendant filed its notice of removal on November 8, 2007.

### B. ARGUMENT

5. The Court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. §1446(a). 28 U.S.C. §1447(c).

6. The Court should remand this case to state court because:

    (A) the lawsuit does not involve a federal question. 28 U.S.C. §1447(c). *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S. Ct. 1700, 1710 (1991). Since no federal question exists, this Honorable Court does not have subject matter jurisdiction. 28 U.S.C. §1331. The Plaintiffs have not requested any form of relief under Federal Law, and since their case is not federal in nature it does not belong in Multi-District Litigation either.

    (B) the amount in controversy is less than $75,000.00, excluding interest, costs, and attorney fees. 28 U.S.C. §1332(a). *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). The amount in controversy does not exceed $75,000.00, therefore this Court does not possess subject matter jurisdiction. *Ceasar v. Union Nat'l Life Ins. Co.*, 2006 U.S. Dist.

1

LEXIS 78202. The Plaintiffs clearly set out in their Complaint that their damages are "not to exceed the amount of $75,000.00 collectively."

(C) contrary to Defendant's allegations in the Notice of Removal, 28 U.S.C. §1332 does not authorize removal of this suit. 28 U.S.C. §1332 does not apply to this lawsuit because the statute allows for removal in cases only where the amount of damages sought exceeds $75,000.00. Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." *Addo v. Globe Life and Accident Ins. Co.* 230 F.3d 759, 761 (5th Cir. 2000).

### C. CONCLUSION

7. The damages Plaintiffs are seeking do not meet the criteria for diversity jurisdiction, as their damages do not exceed $75,000.00. On the face of the Plaintiffs' Complaint it is apparent that there is a lack of diversity and lack of subject matter jurisdiction; thus, this cause of action does not belong in Federal Court. As there is no federal question at issue here, nor should this cause of action be referred to Multi-District Litigation. Pursuant to 28 U.S.C. §1332, this case does not qualify for removal, since there is no original diversity jurisdiction. For these reasons, Plaintiffs ask the Court to grant the Motion to Remand, remand this suit to the state court where it was originally filed, and award Plaintiffs their court costs, expenses, and attorney fees.

Respectfully submitted, this, the 4 day of January, 2008.

TOMMY LEE IVY
Plaintiffs

BY: _____
JASON L. SHELTON
Attorney for Plaintiffs
Mississippi Bar No. #99676

OF COUNSEL:

SHELTON & ASSOCIATES, P.A.
218 NORTH SPRING STREET
POST OFFICE BOX 1362
TUPELO, MISSISSIPPI 38802-1362
(662) 842-5051/ TELEPHONE
(662) 841-1941/ FACSIMILE

2

## CERTIFICATE OF SERVICE

This is to certify that I, Jason L. Shelton, have this day mailed, via U.S. Mail, postage prepaid, the foregoing **Plaintiffs' Memorandum in Support of Motion to Remand** to the following counsel of record:

>Alyson B. Jones, Esq.
>Butler, Snow, O'Mara, Stevens & Cannada, PLLC
>P.O. Box 22567
>Jackson, MS 39225-2567

This, the 4 day of January, 2008.

/s/ JASON L. SHELTON