UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 31 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 31.

I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. Further information regarding the settlement program is

available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pre-Trial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A

and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Orders 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

On December 10, 2007, attorney Ronald Benjamin filed a Notice of Appeal from Pre-Trial Orders 28 and 31. Both Merck and the PLC have moved to dismiss this appeal. The parties will be prepared to discuss these issues further at the monthly status conference on January 18, 2008.

II. REGISTRATION OF CLAIMS IN THE SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration. Brown & Greer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and other issues at the monthly status conference on January 18, 2008.

III. LIEN ADMINISTRATOR

The Garretson_ Firm has been appointed as the Lien Administrator under the Agreement. At the monthly status conference, the Garretson Firm will report on the lien administration process.

IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.

V. STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through May 31, 2008: The *Donohoo* case is set for trial in Illinois on April 17, and the *Smith* case is set for trial in West Virginia on May 19.

## VI. CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court.

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

## VII. DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal. Documents that are discoverable were being produced to plaintiffs in accordance with an agreed schedule, with the production scheduled to conclude on or about November 30, 2007. The motions and production deadline are subject to the stay set forth in Pre-Trial Order 30. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

## VIII. DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA"). Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6). Counsel for FDA and PLC

have been in communication regarding these subpoenas. On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in the possession of the FDA. The parties have continued to discuss the subpoenas and production, and the PSC will be prepared to discuss this further at the monthly status conference on January 18, 2008.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding the Website Known as "OfficialVioxSettlement.Com". The motion subsequently was granted by the Court. The PSC will be prepared to discuss this further at the monthly status conference on January 18, 2008.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In The Possession of Express Scripts, Inc. The motion subsequently was granted by the Court. Representatives from the Plaintiffs have been in communication with counsel for ESI to discuss the discovery requests and information sought to be obtained from ESI. On January 16, 2008, ESI set forth a proposal regarding production of PBM prescription drug claims data that is being reviewed by the Plaintiffs' Negotiating Committee. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

## IX.   DEPOSITION SCHEDULING

Merck previously noticed the *de bene esse* depositions of the following current Merck employees: Alise Reicin, Briggs Morrison, and Eliav Barr. These depositions, as well as certain discovery depositions, were postponed by agreement. These depositions are not subject to the temporary stay set forth in Pre-Trial Order 30 and will be rescheduled at a mutually

agreeable time at a later date. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

X. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

XI. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigations and tolling claimants have been in communication with PLC to discuss the Settlement Program. PLC will be prepared to discuss this further at the monthly status conference on January 18, 2008.

XII. MERCK'S MOTIONS

On November 8, 2007, the Court granted in part and denied in part Merck's three Motions for Summary Judgment in the *Ramon Alvarado, et al* (Case No. 06-7150), *Matthew Devito, et al* (Case No. 07-0562), *Ronald Pales* (Case No. 07-1389), *Philip Dawson* (Case No. 07-1259), *Timothy R. Watson* (Case No. 05-5545), *Donald R. Preuninger, et al* (Case No. 06-10305), *Viet Tran* (Case No. 07-0368), *Pamela Tribby, et al* (Case No. 07-4118), and *David*

*Wyser* (Case No. 07-2695) matters. Certain plaintiffs have moved for reconsideration of these judgments, and Merck has filed its opposition to these motions. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on January 18, 2008.

### XIII. ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC. The PSC will be prepared to discuss this further at the monthly status conference on January 18, 2008.

### XIV. VIOXX SUIT STATISTICS

As of October 9, 2007, Merck had been served or was aware that it had been named as a defendant in approximately 26,600 lawsuits filed on or before September 30, 2007, which include approximately 47,000 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and approximately 264 putative class actions alleging personal injuries and/or

- 8 -

economic loss. Of these lawsuits, approximately 8,800 lawsuits representing approximately 25,800 plaintiff groups are or are slated to be in the federal MDL and approximately 15,850 lawsuits representing approximately 15,850 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of September 30, approximately 14,100 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 5,550 plaintiff groups have been dismissed as of September 30. Of these, there have been more than 1,625 plaintiff groups whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts. More than 3,925 additional plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV. <u>MOTION TO CONDUCT CASE SPECIFIC DISCOVERY</u>

Prior to the issuance of Pre-Trial Order No. 30, on May 29, 2007, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months. The matter is not yet set for hearing. Merck has not yet filed responsive pleadings. The motion is subject to the stay set forth in Pre-Trial Order No.

30. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

### XVI. DR. FARQUAR

On October 18, 2007, Defense Liaison Counsel communicated with the Court regarding a chart that it desired to obtain in electronic version to be used in connection with the cross-examination testimony of Dr. Farquar. Plaintiffs' Liaison Counsel requested further information from defendants regarding the request. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

### XVII. PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued PTO 27 regarding submission of the PSC's trial package. On October 3, 2007, the trial package was presented to the Court for review. The PSC continues to explore, develop and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package. The PSC will be prepared to discuss this further at the monthly status conference on January 18, 2008.

On November 28, 2007, attorney Michael Stratton filed a Motion for Release of Trial Package in the *Perry (06-03581), Christie (05-02973), Lynch (05-05072), Sokoloff (05-06107), Whittaker (05-01257), Chambers (05-01997), Pagani (07-01384), Barnett (06-08320)* and *Boyer* cases. This motion was filed in violation of Pre-Trial Order No. 30. Notwithstanding the foregoing, on December 10, 2007, the PSC filed a Response. On December 11, 2007, Stratton's Reply to PSC's Response was filed with the Court. The matter is not set for hearing.

The PSC will be prepared to discuss this further at the monthly status conference on January 18, 2008.

### XVIII. OTHER MOTIONS

On December 14, 2007, certain plaintiffs filed an Emergency Motion for Clarification of Certain Provisions of Pre-Trial Order 31 and for a Declaratory Judgment That Certain Provisions of the Settlement Agreement are Unenforceable. These plaintiffs subsequently moved to withdraw the motion. By Order entered January 3, 2008, the Court granted the motion. On that same date, a substantially similar motion was filed by the Jeffrey Lowe plaintiffs' group and noticed for hearing on January 18, 2008. The Court continued the motion without date and directed the parties to select a new date. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

### XIX. THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. The parties will be prepared to discuss this further at the monthly status conference on January 18, 2008.

XX.  **NEXT STATUS CONFERENCE**

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA 70130-3588
PH: (504) 581-3200
FAX: (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 31 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of January, 2008.

/s/ Leonard A. Davis
Leonard A. Davis (#14190)
Herman, Herman, Katz & Cotar, LLP
820 O'Keefe Ave.
New Orleans, Louisiana 70113
Phone: 504-581-4892
Fax: 504-561-6024
ldavis@hhkc.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

MONTHLY STATUS CONFERENCE
JANUARY 18, 2008
<u>SUGGESTED AGENDA</u>

I. Settlement Agreement

II. Registration of Claims in the Settlement Program

III. Lien Administrator

IV. Special Master and Deputy Special Masters

V. State Court Trial Settings

VI. Class Actions

VII. Discovery Directed to Merck

VIII. Discovery Directed to Third Parties

IX. Deposition Scheduling

X. State/Federal Coordination -- State Liaison Committee

XI. *Pro Se* Claimants

- 2 -

XII. Merck's Motions

XIII. Issues Relating to Pre-Trial Order No. 9

XIV. Vioxx Suit Statistics

XV. Motion to Conduct Case Specific Discovery

XVI. Dr. Farquar

XVII. PSC MDL Trial Package

XVIII. Other Motions

XIX. Third Party Payor Cases

XX. Next Status Conference