UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER NO. 28A
(Amendment to Permitted Means of Service for Preservation Notices for Cases Filed on or before November 9, 2007 that are not Enrolled in the Settlement Program

This Order hereby amends the provisions of this Court's Pretrial Order No. 28 which is applicable to all parties who are (1) plaintiffs with personal injury claims pending in MDL Docket No. 1657 ("Plaintiff" or "Plaintiffs") as of November 9, 2007, or (2) claimants who have sought tolling pursuant to the tolling agreement dated June 1, 2005 (collectively "Claimant" or "Claimants"), unless the claim is eligible for, and has been submitted to, the Resolution Program.[1] Persons who represent themselves *pro se* in this proceeding shall comply fully with all obligations required of counsel by this Order, unless otherwise stated.

*The provisions of Pretrial Order No. 28 are hereby amended to provide that the Preservation Notices required to be sent by plaintiffs may be served by certified mail as well as by registered mail.*

---

[1] This Order does *not* apply to plaintiffs who file claims after November 9, 2007. Those Plaintiffs are covered by a separate order, Pre Trial Order No. 29.

By Order dated January 7, 2007, this Court also extended the date by which such Preservation Notices must be sent from 60 days to 90 days after November 9, 2007

The provisions in Pretrial Order No. 28 as to Sections II ("Discovery Requirements"), Section III ("Definitions) and Section IV ("Penalties for Fraud and Deception") have not, to date, been amended, and remain fully applicable.

Accordingly, for ease of reference, the following incorporates the amendment made by this Order, as well as the Order of January 7, 2008, in setting forth the requirements that must be met with respect to Section I of Pretrial Order No. 28, "Preservation Notices".

I.  **PRESERVATION NOTICE REQUIREMENT**

   A. On or before February 7, 2008, counsel for a Plaintiff or Claimant subject to this Order shall notify the following individuals or entities, by certified or registered mail, that they may have records relevant to the Plaintiff's or Claimant's claim in this MDL Proceeding ("Claim") and that any records relating to the Plaintiff or Claimant must be preserved pursuant to Pretrial Order No. 1 entered by this Court on February 17, 2005 (the "Notice"), pending collection by the Plaintiff or Claimant:

   1. All Pharmacies that dispensed any medications to the Plaintiff or Claimant for the period from January 1, 1995 to the present;

   2. All Physicians, Medical Facilities, other Healthcare Providers and/or other persons ("Other Providers") who Plaintiff or Claimant claims provided any samples of Vioxx to the Plaintiff or Claimant;

   3. All Physicians, Medical Facilities and/or other Healthcare Providers who prescribed Vioxx for the Plaintiff or Claimant;

   4. All Physicians and/or other Healthcare Providers who treated Plaintiff or Claimant for the period from January 1, 1995 to the present; and

   5. If Plaintiff or Claimant is seeking lost wages, all of his employers for the period from three years prior to the date for which he is seeking lost wages through the last day for which Plaintiff or Claimant is seeking lost wages.

   B. A copy of Pre Trial Order No. 1 shall be attached to the Notice and all copies of the Notice shall be preserved by Counsel for Plaintiff or Claimant for so long as the claim remains pending in this Proceeding.

C. By no later than March 15, 2008, Plaintiff or Claimant shall serve a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a signed certification that the Notices were sent as required by this Order. Service by Plaintiffs shall be made in accordance with the service procedures of PTO No. 8 and paragraphs 5 through 7 of PTO 18C. Service by Claimants shall be made on Susan Giamportone at Womble Carlyle Sandrige & Rice, PLLC.

D. Plaintiffs or Claimants who fail to fully comply with the requirements of this Order shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown. If Plaintiff or Claimant fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel shall file a Motion to Show Cause why the claim should not be dismissed with prejudice or, if tolled, why the tolling for that Claimant should not be terminated. Plaintiff or Claimant shall thereupon have thirty (30) days to respond to the Notice to Show Cause. Any failure to respond to the Motion within the required period of time shall lead to the dismissal of the claim with prejudice or, if tolled, the termination of tolling for that claim, except for good cause shown.

E. Plaintiff or Claimant may not seek to introduce into evidence at trial any document or information asserting that Vioxx was dispensed by a pharmacy or that Vioxx was provided to the Plaintiff or Claimant as a sample if a Notice were not sent to the Plaintiff's or Claimant's pharmacy, physician, other healthcare provider and/or Other Provider as required by this Order, except upon leave of court for good cause shown. A Plaintiff or Claimant who fails to comply with this Order may also be subject to other sanctions or orders.

New Orleans, Louisiana, this 18 day of Jan., 2008

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE