UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## QUALIFIED PROTECTIVE ORDER

Pursuant to Section 12.1.1 of the Settlement Agreement between Merck & Co., Inc., and the Negotiating Plaintiffs Counsel ("NPC), all Enrolled Program Claimants and their respective Counsel are required to cooperate with the procedures and protocols established by the Lien Resolution Administrator ("LRA") to identify and resolve Governmental Authority Third Party Payer/Provider statutory liens.  To that end, this Qualified Protective Order shall grant the LRA with the authority to provide the Centers for Medicare and Medicaid Services ("CMS"), The Medicare Secondary Payer Department and the Medicaid programs of each state, territory and the District of Columbia ("the Single State Agencies") with a list ("the list") of all Eligible Claimants (hereinafter "Claimants"), to determine which Claimants are beneficiaries in the federal Medicare and/or  state or territory Medicaid health care plans.  In particular, the Single State Agencies as well as CMS have asserted, or will assert, statutory liens or reimbursement claims against the settlement proceeds of those Eligible Claimants who are Medicaid and/or Medicare eligible and who ultimately become Enrolled Program Claimants (pursuant to the Settlement Agreement's terms and conditions).  The entry of a HIPAA-compliant Qualified

Protective Order is necessary in this action in order to permit the Single State Agencies and CMS to transmit protected health information directly to the LRA to assist in the resolution of the agency's interest. The Court being sufficiently advised, IT IS HEREBY ORDERED as follows:

1. The Garretson Law Firm ("TGLF") is appointed, upon the recommendation of the NPC to fulfill the functions of the "Lien Resolution Administrator" under the terms and conditions of the aforementioned Settlement Agreement.

2. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information", as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, created, received or collected from Medicaid and / or Medicare-eligible Claimants by Single State Agencies and CMS, including, but not limited to: (1) names and addresses, dates of birth, social security numbers, Medicaid or Medicare identification numbers and other demographic information that identifies, or could be used to identify Medicaid and/or Medicare-eligible Claimants; (b) eligibility and entitlement information of Medicaid and/or Medicare-eligible Claimants; (c) claims information relating to the past, present, or future health care of Medicaid and/or Medicare-eligible Claimants; (d) claims information relating to the provision of healthcare to Medicaid and/or Medicare-eligible Claimants; and, (e) claims information relating to the past, present, or future payment for the provision of healthcare to Medicaid and/or Medicare-eligible Claimants.

3. In order to assist in the resolution of Medicaid and Medicare's interests, each individual Single State Agency and CMS is hereby authorized and directed to transmit to TGLF

- 3 -

any information, including Medicaid and Medicare claims information and other protected health information, for those Medicaid and/or Medicare-eligible Claimants in the above-caption matter against whom they have asserted liens or reimbursement claims or in whose potential settlements they may have an interest.

4. TGLF shall not use or disclose any protected health information or individually identifiable health information which is subject to this Qualified Protective Order for any purpose other than this litigation.

5. TGLF shall maintain any protected health information or individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by TGLF with respect to its own confidential proprietary information.

6. At the conclusion of this litigation, TGLF shall certify to the Single State Agency and CMS that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

7. For purposes of the Qualified Protective Order, the phrase "Medicaid and/or Medicare-eligible Claimants" refers to those Claimants who currently are beneficiaries of said programs or were beneficiaries of said programs at any time between the date of his or her first prescription of Vioxx up to and including the effective date of the settlement for any Claimant. In this regard, the applicable time period covered by this Qualified Protective Order begins with

the date of first prescription of Vioxx by each Medicaid and/or Medicare-eligible Claimants in the above-captioned matter and ends with the effective date of any settlement for any Claimants.

**ENTERED** this __18__ day of January, 2008.

Eldon E. Fallon
United States District Judge