**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This Document Relates To All Cases** | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |

**MEMORANDUM IN SUPPORT OF AMENDED MOTION BY
CERTAIN FLORIDA CLAIMANTS TO BE INCLUDED IN THE
VIOXX MDL SETTLEMENT AGREEMENT**

Claimants move for an order amending Section 17.1.22.2 of the VIOXX MDL

SETTLEMENT AGREEMENT (SETTLEMENT AGREEMENT) to state:

 "Eligible Claimant means a natural person or Legal Representative(s) thereof:

 which natural person or Legal Representative as of the Execution Date had a lawsuit

pending (in any court of the United States) against, or was (directly or through counsel) a

party to a Tolling Agreement with, Merck, *or was on file (directly or through counsel)*

*with the PLAINTIFFS' STEERING COMMITTEE of this court pursuant to Pretrial*

*Order No. 19* ..." (language to be added in italics).  Alternatively, claimants ask the

court to order MERCK and the PLAINTIFFS' STEERING COMMITTEE (PSC) back to

the negotiating table to make room in the settlement for claimants and others similarly

situated.

I.       **FACTUAL BACKGROUND**

After appointing the PSC, this court, in Pretrial Order No.19, authorized the PSC to

enter into attorney fee agreements with claimants and their attorneys.  One such

agreement was known as the "Full Participation Option" (FPO).  Any claimant whose

local counsel signed a FPO agreed to pay the PSC a contingency attorney fee equal to

"three percent (3%) of the gross amount of recovery ... (2% fees; 1% costs)." (*See* FPO,

paragraph #1.)  The FPO agreement gave claimants' local attorneys the right to "appropriate participation and consultation in settlement negotiations." (*See* FPO, paragraph 8 b.) All claimants herein had entered into FPO agreements before November 9, 2007.

Despite this agreement, the PSC kept its negotiations with MERCK secret from claimants and their local attorneys.  Once the SETTLEMENT AGREEMENT was completed, the PSC informed claimants that, unfortunately, their claims had been excluded from the SETTLEMENT AGREEMENT.

Claimants were excluded because the SETTLEMENT AGREEMENT defines "Eligible Claimant" as a person "who had a lawsuit pending ... or was ... a party to a Tolling Agreement with Merck ..." as of the Execution Date (November 9, 2007).  Although claimants had not filed lawsuits or entered Tolling Agreements with Merck by November 9, 2007 (Florida has a four year statute of limitations for tort claims), claimants' claims were on file with the PSC.  All of  claimants' names and social security numbers had been attached to the FPO agreements.

## II.      FIDUCIARY OBLIGATIONS OF THE PSC

No authority need be cited for the proposition that attorneys owe their clients a fiduciary obligation of the highest order.  When an attorney agrees to provide a claimant legal services in exchange for a legal fee, the claimant becomes the attorney's client.  A non-lawyer is not allowed to share in a contingency fee agreement.  Clearly, under the terms of the FPO, the claimants became clients of the PSC.   Thus, the PSC had a fiduciary obligation to protect claimants' interests in the settlement negotiations.  The PSC also assumed an explicit obligation to consult with claimants' local counsel in the course of any settlement negotiations.

2

What seems to have happened is that, as the PSC became involved in multi-billion dollar negotiations, the PSC simply overlooked its obligations to the claimants. Meanwhile, claimants did not even know that settlement negotiations were taking place. Claimants were, therefore, not in a position to protect their own interests in those negotiations.  Claimants and their local attorneys relied upon the PSC to protect those basic interests.  And yet, the PSC was apparently not mindful of its obligations to the claimants, and, therefore, did not inform claimants or their local counsel that their interests were in jeopardy.

Claimants have thus been damaged by the PSC's violation of the terms and spirit of a court-authorized agreement (the FPO).  If claimants cannot rely upon the terms of a court-approved document, people will loose faith in the administration of justice. Fortunately, the damage done can be easily corrected by this court's intervention.

## III.    DUE PROCESS DENIED

Claimants have even been denied their basic due process rights.  The FPO agreement, afforded claimants the right to participation by their local counsel in the settlement negotiations. That right simply disappeared when the PSC violated its FPO obligations. There was no judicial hearing at which the court, after notice, overruled the provisions of the FPO agreement.  Claimants were, thus, deprived of their rights without due process of law.

## IV.    CONCLUSION

Claimants herein reasonably relied upon the PSC to consult with their local counsel in the course of settlement negotiations with MERCK.  This would, certainly, have included warning local counsel about dangers in the proposed settlement adversely

affecting claimants' interests.  The November 9, 2007 "cut off" provision was novel,

unexpected, and certainly dangerous for the claimants.   The PSC had an obligation to

consult local counsel about this provision.  The PSC breached its obligations under the

FPO agreement.  Fortunately, the resulting unfairness can and should be easily corrected

by the court.  Claimants simply ask for a modification of   Section 17.1.22.2 of the

SETTLEMENT AGREEMENT.  The court should grant the relief requested.

Dated this 1$\underline{^{st}}$ day of February, 2008.


Respectfully submitted,


/s/*William H. Ogle*
William H. Ogle
Florida Bar No.: 367400
444 Seabreeze Blvd., Ste. 750
Daytona Beach, FL  32118
(386) 253-2500 Telephone
(386) 248-8578 Facsimile


Norwood S. "Woody" Wilner
Florida Bar No.: 222194
Stephanie J. Hartley
Florida Bar No.: 0997846
3127 Atlantic Blvd. St. 3
Jacksonville, FL 32207
(904) 446-9817 Telephone
(904) 446-9825 Facsimile


Richard D. Hailey
Indiana Bar No.: 7375-49
3891 Eagle Creek Parkway, St. C
Indianapolis, IN 46254
(317) 299-0500 Telephone
(317) 299-0699 Facsimile