# EXHIBIT "1"

**EXPRESS SCRIPTS®**

# CORPORATE OVERVIEW

*At Express Scripts, we make the use of prescription drugs safer and more affordable.*

We share a common cause with each of our clients, helping them to offer a healthy prescription-drug benefit today, tomorrow and into the future. It is increasingly obvious that spending additional healthcare dollars for no additional health benefit is wasteful and threatens the very existence of employer-sponsored benefits. We align our interests with those of our clients, working with them to help keep the prescription-drug benefit off the endangered list by offering proven programs to drive out waste.

## Major U.S. Locations

Express Scripts is headquartered in St. Louis and maintains major administrative facilities in Bloomington, Minn.; East Hanover, N.J.; Tempe, Ariz.; and Orlando, Fla.

| Location | Prescription Processing | Express Scripts Pharmacy | Contact Center |
|---|---|---|---|
| St. Louis | ● | ● | |
| Albuquerque, N.M. | ● | | ● |
| Bloomington, Minn. | | | ● |
| Farmington Hills, Mich. | | | ● |
| Harrisburg, Pa. | ● | | ● |
| Philadelphia | ● | ● | |
| Pueblo, Colo. | | | ● |
| St. Marys, Ga. | | | ● |
| Tempe, Ariz. | ● | ● | ● |
| Troy, N.Y. | ● | | |

### Milestones

- 1986: Founded
- 1992: Initial Public Offering
- 1995: ESI Canada established
- 1997: First Outcomes Conference held
- 1997: First published *Drug Trend Report*
- 1998: Acquired ValueRx
- 1999: Acquired Diversified Pharmaceutical Services
- 2002: Acquired National Prescription Administrators
- 2002: Acquired Phoenix Marketing Group
- 2004: Acquired CuraScript
- 2005: Acquired Priority Healthcare

## Key Corporate Facts

### Operational and Financial Overview

- 11,000+ employees
- 59,200 participating pharmacies nationwide
- Home Delivery: 41.2 million prescriptions
- Participating Pharmacies: 390.3 million prescriptions
- Specialty Drugs: 1.6 million prescriptions
- Generic Drugs: 60% of all prescriptions dispensed
- $17.7 billion in revenue in 2006

### Rankings

- Rank 132 on Fortune 500 list
- Information Week's 500 Most Technologically Progressive Companies
- NASDAQ 100

### Subsidiaries

- CuraScript — one of the largest, independent specialty pharmacy services companies in the U.S.
- ESI Canada — provides PBM services to 6 million Canadians

## Web Services

- www.express-scripts.com — client and member site; formularies, prescription histories, comparative pricing and online refills from the Express Scripts Pharmacy
- www.drugdigest.org — site for consumer information about prescription drugs, herbs and medical conditions

© 2007 Express Scripts, Inc., All Rights Reserved 06-02980 PROP132 (04/07)

# EXHIBIT "2"



# *Fact Sheet*

## *Making the Use of Prescription Drugs Safer and More Affordable Through Advanced Research and Superior Technology*

Express Scripts is one of America's largest pharmacy benefit managers, providing prescription-drug benefits for millions of people nationwide through employers, managed-care plans, unions and governmental entities. Headquartered in St. Louis, the company has major administrative offices in multiple states, including Minnesota, Pennsylvania, Arizona, New Jersey and Florida. Express Scripts also has pharmacy and customer service operations in 10 states, and Canadian operations in Quebec and Ontario.

### Extensive Growth

- After going public in 1992, growth came quickly for Express Scripts. Two years later, the company was ranked 4th on the Forbes list of "Best Small Companies."

- By 1995, it ranked 45th on Fortune's list of "Fastest Growing Companies."

- Today, Express Scripts is number 137 on the Fortune 500 and was the recipient of Fortune's first-ever "Streetie Award" for the best overall performance by any company in 2003.

### Making the Use of Prescription Drugs Safer and More Affordable

- Express Scripts processes 400 million retail prescriptions and 50 million mail prescriptions each year, and checks each patient's prescription electronically to enhance safety, verify eligibility, ensure proper payment and identify potential cost savings.

- Express Scripts works closely with benefit-plan sponsors to make prescription-drug benefits more affordable through plan design, patient-care management and special programs such as step therapy and GenericsWork℠, which encourage generic-drug use.

- The company also works with clients to manage their specialty-medication costs through CuraScript, its specialty-pharmacy provider.

### Technical Superiority

- Express Scripts has invested heavily in technology, enabling its people to focus on patients. Improved technology has led to unprecedented efficiencies and economies of scale, paving the way to attractive home-delivery programs that save money for clients and patients.

- Express Scripts has built an impressive package of Web services, further addressing the needs of clients, patients, pharmacists and physicians.

- The company also spearheaded RxHub to develop a standard communication protocol for e-prescribing, further enhancing prescription safety and efficiency for physicians and patients.

- The company was named as one of *Information Week's* 500 Most Technologically Progressive Companies.

Over

**EXPRESS SCRIPTS®**

## Research Focus

- Express Scripts provides timely, relevant and objective evidence-based research to improve pharmacy benefit management. The research focuses on the economic, clinical and member impact of pharmacy benefit designs.

- Findings are used by Express Scripts and plan sponsors, policymakers, the healthcare community and the general public, and are published in peer-reviewed journals, reported in the national news media, and presented at scientific and professional conferences.

- Express Scripts also publishes the annual *Express Scripts Drug Trend Report* to help plan sponsors better understand the dynamics underlying both current drug-cost increases and future drug-cost trends.

## Committed to People

- The recruitment, training and retaining of great people has been — and will continue to be — essential to Express Scripts' tremendous growth and success.

- Currently the company employs more than 11,000 people across North America and expects that number to grow substantially over the next few years.

- The company is committed to the greater St. Louis community, playing an important civic role as one of the largest Fortune 500 companies headquartered in the region.

## New Heights of Performance

- Express Scripts administers the prescription-drug benefit for one of every six Americans.

- Each year Express Scripts:

  — Processes nearly 460 million retail, mail and specialty prescriptions.

  — Fills nearly half of all prescriptions with less-costly generic drugs.

  — Checks each patient's prescription claim an average of 1,450 times to enhance safety and identify savings opportunities.

  — Issues more than 30 million safety alerts to pharmacist and patients.

  — Helps clients save 25% to 35% in prescription-drug costs.

