UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO ALL CASES

## ORDER

During the Monthly Status Conference held on January 18, 2008, the Plaintiffs' Liaison Counsel (the "PLC") stated that he had been contacted by several *pro se* plaintiffs and *pro se* tolling claimants (collectively, the "*Pro Se* Claimants") who requested that the Court appoint a curator to provide legal counsel to them.  Accordingly, the Court hereby appoints Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator; and after receiving an affidavit, attached to this Order as Exhibit A, from Robert M. Johnston swearing that there is no ground for disqualification under 28 U.S.C. § 455.  This appointment is made pursuant to Rule 53 and the inherent authority of the Court.  The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Curator's appointment.

On November 9, 2007,  the parties announced that Merck & Co., Inc.("Merck") and the Plaintiffs' Steering Committee had reached a settlement to resolve Vioxx related claims in which a claimant has suffered a heart attack, sudden cardiac death, or stroke.  Accordingly, the parties

entered into the Settlement Agreement, dated as of November 9, 2007, between Merck and the Counsel Listed on the Signature Pages (the "Settlement Agreement") (a copy of the Settlement Agreement can be viewed at http://www.officialvioxxsettlement.com/documents).

In connection with the Settlement Agreement, the Court entered Pre-Trial Orders 33 and 34 (Rec. Doc. Nos. 13071 and 13072, respectively). Pre-Trial Orders No. 33 and 34 ordered the PLC to initiate contact and communicate with any *Pro Se* Claimant with respect to the efficient administration and management of the Vioxx settlement program. The PLC was to make the Master Settlement Agreement, Registration Affidavit, Enrollment Form, Claims Package and all other necessary forms available to the *Pro Se* Claimants and assist them with any questions they may have regarding these forms; the PLC would also advise any *Pro Se* Claimant that he/she may retain counsel and would advise them of attorneys in their area handling Vioxx matters.

As stated above, after initiating contact with the *Pro Se* Claimants, the PLC provided a list to the Court of those *Pro Se* Claimants that inquired about legal representation so that the Court could take the appropriate action. The Court hereby appoints Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator and shall exercise his rights and responsibilities as follows:

(1) The Curator shall assist the *Pro Se* Claimants by explaining their options regarding the prosecution of their Vioxx lawsuits, including whether to participate in the Settlement Program or not. The Curator shall make the Master Settlement Agreement, Registration Affidavit, Enrollment Form, Claims Package and all other necessary forms available to the *Pro Se* Claimants, and shall assist the *Pro Se* Claimants with any questions they have regarding these forms, including, in the case of wrongful death claims, guidance in

obtaining and executing the necessary forms granting the claimant access to decedent's medical records. The Curator shall also advise the *Pro Se* Claimants that they may retain separate counsel and he shall advise the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides. Additionally, if a *Pro Se* Claimant chooses to participate in the Settlement Program, the Curator shall assist them in navigating the Settlement Program.

(2) The Curator shall have the authority to engage support personnel to assist him in the discharge of his duties, subject to the approval of the NPC and Merck.

(3) The Curator may initiate contact and communicate with the parties, any *Pro Se* Claimant, or counsel for any plaintiff, as the Curator deems appropriate, with respect to his advising the *Pro Se* Claimants.

(4) The Curator shall be compensated from the Administrative Expenses Fund established pursuant to the Master Settlement Agreement. The Curator shall be compensated in the amount of $250/hour for his services and $175/hour for the services of his associates.

(5) Additional administrative personnel may be hired as necessary, subject to the prior approval of the NPC and Merck.

(6) The Curator shall keep detailed time records regarding his service as Curator. The Curator shall submit itemized bills on a bi-monthly basis to the NPC and Merck for approval.

(7) The Curator shall submit to the Court, with copies to the Parties, monthly reports with respect to his/her responsibilities as Curator.

(8)  The Curator shall keep a log of calls received from *Pro Se* Claimants.  The log shall include the name and contact information for the *Pro Se* Claimant and the date of communication. The Curator shall also retain any and all written information obtained from *Pro Se* Claimants.


New Orleans, Louisiana, this 12th day of February, 2008.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE