UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| ALL CASES | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
AMENDED MOTION BY CERTAIN FLORIDA CLAIMANTS
TO BE INCLUDED IN THE VIOXX MDL SETTLEMENT AGREEMENT**

Despite the fact that this Court lacks any authority to alter the terms of a private settlement agreement, "certain Florida claimants" ("plaintiffs") ask the Court to unilaterally change material provisions of the Vioxx Settlement Agreement ("Settlement Agreement"). Plaintiffs' motion should be denied for the following reasons:

*First*, the Settlement Agreement is a private agreement entered into by the parties. Therefore, the Court is without authority to bind any parties to modified terms – essentially creating a *different* agreement from the one reached by the parties.

*Second*, the language of the Settlement Agreement does not, as plaintiffs contend, allow for the type of substantial modification plaintiffs seek.  Rather, the Settlement Agreement merely provides that the Court may make *minor change*s where a modification would allow the provision in question to be enforceable in some form, which is certainly not the case here.

The parties to the Settlement Agreement worked tirelessly to craft terms acceptable to both sides, and each and every provision is the result of months of negotiation between the parties.  The Court should not unilaterally alter any of these provisions, because each one of

them served as a partial "basis of the bargain" for the Settlement Agreement.  If plaintiffs are

allowed to materially alter the agreement at this time, the parties will not receive what they

bargained for.  For this reason, and the others outlined below, the Court should decline to modify

the Settlement Agreement.

## BACKGROUND

On February 16, 2005, the Judicial Panel on Multidistrict Litigation established an MDL

proceeding to coordinate pretrial proceedings in all cases alleging personal injury or economic

loss from the use of the drug Vioxx.  *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352

(J.P.M.L. 2005).  On November 9, 2007, after several years of litigation that included discovery

of millions of documents, depositions of numerous company witnesses and experts, and several

bellwether trials, the parties announced a private agreement to settle many Vioxx personal injury

cases pending in the MDL and other jurisdictions around the country.  (*See* Settlement

Agreement, *In re Vioxx Prods. Liab. Litig.*, MDL 1657 (E.D. La. Nov. 9, 2007) ("Settlement

Agreement").)  At the request of the parties, Judge Fallon agreed to preside over aspects of the

settlement program in a non-judicial capacity.  (*Id.* § 6.1.1.)

Certain plaintiffs have now brought a challenge to specific provisions contained in the

Settlement Agreement, and have requested that the Court "exercise its inherent authority and the

authority vested in the Court by the Parties to the SETTLEMENT AGREEMENT to modify the

SETTLEMENT AGREEMENT so as to include movants in it."  (Pls.' Br. at ¶ 1.)  Specifically,

plaintiffs seek an order clarifying or modifying the definition of "Eligible Claimant" set forth in

§ 17.1.22.2 of the Settlement Agreement so as to permit these plaintiffs to participate in the

Settlement Agreement (on the basis of their pre-settlement identification of these claims to the

Plaintiffs' Steering Committee ("PSC")).  (*See* Pls.' Br. at ¶ 9.)  As set forth in plaintiffs' brief,

2

912031v.1

plaintiffs seek the following modification to the definition of "Eligible Claimants," as set forth in

§ 17.1.22.2 of the Settlement Agreement:

> [w]hich natural person or Legal Representative(s) (i) as of the Execution Date had a lawsuit pending (in any court of the United States) against, or was (directly or through counsel) a party to a Tolling Agreement with, Merck, [or was on file (directly or through counsel) with the PLAINTIFFS' STEERING COMMITTEE of this court pursuant to Pretrial Order No. 19] with respect to an allegation described in Section 17.1.22.3.[1]

(Settlement Agreement § 17.1.22.2 (suggested modified language bracketed and underlined).)

Plaintiffs base their request on the following language that allows Judge Fallon to modify

unenforceable Agreement provisions:

> 16.4.2.  [I]t is further the desire, and intent and agreement, of the Parties that if [Judge Fallon] . . . determines that any provision of this Agreement is prohibited or unenforceable to any extent or in any particular context but *in some modified form would be enforceable*, [he] . . . shall have the power to, and shall, (x) modify such provision for purposes of such proceeding in accordance with clauses (i), (ii), and (iii) of the preceding sentence and otherwise to the minimum extent necessary so that such provision, as so modified, may then be enforced in such proceeding, and (y) enforce such provision, as so modified pursuant to clause (x), in such proceeding.

(*Id.* § 16.4.2.)  By its own terms, however, this provision only applies to situations where Judge

Fallon is able to make an otherwise unenforceable provision enforceable by some modification.

---

[1]     Plaintiffs base their motion on the premise that, although they never filed any claims on behalf of certain clients and never sought to toll the statute of limitations with respect to those claims, they provided a list of the putative claimants to the PSC, identifying those claimants by name and social security number.  Merck, however, was never aware of these claims.

