**MINUTE ENTRY**
**FALLON, J.**
**FEBRUARY 21, 2008**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 32 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.   SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

JS10(02:15)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified as well as registered mail.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after

November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavit and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Finally, Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the

settlement package.

On December 10, 2007, attorney Ronald Benjamin filed a Notice of Appeal from Pre-Trail Orders 28 and 31.  Both Merck and the PLC have moved to dismiss this appeal.

As announced at the January 18, 2008, monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions.  These clarifications include amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement and other miscellaneous amendments.  A copy of the amendments will be available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

The parties announced that they have reached an accommodation regarding the submission of the necessary paperwork in order for a plaintiff to enroll in the Settlement Program.  Plaintiffs' counsel are required to complete the Enrollment Form by February 29, 2008.  However, the parties have agreed to a thirty (30) day grace period for the submission of the other required documentation, *i.e.*, the release form, the stipulation of dismissal, the medical authorization forms, employment authorization forms and certificate of final enrollment.  Anyone seeking additional information is encouraged to contact the Claims Administrator at the contact information listed above.

II.     REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administration appointed under the Settlement Agreement, provided a report regarding the registration process.  To date, 818 law firms and 406 *pro se* claimants have submitted registration forms, representing 58,032 claimants.  The Court

and the parties encouraged any law firms and *pro se* claimants who have not submitted their registration materials to do so as soon as possible.

To date, the Claims Administrator has received enrollment materials for 30,041 claimants. Additionally, the Claims Administrator has received 13,219 releases, 6,784 stipulations of dismissal, 12,043 medical authorizations, 6,495 employment authorizations, and 76 certificates of final enrollment.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. The Lien Administrator reported that he has contacted the Claims Administrator and the Special Master to discuss processes and time lines. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator reported that he has been engaged in discussions with various federal and state agencies and anticipates that by the next status conference most of these agencies will agree to the proposed procedures and protocols with respect to an initial global resolution holdback covering such liens.

The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter

(Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Juneau.  Special Master Juneau has scheduled an orientation session for himself, the Deputy Special Masters and the Curator in the beginning of March, 2008.

V.   STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through May 31, 2008:  the *Smith* case is set for trial in West Virginia on May 19.

VI.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The Court has advised the parties that it will address these issues at a later date.

VII.   DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal.  Documents that are discoverable were being produced to plaintiffs in accordance with an agreed schedule, with the production to conclude on or about November 30, 2007.  The motions and production deadline are subject to the stay set forth in Pre-Trial Order 30.

VIII.   DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for

documents and testimony from the Food and Drug Administration ("FDA").  Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6).  Counsel for the FDA and PLC have been in communication regarding these subpoenas.  On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in possession of the FDA.  The Court entered an Order on January 18, 2008 granting the PSC's motion and lifting the stay for the purpose of conducting discovery regarding certain records in the possession of the FDA.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding the Website Known as "OfficialVioxSettlement.com".  The Court granted the motion.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc. ("ESI").  The Court granted the motion.  Representative from the Plaintiffs have been communicating with counsel for ESI to discuss the discovery requests and information sought to be obtained from ESI.  On February 8, 2008, the PSC moved to compel ESI to comply with the PSC's request made in connection with the Vioxx settlement program for the prescription drug documents or data needed for the settlement program.  The PSC and ESI were able to reach a consensual resolution to this matter.  The Court will dismiss the motion as moot by a separate order.

IX.    DEPOSITION SCHEDULING

Merck previously noticed the *de bene esse* depositions of the following current Merck

employees: Dr. Alise Reicin, Dr. Briggs Morrison, and Dr. Eliav Barr.  These depositions, as well as certain discovery depositions, were postponed by agreement.  These depositions are not subject to the temporary stay set forth in Pre-Trial Order 30 and will be rescheduled at a mutually agreeable time at a later date.

VII.     STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  At today's conference, the State Liaison Committee informed the Court that while there are 752 pending motions to remand, in light of the Settlement Agreement, they anticipate that many of these motions will be moot.  The State Liaison Committee will contact the Claims Administrator and will update the Court as to those motions to remand which become moot.  The State Liaison Committee also provided to the Court an updated list of those cases which are economic only/third party payor cases that are before the Court.

