UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to:<br>*Michael U. McDermott v. Merck & Co., Inc.,* | JUDGE FALLON |
| (E.D. La. Index No. CA- 08-874L) | MAG. JUDGE KNOWLES |

### AMENDED ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck and Co., Inc. ("Merck"), through undersigned counsel, answers the Original Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES"

1.      Admits, upon information and belief, that Plaintiff is a resident and citizen of Collier County, Florida.  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 1 of the Complaint.  Denies each and every allegation contained in the third sentence of paragraph 1 except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

**RESPONSE TO "JURISDICTION AND VENUE"**

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 3 of the Complaint except admits that jurisdiction is proper because there is complete diversity of citizenship among the parties and Plaintiff purports to seek damages in excess of $75,000, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

4. Denies each and every allegation in paragraph 4 of the Complaint.

5. Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Vioxx® ("Vioxx") is the brand name for rofecoxib, that the prescription medicine Vioxx is part of a class of drugs known as NSAIDS, and that the prescription medicine Vioxx reduces pain and inflammation.

6. Denies each and every allegation in paragraph 6 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7. The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness and loss of function.

8. The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints,

usually including those of the hands and feet, are inflamed, resulting in swelling, pain and often the destruction of joints.

9. Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Vioxx is the brand name for rofecoxib and that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Vioxx is the brand name for rofecoxib and that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

11. Admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx and that Merck manufactured, marketed and distributed Vioxx as safe and effective for certain indicated uses in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12. Admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

13. The allegations contained in paragraph 13 of the Complaint are not directed at Merck and therefore no response is required. If a response is required, Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except Merck avers that Merck and

the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

17. Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000, 2001, 2002 and 2003.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 18 of the Complaint. Merck avers that it has not violated any duty in the manufacture, design, marketing or distribution of Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

## RESPONSE TO "INJURY"

21. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

### RESPONSE TO "COUNT 1: NEGLIGENCE"

23. With respect to paragraph 23 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 25 of the Complaint. Merck avers that it has not violated any duty in the manufacture, marketing or distribution of Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

26. Denies each and every allegation contained in paragraph 26 of the Complaint, including subparts a - i.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in the first sentence of paragraph 28 of the Complaint. The allegations contained in the second sentence of paragraph 28 are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in the second sentence of paragraph 28 of the Complaint. Merck avers that it has not violated any duty in the manufacture, marketing or distribution of Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies each and every allegation contained in the third sentence of paragraph 28 of the Complaint.

**RESPONSE TO "COUNT II: STRICT LIABILITY"**

29. With respect to paragraph 29 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

30. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 30 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 30 of the Complaint.

31. Denies each and every allegation contained in the first sentence of paragraph 31 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Denies each and every allegation contained in the second sentence of paragraph 31 of the Complaint.

32. Denies each and every allegation contained in the first and second sentences of paragraph 32 of the Complaint. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 32 of the Complaint.

33. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 33 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. The allegations contained in the first sentence of paragraph 38 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in the first sentence of paragraph 38 of the Complaint. Merck avers that it has not violated any duty in the manufacture, marketing or distribution of Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies each and every allegation contained in the second sentence of paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

### RESPONSE TO "COUNT III MISREPRESENTATION AND SUPPRESSION OF DEFENDANT"

41. With respect to paragraph 41 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint, including subparts a - e.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every

allegation contained in paragraph 48 of the Complaint. Merck avers that it has not violated any duty in the manufacture, marketing or distribution of Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

### RESPONSE TO "COUNT IV: BREACH OF WARRANTY"

52. With respect to paragraph 52 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

### RESPONSE TO "COUNT V: FRAUD"

57. With respect to paragraph 57 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

### RESPONSE TO "COUNT VI: UNFAIR TRADE PRACTICES ACT"

61.     With respect to paragraph 61 of the Complaint, Merck hereby repeats and reallages each and every admission, denial, averment and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, including subparts a - c.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

### RESPONSE TO "PRAYER FOR RELIEF"

66.     Plaintiff's prayer for relief, including subparts a - h, is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff Michael U. McDermott purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

67.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations or is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

68.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

69.     The claims of Plaintiff are barred, in whole or in part, from recovery because he has made statements or taken actions that precludes him from asserting claims or constitute a waiver of his claims.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

70. The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

71. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

72. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

73. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

74. To the extent Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

75. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

76. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

77. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

78. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

79. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

80. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

81. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Florida Rule of Civil Procedure 1.120(b) and Federal Rule of Civil Procedure 9(b).

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

82. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

83. Plaintiff's claims are barred, in whole or in part, by the First Amendment.

## AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

84. Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

85. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

86. This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

87. Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

88. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

89. The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

90. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

91. The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

92. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

93. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should has known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

94.     The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

95.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

96.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

97.     Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

98.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

99.     Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

100.    Plaintiff's claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to has taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

101. Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

102. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

103. Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

104. Merck is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

105. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

106. Plaintiff's Complaint fails to state a claim for unlawful conduct under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 et seq., Fla. Stat. ("DUTPA"), because the Florida DUTPA does not apply to a claim for personal injury or death.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

107. Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and

pursuant to § 768.1256, Fla. Stat. creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

Dated: February 28, 2008

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

        Patricia E. Lowry
John B. T. Murray, Jr.
Maria Jose Moncada
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Merck & Co., Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Amended Answer and Jury Demand of Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of February, 2008.

      */s/ Dorothy H. Wimberly*
      Dorothy H. Wimberly, 18509
      STONE PIGMAN WALTHER
      WITTMANN L.L.C.
      546 Carondelet Street
      New Orleans, Louisiana  70130
      Phone:  504-581-3200
      Fax:     504-581-3361
      dwimberly@stonepigman.com

      Defendants' Liaison Counsel