UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * SECTION L |
| This document relates to: | * JUDGE FALLON |
| The Petition of Healthcare Recoveries, Inc., on Behalf of, and in Coordination with Numerous Health Insurers for Pre-Action Deposition(s) Pursuant to Federal Rule of Civil Procedure 27(a), No. 08-1068 | * MAGISTRATE JUDGE KNOWLES |

**************************************

**DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE PETITION OF HEALTHCARE RECOVERIES, INC.**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this memorandum in support of its motion to dismiss the February 20, 2008 Petition of Healthcare Recoveries, Inc. ("HRI" or "Petitioner"), seeking "pre-action" deposition(s) from Merck and plaintiffs' counsel regarding plaintiffs who have Vioxx-related personal injury claims pending in this Court.

As set forth in its Petition, HRI seeks to obtain by deposition or written interrogatories information related to: (1) the names of all plaintiffs who have asserted claims in this proceeding; (2) their addresses for the last ten years; (3) their social security numbers; (4) the docket numbers of their cases; and (5) the identities of the health insurers that covered medical expenses related to their alleged injuries from Vioxx. (Pet. ¶ 2.) Essentially, HRI is asking Merck and plaintiffs' counsel to provide the names of plaintiffs whom it can then pursue in an effort to obtain from them all or part of the compensation they will receive through the Vioxx Resolution Program.

916344v.1

For the reasons set forth below, Merck believes that HRI's Petition is contrary to the terms and underlying purpose of Federal Rule of Civil Procedure 27 ("Rule 27"). Accordingly, the Court should dismiss the Petition and deny the relief sought therein.

## BACKGROUND

On February 16, 2005, the Judicial Panel on Multidistrict Litigation established an MDL proceeding to coordinate pretrial proceedings in all cases alleging personal injury or economic loss from the use of the drug Vioxx. *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). On November 9, 2007, after several years of litigation that included discovery of millions of documents, depositions of numerous company witnesses and experts, and several bellwether trials, the parties announced a private agreement to settle many Vioxx personal injury cases pending in the MDL and other jurisdictions around the country. (*See* Settlement Agreement, *In re Vioxx Prods. Liab. Litig.*, MDL 1657 (E.D. La. Nov. 9, 2007) ("Agreement") (attached as Ex. 1).) At the request of the parties, Judge Fallon agreed to preside over aspects of the settlement program. (*Id.* § 6.1.1.)

The Agreement contains a provision addressing statutory liens. Article 12 of the Agreement sets forth the procedures for addressing the liens of governmental authorities. (*See id.* § 12.1.) Consistent with the Agreement, the "satisfaction and discharge of any and all Governmental Authority Third Party Providers/Payors' statutory liens must be established to the satisfaction of the Claims Administrator and Merck before any settlement payments can be dispersed." (*Id.* § 12.1.3.) All other liens, "whether past, present or future, whether known or unknown, or asserted or unasserted, with respect to any Settlement payment are the sole responsibility" of each enrolled program claimant and his or her respective counsel. (*Id.*)

On February 20, 2008, HRI, on behalf of more than 80 public and private health insurers that it purports to represent,[1] moved pursuant to Rule 27(a) "to obtain an order compelling all Plaintiffs' counsel in MDL 1657 and/or a corporate representative of defendant Merck & Co., Inc. ("Merck") in the Vioxx Product Liability Litigation pending in this court [*In re Vioxx Products Liability Litigation*, Federal MDL No. 1657] to promptly appear at deposition or answer written interrogatories" to provide petitioners with the names of all plaintiffs who allegedly took Vioxx and suffered personal injury or wrongful death, including the names of those individuals who have entered into tolling agreements with Merck; the addresses of such individuals from the past ten years; the social security numbers of such individuals; the docket numbers of the specific cases filed by such individuals; and the identities of the health insurers who provided coverage for the medical expenses incurred to treat the injuries alleged to have been caused by Vioxx consumption.  (*See* Pet. ¶ 2.)  Merck now seeks dismissal of the Petition.

