IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | §<br>§<br>§ | MDL Docket No. 1657 |

This document relates to the following case:

*Johnny Jackson, et al. vs. Merck & Company, Inc.,* MDL Cause No. 07-9138, transferred from the United States District Court for the Northern District of Texas, Civil Action No. 3-07cv1755-L.

*McArthur Durham, et al. vs. Merck & Company, Inc.,* MDL Cause No. 07-9196, transferred from United States District Court for the Northern District of Texas, Civil Action No. 3:07cv1662N.

## PLAINTIFFS' MOTION TO RECONSIDER AND BRIEF IN SUPPORT THEREOF

**COME NOW,** all Plaintiffs in the above identified cases ("Plaintiffs") and file this, their Plaintiffs' Motion to Reconsider, and would respectfully move the Court to reconsider: (1) its Order, dated December 11, 2007 in *Johnny Jackson, et al. vs. Merck & Company, Inc.,* MDL Cause No. 07-9138, transferred from the United States District Court for the Northern District of Texas, Civil Action No. 3-07cv1755-L, and (2) Order, dated December 11, 2007 in *McArthur Durham, et al. vs. Merck & Company, Inc.,* MDL Cause No. 07-9196, transferred from the United States District Court for the Northern District of Texas, Civil Action No. 3:07CV1662N. (collectively, the "Orders of Severance"), requiring Plaintiffs to sever their multi-plaintiff cases and file separate, individual complaints.

## I.
## SUMMARY OF THE ARGUMENT

Throughout the Vioxx litigation, this Court has displayed concern for judicial efficiency and economy in litigation. In light of these objectives, Plaintiffs now move the Court to reconsider its

Orders of Severance which would unnecessarily, and in the case of the *Jackson* Plaintiffs, improperly impose the burden and expense of individual filings on Plaintiffs who have registered for the Vioxx settlement "Vioxx Settlement Program".

On December 11, 2007, this Court ordered Plaintiffs in the above-captioned cases to sever their presently filed multi-plaintiff complaints and file new, separate complaints for each individual plaintiff. Plaintiffs move the Court to reconsider those orders in accordance with the dictates of PTO 26 and the interests of economy and efficiency. First, with regard to the Plaintiffs in the *Jackson* case, the separate complaint order is inapplicable because all Plaintiffs in that case are covered by a previously entered tolling agreements. The individual complaint requirement of Pre-Trial Order 26 ("PTO 26") on its face does not apply to plaintiffs covered by a tolling agreement. Second, judicial economy is furthered by permitting both the *Jackson* and *Durham* plaintiffs to continue under their multi-plaintiff complaints. Counsel for the Plaintiffs in these two actions has registered and hope to enroll <u>every</u> Plaintiff in the Vioxx Settlement Program. [*See* Affidavit of Tamara Banno filed herewith] Thus, no individual legal issues requiring the Court's attention are anticipated prior to Plaintiffs entry into the Vioxx Settlement Program. As a result, there is no significant efficiency or economy achieved by imposing the additional burden and cost of individual filings upon Plaintiffs.

## II.
## ARGUMENT AND AUTHORITIES

**A.     The Requirement of PTO 26 That Plaintiffs File Separate Complaints Does Not Apply to the *Jackson* Plaintiffs Who Have Previously Entered a Joint Tolling Agreement.**

The Order of Severance in the *Jackson* case explicitly state that the requirement of individual suits is ordered "[i]n accordance with Pre-Trial Order No. 26." [Order, p.1]. However, Pre-Trial

Order No. 26 ("PTO 26") does not apply to the plaintiffs, such as the Plaintiffs in *Jackson,* who are covered by a tolling agreement.    PTO 26 expressly states:

> [T]hose claimants that have previously joined together to enter into a joint tolling agreement are . . . unaffected by this Pre-Trial Order, and will be allowed to file a joint complaint . . .

PTO 26, p. 1.

Every J*ackson* case plaintiff noticed their filing of a joint tolling agreement on September 29, 2006.[1] [*See* Affidavit of Tamara Banno filed herewith].   Because the *Jackson* Plaintiffs had a joint tolling agreement in place before September 5, 2007,  PTO 26 expressly excludes them from the requirement of individual suits.   Consequently, respectfully, the Court's Order of Severance with regard to the *Jackson* case should be withdrawn and the *Jackson* Plaintiffs should be permitted to proceed with their multi-party actions as permitted under PTO 26.

