UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS LIABILITY
LITIGATION

MDL NO. 1657

THE STATE OF MONTANA, ex rel
MIKE MCGRATH, Attorney General,

       Plaintiff

06 CV 4302 (EEF)

v.

MERCK & CO., INC.
619 One Merck Drive
Whitehouse Station, NJ 08889

       Defendant

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO THE FIRST JUDICIAL DISTRICT COURT OF MONTANA**

Plaintiff, the State of Montana respectfully submits this Memorandum of Law in Support of its Motion to Remand for lack of subject matter jurisdiction.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed this action in the First Judicial District Court, Lewis and Clark County, Montana on December 28, 2005, seeking injunctive relief, restitution and monetary damages for past and future injuries suffered by the State and its citizens caused by the defective and dangerous drug Vioxx manufactured and sold by Defendant. The Complaint asserts claims based exclusively on Montana statutory and common law, including violations of the Montana Consumer Protection Act (Mont. Code Ann. § 30-14-103, et seq.), the Montana False Claims Act (2006 Mont. Code Title 17-8-403, et seq.), the Montana Food, Drug and Cosmetic Act (Mont. Code Ann. § 50-31-101, et seq.), and

1

common law fraudulent misrepresentation and unjust enrichment. No violations of federal law are alleged or implied. (Exhibit 1: Complaint)

On March 1, 2006, Defendant removed the action to the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1441 and 1446, alleging that Plaintiff's state law claims raised a substantial issue of federal law and, therefore, conferred federal question jurisdiction under 28 U.S.C. § 1331, or in the alternative, that Plaintiff's claims were preempted by federal law. On March 1, 2006, Plaintiff filed a Motion to Remand in the District of Montana claiming that Defendant's removal was improper because (1) Plaintiff's state law claims do not arise under federal law and there is no disputed, substantial federal question. On August 10, 2006, prior to the district court's ruling on the motion to remand, the Judicial Panel on Multidistrict Litigation transferred the case, pursuant to 28 U.S.C. § 1407, to this Court for consolidated proceedings.

Plaintiff respectfully requests this Court to find that Defendant's removal was improper and remand this action to the First Judicial District Court of Montana.

## II.     ARGUMENT

### A. Standard for Removal

The United States Supreme Court has consistently held that the district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Serv's*, 545 U.S. 546, 552 (2005); *quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This rule embodies the "due regard for the rightful independence of state governments, which should actuate federal courts, [by requiring] that they

2

scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 18 (2003) (Scalia, J. dissenting); *quoting Healy v. Ratta*, 292 U.S. 263, 270 (1934).

When the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to the federal forum by competent proof. *Stan Winston Creatures, Inc. v. Toys "R" Us. Inc*., 314 F.Supp.2d 177, 179 (S.D.N.Y. 2003). "Out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Fed. Ins. Co. v. Tyco Int'l Ltd*., 422 F. Supp. 2d 357, 367-368 (D.N.Y. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) (federalism concerns call for "the strict construction" of the removal statute); *Zerafa v. Montefiore Hosp. Hous. Co., Inc*., 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed insasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum."); *Vasura v. Acands*, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000) ("In resolving a motion to remand, courts must be mindful of considerations of federalism and the limited jurisdiction conferred on subject matter jurisdiction courts and should strictly construe the federal removal statute, resolving all doubts in favor of remand.").

Under the general federal removal statute, 28 U.S.C. § 1441 (a), unless otherwise provided by Congress, a defendant may only remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." Absent diversity jurisdiction, a civil action filed in state court may only be removed if the claim

"arises under" federal law. *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005).  The statutory requirement that there be original jurisdiction means that a question of federal law "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First National Bank*, 299 U.S. 109, 113 (1936). Whether the claim arises under federal law must be determined by applying this "well-pleaded complaint" rule.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff's statement of the cause of action must affirmatively show it is based on federal law. *Beneficial National Bank*, 539 U.S. at 6-8.

