UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | *  MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | *  SECTION L |
| This document relates to: | *  JUDGE FALLON |
| The Petition of Healthcare Recoveries, Inc., on Behalf of, and in Coordination with Numerous Health Insurers for Pre-Action Deposition(s) Pursuant to Federal Rule of Civil Procedure 27(a) | *  MAGISTRATE JUDGE KNOWLES |

************************************

## DEFENDANT MERCK & CO., INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS THE PETITION OF HEALTHCARE RECOVERIES, INC.

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Notice of Supplemental Authority in support of its motion to dismiss the February 20, 2008 Petition of Healthcare Recoveries, Inc. ("HRI" or "Petitioner"), seeking "pre-action" depositions from Merck and plaintiffs' counsel regarding plaintiffs who have Vioxx-related personal injury claims pending in this Court.

On Friday March 14, 2008, Judge Carol Higbee denied Healthcare Recoveries, Inc.'s petition seeking "pre-action" discovery from Merck and plaintiffs' counsel regarding plaintiffs who have filed Vioxx-related personal injury claims in New Jersey, finding HRI's request to be meritless, contrary to law, and even "ridiculous." *See* Tr. 38:18, *In re Vioxx New Jersey Coordinated Proceeding*, Mar. 14, 2008 ("Mar. 14 Tr.") (attached as Ex. 1).  HRI sought

917475v.1

precisely the same relief before Judge Higbee, pursuant to New Jersey Rule 4:11-1, as it is currently seeking in this Court pursuant to Fed. R. Civ. P. 27.[1]

In denying HRI's Petition in New Jersey, Judge Higbee recognized that there is "no basis" for HRI's claim of entitlement to pre-suit discovery regarding Vioxx plaintiffs. According to Judge Higbee:

> [For HRI] to come in and say we need the names of everybody so we can decide whether we have a claim, to me it is improper. It certainly doesn't fit under this rule. It certainly is not the purpose of the rule. This is not a rule where you're supposed to be – it's for preserving testimony, preserving evidence, preserving documents. It is not for deciding who we may have a claim against.
>
> To do a search, a fishing expedition, to see who you might have a claim against, and particularly, particularly when you're asking for information about a large number of people, many of whom or maybe most of whom you absolutely don't have a claim against, and you have no right to know that XYZ – nobody has a right to know that XYZ so and so has been enrolled in a settlement or settled their case. Why, why should you or Healthcare Recoveries have that information? Why should these insurance companies – because I assume Healthcare Recoveries, if they get this information, is then going to give this information to all these companies in order to determine – Now all these companies know that this person had a claim. We know that everybody in the settlement either has to be claiming they had a heart attack or a stroke. I understand they could enter confidentiality things, but the bottom line is you have no standing to get what you want. ***You have no right to get what you want. You have no law to support that you get what you want. And I personally find it, you know, to have no, just to have no legal basis.***

(*Id.* 31:5-32:9 (emphasis added).)

Judge Higbee also expressed concern about the legitimacy of HRI's position that it represents the insurance companies:

> I get the impression – and I'm going to lay this right out on the record – that this is simply a law firm circling for the money, trying to be able to capitalize on this settlement and be able to make money for themselves, and that in order to do that you're doing, you're trying to discover information. I have real questions about

---

[1] As the New Jersey Supreme Court has recognized, New Jersey Rule 4:11-1 is based on – and "substantially identical" to – the analogous Federal Rule of Civil Procedure, Rule 27(a). *See In re Petition of Hall By and Through Hall*, 147 N.J. 379, 385 (1997).

> the, the legitimacy, I guess, of your client and certainly the legitimacy of your saying you represent Blue Cross & Blue Shield.

(*Id.* 21:7-15.)  Under these circumstances, Judge Higbee found it particularly inappropriate that HRI was seeking personal information:

> [T]here's nothing, there's no case that would ever require me to release social security numbers of multiple people who may or may – you may or may not have a claim against.  You don't even know whether you have a claim against them.  And I'm going to send to you somebody's social security number so you can decide whether a possible client of yours or your client's client may have a claim against them?

(*Id.* 27:20-28:2.)  For all of these reasons, Judge Higbee concluded that "there's no legal basis for the relief [HRI has] requested."  (*Id*. 45:22-23.)

Here, as in the New Jersey litigation, Petitioner seeks the names of Vioxx plaintiffs and their Social Security numbers simply in order to determine whether it can frame a cause of action against them.  However, as explained in detail in Merck's motion to dismiss, Rule 27 does not provide authority for such a pre-suit "fishing expedition" absent evidence that there is a serious risk the evidence will be lost.  *See In re Solorio*, 192 F.R.D. 709, 709 (D. Utah 2000).  Because HRI has not – and cannot – show that such a risk exists here, its Petition should be dismissed in the MDL proceeding, as it was in New Jersey.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Notice of Supplemental Authority in Support of Merck's Motion to Dismiss the Petition of Healthcare Recoveries, Inc.* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2008.

>*/s/ Dorothy H. Wimberly*
>Dorothy H. Wimberly, 18509
>STONE PIGMAN WALTHER
>WITTMANN L.L.C.
>546 Carondelet Street
>New Orleans, Louisiana  70130
>Phone:  504-581-3200
>Fax:     504-581-3361
>dwimberly@stonepigman.com
>
>Defendants' Liaison Counsel