CHRISTOPHER A. SEEGER[NJ NY]
STEPHEN A. WEISS[NY]
DAVID R. BUCHANAN[NJ NY]
DIOGENES P. KEKATOS[NY]
ERIC T. CHAFFIN[NY PA]
MOSHE HORN[NJ NY]
JONATHAN SHUB[CA PA]

MICHAEL L. ROSENBERG[△NJ NY]
MARC S. ALBERT[△NY]
DONALD R. BRADFORD[△OK]
JAMES A. O'BRIEN III[△MA NY]

△COUNSEL

Attorneys admitted in
states as denoted.

# SEEGER WEISS LLP
ATTORNEYS AT LAW
ONE WILLIAM STREET
NEW YORK, NEW YORK 10004-2502
(212) 584-0700
FAX (212) 584-0799
www.seegerweiss.com
www.lawyerseek.com

RICK BARRECA[NJ NY]
TERRIANNE BENEDETTO[NJ PA]
KEVIN G. BOISVERT[NJ RI]
PATRICIA D. CODEY[NJ]
TODD DRAYTON[NJ PA]
SINDHU S. DANIEL[MI NY NJ]
DONALD A. ECKLUND[NJ NY]
MICHAEL S. FARKAS[NJ NY]
DENNIS M. GEIER[NJ NY]
SCOTT A. GEORGE[NJ PA]
JEFFREY S. GRAND[NY]
ROOPAL P. LUHANA[NJ NY]
LAURENCE V. NASSIF[NJ NY]
ANDREA M. PI-SUNYER[NY]
DENISE K. STEWART[NJ]
MELISSA STEWART-HAYNES[NY]
CHRISTOPHER M. VAN DE KIEFT[NY]
ELIZABETH A. WALL[NJ NY]

March 6, 2008

**_VIA FEDERAL EXPRESS and FILE & SERVE_**

Hon. Carol E. Higbee, P.J.Cv.
Civil Courthouse, Atlantic County
Chambers 339E
1201 Bacharach Boulevard
Atlantic City, NJ 08401-4510
Tel. (609) 343-2190

Re: **_Petition of Healthcare Recoveries, Inc. for Pre-Action Discovery_**

Dear Judge Higbee:

      Plaintiffs respectfully submit this letter brief in opposition to the February 20, 2008 Petition of Healthcare Recoveries, Inc. (hereafter "HRI" or "Petitioner"), seeking "pre-action" discovery of plaintiffs who have filed Vioxx-related, personal injury claims in New Jersey. Specifically, HRI seeks to depose plaintiffs' counsel (or alternatively compel them to answer interrogatories), so that it may _identify potential defendants and obtain factual information about them in order to frame a complaint it has yet to file._ Petitioner has requested information derived from all Vioxx personal injury cases filed in New Jersey, including but not limited to:

- The names of all plaintiffs or plaintiffs' decedents who allege to have taken Vioxx and suffered a personal injury or death as a consequence;

- The addresses of such individuals over the past 10 years;

- The social security numbers of all such individuals; and

- The identities of all entities that provided insurance coverage to such individuals for medical treatment related to their Vioxx consumption.

*See* HRI Petition at ¶ 2. As described in its petition, HRI seeks this information so that it may determine whether any of its purported clients[1] can assert liens against a given plaintiff's potential recovery under the Vioxx Settlement Program.

As demonstrated herein, Petitioner seeks extraordinary and unprecedented relief that is not recognized by New Jersey law. Further, plaintiffs contend that even if such discovery were permissible under R. 4:11-1, Petitioner has failed to demonstrate the prerequisite circumstances that would warrant pre-action discovery. For example, HRI purports to represent the interests of more than eighty insurers, yet provides no explanation as to why its clients have not conducted searches of their own records to identify those insureds that took Vioxx and suffered the types of injuries compensable under the Settlement Program. Surely, such a search would have provided HRI with a list of potential defendants which Petitioner could have contacted directly to further investigate its claims. In its petition, HRI asserts in conclusory fashion that such an investigation would be too burdensome and instead seeks disclosure of highly personal information from thousands of plaintiffs, many of whom may have no relationship to its alleged clients.[2]

In light of the foregoing and as discussed *infra*, plaintiffs request that HRI's petition be dismissed in its entirety.

