


Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

Mar 6 2008
11:31PM

**HOPE S. FREIWALD**

hope.freiwald@dechert.com
+1 215 994 2514 Direct
+1 215 655 2514 Fax

March 6, 2008

**VIA LEXIS-NEXIS FILE & SERVE AND FEDERAL EXPRESS**

Honorable Carol E. Higbee, P.J.Cv.
Atlantic County Superior Court
Civil Courthouse, Chambers 339E
1201 Bacharach Boulevard
Atlantic City, NJ 08401

Re: **Petition of Healthcare Recoveries, Inc. for Pre-Action Discovery: ATL-L-590-08-MT**

Dear Judge Higbee:

      Defendant Merck & Co., Inc. ("Merck") respectfully submits this letter brief in opposition to the February 20, 2008 Petition of Healthcare Recoveries, Inc. (hereafter "HRI" or "Petitioner"), seeking "pre-action" discovery from Merck and Plaintiffs' counsel regarding plaintiffs who have filed Vioxx-related, personal injury claims in New Jersey.

      As set forth in its Petition, HRI seeks to obtain by deposition or written interrogatories information related to: (1) the names of all plaintiffs who have asserted claims in this proceeding; (2) their addresses for the last ten years; (3) their social security numbers; (4) the docket numbers of their cases; and (4) the identities of the health insurers that covered medical expenses related to their alleged injuries from Vioxx. (Petition ¶ 2.) Essentially, HRI is asking Merck and Plaintiffs' Counsel to provide the names of plaintiffs whom it can then pursue in an effort to obtain from them all or part of the compensation they will receive through the Vioxx Resolution Program.

      For the reasons set forth below, Merck believes that HRI's Petition is contrary to the terms and underlying purpose of Rule 4:11-1. Accordingly, the discovery sought is not permitted under New Jersey law, and the Court should dismiss the Petition and deny the relief sought therein.

### *Rule 4:11-1 Is Not A Tool For Identifying The Names Of Potential Defendants.*

      N.J. Rule 4:11-1 allows a party to seek pre-suit discovery in certain specified circumstances. As the New Jersey Supreme Court has recognized, Rule 4:11-1 is based on – and "substantially identical" to – the analogous Federal Rule of Civil Procedure 27(a). *See In re Petition of Hall By and Through Hall*, 147 N.J. 379, 385 (1997).

      In *Hall*, the Supreme Court held, consistent with federal law interpreting Fed. R. Civ. P. 27(a), that the availability of pre-suit discovery was ***not designed to assist plaintiffs in framing a***



Honorable Carol E. Higbee, P.J.Cv.
March 6, 2008
Page 2

*cause of action.*" *Id.* (emphasis added) (citing *In re Ferkauf*, 3 F.R.D. 89 (S.D.N.Y.1943)). Rather, such discovery is appropriate only in circumstances where there exists a "genuine risk that testimony [may] be lost or evidence destroyed before a suit" can be filed, "and in which an obstacle beyond the litigant's control prevents suit from being filed immediately." *Id.* Consistent with this purpose, the Supreme Court noted, federal and state courts around the country "consistently deny" pre-suit discovery "petitions filed to ascertain evidence on which to base a cause of action," as opposed to preserving evidence that is at risk. *Id.* at 386-88 (citing, among others, *In re Gurnsey*, 223 F. Supp. 359, 360 (D.D.C.1963) (vacating order granting evidence preservation petition; Fed. R. Civ. P. 27(a) procedure "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted"); *In re Miranne*, 626 So. 2d 744, 745 (La. App. 1993) (denying petition to perpetuate testimony where admitted purpose was to use deposition in effort to establish grounds for suit); *Allen v. Allen*, 659 A.2d 411, 418-19 (Md. App. 1995) (denying petition to perpetuate testimony where petitioner's objective was to establish foundation for suit and petitioner made insufficient showing that evidence sought would be unavailable after suit)).

As one federal court has observed, pre-action discovery is not allowed where the petitioner is using the rule "as a fishing expedition to prepare for filing." *In re Solorio*, 192 F.R.D. 709, 709 (D. Utah 2000) (denying pre-action discovery because petitioner made "no showing that the information sought could not be acquired through due diligence" and the rule was "not intended as a means of discovery to ascertain facts for the use in framing a complaint").

Based on the Supreme Court's decision in *Hall* – and the state and federal precedent cited therein – New Jersey courts have generally refused to "authorize pre-suit discovery for the sole purpose of assisting a prospective plaintiff in acquiring facts necessary to frame a complaint." *Johnson v. Grayce Tighe, Inc.*, 365 N.J. Super. 237, 240 (App. Div. 2003). For example, in *Johnson*, the Appellate Division reversed the trial court's decision to allow pre-litigation discovery under Rule 4:11-1 where the estate of a man killed in a motorcycle accident after drinking at taverns run by the defendants sought to identify and depose other individuals present at the taverns on the night of the accident. There, the appellate court recognized that the "plaintiff's express purpose in bringing this petition for pre-litigation discovery" was to procure "facts necessary to frame her dram shop cause of action." *Id.* Thus, the court held that plaintiff's request for pre-suit discovery "directly contravenes the clear limitations [on Rule 4:11-1] articulated by the Supreme Court in *Hall*" and must be denied. *Id.*

The same is true here. Petitioner seeks to identify the names of Vioxx plaintiffs in this proceeding for the sole purpose of framing a cause of action against those individuals to recover all or some of the money gained as a result of the settlement. However, Rule 4:11-1 does not provide authority for such a pre-suit "fishing expedition." *See Hall*, 147 N.J. at 391. Rather, it is



Honorable Carol E. Higbee, P.J.Cv.
March 6, 2008
Page 3

a very narrow exception to the general rule that discovery can only commence *after* a plaintiff has filed a well-founded complaint. The circumstances of this case fall well outside that exception, and for that reason alone, the petition must be denied.

