UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS LIABILITY LITIGATION | : : : : |
| _____ | :   MDL 1657 |
| The Petition of Healthcare Recoveries, Inc., on Insurers for Pre-Action Deposition(s) Pursuant to Federal Rule of Civil Procedure 27(a) _____ | :   SECTION L :   HONORABLE ELDON FALLON :   MAGISTRATE KNOWLES : |

PLAINTIFF'S STEERING COMMITTEE'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS THE
<u>VERIFIED PETITION OF HEALTHCARE RECOVERIES, INC.</u>

### I.  INTRODUCTION

As set forth in Merck's *Notice of Supplemental Authority*, Judge Carol Higbee recently denied a *Petition* filed by *Healthcare Recoveries, Inc.* ("HRI") in New Jersey seeking the exact same pre-litigation discovery that it seeks from this Court.[1,2] The Plaintiff's Steering Committee ("PSC") submits this *Reply Brief* in support of its *Motion to Dismiss the Verified Petition of Healthcare Recoveries, Inc.*

---

[1] A copy of the transcript from the March 14, 2008 hearing before Judge Higbee in New Jersey was submitted by Merck's as Exhibit "1" to its *Notice of Supplemental Authority* and will be referred to herein as "NJ Tr."

HRI's complaint that "This is not a game of hide and seek" is disingenuous. (Petitioners' Memorandum at 13). HRI attaches to its opposition, the PSC and Merck's letter briefs submitted in New Jersey in opposition to its *Petition* but conspicuously absent from HRI's submission to this Court is a copy of the most revealing New Jersey transcript.

[2] HRI's *Petition* in New Jersey was filed pursuant to a New Jersey Rule of Court, *R*. 4:11-1, that the New Jersey Supreme Court has recognized is substantially identical to the Federal Rule of Civil Procedure, Rule 27(a)  *See In re Petition of Hall By and Through Hall,* 147 N.J. 379, 385 (1997).

1

## II. ARGUMENT

### A. HRI'S *PETITON* IS A FRIVILOUS "FISHING EXPEDITION" AND AN ABUSE OF JUDICIAL PROCESS FILED FOR AN ILLEGITIMATE PURPOSE

HRI's *Petitions,* both here and in New Jersey, were filed for no other purpose than to attempt to carve-out a portion of the 4.85 Billion dollar settlement by attorneys who seek to profit from the creation of a fund from which health insurers can conveniently seek reimbursement for medical expenditures on behalf of Vioxx Plaintiffs, rather than pursuing their contractual subrogation rights in the normal course as is done in any other settled case. The *Petition* is nothing more than an improper attempt to utilize the judicial process to troll for cases because the smell of money is in the air.  It is analgous to a Plaintiffs' lawyer issuing a *Subpoena* for all of a Hospital's medical records with the hope of finding malpractice and creating litigation.  Such an abuse of process should be soundly rejected by dismissing this *Petition* as was done in New Jersey by Judge Higbee.

Not only did Judge Higbee deny HRI's *Petition* as a ridiculous "fishing-expedition" that is contrary to law but she recognized it for what it really is; an abuse of the judicial process by a "law firm circling for money, trying to be able to capitalize on this settlement," stating:

> Well, you keep talking about,  give us the information. Give me the information. Number one, I get the impression  and I going to lay this right out on the record  that ***this is simply a law firm circling for the money, trying to be able to capitalize on this settlement and be able to make money for themselves,*** and that in order to do that you are e doing, you aree trying to discover information. I have real questions about the, the legitimacy, I guess, of your client and certainly the legitimacy of your saying you represent Blue Cross & Blue Shield. Do you have any kind of agreement with any of these people?

(NJ Tr. 21:5-16, emphasis added).

If there was any doubt about the frivilous nature of HRI's *Petition,* none

2

remained after Judge Higbee further stated:

> I'm sorry. But this to me looks like exactly what, what has been said. Its H&R [sic] . . t**his recovery company, once it has these names, then contacting the insurance companies and saying, we can pursue these people for you.** (NJ Tr. 40:8-12 emphasis added)
>
> * * *
>
> Oh, I don't have any question that a health insurer, knowing that they have a claim, may notify H&R (sic) that they want them to pursue their claim. *But here it's backwards. It's the lawyers getting the information to give to Healthcare Recoveries so that they can get to the insurance companies to then pursue the claims,* isn't it? Isn't that what this is? (NJ Tr. 26:6-13 emphasis added)
>
> * * *
>
> *. . . it's a pool of money that I think people, you know, vultures tend to circle around.* I'm sorry. I know I'm being offensive to some degree, but I have -- when I see a complaint that says, you know, -- I don't hide my feelings or my opinions. I say what I believe, and this is what I think. I think this is just wrong. But separate and apart from whether it's wrong, even if it's right it's not-- there no legal basis for the relief you requested. (NJ Tr. 45:14-23 emphasis added).[3]

None of the Court's comments were satisfactorily answered by Petitioners' counsel.

