

# GLICK LAW FIRM, P.A.
Attorneys At Law
2255 Glades Road., Suite 324-A
Boca Raton, FL 33431
Telephone (561) 391-0448 - Facsimile (561) 330-3593

## REPRESENTATION CONTRACT FOR PHARMACEUTICAL CASES, INCLUDING CLASS ACTIONS

I, __Bryan L. Roberts__ [Client's printed name] hereby employ GLICK LAW FIRM, P.A. as my lawyers to represent me in a class action lawsuit against _____, and all of its affiliates including, but not limited to, any Parent.

### NOTIFICATION OF STATEMENT OF CLIENT'S RIGHTS

The undersigned Client has, before signing this contract, reviewed and read the *Statement of Client's Rights* and understands each of the rights set forth therein. The undersigned Client has signed the Statement and received a signed copy to keep to refer to while being represented by the undersigned attorneys.

### FEES AND COSTS

It is agreed that the fees charged will be the greater of (1) the contingency fee; or (2) if applicable, a court awarded fee. In the event a court awarded fee is granted which is less than the amount of the contingency fee as computed below, the court awarded fee will be applied as a credit to the total fee owed.

(1) **Contingency Fee**:

The undersigned Client, or person with authority to bind Client, acknowledges and understands that due to the serious nature of these proceedings, the time and labor involved, the novelty, complexity and difficulties of the issues involved and the skill requisite to perform these legal services properly and the significant risks involved with these types of proceedings, the undersigned Client, or person with authority to bind said Client to this Agreement, agrees to pay GLICK LAW FIRM, P.A. out of the gross recovery, a contingency fee equal to the following: **Forty (40%) percent of the gross recovery for the Client.**

In addition to the above percentages of any recovery, I also agree to pay my attorneys or another law firm, if so retained by GLICK LAW FIRM, P.A., an additional 5% of any recovery for post-trial services if a notice of appeal is filed or if post-judgment action is required for recovery on the judgment, or if GLICK LAW FIRM, P.A. hires another law

firm at any time during the pendency of my case if GLICK LAW FIRM, P.A. reasonably feels my case may require post trial services earlier than judgment.

(2) **Court Awarded Fee:**

A Court awarded fee, if applicable, will be sought based upon the hourly rates charged by GLICK LAW FIRM, P.A. and as determined by the Court.

I understand that in accordance with Florida law, the Court may apply the appropriate multiplier to GLICK LAW FIRM, P.A.'s hourly rates.

(3) **Costs:**

Although I know that GLICK LAW FIRM, P.A. will advance and pay all costs and expenses, I agree to pay all costs and expenses incurred in the investigation, preparation and litigation of my claim. I understand that these expense vary from case to case and I authorize GLICK LAW FIRM, P.A. to incur expenses that, in their sole judgment, are necessary for prosecution of my case. I also understand that these costs are not part of the attorneys' fees to be paid and are deducted from the gross recovery. I understand that if there is no recovery, I am not responsible for the case costs or expenses GLICK LAW FIRM, P.A. incurs on my behalf.

## GENERAL PROVISIONS

I authorize GLICK LAW FIRM, P.A. to file my lawsuit at their discretion against parties they, in their sole discretion, feel are necessary.

It is understood that, if appropriate, GLICK LAW FIRM, P.A. is authorized to litigate the issue of fees because if they succeed, it would be a direct benefit to the undersigned Client who hereby agrees that GLICK LAW FIRM, P.A. is entitled to be additionally compensated for the time and effort and success in obtaining court awarded fees.

In the event my attorneys determine at any time and in their sole discretion that in their opinion it is not feasible for them to prosecute the claim, or they no longer want to represent me, upon notification to me of such fact, my attorneys are relieved from prosecuting the case or taking further action and can withdraw from representation under this agreement without protest from me. I agree that if I am notified of withdrawal of GLICK LAW FIRM, P.A., this will create a prima facie conflict between GLICK LAW FIRM, P.A. and myself, and I instruct a court of competent jurisdiction, if applicable, to allow withdrawal at any stage of my lawsuit.

In the event of any dispute over this agreement, Venue and Jurisdiction shall be the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, and the laws of the State of Florida shall apply.

In considering a reasonable attorneys fee, to be approved by the Court, to be paid

to my attorneys as well as on behalf of the class, I agree as follows:

> Brian J. Glick, Esq. $600.00 per hour
> Associates: $400.00 per hour
> Paralegal and support staff: $100.00 per hour

I understand the my attorneys are not charging me this fee, but should a court determine that they are entitled to an hourly rate, I agree that the above is reasonable and satisfactory based on the complexity of the case.

I hereby certify that this agreement has been explained to me in its entirety, I have had an opportunity to discuss it, I have read it before signing, I understand it and have been provided with a true copy.

I hereby certify that no promises or guarantees have been made by GLICK LAW FIRM, P.A. concerning the successfulness or timeliness of my case.

### RIGHT TO CANCEL

This contract may be canceled by written notification to the attorneys at any time within three (3) business days of the date the contract was signed, as shown below, and if canceled, the Client shall not be obliged to pay any fees to the attorneys for the work performed during that time. If the attorney(s) have advanced funds to others in representation of the Client, the attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the Client.

Dated: 08-09-06

Client: [signature]
Printed Name: [signature]

This legal representation is hereby accepted upon the terms stated herein.

GLICK LAW FIRM, P.A.
2255 Glades Road, Suite 324-A
Boca Raton, FL 33431
Tel. 561/391-0448
FAX   330-3593
E-Mail: lawboca@aol.com

By: _____
Brian J. Glick

-3-

## GLICK LAW FIRM, P.A.
Attorneys At Law
2255 Glades Rd., Suite 324-A
Boca Raton, FL 33431
Telephone (561) 391-0448 or (866) 874-2529 (Toll Free)
Facsimile (561) 330-3593

### STATEMENT OF CLIENT'S RIGHTS

**BEFORE YOU**, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three (3) day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those consequences might include money which you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in the State of

Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually, fee disputes must be handled in a separate lawsuit unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes or under the fee arbitration rules regulating The Florida Bar) be included in your fee contract.

08-09-06
Date

_[signature]_
Client's Signature

8/\[?\]/06
Date

_[signature]_
Attorney Signature

S:\Users\Brian\Files\Drug Cases\Fosamax (dead jaw condition)\Inquiries\00 Contract, Legal Rep, Class Action.wpd

-3-