LEVY, PHILLIPS & KONIGSBERG, LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N. Y. 10022

(212) 605-6200
FAX: (212) 605-6290
E-MAIL: dpaolicelli@lpklaw.com

DIANE PAOLICELLI
212 605-6250

March 21, 2008

**VIA ELECTRONIC MAIL and FEDERAL EXPRESS**

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, Louisiana 70130

**Re: In re: VIOXX PRODUCTS LITIGATION, MDL Docket No. 1657**

Dear Judge Fallon:

   We write briefly in response to Defendant Merck and Co. Inc.'s ("Merck's") Notice of Supplemental Authority in Support of Motion to Dismiss which was filed on March 19, 2008. The apparent goal of that Notice was to highlight selected transcript excerpts from Judge Higbee's ruling denying a petition similar to the one now before this Court, that Merck apparently feels may prejudice your Honor against Petitioners[1]. Regrettably, especially given the personal nature of these excerpts, a response is warranted.

   Petitioners have great respect for Judge Higbee, notwithstanding our respectful disagreement with her ruling. Indeed, we appreciate the fact that she is a jurist who in her own words holds nothing back and lets litigants know in unvarnished terms what is on her mind.

   However, for reasons we cannot fathom, since Healthcare Recoveries, Inc. ("HRI") was a stranger to the litigation before her, Judge Higbee, from whatever source, apparently took the bench with an entirely mistaken understanding of HRI, Petitioners, counsel and their roles. This false impression, which plainly colored Judge Higbee's evaluation of this issue (Tr. at 21:05-32:09) was both unjustified, and irrelevant to the merits of these Petitions, as we have indeed pointed out in our opposition to Merck's and the PSC's motions to dismiss. (Petitioners' Mem. at 8-13.)

---

[1] Petitioners, to be sure, informed the Court of Judge Higbee's ruling in our opposition papers (Petitioners' Mem. at 11, n.5.)

00112753.WPD              1

Judge Higbee incorrectly assumed that the application by HRI had been concocted by lawyers, and that HRI had never been asked by the insurers to pursue these valid subrogation claims. (Tr. at 26:06-26:13.) This is completely inaccurate, as was pointed out to Judge Higbee at the oral argument. (Tr. at 25:24-26:05; 28:24-29:01; 29:04-29:07.) HRI was long ago hired by its clients to pursue their subrogation interests, not only generally but also with respect to matters such as Vioxx. (Tr. at 25:24-26:05; 41:08-41:16.) Each and every Petitioner before Judge Higbee and this Court specifically retained either HRI or Petitioners' counsel directly. (Tr. at 37:08-37:11; 37:13-37:14; 37:16.)

Notably missing from Merck's Notice was reference to Judge Higbee's ultimate, and sensible, statement that notwithstanding her ruling, she would certainly revisit her decision in deference to your Honor's own independent decision in this matter. (Tr. at 36:08-36:11.)

Also missing, and most inappropriately so, given that Merck included in its Notice a quotation that was personally offensive to counsel, and which, as noted, grossly mischaracterizes the true facts, was the apology that Judge Higbee graciously advanced at the end of the argument when she clearly appreciated that some of her remarks may have been both overly harsh and perhaps uncalled for in the light of the professional quality of the Petitioners' representation. (Tr. at 45:16-45:20.)[2]

Finally, we note, as Merck did not, that Judge Higbee completely recognized that

---

[2] Petitioners are also now in receipt of the PSC's intemperate Reply Papers which engage in unjustified *ad hominem* and personal attacks upon counsel rather than engage with the issues raised by Petitioners. The undersigned counsel represent the valid interests of entities that Judge Higbee herself recognized were legally cognizable, and are doing so in a proper and professional manner. It is unfortunate that the PSC has chosen to resort to false epithet and slur. This Court deserves better, and the litigants deserve a decision based on the merits.

Furthermore, Petitioners could not help but be struck that the PSC's Reply Papers are silent about their own severe conflicts addressed in both the Petition and in Petitioners' Memorandum (Petition at ¶¶ 49-51). Instead, since their conflicts are palpable, they assert that one of Petitioners' counsel, Levy Phillips & Konigsberg, LLP, may also have a conflict. This exact issue was addressed before Judge Higbee. (Tr. at 42:05-44:17.) None of Petitioners' counsel have had personal injury cases pending in the MDL Court. Long ago, Levy Phillips & Konigsberg, LLP ceased having a lead role with respect to any personal injury case. The Master Settlement Agreement expressly states that only one firm should be counsel of record, and the undersigned's firm is not counsel of record in the settlement. (MSA at 17.1.16.) In addition, to the best of Petitioner's counsel's knowledge, none of the personal injury plaintiffs that have been represented by the Levy Phillips & Konigsberg, LLP firm were insured by entities joining this Petition. Finally, the other three firms representing Petitioners, Crowell & Moring, LLP; Becker & Associates and Gibson & Sharps, P.S.C., have not represented any personal injury plaintiffs in the Vioxx Litigation in any court.

Petitioners, and health insurers generally, do possess valid rights and should be "paid." (Tr. at 40:23-41:01.) Indeed, she even suggested that bringing lawsuits directly against attorneys, rather than these Petitions might be the way to go. (Tr. at 32:19-32:20; 32:22-32:23; 33:01-33:02.)

        We look forward to the oral argument scheduled in this matter for March 25th and will be pleased to respond further to any questions that your Honor may have concerning these proceedings in New Jersey.

        Respectfully submitted,

        LEVY PHILLIPS & KONIGSBERG, LLP

        By: Diane Paolicelli

DP:cd