UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to: | * | JUDGE FALLON |
| The Petition of Healthcare Recoveries, Inc., on Behalf of, and in Coordination with Numerous Health Insurers for Pre-Action Deposition(s) Pursuant to Federal Rule of Civil Procedure 27(a) | * | MAGISTRATE JUDGE KNOWLES |

**************************************

### DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE PETITION OF HEALTHCARE RECOVERIES, INC.

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply memorandum in support of its motion to dismiss the February 20, 2008 Petition of Healthcare Recoveries, Inc. ("HRI" or "Petitioner"), seeking "pre-action" depositions from Merck and plaintiffs' counsel. As set forth more fully below, HRI's opposition brief fails to rebut Merck's arguments that HRI's Petition does not satisfy the requirements of Federal Rule of Civil Procedure 27 and is contrary to the very purpose of the Rule.  Accordingly, the Court should dismiss the Petition and deny the relief sought therein.

*First*, HRI is wrong that pre-action discovery under Rule 27 extends beyond situations involving "disappearing witnesses or evidentiary spoliation" as long as the petitioner makes a showing "that a failure or delay of justice will likely result if the pre-action disclosure is denied." (Petitioners' Memorandum In Opposition To Defendant Merck & Co., Inc. And Plaintiffs' Steering Committee's Motions To Dismiss And In Further Support Of Their Petition For Pre-Action Disclosure ("HRI Opp.") at 2, 13.)

Contrary to HRI's position, "the federal courts have long and nearly unanimously found that Rule 27 authorizes a presuit deposition only when the petitioner has demonstrated that the witness's testimony might otherwise be lost if it is not taken immediately, such as when a witness may be suffering from a terminal illness or may be about to leave the jurisdiction's subpoena reach." Lonny Sheinkopf Hoffman, *Access To Information, Access To Justice: The Role Of Presuit Investigatory Discovery*, 40 U. Mich. J.L. Reform 217, 227 (Winter 2007) (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2071, at 651 (2d ed. 1994)). "According to the prevailing understanding, [Rule 27] is not meant for investigating the facts in advance of drafting a complaint. If the petitioner does not know the substance of the evidence she seeks to perpetuate, resort to the rule is unavailable." *Id.* (citations omitted). Indeed, "[o]nly in the rarest of occasions have courts departed from this predominant view of Rule 27's purpose" and, moreover, the primary case upon which HRI relies in their opposition, *In re Alpha Industries*, 159 F.R.D. 456 (S.D.N.Y. 1995) (HRI Opp. at 14-15), has been described as the "sole modern civil disobedient" in Rule 27 jurisprudence. Hoffman, *supra*, at 230. Put simply: "Federal Rule of Civil Procedure 27, as interpreted by nearly all courts and commentators, typifies the narrow scope of authority given to private litigants to conduct presuit discovery." *Id.* at 226.

Notably, in denying HRI the very same relief in New Jersey[1] that it now seeks in this Court, Judge Higbee came to the same conclusion – *i.e.*, that there is "no basis" for HRI's claim of entitlement to pre-suit discovery regarding Vioxx plaintiffs:

> [For HRI] to come in and say we need the names of everybody so we can decide whether we have a claim, to me it is improper. It certainly doesn't fit under this

---

[1]  As the New Jersey Supreme Court has recognized, New Jersey Rule 4:11-1 is based on – and "substantially identical" to – the analogous Federal Rule of Civil Procedure, Rule 27(a). *See In re Petition of Hall By and Through Hall*, 147 N.J. 379, 385 (1997).

> rule.  It certainly is not the purpose of the rule.  This is not a rule where you're supposed to be – it's for preserving testimony, preserving evidence, preserving documents.  It is not for deciding who we may have a claim against . . . ***You have no right to get what you want.  You have no law to support that you get what you want.  And I personally find it, you know, to have no, just to have no legal basis.***

Tr. 31:5-12; 32:6-9, *In re Vioxx N*ew *Jersey Coordinated Proceeding*, Mar. 14, 2008 ("Mar. 14 Tr.") (attached as Ex. 1).

