**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX | § | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | |

This document relates to the following case:

*Dianne Dalton, et al. v. Merck & Company*, United States District Court for the Southern District of Mississippi, Civil Action No. 3:07CV576HTW-LRA

**PLAINTIFFS' MOTION TO RECONSIDER**
**AND BRIEF IN SUPPORT THEREOF**

**COME NOW,** all Plaintiffs in the above identified cases ("Plaintiffs") and file this, their Motion to Reconsider, and would respectfully move the Court to reconsider its Order, dated March 12, 2008 ( "Order of Severance"), requiring Plaintiffs to sever their multi-plaintiff cases and file separate, individual complaints.

**I.**
**SUMMARY OF THE ARGUMENT**

Throughout the Vioxx litigation, this Court has displayed concern for judicial efficiency and economy in litigation. In light of these objectives, Plaintiffs now move the Court to reconsider its Order of Severance which would unnecessarily and improperly impose the burden and expense of individual filings on Plaintiffs who have registered for the Vioxx settlement "Vioxx Settlement Program".

On March 12, 2008, this Court ordered Plaintiffs in the above-captioned cases to sever their presently filed multi-plaintiff complaints and file new, separate complaints for each individual plaintiff. Plaintiffs move the Court to reconsider this order in accordance with the dictates of PTO 26 and the interests of economy and efficiency. Judicial economy is furthered by plaintiffs to

continue under their multi-plaintiff complaints. Counsel for the Plaintiffs in this action has registered and hope to enroll <u>every</u> Plaintiff in the Vioxx Settlement Program. [*See* Affidavit of Sheila M. Bossier filed herewith]  Thus, no individual legal issues requiring the Court's attention are anticipated prior to Plaintiffs entry into the Vioxx Settlement Program. As a result, there is no significant efficiency or economy achieved by imposing the additional burden and cost of individual filings upon Plaintiffs.

## II.
## ARGUMENT AND AUTHORITIES

**A.     Permitting the Case to Proceed Under A Multi-Party Complaint Will Not Create Unnecessary Inefficiencies.**

The stated reasons for ordering all unrelated claimants in the Vioxx MDL to file separate complaints is the elimination of administrative complications and inefficiencies. [PTO 26, p. 1]. Those concerns are minimal (if warranted *at all)* in this particular case for two reasons. First, Plaintiffs' counsel has registered all the Plaintiffs and intends to recommend enrollment to all plaintiffs.  Consequently, there is little risk that multiple claimants will be pursing varying claims, arguing over individualized proof, or employing disparate litigation strategies under the same cause number.  Instead, there is every reason to expect that the course and resolution the case will be overseen on a uniform case-wide basis without the need for individual complaints.  This separate pleading requirement serves merely to add another layer of filing fees and costs that will diminish Plaintiffs' ultimate recovery via settlement.

**1.     There is no inefficiency in permitting the case to proceed as multiparty actions because *all* Plaintiffs in the case are following the same course of action and their claims can be collectively handled on a case-wide basis.**

Plaintiffs acknowledge the Court's need for efficient procedures when dealing with the vast number of claimants that exist in the Vioxx litigation. Yet, where (1) plaintiffs are fully aligned in

their litigation activities - as Plaintiffs are anticipated to be, (2) the joined cases will likely all be enrolling in a settlement program within two months after the new complaints are to be filed, and (3) no individual issues are likely to arise before the Court during that time because the action is stayed, efficiency and economy favors allowing Plaintiffs to proceed under their current multi-Plaintiff complaints.

### 2. Efficiency and economy are hindered by requiring Plaintiffs to file numerous individual complaints because the cases are stayed.

It is extremely unlikely that the Court will be called upon to make any individual determinations for the severed plaintiffs for the reason that all action in the cases is presently stayed. For these reasons, economy and efficiency favor permitting the collective pleading to stand.

Making the need for individual case determinations even less likely is the fact that the Court entered a stay of all further activity in the MDL on November 9, 2007. [Pretrial Order No. 30, p. 1-2]. When the Court stayed all actions the effect of the stay is to halt the necessity of any individual proceedings. In the absence of any need for individual case determinations, efficiency and economy favor the continued use of the currently filed multi-Plaintiff complaints.

### III.
### CONCLUSION AND PRAYER

Efficiency and economy would be favored by permitting this case to proceed under their multi-Plaintiff complaints. Consequently, Plaintiffs pray that this Court will upon reconsideration, withdraw its Order of Severance requiring Plaintiffs to file individual complaints and permit Plaintiffs to proceed under their currently filed multi-Plaintiff complaints. Plaintiffs additionally pray for all other and further relief to which they may be justly entitled.

Respectfully submitted, this the 25th day of March, 2008.

By: /s/ Sheila M. Bossier
Sheila M. Bossier (MSB #10618)
PLAINTIFFS' ATTORNEY

OF COUNSEL:

BOSSIER & ASSOCIATES, PLLC
1520 North State Street
Jackson, MS 39202
Telephone: (601) 352-5450
Facsimile: (601) 352-5452

Richard A. Freese (MSB # 99885)
FREESE & GOSS, PLLC
P.O. Box 5386
Jackson, MS 39296
Telephone: (601) 961-4050
Facsimile: (601) 510.9903

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF

  Alyson B. Jones  alyson.jones@butlersnow.com
  Christy Jones   christy.jones@butlersnow.com
          ecfnotices@butlersnow.com

Dated: March 25, 2008

              /s/ Sheila M. Bossier
              Sheila M. Bossier