**MINUTE ENTRY**
**FALLON, J.**
**MARCH 25, 2008**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**THIS DOCUMENT RELATES TO ALL CASES**

    The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 33 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Jodi Simcox, Official Court Reporter.  Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.    <u>SETTLEMENT AGREEMENT</u>

    On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:15)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee:  http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period.  Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.  On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies.  On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified as well as registered mail.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after

> November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavit and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Finally, Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the

settlement package.

On December 10, 2007, attorney Ronald Benjamin filed a Notice of Appeal from Pre-Trail Orders 28 and 31.  Both Merck and the PLC have moved to dismiss this appeal.

As announced at the January 18, 2008, monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions.  These clarifications include amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement and other miscellaneous amendments.  A copy of the amendments will be available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment to the Settlement Agreement was announced which extended the deadline for claimants to seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documents until March 31, 2008.   A copy of the amendments will be available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

## II.     REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administration appointed under the Settlement Agreement, provided a report regarding the registration process.  To date, 909 law firms and 392 *pro se* claimants have submitted registration forms, representing 58,571 claimants, including those claimants who allege "other injuries."

To date, the Claims Administrator has received enrollment materials for 50,004 claimants, including those claimants who allege "other injuries."  Additionally, the Claims

Administrator has received 39,868 releases, 27,432 stipulations of dismissal, 39,176 medical authorizations, and 25,906 employment authorizations.

Additionally, the parties announced that Merck has provided notice that it has extended the deadline for claimants to enroll in the Settlement Program until May 1, 2008. The parties also announced that the deadline for attorneys to withdraw from representation of their clients pursuant to the Settlement Agreement has been extended until June 1, 2008. The Court will provide guidance to those attorneys seeking to withdraw from their representations and shall issue a pre-trial order on this issue.

III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The parties reported that the Lien Administrator continues to be engaged in discussions with various federal and state agencies.

The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Juneau. Special Master Juneau hosted an orientation session for himself,

the Deputy Special Masters and the Curator which was held on March 5, 2008.

The Court, after discussions with the Special Masters and the parties, has issued an Order stating that, in order to ensure consistency for the claimants participating in the Settlement Program, all appeals to the Special Masters shall be assigned among the Special Masters at random and without regard for the geographic origin of the claim.

V.      STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2008.

VI.     CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The Court has advised the parties that it will address these issues at a later date.

VII.    DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal.  Documents that are discoverable were being produced to plaintiffs in accordance with an agreed schedule, with the production to conclude on or about November 30, 2007.  The motions and production deadline are subject to the stay set forth in Pre-Trial Order 30.

VIII.   DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA").  Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6).  Counsel for the FDA and PLC have been in communication regarding these subpoenas.  On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in possession of the FDA.  The Court entered an Order on January 18, 2008 granting the PSC's motion and lifting the stay for the purpose of conducting discovery regarding certain records in the possession of the FDA.  The Plaintiffs' Liaison Counsel reported that, after discussions with the FDA, the FDA will provide a privilege log and documents to the PSC within the next two weeks.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding the Website Known as "OfficialVioxSettlement.com".  The Court granted the motion.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc. ("ESI").  The Court granted the motion.  Representative from the Plaintiffs have been communicating with counsel for ESI to discuss the discovery requests and information sought to be obtained from ESI.  On February 8, 2008, the PSC moved to compel ESI to comply with the PSC's request made in connection with the Vioxx settlement program for the prescription drug documents or data needed for the settlement program.  The PSC and ESI were

able to reach a consensual resolution to this matter and the Court dismissed the motion as moot.

IX.     STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. At today's conference, the State Liaison Committee informed the Court that while she has scheduled a conference call with the Claims Administrator to determine which motions to remand may be moot as a result of the claimant participating in the Settlement Program. The State Liaison Committee also provided to the Court an updated list of those cases which are economic only/third party payor cases that are before the Court.

X.      *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding Pro Se Plaintiff Registration and Enrollment Re: Settlement and Pro Se Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to pro se individuals were sent by PLC on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. On February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

Mr. Johnston reported that his office sent an initial communication to approximately 314 *pro se* claimants who have registered regarding enrollment into the Settlement Program. Mr. Johnston also reported that his office sent an additional communication to approximately 900 *pro se* claimants who have not enrolled encouraging them to enroll.

XI.   MERCK'S MOTIONS

On November 8, 2007, the Court granted in part and denied in part Merck's three Motions for Summary Judgment in the *Ramon Alvarado, et al.* (Case No. 06-7150), *Matthew DeVito, et al.* (Case No. 07-562), *Ronald Pales* (Case No. 07-1389), *Philip Dawson* (Case No. 07-1259), *Timothy R. Watson* (Case No. 05-5545), *Donald R. Preuninger, et al.* (Case No. 06-10305), *Viet Tran* (Case No. 07-368), *Pamela Tribby, et al.* (Case No. 07-4118), and *David Wyser* (Case No. 07-2695) matters.  Certain plaintiffs have moved for reconsideration of these judgments, and Merck has filed its opposition to these motions.  The Court has taken the matter under advisement.

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  Oral argument was held on August 9, 2007, and the Court took the matter under advisement.

XII.  ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIII. <u>VIOXX SUIT STATISTICS</u>

Merck advises that as of December 31, 2007, it has been served or was aware that it had been named as a defendant in approximately 26,500 lawsuits, which include approximately 47,275 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 262 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 9,025 lawsuits representing approximately 26,275 plaintiff groups are or are slated to be in the federal MDL and approximately 15,575 lawsuits representing approximately 15,575 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of December 31, approximately 13,230 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 6,350 plaintiff groups have been dismissed as of December 31, 2007. Of these, there have been more than 1,850 plaintiff groups whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts, and more than 4,500 plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XIV. <u>PSC MDL TRIAL PACKAGE</u>

On September 27, 2007, the Court issued Pre-Trial Order 27 regarding submission of the

PSC's trial package. On October 3, 2007, the trial package was presented to the Court for review. The PSC continues to explore, develop, and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package.

On November 28, 2007, attorney Michael Stratton filed a Motion for Release of Trial Package in the *Perry* (06-3581), *Christie* (05-2973), *Lynch* (05-5072), *Sokoloff* (05-6107), *Whittaker* (05-1257), *Chambers* (05-1997), *Pagani* (07-1384), *Barnett* (06-8320) and *Boyer* cases. On December 10, 2007, the PSC filed a Response. On December 11, 2007, Stratton filed a Reply with the Court. The Court will issue a separate order setting this motion for hearing.

Further, the PSC is continuing to work on the Stroke Trial Package and stated that it will be able to provide the Court an opportunity to have an *in camera* review of the Stroke Trial Package within the next few weeks. The PSC shall contact the Court set schedule a date for the Court's *in camera* review.

## XV.  OTHER MOTIONS

On or about January 30, 2008, certain Florida claimants filed an Amended Motion to be Included in the Vioxx MDL Settlement Agreement. Both the Plaintiffs' Negotiating Committee and Merck have filed oppositions to the motion. The Court heard oral argument from the Florida claimants, and has taken the matter under advisement.

On February 20, 2008, Healthcare Recoveries, Inc. ("HRI") filed a Verified Petition for Pre-Action Depositions from Merck and plaintiffs' counsel regarding plaintiffs who have claimed personal injury due to Vioxx. On March 10 and 12, 2008, respectively, the PSC and Merck moved to dismiss HRI's petition. The Court heard oral argument on the motions, and has

taken the matter under advisement.

## XVI.    THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.

## XVII.   NEXT STATUS CONFERENCE

The next monthly status conference will be held on April 17, 2008, at 9:00 a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 41049946 and the Chairperson will be Judge Fallon.

