IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ADELINE THOMAS MOSBY,** | ) | MDL NO. 1657 |
| | ) | |
| **Plaintiff,** | ) | SECTION L |
| | ) | |
| v. | ) | JUDGE FALLON |
| | ) | |
| **MERCK & CO., INC.,** | ) | MAG. 3 KNOWLES |
| | ) | |
| **Defendant.** | ) | CASE NO.:08-170 |

## ANSWER

Defendant, Merck & Co., Inc. ("Merck"), by counsel and pursuant to Fed. R. Civ. P. 8 and 12, for its Answer to the Complaint filed by Plaintiff, Adeline Thomas Mosby, states as follows:

### RESPONSE TO OPENING PARAGRAPH

Merck denies each and every allegation made in the opening paragraph of the Complaint, except it admits that Plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same. Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx® until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO
### "I.    PARTIES"

1.      Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 1 of the Complaint, and therefore is unable to admit or deny those allegations.

2.      Merck admits the allegations made in the first sentence of Paragraph 2 of the Complaint.  Merck denies each and every allegation made in the second sentence of Paragraph 2 of the Complaint, except it admits that Merck is a leading research-driven pharmaceutical

918257v.1

products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3. Merck denies each and every allegation made in Paragraph 3 of the Complaint, except it admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the trade name for rofecoxib.

## RESPONSE TO
## "II.   JURISDICTION AND VENUE"

4. The allegations made in Paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required.

5. The allegations made in the first sentence of Paragraph 5 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation made in the first sentence of Paragraph 5 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in the second and third sentences of Paragraph 5 of the Complaint, and therefore is unable to admit or deny those allegations, except that Merck denies that Plaintiff's injuries, if any, were the result of Vioxx.

6. The allegations made in the first three sentences of Paragraph 6 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation made in the first three sentences of Paragraph 6 of the Complaint.  Merck denies each and every allegation made in the last three sentences of Paragraph 6 of the Complaint.

## RESPONSE TO
## "III.   FACTUAL BACKGROUND"

7.   Merck denies each and every allegation made in Paragraph 7 of the Complaint, except it admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs."  Merck avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study, which clearly showed an advantage for Vioxx over naproxen with respect to gastrointestinal safety.  Merck further avers that, in June 2000 Merck filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced study and sNDA for their actual language and full text.  Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

## RESPONSE TO
## "IV.   PLAINTIFF ADELINE THOMAS MOSBY"

8.   Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 8 of the Complaint, and therefore is unable to admit or deny those allegations.

9.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in the first sentence of Paragraph 9 of the Complaint, and

therefore is unable to admit or deny those allegations. Merck denies each and every allegation made in the second sentence of Paragraph 9 of the Complaint.

10. Merck denies each and every allegation directed at Merck made in Paragraph 10 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck made in Paragraph 10 of the Complaint.

11. Merck denies each and every allegation directed at Merck made in Paragraph 11 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck made in Paragraph 11 of the Complaint.

12. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 12 of the Complaint, and therefore is unable to admit or deny those allegations.

13. Merck denies each and every allegation directed at Merck made in Paragraph 13 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck made in Paragraph 13 of the Complaint.

14. Merck denies each and every allegation directed at Merck made in Paragraph 14 of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck made in Paragraph 14 of the Complaint.

15. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 15 of the Complaint, and therefore is unable to admit or deny those allegations.

16. Merck denies each and every allegation made in Paragraph 16 of the Complaint.

17. Merck denies each and every allegation made in Paragraph 17 of the Complaint.

**RESPONSE TO**
**"V.    TOLLING OF APPLICABLE STATUTE OF LIMITATIONS"**

18. Merck denies each and every allegation made in Paragraph 18 of the Complaint.

918257v.1

## RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO
### "COUNT ONE - NEGLIGENCE"

19.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 18 of this Answer with the same force and effect as though set forth here in full.

20.     The allegations made in the first sentence of Paragraph 20 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx.  Merck denies each and every allegation made in the second sentence of Paragraph 20 of the Complaint.

21.     Merck denies each and every allegation made in Paragraph 21 of the Complaint.

22.     Merck denies each and every allegation made in Paragraph 22 of the Complaint.

23.     Merck denies each and every allegation made in Paragraph 23 of the Complaint.

24.     Merck denies each and every allegation made in Paragraph 24 of the Complaint.

25.     Merck denies each and every allegation made in Paragraph 25 of the Complaint.

### RESPONSE TO
### "COUNT TWO - FRAUD"

26.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.[1]

27.     Merck denies each and every allegation made in Paragraph 26 of the Complaint.

28.     Merck denies each and every allegation made in Paragraph 27 of the Complaint.

---

[1] Plaintiff has numbered two consecutive paragraphs as "25."  Merck has answered each separately.

## RESPONSE TO
## "COUNT THREE - PRODUCT LIABILITY"

29. Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.[2]

30. Merck denies each and every allegation made in Paragraph 29 of the Complaint.

31. Merck denies each and every allegation made in Paragraph 30 of the Complaint.

32. Merck denies each and every allegation made in Paragraph 31 of the Complaint.

33. Merck denies each and every allegation made in Paragraph 32 of the Complaint, except admits that, prior to its voluntary withdrawal of Vioxx in September 2004, Merck marketed the prescription medicine Vioxx for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information for Vioxx.

34. Merck denies each and every allegation made in Paragraph 33 of the Complaint.

35. Merck denies each and every allegation made in Paragraph 34 of the Complaint.

36. Merck denies each and every allegation made in Paragraph 35 of the Complaint.

37. Merck denies each and every allegation made in Paragraph 36 of the Complaint.

38. Merck denies each and every allegation made in Paragraph 37 of the Complaint.

39. Paragraph 38 of the Complaint is not an allegation and, therefore, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in Paragraph 38 of the Complaint, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for same.

---

[2] Plaintiff skipped "28" in her paragraph numbering, using instead "a" for this paragraph.

918257v.1

## RESPONSE TO
## "COUNT FOUR - NEGLIGENT MISREPRESENTATION"

40.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.     Merck denies each and every allegation made in Paragraph 40 of the Complaint.

42.     Merck denies each and every allegation made in Paragraph 41 of the Complaint, except admits that, prior to its voluntary withdrawal of Vioxx in September 2004, Merck marketed the prescription medicine Vioxx for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information for Vioxx.

43.     Merck denies each and every allegation made in Paragraph 42 of the Complaint.

44.     Merck denies each and every allegation made in Paragraph 43 of the Complaint.

## RESPONSE TO
## "COUNT FIVE - UNJUST ENRICHMENT"

45.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.     Merck denies each and every allegation made in Paragraph 45 of the Complaint, except it admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 46 of the Complaint, and therefore is unable to admit or deny those allegations.

48.     Merck denies each and every allegation made in Paragraph 47 of the Complaint.

49.     Merck denies each and every allegation made in Paragraph 48 of the Complaint.

918257v.1

50. Merck denies each and every allegation made in Paragraph 49 of the Complaint.

51. Paragraph 50 of the Complaint is not an allegation and, therefore, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in Paragraph 50 of the Complaint, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for same.

### RESPONSE TO
### "COUNT SIX - BREACH OF EXPRESSED AND IMPLIED WARRANTIES"

52. Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53. Merck denies each and every allegation made in Paragraph 52 of the Complaint.

54. Merck denies each and every allegation made in Paragraph 53 of the Complaint.

55. Merck denies each and every allegation made in Paragraph 54 of the Complaint.

56. Merck denies each and every allegation made in Paragraph 55 of the Complaint.

57. Merck denies each and every allegation made in Paragraph 56 of the Complaint.

58. Merck denies each and every allegation made in Paragraph 57 of the Complaint.

59. Merck denies each and every allegation made in Paragraph 58 of the Complaint.

60. Paragraph 59 of the Complaint is not an allegation and, therefore, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in Paragraph 59 of the Complaint, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for same.

918257v.1

## RESPONSE TO
## "COUNT SEVEN - PUNITIVE DAMAGE ALLEGATIONS (APPLICABLE TO ALL OF THE CAUSES OF ACTIONS)"

61. Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62. Merck denies each and every allegation made in Paragraph 61 of the Complaint.

63. Merck denies each and every allegation made in Paragraph 62 of the Complaint.

64. Merck denies each and every allegation made in Paragraph 63 of the Complaint.

## RESPONSE TO
## "PRAYER FOR RELIEF"

65. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 64 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 64, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

66. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 65 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 65, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

67. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 66 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 66, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

68. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 67 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 67, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

69. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 68 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 68, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

70. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 69 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 69, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

71. The "WHEREFORE" clause following "Prayer for Relief," and the relief sought in Paragraph 70 of the Complaint are not allegations and therefore no response is required. Should a response be deemed required, Merck denies each and every allegation in such clause and in Paragraph 70, except it admits that the Plaintiff purports to seek damages and other relief, but avers that there is no legal or factual basis for such relief.

72. Merck denies each and every allegation made in the Complaint that is not expressly admitted in this Answer.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Merck admits that plaintiff purports to request a trial by jury.

918257v.1

## AFFIRMATIVE AND OTHER DEFENSES

73. For its affirmative and other defenses, Merck alleges as follows:

### FIRST DEFENSE

74. This case is more appropriately brought in a different venue.

### SECOND DEFENSE

75. Plaintiff's claims are not suitable for joinder.

### THIRD DEFENSE

76. The Plaintiff's claims are time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### FOURTH DEFENSE

77. The Complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

78. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### SIXTH DEFENSE

79. If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### SEVENTH DEFENSE

80. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

918257v.1

**EIGHTH DEFENSE**

81. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**NINTH DEFENSE**

82. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiff.

**TENTH DEFENSE**

83. Any liability that might otherwise be imposed upon this defendant may be subject to reduction by the doctrine of comparative negligence.

**ELEVENTH DEFENSE**

84. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**TWELFTH DEFENSE**

85. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

918257v.1

**THIRTEENTH DEFENSE**

86. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

**FOURTEENTH DEFENSE**

87. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**FIFTEENTH DEFENSE**

88. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

**SIXTEENTH DEFENSE**

89. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**SEVENTEENTH DEFENSE**

90. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims.

**EIGHTEENTH DEFENSE**

91. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### NINETEENTH DEFENSE

92. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

### TWENTIETH DEFENSE

93. To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

### TWENTY-FIRST DEFENSE

94. To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, Plaintiff has not complied with the statutory requirements to recover punitive damages and, moreover, Plaintiff cannot establish the requisite standard of conduct.

### TWENTY-SECOND DEFENSE

95. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### TWENTY-THIRD DEFENSE

96. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTY-FOURTH DEFENSE

97. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug pharmaceutical preparation Plaintiff alleges she took within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**TWENTY-FIFTH DEFENSE**

98. Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**TWENTY-SIXTH DEFENSE**

99. Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

**TWENTY-SEVENTH DEFENSE**

100. Plaintiff's claims of fraud, misrepresentation and suppression are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by state and federal rules of civil procedure.

**TWENTY-EIGHTH DEFENSE**

101. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**TWENTY-NINTH DEFENSE**

102. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**THIRTIETH DEFENSE**

103. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**THIRTY-FIRST DEFENSE**

104. Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

918257v.1

**THIRTY-SECOND DEFENSE**

105. To the extent there were any risks associated with the use of the product that is the subject matter of the Complaint of which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**THIRTY-THIRD DEFENSE**

106. The injuries, damages and/or loss claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control. Any recovery by Plaintiff must be apportioned in direct proportion to such fault in accordance with applicable law.

**THIRTY-FOURTH DEFENSE**

107. Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and binding decision has been rendered.

**THIRTY-FIFTH DEFENSE**

108. Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

**THIRTY-SIXTH DEFENSE**

109. Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**THIRTY-SEVENTH DEFENSE**

110. Plaintiff has not sustained any injury or damages compensable at law.

918257v.1

- 17 -

**THIRTY-EIGHTH DEFENSE**

111. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**THIRTY-NINTH DEFENSE**

112. Merck reserves the right to seek dismissal of the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

**FORTIETH DEFENSE**

113. Plaintiff's claims are barred in whole or in part by the First Amendment.

**FORTY-FIRST DEFENSE**

114. Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

**FORTY-SECOND DEFENSE**

115. To the extent the Plaintiff's claims are governed by some other state law, Merck reserves the right to rely upon any state-specific defenses available under the law of such other state.

**FORTY-THIRD DEFENSE**

116. Venue in this case is improper.

**FORTY-FOURTH DEFENSE**

117. Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

**FORTY-FIFTH DEFENSE**

118. Plaintiff's claims may be barred, in whole and in part, by the doctrine of laches.

918257v.1

- 18 -

**FORTY-SIXTH DEFENSE**

119.   Plaintiff's claims may be barred, in whole or in part, by the governing state laws.

**FORTY-SEVENTH DEFENSE**

120.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**FORTY-EIGHTH DEFENSE**

121.   The claims of the Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

INASMUCH AS the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Merck will rely upon all defenses that may become available during discovery or trial.

WHEREFORE, Defendant, Merck & Co., Inc., requests the Court to enter judgment in its favor, dismiss the Complaint with prejudice, award Merck its reasonable costs and disbursements, and grant such other and further relief as the Court deems just and equitable.

Dated:  March 27, 2008

                                          Respectfully submitted

                                          */s/ Thomas P. Owen, Jr.*
                                          Richard C. Stanley, 8487
                                          Bryan C. Reuter, 23910
                                          Thomas P. Owen, Jr., 28181
                                          Melissa V. Beaugh, 28250
                                          STANLEY, FLANAGAN & REUTER, L.L.C.
                                          909 Poydras Street, Suite 2500
                                          New Orleans, LA 70112
                                          Telephone:  (504) 523-1580
                                          Telecopier:  (504) 524-0069

                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimerbly, 18509
                                          Carmelite M. Bertaut, 3054
                                          STONE PIGMAN WALTHER WITTMAN, L.L.C.
                                          546 Carondelet Street
                                          New Orleans, LA  70130
                                          Telephone:  (504) 581-3200
                                          Telecopier:  (504) 581-3361

                                          Attorneys for Merck & Co., Inc.

918257v.1

- 20 -

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 27th day of March, 2008.

                                                    */s/ Dorothy H. Wimberly*

918257v.1