**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  VIOXX® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | SECTION L |
| | ) | MDL Docket No. 1657 |
| _____ | ) | |
| THIS RELATES TO: | ) | JUDGE FALLON |
| Lewis B. Stuckey v. Merck & Co., Inc. | ) | MAG. JUDGE KNOWLES |
| EDLA Civil Action No.:  08-1119 | ) | |
| | ) | |
| (MDGA No. 1:08-cv-00016-WLS) | ) | |

**DEFENDANT MERCK & CO., INC.'S ANSWER,**
**DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Merck & Co., Inc. ("Merck"), Defendant in the above-captioned action, hereby submits

its Answer, Defenses and Jury Demand to Plaintiff's Complaint ("Complaint"), respectfully

showing as follows:

**DEFENSES**

**FIRST DEFENSE**

The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes

of limitations, statues of repose, or are otherwise untimely.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The claims of Plaintiff may be barred, in whole or in part, from recovery because

Plaintiff has made statements or taken actions that precludes Plaintiff from asserting claims or

constituted a waiver of Plaintiff's claims.

## FOURTH DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## FIFTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## SIXTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## SEVENTH DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## EIGHTH DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx® ("Vioxx"), such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## NINTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

918473v.1

## TENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## TWELFTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## FOURTEENTH DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Georgia law.

918473v.1

**FIFTEENTH DEFENSE**

To the extent Plaintiff brings a claim for fraud, such claim is barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by O.C.G.A. § 9-11-9(b).

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, U.S.C. § 301.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the First Amendment.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**NINETEENTH DEFENSE**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**TWENTIETH DEFENSE**

This case is more appropriately brought in a different venue.

**TWENTY-FIRST DEFENSE**

Venue in this case is improper.

918473v.1

## TWENTY-SECOND DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## TWENTY-THIRD DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## TWENTY-FOURTH DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to Plaintiff's claims.

## TWENTY-FIFTH DEFENSE

The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

## TWENTY-SIXTH DEFENSE

The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## TWENTY-SEVENTH DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

918473v.1

## TWENTY-EIGHTH DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## TWENTY-NINTH DEFENSE

The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## THIRTIETH DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## THIRTY-FIRST DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

## THIRTY-SECOND DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

## THIRTY-THIRD DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## THIRTY-FOURTH DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

918473v.1

## THIRTY-FIFTH DEFENSE

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-SIXTH DEFENSE

Merck avers that the Georgia Statute respecting awards of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contracted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products, violates the Constitution of the United States, particularly in that it does not afford product manufacturers, such as Merck, equal protection of the laws.

## THIRTY-SEVENTH DEFENSE

Pursuant to O.C.G.A. § 51-12-5.1, to the extent punitive damages are assessed against Merck, only one award of punitive damages may be recovered in any court in the State of Georgia from Merck arising from product liability of a single product.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

918473v.1

## FORTIETH DEFENSE

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## FORTY-SECOND DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## FORTY-FOURTH DEFENSE

Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims.

## FORTY-SIXTH DEFENSE

Service on Merck was insufficient.

918473v.1

## FORTY-SEVENTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.  Merck further states that it will rely on any defense that may become available during discovery or trial.

## FORTY-SEVENTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## ANSWER

Subject to and without waiving the foregoing defenses, Merck responds to the individually numbered paragraphs of the Complaint as follows:

### RESPONSE TO "I.  JURISDICTION"

1.      The allegations set forth in Paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said Paragraph, except admits that Plaintiff purports to state a claim in excess of $75,000.00, but denies that there is any legal or factual basis for awarding same.

918473v.1

In response to the allegations set forth in the paragraph immediately following Paragraph 1 of the Complaint, Merck admits that it is a New Jersey corporation with its principle place of business at One Merck Drive, Whitehouse Station, New Jersey.   Merck lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations set forth in the paragraph immediately following Paragraph 1 of the Complaint, and therefore denies same.

## RESPONSE TO "II.  FACTS SUPPORTING CLAIM"

2.      Merck denies each and every allegation set forth in the first two sentences of Paragraph 2 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, and that Merck manufactured, marketed, and distributed Vioxx until it announced the voluntary worldwide withdrawal of Vioxx on September 30, 2004.  Merck lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 2 of the Complaint, and therefore denies same.

3.      Merck denies each and every allegation set forth in Paragraph 3 of the Complaint.

4.      Merck denies each and every allegation set forth in Paragraph 4 of the Complaint.

5.      Merck denies each and every allegation set forth in Paragraph 5 of the Complaint.

6.      Merck denies each and every allegation set forth in Paragraph 6 of the Complaint.

7.      Merck denies each and every allegation set forth in Paragraph 7 of the Complaint.

8.      Merck denies each and every allegation set forth in Paragraph 8 of the Complaint.

9.      The allegations set forth in Paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

918473v.1

## RESPONSE TO "III.  DAMAGES"

10.     Merck denies each and every allegation set forth in Paragraph 10 of the Complaint.

11.     The allegations set forth in Paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in Paragraph 11 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

12.     Merck denies each and every allegation directed at Merck set forth in Paragraph 12 of the Complaint.  Merck lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations set forth Paragraph 12 of the Complaint.

13.     Merck denies each and every allegation set forth in Paragraph 13 of the Complaint.

14.     Merck denies each and every allegation set forth in Paragraph 14 of the Complaint.

15.     Merck denies each and every allegation set forth in Paragraph 15 of the Complaint.

16.     Merck denies each and every allegation set forth in Paragraph 16 of the Complaint.

17.     Merck denies each and every allegation set forth in Paragraph 17 of the Complaint.

18.     Merck denies each and every allegation set forth in Paragraph 18 of the Complaint.

918473v.1

19.     Merck denies each and every allegation set forth in the paragraph of the Complaint beginning "WHEREFORE" and immediately following Paragraph 18 of the Complaint, except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

20.     Any allegation of the Complaint not specifically responded to above is hereby denied.

**WHEREFORE**, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice, taxing all costs against Plaintiff, and awarding Merck such other and further relief as this Court deems just and proper.

<u>**JURY DEMAND**</u>

Merck demands a trial by jury as to all issues so triable.

This ___ day of April, 2007.

**MORRIS, MANNING & MARTIN, LLP**

<u>/s/  Jeffrey K. Douglass</u>
John P. MacNaughton
Georgia Bar No. 464550
Robert P. Alpert
Georgia Bar No. 013635
Jeffrey K. Douglass
Georgia Bar No. 227523

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000 (Telephone)
(404) 365-9532 (Facsimile)

*Attorneys for Defendant Merck & Co., Inc.*

918473v.1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | **SECTION L** |
| | ) | **MDL Docket No. 1657** |
| _____ | ) | |
| **THIS RELATES TO:** | ) | **JUDGE FALLON** |
| Lewis B. Stuckey v. Merck & Co., Inc. | ) | **MAG. JUDGE KNOWLES** |
| Civil Action No.: 1:08-cv-00016-WLS | ) | |
| Middle District of Georgia (MDL#08-1119) | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing "DEFENDANT MERCK & CO., INC.'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT" upon all parties as follows:

> William J. Murray, Esq.
> 323 S. Lee Street
> Americus, Georgia 31709
> (229) 924-4471
> wjmurraylaw@bellsouth.net

by electronic filing via CM/ECF notification or by having a copy of same mailed via the U.S. Mail, properly addressed and with postage prepaid.

This 27th day of March, 2007.

> /s/  Jeffrey K. Douglass
> Jeffrey K. Douglass
>
> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Phone:  504-581-3200
> Fax:     504-581-3361
> dwimberly@stonepigman.com

918473v.1