DANNY BELL #K-b8611
F.S.P.
P.O. Box 950
Folsom, CA 95763

U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   JAN - 9 2008

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>**TENDERED FOR FILING**<br><br>JAN - 9 2007<br>U.S. DISTRICT COURT<br>Eastern District of Louisiana<br>Deputy Clerk | MDL No. 1657<br><br>SECTION (L)<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:
   BELL V. Merck & Co., Inc., 05-1243

ORIGINAL

## MOTION FOR INCLUSION IN SETTLEMENT PROGRAM

### CONSENT DECREE AND ORDER

### STIPULATION AND CONSENT DECREE

The parties hereto, by their counsel, are mutually desirous of disposing of the issues raised by this suit without further litigation, and for that reason Plaintiff and Defendant are willing to consent to the entry of the following Order. This Consent Decree shall in no way be interpreted as an admission by the Defendants of any violation of Federal Law.

WHEREFORE, the parties hereto, by their counsel hereby stipulates and agree that this case shall be settled by Consent

___ Fee _____
___ Process _____
_X_ Dktd _____
_X_ CtRmDep _____

Decree as follows:

1. The Liability Products Litigation case of Bell V. Merck & Co. Inc. is terminated, pursuant to settlement negotiation of payment of Four point Eightyfive Billion ($4.85 billion) Dollars to be distributed to party plaintiffs of MDL 1657 of the EASTERN DISTRICT OF LOUISIANA.

2. The Merck Co. will distribute the negotiated settlement by Claims Administrator through a Settlement Program, requiring each plaintiff's participation, which Program may be in opporation up to an extended period of Two years as estimated by counsel.

3. Merck shall not hereinafter terminate or attempt to terminate the negotiated settlement of any qualified plaintiff whether after initial payment or at the expiration of the estimated two years, necessary to properly award all negotiated settlement in full, without providing any such plaintiff due process of law, to wit, "Merck" will notify the plaintiff of the reasons set forth by the Claims Administrator for the termination, together with the plaintiff's notice of the right to be heard in opposition to the termination and the reasons set forth.

4. "Merck", upon a finding that good cause for the termination of the negotiated settlement, exist, shall have the sole right to vacate the negotiated settlement agreement and return to trial

as class party Defendant.

5. The terms of the negotiated settlement issued on this matter shall continue within two years through January 9, 2010.

Danny Bell
*Danny Bell*
PRO SE Plaintiff   CV No. 05-1243

Merck & Co., Inc.
_____

_____
Defendants

Dated: January 4, 2008