IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re VIOXX | : | |
| | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| *This document relates to ALL CASES* | : | JUDGE ELDON E. FALLON |
| | : | |

## QUALIFIED PROTECTIVE ORDER REGARDING EXPRESS SCRIPTS, INC.

Express Scripts, Inc. ("ESI"), a corporation in the business of providing pharmacy benefit management services to prescription drug benefit plans, health insurance companies, employers and other clients, has received requests for prescription drug claims adjudicated electronically ("PBM prescription drug claims data") relating to claimants who have enrolled in the Vioxx Settlement Program ("Enrolled Program Participants"), as outlined in the terms of the *Master Settlement Agreement* ("MSA") between Merck & Co., Inc., and the Negotiating Plaintiffs Counsel ("NPC"). Pursuant to the MSA, enrolling claimants are required to submit certain information to the Claims Administrator, including information relating to prescriptions for medications. The entry of a HIPAA-compliant Qualified Protective Order is necessary in this action in order to permit ESI to provide PBM prescription drug claims data and other "protected health information" and "individually identifiable health information".

Having been sufficiently advised of the confidential nature of the information and data to be provided by ESI, and upon taking judicial notice of the applicable statutory provisions, policies and regulations restricting disclosure of this information and data,

**IT IS HEREBY ORDERED AS FOLLOWS**:

I.    **Protected Confidential Information**

This Qualified Protective Order shall apply to PBM prescription drug claims data and all "protected health information" and "individually identifiable health information", as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, and any other applicable federal and state laws and regulation, created, received or collected from ESI, including, but not limited to: (1) names and addresses, dates of birth, social security numbers, and other demographic information that identifies, or could be used to identify any person; (2) eligibility and entitlement information of any person for prescription drug claim benefits; and, (3) claims information relating to the provision of healthcare to any person (collectively referred to as "*Confidential Information*").

II.   **Permissible Disclosure of Confidential Information**

   A.   **ESI to NPC or its Designees**

The Court finds it necessary for ESI and hereby authorizes ESI to transmit the *Confidential Information* to the NPC or its designees to respond to requests for such *Confidential Information*.

   B. **NPC or its Designees to Claimant's Primary Counsel, Merck, Claims Administrator and the Court**

The NPC or its designees may transmit the *Confidential Information* it has received from ESI to any of the following (collectively, along with the NPC and its designee, referred to as "*Receiving Party*"):

   a. the Claimant's Primary Counsel;

   b. the Claims Administrator;

    c. Merck and Co., Inc., and,

    d. This Court, if necessary, under seal.

**III.** <u>Use of *Confidential Information*</u>

The *Receiving Party* shall only use the *Confidential Information* in connection with the Vioxx litigation (no matter where the case was filed).

**IV.** <u>Protection of *Confidential Information*</u>

  1. The *Receiving Party* shall take all reasonable and necessary steps to assure the security of any *Confidential Information* and will limit access to *Confidential Information* to those persons authorized by this Order.

  2. The *Receiving Party* shall maintain the *Confidential Information* subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by the *Receiving Party* with respect to its own confidential proprietary information.

The Court finds that the foregoing is necessary for the orderly administration of the Vioxx litigation and Vioxx Settlement Program.

New Orleans, Louisiana, this 10th day of April, 2008

                  */s/ Eldon E. Fallon*
                  Honorable Eldon E. Fallon
                  U.S. District Court Judge