UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO:**
*Jackson, et al. v. Merck & Co., Inc.*, **Case No. 07-9138; and**
*Durham, et al. v. Merck & Co., Inc.*, **Case No. 07-9196**

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Reconsider (Rec. Doc. No. 13717). For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

On March 12, 2008, the Court issued an Order to Show Cause in *Jackson, et al. v. Merck & Co., Inc.*, Case No. 07-9138, and *Durham, et al. v. Merck & Co., Inc.*, Case No. 07-9196, regarding Plaintiffs' counsel's failure to comply with the Court's order severing the Plaintiffs' claims. Plaintiffs' counsel in these cases responded to the Court and stated that they had filed a motion for reconsideration of the Court's severance orders. After looking into the matter, Plaintiffs' counsel realized that they had not filed their motion with the Court, but rather merely uploaded their motion to the Lexis/Nexis File & Serve service. Plaintiffs have subsequently filed their motion for reconsideration before the Court.

With respect to *Jackson, et al. v. Merck & Co., Inc.*, Plaintiffs argue that Pre-Trial Order 26 (the "PTO") provided that those claimants who have previously joined together to enter into a

1

joint tolling agreement were unaffected by the PTO, and that the *Jackson* Plaintiffs were parties to such a joint tolling agreement.  The Court has reviewed the PTO and the Plaintiffs' complaint in the *Jackson* case and agrees that this case was unaffected by the PTO.  Accordingly, the Court's Order severing Plaintiffs' claims in *Jackson* should be vacated.

With respect to *Durham, et al. v. Merck & Co., Inc.*, the Plaintiffs argue that the Court's concerns in the elimination of administrative complications and inefficiencies do not justify severing this case in large part because Plaintiffs' counsel has registered and will recommend that all of the Plaintiffs participate in the Settlement Program.  The Court does not agree. The Plaintiffs' "bundling" of claims creates immense administrative difficulties for the Court and this Court is not the first to recognize this problem.  *See also In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269 (D. Minn. July 5, 2002) (disapproving of the practice of "bundling" unrelated claimants in one complaint).  As Plaintiffs' counsel states, they intend to "recommend" that all of their clients enroll in the Settlement Agreement; that does not guarantee that all of counsel's clients will enroll or, if they all do enroll, none of them will elect to pursue their case after a determination that they do not meet the threshold requirements to participate in the Settlement Program.  That situation, where multiple plaintiffs would be dismissed from a bundled complaint while other plaintiffs would remain, creates administrative difficulties for the Court.

Accordingly, Plaintiffs' Motion to Reconsider is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Court's Order Pursuant to Pre-Trial Order 26 in *Jackson, et al. v. Merck & Co., Inc.*, Case No. 07-9138, is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiffs' counsel in *Durham, et al. v. Merck & Co., Inc.*, Case No. 07-9196, shall comply with the Court's Order Pursuant to Pre-Trial Order 26 within fifteen days of the date of this Order.

New Orleans, Louisiana, this 10th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

cc:  Tim K. Goss
　　　Tamara L. Banno
　　　Freese & Goss, PLC
　　　3031 Allen, Suite 200
　　　Dallas, TX  75204

　　　Plaintiffs' Liaison Counsel

　　　Defendant's Liaison Counsel