FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 MAR 31  PM 4: 08

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | * MDL 1657 <br> * SECTION L <br> * JUDGE ELDON E. FALLON <br> * <br> * MAGISTRATE JUDGE <br> *   DANIEL E. KNOWLES, III |

THIS DOCUMENT RELATES TO:
*MARTIN P. ACKERMAN V. MERCK & CO. INC. No. 06-1512*

### UNCONTESTED MOTION FOR SUBSTITUTION OF PARTIES

Now comes David C. Ackerman, pursuant to Fed. R. Civ. P. 25(a)(1), and shows the Court that Martin P. Ackerman (hereinafter "Decedent Martin Ackerman"), a Plaintiff in the above-styled action, died on or about April 24, 2007, and that David C. Ackerman is the lawfully appointed Personal Representative of the Estate of Martin Ackerman.

By signing below, Plaintiff's counsel of Record, Richard J. Weiner, Esq, hereby certifies that, upon order of this Court granting said uncontested motion for substitution of parties, he shall make the necessary changes in party status on Lexis Nexis File & Serve in compliance with Pre-Trial Order No.8 A, paragraph 14.

[signature]

...

It is therefore prayed that the Court enter an order that David C. Ackerman as the Personal Representative of the Estate of Martin Ackerman, Decedent, be substituted in the above-styled action as Plaintiff in the place and stead of Decedent, Martin Ackerman.

Respectfully submitted by:

Dated: March 3, 2008

Richard J. Weiner, Esq. NY Bar #1778737
WEINER, CARROLL & STRAUSS
19 Rockland Center - Suite 425
Nanuet, NY 10954
(845) 623-0090
Fax (201) 930-0400

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Uncontested Motion for Substitution has been served on Liaison Counsel, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 on this 3rd day of March, 2008.

Richard J. Weiner, Esq. NY Bar #1778737
WEINER, CARROLL & STRAUSS
19 Rockland Center - Suite 425
Nanuet, NY 10954
(845) 623-0090
Fax (201) 930-0400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX PRODUCTS LIABILITY LITIGATION

* MDL 1657
* SECTION L
* JUDGE ELDON E. FALLON
*
* MAGISTRATE JUDGE
* DANIEL E. KNOWLES, III
*

------------------------------------------------

## CERTIFICATION

RICHARD J. WEINER certifies to the Court as follows:

1. I am the attorney for Martin P. Ackerman, deceased, in this matter.

2. David C. Ackerman has been appointed through Letters Testamentary issued by the Surrogate's Court of Westchester County, copy attached, as administrator of Martin Ackerman's estate.

3. Accordingly, application is made for permission to substitute David C. Ackerman, administrator of the Estate of Martin P. Ackerman, deceased in the place and stead of Martin P. Ackerman.

4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

RICHARD J. WEINER, ESQ.

Dated: March 27, 2008

SURROGATE'S COURT OF THE STATE OF NEW YORK
WESTCHESTER COUNTY

CERTIFICATE OF APPOINTMENT OF FIDUCIARY

File No. 1103/2007

IT IS HEREBY CERTIFIED that Letters in the Estate of the decedent named below have been granted by this Court as follows:

NAME OF DECEDENT: MARTIN P. ACKERMAN

DOMICILE OF DECEDENT: Village Of Bronxville

DATE OF DEATH: April 24, 2007

FIDUCIARY(S) TO WHOM LETTERS ARE ISSUED: David C. Ackerman

TYPE OF LETTERS ISSUED: LETTERS TESTAMENTARY

DATE LETTERS ISSUED: May 1, 2007

LIMITATIONS ON LETTERS: NONE

and such letters are unrevoked and in full force as of this date.

Dated: May 25, 2007

IN TESTIMONY WHEREOF, the seal of the Surrogate's Court of Westchester County has been affixed.

L.S.

WITNESS: Hon. Anthony A. Scarpino, Jr., Surrogate of the County of Westchester.

*[signature: John W. Kelly]*

Chief Clerk of the Surrogate's Court

**THIS CERTIFICATE IS NOT VALID WITHOUT THE RAISED SEAL OF THE COURT**

(Note: SCPA 710 PROVIDES IN PART: "4. No fiduciary shall remove property of the estate without the state without the prior approval of the Court and upon filing a bond if required by the Court.")