**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | **MAGISTRATE JUDGE KNOWLES** |
| * * * * * * * * * * * * * * * * * * | * | |

**JOINT REPORT NO. 34 OF**
**PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 34.

I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pre-Trial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail.
- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B

subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Orders 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.
- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy, and other records relating to claimants' enrolling in the Vioxx Resolution Program.
- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters.

On December 10, 2007, attorney Ronald Benjamin filed a Notice of Appeal from Pre-Trial Orders 28 and 31. Both Merck and the PLC moved to dismiss this appeal. On March 28, 2008, the United States Court of Appeals, Fifth Circuit, issued an Order granting the Motion to Dismiss.

Following the March 25, 2008 status conference, the parties submitted to the Court a suggested Pre-Trial Order that sets out the rules and procedures relating to motions to withdraw from representation of a client and disposition of claims brought by plaintiffs who cannot be found or are non-responsive to communications from counsel. The general terms of the proposed order were discussed at the monthly status conference on March 25, 2008, and the

parties will be prepared to discuss this further at the monthly status conference on April 17, 2008.

As announced at the January 18, 2008 monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments. Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008 for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation. A copy of both of the amendments are available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement. In addition, the parties will be prepared to discuss these issues further at the monthly status conference on April 17, 2008.

## II. REGISTRATION OF CLAIMS IN THE SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration. Brown & Greer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and other issues at the monthly status conference on April 17, 2008.

## III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or

state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm will report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

## IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. A meeting took place on March 5, 2008 with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program.

## V. STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2008.

## VI. CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court.

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed. The parties will be prepared to discuss this further at the monthly status conference on April 17, 2008.

VII.    DISCOVERY DIRECTED TO MERCK

On August 14, 2007, the Court entered an Order and Reasons regarding Special Master Paul R. Rice's Report and Recommendations on a representative sampling of documents as to which Merck has asserted privilege and Merck's motion to adopt in part the Special Master's Report and Recommendations and Merck's objections that were filed under seal. Documents that are discoverable were being produced to plaintiffs in accordance with an agreed schedule, with the production scheduled to conclude on or about November 30, 2007.   The motions and production deadline are subject to the stay set forth in Pre-Trial Order 30.   The parties will be prepared to discuss this further at the monthly status conference on April 17, 2008.

VIII.   DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA"). Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6).   Counsel for FDA and PLC have been in communication regarding these subpoenas.   On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in the possession of the FDA.   On January 18, 2008, the Court entered an order granting the PSC's motion.   Representatives of the PSC have been in communication with counsel for the FDA and have been advised that the FDA will be responding to the subpoena.   The parties have

continued to discuss the subpoenas and production, and the PSC will be prepared to discuss this further at the monthly status conference on April 17, 2008.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding the Website Known as "OfficialVioxSettlement.Com". The motion subsequently was granted by the Court. The PSC will be prepared to discuss this further at the monthly status conference on April 17, 2008.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In The Possession of Express Scripts, Inc. The parties and ESI have resolved the discovery issues and ESI has agreed with the request made in connection with the Vioxx settlement program for production of the prescription drug documents or data needed for the Vioxx settlement program.

## IX. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on April 17, 2008.

## X. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007

advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigations and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on April 17, 2008.

## XI. MERCK'S MOTIONS

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on April 17, 2008.

## XII. ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with

the State of Texas MDL PSC. The PSC will be prepared to discuss this further at the monthly status conference on April 17, 2008.

XIII. VIOXX SUIT STATISTICS

As of December 31, 2007, Merck had been served or was aware that it had been named as a defendant in approximately 26,500 lawsuits, which include approximately 47,275 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and approximately 262 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 9,025 lawsuits representing approximately 26,275 plaintiff groups are or are slated to be in the federal MDL and approximately 15,575 lawsuits representing approximately 15,575 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of December 31, approximately 13,230 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 6,350 plaintiff groups have been dismissed as of December 31. Of these, there have been more than 1,850 plaintiff groups whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts. More than 4,500 additional plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party).

Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

## XIV. PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued PTO 27 regarding submission of the PSC's trial package. On October 3, 2007, the trial package was presented to the Court for review. The PSC continues to explore, develop and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package. Further, the PSC is continuing to work on the Stroke Trial Package. The PSC will be prepared to discuss this further at the monthly status conference on April 17, 2008.

## XV. OTHER MOTIONS

On February 20, 2008, Healthcare Recoveries, Inc. ("HRI") filed a Petition seeking "pre-action" depositions from Merck and plaintiffs counsel regarding plaintiffs who have Vioxx related personal injury claims. On March 10 and 12, 2008, respectively, the PSC and Merck moved to dismiss HRI's petition. Oral argument was held on March 25, 2008, and the Court took the matter under advisement.

XVI. THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. The parties will be prepared to discuss this further at the monthly status conference on April 17, 2008.

XVII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA 70130-3588
PH: (504) 581-3200
FAX: (504) 581-3361
**Defendants' Liaison Counsel**

**CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 33 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of April, 2008.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| * * * * * * * * * * * * * * * * * * | * | |

**MONTHLY STATUS CONFERENCE**
**APRIL 17, 2008**
**SUGGESTED AGENDA**

I. Settlement Agreement

II. Registration of Claims in the Settlement Program

III. Lien Administrator

IV. Special Master and Deputy Special Masters

V. State Court Trial Settings

VI. Class Actions

VII. Discovery Directed to Merck

VIII. Discovery Directed to Third Parties

IX. State/Federal Coordination -- State Liaison Committee

X. *Pro Se* Claimants

XI. Merck's Motions

XII. Issues Relating to Pre-Trial Order No. 9

XIII. Vioxx Suit Statistics

XIV. PSC MDL Trial Package

XV. Other Motions

XVI. Third Party Payor Cases

XVII. Next Status Conference