UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| ALL CASES | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**MERCK'S OPPOSITION TO CERTAIN PLAINTIFFS' AND THEIR COUNSEL'S
EMERGENCY MOTION FOR MODIFICATION AND/OR SUSPENSION OF
PRETRIAL ORDER NO. 28 AND REQUEST FOR
EXPEDITED TELEPHONIC HEARING**

PTO 28 is a very important step in the management of this litigation – a mass tort proceeding that is now nearly four years old.  Like similar *Lone Pine* orders adopted by other MDL courts, PTO 28 is designed to cull out patently meritless claims from the thousands of cases filed in this proceeding and allow the parties – and the Court – to focus only on claims that warrant further time-consuming and expensive discovery.

PTO 28 is also the product of a proposal made jointly by defense counsel and by counsel representing plaintiffs in four jurisdictions coordinating Vioxx litigation.  The order is carefully drafted to identify the requirements that must be met to warrant further discovery and to establish procedures for the careful consideration of dismissal of those claims that do not.  It is the right order, adopted at the right time in this litigation.

The motion filed by certain Kentucky counsel who represent claimants with various alleged injuries seeks to "modify or suspend" the application of PTO 28 on the supposed grounds that:  (1) Merck has not provided plaintiffs any appreciable discovery with respect to deep vein thrombosis ("DVT") or pulmonary embolism ("PE") cases; and (2) PTO 28 does not permit

sufficient time for substitution of counsel and preparation of claims for myocardial infarction ("MI") or ischemic stroke ("IS") plaintiffs who have rejected the Resolution Program.

Plaintiffs' arguments are flawed – and their motion should be rejected – for two critical reasons. ***First***, plaintiffs' claim that Merck has not provided them with appreciable discovery is preposterous. Merck has produced millions of pages of documents regarding all clinical studies related to Vioxx, and the company did not segregate that material based on the injury asserted. There is simply no treasure trove of DVT or PE causation documents that Merck is withholding from plaintiffs. In any event, there is no rule that a defendant must complete discovery before a plaintiff is required to substantiate his or her claims – the very purpose of a *Lone Pine* order like PTO 28 is to make sure plaintiffs' claims have some foundation before the parties begin spending substantial time and money litigating them.

***Second***, there is no need to modify or extend PTO 28 as it applies to plaintiffs who have rejected the Resolution Program because the Order already makes clear that the relevant deadlines can be relaxed "for good cause shown." Notably, plaintiffs' counsel do not point to a single plaintiff who is having trouble meeting this deadline, let alone a plaintiff whose application for an extension was denied by the Court. Rather, they seek to abrogate the order based on hypothetical difficulties. For this reason as well, the motion should be denied.

## ARGUMENT

### I. THERE IS NO REASON TO MODIFY OR AMEND PTO 28 WITH REGARD TO DVT OR PE CASES.

Plaintiffs' first argument – that it is too early to require DVT or PE plaintiffs to substantiate their claims because "the PSC has not conducted any discovery" (Pls.' Mot. at 2) – misunderstands the nature of PTO 28 and ignores millions of pages of discovery produced by Merck in this litigation.

2

PTO 28 is a standard *Lone Pine* order of a type commonly required in mass tort proceedings to ensure that there is a good-faith basis for plaintiffs' claims before requiring the parties to engage in time-consuming and expensive discovery and pretrial proceedings. *See Lore v. Lone Pine Corp.*, No. L 33606-85, 1986 N.J. Super. LEXIS 1626 (N.J. Super. Law Div. Nov. 18, 1986). PTO 28, like most *Lone Pine* orders, requires plaintiffs to provide case-specific expert reports establishing that plaintiffs' injuries were caused by Merck's conduct, together with the scientific basis for the experts' opinions. The propriety of such orders has been endorsed by the United States Court of Appeals for the Fifth Circuit. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000); *see also Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 (5th Cir. 2006). As the court in *Acuna* observed, "*Lone Pine* orders are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation." 200 F.3d at 340. *See also Baker v. Chevron USA, Inc.*, No. 1:05-CV-227, 2007 U.S. Dist. LEXIS 6601, at *2 (S.D. Ohio Jan. 30, 2007) ("The basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases involving numerous claimants, such as this one.").

*Acuna* involved over a thousand claims for alleged personal injuries and property damage arising from defendants' uranium mining and processing activities. The district court issued pre-discovery scheduling orders that required plaintiffs to establish, *inter alia*, "certain elements of their claims through expert affidavits" as well as "the scientific and medical bases for the expert's opinions." *Acuna*, 200 F.3d at 338. The court observed that it was within the district court's "discretion to take steps to manage the complex and potentially very burdensome discovery that the cases would require." *Id.* at 340. Ultimately, the appellate court affirmed the district court's decision to dismiss the claims for failure to comply with the order, observing that

3

the order merely required the sharing of "information which plaintiffs should have obtained before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries . . . and the basis for believing that the named defendant[] [was] responsible for his injuries." *Id.*

Similarly, in *Baker*, the court issued a pre-trial *Lone Pine* order providing certain plaintiffs 150 days "to preliminarily disclose evidence of causation prior to formal discovery." The court observed that the "basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases involving numerous claimants." *Id.* at *2. The court dismissed with prejudice the claims of certain plaintiffs who failed to submit the evidence by the expiration of the 150-day deadline. *Id.* at *11-12.

PTO 28 similarly represents an effort by the Court to manage an extremely large docket of complicated cases by requiring basic information about usage, injury, and causation. Given that this litigation is nearly four years old, it is hard to take seriously plaintiffs' suggestion that such an order is premature.

Plaintiffs' argument that the PSC should be allowed to conduct additional discovery before plaintiffs comply with PTO 28 is no more persuasive. As the Court well knows, Merck has produced roughly three million documents to plaintiffs in this litigation. And though plaintiffs' motion tends to assume that Merck "separated out" documents based on whether the document was related to MI, stroke, or DVT issues, for example, that is simply not true. Rather, documents were produced to the extent each was relevant to Vioxx. The documents Merck has already produced – including clinical study reports, adverse event reports, and documents from custodial files – are the types of materials plaintiffs presumably would be seeking regarding general causation issues if this litigation were just getting started. In short, to the extent Merck

documents may guide the framing of these plaintiffs' claims, plaintiffs already have access to those documents.

Boiled down to its essence, plaintiffs' motion argues that they should be allowed to warehouse their cases, doing nothing, *until somebody else comes up with the foundation for them*. This is clearly not how litigation is supposed to work. As the *Acuna* court noted, Rule 11(b)(3) requires that each plaintiff have some basis for believing that the defendant was responsible for his injuries. Otherwise, the mere existence of an MDL proceeding would become a license to file frivolous claims.

In sum, this litigation is nearly four years old, Merck has produced a mountain of documents to plaintiffs, the order at issue afforded ample time for plaintiffs to comply with its requirements, and the requirements of PTO 28 fall well within the contours of similar *Lone Pine* orders that have been consistently upheld in federal courts. For all of these reasons, PTO 28's requirements for DVT and PE plaintiffs should not be modified or suspended.

II.     THE TERMS OF PTO 28 ALREADY CONTEMPLATE EXTENSIONS FOR "GOOD CAUSE" AND THEREFORE DO NOT PREJUDICE MI AND STROKE PLAINTIFFS WHO HAVE NOT ENTERED THE RESOLUTION PROGRAM.

Plaintiffs' second argument – that PTO 28 should be modified or suspended for MI or IS plaintiffs who chose not to enter the Resolution Program – is no more persuasive.

Plaintiffs argue that PTO 28 does not allow MI and IS plaintiffs who have chosen not to enter the Resolution Program to "prepare their case or to obtain substitute counsel." (Pls.' Mot. at 2.) According to plaintiffs, "PTO 28 sets impossible deadlines that will prevent any case ineligible for the Resolution Program from being prosecuted." (*Id.* at 3.) But plaintiffs' argument is purely theoretical – indeed, the motion fails to identify a single plaintiff who is having difficulty meeting the order's deadline. In any event, PTO 28 clearly states that no extensions of the time for filing shall be granted "except for good cause shown." (Pretrial Order

5

No. 28, § II.D.) If a particular plaintiff has a timing problem attributable to difficulties in obtaining new counsel, that plaintiff can move the Court for an extension (or to excuse untimely compliance), if there are grounds for such a motion. But such theoretical timing issues are simply not persuasive reasons for granting a blanket extension on the time to file, much less for an indefinite suspension of the requirements of PTO 28.[1]

Plaintiffs' argument that PTO 28 "sets impossible deadlines" rings hollow for the further reason that plaintiffs waited over five months – until virtually the eve of the deadline – to bring their "emergency" motion. Having made no effort to meet and confer with respect to any difficulties individual plaintiffs were having regarding compliance with the order's requirements, plaintiffs cannot persuasively argue that they are entitled to eleventh-hour "emergency" relief.

In short, plaintiffs' "emergency motion" seeks to "suspend indefinitely the requirements of PTO 28" despite the fact that plaintiffs fail to identify even one plaintiff who is having difficulty meeting the order's deadline. For this reason too, plaintiffs' motion should be denied.

---

[1] Indeed, plaintiffs themselves aver that "[c]ounsel have recommended to all of their eligible clients that they participate in the RP and the ***vast majority of those clients have accepted Counsel's recommendations***." (Pls.' Mot. at 1 (emphasis added).)

## **CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' motion to modify or suspend the requirements of PTO 28.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005

Attorneys for Merck & Co., Inc.

922764v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of April, 2008.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

922764v.1