UNITED STATES DISTRICT COURT
EASTERN DISTRICT LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTION LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| | * | |
| Johnny Allen, Patricia Adkins, et al. | * | MAGISTRATE JUDGE |
| v. Merck & Co., Inc. | * | KNOWLES |
| Docket Number: 06-6601 | * | |
| | * | |

*******************************************************************************************

## MOTION FOR DISMISSAL WITHOUT PREJUDICE OF PLAINTIFFS' CONSUMER PROTECTION ACT CLAIMS

Plaintiffs, Johnny Allen, Patricia Adkins, et al., pursuant to Federal Rule of Civil Procedure 41(a)(2), move this Honorable Court to dismiss without prejudice their respective Consumer Protection Act Claims against Merck & Company, Inc., in the above-styled law suits for the reasons being that said claims do not meet the criteria to be eligible for compensation under the proposed Vioxx settlement plan, nor are said claims subject to the requirements of Pretrial Order 28.  In support of their motion, plaintiffs state as follows:

1.  Plaintiffs, Johnny Allen, Patricia Adkins, et al., filed their claims directly into the MDL pursuant to Pretrial Order number 11 issued by this Court on May 18, 2005.

2.  Plaintiffs' claims allege adverse cardiovascular, renal, cerebral vascular and/or pulmonary embolic events as a proximate result of ingestion of Vioxx.  Plaintiffs also included non-personal injury claims in their complaints for

violation of the West Virginia Consumer Protection Act. As such, none of plaintiffs' claims alleged herein qualify for the Resolution Program.

3. Furthermore, with regard to plaintiffs' claims for personal injury alleged herein, this Court's Pretrial Order No. 28 sets forth specific medical discovery which must be met either by May 1, 2008, or July 1, 2008, which includes requirements of Rule 26(a)(2) case specific medical expert reports. Failure to comply with these requirements, will, according to said Pretrial Order 28, result in dismissal of plaintiffs' said personal injury claims with prejudice. However, Pretrial Order 28 sets forth no such requirements with regard to and does not address plaintiffs' non-personal injury Consumer Protection Act Claims also asserted in this action.

WHEREFORE, in the event that this Court, pursuant to Pretrial Order 28, proceeds to dismiss with prejudice plaintiffs' personal injury claims asserted herein, plaintiffs respectfully move this Court that their Consumer Protection Act Claims nevertheless be dismissed without prejudice for the reasons hereinabove set forth in order that plaintiffs may re-file their Consumer claims in the appropriate State Court.

Respectfully submitted,

/s/Marvin W. Masters
Marvin W. Masters
The Masters Law Firm, lc
181 Summers Street
Charleston, WV 25301
(304) 342-3106

F:\4\212\mo002.doc