**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|                                      |     |                          |
|--------------------------------------|-----|--------------------------|
|                                      | :   | **MDL NO. 1657**         |
| **IN RE: VIOXX**                     | :   |                          |
| **PRODUCTS LIABILITY LITIGATION**    | :   | **SECTION:  L**          |
|                                      | :   |                          |
|                                      | :   | **JUDGE FALLON**         |
|                                      | :   | **MAG. JUDGE KNOWLES**   |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:**

*Healthcare Recoveries, Inc. v. Merck & Co., Inc.*, No. 08-1068

**ORDER & REASONS**

Before the Court are the Plaintiffs' Steering Committee's (the "PSC") Motion to Dismiss
(Rec. Doc. 13627) and Merck & Co., Inc.'s ("Merck") Motion to Dismiss (Rec. Doc. No. 13683)
the verified petition filed by Healthcare Recoveries, Inc., seeking pre-action depositions pursuant
to Federal Rule of Civil Procedure 27(a).  For the following reasons, the motions are
GRANTED.

**I.      BACKGROUND**

On February 20, 2008, Healthcare Recoveries, Inc. ("HRI"), on behalf of and in
coordination with Numerous Health Insurers, filed a Verified Petition for Pre-Action Depositions
Pursuant to Federal Rule of Civil Procedure 27(a).[1]  Pursuant to this petition, HRI seeks an order

---

[1]      Case No. 08-1068, Rec. Doc. No. 1.

requiring all Plaintiffs' counsel in the *Vioxx* MDL and/or a corporate representative of Merck to provide the following information:

> 1.  The names of all plaintiffs who allegedly took Vioxx and suffered personal injury or wrongful death as a consequence, including those plaintiffs who have entered into tolling agreements.
>
> 2.  The addresses of such individuals for the last ten years.
>
> 3.  The social security numbers of such individuals.
>
> 4.  The docket numbers of the specific cases filed by these individuals and/or their personal representatives.
>
> 5.  The identities of the health insurers who provided coverage, either in whole or in part, for some or all of the medical expenses incurred to treat the injuries or conditions alleged to have been caused by Vioxx.

On March 10, 2008, the Plaintiffs' Steering Committee (the "PSC") filed a motion to dismiss HRI's verified petition.[2]  The next day, the Court held a telephone status conference with the PSC, Merck and HRI to discuss HRI's verified petition and the PSC's motion to dismiss.  At this status conference, the Court set the PSC's motion for hearing on March 15, 2008, at 9:00 a.m., during the next monthly status conference for the *Vioxx* MDL, and ordered that any opposition to the PSC's motion be filed by March 19, 2008.[3]  On March 12, 2008, Merck filed a separate motion to dismiss HRI's verified petition.[4]  HRI timely filed an opposition to both

---

[2]    MDL No. 1657, Rec. Doc. No. 13627.

[3]    MDL No. 1657, Rec. Doc. No. 13651.

[4]    MDL No. 1657, Rec. Doc. No. 13683.

motions.[5]

In their motions to dismiss both the PSC and Merck argue that HRI's attempted use of Rule 27 is improper.  The PSC and Merck argue that Rule 27 does not permit a party to seek discovery so that the party can comply with Rule 11, and that this is precisely what HRI seeks to do in this instance.  HRI, according to the PSC and Merck, seeks to identify the names of Vioxx plaintiffs for the sole purpose of framing a cause of action against those individuals to attempt to recover all or a part of the monies that such individuals may receive as a result of the Vioxx settlement.

Further, both the PSC and Merck argue that HRI's petition should be dismissed because the information that HRI seeks is in no danger of being destroyed or lost.  According to the PSC and Merck, courts consistently hold that a party cannot utilize Rule 27 unless there is some exigent circumstance that shows that evidence or testimony will be lost or destroyed before the party has an opportunity to bring suit.  Here, HRI cannot show that there is any risk of the information it seeks being destroyed or lost, rather the PSC and Merck argue that discovery of this type of information never appropriate under Rule 27.

The PSC also argues that HRI has failed to comply with the requirements of Rule 27. Specifically, the PSC argues that HRI cannot show that it has cognizable claims under ERISA's equitable jurisdiction and that HRI has not complied with Rule 27(a)(1)(D) by not specifically identifying the names and addresses of the parties from which it seeks information.  With respect to being unable to show that it has a cognizable claim under ERISA, the PSC argues that the health plans represented by HRI do not assert equitable liens consistent with the requirements of

---

[5]     MDL No. 1657, Rec. Doc. No. 13792.

§ 502(a)(3) of ERISA and the Supreme Court's precedent in *Sereboff*.  Also, the PSC argues that

Rule 27(a)(1)(D) requires that the petitioner specifically identify the expected adverse parties by

their names and addresses and that HRI has only provided the name and address of Merck.  This

deficiency, according to the PSC, requires that HRI's petition be dismissed.

      HRI opposes the motions and argues that it has not embarked on a "fishing expedition."

Specifically, HRI argues that it is not asking the PSC or Merck to go to any effort to seek out

new data.  Rather, it is asking the PSC and Merck to simply provide information that is already

in its custody.  HRI also argues that the fact that the evidence at issue may be destroyed or lost

without the pre-action discovery is not an exclusive condition for granting relief under Rule 27.

Further, HRI argues that it can bring suit and that the PSC is incorrect in arguing that HRI does

not have any valid liens under *Sereboff*.  Finally, HRI argues that the privacy concerns raised by

the PSC should not affect their petitions because providing this kind of information is typical in

mass cases and HRI already knows their clients' name, address and social security number.


## II.    LAW & ANALYSIS

      "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.'"  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court must construe the complaint

liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true."

*Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  "In order to avoid dismissal

for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory

allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

Rule 27 provides that:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides.  The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner want to establish by the proposed testimony and the reason to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, as fast as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a).

Rule 27 provides relief to those petitioners who seek to perpetuate discovery;

perpetuation in this context means the perpetuation of known testimony.  *In re Ramirez*, 241

F.R.D. 595, 596 (W.D. Tex. 2006) (citing *Ash v. Court*, 512 F.2d 909, 912 (3d Cir. 1975)).  The

Rule is intended to apply when "for one reason or another, testimony might be lost to a

prospective litigant unless taken immediately, without waiting until after a suit or other legal

proceeding is commenced."  Wright, Miller & Marcus, 8 Federal Practice and Procedure § 2071, p. 651 (2d ed.1994) (quoting *In re Ferkauf*, 3 F.R.D. 89, 91 (D.C.N.Y. 1943)).  *See also, Kendrick v. Irwin*, 77 Fed. Appx. 770, 770 (6th Cir. 2003) (citing *Arizona v. California*, 292 U.S. 341, 347048 (1934)) ("The party making the motion must show that there is a danger that the testimony will be lost by delay."); *Hibernia Nat'l Bank v. Robinson*, 67 Fed. Appx. 241, 2003 WL 21108502, *1 (5th Cir. April 21, 2003) ("Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost, and where the court is satisfied that perpetuation of the testimony may prevent a failure or delay of justice.");  *Willis v. Cook*, 2008 WL 596007, *1 (N.D. Tex. March 5, 2008) (quoting Wright, Miller & Marcus, 8 Federal Practice and Procedure § 2071, p. 651 (2d ed.1994)); *In re Flash Memory Antitrust Litigation*, 2008 WL 62278, *5 (N.D. Cal. Jan. 4, 2008)(citing *In re Boland*, 79 F.R.D. 665, 667 (D.D.C. 1978)) ("[T]his Rule is generally limited to potential deponents who may be unavailable after a complaint is filed due to such reasons as advanced age, illness, or an indefinite departure from the country.");  *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) ("Rule 27 requires that a petitioner demonstrate an immediate need to perpetuate evidence.  General allegations that evidence may be lost are not sufficient.").

Rule 27 is not to be used as a discovery statute and may not be used as "a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted."  *Lucas v. Judge Advocate General, Naval Criminal Investigative Services*, 245 F.R.D. 8, 8 (D.D.C. 2007).  *See also*, *Nevada v. O'Leary*, 63 F.3d 932, 933, 935-36 (9th Cir. 1995) (holding that Rule 27 is not appropriate where "the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for

judicial relief."); *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 352 (D. Minn. 2007) (same). "Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be an abuse of the rule." *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. at 352 (quoting *In re Landry-Bell*, 232 F.R.D. at 267). "Rule 27 is not a vehicle for compliance with Rule 11." *In re Landry-Bell*, 232 F.R.D. at 267. *See also*, *In re Fierro*, 2007 WL 1113257, *2 (M.D. Fla. April 13, 2007) (same); *Hardin-Warfield v. Mosby*. 2006 WL 1366727, *2 (S.D. Miss. May 18, 2006) (same).

In *In re Landry-Bell*, a district court for the Western District of Louisiana held that a petitioner could not maintain a Rule 27 petition when it sought discovery in order to complete a Rule 11 investigation. 232 F.R.D. at 266. The petitioner sought the names of individuals who posted the petitioner's name and photograph on offensive web-sites. *Id.* The court held that, despite the obvious sympathies that flowed from the petitioner's allegations, it could not order Rule 27 perpetuation to take place. *Id.* at 266-67. The court held that the petitioner could not use Rule 27 to comply with her requirements under Rule 11, and that "[t]he overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct the type of pre-suit discovery Petitioner requests herein." *Id.* at 267.

It appears to the Court that HRI, in filing its Rule 27 verified petition, is attempting to use Rule 27 in order to fulfill its Rule 11 requirements or to discover information it already has access to through its own records. HRI seeks the basic identifying information of the plaintiffs in this MDL so that it can determine whether it believes it has a lien against any recovery that plaintiff may receive from the settlement agreement or, in the event that the specific plaintiff

does not elect to participate or does not qualify for an award from the settlement agreement, a jury verdict. HRI argues that the equities balance in favor of allowing it to gain this information because such information has already been compiled by the PSC and Merck, and allowing HRI access to this information is the "easy means to resolve the outstanding issue of the rights of the insurer petitioners as weighed against the rights of the insured personal injury plaintiffs." Pet. Resp., p. 16, Rec. Doc. No. 13792. Based on the "overwhelming weight" of authority, HRI's attempted use of Rule 27 should not be allowed. *See generally,* Lenny Sheinkopf Hoffman, *Access to Information, Access to Justice: The Role of Presuit Investigatory Discovery*, U. Mich. J.L. Reform 217, 226-30 (2007) (discussing history of Rule 27 and concluding that "only in the rarest of occasions have court departed from the predominant view of Rule 27's purpose.").

Also, HRI has not shown any facts that tend to support a finding that the information it seeks is likely to be lost or destroyed prior to it being able to file any suit. The majority of the information HRI seeks, the names and addresses of the plaintiffs, is public record and it is highly unlikely that it will be destroyed anytime soon. The court in *In re Flash Memory Antitrust Litigation* faced a similar situation: there, the petitioner sought documents that were complied and turned over to a grand jury in an antitrust investigation conducted by the Department of Justice. 2008 WL 62278, at *1-*2. The court held that "the plaintiffs seek production of documents (not testimony) already compiled and turned over to the government. There is little to no risk that these documents will be unavailable in the future." *Id.* at *5. The Court agrees that there is little to no risk that the information sought by HRI in this litigation will be unavailable in the future.

It is not as though the information HRI seeks is totally unavailable to it. HRI, or the

health insurers it represents, surely know, at a minimum, the names and addresses of their

insured.  Further, the names and addresses of every plaintiff who has a case pending in this MDL

is public record.  It would seem to the Court that HRI could easily compare the names and

addresses of its insured against the names and addresses of the Plaintiffs and find out which of

its insured has a pending case in the MDL.  Instead, HRI seeks to make the PSC and/or Merck

undertake the time and incur the cost to do its work.  Perhaps HRI hopes that the threat of have

to provide this information will encourage the PSC and/or Merck to settle their alleged claims on

some favorable.  This is not the purpose of Rule 27.

  HRI argues that the "requirement" that the evidence being sought be at risk of being lost

or destroyed is not a requirement at all and that courts have allowed petitioners to use Rule 27

when the evidence was not at risk of being lost or destroyed.  HRI points to at least one court

that has held that a petitioner could proceed under Rule 27 when he sought information in order

to comply with Rule 11.  In *In re Alpha Industries*, the district court for the Southern District of

New York held that a petitioner was entitled to bring a Rule 27 petition so that it could conduct a

deposition in order to determine the proper defendants in an action for copyright and trademark

infringement under the Latham Act.  159 F.R.D. 456, 456-57 (S.D.N.Y. 1995).  The petitioner

argued that it could not bring suit immediately because of Rule 11 because of the fact that it was

unsure which potential defendants were actually selling counterfeit goods.  *Id.* at 457.  The court

held that "the fact that petitioner must delay bringing suit until receiving the information sought

is a sufficient showing to allow the use of Rule 27 to perpetuate respondent's testimony."  *Id.*

  Courts, however, have routinely disagreed with *In re Alpha Industries*.  For example, in

*In re Ford*, the court for the Middle District of Alabama stated that it disagreed "to the extent

that court extends Rule 27 to allow for pre-complaint discovery under Rule 11." 170 F.R.D. 504, 508 (M.D. Ala. 1997). Additionally, the district court for the District of Minnesota also declined to adopt *In re Alpha Industries*, stating that it did not believe that it was a correct statement of the law. *Application of Sitter*, 167 F.R.D. 80, 82 (D. Minn. 1996). The Court agrees with these courts and finds that *In re Alpha Industries* is not a correct statement of the law and that it is distinguishable from this case.

HRI also points to *In re Baxter* in support of its argument that the threat of evidence being lost or destroyed is not a requirement. In *In re Baxter*, the petitioner sought the names and identities of authors and others who published allegedly false and defamatory material on the internet. 2001 WL 34806203, *2 (W.D. La. Dec. 20, 2001). The court had allowed the petitioner to proceed with seeking this information because the parties "negotiated an arrangement ... pursuant to which ... the requested discovery [would be provided] upon receipt of a court order ordering it." *Id.* at *1. Because this request was unopposed, the court granted the request. *Id.* The court did not analyze the request under the relevant jurisprudence relating to Rule 27. *See id.* The Court finds that *In re Baxter* is distinguishable and does not support HRI's petition.[6]

Accordingly, the Court finds that HRI's Verified Petition is meant to discover facts in order to determine whether it has a claim against Vioxx claimants with respect to any potential liens and against whom that claim should be brought. Further, HRI has failed to demonstrate

---

[6] HRI also argues that, if the Court does not allow it to proceed under Rule 27, then the Court should modify its confidentiality order with respect to the plaintiff profile forms that have been submitted as part of this multidistrict litigation. The Court declines to entertain HRI's request to modify its orders.

that there is any risk that the information it seeks will be lost or destroyed. Moreover, to place the burden and expense of producing this information on either the PSC or Merck rather than on HRI itself is improper and would be prejudicial. The overwhelming weight of authority on this issue supports the conclusion that HRI cannot maintain its verified petition.

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Steering Committee's Motion to Dismiss (Rec. Doc. 13627) and Merck & Co., Inc.'s Motion to Dismiss (Rec. Doc. No. 13683) are GRANTED, and Healthcare Recoveries, Inc.'s Verified Petition for Pre-Action Depositions Pursuant to Federal Rule of Civil Procedure 27(a) is hereby DISMISSED.

New Orleans, Louisiana, this 5th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE