UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION                )        MDL NO. 1657
                                                  )
                                                  )        SECTION: L
                                                  )
                                                  )        JUDGE FALLON

*THIS DOCUMENT RELATES TO:*
*Ahouse, et al. vs. Merck & Co., Inc., No.* **2:06-cv-02216-EEF-DEK**

MEMORANDUM IN SUPPORT

**BRIAN A. GOLDSTEIN, ESQ.**, being duly sworn, deposes and says:

1. I am an attorney at law duly licensed to practice in the State of New York and am a member of Cellino & Barnes, P.C., attorneys for Clara Hatcher.

2. I make this Affidavit in support of our Motion for a retaining lien and charging lien on the Clara Hatcher file (only) and for a determination of attorneys' fees as a contingent percentage at the conclusion of the case based upon the proportionate share of work performed on the whole case in accordance with *Lai Ling Chang v. Mondansky Leasing Co., Inc.*, 73 NY 2d 454, 541 NY 2d 742; *Security Credit Systems v. Profetto*, 242 AD 2d 871, 662 NYS 2d 674.

3. Clara Hatcher contacted our firm in late 2004 inquiring about her potential rights stemming from her use of Vioxx. We reviewed her situation, explained her rights to her, answered all questions posed by her, and advised she did have a potentially valid Vioxx case. Mrs. Hatcher executed and returned our retainer agreement on January 3, 2005 (**Exhibit A**).

4. Following appropriate further investigation, Mrs. Hatcher's Complaint was drafted, the case was filed and served, and this action was formally commenced.

5. From January 3, 2005 to the present, this firm pursued Ms. Hatcher's Vioxx case through investigation; the drafting and filing of her Summons and Complaint; compilation of her medical records and medical chronology; updating her records; preparation and service of her Plaintiff Profile form and Amended Plaintiff Profile form with appropriate records and authorizations; updates; client

36. We therefore request attorneys' fees be determined as a contingent percentage fee at the conclusion of the case based upon the share of work between the two firms in conformity with the case law.

37. In no other Vioxx case involving this firm has such a motion been required. Unfortunately, such is required at this time.

**WHEREFORE**, for the reasons set forth above, Cellino & Barnes, P.C., respectfully requests the Court recognize a retaining and charging lien on behalf of our firm and require a determination of legal fees based upon a percentage of work done on the file between Cellino & Barnes, P.C. and Kelley & Ferraro, LLP at the conclusion of the case together with such other and further relief as this Court deems proper.

_____
Brian A. Goldstein, Esq.

Sworn to before me this
21st day of April, 2008

_____
Notary Public/Commissioner of Deeds

MARIA H. PIETRAS
COMMISSIONER OF DEEDS
In and For the City of Buffalo, New York
My Commission Expires 12/31/20_08