**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION          )          MDL NO. 1657
                                            )
                                            )          SECTION: L
                                            )
                                            )          JUDGE FALLON

*THIS DOCUMENT RELATES TO:*
*Ahouse, et al. vs. Merck & Co., Inc., No.* **2:06-cv-02216-EEF-DEK**


STATE OF NEW YORK          )
COUNTY OF ERIE             :          SS:
CITY OF BUFFALO            )


          **KATHLEEN BUCKLEY**, being duly sworn, deposes and says:

          1.          I am over eighteen years of age, one of the legal assistants to

Brian A. Goldstein, Esq., and an employee of Cellino & Barnes, P.C.

          2.          On February 11, 2008, our client Clara Hatcher telephoned our

office to get verbal assistance in the completion of her settlement agreement paperwork

which we had forwarded to her for signature and return.  I went through the settlement

form and signature process with Clara Hatcher page by page so that she had a full

understanding of what pages required signature and I then explained how she could

return these documents to us.

3.      During that conversation I answered all questions Mrs. Hatcher had regarding the settlement agreement paperwork and asked if she had any additional questions regarding the settlement itself that Mr. Goldstein could answer for her.  She told me she did not, thanked me, and said she would be putting the releases in the mail to me shortly.

4.      On February 26, 2008, I telephone the home of Clara Hatcher and spoke with her husband, Clyde Hatcher to advise that we were not in receipt of the settlement agreement paperwork that Clara and I had spoke about on February 11, 2008.  During this conversation, Mr. Hatcher informed me that Clara was in the hospital and would be returning home on Wednesday, February 27, 2008.  I advised him that I would call Clara back on Thursday to give her a chance to rest.

5.      During this conversation, Mr. Hatcher also advised me that lawyers from the firm of Kelly & Ferraro had shown up on their doorstep and handed Clara papers to sign.  He told me that both he and Clara were irritated and intimidated by the appearance of lawyers at their door before she was going into the hospital and that Clara signed "something."  He did not know what was signed.

6.      On February 27, 2008 I called Clara at home again as we still had not received the settlement agreement paperwork.  Her husband Clyde answered the phone again.  He told me that she would not be home until Friday, February 29, 2008 and asked that I call them back on Monday.  Based upon instructions from Mr. Goldstein, this was the last conversation I had with the Hatchers.

7.     At no time during my multiple conversations with Mrs. Hatcher and Mr. Hatcher did they ever indicate it was their wish or intention to have Cellino & Barnes, P.C. cease representing them in their Vioxx case.

KATHLEEN M. BUCKLEY

Sworn to before me this
8th day of April, 2008

Notary Public

MARYANN CAVE
Notary Public State of New York
Qualified in Erie County
My Commission Expires Feb. 28, 2010