EXHIBIT H

# Kelley & Ferraro
ATTORNEYS  COUNSELORS AT LAW
LLP

2200 Key Tower • 127 Public Square • Cleveland, OH 44114
(216) 575-0777 • Fax: (216) 575-0799 • Toll Free: (888) 839-8479
www.kelley-ferraro.com

RECEIVED

March 7, 2008

<u>Via U.S. Mail and Facsimile</u>           (716) 854-6291
Brian A. Goldstein, Esq.
Cellino & Barnes, P.C.
17 Court Street, 7th Floor
Buffalo, New York 14202-3290

Re:   <u>Clara Hatcher v. Merck & Co., Inc.</u>
      Social Security No. 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
      VCN 1075793 – Cellino & Barnes, P.C.
      VCN 1106474 – Kelley & Ferraro, LLP

Dear Mr. Goldstein:

   I am in receipt of your letter to me dated March 5, 2008, wherein you make numerous misstatements and unfounded allegations. First, as I informed you in our telephone conversation on March 4, 2008, the date of the retainer is irrelevant because on February 18, 2008, Mrs. Hatcher discharged your firm as her attorneys in the Vioxx litigation. You acknowledged receipt of the discharge letter sent by Mrs. Hatcher wherein she expressed that the dual retainer of our firms for her Vioxx claim was an error and that she wished to continue to have Kelley & Ferraro LLP represent her in this matter.

   Second, I also informed you that Mrs. Hatcher has been a longstanding client of Kelley & Ferraro LLP since January of 2000, when she and her husband retained our firm on other matters. Subsequently, Mrs. Hatcher retained our firm to pursue a Vioxx claim on her behalf in March of 2005. Since Mrs. Hatcher has discharged you, the retainer dates are a moot point.

   Third, you allege that we are "holding up" the processing of Mrs. Hatcher's Vioxx claim. To the contrary, you are the one who is wrongfully holding up the processing of Mrs. Hatcher's claim. Mrs. Hatcher has terminated you and elected to continue with our representation in this matter. Yet, you refuse to follow Mrs. Hatcher's instructions and you have been unwilling to acknowledge our role as her primary attorney and designate us as such with the Vioxx Claims Administrator.

   Fourth, although you no longer represent Mrs. Hatcher, we made a good faith effort to settle your potential claim to any attorneys' fees which may become due in this matter. To that end, we offered you a 25% share of any attorneys' fees which may be collected in this matter. You rejected that offer. To the extent that you will seek to pursue an attorney's lien or *quantum meruit* claim in this case, please provide this office with a detailed statement of the hours billed and description of the work your office has done on behalf of Mrs. Hatcher. We will review this

Brian A. Goldstein, Esq.
March 7, 2008
Page 2

information and give you a response as to our position on the reasonableness and validity of the purported charges.

Fifth, you claim that we made representations to Mrs. Hatcher "directly aimed at interfering with [your] longstanding contract and representation of her interests in the Vioxx litigation." This assertion is blatantly false. At no time did anyone from this office make any such representations. As you know, the decision of what lawyer to retain or continue representation is entirely up to the client. We advised Mrs. Hatcher of the fact that she had retained both of our firms in this matter and we offered to withdraw as her counsel if she so desired. However, Mrs. Hatcher advised that due to our longstanding representation of her, she preferred that we continue as her counsel in the Vioxx litigation and claims process.

Finally, it is apparent that you have continued to contact Mrs. Hatcher even after you received her letter in which she terminated your attorney-client relationship. Mrs. Hatcher has made her intentions clear. On behalf of our client, we request that you cease and desist from this harassing conduct.

Very truly yours,

KELLEY & FERRARO, LLP

Ryan J. Cavanaugh, Esq.

Enclosure

cc:   Scott Monroe, Esq. (via e-mail: claimsadmin@browngreer.com)
      Clara Hatcher