IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO | |
| MDL Nos. 05-0293, 05-0451, 05-2002, 05-4516, 05-5578, 05-6932, 06-0060, 06-1434, 06-2195, 06-2196, 06-2198, 06-2199, 06-2201, 06-2203, 06-2208, 06-2211, 06-2212, 06-2213, 06-2214, 06-2216, 06-3162, 06-3375, 06-3683, 06-4032, 06-4472, 06-5498, 05-5586, 06-5905, 06-6463, 06-6997, 06-6999, 06-7150, 06-10159, 06-10185, 06-10625, 06-10773, 06-11333, 07-0344, 07-0395, 07-1252, 07-3480, 08-0162, 08-0587 | MAG. JUDGE KNOWLES |

**DEFENDANT MERCK & CO., INC.'S MOTION AND INCORPORATED MEMORANDUM FOR AN ORDER TO SHOW CAUSE WHY THE FOREIGN INDIVIDUAL CASES SHOULD NOT BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS***

On January 13, 2006, Merck moved to dismiss the foreign class action complaints in this MDL proceeding under the doctrine of *forum non conveniens*. After Merck's opening brief had been filed, Merck and counsel for the foreign plaintiffs agreed that the motion should be decided first with respect to two of the actions – the Italian and French class actions – and limited their remaining briefing accordingly. On August 30, 2006, this Court entered an Order dismissing the French and Italian class action complaints under the doctrine of *forum non conveniens*. *See In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741 (E.D. La. 2006). On November 16, 2006, Merck and counsel for the foreign plaintiffs entered into a stipulation dismissing the English, Australian, South African, Canadian, Polish, Netherlands, Israeli, German, and New Zealand class actions

under the same conditions this Court imposed on dismissal of the French and Italian class actions.[1]

Despite the dismissals of these personal injury class actions, there are still 385 cases pending in this MDL brought by individual foreign plaintiffs from Albania, Canada, the Dominican Republic, France, Ireland, Israel, Kuwait, Mexico, the Netherlands, New Zealand, and the United Kingdom, all asserting personal injury claims. Merck respectfully requests that this Court enter an order to show cause why these foreign individual complaints should not be dismissed under the doctrine of *forum non conveniens*.[2]

This Court's August 30, 2006 Order carefully analyzed the public and private interest factors relevant to a *forum non conveniens* analysis, and concluded that those factors decisively favored trial of foreign class claims in their home forums. *See In re Vioxx*, 448 F. Supp. 2d at 746-49. That analysis is fully applicable to the foreign individual claims. Thus, the only basis for this Court to retain the foreign individual cases would be if the plaintiff's home forum was inadequate. But this Court's August 30 Order likewise made clear that only an extreme situation (such as where a foreign forum deprives a plaintiff of *all* remedies) can render such a forum inadequate for *forum non conveniens* purposes. *See id*. at 745-46.[3] It is therefore unlikely that

---

[1] Claims brought in the New Jersey state court Vioxx coordinated proceedings by individual plaintiffs from the United Kingdom have also been dismissed under the doctrine of *forum non conveniens*. *See* Order, *In re Vioxx Litig.* (Super. Ct. Atlantic County, N.J. Oct. 19, 2006) (attached as Ex. 1). That dismissal was affirmed by the New Jersey Appellate Division. *In re Vioxx Litig.*, 395 N.J. Super. 358, 376 (App. Div. 2007). Judge Higbee strongly encouraged the remaining foreign individual plaintiffs to give serious consideration to a stipulation of dismissal in light of that precedent. *See* Letter from Hon. Carol Higbee to Counsel, *In re Vioxx Litig.*, No. 619 (Mar. 24, 2008) (attached as Ex. 2).

[2] Most or all of these claims are ineligible for settlement. (*See* Settlement Agreement ¶ 17.1.22.1 (in order to be eligible for the resolution program, each claimant must be a "natural person [who] was a United States citizen or a legal resident of the United States or [who] was physically located in the United States, in each case when the alleged Eligible Event referred to in Section 17.1.22.3 is alleged to have occurred.").)

[3] To be clear, Merck will agree to the same conditions imposed on the other *forum non conveniens* dismissals included in the August 30, 2006 Order dismissing the French and Italian class actions. In particular, it will agree to submit to service of process and jurisdiction in the appropriate forum in each plaintiff's home country with respect to lawsuits relating to Vioxx. *See In re Vioxx*, 448 F. Supp. 2d at 749.

2

any of the foreign individual plaintiffs' home jurisdictions are inadequate under the relevant standards. Accordingly, the Court should direct plaintiffs to show cause within 30 days why their claims should not be dismissed.

                    Respectfully submitted,

                    */s/ Dorothy H. Wimberly*
                    Phillip A. Wittmann, 13625
                    Dorothy H. Wimberly, 18509
                    STONE PIGMAN WALTHER
                    WITTMANN L.L.C.
                    546 Carondelet Street
                    New Orleans, Louisiana 70130
                    Phone: 504-581-3200
                    Fax:   504-581-3361
                    Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Incorporated Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of May, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel