



Mar 24 2008
3:16PM

## SUPERIOR COURT OF NEW JERSEY
COUNTIES OF
ATLANTIC AND CAPE MAY

**CAROL E. HIGBEE**
*Presiding Judge*
*Civil*

1201 Bacharach Boulevard
Atlantic City, NJ  08401
609/343-2190

March 24, 2008

**VIA FILE & SERVE**

To:    All VIOXX® Counsel

Re:    In re VIOXX® Litigation
       Case No. 619

Dear Counsel:

We had a conference concerning the foreign plaintiffs on March 20, 2008. There were numerous plaintiffs' firms that failed to attend. Although it is not mandatory that you attend conferences, it is mandatory that all counsel find out, either by ordering a transcript or checking with other counsel, what was discussed at the conferences as you are bound by decisions made at these conferences.

It was determined at this conference that by May 7, 2008 each plaintiff's attorney that represents any foreign plaintiff must advise defense counsel Charles Cohen, Esq. of Hughes, Hubbard & Reed, by letter, with a copy to the court, as to whether:

1. They intend to enter into a Stipulation of Dismissal; or
2. Not consent, but not file any opposition to a motion to dismiss; or
3. Intend to oppose any motion to dismiss filed by Merck.

Your letter should include a list of each individual case, the docket number, and the position that you take on each case.

Merck will be free to file a motion to dismiss which can, if they choose, be an omnibus motion to dismiss those cases where plaintiffs still maintain that they have a cause of action and intend to oppose such motion. Defendant Merck has made it clear that they intend to apply with this motion for sanctions and counsel fees based on the fact that any such motion would in fact be frivolous in light of the Appellate Division's decision on the cases of the foreign plaintiffs from the United Kingdom which the Appellate Division found were properly dismissed. Merck does not object to orders being entered granting the same safeguards as were placed on the UK plaintiffs and is even willing to grant some slightly longer period of time than is allowed in that order for refiling.

 *"The Judiciary of New Jersey is an Equal Opportunity/Affirmative Action Employer"* 
www.njcourtsonline.com

The court will carefully consider any argument that is put forward in the opposition to any motion, but the court advises counsel to carefully review the Appellate decision because a frivolous argument could in fact result in sanctions being imposed.

Very truly yours,

*[signature]*

CAROL E. HIGBEE, P.J.Cv.

CEH:cm