**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

IN RE: VIOXX                                    :        MDL NO. 1657
      PRODUCTS LIABILITY LITIGATION:
                                                    :        SECTION: L
                                                    :
                                                    :        JUDGE FALLON
                                                    :        MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO ALL CASES**

**<u>PRE-TRIAL ORDER NO. 37
(TERMS OF ACCESS TO THE PSC TRIAL PACKAGE)</u>**

        This matter comes before the Court as a result of various requests by counsel for plaintiffs and claimants in this litigation ("Trial Package Requesters"). Trial Package Requesters have advised the Plaintiffs' Steering Committee ("PSC") that they seek to perform certain litigation functions relating to MDL 1657 including: (1) obtain the PSC Trial Package (both the MI and/or Stroke); (2) access to and review documents produced by Merck and other third-parties; (3) review depositions and exhibits, some of which may have been deemed confidential pursuant to Pre-Trial Order 13; and (4) participate in discussions with members of the PSC regarding trial tactics and theories. Some of the documents and materials that the Trial Package Requesters seek access to may contain privileged and/or confidential information. Accordingly, this Order governs the access and availability of the documents and materials requested by Trial Package Requesters and provides for the preservation of any applicable privileges or protections.

        Upon consideration of the requests by Trial Package Requesters, the PSC, and counsel for Merck, and for good cause shown, it is hereby ordered that:

          Upon written request to the PSC, Trial Package Requesters shall be granted the following: (1) the PSC Trial Package; (2) the opportunity to obtain access to and review documents produced by Merck and other third-parties; (3) the opportunity to review depositions

1

and exhibits, some of which may have been deemed confidential pursuant to Pre-Trial Order 13; and (4) the opportunity to participate in discussions with members of the PSC regarding trial tactics and theories. Any request to the PSC shall be made through Plaintiffs' Liaison Counsel, Russ M. Herman. The requests shall be made in the form attached which shall be utilized in connection with requests made pursuant to this Pre-Trial Order. The PSC shall review the written requests and make reasonable efforts to accommodate such requests, subject to necessary security, privilege and confidentiality concerns.

Some of the documents and materials to be made available to the Trial Package Requesters may contain attorney-client privilege communications or other information protected as "privileged" under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Material") or may contain protected attorney-work product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Work Product Material"). The Trial Package Requesters shall not release or otherwise disclose any Privileged Material or Work Product Material unless specific written authorization is received from Plaintiffs' Liaison Counsel. While it is the Court's expectation that the Trial Package Requesters will use their best efforts to protect Privileged Material and Work Product Material there may be an inadvertent disclosure during the course of this litigation. The Court therefore establishes the following procedures in the event there is an inadvertent disclosure of Privileged Material or Work Product Material (collectively "Protected Material").

Trial Package Requesters are not authorized to waive any applicable privilege or work production on behalf of the PSC or its clients. The inadvertent disclosure of any document

which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the PSC, upon becoming aware of the disclosure, requests its return and took reasonable precautions to avoid such inadvertent disclosure.

Should any party come into possession of any document or materials that may be Protected Material, such party shall promptly notify Plaintiffs' Liaison Counsel.  Any documents which the PSC deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the PSC or destroyed at the PSC's option.  This includes all copies, electronic or otherwise, of any such documents. In the event that the PSC requests destruction, written certification of compliance shall be provided promptly.  Any party or person receiving Protected Material inadvertently disclosed shall be entitled to challenge the privilege or work product status of any document returned or destroyed subject to Fed.R.Civ.P. 26.  In the event of such a challenge, the PSC shall provide the challenged document to the court for *in camera* review that is the subject of the motion and during the pendency of such challenge, the party who received such information shall not disclose any copies of the challenged document.

The documents, material and information obtained by Trial Package Requesters pursuant to this Order shall be used solely and exclusively by the individual Trial Package Requester solely for the prosecution of specific cases identified to the PSC at the time written request for the information is made, all of which is subject to Pre-Trial Order No. 13 and any additional agreements entered into regarding Confidential Information.  Trial Package Requesters shall not sell, distribute, copy, duplicate, replicate or otherwise disclose any of the materials, documents or information learned and discovered as a result of receipt of the PSC's Trial Package.

Specifically, any material, documents and information utilized in connection with the prosecution of a Vioxx litigant's claim that are subject to a Confidentiality Agreement shall remain confidential and Trial Package Requesters shall take all steps necessary to preserve and maintain the confidentiality of such document consistent with this Court's Orders.

In the event that a person receiving access to a Trial Package discloses all, or any part of, the Trial Package to a person unauthorized to review the Trial Package, the PSC may apply to the Court for an order precluding that person from using the Trial Package.

For all cases in which a Participation Agreement pursuant to Pre-Trial Order No. 19 has not been received by the PSC, the assessment shall be 8% of the "gross monetary recovery." The assessment shall apply to cases now pending or later filed in, transferred to, or removed to, this Court, as well as unfiled and tolled cases and treated as party of the coordinated proceeding known as *In re: Vioxx Products Liability Litigation*, including any cases remanded to a state court or any cases on Tolling Agreements, filed in any state court, or cases that are as yet unfiled. These cases and matters shall be subject to the procedures and assessment obligations as set forth in Pre-Trial Order No. 19.

Nothing herein modifies, alters or amends Pre-Trial Order No. 13.

New Orleans, Louisiana, this 19th day of May, 2008.

_____
Honorable Eldon E. Fallon
United States District Court Judge

**REQUEST PURSUANT TO PRE-TRIAL ORDER NO. 37**
**(TERMS OF ACCESS TO THE PSC TRIAL PACKAGE)**

To: Russ M. Herman, Plaintiffs' Liaison Counsel
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
E-Mail: vioxx@hhkc.com

Request is hereby made pursuant to Pre-Trial Order No. 37 (Terms of Access to the PSC Trial Package) for access to the Trial Package. I understand my legal obligations under this Pre-Trial Order, as well as Pre-Trial Order No. 13 issued in MDL 1657 ("Pre-Trial Orders").

As a Trial Package Requester, I seek to (1) obtain the PSC Trial Package; (2) have access to and review documents produced by Merck and other third-parties; (3) review depositions and exhibits, some of which may have been deemed confidential pursuant to Pre-Trial Order 13; and (4) participate in discussions with members of the PSC regarding trial tactics and theories.

I understand that certain Orders issued in MDL 1657 place certain legal obligations on attorneys in the MDL. I understand that in order to facilitate access to the PSC Trial Package, there are certain limitations regarding who may be shown and have possession of confidential information and the work product of the PSC. I understand and agree that the work product of the PSC and confidential information is not public in nature and may not be sold, distributed, copied, duplicated, replicated or otherwise disclosed. The sole purpose for receipt of the materials will be for litigating the cases identified on the attached Exhibit "A" and for no other purposes whatsoever or other cases.

I understand and agree that in order to appropriately safeguard the information I will receive, I will not directly or indirectly disclose to any other person the PSC Trial Package and other confidential information. In the event that I wish to disclose all, or a part, of the

5

Trial Package to another person, I agree that, prior to disclosing the Trial Package, or any part thereof, to such person I will (a) notify the PSC of my request to disclose the Trial Package, or any part thereof, to such person; and (b) instruct such person to sign and submit a Request to the PSC. I agree not to disclose the Trial Package, or any part thereof, to such person unless and until the PSC advises me that the Request for such person has been granted.

I acknowledge that if I, or a person in my employ or receiving anything of value from me, discloses the Trial Package, or any part thereof, to a person who is not authorized to have access to the Trial Package, the PSC may request the return of the Trial Package and prohibit any further use of the Trial Package.

I acknowledge and agree that a remedy at law for any breach or threatened breach of the provisions of Pre-Trial Order No. 37 may include sanctions and contempt, and further agree that the PSC shall be entitled to injunctive relief in addition to any other available rights and remedies in cases of any such breach or threatened breach; provided, however, that nothing contained herein shall be construed as prohibiting the PSC from pursuing any other rights and remedies available for any such breach or threatened breach.

Trial Package Requester:

_____
Name

_____
Firm

_____
Address

_____
Address

_____
Phone Number

_____
E-Mail Address

6

List of claims that will be utilizing the PSC Trial Package (Each particular case must be identified.  Additional pages with complete information can be attached.):

Case Name:_____
Docket No.:_____
Court Case is Pending in:_____
List of all plaintiff's counsel:
Name:_____
Firm:_____
Address:_____
Address:_____
Phone Number:_____
E-Mail Address:_____