UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
|    Products Liability Litigation | *   MDL No. 1657 |
| | * |
| This Document Relates to: | *   Case No. 08-1633 |
| | * |
| AvMed, Inc.; Aetna, Inc.; Arkansas Blue | *   SECTION L |
|   Cross and Blue Shield, A Mutual Insurance | * |
| Company; HMO Partners, Inc. d/b/a Health | *   JUDGE ELDON E. FALLON |
| Advantage; USAble Life; BCBSD, Inc. | * |
| d/b/a Blue Cross Blue Shield of Delaware; | *   MAGISTRATE JUDGE |
| Blue Cross & Blue Shield of Mississippi; | *   KNOWLES |
| Blue Cross & Blue Shield of Rhode Island; | * |
| Blue Crosse and Blue Shield of Arizona, | * |
| Inc.; Blue Cross and Bleu Shield of Kansas, | * |
| Inc.; Blue Cross and Blue Shield of | * |
| Massachusetts, Inc.; Blue Cross and Blue | * |
| Shield of North Carolina; Blue Cross and | * |
| Blue Shield of Vermont; Blue Cross Blue | * |
| Shield Association; BlueCross and | * |
| BlueShield of Florida, Inc.; BlueCross | * |
| BlueShield of Tennessee; CareFirst, Inc.; | * |
| Connecticut General Life Insurance | * |
| Company; Government Employee's Health | * |
| Association, Inc.; Great-West Life & | * |
| Annuity Insurance Company; Group Health | * |
| Incorporated; The Guardian Life Insurance | * |
| Company of America; Harvard Pilgrim | * |
| Health Care, Inc.; Hawaii Medical Service | * |
| Association; Health Net, Inc.; Highmark, | * |
| Inc.; Highmark West Virginia Inc. d/b/a | * |
| Mountain State Blue Cross and Blue Shield; | * |
| HIP Health Plan of New York; Humana, | * |
| Inc.; Johns Hopkins HealthCare LLC; KPS | * |
| Health Plans; Medical Mutual of Ohio; | * |
| Nordia Mutual Insurance Company; | * |
| Premera Blue Cross; Priority Health; | * |
| Regence BlueCross BlueShield of Oregon; | * |
| Regence BlueCross BlueShield of Utah; | * |
| Regence BlueShield of Idaho; Regence | * |
| BlueShield; Asuris Northwest Health; | * |
| Regence Life and Health Insurance | * |
| Company; Trustmark Life Insurance | * |
| Company and Trustmark Insurance | * |

```
Company; UnitedHealth Group                    *
Incorporated; Vista Healthplan, Inc.;          *
Wellmark, Inc. d/b/a Wellmark Blue Cross       *
and Blue Shield of Iowa; Wellmark of South     *
Dakota, Inc. d/b/a Wellmark Blue Cross and     *
Blue Shield of South Dakota; and Wellmark      *
Health Plan of Iowa, Inc.,                     *
                                               *
               Plaintiffs,                     *
                                               *
       v.                                      *
                                               *
Brown Greer PLC; U.S. Bancorp, Inc.; and       *
    John Does,                                 *
                                               *
               Defendants.                     *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANTS' MOTION TO SEVER

Defendants, US Bank National Association[1] and BROWNGREER respectfully move this Court to sever the claims in the above-captioned action and require each plaintiff to pursue its claims separately from the others.

As set forth below, plaintiffs' joint filing is barred under Pre-Trial Order 26. But even if it were not, Fed. R. Civ. P. 20 and 21 require severance because plaintiffs' claims do not arise from the same transaction or occurrence or raise common legal and factual issues.

## BACKGROUND

On September 5, 2007, the Court entered Pre-Trial Order 26 ("PTO 26"), which addressed multiple-plaintiff complaints. Under PTO 26, all "unrelated plaintiffs" filing cases after September 5, 2007 are "required to file separate complaints." (PTO 26 at 1, *In re Vioxx Prods. Liab. Litig.*, MDL 1657 (E.D. La. Sept. 5, 2007) (attached as Ex. 1).)

---

[1] Plaintiffs have named the incorrect entity in this suit. U.S. Bank National Association is the proper party that holds the Vioxx settlement funds in escrow.

On April 14, 2008, forty-seven plaintiff insurance companies jointly filed one complaint seeking a constructive or equitable lien against the Settlement Fund in the Vioxx Product Liability Litigation. In their First Amended Complaint, plaintiffs invoke section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3). Plaintiffs seek money from the Settlement Fund established to resolve the claims of certain individuals with personal injury claims against Merck arising out of their use of Vioxx. (First Am. Compl. ¶ 1.) Specifically, plaintiffs seek "all available equitable relief as well as relief under § 502(a)(3) of ERISA . . . entitling plaintiffs to restitution to the extent of reimbursement of medical expenses they paid on behalf of settling plan members' medical treatment attributed to their use of Vioxx." (*Id.*)

## ARGUMENT

The Court should sever plaintiffs' claims for two reasons. First, plaintiffs are barred from proceeding jointly under PTO 26, which expressly states that unrelated claimants must file separate complaints in this litigation. Second, even if this Court had not entered PTO 26, severance would still be required under Fed. R. Civ. P. 20 and 21 because plaintiffs' claims do not arise from the same transaction or occurrence.

*First,* plaintiffs' joint complaint is barred under PTO 26. That order directs, in no uncertain terms, "that unrelated claimants shall now be required to file separate complaints." (PTO 26 at 1.) The Court adopted this rule after it became clear that the practice of multiple plaintiffs proceeding under a single complaint "has actually created administrative complications and led to certain inefficiencies that would have been avoided had the Court not modified the traditional rule that unrelated claimants must file individual complaints." (*Id.*) Plaintiffs here have not received any dispensation from compliance with the Order; nor is there any reason they

should. For this reason alone, the Court should order plaintiffs to refile and proceed individually.[2]

***Second,*** severance is further warranted under Rule 21 because plaintiffs' claims do not satisfy the joinder standard set forth in Rule 20.

Under Fed. R. Civ. P. 20, joinder of claims is appropriate where they arise from the "same transaction or occurrence" and involve "common question[s] of law or fact." "Both requirements must be met for the parties to be properly joined." *See Sucherman v. Metro. Property & Cas. Ins. Co.*, Nos. 06-8765 & 05-6456, 2007 WL 1484067, at *1 (E.D. La. May 21, 2007). Where joined claims do not meet the requirements of Rule 20, Rule 21 provides that they may be severed or that individual plaintiffs may be "dropped" from the case. Fed. R. Civ. P. 21.

Plaintiffs' action does not satisfy either prong of Rule 20 because plaintiffs' claims do not arise out of the "same transaction or occurrence" or involve common questions of law or fact.

With respect to the first prong, plaintiffs' right to recover – if any – depends upon the terms of the individual plan documents governing each plaintiff's rights with respect to its respective beneficiaries. Plaintiffs' own complaint makes this clear. It relies on language from the coverage documents of only ***one*** of the plaintiffs – Aetna USHealthcare. Aetna's coverage terms allegedly provide that Aetna's "right of reimbursement attaches, to the fullest extent permissible by law, when . . . the Member . . . has recovered any amounts from the third party,"

---

[2] Notably, other MDL courts have entered similar orders, precluding multiple-plaintiff complaints for similar reasons. *See, e.g.*, 2004 WL 785069 , Pretrial Order No. 3370, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, MDL Docket No. 1203 (E.D. Pa. Mar. 24, 2004) ("To resolve misjoinder issues, and to facilitate the efficient administration of actions docketed in MDL No. 1203, all multi-plaintiff actions shall be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure . . . ."); *see also* Order at 1-2, *In re Welding Rod Prods. Liab. Litig.*, No. 1:03-CV-17000 (N.D. Ohio Nov. 20, 2003) (attached en globo as Ex. 2, exhibits omitted) ("A review of the lawsuits that were filed in other for and then transferred to this Court reveals that, in many instances, a number of unrelated individuals were joined as parties-plaintiff, even though their joinder is not authorized by the Federal Rules of Civil Procedure. The Court finds that, in all such cases, the plaintiffs must be severed from one another, to comport with both the Federal Rules of Civil Procedure and the Local Rules of this Court.").

4

including "the proceeds of any settlement." (Compl. ¶ 73.)  In other words, whether Aetna has a right to recovery of proceeds from the settlement will depend upon the application of the terms of *its* plan documents, not the plan documents of the other forty-six plaintiffs.  Similarly, each of the other individual plaintiffs must put its own policy to proof and cannot rely on the Aetna policy quoted by plaintiffs.

Significantly, the relevant "transaction or occurrence" for each plaintiff insurer is the relationship between that plaintiff and its beneficiaries; thus, this "transaction or occurrence" will differ for each plaintiff.  The relationship between an insurer and its beneficiaries stems from its coverage documents – not from the existence of a settlement.  Plaintiffs ignore this distinction when they selectively quote language from only *one* set of coverage documents.  This selective quotation begs the question whether the other plans contain similar subrogation clauses, or whether some plans have any such clauses at all.   Each plaintiff must put its plan to proof, and each plan must be explained individually.  The critical differences among the plans do not somehow disappear through joinder.

Because each plaintiff's right to recovery, if any, must be determined under each plan, such rights would arise from different transactions and occurrences.  The fact that a settlement may be the triggering event under a plan for recovery from a third-party does not create a common "transaction or occurrence" for joinder purposes.

In *Sucherman*, for example, six plaintiffs brought suit against their insurer, Metropolitan Property and Casualty Insurance Company.  *Id.* at *1.  They alleged that they suffered property damage from Hurricane Katrina – obviously a common incident – but not, as a matter of law, the "same transaction or occurrence."  *Id.*  "[T]he mere fact that Hurricane Katrina's winds and rains affected two or more properties that are the subject of the same lawsuit does not make the

5

insurance claims made on those properties proper for joinder under Rule 20(a)." *Id.* The policyholders may all have suffered damage from the same storm, but the extent of the damage and their coverage under their separate policies – even from the same insurer – were sufficiently differentiated that the court declined to treat their claims as arising out of the same transaction.

The same is true here. Each plaintiff's right of recovery, if any, is dependent upon the terms of a plan through which the benefits are provided. The settlement is only a common link to the extent that the plan beneficiaries may now have obtained "amounts from the third party" from "the proceeds of [a] settlement." A plaintiff's alleged right to all or a share of those proceeds can only be determined by evaluating each individual plan document.

***Second***, plaintiffs' claims do not involve common factual or legal questions. To begin, because plaintiffs do not and cannot allege that they are participants and beneficiaries of an ERISA plan, they can proceed under section 502(a)(3) only if each plaintiff can allege and show that it is a "fiduciary" of an ERISA plan.³ The First Amended Complaint contains no such allegation. Instead, it makes generic allegations that plaintiffs as a group are "sponsors and administrators of ERISA health benefit plans . . . as well as carriers that provide health insurance or administrative services for health plans that have provided medical benefits associated with their members' use of Vioxx." (First Amended Compl. ¶ 2.) It is questionable whether the plaintiff insurers are the plan sponsors of the plans they insure, as ERISA section 3(16)(B) defines "plan sponsor" generally as the employer whose employees are covered by the plan, not as the plan's insurer. 29 U.S.C. § 1002(16)(B). A plan sponsor is not a fiduciary unless it exercises discretionary authority or control over plan management or administration and has discretionary authority or control over the conduct in question. *Lockheed Corp. v. Spink*, 517

---

³  Again, this begs the question as to whether each plan is an ERISA plan. If not, then it is possible that different states' laws will be at issue and questions of jurisdiction may exist.

6

U.S. 882, 890 (1996); *Pegram v. Herdrick,* 530 U.S. 211, 226, 120 S.Ct. 2143, 2153 L.Ed.2d 164, 68 (2000). An insurer or plan administrator may or may not be a fiduciary depending on whether it has discretionary responsibilities over a plan. *See Schulist v. Blue Cross of Iowa*, 717 F.2d 1117, 1131-32 (7th Cir. 1983) (insurer was not fiduciary because it did not exercise discretionary authority or control over plan); *In re Smithkline Beecham Clinical Labs., Inc. Lab. Test Billing Practices Litig.*, 108 F. Supp. 2d 84, 103 (D. Conn. 1999) ("each insurer must provide specific facts to establish its fiduciary status"); *Saldana v. Aetna U.S. Healthcare*, 233 F. Supp. 2d 812, 818 (S.D. Miss. 2002) (finding that Aetna was not a fiduciary because it performed only ministerial duties). Most important, these questions of fiduciary status likely vary from plaintiff to plaintiff such that each plaintiff's status must be examined separately.

Furthermore, each insurer's entitlement to equitable relief will depend on the facts of each case and each plan's reimbursement provision. *See Sereboff v. Mid Atlantic Med. Servs., Inc.*, 547 U.S. 356, 362-63 (2006) (equitable lien requires identification of specific funds in possession and control of defendant and plan terms must establish plaintiff's right to funds); *Popowski v. Parrott*, 461 F.3d 1367 (11th Cir. 2006) (finding language in one plan created equitable lien, but language of another plan did not); *Schultz v. Progressive Health, Life, and Disability Benefits Plan*, 481 F. Supp. 2d 594 (S.D. Miss. 2007) (court has subject matter jurisdiction under § 502(a)(3) "provided Aetna can show that the Plan terms specifically identified the funds Aetna seeks to recover"). As with fiduciary status, the facts concerning each individual plan must be determined on a plaintiff-by-plaintiff and plan-by-plan basis.

For this reason too, the claims should be severed.

## CONCLUSION

For the foregoing reasons, the Court should sever plaintiffs' claims.

        Respectfully submitted,

        IRWIN FRITCHIE URQUHART & MOORE LLC

        */s Monique M. Garsaud*
        JAMES B. IRWIN (Bar No. 7172), T.A.
        MONIQUE M. GARSAUD (Bar No. 25393)
        400 Poydras Street, Suite 2700
        New Orleans, Louisiana  70130
        Telephone:  (504) 310-2100
        Facsimile:  (504) 310-2101
        Email: jirwin@irwinllc.com
                mgarsaud@irwinllc.com

        *Attorneys for BROWNGREER, PLC*
        *and US Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Sever has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 20th day of May 2008.

        */s Monique M. Garsaud*