# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to All Cases* | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

## PRE-TRIAL ORDER NO. 26
### (Prohibiting Multiple Unrelated Claimants from Joining in One Complaint)

In an effort to maximize judicial economy and efficiency, the Court has allowed multiple unrelated claimants in this MDL to join together and file their claims in a single complaint. As time goes on, however, it has become clear to the Court that this practice has actually created administrative complications and led to certain inefficiencies that would have been avoided had the Court not modified the traditional rule that unrelated claimants must file individual complaints. Accordingly, to eliminate these unnecessary inefficiencies, IT IS HEREBY ORDERED that unrelated claimants shall now be required to file separate complaints.

This Pre-Trial Order applies forthwith, but does not apply retroactively to those claims already filed as part of joint complaints. Moreover, those claimants that have previously joined together to enter into a joint tolling agreement are also unaffected by this Pre-Trial Order, and will be allowed to file a joint complaint should that be necessary.

Dated:   September 5, 2007

Honorable Eldon E. Fallon
United States District Judge



DEFENDANT'S
EXHIBIT
1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | **Case No. 1:03-CV-17000** |
| | : | |
| | : | **(MDL Docket No. 1535)** |
| **IN RE: WELDING ROD PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | **JUDGE O'MALLEY** |
| | : | |
| | : | <u>**ORDER**</u> |
| | : | |

(This Order applies to "Welding Rod" cases <u>filed originally in this Court</u>).

Beginning in early 2003, a number of plaintiffs around the country began filing lawsuits against various manufacturers, suppliers, and distributors of welding rod products, as well as related trade associations. The common theme of these lawsuits was that exposure to fumes given off by these welding rods caused physical harm to the plaintiffs, and the defendants knew or should have known that use of the welding rods caused these injuries.

The plaintiffs in one of these cases filed a motion with the Federal Judicial Panel on Multi-District Litigation ("MDL Panel"), seeking to consolidate and centralize all related federal lawsuits, pursuant to 28 U.S.C. §1407. MDL docket no. 1535. On June 23, 2003, the MDL Panel granted the motion, consolidating and transferring all related pending federal litigation to the Northern District of Ohio and assigning oversight of the MDL proceedings to the undersigned.

Following the approval and creation of this MDL, a number of plaintiffs have filed related lawsuits directly in this forum. A review of these lawsuits reveals that, in many instances, a number of unrelated



DEFENDANT'S
EXHIBIT
2

individuals were joined as parties-plaintiff, even though their joinder is not authorized by the Federal Rules of

Civil Procedure. The Court finds that, in all such cases, the plaintiffs must be severed from one another, to

comport with both the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, the Court hereby **ORDERS** as follows. The complaint of each individual plaintiff in each

of the "multi-plaintiff" Welding Rod cases shall be **SEVERED**, pursuant to Fed. R. Civ. P. 21, thereby

creating an individual case on behalf of each such plaintiff.[1] The Court does not intend for this severance to

have any substantive effect on these cases. The Court directs the Clerk of the Court and each such new

plaintiff to adopt the following procedure to implement the severance.

1.  Each of the multi-plaintiff cases shall be **severed** such that each plaintiff (together with their associated
    derivative claimants) becomes a plaintiff in a new lawsuit, to which a new case number will be
    assigned. The first plaintiff named in the complaint shall remain in the original lawsuit, even if that
    plaintiff has earlier been dismissed or otherwise removed from the lawsuit. The plaintiffs named after
    the first-named plaintiff must file new lawsuits.

2.  For each new "Welding Rod case" created in this manner, the plaintiff shall pay a civil filing fee and
    file a civil cover sheet. In the box on the civil cover sheet allocated for the plaintiff's name, each new
    plaintiff shall also include the designation "Severed from Case No. _____." In the box on the
    civil cover sheet allocated for related cases, the plaintiff shall note both the case from which the action
    was severed and also "Case no. 03-CV-17000, MDL No. 1535."

3.  The Clerk of Court shall enter the following language on the docket of each such newly opened
    "Welding Rod case": "Refer to the Electronic Case Filing System for Case No. _____ (the
    original case number) and Case No. 03-CV-17000 for prior entries."

Plaintiffs in these new "Welding Rod cases" need not serve new process or file amended complaints

to reflect severance. This Order constitutes notice of severance. In addition, the Court orders that all actions

affected or created by this Order shall be treated in all respects as if they were filed on the date of the

---

[1] The exception to this rule is that a plaintiff and his or her spouse and children (and/or other
associated derivative claimant) need not be severed from each other.

2

corresponding original action.

Furthermore, the Court **ORDERS** that: (1) all attorneys filing related cases in the future should **avoid filing complaints joining unrelated individuals as parties-plaintiff**; and (2) all attorneys and the Clerk of Court shall comply with the procedures discussed above, if they apply to any future-filed case.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/    :
FENFLURAMINE/DEXFENFLURAMINE)     :     MDL DOCKET NO. 1203
PRODUCTS LIABILITY LITIGATION     :

## PRETRIAL ORDER NO. 3370     FILED   MAR 2 4 2004

This Order applies to all civil actions which are or become part of the consolidated proceedings in MDL No. 1203, including those originally filed in or transferred to and docketed in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407. Pretrial Orders Nos. 292, 417, and 1162 are hereby vacated and superceded by the terms of this Order. Pretrial Orders Nos. 19, 21, 22, 680, 418, 1160, and 2930 shall remain in full effect subject to the terms of this Order.

**ENTERED**

**MAR 2 4 2004**

**CLERK OF COURT**

I.   MOTIONS RELATING TO SUBJECT MATTER JURISDICTION

1.   In actions where plaintiffs challenge federal subject matter jurisdiction by filing Motions to Remand in MDL No. 1203, all discovery, with the exception of those obligations required by Pretrial Order No. 2930 and Section III.G of this Order (relating to Product Identification) or discovery conducted by agreement of the parties, shall be stayed pending the resolution of said motions.

2.   In actions where plaintiffs challenged federal subject matter jurisdiction by filing a Motion to Remand in their respective transferor courts, and said motions remained pending at

the time their action was transferred to and docketed in MDL No. 1203, any party may file a Notice of Motion Pending requesting that this Court rule on said motions.  All pertinent papers filed in the transferor court shall be attached to the Notice of Motion Pending, which shall be served pursuant to the requirements set forth in Pretrial Order No. 19.

3.   In actions where plaintiffs challenge federal subject matter jurisdiction by filing a Notice of Motion Pending, all discovery, with the exception of those obligations required by Pretrial Order No. 2930 and Section III.G of this Order (relating to Product Identification) or discovery conducted by agreement of the parties, shall be stayed pending the resolution of said motions.

4.   In the event the Court denies a Motion to Remand, the stay of discovery shall automatically be lifted and discovery shall proceed in accordance with the procedures and schedules set forth herein.  Further, discovery shall not be stayed in cases where a transferor court has denied a Motion to Remand prior to the transfer of an action to MDL No. 1203.

## II.   SEVERANCE OF MULTI-PLAINTIFF ACTIONS

5.   To resolve misjoinder issues, and to facilitate the efficient administration of actions docketed in MDL No. 1203, all

2

multi-plaintiff actions shall be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure as follows:

a.   Multi-plaintiff actions docketed in MDL No. 1203 prior to the date of this Order shall be severed unless: (1) a Motion to Remand is currently pending before the Court; or (2) plaintiffs file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date of this Order.   In the event the Court denies a pending Motion to Remand in a multi-plaintiff action, or a Motion to Remand or Notice of Motion Pending is not filed in an action within forty-five (45) days of the date of this Order, the subject action shall be severed forthwith.

b.   Multi-plaintiff actions docketed in MDL No. 1203 subsequent to the date of this Order shall be severed unless plaintiffs file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date the action is docketed in MDL No. 1203.   In the event the Court denies a pending Motion to Remand in a multi-plaintiff action, or a Motion to Remand or Notice of Motion Pending is not filed in an action within forty-five (45) days of the date the action is docketed in MDL No. 1203, the subject action shall be severed forthwith.

6.   The Special Discovery Master's Office shall identify multi-plaintiff actions subject to severance pursuant to Paragraph 5 of this Order.   For each action identified, the Court will enter a Severance Order, which shall be served on the parties in the action.

3

7.    Within sixty (60) days after the filing of a Severance Order in a multi-plaintiff action, each plaintiff and that plaintiff's spouse and/or children, shall file one "Severed and Amended Complaint."   The Severed and Amended Complaint shall contain the specific claims asserted by that individual plaintiff, and any claims asserted by the plaintiff's spouse and/or children, against any defendant named in the Severed and Amended Complaint. A sample Severed and Amended Complaint is attached hereto as Exhibit A.

8.    All Severed and Amended Complaints shall be submitted to the Clerk of Court on disk in portable document format (pdf), along with a courtesy paper copy of the complaint, for filing.  Pursuant to Local Rule of Civil Procedure 5.1.4, all attorneys shall apply for a signature code by completing and filing with the Clerk of Court a Validation of Signature form, a copy of which is included with the Notice attached hereto as Exhibit B.   An attorney's signature code shall be entered on the signature line of the courtesy copy of the Severed and Amended Complaint for the purpose of signature validation pursuant to Federal Rule of Civil Procedure 11.

9.    For each Severed and Amended Complaint filed, the Clerk shall assign a separate civil action number, which shall be related to the civil action number assigned to the original multi-plaintiff action.

10.  Absent prior leave of Court, a Severed and Amended Complaint shall contain only those claims pleaded in the original multi-plaintiff action or some subset of those claims.  In addition, absent prior leave of Court, plaintiffs shall not name any new defendants in their individual Severed and Amended Complaints.

11.  Any defendant included in the original action but not included in the Severed and Amended Complaint shall be deemed dismissed with prejudice.  To effectuate this dismissal, at the written request of any party, the Special Discovery Master shall issue a Recommendation that the Court dismiss with prejudice a plaintiff's claims against such unnamed defendants.

12.  A Severed and Amended Complaint shall be served as required by Federal Rule of Civil Procedure 5 and Pretrial Order No. 19.

13.  A plaintiff's failure to file a Severed and Amended Complaint within the time prescribed in Paragraph 7, without further leave of Court, will be deemed a failure to prosecute and to comply with this Order and, upon motion by any defendant, may result in the dismissal of the plaintiff's claims with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

14.  The severance of multi-plaintiff actions in MDL No. 1203 shall be without prejudice to any party's right under Federal Rule of Civil Procedure 42 to request consolidation of severed actions upon remand to a transferor court for trial.

5

III. <u>DISCOVERY</u>

   A.   <u>Assignment of Discovery Initiation Date</u>

   15.  For purposes of discovery, a Discovery Initiation Date ("DID") is assigned to each action docketed in MDL No. 1203.

   16.  For actions transferred to and docketed in MDL No. 1203 <u>subsequent</u> to the date of this Order, the procedure for assigning DIDs which was established in Pretrial Order No. 22 is amended as follows:

      a.  In single-plaintiff actions where a Motion to Remand or a Notice of Motion Pending is not filed within forty-five (45) days of the date the case is docketed in MDL No. 1203, the assigned Discovery Initiation Date ("DID") shall be the first day of the second month following the date the case is docketed in MDL No. 1203.  For example, if a single-plaintiff case is docketed in MDL No. 1203 on February 16, 2004, and the plaintiff does not file a Motion to Remand or Notice of Motion Pending on or before April 1, 2004, the DID for the plaintiff's case will be May 1, 2004.

      b.  In the event the Court denies a Motion to Remand in a single-plaintiff action, the assigned DID shall be the first day of the month following the date of the Order denying said motion.

      c.  In multi-plaintiff actions, a DID shall not be assigned until after the filing of a Severed and Amended Complaint. Subsequent to the filing of a Severed and Amended Complaint, the

Special Discovery Master shall assign a DID for the severed action based on a process to be determined.

17.   For actions transferred to and docketed in MDL No. 1203 prior to the date of this Order, for which DIDs previously had been assigned pursuant to Pretrial Order No. 22, the assigned DIDs may be modified as follows:

a.   In single-plaintiff actions where the Court has denied a Motion to Remand, or where plaintiffs have not filed a Motion to Remand or a Notice of Motion Pending and they do not file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date of this Order, the Special Discovery Master may assign a new DID for good cause shown.

c.   In multi-plaintiff actions where the Court has denied a Motion to Remand, or where plaintiffs have not filed a Motion to Remand or a Notice of Motion Pending, and they do not file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date of this Order, the Special Discovery Master shall promptly assign a new DID upon the filing of a Severed and Amended Complaint.

B.   <u>Discovery Schedule</u>

18.  Except as otherwise specified in this Order, all discovery for civil actions transferred to and docketed in MDL No. 1203 shall be completed pursuant to the following schedule and guidelines:

a.  All discovery shall be completed no later than **<u>eleven (11) months</u>** after an assigned DID.

b.  The close of **<u>fact discovery</u>** shall be **<u>seven (7) months</u>** after an assigned DID.

c.  No later than **<u>seven (7) months</u>** after an assigned DID, plaintiffs shall identify each generic and case-specific expert who is expected to testify on any issue other than economic damages and, except to the extent disclosures have already been made, shall make all expert witness disclosures required by Federal Rule of Civil Procedure 26(a)(2).

d.  No later than **<u>eight (8) months</u>** after an assigned DID, defendants shall identify each generic and case-specific expert who is expected to testify on any issue other than economic damages and, except to the extent disclosures have already been made, shall make all expert witness disclosures required by Federal Rule of Civil Procedure 26(a)(2).

e.  The depositions of all case-specific experts shall be completed no later than **<u>eleven (11) months</u>** after an assigned DID.

f.  Requests for extensions from the foregoing deadlines shall be submitted to the Special Discovery Master.  Pursuant to

Rule 16 of the Federal Rules of Civil Procedure, extensions shall not be granted except upon a showing of good cause.

g.   The Special Master may implement procedures as necessary to ensure adherence to the foregoing discovery deadlines.

C.   Fact Sheets, Medical Authorizations, and Lists of Medical Providers

19.   Plaintiffs shall comply with their obligations to produce in a timely manner completed Fact Sheets, Medical Authorizations, and Lists of Medical Providers in accordance with Pretrial Order No. 2930.

20.   Any motions to compel or for sanctions relating to any plaintiff's failure to comply with any of the obligations required by Pretrial Order No. 2930, shall be filed with the Court and shall be served, along with a copy of this Order, upon each subject plaintiff's counsel of record (or the plaintiff if not represented), the Plaintiffs' Management Committee ("PMC"), all MDL No. 1203 liaison counsel, and the Special Discovery Master.  Such motions shall include an affidavit or declaration verifying the factual basis for the motion, that despite reasonable efforts the parties were unable to resolve the dispute, and that the motion has been served in accordance with this Paragraph.

21.   Plaintiffs shall have fourteen (14) days after service of any such motion to submit an opposition thereto.  Such oppositions shall not be filed with the Court, but shall be submitted to the

Special Discovery Master's Office.   Reply briefs, if any, also shall not be filed with the Court, but shall be submitted to the Special Master's Office within seven (7) days after service of any opposition.   All Opposition and Reply briefs shall be served in accordance with Paragraph 20 of this Order.

22.   The Special Master's Office shall compile all Opposition and Reply briefs that have been timely submitted and shall promptly file with the Clerk of Court a Praecipe including those submissions as exhibits thereto.   If no Opposition is timely filed, such motion may be granted (as to those plaintiffs who have not timely opposed the motion) without further proceedings pursuant to Local Rule of Civil Procedure 7.1(c).

23.   Motions filed pursuant to Paragraph 20 of this Order shall be referred to the Special Discovery Master for resolution without further order, unless otherwise directed by the Court.   For motions so referred, the Special Discovery Master may issue a Recommendation regarding whether the relief sought should be granted or denied.   Such relief may include, but is not limited to, monetary sanctions and/or dismissal of the claims of the subject plaintiffs with prejudice.


D.   <u>Deposition Discovery</u>

24.   Deposition discovery shall commence no earlier than the DID assigned to an action.

25.    The deposition guidelines previously outlined in Pretrial Order No. 21 shall apply to all depositions.

26.    Except by agreement of the parties, all depositions shall be noticed at least twenty (20) days before the scheduled date for the deposition by notice served on the PMC and one attorney for each defendant separately represented.  The notice shall contain an estimate of the amount of time which will be required for the completion of the deposition and may include a request for production of documents not previously produced.  In addition, if the notice requests that the deponent produce documents in connection with his deposition, such documents (or complete copies thereof) will be produced at the place designated at least ten (10) days prior to the date scheduled for the commencement of the deposition.  Once these documents are provided, the parties are encouraged to negotiate stipulations as to the authenticity of such documents so as to expedite the deposition process.

27.    Pursuant to Federal Rule of Civil Procedure 29, the parties may, by written stipulation, agree to conduct non-expert case specific depositions at such times and places as may be convenient for the parties.

28.    Depositions may be taken in order to preserve testimony in the circumstances addressed by Federal Rule of Civil Procedure 27.

29.    Pursuant to Federal Rule of Civil Procedure 30, absent a written stipulation of the parties, a party must obtain leave of

11

Court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2): (1) to notice more than ten (10) fact depositions; (2) to extend a deposition beyond one day of seven (7) hours; or (3) to examine a person who already has been deposed in the case.  The resolution of all matters under this Paragraph shall be referred to the Special Discovery Master without further order, unless otherwise directed by the Court.  For all matters so referred, the Special Discovery Master may issue a Recommendation regarding whether the leave sought should be granted or denied.

E.   <u>Expert Designations</u>

30.  Any generic expert witness designated in twenty-five (25) or more cases ("MDL Generic Expert") can be designated as a generic expert witness in any MDL 1203 action in accordance with Paragraphs 31 and 32 of this Order.

31.  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), one set of expert disclosures shall be provided to the PMC and liaison counsel for the defendants for each MDL Generic Expert.  In addition, discovery relating to any such MDL Generic Expert shall be coordinated through the PMC and liaison counsel for the defendants.

32.  Any party relying on an MDL Generic Expert does not need to serve additional Federal Rule of Civil Procedure 26(a)(2)(B) disclosures for such expert to testify in any individual action,

provided that such party timely adopts, in a notice served upon all parties in the action, the expert disclosure(s) of such expert(s) that previously were served pursuant to Paragraph 31.

33. The parties shall be precluded from relying upon the causation opinion of a treating physician unless the party adopting said opinion provides Federal Rule of Civil Procedure 26(a)(2)(B) disclosures in accordance with the deadlines established in Section III.B of this Order.

34. The Court recognizes that there may be limited circumstances where it will be both necessary and appropriate for a party to identify an expert to supplement prior opinions in response to expert opinions disclosed pursuant to this Order. Absent leave of Court, however, supplemental expert opinions shall not be permitted. The resolution of all matters under this Paragraph shall be referred to the Special Discovery Master without further order, unless otherwise directed by the Court. For matters so referred, the Special Discovery Master may issue a Recommendation regarding the circumstances under which the parties will be permitted to offer such supplemental opinions, and the procedures governing disclosure and discovery of such supplemental opinions.

35. No later than thirty (30) days of the filing in the transferor court of the Order of Remand issued by the Judicial Panel for Multi-District Litigation, plaintiffs shall identify expert witnesses who are expected to testify only on economic

damages issues and shall serve disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on each defendant.  Within thirty (30) days thereafter, or at such time as the transferor court directs, each defendant shall identify its experts on economic damages, and file and serve its Rule 26(a)(2) disclosures.

F.    Other Discovery

36.  Any plaintiff who wishes to serve interrogatories and document production requests on any defendant including but not limited to medical providers, diet centers, clinics, or pharmacies, may do so at any time provided that such requests are coordinated with and through the PMC, which shall assure that discovery requests directed to such defendants are not duplicative.  Any defendant may likewise serve such discovery.  Absent leave of Court, plaintiffs shall not be permitted to propound general liability or other written discovery upon Wyeth.

37.  Any party may request the production of documents by a third party through a Subpoena Duces Tecum.  The party initiating such discovery shall ensure that the documents produced are given a distinct identifying number in accordance with Paragraph 6(c) of Pretrial Order No. 22, and that a copy of all such documents are provided to the PMC and liaison counsel for the defendants.

38.  Pursuant to Federal Rule of Civil Procedure 35, at any time after the DID in an individual action, any defendant may file and serve a Motion to schedule a physical or mental examination of

14

a plaintiff, which shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made.  A plaintiff, however, shall not be required to travel an unreasonable distance for an examination. Motions filed pursuant to this Paragraph shall be referred to the Special Discovery Master for resolution without further order, unless otherwise directed by the Court.  For Motions so referred, the Special Discovery Master may issue a Recommendation regarding whether the relief sought should be granted or denied.

39.  In the event that an examination is to take place at a location requiring a plaintiff to travel more than fifty (50) miles, and if the Special Discovery Master overrules any objection to such travel, the party requesting the examination shall tender to plaintiff's counsel five (5) calendar days in advance of such examination a sum equal to the reasonable round trip travel and lodging expenses to be incurred by plaintiff, and one attorney for plaintiff, to attend the examination.

40.  Pursuant to the provisions of Pretrial Order No. 1160, a plaintiff may propound interrogatories seeking information relating to: (1) communications between American Home Products Corporation (and its related entities) and certain physicians identified in the plaintiff's Fact Sheet; (2) any Adverse Drug Events reports regarding the plaintiff; and (3) detailing information.

41.  The parties are encouraged to consider other discovery devices permitted by the Federal Rules of Civil Procedure such as

15

Requests for Admissions pursuant to Rule 36 to the extent these devices may eliminate or reduce the need for deposition discovery. The parties, however, may use such additional discovery devices only with prior authorization of the Special Discovery Master.

G.   Product Identification

42.   To facilitate product identification, plaintiffs are expected to promptly undertake product identification discovery if informal requests for information from pharmacies, physicians, or other dispensers of their diet medications do not provide reliable product identification information.  To facilitate that discovery, the time limitations of Paragraph 26 of this Order for noticing depositions do not apply to product identification-related depositions, and such discovery may be taken pursuant to the time limitations of the Federal Rules of Civil Procedure, with the exception of depositions of prescribing physicians.  Since depositions of prescribing physicians may also involve areas of inquiry other than product identification, such depositions should be taken with at least twenty (20) days notice, absent stipulation to a shorter time by all parties in the case.

43.   In any case where a plaintiff has not positively identified the product upon which a claim is based, the plaintiff shall notify the Special Discovery Master of such fact in writing ("Plaintiff's Notice") within sixty (60) days of the date of this Order, or the DID assigned to the plaintiff's case, whichever

occurs later. The Plaintiff's Notice may stipulate to dismiss claims against any defendant whose product it has not positively identified. In such circumstances, the Special Discovery Master may issue a Recommendation that such claims be dismissed with prejudice.

44. If the Plaintiff's Notice does not seek to dismiss its claims against any defendant whose product has not been positively identified, then the Plaintiff's Notice must contain: (1) a description of the efforts made by the plaintiff to establish positive product identification, and any additional product identification information the plaintiff expects to be able to provide and the time such information will be provided; (2) a statement regarding whether the plaintiff was unable to obtain prescription or medical records documenting his or her use of diet drugs; and/or (3) the legal or factual basis for maintaining his or her action in the absence of product identification. Any plaintiff who fails to comply with these requirements may be subject to any remedy the Court deems appropriate. A copy of the Plaintiff's Notice shall be served upon the PMC and liaison counsel for the defendants.

45. In any case where a plaintiff does not provide a Fact Sheet or other information demonstrating that the plaintiff ingested a drug manufactured or distributed by a defendant named in that case, that defendant may submit a notice ("Defendant's Notice") to the Special Discovery Master within ten (10) days

17

following the deadline for Plaintiff's Notice.  The Defendant's Notice shall identify the case caption, the specific plaintiff and attach the relevant sections of the plaintiff's Fact Sheet.  The Defendant's Notice shall also contain a certification of its full compliance with the product description obligations established by Pretrial Order No. 418.  A copy of Defendant's Notice shall be served upon the individual plaintiff, the PMC and liaison counsel for the defendants.  The Defendant's Notice shall advise the plaintiff that they have ten (10) days within which to respond to such notice or provide supplemental information regarding product identification.

46.  If the plaintiff does not make full and adequate product identification within ten (10) days of service of the Defendant's Notice or justify the failure to make positive product identification, the Special Discovery Master may issue a Recommendation that the plaintiff's claims against the notifying defendant be dismissed with prejudice.

47.  A conference may be held, at a time to be established by the Special Discovery Master, to address those issues raised in the Plaintiff's and Defendant's Notices including the adequacy of the plaintiff's justification for failing to make full and prompt product identification.  In those instances where a conference is unsuccessful in resolving the matter, the Special Discovery Master shall issue a Recommendation, which shall include, where appropriate, a Recommendation that the plaintiff show cause before

the Court why claims against a defendant should not be dismissed with prejudice.

## IV. PROCESS FOR REMANDING ACTIONS TO TRANSFEROR COURTS

48. On a regular basis, the Court will issue an Order to Show Cause why actions for which the discovery period has expired pursuant to Paragraph 18 of this Order should not be remanded to their transferor courts for trial.

49. Absent a showing of good cause, all actions that are the subject of an Order to Show Cause will be placed on a Suggestion of Remand Order. In those instances where good cause is shown, the Court in its discretion may extend the discovery period for a limited amount of time.

50. Upon written request, the Special Discovery Master may recommend that an action be placed on a Suggestion of Remand Order prior to expiration of the discovery period for the action.

## V. MISCELLANEOUS

51. In the event that any ruling on matters referred to the Special Discovery Master pursuant to this Order is not accepted by any affected party, the Special Discovery Master shall file and serve a Recommendation. Any appeal to this Court of a Recommendation issued by the Special Discovery Master must be filed with the Court no later than seven (7) days after filing of the Recommendation with the Court, in the manner provided in Pretrial

Order No. 26. Any Recommendation not timely appealed shall be deemed accepted by the parties, and the Court shall enter an Order accordingly.

52. In accordance with the procedures established in Pretrial Orders Nos. 19 and 680, any motion, stipulation for voluntary dismissal, or notice of dismissal submitted on behalf of any plaintiff must be submitted to the PMC for endorsement and filing.

53. Courtesy copies of all motions and briefs, including those filed electronically, shall be delivered to Judge Bartle's chambers.

54. The parties shall serve all original Complaints, Severed and Amended Complaints, motions, briefs, and other papers in accordance with the provisions of Pretrial Order No. 19.

55. Pursuant to Local Rule of Civil Procedure 5.1, an attorney may not withdraw as counsel except by leave of Court unless substitute counsel enters an appearance. A party may substitute counsel by filing a Notice of Substitution.

BY THE COURT:

Harvey Bartle III          J.

March 24, 2004