UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This Document Relates to All Cases | § | JUDGE FALLON |
| | § | |
| | § | MAGISTRATE JUDGE KNOWLES |

**SUPPLEMENTAL FILING WITH FIFTH CIRCUIT PRECEDENT
with regard to
CERTAIN PLAINTIFFS' AND THEIR COUNSELS' SUPPLEMENTAL
MEMORANDUM REGARDING THEIR EMERGENCY MOTION FOR
MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28**

**MAY IT PLEASE THE COURT:**

The plaintiffs request the Court's remission to supplement their Supplemental Memorandum, filed herein on May 20, 2008, in the following limited regard.

## I.   REQUIRING PLAINTIFFS TO PRESENT SPECIFIC CAUSATION EXPERT REPORTS IS ENTIRELY PREMATURE AND CONTRARY TO THE TYPLICAL SEQUENCE IN TOXIC TORT CASES.

PTO 28 requires plaintiffs to present specific causation expert reports before the general causation case has been developed.  It should be conceded that development of the general causation case is the responsibility of the PSC.  If the PSC is not going to do it, the Court should either order it done or remand the cases to the transferor courts.

Without proper *general* causation discovery and reports, it is generally not possible for a case-specific expert to opine that Vioxx was the legal cause of an individual's injury.  Not only would most physicians be reluctant to conclude general causation  based upon their own training

SUPPLEMENTAL FILING WITH FIFTH CIRCUIT PRECEDENT
with regard to
CERTAIN PLAINTIFFS' AND THEIR COUNSELS' SUPPLEMENTAL MEMORANDUM

Page 1 of 4

and experience, but should a general family practitioner do so, it is certain that Merck would criticize the opinion as inadequate and lacking in scientifically sound methodology by failing to consider a body of general causation evidence.

The Fifth Circuit is clear on its position that specific causation is developed AFTER general causation. *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). In that case, the Fifth Circuit stated:

> General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury. *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 714, 40 Tex. Sup. Ct. J. 846 (Tex. 1997). <u>Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence</u>. *See Raynor v. Merrell Pharms.*, 323 U.S. App. D.C. 23, 104 F.3d 1371, 1376 (D.C. Cir. 1997). Thus, there is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence. *See Cano v. Everest Minerals Corp.*, 362 F. Supp. 2d 814, 824 (W.D. Tex. 2005).

*Knight*, 482 F.3d at 351.

Differential diagnosis is "a patient-specific process of elimination that medical practitioners use to identify the 'most likely' cause of a set of signs and symptoms from a list of possible causes." *Hall v. Baxter Healthcare Corp.*, 947 F. Supp. 1387, 1413 (D. Or. 1996) (noting that a proper differential diagnosis "*assumes* that general causation has been proven for the list of possible causes it eliminates"). General causation is a "prerequisite" to specific causation., *Ashburn v. General Nutrition Ctrs., Inc.*, 3:06 CV 2367 2007 U.S. Dist. LEXIS 87200, *8 (N.D. Ohio, Nov. 27, 2007). Indeed, experts have been precluded under *Daubert* for failing to properly "rule in" an agent because that expert failed to consider sufficient general

SUPPLEMENTAL FILING WITH FIFTH CIRCUIT PRECEDENT
with regard to
CERTAIN PLAINTIFFS' AND THEIR COUNSELS' SUPPLEMENTAL MEMORANDUM

Page 2 of 4

causation evidence.  *See Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 254 (2nd Cir. 2005); *Anderson v. Bristol Myers Squibb Co.*, H-95-0003, 1998 U.S. Dist. LEXIS 23259, *27 (S.D. Texas. April 20, 1998) (testimony on specific causation was legitimate as follow-up to admissible general causation evidence).  The plain result of PTO 28 is to force plaintiffs to present specific causation opinions without properly developed general causation opinions, and this is an absolute set-up because Merck can then attack those important witnesses later for making "tentative" conclusions before they had the predicate for the actual opinion.

Ultimately, by imposing the requirements of PTO 28 upon these plaintiffs the Court will do one of three things: (1) invite dismissals of their cases because case specific causation opinions cannot be prepared without general causation evidence or (2) invite dismissals of their cases down the road in granting Merck's motion to preclude case specific expert testimony because they fail to follow sound scientific methodology, or (3) destroy the credibility of plaintiffs' case-specific experts because they have gone out on a limb now without a sufficient basis from other experts for their case specific opinions.  Any of these scenarios are manifestly unfair and prejudicial to plaintiffs.

Plaintiffs implore the Court to follow orderly and fair procedures in the administration of this MDL despite that a large segment of the cases have been resolved by agreement.  The remaining plaintiffs are entitled to the same fair and balanced treatment this Court accorded to the MI and IS claimants.

SUPPLEMENTAL FILING WITH FIFTH CIRCUIT PRECEDENT
with regard to
CERTAIN PLAINTIFFS' AND THEIR COUNSELS' SUPPLEMENTAL MEMORANDUM

Page 3 of 4

Respectfully submitted,

/s/  Ann B. Oldfather
Ann B. Oldfather
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY  40208
502.637.7200
502.637.3999 (facsimile)
aoldfather@oldfather.com

| | | | |
|---|---|---|---|
| Gregory J. Bubalo<br>D. Brian Rattliff<br>Bubalo, Hiestand &<br>Rotman, PLC<br>401 S. Fourth Street<br>Suite 800<br>Louisville, KY  40202 | Tyler S. Thompson<br>Liz Shepherd<br>Dolt, Thompson, Shepherd<br>& Kinney<br>13800 Lake Point Circle<br>Louisville, KY  40223<br>Tthompson@kytrial.com | Jeffrey K. Branstetter<br>Blanton & Branstetter<br>705 Meigs Avenue<br>Jeffersonville, IN  47130<br>Jkblawyer@insightbb.com | Joseph H. Mattingly, III<br>Mattingly, Nally-Martin<br>& Fowler, PLLC<br>104 West Main Street<br>P.O. Box 678<br>Lebanon, KY  40033<br>Jhmlaw@alltel.net |

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on May 21, 2008.

/s/  Ann B. Oldfather

SUPPLEMENTAL FILING WITH FIFTH CIRCUIT PRECEDENT
with regard to
CERTAIN PLAINTIFFS' AND THEIR COUNSELS' SUPPLEMENTAL MEMORANDUM

Page 4 of 4