# CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
(Paragraph I.B of PTO No. 36)

## C. COMPLIANCE WITH PTO NO. 36

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, **Gloria Lyons**
Name of Publication: **Times Picayune**
Dates of Publication: **May 27, 28, 29, 2008**

☑ I sent a letter to the Plaintiff by certified mail on **May 28, 2008** (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

## D. SIGNATURE

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | **5/30/08** (Month/Day/Year) | **Wanda J. Edwards** Counsel |

#343313
4/23/08

2

| CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL |
|---|
| (Paragraph I.B of PTO No. 36) |
| **C. COMPLIANCE WITH PTO NO. 36** |

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, Clarence Bannister

Name of Publication: Times P. Cayune

Dates of Publication: May 27, 28, 29, 2008

☑ I sent a letter to the Plaintiff by certified mail on May 28, 2008 (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

**D. SIGNATURE**

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | 5/30/08 (Month/Day/Year) | *Wanda J. Edwards* Counsel |

| CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL |
|---|
| (Paragraph I.B of PTO No. 36) |
| **C. COMPLIANCE WITH PTO NO. 36** |

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, _Judy Johnson_
Name of Publication: _Times Picayune_
Dates of Publication: _May 27, 28, 29, 2008_

☑ I sent a letter to the Plaintiff by certified mail on _May 28, 2008_ (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

**D. SIGNATURE**

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | _5/30/08_ (Month/Day/Year) | _Wanda J. Edwards_ Counsel |

#343313
4/23/08

2

| CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL |
|---|
| (Paragraph I.B of PTO No. 36) |

| C. COMPLIANCE WITH PTO NO. 36 |
|---|

[✓] I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, Junell Poole
Name of Publication: Times Picayune
Dates of Publication: May 27, 28, 29, 2008

[✓] I sent a letter to the Plaintiff by certified mail on May 28, 2008 (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

| D. SIGNATURE |
|---|

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | 5/30/08 (Month/Day/Year) | Wanda J. Edwards Counsel |
|---|---|---|

#343313
4/23/08

2

| CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL |
|---|
| (Paragraph I.B of PTO No. 36) |
| **C. COMPLIANCE WITH PTO NO. 36** |

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, _Diann Celestin_

Name of Publication: _Times Picayune_

Dates of Publication: _May 27, 28, 29, 2008_

☑ I sent a letter to the Plaintiff by certified mail on _May 28, 2008_ (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

**D. SIGNATURE**

I certify under penalty of perjury that the foregoing is true and correct.

Date Signed: _5/30/08_ (Month/Day/Year)

_Wanda Jo Edwards_, Counsel

#343313
4/23/08

2

| | |
|---|---|
| **CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** (Paragraph I.B of PTO No. 36) | |
| **C. COMPLIANCE WITH PTO NO. 36** | |

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, Lloyd James
Name of Publication: Times Picayune
Dates of Publication: May 27, 28, 29, 2008

☑ I sent a letter to the Plaintiff by certified mail on May 28, 2008 (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

**D. SIGNATURE**

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | 5/30/08 (Month/Day/Year) | Wanda Jo Edwards — Counsel |
|---|---|---|

#343313
4/23/08

2

## CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
(Paragraph I.B of PTO No. 36)

### C. COMPLIANCE WITH PTO NO. 36

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, Marlene Calero

Name of Publication: Times Picayune

Dates of Publication: May 27, 28, 29, 2008

☑ I sent a letter to the Plaintiff by certified mail on May 28/2008 (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

### D. SIGNATURE

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | 5/30/08 (Month/Day/Year) | Wanda J. Edwards _____ Counsel |

#343313
4/23/08

2

| CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL |
|---|
| (Paragraph I.B of PTO No. 36) |
| **C. COMPLIANCE WITH PTO NO. 36** |

☑ I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, **Clemon Shelton**
Name of Publication: **Austin American Statesman**
Dates of Publication: **May 27, 28, 29, 2008**

☑ I sent a letter to the Plaintiff by certified mail on **May 28, 2008** (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

**D. SIGNATURE**

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | **5/30/08** (Month/Day/Year) | *Wanda Jo Edwards* Counsel |

#343313
4/23/08

2

## CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
(Paragraph I.B of PTO No. 36)

### C. COMPLIANCE WITH PTO NO. 36

[✓] I placed an advertisement or notice in a newspaper of general circulation, for three consecutive days serving the community in which the Plaintiff last resided, for the purpose of attempting to ascertain the whereabouts of the Plaintiff, _Melvin Willis_

Name of Publication: _Franklin Banner-Tribune_

Dates of Publication: _May 27, 28, 29, 2008_

[✓] I sent a letter to the Plaintiff by certified mail on _May 28, 2008_ (date) to the Plaintiff's last known address that included the following:

a. The Motion to Withdraw;

b. A copy of PTO No. 36;

c. A statement that Plaintiff had 30 days from receipt of the letter to: (i) contact me; (ii) secure new counsel; or (iii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the Plaintiff is proceeding with his or her lawsuit *pro se* (that is, without representation of counsel);

d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

e. An explanation that, unless Plaintiff contacted current counsel, engaged new counsel, or contacted the Curator and proceeded *pro se*, the Motion to Withdraw would be considered by the Court and that, if the Court considered the steps taken to reach the Plaintiff have been reasonable and without success, the Motion may be granted.

### D. SIGNATURE

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | _5/30/08_ (Month/Day/Year) | _Wanda J. Edwards_ Counsel |

#343313
4/23/08

2