IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENTS RELATES TO: | * | |
| *See Appendix A* | * | |
| | * | |
| ************************************ | | MAG. JUDGE KNOWLES |

**PLAINTIFFS' OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION AND INCORPORATED MEMORANDUM FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS CASES SHOULD NOT BE DISMISSED FOR NON-COMPLIANCE WITH PRETRIAL ORDER NO. 31**

**COME NOW** those plaintiffs represented by The Lamb Firm, LLC, in the above captioned cause and file this their *Opposition to Defendant Merck & Co., Inc.'s Motion and Incorporated Memorandum for an Order to Show Cause Why Plaintiffs' Cases Should Not Be Dismissed for Non-Compliance With Pretrial Order No. 31* and would state as follows:

1. Defendants have listed some Forty-Six plaintiffs who are represented by The Lamb Firm, LLC, on *Appendix A* to their Motion requesting that this Honorable Court enter an Order to show cause why the cases should not be dismissed with prejudice for failure to comply with the Court's Pretrial Order No. 31 ("PTO-31").

2. Of the Forty-Six (46) plaintiffs listed who are represented by The Lamb Firm, LLC ,set forth in Appendix A, Twenty-Two (22) of such cases are active cases that have, in fact ,been registered and assigned VCN numbers, and defendants have been advised of such fact on multiple occasions.

3. On May 12, 2008 defendants sent a letter attaching a list containing each of the 46 plaintiffs and advised they would be filing a motion with the Court to have an

Order to show cause entered if they were not cured by May 20, 2008.

4. On May 13, 2008, plaintiffs responded to the defendants (see Exhibit A) advising them that, *once again*, they were listing the plaintiffs' names incorrectly. In an effort to avoid wasting the Court's time, plaintiffs suggested that defendants not file any motions with the Court until plaintiffs were able to go through the list, one-by-one, to identify the defendants mistakes.

5. On May 20th, 2008, plaintiffs complied with Defendants' imposed deadline to respond, and responded to defendants and attached a spreadsheet (see Exhibit B) setting out each listed plaintiff, identifying the *correct name*, and providing the VCN numbers where applicable and/or an explanation of the status of the case.

6. On May 29, 2008, defendants filed their motion, totally disregarding the fact they had been advised multiple times, that many of the plaintiffs on their list had been properly registered in compliance with PTO 31. Their motion continues to list the plaintiffs' names incorrectly.

7. Over the past several years plaintiffs have repeatedly advised the defendants their database was incorrect with regard to how they entered the plaintiffs' names. In September 2007 plaintiffs took extensive time to create a grid for the defendants giving them correct names and status of cases in an effort to help them cure their problems. Again in February the defendants sent several grids stating that cases needed to be dismissed; almost all of the entries listed had been addressed in the September 2007 grid. Attorneys and paralegals from the plaintiffs firm spent many hours on the telephone with defendants going through the list one-by-one in an effort to correct defense counsels' database entries; even though they had been

      advised, no less than 5 times that they had entered the plaintiffs names into their database incorrectly.

8. Following the phone conferences, defendants prepared joint stipulations of dismissal for those plaintiffs that needed to be dismissed, plaintiffs' counsel signed the same and returned to the defendants; defendants filed them and the Court entered Orders of Dismissals on many of the plaintiffs on 4/16/08.

9. For the Court's convenience, Plaintiffs are attaching another grid (see Exhibit C) setting out each plaintiff that is listed in defendants' motion and providing the correct information .

**WHEREFORE**, plaintiffs respectfully request the Court to dismiss defendants' motion and memorandum, and to enter an Order dismissing only those plaintiffs that are due to be dismissed, as set forth in Exhibit C.

**FURTHER,** plaintiffs would request the Court enter an Order requiring the defendants to correct their database to reflect the plaintiffs' proper names. The defendants' failure to do so has caused the plaintiffs to have to respond to voluminous amounts of unnecessary correspondence, and waste an extensive amount of time throughout the entire process of this case. Defendants' continued refusal to cure their database, even though they have been advised how to cure it numerous times, has caused a great hardship on the plaintiffs, and is now taking the Court's time as well in order to rectify the same.

                                            Respectfully submitted,

                                            */s/ Archie C. Lamb, Jr., Esq.*
                                            Archie Lamb, Esq.
                                            THE LAMB FIRM, LLC

2900 First Avenue South
Birmingham, AL 35233
(205) 324-4644
(205) 324-4649 - Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion In Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, on this 5th day of June, 2008.

*/s/ Archie C. Lamb, Jr., Esq.*
Archie Lamb, Esq.
THE LAMB FIRM, LLC
2900 First Avenue South
Birmingham, AL 35233
(205) 324-4644
(205) 324-4649 - Facsimile