## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AvMed, Inc.; et al. | § | **CIVIL ACTION** |
| | § | |
| v. | § | **NO. 08-1633** |
| | § | |
| US Bancorp; BrownGreer, PLC; and John Does | § | **SECTION L, MAG. 3** |
| | § | |
| | § | **JUDGE FALLON** |
| | § | |
| | § | **MAGISTRATE JUDGE KNOWLES** |
| | § | |
| | § | **In Relation to:  MDL Docket No. 1657** |
| | § | |
| | § | **In Re:  VIOXX** |
| | § | |
| | § | **PRODUCTS LIABILITY LITIGATION** |

### AFFIDAVIT OF MARK D. FISCHER

Comes the affiant, Mark D. Fischer, and under penalty of perjury do state the following:

1.      My name is Mark D. Fischer, Esq., and I am Chairman of the law firm Rawlings & Associates PLLC ("Rawlings"), located at One Eden Parkway, LaGrange, Kentucky, 40031. I have personal knowledge of the events described herein.

2.      When the global personal injury settlement in the Vioxx litigation was announced, Rawlings, on behalf of the Plaintiffs, undertook efforts to identify counsel representing individuals who had filed Vioxx cases and were, therefore, representing potential Qualified Claimants to the Settlement Fund. This was done by reviewing MDL transfer orders, conducting internet searches for firms advertising for Vioxx plaintiffs, and through personal knowledge of attorneys who represented large groups of individual plaintiffs that had filed cases.

3.      On January 11, 2008, Rawlings mailed letters to the counsel identified through the process described above, identifying the 105 health plans represented by Lowey Dannenberg Cohen PC, and Susman Godfrey LLC, and Rawlings.  The notice letter reminded

counsel of their clients' obligations under certain health plan contracts, informed counsel that they had no authority to settle, release, or any way impede any claims Plaintiffs may have against Merck or against any other party, and offered discuss with counsel an appropriate process to exchange identifying information consistent with HIPAA requirements regarding their clients.

4.      As part of the notification process, similar letters were sent to the Honorable Judge Fallon and to Mr. Bruce Kuhlick, Senior Vice-President and General Counsel for Merck.

5.      All letters informed the recipients that HIPAA prohibited the release of personal health information without specific confidentiality protections being in place.  Rawlings thus informed all recipients of these letters that the Plaintiffs would be willing to discuss an appropriate process to exchange identifying information consistent with HIPAA requirements in order to effectively and efficiently satisfy the claims held by the Plaintiffs.

6.      Further, letters identical to the ones sent to counsel representing potential Qualified Claimants were sent to various members of the Vioxx Plaintiffs' Steering Committee ("PSC").  No member of the PSC responded.  Copies of all Correspondence referenced above are attached collectively as Exhibit A.

7.      Due to an administrative error, executed versions of many of the letters referenced above that were generated through a mail merge program were not saved in hard-copy or PDF format.  I can attest that the letters in Exhibit A were in fact executed and were sent either U.S. Mail, postage pre-paid, or via UPS.  Where a letter was sent via UPS, a copy of the UPS receipt is attached.

8.      Out of fifty-nine (59) letters sent, only one attorney representing Vioxx personal injury plaintiffs responded.

9.     Merck also responded, stating that Plaintiffs should seek reimbursement from their insureds.  Exhibit B.

10.    Further the Affiant Sayeth Naught.

Dated: ___6/9/08___

Mark D. Fischer, Chairman
Rawlings & Associates PLLC