UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Rhonda Whitby, Individually and as Trustee for the Estate of Barbara Marks v. Merck & Co., Inc., Merck Frost Canada, Ltd. And Does 1 – 100,* **Case No. 08-219.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), incorrectly identified as "Merck & Company, Inc.," by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO
#### "JURISDICTION AND VENUE"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of the Court's jurisdictional limits but denies that there is any legal or factual basis for such relief. Merck

further admits that that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada, and that Vioxx is the trade name for rofecoxib.

## RESPONSE TO
## "PARTIES"

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      The allegations contained in the first sentence of paragraph 5 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. The allegations contained in the second sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is

2

required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Plaintiff purports to use the terms "Merck" or "Defendants" to refer collectively to all named defendants to this action.

## RESPONSE TO
## "SUBSTANTIVE ALLEGATIONS"

## RESPONSE TO
## "A BRIEF SYNOPSIS OF VIOXX: USES AND VALUE TO DEFENDANTS"

7.      The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs"), which includes aspirin, ibuprofen and naproxen, is used to treat pain and inflammation, and that the cyclooxygenase-2 ("COX-2") inhibitor subclass of NSAIDs was introduced to the market in 1998.  Merck further admits, on information and belief, that approximately 100,000 patients are hospitalized, and 16,500 die every year in the United States as a result of NSAID-associated gastrointestinal ("GI") events.

8.      The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDs such as naproxen is believed to

3

be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Vioxx is a selective NSAID, and that Vioxx is the trade name for rofecoxib.  Merck further admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2, and avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the approved product label as required by U.S. Food & Drug Administration ("FDA") rules and regulations.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Merck further admits that the article referenced in the third sentence of paragraph 12 exists and respectfully refers the Court to the referenced article for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits the referenced report exists and respectfully refers the Court to said report for its actual language and full text.

4

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the referenced Wall Street Journal article exists and respectfully refers the Court to said article for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, including its subparts a through e, except admits that worldwide Vioxx sales figures exceeded $2 billion in the years 2000, 2001, 2002 and 2003, and that worldwide sales of Vioxx for the first six months of 2004 were $1.3 billion.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, including its subparts (1) through (3), except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that it employed professional representatives, and that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.

### RESPONSE TO
### "DEFENDANTS' INITIAL FRAUDULENT MARKETING SCHEME"

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.  Merck further admits that Vioxx is the brand name for rofecoxib, and that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that it trains its professional representatives.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that the referenced Wall Street Journal article exists and respectfully refers the Court to that article for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that the referenced Wall Street Journal article exists and respectfully refers the Court to that article for its actual language and full text. Merck further admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Plaintiff purports to quote certain emails but avers that the quoted language is taken out of context.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the press release that Plaintiff purports to quote from for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the referenced broadcast exists and that Merck scientists have participated in studies involving Vioxx, and respectfully refers the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full context.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Plaintiff purports to quote several statements but avers that said statements are taken out of context.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

32.     The allegations contained in paragraph 32 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained paragraph 32 of the Complaint, except admits that Plaintiff purports to quote certain FDA regulations and respectfully refers the Court to said regulations for their actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, which was not a warning letter, and respectfully refers the Court to that letter for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, which was not a warning letter, and respectfully refers the Court to that letter for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, which was not a warning letter, and respectfully refers the Court to that letter for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, which was not a warning letter, and respectfully refers the Court to that letter for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, which was not a warning letter, and respectfully refers the Court to that letter for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to that study for its actual language and full text. Merck further admits that the article referenced in the second sentence of paragraph 44 exists and respectfully refers the Court to said article for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that the VIGOR study involving Vioxx exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text. Merck further admits that Plaintiff purports to quote the email referenced in the third sentence of paragraph 45 but avers that said quote is taken out of context.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, including its subparts a through c, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to that study for its actual language and full text. Merck further admits that Vioxx is a selective NSAID and that the inhibition of COX-1 in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated

10

with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

47. Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Plaintiff purports to quote the referenced email but avers that said quote is taken out of context.

48. Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Plaintiff purports to quote the referenced deposition but avers that said quote is taken out of context. Merck respectfully refers the Court to the transcript of the referenced deposition for its actual language and full text.

49. Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that the referenced broadcast exists and respectfully refers the Court to the transcript of the referenced broadcast for its actual language and full context.

50. Denies each and every allegation contained in paragraph 50 of the Complaint and respectfully refers the Court to the press release that Plaintiff purports to quote from for its actual language and full text.

51. Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck professional representatives used an approved detail piece

11

called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

54. Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that the referenced complaint exists but denies the allegations contained therein.

55. Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that the referenced complaint exists but denies the allegations contained therein.

56. Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

57. Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that referenced document exists and respectfully refers the Court to said document for its actual language and full text.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

12

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck issued a press release on April 28, 2000 entitled: "Merck Confirms Favorable Cardiovascular Profile of VIOXX" and respectfully refers the Court to the referenced press release for its actual language and full text.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that the referenced press release and studies exist and respectfully refers the Court to said press release and studies for their actual language and full text.

13

68.　　Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck employs professional representatives and that Plaintiff purports to quote the referenced document, but avers that said quotations are taken out of context.

69.　　Denies each and every allegation contained in paragraph "69. 70." of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said document for its actual language and full text.

70.　　Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that the referenced incentive plan exists and respectfully refers the Court to the referenced document for its actual language and full text.  Merck further admits that it employed professional representatives.

71.　　Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.  Merck further admits that Peter Holt conducted certain audio conferences pertaining to Vioxx.

72.　　Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that Plaintiff purports to quote from the referenced email but avers that said quotation is taken out of context.

### RESPONSE TO
### "DEFENDANTS' MISPREPRESENTATIONS EVOLVE TO DEFEAT AND DISCREDIT ADVERSE PROFESSIONAL STUDY RESULTS"

73.　　Denies each and every allegation contained in paragraph 73 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 73 and the

14

article referenced in the second sentence of paragraph 73 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

74. Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text. Merck further admits that Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

75. Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

76. Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

77. Denies each and every allegation contained in paragraph 77 of the Complaint, except admits that the referenced briefing document exists and respectfully refers the Court to said briefing document for its actual language and full text.

78. Denies each and every allegation contained in paragraph 78 of the Complaint and respectfully refers the Court to the referenced FDA report for its actual language and full text.

79. Denies each and every allegation contained in paragraph 79 of the Complaint, except admits that Merck trains its professional representatives.

80. Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that the referenced marketing campaign exists and respectfully refers the Court to the relevant marketing documents for their actual language and full text.

81. Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that, on May 22, 2001, Merck issued a press release entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

82. Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that Merck trains its professional representatives, and respectfully refers the Court to the referenced training materials for their actual language and full text.

83. Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

84. Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

85. Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

17

93.      Denies each and every allegation contained in paragraph 93 of the Complaint, except admits that Merck sent a letter regarding Vioxx to physicians in August 2001 and respectfully refers the Court to that letter for its actual language and full text.

94.      Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that Merck trains its professional representatives.

95.      Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.

96.      Denies each and every allegation contained in paragraph 96 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.

97.      Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.

98.      Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that the referenced marketing campaign exists and respectfully refers the Court to the relevant marketing documents for their actual language and full text. Merck further admits that it trains its professional representatives.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint, except admits that Merck trains its professional representatives.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint, except admits that Merck trains its professional representatives.

102.    Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that the referenced journal and article contained therein exist and respectfully refers the Court to said article for its actual language and full text.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to said letter for its actual language and full context.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

105.    Denies each and every allegation contained in paragraph 105 of the Complaint, except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and

respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint, except admits that Plaintiff purports to quote the referenced label and respectfully refers the Court to the referenced quote for its actual language and full text.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint, except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that Merck trains its professional representatives.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint, except admits that Merck employed professional representatives, and that Merck trains its professional representatives.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint, except admits that Merck trains its professional representatives.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that Merck trains its professional representatives.

20

115.    Denies each and every allegation contained in paragraph 115 of the Complaint, except admits that Merck trains its professional representatives.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint, except admits that Merck trains its professional representatives.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Merck trains its professional representatives.

118.    Denies each and every allegation contained in paragraph 118 of the Complaint.

119.    Denies each and every allegation contained in paragraph "119. 120." of the Complaint, except admits that Merck commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology.

120.    Denies each and every allegation contained in paragraph 120 of the Complaint, except admits that the referenced campaign existed.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint, except admits that the referenced document exists and respectfully refers the Court to said document for its actual language and full context.

122.    Denies each and every allegation contained in paragraph 122 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

123.    Denies each and every allegation contained in paragraph 123 of the Complaint.

124. Denies each and every allegation contained in paragraph 124 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

125. Denies each and every allegation contained in paragraph 125 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

126. Denies each and every allegation contained in paragraph 126 of the Complaint, except admits that Merck launched the "Teacher DTC" campaign in March 2004, which included information reflecting cardiovascular data contained in the FDA-approval product label for Vioxx, and respectfully refers the Court to the referenced advertisements for their actual language and full text.

127. Denies each and every allegation contained in paragraph 127 of the Complaint.

128. Denies each and every allegation contained in paragraph 128 of the Complaint.

129. Denies each and every allegation contained in paragraph 129 of the Complaint.

130. Denies each and every allegation contained in paragraph 130 of the Complaint, except admits that the referenced presentation exists and respectfully refers the Court to said presentation for its actual language and full text.

131.   Denies each and every allegation contained in paragraph 131 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

132.   Denies each and every allegation contained in paragraph 132 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepidemimology & Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

133.   Denies each and every allegation contained in paragraph 133 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted and respectfully refers the Court to the referenced study for its actual language and full text.

134.   Denies each and every allegation contained in paragraph 134 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

135.   Denies each and every allegation contained in paragraph 135 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

136.   Denies each and every allegation contained in paragraph 136 of the Complaint, except admits that on September 30, 2004, Merck issued a "Dear Healthcare Provider" letter and respectfully refers this Court to the referenced letter for its actual language and full text. Merck further avers that on September 30, 2004, Merck announced that it would voluntarily withdraw Vioxx from the worldwide market.

137. Denies each and every allegation contained in paragraph 137 of the Complaint, except admits that Plaintiff purports to quote portions of certain statements and respectfully refers the Court to the referenced statements for their actual language and full context.

138. The allegations contained in paragraph 138 of the Complaint state legal conclusions and are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed toward Merck in paragraph 138 of the Complaint.

139. Denies each and every allegation contained in paragraph 139 of the Complaint, except admits that the referenced 10-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

140. Denies each and every allegation contained in paragraph 140 of the Complaint, except admits that the referenced 10-K filing and the 2002 Annual Report exist and respectfully refers the Court to said filing and report for their actual language and full text.

141. The allegations contained in paragraph 141 of the Complaint are legal conclusions and are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed toward Merck in paragraph 141 of the Complaint.

142. The allegations contained in paragraph 142 of the Complaint are legal conclusions and are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed toward Merck in paragraph 142 of the Complaint, except admits that Merck received a

24

letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

143. Denies each and every allegation contained in paragraph 143 of the Complaint, except admits that Vioxx was prescribed to millions of patients by health care providers.

144. Denies each and every allegation contained in paragraph 144 of the Complaint, except admits that the referenced memorandum and studies exist and respectfully refers the Court to said memorandum and studies for their actual language and full text.

145. Denies each and every allegation contained in paragraph 145 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

146. Denies each and every allegation contained in paragraph 146 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

147. Denies each and every allegation contained in paragraph 147 of the Complaint, including its subparts (1) through (4), and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

148. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 148 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 148 of the Complaint.

25

149.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 149 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 149 of the Complaint.

150.    Denies each and every allegation contained in paragraph 150 of the Complaint.

151.    Denies each and every allegation contained in the first sentence of paragraph 151 of the Complaint. The allegations contained in the second sentence of paragraph 151 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 151 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

### RESPONSE TO
### "CAUSES OF ACTION"

### RESPONSE TO
### "AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES:"

152.    With respect to the allegations contained in paragraph 152 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

26

contained in paragraphs 1 through 151 of this Answer with the same force and effect as though set forth here in full.

153.    The allegations contained in paragraph 153 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 153 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

154.    The allegations contained in paragraph 154 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

155.    The allegations contained in paragraph 155 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

156.    Denies each and every allegation contained in paragraph 156 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

157.    Denies each and every allegation contained in paragraph 157 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for

27

Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

158. Denies each and every allegation contained in paragraph 158 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

159. Denies each and every allegation contained in paragraph 159 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

160. Denies each and every allegation contained in paragraph 160 of the Complaint, including its subparts a through e, and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

161. Denies each and every allegation contained in paragraph 161 of the Complaint.

28

162.    Denies each and every allegation contained in paragraph 162 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

163.    Denies each and every allegation contained in paragraph 163 of the Complaint, except admits that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

164.    The allegations contained in paragraph 164 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 164 of the Complaint, except admits that Plaintiff purports to state a claim for punitive damages and/or to withhold a plea for punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "AND AS FOR A SECOND CAUSE OF ACTION AGAINST
### DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"

165.    With respect to the allegations contained in paragraph 165 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 164 of this Answer with the same force and effect as though set forth here in full.

166.    Denies each and every allegation contained in paragraph 166 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

167.    Denies each and every allegation contained in paragraph 167 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

168.    The allegations contained in paragraph 168 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 168 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

169.    The allegations contained in paragraph 169 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 169 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

170.    Denies each and every allegation contained in paragraph 170 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

171.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 171 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 171 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

172.    The allegations contained in paragraph 172 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint, except admits that Plaintiff purports to seek economic and other relief denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"

173.    With respect to the allegations contained in paragraph 173 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 172 of this Answer with the same force and effect as though set forth here in full.

174.    The allegations contained in paragraph 174 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

31

175.    Denies each and every allegation contained in paragraph 175 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

176.    Denies each and every allegation contained in the first sentence of paragraph 176 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the second sentence of paragraph 176 of the Complaint, and denies each and every allegation directed towards Merck in the second sentence of paragraph 176 of the Complaint.

177.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 177 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 177 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

178.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 178 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 178 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in

32

the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

179.  Denies each and every allegation contained in paragraph 179 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

180.  Denies each and every allegation contained in paragraph 180 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

181.  The allegations contained in paragraph 181 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 181 of the Complaint, except admits that Plaintiff purports to seek economic and other relief denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"

182.  With respect to the allegations contained in paragraph 182 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 181 of this Answer with the same force and effect as though set forth here in full.

33

183.   Denies each and every allegation contained in paragraph 183 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

184.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 184 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 184 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

185.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 185 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 185 of the Complaint, and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

186.   Denies each and every allegation contained in paragraph 186 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

187. Denies each and every allegation contained in paragraph 187 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

188. Denies each and every allegation contained in paragraph 188 of the Complaint.

189. The allegations contained in paragraph 189 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 189 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

190. Denies each and every allegation contained in paragraph 190 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

191. The allegations contained in paragraph 191 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 191 of the Complaint,

except admits that Plaintiff purports to seek economic and other relief denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"AS AND FOR A FIFTH CAUSE OF ACTION AGAINST**
**DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"**

192.    With respect to the allegations contained in paragraph 192 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 191 of this Answer with the same force and effect as though set forth here in full.

193.    Denies each and every allegation contained in paragraph 193 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that it has employees, agents, and representatives.

194.    Denies each and every allegation contained in paragraph 194 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

195.    Denies each and every allegation contained in paragraph 195 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing

36

information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

196.    Denies each and every allegation contained in paragraph 196 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

197.    Denies each and every allegation contained in paragraph 197 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

198.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 198 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 198 of the Complaint.

199.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 199 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 199 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

37

200. Denies each and every allegation contained in paragraph 200 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

201. Denies each and every allegation contained in paragraph 201 of the Complaint.

202. The allegations contained in paragraph 202 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 202 of the Complaint, except admits that Plaintiff purports to seek economic and other relief denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"

203. With respect to the allegations contained in paragraph 203 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 202 of this Answer with the same force and effect as though set forth here in full.

204. Denies each and every allegation contained in paragraph 204 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

205.    Denies each and every allegation contained in paragraph 205 of the Complaint.

206.    Denies each and every allegation contained in paragraph 206 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

207.    Denies each and every allegation contained in paragraph 207 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

208.    Denies each and every allegation contained in paragraph 208 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

209.    Denies each and every allegation contained in paragraph 209 of the Complaint.

210.    Denies each and every allegation contained in paragraph 210 of the Complaint.

211.    Denies each and every allegation contained in paragraph 211 of the Complaint.

212.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 212 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 212 of the Complaint.

213.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 213 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 213 of the Complaint.

214.   Denies each and every allegation contained in paragraph 214 of the Complaint.

215.   Denies each and every allegation contained in paragraph 215 of the Complaint.

216.   Denies each and every allegation contained in paragraph 216 of the Complaint.

217.   Denies each and every allegation contained in paragraph 217 of the Complaint, including its subparts (a) through (c), except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

218.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 218 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 218 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

40

219.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 219 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 219 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

220.    The allegations contained in paragraph 220 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 220 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

221.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 221 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 221 of the Complaint.

222.    Denies each and every allegation contained in paragraph 222 of the Complaint, except admits that Plaintiff purports to state a claim in an amount exceeding $75,000, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST**
**DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"**

223.    With respect to the allegations contained in paragraph 223 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 222 of this Answer with the same force and effect as though set forth here in full.

41

224.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first and second sentences of paragraph 224 of the Complaint, and denies each and every allegation directed towards Merck in the first and second sentences of paragraph 224 of the Complaint.  The allegations contained in the third sentence of paragraph 224 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 224 of the Complaint, except admits that Plaintiff purports to state a claim for economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST
### DEFENDANTS NAMED HEREIN, PLAINTIFF ALLEGES"

225.    With respect to the allegations contained in paragraph 225 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 224 of this Answer with the same force and effect as though set forth here in full.

226.    The allegations contained in paragraph 226 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 226 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in an amount exceeding $75,000, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PRAYER FOR RELIEF"

227.   The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said unnumbered "Wherefore" paragraph, including its subparts a through h, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY TRIAL DEMAND"

228.   The allegations contained in the unnumbered paragraph under the heading "Jury Trial Demand" of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

229.   The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

230.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

231.   The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff and/or Decedent has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of Plaintiff's and/or Decedent's claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

232.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

233.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

234.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

235.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

236.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

237.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

238.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

239.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's and/or Decedent's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

240.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's and/or Decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

241.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

242.   To the extent Plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

243.   To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

244.   Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

245.   The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

246.    Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

247.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

248.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

249.    Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

250.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

251.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

47

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

252.    The claims of Plaintiff may be barred, in whole or in part, from recovery

by release as to Plaintiff's claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

253.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine

of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

254.    The claims of Plaintiff are barred, in whole or in part, by Plaintiff's and/or

Decedent's failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

255.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

256.    The claims of Plaintiff may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

257.    The claims of Plaintiff may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

258.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

259.    Plaintiff and/or Decedent has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

260.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

261.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

262.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

263.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

264.     Plaintiff's claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

265.     To the extent that Plaintiff relies upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and/or lack of privity and/or

because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

266.     The Plaintiff and/or Decedent was careless and negligent in the matters

alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiff

and/or Decedent.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

267.     To the extent that Plaintiff asserts claims against Merck based on theories

of liability not provided for in the state products liability provisions applicable to this action,

those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

268.     To the extent that Plaintiff asserts claims against Merck based on theories

of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiff has failed to allege facts that would overcome the defenses available under that

state products liability law.

### AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

269.    To the extent that Plaintiff alleges a conspiracy claim, that claim is barred

because Merck did not enter into any agreement with any other defendant or third party to further

any alleged unlawful act by allegedly unlawful means.

### AS FOR A FORTY-SECOND
### DEFENSE, MERCK ALLEGES:

270.    To the extent that Plaintiff alleges a negligence per se claim, that claim is

barred on the grounds that such claims are not cognizable against Merck in this action.

### AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

271.    To the extent that Plaintiff seeks injunctive relief, that claim is barred by

the doctrine of primary jurisdiction.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

272.    To the extent Plaintiff seeks to recover only economic loss in tort,

Plaintiff's claims are barred by the economic loss doctrine.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

273.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and/or standing to bring such claims.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

274.    To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

275.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

276.    To the extent that Plaintiff seeks punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

277.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

278.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

279.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

280.     Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

281.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Rev. Code § 2307.80.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

282.     Plaintiff's claims under New York General Business Law § 349 are barred by reason of Plaintiff's failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and Plaintiff's failure to sufficiently plead causation or reliance with sufficient specificity.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

283.     To the extent Plaintiff's claims under New York General Business Law § 349 are based on conduct that took place outside the state of New York, the claims are barred.

**AS FOR A FIFTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

284.    Plaintiff's claims under New York General Business Law § 350 are barred by reason of Plaintiff's failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance with sufficient specificity.

**AS FOR A FIFTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

285.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minnesota Statute § 604.02.

**AS FOR A FIFTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

286.    Plaintiff has asserted a claim in the Complaint for punitive damages in violation of Minnesota Statute § 549.191, and said claim should therefore be stricken.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  June 13th, 2008

Respectfully submitted,

_/s/ Bryan C. Reuter_____

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
       Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co.,
Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and
e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same
to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the
foregoing was electronically filed with the Clerk of Court of the United States District Court for
the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 13th day of June, 2008.

/s/ Bryan C. Reuter