UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **1199SEIU GREATER NEW YORK** | * | **CASE NO. 08-3627** |
| **BENEFIT FUND, by its Trustees,** *et al.*, | * | |
| on behalf of themselves and all others | * | **RELATED CASE:** |
| similarly situated, | * | **2:05-MD-1657** |
| | * | **VIOXX MDL LITIGATION** |
| Plaintiffs, | * | |
| | * | **SECTION L** |
| v. | * | |
| | * | **JUDGE ELDON E. FALLON** |
| **BROWNGREER, PLC,** *et. al.* | * | |
| | * | **MAGISTRATE JUDGE** |
| Defendants. | * | **KNOWLES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO SET PRELIMINARY INJUNCTION HEARING SCHEDULE**

Plaintiffs, 1199SEIU Greater New York Benefit Fund and The New York State Teamsters Council Health and Hospital Fund ("Plaintiffs"), by and through their attorneys, King, Krebs & Jurgens, P.L.L.C., Levy Phillips & Konigsberg, LLP, and Crowell & Moring LLP, hereby respectfully move this Court, pursuant to Fed. R. Civ. P. 65, to set a preliminary injunction motion schedule that will enable this Court to rule on Plaintiffs' request for preliminary injunctive relief *prior to August 1, 2008*, the date when the distribution of funds from the Vioxx Settlement Fund to qualifying claimants may begin.

{N0102195}

Plaintiffs, and the Class they seek to represent, are self-insured ERISA health plans whose plan documents confer on them the right to be notified of settlements by their beneficiaries *and* the right to be reimbursed from settlement proceeds for the amounts the plans have paid in medical benefits on behalf of their beneficiaries. The immediate establishment of a schedule and a hearing date for Plaintiffs' preliminary injunction motion is essential, because Plaintiffs and their fellow Class members will be irreparably injured unless the Court promptly orders the production of the settlement claim information that Plaintiffs need to be able to assert their ERISA rights and provides Plaintiffs a reasonable amount of time after the production of such information, but prior to any distribution of settlement funds on or about August 1, for the plans to assess and assert their ERISA reimbursement rights.[1]

Plaintiffs' proposed motion schedule, which is set forth in the proposed Order attached hereto, suggests a hearing date of July 17 and corresponding earlier dates for the exchange of motion papers and witness identification. Specifically, Plaintiffs propose the following schedule:

| | |
|---|---|
| June 27 - | Plaintiffs' Motion for Preliminary Injunction and Identification of Witnesses |
| July 2 - | Defendants' Identification of Witnesses |
| July 3-10 - | Depositions |
| July 11 - | Defendants' Opposition to Motion for Preliminary Injunction Identification of Hearing Exhibits by all Parties |
| July 17 - | Preliminary Injunction Hearing (evidentiary hearing) |

## **DISCUSSION**

This case arises out of the nationwide settlement reached on or about November 9, 2007 between Merck and a negotiating committee of plaintiffs' lawyers, with respect to the personal

---

[1] To the extent that Defendants provide assurance to the Court that no distribution of Vioxx settlement funds will take place on or soon after August 1, 2008, such an expedited schedule would not be necessary.

{N0102195}

injury claims asserted by tens of thousands of individuals against Merck associated with their use of Vioxx. In settlement of these claims, Merck has agreed to pay $4.85 billion into a settlement trust fund (the "Vioxx Settlement Fund") to resolve the personal injury claims asserted by Vioxx claimants.

Plaintiffs acknowledge that to obtain the preliminary injunctive relief they seek, they must show (1) that there is a substantial likelihood that it will succeed on the merits; (2) that there is a substantial threat that it will suffer irreparable injury if the district court does not grant the injunction; (3) that the threatened injury to the plaintiff outweighs the threatened injury to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest." *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993); *see also Seattle-First Nat. Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990); *Chambers v. Coventry Health Care of Louisiana Inc.*, 318 F.Supp.2d 382, 388 (E.D. La. 2004) (J. Fallon). Plaintiffs will satisfy all of these requirements.

With respect to the merits, Plaintiffs seek to enforce two fundamental rights under the ERISA plan documents they and fellow Class members have: (1) the right to receive notification of claims asserted and settlements received by their plan beneficiaries on whose behalf the plans have paid medical benefits; and (2) the right to be reimbursed by their plan beneficiaries on whose behalf the plans have paid medical benefits to the extent that these plan beneficiaries receive settlement funds. The language of these contract provisions is clear: they plainly obligate plan beneficiaries who receive medical benefits to notify the plans when they bring claims and when they enter into settlements related to the benefits paid on their behalf and they obligate such beneficiaries to reimburse the plans from any settlement funds for the paid medical benefits. Under the U.S. Supreme Court's ruling in *Sereboff v. Mid Atlantic Medical Srvcs., Inc.*,

547 U. S. 356 (2006), and the Fifth Circuit's ruling in *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot, and Wansbrough*, 354 F.3d 348 (5th Cir. 2003), it is clear that Plaintiffs have the right under ERISA to enforce these plan provisions against both the plan beneficiaries and their counsel.  Thus, Plaintiffs and their fellow Class members have a strong likelihood of succeeding on the merits of their ERISA enforcement claims.

Plaintiffs and their fellow Class members likewise will demonstrate that they will suffer irreparable injury if this Court does not grant the requested interim injunctive relief.  The payout of the settlement amounts from the Settlement Fun is due to begin on or about August 1, 2008.  Once those funds are paid to the individual Vioxx claimants and intermingled with their other funds, Plaintiffs and the other Class members are likely to have lost their ERISA claims, as ERISA only gives them a right to equitable relief (not damages).  The only way to prevent such a loss of Plaintiffs' ERISA enforcement rights is to require the immediate disclosure of the settlement claim information, which is known to the Settlement Administrator and the Defendant Law Firms.  In addition, the Settlement Agreement affirmatively denies Plaintiffs any means of obtaining information sufficient to identify settling claimants, many thousands of whom have never publicly filed lawsuits and are entirely unknown.  Further, Plaintiffs and the Class members possess no meaningful independent method of identifying their beneficiaries who are also settling claimants.

Plaintiffs will also readily satisfy the remaining "balance of injuries" and "public interest" elements required for preliminary injunctive relief.  Specifically, there will be no injury of any kind to any of the Defendants if the Court orders the prompt production of the settlement claim information.  Indeed, it is likely that information can be provided by the Settlement Administrator with the "push of a button."  Moreover, if Plaintiffs and their fellow Class

members are timely provided with the settlement claim information they are seeking (and that they should have already been provided by their beneficiaries), it may, depending on the actual timing of the distribution, be possible to avoid any delay in the settlement distributions.  At most, a brief delay in the distribution of such funds might be required, but such a brief delay plainly would be outweighed by the irreparable loss of Plaintiffs' ERISA rights.  Finally, in terms of the public interest, there is a compelling public interest in the enforcement of ERISA plans, which would serve to benefit all of the beneficiaries of these plans.

In sum, Plaintiffs will bring to this Court a compelling case for the entry of preliminary injunctive relief to require the immediate production of the settlement claim information Plaintiffs and other members of the Class require to enforce their ERISA reimbursement rights and, if necessary, to prevent the distribution of settlement funds for a limited period so that they can assert their ERISA claims under their plan documents.  For such relief to be effective, it will need to be ordered in advance of the apparent August 1 date for the distribution of funds from the Vioxx Settlement Fund.  Accordingly, Plaintiffs respectfully move this Court to enter the proposed schedule and set a hearing on Plaintiffs' Motion for Preliminary Injunction on July 17, 2008.

New Orleans, Louisiana, this 17th day of June, 2008.

Respectfully Submitted,

s/ Rebecca H. Dietz
KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA  70170
Telephone: 504-582-3800
Facsimile:  504-582-1233

      -and-

LEVY PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips
Diane Paolicelli
800 Third Avenue
13th Floor
New York, NY 10022
Telephone: 212-605-6200
Facsimile:  212-605-6290

      - and -

CROWELL & MORING, LLP
Andrew H. Marks
Robert T. Rhoad
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Set Preliminary Injunction Schedule and Proposed Order has been served on Liaison Counsel, Russ Herman and Phillip Wittman, either by U.S. Mail and e-mail, or hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 (B), and that the foregoing was electronically filed with the Clerk of Court of the United State District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing.

This 17th day of June, 2008,

/s/ Rebecca H. Dietz_____