IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| *See Revised Appendix A* | * | |
| | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT MERCK & CO., INC.'S AMENDED AND SUPERSEDING MOTION
AND INCORPORATED MEMORANDUM FOR AN ORDER TO SHOW
CAUSE WHY PLAINTIFFS' CASES SHOULD NOT BE DISMISSED FOR
NON-COMPLIANCE WITH PRETRIAL ORDER NO. 31**

Defendant Merck & Co., Inc. ("Merck") respectfully requests that the Court enter an order to show cause why the cases listed in Revised Appendix A should not be dismissed with prejudice for failure to comply with the Court's Pretrial Order No. 31 ("PTO-31").  PTO-31 set out a simple registration requirement for plaintiffs wishing to maintain claims in this proceeding. The Court explicitly contemplated dismissal of cases in which plaintiffs did not comply with PTO-31's requirements, and the plaintiffs listed on Appendix A have not bothered to register their claims under the Court's order after having more than ample time to do so.  These plaintiffs have clearly shown that they do not intend to proceed with their cases, and the Court should therefore enter an order to show cause why these claims should not be dismissed with prejudice.

As the Court knows, leading counsel for plaintiffs in the four major coordinating jurisdictions and Merck entered into an agreement to resolve the majority of claims alleging

928944v.1

injury from the use of Vioxx in November 2007.  In order to take a census of the number and type of claims pending in this litigation, the Court entered PTO-31, which required "[a]ll Counsel of Record with claims pending in this proceeding" to "register (or ensure that other attorneys register) all claims in which they have an Interest . . . that are pending in any court or tribunal in the United States."  (PTO-31 ¶ 1(c), Nov. 9, 2007.)  PTO-31 also required "[a]ll persons who represent themselves *pro se* in this proceeding" to "register their claims in accordance with Paragraph 4 below."  (*Id.* ¶ 1(d).)

The Court noted that it "expects all Counsel and all *Pro Se* Plaintiffs and Tolling Claimants to comply with this Order."  (*Id.* ¶ 10.)  The Court further stated that "***[f]ailure to meet the requirements of this Order by the deadlines set herein will subject non-compliant Counsel to a show cause hearing as to why they have not complied with this Order and as to why claims in which they have an Interest should not be dismissed***."  (*Id.* (emphasis added).)  The plaintiffs identified on Appendix A have not met the requirements of PTO-31, and it is clearly within the Court's inherent authority to dismiss these cases with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding.  *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626 (1962).

The original deadline for registering claims under PTO-31 was January 15, 2008.  (*See* PTO-31 ¶¶ 2, 4.)  More than four months have now elapsed since that deadline and, during that intervening period, counsel for Merck have sent letters to counsel representing claimants who have not registered apprising claimants of their obligation to register.  In addition, the Curator appointed by the Court to work with *pro se* claimants has notified *pro se* claimants who have not registered of their obligation to do so.  Given that the plaintiffs listed on Appendix A have not seen fit to take advantage of this additional time to register their claims, and the Court has

already explicitly warned plaintiffs that failure to register claims would result in an order to show cause, the Court should direct plaintiffs to show cause within 30 days why their claims should not be dismissed with prejudice.

                                                        Respectfully submitted,

                                                        */s/ Dorothy H. Wimberly*
                                                      Phillip A. Wittmann, 13625
                                                      Dorothy H. Wimberly, 18509
                                                      STONE PIGMAN WALTHER
                                                      WITTMANN L.L.C.
                                                      546 Carondelet Street
                                                      New Orleans, Louisiana 70130
                                                      Phone: 504-581-3200
                                                      Fax:    504-581-3361
                                                      Defendants' Liaison Counsel

928944v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion and Incorporated Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 18th day of June, 2008.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel