## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AvMed, Inc.; et al. | § | **CIVIL ACTION** |
| | § | |
| **v.** | § | **NO.  08-1633** |
| | § | |
| US Bancorp; BrownGreer, PLC; and John Does | § | **SECTION L, MAG. 3** |
| | § | |
| | § | **JUDGE FALLON** |
| | § | |
| | § | **MAGISTRATE JUDGE KNOWLES** |
| | § | |
| | § | **In Relation to:  MDL Docket No. 1657** |
| | § | |
| | § | **In Re:  VIOXX** |
| | § | |
| | § | **PRODUCTS LIABILITY LITIGATION** |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEVER

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alexander v. Fulton County*, 207 F.3d 1303 (11th Cir. 2000) .......................................6, 11

*Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571
    (5th Cir. 1995)..................................................................................................7

*Bently v. Halliburton Oil Well Cementing Co.*, 174 F.2d 788
    (5th Cir. 1949)..................................................................................................7

*Bombardier Aerospace Employee Welfare Benefits Plan v. Ferer, Poirot &*
    *Wansbrough*, 354 F.3d 348 (5th Cir. 2003) ..................................................1, 2, 3, 8, 12

*Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509 (S.D.N.Y. 2000)..................................15

*Great American Insurance Co. v. Harleysville Mutual Casualty Co.*,
    285 F.2d 262 (4th Cir. 1960) ......................................................................15

*Hedberg v. State Farm Mutual Automobile Insurance Co.*,
    350 F.2d 924 (8th Cir. 1965) ......................................................................16

*Johnson v. Mansfield Hardwood Lumber Co.*, 143 F. Supp. 826 (D.C. La. 1956) ...........15

*Lumbermens Mutual Casualty Co. v. Borden Co.*, 241 F. Supp. 683
    (S.D.N.Y. 1965)................................................................................................15

*McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298 (5th Cir. 1993) ...................................18

*Michigan Head Start Directors Association v. Butz*, 397 F. Supp. 1124
    (D.C. Mich. 1975)............................................................................................16

*Mississippi Valley Structural Steel Co. v. Huber, Hunt, & Nichols, Inc.*,
    295 F. Supp. 139 (D.C. Ill. 1969) ................................................................15

*Moore v. New York Cotton Exch.*, 270 U.S. 593 (1926)..................................................11

*Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974) ........................2, 7, 9, 11

*Seroboff v. Mid Atlantic Medical Services Inc.*, 547 U.S. 356 (2006)(B).................1, 8, 12

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)........................................................6

## STATE CASES

*Alexis v. GlaxoSmithKline Corp.*, 2002 WL 1022261 (E.D. La. 2002)..............................6

*DIRECTV, Inc. v. Vanryckeghem*, 2004 WL 1794521 (E.D. La. 2004)...........................11

*Goodyear v. Dauterive Hospital of New Iberia, Louisiana*, 2007 WL. 2066855
    (W.D. La. 2007).....................................................................................................6

*Great American Insurance Co. v. McElwee Brothers, Inc.*, 2004 WL. 574749
    (E.D. La. 2004) ...........................................................................................11, 14, 15

*Lott v. Eastman Kodak Co.*, 1999 WL 242688 (N.D. Tex. 1999) ....................................11

*Porter v. Milliken & Michaels, Inc.*, 2000 WL. 1059849 (E.D. La. 2000)..............7, 10, 11

*Simoneaux v. Jolen Operating Co.*, 2004 WL. 2988506 (E.D. La. 2004) ........................11

*Sucherman v. Metropolitan Property and Casualty Inc. Co.*, 2007 WL. 1484067
    (E.D. La. 2007) ....................................................................................................13, 14

*Thompson v. Ingalls Shipbuilding*, 2006 WL. 2385324 (S.D. Miss. 2006)........................6

## FEDERAL STATUTES

Federal Rule of Civil Procedure 20 .................................................1, 3, 6, 7, 10, 11, 16, 18

**Preliminary Statement**

Plaintiffs filed this lawsuit seeking relief that is well established under controlling United States Supreme Court and Fifth Circuit authority: reimbursement, from the Settlement Fund established to settle personal injury claims asserted in the *In re: Vioxx Products Liability Litigation*, of monies that Plaintiffs paid for claimants' Vioxx-related injuries.[1]   Rather than address the merits of Plaintiffs' claims for reimbursement, Defendants have filed a Motion to Sever asking this Court to require Plaintiffs to file forty-seven separate lawsuits requesting precisely the same monetary relief from precisely the same Settlement Fund.   To justify this tremendous waste of judicial and party resources, Defendants offer only two arguments: (1) Federal Rules of Civil Procedure 20 and 21 require severance because no common legal or factual issues exist and Plaintiffs' claims for reimbursement from the Settlement Fund are not logically related, and (2) this Court's Pretrial Order 26 requires separate filings by health benefits providers seeking to assert their reimbursement rights against the settlement fund.   Both are plainly wrong.

First, Defendants' argument that Plaintiffs' claims are misjoined under the FRCP is more accurately an argument that some individualized proof regarding the health plans' coverage documents and amount of reimbursement to which they are entitled will be necessary.   Rather

---

[1]   *See, e.g., Sereboff v. Mid Atlantic Medical Services Inc.*, 547 U.S. 356, 368-69 (2006) ("*Sereboff*") (holding that a health plan's claims to reimbursement of medical expenses it paid on behalf of personal injury claimants qualified as "appropriate equitable relief" under § 502(a)(3)(B) of ERISA that resulted in an "equitable lien" in favor of the health plan for such amount); *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferer, Poirot & Wansbrough*, 354 F.3d 348, 358 (5th Cir. 2003) (concluding that a health plan's pursuit of segregated, identifiable funds, before they had been distributed, was the proper way to proceed under ERISA: "Thus, we hold the Plan's requested relief – the imposition of a constructive trust over specifically identifiable settlement funds held in the trust account of the law firm as agent for [the claimant/health plan member] to be equitable in nature.   Accordingly, we further hold that [ERISA] § 502(a)(3) authorizes the Plan's claim for relief . . . ."); *see also Sereboff*, 547 U.S. at 361 n.1 (citing *Bombardier* approvingly).

than a bar to joinder, individualized proof and differing recoveries are expressly contemplated by Rule 20(a)(3), which authorizes judgment "to one or more plaintiffs according to their rights."

To establish misjoinder under the Federal Rules of Civil Procedure, Defendants must demonstrate that <u>none</u> of the events giving rise to Plaintiffs' claims are "logically related," or <u>not one</u> of the questions of law or fact presented by Plaintiffs' claims are overlapping.  In fact, Plaintiffs' claims for reimbursement arise from what even Defendants have admitted is a common "triggering event" – the establishment and creation of "specifically identifiable settlement funds held in the trust account of the law firm as agent for [the claimant/health plan member]."[2]  Moreover, Plaintiffs' claims for declaratory and injunctive relief present numerous overlapping legal and factual questions, including the harm that Plaintiffs will suffer if settlement proceeds are distributed to claimants prior to adjudicating Plaintiffs' reimbursement rights, the extent to which Plaintiffs are entitled to discover the identities of participating claimants as part of a Preliminary Injunction, and whether the *Sereboff* and *Bombardier* decisions entitle Plaintiffs to claim reimbursement from the Settlement Fund, to name a few.  (*See supra* note 1.)  Nor have Defendants so much as attempted to identify any specific prejudice flowing from joinder or warranting "protective" severance under Rule 20(b).  Under these circumstances, there is no misjoinder as a matter of law, and the Federal Rules of Civil Procedure provide trial courts with no discretion to sever claims.[3]

---

[2]  *Bombardier*, 354 F.3d at 358 (holding that a health plan's rights to relief under ERISA § 502(a)(3) arose, in part, upon the creation of "specifically identifiable settlement funds held in the trust account of the law firm as agent for [the claimant/health plan member]").

[3]  *See, e.g., Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974) (concluding that trial court "abused its discretion in severing the joined actions," where the joined actions met the requirements of Rule 20(a) and severance had been based primarily on the presence of some individualized issues and the "difficulties in ultimately adjudicating damages to the various plaintiffs").

Perhaps realizing as much, Defendants offer as a fallback the novel suggestion that this Court intended to modify, in Pretrial Order 26, the Federal Rules of Civil Procedure as they relate to the rights of the health benefits providers in this case.  To the contrary, this Court's Pretrial Order 26 – entitled "Prohibiting Multiple Unrelated Claimants from Joining in One Complaint" – neither mentions nor contemplates the reimbursement rights of third party payors. Rather, it is expressly directed to curtailing "administrative complications" and "unnecessary inefficiencies" caused when multiple personal injury claimants who ingested Vioxx but otherwise have no relationship to each other file a single complaint in the MDL proceeding bearing Docket No. 1657.  By contrast, <u>requiring separate filings in this action creates the very inefficiencies and complications that PTO 26 sought to avoid</u> – not the least of which is the forty-seven separate but otherwise materially indistinguishable Motions for Temporary Restraining Orders and for Preliminary Injunctions that this Court would be inundated with upon severance.

Defendants' Motion to Sever serves but one purpose: delay.  That delay, and the concomitant waste of resources by the parties and this Court, is contrary to the purpose of FRCP 20 and 21 and counterproductive to the goals of efficiency and finality underlying the MDL and the Settlement Agreement.  This Court should deny Defendants' Motion to Sever.

<u>**Background and Procedural History**</u>

Merck obtained Food and Drug Administration (FDA) approval for Vioxx in or about May 1999, and began the distribution and sale of Vioxx throughout the United States immediately thereafter.  On September 30, 2004, Merck pulled Vioxx from the market due to concerns that the drug increased the risk of heart attacks and strokes in users.  As a result of the

safety issues associated with Vioxx, tens of thousands of individuals filed personal injury claims in the United States against Merck.

On November 9, 2007, Merck and a group of personal injury lawyers entered into a Settlement Agreement.  Pursuant to the Settlement Agreement, Merck is to create a $4.85 billion Settlement Fund to resolve certain personal injury claims alleged to be associated with Vioxx. *See Settlement Agreement*, § 5.1.  Defendant BrownGreer has been appointed as the Claims Administrator for the Settlement Fund, and Defendant US Bancorp will serve as the Escrow Agent.  Collectively, both Defendants will have control over the settlement monies prior to their distribution to claimants.

Plaintiffs are a group of health plans who collectively provide coverage to approximately 70% of the individuals in the United States with private health insurance.   Not surprisingly, Plaintiffs paid medical expenses incurred by Vioxx claimants as a consequence of Vioxx-related medical conditions.  (*See* White Aff., Ex. 3, Appendix A to Ogle Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, and Supplemental Brief in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed 6/18/2008.)   The Settlement Agreement acknowledges the importance of the claimants' satisfying reimbursement rights held by health benefits providers – but only if those rights are held by governmental, and not private, providers of health benefits. For example, pursuant to § 12.1.1 of the Settlement Agreement, each Enrolled Program Claimant must identify to Merck and a settlement administrator all governmental third-party payors who are known to hold or assert a statutory lien over any settlement payment to be made by the Settlement Fund.  Similarly, pursuant to § 12.1.3 of the Settlement Agreement, Enrolled Program Claimants must establish for Merck and the Claims Administrator the satisfaction of all

governmental third-party payor liens before said Claimants may receive any settlement payments from the Settlement Fund.

But the Agreement provides no such mechanism for the satisfaction of non-governmental third-party payors' liens.  Moreover, almost without exception – and in flagrant disregard for Plaintiffs' rights – participating claimants and their attorneys have failed entirely to provide notice to Plaintiffs of claims that Plaintiffs paid on claimants' behalf for Vioxx-related injuries which are now subject to the Settlement Agreement and impending distribution.

Accordingly, on April 14, 2008, Plaintiffs filed this lawsuit seeking declaratory and injunctive relief under controlling Supreme Court and Fifth Circuit precedent.  Shortly thereafter, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking an Order directing identification and disclosure of Plaintiffs' plan members who are participating in the settlement in order to allow Plaintiffs a short period in which to assert Plaintiffs' equitable reimbursement rights.

On June 11, 2008, this Court held a hearing on Plaintiffs' Motion for a Temporary Restraining Order.  Concluding that there remained adequate time for full briefing and argument with respect to Plaintiffs' request for injunctive relief, this Court denied Plaintiffs' Motion as it related to a temporary restraining order only.  This Court set Plaintiffs' Motion for a Preliminary Injunction for hearing on June 27, 2008.

Defendants have not yet filed an Answer to Plaintiffs' Complaint in this action.  Nor have Defendants filed a response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction as of the time of this filing.  Defendants instead filed this Motion to Sever Plaintiffs' claims for reimbursement into forty-seven separate lawsuits.

<u>**Argument**</u>

Defendants offer two arguments for severance: that joinder is not permitted (1) by Rules 20 and 21 of the Federal Rules of Civil Procedure, and (2) by Pretrial Order 26.  Both are unavailing.

## I.     Joinder is Proper and Strongly Favored Under the Federal Rules of Civil Procedure

Rule 20(a) of the Federal Rules of Civil Procedure expressly authorizes joining plaintiffs in a single action where (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action."  FED. R. CIV. PRO. 20(a).  "The Supreme Court of the United States has instructed lower courts to employ a liberal approach to permissive joinder of claims and parties" under this Rule "in the interest of judicial economy."  *Goodyear v. Dauterive Hosp. of New Iberia, Louisiana*, 2007 WL 2066855, *3 (W.D. La. 2007) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("joinder of claims, parties and remedies is strongly encouraged.")).

"The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."  *Thompson v. Ingalls Shipbuilding*, 2006 WL 2385324, *1 (S.D. Miss. 2006) (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000)).  Both this Court and the Fifth Circuit have explicitly recognized that, "[u]ltimately, absent fraudulent joinder,[4] 'the plaintiff has the right to select the forum; to elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination.'"  *Alexis v. GlaxoSmithKline Corp.*, 2002 WL

---

[4]  An example of fraudulent joinder can be seen when a party adds a plaintiff or defendant to a lawsuit for the sole purpose of establishing a basis for federal jurisdiction, such as diversity of citizenship.  This Court's jurisdiction over this action is beyond dispute, and there are no allegations of fraudulent joinder in this case.

1022261, *3 (E.D. La. 2002) (quoting *Bently v. Halliburton Oil Well Cementing Co*., 174 F.2d 788, 791 (5th Cir. 1949)); *see also Applewhite v. Reichhold Chemicals, Inc*., 67 F.3d 571, 574 (5th Cir. 1995) ("[P]ermissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20").

With these "overarching consideration[s]" properly in mind, the purpose of Rules 20 and 21 would be profoundly frustrated by severing Plaintiffs' claims into forty-seven separate lawsuits seeking the same relief against the same Settlement Fund. *Porter v. Milliken & Michaels, Inc*., 2000 WL 1059849, *2 (E.D. La. 2000) (Vance, J.). More importantly, both requirements of Rule 20(a) are easily met here, and Defendants have not so much as attempted to identify any specific prejudice that would warrant protective severance under Rule 20(b). Under these circumstances, there is no misjoinder as a matter of law, and the Federal Rules of Civil Procedure provide trial courts with no discretion whatsoever to sever Plaintiffs' claims. *See, e.g., Mosley v. General Motors Corp*., 497 F.2d 1330, 1334 (8th Cir. 1974) (concluding that trial court "abused its discretion in severing the joined actions," where the joined actions met the requirements of Rule 20(a) and severance had been based primarily on the presence of some individualized issues and the "difficulties in ultimately adjudicating damages to the various plaintiffs").

A.  Plaintiffs' Claims for Reimbursement Present Common Questions of Law or Fact

The latter requirement of Rule 20(a) is indisputably present in this case. If severance were granted, the following factual information would be requested by Plaintiffs in forty-seven separate suits for reimbursement: (1) the identities of participating claimants who will receive monies from the Settlement Fund, and (2) the amounts of money participating claimants will

receive from the Settlement Fund.  Moreover, all Plaintiffs seek precisely the same declaratory relief: a judgment declaring, among other things,

1.  that the Settlement Agreement provides no mechanisms to respect Plaintiffs' rights to reimbursement, and that the Settlement Agreement will affirmatively impair Plaintiffs' rights to reimbursement if settlement monies are distributed to individual Qualifying Program Claimants;
2.  that Plaintiffs are entitled to disclosure of the names of each of the Qualifying Program Claimants; and
3.  that each of Plaintiffs is entitled to receive payment in satisfaction of their lien rights, if any, for medical expenses paid or medical benefits otherwise furnished to any Qualifying Program Claimants prior to any disbursement from any Vioxx settlement funds to any Qualifying Program Claimants.

(White Aff., Ex. 1, Plaintiffs' First Amended Complaint, at 17-18).

In addition to these common legal and factual questions, Plaintiffs seek to have the same legal question determined by this Court: whether the Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services Inc*., 547 U.S. 356, 368-69 (2006) and the Fifth Circuit's decision in *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferer, Poirot & Wansbrough*, 354 F.3d 348, 358 (5th Cir. 2003), allow private health benefits providers to assert these equitable claims against the Settlement Fund to preserve their reimbursement rights.  Here, Plaintiffs assert the same legal theories as the underlying basis for their recovery.

Finally, all Plaintiffs seek the same fundamental relief:

A Temporary Restraining Order and preliminary injunction enjoining and directing the parties to refrain from distributing the Vioxx settlement funds to Qualifying Program Claimants until such time as those Claimants have been identified to Plaintiffs, Plaintiffs have had an opportunity to assert their reimbursement rights with respect to those Claimants, and the Court has had an opportunity to determine the extent of Plaintiffs' reimbursement rights as they relate to the settlement funds.

(White Aff., Ex. 1, First Amended Complaint, at 18).  In furtherance of this request for relief, all Plaintiffs have filed a Motion for Temporary Restraining Order and Preliminary Injunction requesting the same basic Order:

> Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction directing identification and disclosure of Plaintiffs' plan members who are participating in the settlement in order to allow Plaintiffs a short period in which to assert Plaintiffs' equitable reimbursement rights.  If and only if necessitated by delayed compliance, Plaintiffs further request a short enjoinment of settlement distributions until Plaintiffs' equitable reimbursement rights can be determined.  The identification Plaintiffs request ought to include, at a minimum, notice to counsel for Plaintiffs of: 1) the determination to make a distribution; and 2) the name, address, and personal identifying information (i.e., social security number) for each qualifying claimant; and 3) the amount that such claimant would receive from the Settlement Fund, or such other quantification of the claimant's interest in the fund as is known to the Defendants.  Following such disclosure, Plaintiffs must be given at least thirty days within which to investigate and assert any equitable rights to reimbursement.

(White Aff., Ex. 2, Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction, at 1.)

This right to relief here depends on the ability to demonstrate that the Plaintiffs' reimbursement rights will be irrevocably impaired if the Settlement Fund is distributed in accordance with the procedures stated in the Settlement Agreement – prior to determining Plaintiffs' rights or providing Plaintiffs with an opportunity to assert those rights.  The prejudicial nature of the MDL parties' rapid and secretive impending distributions is thus basic to each Plaintiff's right to injunctive relief.  The fact that each Plaintiff may suffer different effects from the impending harm, or that Plaintiffs' reimbursement rights may – as Defendants posit – arise from different sources, is immaterial for purposes of determining the common questions of law or fact.  *See, e.g., Mosley*, 497 F.2d at 1334.

9

Nevertheless, Defendants argue that the common legal and factual questions identified above and elsewhere in Plaintiffs' Complaint fail to meet the requirements of Rule 20(a) because certain questions which may arise in this action could turn on the individual facts of each Plaintiffs' coverage documents or ERISA fiduciary status.  (*See* Defendants' Motion to Sever at 6-7; *but see* White Aff., Ex. 3, Appendix A to Ogle Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, and Supplemental Brief in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed 6/18/2008.)  Even assuming *arguendo* this was true, Defendants' argument ignores the mandate of Rule 20(a), which authorizes joinder where "<u>any</u> question of law or fact common to all plaintiffs will arise in the action."  FED. R. CIV. PRO. 20(a) (emphasis added); *see also Porter v. Milliken & Michaels, Inc*., 2000 WL 1059849, *2 (E.D. La. 2000) (Vance, J.) (noting that Rule 20(a) "does not require all questions of law and fact raised by the dispute to be common. Rather, only 'some question of law or fact must be common to all parties.'")  Here, there can be no serious dispute that Plaintiffs' claims for reimbursement will present at least some common question of law or fact.

> B.  Plaintiffs' Claims for Reimbursement Arise from the Same Transaction or Occurrence

The other requirement of Rule 20(a) – that Plaintiffs' claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" – is equally met here.  FED. R. CIV. PRO. 20(a).  The transaction that gives rise to Plaintiffs' claims is the creation of the Vioxx settlement fund – a singular act that aggrieves the Plaintiffs all in the same way.   Plaintiffs have sued to have their rights to monies in that fund adjudicated, and the Defendants in this action are the very parties that control the fund.  Absent the fund, this particular lawsuit would not exist.

In determining what constitutes a transaction or occurrence for purposes of Rule 20(a) a number of courts have looked to the interpretation of "transaction" under Federal Rule of Civil Procedure 13(a), which governs compulsory counterclaims. *See, e.g., Porter v. Milliken & Michaels, Inc*., 2000 WL 1059849 (E.D. La. 2000) (Vance, J.) (relying on *Alexander v. Fulton County*, 207 F.3d 1303 (11th Cir. 2000); *Mosley v. General Motors*, 497 F.2d 1330, 1333 (8th Cir. 1974), and *Lott v. Eastman Kodak Co.*, 1999 WL 242688 (N.D. Tex. 1999)).   Transaction, for the purposes of Rule 13(a), "is a word of flexible meaning."  *Alexander*, 207 F.3d at 1323 (quoting *Moore v. New York Cotton Exch*., 270 U.S. 593, 610 (1926) (interpreting the compulsory counterclaim provision of former Equity Rule 30)).  "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."   *Mosley*, 497 F.2d at 1333 (quoting 7 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 1653 at 270 (1972)).  "The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley*, 497 F.2d at 1333.  Importantly, **"[a]bsolute identity of all events is unnecessary."**  *Id.* (emphasis added); *see also Simoneaux v. Jolen Operating Co*., 2004 WL 2988506, *4 (E.D. La. 2004) (concluding that "absolute identity of all events is unnecessary" under Rule 20 to establish that claims arise from the same transaction or occurrence); *DIRECTV, Inc. v. Vanryckeghem*, 2004 WL 1794521, *2 (E.D. La. 2004) (same); *Great American Ins. Co. v. McElwee Brothers, Inc.*, 2004 WL 574749, *3 (E.D. La. 2004) (same).

Defendants ignore these core principles underlying joinder to argue that because Plaintiffs have differing physical coverage documents with the thousands of Vioxx settlement claimants to which they have provided health care benefits, all of the events underlying

11

Plaintiffs' rights to reimbursement may not be identical.  In particular, Defendants cite just one event – the contractual agreement between plan participants and their health benefits provider – which they argue would involve a different "transaction" for each respective Plaintiff.  This is not the standard for evaluating joinder under Rule 20.

Indeed, one need look no further than the Fifth Circuit's *Bombardier* opinion for confirmation that Plaintiffs' claim involve a single transaction.   In *Bombardier*, the Fifth Circuit held that the plaintiff-health plan's claims arose upon the creation of a settlement fund with separately identifiable funds.  *See, e.g., Bombardier*, 354 F.3d at 358 (concluding that a health plan's pursuit of segregated, identifiable funds, before they had been distributed, was the proper way to proceed under ERISA: "Thus, we hold the Plan's requested relief – the imposition of a constructive trust over <u>specifically identifiable settlement funds held in the trust account of the law firm</u> as agent for [the claimant/health plan member] to be equitable in nature.   Accordingly, we further hold that [ERISA] § 502(a)(3) authorizes the Plan's claim for relief . . . .") (emphasis added); *see also Sereboff*, 547 U.S. at 361 n.1 (citing *Bombardier*).  Thus, as in *Bombardier*, Plaintiffs' claims arose for purposes of this lawsuit upon the establishment of the Settlement Fund in the *In re: Vioxx Products Liability Litigation* to compensate personal injury claimants, in part, for monies that Plaintiffs paid on claimants' behalf for Vioxx-related injuries.

Clearly – and contrary to Defendants' arguments – the existence of coverage documents providing reimbursement rights in the abstract gives rise to no cause of action whatsoever.  Rather, it is the creation of a concrete fund of settlement proceeds that both the United States Supreme Court and the Fifth Circuit have found necessary to give rise to the rights at issue in this case.  This unifying event – the creation of the Settlement Fund – is a transaction or occurrence common to all Plaintiffs, as Defendants themselves admit.  *See* Defendants' Mot. to Sever, at 5

("settlement may be the triggering event").  Defendants have each participated in this common transaction, either as claimants, escrow agent for the settlement proceeds, or claims administrators.

Additionally, a second unifying event – the impending distribution of the settlement proceeds to participating claimants – provides another common link that gives rise to Plaintiffs' rights to injunctive relief to maintain the status quo until Plaintiffs' respective reimbursement rights can be determined and participating claimants' identities can be discovered.  Rule 20(a) is thus satisfied.

Yet, even if Defendants could support their erroneous argument that absolute identity of all triggering events giving rise to the rights asserted here is necessary for joinder under Rule 20(a), in this case the events underlying all of Plaintiffs' claims do not materially differ. Plaintiffs contracted with claimants to receive reimbursement from proceeds paid into a common fund to the extent that such proceeds are attributable to injuries Plaintiffs paid on the claimants' behalf.  (*See* Supplemental Brief in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed 6/18/2008; *see also* White Aff., Ex. 3, Appendix A to Ogle Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction).  The fact that the physical coverage documents may memorialize Plaintiffs' rights with different language does nothing to alter the fact that the events and allegations giving rise to Plaintiffs' claims for reimbursement are logically related as required under Rule 20(a).

The sole case citation defendants provide this Court to support their argument is not to the contrary.  In *Sucherman v. Metropolitan Property and Cas. Inc. Co*., 2007 WL 1484067, *2 (E.D. La. 2007), the court considered whether "entirely different factual and legal issues" raised

by unrelated homeowners claiming unrelated property damage inflicted upon numerous distinct and separately owned properties could be joined in a single lawsuit under Rule 20(a) for no other reason than because the damage occurred during Hurricane Katrina.  The court expressly noted that the only predicate the cases shared was a common natural disaster.  *Id.*  Not one legal issue common to all of the plaintiffs existed.  Instead, each of the plaintiffs' cases turned exclusively upon its own unique set of facts, including "each property's respective condition and location before the storm, the value of the properties, and the extent of damage sustained."  *Id*.  The same is not true of this case.

Here, Plaintiffs' rights to reimbursement came into being when Defendants set up the identifiable fund required by *Sereboff* and *Bombardier*.  Plaintiffs' rights to relief came into being when the settling parties entered into an Agreement designed to distribute that fund in a manner that disregards the rights of all private, non-governmental health benefits providers.  And Plaintiffs' rights to declaratory and injunctive relief arise from the explicit terms of the Settlement Agreement, which provides a means for acknowledging the rights of governmental health benefits providers, but no means whatsoever for alerting Plaintiffs to the identities of participating claimants, and no means for respecting Plaintiffs' rights to reimbursement prior to the claimants' receipt and comingling of the settlement proceeds.  Any one of these common events is sufficient to bring this case within the requirements of Rule 20(a), and beyond the very limited scope of the *Sucherman* decision.

Indeed, an examination of the cases in which this Court has explicitly recognized joinder as appropriate under Rules 20 and 21 refutes Defendants' suggestion that all events giving rise to a claim must be identical.  For instance, in *Great American Ins. Co. v. McElwee Brothers, Inc*., 2004 WL 574749, *3 (E.D. La. 2004), this Court found the requirements of Rule 20(a) satisfied

where a Plaintiff sought "declaratory judgments . . . to clarify the rights of each party to claims and to eventual recovery of funds arising out of the same construction project and the contracts between the existing parties relating to that project."  While expressly acknowledging that the claims against the various defendants arose from different contracts, the Court found that because the claims all involved the same construction project "the claims arise out of the same basic transaction or occurrence."  *Id*.  The Court correctly held that joinder was warranted and strongly favored under the FRCP, reasoning that "judicial efficiency and economy for the parties would be served by hearing all related claims concerning any funds recovered from the government in one action."  *Id*. (citing *Great American Ins. Co. v. Harleysville Mut. Cas. Co*., 285 F.2d 262, 264 (4th Cir. 1960); *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000); *Lumbermens Mut. Cas. Co. v. Borden Co*., 241 F. Supp. 683, 695-96 (S.D.N.Y. 1965)).

Articulating principles that are now well established, the overwhelming majority of courts have approved of this result, and authorized joinder in a wide variety of cases similar to the present action.   These include an action by multiple subcontractors against a general contractor for breach of contract, even where the subcontractor Plaintiffs were not parties to the same contract;[5] an action by former stockholders to rescind sales of stock to defendant corporation, even where the eight stockholder Plaintiffs were complaining of numerous separate sale transactions;[6] an action by former employers of defendant to enforce a restrictive covenant in his employment contract and to replevy certain records, even where the four Plaintiff

---

[5]  *Mississippi Valley Structural Steel Co. v. Huber, Hunt, & Nichols, Inc.,* 295 F. Supp. 139 (D.C. Ill. 1969).

[6]  *Johnson v. Mansfield Hardwood Lumber Co*., 143 F. Supp. 826, 838 (D.C. La. 1956).

employers held and sought to enforce separate contracts with the defendant;[7] and an action by a Michigan association of non-school "head start" program directors as well as two non-profit organizations that operate such programs against the Secretary of Agriculture seeking funds under the Special Food Service Program of the National School Lunch Act, even where the various Plaintiffs' "allegation that they are not receiving all of the funds to which they are entitled" under the statute would invariably require separately adjudicating the amount of food cost reimbursements due each individual Plaintiff.[8]

This Court should decline to break with this extensive body of analogous precedent here.

C.  The Extent of Relief to Which Each Plaintiff is Entitled is Not a Basis for Severance

Instead of demonstrating that no overlapping questions or logical relationship exists between the reimbursement claims Plaintiffs have raised in this case, Defendants argue, essentially, that Plaintiffs' claims cannot be joined because each plaintiff's "right to all or a share of [the settlement] proceeds can only be determined by evaluating each individual plan document."  (Defendants' Mot. to Sever, at 6.)  Yet Rule 20 explicitly contemplates as much, as individualized proof is frequently necessary in cases subject to joinder:

> ***Extent of Relief***.  Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded.  The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

FED. R. CIV. PRO. 20(a)(3).

Although it should be obvious from Plaintiffs' Complaint in this case, it bears emphasizing that Plaintiffs are not seeking class treatment here.  Plaintiffs intend to present proof

---

[7]  *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 931 (8th Cir. 1965).

[8]  *Michigan Head Start Directors Ass'n v. Butz*, 397 F. Supp. 1124, 1131 (D.C. Mich. 1975).

of their reimbursement rights for each of the forty-seven plans at issue.  Indeed, Plaintiffs have already provided this Court with copies of coverage documents setting forth Plaintiffs' contractual rights to reimbursement, and sworn affidavits explaining the same.  (*See* Supplemental Brief in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed 6/18/2008; *see also* White Aff., Ex. 3, Appendix A to Ogle Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction).  Once the settling claimants' identities are disclosed in order to enable Plaintiffs to discover the participating claimants, Plaintiffs intend to present further proof of the amounts of reimbursement to which they are entitled.  The only question presented by this Motion is whether this Court will have to answer the common questions of law and fact once or forty-seven times.

Resolving those same legal and factual questions forty-seven times is an exercise in waste and futility that this Court should decline to entertain.  For all of these reasons, Rules 20 and 21 both allow and strongly favor joinder.  Rather than a bar to joinder, Plaintiffs' single objection – that some individualized proof may be necessary – is instead expressly contemplated by Rule 20(a)(3).  This Court should deny Defendants' Motion to Sever.

## II.     PTO 26 Does Not Modify Plaintiffs' Ability to Join Their Claims Under the FRCP

As a fallback, Defendants argue that this Court's Pretrial Order 26 somehow modifies (which, of course, it may not do) what is otherwise clear under Rules 20 and 21 of the Federal Rules of Civil Procedure relating to joinder.  As this Court is well aware, PTO 26 does not explicitly or implicitly contemplate the reimbursement rights of health benefits providers asserted here.  Rather, PTO 26 (along with all of the similar Orders that Defendants cite from other jurisdictions) is an administrative rule directed to managing the <u>personal injury</u> claims filed directly into the MDL proceeding bearing Docket No. 1657.  (*See* Defendants Mot. to Sever, Ex.

1.)   For the express purpose of "eliminat[ing] unnecessary inefficiencies" and "administrative complications," this Court's PTO 26 requires that "unrelated claimants in [the] MDL" should follow the traditional rule and file separate complaints.  *Id*.

By contrast, Plaintiffs in this action are not "claimants" seeking to recover personal injury damages from Merck.   Indeed, Plaintiffs have not even sued Merck in this action.   Rather, Plaintiffs are seeking equitable relief <u>from</u> the "claimants" who will receive distributions from the fund, to the extent that Plaintiffs paid recoverable monies on behalf of participating claimants.  Nor are Plaintiffs' claims "unrelated"; rather, for the same reasons set forth above Plaintiffs' claims bear both a logical relationship to each other and require this Court to resolve numerous overlapping questions of law or fact.  Accordingly, PTO 26 is simply inapplicable.

Finally, severing the claims brought by Plaintiffs in this case is plainly contrary to the purpose of PTO 26 of eliminating unnecessary inefficiencies and administrative complications. Severed claims "become entirely independent actions to be tried, and judgment entered thereon, independently."  *McDaniel v. Anheuser-Busch, Inc*., 987 F.2d 298, 304 & n. 19 (5th Cir. 1993). Severance will thus require this Court to hear and rule upon forty-seven separate Motions for Temporary Restraining Order and forty-seven separate Motions for a Preliminary Injunction. Severance will also require this Court to separately adjudicate the declaratory relief sought by forty-seven Plaintiffs.  And severance will also require this Court to separately interpret the *Sereboff* and *Bombardier* opinions in the context of forty-seven separate actions seeking injunctive and declaratory relief.  This will not, by any stretch of the imagination, eliminate inefficiency and administrative complication.  Rather, severance will create both.  This Court should decline to do so, and deny Defendants Motion to Sever.

**Conclusion**

For the foregoing reasons, this Court should deny Defendants' Motion to Sever.


DATED this 18th day of June, 2008

SUSMAN GODFREY L.L.P.

*/s/Lexie White*
Lexie G. White
Louisiana State Bar No. 29478
Neal S. Manne
Texas State Bar No. 12937980
William Christopher Carmody
Texas State Bar No. 03823650
Joseph S. Grinstein
Texas State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

OF COUNSEL:

Richard W. Cohen
Peter D. St. Phillip, Jr.
Gerald Lawrence
LOWEY DANNENBERG COHEN & HART, P.C.
1 North Broadway, 5th Floor
White Plains, NY  10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Mark D. Fischer
Mark M. Sandmann
Jeffrey C. Swann
RAWLINGS & ASSOCIATES PLLC
1 Eden Parkway
LaGrange, KY 40031
Telephone: (502) 587-1279
Facsimile: (502) 584-8580

Attorneys for Plaintiffs

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that the above and foregoing RESPONSE TO DEFENDANTS' MOTION TO SEVER has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 18th Day of June, 2008.

_/s/Lexie White_____
Lexie G. White
Louisiana State Bar No. 29478
Attorney for Plaintiffs
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com