# Exhibit 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GREAT AMERICAN INSURANCE COMPANY   *  CIVIL ACTION NO. 03-2793

VERSUS   *  SECTION "K"

MCELWEE BROTHERS, INC. & TRI-STATE   *
DESIGN CONSTRUCTION CO., INC.,
MCELWEE BROTHERS, INC.,   *
MELVIN M. L. MCELWEE, SR.,     JUDGE JOSEPH C. WILKINSON, JR.
SYLVIA HURST, TRI-STATE DESIGN   MAGISTRATE (2)
CONSTRUCTION CO., INC.   *

\*   \*   \*   \*   \*   \*   \*   \*

---

## MOTION FOR LEAVE TO JOIN ADDITIONAL PARTY
## UNDER RULE 19 OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

NOW INTO COURT, through undersigned counsel, comes Great American Insurance Company (hereinafter, "Great American"), which respectfully requests an order granting leave of court to supplement its original complaint to join William Melancon d/b/a the Law Offices of William Melancon (hereinafter, "Melancon") as a necessary and indispensable party to this action, as follows:

1.

Melancon has entered into a contingency fee contract purporting to make him the attorney of record for McElwee Brothers, Inc. and Tri-State Design Construction Co., Inc., A Joint Venture.

1

2.

As set forth in the attached First Supplemental Complaint for Declaratory Judgment, Melancon, through this contingency fee contract, claims an interest relating to the subject of the current action and is so situated that the disposition of the action in his absence may leave Great American subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of the claimed interest. Therefore, he must be joined as a party to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure.

WHEREFORE, Great American prays for an order granting it leave of court to amend its complaint in this matter to join Melancon as a necessary and indispensable party under Rule 19 of the Federal Rules of Civil Procedure for the reasons more specifically discussed in the attached memorandum.

Respectfully submitted,

Lloyd N. Shields (La. Bar #12022)
Daniel Lund, III (La. Bar #19014)
Stuart G. Richeson (La. Bar #23912)
Elizabeth L. Gordon (La. Bar #21619)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
Telephone:    (504) 581-4445
Telecopy:     (504) 581-4440

Attorneys for
   Great American Insurance Company

2

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the above pleading has been forwarded to all opposing parties and counsel of record via U. S. Mail and via telecopy, this _____ day of December, 2003.

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY | * | CIVIL ACTION NO. 03-2793 |
| VERSUS | * | SECTION "K" |
| MCELWEE BROTHERS, INC. & TRI-STATE DESIGN CONSTRUCTION CO., INC., | * | |
| MCELWEE BROTHERS, INC., | * | JUDGE JOSEPH C. WILKINSON, JR. |
| MELVIN M. L. MCELWEE, SR., | | MAGISTRATE (2) |
| SYLVIA HURST, TRI-STATE DESIGN CONSTRUCTION CO., INC. | * | |

\*      \*      \*      \*      \*      \*      \*      \*

---

## CERTIFICATE

---

Pursuant to the Local Rules of the United States District Court for the Eastern District of Louisiana, undersigned counsel has attempted to contact all parties having an interest in opposing this motion in order to obtain their consent for the filing and granting of this motion.  On December 2, 2003, undersigned counsel contacted counsel of record for Tri-State Design Construction Company, Sylvia Hurst and McElwee Brothers, Inc.  Both counsel stated that they had no objection to the filing of the Motion for Leave to Join Additional Party under Rule 19 of the Federal Rules of Civil Procedure.  However, as more fully discussed in the attached memorandum, Melvin M. L. McElwee is opposed to the motion on behalf of himself, individually, and on behalf of McElwee Brothers, Inc. and Tri-State Design Construction Co., Inc., A Joint Venture.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY | * | CIVIL ACTION NO. 03-2793 |
| VERSUS | * | SECTION "K" |
| MCELWEE BROTHERS, INC. & TRI-STATE DESIGN CONSTRUCTION CO., INC., MCELWEE BROTHERS, INC., MELVIN M. L. MCELWEE, SR., SYLVIA HURST, TRI-STATE DESIGN CONSTRUCTION CO., INC. | * * * | JUDGE JOSEPH C. WILKINSON, JR. MAGISTRATE (2) |

\*   \*   \*   \*   \*   \*   \*   \*

---

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO JOIN ADDITIONAL PARTY
UNDER RULE 19 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

MAY IT PLEASE THE COURT:

Great American Insurance Company ("Great American") files this memorandum in support of its Motion for Leave to Join Additional Party Under Rule 19 of the Federal Rules of Civil Procedure.

Great American seeks to amend its original complaint to join an action for declaratory judgment against William Melancon d/b/a the Law Offices of William Melancon (hereinafter, "Melancon") to declare that he will have no valid attorney fee lien on or right or receive any funds recovered by Great American pursuant to a contingency fee agreement which he has purportedly entered into with McElwee Brothers, Incorporated and Tri-State Design Construction Company, A Joint Venture (hereinafter, "Joint Venture"). Great American requests leave to join

1

its claim against Melancon, a necessary party to this action as defined in the Federal Rules of Civil Procedure.

## FACTS RELEVANT TO THIS MOTION

Melancon and Melvin M. L. McElwee, Sr. (hereinafter, "McElwee") executed a contingency fee contract on October 3, 2003, with McElwee purporting to sign the agreement on behalf of the Joint Venture (hereinafter, "Contingency Fee Contract"). A copy of the Contingency Fee Contract is attached hereto as Exhibit "A." The Contingency Fee Contract purports to make Melancon the attorney representing the interests of the Joint Venture for "all claims, including but not limited to, claims for unpaid compensation, unpaid change orders, acceleration, lost efficiency, impact, interference, and defective design, against any and all responsible parties arising from construction work performed pursuant to Contract No. DACW 29-01-C-0035 (Department of the Army, New Orleans District, Corps of Engineers covering Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station Improvements, Discharge Tubes and Canal, Orleans Parish, Louisiana)." However, Paragraph 5 of the Contingency Fee Contract specifically states that "[the Joint Venture] expressly agrees that [Melancon] is not representing [the Joint Venture] with respect to any claims against or by any bonding company which may be involved in the subject matter of this contract."

Under the terms of the Contingency Fee Contract, the Joint Venture would pay as attorney's fees fifty (50) percent of any gross recovery realized by settlement or judgment or adjudication and "any payments made to any third party claimant, including but not limited to a bonding company, shall be made from [the Joint Venture's] share of any recoveries." Paragraph 6 of the Contingency Fee Contract provides that "[c]lient agrees that Attorney shall have a first

2

lien and privilege on all recoveries obtained in this matter, which shall prime any claim by any other entity, including but not limited to, claims of the Client, of other attorneys or those of any bonding company which may be involved in the subject matter of this contract."

## ARGUMENT

As more fully set forth in the Supplemental Complaint for Declaratory Judgment filed in conjunction with the motion for leave, Melancon has alleged that he intends to assert his purported lien under the contract to prime any recovery obtained from the claims. The Contingency Fee Contract purports to include any recovery by Great American, even if Great American owns the claims and obtains any recovery from such claims. As such, under the terms of the Contingency Fee Contract, whether or not this Court determines that Great American owns the claims and obtains a recovery from the claims, Melancon is purportedly entitled to 50% of such recovery before Great American receives what it is owed under prior obligations of the Joint Venture. Therefore, Melancon clearly falls into the category of persons asserting a claim that would subject Great American, a party to the suit, to a substantial risk of incurring inconsistent obligations in this matter. Great American thus seeks leave of court to amend its complaint.

Joinder of Melancon as a party to this action is mandated by the Federal Rules of Civil Procedure. Rule 19(a) provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

3

Great American has thus filed this motion for leave to amend its pleadings to include its claim against Melancon.

Local Rule 7.6 of the Eastern District of Louisiana requires that a party who files a motion for leave to amend pleadings must attempt to obtain consent for the filing and granting of the motion from all parties having an interest to oppose. Undersigned counsel has sought to obtain such consent from all parties to this matter, although it is not clear if any party other than the Joint Venture truly has the requisite interest to oppose.

Counsel for McElwee Bros., Inc., Sylvia Hurst, and Tri-State Design Construction Co., Inc. have all consented to the filing and granting of this motion. McElwee has refused to consent, purportedly both individually and on behalf of the Joint Venture, to the filing and granting of the motion on the basis that the Joint Venture would be left without representation should the motion be granted. However, it appears that only Melancon, as attorney of record for the Joint Venture, has the authority to make such an objection on its behalf. Despite efforts to obtain Melancon's consent or objection, as of this time, he has failed to state either an objection to provide consent on behalf of the Joint Venture. Further, because the Joint Venture may be the only party who truly has any valid "interest to oppose" the joinder of Melancon, Great American avers that only the Joint Venture's objection is of any relevance.

Out of an abundance of caution, however, Great American has noted the objection of McElwee on behalf of the Joint Venture (notwithstanding Melancon's appearance as counsel of record therefor) and accordingly has set for hearing the motion to join. The basis for McElwee's refusal to consent appears to be that by joining Melancon as a party defendant, the Joint Venture

4

would be left without counsel of record in this matter as Melancon would likely be required to withdraw.

However, McElwee's objection is insufficient for several reasons. First, the Joint Venture is free to hire another attorney. Second, technically under the terms of the Contingency Fee Contract, Melancon is not obligated to act as counsel of record for the Joint Venture in this matter. Paragraph 5 states "[the Joint Venture] expressly agrees that [Melancon] is not representing [the Joint Venture] with respect to any claims against or by any bonding company which may be involved in the subject matter of this contract." See Exhibit "A" at p. 2. Therefore, any authority that Melancon has to represent the Joint Venture in this matter is beyond the scope of the written agreement between the parties, which reflects that his appearance as counsel of record must be the result of some other arrangement. Certainly, the Joint Venture is free to enter into another arrangement with other counsel.

Because McElwee's objection on behalf of the Joint Venture is insufficient, Great American respectfully requests that this Court grant leave to Great American to file its supplemental complaint joining a claim for declaratory judgment against Melancon as a necessary party to this matter.

Respectfully submitted,

Lloyd N. Shields (La. Bar #12022)
Daniel Lund, III (La. Bar #19014)
Stuart G. Richeson (La. Bar #23912)
Elizabeth L. Gordon (La. Bar #21619)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
Telephone:     (504) 581-4445
Telecopy:      (504) 581-4440
Attorneys for
    Great American Insurance Company

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above pleading has been forwarded to all opposing parties and counsel of record via U. S. Mail and via telecopy, this 5 day of December, 2003.

W \Clients\33405-19\Pleadings - E D La\Memo in Support of Motion for Leave to Join Party wpd

6

# CONTINGENCY FEE CONTRACT

Agreement made by and between **McElwee Brothers, Incorporated and Tri-State Design Construction Company, A Joint Venture,** hereinafter referred to as **Client,** and **The Law Offices of William Melancon,** hereinafter referred to as **Attorney.**

1.     Client desires to obtain legal advice, services and representation from Attorney and to compensate Attorney out of the proceeds of any settlement or judgment.  Client hereby retains Attorney to represent Client and its partners, heirs, administrators and assigns concerning all claims, including but not limited to, claims for unpaid compensation, unpaid change orders, acceleration, lost efficiency, impact, interference, and defective design, against any and all responsible parties arising from construction work performed pursuant to **Contract No. DACW 29-01-C-0035** (Department of the Army, New Orleans District, Corps of Engineers covering Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station Improvements, Discharge Tubes and Canal, Orleans Parish, Louisiana).

2.     Client shall pay to Attorney as attorney's fees for such representation fifty percent (50%) of any gross recovery realized, whether by settlement or judgment or final adjudication by any forum of competent jurisdiction howsoever nominated.

3.     Attorney may advance costs, expenses and/or fees in connection with this matter.  If there is a recovery, Client agrees to reimburse Attorney for all costs and expenses in connection with Attorney's handling of this matter.  Expenses include, but are not limited to, court costs, filing fees, fax expenses, long distance phone charges, postage, overnight mail expenses, trial exhibit preparation expenses, Attorney travel and expenses (including hotel and

MM: _____

WLM: _____

Page 1 of 4

EXHIBIT

"A"

10/28/2003  11:25   0000000000                                    PAGE   03

meals), deposition fees, investigation fees, court reporter fees, expert fees and expenses, witness fees and expenses, witness and expert travel and expenses (including hotel and meals). Client will compensate Attorney for in-house photocopies at the rate of 15¢ per copy and faxes at the rate of $1.00 per page, both incoming and outgoing. These costs and expenses shall be paid after the Attorney's fee has been paid and shall be paid from Client's portion of the total recovered.

4.     All Attorneys fees, expenses and costs received pursuant to the Equal Access to Justice Act (EAJA) shall be deemed part of the "gross recovery" and shall be subject to the contingency fee and expense reimbursement discussed in paragraphs 2 and 3. All other attorney's fees, sanctions, expenses and costs recovered shall be paid one hundred percent (100%) to Attorney.

5.     Client expressly agrees that Attorney is not representing Client with respect to claims against or by any bonding company which may be involved in the subject matter of this contract. Client agrees that it is solely responsible for any and all payments made to any bonding company, regardless of whether or not there are recoveries obtained in this matter. Client agrees that any payments made to any third party claimant, including but not limited to a bonding company, shall be made from Client's share of any recoveries.

6.     Client agrees that Attorney shall have a first lien and privilege on all recoveries obtained in this matter, which shall prime any claim by any other entity, including but not limited to, claims of the Client, of other attorneys or those of any bonding company which may be involved in the subject matter of this contract.

7.     Client acknowledges that Attorney has made no promises or guarantees regarding

MM: _____

WLM: _____

the outcome of this legal matter.  In fact, Attorney has advised Client that litigation in general is risky, can take a long time, can be very costly and can be very frustrating.  Client further acknowledges that Attorney shall have the right to cancel this agreement and withdraw from this matter if, in Attorney's professional opinion, the matter does not have merit, the matter does not have a reasonably good possibility of recovery, Client refuses to follow the recommendations of Attorney, Client fails to participate in the prosecution of this matter and timely respond to Attorney's requests, Client fails to follow the recommendation of Attorney and/or Client fails to abide by the terms of this agreement.  In the event of withdrawal, attorney shall retain a lien and privilege for the value of Attorney services rendered and for any and all expenses incurred by Attorney.

8.     Neither Attorney nor Client may, without prior written consent of the other, settle, compromise, release, discontinue or otherwise dispose of any claim asserted by Attorney pursuant to this contract.

9.     In the event of any dispute or disagreement concerning this agreement or Attorney's representation of the matter, the parties agree to submit the dispute or grievance to arbitration by the Louisiana State Bar Association Lawyer Dispute Resolution Program.  The parties further agree that any award by the arbitrator shall include the costs and expenses of arbitration, including attorney's fees. (If Attorney represents himself, he shall record his fees and charges as they would otherwise accrue in the representation of a third party and he shall be entitled to an award of attorney fees based on these representations).  In the event that either party does not comply with the arbitrator's decision and satisfy the award within thirty (30) days of the

Page 3 of 4

MM: _____
WLM: _____

10/28/2003  11:25   0000000000                                     PAGE  05

rendering of the decision, and the other party must resort to judicial enforcement of the award, the aggrieved party shall be entitled to recover ten percent (10%) of the whole amount awarded by the arbitrator (including costs, expenses and attorney's fees) as a penalty in accordance with Louisiana Civil Code Article 3106.

10.     The parties acknowledge that they have read this agreement in its entirety and agree that they understand the terms and conditions set forth herein.  The parties agree that there are no other terms or oral agreements existing between Attorney and Client.  This agreement may not be amended or modified in any way without prior written consent of Attorney and Client.


FOR McELWEE BROTHERS, INC. AND          FOR THE LAW OFFICES OF WILLIAM
TRI-STATE DESIGN CONSTRUCTION           MELANCON
COMPANY, A JOINT VENTURE


_____                _____
SIGNATURE                                SIGNATURE

Melvin M.L. McElwee, Sr.                 William L. Melancon
NAME PRINTED                             NAME PRINTED

DATE: October 2, 2003                    DATE: 10/3/03


_____                _____
WITNESS                                  WITNESS


Page 4 of 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GREAT AMERICAN INSURANCE COMPANY   \*    CIVIL ACTION NO. 03-2793

VERSUS                                   \*    SECTION "K"

MCELWEE BROTHERS, INC. & TRI-STATE   \*
DESIGN CONSTRUCTION CO., INC.,
MCELWEE BROTHERS, INC.,              \*    JUDGE JOSEPH C. WILKINSON, JR.
MELVIN M. L. MCELWEE, SR.,                  MAGISTRATE (2)
SYLVIA HURST, TRI-STATE DESIGN       \*
CONSTRUCTION CO., INC.
\*     \*     \*     \*     \*     \*     \*     \*

---

## NOTICE OF HEARING

---

      PLEASE TAKE NOTICE that the undersigned will bring for hearing before Magistrate

Judge Joseph C. Wilkinson, Jr., on January 14, 2004, at 11:00 a.m., the Motion for Leave to Join

Party Under Rule 19 of the Federal Rules of Civil Procedure filed today in this matter by Great

American Insurance Company, plaintiff herein.

                                      Respectfully submitted,

                                      Lloyd N. Shields (La. Bar #12022)
                                      Daniel Lund, III (La. Bar #19014)
                                      Stuart G. Richeson (La. Bar #23912)
                                      Elizabeth L. Gordon (La. Bar #21619)
                                      Shields Mott Lund L.L.P.
                                      650 Poydras Street, Suite 2400
                                      New Orleans, Louisiana  70130
                                      Telephone:   (504) 581-4445
                                      Telecopy:    (504) 581-4440
                                      Attorneys for
                                         Great American Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above pleading has been forwarded to all opposing parties and counsel of record via U. S. Mail and via telecopy, this ⁵ day of December, 2003.

W:\Clients\33405-19\Pleadings - E D La\Motion for Leave to Join Party.wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GREAT AMERICAN INSURANCE COMPANY &ast;   CIVIL ACTION NO. 03-2793

VERSUS                              &ast;   SECTION "K"

MCELWEE BROTHERS, INC. & TRI-STATE &ast;
DESIGN CONSTRUCTION CO., INC.,
MCELWEE BROTHERS, INC., &ast;   JUDGE JOSEPH C. WILKINSON, JR.
MELVIN M. L. MCELWEE, SR.,              MAGISTRATE (2)
SYLVIA HURST, TRI-STATE DESIGN &ast;
CONSTRUCTION CO., INC.
&ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

---

**FIRST SUPPLEMENTAL COMPLAINT FOR DECLARATORY JUDGMENT**

---

NOW INTO COURT, through undersigned counsel, comes Great American Insurance Company (hereinafter, "Great American"), which respectfully supplements its original Complaint in this matter as follows:

1.

All facts and allegations of Great American's Request for Temporary Restraining Order, Preliminary and Permanent Injunction, Specific Performance and Declaratory Judgment (hereinafter, the "Complaint") are adopted and incorporated herein as if copied in extenso.

2.

Great American supplements its claims as asserted in the Complaint to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 to resolve a controversy concerning a contingency fee contract which purportedly exists between William Melancon d/b/a the Law Offices of William Melancon (hereinafter, "Melancon") and McElwee Brothers, Inc. and Tri-State Design

Construction Co., Inc., A Joint Venture (hereinafter, "Joint Venture"), which contract claims lien rights in funds already decided by this Court not to belong to the Joint Venture.

## **ADDITIONAL PARTY**

### 3.

Made defendant herein is Melancon, a natural person of the full age of majority residing in Lafayette, Louisiana, on information and belief.

### 4.

Melancon should be joined as an indispensable party to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure because he is a person claiming an interest relating to the subject of the current action and is so situated that the disposition of the action in his absence may leave Great American subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of the claimed interest, as explained herein.

## **JURISDICTION AND VENUE**

### 5.

Jurisdiction of this Court for this action is based upon 28 U.S.C. §1332 in that the claim is between residents of different states and the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00).

### 6.

Venue is proper under the general federal venue statute, 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claims herein occurred in Tangipahoa Parish and Orleans Parish, Louisiana.

## GENERAL ALLEGATIONS

### 7.

Melancon and Melvin M. L. McElwee, Sr. (hereinafter, "McElwee") entered into a contingency fee contract on October 3, 2003, with McElwee purporting to sign the agreement on behalf of the Joint Venture (hereinafter, "Contingency Fee Contract").   A copy of the Contingency Fee Contract is attached hereto as Exhibit "A."

### 8.

The Contingency Fee Contract purports to make Melancon the attorney representing the interests of the Joint Venture for "all claims, including but not limited to, claims for unpaid compensation, unpaid change orders, acceleration, lost efficiency, impact, interference, and defective design, against any and all responsible parties arising from construction work performed pursuant to Contract No. DACW 29-01-C-0035 (Department of the Army, New Orleans District, Corps of Engineers covering Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station Improvements, Discharge Tubes and Canal, Orleans Parish, Louisiana)."

### 9.

Under the terms of the Contingency Fee Contract, the Joint Venture would pay as attorney's fees fifty (50) percent of any gross recovery realized by settlement or judgment or adjudication.

### 10.

Paragraph 6 of the Contingency Fee Contract provides that "[c]lient agrees that Attorney shall have a first lien and privilege on all recoveries obtained in this matter, which shall prime any

3

claim by any other entity, including but not limited to, claims of the Client, of other attorneys or those of any bonding company which may be involved in the subject matter of this contract."

11.

The third paragraph of the General Agreement of Indemnity (hereinafter, "1999 GAI") executed by McElwee, McElwee Brothers, Tri-State, and Great American, among others, which is entitled "ASSIGNMENT", provides in relevant part:

> The Contractor, the Indemnitors hereby consenting, will assign, transfer and set over, and does hereby assign, transfer and set over to the Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor to the Surety ... (e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the bonds and all other contracts whether bonded or not in which the Contractor has an interest.

12.

Pursuant to the 1999 GAI, Great American is entitled to assert all claims on its own behalf for which Melancon purports to represent the Joint Venture under the Contingency Fee Contract.

13.

Hearing was held on Great American's request for preliminary injunction against McElwee Brothers, McElwee individually and the Joint Venture, among others, on October 14, 2003. After hearing the evidence presented by both sides and the arguments of counsel, this Court ruled in favor of Great American and granted the requested injunctive relief. A written judgment granting the injunction was signed by the Court on October 17, 2003.

4

14.

In its oral ruling from the bench on October 14, 2003, the Court made these specific findings:

> And, I find that after culling through the contract, combing through it, that the provision that I feel allows the assignment of claims is Paragraph 3(E), which states: "Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the bonds, and all other contracts, whether bonded or not, in which the undersigned has an interest."
>
> That is the broadest language in this contract, and it refers to any contract and any sums that are due under those contracts. So, since the sums are assigned as a corollary, **the right to pursue those sums would be assigned to Great American.**
>
> Therefore, I'm going to issue a preliminary injunction which would require that the joint venture, the Defendants, refrain from either directly or indirectly interfering with Great American's exercise of its rights under the 1999 GIA and/or the 2002 GIA, except to assist Great American in pursuit of the claims and the joint venture is prohibited from taking any actions to the termination for default and the claims, any further action.

Transcript of Preliminary Injunction Hearing, pp. 258-59, attached hereto as Exhibit "B." (Emphasis added.)

15.

Further, during the October 30, 2003 hearing of Great American's Second Motion for Contempt Sanctions against McElwee, the court summed up the substance of its Order succinctly:

> [T]he Court issued an order saying Great American is going to do everything -- Great American has the right and authority to bring these claims and your only function is to cooperate with it.

Transcript of Hearing on Great American's Second Motion for Contempt Sanctions, p. 12, attached hereto as Exhibit"C."

5

16.

This Court cannot be more clear in its rulings that Great American is entitled: (1) to pursue any and all appeals before the Armed Services Board of Contract Appeals regarding the claims of the Joint Venture with regard to the SELA Dwyer Road Project because all sums due on the Joint Venture's contract with the Corps of Engineers and the right to pursue those sums have been assigned to Great American under the 1999 GAI; and (2) to retain the proceeds from the claims.

17.

Similarly, prior to the execution of the Contingency Fee Contract, Great American's indemnity agreement could not have been clearer that the Joint Venture did not own the claims or have no right to impinge on any claim recovered and that Great American did not hire, nor authorize hiring, Mr. Melancon for any matter concerning the claims

18.

The Contingency Fee Contract between Melancon and the Joint Venture purports to give Melancon a lien on any recoveries on the claims despite the fact that the right to these sums, as well as the exclusive right to pursue these sums, have been assigned to Great American under the clear language of the 1999 GAI.

19.

Despite this Court's ruling, Melancon has continued to insist that his claims to attorney's fees under the contingency contract related to his purported representation of the Joint Venture will take priority over the recovery of funds from the Corps by Great American in this matter pursuant to the terms of the Contingency Fee Contract and the statutes governing attorney fee liens in Louisiana, namely La. R.S. 9:5001 and La. R.S. 37:218.

20.

Because only Great American is authorized to bring the claims and recover any and all sums that may due under the 1999 GAI, Melancon's alleged lien interest impinges on the rights of Great American.

21.

The amount of attorney's fees at issue in this case is significant, particularly given the enormous size of Melancon's interest in any funds recovered -- 50 percent. There is a practical likelihood of imminent and inevitable future litigation on this subject. Thus, an actual controversy exists with regard to the effect of the Contingency Fee Contract which makes declaratory relief in this matter appropriate.

## DECLARATION SOUGHT BY GREAT AMERICAN

22.

In order to resolve this controversy, Great American requests that this Honorable Court declare the respective rights of the parties in this matter, and in particular declare that Great American's rights to any funds recovered as a result of the claims it will pursue against the Army Corps of Engineers before the Armed Services Board of Contract Appeals will take priority over any alleged attorney fee lien arising from or related to the Contingency Fee Contract.

23.

Great American further requests a declaration that Great American is entitled to recover any and all funds that may be may be recovered as a result of its claims, exclusive of the Contingency Fee Contract.

24.

Pursuant to the preliminary injunction granted by this Court, any and all funds recovered by Great American that are related to the Joint Venture's contract with the Army Corps of Engineers have been assigned to Great American.

25.

It is fundamental contract law that a contract forms the law between the parties, and the parties thereto cannot obligate the property of third parties not privy to the contract. Because Great American is pursuing sums it is owed under the 1999 GAI on its own behalf, as owner of the claims and the sums to be recovered, the Joint Venture has no authority to grant a lien in favor of Melancon on funds recovered by Great American. The Joint Venture cannot grant an interest in property that belongs to another.

26.

Melancon's lien purportedly attaches only to funds recovered by the Joint Venture on behalf of the Joint Venture pursuant to paragraph 6 of the Contingency Fee Contract. Any lien of Melancon cannot attach, and in no way affects or relates to, under the contract or otherwise, any funds not recovered by parties other than his client, and any provision of the Contingency Fee Contract that states otherwise should be declared absolutely null and stricken by this Court.

27.

Neither Melancon nor the Joint Venture will be prejudiced by this declaration because both were aware of the assignment of the claims prior to entering into the Contingency Fee Contract. See the letter from Lloyd N. Shields to Melancon dated September 12, 2003, a copy of which is attached hereto as Exhibit "D."

8

WHEREFORE, Great American seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that Great American's rights to any funds recovered, and to which it is entitled, as a result of the claims it will pursue against the Army Corps of Engineers before the Armed Services Board of Contract Appeals will take priority over and will not be subject to the Contingency Fee Contract and/or any alleged attorney fee lien arising out of or related to the Contingency Fee Contract, and that Great American is entitled to recover any and all funds that may be may be recovered as a result of its claims, exclusive of the Contingency Fee Contract.

Respectfully submitted,

Lloyd N. Shields (La. Bar #12022)
Daniel Lund, III (La. Bar #19014)
Stuart G. Richeson (La. Bar #23912)
Elizabeth L. Gordon (La. Bar #21619)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2400
New Orleans, Louisiana  70130
Telephone:     (504) 581-4445
Telecopy:      (504) 581-4440

Attorneys for
    Great American Insurance Company

9

10/28/2003  11:25      0000000000                                    PAGE  02

# CONTINGENCY FEE CONTRACT

Agreement made by and between McElwee Brothers, Incorporated and Tri-State Design Construction Company, A Joint Venture, hereinafter referred to as **Client**, and **The Law Offices of William Melancon**, hereinafter referred to as **Attorney**.

1.    Client desires to obtain legal advice, services and representation from Attorney and to compensate Attorney out of the proceeds of any settlement or judgment.  Client hereby retains Attorney to represent Client and its partners, heirs, administrators and assigns concerning all claims, including but not limited to, claims for unpaid compensation, unpaid change orders, acceleration, lost efficiency, impact, interference, and defective design, against any and all responsible parties arising from construction work performed pursuant to **Contract No. DACW 29-01-C-0035** (Department of the Army, New Orleans District, Corps of Engineers covering Southeast Louisiana Urban Flood Control Project, Dwyer Road Drainage Pumping Station Improvements, Discharge Tubes and Canal, Orleans Parish, Louisiana).

2.    Client shall pay to Attorney as attorney's fees for such representation fifty percent (50%) of any gross recovery realized, whether by settlement or judgment or final adjudication by any forum of competent jurisdiction howsoever nominated.

3.    Attorney may advance costs, expenses and/or fees in connection with this matter. If there is a recovery, Client agrees to reimburse Attorney for all costs and expenses in connection with Attorney's handling of this matter.  Expenses include, but are not limited to, court costs, filing fees, fax expenses, long distance phone charges, postage, overnight mail expenses, trial exhibit preparation expenses, Attorney travel and expenses (including hotel and

MM: _____

WLM: _____

Page 1 of 4



EXHIBIT

"A"

meals), deposition fees, investigation fees, court reporter fees, expert fees and expenses, witness fees and expenses, witness and expert travel and expenses (including hotel and meals). Client will compensate Attorney for in-house photocopies at the rate of 15¢ per copy and faxes at the rate of $1.00 per page, both incoming and outgoing. These costs and expenses shall be paid after the Attorney's fee has been paid and shall be paid from Client's portion of the total recovered.

4.     All Attorneys fees, expenses and costs received pursuant to the Equal Access to Justice Act (EAJA) shall be deemed part of the "gross recovery" and shall be subject to the contingency fee and expense reimbursement discussed in paragraphs 2 and 3. All other attorney's fees, sanctions, expenses and costs recovered shall be paid one hundred percent (100%) to Attorney.

5.     Client expressly agrees that Attorney is not representing Client with respect to claims against or by any bonding company which may be involved in the subject matter of this contract. Client agrees that it is solely responsible for any and all payments made to any bonding company, regardless of whether or not there are recoveries obtained in this matter. Client agrees that any payments made to any third party claimant, including but not limited to a bonding company, shall be made from Client's share of any recoveries.

6.     Client agrees that Attorney shall have a first lien and privilege on all recoveries obtained in this matter, which shall prime any claim by any other entity, including but not limited to, claims of the Client, of other attorneys or those of any bonding company which may be involved in the subject matter of this contract.

7.     Client acknowledges that Attorney has made no promises or guarantees regarding

MM: _____

WLM: _____

Page 2 of 4

the outcome of this legal matter. In fact, Attorney has advised Client that litigation in general is risky, can take a long time, can be very costly and can be very frustrating. Client further acknowledges that Attorney shall have the right to cancel this agreement and withdraw from this matter if, in Attorney's professional opinion, the matter does not have merit, the matter does not have a reasonably good possibility of recovery, Client refuses to follow the recommendations of Attorney, Client fails to participate in the prosecution of this matter and timely respond to Attorney's requests, Client fails to follow the recommendation of Attorney and/or Client fails to abide by the terms of this agreement. In the event of withdrawal, attorney shall retain a lien and privilege for the value of Attorney services rendered and for any and all expenses incurred by Attorney.

8.    Neither Attorney nor Client may, without prior written consent of the other, settle, compromise, release, discontinue or otherwise dispose of any claim asserted by Attorney pursuant to this contract.

9.    In the event of any dispute or disagreement concerning this agreement or Attorney's representation of the matter, the parties agree to submit the dispute or grievance to arbitration by the Louisiana State Bar Association Lawyer Dispute Resolution Program. The parties further agree that any award by the arbitrator shall include the costs and expenses of arbitration, including attorney's fees. (If Attorney represents himself, he shall record his fees and charges as they would otherwise accrue in the representation of a third party and he shall be entitled to an award of attorney fees based on these representations). In the event that either party does not comply with the arbitrator's decision and satisfy the award within thirty (30) days of the

Page 3 of 4

MM: _____
WLM: _____

10/28/2003  11:25   0000000000                                    PAGE  05

rendering of the decision, and the other party must resort to judicial enforcement of the award,

the aggrieved party shall be entitled to recover ten percent (10%) of the whole amount awarded

by the arbitrator (including costs, expenses and attorney's fees) as a penalty in accordance with

Louisiana Civil Code Article 3106.

    10.    The parties acknowledge that they have read this agreement in its entirety and

agree that they understand the terms and conditions set forth herein.  The parties agree that there

are no other terms or oral agreements existing between Attorney and Client.  This agreement may

not be amended or modified in any way without prior written consent of Attorney and Client.


FOR McELWEE BROTHERS, INC. AND          FOR THE LAW OFFICES OF WILLIAM
TRI-STATE DESIGN CONSTRUCTION           MELANCON
COMPANY, A JOINT VENTURE


_____               _____
        SIGNATURE                               SIGNATURE

Melvin M.L. McElwee, Sr.                William L. Melancon
_____               _____
       NAME PRINTED                            NAME PRINTED

DATE: October 2, 2003                   DATE: ____10/3/03____


_____               _____
        WITNESS                                 WITNESS


                            Page 4 of 4


OCT-28-2003 TUE 11:17 AM 0000000000                              P. 05

1   course, there's another principal of contractual law that we

2   should not interpret contracts so that it would have an absurd

3   consequence.   To interpret it literally would mean that we

4   would have to actually litigate and ultimately resolve whether

5   or not the contract has been breached:

6           One, the contract with the government;

7           And, the joint venture.

8           Which would be an absurd consequence.

**EXHIBIT**

tabbies®

"B"

9           The Court also finds there's been a breach of the

10  indemnity agreement by the failure of McElwee to comply with

11  the indemnity provisions of the agreement.

12          So, I find that there has been a breach, insofar as

13  it relates to the government contract, only because I find that

14  the issuing of the notice of termination for default is

15  tantamount to breach, only for the limited purposes of

16  interpreting this contract.

17          And, I find that after culling through the contract,

18  combing through it, that the provision that I feel allows the

19  assignment of claims is Paragraph 3(E), which states:  "Any and

20  all percentages retained and any and all sums that may be due

21  or hereafter become due on account of any and all contracts

22  referred to in the bonds, and all other contracts, whether

23  bonded or not, in which the undersigned has an interest."

24          That is the broadest language in this contract, and it

25  refers to any contact and any sums that are due under those

1   contracts.  So, since the sums are assigned as a corollary, the

2   right to pursue those sums would be assigned to Great American.

3          Therefore, I'm going to issue a preliminary

4   injunction which would require that the joint venture, the

5   Defendants, refrain from either directly or indirectly

6   interfering with Great American's exercise of its rights under

7   the 1999 GIA and/or the 2002 GIA, except to assist Great

8   American in pursuit of the claims and the joint venture is

9   prohibited from taking any actions to the termination for

10  default and the claims, any further action.

11         I'm going to require that the joint venture produce

12  all records requested by Great American, although I find that

13  Mr. McElwee has done the best job he could in that regard.  I

14  don't fault him on the records, from what I've heard here

15  today.  But, it's part of the injunction, just to make sure

16  that Great American gets whatever he has in relation to

17  Exhibit 102, and anything else that may come up.

18         And, I'm going to issue an injunction requiring the

19  joint venture to cooperate with Great American in pursuing the

20  various claims, which is, frankly, in each of their best

21  interest, as I understand this rather convoluted process that

22  one must go through when the government is involved.

23         I'm going to hold it right there, and I'm going to ask Mr.

24  Shields:  Is there anything else that you would require?  And,

25  I'll think about it and I'll let Counsel argue me to render a

1  has taken over things from me in your Court also.  I'm not sure

2  about that --

3          THE COURT:  Nobody's done anything formally.  I, and

4  the Court have yet to get any paper telling me that, but that's

5  why you're on the phone.

6          MR. MELANCON:  And, Judge, she can't be here today,

7  and so I wanted to be here, but I guess technically I am not

8  counsel on these matters anymore.  I'm just hired to basically

9  bring the claim if it's somehow decided by the Fifth Circuit

10  that --

11          THE COURT:  Okay --

12          MR. MELANCON:  -- the claim belongs to the --

13          THE COURT:  The joint venture.

14          MR. MELANCON:  -- the joint venture.

15          THE COURT:  All right, Mr. Melancon, out of an

16  abundance of caution and courtesy, I'm going to allow you to

17  participate in the proceedings by listening as best you can,

18  but that's the extent of your participation.

19          And, Mr. McElwee, I guess you're on your own here.

20  And you know the Court's concern and I'll let you speak to

21  that, because you have a right to be heard, but the Court

22  issued an order saying Great American is going to do everything

23  -- Great American has the right and authority to bring these

24  claims and your only function is to cooperate with it.  And,

25  therefore, Great American has brought a Motion for Contempt,

EXHIBIT

"C"

# SHIELDS MOTT LUND L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
SUITE 2400
650 POYDRAS STREET
NEW ORLEANS
70130

LLOYD N. SHIELDS
LNSHIELDS@SHIELDSMOTTLUND.COM

ATTORNEYS ALSO ADMITTED
TO PRACTICE IN
DISTRICT OF COLUMBIA,
ILLINOIS, MISSISSIPPI,
MISSOURI, NEW YORK,
TEXAS & U.S.P.T.O.

TELEPHONE (504) 581-4445
TELECOPIER (504) 581-4440
WWW.SHIELDSMOTTLUND.COM

September 12, 2003

**VIA TELECOPY**

Mr. William L. Melancon
102 Versailles Boulevard
Suite 700
Lafayette, Louisiana 70501

   Re: SELA, Dwyer Road Drainage Pumping Station Improvements
     Discharge Tubes and Canal, Orleans Parish, LA
     McElwee Bros., Inc. & Tri-State Design Construction Company
     Contract No. DACW29-01-C-0035
     <u>Our Ref.:  33405-19</u>

Dear Bill:

   Confirming our telephone conversation of this morning, Great American Insurance Company owns any and all claims which the joint venture may have against the government, by virtue of the indemnity agreement and the law. That being the case, Great American will pursue the claims with its own resources, counsel, and experts. Neither you nor Mr. Myers are authorized by Great American to pursue those matters or any other rights belonging to Great American.

   Great American has many times requested and does by this letter again request the full cooperation of Melvin McElwee the joint venture in pursuing those claims. In that regard, please ask Mr. McElwee to immediately make available to Great American and/or its representatives the four filing cabinets of documents pertaining to the project.

   We are not aware that any of the claims must be submitted within the next few months. If you are aware of any fact or law which yields a contrary conclusion, such that the claims are due within the next few months, please let me know immediately.

   It is our understanding that the joint venture has not authorized anyone to pursue the claims. The basis of that statement is our understanding that the unanimity requirement of the Joint Venture Agreement has not been met in that regard.

**EXHIBIT**

"D"

SHIELDS MOTT LUND L.L.P.

Mr. William Melancon
September 12, 2003
Page 2

Regarding the termination for default, we need to discuss that Monday morning.   I will call you then.

Very truly yours,

Lloyd N. Shields

LNS:klf
cc:     Mr. David C. Kitchin (via telecopy)
        Mr. Joel Beach (via telecopy)
        Mr. Randall Fish (via telecopy)
        Mr. Gary Rouse (via telecopy)
        Mr. Bill Hinchman (via telecopy)
        Mr. Gary Schildhorn (via telecopy)
        Ms. Elizabeth L. Gordon
        Mr.  James A. Oswald
W:\Clients\33405-19\Correspondence\Melancon.001.wpd