UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**JOINT REPORT NO. 36 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 36.

I.  SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement

program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period.  The parties have jointly submitted a revised amendment to Pre-Trial Order 28 to allow service of notices for preservation of records by either certified or registered mailings.  On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies.  On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period.  Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

933187v.1

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Orders 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy, and other records relating to claimants' enrolling in the Vioxx Resolution Program.

933187v.1

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel to follow when seeking to withdraw from representation based on the grounds that a plaintiff cannot be found or fails to respond to communications from counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters.

On May 15, 2008, the PSC filed a Motion to Extend the Date of Implementation of Pre-Trial Order No. 6C requesting that the deadline for state court common benefit attorneys to submit time records and expense reports be extended to June 30, 2008. The Court granted the PSC's motion on May 21, 2008.

As announced at the January 18, 2008 monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments. A copy of the amendments is available on the Claim Administrator's website, http://www.browngreer.com/vioxx_settlement. Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008 for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation. A copy of the amendment is available on the Claims Administrator's website,

http://www.browngreer.com/vioxxsettlement.  In addition, the parties will be prepared to discuss these issues further at the monthly status conference on June 27, 2008.

## II. REGISTRATION AND ENROLLMENT OF CLAIMS IN THE SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  Merck has extended the enrollment deadline until June 30, 2008.  Brown & Greer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and other issues at the monthly status conference on June 27, 2008.

## III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

## IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

 On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  A meeting took place on March 5, 2008 with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program.  Special Master Juneau has advised that the Special

Masters will engage in a "run through" to ensure that the Special Master process will not delay the Settlement Program.

### V. STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through September 30, 2008.

### VI. CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court.

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed. The parties will be prepared to discuss this further at the monthly status conference on June 27, 2008.

### VII. DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA"). Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6). Counsel for FDA and PLC have been in communication regarding these subpoenas. On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in the possession of the FDA. On January 18, 2008, the Court entered an order granting the PSC's motion. On April 16, 2008, the FDA provided documents that it claims are responsive to the subpoena pursuant to agreement reached with the PSC. The PSC has reviewed the production and on May 20, 2008 communicated with counsel for the FDA to challenge many of

the assertions of privilege and the privilege log submitted by the FDA. The FDA advises that it will be supplementing its responses. The parties will be prepared to discuss this further at the monthly status conference on June 27, 2008.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In The Possession of Express Scripts, Inc. On May 14, 2008 a telephone status conference was held between the Court, ESI and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program. On June 24, 2008, another telephone status conference took place with the Court. The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program. If an agreement cannot be worked out with ESI, the PSC will be issuing additional subpoenas to ESI.

## VIII. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on June 27, 2008.

## IX. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se*

litigations and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on June 27, 2008.

### X.    MERCK'S MOTIONS

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on June 27, 2008.

### XI.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC. The PSC will be prepared to discuss this further at the monthly status conference on June 27, 2008.

933187v.1

XII.   VIOXX SUIT STATISTICS

As of March 31, 2008, Merck had been served or was aware that it had been named as a defendant in approximately 14,450 lawsuits, which include approximately 32,925 plaintiff groups alleging personal injuries resulting from the use of VIOXX, and approximately 260 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 9,200 lawsuits representing approximately 24,325 plaintiff groups are or are slated to be in the federal MDL and approximately 3,350 lawsuits representing approximately 3,350 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of March 31, approximately 12,760 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 21,000 plaintiff groups have been dismissed as of March 31, 2008. Of these, there have been more than 2,250 plaintiff groups whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts. More than 18,750 additional plaintiff groups have had their claims dismissed without prejudice. Of these, 11,800 plaintiff groups represent plaintiffs who had lawsuits pending in New Jersey Superior Court at the time of the Settlement Agreement described above and who have expressed intent to enter the program established by the Settlement Agreement; Judge Carol Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party).

- 9 -

Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

### XIII.  PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.  Several requests Pursuant to PTO 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who made proper requests.  The PSC will be prepared to discuss these issues further at the monthly status conference on June 27, 2008.

### XIV.  THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.  The parties will be prepared to discuss this further at the monthly status conference on June 27, 2008.

### XV.  MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The matter has not been set for hearing and the parties will be prepared to discuss a briefing schedule and hearing date at the monthly status conference on June 27, 2008.

### XVI.  TERMINATION OF TOLLING AGREEMENTS

Section 7.2 of the Settlement Agreement dated November 9, 2007 terminated the Tolling Agreement dated June 1, 2005 between Merck and the PSC with respect all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death and stroke claims.  On April 23, 2008, Merck provided notice that, pursuant to the

terms of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other claims effective 120 days from April 23.

### XVII. MOTION TO MODIFY AND/OR SUSPEND PRE-TRIAL ORDER NO. 28

On April 17, 2008, certain plaintiffs involving Kentucky and Indiana cases filed an Emergency Motion for Modification and/or Suspension of Pre-Trial Order No. 28. On April 23, 2008, Merck filed an opposition. On April 25, 2008, the Court convened a telephone status conference and ordered that the PSC add this issue as an agenda item, as well as ordering that the deadlines prescribed by Pre-Trial Order No. 28 is stayed for providing case specific expert reports until the next monthly status conference of May 22, 2008. Merck filed a supplemental opposition on May 19, 2008. The Court heard oral argument following the May 22, 2008 status conference. By Order & Reasons entered May 30, 2008, the Court granted in part and denied in part plaintiffs' motion. The Order extends the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008. The parties will prepared to discuss this further at the monthly status conference on June 27, 2008.

### XVIII. THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "Avmed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

933187v.1

On May 20, BrownGreer and US Bank National Association (plaintiffs' complaint names the incorrect party) moved to sever plaintiffs' claims. The motion has been briefed and is set for oral argument at the monthly status conference on June 27, 2008.

On June 9, 2008, the Avmed plaintiffs filed a motion for temporary restraining order and preliminary injunction. A telephone conference was held with the Court on June 11, 2008. The Court denied Plaintiffs' request for a temporary restraining order and set the request for a preliminary injunction for hearing at the monthly status conference on June 27, 2008. A further telephone conference was held with the Court on June 19, 2008. At the conference, the parties indicated that they do not need an evidentiary hearing in connection with the motion. The motion is set for hearing on June 27, 2008 with oral argument. The parties will be prepared to discuss these issues further at the monthly status conference on June 27, 2008.

Request has been made by plaintiff in the *Louisiana Attorney General v. Merck* matter that consideration be given by the Court to the pending Motion to Remand filed on behalf of the plaintiff. Counsel representing the plaintiff will be prepared to address the Court at that time.

**NEW ITEMS**

### XIX.   MERCK'S MOTION TO DISMISS CASES OF NON-REGISTRANTS

On May 29, 2008, Merck filed a Motion for an Order to Show Cause Why Plaintiffs' Cases Should Not be Dismissed for Non-Compliance With Pretrial Order 31. Merck filed an amended and superseding motion on June 18, 2008 to correct and update the affected cases. The matter has not been set for hearing and the parties will be prepared to discuss a briefing schedule and hearing date at the monthly status conference on June 27, 2008.

933187v.1

XX.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc.  Plaintiffs assert ERISA claims and other equitable and declaratory relief.  The parties have been in communication and responsive pleadings will be filed with the Court.  The parties will be prepared to discuss this further at the monthly status conference on June 27, 2008.

XXI.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis* | */s/ Dorothy H. Wimberly* |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| **Herman, Herman, Katz & Cotlar, LLP** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | **Stone Pigman Walther Wittmann L.L.C.** |
| New Orleans, LA  70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA  70130-3588 |
| FAX:  (504) 561-6024 | PH:    (504) 581-3200 |
| | FAX:  (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

933187v.1

- 14 -

**CERTIFICATE**

      I hereby certify that the above and foregoing Joint Status Report No. 36 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of June, 2008.

                                              */s/ Dorothy H. Wimberly*
                                              Dorothy H. Wimberly, 18509
                                              STONE PIGMAN WALTHER
                                              WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana  70130
                                              Phone:  504-581-3200
                                              Fax:     504-581-3361
                                              dwimberly@stonepigman.com

                                              Defendants' Liaison Counsel

933187v.1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

## MONTHLY STATUS CONFERENCE
## JUNE 27, 2008
## <u>SUGGESTED AGENDA</u>

I. Settlement Agreement

II. Registration of Claims in the Settlement Program

III. Lien Administrator

IV. Special Master and Deputy Special Masters

V. State Court Trial Settings

VI. Class Actions

VII. Discovery Directed to Third Parties

VIII. State/Federal Coordination -- State Liaison Committee

IX. *Pro Se* Claimants

X. Merck's Motions

XI. Issues Relating to Pre-Trial Order No. 9

XII. Vioxx Suit Statistics

XIII. PSC MDL Trial Package

- 1 -

933191v.1

XIV. Third Party Payor Cases

XV. Motion to Dismiss Foreign Individual Cases

XVI. Termination of Tolling Agreements

XVII. Motion to Modify and/or Suspend Pre-Trial Order No. 28

XVIII. Third Party Payors' Motion

**New Items**

XIX. Merck's Motion to Dismiss Cases of Non-Registrants

XX. 1199SEIU Greater New York Benefit Fund

XXI. Next Status Conference