UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

CURATOR'S STATUS REPORT NO. 3

Curator, Robert M. Johnston, Esq., submits this Status Report No. 3, in accordance with the Court's Order, dated February 12, 2008.

I.   **MAILINGS TO *PRO SE* CLAIMANTS**

Since the filing of Curator's Status Report No.1, my office continues to receive numerous inquiries from *pro se* claimants.  As instructed in the Court's Order appointing *Pro Se* Curator, we continue to assist potential claimants in navigating the settlement program.  As anticipated in Report No. 2, the number and complexity of inquiries received by my office has increased as the deadline for claims package submission approaches.  As set forth more fully below, a new subset of communications have been received from claimants represented by counsel, but who have received a version of the redacted letter attached as Exhibit A.  These communications typically require between thirty (30) and fifty (50) minutes per call, and often require several follow up calls to

counsel of record for the claimant, as well as to update the represented claimant to assure they are aware of the pending deadlines under the settlement agreement.

We continue to receive contact by potential claimants whose names do not appear in the spreadsheets received from Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC"), or the Claims Administrator, which were used to send the Curator's initial mailings. These callers are seeking information and documents needed to register and enroll in the settlement program. As discussed in our last report, in response to these communications, we have directed the potential claimants to the Claims Administrator's website, and transmitted an additional five (5) mailings, for a total of sixty-four (64) mailings consisting of the registration affidavit, instructions, registration checklist, and summary of the settlement agreement. It should be noted, however, that as to any request received prior to June 24, 2008, it was unclear to the Curator whether any of these potential claimants could meet the initial eligibility requirement for the settlement program; namely proof of either the filing of a lawsuit or qualifying claim, or inclusion in a tolling agreement before November 9, 2007. On June 24, 2008, we received a list of presumptively intelligible claimants who will be receiving notification from the Claims Administrator that Merck has no record of either the filing of a suit or tolling agreement, as to their claim. After receipt of this information , we have informed new callers on this list that they will soon receive notification of their presumptive ineligibility, and that they have a limited amount of time (twenty days), to rebut this presumption by proof of the filing of a lawsuit or tolling agreement prior to November 9, 2007.

As noted in Report No. 2, in light of the July 1, 2008 deadline for claims package submissions, we collaborated with the Claims Administrator regarding the preparation and mailing of instructions and claims forms tailored to the particular needs of *pro se* claimants, as well as the

retrieval of documents on file with the Litigation Medical Records Depository (LMRD). The Claims Administrator has been extremely cooperative and efficient in meeting our request to determine which of these claimants have documents on file with the LMRD, and has recently forwarded any LMRD records, in hard copy, on file for each *pro se* claimant, along with the *pro se* claims form and instructional cover letter, that had filed a lawsuit or entered into tolling agreement before November 9, 2007. We have received calls from claimants who have received these materials within the past few days and have confirmed their understanding that these claimants must now: provide the information requested in the claims form; attach any additional required medical, pharmacy, event, or other records; certify the completeness and accuracy of the claims submission; and submit the entire claims submission package to the Claims Administrator in an extremely short time-frame, namely by the July 1, 2008 deadline, as the deadline has not been extended by the parties. As discussed below, we recommend that the July 1, 2008 deadline for submission of claims form packages be extended for a period not less than sixty (60) days for any *pro se* claimant or for any claimant who received a letter similar to that attached as Exhibit A.

## II. RETURNED AND UNDELIVERABLE MAIL

As discussed in prior reports, we continue to monitor returned and undeliverable mailings sent to both unregistered and registered potential *pro se* claimants. As of the date of this status report, no additional Curator mailings have been returned undeliverable.

Similarly, we have forwarded those mailings which were returned because of a known, but expired request to forward mail, and if any are returned undeliverable, a legal notice will be published in the local newspaper of the individual's last known address and forwarding address, for three consecutive days. None have yet been returned.

In addition to the legal notice publications for the Curator's returned mailings, we have undertaken to publish legal notices for seventy-two (72) additional *pro se* claimants, for a total of 247 legal notice publications either in progress or completed. These seventy-two (72) claimants were sent certified mailings by counsel for Merck, attempting to inform them of the termination of the agreement, but these "tolling termination letters" were returned undeliverable. After seeking guidance and consultation with counsel for Merck, for those tolling termination letters returned as "unclaimed" or "refused," we are not publishing legal notices, but are forwarding a copy of both the envelope and enclosure via regular mail to the last known address of the claimant. If any communication is received from these claimants, we will attempt to confirm the claimant(s)' contact information is correct and will report to the parties and Claims Administrator.

### III.   LEGAL NOTICE PUBLICATIONS

We have identified and made contact with a majority of the newspapers in which legal notices will be published. As the publications occur, we have requested, and are receiving affidavits of publication from the newspaper, both certifying the dates of publication, and providing a copy of the notice published. These affidavits are maintained in the *Pro Se* Curator's file and will be submitted to the Court upon completion of all legal notice publication as part of the Curator's Certification. Despite the fact that approximately 100 legal notices have been published, as of the date of this report, we have only received five (5) communications from persons claiming to have knowledge of the whereabouts of any potential claimant for whom we have incomplete, inaccurate, or non-existent contact information. Of those five (5), only two (2) were the potential claimant themselves, and those two have been forwarded the registration package and tolling termination letter. The remaining communications were from persons unwilling to give contact information for

the claimant, but who stated that they would "pass along" the Curator's contact information to the claimant. For both claimants for which new contact information has been received as a result of the publication of these legal notices, we have forwarded that information to both the Claims Administrator and counsel for Merck, so that future communications can be sent directly. If new information is received in future, we will continue to act accordingly.

### IV.  CURATOR'S COMMUNICATIONS

My firm continues to receive numerous telephone calls, emails, facsimiles, and correspondence from potential claimants in the Settlement Program. These communications have been logged in an internal communications log, and are also being entered into the online communications log, previously described, on a rolling basis. Specifically, all communications through May 21, 2008 have been entered into the online log, and are available through the Claims Administrator's portal.

Upon information and belief, this information will be available and searchable to everyone possessing a valid login and password to the Claims Administrator's Vioxx Portal. We defer to the Claims Administrator as to the requirements to access this information, as well as maintenance of appropriate data back-up services.

With regard to written communications and documents forwarded by potential *pro se* claimants via U.S. Mail, facsimile, electronic mail, and private shipping companies (Federal Express, DHL, and UPS), we continue to forward all documents received by my office, on a rolling basis, to the Claims Administrator, both via electronic mail as a PDF attachment, and via overnight delivery, in order to assist in compliance with the deadlines set forth in the Settlement Agreement, and extensions agreed to by the parties. A copy of these communications and documents is also

maintained in the Curator's file.

We have received calls from one (1) additional potential claimant who is Spanish-speaking, for a total of three (4) Spanish-speaking contacts. As previously reported, our firm employs a bilingual attorney, and thus, we continue to provide information and assistance to these potential claimants to allow them comply with the requirements of the Settlement Program, despite their inability to speak English. All other calls have been from English-speaking persons.

## V.   VIOXX LITIGATION CONSORTIUM AND SIMILAR LETTERS

As previously reported, we continue to receive a significant number of inquiries from claimants who have received letters from their attorneys seeking either to withdraw from representation, or cease work on their claim. We have been provided by many such claimants, copies of the form letters they have received. A redacted example of one such letter is attached hereto as Exhibit A. For those claimants whose suits are part of the MDL, we have been able to advise them of the status of any Motion to Withdraw which has been filed by the Court, as well as the requirements of Pretrial Order 36. As previously reported, these claimants remain represented, as these Motions to Withdraw have either have not been filed, have been denied, or require supplementation to comply with Pretrial Order 36. As the legal delays required in that order mandate that the Motions to Withdraw cannot be granted in time for the claimant to gather and submit the records and documents required to complete the claims form submission by the July 1, 2008 deadline, we have recommended that the deadline for claims package submission for any person receiving a letter similar to Exhibit A, as well as any pure *pro se* claimant, be extended by at least sixty (60) days. As this deadline has not been extended, we continue to advise these callers to make contact with their attorneys to attempt to cure any alleged lack of communication or lack of

documentation, as well as to make every effort complete the claims package submission and submit same to the Claims Administrator before the July 1, 2008 deadline. In several instances, we have received permission from the claimant to contact their attorney directly, and after discussing the matter with counsel, they have agreed to submit the claims package for the claimant.

We have also forwarded to the Claims Administrator approximately forty (40) requests by these callers for a *pro se* claims form and LMRD records to be forwarded so that the claimant may attempt to comply with the July 1, 2008 deadline. Upon belief, none of the requested claims forms or LMI records have been sent because of ongoing discussions between the Claims Administrator and counsel for the Parties. We defer to the Claims Administrator and counsel for the parties to discuss further.

As these calls continue, we will continue to take note of callers who have received these letters who request that the Claims Administrator forward the *pro se* claims forms, and will forward said requests accordingly.

## VI.   REFERRAL ATTORNEY LIST

As part of the Court's February 12, 2008 Order, the Curator has the responsibility of advising "the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides." *See* Document No. 13365, Page 3. As previously reported, we have been provided with information from the PLC regarding attorneys handling Vioxx matters in various jurisdictions, have reorganized this information into a list, sorted by location, of attorneys handling Vioxx matters, and continue to provide this information, as required by the Court's Order, to *Pro Se* Claimants requesting same.

**VII.     PRESENTATION AT NEXT STATUS CONFERENCE**

Curator and associate attorneys, will be available to discuss the above, as well as to address any questions, at the monthly status conference, currently scheduled for June 27, 2008.  Additionally, we will be available for all future status conferences, as dates are selected by the Court.

        Respectfully submitted,

        **JOHNSTON, HOEFER, HOLWADEL**
          **& ELDRIDGE**

          /s/ Robert M. Johnston
        **ROBERT M. JOHNSTON  (#7339)**
        601 Poydras Street, Suite 2490
        New Orleans, Louisiana 70130
        Telephone: (504) 561-7799
        Facsimile: (504) 587-3794
        **rmj@ahhelaw.com**
        *Pro Se* **Curator**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Curator's Status Report No. 3 has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of June, 2008.

          /s/ Robert M. Johnston
        **ROBERT M. JOHNSTON  (#7339)**