# THE VIOXX® LITIGATION CONSORTIUM[1]

PROVOST ★ UMPHREY
LAW FIRM L.L.P.

WATTS LAW FIRM L.L.P.

WILLIAMS KHERKHER
HART & BOUNDAS, L.L.P.

RANIER, GAYLE & ELLIOT
L.L.C.

THE KAISER FIRM,
L.L.P.

P.O. Box 56708, Houston, Texas 77256-6708
Telephone: 1-800-706-8587 or 713-403-7800
Facsimile: 713-960-6095  Email: info@vioxxgroup.com
Attorneys may not be certified by the Texas Board of Legal Specialization

June 2, 2008

CERTIFIED MAIL

Re:                              Potential Vioxx® Claim

Dear Vicki:

    We previously sent you several letters notifying you of difficulties with this case and we also requested your input regarding how you would like to proceed with this case. In addition, we advised you that if we did not hear from you, and if you did not cooperate in providing us with the information we requested, we would <u>not</u> be able to represent you, we would <u>close this file</u>, and we <u>would not take any other action</u> on your behalf. Since that time, we did not receive the requested information. We therefore could not resolve the problems with this case and we were not able to proceed with this case, or we did not receive a response from you as to how you would like to proceed with this case.

    After we sent the letters mentioned above, Merck & Co., the maker of Vioxx®, announced an offer to settle certain Vioxx® claims. Even though we do <u>not</u> believe this case will qualify for payment, we enrolled you into the Vioxx® Settlement to preserve your *possible* rights under the Settlement. Because you have not provided the assistance we need to resolve the problems associated with this case, and because we do not believe this case will qualify under the settlement, you are hereby formally notified that we will take no other action to collect additional documentation associated with this case. Furthermore, we will take no further action on this case once it is submitted to the Claims Administrator. So that there is no misunderstanding, we will:

1. <u>NOT</u> try to obtain any more medical or pharmacy records for this case;
2. <u>ONLY</u> submit the records we currently have in this file as part of this Claims Package (medical, pharmacy and other records) to the Claims Administrator;
3. <u>NOT</u> respond to any Claims Package deficiencies from the Claims Administrator associated with this case; and
4. <u>NOT</u> take any other action on your behalf.

[1]This is not a partnership of the attorneys specified above; it is a consortium of attorneys working together on the development of the Vioxx® claims.

If you can provide the additional pharmacy and medical records that we requested in the previously sent letters (1) that I _____ had a heart attack or stroke and/or (2) the pharmacy, insurance, or medical records that prove I _____ took Vioxx® at or around the time of their injury, and would like for us to submit these additional records as part of this Claims Package to Merck, you need to send these documents to us. Please mail those documents to The Vioxx® Litigation Consortium, P.O. Box 56708, Houston, Texas 77256-6708, ATTN: Claims Processing Dept JDF. **We must receive your documents in our office no later than June 15, 2008. Requests received after June 15, 2008 will not be processed.**

Federal Judge Eldon Fallon, who oversees the Vioxx® Settlement, has appointed attorney Robert M. Johnston to assist Vioxx® claimants who do not have an attorney. **IF YOU WANT TO PURSUE YOUR POSSIBLE RIGHTS IN THE VIOXX® SETTLEMENT, WE STRONGLY URGE YOU TO CONTACT MR. JOHNSTON OR ANOTHER ATTORNEY OF YOUR CHOOSING IMMEDIATELY TO PROTECT YOUR RIGHTS.**

Mr. Johnston's telephone number is: 504-561-7799 and his email address is rjm@ahhelaw.com. **AGAIN, WE STRONGLY URGE YOU TO CONTACT MR. JOHNSTON OR ANOTHER ATTORNEY IMMEDIATELY IF YOU WISH TO PURSUE YOUR POTENTIAL RIGHTS UNDER THE VIOXX SETTLEMENT.**

Lastly, with regard to your lawsuit, we filed your lawsuit in New Jersey State Court in Atlantic City, New Jersey, because Merck is headquartered in New Jersey. Her Honor Judge Carol E. Higbee presides over this case. Judge Higbee recently notified us that she intended to dismiss this case (and every other Vioxx® case pending in her court that was enrolled in the Vioxx® Settlement). She is dismissing this case while the Vioxx® Settlement Claims Administrator determines whether this case qualifies for the Settlement. A copy of Judge Higbee's letter (with attachments) is enclosed for your information.

As Judge Higbee states in her letter and draft order, the dismissal of this case is "without prejudice" to your having it reinstated. This means that if the Claims Administrator denies this Vioxx® Settlement claim, this case can be "re-activated" quickly, at no cost to you, and that this case can continue to be pursued with the same rights you had before the dismissal. If Merck's Claims Administrator denies this claim and you want to reinstate this lawsuit, a Certification Supporting Reinstatement[1] must be filed in Judge Higbee's Court. A copy of this form is enclosed as an attachment to Judge Higbee's letter. **This reinstatement form cannot be filed until Merck's Claims Administrator has denied this claim.**

Again, if you can provide the additional pharmacy and medical records that we requested in the previously sent letters (1) that _____ had a heart attack or stroke and/or (2) the pharmacy, insurance, or medical records that prove _____ took Vioxx® at or around the time of their injury, and would like for us to submit these additional records as

---

[1] With your Certification, you must also file a proposed order reinstating your case and a copy of the letter from Merck or the Claims Administrator returning your Release and Dismissal with Prejudice Stipulation.

part of this Claims Package to Merck, you need to send these documents to us. Please mail these to The Vioxx® Litigation Consortium, P.O. Box 56708, Houston, Texas 77256-6708, ATTN: Claims Processing Dept JDF. **We must receive your documents in our office no later than June 15, 2008. Requests received after June 15, 2008 will not be processed.**

IF YOU DO NOT PROVIDE THE REQUESTED INFORMATION TO ASSIST US WITH THIS CASE, YOU ARE HEREBY FORMALLY NOTIFIED THAT WE WILL NOT TAKE ANY ACTION TOWARD REINSTATING THIS CLAIM AND THAT IF YOU WISH TO HAVE IT REINSTATED, YOU MUST FIND ANOTHER ATTORNEY OR REPRESENT YOURSELF.

There is a deadline for filing a Certification Supporting Reinstatement: YOUR CERTIFICATION MUST BE FILED AT THE COURTHOUSE NO LATER THAN NINETY (90) DAYS AFTER THE RELEASE OF YOUR CLAIMS THAT WAS FILED WITH THE CLAIMS ADMINISTRATOR IS RETURNED TO YOU. IF YOU THINK YOU WILL WANT TO REINSTATE THIS CASE, WE STRONGLY URGE YOU TO FIND ANOTHER ATTORNEY OF YOUR CHOOSING, OR CONTACT MR. JOHNSTON–TO REPRESENT YOU.

We are sorry that we were not able to represent you in this potential Vioxx® claim. If you feel that we can ever assist you in another matter, please contact us at 1-800-706-8667.

Sincerely,

Provost ✶ Umphrey Law Firm, L.L.P.
Williams Kherkher Hart Boundas, L.L.P.
Ranier, Gayle & Elliot, L.L.C.
The Watts Law Firm, L.L.P.
The Kaiser Firm, L.L.P.

023942FT.




Feb 20 2008
3:25PM

## SUPERIOR COURT OF NEW JERSEY
COUNTIES OF
ATLANTIC AND CAPE MAY

1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 343-2190

CAROL E. HIGBEE
Judge

February 20, 2008

To:   All VIOXX® Counsel

Re:   In re VIOXX® Litigation
      Case No. 619

Dear Counsel:

I realize that most of you are very busy making decisions concerning the settlement agreement. I just want to advise you that for those cases that are enrolled in the settlement the court intends to enter an Order of Dismissal Without Prejudice. A separate Order for each case that is enrolled in the settlement program will be sent to the court by Merck. A copy of the form of the Order is attached to this letter as Exhibit A. As you can see, the order will provide protection to your clients.

In cases where reinstatement is appropriate, you will be required to file a Certification Supporting Reinstatement. The form of the required Certification Supporting Reinstatement is attached as Exhibit B, and the form Order of Reinstatement is attached as Exhibit C. There will be no fee associated with filing such certification and the case will be reinstated without cost. If the case is reinstated, it will have its original docket number and the commencement date will relate back to the original filing of the complaint.

I am send this letter simply to make you aware of the fact that the Order of Dismissal will be entered and that the Order is being submitted by Merck at my request. The Order of Dismissal Without Prejudice is not mentioned in the settlement agreement. It is something that the court has ordered. However, when you review the Order, you will see that it is worded in such a way that reinstatement, if appropriate, can easily be accomplished without cost to you or your client.

Very truly yours,

CAROL E. HIGBEE, P.J.Cv.

CBH:cm
Enclosures

   "The Judiciary of New Jersey is an Equal Opportunity/Affirmative Action Employer"   

|                                | SUPERIOR COURT OF NEW JERSEY |
|                                | LAW DIVISION: ATLANTIC COUNTY |
| [Individual case name],        |                              |
|          Plaintiffs,           | DOCKET NO. ATL-L-XXXX--0X-MT |
|                                |                              |
|     vs.                        | CASE NO. 619                 |
|                                |                              |
| Merck & Co., Inc.,             | CIVIL ACTION                 |
|                                | VIOXX® LITIGATION            |
|          Defendant.            |                              |
|                                | **ORDER OF DISMISSAL WITHOUT** |
|                                | **PREJUDICE**                |

**THIS MATTER** having been raised by the Court *sua sponte* with the form of this Order agreed to by Plaintiffs and Defendant, and for good cause shown,

**WHEREAS**, Merck & Co., Inc. ("Merck") and the Plaintiffs' Negotiating Counsel have entered into a Master Settlement Agreement to resolve certain Vioxx claims. Pursuant to the Agreement, a plaintiff may enroll in the program by submitting certain documentation to a Claims Administrator (the law firm of BrownGreer). There is a process in place to determine whether each individual claim is eligible for payment. Merck will be filing stipulations of dismissals with prejudice pursuant to Section 7.3 of the Master Settlement Agreement in some cases, which may or may not include this case;

IT IS on this _____ day of _____ 2008,

**ORDERED** as follows:

1. Due to the unique nature of the process established by the Master Settlement Agreement, the Court dismisses this case without prejudice effective immediately pending a final determination of the Plaintiffs' claim under the provisions of the Master Settlement Agreement. The Court is taking no position on the ultimate outcome of that claim.

2. Subject to Section 7.3 of the Master Settlement Agreement, Merck might file a stipulation of dismissal with prejudice for this case. If this occurs, the case shall be dismissed with prejudice pursuant to that stipulation.

3. If Plaintiff's signed Release and Dismissal with Prejudice Stipulation are returned by Merck or the Claims Administrator to the Plaintiff in accordance with the terms and conditions of the Master Settlement Agreement, then Plaintiff may reinstate the case by filing within ninety (90) days the approved (1) Certification Supporting Reinstatement attaching the cover correspondence from Merck or the Claims Administrator and (2) form of Order. (The approved Certification Supporting Reinstatement and form of Order are attached to this Order.) There will be no fee associated with the filing of such certification and the case will be reinstated without cost or further procedure. If the case is reinstated, it shall carry its original docket number and the date of its commencement shall be deemed to be the filing date of the original complaint.

_____
HON. CAROL E. HIGBEE, P.J.Cv.

|  | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| [Individual case name], | LAW DIVISION: ATLANTIC COUNTY |
| Plaintiffs, | DOCKET NO. ATL-L-XXXX--0X-MT |
| vs. | CASE NO. 619 |
| Merck & Co., Inc., | CIVIL ACTION<br>VIOXX® LITIGATION |
| Defendant. | CERTIFICATION SUPPORTING REINSTATEMENT |

_____ by way of certification in lieu of affidavit says:

1. I am counsel for the above-referenced plaintiff. Plaintiff's claim was submitted to the Resolution Program established by the Master Settlement Agreement for review by the Claims Administrator.

2. In accordance with the rules and procedures established by the Master Settlement Agreement, plaintiff's claim was denied by the Claims Administrator, and plaintiff's signed Release and Dismissal with Prejudice Stipulation have been returned to plaintiff. The correspondence reflecting the return of plaintiff's Release and Dismissal with Prejudice Stipulation is attached to this Certification.

3. Pursuant to paragraph 3 of the Order of Dismissal without Prejudice entered in the case, plaintiff requests that his case be reinstated, without cost or further procedure, and assigned the docket and commencement date originally assigned to the case.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
[name]

| | |
|---|---|
| [Individual case name], <br><br> Plaintiffs, <br><br> vs. <br><br> Merck & Co., Inc., <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ATLANTIC COUNTY <br><br> DOCKET NO. ATL-L-XXXX--0X-MT <br><br> CASE NO. 619 <br><br> CIVIL ACTION <br> VIOXX® LITIGATION <br><br> **ORDER OF REINSTATEMENT** |

**THIS MATTER** having been raised by Plaintiff because the case was dismissed without prejudice by a prior Order that contemplated possible reinstatement of the case in certain circumstances, and for good cause shown,

IT IS on this _____ day of _____ 2008,

**ORDERED** as follows:

1. This case is reinstated without cost or further procedure. The case shall continue to carry its original docket number and the date of its commencement is deemed to be the filing date of the original complaint.

_____
HON. CAROL E. HIGBEE, P.J.Cv.