UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This Document Relates to All Cases | § | JUDGE FALLON |
| | § | |
| | § | MAGISTRATE JUDGE KNOWLES |

## CERTAIN PLAINTIFFS' SUPPLEMENT TO JOINT REPORT NO. 36 REGARDING NON-ENROLLED CASES AND REQUEST FOR APPOINTMENT

**MAY IT PLEASE THE COURT:**

Late yesterday afternoon, the undersigned received a copy of the Joint Status Report No. 36 through Lexis Nexis File and Serve. That Report provides at Section XVII as follows:

> XVII. MOTION TO MODIFY AND/OR SUSPEND PRE-TRIAL ORDER NO. 28
>
> On April 17, 2008, certain plaintiffs involving Kentucky and Indiana cases filed an Emergency Motion for Modification and/or Suspension of Pre-Trial Order No. 28. On April 23, 2008, Merck filed an opposition. On April 25, 2008, the Court convened a telephone status conference and ordered that the PSC add this issue as an agenda item, as well as ordering that the deadlines prescribed by Pre-Trial Order No. 28 is stayed for providing case specific expert reports until the next monthly status conference of May 22, 2008. Merck filed a supplemental opposition on May 19, 2008. The Court heard oral argument following the May 22, 2008 status conference. By Order & Reasons entered May 30, 2008, the Court granted in part and denied in part plaintiffs' motion. The Order extends the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008. The parties will prepared to discuss this further at the monthly status conference on June 27, 2008.

The Court is aware of the undersigned's counsel's interest in this motion. Counsel believed that the parties were still in the process of gathering statistical and other information about the non-enrolled cases. When the Court canceled the status conference of June 18, 2008 (which counsel had planned to attend), Counsel was under the impression that the Court had resolved to the Court's satisfaction (at least for the present) the question of the Motion to Modify PTO 28. Counsel had not planned to attend the Status Conference on June 27, 2008, thinking that the June 18, 2008, status conference had been in lieu of other scheduling, and (as mentioned) also believing that the Court canceled the June 18 conference because the issue did not need further discussion at this point.[1]

At the Court's direction, the undersigned counsel participated in a conference call on May 27, 2008, with Merck's counsel (Messrs. Marvin and Mayer). Also attending were five members of the PSC, all of whom constitute the entirety less one of the Negotiating Plaintiffs Committee of the Master Settlement Agreement. That conference call was followed by a private conference call among all the same persons but without Merck's counsel. On May 28, 2008, the undersigned had a telephone conference with Mr. Leonard Davis regarding dissemination of certain items of information and requests for information to all plaintiffs counsel participating tin the MDL. On June 18, 19 and 20, 2008, the undersigned had further conferences with Mr. Marvin but no contact again from the PSC until late last night (June 25, 2008), when it was

---

[1] Counsel would even at this late date make arrangements to travel to New Orleans for the upcoming Status Conference were it not for a family reunion in Washington State planned by her 87 year old father at which she (counsel) is to be chief cook and bottle washer, and for which counsel is departing on June 26, 2008.

determined that the parties were not on the same page about what information would be communicated.

The undersigned has requested from Merck information regarding the number of pending non-enrolled cases. Some estimates have been provided and others have not. The undersigned is in the process of complying with PTO 28 on her cases. The undersigned has received many, many inquiries from attorneys throughout the country about this issue. The undersigned has voluntarily suggested ways information can be shared so that these counsel's efforts to comply with PTO 28 and continue their clients cases can be facilitated, not frustrated. The universal perception of the attorneys with whom counsel has spoken is that they feel abandoned by the PSC.

The undersigned requested the Trial Package as soon as it was available and received it on June 18, 2008. The transmittal letter informs the recipient that dates for a visit to the repository can be obtained in "late July, August and September."[2]

Given the incipient dates for Claims Package submission under the Resolution Program, and the fact that the dates for compliance with PTO 28 stretch into August, 2008, counsel requests that the Court schedule the topic of handling the non-enrolled cases for either the next status conference or for a time certain. The undersigned further requests the Court to appoint her as a Special Liaison to the Court with regard to issues pertaining to the non-enrolled cases. This request is made with all diffidence, and with considerable respect to those members of the PSC who have brought the claims of most MI and IS plaintiffs so far. No one on the PSC, however, advocates now for those non-enrolled cases. Mr. Herman made it clear on May 22, 2008, that

---

[2] If the Trial Package is as complete as it has been represented, a visit to the repository should not be necessary until later in the cases, if at all.

the PSC/NPC had negotiated away the objections the non-enrolled plaintiffs would have had to the onerous deadlines they faced as their counsel were almost completely distracted by the Resolution Program deadlines, all as a quid pro quo to achieve settlement of the MI and IS cases:

> 24      MR. HERMAN: May it please the Court, the next matter
> 25   on Your Honor's Status Conference today is at page 13. It's
>
> 1    item 2008. It's a Motion to Modify and/or Suspend Pretrial
> 2    Order Number 28 which may be characterized generically as a Lone
> 3    Pine type of order. I understand Mr. Beisner will argue for
> 4    Merck, and co-lead, Andy Birchfield, and Arnold Levin for
> 5    plaintiffs.
> 6       As a chair of the Plaintiffs Negotiating Committee, I
> 7    do want to introduce this subject with one brief statement. And
> 8    that is, with the state of the law in class actions, defense
> 9    counsel and plaintiff counsel always find themselves like owls [read "Alice"]
> 10   going through the looking glass. And as a result, you really
> 11   are in the realm of quid pro quo. In this case the quid for
> 12   plaintiffs was no causation proof in regards to settlement.
> 13   That was a primary aspect, that and quick payment.
> 14      For the defendants, one of their primary
> 15   considerations was -- two of their primary considerations, while
> 16   they would only talk about MI, and after some time then ischemic
> 17   stork [read "stroke"], and, secondly, Lone Pine-type orders. And I say that
> 18   because I think it's important for folks listening in to know
> 19   that these were important considerations in connection with the
> 20   negotiation of the Settlement Agreement.

Hearing of May 22, 2008; Transcript, at 47-48.

The good work those counsel did in negotiating for *some* of the cases in this MDL is not minimized by the observation that they are now in an untenable position and cannot be expected to be zealous advocates against Merck as it tries to dispose of the rest of the claims against it in this MDL by utilizing those *quid pro quos* and the requirements of PTO 28.

Ms. Oldfather's *curriculum vita* is attached at TAB 1.

Respectfully submitted,

*(signature)*

Ann B. Oldfather
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY 40208
502.637.7200
502.637.3999 (facsimile)
aoldfather@oldfather.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on June 26, 2008.

*(signature)*

Kentucky Bar No. 52553
Ann B. Oldfather
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY 40208
502.637.7200
502.637.3999 (facsimile)
aoldfather@oldfather.com

**TAB 1**

# ANN B. OLDFATHER                                              *CURRICULUM VITAE*

| | |
|---|---|
| Office: | Home: |
| Oldfather Law Firm | 5811 Orion Road |
| 1330 South Third Street | Louisville, KY 40222 |
| Louisville, KY 40208 | (502) 326-0844 |
| (502) 637-7200 | |
| (502) 637-3999 (fax) | |
| aoldfather@oldfather.com | |

*Employment* (post graduate school)

| | |
|---|---|
| Wyatt, Grafton and Sloss, associate, | 1976-1980 |
| Wyatt, Tarrant and Combs, associate, | 1980-1982 |
| Wyatt, Tarrant and Combs, partner, | 1982-1984 |
|     2800 Citizens Plaza, Louisville, KY 40202 | |
| Ann B. Oldfather, solo practitioner | October, 1984-1985 |
| Oldfather & Morris, partner, | 1986-2006 |
|     1330 South Third St., Louisville, KY 40208 | |
| Oldfather Law Firm | 2007- |
|     1330 South Third St., Louisville, KY 40208 | |

## Education

| | |
|---|---|
| Mount Holyoke College, | |
| South Hadley, MA | A.B., 1971 |
| University of Kansas, Kansas City and | |
| Lawrence, KS | 1970-1971 |
| Brandeis School of Law, University of Louisville | |
| Louisville, KY | J.D., 1975, *magna cum laude* |

## *Awards and Recognition*

*Best Lawyers In America*: every year from 1994 to date. In the 2007 edition, listed in five specialties: Personal Injury Litigation, Medical Malpractice, Mass Tort Litigation, Legal Malpractice and Family Law, published by Woodward/White, Inc.

*Martindale Hubbell Rating:* A-V since 1980s

Recipient: 2001 Kentucky Academy of Trial Attorneys *Peter Perlman Trial Lawyer of the Year*

Fellow, International Academy of Trial Lawyers (elected 2004). Limited to 500 lawyers worldwide.

Fellow, American Board of Trial Advocates

Board Certified Civil Trial Advocate, by the National Board of Trial Advocacy

Appointment as Special Justice, Kentucky Supreme Court, 1990. Participated in the decision of, and/or authored opinions in: *Hamilton v. Comm.*, 799 S.W.2d 39 (1990); *Taylor v. Comm.*, 799 S.W.2d 818 (1990); and *Wood v. Wingfield*, 816 S.W.2d 899 (1991).

Recipient: 1988, University of Louisville Distinguished Law Alumni Award.

Recipient: 1990, University of Louisville Outstanding Law Alumni Service Award.

Recipient: 1997, Brandeis School of Law Alumni Fellow Award.

*Who's Who in the World*: 17th Edition 2000 (Millenium Edition) published by Marquis Who's Who.

Elected: 2007, **KENTUCKY** *Super Lawyers*. Also, elected in Top Ten of Kentucky Super Lawyers and Second Top Point Getter Statewide.

## *Reported Cases*

*West v. Goldstein*, Ky., 830 S.W.2d 379 (Ky. 1992)

*McKee v. Humana of Kentucky, Inc.*, Ky. App., 834 S.W.2d (Ky. 1992)

*Clark v. Young*, Ky. App., 692 S.W.2d 285 (Ky. 1985)

*Giuliani v. Guiler*, Ky., 951 S.W.2d 318 (Ky. 1997)

*Cullinan v. Abramson*, 128 F.3d. 301 (Sixth Cir. 1997)

*Hasken, et al. v. City of Louisville*, 173 F.Supp. 2d 654 (W.D. Ky. 2001)

*Farkas v. Bridgestone/Firestone, Inc*, 113 F. Supp. 2d 1107 (Ky. 2000).

*Kentucky Kingdom Amusement Co. v. Belo Kentucky, Inc.*, 179 S.W.3d 785, 33 Media L. Rep. 2350 (Ky. 2005)

Kemper v. Gordon, June 19, 2008, Supreme Court of Kentucky, *to be published*

## *Admitted to Practice*

U.S. Supreme Court
Supreme Court of Kentucky
U.S. District Courts for the Eastern and Western Districts of Kentucky
U.S. Court of Appeals, Sixth Circuit

*Professional Memberships*

    Kentucky Bar Association

    Louisville Bar Association

    American Bar Association

    American Association for Justice

    Kentucky Association for Justice, former Board Member

    International Academy of Trial Attorneys, Fellow (2004)

    American Board of Trial Advocates; Member and Kentucky Chapter President, 1998, 1999

    Master of The Bar, Louis D. Brandeis Chapter, American Inns of Court, 1996-present

    Jefferson County Women Lawyers Association; Member and former President and Vice-President

    Brandeis Society, University of Louisville School of Law

    University of Louisville Law Alumni Council, Member and former President

*Civic Associations*

    University of Louisville, Board of Overseers

    Citizens for Better Judges

    Hospice of Louisville; Board Member, 1983-1987

    The Jefferson Club; former member Board of Governors

    E. P. Tom Sawyer Foundation, Board Member, 1986-1992

## SPEAKING ENGAGEMENTS

| | |
|---|---|
| June 6, 2008 | "Hark! What Claims Lurk in that "Employment" Case?", Kentucky Justice Association, Louisville, KY |
| September 14, 2005 | "Loss of Chance: A 'Distinct Compensable Injury'?", Kentucky Academy of Trial Attorneys (now Kentucky Association for Justice), Louisville, KY, Annual Convention and Seminar |

| | |
|---|---|
| October 20, 2005 | "Masters in Trial," Panelist, American Board of Trial Advocates, New York City, NY |
| May, 20, 2005 | "Trial Tactics From Trial Masters: Technology: Creative Approach to Cases," Lexington, KY |
| September 25, 2003 | "Masters in Trial," Panelist, American Board of Trial Advocates, Anchorage, AK |
| September 12, 2003 | "Masters in Trial," Panelist, American Board of Trial Advocates, Columbus, OH |
| June 13, 2003 | "It's a Wrap: The Ethics of Law and Media," Panelist, 2003 Kentucky Bar Association Annual Convention |
| March 19, 2003 | "Not Just Another Tech Seminar," Seminar Co-Chair and Presenter, presented by the Kentucky Academy of Trial Attorneys |
| September 13, 2001 | "Taking the Lead: Strategies for Trial Lawyers," 2001 Kentucky Academy of Trial Attorneys Annual Convention, Lexington, Kentucky. |
| June 14, 2001 | Presenter in Masters in Trial Program presented by the Kentucky Chapter of the American Board of Trial Advocates, Kentucky Bar Convention, 2001 |
| March 23, 2001 & April 20, 2001 | "Discovery of In House Material," Kentucky Academy of Trial Attorneys Maximizing Recovery For Your Clients Seminar, Covington, Kentucky and Louisville, Kentucky |
| June 9, 2000 | "Damages for Loss of Love, Society and Affection in Death Cases," Tennessee Trial Lawyers Association 2000 Annual Convention, Memphis, Tennessee |
| April 25, 2000 | "Cross Examination Of A Medical Witness," "Cross Examination of Technical Experts," Lorman Education Services Conducting An Effective Cross Examination in Kentucky Seminar, Louisville |
| May 21, 1999 | "Handling A Child's Loss of Consortium Claim," Kentucky Academy of Trial Attorneys Power Litigation Seminar, Louisville |
| September 17, 1998 | "A Child's Loss of Parental Affection and Guidance: Some Thoughts on Kentucky's Newest Tort" Panelist, 1998 Kentucky Academy of Trial Attorneys Convention, Louisville |
| June 20, 1996 | "Law & Life, A Perfect Balance: Voir Dire: Art, Science or Luck?" Panelist, 1996 Kentucky Bar Association Convention, Lexington |
| June 29, 1995 | Seventh Annual Fayette Bench/Bar C.L.E. Program, Instructor, Fayette County Bar Association |

| | |
|---|---|
| June 9, 1995 | "Kentucky's Unpublished Opinions, Rules & Practice: Does It Merit Change," Panelist, 1995 Kentucky Bar Association Convention, Louisville |
| December 7, 1994 | "Using the Kentucky Constitution as the Basis for Appeal," Lecturer, Louisville CLE Institute |
| April 29, 1994 | "Fair Trial And The Public's Right To Know", Roundtable Discussion, University of Louisville, The Center for Humanities and Civic Leadership |
| January 11, 1994 | District Court Judges Judicial College, Instructor re Contempt, KY Administrative Office of The Courts |
| October 27, 1993 | 1993 Circuit Court Judges Judicial College, Instructor re Contempt, KY Administrative Office of The Courts |
| October 22, 1993 | "Masters in Trial," Panelist, American Board of Trial Advocates, Cleveland OH |
| December 3, 1992 | "How to Find the Courthouse," Panelist/Instructor, LBA/Young Lawyer Section, Louisville CLE Institute |
| April 12, 1991 | "Effective Closing Arguments," Panelist, Louisville CLE Institute |
| February 9, 1990 | "Voir Dire - The Art of Jury Selection," Panelist, Louisville CLE Institute |
| April 21, 1988 | Trial Advocacy Workshop, Instructor, University of Louisville Seminar, Louisville, Kentucky |
| June 12, 1987 | "Trends Toward Joint Custody - Experience of Bench & Bar," Panelist, Kentucky Bar Association |
| April 19-20, 1985 | Resolution of the Negotiating Impasse, University of Kentucky Seminar, College of Law, Lexington, Kentucky |
| November 9, 1984 | "An Overview of the Domestic Relations Tax Reform Act," University of Louisville Seminar, Louisville, Kentucky |
| September 28, 1983 | Kentucky Reports, 1983 Panelist, "Divorce Between Professionals," Kentucky Educational Television |
| September 23, 1983 | Discovery Tactics and Techniques, Federal Bar Association, Louisville, Kentucky |
| September 20, 1983 | Annual Update Series, Domestic Relations, Presenter, Louisville Bar Association, Louisville, Kentucky |

-5-

| | |
|---|---|
| September 15, 1983 | "Dissolution: Practical Problems in Preparing and Presenting the Complex Action," Chairperson and panelist, University of Louisville Seminar, Louisville, Kentucky |
| October 16, 1982 | Trial Avoidance Techniques: Better Representation in Domestic Litigation, Tenth Annual Seminar, Kentucky Academy of Trial Attorneys, Lexington, Kentucky |
| July 20, 1982 | "Tax Aspects of Dissolution: Practical Problems and Typical Property Settlement Provisions," Annual Convention, The Association of Trial Lawyers of America, Toronto, Canada |
| May 7, 1982 | "Tax Aspects of Divorce," Fayette County Bar Association, Lexington, Kentucky |
| April 16, 1982 | "Drafting Agreements: Tax Clauses and Antenuptial Contracts," University of Kentucky Domestic Relations Seminar, Lexington, Kentucky |
| February 18, 1982 | Overview of Divorce Law, Republic Women's Club, Louisville, Kentucky |
| January 15, 1982 | Moderator, Judicial Panel, Joint Custody Seminar; Women Lawyers Association, Louisville, Kentucky |
| September 22, 1981 | LBA Annual Update Series, Domestic Relations |
| November 13, 1981 | "Division of Marital v. Non-Marital Property," Custody and the Division of Assets at the University of Louisville |
| April 16, 1981 | Norton Children's Hospital presentation on adoption |
| March 20, 1981 | "Tracing of Non-Marital Property, Appreciation in Value After Marriage, Inherited Property," Domestic Relations at the University of Louisville |
| January 30, 1981 | Legal Ethics and Law Office Management at the University of Louisville |
| December 9, 1980 | Presentation to psychiatry residents on the family and the law sponsored by Norton Children's Hospital |
| October 9, 1980 | "Property Division and Settlement Agreements," Seminar on Family Law at Midway College |
| August 22-23, 1980 | "Practical Problems and Typical Property Settlement Provisions," Seminar on Domestic Relations at University of Kentucky |
| July 10-12, 1980 | "Drafting Antenuptial Agreements," Family Law at the University of Louisville |
| June 13, 1980 | A Practical Problems and Typical Property Settlement Provisions: Tax Aspects of Marital Dissolutions at the University of Louisville |

| | |
|---|---|
| April 1, 1980 | Domestic relations presentation at the University of Louisville |
| Various | Numerous presentation to professional groups and University of Louisville Brandeis School of Law classes. |

## PUBLICATIONS

*The Court's Authority to Assign Assets*, Trial Magazine, a publication of the Association of Trial Lawyers of America, March, 1984.

"Basic Property Disposition Rules," Chapter, *Valuation and Distribution of Marital Property*, published by Matthew Bender and Co., Inc., April, 1984.

"Kentucky Civil Practice At Trial," Chapter, "Juries," *Civil Practice Handbook*, Volume II, University of Kentucky, Office of Continuing Legal Education, 1990.

"Legal Issues For Indigents Charged With Contempt," The Advocate, a publication of the Kentucky Department of Public Advocacy, October, 1994.

## PERSONAL SUMMARY

Ann Oldfather is the principal of Oldfather Law Firm, a 4-attorney firm specializing in plaintiffs' litigation. Ann has practiced law for over 30 years, after graduating *magna cum laude* from the Brandeis School of Law at the University of Louisville. Ann has been sole trial counsel in a number of hotly disputed and significant cases, the most recent of which was the nationally publicized sexual abuse litigation against McDonald's Corporation on behalf of a young Kentucky woman strip searched and assaulted at a rural McDonald's restaurant. The jury awarded over $6 Million after a hotly contested four week trial. Ann has also handled significant pieces of commercial litigation, one of which resulted in a plaintiff's verdict of $12.5 million, and medical malpractice litigation where a rural Kentucky jury returned a verdict of $5.5 million. Ann was one of the lead plaintiffs' counsel in the Carrollton, Kentucky bus crash disaster in which 27 children and adults burned to death in a school bus designed and manufactured by Ford Motor Company. Ann served as one of the Class Counsel for the settlement class of 243 victims of sexual abuse in their recovery against the Archdiocese of Louisville in excess of $25 million, and as co-class counsel in the Covington Dioceses Sexual Abuse litigation which garnered a settlement estimated to be in excess of $80 Million. Ann has tried many complex, multi-party cases as lead or sole trial counsel. She was appointed as the head of one of only six trial counsel committees approved by the Federal District Court in the Ford/Firestone multi district litigation. Ann has been listed in the BEST LAWYERS IN AMERICA since 1994 under both "Personal Injury Litigation" and "Family Law." When combined with her current listings in "Legal Malpractice", "Medical Malpractice" and "Mass Torts", Ann currently has a total of five listings in BEST LAWYERS. She has received the prestigious "A-V" listing from Martindale Hubbell continuously since the mid 1980s, and is featured in their BAR REGISTER OF PREEMINENT ATTORNEYS. She is a Board Certified Civil Trial Advocate by the National Board of Trial Advocacy. Ann has served as a Special Justice on the Kentucky Supreme Court, authoring both majority and dissenting opinions. Ann has lectured as a speaker at numerous programs, including presentations at the annual convention of the American Association for Justice and at Kentucky's Annual Judicial College. Ann has served as an advocacy instructor at the University of Louisville, and she is the author of the "Juries" chapter of the KENTUCKY CIVIL PRACTICE HANDBOOK. Ann is a member and past-Board member of the Kentucky Association for Justice, a member of the American Association for Justice, and a member and 1998 and 1999 President of the Kentucky Chapter of the American Board of Trial Advocates. She was the recipient of the 1997 Alumni Fellow Award from the Brandeis School of Law of the University of Louisville. Ann was inducted in the International Academy of Trial Attorneys in April, 2004. One of Ann's proudest achievements (after representing her clients) was receipt of the 2001 *Peter Perlman Trial Lawyer of the Year* award from the Kentucky Association for Justice.