**Louisiana State Bar Association**
**Rules of Professional Conduct Committee**

**PUBLIC Opinion 05-RPCC-004**[1] April 4, 2005

**Safekeeping the Property of Clients and Third Parties**

> *A lawyer's obligation to safeguard funds or property runs not only to the client, but also to third parties whom the lawyer knows to have certain legally enforceable rights to the funds or property. Enforceable third-party rights which must be protected include judgments, liens or privileges, and written guarantees. The lawyer's obligation to third parties is separate and distinct from the obligation to the client and may not be disregarded at the request or direction of the client. In the case of a dispute over funds between a client and a third party making a legally enforceable claim, the lawyer may not unilaterally arbitrate the distribution but should consider seeking resolution by the court.*

Client loyalty is a basic tenet of the Louisiana Rules of Professional Conduct (2004), but so is the exercise of independent professional judgment. Thus, there are circumstances in which the rights of third parties trump the client's desires or directives. One such circumstance arises when third parties have claims against client funds. The lawyer must be very careful to assure that claims arising because of a judgment, a legally enforceable lien or privilege, or a written contract/guarantee are protected, even if the client would prefer to take possession of all of the

---

[1] The comments and opinions of the Committee—public or private—are not binding on any person or tribunal, including—but not limited to—the Office of Disciplinary Counsel and the Louisiana Attorney Disciplinary Board. Public opinions are those which the Committee has published—specifically designated thereon as "PUBLIC"—and may be cited. Private opinions are those that have not been published by the Committee—specifically designated thereon as "NOT FOR PUBLICATION"—and are intended to be advice for the originally-inquiring lawyer only and are not intended to be made available for public use or for citation. Neither the LSBA, the members of the Committee or its Ethics Counsel assume any legal liability or responsibility for the advice and opinions expressed in this process.

money or property and pay the debt himself.

Usually this issue arises as the result of the payment of a settlement or a judgment in a personal injury case. The payment is generally made in the name of both the lawyer and the client, and the funds are thus placed in the lawyer's trust account for subsequent distribution between the lawyer and the client in accord with the fee agreement.  Often, however, medical or other types of bills related to services provided to the client by third parties have not been paid in full prior to the resolution of the case. The intent is generally that these third parties should also be paid out of the proceeds of the settlement or judgment, and most clients readily agree that the funds can be distributed in that fashion.

Occasionally, however, a client will balk at the proposed distribution to third parties and seek instead to receive all of the funds, less the lawyer's fees and expenses.  The client may even indicate a desire/choice to pay outstanding third-party bills himself. The natural instinct of the lawyer is to do as directed by the client, on the premise that the funds belong to the client. However, the lawyer must take care to determine if indeed all of the funds actually belong to the client.  If the lawyer has actual knowledge of a lien, a privilege, a judgment or a guarantee of payment, then the funds do not belong solely to the client.  Instead, a third party also has an interest in the funds up to the amount of the lien, privilege, judgment or guarantee, and it is an interest which the lawyer must recognize and protect.[2]

Rule 1.15 (d) of the Louisiana Rules of Professional Conduct (2004) requires that, upon receipt of funds or property in which a client and/or a third party has an interest, the lawyer shall

---

[2] Rule 1.15(a) of the Louisiana Rules of Professional Conduct (2004) obligates the lawyer to "...*hold property of clients or third persons that is in the lawyer's possession separate from the lawyer's own property...in a separate [trust] account maintained in a bank or similar institution...or elsewhere with the consent of the client or third person...*"

© 2005 by the Louisiana State Bar Association.  All rights reserved.

promptly notify both the client and the third party.  It also requires that the lawyer promptly deliver to the client and to the third party that to which they are each entitled.  Finally, it requires the lawyer, upon request by the client or third party, to promptly render to the client or third party a full accounting regarding such funds or property.  If the client and third party cannot agree as to the disbursement, the lawyer must preserve *the amount in dispute* until a resolution can be found.[3]  Nothing in this Rule prevents distribution of amounts not in dispute.[4]  Thus, the client may still receive the amount that is not claimed by the third party and the lawyer may still receive a fee.

If the client and third party cannot agree on the distribution, the lawyer may not impose a resolution.  In almost all cases, the lawyer will be precluded from acting as an advocate for a particular disposition of the funds, since to do so usually will place the lawyer in a conflict with two parties to whom distinct obligations are owed, or in conflict with the lawyer's own obligations with respect to the matter.  Under those circumstances, the lawyer should consider turning the issue and the funds in dispute over to the court for resolution.[5]

---

[3] Rule 1.15(e) of the Louisiana Rules of Professional Conduct (2004).

[4] In fact, Rule 1.15(e) states that "...*The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute...*"

[5] For example, the lawyer may file a concursus proceeding and deposit the funds in dispute into the registry of the court for safekeeping until the dispute has been resolved.

© 2005 by the Louisiana State Bar Association.  All rights reserved.