**MINUTE ENTRY**
**FALLON, J.**
**MAY 22, 2008**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:  VIOXX** | \* | **MDL Docket No. 1657** |
| | \* | |
| **PRODUCTS LIABILITY LITIGATION** | \* | **SECTION "L"** |
| | \* | |
| | \* | **JUDGE FALLON** |
| | \* | |
| | \* | **MAGISTRATE JUDGE KNOWLES** |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 35 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Pinkey Ferdinand, Official Court Reporter.  Counsel may contact Ms. Ferdinand at (504) 589-7781 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.       SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(03:00)

Case 2:05-md-01657-EEF-DEK   Document 14837-11   Filed 05/22/2008   Page 2 of 13

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the

Master Settlement Agreement and exhibits, together with registration and enrollment forms and

instructions can be found at the Claims Administrators' website at

http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or

assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-

1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the

settlement program is available at the website sponsored by the MDL Plaintiffs' Steering

Committee:  http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders,

which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B,

  requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to

  produce certain information within a specified time period.  Revised versions of

  Exhibits A and B subsequently were made available and can be edited and

  completed electronically.  On January 7, 2008, the Court extended by thirty days

  Pre-Trial Order 28's January 8th deadline to mail record preservation letters to

  health-care providers and pharmacies.  On January 18, 2008, the Court entered

  Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by

  clarifying that service of notices of preservation may be by certified as well as

  registered mail.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B,

  requires plaintiffs whose claims are filed in or transferred to the MDL on or after

November 9, 2007 to produce certain information within a specified time period.

Revised versions of Exhibits A and B subsequently were made available and can

be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL

  with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B,

  requires the registration of claims.  Revised versions of Exhibits A and B

  subsequently were made available and can be edited and completed

  electronically.  Pre-Trial Order 31A (December 4, 2007) amends and supplements

  Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration

  of Claims Spreadsheet need not be filed with the Court and provides addresses

  where the registration affidavits should be served.   Pre-Trial Order 31B

  (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by

  clarifying that the Registration Affidavit and Registration of Claims Spreadsheets

  need only be filed with the Claims Administrator.  Pre-Trial Order 31B also

  amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a

  committee of plaintiffs' attorneys to be responsible for recommending to the

  Court the allocation to be made by the Court of awards of attorneys' fees from the

  Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison

  Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the

settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy and other records relating to claimants' enrolling in the Vioxx Resolution Program.

- Per-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matter common to all claimants in state court Vioxx litigation matters.

On May 15, 2008, the PSC filed a Motion to Extend the Date of Implementation of Pre-Trial Order No. 6C requesting that the deadline for state court common benefit attorneys to submit time records and expense reports be extended to June 30, 2008. The Court granted the PSC's motion on May 21, 2008.

As announced at the January 18, 2008, monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions. These clarifications include amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement and other miscellaneous amendments. A copy of the amendments will be available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment to the Settlement Agreement was announced which extended the deadline for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documents until

March 31, 2008.   A copy of the amendments will be available on the Claims Administrator's

website, http://www.browngreer.com/vioxxsettlement.

On May 6, 2008, a proposal by the Provost Umphrey Law Firm was made requesting

mediation take place prior to June 10, 2008 of all issues relating to common benefit fees.  PLC

responded by advising that Section 9.2 of the Settlement Agreement addresses common benefit

fees and reimbursement of litigation costs.  Thereafter, on May 16, 2008, the law firm of

Williams Kherker requested that the issue of how to resolve the full participation agreement 2%

fee assessment be placed on the status conference agenda.  The PLC believes that the request is

premature and that the Court should address issues regarding common benefit fees and costs at a

future time.  Further, the PLC believes this issue should be addressed *in camera*, with plaintiffs'

counsel since it does not directly involve Merck.  The Court stated that it also believed that this

issue is premature and that ultimately the Court will decide all issues involving the common

benefit fees.

## II.   REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting

claims for registration.  BrownGreer, the Claims Administration appointed under the Settlement

Agreement, provided a report regarding the registration process.  To date, 1,006 law firms have

submitted registration forms, representing 59,135 claimants, including those claimants who

allege "other injuries" and *pro se* claimants.

To date, the Claims Administrator has received enrollment materials for 50,757

claimants, including those claimants who allege "other injuries" and *pro se* claimants.

Additionally, the Claims Administrator has received 46,124 releases and 44,451 complete

enrollment packages.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement

Agreement.  On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective

Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies

in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory

Medicaid health plans.  The parties reported that the Lien Administrator continues to be engaged

in discussions with various federal and state agencies.  To date, all but one state agencies have

agreed to the Lien Administrator's proposed procedures and global hold backs, and the Lien

Administrator expects to receive a positive response by Friday, May 23, 2008.

The Lien Administrator has established a website, http://www.vioxxlienresolution.com,

for parties seeking further information.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master

under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter

(Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to

assist Special Master Juneau.  Special Master Juneau hosted an orientation session for himself,

the Deputy Special Masters and the Curator which was held on March 5, 2008.  Special Master

Juneau stated that the Special Masters will engage in a "run through" in July to ensure that the

Special Master process will not delay the Settlement Program.

V.    STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2008.

## VI.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master

Complaints for Medical Monitoring and Purchase Claims.  On February 16, 2007, the

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master

Class Action Complaint.  The Court has advised the parties that it will address these issues at a

later date.

## VII.    DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for

documents and testimony from the Food and Drug Administration ("FDA").  Further, on October

23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a

designee of the FDA pursuant to FRCP 30(b)(6).  Counsel for the FDA and PLC have been in

communication regarding these subpoenas.  On January 10, 2008, the PSC filed an unopposed

motion to lift the stay for purposes of conducting discovery regarding certain records in

possession of the FDA.  The Court entered an Order on January 18, 2008 granting the PSC's

motion and lifting the stay for the purpose of conducting discovery regarding certain records in

the possession of the FDA.  The Plaintiffs' Liaison Counsel reported that the FDA has provided

documents and a privilege log to the PSC, and the PSC has reviewed the FDA's privilege log

and has written a letter to the FDA regarding some of the items on the privilege log.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay

for Purposes of Conducting Discovery Regarding the Website Known as

"OfficialVioxSettlement.com".  The Court granted the motion.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay

for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc. ("ESI"). The Court granted the motion. Representative from the Plaintiffs have been communicating with counsel for ESI to discuss the discovery requests and information sought to be obtained from ESI. On February 8, 2008, the PSC moved to compel ESI to comply with the PSC's request made in connection with the Vioxx settlement program for the prescription drug documents or data needed for the settlement program. The PSC and ESI were able to reach a consensual resolution to this matter and the Court dismissed the motion as moot. On May 14, 2008, the parties participated in a telephone conference to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Resolution Program. Within forty-eight hours of that telephone conference, ESI provided pharmacy records to the PSC and the PSC provided payment.

VIII.   STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The State Liaison Committee provided to the Court an updated list of the pending motions to remand in this MDL.

IX.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding Pro Se Plaintiff Registration and Enrollment Re: Settlement and Pro Se Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to pro se individuals were sent by PLC on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement

Agreement.  On February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

First, Ms. Claudia Santoyo from Mr. Johnston's office stated that there was a pending motion to enroll Ms. Santoyo and Mr. Ira Rosenzweig and as counsel, the Court stated that it would grant that motion and the Court will issue a separate order doing so.  Ms. Santoyo reported that after its recent mailing to *pro se* claimants 184 were returned to Mr. Johnston's office.  As a result, Mr. Johnston is providing legal notice in the local newspapers in the communities of their last known address, or, if there is no address, in the region.  Further, the Curator has filed a more detailed report into the record.

X.      MERCK'S MOTIONS

On November 8, 2007, the Court granted in part and denied in part Merck's three Motions for Summary Judgment in the *Ramon Alvarado, et al.* (Case No. 06-7150), *Matthew DeVito, et al.* (Case No. 07-562), *Ronald Pales* (Case No. 07-1389), *Philip Dawson* (Case No. 07-1259), *Timothy R. Watson* (Case No. 05-5545), *Donald R. Preuninger, et al.* (Case No. 06-10305), *Viet Tran* (Case No. 07-368), *Pamela Tribby, et al.* (Case No. 07-4118), and *David Wyser* (Case No. 07-2695) matters.  Certain plaintiffs have moved for reconsideration of these judgments, and Merck has filed its opposition to these motions.  The Court has taken the matter under advisement.

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for

Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement.

XI.     ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XII.    VIOXX SUIT STATISTICS

Merck advises that as of March 31, 2008, it has been served or was aware that it had been named as a defendant in approximately 14,450 lawsuits, which include approximately 32,925 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 260 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 9,200 lawsuits representing approximately 24,325 plaintiff groups are or are slated to be in the federal MDL and approximately 3,350 lawsuits representing approximately 3,350 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of December 31, approximately 12,760 claimants had entered into Tolling Agreements with the company, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition, Merck advises that the claims of more than 21,000 plaintiff groups have been dismissed as of March 31, 2008. Of these, there have been more than 2,250 plaintiff groups

whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts, and more than 18,750 plaintiff groups have had their claims dismissed without prejudice.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as executor, spouse, or other party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XIII.    PSC MDL TRIAL PACKAGE

On September 27, 2007, the Court issued Pre-Trial Order 27 regarding submission of the PSC's trial package.  On October 3, 2007, the trial package was presented to the Court for review.  The PSC continues to explore, develop, and investigate security issues in connection with the preparation and presentation of the trial package to reasonably protect confidential and/or work product that may be contained in the trial package.

On November 28, 2007, attorney Michael Stratton filed a Motion for Release of Trial Package in the *Perry* (06-3581), *Christie* (05-2973), *Lynch* (05-5072), *Sokoloff* (05-6107), *Whittaker* (05-1257), *Chambers* (05-1997), *Pagani* (07-1384), *Barnett* (06-8320) and *Boyer* cases.  On December 10, 2007, the PSC filed a Response.  On December 11, 2007, Stratton filed a Reply with the Court.  The Court will issue a separate order setting this motion for hearing.

Further, the PSC is continuing to work on the Stroke Trial Package and will be presenting the Stroke Trial Package to the Court for an *in camera* review following the status conference.

On May 20, 2008, the Court issued Pre-Trial Order No. 37 which governs the terms of access to the PSC trial packages.

XIV.   OTHER MOTIONS

On February 20, 2008, Healthcare Recoveries, Inc. ("HRI") filed a Verified Petition for Pre-Action Depositions from Merck and plaintiffs' counsel regarding plaintiffs who have claimed personal injury due to Vioxx.  On March 10 and 12, 2008, respectively, the PSC and Merck moved to dismiss HRI's petition.  The Court entered an order granting the PSC and Merck's motions to dismiss on May 5, 2008.

XV.   THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.

XVI.   MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The Court noted that it has previously addressed these issues in the context of class actions.  The Court will issue a separate order setting the motion for hearing.

XVII.   TERMINATION OF TOLLING AGREEMENTS

Section 7.2 of the Settlement Agreement dated November 9, 2007, terminated the Tolling Agreement dated June 1, 2005, between Merck and the PSC with respect to all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death and stroke claims.  On April 23, 2008, Merck provided notice that, pursuant to the terms of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other claims effective 120 days of April 23.

Case 2:05-md-01657-EEF-DEK  Document 14537-1  Filed 05/22/2008  Page 19 of 13

XVIII. <u>MOTION TO MODIFY AND/OR SUSPEND PRE-TRIAL ORDER NO. 28</u>

On April 17, 2008, certain plaintiffs involving Kentucky and Indiana cases filed an Emergency Motion for Modification and/or Suspension of Pre-Trial Order No. 28. On April 23, 2008, Merck filed an opposition. On April 25, 2008, the Court convened a telephone status conference and ordered that the PSC add this issue as an agenda item, as well as ordering that the deadlines prescribed by Pre-Trial Order No. 28 is stayed for providing case specific expert reports until the next monthly status conference of May 22, 2008. Merck filed a supplemental opposition on May 19, 2008. The Court heard oral argument on the motion and will issue a separate order.

XIX. <u>THIRD PARTY PAYORS' MOTION</u>

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief. On May 20th, BrownGreer and US Bank National Association moved to sever plaintiffs' claims. The Court will issue a separate order setting the motion for hearing.

XX. <u>NEXT STATUS CONFERENCE</u>

The next monthly status conference will be held on June 27, 2008, at 9:00 a.m., central time. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 49296911 and the Chairperson will be Judge Fallon.

13