UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                                    MDL Docket No. 1657

PRODUCTS LIABILITY LITIGATION                    SECTION L

Judge Eldon E.. Fallon
Magistrate Judge Knowles

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| David Agard, et al., v. Merck & Co. | Case No.: 2:05-cv-01089 |
| Glenn L. Dier, et al., v. Merck & Co. | Case No.: 2:05-cv-01088 |
| Adnan Aljibory, et al., v. Merck & Co. | Case No.: 2:05-cv-01090 |
| Rosemary Holobosky, et al., v. Merck & Co. | Case No.: 2:05-cv-01091 |
| Marjorie Connolly, et al., v. Merck & Co. | Case No.: 2:06-cv-02708 |
| Marilyn F. Core, et al. v. Merck & Co. | Case No.: 2:05-cv-02583 |
| Carlo Devincentiis, et al., v. Merck & Co. | Case No.: 2:05-cv-02297 |
| Kathleen Hoffner, et al., v. Merck & Co. | Case No.: 2:06-cv-02238 |
| Robert D. Gates, et al., v. Merck & Co. | Case No.: 2:05-cv-06221 |

AND TO ALL CASES.

## PLAINTIFFS' MOTION TO TO VACATE OR MODIFY THE MASTER SETTLEMENT AGREEMENT, AND PRE-TRIAL ORDER NO. 28, AND TO EXTEND TIME TO SUBMIT EXPERT CERTIFICATE OF CAUSATION AND/OR TO PRECLUDE MERCK FROM USING THE EXPERT CERTIFICATE OF CAUSATION AND FROM USING TO CROSS-EXAMINE EXPERTS AT TRIAL

Plaintiffs in the above-captioned actions, by and through their attorneys, the Law Office of Ronald R. Benjamin, hereby move this Honorable Court, for good cause shown, as and for themselves individually and for all cases, as appropriate, remaining in the instant multi-district litigation in which the plaintiffs have not elected to participate in the Master Settlement Agreement, for the following relief:

(a)   This Court's resignation from the role of Chief Administrator of the Master Settlement Agreement on the grounds of actual and potential conflicts with the role of Presiding Judge in the instant MDL 1657;

(b) An order vacating, or holding null, void and unenforceable, the Master Settlement Agreement which fails to meet any of the prerequisites of Fed.R.Civ.Pr. 23;

(c) An order pursuant to Fed.R.Civ.P. 6, granting plaintiffs an extension of time to comply with the requirements of Pre-Trial Order ("PTO") No. 28 (II)(B)(8) and (C) for submitting an expert statement on specific causation, from the current July 1, 2008, and August 1, 2008, deadlines to and including September 30, 2008, and October 31, 2008, respectively, and modifying PTO No. 28 (II)(B)(8) and (C) to permit plaintiffs to submit a certificate of their undersigned counsel attesting to having consulted an expert and that expert opinion proof is available linking the plaintiff's injury to ingestion of Vioxx, or permitting a single statement of an expert opining there is a causal relationship between a particular injury and ingestion of Vioxx in lieu of requiring expert affirmations for each individual plaintiff as a threshold to avoid dismissal of a claim, and, if an expert statement, in lieu of an attorney certificate of merit, is required in conjunction with PTO No. 28 (II)(B)(8) and (C), a protective order pursuant to Fed.R.Civ.Pr. 26(c) limiting, enjoining and precluding defendant Merck from utilizing the same for purposes of moving to dismiss or preclude the expert under *Daubert* or for purposes of cross-examining the expert at trial;

(d) An order vacating the stay imposed in PTO No. 28 and directing the parties to enter into scheduling orders for completion of all discovery and motions practice so the individual cases may be remanded to the transferor courts for trial; and

(e) An order modifying Pre-Trial Order No. 37 (Terms of Access to the PSC Trial Package) by deleting the condition for access to the PSC Trial Package on the execution by individual counsel for plaintiffs of contracts assigning 8% of any

attorneys fees to the PSC.

In support of the relief requested in this motion, plaintiffs states the following matters:

1. Plaintiffs respectfully submit that their motion seeking to vacate the MSA evinces the significant conflict confronting this Court in light of its dual roles of presiding Judge in this multi-district litigation and of Chief Administrator under the MSA inasmuch as this Court is duty-bound to exclude from compensation under the MSA the same injuries that are being pursued by plaintiffs in MDL 1657, and will have to rule on the viability of those injuries in the tort system.

2. Plaintiffs respectfully submit that the the Court should resign from the chief administrative position prior to adjudicating the remaining motions made herein since they are all related to the MSA, with the possible exception of the motion seeking relief from PTO 37.

3. Plaintiffs seek to vacate the Master Settlement Agreement on the grounds that the same failed to adhere to the prerequisites of Fed.R.Civ.Pr. 23, and, as such, abrogates the separation of powers doctrine, and denies due process of law and the right to a jury trial to claimants whose claims are extinguished under the terms of the MSA.

4. With respect to the requirements set forht in this Court's May 30, 2008 Decision and Order, this Court made clear it was directing individual plaintiffs not participating in the MSA to show of some evidence that his or her ingestion of Vioxx caused him or her personal injury. *Order, at p. 5.* Plaintiffs respectfully submit the following alternative means of making such showing proposed herein meet the spirit and requirement of that Order:

 (a) an attorney certificate or affirmation that a plaintiff has an expert who will opine plaintiff's injury is causally related to Vioxx should meet this test without having the plaintiff incur the expense associated with having the expert prepare an affirmation that will have to be duplicated at least in part at a later time when

      amplified to meet the *Daubert* challenge that will undoubtedly come. The defendant would not be prejudiced and Rule 11 provides an adequate remedy to the defendant for any costs incurred should the attorney certificate or affirmation prove to be baseless or otherwise amenable to invoking the sanctions provided by the rule.

(b)   Plaintiffs' alternative request is to be permitted to satisfy PTO 28 by submission of a single affirmation opining a causal relationship between ingestion of Vioxx and injury involving those injuries not yet subject to *Daubert* hearings, *e.g.* transient ischemic attacks. The only additional evidence that would be necessary is proof of the injury itself which plaintiffs could provide by submission of the medical records. This would satisfy the Court's requirement without opening plaintiffs up to duplicative litigation expenses, and would prevent the defendant from taking advantage in cross-examination at trial of the short version expert affirmation, that the Court's Order appears to permit, by using it for more than its intended certification of merit egarding specific causation.

(c)   In the event the Court adheres to the present requirement it is respectfully submitted that, at minimum defendant should be precluded from using any expert's affirmation submitted if that same expert testifies at trial, as well as precluding defendants from making either Daubert or other challenge to the reliability of the affirmation.

5. Submitted in support of this motion is the Affidavit of plaintiff David Agard with respect to the relief requested herein. He is among the plaintiffs whose injuries are not included in the criteria set forth in the Master Settlement Agreement.

6. The relief from PTO 28 may be considered injunctive, at least in part. This is

especially so with regard to precluding Merck from bringing either *Daubert* challenges or otherwise moving to preclude any expert statement or affirmation provided pursuant to this Court's May 30, 2008, decision and order.

7. Pursuant to Fed.R.Civ.Pr. 26(c), undersigned counsel for movants hereby certifies that they have in good faith conferred or attempted to confer with counsel for Merck in an effort to resolve the aforesaid discovery dispute without court action.

8. With respect to the motion to vacate the stay imposed in PTO No. 28, in favor of scheduling orders that will permit remand to the transferor courts for trial, since it is now possible to determine the level of participation in the MSA, the Court should resume the discovery proceedings that are the purpose of the § 1407 transfer and will lead to remand for trial in the transferor courts.

WHEREFORE, plaintiffs in the above-captioned actions respectfully move this Court to grant the relief sought in the instant motion.

Respectfully submitted,

_____
RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442

Attorneys for Plaintiffs in Above-Captioned
Individual Actions