**MINUTE ENTRY**
**FALLON, J.**
**JUNE 27, 2008**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 36 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Jodi Simcox, Official Court Reporter.  Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(03:00)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007, to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pretrial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after

November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the

settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy and other records relating to claimants' enrolling in the Vioxx Resolution Program.
- Per-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matter common to all claimants in state court Vioxx litigation matters.

On May 15, 2008, the PSC filed a Motion to Extend the Date of Implementation of Pre-Trial Order No. 6C, requesting that the deadline for state court common benefit attorneys to submit time records and expense reports be extended to June 30, 2008. The Court granted the PSC's motion on May 21, 2008.

As announced at the January 18, 2008, monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments. A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008 for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation. A copy of the amendment is available on the Claims Administrator's website,

http://www.browngreer.com/vioxxsettlement.

## II. REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration. Merck has extended the enrollment deadline until June 30, 2008. BrownGreer, the Claims Administration appointed under the Settlement Agreement, provided a report regarding the registration process. To date, registration materials have been submitted for 59,194 claimants. In addition, the Claims Administrator has received enrollment materials for 51,391 claimants. The Claims Administrator has also received 23,759 claims materials, of which 9,100 are complete claims packages.

## III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator provided a report on the progress of discussions with various federal and state agencies. The Lien Administrator has agreed in principle with Medicare on a process for resolving claims. In addition, the Lien Administrator has reached agreements with all state agencies except for one as to the proposed procedures and global hold backs. The Lien Administrator expects to reach an agreement with the final state agency before the next monthly status conference, which is scheduled for July 17, 2008. The Lien Administrator has also established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Juneau.  A meeting took place on March 5, 2008, with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program.  Special Master Juneau has advised that the Special Masters will engage in a "run through" to ensure that the Special Master process will not delay the Settlement Program.

V.    STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through September 30, 2008.

VI.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed and the Court has taken it under submission.

In addition, Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The matter has been fully briefed.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA").  Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6).  Counsel for the FDA and PLC have been in communication regarding these subpoenas.  On January 10, 2008, the PSC filed an unopposed

6

motion to lift the stay for purposes of conducting discovery regarding certain records in the possession of the FDA.  On January 18, 2008, the Court entered an order granting the PSC's motion.  On April 16, 2008, the FDA provided documents that it claims are responsive to the subpoena pursuant to agreement reached with the PSC.  The PSC has reviewed the production and on May 20, 2008, communicated with counsel for the FDA to challenge many of the assertions of privilege and the privilege log submitted by the FDA.  The FDA advises that it will be supplementing its responses.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another telephone status conference took place with the Court.  The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program.

## VIII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  The State Liaison Committee submitted to the Court an electronic database of all the current motions to remand.

## IX.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration

and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

X.      MERCK'S MOTIONS

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement.

XI.     ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XII.    VIOXX SUIT STATISTICS

As of March 31, 2008, Merck had been served or was aware that it had been named as a defendant in approximately 14,450 lawsuits, which include approximately 32,925 plaintiff

groups alleging personal injuries resulting from the use of Vioxx, and approximately 260 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 9,200 lawsuits representing approximately 24,325 plaintiff groups are or are slated to be in the federal MDL and approximately 3,350 lawsuits representing approximately 3,350 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court. In addition, as of March 31, approximately 12,760 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke.

In addition to the VIOXX Product Liability Lawsuits discussed above, the claims of more than 21,000 plaintiff groups have been dismissed as of March 31, 2008.  Of these, there have been more than 2,250 plaintiff groups whose claims were dismissed with prejudice, either by plaintiffs themselves or by the courts.  More than 18,750 plaintiff groups have had their claims dismissed without prejudice.  Of these, 11,800 plaintiff groups represent plaintiffs who had lawsuits pending in New Jersey Superior Court at the time of the Settlement Agreement described above and who have expressed intent to enter the program established by the Settlement Agreement; Judge Carol Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XIII. PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review. Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who made proper requests.

XIV. THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.

XV. MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*. The Court will issue a separate Order granting the Motion and setting a hearing to show cause for the next monthly status conference, which is scheduled for July 17, 2008.

XVI. TERMINATION OF TOLLING AGREEMENTS

Section 7.2 of the Settlement Agreement dated November 9, 2007, terminated the Tolling Agreement dated June 1, 2005, between Merck and the PSC with respect to all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death, and stroke claims. On April 23, 2008, Merck provided notice that, pursuant to the terms of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other claims effective 120 days from April 23.

XVII. MOTION TO MODIFY AND/OR SUSPEND PRE-TRIAL ORDER NO. 28

On April 17, 2008, certain plaintiffs involving Kentucky and Indiana cases filed an Emergency Motion for Modification and/or Suspension of Pre-Trial Order No. 28. On April 23, 2008, Merck filed an opposition. On April 25, 2008, the Court convened a telephone status conference and ordered that the PSC add this issue as an agenda item, as well as ordering that the deadlines prescribed by Pre-Trial Order No. 28 were stayed for purposes of providing case-specific expert reports until the next monthly status conference of May 22, 2008. Merck filed a supplemental opposition on May 19, 2008. The Court heard oral argument following the May 22, 2008 status conference. By Order & Reasons entered May 30, 2008, the Court granted in part and denied in part plaintiffs' motion. The Order extends the deadline to provide case-specific expert reports for plaintiffs whose last names begin with A through L until July 1, 2008, and the deadline to provide case-specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

## XVIII. THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "Avmed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and U.S. Bank National Association (plaintiffs' complaint names the incorrect party) moved to sever plaintiffs' claims. On June 9, 2008, the Avmed plaintiffs filed a motion for temporary restraining order and preliminary injunction. A telephone conference was held with the Court on June 11, 2008. The Court denied Plaintiffs' request for a temporary restraining order and set the request for a preliminary injunction for hearing at the

monthly status conference on June 27, 2008.  A further telephone conference was held with the Court on June 19, 2008, during which time the parties stated that they would not seek an evidentiary hearing in connection with the motions.  At the monthly status conference, the parties indicated to the Court that they were able to reach an agreement in principle and that they would withdraw the motions without prejudice, reserving the right to re-file them at a later date.  The Court will issue a separate order withdrawing the motions without prejudice.

Further, the plaintiff in the *Louisiana Attorney General v. Merck* matter asked that the Court consider ruling on the pending Motion to Remand filed in that case.  The Court heard from both parties regarding the issue, and the Court indicated that it would set a conference before the next monthly status conference to discuss the matter further with both parties.

XIX.   MERCK'S MOTION TO DISMISS CASES OF NON-REGISTRANTS

On May 29, 2008, Merck filed a Motion for an Order to Show Cause Why Plaintiffs' Cases Should not be Dismissed for Non-Compliance with Pretrial Order 31.  Merck filed an amended and superseding motion on June 18, 2008, to correct and update the affected cases.  The Court will issue a separate order granting the Motion and scheduling a hearing to show cause on July 17, 2008.

XX.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc.

Plaintiffs assert ERISA claims and other equitable and declaratory relief. The parties have been in communication and responsive pleadings have been filed with the Court.

## XXI.    NEXT STATUS CONFERENCE

The next monthly status conference will be held on July 17, 2008, at 9:00 a.m., central time. Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 54310442 and the Chairperson will be Judge Fallon.

