UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657<br>*<br>*  SECTION L<br>*<br>*  JUDGE ELDON E. FALLON<br>*<br>*  MAGISTRATE JUDGE<br>*  DANIEL E. KNOWLES, III<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Vera Hackbarth v. Merck & Co., Inc.*, **Case No. 08-1782.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), incorrectly identified as "Merck & Company, Inc.," by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "I. REQUIRED STATEMENT REGARDING SEVERANCE"

1.    Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Judge Eldon E. Fallon issued an Order and Reasons in *Durham, et al. v. Merck & Co., Inc.*, Civil Action No. 07-9196, on April 10, 2008, and Pretrial Order No. 26 in *In Re: Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, on

September 5, 2007, and respectfully refers the Court to those Orders for their actual content and full effect.

### RESPONSE TO
### "II. STATEMENT OF PARITIES [*sic*]"

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it has employees, agents, and representatives, and that it is authorized to do business in Louisiana. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.      The allegations contained in the first sentence of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, except admits that, for claims involving deceased parties, Plaintiff purports to bring wrongful death and survival act claims, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint, except

2

admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"III. VENUE AND JURISDICTION"**

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Judge Fallon issued an Order and Reasons in *Durham, et al. v. Merck & Co., Inc.*, Civil Action No. 07-9196, on April 10, 2008, and Pretrial Order No. 26 in *In Re: Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, on September 5, 2007, and respectfully refers the Court to those Orders for their actual content and full effect.

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck is authorized to do business in Louisiana, and that it has employees, agents, and representatives.

7.     The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "IV. FACTUAL ALLEGATIONS"

8.    Denies each and every allegation contained in paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10 of the Complaint, except admits that Vioxx is part of a class of drugs known as known as Non-Steroidal Anti-Inflammatory Drugs ("NSAIDs").    Merck further admits that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.    Denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint, except admits that the mechanism of action for Vioxx is believed

4

to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"), and avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID. Merck denies each and every allegation contained in the second sentence of paragraph 12 of the Complaint. Merck denies each and every allegation contained in the third sentence of paragraph 12 of the Complaint and respectfully refers the Court to the referenced publication for its actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiff appears to have accurately quoted the referenced publication, that Merck published said publication, and respectfully refers the Court to the referenced publications for their actual language and full text.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

16. Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W.

Abrams of DDMAC, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Consumer Directed Promotional Expenditures for Vioxx in 2000 were approximately $130 million.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits the existence of the referenced memorandum from February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $2 billion in 2003.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

23.     Denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 23 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "V. CAUSES OF ACTION"

## RESPONSE TO
## "A. COUNT I: STRICT LIABILITY"

24.     With respect to the allegations contained in paragraph 24 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

## RESPONSE TO
## "B. COUNT II: NEGLIGENCE"

29.     With respect to the allegations contained in paragraph 29 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.

30.     The allegations contained in the first sentence of paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the

second and third sentences of paragraph 30 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

31.    Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

32.    Denies each and every allegation contained in paragraph 32 of the Complaint.

## RESPONSE TO
## "C. COUNT III: BREACH OF EXPRESS WARRANTIES"

33.    With respect to the allegations contained in paragraph 33 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 32 of this Answer with the same force and effect as though set forth here in full.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that it has employees, agents, and representatives.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

## RESPONSE TO
## "D. COUNT IV: BREACH OF IMPLIED WARRANTY"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

41. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 41 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

## RESPONSE TO
## "E. COUNT V: MISREPRESENTATIONS"

44. With respect to the allegations contained in paragraph 44 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

11

contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 45 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 45 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 46 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 46 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO
## "VI. DAMAGES"

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

49.     Denies each and every allegation contained in the first and second sentences of paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations contained in the third and fourth sentences of paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third and fourth sentences of paragraph 49 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "VII. JURY DEMAND"

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.

51.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 50 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the

unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

52.     The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

53.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

54.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

55.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

56.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

57.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

58.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

59.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

60.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

61.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

62.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

63.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

64.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

16

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

65.    To the extent Plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

66.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

67.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

68.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

69.    Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

17

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

70.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

71.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

72.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

73.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

74.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

75.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to Plaintiff's claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

76.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine

of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

77.     The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure

to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

78.     To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

79.     The claims of Plaintiff may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

80.     The claims of Plaintiff may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

81.     Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

82.     Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

83.     Merck reserves its right to dismiss the Complaint and seek further relief

for Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

84.     Plaintiff's claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

85.     Plaintiff's claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical

preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of

the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

86.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

87.     Plaintiff's claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiff relies upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and/or lack of privity and/or

because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

89.     The Plaintiff was careless and negligent in the matters alleged, thereby

causing and contributing to any alleged injuries, damages, or losses to Plaintiff.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

90.     To the extent that Plaintiff asserts claims against Merck based on theories

of liability not provided for in the state products liability provisions applicable to this action,

those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

91.     To the extent that Plaintiff asserts claims against Merck based on theories

of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiff has failed to allege facts that would overcome the defenses available under that

state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiff alleges a conspiracy claim, that claim is barred

because Merck did not enter into any agreement with any other defendant or third party to further

any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

93.     To the extent that Plaintiff alleges a negligence per se claim, that claim is

barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

94.     To the extent that Plaintiff seeks injunctive relief, that claim is barred by

the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

95.     To the extent Plaintiff seeks to recover only economic loss in tort,

Plaintiff's claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

96.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

97.     To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

98.     To the extent that Plaintiff seeks punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

22

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

99.     To the extent that Plaintiff seeks punitive damages, that demand is barred

because Vioxx and its labeling was subject to and received pre-market approval by the FDA

under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

100.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

101.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck

reserves its rights regarding transfer of this matter, upon the completion of all pre-trial

proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C.

1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

102.    Inasmuch as the Complaint does not describe the alleged underlying

claims with sufficient particularity to enable Merck to determine all of its legal, contractual and

equitable rights, Merck reserves the right to amend and/or supplement the averments of its

Answer to assert any and all pertinent liability defenses ascertained through further investigation

and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

103.    Merck incorporates any applicable affirmative defense or other defense

asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely

upon such other defenses as may become available or appear during discovery proceeding or trial

23

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.   Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.   Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: July 1, 2008

Respectfully submitted,

_/s/ Bryan C. Reuter_
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Vicki A. Elmer, 28569
         Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 1st day of July, 2008.

_/s/ Bryan C. Reuter_

25