UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITYLITIGATION | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAGISTRATE JUDGE KNOWLES |
| MDL No. 05-5586 | |

**PLAINTIFFS IN CASE 05-5586'S RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE
WHY THE FOREIGN INDIVIDUAL CASES SHOULD NOT BE DISMISSED
UNDER THE DOCTRINE OF FORUM NON CONVENIENS**

The Plaintiffs in action 05-5586, Hart et al v. Merck & Co. (hereafter "Plaintiffs"), through counsel, respond to this Court's order of June 30, 2008, requesting that Plaintiffs show cause as to why the foreign individual cases should not be dismissed under the doctrine of *forum non conveniens*, and state:

Action 05-5586 consists of thirteen plaintiffs. Four of those plaintiffs – Raymond Hart, Frank Roberts, Richard Phillips, and Lorraine Williams – are citizens of the United States and whose transactions regarding Defendant Merck & Co., Inc.'s ("Merck") product Vioxx were entirely within the borders of the United States. The argument for *forum non conveniens*, as stated by Merck, is not relevant with regards to them. As such, Plaintiffs Hart, Roberts, Phillips, and Williams should not be dismissed. As for those Plaintiffs who are not United States residents, Merck's arguments are both without sufficient evidence and untimely.

1

## I. AS PLAINTIFFS ARE NOT ASSERTING A CLASS ACTION, MERCK MUST MAKE MORE THAN GENERAL STATEMENTS REGARDING THEIR FOREIGN RESIDENCY TO MEET ITS BURDEN FOR *FORUM NON CONVENIENS*

A cornerstone of the doctrine of *forum non conveniens* is that "defendants must provide enough information to enable the District Court to balance the parties' interests." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258 (U.S. 1981). A failure to provide the court with specific information regarding the potential witnesses that may be called will defeat a motion for *forum non conveniens*. See Webster v. Santa Fe Int'l Corp., No. 3:98-CV-1314-D, 1999 U.S. Dist. LEXIS 212 at *11 (N.D. Tex. Jan. 12, 1999). In the present case, Merck's Motion to Show Cause relies solely on the general averments of its previous motion; without any reference to the specific context of a case, Merck has simply not met its burden.

The cases dismissed by In re Vioxx Products Liab. Litig., 448 F. Supp. 2d 741 (E.D. La. 2006) were class actions. A class action, by its nature, must have questions of law and fact common to all plaintiffs. See Fed. R. Civ. P. 23(a)(2). Furthermore, the French and Italian class actions were brought as potential classes under Fed. R. Civ. P. 23(b)(2) and (3), alleging that Merck's wrongdoing was uniform across the class and that questions of fact common to the class predominate over questions affecting only individual members. See Complaint, Toledo v. Merck & Co., No. 2:05-cv-05083, pg. 6, Docket No. 1 (Aug. 29, 2005); Complaint, Calandra v. Merck & Co., No. 2:05-md-01657, pg. 10, Docket No. 1 (May 9, 2005). Part of this Court's ability to determine the claims of *forum non conveniens* on the record then presented by Merck was that the French and Italian classes, by their commonality, possessed easily determinable law and witnesses without further need for Merck to provide proof.

Plaintiffs do not allege any commonality between their claims. The foreign Plaintiffs were prescribed Vioxx for various forms of arthritis, back pain, and non-specific pain. See

2

Complaint, Hart v. Merck & Co., pgs. 4-6, attached as Appendix 1. Plaintiffs took the drugs for varying periods of time. See id. There is no common injury among Plaintiffs; they suffered heart attacks and strokes. See id. Given the difference in potential warnings, causation, and eventual injury, there is no class that could fit Plaintiffs. See Amchem Prods. v. Windsor, 521 U.S. 591, 625 (U.S. 1997).[1] Since Plaintiffs cannot be shoehorned into the general categories that the class actions were, Merck must provide more evidence as to how these plaintiffs are themselves inconvenient.

For example, Plaintiff Fokke Fennema, while a foreign domiciliary, has significant contact with the United States. Mr. Fennema is regularly in the United States on business, and as a result has undergone medical care in the United States for injuries caused by Vioxx. See Medical Records of Fokke Fennema, Appendix 2. As a result of these contacts, the balancing of Mr. Fennema's public and private interests requires a more individual consideration than the French or Italian class actions, and Merck cannot dismiss Mr. Fennema's case without providing information specific to Mr. Fennema.

The Plaintiffs here are nine individuals. Their claims do not, separately or as a whole, create an excessive burden on the American judiciary. If Merck wants to apply a blanket rule against foreign plaintiffs, then Merck must present facts that show that such a rule applies to Plaintiffs. Mere invocation of this case by its individual MDL case number does not demonstrate that any of these Plaintiffs inconvenience the Court.

---

[1] Furthemore, the class action motions were dismissed after a choice of law analysis under Illinois law. See In re Vioxx, 448 F. Supp. 2d at 749. The instant Complaint was filed in the District of Columbia, which requires a separate choice of law analysis for each claim. See Jaffee v. Pallotta Teamworks, 374 F.3d 1223, 1227 (D.C. Cir. 2004). Since the instant complaint has different allegations than the French and Italian class complaints, the choice of law analysis cannot be assumed.

3

## II. MERCK'S MOTION, TWENTY MONTHS AFTER THE LAST CASE ON WHICH IT BASES THIS MOTION, IS UNTIMELY AND PREJUDICIAL TO PLAINTIFFS

Furthermore, "In addition to considering these private interest factors, the court should also consider whether defendant's motion to dismiss was timely filed." Zarmis v. Lockheed Martin Corp., No. 4:97-CV-518-A, 1997 U.S. Dist. LEXIS 21023 AT *17 (N.D. Tex. Dec. 29, 1997). As Merck itself previously stated, "[*forum non conveniens*] motions are generally resolved early in the litigation since the very point of such motions is that the litigation should be proceeding elsewhere." See Defendant Merck & Co.'s Opposition to Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Foreign Class Actions, pgs. 2-3, Docket No. 3781 (Mar. 21, 2006) ("Strike Opposition"). Merck, however, has delayed the filing of this motion for almost two years, despite having all the information it claims it needed by October of 2006. This late filing should weigh heavily against granting any motion for *forum non conveniens*.

A "defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." In re Air Crash Disaster near New Orleans, 821 F.2d 1147, 1165 (5th Cir. La. 1987). A motion is untimely when a "[d]efendant does not point out any reason for her delay and the entire motion appears to be based on facts already known to or reasonably knowable by Defendant at the time this cause was commenced." Prevision Integral de Servicios Funerarios, S.A. de C.V. v. Kraft, 94 F. Supp. 2d 771, 780 (W.D. Tex. 2000).

Merck has previously contended that the information necessary for a *forum non conveniens* motion may be found in the complaint. See Strike Opposition, pg. 4. With regard to the class action claims, the Court agreed, denying the class action plaintiffs' motions for further discovery. See Minute Order, Docket No. 3834 (Mar. 23, 2006). Plaintiffs filed their complaint

4

on September 9, 2005. See Complaint, App. 1. The Complaint contained the residences of all Plaintiffs and the location where Vioxx was prescribed and purchased for each of them, the information on which Merck apparently relies as it has provided no further information in its Motion to Show Cause.

By March 23, 2006, Merck knew that it could file a motion for *forum non conveniens* against at least some individual claimants based on the complaint alone given the Court's denial of the Motion to Strike. Regardless, Merck received further information from Plaintiffs in their Profile Forms, which Plaintiffs submitted on June 30, 2006. Merck won its motion for dismissal on *forum non conveniens* grounds against the class action plaintiffs on August 30, 2006. The New Jersey decision, while not binding on this Court, was decided on October 19, 2006.

At the minimum, Merck has waited more than twenty months to assert its *forum* defense. "While untimeliness will not effect a waiver, it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." Empresa Lineas Maritimas Argentinas, S.A. v. Stork-Werkspoor Diesel, B.V., No. 90-1294, 1991 U.S. Dist. LEXIS 1404 AT *10 (E.D. La. 1991). In the interim, Plaintiffs have expended time and effort in participating in discovery and good-faith settlement negotiations. Far shorter delays have been cause to deny *forum non conveniens* motions; a party who waits only a few months after a court is not within a reasonable time. See Manheim Auto. Fin. Servs. v. Okla. Auto Exch., LLC, No. 06-2298, 2007 U.S. Dist. LEXIS 62447 at *4 (D. Kan. Aug. 23, 2007) (four months); CNN L.P. v. CNNews.com, 177 F. Supp. 2d 506, 528 (E.D. Va. 2001) (eight months).

Merck's agreement to the terms of the class action dismissals does not correct the waste of time and resources its delay has inflicted on Plaintiffs. Plaintiffs not only provided Profile

Forms, but also acquired and produced to Merck their medical records and further medical authorizations. Merck's Motion to Dismiss, which presents no case-specific information and comes twenty months late, should be denied.

        Respectfully submitted,

        /s/ Aaron M. Levine
        AARON M. LEVINE, DC #7864
        Attorney for Plaintiffs
        Aaron M. Levine & Associates
        1320 Nineteenth Street, N.W.
        Suite 500
        Washington, DC 20036
        Tel:   202-833-8040
        Fax:  202-833-8046
        aaronlevinelaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs in Case 05-5586's Response to the Court's Order to Show Cause Why the Foreign Individual Cases Should Not be Dismissed Under the Doctrine of Forum Non Conveniens has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 9th day of July, 2008.

/s/ Aaron M. Levine
AARON M. LEVINE, DC #7864
Attorney for Plaintiffs
Aaron M. Levine & Associates
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Tel:   202-833-8040
Fax:   202-833-8046
aaronlevinelaw@aol.com