## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 1199SEIU GREATER NEW YORK | * | CASE NO. 08-3627 |
| BENEFIT FUND, by its Trustees, *et al.,* | * | |
| on behalf of themselves and all others | * | RELATED CASE: |
| similarly situated, | * | 2:05-MD-1657 |
| | * | VIOXX MDL LITIGATION |
| Plaintiffs, | * | |
| | * | SECTION L |
| v. | * | |
| | * | JUDGE ELDON E. FALLON |
| BROWNGREER, PLC, *et. al.,* | * | |
| | * | MAGISTRATE JUDGE |
| Defendants. | * | KNOWLES |

**************************************************************************

### PLAINTIFFS' RESPONSE TO THE NPC DEFENDANTS' MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS IN THE COMPLAINT AND TO THE BROWNGREER MOTION TO STRIKE CLASS ALLEGATIONS

Plaintiffs 1199SEIU Greater New York Benefit Fund and The New York State Teamsters Council Health and Hospital Fund ("Plaintiffs") hereby respond both to the NPC Defendants' Motion to Dismiss and to Strike Class Allegations in the Complaint and to the BrownGreer, PLC Motion to Strike Class Allegations in Plaintiffs' Class Action Complaint.  By this filing, Plaintiffs hereby notify the Court and the parties that they are, simultaneously with the filing of this Response, filing an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A).  As demonstrated below, this Amended Complaint renders the pending NPC Defendants' and BrownGreer motions moot, and Plaintiffs therefore are not required to respond to the substantive arguments raised by these

{N0109370}

motions challenging the superseded complaint.

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend its complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a)(1). It is well established that a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), such as the NPC Defendants' motion, is *not* a responsive pleading within the meaning of Rule 15(a). *See* Fed. R. Civ. P. 7(a); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910-11 (5th Cir. 1993), *citing* 6 Wright & Miller, *Federal Practice and Procedure,* § 1475 (holding that motions are not pleadings because the only "pleadings" under the Federal Rules are "a complaint, an answer, a reply to a counter-claim, an answer to a counter-claim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, pursuant to court order, a reply to an answer or third-party answer"). Accordingly, as the Fifth Circuit held in *McKinney v. Irving Independent School Dist.*, 309 F.3d 308, 315 (5th Cir. 2002), because a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a), the filing of such a motion "does not extinguish a party's right to amend as a matter of course" pursuant to Rule 15(a). *Accord*, *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001); *United Steel Workers AFL-CIO v. Murphy Oil USA, Inc.*, 541 F.Supp.2d 824, 825 (E.D. La. 2007). Plaintiffs therefore indisputably have a right to amend their complaint at this time.

An amended complaint supersedes and moots the original complaint. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *see also In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (same); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (same). Accordingly, when, as here, a plaintiff files an amended complaint as a matter of right after a motion to dismiss has been filed, the filing of the amended complaint "mak[es] the motion to dismiss the original complaint moot." *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F.Supp.2d 853, 857 (E.D. Ky. 2005) (*citing Parry*, 236 F.3d at 306); *see also Pippett v. Waterford Dev., LLC*, 166 F.Supp.2d 233, 236 (E.D. Pa. 2001); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 239-40 (D. Del. 1992).

{N0109370}

Thus, because Plaintiffs' Amended Complaint is now the operative complaint in this case, both the

NPC Defendants' Rule 12(b)(6) motion and the BrownGreer Motion to Strike Class Allegations as

alleged in the superseded original complaint are moot.

For the foregoing reasons, no further response by the Plaintiffs to the NPC Defendants'

Motion to Dismiss and to Strike or the BrownGreer Motion to Strike is required at this time, and

the Court should deny these motions as moot.  To the extent that the NPC Defendants and/or

BrownGreer may deem it appropriate to file motions challenging the Amended Complaint, Plaintiffs

will respond if and when such motions are filed.

New Orleans, Louisiana, this 9th day of July 2008.

Respectfully submitted,


s/ Rebecca H. Dietz
KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA  70170
Telephone: 504-582-3800
Facsimile:  504-582-1233

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips
Diane Paolicelli
800 Third Avenue
13th Floor
New York, NY 10022
Telephone: 212-605-6200
Facsimile:  212-605-6290

- and -

CROWELL & MORING, LLP

Andrew H. Marks
Robert T. Rhoad
Aryeh S. Portnoy
Todd J. Cochran
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Response to the NPC Defendants' Motion to Dismiss and Strike Class Allegations in the Complaint and to the BrownGreer Motion to Strike Class Allegations and Proposed Order has been served on Liaison Counsel, Russ Herman and Phillip Wittman, either by U.S. Mail and e-mail, or hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 (B), and that the foregoing was electronically filed with the Clerk of Court of the United State District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing.

This 9th day of July, 2008,

/s/ Rebecca H. Dietz