# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **1199SEIU GREATER NEW YORK** | * | **CASE NO:** |
| **BENEFIT FUND, by its Trustees** | * | |
| **330 West 42nd Street – 31st Floor** | * | **RELATED CASE:** |
| **New York, NY  10036** | * | **2:05-MD-1657** |
| | * | **VIOXX MDL LITIGATION** |
| **and** | * | |
| | * | |
| **THE NEW YORK STATE TEAMSTERS** | * | |
| **COUNCIL HEALTH AND HOSPITAL** | * | **SECTION L** |
| **FUND, by its Trustees,** | * | |
| **151 Northern Concourse** | * | **JUDGE ELDON E. FALLON** |
| **Syracuse, NY  08648** | * | |
| **on behalf of themselves and all** | * | **MAGISTRATE JUDGE** |
| **others similarly situated,** | * | **KNOWLES** |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | |
| | * | |
| **BROWNGREER, PLC;** | * | |
| **BEASLEY, ALLEN, CROW, METHVIN,** | * | |
| **PORTIS & MILES, P.C.;** | * | |
| **BLIZZARD, McCARTHY & NABERS, LLP;** | * | |
| **GIRARDI AND KEESE;** | * | |
| **HERMAN, HERMAN, KATZ & COTLAR, LLP** | * | |
| **LEVIN, FISHBEIN, SEDRAN & BERMAN;** | * | |
| **JOHN DOE LAW FIRMS 1-100, etc.;** | * | |
| **and JANE DOE VIOXX CLAIMANTS  1-1000,** | | |
| **etc.,** | | |
| | | |
| **Defendants.** | * | |

*************************************************************************

{N0109378}

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, by and through their attorneys, King, Krebs & Jurgens, P.L.L.C., Levy Phillips & Konigsberg LLP, and Crowell & Moring, LLP, on behalf of themselves and all other similarly situated parties, allege as follows:

## PRELIMINARY STATEMENT

Plaintiffs 1199SEIU Greater New York Benefit Fund and The New York State Teamsters Council Health and Hospital Fund ("Named Plaintiffs"), by their respective trustees, bring this Class Action for declaratory and equitable relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, on behalf of themselves and the class of all similarly situated self-funded ERISA health benefit plans (the "ERISA Health Plans"), to enforce two fundamental rights under their ERISA plan documents: (1) the right to receive notification of claims asserted, and settlements entered into, by their plan beneficiaries on whose behalf the plans have paid medical benefits; and (2) the right to be reimbursed from the proceeds of settlement funds paid or to be paid to their plan beneficiaries on whose behalf the plans have paid medical benefits.

This case arises out of the nationwide settlement reached on or about November 9, 2007, between Merck and a negotiating committee of plaintiffs' lawyers, with respect to the personal injury claims asserted by tens of thousands of individuals (hereinafter the "Vioxx Claimants") against Merck associated with their use of Vioxx.  A copy of the settlement agreement (the "Settlement Agreement" or the "Vioxx Settlement") is attached hereto as Exhibit A.  Pursuant to the Settlement Agreement, Merck will pay $4.85 billion into a settlement trust fund (or funds) (the "Settlement Trust") to resolve the personal injury claims asserted by Vioxx Claimants.  The individual Vioxx Claimants are each scheduled, pursuant to the Settlement Agreement, to receive

a portion of the monies held in the Settlement Trust.  These individual settlement amounts are referred to herein as each Vioxx Claimant's "Settlement Fund," and collectively they are referred to herein as the "Settlement Funds".

The payout of the Settlement Funds is due to begin in less than 30 days.  Unless this Court grants the relief sought by this Complaint, including the preliminary injunctive relief, the Named Plaintiffs and all other similarly situated ERISA Health Plans will be irreparably injured. The relief sought herein by the Named Plaintiffs on their own behalf, and on behalf of the class of all similarly situated ERISA Health Plans, is specifically authorized by Section 502(a)(3) of ERISA.  *See Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006); *Bombardier Aerospace Employee Welfare Benefits Plan*, 354 F.3d 348 (5th Cir. 2003).

## THE PLAINTIFFS

1.      Plaintiff 1199SEIU Greater New York Benefit Fund ("1199 Fund") is a New York-based self-funded employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).  The trustees of the 1199 Fund are, and at all relevant times were, fiduciaries of the 1199SEIU Plan.

2.      Plaintiff New York State Teamsters Council Health and Hospital Fund ("Teamsters Fund") is a New York-based self-funded employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).  The trustees of the Teamsters Fund are, and at all relevant times were, fiduciaries of the New York State Teamsters Council Health and Hospital Fund Plan.

3.      Named Plaintiffs, the 1199 Fund and the Teamsters Fund, bring this action on behalf of themselves and all similarly situated ERISA Health Plans.

## THE DEFENDANTS

4.      Defendant BrownGreer, PLC ("BrownGreer") is the duly appointed Administrator of the Vioxx Settlement.  On information and belief, BrownGreer is a law partnership established as a professional corporation with its principal place of business in Richmond, Virginia.  BrownGreer is responsible for disbursing the Vioxx Claimants' Settlement Funds in accordance with the Settlement Agreement.

5.      The Named Law Firm Defendants are the firms of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; and Levin, Fishbein, Sedran & Berman.  These law firms were among the firms designated as "Negotiating Plaintiffs' Counsel," which negotiated and executed the Settlement Agreement.

6.      On information and belief, Defendant Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Firm") is a law partnership established as a professional corporation with its principal place of business in Montgomery, Alabama.  On information and belief, the Beasley Firm represents a number of beneficiaries of the ERISA Health Plans who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits they received in connection with their Vioxx-related injuries. These Vioxx Claimants are referred to herein as the "Beasley-represented ERISA Plan Beneficiaries."  Beginning on or around August 1, 2008, the Beasley Firm is scheduled to receive from BrownGreer the

Settlement Funds attributable to each Beasley-represented ERISA Health Plan beneficiary and is obligated to disburse to each such plan beneficiary respectively, in accordance with the Settlement Agreement, the monies contained in his/her Settlement Fund.

7.      On information and belief, Defendant Blizzard, McCarthy & Nabers, LLP ("Blizzard Firm") is a law partnership established as a limited liability partnership with its principal place of business in Houston, Texas.  On information and belief, the Blizzard Firm represents a number of beneficiaries of the ERISA Health Plans who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits they received in connection with their Vioxx-related injuries. These Vioxx Claimants are referred to herein as the "Blizzard-represented ERISA Plan Beneficiaries."   Beginning on or around August 1, 2008, the Blizzard Firm is scheduled to receive from BrownGreer the Settlement Funds attributable to each Blizzard-represented ERISA Health Plan beneficiary and is obligated to disburse to each such plan beneficiary respectively, in accordance with the Settlement Agreement, the monies contained in his/her Settlement Fund.

8.      On information and belief, Defendant Girardi and Keese ("Girardi Firm") is a law partnership with its principal place of business in Los Angeles, California.  On information and belief, the Girardi Firm represents a number of beneficiaries of the ERISA Health Plans who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to

receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits they received in connection with their Vioxx-related injuries.  These Vioxx Claimants are referred to herein as the "Girardi-represented ERISA Plan Beneficiaries." Beginning on or around August 1, 2008, the Girardi Firm is scheduled to receive from BrownGreer the Settlement Funds attributable to each Girardi-represented ERISA Health Plan beneficiary, and is obligated to disburse to each such plan beneficiary respectively, in accordance with the Settlement Agreement, the monies contained in his/her Settlement Fund.

9.     On information and belief, Defendant Herman, Herman, Katz & Cotlar, LLP ("Herman Firm") is a law partnership established as a limited liability partnership with its principal place of business in New Orleans, Louisiana.  On information and belief, the Herman Firm represents a number of beneficiaries of the ERISA Health Plans who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits they received in connection with their Vioxx-related injuries.  These Vioxx Claimants are referred to herein as the "Herman-represented ERISA Plan Beneficiaries."  Beginning on or around August 1, 2008, the Herman Firm is scheduled to receive from BrownGreer the Settlement Funds attributable to each Herman-represented ERISA Health Plan beneficiary, and is

obligated to disburse to each such plan beneficiary respectively, in accordance with the Settlement Agreement, the monies contained in his/her Settlement Fund.

10.     On information and belief, Defendant Levin, Fishbein, Sedran & Berman ("Levin Firm") is a law partnership with its principal place of business in Philadelphia, Pennsylvania.  On information and belief, the Levin Firm represents a number of beneficiaries of the ERISA Health Plans who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of  their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits they received in connection with their Vioxx-related injuries.  These Vioxx Claimants are referred to herein as the "Levin-represented ERISA Plan Beneficiaries."  Beginning on or around August 1, 2008, the Levin Firm is scheduled to receive from BrownGreer the Settlement Funds attributable to each Levin-represented ERISA Health Plan beneficiary, and is obligated to disburse to each such plan beneficiary respectively, in accordance with the Settlement Agreement, the monies contained in his/her Settlement Fund.

11.     Defendants John Doe Law Firms 1-100, etc., are additional law firms and attorneys that, on information and belief, represent Vioxx Claimants who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits

they received in connection with their Vioxx-related injuries.  These Vioxx Claimants are referred to herein as the "John Doe Law Firm-represented ERISA Plan Beneficiaries." Beginning on or around August 1, 2008, each of the John Doe Law Firms is scheduled to receive from BrownGreer the Settlement Funds attributable to each John Doe Law Firm-represented ERISA Health Plan beneficiary it represents, and is obligated to disburse to each such plan beneficiary respectively, in accordance with the Settlement Agreement, the monies contained in his/her Settlement Fund.  The term "Law Firm Defendants" is used herein to refer collectively to the Named Law Firm Defendants and the John Doe Law Firm Defendants.

12.     Defendants Jane Doe Vioxx Claimants 1-1000, etc., are the Beasley-represented ERISA Health Plan beneficiaries, the Blizzard-represented ERISA Health Plan beneficiaries, the Girardi-represented ERISA Health Plan beneficiaries, the Herman-represented ERISA Health Plan beneficiaries, the Levin-represented ERISA Health Plan beneficiaries,  the John Doe Law Firm-represented ERISA Health Plan beneficiaries, and all other Vioxx Claimants who (a) have enrolled or will enroll in the Vioxx Settlement, (b) are beneficiaries of the ERISA Health Plans on whose behalf the plans have paid Vioxx-related medical benefits and who stand to receive Settlement Funds from the Vioxx Settlement Trust, and (c) are obligated pursuant to their respective plan documents to notify their ERISA Health Plan(s) of information related to their participation in the Vioxx Settlement and/or to reimburse their ERISA Health Plan(s) from their Settlement Funds for medical benefits they received in connection with their Vioxx-related injuries.  The identities of each of these "Jane Doe Vioxx Claimant" defendants are not known and are not readily knowable to Named Plaintiffs and the Class members but, on information and belief, are known to the Law Firm Defendants as well as to Defendant BrownGreer.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this is

an action seeking equitable relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C.

§ 1132(a)(3), to enforce the terms of the ERISA Health Plans' plan documents and to enjoin and

redress ongoing violations of the notification requirements, and imminent violations of the

reimbursement requirements, in these ERISA-covered health and welfare benefit plans.

14.     This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28

U.S.C. § 1332(d), as this case is a class action involving an amount in controversy in excess of

$5,000,000, exclusive of interest and costs, and Plaintiffs and Defendants are citizens of different

states.

15.     Venue is appropriate pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §§

1391(b) and (c) because, *inter alia*, this Court is overseeing the Multidistrict Vioxx proceedings

and because the Vioxx Settlement is being administered in this district, because violations of the

ERISA Health Plans' plan documents have taken and are taking place in this district, and

because defendants may be found in this district.

16.     This Court has personal jurisdiction over all of the defendants pursuant to 29

U.S.C. § 1132(e)(2).

17.     Declaratory and injunctive relief is authorized, respectively, by 28 U.S.C. §§ 2201

and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

**CLASS ACTION ALLEGATIONS**

18.     Named Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of

Civil Procedure on behalf of themselves and as representatives of a Class consisting of the

following:

{N0109378}                                        9

All self-funded ERISA-covered health benefit plans ("ERISA Health Plans") that (a) have paid or agreed to pay Vioxx-related medical benefits on behalf of plan beneficiaries who have enrolled or will enroll in the Vioxx Settlement, and (b) whose plan documents contained at the time such benefits were paid or agreed to be paid, (1) notification provisions requiring beneficiaries to notify the plan of claims or settlements, and/or (2) reimbursement provisions requiring beneficiaries to reimburse the plan, out of recoveries from any third party, for benefits relating to such recovery which the plan has paid or agreed to pay on the beneficiaries' behalf.

This class of ERISA Health Plans is referred to herein as "the Class".

19.     Each pre-requisite of Rule 23 applicable to this case is met.

20.     The Class satisfies the "numerosity" requirement of Fed. R. Civ. P. 23(a)(1), as it is composed of hundreds, and likely thousands, of ERISA Health Plans that are geographically dispersed across the country, thus making the joinder of these plans impracticable except by means of a class action.  The disposition of their claims in a class action will benefit both the parties and the Court.

21.     There are questions of law and fact in this litigation that are common to all Class members, including:

(a)     whether Class members are entitled under ERISA to receive from Defendants information regarding the Jane Doe Vioxx Claimants so that the Class members timely can assert their ERISA-protected rights to reimbursement for Vioxx-related medical benefits they have paid or agreed to pay on behalf of their plan beneficiaries who are participating in the Vioxx Settlement;

(b)     whether Class members are entitled under ERISA to an order enjoining the distribution of Vioxx Settlement Funds until the Class members have had the reasonable opportunity to identify the Jane Doe Vioxx Claimants, and to assert and resolve, either by negotiation or adjudication, their ERISA-protected reimbursement rights;

(c)     whether Class members will suffer irreparable harm – *i.e.*, the impairment and/or elimination of their ERISA-protected rights to be reimbursed for the Vioxx-related medical benefits they have paid or agreed to pay on behalf of their plan beneficiaries enrolling in the Vioxx Settlement – if the Settlement Funds are distributed to the Jane Doe Vioxx Claimants before the Class members have a reasonable opportunity to identify the Jane Doe Vioxx Claimants, and to assert and resolve, either by negotiation or adjudication, their ERISA-protected reimbursement rights;

(d)     whether the refusal of the Law Firm Defendants to provide information in their possession and/or take such other action sufficient to ensure compliance, or avoid noncompliance, with the notification and reimbursement provisions in the Class members' plan documents, impairs, or otherwise violates, the ERISA rights of Class members to notification of Vioxx-related claims and/or settlements and reimbursement for Vioxx-related medical expenses.

22.     Named Plaintiffs assert claims that are typical of the claims of the entire Class. Named Plaintiffs and all members of the Class have provided, or will provide, Vioxx-related medical benefits pursuant to an ERISA Health Plan which, at the time of payment (or agreement to pay), obligated each plan beneficiary receiving such benefits (a) to notify the plan of his/her claims against Merck and/or participation in the Vioxx Settlement and/or (b) to reimburse the plan from his/her individual Settlement Fund.  Each ERISA Health Plan has been deprived, and will continue to be deprived, of its rights, pursuant to its ERISA plan documents, to be notified by its plan beneficiaries who have received, or will receive, Vioxx-related medical benefits, of pending Vioxx claims and settlements.  In addition, unless the relief sought herein is granted, Named Plaintiffs and all members of the Class will be unable to enforce their ERISA plan rights to reimbursement of Vioxx-related medical expenses from the Settlement Funds that will be

distributed respectively, out of the Settlement Trust, to the tens of thousands of Jane Doe Vioxx Claimants dispersed around the country.

23.     Named Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Named Plaintiffs have no interests antagonistic to those of the Class.  Named Plaintiffs have retained counsel who are competent and experienced in this type of litigation.

24.     Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making injunctive relief or declaratory relief concerning the Class as a whole appropriate.

25.     Named Plaintiffs and the Class members will suffer the same types of harm as a result of the Defendants' conduct as alleged herein.  Absent class-wide relief, Class members will suffer irreparable harm, in that they will be unable to identify the Jane Doe Vioxx Claimants who are their plan beneficiaries and/or to enforce their ERISA rights to reimbursement for the Vioxx-related medical expenses they have paid or agreed to pay.

26.     Plaintiffs anticipate that there will be no insurmountable difficulty in the management of this litigation.  A class action is superior to other available methods for the adjudication of this controversy.

27.     All conditions precedent to the maintenance of this action have been met.

28.     This action is properly maintainable as a class action, and class certification is appropriate, pursuant to Fed. R. Civ. P. 23(b)(2).

## FACTS

### A.     The Vioxx Settlement

29.     Merck sold Vioxx in the United States from May 1999 through September 30, 2004.  Merck withdrew the drug from the market following the release of scientific studies that

demonstrated that the drug increased the risks of heart attacks, strokes, and other cardiovascular events in individuals who ingested it.  An estimated 20 million patients were prescribed Vioxx in the United States during this period.

30.     In the wake of the publicity of the cardiovascular risks associated with Vioxx, tens of thousands of individuals commenced lawsuits against Merck, alleging that their ingestion of the drug caused them to suffer heart attacks, strokes, and other injuries, and claiming damages arising out of their and/or their decedents' injury or death, including the cost of past and future health and medical expenses.

31.     As of October 2007, according to the Settlement Agreement, lawsuits on behalf of approximately 47,000 Vioxx-injured claimants were pending against Merck nationwide.  *See* Settlement Agreement, at p. 1.  An estimated 14,500 additional claimants had asserted Vioxx personal injury claims but entered into tolling agreements with Merck in lieu of filing lawsuits. There is no publicly available information identifying each of these claimants sufficient to determine which of them also are beneficiaries of the Named Plaintiffs and the other ERISA Health Plans comprising the class.  This information resides exclusively in the hands of the Law Firm Defendants, Defendant BrownGreer, and the Jane Doe Vioxx Claimants themselves.

32.     On or about November 9, 2007, Defendants Merck and Negotiating Plaintiffs Counsel, which included the Named Law Firm Defendants, collectively entered into the Settlement Agreement applicable to all Vioxx personal injury claims that met certain prescribed eligibility requirements.  Under the Settlement Agreement, Merck agreed to establish a pre-funded, structured private settlement program to resolve all pending or tolled Vioxx personal injury claims involving heart attacks, ischemic strokes, and sudden cardiac death for an overall amount of $4.85 billion.

33.     On information and belief, to date more than 59,000 individuals, and/or personal representatives of individuals, who claim to have suffered strokes and/or heart attacks as a result of their ingestion of Vioxx, have enrolled in, or registered to enroll in, the Vioxx Settlement and have executed documents, including releases, in furtherance of the Settlement.  On further information and belief, and in light of this large number of Vioxx Claimants, Named Plaintiffs and the other ERISA Health Plans comprising the class have expended and/or authorized the expenditure of substantial sums for Vioxx-related medical care on behalf of the Jane Doe Vioxx Claimants.  On information and belief, the Class of ERISA Health Plans has expended and/or authorized the expenditure of hundreds of millions of dollars for the costs of Vioxx-related medical expenses for their Plan beneficiaries who are Jane Doe Vioxx Claimants.

34.     The Settlement Agreement negotiated by the Named Law Firm Defendants expressly takes into account the lien interests of governmental payors of medical expenses incurred by Vioxx personal injury claimants by affirmatively obligating Vioxx Claimants and their counsel to satisfy governmental liens and provide Merck with proof that such liens have been resolved.  Pursuant to the Settlement Agreement, a Lien Resolution Administrator has been appointed to oversee governmental lien resolution, and no settlement monies will be disbursed without proof of satisfaction of these governmental liens.

35.     In contrast, the Settlement Agreement fails to make any provision for resolving the ERISA-protected reimbursement rights of the ERISA Health Plans comprising the class, including Named Plaintiffs.  Instead, the Settlement Agreement provides for the distribution of the Settlement Funds to the Jane Doe Vioxx Claimants in strict confidence, and in a manner that makes it impossible for Named Plaintiffs and the other ERISA Health Plans comprising the class

(a) to identify their beneficiaries who will be receiving Settlement Funds and (b) to enforce their reimbursement rights.

36.    The only accommodation the Settlement Agreement makes for ERISA Health Plans is the requirement that each Vioxx Claimant and his/her attorney certify that they have satisfied all liens that may exist against their respective Settlement Funds.  Thus, the Settlement Agreement requires expressly, and before any Settlement Funds can be disbursed from the Settlement Trust, that each Vioxx Claimant and his/her attorney provide to Merck a signed release affirming that they "represent and warrant that any and all Liens with respect to any and all Settlement Payments … have been satisfied and discharged."  *See* Settlement Agreement Exhibit 1.2.2.3 ("Release of All Claims").  The Settlement Agreement further requires that each attorney representing a Vioxx Claimant – including each of the Law Firm Defendants – sign a "Certification of Counsel" affirming that the attorney has discussed all issues relating to the Settlement Agreement with the claimant, and agrees to comply with his/her "joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens," including, *inter alia*, liens held by the Named Plaintiffs and the other ERISA Health Plans comprising the class.  *See id.* at 11.

37.    The Settlement Agreement also purports to assess a "common benefit fee" of up to eight percent (8%) of the gross amount of the settlement to be paid to each Vioxx Claimant to the Law Firm Defendants referred to in the Settlement Agreement as "Common Benefit Attorneys."  *See* Settlement Agreement, Sect. 9.2.1.

38.    On information and belief, the Law Firm Defendants are, and were at the time the Settlement Agreement was being negotiated, aware that typical self-funded ERISA Health Plans, including the ERISA Health Plans of which the Jane Doe Vioxx Claimants are beneficiaries,

obligate the beneficiaries to reimburse the plans out of, and establish equitable liens over, settlement proceeds.  The Settlement Agreement requires, prior to the disbursement of the Settlement Funds for any Vioxx Claimant, that the claimant and his/her counsel release and hold harmless Merck from all private insurance liens, as well as all claims of subrogation, reimbursement, or liens for Vioxx related medical expenses.  *See* Settlement Agreement, Sect. 12.1.5.  In addition, the Plaintiffs' Steering Committee in the Vioxx Litigation has circulated to Vioxx Claimants' counsel around the country a document called "Frequently Asked Questions: Healthcare Lines in the Vioxx Settlement."  These "FAQ's" specifically discuss the existence of healthcare liens of non-governmental payors, including the ERISA Health Plans, and state that it is the obligation of each Vioxx Claimant and his/her attorney to investigate the existence of any liens on their respective Settlement Fund and to certify that such liens shall be satisfied before the Settlement Fund is disbursed from the Settlement Trust:

> "Prior to disbursement of any Settlement benefits to your clients, and as a condition precedent to being entitled to receive their Settlement Payment, **you and your clients must certify that you have conducted a good faith investigation into the existence and amount of these other liens [including the liens held by ERISA Health Plans], and that any such liens will be satisfied from the respective clients' Settlement Payments**."

39.     In addition, members of at least three of the Law Firm Defendants also are counsel of record in the Vioxx Purchase Claims Master Class Action Complaint filed in MDL 1657 in which they asserted and reserved subrogation and/or reimbursement claims on behalf of health payor clients.  The Purchase Claims Master Class Action Complaint states in relevant part: "[t]he class members reserve all rights, claims and interests regarding subrogation for the costs of diagnosing and treating present and future known and unknown health effects allegedly caused by Vioxx."

**B.**     **Plaintiffs' ERISA Rights Under the Plan Documents**

40.     Named Plaintiffs' and all class members' ERISA plan documents give the plans the right to obtain reimbursement from plan beneficiaries, including the Jane Doe Vioxx Claimants, of Vioxx-related medical expenses paid by the plans on their behalf, out of any recovery from a third-party, such as Merck, for injuries related to such medical expenses. These plan provisions (hereinafter referred to as the "Reimbursement Provisions") establish, on each plan's behalf and to the extent of the benefits paid, an equitable lien on any funds paid by a third-party tortfeasor, such as Merck, for injuries related to the medical expenses paid by the plan.

41.     Named Plaintiffs' and all class members' ERISA plan documents also give the plans the right to prompt notification from each plan beneficiary, including each of the Jane Doe Vioxx Claimants, of any information necessary to enable the plans to enforce their ERISA-protected rights.  This includes, *inter alia*, information regarding any Vioxx-related claims filed against, and any Vioxx-related recoveries received (or to be received) from, any third-party, such as Merck, for injuries related to any medical expenses paid by the plans on behalf of these beneficiaries.  These plan provisions are referred to herein as the "Notification Provisions."

42.     On information and belief, the Notification and Reimbursement Provisions of the ERISA plan of Named Plaintiff 1199 Fund provided at all times relevant hereto, in relevant part:

> When another party is responsible for an illness or injury, the Plan Administrator has rights to recover the full amount it has paid or will pay related to any claims which you may have against any person or entity. This means you are assigning your rights in any recovery to the Fund to the extent of the Fund's payments on your behalf.  The Fund's right to recover the payments comes before you can recover.  Therefore, the Fund has an independent right to bring an action in connection with such an injury or illness in your name and also has a right to intervene in any such action brought by you.  It also means that the Fund has an equitable lien on the proceeds of any verdict or settlement reached in a lawsuit that you bring against someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions.  The Fund has a right to be repaid from those proceeds.  **You must notify the Fund of any**

**accident or injury for which someone else may be responsible.
Further, the Fund must be notified of initiation of any lawsuit arising
out of the accident or incident**.

**You are required to provide the Fund with any and all information
and to execute and deliver all necessary documents as the Plan
Administrator may require to enforce the Fund's rights**.  Once the
Fund learns that another party may be responsible, you must sign an
agreement (or a "lien") affirming the Fund's rights with respect to benefit
payments and claims.  Benefit payments are not payable until this
agreement is signed and received by the Fund.

If you receive payments from or on behalf of the party responsible for an
illness or injury, the Fund must be repaid from those payments.  You must
repay the Fund regardless of whether the total amount of the recovery is
less than the actual loss and even if the party does no admit responsibility,
itemize the payments or identify payments as medical expenses.  **You
cannot reduce the amount of the Fund's payments to pay for
attorneys' fees incurred to obtain payments from the responsible
party**.  The Fund's rights provide the Fund with first priority to any and
all recovery in connection with the injury or illness. **The Fund has these
rights without regard to whether you have been "made-whole."**

**If you fail or refuse to sign a lien or to comply with these terms, the
Plan Administrator may suspend your eligibility for benefits and/or
recovery from providers' money paid to them, until the Fund is fully
repaid**.  In addition, the Plan Administrator may bring a court action
against you to enforce the terms of the Plan.

**By accepting the Fund's payments, you are consenting to a
constructive trust being placed on the amount owed to the Fund out of
any proceeds**.

(Emphasis added).

      43.     Similarly, on information and belief, the Notification and Reimbursement

Provisions of the ERISA plan of Plaintiff Teamsters Fund provided at all times relevant hereto,

in relevant part:

If we pay any of your medical, dental, vision, or prescription drug
expenses or Weekly Disability Benefits (DBL), then **we are subrogated
to your rights of recovery and have a lien on any and all amounts
owed to you by, or from the third party**.  This means that we may

recover the amount you are owed from the third party (or from you, if the third party pays you).

You must sign an agreement to reimburse us in full from any recovery received by you from a third party, including any settlement for pain and suffering, whether by insurance claim, court judgment, settlement, or otherwise.  The absence of a signed agreement, however, shall not diminish or waive in any way our right to recover from you or a third party, because our right arises when we pay expenses any/or Weekly Disability Benefits (DBL) for your benefit.

You must pursue all reasonable claims against third parties if we have paid your medical expenses, including filing a lawsuit if necessary (unless you assign your claims to us) . . . .

**You must inform us of the filing of any claim or the commencement of any legal action against a third party, and provide any information requested by us and sign any documents that we request to assist in recovering from responsible third parties.  We may also require your attorney to sign documents protecting our rights.**

**You may not settle any claim or lawsuit without our written consent. You may not take any action that prejudices our rights and interests.**

The Fund is entitled to reimbursement at **100%** of the benefits paid.  Even though the payment you receive from the third party may be reduced by attorney's fees and expenses, the Fund has not obligation to share in a pro rata portion of those fees and expenses.

**If you receive payment for an injury or illness and fail to reimburse us for benefits that we have paid to you, or on your behalf, of if you otherwise fail to comply with the above obligations, we reserve the right not to pay your claim, or future claims, for benefits under the Plan, until the withheld payments equal what would have been recovered from the third party.**  Alternatively, we have the right to bring a legal action against you for reimbursement.

(Emphasis added).

      44.    On information and belief, the ERISA plan documents of hundreds, and likely

thousands, of other ERISA Health Plans contain Reimbursement Provisions and Notification

Provisions materially the same or similar to the Reimbursement and Notification Provisions in

the Named Plaintiffs' plan documents.  Accordingly, Named Plaintiffs bring this action on behalf of themselves and all other ERISA Health Plans with provisions establishing the same or materially similar notice and/or reimbursement rights under the terms and conditions of their plan documents.

### C. <u>The Imminent and Irreparable Harm to the Named Plaintiffs and the Class</u>

45.     On information and belief, in violation of their obligations under the Reimbursement Provisions and Notification Provisions of the ERISA plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class, the Jane Doe Vioxx Claimants have failed to notify their ERISA Health Plans that they have elected to participate in the Vioxx Settlement, or even that they have asserted claims against Merck for their Vioxx-related injuries.

46.     It is not possible through reasonable diligence for the Named Plaintiffs and the other ERISA Health Plans that comprise the Class to utilize publicly available materials to identify the Jane Doe Vioxx Claimants.  There is no publicly available listing of Vioxx Claimants who have entered into tolling agreements and/or settled their Vioxx-claims against Merck.

47.     Although the records of the Named Plaintiffs and the other ERISA Health Plans that comprise the Class may contain information identifying certain plan beneficiaries who were prescribed Vioxx during certain years, even those records do not enable the plans to determine whether injuries for which the ERISA Health Plans have paid medical benefits, including, *e.g.*, heart attacks, strokes, or other cardiac events, correspond to each beneficiary's use of Vioxx, particularly where the beneficiary received medical benefits covering his/her purchase of Vioxx from another unrelated health plan or payor.   Thus, it is not possible for the Class members to determine from these records the identities of the Jane Doe Vioxx Claimants.

48.     Even if the Named Plaintiffs and the other ERISA Health Plans that comprise the Class were able to identify every one of their beneficiaries on whose behalf they have paid or agreed to pay Vioxx-related medical benefits (which they cannot do), such identification would not enable them to identify which of those beneficiaries are participating in the Vioxx Settlement.  Similarly, even if the Named Plaintiffs and the other ERISA Health Plans were provided the names of each Vioxx Claimant without any additional identifying information, they still would be unable to identify the Jane Doe Vioxx Claimants sufficiently to assert their ERISA-protected rights because many of the Vioxx Claimants are likely to share common names (*e.g.*, John Peters or Susan Wagner).

49.     There is no way from information available to the Named Plaintiffs and the other ERISA Health Plans that comprise the Class for the Class members to identify the Jane Doe Vioxx Claimants, particularly those who have entered into tolling agreements with Merck and have not filed suit.

50.     Without information as to the identity of the Jane Doe Vioxx Claimants, including their names and other limited but sufficient identifying information, *e.g.*, whole or partial Social Security Numbers and employer identification, which information is known and readily available to the Law Firm Defendants and Defendant BrownGreer, the Named Plaintiffs and other ERISA Health Plans comprising the class are, and will continue to be, unable to enforce their ERISA-protected rights, including, *inter alia*, their equitable rights to recover from the Jane Doe Vioxx Claimants the amounts the plans have expended or authorized for the benefit of these plan beneficiaries for Vioxx-related medical expenses.

51.     Following the execution of the Settlement Agreement, Named Plaintiffs, along with other ERISA Health Plans, sent a letter dated November 19, 2007 (the "Notice Letter") to

the Named Law Firm Defendants and others advising these firms of the plans' reimbursement

and subrogation rights under the ERISA plan documents.  Because the Settlement Agreement

keeps confidential the identities of the settling Vioxx Claimants, including the Jane Doe Vioxx

Claimants, Named Plaintiffs were unable to identify specifically in the letter those Vioxx

Claimants who also were participants in these plans.  Rather, the Notice Letter specifically

requested the firms voluntarily to provide these ERISA Health Plans with the basic information

that would permit for an orderly identification of liens and reimbursement rights with respect to

the plan beneficiaries on whose behalf the plans had paid or agreed to pay Vioxx-related medical

benefits.  The Named Law Firm Defendants failed to respond to the Notice Letter.

52.     Having received no response to the Notice Letter, counsel for Named Plaintiffs,

acting on behalf of Named Plaintiffs and certain other ERISA Health Plans, duly served a Notice

of Lien to Attorney ("Lien Notice"), dated January 15, 2008, upon certain of the Named Law

Firm Defendants as well as dozens of other law firms.  In accordance with settled custom and

practice, the Lien Notice requested that no Vioxx Settlement monies be disbursed to any

individual plaintiff until the resolution or adjudication of the ERISA plans' reimbursement

claims.

53.     Counsel for Named Plaintiffs then sent to certain of the Named Law Firm

Defendants and the other law firms to which the January 15 letter had been sent another letter,

dated January 25, 2008, which set forth in some detail the legal bases for the reimbursement and

lien claims of the ERISA Health Plans.  None of the Named Law Firm Defendants responded to

either letter.

54.     On information and belief, unless enjoined, Defendant BrownGreer will, as soon

as August 1, 2008, begin to distribute to the Jane Doe Vioxx Claimants, directly or through the

Law Firm Defendants, billions of dollars in Settlement Funds from the Settlement Trust. Once these Settlement Funds are distributed respectively to individual Jane Doe Vioxx Claimants and co-mingled with these claimants' other assets, the Named Plaintiffs and the other ERISA Health Plans comprising the Class will be irreparably injured in that they will have no effective means of enforcing their ERISA plan reimbursement rights.

55.    In addition, on information and belief, Defendant BrownGreer will disburse Settlement Funds to the Law Firm Defendants who are "Common Benefit Attorneys," as defined in the Settlement Agreement. These "common benefit fees," which may total as much as eight percent (8%) of the settlement payments attributable to each Jane Doe Vioxx Claimant, and thus could substantially exceed $100 million, are subject to the Class members' reimbursement and lien rights to the extent necessary to satisfy the reimbursement obligations the Jane Doe Vioxx Claimants owe their ERISA Health Plans.

56.    As a result of the breaches of the Notification Provisions by the Jane Doe Vioxx Claimants, and the failure of the Law Firm Defendants to provide to the Class members the information concerning the Jane Doe Vioxx Claimants, the Named Plaintiffs and the other ERISA Health Plans comprising the Class are currently being deprived of their rights under their plan Notification Provisions and are in imminent danger of being denied their rights under their plan Reimbursement Provisions.

## COUNT I

## DECLARATORY RELIEF UNDER ERISA, 29 U.S.C. § 1132(a)(3), and 28 U.S.C. §§ 2201 and 2202

57.    Plaintiffs repeat and reallege the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

58.     By virtue of the Notification Provisions, information regarding the Settlement Funds to be disbursed to the Jane Doe Vioxx Claimants, including the identification of these claimants and the amounts they will be receiving, are assets of the ERISA Health Plans.  The Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled to recover/obtain these plan assets both from their plan beneficiaries as well as from third parties, including the Law Firm Defendants and BrownGreer.

59.     The Law Firm Defendants are the agents and representatives of the Jane Doe Vioxx Claimants.  The Law Firm Defendants possess the claim and settlement-related information that the Jane Doe Vioxx Claimants are obligated to provide to the ERISA Health Plans pursuant to the plans' Notification and Reimbursement Provisions.  This information is not subject to any legitimate claim of privilege because, *inter alia*, this information  has been provided to Merck and to BrownGreer as part of the Vioxx Settlement process.

60.     The Named Plaintiffs and the other ERISA Health Plans comprising the Class have an equitable right, enforceable under ERISA, to obtain from the Law Firm Defendants, as agents and representatives of the Jane Doe Vioxx Claimants, the claim and settlement-related information that the Jane Doe Vioxx Claimants are obligated to provide to the ERISA Health Plans.

61.     The Named Plaintiffs and the other ERISA Health Plans comprising the Class have an equitable right, enforceable under ERISA, to obtain from BrownGreer the claim and settlement-related information that the Jane Doe Vioxx Claimants are obligated to provide to the ERISA Health Plans.

62.     The Named Plaintiffs and the other ERISA Health Plans comprising the Class have an equitable right, enforceable under ERISA, to that portion of each such Settlement Fund

received by or on behalf of each Jane Doe Vioxx Claimant corresponding to the amount the plans have paid or will pay for the claimant's Vioxx-related medical expenses.  The portion of each Jane Doe Vioxx Claimant's Settlement Fund, whether held by the Law Firm Defendant representing such claimant or by the Jane Doe Vioxx Claimant him/herself, is a specifically identifiable fund in the active and/or constructive possession or control of each  Jane Doe Vioxx Claimant that, in "good conscience," belongs to the  ERISA Health Plan(s) that paid or will pay for the claimant's Vioxx-related medical expenses because it is subject to the lien rights of the Class members and constitutes an asset of the plans up to the amount of the medical benefits paid or to be paid on behalf of each Jane Doe Vioxx Claimant.

63.    Named Plaintiffs and the other ERISA Health Plans comprising the Class are entitled to be reimbursed from each Jane Doe Vioxx Claimant's Settlement Fund for the medical expenses they have paid or will pay on behalf of each Jane Doe Vioxx Claimant.  If the ERISA Health Plans are unable to assert their lien rights and enforce the reimbursement provisions of their plan documents relating to these Settlement Funds, the Jane Doe Vioxx Claimants will be unjustly enriched.

64.    On information and belief, the Law Firm Defendants, as agents and representatives of the Jane Doe Vioxx Claimants, will receive from BrownGreer out of the Settlement Trust the Settlement Funds designated for each Jane Doe Vioxx Claimant, and will then seek to retain some portion of each Settlement Fund as compensation for their work on behalf of the Jane Doe Vioxx Claimants whom they represent.

65.    By virtue of the terms of the plans of Named Plaintiffs and the other ERISA Health Plans comprising the Class, the amounts of any fees that the Named Law Firm Defendants and the John Doe Law Firm Defendants otherwise may be entitled to retain from the

Jane Doe Vioxx Claimants' Settlement Funds are assets of the plans and subject to the plans' equitable liens up to the amounts the Class members have paid or will pay in Vioxx-related medical benefits on behalf of the Jane Doe Vioxx Claimants.

66.     Accordingly, Named Plaintiffs, on behalf of themselves and the other similarly situated ERISA Health Plans comprising the Class, seek declaratory relief in the form of the following determinations:

(a)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class (all of which, as the Class is defined, have the same or materially similar plan language) are entitled under ERISA to obtain from the Vioxx Settlement Administrator sufficient information regarding the Jane Doe Vioxx Claimants to enable each Class member timely to assert its ERISA-protected rights to reimbursement from each such claimant's Settlement Fund for Vioxx-related medical benefits the Class members have paid or agreed to pay on behalf of the corresponding Jane Doe Vioxx Claimant who is its plan beneficiary;

(b)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class (all of which, as the Class is defined, have the same or materially similar plan language) are entitled under ERISA to obtain from the Law Firm Defendants sufficient information regarding the Jane Doe Vioxx Claimants to enable each Class member timely to assert its ERISA-protected rights to reimbursement from each such claimant's Settlement Fund for Vioxx-related medical benefits the Class members have paid or agreed to pay on behalf of the corresponding Jane Doe Vioxx Claimant who is its plan beneficiary;

(c)     that the Named Plaintiffs and the other ERISA Health Plans comprising the Class (all of which, as the Class is defined, have the same or materially similar plan language) are entitled under ERISA to obtain from the Jane Doe Vioxx Claimants sufficient

information to enable each Class member timely to assert its ERISA-protected rights to reimbursement from each such claimant's Settlement Fund for Vioxx-related medical benefits the Class members have paid or agreed to pay on behalf of the corresponding Jane Doe Vioxx Claimant who is its plan beneficiary;

(d)      that the Named Plaintiffs and the other ERISA Health Plans comprising the Class (all of which, as the Class is defined, have the same or materially similar plan language) have, under ERISA, an enforceable equitable lien against that portion of each Jane Doe Vioxx Claimant's Settlement Fund received by the Law Firm Defendants on behalf of any Jane Doe Vioxx Claimant, corresponding to the amount of Vioxx-related medical benefits the plans have paid or agreed to pay on behalf of the plan beneficiary;

(e)      that the Named Plaintiffs and the other ERISA Health Plans comprising the Class (all of which, as the Class is defined, have the same or materially similar plan language) have, under ERISA, an enforceable equitable lien against any "common benefit fees" (s*ee* Settlement Agreement, Sect. 9.2.1) deducted from or attributable to any Settlement Fund received on behalf of any Jane Doe Vioxx Claimant up to the amount of the Vioxx-related medical benefits the plans have paid or agreed to pay on behalf of the plan beneficiary; and

(f)      that the Named Plaintiffs and the other ERISA Health Plans comprising the Class (all of which, as the Class is defined, have the same or materially similar plan language) are entitled under ERISA (i) to enforce their equitable liens against any Vioxx Settlement Fund received by or on behalf of any Jane Doe Vioxx Claimant and (ii) to be reimbursed by each Jane Doe Vioxx Claimant  from any Vioxx Settlement Fund that the claimant receives or that is received by others on the claimant's behalf, up to the amount of Vioxx-related medical benefits the plans have paid or agreed to pay on behalf of  the claimant.

## COUNT II

### PRELIMINARY EQUITABLE RELIEF
### UNDER ERISA, 29 U.S.C. § 1132(a)(3)

67.     Plaintiffs repeat and reallege the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

68.     Section 1132(a)(3) of ERISA provides, in relevant part, that an ERISA-governed employee welfare benefit plan may bring a civil action (a) to enjoin any act or practice which violates any provision of ERISA or the terms of the plan, and/or (b) to obtain any other appropriate equitable relief to redress such violations or to enforce the statute or the plan terms.

69.     To enforce the Notification Provisions and the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to prevent the Class members from suffering irreparable injury pending adjudication on the merits of the ERISA claims asserted in this Complaint, the Court should, pursuant to Section 502(a)(3) of ERISA and Rule 65 of the Federal Rules of Civil Procedure, issue a preliminary injunction compelling BrownGreer, the Law Firm Defendants, and the Jane Doe Vioxx Claimants immediately to provide the following relief, subject to appropriate confidentiality limitations that respect applicable privacy interests and laws, to enable the Class members to enforce their notification and reimbursement rights under the terms of their ERISA plan documents:

    a.  BrownGreer, as Settlement Administrator, shall notify all parties at least twenty (20) days prior to any distribution of Vioxx Settlement funds.

    b.  On or before the date of the initial disbursement by the Settlement Administrator of Settlement Funds to each Law Firm Defendant representing Jane Doe Vioxx Claimants, and as a condition precedent to such disbursement, the Law Firm Defendant shall certify to the Settlement Administrator that it has conducted a good faith investigation into the existence and amount of any potential lien on any Vioxx

Settlement Fund designated for any claimant it represents, including any potential lien on behalf of any ERISA Health Plan, and either (1) certify to the Settlement Administrator and Class Counsel that it has determined that no such claimant it represents received Vioxx-related benefits from any ERISA Health Plan; or (2) submit a list to the Settlement Administrator and Class Counsel, on an "attorneys' eyes only" basis, identifying those claimants whom it represents who may have received Vioxx-related benefits from any ERISA Health Plan.

c.  When submitting a list of claimants pursuant to Paragraph 69(b)(2) above, the Law Firm Defendant shall identify, for each claimant it represents, *only* the claimant's (1) name, (2) social security number, (3) employer, and (4) ERISA Health Plan(s).

d.  Within five (5) business days of receipt of a certification under Paragraph 69(b)(1) above, BrownGreer shall be authorized to disburse from the Settlement Trust to the certifying Law Firm Defendant the Settlement Fund designated for each of the claimants represented by that firm, in such a manner that each such claimant's Settlement Fund is segregated into a separate interest-bearing escrow account, and the Law Firm Defendant shall be authorized to proceed with disbursement of each such claimant's Settlement Fund in accordance with the Settlement Agreement.

e.  Within five (5) business days of receipt of a list of claimants pursuant to Paragraph 69(b)(2) above, BrownGreer shall be authorized to disburse from the Settlement Trust to the certifying Law Firm Defendant each Settlement Fund designated for the claimants represented by that firm, in such a manner that each claimant's Settlement Fund is segregated into a separate interest-bearing escrow account, and the Law Firm Defendant shall be authorized to proceed with disbursement of each such claimant's Settlement Fund in accordance with the Settlement Agreement only to such claimants not identified on the list, *i.e.*, those claimants whom the firm certifies have not received Vioxx-related benefits from any ERISA Health Plan.

f.  With respect to those claimants identified on a list submitted pursuant to Paragraph 69(b)(2) above, each Law Firm Defendant is authorized to disburse, in accordance with the Settlement Agreement, the Settlement Fund designated for any claimant for whom it provides a written certification to BrownGreer and Class Counsel that (1) the claimant will suffer a substantial hardship unless he/she receives his/her Settlement Fund immediately, such certification to include an explanation of the nature of the hardship, or (2) the portion of the claimant's Settlement Fund that shall remain in the Settlement Trust following the initial distribution by BrownGreer of Settlement Funds is greater than the amount of all medical benefits received by the claimant from any ERISA Health Plan.

g.  Following receipt of the lists of claimants pursuant to Paragraph 69(b)(2) above, Class Counsel shall be responsible for attempting to provide notice to each Class member of the information corresponding to those listed claimants who were beneficiaries of that  Class member's self-funded ERISA health benefit plan.

h. Following receipt by Class Counsel of any list of claimants pursuant to Paragraph 69(b)(2)above, each Class member shall have forty-five (45) days to submit to the Law Firm Defendants representing such claimants, in writing, all demands for reimbursement or restitution related to the plan's payment of Vioxx-related benefits to the listed claimants. After such forty-five (45) days have elapsed, the Law Firm Defendants shall be authorized to proceed with disbursement of Settlement Funds to any such claimant for whom no demand has been made.

i. With respect to any claimant for whom a demand for reimbursement or restitution has been made in accordance with Paragraph 69(h) above, the Law Firm Defendants shall be authorized to proceed with disbursement of Vioxx Settlement Funds to each such claimant only to the extent that such claimant's undisbursed Settlement Fund exceeds the amount of the demand for reimbursement or restitution.

70.    If the foregoing relief is not granted, Named Plaintiffs, and the other similarly situated ERISA Health Plans comprising the class, will be unable to assert or enforce their ERISA-protected rights and will be irreparably harmed.

71.    The issuance of the requested preliminary injunctive relief is appropriate because (a) the Class members are likely to prevail on the merits of their claims, under ERISA, to enforce the Notification Provisions and the Reimbursement Provisions of their plan documents, (b) the Class members will suffer irreparable injury if the Vioxx Settlement Funds are distributed to the Jane Doe Vioxx Claimants or their counsel before the Class members are provided the information they need, and to which they are entitled, to assert and enforce their reimbursement and lien rights against these settlement proceeds, (c) the balance of the equities favors the issuance of interim injunctive relief because the Class members stand to lose any practical ability to enforce their ERISA-protected reimbursement rights to tens, if not hundreds, of millions of dollars absent injunctive relief, and the relief sought is narrowly tailored to avoid any undue interference with the rights of the Jane Doe Vioxx Claimants and the Law Firm Defendants or any third parties, and (d) the public interest strongly favors the enforcement of the terms of ERISA plans and the protection of ERISA plan assets.

{N0109378}                                           30

## COUNT III

### PERMANENT EQUITABLE RELIEF
### UNDER ERISA, 29 U.S.C. § 1132(a)(3)

72.     Plaintiffs repeat and reallege the allegations contained in each of the foregoing paragraphs as if fully set forth herein.

73.     Section 1132(a)(3) of ERISA provides, in relevant part, that an ERISA-governed employee welfare benefit plan may bring a civil action (a) to enjoin any act or practice which violates any provision of ERISA or the terms of the plan, and/or (b) to obtain any other appropriate equitable relief to redress such violations or to enforce the statute or the plan terms.

74.     By virtue of the plan language establishing a reimbursement right with respect to any settlement funds or other funds actually recovered from third parties (such as Merck), that portion of each Jane Doe Vioxx Claimant's Settlement Fund corresponding to the amount any Class member has paid, or will pay, for the claimant's Vioxx-related medical expenses, is a specifically identifiable fund in the actual or constructive possession of such claimant, but which, "in good conscience," belongs to the Class member.  This is true whether the Settlement Fund is held by the claimant him/herself, by the Law Firm Defendant representing such claimant, or by BrownGreer as the Vioxx Settlement Administrator.

75.     To enforce the Reimbursement Provisions contained in the plans of the Named Plaintiffs and the other ERISA Health Plans comprising the Class with respect to Vioxx-related claims and settlements, and to redress violations of those terms, the Court should, pursuant to Section 502(a)(3) of ERISA, (a) impose a constructive trust over that portion of each Jane Doe Vioxx Claimant's Settlement Fund corresponding to the amount of Vioxx-related medical benefits that the Named Plaintiffs or the other ERISA Health Plans comprising the Class have

paid or agreed to pay on behalf of the plan beneficiary, (b) issue an order directing the Law Firm Defendants and the Jane Doe Vioxx Claimants to pay, turn over, or take such other action as is necessary to transfer to each Class member that portion of each Jane Doe Vioxx Claimant's Settlement Fund corresponding to the amount such Class member has paid, or will pay, for the claimant's Vioxx-related medical expenses, and (c) issue an order enjoining the Law Firm Defendants and the Jane Doe Vioxx Claimants from transferring or disposing of those portions of each Settlement Fund corresponding to the amount any Class member has paid, or will pay, for any Jane Doe Vioxx Claimant's Vioxx-related medical expenses.

WHEREFORE, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3), 28 U.S.C. § § 2201 and 2202, and Fed. R. Civ. P. 57 and 65, Named Plaintiffs, on behalf of themselves and all members of the Class, demand declaratory relief and both preliminary and permanent equitable relief as set forth above, as well as attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____/Rebecca H. Dietz_____
KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA  70170
Telephone: 504-582-3800
Facsimile:  504-582-1233

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips

{N0109378}

Diane Paolicelli
800 Third Avenue
13th Floor
New York, NY 10022
Telephone: 212-605-6200
Facsimile:  212-605-6290

- and -

CROWELL & MORING, LLP
Andrew H. Marks
Robert T. Rhoad
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

ATTORNEYS FOR PLAINTIFF