1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| This document relates to: | Case No.  C 05-3791 |
| VICK KARGODORIAN, v. MERCK & CO., et al., | **OPPOSITION TO OSC RE WHY PLAINTIFFS' CASE SHOULD NOT BE DISMISSED FOR NON-COMPLIANCE WITH PTO NO. 31** |

Plaintiff Vick Kargodorian opposes the OSC re dismissal for failure to comply with PTO No. 31 on the grounds that plaintiff's claim was not registered through mistake and inadvertence of counsel as set forth below.  Counsel has served a revised Registration Affidavit which includes the Kargodorian claim.

Gancedo & Nieves originally submitted a Motion to Withdraw as Counsel of Record on October 12, 2007 on the grounds that there exists a fundamental disagreement as to what action should be taken in the case.  Due to clerical error at Gancedo & Nieves, the motion was uploaded to Lexis-Nexis File and Serve but it was inadvertently never filed with the Court through Pacer. Gancedo & Nieves was alerted to this error when it received the present OSC, and a Motion to Withdraw was re-submitted to the Court for consideration.  That motion is presently pending.

1      As a consequence of the above, Gancedo & Nieves timely filed a Registration Affidavit

2 for all of its clients but mistakenly failed to include the above matter in the Affidavit because it

3 was believed plaintiff was in Pro Se and was registering, opting out, or otherwise prosecuting the

4 claim on his own.  Gancedo & Nieves, as present primary counsel for the above matter until the

5

6 Motion to Withdraw is ruled upon, has served a true and correct revised Registration Affidavit

7 pursuant to paragraph 9 of PTO No. 31 which includes and registers the subject Kargodorian

8 claim.

9      Under these circumstances, plaintiff requests that the OSC re Dismissal be taken off

10 calendar with respect to the Kargodorian claim insofar as the claim was not registered through

11 mistake and inadvertence of counsel, and the error has been corrected through the serving of a

12 revised Registration Affidavit.  Alternatively, plaintiff requests that this matter be continued until

13 such time as the Motion to Withdraw as Counsel of Record has been ruled upon and plaintiff has

14 been given an opportunity to secure other counsel.

15

16

17 Dated:  July 8, 2008                                    Respectfully submitted,

18                                                        GANCEDO & NIEVES LLP

19                                                        By:  /s/ **Hector G. Gancedo**

20
                                                         Hector G. Gancedo (SB# 132139)
21                                                       hgancedo@gancedonieves.com
                                                         Tina B. Nieves (SB# 134384)
22                                                       tnieves@gancedonieves.com
                                                         GANCEDO & NIEVES LLP
23                                                       418 N. FAIR OAKS AVE, STE. 202
                                                         Pasadena, California 91103
24                                                       Telephone:  (626) 685-9800
                                                         Facsimile:  (626) 685-9808
25
26                                                       Attorneys for Plaintiffs

27

28

OPPOSITION TO OSC RE DISMISSAL

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| This document relates to: | Case No. C 05-3791 |
| VICK KARGODORIAN, v. MERCK & CO., et al., | **DECLARATION OF HECTOR G. GANCEDO IN SUPPORT OF OPPOSITION TO OSC RE DISMISSAL** |

9
10
11
12
13
14
15

I, Hector G. Gancedo, declare:

16
17
18

1.   I am an attorney of law duly licensed to practice before this Court.  I have personal knowledge of the facts stated herein.

19
20
21
22
23
24
25
26
27
28

2.   Plaintiff and his Counsel have a fundamental disagreement regarding what action should be taken in the case, the details of which are privileged communication.  As a result of this dispute, and after many verbal and written communications with plaintiff regarding the detailed reasons for our seeking withdrawal from representation of plaintiff, Counsel submitted a Motion to Withdraw as Counsel of Record on October 12, 2007.  Due to clerical error in my office, the Motion was uploaded to Lexis-Nexis File and Serve but was inadvertently not filed with the Court through Pacer.  I erroneously relied on the Lexis-Nexis File & Serve web portal for confirmation that the Motion had been filed, when in fact it had not.

3.      I received the present OSC re Dismissal on July 8, 2008 listing the Kargodorian claim as one which had not been registered.  Upon investigation of the Kargodorian claim I learned for the first time that the Motion to Withdraw had indeed not been filed through our mistake and inadvertence.

4.      The circumstances supporting the Motion to Withdraw have not changed since the Motion was thought to have been filed in October 2007.  Accordingly, a renewed Motion to Withdraw on the same grounds was filed and is presently pending before this Court.

5.      Due to attorney error and inadvertence that caused me to believe that Gancedo & Nieves was no longer counsel of record for Kargodorian, Gancedo & Nieves did not include the Kargodorian claim in its original timely filed Registration Affidavit.  Gancedo & Nieves has since served a revised Registration Affidavit to include the Kargodorian claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on July 8, 2008 in Pasadena, California.

/s/
HECTOR G. GANCEDO

DECLARATION OF HECTOR G. GANCEDO IN
SUPPPORT OF OPPOSITION TO OSC RE DISMISSAL

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 418 N. Fair Oaks Avenue, Suite 202. Pasadena, California 91103.

On July 9, 2008, I served the foregoing document described as :

**OPPOSITION TO OSC RE WHY PLAINTIFFS' CASE SHOULD NOT BE DISMISSED FOR NON-COMPLIANCE WITH PTO NO. 31, DECLARATION OF HECTOR G. GANCEDO IN SUPPORT OF OPPOSITION TO OSC RE DISMISSAL**

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:        Wilfred Coronato, Esq.
Hughes, Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3918

  X    (By E-Mail) I sent an electronic copy of the above-referenced document to the following through via LexisNexis File & Serve:

Wilfred F. Coronato - Hughes, Hubbard & Reed
Philip A. Wittmann- Stone Pigman, et al.
Aretha Delight Davis- Dechert LLP
Susan Giamportone- Womble, Carlyle Sandridge
Amy Eskin- Hersh & Hersh

  X    BY MAIL  I placed the envelope for collection and mailing following ordinary practices. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Under the practice it would be deposited with the United States Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party serve, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this declaration.

Executed on July 9, 2008 Pasadena, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                                        /s/
                                         ROSARIO CASTELLANOS