IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:     VIOXX PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL No. 1657 |
|  | ) | SECTION L |
| _____ | ) | JUDGE ELDON E. FALLON |
| This document relates to: | ) | |
|  | ) | |
| JAMES G. PENDERGAST and | ) | CASE NO. 06-4472 |
| MONA L. PENDERGAST, | ) | |
|     PlaintiffS, | ) | |
| v. | ) | |
|  | ) | |
| MERCK & CO., INC., | ) | |
|     Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO
MOTION TO DISMISS**

Now come the PlaintiffS, by and through their undersigned counsel, and in response to the order to show cause as to why certain foreign individual cases should not be dismissed under the doctrine of *forum non conveniens*, file this Response.

**I. PLAINTIFFS' STATEMENT OF THE FACTS.**

Plaintiff, James Pendergast, a fireman from Red Deer Canada, suffered a heart attack in Chicago, Illinois on or about December 10, 2003, while there on business. Mr. Pendergast had been taking Vioxx® for pain and inflammation.

Defendant contends that Plaintiffs' case should be dismissed under the doctrine of *forum non conveniens*

1

because they are foreign plaintiffs. Plaintiffs claim that the doctrine of *forum non conveniens* is irrelevant because they are not seeking to litigate, but are eligible and have enrolled in the Vioxx Settlement Program. Plaintiffs also claim that Defendant's Motion to Dismiss is untimely.

**II. MERCK SETTLMENT AGREEMENT ON ELIGIBLE CLAIMANTS**

Plaintiffs agree with Defendant that the Vioxx Settlement Agreement of November 9, 2007 governs who is considered an "Eligible Claimant" for purposes of enrolling in the settlement program.

The Settlement Agreement reads in relevant part:

17.1.22  "Eligible Claimant" means a natural person or the Legal representative(s) thereof:

> 17.1.22.1.  which natural person was a United States citizen or a legal resident of the United States or was physically located in the United States, in each case when the alleged Eligible Event referred to in Section 17.1.22.3 is alleged to have occurred;
>
> 17.1.22.3.  which natural person alleges, or is alleged, to have suffered losses or damages as a result of such natural person's own alleged Eligible Event alleged to have been caused (in whole or in part) by such natural person's alleged ingestion of Vioxx.

17.1.23  "Eligible Event" means an MI or IS.

2

**III. PENDERGAST IS AN "ELIGIBLE CLAIMANT" ENROLLED IN THE SETTLEMENT PROGRAM AND IS NOT SEEKING TO LITIGATE.**

The Settlement Agreement clearly states that a person who suffered an "Eligible Event" in the United States is included within the meaning of an "Eligible Claimant."

On or about December 10, 2003, Mr. Pendergast suffered a heart attack, which is within the meaning of "Eligible Event," as defined in the Settlement Agreement. Mr. Pendergast's medical records are substantial evidence of this. Mr. Pendergast was physically located in Chicago, Illinois, on a business trip, when the heart attack occurred. Mr. Pendergast is therefore an "Eligible Claimant" under the definitions of the Settlement Agreement. Plaintiffs executed Releases and a Stipulation of Dismissal, which the Claims Administrator has reviewed and found to be without deficiencies.

Defendant's contention that foreign plaintiffs' claims should be dismissed under the doctrine of *forum non conveniens* does not apply to claims being settled but to claims that are to be litigated where the forum selected by a plaintiff is inconvenient and an adequate alternative forum exist where the claim should be litigated instead. <u>In re Vioxx Products Liability Litigation</u> 448 F.Supp. 2d. 741, 745 (E.D. La. 2006). Mr. Pendergast timely enrolled in the

settlement program on February 28, 2008. Because Mr. Pendergast's claim is to be settled, there will be no litigation occurring in any forum, convenient or otherwise.

**IV. DEFENDANT'S MOTION TO DISMISS IS UNTIMELY**

Mr. Pendergast claims Defendant's Motion to Dismiss is untimely. The "defendant must assert a motion to dismiss for *forum non conveniens* within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." In re Air Crash Disaster near New Orleans, 821 F.2d 1147, 1165 (5th Cir. La. 1987).

The Defendant knew or had reason to know that it could base a motion to dismiss on the doctrine of *forum non conveniens* in 2006, at the latest, because the doctrine of forum non conveniens was then used against foreign plaintiffs in class actions suits. See In re Vioxx Litigation, 2006 WL 2950622 (N.J. Super Oct. 02, 2006). The Defendant had access to information alerting it to the fact that Mr. Pendergast was a Canadian resident through his Complaint that was filed directly into this Court on August 21, 2006. The Defendant did not serve their motion to show cause for individual claims concerning foreign plaintiffs until May 16, 2008. The Defendant has given no reason for waiting two years to pursue a motion to dismiss based on

4

the doctrine of *forum non conveniens* against the Plaintiffs. Delays as short as four months have given courts cause to deny *forum non conveniens* motions. See <u>Manheim Auto. Fin. Servs. V. Okla. Auto Exch., LLC</u>, No. 06-2298, 2007 U.S. Dist. Lexis 62447 at *4 (D. Kan. Aug. 23, 2007).

Mr. Pendergast, in the meantime, has continued to expend time and money in efforts to submit proper documentation and participate in the Vioxx Settlement Program, because he is an "Eligible Claimant." The Defendant's unwarranted delay has created an unnecessary and inequitable waste of time and resources.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court to consider the arguments presented by Plaintiffs, and to deny Defendant's motion to dismiss based on the doctrine of *forum non conveniens*.

```
                        /s/ Leila H. Watson
                        LEILA H. WATSON
                        Alabama Bar No.: 3023-S74L
                        ELIZABETH ELLIS CHAMBERS
                        Alabama Bar No.: 3521-A63E
                        CORY WATSON CROWDER &
                             DEGARIS, P.C.
                        Attorney for Plaintiffs
                        2131 Magnolia Avenue
                        Birmingham, Alabama 35205
                        205-328-2200
                        205-324-7896 (fax)
```

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Plaintiffs' Response to Motion to Dismiss has been served on all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of July, 2008.

                                  /s/Leila H. Watson