IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE VIOXX | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | Judge Fallon |
| | * | Mag. Judge Knowles |
| THIS DOCUMENT RELATES TO: | * | |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| WILLIAM DAVID LOUGH, | * | |
| et al, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | No. 05:05-CV-34 (STAMP) |
| | * | M.D.L. No. 2:05-cv-03820-EEF-DEK) |
| MERCK & CO., INC., a foreign | * | |
| corporation; RITE AID OF WEST | * | |
| VIRGINIA, INC., a West Virginia | * | |
| corporation; and DISCOUNT | * | |
| EMPORIUM, INC., *d/b/a* DRUG | * | |
| EMPORIUM, a West Virginia corporation, | * | |
| | * | |
| Defendants. | * | |

**RESPONSE OF WILLIAM LOUGH AND FLOYD
CHAPLIN IN OPPOSITION TO ORDER TO SHOW CAUSE
WHY PLAINTIFFS' CASES SHOULD NOT BE DISMISSED
FOR NON-COMPLIANCE WITH PRETRIAL ORDER NO. 31**

Plaintiffs, William Lough and Floyd Chaplin ("WV Plaintiffs") file this response in opposition to the Order to Show Cause entered by the Court on July 1, 2008 at the request of Merck & Co., Inc. ("Merck"). WV Plaintiffs have not registered under Pretrial Order No. 31 because they do not qualify for any benefits under the settlement agreement entered into by Merck and certain plaintiffs' counsel and because this Court lacks subject matter jurisdiction over their claims. Because this Court lacks subject matter jurisdiction over WV Plaintiffs' claims and these plaintiffs are not entitled to relief under the settlement, it cannot and should not

grant Merck dismissal on the merits. Instead, this Court should grant WV Plaintiffs' pending motion to remand this case to the Circuit Court of Marshall County from which it was improvidently removed.

**STATEMENT OF FACTS**

On February 15, 2005, WV Plaintiffs filed a class action complaint in the Circuit Court of Marshall County, West Virginia. The named defendants consist of Merck & Co., Inc. (hereinafter "Merck"), the manufacturer and promoter of the withdrawn drug Vioxx, along with Rite Aid of West Virginia, Inc. and Discount Emporium, Inc., two pharmacies which are West Virginia corporations (hereinafter "the pharmacy defendants") that promoted and sold the defective and deleterious drug to them. On March 22, 2005, Merck removed this case to the United States District Court for the Northern District of West Virginia, improperly contending that the pharmacy defendants were fraudulently joined and that complete diversity of citizenship, therefore, existed in support of removal jurisdiction.

On the same date as removal, Merck filed a motion to stay all proceedings in this action pending its transfer by the Judicial Panel on Multidistrict Litigation to this Court. On April 6, 2005, plaintiffs filed a motion to remand and opposition to motion to stay, together with a memorandum of law in support thereof. On May 2, 2005, Merck filed its response in opposition to the remand motion and its reply in support of the requested stay. Plaintiffs filed their reply in support of their motion to remand on May 5, 2005. This civil action was transferred to this Court, over plaintiffs' objections, by Order entered on August 11, 2005, by the Judicial Panel on Multidistrict Litigation as a "tag-along action" pursuant to 28 U.S.C. § 1407. WV Plaintiffs' Motion to Remand remains pending before this Court.

2

In early November of 2007 Merck entered into a Settlement Agreement ("Agreement") with certain plaintiffs' counsel ("Negotiating Plaintiffs' Counsel") in order to establish a nationwide settlement program to resolve the claims of certain individuals who have suffered a heart attack, stroke, or sudden cardiac death resulting from their use of Vioxx. WV Plaintiffs did not suffer a heart attack or stroke, or sudden cardiac death. Consequently, they do not qualify for any compensation under the Agreement. Instead, WV Plaintiffs seek to prosecute on the merits their class action in the West Virginia state court.

Consequently, because the Settlement Agreement provides WV Plaintiffs with no benefits and because this Court lacks subject matter jurisdiction over their claims, WV Plaintiffs have not registered under the terms of the Settlement Agreement as implemented by Pretrial Order No. 31.

Merck's tactics are the cause of the backlog of cases with pending remand motions. Merck seems to have removed every Vioxx case filed in any state court outside New Jersey regardless of whether subject-matter jurisdiction exists in federal court. Merck has then sought transfer and moved to stay all proceedings pending such transfer, arguing that this Court can rule on any motions to remand following the transfer of such actions. The result has been a staggering number of remand motions which have not and as a practical matter cannot be heard by this Court on a reasonable basis and time frame due to limited judicial resources.

The orders entered in various federal courts document the problem. For example, by November 4, 2005, Merck was arguing that there were "more than 125 [transferred Vioxx cases] with pending remand motions. *North v. Merck & Co., Inc.*, 2005 WL 2921638, *2 (W.D.N.Y.,2005). By January of 2006, the number had almost doubled. *Lame Bull v. Merck & Co., Inc.*, 2006 WL 194277, *2, n.1 (E.D.Cal. 2006) ("Defendant Merck asserts, and plaintiffs do

3

not dispute, that the majority of courts have stayed approximately 200 Vioxx cases with pending remand motions."). By the end of 2006, the number had grown to over 375. *Smith v. Merck & Co., Inc.*, 2006 WL 3842190, *1 (S.D.Ill. 2006) ("As Merck points out, over 2,700 VIOXX®-related cases have been stayed, including more than 375 cases in which plaintiffs sought remand."). State Liaison Counsel in MDL-1657 estimates to WV Plaintiffs' counsel that as of the year 2007 there were over 500 pending remand motions and that only two of the over 500 remand motions have been considered and ruled upon. Counsel for WV Plaintiffs are not aware of any material change in those statistics.

As a result of this backlog, legitimate state claims are languishing in this Court. Centralization under 28 U.S.C. § 1447 was never intended to consolidate all litigation – only litigation properly pending in federal court. Registration of WV Plaintiffs under the Settlement Agreement and Pretrial Order No. 31 will not advance these claims over which no benefits will be provided and no subject matter jurisdiction exists.

With respect to the claims of WV Plaintiffs, West Virginia law provides unique remedies not available either in other states or under the terms of the settlement agreement. For example, in *Bower v. Westinghouse Electric Corp.*, 206 W.Va. 133, 139, 522 S.E.2d 424 (1999), the Supreme Court of Appeals recognized a broad claim for medical monitoring. Similarly, in *In re West Virginia Rezulin Litigation*, 214 W.Va. 52, 585 S.E.2d 52 (2003), the Supreme Court of Appeals upheld a class claim for damages under the West Virginia Consumer Credit and Protection Act, 46A-6-101, et seq. These are the claims WV Plaintiffs seek to recover. The backlog in ruling on remand motions has denied WV Plaintiffs their day in a court system ready willing and able to adjudicate their claims. That Merck now seeks dismissal of these claims only add insult to this injury.

Dismissal in this case is not appropriate. Instead, this Court should grant WV Plaintiffs' pending motion to remand this case to the Circuit Court of Marshall County from which it was improvidently removed.

## ARGUMENT

Merck's motion explicitly seeks dismissal of WV Plaintiffs' cases with prejudice. A dismissal with prejudice amounts to an adjudication on the merits which is improper when, as here, the Court lacks subject matter jurisdiction. Consequently, the Court cannot grant the requested relief and instead should grant WV Plaintiffs' pending Motion to Remand.

### I. MERCK'S MOTION REQUESTS A DISMISSAL WITH PREJUDICE WHICH AMOUNTS TO AN ADJUDICATION ON THE MERITS.

In the instant motion filed June 18 2008, Merck seeks dismissal with prejudice of WV Plaintiff' claims. *See* Amended Motion of June 18, 2008 at p.1,3. It is clear that a dismissal with prejudice operates as an adjudication of the merits of the case. *Heaton v. Monogram Credit Card Bank of Georgia,* 231 F.3d 994, 1000 (5th Cir. 2000); *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688 (5th Cir.1980).

### II. A FEDERAL DISTRICT COURT MUST POSSESS SUBJECT MATTER JURISDICTION IN ORDER TO ADJUDICATE A CASE ON THE MERITS.

The Fifth Circuit has made it clear that subject matter jurisdiction is a prerequisite to rendering rulings on the merits of a case. When jurisdiction is challenged and a determination of the merits is sought:

> [T]he court should consider the . . . jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a

> plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction. *Id.*

*Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Heaton, supra* (reversing dismissal with prejudice entered when Court lacked subject matter jurisdiction); *Taylor v. Blue Cross/Blue Shield of New York,* 684 F.Supp. 1352, 1356 (E.D.La. 1988) ("On the other hand, if these ERISA provisions do not preempt and displace either statute, then no federal question arises under plaintiffs' complaint and the Court must remand the matter under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction and must leave the merits of plaintiffs' causes of action to the state court."); *cf. Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 849 (5th Cir. 1999) (sua sponte raising jurisdiction on appeal, vacating judgment for lack of jurisdiction and remanding case to district court with instructions to remand to state court from which it originated).

### III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER WV PLAINTIFFS' CLAIMS.

In this case it is clear that complete diversity is lacking.  As is more fully set out in Plaintiffs' Motion to Remand filed before transfer and Plaintiffs' Motion for Expedited Ruling on Plaintiffs' Motion to Remand filed in this Court on April 30, 2008, Merck's claims that the West Virginia resident pharmacy defendants were fraudulently joined fails and complete diversity does not exist.

As Plaintiffs' Motion for Expedited Ruling establishes, the Supreme Court of Appeals of West Virginia has conclusively rejected the claim that the learned intermediary doctrine existed and explicitly found pharmacy liability holding that the Medical Professional Liability Act does not apply to claims against pharmacies.  *See State ex rel. Johnson & Johnson Corp. v. Karl*, 220 W.Va. 463, 647 S.E.2d 899 (2007) ("Under West Virginia products liability law, manufacturers of prescription drugs are subject to the same duty to warn consumers about the risks of their

products as other manufacturers.  We decline to adopt the learned intermediary exception to this general rule."); *Phillips v. Larry's Drive-In Pharmacy, Inc.,* 220 W.Va. 484, 647 S.E.2d 920 (2007) ("[a] pharmacy is not a `health care provider' as defined by the Legislature in *W.Va.Code*, 55-7B-2(c) [1986]" of the West Virginia Medical Professional Liability Act ("MPLA")).

These cases are consistent with prior state precedent.  *Walker v. Rite Aid of West Virginia,* No. 2:02-1208, Slip Op. at pp. 15-16 (S.D.W.Va. Oct. 14, 2003); syl. Pt. 5, *Peters v. Johnson*, 41 S.E. 190 (W.Va. 1902); *see also In re: Implants I*, No. 93-C-9595, Slip Op. at p. 5 (W.Va.Cir.Ct. Kanawha Co. Dec. 6, 1994) (refusing to dismiss claim against hospital for supplying prescription medical device to be surgically implanted at hospital); *Burch v. American Home Products*, No. 97-C-204 (1-11), Slip. Op. at p. 6 (W.Va.Cir.Ct. Brooke Co. March 17, 1998) (refusing to dismiss strict liability product claims against physicians who directly dispensed prescription drugs in offices).[1]

Based on West Virginia precedent, it is clear that the West Virginia resident pharmacy defendants were not fraudulently joined and this Court lacks subject matter jurisdiction over the WV Plaintiffs' claims.

---

[1] Copies of the above slip opinions were attached to plaintiffs' motion to remand and supporting memorandum of law and plaintiffs' motion to vacate conditional transfer order (CTO-6) and supporting memorandum of law.

## CONCLUSION

For all of the foregoing reasons, WV Plaintiffs respectfully request this Court to deny Merck's motion and instead grant WV Plaintiffs' pending motion to remand this action to the Circuit Court of Marshall County, West Virginia.

                                                  **WILLIAM DAVID LOUGH,**
                                                  *et al*,
                                                  **By Counsel.**

/s/ Anthony J. Majestro_____
Anthony J. Majestro, Esquire
WV Bar No. 5165
J.C. Powell, Esquire
WV Bar No. 2957
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
(304) 346-2889
(304) 346-2895  (fax)

Marvin W. Masters, Esquire
The Masters Law Firm
181 Summers Street
Charleston, WV 25301
Ph.# (304) 342-3106
Fax# (304) 342-3189

Scott Segal, Esquire
The Segal Law Firm
810 Kanawha Blvd. East
Charleston, WV 25301
Ph.# (304) 344-9100
Fax# (304) 344-9105

Carl N. Frankovitch, Esquire
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
Ph. # (304) 723-4400
Fax# (304) 723-5892

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE VIOXX | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | Judge Fallon |
| | * | Mag. Judge Knowles |
| THIS DOCUMENT RELATES TO: | * | |

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| WILLIAM DAVID LOUGH, | * | |
| et al, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | No. 05:05-CV-34 (STAMP) |
| | * | M.D.L. No. 2:05-cv-03820-EEF-DEK) |
| MERCK & CO., INC., a foreign | * | |
| corporation; RITE AID OF WEST | * | |
| VIRGINIA, INC., a West Virginia | * | |
| corporation; and DISCOUNT | * | |
| EMPORIUM, INC., *d/b/a* DRUG | * | |
| EMPORIUM, a West Virginia corporation, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the above and foregoing "Response of William Lough and Floyd Chaplin in Opposition to Order to Show Cause Why Plaintiffs' Cases Should Not Be Dismissed For Non-Compliance with Pretrial Order No. 31" has been served on Liason Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail, and upon Landers P. Bonenberger, Jeffrey A. Holmstrand and Karen E. Kahle by U.S. Mail, and upon all parties by electronically uploading the same to Lexis Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system

9

which will send a Notice of Electronic Filing in accord with the procedures established in the

MDL 1657, on this 10th day of July 2008.

/s/ Anthony J. Majestro_____
Anthony J. Majestro, Esquire
WV Bar No. 5165
J.C. Powell, Esquire
WV Bar No. 2957
Attorneys for Plaintiff
Powell & Majestro, P.L.L.C.
405 Capitol Street, Suite P-1200
Charleston, WV 25301
(304) 346-2889
(304) 346-2895 Facsimile
