IN THE UNITED STATES DISTICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657<br>SECTION L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>*B Goins, Kathleen Jarvis, Mildred Lampon*<br>*Mary Marshall, Jane Nwokorie, Beatrice Tillie*<br>*Docket No. 2:05-cv-05925* | MAG. JUDGE KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS PLAINTIFFS' CASE FOR NONCOMPLIANCE WITH PRETRIAL ORDER NO. 31 WITH INCORPORATED MEMORANDUM IN SUPPORT

I.   **Introduction**

Defendant, Merck Co., filed a Motion to Dismiss for plaintiffs' failure to comply with pretrial order number 31. The judge signed the Rule to Show Cause Why Plaintiffs' Should Not Be Dismissed on June **27, 2008.**

II.   **Background**

Plaintiffs' class action suit was initially filed on October 21, 2005 at the Civil District Court for the Parish of Orleans and was removed to the US District Court, Eastern District of Louisiana in New Orleans on November 21, 2005. The hurricane Katrina flood destroyed plaintiffs' counsel Law Office as well as Vioxx product liability file created long before the disaster struck.

1

It was almost impossible to reconstruct individual plaintiffs' personal information as all the plaintiffs who had retained counsel had been displaced to parts unknown.

The information necessary to comply with the court order # 31 was such that plaintiffs' counsel had to locate displaced plaintiffs in order to obtain the required necessary information to register plaintiffs and then enroll as counsel of record. Plaintiffs' counsel could not register plaintiffs and enroll as their counsel without first locating their whereabouts. This challenging task took a long time to accomplish. To date, plaintiffs' counsel has been unable to locate up to 5 percent of his original plaintiffs who had retained him.

Plaintiffs' counsel having been consumed by the enormous challenge of locating his displaced plaintiffs realized that the deadline to register was extended by defendant, to June 30, 2008. See attached Exhibit A. Plaintiffs' counsel quickly and successfully complied with the new deadline. See attached Exhibit B.

Unfortunately, defendants ' counsel indicated in a letter dated May 12, 2008, which was sent to the wrong e-mail address and received by late May of 2008 that plaintiffs had until May 20, 2008 to register all plaintiffs as well as enroll. See Attached Exhibit C.

Plaintiffs and their counsel pray for mercy of this honorable court to allow plaintiffs' case to be maintained and deny the defendants' motion to dismiss.

### III.  Law and Argument

The trial judge does have discretion to impose sanctions on the party that fails to comply with a pre-trial or discovery order. *Cross v. General Motors Corp.*, 721 F.2d 1152 (8th Cir. 1983). However, the rash sanction of dismissal is appropriately imposed only where failure to comply

2

with the pretrial order results from willfulness, fault, or bad faith. *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958). In *Cross*, counsel for General Motors requested Cross' tax returns. *Cross*, 721 F.2d at 1154. Cross (representing himself) failed to provide his returns at which point General Motors sought and obtained a discovery order, in the form of a subpoena duces tecum, for the returns. *Id.* at 1153, 1154. Cross eventually supplied these returns but only relinquished the first page of the 1040 form and the form for General Motors to obtain the returns themselves. *Id.* General Motors moved for contempt for Cross' failure to produce the documents. *Id.* The court did not grant the contempt rule, stating that he wanted to give Cross every opportunity to comply, however the judge continued on to say that he did not see how Cross could think that the sheets of paper submitted to counsel were a good faith and adequate reply. *Id.* The judge ordered Cross to submit the requested forms, schedules, W-2s and the fully completed form for General Motors to access Cross' returns within 24 hours. *Id.* Cross furnished all the returns and schedules requested, but failed to fully filled out the form allowing General Motors access to his other returns resulting in General Motors filing a motion to dismiss. *Id.* at 1155. Cross asserted that he had provided all of the information requested and that General Motors had everything they needed to fill out this form. *Id.* The judge granted the motion to dismiss without prejudice because Cross displayed a "callous disregard for his duties as an attorney and indicia of bad faith" to sufficiently justify severe sanctions. *Id.*

Unlike *Cross*, plaintiff's attorney did not display a "callous disregard" or bad faith in failing to comply with pretrial order 31. Plaintiffs' counsel could not register plaintiffs and enroll as their counsel without first locating their whereabouts. This challenging task took a long time to accomplish. To date, plaintiffs' counsel has been unable to locate up to 5 percent of his original plaintiffs who had retained him.

3

Plaintiffs' counsel having been consumed by the enormous challenge of locating his displaced plaintiffs realized that the deadline to register was extended by defendant, to June 30, 2008. Plaintiffs' counsel honestly believed that the extension of time given by the defendant during which to register and enroll was valid and relying on the said extension of time, plaintiffs filed their registration affidavit and enrollment documents. Thus, it would be beyond the discretion of this court to dismiss plaintiffs' case.

## IV. Conclusion

Plaintiffs, Beatrice Tillie and the other class representatives as well as the class members who similarly situated did not willfully or in bad faith fail to comply with this court's pretrial order 31. Plaintiffs and their counsel pray for mercy of this honorable court to allow plaintiffs' case to be maintained and deny the defendants' motion to dismiss.

Respectfully submitted,

**LAW OFFICES OF PIUS A. OBIOHA & ASSOCIATES, LLC**

_____
**PIUS A. OBIOHA, (BAR#: 25810)**
1550 North Broad Street
New Orleans, Louisiana 70119
Telephone#: (504) 265-0437
Facsimile#: (504) 265-0440

4

## CERTIFICATE OF SERVICE

I certify that I have on this __10__ day of July, 2008 electronically filed the foregoing response with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all parties.

*Pius Obioha*
Pius A. Obioha