UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AvMed, Inc.; et al. | § CIVIL ACTION |
| | § |
| v. | § NO. 08-1633 |
| | § |
| US Bancorp; BrownGreer, PLC; and John Does | § SECTION L, MAG. 3 |
| | § |
| | § JUDGE FALLON |
| | § |
| | § MAGISTRATE JUDGE KNOWLES |
| | § |
| | § In Relation to: MDL Docket No. 1657 |
| | § |
| | § In Re: VIOXX |
| | § |
| | § PRODUCTS LIABILITY LITIGATION |

## EMERGENCY MOTION TO REINSTATE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

At the last monthly status conference, the Plaintiff Health Plans and the PSC reached an agreement – which was announced on the record – for the Plaintiffs to withdraw their motion for a preliminary injunction without prejudice. In exchange, the PSC was to permit the Plaintiffs to provide a list of their plan members who were prescribed Vioxx to BrownGreer, who would then match those individuals to the names of the claimants in the settlement program and would report the result to the Plaintiffs.

The PSC has since attempted to refute their agreement and has tried to add additional terms, claiming that that Plaintiffs may be allowed access to this data only if Plaintiffs agree to arbitrary caps on the size of their eventual reimbursement liens. This was not the deal that the Plaintiffs reached with the PSC, and this "offer" is not a fair *quid pro quo*. Because of the looming August distribution date for the initial amount of settlement funds, and because the PSC's own conduct has created time pressures, Plaintiffs have no choice but to reassert their

motion for a preliminary injunction and request that it be heard on an emergency basis at the next status conference on July 17, 2008.

## BACKGROUND

On June 9, 2008, the Plaintiffs filed their original Motion for a Temporary Restraining Order and Preliminary Injunction. In that motion, Plaintiffs sought an identification of the names of their plan members who were participants in the Vioxx settlement and a fair opportunity to assert liens against those members before settlement funds were distributed to them. This Court conducted a telephonic hearing on the TRO request on June 11, 2008. It denied the TRO on the basis – urged by the PSC – that ample time then existed to litigate the dispute on full briefing before the date of the first settlement distribution in August. *See* 6/11/08 Transcript, at 17 ("I don't feel that any irreparable injury would be caused if I failed to issue a TRO today because there is no contemplation of distribution of funds, at least until August or sometime this summer. So I am going to deny the TRO.").

The parties thereafter completed full briefing on the motion for a preliminary injunction, and the motion was scheduled for hearing at the status conference on June 26, 2008. Before the motion was heard, however, the parties reached a compromise. At the hearing on June 26, Mr. Seeger for the PSC announced that the PSC had reached an agreement, whereby the Plaintiffs would withdraw their motion without prejudice in exchange for BrownGreer's commitment to perform a data match within 90 to 120 days of receiving Plaintiffs' member records. 6/27/08 Transcript, at 42-43. Mr. Seeger further noted:

> Now, your Honor, you raised something in the back that we need to still focus on that we're not prepared to present to the Court and that is the idea of capping the deductions from the recoveries of individual claimants once those amounts are actually paid by BrownGreer. So we need to sit down and talk about that a little bit after this conference and report back to Your Honor on that.

2

*Id.* at 43.

The "cap" issue provoked further discussion on the record from all the parties. The Plaintiffs responded that Mr. Seeger had generally stated accurately the parties' agreement on the data exchange, but that they were "not agreeing to the cap or anything like that at this point." *Id.* at 44. Thereafter, this Court then commented that a "cap might be helpful," but that it was "not negotiating this matter. I'm just suggesting to both sides." *Id.* at 46.

Thus, the agreement stated on the record was for the Plaintiffs to withdraw their motion in exchange for receiving data from BrownGreer. The Plaintiffs specifically did not agree to any caps as a prerequisite to the data exchange, this Court did not order caps to be part of any compromise, and, so as to avoid any doubt, Mr. Levin for the PSC confirmed on the record following all of these exchanges that "the agreement that we've reached is sans 'think.' It's an agreement." *Id.* at 48. Accordingly, while there certainly was some discussion on the record that the parties would negotiate later and may reach agreement on caps as part of a final resolution of their liens, these "caps" were expressly not part of the agreement between the parties on data exchange. As Mr. Levin recognized, the parties' failure to agree on caps did not impact the finality of their compromise on data.

On June 30, 2008, Plaintiffs' counsel contacted counsel for BrownGreer to request a meeting to discuss the mechanics of the data exchange and the protocols to be utilized. On July 3, 2008, counsel for BrownGreer responded that the PSC was taking the position that there was not an agreement and that additional details needed to be resolved before BrownGreer could move forward. Plaintiffs' counsel then contacted the PSC, which responded that no data exchange would occur before the Plaintiffs agreed to caps on their liens. The parties again discussed this issue on July 13, 2008, and the PSC maintained its position regarding caps.

3

Accordingly, the PSC has forced the Plaintiffs to reassert their request for preliminary injunctive relief.

## REQUESTED RELIEF

As to this motion, Plaintiffs simply request that their Motion for a Temporary Restraining Order and Preliminary Injunction, previously filed on June 8, be revived and set for argument on July 17. This relief ought to work no prejudice on the PSC or the Defendants, given that (1) the June 8 motion has been fully briefed; and (2) the PSC has previously been made aware that the Plaintiffs would need to reassert the motion if the PSC continued to insist on "caps" as a prerequisite to the data exchange.

As to the June 8 motion for preliminary injunctive relief, the Plaintiffs request the same relief identified in their reply brief, filed on June 25, 2008. Specifically, Plaintiffs request that BrownGreer, upon receipt of Plaintiffs' list of Vioxx-prescribed members, be ordered to immediately perform a match with the individuals participating in the Vioxx settlement program and report those results to Plaintiffs. As Plaintiffs observe in their motion papers, this information is in BrownGreer's ready possession, and as discussed at last month's scheduling conference, it can be recovered at a reasonable cost—a cost that Plaintiffs have already agreed to cover in full. This is, moreover, information Plaintiffs are in any event entitled to through discovery in the instant litigation. Furthermore, and only to the extent necessary, the August distribution to the matched individuals should be delayed to permit Plaintiffs the time to assert their reimbursement liens. Although Plaintiffs requested broader injunctive relief in their original injunction papers, the PSC's opposition to those papers suggested a narrower scope of relief that could be performed by BrownGreer and which the Plaintiffs find acceptable (that is, with the additional modifications Plaintiffs mentioned in their reply brief).

4

Plaintiffs continue to believe, even at this date, that this data exchange can be accomplished quickly, such that no delay need be imposed on any settlement participant who is not one of the Plaintiffs' plan members. To that end, by the date of the July 17 hearing, Plaintiffs will be prepared to place their list of Vioxx-prescribed plan members into the registry of the Court. Upon receipt of the matched names, Plaintiffs will then move quickly to assert their liens. To the extent that those settlement participants who are the Plaintiffs' plan members experience any delay in the receipt of their August distributions on account of these liens, the PSC is in no position to complain. The PSC resisted the Plaintiffs' TRO request on June 11 on the grounds that there was ample time before the August distributions to consider the matter more slowly, and the PSC has further inserted delay into this process by reneging on the parties' June 26 compromise. In any event, the August distributions for this class of settlement participants ought to be maintained in an interest-bearing account pending resolution of the Plaintiffs' liens, such that these individuals would suffer no economic harm from any potential delay.

DATED this 14th day of July, 2008

SUSMAN GODFREY L.L.P.

/s/ Lexie G. White
Lexie G. White
Louisiana State Bar No. 29478
Neal S. Manne
Texas State Bar No. 12937980
William Christopher Carmody
Texas State Bar No. 03823650
Joseph S. Grinstein
Texas State Bar No. 24002188
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

OF COUNSEL:

Richard W. Cohen
Peter D. St. Phillip, Jr.
Gerald Lawrence
LOWEY DANNENBERG COHEN & HART, P.C.
1 North Broadway, 5th Floor
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Mark D. Fischer
Mark M. Sandmann
Jeffrey C. Swann
RAWLINGS & ASSOCIATES PLLC
1 Eden Parkway
LaGrange, KY 40031
Telephone: (502) 587-1279
Facsimile: (502) 584-8580

Attorneys for Plaintiffs

## **CERTIFICATION OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion for a Temporary Restraining Order and Preliminary Injunction has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657. Copies of all pleadings and other papers filed in the action to date have also been furnished to counsel for BrownGreer, PLC and counsel for all Defendants, by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and by electronic filing with the Clerk of Court of the United States District Court for the Eastern District of Louisiana via CM/ECF system which will send a Notice of Electronic Filing to counsel for all known Defendants in accord with the procedures established in MDL 1657 on this 14 th Day of July, 2008.

/s/ Lexie G. White
Lexie G. White
Louisiana State Bar No. 29478
Attorney for Plaintiffs
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
lwhite@susmangodfrey.com