UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 Section: L<br>Judge Fallon<br>Mag. Judge Knowles |
|---|---|
| THIS RELATES TO<br><br>MDL Case No. 2:06CV10185<br>MDL Case No. 2:05CV05578 | Plaintiff: **SKENDER VELI DOCI**<br>Plaintiff: **ELIAHU TZFANYA** |

**PLAINTIFFS RESPONSE TO THE COURT'S ORDER
TO SHOW CAUSE WHY THE FOREIGN INDIVIDUAL
CASES SHOULD BE DISMISSED UNDER THE DOCTRINE
OF *FORUM NON CONVENIENS***

The above plaintiffs, **SKENDER VELI DOCI** and **ELIAHU TZFANYA**, hereinafter "plaintiffs", through counsel, respond and submit this opposition to the Court's Order of June 30, 2008, requesting that Plaintiffs show cause as to why the foreign individual cases should not be dismissed under the doctrine of *forum non conveniens*.

It is respectfully requested that this Court accept the opposition submitted by the above plaintiffs at this time. Despite the proposed Order to Show Cause being filed electronically on or about May 16, 2008, my firm did not receive either the proposed order nor the Order signed by this Court on June 27, 2008 and filed on June 30, 2008. The first notice my firm received was on July 7, 2008 when we received by certified mail a copy of the signed Order to Show Cause with a cover letter from defense counsel, Stone Pigman Walther Wittmann, L.L.C , annexed hereto as Exhibit A. Alternatively, plaintiffs respectfully request an adjournment of the hearing on this Order so the defendant has sufficient time to reply to this opposition.

This request ought to be granted especially in light of the fact that **both plaintiffs above are citizens of the United States**.

# DEFENDANT FAILS TO MEET ITS INITIAL BURDEN IN SEEKING TO DISMISS THESE ACTIONS ON THE GROUNDS OF *FORUM NON CONVENIENS*.

Defendant MERCK & CO., INC.'S (hereinafter "MERCK") application is both untimely and fails to show that the alternative forum suggested by MERCK is adequate.

MERCK states that it is "unlikely that any of the foreign individual plaintiffs' home jurisdiction are inadequate..." This is far below the burden placed upon a defendant seeking to dismiss a case on the grounds that another jurisdiction is a more convenient one than the present one. The alternative forum must be a viable alternative. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506, 67 S. Ct. 839, 91 L. Ed. 1055 (1947).

MERCK has failed to establish that any Country of the foreign plaintiffs is a viable alternative. The defendant has the burden of proof and MERCK has clearly failed to meet said burden. "This burden of persuasion runs to all the elements of the forum non conveniens analysis. Therefore, the moving defendant must establish that an adequate and available forum exists as to all defendants if there are several...." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1164–65, 1987 A.M.C. 2735 (5th Cir. 1987), cert. granted, judgment vacated, 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400, 1989 A.M.C. 2404 (1989), *In re Air Crash Disaster Near New Orleans, La., on July 9, 1982*, 883 F.2d 17, 1990 A.M.C. 304 (5th Cir. 1989).

This Court, *In re VIOXX PRODUCTS LIABILITY LITIGATION*, 448 F. Supp.2d 741, (2006) found that the Courts of Italy and France were available alternative forums. Upon the record presented to this Court now, it would be impossible for the Court to reach the same

conclusion regarding the other foreign countries as MERCK has failed to submit proof that any of the foreign countries provide an available and adequate forum for these matters.

## DEFENDANT MERCK IS GUILTY OF LACHES AS
## THIS MOTION IS UNTIMELY AND MUST BE DENIED

Further, MERCK's motion is untimely and must be denied. The motions should be filed in a "timely" manner, which has been interpreted as being as soon as practical. Delay generally weighs against the motion. "A defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant. (Cites omitted) While untimeliness will not effect a waiver, it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982, supra.* "Therefore, we hold today that whenever discovery in a case has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal on the grounds of *forum non conveniens* greatly increases." *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991). (See also Empresa Lineas Maritmas Argentinas, S.A. v. Stork-Werkspoor Diesel, B.V.,

Both cases herein were commenced in Federal Court in New York State, as set forth below, as such this Court is guided by New York State substantive law and is referred to *Bock v. Rockwell Mfg. Co., Ins.*, 151 A.D.2d 629, 543 NYS2d 93 (2d Dept. 1989). In that case, the Appellate Division, held that the doctrine of laches barred the defendant's claim that the case

3

should be dismissed on the grounds of *forum non conveniens* where the defendant participated in the action for approximately fifteen months before moving to dismiss the case.

Further, the underlying rationale for dismissing a case for *forum non conveniens* rests on the burden placed upon the defendant in having to defend the case in the current forum as well as the burden placed upon the Court. Neither of these factors are applicable to the two cases above. Both plaintiffs have enrolled in the MSA and have filed all necessary documents required by the MSA including releases in the form requested by the defendant.

The DOCI matter (06CV10185) was commenced by filing a Summons and Compliant in the Southern District of New York on September 29, 2006 in which the plaintiff's address is noted to be Tirana, Albania. (Annexed hereto as Exhibit B) A profile form was submitted on or about March 7, 2007. While it was not noted in the complaint, Mr. Doci is a citizen of the United States.

The TZFANYA (06CV05578) matter was commenced by filing a Summons and Compliant in the Southern District of New York on September 13, 2005 in which it states that the plaintiff is a citizen of the United States residing in Jerusalem, Israel. (Annexed hereto as Exhibit C). A profile form was submitted on or about May 8, 2006.

In that MERCK has moved in this Court to dismiss actions on the grounds of forum non conveniens in 2006 (See *In re VIOXX PRODUCTS LIABILITY LITIGATION, supra.*) and has made similar motions in the New Jersey State Court action in 2006 (See In re Vioxx Litigation, 395 N.J. Super 358 (App.Div. 2007), the present motion is clearly untimely as it has been held that "defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and

become known or reasonably knowable to the defendant." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982, supra*. The doctrine of laches is sufficient for this Court to deny the instant motion to dismiss.

## MERCK'S MOTION MUST BE DENIED ON THE GROUNDS OF EQUITABLE ESTOPPEL

Both Plaintiffs above are, as stated, enrolled in the settlement agreement. Neither has been advised that they are ineligible as is disingenuously alleged by MERCK in footnote 2 of its motion and memorandum. In fact, MERCK fails to list a single plaintiff against whom dismissal is presently sought who is definitively ineligible for the settlement program. This again highlights the failure of MERCK to meet its initial burden in establishing its entitlement to dismiss these actions pursuant to *forum non conveniens*.

Plaintiff TZFANYA is a citizen of both the United States and of Israel. As a citizen of the United States plaintiff TZFANYA is eligible for the settlement program (See settlement Agreement ¶ 17.1.22.1.) He is otherwise eligible in that he was physically located in the United States when the eligible event, as defined in ¶ 17.1.23 of the MSA, occurred.

Plaintiff DOCI resided in the Bronx when he was prescribed Vioxx and was a legal resident of the United States and received medical treatment, for his injuries sustained as a result of taking Vioxx, in New York and Florida. A copy of the prescription scripts filled by ESI are annexed hereto as Exhibit D.

MERCK's application should also be denied on the grounds of equitable estoppel. This is clearly intertwined with MERCK's unreasonable delay in bring the motion. In addition to participating in discovery over the last two to three years, Merck has entered into a settlement agreement involving a significant number of claimants, purportedly in excess of 85% of the

5

claimants.. The plaintiffs above, DOCI and TZFANYA, have enrolled in the settlement program. Under the terms of the MSA, the plaintiffs were required to file registration forms as well as other documents including a detailed and extensive general release. MERCK represented that the settlement was inclusive and that the criteria set forth in the MSA would not make the plaintiffs otherwise ineligible.

Based upon the representation of the settlement, plaintiffs relied thereon and filed all necessary documents including a release whereby any other defendants sued would have the actions discontinued against them. Now, after putting counsel and plaintiffs through a lengthy discovery process and an extensive settlement program, MERCK without any justification seeks to dismiss the actions against these plaintiffs. Without explicitly saying so, MERCK is withdrawing the settlement offer as to these plaintiffs or finding them ineligible for reasons not clear from the memorandum submitted. If this motion is granted, MERCK could essentially still move for summary judgment to dismiss cases filed in the MSA on liability or causation issues.

All the elements of equitable estoppel exist in the present matter. One, MERCK's conduct amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert. That is, MERCK participated in discovery for several years and entered into a settlement agreement which the plaintiffs herein enrolled.

Two, MERCK intended, or at least the expected, that such conduct shall be acted upon by, or influence, the other party or other persons, specifically, that the plaintiffs herein would enroll in the MSA and sign general releases.

Three, that MERCK had knowledge, actual, constructive or implied, of the real facts that the plaintiffs herein were "foreign" as that term is used in MERCK's motion.

Four, that plaintiffs' lack of knowledge and of the means of knowledge of the truth as to the facts in question. That plaintiffs had no reason to know or believe that this matter could not have been properly placed and litigated in the MDL forum state.

Five, that plaintiffs relied, in good faith, upon the conduct or statements of the party to be estopped. That is, plaintiffs enrolled in the settlement agreement and submitted general releases along with other required documentation to enter the MSA.

Six, MERCK's action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel. That MERCK has now sought to change the rules causing the plaintiffs herein to be excluded from the MSA.

Seventh, that the actions of MERCK will result in detriment, prejudice, or pecuniary disadvantage, unless the first party, MERCK, is estopped from asserting an otherwise valid right in contradiction to its earlier representation.(specific case cites omitted) *28 Am. Jur. 2d Estoppel and Waiver § 40.*

The underlying doctrine of equitable estoppel rests upon fairness and focuses on the actions of the defendant. The two plaintiffs which my firm represents have essentially litigated this matter with MERCK for two and three years respectively. They have complied with each and every order of this Court as well as the terms of the MSA. Their actions, based upon the representations of MERCK, are fair and reasonable. It would be unduly prejudicial and inherently unfair to allow MERCK, after making representations regarding settlement to these two plaintiffs to be allowed to seek dismissal of these actions now.

This motion seeks to remove a settled case from the MDL and foist this matter upon a foreign civil justice system. Finally, there can be no pecuniary detriment to MERCK by retaining the case in the MDL as the settlement amount is already fixed

The plaintiffs above also respectfully adopt the arguments set forth in the response by plaintiffs in case 05-5586.

WHEREFORE, it is respectfully submitted that the motion by MERCK to dismiss the case against plaintiffs DOCI and TZFANYA on the grounds of forum non conveniens be denied in its entirety.

Dated: New York, NY
July 14, 2008

GODOSKY & GENTILE, P.C.
Attorneys for Plaintiff
61 Broadway, 20th floor
New York, NY 10006
(212) 742-9700

By: _____
Robert E. Godosky (4459)
reg@godoskygentile.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and Plaintiffs in case 05-5578 and 06-10185 Response to the Court's Order to Show Cause Why the Foreign Individual Cases should Not be Dismissed Under the Doctrine of Forum Non Conveniens has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trail Order No. 8(B) and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of July, 2008.

ROBERT E. GODOSKY(4459)
Attorney for Plaintiffs DOCI and
TZFANYA
Godosky & Gentile, P.C.
61 Broadway, 20th Floor
New York, New York 10006
Tel: 212-742-9700
Fax: 212-742-9706
reg@godoskygentile.com