UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SKENDER VELI DOCI and DIANA DOCI,                    Index # 06 cv 7843
                                                      Dated Filed: 09/29/06
                        Plaintiffs,

        -against-                                     COMPLAINT
                                                      JURY DEMANDED
MERCK & CO., INC.,

                        Defendant.
-------------------------------------------------------x

Plaintiff, by and through their attorneys, GODOSKY & GENTILE, P.C., alleges upon information and belief as follows:

## INTRODUCTION

1.    Plaintiffs Skender Veli Doci and Diana Doci bring this action against the Defendant MERCK & CO., INC., seeking redress for injuries he suffered on November 5, 2003 and will continue to suffer, resulting from the defendant's gross negligence, negligence, strict liability, misrepresentation and failure to warn, breach of implied and express warranties, violation of New York Business Corporation Law § 349 and loss of consortium arising from Skender Veli Doci's ingestion of Vioxx from approximately September 2001 through approximately November 5, 2003.

2.    Plaintiffs seek to recover damages that exceed the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction exclusive of interest and costs to be determined upon the trial of this action.

## JURISDICTION and VENUE

3.    Jurisdiction is conferred upon this court by Diversity under 28 USC 1332, 1441.

4.    Venue is proper in this judicial district because plaintiffs' claim and causes of action events transpired in the State of New York, particularly in the Southern District of

1

New York, the events took place in this district and the defendant does business in the State of New York. [28 USCA 1391(a)(1) and 28 USCA 1391(c)]

5.    The limitations on liability set forth in CPLR §1601 do not apply under the exemptions set forth in CPLR §§1602(5), 1602(7) and 1602(11).

6.    This court has jurisdiction as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.    Plaintiffs are residents and dual citizens of the State of New York and Albania, currently residing at Rruga Dull Keta", Pallati 13 SHK2, apt. 13, Tirana, Albania.

8.    Upon information and belief, defendant MERCK & CO. INC. is a corporation incorporated in the State of New Jersey and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-0100, and as such, a citizen of the State of New Jersey.

9.    At all times herein mentioned, defendant MERCK & CO. was engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion and/or distribution of pharmaceutical products, including the arthritis and acute pain medication VIOXX® for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

10.   That from approximately September 1, 2001 through approximately November 30, 2003, plaintiff Skender Veli Doci was prescribed VIOXX®.

11.   That from approximately September 1, 2001 through approximately November 30, 2003, plaintiff Skender Veli Doci ingested VIOXX® as prescribed.

12.    The Defendant is liable for the acts and transactions complained of herein that occurred and injured plaintiff on November 3, 2005.

13.    At all times herein mentioned, defendant MERCK & CO. was engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion and/or distribution of pharmaceutical products, including the arthritis and acute pain medication VIOXX® for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

14.    Defendant is liable for the acts and transactions complained of herein that occurred and injured plaintiff in and thus had consequences in the State of New York.

15.    As a direct and proximate result of the conduct of the defendant, the plaintiff sustained severe and permanent injuries.

16.    By reason of the foregoing, the injured plaintiff has sustained personal injuries, pain hospitalizations for lengthy periods of time and anxiety and fear of additional adverse medical and permanent consequences, which will continue in the future.

17.    By reason of aforesaid plaintiff's injuries, plaintiff has incurred or may be obligated to pay monies for medical treatment, care and expenses.

18.    The injuries sustained by the plaintiff and the damages resulting therefrom were caused solely by the Defendant's defective product without any fault on the part of the plaintiff contributing hereto.

19.    Upon information and belief, the Defendant used a wide range of marketing methods to promote the aforesaid products including sponsoring medical journals to promote the alleged benefits of its products, using sales representatives to call to on physicians

3

throughout the country to encourage them to prescribe Defendant's products, sponsoring continued medical education programs for the express purpose of promoting its products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end-users of their products, and by utilizing the media to promote the alleged benefits of their products.

20.    Upon information and belief, defendant engaged in extensive advertising and promotional activity which indicated its drug was efficacious for treating and that it was safe to use, and published a description thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drug to patients, including plaintiff.

21.    Upon information and belief, based on defendant's promotional activity with respect to the aforesaid products, plaintiff was prescribed the drug based on the belief the same was safe to use and was unlikely to subject plaintiff to serious side effects as a result of use of the products.

22.    In reliance on the same, plaintiff ingested said drugs and continued ingesting the drug for a period of time as instructed by the prescribing physicians.

23.    At all times herein mentioned, defendant knew their product did not have scientifically proven benefits and that the risks included cardiovascular events including heart attack, stroke, as well as other illnesses, which is known by either to medical community or end users would have resulted in consumers including the plaintiff using alternative medications.

24. Upon information and belief, had the Defendant carried out proper testing on their products, they would have realized that the risks of using their products included cardiovascular events including heart attacks, strokes, and that the risks far outweighed any alleged benefits from their products.

### AS AND FOR A FIRST AND SEPARATE CAUSE OF ACTION
### (NEGLIGENCE AND GROSS NEGLIGENCE)

25. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "24" inclusive herein with the same force and effect as fully set forth herein.

26. At all times herein mentioned, defendant, itself or by use of others, did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, and otherwise distribute in interstate commerce said products.

27. The Defendant knew or should have known with the exercise of reasonable care that the product is an unreasonably dangerous products and nevertheless manufactured and placed said products into the stream of commerce.

28. Defendant knew or should have known that a significant portion of the users of the product would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and strokes.

29. Upon information and belief, the Defendant's manufacturers failed to carry out adequate investigation including, but not limited to, failing to adequately test the product.

30. Defendant was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying, minimizing, and otherwise failing to warn the medical profession, the public in general and the

plaintiff in particular about the serious and deadly side effects of its products, while at the same time promoting the drug on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

31. As a direct and proximate result of the negligence of the Defendant, plaintiff was harmed due to ingesting the products over a period of time.

32. By reason of the foregoing, plaintiff sustained personal injuries, pain and suffering and continued to suffer from anxiety and pain and suffering for lengthy period of time and fear of additional adverse medical and permanent consequences, which plaintiff will continue to suffer in the future.

33. Upon information and belief, as a result of defendant's conduct, plaintiff sustained injuries, as a result of complications and causes, stemming from the ingestion of the defendant's product.

34. By reason of the aforesaid, plaintiff has incurred or may be obligated to pay monies for medical treatment, expenses and hospitalizations.

35. The injuries plaintiff sustained as aforesaid and the damage resulting therefrom were caused solely by the defendant's defective product without any fault on the part of plaintiff contributing thereto.

36. As a result of the foregoing, plaintiffs are entitled to damages in an amount that exceeds jurisdictional limits of any and all lower Courts to be determined upon the trial of this action.

AS AND FOR A SECOND AND SEPARATE CAUSE OF ACTION
(STRICT LIABILITY)

37.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "36" inclusive herein with the same force and effect as fully set forth herein.

38.    That aforementioned product was dangerous and defective, in that any benefit from said product was outweighed by the serious and deadly side effects of said drug.

39.    Defendant placed said product into the stream of commerce with reckless disregard for the public safety in that adequate testing was not conducted, did not timely or adequately continue to test and monitor the safety of the drug, or take other reasonable steps to assure the product were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

40.    Defendant is strictly liable for the injuries plaintiff sustained as a result of ingesting the product as aforesaid.

41.    As a result of reckless disregard for the public welfare and in particular, plaintiff's welfare and defendant's conduct, plaintiff is entitled for damages sustained in an amount that exceeds jurisdictional limits of any and all lower Courts to be determined upon the trial of this action.

### AS AND FOR A THIRD AND SEPARATE CAUSE OF ACTION
### (MISREPRESENTATION AND FAILURE TO WARN)

42.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "41" inclusive herein with the same force and effect as set forth herein.

43.    Prior to the time the plaintiff ingested the drug complained of, defendant engaged in a strategy involving aggressively marketing and selling the aforesaid products by

falsely misleading potential users as to the safety of the drugs and by failing to protect

users from serious dangers which defendant knew or should have known to result

from use of said product.

44.   By use of affirmative misrepresentations and omissions, defendant engaged in

promotional or advertising programs that falsely and fraudulently sought to create the

image and/or impression that the use of the aforesaid drug was safe or had minimal

risks to the public and the plaintiff in particular.

45.   Upon information and belief, defendant understated, downplayed and/or withheld

information concerning health hazards and risks associated with the drug, as well as

the lack of adequate testing and monitoring for safety.

46.   Defendant failed to provide adequate warnings and/or information concerning the

harms or potential harms of and dangers of the use of said product to the public for

whom the drug were not expressly contraindicated, and diluted any warnings by

representing that adverse events were not significant for persons likely to be the users

of said drug.

47.   As a direct and proximate result of the aforesaid failure to provide adequate or

appropriate warnings and/or instructions, plaintiff sustained the harm complained of

herein.

48.   Upon information and belief, at the times relevant to this complaint, Defendant was in

possession of information demonstrating serious side effects evidencing the increased

risk the drug posed to patients, or clearly should have been in possession of such

information yet continued to market the product by providing false and misleading

information with regard to safety as aforesaid drug.

9

49.    That despite the same and the fact that there was existing evidence said drug were in fact dangerous, the Defendant downplayed the health hazards and risks associated with the product and, in fact, deceived the medical community and public at large including all potential users including the plaintiff of the products by promoting the same as safe effective.

50.    Upon information and belief, defendant placed profit concerns over and above the safety of the public and as a result of such reckless conduct, plaintiffs are entitled to exemplary damages in addition to compensatory damages sustained as result of the Defendant's conduct.

51.    Plaintiffs are entitled to exemplary damages from the Defendant as the failure to warn was reckless and without regard to the public safety and welfare in that they misled both the medical community and the public at large including the plaintiff herein by misleading them about the safety of the products and downplayed or ignored serious side effects despite available information demonstrating the product was likely to cause serious and sometimes fatal side effects to the users.

52.    As a result of the reckless disregard for the public's welfare, in particular, of plaintiff's welfare and defendant's conduct, plaintiff is entitled to compensatory and exemplary damages in an amount that exceeds jurisdictional limits of any and all lower Courts to be determined upon the trial of this action.

AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
(BREACH OF EXPRESS AND IMPLIED WARRANTIES)

53.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "52" inclusive herein with the same force and effect as fully set forth herein.

54.   That the manufacturing Defendant expressly warranted that the product was safe when used by patients for whom they were not otherwise contraindicated.

55.   Defendant impliedly warranted that the product was safe when used by patients for whom they were not otherwise contraindicated.

56.   Defendant breached such warranties in that said drug was not safe for the purpose for which they were intended.

57.   As a direct and proximate result of the breach warranties, plaintiff sustained personal and permanent injuries and will continue to suffer harm in the future.

58.   That by reason of the foregoing, plaintiff has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts to be determined upon the trial of this action.

## AS AND FOR A FIFTH AND SEPARATE CAUSE OF ACTION
## (VIOLATION OF NEW YORK BUSINESS CORPORATION LAW §349)

59.   Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "58" inclusive herein with the same force and effect as fully set forth herein.

60.   Defendant engaged in false and deceptive acts or practices, which involved extensive marketing and/or advertising schemes that had a broader impact on consumers at large.

61.   Defendant engaged in acts or practices that were deceptive or misleading in that the same were likely to mislead a reasonable consumer acting reasonably under the circumstances to ingest the products and be injured thereby.

62.   Defendants' acts and practices violated New York's General Business Law § 349.

63.     Plaintiff was injured as a direct and proximate result of the deceptive and misleading acts and practices of the defendants herein and is entitled to compensatory and exemplary damages therefrom.

AS AND FOR A SIXTH CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF, DIANA DOCI

64.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs designated "1" through "63" inclusive with the same force and effect as if fully set forth herein.

65.     At all times herein, plaintiff Diana Doci was the lawfully wedded wife of plaintiff Skender Veli Doci and cohabitated with him as such.

66.     As a result of the aforementioned, plaintiff Diana Doci has been and continues to be deprived of the husband's love, services, companionship and consortium and has been damaged thereby.

67.     By virtue of the foregoing, this plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiffs demand judgment against the Defendant in each and separate Causes of Action in amounts exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction and in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: September 29, 2006                          Yours, etc.,

**GODOSKY & GENTILE, P.C.**
Attorneys for Plaintiffs
61 Broadway - 20th Floor
New York, New York 10006
(212) 742-9700
File # V 1149-00

By:              /s/
        Robert E. Godosky (RG4459)

11