## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | | |
|     Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | Case No. 08-1633 |
| | * | |
| AvMed, Inc.; Aetna, Inc.; Arkansas Blue Cross and Blue Shield, A Mutual Insurance Company; HMO Partners, Inc. d/b/a Health Advantage; USAble Life; BCBSD, Inc. d/b/a Blue Cross Blue Shield of Delaware; Blue Cross & Blue Shield of Mississippi; Blue Cross & Blue Shield of Rhode Island; Blue Crosse and Blue Shield of Arizona, Inc.; Blue Cross and Bleu Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; Blue Cross and Blue Shield of Vermont; Blue Cross Blue Shield Association; BlueCross and BlueShield of Florida, Inc.; BlueCross BlueShield of Tennessee; CareFirst, Inc.; Connecticut General Life Insurance Company; Government Employee's Health Association, Inc.; Great-West Life & Annuity Insurance Company; Group Health Incorporated; The Guardian Life Insurance Company of America; Harvard Pilgrim Health Care, Inc.; Hawaii Medical Service Association; Health Net, Inc.; Highmark, Inc.; Highmark West Virginia Inc. d/b/a Mountain State Blue Cross and Blue Shield; HIP Health Plan of New York; Humana, Inc.; Johns Hopkins HealthCare LLC; KPS Health Plans; Medical Mutual of Ohio; Nordia Mutual | * * * * * * * * * * * * * * * * * * * * * * * * | SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

| | |
|---|---|
| Insurance Company; Premera Blue Cross; Priority Health; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield of Idaho; Regence BlueShield; Asuris Northwest Health; Regence Life and Health Insurance Company; Trustmark Life Insurance Company and Trustmark Insurance Company; UnitedHealth Group Incorporated; Vista Healthplan, Inc.; Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa; Wellmark of South Dakota, Inc. d/b/a Wellmark Blue Cross and Blue Shield of South Dakota; and Wellmark Health Plan of Iowa, Inc., | * * * * * * * * * * * * * * * |
| Plaintiffs, | * * |
| v. | * * |
| Brown Greer PLC; U.S. Bancorp, Inc.; and John Does, | * * * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## EMERGENCY MOTION TO REINSTATE DEFENDANTS' MOTION TO SEVER

Defendants, BROWNGREER, PLC and U.S. Bank National Association, respectfully request this Court issue an Order reinstating Defendants' Motion to Sever, previously filed on May 20, 2008.

On April 14, 2008, forty-eight plaintiff insurance companies jointly filed one complaint seeking a constructive or equitable lien against the Settlement Fund in the Vioxx Product Liability Litigation. Because this joint filing is barred under Pre-Trial Order 26 and Rules 20 and 21 of the Federal Rules of Civil Procedure, defendants moved this Court for an Order severing plaintiffs' claims. (*See* Defendants' Motion to Sever and Memorandum in Support, filed May 20, 2008). The Court set the Motion to Sever for hearing with oral argument on June

27, 2008.  (Order on Mot. to Sever, June 3, 2008).  Before the hearing on the Motion to Sever, plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction.  The Court denied plaintiffs' request for a Temporary Restraining Order and ordered that the Motion for Preliminary Injunction be heard on June 27, 2008.  (June 11, 2008 Minute Entry).

On June 27, 2008, the Court held its Vioxx MDL Status Conference.  Immediately before the Status Conference, the plaintiffs agreed to withdraw their preliminary injunction motion without prejudice pending a potential agreement between the parties.  Because of the ongoing discussions between the plaintiffs and the PSC, defendants likewise agreed to withdraw their Motion to Sever without prejudice.  These agreements are memorialized in the Court's June 27, 2008 Minute Entry and Order.

On July 14, 2008, plaintiffs filed an Emergency Motion to Reinstate Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Emerg. Mot.).  In their Emergency Motion, plaintiffs assert that they have been unable to reach an agreement with the PSC regarding the relief plaintiffs seek in their injunction motion.   (Emerg. Mot. at pp. 2-4).

Defendants, therefore, request the Court reinstate their Motion to Sever.  The Motion to Sever has been fully briefed by both parties and its reinstatement will not impose prejudice on any party.  Furthermore, the Motion was withdrawn without prejudice and with the parties' knowledge that it could be refiled at a later date.

WHEREFORE, defendants, BROWNGREER, PLC and U.S. Bank National Association, respectfully request this Court issue an Order reinstating Defendants' Motion to Sever, and setting the hearing on said Motion at the next Vioxx MDL Status Conference, scheduled on July 17, 2008.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE, LLC

*/s Monique M. Garsaud*
JAMES B. IRWIN (Bar No. 7172), T.A.
MONIQUE M. GARSAUD (Bar No. 25393)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: jirwin@irwinllc.com
mgarsaud@irwinllc.com

*Attorneys for BROWNGREER, PLC
and US Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Reinstate Motion to Sever has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of July, 2008.

*/s Monique M. Garsaud*