# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  VIOXX   PRODUCTS LIABILITY LITIGATION | * * * * | |
| | * | MDL Docket No. 1657 |
| | * | |
| | * | SECTION L |
| This Document Relates To | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| Case Nos. 06-6997; 06-6999; 06-7150 | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MERCK'S MOTION TO DISMISS[1]

## I.   INTRODUCTION

The United States judicial system, in particular, the Multidistrict Litigation ("MDL") transferee Court, is in the best position to assess the liability of Merck, a United States corporation residing in the United States which tested, developed, designed, manufactured, and promoted a defective product, Vioxx, to United States citizens and to citizens from other countries, including the Dominican Republic. The decisions, instructions, and plans to sell Vioxx all occurred in the United States.  The documents and witnesses relating to Defendant's harmful conduct are

---

[1] Although the Court directed Plaintiffs to show cause why their claims should not be dismissed on or before July 10, 2008, Plaintiffs submit this response to Defendant's Motion to Dismiss on this the 14th day of  July, 2008, pursuant to an extension of time agreed upon by the Parties and with the Defendant's express consent.

located in the United States, which are critical in deciding Defendant's liability. The purpose of MDL is to coordinate and consolidate pretrial proceedings, to centralize the litigation to avoid duplication of discovery and to conserve the resources of the parties, their counsel and the judiciary.   The MDL is the most effective procedure for handling mass tort litigation, such as the Vioxx litigation. This MDL has been incredibly efficient at handling this litigation.   The MDL provides a convenient location for all pre-trial discovery.

Defendant Merck will not dispute that the manufacture of Vioxx occurred in the United States.  It will also not dispute that the development, design, testing and decision to recall Vioxx occurred in the United States.  Defendant studied the effects of Vioxx at its United States headquarters and submitted proposed labeling changes from the United States.  It also coordinated the distribution of Vioxx to thousands of pharmacies around the world from the United States through its subsidiaries.  All important decisions were directed from Defendant's headquarters in the United States.  These acts make up critical evidence that is at the center of this lawsuit and the most important reasons why the Dominican Republic plaintiffs' claims should remain in the United States and not be dismissed to the Dominican Republic.

There is no current coordinated Vioxx litigation in the Dominican Republic. If this Court dismisses the Dominican Republic plaintiffs' claims, competing

litigation in foreign countries would most certainly detract from the ongoing litigation in the United States' courts. Foreign claimants should not be precluded from pursuing actions against Merck in an arena that already contains most of the evidence supporting liability which will most efficiently expedite this litigation. There is no substantial burden upon the United States' judicial system because the additional foreign claimants are not substantial. Currently, in fact, the number of Dominican Republic claims that would be brought will be only 15. Most importantly, there is no similar relief available to Dominican Republic claimants in their forum. The actions filed by citizens of the Dominican Republic in this case request relief for personal injuries, medical monitoring and purchase claims. At the very least, an action for medical monitoring and purchase claims should be sustained since no basis of relief exists for these two claims outside the American judicial system.

Merck is a citizen incorporated in the United States and should be held accountable for its actions in its home, where all documents and witnesses supporting liability are housed. Merck wishes this Court to believe that it is more convenient to translate all of their documents produced in this litigation and travel to the Dominican Republic with their American litigation team and Merck witnesses than to defend the litigation of Dominican Republic claimants here in the United States. As will be set forth below, Merck has not met its burden of proof as

to all elements of the *forum non conveniens* analysis.  Merck fails to show that an adequate alternative forum exists and that the private and public interest factors weigh heavily on the side of dismissal.   The central focus of the *forum non conveniens* inquiry is on convenience.  Convenience is strictly related to where the "focal point" of the litigation takes place (where the majority of employees, documents, witnesses and evidence related to the transaction are located).   The Court must decide where trial will best serve the convenience of the parties and the ends of justice.  Clearly, no other factual scenario in major mass tort litigation in recent United States history stands out stronger for denial of a Motion to Dismiss on *forum non conveniens* grounds than the current Vioxx litigation against Merck. This memorandum sets out the grounds for denying Merck's Motion to Dismiss.

## II.   <u>LEGAL ARGUMENT</u>

### A.   <u>Only 15 of the Plaintiffs' Included in Case Nos. 06-6997, 06-6999, 06-7150, are Residents of the Dominican Republic and the Defendant's Motion Should be Denied With Respect to the Remaining Non-Foreign Plaintiffs.</u>

It is beyond dispute that only 15 of the Plaintiffs asserting claims in case nos. 06-6997, 06-6999, and 06-7150 are residents of the Dominican Republic.[2] Clearly, there is absolutely no basis whatsoever for dismissing the non-foreign,

---

[2] The Foreign Plaintiffs are
Case No. 06-6997:  Camelia Lovelace; Legia Lovelace; Luz Librado-Sanchez.
Case No. 06-6999:  Rogelio Adames De La Rosa; Margarita De La Cruz; Justina Frias; Francisco Infante-Pena; Filomena Leguisamon; Wenceslao Paniagua-Morillo; Milagros Pichardo-Loqez; Ramon Pimentel-Fernandez; Maria Pion-Baez; Rafeal Ramos-Rodriguez.
Case No. 06-7150: Ramon Alvarado; Jose Beato.

United States citizen plaintiffs' claims to the Dominican Republic and Defendant has cited this Court to none.  Accordingly, this Court should deny Defendant's Motion to Dismiss inasmuch as it seeks dismissal of the non-foreign plaintiffs' actions.

**B.**    **Defendant's Motion To Dismiss Should Be Denied Under *Forum Non Conveniens* Because the Two Step Analysis Does Not Overwhelmingly Favor Dismissal.**

Under the doctrine of *forum non conveniens*, the court may decline jurisdiction and dismiss the case to be tried in another forum. *Gulf Oil v. Gilbert*, 330 U.S. 501, 507 (1947); see also  *Karim v. Finch Shipping Co. Ltd.*, 265 F.3rd 258, 268 (5th Cir. 2001).  "The *forum non conveniens* determination is committed to the sound discretion of the trial court."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).  This Court has the responsibility of determining whether or not the foreign Plaintiffs can pursue their claims in the United States.  A two step analysis is performed when analyzing a motion to dismiss under *forum non conveniens*.  Step one is to determine whether or not the alternative forum is adequate.  Step two involves balancing the public and private interest factors.  The Defendant has "the burden of persuasion as to all elements of the forum non conveniens analysis."  *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-44 (3d Cir. 1988).  It "must show that an adequate alternative forum exists . . . and, if so, that the private and public interest factors weigh heavily on the side of dismissal."  *Id.*

at 44

The court must also consider the plaintiff's choice of forum. Typically, there is a strong deference in favor of the plaintiff's choice of forum. *See Piper*, 454 U.S. at 256; *Carlenstolpe v. Merck & Co., Inc.*, 638 F.Supp. 901, 9045 (S.D.N.Y. 1986); *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799 (7th Cir. 1997). According to the Supreme Court, "[w]hen the plaintiff is foreign, however, this assumption is much less reasonable." *Piper*, 454 U.S. at 256. *See Lacey*, 862 F.2d at 43; *In re Rezulin Products LIab. Litig.*, 214 F.Supp.2d 396, 399 (S.D.N.Y. 2002). But, a foreign plaintiff's choice of forum "is not an invitation to accord a foreign plaintiff's selection of an American forum no deference since dismissal for *forum non conveniens* is the exception rather than the rule." *In re Air Crash Disaster Near New Orleans, LA*, 821 F.2d 1147, 1164 n.26 (5th Cir. 1987). The Court in *In re Air Crash Disaster Near New Orleans, LA* goes on to state "[t]he fact that plaintiffs are foreign is not, in and of itself, sufficient to require dismissal under *forum non conveniens*." *In re Air Crash Disaster Near New Orleans, LA*, 821 F.2d at 1164 n.26. It is the defendant's "burden to demonstrate why the presumption in favor of plaintiff's choice, weakened though it may be, should be disturbed." *Carlenstolpe*, 638 F.Supp. at 904. Plaintiff's forum choice deserves less deference when "it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . ." *Iragorri v. United Technologies Corp.*,

274 F.3d 65, 72 (2d Cir. 2001).  On the other hand, it deserves greater deference when "it appears that a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid . . . " *Id*. at 723.  "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States," the stronger the deference is to plaintiff's forum choice and the harder it becomes for the defendant's motion to succeed.  *Id*. at 72 (footnote omitted).  Plaintiff's choice of forum should not be disturbed since the choice was guided by convenience and the litigation's connection to the United States.  *Id*. at 72.  The United States is where Defendant's tortious conduct occurred and where the majority of documents are located.  Because the majority of the activities surrounding this litigation occurred in the United States, the Plaintiffs should be treated equally regardless of what country they reside in and their choice of forum should be given strong deference and should not be disturbed.  Defendant has not provided any significant argument as to why the Plaintiffs' choice of forum should be disturbed.  *Carlenstolpe*, 638 F.Supp. at 904.

### 1.      The Dominican Republic Does Not Provide Adequate Alternative Forums Or Satisfactory Remedies.

In determining whether or not the alternative forum is adequate, the court must first verify the existence of an alternative forum.  *Piper*, 454 at 255 n.22.  An

7

alternative forum is available "when the defendant is 'amenable to process' in the other jurisdiction." *Id. quoting Gulf*, 330 U.S. at 506-507. *See Empresas Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G., et al.*, 955 F.2d 368, 372 (5th Cir. 1992). Even if the defendant is amenable to process in the alternative forum, it may still be inadequate "where the remedy offered by the other forum is clearly unsatisfactory." *Piper*, 454 U.S. at 255 n.22. A foreign forum is adequate when the parties will not be deprived of all the remedies or treated unfairly, although they may not enjoy the same benefits as they might receive in an American court. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). Furthermore, "the court must be alert to the realities of the plaintiff's position, financial and otherwise, and his or her ability as a practical matter to bring suit in the alternative forum." *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 346 (8th Cir. 1983). *See also Irish Nat'l Ins. Co. Ltd. v. Aer Lingus Teoranta*, 739 F.2d 90, 91 (2nd Cir. 1984)(granting of a motion to dismiss based on *forum non conveniens* can "send the case to a jurisdiction which has imposed such severe monetary limitations on recovery as to eliminate the likelihood that the case will be tried"). The Court in *Manu Int'l., S.A. v. Avon Products, Inc.*, 641 F.2d 62 (2nd Cir. 1981) considered it "perversion of the *forum non conveniens* doctrine to remit a plaintiff, in the name of expediency, to a forum in which, realistically, it will be unable to bring suit when the defendant would not be genuinely prejudiced by

having to defend at home in the plaintiff's chosen forum." *Manu*, 641 F.2d at 67.

An important aspect of an adequate forum is that the entire case and all parties can come within the jurisdiction of that forum. *Alpine*, 205 F.3d at 221. *See Kamel*, 108 F.3d at 803; *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). It entails locating one "judicial roof" under which each and every action can be litigated. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 183 n.10, 190 (3rd Cir. 1999).

Defendant has not shown the Dominican Republic to be an adequate forum in which Plaintiffs can litigate their claims. The lack of proper mechanisms for Plaintiffs to litigate their claims against Defendant in the Dominican Republic renders the Dominican Republic courts inadequate and practically non-existent as a forum. The Dominican Republic is clearly an inadequate forum because the Dominican Republic forum unfairly deprives the Plaintiffs of effective remedies to pursue their claims. *Alpine*, 205 F.3d at 221. Plaintiffs do not have a viable opportunity to bring a claim against Defendant in the Dominican Republic.

## 2. The Private and Public Interest Factors Do Not Weigh In Favor of Dismissal.

Second, the court must consider whether certain private and public interest factors weigh in favor of dismissal. *Gulf*, 300 U.S. 501. In the second step of the analysis, "no one factor is given conclusive weight, but the "central focus" of the *forum non conveniens* inquiry is on convenience." *Oyuela v. Seacor Marine*

*(Nigeria), Inc.*, 290 F.Supp.2d 713, 725 (E.D.La. 2003) *quoting Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999). Convenience is strictly related to where the "focal point" of the litigation takes place (where the majority of employees, documents, witnesses, and evidence related to the transaction are located). *Turan v. Universal Plan Inv. Ltd.*, 70 F.Supp.2d 671, 677-678 (E.D.La. 1999). The court must decide "where trial will best serve the convenience of the parties and the ends of justice." *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947). *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 42 (3d Cir. 1988).

Additionally, Plaintiff's choice of forum cannot "'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gulf*, 330 U.S. at 508. *See Piper*, 454 U.S. at 241; *Koster*, 330 U.S. at 524; *Kamel*, 108 F.3d at 802. Only if "the balance is strongly in favor of the defendant," may the plaintiff's choice of forum be "disturbed." *Gulf*, 330 U.S. at 508. *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984); *Lacey*, 932 F.d at 180. "To prevail on a *forum non conveniens* motion, the movant must show that the balance of these factors tips decidedly in favor of trial in the foreign forum." *Lacey*, 932 F.2d at 180. According to the Court in *Lacey*, "[i]f, when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly

toward dismissal, the motion to dismiss must be denied." *Id*. at 180.  The balance of the public and private factors must strongly favor dismissal.  *Id*.

The relevant private factors "are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf*, 330 U.S. at 508. The public interest factors examine the "administrative difficulties flowing from court congestion," imposing jury duty "upon the people of a community which has no relation to the litigation," the "local interest in having localized controversies decided at home," and "having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf*, 330 U.S. at 508.

The private and public interest factors clearly demonstrate that the motion to dismiss on the legal theory of *forum non conveniens* should be denied.  Not only do the factors not overwhelmingly weigh in favor of dismissal, but in terms of convenience, it would be far more convenient if the Plaintiffs' claims were heard in the United States. *Koster*, 330 U.S. at 527.  The focal point of this litigation is in the United States.  *Turan*, 70 F.Supp.2d at 677.  This forum is where the majority of documents, witnesses, and evidence are located.

Plaintiffs' choice of forum is also not vexatious, oppressive, or harassing to the Defendant who is a resident of New Jersey. *Gulf*, 330 U.S. at 508. Plaintiff is not "inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id.* There is relatively little expense or trouble for the Defendant to litigate this action in the United States. The United States is where Defendant's principal place of business is located and where all decisions regarding Vioxx were made. By "incorporating in this country and locating here, [it has] in effect signified [its] willingness to be sued in American courts." *The Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d 429, 435 (D.C. Cir. 1976). It is absurd for Defendant to argue that litigating this action in the Dominican Republic would not cause great expense and inconvenience. Clearly, it would be more convenient to litigate Vioxx suits in the locale where the majority of documents and witnesses are located – in the United States. *See also Chan Tse Ming v. Cordis Corp.*, 704 F.Supp. 217, 219 (S.D. Fla. 1989) (although plaintiffs were located in Hong Kong, defendant's witnesses and documents were located in Florida, which was determined to be the most convenient forum).

### a.   The Private Interest Factors Do Not Overwhelmingly Favor Dismissal.

Defendant has not met its burden in proving that the access to sources of proof, such as documents and witnesses, or that the access to willing and unwilling witnesses will be easier in the Dominican Republic.

1. ***Many of the Plaintiffs were prescribed Vioxx, filled Vioxx prescriptions and were treated for their Vioxx related injuries in the United States.***

Defendants wholly ignore the fact that many of the Dominican Republic plaintiffs were prescribed Vioxx, filled their Vioxx prescriptions, and were treated for their Vioxx related injuries in the United States. Accordingly, the convenient availability of relevant evident and the compulsory process available in the United States for obtaining the documents, persons and things related to these aspects of Plaintiffs' claims is a factor militating against dismissal to the Dominican Republic. Defendants simply offer no explanation whatsoever as to how working through the Dominican Republic court systems to obtain these key pieces of evidence from the United States is more convenient for the parties.

2. ***Even for those Plaintiffs who were not prescribed Vioxx in the United States, did not fill Vioxx prescriptions in the United States and/or were not treated for their Vioxx related injuries in the United States, the private interest factors do not weigh in favor of dismissal.***

In these cases, all the relevant evidence is already located in the United States, has been transported to the United States, or can easily be sent if necessary. The evidence relating to the Plaintiffs' injuries, unused Vioxx tablets/pills, Plaintiffs' medical and pharmacy records, and documents relating to his or her use, can easily be shipped, e-mailed, or faxed to the United States. Defendant does not

13

explain how transporting documents from the Dominican Republic, and even translating those documents, would be oppressive or vexations. *See Traver*, 233 F.Supp.2d at 416.  In *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 190 F.Supp.2d 1125 (S.D.Ind. 2002) the Court denied defendant's motion to dismiss based on *forum non conveniens* based on the location of the manufacturing.  The Court held that much of the evidence regarding liability was located in the United States.  The vehicles and tires were manufactured in the United States.  Because of their American manufacture, most of the documents and witness related to the design, testing, and accident rates of these products were located in the United States.  The Court further noted that while the relevant document could be translated to Columbia without much inconvenience, crucial expert reports and deposition testimony probably could not be made available in Columbian courts, demonstrating that the bulk of liability evidence was more accessible in the United States.  *In re Bridgestone/Firestone*, 190 F.Supp.2d at 1139-1140.  The most critical evidence, documents relating to the development, testing, manufacture, and the decision to recall Vioxx, are located in the United States.  If these cases were to be sent to the Dominican Republic, millions of pages of Defendant's documents would have to be translated into Spanish and then transported to the Dominican Republic.  The documents include information about the development and design of Vioxx, the results of the testing, the manufacturing

process, and what the Defendant knew about Vioxx before its decision to recall it

and what led the Defendant to recall its highly profitable drug.  How is this more

convenient to the Defendant?

In *In re Factor VIII Or IX Concentrate Blood Products Liab. Litig.*, 408

F.Supp.2d 569 (N.D. Ill. 2006), foreign plaintiffs allegedly contracted the human

immuno-deficiency virus (HIV) or Hepatitis B virus from the American

defendants' blood-clotting products.  *In re Factor VIII or IX Concentrate Blood

Products,* 408 F.Supp.2d at 570.  The Court granted the motion to dismiss under

the doctrine of *forum non conveniens.*  *Id.* at 591.  This case is highly

distinguishable from the Vioxx litigation, which make this case's holding

inapplicable to the Vioxx litigation.  The Court in *In re Factor VIII or IX

Concentrate Blood Products* ruled that documents previously produced in the

MDL could also be produced in the United Kingdom.  *Id.* at 585.  However, unlike

the Vioxx litigation, the evidence did not need to be translated.  In the Vioxx

litigation, all the documents produced in the MDL will have to be translated into

either Spanish.  The other main distinction is the Court's reasoning that the United

Kingdom was a more convenient forum.  The main reason the U.K. was a more

convenient forum was because the defendants did not have the ability to join third-

party defendants if the case remained in the Northern District of California.  *Id.* at

587.  However, in the case at bar, there are no third-party defendants.

**b.     The Public Interest Factors Do Not Warrant Dismissal.**

Defendant has not demonstrated that the public interest factors overwhelmingly favor dismissal of the Dominican Republic actions.  The issues of liability that will arise with the Dominican Republic Plaintiffs, which the Court would oversee, are the same issues that arise with United States plaintiffs.  Vioxx was manufactured in the United States and all important decisions regarding its design, development, manufacturing, testing, and decision to recall occurred in the United States.  The United States was chosen by the Dominican Republic Plaintiffs in the Vioxx litigation, not because of forum shopping, but because of convenience and the United States is the focal point of the Vioxx litigation. *Turan*, 70 F.Supp. at 677-678.

Defendant's tortious conduct which led to the Plaintiffs' injuries occurred primarily in the United States.  "[W]here an allegedly defective drug has been developed, tested and manufactured in the United States, and is being distributed to and presumably used by American citizens, including citizens of the forum," the Court in *Carlenstolpe*, found that "forum's interest in litigating the controversy is at least equal to that of the foreign citizen's home forum." *Carlenstolpe*, 638 F.Supp. at 909.  The Court found the issue in the case "was not some alleged manufacturing defect but rather the adequacy of the drug's design and testing, and of the basic information package supplied by its creator, all of which issues for the

most part centered on behavior occurring in the United States." *Carlenstolpe*, 638 F.Supp. at 908.  *See also Chan*, 704 F.Supp., at 220 ("the site of the pacemaker's manufacture, development and testing occurred in Florida, this forum [Florida] certainly has a significant interest in the outcome of the litigation").  Clearly, the United States has the greatest interest in protecting consumers of defective products manufactured by United States corporations regardless of whether the consumer resides in the United States or elsewhere.

**B.**  **Alternatively, Plaintiffs Ask That Certain Conditions Be Imposed On Defendants If This Court Dismisses the Dominican Republic Plaintiffs.**

In the alternative, if this Court grants Defendant's motion to dismiss, Plaintiffs ask that the Court grant the dismissal on the basis that the Defendant not only accept jurisdiction and service of process in the Dominican Republic, but also agree to pay any "final judgments" that are adjudicated by the foreign country, not include the time period the claim was in the United States in raising any statute of limitations or similar defense, to provide any necessary documents and witnesses in the Dominican Republic, and not object to any evidence offered in the Dominican Republic that would have been admissible in the United States.  *In re Silicone Breast Implants Liab. Litig.*, 887 F.Supp. 1469, 1479 (N.D.Ala. 1995).  A similar order was entered in *In re Silicone Breast Implants Liab. Litig.*  The Court fashioned the dismissal on the conditions that the defendant accept service of

process and jurisdiction in the foreign country, pay any "final judgments rendered against it," "will not, in raising any statute of limitations or similar defense in such tribunals, include the period that a suit . . . was pending against it in" the U.S., and "not object to evidence  . . . that if offered in federal courts of the United States, would have been admissible . . ." *In re Silicone Breast Implants Liab. Litig.*, 887 F.Supp. at 1478-1479.  *See also In re Richardson-Merrell*, 545 F.Supp. at 1137 (dismissal was conditioned on defendant's consent to jurisdiction and service of process, to provide any necessary documents or witnesses, to pay any judgment entered against it, and "to waive any statute of limitations defenses that did not exist prior to the institution of any of these actions.")  Plaintiffs further ask that the Court permit Plaintiffs to re-file their lawsuits in the United States if the Dominican Republic courts do not accept jurisdiction and the Defendant fails to comply with any of the above conditions.  *See Doe v. Hyland Therapeutics Division*, 807 F.Supp. 1117, 1133 (S.D.N.Y. 1992) (dismissal conditions were: defendant's consent to jurisdiction and service of process, waiver of any statute of limitations defenses that arose since filing of suit in N.Y., and allowing plaintiffs to re-file case if filed in Ireland within ninety days and Ireland did not accept jurisdiction).   Defendant should also provide, "at [its] own expense, any documents, records or witnesses within [its] control that are needed for the fair adjudication of the plaintiff's claims . . . " *Ledingham v. Parke-Davis Div of*

*Warner-Lambert Co.*, 628 F.Supp. 1447, 1152-1153 (E.D.N.Y. 1986).

## III.   <u>CONCLUSION</u>

Clearly, the Defendant has not satisfied its heavy burden of persuading this Court that under the two step analysis for *forum non conveniens*, dismissal of the Dominican Republic Actions should be granted.  The Dominican Republic has not been shown to be an adequate alternative forum, nor has it been shown that the private and public factors weigh strongly in favor of dismissal.  The focal point of this litigation is in the United States.  It is where the majority of Defendant's tortious conduct took place and where the major decisions regarding Vioxx occurred.  Therefore, Plaintiffs respectfully request that Merck's Motion to Dismiss be denied.

Respectfully submitted,

Date: July 14, 2008

By:/s/Archie C. Lamb, Jr.
Archie C. Lamb, Jr.

THE LAMB FIRM, LLC
2900 First Avenue South
Birmingham, Alabama 35233
Phone: (205) 324-4644
Fax: (205) 324-4649

Eric Quetglas
QUETSGLAS LAW OFFICES
PO Box 16606
San Juan, Puerto Rico 00908
Phone: (787) 722-0635
Fax: (787) 722-3970

E. Kirk Wood
E. KIRK WOOD, P.C.
P.O. Box 382434
Birmingham, Alabama 35283

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all parties by electronically uploading the same to LexisNexis File and Serve, and that said original is being filed with the Clerk of the United States District Court for the Eastern District of Louisiana on this the 14th day of July, 2008.


By: /s/Archie C. Lamb, Jr.
Archie C. Lamb, Jr.
THE LAMB FIRM, LLC