FILED '08 JUL 14 10:27 USDC-LAE

STEVEN A. FABBRO, ESQ. (SBN #107973)
LAW OFFICES OF STEVEN A. FABBRO
101 Montgomery Street, 27th Floor
San Francisco, CA 94104
Telephone:   (415) 391-6850
Facsimile:   (415) 391-6856

Attorney for Plaintiff: MARTHA FERNANDEZ

UNITED STATES DISTRICT COURT FOR THE
EASTER DISTRICT OF LOUISIANA

IN RE: VIOXX                          )   MDL NO. 1657
                                      )
PRODUCTS LIABILITY LITIGATION         )   SECTION L
                                      )
                                      )   JUDGE FALLON
                                      )
THIS DOCUMENT RELATES TO:             )   MAGISTRATE JUDGE KNOWLES
                                      )
MDL NO. 07-0344                       )

## PLAINTIFF IN CASE 07-0344'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY THE FOREIGN INDIVIDUAL CASES SHOULD NOT BE DISMISSED UNDE RTHE DOCTRINE OF FORUM NON CONVENIENS

The Plaintiff in action 07-0344 Martha Fernandez, <u>Hart et al. v. Merck & Co.</u> (hereafter "Plaintiffs"), through counsel, responds to this Court's order of June 30, 2008, requesting that Plaintiffs show cause as to why the foreign individual cases should not be dismissed under the doctrine of forum non conveniens, and state:

Action 07-0344 consists of one plaintiff MARTHA FERNANDEZ, who is a citizen of the United Mexican States (Mexico). Merck's arguments in the subject motion are both without sufficient evidence and untimely.

Plaintiff's Response to Court's Order to Show Cause re: Forum Non Conveniens

Page 1

___ Fee_____
___ Process_____
 X  Dktd_____
 ✓  CtRmDep_____
___ Doc. No._____

Plaintiff adopts and sets forth those points below as previously submitted to the Court by Aaron M. Levine, Esq. counsel for Plaintiffs in the Hart, et al. v. Merck Co, action 05-5586.

## I. MERCK HAS FAILED TO MEET ITS BURDEN TO SUPPORT ITS BURDEN FOR FORUM NON CONVENIENS

In forum non conveniens a "defendant must provide enough information to enable the District Court to balance the parties' interest." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258 (U.S. 1981). A failure to provide the court with specific information regarding the potential witnesses that may be called will defeat a motion for forum non conveniens. See Webster v. Santa Fe Int'l Corp., No. 3:98-CV-1314-D, 1999 U.S. Dist. LEXIS 212 AT *11 (N.D. Tex. Jan. 12, 1999). In the present case Merck's Motion to Show Cause relies solely on the general averments of its previous motion; without any reference to the specific context of a case, Merck has simply not met its burden.

The case dismissed by In re Vioxx Products Liab. Litig., 448 F Supp. 2d 741 (E.D. La. 2006) were class actions. A class action, by its nature, must have questions of law and fact common to all plaintiffs. See Fed. R. Civ. P. 23(a)(2). Furthermore, the French and Italian class actions were brought as potential classes under Fed. R. Civ. P. 23(b)(2) and (3), alleging that Merck's wrongdoing was uniform across the class and that questions of fact common to the class predominate over question affecting only individual members. See Complaint, Toldeo v. Merck & Co., No. 2:05-cv-05083, pg. 6, Docket No. 1 (Aug. 29, 2005); Complaint, Calandra v. Merck & Co., No. 2:05-md-01657, pg. 10, Docket No. 1 (May 9, 2005). Part of this Court's ability to determine the claims of forum non conveniens on the record then presented by Merck was that the French and Italian classes, by their commonality, possessed easily determinable law and witnesses without further need for Merck to provide proof.

Plaintiff Fernandez was prescribed Vioxx for various forms of arthritis, back pain, and non-specific pain. She filed an individual case against Merck alleging her own personal injuries. Merck must provide more evidence as to how this Plaintiff's case is inconvenient

to the Court. Merck cannot dismiss Ms. Fernandez's case without providing information specific to Mr. Fernandez.

Plaintiff's claims do not create an excessive burden on the American judiciary. If Merck wants to apply a blanket rule against foreign plaintiffs, then Merck must present facts that show that such a rule applies to Ms. Fernandez and all other foreign plaintiffs. Merck has failed to demonstrate this. Ms. Fernandez's case specifically inconveniences the Court.

## II. MERCK'S MOTION, TWENTY MONTHS AFTER THE LAST CASE ON WHICH IT BASES THIS MOTION, IS UNTIMELY AND PREJUDICIAL TO PLAINTIFFS

Furthermore, "In addition to considering these private interest factors, the court should also consider whether defendant's motion to dismiss was timely filed." Zarmis v. Lockheed Martn Corp., No. 4:97-CV-518-A, 1997 U.S. Dist. LEXIS 21023 at *17 (N.D. Tex. Dec. 29, 1997). As Merck itself previously stated, "[forum non conveniens] motions are generally resolved early in the litigation since the very point of such motions is that the litigation should be proceeding elsewhere." See Defendant Merck & Co.'s Opposition to Plaintiffs' Motion to Strike Defendants' Motion to Dismiss the Foreign Class Actions, pgs. 2-3, Docket No. 3781 (Mar. 21, 2006) ("Strike Opposition"). Merck, however, has delayed the filing of this motion for almost two years, despite having all the information it claims it needed by November of 2006. This late filing should weigh heavily against granting any motion for forum non conveniens.

A "defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." In re Air Crash Disaster near New Orleans, 821 F.2d 1147, 1165 (5th Cir. La. 1987). A motion is untimely

when a "[d]efendant does not point out any reason for her delay and the entire motion appears to be based on facts already known to or reasonably knowable by Defendant at the time this cause was commenced." Prevision Integral de Servicios Fuenerarios, S.A. de C.V. v. Kraft, 94 F. Supp. 2d 771, 780 (W.D. Tex. 2000).

Merck has previously contended that the information necessary for a forum non conveniens motion may be found in the complaint. See Strike Opposition, pg. 4. With regard to the class action claims, the Court agreed, denying the class action plaintiffs' motions for further discovery. See Minute Order, Docket No. 3834 (Mar. 23, 2006). Plaintiffs filed their complaint on September 26, 2005. See Complaint, App. 1. The Complaint contained the residences of Plaintiff and the location where Vioxx was prescribed and purchased, the information on which Merck apparently relies as it has provided no further information in its Motion to Show Cause.

Regardless, Merck received further information from Plaintiffs in their Profile Forms, which Plaintiff submitted on April 5, 2007. Merck won its motion for dismissal on forum non conveniens grounds against the class action plaintiffs on August 30, 2006. The New Jersey decision, while not binding on this Court, was decided on October 19, 2006.

At the minimum, Merck has waited more than twenty months to assert its forum defense. "While untimeliness will not effect a waiver, it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." Empresa Lineas Maritimas Argentinas, S.A. v. Stork-Werkspoor Diesel, B.V., No. 9-0-1294, 1991 US. Dist. LEXIS 1404 AT *10 (E.D. La 1991). In the interim, Plaintiffs have expended time and effort in participating in discovery and good-faith settlement negotiations. Far shorter

1  delays have been cause to deny forum non conveniens motion; a party who waits only a few
2  months after a court is not within a reasonable time. See Manheim Auto. Fin. Servs. v.
3  Okla. Auto Exch., LLC, No. 06-2298, 2007 U.S. Dist. LEXIS 62447 at *4 (D. Kan. Aug. 23,
4  2007) (four months old); CNN L.P. v. CNNews.com, 177 F. Supp. 2d 506, 528 (E.D. Va
5  2001) (eight months old).

Merck's agreement to the terms of the class action dismissals does not correct the waste of time and resources its delay has inflicted on Plaintiffs. Plaintiffs not only provide Profile Forms, but also acquired and produced to Merck their medical records and further medical authorizations. Merck's Motion to Dismiss, which presents no case-specific information and comes twenty months late, should be denied.

Respectfully submitted,

_____
STEVEN A. FABBRO, ESQ., CA 107937
Attorney for Plaintiff
LAW OFFICES OF STEVEN A. FABBRO
101 Montgomery Street, 27th Fl.
San Francisco, CA 94104
Telephone: 415-391-6850
Facsimile: 415-391-6856
fabbrolaw2001@yahoo.com