## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   VIOXX PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| _____ | : | MDL 1657 |
| This document relates to: | : | SECTION L |
| | : | HONORABLE ELDON FALLON |
| AvMed, Inc.; et al. | : | MAGISTRATE KNOWLES |
| | : | |
| v. | : | |
| | : | |
| U.S. Bancorp; BrownGreer, PLC; and John Does | : | |
| | : | |
| Case No. 08-1633 | : | |
| _____ | : | |

## THE PLAINTIFF'S STEERING COMMITTEE'S AND THE NEGOTIATING PLAINTIFF'S COUNSEL'S, AMICUS CURIAE RESPONSE TO THE EMERGENCY MOTION TO REINSTATE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## I.     INTRODUCTION

Amicus Curiae, the Plaintiff's Steering Committee ("PSC") and the Negotiating Plaintiff's Counsel ("NPC"), submit this response to the emergency motion to reinstate plaintiffs' motion for temporary restraining order and preliminary injunction.  AvMed, Inc. ("AvMed") has moved on an emergent basis to reinstate its motion for a temporary restraining order and preliminary injunction. Amicus are in agreement that AvMed's motion should be reinstated as the parties' efforts to comport with the Court's instructions provided during the last status conference have proven to be unsuccessful.  Despite our best efforts to negotiate in accordance with the Court's recommendations regarding a cap on AvMed's recovery from insured Vioxx claimants, the parties could not reconcile

their adverse positions and are continuing to discuss the same towards a resolution.  As a consequence, the understandings expressed on the record at the status conference lacked a critical element of an agreement that impedes the accord reached and requires consideration by this Court on the merits of the extant motion for preliminary injunction.

## II.  **ARGUMENT**

On June 11, 2008, this Court denied AvMed's motion for a temporary restraining order. Thereafter, the Court set a hearing date on the preliminary injunction motion for June 27, 2008.  In advance of that hearing, the parties reached an agreement that the motion for preliminary injunction would be pulled down without prejudice on the basis that data less than that requested by AvMed would be exchanged to satisfy AvMed's interests.  During the in chambers conference and again on the record, the parties grappled with the comments raised by the Court addressing the propriety to cap the deductions from the recoveries of individual claimants.  In particular, the Court stated:

> I think that that's why I say the cap might be helpful.  I'm not negotiating the matter. I'm just suggesting to both sides.  The plaintiff, an individual, who is being taxed by the plaintiff lawyer committees to prepare their cases, to negotiate their cases, to handle their cases, is now in a situation where the lawyers that they hired, in essence, either intentionally or *sub silentio* is now giving information to somebody who will use that information to get some money from them.

> Now, that's okay if they get something out of it.  But if they get nothing out of it, then the same problem exists.  "So what have you done for me," the plaintiff says. "You taxed me and now you're giving information to somebody to fight me."

> So you need to focus on what the plaintiffs get from that.  That's where it makes sense, the plaintiff individual has received medical.  The medical has been paid for, and now they're getting paid money.  It seems appropriate for them in some instances to pay back some portion of the money.

> Now, the economy of scale gives the plaintiffs an opportunity to get a better deal, if you will, on that than if they have to fend for themselves.  So it's to their advantage as long as they get something for it.  But it's also to the advantage it seems to me of the lien holder.

2

> So I do feel that the parties do better working this out non-judicially than allowing me to work it out because it will destroy this opportunity and make life more complicated for everybody.

June 27, 2008 Hearing Transcript at 46-47.

Neither the PSC, nor AvMed were able to reach an agreement on the matters presented at that time and the parties agreed to confer after the status conference.  On July 13, 2008, the parties again met to attempt to incorporate this Court's comments into their accord.  The parties, however, were unable to agree on the limitations on recoveries proposed by the Court.  Because Amicus could not reconcile the exchange of data without a cap on the recovery of AvMed and the Court's requirement regarding the propriety of such caps, the effect of the absence of this critical element was that the PSC/NPC could no longer maintain that it would be appropriate to exchange the limited data that had been described during the status conference.

Although the Court stated that it was "not negotiating the matter", the PSC is mindful that this Court's comments were not intended to be superfluous.  The PSC took this Court's "suggestion" to be an instruction to the parties to amend their positions as to the unbalanced *quid pro quo* for the proposed data exchange.  Having recognized that the Court's comments were to be accepted as a goal to achieve, the PSC/NPC endeavored to meet with counsel for AvMed in good faith to reach an accommodation.  Since no accommodation could be reached during our July 13, 2008 negotiation, the PSC/NPC recognized that an agreement to disagree was all that could be accomplished.  Now at an impasse, the PSC/NPC acknowledges that AvMed should be permitted to reinstate its motion for a preliminary injunction on an emergent basis.

III.    **CONCLUSION**

For the reasons set forth above, the PSC submits that the motion to reinstate the motion for preliminary injunction should be granted and that the matter should be listed for a hearing at the July 17, 2008 status conference.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**


Date:  July 16, 2008                    By:    /s/ Russ M. Herman

                                                  **Russ M. Herman (Bar No. 6819)**
                                                  Leonard A. Davis (Bar No. 14190)
                                                  Stephen J. Herman (Bar No. 23129)
                                                  ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                                  820 O'Keefe Avenue
        New Orleans, Louisiana  70113
        Telephone: (504) 581-4892
        Facsimile: (504) 561-6024

        **PLAINTIFFS' LIAISON COUNSEL**


| | |
|---|---|
| Andy D. Birchfield, Jr., Esquire | Richard J. Arsenault, Esquire |
| Leigh O'Dell, Esquire | NEBLETT, BEARD & ARSENAULT |
| BEASLEY, ALLEN, CROW, METHVIN, | 2220 Bonaventure Court, P.O. Box 1190 |
| PORTIS & MILES, P.C. | Alexandria, LA  71301-1190 |
| P.O. Box 4160 | (318) 487-9874 (telephone) |
| 234 Commerce Street | (318) 561-2591 (telecopier) |
| Montgomery, AL 36103-4160 | |
| (800) 898-2034 (telephone) | Gerald E. Meunier, Esquire |
| (334) 954-7555 (telecopier) | GAINSBURGH, BENJAMIN, DAVID, |
| **Co-Lead Counsel** |   MEUNIER & WARSHAUER, L.L.C. |
| | Energy Centre |
| Christopher A. Seeger, Esquire | 1100 Poydras Street, Ste. 2800 |
| SEEGER WEISS | New Orleans, LA 70163 |
| One William Street | (504) 522-2304 (telephone) |
| New York, NY 10004 | (504) 528-9973 (fax) |
| (212) 584-0700 (telephone) | |
| (212) 584-0799 (telecopier) | |
| **Co-Lead Counsel** | |

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Matthew C. Gaughan, Esquire
LEVIN, FISHBONE, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Shelly A. Sanford, Esquire
Sanford Pinedo LLP
2016 Bissonnet Street
Houston, Texas 77005
(713) 524-6677 (telephone)
(713) 524-6611 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**OF COUNSEL**
**PLAINTIFFS' NEGOTIATING COUNSEL**

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, L.L.P.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier

Arnold Levin, Esquire
Fred S. Longer, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBONE, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Edward F. Blizzard. Esquire
BLIZZARD, MCCARTHY & NABERS, L.L.P.
Lyric Centre, 440 Louisiana, Suite 1710
Houston, TX 77002-1689
(713) 844-3750 (telephone)
&713) 844-3744 (telecopier)

Thomas V. Girardi, Esquire
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
(213) 977-0211 (telephone)
(213) 481-1554 (telecopier)

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on **Lexie G. White**, counsel for AvMed, Inc., et al, via e-mail, Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 16th day of July, 2008.

/s/ Russ M. Herman
Russ M. Herman (Bar No. 6819)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:    (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com