James D. Schneller           pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 JUN 30 PM 3: 21

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                    MDL DOCKET NO. 1657
    Products Liability Litigation

                                                                  SECTION : L

This Document Relates to:                        JUDGE FALLON
                                                                    MAG. JUDGE KNOWLES
    05 - cv - 5382

## MOTION FOR EXTENSION OF TIME IN WHICH TO FILE
## PLAINTIFFS' EXPERT REPORT

    James D. Schneller, plaintiff, representing himself, on behalf of all plaintiffs, moves the court for an order granting plaintiffs an extension of time within which to submit an expert report pursuant to Pretrial Order No. 28 regarding acts required of all claimants in this MDL..

    1)  Plaintiffs pursuant to Pretrial Order 28 in section II.A.8 are required to serve on defendant by July 1, 2008 a Rule 26(a)(2) case specific expert report attesting to a reasonable medical probability of causation by defendant's drug and certain other specific findings and attestations.

    2)  Plaintiffs have been delayed by a set of unpreventable factors which have caused substantial delay, and request that such reasons be found good cause for delay in complying with the requirement of said section.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 3 -

3) Plaintiffs in support of the Courts' grant of extension of time claim:

4) That fiduciaries of the estates of the deceased, namely Marjorie Zitomer, G. Richard Schneller, T. Sergeant Pepper Esquire, and Hepburn Wilcox Hamilton & Putnam LLP, who are appelles in a concurrent action, have inflicted intentional eviction and impoverishment upon plaintiff, implemented for the purpose of obstructing, retaliating against, and intimidating plaintiff, in regard to this case, and other cases.

5) Plaintiff James Schneller ("plaintiff") contested said acts in the Orphan's Court of Chester County Pennsylvania. Appeal of various decisions of that Court has now culminated in denial of a petition for allowance of appeal to the Supreme Court of Pennsylvania, from quashal by the Superior Court of Pennsylvania: 143 MM 2007 denied June 3, 2008 from 1157 EDA 2006 quashed May 22, 2007. Plaintiff is likely to file a petition for writ of certiorari to the United States Supreme Court from said denial.

6) Plaintiff has testified and argued in those and related proceedings to his belief that wrongful use of proceedings, abuse of process, depletion, and many other torts were fraudulently inflicted upon him and the deceased, and their estates and trusts, in an extraordinary amount of error, including the absence of an indispensible party, the appointed corporate trustee, and also filed suit : Chester County No. 03-05641, now Chester County No. 07-05040. Said harms are claimed to have intentionally created an express obstruction of justice to plaintiffs' litigation and have deprived plaintiff of capital necessary for the production of expert reports. Despite worthy litigation by unrepresented plaintiff, the said Orphan's Court refused, despite subsequent submission of convincing and overwhelming evidence, to free the trusts and estates from the violating clutch of the defendants. Unlawful and unconstitutional obstruction, retaliation, and intimidation pervaded the trust estates. Said policy was then adopted by the court-appointed unofficial trustee, and continues up to present. A strong facet of ineffective counsel and collaboration of counsel was present in said proceedings.

7) Plaintiffs intend to file a new request to said Court for an Order directing the trustee to provide expert fees to plaintiffs, which, as before, in a motion to the same effect which was denied, is supported abundantly by the terms of the deeds of trust which, briefly stated,

encourage preservation and enhancement of the principal, rather than the personal goals of the former trustee, who has renounced..

8) Plaintiffs have established in the Pennsylvania Courts the verity of their finite and ongoing complaints which regarding medical services given the deceased, and the fact that the harms were severe.

9) Plaintiff is hampered in his efforts to retain counsel in any of his actions because of the new professional liability rules promulgated in Pennsylvania in 2001 Pa.R.C.P. 1042.1 et seq., the age of the victim, the contentious estate litigation, and by the very volume of harm, which in it's magnitude and scope causes an expensive and complex litigation.

10) The said intentional, retaliatory, and obstructive witholding of funds bequeathed to plaintiff, and of direct outlays from the estate principal, has prevented the availability of expert review that is necessary in this action.

11) Plaintiff suffered debilitating illness as a result of the acts of all defendants, and such affects him as plaintiff and as representative.

12) The defense attorneys in the actions filed by plaintiffs, as time has shown plaintiff to be unswerving, have pooled their resources and strategies and filed dozens of pleadings, up to present, in order to infringe upon and deplete plaintiff's limited resources. This, along with a policy of alleging false matter, has led to unfavorable decisions in error, leading to numerous and expensive appeals, with reproduced records often exceeding 500 pages.

13) The above activities have directly caused plaintiffs' inability to submit an expert report, because he cannot afford the costs of an experts' time for meaningful review of the records. Plaintiffs' inability to conform is a direct result of the actions of the defendants. Had the deceased lived up to present or grown ill and passed away without the tortious acts complained of in this case, issues as to fees for expert review would not exist.

14) Plaintiff despite the above, again approached the trust with a request for the fee for an expert report in this case. Plaintiff's trustee, for the first time, and in a surprise to plaintiff, recently stated that they will provide an expert fee for this case only.

15) Plaintiffs, rather than having familiar experts at their disposal as might an attorney or firm, must proceed judiciously. Plaintiff lives a subsistence lifestyle and is prepared to submit voluminous proof that he has no cash nor convertible assets.

16) Plaintiffs have consistently conformed with the orders of the court and schedules directed therein and have consistently complied with requests by defendants regarding compliance with said orders.

17) Plaintiff was and is delayed in negotiations with experts by difficulties in locating experts who have time, who are in an appropriate geographical region, for the pertinent scope requested by plaintiff, and by negotiations for costs for said review, and terms of agreements. Further, experts are repelled and/or costs are multiplied in such deliberations by plaintiff's circumstances including the large size of the medical record in this case, and plaintiff's lack of counsel.

18) Plaintiffs have this month tentatively submitted their records and a request for preliminary review, with intent to request a case specific expert report, to a Pennsylvania cardiologist who is a practicing licensed cardiologist for at least five (5) years up to present.

19) Plaintiffs in support of this request and the underlying verity of the case attach hereto as EXHIBIT A a true and correct copy of the discharge report pertaining to Marjorie C. Schneller's treatment, which states on page 1, at items 1 and 15, that Marjorie C. Schneller was treated for myocardial infarction during hospitalization. Said hospitalization has been sworn by plaintiff to have occurred during the 18th month of Vioxx ingestion. Plaintiffs' pharmaceutical records have been obtained in part by defendants, and in part by plaintiffs, and plaintiff is otherwise in possession of substantial additional evidence of successive refills, and daily imbibing of the defendants drug, for the duration of said eighteen (18) months.

I, James Schneller, solemnly affirm and attest that the statements made in this motion are true and correct. I understand that false statements herein are made subject to penalty of perjury.

WHEREFORE, plaintiffs respectfully request the Court to extend by one hundred and twenty (120) days, the time within which plaintiffs must submit the pretrial expert report against the defendants in this action, under Pretrial Order 28.

*James D. Schneller*   pro se
James D. Schneller
500 East Lancaster Ave. # 111d
Radnor, PA 19087    610-688-9471

Date: June 25, 2008

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

PRODUCTS LIABILITY LITIGATION

MDL DOCKET NO. 1657

James D. Schneller, Trustee ad Litem for the
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al
       plaintiffs
v.

Merck & Company, Inc., defendant

Civil Action No. 05 - 5382

CERTIFICATE OF SERVICE

  I, James D. Schneller, hereby certify that I served a true and correct copy of the within Motion upon the following, by electronic mail, and that I requested Lexis File and Serve to download this pleading, in conformance with PTO 8b, as follows:

Joshua Schiller Esquire
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Joshua.schiller@dechert.com

Phillip Wittmann Esquire
Stone Pigman Walther Wittmann LLC
546 Carondelet St.
New Orleans, LA 70130
dwimberly@stonepigman.com

Arnold Levin
Levin, Fishbein, Sedrad & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3875
alevin@lfsblaw.com

Thomas R. Kline
Kline & Specter, PC
1525 Locust St., Suite 1900
Philadelphia, PA 19102
tom.kline@klinespecter.com

Andy D. Birchfield, Jr.
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
Post Office Box 4160
Montgomery, AL 36103
andy.birchfield@beasleyallen.com

Richard J. Arsenault
Neblett Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71309-1190
rarsenault@nbalawfirm.com

Goforth & Lewis, LLP
1111 Bagby, Suite 2200
Houston, TX 77002
Shellysanford@goforthlewis.com

Troy A. Rafferty
Levin, Papantonio
P.O. Box 12308
Pensacola, FL 32591
trafferty@levinlaw.com

Mark P. Robinson, Jr.
Robinson, Calcagnie & Robinson
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660
mrobinson@rcrlaw.net

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
cseeger@seegerweiss.com

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 30th Floor
San Francisco, CA 94111
ecabraser@lchb.com

Gerald E. Meunier
Gainsburgh, Benjamin, Davis, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
gmeunier@gainsben.com

Drew Ranier
Ranier Gayle & Elliot
1419 Ryan St.
Lake Charles, LA 70601
dranier@rgelaw.com

Christopher V. Tisi
Ashcraft & Gerel, LLP
2000 L St. NW, Suite 400
Washington, DC 20036
Cvtisi@aol.com

Douglas R. Marvin Esquire
Williams & Connolly, LLP
725 Twelfth St., NW
Washington, DC 20005
dmarvin@wc.com

Theodore V.H. Mayer Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
mayer@hugheshubbard.com

John H. Beisner
O'Melveny & Meyers LLP
1625 Eye St.
Washington, DC 20006
jbeisner@omm.com

Richard C. Stanley
Stanley, Flanagan & Reuter, LLC
909 Poydras St., Suite 2500
New Orleans, LA 70112
rcs@sfr-lawfirm.com

_James D. Schnelle_   James D. Schnelle

- 10 -