UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 1199 SEIU GREATER NEW YORK BENEFIT FUND, by its Trustees 330 West 42nd Street - 31st Floor New York, NY 10036 | * * * * * | CASE NO: 08-3627 RELATED CASE: 2:05-MD-1657 VIOXX MDL LITIGATION |
| and | * * | |
| THE NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND, by its Trustees, 151 Northern Concourse Syracuse, NY 08648 on behalf of themselves and all others similarly situated, | * * * * * * * * | SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE KNOWLES |
| Plaintiffs, v. | * * * | |
| BROWNGREER, PLC; BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.; BLIZZARD, McCARTHY & NABERS, LLP; GIRARDI AND KEESE; HERMAN, HERMAN, KATZ & COTLAR, LLP; LEVIN, FISHBEIN, SEDRAN & BERMAN; JOHN DOE LAW FIRMS 1-100, etc.; and JANE DOE VIOXX CLAIMANTS 1-1000, etc., | * * * * * * * * * * * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFFS' CLASS ACTION COMPLAINT

Rather than respond to the substance of defendants' motion to strike, plaintiffs' Response merely argues that their amended complaint moots the motion. Not so. Plaintiffs' amendment does nothing to resolve the fatal flaws in their class allegations, and the motion should be granted.

Plaintiffs reason that, because an "amended complaint supersedes and moots an original complaint," "the filing of an amended complaint makes the motion to dismiss the original complaint moot." (Pls.' Resp. to the NPC Defs.' Mot. to Dismiss and Strike Class Allegations in the Compl. and to the BrownGreer Mot. to Strike Class Allegations at 2 (alterations and internal quotation marks omitted).)  And indeed, some courts have done so under certain circumstances, as plaintiffs identify.  Plaintiffs infer from this fact that the rule on which they rely is the rule for every case – that amending a complaint moots motions to dismiss *per se*.

But contrary to plaintiffs' suggestion, it does not follow inexorably from the filing of an amended complaint that a pending motion to dismiss is made moot.  Defendants "should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."  6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1476, at 558 (2d ed. 1990).  "To hold otherwise would be to exalt form over substance."  *Id.*

Instead, a practical inquiry is required.  "If some of the defects raised in the original motion to dismiss remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."  *Id.*  The reason is simple:  if "defects . . . remain even after the filing of the amended complaint, it is a waste of resources to require defendant to file a new motion."  *Am. Int'l Specialty Lines Ins. Co. v. United States*, 71 Fed. Cl. 37, 39 (2006); *accord Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551 (N.D. Tex. 2007); *Yates v. Applied Performance Techs., Inc.*, 255 F.R.D. 497 (S.D Ohio 2002).

In *Villas at Parkside*, for example, the district court rejected an argument that the simple filing of an amended complaint mooted a motion to dismiss.  "The issue of standing equally applies whether the court considers the original Complaint or the First Amended Complaint.

2

Therefore, the court considers the city's motion in light of the live pleading" – *i.e.*, the amended complaint. 245 F.R.D. at 557.

The same is true here. All four problems identified in defendants' opening motion persist in the amended complaint:

- The class is not ascertainable due to the legal and factual inquiries required to determine its membership (Mot. to Strike Class Allegations in Pls.' Class Action Compl. at 5-8 ("Mot."));

- The class fails the membership requirement because plaintiffs are trustees of ERISA plans, and the class comprises ERISA plans but not their trustees (*id.* at 8-9);

- The class fails the typicality requirement because plaintiffs, as trustees, do not face a standing problem that the class, as ERISA plans, would face (*id.* at 9-12);

- The class fails the requirement that it be "cohesive" in order to proceed as a "(b)(2)" class (*id.* at 12-18).

Aside from altering plaintiffs' requested relief, the "amended" complaint consists largely of cosmetic changes that address none of these fundamental defects. Brief comparisons between the original and amended complaints demonstrate that each argument survives the amendment.

*Ascertainability.* Defendants' motion argues that the Court should strike the class allegations because the class definition requires substantial factual and legal development. The old class definition read as follows:

> All ERISA-covered health benefit plans ("ERISA Health Plans") that (a) have paid or agreed to pay Vioxx-related medical benefits on behalf of plan beneficiaries who have enrolled or will enroll in the Vioxx Settlement and (b) whose plan documents contain notification and/or reimbursement provisions regarding claims against and/or settlements with parties who caused injuries to plan beneficiaries

(Class Action Compl. ¶ 18 ("CAC").) The factual problem was that it cannot be determined who "agreed to pay Vioxx-related medical benefits on behalf of plan beneficiaries" without first granting plaintiffs the relief they seek and engaging in substantial factual development. The

3

legal problem arose from the reference to "reimbursement provisions," which is a complex issue as a matter of ERISA law. (Mot. at 7.) The new class definition addresses neither of these problems:

> All self-funded ERISA-covered health benefit plans ("ERISA Health Plans") that (a) have paid or agreed to pay Vioxx-related medical benefits on behalf of plan beneficiaries who have enrolled or will enroll in the Vioxx Settlement, and (b) whose plan documents contained at the time such benefits were paid or agreed to be paid, (1) notification provisions requiring beneficiaries to notify the plan of claims or settlements, and/or (2) reimbursement provisions requiring beneficiaries to reimburse the plan, out of recoveries from any third party, for benefits relating to such recovery which the plan has paid or agreed to pay on the beneficiaries' behalf.

(Am. Class Action Compl. ¶ 18 ("Am. CAC").) The factual problem is identical because subpart (a) is unchanged. The legal problem is arguably worse because plaintiffs have made clearer what the plans must contain not simply reimbursement provisions, but *enforceable* ones – *i.e.*, "reimbursement provisions requiring beneficiaries to reimburse the plan," which requires the lengthy legal analysis described in the motion to strike. Accordingly, the ascertainability argument is not mooted by plaintiffs' amended complaint.

*Membership.* Defendants also argued that the class allegations should be stricken because plaintiffs are trustees but seek to represent a class of ERISA plans. (Mot. at 8-9.) That is still true. (*Compare* CAC Prelim. Statement ("Plaintiffs . . . by their respective trustees, bring this Class Action") *and id.* ¶ 18 (class defined as "All ERISA-covered health plans") *with* Am. CAC Prelim. Statement (same) *and id.* ¶ 18 (class defined as "All self-funded ERISA-covered health benefit plans").) The motion to strike is thus not mooted as to this point, either.

*Typicality.* Defendants have also argued that plaintiffs cannot satisfy the typicality requirement because they are trustees, but the proposed class consists of plans. Typicality is not satisfied where the class representatives avoid a legal problem that is unique to the members of

the class – in this case, standing. (Mot. at 9.) As already demonstrated, plaintiffs' amended complaint does not remedy this defect. Thus, here, just as in *Villas at Parkside*, the filing of an amended complaint does not moot the motion because "the issue of standing equally applies whether the court considers the original Complaint or the First Amended Complaint." 245 F.R.D. at 557.

***Cohesiveness.*** Finally, defendants argued that the class allegations must be stricken because plaintiffs' claims turn on highly individualized evidence and the class members have mutually competitive interests in the outcome. That remains the case. Plaintiffs seek an injunction on behalf of a class. The injunction would delay payout from the settlement fund and require disclosure of private identifying information to plaintiffs and their counsel. But their entitlement to relief depends, at a minimum, on whether they would ultimately be entitled to assert a lien against the recoveries by Vioxx claimants – a question that turns on the language of the plans. As defendants demonstrated in their opposition to plaintiffs' motion for a preliminary injunction, there are substantial differences between the plans quoted in plaintiffs' complaint – and the complaint purports to quote only two plans (still true). (*See* Am. CAC ¶¶ 42-43.) If dispositive differences can emerge from two plans, we can be sure they will be found among the "hundreds, likely thousands, of ERISA Health Plans" plaintiffs would represent. (*Id.* ¶ 20.) Disparate plan language will give way to competing interests among the plaintiffs and the class members, destroying cohesion. The amended complaint changes none of this.

## CONCLUSION

For the foregoing reasons and those set forth in defendants' opening brief, defendants' motion to strike should be granted.

>Respectfully submitted,
>
>IRWIN FRITCHIE URQUHART & MOORE LLC
>
>/s Monique M. Garsaud
>JAMES B. IRWIN (Bar No. 7172), T.A.
>MONIQUE M. GARSAUD (Bar No. 25393)
>400 Poydras Street, Suite 2700
>New Orleans, Louisiana  70130
>Telephone:  (504) 310-2100
>Facsimile:  (504) 310-2101
>Email:  jirwin@irwinllc.com
>             mgarsaud@irwinllc.com
>
>*Attorneys for BROWNGREER, PLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Strike Class Allegations in Plaintiffs' Class Action Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 18th day of July, 2008.

>/s Monique M. Garsaud