MINUTE ENTRY
FALLON, J.
JULY 17, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference. At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 37 of Plaintiffs' and Defendants' Liaison Counsel. This monthly status conference was transcribed by Pinkey Ferdinand, Official Court Reporter. Counsel may contact Ms. Ferdinand at (504) 589-7781 to request a copy of the transcript. A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:30)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007, to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pretrial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail. By Order & Reasons entered May 30, 2008, the Court extended the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L

   until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the

>
> Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy and other records relating to claimants' enrolling in the Vioxx Resolution Program.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel to follow when seeking to withdraw from representation based on the grounds that a plaintiff cannot be found or fails to respond to communications from counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters.

On May 15, 2008, the PSC filed a Motion to Extend the Date of Implementation of Pre-Trial Order No. 6C, requesting that the deadline for state court common benefit attorneys to submit time records and expense reports be extended to June 30, 2008. The Court granted the PSC's motion on May 21, 2008.

As announced at the January 18, 2008, monthly status conference, the parties amended

4

the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments. A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008, for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation. A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

On June 30, 2008, Ronald R. Benjamin, counsel for certain plaintiffs, filed a Motion to Vacate or Modify the Master Settlement Agreement, and Pre-Trial Order No. 28, and to Extend Time to Submit Expert Certificate of Causation and/or to Preclude Merck from Using the Expert Certificate of Causation and From Using to Cross-Examine Experts at Trial. The PSC and Merck have indicated that they will be opposing the motion.

II.   REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration. BrownGreer, the Claims Administration appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process. As of July 16, 2008, the Claims Administrator has received registration materials for 59,252 claimants, 49,960 of whom are currently eligible for registration. A total of 48,550 claimants have submitted materials for enrollment in the Settlement Program, representing more than 97% of the registrants eligible for enrollment.

In consideration of the information provided by the Claims Administrator, Merck formally announced that it was satisfied that the thresholds necessary to trigger the funding of the Resolution Program would be met. As a result, Merck announced that it would be waiving its walkaway rights as of August 4. Merck further advised that it would commence funding the Program on August 6 by depositing a sum of $500 million in the Program's account, which will clear the way for interim payments to begin the same month.

Next, the Claims Administrator reported that it has established a Claims Communication Status Portal as a way for firms to monitor the status of claims packages that have been submitted. The Claims Administrator informed the Court that it will be prepared to issue notices of eligibility and points awards within the week, and that the Administrator is on track to begin interim payments in August. The Court urges all counsel to pay close attention to the Claims Communication Status Portal, as notices of ineligibility posted on that portal will constitute notice to counsel. Lawyers are advised to act promptly to address any issues related to notices of ineligibility posted on the Claims Administrator's Portal.

Finally, the Court urges all counsel with remaining unregistered cases to register those cases with the Claims Administrator. The Court has been informed that some attorneys are hesitant to register cases because they feel as though registration will automatically lead to enrollment, but these two processes are distinct. Counsel for plaintiffs who do not intend to participate in the Settlement Agreement must nevertheless register their clients' cases with the Claims Administrator.

III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement

Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator provided a report on the progress of discussions with various federal and state agencies. The Lien Administrator has agreed in principle with Medicare on a process for resolving claims. The Lien Administrator has also reached agreements with all state agencies as to the proposed procedures and global hold backs. The Lien Administrator has also established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.     SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. A meeting took place on March 5, 2008, with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program. Special Master Juneau has advised that the Special Masters will engage in a "run through" to ensure that the Special Master process will not delay the Settlement Program and that the program will remain consistent throughout.

V.      STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through September 30, 2008.

VI.     CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master

Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and the Court has taken it under submission.

The Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed and the Court will set an argument schedule at a later date.

VII.     DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA"). Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6). Counsel for the FDA and PLC have been in communication regarding these subpoenas. On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in the possession of the FDA. On January 18, 2008, the Court entered an order granting the PSC's motion. On April 16, 2008, the FDA provided documents that it claims are responsive to the subpoena pursuant to agreement reached with the PSC. The PSC has reviewed the production and on May 20, 2008, communicated with counsel for the FDA to challenge many of the assertions of privilege and the privilege log submitted by the FDA. On June 26, 2008, the FDA advised that it re-reviewed its document production and released additional documents and revised its privilege log. The FDA forwarded a CD of the documents on June 30, 2008. The revised production is in the process of being reviewed by the PSC.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of

Express Scripts, Inc. On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program. On June 24, 2008, another telephone status conference took place with the Court. The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program. Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition. On July 15, 2008, Plaintiffs' Liaison Counsel received a letter from ESI's counsel dated July 14, 2008. The letter is currently under review.

On June 26, 2008, Plaintiffs John Horton, Adelbert Alderton, Pedro O'Campo, and Mangal Mookram, filed a Motion to Show Cause Why Certain Medical Records providers Should Not Be Held in Contempt for Failing to Comply with Pre-Trial Order No. 35. On July 3, 2008, the Court issued an Order granting the motion and required certain entities to appear on July 16, 2008, to show cause or alternatively to produce the requested medical records. Having been advised that all of the medical records providers have complied with the request, the Court will issue a separate order discharging the providers from the order to show cause.

VIII.   STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The State Liaison Committee submitted to the Court an electronic database of all current motions to remand.

IX.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se*

Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

The Court previously issued an order directing the parties to report to the Court regarding a letter submitted by Glen Cokefield, a *pro se* plaintiff, requesting access to the Claims Administrator's Vioxx Portal website for all *pro se* plaintiffs. Having heard from the parties and considered the ramifications of permitting such access, the Court will issue a separate order directing *pro se* plaintiffs to contact Mr. Johnston, the *pro se* curator, if they wish to access data available on the Vioxx Portal.

X.      MERCK'S MOTIONS

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The matter is currently stayed pending resolution of certain discovery issues.

XI.     ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XII.   VIOXX SUIT STATISTICS

Merck advises that it will be filing its quarterly report next week which will include an update of the suit statistics and will be able to provide that information at the next monthly status conference.

XIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review. Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who made proper requests.

XIV.   THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. On July 11, 2008, the Court convened a status conference to discuss the Louisiana Attorney General v. Merck matter. The parties agreed to discuss possible common discovery and other issues prior to the next monthly status conference and to report back to the Court.

XV.   MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign

Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*. On June 27, 2008, the Court granted the motion. During the monthly status conference, the Court heard oral argument and will issue a separate opinion concerning the foreign individual cases.

XVI. <u>TERMINATION OF TOLLING AGREEMENTS</u>

Section 7.2 of the Settlement Agreement dated November 9, 2007, terminated the Tolling Agreement dated June 1, 2005, between Merck and the PSC with respect to all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death, and stroke claims. On April 23, 2008, Merck provided notice that, pursuant to the terms of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other claims effective 120 days from April 23.

XVII. <u>THIRD PARTY PAYORS' MOTIONS</u>

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "AvMed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and US Bank National Association moved to sever plaintiffs' claims. On June 9, 2008 the AvMed plaintiffs filed a motion for a temporary restraining order and preliminary injunction.

On June 27, 2008, the Court issued an order stating that both the motion to sever and the motion for a preliminary injunction were withdrawn, without prejudice. On July 8, 2008, the Court convened a status conference to discuss the status of the AvMed negotiations. On July 14, 2008, the AvMed plaintiffs re-filed their motion for equitable and other relief, and BrownGreer

and US Bank National Association re-filed their motion to sever.  On Monday, July 14, 2008, representatives of the PNC and AvMed met to discuss potential resolution.  Those discussions are ongoing, and the motions are currently set for hearing on July 24, 2008.

XVII. MERCK'S MOTION TO DISMISS CASES OF NON-REGISTRANTS

On May 29, 2008, Merck filed a Motion for an Order to Show Cause Why Plaintiffs' Cases Should not be Dismissed for Non-Compliance with Pretrial Order 31.  Merck filed an amended and superseding motion on June 18, 2008, to correct and update the affected cases.  On July 10, 2008, plaintiff Drew Schuckman filed an Opposition to Rule to Show Cause Why Plaintiffs Case Should Not Be Dismissed for Non-Compliance with Pre-Trial Order No. 31.  Merck intends to file a response.  In consideration of recent developments regarding the motion, the Court will issue a separate order continuing hearing on the motion until the next monthly status conference.  In the interim, Merck has agreed to send out additional notices to a number of claimants or their attorneys who have not yet registered.

XX. 1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc.  Plaintiffs assert ERISA claims and other equitable and declaratory relief.  The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the complaint on June 26, 2008.  Also, defendant BrownGreer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule.  The scheduling issues were addressed with the Court at a status conference on July 8, 2008.  Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint.  On July 10, 2008, defendants filed their responses.  The equitable and declaratory relief actions are set for hearing on July 24, 2008.

XXI.   NEXT STATUS CONFERENCE

The next monthly status conference will be held on Wednesday, August 20, 2008, at 9:00 a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 56980680 and the Chairperson will be Judge Fallon.

