UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **1199SEIU GREATER NEW YORK BENEFIT FUND,** by its Trustees, *et al.*, on behalf of themselves and all others similarly situated, | * * * * * | CASE NO. 08-3627  RELATED CASE: 2:05-MD-1657 VIOXX MDL LITIGATION |
| Plaintiffs, | * * | SECTION L |
| v. | * * | JUDGE ELDON E. FALLON |
| **BROWNGREER, PLC,** *et al.*, | * * | MAGISTRATE JUDGE |
| Defendants. | * | KNOWLES |

**************************************************************************

### REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANT BROWNGREER

BrownGreer's Opposition to Plaintiffs' Motion for Preliminary Injunction suffers from the same infirmity as the NPC Defendants' separately-filed Opposition – it challenges a request for preliminary injunctive relief that Plaintiffs have not advanced. Thus, instead of responding to the carefully-tailored and narrow preliminary relief set forth in the Proposed Order, BrownGreer focuses its Opposition on the very different request for relief previously set forth in Plaintiffs' initial complaint. For all of the reasons set forth in Plaintiffs' Reply in Support of Motion for Preliminary Injunction as to the NPC Defendants, which are incorporated herein by reference, Plaintiffs readily satisfy the requirements for a preliminary injunction in this case, and their Motion should be granted.

Plaintiffs respond separately to BrownGreer's Opposition because it fails for another, more fundamental, reason. Plaintiffs' Motion does not ask this Court to compel BrownGreer to do *anything*. Under the Proposed Order, BrownGreer may continue without limitation to receive settlement proceeds from Merck, process settlement forms from individual claimants, allocate "point values" to claimants to determine the amount of their respective Settlement Funds, and

prepare those Settlement Funds for distribution. Indeed, the *only* effect of the Proposed Order on BrownGreer is that it must not *release* Settlement Funds to any Vioxx Claimant represented by counsel, until such counsel (a) certifies that the Claimant did not receive any Vioxx-related benefits from a self-funded ERISA Health Plan; (b) demonstrates that the Claimant will suffer substantial hardship absent immediate distribution of his/her Settlement Fund or that sufficient funds will remain following the initial distribution to satisfy the Claimant's reimbursement obligation; or (c) if the attorney believes the Claimant may have received Vioxx-related benefits from a self-funded ERISA Health Plan, provides sufficient information to identify the Claimant, and affords Plaintiffs a reasonable opportunity to assert their ERISA-protected reimbursement rights. This relief imposes no administrative burden or additional costs at all on BrownGreer.

BrownGreer's argument that the Proposed Order will require it to conduct a litany of additional administrative tasks, and warrants imposition of an additional $5 million bond, is specious, and reflects a complete misunderstanding of the limited relief requested in Plaintiffs' Amended Complaint and Motion for Preliminary Injunction. The Proposed Order does not require BrownGreer to conduct *any* of those tasks – it does not require BrownGreer to do anything *at all*.[1]

---

[1] Because the Proposed Order does not require BrownGreer to do anything, BrownGreer's 32-page Opposition discusses at length a number of arguments that simply are not relevant here. To the extent those arguments raise questions with respect to the NPC Defendants, Plaintiffs address those arguments in their Reply to the NPC Defendants' Opposition. Indeed, the only additional argument BrownGreer asserts here is that Plaintiffs are unlikely to succeed on the merits because the Vioxx Claimants may have an equitable defense to Plaintiffs' claims under the so-called "make whole" doctrine. Certainly the mere existence of a possible defense is insufficient by itself to defeat a motion for preliminary injunctive relief. Moreover, it is clear in the Fifth Circuit that the "make whole" doctrine is unavailable to ERISA plan beneficiaries like the Vioxx Claimants in this case. *Sunbeam-Oster Co., Inc. v. Whitehurst*, 102 F.3d 1368, 1378 (5th Cir. 1996); *see also Walker v. Wal-Mart Stores, Inc.*, 27 F. Supp. 2d 699, 706-707 (S.D. Miss. 1998).

**Conclusion**

For the foregoing reasons, as well as those set forth in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs respectfully request that their Motion for Preliminary Injunction be granted.

New Orleans, Louisiana, this 18th day of July 2008.

Respectfully submitted,

s/ Rebecca H. Dietz
KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA  70170
Telephone: 504-582-3800
Facsimile:  504-582-1233

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips
Diane Paolicelli
800 Third Avenue
13th Floor
New York, NY 10022
Telephone: 212-605-6200
Facsimile:  212-605-6290

- and -

CROWELL & MORING, LLP
Andrew H. Marks
Robert T. Rhoad
Aryeh S. Portnoy
Todd J. Cochran

1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

ATTORNEYS FOR PLAINTIFFS

3

## **CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing Plaintiffs' Reply in Support of Motion for Preliminary Injunction as to Defendant BrownGreer has been served on Liaison Counsel, Russ Herman and Phillip Wittman, either by U.S. Mail and e-mail, or hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 (B), and that the foregoing was electronically filed with the Clerk of Court of the United State District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing.

   This 18th day of July, 2008,

                       /s/ Rebecca H. Dietz