UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX®                                    *        **MDL Docket No. 1657**

PRODUCTS LIABILITY LITIGATION                    *        **SECTION L**

                                                          **JUDGE FALLON**

This document Relates to: DOROTHY BATES;         *        **MAG. JUDGE KNOWLES**
DEBORAH ELLSWORTH; DAVID
FAGERSTROM; ROBERT A. GALLUP; LILY
JOHNSON; MARION JONES; LEE LAUX; JAMES           *
LOGGAINS; EMMA SADLER; BARBARA
SMITH; GEORGE SPRIGGS, JR., as Personal
Representative of the Estate of JUNE LOUIS
SPRIGGS; GERRY GEORGE WYMA, Plaintiffs,          *

v.
                                                 *
MERCK & COMPANY, INC., a corporation;
McKESSON CORPORATION, a corporation; DOE
PHARMACEUTICAL COMPANIES 1 through 50,           *
inclusive; DOE PHARMACIES 51 through 200,
inclusive; DOE DISTRIBUTORS 201 through 250,
inclusive and DOES 251 through 300, inclusive,   *
Defendants.  (E.D. La. Index No. 08-3665)

                                                 *

*     *     *     *     *     *     *     *     *

## ANSWER OF DEFENDANT MERCK & CO., INC.

COMES NOW Defendant Merck & Co., Inc., incorrectly sued herein as Merck &

Company, Inc. ("Merck"), by and through its undersigned counsel, and presents the

following Answer and Defenses to Plaintiffs' Complaint as follows:

938512v.1

## RESPONSE TO "INTRODUCTION"

Merck denies each and every allegation in the unnumbered paragraph preceding paragraph 1 of the Complaint, except admits it manufactured, marketed and distributed the prescription medicine Vioxx® in a manner consistent with the relevant United States Food and Drug Administration ("FDA")-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "GENERAL ALLEGATIONS"

1.     Merck denies each and every allegation directed at Merck contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to bring an action for damages and other relief, but denies there is any legal or factual basis for same.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 1 of the Complaint.

2.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.     Merck denies each and every allegation directed at Merck contained in paragraph 3 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 3 of the Complaint.

938512v.1

4.      Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.      Merck denies each and every allegation directed at Merck contained in paragraph 5 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 5 of the Complaint.

6.      Merck denies each and every allegation directed at Merck contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 6 of the Complaint.

7.      Merck denies each and every allegation directed at Merck contained in paragraph 7 of the Complaint, except admits that Merck is authorized to do business in the State of California.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 7 of the Complaint.

8.      Merck denies each and every allegation directed at Merck contained in paragraph 8 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 8 of the Complaint.

938512v.1

9.     Merck denies each and every allegation directed at Merck contained in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 9 of the Complaint.

## RESPONSE TO "THE PLAINTIFFS"

10.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to her alleged ingestion of Vioxx.

11.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to her alleged ingestion of Vioxx.

12.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to his alleged ingestion of Vioxx.

13.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except

938512v.1

Merck specifically denies that Plaintiff suffered any injury attributable to his alleged ingestion of Vioxx.

14.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to her alleged ingestion of Vioxx.

15.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to her alleged ingestion of Vioxx.

16.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to the alleged ingestion of Vioxx.

17.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to his alleged ingestion of Vioxx.

18.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to his alleged ingestion of Vioxx.

938512v.1

19.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to her alleged ingestion of Vioxx.

20.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, except Merck specifically denies that Plaintiff suffered any injury attributable to his alleged ingestion of Vioxx.

## RESPONSE TO "WRONGFUL DEATH PLAINTIFFS"

21.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 21 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 21 of the Complaint.

## RESPONSE TO "THE DEFENDANTS"

22.     Merck denies each and every allegation directed at Merck contained in paragraph 22 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

938512v.1

24.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck further admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

<u>**RESPONSE TO "FACTUAL ALLEGATIONS"**</u>

28.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 28 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the

prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the relevant FDA-approved prescribing information.  Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.  Merck further admits that Vioxx is the trade name for rofecoxib.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor, that Vioxx is part of a class of drugs known as NSAIDs and that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except admits that prior to its voluntary withdrawal of Vioxx in September 2004, Merck marketed the prescription medicine Vioxx for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information for Vioxx.

32.     The allegations contained in the first three sentences of paragraph 32 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Merck denies each and every allegation contained in the fourth and fifth sentences of

938512v.1

paragraph 32 of the Complaint except admits that Vioxx is a selective NSAID that reduces pain and inflammation, and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2, and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDs is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except Merck admits that in May, 1999, Merck sought and received approval from the FDA to manufacture and market the prescription medicine Vioxx.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Vioxx has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to its actual language and full text.  Merck further admits that Merck informed the FDA of the data, submitted data analyses and proposed new labeling to the FDA.

36.     Merck denies knowledge or information to form a sufficient belief as to the truth or falsity of the allegations not directed at Merck in paragraph 36 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 36 of the Complaint.

37.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 37 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 37 of the Complaint, except admits that Merck marketed Vioxx in the United States.

38.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 38 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 38 of the Complaint.

39.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 39 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 39 of the Complaint.

40.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 40 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 40 of the Complaint.

41.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 41 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 41 of the Complaint, except Merck admits that Vioxx has been prescribed to millions of people and that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

938512v.1

## RESPONSE TO "FIRST CAUSE OF ACTION – STRICT LIABILTY – FAILURE TO WARN AND DESIGN DEFECT"

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 41 of this Answer with the same force and effect as though contained here in full.

43.     Merck denies knowledge or information sufficient for form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 43 of the Complaint.  Merck denies each and every allegation directed at Merck in paragraph 43 of the Complaint.

44.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 44 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION – NEGLIGENCE"

46.     With respect to the allegations contained in paragraph 46 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 45 of this Answer with the same force and effect as though contained here in full.

938512v.1

47.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 47 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 47 of the Complaint.

48.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 48 of the Complaint.  Merck denies each and every allegation directed at Merck in paragraph 48 of the Complaint.

49.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 49 of the Complaint.  Merck denies each and every allegation directed at Merck in paragraph 49 of the Complaint.

### RESPONSE TO "THIRD CAUSE OF ACTION –NEGLIGENCE PER SE"

50.     With respect to the allegations contained in paragraph 50 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 49 of this Answer with the same force and effect as though contained here in full.

51.     The allegations directed at Merck in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 51 of the Complaint.

52.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 52 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 52 of the Complaint.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 53 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 53 of the Complaint.

54.     The allegations contained in paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 54 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 54 of the Complaint.

55.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 55 of the Complaint.

938512v.1

Merck denies each and every allegation directed at Merck in paragraph 55 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 59 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 59 of the Complaint.

60.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 60 of the Complaint. Merck denies each and every allegation not directed at Merck in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 63 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 63 of the Complaint.

64.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 64 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION – WRONGFUL DEATH

66.     With respect to the allegations contained in paragraph 66 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 65 of this Answer with the same force and effect as though contained here in full.

67.     Merck denies knowledge or information sufficient to form a belief as to the allegations not directed at Merck in paragraph 67 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed at Merck in the first and second sentences of paragraph 67 of the Complaint.  Merck denies each and every allegation directed at Merck in the third, fourth,

938512v.1

fifth, sixth, seventh, and ninth sentences of paragraph 67 of the Complaint.  The eighth

sentence of paragraph 67 of the Complaint is not an allegation and therefore no

responsive pleading is required.

### RESPONSE TO "FIFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY"

68.     With respect to the allegations contained in paragraph 68 of the Complaint,

Merck repeats and realleges each and every admission, denial, averment and statement in

paragraphs 1 through 67 of this Answer with the same force and effect as though

contained here in full.

69.     The allegations contained in paragraph 69 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation directed at Merck contained in

said paragraph.  Merck denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations not directed at Merck in paragraph 69 of the

Complaint.

70.     Merck denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed at Merck in paragraph 70 of the Complaint.

Merck denies each and every allegation directed at Merck in paragraph 70 of the

complaint.

71.     Merck denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed at Merck in paragraph 71 of the Complaint.

938512v.1

Merck denies each and every allegation directed at Merck in paragraph 71 of the Complaint.

72.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 72 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 72 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY"

73.     With respect to the allegations contained in paragraph 73 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 72 of this Answer with the same force and effect as though contained here in full.

74.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 74 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 74 of the Complaint.

75.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 75 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 75 of the Complaint.

76.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 76 of the Complaint.

Merck denies each and every allegation directed at Merck in paragraph 76 of the Complaint.

## RESPONSE TO "SEVENTH CAUSE OF ACTION – DECEIT BY CONCEALMENT"

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 76 of this Answer with the same force and effect as though contained here in full.

78.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 78 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint, except Merck admits that it received a letter from Spencer Salis of the FDA's Division of Drug Marketing and Communications ("DDMAC") in December 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

81.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 81 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 81 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the

18

relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

82.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 82 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 82 of the Complaint.

83.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 83 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 83 of the Complaint.

## RESPONSE TO "EIGHTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION"

84.     With respect to the allegations contained in paragraph 84 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 83 of this Answer with the same force and effect as though contained here in full.

85.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 85 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 85 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

938512v.1

86.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 86 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 86 of the Complaint.

87.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 87 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 87 of the Complaint.

88.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 88 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 88 of the Complaint.

89.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 89 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 89 of the Complaint.

90.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 90 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 90 of the Complaint.

938512v.1

## RESPONSE TO "NINTH CAUSE OF ACTION – VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200"

91.     With respect to the allegations contained in paragraph 91 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 90 of this Answer with the same force and effect as though contained here in full.

92.     Paragraph 92 of the Complaint is not an allegation and therefore not responsive pleading is required.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 94 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 94 of the Complaint.

95.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 95 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 95 of the Complaint.

96.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 96 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 96 of the Complaint.

938512v.1

97.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 97 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 97 of the Complaint.

98.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 98 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 98 of the Complaint.

99.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 99 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 99 of the Complaint.

100.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 100 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 100 of the Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint except admits the Plaintiffs purport to seek an order for restitution and injunctive relief, but denies there is any legal or factual basis for such relief.

938512v.1

## RESPONSE TO "TENTH CAUSE OF ACTION – VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17500"

102.    With respect to the allegations contained in paragraph 102 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 101 of this Answer with the same force and effect as though contained here in full.

103.    With respect to the allegations contained in paragraph 103 of the Complaint, Merck admits that plaintiffs purport to bring a cause of action pursuant to Business & Professional Code § 17500, et. seq., but denies there is any legal or factual basis for such relief.

104.    Paragraph 104 of the Complaint is not an allegation and therefore no responsive pleading is required.

105.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 105 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

106.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 106 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

107.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 107 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

938512v.1

108.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 108 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

109.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 109 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

110.    The allegations contained in paragraph 110 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

111.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 111 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

112.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 112 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph.

113.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 113 of the Complaint. Merck denies each and every allegation directed at Merck in said paragraph, except admits that plaintiffs purport to seek an order for restitution and injunctive relief, but denies there is any legal or factual basis for such relief.

114.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 114 of the Complaint.

938512v.1

Merck denies each and every allegation directed at Merck in said paragraph, except admits that plaintiffs purport to seek the imposition of a constructive trust, but denies there is any legal or factual basis for such relief.

115.   Plaintiffs' "WHEREFORE" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "WHEREFORE" section of Plaintiffs' Complaint, including subparagraphs 1 through 13, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "DEMAND FOR JURY"

116.   Admits that plaintiffs purport to request a trial by jury.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

117.   The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

118.   The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

119.   The claims of the Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

938512v.1

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

120.    The claims of the Plaintiffs may be barred, in whole or in part, from

recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

121.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

122.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were caused in whole or in part

through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

123.    To the extent that Plaintiffs assert claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

124.    To the extent that Plaintiffs assert claims based upon an alleged failure by

Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx,

such claims are barred under the learned intermediary doctrine because Merck has

discharged its duty to warn in its warnings to the prescribing physician.

938512v.1

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

125.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

126.   Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence as codified by Minn. Stat. § 604.02.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

127.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

128.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

938512v.1

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

129.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

130.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' preexisting and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

131.    To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

132.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Minn. Stat. § 548.36.

938512v.1

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

133.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

134.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

135.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

136.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

137.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

138.    This case is more appropriately brought in a different venue.

938512v.1

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

139.   Venue in this case is improper.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

140.   The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiffs have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

141.   The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

142.   The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

143.   The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

144.   The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

938512v.1

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

145.   To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

146.   The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

147.   The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

148.   Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

149.   Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

150.   Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

938512v.1

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

151.    This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

152.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

153.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

154.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

155.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

938512v.1

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

156.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

157.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

158.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

159.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

160.    Plaintiffs have asserted a claim in their Complaint for punitive damages in violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

938512v.1

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES

161.    Plaintiffs' claims are not suitable for joinder.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES

162.    Claims of unrelated claimants must filed separately pursuant to Pre-trial

Order No. 26 Prohibiting Multiple Unrelated Claimants from Joining in One Complaint.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

163.    Plaintiffs impermissibly seek to impose liability on conduct protected from

liability by the First Amendment of the United States Constitution and by the Constitution of

Michigan.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

164.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of

limitations, including but not limited to MCL § 600.5805 et seq., and MCL § 600.5850 et seq.,

and of repose.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

165.    Plaintiffs' claims are barred pursuant to the provisions of MCL § 600.2946(5).

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

166.    Plaintiffs' claims are barred, at least in part, by the limitation on damages

established by MCL § 600.2946a(1).

938512v.1

## AS FOR A FIFTY-FIRST
### DEFENSE, MERCK ALLEGES:

167.    Merck will show upon trial of this action, and hereby gives notice pursuant to

MCLA § 600.2957, that the negligence of persons or entities, currently not parties to this

litigation, is the sole proximate cause, or at least a contributing cause, of the damages and/or

injuries complained of by Plaintiffs and that notice as required pursuant to the applicable court

rule will be given with respect to the fault of such non-parties, identifying same to the extent

possible.

## AS FOR A FIFTY-SECOND
### DEFENSE, MERCK ALLEGES:

168.    Plaintiffs' claims are barred, in whole or at least in part, by PA 495 of the Public

Acts of 1978 (MCLA § 600.2945 et seq.), commonly known as the Products Liability Statute.

## AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

169.    To the extent that Plaintiffs seek punitive damages, Michigan law does not

recognize Plaintiffs' claim for punitive damages.

## AS FOR A FIFTY-FOURTH
### DEFENSE, MERCK ALLEGES:

170.    Plaintiffs' claims are barred, in whole, or in part, because Plaintiffs lack

capacity and/or standing to bring such claims.

## AS FOR A FIFTY-FIFTH
### DEFENSE, MERCK ALLEGES:

171.    Defendant McKesson Corporation is improperly joined.

## AS FOR A FIFTY-SIXTH
### DEFENSE, MERCK ALLEGES:

172.    Plaintiff's claims are barred by lack of personal jurisdiction.

938512v.1

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

173.   To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to prescribing physician(s).

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

938512v.1

Dated: July 30, 2008                    Respectfully submitted,


                                        */s/ Dorothy H. Wimberly*
                                        Phillip A. Wittmann, 13625
                                        Dorothy H. Wimberly, 18509
                                        Carmelite M. Bertaut, 3054
                                        Stone Pigman Walter Wittmann L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana  70130
                                        Phone:  504-581-3200
                                        Fax:      504-581-3361

                                        Defendants' Liason Counsel


                                        Scott A. Smith – Reg. No. 174026
                                        Amanda M. Cialkowski – Reg. No. 306514
                                        Jan R. McLean Bernier – Reg No. 307853
                                        U.S. Bank Center South, Suite 600
                                        220 south Sixth Street
                                        Minneapolis, MN  55402
                                        Telephone:  (612) 338-1838
                                        Fax: (612) 338-7858

                                        Counsel for Merck & Co., Inc.

938512v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of July, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

938512v.1