IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2008 AUG -6  AM 10: 18
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In Re: VIOXX | § | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | § | SECTION: L |
| THIS DOCUMENT RELATES TO | § | |
| This Document Relates to | § | JUDGE FALLON |
| MDL Nos. 06-11333, 07-0395, 08-0162 | § | MAGISTRATE JUDGE KNOWLES |

**Plaintiffs' Response To Order To Show Cause Why
The Foreign Individual Cases Should Not Be Dismissed Under
The Doctrine of *Forum Non Conveniens*, And Memorandum In Support**

**Plaintiffs sued Merck in the U.S. where virtually all liability witnesses reside and documents exist. Merck moves the Court for a reverse *forum non conveniens* dismissal on minimal conditions that deprive plaintiffs of access to witnesses and evidence whose testimony is crucial to the fair presentation of their claims while diminishing all parties right to a trial by jury. Because Merck's motion seeks a reverse *forum non conveniens* dismissal — one that sends plaintiffs to a forum where witnesses are neither located nor amenable to summons for trial — rather than to a more convenient forum wherein all witnesses reside and a jury trial is assured, the court should condition dismissal on a trial by jury and require Merck to make all non-UK witnesses available for trial and to authenticate all documents required.**

Plaintiffs in the MDL actions numbered 06-11333, 07-0395 and 08-0162, aliens all, respond to the Motion filed by Merck & Co., Inc., Defendant herein ("Defendant") seeking the dismissal of the Plaintiffs' suits against it on *forum non conveniens* grounds, and in support whereof would respectfully show unto the Honorable Court as follows:

I.
<u>Background</u>

This multi-district litigation involves a number of individual suits and class actions that have been brought against the Defendant, and which arise out of the harmful effects of its drug Vioxx. The Plaintiffs are individual aliens who were harmed by their own or a relative's use of Vioxx. They elected to come to the United States to

___ Fee_____
___ Process_____
 X  Dktd_____
 ✓  CtRmDep_____
___ Doc. No._____

pursue their claims against the Merck & Co., Inc. because it resides here and so do all of the liability witnesses.

On August 30, 2006 the Court dismissed claims against the Defendant brought by individuals living in Italy and France on *forum non conveniens* grounds, finding that both Italy and France provided those plaintiffs with an adequate forum to litigate their claims, and that the public and private interest factors weighed in favor of dismissal. The Defendant then filed a motion asking that all other plaintiffs who live in foreign countries be made to appear and to show cause why their claims should not be dismissed on the same basis. The Plaintiffs hereby respond thereto.

## II.
## Relief Sought

The Plaintiffs ask that the Court either deny the Defendant's motion for the reasons set forth below or, in the alternative, that it impose conditions on the dismissal of their claims that will preserve the rights of all parties and allow them to seek effective relief in the U.K.

## III.
## Arguments and Authorities

**A.    Dismissal for *Forum Non Conveniens* Generally**

Stated generally, a federal court may dismiss a case *forum non conveniens* if another nation has jurisdiction to hear a claim and if trial in the United States would be oppressive or vexatious out of proportion to convenience or if the court's own administrative or legal problems make it inconvenient to try the case here. *Sinochem Int'l Co., Ltd. v. Malaysian Int'l Shipping Corp.*, ___ U.S. ___, 127 S.Ct. 1184, 1190 (2007); *American Dredging Co. v. Miller*, 510 U.S. 443, 448-49 and n. 2, 114 S.Ct. 981 (1994). The ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007).

2

As such, a dismissal is not an adjudication of the merits of the case; rather, it is a determination that the merits should be adjudicated elsewhere. *Sinochem Int'l*, 127 S.Ct. at 1192.[1]

In deciding whether to grant a request for dismissal on *forum non conveniens* grounds, courts are charged with considering two different sets of factors. The first, called the public interest factors, ask whether society generally has an interest in having a case heard in the chosen jurisdiction, and include: (1) administrative difficulties caused by crowded dockets; (2) local interest in resolving the controversy; (3) conflict of law issues; and (4) the interest in not burdening citizens in an unrelated forum with jury duty. *DTEX*, 508 F.3d at 794; *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 673 (5th Cir. 2003). The second, called private interest factors, asks about the effect of dismissal on the parties, and includes such things as: (1) ease of access to sources of proof; (2) availability of compulsory process to force the attendance of witnesses; (3) all other practical considerations affecting the ease or cost with which the case may be tried and (4) enforceability of the judgment. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839 (1947); *DTEX*, 508 F.3d at 794. The court must also find there is a foreign forum that is both "available" and "adequate," meaning one that has jurisdiction and which can afford the plaintiffs a remedy, although not necessarily the same one as the United States. *DTEX*, 508 F.3d at 796-97; *Vasquez*, 325 F.3d at 671-72.

**B.    Inadequacy of Foreign Forum**

As set forth above, a *forum non conveniens* dismissal is improper unless the foreign forum is "adequate." A foreign forum is adequate if the party the defendant seeks to send to that forum will not be deprived of all remedies or treated unfairly. *DTEX*, 508 F.3d at 796. In this case, a *forum non conveniens* dismissal deprives some of the Plaintiffs of all of their claims. Specifically, the spouses of the Plaintiffs who have

---

[1] Somewhat ironically, as a common law doctrine *forum non conveniens* is thought to have its origin in Scottish law. *American Dredging*, 510 U.S. at 449.

been injured by Vioxx have no right to recover under U.K. law for loss or consortium or any other kind of damage they have suffered unless and until their spouse has died. Affidavits of Frank H. Lefevre (Exhibit A, ¶ 8, p. 5) and of adverse affiant Nicholas Underhill, Q.C. (Exhibit G, ¶ 56, p. 23). This means the spouse of any of the Plaintiffs who has been injured by Vioxx but who has survived has no claim at all in the U.K., and the complete lack of a claim under foreign law means the alternate forum cannot be adequate. *Nemariam v. The Federal Democratic Republic of Ethiopia*, 315 F.3d 390, 395 (D.C. Cir.), *cert. denied*, 540 U.S. 877, 124 S.Ct. 278 (2003) ("an alternative forum where a plaintiff can recover nothing for a valid claim" cannot be adequate). Because the U.K. is not an adequate forum with respect to these litigants, the Court should deny the *forum non conveniens* dismissal sought by the Defendants.

### C.   Reverse Dismissal Where Sources of Proof Are in the U.S — Not the U.K.

The typical *forum non conveniens* dismissal occurs when the sources of proof are outside the U.S. and are more conveniently subject to compulsory process to force attendance at trial abroad. Because movants here seek a reverse *forum non conveniens* dismissal — dismissal to a foreign forum where significant, necessary sources of proof do not exist, where compulsory process is available only at great expense and inconvenience, and where jury trial is not available as an absolute right — the Court should impose conditions to assure the rights of the parties to obtain a just and equitable resolution of their disputes. And this requires that the conditions for dismissal go beyond the typical ones of agreeing to jurisdiction, waiving limitations, and agreeing to satisfy a judgment.

Merck clearly explains in its brief filed in New York Supreme Court why this reverse dismissal is improper. Merck emphasizes that "[o]ther courts in similar situations have likewise recognized that the unavailability of compulsory process over key witnesses counsels in favor or dismissal," Motion at 20. *See, e.g., Islamic Republic of Iran v. Pahlavi*, 62 N.Y. 2d 474, 482 (1984) The court found the New York forum was not

4

appropriate where "witnesses and evidence are located in Iran under Plaintiff's control and are not subject to the mandate of New York's Courts." *Id.*

Merck here seeks a reverses dismissal, the opposite of the *Islamic Republic* scenario. Here, liability witnesses and evidence are located in the U.S. (including New York), under the Defendants' control and are not subject to the mandate of U.K. courts. Applying the facts of these claims, Merck's quote from *Doe* should read: "With respect to the availability of compulsory process for attendance of unwilling witnesses, it is of considerable importance that litigation in [the U.K.] would deprive [plaintiffs] of compulsory process for substantial evidence in [the U.S.] in control of third parties." *Doe v. Hyland Therapeutics Div.*, 807 F.Supp. 1117, 1126 (S.D.N.Y. 1992).

Plaintiffs oppose the motion to dismiss their claims under the doctrine of *forum non conveniens*. Defendants reside in the U.S., they work here, their employees and annuitants reside here, their incriminating documents were created here, and they made all relevant decisions about the Cox II drugs from here. If there was negligence, as plaintiffs allege, then it mostly occurred here, committed by U.S. citizens under the control of the Defendants. Plaintiffs do reside abroad, and their diagnosing doctors and dispensing pharmacies do, as well. However, it is Plaintiffs' problem if they cannot bring forward testimony from home to support his claim; Defendants only benefit from the U.K. witnesses being "unavailable." However, with the situation being reversed as Merck wants, Plaintiffs' problems are nearly insurmountable if they cannot compel testimony from all the witnesses controlled or supported by the Defendants. Because the proof known to be available abroad consists only of plaintiffs' medical records, damages sustained, and the dearth of adequate warnings, the claims should be retained in the U.S. where the rights of all parties to obtain evidence are assured.

D.   **Defendant's Motion Should be Subject to Certain Protective Conditions**

Plaintiffs oppose the motion to dismiss their claims under the doctrine of *forum non conveniens* and adopt by reference all prior pleadings in opposition to such motions

5

filed by foreign plaintiffs in the MDL 1657 proceedings. Because the proof known to be available abroad consists only of plaintiffs' medical records, damages sustained, and the dearth of adequate warnings, the claims should be retained in the U.S. where the rights of all parties to obtain evidence are assured. In the alternative, the U.K. Defendants request that if the Court make its dismissal conditional on the Defendant's compliance with certain reasonable conditions necessitated by U.K. jurisprudence.

    1.    Court's Ability to Condition a *Forum Non Conveniens* Dismissal

        a.    Generally

There is no question that the Court has the discretion to condition a dismissal on *forum non conveniens* grounds on the Defendant's compliance with certain conditions. *Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876, 881 n. 6 (5th Cir. 1987); *see also, generally,* VALIDITY AND PROPRIETY OF CONDITIONS IMPOSED UPON PROCEEDING IN FOREIGN FORUM BY FEDERAL COURT IN DISMISSING ACTION UNDER FORUM NON CONVENIENS, 89 A.L.R.Fed. 238 (1988) § 2(a); *and see* Julius Jurianto, FORUM NON CONVENIENS: ANOTHER LOOK AT CONDITIONAL DISMISSAL, 83 U. Detroit Mercy L. Rev. 369 (Summer 2006); Note, CONDITIONING FORUM NON CONVENIENS, 67 U. Chicago L. Rev. 489 (Spring 2000).

The reason such conditional dismissals are permitted is "to assure that the foreign court is indeed an alternative forum," 89 A.L.R.Fed. 238 2(a), § 2(a), and to protect the plaintiff if it turns out that it is not. *Bank of Credit & Commerce*, 273 F.3d at 248. The failure to impose reasonable conditions may be error, *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1549 (5th Cir.), *cert. denied sub nom Baris v. Caltex Petroleum, Inc.*, 502 U.S. 963, 112 S.Ct. 430 (1991), especially where there is some reason to doubt that the defendant will cooperate in the foreign forum. *See, e.g., Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), *cert. denied sub nom San Francisco Baseball Associates, L.P. v. Monegro*, 531 U.S. 1112, 121 S.Ct. 857 (2001) (trial court erred in not imposing conditions on dismissal when defendant stated he did not intend to return to foreign forum).

6

### b. Conditions Commonly Imposed

In the ordinary *forum non conveniens* dismissal order — sending a case to where the witnesses reside — the court typically requires that the defendant submit to the jurisdiction of the foreign forum, *see, e.g., Pollux Hldgs. Ltd. v. The Chase Manhattan Bank,* 329 F.3d 64, 75 (2nd Cir. 2003), *cert. denied,* 540 U.S. 1149, 124 S.Ct. 1145 (2004); *Nolan v. Boeing Co.,* 919 F.2d 1058, 1068 (5th Cir. 1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587 (1991), and that it agree to satisfy any judgment rendered against it. *See, e.g., Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1430 (11th Cir. 1996); *Ahmed v. Boeing Co.,* 720 F.2d 224, 225 (1st Cir. 1983). Courts often also exercise control over the foreign litigation, often by forbidding litigants from asserting otherwise meritorious limitations defenses that would defeat the claim in the foreign forum. *Gschwind v. Cessna Aircraft Co.,* 161 F.3d 602, 607 (10th Cir. 1998), *cert. denied,* 526 U.S. 1112, 119 S.Ct. 1755 (1999); *Sussman v. Bank of Israel,* 990 F.2d 71, 71 (2nd Cir. 1993) (per curiam).

### 2. Conditions the Court has Previously Imposed, and to Which the Defendant Agrees

The Court is manifestly aware of its power to impose such conditions before ordering a *forum non conveniens* dismissal. In fact, in its order dismissing the cases of the litigants from Italy and France, the court required the Defendant to submit to the jurisdiction of the foreign court, not to raise limitations defenses that would not be available in the United States, and to pay any judgment rendered. In its Motion, the Defendant stated it "will agree to the same conditions imposed on the other *forum non conveniens* dismissals ..." Motion at 2 n. 3. Accordingly, the Plaintiffs ask that the Court take the Defendant up on its willingness to agree to these minimal conditions, and if it dismisses their cases *forum non conveniens* that it impose the same conditions in its order.

3.  Additional Conditions Should be Imposed

If the overriding objective is to send the claim to a foreign court while preserving the parties' fundamental rights to a just disposition, the court should specify conditions that preserve the parties' demands for a trial by jury and their rights to compel evidence for use at trial. Therefore, in addition to the defendants' agreed conditions, the Plaintiffs ask the Court to impose additional conditions on the dismissal of their claims *forum non conveniens*. Plaintiffs seek added conditions because the case would be transferred (1) from the jurisdiction where the parties demanded a jury trial to one where that right is not absolute, (2) from the jurisdiction liability witnesses reside to one where they do not., and (3) from the jurisdiction where relevant, probative documents exist to where they do not. The limitations imposed by U.K. practice deny all parties their absolute right to a jury trial, they deny Plaintiffs the power to compel testimony from the many witnesses residing in the United States., and they impede or preclude Plaintiffs from discovering and obtaining relevant, probative documentary evidence essential to their proof.

   a.   Additional Conditions Sought

The specific additional limitations that the Plaintiffs seek are:

**Jury Trial —**
That the parties have a trial by jury in the foreign forum, and that Defendants will join the Plaintiffs in requesting a trial by jury in each claim here dismissed.

**Witnesses —**
That the parties may obtain (pursuant to the F.R.C.P.) and present testimony at trial in the form of oral-video depositions and written depositions, including depositions taken in prior cases to which either Defendant was a party. Moreover, no party shall object to the offering of such deposition testimony on the grounds that the testimony is hearsay by virtue of being a deposition.

8

**Documents —**

That Defendants will not object, on grounds of authenticity or that a document is hearsay by virtue of being a writing, to the offering into evidence of documents or records —

    (a)    previously produced by Defendants in discovery in any action,
    (b)    created by Defendants or by its agents, employees, or contractors;
    (c)    previously listed as an exhibit by Defendants in any Vioxx-related trial;
    (d)    obtained from the F.D.A. or other federal agency or authority.

That Defendants will not object on grounds of hearsay or authenticity to the offering into evidence of documents or records —

> previously authenticated by sworn testimony (including depositions) in any action or proceeding; or as to which the author or proponent was subject to cross-examination or interrogation by either Defendants in any prior action or proceeding.

    b.    <u>Basis of Request for Additional Conditions</u>[2]

The Plaintiffs ask the Court to impose these additional conditions on any *forum non conveniens* dismissal the Court may see fit to grant in order to allow both parties to have a jury trial, and assure Plaintiffs access to witnesses and documentary evidence, to prove their cases. Such reasonable conditions would make the U.K. a truly adequate and accessible forum for both Plaintiffs and Defendants.

As one would expect, U.K. law is in some respects materially different from American law. In the U.K., jury trial is not available by right in all civil cases of this magnitude. Procedure differs from that of the U.S., as well. Of course, procedural differences (standing alone) would not be sufficient to render the jurisdiction inadequate if the witnesses live there and the documents can be found there. But uncooperative U.S. witnesses are not conveniently or economically accessible to U.K. litigants, and documents are not so readily discoverable. Those difference will preclude

---

[2] The statements of fact made about U.K. law herein are supported by the Affidavits of Frank H. Lefevre, Solicitor, attached hereto as Exhibit "A" and incorporated herein by reference, and that of adverse affiant Nicholas Underhill, Q.C., attached hereto as Exhibit G, with paragraphs 1-2 and 56 through 73 incorporated herein by reference.

9

the Plaintiffs from proving the liability and causation portion of their case. Among the most notable differences are:

(1) A jury trial is not available as a matter of absolute right in all civil actions. Instead, the Plaintiffs must plead the case to allow for a jury trial, the Defendant must fail to convince the court in the U.K. that the matter is not one that can be tried to a jury and the U.K. court must find the case is not too complex for jury determination;

(2) U.K. law does not permit the taking of discovery depositions, and precludes *de bene esse* depositions being taken without leave of court. It does not specifically allow the use of video depositions. Moreover, a U.K. court may or may not allow testimony from other cases or prior testimony from a case in another jurisdiction to be used in court. Ordinarily, if a witness is to testify, the witness would testify in person.[3] In Scotland, U.S.-style depositions are not done, whereas English procedure permits depositions when ordered by the court. Although there is a mechanism the court can use to require the attendance of an unwilling witness living in a foreign country, the procedure is cumbersome, grossly inconvenient, and unreasonably expensive; and

(3) Document discovery is more limited in the U.K. than here because "discovery" type requests are not permitted. Unlike the United States, where it is possible to make requests for the production of classes of

---

[3] A narrow exception to this prohibition exists if the U.K. court approves the use of a Commission to take testimony abroad, where the court appoints a Commissioner (something like a magistrate judge) who convenes a hearing in the foreign jurisdiction where a witness can be examined. The fiction is that the interrogation under a Commission is actually a hearing of the court itself, and so the testimony obtained may be considered by the fact finder. Such a Commission is discretionary with the court, and requires sending the Commissioner and counsel for the litigants to the witnesses' foreign location to elicit his testimony. The considerable administrative inconvenience and expense fall upon those who seek the testimony. Here that unreasonable burden will fall upon the Plaintiffs.

10

documents, document production requests under U.K. law require the party seeking discovery to specifically name or describe the document, which means he must almost always know details of the document he needs in order to properly request it.

As has been shown, every one of these differences between U.K. and American law significantly affects the ability of the Plaintiffs and, to a much lesser extent, the Defendants to prove their respective cases, especially the general requirement that witnesses testify live and in person in court. In this case, the evidence regarding the drugs at issue is located in the United States, which is why the Plaintiffs came here to litigate their claims in the first place. Even if the Defendants consent to submit to the jurisdiction of the courts of the U.K. they would still be able to preclude the Plaintiffs from proving their case by refusing to bring witnesses whom the Plaintiffs need to the U.K. to testify in person. The fact that the Plaintiffs might know the identity of these witnesses, or the substance of testimony they will give, etc. from other suits brought against the Defendant in the United States does not solve the problem as this evidence would be inadmissible.

Moreover, the gravity (and punitive effect) of this trans-Atlantic procedural conflict is manifest given that in the U.S. Vioxx actions, all of the liability witnesses have been deposed and all of the probative documents have been produced, exchanged, authenticated, and thoroughly vetted for use at trial. Absent conditions that allow and require the use of prior testimony, taking depositions of needed witnesses, and admission of documents already proven-up, a dismissal order will unreasonably waste the resources of courts and counsel, ultimately at the expense of their clients and of fundamental justice. The Vioxx trial wheel need not be reinvented.

    c.    <u>Authority for Imposition of Conditions</u>

One of the most important parts of the determination that a foreign forum is adequate is finding that the plaintiff has the proper access to proof. The question of

11

what the forum's laws provide and whether the plaintiff will receive a fair hearing are far less important than normal, because if the plaintiff cannot prove his claims for lack of United States witnesses, the question of what he might recover or how he might be treated is moot. Accordingly, in cases like this one where evidence the plaintiff needs is found in the United States, the ability of the foreign court to compel the production of the proof and the conditions imposed by the U.S. court to ensure access to proof receive special scrutiny. *See, e.g., Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 183-86 (3rd Cir. 1991) (reversing *forum non conveniens* dismissal in spite of condition that defendant produce evidence and witnesses under its control in British Columbia; much evidence was not subject to its control, and production of the evidence held by non-party witnesses could not be compelled by the Canadian court); *accord, German Free State of Bavaria v. Toyobo Co., Ltd.*, 480 F.Supp.2d 948, 953-54 (W.D. Mich. 2007) (giving considerable weight to the fact Germany allows neither depositions nor pre-trial discovery in deciding access to sources of proof weighed in favor of keeping the case in the United States).

Many courts have found that conditioning a *forum non conveniens* dismissal on the Defendant's agreement to make witnesses and documents available in the foreign forum where the case is to be refiled is proper and appropriate, especially if there is some indication that the plaintiff chose the United States in order to be able to subpoena the defendant's witnesses. *See, e.g., v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1353-54 (1st Cir. 1992), *cert. denied*, 508 U.S. 912, 113 S.Ct. 2346 (1993) (approving of condition requiring defendant to produce documents and witnesses in Turkey where plaintiffs had come to the district containing the defendant's headquarters to be able to subpoena those witnesses); *accord, De Melo v. Lederle Lab., a Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1063 (8th Cir. 1986); *In re Air Crash Near Athens, Greece*, 479 F.Supp.2d 792, 799-801 (N.D. Ill. 2007); *Pratt v. United Arab Shipping Co.*, 585 F.Supp. 1573, 1579 (E.D. La. 1984); *see also Vaz Borralho v. Keydrill Co.*, 696 F.2d 379, 394 (5th Cir. 1983), *overruled on other grounds, In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987)

12

(suggesting the district court can correct an improper *forum non conveniens* dismissal order by (among other things) conditioning the dismissal on the defendant's agreement to produce documents in the foreign forum). Relatedly, courts have conditioned dismissal on the defendant's agreement to allow the use of discovery conducted in the United States in the foreign forum. *LFCO Corp. v. Alum Sys. USA, Inc.*, 268 F.3d 601, 602 (8th Cir. 2001). Some courts were found to have acted within their discretion when they have gone considerably farther: for example, the requirement that all discovery be conducted pursuant to the Federal Rules of Civil Procedure was found to be a permissible condition, even though the case was being dismissed for refiling in France, *Magnin*, 91 F.3d at 1430-31, as has a condition that allowed discovery to be completed in the United States before the case was dismissed, *Coakes v. Arabian Am. Oil Co.*, 831 F.2d 572, 574-75 (5th Cir. 1987)[4], as has a dismissal conditioned on the courts of the foreign forum agreeing to allow the joinder of certain additional parties. *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 830 (5th Cir. 1986).

A case closely on point is *Watson v. Merrell Dow Pharmaceuticals, Inc.*, 769 F.2d 354 (6th Cir. 1985). Like this case, *Watson* involved claims brought by plaintiffs from the U.K. against a drug company and others, alleging injuries caused by an unsafe drug. *Watson*, 769 F.2d at 355-56. The district court dismissed the suit on *forum non conveniens* grounds. *Id.* at 356. In affirming this dismissal as to the drug company, the court held that the trial court acted within its discretion when it conditioned the dismissal on, *inter alia*, the defendant's agreement to make available the documents and witnesses the plaintiffs needed to fairly adjudicate their claims in the foreign forum. *Id.; accord, Butler v. Ben Line Steamers, Ltd.*, 664 F.Supp. 1367, 1370 (C.D. Cal. 1986) (similar result in a maritime tort case).

---

[4] Interestingly, this was found to be a proper condition even though there was some question as to whether such depositions could be used in the U.K. courts (the foreign transferee forum). *Coakes*, 831 F.2d at 575.

13

The Court should reach a similar conclusion here, and should condition this reverse *forum non conveniens* dismissal of the Plaintiffs' claims on the conditions set forth above. They are all reasonable conditions that will allow the Plaintiffs, as well as the Defendants, to try the cases to a jury and to muster testimony and evidence from United States witnesses in order to prove their cases in the U.K. where the Defendants claim the cases should be heard.

E.   **Defendant's Motion Should Be Denied; It Imposes Waste & Inconvenience**

The Plaintiffs end by objecting to the Defendant's improper attempt to shift the burden of proof on its Motion. It is settled that the burden of proving that all of the elements necessary to prove that a *forum non conveniens* dismissal is appropriate lies with the Defendant. *DTEX*, 508 F.3d at 794. In its Motion, the Defendant does nothing to show that a *forum non conveniens* dismissal of the Plaintiffs is proper or that the U.K. is an available or adequate forum; rather, it merely asserts that because such a dismissal was proper for Italians or Frenchmen, the Plaintiffs should be made to show why (per the title of the motion, "Show Cause") why their claims should not also be dismissed. Motion at 2-3.

In making this request, the Defendant offers no proof about the law of the U.K. (or of any of the other countries whose citizens will be affected by the relief requested in the Motion), and therefore has failed to make any showing regarding the applicable private interest factors the Court must consider in deciding whether to grant *forum non conveniens* analysis. In fact, all the Defendant says about the matter is that it is "unlikely" that the foreign plaintiffs (including the Plaintiffs) lack an adequate foreign fora, an assumption on the part of the Defendant that is insufficient to support a *forum non conveniens* dismissal. *See, e.g., Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 248 (2nd Cir. 2001) (trial court's "justifiable belief" in adequacy of the foreign forum would not support *forum non conveniens* dismissal, in the absence of citation to evidence in the record supporting this belief). Therefore even if

14

the Court assumes that the public interest factors it has already considered and ruled on apply with equal force to all other foreign plaintiffs, the Defendant should still be found to have failed to prove itself entitled to a *forum non conveniens* dismissal.

### III.
### Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that the Defendant's request for a *forum non conveniens* dismissal be denied, for the reasons set forth herein.

Strictly in the alternative, the Plaintiffs pray that if the Court elects to grant the *forum non conveniens* dismissal the Defendant seeks, that it condition the dismissal of the Plaintiffs' in the manner and for the reasons set forth above.

The Plaintiffs pray for such other and further relief, general or special, in law or in equity, to which they may prove themselves to be justly entitled.



JOSEPH C. BLANKS, P.C.
Post Office Drawer 999
DOUCETTE, TEXAS 75942
(409)837-9707 FAX 837-9045
Texas Bar No. 02456770
S.D.Tex. #2110

Respectfully submitted,

Joseph C. Blanks
Attorney for Plaintiffs in
MDL Nos. 06-11333, 07-0395, 08-0162

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that he served a true and correct copy of the forgoing Response on Liaison Counsel, Russ Herman & Phillip Wittmann, and on Dorothy H. Wimberly, counsel for the Defendant, c/o Stone Pigman, 546 Carondelet Street, New Orleans, Louisiana 70130-3588, by pdf attachments to email, and on remaining counsel in accordance with Pretrial Order 8-B, and that the foregoing was dispatched by FedEx rather than electronically filed with the Clerk of the Court for the United States District Court of the Eastern District of Louisiana by using the CM/ECF system on this, the 5th day of August, 2008.

Joseph C. Blanks