# Affidavit of Frank Hartley Lefevre

# Exhibit A

**AFFIDAVIT**

of

**FRANK HARTLEY LEFEVRE,** Solicitor, 72 Carden Place, Aberdeen AB10 1UL

At Aberdeen on the 4th day of August 2008 compeared FRANK HARTLEY LEFEVRE who being solemnly sworn and examined DEPONES as follows:

1. My full name is Frank Hartley Lefevre. I am 73 years of age. I am a qualified solicitor in Scotland having practised as such in Scotland since1959. I am currently a Consultant to the firm of Lefevre Litigation, 72 Carden Place, Aberdeen AB10 1UP, a firm I formed in 1970. Throughout my career as a solicitor I have specialised in all areas of litigation. Since circa 1978 I have specialised mainly in civil litigation and have offices in Aberdeen and Edinburgh plus related business premises in Inverness and Glasgow specialising in the handling of personal injury claims and employment law in Scotland and other jurisdictions. Between 1997 and 2000 I sat as what is now designated Employment Judge and also served about that time as a member of the Council of The Law Society of Scotland. In 2007 and 2008 I acted for claimants in two successful House of Lords appeals in Scottish personal injury cases.

2. I have been asked by Joseph Blanks, a Texas Attorney with whom I have transacted for over 22 years, to provide information regarding various procedural and evidential matters which would or may arise if actions which are currently proceeding in the courts of the United States of America against Merck & Co Inc, and Merck, Sharp & Dhome Limited in relation to the drug VIOXX were not to continue there and instead were to be raised and proceed in the Scottish Courts. I have over that time been involved in many cases in America where the defendants have sought dismissal on the ground of *forum non conveniens* with varying results.

3. JURISDICTION: if they were to proceed in Scotland, the actions would require to raised in the Court of Session in Edinburgh. Only claimants who were permanently resident in Scotland at the time they were prescribed VIOXX would have jurisdiction to raise proceedings in the Court of Session. Other claimants from England & Wales, and Northern Ireland would only be entitled to raise such proceedings in Scotland if the defendant companies entered into a binding agreement to prorogate jurisdiction in

respect of the proceedings to the Court of Session.

4. TIME BAR: in respect of most, if not all, of the UK claimants, the limitation period for the commencement of proceedings in Scotland, ie 3 years, has already expired It would therefore be open to the defendant companies to take a plea of time bar in Any such action. If taken, such a plea would be almost bound to succeed and it would be highly unlikely that the action would be allowed to proceed. The same situation would exist in Product Liability cases where death or injury is sustained. However, in such cases there is a period of prescription of any claims of 10 years. Any such action raised outwith that period would be unable to proceed regardless of any agreement by defendant companies not to take any such prescription point.

5. JURY TRIAL: unlike in England & Wales, in the Court of Session, parties pursuing certain types of civil action - personal injury, defamation and quasi delict (into which category Product Liability would fall) – are recognised as having an entitlement to have their case heard by a Jury. That entitlement is, however, subject to exception if the Court considers that special cause exists making a case unsuitable to be heard by a Jury. The main basis on which special cause is generally found to exist is where there is considered to be some complexity in the general nature or in some particular aspect of a case which causes the case to be too difficult to be dealt with by a Jury. Whether a case is suitable to be heard by a Jury remains a matter of discretion for a Judge even where no objection is taken by any of the parties to the action on the grounds of special cause. Accordingly, even if the pursuer and the defendants in the actions concerning VIOXX were to be bound not to object to the allowance of a Jury Trial in Scotland, there would still be no guarantee that a Jury Trial would ultimately be allowed by the Court in any particular case.

The only alternative form of evidential hearing to a Jury Trial in Scotland is a Proof (Trial) before a single Judge.

6. WITNESS EVIDENCE: in proceedings in the Court of Session, the oral evidence of a witness generally requires to be given personally by the witness at a Jury Trial or Proof. A witness who is resident outwith the jurisdiction of the Scottish Courts can only be compelled to attend Court in Scotland to give evidence with the assistance of

the authorities in the country in which the witness is resident by means of a procedure known as Letters of Request. This procedure is in any event only available in countries which are signatories to the Hague Convention.

There is provision for the evidence of a witness to be taken on Commission in advance of a Jury Trial or Proof with the approval of the Court in certain circumstances. Such a Commission may be allowed by the Court where, for example, a witness is unavailable to attend a Jury Trial or Proof personally due to age, illness or some other essential circumstance or where a witness is resident outwith the jurisdiction of the Scottish Courts. Even in such circumstances, it remains a matter for the Court whether to allow authority to take the evidence of a witness on Commission even in the absence of objection by any party to the action. The main factors to be considered in this respect are the nature and importance of the evidence of the witness and the possibility of prejudice to any party if their evidence is given other than orally at a Jury Trial or Proof. Even in the absence of objection by any party there is no guarantee that the Court would allow the evidence of any witness to be given other than orally at a Jury Trial or Proof.

In the case of a witness resident outwith the jurisdiction of the Scottish Courts, their evidence can only be taken on Commission, even if approved by the Court, either with the consent of the witness or, failing such consent, with the assistance of the authorities of the country in which the witness is resident. Again this is by means of Letters of Request and is only available in countries which are signatories to the Hague Convention. Accordingly, again, there is no guarantee that the evidence of any such witness will be able to successfully be obtained on Commission.

The extent to which a witness can be compelled by means of the Letter of Request procedure either to attend Court in Scotland to give evidence or to give evidence at a Commission in advance of a Jury Trial or Proof is limited to the extent of the powers available in such matters in the country in which the witness is resident. Accordingly, there can never be any guarantee that the evidence of any witness will be able to be obtained by either such means.

In the case of a witness resident in a country which is not a signatory to the Hague

Convention, there is no means by which a witness can be compelled to give evidence either by attending Court in Scotland personally or at a Commission.

Even where available and approved by the Court, the taking of the evidence of witness on Commission especially outwith Scotland is an expensive exercise. A Commission requires to be attended by a Commissioner, usually a Scottish Queen's Counsel or Advocate, appointed by the Court to conduct the Commission, a Shorthand Writer to record the evidence and all the legal representatives, both Counsel and Solicitors, of the parties to the action. To my knowledge there is no provision as yet in Scotland for the evidence at a Commission to be recorded by any means other than in writing.

Given the evidence that has already been elicited in the United States in the VIOXX cases which have already been tried, and in the event that the UK cases in which I am currently involved as the subjects of the instant procedure before the court in Louisiana were to be dismissed on the ground of *forum non conveniens*, the costs of invoking the alternative procedures outlined above would inevitably amount to a very substantial amount.

I am aware that there have some instances where approval has been given by the Scottish Courts for the evidence of a witness resident outwith the jurisdiction to be given at a Jury Trial or Proof by means of video link. This remains unusual, however, and would only possibly be allowed by the Courts in exceptional circumstances and where there is no objection by any of the parties to the action.

7. RECOVERY OF DOCUMENTARY AND OTHER EVIDENCE: application can be made to the Scottish Courts for authority to recover documentary evidence necessary for use in proceedings in the Scottish Courts either from any other party in in the proceedings or another body or party thought to be in possession of such evidence. In making such an application it is necessary to give a sufficient degree of specification of the nature of the documents or other form of evidence sought to be recovered. It is open to a party to oppose the granting of such authority on the grounds of lack of relevancy or sufficient specification of the documents or other evidence sought to be recovered or on more general grounds of, for example, privilege or

confidentiality. Authority to recover evidence produced or lead in connection with other cases could be met with opposition on such latter more general grounds.

Where documentary or other forms of evidence is sought to be recovered from a party outwith the jurisdiction of the Scottish Courts, in the absence of voluntary production, this would again require to be sought under the Letters of Request procedure which is available to the same extent and in the same way as I have outlined in respect of the oral evidence of a witness. Accordingly, again there can be no guarantee that such evidence would be able to be obtained.

8. SPOUSE OR PARTNER'S CLAIMS: other than on death of an individual the surviving spouse or partner has no right of claim in Scotland against a defendant. A deceased's estate, however, has a right of claim in respect of the pain and suffering that may have been sustained by the deceased in the period leading to death.

9. HEARSAY EVIDENCE: hearsay evidence is generally admissible as evidence in proceedings in the Scottish Courts but the weight to be attached to such evidence in absence of the direct evidence of a witness, especially if available, is a matter for assessment by the Court.

10. COSTS: the rule on expenses incurred in litigation in the Scottish Courts is that expenses will normally be awarded against the unsuccessful party. Solicitors may not conduct a Proof or Jury Trial in the Court of Session and they require to instruct an Advocate or Solicitor Advocate as Junior and/or Senior Counsel to do so. Although Legal Aid may be avaiklable to claimants in Scotland such funds are not readily Available, and in the English Vioxx cases rejected by the American courts, on Return to the English courts, Legal Aid was refused with the result that the Claimants have been unable to pursue their claims. The Scottish Legal Aid Board in my view would also reject any applications for financial backing.

Where it becomes necessary to invoke any procedure as outlined in paras 6&7 above, the financial implications of recovery of the relevant evidence within the United States are daunting. On the basis of the information engathered from perusal of the evidence already led in the VIOXX cases already heard in the United States it is in my

my considered opinion likely that the costs to the claimants of the steps that would be necessary to acquire and retain the relevant evidence can be reasonably estimated at an amount of circa £1500 per hour . This takes into account travelling and work for solicitors, senior and junior counsel, and any person appointed by the Court to act as Commissioner, plus all necessary overhead costs of putting together the information acquired in the process in a form acceptable to the Scottish Court.

ALL of which is TRUTH as the DEPONENT shall ANSWER to God.
SWORN at Aberdeen this 4th day of August 2008 before me MARTIN TURNER SINCLAIR, Notary Public, 72, Carden Place, Aberdeen.

Martin Sinclair
Solicitor + Notary Public