

EXHIBIT "B"

LEXISNEXIS FILE & SERVE
18509543
E-SERVICE
Feb 8 2008
2:22PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: VIOXX** | : | |
| | : | **MDL Docket NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION L** |
| | : | |
| ***This document relates to ALL CASES*** | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLE** |

## THE PSC'S MOTION TO COMPEL EXPRESS SCRIPTS TO COMPLY WITH THE REQUEST MADE IN CONNECTION WITH THE VIOXX SETTLEMENT PROGRAM FOR THE PRESCRIPTION DRUG DOCUMENTS OR DATA NEEDED FOR THE VIOXX SETTLEMENT PROGRAM

**NOW INTO COURT,** comes Plaintiffs' Steering Committee ("PSC") who moves this Honorable Court for an Order compelling Express Scripts, Inc. ("ESI") to comply with the request made in connection with the *Vioxx Settlement Program* for the production of prescription drug/pharmacy records or data in the possession of ESI for individuals who were prescribed, dispensed or otherwise provided the drug Vioxx.

The discovery requests at issue and reasons in support of the PSC's Motion to Compel are more fully set forth in the attached *Memorandum of Law.*

**FOR THE FOREGOING REASONS**, and those more fully set forth in the attached

Memorandum of Law, the PSC respectfully requests that this Honorable Court grant its *Motion to Compel*, and issue an order compelling ESI to produce the requested information.

Respectfully submitted,

/s/ Leonard A. Davis

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esq.
P.O.Box 1190
2220 Bonaventure Court
Alexandria, LA 71309-1190
PH: (318) 487-9874
FAX: (318) 561-2591

Andy D. Birchfield, Esq. **(Co-Lead Counsel)**
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
PH: (800) 898-2034
FAX: (334) 954-7555

Elizabeth Cabraser, Atty.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
PH: (415) 956-1000
FAX: (415-956-1008

Thomas Kline, Esq.
1525 Locust St.
19th Floor
Philadelphia, PA 19102
PH: (215) 772-1000
FAX: (215) 772-1371

Arnold Levin, Esq.
Michael Weinkowitz, Esq. **(on brief)**
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3875
PH: (215) 592-1500
FAX: (215) 592-4663

Gerald E. Meunier, Esq.
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973

Troy Rafferty, Esq.
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
PH: (850) 435-7000
FAX: (850) 497-7059

Drew Ranier, Esq.
1419 Ryan Street
Lake Charles, LA 70601
PH: (337) 494-7171
FAX: (337) 494-7218

Mark Robinson, Esq.
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
PH: (949) 720-1288
FAX: (949) 720-1292

Christopher Seeger, Esq. **(Co-Lead Counsel)**
One William Street
New York, NY 10004
PH: (212) 584-0700
FAX: (212) 584-0799

Christopher Vincent Tisi, Esq.
2000 L Street, NW
Suite 400
Washington, DC 20036-4914
PH: (202) 783-6400
FAX: (307) 733-0028

| Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | |
|---|---|

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of February, 2008.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com



Feb 8 2008
2:22PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: VIOXX** | : | |
| | : | **MDL Docket NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION L** |
| | : | |
| ***This document relates to ALL CASES*** | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |
| | : | |

**THE PSC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL EXPRESS SCRIPTS TO COMPLY WITH THE REQUEST MADE IN CONNECTION WITH THE VIOXX SETTLEMENT PROGRAM FOR THE PRESCRIPTION DRUG DOCUMENTS OR DATA NEEDED FOR THE VIOXX SETTLEMENT PROGRAM**

## I. INTRODUCTION

This Honorable Court agreed, with the consent of the parties to the Master Settlement Agreement ("MSA"), to preside over the Vioxx Settlement Program. The Plaintiff's Steering Committee ("PSC") requests that the Court compel Express Scripts, Inc. ("ESI") to produce the prescription drug/pharmacy records or data (hereinafter referred to as "pharmacy records") in its possession for individuals who were prescribed, dispensed or otherwise provided the drug Vioxx. To date, ESI has refused to produce the complete pharmacy records of Claimants unless it is paid a retrieval fee of $1,500.00 per claimant or unless the PSC agrees to pay it an estimated $63,000.00 for the pharmacy data. These fees are exorbitant and unreasonable.

## II. BACKGROUND

### A. ESI - One of the Largest Pharmacy Benefits Managers in North America

ESI claims to be one of the largest Pharmacy Benefits Managers (PBM) in North America serving approximately 50 million people. (*See* ESI's website at http://www.express-scripts.com/). ESI earned $17.7 Billion in revenue in 2006 and is ranked 132 on the Fortune 500 list. (Exhibit "1").[1] ESI boasts publically of its "Technical Superiority" while at the same time claiming that it has to charge Plaintiffs/Claimants exorbitant fees to retrieve their pharmacy records because of technical limitations, incompatibilities and difficulties with its various computer platforms. (Exhibit "2").[2] It is against this backdrop of large earnings and proclaimed technical superiority that ESI's fee of $1,500.00 per claimant to produce what may be just a few pages of pharmacy records, or $63,000.00, is particularly distasteful.[3]

### B. Overcharging for Pharmacy Records

Through its home-delivery pharmacy business, ESI dispensed Vioxx and other prescription

---

[1] ESI's "*Corporate Overview*" downloaded from ESI's website on February 7, 2008 is attached as Exhibit "1."

[2] ESI's "*Fact Sheet*" downloaded from its website February 7, 2008, attached as Exhibit "2," touts ESI's "*Technical Superiority*" including that:

> • Express Scripts has invested heavily in technology, enabling its people to focus on patients. Improved technology has led to unprecedented efficiencies and economies of scale, paving the way to attractive home delivery programs that save money for clients and patients.
>
> * * *
>
> • The company was named as one of *Information Week's* 500 Most Technologically Progressive Companies.

[3] No other PBMs, such as CVS/Caremark, or large Pharmacy, such as Walgreens charge such exorbitant and unreasonable fees for copies of pharmacy records. For instance, CVS (before it merged with Caremark) charged $35.00 for complete pharmacy records with no date restriction. (Exhibit "2(a)). Even after the CVS/Caremark merger, CVS/Caremark fee only increased to $75.00. (Exhibit 2(d)). Walgreens charges $55.00 for complete pharmacy records with no date restriction. (Exhibit 2(c)).

drugs to numerous Claimants in the Vioxx Settlement Program (hereinafter the "Program") which includes Plaintiffs in this federal litigation, as well as in the various state courts. For years, many Plaintiffs have attempted to retrieve their pharmacy records from ESI but have been denied their complete records unless they paid ESI the exorbitant fee of $1,500.00.

A specific example illustrates the problem. Plaintiff/Claimant Shirley Amundson's[4] attorney first attempted to retrieve her pharmacy records from ESI on September 9, 2005. (Exhibit "3"). ESI required, and Ms. Amundson's attorney submitted, an *"Authorization to Use and Disclose Health Information"* downloaded from ESI's website. ESI was also provided an additional HIPPA compliant authorization and the required "non-refundable processing fee of $50.00" requested by ESI for all record requests. *Id.* On October 4, 2005, ESI's Legal Department wrote Ms. Amundson's attorney advising that ESI was "unable to locate any records for this member with the information provided and for the past two year period during which records are readily available." (Exhibit "4"). Finally, after follow-up correspondence (2nd request on October 14, 2005 and a 3rd request on August 13, 2007), ESI sent a letter dated August 23, 2007 which stated that:

> the cost to research archived records is $1,500.00. Enclosed please find our invoice in the amount of $1,450.00, which applies the $50.00 payment you previously paid for a search of our readily-available records. Upon receipt of $1,450.00 we will submit your client's information for a search of our archived records. Please be advised that this search will take approximately 6-8 weeks from the time we receive your payment, and there is no guarantee that any further records exist for this member.

(Exhibit "5" and "6"). ESI sent the same letter to a large numbers of Vioxx Plaintiff/Claimants.

It is worth noting that nothing on ESI's website or its *"Authorization to Use and Disclose Health Information"* indicates that the $50.00 non-refundable fee was for a search for pharmacy

---

[4] *Amundson v. Merck*, 06-2248 (E.D.La)

records limited only to the two year period predating the request or records that ESI considers "readily-available. "(Exhibit "7").[5] To date, Ms. Amundson and scores of other Plaintiff/Claimants have not received full and complete pharmacy records from ESI notwithstanding the fact that they paid ESI a non-refundable $50.00. Thus, they are unable to comply with the terms of the MSA and prepare their *Claims Packages* as set forth below.[6]

**C. The Vioxx Settlement Program and the Requirement to Submit Pharmacy Records**

Program Claimants, like Ms. Amundson, are required to submit to the *Claims Administrator* as part of a"*Claims Package*," "PME Records," which include:

> Pharmacy Records from all pharmacies that dispensed any medication to the Enrolled Program Claimant for the entire period of time spanning the first alleged use of Vioxx through 3 months after the Eligible Event.

(Exhibit "8").[7] Furthermore, a Claimant must submit a signed Certifications for all PME Records where the 'initial request for said records to the custodial of records was made *on or after* November 9, 2007." (Exhibit "8" at para. 2). ESI is withholding important information required to prepare *Claims Packages* and to enable Claimants' and their counsel to score their claims and estimate the potential value of a settlement under the Program. It is essential that ESI produce a requested information as soon as possible. Many Claimants have been waiting for quite some time to receive the requested information. Additional Claimants will also be requesting ESI data so that the

---

[5] ESI's *"Authorization to Use and Disclose Health Information"* downloaded from its website is attached as Exhibit "7."

[6] In fairness to ESI, in some cases ESI did produce limited records it located "for the past two years." However, in each case ESI refused to produce records earlier that "for the past two years" without a payment of an additional $1450.00. As set forth in the II(C), Claimants participating in the Vioxx Settlement Program are required to submit complete Pharmacy Records not just those that ESI agrees to provide for $50.00.

[7] Exhibit 1.3.1 to the MSA at para. 4(b), 5(b), and 6(b) attached as Exhibit "6."

pharmacy records can be submitted timely to the Settlement Program. ESI should be ordered to timely and promptly produce pharmacy records.

______**D. The PSC and NJ Subpoenas**

______Upon request of the PSC, this Court lifted the temporary stay implemented following the announcement of the settlement on November 9, 2007, so that it could serve ESI with a *Notice of Deposition* and a *Subpoena* for documents and testimony. (Exhibit "9"). The PSC served its *Subpoena* and the *Notice of Deposition* upon ESI on December 21, 2007. *Id.*. A *Subpoena* was likewise served on ESI in the New Jersey Vioxx litigation and Judge Higbee is aware of the ESI problem. (Exhibit "10"). This request was made and acted upon based upon ESI's refusal to produce on a timely basis pharmacy records that may be needed for submission into the Settlement Program.

**E. *The Impasse* - ESI Still Refuses to Produce Pharmacy Records Unless it is Paid an Exorbitant and Unreasonable Fee**

At the last two status conferences, the PSC notified the Court that discussions with ESI's counsel were underway. Unfortunately, those discussions have not been successful in getting production of ESI data and the PSC now seeks this Court's intervention to compel ESI, on a timely basis, to produce the pharmacy records in its possession which relates to individuals who were prescribed, dispensed or otherwise provided the drug Vioxx.

The PSC[8] received numerous *lengthy* letters from ESI's counsel with different options and many technical reasons for why it is so difficult to produce the pharmacy records, how long the

[8] New Jersey counsel also participated in the discussions.

production will take and how much it will cost. (Exhibit "11").[9]

The bottom-line, after all the lengthy correspondence, numerous E-mails and telephone conversations, ESI estimates that it will cost the PSC approximately $63,000.00 to produce the prescription data, notwithstanding the fact that it has already charged Plaintiff/Claimant $50.00 a piece for their pharmacy records. The PSC has advised ESI that it is willing, as every Plaintiff/Claimant has always been, to pay ESI a reasonable amount to retrieve the pharmacy records but that its current proposal is not reasonable. ESI has refused to negotiate further thus leading to the instant motion.

## III. CONCLUSION

The importance of receiving pharmacy records for Plaintiffs in pharmaceutical litigation involving a prescription drug is obvious. Plaintiffs/Claimants simply want copies of their pharmacy records so that they can comply with the MSA, prepare their *Claims Packages* and score their cases under the MSA's "*Points Award Criteria*" to ascertain their estimated settlement value under the Program. The fees beyond the $50.00 that ESI has attempted to charge for the reproduction of pharmacy records ($1,500.00) and what it is now attempting to charge (an estimated $63,000.00) is exorbitant and unreasonable. Further the time frame to receive the data must be addressed so that Claimants can timely comply with the terms of the Settlement Program.

---

[9] Exhibit "11" is a compilation of the correspondence between counsel.

For all of the foregoing reasons, the PSC respectfully requests that this Honorable Court grant its *Motion to Compel*, and issue an order compelling ESI to produce the requested information.

Respectfully submitted,
/s/ Leonard A. Davis

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>Michael M. Weinkowitz, Esq. **(on brief)**<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |

| Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |
|---|---|

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of February, 2008.

/s/ Leonard A. Davis

Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Ave.
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com