A CERTIFIED TRUE COPY
ATTEST

By Bonita Bagley on Aug 12, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED AUG 1 2 2008

UNITED STATES JUDICIAL PANEL
MULTIDISTRICT LITIGATION

LORETTA G. WHYTE
CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 12, 2008

FILED
CLERK'S OFFICE

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1657

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in the eight actions listed on Schedule A move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 1657. Defendant Merck & Co., Inc., opposes the motion.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. See *In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

[*] Although two of the Panel's five current members hold stock interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter, the Panel invokes the Rule of Necessity to decide the matter now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz           Robert L. Miller, Jr.
Kathryn H. Vratil           David R. Hansen

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1657

## SCHEDULE A

|  | EDLA SEC.L/3 |
|---|---|
| **Southern District of New York** | |
| Marianne Raftis v. Merck & Co., Inc., C.A. No. 1:08-3067 | **08-4166** |
| Samuella Cadwell, et al. v. Merck & Co., Inc., C.A. No. 1:08-3068 | **08-4167** |
| Dean Santacrose v. Merck & Co., Inc., C.A. No. 1:08-3069 | **08-4168** |
| Margaret Steinhoff, et al. v. Merck & Co., Inc., C.A. No. 1:08-3074 | **08-4169** |
| Kevin Pitcher v. Merck & Co., Inc., C.A. No. 1:08-3075 | **08-4170** |
| Carolyn S. Croft v. Merck & Co., Inc., C.A. No. 1:08-3078 | **08-4171** |
| Helen Bilik, et al. v. Pfizer Inc., et al., C.A. No. 1:08-3280 | **08-4172** |
| Carol Adelberg, et al. v. Pfizer Inc., et al., C.A. No. 1:08-3291 | **08-4173** |

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

August 12, 2008

Loretta G. Whyte, Clerk
U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

MDL No. 1657 -- IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation

Dear Ms. Whyte:

Attached is a certified copy of a transfer order issued today by the Judicial Panel on Multidistrict Litigation in the above-captioned matter. The order is directed to you for filing. Rule 1.5 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court. The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file. Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear. Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

- 2 -

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/ Donta Bagley
       Deputy Clerk

Attachments (Transfer Order is a Separate Document)

cc:   Transferee Judge:  Judge Eldon E. Fallon                                    JPML Form 29

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATIONMDL No. 1657

## INVOLVED COUNSEL LIST

Ronald R. Benjamin
LAW OFFICES OF RONALD R BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

Norman C. Kleinberg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482

Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482

Phillip A. Wittmann
STONE PIGMAN WALTHER & WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130-3588