UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *AMHOUSE et al. vs. Merck & Co., Inc.,* Docket No. | * | KNOWLES |

*AMHOUSE et al. vs. Merck & Co., Inc.,* Docket No. 2:06-cv-02216-EEF-DEK (Barbara J. Eagan only); *ANDO, et al. vs. Merck & Co., Inc.,* No. 2:06-cv-10629-EEK-DEK (J B. Ross and Ethyl I. Ross only); *Mary Bails, et al v. Merck & Co., Inc.,* Docket No. 2:05-cv-02319 (Tina Tibbs only); *Bill Black, et al vs. Merck & Co., Inc.,* Docket No. 2:05cv4452 (Brenetha Robinson, Emile Russell, Johnny Lamb, Jr., Betty Linder, Robert Brewer, Bethel Anzalone, Charlotte Hollis, Floyd Jones, Johnnie Kellum, Clenis Monette, and Rodney Teal only); *Annie Bradford, et al v. Merck & Co., Inc.,* Docket No. 2:05-cv-02328 (Dale Weaver and Brenda Wilson only); *Bridgette Bradley v. Merck & Co., Inc.,* No. 2:05cv4789-EEF-DEK; *Carl Burns v. Merck & Co., Inc.,* Docket No. 2:05-cv-03575; *Geraldine Carr v. Merck & Co., Inc.,* Docket No. 2:05-cv-04350; *Melvin Cormier, et al vs. Merck & Co., Inc.,* Docket No. 2:05cv4991 (Leo Brown, Earnestine Drake, Mahalia Fletcher, Antonio Small, and Patricia (Robin) Stelly only); *Timothy Cox, et al. v. Merck & Co., Inc.,* Docket No. 2:06cv10152 (Karen Giummo only); *Jeannette Y. Gaspard, Individually and As Representative of the Estate of Jewell M. Young v. Merck & Co., Inc.,* Docket No. 2:05-cv-4559; *Lois H. Johnson v. Merck & Co., Inc.,* Docket No. 05-3155; *Patricia Sanders v. Merck & Co., Inc.,* Docket No. 2:05-cv-06198; *Shirley Wade-Small-Battle, Individually and As Representative of the Estate of Robert Battle, Deceased v. Merck & Co., Inc.,* Docket No. 2:05-cv-04092; *Trotter, Herbert F. v. Merck & Co., Inc.,* Docket No. 05-3151 (Mary Lee Hill); *Azell Warner, Individually and As Representative of the Estate of Shirlee J. Crosby, Deceased, v. Merck & Co., Inc.,* Docket No. 2:05-cv-02309; *William Everett Allen, et al v. Merck, et al,* Docket No. 05-4421 (Patricia Williams only)

**********************************************************************

941234v.1

### DEFENDANT MERCK & CO., INC.'S CROSS-MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE

In response to the Motions to Withdraw as Counsel that have been filed in the above-referenced cases, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, cross-moves the Court for entry of an order requiring plaintiffs to show cause why their individual claims should not be dismissed with prejudice for failure to prosecute. Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claims of the plaintiffs referenced in Exhibit A[1] (hereinafter "Non-Responsive Plaintiffs"). Dismissal should be granted, as discussed below, because Non-Responsive Plaintiffs either cannot be found or have otherwise failed to participate in this litigation by communicating with their counsel.

### BACKGROUND

On May 6, 2008, this Court entered Pretrial Order 36 ("PTO 36") which set out certain rules and procedures relating to motions to withdraw from representation of a client. Section I of that PTO describes the procedures applicable to cases in which the plaintiff cannot be found or fails to respond to communications from counsel. This Order requires, *inter alia*, that at the time the motion to withdraw is filed counsel certify that they attempted to reach the plaintiff at his or her last known address via certified mail, and that they also placed an ad for three consecutive days in a newspaper serving the community in which plaintiff last resided for

---

[1] Pursuant to Pretrial Order 36 entered on May 6, 2008, plaintiffs' lawyers are required to supply this Court with a reason for their respective motions to withdraw. One of the possible reasons for withdrawal is that the plaintiff "cannot be found or fails to respond to communications." All of the cases listed on Exhibit A have a pending motion to withdraw premised on that reason.

941234v.1

the purpose of attempting to ascertain the whereabouts of the plaintiff.  *See* PTO 36, §I(B)(1)-(2). Counsel in each of the above-captioned cases has filed a motion to withdraw under this Section of PTO 36.

### **ARGUMENT**

Each of the Non-Responsive Plaintiffs filed claims against Merck for personal injuries alleged to have been caused by Vioxx.  However, based on the pending motions to withdraw as counsel, each of these plaintiffs has apparently abandoned their claims. Accordingly, they should be dismissed.  Courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and grounds for dismissal of that claim.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing plaintiffs' personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing claims of plaintiff because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting defendant's Rule 41(b) motion when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissing plaintiff's claim after plaintiff did not respond to court orders and a notice was returned to sender by United States Post Office) (Moore, Mag., J.).  *See also Link v. Wabash*

941234v.1

*R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

Here, despite diligent efforts, Non-Responsive Plaintiffs have failed to be located and/or have failed to respond to communications from their counsel.  As such, they have ceased participating in this litigation and their claims should be dismissed.  Accordingly, Merck requests that the Non-Responsive Plaintiffs be instructed to appear and show cause at the September MDL conference why their cases should not be dismissed with prejudice.  A proposed order is attached.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to prosecute.

Dated:  August 15, 2008

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

- 4 -

941234v.1

- 5 -

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029


Attorneys for Merck & Co., Inc.

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Cross-Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of August, 2008.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel