IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re VIOXX | : |
| | : MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : |
| | : SECTION L |
| | : |
| *This document relates to ALL CASES* | : JUDGE FALLON |
| | : MAG. JUDGE KNOWLE |

### EXPRESS SCRIPT, INC.'S REPLY IN OPPOSITION TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL EXPRESS SCRIPTS TO COMPLY WITH THE SUBPOENA REQUEST FOR PRESCRIPTION DRUG DOCUMENTS OR DATA

COMES NOW, non-party Express Scripts, Inc. ("ESI"), and in opposition to the Plaintiffs' Steering Committee's motion to compel Express Scripts to comply with the subpoena request for prescription drug documents or data, states as follows.

The PSC's motion to compel is improper and should be denied. As an initial matter, the motion fails to comply with LR37.1E governing Discovery Motions, which provides:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

Noticeably absent from the PSC's motion is a certificate of a good faith attempt to resolve any discovery issues relating to ESI's objections and response to the subpoena prior to

filing its motion on August 7, 2008.[1] The motion is void of any such language because, during the intervening three weeks between service of ESI's objections to the subpoena on July 14, 2008 and the PSC's filing of the instant motion, the PSC made no good faith attempt to contact ESI regarding its efforts and progress in locating prescription drug claims data for production. The PSC, had it complied with LR37.1E, would have quickly determined that its motion is premature. As outlined in the letter addressed to the Honorable Eldon Fallon this date (Exhibit 1 hereto), ESI has expended tremendous resources to provide the requested data. These efforts include, among other efforts:

- manually searching and retrieving data from retired databases;

- manually reviewing lists to identify individual VIOXX claimants among thousands of other individuals with similar names;

- developing programming to retrieve data electronically;

- cross-referencing information from documentation provided by the Claims Administrator to information contained in multiple databases to identify data relating to the VIOXX claimants;

- searching and re-searching for data relating to VIOXX claimants as additional information is provided by claimant's counsel;

- communicating with the PSC regarding the identities of VIOXX claimants for whom additional information is required or who have yet to provide authorizations to release information or have provided insufficient authorizations.

---

[1] The PSC mischaracterizes its filing as its "second motion to compel" ESI to produce claims data. ESI was served with the PSC's first and only subpoena for claims data on June 30, 2008. No prior motion has been served relating to *this* subpoena. In December, 2007, the PSC served ESI with a subpoena for a deposition, in response to which ESI offered a witness and available dates. ESI and the PSC concurrently engaged in discussions to reach an informal agreement regarding the production of claims data. After reaching an impasse, in February, 2008, the PSC filed a motion to compel ESI to respond to its original December, 2007 deposition subpoena. The PSC also mischaracterized that motion as a motion to compel ESI to respond to a subpoena for claims data, although no such subpoena had been served in this matter. That motion was ultimately dismissed as moot. (DKT No. 13423)

Within eight (8) business days of the PSC's filing of its motion, ESI produced prescription drug claims data for 199 VIOXX claimants on August 8; 298 VIOXX claimants on August 14; 239 VIOXX claimants on August 18, and; 62 VIOXX claimants on August 19. *See* Exhibit 1, with Exhibits A through C attached thereto. Barring any unforeseen difficulties, ESI expects to finalize this week the production of claims data located to date for VIOXX claimants that have provided authorizations to release.

ESI made the PSC aware of its efforts by letter dated August 8, 2008, in which Express Scripts requested that the PSC withdraw its premature motion. *See* Exhibit 1, Ex. A attached thereto. By letter dated August 12, 2008, the PSC flatly refused, citing only the pre-set status conference as its justification for proceeding with its faulty motion. *See* Exhibit 2.

Under LR37.1E, the Court has discretion to impose sanctions upon a party that refuses to confer in good faith regarding discovery issues. In this case, the PSC, in spite of evidence of ESI's efforts to respond, flatly refused to confer. ESI requests that the Court deny, or in the alternative, strike the PSC's motion for failure to comply with the tenor and spirit of Local Rule LR37.1E.

In addition, the instant motion also was filed out of time without leave of Court, in violation of LR7.2E, Setting Motions for Hearing, which provides that: "Unless otherwise ordered by a judge in a particular case, motions must be filed not later than the fifteenth day preceding the notice hearing date and at least fifteen days actual notice of hearing must be given to opposing counsel whether notice is served by mail or delivery under *FRCvP 5(b)*." In this case, the PSC filed its motion on August 7, and subsequently noticed the hearing for August 20, 2008, *without leave of Court*. As a result, ESI has been denied adequate time to respond, as contemplated under the Local Rules.

3

Wherefore, for the foregoing reasons, ESI requests that the Court deny Plaintiffs' motion to compel, or in the alternative, strike the motion for failure to comply with the Local Rules of Court. If the Court is inclined to rule otherwise on the motion, ESI asks that it be given leave to supplement this brief on or before August 29, 2008, at which time any remaining issues, if any, with respect to Plaintiffs' motion will be ripe for consideration by the Court.

Dated: August 19, 2008

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By: _____
Jeanine R. Bermel
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 – telephone
314-480-1505 – facsimile

### Certificate of Service

The undersigned hereby certifies that the foregoing (with exhibits) was served with the Clerk of Court of the Unites States District Court for the Eastern District of Louisiana on August 19, 2008 by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657. In addition, copies of the foregoing (with exhibits) were forwarded by e-mail to the following:

Leonard Davis
ldavis@hermanmathis.com

Michael Weinkowitz
MWeinkowitz@lfsblaw.com

Douglas Marvin
DMarvin@wc.com

Orran Brown
OBrown@browngreer.com

4