**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Jeanine R. Bermel
DIRECT 314.480.1903 · FAX 314.480.1505 · jeanine.bermel@huschblackwell.com
190 CARONDELET PLAZA, SUITE 600, ST. LOUIS, MO 63105
www.huschblackwell.com

August 18, 2008

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Honorable Eldon E. Fallon
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA 70130

RE:    In re VIOXX® Products Liability Litig., MDL No. 1657

Your Honor:

In advance of the status conference scheduled for August 20, 2008, the purpose of this letter is to summarize Express Scripts' efforts to respond to the subpoena in which the Plaintiffs' Steering Committee requested data relating to prescription drugs dispensed to individuals who seek to participate in the settlement in the above matter (VIOXX claimants):[1]

➢ Express Scripts has expended considerable time and resources to locate prescription drug claims data for the more than 800 VIOXX claimants listed in the subpoena, in addition to more than 50 VIOXX claimants who submitted requests directly to Express Scripts;[2]

➢ Express Scripts' efforts to locate data includes a search of prescription drug claims for members of the prescription drug plan sponsored by the Department of Defense, even though the PSC initially agreed that this database would not be included within the scope of Express Scripts' search for PBM prescription drug claims data. Express Scripts produced claims data

---

[1] The PSC served its first subpoena for claims data in the VIOXX MDL in June 2008. Previously, the PSC served a subpoena in December, 2007 for a deposition of Express Scripts, in response to which Express Scripts offered a witness and available dates. In lieu of that deposition, the PSC reached an agreement with Express Scripts regarding the scope of data to be produced, the sources from which Express Scripts would produce that data, the time frame from which it would be produced, the format of the data for production and the amount that the PSC would pay to Express Scripts for this effort, all of which are outlined in correspondence previously provided to the Court.
[2] Where a request was submitted directly to Express Scripts, the resulting data will be provided to the PSC with the name of the requesting counsel for follow up, assuming that an authorization to release the data also was provided.

**EXHIBIT**
**1**



for 199 VIOXX claimants, including DoD participants, on August 8, 2008 (*see* Letter of August 8, 2008 attached hereto as Ex. A);

➤ Express Scripts also has continued to search for PBM prescription drug claims data in its centralized and NPA database using additional information provided by counsel for the VIOXX claimants, or gleaned from authorizations to release provided by the Claims Administrator. This data was produced on August 8, 2008 and again today, August 19, 2008;

➤ Express Scripts' efforts to locate data also include a search of multiple current and retired databases for each individual home delivery site (both existing and former) operated by Express Scripts Mail Pharmacy Services, Inc. or Specialty Distribution Services. Again, Express Scripts' initial agreement with the PSC regarding the scope of production did not encompass these databases;

➤ Express Scripts developed special programming to identify potential VIOXX claimants in each of the multiple individual home delivery databases, both retired and existing. Once an individual with a similar name was identified, the information was examined manually to locate and identify the correct VIOXX claimant based on information provided by the PSC (or directly by the claimant) to date;

➤ Express Scripts further developed programming to extract data for VIOXX claimants identified in the individual existing home delivery databases ("VAX"). This data was produced for 298 claimants representing A through L on August 14 (*see* Exhibit B) and an additional 239 claimants representing M through Z on August 18, 2008 (*see* Exhibit C);

➤ Once a potential claimant with a similar name was located in the multiple retired home delivery databases ("ComCoTek"), this information also was examined manually to locate and identify the correct VIOXX claimant based on information provided by the PSC (or directly by the claimant) to date. Thereafter, several analysts worked after hours and through the weekend to retrieve these records manually. Print screen shots of the prescription drug claims history for the VIOXX claimants located in ComCoTek will be produced this week;[3]

---

[3] The retired database for the St. Louis home delivery site contains a fairly large amount of data for particular VIOXX claimants. For example, the database contains records of nearly 100 scripts for a single individual. Because of this volume – and the anticipated time to print each and every screen shot – Express Scripts is attempting to develop programming to extract the electronic data from this particular database in a format similar to the data previously produced. Barring any unforeseen difficulties, Express Scripts anticipates producing this data later this week.

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

> Express Scripts also provided to the PSC and the Claims Administrator on August 8, 2008 a list of VIOXX claimants for which ESI has yet to receive any authorization to release information, or for which the documentation received to date is inadequate under Pretrial Order No. 35 (*e.g.*, authorization signed by individual other than claimant with no documentation to show authorization to sign); and,

> Express Scripts intends to conclude its production of claims data this week, including production of data for VIOXX claimants who submitted requests directly to Express Scripts as of Friday, August 8, 2008. Once concluded, Express Scripts will provide final lists of VIOXX claimants for whom Express Scripts is unable to locate claims data or for which additional information is required in order to determine whether data for the correct claimant was located. For example, assuming Express Scripts was provided with the name "Smith, Mary", additional information such as social security number, date of birth, employer, insurer, etc. are necessary to locate the pertinent data among all the persons with the name of "Mary Smith" and "M. Smith".

The only remaining issue before the Court relates to the question of what constitutes "sufficient documentation" of authority to sign a release of information on behalf of a claimant who is deceased or incompetent. The authorization to release form, as approved by the Court under Pretrial Order No. 35, requires "sufficient documentation" of authorization to sign (*i.e.*, power of attorney) if executed by an individual other than the claimant. In instances where a deceased claimant died intestate and there are no temporary letters of administration or other orders appointing one to act temporarily on behalf of the estate, the Claims Administrator has advocated that Express Scripts accept a Claims Administration Procedure 2008-1 or "CAP 2008-1" form. *See* Exhibit D, Correspondence from Orran Brown, dated August 7, 2008. This form provides that a surviving spouse or other successor-in-interest may proceed with the claim on behalf of a deceased claimant that died intestate. Express Scripts, however, has no way of determining which claimants are deceased and which died intestate, and certainly has no means of determining the identity of any such claimant's spouse or successor-in-interest. Accordingly, Express Scripts has no means of verifying whether a CAP 2008-1 form constitutes "sufficient documentation" of authority to sign the release on behalf of a claimant, as contemplated by the Court when approving the release form under Pretrial Order No. 35. Although the Claims Administrator previously recognized this dilemma in prior discussions and indicated that additional documentation would be required, no guidance has been forthcoming. *See* Exhibit E, July 22, 2008 Correspondence to Lynn Greer.

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Express Scripts has no interest in delaying the production of data, and requests that the Court provide instruction as to the forms of acceptable "sufficient documentation" as contemplated under the Court-approved release form. We look forward to resolving this issue in the August 20th telephonic conference before the Court.

Sincerely,

Jeanine R. Bermel

Attachments

cc:    Leonard Davis, via e-mail
       Michael Weinkowitz, via e-mail
       Douglas Marvin, via e-mail
       Orran Brown, via e-mail

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Jeanine R. Bermel
DIRECT 314.480.1903 · FAX 314.480.1505 · jeanine.bermel@huschblackwell.com
190 CARONDELET PLAZA, SUITE 600, ST. LOUIS, MO 63105
www.huschblackwell.com

August 8, 2008

VIA FEDERAL EXPRESS
OVERNIGHT DELIVERY

Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Michael W. Weinkowitz, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia , Pennsylvania 19106-3697

Re:     In re VIOXX® Products Liability Litig., MDL No. 1657

Dear Mr. Davis and Mr. Weinkowitz:

Enclosed are the following items:

1.     An unexecuted[1] certification in the form previously provided to Mr. Marvin and the PSC, with an attached listing of 199 claimants for whom PBM prescription drug claims data is being provided as of August 8, 2008 and the field definitions for that PBM prescription drug claims data.

2.     A CD containing the electronic PBM prescription drug claims data files for claimants for whom ESI has received sufficient authorizations to release this data in the form approved by the Court under Pretrial Order No. 35. The data on the enclosed CD is extracted from the EDW/ODS databases, and includes data for participants in the DOD prescription drug plan. Also contained on that CD are electronic copies of the field definitions and the listing of claimants referred to in paragraph 1 above.

3.     An invoice for the costs of producing the CDs and the shipping charges.

4.     An electronic Master Status Report for the PSC. This report contains the current status of ESI's efforts to locate and produce data out of the EDW/ODS system (including the DOD table), and may be filtered by Status, Firm Name, etc.

---

[1] Lisa Howard was not able to return the executed certification to us today. Rather than hold up sending this additional data, we will supplement the production with the executed certification on Monday.

EXHIBIT
4

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

August 8, 2008
Page: 2

In the next week, we anticipate producing additional data from the NPA database, and data derived from five separate databases currently maintained for ESI's mail pharmacy facilities. Once we confirm we have the requisite authorizations to release the data, we will forward it to you as we have done in the past.

Since ESI's last production of data and service of the PSC's 6/30/2008 subpoena, ESI has diligently continued to search for data responsive to the subpoena in all of the above systems. The production today provides additional data located for 199 claimants for whom proper authorizations have been received. As you are aware, it was not until August 1, 2008 that the Claims Administrator forwarded the authorizations which allowed much of the enclosed data to be produced.

We still have not received any or sufficient authorizations for 60 claimants for whom data has been located (filter on "Have Data but MA Problem" in the Status column to identify those claimants). As you can see by a review of the "Authorization Status" column, additional authorizations are still missing or insufficient, which means that to the extent any additional data is located, it cannot yet be produced. We have exchanged e-mails yesterday and today regarding the proposed CAP; this is another outstanding issue involving the medical authorizations which needs to be resolved.

Finally, there are 41 claimants for whom we do not have sufficient information to verify a match on potentially responsive data. In addition, there are another 44 claimants for whom we were able to extract dates of birth, social security numbers and corrected claimant names or spelling from the recent authorizations received from the claims administrator and/or additional information forwarded by Beasley Allen on 7/18 (as well as a little additional information received in July from other plaintiffs' counsel) for whom we are undertaking another search. However, with respect to both groups of claimants (totaling 85) we will need the claimants' address(es) during the period of 1/1/1999 through 12/31/2004 to determine that we have located the data for the particular claimant at issue. Please provide the address information (and any missing Member ID information) at your earliest possible convenience.

Although we have not had an opportunity to thoroughly review the Motion to Compel that was filed and served yesterday, please note with respect to the four "example" claimants discussed in your memorandum:

- Claimant A is                    - we originally produced data from the EDW/ODS system on May 15, 2008 covering the period of January-May, 2002, which data contained approximately 10 prescription drug claims. No Vioxx was in the data produced. By letter of July 18, Beasley Allen provided additional information providing dates that Vioxx was prescribed on 7 occasions during the period from

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

August 8, 2008
Page: 3

1/2003-9/2004.  With the help of this information, we located data for Mr. in four of the VAX databases.  We are currently reviewing this data to confirm that it contains the Vioxx prescriptions reflected in the materials sent with Beasley Allen's July 18 letter.  As indicated above, I anticipate receiving all of the data from the VAX databases within the next week and we will promptly produce the data for those claimants for whom we have proper medical authorizations and sufficient information to verify the patient name match.

- Claimant B is `                       .  We produced data from EDW/ODS on May 15, 2008 showing two prescriptions for Vioxx in 2001.  The same letter from Beasley Allen of July 18 also provided additional information showing another 8 instances of Vioxx filled between 12/2002 thru 9/2004.  Those 8 fills have been found in the VAX data and will promptly be produced in the upcoming week.

- Claimant C is `                  (based on matching the Member ID shown on Ex. H).  Ex. H to plaintiff's motion is an ESI statement showing Vioxx fills on 5 occasions between 8/2000 and 10/2001.  We previously produced data from the NPA database relating to ?               on 6/25 (about 15 claims from 5/1999 to 7/2000, but containing no Vioxx).  We also located data relating to               on one of the VAX databases, although we have not yet confirmed that data relates to prescription drugs dispensed during the relevant time period.  We are in the process of reviewing this data.  Also note that the PSC's memorandum in support of its motion indicates the ESI statement (Ex. H) shows a 7/6/2003 Vioxx fill, however the statement attached to the materials we received doesn't appear to show that fill (in fact there is no 2003 fills shown on the copy attached to our copy of the memorandum in support).  Please forward the documentation referenced in your motion relating to a July 6, 2003 prescription for Vioxx.

- Claimant D is               (based on matching the Member ID on Ex. I).  On May 15, 2008, we produced claims data for ?               showing one prescription for Vioxx on 2/20/2004.  The PSC's memorandum in support of its motion says Ex. I shows "ESI filled multiple Vioxx prescriptions in 2002 and 2003".  We only see one Vioxx prescription filled on 7/6/2003 on the ESI statement attached as Ex. I, for which we are producing data in the enclosed CD.  Please forward the documentation that purportedly shows "multiple Vioxx prescriptions" as referenced in your motion.

We are in receipt of the notice of hearing set for August 20 that you filed today.  We believe the motion and notice are premature for a number of reasons: 1) you have not contacted us since serving the subpoena to inquire about our progress to locate the data, 2) we received authorization information only as recently as August 1 for many of the

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

August 8, 2008
Page: 4

new claimants, and have yet to receive the requisite authorizations for many more; and 3) the motion/notice are untimely under the Local Rules, which mandates filing not later than the 15th calendar day prior to the hearing. After you have had an opportunity to review this letter and the accompanying information, we suggest that we talk to determine whether it is necessary to move forward with the motion to compel and the hearing noticed for August 20.

Very truly yours,

Jeanine R. Bermel

Enc.

cc:    Thomas M. Dee, Esq.

**HUSCH
BLACKWELL
SANDERS**
LLP

Jeanine R. Bermel
DIRECT 314.480.1903 · FAX 314.480.1505 · jeanine.bermel@huschblackwell.com
290 CARONDELET PLAZA, SUITE 600, ST. LOUIS, MO 63105
www.huschblackwell.com

August 14, 2008

**VIA FEDERAL EXPRESS
OVERNIGHT DELIVERY**

Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Michael W. Weinkowitz, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia , Pennsylvania 19106-3697

Re:   In re VIOXX® Products Liability Litig., MDL No. 1657

Dear Mr. Davis and Mr. Weinkowitz:

Enclosed are the following items:

1.   A listing of 267 claimants (covering A through L) for whom we are providing prescription drug data from the mail pharmacy databases as of August 14, 2008, and the field definitions for that data.   We will provide the certification in a subsequent correspondence.

2.   A CD containing the aforementioned data for the 267 claimants listed for whom we have received sufficient authorizations to release this data in the form approved by the Court under Pretrial Order No. 35.   Also contained on that CD are electronic copies of the field definitions and the listing of claimants referred to in paragraph 1 above.

3.   An invoice for the costs of producing the CDs and the shipping charges.

In the upcoming week, we anticipate producing additional data from the NPA database, and data from the mail pharmacy databases for the remaining claimants (M through Z) for whom we have the requisite authorizations to release. On August 8, 2008, we provided you with a list of claimants for whom we have not received authorizations to

EXHIBIT

B

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

August 14, 2008
Page: 2

release or the releases are incomplete.  That list continues to be accurate, since we have not since received additional materials from the Claims Administrator.

Very truly yours,

Jeanine R. Bermel

Enc.

cc:   Thomas M. Dee, Esq.

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

Jeanine R. Bermel
DIRECT 314.480.1903 · FAX 314.480.1505 · jeanine.bermel@huschblackwell.com
190 CARONDELET PLAZA, SUITE 600, ST. LOUIS, MO 63105
www.huschblackwell.com

August 18, 2008

**VIA FEDERAL EXPRESS**
**OVERNIGHT DELIVERY**

Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Michael W. Weinkowitz, Esq.
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia , Pennsylvania 19106-3697

Re:     In re VIOXX® Products Liability Litig., MDL No. 1657

Dear Mr. Davis and Mr. Weinkowitz:

Enclosed are the following items:

1.      A listing of 239 claimants (covering M through Z, plus two from the A through L group) for whom we are providing prescription drug data from the current mail pharmacy databases as of August 18, 2008, and the field definitions for that data. We will provide the certification in a subsequent correspondence.

2.      A CD containing the aforementioned data for the 239 claimants listed for whom we have received sufficient authorizations to release this data in the form approved by the Court under Pretrial Order No. 35. Also contained on that CD are electronic copies of the field definitions and the listing of claimants referred to in paragraph 1 above.

3.      An invoice for the costs of producing the CDs and the shipping charges.

We anticipate producing additional PBM prescription drug claims data from the centralized databases and prescription drug data from the current databases from the multiple mail pharmacies this week. We will also produce screen shots from the retired mail pharmacy databases relating to prescription drugs dispensed through Express Scripts Mail Pharmacy Services, Inc. We also intend to provide you with an updated list of

**EXHIBIT**
C

**HUSCH**
**BLACKWELL**
**SANDERS**
LLP

August 18, 2008
Page: 2

claimants for whom we have not received authorizations to release or the releases are incomplete, and a separate list of the few claimants for whom we still need additional information to identify the correct person.

Very truly yours,

Jeanine R. Bermel

Enc.

cc:   Thomas M. Dee, Esq.

Vioxx-Authorization to Release Information

Page 1 of 2

## Bermel, Jeanine

| | |
|---|---|
| **From:** | Orran L. Brown [OBrown@browngreer.com] |
| **Sent:** | Thursday, August 07, 2008 11:09 AM |
| **To:** | Bermel, Jeanine |
| **Cc:** | Ben.Locklar@BeasleyAllen.com; McCarthy, Monica; GZuckerman@weitzlux.com; Lynn Greer |
| **Subject:** | Vioxx-Authorization to Release Information |
| **Attachments:** | BROWNGREER-#344555-v1-Vioxx_Signed_CAP_2008-1.PDF |

Jeanine:

I work with Lynn Greer on the Vioxx Settlement and have been particularly involved in the procedures for Deceased Claimants. You have been correctly informed that the Parties to the Vioxx Settlement Agreement fashioned a procedure to allow claims to continue to move in the Claims process without final proof of Representative Claimant capacity for a person acting for a Deceased Claimant. This arrangement is embodied in the Claims Administration Procedure 2008-1 or "CAP 2008-1," a copy of which is attached.

If a Claimant has submitted a copy of an order or other official document appointing a representative, then they do not need to use the CAP. But if they do not yet have that order or letters of administration, the CAP allows Claimants or their counsel to complete a Form V2031 (attached to the CAP) to provide information on Surviving Spouse or the Appointed Representative of a Claimant who died testate, or the Surviving Spouse or Designated Representative of a Claimant who died intestate. The Spouse or representative named in the Form is allowed to sign a Release or the Medical Authorization Form for now, to allow the Claim to be evaluated in the Claims process. If the Claimant is then found entitled to payment, no payment can be made on the claim until the Claimant furnishes the order or other official document appointing the spouse or other person as the representative to act for the Deceased Claimant. This allows Claimants to gather their medical records and submit their Claims while they are obtaining the court order, rather than holding the claim in a stalled position until that order is obtained.

So the issues for ESI would be:

   (1) Whether you rely upon the CAP 2008-1 procedure as sufficient support for a signature on a Medical Authorization Form to produce the records. We urge you to do so, because it is designed to expedite the gathering if these records and thus the claims process. Merck and the PSC have agreed that these signatures should be honored.

   (2) If you will rely upon the CAP 2008-1 procedure, how you can confirm that the person authorized by the CAP has signed the MA Form. We have a process here for tracking who is "CAP 2008-1 Compliant" and can verify that as to any particular Claimant or MA as to whom/which you have a question.

Please call me if you would like to walk through this together. Thank you.

<<BROWNGREER-#344555-v1-Vioxx_Signed_CAP_2008-1.PDF>>



EXHIBIT
D

8/18/2008

CAP 2008-1

| VIOXX SETTLEMENT PROGRAM | | | |
| CLAIMS ADMINISTRATION PROCEDURES | | | |
| Procedure Number: | 2008-1 | Effective Date: | May 14, 2008 |
| Subject: | Required Representative Capacity Documentation: Vioxx User Claimant | | |

1.　　*Purpose of this Procedure.*  This Procedure defines the documentation required with respect to Enrollment and processing of a claim relating to a deceased Vioxx User Claimant.  Any capitalized terms used in this Procedure and not expressly defined in this Procedure shall have the meanings given to them in the Settlement Agreement.  References to Sections are to sections of this Procedure, unless otherwise stated.

2.　　*Testate Vioxx User Claimants.*  If the Vioxx User Claimant had a valid will at the time of death:

(a)　　If the will has been the subject of probate or other proceedings leading to the appointment of a Personal Representative, Administrator, Executor, or other representative of the estate of the Vioxx User Claimant (the "Appointed Representative"), the Appointed Representative shall be authorized to pursue the Claim and shall submit to the Claims Administrator a complete copy of the order or other document effectuating such appointment.  No other documentation shall be required on the issue of Representative Claimant capacity for the claim to proceed through the Settlement Program until the Payment stage.

(b)　　If no Appointed Representative has yet been appointed at the time of enrollment:

(1)　　Primary Counsel or an unrepresented person pursuing the claim shall submit to the Claims Administrator a completed *Personal Representative: Vioxx User Claimant Form (V2031)* and shall, pursuant to the Instructions in such Form submit to the Claims Administrator a copy of the will of the Vioxx User Claimant.

(2)　　Upon compliance with Section 2(b)(1), the person designated in the will as the representative of the estate of the Vioxx User Claimant (as determined from the will or as verified in the V2031 (the "Designated Representative") shall be required to execute the Release of All Claims and the Medical Records Authorization Form on the Claim before the Claims Administrator issues any notice ("Gates Notice") to the Claimant arising from the process for determining the Eligibility for Claims Evaluation under Article 2 of the Settlement Agreement ("Gates Review").  In addition, if the Vioxx User Claimant was married at the time of death and was survived by a spouse (the "Surviving Spouse") and someone other than the Surviving Spouse is the Designated Representative, the Surviving Spouse, if living, also shall be required to sign the Release of All Claims and the Medical Records Authorization

Form on the Claim before the Claim may proceed through Gates Notice and the remainder of Gates Review after Gates Notice.

3.   *Intestate Vioxx User Claimant.*  If the Vioxx User Claimant had no valid will at the time of death:

(a)   If the estate of the Vioxx User Claimant has been the subject of any intestate succession proceedings that have led to the issuance by a tribunal or official with jurisdiction of letters of administration, an order, or other document appointing a person to act as the Appointed Representative of the estate, the Appointed Representative shall be authorized to pursue the Claim and shall submit to the Claims Administrator a complete copy of the order or other document effectuating such appointment. No other documentation shall be required on the issue of Representative Claimant capacity for the Claim to proceed through the Settlement Program until the Payment stage.

(b)   If the estate of the Vioxx User Claimant has no Appointed Representative under Section 3(a):

(1)   Primary Counsel or an unrepresented person pursuing the claim shall submit to the Claims Administrator a completed Form V2031 and:

(2)   If the Vioxx User Claimant was survived by a Surviving Spouse, upon compliance with Section 3(b)(1), the Surviving Spouse shall be required to execute the Release of All Claims and the Medical Records Authorization Form before the Claim may proceed through Gates Notice and the remainder of Gates Review after Gates Notice.

(3)   If the Vioxx User Claimant was not survived by a Surviving Spouse or the Surviving Spouse is deceased, upon compliance with Section 3(b)(1), the person(s) identified in the Form V2031 as the successor in interest to the estate of the Vioxx User Claimant shall be required to execute the Release of All Claims and the Medical Records Authorization Form on the before the Claim may proceed through Gates Notice and the remainder of Gates Review after Gates Notice.

4.   *Points Assessment and Notice of Points Award for Claims with No Appointed Representative.*  For any Claim that has proceeded through Gates Review under Section 2(b) or Section 3(b):

(a)   If the Claimant is found by the Claims Administrator or the Gates Committee to be a Qualifying Program Claimant, the Claims Administrator shall assess the Claim under the Points Award Criteria under Section 3.2 of the Settlement Agreement ("Points Assessment"), but shall not issue a Notice of Points Award under Section 3.2.3 of the Settlement Agreement on the Claim until the Claimant has submitted to the Claims Administrator the documentation required by Section

2(a) or Section 3(a) to establish an Appointed Representative on the Claim.  No money shall be disbursed on any claim involving a deceased Claimant until and unless an Appointed Representative has been duly installed.

(b)   If the Claimant is found by the Claims Administrator and the Gates Committee not to be a Qualifying Program Claimant and the Claim is not a Threshold Exceeding Gate Push;

(1)   If the Claimant does not timely appeal the Gates Determination to the Special Master under Section 2.6.2 of the Settlement Agreement and determines to execute a Future Evidence Stipulation under Section 2.7.3 of the Settlement Agreement, the Claimant shall be required to submit to the Claims Administrator the documentation required by Section 2(a) or Section 3(a) to establish an Appointed Representative on the Claim and such Future Evidence Stipulation must be executed by the Appointed Representative on the Claim before Section 2.7.3.1 of the Settlement Agreement (return of the Release of All Claims and Dismissal With Prejudice Stipulation) shall apply.

(2)   If the Claimant does not timely appeal the Gates Determination to the Special Master under Section 2.6.2 of the Settlement Agreement and does not timely execute and deliver to the Claims Administrator a Future Evidence Stipulation pursuant to Section 4(b)(1), the Claims Administrator shall follow Section 2.7.3.2 of the Settlement Agreement (delivery to Merck of the Release of All Claims and Dismissal With Prejudice Stipulation).

(3)   If the Claimant does timely appeal the Gates Determination to the Special Master under Section 2.6.2 of the Settlement Agreement, the appeal may proceed through decision by the Special Master and:

(i)   If the Special Master determines that the Claimant meets the Eligibility Requirements and shall be deemed a Qualifying Program Claimant, the Claim shall proceed pursuant to Section 4(a).

(ii)   If the Special Master determines that the Claimant does not meet the Eligibility Requirements and shall not be deemed a Qualifying Program Claimant, Section 2.7.2 of the Settlement Agreement (termination of Claim and delivery to Merck of the Release of All Claims and Dismissal With Prejudice Stipulation) shall apply.

APPROVED:

By: _Douglas R. Wha___   Date: _May 20, 2008_
        Counsel for Merck

Name: _Douglas R. Wha___


By: _____   Date: _____
        NPC Representative

Name: _____


By: _____   Date: _May 22, 2008_
        Claims Administrator

Name: _Orran L. Brown_

DM343089
5/20/08                                    4

**APPROVED:**

By: _____     Date: _____
      Counsel for Merck

Name: _____


By: _____     Date: *May 20, 2008*
      NPC Representative

Name: *Andy Birchfield*


By: _____     Date: _____
      Claims Administrator

Name: Orran L. Brown

DM343089
5/20/08

4

## REPRESENTATIVE CLAIMANT OF VIOXX USER

### A.  VIOXX USER CLAIMANT

| Name | First | | MI | Last | |
|---|---|---|---|---|---|
| SSN | | | VCN | | |

| Date of Birth | / / (month) (day) (year) | Date of Death | / / (month) (day) (year) | Was death caused by Vioxx use? ☐ Yes  ☐ No |
|---|---|---|---|---|

**Spouse of the Vioxx User Claimant**

Was the Vioxx User Claimant survived by a spouse at the time of death? ☐ Yes ☐ No
If Yes, provide the following information on the surviving spouse:

| Name | First | | MI | Last |
|---|---|---|---|---|
| SSN | | | Is the Spouse now deceased? ☐ Yes ☐ No | |

**State or Territory of Domicile of Vioxx User Claimant at Time of Death**

### B.  TESTATE VIOXX USER CLAIMANT

☐ The Vioxx User Claimant had a valid will at the time of death.  **NOTE:** If the Claimant had no valid Will, complete Section C of this Form.

☐ A copy of the Will is submitted with this Form.  **NOTE:** All Claimants must fill out the remainder of Section B of this Form. If the person named in the will as the Personal Representative, Administrator, or Executor is not serving, then provide this information on the person serving.

| Name of Personal Representative, Administrator, or Executor | First Name | | MI | Last Name |
|---|---|---|---|---|
| Address | Street/P.O. Box | | | |
| | City | | State | Zip |
| Relationship to Vioxx User Claimant | ☐ Spouse  ☐ Parent ☐ Child ☐ Other _____ (specify) ☐ Attorney | | | |
| Status of the Will | ☐ This Will was submitted for probate proceedings.  **NOTE:** If a Personal Representative, Administrator, or Executor has been appointed, submit a copy of such appointment document along with this Form. | | | |
| | ☐ This will has not been submitted for probate proceedings. | | | |

## C.  INTESTATE VIOXX USER CLAIMANT

| ☐ | The Vioxx User Claimant had no valid will at the time of death. |
|---|---|

| **Personal Representative** | ☐ A Personal Representative has been appointed for the estate of the Vioxx User Claimant.  **NOTE:** If a Personal Representative has been appointed, submit a copy of such appointment document along with this Form. |
| | ☐ No Personal Representative has been appointed for the estate of the Vioxx User Claimant and no estate proceedings have been filed. |
| **Intestate Succession** | Identify the state of territory whose laws of Intestate Succession apply to the Estate of the Vioxx User Claimant: |

If there was no surviving spouse at the time of the Vioxx User Claimant's death, or if under applicable law the surviving spouse is not the first to succeed to the estate, identify the person(s) who are the next to succeed. (Attach additional sheets if necessary):

| | First | MI | Last |
|---|---|---|---|
| **Name** | | | |
| **SSN** | | **Date of Birth** | ___/___/___ <br> (month) (day) (year) |
| **Relationship to Vioxx User Claimant** | ☐ Spouse ☐ Parent ☐ Child ☐ Sibling ☐ Other _____ (specify) | | |

## D.  CERTIFICATION

| ☐ | I am counsel for the Vioxx User Claimant.  I hereby certify, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the information in this Form is true and accurate. |
|---|---|
| ☐ | The Vioxx User Claimant is not represented by counsel.  I am authorized to complete this form on behalf of the Vioxx User Claimant and certify, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the information in this Form is true and accurate. |

| **Signature** | | **Date** | ___/___/___ <br> (month) (day) (year) |
|---|---|---|---|
| **Name** | First | MI | Last |
| **Address** | Street/P.O. Box | | |
| | City | State | Zip |

## Bermel, Jeanine

| | |
|---|---|
| **From:** | Bermel, Jeanine |
| **Sent:** | Tuesday, July 22, 2008 11:35 AM |
| **To:** | Lynn Greer |
| **Cc:** | 'Benjamin L. Locklar'; McCarthy, Monica; 'GZuckerman@weitzlux.com' |
| **Subject:** | VIOXX - authorization to release information |

Ms. Greer: As you know, the Court approved the form and substance of the authorization to release information [Pretrial Order No. 35]. That form states that there must be documentation of authority to sign if executed by someone other than the claimant. In some cases, we received a Power of Attorney or a will or trust appointing a spouse as an administrator. In many cases, we received no additional documentation at all.

I was told by at least one attorney that an exception has been made to allow spouses to sign when a claimant died intestate. You and I spoke about this by telephone later that same day, and I asked how I would know if this is the case. You indicated that the Court needed to provide additional guidance, and that some other further documentation would be required.

Since our discussion, I have been asked again what documentation will suffice. In light of Pretrial Order No. 35 and the express language of the release form that requires documentation to show authority to sign, I am looking to you, the PSC and the Court for further direction on this matter. Please advise when this issue is resolved so that we can move forward.

Thank you.

**HUSCH**
**BLACKWELL**
**SANDERS** LLP

**Jeanine R. Bermel**
**Partner**
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1903
Fax: 314.480.1505
E-Mail: Jeanine.bermel@huschblackwell.com
Website: www.huschblackwell.com





# HERMAN, HERMAN, KATZ & COTLAR

### L.L.P.
### Attorneys at Law

820 O'KEEFE AVENUE, NEW ORLEANS, LOUISIANA 70113-1116
TELEPHONE: (504) 581-4892    FACSIMILE: (504) 561-6024
HTTP://WWW.HHKC.COM

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson

Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP (formerly Herman,
Mathis, Casey, Kitchens & Gerel, LLP)

August 12, 2008

**VIA E-MAIL AND U.S. MAIL**

Jeanine Bermel, Esq.
jeanine.bermel@husch.com
Husch Blackwell Sanders, LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441

Re: *In re: Vioxx Products Liability Litigation*
MDL 1657

Dear Jeanine:

Yesterday, on August 11, 2008, I received your letter dated August 8, 2008. We are reviewing the correspondence. However, with respect to your last paragraph, please be advised that Judge Fallon sets all motions at his regularly scheduled monthly status conference. It is our intention to proceed with the Motion to Compel against ESI at the status conference on August 20, 2008. Should ESI have a further response to the subpoena or should they desire to provide complete data in response to the subpoena prior to the hearing date, we can address further the necessity for proceeding with a hearing. You should also be advised that Brown Greer has forwarded a number of authorizations and will continue to provide authorizations as they have done so in the past.

Sincerely,

LEONARD A. DAVIS

LAD:lmf
cc:    Russ M. Herman, Esq.
       Philip A. Wittmann, Esq.
       Douglas Marvin, Esq.
       Arnold Levin, Esq.
       Michael Weinkowitz, Esq.
       Fred Longer, Esq.
       Stephen J. Herman, Esq.
       Leigh O'Dell, Esq.
       Brown Greer
       Plaintiffs' Steering Committee
       Plaintiff's Negotiating Committee

W:\25000-29999\27115\000\CORR\LTR Bermel, Jeanine re MTC 2008-8-12.wpd

EXHIBIT
2