LEVY PHILLIPS & KONIGSBERG, LLP
ATTORNEYS AT LAW
800 THIRD AVENUE
NEW YORK, N. Y. 10022

(212) 605-6200
FAX: (212) 605-6290
E-MAIL: sphillips@lpklaw.com

STEVEN J. PHILLIPS
(212) 605-6220

August 22, 2008

**Via Electronic Filing**

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, Louisiana 70130

Re: *1199 SEIU Greater New York Benefit Fund v. BrownGreer, LLC, et al.*
Case No. 08-3627

Dear Judge Fallon:

We write on behalf of Plaintiffs in the above-referenced case for the purpose of seeking clarification with respect to certain rulings and pending matters.

First, with respect to our application for a Preliminary Injunction, your Honor will recall, and the transcript of proceedings will reflect that we did apply for a stay of any adverse ruling [*See* Transcript of July 24, 2008, at p.99]. However, although it seems clear that you intended to deny this application, your opinion of August 7, 2008, at p. 41, only indicates that the AvMed Plaintiffs had made such application, which you denied. Accordingly, we respectfully submit a proposed Order [**Exhibit A**] which simply reflects that you have denied our stay application. Of course, if we are mistaken, which is possible, since our proposed relief and therefore the stay we seek is dramatically different from that of the AvMed plaintiffs, we would welcome the opportunity to be heard further on this request.

Next, there is the matter of the status of the entire action. Your Honor will recall that the law firm defendants (but not BrownGreer), on June 26, moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the entire initial Complaint for failure to state a claim. In addition, and separately, both the law firm defendants and BrownGreer moved to strike the class allegations in that initial complaint. Subsequently, on July 9, Plaintiffs filed an Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a).

Under Rule 15(a)(3), both the law firm defendants and BrownGreer were required to plead or otherwise respond to our Amended Complaint within ten (10) days of service. That time expired several weeks ago, but we are unaware of any motion to dismiss or any other response to that now operative complaint filed by any of the defendants.

{00126107.DOC}

In view of this procedural posture, we were quite surprised to hear the suggestion at this week's status conference that at least some of the defendants apparently believe that this Court has dismissed our Amended Complaint. In this regard, we would note that your Honor never set any motion to dismiss for argument. Indeed, to the contrary, we believe that Your Honor specifically indicated both in writing [**Exhibit B**], and at the July 24 hearing, that the issues to be decided would be the preliminary injunction motions, the motion to strike class allegations, and the motion to sever the AvMed complaint. [*See* Transcript of July 24, 2008, pp. 3-4] Accordingly, at no time during the argument was a motion to dismiss our Amended Complaint argued or even mentioned. Moreover, as confirmed by the transcript of that hearing, Your Honor made no ruling regarding dismissal of the named Plaintiffs' claims in the Amended Complaint.

Accordingly, it is Plaintiffs' view that our Amended Complaint is active, and that at this moment defendants are technically in default for having failed to respond. If it is the intent of the law firm defendants to have the motion to dismiss they filed in response to our initial Complaint treated as a response to the Amended Complaint, then we would ask that the Court promptly set such motion for a hearing so that we may respond to the motion and be heard by the Court. As to BrownGreer, since they did not file any dispositive motion or any other response to the initial Complaint and have filed no response to the Amended Complaint, we would ask that the Court direct them to answer the Amended Complaint (since it would make no sense to go through the motions of seeking a default). If, for any reason, we are mistaken, and Your Honor in fact has granted a motion to dismiss the Amended Complaint in favor of all of the defendants, then we would respectfully request that the Court enter an Order dismissing this Amended Complaint, so that we might pursue our appellate rights.

We also have a concern relating to Defendants' motion to strike our class allegations, which your Honor granted from the bench at the conclusion of oral argument on July 24, 2008. So that we may pursue our appellate rights with respect to this ruling, we would ask the Court to enter a written order concerning that motion. We submit herewith [a proposed order **Exhibit C**] on this issue.

Finally, as a housekeeping matter, we note, as we are sure your Honor is aware, that unlike the AvMed Plaintiffs, the instant Plaintiffs did not seek a writ of mandamus from the Fifth Circuit in this matter. Regrettably, your Honor's opinion of August 7, 2008 did not draw that distinction. Accordingly, while there may exist certain superficial similarities between our claims and the AvMed claims, and while in certain respects our interests may be aligned, we would respectfully request that the Court remain mindful of the fact that there are substantial and important differences between the two sets of claims both procedurally and substantively – and, in particular, with regard to the scope and substance of the preliminary relief being sought.

Respectfully submitted,

Steven J. Phillips

SJP:etp

{00126107.DOC}