**MINUTE ENTRY**
**FALLON, J.**
**AUGUST 20, 2008**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

      The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 38 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Jodi Simcox, Official Court Reporter.  Counsel may contact Ms. Simcox at (504) 589-7780 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.     SETTLEMENT AGREEMENT

      On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:30)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007, to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pretrial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail. By Order & Reasons entered May 30, 2008, the Court extended the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L

until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims.  Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.  Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served.   Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator.  Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the

Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy and other records relating to claimants' enrolling in the Vioxx Resolution Program.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel to follow when seeking to withdraw from representation based on the grounds that a plaintiff cannot be found or fails to respond to communications from counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters.

On May 15, 2008, the PSC filed a Motion to Extend the Date of Implementation of Pre-Trial Order No. 6C, requesting that the deadline for state court common benefit attorneys to submit time records and expense reports be extended to June 30, 2008. The Court granted the PSC's motion on May 21, 2008.

As announced at the January 18, 2008, monthly status conference, the parties amended

the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments.  A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008, for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation.   A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

On June 30, 2008, Ronald R. Benjamin, counsel for certain plaintiffs, filed a Motion to Vacate or Modify the Master Settlement Agreement, and Pre-Trial Order No. 28, and to Extend Time to Submit Expert Certificate of Causation and/or to Preclude Merck from Using the Expert Certificate of Causation and From Using to Cross-Examine Experts at Trial.  The PSC and Merck have indicated that they will be opposing the motion.   The Court will issue a separate order setting hearing on the motion for the next monthly status conference on September 23, 2008, at 9:00 a.m.

II.     REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administrator appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process.  As of August 19, 2008, the Claims Administrator has received registration materials for 59,299 claimants, 49,954 of whom are currently eligible for registration.  A total of 48,564 claimants

have submitted materials for enrollment in the Settlement Program, representing more than 97% of the registrants eligible for enrollment.

On August 5, 2008, Merck funded the MI Settlement Fund, depositing the first $500 million into the account and clearing the way for interim payments to eligible claimants. The Claims Administrator is prepared to begin issuing interim payments to eligible MI claimants as early as August 28, 2008. The Claims Administrator has currently reviewed approximately 2,750 MI claims in preparation for the disbursement of interim payments.

The Claims Administrator reported that a Claims Communication Status Portal has been established to provide firms with a way to monitor the status of claims packages that have been submitted. The Claims Communication Status Portal allows law firms to keep track of all notices regarding the claims of individual claimants. The Claims Administrator informed the Court that the portal is currently being used to issue notices of eligibility, ineligibility, and points awards. The portal allows firms to communicate with the Claims Administrator regarding the status of claims that have been deemed ineligible. Attorneys may also use the portal to appeal or accept points awards issued by the Claims Administrator.

The Court urges all counsel to pay close attention to the Claims Communication Status Portal, as notices posted on the Claims Administrator's portal will constitute notice to counsel and will trigger any relevant deadlines for response. The Claims Communication Status Portal is an important mechanism for connecting attorneys to the claims process, and attorneys should monitor the portal closely and work promptly to address any issues presented by notices regarding the status of their clients' claims.

The Court further urges all counsel with remaining unregistered cases to register those

cases promptly with the Claims Administrator. The Court has been informed that some attorneys are hesitant to register cases because they feel as though registration will automatically lead to enrollment, but these two processes are distinct. Counsel for plaintiffs who do not intend to participate in the Settlement Agreement must nevertheless register their clients' cases with the Claims Administrator.

Finally, the parties reported on their efforts to secure a payment distribution method that offers the best possible protection available to the claimants. The parties suggested–and the Court agreed–that wire transfers appear to provide the greatest possible protection to claimants. The Court encourages the parties to proceed with payments via wire transfer in order to provide the greatest possible protection to the claimants and their settlement awards.

### III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator provided a report on the progress of discussions with various federal and state agencies. The Lien Administrator has agreed in principle with Medicare on a process for resolving claims. The Lien Administrator has also reached agreements in principle with the state agencies as to the proposed procedures and global hold backs.

The Lien Administrator reported that he has received the relevant documents from all of the state agencies except for the Texas agency. The Court directed the Lien Administrator to

provide the Court with the names of parties that should be contacted in order to facilitate the resolution process.

The Lien Administrator has also established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  A meeting took place on March 5, 2008, with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program.  Special Master Juneau has advised that the Special Masters will engage in a "run through" to ensure that the Special Master process will not delay the Settlement Program.

V.   STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2008.

VI.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed and the Court has taken it under submission.

The Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The matter has been fully briefed and the Court will set an argument schedule at a later date.

VII.     DISCOVERY DIRECTED TO THIRD PARTIES

On October 19, 2007, the PSC issued a Notice of Records Deposition and Subpoena for documents and testimony from the Food and Drug Administration ("FDA").  Further, on October 23, 2007, the PSC issued a Subpoena and Notice of Deposition for Randall Lutter, and for a designee of the FDA pursuant to FRCP 30(b)(6).  Counsel for the FDA and PLC have been in communication regarding these subpoenas.  On January 10, 2008, the PSC filed an unopposed motion to lift the stay for purposes of conducting discovery regarding certain records in the possession of the FDA.  On January 18, 2008, the Court entered an order granting the PSC's motion.  On April 16, 2008, the FDA provided documents that it claims are responsive to the subpoena pursuant to agreement reached with the PSC.  The PSC has reviewed the production and on May 20, 2008, communicated with counsel for the FDA to challenge many of the assertions of privilege and the privilege log submitted by the FDA.  On June 26, 2008, the FDA advised that it re-reviewed its document production and released additional documents and revised its privilege log.  The FDA forwarded a CD of the documents on June 30, 2008.  The revised production is in the process of being reviewed by the PSC.

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another telephone status conference took place with the Court.  The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in

the Settlement Program. Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition. On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription drug documents or data. At the status conference, the parties indicated that they would attempt to reach an extra-judicial resolution of the matter. The Court set the matter for hearing on September 3, 2008, at 9:00 a.m., in the event that the parties are not able to reach a sufficient resolution before that date.

VIII.  STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The State Liaison Committee submitted to the Court an electronic database of all current motions to remand. The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various Attorney General cases currently pending before the Court.

IX.  *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

The Court issued an Order on July 7, 2008, regarding pro se claimants and their ability to access the Vioxx site maintained by BrownGreer, PLC.  This Order was issued in response to a letter directed to the Court by Glen Cokefield, a pro se claimaint.  The Order directs pro se claimants seeking access to the Vioxx site to contact the Pro Se Curator.

X.   MERCK'S MOTIONS

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  Oral argument was held on August 9, 2007, and the Court took the matter under advisement.  The matter is currently stayed pending resolution of certain discovery issues.

XI.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XII.   VIOXX SUIT STATISTICS

As of June 30, 2008, Merck had been served or was aware that it had been named as a defendant in approximately 13,750 lawsuits, which include 31,750 plaintiff groups, alleging personal injuries resulting from the use of Vioxx, and in approximately 249 putative class

11

actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 9,225 lawsuits representing approximately 24,000 plaintiff groups are or are slated to be in the federal MDL and approximately 2,675 lawsuits representing approximately 2,675 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court before Judge Carol E. Higbee.  In addition, as of June 30, 2008, approximately 12,750 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thromobotic cardiovascular event that results in a myocardial infarction or ischemic stroke.  The parties agreed that April 9, 2007, was the deadline for filing Tolling Agreements.  Merck has advised that no additional Tolling Agreements are being accepted.

In addition to the Vioxx Product Liability Lawsuits discussed above, the claims of over 22,300 plaintiffs had been dismissed as of June 30, 2008.  Of these, there have been over 2,950 plaintiffs whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts.  Over 19,350 additional plaintiffs have had their claims dismissed without prejudice.  Of these, approximately 11,800 plaintiff groups represent plaintiffs who had lawsuits pending in the New Jersey Superior Court at the time of the Settlement Agreement described below and who have expressed an intent to enter the program established by the Settlement Agreement; Judge Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that use (such as an executor, spouse, or third party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XIII.  PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.  Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who made proper requests.

XIV.  THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.  On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter.  Since the last status conference, the parties have continued to discuss possible common discovery and other issues.

XV.  MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  On June 27, 2008, the Court granted the motion and issued an order to show cause.  Merck has filed an updated schedule for the motion and the Court will hear additional argument on September 3, 2008, at 9:00 a.m.

XVI.  TERMINATION OF TOLLING AGREEMENTS

Section 7.2 of the Settlement Agreement dated November 9, 2007, terminated the Tolling Agreement dated June 1, 2005, between Merck and the PSC with respect to all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death, and stroke claims.  On April 23, 2008, Merck provided notice that, pursuant to the terms

of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other claims effective 120 days from April 23.

XVII.   THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "AvMed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and US Bank National Association moved to sever plaintiffs' claims.  On June 9, 2008 the AvMed plaintiffs filed a motion for a temporary restraining order and preliminary injunction.

On June 27, 2008, the Court issued an order stating that both the motion to sever and the motion for a preliminary injunction were withdrawn, without prejudice.  On July 8, 2008, the Court convened a status conference to discuss the status of the AvMed negotiations.  On Monday, July 14, 2008, representatives of the PNC and AvMed met to discuss potential resolution.  Later that day, the AvMed plaintiffs re-filed their motion for equitable and other relief, and BrownGreer and US Bank National Association re-filed their motion to sever.  Both matters were heard on July 24, 2008, and on August 7, 2008, the Court issued an Order denying AvMed's Request for a Preliminary Injunction and a Request to Stay the Proceedings pending an appeal.  Thereafter, on August 8, 2008, AvMed filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit.  On August 12, 2008, the Fifth Circuit denied AvMed's Motion to Stay Settlement Distribution Pending Appeal.  On August 14, 2008, AvMed filed a Motion for an Expedited Appeal and for a Stay Pending Appeal.  BrownGreer and US Bank

National Association filed an opposition on August 15, 2008.  On August 18, 2008, AvMed filed a Reply to the Opposition.

## XVIII. MERCK'S MOTION TO DISMISS CASES OF NON-REGISTRANTS

On May 29, 2008, Merck filed a Motion for an Order to Show Cause Why Plaintiffs' Cases Should not be Dismissed for Non-Compliance with Pretrial Order 31.  Merck filed an amended and superseding motion on June 18, 2008, to correct and update the affected cases.  The motion was set for hearing on July 17, 2008, but was continued at Merck's request.  The parties continue to discuss the motion.  The Court will issue a separate order setting the motion for hearing on Wednesday, September 3, 2008, at 9:00 a.m.

## XIX.    1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc.  Plaintiffs assert ERISA claims and other equitable and declaratory relief.  The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the complaint on June 26, 2008.  Also, defendant BrownGreer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule.  The scheduling issues were addressed with the Court at a status conference on July 8, 2008.  Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint.  On July

15

10, 2008, defendants filed their responses.  The matter came for hearing on July 24, 2008, and on August 7, 2008, the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction.

At the status conference, counsel for the 1199SEIU Greater New York plaintiffs sought a clarification of the Court's order issued on August 7, 2008.  The Court will issue a separate Order in clarification.

XX.     MERCK'S NONRESPONSIVE PLAINTIFF'S CROSS-MOTION AND RULE

On August 15, 2008, Merck filed a Cross Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Prosecute.  The Court will issue a separate Order noting that it granted the motion, and the hearing as to why cases should not be dismissed will be held during the next monthly status conference on Tuesday, September 23, 2008, at 9:00 a.m.

XXI.    NEXT STATUS CONFERENCE

The next monthly status conference will be held on Tuesday, September 23, 2008, at 9:00 a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 61569828 and the Chairperson will be Judge Fallon.

