**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  VIOXX | : | |
| | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| This document relates to case numbers: | : | JUDGE FALLON |
| 2:06CV 08375 and 2:06CV 06219 | : | MAGISTRATE JUDGE |
| | : | DANIEL E. KNOWLES III |

**MEMORANDUM IN SUPPORT OF
CERTAIN PLAINTIFFS' MOTION TO SHOW CAUSE WHY
CERTAIN MEDICAL RECORDS PROVIDERS SHOULD NOT BE
HELD IN CONTEMPT FOR FAILING TO COMPLY WITH
PRE-TRIAL ORDER NO. 35 AND REQUESTS MADE
FOR THE PRODUCTION OF MEDICAL RECORDS**

The Plaintiffs identified on Exhibit "A" attached to the Motion, whom are represented by the law firm of Sanford Pinedo, LLP, file this Memorandum in Support of Their Motion to Show Cause Why Certain Medical Records Providers Should Not Be Held In Contempt for Failing to Comply With Pre-Trial Order No. 35 and Requests Made for the Production of Medical Records, and in support thereof show:

**I.     INTRODUCTION**

Plaintiffs have repeatedly attempted to obtain pharmaceutical records from their prescription providers so that they may comply with the terms of the Vioxx Settlement Agreement. Unfortunately, plaintiffs' requests to certain providers have been futile.

Counsel for plaintiffs retained Court Record Research, Inc., a company in the business of obtaining medical and pharmacy records for law firms in the midst of litigation. For each request, Court Record Research provides an approved, HIPAA compliant authorization for release of

information, and a copy of Pre-Trial Order No. 35 ('PTO 35"). Both Rite Aid and Wegman's Pharmacy denied the requests, noting deficiencies in these releases. During subsequent telephone discussions with providers, initially from Court Record Research and thereafter from the office of Sanford Pinedo, LLP, these providers were reminded of their obligations under PTO 35. PTO 35 is an Order issued by this Court on April 10, 2008 that specifically deals with the Vioxx Resolution Program and provides for records providers to accept the Court approved authorizations for release of medical records.

## II.     ARGUMENT

The Supreme Court has stated the "basic proposition" that:

> All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that an order is incorrect the remedy is to appeal, but absent a stay, he must comply with the order pending appeal.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975).

With respect to refusing discovery, Fed. R. Civ. P. 37(b) provides that failure to comply with a court order "may be treated as contempt." Indeed, when a recalcitrant witness refuses to comply with an order of the court to produce documents, the court "may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. § 1826. The period of confinement shall not exceed the "life of the court proceeding" *(id.)*, which, when applied to MDL proceedings, may be of little consolation.

In response to numerous reports of providers failing to comply with plaintiffs' requests, this Court entered Pre-Trial Order No. 35. The order was issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. § 1407, Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(b), and the Court's inherent authority regarding case specific

discovery in this MDL. The order applies to all claims submitted to the Vioxx Resolution Program, including these plaintiffs.

PTO 35 addressed the refusal of healthcare providers, pharmacies and other entities to provide records required to be submitted under the Vioxx Settlement Agreement and ordered that facilities comply quickly, efficiently and inexpensively. The Court acknowledged the unnecessary delays and increased costs and sought to provide a uniform and cost effective process for the collection of records and information relevant to claims enrolled in the Resolution Program.

After this Court entered PTO 35, plaintiffs sent copies of the order to these providers and requested production of the records. The providers continue to ignore this Court's Order.

**Wegman's Pharmacy**

When Court Record Research first contacted Wegman's pharmacy, it refused to honor the authorization form because it determined that the signature of the authorizing person was not put on the form at the same time as the name of the institution from whom the records were ordered. It made this determination based upon the color of the ink and indicated that if we tried to resubmit the same authorization form with black ink "to circumvent New York law" it would be able to tell and. While the offices of Sanford Pinedo told Wegman's representative that this was not an attempt to circumvent New York Law, a Wegman representative told Court Record Research and the office of Sanford Pinedo that Pretrial Order 35 reflected only Louisiana or federal law, and that New York law required more—and that no photocopied forms would be allowed and that original signatures were required. The office of Sanford Pinedo pointed out PTO 35 4 (d), (e), and (f), but were again refused. The office of Sanford Pinedo contacted the attorney for Wegman's Pharmacy, Mary McCabe, and were again refused, stating that a form could be HIPA approved and still not meet New

3

York's more stringent law, as HIPA is the base line but a state may chose to be more restrictive.  As of the present, Wegman's Pharmacy remains non-compliant with PTO 35.

**Rite Aid**

After Rite Aid was contacted by Court Record Research, Rite Aid sent an institution-specific authorization form.  When notified of PTO 35, Rite Aid stated it was still not required to provide records as it had no proof the plaintiff was deceased and hence would not authorize the release of records.  Court Record Research therefore sent Rite Aid a copy of the death certificate and affidavits of heirs by the surviving four children. Rite Aide complained it could not read the death certificate, and a new one was sent.  Thereafter, Rite Aid said the only person who could sign for the records was the "informant" listed on the death certificate.  This person was a police officer who arrived on the scene after the death was reported, and unrelated in any way to the estate of the deceased.  Although Rite Aid has been provided a death certificate and Affidavits of Facts Concerning the Identity of Heirs of decedent, Rite Aid continues to refuse to release the records.

Under these circumstances, the Court is authorized to require that the persons failing to comply with the Court's Order be called before it to show cause why it should not be held in contempt.  Plaintiffs ask that the Court do so for there is no reason why a person or company should be allowed to trump a valid court order and the intention of this Court that records be efficiently and expeditiously turned over to assist in the resolution of this matter.

**III.    PRAYER**

Therefore, plaintiffs respectfully ask the Court to issue an order that a corporate representative for each provider appear before this Court and show cause why the providers should not be held in contempt for failing to comply with PTO 35, and compel the facility to produce the

requested records with the required certification. Plaintiffs have exhausted all efforts to obtain these records short of Court action. Plaintiffs have communicated numerous times with Court Record Research and the legal departments of both Rite Aid and Wegman's in an attempt to avoid the filing of this motion, all to no avail.

WHEREFORE, plaintiffs identified on attached Exhibit "A", pray that this Motion to Show Cause be granted, that the court order an appropriate representative for each healthcare provider to appear before the Court to explain its refusal to honor this Court's orders, and for such other relief to which they may be entitled.

Respectfully submitted,

Date:  August 27, 2008                By:    /s/ Shelly A. Sanford
                                                **Shelly A. Sanford**
                                                **Federal Bar No. 19105**
                                                **Texas State Bar No. 00784904**
                                                *2016 Bissonnet St.*
                                                *Houston, TX 77005*
                                                Telephone: (713) 524-6677
                                                Facsimile: (713) 524-6611

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of August, 2008.

In addition, I hereby certify that the above and foregoing has been served on the following medical providers, all of whom are subjects of this motion, via U.S. Mail, postage prepaid and properly addressed, on the 27th day of August, 2008.

1. Rite Aid Corporation
   Attention: Jill L. Larson
   30 Hunter Lane
   Camp Hill, PA. 17011

2. Wegman Pharmacy
   Attention Mary McCabe
   700 First N. St.
   Syracuse, NY 13208

By:  /s/ Shelly A. Sanford
**Shelly A. Sanford**
**Federal Bar No. 19105**
**Texas State Bar No. 00784904**
*2016 Bissonnet St.*
*Houston, TX 77005*
Telephone: (713) 524-6677
Facsimile: (713) 524-6611
ssanford@sanfordpinedo.com