# LAW OFFICES OF
# JACK MODESETT III

**500 NORTH WATER ST.**
**SUITE 1200**
**CORPUS CHRISTI, TEXAS 78471**
**(361) 887-6449**
**FAX: (361) 885-7983**

Certified Article Number

7160 3901 9845 5324 1145

SENDERS RECORD

July 14, 2008

**Certified Mail and First Class Mail**
Charles Garrett
6506 Greensboro Dr.
Austin, TX 78723

           RE:    MDL 1657; Civil Action No. 07-2140;
                     *Charles Garrett, et al. v. Merck, et al.*

Dear Mr. Garrett:

      Per our telephone conference of July 1, 2008, this will confirm that you have chosen not to participate in the Settlement Program. Additionally, you represented on the telephone that you did not wish to nonsuit your case, but understood and agreed that Douglas Allison and myself would be withdrawing as your legal counsel in all matters relating to the Vioxx litigation.

      As you know, we (Douglas Allison and Jack Modesett) have recommended your participation in the Settlement Program. Despite our recommendation, you have made the personal decision to REJECT the Settlement Program. Of course, I disagree with your decision, but I will respect your right and your decision. If you have any further questions about your decision making process, then please feel free to call us (or our staff).

      I am attaching a copy of Pretrial Order No. 36 for your review. Said Order explains to you our requirements with regard to withdrawing as your legal counsel. Please note that pursuant to the Order, you shall have thirty (30) days from the date of receipt of this letter to complete the following:

      1)     send a letter to the Court consenting to our Motion to Withdraw;

      2)     send a letter to the Court opposing our Motion to Withdraw;

      3)     send a letter to the Court indicating that you no longer wish to pursue your claim;

      4)     secure new counsel; or

Mr. Charles Garrett
July 14, 2008
Page 2

    5)    contact the Curator, Mr. Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of your intention to proceed with your claim pro se (without representation by a lawyer).

If you desire to hire another attorney, then please know that we (Douglas Allison and Jack Modesett) will do everything to support such a transition for your lawsuit. I encourage you to seek other legal counsel, and to thus get independent advice with respect to such a change in legal counsel (and further advice with respect to your decision to not participate in the Settlement Program).

Finally, we ask that you provide us with an alternate means of contacting you as many of our letters are returned unclaimed. Perhaps the name, address, and telephone number of a relative or friend who can be contacted in the event we are not able to reach you at the telephone number on file.

Thank you for your response and we certainly wish you the best.

Sincerely,

Jack Modesett, III

Enclosures:
Motion/Order to Withdraw
Pretrial Order No. 36

LAW OFFICES OF



# Douglas A. Allison

Douglas A. Allison
Bradford P. Klager

500 North Water Street
South Tower, Suite 1200
Corpus Christi, Texas 78471
(361) 888-6002 • Fax: (361) 888-6651

February 21, 2008

Charles Garrett
6506 Greensboro Dr.
Austin, TX 78723

RE:   Charles Garrett, et al v. Merck & Co., Inc., et al

Dear Mr. Garrett:

At this time, you are one of our few clients who has indicated a desire to reject the proposed Settlement Program. As you know, it is your right to either reject the proposed Settlement Program, or accept the proposed Settlement Program. To date, only two (2) of our clients have indicated a desire to reject the proposed Settlement Program.

At this time, it is still our recommendation that you elect to accept the proposed Settlement Program. In keeping with this recommendation (and consistent with our desire to keep you informed), enclosed please find a recent ruling from the United States Supreme Court. This case is being provided to you for the purpose of keeping you fully informed with respect to the risks of pre-emption (either federal pre-emption, or state pre-emption). As you can see, the United States Supreme Court recently found in favor of pre-emption with respect to a medical device, and this same pre-emption concern exists with respect to your pending Vioxx claim. Thus, we re-urge you to accept the proposed Settlement Program relating to your Vioxx usage.

If you wish to accept the proposed Settlement Program, then please follow all instructions that are a part of our previous correspondence to you. Please remember that the deadline to enroll you as a participant is February 29, 2008 (and you must immediately return all required documents in advance of this deadline so as to allow our timely filing of your claim, if you choose to participate).

Thank you for your attention to these matters. Of course, please call in the event that you have any further questions or concerns.

Sincerely,

Douglas A. Allison

LAW OFFICES OF



# Douglas A. Allison

Douglas A. Allison
Bradford P. Klager

March 11, 2008

500 North Water Street
South Tower, Suite 1200
Corpus Christi, Texas 78471
(361) 888-6002 • Fax: (361) 888-6651

<u>Via Certified Mail and First Class Mail</u>
Charles Garrett
6506 Greensboro Dr.
Austin, TX 78723

**Certified Article Number**
7160 3901 9849 8878 3043
**SENDERS RECORD**

RE: *Charles Garrett, et al. v. Merck, et al.*

Dear Mr. Garrett:

We have made numerous attempts to contact you by telephone but have not been successful. Therefore, it is necessary for me explain to you the status of our representation of you with regard to the above-referenced matter. As was explained in our correspondence to you dated February 19, 2008, it is our understanding that you do **not** wish to participate in the Vioxx Settlement Agreement. However, you stated you still wanted our legal representation in this matter. We regret to inform you that in accordance with the Rules of Ethics which attorneys are governed by, it will not be possible to under the terms of the Settlement Agreement that you have chosen not to participate in, to continue our representation of you. If you will remember, I explained this possibility to you in my previous correspondence.

We are enclosing a Motion to Withdraw which allows us to withdraw as your attorneys of record in this case. We strongly urge you to seek legal counsel to pursue your potential claim. This Motion to Withdraw <u>**does not dismiss your case**</u>. It simply allows us to withdraw as your attorneys in this matter. Once you have hired another attorney, we will be happy to forward your file to said counsel. In the alternative, you may request we forward your file directly to you.

As you know, we (Douglas Allison and Jack Modesett) have recommended your participation in the Settlement Program. Despite our recommendation, you have made the personal decision to REJECT the Settlement Program. Of course, I disagree with your decision, but I will respect your right and your decision.

Finally, we ask that you indicate your agreement to our withdrawal by signing where indicated below and returning this letter to us via the self-addressed, stamped envelope provided.

Sincerely,

Douglas A. Allison

AGREED:

_____
Charles Garrett

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | : | MDL Docket No. 1657 |
| | : | SECTION: L |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:
Civil Action No: 07-2140

Plaintiff: <u>Juanita T. Garrette, deceased</u>

## JACK MODESETT AND DOUGLAS A. ALLISON'S MOTION TO WITHDRAW AS ATTORNEYS FOR PLAINTIFF

Jack Modesett, III, and Douglas A. Allison ask this court to allow them to withdraw as attorneys for Plaintiff in this case.

### INTRODUCTION

1. Plaintiffs are CHARLES RAY GARRETT, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JUANITA T. GARRETTE, DECEASED, AND CHARLITA A. GARRETTE. Defendants are MERCK & CO., INC.; AMERISOURCEBERGEN CORPORATION; and JADRANKO CORAK, M.D.

2. On or about September 25, 2006, Plaintiffs sued Defendants for medical malpractice, negligence, gross negligence, breach of warranty, strict products liability, misrepresentation, and fraud in the 98th District Court of Travis County, Texas.

1

## ARGUMENT AND AUTHORITIES

3. There is good cause for this court to grant this motion to withdraw. More specifically, Plaintiffs' counsels (hereinafter referred to as "Movants") have recommended the Settlement Agreement to Plaintiffs. Plaintiffs, however, have elected not to participate in said Settlement Agreement. In accordance with the terms of the Settlement Agreement, as well as the Rules of Ethics which governs Plaintiffs' counsel in this regard, it is no longer feasible for Plaintiffs' counsels to continue representation of Plaintiffs in connection with their lawsuit.

4. Movants have attempted to contact their client via correspondence and telephone regarding the requirements of Movants to withdraw as attorneys of record. These efforts to contact and communicate with client have been difficult. A copy of correspondence sent to the client on February 19, 2008, is attached hereto as Exhibit 1. Additionally, Movants have made numerous attempts to contact Plaintiff by telephone; however, there is no way for Movants to leave a message as there is no answering device connected to the phone line. Movants have no alternative but to ask this Court to allow them to withdraw as counsel of record.

5. Movants have delivered a copy of this motion to Plaintiff by both certified mail and regular mail.

6. Plaintiff's last known address and telephone numbers are 6506 Greensboro Drive, Austin, Texas 78723; 512-220-1803(respectively).

7. There are no known settings and no known deadlines pending in this case.

8. This withdrawal will not delay these proceedings or unfairly prejudice Plaintiff, or any party to this suit.

2

## CONCLUSION

9. For the reasons set forth above, Movants, Jack Modesett and Douglas A. Allison, ask this court to grant their motion to withdraw as attorneys for Plaintiff.

Respectfully submitted,

---

Douglas A. Allison
State Bar No. 01083500
Federal ID No. 10252
LAW OFFICES OF DOUGLAS A. ALLISON
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471
361-888-6002
361-888-6651 FAX NUMBER

Jack Modesett III
State Bar No. 14244337
Federal ID No.: 13730
500 N. Water Street, Suite 1200
Corpus Christi, Texas 78471
TEL: (361) 887-6449
FAX: (361) 885-7983

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been provided to all counsel of record in accordance with the applicable Federal Rules of Civil Procedure via electronic mailing and/or certified U.S. mail, return receipt requested on this the ____ day of March, 2008

---

Douglas A. Allison

3

LAW OFFICES OF



# Douglas A. Allison

Douglas A. Allison
Bradford P. Klager

500 North Water Street
South Tower, Suite 1200
Corpus Christi, Texas 78471
(361) 888-6002 • Fax: (361) 888-6651

February 19, 2007

Certified Article Number

7160 3901 9845 5324 0223

SENDERS RECORD

Charles Garrett
6506 Greensboro Dr.
Austin, TX 78723

RE:  *Charles Garrett, et al. v. Merck, et al.*

Dear Mr. Garrett:

I have received your letter. I have reviewed your letter. I truly appreciate your sharing your thoughts and concerns. I also have concerns with respect to your participating, and concerns with respect to your not participating in the Settlement Program. There are no perfect solutions, but I do want you to know that we are doing our very best (given the difficult circumstances that we are all having to deal with).

Your letter references a 'negative feeling in your gut.' Please know that I do not have any negative feelings about you (or your case), and I want you to remain as positive as possible. Of course, I cannot guarantee the success of any claim (including yours), but please know that we are trying to bring about a positive resolution of your claim.

Based upon your letter, I understand that you still want our (Douglas Allison and Jack Modesett) legal counsel. At this time, please let me confirm the contents of the most recent letter to you; that is, I do not think that we (Douglas Allison and Jack Modesett) will be permitted to continue with your representation based upon the terms of the Settlement Agreement. Personally, I am not pleased with this provision of the Settlement Agreement, but some things are beyond your's and my control. Nonetheless, please allow this letter to confirm my willingness to further evaluate whether we (Douglas Allison and Jack Modesett) are required to withdraw from your case. I will let you know the results of this re-evaluation process within the next week (but please know that my present belief is that we will be required to withdraw from your case, and so please plan accordingly).

If you desire to hire another attorney, then please know that we (Douglas Allison and Jack Modesett) will do everything to support such a transition for your lawsuit. I encourage you to seek other legal counsel, and to thus get independent advice with respect to such a change in legal counsel (and further advice with respect to your decision to not participate in the Settlement Program).

As you know, we (Douglas Allison and Jack Modesett) have recommended your participation in the Settlement Program. Despite our recommendation, you have made the personal decision to REJECT the Settlement Program. Of course, I disagree with your decision, but I will respect your right and your decision. If you have any further questions about your decision making process, then please feel free to call us (or our staff).

Sincerely,

Douglas A. Allison

```
03/17/2008 10:55 FAX 361 888 6651         DOUG ALLISON                    ☐ 001
```

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0556
CONNECTION TEL              15124762371
SUBADDRESS
CONNECTION ID
ST. TIME              03/17 10:51
USAGE T               03'42
PGS. SENT                7
RESULT                  OK
```

# FAX TRANSMISSION

### LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower, Suite 1200
Corpus Christi, Texas 78471
(361) 888-6002
(361) 888-6651 Fax

| | | | | |
|---|---|---|---|---|
| **To:** | CHARLES GARRETT | 512-476-2371 | **Date:** | March 17, 2008 |
| | | | **Pages:** | 7 pages, including cover sheet |

**From:** Angela Gonzalez

**Subject:** Garrett v. Merck

MESSAGE:

Please see attached.

## **CONFIDENTIAL**

CONFIDENTIALITY: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect) and return the original message to us at the above address via the U.S. Postal Service. Thank You.








**Douglas A. Allison**
LAW OFFICES
500 North Water Street
South Tower, Suite 1200
Corpus Christi, Texas 78471

CERTIFIED MAIL

7160 3901 9849 8878 3043

RETURN RECEIPT REQUESTED

Charles Garrett
6506 Greensboro Dr.
Austin, TX 78723

$ 005.38
02 1P
0003061571   MAR 11 2008
MAILED FROM ZIP CODE 78471

NIXIE      787   SE  1          77  03/31/08
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 78471002700        *0893-10101-31-19

78471@0027