No. 07-31164

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT



| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | ) In the Court Below: <br> ) United States District Court for the <br> ) Eastern District Of Louisiana |
| This document relates to: | ) |
| David Agard et al v. Merck & Co., Inc., 2:05-CV-1089, | ) MDL NO. 1657 <br> ) <br> ) HON. ELDON E. FALLON |
| & | ) |
| Robert D. Gates et al. v. Merck & Co., Inc., 2:05-CV-6221, | ) |
| & | ) |
| Richard Core v. Merck & Co., Inc., 2:05-CV-2583. | ) |

**MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION**

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

John H. Beisner
Jessica D. Miller
Geoffrey M. Wyatt
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Phone: (202) 383-5300
Fax:    (202) 383-5414

Douglas Marvin
WILLIAMS & CONNOLLY LLP
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

Counsel for Defendant-Appellee Merck & Co., Inc.

906829v.1

M00D980310

Defendant-Appellee Merck & Co., Inc. ("Merck") respectfully moves the Court for dismissal of the notice of appeal filed by plaintiffs-appellants ("plaintiffs") on December 7, 2007 because this Court lacks jurisdiction to hear the appeal.

## BACKGROUND

Plaintiffs' joint appeal arises out of three separately filed and never previously consolidated actions. David Agard filed a lawsuit on behalf of himself and others, including Edward Henderson and Ronald O'Connor,[1] in the Supreme Court of New York County, New York on November 8, 2004, alleging that Merck "engaged in intentional efforts to hide and withhold from the public safety concerns" regarding the drug Vioxx® (Agard Compl. ¶ 13, attached as Ex. 1), causing the plaintiffs to sustain "severe injuries ranging from heart attacks to strokes" (*id.* ¶ 15). Richard Core and his wife filed a similar suit in the Supreme Court of Onondaga County, New York on October 22, 2004. (Core Compl., attached as Ex. 2.) And Robert Gates filed a similar suit on behalf of himself and others[2] in the United States District Court for the Northern District of New York on October 19, 2005. (Gates Compl., attached as Ex. 3.)

---

[1]  The *Agard* complaint also named as plaintiffs Rodney Darrow, Devina Darrow, James Demoski, and Doreen Demoski, who are not part of this appeal.

[2]  The *Gates* complaint also named as plaintiffs Herbert Gehm and Scott R. Berthel, who are not part of this appeal.

M00D980311

Merck removed the *Agard* and *Core* actions on the basis of diversity jurisdiction. It removed the *Agard* action to the United States District Court for the Southern District of New York on December 6, 2004. It removed the *Core* action to the Northern District of New York on November 26, 2004. All three cases were transferred to the Vioxx multidistrict litigation ("MDL") proceeding currently pending in the U.S. District Court for the Eastern District of Louisiana. Each has remained pending there since 2005. As of the date of appeal, more than 8,700 cases involving approximately 26,000 plaintiffs were pending before Judge Fallon in the MDL proceeding.

On November 9, 2007, the Plaintiffs' Steering Committee and Merck reached a settlement agreement establishing a Resolution Program for which a substantial number of the plaintiffs whose cases were pending in the multidistrict litigation would be eligible. On the same date, Judge Fallon stayed proceedings in the MDL "in order to give each eligible plaintiff, with the advice of counsel, sufficient time to determine whether it is in his or her best interest to participate in the Resolution Program, and to give counsel sufficient time to comprehend the Resolution Program and advise their clients accordingly." (Pretrial Order No. 30 ("PTO 30") at 1, attached as Ex. 4.) Judge Fallon also entered a separate order directing personal injury plaintiffs "to produce specified information regarding

906829v.1

M00D980312

their claims, unless the claim is eligible for, and has been submitted to, the Resolution Program." (Pretrial Order No. 28 ("PTO 28") at 1, attached as Ex. 5.)

On December 7, 2007, plaintiffs jointly noticed an intent to appeal those orders by filing a Notice of Appeal in the U.S. District Court for the Eastern District of Louisiana. They subsequently filed an Amended Notice of Appeal on December 12, 2007.[3] The Amended Notice of Appeal was filed in this Court on December 18, 2007.

## ARGUMENT

Plaintiffs' appeal must be dismissed because this Court lacks jurisdiction to review Judge Fallon's orders. This is not an appeal from a final judgment. Furthermore, no appeal as of right lies from these interlocutory orders, and plaintiffs have not asked for or received certification of any issue for interlocutory appeal. Accordingly, interlocutory review is not available either.

*First,* the orders are not a final judgment. Under 28 U.S.C. § 1291, this Court "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." But "[s]tays do not typically qualify as final judgments for purposes of § 1291." *Dresser v. Ohio Hemprey, Inc.*, 122 F. App'x 749, 751 (5th Cir. 2004). A stay might be treated as a final order under the collateral order rule, but the requirements of that rule are not satisfied here.

---

[3] The Amended Notice of Appeal dropped Charlotte Fishetti from the caption.

906829v.1

M00D980313

"In order to be reviewable under [the collateral order] doctrine, an order must meet four requirements: (1) The order must finally dispose of an issue so that the district court's decision may not be characterized as tentative, informal or incomplete; (2) the question must be serious and unsettled; (3) the order must be separable from, and collateral to, the merits of the principle case; and (4) there must be a risk of important and irreparable loss if an immediate appeal is not heard because the order will be effectively unreviewable on appeal from final judgment." *Kershaw v. Shalala*, 9 F.3d 11, 14 (5th Cir. 1993). This Court has repeatedly admonished that "'the collateral order doctrine is not to be applied liberally. Rather, the doctrine is extraordinarily limited in its application.'" *Dresser*, 122 F. App'x at 754 (quoting *Acoustic Sys. v. Wenger Corp.*, 207 F.3d 287, 291 (5th Cir. 2000)).

Neither order meets even a liberal construction of the collateral order doctrine. The orders at issue here are modest in their reach. PTO 28 orders certain parties to produce plaintiff profile forms and to respond to interrogatories. As such, it is in effect a discovery order and thus, under the settled law of this Circuit, not appealable under the collateral order doctrine. *See, e.g., Honig v. E.I. Du Pont De Nemours & Co.*, 404 F.2d 410, 410 (5th Cir. 1968) (per curiam) (dismissing appeal under "the general rule that a discovery order incident to a pending action is not subject to appeal"). PTO 30 simply enters a stay pending a decision by

906829v.1

plaintiffs here (and others nationwide) whether to enter the Resolution Program. By its own terms, the stay is temporary. Under these circumstances, "stay orders rarely satisfy" the requirements of the collateral order rule. *Kershaw*, 9 F.3d at 14. "First, the district court's order could certainly be characterized as tentative and incomplete." The fact that it is subject to later modification – indeed, later modification is promised by its terms – makes the order "'inherently tentative.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)). Second, there is no plausible "serious and unsettled question," as the trial court's inherent power to stay proceedings temporarily cannot be doubted. Third, the stay effects no "important and irreparable loss." All plaintiffs will lose is time – either to settle or to proceed to litigation – and mere delay by itself, even if inconvenient, cannot satisfy the requirements of the collateral order rule. *Gharbi v. Blakeway*, 191 F. App'x 253, 255 (5th Cir. 2006) ("Delay alone . . . is not enough.").

Accordingly, plaintiffs' appeal does not come within the Court's jurisdiction under 28 U.S.C. § 1291 and should be dismissed to the extent that plaintiffs contend that the orders comprise a final judgment.

***Second,*** no appeal of right lies from these interlocutory orders. Under 28 U.S.C. § 1292(a), certain orders are appealable even though not final. These are not such orders. Plaintiffs might contend that PTO 30 is in the nature of an order "granting, continuing, modifying, refusing or dissolving injunctions," which would

bring it within the purview of § 1292(a)(1).[4] But they would be wrong. Although orders that stay proceedings in *other* courts are sometimes treated as injunctions for the purposes of § 1292(a)(1), *see, e.g., Castanho v. Jackson Marine, Inc.*, 650 F.2d 546, 549 (5th Cir. Unit A June 25, 1981), "where a court acts to halt proceedings on its own docket . . . , that action 'is not an injunction but merely a calendar order issued under the court's inherent power to regulate the administration of its own business.'" *Id.* at 547 (quoting *Anderson v. United States*, 520 F.2d 1027, 1028 (5th Cir. 1975)). The trial court stayed only its own proceedings, and thus no appeal lies here under § 1292(a)(1).[5]

***Third,*** the Court lacks discretion to review these interlocutory orders. Under 28 U.S.C. § 1292(b), the trial court is empowered to certify an interlocutory order for appeal by stating in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This Court can then, "in its discretion, permit an appeal to be

---

[4] PTO 28 is plainly not an injunction. Thus, it is not subject to § 1292(a)(1). There is no colorable argument that any other subsection of § 1292(a) is implicated by either PTO 28 or PTO 30. Section 1292(a)(2) concerns interlocutory orders "appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof." Section 1292(a)(3) concerns interlocutory "decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."

[5] At one time, the *Enelow-Ettelson* doctrine permitted appeals from such stays in limited circumstances. *See, e.g., Hines v. D'Artois*, 531 F.2d 726, 728 (5th Cir. 1976) (applying the rule to a stay). In *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287-88 (1988), however, the Supreme Court laid that doctrine to rest, and it cannot save plaintiffs' appeal.

7

taken from such an order, if application is made to it within ten days after the entry of the order." *Id.*

The trial court entered no such order here, and in any event, plaintiffs did not even notice their appeal – much less make an application to this Court – within ten days of November 9, 2007. Both flaws are jurisdictional. *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) (dismissing appeal because "certification was not obtained in the present case. We are, therefore, without jurisdiction to review this order by this appeal."); *Aucoin v. Matador Servs., Inc.*, 749 F.2d 1180, 1181 (5th Cir. 1985) (dismissing appeal *sua sponte* for lack of appellate jurisdiction because plaintiff "did not file with this Court a request for permissive appeal within ten days after the 1292(b) order was filed in the district court").

Accordingly, the Court has no power to review PTO 28 or PTO 30 under § 1292(b).

## CONCLUSION

For the foregoing reasons, defendant Merck & Co., Inc. respectfully requests that the Court dismiss plaintiffs' appeal for lack of jurisdiction.

M00D980317

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

John H. Beisner
Jessica D. Miller
Geoffrey M. Wyatt
O'MELVENY & MYERS, LLP
1625 Eye Street, NW
Washington, D.C. 20006

Douglas Marvin
WILLIAMS & CONNOLLY, LLP
Washington, D. C. 20005

Counsel for Defendant-Appellee
Merck & Co., Inc.

9

906829v.1

M00D980318

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Motion to Dismiss For Lack of Appellate Jurisdiction* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, and on Ronald R. Benjamin by U.S. Mail and e-mail, on this 10th day of January , 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Counsel for Merck & Co., Inc.