

19457636

Apr 17 2008
3:31PM

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This Document Relates to All Cases | § | JUDGE FALLON |
| | § | |
| | § | MAGISTRATE JUDGE KNOWLES |

### CERTAIN PLAINTIFFS' AND THEIR COUNSELS' EMERGENCY MOTION FOR MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28 AND REQUEST FOR EXPEDITED TELEPHONIC HEARING

**MAY IT PLEASE THE COURT:**

Certain counsel for a group of Kentucky and Indiana cases, all of which were filed in the state courts of Kentucky, removed by Merck to the pertinent federal district court and thereafter transferred to this Multi-District Litigation, respectfully move the Court for an Order modifying or suspending the application of Pretrial Order No. 28 ("PTO 28") during the pendency of the assessment and implementation of the Resolution Program ("RP") set forth in the Master Settlement Agreement.

As a general comment, the Undersigned Counsel and their clients are acutely aware of the positive developments presented by the RP. Said Counsel have recommended to all of their eligible clients that they participate in the RP and the vast majority of those clients have accepted Counsel's recommendations. However, this leaves two (2) categories of clients to which the Undersigned Counsel and the Plaintiffs' Steering Committee ("PSC") *may* continue to have duties of effective representation, as

CERTAIN PLAINTIFFS' AND THEIR COUNSELS' EMERGENCY MOTION FOR (1)
MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28 AND
REQUEST FOR EXPEDITED TELEPHONIC HEARING

Page 1 of 6

M00EB95705

follows: (1) clients who allege injury related to thromboembolic disorders of the venous system, such as Deep Vein Thrombosis ("DVT") and/or Pulmonary Embolism ("PE"); and, (2) clients who are eligible because they are alleging Myocardial Infarction ("MI") or Ischemic Stroke ("IS") but who have rejected the RP for various reasons, good or bad.

Concerning the first category of clients, the requirements set forth in PTO. 28 are premature, as the Undersigned Counsel understand that the PSC has not conducted any discovery or recruited any general causation experts regarding these clients. There may be many good reasons why this is so, but it is still the obligation of the PSC to develop that proof and no one else has been able to do so as long as the MDL pretrial orders have remained in effect protecting Merck from other discovery. General causation is a predicate for case specific causation. Development of general causation is typically recognized in Multi-District Litigation to be a part of generic discovery, failing within the responsibility of the PSC. Thus, compliance with the Rule 26(a)(2) requirements for cases alleging thromboembolic injuries is not practical or possible until the PSC develops general causation expert opinions for thromboembolic injuries sufficient to satisfy the requirements of *Daubert*. If the PSC is not going to address this task that should be made explicit and, certainly, deadlines for case specific discovery should not be established until the PSC's position is known and the opportunity for discovery on these generic issues has been accorded.

The second category of clients should be offered a realistic opportunity to either prepare their case or to obtain substitute counsel in the event their current counsel withdraw. PTO 28 does not allow either opportunity. By an enlargement of time of the

M00EB95706

deadlines of PTO 28, at least until after the delivery of the long awaited final "trial package" by the PSC, this dilemma could be easily addressed by this Court.

PTO 28 was entered by this Court on November 9, 2007.  There was no prior notice of any kind to the undersigned nor, to counsel's knowledge, to any counsel in this proceeding other than those counsel involved for the Defendants and for the Plaintiffs as part of the Negotiating Plaintiffs' Committee.  PTO 28 sets significant deadlines on counsel with respect to a Preservation Notice Requirement and subsequent certification, followed by substantial Discovery Requirements due either on May 1, 2008, or July 1, 2008, depending upon the Plaintiff's last name.  The Discovery Requirements include: the submission of all pharmacy records along with a specific certification from each pharmacy as to completeness; a Plaintiff Profile Form if the same had not previously been submitted; answers to interrogatories; the submission of all medical records along with a specific certification from each healthcare provider as to completeness; a highly specific affidavit from counsel on multiple matters; and Rule 26(a)(2) "case specific expert reports."

The requirements set forth in PTO 28 are unfair and unilaterally slanted in favor of Merck, both in general and in specific application.

The Discovery Requirements are substantial, case specific, discovery obligations that, in every other instance, would have been negotiated for a balanced approach, with requirements on Merck at the same time as these requirements were placed on plaintiffs. In essence, PTO 28 sets impossible deadlines that will prevent any case ineligible for the Resolution Program from being prosecuted.  PTO 28 contains absolutely no Discovery

CERTAIN PLAINTIFFS' AND THEIR COUNSELS' EMERGENCY MOTION FOR (1)
MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28 AND
REQUEST FOR EXPEDITED TELEPHONIC HEARING

Page 3 of 6

M00EB95707

Requirements applicable to Merck.  These counsel have been precluded from conducting any discovery in this MDL proceeding and they are now faced with significant discovery obligations **and** the disclosure of Rule 26(a)(2) case specific expert reports in the absence of any discovery from Merck.  The liability discovery in this proceeding is not yet complete, as the final Trial Package, though promised several times, has not yet been distributed.  It is illogical to assume that any plaintiff could appropriately evaluate his/her case without having this liability discovery, much less produce reports from case specific experts who have not had the opportunity to review this material.

Not only are the Discovery Requirements of PTO 28 onerous and unilateral, but they, too, come at a time when Counsels' efforts are directed toward the significant requirements associated with assessing and complying with the Resolution Program and the Master Settlement Agreement.

These Counsel ask the Court to suspend indefinitely the requirements of PTO 28, and to further order that the provisions contained in PTO 28 will be fully discussed at a duly noticed hearing before any portion of the Order is reinstated.  The issues that need resolution, upon proper notice, are the extent of obligations the PSC still has to the coordinated cases to develop proof on non-MI, SCD and IS cases, the delivery of the Trial Package and the proper deadlines for case specific proof in all cases taking into account compliance with the RP, the Trial Package and reasonable periods of discovery.

THEREFORE, counsel requests the Court to schedule an expedited telephonic hearing.

CERTAIN PLAINTIFFS' AND THEIR COUNSELS' EMERGENCY MOTION FOR (1)
MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28 AND
REQUEST FOR EXPEDITED TELEPHONIC HEARING

M00EB95708

Respectfully submitted,


/s/  Ann B. Oldfather_____
Ann B. Oldfather
The Oldfather Law Firm
1330 S. Third Street
Louisville, KY  40208
502/637-7200
502/637-3999 (facsimile)
aoldfather@oldfather.com

Gregory J. Bubalo
D. Brian Rattliff
Bubalo, Hiestand & Rotman, PLC
401 S. Fourth Street, Suite 800
Louisville, KY  40202
502/753-1600
502/581-0124 (facsimile)
Brattliff@bhtriallaw.com

Tyler S. Thompson
Liz Shepherd
Dolt, Thompson, Shepherd & Kinney
13800 Lake Point Circle
Louisville, KY  40223
502/244-7772
502/244-7776 (facsimile)
Tthompson@kytrial.com


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that

CERTAIN PLAINTIFFS' AND THEIR COUNSELS' EMERGENCY MOTION FOR (1)
MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28 AND
REQUEST FOR EXPEDITED TELEPHONIC HEARING

M00EB95709

the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on April 17, 2008.

/s/  Ann B. Oldfather_____
Ann B. Oldfather


## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned conferred with counsel for Merck and Plaintiffs' Liaison Counsel, and other representatives regarding this motion.

/s/  Ann B. Oldfather_____
Ann B. Oldfather

CERTAIN PLAINTIFFS' AND THEIR COUNSELS' EMERGENCY MOTION FOR (1) MODIFICATION AND/OR SUSPENSION OF PRETRIAL ORDER NO. 28 AND REQUEST FOR EXPEDITED TELEPHONIC HEARING

Page 6 of 6

M00EB95710