UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**JOINT REPORT NO. 39 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 39.

I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the settlement

program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pre-Trial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail. By Order & Reasons entered May 30, 2008, the Court extended the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within

a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Orders 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

945482v.1

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy, and other records relating to claimants' enrolling in the Vioxx Resolution Program.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel to follow when seeking to withdraw from representation based on the grounds that a plaintiff cannot be found or fails to respond to communications from counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters. Pre-Trial Order 6D (September 15, 2008) further supplements Pre-Trial Order 6 by setting forth additional fee allocation guidelines.

As announced at the January 18, 2008 monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments. A copy of the amendments is available on the Claim Administrator's website, http://www.browngreer.com/vioxx_settlement.

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008 for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation. A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement. In addition, the parties will be prepared to discuss these issues further at the monthly status conference on September 23, 2008.

On June 30, 2008, Ronald R. Benjamin, counsel for certain plaintiffs, filed a Motion to Vacate or Modify the Master Settlement Agreement, and Pre-Trial Order No. 28, and to Extend Time to Submit Expert Certificate of Causation and/or to Preclude Merck from Using the Expert Certificate of Causation and From Using to Cross-Examine Experts at Trial. The PSC and Merck filed oppositions to the motion. The motion, which is scheduled for hearing on September 23, 2008, will be held without oral argument and submitted on the briefs according to the Court's briefing schedule. *See* Order entered September 11, 2008.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs. The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On September 12, 2008, attorney Michael Stratton wrote the Court and asked that his letter be treated as a Motion for Transparency with respect to how points are being awarded and interim payments are being made in connection with the Settlement Program. The Court issued an Order on September 15, 2008, directing Liaison Counsel to place the matter on the agenda at the monthly status conference. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008. On September 15, 2008, the Court issued

an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (see Doc. No. 15702 and Doc. No. 15857). One of the motions (Doc. No. 15702) is set for hearing on September 23, 2008. This motion was a motion filed by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents. Similar motions by other plaintiffs' counsel are set for hearing on October 8, 2008. PLC will be prepared to discuss the several motions for orders to show cause at the monthly status conference on September 23, 2008, as well as be prepared to address the Court at the hearing of the motions.

## II.   REGISTRATION AND ENROLLMENT OF CLAIMS IN THE SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration and enrollment. BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and other issues at the monthly status conference on September 23, 2008.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

## III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective

Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm will report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

### IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. A meeting took place on March 5, 2008 with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program. Special Master Juneau has advised that the Special Masters will engage in a "run through" to ensure that the Special Master process will not delay the Settlement Program.

### V.   STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2008.

### VI.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court.

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

945482v.1

VII. **DISCOVERY DIRECTED TO THIRD PARTIES**

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In The Possession of Express Scripts, Inc. On May 14, 2008 a telephone status conference was held between the Court, ESI and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program. On June 24, 2008, another telephone status conference took place with the Court. Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition. On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription drug documents or data. The matter was continued from the September 3, 2008 hearing to September 23, 2008 so that ESI could provide additional records and so that the PSC could have an opportunity to review the production. The PSC, with the assistance of Brown Greer, has reviewed the ESI production and will be prepared to report to the Court at the monthly status conference on September 23, 2008.

VIII. **STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE**

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee also have worked on coordinating the discovery efforts of the various Attorney General cases currently pending before the Court. The parties will be prepared to discuss these issues further at the monthly status conference on September 23, 2008.

945482v.1

IX.     *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigations and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on September 23, 2008.

X.      MERCK'S MOTIONS

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on September 23, 2008.

XI.     ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in

Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC. The PSC will be prepared to discuss this further at the monthly status conference on September 23, 2008.

XII. VIOXX SUIT STATISTICS

As of June 30, 2008, the Company had been served or was aware that it had been named as a defendant in approximately 13,750 lawsuits, which include approximately 31,750 plaintiff groups, alleging personal injuries resulting from the use of *Vioxx*, and in approximately 249 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 9,225 lawsuits representing approximately 24,000 plaintiff groups are or are slated to be in the federal MDL and approximately 2,675 lawsuits representing approximately 2,675 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court before Judge Carol E. Higbee. In addition, as of June 30, 2008, approximately 12,750 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thrombotic cardiovascular event that results in a myocardial infarction or ischemic stroke. The parties agreed that April 9, 2007 was the deadline for filing Tolling Agreements. Merck has advised that no additional Tolling Agreements are being accepted.

In addition to the *Vioxx* Product Liability Lawsuits discussed above, the claims of over 22,300 plaintiffs had been dismissed as of June 30, 2008. Of these, there have been over 2,950 plaintiffs whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts. Over 19,350 additional plaintiffs have had their claims dismissed without prejudice. Of these, approximately 11,800 plaintiff groups represent plaintiffs who had lawsuits pending in

- 10 -

the New Jersey Superior Court at the time of the Settlement Agreement described below and who have expressed an intent to enter the program established by the Settlement Agreement; Judge Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

### XIII.  PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

### XIV.  THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter. Since the last status conference, the parties (Merck, PLC, and many AGs) have continued the discussions regarding possible common discovery and other issues. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

### XV.  MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*. The motion was heard on September 11, 2008 and was taken under advisement by

the Court. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

## XVI. TERMINATION OF TOLLING AGREEMENTS

Section 7.2 of the Settlement Agreement dated November 9, 2007 terminated the Tolling Agreement dated June 1, 2005 between Merck and the PSC with respect to all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death and stroke claims. On April 23, 2008, Merck provided notice that, pursuant to the terms of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other claims effective 120 days from April 23. The effective date for the termination of the Tolling Agreement has now passed and the Tolling Agreement has now been terminated as to all claims.

## XVII. THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "Avmed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and US Bank National Association (plaintiffs' complaint names the incorrect party) moved to sever plaintiffs' claims. On June 9, 2008, the Avmed plaintiffs filed a motion for temporary restraining order and preliminary injunction.

On June 27, 2008, the Court issued an Order stating that the Motion to Sever was withdrawn, without prejudice. Further, the Order stated that the Motion for Preliminary Injunction was withdrawn, without prejudice. On July 8, 2008, the Court convened a status conference to discuss the status of the Avmed negotiations. On July 14, 2008, the Avmed

plaintiffs refiled their motion for equitable and other relief, and BrownGreer and US Bank National Association refiled their motion to sever.  Both matters were heard on July 24, 2008 and on August 7, 2008 the Court issued an Order denying AvMed's Request for a Preliminary Injunction and a Request to Stay the Proceedings pending an appeal. Thereafter, AvMed, August 8, 2008, filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit.  On August 12, 2008, AvMed's Motion to Stay Settlement Distribution Pending Appeal was denied.  On August 14, 2008, AvMed filed a Motion for Expedited Appeal and for Stay Pending Appeal with the United States Court of Appeals for the Fifth Circuit.  BrownGreer and US Bank National Association filed an opposition on August 15, 2008.  On August 18, 2008, AvMed filed a Reply to the Opposition.  The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

On September 11, 2008, the United States Court of Appeals for the Fifth Circuit issued an Order requiring that the parties file with the Fifth Circuit Court's Office a designation of documents to be included in the record that the District Court will compile and transmit to the Fifth Circuit.  The parties were directed to file joint designations and supplemental designations (if necessary) as soon as practicable, but no later than fifteen (15) days from the date of the Order.

### XVIII. MERCK'S MOTION TO DISMISS CASES OF NON-REGISTRANTS

On May 29, 2008, Merck filed a Motion for an Order to Show Cause Why Plaintiffs' Cases Should Not Be Dismissed for Non-Compliance With Pretrial Order 31.  Merck filed an amended and superseding motion on June 18, 2008 to correct and update the affected cases.  The motion was heard on September 11, 2008.  At the hearing, the Court granted the motion and dismissed the claims of 258 plaintiffs who had failed to register.  The motion was

deferred as to 5 plaintiffs. The motion was resolved as to all remaining plaintiffs who either registered or filed Stipulations of Dismissal With Prejudice. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

### XIX. 1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc. Plaintiffs assert ERISA claims and other equitable and declaratory relief. The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the Complaint on June 26, 2008. Also, defendant Brown Greer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule. Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint. On July 10, 2008, defendants filed their responses. The matter came for hearing July 24, 2008 and on August 7, 2008 the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction. On August 20, 2008, the Court issued an additional Order clarifying its prior Order of August 7, 2008 and denying the Emergency Stay of the Proceedings Pending Appeal. On September 4, 2008, 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund filed a Notice of Appeal. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

945482v.1

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F Conference to discuss a discovery plan and other issues. Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund requested that the agenda for the September 23, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference. PLC responded by agreeing to place the items on the agenda even though the items did not merit the Court's attention at this time since the parties are awaiting an opinion on the Motion to Strike Class Allegations and the Motion to Dismiss, and further, that the request for a discovery conference is objected to. The parties will be prepared to discuss this further at the monthly status conference on September 23, 2008.

### XX. MERCK'S NONRESPONSIVE PLAINTIFFS' CROSS-MOTION AND RULE

On August 15, 2008, Merck filed a Cross Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Prosecute. A second Cross-Motion was filed on August 21, 2008. No oppositions were filed to either Cross-Motion. Both motions are scheduled for hearing on September 23, 2008 immediately following the monthly status conference.

### XXI. MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE (*Lone Pine* Requirements)

On September 19, 2008, Merck filed two Motion(s), Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28. One motion is directed at plaintiffs who are eligible for the Resolution Program, but have not enrolled in the Program and have also not complied with

the discovery requirements of PTO 28.  The second motion is directed at plaintiffs who are ineligible for the Program and have not complied with PTO 28.  Merck is requesting that the motions be scheduled for hearing in conjunction with the October MDL conference if that conference is scheduled on or before October 23.  Alternatively, if the MDL conferences is scheduled for a later date, Merck requests that the motions be set for hearing on or before October 23 so that plaintiffs who desire to do so will still have an opportunity to enroll in the Resolution Program prior to the final October 30th enrollment deadline.

### XXII.  DECISION QUEST, INC.

On August 21, 2008, the Court issued an Order requiring that responses to the letter dated June 30, 2008 regarding payment of fees for Decision Quest, Inc. be prepared for consideration at the September 23, 2008 status conference.  Despite mutual efforts to convene a meeting with representatives of the PSC and Decision Quest, a meeting has not yet taken place.  However, PLC will be prepared to respond to the June 30, 2008 letter and will be prepared to discuss this issue at the monthly status conference on September 23, 2008.

## XXIII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ *Russ M. Herman*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ *Dorothy H. Wimberly*
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:     (504) 581-3200
FAX:   (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 39 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of September, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

945482v.1