UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CURATOR'S STATUS REPORT NO. 6**

Curator, Robert M. Johnston, Esq., submits this Status Report No. 6, in accordance with the Court's Order, dated February 12, 2008.

**I.  MAILINGS TO *PRO SE* CLAIMANTS**

Since the filing of Curator's Status Report No.1, my office continues to receive numerous inquiries from *pro se* claimants. As instructed in the Court's Order appointing *Pro Se* Curator, we continue to assist potential claimants in navigating the settlement program. As discussed in prior reports, the number and complexity of inquiries received by my office has increased, and the average call has appreciably lengthened. In addition, we continue to assist callers, whether pure *pro se*, or who have been instructed to contact the curator by their current counsel, by accessing the caller's claimant information through the Claims Administrator's *Pro Se* Curator's portal. Through this

portal, we can assist the caller by advising the documents which have been processed and appear on the claimant's information page, and can view the documents themselves if the claimant has questions regarding a possible deficiency. We will continue to assist all callers in this manner.

As noted in prior reports, we continue to receive calls requesting duplicate enrollment or claims forms. As these requests are made, we are either providing the requested document, if within our possession, or forwarding those requests to the Claims Administrator for processing. The Claims Administrator has been very efficient in turning around such requests–sometimes within mere minutes of our request. We thank them for their continued efforts to assist these callers.

We anticipate additional mailings in the near future. First, the Curator has been made aware, through counsel for Merck, of 115 potential claimants who appear to meet the initial requirement of having either a lawsuit or tolling agreement as of the date of the settlement agreement. Of these, all but 16 are tolling claimants, while the rest have filed a lawsuit either in proper person, or their attorneys have withdrawn from the litigation. In light of the upcoming October 30 deadline for registration and enrollment, we recommend again sending the registration materials to these 115 claimants, reminding them that if they wish to take part in the settlement program, they must quickly complete their registration and enrollment. We anticipate these packages to roll out by the middle of next week. We will continue to assist these claimants in taking part in the settlement program, or attempt to confirm that they do not wish to take part in the settlement. We will keep all parties, the court, and the Claims Administrator apprised of any new information or documents received from this additional mailing.

In a related matter, we have been in communication with the liaison counsel for state court remands, Ms. Dawn Barrios, that there appear to be a number of remands which potentially impact

*pro se* litigants. We are working with Ms. Barrios to assure that these *pro se* litigants are informed of the settlement program and its requirements. This may require an additional mailing to the *pro se* litigants involved. We defer to Ms. Barrios for the particulars regarding these potential remands.

## II.   RETURNED AND UNDELIVERABLE MAIL

As discussed in prior reports, we continue to monitor returned and undeliverable mailings sent to both unregistered and registered potential *pro se* claimants. As of the date of this status report, no additional original Curator mailings, or tolling agreement termination letters, have been returned undeliverable. We will continue to monitor any returned or undeliverable mail, in light of the additional mailings outlined above, and will keep the parties, Court, and Claims Administrator apprised of any new information or documents received.

## III.   LEGAL NOTICE PUBLICATIONS

We have identified and made contact with all of the newspapers in which legal notices will be published. As the publications occur, we have requested, and are receiving affidavits of publication from the newspaper, both certifying the dates of publication, and providing a copy of the notice published. These affidavits are maintained in the *Pro Se* Curator's file and will be submitted to the Court upon completion of all legal notice publications as part of the Curator's Certification.

The increased response to these publications noted in Report No. 5 has continued. As new information is received, we carry on providing registration materials to same.

The total number of legal notice publications which have either been published, are currently running, or scheduled to run before the end of this month is 274. There are an additional nine (9) notices which have not yet appeared because the newspapers have refused to publish both the first and last name of the claimant. We are attempting to resolve this issue with the recalcitrant

publications directly. But, absent their agreement to run our legal notice as requested, we will publish these last notices in a regional or national publication.

We continue to receive letters and calls from incarcerated persons, however, no new contact information has been gleaned from same.

For both claimants, or their heirs, for whom new contact information has been received as a result of the publication of these legal notices, we have forwarded that information to both the Claims Administrator and counsel for Merck, so that future communications can be sent directly. If new information is received in the future, we will continue to act accordingly. Similarly, we have received requests from counsel for Merck and withdrawing attorneys seeking information regarding claimants that they have been unable to reach. As these inquiries are received, we review our records and provide the requested information. It should be noted, however, that because of the mandatory evacuation for Hurricane Gustav, approximately eleven (11) total days were lost because we could not access any of the hard copy file materials, which were being stored in our office for safe keeping in the event of significant damage from the storm. As a result, there are some outstanding requests from counsel preparing withdrawal affidavits, in compliance with PTO 36, that we have not yet been able to process. We have made these requests a priority and will continue to assist in this ongoing endeavor.

### IV.    CURATOR'S COMMUNICATIONS

My firm continues to receive numerous telephone calls, emails, facsimiles, and correspondence from potential claimants in the Settlement Program, who have yet to register but are a party to the Tolling Agreement, who have attempted enrollment and received notices of deficiencies, or who have claims regarding the status of their claims package review. These communications continue to be

logged in an internal communications log, and are also being entered into the online communications log, previously described, on a rolling basis. This communications log is available through the Claims Administrator's portal, and reports are available by date, by caller, or by Curator taking the call. At the conclusion of this process, we will submit the entire communications log to the Court.

In the meantime, upon information and belief, this information is currently available and searchable to everyone possessing a valid login and password to the Claims Administrator's Vioxx Portal. We defer to the Claims Administrator as to the requirements to access this information, as well as maintenance of appropriate data back-up services.

With regard to written communications and documents forwarded by potential *pro se* claimants via U.S. Mail, facsimile, electronic mail, and private shipping companies (Federal Express, DHL, and UPS), we continue to forward all documents received by my office, on a rolling basis, to the Claims Administrator, both via electronic mail as a PDF attachment, and via overnight delivery, in order to assist in compliance with the deadlines set forth in the Settlement Agreement, and extensions agreed to by the parties. A copy of these communications and documents is also maintained in the Curator's file.

When requested, we have provided assistance in reestablishing communications between a caller and his or her attorney who had difficulty reaching the claimant. As these requests carry on, we will continue to provide this assistance.

Lastly, we have seen a marked increase in callers seeking a regular "status check" of their claims. These callers' claimant information page, on the Curator's portal, generally shows that the claimant is enrolled and that no deficiency was found (NDF) after Merck's review of their documents. For those claimants whose information page indicated any deficiency, we provide the claimant with

the deficiency description and advise how to remedy same. The Claims Administrator has been of great assistance in helping these claimants correct deficiencies by re-sending the required documents, or by verifying that the database reflects any corrective action taken. As these calls continue, we will assist and coordinate efforts with the Claims Administrator to assure *pro se* claimants have every opportunity to comply with the requirements and deadlines of the settlement agreement.

## V.  REFERRAL ATTORNEY LIST

As part of the Court's February 12, 2008 Order, the Curator has the responsibility of advising "the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides." *See* Document No. 13365, Page 3. As previously reported, we have been provided with information from the PLC regarding attorneys handling Vioxx matters in various jurisdictions, have reorganized this information into a list, sorted by location, of attorneys handling Vioxx matters, and continue to provide this information, as required by the Court's Order, to *Pro Se* Claimants requesting same.

[This portion of the page left intentionally blank]

**VI.     PRESENTATION AT NEXT STATUS CONFERENCE**

Curator and associate attorneys, will be available to discuss the above, as well as to address any questions, at the monthly status conference, currently scheduled for September 23, 2008. Additionally, we will be available for all future status conferences, as dates are selected by the Court.

Respectfully submitted,

**JOHNSTON, HOEFER, HOLWADEL
  & ELDRIDGE**

  /s/ Robert M. Johnston
**ROBERT M. JOHNSTON  (#7339)**
601 Poydras Street, Suite 2490
New Orleans, Louisiana 70130
Telephone: (504) 561-7799
Facsimile: (504) 587-3794
**rmj@ahhelaw.com**
*Pro Se* **Curator**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Curator's Status Report No. 6 has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of September, 2008.

  /s/ Robert M. Johnston
**ROBERT M. JOHNSTON  (#7339)**