**MINUTE ENTRY**
**FALLON, J.**
**SEPTEMBER 23, 2008**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 39 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Karen Anderson Ibos, Official Court Reporter.  Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.     SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:30)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the

Master Settlement Agreement and exhibits, together with registration and enrollment forms and

instructions can be found at the Claims Administrators' website at

http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or

assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-

1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the

settlement program is available at the website sponsored by the MDL Plaintiffs' Steering

Committee:  http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders,

which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B,
requires certain plaintiffs with claims pending or tolled as of November 9, 2007,
to produce certain information within a specified time period.  The parties have
jointly submitted a revised amendment to Pretrial Order 28 to allow service of
notices for preservation of records by either certified or registered mailings.  On
January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January
8th deadline to mail record preservation letters to health-care providers and
pharmacies.  On January 18, 2008, the Court entered Pre-Trial Order 28A which
amends and supplements Pre-Trial Order 28 by clarifying that service of notices
of preservation may be by certified mail as well as registered mail.  By Order &
Reasons entered May 30, 2008, the Court extended the deadline to provide case
specific expert reports for plaintiffs whose last names begin with A through L

until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims.  Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.  Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served.   Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator.  Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the

3

Court the allocation to be made by the Court of awards of attorneys' fees from the
Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison
  Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the
  settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to
  the authorization for release of healthcare, pharmacy and other records relating to
  claimants' enrolling in the Vioxx Resolution Program.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel
  to follow when seeking to withdraw from representation based on the grounds
  that a plaintiff cannot be found or fails to respond to communications from
  counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting
  forth the time and expense reporting procedure for submissions by Negotiating
  Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for
  submissions of plaintiffs' counsel's time and expense submissions relating to
  matters common to all claimants in state court Vioxx litigation matters.

As announced at the January 18, 2008, monthly status conference, the parties amended
the Settlement Agreement in order to clarify certain provisions, including amendments to certain
provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement
Agreement, and other miscellaneous amendments.  A copy of the amendment is available on the
Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008, for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation.   A copy of the amendment is available on the Claims Administrator's website,

http://www.browngreer.com/vioxxsettlement.

On June 30, 2008, Ronald R. Benjamin, counsel for certain plaintiffs, filed a Motion to Vacate or Modify the Master Settlement Agreement, and Pre-Trial Order No. 28, and to Extend Time to Submit Expert Certificate of Causation and/or to Preclude Merck from Using the Expert Certificate of Causation and From Using to Cross-Examine Experts at Trial.  Merck and the PSC each filed responses to the motion, which as been taken under submission on the briefs.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.  The Order and Reasons are posted on the Court's website,

http://vioxx.laed.uscourts.gov.

On September 12, 2008, attorney Michael Stratton wrote the Court and asked that his letter be treated as a Motion for Transparency with respect to how points are being awarded and interim payments are being made in connection with the Settlement Program.  The Court issued an order on September 15, 2008, directing Liaison Counsel to place the matter on the agenda at the monthly status conference.  At the status conference, Merck indicated that it would respond in letter format.  The Court directed that it would set a briefing schedule for the matter if necessary.

II.    REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administrator appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process.  As of September 22, 2008, the Claims Administrator has received registration materials for 59,392 claimants, 49,761 of whom are currently eligible for registration.  A total of 48,791 claimants have submitted materials for enrollment in the Settlement Program, representing more than 98% of the registrants eligible for enrollment.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.  The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the Claims Administrator's Secure Web Portal daily.  The Court urges all counsel to monitor the portal closely and work to address any issues presented by notices regarding the status of their clients' claims.

During the status conference, the Claims Administrator noted that there are over 10,000 claims with pending deficiency notices.  The Claims Administrator further noted that only 19% of the deficiency notices posted to its website have been viewed by counsel.  The Court urges all counsel to promptly address any pending deficiency notices.

Regarding the letter from the Stratton firm, the Claims Administrator stated that it is making every effort to ensure that the points valuation process is transparent. The Claims Administrator reported that it continues to review the claims of eligible claimants in the order in

6

which the claims are received.  Merck has indicated that it will submit a letter in response.  If necessary, the Court will set a briefing schedule for the parties.

On September 15, 2008, the Court issued an order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records.  (See Rec. Docs. 15702, 15721, 15857).  At the conference, the Court granted two of the motions (Rec. Docs. 15702, 15721) and set a show cause hearing for Friday, October 17, 2008, at 9:00 a.m.

III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement.  On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans.  The Lien Administrator provided a report on the progress of discussions with various federal and state agencies.  The Lien Administrator has agreed in principle with Medicare on a process for resolving claims.  The Lien Administrator has also reached agreements in principle with the state agencies as to the proposed procedures and global hold backs.  The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to

assist Special Master Patrick Juneau.  A meeting took place on March 5, 2008, with the Court

and the Special Master and Deputy Special Masters for the purpose of orientation about the

Vioxx Resolution Program.  Special Master Juneau has advised that the Special Masters will

engage in a "run through" to ensure that the Special Master process will not delay the Settlement

Program.

V.    STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2008.

VI.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master

Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed and the

Court has taken it under submission.

The Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical

Monitoring Master Class Action Complaint.  The matter has been fully briefed and the Court

will set an argument schedule at a later date.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay

for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of

Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the

Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for

claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another

telephone status conference took place with the Court.  The parties are continuing discussions

with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in

the Settlement Program.  Based upon directives from the Court, on June 30, 2008, the PSC

issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6)

corporate deposition.  On August 7, 2008, the PSC filed a Motion to Compel against Express

Scripts to comply with the subpoena request for prescription drug documents or data.  At the

status conference, the parties indicated that they would attempt to reach an extra-judicial

resolution of the matter and that the motion should be continued.

VIII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on

various issues.  The State Liaison Committee submitted to the Court an electronic database of all

current motions to remand.  The State Liaison Committee further reported on extensive initial

work in coordinating the discovery efforts of the various Attorney General cases currently

pending before the Court.

IX.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se*

Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration

and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in

Section I above.  Letters to *pro se* individuals were sent on December 12, 2007, advising them of

the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling

claimants have been in communication with the PLC to discuss the Settlement Agreement.

Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of

Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

The Pro Se Curator reported that 273 legal notice publications have been completed and

are running in newspapers around the country.  The Curator further reported that there are 115 pro se claimants who are eligible for the settlement but have not enrolled.  The Pro Se Curator is currently working to contact those claimants.  The Curator is similarly working to assist pro se plaintiffs in seeking to obtain medical records by subpoena.

X.    <u>MERCK'S MOTIONS</u>

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  Oral argument was held on August 9, 2007, and the Court took the matter under advisement.  The matter is currently stayed pending resolution of certain discovery issues.

XI.    <u>ISSUES RELATING TO PRE-TRIAL ORDER NO. 9</u>

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XII.    <u>VIOXX SUIT STATISTICS</u>

As of June 30, 2008, Merck had been served or was aware that it had been named as a defendant in approximately 13,750 lawsuits, which include 31,750 plaintiff groups, alleging personal injuries resulting from the use of Vioxx, and in approximately 249 putative class

actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 9,225 lawsuits representing approximately 24,000 plaintiff groups are or are slated to be in the federal MDL and approximately 2,675 lawsuits representing approximately 2,675 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court before Judge Carol E. Higbee.  In addition, as of June 30, 2008, approximately 12,750 claimants had entered into Tolling Agreements with Merck, which halt the running of applicable statutes of limitations for those claimants who seek to toll claims alleging injuries resulting from a thromobotic cardiovascular event that results in a myocardial infarction or ischemic stroke.  The parties agreed that April 9, 2007, was the deadline for filing Tolling Agreements.  Merck has advised that no additional Tolling Agreements are being accepted.

In addition to the Vioxx Product Liability Lawsuits discussed above, the claims of over 22,300 plaintiffs had been dismissed as of June 30, 2008.  Of these, there have been over 2,950 plaintiffs whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts.  Over 19,350 additional plaintiffs have had their claims dismissed without prejudice.  Of these, approximately 11,800 plaintiff groups represent plaintiffs who had lawsuits pending in the New Jersey Superior Court at the time of the Settlement Agreement described below and who have expressed an intent to enter the program established by the Settlement Agreement; Judge Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that use (such as an executor, spouse, or third party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XIII.   <u>PSC MDL TRIAL PACKAGE</u>

On May 20, 2008, the Court issued Pre-Trial Order No. 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.  Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who made proper requests.

XIV.   <u>THIRD PARTY PAYOR CASES</u>

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.  On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter.  Since the last status conference, the parties (Merck, the PLC, and many of the AGs) have continued the discussions regarding possible common discovery and other issues.

XV.   <u>MOTION TO DISMISS FOREIGN INDIVIDUAL CASES</u>

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The motion was heard on September 11, 2008, and was taken under advisement by the Court.

XVI.   <u>TERMINATION OF TOLLING AGREEMENTS</u>

Section 7.2 of the Settlement Agreement dated November 9, 2007, terminated the Tolling Agreement dated June 1, 2005, between Merck and the PSC with respect to all claims enrolling in the program established by the Settlement Agreement to resolve heart attack, sudden cardiac death, and stroke claims.  On April 23, 2008, Merck provided notice that, pursuant to the terms of the Tolling Agreement, it was terminating the Tolling Agreement with respect to all other

12

claims effective 120 days from April 23.  The effective date for the termination of the Tolling

Agreement has now passed and the Tolling Agreement has now been terminated as to all claims.

XVII.  THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of

ERISA health benefit plans and other insurers (collectively, "AvMed plaintiffs") filed suit

against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other

relief.

On May 20, BrownGreer and US Bank National Association moved to sever plaintiffs'

claims.  On June 9, 2008 the AvMed plaintiffs filed a motion for a temporary restraining order

and preliminary injunction.

On June 27, 2008, the Court issued an order stating that both the motion to sever and the

motion for a preliminary injunction were withdrawn, without prejudice.  On July 8, 2008, the

Court convened a status conference to discuss the status of the AvMed negotiations.  On

Monday, July 14, 2008, representatives of the PNC and AvMed met to discuss potential

resolution.  Later that day, the AvMed plaintiffs re-filed their motion for equitable and other

relief, and BrownGreer and US Bank National Association re-filed their motion to sever.  Both

matters were heard on July 24, 2008, and on August 7, 2008, the Court issued an Order denying

AvMed's Request for a Preliminary Injunction and a Request to Stay the Proceedings pending an

appeal.  Thereafter, on August 8, 2008, AvMed filed a Notice of Appeal with the United States

Court of Appeals for the Fifth Circuit.  On August 12, 2008, the Fifth Circuit denied AvMed's

Motion to Stay Settlement Distribution Pending Appeal.  On August 14, 2008, AvMed filed a

Motion for an Expedited Appeal and for a Stay Pending Appeal.  BrownGreer and US Bank

National Association filed an opposition on August 15, 2008.  On August 18, 2008, AvMed filed a Reply to the Opposition.

On September 11, 2008, the United States Court of Appeals for the Fifth Circuit issued an Order requiring that the parties file with the Fifth Circuit Court's Office a designation of documents to be included in the record that the District Court will compile and transmit to the Fifth Circuit.  The parties were directed to file joint designations and supplemental designations (if necessary) as soon as practicable, but no later than fifteen (15) days from the date of the Order.

XVIII. MERCK'S MOTION TO DISMISS CASES OF NON-REGISTRANTS

On May 29, 2008, Merck filed a Motion for an Order to Show Cause Why Plaintiffs' Cases Should not be Dismissed for Non-Compliance with Pretrial Order 31.  Merck filed an amended and superseding motion on June 18, 2008, to correct and update the affected cases. The motion was heard on September 11, 2008.  At the hearing, the Court granted the motion and dismissed the claims of 258 plaintiffs who had failed to register.  The motion was deferred as to 5 plaintiffs.  The motion was resolved as to all remaining plaintiffs who either registered or filed Stipulations of Dismissal with Prejudice.

XIX.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc.

14

Plaintiffs assert ERISA claims and other equitable and declaratory relief.  The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the complaint on June 26, 2008.  Also, defendant BrownGreer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule.  The scheduling issues were addressed with the Court at a status conference on July 8, 2008.  Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint.  On July 10, 2008, defendants filed their responses.  The matter came for hearing on July 24, 2008, and on August 7, 2008, the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction.

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F Conference to discuss a discovery plan and other issues.  Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamster's Council Health and Hospital Fund requested that the agenda for the September 23, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference.  The Court will issue a separate order resolving the pending motions regarding joinder of claims and class action status.  The Court will address any remaining issues at a later date.

## XX.  MERCK'S NONRESPONSIVE PLAINTIFF'S CROSS-MOTION AND RULE

On August 15, 2008, Merck filed a Cross Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Prosecute.

A second Cross-Motion was filed on August 21, 2008.  The Court set both matters for hearing at the September 23, status conference. No oppositions were filed to either Cross-Motion.  The Court will issue a separate order noting that it granted the motions and dismissed the claims.

XXI.   MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE (*Lone Pine* Requirements)

On September 19, 2008, Merck filed two Motions, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With the Lone Pine Requirements of PTO 28.  One motion is directed at plaintiffs who are eligible for the Resolution Program, but have not enrolled in the Program and have also not complied with the discovery requirements of PTO 28.  The second motion is directed at plaintiffs who are ineligible for the Program and have not complied with PTO 28.  At the status conference, the Court granted the motion and set a show cause hearing for Friday, October 10, 2008, at 10:00 a.m.

XXII.  DECISION QUEST, INC.

On August 21, 2008, the Court issued an Order requiring that responses to the letter dated June 30, 2008, regarding payment of fees for Decision Quest, Inc., be prepared for consideration at the September 23, 2008, status conference.  Despite mutual efforts to convene a meeting with representatives of the PSC and Decision Question, a meeting had not yet taken place by the time of the status conference.  The Court directed the parties to meet and then file a letter in response if necessary.

XXIII. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Friday, October 17, 2008, at 9:00 a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-

7163.  The access code will be 66730748 and the Chairperson will be Judge Fallon.

