UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to the plaintiffs listed on Exhibit A | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

*****************************************************************************

**DEFENDANT MERCK & CO., INC.'S MOTION,
RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE
WHY CASES SHOULD NOT BE DISMISSED WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring plaintiffs to show cause why their individual claims should not be dismissed without prejudice for failure to prosecute. Pursuant to Federal Rule of Civil Procedure Rule 41(b) and this Court's broad discretion to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order dismissing the claims of the plaintiffs referenced in Exhibit A (hereinafter "Non-Responsive Plaintiffs"). Dismissal should be granted, as discussed below, because Non-Responsive Plaintiffs either cannot be found or have otherwise failed to participate in this litigation by communicating with their counsel.

**BACKGROUND**

As part of the Vioxx settlement procedure, plaintiffs' counsel submit to the Vioxx Claims Administrator the names of their clients that they are enrolling. In response to requests by various plaintiffs' counsel, the parties and the Claims Administrator adopted a procedure by which plaintiffs' counsel could identify those plaintiffs that counsel were not enrolling because

counsel could not locate them.  The various counsel have indicated that each of the plaintiffs on Exhibit A cannot be found.

## ARGUMENT

Each of the Non-Responsive Plaintiffs filed claims against Merck for personal injuries alleged to have been caused by Vioxx.  However, based on the submissions to the Claims Administrator by counsel, each of these plaintiffs has apparently abandoned his or her claim.  Accordingly, their claims should be dismissed.  Courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and grounds for dismissal of that claim.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing plaintiffs' personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing claims of plaintiff because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting defendant's Rule 41(b) motion when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissing plaintiff's claim after plaintiff did not respond to court orders and a notice was returned to sender by United States Post Office) (Moore, Mag., J.).  *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of

prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

Here, despite diligent efforts, Non-Responsive Plaintiffs have failed to be located and/or have failed to respond to communications from their counsel. As such, they have ceased participating in this litigation and their claims should be dismissed. Accordingly, Merck requests that the Non-Responsive Plaintiffs be instructed to appear and show cause on October 10 why their cases should not be dismissed without prejudice. A proposed order is attached.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed without prejudice for failure to prosecute.

Dated: September 26, 2008

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

946519v.1

- 4 -

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

946519v.1

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B and by certified mail or Federal Express, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of September, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel