UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This Document Relates To: | § | JUDGE FALLON |
| | § | |
| ALL CASES | § | MAGISTRATE JUDGE KNOWLES |

**CERTAIN PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SHOW CAUSE WHY CERTAIN MEDICAL RECORDS PROVIDERS SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH PRETRIAL ORDER NO. 35**

Plaintiffs listed in Exhibit A file this Memorandum in Support of Their Motion To Show Cause Why Certain Medical Records Providers Should Not Be Held In Contempt, and in support thereof show:

## I. INTRODUCTION

Plaintiffs have repeatedly attempted to obtain records from their healthcare providers so that they may comply with the terms of the VIOXX® Settlement Agreement. Unfortunately, Plaintiffs' requests to certain providers have been futile.

Counsel for Plaintiffs retained MediConnect Global, what many consider to be the industry leader in retrieving and transmitting medical records worldwide for insurance companies and law firms. For each request, MediConnect provides an approved, HIPPA compliant authorization for release of information, and a copy of Pretrial Order No. 35. During their telephone discussions with providers, MediConnect reminds the providers of their obligations under PTO 35.

## II. ARGUMENT

The Supreme Court has stated the "basic proposition" that:

1

> All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that an order is incorrect the remedy is to appeal, but absent a stay, he must comply with the order pending appeal.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975).

With respect to refusing discovery, Fed. R. Civ. P. 37(b) provides that failure to comply with a court order "may be treated as contempt." Indeed, when a recalcitrant witness refuses to comply with an order of the court to produce documents, the court "may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. § 1826. The period of confinement shall not exceed the "life of the court proceeding" (*id.*), which, when applied to MDL proceedings, may be of little consolation.

In response to numerous reports of providers failing to comply with Plaintiffs' requests, this Court entered Pretrial Order No. 35. The order was issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. §1407, FED. R. CIV. P. 16 and FED. R.CIV. P. 26(b), and the Court's inherent authority regarding case-specific discovery in this MDL. The order applies to all claims submitted to the Vioxx Resolution Program, including these Plaintiffs.

PTO 35 addressed the refusal of healthcare providers, pharmacies and other entities to provide records required to be submitted under the VIOXX® Settlement Agreement and ordered that facilities comply quickly, efficiently and inexpensively. The Court acknowledged the unnecessary delays and increased costs and sought to provide a uniform and cost effective process for the collection of records and information relevant to claims enrolled in the Resolution Program.

After this Court entered PTO 35, Plaintiffs sent copies of the order to the providers and again requested production of the records. The providers continue to ignore this Court's Order. Under these circumstances, the Court is authorized to require that the persons failing to comply with the Court's Order be called before it to show cause why it should not be held in contempt. Plaintiffs ask that the Court do so for there is no reason why a person or company's whim should be allowed to trump a valid court order.

### III. PRAYER

Therefore, Plaintiffs respectfully ask this Court to issue an order that a corporate representative for each provider appear before this Court and show cause why the providers should not be held in contempt for failing to comply with PTO 35, and compel the facility to produce the requested records with the required certifications. Plaintiffs have exhausted all efforts to obtain these records short of Court action.

WHEREFORE, Plaintiffs pray that this Motion to Show Cause be granted, that the Court order an appropriate representative for each healthcare provider to appear before the Court to explain its refusal to honor this Court's orders, and for such other relief to which they may be entitled.

Dated: September 26, 2008                    Respectfully submitted,

| | |
|---|---|
| John Eddie Williams | Walter Umphrey |
| Texas Bar No. 21600300 | Texas Bar No. 20380000 |
| Williams Kherkher Hart Boundas, LLP | Provost Umphrey Law Firm |
| 8441 Gulf Freeway, Suite 600 | 490 Park |
| Houston, Texas 77017 | Beaumont, Texas 77701 |
| 713-230-2200 | (409) 838-8848 |
| 713-643-6226 (facsimile) | (409) 838-8888 (facsimile) |

Drew Ranier  
Louisiana Bar No. 8320  
Ranier, Gayle & Elliot, LLC  
1419 Ryan Street  
Lake Charles, Louisiana 70601  
337-494-7171  
337-494-7218 (facsimile)  

Mikal Watts  
Texas Bar No. 20981820  
The Watts Law Firm, LLP  
300 Convent St # 100  
San Antonio, TX 78205  
(210) 527-0500  

/s/ Grant Kaiser  
Grant Kaiser  
Texas Bar No. 11078900  
The Kaiser Firm, LLP  
8441 Gulf Freeway, Suite 600  
Houston, Texas 77017  
713-223-0000  
713-223-0440 (facsimile)  

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann and Russ Herman, by U. S. Mail and email or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on September 26, 2008. In addition, a copy of the foregoing was today served by U.S. Mail, Return Receipt Requested, on each provider.

/s/ Grant Kaiser
Grant Kaiser
ATTORNEY FOR PLAINTIFF