UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION          )   MDL NO. 1657
                                            )
                                            )   SECTION:  L
                                            )
                                            )   JUDGE FALLON
                                            )   MAG. JUDGE KNOWLES
                                            )
                                            )
*THIS DOCUMENT RELATES TO:*                 )
Cellino & Barnes, P.C. Plaintiffs Identified in  )
Defendant's Motion, Document 16033, Exh. A  )
                                            )

**PLAINTIFFS' OPPOSITION TO DEFENDANT MERCK & CO., INC.'S *SECOND* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

On September 19, 2008, defendant Merck & Co., Inc. ("Merck") filed its above-entitled motion requesting that an order to show cause issue as to why certain plaintiffs' individual claims should not be dismissed with prejudice. On September 26, 2008, this Court filed the requested order to show cause and ordered oppositions on or before October 6, 2008. The plaintiffs represented by the undersigned hereby respond pursuant to this Court's order.

As an initial matter, except for those clients specifically identified below, *Lone Pine* expert reports compliant with Rule 26(a)(3) have been tendered by all Cellino & Barnes, P.C. clients identified in Exhibit A to Merck's motion. Counsel has worked diligently toward completing obligations for both the settlement program and the ongoing discovery process for those excluded from that program. Unfortunately, the loss of key staff, the need to relocate the firm's offices to a new building and the requirements of the

1

settlement process (many the subject of recent administrative changes) greatly hindered these efforts. However, these plaintiffs never willfully refused to comply with their *Lone Pine* obligations, have now complied fully and have not impeded any litigation as no individualized action is presently occurring. Counsel respectfully requests that this Court deem plaintiffs' *Lone Pine* compliance completed and discharge the order to show cause for these plaintiffs.

In addition to providing *Lone Pine* orders for these plaintiffs, Cellino & Barnes, P.C. worked with defense counsel to otherwise resolve the Vioxx claims of all other Exhibit A clients. Of the plaintiffs listed in Exhibit A, I have signed stipulated dismissals to be filed by defense counsel on behalf of the following clients:

> Lyons, William; VCN 1076198; 2:06-cv-02195-EEF-DEK
> Quinn, Sally; VCN 1110556; 2:06-cv-02200-EEF-DEK
> Sdao, Elizabeth; VCN 1076851; 2:06-cv-01177-EEF-DEK
> Spear, Mark; VCN 1076956; 2:06-cv-02212-EEF-DEK
> Williams, Shirley; VCN 111066; 2:06-cv-02200-EEF-DEK
> Zimmerman, Leigh Ann; VCN 1077316; 2:06-cv-01188-EEF-DEK

In addition to clients who have consented to dismissal, Cellino & Barnes, P.C. represents a number of clients with whom it has a fundamental disagreement as to the ongoing prosecution of their Vioxx actions. (*See* PTO 36.) My office previously provided a list of these clients to Merck defense counsel hoping to avoid unnecessary motions practice while permitting a client or new counsel to present the claim if they lacked fundamental disagreement. My office was advised that Merck understood the untenable position for counsel to disagree with proceeding while being compelled to provide expert reports attesting to the validity of proceeding further. My office accordingly forwarded a list of such clients in addition to filing and serving these motions. These clients from that list who now appear on Exhibit A are as follows:

      Howard, Betty; VCN 1075865; 2:06-cv-01203-EEF-DEK
      Ivey, Mary; VCN 1075916; 2:06-cv-01203-EEF-DEK
      Loyd, Darlene; VCN 1076i83; 2:06-cv-01190-EEF-DEK
      Martin, William; VCN 1076242; 2:06-cv-01173-EEF-DEK
      Moreno, Carmen; VCN 1076401; 2:06-cv-01177-EEF-DEK
      Ricks, Elizabeth; VCN 1076866; 2:06-cv-02200-EEF-DEK
      Wittcop, Jean; VCN 1077275; 2:06-cv-01177-EEF-DEK

On September 29, 2008, this Court granted the five of counsel's identical motions to withdraw. Counsel received the PACER notification on October 1, 2008. Due to the likelihood that not all motions will be resolved prior to the October 10, 2008 hearing, the plaintiffs' resulting uncertainty as to whether they should prosecute this litigation independent of their disagreeing counsel, and the potential that the plaintiff *pro se* or with substitute counsel may wish to proceed without fundamental disagreement to further prosecution, counsel respectfully submits that dismissal is unduly harsh. With regard to these clients, counsel respectfully requests that this Court discharge the order to show cause, grant counsel's motion to withdraw, provide the *pro se* plaintiff an additional 30 days to meet his or her *Lone Pine* obligations under penalty of Local Rule 41.3W dismissal for failing to prosecute without further action of defendants, and direct the undersigned to provide the former client with notice of this order.

Finally, two Exhibit A clients died following the initiation of their Vioxx litigation. Counsel formally suggests their death on the record. Fed. R. Civ. P. 25(a)(2). Counsel does not represent their estates and accordingly cannot properly file a *Lone Pine* report on behalf of these estates. These clients are as follows:

      Smiley, Angelo; VCN 1110561; 2:06-cv-02212-EEF-DEK
      Wilson, Gloria; VCN 1110567; 2:06-cv-02200-EEF-DEK

As these decedents cannot comply with their *Lone Pine* obligations, and counsel lacks a client on whose behalf he might act, dismissal with prejudice is unduly harsh. Counsel

3

respectfully requests that this Court discharge the order to show cause and deny Merck's motion as to these deceased plaintiffs, direct the undersigned to provide the former client's identifiable survivors with notice of the suggestion of death on the record and order that a motion for Rule 25(a)(1) substitution be filed within 90 days under penalty of Rule 25(a)(2) dismissal without further action of defendants. Counsel further requests that decedent's survivors be granted 30 days following a grant of any motion for substitution to comply with their *Lone Pine* obligations.

As indicated above, plaintiffs have either tendered their *Lone Pine* reports, wish to proceed despite counsel's fundamental disagreement, or have died during the course of litigation. None have willfully failed to comply or impeded individualized litigation of their claims. In order to balance the interests of the parties and efficiently resolve these issues without unduly harsh results, plaintiffs respectfully request that this Court discharge the order to show cause and resolve all issues in the manner suggested above. Plaintiffs respectfully submit a proposed order incorporating these requests for this Court's convenience and consideration.

DATED:     October 3, 2008

Respectfully submitted,

CELLINO & BARNES, P.C.

By: _____
Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020

4