UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION   )   MDL NO. 1657
                                     )
                                     )   SECTION: L
                                     )
                                     )   JUDGE FALLON
                                     )   MAG. JUDGE KNOWLES
                                     )
*THIS DOCUMENT RELATES TO:*          )
Cellino & Barnes, P.C. Plaintiffs Identified in   )
Defendant's Motion, Document 16153   )
Exh. A, No. 93 to 175                )
                                     )

## CELLINO & BARNES, P.C.'S SUPPLEMENTAL PLAINTIFF'S OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

On September 26, 2008, defendant Merck & Co., Inc. ("Merck") filed its above-captioned motion seeking Rule 41(b) dismissal where claimants enrolled in the settlement program cannot be located. This Court granted Merck's motion and ordered all identified plaintiffs to show cause why their cases should not be dismissed on the same date. Opposition papers were ordered filed no later than October 6, 2008. On October 3, 2008, certain plaintiffs represented by Cellino & Barnes, P.C. timely opposed plaintiff's motion on the basis that they had been located and that the Claims Administrator had been advised of their changed status. This supplemental opposition identifies three additional clients opposing on this basis: Leonard Arnold, 2:06-cv-02203-EEF-DEK; Doreen Dreher, 2:06-cv-02198-EEF-DEK; and Darlene Harris, 2:06-cv-01210-EEF-DEK. For the convenience of this Court and all parties, this supplemental opposition includes all previously filed data in order that only one document need be reviewed.

1

Merck's motion is premised exclusively on counsel's assertions to the Claims Administrator that certain clients cannot be located. Accordingly, plaintiffs submit that dismissal is unwarranted for those who have renewed contact and changed their status with the Claims Administrator. Of the plaintiffs identified in Exhibit A to Merck's motion, the following, including Doreen Dreher as of this date, have changed their status:

```
Arnold, Leonard; VCN 1075040; 2:06-cv-02203-EEF-DEK
Dickerman, Brenda; VCN 1075477; 2:06-cv-02199-EEF-DEK
Doreen Dreher; VCN 1075522; 2:06-cv-02198-EEF-DEK
Gewndolyn Hollis; VCN 1075844; 2:06-cv-01209-EEF-DEK
Harris, Darleen; VCN 1075771; 2:06-cv-02210-EEF-DEK
Lowry, Pearl; VCN 1076181; 2:06-cv-02216-EEF-DEK
Moore, Elizabeth; VCN 1076389; 2:06-cv-02201-EEF-DEK
Nelson, James; VCN 1076444; 2:07-cv-03631-EEF-DEK
Rhoades, Dawn; VCN 1076679; 2:06-cv-01209-EEF-DEK
Smith, Mary; VCN 1076923; 2:06-cv-02216-EEF-DEK
Stewart, Michael; VCN 1076990; 2:06-cv-02202-EEF-DEK
Swartz, Charles; VCN 1077013; 2:06-cv-02202-EEF-DEK
Szewc, Dorothy; VCN 1077021; 2:06-cv-02207-EEF-DEK
Vega, Lucia; VCN 1077134; 2:06-cv-01168-EEF-DEK
```

The remaining Cellino & Barnes, P.C. plaintiffs identified in Exhibit A respectfully request that this Court's order of dismissal explicitly include the reinstatement provisions of Local Rule 41.3W. This Rule provides that "[t]he Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown." Plaintiffs infer from the 10 calendar day period between Merck's motion, this Court's order, and the deadline set for opposition that this Local Rule is being applied. However, they file this opposition out of an abundance of caution as the Local Rule is nowhere referenced in Merck's moving papers.

In the interest of uniformity and conserving judicial resources, plaintiffs further respectfully request that this Court apply Local Rule 41.3W to provide "additional time to take action" in changing their status with the Claims Administrator. On September 30,

2008, the Claims Administrator e-mailed notification to counsel that the final enrollment deadline for claimants will be October 30, 2008. (Exhibit 1.) As Merck bases its motion exclusively on the Claims Administrator's reported status for claimants, plaintiffs submit that an order dismissing without prejudice all plaintiffs who remain reported as missing on October 30, 2008 would efficiently terminate abandoned cases while preserving the actions of all compliant Vioxx claimants. Alternatively, plaintiffs respectfully request this Court's order of dismissal indicate that a notice of timely compliance with the Claims Administrator's deadline will constitute "good cause" for reinstatement.

In the event that Merck argues that this Court's Local Rule should not apply, plaintiffs note the lead citations in its motion support dismissal where counsel actively prosecutes the action at issue. For example, in Merck's lead citation to *Landry v. Marine Transport Lines, Inc.*, 2000 WL 1741881, *1 (E.D. La. 2000), this Court dismissed after neither the plaintiff nor plaintiff's counsel responded to the court. Similarly, in *Thomas v. Parker*, 2008 WL 782547, *1 (E.D. La. 2008), a prisoner proceeding without counsel could not be located for the continued prosecution of his case. Merck's third citation, to *Anderson v. Jackson*, 2007 WL 2903038, is inapposite as it addresses Rule 37 dismissal rather than Rule 41(b).

Merck's remaining citations generally assert this Court's unquestioned discretionary authority over Rule 41(b) dismissals. None compel immediate dismissal where counsel remains actively involved with the litigation and capable of assisting the court's orderly management – including appropriately timed dismissal -- of the cases. Certainly none compel dismissal where the relevant deadline, in this case as enforced by the Claims Administrator, has not yet passed. Plaintiffs respectfully request that this

Court apply Local Rule 41.3W in the manner suggested in order to that the issue of abandoned cased be timely but justly resolved.

## CONCLUSION

Based upon the foregoing, plaintiffs respectfully request that this Court discharge the order to show cause, deny the motion with regard to those plaintiffs whose updated status precludes dismissal on Merck's asserted grounds, and enter an order of dismissal as to the other plaintiffs explicitly applying Local Rule 41.3W and that indicating that a notice of timely compliance with the Claims Administrator's deadline will constitute "good cause" for reinstatement.

DATED:   October 6, 2008

Respectfully submitted,

CELLINO & BARNES, P.C.

By: _____

Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020

4