UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx ® <br><br> PRODUCTS LIABILITY LITIGATION <br><br> This document relates to: <br><br> *Della Adkins v. Merck & Co., Inc.,* <br> 07-cv-01710 <br><br> *Patrick Ero v. Merck & Co., Inc.,* <br> 07-cv-01705 <br><br> *Gloria Savage v. Merck & Co., Inc.,* <br> 07-cv-02943 <br><br> *David Wells v. Merck & Co., Inc.,* <br> 07-cv-01704 <br><br> *Lawrence Whitty v. Merck & Co., Inc.,* <br> 05-cv-01112 | MDL Docket No. 1657 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAGISTRATE JUDGE KNOWLES |

**PLAINTIFFS' OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

Plaintiffs, through undersigned counsel, hereby timely oppose Defendant Merck & Co., Inc.'s Motion to Dismiss For Failure to Prosecute the above listed matters filed on or about September 26, 2008.

**I.     STATEMENT OF FACTS**

Plaintiffs filed each of the above listed actions for personal injuries caused by Defendant's prescription drug Vioxx. Pursuant to the Vioxx Settlement Program announced in November 2007 and this Court's subsequent Order, the above matters were properly registered with the Vioxx Claims Administrator in January 2008. Each of the Plaintiffs are eligible for enrollment in the Settlement Program because they allege to have suffered either an ischemic stroke and/or heart attack. The terms of the Settlement

Agreement, initially called for the enrollment of eligible claimants consenting to participation in the Settlement Program on or before May 1, 2008. By that date, counsel was required to submit a Certification of Final Enrollment. The Certification of Final Enrollment submitted by counsel included Attachment A which enabled counsel to list any claimants believed to be eligible for participation in the Program and for which counsel would continue to search and/or attempt to obtain consent to enroll the claimants in the Settlement Program. Each of the above Plaintiffs were included on the Attachment to Counsel's Certification of Final Enrollment.

Enrollment continued for individuals who were located and/or consented to participation in the Settlement Program after the May 1, 2008 deadline and submission of counsel's Certification of Final Enrollment; and a second enrollment deadline of June 30, 2008 was established. Despite the passing of the June deadline, the Claims Administrator and Defendant Merck & Co., Inc. have continued to accept the ongoing enrollment of eligible claimants. Furthermore, at the last Case Management Conference held before this Honorable Court on September 23, 2008, the extension of time to enroll claimants until October 30, 2008 was discussed. The Vioxx Claims Administrator, in follow up to the Conference, sent an email on September 30, 2008 explaining the deadline and the requirements to comply with the deadline. *See* Exhibit A hereto.

## II.     ARGUMENT

Defendant Merck & Co., Inc.'s request for the dismissal of the above matter is, at best, premature and amounts to a dismissal with prejudice where there are agreed upon procedures in place to facilitate the prosecution of the matter. To dismiss Plaintiffs' lawsuits prior to the expiration of the period for enrollment would unfairly deny Plaintiffs' the opportunity to participate in the Settlement Program and/or litigate their cases. Counsel has, with each extension of the enrollment deadline, continued to search for and/or otherwise communicate with Plaintiffs to obtain consent and/or documents necessary for enrollment in the Settlement Program. These Plaintiffs, as all other unenrolled and eligible claimants, should have until October 30, 2008 to enroll in the Program. Defendant's Motion is based on the Claims Administrator's reported status; consequently, an order dismissing without prejudice plaintiffs who remain reported as

missing on October 31, 2008 would efficiently terminate abandoned cases while preserving the rights of Plaintiffs herein to pursue their claims.

None of the cases cited by Defendant compel dismissal of a claim where a relevant deadline in this case as enforced by the Claims Administrator, has not yet passed. Rather, Fifth Circuit courts have held that dismissals without prejudice under Federal Rule of Civil Procedure 41(b) "operate as a dismissal with prejudice" where the nature of the underlying statute of limitations would effectively and unfairly end the claim. Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996). The clearly established standard for considering dismissals with prejudice holds them "appropriate only if the failure to comply with the court order was the result of purposeful or contumaciousness and a district court should employ lesser sanctions before dismissing the action." Glasper v. Morgan, 547 F.Supp. 2d 561, 566 (E.D. La. 2008); citing Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996); see also Durham v. Florida East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967) (establishing the standard for dismissal with prejudice as "a clear record of delay or contumacious conduct"). Under this standard the motion at bar should properly be dismissed due to the record of Plaintiffs' compliance and the fact that the October 30, 2008 deadline is the remedy already in place and to which all counsel agreed.

The remedy defendants seek, namely, dismissal with prejudice, is not encouraged by this and other courts. In Glasper, the Court decided not to dismiss the claim despite the fact the plaintiff "failed to comply with the court's order and the requirements of the Federal Rules of Civil Procedure on multiple occasions." 547 F.Supp.2d at 566. Despite a clear record of seemingly intentional actions by the plaintiff, the court declined to dismiss and instead imposed lesser controls because of the nature of the statute of limitations. Id. at 567. When courts have dismissed with prejudice, the facts clearly indicate a track record of intentional obstructive or disinterested behavior. Landry v. Marine Transport Lines Inc., 2001 U.S. Dist Lexis 135, 2 (E.D. La. 2001) (dismissing with prejudice where plaintiff failed to appear in a scheduled hearing after months of delays); Sea-Land Service, Inc., v. Banca de Republica De Dominica, 697 F.Supp. 253, 257 (E.D. La. 1988) (dismissing claim with prejudice considering an undisputed history

of delay by the plaintiff, including failure to respond to pleadings, failure to attend status conference and failure to contend motion to dismiss).

The case law offered by Defendant, in support of its position, can be distinguished factually from the circumstances here. In *Landry v. Marine Transport Lines Inc.* and *Sea-Land Service, Inc., v. Banca de Republica De Dominica*, as discussed above, the plaintiffs' actions clearly established a record of conduct intended to delay. Additionally, Defendant misapplied four additional cases of dismissal without prejudice, once again overlooking the courts' finding of actions on behalf of the plaintiffs warranting dismissal. *Thomas v. Parker*, 2008 WL 782547 at1 (E.D. La 2008) (dismissing without prejudice where plaintiff failed to respond to both judicial recommendation and defendants' motion to dismiss); *Anderson v. Jackson*, 2007 WL 2903038 at 1 (E.D. La. 2007) (dismissing without prejudice where plaintiff failed to respond to both a judicial recommendation and a motion to dismiss); *Link v. Wabash R.R.*, 370 U.S 626, 630-631 (1962) (dismissed without prejudice due to the fact the plaintiffs' council missed a scheduled pretrial conference); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (dismissing without prejudice due to plaintiffs' failure to appear).

At present, Plaintiffs have taken all necessary steps to comply with previous deadlines. Furthermore as discussed above, all available steps are being taken to encourage Plaintiffs to fulfill the upcoming deadline. The mere act of opposing the motion to dismiss draws a clear and pivotal factual line between the situation at bar and the cases used by defendants to support dismissal. Furthermore, the October 30, 2008 deadline previously agreed upon by both parties is analogous to the lesser controls mentioned by controlling case law. This existing deadline serves all parties, providing the plaintiffs ample opportunity to file their legitimate claim and allowing for timely prosecution of futile cases.

In addition, Plaintiffs respectfully request that should this Court enter an Order of dismissal, that such Order will explicitly include the reinstatement provision of Local Rule 41.3W. This Rule provides that "[t]he Order of Dismissal shall allow for reinstate of the civil action within 30 days for good cause shown." Further, Plaintiffs respectfully request that any such Order clearly state that timely compliance with the October 30,

2008 deadline for enrollment in the Vioxx Settlement Program shall constitute "good cause" for reinstatement pursuant to Local Rule 41.3W.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Merck & Co., Inc.'s Motion to Dismiss or, in the alternative, enter an Order explicitly including the reinstatement provision of Local Rule 41.3W and indicating that timely compliance with the October 30, 2008 deadline for enrollment shall constitute "good cause" for reinstatement.

Dated: 10-6-08

Respectfully Submitted,

Lopez McHugh, LLP

James J. McHugh, Jr., Esquire
Carrie R. Capouellez, Esquire
Regina Sharlow Johnson, Esquire
Niki A. Trunk, Esquire
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112
Telephone (215) 952-6910
Facsimile (215) 952-6914

# Exhibit A

## Carrie R. Capouellez

| | |
|---|---|
| **From:** | Claimsadmin@browngreer.com |
| **Sent:** | Tuesday, September 30, 2008 5:12 PM |
| **To:** | ccapouellez@lopezmchugh.com |
| **Subject:** | Final Enrollment Deadline: October 30, 2008 |
| **Importance:** | High |

The final Enrollment Deadline date for the Vioxx Settlement Program is **October 30, 2008.** This is the last chance for you to Enroll Claimants to participate in the Program. That means that for each Claimant you must submit, postmarked on or before October 30, 2008, each of these components of the Enrollment package:

1) Submit the name of the Claimant for Enrollment on-line using the Enrollment section of your firm's Vioxx Portal, or send us a YES answer to Question 35 of the Claimant Spreadsheet by email or uploaded to us on your Vioxx Portal.

2) Original hard copy Release.

3) Original hard copy Stipulation of Dismissal, if the Claimant has a pending lawsuit.

4) Original hard copy or electronic copy of a Medical Records Authorization Form.

5) Original hard copy or electronic copy of an Employment Records Authorization Form, if the Claimant will seek Extraordinary Injury Payments. If the Claimant will seek Extraordinary Injury Payments but not for past lost wages, you can submit a Form V2052: Waiver of Claim for Lost Wages (obtainable at the Forms section of the settlement website at www.browngreer.com/vioxxsettlement) in lieu of the Employment Records Authorization Form for that Claimant).

6) Original hard copy of an Enrollment Form signed by Primary Counsel.

7) A Certification of Final Enrollment signed by Primary Counsel.

We have uploaded to your Web Portal a V4030 Report. It lists all your clients and where they stand on Enrollment. Focus on the Claimants identified in the following sections of this report:

1. **Section C** - persons who have sent in some Enrollment materials, but are still missing one or more of the seven items listed above.

2. **Section D** - persons who have sent in none of the Enrollment materials.

If you want these Claimants to be Enrolled and to be able to present claims in the Settlement Program, you must send us each of the required elements of the Enrollment package postmarked no later than October 30, 2008. If you send hard copies by delivery, make sure that we receive them on or before October 30, 2008.

If you have previously sent in an Enrollment Form and/or a Certification of Final Enrollment, but have Enrolled any Claimants since that time, you must send us an Enrollment Form and a Certification of

Final Enrollment to cover every Claimant whom you have Enrolled since your prior submission.

We may be back in touch with you if you have any Claimants who fail to Enroll, to ask for more information as to why.

Contact your CA Contact if you feel that any of the Claimants shown in Sections C or D of the V4030 Report are in the wrong category, or if you have any other questions.

**Vioxx Claims Administrator**
**BROWNGREERPLC**
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

10/6/2008

Case 2:05-md-01657-EEF-DEK   Document 16310   Filed 10/06/08   Page 9 of 9

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Motion has been served on Liaison Counsel Russ Herman and Phillip Wittman, by U.S. Mail and by electronically uploading the same to LexisNexis File & Serve, and that the foregoing was filed with the Clerk of Court of the United States District Court of the Eastern District of Louisiana.

*/s/ James J. McHugh, Jr.*
James J. McHugh, Jr., Esquire
Carrie R. Capouellez, Esquire
Regina Sharlow Johnson, Esquire
Niki A. Trunk, Esquire
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112
Telephone (215) 952-6910
Facsimile (215) 952-6914