UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Exhibits A and B Attached to* | * | **KNOWLES** |
| *Original Motion and Attached Hereto* | * | |
| | * | |
| | * | |

**********************************************************************

**DEFENDANT MERCK & CO., INC.'S REPLY IN SUPPORT OF ITS**
***FIRST* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE
WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE
FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

On September 19, 2008, defendant Merck & Co., Inc. ("Merck"), moved the Court for entry of an Order requiring plaintiffs in the cases identified in exhibits attached thereto to show cause why their individual claims should not be dismissed with prejudice for failure to provide a case-specific expert report as required by Pre-Trial Order No. 28 ("PTO 28"). The 254 claims identified in those exhibits all involved plaintiffs who are eligible for the Resolution Program, but who had not yet enrolled in the Program. Only four sets of opposition papers (relating to 79 claims) were submitted in response to Merck's motion. In reply to those oppositions, and to the complete silence as to the other claims, Merck states as follows:

A.      **Claims For Which No Opposition Was Submitted**

Except for the specified instances discussed below, the overwhelming majority of claims that were subject to Merck's motion failed to provide a response of any kind to the

motion.  These plaintiffs were provided multiple opportunities to comply with the Court's Pre-Trial Order 28, yet failed to do so.  PTO 28 was initially entered on November 9, 2007 and required the submission of case specific experts by either May 1, 2008 or July 1, 2008 depending on plaintiffs' last name.  These deadlines were subsequently extended to July 1, 2008 and August 1, 2008 respectively.  After receiving no response from these plaintiffs by August 10, 2008, Merck so notified counsel of record of this material non-compliance with PTO 28 and provided a 30-day period to cure.  Counsel did not respond or seek an extension on the time to comply.  Finally, after this continued non-compliance with the Court's Order, Merck filed this Motion and Rule to Show Cause on September 19, 2008, and the Court ordered plaintiffs to submit responses to the motion by October 6.  Yet again, as to these plaintiffs, no response has been provided.

Despite having eleven months to do so, these plaintiffs have made no effort to comply with the Court's Order.  Accordingly, for the reasons set forth in Merck's original moving papers, the requested order of dismissal with prejudice should be entered as to the 175 claims listed on the attached Exhibit C.

B.   **Claims Represented by the Beasley, Allen Law Firm**

In response to Merck's motion,[1] the Beasley, Allen law firm notified counsel that it had previously filed motions to withdraw as to two plaintiffs – Paul Ashbaugh and Steve Reaves – and was in the process of complying with the PTO 36 procedures for withdrawal as to a third plaintiff, Danny McCoy.  As to each of these three cases, Merck requests that a ruling on its

---

[1]   Although Beasley, Allen filed an opposition brief styled as an Objection to Merck's *First* Motion and Rule which relates to eligible claimants, an examination of the sixteen plaintiffs referenced in the Objection shows that those plaintiffs were actually subject to Merck's *Second* Motion and Rule which relates to *ineligible* claimants.  However, Beasley, Allen had previously contacted Merck's counsel via electronic mail about the three claimants who actually are subject to the *First* Motion and Rule.  Accordingly, this Reply is addressed to those three *eligible* claimants.

motion for dismissal be deferred until October 31, or as soon thereafter as a hearing can be set, and that these plaintiffs be directed to attend one of the three conferences that the Court has set to discuss the claims of eligible but unenrolled plaintiffs. These plaintiffs are set forth on the attached Exhibit D.

C. **Claims Represented by the Matthews & Associates Law Firm**

The law firm of Matthews & Associates filed opposition papers on behalf of sixty-one (61) plaintiffs.[2] Counsel divided these plaintiffs into four groups: (1) plaintiffs who have enrolled in the Resolution Program; (2) plaintiffs who cannot be located; (3) uncontested dismissals; and (4) plaintiffs who have died.

As to the five plaintiffs who have now enrolled in the Resolution Program, Merck withdraws the motion to dismiss as to those plaintiffs – Betty Crowder (Case. No. 06-6942), Stephen Higgins (Case No. 06-6944), Sheryle King (Case No. 06-7116), Dennis McLean (Case no. 06-6947), and Richard Spivey (Case No. 05-4759).

As to the forty-five (45) plaintiffs who counsel cannot locate, plaintiffs' counsel requests that the Court enter an order dismissing the case without prejudice rather than a dismissal with prejudice. Counsel for Merck concurs with that request and asks that the relief requested in the original motion be modified as to the plaintiffs listed on Exhibit E so as to seek a dismissal without prejudice.

As to the eight (8) plaintiffs for whom counsel does not contest dismissal, an order of dismissal with prejudice should be entered. These plaintiffs are included on Exhibit C.

As to the three (3) plaintiffs who have died, Merck withdraws the motion to dismiss as to those plaintiffs.

---

[2] There were 36 additional plaintiffs who did not appear to be covered by this opposition brief and they have thus been included on Exhibit C of this reply brief.

**D.     Plaintiff Bryant Shannon Represented by the Cellino & Barnes Law Firm**

In its opposition papers, counsel for plaintiff Bryant Shannon indicated that this plaintiff cannot be found and requests that the Court enter an order dismissing the case without prejudice as to Mr. Shannon.  Counsel for Merck concurs with that request and asks that the relief requested in the original motion be modified as to Mr. Shannon so as to seek a dismissal without prejudice.[3]

**E.     Plaintiff Hugo Bua Represented by the Godosky & Gentile Law Firm**

In its opposition papers, counsel for plaintiff Hugo Bua states that they are currently attempting to complete the enrollment process of behalf of Mr. Bua.  Accordingly, Merck requests that a ruling on its motion for dismissal as to Mr. Bua be deferred until October 31, or as soon thereafter as a hearing can be set.

---

[3]     Mr. Shannon's case has been listed on the attached Exhibit E.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in its opening brief, Merck respectfully asks the Court to: (a) dismiss the claims identified on Exhibit C to this brief with prejudice; (b) dismiss the claims identified on Exhibit E without prejudice; and (c) enter an order requiring the plaintiffs identified on Exhibit D to appear at a status conference, and defer ruling on the motion to dismiss as those plaintiffs until October 31.

Dated:  October 8, 2008                            Respectfully submitted,


                                                      */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—


Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029


Attorneys for Merck & Co., Inc.

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of October, 2008.

            */s/ Dorothy H. Wimberly*
            Dorothy H. Wimberly, 18509
            STONE PIGMAN WALTHER
            WITTMANN L.L.C.
            546 Carondelet Street
            New Orleans, Louisiana  70130
            Phone:  504-581-3200
            Fax:     504-581-3361
            dwimberly@stonepigman.com

            Defendants' Liaison Counsel