UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Lists Attached to* | * | **KNOWLES** |
| *Original Motion* | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S REPLY IN SUPPORT OF ITS
*SECOND* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW
CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE
FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

On September 19, 2008, defendant Merck & Co., Inc. ("Merck"), moved the Court for entry of an Order requiring plaintiffs in the cases identified in exhibits attached thereto to show cause why their individual claims should not be dismissed with prejudice for failure to provide a case-specific expert report as required by Pre-Trial Order No. 28 ("PTO 28"). The 448 claims identified in those exhibits all involved plaintiffs who are ineligible for the Resolution Program. Only two sets of opposition papers (relating to 86 claims) were submitted in response to Merck's motion. In reply to those oppositions, and to the complete silence as to the other claims, Merck states as follows:

A.   **Claims For Which No Opposition Was Submitted**

Except for the specified instances discussed below, the overwhelming majority of claims that were subject to Merck's motion failed to provide a response of any kind to the motion. These plaintiffs were provided multiple opportunities to comply with the Court's Pre-

Trial Order 28, yet failed to do so.  PTO 28 was initially entered on November 9, 2007 and required the submission of case specific experts by either May 1, 2008 or July 1, 2008 depending on plaintiffs' last name.  These deadlines were subsequently extended to July 1, 2008 and August 1, 2008 respectively.  After receiving no response from these plaintiffs by August 10, 2008, Merck so notified counsel of record of this material non-compliance with PTO 28 and provided a 30-day period to cure.  Counsel did not respond or seek an extension on the time to comply.  Finally, after this continued non-compliance with the Court's Order, Merck filed this Motion and Rule to Show Cause on September 19, 2008, and the Court ordered plaintiffs to submit responses to the motion by October 6.  Yet again, as to these plaintiffs, no response has been provided.  Despite having eleven months to do so, these plaintiffs have made no effort to comply with the Court's Order.  Accordingly, for the reasons set forth in Merck's original moving papers, the requested order of dismissal with prejudice should be entered as to the 362 claims listed on the attached Exhibit C.

**B.     Claims Represented by the Cory, Watson Law Firm**

In the opposition brief filed by the Cory, Watson, Crowder & DeGaris law firm, counsel provided a detailed account of their efforts to obtain expert reports for the three of their cases that were subject to Merck's motion – Arthur Fulton (Case No. 05-00436), Welby Ray Knifley (Case No. 05-05635), and Beverly Albertson & Dennis Person (Case No. 06-06236) .  Counsel further stated their belief that they would be able to resolve this issue by October 15, 2008.  Accordingly, Merck requests that a ruling on its motion for dismissal as to these three cases be deferred until October 31, or as soon thereafter as a hearing can be set.

C. **Claims Represented by the Cellino & Barnes Law Firm**

The law firm of Cellino & Barnes filed opposition papers on behalf of its eighty-three (83) plaintiffs that were subject to Merck's motion. Counsel divided these plaintiffs into three groups: (1) plaintiffs who have now (belatedly) submitted expert reports; (2) plaintiffs who have provided stipulations of dismissal; (3) plaintiffs for whom a motion to withdraw as counsel has been filed; and (4) plaintiffs who have died.

As to the seven plaintiffs identified by counsel for whom a motion to withdraw as counsel has been filed, Cellino & Barnes requests that those plaintiffs be provided additional time to comply with PTO 28. In light of the pending motions to withdraw as counsel, Merck requests that a ruling on its motion be deferred for 60 days as to those plaintiffs – Betty Howard (Case No. 06-01203), Mary Ivey (Case No. 06-01203), Darlene Loyd (Case No. 06-01190), William Martin (Case No. 06-01173), Carmen Moreno (Case No. 06-01177), Elizabeth Ricks (Case No. 06-02200), and Jean Wittcop (Case No. 06-01177).

As to the remaining seventy-six (76) plaintiff who have either submitted an expert report, submitted a stipulation of dismissal, or who have subsequently died, Merck withdraws the motion to dismiss as to those plaintiffs.

D. **Claims Represented by the Beasley, Allen Law Firm**

In the opposition brief filed by the Beasley, Allen law firm,[1] counsel noted that motions to withdraw as counsel had been filed as to fourteen (14) of the plaintiffs subject to this motion. Orders granting five (5) of those motions to withdraw have been entered and motions in

---

[1] Although the opposition brief filed was styled as an Objection to Merck's *First* Motion and Rule which relates to eligible claimants, an examination of the sixteen plaintiffs referenced in the Objection shows that these plaintiffs were actually subject to Merck's *Second* Motion and Rule which relates to *ineligible* claimants.

the other nine (9) cases remain pending.  As to each of these fourteen cases, Merck requests that a ruling on its motion for dismissal be deferred for 60 days.

Counsel also noted that stipulations of dismissal had been filed (but not yet entered) as to two plaintiffs who had consented to dismissal of their claims – Plaintiffs Jackson Browning and Marlene Minnich.  Accordingly, Merck withdraws the motion to dismiss as to those two plaintiffs.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in its opening brief, Merck respectfully asks the court to: (a) dismiss the claims identified on Exhibit C to this brief with prejudice; and (b) defer ruling on the motion to dismiss as to the three plaintiffs represented by Corey, Watson until October 31.

Dated:  October 8, 2008                             Respectfully submitted,


              */s/ Dorothy H. Wimberly*
              Phillip A. Wittmann, 13625
              Dorothy H. Wimberly, 18509
              STONE PIGMAN WALTHER
              WITTMANN L.L.C.
              546 Carondelet Street
              New Orleans, Louisiana 70130
              Phone: 504-581-3200
              Fax:    504-581-3361

              Defendants' Liaison Counsel

                —and—

              Douglas R. Marvin
              Eva Petko Esber
              M. Elaine Horn
              WILLIAMS & CONNOLLY LLP
              725 Twelfth Street, N.W.
              Washington, D.C. 20005
              Phone: 202-434-5000
              Fax:    202-434-5029


              Attorneys for Merck & Co., Inc.

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of October, 2008.

            */s/ Dorothy H. Wimberly*
            Dorothy H. Wimberly, 18509
            STONE PIGMAN WALTHER
            WITTMANN L.L.C.
            546 Carondelet Street
            New Orleans, Louisiana  70130
            Phone:  504-581-3200
            Fax:     504-581-3361
            dwimberly@stonepigman.com

            Defendants' Liaison Counsel