UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to the plaintiffs | * | |
| listed on Exhibit A | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

******************************************************************************

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF THE RULE TO SHOW CAUSE
WHY CASES SHOULD NOT BE DISMISSED WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, respectfully submits this Reply Memorandum in further support of the Rule requiring plaintiffs to show cause why their individual claims should not be dismissed without prejudice for failure to prosecute.

**I.   The Court Should Dismiss the Claims of Plaintiffs Who Do Not Oppose Dismissal.**

The plaintiffs listed on Exhibit A to this Reply Memorandum have not opposed dismissal. Merck therefore respectfully requests that the Court dismiss their claims.

**II.   Plaintiffs Represented By Cellino & Barnes With Alleged Changed Status.**

The Cellino & Barnes firm does not oppose dismissal except with respect to the thirteen (13) plaintiffs listed on Exhibit B.[1] Counsel represents that their "status has changed," suggesting that they have now been located. (Cellino & Barnes Supplemental Opposition at 2.)

---

[1] Cellino & Barnes list 14 (fourteen) plaintiffs on their Supplemental Opposition brief, but have sent in a release for Michael Stewart (06cv02202). Therefore, Merck withdraws its motion as to Michael Stewart.

However, the most current information that the Claims Administrator has provided for these plaintiffs is that they are still non-responsive.

The Court has emphasized that efforts should be made to inform all eligible plaintiffs regarding their need to make a decision concerning the settlement program before enrollment closes in just a few short weeks. In light of the fact that these fourteen plaintiffs are among those eligible for the program, Merck submits that the motions to dismiss as to these plaintiffs should be deferred, and that these plaintiffs should be included among those required to appear at the conferences with the Court on October 17, 20 or 21. If plaintiffs fail to appear, Merck will request that action on its motion to dismiss be taken at that time.

As for the remainder of Cellino & Barnes' clients, set forth on Exhibit C hereto, counsel does not oppose dismissal, but requests that the terms of the order of dismissal be pursuant to "Local Rule 41.3W". The cited rule is a local rule of the Western District of Louisiana, not of this Court. Nevertheless, Merck does not object to the Court entering an order of dismissal either (a) dismissing the cases without prejudice, with the Order allowing reinstatement of the civil action within 30 days for good cause shown (see Local Rule in Western District, 41.3W) or (b) deferring hearing on Merck's Motion to Dismiss until October 31 or a date set by the Court soon thereafter.

### III. The Court Should Dismiss the Claim of Jennifer Catalfamo (07-CV-09135) and John Mikel (05-CV-05164).

Counsel for Ms. Catalfamo and Mr. Mikel acknowledge that, despite their diligent efforts to contact them, their clients Jennifer Catalfamo and John Mikel have not been responsive. Counsel asks, however, the Court to delay dismissing these cases until October 30. Accordingly, Merck respectfully requests that the Court enter Order either (a) dismissing the cases without prejudice with the Order allowing reinstatement of the civil action within 30 days

- 3 -

for good cause shown (see Local Rule in Western District, 41.3W) or (b) deferring hearing on Merck's Motion to Dismiss until October 31 or a date set by the Court soon thereafter.

### IV. The Court Should Dismiss the Claims of the Plaintiffs Represented By Lopez McHugh.

The Lopez McHugh firm asks the Court not to dismiss the claims of its unresponsive clients until October 30. Accordingly, Merck respectfully requests that the Court enter an Order either (a) dismissing the cases without prejudice with the Order allowing reinstatement of the civil action within 30 days for good cause shown (see Local Rule in Western District, 41.3W) or (b) deferring hearing on Merck's Motion to Dismiss until October 31 or a date set by the Court soon thereafter.

### V. The Court Should Dismiss the Claim of Paulina Maldonado Rodriguez (05-CV-04589).

Counsel for Ms. Rodriguez also requests the Court to dismiss the case under "Local Rule 41.3W". Accordingly, Merck respectfully requests that the Court enter an Order either (a) dismissing case without prejudice with the Order allowing reinstatement of the civil action within 30 days for good cause shown (see Local Rule in Western District, 41.3W) or (b) deferring hearing on Merck's Motion to Dismiss until October 31 or a date set by the Court soon thereafter.

### VI. The Court Should Dismiss the Claim of Mary Coonfield (06-CV-10260).

Counsel for Ms. Coonfield requests the Court to defer dismissal of the case until October 30 and then to dismiss the case under "Local Rule 41.3W". Accordingly, Merck respectfully requests that the Court enter an Order either (a) dismissing case without prejudice with the Order allowing reinstatement of the civil action within 30 days for good cause shown (see Local Rule in Western District, 41.3W) or (b) deferring hearing on Merck's Motion to Dismiss until October 31 or a date set by the Court soon thereafter.

- 3 -

**VII.    The Court Should Dismiss the Claims of All But Two of the Plaintiffs
Represented By Jones Swanson.**

The Jones Swanson plaintiffs ask the Court to defer dismissal of their clients' cases on the ground that they have filed a motion to withdraw.  Accordingly, Merck requests that its motion to dismiss be deferred pending of the expiration of the time periods provided for under PTO 36.

**VIII.   The Court Should Dismiss the Claims of the Plaintiffs
Represented By the Kaiser Firm.**

The Kaiser firm notes that plaintiffs Latreesh Wilson and Brian Sanders have filed stipulations of dismissal with the Court.  Merck's counsel has signed those stipulations.  Merck does not oppose the request that the Court so-order the stipulations, but Merck respectfully requests that the Court effect the dismissals on Friday either by so-ordering the stipulations or by dismissing the cases as a result of this Rule.

The Kaiser firm opposes dismissal with respect to its final client (Janet Roderick) on the ground that it has filed a motion to withdraw.  Accordingly, Merck requests that its motion to dismiss be deferred pending of the expiration of the time periods provided for under PTO 36.

**IX.    The Court Should Dismiss the Claims of the Plaintiffs
Represented By the Law Offices of Lawrence P. Biondi.**

The Law Offices of Lawrence P. Biondi request deferral of the dismissals until October 30.  Accordingly, Merck respectfully requests that the Court enter an Order either (a) dismissing case without prejudice with the Order allowing reinstatement of the civil action within 30 days for good cause shown (see Local Rule in Western District, 41.3W) or (b) deferring hearing on Merck's Motion to Dismiss until October 31 or a date set by the Court soon thereafter.

- 4 -

### X.     Merck Withdraws Its Request As To Certain Plaintiffs.

Merck withdraws its request that the Court dismiss the claims of Diann Celestin and Clarence Bannister (both in 05-CV-04319) because their counsel have withdrawn from representing them.  Merck agrees that the claims of these plaintiffs should be addressed through the Curator.

Merck withdraws its request that the Court dismiss the claims of Jacqueline Clark-Charles (one of the several plaintiffs in 2:05cv04435, filed before this Court's order prohibiting multi-plaintiff complaints) and Dianna Mae Williams (one of the several plaintiffs in 2:05cv05204, filed before this Court's order prohibiting multi-plaintiff complaints) because their counsel has represented to the Court that these plaintiffs have enrolled in the settlement program.  Merck notes that neither plaintiff has submitted a release to the Claims Administrator.  However, if these plaintiffs do not send in releases and all other required documents by the deadline, they will not be part of the settlement program.

Likewise, Merck withdraws its motion as to Ezeldia Bateman Harding.  Counsel for Ms. Harding oppose dismissal on the ground that the claimant intends to enroll in the settlement program.  However, to date the claimant has not submitted a release to the Claims Administrator.  If the release and all other required documents are not submitted by the deadline, they will not be part of the settlement program.

Merck intends to supplement this reply prior to the hearing to reflect additional requests by Carey & Danis and The Miller Firm, among others, that were submitted in response to the original motion.

Dated:  October 8, 2008

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B and by certified mail or Federal Express, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of October, 2008.

                */s/ Dorothy H. Wimberly*
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana  70130
                Phone:  504-581-3200
                Fax:  504-581-3361
                dwimberly@stonepigman.com

                Defendants' Liaison Counsel