<u>UNITED STATES DISTRICT COURT</u>
<u>EASTERN DISTRICT OF LOUISIANA</u>

| | | |
|---|---|---|
| IN RE: | ) | MDL NO. 1657 |
| VIOXX PRODUCT LIABILITY LITIGATION | ) | |
| | ) | SECTION:  L |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE KNOWLES |
| | ) | |
| | ) | |
| ***THIS DOCUMENT RELATES TO:*** | ) | |
| Cellino & Barnes, P.C. Plaintiffs Identified in | ) | |
| Order Scheduling Conferences, | ) | |
| Exh. A, No. 26 to 50 | ) | |
| | ) | |

**CELLINO & BARNES, P.C. PLAINTIFFS' EXPEDITED MOTION
AND INCORPORATED MEMORANDUM TO VACATE IN PART
OR ALTERNATIVELY AMEND IN PART THIS COURT'S
ORDER SCHEDULING CONFERENCES**

On October 8, 2008, this Court filed its Order Scheduling Conferences compelling counsel and 25 plaintiffs to appear personally on October 17, 2008.  However, 22 of these clients stipulated to dismissing their claims well prior to this Court's Order.  Two have enrolled in the settlement process.  The sole remaining plaintiff has been subject of counsel's motion to withdraw from representation, pending since July 10, 2008.  She has stated no intent to continue her litigation should this Court grant the motion.  This Court previously granted a number of counsel's substantively identical filed motions to withdraw.

Because 22 of the 25 plaintiffs stipulated to the dismissal of their claims well prior to the Court's October 8, 2008 Order, and because 2 of the 25 enrolled in the Settlement Program, and because the last of the 25 has simply been waiting for the grant of counsel's motion to dismiss (pending since July 10, 2008), we respectfully submit there is no outstanding issue for any of these 25 individuals.  Counsel accordingly requests that this Court vacate its Order Scheduling Conferences for all Cellino & Barnes plaintiffs.

Alternatively, because counsel has a pre-existing scheduling conflict, counsel respectfully notices his unavailability and requests that this Court permit his appearance at the October 20, 2008 conference rather than the conflicting October 17, 2008 date.

### SYNOPSIS

As noted above, of the 25 Cellino & Barnes, P.C. plaintiffs identified in the Order Scheduling Conferences, 22 stipulated to this Court dismissing their claims with prejudice prior to this Order and tendered signed stipulations to defense counsel. (Exhibit 1, October 1, 2008 entry.) Defense counsel filed a number of these stipulations on October 8, 2008, only hours before this Court served its Order, and subsequently continued filing the stipulations that remain in their possession. On October 10, 2008, counsel received the signed orders of dismissal for 14 of these clients (Exhibit 2.) The remaining stipulated dismissals are substantively identical to those accepted by this Court. An appearance on behalf of these plaintiffs who have stipulated to dismissal serves no purpose and would create unnecessary hardship to individuals who seek no compensation through the Vioxx settlement program.

Of the three remaining Cellino & Barnes plaintiffs, two have already enrolled and a motion to withdraw regarding the final plaintiff, Helen Maksymicz (Order, Exhibit A, No. 37), was filed on July 10, 2008 and remains pending before this Court (Exhibit 3). In recent days, this Court has granted a number of substantively identical motions to withdraw filed by Cellino & Barnes. The orders appear to be signed and filed roughly in alphabetical order, with letters A through C (Adams through Castleman) having been received to date. Ms. Maksymicz has not noticed this Court of her intent to continue litigating her action as directed by Pretrial Order 36 should counsel be permitted to withdraw and is simply waiting for the withdrawal order.

Counsel recognizes that a number of motions to withdraw may have been filed in recent days and that it would be conceivable that other counsel might seek to file these motions in response to this Court's order. In fact, this Court's order at point five appears to address this concern. However, such motions filed in response to the order would not permit timely

withdrawal pursuant to the Pretrial Order 36 process prior to the scheduling conference.  The Cellino & Barnes motions, in contrast, were filed months ago and are ripe for resolution under that process.  Counsel respectfully submits that Ms. Maksymicz should not be made to appear on the basis that the motion concerning her, substantively identical in all respects to those already granted, simply has not yet been resolved based on the order in which these motions are reviewed.

As noted above, Cellino & Barnes plaintiffs Avis Hayes (Order, Exhibit A, No. 30) and Marjorie Wiley (Order, Exhibit A, No. 50) previously had not completed the enrollment process. Both have now completed this process by tendering all necessary documentation to the Claims Administrator.  Accordingly, the conference would not meaningfully guide them in deciding to enroll.

Finally counsel additionally has a pre-existing scheduling conflict in New York that cannot be reconciled with the October 17, 2008 conference date.  In the event that this Court requires an appearance, counsel respectfully requests that he be permitted to appear at the already scheduled October 20, 2008 conference in New York.  As all issues with the Cellino & Barnes plaintiffs identified in Exhibit A have been resolved, counsel's appearance at this alternative forum should not impact the proceedings.  A proposed order has been filed to this effect for this Court's consideration and convenience.

Finally, in the event that this Court declines to grant the requested relief, and pursuant to point three of the Order Scheduling Conferences, counsel respectfully notices the financial hardship that a compelled appearance would create for each of the identified clients.  As comparatively priced by Expedia.com, the most economical price of a flight to New Orleans, one-night hotel stay and one day's car rental would cost each plaintiff approximately $400 to $600.  Based upon the best information available to counsel, only three of the identified clients are employed (Ms. Brenda Hayes in maintenance, Helen Maksymicz as a part time church organist and Ester Sacilowski as a sales clerk).  The travel cost accordingly constitutes a

financial hardship for plaintiffs on fixed incomes or otherwise of limited means.  Moreover, in light of the fact that 22 of the 25 plaintiffs had previously stipulated to dismissal, two have completed the enrollment process and the remaining plaintiff has indicated no intent to proceed and is simply awaiting this Court's grant of counsel's motion to withdraw, this financial hardship is unnecessary as well as unduly burdensome.

## CONCLUSION

Based upon the foregoing, counsel respectfully requests that this Court vacate the Order Scheduling Conferences with regard to Cellino & Barnes plaintiffs.   In the alternative, counsel respectfully requests that this Court permit Cellino & Barnes to appear at the October 20, 2008 conference in New York instead of the October 17, 2008 conference in New Orleans.

DATED:      October 13, 2008

Respectfully submitted,

**CELLINO & BARNES, P.C.**

By:      _____

Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020

4