UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br>VIOXX PRODUCT LIABILITY LITIGATION<br><br><br><br><br>**THIS DOCUMENT RELATES TO:**<br>Cellino & Barnes, P.C. Plaintiffs Identified in<br>Order Scheduling Conferences,<br>Exh. A, No. 26 to 50 and in the<br>Supplemental Order Scheduling Conferences,<br>Exh. A, No. 4 to 16 | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**CELLINO & BARNES, P.C. PLAINTIFFS' EXPEDITED MOTION AND INCORPORATED MEMORANDUM TO VACATE IN PART OR ALTERNATIVELY AMEND IN PART THIS COURT'S SUPPLEMENTAL ORDER SCHEDULING CONFERENCES**

On October 13, 2008, Cellino & Barnes plaintiffs identified in Exhibit A to the Order Scheduling Conferences filed their expedited motion seeking to vacate this order in part or alternatively permitting counsel to appear at the October 20, 2008 conference rather than the October 17, 2008 conference due to a pre-existing scheduling conflict. On October 14, 2008, the Cellino & Barnes plaintiffs supplemented their motion based on additional supportive materials received following their filing this motion. Later on October 14, 2008, counsel received this Court's Supplemental Order Scheduling Conferences adding 13 additional clients. Also on October 14, 2008, Cellino & Barnes telephonically contacted this Court and was graciously advised by the MDL Law Clerk, Mr. Nathan Bays, that the firm could appear at the October 20, 2008 conference rather than on October 17, 2008.

Cellino & Barnes files this supplemental motion to address its 13 additional plaintiffs identified in the supplemental order. These plaintiffs were previously identified in Document 16358, Defendant Merck & Co., Inc.'s Amended Reply Memorandum in Further Support of the Rule to Show Cause Why Cases Should Not Be Dismissed without Prejudice for Failure to Prosecute. Merck premised its motion exclusively on the Claims Administrator having classified

these clients as not being presently located. This status was declared by Cellino & Barnes and, for most clients subject to this motion, Cellino & Barnes supported the requested dismissal. However, for 14 clients, one of whom has now enrolled (Document 16358, n. 1), Cellino & Barnes sought to change their status as the clients had either been located or were believed to be immediately locatable based on investigative progress. Cellino & Barnes accordingly notified their assigned contact at the Claims Administrator's office to administratively reclassify these persons.

To be clear, as stated previously in their opposition papers, Cellino & Barnes does not oppose Merck's request for dismissal without prejudice for any plaintiff who cannot be located by the October 30, 2008 enrollment deadline. However, due to the timing of the motion, Cellino & Barnes necessarily sought to preserve the opportunity to locate and enroll every last plaintiff until that deadline by noticing the Claims Administrator that they believed certain clients should be administratively reclassified. As discussed in their opposition papers, Cellino & Barnes concern was that an immediate ruling on Merck's motion would end the opportunity to enroll these clients prior to the October 30, 2008 deadline. Merck's subsequent reply indicated that it did not seek premature relief. Cellino & Barnes intends to enroll as many of these clients as possible before that deadline and simply requests the opportunity to use each remaining day for that purpose.

As addressed in the prior motions to vacate or amend, Cellino & Barnes resolved all pending issues as to the Order Scheduling Conferences Exhibit A plaintiffs to the extent it could act without an order of this Court. The Supplemental Order Scheduling Conferences Exhibit A adds only plaintiffs that Cellino & Barnes self-reported as being actively pursued to complete the enrollment process. Because Cellino & Barnes has either resolved the enrollment process for its Exhibit A plaintiffs or candidly continues to seek resolution for the Supplemental Exhibit A plaintiffs, without objection to their dismissal without prejudice as Merck requested should they not enroll, counsel respectfully submits that their request to vacate the scheduling conference

orders as to their plaintiffs may be granted without impeding the enrollment process. A proposed order has been filed to this effect for this Court's consideration and convenience.

In the event that this Court declines to grant the requested relief, and pursuant to point three of the Order Scheduling Conferences, counsel respectfully notices the financial hardship that a compelled appearance would create for each of the identified clients. As comparatively priced by Expedia.com, the most economical price of a flight to New Orleans, one-night hotel stay and one day's car rental would cost each plaintiff approximately $400 to $600. Based upon the best information available to counsel, only Mr. Charles Swartz is employed (as a truck lift operator). The travel cost accordingly constitutes a financial hardship for plaintiffs on fixed incomes or otherwise of limited means. Counsel will advise clients by mail to their address of record with the firm of their obligation to be available by telephone.

Finally, pursuant to telephonic conference with Mr. Bays, counsel appreciates the Court's courtesy in permitting appearance at the October 20, 2008 conference in New York instead of the October 17, 2008 conference in New Orleans and understands there may be no written order prepared prior to the hearing date. Again, counsel thanks the Court and Mr. Bays for this courtesy.

DATED: October 14, 2008

Respectfully submitted,

**CELLINO & BARNES, P.C.**

By: _____
Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020