UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx | MDL NO. 1657 |
| **PRODUCTS LIABILITY LITIGATION** | SECTION L |
| This document relates to: | JUDGE FALLON |
| Murray Law Firm Plaintiffs Identified in Order Scheduling Conferences, Exhibit A, Nos. 137 to 153 | MAGISTRATE JUDGE KNOWLES |

### MURRAY LAW FIRM PLAINTIFFS' EXPEDITED MOTION AND INCORPORATED MEMORANDUM TO VACATE IN PART OR ALTERNATIVELY AMEND IN PART THIS COURT'S ORDER SCHEDULING CONFERENCES

On October 8, 2008 this Court filed its Order Scheduling Conferences compelling counsel and the 17 plaintiffs referenced above to appear personally on October 17, 2008.[1] These clients have all enrolled in the settlement. However, each of these 17 plaintiffs either (1) has agreed to dismiss his or her claims prior to this Court's order; (2) has already submitted completed enrollment paperwork to the claims administrator or is in the process of timely submitting completed enrollment paperwork prior to the October 30, 2008 deadline; or (3) counsel has been unable to contact the client and will be filing a motion to withdraw as counsel of record. Accordingly, counsel respectfully request the Court vacate its Order Scheduling Conferences since there are no outstanding issues for these 17 plaintiffs and a conference with the court would not meaningfully guide them on a decision whether to enroll in the settlement.

---

[1] Another Murray Law Firm plaintiff, Joseph Jacques (Exhibit No. 136), referenced in that Order will be the subject of a separate filing.

Six of these 17 plaintiffs have already submitted complete enrollment paperwork (Order, Exhibit A, Nos. 137 (submitted 10/2/2008), 143 (submitted 8/26/2008), 150 (submitted 10/9/2008), and 153 (submitted 10/2/2008)) or will be enrolled prior to the deadline (Order, Exhibit A, Nos. 139, 142). An appearance by these plaintiffs would serve no purpose as they have already enrolled and submitted their enrollment papers to the claims administrator.

Another four plaintiffs have notified counsel that they do not wish to proceed with their claims under the settlement and have agreed to dismiss their case (Order, Exhibit A, Nos. 140, 146, 151 and 152). Counsel are in the process of finalizing the necessary paperwork in order to have these claims dismissed. An appearance by these plaintiffs would serve no purpose and would create unnecessary hardship to individuals who seek no compensation through the Vioxx settlement program.

For the remaining seven of these 17 clients (Order, Exhibit A, Nos. 138, 141, 144, 145, 147, 148 and 149), counsel had been in contact with these clients and enrolled them in the settlement in February 2008. However, one client (Order, Exhibit A, No. 138) passed away since the start of the settlement program and counsel have been unable to locate her heirs. Counsel have lost contact with the other six clients during the settlement process. For these seven clients, counsel have been unable to contact these clients, despite a multitude of efforts, in order to procure completed enrollment paperwork or to notify them of their obligations under the Order Scheduling Conferences. Counsel is finishing the due diligence required to file motions to withdraw as counsel of record pursuant to PTO 36 for these seven clients. An appearance by these plaintiffs is not possible because counsel is unable to contact them to inform them regarding the Order Setting Conferences.

In the event this court declines to grant the requested relief of vacating the Order Setting Conferences, counsel respectfully points out that sixteen out of the 17 clients reside in the Monroe/Shreveport area of Louisiana. Appearing before the Court in person on October 17, 2008 would cause these plaintiffs to incur unnecessary inconvenience and expense, including travel costs, lodging, and time. Accordingly, counsel respectfully requests this Court waive the requirement that any of these plaintiffs appear in person before the Court on October 17, 2008. Furthermore, the plaintiff residing in the greater New Orleans area is enrolling in the settlement (Order, Exhibit A, No. 139). Counsel expects to submit his enrollment paperwork to the claims administrator prior to the October 17, 2008 hearing. Attendance at the hearing by this plaintiff is therefore unnecessary because he has already decided to enroll in the settlement.

## Conclusion

Based on the foregoing counsel respectfully requests this Court vacate in part, or alternative to modify in part, the Order Scheduling Conferences with regard to the Murray Law Firm plaintiffs identified in the Order Scheduling Conferences, Exhibit A, Nos. 137-153.

DATED: October 14, 2008

        Respectfully submitted,

        **MURRAY LAW FIRM**

By:    /s/ Douglas R. Plymale
        Douglas R. Plymale, La. Bar #28409
        James R. Dugan, II, La. Bar #24785
        650 Poydras Street, Ste. 2150
        New Orleans, LA 70130
        Telephone: (504) 648-0180

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Murray Law Firm Plaintiffs' Expedited Motion and Incorporated Memorandum to Vacate in Part or Alternatively Amend in Part this Court's Order Scheduling Conferences has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U. S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this the 14th day of October, 2008.

/s/ Douglas R. Plymale, Esq.
Douglas R. Plymale
Attorney for Plaintiffs
650 Poydras Street, Ste. 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:   (504) 648-0181
dplymale@dugan-lawfirm.com