UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  VIOXX® PRODUCTS
LIABILITY LITIGATION

| THIS DOCUMENT RELATES ONLY TO: | MDL Docket No. 1657 |
|---|---|
| Golden, June Tauber    Case No.: 2:05cv4853 | Section L |
| | Judge Fallon<br>Mag Judge Knowles |

PLAINTIFF'S UNOPPOSED MOTION TO LIFT
THE LIMITATIONS OF THE LETTERS OF ADMINISTRATION
TO PERMIT THE PERSONAL REPRESENTATIVES TO SIGN THE RELEASES AND
OTHER DOCUMENTATION REQUIRED PURSUANT TO THE MSA

1.  On or about June 12, 2005 an action was commenced in the United States District Court for the Southern District of New York by filing a Summons and Complaint.  The action alleged that as a result of the ingesting Vioxx ®, the decedent, Peter Tauber, was caused to die.

2.  By Order of the Surrogate Court of the County of New York, Letters of Administration were issued to JUNE TAUBER GOLDEN, LUCY TAUBER BRYSK and ERIC LAX on December 17, 2004.

3.  The Letters of Administration contained restriction/limitation that the Letters authorized collection of a total of $905,000.00.  This was due to the fact that the Estate had assets other than this lawsuit.

4.  The representatives of the Estate have enrolled in the Merck settlement agreement and have complied with all the necessary filings, however, since the Letters of Administration limit the powers, a deficiency regarding the release has been placed on the matter by Brown Greer.

5.  As such, it is respectfully requested that this Court lift the restrictions on the Letters

to the extent of permitting the Representatives the power to sign any releases or other documents required by the Settlement Administrator and the power to collect any settlement proceeds.

6. It is specifically set forth in the proposed Order that this application does not ask this Court to lift the limitations to distribute the settlement proceeds which will be sought in the form of a death compromise Order in the Surrogate Court in New York County.

7. The reason for seeking the lifting of the limitations in this Court is that the Surrogate Court in New York County would not issue an Order within a reasonable time period such that the representatives of the Estate of Peter Tauber could be processed through the settlement program as expeditiously as possible.

8. Clearly this Court has jurisdiction over the Estate to issue such an Order as would a judge in the trial court, our Supreme Court, in New York State .

WHEREFORE, it is respectfully requested that this motion be granted and that the limitation on the Letters of Administration be lifted solely to allow the administrators to sign any releases or other documents required to proceed through the Merck settlement Program and thereby correct the deficiency presently noted by Brown Greer.

Dated: New York, New York
October 6, 2008

Respectfully submitted,

Robert E. Godosky (4459)
GODOSKY 7 GENTILE, P.C.
61 Broadway, 20th Floor
New York, NY 10006
(212)742-9700

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing **ORDER** have been served on Liason Counsel Russ Herman and Phillip Wittman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve Advanced in accordance with PTO 28, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on the 14th day of October, 2008.

_____
Robert E. Godosky, Bar # 4459
Godosky & Gentile, PC
Attorneys for Plaintiff
61 Broadway, 20th Floorl
New York, New York  10006
212-742-9700
212-742-9706 (fax)
reg@godoskygentile.com
ct@godoskygentile.com