UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION: L

JUDGE FALLON

MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO:**
Griffin vs. Merck & Co., Inc., Case No. 2:07-cv-00894-EEF-DEK

## LOUISE GRIFFIN'S MOTION FOR EXTENSION OF TIME TO COMPLY WITH THE PRETRIAL ORDER NO. 28 ("PTO")

Plaintiff, LOUISE GRIFFIN, as Personal Representative of the Estate of Raymond Griffin, deceased, by and through her undersigned counsel, hereby files this Motion for Extension of Time to comply with the provisions of Pretrial Order No. 28 ("PTO 28") and as grounds therefore would state as follows:

### INTRODUCTION

Plaintiff respectfully requests an extension of time to comply with PTO 28. Plaintiff asserts that pursuant to Florida law (as already determined by the Florida District Court in an identically plead Vioxx case), this Court has no proper jurisdiction over this matter. Plaintiff filed a motion to remand this case in 2006. That motion has now been pending before this Court for approximately **_2 years_**. Until such time as the Court rules upon that motion, it would be manifestly unfair and extraordinarily prejudicial for the Plaintiff to be required to participate in the

extensive discovery disclosures required by PTO 28, or to otherwise litigate this Florida based case in Louisiana Federal District Court.

## ARGUMENT

On September 5, **2006**, Plaintiff filed this action against Merck and thirteen sales representatives employed by Merck in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The action arises from the sale and marketing of the prescription drug Vioxx and contains counts for strict liability, negligence per se based upon violations of Fla. Stat. § 499.007 and violations of Florida's Deceptive and Unfair Trade Practices Act against Merck. The Complaint also contains counts for negligence, negligent misrepresentation, fraud and misleading advertising against Merck and its individually named sales representatives. At least eleven of the named Merck sales representatives are currently (or were at the time the compliant was filed) citizens of the State of Florida, and therefore diversity jurisdiction does not exist. (Plaintiff's Complaint is attached as Exhibit A).

Despite the obvious lack of complete diversity, on October 2, 2006, Merck filed a Notice of Removal in the Thirteenth Judicial Circuit in which it asserted that there is complete diversity of citizenship between Plaintiff and Merck, who it argues is the only properly joined Defendant. Merck further argues that the named Merck sales representatives were fraudulently joined and therefore, asked the District Court to disregard their citizenship.

On October 4, 2006, Merck moved the Middle District Court in Florida to "stay all proceedings" pending transfer to the MDL. (Doc 5). On October 6,

2006, pursuant to J.P.M.L. Rule 7.5(e), Merck notified the panel on multi-district litigation of this case as a potential "tag-along action." On November 1, **2006**, Plaintiff filed a Motion to Remand in which she argued that the Federal District Courts (including this Court) do not have diversity jurisdiction over this case under 28 U.S.C. §1332, because of the fact that there are numerous sales representative Defendants who are Florida residents and who were not fraudulently joined. (Doc 30). In addition, Plaintiff argued that MERCK's Notice of Removal is procedurally improper because two of the sales representatives, who were properly joined and served at the time MERCK filed its Notice of Removal, did not consent to the Removal, and because the affidavits filed by the key salesmen are clearly deficient to meet MERCK's heavy burden of proof on fraudulent joinder.

Plaintiff also opposed the Motion to Stay the case in the Middle District of Florida, arguing that the Court should first rule on Plaintiff's motion to remand before causing this case to grind to unnecessarily delayed by its inclusion in the MDL. (Doc 17)  The Middle District of Florida granted the Motion to Stay, and refused to hear, consider or rule upon Plaintiff's Motion to Remand. (Doc 36).

On February 8, 2007, the Panel on Multi District Litigation transferred this case to this Honorable Court as part of the Vioxx MDL. Plaintiff had timely objected to the inclusion of this case into the MDL, but was denied the right to even argue this motion to the Panel. Since the transfer, this Court has taken no action on this case.

### The Pending Motion to Remand Is Well Founded

## and Should Be Heard

On June 23, **_2005_**, this Court stated its intention to rule on the various Motions to Remand in the Vioxx cases pending before the Court, as "quickly as possible." To Plaintiff's knowledge, however, the Court has not ruled on any motion to remand in the three years and four months which have passed since that statement was made – including the Plaintiff's motion in the case at bar.[1] Plaintiff is very cognizant of the Herculean task that confronted this Honorable Court in the administration of the thousands of Vioxx cases which were pending before it at the height of this litigation. Plaintiff also appreciates the Court's efforts which facilitated the historic settlement of nearly all of those cases.

That being said, however, this Court must also appreciate that Plaintiff in this case is a widow who asserts that her husband was killed as a result of his use of Vioxx. She brought this action in 2006. She has rights, not the least of which is to have this Court consider and rule upon her motion to remand this case to her chosen forum, before she is put to the burden and expense of litigating her case in a distant jurisdiction in which she does not rightfully belong. This is particularly true since she has good cause to believe this court will grant her motion to remand.

---

[1] Specifically, during the June 23, 2005 Status Conference, at p. 21, this Court stated:

> "There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The Rule of Law is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability and no one knows exactly what to do or how to do it. It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter. *I'm conscious of dealing with the remand as quickly as possible*, but I do want to get them all together, look at them, see if I can group them in some way, and then direct my attention on each particular group and deal with that issue in a consistent and fair fashion for that group."

**Florida Law Requires Remand And Other Federal Courts Have So Held**

The Federal District Court in and for the Southern District of Florida, has recently remanded a Vioxx case which, for all relevant purposes, is identical to the issues presented in the Motion to Remand this case. Specifically, the case styled *Flavio Montenegro v. Merck, et al*, Case Number 08-20042-CIV-GOLD, is particularly relevant to the case at bar, since undersigned counsel represents that Plaintiff, the allegations in that complaint are identical to those in the case at bar, the motion to remand is the same as the one in the case at bar, and the issues raised by MERCK in its notice of removal are the same as in the case at bar. All issues of Florida law relevant to the remand issue are identical, and the Florida District Court Judge, applying Florida law, remanded that case to State court. (See Montenegro Complaint attached hereto as Exhibit "B")

The Montenegro compliant alleges the same counts brought against Merck and its relevant sales people, as those brought against Merck and its sales people in the case at bar. Merck removed that case to the Federal District Court for the Southern District, and moved the court to stay the case like it did in the case at bar. Merck's notice of removal and asserted grounds for removal were IDENTICAL to those presented in the case at bar (i.e. fraudulent joinder).

Judge Alan S. Gold, who was presiding over Montenegro, rejected Merck's Motion to Stay, and then heard, considered and GRANTED Plaintiff's motion to remand. (A copy of Judge Gold's Order Remanding Montenegro is attached hereto as Exhibit "C"). In his Order, Judge Gold made several relevant findings and rulings.

First, Judge Fallon denied Merck's motion to stay the case pending transfer into the MDL, in part because of his finding that this Court has not ruled on any motions to remand. (See Exhibit C pg. 7). Next, on the merits, Judge Gold rejected Merck's arguments to the contrary and specifically held that pursuant to Florida law, valid causes of action were plead against the Merck salesmen. Specifically, Judge Gold stated:

> "It has long been established in Florida that a drug manufacturer's detail man who makes misrepresentations to a prescribing physician may be liable to the ingesting patient if the doctor relied on those misrepresentations." (See Exhibit B, pg. 10-11).

Merck makes the same arguments in the case at bar.

Judge Gold then rejected Merck's argument that the Plaintiff's cannot prove that the defendants made a "knowing" misrepresentation (Exhibit C pg. 11) – the same argument it makes in the case at bar. The Court also rejected the affidavits filed by the detail men in Montenegro (which are the same as those filed by the Merck sales people in the case at bar), and ruled that the Plaintiff in that case had established a reasonable possibility of success on the merits. (Exhibit B, pg. 12). In conclusion, the Court ruled that Merck, "failed to meet its heavy burden of establishing fraudulent joinder." (See Exhibit C pg. 13)

These are key findings, since the Montenegro complaint contains the same causes of action as the complaint in the case at bar, and nearly identical allegations of wrongdoing are alleged against the Merck salesmen in both cases. If the allegations and claims against the sales people in Montenegro are valid

under Florida law, then those same allegations are valid in the case at bar, and this case should likewise be remanded.

Given the ruling in this nearly identical case, Plaintiff respectfully asserts that her motion appears to be valid and should, at a minimum, be considered and

ruled upon by the Court before requiring the Plaintiff to participate in an extensive and burdensome discovery process.

### Certification Re LR 7.9W

Undersigned counsel spoke with Elaine Horn, Esq., Counsel for MERCK, who indicated that MERCK has no objection to an order which extends the time for Plaintiff to comply with PTO 28, until December 15, 2008. MERCK objects to any order which indefinitely extends the time for compliance with PTO 28 until after the Court rules upon the Motion to Remand.

WHEREFORE, for the foregoing reasons, Plaintiff, LOUISE GRIFFIN, as Personal Representative of the Estate of Raymond Griffin, deceased, respectfully requests that the Court GRANT this motion and order the following:

1. That Plaintiff, LOUISE GRIFFIN, as Personal Representative of the Estate of Raymond Griffin, deceased, shall have an extension of time to comply with PTO 28, until 30 days after the Court rules on Plaintiff's motion to remand, and will be excused from any compliance with the said Order should the motion to remand be granted; *or*, should the Court deny the request to extend the deadline until after the court decides Plaintiff's motion to remand;

2.  That Plaintiff, LOUISE GRIFFIN, as Personal Representative of the Estate of Raymond Griffin, deceased, shall have an extension of time to comply with PTO 28 until December 15, 2008.

Dated: October 15, 2008
Fort Lauderdale, Florida

Respectfully submitted,

_____
TODD R. FALZONE
Florida Bar No. 975184
trf@justiceforall.com
**Kelley Uustal, PLC**
700 S. E. 3rd Avenue, Suite 300
Fort Lauderdale, Florida 33316
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
Attorneys for Louise Griffin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, I hereby certify that the above and foregoing Motion for Extension of Time has been served on Liaison Counsel, Phillip A. Wittman, Esquire and Russ M. Herman, Esquire, by U.S. Mail, to M. Elaine Horn, Esquire via U.S. mail and email, and upon all parties electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern Disctrict of Louisiana by using the CM/ECK system which will send a Notice of Electronic Filing in accord with the procedures

established in MDL 1657 on this the 15th day of October, 2008.

_____
TODD R. FALZONE
Florida Bar No. 975184
trf@justiceforall.com
**Kelley  Uustal, PLC**
700 S. E. 3rd Avenue, Suite 300
Fort Lauderdale, Florida 33316
Telephone: (954) 522-6601
Facsimile:   (954) 522-6608
Attorneys for Louise Griffin