IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® <br><br> PRODUCTS LIABILITY LITIGATION <br><br><br> **This Document Relates To All Cases** | MDL Docket No. 1657 <br> SECTION L <br> JUDGE FALLON <br> MAGISTRATE JUDGE KNOWLES |

**CERTAIN PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SHOW CAUSE WHY CERTAIN MEDICAL RECORDS PROVIDERS SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH PRETRIAL ORDER NO. 35**

Plaintiffs listed in Exhibit A file this Memorandum in Support of Their Motion To Show Cause Why Certain Medical Records Providers Should Not Be Held in Contempt, and in support thereof state:

**I.  INTRODUCTION**

Plaintiffs have repeatedly attempted to obtain records from their healthcare providers so that they may comply with the terms of the VIOXX® Settlement Agreement. Unfortunately, Plaintiffs' requests to certain providers have been futile.

Counsel for Plaintiffs retained Records Express, what many consider to be the industry leader in retrieving and transmitting medical records worldwide for insurance companies and law firms. For each request, Records Express and plaintiffs' attorneys provided an approved, HIPPA compliant authorization for release of information, and a copy of Pretrial Order No. 35.

## II.   ARGUMENT

The Supreme Court has stated the "basic proposition" that:

> All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that an order is incorrect the remedy is to appeal, but absent a stay, he must comply with the order pending appeal.

Maness v. Meyers, 419 U.S. 449, 458 (1975).

With respect to refusing discovery, Fed. R. Civ. P. 37(b) provides that failure to comply with a court order "may be treated as contempt." Indeed, when a recalcitrant witness refuses to comply with an order of the court to produce documents, the court "may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. §1826. The period of confinement shall not exceed the "life of the court proceeding" *(id.)*, which, when applied to MDL proceedings, may be of little consolation.

In response to numerous reports of providers failing to comply with Plaintiffs' requests, this Court entered Pretrial Order No. 35. The order was issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. § 1407, FED. R. Civ. P. 16 and FED. R,Civ. P. 26(b), and the Court's inherent authority regarding case-specific discovery in this MDL. The order applies to all claims submitted to the Vioxx Resolution Program, including these Plaintiffs.

PTO 35 addressed the refusal of healthcare providers, pharmacies and other entities to provide records required to be submitted under the VIOXX® Settlement Agreement and ordered that facilities comply quickly, efficiently and inexpensively. The

Court acknowledged the unnecessary delays and increased costs and sought to provide a uniform and cost effective process for the collection of records and information relevant to claims enrolled in the Resolution Program.

## III. PRAYER

Therefore, Plaintiffs respectfully ask this Court to issue an order that a corporate representative for each provider appear before this Court and show cause why the providers should not be held in contempt for failing to comply with PTO *35,* and compel the facility to produce the requested records with the required certifications. Plaintiffs have exhausted all efforts to obtain these records short of Court action.

WHEREFORE, Plaintiffs pray that this Motion to Show Cause be granted, that the Court order an appropriate representative for each healthcare provider to appear before the Court to explain its refusal to honor this Court's orders, and for such other relief to which they may be entitled.

Dated:                                                                                  Respectfully submitted,

By: _____
Jeffrey J. Lowe
Francis J. "Casey" Flynn
THE LOWE LAW FIRM
Attorney for Plaintiffs
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

John Carey
Joseph P. Danis
Sarah Hale
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100

St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Suite 1300
St. Louis, MO 63117
314-725-9595
Fax: 314-725-9597

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann and Russ Herman, by U. S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established.

_____