UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PRETRIAL ORDER NO. 35

Rules and Procedures Relating to the Authorization for Release of
Healthcare, Pharmacy and Other Records Relating to
Claimants Enrolling in the Vioxx Resolution Program

     This cause is before the Court upon the application of Merck and the Negotiating Plaintiffs' Committee ("NPC"), joined in by the MDL PSC, for an Order aiding in the implementation of the Vioxx Resolution Program established by Merck and the NPC pursuant to the Master Settlement Agreement executed by the parties on November 9, 2007. After consideration of this request and finding that such an Order would facilitate the orderly, uniform and cost-effective acquisition of relevant information and materials for this litigation, it is **ORDERED** as follows:

     1.    *The Basis for this Order.* In order for the Claims Administrator appointed under the Vioxx Resolution Program to evaluate claims enrolled in the Program, claimants are required to submit medical, pharmacy and other records for review by the Claims Administrator. Some healthcare providers, pharmacies and other entities having custody of these records (including, where applicable, employment and military records), however, have refused to release such records unless specific forms prepared by the particular entity are used. This delays the processing of claims and entails greater costs. To authorize the release of such records and allow necessary access to the records under the Program, the Claims Administrator has prepared Authorization Forms that are fully compliant with HIPAA. (See attached Exhibits A & B (medical records authorization) and Exhibits B & C (employment records authorization).) The purpose of this Order is to provide for a simple, uniform and cost-effective process for the collection of records relevant to claims enrolled in the Resolution Program (including, where applicable, employment and military records). Accordingly, this Order is issued pursuant to the



Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. §1407, Fed.R.Civ.P. 16 and Fed.R.Civ.P. 26(b), and the Court's inherent authority regarding case-specific discovery in this MDL.

  **2.** ***Claimants Affected by this Order.*** This Order applies to all claims submitted to the Vioxx Resolution Program. This includes cases originally transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of July 6, 2006 or as tag-along actions, and all related cases originally filed in this Court or transferred or removed to this Court. This Order also applies to all cases tolled pursuant to Tolling Agreement, entered into by Merck & Co., Inc. and the MDL PSC on June 1, 2005.

  **3.** ***Discovery Affected by this Order.*** This Order applies to the procurement of information and materials from entities (including but not limited to physicians, healthcare providers, pharmacies, educational facilities, former and present employers, insurance providers, all branches of the military and any other federal, state, and/or local government agencies) relating to claimants referred to in Paragraph 2.

  **4.** ***Duty to Accept Court-Approved Authorization to Release Medical Records and Employment Records.*** The Authorization Forms attached to this Order are HIPAA compliant and have been approved for use in all claims affected by this Order. Accordingly:

   (a) All physicians, healthcare providers, pharmacies, pharmacy benefits managers ("PBM"), educational facilities, former and present employers, insurance providers, all branches of the military, any federal, state, and/or local government agencies, or any other entity asked to produce records relating to a plaintiff or employee(all referred to as "Entities") shall accept the Authorization Forms as valid for all claims affected by this Order;

   (b) Entities may not request or insist upon different forms or terms different from the Authorization Forms;

   (c) When signed by a patient or employee and plaintiff in claims affected by this Order, the Authorization Forms shall be relied upon by all Entities to authorize the release of all records, including all medical and psychiatric records;

   (d) No facility-specific or different form shall be necessary for production of any records relating to a current or former patient or employee;

   (e) A photocopy or pdf image of the Authorization Forms shall be accepted;

   (f) No original signatures shall be required on the Authorization Forms for production of any records relating to a current or former patient or employee;

(g) Any Authorization Form dated after November 9, 2007, shall be effective for production of any records relating to a current or former patient or employee and no differently dated Authorization shall be necessary or requested by the Entities;

(h) Entities may not impose any waiting period for the production of records; and

(i) Entities may not condition the release of requested records upon the payment of unreasonable "processing" or "handling" fees.

New Orleans, Louisiana, this 10th day of April, 2008.

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**