UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **1199SEIU GREATER NEW YORK BENEFIT FUND**, by its Trustees, *et al.*, on behalf of themselves and all others similarly situated, | * * * * * | **CASE NO. 08-3627** **RELATED CASE:** **2:05-MD-1657** **VIOXX MDL LITIGATION** |
| Plaintiffs, | * * | **SECTION L** |
| v. | * * | **JUDGE ELDON E. FALLON** |
| **BROWNGREER, PLC**, *et al.*, | * * | **MAGISTRATE JUDGE** |
| Defendants. | * | **KNOWLES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**[1]

Defendants concede that "once [settlement] funds are actually disbursed to claimants or their attorneys," ERISA plans that contain language establishing a contractual lien are entitled to "pursue equitable reimbursement actions under ERISA." NPC Opposition to Motion for Preliminary Injunction, Rec. Doc. 15225 at 15 (hereinafter "NPC Opposition"); *see also* NPC Motion to Dismiss, Memorandum in Support, Rec. Doc. 14875-2 at 12 (hereinafter "NPC Motion"). Moreover, and consistent with the Supreme Court's ruling in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), and the Fifth's Circuit ruling in *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferer, Poirot & Wansbrough*, 354 F.3d 348 (5th Cir. 2003), this Court has stated that ERISA health plans containing appropriate reimbursement language have contractual liens over individual claimants' settlement funds, and "have a right to satisfy [those] lien[s]," including against the settling

---

[1] Defendant BrownGreer has moved to adopt and incorporate by reference the NPC Defendants' motion. Rec. Doc. 16406. Accordingly, this Opposition, while addressed to the arguments asserted by the NPC Defendants, applies to both the NPC Defendants' Motion to Dismiss and the BrownGreer motion.

{N0143535}

claimants' attorneys. Transcript of July 24, 2008 Proceedings Before the Honorable Eldon E. Fallon, United States District Judge, Rec. Doc. 16704 at 97.

This Court has denied Plaintiffs 1199SEIU Greater New York Benefit Fund and New York State Teamsters Council Health and Hospital Fund's ("Plaintiffs") request to certify the class of ERISA health plans proposed in the Amended Complaint. Therefore, the only issue posed by Defendants' instant motion is whether *these* two Plaintiffs, independent of the proposed class, sufficiently have alleged that *they* fall within the category of ERISA plans Defendants and this Court have acknowledged as having a right to pursue equitable reimbursement claims against their beneficiaries who are Vioxx claimants and their attorneys. As demonstrated herein, Plaintiffs' Amended Complaint manifestly alleges, with respect to the named Plaintiffs, all of the necessary elements of an equitable reimbursement claim under ERISA § 502(a)(3), as that statute has been construed by *Sereboff* and *Bombardier*. Specifically, Plaintiffs have alleged that:

- They provided Vioxx-related medical benefits to beneficiaries of their ERISA plans who have enrolled in the Vioxx settlement for the purpose of receiving settlement funds in compensation for the same Vioxx-related injuries;

- Their ERISA plan documents contain provisions (which are quoted in the Amended Complaint) that establish an equitable lien over that portion of each Vioxx settlement fund paid to such plan beneficiaries or their agents corresponding to the Vioxx-related benefits the plans paid on each beneficiary's behalf, and contractually entitle Plaintiffs to reimbursement of that amount;

- The specific settlement payments that these plan beneficiaries have received and will receive are "identifiable funds" in their "possession and control" for purposes of an equitable reimbursement claim under ERISA;

- Distribution of Vioxx settlement payments to individual claimants (including these plan beneficiaries) and their attorneys was scheduled to begin in early August 2008 (and, in fact, more than $100 million in such payments already has been made); and

- At least some of these plan beneficiaries and attorneys who have received and will receive identifiable settlement payments include Defendants and their clients.

In view of these allegations, and particularly because more than $100 million in Vioxx settlement funds already has been paid out, with hundreds of millions more to be paid out in the coming weeks,[2] there is no question that Plaintiffs have alleged sufficient facts both to confer subject matter jurisdiction on this Court and to state a claim for relief under ERISA.  Indeed, it bears emphasis that Defendants have acknowledged from the outset of this case that there would come a time when Plaintiffs such as these would be entitled to pursue their equitable ERISA claims against their settling plan beneficiaries.  The triggering event to which Defendants earlier referred now has taken place, and continues to take place – *i.e.*, the allocation and distribution of specific amounts of Vioxx settlement funds to individual claimants.  For this reason, and the reasons set forth more fully herein, Defendants' motion to dismiss is without merit and should be denied.

### Background

Plaintiffs filed their original Complaint in this Court on June 3, 2008.  On June 26, 2008, Defendants filed the instant Motion to Dismiss, arguing that Plaintiffs failed to state a claim because there was "*currently* no identifiable fund by which the Plaintiffs would be entitled to assert an equitable claim of reimbursement."  NPC Motion at 4 (emphasis added).  According to Defendants, so long as the Vioxx settlement funds remained "undistributed and unallocated" in the hands of BrownGreer as settlement administrator, Plaintiffs could not assert a claim against the "aggregate settlement fund" for all Vioxx claimants.  *Id.* at 7.

---

[2]    It is assumed that Defendants will not dispute the fact of these distributions of settlement funds.  Should there be any question, this Court should take judicial notice of the status of the settlement and related allocations and distributions.  *See* FED.R.EVID. 201; *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

Plaintiffs filed an Amended Complaint on July 9, 2008, revising their allegations to address directly the arguments contained in the Defendants' motion.[3]  Rec. Doc. 15210.  Specifically, the Amended Complaint makes clear, *inter alia*, that Plaintiffs are seeking reimbursement *only* with respect to Vioxx settlement funds specifically designated for their plan beneficiaries, and *only* in the amount of the Vioxx-related medical benefits these plan beneficiaries have received, or have been approved to receive, from Plaintiffs.  Thus, whereas Defendants' motion inaccurately argues that Plaintiffs are seeking to recover general funds from the aggregate $4.5 billion settlement fund being administered by BrownGreer, and that Plaintiffs therefore are not seeking "identifiable funds," the Amended Complaint expressly limits the relief Plaintiffs seek to the specific settlement funds allocated/paid to *their* plan beneficiaries or their counsel.[4]

## I.      The Court Has Subject Matter Jurisdiction Over Plaintiffs' Claims.

Plaintiffs have brought this action seeking equitable relief pursuant to ERISA § 502(a)(3) to enforce the clear terms of their ERISA plan documents.  Because this claim arises under a "law[] … of the United States," this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants seek dismissal of the Amended Complaint for lack of subject matter jurisdiction under FED.R.CIV. P. 12(b)(1), resting exclusively on their pre-distribution argument that Plaintiffs have failed to allege the existence of an "identifiable fund" in the "possession or control" of a plan

---

[3]      Because the Amended Complaint mooted Defendants' legal arguments in support of their Motion to Dismiss, Plaintiffs filed, on July 9, 2008, a response to the motion explaining that Plaintiffs had addressed the issues raised by Defendants in the amended pleading.  Rec. Doc. 15208.

[4]      To date, Defendants have not responded substantively to the revised allegations in Plaintiffs' Amended Complaint.  Rather, they argue simply that this Court should treat the arguments made against the original Complaint as if asserted in response to the Amended Complaint. Transcript of Aug. 20, 2008 Proceedings Before the Honorable Eldon E. Fallon, United States District Judge (attached as Ex. A) at 57; Order & Reasons of Aug. 7, 2008, Rec. Doc. 15482 at 14; *see* Rec. Doc. 16406-2.

beneficiary that appropriately could be the subject of an equitable claim under Section 502(a)(3).[5] Whatever merit that argument may have had when the entire settlement trust remained unallocated and in the hands of BrownGreer,[6] now that the allocation and distribution of settlement funds to individual Vioxx claimants (including Plaintiffs' beneficiaries) and/or their attorneys has begun, *see* Minute Entry, Oct. 17, 2008, Rec. Doc. 16594 at 6, Defendants' argument demonstrably is without merit.  Those settlement funds that *already* have been allocated and distributed to claimants or their attorneys manifestly constitute "identifiable" funds in the "possession and control" of plan beneficiaries within the meaning of *Sereboff* and *Bombardier*.  Accordingly, treating Plaintiffs' allegations as true, as this Court must for purposes of the instant motion, Plaintiffs unquestionably have pled sufficient facts to confer subject matter jurisdiction over their claims.

### A.     Plaintiffs' jurisdictional allegations are manifestly sufficient.

Although the burden of proof to establish subject matter jurisdiction falls on the party asserting jurisdiction, the standard of review for a Rule 12(b)(1) motion is the same as for a motion to dismiss for failure to state a claim under FED.R.CIV.P. 12 (b)(6).  *The Investor's Choice Corp. v. Allbaugh*, 2003 WL 21459703, *2 (E.D.La. June 19, 2003).  Thus, Plaintiffs' ERISA claims may not be dismissed under Rule 12(b)(1) unless "it appears *certain* that [Plaintiffs] can prove *no set of facts* in

---

[5]     Although Defendants also challenge this Court's jurisdiction on the ground that Plaintiffs have failed to "indicate the time-frame" their alleged plan terms were in effect, they do not challenge the *sufficiency* of the named Plaintiffs' alleged plan language to state a claim under § 502(a)(3), nor could they.  NPC Motion at 6. In any event, Defendants' "time frame" argument simply ignores the express allegations in Paragraphs 42 and 43 of the Amended Complaint that the two named Plaintiffs' plans, "at all times relevant [to the litigation]," contained lien-establishing reimbursement provisions identical (or at least equivalent) to the language quoted in the Amended Complaint.  This allegation must be taken as true and is sufficient to withstand a motion to dismiss.

[6]     Plaintiffs continue to believe that they are entitled to enforce their plan terms against settling claimants even prior to actual disbursement of settlement funds, *i.e.*, upon allocation by the Settlement Administrator if not earlier.  For purposes of this motion, however, this distinction does not matter because there is no dispute that settlement funds already have been paid that Plaintiffs allege are subject to their equitable lien rights.

support of [their] claim that would entitle [them] to relief." *Ace American Ins. Co. v. Huntsman Corp.*, 2008 WL 4453108, *3 (S.D.Tex. Sept. 26, 2008) (citing *Bombardier*, 354 F.3d at 351) (emphasis added).

Moreover, where, as here, a defendant mounts a mere "facial" challenge to the sufficiency of a plaintiff's allegations of jurisdictional facts – *i.e.*, without any supporting evidence to challenge the truth of the plaintiffs' allegations – "the court must consider the allegations in the plaintiff's complaint as true," just as it must do on a Rule 12(b)(6) motion to dismiss. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981); *Ace American Ins. Co.*, 2008 WL 4453108 at *3; *see also Shafer v. Hill*, 2008 WL 4367291, *2 (N.D.Tex.. Sept. 23, 2008). Stated otherwise, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion." *Menchaca v. Chrysler Credit Corporation*, 613 F.2d 507, 511 (5th Cir. 1980).

Defendants' jurisdictional argument rests on the erroneous assertion that Plaintiffs are seeking to recover funds from an "undistributed and unallocated" settlement fund which, Defendants assert, cannot constitute an "identifiable fund" in the "possession and control" of plan beneficiaries within the meaning of *Sereboff* and *Bombardier*. NPC Motion at 7-10. This argument ignores completely the allegations in the Amended Complaint which demonstrate that Plaintiffs *only* seek to recover against those specific settlement funds designated for their plan beneficiaries who (a) have received Vioxx-related medical benefits from Plaintiffs; and (b) have received or been allocated (or their attorneys have received) specific amounts of settlement funds, but have failed to reimburse Plaintiffs as required by their plan documents. Plaintiffs also clearly allege that they seek to recover *only* that portion of those settlement funds corresponding to the Vioxx-related medical benefits they paid on each such beneficiary's behalf. *See, e.g.*, Amended Complaint ¶¶ 40-41, 45, 62-63. As assertions which this Court must take as true at the pleading stage, these allegations readily establish

{N0143535}                                                          6

that the Amended Complaint sufficiently pleads the existence of an "identifiable fund" within the "possession and control" of plan beneficiaries, and thus sufficiently pleads the basis for a Section 502(a)(3) claim over which this court has subject matter jurisdiction.

While the Court must accept as true these well-pled allegations of the Amended Complaint – themselves sufficient to defeat Defendants' motion – in this case it need not rely on assumptions regarding future allocations and distributions of Vioxx settlement funds to individual claimants: The Court has been advised by Defendants that more than $100 million *already* has been allocated and distributed as of October 22, and that millions more will be allocated and distributed in the coming weeks. *See* Rec. Doc. 16594 at 6. As noted above, even Defendants have recognized throughout this case that when settlement funds actually are distributed to claimants or their attorneys, Plaintiffs are entitled to pursue equitable reimbursement claims under ERISA because, at that point, the sought-after funds indisputably would be "identifiable." As stated by Defendants:

> **Once funds are actually distributed to claimants or their attorneys, [ERISA health plans like Plaintiffs] may pursue equitable reimbursement actions under ERISA. At that point, the funds will be both identifiable and in the possession/control of plan beneficiaries, i.e., the factual predicate justifying the decisions in Sereboff and Bombardier.**

NPC Opposition at 15; *see also* NPC Motion at 12. Thus, whether or not the Vioxx settlement funds were "identifiable" at an earlier time, there can be no doubt that the settlement funds that already have been distributed to plan beneficiaries or their attorneys *now* are "identifiable" and subject to Plaintiffs' equitable reimbursement claims.

Defendants further argue that the aggregate settlement funds are being held by BrownGreer as Settlement Administrator, and therefore are not in the "possession and control" of Plaintiffs' beneficiaries (or their agents). This argument, too, ignores the plain language of the Amended Complaint, which seeks relief not against funds in the Vioxx Settlement Trust that are under the control of BrownGreer, but only against those specific funds that are in the possession or control of

Plaintiffs' beneficiaries themselves.[7] Thus, the Amended Complaint alleges that, beginning in August 2008, the settlement funds were to be (and now are being) allocated and distributed to Vioxx claimants and their attorneys. *See* Amended Complaint ¶¶ 6-11. As such, and just as in *Sereboff* and *Bombardier*, Plaintiffs have alleged that these settlement funds are, in Defendants' own words, in the control of "plan beneficiaries or agents of the plan beneficiaries, such as an attorney, who is holding the settlement proceeds in trust for distribution to the plan beneficiary." NPC Motion at 12. For the purpose of Defendants' Rule 12(b)(1) motion, these allegations must be taken as true and readily satisfy the "possession/control" prong of the *Bombardier* test.[8]

Moreover, just as with the "identifiable fund" issue, the Court need not make assumptions regarding "possession and control." The settlement funds already distributed to claimants (including Plaintiffs' beneficiaries) and/or their attorneys plainly are in the possession and control of those claimants. Thus, whatever merit Defendants' argument may have had *before* the distribution of settlement funds to individual claimants commenced, this argument has no merit now that settlement funds have begun to be disbursed.

Given Plaintiffs' allegations, Defendants' own concessions, and the fact that more than $100 million in settlement funds already has been distributed to individual claimants and their attorneys, there is no credible basis for Defendants to argue that Plaintiffs "can prove no set of facts" that would entitle them to equitable relief under Section 502(a)(3) of ERISA. The allegations in the

---

[7]     For this same reason, the funds Plaintiffs seek are entirely different from those described in the *Bauhaus* and *Knudson* cases upon which Defendants rely. *See* NPC Motion at 11. In those cases, the distributed funds lay entirely outside the control of the ultimate beneficiaries, either in a Special Needs Trust or in the state court registry.

[8]     Plaintiffs also allege in their Amended Complaint that they satisfy the third prong of the *Bombardier* test, *i.e.*, that the settlement funds "belong in good conscience" to Plaintiffs' plans. Amended Complaint ¶¶ 40, 62. Defendants do not challenge the sufficiency of this assertion.

Amended Complaint plainly state a claim as to the existence of an "identifiable fund" in the "possession and control" of beneficiaries of the named Plaintiffs, and thus adequately assert a basis for subject matter jurisdiction over Plaintiffs' ERISA § 502(a)(3) claims.[9]

### B. Even if Defendants Had Raised a "Factual" Challenge to the Amended Complaint, Plaintiffs Would Be Entitled to Jurisdictional Discovery.

Defendants have not made a "factual" challenge to jurisdiction, but were they to attempt such a challenge, they still would not be entitled to dismissal. A "factual attack" on jurisdiction requires the movant to provide "affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court." *Destination Products Int'l, Ltd. v. Wilson Transport., Inc.*, 2008 WL 2901611, at *3 (N.D.Tex. Jul. 23, 2008) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)); *see Ace American Ins. Co.*, 2008 WL 4453108 at *3. When made, such a challenge may entitle the movant to heightened scrutiny of the plaintiff's allegations, but the court first "must give the plaintiff [faced with such a "factual" challenge] an opportunity for discovery and for a hearing that is appropriate as to the nature of the motion to dismiss." *Williamson*, 645 F.2d at 414; *see also McAllister v. Federal Deposit Ins. Corp.*, 87 F.3d 762, 766 (5th Cir. 1996) (same); *Occidental Chemical Corp., v. Louisiana Public Service Commission*, 494 F.Supp.2d 401, 405 n.2 (M.D.La. 2007) (citing *Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598, 602 n.1 (5th Cir. 1982)) (noting that resolution of disputed facts and dismissal under Rule 12(b)(1) is improper unless court permits discovery and holds an evidentiary hearing).

---

[9]   Defendants' 12(b)(1) motion fails for yet another reason. "Where the basis of jurisdiction is also an element in the plaintiff's cause of action," the Fifth Circuit requires that the district court apply a "strict standard for dismissal." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) (citing *Bell v. Hood*, 327 U.S. 678 at 682 (1946)). In these situations, a complaint should not be dismissed for lack of jurisdiction unless the claim is "immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682-83. Defendants have not even attempted to make such a showing. Nor should a complaint be dismissed under such circumstances without affording the plaintiff a reasonable opportunity to develop his/her evidence through discovery. *See McBeath v. Inter-American Citizens for Decency Committee*, 374 F.2d 359, 363 (5th Cir. 1967).

Thus, even if Defendants were to come forward with evidence to support their motion to dismiss at this time, Plaintiffs would be entitled, at the very least, to take jurisdictional discovery before their case could be dismissed for lack of jurisdiction.

## II. Defendants' Rule 12(b)(6) Motion is Without Merit.

In addition to their jurisdictional argument, Defendants also ask this Court to dismiss Plaintiffs' claims pursuant to FED.R.CIV.P. 12(b)(6) because "the aggregate settlement funds are in a trust account outside the control of [the] NPC Defendants," are "unallocated and undistributed," and are "in the possession of a third-party trustee." NPC Motion at 13-14.[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1974 (2007)); *Maher v. Insurance Underwriters, Ltd.*, 2008 WL 145026 (E.D.La. Jan. 14, 2008). Thus, what matters is not whether Defendants can assert naked denials at the pleading stage, but whether Plaintiffs have *alleged* sufficient facts to state a claim. Applying this standard, to the extent Defendants' 12(b)(6) argument simply mirrors their unfounded Rule 12(b)(1) arguments – *i.e.*, that Plaintiffs seek unidentifiable funds that are "outside the control" of the plan beneficiaries – their 12(b)(6) motion should be denied for the same reasons as their 12(b)(1) motion.

---

[10] Defendants also take issue with Plaintiffs' allegations regarding the contractual notification provisions in the plan documents, arguing that Plaintiffs improperly seek "confidential information concerning each and every Vioxx personal injury claimant." NPC Motion at 15. Plaintiffs previously demonstrated, even when they were seeking class-wide relief, that this argument has no merit, and therefore will not repeat that argument here. *See, e.g.* Reply in Support of Motion for Preliminary Injunction, Rec. Doc. 15360-4 at 12-15. Certainly in the context of the claims of the two named Plaintiffs in their own capacities, there is no question that *these* Plaintiffs only seek information regarding those Vioxx claimants who are their beneficiaries and who owe them reimbursement obligations from their settlement funds. Neither named Plaintiff seeks any information regarding any other plan's beneficiaries.

Defendants' further argue for dismissal of the Amended Complaint on the ground that they are "improperly named" as defendants in this case.[11] This argument is entirely without merit. Indeed, Defendants already have conceded that Plaintiffs' ERISA claims "*need* to be asserted directly against plan beneficiaries *or agents of the plan beneficiaries, such as an attorney, who is holding the settlement proceeds in a trust for distribution to the plan beneficiary.*" NPC Motion at 12 (emphasis added). That is precisely what Plaintiffs have alleged here.

Plaintiffs' allegations also are consistent with the law in this Circuit that "a law firm, as counsel for the plan participant and stake holder of specifically identifiable settlement funds in a trust account – on that beneficiary's behalf – fits comfortably within the 'universe of possible defendants' subject to suit under [ERISA § 502(a)(3)]." *Bombardier,* 354 F.3d at 354; NPC Motion at 13. Thus, the Fifth Circuit has left no question that "§ 502(a)(3) authorizes a cause of action against a non-fiduciary, non-'party in interest' attorney-at-law [like Defendants] when he holds disputed settlement funds *on behalf of* a plan-participant client who is a traditional ERISA party." *Id.* at 353 (emphasis in original). Given Plaintiffs' allegations that Defendants already have begun to receive "identifiable" settlement funds that Plaintiffs allege belong to them, Defendants fit squarely within *Bombardier*'s definition of a proper defendant under § 502(a)(3). Thus, under binding Fifth Circuit precedent, Plaintiffs are entitled to pursue claims against Defendants for equitable relief under ERISA.

---

[11] Defendants also make an additional, but indecipherable, argument that Plaintiffs' causes of action for preliminary and permanent equitable relief pursuant to Section 502(a)(3) fail to state a claim because they "fail to specify any grounds for the legal relief being requested." NPC Motion at 18. The Amended Complaint alleges clearly that Plaintiffs are entitled, pursuant to ERISA § 502(a)(3), to bring an action to enjoin any act or practice which violates any provision of ERISA or the terms of an ERISA plan, or to obtain any other equitable relief to redress such violations or to enforce the statute or the plan terms. Amended Complaint ¶¶ 68, 73. There can be no question that these allegations, coupled with the substantive allegations in the Complaint, state a claim under ERISA for the specific equitable relief identified in each of these causes of action. *See id.* ¶¶ 67-75.

### III. There are Strong Public Policy Reasons for Permitting Plaintiffs' Equitable ERISA Claims to Proceed.

Defendants have raised no sustainable challenge to Plaintiffs' ERISA claims. Moreover, beyond the procedural and substantive adequacy of Plaintiffs' Amended Complaint, this case presents significantly broader implications regarding ERISA and the viability of self-funded employee benefit plans that are vitally important to workers and their families.

Congress enacted ERISA because of its deep concern with the substantial and direct effects employee benefits plans have on the continued well-being and security of employees and their dependents, the economy, and the national public interest at large. *See* 29 U.S.C. §§ 1001 -1001b. It considered the soundness and impact of ERISA plans so important that it was not content to leave enforcement of their provisions solely to private contract law, but instead created broad, statutory mechanisms to ensure their proper enforcement. These concerns are heightened in this case, where Plaintiffs are non-profit entities that exist for the sole purpose of providing health benefits for their beneficiaries: union members and their families. The plans are not insured, and any shortfall in funding for medical expenses would threaten to adversely effect all of their beneficiaries.

When the plan beneficiaries represented by Defendants in this case signed up for their ERISA health plans and when they accepted Vioxx-related medical benefits from Plaintiffs, they obligated themselves to reimburse Plaintiffs from any settlement funds they might receive to the extent they also received compensation from a third-party for the same injuries. Congress recognized the importance of giving ERISA health plans the tools necessary to enforce plan terms such as the quoted reimbursement provisions in Plaintiffs' plans. Indeed, Congress *expects* that ERISA plans like Plaintiffs will pursue precisely the sort of action Plaintiffs have taken here, in order to fulfill their fiduciary duty to take all reasonable steps to recover plan funds so that *all* beneficiaries can continue to receive needed medical benefits. *See, e.g.*, *Central States, Southeast and Southwest Areas*

*Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985) (finding that "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that funds can be used on behalf of participants and beneficiaries"); *Asbestos Workers Local 53 Pension Fund v. International Maintenance Corp., Inc.*, 1999 WL 1067913 at *6 (E.D.La. Nov. 24, 1999) (same).

Dismissal of Plaintiffs' claims would be particularly inappropriate in this case given the nature of the relief Plaintiffs seek.  Plaintiffs seek only to enforce the terms of their ERISA plans in order to ensure that they continue to maintain sufficient funds to pay health benefits to the workers and their families who are plan beneficiaries.  Rather than generating profits, any recovery Plaintiffs obtain in this case will go right back into the ERISA plans to help pay for medical benefits for other beneficiaries, who may find themselves in the same position of medical need as the Vioxx claimants did here, but who may not have a similar opportunity to obtain compensation from third parties.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss for lack of subject jurisdiction and for failure to state a claim upon which relief can be granted should be denied.

New Orleans, Louisiana, this 3rd day of November 2008.

Respectfully submitted,

s/ Rebecca H. Dietz
KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA  70170
Telephone:  504-582-3800
Facsimile:  504-582-1233

-and-

        LEVY PHILLIPS & KONIGSBERG, LLP
        Steven J. Phillips
        Diane Paolicelli
        800 Third Avenue
        13th Floor
        New York, NY  10022
        Telephone:  212-605-6200
        Facsimile:  212-605-6290

        - and -

        CROWELL & MORING, LLP
        Andrew H. Marks
        Robert T. Rhoad
        Aryeh S. Portnoy
        1001 Pennsylvania Avenue, N.W.
        Washington, DC  20004
        Telephone:  202-624-2500
        Facsimile:  202-628-5116

        ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Opposition to Defendants' Motion to Dismiss has been served on Liaison Counsel, Russ Herman and Phillip Wittman, either by U.S. Mail and e-mail, or hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 (B), and that the foregoing was electronically filed with the Clerk of Court of the United State District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing.

      This 3rd day of November, 2008,

                                              /s/ Rebecca H. Dietz