IN THE UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document Relates to all cases | * | JUDGE FALLON |
| Listed on Exhibit "A" | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

**CERTAIN PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO SHOW CAUSE WHY CERTAIN MEDICAL RECORDS PROVIDERS
SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH
PRETRIAL ORDER NO. 35 AND/OR 35A**

Plaintiffs listed in Exhibit "A" file this Memorandum in Support of Their Motion To Show Cause Why Certain Medical Providers Should Not Be Held in Contempt, and in support thereof state:

I.  INTRODUCTION

Plaintiffs have repeatedly attempted to obtain records from their healthcare providers so that they may comply with the terms of the VIOXX® Settlement Agreement.  Unfortunately, Plaintiffs' requests to certain providers have been futile.

Counsel for Plaintiffs provided an approved, HIPPA compliant authorization for release of information, and a copy of Pretrial Order No. 35 and/or 35A to Plaintiffs healthcare providers listed in Exhibit "A" but the healthcare providers listed in Exhibit "A" have ignored the request.

II.  ARGUMENT

The Supreme Court has stated the "basic proposition" that:

> All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that an order is incorrect the remedy is to appeal, but absent a stay, he must comply with the order pending appeal.

Maness v. Meyers, 419 U.S. 449, 458 (1975).

With respect to refusing discovery, Fed. R. Civ. P. 37(b) provides that failure to comply with a court order "may be treated as contempt." Indeed, when a recalcitrant witness refuses to comply with an order of the court to produce documents, the court "may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. § 1826. The period of confinement shall not exceed the "life of the court proceeding" *(id.)*, which, when applied to MDL proceedings, may be of little consolation.

In response to numerous reports of providers failing to comply with Plaintiffs' medical records request, this court entered Pretrial Orders No. 35 and 35A. The order was issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. § 1407, FED R. CIV. P. 16 and FED. R. CIV. P. 26(b), and the Court's inherent authority regarding case-specific discovery in this MDL. The order applies to all claims submitted to the Vioxx Resolution Program, including these plaintiffs.

PTO 35 and 35A addressed the refusal of healthcare providers, pharmacies and other entities to provide records required to be submitted under the VIOXX® Settlement Agreement and ordered the facilities comply quickly, efficiently and inexpensively. The Court acknowledged the unnecessary delays and increased costs and sought to provide a

uniform and cost effective process for the collection of records and information relevant to claims enrolled in the Resolution Program.

## III.   PRAYER

Therefore, Plaintiffs respectfully ask this court to issue an order that a corporate representative for each provider appear before this Court to show cause why the providers should not be held in contempt for failing to comply with PTO 35 and/or 35A, and compel the facility to produce the requested records with the required certifications. Plaintiffs have exhausted all efforts to obtain these records short of Court action.

WHEREFORE, Plaintiffs pray that this Motion to Show Cause be granted, that the Court order an appropriate representative for each healthcare provider to appear before the Court to explain its refusal to honor this Court's orders, and for such other relief to which they may be entitled.

Done this 5th day of November, 2008.

Respectfully submitted,

/s/ Tyler C. Vail
Attorney for Plaintiffs

OF COUNSEL:
DAVIS & NORRIS, LLP
2154 Highland Avenue
Birmingham, Alabama 35205
(205) 930-9900
(205) 930-9989 (fax)
tvail@davisnorris.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittman and Russ Herman, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(b), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657.

/s/ Tyler C. Vail
Attorney for Plaintiffs