UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL Docket no. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document Relates to all cases Listed on Exhibit "A" | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

<u>CERTAIN PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SHOW CAUSE WHY CERTAIN MEDICAL PROVIDERS SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH PRETRIAL ORDER NO. 35</u>

NOW COMES Plaintiffs listed in Exhibit "A" by and through their attorneys, THE LAW GROUP, LTD., file this Memorandum in Support of Their Motion to Show Cause Why Certain Medical Providers Should Not Be Held in Contempt and in support thereof state:

I.   STATEMENT OF MATERIAL FACTS

Plaintiffs, through their counsel, have repeatedly attempted to obtain records from their healthcare providers referenced in Exhibit "A" in order to comply with the Vioxx Settlement Agreement medical record requirements. In order to comply with the Vioxx Settlement Agreement, Plaintiffs, by their counsel, have submitted numerous approved HIPAA compliant medical records authorization requests, Pretrial Order No. 35, in addition to placing numerous telephone calls as well to the healthcare providers referenced in Exhibit "A." At

this time, all of the healthcare providers listed in Exhibit "A" have ignored all of Plaintiffs numerous requests.

## II.   ARGUMENT

Federal Rule Civil Procedure 37(b)(2)(A)(vii) states that "if a party or party's officer, director, or managing agent ...fails to obey an order to provide or permit discovery...the court where the action is pending" may be treated as "contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(vii). This Court entered Pretrial Order No. 35, pursuant to 28 U.S.C. § 1407 Fed. R. Civ. R. 16 and Fed. R. Civ. P. 26(b) and the Court's inherent authority regarding case-specific discovery in this MDL, as a result of healthcare providers noncompliance with Plaintiffs' medical record requests pursuant to the Vioxx Resolution Program. Pretrial Order No. 35 specifically addresses the refusal of healthcare providers, pharmacies, and other entities to provide certain medical records from entities as physicians, healthcare providers, pharmacies, educational facilities, former and present employers, insurance providers, all branches of the military and any other federal, state, and/or local government agencies, required to be submitted pursuant to the Vioxx Resolution Program. Furthermore, Pretrial order No. 35 emphatically states that "entities may not impose any waiting period for the production of records." (Pretrial Order No. 35). This Court determined that Pretrial Order No. 35 was necessary in order to "facility the orderly, uniform and cost-effective acquisition of the relevant information and materials for this litigation." (Pretrial Order No. 35).

In addition, Pretrial Order No. 35 applies to all claims submitted to the Vioxx Resolution Program claims. Due to the fact that Plaintiffs claims were

2

submitted to the Vioxx Resolution Program, Plaintiffs seeks remedy from this Court pursuant to the order at this time.

III.   CONCLUSION

As exhibited in this memorandum, Plaintiffs, by their attorneys, have exhausted all efforts to obtain the necessary medical records in accordance with the Vioxx Settlement Program. Consequently, Plaintiffs respectfully ask this court to compel the healthcare providers identified in Exhibit "A" to produce the requested records with the required certifications so that Plaintiffs may comply with the Vioxx Settlement Agreement requirements and fast approaching deadlines.

WHEREFORE, the Plaintiffs identified in Exhibit "A" respectfully requests that Plaintiffs Motion to Show Cause be granted and that the Court order the healthcare providers or an appropriate representative to appear before the Court to explain why they should not be held in contempt for failing to comply with PTO 35 and to produce the requested records, and for such additional relief to which they may be entitled.

Respectfully Submitted,

By: /s/ Kurt D. Hyzy
Kurt D. Hyzy, #6196871
Pamela G. Sotoodeh, #6284622
Lynn M. Herbstman, #6286390
THE LAW GROUP, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of November, 2008, a true and correct copy of Plaintiffs Memorandum in Support of Their Motion to Show Cause has been served on Liaison Counsel, Phillip Wittman and Russ Herman, and upon all parties by electronically uploading to LexisNexus File & Serve Advanced in accordance with Pretrial Order No. 8(b), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM-ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657.

Respectfully Submitted,

By: /s/ Kurt D. Hyzy
Kurt D. Hyzy, #6196871
Pamela G. Sotoodeh, #6284622
Lynn M. Herbstman, #6286390
THE LAW GROUP, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112

## EXHIBIT A

| CLAIMANT | PROVIDER | STATUS |
|---|---|---|
| Marie Look | Dr. Semyon Maslovsky | Not Responded |
| Charles H. Hupp | Dr. Lee Lindquist | Not Responded |

1