**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: VIOXX® PRODUCTS** | : | **MDL Docket No. 1657** |
| **LIABILITY LITIGATION** | : | |
| | : | **SECTION: L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |

····················································································

**THIS DOCUMENT RELATES TO:**
**Civil Action No: 07-2140**                      **Plaintiff: <u>Juanita T. Garrette,</u>**
                                                  <u>**deceased**</u>

····················································································

### PLAINTIFFS' MOTION TO VACATE

Plaintiffs ask the Court to vacate its Order of October 16, 2008, with regard only to the
dismissal of the above cause.

### INTRODUCTION

1.     Plaintiffs are CHARLES RAY GARRETT, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF JUANITA T. GARRETTE, DECEASED, AND
CHARLITA A. GARRETTE.    Defendants are MERCK & CO., INC.;
AMERISOURCEBERGEN CORPORATION; and JADRANKO CORAK, M.D.

2.     On or about September 25, 2006, Plaintiffs sued Defendants for medical
malpractice, negligence, gross negligence, breach of warranty, strict products liability,
misrepresentation, and fraud.

1

## ARGUMENT AND AUTHORITIES

3.      There is good cause for this court to grant this Motion to Vacate.  More specifically, Plaintiffs' counsel (hereinafter referred to as "Movants") complied with the terms of the Court's order regarding dismissal of cases not in compliance with the *Lone Pine* requirements of Pretrial Order 28, thereby alleviating the need to appear before the Court in New Orleans per the Court's Supplemental Order Scheduling Conferences, R. Doc. 16420, to show cause why said case should not be dismissed..

4.      Movants confirmed their timely enrollment and avoidance of attendance at the scheduling conference in New Orleans, as instructed by court personnel, by contacting counsel for Merck, Dorothy Wimberly with Stone Pigman.  Movants confirmed with Ms. Wimberly that Movants had met *all* conditions required to alleviate the necessity to be present at the Scheduling Conference and avoid the dismissal of their case.

5.      On or about October 10, 2008, Movants learned by Order of the Court, that their case had, in fact, been dismissed.  Counsel for Movant, Jack Modesett,  held a telephone conference with Ms. Wimberly to discuss the dismissal.  Ms. Wimberly informed Mr. Modesett that they would take the necessary steps to remedy the situation.

6.      Movants again contacted Ms. Wimberly on or about November 7, 2008, when their case continued to show as "ineligible" on the Vioxx settlement portal.  Ms. Wimberly replied, for the first time, that Movants case had been dismissed because Movants had failed to oppose the motion to dismiss.  There was never any previous discussion with Movants that they had not completed *all* conditions required to avoid dismissal of their claim.  Movants are attaching a copy of the email correspondence for the Court's review (Exhibit 1).

## CONCLUSION

9.     For the reasons set forth above, Movants ask this court to grant their motion to

vacate based on Movants timely enrollment of their case.

Respectfully submitted,


_/s/ Jack Modesett, III_
Jack Modesett III
State Bar No. 14244337
Federal ID No.: 13730
500 N. Water Street, Suite 1200
Corpus Christi, Texas 78471
TEL: (361) 887-6449
FAX: (361) 885-7983

Douglas A. Allison
State Bar No. 01083500
Federal ID No. 10252
LAW OFFICES OF DOUGLAS A. ALLISON
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471
361-888-6002
361-888-6651 FAX NUMBER


ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been
provided to all counsel of record in accordance with the applicable Federal Rules of Civil
Procedure via electronic mailing and/or certified U.S. mail, return receipt requested on this the
11th day of October, 2008.


_/s/ Jack Modesett, III_
Jack Modesett, III