FILED '08 OCT 30 12:42 USDC-LAE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| THIS DOCUMENT RELATES TO : | : | JUDGE FALLON |
| Basham, Norman R. v. Merck & Co. Inc., 2:07-cv-09545-EEF-EEK | : | MAG. JUDGE KNOWLES |

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT/ORDER AND COMBINED MEMORANDUM

COMES NOW Plaintiff and pursuant to FED. R. CIV. P. 60(b) respectfully requests the Court to reinstate this action and states:

### A. INTRODUCTION

1. On October 9, 2007, Plaintiffs, Norman R. Basham and Anne E. Basham,, sued Merck & Co., Inc., in State court in Florida.

2. The subject case was removed to the USDC for Middle District of Florida and ultimately transferred to Court on December 17, 2007.

3. Upon transfer, Plaintiff's counsel received no instructions or orders regarding special procedures in administration of this case.

4. Admittedly, on May 12, 2008, Defendant sent a letter to Plaintiff's counsel advising they would move to dismiss Plaintiff's claim unless registered by May 20, 2008 (See Attachment A).

5. Upon receipt of the above, the undersigned instructed an associate to review the matter calendar the date, and file the necessary documents.

___ Fee ___
___ Process ___
X  Dktd ___
✓  CtRmDep ___
___ Doc. No ___

6. Inadvertently, and against office policy, the assigned associate did not calendar this event nor initiate the registration process, and unfortunately left under sudden circumstances without within a few weeks of the above referenced letter.

7. The undersigned was not provided with the Defendant's Motion to Dismiss dated May 29, 2008 (for lack of registration) nor the Notice of Hearing same.

8. Unfortunately, the above error was not discovered until receipt of the September 18, 2008, Order of Dismissal of Plaintiff's case for failure to register with claims administrator (as required by Pre-trial Order No. 31 (which was entered November 9, 2007, prior to transfer of Plaintiff's case into this district/MDL.). Plaintiff received said Order via U.S. Mail and discovered the above error for the first time.

9. The undersigned never received a copy of Pretrial Order 5A (dated March 14, 2005 which undersigned first learned of in preparing the instant Motion) which requires the Clerk to forward copy of same to newly transferred cases which provides initial notice of the filing and service procedures utilized in the MDL through LexisNexis File & Serve. Additionally said information was not entered in this claimants individual docket as required by said Pretrial Order 5.

10. Unfortunately, the undersigned did not know of the LexisNexis filing and service requirements. Should the undersigned staff associate undertaken the review as instructed, the file and service procedures would have been timely ascertained and the undersigned would have been served with notice of the Motion for Order to Show Cause and Notice of Hearing for same.

11. On October 17, 2008, Plaintiff's counsel electronically sent all documents

        requested for registration to the Claims Administrator.

12. Currently, Plaintiff is in the process of preparing for enrollment in the settlement agreement.

13. The undersigned conferred with counsel for defense and they oppose the instant motion.

## B. ARGUMENT

14. The Plaintiff seeks relief from judgment based on lack direct notice and based on excusable neglect. pursuant Fed. R. Civ. P. 60(b)(1).

15. Due to not having received the Pre-Trial Order No.5, undersigned counsel was not on notice of the filing and service methods utilized by this court. As a result, undersigned counsel never received the motion to show cause or the notice for its hearing on September 11, 2008, at which time undersigned would have cured by timely registering.

16. Also, Plaintiff's counsel entered the litigation after Order 31 was entered and never received notice of the court's Orders regarding registration before Defendant's May 12th letter. Defendant notified Plaintiff's Counsel of Order 31's requirement approximately four months after its deadline (January 15, 2008).

17. Further, a party may seek relief from a judgment based upon a showing of mistake, inadvertence, surprise, or excusable neglect. See *Steven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). Plaintiff seeks relief from this judgment because of such reasons, specifically a calendering error and oversight.

18. In *Walter v. BC & BS of Wiscon.* 181 F.3d 1198 (11th Cir. 1999) the court held that a delay in filing due to failure of counsel's former secretary to record the

applicable deadline was "innocent oversight" and constituted excusable neglect which warranted vacating a dismissal.[1] Additionally, in *Cheney v. Anchor Glass, 71 F.3d 848* (11th Cir. 1996) the Court held that a non-filing due to miscommunication between lead and associate counsel was simply an oversight and was excusable neglect which entitled Plaintiff to relief.

19. The instant motion is timely because it is filed within a reasonable period of time after entry of judgment. This period is reasonable because no significant amount of time has passed, no prejudicial events have occurred, and Plaintiff has (or contemporaneously) registered papers were sent to administrator. In *Steverson v. Globalsantafe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007) the court held that a 60(b) motion filed two months after entry of judgment was timely.

20. Plaintiff will be prejudiced in that he will have not adequate remedy because the statue of limitations has run on the claims against Defendant. Defendant will have caused the prejudice against Plaintiff because it chose not to notify Defendant of its motion or hearing. In weighing the justice and equity of all circumstances of the case, there is no prejudice to Defendant in granting Plaintiff relief and Plaintiff will be severely punished for circumstances at least mistake, inadvertent, or

---

[1] In *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 397, 113 S.Ct. 1489, 1499 (1993) the court stated: "for purposes of Rule 60(b), "excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at   , 113 S. Ct. at 1497. The Court concluded that whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission." *Id.* at   , 113 S. Ct. at 1498 (citations [**6] and footnotes omitted). The factors we must weigh include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

excusable neglect, and due in some, if not most, part at the fault of the Defendant.

21. Defense will not be prejudiced by relief from judgment. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 397, 113 S.Ct. 1489, 1499 (1993). Defendant will not suffer prejudice because the passage of time is minimal, there are no subsequent events that create prejudice, and all requested registration paperwork was sent to the Administrator on October 17, 2008. Furthermore, Defendant waited approximately four months to notify Plaintiff of the registration order and did not have the motion heard until approximately eight months after the deadline.

## D. CONCLUSION

22. The events leading to the dismissal of Plaintiff's case are a result of mistake, or excusable neglect. The failure to register was not intentional, Plaintiff's counsel in good faith intended to comply. Noncompliance, in this case, was because he reasonably relied on staff, well established office procedures, prior modes of communication, and regular filing procedures.

23. Furthermore, Plaintiff's counsel did not respond to the motion to show cause or show up for the hearing because he never received notice of them. Had Plaintiff's Counsel known of the registration deadline, through calendaring or notice of Defendant's legal actions, the registration would have been completed timely and prior to the hearing on the Motion for Order to Show Cause.

Wherefore, Plaintiff requests relief under Fed. R. Civ. P. 60(b) and reinstatement of the case under its original case number, due to the unique nature of this multidistrict litigation,

issues caused by the date Plaintiff was transferred to Louisiana, unexpected excusable neglect of a miscalendering error, absence of notice provided by Defendant, and lack of prejudice to Defendant in granting relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to liaison counsel via email, Russ Herman, Esq. for Plaintiffs at VIOXXMDL@hhkc.com and Phillip Wittmann, Esq. for Defendants at Pwittmannmann@stonepigman.com and all parties by electronically uploading the same to the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and the original of the forgoing was sent to the Clerk of the Court of the United States District Court for the Eastern District of Louisiana via FedEx Express Overnight mail on this 29th day of October, 2008:

_____
**John W. Andrews, Esq.**
FBN: 178531; SPN: 013131
**J. Troy Andrews, Esq.**
FBN: 105635; SPN: 1842750
**ANDREWS LAW GROUP**
3220 Henderson Blvd.
Tampa, FL 33609
Ph. (813)877-1867; Fx. (813) 872-8298
Attorney for the Plaintiff(s).