**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION** | : | |
| **This document relates to:** | : | **MDL 1657** **SECTION L** **HONORABLE ELDON FALLON** **MAGISTRATE KNOWLES** |
| **1199SEIU GREATER NEW YORK BENEFIT FUND, et al. v. BROWNGREER, PLC, et al., Case No. 08-3627** | : | |

**THE NEGOTIATING PLAINTIFFS' COUNSEL'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT OF 1199SEIU GREATER NEW YORK BENEFIT FUND**

## I. INTRODUCTION

The Response of 1199SEIU Greater New York Benefit Fund ("GNY") and New York State Teamsters Council Health and Hospital Fund (the "Teamsters" or collectively "Plaintiffs") to the Negotiating Plaintiffs' Counsel's ("NPC") motion to dismiss Plaintiffs' complaint posits that the "only issue" currently before this Court is whether the Plaintiffs "fall within the category of ERISA plans Defendants [that have] a right to pursue equitable reimbursement claims against their beneficiaries who are Vioxx claimants and their attorneys." GNY Brf. at 2. Were those the actual claims being presented by Plaintiffs, the NPC's motion to dismiss might be off the mark. Because the Plaintiffs have instead asserted the unprecedented and unauthorized claim to obtain from BrownGreer, the Claims Administrator, and the NPC (not the Plaintiffs' insureds), "information regarding the Vioxx Claimants enrolled in the Vioxx Settlement," Complaint ¶67, however, the claims fail. And no amount of repleading in the Amended Complaint cures this fatal defect. The

Employee Retirement Income Security Act ("ERISA"), §502(a)(3), 29 U.S.C. §1132(a)(3), simply does not afford the plaintiff plans a cause of action in equity to recover "information" from third parties to identify who are the plan's beneficiaries.

Whereas the plans may have contractual rights to reimbursement against their insureds to recover specifically identifiable funds obtained in a tort settlement from a tortfeasor, no such right exists against those counsel that negotiated the settlement. Indeed, in this case, Plaintiffs have not alleged that any of the NPC have a retainer with any client that enrolled in the Vioxx settlement that is a beneficiary of either of the two Plaintiffs and is holding specifically identifiable money that rightfully belongs to the Plaintiffs. Further, in addressing the plaintiffs' motion to obtain injunctive relief, this Court determined that ERISA does not provide the plaintiffs' any legal rights against the NPC. Lacking both a contractual and statutory basis to assert a claim against the NPC, the complaint fails to state a claim and is subject to dismissal.

Alternatively, since the filing of the NPC's motion to dismiss, this Court made two significant rulings that warrant the dismissal of the remaining proceedings. On October 21, 2008, the Court ruled that BrownGreer's motion to sever the AvMed Complaint was well founded. *See In re Vioxx Products Liability Litigation*, 2008 WL 4681368 (E.D.La. Oct. 21, 2008). In addition, the court struck GNY's class allegations because significant factual differences exist by and amongst each plaintiff and their plans over time. *Id.* Combined, these two rulings provide yet another basis for dismissing the instant complaint. As the instant complaints expressly allege different language between the two plaintiffs' plans, the original and amended complaints, even if they were to state valid claims in equity (which they do not), would have to be dismissed and the plaintiffs' claims severed. The Plaintiffs could then only refile a complaint if they could allege consistent with

Fed.R.Civ.P. 11 that each member of the NPC represents a beneficiary of either GNY or the Teamsters and is holding specifically identifiable money that rightfully belongs to the Plaintiffs .

## II. FACTUAL BACKGROUND

Plaintiffs' original class action Complaint was filed June 2, 2008. By assuming the validity of the purported class, the Plaintiffs alleged on information and belief that the individual member constituents of the NPC each represented "a number of beneficiaries of the ERISA Health plans" enrolled in the settlement on whose behalf some purported class member plan paid a Vioxx-related medical benefit. *See, e.g.*, Complaint ¶6. The NPC moved to dismiss this Complaint and to strike the class allegations on June 26, 2008.

On the same day that the NPC moved to dismiss Plaintiffs' original Complaint, the plaintiffs filed a motion for injunctive relief. As briefing on the motion for a preliminary injunction ensued, on July 9, 2008, Plaintiffs filed an Amended Complaint that attempted to address the many defects presented by the original Complaint. Once again, Plaintiffs did not allege that any specific beneficiary was a client of any specific NPC member firm that held specifically identifiable funds that rightfully belonged to GNY or the Teamsters. *See, e.g.*, Amended Complaint ¶6 (Only upon information and belief did Plaintiffs allege that NPC counsel must represent some plaintiff that was a beneficiary of some plan that was part of the purported class.). Argument on the motion for preliminary injunction and other matters was heard by the Court on July 24, 2008. Plaintiffs contended that their Amended Complaint superceded and mooted the NPC's pending motion to dismiss the original Complaint. These arguments were briefed during the injunction proceedings

and rejected by the Court when ruling upon the motion to strike class allegations.[1] *See In re Vioxx*, 2008 WL 4681368 at *10 n. 11.[2]

The Court's rulings on the preliminary injunction and motion to strike laid bare the weakness of Plaintiff's arguments. Previously, this Court found that the Plaintiffs failed to meet their burden of establishing a substantial likelihood of success on the merits to obtain an injunction. The Court determined that the plaintiffs were not legally entitled to any production of information that would identify claimants. Specifically, it held:

> The Court further questions the appropriateness of the Plaintiffs' request to compel identification of claimants who are participants in a private, contractual settlement like the one reached by the parties in the Vioxx cases. <u>The Court can find no authority-and the Plaintiffs have provided none-to support the contention that the Plaintiffs have a right to the claimants' identifying information, including their social security numbers, dates of birth, employers, etc. The fact that the Plaintiffs have encountered substantial hardships in locating this information does not give rise to a legal right to compel its production here</u>.

*In re Vioxx*, 2008 WL 3285912 at *14 (emphasis added). Subsequently, the court agreed to strike all of the Plaintiffs' class allegations. *In re Vioxx*, 2008 WL 4681368 at *9.

Plaintiffs cling to facts outside the pleadings -- that BrownGreer has made partial payments

---

[1]On August 7, 2008, the Court issued its formal Order & Reasons denying the injunctive relief sought by all parties. *See In re Vioxx Products Liability Litigation*, 2008 WL 3285912 (E.D.La. Aug. 7, 2008).

[2]In its October 21, 2008 Order and Reasons, the Court held: "The Greater New York Plaintiffs chose not to respond to the substance of the motion, opting instead to argue that the Defendant's motion fails as a matter of procedure because motion was rendered moot by the amended class allegations. The Court is not persuaded. The Defendant "should not be required to file a new motion ... simply because an amended pleading was introduced while their motion was pending.... To hold otherwise would be to exalt form over substance."6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1476, at 558 (2d ed.1990)."

to undisclosed individual claimants enrolled in the settlement – to assert that subject-matter jurisdiction exists on the grounds that for those undisclosed individual claimants a separate, identifiable fund exists. Stripped of their ability to hide behind the expansive and amorphous class, however, the Plaintiffs' Complaint fails to allege specific claims only by GNY or the Teamsters as to specific beneficiaries participating in the Vioxx settlement that have in fact obtained a partial settlement payment from BrownGreer. Without identifying that specific fund, subject matter jurisdiction is still lacking. Further, Plaintiffs' inability to identify any specific beneficiary that is in fact represented by a member of the NPC that is holding that specifically identifiable fund that belongs in good conscience to the Plan, negates any claim against any NPC member. Both complaints are devoid of such specificity and therefore fail to meet the pleading requirements of Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

## III. ARGUMENT

### A. SUBJECT-MATTER JURISDICTION REMAINS UNPROVEN

Plaintiffs assert that the "triggering event "of interim payments by the Claims Administrator to undisclosed "individual claimants" has occurred. GNY Brf. at 3. Plaintiffs speculate that these factual conditions translate into subject-matter jurisdiction. The problem with such broad speculation is that Plaintiffs have not alleged and do not specify any particular Vioxx claimant that is represented by an NPC member law firm that is holding specifically identifiable funds that rightfully belongs to the Plaintiffs. Thus, the Complaint remains defective. Subject-matter jurisdiction can not be conferred on the Court by the parties, it must be evident from the pleadings.[3]

---

[3] *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)(Subject-matter jurisdiction must be "established as a threshold matter."); *United States v. Hazelwood,* 526 F.3d 862, 864 (5th Cir. 2008)("Further, it is well established in this circuit that parties cannot

Here, Plaintiffs' speculative efforts to confect subject-matter jurisdiction remain unavailing under existing law.

The Fifth Circuit in *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,* 354 F.3d 348 (5th Cir. 2003), permits equitable claims under ERISA's "appropriate equitable relief" provision only in limited circumstances addressing an identifiable *res*. In *Bombardier*, the tort-injury plaintiff's lawyers placed their client's settlement funds in a trust account under the law firm's name. The Fifth Circuit found that

> because [the plan] seeks to recover specifically identifiable funds that are in the constructive possession and the legal control of the participant but belong in good conscience to the Plan, its actions for a constructive trust in no way seeks to impose personal liability on either defendant. Instead the Plan continues, it seeks relief that indeed is equitable in nature and thus authorized by §502(a)(3).

*Id.* at 355. The Fifth Circuit focused its analysis on whether the funds sought to be recovered are 1) specifically identifiable; 2) that belong in good conscience to the Plan; and 3) that are within the possession and control of the beneficiary. *Id.* at 356.

Without addressing the propriety of naming counsel as a party, the Supreme Court agreed with *Bombardier* in *Sereboff v. Mid Atlantic Services, Inc.*, 547 U.S. 356, 126 S.Ct. 1869 (2006), that depending on plan language, reimbursement claims could be asserted in equity. Under *Sereboff*'s reasoning, at a minimum, two conditions must be met by any Plan to state a claim for appropriate equitable relief. In any case, the specific Plan terms must be carefully scrutinized to insure that the terms specifically identify 1) a particular fund, distinct from the beneficiary's general assets; and 2) a particular share of that fund to which the insurer is entitled. *Id.* at 1875.

---

confer jurisdiction on a court by agreement. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent.").").

Nowhere in the allegations of either Complaint, however, do the Plaintiffs identify that a specific individual claimant's attorney is a member of the NPC that is holding funds obtained from the claims administrator that rightfully belong to the Plaintiffs. Directly contradicting such necessary factual allegations, the Amended Complaint instead states that plaintiffs are "without information as to the identity of the Jane Doe Vioxx claimants" at issue and, as such, Plaintiffs are "unable to enforce their ERISA-protected rights." Amended Complaint ¶50. Absent such necessary and specific allegations, the mere fact that the Claims Administrator has made interim payments to "individual claimants" does not reasonably allow an inference that any of the individual claimants are clients of any the NPC law firms. Under *Sereboff* and *Bombardier*, the pleadings are insufficient to confer subject-matter jurisdiction as there is no allegation that any identifiable funds belonging to the Plaintiffs are in the possession or control of any of the NPC defendants.

**B. THE NPC AND ITS MEMBERS ARE NOT PROPER PARTIES**

Plaintiffs contend that they are entitled to enforce their plan terms against settling claimants. Whether or not this proposition is correct provides no support for the proposition that Plaintiffs' claims can be asserted directly against the NPC's constituent law firms. As this Court already recognized, there is no legal right for the plaintiffs to attempt to shift the burden of identifying their insureds/beneficiaries to the NPC or the other defendants. *In re Vioxx*, 2008 WL 3285912 at *14. Undeterred, Plaintiffs contend that they have precisely alleged their basis for naming the NPC law firms as defendants. They have not.

ERISA's §1132 (a)(3) provides that: "a civil action may be brought – by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress

such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan". 29 U.S.C. §1132(a)(3). Nothing in the Act itself suggests that third parties such as legal counsel to beneficiaries are proper parties to any legal or equitable action.

Courts that have considered claims against law firms recognize that absent intentional conduct involving deception and misrepresentations, attorneys for plan participants owe no duties to ERISA-governed plans viz. their client representation. *See Hotel Employees & Restaurant Employees International Union Welfare Fund v. Gentner*, 50 F.3d 719, 721 (9th Cir. 1994)(refusing to extent ERISA liability to a beneficiary's attorney based on the terms of the client's subrogation agreement that the attorney had not endorsed); *UFCW Local 1776 and Participating Employers Health and Welfare Fund v. Deboer*, 2008 WL 4367485, *1 (E.D.Pa. Sept. 25, 2008)(dismissing claims against beneficiary's attorney under ERISA and state law where the defendant attorneys are not signatories to the plan, do not hold or never held any of the plan's assets); *Greenwood Mills, Inc. v Burris*, 130 F.Supp.2d 949 (M.D.Tenn. 2001)(attorneys that suborned perjury from their clients regarding subrogation claim held liable under Tennessee law).[4]

*Bombardier, supra*, is consistent with this precedent. In *Bombardier*, the underlying plaintiff's counsel agreed to hold in its trust account funds sufficient to meet the plan's reimbursement demand. In so doing, the court could assert *in rem* jurisdiction over the *res*. *Bombardier*, 354 F.3d at 350. Thereafter, the plan and the underlying plaintiff's counsel wrangled over the plan's legal entitlement to be reimbursed. The Fifth Circuit ruled that "§502(a)(3)

---

[4]Under New York law, which governs the Settlement Agreement §16.3, counsel for Vioxx claimants are not liable to subrogation claimants for non-recognition of the subrogation claim. *See Federal Ins. Co. v. North American Specialty Ins. Co.*, 47 A.D.3d 52, 847 N.Y.S.2d 7, 11-12 (N.Y.A.D. 2007); *Ehrlich v. Froehlich*, 2008 WL 1989769, *3 (N.Y.Sup.Ct. May 6, 2008).

authorizes a cause of action against a non-fiduciary, non-"party in interest" attorney-at-law when he holds disputed settlement funds on behalf of a plan-participant client who is a traditional ERISA party." *Id.* at 353. Only in such limited circumstances does an attorney for a plan beneficiary falls within the "universe of possible defendants" *Id.* at 354.

In contrast to this authority, the Plaintiffs hypothesize but fail to allege that any of the NPC defendants actually hold disputed settlement funds on behalf of any specific plan participant of either of their two plans. Absent such allegations specifying an "identifiable" fund or *res* held by one of the instant plaintiffs' insureds, Plaintiffs unfairly attempt to shift their burden of identifying their insureds holding such a *res* onto the NPC defendants without any basis therefore. *See In re Vioxx*, 2008 WL 3285912 at *20. Under these circumstances, the NPC Defendants are not properly within the "universe of possible defendants." Therefore, the claims against the NPC defendants should be dismissed.

**C. ALTERNATIVELY, THIS COURT'S ORDER & REASONS OF OCTOBER 21, 2008 REQUIRES THAT THE COMPLAINT BE SEVERED**

Pretrial Order No. 26 prohibits multiple unrelated claims from joining in one complaint. *See In re Vioxx Products Liability Litigation,* MDL No. 1657, Pretrial Order No. 26 (E.D.La. Sept. 5, 2007). This order is now effective against the Plaintiffs' Complaints as their class allegations have been stricken by the Court's Order & Reasons of October 21, 2008. (It is the recency of the October 28, 2008 Order that gives rise to this new, not previously asserted, alternative basis for dismissal of the Plaintiffs' lawsuit.) Plaintiffs' Complaints expressly identify different plan language applicable to each plaintiffs' plan. This admission by the Plaintiffs, coupled with the Court's finding that no ascertainable or cohesive class exists, confirms that the requirements of Fed.R.Civ.P. 20 can not be

established.

Rule 20 allows joinder in instances where the right of relief arises out of the same transaction and whether there are common questions of law or fact applicable to all of the plaintiffs. In the AvMed companion case to this one, the Court held that, "Plaintiffs' claims do not involve common questions of fact or law and do not arise from the same transaction or occurrence, the Court holds that the claims are improperly joined and should be severed." *In re Vioxx*, 2008 WL 4681368 at *5. Putting aside Plaintiffs' admission that their plans differ, this ruling is dispositive.

Individual issues surrounding both Plaintiffs' plans defeat any notion of commonality or cohesiveness. *Id.* at *11. Because each plan is different and uses different policy language, the different factual issues overwhelmed the purported class asserted by the Plaintiffs. Common facts must exist for joinder to occur, but they do not exist here.

Under these circumstances, PTO No. 26's requirement that the Complaint, even if it could be found to state a cause of action (which is denied), demands at a minimum that the action must be severed.

## IV. CONCLUSION

For the reasons set forth above and in our moving papers, the Complaint against the NPC must be dismissed.

Respectfully submitted,

Date: November 14, 2008

By: /s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**ATTORNEYS FOR THE NPC DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of November, 2008.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com