UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 1199SEIU GREATER NEW YORK | * | CASE NO. 08-3627 |
| BENEFIT FUND, by its Trustees, *et al.*, | * | |
| on behalf of themselves and all others | * | RELATED CASE: |
| similarly situated, | * | 2:05-MD-1657 |
| | * | VIOXX MDL LITIGATION |
| Plaintiffs, | * | |
| | * | SECTION L |
| v. | * | |
| | * | JUDGE ELDON E. FALLON |
| BROWNGREER, PLC, *et al.*, | * | |
| | * | MAGISTRATE JUDGE |
| Defendants. | * | KNOWLES |

**********************************************************************

### PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS

Defendants, in their Reply Memorandum, jettison the principal arguments they originally advanced for dismissal of this action. That is not altogether surprising, as their Motion to Dismiss was directed to Plaintiffs' initial Complaint, which was superseded by the Amended Complaint filed by Plaintiffs on July 9, 2008.

For example, Defendants no longer put weight on their earlier argument that it was inappropriate for self-funded ERISA plans, such as the 1199 SEIU and Teamsters plans, to seek relief against an "undistributed and unallocated" settlement fund. Defendants could not responsibly make such an argument now that it is undisputed that settlement funds already have been distributed and continue to be distributed to settling Vioxx claimants and their counsel. Nor do Defendants persist in their original argument that Plaintiffs have failed to allege sufficiently that their plans, at all

1

times relevant to this case, contained language that established an ERISA-enforceable right to notification of settlements by Plan participants and reimbursement from such participants for medical benefits they received. Defendants could not credibly continue to make such an argument in light of the express allegation in the Amended Complaint that the both the 1199 SEIU and Teamsters plans "at all times relevant [to the litigation]" contained such provisions. Amended Complaint, Rec. Doc. 15210 at ¶¶ 42-43 ("Amended Complaint"). Indeed, in a moment of candor, Defendants concede that if Plaintiffs were able to name a specific law firm that had received settlement funds on behalf of a participant in either the 1199SEIU or Teamsters Plans, their motion to dismiss "might be off the mark." NPC Defendants' Reply Brief, Rec. Doc. 16902 at 1 ("Reply").

In fact, when all is said and done, Defendants' Motion rests on a single flawed premise: that FED.R.CIV.P. 12(b) requires that Plaintiffs name in their complaint each specific law firm defendant who already has received Vioxx settlement funds on behalf of specifically named participants in the Plaintiff plans. Neither Rule 12(b)(1) nor Rule 12(b)(6) mandates this degree of specificity. To the contrary, "information and belief" and "John Doe" allegations of the sort Plaintiffs allege here are widely recognized as appropriate where the facts to support the allegations are uniquely within the defendants' knowledge and the identities of unnamed defendants readily can be obtained through discovery. This is especially true where, as here, the NPC Defendants have taken affirmative measures to *conceal* from Plaintiffs the very identifying information they now claim is missing from Plaintiffs' allegations.

Plaintiffs manifestly have alleged sufficient facts to support their equitable ERISA claims against the NPC Defendants and against the "John Doe Law Firm" Defendants with respect to distributed Vioxx settlement funds. Plaintiffs also sufficiently have alleged that *all* Defendants are in possession of (and wrongfully have refused to turn over) information regarding the participants in Plaintiff plans who have received Vioxx settlement funds – information these plan participants are

legally obligated to provide to Plaintiffs and which, therefore, is itself an "asset" of the plans that Plaintiffs have a right to obtain under Section 502(a)(3) of ERISA. For the reasons set forth herein, as well as those set forth in Plaintiffs' Opposition brief, Defendants' Motion should be denied.

**I.      Plaintiffs' Allegations Are Sufficient To Confer Subject Matter Jurisdiction And To State A Claim Upon Which Relief Can Be Granted.**

Defendants' argument in support of dismissal of the Amended Complaint essentially has been reduced to the contention that "Plaintiffs did not allege that any *specific* beneficiary was a client of any *specific* NPC member firm that held specifically identifiable funds that rightfully belonged to GNY or the Teamsters." Reply at 3 (emphasis added). This argument seeks to impose an undue pleading burden on Plaintiffs beyond that required by the Federal Rules and Supreme Court and Fifth Circuit precedent.[1] Moreover, it ignores completely the allegations in the Amended Complaint that plainly state a claim against Defendants for equitable relief pursuant to ERISA.

In their Amended Complaint, Plaintiffs alleged specifically, on information and belief, that they "have expended and/or authorized the expenditure of substantial sums for Vioxx-related medical care" on behalf of Vioxx Claimants *represented by the NPC Defendants and other "John Doe Law Firm" Defendants*. *See, e.g.*, Amended Complaint ¶¶ 12, 33. Plaintiffs alleged further that these same Vioxx claimants are legally obligated to notify Plaintiffs regarding their Vioxx settlement recoveries and to reimburse Plaintiffs from such recoveries for Vioxx-related medical benefits they have received from the Plaintiff plans. *See, e.g., id.* These allegations, of course, must be taken as true at the pleading stage of the case. Plaintiffs also alleged that, beginning in August 2008, BrownGreer

---

[1]      Defendants cite no authority to support their argument that such specificity is required at the pleading stage when Plaintiffs' allegations all must be taken as true. *See* Rec. Doc. 16761 at 5-6. Thus, although Plaintiffs must allege the existence of a "specifically identifiable fund" – which they do – *Sereboff* and *Bombardier* do not impose any such "specificity" requirements with respect to the balance of Plaintiffs' allegations.

3

would begin to distribute specifically identifiable settlement funds, "directly or through the Law Firm Defendants," to Vioxx claimants, including beneficiaries of the Plaintiff plans who have notification and reimbursement obligations to the plans. *Id.* ¶ 54.[2] These allegations, too, must be taken as true at the pleading stage of the case. Finally, Plaintiffs alleged explicitly that their plan documents contain provisions giving rise to an "equitable right, enforceable under ERISA" to that portion of each such fund "corresponding to the amount [they] have paid or will pay for [each] claimant's Vioxx-related medical expenses." *Id.* ¶ 62. These allegations plainly state a basis for subject matter jurisdiction under ERISA, and state a claim upon which relief can be granted.

Defendants contend that Plaintiffs' claims are deficient and should be dismissed unless Plaintiffs can identify, *prior to discovery,* (a) the names of specific plan beneficiaries who are participating in the Vioxx Settlement, (b) the names of the specific law firm representing each such plan beneficiary, and (c) the amounts of settlement funds actually received by each such law firm and plan beneficiary. This argument fails for several reasons.

*First*, "information and belief" pleadings are recognized as sufficient to state a claim "when the facts that would support the allegations are solely within the defendant's knowledge or control." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.04[4] at 8-37 (3d ed. 2008); *Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004) (noting that "information and belief" pleadings generally are deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant); *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (same). In this case, only Defendants know *which* beneficiaries of the Plaintiff plans are participating in the Vioxx settlement, and which ones each of them represent in the Vioxx litigation. Indeed, as

---

[2] Because the Amended Complaint sought preliminary *injunctive* relief, it was brought *prior* to the actual distribution of the settlement funds. The fact that the allegations were pled as to future events does not render those same allegations deficient upon the actual occurrence of those same events.

Plaintiffs have explained in their prior briefs to this Court, Defendants were *required* by the Vioxx settlement agreement to investigate all third-party liens and to certify that such liens had been satisfied *before* their clients were entitled to receive any settlement funds.  Given this obligation, it bears emphasis that at no time in this case have any of the Defendants even argued that they do not in fact represent any beneficiaries of the Plaintiff plans.  Defendants' silence on this point speaks volumes.

*Second*, courts "routinely" permit plaintiffs to plead causes of action against "John Doe" Defendants "as stand-ins for real parties" pending a reasonable opportunity for discovery to "permit[ ] the intended defendants to be installed." *Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 610 (E.D.La. 1998) (quoting *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D.Pa. 1990)); *see also Green v. Doe*, 260 Fed. Appx. 717, 2007 WL 4561113, 69 F.R.Serv.3d 1161 (5th Cir. 2007) (stating that use of "John Doe" defendants "serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants") (citing *Colle v. Brazos County*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished) (finding district court's dismissal of John Doe defendants premature, and an abuse of discretion, where case was pending only four months and plaintiff had not been given reasonable time to conduct discovery); *Lemarr v. John Doe Marshals Service*, 2008 WL 2078159, *7 (S.D.Tex. May 15, 2008) (noting permissible use of "John Doe" defendants as placeholders while litigants diligently seek the identify of the real parties through discovery).  Here, in addition to their specific allegations regarding the NPC Defendants, Plaintiffs also have alleged that unnamed "John Doe" law firms are in possession and control of specifically identifiable funds that belong to Plaintiffs.  Such pleading is sufficient both to confer jurisdiction and to state a claim, and Plaintiffs should be permitted a reasonable opportunity to identify each of these firms through discovery.

*Third*, dismissal on the grounds now asserted by Defendants would be particularly

inappropriate given the NPC Defendants' own affirmative role in concealing from Plaintiffs the very information they now assert Plaintiffs must provide to withstand a motion to dismiss. The NPC Defendants specifically crafted the Settlement Agreement to prevent third-parties, like Plaintiffs, from obtaining information regarding the identities of settling claimants. FED.R.CIV.P. 1 directs that courts construe and administer the Federal Rules of Civil Procedure "to secure the *just*, speedy, and inexpensive determination of every action." (emphasis added). It would be patently unjust, and therefore contrary to Rule 1, for this Court to bar Plaintiffs from pursuing their ERISA rights based on a technical pleading argument when the very information Plaintiffs need to cure the alleged pleading insufficiency is known to, and being secreted by, the NPC Defendants themselves.

*Fourth*, the NPC Defendants are simply wrong when they assert that they are not "proper parties" to this case. *Bombardier* leaves no question that a law firm in possession and control of specifically identifiable funds rightfully belonging to a self-funded ERISA plan is subject to such a plan's equitable reimbursement claims under ERISA. *See* 354 F.3d at 352-54 (citing *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000)). That is precisely what Plaintiffs have alleged here. Plaintiffs' "information and belief" and "John Doe" allegations manifestly are sufficient to state a claim against each of the Law Firm Defendants. The cases cited by Defendants involve attempts by plaintiffs to impose *liability* on law firm defendants for breaches of contract and fiduciary duty. *See* Reply at 8. These cases do not even suggest, much less hold, that an ERISA plan, such as Plaintiffs, lacks a *Bombardier*-right to enforce against a law firm holding settlement funds a lien created by the terms of the ERISA plan.

*Finally*, Defendants' Motion wholly disregards the fact that the settlement information regarding beneficiaries of the Plaintiff plans itself is a plan asset to which the plans are entitled. Defendants argue that they have no duties under ERISA to provide any information to Plaintiffs. BrownGreer – in its separate opposition – claims that it is only a "claims administrator" and "does

6

not represent the interest of any individual claimant." BrownGreer's Reply Brief, Rec. Doc. 16903 at 2. However, neither the NPC Defendants nor BrownGreer disputes (nor can they) that they possess information to which the Plaintiff plans are entitled and that such information is therefore a plan asset just like the actual settlement funds themselves. Plaintiffs specifically allege in the Amended Complaint that such information relating to their own beneficiaries is an asset of the plans, ¶ 58, and they are entitled to pursue this plan asset wherever it may be found, including in the hands of the claims administrator in this case. *See* 29 U.S.C. § 1123(a)(3) (entitling plans to pursue the "appropriate equitable relief" necessary "to enforce the statute or the plan terms").

## II.     Defendants' Severance Argument Is Meritless.

Defendants' Reply memorandum introduces a new argument that is wholly meritless. Specifically, Defendants contend for the first time in their most recent filing that if this Court does not dismiss the Amended Complaint on Rule 12(b)(1) or 12(b)(6) grounds, it still should dismiss the Amended Complaint because these two plaintiffs' claims should be severed pursuant to FED. R. CIV. P. 20. As a threshold matter, the reasons for this Court's decision that the claims of the dozens of plaintiffs in the *AvMed* case should be severed do not apply to the claims of 1199 SEIU and Teamsters, the two named Plaintiffs in this action. That is because the named Plaintiffs seek relief based on *materially identical* ERISA plans that Plaintiffs allege expressly provide for *Sereboff*-type recoveries against settlement funds received by plan beneficiaries arising out of the same mass-tort settlement.[3] Even if severance were appropriate, however, Defendants' assertion that severance presents an "alternative basis for dismissal" is spurious. FED.R.CIV.P. 21 specifically states that the

---

[3]     Nor does this Court's Pretrial Order 26 have any bearing on Defendants' Motion. That Order merely withdrew this Court's prior relaxation of the "traditional rule" permitting multiple unrelated Vioxx MDL claimants to join their personal injury claims together in a single action. Plaintiffs' Amended Complaint is an entirely different matter – it states equitable claims by two identically situated ERISA plans against their beneficiaries arising from the Vioxx settlement. The Order does not purport to create any additional pleading burdens on parties such as Plaintiffs beyond those set forth in the Federal Rules of Civil Procedure.

7

"misjoinder of parties is not a ground for dismissing an action." Thus, under no circumstances would it be appropriate to dismiss the claims of either one of the Plaintiffs' based on a severance argument under Rule 20. *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 21.02[2] at 21-7 (3d ed. 2008) (discussing the "unexceptional" proposition that an original action is not to be dismissed as a result of misjoinder of parties).

New Orleans, Louisiana, this 18th day of November 2008.

Respectfully submitted,

s/ Rebecca H. Dietz
KING, KREBS & JURGENS, P.L.L.C
HENRY KING (#7393)
ERIC E. JARRELL (#16982) (T.A.)
REBECCA H. DIETZ (#28842)
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170
Telephone: 504-582-3800
Facsimile: 504-582-1233

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips
Diane Paolicelli
800 Third Avenue
13th Floor
New York, NY 10022
Telephone: 212-605-6200
Facsimile: 212-605-6290

- and -

CROWELL & MORING, LLP
Andrew H. Marks
Robert T. Rhoad
Aryeh S. Portnoy
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Surreply to Defendants' Motion to Dismiss has been served on Liaison Counsel, Russ Herman and Phillip Wittman, either by U.S. Mail and e-mail, or hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing.

This 18th day of November, 2008,

        /s/ Rebecca H. Dietz