

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In Re Vioxx® Marketing, Sales Practices and Products Liability Litigation | ) ) ) ) ) | MDL Docket No. 1657 |

**THIS DOCUMENT RELATES TO:**

*Singleton, et al. v. Merck & Co., Inc.*            CV 4:08-98 (S.D. Miss.)

## RESPONSE OF DEFENDANT MERCK & CO., INC. TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 143

Defendant Merck & Co., Inc. ("Merck") submits this Response to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 143 ("CTO-143") and respectfully requests that the Panel proceed with transferring *Singleton* to Multidistrict Litigation No. 1657 ("MDL-1657") forthwith.

### PRELIMINARY STATEMENT

The plaintiffs in *Singleton* have moved to vacate the order transferring their case to Judge Eldon E. Fallon of the Eastern District of Louisiana for coordinated pretrial proceedings pursuant to the MDL statute (28 U.S.C. § 1407). Plaintiffs argue that a pending motion to remand before the transferor court should bar transfer of its case to Judge Fallon. Plaintiffs also argue that their case should not be transferred in the interest of justice and judicial economy.



This Panel has rejected arguments that are either identical to or share similarities with the arguments made against transfer here in at least eighteen separate Transfer Orders since the inception of MDL-1657, most recently in the August 12, 2008 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order No. 134); and the April 3, 2008 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order No. 127).[1] The Panel has consistently and correctly seen the big picture. When weighed against the burden both the federal judiciary and Merck would face if Vioxx cases were not coordinated, any small inconvenience that the Plaintiffs allege must yield. Accordingly, the Panel should reject the Plaintiffs' arguments against transfer for the reasons articulated in its previous orders and the *Singleton* case should be transferred forthwith to Judge Fallon.

---

1. *See, e.g.,* June 20, 2005 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 1 and 2); August 11, 2005 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 5, 6, and 9); April 13, 2006 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 31 and 35); February 8, 2007 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 64, 66, 68, 69, 71, 72 and 75); October 17, 2007 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 104 and 105); August 3, 2007 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 87, 94, and 98); and February 11, 2008 Transfer Order (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 115, 118, 119 and 122).

## ARGUMENT

I. **A PENDING MOTION TO REMAND ARGUING LACK OF FEDERAL JURISDICTION IS NOT A SUFFICIENT BASIS TO BAR TRANSFER TO MDL-1657.**

Plaintiffs in *Singleton* argue that a pending motion to remand should bar transfer to MDL-1657.[2] (*See Singleton* Br. at ¶ 8.) Parties have continued to oppose transfer to MDL-1657 on the basis of pending remand motions despite the Panel's clear and explicit ruling to the contrary at the time it created MDL-1657. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."). As the Panel has repeatedly stated, "[a]ny pending motions to remand to state court can be presented to and decided by the transferee judge." (*See, e.g.*, June 20, 2005 Transfer Order at 1; December 18, 2006 Transfer Order at 1; and February 8, 2007 Transfer Order at 1.) For the very reasons articulated in the Panel's prior decisions and Merck's prior briefing on this issue, Plaintiffs' motion to vacate CTO-143 on the basis of a pending remand motion in the transferor court must be denied. *See id.*; *accord In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004 WL 1965587 (J.P.M.L. Aug. 19, 2004) (denying a motion to vacate conditional transfer orders, holding "that any pending motions to remand to state court can be presented to and decided by the transferee judge").

Furthermore, Plaintiffs' substantive remand arguments are misdirected to the Panel. *See, e.g.*, *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues

---

2. Defendants have moved to stay all proceedings in the District Court pending transfer by this Panel. Plaintiffs' have opposed the stay. The transferor court has yet to rule on the pending motion to stay. (*See Singleton* Br. at ¶¶ 4, 6.)

3

relating to a motion to remand."). These substantive arguments can and should be decided after the case is transferred to the Eastern District of Louisiana.

### III. TRANSFER OF THE ACTION TO MDL-1657 FOR PRETRIAL PROCEEDINGS IS THE MOST JUST AND EFFICIENT WAY TO PROCEED.

*Singleton* also incorrectly argues that justice and judicial economy would best be served by allowing the Motion to Stay and the Motion to Remand to be heard by Judge Henry T. Wingate of the Southern District of Mississippi. (*See Singleton* Br. at ¶ 9.)

The Panel has repeatedly emphasized that "inclusion in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can ... ensure[] that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions *to the overall benefit of all the parties*." (February 8, 2007 Transfer Order at 1-2.) (emphasis added).

4

## CONCLUSION

The Panel has already determined that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354. As *Singleton* presents certain questions of law and fact that overlap with those presented in thousands of previously transferred cases, transfer will promote the just and efficient conduct of this action and the other coordinated actions. These considerations warrant transfer of the instant action to MDL-1657 without further delay.

Dated: November 12, 2008

Respectfully submitted,

HUGHES HUBBARD & REED LLP

Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000 (telephone)
(212) 422-4726 (facsimile)

*Attorneys for Merck & Co., Inc.*