## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This Document Relates To:** | * | **JUDGE FALLON** |
| | * | |
| **MULTIPLE CASES LISTED ON** | * | **MAGISTRATE JUDGE KNOWLES** |
| **EXHIBIT "A"** | * | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF
### THEIR MOTION TO SHOW CAUSE
### WHY KROGER PHARMACY SHOULD NOT BE HELD IN CONTEMPT OF
### COURT FOR FAILING TO COMPLY WITH PRETRIAL ORDERS NOS. 35
### AND/OR 35A

Those Plaintiffs identified in Exhibit "A" file this Memorandum in Support of their Motion to Show Cause Why Kroger Pharmacy Should Not Be Held In Contempt For Failing To Comply With Pretrial Orders Nos. 35 and/or 35A, and in support thereof show as follows:

### I.    INTRODUCTION

Plaintiffs have repeatedly attempted to obtain records from Kroger Pharmacy, so that they may comply with the terms of the VIOXX® Settlement Agreement. Unfortunately Plaintiffs' requests have been futile.

Counsel for Plaintiffs retained MediConnect Global, what many consider to be the industry leader in retrieving and transmitting medical records worldwide for insurance companies and law firms.  For each request, Counsel for Plaintiffs and/or MediConnect have provided an approved, HIPPA compliant authorization for release of information, and a copy of Pretrial Order No. 35.  In death cases, where necessary, Counsel for Plaintiffs has also provided a copy of Pretrial Order No. 35, an approved medical

authorization, and a V2031 or probate documentation.  Mediconnect and/or Counsel for Plaintiffs have followed up with telephone calls, and in some cases in writing, seeking to obtain the medical records timely and in accordance with the terms of this Court's Pretrial Orders 35 and/or 35A.

MediConnect processed requests for records to each of the named medical providers, where the Plaintiffs were treated.  MediConnect's efforts to secure the release of the requested records were denied for various reasons, which are set forth on Exhibit "A."  The Mediconnect responses provided to Counsel for Plaintiffs is attached hereto collectively as Exhibit "B."  Counsel for Plaintiffs have provided a copy of PTO35 and/or PTO35A, where appropriate, along with a court-approved medical authorization release form and, where required, probate letters of authority or a V2031 form.  Kroger Pharmacy has rejected the authorizations and requests for records, notwithstanding the express terms of this Court's orders.[1]

Counsel for Plaintiffs has complied with HIPAA and the Orders of this Court in order to expedite production of the records.  Plaintiffs' efforts, through counsel, have been futile, to date.

## II.   <u>ARGUMENT</u>

The Supreme Court has stated the "basic proposition" that:

All orders and judgments of court must be complied with promptly.  If a person to whom a court directs an order believes that an order is incorrect the remedy is to appeal, but absent a stay, he must comply with the order pending appeal.

*Maness v. Meyers,* 419 U.S. 449, 458 (1975).

---

[1] Kroger Pharmacy has provided pharmacy profiles for a large number of Beasley-Allen clients, but not those Plaintiffs listed on Exhibit "A".

With respect to refusing discovery, Fed. R. Civ. P. 37(b) provides that failure to comply with a court order "may be treated as contempt." Indeed, when a recalcitrant witness refuses to comply with an order of the court to produce documents, the court "may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. § 1826. The period of confinement shall not exceed the "life of the court proceeding" *(id)*, which, when applied to MDL proceedings, may be of little consolation.

In response to numerous reports of providers failing to comply with Plaintiff's requests, this court entered Pretrial Order No. 35. The order was issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. §1407, FED. R. CIV. P. 16 and FED. R. CIV. P. 26(b), and the Court's inherent authority regarding case-specific discovery in this MDL. The order applies to all claims submitted to the Vioxx Resolution Program, including this Plaintiff.

PTO 35 addressed the refusal of healthcare providers, pharmacies and other entities to provide records required to be submitted under the VIOXX Settlement Agreement and ordered that facilities comply quickly, efficiently and inexpensively. The Court acknowledged the unnecessary delays and increased costs and sought to provide a uniform and cost effective process for the collection of records and information relevant to claims enrolled in the Resolution Program. After this Court entered PTO 35, Plaintiff sent copies of the order to the named medical providers and again requested production of the records.

This Court also entered Pretrial Order 35A to address the situation where the injured party has died and the medical authorization was signed by a family member. Per

PTO35A, medical providers, pharmacies and others were directed to produce records and information on a deceased patient or client upon production of a copy of PTO35A, an approved medical authorization, and a either a V2031 or probate documentation. Counsel for Plaintiffs has done that in all cases where the injured party is deceased, where the medical provider, pharmacy or other healthcare provider has required such documentation.  A majority of healthcare providers and pharmacies who have objected to providing the records have accepted an Affidavit of Relationship, in lieu of the V2031 or letters of authority, and have produced the records.

Despite Plaintiffs' efforts, Kroger Pharmacy has failed to provide the requested records in compliance with this Court's orders.  The Orders of this Court and the efforts of the Plaintiffs to obtain records and information from the named medical providers is in compliance with the terms of *HIPAA*.  There is no just reason for the medical providers continued refusal to provide the medical information and records.

Under these circumstances, the Court is authorized to require that the persons failing to comply with the Court's Orders be called before it to show cause why they should not be held in contempt.  Plaintiffs ask that the Court do so, for there is no reason why a person or company's whim should be allowed to trump a valid court order.  Time is quickly drawing near where the records must be produced the Vioxx Claim Administrator, and the failure to do so may greatly prejudice the ability of the identified Claimants from qualifying for compensation under the VIOXX® Resolution Program.

### III.   PRAYER

Therefore, Plaintiffs respectfully ask this Court to issue an order that an individual or corporate representative for Kroger Pharmacy appear before this Court and show cause

why they should not be held in contempt for failing to comply with PTO 35 and/or PTO35A, and compel the medical providers to produce the requested records with the required certifications.  Plaintiff has exhausted all efforts to obtain these records short of Court action.

     **WHEREFORE**, those Plaintiffs identified in Exhibit "A" pray that their Motion to Show Cause be granted, that the Court order an appropriate representative of Kroger Pharmacy to appear before the Court to explain its refusal to honor this Court's orders, and for such other relief to which they may be entitled.

Dated: ___11/18/08_____

                               Respectfully submitted,

                               _/s/ Benjamin L. Locklar_
                               Andy D. Birchfield, Jr.
                               P. Leigh O'Dell
                               Benjamin L. Locklar
                               Beasley, Allen, Crow, Methvin, Portis
                                & Miles, P.C.
                               234 Commerce Street
                               Montgomery, AL 36104
                               (334) 269-2343
                               (334) 954-7555 (facsimile)
                               ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittman and Russ Herman, by U.S. Mail and email or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657. In addition, a copy of the foregoing was today served by U.S. Mail, Return Receipt Requested, on Kroger Pharmacy, Corporate Office, located at 1014 Vine Street, Cincinnati, Ohio 45202.

      /s/ Benjamin L. Locklar
**BENJAMIN L. LOCKLAR**
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned conferred with counsel for Merck and Plaintiffs' Liaison Counsel, Mr. Russ Herman, regarding this motion and they do not oppose the relief requested.

      /s/ Benjamin L. Locklar
**BENJAMIN L. LOCKLAR**
**ATTORNEY FOR PLAINTIFF**

EXHIBIT "A"

| REQUEST ID | RECEIVE DATE | Claimant Name | Provider Name | Status | Claim # | Order Type | Provider Phone |
|---|---|---|---|---|---|---|---|
| S324-123560 | 2008-09-22 | Hurley, Bryant | KROGER PHARMACY | ESCALATED | 200400265496 | MEDICAL | 800-545-0451 |
| | | Remenicky, Ilene | KROGER | | | V2031-PTO35A | |