**MINUTE ENTRY**
**FALLON, J.**
**NOVEMBER 21, 2008**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 41 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:30)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the

Master Settlement Agreement and exhibits, together with registration and enrollment forms and

instructions can be found at the Claims Administrators' website at

http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or

assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-

1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the

settlement program is available at the website sponsored by the MDL Plaintiffs' Steering

Committee:  http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders,

which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B,
  requires certain plaintiffs with claims pending or tolled as of November 9, 2007,
  to produce certain information within a specified time period.  The parties have
  jointly submitted a revised amendment to Pretrial Order 28 to allow service of
  notices for preservation of records by either certified or registered mailings.  On
  January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January
  8th deadline to mail record preservation letters to health-care providers and
  pharmacies.  On January 18, 2008, the Court entered Pre-Trial Order 28A which
  amends and supplements Pre-Trial Order 28 by clarifying that service of notices
  of preservation may be by certified mail as well as registered mail.  By Order &
  Reasons entered May 30, 2008, the Court extended the deadline to provide case
  specific expert reports for plaintiffs whose last names begin with A through L

Case 2:05-md-01657-EEF-DEK   Document 16991   Filed 11/21/08   Page 3 of 17

until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the

3

Court the allocation to be made by the Court of awards of attorneys' fees from the

Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison

    Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the

    settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to

    the authorization for release of healthcare, pharmacy and other records relating to

    claimants' enrolling in the Vioxx Resolution Program.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel

    to follow when seeking to withdraw from representation based on the grounds

    that a plaintiff cannot be found or fails to respond to communications from

    counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting

    forth the time and expense reporting procedure for submissions by Negotiating

    Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for

    submissions of plaintiffs' counsel's time and expense submissions relating to

    matters common to all claimants in state court Vioxx litigation matters.

As announced at the January 18, 2008, monthly status conference, the parties amended

the Settlement Agreement in order to clarify certain provisions, including amendments to certain

provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement

Agreement, and other miscellaneous amendments.  A copy of the amendment is available on the

Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

4

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008, for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation.   A copy of the amendment is available on the Claims Administrator's website,

http://www.browngreer.com/vioxxsettlement.

On June 30, 2008, Ronald R. Benjamin, counsel for certain plaintiffs, filed a Motion to Vacate or Modify the Master Settlement Agreement, and Pre-Trial Order No. 28, and to Extend Time to Submit Expert Certificate of Causation and/or to Preclude Merck from Using the Expert Certificate of Causation and From Using to Cross-Examine Experts at Trial.  Merck and the PSC each filed responses to the motion, which has been taken under submission on the briefs.  In addition, Mr. Benjamin wrote the Court on November 5, 2008, requesting a pre-motion conference and a stay of the proceedings pending resolution of his motion.  Counsel for Merck responded to the letter on November 13, 2008.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.  The Order and Reasons are posted on the Court's website,

http://vioxx.laed.uscourts.gov.

On September 12, 2008, attorney Michael Stratton wrote the Court and asked that his letter be treated as a Motion for Transparency with respect to how points are being awarded and interim payments are being made in connection with the Settlement Program.  On September 29, 2008, Douglas Marvin, counsel for Merck, submitted a letter to the Court responding to the September 12, 2008, Stratton letter.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (See Rec. Docs. No. 15702, 15857).  On of the motions (Rec. Doc. No. 15702) was set for hearing on September 23, 2008, and the Court issued an Order on September 24, 2008, specifically in regards to the motion filed by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents, that ordered medical providers to produce records or show cause why they should not be held in contempt and fined $1000 per day for every day after October 17, 2008, until such records are produced.  Similar motions by other plaintiffs' counsel have also been filed.

On October 8, 2008, the Court entered an Order scheduling conferences on October 17, 2008, at 10:00 a.m.at the United States District Court, Eastern District of Louisiana, in New Orleans; on October 20, 2008, at 10:00 a.m. at the United States District Court, Southern District of New York, New York; and on October 21, 2008, at 10:00 a.m. at the United States District Court, Northern District of Illinois, Chicago, Illinois, for all plaintiffs who are eligible for the Vioxx Settlement Program but who have not enrolled in the program, to appear and make informed choices regarding the settlement.

II.     REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administrator appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process.  The Claims Administrator reports that 48,316 eligible claimants have enrolled in the settlement program, representing more than approximately 99.7% of all eligible claimants.     The Claims

Administrator further reported that the total amount of interim settlement awards already paid or scheduled to be paid as of November 25, 2008, is $247,819,343 to approximately 3,055 claimants.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.  The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the Claims Administrator's Secure Web Portal daily.  The Court urges all counsel to monitor the portal closely and work to address any issues presented by notices regarding the status of their clients' claims.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement.  On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans.  The Lien Administrator provided a report on the progress of discussions with various federal and state agencies.  The Lien Administrator has agreed in principle with Medicare on a process for resolving claims and has also reached agreements in principle with the state agencies as to the proposed procedures and global hold backs.  Finally, The Lien Administrator reported that he has reached agreements with agencies in all states except for Texas.  The Lien Administrator has established a website, http://www.vioxxlienresolution.com,

for parties seeking further information.

IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  A meeting took place on March 5, 2008, with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program.  Special Master Juneau has advised that the Special Masters have engaged in a "run through" to ensure that the Special Master process will not delay the Settlement Program.

V.   STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2008.

VI.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed and the Court has taken it under submission.

The Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The matter has been fully briefed and the Court will set an argument schedule at a later date.

VII.   DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of

Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another telephone status conference took place with the Court.  The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program.  Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition.  On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription drug documents or data.  At the status conference, the parties indicated that they would attempt to reach an extra-judicial resolution of the matter and that the motion should be continued.

VIII.   STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  The State Liaison Committee submitted to the Court an electronic database of all current motions to remand.  The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various Attorney General cases currently pending before the Court.  The Court directed that it would schedule a status conference in this matter prior to the next monthly status conference.

IX.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in

Section I above.  Letters to *pro se* individuals were sent on December 12, 2007, advising them of

the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling

claimants have been in communication with the PLC to discuss the Settlement Agreement.

Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of

Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

X.   MERCK'S MOTIONS

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene*

*Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted

by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3,

2007 Order denying Merck's Motion for Summary Judgment to Include Certification for

Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  Oral argument was held on August 9,

2007, and the Court took the matter under advisement.  The matter is currently stayed pending

resolution of certain discovery issues.

XI.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL

PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL

1657 proceedings or use MDL 1657 depositions in trial or in motion practice.  The PSC is

attempting to secure agreements from other states similar to the agreement reached with the State

of Texas MDL PSC.

XII.   VIOXX SUIT STATISTICS

As of September 30, 2008, Merck had been served or was aware that it had been named

as a defendant in approximately 11,575 lawsuits, which include approximately 29,200 plaintiff

groups, alleging personal injuries resulting from the use of Vioxx, and in approximately 246 punative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 9,000 lawsuits representing approximately 23,400 plaintiff groups are or are slated to be in the federal MDL and approximately 725 lawsuits representing approximately 725 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court before Judge Carol E. Higbee.

In addition to the Vioxx Product Liability lawsuits discussed above, the claims of over 25,100 plaintiffs had been dismissed as of September 30, 2008.  Of these, there have been over 3,650 plaintiffs whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts.  Over 21,450 additional plaintiffs have had their claims dismissed without prejudice. Of these, approximately 13,575 plaintiff groups represent plaintiffs who had lawsuits pending in the New Jersey Superior Court at the time of the Settlement Agreement described below and who have expressed an intent to enter the program established by the Settlement Agreement; Judge Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more plaintiffs identified than lawsuits because many lawsuits include multiple plaintiffs in the caption.

XIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.  Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs'

Liaison Counsel and the Trial Package has been sent to a number of counsel who have made proper requests.

XIV.   THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.  On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter.  Since the last status conference, the parties (Merck, the PLC, and many of the AGs) have continued the discussions regarding possible common discovery and other issues.  The parties indicated that they had recently filed a motion to lift the stay of discovery as to certain AG suits.

XV.   MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The motion was heard on September 11, 2008, and was taken under advisement by the Court.

XVI.   THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "AvMed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and US Bank National Association moved to sever plaintiffs' claims.  On June 9, 2008 the AvMed plaintiffs filed a motion for a temporary restraining order and preliminary injunction.

On June 27, 2008, the Court issued an order stating that both the motion to sever and the

motion for a preliminary injunction were withdrawn, without prejudice.  On July 8, 2008, the

Court convened a status conference to discuss the status of the AvMed negotiations.  On

Monday, July 14, 2008, representatives of the PNC and AvMed met to discuss potential

resolution.  Later that day, the AvMed plaintiffs re-filed their motion for equitable and other

relief, and BrownGreer and US Bank National Association re-filed their motion to sever.  Both

matters were heard on July 24, 2008, and on August 7, 2008, the Court issued an Order denying

AvMed's Request for a Preliminary Injunction and a Request to Stay the Proceedings pending an

appeal.  Thereafter, on August 8, 2008, AvMed filed a Notice of Appeal with the United States

Court of Appeals for the Fifth Circuit.  On August 12, 2008, the Fifth Circuit denied AvMed's

Motion to Stay Settlement Distribution Pending Appeal.  On August 14, 2008, AvMed filed a

Motion for an Expedited Appeal and for a Stay Pending Appeal.  BrownGreer and US Bank

National Association filed an opposition on August 15, 2008.  On August 18, 2008, AvMed filed

a Reply to the Opposition.  On November 17, 2008, the United States Court of Appeals for the

Fifth Circuit concluded that the District Court did not abuse its discretion in denying the AvMed

motions for equitable relief and affirmed this Court's Judgment.

XVII.  1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State

Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627)

against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy &

Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran

& Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc.

Plaintiffs assert ERISA claims and other equitable and declaratory relief.  The NPC defendants

13

filed a Motion to Dismiss and Strike Class Allegations in the complaint on June 26, 2008.  Also, defendant BrownGreer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule.  The scheduling issues were addressed with the Court at a status conference on July 8, 2008.  Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint.  On July 10, 2008, defendants filed their responses.  The matter came for hearing on July 24, 2008, and on August 7, 2008, the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction.

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F Conference to discuss a discovery plan and other issues.  Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamster's Council Health and Hospital Fund requested that the agenda for the October 17, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference.  By Order and Reasons entered October 21, 2008, the Court granted Defendants' Motion to Sever and Motion to Strike Class Allegations.

On November 3, 2008, the 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund plaintiffs filed their opposition to defendants' motion to dismiss.  Defendants filed replies on November 14, 2008.  The Court will issue a separate order scheduling the matter for oral arguments.

XVIII. MERCK'S NONRESPONSIVE PLAINTIFF'S CROSS-MOTION AND RULE

On September 26, 2008, Merck filed a Third Cross Motion, Rule and Incorporated

Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure

To Prosecute.  The motion was originally set for hearing on October 10, 2008, but was continued

until the upcoming November 2008 status conference to enable compliance with the 60-day

deadlines contemplated by Pre-Trial Order No. 36.

XIX.   <u>MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE</u>

On September 19, 2008, Merck filed two Motions, Rule and Incorporated Memorandum

to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With the Lone Pine

Requirements of PTO 28.  One motion is directed at plaintiffs who are eligible for the Resolution

Program, but have not enrolled in the Program and have also not complied with the discovery

requirements of PTO 28.  The second motion is directed at plaintiffs who are ineligible for the

Program and have not complied with PTO 28. The motions were heard on October 10, 2008.  At

the hearing, the Court dismissed with prejudice the claims of 399 plaintiffs; dismissed without

prejudice the claims of 66 plaintiffs; deferred until November 7, 2008, at 9:00 a.m. the claims of

58 plaintiffs; deferred for 60 days, pending expiration of time periods provided for under Pretrial

Order No. 36, the claims of 37 plaintiffs whose counsel have moved to withdraw; withdrew the

motion as to 135 plaintiffs; and ordered 7 plaintiffs to appear at the conferences scheduled for

October 17, 20, and 21, 2008, to discuss the settlement.  The Court heard the motion at the status

conference and will issue a separate order resolving the motion.

XX.   <u>MERCK'S MOTION TO SHOW CAUSE WHY CASES SHOULD NOT BE
      DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE</u>

On September 26, 2008, Merck filed a Rule to Show Cause Why Cases Should Not Be

Dismissed Without Prejudice For Failure To Prosecute.  The motion was directed at eligible

15

plaintiffs who had not registered and whom counsel had previous difficulties locating.  The Rule was heard on October 10, 2008.  At the hearing, the Court dismissed without prejudice the claims of 23 plaintiffs who did not respond to the Rule; ordered 13 plaintiffs to appear at one of the conferences for eligible non-enrollees; dismissed without prejudice the claims of 70 plaintiffs with the condition that the cases could be reinstated within 30 days for good cause shown; deferred until November 7, 2008, at 9:00 a.m. the claims of 34 plaintiffs who did not oppose dismissal, but requested that the dismissal be deferred until after October 30, 2008; deferred for 60 days, pending expiration of the time periods provided for under Pretrial Order No. 36, the claims of 32 plaintiffs whose counsel have moved to withdraw; withdrew the Rule as to 25 plaintiffs who have either enrolled, filed stipulations of dismissal, or have other special circumstances; and dismissed without prejudice the claims of 82 plaintiffs by agreement of the parties.  The Court heard the motion at the status conference and will issue a separate order resolving the motion.

## XXI.   DECISION QUEST, INC.

On August 21, 2008, the Court issued an Order requiring that responses to the letter dated June 30, 2008, regarding payment of fees for Decision Quest, Inc., be prepared for consideration at the September 23, 2008, status conference.  Representatives of the PSC and Decision Quest met on October 20, 2008 to discuss the issues and since then further discussions with counsel for Decision Quest and PSC have taken place.

## XXII.  FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense

submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial

Order 6D, are scheduled on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008

(New Orleans, Louisiana), December 3, 2008 (Houston, Texas), and December 5, 2008 (Los

Angeles, California), for counsel to discuss reasons and grounds for their request for common

fees and reimbursement of expenses.

XXIII. <u>NEXT STATUS CONFERENCE</u>

The next monthly status conference will be held on Friday, December 19, 2008, at 9:00

a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-

7163.  The access code will be 75782228 and the Chairperson will be Judge Fallon.

