UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Bobbie L. Thompson v. Merck & Co., Inc.,* 2:05-cv-04055 | * | KNOWLES |
| (Jerry Dancer only) | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE
<u>SHOULD NOT BE DISMISSED WITH PREJUDICE UNDER RULE 25(a)(1)</u>**

According to a Motion to Withdraw as Counsel that was filed in the above-referenced case on March 27, 2008, plaintiff Jerry Dancer has died.  However, no motion for substitution has been filed, nor has any other indication been provided suggesting that any proper party wants to pursue the claims of Mr. Dancer.  Accordingly, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring plaintiff to show cause why this individual claim should not be dismissed with prejudice under Federal Rules of Civil Procedure Rule 25(a)(1).

<u>**ARGUMENT**</u>

In the above-referenced case, there has been a suggestion of death on the record through the filing of counsel's motion to withdraw.  Under Rule 25(a), the Court may order substitution of a proper party within 90 days of a suggestion of death being made.  However, if no proper motion for substitution is made within 90 days, the case must be dismissed.  Specifically, the Rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.** (Emphasis added.)

*See* Fed. R. Civ. P. 25(a)(1).

As of the filing of this motion, no motion for substitution has been served, and more than 90 days has passed since Mr. Dancer's death was suggested on the record. Accordingly, Merck requests that plaintiff (or a proper representative) be instructed to appear and show cause at a hearing on December 19, 2008 why this case should not be dismissed with prejudice. A proposed order is attached.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice under Rule 25(a)(1).

Dated:  December 3, 2008                     Respectfully submitted,

                                            /s/ Dorothy H. Wimberly
                                            Phillip A. Wittmann, 13625
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER
                                            WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana 70130
                                            Phone: 504-581-3200
                                            Fax:    504-581-3361

                                            Defendants' Liaison Counsel

                                               —and—

955626v.1

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of December, 2008.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

955626v.1