UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to case numbers: 05-4416; 06-4468; 07-7078; 05-0860 05-4322; 05-4422; 05-4450; and 05-6215 | JUDGE FALLON MAG. JUDGE KNOWLES |

**MEMORANDUM IN SUPPORT OF
CERTAIN PLAINTIFFS' MOTION TO SHOW CAUSE WHY
CERTAIN MEDICAL RECORDS PROVIDERS SHOULD NOT BE
HELD IN CONTEMPT FOR FAILING TO COMPLY WITH
PRE-TRIAL ORDER NO. 35 AND REQUESTS MADE
FOR THE PRODUCTION OF MEDICAL RECORDS**

The Plaintiffs identified on Exhibit "A" attached to the Motion, all of whom are represented by the law firm of Herman, Herman, Katz & Cotlar, LLP, file this Memorandum in Support of Their Motion to Show Cause Why Certain Medical Records Providers Should Not Be Held In Contempt for Failing to Comply With Pre-Trial Order No. 35 and Requests Made for the Production of Medical Records, and in support thereof show:

**I.     INTRODUCTION**

Plaintiffs have repeatedly attempted to obtain records from their healthcare providers so that they may comply with the terms of the Vioxx Settlement Agreement. Unfortunately, plaintiffs' requests to certain providers have been futile.

Counsel for plaintiffs retained Mediconnect Global ("Mediconnect"), what many consider to be the industry leader in retrieving and transmitting medical records worldwide for insurance companies and law firms. For each request, Mediconnect provides an approved, HIPAA compliant

1

authorization for release of information, and a copy of Pre-Trial Order No. 35 ('PTO 35"). During their telephone discussions with providers, it is assumed that Mediconnect reminds the providers of their obligations under PTO 35. PTO 35 is an Order issued by this Court on April 10, 2008 that specifically deals with the Vioxx Resolution Program and provides for medical providers to accept the Court approved authorizations for release of medical records.

Mediconnect processes a request for records to various healthcare providers where various plaintiffs have been treated. Each of the plaintiffs that are the subject of this motion provided the appropriate medical authorization so that medical records could be obtained.

## II. ARGUMENT

The Supreme Court has stated the "basic proposition" that:

> All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that an order is incorrect the remedy is to appeal, but absent a stay, he must comply with the order pending appeal.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975).

With respect to refusing discovery, Fed. R. Civ. P. 37(b) provides that failure to comply with a court order "may be treated as contempt." Indeed, when a recalcitrant witness refuses to comply with an order of the court to produce documents, the court "may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information." 28 U.S.C. § 1826. The period of confinement shall not exceed the "life of the court proceeding" *(id.)*, which, when applied to MDL proceedings, may be of little consolation.

In response to numerous reports of providers failing to comply with plaintiffs' requests, this Court entered Pre-Trial Order No. 35. The order was issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. § 1407, Fed. R.

2

Civ. P. 16 and Fed. R. Civ. P. 26(b), and the Court's inherent authority regarding case specific discovery in this MDl. The order applies to all claims submitted to the Vioxx Resolution Program, including these plaintiffs.

PTO 35 addressed the refusal of healthcare providers, pharmacies and other entities to provide records required to be submitted under the Vioxx Settlement Agreement and ordered that facilities comply quickly, efficiently and inexpensively. The Court acknowledged the unnecessary delays and increased costs and sought to provide a uniform and cost effective process for the collection of records and information relevant to claims enrolled in the Resolution Program.

After this Court entered PTO 35, plaintiffs either made additional requests for medical records, contacted Mediconnect to determine the status of previously requested medical records, advised Mediconnect of PTO 35, and/or sent copies of the order to the providers and again requested production of the records. The providers continue to ignore this Court's Order. Under these circumstances, the Court is authorized to require that the persons failing to comply with the Court's Order be called before it to show cause why it should not be held in contempt. Plaintiffs ask that the Court do so for there is no reason why a person or company's whim should be allowed to trump a valid court order.

### III.  PRAYER

Therefore, plaintiffs respectfully ask the Court to issue an order that a corporate representative for each provider appear before this Court and show cause why the providers should not be held in contempt for failing to comply with PTO 35, and compel the facility to produce the requested records with the required certification. Plaintiffs have exhausted all efforts to obtain these records short of Court action. Plaintiffs have communicated numerous times with Mediconnect

Global in an attempt to avoid the filing of this motion, all to no avail.

WHEREFORE, plaintiffs identified on attached Exhibit "A", pray that this Motion to Show Cause be granted, that the court order an appropriate representative for each healthcare provider to appear before the Court to explain its refusal to honor this Court's orders, and for such other relief to which they may be entitled.

                                         Respectfully submitted,

Date:   December 5, 2008            By:    /s/ Leonard A. Davis
                                                **Russ M. Herman (Bar No. 6819)**
                                                Leonard A. Davis (Bar No. 14190)
                                                Stephen J. Herman (Bar No. 23129)
                                                ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                                820 O'Keefe Avenue
                                                New Orleans, Louisiana 70113
                                                Telephone: (504) 581-4892
                                                Facsimile: (504) 561-6024

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 26th day of August, 2008.

      In addition, I hereby certify that the above and foregoing has been served on the following medical providers, all of whom are subjects of this motion, via U.S. Mail, postage prepaid and properly addressed, on the 5th day of December, 2008.

1.      Mediconnect Global
           Attn: Gabriel Barrett
           10897 S. Riverfront Pkwy.
           Suite 500
           S. Jordan, Utah 84095

4

2. Walgreens
1901 East Voorhees St.
P.O. Box 4039, MS #735
Danville, IL 61834

3. Rite-Aid
5661 Bullard Ave.
New Orleans, LA 70128

4. Rite-Aid
30 Hunter Lane
Camp Hill, PA 17011
Attn: Legal Dept.

5. Walmart
702 S.W. 8th Street
Bentonville, AR 72712
Attn: Custodian of Records

6. Touro Infirmary Hospital
1401 Foucher St
New Orleans, LA 70115
Attn: Medical Records

7. Tulane University Hospital
3434 Prytania Street
Suite 450
New Orleans, LA 70115

8. Meadowcrest Hospital
2500 Belle Chasse Hwy.
Gretna, LA 70056

9. Lindy Boggs Hospital
301 North Jefferson Davis Hwy.
New Orleans, LA 70119

10. Dartmouth Hitchcock Center
One Medical Drive
Lebanon, NH 03756

11. Dr. Neil Sullivan
850 Kempsville Road
Norfolk, VA 23502

12. Dr. Miguel Caculls
    100 Medical Center Dr.
    Slidell, LA 70461

13. Dr. David Tran
    6010 Bullard Ave.
    New Orleans, LA 70128

14. Dr. Dugas Mitchell
    457 Heymann Blvd.
    Lafayette, LA 70503

15. Dr. Carroll Roberts
    1214 Coolidge Blvd.
    Lafayette, LA 70503

16. Surgeons Enhancement Center
    110 Lakeview Lane
    Suite 200
    Covington, LA 70434

17. Dr. Mark Juneau
    1111 Medical Center Blvd.
    Suite 804
    Marrero, LA 70072

18. Dr. Antoine Roberts
    4644 Lincoln Blvd.
    Suite 101
    Marina Del Rey, CA 90292

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com

6