UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADELINE THOMAS MOSBY ) | |
| ) | |
| PLAINTIFF ) | MDL NO. 1657 |
| ) | |
| In re: Vioxx ) | JUDGE FALLON |
| PRODUCT LIABILITY ) | |
| LITIGATION ) | MAG. 3 KNOWLES |
| ) | |
| v. ) | CASE NO. : 08-170 |
| ) | |
| MERCK & CO., INC., ) | |
| ) | |
| DEFENDANT ) | |
| ) | |
| ) | |

**RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S FIRST MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH REQUIREMENTS OF PTO 29**

**COMES NOW,** your plaintiff, Adeline Thomas Mosby, by counsel, in its response to memorandum in opposition to Defendant's, Merck & Co., Inc.'s, first motion, rule and incorporated memorandum to show cause why Plaintiff, Adeline Thomas Mosby's case should not be dismissed with prejudice for failure to comply with requirements of PTO 29 to provide a case specific medical expert report.

counsel followed up with an e-mail to Mr. Atkinson. On Monday, February 25, 2008, Tamra Blankenship through and e-mail to Plaintiff's attorney announced that she was Plaintiff's claims administrator from Brown Greer, PLC. Plaintiff completed the enrollment for the settlement program. Plaintiff submitted the settlement package by the July 1, 2008 deadline. Plaintiff was enrolled in the settlement program as "Adeline Mosby-VCN-1111234." Because Plaintiff believed she was enrolled in the vioxx settlement program, Plaintiff's case should not be dismissed with prejudice for failure to comply with PTO 29 and should remain on this Court's active docket.

Plaintiff was interim payroll eligible until approximately September 30, 2008, At this time Plaintiff's claim administrator contacted Plaintiff's counsel by e-mail informing counsel of Plaintiff's change in status to ineligible. Plaintiff made written objections to Merck through the claimant's claims administrator. On October 10, 2008, Plaintiff's claim adminstrator contacted Claimant's attorney by e-mail informing Claimant's attorney, that Merck determined that Claimant is not eligible to participate in the settlement program because "the Claimant had no lawsuit on file and was not a party to a Tolling Agreement by 11/9/07." However on October 13, 2008, Steve Dicesare of Merck contacted Claimant's attorney by phone requesting the information that Claimant's attorney had sent to Merck last week as to why Claimant believed that Merck was in error when it changed claimant's August, 2008 status of Interim Payment Enrolled to ineligible to participate in the settlement program on or about Tuesday, September 30, 2008. That 25 page packet was faxed to Mr. Dicesare of Merck on October 13, 2008.

Upon receiving the package, Mr. Dicesare requested any other proof that claimant was a party to a tolling agreement. Claimant's attorney provided Mr. Dicesare

## BACKGROUND

Plaintiff, Adeline Thomas Mosby, filed suit against Defendant, Merck & Co., on November 15, 2007 in the United States District Court for the Western District of Virginia, Lynchburg, Virginia Division for damages arising from, now 88 year old, Plaintiff's, ingestion of the pharmaceutical agent, Vioxx, manufactured and sold by Merck & Co., Inc.

The Judicial Panel on Multidistrict Litigation filed an Order pursuant to 28 U.S.C. 1407 on February 16, 2005 transferring the above title action to the United States District Court for the Eastern District of Louisiana and assigning this case to the Honorable Eldon E. Fallon." By order of the Judicial Panel on Multidistrict Litigation entered on December 20, 2007 transferred Plaintiff's case No.: 6:07CV00045 from the U.S. District Court of the Western District of Virginia to the U.S. District Court for the Eastern District of Louisiana, to the Honorable Eldon E. Fallon on January 18, 2008 and became case No. 2:08-cv-00170.

Mr. Atkinson, Claims Administrator with Brown Greer, PLC. on February 22, 2008 contacted Plaintiff's counsel for registration and enrollment of Claimant in the Vioxx settlement program.

## ARGUMENT

Mr. Atkinson's, Claims Adminstrator with Brown Greer, PLC contacted Plaintiff's attorney for Plaintiff to enroll in the Vioxx settlement program on February 22, 2008 by telephone. Mr. Atkinson instructed Plaintiff's counsel how to download the registration material for the settlement program. Plaintiff commenced enrollment in the settlement program on February 22, 2008. On Saturday, February 23, 2008 Plaintiff's

with additional information. Claimant's attorney has contacted Mr. Diceare by voice mail to determine if there has been any change in Plainyiff's ineligibility status for participation in the settle program. As of to date Plaintiff has not received any information.

If from these facts, the court determines that Plaintiff was in violation of PTO 29 for failure to provide a case specific expert report, Plaintiff's ,case should not be dismissed with prejudice for Good Cause Shown. Plaintiff's counsel has not received the MDL informational packet which plantiff has requested and was told would be sent to Plaintiff's counsel. As of April 18, 2008 when Plaintiff's counsel was preparing to submit Discovery to be compliant with PTO 29 and the case specific expert report, laision counsel instructed Plaintiff that the information packet concerning the case specific expert report was not yet available and would not be available until about June. Despite , Plaintiff's counsel request from liaison counsel for the information packets to be distributed to all counsel, Plaintiff's counsel as of today has not received the MDL Packet requested from liaison counsel. When talking with one of liason's counsel about the difficulty in finding a case specific expert that was affordable since Plaintiff's case was in Louisiana instead of Virginia, counsel was never informed of the possibility of having Plaintiff be a part of a case specific expert already retained in a larger firm which would allow my client's cost for a case specific expert to be pro rata with 50 or more clients who had used Vioxx and had massive myocardial infractions like my client..

Counsel for Plaintiff is still working on locating medical expert to submit a case specific report. The reason the case specific expert report has not been provided is

because Plaintiff has not yet located a medical expert to provide a case specific expert report. Plaintiff has complied with all of the Discovery under PTO 29 including preservation of medical and prescription records, compiling the medical and prescription records in the litigator, and answering the interrogatories with the exception of providing the case specific expert report. In addition to this Plaintiff was enrolled in the Settlement Program meeting all deadlines with no deficiencies from February 22 through September of 2008 until Plaintiff was determined to be ineligible by the Gates Review and Merck.

Additionally Counsel for Plaintiff has contacted attorneys on both sides in an effort to comply with Discovery.. Plaintiff respectfully asks the court for an additional 60 days time to provide the case specific expert

## IN CONCLUSION

Plaintiff's counsel is requesting that Plaintiff's case not be dismissed with prejudice for Good Cause Shown. Plaintiff has done in enormous amount of work on this case to be in compliance with the Court's order. Counsel for Plaintiff thought that Plaintiff was eligible for settlement purposes and did all of the work required but has been advised of Plaintiff's ineligibility by the Gates Review Committee and Merck on September 30, 2008 and on October 10, 2008.

In addition to completing the requirements for settlement plaintiff has called both Defendant's liaison counsel and Plaintiff's liaison counsel(s) in an effort to comply with the March 19 letter from Defendant Merck for discovery. Counsel for Plaintiff has complied with the preservation of records and all of the Discovery with the exception of

the case Specific Expert Report. Counsel, for now 88 year old Plaintiff,is requesting an additional 60 days to provide the case specific expert repert.

For the foregoing reasons, Plaintiff respectfully asks the court for an additional 60 days time to provide the case specific expert and not to enter an order to show cause why plaintiff's claims should not be dismissed with prejudice for failure to comply with the requirements of PTO 29.


Dated:  December 9, 2008                    Respectfully submitted,


/s/ Phyllis M. Mosby
Phyllis M. Mosby, VSB no.:  30383
Danville Law Firm of
Phyllis M. Mosby, Atty. at Law
119 South Union Street
Danville, VA  24541
Phone:  434-797-2500
Fax:     434-797-2525

Attorney for Adeline Thomas Mosby, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response Memorandum in opposition to defendant's, Merck & Co., Inc.'s first motion, rule and incorporated memorandum to show cause why cases should not be dismissed with prejudice for failure to comply with requirements of PTO 29 has been served on Defendant's Liaison Counsel Dorothy H. Wimberly and Phillip A. Whittman, and Plaintiff's Liaison Counsel Russ Herman, Esquire and Leonard Davis by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File and Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on the 9th day of December, 2008.

/s/ Phyllis M. Mosby
Phyllis M. Mosby, VSB no.: 30383
Danville Law Firm of
Phyllis M. Mosby, Atty. at Law
119 South Union Street
Danville, VA  24541
Phone:  434-797-2500
Fax:     434-797-2525

Attorney for Adeline Thomas Mosby, Plaintiff