UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   VIOXX PRODUCTS<br>           LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

**MOTION FOR RECONSIDERATION/REVISION
OF ORDER CAPPING CONTINGENT FEES
AND ALTERNATIVELY FOR ENTRY OF JUDGMENT**

This motion is brought by a group of five attorneys affected by the Court's August 27, 2008 Order capping contingent fee agreements at 32%. The group consists of:

- Walter Umphrey, Provost Umphrey Law Firm, LLP;

- John Eddie Williams, Jr., Williams Kherkher Hart Boundas, LLP;

- Drew Ranier, Ranier, Gayle & Elliot, LLC;

- Mikal Watts, The Watts Law Firm, LLP; and

- Grant Kaiser, The Kaiser Firm LLP.

They are referred to here as the Vioxx Litigation Consortium (or "VLC").

The VLC requests that this Court reconsider and vacate or revise its Order and Reasons

{N1907946.1}                                                              1

of August 27, 2008, in which this Court capped contingent fee arrangements for all counsel at 32% plus reasonable costs (the "Capping Order"). The VLC submits that the Court (1) lacked subject matter jurisdiction over the VLC's contingent fee contracts; (2) did not have authority to regulate the VLC's contingent fee contracts under the circumstances of this MDL; (3) if it had authority, failed to apply the correct law; and (4) deprived the VLC of its property without due process.

The VLC has been adversely affected by the Capping Order; it has received final Points Awards for many Vioxx Claimants, received settlement funds for them, and has been restricted to 32% fees by the Capping Order.

The VLC brings this motion under Rule 60, which allows a district court to reconsider and/or revise an order if a motion is brought within a reasonable time after the order is entered. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

Accordingly, the VLC requests that this Court permanently withdraw and set aside the Capping Order as to all VLC clients and their attorneys. In the alternative, the VLC requests that in the event the Court holds that it (1) has jurisdiction and (2) the authority to regulate private fee agreements, the Court withdraw and set aside the Capping Order as to all VLC clients and their attorneys, schedule an evidentiary hearing on the matter, set a briefing schedule, and thereafter rule based on the record evidence. In the further alternative, in the event the Court denies all other requested relief, the VLC requests that the Court clarify the Capping Order's status by entering a separate judgment under Rule 54(B) and/or Rule 58(D) of the Federal Rules of Civil Procedure so that the VLC can appeal the Capping Order.

Respectfully submitted,

                    /s
HARRY S. HARDIN (# 6540)
MADELEINE FISCHER (# 5575)
ERIC MICHAEL LIDDICK (# 31237)
JONES, WALKER, WAECHTER, POITEVENT,
CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8208
Facsimile:      (504) 589-8208

*Attorneys for Walter Umphrey, John Eddie Williams, Jr., Drew Ranier, Mikal Watts, and Grant Kaiser ("Vioxx Litigation Consortium")*

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned attempted unsuccessfully to confer with counsel for Merck but did confer with Plaintiffs' Liaison Counsel, Mr. Russ Herman, regarding this motion. Mr. Herman wanted to review the cited authorities and confer with the Plaintiffs' Steering Committee before stating the Committee's position.

Respectfully submitted,

                    /s
Grant Kaiser
Texas Bar #11078900
The Kaiser Firm, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone:     (713) 223-0000
Facsimile:      (713) 223-0440

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on December 10, 2008.

Respectfully submitted,

/s
Grant Kaiser