# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *David St. Clair, as Personal Representative of the* | | |
| *Estate of Stanton Hyer, etc. v. Merck & Co., Inc.* | * | |
| (E.D. La. Index No. CA-08-4907-L) | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") objects to the Plaintiff's Complaint on the ground that many allegations are vague, ambiguous and therefore objectionable. Specifically, the defined term "Plaintiff" is used inconsistently throughout the Complaint. The term "Plaintiff" in Paragraph 3 of the Complaint is defined as "David St. Clair, [as] the surviving child of Stanton Hyer and duly appointed Personal Representative of the Estate of Stanton Hyer."  However, elsewhere in the Complaint, it appears that "Plaintiff" refers to the decedent, Stanton Hyer, and not the Personal Representative.  *See, e.g.*, Complaint ¶¶ 2, 34, 35, 36, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, and 52.

Moreover, allegations such as "Plaintiff had suffered and continues to suffer serious permanent physical impairment . . . and will continue to expend large sums of money for medical care and treatment . . . and will continue to suffer economic loss", *see, e.g.*, ¶ 52, are inconsistent with the term "Plaintiff" as defined in Paragraph 3 of the Complaint.  Merck objects to having to guess which persons the Complaint is referring to each time the term "Plaintiff" is used.

Without waiving any of the foregoing objections, even if not specifically repeated hereafter, Merck, through undersigned counsel, answers the Complaint in the captioned action as follows:

1.      The allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 1 of the Complaint except admits that there is diversity of citizenship.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint except admits, upon information and belief, that Plaintiff is a resident and citizen of Florida.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, White House Station, New Jersey.

5.      Denies each and every allegation contained in a paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of

prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that Vioxx is its trade name for rofecoxib.

      7.     Denies each and every allegation contained in paragraph 7 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

      8.     Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck submitted a New Drug Application ("NDA") for Vioxx, its trade name for rofecoxib, on November 23, 1998 for the indicated uses set out in the relevant United States Food and Drug Administration ("FDA") approved prescribing information and respectfully refers the Court to said NDA for its actual language and full text.

      9.     Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck submitted a NDA for Vioxx, its trade name for rofecoxib, on November 23, 1998, for the indicated uses set out in the relevant FDA approved prescribing information and respectfully refers the Court to said NDA for its actual language and full text.

      10.     Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck sought and received approval from the FDA to manufacture and market the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Plaintiff purports to quote selected portions of and attach as Exhibit A the referenced label and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Plaintiff purports to quote selected portions of the referenced label and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

13.     Denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Denies each and every allegation contained in the second sentence of paragraph 13 except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Denies each and every allegation contained in the third sentence of paragraph 13.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits that the referenced studies and publication exist and respectfully

957166v.1

refers the Court to said studies and publication for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

16. Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that worldwide sales of Vioxx exceeded $2 billion in 2000.

17. Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

18. Denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced journal and article contained therein exists and respectfully refers the Court to said article for its actual conclusions and full text.

19. Denies each and every allegation contained in paragraph 19 of the Complaint except admits that the referenced journals and articles contained therein exist and respectfully refers the Court to said articles for their actual language and full text.

20. Denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of the FDA's Division of Drug Marketing, Advertising, and Communications ("DDMAC") in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

21. Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck received a letter in from Thomas W. Abrams of the FDA's DDMAC in September 2001, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Plaintiff purports to quote selected portions of the referenced letter but avers that said quotations are taken out of context and respectfully refers the Court to said letter for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that in April, 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that Plaintiff purports to quote and attach as Exhibit B the referenced label and respectfully refers the Court to the referenced label for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Plaintiff purports to attach the revised Patient Information Sheet as Exhibit C and respectfully refers the Court to the referenced document for its actual language and full text.

27.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

6

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that Plaintiff purports to quote selected portions of and attach as Exhibit D Merck's 2001 Annual Report and respectfully refers the Court to said report for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

**RESPONSE TO "COUNT I PRODUCTS LIABILITY – DEFECTIVE DESIGN"**

With respect to the un-numbered introductory paragraph of Count I of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

957166v.1

34.     Denies each and every allegation contained in the first sentence of paragraph 34 of the Complaint.  The allegations contained in the second sentence of paragraph 34 of the Complaint are vague and ambiguous and Merck objects to having to guess which person the Complaint is referring to when it uses the term "Plaintiff". Without waiving that objection, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 34 of the Complaint.

35.     The allegations contained paragraph 35 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in the first and second sentences of paragraph 35 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the third sentence of paragraph 35. Merck denies each and every allegation contained in the fourth sentence of paragraph 35 and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

36.     The allegations contained in paragraph 36 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck states that the allegations contained in paragraph 36 of the Complaint are legal conclusions to

which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     The allegations contained in paragraph 38 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 38 of the Complaint.

### RESPONSE TO DEMANDS SET FORTH IN AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT II PRODUCTS LIABILITY - FAILURE TO WARN"

With respect to the un-numbered introductory paragraph of Count II of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in said paragraph except admits that Merck sought and, in 1999, received the approval of the FDA to and did manufacture, market and distribute the prescription medicine Vioxx in a manner consistent with the relevant FDA-

9

approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck avers that it has not violated any duty in the manufacture, marketing or distribution of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     The allegations contained in paragraph 42 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 43 of the  Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck avers that it has not violated any applicable law in the manufacture, marketing or distribution of Vioxx.

44.     The allegations contained in paragraph 44 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is

957166v.1

referring when it uses the term "Plaintiff". Without waiving that objection, Merck denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required. If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III
## BREACH OF EXPRESS WARRANTY"

With respect to the un-numbered introductory paragraph of Count III of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

45.     The allegations contained in paragraph 45 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff". Without waiving that objection, Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint, including subparts a - c, are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 46, including subparts a - b, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. The allegations contained in subpart c of paragraph 45 of the Complaint are vague and ambiguous and Merck objects to having to guess at which

11

person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in subpart c of paragraph 46.

47.     The allegations contained in paragraph 47 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck further states that the allegations contained in the first sentence of paragraph 49 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in said sentence and paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the second sentence of paragraph 49.

50.     The allegations contained in paragraph 50 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 50 of the Complaint.

957166v.1

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint are vague and ambiguous and Merck objects to having to guess at which person the Complaint is referring when it uses the term "Plaintiff".  Without waiving that objection, Merck denies each and every allegation contained in paragraph 52 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

53.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations or is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

54.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

55.     The claims of Plaintiff are barred, in whole or in part, from recovery because he has made statements or took actions that preclude him from asserting claims or constitute a waiver of his claims.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

56.     The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

957166v.1

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

57.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

58.     If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

59.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

60.     To the extent Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff or Plaintiff's decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

61.     If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

957166v.1

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

62.     If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

63.     If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

64.     If Plaintiff or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

65.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

66.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law.

957166v.1

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

67.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Florida Rule of Civil Procedure 1.120(b) and Federal Rule of Civil Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

68.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

69.     Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

70.     Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

71.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

72.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

73.     Venue in this case is improper.

957166v.1

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

74.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

75.     The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

76.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

77.     The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

78.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

79.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

957166v.1

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

80.     The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

81.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

82.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

83.     Plaintiff or Plaintiff's decedent has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

84.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

85.     Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

86.     Plaintiff's claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges Plaintiff's decedent to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

18

## AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

87.     Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

88.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

89.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

90.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

91.     Plaintiff's right to recover damages in this action, if any, is statutorily limited by Florida's Wrongful Death Act, Fla. Stat. §§ 768.16 to 768.26.

## AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

92.     Plaintiff's failure to allege all potential beneficiaries of a recovery for wrongful death, including the decedent's estate, and their relationships to the decedent bars recovery under Florida's Wrongful Death Act, Fla. Stat. §§ 768.16 to 768.26.

## AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

93.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

957166v.1

### AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

94.    Merck is not guilty of negligence and violated no duty owing to Plaintiff or Plaintiff's decedent.

### AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

95.    Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

957166v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: December 11, 2008

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

*Defendant's Liaison Counsel*

Patricia E. Lowry
Barbara Bolton Litten
Sarah L. Shullman
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:    561-650-7200
Facsimile:    561-655-1509

*Attorneys for Defendant Merck & Co., Inc.*

957166v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 11th day of December, 2008.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

957166v.1