UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *State of Florida, Office of the Attorney General,* | * | |
| *Department of Legal Affairs  v. Merck* | * | |
| (E.D. La. Index No. CA- 08-5057-L) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers Plaintiff's Complaint ("Complaint") herein as follows:

**RESPONSE TO "INTRODUCTION"**

1. Merck denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it is authorized to do business in Florida.  Merck denies each and every allegation contained in the second and third sentences of paragraph 1 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fourth sentence of paragraph 1 of the Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

2. The allegations contained in paragraph 2 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck respectfully refers the Court to the referenced statute for its actual language and full text.

3. Merck admits the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph, except admits that it is authorized to do business in the State of Florida.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck admits that Plaintiff purports to seek damages in excess of $15,000 but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "BACKGROUND"

6. Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that Vioxx is the brand name for rofecoxib and that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck further admits that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

9.     Merck denies each and every allegation set forth in paragraph 9 of the Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full context.

10.    Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full context.

11.    Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full context.

12.    Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

958214v.1

13. Merck denies each and every allegation set forth in paragraph 13 of the Complaint except admits the referenced press release exists, and respectfully refers the Court to the referenced press release for its actual language and full text.

14. Merck denies each and every allegation set forth in paragraph 14 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full context.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that the quote is taken out of context.

16. Merck denies each and every allegation set forth in paragraph 16 of the Complaint, except admits the referenced press release and study exist, and respectfully refers the Court to the referenced press release and study for their actual language and full text.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Reicin's actual language and conclusions.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

958214v.1

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

26. Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27. Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28. Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29. Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31. Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32. Merck denies each and every allegation contained in paragraph 32 of the Complaint.

958214v.1

### RESPONSE TO "VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT"

33.     With respect to the allegations contained in paragraph 33 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 32 of this Answer with the same force and effect as though set forth here in full.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that plaintiff purports to bring an action pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that there is any legal or factual basis for Plaintiff's claim.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph.

36.     The allegations contained in the first sentence of paragraph 36 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this sentence.  Merck denies each and every allegation contained in the second sentence of paragraph 36 of the Complaint.

37.     The allegations contained in the first sentence of paragraph 37 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in this sentence.  Merck denies each and every allegation contained in the second sentence of paragraph 37 of the Complaint except admits that plaintiff purports to bring an action on behalf of certain governmental entities, but

958214v.1

denies that there is any legal or factual basis for Plaintiff's claim. Merck denies each and every allegation contained in the third sentence of paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

The "Prayer for Relief" is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained therein, including subparagraphs A. through G., except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding relief.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Merck admits that plaintiff purports to demand a trial by jury.

958214v.1

## AFFIRMATIVE DEFENSES

### AS FOR A FIRST AFFIRMATIVE DEFENSE, MERCK ALLEGES

43.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

### AS FOR A SECOND AFFIRMATIVE DEFENSE, MERCK ALLEGES

44.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD AFFIRMATIVE DEFENSE, MERCK ALLEGES

45.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude it from asserting claims or constitute a waiver of its claims.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

46.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

47.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

48.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

958214v.1

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

49. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

50. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to prescribing physicians.

**AS FOR A NINTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

51. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A TENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

52. To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

53. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

958214v.1

### AS FOR A TWELFTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

54. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, Rule 9(b) of the Federal Rules of Civil Procedure.

### AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

55. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

56. Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

57. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

58. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A SEVENTIETH AFFIRMATIVE DEFENS, MERCK ALLEGES

59. This case is more appropriately brought in a different venue.

### AS FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

60. Venue in this case is improper.

958214v.1

### AS FOR A NINETEETH AFFIRMATIVE DEFENSE, MERCK ALLEGES

61. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTIETH AFFIRMATIVE DEFENSE, MERCK ALLEGES

62. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, MERCK ALLEGES

63. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to its claims.

### AS FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, MERCK ALLEGES

64. The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, MERCK ALLEGES

65. The claims of Plaintiff is barred, in whole or in part, by its failure to mitigate damages.

### AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

66. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

958214v.1

**AS FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

67. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

68. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

69. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A TWENTY-EIGHT AFFIRMATIVE DEFENSE, MERCK ALLEGES**

70. Plaintiff has not sustained any injury or damages compensable at law.

**AS FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

71. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTIETH AFFIRMATIVE DEFENSE, MERCK ALLEGES**

72. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, MERCK ALLEGES**

73. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

958214v.1

### AS FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, MERCK ALLEGES

74.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, MERCK ALLEGES

75.     With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

### AS FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

76.     Plaintiff may be barred, in whole or in part, from pursuing this action because of the existence of a prior pending action in another court.

### AS FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

77.     Plaintiff's tort-based claims are barred by the economic loss doctrine.

### AS FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

78.     Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### AS FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

79.     Plaintiff cannot recover in the capacity in which they have sued because they are not the real-party-in-interest with respect to Plaintiff's claims.

## AS FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

80. The federal FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations. The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

## AS FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE, MERCK ALLEGES

81. Plaintiff's claims are barred by federal Medicaid law which determines both which drugs a state must cover under its Medicaid program and the limited circumstances under which it can decline to pay for such drugs. See 42 U.S.C. § 1396r-8.

82. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: December 18, 2008                    Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Maria Jose Moncada
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Merck & Co. Inc.*

958214v.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 18th day of December, 2008.

                                              */s/ Dorothy H. Wimberly*
                                              Dorothy H. Wimberly, 18509
                                              STONE PIGMAN WALTHER WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana  70130
                                              Phone:  504-581-3200
                                              Fax:     504-581-3361
                                              dwimberly@stonepigman.com

                                              Defendants' Liaison Counsel

958214v.1