JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

LAW OFFICES
WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029
www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

November 13, 2008

Hon. Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Dear Judge Fallon:

    I am writing in response to Mr. Benjamin's November 5, 2008 letter regarding his non-compliance with PTO 28. Specifically, Mr. Benjamin appears to be requesting that his obligations to comply with PTO 28 should be held in abeyance pending resolution of his pending motion in *Agard* to Vacate or Modify The Master Settlement Agreement. For the reasons stated in the separate reply briefs filed by Merck and the PSC, the *Agard* motion lacks any merit whatsoever. Moreover, Mr. Benjamin has had more than one full year to comply with the minimal requirements set out in PTO 28, but has inexplicably failed to do so. No additional delay is warranted.

    This is not the first time that Mr. Benjamin seeks to avoid obligations applicable to all other lawyers. As previously pointed out by the PSC, Mr. Benjamin has a history of thumbing his nose at court orders, particularly ones requiring the production of case specific expert reports. *See* Plaintiffs Steering Committee's Response to The Agard Plaintiffs' Motion to Vacate or Modify The Master Settlement Agreement, Etc. at 5-7. Notably, even though this conduct previously resulted in the dismissal of the claims of several of his clients in the *Diet Drug* litigation, Mr. Benjamin nevertheless repeats that pattern of conduct here. *See id.* (discussing Third Circuit rulings in *In re Diet Drugs*, 30 Fed Appx. 27, 2002 WL 272351 at *1 (3rd Cir. Feb 26, 2002)).

    The baseless nature of Mr. Benjamin's request becomes readily apparent when placed in the overall context of this litigation. As this Court has previously explained, in light of the extensive work already performed in this MDL, "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury," and there must be some "minimal showing consistent with Rule 26 that there is some kind of scientific basis that Vioxx could cause the alleged injury." *See* Order & Reasons, Doc. 14,567, *In re Vioxx*

Page 2

*Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. May 30, 2008) ("May 30 Order") at 5-6. In that vein, on November 9, 2007, this Court entered PTO 28, which requires, *inter alia*, plaintiffs who wish to pursue their claims to provide specified information regarding those claims, including a Rule 26(a)(2) case-specific expert report. *See* PTO 28 ¶II(A)(8). If plaintiffs fail to produce such a report, the Order provides for a 30-day cure period. *See* PTO 28 ¶II(D). After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown." *Id.*

Initially, PTO 28 required plaintiffs to submit their reports by May 1, 2008, and July 1, 2008, depending on their last names. Ultimately, these deadlines were extended to July 1, 2008 and August 1, 2008. Although Mr. Benjamin apparently decided early on that he would not allow *any* of his clients to enter the Resolution Program, he made no efforts to comply with the fundamental requirements of PTO 28.[1] On October 22, 2008, pursuant to PTO 28 ¶II(D), Merck notified Mr. Benjamin of the material deficiencies and provided the requisite 30-day period to cure. Notwithstanding this additional time to comply with PTO 28, Mr. Benjamin elected to not do so. (Indeed, the cure period has not yet expired, and no motion to dismiss has been filed.) Rather, knowing that he has no intention of complying with the Court's order, Mr. Benjamin asks that Merck be prevented from enforcing that order.

The *Agard* motion has been fully briefed, and, at Mr. Benjamin's request, the motion was submitted on the papers. Pending the Court's ruling on the *Agard* motion, compliance with PTO 28 should not be stayed. Merck has not yet filed any motion to dismiss the Benjamin cases and will not do so prior to November 22, the deadline for compliance with the Court's Order. Once that deadline passes without any compliance by Mr. Benjamin with PTO 28, Mr. Benjamin will still have yet an *additional* 30 days to comply with the Order after a motion to show cause is filed. Thus, under the process currently in place Mr. Benjamin will have more than adequate time to comply with PTO 28 – particularly, since he claims that he has already lined up an expert.

In short, Mr. Benjamin has had more than ample time to comply with this Court's Order – all told, more than a year. Compliance with PTO 28 should not be stayed.

Sincerely,

Douglas R. Marvin

---

[1] The schedule attached to Mr. Benjamin's letter to the Court identifies 29 plaintiffs for which no PTO 28 discovery has been provided at all. There are an additional 32 plaintiffs for whom Mr. Benjamin has provided some PTO 28 discovery, but has not yet provided the required case specific expert report. In contrast to Mr. Benjamin, counsel in scores of other cases that have not enrolled in the Resolution Program have taken steps to comply with the Court's order.