**MINUTE ENTRY**
**FALLON, J.**
**DECEMBER 19, 2008**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

      The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 42 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

      On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders, which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007, to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pretrial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail. By Order & Reasons entered May 30, 2008, the Court extended the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L

Case 2:05-md-01657-EEF-DEK   Document 17578   Filed 12/19/08   Page 3 of 19

until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.

- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Order 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the

      Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy and other records relating to claimants' enrolling in the Vioxx Resolution Program.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel to follow when seeking to withdraw from representation based on the grounds that a plaintiff cannot be found or fails to respond to communications from counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters.

As announced at the January 18, 2008, monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments. A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008, for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation.  A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.

On June 30, 2008, Ronald R. Benjamin, counsel for certain plaintiffs, filed a Motion to Vacate or Modify the Master Settlement Agreement, and Pre-Trial Order No. 28, and to Extend Time to Submit Expert Certificate of Causation and/or to Preclude Merck from Using the Expert Certificate of Causation and From Using to Cross-Examine Experts at Trial.  Merck and the PSC each filed responses to the motion, which has been taken under submission on the briefs.  In addition, Mr. Benjamin wrote the Court on November 5, 2008, requesting a pre-motion conference and a stay of the proceedings pending resolution of his motion.  Counsel for Merck responded to the letter on November 13, 2008.  By Order & Reasons entered December 11, 2008, the Court denied these motions and requests.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.  In other words, pursuant to the Court's Order, all Vioxx claimants are entitled to receive at least 68% of their settlement award, minus reasonable costs.  The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

A group of attorneys has filed a motion to reconsider the Court's order.  These attorneys seek to collect contingent fees in excess of the 32% cap set by the Court.  Accordingly, the Court has appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose

settlement awards will be affected by the Court's Capping Order.  Vioxx claimants who have questions about the Order or who wish to comment on the motion may contact the Tulane Civil Litigation Clinic at (504) 865-5153, or by writing to the following address:

> Tulane Civil Litigation Clinic
> 6329 Freret Street
> New Orleans, LA 70118

In the near future, the Court will schedule a status conference with representatives of the VLC and the Tulane Civil Litigation Clinic.  At the status conference, the Court will set a briefing and argument schedule for addressing the Motion to Reconsider.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (See Rec. Docs. No. 15702, 15857).  On of the motions (Rec. Doc. No. 15702) was set for hearing on September 23, 2008, and the Court issued an Order on September 24, 2008, specifically in regards to the motion filed by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents, that ordered medical providers to produce records or show cause why they should not be held in contempt and fined $1000 per day for every day after October 17, 2008, until such records are produced.  Similar motions by other plaintiffs' counsel have also been filed.

II.   REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administrator appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process.  The Claims Administrator reports that over 99.79% of eligible claimants have enrolled in the

Settlement. In addition, over 91% of all enrolled eligible claimants are eligible for interim payments. The Claims Administrator reported that as of December 23, 2008, it will have paid out more than $390,000,000 in interim payments to eligible claimants.

The Claims Administrator further reported that it has sent out several deficiency notices to law firms if any of the following documents are missing from a claimant's file: Stipulation of Dismissal, Release, or Medical Authorization. The Claims Administrator reported that there are currently 3,735 remaining incomplete claims packages.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the Claims Administrator's Secure Web Portal daily. The Court urges all counsel to monitor the portal closely and work to address any issues presented by notices regarding the status of their clients' claims.

Representatives of U.S. Bank were present at the status conference and provided the Court with an updated report on the status of the Settlement Program.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory

Medicaid health plans. The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. A meeting took place on March 5, 2008, with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program. As reported at the November status conference, the Special Masters have now begun reviewing claims of appeal on points awards. Special Master Juneau advised that decisions would be rendered shortly.

V.   STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2008.

VI.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and the Court has taken it under submission.

The Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed and the Court will set an argument schedule at a later date. At the November status conference, the PSC advised the Court of its intent to dismiss the motions for class certifications asserting personal injury and medical monitoring claims.

VII.     DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc. On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program. On June 24, 2008, another telephone status conference took place with the Court. The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program. Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition. On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription drug documents or data. The matter has been continued. BrownGreer continues to post records as they are received.

VIII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The State Liaison Committee submitted to the Court an electronic database of all current motions to remand. The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various Attorney General cases currently pending before the Court. On December 18, 2008, the Court held a status conference with representatives of the Attorney General cases. Representatives of the Attorney General cases, Merck, and the PSC reported that they have been working diligently to resolve several common discovery issues pending in those cases. The Court will schedule another status conference with

the parties to monitor their progress in resolving the various common discovery issues.

IX.     *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants. The Curator has received several calls from *pro se* plaintiffs with respect to compliance with the Court's Order on Merck's Fourth Motion, Rule and Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Comply With PTO 28. *Pro se* claimants wishing to contact the Pro Se Curator may do so by calling (504) 561-7799.

X.     MERCK'S MOTIONS

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The matter is currently stayed pending resolution of certain discovery issues.

XI.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XII.   VIOXX SUIT STATISTICS

As of September 30, 2008, Merck had been served or was aware that it had been named as a defendant in approximately 11,575 lawsuits, which include approximately 29,200 plaintiff groups, alleging personal injuries resulting from the use of Vioxx, and in approximately 246 punative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 9,000 lawsuits representing approximately 23,400 plaintiff groups are or are slated to be in the federal MDL and approximately 725 lawsuits representing approximately 725 plaintiff groups are included in a coordinated proceeding in New Jersey Superior Court before Judge Carol E. Higbee.

In addition to the Vioxx Product Liability lawsuits discussed above, the claims of over 25,100 plaintiffs had been dismissed as of September 30, 2008.  Of these, there have been over 3,650 plaintiffs whose claims were dismissed with prejudice either by plaintiffs themselves or by the courts.  Over 21,450 additional plaintiffs have had their claims dismissed without prejudice. Of these, approximately 13,575 plaintiff groups represent plaintiffs who had lawsuits pending in the New Jersey Superior Court at the time of the Settlement Agreement described below and who have expressed an intent to enter the program established by the Settlement Agreement;

Judge Higbee has dismissed these cases without prejudice for administrative reasons.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more plaintiffs identified than lawsuits because many lawsuits include multiple plaintiffs in the caption.

XIII.  PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review. Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who have made proper requests.

XIV.  THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter. Since the last status conference, the parties (Merck, the PLC, and many of the AGs) have continued the discussions regarding possible common discovery and other issues. On November 25, 2008, the Court issued an Order setting a status conference on Thursday, December 18, 2008, for the parties to discuss proposals for moving forward with common discovery issues in relation to the several government actions identified in the Court's Order.

XV.  MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign

Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*. The motion was heard on September 11, 2008, and was taken under advisement by the Court.

XVI.    THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "AvMed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and US Bank National Association moved to sever plaintiffs' claims. On June 9, 2008 the AvMed plaintiffs filed a motion for a temporary restraining order and preliminary injunction.

On June 27, 2008, the Court issued an order stating that both the motion to sever and the motion for a preliminary injunction were withdrawn, without prejudice. On July 8, 2008, the Court convened a status conference to discuss the status of the AvMed negotiations. On Monday, July 14, 2008, representatives of the PNC and AvMed met to discuss potential resolution. Later that day, the AvMed plaintiffs re-filed their motion for equitable and other relief, and BrownGreer and US Bank National Association re-filed their motion to sever. Both matters were heard on July 24, 2008, and on August 7, 2008, the Court issued an Order denying AvMed's Request for a Preliminary Injunction and a Request to Stay the Proceedings pending an appeal. Thereafter, on August 8, 2008, AvMed filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit. On August 12, 2008, the Fifth Circuit denied AvMed's Motion to Stay Settlement Distribution Pending Appeal. On August 14, 2008, AvMed filed a Motion for an Expedited Appeal and for a Stay Pending Appeal. BrownGreer and US Bank

National Association filed an opposition on August 15, 2008. On August 18, 2008, AvMed filed a Reply to the Opposition. On November 17, 2008, the United States Court of Appeals for the Fifth Circuit concluded that the District Court did not abuse its discretion in denying the AvMed motions for equitable relief and affirmed this Court's Judgment.

XVII.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc. Plaintiffs assert ERISA claims and other equitable and declaratory relief. The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the complaint on June 26, 2008. Also, defendant BrownGreer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule. The scheduling issues were addressed with the Court at a status conference on July 8, 2008. Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint. On July 10, 2008, defendants filed their responses. The matter came for hearing on July 24, 2008, and on August 7, 2008, the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction.

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F

14

Conference to discuss a discovery plan and other issues. Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamster's Council Health and Hospital Fund requested that the agenda for the October 17, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference. By Order and Reasons entered October 21, 2008, the Court granted Defendants' Motion to Sever and Motion to Strike Class Allegations.

On November 3, 2008, the 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund plaintiffs filed their opposition to defendants' motion to dismiss. Defendants filed replies on November 14, 2008. On December 18, 2008, the Court heard oral argument on the motion and took the matter under submission.

XVIII. MERCK'S NONRESPONSIVE PLAINTIFF'S CROSS-MOTION AND RULE

On September 26, 2008, Merck filed a Third Cross Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Prosecute. The motion was originally set for hearing on October 10, 2008, but was continued until the upcoming November 2008 status conference to enable compliance with the 60-day deadlines contemplated by Pre-Trial Order No. 36. The motion was heard on November 21, 2008. At the hearing, the Court granted the motion and dismissed with prejudice the claims of all plaintiffs on Exhibit 2 to the motion. As to the plaintiffs on Exhibit 1 to the motion, the Court continued the motion until the monthly status conference on December 19, 2008.

Additionally, on December 3, 2008, Merck filed a Fourth Cross Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Prosecute. That motion, as well, was set for hearing at the December Monthly

Status Conference.  The Court will issue separate Orders addressing these motions.

## XIX.     MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE

On September 19, 2008, Merck filed two Motions, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With the Lone Pine Requirements of PTO 28.  One motion is directed at plaintiffs who are eligible for the Resolution Program, but have not enrolled in the Program and have also not complied with the discovery requirements of PTO 28.  The second motion is directed at plaintiffs who are ineligible for the Program and have not complied with PTO 28. The motions were heard on October 10, 2008.  At the hearing, the Court dismissed with prejudice the claims of 399 plaintiffs; dismissed without prejudice the claims of 66 plaintiffs; deferred until November 7, 2008, at 9:00 a.m. the claims of 58 plaintiffs; deferred for 60 days, pending expiration of time periods provided for under Pretrial Order No. 36, the claims of 37 plaintiffs whose counsel have moved to withdraw; withdrew the motion as to 135 plaintiffs; and ordered 7 plaintiffs to appear at the conferences scheduled for October 17, 20, and 21, 2008, to discuss the settlement.

On November 26, 2008, Merck filed its Third Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 28.  That motion is set for hearing on January 9, 2009.

On December 5, 2008, Merck filed its Fourth Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 28.  That motion is set for hearing on January 22, 2008.  Additionally, as to plaintiffs on Exhibits B-1 and B-2 to that motion, counsel are ordered

to serve a copy of the motion and order on those plaintiffs. In turn, those plaintiffs are ordered to take certain steps to contact the Curator and advise as to their plans for prosecution of the cases and other matters.

## XX. MERCK'S MOTION TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

On September 26, 2008, Merck filed a Rule to Show Cause Why Cases Should Not Be Dismissed Without Prejudice For Failure To Prosecute. The motion was directed at eligible plaintiffs who had not registered and whom counsel had previous difficulties locating. The Rule was heard on October 10, 2008. At the hearing, the Court dismissed without prejudice the claims of certain plaintiffs and deferred the Rule as to certain plaintiffs. Additionally, Merck withdrew the Rule as to plaintiffs who had either enrolled or filed stipulations of dismissal. The matters were set for hearing following the monthly status conference. The Court will issue separate orders addressing the motions.

## XXI. DECISION QUEST, INC.

On August 21, 2008, the Court issued an Order requiring that responses to the letter dated June 30, 2008, regarding payment of fees for Decision Quest, Inc., be prepared for consideration at the September 23, 2008, status conference. Representatives of the PSC and Decision Quest met on October 20, 2008 to discuss the issues and since then further discussions with counsel for Decision Quest and PSC have taken place.

## XXII. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial

17

Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), and December 5, 2008 (Los Angeles, California), for counsel to discuss reasons and grounds for their request for common fees and reimbursement of expenses.

XXIII. <u>MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES</u>

On December 10, 2008, a group of five attorneys filed a Motion for Reconsideration/Revision of the Court's Order Capping Contingent Fees and Alternatively for Entry of Judgment.  The Court has appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose settlement awards will be affected by the Court's Capping Order. Vioxx claimants who have questions about the Order or wish to comment on the motion may contact the Tulane Civil Litigation Clinic at (504) 865-5153, or by writing to the following address:

> Tulane Civil Litigation Clinic
> 6329 Freret Street
> New Orleans, LA 70118

In the near future, the Court will schedule a status conference with representatives of the VLC and the Tulane Civil Litigation Clinic.  At the status conference, the Court will set a briefing and argument schedule for addressing the Motion to Reconsider.

XXIV. <u>MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE</u>

On November 19, 2008, Merck filed its First Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 29.  The Court heard the motion following the status conference and will issue a separate order addressing the motion.

On December 8, 2008, Merck filed its Second Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 29.  The motion is set for hearing following the monthly status conference on January 22, 2009.

## XXV.  MERCK'S RULE 25(a)(1) MOTION

On December 3, 2008, Merck filed a Rule 25(a)(1) motion to dismiss the claims of a deceased plaintiff where there has been no motion for substitution; nor has any other indication been provided suggesting that any proper party wants to pursue the claims.  The Court heard the motion following the status conference and will issue a separate order addressing the motion.

## XXVI. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Thursday, January 22, 2009, at 9:00 a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 79438398 and the Chairperson will be Judge Fallon.