UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF CIVIL ACTIONS AGAINST
MERCK & CO., INC., AS LISTED IN
ATTACHMENT 1

ORDER TO STAY

---

Defendant Merck & Co., Inc. ("Merck") removed these 11 negligence and products liability actions from New York State Supreme Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A list of these 11 actions (identified in order of the WDNY civil docket number) is attached to this Order.

Plaintiffs, who are represented by same law firm, allege claims against Merck concerning the manufacture, sale, and distribution of the prescription drug Vioxx. Plaintiffs also named as defendants a number of New York corporations that operate pharmacies throughout the State. In its notices of removal, however, Merck argued that the pharmacy defendants were fraudulently joined because no reasonable basis exists for plaintiffs' negligence and products liability claims against them.

Merck has filed motions to stay the actions pending the issuance of conditional orders by the Judicial Panel on Multidistrict Litigation ("JPML") transferring the cases as "tag-along" actions to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, an MDL action that has been established in the Eastern District of Louisiana.[1]

For the reasons set forth in this Court's Decision and Order in two other nearly identical

---

[1] On February 16, 2005, the Panel transferred 138 civil actions to the MDL, which involve common questions of fact concerning the alleged increased health risks associated with the anti-inflammatory drug, Vioxx. Since that time, more than 3,000 additional actions have been transferred to the MDL, and it appears that the number continues to grow.

actions, *North v. Merck*, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) and *Krieger v. Merck*, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005), I find that Merck's motions to stay should be granted in these 11 cases as well. The objectives of the MDL process, that is the avoidance of inconsistent rulings and the conservation of judicial resources, are best met by allowing the MDL court here to resolve any issues regarding whether these actions were properly removed.

## CONCLUSION

Merck's motions to stay (Dkts.#4) are **GRANTED**.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 1, 2006.

2

ATTACHMENT 1

| | |
|---|---|
| Campbell v. Merck & Co., Inc., et al | 05-CV-6740L |
| Paterniti v.  Merck & Co., Inc., et al | 06-CV-6065L |
| Adams v.  Merck & Co., Inc., et al | 06-CV-6066L |
| Grace v.  Merck & Co., Inc., et al | 06-CV-6067L |
| Stroka v.  Merck & Co., Inc., et al | 06-CV-6068L |
| Stenzel v.  Merck & Co., Inc., et al | 06-CV-6069L |
| Porter v.  Merck & Co., Inc., et al | 06-CV-6070L |
| Ciura v.  Merck & Co., Inc., et al | 06-CV-6074L |
| Lukasik v.  Merck & Co., Inc., et al | 06-CV-6075L |
| Yates v.  Merck & Co., Inc., et al | 06-CV-6096L |
| Dempsey v.  Merck & Co., Inc., et al | 06-CV-6097L |