IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS | * | MDL NO. 1657 |
| LIABILITY LITIGATION | * | |
| | * | |
| | * | SECTION L, JUDGE FALLON |
| This Pleading Relates to Cases: | * | |
| | * | |
| Allen, et al v. Merck & Co., Inc. | * | DIVISION 3, MAG. JUDGE KNOWLES |
| Case No.: 2:05-cv-04435 | * | |
| | * | |
| Campbell, et al. v. Merck & Co., Inc. | * | |
| Case No.: 2:06-cv-06682 | * | |
| | * | |

**************************************

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO
DEFENDANT MERCK & CO., INC.'S *FOURTH* CROSS-MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT
BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, *Donna Allen, et al.* and *Victira Campbell, et al.*, who respectfully respond to *Defendant Merck & Co., Inc.'s Fourth Cross-Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Prosecute* (hereinafter "motion to dismiss") as follows.

On or about December 3, 2008, Merck & Co., Inc. ("Meck") filed a motion to dismiss as it relates to forty-seven (47) plaintiffs in the above referenced actions.

The hearing on said motion to dismiss was initially set for December 19, 2008. At said hearing, undersigned counsel and counsel for Merck agreed to enter into a consent judgment whereby the hearing on dismissal of said claims would be continued until January 22, 2009. Further, pursuant to said agreement, plaintiff's counsel would deliver to each plaintiff identified in an exhibit to said motion to dismiss, notice that they had to contact the Pro Se Curator advising him if they intended to pursue his or her claims. In discussing said agreement, no specific deadlines were mentioned.

On December 19, 2008 at 5:03 p.m., undersigned counsel was served with a signed Consent Order via LexisNexis. (Exhibit A). However, undersigned counsel inadvertantly overlooked service of said Consent Order and did not realize it until January 8, 2009.

Said Consent Order requires that:

- Plaintiffs' counsel seeking to withdraw must deliver to the plaintiffs by December 24, 2008, a copy of Merck's motion to dismiss the plaintiffs' claim and a copy of this Order;

- By no later than January 9, 2009, each plaintiff shall contact the Pro Se Curator and notify the Curator as to whether or not the plaintiff intends, to pursue his or her claim;

- Plaintiff who notifies the Curator of his intention to proceed with his claim shall, no later than January 30, 2009, either (a) file a Notice with the Court advising the Court of the name and address of the attorney who will represent him in this action and have counsel enter an appearance or (b) if plaintiff intends to proceed *pro se*, serve an expert report in Compliance with PTO 29; and

- Failure to notify the Curator as noted above by January 9, 2009, or, if plaintiff notifies Curator of his or her intent to proceed with the claim, failure to notifiy the Court of the name and address of the attorney who will be representing the plaintiff, or, if proceeding *pro se*, failure to comply with PTO 29 shall constitute grounds for dismissal of the claim....

(Exhibit A).

On January 8, 2009, undersigned counsel called Dorothy Wimberly, counsel for Merck, advising her of the situation. Ms. Wimberly kindly agreed that she would have no objection to extending the deadline for contacting the Pro Se Curator to January 15, 2009 and that plaintiffs would still have time to contact the Pro Se Curator in advance of the January 22, 2009 hearing date.

On January 8, 2009, undersigned counsel mailed all of the identified plaintiffs a copy of said Consent Order and corresponding motion to dismiss. Further, in the cover letter to said notice, undersigned counsel advised the clients that they had until January 15, 2009 to contact the Pro Se Curator. Only one of the identified plaintiffs have contacted the Curator to date. Further, with regard to all of the plaintiffs identified in Merck's motion to dismiss, all of the requirements of PTO 36 have previously been timely complied with.

Plaintiffs' counsel respectfully suggests that there should be a two week continuance of the date by which plaintiffs must contact the Pro Se Curator to advise if he or she intends to pursue the claim in addition to a two week extension to file notice with the Court advising of new counsel, or, if proceeding *pro se*, to serve an expert report in compliance with PTO 29. Also, plaintiffs' counsel requests a continuance of the hearing on the motion to dismiss in accord with any extension of deadlines.

WHEREFORE, undersigned counsel respectfully requests an extension of the deadlines set forth in the December 19, 2008 Consent Order and further requests a continuance of the hearing on the motion to dismiss.

Respectfully submitted,
/s/ Eberhard D. Garrison
**GLADSTONE N. JONES, III (# 22221), T.A.**
**LYNN E. SWANSON (#22650)**
**EBERHARD D. GARRISON (#22058)**
**JONES, SWANSON, HUDDELL &**
**GARRISON, L.L.C.**
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile:  (504) 523-2508
**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon all counsel of record, via electronic service only, this the 14th day of January, 2009.

/s/ Eberhard D. Garrison
EBERHARD D. GARRISON