UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
|     Products Liability Litigation | * | |
| | * | SECTION L |
| This Document Relates to: | * | |
| | * | JUDGE ELDON E. FALLON |
| Kathleen Campbell v. Merck & Co., Inc., | * | |
| 2:06-CV-3146, | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT MERCK & CO., INC.'S REPLY IN
## SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply memorandum in support of its motion to dismiss plaintiff's claims for failure to comply with the *Lone Pine* requirements of PTO 29.

Plaintiff argues – without citation to any legal authority – that "Merck does not have standing" to move to dismiss plaintiff's case because her motion for remand is pending. (Pl.'s Opp'n at 3.) Plaintiff is wrong.

A pending motion for remand does not suspend discovery rules. In *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990), the U.S. Court of Appeals for the Fifth Circuit affirmed summary judgment in favor of defendants on facts similar to those here. On appeal, the plaintiffs argued that summary judgment was improperly entered because they had suspended their discovery efforts while a motion for remand was pending, despite the trial court's denial of a request for continuance. The Fifth Circuit rejected their argument, explaining that "the fact that a motion for remand was pending does not excuse failing to pursue discovery diligently." *Id.* at 102; *see also Oiler v. Biomet Orthopedics, Inc.*, No. Civ.A. 02-3778, 2004 WL 325389, at *5 (E.D. La. Feb. 17,

2004) (applying *Carriere* to hold that party must comply with discovery notwithstanding pending remand motion).

Other courts have similarly ruled. *See, e.g., Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002) ("[T]he question of whether a motion for remand still was pending when defendants filed their motion to dismiss under Fed. R. Civ. P. 12(b)(6) is in a sense immaterial" because all cases removed from state court are constructively subject to remand at all times under 28 U.S.C. § 1447(c).); *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 158 (W.D.N.Y. 2005) ("[T]he applicable Federal Rules of Civil Procedure do not bar disclosure and discovery from proceeding pursuant to court order or stipulation pending decision on a remand motion."); *In re Bridgestone/Firestone Inc., Tires Prods. Liab. Litig.*, IP 00-9373-C-B/S, IP 01-5539-C-B/S, 2002 WL 31243417, at *4 (S.D. Ind. Aug. 28, 2002) (noting MDL court's "often-articulated position" that "discovery should proceed while the remand motion was pending").

There is nothing different about this case. The usual rules apply – the fact that plaintiff filed a remand motion does not shield her from compliance with this Court's discovery orders. There being no other reason given to deny Merck's motion to dismiss, that motion should be granted.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Merck's opening motion, plaintiff's claims should be dismissed.

                          Respectfully submitted,

                          */s/ Dorothy H. Wimberly*
                          Phillip A. Wittmann, 13625
                          Dorothy H. Wimberly, 18509
                          STONE PIGMAN WALTHER
                          WITTMANN L.L.C.
                          546 Carondelet Street
                          New Orleans, LA 70130

                          **DEFENDANT'S LIAISON COUNSEL**

                          And

                          Douglas R. Marvin
                          WILLIAMS & CONNOLLY LLP
                          725 Twelfth St., N.W.
                          Washington, DC 20005

                          John H. Beisner
                          Jessica Davidson Miller
                          O'MELVENY & MYERS LLP
                          1625 Eye Street, NW
                          Washington, DC 20006

                          **Attorneys for Merck & Co., Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing reply brief has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of January, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel