UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 43 OF**
**PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 43.

I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com..  Further information regarding the settlement

program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On November 9, 2007 and thereafter, the Court entered the following Pre-Trial Orders which are available on the Court's website:

- Pre-Trial Order 28 (November 9, 2007), with accompanying Exhibits A and B, requires certain plaintiffs with claims pending or tolled as of November 9, 2007 to produce certain information within a specified time period. The parties have jointly submitted a revised amendment to Pre-Trial Order 28 to allow service of notices for preservation of records by either certified or registered mailings. On January 7, 2008, the Court extended by thirty days Pre-Trial Order 28's January 8th deadline to mail record preservation letters to health-care providers and pharmacies. On January 18, 2008, the Court entered Pre-Trial Order 28A which amends and supplements Pre-Trial Order 28 by clarifying that service of notices of preservation may be by certified mail as well as registered mail. By Order & Reasons entered May 30, 2008, the Court extended the deadline to provide case specific expert reports for plaintiffs whose last names begin with A through L until July 1, 2008, and the deadline to provide case specific expert reports for plaintiffs whose last names begin with M through Z until August 1, 2008.
- Pre-Trial Order 29 (November 9, 2007), with accompanying Exhibits A and B, requires plaintiffs whose claims are filed in or transferred to the MDL on or after November 9, 2007 to produce certain information within

a specified time period. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically.

- Pre-Trial Order 30 (November 9, 2007) temporarily stays activity in the MDL with certain exceptions.

- Pre-Trial Order 31 (November 9, 2007), with accompanying Exhibits A and B, requires the registration of claims. Revised versions of Exhibits A and B subsequently were made available and can be edited and completed electronically. Pre-Trial Order 31A (December 4, 2007) amends and supplements Pre-Trial Order 31 by clarifying that the Registration Affidavits and Registration of Claims Spreadsheet need not be filed with the Court and provides addresses where the registration affidavits should be served. Pre-Trial Order 31B (December 14, 2007) amends and supplements Pre-Trial Orders 31 and 31A by clarifying that the Registration Affidavits and Registration of Claims Spreadsheets need only be filed with the Claims Administrator. Pre-Trial Order 31B also amends the Registration Affidavit.

- Pre-Trial Order 32 (November 20, 2007) provides for the appointment of a committee of plaintiffs' attorneys to be responsible for recommending to the Court the allocation to be made by the Court of awards of attorneys' fees from the Settlement Fee and Cost Account.

- Pre-Trial Orders 33 and 34 (December 10, 2007) direct Plaintiffs' Liaison Counsel to contact *pro se* plaintiffs and *pro se* tolling claimants regarding the settlement package.

- Pre-Trial Order 35 (April 10, 2008) sets out the rules and procedures relating to the authorization for release of healthcare, pharmacy, and other records relating to claimants' enrolling in the Vioxx Resolution Program. On September 29, 2008, the Court issued Pre-Trial Order 35(A) which provides for the production of records in the Vioxx Resolution Program Pursuant to CAP 2008-1, Required Representative Capacity Documentation – Deceased Claimants.

- Pre-Trial Order 36 (May 6, 2008) sets forth the procedure for a plaintiff's counsel to follow when seeking to withdraw from representation based on the grounds that a plaintiff cannot be found or fails to respond to communications from counsel and for other grounds.

- Pre-Trial Order 6C (April 10, 2008) supplements Pre-Trial Order 6 by setting forth the time and expense reporting procedure for submissions by Negotiating Plaintiffs' Counsel ("NPC") and by setting forth additional procedures for submissions of plaintiffs' counsel's time and expense submissions relating to matters common to all claimants in state court Vioxx litigation matters. Pre-Trial Order 6D (September 15, 2008) further supplements Pre-Trial Order 6 by setting forth additional fee allocation guidelines. On October 31, 2008, the Court entered Pre-Trial Order 6E

that set forth guidelines regarding the effect of submitting a common benefit affidavit.

As announced at the January 18, 2008 monthly status conference, the parties amended the Settlement Agreement in order to clarify certain provisions, including amendments to certain provisions regarding the Extraordinary Injury Fund, Sections 1.2.8.1 and 11.1.5 of the Settlement Agreement, and other miscellaneous amendments.  A copy of the amendments is available on the Claim Administrator's website, http://www.browngreer.com/vioxx settlement.  Also, on February 28, 2008, a Second Amendment was announced to extend the date to March 31, 2008 for claimants seeking to qualify for an interim payment pursuant to the Vioxx Resolution Program to submit releases and certain other documentation.  A copy of the amendment is available on the Claims Administrator's website, http://www.browngreer.com/vioxxsettlement.  In addition, the parties will be prepared to discuss these issues further at the monthly status conference on January 22, 2009.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.  The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.  A group of attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration of this Order, *see infra* Section XXII, which was denied by the Court.  Additionally, on December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest.  On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the

appointment order or stay the Order pending further proceedings. By Order entered January 5, 2009, the Fifth Circuit stayed the Order. Several amicus curiae briefs have been filed and the parties are awaiting further action by the Fifth Circuit.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (see Doc. No. 15702 and Doc. No. 15857). The motion set for hearing on September 23, 2008, filed by Herman, Herman, Katz & Cotlar, LLP, was the subject of an Order entered September 24, 2008 that ordered medical providers to produce records or show cause why they should not be held in contempt and be fined $1,000.00 per day for every day after October 17, 2008, until such records are produced. Similar motions by other plaintiffs' counsel have also been filed and another motion was filed by Herman, Herman, Katz & Cotlar, LLP on December 5, 2008. Medical records continue to be received from providers. The parties will be prepared to discuss the Order of September 24, 2008 and other motions pending before the Court relating to the production of medical record providers who have not produced requested medical records.

PLC has been advised that many claimants have asked for a way to verify the number of points that they have been awarded by BrownGreer, or, alternatively, a means to check the amount of awards or settlement payments that they may be entitled to. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

The parties have been discussing the establishment of a 468B Qualified Settlement Fund and Amendment to the Escrow Agreement with U.S. Bank in connection with the Settlement Program. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

II.    REGISTRATION AND ENROLLMENT OF CLAIMS IN THE SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration and enrollment. BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and enrollment process at the monthly status conference on January 22, 2009.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm will report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special

Masters to assist Special Master Patrick Juneau. The Special Masters have now begun reviewing claims on appeal of points awards.

### V.  STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2009.

### VI.  CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The matter has been briefed and submitted to the Court.

Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matter has been fully briefed.

At the November status conference, the PSC advised the Court of its intent to dismiss the motions for class certifications asserting personal injury and medical monitoring claims. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

### VII.  DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In The Possession of Express Scripts, Inc. On May 14, 2008 a telephone status conference was held between the Court, ESI and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program. On June 24, 2008, another telephone status conference took place with the Court. Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI

produce a representative for a 30(b)(6) corporate deposition. On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription drug documents or data. The matter has been continued. ESI continues to produce additional medical records. Brown Greer continues to post records as they are received.

### VIII. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee also has worked on coordinating the discovery efforts of the various Attorney General cases currently pending before the Court. The parties will be prepared to discuss these issues further at the monthly status conference on January 22, 2009.

### IX. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigations and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). Additionally, the Curator has received calls from several *pro se* plaintiffs with respect to compliance with the Court's Order on Merck's Fourth Motion, Rule and Memorandum

to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Comply With PTO 28. *See infra* Section XIX. The PLC and Curator will be prepared to discuss this further at the monthly status conference on January 22, 2009.

### X.     MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on January 22, 2009.

### XI.    ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC. The PSC will be prepared to discuss this further at the monthly status conference on January 22, 2009.

### XII.   VIOXX SUIT STATISTICS

Merck will be filing its quarterly report in early February which will include an update of the suit statistics and will be able to provide that information at the next status conference.

### XIII. PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

### XIV. THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. Since the July 11, 2008 status conference in the *Louisiana Attorney General v. Merck* matter, the parties (Merck, PLC, and many AGs) have continued the discussions regarding possible common discovery and other issues. The parties participated in a status conference on December 18, 2008, in which several matters were discussed pertaining to the actions brought by various state governmental entities, including coordination of common discovery in the MDL and selection of cases for potential trial. Counsel for plaintiff in the *Louisiana Health Service Indemnity Co. d/b/a BlueCross/BlueShield of La., et al v. Merck & Co., Inc.*, No. 05-0713, MDL 1657, matter has requested that the Court set this matter for trial and is prepared to pay a reasonable assessment for use of the PSC's Trial Package. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

### XV. MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*. The motion was heard on July 17, 2008 and September 11, 2008 and was taken under advisement by the Court. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

## XVI.  THIRD PARTY PAYORS' MOTIONS

On or about April 14, 2008, a group of non-governmental sponsors and administrators of ERISA health benefit plans and other insurers (collectively, "Avmed plaintiffs") filed suit against BrownGreer PLC, U.S. Bancorp, Inc., and certain John Does seeking equitable and other relief.

On May 20, BrownGreer and US Bank National Association (plaintiffs' complaint names the incorrect party) moved to sever plaintiffs' claims. On June 9, 2008, the Avmed plaintiffs filed a motion for temporary restraining order and preliminary injunction.

On June 27, 2008, the Court issued an Order stating that the Motion to Sever was withdrawn, without prejudice. Further, the Order stated that the Motion for Preliminary Injunction was withdrawn, without prejudice. On July 8, 2008, the Court convened a status conference to discuss the status of the Avmed negotiations. On July 14, 2008, the Avmed plaintiffs refiled their motion for equitable and other relief, and BrownGreer and US Bank National Association refiled their motion to sever. Both matters were heard on July 24, 2008 and on August 7, 2008 the Court issued an Order denying AvMed's Request for a Preliminary Injunction and a Request to Stay the Proceedings pending an appeal. Thereafter, AvMed, August 8, 2008, filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit. On August 12, 2008, AvMed's Motion to Stay Settlement Distribution Pending Appeal was denied. On August 14, 2008, AvMed filed a Motion for Expedited Appeal and for Stay Pending Appeal with the United States Court of Appeals for the Fifth Circuit. BrownGreer and US Bank National Association filed an opposition on August 15, 2008. On August 18, 2008, AvMed filed a Reply to the Opposition. On November 17, 2008, the United States Court of Appeals for the Fifth Circuit concluded that the District Court did not abuse its discretion in denying the AvMed

motions for equitable relief and affirmed the District Court's Judgment. Following lengthy negotiations, a tentative settlement agreement with AvMed has been reached which is expected to favorably resolve these claims by capping recoveries on reasonable terms.

### XVII.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc. Plaintiffs assert ERISA claims and other equitable and declaratory relief. The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the Complaint on June 26, 2008. Also, defendant Brown Greer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.[1]

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule. Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint. On July 10, 2008, defendants filed their responses. The matter came for hearing July 24, 2008 and on August 7, 2008 the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction. On August 20, 2008, the Court issued an additional Order clarifying its prior Order of August 7, 2008 and denying the Emergency Stay of the Proceedings Pending Appeal. On September 4, 2008, 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund filed a Notice of Appeal.

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F Conference to discuss a discovery plan and other issues. Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund requested that the agenda for the September 23, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference. PLC responded by agreeing to place the items on the agenda even though the items did not merit the Court's attention at that time since the parties were awaiting an opinion on the Motion to Strike Class Allegations and the Motion to Dismiss, and further, that the request for a discovery conference was objected to. The matter was discussed at the prior status conferences on September 23, 2008 and October 17, 2008. By Order and Reasons entered October 21, 2008, the Court granted defendants' Motion to Sever and Defendants' Motion to Strike Class Allegations.

On November 3 2008, the 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund plaintiffs filed their opposition to defendants' motion to dismiss. Defendants filed replies on November 14, 2008. Negotiating Plaintiffs' Counsel filed a Motion for Leave of Court to File Supplemental Authority on December 1, 2008. The matter was set for hearing on December 18, 2008 and was taken under advisement by the Court. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

---

[1] On October 13, 2008, defendant Brown Greer, PLC, filed a motion to adopt and incorporate by reference Sections A and C of the NPC defendants' motion to dismiss.

XVIII. MERCK'S NONRESPONSIVE PLAINTIFFS' CROSS-MOTIONS AND RULES

On September 26, 2008, Merck filed a Third Cross Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Prosecute.  The motion was originally set for hearing on October 10, 2008, but was continued to enable compliance with the 60 day deadlines contemplated by Pre-Trial Order 36.  The motion was heard on November 21, 2008.  At the hearing, the Court granted the motion and dismissed with prejudice the claims of all plaintiffs on Exhibit 2 to the motion.  As to the plaintiffs on Exhibit 1 to the motion, the Court continued the motion until the monthly status conference on December 19, 2008.  The motion was heard following the status conference.  The Court dismissed without prejudice the claims of all plaintiffs on Exhibit 1.

Additionally, on December 3, 2008, Merck filed a Fourth Cross Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Prosecute.  That motion, too, was heard following the monthly status conference on December 19, 2008.  Certain claims were deferred to January 22, 2009; the remainder of the claims were dismissed.

XIX.   MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE

On November 26, 2008, Merck filed its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28.  That motion was set for hearing on January 9, 2009 and was taken under advisement by the Court.  The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

On December 5, 2008, Merck filed its Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28. That motion is set for hearing on January 22, 2009. Additionally, as to plaintiffs on Exhibits B-1 and B-2 to the motion, counsel were ordered to serve a copy of the motion and order on those plaintiffs. In turn, those plaintiffs were ordered to take certain steps to contact the Curator and advise as to their plans for prosecution of the cases and other matters. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009 and at the hearing following the status conference.

## XX.   DECISION QUEST, INC.

On August 21, 2008, the Court issued an Order requiring that responses to the letter dated June 30, 2008 regarding payment of fees for Decision Quest, Inc. be prepared for consideration at the September 23, 2008 status conference. Representatives of the PSC and Decision Quest met on October 20, 2008 to discuss the issues and since then further discussions with counsel for Decision Quest and the PSC have taken place. PLC will be prepared to discuss this issue at the monthly status conference on January 22, 2009.

## XXI.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and as reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas) and December 5, 2008 (Los Angeles, California), for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel

filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. PLC will be prepared to discuss this at the monthly status conference on January 22, 2009.

### XXII. MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On December 10, 2008, a group of five attorneys (the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment. The motion was denied by the Court. Additionally, the Court entered an Order appointing the Tulane Civil Law Clinic to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings. By Order entered January 5, 2009, the Fifth Circuit stayed the Order. Several amicus curiae briefs have been filed and the parties are awaiting further action by the Fifth Circuit. The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

### XXIII. MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

On November 19, 2008, Merck filed its First Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 29. The motion was heard following the monthly status conference on December 19, 2008. The motion was deferred as to certain plaintiffs; the claims of the remaining plaintiffs were dismissed.

On December 8, 2008, Merck filed its Second Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 29.  The motion is set for hearing following the monthly status conference on January 22, 2009.

On January 20, 2009, Merck filed its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 29.  The matter has not yet been set for hearing.  The parties will be prepared to discuss this further at the monthly status conference on January 22, 2009.

XXIV. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

*/s/ Russ M. Herman*_____  
Russ M. Herman (Bar No. 6819)  
Leonard A. Davis (Bar No. 14190)  
***Herman, Herman, Katz & Cotlar, LLP***  
820 O'Keefe Avenue  
New Orleans, LA  70113  
PH:  (504) 581-4892  
FAX:  (504) 561-6024  

**Plaintiffs' Liaison Counsel**

*/s/ Dorothy H. Wimberly*_____  
Phillip A. Wittmann (Bar No. 13625)  
Dorothy H. Wimberly (Bar No. 18509)  
Carmelite M. Bertaut (Bar No. 3054)  
***Stone Pigman Walther Wittmann L.L.C.***  
546 Carondelet Street  
New Orleans, LA  70130-3588  
PH:    (504) 581-3200  
FAX:  (504) 581-3361  

**Defendants' Liaison Counsel**

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 43 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of January, 2009.

                                          */s/ Dorothy H. Wimberly*
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana  70130
                                          Phone:  504-581-3200
                                          Fax:     504-581-3361
                                          dwimberly@stonepigman.com

                                          Defendants' Liaison Counsel