UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS<br>         LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

### MOTION FOR RECONSIDERATION/REVISION
### OF ORDER CAPPING CONTINGENT FEES
### AND ALTERNATIVELY FOR ENTRY OF JUDGMENT

This motion is brought by The Miller Firm, LLC attorneys affected by the Court's August 27, 2008 Order capping contingent fee agreements at 32%.

The Miller Firm requests that this Court reconsider and vacate or revise its Order and Reasons of August 27, 2008, in which this Court capped contingent fee arrangements for all counsel at 32% plus reasonable costs (the "Capping Order"). The Miller Firm submits that the Court (1) lacked subject matter jurisdiction over the Miller Firm's contingent fee contracts; (2) did not have authority to regulate the Miller Firm's contingent fee contracts under the circumstances of this MDL, (3) even if it had authority, failed to apply the correct law; and (4) deprived the Miller Firm of its property without due process.

The Miller Firm has been adversely affected by the Capping Order; it has received final Points Awards for many Vioxx Claimants, received settlement funds for them and has been restricted to 32% fees by the Capping Order.

The Miller Firm brings this motion under Rule 60, which allows a district court to

1

reconsider and/or revise an order if a motion is brought within a reasonable time after the order is entered. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

Accordingly, the Miller firm requests that this Court permanently withdraw and set aside the Capping Order as to all Miller Firm clients and their attorneys. In the alternative, the Miller Firm requests that in the event the Court holds that it (1) has jurisdiction and (2) the authority to regulate private fee agreements, the Court withdraw and set aside the Capping Order as to all Miller Firm clients and their attorneys, schedule an evidentiary hearing on the matter, set a briefing schedule, and thereafter rule based on the record evidence. In the further alternative, in the event the Court denies all other requested relief, the Miller Firm requests that the Court clarify the Capping Order's status by entering a separate judgment under Rule 54(B) and/or Rule 58(D) of the Federal Rules of Civil Procedure so that the Miller Firm can appeal the Capping Order.

Respectfully submitted,

/s/ Michael J. Miller
MICHAEL J. MILLER
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
(540) 672-4224
(540) 672-3055
Attorneys for Vioxx claimants

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned attempted to confer with counsel for Plaintiffs' Liaison Counsel, Mr. Russ Herman regarding this motion.

                                                  Respectfully submitted,

                                                  /s/ Michael J. Miller
                                                  MICHAEL J. MILLER
                                                  THE MILLER FIRM, LLC
                                                  108 Railroad Avenue
                                                  Orange, VA 22960
                                                  (540) 672-4224
                                                  (540) 672-3055
                                                  Attorneys for Vioxx claimants

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on January 22, 2009.

    Respectfully submitted,

    /s/ Michael J. Miller
    Michael J. Miller