1                    UNITED STATES DISTRICT COURT

2                   EASTERN DISTRICT OF LOUISIANA

3

4

5    IN RE:  VIOXX PRODUCTS        *        Docket MDL 1657-L
        LIABILITY LITIGATION       *
6                                  *        December 19, 2008
                                   *
7                                  *        9:00 a.m.
     * * * * * * * * * * * * * * * *

8

9                      MOTIONS HEARD BEFORE THE
10                   HONORABLE ELDON E. FALLON
                   UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   For the Plaintiffs:          Herman Herman Katz & Cotlar
                                  BY:   RUSS M. HERMAN, ESQ.
14                                      LEONARD A. DAVIS, ESQ.
                                  820 O'Keefe Avenue
15                                New Orleans, Louisiana 70113

16

17   For the Defendant:          Stone Pigman Walther Wittmann
                                  BY:   DOROTHY H. WIMBERLY, ESQ.
                                  546 Carondelet Street
18                                New Orleans, Louisiana 70130

19

20   Official Court Reporter:     Toni Doyle Tusa, CCR, FCRR
                                  500 Poydras Street, Room B-406
                                  New Orleans, Louisiana 70130
21                                (504) 589-7778

22

23

24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.

**PROCEEDINGS**

**(December 19, 2008)**

1

2

3    **THE DEPUTY CLERK:**  Everyone rise.

4    **THE COURT:**  Be seated, please.

5    We have a number of motions to be presented.  I

6  will hear from the movant.

7    **MS. WIMBERLY:**  Yes, Your Honor.  I know that Nathan

8  had sent me a list with the motions in a particular order.  I

9  would like to address them in a different order to accommodate

10  the lawyers who are present in the court.

11    **THE COURT:**  Sure.  Give me the docket number when we

12  do it so I can find them.

13    **MS. WIMBERLY:**  Dorothy Wimberly on behalf of Merck.

14  Your Honor, I would like to first take a matter that was

15  deferred from October 10 and then again from November 21, and I

16  am referring to Merck's first motion to dismiss without

17  prejudice for failure to prosecute.  It was originally filed as

18  record document 16153.

19    **THE COURT:**  Okay.

20    **MS. WIMBERLY:**  Your Honor, this dealt with a number

21  of plaintiffs who counsel had not been able to locate.  We were

22  moving to dismiss without prejudice.  We are left with, I

23  believe, 32 people on Exhibit A.  31 of those people are

24  represented by the Jones Swanson law firm.  Mr. Garrison is

25  here representing their interests today.  We have reached an

1   agreement with Mr. Garrison as to 30 of his 31 plaintiffs.  As

2   to one of his plaintiffs --

3            **THE COURT:**  What is the agreement?

4            **MS. WIMBERLY:**  The agreement, Your Honor -- and I'm

5   going to hand forward the consent order -- is he would like for

6   his clients to receive the kind of notice that the plaintiffs

7   who are subject to the fourth *Lone Pine* motion are receiving,

8   where they need to make an affirmative step to contact the

9   curator.

10            We have prepared an order that Mr. Garrison has

11   agreed to.  I am going to have to take it back and revise it to

12   remove a name because we have learned this morning that one of

13   the 31 people on that motion has actually enrolled and is in

14   the gates review process.  So we need to withdraw the motion as

15   to that one person, Sarah Smith, who was a plaintiff in the

16   *Clarence Abrams* case.  We are withdrawing the motion in its

17   entirety as to her.  As to the remaining 30 of Mr. Garrison's,

18   I will submit the order to Nathan this afternoon.  That leaves

19   us with several remaining plaintiffs from this motion.

20            I'm looking at the wrong order, Your Honor.  I

21   got confused on this.  There's so many orders here.  Can you

22   ignore everything I had to say except about the plaintiff we

23   are withdrawing as to.  As to the remainder of Mr. Garrison's

24   clients, we are dismissing by agreement the cases without

25   prejudice.

1          **MR. GARRISON:**  Your Honor, if I can just comment on

2    that.  I, to Ms. Wimberly, expressed one concern.  Some of

3    these claimants, as you know -- all of these claimants we have

4    withdrawn.  I'm not sure technically if that order of

5    withdrawal has been signed.  I would like to express a concern

6    that some of these plaintiffs have sought *pro se* procedures

7    that I'm not aware of.  So to that extent I just wanted to

8    express that concern.

9          **THE COURT:**  Okay.  Fine.

10         **MS. WIMBERLY:**  Your Honor, we have had no contact or

11   response by them, so we would ask that those 30 cases be

12   dismissed with prejudice and that would be --

13         **THE COURT:**  Without prejudice?

14         **MS. WIMBERLY:**  Without prejudice, and I will submit

15   that order to Nathan.

16         **THE COURT:**  Right.

17         **MS. WIMBERLY:**  The one remaining case on the motion

18   was a client represented by Drew Ranier's firm and that is

19   Janet Roderick.  She is a plaintiff in *Roderick v. Merck*,

20   05-6573.  Between the date that the motion was filed and today,

21   the Court had entered an order permitting the firms to

22   withdraw, so we are withdrawing without prejudice this motion

23   as to Ms. Roderick and we intend to include her on a future

24   motion.

25         **THE COURT:**  Okay.

1      **MS. WIMBERLY:**  Now to the motion that I misspoke as

2 to, and that is Merck's fourth cross motion.  That, Your Honor,

3 is docket number 17208.  It is that motion that we have agreed

4 to this consent order, and that relates to all of

5 Mr. Garrison's clients.  Those are all of the plaintiffs that

6 appeared on Exhibit A to the motion in the *Allen* and *Campbell*

7 cases.  That takes care of the great bulk of the plaintiffs

8 involved in that order.

9          There are a few others who remain subject to the

10 order.  In particular, there are five plaintiffs represented by

11 Mr. Frank D'Amico's firm.  Mr. D'Amico was here earlier.  He

12 had filed a response.  Despite his diligent efforts, he was

13 unable to locate these people.  He has moved to withdraw.  He

14 has advertised.  He has done everything to comply with Pretrial

15 Order 36.  We would ask that the Court dismiss those five

16 plaintiffs' claims without prejudice.

17      **THE COURT:**  I will do so.

18      **MS. WIMBERLY:**  I will prepare an order, but that

19 relates to Mr. D'Amico's clients Gwendolyn Laymon, Doris

20 Miller, Carol Robertson, Dolly Skinner, Kimberly Taylor -- I'm

21 sorry, six clients -- and Lloyd Williams.  They are all

22 plaintiffs in the *Anderson* case, which is 05-4428.

23          That leaves us with just a few additional cases

24 that were subject to that order.  With respect to those, we

25 have received no response and, therefore, I would ask that the

1  Court enter an order dismissing those cases with prejudice.

2  That is the claim of:

3            Gary Guy, 07-3019, a plaintiff in the *Banks*

4  case; also a plaintiff in the *Banks* case, Lloyd Johnson; the

5  *Crenshaw v. Merck* case, 06-2085; the *Gulledge v. Merck* case,

6  05-1036, the claim of Joann Atkins; *Hicks v. Merck*, 05-1048,

7  the claim of Leonard Jackson; the case of *Johnson v. Merck*,

8  05-4031; the *Aller* case, 05-1102, the claims of Michael Fischer

9  and Jan Hammon in that case; the *Wilshusen* case, which is

10  05-1055, the claims of Gwenever Wilson; and the *Wiser* case,

11  05-1545, the claims of Leontine Silvers.  Your Honor, we will

12  submit an order to Nathan this afternoon.

13            **MR. DAVIS:**  Leonard Davis for the PSC.  As with other

14  previous motions, the PSC would oppose the dismissals and notes

15  its objections.

16            **THE COURT:**  Okay.  I will deny the objection and

17  grant the motions to dismiss with prejudice.

18            **MS. WIMBERLY:**  Your Honor, next we come to Merck's

19  original first motion to dismiss for failure to comply with

20  Pretrial Order 28.  There was one remaining case on that which

21  was overlooked.  We have prepared an order that will deal with

22  that case.  It needs to be reset for hearing at the January 22

23  conference.  It is the case of *Hugo Bua v. Merck*, 05-1552.  The

24  Court may recall that Mr. Bua was among those plaintiffs who

25  were ordered to appear at the settlement discussion conference,

1   one of the three conferences that the Court held.  Mr. Bua did,

2   in fact, appear, but he chose not to participate in the

3   settlement.  Therefore, we are reurging our *Lone Pine* motion as

4   to him.  I will submit that order and we ask that it be set for

5   hearing on January 22.

6           **THE COURT:**  Okay.

7           **MS. WIMBERLY:**  Next, Your Honor, is the leftovers

8   from Merck's second motion to dismiss for failure to comply

9   with Pretrial Order 28, and that was originally record document

10   16033.  There were a number of cases remaining following the

11   October 10 and November 22 conference dates.  Those were all

12   rescheduled for hearing today.  Included on the exhibit were 14

13   plaintiffs represented by the Beasley Allen firm.

14           Your Honor, we are withdrawing the motion as

15   moot as to those 14 plaintiffs.  They are also included on

16   Merck's fourth *Lone Pine* motion, which is set for January 22,

17   and had received copies of the motion and order that applies to

18   that, so they will be dealt with on January 22.

19           There are also a number of plaintiffs

20   represented by Cellino & Barnes.  Cellino & Barnes requested

21   that they receive the fourth *Lone Pine* order treatment, and I

22   prepared a consent order on that.  So we would be deferring

23   those until January 22, as well, and they would serve a copy of

24   the Court's order, which requires the affirmative action of

25   providing a copy of the motion and also having the plaintiff

 1   make the contact with the curator and give notice of their

 2   intent.

 3            There are 15 plaintiffs on the motion

 4   represented by the Douglas & London law firm.  As to the

 5   Douglas & London law firm's clients, they requested that we

 6   grant an extension until January 10 for six plaintiffs, and we

 7   have agreed to do so.  We would like to defer the motion as to

 8   the following six plaintiffs represented by Douglas & London,

 9   and that is:  Jean Civil, 08-307; Barbara Bowie, 05-5370;

10   Charlene Hemphill, 05-5370; Cornelia Alcantra, 07-3632; Phyllis

11   Patterson, 07-1399; and Geraldine Miller, 05-5164.

12            There are nine Douglas & London clients for whom

13   they did not request an extension of any sort.  They did not

14   file an opposition, and we would ask that the Court grant the

15   motion as to those nine plaintiffs identified on Exhibit C, and

16   this is dismissal with prejudice.  Your Honor, that would be

17   for the remaining Douglas & London clients.

18       MR. DAVIS:  Again, Your Honor, the PSC would urge the

19   same objection to those dismissals.

20       THE COURT:  I'll overrule the objection and grant it.

21       MS. WIMBERLY:  Finally, Your Honor, there was one

22   additional plaintiff remaining on this motion, Janice Ada

23   Lindsey, represented by the Levin Fishbein firm.  Again,

24   Ms. Lindsey's claim is a duplicate that also appears on the

25   fourth *Lone Pine* motion, so we are withdrawing the motion as to

1   Ms. Lindsey.  She will be dealt with on the fourth *Lone Pine*

2   motion.

3               Next up is Merck's third cross motion, and this

4   deals with 11 cases that were deferred from the October 10 and

5   November 21 status conferences and hearing.  This was docket

6   number 16154.  All 11 of these plaintiffs appear on Exhibit 1

7   and are represented by Mr. Herman's firm.  Mr. Davis and I

8   discussed this earlier.  It's our understanding that the Court

9   has already signed the motions to dismiss.  We would agree,

10  Your Honor, that these dismissals would be without prejudice.

11          **MR. DAVIS:**  Your Honor, these were rolled over from

12  the last conference.  The motions to withdraw were pending.  My

13  appreciation, after discussing it with Nathan, is that, in

14  fact, the order of withdrawal was signed and we are no longer

15  counsel of record.

16              Just so the record is clear and Your Honor is

17  aware, we have written the claimant, in addition to the order

18  for withdrawal, to advise those claimants of this hearing.

19  That was sent certified mail to each of those claimants so that

20  they knew that this matter was set for hearing today and the

21  possibility of a dismissal.

22          **THE COURT:**  I've given the litigants every

23  opportunity to respond.  It's not the first time.  The first

24  time they get notice.  The second time, the third time, the

25  fourth time they get notice.  Eventually, we have to clear up

1    the docket.  It's the fair thing to do.  If the docket stays
2    cluttered like that, it begins dragging and slowing down
3    everybody who wishes to pursue their case.
4                    For the benefit of those who wish to
5    aggressively pursue their case, we have to eliminate those who
6    have either given up, don't care about it, nothing has happened
7    to them, or for whatever reason they decided not to pursue it.
8    That's necessary for not only the Court's docket, but also for
9    the attorneys for both sides.
10                   **MS. WIMBERLY:**  Your Honor, did the Court rule on that
11   motion?
12                   **THE COURT:**  Yes, I did.
13                   **MS. WIMBERLY:**  You're going to grant dismissal
14   without prejudice?
15                   **THE COURT:**  I grant the motion without prejudice.
16                   **MS. WIMBERLY:**  That brings us to the next motion,
17   which is Merck's motion to dismiss pursuant to Rule 25(a)(1),
18   and that appears as record document 17088.
19                   Your Honor, we did receive a response from
20   counsel for plaintiff Jerry Dancer.  The motion does only apply
21   to Jerry Dancer, one of multiple plaintiffs.  The response
22   essentially mirrors the motion; that the plaintiff has been
23   deceased now for a year.  They have been unable to locate any
24   living heirs.  They really don't know anything further to do.
25   So, Your Honor, we would ask that the case be dismissed without

1    prejudice.

2          **MR. DAVIS:**  Same objection, Your Honor, on behalf of

3    the PSC.

4          **THE COURT:**  You want this one without prejudice?

5          **MS. WIMBERLY:**  Yes, Your Honor.

6          **THE COURT:**  I'll grant it without prejudice.

7          **MS. WIMBERLY:**  That brings us to our final motion

8    that is set for hearing today, which is the first motion to

9    dismiss with prejudice for failure to comply with Pretrial

10   Order 29, or what we refer to as our latecomers motion.  These

11   are plaintiffs who filed their cases after the settlement and

12   they are not eligible to participate in the settlement and who

13   have failed to comply with Pretrial Order 29 in one or more

14   manners:  Either submitting nothing whatsoever, which is the

15   case for virtually all of them, or submitting maybe an

16   authorization but no report of any sort.  Your Honor, most of

17   these have been dealt with by agreement.

18         **THE COURT:**  That's docket number 16944?

19         **MS. WIMBERLY:**  That is document number 16944,

20   correct.

21         **THE COURT:**  Okay.

22         **MS. WIMBERLY:**  There are just a few persons listed on

23   Exhibits A and B.  With respect to David Rockell, represented

24   by Cellino & Barnes, a response was filed by Cellino & Barnes

25   in which they requested that this, in effect, be treated in the

1    same manner as those on the fourth *Lone Pine* and that it be

2    deferred to January 22.  We prepared a consent order reflecting

3    that and would ask the Court to agree to that request.

4             THE COURT:  That's fine.  I will agree to that.

5             MS. WIMBERLY:  As to Cellino & Barnes' remaining

6    client, they have no opposition to the dismissal with

7    prejudice, and that is Anna Barnes, 08-137.

8             THE COURT:  All right.  I'll dismiss that with

9    prejudice.

10            MS. WIMBERLY:  There are an additional four

11   plaintiffs represented by the Alford Law Group.  All four of

12   those plaintiffs requested and were granted by Merck an

13   additional 60 days in which to comply with Pretrial Order 29.

14   So we would like to defer the motion as to the four plaintiffs

15   represented by Mr. Alford's law firm, and that is:  William

16   Anton; Marilyn Baldwin; Edward Evans; and Robert Haywood.

17            Similarly, we have agreed to a 60-day extension

18   for the client represented by the Ballay, Braud & Colon firm,

19   and that is the claim of Sylvia Bowers.  Additionally,

20   Ms. Barrios spoke to me about the case this morning.  This is

21   Mr. Ballay's sole case in the MDL, and she is going to review

22   the file that he sends to her to determine whether they intend

23   to pursue and make a recommendation to him.  Again, we have

24   agreed to defer for 60 days.

25            THE COURT:  Okay.

1    **MS. WIMBERLY:**  Similarly, at the request of Paul
2  Weykamp Law, we have agreed to defer for 60 days as to Jimmy
3  Lockhart, and that is 08-876.
4           We received no response from William J. Murray
5  Law on behalf of Lewis Stuckey, plaintiff in 08-1119, and we
6  would ask the Court to dismiss the case with prejudice pursuant
7  to the motion.
8    **THE COURT:**  Okay.  Over the objection of the PSC, I
9  will grant it.
10    **MS. WIMBERLY:**  We have another plaintiff counsel who
11  did not respond, and that is Bernstein & Maryanoff on behalf of
12  Loretta Cohen, 08-1017.  Again, Your Honor, we would ask that
13  the case be dismissed with prejudice.
14    **THE COURT:**  Okay.  Over the objection of the PSC, I
15  will dismiss it.
16    **MS. WIMBERLY:**  We received a request for a 60-day
17  extension from Phyllis Mosby on behalf of Adeline Thomas Mosby,
18  plaintiff in 08-170.  We agreed to that extension, Your Honor,
19  so we would like to defer for 60 days.
20           The final case on this motion is a *pro se*
21  plaintiff case.  Mr. Anderson actually submitted two responses
22  in response to this motion.  His responses indicate that he, in
23  fact, has submitted medical records to the Court, which the
24  Court then forwarded under seal to Brown Greer.
25           We would like to defer the motion as to

1    Mr. Anderson until January 22 to give Merck and the claims

2    administrator an opportunity to review his records to

3    determine -- he is not eligible for the settlement, he is a

4    late-comer, but to determine whether what he has submitted,

5    especially as a *pro se* plaintiff, might be deemed to be an

6    expert report and in compliance with Pretrial Order 29.

7              **THE COURT:**  Okay.

8              **MS. WIMBERLY:**  Your Honor, we will be submitting

9    orders on all of these to Nathan this afternoon.

10             **THE COURT:**  All right.  Anything else?

11             **MR. HERMAN:**  Yes, Your Honor.

12             **MR. DAVIS:**  I just want to tell the Court and your

13   staff "Happy Holidays."

14             **THE COURT:**  The same to you.

15             **MR. HERMAN:**  Your Honor, first of all, I want to

16   thank Ms. Wimberly.  I had a call from a Florida lawyer, who

17   had a number of problems getting what he needed in.  Dorothy

18   conferred with Doug Marvin, and they have agreed to a 60-day

19   extension, and I want to thank them for that.  At the same

20   time, that attorney requested that we be associated in his

21   cases, and we declined on the same basis and referred him to a

22   number of Florida lawyers.

23             Lastly, Mr. Marvin and I have been discussing

24   approximately 60 claims submitted from four law firms, and I

25   expect that no later than next Tuesday we will mutually resolve

1  the issue.  We have communicated with those firms and they have

2  not complied with our requests for materials, including copies

3  of their contingent fee contracts.  So I expect that there will

4  be something else filed in this regard.  Thank you, Your Honor.

5               I echo Leonard's salutations, greetings, and

6  best wishes.

7               **THE COURT:**  Same to all of you.

8               **THE DEPUTY CLERK:**  Everyone rise.

9               (WHEREUPON the Court was in recess.)

10                             * * *

11                          **CERTIFICATE**

12               I, Toni Doyle Tusa, CCR, FCRR, Official Court

13  Reporter for the United States District Court, Eastern District

14  of Louisiana, do hereby certify that the foregoing is a true

15  and correct transcript, to the best of my ability and

16  understanding, from the record of the proceedings in the

17  above-entitled and numbered matter.

18

19

20                              s/ Toni Doyle Tusa
                                Toni Doyle Tusa, CCR, FCRR
21                              Official Court Reporter

22

23

24

25