UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION     )     MDL NO. 1657
                                       )
                                       )     SECTION: L
                                       )
                                       )     JUDGE FALLON
                                       )     MAG. JUDGE KNOWLES
                                       )
                                       )
*THIS DOCUMENT RELATES TO:*             )
Doris Marisco, *Allen v. Merck & Co., Inc.*, )
2:06-cv-02220-EEF-DEK;                 )
MaryLou Otto, *Allen et al. v. Merck & Co Inc.*, )
2:06-cv-02220-EEF-DEK and              )
Angelo Smiley, *Allen et al. v. Merck & Co Inc.*, )
2:06-cv-02212-EEF-DEK                  )
                                       )

**PLAINTIFF'S OPPOSITION TO DEFENDANT MERCK & CO., INC.'S *FIFTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28 AND ASSOCIATED SUGGESTION OF DEATH**

On January 22, 2009, defendant Merck & Co., Inc. ("Merck") filed its above-entitled motion requesting that an order to show cause issue as to why certain plaintiffs' individual claims should not be dismissed with prejudice. The plaintiffs targeted by Merck's latest motion include decedent Ms. Doris Marsico who the undersigned represented before her death. By means of this opposition, after informally noticing Merck of her passing in e-mail exchanges during November and December 2008, Counsel formally suggests Ms. Marsico's death on the record. Fed. R. Civ. P. 25(a)(1).

With this formal suggestion of death, Rule 25(a)(1) grants any party or decedent's survivors the opportunity to move this Court for substitution within 90 days. The failure to substitute a party will result in a Rule 25(a)(1) dismissal. While counsel does not

1

represent decedent's estate and cannot stipulate to dismissal, counsel respectfully asserts his belief that no entity will seek Rule 25(a)(1) substitution following this notice.

Counsel further formally suggests on the record the deaths of two other clients previously identified to Merck in the November and December 2008 e-mail exchange. These decedents are Ms. MaryLou Otto, *Allen et al. v. Merck & Co Inc et al.*, 2:06-cv-02220-EEF-DEK and Mr. Angelo Smiley, *Allen et al. v. Merck & Co Inc et al.*, 2:06-cv-02212-EEF-DEK. As with decedent Ms. Marsico, counsel does not represent decedent's estate, and accordingly cannot stipulate to dismissal, but respectfully asserts his belief that no entity will seek Rule 25(a)(1) substitution.

Based upon the foregoing, counsel respectfully requests that this Court deny the motion insofar as it relates to decedent Ms. Marsico, permit any party or survivor 90 days to move for substitution and, should substitution not be requested or granted, dismiss decedent's claim without prejudice by operation of Rule 25(a)(1).

DATED:     January 27, 2009

Respectfully submitted,

**CELLINO & BARNES, P.C.**

By: _____
Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020

2