UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | : <br> : <br> : <br> : MDL 1657 <br> : SECTION L <br> : HONORABLE ELDON FALLON <br> : MAGISTRATE KNOWLES |
| This document relates to: | |
| ALL PERSONAL INJURY AND MEDICAL MONITORING CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 and the cases on the attached APPENDIX A | : <br> : <br> : <br> : <br> : <br> : |

**STIPULATED MOTION TO DISMISS THIRD AMENDED MASTER CLASS ACTION COMPLAINT (PERSONAL INJURY AND WRONGFUL DEATH) AND SECOND AMENDED MASTER CLASS ACTION COMPLAINT (MEDICAL MONITORING) AND MOTION FOR ORDER TO SHOW CAUSE WHY ALL OTHER PERSONAL INJURY AND MEDICAL MONITORING CLASS ACTION COMPLAINTS SHOULD NOT BE DISMISSED**

The Plaintiffs' Steering Committee ("PSC") and defendant Merck & Co., Inc. ("Merck") jointly move to dismiss the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) (the "PI Class Complaint") and the Second Amended Master Class Action Complaint (Medical Monitoring) (the "Medical Monitoring Class Complaint") without prejudice.[1]  The PSC and Merck also jointly move for an order to show cause why each of the underlying class action complaints in the MDL proceeding asserting claims for personal injury, wrongful death, and/or medical monitoring should not also be dismissed.

---

[1] The Federal Rules of Civil Procedure allow for voluntary dismissal of uncertified class action cases without Court approval or notice to putative class members.  *See* Fed. R. Civ. P. 23(e) (limiting dismissal only with respect to certified classes).

963667v.1

The Court entered Pretrial Order No. 16 to govern class actions in the MDL.  Under that Order, the PSC was to file "a Master Complaint with respect to each type of Class Action Case." (*See* Pretrial Order No. 16 § IV.A, June 2, 2005.)  According to the Order, the "Master Class Action Complaints apply to all pending Class Action Cases and to those subsequently filed, removed, or transferred to this Court as part of this proceeding."  (*Id.*)

Plaintiffs filed a PI Class Complaint in which they sought to represent a nationwide class of plaintiffs alleging claims under New Jersey law.  The caption of the PI Complaint specifically incorporated "all personal injury and wrongful death class action complaints pending or subject to transfer to" this MDL.  (*See* PI Class Compl.)  Plaintiffs' proposed nationwide PI class included:

> All persons residing in the United States who took Vioxx in any dose at any time between May 20, 1999 when Vioxx was first approved by the United States Food & Drug Administration ("FDA"), and September 30, 2004, when Vioxx was first withdrawn from the market, and who claimed personal injuries or assert wrongful death claims arising from ingestion of Vioxx.

(*See id* ¶ 5.)  In the alternative, plaintiffs proposed single-state personal injury and wrongful death classes.  (*See id.* ¶ 6.)  Plaintiffs moved to certify a nationwide class on December 7, 2005. Their class certification motion did not seek certification of the proposed, alternative single-state classes.  The Court denied the motion for certification of the proposed nationwide class on November 22, 2006, holding that under applicable choice-of-law rules, "the substantive law of each plaintiff's home jurisdiction must be applied to his or her respective claims," creating "problems for the typicality, adequacy, predominance, and superiority requirements of Rule 23" in a nationwide class."  *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 458-59 (E.D. La. 2006). In addition, the Court held that even if a single state's law could be applied to all proposed class

members, class certification would be inappropriate because "individualized factual issues concerning specific causation and damages dominate this litigation and create independent hurdles to certification." *Id.* at 459. After this decision was issued, the parties concentrated their efforts on the bellwether trials of individual personal injury cases held in this and other courts.

Pursuant to Pretrial Order No. 16, plaintiffs also filed the Medical Monitoring Class Complaint incorporating "all medical monitoring class action complaints pending or subject to transfer to" the MDL proceeding. (Medical Monitoring Class Compl.) Plaintiffs' proposed nationwide medical monitoring class consists of:

> All persons residing in the United States who took Vioxx in any dose at any time between May 20, 1999 when Vioxx was first approved by the United States Food & Drug Administration ("FDA"), and September 30, 2004, when Vioxx was first withdrawn from the market, and who have not been diagnosed with any injury causally associated with Vioxx.

(*See id.* ¶ 5.) In the alternative, plaintiffs sought to represent single-state medical monitoring classes. (*See id.* ¶ 6.) Merck filed a Rule 12 motion to dismiss and a motion to strike the class allegations in the Medical Monitoring Class Complaint. The Court has not ruled on those motions. Plaintiffs have never moved for certification of a medical monitoring class.

In light of the substantial progress made toward resolving personal injury claims in this MDL proceeding, the PSC has concluded that further efforts to pursue personal injury and medical monitoring class claims are no longer necessary. As a result, the parties request that the Court dismiss the PI Class Complaint and the Medical Monitoring Class Complaint without prejudice to any individual plaintiffs intent upon further pursuing such claims. In addition, the parties ask that the Court issue an order to show cause why the class action complaints asserting

3

claims for personal injury, wrongful death, and/or medical monitoring that underlie the Master Complaints should not be dismissed. Those underlying complaints are identified in Appendix A.

The parties believe that the PI and Medical Monitoring Master Complaints are no longer necessary. However, the PSC is concerned that it does not technically control all of the actions that underlie the Master Complaints. Thus, in an abundance of caution, the movants ask that the Court both dismiss the Master Complaints *and* issue an order to show cause why the underlying personal injury, wrongful death, and medical monitoring class action complaints should not be dismissed.[2]

## CONCLUSION

For the reasons set forth above, the Court should enter an order dismissing the PI Class Complaint and the Medical Monitoring Class Complaint without prejudice and issue an Order to show cause why the remaining class action complaints (set forth in Appendix A) asserting claims for personal injury, wrongful death, and/or medical monitoring should not also be dismissed.

Date:   January 30, 3009                    Respectfully submitted,

*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
**HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

---

[2] The named plaintiffs in some of these cases may be participating in the Resolution Program currently in progress. The PSC and Merck agree that the class action complaint dismissals contemplated by this motion will not affect the rights of any person presently enrolled in the Resolution Program under the terms of the Master Settlement Agreement, dated November 9, 2007, to continue his or her participation in that Program and to receive payments through the Program.

                                                                                                                 /s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
546 Carondelet Street
New Orleans, LA 70130

**DEFENDANT'S LIAISON COUNSEL**

John H. Beisner
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
**WILLIAMS & CONNOLLY LLP**
725 Twelfth St., N.W.
Washington, DC 20005

**ATTORNEYS FOR MERCK & CO., INC.**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Plaintiffs' Co-Lead Counsel**

Richard J. Arsenault, Esquire
**NEBLETT, BEARD & ARSENAULT**
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA  71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

963667v.1

Christopher A. Seeger, Esquire
**SEEGER WEISS**
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Plaintiffs' Co-Lead Counsel**

Gerald E. Meunier, Esquire
**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
**LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA**
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
**LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP**
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
**KLINE & SPECTER, P.C.**
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

6

Christopher V. Tisi, Esquire
**ASHCRAFT & GEREL**
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Michael M. Weinkowitz, Esquire **(on brief)**
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Shelly A. Sanford, Esquire
**SANFORD PINEDO LLP**
2016 Bissonnet Street
Houston, Texas 77005
(713) 524-6677 (telephone)
(713) 524-6611 (telecopier)

Drew Ranier, Esquire
**RANIER, GAYLE & ELLIOT, L.L.C.**
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
**ROBINSON, CALCAGNIE & ROBINSON**
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

7

## CERTIFICATE OF SERVICE

        I hereby certify that the above and foregoing Stipulated Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of January, 2009.

        */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

963667v.1