UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® | § MDL Docket No. 1657 |
| | § |
| PRODUCTS LIABILITY LITIGATION | § SECTION L |
| | § |
| | § JUDGE FALLON |
| This Document Relates To: | § |
| | § MAGISTRATE JUDGE |
| ALL CASES | § KNOWLES |

STATE OF LOUISIANA

PARISH OF ORLEANS

### AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Harry S. Hardin, III, and after having first been duly sworn upon oath, states as follows:

1. My name is Harry S. Hardin, III. I am over the age of eighteen years, of sound mind, and capable of making this affidavit. I am one of the attorneys representing the Vioxx Litigation Consortium ("VLC") in this litigation and as such have personal knowledge of the matters contained in this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. This affidavit is filed pursuant to the instructions of this Court in its Order of December 19, 2008 which is attached hereto as Exhibit A. In that Order, this Court appointed the Tulane Civil Litigation Clinic to represent the fee interests of claimants subject to the Court's 32% Capping Order and ordered the VLC attorneys to forward a copy of the December 19, 2008 Order to the clients they enrolled in the settlement.

3. On December 31, 2008, the Fifth Circuit Court of Appeals issued a stay of the Court's December 19, 2008 Order pending further review of the VLC's Petition for Writ of Mandamus.

4. On January 23, 2009, the Fifth Circuit Court of Appeals denied the VLC's Petition for Mandamus. The VLC then began preparations to send the Court's December 19, 2008 Order to its enrolled claimants.

5. On January 30, 2009, the VLC fully complied with the Court's December 19, 2008, order as to all clients in which it retained any financial interest. As to the other 113 claimants the VLC enrolled but does not retain any financial interest in (and has not for months), copies of the Court's order were mailed by 11:00 a.m. this morning.

6. At approximately 4:45 p.m. on January 30, 2009, through the district court's CM/ECF system, counsel received e-mail notice that the Court had issued a new order stating a new deadline for the VLC to send the new order to its enrolled claimants. At the time the VLC was notified about the new order, it had already sent the Court's December 19, 2008 Order to enrolled claimants in which it retained an interest.

Thus done and signed at New Orleans, Louisiana this 31st day of January, 2009.

*/s/ Harry S. Hardin*
Harry S. Hardin, III

Subscribed and sworn to before me
this 31st day of January, 2009.

*/s/ Edward D. Wegmann*
Notary Public
My Commission Expires at Death

EDWARD D. WEGMANN
LA. BAR NO. 13315
NOTARY PUBLIC - PARISH OF ORLEANS
STATE OF LOUISIANA
MY COMMISSION IS ISSUED FOR LIFE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on January 31, 2009.

Respectfully submitted,

/s/ Eric Michael Liddick
ERIC MICHAEL LIDDICK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:     ALL CASES

### ORDER

On August 27, 2008, the Court issued an Order & Reasons capping all contingent fees for attorneys representing claimants in the Vioxx Settlement at 32% plus reasonable costs. Pursuant to the Court's Order, no attorney representing a Vioxx claimant may collect more than 32% of the claimant's settlement award for attorneys' fees. In other words, all Vioxx claimants should receive at least 68% of their net settlement award, minus reasonable costs.

On December 10, 2008, certain plaintiffs' attorneys ("The Vioxx Litigation Consortium," or "VLC") filed a motion to reconsider the Court's ruling. The VLC is a group of plaintiffs' attorneys from the law firms of Provost & Umphrey Law Firm, LLP; Williams, Kherkher, Hart, Boundas, LLP; Ranier, Gayle & Elliot, LLC; The Watts Law Firm, LLP; and The Kaiser Law Firm, LLP. The VLC seeks to collect contingent fees in excess of the 32% cap set by the Court. Because any additional attorneys' fees will come directly from the claimants' settlement awards and will result in less recovery for the Vioxx claimants, the VLC attorneys' interests on this

1

Exhibit A

particular issue are potentially in conflict with the interests of their clients. It is thus appropriate for the Vioxx claimants to have their fee interests represented by independent counsel.

Accordingly, IT IS ORDERED that the Tulane Civil Litigation Clinic is hereby appointed by the Court to represent the interests of claimants subject to the Court's 32% Capping Order. Vioxx claimants who have questions about this matter or wish to comment on the motion may contact the Tulane Civil Litigation Clinic at (504) 865-5153, or by writing to the following address:

> Tulane Civil Litigation Clinic
> 6329 Freret Street
> New Orleans, LA 70118

In the near future, the Court will schedule a status conference with representatives of the VLC and the Tulane Civil Litigation Clinic. At the status conference, the Court will set a briefing and argument schedule for addressing the VLC's Motion to Reconsider.

IT IS FURTHER ORDERED that the VLC attorneys shall forward a copy of this Order to their clients who have enrolled in the settlement. On or before January 5, 2009, counsel for the VLC attorneys shall file into the record an affidavit stating that the VLC has fully complied with this Order.

New Orleans, Louisiana, this 19th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE

Exhibit A