UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT C. FOSSEEN,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | MDL Docket No. 1657<br>DOCKET NO. E.D.La. #08-3863<br>D.Minn. #08-1294<br><br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUGGESTION OF REMAND ORDER** |

    Every notion of fairness requires that Robert Fosseen's Vioxx case be quickly remanded to the District of Minnesota for trial. Robert Fosseen was a 54 year old sheet metal worker who, in May of 2002, suffered a major myocardial infarction and subsequent anoxic brain injury as a result of his use of Vioxx. A dedicated long-distance runner, Mr. Fosseen was running at the time of his heart attack. Mr. Fosseen suffered major brain damage due to the lack of blood flow to his brain, and is now permanently cognitively impaired. Not only unable to work, Mr. Fosseen can't even say what year it is or correctly identify his surroundings. He cannot be left unsupervised.

    Not long before his heart attack, Mr. Fosseen underwent a complete cardiac work-up that showed no chronic, underlying cardiac problems. Mr. Fosseen's expert, Dr. David Pearle, head of the Georgetown University Department of Cardiology, has provided a written Lone Pine report concluding that Mr. Fosseen's Vioxx use was the

80543537.1

substantial contributing factor causing Mr. Fosseen's debilitating heart attack. *See* Exhibit A to Affidavit of Gary L. Wilson.

Mr. Fosseen sought to participate in the nationwide Vioxx settlement program engineered by this Court. Plaintiff submitted all required documents, but was notified that his case is "ineligible" for participation. Although there is no doubt that Mr. Fosseen satisfies the Gates Criteria, his claim was rejected because it, still being verified by plaintiff's counsel, was not on file on the day the settlement was announced. Plaintiff's Complaint was filed on May 12, 2008, clearly within the statute of limitations of Minnesota, Mr. Fosseen's home state. The case was subsequently transferred into this MDL by the Judicial Panel on Multidistrict Litigation.

Common discovery and other coordinated pretrial proceedings have been completed in this case. *See* Affidavit of Gary L. Wilson. Because the case was filed after the Master Settlement Agreement was announced, it is subject to MDL Pretrial Order No. 29. Mr. Fosseen has satisfied all requirements of Pretrial Order No. 29, having provided to Merck all required information, including the Lone Pine expert report. Since Mr. Fosseen's case has been rejected from the settlement, he has no further recourse in the MDL. This case will not benefit from further coordinated proceedings as part of MDL 1657, and is ready to be remanded to the respective transferor jurisdiction. All remaining issues are case-specific, and best determined by the transferor court – the United States District Court for the District of Minnesota.

28 U.S.C. § 1407 provides, in relevant part, as follows:

80543537.1

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. . . .Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated....

28 U.S.C. § 1407(a). Thus, according to the JPMDL Rules, remand is mandatory at the conclusion of pretrial proceedings. The propriety of remand is generally based on whether the case will benefit from additional MDL proceedings. *See In re Bridgestone/Firestone, Inc.*, 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001) (citation omitted).

Mr. Fosseen's case will not benefit from additional MDL proceedings, and thus should be remanded. Pretrial proceedings in the Vioxx MDL have concluded. The PSC has made the official "Trial Package" available to all counsel who comply with specific requirements. No core discovery is on-going in the MDL at this time. Major depositions have been taken. General liability documents have been reviewed. A nationwide settlement agreement has been reached impacting the vast majority of Vioxx cases pending across the country. There are no indications that Merck & Co., Inc. is willing, within the confines of the MDL, to discuss settlement with those cases excluded from the Master Settlement Agreement. Thus, with respect to Mr. Fosseen, all generic pretrial proceedings are completed and all remaining issues can be dealt with by the transferor court.

Without remand, Mr. Fosseen's case will languish in the Eastern District of Louisiana, which is understandably dedicated to administering the settlement from which

80543537.1

Mr. Fosseen has been excluded. Given that Mr. Fosseen has been excluded from the settlement, the MDL offers no prospect that his case will be resolved by the MDL court. Plaintiff's counsel has received the MDL "Trial Package" and is ready to try this very deserving case. In the meantime, Mr. Fosseen sits incapacitated, requiring around the clock care, all due to his Vioxx use. Therefore, Plaintiff respectfully requests that his Motion for a Suggestion of Remand Order, as contemplated by JPMDL Rule 7.6, be granted.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Dated: 2-2-09

By: *[signature]*
Tara D. Sutton (MN 23199X)
Gary L. Wilson (MN 179012)
Genevieve M. Zimmerman (MN 330292)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFF
ROBERT C. FOSSEEN**

80543537.1