UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT C. FOSSEEN,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | MDL Docket No. 1657<br>DOCKET NO. E.D.La. #08-3863<br>D.Minn. #08-1294<br><br>AFFIDAVIT OF GARY L. WILSON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUGGESTION OF REMAND ORDER |

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF HENNEPIN )

I, Gary L. Wilson, do hereby declare and state as follows:

1. I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., and I am one of the attorneys representing Plaintiff Robert C. Fosseen in the above-entitled matter.

2. Plaintiff's Complaint was filed in the United States District Court for the District of Minnesota on May 12, 2008. It is timely filed under Minn. Stat. § 541.05.

3. As a case that was both filed and transferred into MDL 1657 after November 9, 2007, Plaintiff's case is subject to the Rules and Procedures detailed in MDL Pretrial Order No. 29.

4. Plaintiff has fully complied with all requirements of Pretrial Order No. 29 ("PTO 29"). A summary of Plaintiff's compliance is as follows:

80542610.1

(A) Plaintiff complied with all requirements detailed at PTO 29 Section I. "Preservation Notice Requirement." Preservation notices, together with Pre-Trial Order No. 1, were sent to all pharmacies, physicians, medical facilities and/or other healthcare providers as detailed in Section I. Copies of those Notices, together with a statement listing the names and addresses of all individuals and/or entities to which the Notices were sent has been served on liaison counsel according to PTO No. 8;

(B) Plaintiff complied with the Discovery Requirements outlined in Section II. "Discovery Requirements". Specifically, plaintiff has produced copies of pharmacy records and medical records; an amended and supplemental Plaintiff Profile Form along with the records requested therein; Answers to Interrogatories; the requisite Affidavit from Plaintiff as detailed in Section II (A)(6) of PTO 29; and a Rule 26(a)(2) case-specific expert report from a medical expert as outlined in Section II(A)(7). Mr. Fosseen's expert, Dr. David Pearle, head of the Georgetown University Department of Cardiology, has provided a written report concluding that Vioxx was the substantial contributing cause of Mr. Fosseen's heart attack. A copy of Dr. Pearle's report is attached to this Affidavit at Exhibit A.

5. Plaintiff's case has not been dismissed for failure to comply with the requirements of PTO 29.

80542610.1

6.  In May of 2002, while he was out for his regular jog, Plaintiff suffered a severe myocardial infarction and subsequent anoxic brain injury as a result of his use of Vioxx. Plaintiff is no longer able to work, and requires constant adult supervision.

7.  Plaintiff submitted all necessary paperwork in order to be considered for participation in the nationwide settlement program. Despite plaintiff's efforts, Brown Greer has notified plaintiff that his case is "ineligible" for participation in the nationwide settlement program.

8.  All remaining issues in this case are case-specific, and best determined by the transferor court.

Further, affiant sayeth not.

_____
Gary L. Wilson

Subscribed and sworn to before me this ___ day of February, 2009.

_____
Notary Public – Minnesota
My Commission Expires _____

DEONNE D. LINGLE
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 1-31-10

80542610.1