

**FRILOT** | **LLC**

ATTORNEYS AT LAW

Frilot L.L.C.
1100 Poydras Street, Suite 3600
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Miles P. Clements
Writer's Direct Dial: (504)599-8004
Facsimile: (504)599-8104
EMAIL: mclements@frilot.com

June 30, 2008



**VIA HAND DELIVERY**
Honorable Eldon E. Fallon
Judge, Section "L"
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:   **DecisionQuest, Inc. Payment**
      In re: Vioxx Products Liability Litigation
      MDL 1657, U.S.D.C. Ed. La.
      Our file: 1908-081066

Dear Judge Fallon:

We have been retained by DecisionQuest, Inc. to oversee payment of amounts owed by the PSC for jury consulting services in connection with the referenced litigation. This correspondence is provided out of an abundance of caution, as the deadline for submission of common benefit fund fee requests is June 30, 2008.[1]

On March 20, 2006, Grant Kaiser of The Kaiser Firm signed an Authorization enlisting DecisionQuest to perform empirical studies of juror reactions to the Vioxx litigation, using the findings as a guide in identifying optimum trial strategies in accordance with the Proposal previously sent to the Vioxx Litigation Consortium and members of the Vioxx MDL PSC, including Mark P. Robinson, Jr., Andy D. Birchfield, Jr. and Russ M. Herman.[2] See Exhibit "B" (Authorization and Proposal signed by Grant Kaiser dated March 20, 2006). In connection with the studies, a $200,000 advance was provided by the PSC. See Exhibit "C" (Three drafts made payable to DecisionQuest by the PSC).

---

[1] We have recently spoken with Mr. Leonard Davis. Mr. Davis has stated the June 30, 2008 deadline does not apply to DecisionQuest, rather it applies solely to attorneys seeking payment from the common benefit fund. However, if Your Honor intends Pre-Trial Order 6C to apply to DecisionQuest, then the submission of this letter today would seem appropriate.

[2] On March 9, 2006, at its meeting in Philadelphia, PA, the Vioxx MDL PSC voted to retain DecisonQuest, a jury/trial consulting firm. See Exhibit "A" (Correspondence dated May 30, 2008 from Grant Kaiser of The Kaiser Firm to Philip K. Anthony, CEO of DecisionQuest confirming earlier retention of DecisionQuest).



EXHIBIT F

June 30, 2008
Page 2

Immediately after its retention in March 2006, DecisionQuest assigned over 25 professionals to the MDL, later growing to 30 individuals, and worked diligently to complete its assignments and directives. DecisionQuest completed 21 specific research assignments, designed and produced over 3000 graphic images for use as demonstrative exhibits, and provided courtroom technology services at the various trials.

At the conclusion of the *Barnett* trial, members of the Vioxx Litigation Consortium associated with the MDL effort and the *Smith* trial in particular, indicated (unexpectedly) that there were not currently funds available to pay DecisionQuest for its efforts, but that payment would be worked out to its satisfaction.[3] Specifically, DecisionQuest was told that it was imperative that it continue its efforts in preparation of the *Smith* case scheduled for trial in the summer of 2006.

Invoices for DecisionQuest's services were sent monthly to Mr. Kaiser. Attached as Exhibit "D" is the comprehensive invoice which was sent monthly in accordance with the PSC's instructions, as well as supporting documentation in the form of receipts totaling $2,458,461.24.[4]

On November 2, 2007, Dr. Anthony, on behalf of DecisionQuest, sent correspondence to Russ M. Herman (PSC Executive Committee/Allocation Committee), Leonard A. Davis and Drew Ranier (PSC member) with its itemized invoices requesting payment for the contracted services. See Exhibit "E" (Correspondence dated November 2, 2007 from DecisionQuest to various PSC members). Dr. Anthony's correspondence further confirmed the earlier discussion between the PSC and DecisionQuest concerning the value of the information to future Vioxx MDL cases. On November 5, 2007, DecisionQuest received correspondence from Mr. Herman who disputed that DecisionQuest was hired by the PSC, but who nevertheless stated that its invoices would be presented for payment. See Exhibit "F" (Correspondence dated November 5, 2007 from Mr. Herman to DecisionQuest).

On May 30, 2008, Mr. Kaiser sent correspondence to DecisionQuest stating that the PSC will see that it is "paid from the Settlement Fee and Cost Account created by § 9.2.3 of the Settlement Agreement to pay common expenses and fees." See Exhibit "A." Moreover, on June 29, 2008, Mr. Kaiser sent correspondence to counsel for DecisionQuest confirming that the invoices on the *Smith* and *Barnett* trials would be re-submitted to the PSC for payment. See Exhibit "G" (Correspondence dated June 29, 2008 from Grant Kaiser to counsel for DecisionQuest).

Your Honor is intimately familiar with the common benefit doctrine and the fact that those who benefit from the fund must contribute proportionately to the costs of the litigation." *Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676 (E.D. La. 2006),

---

[3] During preparation for the *Smith* trial, DecisionQuest incurred over $669,965.80 in charges, including $135,118.30 in hard, out of pocket costs on behalf of the MDL effort. To date, DecisionQuest has been paid a fraction of its total billed fees and costs.

[4] The total amount owed to DecisionQuest was $3,219,156.78 minus the $200,000 advance fees paid to DecisionQuest from the PSC, payments from The Kaiser Firm, LLP ($146,097.74), Beasley, Allen, Brow, Methvin, Portis & Miles, PC ($300,000.00) and Robinson, Calcagnie & Robinson ($114,597.80) in connection with other Vioxx trials.

140614

June 30, 2008
Page 3

quoting *Boeing,* 444 U.S. at 479, 100 S.Ct. 745; *Pettus,* 113 U.S. at 123, 5 S.Ct. 387; *Greenough,* 105 U.S. at 532-33, 105 U.S. 527. "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Turner,* 422 F.Supp.2d at 680, quoting *Boeing,* 444 U.S. at 478, 100 S.Ct. 745. See *also* Manual for Complex Litigation (Fourth) § 14.121 (2004).

Here, the work performed by DecsionQuest on Vioxx matters was a benefit to the Vioxx MDL PSC, as DecisionQuest's projects aided the PSC not only in the cases which went to trial, including *Smith,* but future Vioxx trials. Moreover, DecisionQuest's projects aided the PSC in determining whether settlement of the MDL was appropriate, as opposed to proceeding to trial. Clearly, the PSC benefited from DecisionQuest's research and conclusions. Accordingly, we hope that all will agree that DecisionQuest should be paid from the common benefit fund.

In submitting this letter, we are guided by Your Honor's procedure in other multi-party cases in which our firm has participated, and also by Your Honor's law clerk's suggestion on Thursday. We are herewith copying the PSC, through Mr. Herman, and also Mr. Grant Kaiser with this letter and attachments.

With kindest regards, I am,

Respectfully,

Miles P. Clements

cc: Plaintiff's Steering Committee, c/o Russ Herman (VIA HAND DELIVERY)
    Mr. Grant Kaiser (VIA E-MAIL)

140614