# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

## JOINT REPORT NO. 44 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 44.

## I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-

mail address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (see Doc. No. 15702 and Doc. No. 15857).  The motion set for hearing on September 23, 2008, filed by Herman, Herman, Katz & Cotlar, LLP, was the subject of an Order entered September 24, 2008 that ordered medical providers to produce records or show cause why they should not be held in contempt and be fined $1,000.00 per day for every day after October 17, 2008, until such records are produced.  Similar motions by other plaintiffs' counsel have also been filed and another motion was filed by Herman, Herman, Katz & Cotlar, LLP on December 5, 2008.  Medical records continue to be received from providers. The parties will be prepared to discuss the Order of September 24, 2008 and other motions pending before the Court relating to the production of medical record providers who have not produced requested medical records.

At the January 22, 2009 status conference, the Court addressed with the parties an issue involving claimants who have asked for a way to verify the number of points that they have been awarded by BrownGreer, or, alternatively, a means to check the amount of awards or settlement payments to which they may be entitled.  BrownGreer has advised that it has added to the Notice of Points Award the BrownGreer, PLC official logo that identifies BrownGreer as the Vioxx Claims Administrator and has added a statement to the Notice so that counsel and claimants are advised that the Notice of Points Award is an official notification from

BrownGreer, PLC, the Vioxx Claims Administrator.  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq.  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

II.     REGISTRATION AND ENROLLMENT OF CLAIMS IN THESETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration and enrollment.  BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and enrollment process at the monthly status conference on February 10, 2009.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.  The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

III.     LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will

- 3 -

report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans (see *infra* Section XV).

## IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have now begun reviewing appeals submitted under the terms of the Settlement Program.

## V. STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2009.

## VI.    CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed.  By Order dated February 2, 2009, the Court granted the motion and

dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring). The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m., why those cases should not be dismissed. The Order also sets briefing deadlines. This Order renders moot Defendants' Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and Defendants' Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint -- both of which had been briefed and submitted to the Court. It does not affect Defendants' Rule 12 Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court. The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

## VII.   DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records In The Possession of Express Scripts, Inc. On May 14, 2008 a telephone status conference was held between the Court, ESI and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program. On June 24, 2008, another telephone status conference took place with the Court. Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition. On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription

drug documents or data. The matter has been continued. ESI continues to produce additional medical records. Brown Greer continues to post records as they are received.

On January 21, 2009, ESI communicated with PLC requesting additional payment for compensation to ESI for efforts it claims to have incurred in responding to requests for prescription drug claims data. On January 30, 2009, PLC responded and on February 3, 2009 ESI provided additional information to PLC. The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

VIII.   STATE/FEDERAL COORDINATION -- STATE LIAISON
COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee also has worked on coordinating the discovery efforts of the various Government Action cases currently pending before the Court. The parties will be prepared to discuss these issues further at the monthly status conference on February 10, 2009.

IX.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra.* Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigations and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New

Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on February 10, 2009.

## X. MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 3, 2006, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases in which Merck asserted that plaintiffs' claims were preempted by federal law. On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order Denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C § 1292(b). Oral argument was held on August 9, 2007, and the Court took the matter under advisement. The parties will be prepared to discuss this matter further at the monthly status conference on February 10, 2009.

## XI.   VIOXX SUIT STATISTICS

Merck will be filing its quarterly report in early February which will include an update of the suit statistics and will be able to provide that information at the next status conference.

## XII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

## XIII.   THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. Since the July 11, 2008 status conference in the *Louisiana Attorney General*

*v. Merck* matter, the parties (Merck, PLC, and many AGs) have continued the discussions regarding possible common discovery and other issues.   The parties participated in status conferences following the December 18, 2008 and January 22, 2009 monthly status conference, in which several matters were discussed pertaining to the actions brought by various third party payors and state governmental entities, including coordination of common discovery in the MDL and selection of cases for potential trial. An additional conference with third party payor claimants is scheduled following the February 10, 2009 monthly status conference.  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

Following the January 22, 2009 status conference, the parties to the Government Actions have discussed an order providing for plaintiffs in the Government Action cases to obtain access to the Plaintiffs' Steering Committee's document depository. On January 30, 2009, the Court issued Pre-Trial Order No. 13A which relates to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Government Actions.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

XIV.   MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The motion was heard on July 17, 2008 and September 11, 2008 and was taken

under advisement by the Court. The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

XV.   THIRD PARTY PAYORS' MOTIONS

Following lengthy negotiations with AvMed, a settlement agreement was reached on January 15, 2009 which resolves the AvMed claims and establishes a program for the adjudication and the resolution in a fair, speedy and cost effective manner of the medical and pharmacy reimbursements/lien obligations which are owed by privately funded or privately insured eligible claimants participating in the Vioxx Settlement Program to private insurers, self-funded private health plans or other private health benefit providers.

XVI.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc. Plaintiffs assert ERISA claims and other equitable and declaratory relief. The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the Complaint on June 26, 2008. Also, defendant Brown Greer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.[1]

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction

---

[1]   On October 13, 2008, defendant Brown Greer, PLC, filed a motion to adopt and incorporate by reference Sections A and C of the NPC defendants' motion to dismiss.

Hearing Schedule. Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint. On July 10, 2008, defendants filed their responses. The matter came for hearing July 24, 2008 and on August 7, 2008 the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction. On August 20, 2008, the Court issued an additional Order clarifying its prior Order of August 7, 2008 and denying the Emergency Stay of the Proceedings Pending Appeal. On September 4, 2008, 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund filed a Notice of Appeal.

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F Conference to discuss a discovery plan and other issues. Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund requested that the agenda for the September 23, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference. PLC responded by agreeing to place the items on the agenda even though the items did not merit the Court's attention at that time since the parties were awaiting an opinion on the Motion to Strike Class Allegations and the Motion to Dismiss, and further, that the request for a discovery conference was objected to. The matter was discussed at the prior status conferences on September 23, 2008 and October 17, 2008. By Order and Reasons entered October 21, 2008, the Court granted defendants' Motion to Sever and Defendants' Motion to Strike Class Allegations.

On November 3 2008, the 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund plaintiffs filed their opposition to defendants' motion to dismiss. Defendants filed replies on November 14, 2008. Negotiating

Plaintiffs' Counsel filed a Motion for Leave of Court to File Supplemental Authority on December 1, 2008. The matter was set for hearing on December 18, 2008 and was taken under advisement by the Court. The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

## XVII. MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE

On November 26, 2008, Merck filed its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28. That motion was set for hearing on January 9, 2009 and was taken under advisement by the Court. The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

On December 5, 2008, Merck filed its Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28. That motion was heard on January 22, 2009. By Order dated February 2, 2009, the Court dismissed with prejudice the claims of certain plaintiffs, withdrew the motion as to 2 plaintiffs, deferred the motion until February 10, 2009 as to 8 plaintiffs, deferred the motion until March 5, 2009 as to 21 plaintiffs, and dismissed without prejudice the claims of certain other plaintiffs. The parties will be prepared to dismiss this further at the monthly status conference on February 10, 2009.

On January 21, 2009, Merck filed its Fifth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28. That motion is set for hearing on March 5, 2009 at

- 11 -

9:00 a.m.  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

### XVIII. DECISION QUEST, INC.

On February 2, 2009, Decision Quest, Inc. filed a Motion for Payment of Consulting Fees and Expenses, and an Ex Parte Motion to Expedite Hearing.  On February 3, 2009, the Court granted the Motion to Expedite and directed Liaison Counsel to place Decision Quest's motion on the agenda so at the February 10, 2009 status conference, the Court could arrange a schedule for briefing and argument.  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

### XIX. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and as reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

- 12 -

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, not necessary or appropriate, and that if the Court determined that discovery was appropriate that a scheduling order would be necessary.  PLC will be prepared to discuss this at the monthly status conference on February 10, 2009.

## XX.   MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.    The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment.  On December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest.  On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings.  On January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil

- 13 -

Litigation Clinic and that the Court would set a briefing and argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30, 2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order, on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

On January 29, 2009, an additional Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment was filed with the Court. The matter has not been set for hearing as of yet and the parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

### XXI.   MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

On November 19, 2008, Merck filed its First Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 29. The motion was heard following the monthly status conference on December 19, 2008.  The motion was deferred as to certain plaintiffs; the claims of the remaining plaintiffs were dismissed. As to the deferred plaintiffs, the motion will be heard on March 5, 2009 at 9:00 a.m.

On December 8, 2008, Merck filed its Second Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 29. The motion was heard on January 22, 2009. By Order dated February 3, 2009, the Court dismissed with prejudice the claims of certain plaintiffs,

- 14 -

withdrew the motion as to 3 plaintiffs, and deferred the motion until February 10, 2009 as to 2 plaintiffs.

On January 20, 2009, Merck filed its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 29.  The matter is set for hearing on March 5, 2009 at 9:00 a.m.  The parties will be prepared to discuss this further at the monthly status conference on February 10, 2009.

## XXII.  NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Russ M. Herman* | */s/ Dorothy H. Wimberly* |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| **Herman, Herman, Katz & Cotlar, LLP** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | **Stone Pigman Walther Wittmann L.L.C.** |
| New Orleans, LA 70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA 70130-3588 |
| FAX:  (504) 561-6024 | PH:    (504) 581-3200 |
| | FAX:  (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 44 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of February, 2009.

/s/ Leonard A. Davis
Leonard A. Davis, #14190
HERMAN, HERMAN, KATZ
    & COTLAR, LLP
820 O'Keefe Ave.
New Orleans, Louisiana  70113
Phone:  504-581-4892
Fax:      504-561-6024
ldavis@hhkc.com

Plaintiffs' Liaison Counsel

- 16 -