UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   VIOXX PRODUCTS<br>             LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

**THE MILLER FIRM'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SCHEDULING ORDER AND DISCOVERY
IN RESPONSE TO PLAINTIFFS LIAISON COUNSELS MOTION
FOR REWARD OF PLAINTIFF COMMON BENEFIT COUNSEL
FEES AND REIMBURSEMENT OF EXPENSES**

Before the Court are several intertwined motions dealing with fundamental issues concerning the sanctity of a written contract between two consenting parties. Despite a previous agreement between the Plaintiff's Steering Committee (PSC) and individually retained plaintiffs' attorneys ("IRPAs") the PSC has now recently filed its Motion of Plaintiff's Liaison Counsel Motion for a Reward of Plaintiffs Common Benefit Counsel Fees and Reimbursement Expenses seeking an additional assessment of attorneys fees to be deposited within the common benefit fund. Without the ability to have enforceable promises and financially enforceable agreements, parties are unable to plan effectively for future economic activity. As the IRPAs have a fundamental right to challenge the reasonableness of the PSC's petition it is necessary to conduct limited discovery in order to provide the raw materials needed to sift through the particulars of

1

the PSC's fee application.[1] As such, The Miller Firm respectfully requests that this Court enter a scheduling order with respect to the requested discovery.

## I. ARGUMENT

On November 14, 2005, The Miller Firm entered into a "Full Participation Option MDL Fee Agreement with the PSC pursuant to Pretrial Order No. 19. By the terms of that agreement The Miller Firm agreed to deposit in an MDL Fee and Cost Account a percentage proportion of the gross amount recovered by its clients equal to three percent (3%) of the gross amount of recovery of each client (2% fees; 1% costs). It was understood and contractually agreed between the parties that such assessment shall be "in full and final satisfaction of any present or future obligation on the part of each plaintiff and/or participating attorney". Despite the legally binding agreement between the parties the PSC now seeks an assessment of eight percent (8%) of attorneys' fees for deposit into the "Common Benefit Fund".

The recent request by the PSC is not a slight deviation from the original agreement of the parties. The request for an assessment of 8% amounts to a request for a 250% increase in the PSC fees resulting in a loss of several million dollars from the undersigned firm alone. See Exhibit 1; Declaration of Michael J. Miller.

In support of its Motion requesting a massive increase in the assessment from the IRPAs, the PSC cites a footnote from its June 29, 2005 petition for the entrance of PTO 19, in which it asserted that it was not "intended that the Court's Order be applied to any global or class action settlement reached in the litigation." The PSC then relied solely on this footnote to include within the Master Settlement Agreement (MSC) a provision that "to ensure that NPC, PSC, PEC, PLC and common benefit attorneys…are fairly compensated but that their fees are in

---

[1] The Miller Firm intends to file an Objection to the Motion of Plaintiff's Liaison Counsel Motion for a Reward of Plaintiffs Common Benefit Counsel Fees and Reimbursement Expenses. The undersigned counsel does not oppose a reasonable common benefit assessment but submit that such an assessment was already established within PTO 19.

conformance with reasonable rates, an assessment of common benefit attorneys' fees will be imposed at no more than 8% of the gross amount recovered." The PSC, however, has failed to show a change in circumstances that would justify departing from the assessment of PTO 19 in such a significant way.

It is clear that plaintiffs' counsel, for which the 8% assessment would apply, has a fundamental right to challenge the request for fees. The Court, when determining whether a request for fees is reasonable should consider the number and quality of objections of the class. *See In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2008 U.S. Dist. Lexis 17535 at * 37 (D. Minn. March 7, 2008). The objecting attorneys and law firms in this matter cannot make quality objections to the reasonableness of the fee request unless they are provided with the details concerning why such a request is necessary.[2]

The Miller Firm is not requesting that the Court order freewheeling adversarial discovery to challenge this fee request, however, limited discovery is absolutely necessary before a ruling can be made on the reasonableness of the PSC's request.[3] *In re Thirteen Appeals*, 56 F.3d 295, 303 (1st Cir. 1995). It is Plaintiffs' position that before there can be adjudication on the merits of such an extraordinary request of such a substantial sum, due process would allow, at a minimum, depositions of the PSC members, request for admissions and interrogatories relating to the details of the increased fee request. This discovery is necessary so that the IRPAs can understand the legal basis behind the extraordinary attempt to increase a contractually agreed upon fee.

---

[2] This Motion is not intended to argue the merits of the reasonableness of the fee request. Although, The Miller Firm does intend to file an Objection to the PSC's motion that will be done following a review of the necessary discovery.
[3] While undersigned counsel does not object to the Chairman of the Allocation Committee's Motion for an Extension of Time it is suggested that any and all documents submitted to the Allocation Committee by common benefit attorneys is discoverable. As the allocation cannot be finalized until a decision has been made as to the amount of the assessment this Court should extend the deadline for allocation until discovery is complete.

The only basis for the PSC to request an increase in the previously contracted fee, as cited in the PSC's footnote to its motion to enter PTO 19, is their involvement in negotiating the global settlement. Although the PSC, in its Motion for an assessment of 8%, cites the extent of its common benefit work, it fails to identify exactly why an increase of 250% is justified. The PSC in this litigation is comprised of experienced trial counsel in the realm of mass tort litigation. This Committee had a reasonable expectation as to the amount of time and expense needed to conduct this litigation at the time they entered the agreement with counsel for an assessment of 3%. Undersigned counsel requires evidence to ascertain whether settlement negotiations amounted to attorney fees and expenses that warrant such a substantial increase in an assessment for the common benefit fund.

The undersigned, at a minimum, would be seeking to discover (1) what percentage of the work asserted by the Steering Committee is "extra" work; (2) what percent was not contemplated at the time the agreements were entered into in 2005 with various plaintiffs counsel; (3) at what time did the PSC decide to request an increase; (4) the amount of time and expense directly related to settlement negotiations; (5) what members of the Plaintiff Steering Committee agreed to request the increase; and (6) which members have dissented and the deliberative process involved in that request.

In an attempt to resolve the issue of discovery without seeking judicial attention the undersigned reached out to Leonard A. Davis to request discovery in this case. Exhibit B; Letter from M. Miller to L. Davis, January 29, 2009.  In an email dated January 30, 2009, Mr. Davis' stated his position is that the Plaintiffs Steering Committee agrees that a Scheduling Order is necessary but that the request is premature and that discovery may not be necessary or appropriate. Exhibit C. We respectfully disagree.

5

        Respectfully submitted,

        /s/ Michael J. Miller
        MICHAEL J. MILLER
        THE MILLER FIRM, LLC
        108 Railroad Avenue
        Orange, VA 22960
        (540) 672-4224
        (540) 672-3055
        Attorneys for Vioxx claimants