UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This document relates to All Cases | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

### Declaration of Michael J. Miller

COMES NOW, Michael J. Miller, under oath and states as follows:

1. Mr. Miller is an attorney in the full time practice of law actively licensed and in good standing in the Commonwealth of Virginia, Commonwealth of the State of Maryland, Washington, DC and the Commonwealth of Philadelphia, Pennsylvania.

2. The Miller firm comprises twelve lawyers in the active full time practice of law, including a surgeon who is also an attorney.

3. The Miller Firm has been involved in the Vioxx litigation as lead counsel to its clients since 2003.

4. The Miller Firm has screened thousands of potential Vioxx claimants and filed lawsuits for approximately 450 Vioxx claimants.

5. Members of the Miller Firm have been named to the Plaintiff Steering Committee in four different multi-district litigations.

6. The Miller Firm conducted all of its own analysis of its Vioxx clients, their cases and their relationship to the general science.

1

7. The Miller Firm offered to serve on committees established by the Vioxx Plaintiffs Steering Committee and perform common benefit work in Vioxx.

8. The Miller Firm prepared its own cardiology and pharmacology expert witnesses.

9. The Miller Firm offered to try its own Vioxx cases early and often during the litigation.

10. The Miller Firm has Vioxx plaintiffs from many states.

11. In November of 2005, the Plaintiffs Steering Committee in MDL 1657, Vioxx Product Liability Litigation, extended an offer for "a full participation option MDL Fee Agreement" to law firms around the country representing Vioxx Plaintiffs.

12. The full participation agreement option stated inter alia, that the Plaintiffs Steering Committee would charge 3% of gross recovery for the "work product which will be valuable in the litigation of State court proceedings regarding Vioxx induced injuries".

13. "As stated in the full participation agreement entered into between these parties, it is the intention of the parties that such assessment shall be in full and final satisfaction of any present or future obligation on the part of each plaintiff and/or participating attorney to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses occurred by or due to the MDL and or any common benefit attorneys". Full participation agreement, paragraph 1.

14. At no time did the Plaintiffs Steering Committee attempt to renegotiate the contract entered into between the Plaintiffs Steering Committee and The Miller Firm as full participating attorneys in that agreement.

15. At no time did Mr. Herman or any member of the Plaintiffs Steering Committee reject, rescind, modify in any way the contractual agreement entered into by the full participation option MDL Fee Agreement with The Miller Firm.

Further the affiant says not

_____
Michael J. Miller