IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®

PRODUCTS LIABILITY LITIGATION

This Document Relates To:

Erin Duncan on <u>O'Bannon et al v. Merck & Co Inc et al</u>, 2:05-cv-03809-EEF-DEK

Cases identified in Exhibit A for the Carey & Danis plaintiffs[1]

MDL Docket No. 1657
SECTION L
JUDGE FALLON
MAGISTRATE JUDGE KNOWLES

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MERCK & CO. INC.'S RULE TO SHOW CAUSE WHY CASES IDENTIFIED IN EXHIBIT A SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

Come now Plaintiffs, and move to show cause that Erin Duncan of Mount Vernon, Missouri, on <u>O'Bannon et al v. Merck & Co Inc et al</u>, 2:05-cv-03809-EEF-DEK, should not be dismissed with prejudice because his actual name is Eddie Duncan of Mount Vernon, Missouri, who is enrolled in the Vioxx Settlement Program – his VCN is 1094728. This was a scrivener's error in the drafting of the complaint. Accordingly, Eddie Duncan is not subject to the Lone Pine requirements of Pretrial Order Number 28 ("PTO 28") and, therefore, should not be dismissed with prejudice.

Regarding the other Carey & Danis plaintiffs on Merck's Rule, attached hereto as Exhibit A, plaintiffs are opposing their dismissal **with prejudice.** Under the facts of

---

[1] Exhibit A is the attachment to Merck Show Cause Motion, Doc. 17653, and plaintiffs are opposing a dismissal with prejudice for the Carey & Danis plaintiffs.

these cases, plaintiffs state that the Federal Rules of Civil Procedure 41(b) and the interpretive Fifth Circuit law warrant a **dismissal without prejudice**.

Rule 41(b) permits the courts to dismiss an action with or without prejudice. A dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir.1980). To warrant such a harsh sanction, there must be "a clear record of delay or contumacious conduct" and the interests of justice must not be better served by lesser sanctions. Gray v. Fidelity Acceptance Corp., 634 F.2d 226, 227 (5th Cir.1981) (per curiam) (citations omitted). In addition, at least one of three aggravating factors are generally present: (1) delay caused by the litigant himself and not his attorney; (2) actual prejudice to the opposing party; or (3) "delay caused by intentional conduct." Price v. McGlathery, 792 F.2d 472, 474 (5th Cir.1986).

For delay to warrant a dismissal with prejudice, it "must be longer than just a few months" and "must be characterized by 'significant periods of total inactivity.'" McNeal v. Papasan, 842 F.2d 787, 791 (5th Cir.1988) (quoting John v. Louisiana, 828 F.2d 1129, 1131 (5th Cir.1987)). Such dismissal are generally reserved for "egregious and sometimes outrageous delays." Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir.1982). It is reserved for cases where the litigant's own "conduct has threatened the integrity of the judicial process, often to the prejudice of the [opposing party], leaving the court no choice but to deny" the offending litigant the benefit of the judicial process. Id.

While contumacious conduct may warrant a dismissal with prejudice, "it is not a party's negligence-regardless of how careless, inconsiderate, or understandably exasperating-that makes conduct contumacious; instead it is the 'stubborn resistance to

authority' which justifies a dismissal with prejudice." McNeal, 842 F.2d at 792 (quoting John, 828 F.2d at 1131-32). The courts review the relevant facts of each case to "determine whether the facts expose an obstinate disrespect for the judicial process." Id.

In these cases, Plaintiff's attorneys have rejected these Vioxx cases, and to our knowledge, they are without counsel. During the majority of the time that their cases were pending, they timely met the discovery deadlines set by Merck and this Court. Accordingly, a dismissal with prejudice would be excessive and not in accord with Fifth Circuit law.

For the foregoing reasons, the case of Erin Duncan should not be dismissed at all, and Carey & Danis plaintiffs on Exhibit A should be dismissed without prejudice.

By: _____

Jeffrey J. Lowe
Francis J. "Casey" Flynn
THE LOWE LAW FIRM
Attorney for Plaintiffs
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

John Carey
Joseph P. Danis
Sarah Hale
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Suite 1300
St. Louis, MO 63117
314-725-9595
Fax: 314-725-9597

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on February 9, 2009 Liaison Counsel, Phillip Wittmann and Russ Herman, by U. S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established.