UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX ® PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES ONLY TO <br><br> HUGO BUA        Case No.: 2:05cv1552 | MDL Docket No. 1657 <br><br> Section L <br><br> Judge Fallon <br> Mag Judge Knowles |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MERCK & CO., INC'S FIRST MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

This opposition is submitted in response to Defendant Merck & Co., Inc.'s motion seeking an Order dismissing the above case as set forth in this Court's Order of February 4, 2009.

My firm represents plaintiff Hugo Bua in this matter and submits this opposition on his behalf. Mr. Bua case is somewhat unique considering the enormity of this action. Specifically in referencing the Order of Judge Fallon dated February 4, 2009, it should be clarified that following the Merck's First Motion for an Order to Show Cause Why Cases, including Mr. Bua's, should Not Be Dismissed for Failure to Comply with the Lone Pine requirements of Pre-trial Order 28. Mr. Bua, pursuant to this Court's directive appeared by counsel at the Court's conference held via video in the Federal Court for the Southern District of New York.

Mr. Bua submitted an affidavit of hardship as to why he could not appear as he resides in North Carolina. At the time of the conference Mr. Bua was in the process of enrolling in the Merck Settlement program. As such, the motion was withdrawn as to Mr. Bua and my office submitted documents pursuant to the MSA. Obviously at that time, the Lone Pine Order was no

longer of concern to Mr. Bua in that based upon representations of Merck's counsel, the points which Mr. Bua and his attorney, Robert Godosky discussed back in February 2008 prior to the initial enrollment deadline of February 28, 2008 were well below that which Merck's counsel computed. After Merck's counsel advised me of their computation and I discussed same with Mr. Bua, prior to the conference held on October 20, 2008, Mr. Bua had changed his mind and planned on enrolling and took the necessary steps to file the required documentation.

After having relied upon Merck's estimated point computation Mr. Bua chose to enroll in the settlement program. A further review of Mr. Bua's medical records was performed by counsel to Merck and plaintiff was then advised, shortly after the October 20, 2008 conference, that, in fact, the initial estimate which Mr. Bua's counsel performed in February 2008 was more in line with what the point award would be than that done by Merck's counsel prior to the October 20, 2008 conference.

As such, Mr. Bua wanted to adhere to his initial decision and exclude himself from the Merck settlement program. After numerous calls between the various representatives of Merck an agreement was amicably reached to return the material submitted to Merck by Mr. Bua. Thereafter, Mr. Bua was obviously bound by the discovery requirements of this Court. However, due in part to the delay brought about by the back and forth of the settlement enrollment issue, plaintiff pulled back all records from any expert for the purposes of obtaining an opinion on specific causation.

Plaintiff acknowledges that it is in default of the Lone Pine Order and respectfully requests that this Court deny the motion and permit Mr. Bua 45 days to submit a report in compliance with the Lone Pine Order. Further, plaintiff agrees that if no report is served within 45 days that Merck can submit an Order on whatever notice the Court deems appropriate for a dismissal

with prejudice.

It is submitted that this is an appropriate approach considering the fact that Mr. Bua was unfortunately the subject of misinformation causing him to be bounced around within the the settlement program.

**WHEREFORE,** it is respectfully submitted that the Order To Show Cause why cases who have not complied with the LONE PINE requirements of PTO 28 be denied as to Mr. Bua or alternatively granted to the extent that Mr. Bua have until 45 days from the date of this Courts order to comply.

Dated: New York, New York
      February 9, 2009

                                    Respectfully, submitted,

                                    Robert E. Godosky (4459)
                                    GODOSKY & GENTILE, P.C.
                                    61 Broadway, 20th Floor
                                    New York, New York 10006
                                    (212) 742-9700