UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | **MDL NO. 1657** |
| **IN RE: VIOXX** | : | |
| **PRODUCTS LIABILITY LITIGATION** | : | **SECTION: L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | |
| | : | **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO:      ALL CASES**

## ORDER & REASONS

Before the Court is Merck's Motion for Order to Show Cause Why the Foreign

Individual Claims Should Not be Dismissed under the Doctrine of *Forum Non Conveniens*.  On

June 30, 2008, the Court granted the motion and ordered the plaintiffs to show cause why their

cases should not be dismissed.  After hearing oral argument on two separate occasions, the Court

took the matter under submission.  For the following reasons, the claims of the remaining foreign

individual plaintiffs are hereby dismissed, subject to certain conditions and stipulations.[1]

---

[1] Throughout the course of briefing and argument, Merck has filed several motions to withdraw the order as to plaintiffs (1) who are United States citizens and were mistakenly included within its scope; or (2) who Merck believes have provided sufficient evidence to support claims that they received prescriptions for Vioxx and suffered allegedly Vioxx-related injuries within the United States, and/or received medical treatment for their allegedly Vioxx-related injuries primarily within the United States.  According to Merck, the remaining plaintiffs are foreign nationals whose claims do not allege any significant connection to the United States.

## I.    BACKGROUND

Before addressing the merits of Merck's *forum non conveniens* motion, a brief review of the context of this litigation is appropriate. Vioxx (known generically as rofecoxib) belongs to a general class of pain relievers known as non-steroidal anti-inflammatory drugs ("NSAIDs"). This class of drugs contains well-known medications sold either over the counter—such as Advil (ibuprofen) and Aleve (naproxen)—or by prescription—such as Daypro (oxaprozin) and Voltaren (diclofenac). NSAIDs work by inhibiting cyclooxygenase ("COX"), an enzyme that stimulates synthesis of prostaglandins, which are chemicals produced in the body that promote certain effects.

Traditional NSAIDs have been a longstanding treatment option for patients needing relief from chronic or acute inflammation and pain associated with osteoarthritis, rheumatoid arthritis, and other musculoskeletal conditions. This relief, however, comes with significant adverse side effects. Specifically, traditional NSAIDs greatly increase the risk of gastrointestinal perforations, ulcers, and bleeds ("PUBs"). This risk is increased when high doses are ingested, which is often necessary to remedy chronic or acute inflammation and pain. Scientists estimated that traditional NSAID-induced PUBs caused a significant number of deaths and hospitalizations each year.

In the early 1990s, scientists discovered that the COX enzyme had two forms—COX-1 and COX-2—each of which appeared to have several distinct functions. Scientists believed that COX-1 affected the synthesis or production of prostaglandins responsible for protection of the stomach lining, whereas COX-2 mediated the synthesis or production of prostaglandins responsible for pain and inflammation. This belief led scientists to hypothesize that "selective"

-2-

NSAIDs designed to inhibit COX-2, but not COX-1, could offer the same pain relief as traditional NSAIDs with the reduced risk of fatal or debilitating PUBs.  In addition, scientists believed that such drugs might be able to prove beneficial for the prevention or treatment of other conditions, such as Alzheimer's disease and certain cancers, where evidence suggested that inflammation may play a causative role.

In light of these scientific developments, Merck & Co., Inc. ("Merck") and several other pharmaceutical companies began the development of such drugs, which became known as "COX-2 inhibitors," or "coxibs."  Vioxx is a COX-2 inhibitor.

On May 20, 1999, the Food and Drug Administration ("FDA") approved Vioxx for sale in the United States.  From its initial approval, Vioxx gained widespread acceptance among physicians treating patients with arthritis and other conditions causing chronic or acute pain. Subsequently, Vioxx was introduced into markets around the world.

Before and after its initial approval, Vioxx was subjected to a number of studies and tests, including, but not limited to, VIGOR, APPROVe, Vip, VICTOR, ADVANTAGE, the Alzheimer's studies, Professor Kronmal's reanalysis of Merck's clinical data, the Solomon study, the Juni study, the Ray study, the Graham study, the Kimmel study, the Levesque study, the Mamdani study, the Ingenix study, the Johnsen study, the Nussmeier study, and the Fizgerald hypothesis.  In addition, a large amount of scientific literature was written on the effects of Vioxx and other COX-2 inhibitors.

Interim unblended data from APPROVE, the long-term, blinded, randomized placebo-controlled clinical trial, which was designed to assess whether Vioxx could help prevent the recurrence of precancerous colon polyps, indicated that the use of Vioxx increased the risk of

-3-

cardiovascular thrombotic events such as myocardial infarctions and ischemic strokes.  On September 30, 2004, Merck withdrew Vioxx from markets worldwide.

Thousands of lawsuits followed in both state and federal court.  On February 16, 2005, as a result of the sheer mass of these lawsuits and the potential for many more, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that the Vioxx litigation be centralized, designated as an MDL, and assigned to this Court.  In addition to claims asserted by United States citizens, there were also eleven suits filed on behalf of purported classes of foreign citizens from England, Australia, Italy, France, South Africa, Canada, Germany, Israel, New Zealand, the Netherlands, and Poland who were prescribed, purchased, used, and /or ingested Vioxx, as well as hundreds of individual claims asserted by foreign citizens from a number of different countries around the world.

On March 13, 2006, Merck moved to dismiss all of the foreign class action complaints under the doctrine of *forum non conveniens,* or alternatively, to strike the class allegations.  The parties subsequently agreed that, at that time, the Court should address the motion only as it applied to the Italian and French class action complaints.  Both the Italian and French complaints were originally filed in the United States District Court for the Northern District of Illinois and had been transferred to this Court pursuant to the JPML's order.  According to Merck, the Italian and French complaints bore no significant relationship to the United States and thus should be dismissed so that the claims could be more conveniently litigated in Italy and France.  In support of its motion, Merck argued that: (1) Vioxx was subjected to extensive regulation by the governments of Italy and France prior to its introduction into these markets; (2) regulators in Italy and France ultimately approved the sale of Vioxx and required that certain warnings and

packaging information be included; (3) the plaintiffs were prescribed Vioxx in Italy and France by doctors practicing in those countries; (4) the plaintiffs purchased and ingested Vioxx in Italy and France; and (5) the plaintiffs allegedly sustained injuries and received treatment in Italy and France.

In response, the plaintiffs countered that the litigation properly belonged in the United States because Merck designed, tested, and manufactured Vioxx at its Global Headquarters in Whitehouse Station, New Jersey. Approximately four months after Merck moved to dismiss the foreign class actions, the French and Italian plaintiffs amended their complaints to allege that "each and every decision related with the development, design, manufacture, testing, marketing, and commercialization of the drug Vioxx were made by Defendant in the state of New Jersey." The plaintiffs also argued that Merck directed the worldwide distribution of Vioxx from New Jersey. Merck disputed these allegations and argued that Vioxx sold in Italy and France was manufactured in a multi-stage process that took place in a variety of countries. Moreover, Merck argued that the sale and marketing of Vioxx in Italy and France took place both in New Jersey and locally in Italy and France by its subsidiaries.

After studying the parties' briefing, the relevant law, and the laws of the French and Italian forums, the Court held that the foreign class actions should be dismissed under the doctrine of *forum non conveniens*. *See In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741, 649 (E.D. La. 2006). First, the Court found that both Italy and France provided wholly adequate alternative forums in which the plaintiffs could pursue their claims. *Id.* at 745-46. Second, the Court found that the balance of public and private factors favored conducting the litigation in the foreign forums. *Id.* at 746-49. Although the Court recognized that there were relevant

-5-

documents and witnesses that revolved around Merck's Global Headquarters in New Jersey, the

Court concluded that the plethora of localized individual issues suggested that litigation of the

plaintiffs' claims in Italy and France would be much more convenient. *Id.* In particular, the

Court noted that:

> (1) the plaintiffs are Italian and French residents who were prescribed Vioxx in
> Italy and France; (2) by Italian and French doctors; (3) both of whom read and/or
> relied on warnings and labels in Italian and French; (4) the plaintiffs purchased
> and ingested Vioxx, and allegedly suffered injuries as a result, in Italy and France;
> and (5) the plaintiffs subsequently received medical treatment in Italy and France.

*Id.* at 747. Further, the Court found persuasive the fact that the governments of Italy and France

had approved and regulated the sale of Vioxx in those countries. *Id.* at 748. The Court reasoned

that trying the plaintiffs' claims in the United States would risk disrupting the judgments of

Italian and French regulatory bodies by imposing an American jury's view of the appropriate

standards of safety and labeling. *Id.* Finally, the Court found that the administrative hurdles

inherent in applying French and Italian laws to the plaintiffs' claims weighed still further in favor

of dismissal. *Id.* In consideration of all of the private and public factors, and in recognition of

the adequate forums offered by the French and Italian courts, the Court granted Merck's motion

and ordered the plaintiffs' claims dismissed. As a condition of dismissal, however, the Court

ordered that:

> (i) The Defendant submit to service of process and jurisdiction in the appropriate
> Italian and French forums with respect to lawsuits relating to Vioxx;
>
> (ii) The Defendant shall agree to satisfy any final judgment rendered by an Italian
> or French forum relating to such claims;
>
> (iii) The Defendant will not, in raising any statute of limitations or similar defense
> in such forums, include the period that a suit, not barred by a statute of limitations
> in this country, was pending against it in a court of the United States;

(iv) The Defendant will not act to prevent the Plaintiffs from returning to this Court if the Italian or French forums decline to accept jurisdiction, provided that an action is filed in those forums within 120 days of the order of dismissal.

*Id.* at 749-50.

## II.   PRESENT MOTION

On May 16, 2008, Merck filed a motion seeking dismissal of the foreign individual claims under the doctrine of *forum non conveniens.* Initially, Merck sought dismissal of a total of 385 cases brought by foreign individual plaintiffs from Albania, Canada, the Dominican Republic, France, Ireland, Israel, Kuwait, Mexico, the Netherlands, New Zealand, and the United Kingdom, all asserting personal injury claims.[2]  During the course of briefing and argument, however, Merck agreed to withdraw the motion as it applied to certain plaintiffs that it found had demonstrated sufficient contacts with the United States to proceed in this forum or participate in the settlement.  The remaining claims involve plaintiffs who Merck contends are not U.S. citizens and who received prescriptions for Vioxx, ingested Vioxx, and received medical treatment for their alleged Vioxx-related injuries, primarily outside of the United States.

According to Merck, the remaining foreign individual claims should be dismissed subject to the same *forum non conveniens* analysis as set forth in the Court's dismissal of the foreign class actions.  Merck contends that it will be more convenient for all of the remaining foreign

---

[2] Most, if not all, of these claims are ineligible to participate in the settlement reached on November 9, 2007. *See* Settlement Agreement § 17.1.22.1 (stating that in order to qualify for participation in the resolution program, a claimant must be a "natural person [who] was a United States citizen or a legal resident of the United States or [who] was physically located in the United States, in each case when the alleged Eligible Event referred to in Section 17.1.22.3 is alleged to have occurred").

individual plaintiffs to pursue their claims in their home forums. Further, Merck argues that the balance of public and private interest factors weighs in favor of dismissing the foreign individual claims, just as the Court found it did with the foreign class actions.

The foreign individual plaintiffs assert a number of arguments in opposition to Merck's motion. First, many of the plaintiffs argue that they do not have an available or adequate alternative forum in which to litigate their claims. Second, the plaintiffs argue that the public and private factors in their individual cases favor proceeding in this forum as opposed to their respective home forums. Third, the plaintiffs argue that even if the Court finds that dismissal might otherwise be appropriate, Merck's motion should be denied as being untimely filed. Finally, the plaintiffs argue that, if the Court does find that the cases should be dismissed, the Court should impose additional conditions above and beyond those which it previously imposed on the dismissal of the foreign class actions. The Court will now address each of these arguments in turn.

### III.   LAW & ANALYSIS

To secure a *forum non conveniens* dismissal, a defendant "must demonstrate (1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor[s] dismissal." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

#### (A)   Available & Adequate Alternative Forums

A defendant seeking dismissal on the basis of *forum non conveniens* must demonstrate the existence of an alternative forum that is both (1) available and (2) adequate. In this case,

-8-

Merck argues that the foreign individual plaintiffs' home jurisdictions provide alternative forums that are both adequate and available for litigation of their claims.

First, the court must look to see whether the proposed alternative forum is available. "A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (quoting *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987)). The availability of an alternative forum is often secured by conditioning a *forum non conveniens* dismissal on the defendant's waiver of various jurisdictional obstacles in the alternative forum. In this case, Merck has agreed to submit to jurisdiction in each of the appropriate alternative forums. Further, Merck has advised that its subsidiaries in those forums are similarly amenable to service of process and will likewise submit to jurisdiction. Therefore, the foreign individual plaintiffs' home forums are "available" for purposes of this Court's *forum non conveniens* analysis.

Having determined that the alternative forums are available, the court must next look to see whether the forums are adequate. "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Alpine View*, 205 F.3d at 221. Procedural or policy differences, such as fee shifting, prohibitions on contingency-fee arrangements, the lack of an automatic right to a trial by jury, or less generous rules for discovery, will not render an alternative forum inadequate. *See Coakes v. Arabian Am. Oil Co.*, 831 F.2d 572, 576 (5th Cir. 1987). Indeed, absent a showing that plaintiffs will be deprived of all remedies or denied access to substantial justice, "American courts should be wary of branding other nations' judicial

-9-

forums as deficient in the substance or procedures that their laws contain." *Corporacion Tim, S.A. v. Schumacher*, 418 F. Supp. 2d 529, 532-33 (S.D.N.Y. 2006). "Such denunciations not only run counter to principles of international comity and could retard efforts to reform foreign tribunals, but also risk imposing on our judicial system the burden of serving as courtroom to the world for adjudication of essentially foreign disputes with only nominal connections to the United States." *See id.*; *see also Jhirad v. Ferrandina*, 536 F.2d 478, 484-85 (2d Cir. 1976) ("It is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation.").

First, plaintiffs from the Dominican Republic argue that their home forum is an inadequate forum for litigation of their claims. According to these plaintiffs, the Dominican Republic lacks proper mechanisms for resolving their claims and will unfairly deprive them of substantial remedies. The plaintiffs, however, offer no authority to support their assertion that they will not be treated fairly or afforded adequate remedies in the Dominican Republic. Several courts have found that the Dominican Republic is an adequate forum for the litigation of products liability and personal injury claims. *See, e.g., Corporacion Tim*, 418 F. Supp. 2d at 533 (finding that the Dominican Republic is an adequate alternative forum); *Dominguez v. Pyrgia Shipping Corp.*, 1999 WL 438477, *3 (E.D. La. June 28, 1999) (dismissing personal injury claims under the doctrine of *forum non conveniens* after finding that the Dominican Republic is an adequate alternative forum). This Court finds no evidence to suggest that the Dominican Republic is an inadequate forum for litigation of the plaintiffs' claims. As a result, the plaintiffs' arguments are without merit.

Several plaintiffs from the United Kingdom argue that the U.K. is an inadequate forum

because it does not recognize claims for loss of consortium. According to these plaintiffs, the spouses of individuals who have suffered Vioxx-related injuries will have no cause of action in the U.K. if their cases are dismissed. In opposition, Merck contends that the mere fact that derivative actions are unavailable in an alternative forum does not render the forum inadequate under the doctrine of *forum non conveniens*. Merck further argues that the derivative plaintiffs in this case will not be left without any remedy at law under the U.K. legal system, as the U.K. not only recognizes survivor actions and claims for wrongful death, but also provides that persons looking after an injured plaintiff may be entitled to recover expenses that can include the "reasonable cost of gratuitous care from relatives or others." Merck's Br. at 5.

The Superior Court of New Jersey, one of the coordinated Vioxx jurisdictions, has already carefully considered and rejected the precise argument made by the U.K. plaintiffs in this case. *See* Mem. of Decision on Mot. and Order, *In re Vioxx Litig.* (Super. Ct. Atlantic County, N.J. Oct. 5, 2006) ("Mem. of Decision"), *aff'd In re Vioxx Litig.*, 928 A.2d 935 (N.J. App. Div. 2007). Because "[a] regular lack of consortium claim is not a separate cause of action, but only a derivative claim," the New Jersey court concluded that the absence of derivative actions in a foreign forum would not substantially deprive the plaintiffs of a remedy. *Id.* The New Jersey court then dismissed the U.K. plaintiffs' cases under the doctrine of *forum non conveniens*. *Id.* On appeal, the trial court's ruling was affirmed. *See In re Vioxx Litig.*, 928 A.2d at 941. As the New Jersey appellate court explained, it would be "unreasonable to accord dispositive weight in a *forum non conveniens* analysis to such a derivative cause of action, regardless of the loss of a damages remedy.... Such tail-wagging cannot overcome the well-established principles governing forum determination in this context." *See id.* (noting the absence of any precedent

-11-

"holding that jurisdiction must be maintained in an inconvenient forum simply because loss of consortium claims would not be recognized by the alternative court"); *see also Massaquoi v. Virgin Atlantic Airways*, 945 F. Supp. 58, 61 (S.D.N.Y. 1996) (finding England to be an adequate alternative forum despite England's decision not to recognize claims for loss of consortium); *Bell v. British Telecom*, No. 95-1972, 1995 WL 476684, at *2 (S.D.N.Y Aug. 9, 1995) (finding that Scotland's policy of not recognizing loss of consortium claims did not render Scotland a clearly unsatisfactory alternative forum).

This Court finds the reasoning of the New Jersey Superior Court persuasive. Moreover, as Merck noted, the plaintiffs asserting claims for lack of consortium may seek to recover the expenses of caring for and looking after an injured plaintiff. *See Massaquoi*, 945 F. Supp. at 61 (noting that English law permits recovery of expenses involved in caring for injured plaintiffs). Although this might not be the precise remedy the plaintiffs were hoping for, it does not change the fact that the U.K. is an adequate forum for litigation of their claims. Accordingly, the Court finds that the U.K.'s policy of disallowing claims for lack of consortium does not render that forum inadequate, as loss of consortium claims are derivative actions that need not be afforded dispositive weight in a *forum non conveniens* analysis.

The majority of the remaining plaintiffs either concede that their home forums are adequate or fail to argue that they are inadequate. For example, the Canadian plaintiffs acknowledge that Canada is an adequate alternative forum for the litigation of their claims.[3] The

---

[3] In fact, there are several Vioxx-related class actions currently pending in Canada at this time, which supports finding not only that Canada is an adequate alternative forum, but also that permitting these claims to proceed within this forum could potentially frustrate international comity, as the claims proceeding in the Canadian jurisdiction would likely be measured against

Scottish and Dutch plaintiffs, for their part, fail to allege that their home forums are inadequate. It is worth noting, however, that several courts have held that those forums are wholly adequate alternative forums under the doctrine of *forum non conveniens*. *See Piper Aircraft*, 454 U.S. at 261 (affirming dismissal in favor of trial in Scotland); *Windt v. Qwest Communications Int'l, Inc.*, 529 F.3d 183 (3d Cir. 2008) (affirming dismissal in favor of trial in Netherlands).

Accordingly, the Court finds that the plaintiffs have failed to demonstrate that their home forums would be inadequate for the litigation of their claims. *See Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 390 (5th Cir. 1983) (holding that, in determining adequacy for the purposes of dismissal on the basis of *forum non conveniens*, it is presumed that the substantive law of a foreign forum is adequate, absence any showing to the contrary), *overruled on other grounds by In re Air Crash Disaster*, 821 F.2d 1147 (5th Cir. 1987); *Dominguez*, 1999 WL 438477 at *3 (finding Dominican Republic to be an adequate alternative forum absent any showing that "differences in controlling law would amount to an unfairness to plaintiff").   As a result, the Court holds that the plaintiffs' home jurisdictions offer adequate and available alternative forums.

### (B)     Public & Private Interest Factors

The second step of the *forum non conveniens* framework requires the Court to "consider whether 'certain private and public interest factors weigh in favor of dismissal." *Karim v. Finch Shipping Co.*, 265 F.3d 258, 268-69 (5th Cir. 2001) (quoting *McLennan*, 245 F.3d at 424).   The private interest factors include:

> [T]he relative ease of access to sources of proof; availability of compulsory

and compared with those proceeding within this forum.

> process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Piper Aircraft Co.*, 454 U.S. at 241 n. 6. The United States Supreme Court discussed the public

interest factors in *Gulf Oil v. Gilbert*:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country [or world] where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

330 U.S. 501, 508-09 (1947). In balancing the private and public interests, courts should not

give conclusive weight to any one particular factor, but should instead remain mindful that the

"central focus" of the *forum non conveniens* inquiry is on convenience. *See Dickson Marine Inc.*

*v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999).

Although a plaintiff's choice of forum is usually accorded deference, when the plaintiffs

are foreign citizens, as is the case here, the assumption that their choice of forum is convenient is

"much less reasonable." *Piper Aircraft Co.*, 454 U.S. at 256; *see also In re Union Carbide Corp.*

*Gas Plant Disaster at Bhopal, India*, 634 F. Supp. 842, 845 (S.D.N.Y. 1986) ("The foreign

plaintiffs' choice of the United States forum deserves less deference than would be accorded a

United States citizen's choice."). Indeed, when foreign citizens choose a United States forum, "a

plausible likelihood exists that the selection was made for forum-shopping reasons, such as the

perception that United States courts award higher damages than are common in other countries."

*Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001). A careful consideration of the

private and public interest factors in these cases suggests that the plaintiffs' home forums would

be much more convenient for this litigation.

First, as Merck argues, the majority of the events relevant to this litigation occurred abroad. The plaintiffs (1) are residents of foreign countries (2) who were prescribed Vioxx in their home jurisdictions (3) by doctors licensed to practice in those jurisdictions (4) who issued the prescriptions based on warning labels approved of in those jurisdictions. Information relating to the plaintiffs' medical histories, which is highly relevant in determining whether Vioxx may have caused the plaintiffs' alleged injuries, as well as information relating to what the plaintiffs and their doctors knew or should have known about Vioxx, which is relevant in determining whether Merck failed to warn, is also located abroad. *See Vasquez*, 325 F.3d at 672-73 (finding that the district court correctly determined that trial should be held in Mexico where the product was bought in Mexico and when "all the physical evidence and medical reports" were in Mexico).

In short, all of these considerations directly implicate the private interest factors. American courts do not have easy access to the foreign documents and witnesses relating to these events. Nor is it likely that the compulsory process of any American court will be able to reach such documents and witnesses. As a result, the American courts are likely to encounter many practical problems causing this litigation to be harder, slower, and more expensive than it would be if it were to take place in the plaintiffs' home jurisdictions.

In response, the plaintiffs argue that these individualized facts are ancillary, and that the central focus of this litigation is the development of Vioxx in the United States and various design decisions allegedly made by Merck in New Jersey. Merck does not dispute that there are some issues relevant to this litigation that revolve around its Global Headquarters. Merck also

does not dispute that some documents and witnesses are located in the United States. Nevertheless, the plethora of localized issues in these cases leads the Court to conclude that litigation of the plaintiffs' claims in their home jurisdictions would be much more convenient. *See Vasquez*, 325 F.3d at 673 ("Assuming *arguendo* that all information relating to the design and manufacture of the tires and vehicle is located in the United States, we still find the court's analysis [that Mexico is a more convenient forum] correct."); *Harrison v. Wyeth Labs. Div. of Am. Home Prods. Corp.*, 510 F. Supp. 1, 4 (E.D. Pa. 1980) ("Even assuming *arguendo* that all production and marketing decisions were made by defendant in Pennsylvania ... Pennsylvania's interest in the regulation of the conduct of drug manufacturers and the safety of drugs produced and distributed within its borders does not extend so far as to include such regulation of conduct on drugs produced or distributed in foreign countries.").

Second, and perhaps more importantly, the public interest factors strongly suggest that these cases belong in the plaintiffs' home jurisdictions. The plaintiffs are foreign residents whose alleged injuries were suffered and treated in their home jurisdictions. Thus, these are localized controversies in which the plaintiffs' home jurisdictions have strong interests. *See Piper Aircraft Co.*, 454 U.S. at 241 n. 6; *In re Rezulin Prods. Liab. Litig.*, 214 F. Supp. 2d 396, 398-99 (S.D.N.Y. 2002) (finding a strong foreign interest when a foreign citizen was treated for injuries abroad, despite the fact that the drug was prescribed, purchased, and ingested in the United States).

In addition, the governments in the plaintiffs' home jurisdictions approved and regulated the sale of Vioxx in those countries. As one court noted, "[t]he forum whose market consumes" a regulated product has a "distinctive interest in explicating the controlling standards of

behavior" related to that product. *Doe v. Hyland Therapeutics Div.*, 807 F. Supp. 1117, 1129 (S.D.N.Y. 1992). Indeed, trying the plaintiffs' claims in the United States would risk disrupting the judgments of foreign regulatory bodies by imposing an American jury's view of the appropriate standards of safety and labeling on companies marketing and selling drugs in the plaintiffs' respective home forums. *See Vasquez*, 325 F.3d at 674 ("If accepted, plaintiffs' argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims."); *Ledingham v. Parke-Davis Div. of Warner Lambert Co.*, 628 F. Supp. 1447, 1451 (E.D.N.Y. 1986) ("[W]hen a regulated industry, such as the pharmaceutical industry, is involved in an action, the country where the injury occurs has a particularly strong interest in the litigation."). An American jury would therefore have no good means of evaluating whether a given foreign label or marketing scheme was adequate, especially in those cases in which the labeling and marketing was in a foreign language.

As the *Rezulin* court noted, the "enormous volume … of litigation brought on behalf of United States plaintiffs … ensures that appropriate standards of care are applied [in the United States] and that the defendants, if they are liable, will pay quite substantial compensation and that the liability will deter them and others from inappropriate conduct in the future." *In re Rezulin*, 214 F. Supp. 2d at 399. Thus, the interests of the plaintiffs' home forums outweigh any interest the United States, or any individual State, may have because the "enormous volume" of Vioxx litigation brought on behalf of American plaintiffs ensures that the American interests will ultimately be protected. Further, permitting the cases to proceed within this jurisdiction could potentially distort information used by foreign governments in determining whether the standards and legal remedies available within their jurisdictions should be reconsidered, because

the cases that might inform such determinations would be litigated in other forums.

This leads to another public interest factor, namely the administrative difficulties that are created when "litigation is piled up in congested centers rather than handled at its origin." *Gulf Oil Corp.*, 330 U.S. at 508-09, 67 S.Ct. 839. Presently, this Court is not only overseeing "the enormous volume" of Vioxx-related products liability lawsuits that have been filed in the federal courts, but it is also administering and overseeing the settlement of some 50,000 of those claims. Although the multidistrict litigation system crafted by Congress in 28 U.S.C. § 1407 contemplates some degree of congestion in transferee courts such as this one, retaining jurisdiction over the foreign individual actions would dramatically exacerbate any administrative difficulties that this Court may already be facing.

Further, as the Fifth Circuit has explained, a choice-of-law analysis may be required when considering the public interest factors. *See Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 725 (5th Cir. 1990). In many of these cases, the laws of the plaintiffs' home jurisdictions may be applicable to their claims pending in this forum. *See, e.g., In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d at 749 (finding that, under the "most significant relationship test," the Court would be required to apply French and Italian laws to the French and Italian class actions, respectively).[4] Accordingly, the Court finds that dismissal is further supported by consideration

---

[4]Indeed, as several other courts have explained, even the likelihood of having to apply foreign laws to a plaintiff's claims is a factor that weighs heavily in favor of dismissal. *See Corporacion Tim*, 418 F. Supp. 2d at 533 ("Though the Court need not ultimately decide the conflict of laws issue for purposes of this decision, the likely application … of foreign law to this case weighs against retention of the claim."); *Varnelo v. Eastwind Transp.*, No. 02-2084, 2003 WL 230741, at *27 (S.D.N.Y. Feb. 3, 2003) (noting that "it is well established that a court considering a *forum non conveniens* motion should not engage in a complex conflict of laws inquiry" and that "the likelihood that foreign law will apply weighs against retention of the

of the significant administrative hurdles involved in applying the laws of Albania, Canada, the

Dominican Republic, France, Ireland, Israel, Kuwait, Mexico, the Netherlands, New Zealand,

and the United Kingdom to the foreign individual plaintiffs' claims.

Several of the plaintiffs contend that the unique public and private interest factors in their

particular cases warrant specialized consideration. For example, the Canadian plaintiffs attempt

to distinguish this Court's earlier holding by arguing that Canada is, geographically, much closer

to the United States than France or Italy. Although travel between Canada and the United States

may indeed be less time-consuming than travel between the United States and Europe, the Court

did not base its earlier ruling on the mere physical distance between forums. Rather, the relevant

consideration is the fact that Canada is a different country with different laws and different

procedures. As a result, American courts lack compulsory process over witnesses and

documents located in Canada. Further, because there are currently several Vioxx-related class

actions pending in Canada, permitting these individual claims to proceed within this forum

would invite comparisons between the two sets of actions and could potentially frustrate notions

of international comity. For many of these same reasons, the Court also finds that the public and

private interest factors in the Mexican plaintiffs' cases suggest that it would similarly be most

---

action"). Accordingly, to the extent that the plaintiffs argue that the Court must engage in a
complex choice-of-law analysis for each plaintiff or group of plaintiffs before considering the
applicability of foreign law as a factor weighing in favor of dismissal, the Court finds that the
plaintiffs' argument is without merit. Nevertheless, it is worth noting that the Scottish and Dutch
plaintiffs point out that their claims were filed in the District of Columbia and therefore are not
subject to the Illinois choice-of-law analysis that led this Court to conclude that foreign law
would apply to the French and Italian class actions. What these plaintiffs fail to mention,
however, is that Washington D.C. applies precisely the same "substantial interest" choice-of-law
test as Illinois. *See Jaffee v. Pallotta Teamworks*, 374 F.3d 1223, 1227 (D.C. Cir. 2004).

convenient for those claims to be tried in Mexico.  Accordingly, the Court finds that the public

and private interest factors in the plaintiffs' cases support a finding that the plaintiffs should

litigate their claims in their home forums.[5]

### (C)    Timeliness of Merck's Motion

The plaintiffs next argue that, even if the Court finds that dismissal would otherwise be

appropriate, Merck's motion should be denied as being untimely filed.  The timeliness of a *forum*

*non conveniens* motion, however, is merely one factor in determining whether dismissal is

appropriate.  *In re Air Crash Disaster*, 821 F.2d at 1165.  Indeed, there is no precise time period

within which a defendant must file a motion for dismissal under the doctrine of *forum non*

*conveniens*.  14 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3828 (3d ed.

2007).  As the Fifth Circuit has explained, a defendant need only "assert a motion to dismiss for

*forum non conveniens* within a reasonable time after the facts or circumstances which serve as

---

[5] Some of the plaintiffs have argued that the unique private interest factors in their
particular cases weigh against dismissal because they received medical treatment for Vioxx-
related injuries in the United States.  As an initial matter, the Court notes that Merck has filed
several motions to withdraw the *forum non conveniens* order as to plaintiffs who it found had
submitted adequate proof of receiving allegedly Vioxx-related medical care primarily in the
United States.  After reviewing the parties' briefing, the Court finds that the remaining plaintiffs
have failed to offer sufficient proof that the private interest factors in their particular cases
outweigh the overwhelming balance of factors supporting dismissal.  For example, Dutch
plaintiff Fokke Fennema alleges that he experienced cerebrovascular events in 2004, presumably
in the Netherlands.  Pl's. in Case 05-5586's Resp. to the Court's Order to Show Cause at 3.  In
support of his argument that he has received Vioxx-related medical care primarily in the United
States, Mr. Fennema submitted evidence of a recent rheumatology consultation in connection
with his ongoing neurologic condition.  This is not, however, evidence of immediate treatment
for the cerebrovascular events giving rise to his complaint.  Moreover, even these records clearly
contemplate that the bulk of Mr. Fennema's ongoing treatment would take place "as he returns to
Holland."  This argument is therefore without merit and is insufficient to shift the balance of the
public and private interest factors away from dismissal.

-20-

the basis for the motion have developed and become known or reasonably knowable to the defendant." *In re Air Crash Disaster*, 821 F.2d at 1165.  Although a failure to timely file will not effect a waiver, a defendant's dilatoriness "should weigh heavily against the granting of the motion because [it] promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *Id.*

In *Empresa Lineas Maritimas Argentinas, S.A. v. Stork-Werkspoor Diesel, B.V.*, No. 90-1294, 1991 WL 17272 (E.D. La. Feb. 5, 1991), the court dismissed the plaintiff's claims under the doctrine of *forum non conveniens* even though the matter had been pending for at least two years before the defendant first sought dismissal on those grounds.  While acknowledging that substantial work had been done on the case and the parties had exchanged some discovery, the court explained that "this one factor [timeliness] does not outweigh those factors which call for dismissal." *Compare id.* (dismissing case despite the fact that substantial work had already been done and the parties had exchanged discovery) *with Manheim Auto Fin. Servs. v. Okla. Auto Exch., LLC*, No. 06-2298, 2007 WL 2461612 (D. Kan. 2007) (declining to dismiss case when parties had already conducted discovery, prepared a pretrial order, and fully briefed dispositive motions).

The timeliness of Merck's motion cannot be evaluated in a vacuum.  Indeed, any analysis of whether Merck filed its motion within a "reasonable time" must take into consideration the context of this complex multidistrict litigation.  Because this proceeding involves a wide variety of claims brought by tens of thousands of plaintiffs and putative class members from across the country, it is simply not reasonable to assume that Merck should be held to the same standards as a defendant facing a single lawsuit brought by a single plaintiff.  Since March 2006, when Merck

filed its first *forum non conveniens* motion before this Court, Merck has consistently maintained its position that the United States is an inappropriate forum for litigating the claims of foreign plaintiffs, regardless of whether those claims are styled as class actions or individual actions. *See* Monthly Status Conference Proceedings Tr. 15:5-7, Mar. 1, 2007 ("[I]t's Merck's position that the foreign cases should be tried in the foreign country where the plaintiff resides."); Status Conference Proceedings Tr.; 18:10-12, July 13, 2006 (explaining that the "critical issue" in Merck's class action *forum non conveniens* motion was whether foreign claimants should be required to pursue their claims in alternative forums, specifically their home jurisdictions). Shortly after prosecuting a similar motion seeking dismissal of foreign individual claims pending before the Superior Court of New Jersey, Merck began working to secure stipulations of dismissal with counsel for the foreign individual plaintiffs whose cases were pending before this Court. After failing to secure all of the stipulations that it sought, Merck filed the instant motion.

In light of the context and scope of this complex multidistrict litigation, the Court finds that Merck has not been dilatory in pursuing dismissal of the foreign individual claims under the doctrine of *forum non conveniens*. Moreover, given the procedural history of this case, the plaintiffs in these actions cannot claim surprise at Merck's motion and will not be unduly prejudiced by dismissal at this stage of the proceedings. In fact, their cases have been stayed since November 9, 2007, and very little discovery has been conducted to date. To the extent that Merck's motion may be considered untimely, however, that consideration has no measurable bearing on the Court's previous finding that the public and private interest factors in these cases overwhelmingly favor dismissal of the foreign individual claims.

> **(D)     Special Conditions of Dismissal**

Finally, the plaintiffs argue that the Court should impose special conditions on any dismissal of the foreign individual claims above and beyond those conditions which were imposed on the dismissal of the foreign class actions.  Specifically, the U.K. plaintiffs argue that Merck should be required to agree: (1) that the parties shall have a trial by jury; (2) that the parties may obtain evidence pursuant to the Federal Rules of Civil Procedure; (3) that the parties shall be permitted to present testimony at trial in the form of oral, video, and written depositions, including depositions taken in prior cases; and (4) that Merck will identify, produce and authenticate all documents it has previously produced, authenticated, listed, or offered as exhibits in previous Vioxx cases or trials in the United States.

In opposition to the plaintiffs' request, Merck asks the Court to impose only those requirements upon which it previously conditioned its dismissal of the foreign class actions.  According to Merck, the imposition of additional conditions would not only frustrate notions of international comity, but would also create a troubling disparity between the procedures employed in the foreign class actions and those employed in the foreign individual cases.  Instead, Merck offers to agree that it will: (1) submit to service of process and jurisdiction in the appropriate alternative forums; (2) satisfy any final judgment in those forums; (3) in raising any statute of limitations or similar defense, it will not include the time that a suit, not barred by a statute of limitations in this country, was pending against it in a court of the United States; and (4) not act to prevent the plaintiffs from returning to this Court if the alternative forum declines to accept jurisdiction.

The mere fact that a foreign judicial system abides by certain rules and procedures that differ from those of the United States cannot justify imposing conditions on dismissal that might

-23-

undermine the foreign forum's policy judgments by substantially altering its rules or procedures to mirror our own. *See Gross v. British Broadcasting Corp.*, 386 F.3d 224 (2d Cir. 2004).[6] In this case, the conditions that the plaintiffs have requested are not "personal" conditions that Merck itself may satisfy by waiver or agreement; rather, the plaintiffs seek "institutional" conditions that will fundamentally alter the nature of the proceedings in the foreign jurisdictions. *Id.* Indeed, if the Court were to grant the plaintiffs' request, it would not be imposing conditions on Merck so much as it would be imposing conditions on a foreign court. Just as this Court is mindful of the considerable challenges posed by applying the laws of so many different nations to the plaintiffs' claims, the Court similarly declines to shift such a burden onto its foreign colleagues by requiring that they master and implement our own rules and procedures. The plaintiffs in this case seek to circumvent rules and procedures adopted by the U.K. that reflect considered policy judgments about the appropriateness of jury trials in civil cases, the suitability of certain kinds of evidence at trial, and the desirable scope of discovery. This Court is in no position to call those judgments into question, much less to undermine them by requiring that our own rules or procedures be implemented in their place. Accordingly, the Court declines to impose any additional conditions beyond those already present in its previous dismissal of the foreign class actions.

---

[6] As the court in *Gross* explained, "There is a point at which conditions cease to be a limitation on the defendant and become instead an unwarranted intrusion on the transferee forum's policies governing its judicial system."

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that the foreign individual claims should be dismissed under the doctrine of *forum non conveniens*.  Accordingly, IT IS ORDERED that the complaints of the plaintiffs listed in Exhibit A are hereby dismissed, provided that:

(i)     The Defendant submit to service of process and jurisdiction in each of the appropriate forums with respect to lawsuits relating to Vioxx;

(ii)    The Defendant shall agree to satisfy any final judgment rendered by a foreign forum relating to such claims;

(iii)   The Defendant will not, in raising any statute of limitations or similar defense in such forums, include the period that a suit, not barred by a statute of limitations in this country, was pending against it in a court of the United States;

(iv)    The Defendant will not act to prevent the plaintiffs from returning to this Court if the appropriate foreign forums decline to accept jurisdiction, provided that an action is filed in those forums within 120 days of the order of dismissal.

New Orleans, Louisiana, this 10th day of February, 2009.


_Eldon E. Fallon_
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 1 | 2:06-cv-06463-EEF-DEK | Silver, Wayne | | Canada | Andrews and Thornton |
| 2 | 2:06-cv-05905-EEF-DEK | Spellman, Brian | | Canada | Andrews and Thornton |
| 3 | 2:06-cv-05498-EEF-DEK | Malzieu, Fabrice | | France | Brandi Law Firm |
| 4 | 2:06-cv-00060-EEF-DEK | Alkhammach, Khaldoun | | Kuwait | Daniel E. Becnel Jr. Law |
| 5 | 2:06-cv-00060-EEF-DEK | Bourgoin, Berthe | | Canada | Daniel E. Becnel Jr. Law |
| 6 | 2:06-cv-03162-EEF-DEK | Murray, John | | Canada | Daniel E. Becnel Jr. Law |
| 7 | 2:06-cv-00060-EEF-DEK | Patino, Marco | | Mexico | Daniel E. Becnel Jr. Law |
| 8 | 2:08-cv-00587-EEF-DEK | Burns, John | | Canada | Gallagher Law Firm |
| 9 | 2:06-cv-10773-EEF-DEK | Brown, Peter | | Canada | Jeffrey J. Lowe PC;Carey and Danis LLC;Kell Lampin LLC;Schaffer and Lamere PC;Walther Glenn Law |
| 10 | 2:06-cv-10773-EEF-DEK | Higham, Alan | Cripple, Nancy | England | Jeffrey J. Lowe PC;Carey and Danis LLC;Kell Lampin LLC;Schaffer and Lamere PC;Walther Glenn Law |
| 11 | 2:07-cv-01252-EEF-DEK | Adam, Rona | Adam, Thomas L B | United Kingdom | Newman Fitch Altheim Myers |
| 12 | 2:07-cv-01252-EEF-DEK | Grant, William M | Grant, Margaret L | Scotland | Newman Fitch Altheim Myers |
| 13 | 2:07-cv-01252-EEF-DEK | Sutherland, Jean | Sutherland, Peter | Scotland | Newman Fitch Altheim Myers |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 14 | 2:06-cv-03683-EEF-DEK | Boorany, Sol | | Canada | Wagstaff and Cartmell LLP;Bertram Law LLC;Popham Law Firm;Bartimus Frickleton Robertson and Gorny PC;Goza and Honnold LLC;Davis Bethune and Jones LLC;Shrager Spivey and Sachs |
| 15 | 2:07-cv-00344-EEF-DEK | Fernandez, Martha | | Mexico | Steven A. Fabbro Law |
| 16 | 2:05-cv-05586-EEF-DEK | Fennema, Fokke | | Netherlands | Aaron M. Levine and Associates |
| 17 | 2:06-cv-11333-EEF-DEK | Adams, Lillian J | | Scotland | Joseph C. Blanks Law |
| 18 | 2:06-cv-11333-EEF-DEK | Addison, Bridget G | Addison, John | Scotland | Joseph C. Blanks Law |
| 19 | 2:06-cv-11333-EEF-DEK | Aitken, John | Aitken, Lily | Scotland | Joseph C. Blanks Law |
| 20 | 2:06-cv-11333-EEF-DEK | Anderson, Alexandria | Anderson, William | United Kingdom | Joseph C. Blanks Law |
| 21 | 08-cv-01613 | Anderson, Margaret | Anderson, John | United Kingdom | Joseph C. Blanks Law |
| 22 | 2:06-cv-11333-EEF-DEK | Archibald, Agnes | Archibald, James | Scotland | Joseph C. Blanks Law |
| 23 | 2:06-cv-11333-EEF-DEK | Atkinson, Isabella J | Atkinson, James | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 24 | 2:06-cv-11333-EEF-DEK | Barnes, Margaret | Barnes, David | Scotland | Joseph C. Blanks Law |
| 25 | 2:06-cv-11333-EEF-DEK | Barr, Anne M | Barr, James | Scotland | Joseph C. Blanks Law |
| 26 | 2:06-cv-11333-EEF-DEK | Barr, Jane M | Barr, James | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 27 | 2:06-cv-11333-EEF-DEK | Barrie, Elizabeth W | Barrie, George | Scotland | Joseph C. Blanks Law |
| 28 | 2:06-cv-11333-EEF-DEK | Bell, Robert W | Bell, Janet K | England | Joseph C. Blanks Law |
| 29 | 2:06-cv-11333-EEF-DEK | Blair, Joseph | | Scotland | Joseph C. Blanks Law |
| 30 | 2:07-cv-00395-EEF-DEK | Blane, Margaret | Blane, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 31 | 2:06-cv-11333-EEF-DEK | Boyd, Marion | Boyd, Mr | Scotland | Joseph C. Blanks Law |
| 32 | 2:06-cv-11333-EEF-DEK | Bradbury, Robert A | Bradbury, Diane | England | Joseph C. Blanks Law |
| 33 | 2:07-cv-00395-EEF-DEK | Braid, Michael | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 34 | 2:06-cv-11333-EEF-DEK | Brennan, Edward J | Brennan, Mary B | Ireland | Joseph C. Blanks Law |
| 35 | 2:06-cv-11333-EEF-DEK | Brennan, James | Brennan, Margaret | Scotland | Joseph C. Blanks Law |
| 36 | 2:06-cv-11333-EEF-DEK | Brown, Norma | | Scotland | Joseph C. Blanks Law |
| 37 | 2:06-cv-11333-EEF-DEK | Browne, Joseph C | Browne, Margaret M | Wales | Joseph C. Blanks Law |
| 38 | 2:06-cv-11333-EEF-DEK | Brumpton, Frederick | | Scotland | Joseph C. Blanks Law |
| 39 | 2:06-cv-11333-EEF-DEK | Bryce, David | | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 40 | 2:06-cv-11333-EEF-DEK | Bryson, William S | Bryson, William | United Kingdom | Joseph C. Blanks Law |
| 41 | 2:06-cv-11333-EEF-DEK | Buckley, David | Buckley, Doris | England | Joseph C. Blanks Law |
| 42 | 2:06-cv-11333-EEF-DEK | Burch, Joseph K | Burch, Elizabeth | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 43 | 2:06-cv-11333-EEF-DEK | Burgess, Thomas | | Scotland | Joseph C. Blanks Law |
| 44 | 2:06-cv-11333-EEF-DEK | Burns, Kathleen M | Burch, James | Scotland | Joseph C. Blanks Law |
| 45 | 2:07-cv-00395-EEF-DEK | Byrne, Angela | | Ireland | Joseph C. Blanks Law |
| 46 | 2:06-cv-11333-EEF-DEK | Byrne, Ellen J | Byrne, Sharon S | England | Joseph C. Blanks Law |
| 47 | 2:06-cv-11333-EEF-DEK | Calder, Robert | Calder, Janette | Scotland | Joseph C. Blanks Law |
| 48 | 2:06-cv-11333-EEF-DEK | Cameron, Robert B | | Scotland | Joseph C. Blanks Law |
| 49 | 08-cv-01614 | Campbell, John | Campbell, Elizabeth | United Kingdom | Joseph C. Blanks Law |
| 50 | 2:06-cv-11333-EEF-DEK | Campbell, Kathleen | Campbell, Thomas | Scotland | Joseph C. Blanks Law |
| 51 | 2:06-cv-11333-EEF-DEK | Campbell, Neil | Campbell, Mrs | Scotland | Joseph C. Blanks Law |
| 52 | 2:06-cv-11333-EEF-DEK | Cartledge, Anne | Cartledge, Robert | Scotland | Joseph C. Blanks Law |
| 53 | 2:06-cv-11333-EEF-DEK | Chamberlain, Elizabeth | Chamberlain, Victor L | Scotland | Joseph C. Blanks Law |
| 54 | 2:06-cv-11333-EEF-DEK | Chisnall, Edward H | | Scotland | Joseph C. Blanks Law |
| 55 | 2:06-cv-11333-EEF-DEK | Clancy, Hugh | Clancy, Mrs | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 56 | 2:06-cv-11333-EEF-DEK | Clark, George | Clark, Ann M | Scotland | Joseph C. Blanks Law |
| 57 | 2:06-cv-11333-EEF-DEK | Clark, Isabelle A | Clark, John A | United Kingdom | Joseph C. Blanks Law |
| 58 | 2:06-cv-11333-EEF-DEK | Clark, Margaret W Rose | Rose, Henry M | United Kingdom | Joseph C. Blanks Law |
| 59 | 2:06-cv-11333-EEF-DEK | Cliffe, Ian P | Cliffe, Sylvia M | Scotland | Joseph C. Blanks Law |
| 60 | 2:06-cv-11333-EEF-DEK | Clive, Jean | | Scotland | Joseph C. Blanks Law |
| 61 | 2:06-cv-11333-EEF-DEK | Cochrane, Robert | Cochrane, Maria T | Scotland | Joseph C. Blanks Law |
| 62 | 2:06-cv-11333-EEF-DEK | Colclough, James C | Colclough, Joyce M | Scotland | Joseph C. Blanks Law |
| 63 | 2:06-cv-11333-EEF-DEK | Cole, Andrew H | Cole, Christina M | England | Joseph C. Blanks Law |
| 64 | 08-cv-01615 | Collins, Marion | N/A | United Kingdom | Joseph C. Blanks Law |
| 65 | 2:06-cv-11333-EEF-DEK | Combe, Jeananne H | | England | Joseph C. Blanks Law |
| 66 | 2:07-cv-00395-EEF-DEK | Connolly, Linda | Connolly, Mr | Scotland | Joseph C. Blanks Law |
| 67 | 2:06-cv-11333-EEF-DEK | Conroy, Alice | Conroy, John | United Kingdom | Joseph C. Blanks Law |
| 68 | 2:06-cv-11333-EEF-DEK | Costello, Christina | Costello, Charles | Scotland | Joseph C. Blanks Law |
| 69 | 2:06-cv-11333-EEF-DEK | Craven, Sheila | Craven, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 70 | 2:07-cv-00395-EEF-DEK | Crosby, Douglas Victor | Crosby, Mrs | England | Joseph C. Blanks Law |
| 71 | 2:06-cv-11333-EEF-DEK | Cullen, William | Cullen, James | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 72 | 2:06-cv-11333-EEF-DEK | Cunningham, Catherine | | Scotland | Joseph C. Blanks Law |
| 73 | 2:06-cv-11333-EEF-DEK | Cunningham, Evelyn E | | Scotland | Joseph C. Blanks Law |
| 74 | 2:06-cv-11333-EEF-DEK | Cunningham, Steven | Cunningham, Mrs | Scotland | Joseph C. Blanks Law |
| 75 | 2:06-cv-11333-EEF-DEK | Cunningham, William | Cunningham, Ann | Scotland | Joseph C. Blanks Law |
| 76 | 2:06-cv-11333-EEF-DEK | Dallas, Sandra E | Dallas, Paul | Scotland | Joseph C. Blanks Law |
| 77 | 2:07-cv-00395-EEF-DEK | Daly, George | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 78 | 2:06-cv-11333-EEF-DEK | Dar, Muhammad A | Dar, Naira S | Scotland | Joseph C. Blanks Law |
| 79 | 2:06-cv-11333-EEF-DEK | Dawson, Sandra | Dawson, Anthony Alan | United Kingdom | Joseph C. Blanks Law |
| 80 | 2:06-cv-11333-EEF-DEK | Dempster, Ann | Dempster, James | Scotland | Joseph C. Blanks Law |
| 81 | 2:06-cv-11333-EEF-DEK | Devenay, Ann M | | Scotland | Joseph C. Blanks Law |
| 82 | 2:06-cv-11333-EEF-DEK | Devlin, Margaret | Devlin, Mr | Scotland | Joseph C. Blanks Law |
| 83 | 2:06-cv-11333-EEF-DEK | Dodds, Christina | Dodds, Thomas | Scotland | Joseph C. Blanks Law |
| 84 | 2:06-cv-11333-EEF-DEK | Doherty, Catherine | | Scotland | Joseph C. Blanks Law |
| 85 | 2:06-cv-11333-EEF-DEK | Donegan, Marie | Donegan, Mr | United Kingdom | Joseph C. Blanks Law |
| 86 | 2:06-cv-11333-EEF-DEK | Donegan, Marie K | Donegan, Mr | Scotland | Joseph C. Blanks Law |
| 87 | 2:06-cv-11333-EEF-DEK | Douglas, Jane H | Douglas, Mr | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 88 | 2:06-cv-11333-EEF-DEK | Dowling, John M | Dowling, Eilish A | Ireland | Joseph C. Blanks Law |
| 89 | 2:06-cv-11333-EEF-DEK | Duguid, Charles J | Duguid, Charles J | Scotland | Joseph C. Blanks Law |
| 90 | 2:07-cv-00395-EEF-DEK | Duncan, Margaret A W | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 91 | 2:07-cv-00395-EEF-DEK | Dunlop, Ann | Dunlop, James | Scotland | Joseph C. Blanks Law |
| 92 | 2:06-cv-11333-EEF-DEK | Dunsmuir, Linda | Dunsmuir, Kenneth R | Scotland | Joseph C. Blanks Law |
| 93 | 2:06-cv-11333-EEF-DEK | Dyer, Kate R | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 94 | 2:06-cv-11333-EEF-DEK | Elder, John A | Elder, Deborah T | Scotland | Joseph C. Blanks Law |
| 95 | 2:06-cv-11333-EEF-DEK | Evans, Elizabeth | Winning, William | Scotland | Joseph C. Blanks Law |
| 96 | 2:07-cv-00395-EEF-DEK | Evans, Jennifer | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 97 | 2:06-cv-11333-EEF-DEK | Finlayson, Helen | Finlayson, Mr. | Scotland | Joseph C. Blanks Law |
| 98 | 2:06-cv-11333-EEF-DEK | Flynn, Thomas | Flynn, Mrs. | Scotland | Joseph C. Blanks Law |
| 99 | 2:06-cv-11333-EEF-DEK | Forbes, John B | Forbes, Johanna K | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 100 | 2:07-cv-00395-EEF-DEK | Forrest, Ronald | | England | Joseph C. Blanks Law |
| 101 | 2:06-cv-11333-EEF-DEK | Freeland, Elizabeth M | | Scotland | Joseph C. Blanks Law |
| 102 | 2:06-cv-11333-EEF-DEK | Gara, John | Gara, Margaret | Scotland | Joseph C. Blanks Law |
| 103 | 2:06-cv-11333-EEF-DEK | Gillespie, William J | Gillespie, Sheila | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 104 | 2:06-cv-11333-EEF-DEK | Gillett, Denys A | Gillett, Marie | England | Joseph C. Blanks Law |
| 105 | 2:06-cv-11333-EEF-DEK | Gilpin, Sheila D | Gilpin, Mr. | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 106 | 2:06-cv-11333-EEF-DEK | Glaisher, Janet M | | Scotland | Joseph C. Blanks Law |
| 107 | 2:06-cv-11333-EEF-DEK | Gorrie, Pauline F | Gorrie, Thomas A | Scotland | Joseph C. Blanks Law |
| 108 | 2:06-cv-11333-EEF-DEK | Gray, Kenneth | Gray, Isabella | Scotland | Joseph C. Blanks Law |
| 109 | 2:06-cv-11333-EEF-DEK | Gray, Leonard | Gray, Gail | England | Joseph C. Blanks Law |
| 110 | 2:06-cv-11333-EEF-DEK | Greenock, Jean | Greenock, Robert | Scotland | Joseph C. Blanks Law |
| 111 | 2:06-cv-11333-EEF-DEK | Greig, James B | | England | Joseph C. Blanks Law |
| 112 | 2:06-cv-11333-EEF-DEK | Griffin, Jean F | Griffin, Shaun P | England | Joseph C. Blanks Law |
| 113 | 2:06-cv-11333-EEF-DEK | Guillot, Bernard J | Guillot, Susan L | Scotland | Joseph C. Blanks Law |
| 114 | 2:06-cv-11333-EEF-DEK | Guthrie, Josephine M | | Scotland | Joseph C. Blanks Law |
| 115 | 2:06-cv-11333-EEF-DEK | Hall, John T | Hall, Honor M | Scotland | Joseph C. Blanks Law |
| 116 | 2:07-cv-00395-EEF-DEK | Hamilton, David | Hamilton, Ann | Scotland | Joseph C. Blanks Law |
| 117 | 2:06-cv-11333-EEF-DEK | Hamilton, Janette | | Scotland | Joseph C. Blanks Law |
| 118 | 08-cv-01616 | Hamilton, William | Hamilton, Janette | United Kingdom | Joseph C. Blanks Law |
| 119 | 2:07-cv-00395-EEF-DEK | Harris, Amanda Jane | | Great Britain and Northern Ireland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 120 | 2:06-cv-11333-EEF-DEK | Harrower, Janet | Harrower, Mr. | Scotland | Joseph C. Blanks Law |
| 121 | 2:07-cv-00395-EEF-DEK | Hart, Philip | | England | Joseph C. Blanks Law |
| 122 | 2:06-cv-11333-EEF-DEK | Haslam, Olive | | England | Joseph C. Blanks Law |
| 123 | 2:06-cv-11333-EEF-DEK | Hawkins, Frederick | Hawkins, Dorothy | United Kingdom | Joseph C. Blanks Law |
| 124 | 2:06-cv-11333-EEF-DEK | Hawtin, Ian M | Hawtin, Andrea | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 125 | 2:06-cv-11333-EEF-DEK | Hay, Stanley R | Hay, Mary T C | Scotland | Joseph C. Blanks Law |
| 126 | 2:07-cv-00395-EEF-DEK | Hayes, Mary | Hayes, Niall J | Ireland | Joseph C. Blanks Law |
| 127 | 2:06-cv-11333-EEF-DEK | Hilsdon, Zetta M | Hilsdon, Joseph A | England | Joseph C. Blanks Law |
| 128 | 2:06-cv-11333-EEF-DEK | Hodge, Elizabeth | Hodge, Matthew H | Scotland | Joseph C. Blanks Law |
| 129 | 2:06-cv-11333-EEF-DEK | Hogg, Donald McDonald | Hogg, Margaret M | Scotland | Joseph C. Blanks Law |
| 130 | 2:06-cv-11333-EEF-DEK | Howe, William | | England | Joseph C. Blanks Law |
| 131 | 2:06-cv-11333-EEF-DEK | Huckvale, Ronald | Huckvale, Margaret | England | Joseph C. Blanks Law |
| 132 | 2:06-cv-11333-EEF-DEK | Hughes, Denise Maria | Hughes, Samuel J | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 133 | 2:06-cv-11333-EEF-DEK | Hughes, Sheila | Hughes, Thomas | Scotland | Joseph C. Blanks Law |
| 134 | 2:06-cv-11333-EEF-DEK | Hunter, Agnes G | McGone, James | Scotland | Joseph C. Blanks Law |
| 135 | 2:07-cv-00395-EEF-DEK | Hunter, Helen | | Great Britain and Northern Ireland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 136 | 2:06-cv-11333-EEF-DEK | Hurles, Francis P | Hurles, Mr | Scotland | Joseph C. Blanks Law |
| 137 | 2:06-cv-11333-EEF-DEK | Innes, Elizabeth W | | Scotland | Joseph C. Blanks Law |
| 138 | 2:06-cv-11333-EEF-DEK | Ionta, Giovanna | Ionta, Thomas | Scotland | Joseph C. Blanks Law |
| 139 | 2:06-cv-11333-EEF-DEK | Jack, Elizabeth | Jack, James | Scotland | Joseph C. Blanks Law |
| 140 | 2:06-cv-11333-EEF-DEK | Jackson, Ann J | | Scotland | Joseph C. Blanks Law |
| 141 | 2:07-cv-00395-EEF-DEK | James, Anthony | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 142 | 2:06-cv-11333-EEF-DEK | Jamieson, John H | Jamieson, Lorna S | Scotland | Joseph C. Blanks Law |
| 143 | 2:06-cv-11333-EEF-DEK | Jenkins, Brenda M | | England | Joseph C. Blanks Law |
| 144 | 2:06-cv-11333-EEF-DEK | Johnson, Margaret | Johnson, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 145 | 2:06-cv-11333-EEF-DEK | Johnston, Thomas | Reilly, Isabel | Scotland | Joseph C. Blanks Law |
| 146 | 2:06-cv-11333-EEF-DEK | Johnstone, Duncan T | Johnstone, Sandra M | Scotland | Joseph C. Blanks Law |
| 147 | 2:06-cv-11333-EEF-DEK | Jones, Brian Charles | Jones, Elizabeth | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 148 | 2:06-cv-11333-EEF-DEK | Jones, Frances | Jones, Frederick J | Scotland | Joseph C. Blanks Law |
| 149 | 2:06-cv-11333-EEF-DEK | Jones, Jean | Jones, William | Scotland | Joseph C. Blanks Law |
| 150 | 2:06-cv-11333-EEF-DEK | Jones, William G | Jones, Joan M | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 151 | 2:06-cv-11333-EEF-DEK | Kadziola, Harold | Kadziola, Joan E | England | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 152 | 2:06-cv-11333-EEF-DEK | Kelly, Jane | Kelly, Mr | Scotland | Joseph C. Blanks Law |
| 153 | 2:06-cv-11333-EEF-DEK | Kelly, Maureen | Kelly, Mr | Scotland | Joseph C. Blanks Law |
| 154 | 2:06-cv-11333-EEF-DEK | Kemp, Valerie | Kemp, David M | England | Joseph C. Blanks Law |
| 155 | 2:07-cv-00395-EEF-DEK | Kendrick, Anthony | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 156 | 2:06-cv-11333-EEF-DEK | Kerr, James | | Scotland | Joseph C. Blanks Law |
| 157 | 2:06-cv-11333-EEF-DEK | Kett, Jeanette | Kett, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 158 | 2:06-cv-11333-EEF-DEK | Kilday, Fiona | Kilday, William | Scotland | Joseph C. Blanks Law |
| 159 | 2:06-cv-11333-EEF-DEK | King, Gladys E | King, Colin | England | Joseph C. Blanks Law |
| 160 | 2:06-cv-11333-EEF-DEK | King, Thomas | King, Mrs | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 161 | 2:06-cv-11333-EEF-DEK | Kupczak, John D | | England | Joseph C. Blanks Law |
| 162 | 2:06-cv-11333-EEF-DEK | Kyle, Derrick | Kyle, Patricia J D | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 163 | 2:06-cv-11333-EEF-DEK | Laird, Margaret H | | Scotland | Joseph C. Blanks Law |
| 164 | 2:06-cv-11333-EEF-DEK | Latham, Elaine | Latham, Mr | Scotland | Joseph C. Blanks Law |
| 165 | 2:06-cv-11333-EEF-DEK | Law, David W | Law, Marion H | Scotland | Joseph C. Blanks Law |
| 166 | 2:06-cv-11333-EEF-DEK | Law, Derek K | Law, Sheila M | England | Joseph C. Blanks Law |
| 167 | 2:06-cv-11333-EEF-DEK | Lawson, William | Lawson, Jean | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 168 | 2:06-cv-11333-EEF-DEK | Leak, Catherine | Leak, William E | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 169 | 2:06-cv-11333-EEF-DEK | Lennon, Agnes S | Lennon, James | Scotland | Joseph C. Blanks Law |
| 170 | 2:06-cv-11333-EEF-DEK | Leonard, Francis | | Scotland | Joseph C. Blanks Law |
| 171 | 2:06-cv-11333-EEF-DEK | Lettin, Margaret E I | Lettin, Nelson | Scotland | Joseph C. Blanks Law |
| 172 | 2:06-cv-11333-EEF-DEK | Lewis, Robert | Lewis, Lorraine F | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 173 | 2:06-cv-11333-EEF-DEK | Linford, John | Linford, Muriel | England | Joseph C. Blanks Law |
| 174 | 2:07-cv-00395-EEF-DEK | Locke, Leon | Locke, Greta | United Kingdom | Joseph C. Blanks Law |
| 175 | 2:06-cv-11333-EEF-DEK | Lockhart, Anthony | Lockhart, Patricia B | Scotland | Joseph C. Blanks Law |
| 176 | 2:06-cv-11333-EEF-DEK | Love, Rachel F | Love, Gordon | Scotland | Joseph C. Blanks Law |
| 177 | 2:06-cv-11333-EEF-DEK | Lyttle, George T | Lyttle, Eleanor | Scotland | Joseph C. Blanks Law |
| 178 | 2:06-cv-11333-EEF-DEK | MacDonald, Angus | MacDonald, Elizabeth | United Kingdom | Joseph C. Blanks Law |
| 179 | 2:06-cv-11333-EEF-DEK | MacDonald, Christina T | MacDonald, James S | Scotland | Joseph C. Blanks Law |
| 180 | 2:06-cv-11333-EEF-DEK | Mackay, Catherine M | Mackay, Ronnie A | Scotland | Joseph C. Blanks Law |
| 181 | 2:06-cv-11333-EEF-DEK | Mackay, Mary | Mackay, Donald M | Scotland | Joseph C. Blanks Law |
| 182 | 2:06-cv-11333-EEF-DEK | MacLeod, John | MacLeod, Ann B | Scotland | Joseph C. Blanks Law |
| 183 | 2:06-cv-11333-EEF-DEK | MacMillan, Maureen | MacMillan, Alexander | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 184 | 2:06-cv-11333-EEF-DEK | Magee, Catherine | Magee, Ronald | Scotland | Joseph C. Blanks Law |
| 185 | 2:06-cv-11333-EEF-DEK | Magee, Robert W | Magee, Mrs | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 186 | 2:06-cv-11333-EEF-DEK | Mair, Robert | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 187 | 2:06-cv-11333-EEF-DEK | Manley, Samuel | Manley, Mrs | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 188 | 2:06-cv-11333-EEF-DEK | Marsili, Mary H | Marsili, Eliseo | Scotland | Joseph C. Blanks Law |
| 189 | 2:06-cv-11333-EEF-DEK | Mayne, Lilian Y | | Scotland | Joseph C. Blanks Law |
| 190 | 2:06-cv-11333-EEF-DEK | McAdam, John | McAdam, Patricia | Scotland | Joseph C. Blanks Law |
| 191 | 2:06-cv-11333-EEF-DEK | McAllister, Neil | | Scotland | Joseph C. Blanks Law |
| 192 | 2:06-cv-11333-EEF-DEK | McBurnie, William | | Scotland | Joseph C. Blanks Law |
| 193 | 2:06-cv-11333-EEF-DEK | McCallum, Alexander | | Scotland | Joseph C. Blanks Law |
| 194 | 2:06-cv-11333-EEF-DEK | McCarthy, Andy | McCarthy, Bridget | Ireland | Joseph C. Blanks Law |
| 195 | 2:06-cv-11333-EEF-DEK | McCartney, Mary H | | Scotland | Joseph C. Blanks Law |
| 196 | 2:06-cv-11333-EEF-DEK | McComb, James | McComb, Gordon | Scotland | Joseph C. Blanks Law |
| 197 | 2:06-cv-11333-EEF-DEK | McCracken, John G | McCracken, Aileen M | Scotland | Joseph C. Blanks Law |
| 198 | 2:06-cv-11333-EEF-DEK | McCracken, John R | McCracken, Margaret C | Scotland | Joseph C. Blanks Law |
| 199 | 2:06-cv-11333-EEF-DEK | McDevitt, Anthony | McDevitt, Kathleen | Scotland | Joseph C. Blanks Law |

|  | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 200 | 2:06-cv-11333-EEF-DEK | McDonald, Jean Margaret | McDonald, Thomas S | England | Joseph C. Blanks Law |
| 201 | 2:06-cv-11333-EEF-DEK | McDonald, Richard | McDonald, Mrs | Ireland | Joseph C. Blanks Law |
| 202 | 2:06-cv-11333-EEF-DEK | McDowall, William | McDowall, Margaret | Scotland | Joseph C. Blanks Law |
| 203 | 2:06-cv-11333-EEF-DEK | McGeachy, Marion | McGeachy, Hugh | Scotland | Joseph C. Blanks Law |
| 204 | 2:06-cv-11333-EEF-DEK | McGrael, John F | | Ireland | Joseph C. Blanks Law |
| 205 | 2:06-cv-11333-EEF-DEK | McGrath, Patrick | | Scotland | Joseph C. Blanks Law |
| 206 | 2:06-cv-11333-EEF-DEK | McGreal, John F | McGrael, Catherine | Ireland | Joseph C. Blanks Law |
| 207 | 2:06-cv-11333-EEF-DEK | McGuire, William | | United Kingdom | Joseph C. Blanks Law |
| 208 | 2:06-cv-11333-EEF-DEK | McIlduff, Agnes | McIlduff, William | Scotland | Joseph C. Blanks Law |
| 209 | 2:06-cv-11333-EEF-DEK | McIntosh, Heather | McIntosh, Thomas B | United Kingdom | Joseph C. Blanks Law |
| 210 | 2:06-cv-11333-EEF-DEK | McIntosh, Thomas B | | Scotland | Joseph C. Blanks Law |
| 211 | 2:06-cv-11333-EEF-DEK | McKean, Catherine | McKean, John | Scotland | Joseph C. Blanks Law |
| 212 | 2:06-cv-11333-EEF-DEK | McLaren, John B | Law, Norma | Scotland | Joseph C. Blanks Law |
| 213 | 2:06-cv-11333-EEF-DEK | McLaughlin, Jean | | Scotland | Joseph C. Blanks Law |
| 214 | 2:06-cv-11333-EEF-DEK | McLaughlin, Sarah J | McLaughlin, Gerard | Scotland | Joseph C. Blanks Law |
| 215 | 2:06-cv-11333-EEF-DEK | McMahon, Isabella K | McMahon, Thomas | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 216 | 2:06-cv-11333-EEF-DEK | McMahon, Joseph P | McMahon, Kathleen | Ireland | Joseph C. Blanks Law |
| 217 | 2:06-cv-11333-EEF-DEK | McMahon, Kathleen | McMahon, Michael | Scotland | Joseph C. Blanks Law |
| 218 | 2:06-cv-11333-EEF-DEK | McMeel, Patrick A | McMeel, Bertha M | Ireland | Joseph C. Blanks Law |
| 219 | 2:07-cv-00395-EEF-DEK | McMeel, Patrick G | McMeel, Bertha | Ireland | Joseph C. Blanks Law |
| 220 | 2:06-cv-11333-EEF-DEK | McMillan, Margaret | McMillan, Robert | Scotland | Joseph C. Blanks Law |
| 221 | 2:06-cv-11333-EEF-DEK | McNeillie, Isabel | | Ireland | Joseph C. Blanks Law |
| 222 | 2:06-cv-11333-EEF-DEK | Meechan, Mary | | Scotland | Joseph C. Blanks Law |
| 223 | 2:06-cv-11333-EEF-DEK | Miles, Leslie J P | Miles, Ann D | Scotland | Joseph C. Blanks Law |
| 224 | 2:07-cv-00395-EEF-DEK | Mill, Steven | | United Kingdom | Joseph C. Blanks Law |
| 225 | 2:06-cv-11333-EEF-DEK | Millar, Christopher | Millar, Mrs | United Kingdom | Joseph C. Blanks Law |
| 226 | 2:06-cv-11333-EEF-DEK | Millar, Morag | | Scotland | Joseph C. Blanks Law |
| 227 | 2:06-cv-11333-EEF-DEK | Miller, Dudley | Miller, Aileen J | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 228 | 2:06-cv-11333-EEF-DEK | Miller, Mary | | Scotland | Joseph C. Blanks Law |
| 229 | 2:06-cv-11333-EEF-DEK | Milne, Margaret A | Milne, George F | Scotland | Joseph C. Blanks Law |
| 230 | 2:06-cv-11333-EEF-DEK | Moffat, June | Moffat, Mr | Scotland | Joseph C. Blanks Law |
| 231 | 2:06-cv-11333-EEF-DEK | Mooney, Robert | Mooney, Mary | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 232 | 2:06-cv-11333-EEF-DEK | Moore, Eileen | | England | Joseph C. Blanks Law |
| 233 | 2:06-cv-11333-EEF-DEK | Moran, Robert | Moran, Mrs | Scotland | Joseph C. Blanks Law |
| 234 | 2:06-cv-11333-EEF-DEK | Morris, Kathleen | Morris, Alexander | Scotland | Joseph C. Blanks Law |
| 235 | 2:06-cv-11333-EEF-DEK | Morrison, Helen | Morrison, William | Scotland | Joseph C. Blanks Law |
| 236 | 2:06-cv-11333-EEF-DEK | Muir, William | Muir, Sylvianne | Scotland | Joseph C. Blanks Law |
| 237 | 2:06-cv-11333-EEF-DEK | Murdoch, James M | Murdoch, Mary | Scotland | Joseph C. Blanks Law |
| 238 | 2:06-cv-11333-EEF-DEK | Murphy, Daniel | Murphy, Sandra D | Scotland | Joseph C. Blanks Law |
| 239 | 2:06-cv-11333-EEF-DEK | Murphy, David | Murphy, Solange A | England | Joseph C. Blanks Law |
| 240 | 2:06-cv-11333-EEF-DEK | Murray, Robert | Murray, Dianne | Scotland | Joseph C. Blanks Law |
| 241 | 2:06-cv-11333-EEF-DEK | Neill, Alice | Neill, Mr | Scotland | Joseph C. Blanks Law |
| 242 | 2:06-cv-11333-EEF-DEK | Nicol, Winton | Nicol, Margaret H | Scotland | Joseph C. Blanks Law |
| 243 | 2:06-cv-11333-EEF-DEK | OHagan, John | OHagan, Sarah | Scotland | Joseph C. Blanks Law |
| 244 | 2:06-cv-11333-EEF-DEK | Oldman, Irene J | | Scotland | Joseph C. Blanks Law |
| 245 | 2:06-cv-11333-EEF-DEK | Paige, Anne | | Scotland | Joseph C. Blanks Law |
| 246 | 2:06-cv-11333-EEF-DEK | Paisley, Andrew | Paisley, Mrs | Scotland | Joseph C. Blanks Law |
| 247 | 2:06-cv-11333-EEF-DEK | Paterson, Moira D | Souter, Mary Doig | United Kingdom | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 248 | 2:06-cv-11333-EEF-DEK | Pinterich, Patricia | Pinterich, Vincent E | Scotland | Joseph C. Blanks Law |
| 249 | 2:06-cv-11333-EEF-DEK | Preston, Catherine | Preston, Roy | Scotland | Joseph C. Blanks Law |
| 250 | 2:06-cv-11333-EEF-DEK | Price, David | Price, Margaret E | England | Joseph C. Blanks Law |
| 251 | 2:06-cv-11333-EEF-DEK | Purves, William | Purves, Thomasina A | Scotland | Joseph C. Blanks Law |
| 252 | 2:06-cv-11333-EEF-DEK | Reid, Donald M | Reid, Myra J | Scotland | Joseph C. Blanks Law |
| 253 | 08-cv-01617 | Reid, Henry | Reid, Carolyn | United Kingdom | Joseph C. Blanks Law |
| 254 | 2:06-cv-11333-EEF-DEK | Reilly, John | Reilly, LisaAnne | United Kingdom | Joseph C. Blanks Law |
| 255 | 2:06-cv-11333-EEF-DEK | Relf, Bridget P | | England | Joseph C. Blanks Law |
| 256 | 2:06-cv-11333-EEF-DEK | Rendall, Robert M | | Scotland | Joseph C. Blanks Law |
| 257 | 2:06-cv-11333-EEF-DEK | Richardson, Jacqueline E | | Scotland | Joseph C. Blanks Law |
| 258 | 2:07-cv-00395-EEF-DEK | Rimmer, Derek | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 259 | 2:06-cv-11333-EEF-DEK | Robertson, Andrew | Robertson, Caroline | Scotland | Joseph C. Blanks Law |
| 260 | 2:06-cv-11333-EEF-DEK | Robertson, Catherine | | Scotland | Joseph C. Blanks Law |
| 261 | 2:06-cv-11333-EEF-DEK | Robertson, Charles | Robertson, Elizabeth | Scotland | Joseph C. Blanks Law |
| 262 | 2:06-cv-11333-EEF-DEK | Robertson, William | Robertson, Margaret R | Scotland | Joseph C. Blanks Law |
| 263 | 2:06-cv-11333-EEF-DEK | Robin, Miep | Robin, Mrs | Great Britain and Northern Ireland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 264 | 2:06-cv-11333-EEF-DEK | Rodger, Alexander M | Valante, Frieda | Scotland | Joseph C. Blanks Law |
| 265 | 2:06-cv-11333-EEF-DEK | Rogers, Isobel C | | Scotland | Joseph C. Blanks Law |
| 266 | 2:06-cv-11333-EEF-DEK | Roose, Ronald | Roose, Anne | Scotland | Joseph C. Blanks Law |
| 267 | 2:06-cv-11333-EEF-DEK | Ross, Farquhar M | Ross, Alan S | Scotland | Joseph C. Blanks Law |
| 268 | 2:07-cv-00395-EEF-DEK | Rutherford, Ross | Berry, Annette | Scotland | Joseph C. Blanks Law |
| 269 | 2:06-cv-11333-EEF-DEK | Samson, Rosemary | Samson, Thomas | Scotland | Joseph C. Blanks Law |
| 270 | 2:07-cv-00395-EEF-DEK | Searle, Agnes | Searle, Henry | Scotland | Joseph C. Blanks Law |
| 271 | 2:06-cv-11333-EEF-DEK | Shearer, James | Shearer, Elizabeth | Scotland | Joseph C. Blanks Law |
| 272 | 2:06-cv-11333-EEF-DEK | Skelly, Aileen M | Skelly, John W | Scotland | Joseph C. Blanks Law |
| 273 | 2:06-cv-11333-EEF-DEK | Skinner, Peter R | Skinner, Pauline L | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 274 | 2:06-cv-11333-EEF-DEK | Small, Florence S | Small, James G | United Kingdom | Joseph C. Blanks Law |
| 275 | 2:06-cv-11333-EEF-DEK | Smith, Abram Joseph | Smith, RoseAnne | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 276 | 2:06-cv-11333-EEF-DEK | Smith, Cynthia | Smith, John D | England | Joseph C. Blanks Law |
| 277 | 2:06-cv-11333-EEF-DEK | Smith, Robert C | Smith, Geraldine | Scotland | Joseph C. Blanks Law |
| 278 | 2:07-cv-00395-EEF-DEK | Stark, Robert | Stark, Fiona | Scotland | Joseph C. Blanks Law |
| 279 | 2:06-cv-11333-EEF-DEK | Steele, Ellen | Steele, Stephen | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 280 | 2:06-cv-11333-EEF-DEK | Steven, Isabella | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 281 | 2:06-cv-11333-EEF-DEK | Stewart, Isabella S | | Scotland | Joseph C. Blanks Law |
| 282 | 2:06-cv-11333-EEF-DEK | Stilges, Agnes | Stilges, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 283 | 2:06-cv-11333-EEF-DEK | Stuart, Patrick | Stuart, Catherine Emma Booth | United Kingdom | Joseph C. Blanks Law |
| 284 | 2:06-cv-11333-EEF-DEK | Stubbings, Eleanor | | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 285 | 2:06-cv-11333-EEF-DEK | Sturt, Colin Chas | Sturt, Patricia M | England | Joseph C. Blanks Law |
| 286 | 2:06-cv-11333-EEF-DEK | Taylor, Agnes | | Scotland | Joseph C. Blanks Law |
| 287 | 2:07-cv-00395-EEF-DEK | Taylor, Mark | Taylor, Mrs | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 288 | 2:06-cv-11333-EEF-DEK | Taylor, William | | Scotland | Joseph C. Blanks Law |
| 289 | 2:06-cv-11333-EEF-DEK | Taylor, William Trevor | Taylor, Lesley I | United Kingdom | Joseph C. Blanks Law |
| 290 | 2:07-cv-00395-EEF-DEK | Tew, Hazel | | England | Joseph C. Blanks Law |
| 291 | 2:06-cv-11333-EEF-DEK | Thomas, Royston | Thomas, Doris | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 292 | 2:06-cv-11333-EEF-DEK | Thomson, Adam W | Thomson, Georgina A | Scotland | Joseph C. Blanks Law |
| 293 | 2:06-cv-11333-EEF-DEK | Thomson, Archie J | Thomson, Laura M | Scotland | Joseph C. Blanks Law |
| 294 | 2:06-cv-11333-EEF-DEK | Thomson, George R | Thomson, Helen | Scotland | Joseph C. Blanks Law |
| 295 | 2:06-cv-11333-EEF-DEK | Thomson, Olga | | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 296 | 2:06-cv-11333-EEF-DEK | Tibbetts, Beatrice M | | Scotland | Joseph C. Blanks Law |
| 297 | 2:06-cv-11333-EEF-DEK | Timms, Frederick | Timms, Elizabeth | Scotland | Joseph C. Blanks Law |
| 298 | 2:06-cv-11333-EEF-DEK | Tudhope, Steele | Tudhope, Mrs | Scotland | Joseph C. Blanks Law |
| 299 | 2:06-cv-11333-EEF-DEK | Vannvil, Elizabeth | Vannvil, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 300 | 2:07-cv-00395-EEF-DEK | Walker, Jacqueline | Walker, Frazer | Scotland | Joseph C. Blanks Law |
| 301 | 2:06-cv-11333-EEF-DEK | Walker, Sheena H | Walker, Alan M | Scotland | Joseph C. Blanks Law |
| 302 | 2:06-cv-11333-EEF-DEK | Ward, James | Ward, Nancy | England | Joseph C. Blanks Law |
| 303 | 2:06-cv-11333-EEF-DEK | Warrilow, Elizabeth | Warrilow, Neil D | Scotland | Joseph C. Blanks Law |
| 304 | 2:06-cv-11333-EEF-DEK | Watkins, Henry B | Watkins, Dora | Scotland | Joseph C. Blanks Law |
| 305 | 2:06-cv-11333-EEF-DEK | Watson, Agnes Sheila | Watson, John A | Scotland | Joseph C. Blanks Law |
| 306 | 2:07-cv-00395-EEF-DEK | Watson, Ian | Watson, Mrs | Scotland | Joseph C. Blanks Law |
| 307 | 2:06-cv-11333-EEF-DEK | Watson, John M | Watson, Alice B | Scotland | Joseph C. Blanks Law |
| 308 | 2:06-cv-11333-EEF-DEK | Watson, Lorna | | Scotland | Joseph C. Blanks Law |
| 309 | 2:06-cv-11333-EEF-DEK | Wauchope, William G | Wauchope, Avril | Scotland | Joseph C. Blanks Law |
| 310 | 2:06-cv-11333-EEF-DEK | Waugh, Mavis J | Waugh, Harry | Scotland | Joseph C. Blanks Law |
| 311 | 2:06-cv-11333-EEF-DEK | Webster, Gordon | Webster, Elaine | Scotland | Joseph C. Blanks Law |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 312 | 2:06-cv-11333-EEF-DEK | Weegram, Alexander M | Weegram, Edith P | England | Joseph C. Blanks Law |
| 313 | 2:07-cv-00395-EEF-DEK | Wilkins, Vivienne | Wilkins, Mr | England | Joseph C. Blanks Law |
| 314 | 2:06-cv-11333-EEF-DEK | Williams, Myfanwy | Williams, Mr | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 315 | 08-cv-01618 | Williamson, John | Williamson, Margaret | United Kingdom | Joseph C. Blanks Law |
| 316 | 2:06-cv-11333-EEF-DEK | Wiseman, James | Wiseman, Frances H | Scotland | Joseph C. Blanks Law |
| 317 | 2:06-cv-11333-EEF-DEK | Woods, Michael | Woods, Helena | Wales | Joseph C. Blanks Law |
| 318 | 2:06-cv-11333-EEF-DEK | Woolley, Maureen | | England | Joseph C. Blanks Law |
| 319 | 2:06-cv-11333-EEF-DEK | Wotherspoon, Graham | Wotherspoon, Agnes J | Scotland | Joseph C. Blanks Law |
| 320 | 2:06-cv-11333-EEF-DEK | Wotherspoon, Michael | | Scotland | Joseph C. Blanks Law |
| 321 | 2:06-cv-11333-EEF-DEK | Wright, Duncan | Wright, Julie | Great Britain and Northern Ireland | Joseph C. Blanks Law |
| 322 | 2:06-cv-11333-EEF-DEK | Wyper, Sheila | Wyper, Mr | Scotland | Joseph C. Blanks Law |
| 323 | 2:06-cv-11333-EEF-DEK | Young, Robert | | Scotland | Joseph C. Blanks Law |
| 324 | 2:06-cv-11333-EEF-DEK | Youngs, Geraldine A | Youngs, Frederick A | England | Joseph C. Blanks Law |
| 325 | 2:06-cv-02208-EEF-DEK | Arguelles, Adolfo | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 326 | 2:06-cv-02198-EEF-DEK | Blazieko, Judith M | Martin, David | Canada | Barnes Firm PC;Trepanier and MacGillis PA |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 327 | 2:06-cv-02203-EEF-DEK | Farmer, Don | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 328 | 2:06-cv-02211-EEF-DEK | Galida, Robert | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 329 | 2:06-cv-10625-EEF-DEK | Hudson, John | Hudson, Jean | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 330 | 2:06-cv-02212-EEF-DEK | Ibrahin, Samir | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 331 | 2:06-cv-02199-EEF-DEK | Law, Elaine | Law, Douglas | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 332 | 2:06-cv-02213-EEF-DEK | Leizert, Herbert | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 333 | 2:06-cv-02208-EEF-DEK | Mitchell, Michael | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 334 | 2:06-cv-02214-EEF-DEK | Nikolova, Maria | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 335 | 2:06-cv-02201-EEF-DEK | Paulo, Pamela | Paulo, Kevin | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 336 | 2:06-cv-02211-EEF-DEK | Pavlovic, Dragutin | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 337 | 2:07-cv-03480-EEF-DEK | Perruzza, Anna Marie | Perruzza, Concetta M | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 338 | 2:06-cv-02216-EEF-DEK | Puglese, Teresa | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 339 | 2:06-cv-02195-EEF-DEK | Ruzycki, Rick | Ruzycki, Rick | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 340 | 2:06-cv-02196-EEF-DEK | Shaw, William N | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 341 | 2:06-cv-02212-EEF-DEK | Smith, Matthew | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 342 | 2:06-cv-02213-EEF-DEK | Webster, Joseph Arthur | | Canada | Barnes Firm PC;Trepanier and MacGillis PA |
| 343 | 2:06-cv-06999-EEF-DEK | Batista, Bartoloma | | Dominican Republic | Lamb Firm LLC |
| 344 | 2:06-cv-07150-EEF-DEK | Batista, Bartolome | | Dominican Republic | Lamb Firm LLC |
| 345 | 2:06-cv-07150-EEF-DEK | Beato, Jose | | Dominican Republic | Lamb Firm LLC |
| 346 | 2:06-cv-06999-EEF-DEK | Cabrera, Felipe | | Dominican Republic | Lamb Firm LLC |
| 347 | 2:06-cv-06999-EEF-DEK | Capellan, Rita | | Dominican Republic | Lamb Firm LLC |
| 348 | 2:06-cv-06999-EEF-DEK | De La Cruz, Margarita | | Dominican Republic | Lamb Firm LLC |
| 349 | 2:06-cv-07150-EEF-DEK | Dionicio, Dulce | | Dominican Republic | Lamb Firm LLC |

| | Docket Number | Plaintiff Name | Derivative Plaintiffs | Country of Residency | Plaintiff's Counsel |
|---|---|---|---|---|---|
| 350 | 2:06-cv-06999-EEF-DEK | Espinal Ramirez, Elva | | Dominican Republic | Lamb Firm LLC |
| 351 | 2:06-cv-07150-EEF-DEK | Fanith, Mireya | | Dominican Republic | Lamb Firm LLC |
| 352 | 2:06-cv-06999-EEF-DEK | Francisco De La Rosa, Ana | | Dominican Republic | Lamb Firm LLC |
| 353 | 2:06-cv-06999-EEF-DEK | Frias, Justina | | Dominican Republic | Lamb Firm LLC |
| 354 | 2:06-cv-07150-EEF-DEK | Gonzalez Patricio, Rhina | | Dominican Republic | Lamb Firm LLC |
| 355 | 2:06-cv-06997-EEF-DEK | Librada Sanchez, Luz | Martinez, Francisco | Dominican Republic | Lamb Firm LLC |
| 356 | 2:06-cv-06997-EEF-DEK | Lovelace, Camelia | | Dominican Republic | Lamb Firm LLC |
| 357 | 2:06-cv-06997-EEF-DEK | Lovelace, Legia | Lovelace, Camelia | Dominican Republic | Lamb Firm LLC |
| 358 | 2:06-cv-07150-EEF-DEK | Maria Minyetti, Ana | | Dominican Republic | Lamb Firm LLC |
| 359 | 2:06-cv-06999-EEF-DEK | Paniagua Morillo, Wenceslao | | Dominican Republic | Lamb Firm LLC |
| 360 | 2:06-cv-06999-EEF-DEK | Pichardo Lopez, Milagros | | Dominican Republic | Lamb Firm LLC |
| 361 | 2:06-cv-07150-EEF-DEK | Pimentel De Cabrera, Candy | | Dominican Republic | Lamb Firm LLC |
| 362 | 2:06-cv-06999-EEF-DEK | Pimentel Fernandez, Ramon | | Dominican Republic | Lamb Firm LLC |
| 363 | 2:06-cv-06999-EEF-DEK | Ravelo De Pineyro, Natalia | | Dominican Republic | Lamb Firm LLC |