**MINUTE ENTRY**
**FALLON, J.**
**FEBRUARY 10, 2009**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 44 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Karen Anderson Ibos, Official Court Reporter.  Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      <u>SETTLEMENT AGREEMENT</u>

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(02:00)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the

Master Settlement Agreement and exhibits, together with registration and enrollment forms and

instructions can be found at the Claims Administrators' website at

http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or

assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-

1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the

settlement program is available at the website sponsored by the MDL Plaintiffs' Steering

Committee:  http://www.officialvioxxsettlement.com.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee

arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus

reasonable costs.  In other words, pursuant to the Court's Order, all Vioxx claimants are entitled

to receive at least 68% of their settlement award, not including reasonable costs.  The Order and

Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On September 15, 2008, the Court issued an Order advising that it had several motions to

show cause why certain medical records providers should not be held in contempt for failing to

comply with requests made for the production of medical records (See Rec. Docs. No. 15702,

15857).  On of the motions (Rec. Doc. No. 15702) was set for hearing on September 23, 2008,

and the Court issued an Order on September 24, 2008, specifically in regards to the motion filed

by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents, that

ordered medical providers to produce records or show cause why they should not be held in

contempt and fined $1000 per day for every day after October 17, 2008, until such records are

produced.  Similar motions by other plaintiffs' counsel have also been filed and another motion

was filed by Herman, Herman, Katz & Cotlar, LLP, on December 5, 2008.  Medical records continue to be received from providers.

At the January 22, 2009 status conference, the Court addressed with the parties an issue involving claimants who have asked for a way to verify the number of points that they have been awarded by BrownGreer, or, alternatively, a means to check the amount of awards or settlement payments to which they may be entitled.  BrownGreer has advised that it has added to the Notice of Points Award the BrownGreeer, PLC official logo that identifies BrownGreer as the Vioxx Claims Administrator and has added a statement to the Notice so that counsel and claimants are advised that the Notice of Points Award is an official notification from BrownGreer, PLC, the Vioxx Claims Administrator.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1, et seq.  The Court will issue a separate order granting the motion.

II.      REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  BrownGreer, the Claims Administrator appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process as well as the status of interim payments under the Settlement Program.

At the conference, the Claims Administrator reported on the status of the settlement proceedings.  The Claims Administrator advised that 62% of the settling claimants allege an MI-related injury; 37% allege an IS-related injury; and it is unclear which type of injury is alleged by the remaining 1% of the settling claimants.  The Claims Administrator further reported that it

3

will begin administration of the extraordinary injury fund and that the necessary documentation will be available on the Claims Administrator's website beginning March 2, 2009.

The Claims Administrator has advised that, to date a total of 9,832 claimants have made it through the gates; 5,137 claims are with the Gates Committee; and the Gates Committee is currently reviewing more than 1,000 claims per week. There are currently 1,856 claimants who are eligible to receive payment on February 27, 2009, although the Claims Administrator estimates that the number will increase significantly over the next several weeks prior to the deadline for eligibility. The Claims Administrator estimates that it will need to advance approximately 2,236 points awards every month in order to meet its target of final payment in the end of August/third quarter of 2009.

The first interim stroke payments are scheduled to be distributed on February 27, 2009. Currently, 478 claimants have received points awards and 137 have accepted and will receive payments. The Claims Administrator advised that the final estimated value for points awarded to stroke claimants is $1810 per point, subject to increase or decrease. The Claims Administrator will post a copy of its presentation to the Court on its website.

III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator reported that it has agreements in place to deal with statutory liens on all ischemic stroke claims. The Lien Administrator has established a

website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009, to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans. Claimants who wish to participate in the settlement need to respond to the Lien Administrator prior to March 20, 2009. Counsel or claimants with questions about the settlement may call the Lien Administrator's Toll-Free Hotline at 1-877-774-1130 to speak with a representative regarding private lien resolution questions.

The Lien Administrator expressed a willingness to participate in conference calls with any firms that have questions regarding the program. At a later date, the Court may also facilitate conference calls with any counsel or claimants who have additional questions or concerns. Applications to participate in the private lien settlement program must be postmarked no later than March 20, 2009.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. A meeting took place on March 5, 2008, with the Court and the Special Master and Deputy Special Masters for the purpose of orientation about the Vioxx Resolution Program. The Special Master reported that there have been 28 appeals as to points awards: 14 of those appeals have been decided, and the remaining 14 are under active

review and will be resolved shortly.  Further, there have been 23 appeals as to gates review

decisions: 1 of those appeals has been decided, and the remaining 22 will be resolved shortly.

V.      STATE COURT TRIAL SETTINGS

        No cases are set for trial in the state courts through December 31, 2008.

VI.     CLASS ACTIONS

        On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss the Third

Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second

Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show

Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should

Not Be Dismissed.  By Order dated February 2, 2009, the Court granted the motion and

dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury

and Wrongful Death) and Second Amended Master Class Action Complaint (Medical

Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the

Order show cause on the 5th day of March, 2009, at 9:00 a.m. why those cases should not be

dismissed.  The Order also set briefing deadlines.  This Order renders moot Defendant's Rule 12

Motion to Dismiss the Master Complaint for Medical Monitoring and Defendant's Motion to

Strike Class Allegations in Plaintiffs' Medical Monitoring Class Action Complaint–both of

which had been briefed and submitted to the Court.  It does not affect Defendant's Rule 12

Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

        On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay

for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of

Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another telephone status conference took place with the Court.  The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program.  Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition.  On August 7, 2008, the PSC filed a Motion to Compel against Express Scripts to comply with the subpoena request for prescription drug documents or data.  The matter has been continued.  BrownGreer continues to post records as they are received.

On January 21, 2009, ESI communicated with the PLC requesting additional payment for compensation to ESI for efforts it claims to have incurred in responding to requests for prescription drug claims date.  On January 30, 2009, the PLC responded and on February 3, 2009, ESI provided additional information to the PLC.  The Court will issue a separate order scheduling a status conference and briefing schedule to address the matter.

VIII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  The State Liaison Committee submitted to the Court an electronic database of all current motions to remand.  The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various Government Action cases currently pending before the Court.

IX.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in Section I above.  Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

X.     MERCK MOTION FOR SUMMARY JUDGMENT

On July 3, 2007, the Court denied Merck's Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases, in which Merck asserted that plaintiffs' claims were preempted by federal law.  On July 12, 2007, Merck filed a Motion to Alter or Amend the Court's July 3, 2007 Order denying Merck's Motion for Summary Judgment to Include Certification for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).  Oral argument was held on August 9, 2007, and the Court took the matter under advisement.  The matter is currently stayed pending resolution of certain discovery issues.

XI.    VIOXX SUIT STATISTICS

Merck will be filing its quarterly report in early February which will include an update of the suit statistics and will be able to provide that information at the next monthly status conference.

XII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of

access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.  Several requests Pursuant to Pre-Trial Order No. 37 have been received by Plaintiffs' Liaison Counsel and the Trial Package has been sent to a number of counsel who have made proper requests.

XIII.   <u>THIRD PARTY PAYOR CASES</u>

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.  On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter.  Since the last status conference, the parties (Merck, the PLC, and many of the AGs) have continued the discussions regarding possible common discovery and other issues.  The parties participated in a status conference on December 18, 2008, in which several matters were discussed pertaining to the actions brought by various state governmental entities, including coordination of common discovery in the MDL and selection of cases for potential trial.

Following the January 22, 2009 status conference, the parties to the Government Actions have discussed an order providing for plaintiffs in the Government Action cases to obtain access to the Plaintiffs' Steering Committee's document depository.  On January 30, 2009, the Court issued Pre-Trial Order No. 13A, which relates to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Government Actions.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).  The parties reported

that they will discuss the matter further prior to the next monthly status conference.

XIV.   MOTION TO DISMISS FOREIGN INDIVIDUAL CASES

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The motion was heard on September 11, 2008, and was taken under advisement by the Court.  The Court will issue a ruling on the matter shortly.

XV.   THIRD PARTY PAYORS' MOTIONS

Following lengthy negotiations with the AvMed Plaintiffs, a settlement agreement was reached on January 15, 2009.  The Settlement Agreements resolves the AvMed claims and establishes a program for the adjudication and resolution of medical and pharmacy reimbursements/lien obligations owed by various privately funded or privately insured eligible claimants participating in the Vioxx Settlement Program in a fair, speedy, and very cost-effective manner.

XVI.   1199SEIU GREATER NEW YORK BENEFIT FUND

On June 3, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Class Action Complaint (Case No. 08-3627) against BrownGreer; Beasley Allen Crow, Methvin, Portis & Miles, P.C.; Blizzard, McCarthy & Nabers, LLP; Girardi and Keese; Herman, Herman, Katz & Cotlar, LLP; Levin, Fishbein, Sedran & Berman; John Doe Law Firms 1-100, etc.; and Jane Doe Vioxx Claimants 1-1000, etc. Plaintiffs assert ERISA claims and other equitable and declaratory relief.  The NPC defendants filed a Motion to Dismiss and Strike Class Allegations in the complaint on June 26, 2008.  Also, defendant BrownGreer, PLC, filed a Motion to Strike Class Allegations on July 1, 2008.

10

On June 17, 2008, 1199SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund filed a Motion to Set Preliminary Injunction Hearing Schedule.  The scheduling issues were addressed with the Court at a status conference on July 8, 2008.  Thereafter, on July 9, 2008, the plaintiffs filed an amended complaint.  On July 10, 2008, defendants filed their responses.  The matter came for hearing on July 24, 2008, and on August 7, 2008, the Court issued an Order denying 1199SEIU Greater New York's request for a preliminary injunction. On August 20, 2008, the Court issued an additional Order clarifying its prior Order of August 7, 2008 and denying the Emergency Stay of the Proceedings Pending Appeal.  On September 4, 2008, 1199SEIU Greater New York Benefit Fund and the New York Teamsters Counsel Health and Hospital Fund filed a Notice of Appeal.

On September 8, 2008, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund wrote a letter requesting a Rule 26F Conference to discuss a discovery plan and other issues.  Thereafter, counsel for 1199SEIU Greater New York Benefit Fund and the New York Teamster's Council Health and Hospital Fund requested that the agenda for the October 17, 2008 status conference include: (1) the hearing on NPC's Motion to Dismiss; (2) the Rule 26 Discovery Conference between the parties; and (3) a Discovery Conference.  By Order and Reasons entered October 21, 2008, the Court granted Defendants' Motion to Sever and Motion to Strike Class Allegations.

On November 3, 2008, the 1199SEIU Greater New York Benefit Fund and the New York Teamsters Council Health and Hospital Fund plaintiffs filed their opposition to defendants' motion to dismiss.  Defendants filed replies on November 14, 2008. On December 18, 2008, the Court heard oral argument on the motion and took the matter under submission.

At the February status conference, counsel for the Greater New York Plaintiffs advised that the health plans were contemplating participation in the private lien settlement.

XVII.   <u>MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE</u>

On November 26, 2008, Merck filed its Third Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 28.  That motion was set for hearing on January 9, 2009 and was taken under advisement by the Court.

On December 5, 2008, Merck filed its Fourth Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 28.  That motion was set for hearing on the January 22, 2008 monthly status conference.  Additionally, as to plaintiffs on Exhibits B-1 and B-2 to that motion, counsel are ordered to serve a copy of the motion and order on those plaintiffs.  In turn, those plaintiffs are ordered to take certain steps to contact the Curator and advise as to their plans for prosecution of the cases and other matters.  The Court will issue a separate order as to this motion.

On January 21, 2009, Merck filed its Fifth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply with the Lone Pine Requirements of PTO 28.  That motion is set for hearing on March 5, 2009, at 9:00 a.m. CST.

XVIII. <u>DECISION QUEST, INC.</u>

On February 2, 2009, Decision Quest, Inc., filed a Motion for Payment of Consulting Fees and Expenses, and an Ex Parte Motion to Expedite Hearing.  On February 3, 2009, the Court granted the Motion to Expedite Hearing and directed Liaison Counsel to place Decision

Quest's motion on the agenda so the Court could arrange a schedule for briefing and argument.

XIX.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons and grounds for their request for common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.  At a later date, the Court will post the motion on the Court's website and set a briefing schedule.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted the motion and extended the deadline until further order.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  The PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature.  The Court will consider the motion at a later date.

XX.   MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING
       CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement program at

32% plus reasonable costs.  The Order and Reasons are posted on the Court's website at http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys filed a Motion for Reconsideration/Revision of the Court's Order Capping Contingent Fees and Alternatively for Entry of Judgment.  The Court appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose settlement awards will be affected by the Court's Capping Order. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for a writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment Order pending further proceedings.  On January 23, 2009, the Fifth Circuit denied the petition for writ of mandamus and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a schedule for briefing and argument to address the Motion to Reconsider.  The Court further ordered that the Vioxx Litigation Consortium forward a copy of the Court's January 30, 2009 Order to their clients who have enrolled in the Settlement.  In accordance with the Order, on January 31, 2009, counsel for the VLC filed an affidavit stating that the VLC had complied the Court's order.

On January 29, 2009, an additional "me-too" Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment was filed with the Court.  The Court will address the motion at a later date.

XXI.   <u>MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE</u>

On November 19, 2008, Merck filed its First Motion, Rule, and Incorporated

14

Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 29.  The motion was heard following the monthly status conference on December 19, 2009.  The Court deferred the motion as to certain plaintiffs and dismissed the claims of other plaintiffs.  As to the deferred plaintiffs, the motion will be heard on March 5, 2009, at 9:00 a.m.

On December 8, 2008, Merck filed its Second Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 29.  The motion was heard on January 22, 2009.  By Order dated February 3, 2009, the Court dismissed with prejudice the claims of certain plaintiffs, withdrew the motion as to three plaintiffs, and deferred the motion until February 10, 2009, as to the remaining plaintiffs.

On January 20, 2009, Merck filed its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With the Lone Pine Requirements of PTO 29.  The matter is set for hearing on March 5, 2009, at 9:00 a.m.

XXII.   NEXT STATUS CONFERENCE

The next monthly status conference will be held on Friday, March 27, 2009, at 9:00 a.m., central time.  Counsel unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 86232530 and the Chairperson will be Judge Fallon.