# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Attached Lists* | * | **KNOWLES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT MERCK & CO., INC.'S *SIXTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases identified in the attached exhibits to show cause why their individual claims should not be dismissed with prejudice for failure to comply with the requirements of Pre-Trial Order No. 28 ("PTO 28").

### BACKGROUND

As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. In order to get a grasp on the contours of the litigation, particularly with respect to the cases remaining outside the Program, this Court entered PTO 28, which requires, *inter alia*, plaintiffs who do not enter the Resolution Program to provide specified information regarding their claims, including a Rule 26(a)(2) case-specific expert report. *See* PTO 28 ¶II(A)(8). If plaintiffs fail to produce such a report, the Order

provides for a 30-day cure period.  *See* PTO 28 ¶II(D).  After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

Initially, PTO 28 required plaintiffs with last names beginning with letters A through L to submit their reports by May 1, 2008, and those plaintiffs with last names beginning with letters M through Z to submit their reports by July 1, 2008.  Ultimately, these deadlines were extended to July 1, 2008 for plaintiffs with names A through L, and to August 1, 2008 for plaintiffs with names M through Z.  *See* Order & Reasons, Doc. 14,567, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. May 30, 2008) ("May 30 Order").[1]  As of November 17, 2008, none of the plaintiffs listed in the attached exhibits had submitted the required report.[2]  Pursuant to PTO 28 ¶II(D), Merck notified counsel of record in each of those cases (or, pro se plaintiffs, if unrepresented) of the material deficiency and provided the requisite 30-day period to cure, and upon request, provided additional time for compliance.[3]  However, as of February 18, 2009, these material deficiencies remained uncured.

---

[1]  This Opinion is also available at 557 F. Supp.2d 741 (E.D. La. 2008).

[2]  This motion is directed at a total of 57 plaintiffs.  Exhibit A identifies 23 cases involving represented plaintiffs who have failed to comply with PTO 28 discovery requirements regarding case specific expert reports.  Exhibit B identifies 32 cases involving non-complying plaintiffs and in which counsel of record has a pending motion to withdraw as counsel.  Exhibit C identifies 2 plaintiffs who are currently pro se.

[3]  Many of the cases listed on the attached exhibits received deficiency letters as early as August 13, 2008.

## **ARGUMENT**

This Court should dismiss each of plaintiffs' claims listed on the attached Exhibits with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because plaintiffs have failed to comply with PTO 28.  The express terms of the Order provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice."  PTO 28 ¶II(D).  Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 28.  As this Court previously explained, PTO 28 is a "type of pre-trial order" that is "commonly known as a *Lone Pine* order."  May 30 Order at 3 (citing *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Super. Nov. 18, 1986).  It noted that "*Lone Pine* orders have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation."  *Id.* (citations and internal quotation marks omitted).)  This Court further explained:

> [A]t this advanced stage of the litigation, it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury, whether that injury be deep vein thrombosis, a heart attack, an ulcer or some other malady.  Surely if Plaintiffs' counsel believe that such claims have merit, they must have some basis for that belief; after all this time it is reasonable to require Plaintiffs to come forward and show the basis for their beliefs and some kind of basic evidence of specific causation.

*Id.* at 5.

In light of the extensive work already performed in this MDL,[4] this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury," and there must be some "minimal showing consistent with Rule 26 that there is some kind of scientific basis that Vioxx could cause the alleged injury." *Id.* at 5-6.

Here, despite having more than *one full calendar year* to do so, plaintiffs have failed to make the minimal required showing. Indeed, they have made no showing *at all*. Accordingly, their claims should be dismissed. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (affirming dismissal of the claims of 1,600 plaintiffs for their failure to provide basic *Lone Pine* information).

## **RELIEF REQUESTED**

All of the plaintiffs listed on the attached exhibits have been provided with more than ample time to comply with PTO 28.

*Plaintiffs Listed on Exhibit A* – Plaintiffs on this list are represented by counsel. They were notified of their failure to comply with this Court's Order several months ago but they have still failed to satisfy the requirements of the Order. These claims are ripe for dismissal. Merck requests that the Court enter an order setting these cases for hearing at the regular MDL conference on March 27, 2009.

*Plaintiffs Listed on Exhibit B* – These claims involve cases where a motion to withdraw

---

[4]   In rejecting certain plaintiffs' arguments that it was too early in this litigation to require case-specific expert reports, this Court summarized the massive amount of work accomplished to date in this MDL. It pointed to the document depository and Merck's production of 22 million pages of documents; to the hundreds of depositions and one thousand pretrial motion rulings; and to monthly status reports and six bellwether trials. *Id.* at 5. The Court further explained that the PSC's discovery "was not limited" to myocardial infarctions; "rather they conducted general discovery on the effects Vioxx may or may not have on individuals." *Id.*

as counsel is pending.  The provisions of PTO 36 govern motions to withdraw as counsel in this case, and provide for a 60-day time period in which counsel must take certain steps to meet the requirements of the Order before the Court will rule on the motion.  That 60-day window has already closed, or will have closed for each of these cases prior to the March, 2009 MDL conference.  Accordingly, Merck requests that the Court enter an order directing counsel for the plaintiff to deliver to the plaintiff, a copy of the Order requiring the plaintiff to (a) notify the Pro Se Curator by March 13, 2009 whether he intends to pursue his claim and (b) either retain new counsel or serve his required PTO 28 materials (including a case-specific expert report) by March 31, 2009.  If the plaintiff fails to notify the Curator of the intent to proceed with the claim by March 13, 2009 or, if such notice is timely given to the Curator, plaintiff fails to retain new counsel or comply with PTO 28 by March 31, 2009, the Court should dismiss the claim with prejudice.

***Plaintiffs Listed on Exhibit C*** – These claims involve cases where the plaintiffs are now *pro se*.  Merck requests that the Court enter an order directing each plaintiff to (a) notify the Curator by March 13, 2009 whether he intends to pursue his claim and (b) either retain counsel or serve his  PTO 28 materials (including a case-specific expert report) by March 31, 2009.  If the plaintiff fails  to notify the Curator of the intent to proceed with the claim by March 13, 2009, or, if such notice is timely given to the Curator, plaintiff fails to retain counsel or comply with PTO 28 by March 31, 2009, the Court should dismiss the claim with prejudice.

A proposed order is attached.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply with the *Lone Pine* requirements of PTO 28.

Dated:  February 25, 2009

        Respectfully submitted,

        By:/s/ Dorothy H. Wimberly
           Phillip A. Wittmann, 13625
           Dorothy H. Wimberly, 18509
           STONE PIGMAN WALTHER
           WITTMANN L.L.C.
           546 Carondelet Street
           New Orleans, Louisiana 70130
           Phone: 504-581-3200
           Fax:    504-581-3361

        Defendants' Liaison Counsel

         —and—

           Douglas R. Marvin
           Eva Petko Esber
           M. Elaine Horn
           WILLIAMS & CONNOLLY LLP
           725 Twelfth Street, N.W.
           Washington, D.C. 20005
           Phone: 202-434-5000
           Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of February, 2009.

       */s/ Dorothy H. Wimberly*
       Dorothy H. Wimberly, 18509
       STONE PIGMAN WALTHER
       WITTMANN L.L.C.
       546 Carondelet Street
       New Orleans, Louisiana  70130
       Phone:  504-581-3200
       Fax:     504-581-3361
       dwimberly@stonepigman.com

       Defendants' Liaison Counsel