UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Attached List* | * | **KNOWLES** |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S *FIRST* MOTION, RULE AND
INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT
BE DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE
WITH THE DISCOVERY REQUIREMENTS OF PTO 28**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases identified in the attached exhibit to show cause why their individual claims should not be dismissed with prejudice for failure to comply fully with the discovery requirements of Pre-Trial Order No. 28 ("PTO 28").[1]

**BACKGROUND**

As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. In order to get a grasp on the contours of the litigation, particularly with respect to the cases remaining outside the Program, this Court entered PTO 28, which requires, *inter alia*, plaintiffs who do not enter the Resolution Program to provide certain *prima facie* evidence of usage, injury and causation. *See* PTO 28 ¶II(A). In addition to a case-specific expert report, plaintiffs must provide, *inter alia*: (i)

---

[1]   All of the plaintiffs listed in the attached exhibit are represented by the law firm of Cellino & Barnes.

specified pharmacy records; (ii) a specified Plaintiff Profile Form; (iii) interrogatory responses; (iv) specified medical records; and (v) an affidavit from Plaintiff attesting that all required medical and pharmacy records had been collected and produced (with an index).  *Id.*  If plaintiffs fail to produce the required material, the Order provides for a 30-day cure period.  *See* PTO 28 ¶II(D).  After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

Initially, PTO 28 required plaintiffs with last names beginning with letters A through L to submit their *prima facie* discovery materials by May 1, 2008, and those plaintiffs with last names beginning with letters M through Z to submit their materials by July 1, 2008.  Ultimately, these deadlines were extended to July 1, 2008 for plaintiffs with names A through L, and to August 1, 2008 for plaintiffs with names M through Z.  *See* Order & Reasons, Doc. 14,567, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. May 30, 2008) ("May 30 Order").[2]  As of August 13, 2008, none of the plaintiffs listed in the attached exhibit had submitted any of the required *prima facie* discovery materials.[3]  Pursuant to Pursuant to PTO 28 ¶II(D), Merck notified counsel of record in each of those cases (Cellino & Barnes) of the material deficiency and provided the requisite 30-day period to cure.  On October 1, 2008, counsel provided case-specific expert reports for these plaintiffs, but failed to provide any of the other materials required by PTO 28.  Specifically, as of February 20, 2009, plaintiffs have not provided the following essential materials:

---

[2]  This Opinion is also available at 557 F. Supp.2d 741 (E.D. La. 2008).

[3]  Exhibit A identifies cases involving 36 plaintiffs who have failed to comply fully with PTO 28

- An Amended and Supplemental Plaintiff Profile Form;[4]
- Pharmacy records;
- Medical records;
- Death certificate and autopsy report (if applicable);
- Interrogatory responses; and
- A Plaintiff's affidavit attesting to the collection and production of required pharmacy and medical records.

In short, of the seven categories of basic information required by PTO 28, plaintiffs have provided information responsive to only one category.  Thus, plaintiffs' compliance with PTO 28 remains materially deficient.

### ARGUMENT

This Court should dismiss each of plaintiffs' claims listed on the attached Exhibit A with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because plaintiffs have failed to comply with PTO 28.  The express terms of the Order provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice."  PTO 28 ¶II(D).  Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 28.  As this Court previously explained, PTO 28 simply requires the basic information needed to manage complex mass tort litigation.  *See In re Vioxx,* 557

---

[4]   PTO 28 provides that plaintiffs who submitted the original version of the Profile Form prior to November 9, 2007 were not required to resubmit the new version of the form.  However, these plaintiffs have never provided either version of the required profile form.

F.Supp. 2d 741, 743-44 (E.D. La. 2008). These types of orders "have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation." *Id.* (citations and internal quotation marks omitted).) In light of the extensive work already performed in this MDL, this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury." *Id. See also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (noting that prior to filing suit, "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries").

Although plaintiffs have provided an expert report, they have not provided any of the other basic information required by PTO 28 such as medical and pharmacy records and a plaintiff profile form. These omissions are both material and prejudicial. The PTO 28 discovery materials provide Merck with basic information necessary to defend these cases. Without this information, Merck lacks critical information about the background of the plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care, and other information necessary to pursue litigation. Further, as time passes without timely production of these materials, Merck is prejudiced as memories fade, medical records are destroyed or misplaced, and witnesses cannot be found or die.

In light of plaintiffs' disregard for the mandatory requirements of PTO 28, Merck respectfully urges the Court to enforce the order as written and dismiss plaintiffs' cases with prejudice.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply fully with the discovery requirements of PTO 28.


Dated: February 25, 2009

          Respectfully submitted,


          By: /s/ *Dorothy H. Wimberly*
             Phillip A. Wittmann, 13625
             Dorothy H. Wimberly, 18509
             STONE PIGMAN WALTHER
             WITTMANN L.L.C.
             546 Carondelet Street
             New Orleans, Louisiana 70130
             Phone: 504-581-3200
             Fax:   504-581-3361

          Defendants' Liaison Counsel

          —and—


             Douglas R. Marvin
             Eva Petko Esber
             M. Elaine Horn
             WILLIAMS & CONNOLLY LLP
             725 Twelfth Street, N.W.
             Washington, D.C. 20005
             Phone: 202-434-5000
             Fax:   202-434-5029


          Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of February, 2009.

                 */s/ Dorothy H. Wimberly*
                 Dorothy H. Wimberly, 18509
                 STONE PIGMAN WALTHER
                 WITTMANN L.L.C.
                 546 Carondelet Street
                 New Orleans, Louisiana  70130
                 Phone:  504-581-3200
                 Fax:  504-581-3361
                 dwimberly@stonepigman.com

                 Defendants' Liaison Counsel