IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>        Products Liability Litigation | MDL No. 1657<br><br>Section L<br><br>Eldon E. Fallon, U. S. District Judge<br>Daniel E. Knowles, III, U. S. Magistrate Judge |
| THIS DOCUMENT RELATES TO: | |
| *Cathey v. Merck & Co., Inc.* | (05-01126 E.D. La.) |
| *Kinghorn v. Merck & Co. Inc.* | (05-02912 E.D. La.) |
| *Yohe v. Merck & Co., Inc.* | (05-01174 E.D. La.) |
| *Young v. Merck & Co., Inc.* | (05-02560 E.D. La.) |

**RESPONSE TO ORDER TO SHOW CAUSE WHY REFERENCED
PENDING CLASS ACTION CASES SHOULD NOT BE DISMISSED**

Plaintiffs in the above-referenced cases submit this response to the Court's February 2, 2009 Order to Show Cause Why Pending Personal Injury and Medical Monitoring Class Action Cases Should Not Be Dismissed.  Plaintiffs object to the Court dismissing their lawsuits in their entirety when all of counts asserted, as well as the majority of relief requested in their complaints, have yet to be litigated through actions such as the MDL 1657 Purchase Claims Master Class Action Complaint, or through their respective state-wide class actions upon remand to their respective transferor forums pursuant to ¶ 187 of the Purchase Claims Master Class Action Complaint.  Plaintiffs do not object, however, to foregoing a portion of the relief requested in their lawsuits in the form of an order requiring Merck to fund a medical monitoring program.  Copies of the governing complaints for each of the Plaintiffs' lawsuits are appended hereto.

- 1 -

## I.     COUNTS AND RELIEF REQUESTED IN THE LAWSUITS

### A.     *Cathey v. Merck & Co., Inc.* (05-01126 E.D. La.)

Plaintiff Cathey alleges counts against Merck for: (I) Violation of the Tennessee Products Liability Act (¶¶60-81); (II) Unjust Enrichment (¶¶82-88); and (III) Violation of the Tennessee Consumer Protection Act (¶¶89-96). On behalf of a state-wide class of Tennessee Vioxx consumers (¶¶51-52), Plaintiff Cathey seeks relief in the form of: (A) Judgment against Merck on all counts; (B) Certification of the Class pursuant to Tennessee Rules of Civil Procedure 23.02(2) and/or 23.02(3); (C) An order requiring Merck to fund a medical monitoring program; (D) A full refund of all sums paid by Plaintiff and the Class for Vioxx; (E) Compensatory damages according to proof; (F) Pre-judgment and post-judgment interest as provided by law; (G) Attorney fees, expenses, and costs of the action; (H) Three times the damages to Plaintiffs and the members of the Class; and (I) Other and further relief as the Court deems just and proper (Relief Sought at 25-26).

### B.     *Kinghorn v. Merck & Co. Inc.* (05-02912 E.D. La.)

Plaintiff Kinghorn alleges counts against Merck for: (I) Strict Liability (Failure to Warn) (¶¶60-66); (II) Strict Liability (Unreasonably Dangerous) (¶¶67-71); (III) Negligence/Gross Negligence/Recklessness (¶¶69-76); (IV) Breach of Implied Warranty (¶¶77-82); (V) Breach of Express Warranty (¶¶83-89); VI (Unjust Enrichment) (¶¶90-96); and (VII) Violation of the Idaho Consumer Protection Act (¶¶97-104). On behalf of a state-wide class of Idaho Vioxx consumers (¶51), Plaintiff Kinghorn seeks relief in the form of: (A) Judgment against Merck on all counts; (B) Certification of the Class pursuant to Idaho Rules of Civil Procedure 23(b)(2) and/or 23(b)(3); (C) An order requiring Merck to fund a medical monitoring program; (D) A full refund of all sums paid by Plaintiff and the Class for Vioxx; (E) Compensatory damages according to proof; (F) Pre-judgment and post-judgment interest as provided by law; (G) Attorney fees,

expenses, and costs of the action; and (H) Other and further relief as the Court deems just and proper (Relief Sought at 26-27).

### C. *Yohe v. Merck & Co., Inc.* **(05-01174 E.D. La.)**

Plaintiff Yohe alleges counts against Merck for: (I) Violation of the Washington Products Liability Act (¶¶60-81); (II) Unjust Enrichment (¶¶82-88); and (III) Violation of the Washington Consumer Protection Act (¶¶89-96). On behalf of a state-wide class of Washington consumers (¶¶51-52), Plaintiff Yohe seeks relief in the form of: (A) Judgment against Merck on all counts; (B) Certification of the Class pursuant to CR 23(b)(2) and/or 23(b)(3); (B) An order requiring Merck to fund a medical monitoring program; (C) A full refund of all sums paid by Plaintiff and the Class for Vioxx; (D) Compensatory damages according to proof; (E) Pre-judgment and post-judgment interest as provided by law; (F) Attorney fees, expenses, and costs of the action; (G) Three times the damages to Plaintiffs and the members of the Class; and (H) Other and further relief as the Court deems just and proper (Relief Sought at 20-21).

### D. *Young v. Merck & Co., Inc.* **(05-02560 E.D. La.)**

Plaintiff Young alleges counts against Merck for: (I) Strict Products Liability (¶¶58-66); (II) Negligence (¶¶ 67-73); (III) Breach of Warranty (¶¶ 74-81); (IV) Unjust Enrichment (¶¶82-88); (V) Violation of the Arizona Consumer Protection Act (¶¶89-93); and (VI) Punitive Damages (¶¶94-99). On behalf of a state-wide class of Arizona consumers (¶¶51-52), Plaintiff Young seeks relief in the form of: (A) Judgment against Merck on all counts; (B) An order allowing maintenance of a class action pursuant to CR 23(b)(2) and/or 23(b)(3); (C) An order requiring Merck to fund a medical monitoring program; (D) A full refund of all sums paid by Plaintiff and the Class for Vioxx; (E) An award of punitive damages; (F) Compensatory damages according to proof; (G) Pre-judgment and post-judgment interest as provided by law; (H) Costs of the action; (I) Attorney fees as allowed under applicable law; and (J) Other and further relief as the Court deems just and proper (Relief Sought at 23-24).

**E.**     *MDL 1657 Purchase Claims Master Class Action Complaint*

Like Plaintiffs Cathey, Kinghorn, Yohe, and Young, Named Plaintiffs on the pending Purchase Claims Master Class Action Complaint assert claims for violations of state consumer fraud and deceptive trade practices acts (Purchase Claims Master Class Action Complaint at ¶¶210-262); unjust enrichment (¶¶263-267); and breach of implied warranties (¶¶ 268-324). The Purchase Claims Named Plaintiffs also pray for similar relief, including: (A) Maintenance of the action as a class action; (B) Actual, compensatory, punitive, and/or exemplary damages; (C) Costs, including reasonable attorney fees and expenses; and (D) Further relief as determined to be just, equitable, and proper (Prayer for Relief at 74-75). Should this Court determine that a national End-Payor Class would not satisfy the applicable requisites for class certification, the MDL Purchase Claims Named Plaintiffs propose in their complaint the certification of appropriate subclasses as required by the Court, or of statewide classes for each of the states (¶186). In the event that the statewide class course of action is pursued, the MDL Purchase Claims Named Plaintiffs intend to request the Panel for Multi-District Litigation to remand, to its transferor forum, each state class action as to which Plaintiffs seek certification for the purposes of addressing the class certification question (¶ 187).

## II.     ARGUMENT

The Plaintiffs Steering Committee has yet to move for class certification in the Purchase Claims Master Class Action. Likewise, the Court has not rendered a decision as to whether the claims of consumer end-payors such as Cathey, Kinghorn, Yohe, and Young should be pursued on a national or statewide basis. As a result, it would be premature to dismiss the consumer end-payor statewide class actions of Cathey, Kinghorn, Yohe, and Young at this time.

### III.  CONCLUSION

Plaintiffs Cathey, Kinghorn, Yohe, and Young respectfully request that the Court continue to stay their lawsuits pending the outcome any class certification motion in the MDL 1657 Purchase Claims Master Class Action.  Pending the result of any such motion, Plaintiffs intend to proceed with their claims either as part of certified national class or, upon remand from the MDL, in individual state class actions, with the exception that they will forego the portion of the relief requested in their lawsuits in the form of an order requiring Merck to fund a medical monitoring program.

RESPECTFULLY SUBMITTED this 26th day of February 2009.

KELLER ROHRBACK L.L.P.

By  /s/ Amy Hanson
Amy N.L. Hanson
WSBA No. 28589
*Attorneys for Plaintiffs Cathey, Kinghorn, Yohe, and Young*
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98104
Telephone:  206-623-1900
Facsimile:   206-623-3384
ahanson@kellerrohrrback.com


WILLIAMSON & WILLIAMS
Kim Williams
Rob Williamson
*Attorneys for Plaintiffs Cathey, Kinghorn, Yohe, and Young*
187 Parfitt Way SW, #250
Bainbridge Island, WA  98110
Telephone: 206-780-4447
Facsimile:  206-780-5557
kim@williamslaw.com
roblin@williamslaw.com

- 6 -

        HENINGER GARRISON DAVIS, LLC
           W. Lewis Garrison, Jr.
           *Attorney for Plaintiff Cathey*
           2224 First Avenue North
           P.O. Box 11310
           Birmingham, AL  35203
           Telephone:  (205) 326-3336
           Facsimile:  (205) 326-3332
           wlgarrison@hgdlawfirm.com

        GREENER BURKE SHOEMAKER P.A.
           Richard H. Greener
           *Attorney for Plaintiff Kinghorn*
           The Banner Building
           950 W. Bannock Street, Suite 900
           Boise, Idaho  83702
           Telephone: (208) 319-2600
           Facsimile: (208) 319-2601
           rgreener@greenerlaw.com

        KELLER ROHRBACK P.L.C.
           Mark D. Samson
           *Attorney for Plaintiff Young*
           3101 N. Central Avenue, Suite 1400
           Phoenix, AZ  85012
           Telephone:  (602) 248-0088
           Facsimile:  (602) 248-2822
           msamson@kellerrohrback.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response To Order To Show Cause Why Referenced Pending Class Action Cases Should Not Be Dismissed has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand-delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 26th day of February, 2009.

By  /s/ Amy Hanson
Amy N.L. Hanson
WSBA No. 28589
*Attorneys for Plaintiffs Cathey, Kinghorn, Yohe, and Young*
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98104
Telephone:  206-623-1900
Facsimile:   206-623-3384
ahanson@kellerrohrrback.com