# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADELINE THOMAS MOSBY** ) | |
| ) | |
| **PLAINTIFF** ) | **MDL NO. 1657** |
| ) | |
| In re: Vioxx ) | **JUDGE FALLON** |
| **PRODUCT LIABILITY** ) | |
| **LITIGATION** ) | **MAG. 3 KNOWLES** |
| ) | |
| v. ) | **CASE NO. : 08-170** |
| ) | |
| **MERCK & CO., INC.,** ) | |
| ) | |
| **DEFENDANT** ) | |
| ) | |
| ) | |

**PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT MERCK & CO., INC.'S FIRST MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH REQUIREMENTS OF PTO 29 FILED BY PLAIN**

**COMES NOW,** your plaintiff, Adeline Thomas Mosby, by counsel, and files a supplemental response in opposition to Defendant's, Merck & Co., Inc.'s, first motion, rule and incorporated memorandum to show cause why Plaintiff, Adeline Thomas Mosby's case should not be dismissed with prejudice for failure to comply with requirements of PTO 29 to provide a case specific medical expert report.

1

Plaintiff hereby adopts and incorporates its first memorandum in opposition to Merck's Motion to dismiss Plaintiff's case with prejudice for failure to comply with this with the requirements of PTO 29 to provide a case specific medical expert report filed by Plaintiff on December 10, 2008. Per this Court February 11th Order, Merck's motion was deferred as to all plaintiffs on the attached exhibit A which Included Plaintiff, Adeline Thomas Mosby. Plaintiff pursuant to this order is filing it's opposition on February 26, 2009 in according to the February 11, 2009, Order of this Court.

Plaintiff on today, February 26, 2009 gave notice of Expert to both Defendant and Plaintiff liaison counsels that Dr. Rakesh Wahi is Plaintiff's expert who is giving the report. Plaintiff's medical expert expect to have his report completed and sent to Counsel for Plaintiff by March 3, 2009. Plaintiff 's Counsel as soon as practical after receipt of the medical expert's report will file and serve plaintiff's medical expert report on Defendant's Liaison Counsel and to Plaintiff's Liaison Counsel. Plaintiff had an extremely difficult time trying to locate a case specific expert. Eighty eight year old Plaintiff who lives in Virginia was unsuccessful in obtaining a case specific expert in Louisiana to save on some of her expenses to litigate this case or to join in with a larger law firm in the use of that law firm's expert. A service to help with locating experts was not able to locate Plaintiff an expert in Louisiana and neither wasPlaintiff's attorney. Counsel for Plaintiff had an extremely difficult time trying to locate a case specific medical expert. The experts that responded were too busy to take on any other cases.

Plaintiff is opposing the dismissial of her case with prejudice. Plaintiff has found

an expert and Dr. Wahi is preparing the expert report to provide to counsel in order that Plaintiff's counsel can comply with PTO 29.  Plaintiff's conduct at no time been egracious or outrageous to warrant a dismissal of her case with prejudice as opposing counsel is requesting. The Federal rules of Civil Procedure 41 (b) and the interpretive Fifth Circuit law warrant a dismissal with out prejudice.  A dismissal of Plaintiff's case With prejudice would be excessive and harsh on Plaintiff and violate fifth circuit law.

In conclusion Counsel, for now 88 year old Plaintiff, has Dr. Wahi as an expert who is preparing the report to have ready by March 3, 2009.  Once Counsel for Plaintiff is in possession of that report counsel will file it and serve it upon both Defendant and Plaintiff's liaison counsel as soon as possible which would be on March 3 or 4, 2009. Plaintiff, is requesting an additional 30 days or the next conference hearing, or which ever comes first or at a date this Court deems appropriate to ensure that the case specific expert report is provided in accordance with PTO 29 .

For the foregoing reasons, Plaintiff respectfully asks this court for an additional 30 days time to provide the expert report and  not to enter an order dismissing Plaintiff's case with prejudice.  And to excuse Plaintiff and Plaintiff's counsel from appearing in Court on March 5, 2009.

Dated:  February 26, 2009              Respectfully submitted,

/s/ Phyllis M. Mosby  
Phyllis M. Mosby, VSB no.:  30383  
Danville Law Firm of  
Phyllis M. Mosby, Atty. at Law  
119 South Union Street  
Danville, VA  24541  
Phone:  434-797-2500

Fax:    434-797-2525

Attorney for Adeline Thomas Mosby, Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response  Memorandum in opposition to defendant's, Merck & Co., Inc.'s first motion, rule and incorporated memorandum to show cause why cases should not be dismissed with prejudice for failure to comply with requirements of PTO 29 has been served on Defendant's Liaison Counsel Dorothy H. Wimberly and Phillip A. Whittman, and Plaintiff's Liaison Counsel Russ Herman, Esquire and Leonard Davis by U.S. Mail and e-mail and upon all

parties by electronically uploading the same to Lexis Nexis File and Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on the 26th day of February, 2009.

    /s/ Phyllis M. Mosby
Phyllis M. Mosby, VSB no.: 30383
Danville Law Firm of
Phyllis M. Mosby, Atty. at Law
119 South Union Street
Danville, VA  24541
Phone:  434-797-2500
Fax:     434-797-2525

Attorney for Adeline Thomas Mosby, Plaintiff