UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | |
| : | SECTION L |
| This document relates to ALL ACTIONS : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |

**THE PLAINTIFFS' LIAISON COUNSEL'S RESPONSE IN OPPOSITION
TO THE MILLER FIRM, LLC'S MOTION FOR SCHEDULING ORDER**

**I.   INTRODUCTION**

The Miller Firm, LLC ("Miller"), as plaintiffs' counsel in certain unidentified Vioxx cases, has moved for a scheduling order for discovery to permit the depositions of each PSC member and an indeterminate amount of requests for admissions and interrogatories, in connection with Plaintiff Liaison Counsel's ("PLC") pending Motion for Award of Plaintiff Common Benefit Counsel Fees and Reimbursement of Expenses. Miller Brf. at 3. PLC submits that the proposed discovery by Miller is unwarranted at the present time (if ever), premature, and contrary to the procedure contemplated by the contractual provisions of the Settlement Agreement. For the reasons set forth below, the Miller motion should be denied.

**II.   ARGUMENT**

On November 9, 2007, Merck & Co., Inc. entered into a Settlement Agreement with Negotiating Plaintiffs' Counsel ("NPC"), to provide compensation for Vioxx claimants whose objective medical records established a use of Vioxx in proximity of certain defined injuries (myocardial infarctions, ischemic strokes and sudden cardiac death).

1

The Settlement Agreement demanded a minimum participation threshold with a favorable response rate of 85% of all eligible claimants in order to avoid Merck's "walk away" rights. The minimum participation levels were far exceeded. In fact, 99.79% of all Vioxx claimants that registered in the program enrolled into the Settlement Program. The Settlement Program is now well established and thousands of interim payments to Eligible Vioxx Claimants have already been made. Given these circumstances, the time was ripe for PLC to seek an award of counsel fees as contemplated by the Settlement Agreement.

To the extent that the Miller firm contends that its contractual rights are impeded by the terms of Section 9.2.1, the Settlement Agreement provides that this Court should determine the procedure to be afforded attorneys like Miller. In particular, Section 9.2.5 of the Settlement Agreement provides:

> The Honorable Eldon E. Fallon shall provide appropriate notices governing the procedure by which he shall determine common benefit attorneys' fees and reimbursement of common benefit expenses, including Common Benefit Attorneys' joint submission of papers by the PLC requesting compensation for their common benefit work, including the submission of contemporaneous time records, or properly reconstructed time records and expense reports, and any accompanying affidavits. The Honorable Eldon E. Fallon shall insure that there is ample opportunity for objections and comments to the application and notice of a hearing regarding the same. The Honorable Eldon E. Fallon shall set time and place of said hearing.

Settlement Agreement Section 9.2.5. The procedure intended by this Court has yet to be outlined in its entirety. At the February 11, 2009 Status Conference, this Court expressed its desire to initially address the global fee cap issue, then define the size of the common benefit "pie" before addressing matters attendant to the allocation of the fees awarded. As Miller's request for discovery precedes the Court's determinations of what procedure is due, the instant motion is premature to

resolve at this time.

Further, the areas of inquiry described by Miller as being appropriate for discovery in connection with the percentage award requested, are misplaced, irrelevant and unnecessary to the Court's consideration. Specifically, the discovery Miller seeks bears no relevance to the several *Johnson* factors. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Miller's reliance on *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litigation*, 56 F.3d 295 (1st Cir. 1995), demonstrates how wide of the mark Miller's discovery requests are. Not only did the First Circuit find that free wheeling adversarial discovery is not Constitutionally demanded, the court found that "parties to a fee dispute do not have the right to an evidentiary hearing on demand." *Id.* at 303. Thus, the appellate panel found that the district court "did not err in refusing to convene an evidentiary hearing, declining to permit more wide-ranging discovery, and barring cross-examination." *Id.* at 304. Further diminishing Miller's current discovery demands, the First Circuit found that the only material "reasonably necessary" to form an objection was the counsels' time and expense submissions, summaries thereof, the procedural guidelines of the PSC and certain documentation generated by the PSC's accountant. *Id.* at 303. Plainly, Miller's motion overreaches.

Only two affiants to the Petition exist: (1) Russ Herman and (2) Phillip A. Garrett. The separate affidavits of these affiants provide a substantial amount of the "reasonably necessary" information articulated by the court in *Thirteen Appeals*. Both affiants provide summary information regarding counsels' time and expense submissions. The actual time and expense records were provided to the Court, albeit that information was filed under seal. The remaining

3

procedural guideline information is publicly available, e.g., PTO No. 6(D) - The Fee Allocation Guidelines.[1]  Yet, Miller seeks depositions and discovery from each and every member of the PSC. Obviously, some limits, if any discovery is permitted at all, or constraints would need to be imposed if the Court deems any discovery appropriate.  Otherwise, permitting the breadth of discovery contemplated by Miller will undoubtedly result in unduly burdensome and harassing proposals.

## III.  CONCLUSION

For the reasons set forth above, the Miller motion should be denied.  This Court should determine the procedures necessary for going forward with the existing motion for award of plaintiff common benefit counsel fees and reimbursement of expenses.

Respectfully submitted,

Date:  February 27, 2009
By: /s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

---

[1] Available at http://vioxx.laed.uscourts.gov/orders/PTO6D091508.pdf.

4

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of February, 2009.

    /s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com