UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| All Cases on Attached Exhibit A | * | KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

### DEFENDANT MERCK & CO., INC., MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE REGISTRATION REQUIREMENTS OF PTO 31

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the case identified in the attached exhibit to show cause why their individual claims should not be dismissed with prejudice for failure to comply with the requirements of Pre-Trial Order No. 31 ("PTO 31").

### BACKGROUND

As this Court knows, leading counsel for plaintiffs in the four major coordinating jurisdictions and Merck entered into an agreement to resolve the majority of claims alleging injury from the use of Vioxx in November 2007. PTO 31 set out a simple registration requirement for plaintiffs wishing to maintain claims in this proceeding. The Court explicitly contemplated dismissal of cases in which plaintiffs did not comply with PTO 31's requirements, and the plaintiffs listed on Exhibit A have not bothered to register their claims under the Court's order after having more than ample time to do so.

## **ARGUMENT**

This Court should dismiss each of the claims of plaintiffs listed on the attached Exhibit with prejudice, pursuant to Fed. R. Civ. P. 41(b) because these plaintiffs have failed to comply with the explicit instructions of PTO 31. These plaintiffs have clearly shown that they do not intend to proceed with their cases, and the Court should therefore enter an order to show cause why these claims should not be dismissed with prejudice.

In order to take a census of the number and type of claims pending in this litigation, the Court entered PTO 31, which required "[a]ll Counsel of Record with claims pending in this proceeding" to "register (or ensure that other attorneys register) all claims in which they have an Interest ... that are pending in any court or tribunal in the United States." (PTO 31 ¶ l(c), Nov. 9, 2007.)

All of the plaintiffs listed in Exhibit A involve cases where a motion to withdraw has been granted, and the plaintiffs are now *pro se*. The express terms of PTO 31 state that "[p]ersons who represent themselves *pro se* in this litigation shall complete the Pro Se Registration Affidavit…and shall serve Defendant Merck, PEC, and the Claims Administrator, by no later than January 15, 2008." *Id*. ¶ 4. PTO 31 also states that

> [t]he Court expects all Counsel and all Pro Se Plaintiffs and Tolling Claimants to Comply with this Order. *Failure to meet the requirements of this Order by the deadlines set herein with subject non-compliant Counsel to a show cause hearing as to why they have not complied with this Order and as to why claims in which they have and interest should not be dismissed*. *Id*. at ¶ 10 (emphasis added).

The plaintiffs identified on Exhibit A have not met the requirements of PTO 31, and it is clearly within the Court's inherent authority to dismiss these cases with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding. *See, e.g., Link v. Wabash R.R.,* 370 U.S. 626 (1962).

The original deadline for registering claims under PTO 31 was January 15, 2008. (*See* PTO 31 ¶¶ 2,4.)  More than a year has now elapsed since that deadline and, during that intervening period, counsel for Merck have held numerous public conferences apprising claimants of their obligation to register.  Merck requests that the Court enter an order directing each plaintiff to (a) notify the Curator by March 6, 2009 whether he intends to pursue his claim and (b) either retain new counsel and register their claim in compliance with PTO 31 by March 27, 2009.  If a plaintiff fails to notify the Curator of the intent to proceed with the claim by March 6, 2009, or if such notice is timely given to the Curator, that plaintiff fails to comply with PTO 31 by March 27, 2009, the Court should dismiss the claim with prejudice.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the Court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply with the registration requirements of PTO 31.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*_____
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

**Defendants' Liaison Counsel**

967215v.1

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of March, 2009.

                */s/ Dorothy H. Wimberly*
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana  70130
                Phone:  504-581-3200
                Fax:     504-581-3361
                dwimberly@stonepigman.com

                **Defendants' Liaison Counsel**