## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

In re: VIOXX                                        *
    Products Liability Litigation            *

This Document Relates to:                 *

    JURHEE BENCH, Plaintiff,              *

       versus                                 *

    MERCK & CO., INC., Defendant,       *

    Case No. 05-0500,                    *

    &                                        *

    BARBARA CATHEY, Plaintiff,          *

       versus                                 *

    MERCK & CO., INC., Defendant,       *

    Case No. 05-1126,                    *

    &                                        *

    VICKY HUNTER, Plaintiff,              *

       versus                                 *

    MERCK & CO., INC., Defendant,       *

    Case No. 05-0459,                    *

    &                                        *

    CALVIN KINGHORN, Plaintiff,         *

       versus                                 *

    MERCK & CO., INC., Defendant,       *

    Case No. 05-2912,                    *

|  |  |
|---|---|
| & | * |
|  | * |
| KEN YOHE, Plaintiff, | * |
|  | * |
| versus | * |
|  | * |
| MERCK & CO., INC., Defendant, | * |
|  | * |
| Case No. 05-1174, | * |
|  | * |
| & | * |
|  | * |
| WAYNE YOUNG, Plaintiff, | * |
|  | * |
| versus | * |
|  | * |
| MERCK & CO., INC., Defendant, | * |
|  | * |
| Case No. 05-2560. | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

## MERCK'S REPLY TO PLAINTIFFS' RESPONSES TO ORDER TO SHOW CAUSE WHY PERSONAL INJURY AND MEDICAL MONITORING CLASS ACTION COMPLAINTS SHOULD NOT BE DISMISSED

Defendant Merck & Co., Inc. ("Merck") submits this reply to the above-captioned plaintiffs' responses to the Court's February 2, 2009 Order To Show Cause Why Pending Personal Injury And Medical Monitoring Class Action Cases Should Not Be Dismissed. There are two sets of responses to which Merck is responding, involving six cases:

- Two plaintiffs (Hunter and Bench) seek to clarify that dismissal would be without prejudice.

- Four plaintiffs (Cathey, Kinghorn, Yohe, and Young) assert that their claims should not be dismissed "pending the outcome of any class certification motion in the MDL 1657 Purchase Claims Master Class Action." (Cathey et al. Mot. at 5.)

2

*First*, Merck does not object to the request of plaintiffs Hunter and Bench.  Since the Court's Order To Show Cause indicated that dismissal would be without prejudice (*see* Order Dismissing Master Class Action Compls. (Personal Injury And Wrongful Death And Med. Monitoring) And Order To Show Cause Why Pending Personal Injury And Med. Monitoring Class Actions Should Not Be Dismissed, Feb. 2, 2009), Merck assumes that all such dismissals will be without prejudice.

*Second*, plaintiffs Cathey, Kinghorn, Yohe, and Young allege both medical monitoring claims and economic loss claims in their complaints.  These plaintiffs "do not object [] to forgoing a portion of the relief requested in their lawsuits" – that is, their request for "an order requiring Merck to fund a medical monitoring program."  (*Id.* at 1.)  However, they believe that "it would be premature" to dismiss certain consumer fraud elements of their claims since "[t]he Plaintiffs['] Steering Committee has yet to move for class certification in the Purchase Claims Master Class Action" and "the Court has not rendered a decision" regarding class certification issues in economic loss cases.  (Cathey et al. Mot. at 4.)  Merck believes that plaintiffs' position is reasonable.  Accordingly, Merck requests that the Court enter an order dismissing these plaintiffs' claims for medical monitoring while leaving in place their claims for alleged economic loss.

*Finally*, Merck notes that no other objections to the Court's Order have been submitted.  Accordingly, the remaining cases on Appendix A to the parties' stipulated motion should be dismissed.  (For the Court's convenience, Appendix A is attached to this Reply as well.)

**CONCLUSION**

For the reasons set forth above, Merck respectfully requests that the Court dismiss the medical monitoring portions of the *Cathey*, *Kinghorn*, *Yohe*, and *Young* cases and that it dismiss the remaining cases on Appendix A in their entirety.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Merck's Reply to Plaintiffs' Responses to Order to Show Cause Why Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd of March, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel