# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In re: VIOXX
PRODUCTS LIABILITY LITIGATION

: MDL NO. 1657
: SECTION L
: JUDGE FALLON
: MAGISTRATE JUDGE KNOWLES

**THIS DOCUMENT RELATES TO:    ALL CASES**

## THIRD PARTY PAYORS' REQUEST FOR ENTRY OF PRETRIAL ORDER SETTING SCHEDULE FOR EXEMPLAR TPP TRIALS

Third Party Payor plaintiffs ("TPPs") by and through the Purchase Claims Committee of the PSC, respectfully submit the attached **[PROPOSED] PRETRIAL ORDER NO. __** (Setting Schedule For Exemplar TPP Trials) in connection with this Court's upcoming March 5, 2009 TPP and Governmental Actions Status Conference, and in response to the observations and directions of this Court to prepare proposals to enable exemplar Third Party Payor trials to be scheduled and conducted in these MDL proceedings.

Plaintiffs' scheduling proposal, attached hereto as Exhibit A, is respectfully submitted pursuant to a series of conferences with Merck's counsel, at which the parties' respective views on private Third Party Payor claims in the MDL were discussed in good faith. These discussions have been conducted on an ongoing basis since this Court first indicated, late last year, its intent to address the Third Party Payors' claims and to manage their adjudication and/or resolution through the MDL.

Counsel for the parties have conducted good faith discussions and negotiations

803475.1

over these issues; they have, ultimately, agreed to disagree with respect to their divergent views, and are submitting this matter for the Court's determination and implementation.

As this Court stated most recently at the February 10, 2009 monthly Status Conference, commenting on the TPP process, "We need to pick some cases to try and save some dates that those cases can be tried in. We'll move those along." [Tr. 69:19-21]. Plaintiffs' proposed schedule was drafted in response to this directive.

Plaintiffs' proposal thus includes an actual schedule of dates and deadlines for the focused discovery, pretrial preparation, and trial of a number of selected TPP cases as exemplar or "bellwether" trials. The schedule culminates in a November 2009 trial, which fulfills the goal that trial commence in 2009. The Merck proposal differs in nearly every respect from that of the TPPs. It does not include actual dates or deadlines, and it does not include a trial date. Instead, it focuses on threshold procedural matters, such as class certification, which Merck submits should precede any exemplar trial setting.

It is Plaintiffs' view that the next step in these MDL proceedings is to set and conduct a series of exemplar TPP trials in coordination with those underway in the New Jersey Vioxx proceedings. The New Jersey cases are proceeding along an exemplar TPP trial track in which trial plaintiffs are being selected, discovery is being conducted, and the New Jersey court indicates that trial should commence in the fall (*e.g.*, September-October) of 2009. The schedule incorporated in Plaintiffs' attached **[PROPOSED] PRETRIAL ORDER NO. __** tracks and coordinates with the New Jersey sequence, with the first MDL trial to follow the New Jersey trial, in November 2009.

In contrast to Merck, Plaintiffs do not believe it is particularly useful or constructive to forego conducting exemplar trials in favor of further class certification briefing at

this time. First, the conduct of one or more actual exemplar ("bellwether") trials will generate insight into, and the ultimate evaluation of, the issues presented by the TPP cases, their merits, and their values. Second, the real world experience of actual trials will dramatically aid the court with any class certification proceedings. In plain terms, plaintiffs submit that the best way to determine whether any form of class action is a superior mechanism to individual trials in these cases is to try, in the courtroom, to a judge or jury, one or more actual TPP claims. This will reveal whether the evidence and documents necessary for the trial presentation, and factual determination, of such claims reveal significant, common, and recurring issues of law or fact. It is this methodology which the Court employed with the personal injury cases.

To proceed with class certification at this stage is to promote rhetoric and speculation over the actual knowledge and wisdom which will be gained from exemplar trials, including an actual demonstration of whether important common issues unite the TPP claims, or any subset of them, and whether such questions may be effectively adjudicated, once and for all, in a Rule 23 common questions trial. Accordingly, Plaintiffs will design the bellwether trial(s) to include (if these are to be jury trials) a series of jury interrogatories/special verdict questions, to advance this inquiry.

Other courts have endorsed the procedure proposed by the TPP plaintiffs. For example, in *In re Hanford Nuclear Reservation Litigation*, 521 F.3d 1028, 1039-1042 (9th Cir. 2008), class certification was deferred in favor of the completion of a six plaintiff bellwether trial, "designed to produce a verdict that would highlight the strengths and weaknesses of the parties' respective cases . . . . The purpose of the trial was to promote settlement and bring long-overdue resolution to the litigation." 521 F.3d at 1039.

Plaintiffs' position is buttressed by the outcome of the TPP class certification

process in the New Jersey Vioxx cases, in which the appellate courts took different positions on the nature of the claims and the methodology of trial than had either plaintiffs, Merck, or the trial court, with the outcome that class certification under New Jersey Rule 23 was ultimately, and perhaps inappropriately, denied.[1] This rejection of the class mechanism, before any TPP claims had proceeded to trial and therefore without obtaining trial-level insight into the truth of the matter, has resulted in the delay, rather than the advancement, of TPP claims toward finality. Rather than repeat the exercise of having class certification granted or denied by this Court, and reviewed on Rule 23(f) appeal in a vacuum, Plaintiffs submit that at this juncture, under the particular circumstances of this litigation, a more practical, fairer, and cost-effective approach is to proceed with TPP bellwether trials as the next step. We note this Court's comments on the utility of bellwether trials,[2] a view increasingly shared by federal courts with MDL experience[3], and this Court's use of bellwether trials in this MDL in the personal injury realm. The other primary features of plaintiffs' proposed order are:

- The selection and identification, by March 19, 2009, of exemplar plaintiffs, and the commencement of focused discovery concerning the claims of those plaintiffs.

- The specification of the initial discovery and disclosures upon which the parties will focus for trial preparation.

---

[1] *See Int'l Union of Operating Engineers Local #68 Welfare Fund v. Merck & Co., Inc.*, nationwide class certified per Higbee, J., Supreme Court of New Jersey, Law Division, Atlantic County, Docket No. L-3015-03 (2005), affirmed, 384 N.J. Super. 275; 894 A.2d 1136 (2006); reversed and remanded, 192 N.J. 372; 929 A.2d 1076 (2007).

[2] Fallon, et al., "Bellwether Trials in Multidistrict Litigation", 82 Tul.L.Rev. 2323 (June 2008). *See also* Marcus, "Some Realism About Mass Torts", 75 U.Chi.L.Rev. 1949, 1998, n. 22 (describing the Vioxx bellwether process to foster the "maturity process" of the litigation); "Bellwether Trials," 76 Geo.Wash.L.Rev. 576 (April 2008); "Segmenting Aggregate Litigation, Initiatives and Impediments for Reshaping the Trial Process," 25 Rev. Litig. 691 (2006).

[3] *See, e.g., In re Hanford Nuclear Reservation Litigation*, 521 F.3d 1028 (9th Cir. 2008); *In re: Cessna 208 Series Aircraft Prod. Liab. Litig.* (MDL No. 1721), 2009 U.S. Dist. LEXIS 12852, *14 n.2 (D. Kansas 2009) ("The Court remains willing to consider other alternatives which are consistent with *Lexecon* including a bellwether trial or intercircuit assignment"); *In re MTBE Prod. Liab Litig.* (MDL No. 1358), 2007 U.S. Dist. LEXIS 455432 (S.D.N.Y. 2007).

803475.1

- The resolution of the submitted motion to dismiss the Purchase Claims Master Complaint, and the filing of any necessary and appropriate amended or replacement complaints, in this District, to facilitate exemplar trials consistent with the *Lexecon* decision.[4]

- The exchange of expert reports.

- The conduct and completion of expert depositions.

- The determination of Rule 56 or Daubert motions.

- A submission and determination of motions *in limine*.

- A final pretrial conference.

- Exemplar trial(s).

The undersigned are aware of this Court's efforts and encouragement to governmental entity payors (such as states' Attorneys General) to similarly advance toward bellwether trials, and we have coordinated with these Plaintiffs. Our proposal would coordinate the pretrial process, with respect to discovery and scheduling for both groups, such that both private TPPs, and Governmental Action Plaintiffs, could be sequenced for trial. Several Governmental Action Plaintiffs are presently considering the prospect of serving as bellwether plaintiffs, but have not yet made such decisions. We will continue to work with them on this matter, so that this Court and the parties, are operating under as coordinated a bellwether pretrial, discovery, and trial schedule as possible. Furthermore, the selection of specific TPP plaintiffs may invoke the antifraud statutes of a particular state law, which may, in turn, determine whether a particular bellwether case will be tied to a jury, or to the bench. Certain Plaintiffs may ask this Court to reconsider at some point during the process, the option of sitting in another district, to provide trial experience analogous to the situation of a remand, without disassembling the MDL itself. These logistical issues need not be decided at this juncture, but we wanted the Court to be

---

[4] *Lexecon Inc. v. Milberg Weiss, et al.*, 523 U.S. 26 (1998).

803475.1

apprised of them.

We are also working, with the Vioxx PSC to eliminate any need to retake discovery that has already been conducted, to ensure that the TPP exemplar Plaintiffs will have the benefit of common benefit work conducted thus far, and make appropriate provisions to ensure that ongoing TPP-related common benefit work has an equitable source of reimbursement and compensation, all of which will advance the TPP bellwether process in this Court and ensure its competent and expedited conduct and completion.

We appreciate the opportunity to advance these Claims and will do all in our power to implement the decisions and directives of this Court regarding the TPP exemplar trial process.

Respectfully submitted,

Dated: March 2, 2009

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
HERMAN, HERMAN, KATZ &
COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

*Plaintiffs' Liaison Counsel*

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
(415) 956-1000 Phone
(415) 956-1008 Fax

*Chair, PSC Purchase Claims Committee*

> James R. Dugan, II
> MURRAY LAW FIRM
> 650 Poydras Street, Suite 2150
> New Orleans, Louisiana 70130
> (504) 299-3443 Phone
> (504) 584-5249 Fax
>
> *Vice-Chair, PSC Purchase Claims Committee*
>
> *Counsel for Third Party Payor Plaintiff*
> *Louisiana Health Service Indemnity Company*
> *d/b/a Blue Cross/Blue Shield of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 4th day of March, 2009.

> /s/ Leonard A. Davis
> **Leonard A. Davis** (Bar No. 14190)
> *Herman, Herman, Katz & Cotlar, L.L.P.*
> 820 O'Keefe Avenue
> New Orleans, Louisiana 70113
> Telephone: (504) 581-4892
> Facsimile: (504) 561-6024
> ldavis@hhkc.com