UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br><br>APPLICABLE TO ALL THIRD PARTY PAYOR CASES | MDL No. 1657<br><br>Section L<br><br>Judge Fallon<br><br>Magistrate Judge Knowles |

**[PROPOSED] PRETRIAL ORDER NO. ___**
**Setting Schedule for Exemplar TPP Trials**

Whereas, on February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring to this Court numerous claims against Merck relating to Vioxx, and while the majority of those (and subsequently transferred) claims were individual personal injury actions, the transfer orders include numerous claims by private health benefit providers (sometimes known as third party payors or "TPPs"), non-personal injury individual consumers, and public payors (e.g., governmental entities that paid for Vioxx and Vioxx related injuries); and

Whereas, these MDL proceedings are now ripe to advance the adjudication of rights and responsibilities of the parties with respect to the claims brought by private third party payors; and

Whereas, the conduct of exemplar (or "bellwether") TPP trials in this Court, including the determination of specific questions of fact, is likely to prove instructive to the parties and the Court regarding the issues, merits, and potential value of TPP claims, thus streamlining further proceedings and facilitating their ultimate resolution,

1

Exhibit A

**IT IS HEREBY ORDERED:**

**I.   SCOPE OF ORDER**

This Pretrial Order sets forth certain issues relating to a schedule and other matters relating to private third party payor claims ("TPPs"). Not all issues relating to the litigation and adjudication of these matters are attempted to be set forth in this order. As pre-trial proceedings progress toward the deadlines set forth in this Order, the parties, after consultation, may seek additional orders relating to these claims; and the Court may, *sua sponte,* supplement or amend this order at any time.

**II.   IDENTIFICATION OF EXEMPLAR THIRD PARTY PAYORS**

On or before March 19, 2009, Counsel for third party payors shall file and serve a "Notice of Exemplar TPPs," to identify no less than three, and no more than six, private third party payors (including Louisiana Health Service Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana ["BCBSLA"]), and, if and as practicable, one or more Governmental Action payors, which have authorized designated counsel to represent them on a non-class basis for expedited pretrial proceedings leading to trial on the merits of their claims, and defenses thereto, before this MDL Court, sitting in the Eastern District of Louisiana, or sitting elsewhere as this Court may designate. This group of third party payors shall be known as the "Exemplar TPPs." Such notice shall include the identification of the pharmacy benefit manager(s) ("PBM") and/or third party administrator(s)("TPA"), if any, that provided formulary and/or pharmacy adjudication services for such Exemplar TPPs with respect to Vioxx. Exemplar TPPs may adopt the Purchase Claims Master Class Action Complaint ("Master Complaint") previously filed herein, and/or file additional or amended TPP complaints in this District. The Court will rule on the submitted motion to dismiss the Master Complaint as soon as practicable.

### III. WAIVER OF ANY VENUE OBJECTIONS

In order to promote judicial efficiency, defendant Merck & Co, Inc. ("Merck"), has stipulated and agreed that it will not assert any objection of improper venue pursuant to Fed.R.Civ.P. 12(b) as to Exemplar TPP VIOXX-related cases filed directly in the Eastern District of Louisiana. The filing of any additional or amended Exemplar TPP Complaints in this district shall be treated as within the scope of Pre-trial Order No. 11; the parties have agreed, and this Court orders, that the filing of such Complaints in this district shall serve as original filings on behalf of the named private third party payors or Governmental Action payors in that document, and such Plaintiffs shall dismiss any inconsistent underlying pleadings, and/or waive remand, as necessary and appropriate, such that the claims, and defenses thereto, may be tried in this Court, consistent with *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

### IV. USE OF PRIOR MDL DISCOVERY

Third party payor counsel, the Exemplar TPPs and Merck shall utilize to the fullest extent practicable discovery previously taken in these MDL proceedings. The PSC shall ensure that counsel for the Exemplar TPPs has full access to the MDL discovery (documents, databases, depositions, answers to interrogatories, expert reports, trial transcripts, trial exhibits, and formal discovery and other relevant information to claims relating to Vioxx) along with the trial package(s).

### V. DISCOVERY

On or before April 16, 2009 the parties shall enter into stipulations in order to make available all third party payor discovery that has been, and will be, conducted in the New Jersey state court proceedings, and to ensure that discovery undertaken in these MDL

3

Exhibit A

803475.1

proceedings is made available to the litigants in the New Jersey proceedings.

Also on or before April 16, 2009, the parties shall exchange initial documents and information relevant to preparation and conduct of the Exemplar trials. Without limiting the scope of appropriate disclosures by the parties, the parties shall make actual production, and not simply Rule 12(a)(1)(A)(ii) description of location, with respect to the following:

(a) As to each of the Exemplar TPPs, the disclosure shall includes (i) documents in the possession, custody or control of the Exemplar TPP relating to communications between Merck and the Exemplar regarding Vioxx, (ii) identification of the pharmacy benefit manager(s) ("PBMs"), or third-party administrators ("TPAs") if any, of the Exemplar TPP during the relevant time of the Exemplar TPP Complaint, and (iii) data reasonably available regarding aggregate expenditures by the Exemplar TPP for Vioxx.

(b) As to Merck, the disclosure shall include (i) documents in the possession, custody, or control of Merck relating to communications between Merck, on the one hand, and each Exemplar TPP and the Exemplar TPP's PBM(s) and/or TPA(s), on the other hand, regarding Vioxx; (ii) the identification and production of the custodial files of all of Merck's National Account Executives and/or Customer Contruct Managers ("CCMs") who interacted with the Exemplar TPPs or their PBMs/TPAs; (iii) documents and materials previously produced to those governmental entities claimants (e.g., States Attorneys General) with whom Merck has settled Vioxx-related claims; (iv) identification of all Merck employees, consultants and/or independent contractors having responsibility for advertising, promoting, marketing and/or selling Vioxx either to each Exemplar TPP or to physicians writing prescriptions located in the primary state of service of each Exemplar TPP; (v) invoice-level sales data reasonably available (to be produced in the

4

Exhibit A

most electronically usable form available) regarding invoice-level sales receipts for Vioxx nationwide; (vi) rebate, charge back and other non invoice-level discount data reasonably available (to be produced in the most electronically usable form available) regarding price discounts and concessions directly or indirectly relating to Vioxx; and (vi) sales, promotion, advertising and/or marketing expenditure and other quantified data (e.g., number of sales visits, number of issued publications, etc.) reasonable available and in the most disaggregated format (to be produced in the most electronically usable form available) regarding Merck's promotion, advertising, marketing and/or other selling activities relating to Vioxx.

## VI. CONFIDENTIALITY OF DOCUMENTS

TPP counsel and Merck shall execute (if necessary), abide by, and utilize Pretrial Order No.13, relating to the confidentiality of documents.

## VII. SCHEDULING ORDER

In accordance with Fed.R.Civ.P.16 and other applicable law, subject to further order and definition by the Court, and to be addressed and refined on an ongoing basis, as necessary, at Status Conference to be regularly set by the Court, the following TPP Exemplar schedule shall apply:

| Date | Event |
| --- | --- |
| March 5, 2009 | TTP Status Conference. |
| March 19, 2009 | Identification of Exemplar TPP Plaintiffs. Discovery commences. Any prior stay of discovery as to the named plaintiffs in the TPP Complaint and Merck is lifted. Parties may engage in all forms of discovery to augment discovery previously undertaken and available in these MDL proceedings. |
| April 16, 2009 | Initial discovery under paragraph five of this order due. |

5

Exhibit A

803475.1

| Date | Event |
|---|---|
| **Date** | **Event** |
| April 2009 | Any additional or amended TPP Complaints to be filed by TPP Exemplar Plaintiffs within 10 days after Court's ruling on Purchase Claims Master Class Action Complaint. Dates for answers or other responses to be filed by Merck, and further briefing and hearing therein, to be set by the Court. |
| July 10, 2009 | Exemplar TPP Plaintiffs' expert reports under Rule 26 to be served. |
| July 31, 2009 | Merck's expert reports under Rule 26 to be served. |
| August 14, 2009 | Exemplar TPP Plaintiffs' rebuttal expert reports under Rule 26 to be served |
| September 14, 2009 | All expert depositions to be completed. Any Rule 56 or *Daubert* motions, and proposed common questions (in the form of Rule 49 jury questions and/or proposed findings for the Court) to be filed and served. |
| October 5, 2009 | Any oppositions to Rule 56 or *Daubert* motions, or to proposed common questions, to be filed and served. Motions *in limine* to be filed and served. |
| October 19, 2009 | Replies (if any) to Rule 56 or *Daubert* motions, or proposed common questions, and responses to motions *in limine* to be filed and served. |
| October 23, 2009 | Motions *in limine* replies to be filed and served. |
| October 30, 2009 | Final pretrial conference. |
| November 2009 | Trial. |

Dated: March __, 2009          By: _____
                                   The Honorable Eldon Fallon
                                   United States District Court Judge

6

Exhibit A

803475.1