UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| All Third-Party Payor | * | MAGISTRATE JUDGE KNOWLES |
| and Consumer Economic Loss Cases | * | |
| | * | |

* * * * * * * * * * * * * * * * *

[*PROPOSED*] **PRETRIAL ORDER NO. (   )**

Whereas, on February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring to this Court numerous claims against Merck relating to Vioxx, including economic loss (non-personal injury) claims by private health benefit providers ("third-party payors" or "TPPs") and individual consumers; and

Whereas, the parties have completed briefing on defendant Merck's motion to dismiss plaintiffs' Purchase Claims Master Class Action Complaint ("Master Complaint"), which includes claims by TPPs and individual consumers; and

Whereas, the parties look forward to the Court's ruling on that pending motion and are entitled to a prompt determination of whether any claims included in the Master Complaint satisfy the requirements for class certification, *McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir. 1984) ("defendants are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs");

Whereas, the plaintiffs wish to proceed with merits discovery in the TPP cases notwithstanding the pendency of the motion to dismiss and the absence of a class certification determination; and

Whereas, the parties seek to advance the preparation of the TPP claims individually in the event that they are not dismissed and that the Court denies class certification,

**IT IS HEREBY ORDERED:**

**I.  APPLICABILITY OF ORDER**

This Order shall govern (1) all TPP and consumer economic loss cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along TPP and consumer economic loss actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related TPP and consumer economic loss cases originally filed in this Court or transferred or removed to this Court, including all claims included in the Master Complaint.  The parties, after consultation, may seek additional orders relating to these claims, and the Court may, *sua sponte,* supplement or amend this order at any time.  This Order supplements PTO Nos. 16 and 17 and the amendments to those orders.  The deadlines set forth in this Order supersede all deadlines in previous PTOs related to class action cases pending in this MDL.

**II.  FILING OF PRE-TRIAL ORDER NO. (▇)**

A copy of this Order shall be filed in each case transferred to this District and shall apply to all such cases removed to, or transferred to, this Court and cases filed in this Court that are within the subject matter of this Order.  In cases subsequently filed, a copy will be

- 3 -

provided by the Clerk to each plaintiff at the time of filing the complaint. In cases subsequently removed or transferred to this Court, a copy will be provided by the Clerk to each new party upon removal or transfer.

### III.     BRIEFING/PLEADING SCHEDULE

#### A.     Motions to Dismiss

On or before March 26, 2009, Merck shall submit any supplemental briefing regarding Merck's pending motion to dismiss the Master Complaint and any pending motions to dismiss individual TPP cases.

On or before March 26, 2009, Merck shall also file any motions for judgment on the pleadings that it wishes to file with respect to the other TPP cases in this proceeding. Plaintiffs shall file oppositions to Merck's supplemental briefing and any new motions by April 16, 2009, and Merck shall file replies by April 27, 2009.

The Court will issue an order on Merck's motions to dismiss and/or for judgment on the pleadings following the completion of the foregoing briefing schedule.

#### B.     Answer

Should the Court deny Merck's motion to dismiss the Master Complaint, each defendant shall file a Master Answer to each portion of the Master Complaint that was subject to such a motion (to the extent not dismissed) within 30 days of the Court's ruling. The same schedule shall apply to any individual TPP complaint as to which a motion to dismiss is denied.

#### C.     Class Certification

Should the Court deny Merck's motion to dismiss the Master Complaint, the following schedule shall govern class certification deadlines related to the Master Complaint.

1. Interrogatories and document requests on class certification issues shall be served 30 days after the Court's ruling on Merck's motion to dismiss.

2. Responses to interrogatories and document requests shall be due 30 days after service.

3. Plaintiffs' motion for class certification, brief in support, and all expert affidavit(s) in support (if any) shall be due 90 days after the Court's ruling on Merck's motion to dismiss.

4. Plaintiffs shall make their proposed class representatives and class certification experts (if any) available for deposition within 45 days after the date of plaintiffs' motion for class certification.

5. Merck shall file its opposition to plaintiffs' motion for class certification and expert affidavit(s) (if any), if any, 90 days from the date of plaintiffs' motion for class certification.

6. Merck shall make its class certification experts (if any) available for deposition within 45 days after the date of its opposition to plaintiffs' motion for class certification.

7. Plaintiffs shall file their reply memorandum in support of class certification within 60 days from the date of Merck's opposition to plaintiffs' motion for class certification.  Plaintiffs may not submit reports on behalf of "rebuttal experts" without prior order of the Court.

8. The Court shall hold a hearing on the class certification motion on a date to be determined.

## IV. DISCOVERY REGARDING TPP CLAIMS

### A. TPP Trial Case Selection

Following the Court's rulings on motions to dismiss that are briefed pursuant to Paragraph III.A of this Order, the parties shall confer in an effort to select six TPPs whose claims will be adjudicated separately in a succession of bellwether trials (the "TPP Trial Cases"). The parties shall endeavor to select cases that will produce trials that will provide helpful information to the Court and the parties about the TPP claims. If the parties cannot agree on the selection of the TPP Trial Cases, the Court shall make the selections based on the recommendations of the parties.

### B. Discovery Schedule

The following schedule shall govern discovery regarding the claims asserted in this proceeding by any TPP named as a plaintiff in any complaint (class action or non-class action) asserting economic loss claims:

1. To the extent it has not already begun, discovery shall commence immediately with respect to the claims of all TPPs.

2. All interrogatories and document requests in the TPP Trial Cases shall be served no later than 75 days after the selection of TPP Trial Cases pursuant to Paragraph IV.A.

3. The parties may serve interrogatories and document requests with respect to the claims of all TPPs that are not designated as TPP Trial Cases (the "Remaining TPPs"). The parties shall have 60 days to respond to interrogatories and document requests related to the Remaining TPPs. By

subsequent Order, the Court shall set a deadline for service of interrogatories and document requests with respect to the Remaining TPPs.

4. Fact depositions in the TPP Trial Cases shall be completed within 150 days of the selection of TPP Trial Cases pursuant to Paragraph IV.A.

5. Fact depositions may be taken with respect to the claims of the Remaining TPPs beginning 90 days after the selection of TPP Trial Cases. By subsequent Order, the Court shall set a deadline for the completion of fact depositions with respect to the Remaining TPPs.

**C.     Confidentiality of Documents**

TPP counsel and Merck shall execute (if necessary), abide by, and utilize PTO No. 13, relating to the confidentiality of documents.

New Orleans, Louisiana, this _____ day of _____, 2009.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE