IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CLARA FONTANILLES, an individual,
on behalf of himself and all others similarly
situated,

        Plaintiffs,

v,

MERCK & CO., INC.
a New Jersey Corporation.

        Defendant.

_____/

CASE NO.:   **0 4 - 2 0 7 2 7  CA  2**

## CLASS ACTION COMPLAINT

Plaintiff, Clara Fontanilles, individually and on behalf of all others similarly situated,

alleges as follows:

### NATURE OF ACTION

1.    This case is brought against Defendant Merck & Co., Inc. ("Merck") by Plaintiff,

individually and on behalf of all others similarly situated, each of whom were prescribed and

paid for the anti-inflammatory drug Vioxx®.  As alleged herein, Merck, through a standardized

advertising, promotional, and marketing campaign hatched, incubated, facilitated, and

consummated by Merck in a uniform manner, has engaged in unfair and deceptive marketing by

purposefully misrepresenting, concealing, and omitting the fact that the consumption of Vioxx

by a consumer would substantially increase, and in some instances **triple**, the consumer's risk of

having a heart attack, stroke, or other cardiovascular complications.  Indeed, Merck has

purposefully hidden this fact from consumers.  Merck omitted these disclosures in order to sell

HARWE & CLASSEN  ...

M00350525U

Vioxx to consumers under false pretenses, and to sell billions of dollars worth of Vioxx worldwide.

2.    As a result of this unfair and deceptive practice, Merck has sold billions of dollars in Vioxx which it would not have otherwise sold had it made the proper disclosures, and it has been unjustly enriched at the expense of Plaintiff and the class members.

3.    Plaintiff brings this case on behalf of herself and a class of Florida consumers ("Class").

## JURISDICTION, PARTIES, AND VENUE

4.    Plaintiff Fontanilles is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*. During the proposed class period, Plaintiff was prescribed, purchased and consumed Vioxx within the state of Florida.

5.    Defendant Merck has its headquarters and principal place of business in Whitehouse Station, New Jersey, and is a New Jersey corporation. Merck is in the business of manufacturing, producing, and dispensing pharmaceutical products. At all material times, Merck has done, and continues to do, business in Florida and every other state in the nation.

6.    This Court has jurisdiction over this action pursuant to Fla. Stat. § 26.012, because this is a civil action seeking damages in excess of $15,000. This Court has jurisdiction over Merck because a substantial portion of the wrongdoing alleged in this Complaint took place in Florida, Merck is authorized to do business here, Merck has sufficient minimum contacts with Florida and/or otherwise intentionally avails itself of the markets in Florida. Merck has multiple locations and sells its products within the state of Florida and in Miami-Dade County, rendering the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice.

2

HARKE & CLASBY LLP

M003505251

7.     Venue is proper in the Eleventh Circuit Court for Miami-Dade County, Florida, pursuant to Fla. Stat. §§ 47.051, because the cause of action accrued in Miami-Dade County, Florida, and because the defendant conducts substantial business in this county.

## THE CLASS

8.     Plaintiff brings this case as a class action pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501,201-501,213 (FDUTPA). Plaintiff seeks certification of a class of Florida purchasers of Vioxx defined as:  All individuals who were prescribed and purchased Vioxx for consumption and not resale in the State of Florida after January 1, 1999 up to and including the present. Excluded from this Class are employees, officers, and directors of Merck. Plaintiff Fontanilles is a member of the class in that she was prescribed and purchased Vioxx for her personal consumption within the class period.

9.     This action is proper for class treatment under Rules 1.220(a) and (b)(3) of the Florida Rules of Civil Procedure. The proposed class is so numerous that individual joinder of all members is impracticable. While the exact number and identities of the class members are unknown to Plaintiff at this time, Plaintiff is informed and believes that the class numbers in the thousands, and likely hundreds of thousands.

10.     Questions of law and fact arise from Merck's conduct in misrepresenting Vioxx as a safe product suitable for consumption by consumers. Such questions are common to all Class members and predominate over any questions affecting only individual Class members. The myriad questions of law and fact common to the Class include:

(a)     whether Vioxx substantially increases the risks of heart attack, stroke, or other cardiovascular complications for consumers who consume Vioxx;

3

M003505252

(b)    whether Merck markets and misrepresents Vioxx as a safe product, fit for human consumption;

(c)    whether Merck failed to disclose to consumers that the use of Vioxx substantially increases the risks of heart attack, stroke, or other cardiovascular complications;

(d)    whether Merck's failure to disclose the dangers of Vioxx is a material omission of fact;

(f)    whether Merck engaged in a marketing practice intended to conceal the dangers of Vioxx;

(g)    whether Merck's marketing practices violate FDUTPA;

(h)    whether Merck has been unjustly enriched at the expense of Plaintiff and the class members by its misconduct; and

(i)    whether Merck must disgorge any and all profits it has made as a result of its misconduct;

(j)    whether Merck should be barred from marketing Vioxx in a deceptive and uniform manner.

11.    Plaintiff will fairly and adequately represent and pursue the interests of Class members. Plaintiff's counsel has vast experience in consumer class action cases. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

## FACTUAL ALLEGATIONS

12.    Defendant Merck is one of the world's largest pharmaceutical companies. One of Merck's best selling and most popular products is Vioxx, an anti-inflammatory medicine. Upon information and belief Merck has made billion of dollars from the sale of Vioxx.

4

M003505253

13.     Merck markets and advertises Vioxx as used in adults for:

    a.     relief of the pain and inflammation (swelling and soreness) of osteoarthritis (arthritis from wear and tear on your bones and your joints),

    b.     relief of the pain and inflammation of rheumatoid arthritis in adults (arthritis caused by a condition where your immune system attacks your joints),

    c.     management of short-term pain,

    d.     treatment of menstrual pain (pain during women's monthly periods), and

    e.     treatment of migraine headache attacks with or without aura.

14.     Vioxx is used in children and adolescents, of at least 2 years of age and who weigh at least 10 kg (22 lbs.) to help relieve the signs and symptoms of pauciarticular or polyarticular Juvenile Rheumatoid Arthritis (JRA).

15.     Sometime in 1999 or early 2000, Merck discovered that the ingestion of Vioxx by a person would substantially increase the person's risk of heart attacks, strokes, or other serious cardiovascular events.

16.     In June 2000, Merck submitted a safety study to the FDA called the Vioxx Gastrointestinal Outcomes Research ("VIGOR") which confirmed Merck's knowledge of the inherent dangers of Vioxx.

17.     Even though Merck had full knowledge of the potentially lethal effects of its billion dollar drug, it consciously chose not to disclose these facts to consumers.

18.     Only recently has Merck voluntarily recalled Vioxx citing dangers that it has known about for over four years.

M00350525A

19.     Even though Merck knew about the dangers of Vioxx since 1999 or 2000, Merck has never disclosed the inherent dangers of Vioxx. It has not included in its advertisements, or otherwise generally informed consumers, that Vioxx is a potentially lethal drug which could substantially increase a consumer's risk of heart attack, stroke, and other dangerous cardiovascular conditions.

20.     Indeed, a major part of Merck's marketing strategy, and a cornerstone to its success, is convincing consumers that Merck products are of a consistent quality and safe for consumption. Merck intends for consumers to believe and rely on the representation that all Merck products are safe for their intended use with only the potential of any <u>disclosed</u> side effect.

21.     For several years, Merck has deliberately marketed to consumers that Vioxx is a product safe for consumption, all while failing to disclose the fact that it substantially increases the consumer's risk for heart attack, stroke, and significant cardiovascular complications.

22.     Thus Merck, by failing to disclose the above, continued to sell billions of dollars worth of Vioxx which its would not have sold had it disclosed the truth about Vioxx to consumers.

23.     Plaintiff and class members have been substantially damaged by, and Merck has substantially profited from, Defendant's deceptive and unfair conduct.

## COUNT I – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

24.     Plaintiff re-alleges paragraphs 1 though 23 as if fully set forth herein.

25.     This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201 – 501.2101.

6

Hꙮꙮꙮ ꙮ Cꙮꙮꙮꙮ ꙮꙮꙮ

M003505255

26.     FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct of "any trade or commerce" are unlawful. Fla. Stat. § 501.204. Under FDUTPA, "trade or commerce" is defined to include advertisement or solicitation relating to any "thing of value." Fla. Stat. § 501.203(8).

27.     Plaintiff and the class members are "consumers" or "persons," as defined and construed under FDUTPA (Fla. Stat. §§ 501.201 – 501.213).

28.     Defendant's conduct as alleged herein occurred in the conduct of trade and/or commerce.

29.     Defendant's uniform marketing campaign, wherein Merck advertises, represents, and generally promotes and markets Vioxx as an anti-inflammatory drug safe for human consumption, but fails to disclose that consuming Vioxx will result in a substantial increase in the likelihood of heart attack, stroke or other cardiovascular conditions, constitutes an unfair or deceptive trade practice because it is unlawful, offends public policy as established by statutes, regulations and the common law, it is immoral, unethical, oppressive and unscrupulous, and it results in substantial injury to consumers.

30.     Merck's material representations and omissions constitute violations of FDUTPA. The Plaintiff and class members have purchased a drug that is dangerous, and must disregard or otherwise dispose of the Vioxx for which the Plaintiff and class paid significant monetary sums.

31.     This count does not seek recovery for any personal injuries or other physical harm that may have been suffered by Plaintiff and class members.

32.     Merck's advertisements are deceptive, misleading, and intended solely to increase its own profits at the consumer's detriment. Merck has profited from its uniform

M003505256

deceptive practices and marketing campaign, in that Merck is able to sell millions of Vioxx brand products, a dangerous and deadly substance, which it would not have otherwise sold had it disclosed to the truth to consumers.

33.     Plaintiff and the class members suffered actual damages as a result of Merck's deceptive and unfair trade acts. Specifically, as a result of Merck's deceptive and unfair trade acts and practices, Plaintiff and the class members suffered monetary losses associated with the purchase of Vioxx which itself is unfit for its intended purpose, i.e., the purchase price of the product.

34.     Further, Merck should be enjoined from marketing Vioxx in the deceptive and unfair fashion described above pursuant to Fla. Stat. § 501.211(1).

**WHEREFORE,** Plaintiff and the class members demand an award against Merck for actual and/or compensatory damages, in addition to the costs of this proceeding and attorney's fees, as provided by Fla. Stat. § 501.2105, injunctive relief, and such other relief as this Court deems just and proper.

## COUNT II- UNJUST ENRICHMENT

35.     Plaintiffs re-allege paragraphs 1 though 23 as if fully set forth herein.

36.     Merck received certain monies in response to its uniform deceptive marketing of Vioxx which are excessive and unreasonable.

37.     As a result, Plaintiff and the Class have conferred a benefit on Merck, and Merck has knowledge of this benefit and has voluntarily accepted and retained the benefit conferred on it.

38.     Merck will be unjustly enriched if it is allowed to retain such funds, and the class is entitled to disgorgement of the amount by which Merck has been unjustly enriched.

M003505257

**WHEREFORE**, Plaintiff and class members demand an award against Merck for the amount equal to the amount by which Merck has been unjustly enriched, and such other relief as this Court deems just and proper.

### JURY DEMAND

39.     Plaintiffs and the Class members demand a trial by jury.

Dated:  September 30, 2004.

Respectfully submitted,

Lance A. Harke, P.A.
Florida Bar No. 863599
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
Howard M. Bushman, Esq.
Florida Bar No. 0364230

*Counsel for Plaintiff and the Class*

HARKE & CLASBY LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone:  (305) 536-8220
Telecopier:  (305) 536-8229

*Of Counsel:*

BARNOW AND ASSOCIATES, P.C.
Ben Barnow, Esq.
One North LaSalle Street, Suite 4600
Chicago, Illinois  60602

9

M003505258