

**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, New Jersey 07102
(973) 639-9100

**Attorneys for Plaintiffs**

**FILED**

JUL 2 2 2008

Carol E. Higbee, P.J.Cv.

---

-------------------------------------------------- x
                                                       :

In Re: VIOXX LITIGATION
:
:
:
:
:
:
:

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: ATLANTIC COUNTY**

**CASE CODE 619**

**CIVIL ACTION**

-------------------------------------------------- x
:
**APPLICABLE TO ALL**
**THIRD PARTY PAYOR CASES**
:
:
:
:

**INITIAL CORE DISCOVERY ORDER**
**RELATING TO THIRD PARTY**
**PAYOR CASES**

-------------------------------------------------- x

**THIS MATTER** having come before the Court on June 30, 2008 and counsel for

Plaintiffs and counsel for Defendant having been present and for good cause shown,

**IT IS** on this 22 day of July ___, 2008,

**ORDERED** as follows:

1.      For all cases asserting third-party payor claims, Plaintiff shall provide

Defendant, within thirty (30) days after entry of this Order (or for those cases filed after

July 11, 2008, within thirty (30) days after filing its complaint), the following information

in writing:

        a.   The name, address, telephone number, primary contact, and dates of
            service for any prescription benefit manager ("PBM"), third party
            administrator ("TPA"), health maintenance organization, health
            insurer, pharmacy, or mail order pharmacy that provided, in part or in
            full, or administered drug benefits to Plaintiff's plan beneficiaries from
            January 1, 1998 to December 31, 2006 (hereafter, "Relevant Time

M0115217A

Period");1

b. The name, title, and dates of service for Plaintiff's senior-most employee(s) or consultant(s) who interacted with Merck & Co., Inc. ("Merck") National Account Executives ("NAEs") and/or Customer Contract Managers ("CCMs") concerning VIOXX during the Relevant Time Period;

c. The name, title, name of employing entity, and dates of service for any chairman, leader, or supervisor of a Pharmacy and Therapeutics ("P&T") Committee, or its functional equivalent, that assisted Plaintiff with preparation or revision of any list of prescription medications covered by a particular drug plan (hereafter "Formulary") containing VIOXX during the Relevant Time Period;

d. The name, title, name of employing entity, and dates of service for any pharmacy director(s) or manager(s) who assisted Plaintiff with preparation or revision for any Formulary containing VIOXX during the Relevant Time Period;

e. The name, title, name of employing entity, and dates of service for any medical director(s) who assisted Plaintiff with preparation or revision of any Formulary containing VIOXX during the Relevant Time Period;

f. The name, title, name of employing entity, and dates of service for the senior-most employee(s) or consultant(s) responsible for making decisions about which drugs to purchase and the terms by which they were purchased for any Formulary containing VIOXX during the Relevant Time Period;

g. The number of Vioxx prescriptions that Plaintiff paid for, including the number of dollars Plaintiff spent on each such prescription (or the aggregate amount spent on Vioxx); and

h. The number of Vioxx pills covered by each prescription identified above (or the aggregate number of Vioxx pills provided).

For purposes of Paragraph No. 1, Plaintiff must provide complete and accurate information to the extent such information is available. Specifically, all names

---

1 "Pharmacy" shall mean the network pharmacy that Plaintiff used to administer its prescription plan or which was designated as a preferred prescription fulfiller. "Mail Order Pharmacy" shall mean the entity with which Plaintiff contracted to administer its mail-order prescription benefit. Plaintiff should provide the complete address of the corporate headquarters of the contracting entity pursuant to the criteria set forth in Paragraph No. 1 of this Order.

M011DS2175

of individuals should include the complete first and last name of the individual, and to the extent such information is available, any initials, maiden or other names. All names of entities should include the full and complete name of the entity, and to the extent such information is available, "d/b/a" and "f/k/a" or other prior names. All addresses provided should include the complete address of the individual or entity, including building name, street number, and suite number (if any). All dates provided should include, at least, the relevant month and year.

2.      No more than five (5) business days after receipt of the information described above in Paragraph No. 1, Defendant shall designate in writing for Plaintiff's counsel five (5) individuals, identified in response to Subparagraph Nos. 1(b)-(f), for whom custodial file productions will be made by Plaintiff. The parties understand that in some cases, a single individual may have performed multiple functions and in such cases, a Plaintiff may comply with this Order by producing less than five (5) custodial files. Where Defendant reasonably believes the production of additional custodians is warranted, the parties shall meet and confer to resolve any differences before seeking relief from the Court.

3.      Plaintiff shall produce VIOXX-related documents and information from the custodial files for those individuals described in Paragraph No. 2 within sixty (60) days of Defendant's identification of individuals pursuant to Paragraph No. 2 above. Plaintiff shall not redact such documents and information where such materials refer or relate to FDA-approved drugs in the NSAID class; provided, however, that Plaintiff may redact information about drugs unrelated to the NSAID class and to the extent necessary to protect attorney-client privileged information.

3

M011DS2176

4.     Defendant shall promptly produce on a rolling basis as soon as practicable, and in any event no later than sixty (60) days after entry of this Order, the custodial files of those NAEs and CCMs who called on the PBMs and TPAs identified by Plaintiffs prior to the date of this Order.

5.     Within thirty (30) days after Plaintiff has provided Defendant with the information described in Paragraph No. 1, Defendant shall commence production of the custodial files of those NAEs and CCMs who called on or interacted with:

a.   Plaintiff or those entities identified by Plaintiff pursuant to Subparagraph No. 1(a), and

b.   the entities that employed the individuals identified by Defendant pursuant to Paragraph No. 2.

Defendant shall substantially complete this production within ninety (90) days. Defendant shall not redact such documents and information where such materials refer or relate to FDA-approved drugs in the NSAID class; provided, however, that Defendant may redact information about drugs unrelated to the NSAID class and to the extent necessary to protect attorney-client privileged information.

6.     Within forty-five (45) days after entry of this Order, Defendant shall produce to plaintiffs' liaison counsel, information sufficient to identify by Bates prefix, materials already produced by Defendant relating to the following subjects:

a.   Promotional materials directed to third-party payors and formulary decision makers;
b.   Formulary compendiums relating to VIOXX;
c.   Pharmacoeconomic studies, risk-benefit, or cost-benefit analyses relating to VIOXX and/or other NSAIDs;
d.   Dear Doctor, Dear Pharmacist, or Dear Healthcare Provider Letters relating to VIOXX;
e.   Physician Information Requests ("PIRs") or "Concepts" relating to

4

M011DS2177

VIOXX;

f.  Discount plans, pricing plans, and sales incentives relating to VIOXX;

g.  Formulary placement strategies for VIOXX;

h.  Tactical, strategic, and/or marketing plans directed at third-party payors and/or formulary decision makers; and

i.  Sales projections and market share projections relating to VIOXX.

7.  The foregoing core discovery will be provided in lieu of any Plaintiff Fact Sheet and Defense Fact Sheet initially contemplated by the parties.  This Order is without prejudice to the parties' seeking additional Court-ordered discovery or otherwise serving discovery in compliance with the New Jersey Court Rules.

_____

Honorable Carol E. Higbee, P.J.Cv.

5

M011DS2178