```
                                                                  Page 1
 1                      SUPERIOR COURT OF NEW JERSEY
                        ATLANTIC COUNTY
 2                      CASE TYPE NO. 619
                        THIRD-PARTY PAYOR CASE
 3
     ------------------------------x
 4   IN THE MATTER OF IN RE:
     VIOXX
 5                                      STENOGRAPHIC TRANSCRIPT
                                        OF:
 6   ------------------------------x  - CASE MANAGEMENT-
                                        CONFERENCE
 7
            PLACE:   ATLANTIC COUNTY CIVIL COURTHOUSE
 8                   1201 BACHARACH BOULEVARD
                     ATLANTIC CITY, NJ  08401
 9
            DATE:    JANUARY 28, 2009
10
11   B E F O R E:
12       THE HONORABLE CAROL E. HIGBEE, J.S.C.
13   TRANSCRIPT ORDERED BY:
14       DAVID BUCHANAN, ESQ. AND CHARLES COHEN, ESQ.
15   A P P E A R A N C E S:
16     DAVID BUCHANAN, ESQUIRE
       JEFFREY GRAND, ESQUIRE
17     SEEGER, WEISS
       ATTORNEY FOR THE PLAINTIFFS
18
       RICHARD D. MEADOW, ESQUIRE
19     LANIER LAW FIRM
       ATTORNEY FOR THE PLAINTIFFS
20
       MARK SCHULTZ, ESQUIRE
21     COHEN, PLACITELLA & ROTH
       ATTORNEY FOR THE PLAINTIFFS
22
                  *     *     *     *     *     *
23                   REGINA A. BERENATO-TELL, CCR-RMR-CRR
                     OFFICIAL COURT REPORTER
24                   1201 BACHARACH BOULEVARD
                     ATLANTIC CITY, NJ 08401
25
```

```
 1   trial.  To have an early trial we have to move
 2   discovery quickly.  To move discovery defense has
 3   indicated -- Charlie has indicated all along that he
 4   felt that the plaintiffs were going to have to produce
 5   more than the defendants were going to have to produce,
 6   and, therefore, because you already have so much
 7   discovery from them.  And, therefore, the objections
 8   would flow a little differently.  So with the
 9   understanding that New Jersey has extremely liberal
10   discovery and most things requested are usually
11   granted, unless they're burdensome or totally
12   irrelevant, I'm assuming nobody is objecting to the
13   definitions, which are the first three pages.
14             MR. BUCHANAN:  I think that's a faulty
15   assumption, Your Honor.  The definition of -- because
16   the term that is read through is NSAIDs, and whether --
17             THE COURT:  Where is that?  Is it defined
18   in there?
19             MR. BUCHANAN:  I believe it is a defined
20   term.
21             THE COURT:  Number six?
22             MR. GRAND:  The relevant drugs definition.
23             THE COURT:  Oh, relevant drugs.  "Relevant
24   drugs means any and all NSAIDs..."
25             MR. BUCHANAN:  And it may be helpful just
```