UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                          :    MDL NO. 1657
      PRODUCTS LIABILITY LITIGATION    :
                                          :    SECTION: L
                                          :
                                          :    JUDGE FALLON
                                          :    MAG. JUDGE KNOWLES
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

THIS DOCUMENT RELATES TO:         ALL CASES

### ORDER

On August 27, 2008, this Court entered its Order and Reasons (Rec. Doc. 15722) providing that the individual fee agreements for clients enrolled in the Vioxx Settlement are limited to 32%.

On December 10, 2008, certain attorneys filed a Motion for Reconsideration of the Court's Order and Reasons.

On December 19, 2008, this Court found that the Motion for Reconsideration may have created a conflict between the attorneys moving for reconsideration and their clients and issued an order appointing the Tulane Civil Litigation Clinic (the Clinic) to represent the interests of claimants subject to the Court's Order and Reasons dated August 27, 2008. Subsequently, attorneys for the Vioxx Litigation Consortium filed a Writ of Mandamus with the Fifth Circuit seeking to overturn the Clinic's appointment. Though a Stay of the Order was granted, the Fifth Circuit denied the Writ and the Stay was lifted. During the pendency of the Stay granted by the Fifth Circuit, the Clinic refrained from any interaction with the claimants.

Subsequent to the Court's order of Appointment, several Vioxx claimants have contacted the Clinic to inquire about the Clinic's scope of representation. Because the Clinic has been

appointed to represent "the interests of claimants subject to the Court's 32% Capping Order," the Court now issues the following Order regarding the Clinic's communications with claimants about the discrete issue on which the Clinic has been appointed. (Rec. Doc. 17517).

Accordingly, IT IS ORDERED that the Tulane Civil Litigation Clinic may communicate with each Enrolled Vioxx Settlement Claimant who contacts the Clinic, including through written correspondence containing the following:

1) That the Court, following the announcement of the Settlement Agreement, issued an order that counsel for Claimants are prohibited from receiving more than a 32% attorneys' fee, plus reasonable costs;

2) That the Clinic's representation of a Claimant is limited to the issue of whether the Court has the legal power to change the contractually agreed upon fees and, if so, whether it should;

3) An explanation that the Claimant continues to be represented by their attorneys of record on every matter other than any alleged complaint concerning fees above 32%;

4) An attachment "questionnaire" with a request that the claimant provide the following information:

     i. The name of their attorney in the Vioxx litigation;

     ii. Their fee percentage in the Vioxx litigation;

     iii. Whether he/she has received a Notice of Eligibility for the Vioxx Settlement and, if so, whether he/she has been ruled Eligible or Ineligible

5) Or if the Claimant should prefer, he/she may provide a copy of his/her contract with the attorney of record for the Vioxx Litigation;

6) A clause stating that the claimant may accept or deny the representation of the Clinic. If a claimant should accept the Clinic's representation, then he/she shall:

    i. Sign and return to the Clinic a form consenting to representation by student attorneys at the Clinic, pursuant to Local Rule 83.2.13.

The Clinic shall enter into the record of the Court all consent forms, in conformance with Local Rule 83.2.13.

Additionally, a number of other attorneys, including The Law Offices of Douglas A. Allison (Rec. Doc. 17588) and The Miller Law Firm (Rec. Doc. 17675), have filed motions similar to the VLC's Motion for Reconsideration. These attorneys are considered by the Court to be moving parties and the attorneys are required to notify their clients of the Court's appointment of the Clinic. Accordingly, IT IS FURTHER ORDERED that all parties joining in the Motion for Reconsideration shall forward a copy of the Court's December 19, 2008 Order to their clients who have Enrolled in the Settlement. On or before March 21, 2009, counsel for all moving parties shall file into the record an affidavit stating that they have fully complied with this order.

New Orleans, Louisiana, this 5th day of March, 2009.

_____
United States District Judge