# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                          MDL Docket No.  1657

PRODUCTS LIABILITY LITIGATION              SECTION L

--------------------------------------------

Judge Eldon E. Fallon
Magistrate Judge Knowles

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| Agard, et al.,  v. Merck & Co. [David Agard, James Demoski, and Edward Henderson] | Case No.:  2:05-cv-01089 |
| Aljibory, et al., v. Merck & Co. [Viola Santacrose] | Case No.:  2:05-cv-01090 |
| Cavallo, et al., v. Merck & Co. [Matthew Cavallo] | Case No.:  2:05-cv-01513 |
| Core, et al. v.  Merck & Co. [Richard Core] | Case No.:  2:05-cv-02583 |
| Devincentiis, et al., v. Merck & Co. [Arthur Pratt] | Case No.:  2:05-cv-02297 |
| Gates, et al., v. Merck & Co. [Scott Berthel] | Case No.:  2:05-cv-06221 |
| Connolly, et al., v. Merck & Co. [Majorie Curtis, Kristine Hia, and Maurice Hoyt] | Case No.:  2:06-cv-02708 |
| Kurtz v. Merck & Co. [Mary Kurtz] | Case No.:  2:06-cv-05779 |

--------------------------------------------------------------------------------

## PLAINTIFFS' MOTION FOR ISSUANCE BY THIS COURT OF A SUGGESTION OF REMAND

Plaintiffs David Agard, James Demoski, Edward Henderson, Viola Santacrose, Matthew Cavallo, Marilyn Core [Richard Core], Arthur Pratt, Scott Berthel, Marjorie Curtis, Kristine Hia, Maurice Hoyt and Mary Kurtz, by and through their counsel, the Law Office of Ronald R. Benjamin, hereby move this Honorable Court for an order granting the issuance of a Suggestion of Remand of their claims to their respective transferor courts pursuant to 28 U.S.C. § 1407 and Multidistrict Litigation Rule 7.6(c)(ii) of the Rules of the Judicial Panel on Multidistrict Litigation, for the completion of case-specific pretrial discovery and trial, and such other and further

relief as is just and proper.   In support of this motion, plaintiffs state the following

matters:

1.   In its Transfer Order dated February 16, 2005, the Judicial Panel on

Multidistrict Litigation established the instant MDL No. 1657, and assigned the

same to this Court "for coordinated or consolidated pretrial proceedings" based on

finding "the actions in this litigation involve common questions of fact" which the

Panel identified as follows:

> All actions focus on alleged increased health risks (including heart
> attack and/or stroke) when taking Vioxx, an anti-inflammatory drug,
> and whether Merck knew of these increased risks and failed to disclose
> them to the medical community and consumers.

In Re: Vioxx Products Liability Litigation, 360 F.Supp.2d 1352, 1353-54 (JPML

2005).

2.   The Panel went on to consider the concerns about individual questions of

fact predominating over common questions and the ongoing discovery in transferor

courts, but pointed out that the assigned "single judge ...can formulate a pretrial

program that . . .allows discovery **with respect to any non-common issues to**

**proceed concurrently with discovery on common issues....."** *Id.*, 360

F.Supp.2d at 1354 [emphasis added].

3.   The non-common case-specific discovery track in this proceeding is, in fact,

no longer being conducted "concurrently" with common issue discovery, because, as

this Court is aware based on the matters set forth below, no further discovery on

common issues is contemplated with which such non-common case-specific discovery

could run concurrently in MDL No. 1657 consistent with the Panel's decision, and

that, therefore, this Court, in the proper exercise of its discretion, should issue a

Suggestion of Remand now that allows plaintiffs to move for remand before the Panel

under the MDL Rule 7.6(c).

4.   Plaintiffs respectfully ask this Court to find and rule that it should issue a

Suggestion of Remand similar to the one entered by the Honorable Barbara Jacobs

Rothstein, presiding over MDL No. 1407, In Re: Phenylpropanolamine (PPA)

Products Liability Litigation, a copy of which is annexed hereto as **Exhibit A** for the

convenience of the Court.

5.   That common discovery and other coordinated pretrial proceedings have, in

fact, been completed in MDL No. 1657, leaving only non-common case specific issues

that should be remanded to and are best determined by the transferor court, is

supported by this Court's Pre-trial Order ("PTO") 28 and 29 issued well over a year

ago on November 9, 2007.  In PTO 29 this Court specifically found that:

6.      Discovery in this litigation has also been extensive.  More than 54
         million pages of documents and a terabyte of data have been
         produced by Merck pursuant to various requests from plaintiffs'
         counsel along with another 86 million pages of data from Merck
         Profile Forms.  More than 1,800 depositions have also been taken in
         the litigation and depositions have consumed more than 2,000 days
         and comprise more than 380,000 pages of testimony.  Also, more than
         fifteen trials have been conducted, including six in this Proceeding....

PTO 28, at p. 5.    The above findings were reiterated in this Court's decision of

August 7, 2008, in the following rulings:

When the parties formally announced the settlement agreement,
Vioxx–related discovery had been moving forward in the coordinated

-3-

> jurisdictions for more than six years.   Over 50 million pages of
> documents had been produced and reviewed, more than 2,000
> depositions have been taken, and counsel for both sides have filed
> thousands of motions and consulted with hundreds of experts in the
> fields of cardiology, pharmacology and neurology.

In Re: Vioxx Prod. Liab. Lit., 2008 WL 3285912, *2 n.5 (E.D.La. August 7, 2008).

This Court went on to observe that, "Tens of thousands of federal Vioxx plaintiffs

have been waiting years for this disbursement" in connection with those plaintiffs

who have agreed to the terms of the settlement entered into November 9, 2007. Id.,

at *18.

6.   Moreover, the Plaintiff's Steering Committee ("PSC") has made clear it

is not engaging in any additional common discovery or other coordinated pretrial

proceedings.  See May 22, 2008 hearing transcript, at 67-68.   At this stage of these

proceedings the only PSC involvement appears to be limited to collateral matters

ranging from third-party payer issues to attorneys fees.

7.   That common issue discovery is completed is further evinced by the fact

that the ongoing discovery in MDL No. 1657 subject to the stay is limited to the

non-common case-specific discovery Merck is pursuing from individual plaintiffs.

Such non-common discovery activity is further limited only to the individual

plaintiffs who did not opt into the Master Settlement Agreement ("MSA") program

inasmuch as PTOs 28 and 29 are restricted to requiring non-settling plaintiffs to

provide certain information to Merck by certain deadlines that is all case-specific

in nature.

8.   That PTOs 28 and 29 apply only to nonsettling plaintiffs and is limited

to case-specific disclosures appears on the face of each.  By its terms, PTO 28 applies "unless the claim is eligible for, and has been submitted to, the Resolution Program." *Id.,* at p.1.  PTO 29 applies to later filed (new) or transferred cases, which would obviously not have submitted an eligible claim to the Resolution Program since they are continuing to litigate.

9.   In contrast, elections to enter the settlement program appear to have terminated the actions of the vast majority of plaintiffs whose cases were transferred to MDL No. 1657.  The terms of the MSA required them to submit executed stipulations of discontinuance of the cases of opt-in plaintiffs.  Indeed, the recent Joint Motion by the PSC and Merck, filed March 3, 2009, states that:

> More than 49,000 claimants have enrolled in the Program.
> Accordingly, the parties now have a clearer sense of which cases
> remain to be litigated in this Court.

*See* Record, Joint Motion, Document 17893, at p. 1, para. 2.  Thus, it is clear, both Merck and the PSC are using MDL No. 1657 to litigate against non-settling individual plaintiffs in the knowledge that they brought common issue discovery to a conclusion more than a year ago.

10.   However, in the first instance, it is not clear what role the PSC envisions for itself in litigating the remaining individual cases, especially since, plaintiffs submit, any litigant role by the PSC whatsoever is offensive to notions of fair play that characterize the adversarial system, because plaintiffs have a right to litigate their cases against the defendant alone; yet, *see, e.g.,* this Court's Order and Reasons dated December 10, 2008 discussing opposition to plaintiff's motion

by both the defendant and the PSC, at p. 9.

11.   On the other hand, it is fairly obvious that, without a remand, Merck will be seeking to conduct case-specific discovery that prolongs these proceedings even though common issue discovery is concluded, and despite the lack of any plausible reason to suggest that case-specific discovery for these New York plaintiffs is better determined in this Court now that common issue discovery the statutorily-authorized under 28 U.S.C. §1407 is concluded.

12.   Plaintiffs respectfully submit the primary, if not only, reason defendant Merck can stand pat is the realization that PTOs 28 and 29 can be used as a way to ensure it does not face trial anytime soon with respect to non-settling plaintiffs since its counsel can subject the non-settling plaintiffs to a war of attrition by claiming deficient disclosures by the plaintiffs which generate endless motion practice that delay depositions of plaintiffs' witnesses, none of which relates to common discovery or other pretrial issues, but is entirely case-specific.

13.   With respect to the moving plaintiffs, this is evinced by the fact that, on February 26, 2009, Merck's counsel sent plaintiffs' counsel twelve separate letters that allege deficiencies in case-specific disclosures by the moving plaintiffs, assert that medical or pharmacy records have never been provided, demand such information as the birthdates, social security numbers and home addresses of the plaintiffs' physicians and insurance agents, and, more importantly, seek duplicative information and materials that had already been turned over by the plaintiffs.

14.   On February 27, 2009 plaintiffs' counsel wrote counsel for the defendants advising substantial disclosure was already made and a willingness to provide whatever additional specific information was necessary and relevant for Merck to properly defend itself. *See* letter annexed hereto as **Exhibit B**.  On March 10, 2009, plaintiffs' counsel sent another letter to Merck's counsel seeking clarification as to the reason all of the letters reference docket numbers of the transferor district courts, and some even reference the case numbers assigned in New York state court prior to removal and transfer.  *See* letter annexed hereto as **Exhibit C.**

15.   As has been historically the case no response from Merck has been forthcoming, a tactic that would not be countenanced in the transferor courts where these plaintiffs would have a level playing field and the ability to negotiate not only discovery issues, but move toward settlement or subject defendant Merck to a trial by jury.

16.   In the instant proceedings, defendant Merck can ignore, and indeed has ignored efforts to meet and confer on discovery matters opting instead to insist on strict compliance with PTO 28, an order issued *sua sponte*, without affording any individual plaintiff notice of opportunity to be heard on the merits of such discovery requirements that impose duplicative, onerous and burdensome obligations on the individual plaintiffs above and beyond what discovery is necessary to permit Merck to defend itself, as well as in excess of the discovery a party would be entitled to under the federal rules in the absence of motion practice.

17.   There can be no real doubt that the February 26 letters are a precursor to a plan by Merck to litigate the remaining cases of nonsettling plaintiffs in this Court by pursuing motions for orders of dismissal as discovery sanctions based on alleged deficiencies solely with respect to case-specific disclosures.   This is apparently an end-game plan since it is obvious that Merck has had sufficient case-specific discovery in these plaintiffs' cases to commence depositions, but none are in sight.  It is respectfully submitted this is probably because it obvious that these cases should be remanded since remaining discovery will revolve largely, if not exclusively, around depositions of physicians and witnesses  located in New York, where the transferor courts would be best suited to determine any disputes that arise between the parties.

18.   Indeed, the conclusion of the common discovery and other coordinated pretrial proceedings is best reflected by the fact that the PSC and Merck have jointly moved to lift PTO 30 discovery stay that was put in place after the settlement was announced.   It is respectfully submitted the joint motion evinces that the PSC and the defendant Merck are united in interest at this stage in the proceedings, which interests are antagonistic to those of the remaining individual plaintiffs since they are the only plaintiffs who have rejected the terms of the Master Settlement Agreement reached by Merck, the PSC, and certain other attorneys who together comprise the Plaintiffs' Negotiating Committee ("PNC"). This is best reflected by paragraph 2 of their joint motion in which they advise more than 49,000 claimants have enrolled in the program and that the "parties

now have a clearer sense of which cases remain to be litigated in this Court". *Id.*,
Record, Joint Motion, Document 17893, at p. 1, para. 2.

19.  It is also highly significant that this Court has correctly characterized
many of the Vioxx plaintiffs as "elderly and in poor health." In Re: Vioxx Product
Liab. Lit., 574 F.Supp.2d 606, 613 (E.D.La.  2008), citing In re Zyprexa, 424
F.Supp.2d 488, 491 (E.D.N.Y. 2006).

20.  Since there are no common discovery or other coordinated pretrial
proceedings remaining, and only case specific issues are outstanding, nothing
remains to be litigated in this Court that is authorized by 28 U.S.C. §1407, and
these cases should be remanded.

WHEREFORE, plaintiffs respectfully submit that this Court should issue a
Suggestion of Remand of their claims, along with such other and further relief as is
just and proper under the circumstances.

Respectfully submitted,

RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442

Attorneys for Plaintiffs in Above-Captioned Actions

**EXHIBIT A TO PLAINTIFF'S MOTION FOR ISSUANCE BY THIS
COURT OF A SUGGESTION OF REMAND**

1

2

3

4          UNITED STATES DISTRICT COURT
5       WESTERN DISTRICT OF WASHINGTON
              AT SEATTLE

6   IN RE: PHENYLPROPANOLAMINE
    (PPA) PRODUCTS LIABILITY
7   LITIGATION,                        MDL NO. 1407

8   ————————————————————————           SUGGESTION OF REMAND
                                       ORDER
9   This document relates to the
    cases listed on Attachment A
10

11

12       The court, having reviewed the records of the cases listed

13   on Attachment A, finds and rules as follows:

14       (1) Common discovery and other coordinated pretrial

15   proceedings have been completed. All remaining issues are case-

16   specific, and best determined by the transferor court.

17       (2) These cases will not benefit from further coordinated

18   proceedings as part of MDL 1407, and are ready to be remanded to

19   their respective transferor jurisdictions.

20       Pursuant to Rule 7.6 of the Rules of Procedure of the

21   Judicial Panel on Multidistrict Litigation, the court issues its

22   Suggestion of Remand Order in the cases listed on Attachment A.

23       The Clerk is ORDERED to provide copies of this Order to the

24   Clerk of the Judicial Panel on Multidistrict Litigation and to

25   the clerks of the transferor district courts.

26

ORDER
Page - 1 -

DATED at Seattle, Washington this 8th day of August, 2005.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2 -

**ATTACHMENT A**

| Case name | WDWA No. | Transferor Court |
|---|---|---|
| Barnett v. SmithKline Beecham Corp., et al. | 03-591 | Northern District of Georgia (Atlanta), No. 02-cv-3289 |
| Brown, et al. v. Bayer Corp. | 03-2253<br><br>(Originally part of multi-plaintiff case Ratliffe, et al. v Bayer Corp., et al., No. 02-1372) | Northern District of Mississippi(Greenville), No. 02-cv-18 |
| Brown v. Bayer Corp. | 03-1404<br><br>(Originally part of multi-plaintiff case Waters, et al. v Bayer Corp., No. 02-19) | Middle District of Alabama (Montgomery), No. 01-cv-1280 |
| Chambers v. Bayer Corp., et al. | 03-2919<br><br>(Originally part of multi-plaintiff case Lamar, et al. v Bayer Corp., et al., No. 03-2463) | Northern District of Alabama (Birmingham), No. 03-cv-302 |
| Chavers v. Bayer Corp. | 03-1400<br><br>(Originally part of multi-plaintiff case Waters, et al v. Bayer Corp., No. 02-19) | Middle District of Alabama (Montgomery), No. 01-cv-1280 |
| Davenport v. Bayer Corp., et al. | 03-453 | Western District of Pennsylvania (Pittsburgh), No. 02-cv-1848 |

ORDER
Page - 3 -

| Case name | WDWA No. | Transferor Court |
|---|---|---|
| Eames v. Bayer Corp. | 03-2083<br><br>(Originally part of multi-plaintiff case Brown, et al., v. Bayer Corp., et al., No. 03-841) | Middle District of Louisiana (Baton Rouge), No. 03-cv-74 |
| Edwards v. Novartis Pharmaceuticals Corp., et al. | 03-3538<br><br>(Originally part of multi-plaintiff case Aidt, et al. v. Bayer Corp., et al., No. 03-2733) | Southern District of Mississippi (Jackson), No. 03-cv-124 |
| Foster, et al. v. American Home Products Corp., et al. | 03-1709<br><br>(Originally part of multi-plaintiff case Bourgeois v. American Home Products, et al., No. 02-543) | Eastern District of Louisiana (New Orleans), No. 02-cv-171 |
| Madison v. Bayer Corp., et al. | 03-2909<br><br>(Originally part of multi-plaintiff case Lamar, et al. v Bayer Corp., et al., No. 03-2463) | Northern District of Alabama (Birmingham), No. 03-cv-302 |
| Rankins v. Bayer Corp., et al. | 03-2914<br><br>(Originally part of multi-plaintiff case Lamar, et al. v Bayer Corp., et al., No. 03-2463) | Northern District of Alabama (Birmingham), No. 03-cv-302 |
| Sheppard, et al. v Wyeth, et al. | 04-701 | Northern District of Florida (Pensacola), No. 04-cv-12 |

ORDER
Page - 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| Case name | WDWA No. | Transferor Court |
|---|---|---|
| Snedeker, et al. v. Glaxosmithkline | 02-1865 | District of New Hampshire (Concord), No. 02-cv-173 |
| Wallace v. Novartis Consumer Health, et al. | 03-405 | Southern District of Alabama (Mobile), No. 02-cv-941 |
| Zagorski v. Bayer Corp. | 02-1534 | Northern District of Ohio (Cleveland), No. 02-cv-885 |

ORDER
Page - 5 -

**EXHIBIT B TO PLAINTIFF'S MOTION FOR ISSUANCE BY THIS
COURT OF A SUGGESTION OF REMAND**

## LAW OFFICE OF RONALD R. BENJAMIN
### ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

*Also Admitted in the District of Columbia

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

Phone 607-772-1442 / Fax 607-772-1678

Email:ronbenjaminlaw@stny.rr.com

February 27, 2009

Douglas R. Marvin, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC  20005

**Re:**     **Vioxx Product Liability Litigation**

Dear Mr. Marvin:

This letter will serve as plaintiff's response to the February 26 letters alleging deficiencies in discovery regarding the cases mentioned in the nine letters that were sent.

Form letters in which boxes are merely checked off does not represent any type of meaningful discussion of issues that may be implicated by information that may be missing, does not address seeking information that is irrelevant and designed either to delay or harass plaintiff, and most importantly, does not address specifically what is needed and why the same is necessary to defend the action.

Plaintiffs have made substantial disclosure, over and above what is necessary for you to defend your client in most instances. The purpose of this letter is to advise you that I am willing to meet and confer in connection with any particular case in which there is specific information that you contend Merck is lacking and which is necessary and relevant for Merck to properly defend itself.

In light of the same I suggest that you or someone from your firm be prepared to discuss substantively what information is actually missing and how the same is relevant to the case. Especially significant in any conference would be discussing information Merck already has, substantial medical records which were obtained through Litigation Management, Inc., or otherwise obtained, since it is patently absurd to be asking for information that you already have.

In some instances it is not so much a lack of information but a disagreement about what

Merck is entitled to, e.g., your contentions about deficiencies in the expert report submitted. You are aware that the Court has explained in subsequent decisions that it is not looking for full-blown Rule 26 reports with regard to the requirements of PTO 28. Our position on the expert reports is that they are adequate for purposes of PTO 28, and may be sufficient for discovery purposes absent a waiver to take the deposition of Dr. Rich.

Plaintiffs may consider supplementing the reports at some future date; however, that is in many respects dependent upon whether we can reach some agreement as to how to proceed in a manner that provides Merck what it is entitled to without unnecessarily burdening plaintiffs with duplicative discovery.

Since you are fully aware of arguments that have been raised in the past regarding PTO 28 I do not see any point belaboring matters by addressing those here, except to reiterate that we are fully prepared to comply with all reasonable discovery requirements, to provide Merck with information that is necessary for it to properly defend itself, but are not going to be subject to demands that are designed to delay the proceedings, impose undue burdens upon plaintiffs which have no other basis besides delay or harassment.

Finally, I am demanding that no further facsimiles be sent in connection with any deficiency letters or however else you want to characterize the letters sent February 26, 2009. We will accept e-mail or regular mail but facsimiles tie up our fax machine, waste a lot of paper and staff time. Please promptly advise if you consent to the same since it is an issue that would require motion practice if we cannot come to an agreement regarding the same.

I will be available to meet and confer either by phone or in person; however, prior to any such conference I would like you to provide specific information and reasons why the same is necessary to defend, etc. In the meantime I will be reviewing the letters and any information which is obviously missing and should be provided will be turned over.

Very truly yours,

Ronald R. Benjamin

RRB/dw

**EXHIBIT C TO PLAINTIFF'S MOTION FOR ISSUANCE BY THIS COURT OF A SUGGESTION OF REMAND**

LAW OFFICE OF RONALD R. BENJAMIN
ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*Also Admitted in the District of Columbia

Phone: (607) 772-1442
Fax   : (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

March 10, 2009

By Fax: 202/434-5000
M. Elaine Horn, Esq.
Law Offices of Williams & Connolly LLP
725 Twelfth Street, N. W.
Washington, D. C. 20005-5901

Re:        MDL No. 1657 - Vioxx Product Liability Litigation

Subject:   Your February 26, 2009 Letters Regarding Compliance
           with PTO-28

Dear Ms. Horn:

In going through your various letters dated February 26 in which you set forth
checked listings for "required categories of information" that you indicate you are
unable to locate among the materials we have provided, I noticed that each of the
letters contains a reference ("Re:") that does not contain the Eastern District of
Louisiana transferee court's case/docket numbers.  Rather, they contain the
transferor court case numbers or the index numbers from the original proceedings
in the New York State Supreme Court.

For example, for our client Richard Core (who died after his case was transferred to
MDL 1657 and whose wife Marilyn name is now substituted as the plaintiff in the
caption), you refer to the case as "Core, Richard F., et al v. Merck & Co., Inc., et al,
**5:04-CV-01367**."  The latter is the Northern District of New York case number.
The Eastern District of Louisiana case number is: **2:05-cv-02583**.   The same is true
for our client Marjorie Curtis, who is listed under the Connolly caption in the
Northern District of New York case number 06-cv-0429.   For our client Arthur
Pratt, you reference #05/103437, which is a New York Supreme Court index
number, even though, according to our records, his case was removed to federal
court and transferred and his assigned EDLa case number is 2:05-cv-02297-EEF-
DEK.

. It appears each of your letters refers to plaintiffs who are presently in MDL 1657.
However, since your letters do not identify the Eastern District of Louisiana case

numbers, it appears that Merck may be seeking duplicative materials under different case numbers for the same client, or is not looking at all of the materials that were provided during different stages in different proceedings.   I trust you will agree that PTO 28 does not require duplicative production.

Moreover, to the extent motions practice is pursued with respect to the same, the references in your letters to other court case numbers will likely lead to unnecessary confusion.

Under the circumstances, please clarify if there is a particular reason that your letters uniformly refer to the case numbers in the transferor courts or in the prior state court actions, and do not refer to the case numbers assigned in the MDL transferee court.

Your cooperation in this matter is appreciated.

Very truly yours,

Marya C. Young

MCY/mc

Page 2 of 2