UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION           )     MDL NO. 1657
                                             )
                                             )     SECTION: L
                                             )
                                             )     JUDGE FALLON
                                             )     MAG. JUDGE KNOWLES
                                             )
                                             )
*THIS DOCUMENT RELATES TO:*                  )
Cellino & Barnes, P.C. Plaintiffs Identified in   )
Defendant's Motion, Document 17841, Exh. A   )
                                             )

**PLAINTIFFS' OPPOSITION AND SHOWING OF GOOD CAUSE FOR A TIME EXTENSION AS TO DEFENDANT MERCK & CO., INC.'S *FIRST* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE WITH THE DISCOVERY REQUIREMENTS OF PTO 28**

On February 25, 2009, defendant Merck & Co., Inc. ("Merck") filed its above-entitled motion (Document 17841) requesting that an order to show cause issue as to why certain plaintiffs' individual claims should not be dismissed with prejudice. On February 25, 2009, this Court filed the requested order to show cause and ordered oppositions on or before March 13, 2009. The plaintiffs represented by the undersigned hereby respond pursuant to this Court's order.

Pretrial Order 28 required plaintiffs to provide certain discovery materials by dates certain and directed Merck to file a motion compelling production should these materials not be timely produced. However, this Court further permitted plaintiffs the opportunity to show good cause for granting them additional time to comply. Plaintiffs respectfully seek this Court's leave for additional time to comply.

1

As an initial matter, plaintiffs and Merck agree that they have complied with this Court's *Lone Pine* requirement to provide an expert report. (Motion, p. 4.) Merck seems to tacitly recognize the primacy of this PTO 28 requirement as both citations in their motion, other than an axiomatic statement regarding this Court's uncontested authority over discovery and sanctions, relate directly to the *Lone Pine* expert report discovery method. (Motion, p. 3-4 citing *In re Vioxx*, 557 F.Supp.2d 741, 743-44 (E.D. La. 2008) and *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000)). It is also notable that in litigating this issue Merck itself asserted the plaintiff's opportunity to show good cause for additional time as justifying the use of the *Lone Pine* process. *In re Vioxx*, 557 F.Supp.2d at 743 ("Merck argues that PTO 28 already contemplates extensions of time for 'good cause'").

Merck additionally argues that it is prejudiced by the absence of the additional discovery materials as it lacks critical background information and the passage of time may cause memories to fade, medical records to be lost or witnesses to become unavailable. (Motion, p. 4.) Plaintiff submit that the *Lone Pine* expert reports provide an initial basis for reviewing their claims. Contemporaneously with filing this response, plaintiffs have additionally served all PTO 28 records in their possession to further alleviate any potential prejudice.

With regard to prejudice resulting from delay, Merck does not contend that the plaintiffs have failed to send the document preservation notices to their providers. Plaintiffs previously tendered proof of these letters to Merck. The documentation underlying these claims has accordingly been preserved for the parties' use. While plaintiffs do not seek reconsideration of this Court's PTO 28 requiring them to collect

and produce these records, they nonetheless note that tendering the reservation letters provided Merck with the means of independently securing any desired records that it believed might be lost. Plaintiffs additionally note that no individualized depositions or other discovery have been requested for which additional data would have been immediately required.

Moreover, this MDL has distinguished between cases in which the Vioxx victims suffered myocardial infarction, ischemic stroke or sudden cardiac death – cases qualified for participation in the settlement program -- from cases where the victims suffered other thrombotic injuries such as pulmonary emboli. The former category has been prioritized by all parties and counsel has accordingly devoted all available resources to meeting this priority. Counsel's resources have proven insufficient for full compliance even on these prioritized matters. Complying to the extent possible with the prioritized injury categories has further precluded counsel from fully complying with PTO 28.

Counsel continues working diligently with all available resources to meet all MDL requirements. To that result, counsel has stipulated to the dismissal of scores of cases where plaintiffs consented to dismissal and withdrawn in many others, resulting in dismissal, where counsel's fundamental disagreement precluded providing expert reports. Plaintiff's counsel continues to work with Merck and the Claims Administrator to resolve remaining issues for the prioritized injury categories as well as those excluded from the Master Settlement Agreement. Counsel and plaintiffs have never refused to comply with an MDL requirement or even requested that this Court extend time to comply with one prior to this response. Counsel now does so out of necessity.

This Court's PTO 28 permits a time extension for good cause shown. Merck has acknowledged this as noted *supra*. Plaintiffs have tendered expert reports, document preservation notices and all documents in their possession. Plaintiffs will provide additional PTO 28 materials within their control in the immediate future and provide additional documents as received on a rolling basis. As Merck has not established prejudice under these circumstances and plaintiffs continue their good faith efforts to comply with all MDL requirements, they respectfully request that this Court (1) discharge the order to show cause, (2) order them to provide Amended and Supplemental Plaintiff Profile Forms and Interrogatory Responses within 30 days of the date of this Court's order and (3) take all necessary steps to procure all remaining PTO 28 medical records, pharmacy records, death certificates and autopsy reports not previously produced and to produce each of these records to Merck as soon as practicable.

DATED:      March 13, 2009

Respectfully submitted,

**CELLINO & BARNES, P.C.**

By: _____
Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020