**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *See Appendix A* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * *

**DEFENDANT MERCK & CO., INC.'S COMBINED OPPOSITION TO
PLAINTIFFS' MOTION TO TRANSFER CASES NOT PARTICIPATING
IN GLOBAL SETTLEMENT AND PLAINTIFFS' MOTION FOR ISSUANCE
BY THIS COURT OF A SUGGESTION OF REMAND**

In two separate motions, a total of nineteen plaintiffs who opted out of the Vioxx®

Resolution Program seek return of their cases to the federal courts from which they were

transferred into this MDL proceeding.[1]  As set forth below, plaintiffs' motions are premature

because coordinated pretrial proceedings have not been completed.

Earlier this month, Merck & Co., Inc. ("Merck") and the Plaintiffs' Steering Committee

("PSC") filed a joint motion to lift the stay that was imposed at the time of the settlement.  (*See*

Joint Mot. By Pls.' Steering Comm. & Def. Merck & Co., Inc. To Lift The PTO 30 Disc. Stay,

Dkt. No. 17893, Mar. 3, 2009.)  Once the Court enters that order, discovery and pretrial motions

can proceed in the personal injury cases that remain pending in the wake of the Resolution

Program.  Instead of suggesting remand, the Court should oversee such discovery and pretrial

---

[1]    Seven of the 19 plaintiffs – Gary Derose, William Donaldson, Neil Flewellen, Denise Hess, Judith Lynch, Samuel Perry, and Marjorie Rodriguez (the "Stratton plaintiffs") – are represented by Michael Stratton and have filed a motion to "transfer" their cases to their respective transferor courts.  The other twelve plaintiffs – David Agard, Scott Berthel, Matthew Cavallo, Richard Core, Marjorie Curtis, James Demoski, Edward Henderson, Kristine Hia, Maurice Hoyt, Mary Kurtz, Arthur Pratt, and Viola Santacrose (the "Benjamin plaintiffs") – are represented by Ronald Benjamin and have filed a motion for a suggestion of remand.

motion practice in plaintiffs' cases so that they can be returned to their transferor courts in a trial-ready posture.  Accordingly, plaintiffs' motions should be denied.

## BACKGROUND

The Stratton and Benjamin plaintiffs all filed lawsuits against Merck, alleging that Vioxx caused them personal injuries, and all of their suits were transferred to this Court for coordinated pretrial proceedings by the Judicial Panel on Multidistrict Litigation ("JPML").  Motions were filed by the Stratton plaintiffs on February 20, 2009 and by the Benjamin plaintiffs on March 12, 2009, seeking return of their cases to their respective transferor courts.

The Stratton plaintiffs ask the Court to "transfer" their cases to their respective transferor courts for trial on the ground that they have "complied in a timely matter with this [C]ourt's order regarding specific causation"– *i.e.*, PTOs 28 and 29 – and "no further activity has been permitted to occur" because of the stay.[2]  (Pls.' Mot. to Transfer ("Stratton Transfer Mot.") at 2.) According to their motion, transferring their actions "back to their original filing jurisdiction" will "avoid further unnecessary delay."  (*Id.*)  Plaintiffs Derose, Donaldson, Lynch, Perry, and Rodriguez seek transfer to the District of Connecticut.  (*Id.*)  Plaintiff Hess seeks transfer to the Middle District of Tennessee, and plaintiff Flewellen seeks transfer to the Eastern District of New York.  (*Id.*)

The Benjamin plaintiffs similarly seek a suggestion of remand on the ground that the "common" phase of the MDL is over.  (Pls.' Mem. Of Law In Supp. Of Their Mot. For Issuance By This Court Of A Suggestion Of Remand ("Benjamin Remand Mem.") at 5; *see also* Pls.' Mot.

---

[2]     The Stratton plaintiffs' motion for "transfer" miscomprehends MDL procedure.  Because the JPML has the exclusive prerogative to return cases to transferor districts, transferee courts can only "suggest" remand.  *See* R.P.J.P.M.L. 7.6(b) ("Each action transferred . . . that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial."); R.P.J.P.M.L. 7.6(c)(ii) (the JPML will "consider remand of each transferred action . . . at or before the conclusion of coordinated or consolidated pretrial proceedings on . . . suggestion of the transferee district court").  Thus, Merck assumes that the Court will treat the Stratton plaintiffs' motion as a motion for suggestion of remand.

For Issuance By This Court Of A Suggestion Of Remand ("Benjamin Remand Mot.") at 3.)  The

Benjamin plaintiffs argue that "the common issue discovery that provides the statutory

authorization for these proceedings has come to a conclusion, and all remaining issues are case-

specific and best determined by the respective transferor courts."  (Benjamin Remand Mem. at 1-

2.)  Plaintiffs Agard, Cavallo, Demoski, Henderson, Kurtz, Pratt, and Santacrose seek remand to

the Southern District of New York.  Plaintiffs Berthel, Core, Curtis, Hia, and Hoyt seek remand

to the Northern District of New York.

## ARGUMENT

While plaintiffs offer slightly different grounds for remand, both motions are premised on

the same basic argument:  that there is no longer any benefit in continuing coordinated pre-trial

proceedings with regard to their cases.  As set forth below, plaintiffs' motions err in multiple

respects.

The purpose of an MDL proceeding is to provide centralized management of pretrial

proceedings in order to ready cases for trial in their home districts in the most efficient manner.

*See* H.R. Rep. 90-1130, 1968 U.S.C.C.A.N. 1898, 1899 (noting that the "objective of the [MDL

statute] is to provide centralized management under court supervision of pretrial proceedings of

multidistrict litigation to assure the 'just and efficient conduct' of such actions") (quoting 28

U.S.C. § 1407(a)); *In re New York City Mun. Sec. Litig*., 572 F.2d 49, 51-52 (2d Cir. 1978)

(coordination of overlapping cases furthers judicial economy and eliminates the potential for

conflicting pretrial rulings); *Good v. Prudential Ins. Co. of Am*., 5 F. Supp. 2d 804, 809 (N.D.

Cal. 1998) (same); *In re Air Crash Disaster off Long Island, N.Y*., 965 F. Supp. 5, 7 (S.D.N.Y.

1997) (same).  While an MDL court need not wait until the completion of all pretrial matters

before suggesting remand of a case, *see* 28 U.S.C. § 1407(a) (allowing for remand "at or before

3

969949v.1

the conclusion of . . . pretrial proceedings"), the JPML "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause" by the party seeking remand, *In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978).  Similarly, the "transferee court, in considering whether to make a suggestion of remand, should be guided by the same standards for remand used by [the] Panel." *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig*., No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, at *6 (S.D. Ohio Mar. 25, 2004) (citing *In re Bridgestone/Firestone, Inc*., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001)).  This "good cause" standard "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *Id*. at *6-7.  Thus, courts have held that remand is inappropriate when continued coordination will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id*. at *7 (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)).

In *In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000), for example, plaintiffs sought a writ of mandamus ordering the JPML to grant remand on the ground that the MDL court had "cease[d] to conduct proceedings that are common to all" plaintiffs generally in the litigation. Specifically, plaintiffs argued that the MDL court had begun "individual settlement negotiations and discovery" not common to all cases and therefore was no longer conducting "coordinated or consolidated pretrial proceedings." *Id*. at 142.  The U.S. Court of Appeals for the Third Circuit disagreed, noting that while "the [JPML] has the discretion to remand a case when everything that remains to be done is case-specific[,] [t]his does not mean that consolidated proceedings have concluded at the point that only case-specific proceedings remain." *Id*. at 145.  In the *Patenaude* litigation, the MDL court had experience with, *inter alia*, certain discovery and

4

screening issues that would likely arise in multiple cases. *Id.* As a result, the Third Circuit concluded that continued coordinated proceedings before the MDL court would "promote the just and efficient conduct of [the litigation]." *Id.* at 145.

Similarly, in *In re Wilson*, 451 F.3d 161, 169-70 (3d Cir. 2006), plaintiffs claimed that remand was appropriate because the MDL court had completed all common discovery and "MDL treatment is unnecessary when remaining discovery is case specific." *Id.* at 169. In rejecting that argument, the Third Circuit explained that the "test [for issuing a suggestion of remand] is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending." *Id.* at 170. Moreover, the court recognized that "overlapping issues do not necessarily need to touch the [moving plaintiffs'] particular cases" as long as coordination will generally facilitate the efficient resolution of claims in the litigation. *Id.* According to the court, the MDL court had a unique "familiarity" with the litigation, and therefore "was in a better position than any transferor court to facilitate discussions" between the parties related to various pretrial issues. *Id.* at 171. As a result, the court concluded that the JPML properly refused to authorize remand and urged the plaintiffs "to continue to avail themselves of the efficiencies provided by inclusion" in the MDL. *Id.* at 173.

Here too, plaintiffs cannot establish that the benefits of coordinated pretrial proceedings have come to an end.

*First*, contrary to plaintiffs' suggestion, PTOs 28 and 29 do not mark the end of coordinated discovery in this litigation. The Stratton plaintiffs argue that there would be no benefit to their continued participation in the MDL because – pursuant to PTOs 28 and 29 – they have already submitted "specific causation" information to the Court. (*See* Stratton Transfer Mot.

5

at 2.)  The Benjamin plaintiffs similarly argue that PTOs 28 and 29 require case-specific

information only, indicating that the "common discovery" phase of the MDL is over.  (*See*

Benjamin Remand Mot. at 5-6.)  Neither argument supports remand of plaintiffs' cases.

The specific causation discovery ordered in PTOs 28 and 29 is merely the starting point

for discovery and pre-trial motions in plaintiffs' cases, not the end of the process.[3]  Witnesses

must be deposed (including plaintiffs and other relevant fact witnesses), expert discovery and

motion practice must run its course, and the Court must consider dispositive and evidentiary

motions.  To achieve consistency and efficiency, this MDL court is in the best position to make

centralized determinations on all of these pretrial issues, including discovery, motions to dismiss,

summary judgment motions, and *Daubert* and other evidentiary rulings.

Moreover, it is simply not true that PTOs 28 and 29 require case-specific discovery that

should be overseen by the transferor courts – and that their entry thus proves that the common

discovery phase of the MDL has concluded.  Many of the plaintiffs at issue allege similar types

of injuries allegedly caused by Vioxx, injuries with which this Court is very familiar.  Having

presided over the discovery conducted in this litigation thus far – as well as a number of

bellwether trials – this Court is uniquely qualified to determine what causation-related discovery

is necessary to identify those plaintiffs whose cases should be discarded as a matter of law.  And

by adopting PTOs 28 and 29, this Court has set a uniform and coordinated standard that all

remaining Vioxx plaintiffs must meet to continue to pursue their claims to the trial stage.

---

[3]      Notably, even if compliance with PTOs 28 and 29 did signal the end of coordinated proceedings – which it
does not – remand would still be inappropriate because the majority of the plaintiffs at issue have not provided
complete discovery pursuant to these Orders.

969949v.1

*Second*, the Benjamin plaintiffs' argument that the anticipated lifting of the stay demands remand is exactly backwards.[4]  If the Court adopts the parties' joint motion to lift the stay, case-specific discovery and pre-trial motion practice related to plaintiffs' cases – and others remaining in this MDL – will proceed in a coordinated fashion.  As set forth above, because this Court has significant experience in overseeing discovery related to Vioxx cases, it is in the best position to complete this discovery in an efficient manner and to ready plaintiffs' cases for trial.  Similarly, the Court's unique familiarity with the legal and factual issues involved in this litigation makes it best suited to resolve pre-trial dispositive motions that will likely be filed once the stay is lifted.  By contrast, if plaintiffs' cases are remanded to their transferor courts at this point, those courts would waste substantial time getting up to speed on plaintiffs' allegations, and the parties would be required to argue duplicative pretrial motions in multiple jurisdictions across the country.  This result would substantially undermine the goals of judicial efficiency and consistency that underlie 28 U.S.C. § 1407.

*Third*, none of the cases cited by the Benjamin plaintiffs supports a suggestion of remand in these circumstances.  For example, in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, MDL No. 1407 (W.D. Wash. Aug. 8, 2005) (attached to Benjamin Remand Mot. as Ex. A), the court issued a suggestion of remand in multiple cases where it was determined that all "[c]ommon discovery and other coordinated proceedings [had] been completed" and therefore the cases "would not benefit from further coordinated proceedings."  As set forth in detail above, however, that is not the case here.  Plaintiffs in this litigation are still responding to coordinated

---

[4]     The Benjamin plaintiffs place much emphasis on the argument that the PSC represents plaintiffs who agreed to participate in the Vioxx Resolution Program – and therefore should not be involved in pre-trial proceedings related to the non-settling plaintiffs at issue here. (*See* Benjamin Remand Mot. at 4.)  However, the PSC's continuing role in this litigation is irrelevant to plaintiffs' motions. The question facing the Court is whether the cases at issue will benefit from continued coordination – not whether the PSC should have a role in the litigation of the Benjamin plaintiffs' claims.  For all of the reasons discussed above, the Court's continuing involvement in these cases is necessary to achieve the efficiency rationales that underlie the MDL process.

969949v.1

discovery requests.  In addition, dispositive motions applicable to multiple Vioxx plaintiffs'

allegations will likely be filed over the next several months – as the stay is lifted and these cases

proceed toward trial.  Thus, unlike *In re PPA*, there is no basis for a finding that all common pre-

trial proceedings have been completed or that continued coordination would not be beneficial.

Plaintiffs' reliance on Judge Kozinski's dissent in *Lexecon Inc. v. Milberg Weiss Bershad

Hynes & Lerach*, 102 F.3d 1524, 1540 (9th Cir. 1996) (Kozinski, J. dissenting) (cited by

Benjamin Remand Mem. at 6) – and the Supreme Court's subsequent ruling in the same case – is

even more off-base.  In *Lexecon*, the Ninth Circuit, and later the Supreme Court, addressed

whether an MDL court has the authority to try cases transferred by the JPML for pre-trial

proceedings.  Both Judge Kozinski and the Supreme Court concluded that it did not.  *See id.*

("Coordinated or consolidated pretrial proceedings are to be handled by the transferee court but,

if the case is to be tried, it must go back from whence it came."); *see also Lexecon Inc. v.

Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39 (1998) (the legislative history of §

1407 confirms that "self-assignment is beyond the scope of the transferee court's authority").

But the issue here is not deciding where plaintiffs' cases should be tried – it is preparing those

cases for trial in a coordinated, efficient manner.  Nowhere does *Lexecon* suggest that such an

approach is contrary to MDL practice.

Finally, *Delaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147, 159 (D. Mass. 2006)

(cited by Benjamin Remand Mem. at 7), has absolutely no bearing on whether a suggestion of

remand is appropriate before the MDL court has completed coordinated pre-trial proceedings.  In

*Delaventura*, plaintiffs filed a class action complaint that was removed to the federal District

Court of Massachusetts.  *See id*. at 157-58.  At that point, plaintiffs sought to remand the action

to state court, while defendants sought to transfer the action to an existing MDL proceeding in

969949v.1

another jurisdiction addressing similar cases.  *Id*.  The District Court of Massachusetts denied remand and stated on the record its opposition to defendants' request that the action be transferred to the MDL proceeding.  *Id*.  Nevertheless, the JPML exercised its authority to transfer the action to the MDL proceeding over the district court's objection.  *Id*. at 159.  The district court then issued an opinion explaining its disapproval of the JPML's decision to transfer.  *Id*.  The court also noted that it intended to promptly try the action as soon as the transferee court had "***the case ready for trial*** . . . and [was] willing to return it."  *Id*. (emphasis added).  Nowhere in the opinion did the court suggest that the MDL court was obligated to suggest remand of the case back to its original jurisdiction before all pre-trial issues were completed and the case was trial-ready.

In sum, plaintiffs have not presented any factual or legal arguments establishing "good cause" to remand their cases prior to the conclusion of coordinated pretrial proceedings. Assuming that the Court grants the parties' joint motion to lift the stay, the Court will soon have the opportunity to address the remaining common issues in these cases in a coordinated and efficient manner.  Once those coordinated proceedings are complete, the Court will be in the position to address remand of trial-ready cases to their home jurisdictions.

For all of these reasons, the motions should be denied.

969949v.1

## CONCLUSION

For all of the foregoing reasons, Merck respectfully requests that the Court deny the

Stratton and Benjamin plaintiffs' motions.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

969949v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Opposition has been served on

Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand

delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File

& Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing

in accord with the procedures established in MDL 1657, on this 20th day of March, 2009.

<p style="margin-left: 50%;">

<em>/s/ Dorothy H. Wimberly</em>
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel
</p>

969949v.1