UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISANA

| | | |
|---|---|---|
| IN RE:  VIOXX | * | MDL Docket no. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| Jo Anne Sager, | * | |
| Plaintiff | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| v. | * | |
| Merck & Co., Inc., | * | |
| Defendant | * | |

MEMORANDUM IN SUPPORT OF PLAINTIFF, JO ANNE SAGER'S,
MOTION TO SHOW CAUSE WHY CVS AND LONGS DRUGS SHOULD
NOT BE HELD IN CONTEMPT OF COURT FOR FAILING TO COMPLY
WITH PRETRIAL ORDER NO. 35

NOW COMES Plaintiff, Jo Anne Sager, by and through her attorneys, THE LAW GROUP, LTD., to file this Memorandum in Support of The Motion to Show Cause Why CVS and Longs Drugs Should Not Be Held in Contempt and in support thereof state:

I.   STATEMENT OF MATERIAL FACTS

Plaintiff, through her counsel, has repeatedly attempted to obtain records from CVS and Longs Drugs in order to comply with the Vioxx Settlement Agreement medical record requirements.  Between January 1, 1999 and December 31, 2001 Plaintiff filled her prescriptions through a mail order known as *Longs Drugs Special Delivery.*  Since then, those medical records have been purchased by CVS, making CVS the legal custodian of said records.  In order to

comply with the Vioxx Settlement Agreement, Plaintiff, through her counsel, has submitted approved HIPAA compliant medical records authorization requests and Pretrial Order No. 35, in addition to placing numerous telephone calls to CVS and Longs Drugs. At this time, CVS and Longs Drugs have failed to respond to Plaintiff's numerous requests.

## II. ARGUMENT

Federal Rule Civil Procedure 37(b)(2)(A)(vii) states that "if a party or party's officer, director, or managing agent …fails to obey an order to provide or permit discovery…the court where the action is pending" may be treated as "contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(vii). This Court entered Pretrial Order No. 35, pursuant to 28 U.S.C. § 1407 Fed. R. Civ. R. 16 and Fed. R. Civ. P. 26(b) and the Court's inherent authority regarding case-specific discovery in this MDL, as a result of healthcare providers noncompliance with Plaintiffs' medical record requests pursuant to the Vioxx Resolution Program. Pretrial Order No. 35 specifically addresses the refusal of healthcare providers, pharmacies, and other entities to provide certain medical records from entities as physicians, healthcare providers, pharmacies, educational facilities, former and present employers, insurance providers, all branches of the military and any other federal, state, and/or local government agencies, required to be submitted pursuant to the Vioxx Resolution Program. Furthermore, Pretrial order No. 35 emphatically states that "entities may not impose any waiting period for the production of records." (Pretrial Order No. 35). This Court determined that Pretrial Order No. 35 was

necessary in order to "facility the orderly, uniform and cost-effective acquisition of the relevant information and materials for this litigation." (Pretrial Order No. 35).

In addition, Pretrial Order No. 35 applies to all claims submitted to the Vioxx Resolution Program claims. Due to the fact that Plaintiff's claims were submitted to the Vioxx Resolution Program, Plaintiff seeks remedy from this Court pursuant to the order at this time.

### III.     CONCLUSION

As exhibited in this memorandum, Plaintiff, by her attorneys, has exhausted all efforts to obtain the necessary pharmacy records in accordance with the Vioxx Settlement Program. Consequently, Plaintiff respectfully asks this court to compel CVS and Longs Drugs to produce the requested records with the required certifications so that Plaintiff may comply with the Vioxx Settlement Agreement requirements and fast approaching deadlines.

WHEREFORE, Plaintiff respectfully requests that Plaintiff's Motion to Show Cause be granted and that the Court order CVS and Longs Drugs or appropriate representatives to appear before the Court to explain why they should not be held in contempt for failing to comply with PTO 35 and to produce the requested records, and for such additional relief to which they may be entitled.

Respectfully Submitted,

By: /s/ Pamela G. Sotoodeh
Pamela G. Sotoodeh, #6284622
THE LAW GROUP, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 20th day of March, 2009, a true and correct copy of Plaintiff's Memorandum In Support of the Motion to Show Cause, has been served on Liaison Counsel, Phillip Wittman and Russ Herman, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexus File & Serve Advanced in accordance with Pretrial Order No. 8(b), CVS and Longs Drugs, by facsimile and overnight mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM-ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657.

Respectfully Submitted,

By: /s/ Pamela G. Sotoodeh
Pamela G. Sotoodeh, #6284622
THE LAW GROUP, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
