UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                  MDL Docket No. 1657

PRODUCTS LIABILITY LITIGATION     SECTION L

Judge Eldon E. Fallon
Magistrate Judge Knowles

THIS DOCUMENT RELATES TO:

| Case | Case No. |
|---|---|
| Agard, et al., v. Merck & Co. [David Agard, James Demoski, and Edward Henderson] | 2:05-cv-01089 |
| Aljibory, et al., v. Merck & Co. [Viola Santacrose] | 2:05-cv-01090 |
| Cavallo, et al., v. Merck & Co. [Matthew Cavallo] | 2:05-cv-01513 |
| Core, et al. v. Merck & Co. [Richard Core] | 2:05-cv-02583 |
| Devincentiis, et al., v. Merck & Co. [Arthur Pratt] | 2:05-cv-02297 |
| Gates, et al., v. Merck & Co. [Scott Berthel] | 2:05-cv-06221 |
| Connolly, et al., v. Merck & Co. [Majorie Curtis, Kristine Hia, and Maurice Hoyt] | 2:06-cv-02708 |
| Kurtz v. Merck & Co. [Mary Kurtz] | 2:06-cv-05779 |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ISSUANCE OF SUGGESTION OF REMAND AS TO WHICH DEFENDANT MERCK HAS FILED A COMBINED OPPOSITION

The above-captioned plaintiffs have filed a motion for issuance of a suggestion of remand by this court, and the defendant filed a combined opposition that also addresses the motion of other plaintiffs to transfer cases not in the global settlement. This reply addresses Merck's opposition to the suggestion for remand.

In opposing the suggestion of remand, it is plain as day that Merck seeks to endlessly delay reaching the merits of the individual claims in the first instance by having this Court adjudicate case specific issues on thousands of cases when the

workload could be handled in much less time by the multiple transferor judges simply because of the division of labor that would ensue upon remand.

As a practical matter upon remand the first thing that would transpire in the transferor court would be a Rule 16 conference to address a scheduling order that would establish time line to complete outstanding discovery and motion practice.

If the cases remain in this Court they will continue to linger in that there is no established plan or time lines to guarantee that the plaintiffs will be able to return to their home court to present their case to juries anytime in the foreseeable future. Moreover, Merck would not be able to enter a Rule 16 conference refusing to discuss the substantive issues in any discovery motion to dismiss individual cases as they have been able to do here by sending assembly line motions, checking off boxes with no substantive discussion, or even a passing glance at the Eastern District's LR 37.1E, on the issues of whether Merck has sufficient information to defend the claims against it.

Nor would Merck be insulated from ordinary negotiations that normally occur in product liability claims because trial would be looming in the near future, unlike if the cases remain in this Court where the prospect of the trial is remote in time, stripping the plaintiffs of the leverage traditionally exercised in product liability claims.

This is especially significant in the instant case where the defendant has unequivocally advised it will not engage in any negotiations outside of the $4.85 billion settlement concluded in MDL 1657, and is thus distinguishable from the

circumstances in the Third Circuit's decision in <u>In re Patenaude</u>, 210 F3d 135 (3d Cir. 2000), relied upon by Merck, in that there were ongoing settlement discussions between plaintiffs and defendants, a factor distinctly absent here permitting, if not compelling, the conclusion Merck would be the only beneficiary of continuing the cases in this Court .

Nowhere is this more evident than in Merck's opposition which contends that compliance with the case specific issues is "merely the starting point for discovery and pre-trial motions in plaintiffs' cases, not the end of the process." Merck Memorandum of Law, at p. 6., para 1.

Indeed, contrary to Merck's contention that the "case" will somehow benefit from further coordinated proceedings (Merck Memorandum, at p.4), it is only Merck that will benefit from retaining these individual cases in this MDL by continued delay perforce by virtue of the fact that the cases remain in front of a single judge rather than dispersed among able district court judges in the transferor courts who can expedite the individual cases through the Rule 16 process.

It is quite frivolous for Merck to suggest that, "Here too, plaintiffs cannot establish that the benefits of coordinated pre-trial proceedings have come to an end" (Merck Memorandum, at p. 5, para. 2), when it is obvious the only benefits in continuing the cases in this Court inure to Merck, as set forth above.

The notion that this Court has gained expertise in the course of the MDL proceeding permits it to more efficiently adjudicate the case specific issues is quite frankly insulting to the able district court judges who have substantial experience in adjudicating pharmaceutical product liability claims, and at the end of the day

this is precisely what these cases are.

Hence, the notion that this Court is somehow more uniquely qualified to determine "what causation-related discovery is necessary to identify those plaintiffs whose cases should be discarded as a matter of law" denigrates the able district court judges to whom these cases would be transferred, in that it suggests that these judges would be unable to determine when dismissal is appropriate.

There can be no dispute this Court devoted substantial time and resources in addressing the common issues in this litigation and those resources were quite aptly devoted to *Daubert* motions that address common issues.  At the same time Merck would be hard-pressed to assert this is anything more than run-of-the-mill pharmaceutical product liability litigation.

In view of the above, plaintiffs respectfully submit that remand would enable them to have a level playing field in adjudicating their individual cases and put an end to the assembly line motions that refuse to address substantive discovery issues or the merits of what has been provided to Merck in relation to its ability to defend on the merits and permit each individual case to be adjudicated in plaintiffs' chosen forum in a timely manner.

In concluding, plaintiffs refer the Court to footnote 3 in Merck's memorandum in which it resists remand based on the bald assertion plaintiffs have not provided complete discovery, a contention that is devoid of any factual basis and which would be flatly rejected in the course of the Rule 16 conference in the transferor court, putting Merck precisely in the position that they should be in,

namely, the same as any other defendant in a product liability action.

This Court has fully performed and completed the functions with regard to the centralized management of pre-trial proceedings, and while the Court remains burdened with a host of collateral issues ranging from third-party payor to attorneys fees they are immaterial to the prosecution of the individual claims, and as such, continuing to handle case specific matters would violate the limits and purpose of § 1407 and even amount to self-transfer, which plaintiffs submit is a separate and perhaps more compelling reason to remand these cases at this time.

Respectfully submitted,

RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442

Attorneys for Individual Plaintiffs
in Above-Captioned Actions