UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *See Attached Exhibits A & B* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT MERCK & CO., INC.'S *SECOND* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET**
*(Deficiencies in Certifications of Counsel)*

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants in the cases identified in the attached Exhibits to show cause why they have failed to comply fully with the enrollment requirements of the Master Settlement Agreement ("MSA"). In support of this motion, Merck states as follows:

1. As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in a Master Settlement Agreement (the "Agreement"). By submitting an enrollment form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. See MSA § 1.2.4.

2. Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Dismissal With Prejudice Stipulation, or otherwise unilaterally exit the Program. See MSA § 1.2.3.

970452v.1

3. The opportunity to enroll in the Settlement Program was extended to Eligible Claimants, as defined in the Agreement, including qualifying plaintiffs in lawsuits pending against Merck and claimants who executed a Tolling Agreement as referenced in the Notice of Filing of Tolling Agreement which was filed in the MDL Court on June 9, 2005 and amended pursuant to the Notice of Amendment to Tolling Agreement filed in the MDL Court on March 7, 2007.  *See* M.S.A. § 1.2.1; § 17.1.22.

4. As part of the enrollment process, claimants must provide a notarized Release, and all Releases must be properly and fully executed.  *See* MSA § 1.2.2.1.  The Agreement sets out a form release that also requires a Certification of Counsel.  *See* MSA Exhibit 1.2.2.3.  This Certification, *inter alia,* documents that counsel for the claimant explained the terms of the Agreement to the claimant, that neither counsel nor claimant has any objections to the terms of the Agreement, and that counsel will ensure that all liens and other third-party payor claims related to the claimants claim are satisfied.  *Id.*

5. The claimants on the attached exhibits are plaintiffs in cases pending on this MDL docket, or are parties to a tolling agreement, who elected to enroll in the Resolution Program. However, the Releases they provided do not fully comply with the terms of the MSA in that the Certification of Counsel is materially deficient.  ***Notably, these deficiencies only require action on the part of counsel to cure.***

6. These deficiencies include the following:

- The Certification of Counsel for the Releasor is missing or blank (R-9);

- The Certification of Counsel for the Releasor is missing the correct name of the Releasor or identifies a deceased or incompetent claimant (i.e. counsel certified that he or she explained the program to a deceased/incompetent person) (R-10, R-40, R-41);

- Releasor's counsel failed to sign the Certification (R-11);

- The Certification of Counsel for the Derivative Claimant is missing (R-12);

- The Certification of Counsel for the Derivative Claimant has missing or inaccurate information or identifies a deceased or incompetent claimant (i.e. counsel certified that he or she explained the program to a deceased/incompetent person) (R-13, R-42, R-43);

- Counsel failed to sign the Certification of Counsel for the Derivative Claimant (R-14).

7. The claimants on the attached exhibits have been repeatedly advised of the deficiencies by the Claims Administrator and have been provided multiple opportunities to cure these deficiencies. Notwithstanding, claimants' deficiencies remain uncured.

8. These uncured deficiencies, and the resulting ambiguity in the claimant's status, interfere with the ability of the Claims Administrator to make expeditious final payments and thus potentially prejudice rights of tens of thousands of claimants who have properly fulfilled their own obligations under the Program.

9. In addition, these uncured deficiencies present issues as to final resolution of those matters pending on this MDL docket.

10. The Tolling Agreement also provides that "any dispute arising under this Agreement shall be submitted to the MDL court for resolution."

11. Accordingly, Merck requests that this Court enter an Order to show cause as to why the deficiencies in the release have not been cured, and that Counsel be instructed to appear in person with their clients in New Orleans for the show cause hearing.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated:  March 25, 2009                              Respectfully submitted,


                                                    */s/ Dorothy H. Wimberly*
                                                    Phillip A. Wittmann, 13625
                                                    Dorothy H. Wimberly, 18509
                                                    STONE PIGMAN WALTHER
                                                    WITTMANN L.L.C.
                                                    546 Carondelet Street
                                                    New Orleans, Louisiana 70130
                                                    Phone: 504-581-3200
                                                    Fax:    504-581-3361

                                                    Defendants' Liaison Counsel

                                                            and


                                                    Douglas R. Marvin
                                                    Eva Petko Esber
                                                    M. Elaine Horn
                                                    WILLIAMS & CONNOLLY LLP
                                                    725 Twelfth Street, N.W.
                                                    Washington, D.C. 20005
                                                    Phone: 202-434-5000
                                                    Fax:    202-434-5029


                                                    Attorneys for Merck & Co., Inc.

970452v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of March, 2009.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel