UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibits A & B* | * | KNOWLES |
| | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S *FOURTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET
*(Deficiencies as to Deceased Claimants)*

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants in the cases identified in the attached exhibit to show cause why they have failed to comply fully with the enrollment requirements of the Master Settlement Agreement ("MSA"). In support of this motion, Merck states as follows:

1.  As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in a Master Settlement Agreement (the "Agreement"). By submitting an enrollment form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. See MSA § 1.2.4.

2.  Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Dismissal With Prejudice Stipulation, or otherwise unilaterally exit the Program. See MSA § 1.2.3.

970465v.1

3. The opportunity to enroll in the Settlement Program was extended to Eligible Claimants, as defined in the Agreement, including qualifying plaintiffs in lawsuits pending against Merck and claimants who executed a Tolling Agreement as referenced in the Notice of Filing of Tolling Agreement which was filed in the MDL Court on June 9, 2005 and amended pursuant to the Notice of Amendment to Tolling Agreement filed in the MDL Court on March 7, 2007. *See* M.S.A. § 1.2.1; § 17.1.22.

4. As part of the enrollment process, claimants must provide a notarized Release, and all Releases must be properly and fully executed. *See* MSA § 1.2.2.1.

5. The claimants on the attached exhibits are plaintiffs in cases pending on this MDL docket, or are parties to a tolling agreement, who elected to enroll in the Resolution Program. However, these claimants are deceased and no estates have yet been opened on their behalf. Accordingly, the releases provided for these deceased claimants do not fully comply with the terms of the MSA because the person executing the release has not established his or her legal authority to do so.

6. Recognizing the numerous issues involved in opening an estate, the Claims Administrator adopted a process for expediting consideration of these claims while the estate issues were being resolved. *See* Claims Administration Procedure 2008-1 ("CAP 2008-1"). In short, this simplified procedure requires submission of a form and a copy of a will (if one exists). Although this procedure does not substitute for procuring a legally authorized representative for the estate, it allows those claims to proceed through program through the Gates review and Points Assessment phases.

7. The claimants on the attached exhibits have not complied with CAP 2008-1 and have submitted releases that include the following deficiencies:

- A purported representative signed for claimant without acceptable proof of representative capacity (R-30);

- A purported representative signed for a derivative claimant without acceptable proof of representative capacity (R-31);

- A purported representative signed for a claimant but there are issues regarding representative capacity (R-37);

- A purported representative signed for a derivative claimant but there are issues regarding representative capacity (R-38).

8. The claimants on the attached exhibits have been repeatedly advised of the deficiencies by the Claims Administrator and have been provided multiple opportunities to cure these deficiencies. Notwithstanding, claimants' deficiencies remain uncured.

9. These uncured deficiencies, and the resulting ambiguity in the claimant's status, interfere with the ability of the Claims Administrator to make expeditious final payments and thus potentially prejudice rights of tens of thousands of claimants who have properly fulfilled their own obligations under the Program.

10. In addition, these uncured deficiencies present issues as to final resolution of those matters pending on this MDL docket.

11. The Tolling Agreement also provides that "any dispute arising under this Agreement shall be submitted to the MDL court for resolution."

12. Accordingly, Merck requests that this Court enter an Order to show cause as to why the deficiencies in the release have not been cured, and that Counsel be instructed to appear in person with their clients in New Orleans for the show cause hearing.

970465v.1

**CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated:  March 25, 2009                                          Respectfully submitted,

                                                                       */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

and

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

970465v.1

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of March, 2009.

          */s/ Dorothy H. Wimberly*
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER
          WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana  70130
          Phone:  504-581-3200
          Fax:     504-581-3361
          dwimberly@stonepigman.com

          Defendants' Liaison Counsel

970465v.1