## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Attached Exhibits A, B, C & D* | * | **KNOWLES** |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S *FIFTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET
### *(Deficiencies as to Notarization)*

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants in the cases identified in the attached exhibits to show cause why they have failed to comply fully with the enrollment requirements of the Master Settlement Agreement ("MSA"). In support of this motion, Merck states as follows:

1.     As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in a Master Settlement Agreement (the "Agreement"). By submitting an enrollment form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. See MSA § 1.2.4.

2.     Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Dismissal With Prejudice Stipulation, or otherwise unilaterally exit the Program. See MSA § 1.2.3.

3.      The opportunity to enroll in the Settlement Program was extended to Eligible Claimants, as defined in the Agreement, including qualifying plaintiffs in lawsuits pending against Merck and claimants who executed a Tolling Agreement as referenced in the Notice of Filing of Tolling Agreement which was filed in the MDL Court on June 9, 2005 and amended pursuant to the Notice of Amendment to Tolling Agreement filed in the MDL Court on March 7, 2007.  *See* M.S.A. § 1.2.1; § 17.1.22.

4.      As part of the enrollment process, claimants must provide a notarized Release, and all Releases must be properly and fully executed.  *See* MSA § 1.2.2.1.

5.      The claimants on the attached exhibits are plaintiffs in cases pending on this MDL docket, or are parties to a tolling agreement, who elected to enroll in the Resolution Program. However, the Releases they provided do not fully comply with the terms of the MSA.

6.      These deficiencies include the following:

a.   As to Releases from ***Primary Claimants***:

- The Releasor's signature was not notarized (R-15);

- The Release is missing the notary's seal or stamp (R-16);

- The notary's commission expired, the expiration date was required under state law but not stated, or the expiration date was required under state law and is illegible (R-17, R-36);

- The notary identified the incorrect name for the Releasor (R-19);

- The notary's signature date is prior to the Releasor's signature date (R-21).

b.   As to Releases from ***Derivative Claimants***:

- The Derivative Claimant's signature was not notarized (R-22);

- The notary's commission expired, the expiration date was required under state law but not stated, or the expiration date was required under state law and is illegible (R-24);

970479v.1

- The notary identified the incorrect name for the Derivative Claimant (R-26);

- The notary's signature date is prior to the Releasor's signature date (R-28).

7.     The claimants on the attached exhibits have been repeatedly advised of the deficiencies by the Claims Administrator and have been provided multiple opportunities to cure these deficiencies.  Notwithstanding, claimants' deficiencies remain uncured.

8.     These uncured deficiencies, and the resulting ambiguity in the claimant's status, interfere with the ability of the Claims Administrator to make expeditious final payments and thus potentially prejudice rights of tens of thousands of claimants who have properly fulfilled their own obligations under the Program.

9.     In addition, these uncured deficiencies present issues as to final resolution of those matters pending on this MDL docket.

10.     The Tolling Agreement also provides that "any dispute arising under this Agreement shall be submitted to the MDL court for resolution."

11.     Accordingly, Merck requests that this Court enter an Order to show cause as to why the deficiencies in the release have not been cured, and that Counsel be instructed to appear in person with their clients in New Orleans for the show cause hearing.

970479v.1

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated:  March 25, 2009                    Respectfully submitted,


                                          */s/ Dorothy H. Wimberly*
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          Defendants' Liaison Counsel

                                                     and


                                          Douglas R. Marvin
                                          Eva Petko Esber
                                          M. Elaine Horn
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street, N.W.
                                          Washington, D.C. 20005
                                          Phone: 202-434-5000
                                          Fax:    202-434-5029


                                          Attorneys for Merck & Co., Inc.

970479v.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of March, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

- 5 -

970479v.1