UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | |
| This document relates to: | * | JUDGE ELDON E. FALLON |
| | * | |
| *ALL CASES* | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION TO SET STATUS CONFERENCE

and

### OPPOSITION TO JOINT MOTION BY THE PLAINTIFFS' STEERING COMMITTEE AND DEFENDANT MERCK & CO., INC. TO LIFT THE PTO 30 DISCOVERY STAY

On May 16, 2008, the Plaintiffs' Steering Committee ("PSC") expressed in writing that that it was not going to take any further steps to develop non-MI and non-IS cases, which are predominantly (but not only) deep vein thromboses ("DVTs") and pulmonary emboli ("PE") cases. As a result, there is currently no mechanism in this MDL where these "other" claims are represented by a coordinated committee of counsel charged by the Court with the obligation of developing these cases on the plaintiffs' behalf. These remaining cases are not coordinated through a single committee, as were all of MI and IS cases, nor are these claimants actively represented by a group of counsel dedicated to that task, as were all of the other claimants before this MDL.

On May 22, 2008, the undersigned counsel argued for an extension and modification of the requirements of PTO 28, in part because of the PSC's failure to represent the "other" claimants in advocating the proper terms of such an order. This Court granted some relief, but still required claimants to obtain the *"Lone Pine"* medical

report, and further instructed counsel for Merck, the PSC and the undersigned counsel to meet and confer in order to determine the number of cases remaining before the Court in the category of "other" injuries. Those conversations have taken place as directed and, as recently as this past week, the undersigned had conversations with Douglas Marvin about the number of cases still remaining before the Court that are neither heart attack or stroke cases.

During the hearing on May 22, 2008, members of the PSC suggested that "if there is a significant number of claims on one injury, then the Court can assess, is this a matter that supports appointing a committee to pursue it further or not, and then advance to the Daubert hearings." Mr. Birchfield, Transcript, May 24, 2008 Hearing, at 69.

The Court concluded that hearing with this ruling:

> I'm going to do this, I'm going to suspend it to 60 days [referencing the PTO 28 requirement], and I'm going to set a Status Conference. And I would like Ms. Oldfather and the defendants, and somebody representing the Plaintiff's Committee to be at the Status Conference. I'm going to talk about the method of resolving these particular claims. We may all be on the same page. The point that I make to you is, I need to now direct my attention to those claims because some of claims, certain types of claims have been resolved, but that doesn't mean that every claim has been resolve. So, I need to focus on those other claims that are outside of the MI and outside of ischemic stroke. And we need to come up with a method of doing that. And, I hear Ms. Oldfather and her concern about it. I will take all of that into consideration.
>
> But, I'll suspend it for 60 days. In the next 30 days -- the next two weeks I'll have a Status Conference with the parties. Before the Status Conference, I'd like to get some statistical analysis of these claims; how many claims there are; what categories the claims fall into, so that we'll have some methodology we're dealing with it.

*See* Transcript, May 24, 2008 Hearing, at 70-71.[1]

---

[1] The Court did set a status conference for June 18, 2008, but it was cancelled, which counsel presumes was due to the fact that it was premature coupled with the significant amount of court time and attention required by the Resolution Program and related matters.

2

The undersigned will commit to attend a status conference on this issue when scheduled by the Court. At that time, the number of "other" cases, the types of injuries, the number of similar injuries, the geographic location of the plaintiffs and their counsel, the existence of remand motions and other relevant factors can be considered so this Court can determine when, where and how these cases should best be handled.

Until these issues are addressed, it would be inappropriate to lift the discovery stay. Lifting the stay would also put the multiple and various plaintiffs, operating without the benefit of an organized plaintiffs committee, at a significant disadvantage to Merck, when Merck is still represented by the same team of counsel who are well familiar with this litigation and singularly devoted to its progress.

The undersigned recognizes that the remaining cases must be resolved. How, when and where those cases are resolved is a matter that ought to be considered when both sides – these plaintiffs and Merck – are on even footing.

Accordingly, the undersigned requests the Court to defer ruling on the Joint Motion to Lift the PTO 30 Discovery Stay and to set a status conference for a time certain for the specific purpose of addressing the remaining claims before this Court in this MDL proceeding and how those claims ought best be handled.

Respectfully submitted,

s/ Ann B. Oldfather
Ann B. Oldfather
Oldfather Law Firm
1330 S. Third Street
Louisville, KY   40208
502.637.7200
aoldfather@oldfather.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Set Status Conference and Opposition to Joint Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of March, 2009.  The ORIGINAL SIGNED DOCUMENT HAS BEEN MAILED TO THE CLERK FOR FILING.

s/ Ann B. Oldfather<br>
Ann B. Oldfather