UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® ) <br>    PRODUCTS LIABILITY ) <br>    LITIGATION ) <br> ) <br> ———————————————— ) <br> ) <br> THIS RELATES TO: ) <br>    Bob Stephens, ) <br>    Individually, and as the Administrator ) <br>    for the Estate of Johnie Stephens, ) <br>    deceased ) <br> ) <br>    v. ) <br> ) <br>    Merck & Co., Inc. ) <br> ) <br>    Civil Action No: E.D. La 06-CV-1678 ) <br>                 ARE 4-06-CV-0259 WRW ) <br> ) <br> ———————————————— ) | MDL NO. 1657 <br><br> Section: L <br><br> Judge Fallon <br> Magistrate Judge Knowles |

**MOTION TO ENFORCE ATTORNEY'S LIEN**

     Comes now, Gary Eubanks & Associates, P.A. (hereinafter "the Firm"), and for its Motion to Enforce Attorney's Lien states:

     1.    The Firm respectfully moves this Court to enforce its attorney's lien, pursuant to Ark. Code Ann. § 16-22-304 (Supp. 2007), herein upon the settlement recovery amount due to Plaintiff, Bob Stephens, individually and as administrator for the Estate of Johnie Stephens, deceased.

     2.    Federal courts are required to follow state law in examining issues related to attorney's liens and attorney's fees. *See Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733 (8th Cir. 2006) (applying Iowa law to determination of attorney's lien and enforcement thereof); *Lide v. Cline*, 537 F.Supp. 643 (E.D. Ark. 1982) (applying Arkansas law); *Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corp.*, 587 F.2d 570 (5th Cir.

1979) (explaining that state law governs issues pertaining to attorney's liens).  Here, it would be proper to apply Arkansas law because, prior to transfer into MDL No. 1657, this cause of action was filed in the United States District Court, Eastern District of Arkansas, Western Division.

      3.      In Arkansas, the Attorney's Lien Law governs the establishment and enforcement of an attorney's lien.  *See* Ark. Code Ann. §§ 16-22-301 — 16-22-304 (Repl. 1999 and Supp. 2007).  The intent of the Attorney's Lien Law is to "allow an attorney to obtain a lien for services based on his or her agreement with his or her client and to provide for compensation in case of settlement or compromise without consent of the attorney." Ark. Code Ann. § 16-22-301 (Repl. 1999). Tellingly, an attorney's lien is "based on the natural equity that a plaintiff should not be allowed to appropriate the whole of a judgment in his favor without paying for the services of his attorney who assisted in obtaining such judgment."  *Froelich v. Graham*, 349 Ark. 692, 697, 80 S.W.3d 360, 363 (2002). This equitable principle applies in settlements as well.  *See Mack v. Brazil, Adlong & Winningham PLC*, 357 Ark. 1, 159 S.W.3d 291 (2004).

      4.      Arkansas Code Annotated § 16-22-304 gives an attorney's lien on the proceeds of the same cause of action for which the attorney has been employed to represent the client.  *See Northwest Arkansas Recovery, Inc. v. Davis*, 89 Ark. App. 62, 200 S.W.3d 481 (Ark. App. 2004). In order to perfect an attorney's lien in Arkansas, an attorney must substantially comply with the procedures set forth in section 16-22-304. *Mack*, 357 Ark. 1, 159 S.W.3d 291 (2004). Section 16-22-304 provides that an attorney's lien can be established in two ways.  First, prior to commencement of an action, by serving written notice signed by the client and by the attorney, via certified mail, return receipt requested, upon the adverse party.  Ark. Code Ann. § 16-22-304(a)(1) (Supp. 2007).  Second, an attorney's lien is created the day the client's cause of action is filed. Ark. Code Ann. § 16-22-304(b) (Supp. 2007).

5.  Section 16-22-304 further provides that the court "before which an action was instituted, or in which an action may be pending at the time of settlement, compromise, or verdict, or in any circuit court of proper venue, upon the petition of the client or attorney at law, shall determine and enforce the lien created by this section." Ark. Code Ann. § 16-55-304(e). Moreover, "procedure for enforcing an attorney's lien may be by motion in the court where the action is pending, or may be by a separate suit in said court." *Monsanto Chemical Co. v. Grandbush*, 162 F.Supp. 797, 802 (W.D. Ark. 1958) (citing *Missouri Pac. Trans. Co. v. McDonald*, 206 Ark. 270, 174 S.W.2d 944 (1943)). *See also* Ark. Code Ann. § 16-22-303(b) (Repl. 1999).

6.  On August 29, 2005, the Firm and Plaintiff entered into a contract for legal services for the primary purpose of pursuing a cause of action against Defendant, Merck & Co., Inc. (Exhibit A). On February 23, 2006, the Firm filed the present action - *Bob Stephens, Individually and as Administrator for the Estate of Johnie Stephens, deceased v. Merck & Co., Inc.*, ARE 4-06-CV-0259 WRW - on Plaintiff's behalf. The suit was then transferred to this Court as part of MDL No. 1657, which in the August 27, 2008 Order and Reasons established and capped attorney's fees at thirty-two (32) percent of any award. (Exhibit B). On March 18, 2009, the Firm received a letter from Plaintiff, which stated that the Firm was fired as counsel for Plaintiff. (Exhibit C). At the time Plaintiff fired the Firm, his case was/is virtually complete. The Firm filed its Notice of Attorney's Lien with this Court on March 26, 2009. (Dkt. 18082).

7.  The Firm is entitled to the reasonable value of its services to the date of discharge because "a discharged attorney may be paid for the reasonable value of his or her services" rendered. *Salmon v. Atkinson*, 355 Ark. 325, 328, 137 S.W.3d 383, 384 (2003). According to the Arkansas Supreme Court, "[t]he reasonable value of an attorney's services is measured by an attorney's skill and experience, relationship between the parties, the difficulty of the services, the extent of the

litigation, and the time and labor devoted to the cause and the results obtained." *Mobley Law Firm, P.A.. v. Lisle Law Firm, P.A.*, 353 Ark. 828, 833, 120 S.W.3d 537, 541 (2003) (citing *Robinson v. Champion*, 251 Ark. 817, 475 S.W.2d 677 (1972). The "rationale behind this rule is that where the attorney has conferred a benefit upon the client, *i.e.*, legal services and advice, the client is responsible to pay such reasonable fees." *Salmon*, 355 Ark. at 328, 137 S.W.3d at 384.

8. Here, it cannot be ignored that (1) the Firm has practiced law for over thirty (30) years and consists of highly respected and seasoned attorneys experienced in mass tort litigation such as this, (2) over three (3) years have past since the beginning of the Firm's representation of Plaintiff in order to pursue this very cause of action against Defendant Merck; and (3) all of the legal services and work has been completed as this time, including settlement of the case and completion of the Claims Packet, with the only remaining part of the litigation is for the Special Master to issue its decision on overall duration to apply and the exact amount to be recovered by Plaintiff.

9. Based upon Arkansas law and the facts of this case, the Firm has an attorney's lien for thirty-two (32) percent on the settlement proceeds due to Plaintiff. In other words, the Firm is entitled to $95,760.00 of the current $299,250.00 Points Award. (Exhibit G). This figure is subject to adjustment prior to final payments being issued based on the total number of points to be paid out of the Settlement Program upon completion of review of all claims by the Claims Administrator.

10. A brief in support, and referenced exhibits, are attached hereto and incorporated by reference.

WHEREFORE, Gary Eubanks & Associates, P.A., respectfully requests that this Court enforce its attorney's lien upon the settlement award due to Plaintiff, Bob Stephens, Individually and as Administrator for the Estate of Johnie Stephens, deceased, and issue an order to that effect requiring satisfaction of this lien upon disbursement of the settlement award.

        Respectfully submitted,

        GARY EUBANKS & ASSOCIATES, P.A.
        P.O. Box 3887
        Little Rock, Arkansas 72203
        (501) 372-0266
        eubanksg@garyeubanks.com


        /s/   Gary L. Eubanks
        Gary L. Eubanks, 60014


## CERTIFICATE OF SERVICE

I, Gary L. Eubanks, hereby certify that the above and foregoing Notice of Attorney's Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of March, 2009.

I further certify that the above and foregoing was served via U.S. Mail upon the following:

Bob Stephens
4005 Royal Oak
North Little Rock, Arkansas 72116


        /s/ Gary L. Eubanks
        Gary L. Eubanks
        AR BIN 60014
        Attorney for Plaintiff
        GARY EUBANKS & ASSOCIATES, P.A.
        P.O. BOX 3887
        LITTLE ROCK, ARKANSAS 72203-3887
        PHONE: (501) 372-0266
        FAX: (501) 688-7738
        eubanksg@garyeubanks.com