UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® ) <br>     PRODUCTS LIABILITY ) <br>     LITIGATION ) <br> ) <br> ──────────────────────── ) <br> ) <br> THIS RELATES TO: ) <br>     Bob Stephens, ) <br>     Individually, and as the Administrator ) <br>     for the Estate of Johnie Stephens, ) <br>     deceased ) <br> ) <br>     v. ) <br> ) <br>     Merck & Co., Inc. ) <br> ) <br>     Civil Action No: E.D. La 06-CV-1678 ) <br>                ARE 4-06-CV-0259 WRW ) <br> ) <br> ──────────────────────── ) | MDL NO. 1657 <br><br> Section: L <br><br> Judge Fallon <br> Magistrate Judge Knowles |

**BRIEF IN SUPPORT OF MOTION TO ENFORCE ATTORNEY'S LIEN**

Comes now, Gary Eubanks and Associates, P.A. (hereinafter "the Firm"), and for its Brief in Support of Motion to Enforce Attorney's Lien states:

**I. STATEMENT OF FACTS**

On August 29, 2005, the Firm and Plaintiff entered into a contract for legal services for the primary purpose of pursuing a cause of action against Defendant, Merck & Co., Inc. (Exhibit A). On February 23, 2006, the Firm filed the present action - *Bob Stephens, Individually and as Administrator for the Estate of Johnie Stephens, deceased v. Merck & Co., Inc.*, ARE 4-06-CV-0259 WRW - on Plaintiff's behalf. The suit was then transferred to this Court as part of MDL No. 1657, which in the August 27, 2008 Order and Reasons established and capped attorney's fees at thirty-

1

two (32) percent of any award. (Exhibit B). On March 18, 2009, the Firm received a letter from Plaintiff, which stated that the Firm was fired as counsel for Plaintiff. (Exhibit C). At the time Plaintiff fired the Firm, his case was/is virtually complete. The Firm filed its Notice of Attorney's Lien with this Court on March 26, 2009. (Dkt. 18082).

## II.  LEGAL ANALYSIS AND ARGUMENT

Federal courts are required to follow state law in examining issues related to attorney's liens and attorney's fees. *See Gas Aggregation Services, Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733 (8th Cir. 2006) (applying Iowa law to determination of attorney's lien and enforcement thereof); *Lide v. Cline*, 537 F.Supp. 643 (E.D. Ark. 1982) (applying Arkansas law); *Adams, George, Lee, Schulte & Ward, P.A. v. Westinghouse Electric Corp.*, 587 F.2d 570 (5th Cir. 1979) (explaining that state law governs issues pertaining to attorney's liens). Here, it would be proper to apply Arkansas law because, prior to transfer into MDL No. 1657, this cause of action was filed in the United States District Court, Eastern District of Arkansas, Western Division, and the events giving rise to this cause of action occurred in Arkansas.

In Arkansas, the Attorney's Lien Law governs the establishment and enforcement of an attorney's lien. *See* Ark. Code Ann. §§ 16-22-301 — 16-22-304 (Repl. 1999 and Supp. 2007). The intent of the Attorney's Lien Law is to "allow an attorney to obtain a lien for services based on his or her agreement with his or her client and to provide for compensation in case of settlement or compromise without consent of the attorney." Ark. Code Ann. § 16-22-301 (Repl. 1999). Tellingly, an attorney's lien is "based on the natural equity that a plaintiff should not be allowed to appropriate the whole of a judgment in his favor without paying for the services of his attorney who assisted in obtaining such judgment." *Froelich v. Graham*, 349 Ark. 692, 697, 80 S.W.3d 360, 363 (2002).

This equitable principle applies in settlements as well. *See Mack v. Brazil, Adlong & Winningham PLC*, 357 Ark. 1, 159 S.W.3d 291 (2004).

Arkansas Code Annotated § 16-22-304 gives an attorney's lien on the proceeds of the same cause of action for which the attorney has been employed to represent the client. *See Northwest Arkansas Recovery, Inc. v. Davis*, 89 Ark. App. 62, 200 S.W.3d 481 (Ark. App. 2004). In order to perfect an attorney's lien in Arkansas, an attorney must substantially comply with the procedures set forth in section 16-22-304. *Mack*, 357 Ark. 1, 159 S.W.3d 291. Section 16-22-304[1] provides that an attorney's lien can be established in two ways. First, prior to commencement of an action, by serving written notice signed by the client and by the attorney, via certified mail, return receipt requested, upon the adverse party. Ark. Code Ann. § 16-22-304(a)(1) (Supp. 2007). Second, an

---

[1] Section 16-22-304 provides, in pertinent part, as follows:

> (a)(1) From and after service upon the adverse party of a written notice signed by the client and by the attorney at law, solicitor, or counselor representing the client, which notice is to be served by certified mail and a return receipt being required to establish actual delivery of the notice, the attorney at law, solicitor, or counselor serving the notice upon the adversary party shall have a lien upon his or her client's cause of action, claim, or counterclaim, which attaches to any settlement, verdict, report, decision, judgment, or final order in his or her client's favor, and the proceeds thereof in whosoever's hands they may come.
>
> . . .
>
> (b) In the event that the notice is not served upon the adverse party by an attorney at law, solicitor or counselor representing his client, the same lien created in this section shall attach in favor of the attorney at law, solicitor, or counselor from and after the commencement of an action or special proceeding or the service upon an answer containing a counterclaim, in favor of the attorney at law, solicitor, or counselor who appears for and signs a pleading for his or her client in the action, claim, or counterclaim in which the attorney at law, solicitor, or counselor has been employed to represent the client.

Ark. Code Ann. § 16-22-304(a)(1), (b) (Supp. 2007).

attorney's lien is created the day the client's cause of action is filed. Ark. Code Ann. § 16-22-304(b) (Supp. 2007).

Section 16-22-304 further provides the court "before which an action was instituted, or in which an action may be pending at the time of settlement, compromise, or verdict, or in any circuit court of proper venue, upon the petition of the client or attorney at law, shall determine and enforce the lien created by this section." Ark. Code Ann. § 16-55-304(e). Moreover, "procedure for enforcing an attorney's lien may be by motion in the court where the action is pending, or may be by a separate suit in said court." *Monsanto Chemical Co. v. Grandbush*, 162 F.Supp. 797, 802 (W.D. Ark. 1958) (citing *Missouri Pac. Transportation Co. v. McDonald*, 206 Ark. 270, 174 S.W.2d 944 (1943)). *See also* Ark. Code Ann. § 16-22-303(b) (Repl. 1999).

Accordingly, it is clear that the Firm has a valid and enforceable attorney's lien upon the amount recovered by Plaintiff in this case. As such, the Firm is entitled to thirty-two (32) percent of the amount recovered by Plaintiff through the Settlement Program.

The Firm further requests that this lien be enforced and that the Court issue an order requiring satisfaction of its attorney's lien upon disbursement of Plaintiff's settlement award. The firm does not dispute that a client has the right to fire his or her attorney. However, in this instance due to Plaintiff's actions and statements, the Firm feels that it is necessary to obtain a court order enforcing this lien. At the time Plaintiff decided to end the Firm's representation of him and his father's estate, all of the work in this case had been completed. Plaintiff and the Firm are simply awaiting a final non-appealable decision by the Special Master as to the exact amount of recovery. Upon examination of Plaintiff's actions and correspondence with the Firm prior to and upon termination of representation, it appears at this point that Plaintiff's actions are based solely upon

an attempt to minimize, dilute, expunge, and/or avoid the attorney's fee. (Exhibits C; D). Interestingly, Plaintiff offered a "deal" to the Firm that he would not terminate or sue it so long as the Firm waived its fee. This, of course, is precisely what the attorney's lien is in place to protect and could not be an action which would be carried out in good faith. *See Mack, supra*; *Froelich, supra*.

Moreover, the Firm is entitled to the reasonable value of its services to the date of discharge because "a discharged attorney may be paid for the reasonable value of his or her services" rendered. *Salmon v. Atkinson*, 355 Ark. 325, 328, 137 S.W.3d 383, 384 (2003). According to the Arkansas Supreme Court, "[t]he reasonable value of an attorney's services is measured by an attorney's skill and experience, relationship between the parties, the difficulty of the services, the extent of the litigation, and the time and labor devoted to the cause and the results obtained." *Mobley Law Firm, P.A.. v. Lisle Law Firm, P.A.*, 353 Ark. 828, 833, 120 S.W.3d 537, 541 (2003) (citing *Robinson v. Champion*, 251 Ark. 817, 475 S.W.2d 677 (1972). The "rationale behind this rule is that where the attorney has conferred a benefit upon the client, *i.e.*, legal services and advice, the client is responsible to pay such reasonable fees." *Salmon*, 355 Ark. at 328, 137 S.W.3d at 384.

Here, it cannot be ignored that (1) the Firm has practiced law for over thirty (30) years and consists of highly respected and seasoned attorneys experienced in mass tort litigation such as this, (2) over three (3) years have past since the beginning of the Firm's representation of Plaintiff in order to pursue this very cause of action against Defendant Merck; and (3) all of the legal services and work has been completed as this time, including settlement of the case and completion of the Claims Materials, with the only remaining part of the litigation is for the Special Master to issue its decision on overall duration to apply and the exact amount to be recovered by Plaintiff.

Again, at the time Plaintiff fired the Firm, his case was/is virtually complete. Specifically, after receiving notification via U.S. Mail from the Firm explaining the Vioxx Settlement Program, Plaintiff executed a Vioxx Settlement Program Election to Participate form on December 2, 2007. (Exhibit E). This form accepted the terms of the Settlement Program and allowed Plaintiff to participate in the Program. Accordingly, the Firm completed Registration in the Program for its participating clients, including Plaintiff, on January 7, 2008. The Firm then began work on meeting the Enrollment terms for the Settlement Program, and IP Enrolled its participating clients, including Plaintiff, on February 22, 2008. Plaintiff's Claims Form and Claims Materials were submitted to the Settlement Program on June 23, 2008. On November 18, 2008, Plaintiff's claim was issued a Notice of Eligibility, thus lodging this claim in the Settlement Program and affirming that a Settlement Payment would be issued. (Exhibit F). A Points Award for 157.50 points was issued by the Claims Administrator on this claim on November 20, 2008. (Exhibit G). At Plaintiff's instruction, the Firm appealed the Points Award on the sole basis of an inaccurate Overall Duration. This appeal was filed on December 4, 2008, and was accompanied by Affidavits from Plaintiff as the family caregiver and from pharmacist Woodrow Hill. A Post-Appeal Notice of Points Award was issued on February 13, 2009, reaffirming the original Award of 157.50 points. (Exhibit H). Plaintiff decided to appeal the Points Award to the Special Master, with the understanding that the Special Master will conduct a de novo review of the claim, evaluating only the evidence that was presented in the initial Claims Material and upon the initial appeal, and that the Special Master's decision is final and binding. That appeal was made by the Firm on Plaintiff's behalf on February 19, 2009. At no time was anything appealed in the Settlement Program by the Firm on behalf of the Plaintiff other than the amount of the Settlement Payment. At the time of this filing, the decision

of the Special Master as to which Overall Duration will be paid is the only issue delaying the payment of the Settlement award.

Based upon the foregoing, the Firm has an attorney's lien for thirty-two (32) percent on the settlement proceeds due to Plaintiff. In other words, the Firm is entitled to $95,760.00 of the current $299,250.00 Points Award.[2] (Exhibit G). This figure is subject to adjustment prior to final payments being issued based on the total number of points to be paid out of the Settlement Program upon completion of review of all claims by the Claims Administrator.[3]

### III.  CONCLUSION

Under Arkansas law, the Firm has established that it maintains an attorney's lien over the proceeds or award recovered by Plaintiff in this cause of action. Moreover, the Firm has properly moved this Court to protect and enforce that lien. Finally, the Firm has shown that it is entitled to satisfaction of this lien in its entirety. The Firm respectfully requests that this Court enforce its attorney's lien upon the award due to Plaintiff, and further asks that this Court issue an order to that effect requiring satisfaction of this lien upon disbursement of the settlement proceeds.

> Respectfully submitted,
>
> GARY EUBANKS & ASSOCIATES, P.A.
> P.O. Box 3887
> Little Rock, Arkansas 72203
> (501) 372-0266
> eubanksg@garyeubanks.com

---

[2] Points Awards for Myocardial Infractions, as Plaintiff's claim is, are valued at approximately $1900.00 per point. The interim payments, paid at forty percent (40%) the estimated value of the claim, are being paid at $1915.00 per point.

[3] Should the pending appeal be successful, then the total Points Award due to Plaintiff would be $376,200.00, which would dictate that the Firm is entitled to $120, 384.00 of the Points Award. (Exhibit I).

7

                                                /s/   Gary L. Eubanks
                                                Gary L. Eubanks, 60014

## **CERTIFICATE OF SERVICE**

I, Gary L. Eubanks, hereby certify that the above and foregoing Notice of Attorney's Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of March, 2009.

I further certify that the above and foregoing was served via U.S. Mail upon the following:

Bob Stephens
4005 Royal Oak
North Little Rock, Arkansas 72116

                                                /s/ Gary L. Eubanks
                                                Gary L. Eubanks
                                                AR BIN 60014
                                                Attorney for Plaintiff
                                                GARY EUBANKS & ASSOCIATES, P.A.
                                                P.O. BOX 3887
                                                LITTLE ROCK, ARKANSAS 72203-3887
                                                PHONE: (501) 372-0266
                                                FAX: (501) 688-7738
                                                eubanksg@garyeubanks.com