UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This document relates to All Cases | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br><br>MAGISTRATE DANIEL E. KNOWLES III |

**PARISH OF CALCASIEU**

**STATE OF LOUISIANA**

**AFFIDAVIT OF DREW RANIER**

BEFORE ME, the undersigned authority, on this day personally appeared Drew Ranier and after having first been duly sworn upon oath, states as follows:

     1.     My name is Drew Ranier. I am over the age of 18 years, of sound mind, and in all respects legally competent to make this affidavit. I have personal knowledge of the factual statements made herein. I am an attorney duly licensed in, and in good standing with, the State Bars of Louisiana and Texas.

     2.     I am the founding and managing partner of the law firm of Ranier, Gayle & Elliot, LLP. I have practiced law for more than 30 years and served as lead counsel and on PSCs in several nationally important cases. I am a member of the International Society of

Barristers, a past President of the Louisiana Association for Justice, and served on the AAJ Board for many years. My Bar activities include President-elect of the Louisiana Bar Foundation, Trustee of the Client Assistance Foundation, and Chair of the Bench-Bar Committee. I am the senior partner of Ranier, Gayle and Elliot, LLC (RGE). (c.v. Ex. A). I have has extensive complex litigation experience and special expertise in insurance coverage. I was the national insurance counsel for all Attorneys General in the Tobacco litigation and lead counsel for the State of Louisiana. I also represented the State of Louisiana in thousands of asbestos abatement claims. I am admitted to practice in the United States Supreme Court, the U.S. Fifth Circuit Court of Appeals, all the U.S. District Courts of Louisiana, the Louisiana Supreme Court and the Texas Supreme Court.

     3.     While our standard fee agreement in complex cases is 40%, my firm accepts more routine cases at a fee of less than 40 %.

     4.     In my more than 30 years of practice, I have learned that a serious product liability case, particular one involving pharmaceuticals, easily costs hundreds of thousands of dollars to prepare for trial and to try the case. A major component of this expense is expert testimony. Additionally, such cases require a heavy investment of time in discovery, motion practice, trial preparation, and trial. This is true even if depositions of key defense experts and fact witnesses are available from other trials. Although any individual case has a chance of a multi-million dollar recovery or a complete loss, the average expected value of such a case is not so high as to make it worthwhile to accept representation on only a small number of cases and expect to prepare and try each one. These types of cases are potentially economically viable only when an attorney has a significant number of cases and has a chance for a settlement of all of his or her cases after preparing to try significantly fewer than all of the cases.

     5.     I would not be willing to undertake representation in a large number of high risk cases that were likely to be coordinated in an MDL if, at the beginning of the representation, I knew there was any possibility that my fee agreements would not be honored and that a court might reduce the agreed upon fees to a percentage that it determined after substantially all of the work had been performed.

FURTHER, AFFIANT SAYETH NOT.

{N1960419.1}           2

Ranie-2

_____
DREW RANIER

Subscribed and sworn to

before me on the

__31st__ day of __March__, 2009.


_____
Notary Public in and for

The State of Texas

**GERILYN GORDON**
Notary Public, State of Texas
My Commission Expires
March 14, 2010


My commission expires __3/14/10__

{N1960434.1}

Ranie-3