© 2005 Express Scripts, Inc., All Rights Reserved 05-1897



# *Fact Sheet*

## *Awards and Recognition*

### Company Recognition
- *Fortune* 500, since 2000
- Rx Benefit Innovation Award, The Pharmacy Benefit Management Institute, 2005
- *Business Week's* Top 50, 2004
- *Forbes'* Platinum List, 1999-2004
- *Information Week's* 500 Most Technologically Progressive Companies, 2002-2004
- Best Managed Companies in America, *Forbes* Platinum 400 Honor Roll, 2004
- *Fortune Magazine's* America's Most Admired Companies, 2004
- *Fortune* "Streetie" Award, 2003
- Fast 50 Technology Award, RCGA, 1997 & 2000
- *Fortune's* 100 Fastest Growing Companies in America, 2000
- *Fortune's* Fastest Growing Companies, 1995
- Entrepreneur of the Year, Barrett Toan, 1994
- *Forbes'* Best Small Companies, 1994

### Community Recognition
- The Vincent J. Bommarito Special Merit Award, The Downtown St. Louis Partnership and Downtown St. Louis Community Improvement District, 2004
- Child Advocate of the Year, St. Louis Area Council on Child Abuse & Neglect, 2003
- Outstanding Commitment to St. Louis Region, Regional Business Council, 2003
- Insurance Good Scout Award, Boy Scouts of America, 2003
- No. 1 of the St. Louis Metro Area's Top 50 Companies, The Business Plus 50, The Region's Leading Companies, 2000

### Research Recognition
- "Award for Excellence," Academy of Managed Care Pharmacy, Thomas Delate, PhD; Kathleen Fairman, MA; Shelly Carey, MMR; and Brenda Motheral, PhD, 2004. "Randomized Controlled Trial of a Dose Consolidation Program," *Journal of Managed Care Pharmacy* (September/October 2004).
- "Research Excellence Award," International Society for Pharmacoeconomics and Outcomes Research, Emily Cox, PhD; Doug Mager; and Brenda Motheral, PhD, 2004. "Verification of a Decision Analytic Model Assumption Using Real-World Practice Data: Implications for the Cost Effectiveness of Cyclo-oxygenase 2 Inhibitors (COX-2s)," *American Journal of Managed Care* (December 2003).
- "Award for Excellence," Academy of Managed Care Pharmacy, Brenda Motheral, PhD, and Kathleen Fairman. "Do Decision Analytic Models Identify Cost-Effective Treatments?" *Journal of Managed Care Pharmacy* (September 2003).

### Website Recognition
- Best User Interface Pharmaceuticals, Medicine on the Net, Web Excellence Awards, 2005
- Web Design Award, Express-Scripts.com, DesignFirm, 2005
- HONcode Certified, DrugDigest.org, 2004
- *Business Week's* Best Medical Websites, DrugDigest.org, 2004
- *Reader's Digest's* Top Drug Information Websites, DrugDigest.org, 2004
- Platinum Award, Best Overall Internet Site, Express-Scripts.com, eHealthcare Leadership Awards, 2004
- Gold Award, Best Health/Healthcare Content, Express-Scripts.com, eHealthcare Leadership Awards, 2004
- Top in Sector, Express-Scripts.com, The Customer Respect Group, 2003, 2004
- Merit Award, Health Information Resource Center's World Wide Web Health Awards, 2003

© 2005 Express Scripts, Inc., All Rights Reserved 05-1899



# EXHIBIT 2(a)

# CVS/pharmacy

## Privacy Office

**One CVS Drive**
**Woonsocket, RI 02895**

PrivacyOffice@cvs.com
**1-800 287-2414**
**1-401-652-1593 fax**

**RE:** ▮▮▮▮▮▮▮▮
**TR# 148336**

In response to your request for a patient prescription profile on Lowell Bulger, listed DOB 01-10-1941, a thorough search of all our CVS databases for records was completed. Using the name and DOB provided, no such records were found for CVS but records are included for Tolland Pharmacy. Please note that we cannot search using the social Security #.

If I can be of further assistance, please do not hesitate to contact me at the address above.

Sincerely,

*[signature]*

Donna M. Dubois
CVS Privacy Office Manager

**Note:  To cover the expense of processing this record request, please remit payment of $35.00 per patient request or the applicable fee as dictated by state regulation, to CVS/pharmacy, Inc., One CVS Drive, Woonsocket, RI 02895, Attn:  Privacy Office.  Disregard if payment has already been submitted.  Thank you.  Tax ID# 05-03-40626**

**CVS**
pharmacy



Privacy Office
One CVS Drive
Woonsocket, RI 02895

**Private and Confidential**
**Intended for Addressee Only**

1459577
LEVIN,FISHBEIN,SEFRAN & BERMAN
510 WALNUT ST. STE 500
PHILADELPHIA PA 19106

09/21/2007

Enclosed is your Patient Prescription Record, as recently requested from CVS/pharmacy.

To cover the expense of processing these records, please remit a payment of    $35.00
to CVS/pharmacy, One CVS Drive, Woonsocket, RI 02895, Attn: Privacy Office.
The Federal Tax ID number is 05-03-40626.

If you have questions regarding this report you may contact the Privacy Office at
1-800-287-2414 or e-mail us at PrivacyOffice@cvs.com.

Thank you,
CVS/pharmacy Privacy Office

---------------------------------------------------------------------------------------------

# INVOICE

| Reference Nbr | Date | Amount Due: | Payment Amount: |
|---|---|---|---|
| 1459577 | 09/21/2007 | $35.00 | $_____ |

**Mail payment to:**
CVS/pharmacy
Privacy Office           **Please include Reference Number and**
One CVS Drive            **customer name on the check.**
Woonsocket, RI 02895
                         Make Checks Payable to: CVS/pharmacy

# EXHIBIT 2(b)



*It all starts with care*<sup>SM</sup>

September 7, 2006

Levin, Fishbein, Sedran & Berman
Attn: Ms. Patricia A. D'Andrea
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697

Dear Ms. D'Andrea:

Re: Request for Pharmacy Records for 

Please be advised that we received your request for records on 30 August 2006.

Caremark requires reimbursement in the amount of $75.00 for the reasonable costs incurred in processing your request, including searching files for records, reproduction and delivery costs. Please make payment to Caremark Rx, Inc., and forward payment to my attention at 6950 Alamo Downs Parkway, Suite 110, San Antonio, TX 78238. Once payment is received, we will forward responsive documents.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Alex Hunter
(210) 706-2406

**Caremark Records Management**

Enclosure



# EXHIBIT 2(c)

# WALGREEN COMPANY
## CORPORATE AND REGULATORY LAW
## INVOICE FOR RECORD REQUEST SERVICES

**Billed to:**
LEVIN, FISHBEIN, SEDRAN & BERMAN
ATTN: PATRICIA D'ANDREA
510 WALNUT ST, SUITE 500
PHILADELPHIA          PA     19106-3697

**Make Checks Payable to:**
Walgreen Company
1901 E. Voorhees St.
P.O. Box 4039
MS #735
Danville, Illinois 61834-4039

**Invoice Number:**    412563

**Patient Name:** ▬▬▬▬▬▬▬

**Amount Due:**    $55.00

**PatientDOB:** ▬▬▬▬▬

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# INVOICE

**Re:** ▬▬▬▬▬▬▬

Dear Sir/Madam

In accordance with your request, pharmacy records for the above referenced patient were forwarded after a complete search was conducted, pursuant to the statutory retention period for pharmacy records.  An invoice for our services is attached.

Please remit payment, together with this invoice.  If state statute designates a different reimbursement, please enclose a copy of the statute along with a check for that amount.

Sincerely,

Tabatha Hutcherson
Records Custodian

(217) 554-8949 (Phone)
FEIN 36-192-4025 (Tax ID)

**WALGREEN COMPANY**
**CORPORATE AND REGULATORY LAW**
**INVOICE FOR RECORD REQUEST SERVICES**

Billed to:                                          Make Checks Payable to:

LEVIN FISHBEIN SEDRAN & BERMAN                      Walgreen Company
ATTN:PATRICIA DANDREA                               1901 E. Voorhees St.
510 WALNUT ST SUITE 500                             P.O. Box 4039
PHILDELPHIA                    PA    19106-3697     MS #735
                                                    Danville, Illinois 61834-4039

**Invoice Number:**    554617                       **Amount Due:**    $55.00
**Patient Name:** ~~██████████~~                    **PatientDOB:** ~~██████████~~

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

# INVOICE

**Re:** ~~██████████~~

Dear Sir/Madam

In accordance with your request, pharmacy records for the above referenced patient were
forwarded after a complete search was conducted, pursuant to the statutory retention
period for pharmacy records.  An invoice for our services is attached.

Please remit payment, together with this invoice.  If state statute designates a different
reimbursement, please enclose a copy of the statute along with a check for that amount.

Sincerely,


Jodi Drews
Records Custodian

(217) 554-8590 (Phone)
FEIN 36-192-4025 (Tax ID)

# EXHIBIT "3"

# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
JUDY SHOPP
ZANETTA MOORE-DRIGGERS
MICHAEL M. WEINKOWITZ
MARCIA Y. WILLIAMS

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

September 9, 2005

Express Scripts, Inc.
Legal Department
13900 Riverport Drive
Maryland Heights, MO 63043

|  | | |
|---|---|---|
| **RE:** | **Client/Patient:** | **Shirley Amundson** |
| | **Date of Birth:** | **05/22/1932** |
| | **Social Security Number:** | **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** |

Dear Sir/Madam:

Please be advised that this firm represents the individual referenced above.  Upon receipt of this letter, kindly forward us **a full and complete list of all prescriptions filled by or on behalf of our client within the past 10 years.**

Enclosed is our draft in the amount of $50.00, along with a duly executed HIPAA-compliant medical authorization which will enable you to release the requested information.

Thank you for your attention.

Very truly yours,

Patricia A. D'Andrea
Paralegal

/pd
Enclosure

# EXHIBIT "4"


**EXPRESS SCRIPTS**
*Charting the Future of Pharmacy*

**13900 Riverport Drive**
**Maryland Heights, Missouri 63043**
**314-702-7561**
**Fax - 314-702-7120**

October 4, 2005

Levin, Fishbein, Sedran & Berman
Attn: Ms. Patricia D'Andrea
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697

    **RE: Shirley Amundson**

Dear Ms. D'Andrea:

In response to your request for pharmacy records, please be advised that we were unable to locate any records for this member with the information provided, and for the past two year period during which records are readily available.

Sincerely,

*Wendy A. Curran*

Wendy A. Curran
Legal Department

105129v1

# EXHIBIT "5"

# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
JUDY SHOPP
ZANETTA MOORE-DRIGGERS
MICHAEL M. WEINKOWITZ
MARCIA Y. WILLIAMS

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

October 14, 2005

*Via Facsimile*

Wendy Curran
Legal Department
Express Scripts, Inc.
13900 Riverport Drive
Maryland Heights, MO 63043

> **RE:** **Client/Patient:** **Shirley Amundson**
> **Date of Birth:** **05/22/1932**
> **Social Security Number:** **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**

Dear Ms. Curran:

Thank you for your letter of October 4, 2005, copy attached. Please be advised that Mrs. Amundson is afforded health and prescription drug coverage through the American Federation of Television and Radio Artists. Until some time in or about 2002, AFTRA members secured their drugs through Express Scripts. Accordingly, we would request that you re-check your records and provide an outline reflecting all prescription drugs filled by or on behalf of our client within the past ten (10) years.

Please do not hesitate to contact me should you have any questions or comments with regard to this matter.

Thank you for your attention.

Very truly yours,

Patricia A. D'Andrea
Paralegal

/pd

# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
MICHAEL M. WEINKOWITZ *
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN
* also admitted in New Jersey

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

Pdandrea@lfsblaw.com

October 14, 2005
August 13, 2007 (Second Request)

Express Scripts, Inc.
Legal Department
13900 Riverport Drive
Maryland Heights, MO 63043

RE:   **Covered Employee:**      **Gilbert Amundson**
      **Social Security Number:**  **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**
      **Client/Patient:**          **Shirley Amundson**
      **Date of Birth:**           **05/22/1932**
      **Social Security Number:**  **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**

Dear Sir/Madam:

Attached please find a letter from Wendy Curran in response to our request for prescription records. Please be advised that Mrs. Amundson is afforded health and prescription drug coverage through the American Federation of Television and Radio Artists. Until some time in or about 2002, AFTRA members secured their prescription drugs through Express Scripts. Accordingly, we would request that you re-check your records and provide an outline reflecting all prescription drugs filled by or on behalf of Mrs. Amundson within the past ten (10) years.

Enclosed is a duly executed HIPAA-compliant medical authorization which will enable you to release the requested information.

Please note, this matter is a federal case, pending before the Honorable Eldon E. Fallon in the Eastern District of Louisiana. If Express Scripts declines to produce a complete copy of the records requested, I will have no alternative but to issue a subpoena for both production of the records and the deposition of the records custodian.

Thank you for your prompt attention to this request.

Very truly yours,

Michael M. Weinkowitz

MMW/pd
Enclosure


**EXPRESS SCRIPTS**
*Charting the Future of Pharmacy*

**13900 Riverport Drive**
**Maryland Heights, Missouri 63043**
**314-702-7561**
**Fax - 314-702-7120**

October 4, 2005

Levin, Fishbein, Sedran & Berman
Attn:  Ms. Patricia D'Andrea
510  Walnut Street, Suite 500
Philadelphia, PA  19106-3697

    **RE:  Shirley Amundson**

Dear Ms. D'Andrea:

In response to your request for pharmacy records, please be advised that we were unable to locate any records for this member with the information provided, and for the past two year period during which records are readily available.

Sincerely,

*Wendy A. Curran*

Wendy A. Curran
Legal Department

105129v1

## HIPAA COMPLIANT AUTHORIZATION FOR THE
## RELEASE OF MEDICAL RECORDS PURSUANT TO 45 CFR 164.508

TO:  Express Scripts
Name of Healthcare Provider/Physician/Facility. *

13900 Riverport Drive
Address

Maryland Heights, MO 63043
City, State and Zip Code

RE:  Patient Name:  Shirley Amundson

Date of Birth:  5/22/1932      Social Security Number: 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

Address:  1669 Yankee Doodle Road, Apt. 101

Eagan, MN  55121

Records Requested:  Prescription records

I authorize the disclosure of all protected information for the purpose of review and evaluation in connection with a legal claim. I expressly request that the designated records custodian of all covered entities under HIPAA identified above disclose full and complete protected medical information including the following:

- All medication records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, order sheets, progress notes, nurse's notes, clinic records, treatment plans, admission records, discharge summaries, requests for and reports of consultations, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians.

- All autopsy, laboratory, histology, cytology, pathology, radiology, CT scan, MRI, echocardiogram and cardiac catheterization reports.

- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology / cytology/histology / autopsy / immunohistochemistry specimens, cardiac catheterization videos / CDs/films/reels, and echocardiogram videos.

- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.

- All billing records including all statements, itemized bills, and records of billing to third party payers and payment or denial of benefits.

**Information about diagnosis or treatment for alcohol/substance abuse and HIV/AIDS may be disclosed as follows: (check all that apply)**

  XX  Yes, disclose HIV/AIDS information.      OR ____ No, do NOT disclose HIV/AIDS information.

  XX  Yes, disclose alcohol/substance abuse information. OR ____ No, do NOT disclose alcohol/substance abuse information.

This protected health information is disclosed for the following purposes:  My personal injury lawsuit.

---

* If the authorization is for the release of HIV/AIDS information, please provide the name or specific identification of the person(s), or class of persons, authorized to make the requested disclosure.

This authorization is given in compliance with the federal consent requirements for release of alcohol or substance abuse records of 42 CFR 2.31, the restrictions of which have been specifically considered and expressly waived.

You are authorized to release the above records to the following representatives who have agreed to pay reasonable charges made by you to supply copies of such records:

LEVIN, FISHBEIN, SEDRAN & BERMAN
Name of Representative

Attorneys
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

510 WALNUT STREET, SUITE 500
Street Address

PHILADELPHIA, PA 19106
City, State and Zip Code

I acknowledge that I have the right to revoke this authorization, in writing, by sending written notification to Express Scripts at P.O. Box 66561, St. Louis, MO 63166-6561, provided that the information sought has not already been disclosed. Information that has already been disclosed may not be further disclosed once the authorization has been revoked. I understand that the information I authorize a person or entity to disclose may be shared with other people or entities and no longer protected by federal privacy regulations.

I understand that I have a right to request and receive a copy of Express Scripts' Notice of Privacy Practices at www.express-scripts.com.

I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.

Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein. This authorization shall be in force and effect for ninety days from the date signed below.

_Shirley Amundson_                     Dated: _8-1-07_
Signature of Patient or Personal Representative

_Shirley Amundson_
Name of Patient or Personal Representative


Description of Personal Representative's Authority
to Sign for Patient (attach documents which show
authority)

_Gilbert R Amundson_                     Dated: _8-1-07_
Witness Signature

# EXHIBIT "6"

 **EXPRESS SCRIPTS**
Charting the Future of Pharmacy

One Express Way
Mail Route HQ2E03
St. Louis MO 63121
Telephone- 314-692-4102
Fax- 1-866-254-2313

August 23, 2007

Levin, Fishbein, Sedran & Berman
Attn: Michael M. Weinkowitz
510 Walnut Street
Suite 500
Philadelphia, PA 19106

RE:   **Gilbert Amundson – Archived Records**

Dear Mr. Weinkowitz:

In response to your letter for archived records for the above-referenced member. Please be advised that the cost to research archived records is $1,500.00. Enclosed please find our invoice in the amount of $1,450.00, which applies the $50.00 payment you previously paid for a search of our readily-available records.

Upon receipt of your payment of $1,450.00 we will submit your client's information for a search of our archived records.  Please be advised this search will take approximately 6-8 weeks from the time we receive your payment, and there is no guarantee that any further records exist for this member.

Sincerely,


Natalia Lantz
Legal Department


Enclosure


113424v1


**EXPRESS SCRIPTS®**
*Charting the Future of Pharmacy*

|  | INVOICE DATE | Pharmacy Records 08/23/07 |
|--|--------------|---------------------------|

Levin, Fishbein, Sedran, & Berman
Attn:  Mr. Michael M. Weinkowitz
510 Walnut Street, Suite 500
Philadelphia, PA  19106

---

Archived Pharmacy Records -
Shirley Amundson                  1 @    $1,500.00   less $50 rec'd              $1,450.00

)

                                                                          $1,450.00

---

EXPRESS SCRIPTS,INC
One Express Way, Mail Route HQ2E03
St. Louis, MO 63121

INVOICE DATE

Pharmacy Records
08/23/2007

)

# EXHIBIT "7"

 **EXPRESS SCRIPTS®**

## HIPAA Information

Business Associate Agreement
Download agreement forms or addendums to fulfill HIPAA requirements for business associates.

Authorization Form for the Release of Prescription Records (PDF file)
Requests for the release of prescription records to a third party, such as an insurance company or a lawyer, may be submitted through the form above.

Release to Disclose Protected Health Information to Vendor, Broker or Consultant (PDF file)
Plan Sponsors must complete this form to allow Express Scripts to transfer claims data to a Flexible Spending Account or Disease Management vendor, broker or consultant.

Privacy Notices
Read our Notice of Privacy Practices, which describes how our members' medical information may be used and disclosed and explains how members can access their information. You can also view our Internet Privacy Promise, which describes the policies and practices we have developed to safeguard our members' information online.

Frequently Asked Questions (PDF file)
This list of questions and answers is designed to inform clients of our continuing efforts to meet the applicable mandates of HIPAA.

PDF files require Adobe Acrobat Reader.

© 2008 Express Scripts, Inc. All Rights Reserved.



## Authorization to Use and Disclose Health Information

| | |
|---|---|
| **PLEASE PRINT CLEARLY** | |
| Patient's Name: _____ | ID Number: _____ |
| Address: _____<br>      Street | Date of Birth: ___ / ___ / ___<br>          MM   DD   YYYY |
| _____<br>      City, State, Zip | |

I authorize Express Scripts, Inc. or one of its subsidiaries to use or disclose my health information as described below. I understand that the information I authorize a person or entity to disclose may be shared with other people or entities and no longer protected by federal privacy regulations.

1.     The following health information may be used or disclosed:
       [ ]    Prescription Records
       [ ]    Claims Information
       [ ]    Invoices
       [ ]    Prior Authorizations
       [ ]    Other: _____

2.     The health information identified above may be used or disclosed for the following purpose(s):

     _____

     _____

3.     The health information identified above may only be disclosed to the following individual(s) or organization(s):

     Name:     _____

     Address:   _____

               _____

4.     I understand that the health information that I authorized to be used or disclosed may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), mental health or substance abuse.

5.     I understand that this authorization is voluntary and that I may refuse to sign this authorization. I understand that my refusal to sign this authorization does not affect payment for services, my ability to obtain treatment, or my eligibility for benefits or enrollment.

87658v3
Rev. 08/07
©2005, Express Scripts, Inc., All Rights Reserved

6.  I understand that if this authorization is for the disclosure of health information for a research study, I may refuse to sign this authorization.  I understand that if I refuse to sign this authorization, I may not receive the treatment related to the research study.

7.  I understand that I may revoke this authorization at any time provided that the information has not already been disclosed.  Information that has already been disclosed may not be further disclosed once the authorization has been revoked.  I understand that if I choose to revoke this authorization, I must do so in writing to the following address:

Express Scripts, Inc.
P.O. Box 66561
St. Louis, MO 63166-6561

8.  I understand that I have a right to request and receive a copy of Express Scripts' Notice of Privacy Practices at www.express-scripts.com.

I understand that this authorization will expire one hundred eighty (180) days from the date signed below.

---

**SIGNATURE**

_____     _____
Signature of patient or patient's personal representative          Date

_____
Printed name of patient or patient's personal representative

If signed by patient's personal representative, please complete the following:

Relationship to patient: _____

Authority to act for the patient: _____

---

Please return completed form along with a check or money order for the non-refundable processing fee of $50.00 to:

Express Scripts, Inc.
Attn:  Legal Department
One Express Way
Mail Route HQ2E3
St. Louis MO 63121
866-254-2313 (fax)



Please allow 6-8 weeks for the request to be processed.

For questions or concerns, please call toll-free 800-332-5455, x344102.

87658v3
Rev. 08/07
©2005, Express Scripts, Inc., All Rights Reserved

# EXHIBIT "8"

## Exhibit 1.3.1

## Required PME Records

1.     Claimant's counsel shall include in the Claims Package all required PME records and corresponding certifications available through the Litigation Medical Records Depository

2.     The following applies to any PME Record not covered by paragraph one herein where the initial request for said records to the custodian of the record was made *on or after* November 9, 2007:

Each PME Record submitted by an Enrolled Program Claimant shall be produced with a dated and signed certification from the custodian of the records that swears to the following:

     a.    That he or she is the duly authorized custodian of the records of the facility producing the records and has the authority to certify said records.

     b.    That the annexed records are true and correct copies of the complete file for the Enrolled Program Claimant as kept in the ordinary course of business.

3.     The following applies to any PME Record not covered by paragraph one herein where the initial request for the PME Record from the custodian of the record was made *before* November 9, 2007:

Each PME Record submitted by an Enrolled Program Claimant shall be produced with a certification from the custodian of the records, which complies with requirements above in Paragraph 1, or if such a certification (in whole or in part) does not exist, then a certification from Claimant's Counsel, that swears to the following:

     a.    That the Counsel for the Enrolled Program Claimant requested a complete set of requested records as kept in the ordinary course of business from the particular healthcare provider whose records are being produced.

     b.    That the initial request to that provider for the complete records was made before November 9, 2007.

     c.    That the produced records are true and correct copies of the complete set of the records as requested and/or received by the Claimant's Counsel for the Enrolled Program Claimant and that Claimant's Counsel has not withheld or otherwise failed to provide any record in his/her possession relating to the Enrolled Program Claimant.

4.     Any Enrolled Program Claimant who alleges an injury of myocardial infarction or heart attack (MI) shall submit:

     a.    Event Records.

      b.     Pharmacy Records from all pharmacies that dispensed any medication to the Enrolled Program Claimant for the entire period of time spanning the first alleged use of Vioxx through 3 months after the Eligible Event.

      c.     Medical Records from all cardiologists who provided care and treatment to the Enrolled Program Claimant during the entire period of time spanning the date of the myocardial infarction or heart attack through one (1) year after.

5.     Any Enrolled Program Claimant who alleges an injury of stroke (IS) shall submit:

      a.     Event Records.

      b.     Pharmacy Records from all pharmacies that dispensed medication to the Enrolled Program Claimant for the entire period of time spanning the first alleged use of Vioxx through 3 months after the Eligible Event.

      c.     Medical Records from all neurologists who provided care and treatment to the Enrolled Program Claimant during the entire period of time spanning the date of the IS through one (1) year after.

      d.     Medical Records from all rehabilitation facilities (inpatient or outpatient) where the Enrolled Program Claimant received care and treatment during the entire period of time spanning the date of the IS through one (1) year after, if the Enrolled Program Claimant is seeking compensation for above IS Injury Level 5.

6.     All fatal injury claims (whether MI/SCD or IS) require the submission of the following:

      a.     Event Records.

      b.     Pharmacy Records from all pharmacies that dispensed medication to the Enrolled Program Claimant for the entire period of time spanning the first alleged use of Vioxx through 3 months after the Eligible Event.

      c.     Death Certificate.

      d.     Report of Autopsy, if one was performed.

      e.     Medical Records from the Enrolled Program Claimant's primary care physician(s) for the three (3) year period preceding the date of death.

7.     Any Enrolled Program Claimant who was unable to report his own medical history, or a complete medical history was not provided to the satisfaction of the Claims Administrator for the Enrolled Program Claimant, at the time of his alleged Eligible Event as evidenced in the Event Records, shall submit the records required to be submitted in paragraph 4 or 5 (depending on the Eligible Event) plus Medical Records from the Enrolled Program Claimant's primary care physician(s) for the three (3) year period preceding the date of his Eligible Event.

8.    In addition to the above requirements, any Enrolled Program Claimants who claims any use of samples to meet any requirement of the Program demonstrating that the Enrolled Program Claimant ingested Vioxx (e.g., Proximity Gate, Duration Gate, Overall Duration—as defined in Exhibit 3.2.1 of the Agreement—and Consistency of Use—as defined in Exhibit 3.2.1) shall submit the Medical Records of:

     a.    All physicians or other healthcare providers claimed to have dispensed the samples of Vioxx ingested for the entire time period spanning the alleged distribution of samples, and

     b.    Enrolled Program Claimants primary care physician(s), to the extent not included in 8a for the three (3) year period preceding the Eligible Event.

9.    In the event any Enrolled Program Claimant 's pharmacy records no longer exist because said records were destroyed pursuant to a records retention policy, natural disaster, or some other reason independent of the Enrolled Program Claimant, he must produce an affidavit or other notarized evidence from all applicable pharmacies that records evidencing the prescription of Vioxx for the Enrolled Program Claimant no longer exist and stating the reason such records do not exist.  An "applicable pharmacy" is a pharmacy for which evidence exists that Enrolled Program Claimant previously filled his or her Vioxx prescriptions at that facility (e.g., references in insurance records, pill bottles, references in medical records; etc.). Enrolled Program Claimant must provide other contemporaneous Medical Records documenting Enrolled Program Claimant's Vioxx use and the amount of such usage shall be determined pursuant to Section 5(A) of Exhibit 2.2.2.

# EXHIBIT "9"

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN                DISTRICT OF               MISSOURI

In re: Vioxx Products Liability Litigation

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MDL 1657, EDLA

TO:   Express Scripts, Inc. (Custodian of Records)
      c/o Husch & Eppenberger, LLC
      190 Carondelet Plaza, Suite 600
      St. Louis, MO  63105-3441

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Husch & Eppenberger, LLC, 190 Carondelet Plaza, Suite 600, St. Louis, MO  63105-3441 | DATE AND TIME   1/9/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   12/21/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Leonard A. Davis, Esq., 820 O'Keefe Ave., New Orleans, LA  70113, PH:  (504) 581-4892

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**NOTICE OF FRE 30(B)(6) CORPORATE DEPOSITION (ORAL AND VIDEOTAPED)**

TO:     **Merck & Co, Inc.**
        **Through**
        **Phillip A. Wittmann, Esq.**
        **STONE, PIGMAN**
        **546 Carondelet Street**
        **New Orleans, Louisiana 70130-3588**
        **LIAISON COUNSEL FOR DEFENDANTS**

        **Express Scripts, Inc.**
        **One Express Way**
        **St. Louis, MO 63121**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of Express Scripts, Inc. ("ESI") on January 9, 2008 o'clock a.m. at the offices of 10:00 o'clock a.m. at Husch & Eppenberger, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105-3441or at another location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), ESI shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of ES concerning the topics identified herein.

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial Order No. 9 (Deposition Guidelines) entered April 15, 2005.  The terms of such order are incorporated into this Notice.

| | |
|---|---|
| Primary Examiner: | A member of the PSC or its designee |
| Videotaped Deposition: | Yes |
| Call-In Number: | 866-261-4013, Conf. Id. No. 2728103 |

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

## I. INSTRUCTIONS AND DEFINITIONS

### DEFINITIONS

(a)    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(b)    "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

(c)    "Concerning" means relating to, referring to, describing, evidencing, embodying, or constituting.

(d)    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations and/or electronically stored information as that term is defined in the Federal Rules of Civil Procedure.  "(The PSC requests the production of all

electronically stored information in its native format.  However, prior to the production of such electronically stored information the PSC would like the opportunity to meet and confer regarding any production format to address efficiency, timing, and economy of the production.").  A draft or non-identical copy is a separate document within the meaning of this term.

        (e)    "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.  Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including,  EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term electronic data also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(f)     "Electronic media" means any magnetic or other storage media device used to record electronic data.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and transmittal.

(g)     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(h)     "Identify" with respect to documents, means to give, to extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(i)     "Including" or "includes" means including, without limitation.

(j)     "IP Address" means Internet Protocol Address.

(k)     "Person" means any natural person or any business, legal, or governmental entity or association.

(l)     "RAM" means Random Access Memory which is part of electronically stored information.

(m)     "You," or "your" means the party to whom this discovery request is directed to, as well as all other employees, representatives, independent contractors, consultants,

or agents, whether present or former, including attorneys and accountants of the party to whom this discovery request is directed.

The following rules of construction apply to all discovery requests:

(n)     The terms "all" and "each" shall be construed as all and each;

(o)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

(p)     The use of the singular form of any word includes the plural and vice versa; and

(q)     Requests that are stated in the present tense include the past tense and those in the past tense include the present tense.

A confidentiality order has been entered by in this case by the Honorable Eldon Fallon, Judge of the United States District Court for the Eastern District of Louisiana in the matter of _In Re: Vioxx Product Liability Litigation_, MDL 1957 (E.D.La). A copy of the confidentiality order is attached hereto

## II.  TOPICS OF EXAMINATION

1.     The nature, scope, existence, maintenance, storage, retrieval and/or use of prescription drug, retail pharmacy, mail order and/or other medical records or data in the possession of ESI which relates to individuals who were prescribed, dispensed or otherwise provided the drug Vioxx.

2.     The nature of, and bases for, any alleged cost, time, effort or other burden to ESI associated with the retrieval and production of prescription drug, retail pharmacy, mail

order and/or other medical records or data relating to individuals who were prescribed the drug Vioxx.

3.      The complete medical, pharmacy, prescription and mail order record history of individuals who were prescribed the drug Vioxx.

4.      Charges and costs associated with retrieving and producing medical and/or pharmacy records for individuals who (directly or through their employers, unions, health insurers, managed care companies, or other health plan sponsors) received services or products from you.

5.      Documents and data in your possession or control relating to the drug Vioxx and the dispensing of such drug.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:  (504) 561-6024

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 21st day of December, 2007.

/s/ Leonard A. Davis
**Leonard A. Davis** (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION l (3) |
| | : | |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| ALL CASES | : | MAG. JUDGE KNOWLES |

## O R D E R

Considering the Plaintiffs' Steering Committee's Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In the Possession of Express Scripts, Inc.;

IT IS ORDERED BY THE COURT that the stay in this matter is hereby lifted insofar as and only to the extent of the Plaintiffs' Steering Committee conducting discovery regarding obtaining certain medical records in the possession of Express Scripts, Inc.

New Orleans, Louisiana, this 19th day of _____December_____, 2007.

Honorable Eldon E. Fallon
U.S. District Judge

# EXHIBIT "10"

# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER •
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
MICHAEL M. WEINKOWITZ •
CHARLES C. SWEEDLER •
MATTHEW C. GAUGHAN • †
* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

Michael M. Weinkowitz, Esquire
Mweinkowitz@lfsblaw.com

January 3, 2008

Morris County Sheriff's Office
Legal Services Division
620 West Hanover Avenue
Parsippany, NJ 07054

RE:   **NJ VIOXX® Products Liability Litigation**
      **Superior Court of New Jersey, Altantic County, Case No. 619**

Dear Sir/Madam:

Enclosed please find a Subpoena Duces Tecum to be served upon Express Scripts at 7 Campus Drive, Parsippany, NJ. Also enclosed is our draft in the amount of $29.24 in payment of your fees for service and a self-addressed, stamped envelope for your convenience in returning the executed Proof of Service.

Thank you for your attention.

Very truly yours,

MICHAEL M. WEINKOWITZ

MMW/pd
Enclosures
cc via LNFS:   Honorable Carol E. Higbee, P.J.Cv.
               All Counsel of Record

Name  Michael M. Weinkowitz, Esquire

Address Levin Fishbein Sedran & Berman

510 Walnut Street, Suite 500

Philadelphia, PA  19106

Telephone  (215) 592-1500

In re Vioxx Products Liability Litigation
                                              *Plaintiff*

v.

Merck & Co.
                                              *Defendant*

**Superior Court of New Jersey
Law Division**

Atlantic_____ County

Docket Number Case Code 619 _____

# Subpoena
# Duces Tecum

**(For Use When Records Are Needed)**

To:  Express Scripts

7 Campus Drive

Parsippany, NJ  07054

Attention:  Custodian of Records

**YOU ARE HEREBY COMMANDED** to appear in person before the Superior Court
of New Jersey, Law Division, Civil Part  Atlantic_____ County, at the Court House
located at 1201 Bacharach Blvd, Atlantic City, NJ   at 1:30 pm on  January 16, 2008 ____
and there to testify as a witness in the above-captioned matter.  You are also
COMMANDED to bring with you and to produce at that time the following described
books, papers, documents and other tangible things:

Any and all prescription/pharmacy records for the plaintiffs listed on Attachment "A" annexed

hereto.

_____

_____

Failure to appear or comply with the subpoena shall subject you to the penalties
provided by law.

Dated: January 3, 2008 _____

*Theodore J. Fetter*
_____
Theodore J. Fetter,
Acting Clerk of the Superior Court

## PROOF OF SERVICE

I,_____ being over the age of 18, served the attached
subpoena by delivering a copy to _____ at _____
and by handing him/her the fee of $2.00 for one day's attendance and, if applicable, a
mileage fee of_____, as allowed by law.

I certify that the foregoing statements made by me are true.  I am aware that if any of
the foregoing statements made by me are willfully false, I am subject to punishment.


Date_____        _____


\*   Pursuant to *R.* 1:9-1, a subpoena may be issued by the clerk of the court or by an
attorney or party in the name of the clerk.  The testimony of a party who could be
subpoenaed may be compelled by a notice in lieu of subpoena served on the party's
attorney demanding that the attorney present the client at trial.

### ATTACHMENT "A"

**Express Scripts is required to produce the following documents and materials:**

Any and all prescription / pharmacy records for the following Plaintiffs:

| Plaintiff | Docket No. (N.J. Sup Ct., Atlantic County) |
|---|---|
| Allen, Norma | ATL-L-4605-05 |
| Altmann, John | ATL-L-10068-06 |
| Andrews, Grace | ATL-L-10622-06 |
| Armatrout, Merritt | ATL-L-4250-06 |
| Austin, Paul | ATL-L-13241-06 |
| Baker, Dean | ATL-L-11580-06 |
| Batte, Albert | ATL-L-10623-06 |
| Blank, Gordon | ATL-L-12664-06 |
| Bobik, Judy | ATL-L-5263-06 |
| Bradley, Earl | ATL-L-14740-06 |
| Breed, Estate of Vicki | ATL-L-9669-06 |
| Brienza, Carmelo | ATL-L-5824-05 |
| Britt, Edward | ATL-L-1920-06 |
| Brosious, Donald | ATL-L-9409-06 |
| Bruce, Orville | ATL-L-12620-06 |
| Caldwell, Lapsley | ATL-L-07387-06 |
| Carter, Otto | ATL-L-0314-06 |
| Ciccia, Lawrence P. | ATL-L-3813-06 |
| Corey, Henry | ATL-L-13297-06 |
| Degree, Walter Bernard | ATL-L-11311-06 |
| Derevjanik, Michael | ATL-L-9418-06 |
| Desplaines, Gabriel | ATL-L-015498-06 |

| Plaintiff | Docket No. (N.J. Sup Ct., Atlantic County) |
|---|---|
| Duff, John | ATL-L-7850-06 |
| Fillbach, Kathy | ATL-L-15635-06 |
| Fine, Eve | ATL-L-15370-06 |
| Fisch, Alan | ATL-L-7087-05 |
| Fischer, Irving | ATL-L-07832-06 |
| Freed, Ruth | ATL-L-4005-06 |
| Freedman, Steven | ATL-L-7336-05 |
| Galati, Thomas | ATL-L-7196-05 |
| Galloway, Ken | ATL-L-015516-06 |
| Garrett, Meck | ATL-L-7542-05 |
| Gerdt, Glenn | ATL-L-3420-06 |
| Hanson, Rita | ATL-L-2499-05 |
| Harmon, Marilyn | ATL-L-7198-05 |
| Hendrick, Kim | ATL-L-4741-05 |
| Herman, George | ATL-L-12176-06 |
| Hill, Eugene | ATL-L-7468-06 |
| Holves, Gloria | ATL-L-4045-04 |
| Horner, Jocelyn | ATL-L-06640-05 |
| Hunt, Donald | ATL-L-11923-06 |
| Isaac, Mima, Deceased | ATL-L-12983-06 |
| Jones, Alice F. | ATL-L-6708-05 |
| Kay, joy | ATL-L-14283-06 |
| Keefe, Richard | ATL-L-7949-06 |
| Kirkfield, Stuart | ATL-L-4022-06 |
| Lora, Juan B. | ATL-L-5824-05 |
| Maloney, William | ATL-L-14553-06 |

| Plaintiff | Docket No. (N.J. Sup Ct., Atlantic County) |
|---|---|
| Martin, John | ATL-L-1042-06 |
| McClure, Drucilla | ATL-L-11304-06 |
| McDonald, Everett | ATL-L-12519-06 |
| McLemore, Estate of Robert | ATL-L-6670-05 |
| Men, Pheap | ATL-L-5217-06 |
| Mermelstein, Peter | ATL-L-2139-06 |
| Miller, Roger D. | ATL-L-5557-05 |
| Moore, Amy | ATL-L-1309-05 |
| Morgan, Christine | ATL-L-0240-06 |
| Naegeli, Ruth | ATL-L-8036-06 |
| Naylor, Jeanette | ATL-L-1600-06 |
| Newberry, Diana | ATL-L-12417-06 |
| Northcutt, David | ATL-L-3562-06 |
| Patrick, John | ATL-L-12542-06 |
| Payton, James | TOLLING AGREEMENT |
| Perry, James | ATL-L-14782-06 |
| Petrosky, Joseph | ATL-L-7852-06 |
| Pitts, David, Deceased | ATL-L-1390-06 |
| Prince, Lydia | ATL-L-15506-06 |
| Pritch, Carolyn | ATL-L-2213-05 |
| Quattrochi, Anthony | ATL-L-9662-06 |
| Regan, Ann | ATL-L-1656–5 |
| Reinke, James | ATL-L-11865-06 |
| Richard, Gilbert | ATL-L-3662-06 |
| Rios, Miriam | ATL-L-15638-06 |
| Robertson, Gary | ATL-L-9811-06 |

| Plaintiff | Docket No. (N.J. Sup Ct., Atlantic County) |
|---|---|
| Scanlan, Christine | ATL-L-547-05 |
| Schneider, Eugene | ATL-L-1298-05 |
| Schneider, Morton | ATL-L-6718-05 |
| Seigel, Ethel | ATL-L-15371-06 |
| Shanfelter, Robert | ATL-L-9923-06 |
| Shoff, Ira A. | ATL-L-6952-06 |
| Sirvent, Antonio | ATL-L-07957-05 |
| Sponsel, Lorraine G. | ATL-L-11817-06 |
| Stanley, Howard | ATL-L-05573-06 |
| Starzynski, Raymond | ATL-L-7819-06 |
| Sutphen, Gary | ATL-L-12641-06 |
| Sutter, Janice | ATL-L-15695-06 |
| Sweitzer, Herbert | ATL-L-9643-06 |
| Swiatek, Chester V., Estate | ATL-L-8930-06 |
| Thomas, Mildred | ATL-L-12126-06 |
| Thompson, Marlene | ATL-L-4997-05 |
| Thompson, Barbara | ATL-L-3977-05 |
| Turcotte, Jeannine | ATL-L-9710-06 |
| Vastardis, Angelina | ATL-L-9913-06 |
| Volpe, Elizabeth | ATL-L-15511-06 |
| Wait, John | ATL-L-7705-06 |
| Weeks, Billie Sondra | ATL-L-1416-05 |
| Wharton, Maria | ATL-L-5317-06 |
| Wiebusch, Nina | ATL-L-11832-06 |
| Wilson, Paul | ATL-L-3726-06 |
| Windham, Vester L. | ATL-L-12285-06 |

| Plaintiff | Docket No. (N.J. Sup Ct., Atlantic County) |
|---|---|
| Zywiczynski, Alice | ATL-L-11225-06 |

# Morris County Sheriff's Office
## AFFIDAVIT OF SERVICE

Service #  1 of 1 Services

Docket #      CASE CODE 619

Sheriff's #  **S - 06 - 05094**

Plaintiff     IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Defendant  MERCK & CO.

**SUPERIOR
ATLANTIC
NEW JERSEY**

Person/Corporation to Serve
**EXPRESS SCRIPTS
ATTN: CUSTODIAN OF RECORDS**
7 CAMPUS DRIVE
PARSIPPANY,

DOCUMENTS SERVED
SUBPOENA DUCES TECUM

I, EDWARD V. ROCHFORD, SHERIFF OF MORRIS COUNTY DO HEREBY DEPUTIZE AND APPOINT
S/O LAWRENCE WASDYKE A DULY SWORN OFFICER TO EXECUTE AND RETURN THE
DOCUMENTS ACCORDING TO LAW.

WITNESS BY HAND AND SEAL

*Edward V. Rochford*

Edward V. Rochford     Sheriff

Date of Action 1/7/2008        Person/Corporation Served EXPRESS SCRIPTS
Time of Action 12:57 PM                                7 CAMPUS DRIVE
DATE         TIME                                      PARSIPPANY,

Delivered To SAM JONES

Relationship  AGENT IN CHARGE

Type of Action SERVED CORPORATION'S MANAGING AGENT AT PLACE OF BUSINESS

I, S/O LAWRENCE WASDYKE WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY
THEREOF.

S/O LAWRENCE WASDYKE          DATED    1/8/08

LEVIN FISHBEIN SEDRAN & BERMAN
510 WALNUT ST., STE. 500
PHILADELPHIA, PA 19106

Sheriff Fees      $29.24