912031v.1

**ARGUMENT**

**I.    THE SETTLEMENT AGREEMENT IS A PRIVATE AGREEMENT THAT CANNOT BE UNILATERALLY MODIFIED BY THE COURT.**

At the outset, plaintiffs' first contention – that the Court possesses the authority to unilaterally modify material terms of the Settlement Agreement – is without merit.  It is well-settled that courts do not possess the authority to modify the terms of settlement agreements.

The Settlement Agreement is a private agreement between two parties – the NPC and Merck.  This is not a class action settlement that requires Court approval; rather, it is a private agreement between parties.  Courts do not have the power to unilaterally modify the terms of private settlement agreements, especially those outside of the class action context that do not require court approval.  *See Evans v. Jeff D.*, 475 U.S. 717, 726 (1986) ("the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed"); *In re Air Crash Disaster at JFK Int'l Airport*, 687 F.2d 626, 629 (2d Cir. 1982) ("[i]t is beyond a district judge's discretion to alter the terms of or refuse to enforce a settlement agreement, absent special circumstances, such as a material breach of the agreement . . . or duress"); *In re S. Oil Correctional Facility v. Tate*, 191 F.3d 453, No. 97-4491, 1999 WL 775830 (6th Cir. Ohio Sept. 24, 1999).

For example, in *Tate*, the U.S. Court of Appeals for the Sixth Circuit considered whether the district court exceeded its authority when it ordered that class members be permitted to designate third parties as recipients of awards under a settlement agreement.  1999 WL 775830, at *4.  The court found that it did, noting that "unless the parties' compromise is entered as a consent decree, a district court cannot modify the terms of a proposed settlement without the consent of the parties."  *Id.* at *5.  The court went on to state that the contract provisions "clearly show that the parties agreed only that the awards be sent to the claimant . . . thus, by authorizing

4

designation of third parties as recipients of the awards, the district court **added a term to the compromise struck by the parties**." *Id.* at \*6 (emphasis added).  Therefore, in *Tate*, the court clarified that **even in the class action context where settlements require approval**, the court does not have the power to modify the terms of the parties' agreement.

Similarly, here, if the Court were permitted to modify the terms of the Settlement Agreement, it would essentially be allowed to add or change terms of the compromise struck between the NPC and Merck, which is expressly prohibited.  The individuals who negotiated the Settlement Agreement worked for months, going back and forth on each and every provision contained in the Agreement, which resulted in each provision having a specific, independent purpose.  If the Court could unilaterally alter one of these provisions, the entire Agreement would cease to have the effect that the drafters intended and the parties would no longer be receiving the benefit of their bargain.

To illustrate, plaintiffs seek to amend the Settlement Agreement to extend benefits to persons who are not defined as eligible parties under the agreement.  (*See* Pls.' Br. at ¶¶ 1, 9.)  However, this provision was included in the Settlement Agreement for a very specific purpose – to prevent plaintiffs' counsel from filing volumes of post-settlement (and potentially meritless claims) merely to take advantage of the settlement itself.  Indeed, the Court and NPC are well aware that a condition precedent to any global settlement of Vioxx claims was agreement and understanding as to a well-defined universe of eligible claims.  If the Court now allows plaintiffs to add additional claims to the Settlement Agreement through the back door, Merck would no longer be receiving what it bargained for.  The Court simply has no way of knowing what effect these modifications would have had on the bargaining, and should therefore not be inserting its own judgment – or that of these plaintiffs – into the terms of the Settlement Agreement.

912031v.1

II.     **PLAINTIFFS' ARGUMENT THAT THE LANGUAGE OF THE SETTLEMENT AGREEMENT ALLOWS FOR THESE TYPES OF MODIFICATIONS IS SIMPLY WRONG.**

As noted above, the Settlement Agreement does contain a provision that allows the Court – in situations where it has determined a provision to be ***prohibited or unenforceable*** – to modify the provision where ***in some modified form it would be enforceable***. (*See* Settlement Agreement § 16.4.2 (emphasis added).) Here, plaintiffs' proposed alteration to amend the Settlement Agreement to extend benefits to persons who are not defined as eligible parties does not fall into this narrow category of permissible alterations, and thus, cannot be undertaken by the Court.

Plaintiffs seek to add several hundred claimants to the settlement (on the basis of their pre-settlement identification of these claims to the PSC) by adding certain language to the definition of "Eligible Claimants" set forth in § 17.1.22.2 of the Settlement Agreement. However this type of change is not contemplated by the language of § 16.4.2. Plaintiffs do not argue that the negotiated-for definition of "Eligible Claimants" is "prohibited" or "unenforceable" under any applicable law. Rather, they simply would like a modification to the Settlement Agreement that would benefit them – something certainly not provided for in the language of § 16.4.2. In sum, because plaintiffs are asking the Court to redefine a bargained-for provision, rather than modify a provision to make it enforceable, § 16.4.2 is wholly inapplicable.

For this reason too, the Court should deny plaintiffs' motion.

912031v.1

**CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' request for modification of §

17.1.22.2 of the Settlement Agreement.

Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

*Defendants' Liaison Counsel*

912031v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Opposition to Amended Motion by Certain Florida Claimants to be Included in the Vioxx MDL Settlement Agreement has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of February, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

912031v.1