VIII.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding Pro Se Plaintiff Registration and Enrollment Re: Settlement and Pro Se Tolling Claimant Registration and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in Section I above.  Letters to pro se individuals were sent by PLC on December 12, 2007 advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement.  On February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

XII.     MERCK'S MOTIONS

8

On November 8, 2007, the Court granted in part and denied in part Merck's three Motions for Summary Judgment in the *Ramon Alvarado, et al.* (Case No. 06-7150), *Matthew DeVito, et al.* (Case No. 07-562), *Ronald Pales* (Case No. 07-1389), *Philip Dawson* (Case No. 07-1259), *Timothy R. Watson* (Case No. 05-5545), *Donald R. Preuninger, et al.* (Case No. 06-10305), *Viet Tran* (Case No. 07-368), *Pamela Tribby, et al.* (Case No. 07-4118), and *David Wyser* (Case No. 07-2695) matters. Certain plaintiffs have moved for reconsideration of these judgments, and Merck has filed its opposition to these motions. The Court has taken the matter under advisement.

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement.

XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIV.   VIOXX SUIT STATISTICS

Merck advises that as of December 31, 2007, it has been served or was aware that it had

been named as a defendant in approximately 26,500 lawsuits, which include approximately 47,275 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 262 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 9,025 lawsuits representing approximately 26,275 plaintiff groups are or are slated to be in the federal MDL and approximately 15,575 lawsuits representing approximately 15,575 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court.  In addition, as of December 31, approximately 13,230 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 6,350 plaintiff groups have been dismissed as of December 31, 2007.  Of these, there have been more than 1,850 plaintiff groups whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts, and more than 4,500 plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XV.  MOTION TO CONDUCT CASE SPECIFIC DISCOVERY

On May 29, 2007, prior to the issuance of Pre-Trial Order 30, the PSC filed a Motion to Conduct Case Specific Discovery in 250 cases to be designated by Plaintiffs to be completed within the next six (6) months.  The PSC will withdraw their request and will remove this item

from future agendas.

XVI.   PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued Pre-Trial Order 27 regarding submission of the PSC's trial package.  On October 3, 2007, the trial package was presented to the Court for review.  The PSC continues to explore, develop, and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package.

On November 28, 2007, attorney Michael Stratton filed a Motion for Release of Trial Package in the *Perry* (06-3581), *Christie* (05-2973), *Lynch* (05-5072), *Sokoloff* (05-6107), *Whittaker* (05-1257), *Chambers* (05-1997), *Pagani* (07-1384), *Barnett* (06-8320) and *Boyer* cases.  On December 10, 2007, the PSC filed a Response.  On December 11, 2007, Stratton filed a Reply with the Court.  The Court will issue a separate order setting this motion for hearing.

XVII.   OTHER MOTIONS

On December 14, 2007, several Plaintiffs and their counsel filed an Emergency Motion for (1) Clarification and/or Modification of Pretrial Order No. 31 (Registration of Claims) and (2) Declaratory Judgement that Certain Provisions of the Settlement Agreement are Unenforceable, as well as a Motion to Expedite Hearing on the Emergency Motion.  These plaintiffs subsequently moved to withdraw the motion.  By Order entered on January 3, 2008, the Court granted the motion.

A substantially similar motion was filed by the Jeffrey Lowe plaintiffs' group on January 3, 2008.  The Jeffrey Lowe plaintiffs' group subsequently moved to withdraw the motion.  The Court granted the motion to withdraw on January 25, 2007.

11

On or about January 30, 2008, certain Florida claimants filed an Amended Motion to be Included in the Vioxx MDL Settlement Agreement. Both the Plaintiffs' Negotiating Committee and Merck have filed oppositions to the motion. The Court heard oral argument from the Florida claimants, and has taken the matter under advisement.

On February 15, 2008, the Jeffrey Lowe plaintiffs' group filed a Motion to Modify the Settlement Agreement Only as it Pertains to the Enrollment Deadline and Interim Payments. During the conference, Mr. Lowe stated that the accommodation announced by the parties addressed his concerns and he wished to withdraw the motion. The Court shall dismiss the motion as moot by a separate order.

## XVIII. THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.

## XIX. NEXT STATUS CONFERENCE

The next monthly status conference will be held on March 25, 2008, at 9:00 a.m., central time. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 36433304 and the Chairperson will be Judge Fallon.