## ARGUMENT

**I.  HRI IMPERMISSIBLY SEEKS TO USE RULE 27 AS A RESEARCH TOOL FOR IDENTIFYING POTENTIAL DEFENDANTS.**

In order to obtain pre-suit discovery under Federal Rule of Civil Procedure 27, the petitioner must show:

> 1) that the petitioner expects to be a party to an action cognizable in a court of the United States but is currently unable to bring it or cause it to be brought, 2) the subject matter of the expected action and the petitioner's interest therein, 3) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each.

---

[1]  HRI asserts that it has been retained by "***most*** of these health insurers to act on their behalf" with respect to the instant Petition.  (Pet. ¶ 1 n.1 (emphasis added).)

3

*In re Yancey L.L.C.*, No. 00-1657, 2000 U.S. Dist. LEXIS 15204, at *3-4 (E.D. La. Oct. 9, 2000). The district court has broad discretion in deciding whether to grant a Rule 27(a) petition. *See In re Eisenberg*, 654 F.2d 1107, 1113 (5th Cir. 1981).

As this Court has recognized, Rule 27 "was not designed as an aid to help counsel frame a complaint." *In re Yancey L.L.C.*, 2000 U.S. Dist. LEXIS 15204, at *4-5 (citing *In re Boland*, 79 F.R.D. 665, 668 (D.D.C. 1978)). *See also In re Solorio*, 192 F.R.D. 709, 709-10 (D. Utah 2000) (denying pre-action discovery because petitioner made "no showing that the information sought could not be acquired through due diligence" and the rule was "not intended as a means of discovery to ascertain facts for the use in framing a complaint") (citations omitted); *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) ("Rule 27 simply authorizes the **perpetuation** of evidence, not the discovery or uncovering of it."); *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) ("Rule 27 may not be used as a vehicle for discovery prior to filing a complaint."); *In re Ford*, 170 F.R.D. 504, 507 (M.D. Ala. 1997) ("Here, Ford seeks to discover or uncover testimony, not to perpetuate it . . . Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery."); *In re Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963) (vacating order granting evidence preservation petition; Fed. R. Civ. P. 27(a) procedure "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted").

In *Yancey*, for example, this Court refused to permit pre-suit discovery pursuant to Rule 27 where the petition was filed to discover a basis for filing a future lawsuit. *See In re Yancey L.L.C.*, 2000 U.S. Dist. LEXIS 15204, at *3. There, the Rule 27 petitioner held 400,000 shares of common stock, which it sold for 8 and 1/16 dollars per share. *Id.* at *2. Within eight days of that sale, a stock brokerage firm recommended that its customers purchase the stock the

4

petitioner had sold. *Id.* According to the petitioner, after it sold its shares, the price of the stock increased by 1 and 11/16 dollars to a price of 9 and 3/4 dollars per share. *Id.* The petitioner sought to perpetuate testimony, pursuant to Rule 27, "in an attempt to determine who purchased the stock, the subsequent disposition of the stock, and whether or not the party that purchased the stock possessed insider information." *Id.* This Court concluded that the petitioner had failed to satisfy the elements of Rule 27(a). The Court reasoned that, in support of its petition, the petitioner "only explains that it would like to discover the names of . . . stockholders." *Id.* at *4. Because "Rule 27(a) was not designed as an aid to help counsel frame a complaint," the Court denied the petition. *Id.* at *4-5.

Similarly in *Landry-Bell*, which involved allegations that the petitioner's photograph and personal information had been posted to certain adult websites, the petitioner sought pre-suit discovery pursuant to Rule 27 for purposes of obtaining, *inter alia*, information regarding how the photograph and other information appeared on the websites. *See In re Landry-Bell*, 232 F.R.D. at 266. In denying the petition, the court held that the "fundamental" problem with the request was that "allow[ing] Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be 'an abuse of the rule.'" *Id.* at 267 (citation omitted). The court concluded that the "overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct the type of pre-suit discovery Petitioner requests herein." *Id.* (citation omitted).

The reasoning in these cases applies with equal force here. Petitioner seeks to identify the names of Vioxx plaintiffs in this proceeding for the sole purpose of framing a cause of action against those individuals to recover all or some of the money gained as a result of the settlement. HRI's petition makes clear that the purpose of the requested discovery is merely to enable HRI

916344v.1

"to properly and timely evaluate and prosecute actions in this Court and elsewhere." (Pet. ¶ 6.) However, Rule 27 does not provide authority for such a pre-suit "fishing expedition." *See In re Solorio*, 192 F.R.D. at 709. Rather, it is a very narrow exception to the general rule that discovery can only commence *after* a plaintiff has filed a well-founded complaint. The circumstances of this case fall well outside that exception, and for that reason alone, the petition must be denied.

## II.   HRI CANNOT INVOKE RULE 27 BECAUSE THE INFORMATION SOUGHT IS NOT AT RISK OF BEING DESTROYED OR LOST.

Even if HRI sought pre-action discovery for a legitimate purpose, its petition would still be inappropriate because it does not meet what this Court has recognized as the first and foremost requirement for pre-action discovery under Rule 27 – that "the evidence or testimony it seeks is in danger of being lost." *In re Yancey L.L.C.*, 2000 U.S. Dist. LEXIS 15204, at *4. *See also Hardin-Warfield v. Mosby*, No. 5:05cv161-DCB-JMR, 2006 U.S. Dist. LEXIS 45602, at *8 (S.D. Miss. May 17, 2006) (Rule 27 relief not available unless "the testimony sought via the hearing has a substantial chance of being lost or destroyed"); *In re Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943) (observing that the cases cited in the Advisory Committee notes to Rule 27 "emphasize the fact that the committee intended the rule to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless take[n] immediately, without waiting until after a suit or other legal proceeding is commenced").[2]

In *Biddulph v. United States*, 239 F.R.D. 291, 293 (D.D.C. 2007), for example, the court dismissed a petition for pre-action depositions where the petitioner was unable to establish that

---

[2]   *See also Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975) (Rule 27 discovery is appropriate only in "special circumstances to preserve testimony which could otherwise be lost"); *In the matter of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (the petitioner must make an "objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed"); *Allen v. Allen*, 659 A.2d 411, 418-19 (Md. App. 1995) (denying petition to perpetuate testimony where petitioner's objective was to establish foundation for suit and petitioner made insufficient showing that evidence sought would be unavailable after suit).

6

relevant information would be lost if not discovered immediately. The petitioner in *Biddulph* sought the depositions of several IRS officials on the ground that he "expect[ed] to be a party to an action cognizable in a court of the United States . . . relating to the alleged improper filing of documents . . . and relating to various years collection activities[.]" *Id*. at 291. However, the petitioner made no allegation that these officials would be "unavailable after the complaint is filed." *Id*. Instead, the petitioner "predicate[d] his request upon his interest in assessing the viability of various causes of action in advance of filing a complaint." *Id*. The court rejected this argument, explaining that "the great weight of authority requires the petitioner to show that there is a risk of loss of the desired testimony." *Id*. at 292 (citation and punctuation omitted). Accordingly, the court held, pre-action depositions are typically proper only in cases where "there is a risk that a witness will be unavailable at the time of trial, either because of age or infirmity." *Id*. at 292 n.1 (citation and punctuation omitted); *see also In re Petition of Delta Quarries & Disposal, Inc*., 139 F.R.D. 68 (M.D. Pa. 1991) (allowing pre-suit deposition of relevant witness whose "serious" medical conditions, including "acute pulmonary edema . . . ventricular dysrhythmia . . . myocardial infarction . . . diabetes mellitus . . . peripheral vascular disease [and] severe congestive cardiomyopathy," raised "justifiable concerns regarding the loss of his testimony").

Similarly, in *In re Petition of Rosario*, 109 F.R.D. 368, 370 (D. Mass. 1986), the court refused to allow pre-action depositions of certain hospital staff related to an expected medical malpractice/personal injury lawsuit. The court recognized that such discovery is allowed "only in that special category of cases where . . . testimony might be lost to a prospective litigant unless taken immediately." *Id*. The court noted, for example, that a "petition may therefore be justified when a witness is aged or gravely injured and in danger of dying." *Id*. (citing *Texaco, Inc. v.*

*Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (allowing pre-suit deposition of 71-year-old witness where action was indefinitely stayed pending the outcome of parallel criminal proceeding)). Because plaintiffs in *Rosario* made "no showing that the testimony which they seek to perpetuate is in any danger of being lost by delay," the court held that there was no basis to permit the discovery. *Id*.

HRI does not even attempt to satisfy this standard – nor can it. Nowhere in the Petition does HRI allege that the discovery sought is in danger of being destroyed or forgotten. Indeed, given that HRI seeks basic identification information about Resolution Program participants, which is in no danger of being lost, this is precisely the type of discovery that is ***never*** appropriate under Rule 27. HRI's statement that "the information now sought is readily available as part of the pre-trial disclosure in this litigation" (Pet. ¶ 5), merely underscores the point that the information sought is in no danger of being lost or destroyed and, thus, Rule 27 relief is inappropriate.

Moreover, while HRI claims that requiring it to identify insureds without reliance on Rule 27 "would be perverse" because all other methods of obtaining the information would be "cumbersome, inefficient, expensive and foredoomed to miss large number of claimants" (*id.* ¶ 59), that is not a basis for invoking the Rule. As other courts have recognized, inconvenience and expense are not adequate bases for ordering pre-suit discovery where the information at issue is not in danger of being lost or destroyed. *See Kelly v. Whitney*, No. 98-30-HU, 1998 U.S. Dist. LEXIS 17946, at *3-4 (D. Ore. Oct. 27, 1998) (Rule 27(a) cannot be satisfied on the ground that it would be "difficult or inconvenient" for plaintiff to file suit).

Finally, as set forth in the Plaintiff's Steering Committee's Memorandum In Support Of Its Motion To Dismiss The Verified Petition Of Healthcare Recoveries, Inc., HRI's petition is

916344v.1

particularly troubling because HRI seeks highly personal plaintiff information without a demonstrated legitimate need.  (*See* Plaintiff's Steering Committee's Memorandum In Support Of Its Motion To Dismiss The Verified Petition Of Healthcare Recoveries, Inc. at 14-16.)  As plaintiffs' brief indicates, "[t]here is simply no need – let alone a 'compelling' one – for HRI to invade the privacy interests of these individuals to obtain the information that it would like to obtain to protect its supposed claims as to the small minority of MDL Plaintiffs who may have received treatment by or through HRI's policies."  (*Id.* at 15.)  Allowing HRI to embark on a fishing expedition seeking highly confidential information in these circumstances would violate both the letter and spirit of the Rule.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Rule 27 Petition and deny the relief sought therein.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

*Defendants' Liaison Counsel*

And

John H. Beisner
Jessica Davidson Miller
Richard Rose
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

916344v.1

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

916344v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Opposition to Amended Motion by Certain Florida Claimants to be Included in the Vioxx MDL Settlement Agreement has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of February, 2008.

                                                               */s/ Dorothy H. Wimberly*
                                                               Dorothy H. Wimberly, 18509
                                                               STONE PIGMAN WALTHER
                                                               WITTMANN L.L.C.
                                                               546 Carondelet Street
                                                               New Orleans, Louisiana  70130
                                                              Phone:  504-581-3200
                                                              Fax:     504-581-3361
                                                              dwimberly@stonepigman.com

                                                              Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Memorandum in Support of Motion to Dismiss has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Steven Phillips, counsel for HRI, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of March, 2008.

                                              */s/ Dorothy H. Wimberly*
                                              Dorothy H. Wimberly, 18509
                                              STONE PIGMAN WALTHER WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana  70130
                                              Phone:  504-581-3200
                                              Fax:     504-581-3361
                                              dwimberly@stonepigman.com

                                              Defendants' Liaison Counsel

916344v.1