**B.     Permitting the *Jackson* and *Durham* Cases to Proceed Under A Multi-Party Complaint Will Not Create Unnecessary Inefficiencies.**

The stated reasons for ordering all unrelated claimants in the Vioxx MDL to file separate complaints is the elimination of administrative complications and inefficiencies.  [PTO 26, p. 1]. Those concerns are minimal (if warranted *at all)* in these particular cases for two reasons.  First, Plaintiffs' counsel has registered all the Plaintiffs and intends to recommend enrollment to all plaintiffs.   Consequently, there is little risk that multiple claimants will be pursing varying claims, arguing over individualized proof, or employing disparate litigation strategies under the same cause number.  Instead, there is every reason to expect that the course and resolution of both the *Jackson* and *Durham* cases will be overseen on a uniform case-wide basis without the need for individual complaints.  This separate pleading requirement serves merely to add another layer of filing fees and

---

1  The name plaintiff in the Durham case, McArthur Durham, also noticed the filing of tolling agreement on September 9, 2006. [*See* Affidavit of Tamara Banno filed herewith].

**PLAINTIFFS' MOTION TO RECONSIDER AND BRIEF IN SUPPORT THEREOF**     **Page 3**

costs that will diminish Plaintiffs' ultimate recovery via settlement.

> **1. There is no inefficiency in permitting the *Jackson* and *Durham* cases to proceed as multiparty actions because *all* Plaintiffs in those cases are following the same course of action and their claims can be collectively handled on a case-wide basis.**

Plaintiffs acknowledge the Court's need for efficient procedures when dealing with the vast number of claimants that exist in the Vioxx litigation. Yet, where (1) plaintiffs are fully aligned in their litigation activities - as Plaintiffs are anticipated to be in the *Jackson* and *Durham* cases, (2) the joined cases will likely all be enrolling in a settlement program within two months after the new complaints are to be filed, and (3) no individual issues are likely to arise before the Court during that time because the action is stayed, efficiency and economy favors allowing Plaintiffs to proceed under their current multi-Plaintiff complaints.

> **2. Efficiency and economy are hindered by requiring Plaintiffs to file numerous individual complaints because the cases are stayed.**

It is extremely unlikely that the Court will be called upon to make any individual determinations for the severed *Jackson* and *Durham* plaintiffs for two reasons: (1) the severed individual complaints will be on file a mere five days before Plaintiffs register for the Vioxx Settlement Program, (2) all action in the cases is presently stayed. For these reasons, economy and efficiency favor permitting the collective pleading to stand.

Making the need for individual case determinations even less likely is the fact that the Court entered a stay of all further activity in the MDL on November 9, 2007. [Pretrial Order No. 30, p. 1-2]. It is notable that PTO 26 excluded from its requirement of individual pleadings, all claims already jointly covered by a tolling agreement were not subjected to the separate filing requirement. [PTO 26, p.1-2]. Obviously tolled cases were permitted to proceed as multi-party actions because

tolled cases imposed minimal burden on the judiciary. Put another way, because the tolled cases would not require individual determinations it was equally (if not more) expeditious to permit them to continue on the docket as a single cause than to require their division into thousands of separate actions. An analogous situation presently exists. When the Court stayed all actions – including the *Jackson* and *Durham* cases - the effect of the stay is to halt the necessity of any individual proceedings. In the absence of any need for individual case determinations, efficiency and economy favor the continued use of the currently filed multi-Plaintiff complaints.

## III.
## CONCLUSION AND PRAYER

The *Jackson* plaintiffs are not subject to the individual complaint requirement of PTO 26 because they had previously entered a joint tolling agreement. Moreover, efficiency and economy would be favored by permitting both the *Jackson* and *Durham* plaintiffs to proceed under their multi-Plaintiff complaints. Consequently, Plaintiffs pray that this Court will upon reconsideration, withdraw its Orders of Severance requiring Plaintiffs to file individual complaints and permit Plaintiffs to proceed under their currently filed multi-Plaintiff complaints. Plaintiffs additionally pray for all other and further relief to which they may be justly entitled.

                      Respectfully submitted,

                      By:

                          /s/ Tamara L. Banno
                          Tim K. Goss
                          Texas State Bar No. 08222660
                          Tamara L. Banno
                          Texas State Bar No. 24012240
                          FREESE & GOSS, PLLC
                          3031 Allen, Suite 200
                          Dallas, Texas 75204
                          (214) 761-6610  main line
                          (214) 550-5236 (direct dial Banno)

(214) 761-6688 (Fax)

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was electronically filed and served on counsel on the 13th day of March, 2008.

                /s/ Tamara L. Banno
                Tamara L. Banno