A rare form of "arising under" jurisdiction is created if the complaint, under scrutiny, contains state law based theories of recovery that implicate significant federal issues. *Grable*, 545 U.S. at 312.  This form of "arising under" jurisdiction has been stated as a two part test.  First, it must appear from the complaint that "the right to relief depends upon the construction or application of federal law" and involves a contested federal issue. *Id*. at 313.  Therefore, an issue of federal law, essential for adjudication of plaintiff's claim, must be disputed. *Id*. at 313.  Further, the underlying federal issue must be sufficiently "substantial" such that there is a clear indication of a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id*. at 313.

Mere existence of a federal issue is insufficient to confer jurisdiction. Rather, the second prong requires that the "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id*.  Should the purported federal question fail under either of the inquiries, there is no federal jurisdiction.

When the foregoing analysis is applied to claims brought by sovereign states, it takes on an added dimension. As the Supreme Court has noted, "considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California et al.*, 463 U.S. 1, note 22 (1983).

Because the Attorney General exclusively relies on Montana statutory and common law for his causes of action, application of the well pleaded complaint rule requires that he be permitted to pursue his claims in state court.

### B. The Complaint Does Not Implicate a Substantial, Contested Federal Issue.

Defendants' removal is improper as Montana's state law claims do not involve a contested federal issue. The overwhelming majority of courts discussing the federal role in the administration of Medicaid have held that any federal issues raised by such a role are insufficient to confer federal jurisdiction. *See State of Utah v. Eli Lilly & Company*, 2007 U.S. Dist. Lexis 65571 (D. Utah 2007); *State of Carolina v. Eli Lilly & Company*, 2007 U.S. Dist. Lexis 56847 (D.S.C. 2007); *Commonwealth of Pennsylvania v. Eli Lilly & Co. Inc.,* 2007 U.S. Dist. Lexis 46946 (E.D. Pa. 2007); *Alaska v. Eli Lilly & Co.*, 2006 U.S. Dist. Lexis 52783 (D. Alaska 2006); *Maryland v. Philip Morris*, 934 F.Supp 173 (D.Md. 1996); *Commonwealth of Massachusetts v. Philip Morri*s, 942 F.Supp. 690 (D.Mass. 1996); *Minnesota v. Pharmacia Corp*., 2005 U.S. Dist. Lexis 27638 (D. Minn 2005); *Missouri v. Mylan Laboratories, Inc*., 2006 U.S. Dist. Lexis 32570 (E.D. Mo. 2006); *Hawaii v. Abbott Laboratories*, Inc., 469 F.Supp. 2d 842 (D. Haw. 2006); *New York v. Lutheran Center for the Aging, Inc*., 957 F.Supp. 393 (E.D.N.Y. 1997); *Wisconsin*

*v. Abbott Laboratories*, 390 F.Supp.2d 815 (W.D. Wisc. 2005); *City of New York v. The Tobacco Institute, Inc*., 1997 U.S. Dist. Lexis 19415 (S.D.N.Y. 1997).

Where a complaint seeking the recovery of Medicaid funds "sets forth exclusively state law cause of action, there is no question of federal law, substantial or otherwise to be determined." *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products Inc*., 415 F.Supp.2d 516, 524; *Commonwealth of Massachusetts v. Philip Morris, Inc*., 942 F.Supp 690, 694 (D. Mass. 1996). The fact that a federally created program serves as the initial source of funds the State seeks to recover does not necessitate any construction of federal law. *Commonwealth of Pennsylvania v. Eli Lilly & Co*., 2007 U.S. Dist Lexis 46946 at 23 (E.D. Pa. 2007)*; Gingerich v. White Pigeon Community Schools*, 736 F.Supp. 147 (W.D. Mich. 1990) (finding the receipt and use of federal funds insufficient to confer federal jurisdiction).

In *Philip Morris*, the United States District Court for the District of Massachusetts considered the Commonwealth's motion to remand its causes of action seeking to recover Medicaid funds paid on behalf of Massachusetts citizens suffering from diseases caused by smoking. *Philip Morris*, 942 F.Supp. at 694. The state law based causes of action were asserted against the backdrop of Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq. *Id*. Title XIX is the federal legislation establishing the Medicaid program. Under Title XIX, the federal government "shares the costs of Medicaid with the States that elect to participate in the program." *Id*.  In return, participating States are to comply with requirements imposed by the Act and by the Secretary of Health and Human Services." *Atkins v. Rivera*, 477 U.S. 154, 156-57 (1986).

6

The District Court of Massachusetts rejected defendants' assertion of federal jurisdiction and ordered the case to be remanded to state court. According to the court:

> "vindication of the rights that Massachusetts claims under its own statutory and common law will not turn on any construction of federal law. Nor is any proposition of federal law an essential element of any of Massachusetts' claims. Whether the defendants, as 'third parties' are liable to Massachusetts for costs expended under Medicaid…will be judged by reference to Massachusetts law."

*Id*. at 694. Further, "though the federal statute requires a State to enforce such third party liability where it may be found, Title XIX does not establish any ground for such liability, nor does it even require that any ground for liability be established." *Id*. The court noted that "no obligation is imposed on the State to see to it that such a legal liability does exist. And where it does exist, federal law has nothing to say about its proof, and the action to establish liability may proceed on entirely non-federal grounds." *Id*.

Medicaid recovery actions relying on state law based theories of recovery fail the first *Grable* prong because they do not depend upon the construction or application of federal law. *State of New York v. Lutheran Ctr. for the Aging, Inc*., 957 F.Supp. 393 (E.D.N.Y. 1997). The Court in *State of New York*, citing the opinion in *Philip Morris*, noted that "nothing in the [Medicaid Statute] suggests that Congress intended that state suits to recover Medicaid funds, from liable third parties should be thought of as presenting federal, rather than state, claims." *Id*. at 399.  This holding has continuously been upheld in suits seeking recovery of Medicaid funds from drug manufacturers for its manufacture and distribution of pharmaceuticals. *See State of Alaska v. Eli Lilly & Co*., 2006 U.S. Dist. Lexis 52783 (D. Alaska 2006); *State of Pennsylvania v. Eli Lilly & Co*., 2007 U.S. Dist. Lexis 46946 (E.D. Pa. 2007); *State of South Carolina v. Eli Lilly & Co*.,

2007 U.S. Dist. Lexis 56847 (D. S.C. 2007); *State of Utah v. Eli Lilly & Co.*, 2007 U.S. Dist. Lexis 65571 (D. Utah 2007).

In order for a federal question to be significant or substantial, the federal issue "must be actually disputed, and essential to the adjudication of the plaintiff's claim." *State of Utah v. Eli Lilly & Co*, 2007 U.S. Dist. Lexis 65571 (D. Utah 2007); *quoting Commonwealth of Pennsylvania v. Eli Lilly & Co. Inc.,* 2007 U.S. Dist. Lexis 46946 (E.D. Pa. 2007) (citing *Grable*, 545 U.S. at 313). Under the substantial federal question doctrine, a state law cause of action actually arises under federal law, even though Congress has not provided a federal private right of action, "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Board v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 9 (1983).

However, the incorporation of a federal standard in a state law action does not implicate the substantial federal question doctrine. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986); *State of Utah v. Eli Lilly & Company* (finding that the federal issue is not essential to the adjudication of plaintiff's claims). As in the current case, *Merrell Dow* involved allegations both that inadequate warnings on a drug's label and promotion of that drug were in violation of the Federal Food, Drug & Cosmetic Act. *Id*. at 806.  The FDCA does not create a private right of action for violation of the misbranding provision. The Court found that the mere presence of a federal standard embedded in a state law cause of action is not enough to warrant federal question jurisdiction. *Id.* at 810-12. The Court noted the "significance of the necessary assumption that there is no federal private cause of action…cannot be overstated. *Id.* at 812.  Further, the Court concluded that "we simply conclude that the congressional determination that

8

there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." *Id*. at 814.

The *Merrell Dow* opinion was further clarified by the Court in *Grable*. The Court held that federal jurisdiction will lie over state law claims that implicate significant federal issues." *Grable*, 545 U.S. 312.  In order to justify this type of jurisdiction there must be a real and substantial dispute respecting the validity, construction or effect of federal law "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id*. at 313. The necessity of adjudicating a contested issue of federal law was a critical factor in the Supreme Court's determination that "arising under" jurisdiction was present in *Grable*. *Grable*, 545 U.S. 308.

*Grable* involved a state law quiet title action where plaintiff claimed that the IRS failed to serve proper notice, pursuant to a federal statute, prior to the federal government's seizure of his property.  Because of the alleged inadequacy of service, plaintiff contended that the seizure and subsequent sale were improper and that title to the property had not been lawfully transferred. *Id*.  The Supreme Court held that plaintiff's claim warranted federal jurisdiction primarily because "whether Grable was given notice within the meaning of the federal statute is…an essential element of its quiet title claim and the meaning of the federal statute is actually in dispute; *it appears to be the only legal or factual issue contested in this case*." *Id*. at 315 (emphasis added).

Critically, *Grable* does not overrule *Merrell Dow*. *Merrell Dow* found that it would undermine congressional intent to find federal jurisdiction "solely because the

9

violation [of federal law] is said to be a proximate cause under state law." *Id*. at 316. In *Grable*, the Court found federal jurisdiction was appropriate, but only because the *sole* question concerned the meaning of the federal tax statute.

This case is clearly distinguishable from *Grable*, in which the purported federal issue was the "only legal or factual issue contested." As in the cases cited above, the State of Montana asserts only state law claims in its Complaint. Under the States claims, defendants' liability will depend upon their respective breach of duties created by State law. No federal law will, or ought to be, applied in adjudicating the foregoing claims. The dispute in this case will be whether the Defendant caused false or fraudulent claims to be submitted to Medicaid and whether they adequately warned Medicaid participants of the risks associated with their respective drug. These disputes will be entirely adjudicated based on the construction and application of Montana state law.

This Court should grant the State's motion to remand as any federal interest implicated by the Complaint is not sufficiently substantial to confer federal jurisdiction. Defendants have failed to satisfy the first prong established by *Grable*. The Complaint neither contains nor implicates any disputed issue of federal law. A complete adjudication of the claims in the Complaint will not require a construction or application of federal law. With no contested federal issue and no basis for jurisdiction under § 1331, this Court should grant the State of Montana's motion to remand.

### C. Plaintiff's Claims Do Not Raise A Sufficiently Substantial Federal Question Because Application of Federal Law Is Not Necessary For Their Resolution.

Under *Grable*, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages

thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. "Even when the state action discloses a contested federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. *Id*. at 313.

In assessing the strength of a purported federal interest, *Grable* instructs courts to apply a two part balancing test. First, because federal courts are courts of limited jurisdiction and removal jurisdiction is statutory, courts should assess the extent to which exercise of jurisdiction is consistent with Congressional intent. *Id*. at 317; *See also Merrell Dow*, 478 U.S. at 810. Second, courts should consider the nature of the federal and state interests, and the resulting effect that jurisdiction would have on the traditional balance of responsibilities between state and federal courts. *Id*. at 317.

### 1. Removal of this case is not consistent with Congressional intent.

Following *Grable* and *Merrell Dow*, two factors are relevant to this Court's inquiry regarding Congress's intent to create federal jurisdiction over the State's claims. First, there is no private right of action in the federal Medicaid legislation or the FDCA. Second, Congress requires states to seek recovery of Medicaid funds from liable third parties. 42 U.S.C. § 1396(a)(25).

These two facts, when taken together, are evidence of a Congressional determination that § 1331 does not encompass State Medicaid recovery actions. Congress's requirement that States recover Medicaid funds could easily have been coupled with a precise mechanism for such recovery. Without such a federal mechanism the inference is that Congress intended that States accomplish recovery using state law

11

based theories. *See New York v. Lutheran Center for the Aging Inc.*, 957 F.Supp. at 403 (Where a federal statute such as Medicaid requires a state to enforce liability against a third party but does not provide the ground for that liability, nor require establishment of a ground for liability, federal jurisdiction will not lie."); *Commonwealth of Pennsylvania v. Eli Lilly & Co.*, 2007 U.S. Dist. at 25 ("there is no meaningful indication that Congress intended to confer federal jurisdiction over state law causes of actions implicating the federal statutes involved here, namely, the FDCA and Title XIX of the Social Security Act).

The Court in *Commonwealth of Massachusetts v. Philip Morris, Inc.*, 942 F.Supp 690, 694 (D. Mass. 1996), noted that a State electing to participate in the Medicaid program must submit a plan that requires that the State "take all reasonable measures to ascertain the legal liability of third parties…to pay for care and services available under the plan…" 42 U.S.C. § 1396a(a)(25).  If "legal liability is found to exist" the State must seek reimbursement "to the extent of such legal liability…" *Id.*  Critically, Title XIX does not create a cause of action for seeking such reimbursement.  Rather, States electing to pursue liable third parties must do so using state law theories. *Id*.

The fact that Lilly's argument for removal cannot pass scrutiny is supported by the Supreme Court's recent limitation of its holding in *Grable*.  In *Empire Healthchoice Assur. Inc., v. McVeigh*, 126 S. Ct. 2121 (2006), the Court described the jurisdiction under *Grable* as a "slim category."  The *Empire* case involved a suit by an insurer of federal employees to recover costs of treating plan members where the members received compensation in a legal settlement. *Id.* at 2121. The health insurer was obligated to seek recovery by an agreement between it and the federal Office of Personnel Management,

which was responsible for overseeing federal employee health insurance by the Federal Employees Health Benefits Act of 1959 (FEHBA). *Id*. at 2126.

The health plan administrators were required to attempt recovery of the federal government's money, however, the FEHBA created no mechanism for plan administrators to recover funds distributed to participants. *Id*. at 2127.  The Court held that the failure of providing recovery mechanism, along with the lack of an indication that suits to recover costs associated with the Act arose under federal law, was conclusive evidence of Congress' judgment that federal jurisdiction did not lie. *Id*. at 2127.  In affirming the dismissal of the claims for lack of federal subject matter jurisdiction the Court noted that "the critical factor in determining the scope of rights and remedies under the federal statute…is the congressional intent behind the particular provision at issue." *Id*. at 2134.  Federal courts have "no warrant to expand Congress' jurisdiction grant by judicial decree." *Id*. at 2135.

The analysis in *Empire* is instructive in this Court's assessment of whether Congress intended for a State seeking to recover Medicaid funds fits within the jurisdictional grant of § 1331.  The federal Medicaid statute, like FEHBA, provides no mechanism to achieve recovery or any indication that the claims are federal in nature. If Congress intended that cases between States and third parties to recover Medicaid funds be heard in federal court it could have included such a provision. Congress' silence on this issue is indicative that there was no intent to have suits for recovery of Medicaid funds heard in federal court.

> **2.      The exercise of federal jurisdiction over this case would upset the balance between state and federal courts.**

13

The Supreme Court has held that there is a greater importance on the impact of exercising federal jurisdiction on federalism when the removed claim is brought by a sovereign State. *See Franchise Tax Board,* 463 U.S. at 22. The court noted that "considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State unless some clear rule demands it." *Id*. In situations where a State pursues claims for the recovery of money paid previously by the State on behalf of its Medicaid participants, the balance tilts heavily in favor of State adjudication. *See Missouri v. Mylan Laboratories Inc*., 2006 WL 1459772 (E.D. Mo. 2006); W*isconsin v. Abbott Laboratories Inc*., 390 F.Supp.2d 815 (W.D. Wisc. 2005); *Minnesota v. Pharmacia Corp*., 2005 WL 2739297 (D. Minn. 2005).

Defendant contends that federal jurisdiction is appropriate because of the necessary determination of whether its violations of federal law give rise to liability under the State's claims. However, the State does not allege that any violation of federal law by Defendant gives rise to liability under the State's claims. Rather, Defendant's liability is created by its violation of state law. In light of considerations of comity and federalism, the Court should grant the State's motion to remand.

> **3.    The denial of remand in *In re Zyprexa Products Liability Litigation* was a misapplication of federal question jurisprudence.**

Merck relies heavily upon *In re Zyprexa Products Liability Litigation*, 375 F.Supp.2d 170 (E.D.N.Y. 2005) as support for its position that federal jurisdiction is present in this case. There in the Zyprexa MDL, Judge Weinstein denied a motion to remand the State of Louisiana's complaint alleging loss to Medicaid as a result of the ingestion of Zyprexa. The State of Montana respectfully suggests that the *In re Zyprexa*

14

opinion is not particularly instructive here, perhaps because the issues were not properly addressed in the briefing to that court. The *In re Zyprexa* court did not specifically point to an "actual and disputed" federal issue, and did not consider the impact of its decision on the balance of federal and state court labor. That court, therefore, did not satisfy the elements of *Grable*. This Court should do so in deciding whether Merck can avail itself of federal jurisdiction.

The *Zyprexa* court's reliance on allegations of violations of federal law is an improper basis of federal jurisdiction under *Merrell Dow*. The mere presence of a federal standard embedded in a state law cause of action is not enough to warrant federal question jurisdiction. *Merrell Dow*, 478 U.S. at 810-12. Montana, did not allege, as the plaintiff in *Merrell Dow*, that violations of federal law crated liability under State law. However, even if it had made such allegations, the State's use of federal law would not have been sufficiently substantial under *Merrell Dow* to justify federal jurisdiction.

It is important to note that every other district court that has considered whether there has been federal jurisdiction in State claims seeking reimbursement of Medicaid funds for the manufacture, distribution, and sale of Zyprexa, has denied jurisdiction and remanded the case to state court. *See State of Alaska v. Eli Lilly & Co., State of South Carolina v. Eli Lilly & Co., Commonwealth of Pennsylvania v. Eli Lilly & Co., and State of Utah v. Eli Lilly & Co*. The complaint in this case is nearly identical to those remanded cases finding no federal question exists to support a finding of jurisdiction. As such, this Court should follow these well reasoned opinions and conclude that federal question jurisdiction is not present and that the case should be remanded to state court.

### III. CONCLUSION

Defendant has failed to meet its heavy burden to remove this state law action. For all the foregoing reasons, Plaintiff respectfully requests that this action be remanded to the First Judicial District Court, Lewis and Clark County, Montana.

Dated this 20th day of November, 2007.

        MIKE McGRATH
        Attorney General
        P.O. Box 201401
        Helena, MT 59620-1401
        Tel.: 406-444-2026

BY:       _____/s/_____
        MICHAEL J. MILLER, ESQ.
        THE MILLER FIRM, LLC
        108 Railroad Avenue
        Orange, VA 22960
        (540) 672-4224

        WILLIAM A. ROSSBACH, ESQ.
        ROSSBACH HART BECHTOLD, PC
        401 North Washington, Box 8988
        Missoula, MT 59807
        (406) 543-5156

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of March 2008 a copy of Motion to Remand to the First Judicial District Court of Montana, Memorandum in Support of Plaintiff's Motion to Remand to the First Judicial District Court of Montana, Request for Hearing, and proposed Order was filed and served electronically, via CM/ECF on Counsel for Defendant.