### *New Jersey Law Does Not Permit Pre-Action Discovery for the Sole Purpose of Identifying Potential Defendants*

HRI premises its petition on New Jersey Rule 4:11-1, which permits pre-suit discovery where the petitioner demonstrates: (i) that it expects to be a party to an action but is presently unable to bring it; (ii) the subject matter of the action and the petitioner's interest in it; (iii) the facts petitioner hopes to establish by obtaining the discovery sought; (iv) the names or a description of the anticipated opposing parties; (v) the names and addresses of those to be examined; and (vi) the names and addresses of those in possession of the sought-after information. *See* R. 4:11-1.

Significantly, HRI fails to acknowledge that New Jersey courts have explicitly disapproved of pre-action discovery where, as in the instant petition, the petitioner seeks information solely for the purposes of framing its complaint. As noted by the New Jersey Supreme Court, R. 4:11-1 is virtually identical to, and was based on, Federal Rule of Procedure

---

[1] HRI vaguely asserts that it has been retained by "*most* of these health insurers to act on their behalf" with respect to the instant Petition. Petition at 1 n.1 (emphasis added). Plaintiffs, upon information and belief, understand that HRI or its counsel and the numerous Health Insurers with whom HRI is purportedly coordinating, have conflicting representation. Such conflicts may not only disqualify HRI from engaging in the representation it has undertaken by way of the instant Petition, but place doubt upon HRI's standing to demand discovery. In essence, HRI is purporting to be acting as a class representative plaintiff and seeking to obtain class-wide discovery without first obtaining approval by the Court. New Jersey Rule 4:32-1, however, demands that the proposed representative first establish its adequacy by disproving any potential conflicts.

[2] In its petition, HRI anticipates that it represents the interests of insurers covering an estimated 10 percent of claimants in the entire settlement program. Presumably, HRI's alleged clients cover an even smaller percentage of New Jersey Vioxx plaintiffs.

27(a). *See Petition of Hall*, 147 N.J. 379, 385 (1997). Numerous federal and state courts interpreting the rule have uniformly held that

> the rule's authorization of pre-suit depositions was not designed to assist plaintiffs in framing a cause of action, but was intended for cases in which there existed a genuine risk that testimony would be lost or evidence destroyed before a suit could be filed and in which an obstacle beyond the litigant's control prevents suit from being filed immediately.

*Id.*; *see also Johnson v. Grayce Tighe, Inc.*, 365 N.J. Super. 237, 240 (App.Div. 2003) (noting that R. 4:11-1 "was not intended to authorize pre-suit discovery for the sole purpose of assisting a prospective plaintiff in acquiring facts necessary to frame a complaint"). Both the federal and state rules are designed to perpetuate testimony and preserve evidence, and not for the purposes intended by Petitioner. Indeed, courts interpreting the federal rule have recognized that "to allow Rule 27 to be used for the purposes of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be "an abuse of the rule." *Wright, Miller & Marcus, Federal Practice and Procedure*, § 2071 at 651-652. Similarly, the discovery sought by Petitioner is plainly a "fishing expedition" to identify potential defendants, an abuse of Rule 4:11-1, and should not be permitted by this Court.

***Petitioner Has Failed to Meet the Requirements of Rule 4:11-1***

Before permitting pre-suit discovery, New Jersey courts require a petitioner to clearly demonstrate that: a) it expects to be a party to a future litigation; b) it cannot presently bring that litigation; and c) there is a likelihood that the testimony sought will be unavailable by the time the petitioner is able to bring the suit. *See Petition of Hall*, 147 N.J. at 389. HRI has failed to meet these prerequisites.

Significantly, Petitioner fails to explain why neither HRI nor its alleged clients have attempted to obtain the sought-after information through searches of their own records. Thus, there has been no showing that HRI is "unable" to bring its lien actions absent discovery under R. 4:11-1. Further, while HRI asserts that "time is of the essence" because it fears that should any claimant obtain funds from the settlement, the petitioner and insurers are at "risk of either waiving, or impairing their rights," *see* HRI Petition at ¶¶22-23, it fails to acknowledge that under the terms of the Settlement Program, it will be several months before any settlement monies are disbursed. *See* HRI Petition, Exh. H at 18. Moreover, Petitioner does not contend that there is any danger that the information it seeks will be lost or destroyed.

Additionally, HRI does not appear to have complied with the notice and service requirement under R. 4:11-1(b), which requires that the petitioner identify and serve a copy of the petition upon "each expected adverse party." R. 4:11-1(b). The rule further provides that where after diligent inquiry it appears that such service cannot be made, the court may order service by publication or otherwise. *See id.* HRI has made no attempt to comply with the service requirement nor has it sought permission from the court to effectuate notice by some other means. Rather, HRI identifies the expected adverse parties to be Merck, Plaintiffs or claimants who received health insurance benefits, and their counsel. *See* HRI Petition, at ¶4.

Since none of the plaintiffs or their counsel have been properly identified or served, HRI's petition fails to conform to the mandate of the Rule.

HRI's petition is even more troubling when considering that its request for global disclosure of highly personal plaintiff information is premised on speculative claims for reimbursement dependent on a number of case-specific factors. Whether Petitioner or its purported clients have cognizable claims for reimbursement of funds expended for medical treatment of a Vioxx plaintiff is a fact-intensive inquiry that may implicate conflicting state and federal laws, and insurance contracts that will vary from plaintiff-to-plaintiff. For example, the viability of such claims in New Jersey is in serious doubt. *See, e.g., Perreira v. Rediger*, 169 N.J. 399, 409-11 (2001) (policy underlying New Jersey collateral source statute prohibits health insurers from asserting reimbursement claims against their insureds); *Werner v. Latham*, 332 N.J.Super. 76, 82 (App. Div. 2000) (insurer may not seek reimbursement until insured has been made whole by recovery); (*FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990)(ERISA plans funded by insurance policies may be regulated by state insurance law). To the extent that the insurers and/or their contracts may be outside regulation by New Jersey insurance law, the insurance laws of many states similarly prohibit or significantly limit subrogation and reimbursement rights.[3] Where employer-sponsored health plans are self-funded rather than insured, state insurance regulations may be preempted by ERISA; however, federal rules, statutes and the specific language of individual plan contracts must be analyzed to determine whether any claim exists.

---

[3] For state law outlining limits on health plan recovery rights, *see, e.g., Powell v. Blue Cross and Blue Shield of Alabama*, 581 So.2d 772 (Ala. 1990); *McCarter v. Alaska Nat. Ins. Co.*, 883 P.2d 986 (Alaska 1994); *Arkansas Dept. of Human Svcs. v. Estate of Ferrel*, 336 Ark. 297, 984 S.W.2d 807 (Ark. 1999); *Sapiano v. Williamsburg Nat. Ins. Co.*, 28 Cal.App.4th 533, 33 Cal.Rptr.2d 659 (Cal. App. 1994); *Dist. No. 1 Pacific Coast Dist. v. Travelers Cas. & Surety. Co.*, 782 A.2d 269 (D.C. 2001); *Centex-Rodgers Const. Co. v. Herrera*, 761 So.2d 1215 (Fla. App. 4 Dist. 2000); *Duncan v. Integon Ins. Corp.*, 267 Ga. 646, 482 S.E.2d 325 (Ga. 1997); *AIG Hawaii Ins. Co., Inc. v. Rutledge*, 87 Haw. 337, 955 P.2d 1069 (Haw. 1998); *Willard v. Automobile Underwriters, Inc.*, 407 N.E.2d 1192 (Ind. App. 1980); *Wine v. Globe American Cas. Co.*, 917 S.W.2d 558 (Ky. 1996); *Smith v. Manville Forest Products Corp.*, 521 So.2d 772 (La. Ct. App. 1988); *Washtenaw Mut. Fire Ins. Co. v. Budd*, 175 N.W. 231 (Mich. 1919); *Westendorf v. Stasson*, 330 N.W.2d 699 (Minn. 1983); *Hare v. Mississippi*, 733 So.2d 277 (Miss. 1999); *Connery v. Liberty Northwest Ins. Corp.*, 1998 MT 125, 289 Mont. 94, 960 P.2d 288 (Mont. 1998); *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (Neb. 1993); *Winkelmann v. Excelsior Ins. Co.*, 85 N.Y.2d 577, 626 N.Y.S.2d 994 (N.Y. 1995); *St. Paul Fire & Marine Ins. Co. v. W.P. Rose*, 19 N.C.App. 302, 198 S.E.2d 482, *cert. denied*, 284 N.C. 254, 200 S.E.2d 655 (N.C. 1973); *N. Buckeye Edn. Council Grp. Health Benefits Plan v. Lawson*, 103 Ohio St. 3d 188, 814 N.E.2d 1210 (Ohio 2004); *Equity Fire and Cas. Co. v. Youngblood*, 1996 OK 123, 927 P.2d 572 (Okla. 1996); *Nationwide Mutual Ins. Co. v. DiTomo*, 330 Pa.Super. 117, 478 A.2d 1381 (Pa. Super. 1984); *Liberty Mutual Ins. Co. v. Garry*, 1998 SD 22, 574 N.W.2d 895 (S.D. 1998); *York v. Sevier County Ambulance Auth.*, 8 S.W.3d 616 (Tenn. 1999); *Ortiz v. Great Southern Fire & Cas. Ins. Co.*, 597 S.W.2d 342 (Tex. 1980); *Transamerica Ins. Co. v. Barnes*, 29 Utah 2d 101, 505 P.2d 783 (Utah 1972); *Mahler v. Szucs*, 135 Wash.2d 398, 957 P.2d 632 (Wash. 1998); *Porter v. McPherson*, 198 W.Va. 158, 479 S.E.2d 668 (W.Va. 1996); and *Rimes v. State Farm Automobile Ins. Co.*, 106 Wis. 2d 263, 316 N.W. 2d 348 (Wis. 1982).

*See, e.g., Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212-13 (2002) (contract claim for money damages does not support a claim for equitable relief under ERISA); *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 126 S.Ct. 1869 (2006) (language of health plan contract language must create an equitable interest in tort recovery proceeds to support a plan claim for reimbursement under ERISA); *see also Popowski v. Parrott*, 461 F.3d 1367, 1370 (11th Cir. 2006) (analyzing sufficiency of plan language to support a reimbursement claim).

While HRI's petition implies that this Court may assess the validity of its potential claims in a wholesale manner, as discussed above, any lien or reimbursement claim asserted by HRI or its clients against insureds must necessarily be assessed on a case-by-case basis and consider numerous factors, including but not limited to the nature of the underlying healthcare plan (whether provided in connection with employment or purchased by other means); whether the plan itself is governed by ERISA, FEHBA or other law; the source of funding for plan benefits; whether state or federal rules govern reimbursement claims; which states' laws may regulate the plan; any conflicts of laws; and the specific language of a given plan's relevant contract provisions.[4]

Plaintiffs maintain that if Petitioner believes the insurers at issue have claims against their insureds and/or their beneficiaries, it is their responsibility to investigate their own records and governing healthcare plans, to contact any plan beneficiaries who may have claims and who have not already notified their insurer, and bring individual claims based on applicable state or federal law. It is inappropriate and impermissible under New Jersey law to invoke R. 4:11-1 for what is essentially class discovery designed to frame a complaint against yet-unidentified defendants.

### *HRI's Petition Will Be Moot As of the Date of the Hearing*

At the case management conference, this Court stated its intention to enter Orders of Dismissal for those cases where plaintiffs had enrolled in the Vioxx Settlement Program. Merck has notified plaintiffs that it will be submitting approximately 12,000 unopposed orders of dismissal for all cases enrolled in the program as of February 29, 2008 by March 7, 2008. Therefore, as of the date of Petitioner's requested hearing, the majority of remaining claims before this Court will likely be only those plaintiffs that either elected not to enroll in the program or were not eligible to do so. In short, the potential defendants from whom Petitioner seeks discovery will no longer have claims before this Court.

In sum, plaintiffs in the New Jersey Vioxx litigation respectfully request that this Court deny HRI's petition for pre-suit discovery under R. 4:11-1. As demonstrated *supra*, the relief sought by Petitioner is prohibited under New Jersey law and HRI has made no showing that it has been unable to acquire this information by other means. Further, the parties from which Petitioner seeks discovery will likely no longer be before this Court as of the date of the requested hearing. HRI's petition should be dismissed in its entirety.

---

[4] In its petition, HRI suggests that certain provisions in the Master Settlement Agreement create obligations on the part of enrolling claimants to Petitioner and its clients. *See* HRI Petition, at ¶¶ 22-26. To the contrary, the Settlement Program is a private agreement between the claimant and Merck & Co., Inc. It does not confer any rights on the insurers, nor did it intend to make insurers third-party beneficiaries of the settlement agreement.

Respectfully submitted,

Christopher A. Seeger

cc:   All Counsel (via File & Serve only)