### *HRI Cannot Satisfy The Requirements Of Rule 4:11-1 Because The Information Sought Is Not At Risk Of Being Destroyed Or Lost.*

HRI's petition should also be denied because it does not meet the most important requirement for pre-action discovery under N.J. Rule 4:11-1, *i.e.*, that "there exist a genuine risk that [the requested] testimony would be lost or evidence destroyed before suit could be filed." *Hall*, 147 N.J. at 385.

As the Supreme Court recognized in *Hall*, the Advisory Committee that drafted Fed. R. Civ. P. 27(a) – upon which Rule 4:11-1 is based – specifically noted that the Rule was intended to "apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Id.* (citing *Ferkauf*, 3 F.R.D. at 91). Thus, courts "require as a prerequisite to the grant of [pre-suit discovery] petitions a showing that testimony is in danger of being lost unless depositions are taken immediately." *Id.*

For example, in *Biddulph v. United States*, 239 F.R.D. 291, 293 (D.D.C. 2007), the court dismissed a petition for pre-action depositions where petitioners were unable to establish that relevant information would be lost if not discovered immediately. There, the petitioner sought the depositions of several IRS officials on the ground that petitioner "expects to be a party to an action cognizable in a court of the United States . . . relating to the alleged improper filing of documents . . . and relating to various years collection activities[.]" *Id.* at 291. However, the petitioner made no allegation that these officials would be "unavailable after the complaint is filed." *Id.* Instead, the petitioner "predicate[d] his request upon his interest in assessing the viability of various causes of action in advance of filing a complaint." *Id.* The court rejected this argument, explaining that "the great weight of authority requires the petitioner to show that there is a risk of loss of the desired testimony." *Id.* at 292 (citation and punctuation omitted). Accordingly, the court held, pre-action depositions are typically proper only in cases where "there is a risk that a witness will be unavailable at the time of trial, either because of age or infirmity." *Id.* at 292 n.1 (citation and punctuation omitted); *see also In re Petition of Delta Quarries & Disposal, Inc.*, 139 F.R.D. 68 (M.D. Pa. 1991) (allowing pre-suit deposition of relevant witness whose "serious" medical conditions, including "acute pulmonary edema . . . ventricular dysrhythmia . . . myocardial infarction . . . diabetes mellitus . . . peripheral vascular disease [and] severe congestive cardiomyopathy," raised "justifiable concerns regarding the loss of his testimony").



Similarly, in *In re Petition of Rosario*, 109 F.R.D. 368, 370 (D. Mass. 1986), the court refused to allow pre-action depositions of certain hospital staff related to an expected medical malpractice/personal injury lawsuit. The court recognized that such discovery is allowed "only in that special category of cases where . . . testimony might be lost to a prospective litigant unless taken immediately." *Id.* The court noted, for example, that a "petition may therefore be justified when a witness is aged or gravely injured and in danger of dying." *Id.* (citing *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (allowing pre-suit deposition of 71-year-old witness where action was indefinitely stayed pending the outcome of parallel criminal proceeding)). Because plaintiffs in *Rosario* made "no showing that the testimony which they seek to perpetuate is in any danger of being lost by delay," the court held that there was no basis to permit the discovery. *Id. See also In re MacCormack*, No. 00-MC-203-KHV, 2000 U.S. Dist. LEXIS 5812, at *4 (D. Kan. April 19, 2000) (denying motion for pre-action discovery where there was no danger that information would be lost, noting that "Rule 27 is not a substitute for general discovery; instead, it is intended only for the perpetuation of testimony or other evidence").

HRI does not even attempt to satisfy this standard – nor can it. Nowhere in the Petition does HRI allege that the discovery sought is in danger of being destroyed or forgotten. Indeed, given that HRI seeks basic identification information about Resolution Program participants, which is in no danger of being lost, this is precisely the type of discovery that is *never* appropriate under Rule 4:11-1. Moreover, while HRI claims that requiring it to identify insureds without reliance on Rule 4:11-1 "would be perverse" because all other methods of obtaining the information would be "cumbersome, inefficient, expensive and foredoomed to miss large number of claimants" (Petition ¶ 59), that is not a basis for invoking Rule 4:11-1. As other courts have recognized, inconvenience and expense are not adequate bases for ordering pre-suit discovery where the information at issue is not in danger of being lost or destroyed. *See Kelly v. Whitney*, No. 98-30-HV, 1998 U.S. Dist. LEXIS 17946, *3-*4 (Rule 27(a) cannot be satisfied on the ground that it would be "difficult or inconvenient" for plaintiff to file suit).

Finally, as set forth in Plaintiffs' Letter Brief filed earlier today, HRI's petition is particularly troubling because HRI seeks highly personal plaintiff information without a demonstrated legitimate need. (*See* March 6, 2008 Letter from Christopher A. Seeger to the Hon. Carol E. Higbee, P.J.Cv., at 4.) As Plaintiffs' Letter Brief indicates, "[w]hether Petitioner or its purported clients have cognizable claims for reimbursement of funds expended for medical treatment of a Vioxx plaintiff is a fact-intensive inquiry that may implicate conflicting state and federal laws, and insurance contracts that will vary from plaintiff-to-plaintiff." (*Id.*) Allowing HRI to embark on a fishing expedition seeking highly confidential information in these circumstances would violate both the letter and spirit of the Rule.



Honorable Carol E. Higbee, P.J.Cv.
March 6, 2008
Page 5

Respectfully submitted,

Hope S. Freiwald /DMH

Hope S. Freiwald

HSF

cc: Clerk of the Court
All Counsel of Record (via LexisNexis File & Serve)