**B.   PETITIONERS LACK STANDING**

Who are the Petitioners? Who do the Petitoners' attorneys represent? Who are HRI's clients? Exhibit "A" to the original *Petiton* lists a host of entities. As noted by Merck in its *Notice of Supplemental Authority,* Judge Higbee expressed concern about the legitmacy of HRI's position that it represents insurance companies, stating:

---

[3] The PSC seriously questions whether Rule 11 sanctions are appropriate for such an abuse of process. *See*, In re: *TCI Ltd.*, 769 F.2d 441, 446 (7th Cir 1985); *Glass v. Volkswagen of America*, 172 F.Supp 2d 243 (D.M.D. 2001; *Cohen v. Kutzman*, 45 F.Supp 423 (D.N.J. 1999); *Willis v. Amerada Hess Corp*., 199 WL 500142 (S.D.N.Y. 1999).

> I do find it insulting if somebody says, "I represent all these, some of these," — I mean the language is just, it cries out for, "What? What are you talking about?" This petition is submitted on behalf of over 80 public insurers. And then it sort of talks about you've been retained by most of these insurers. So you've obviously listed some that haven't retained them.

(NJ Tr. 36:25-7).

Petitioner and their counsel are purposely vague on their representative status.[4] Counsel for the Petitioners have been asked repeatedly by PSC members for evidence reflecting that they have been retained by the health insurers on whose behalf they claim to have filed the *Petition.* No such evidence has ever been produced to the PSC, this Court or Judge Higbee. There is serious doubt as to standing. *Warth v. Seldin*, 422 U.S. 490 (1975).[5]

HRI is a company that provides subrogation services to health insurers. It is not a health insurer and has not paid a single dime for the medical care on behalf of any Vioxx Plaintiff pursuant to an insurance policy. HRI therefore has no right to reimbursement from any Vioxx Plaintiff. Thus, it has no cognizable claim for reimbursement of funds expended for the medical treatment of a single Vioxx plaintiff. *Sereboff v. Mid Atlatic Medical Services*, 544 U.S. 356 (2006).

---

[4] The attorneys that have filed the *Petition* vaguely assert that they represent HRI who has been retained by "most of these health insurers to act on their behalf." *Petition* at 1 n. 1. (Emphasis added.) "Most" is an evasive statement.

[5] Although the various relationships are purposely vague, what is not vague is the fact that Petitioner's Counsel admitted during oral argument in New Jersey that until recently she represented approximatly 45 Plaintiffs who have enrolled in the settlement. (NJ Tr. 43:9-23). Notwithstanding the fact that Petitioner's Counsel claims that her firm no longer represents these Plaintiffs and that they have been referred to another law firm, there is no pleading the PSC is aware of reflects that such a substition has occurred. Thus, Petitoner's counsel is still of record representing 45 Plaintiffs that are enrolled in the settlement while at the same time representing HRI and a number of insuers. Further, even if there was a substitution of counsel filed, Petitioner's counsel has not indicated that they have relinquished all financial interest in the cases. Further compounding their conflict is that plaintiffs' counsel have received notices from still other attorneys claiming representation of the same entitites on Exhibit "A."

As to the health insureres that Counsel for the Petitioners may or may not represent, Judge Higbee aptly described why their request for pre-litgation discovery is not legitimate:

> If you hire somebody to do subrogation work you say, "I have this claim against X. Would you please handle it for me?" You're saying, "We don't know who X is. We don't know who X is. We don't even know who we have claims against, but we're going to try to jump into this — because we heard a billion dollars and we're going to try to jump in there and get some of this money."

(NJ Tr. 29:8-15).

This case is distinguisable from *Bombardier Aerospace Employer Welfare Benefits Plan v. Ferrer, et al*, 354 F.3d 348 (5th Cir. 2003) cited by Petitioners where the settlement funds were held in the law firm's trust account. Here, as it stands now the PSC and the Plaintiffs are not in possession of the settlement funds that the health insurers would look to for reimbursement for any Vioxx claimants. Thus, they do not have a cognizable right to anything under *Sereboff, supra* or *Bombardier, supra.*

Nothing in the MSA dilutes any subrogation right to recovery that health insurer's may or may not have pursuant to whatever applicable insurance policy that exists. The *Petiton* should be denied. The PSC believes that if the insuers at issue have claims agains ttheir insureds/and or their beneficiaries, it is their responsibility to investigate their own records and governing healthcare plans, to contact any plan beneficiaries who may have claims and who have not already notified their insurer, and bring individual claims based on applicable state or federal law. There is no standing now and the Petition is an abuse of the legal process for an improper motive.

C.  **PETITIONERS HAVE FAILED TO MEET THE REQUIRMENTS OF RULE 27**

    1.  **Petitioners Have Failed to Even Attempt to Obtain the Sought-After Information from Publically Available Sources or Their Own Records**

HRI has failed to explain why neither it or its alleged clients have attempted to obtain the sought-after information through searches of their own or the public record. Once again Judge Higbee noted this glaring failure:

> It's all public record. You can get the name of every plaintiff and their address. You can get the name of every plaintiff and their address. It's all in the court records. They're down — you know, if you want to send somebody to physically look at them, you could do that. If you want to send somebody to look at the dockets and buy it, because the Court will sell you the electronic access for you to go to look at complaints that have been filed. You can, you can get all that information. It's public information. Every single person who files a claim, every single person who says they had an injury and that they were treated, you can get their name and their address and their docket number. It's public record.

(NJ Tr. 34:9-23). Therefore, HRI has failed to show that it is unable to bring its lien actions absent the discovery it seeks. Furthermore, HRI argument that "time is of the essence" because it fears that should any claimant obtain funds from the settlement,that there is risk that its clients subrogation rights will vanish impaired is meritless. Under the terms of the MSA, it will be several months before any settlement monies are distbursed. In fact, no settlement amount has been specifically determined for any of the Claimants.

    2.  **HRI has Failed to Establish that the Information sought through *Rule* 27 Discovery is Subject to being Lost or Destroyed if the Discovery is not Immediately Granted**

HRI cannot void the import of the authority referenced in the PSC's moving papers, nor can it distinguish the ruling of Judge Boyle in *Willis v. Cook*, 2008 WL 596007 (N.D.Tex. March

5, 2008). In that case, the Petitioner sought to discover the identities of persons that were thought to have information necessary for the petitioner to execute on a judgment. *Willis* sought to obtain the names of persons through a Rule 27 *Petition* to prepare a Complaint. Judge Boyle adopted the Magistrate Judge's Report and denied the *Petition* to perpetuate testimony by holding:

> Federal Rule Civil Procedure 27 is a mechanism for perpetuating testimony and is intended to apply when for one reason or another testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. It is not a method of discovery to determine whether a cause of action exists; and if so, *against whom the action should be instituted*. Furthermore, Rule 27 cannot be used for the purpose of ascertaining facts in drafting a complaint.

*Id.* at *1 (emphasis in original; citations omitted). The Court found that because the Petitioner admitted that his purpose for obtaining identifying information was for purposes of drafting a Complaint, that the Petitioner had not met the requirements of Rule 27.

Similarly, the analysis performed by Professor Hoffman, in Hoffman, *Access to Information, Access to Justice: The Role of Pre-suit Investigatory Discovery*, 40 U.Mich.J.L.Reform 217 (Winter 2007)[hereafter "Access to Information"] suggests the same outcome. Professor Hoffman's research confirms that in federal courts, the Federal Rules of Civil Procedure were intended to be interpreted in the same fashion as Judge Boyle did in *Willis, supra,* and as this Court found in *In re: Skylight Shipping Corp.*, 1999 WL 1293472 (E.D.La. 1999) and *In re: Yancey LLC*, 2000 WL 1515179 (E.D.La. 2000). Specifically, Professor Hoffman concluded that, "According to the prevailing understanding, [Rule 27] is not meant for

investigating the facts in advance of drafting a complaint. If the petitioner does not know the substance of the evidence she seeks to perpetuate, resort to the rule is unavailable." *Access to Information*, 40 U.Mich.J.L. Reform at 227.

In each of the cases cited by HRI, *In re Bay County Middle Grounds Landfill Site*, 171 F,.3d 1044 (6th Cir. 1999); *Sunrise Shipping Ltd. v. M/V American Chemist*, 1997 WL 639023 (E.D.La. Oct. 15, 1997); *Alpha Industries, Inc.*, 159 F.R.D. 456 (S.D.N.Y. 1995), and *In re Richard L. Baxter*, 2001 WL 34806203 (W.D. La. Dec. 20, 2001), each Court was facing an exigent circumstance which demanded that discovery be permitted immediately. No direct analogy applies here. HRI is unable to sustain its burden to show that there is any possibility that the information it seeks will be lost absent immediate perpetuation of testimony. *See Yancey, supra*. Moreover, although never alleged in the *Petition*, common sense dictates that the basic identification information sought by HRI will <u>never</u> be lost, given the fundamental nature of the data that is sought by HRI's discovery (*i.e.*, names, addresses, social security numbers, etc.).

Ultimately, what HRI seeks is assistance in obtaining information necessary to formulate complaints against its presumed beneficiaries. Indeed at the hearing in New Jersey, HRI's counsel readily admitted that she was asking the Court to help "target" Plaintiffs for the purpose of determining who to sue. Judge Higbee soundly rejected this, stating:

> And that's what you can't do. This Court, it's not my job to — or the Court's job or anyone's job to target people for you to sue because these are people who are going to be receiving a billion dollars and, divided up between them, and they're a target.

(NJ Tr. 37:23-38:4). Thus, under Rule 27, the Petition should be denied as it was in New Jersey

under *R*. 4:11-1 which is based on Rule 27.[6]

### III. CONCLUSION

For the reasons set forth above, as well as in our moving papers, the PSC respectfully requests that the *Petition* of HRI be dismissed.

Respectfully submitted,

**PLAINTIFFS'SSTEERING COMMITTEE**

Date:  By: /s/ Russ M. Herman

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

PLAINTIFFS' LIAISON COUNSEL

---

6. HRI's suggestion that the constitutionally protected identifying information such as social security numbers and medical records that are also protected by The Health Insurance Portability and Accountability Act (HIPAA), Pub.L. 104-91, 110 Stat. 1936 (Aug. 21, 1996) and 45 CFR (164.508, are readily discovered  is overstated.  HRI's reliance upon cases including *Patton v. Thomson Corp.*, 364 F.Supp.2d 263 (E.D.N.Y. 2005) and *Upshaw v. Georgia (Ga) Catalogue Sales, Inc.,* 2006 F.R.D. 694 (M.D.Ga. 2002) is misplaced.  Those cases involve class actions where the courts had certified class actions, rendering the absent class members virtual parties to the litigation.  HRI is not a party to this litigation and no class has been certified.  Also, the identifying information provided in those class actions referred to by HRI was vital and necessary for purposes of issuing appropriate class notice.  Because those absent class member(s due process rights were at issue due to the claims certified by the courts for class status, a compelling reason for disclosure of those absent class members (private information existed.  No such argument is available to HRI in this matter.

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160, 234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
Co-Lead Counsel

Richard J. Arsenault, Esquire
Neblett, Beard & Arsenault
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA  71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
Seeger Weiss
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
Co-Lead Counsel


Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
Ashcraft & Gerel
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

Gerald E. Meunier, Esquire
Gainsburgh, Benjamin, David,
Meunier & Warshauer, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, Pa
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann &
   Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Michael M. Weinkowitz, Esquire **(on brief)**
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Shelly A. Sanford, Esquire
Sanford Pinedo LLP
2016 Bissonnet Street
Houston, Texas 77005
(713) 524-6677 (telephone)
(713) 524-6611 (telecopier)

| | |
|---|---|
| Drew Ranier, Esquire | Mark Robinson, Esquire |
| Ranier, Gayle & Elliot, L.L.C. | Robinson, Calcagnie & Robinson |
| 1419 Ryan Street | 620 Newport Center Drive |
| Lake Charles, LA  70601 | 7th Floor |
| (337)494-7171 (telephone) | Newport Beach, CA  92660 |
| (337) 494-7218 (telecopier) | (949) 720-1288 (telephone) |
| | (949) 720-1292 (telecopier) |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 20th day of March, 2008.

/s/ Russ M. Herman  
RUSS M. HERM,AN (La. Bar #6819)  
***Herman, Herman, Katz & Cotlar, LLP***  
820 O'Keefe Avenue  
New Orleans, LA  70113  
PH:     (504) 581-4892  
FAX:   (504) 561-6024  
vioxx@hhkc.com