The federal cases relied on by HRI are no more helpful to its cause.  For example, in *In re Baxter*, No. 01-00026, 2001 U.S. Dist. LEXIS 26001, at *2 (W.D. La. Dec. 19, 2001) (HRI Opp. at 14), the petitioner sought "the names and identities of authors, editors and publishers of false and defamatory materials alleged to have been published on a website."  Although HRI asserts that the court in *Baxter* "allowed a petition under Rule 27 to proceed" (HRI Opp. at 14), the court did not analyze the application of Rule 27 because the petitioner in that case negotiated an agreement pursuant to which the requested discovery was to be provided upon receipt of a court order.  "Because the motion was unopposed" and "because there were no other parties to this lawsuit, the court entered an order directing [the relevant party] to respond to the interrogatories and request for production of documents."  *Id.* at *3.  Subsequently, an anonymous party sought to intervene in the case "in order to object to the court's jurisdiction, to object to [the petitioner's] ability to proceed pursuant to Fed. R. Civ. P. 27 (perpetuation of testimony) and to raise issues of free speech."  *Id.* at *4.  The court engaged in a lengthy analysis of the motion to intervene and ultimately concluded that the statements at issue were not "protected by the First Amendment" and "neither does mover have a right under the First Amendment to proceed anonymously by way of intervention."  *Id.* at *53.  Thus, while the court did permit pre-action discovery in *Baxter,* the court never reached the merits of the Rule 27 motion.

In sum, HRI cannot rebut Merck's fundamental argument – *i.e.*, that Rule 27 does not permit a pre-suit "fishing expedition" absent evidence that there is a serious risk that the evidence will be lost. *See In re Solorio*, 192 F.R.D. 709, 709 (D. Utah 2000). While HRI asserts that "time is of the essence" due to the time schedules established by the Settlement Agreement and that "Petitioners are placed at a significant temporal handicap in asserting and vindicating their rights" (HRI Opp. at 3, 6), the mere fact that HRI may otherwise be inconvenienced is no basis for granting the relief requested. For this reason alone, the Petition should be dismissed. *See In re Yancey L.L.C.*, No. 00-1657, 2000 U.S. Dist. LEXIS 15204, at *4 (E.D. La. Oct. 9, 2000) (Fallon, J.) (recognizing that the first and foremost requirement for pre-action discovery under Rule 27 is that "the evidence or testimony [sought] is in danger of being lost"); *Hardin-Warfield v. Mosby*, No. 5:05cv161-DCB-JMR, 2006 U.S. Dist. LEXIS 45602, at *8 (S.D. Miss. May 17, 2006) (Rule 27 relief not available unless "the testimony sought via the hearing has a substantial chance of being lost or destroyed"); *In re Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943) (observing that the cases cited in the Advisory Committee notes to Rule 27 "emphasize the fact that the committee intended the rule to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless take[n] immediately, without waiting until after a suit or other legal proceeding is commenced").

**Second**, even if HRI were correct about the legal standard (which it is not), HRI's suggestion that the equities favor pre-action discovery is also wrong. HRI seeks to assert claims against Vioxx plaintiffs based on insurance contracts that allegedly entitle the insurors it purports to represent to some portion of the plaintiffs' settlement proceeds. If Merck had settled individually with plaintiffs, as opposed to establishing the Resolution Program with a defined fund, any question related to a lien or subrogation would not arise until the settlement with a

4

particular plaintiff was achieved and the plaintiff possessed a financial recovery as to which the insurer was asserting certain rights. Here, however, the insurors seek to intercede – and therefore potentially disrupt the settlement process – before any determination has been made that any particular plaintiff will be paid anything. As Judge Higbee observed in denying HRI the relief it sought in New Jersey, HRI is "trying to get the information so that you can create litigation and so that you can come into this fund." Mar. 14 Tr. 27:14-16. Judge Higbee further observed:

> [T]he Court does not provide you lists of people who've settled their cases so that insurance companies can go to them ***before they get their checks***. That's not the way it's done. And it's only because it's a pool of money that I think people . . . tend to circle around.

*Id.* 45:10-15 (emphasis added). In sum, there is no reason why the insurors should be allowed to "jump the gun;" instead, they should be required to wait (as they would in any other litigation) and assert whatever rights they may have with respect to particular claimants ***after*** an award from the Resolution Program has been made. For this additional reason, the Petition should be dismissed.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Reply Memorandum in Support of Merck's Motion to Dismiss the Petition of Healthcare Recoveries, Inc.* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of March, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel