**Exhibit A to The Vioxx Litigation Consortium's
Memorandum in Reply to the Opposition of the Tulane Law Clinic
to Motion for Reconsideration of Capping Order**

**Attorney Fee Limitation Chart**

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| Alabama | | | |
| Alaska | | | |
| Arizona | | | |
| Arkansas | | | |
| California | 40% of first $50,000;<br>33 1/3% of next $50,000;<br>25% of next $500,000;<br>15% of any amount exceeding $600,000 | Medical malpractice | CAL. BUS. & PROF. CODE § 6146 |
| Colorado | | | |
| **Connecticut** | 33 1/3% of the first $300,000;<br>25% of next $300,000;<br>20% of next $300,000;<br>15% of next $300,000;<br>10% of any amount which exceeds $1,200,000<br><br>Note: Waiveable by client to a maximum of a total of 33 1/3% | Personal injury, wrongful death, and property damage actions<br><br>Note: Claimant may waive the percentage limitations if claim is complex, unique or different. Factors to be considered are 1) involves complex factual medical or legal issues; 2) involves serious permanent personal injury or death; 3) is likely to require extensive investigation and discovery, including multiple depositions; or 4) requires independent expert witness testimony. Law must be explained to client if waiver sought. Contract must be in writing and set forth law and waiver. In no event shall the total fee exceed 33 1/3 % and in no event shall claimant be required to repay costs of investigation and prosecution if there is no recovery | CONN. GEN. STAT. § 52-251c |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| Delaware | 35% of first $100,000;<br>25% of the next $100,000;<br>10% of the balance of any awarded damages | Medical malpractice | DEL. CODE tit. 18, § 6865 |
| Florida | <u>Without prior court approval anything that exceeds the following shall be presumed, unless rebutted, to be clearly excessive:</u><br><br>*Before the filing of an answer:*<br>33 1/3% of any recover up to $1 million, plus 30% of any portion of recovery between $1 million and $2 million, plus 20% of any portion of recovery exceeding $2 million<br><br>*After the filing of an answer:*<br>40% of any recovery up to $1 million, plus 30% of any portion of recovery between $1 million and $2 million, plus 20% of any portion of the recovery exceeding $2 million<br><br>*If all defendants admit liability at the time of the filing of their answers and there is only trial on damages:*<br>33 1/3% of any recovery up to $1 million, plus 20% of any portion of the recovery between $1 million and $2 million; plus 15% of any portion of the recovery exceeding $2 million<br><br>-an additional 5% of any recovery after institution of any appellate or post-judgment relief, or action is required for recovery on the judgment | Actions for personal injury, property damage, death or loss of services from personal injuries<br><br>Further limits apply in medical malpractice | FLA. RULES OF PROF'L CONDUCT R. 4-1.5 |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| | Note: waiveable upon petition to court, if court approves "if any client is unable to obtain an attorney of the client's choice because of the limitations set forth" | | |
| Florida | Subject to the foregoing provisions, claimant is entitled to no less than 70% of the first 250,000 of all damages. The claimant is entitled to 90% of all damages in excess of $250,000. | Medical malpractice | FLA. RULES OF PROF'L CONDUCT R. 4-1.5 |
| Georgia | | | |
| Hawaii | | | |
| Idaho | | | |
| Illinois | 33 1/3 of first $150,000;<br>25% of next $850,000;<br>20% of any amount recovered over $1,000,000<br><br>Note: The court may review contingent fee agreements for fairness. In special circumstances, where an attorney performs extraordinary services involving more than usual participation in time and effort the attorney may apply to the court for approval of additional compensation. | Medical malpractice | 735 ILL. COMP. STAT. 5/2-1114 |
| Indiana | 15% of any recovery *made from the patient's compensation fund* | Medical malpractice | IND. CODE § 34-18-18-1 |
| Iowa | | | |
| Kansas | Compensation for reasonable attorneys fees shall be approved by the judge after an evidentiary hearing. | Medical malpractice (no specific numerical limit) | KAN. STAT. § 7-121b |
| Kentucky | | | |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| Louisiana | | | |
| Maine | 33 1/3% of first $100,000;<br>25% of next $100,000;<br>20% of any amount over $200,000<br><br>If plaintiff prevails, the plaintiff's attorney may petition the court for review and the court may award a greater fee if it finds that the fees are inadequate to compensate the attorney reasonably for the attorney's services. | Medical malpractice | ME. REV. STAT. tit. 24, § 2961 |
| Maryland | | | |
| Massachusetts | No contingent fee agreement is enforceable if the court determines that the amount of recovery to be paid to the plaintiff after deduction of the attorney's fees is less than the total amount of the plaintiff's unpaid past and future medical expenses included in the recovery, unless the contingent attorney's fee is (a) 20% or less of the plaintiff's recovery; (b) is reduced to 20% or less of the plaintiff's recovery; or (c) is reduced to a level that permits the plaintiff to be paid his unpaid past and future medical expenses included in the recovery<br><br>Contingency contracts are limited as:<br>40% of first $150,000;<br>33 1/3% of next $150,000;<br>30% of next $200,000;<br>25% of any amount by which the recover exceeds $500,000 | Medical malpractice | MASS. GEN. LAWS ch. 231, § 601 |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| **Michigan** | 1/3 of the amount recovered is "deemed to be fair and reasonable". In excess of that "shall be deemed to be the charging of a 'clearly excessive fee'" in violation of Rules of Professional Conduct 1.5(a)<br>Fee shall be calculated on net amount. | **Actions for personal injury or wrongful death** | MICH. ADMIN. CODE r. 8.121 |
| Minnesota | | | |
| Mississippi | | | |
| Missouri | | | |
| Montana | | | |
| Nebraska | | | |
| Nevada | 40% of first $50,000;<br>33 1/3 of next $50,000;<br>25% of next $500,000;<br>15% of amount that exceeds $600,000 | Medical malpractice | NEV. REV. STAT. 7.095 |
| **New Hampshire** | All fees and costs for actions, resulting in settlement or judgment of $200,000 or more, shall be subject to approval by the court. | **All actions (but no specific dollar amount)** | N.H. REV. STAT. § 508:4-e |
| **New Jersey** | 33 1/3% on first $500,000;<br>30% on the next $500,000;<br>25% on the next $500,000;<br>20% on the next $500,000;<br>On all amounts recovered in excess of the above by application for a reasonable fee<br><br>Where about recovered is for the benefit of a minor or mentally incapacitated when the contingent fee contract was made, the foregoing limits apply except that the fee on any settlement amount shall not exceed 25%<br>Fee shall be computed on net recovered | Claims based upon tortious conduct of another, including products liability claims | N.J. CT. R. 1:21-7 |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| | Attorney may apply for more at the conclusion of a matter upon written notice to client | | |
| New Mexico | | | |
| New York | 30% of first $250,000;<br>25% of next $250,000;<br>20% of next $500,000;<br>15% of next $250,000;<br>10% of any amount over $1,250,000<br><br>Calculated on the net recovery.<br>Allows plaintiff's attorney to apply for greater compensation to court and court has discretion in extraordinary circumstances, without claimant's consent, to fix a greater amount as reasonable, not to exceed the fee fixed in their contractual arrangement, if any.<br>Further limits in med mal suits for infants<br><br>*note – proposed legislation revises the limits downward as follows:<br><br>25% of first $250,000;<br>20% of next $250,000;<br>15% of next $500,000;<br>10% of next $250,000;<br>5% of any amount over $1,250,000 | Medical malpractice | N.Y. JUDICIARY LAW § 474-a<br><br>2009 N.Y. S.B. 2723 (NS) (proposed – reduces each category by 5%) |
| North Carolina | | | |
| North Dakota | | | |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| Ohio | Attorney fees that exceed the applicable amount of the limits on compensatory damages for noneconomic loss must be court approved | Medical malpractice | OHIO REV. CODE § 2323.43(F) |
| Oklahoma | If contingency contract does not call for a definite sum, limit of 33 1/3% of amount sued on where settlement is before a verdict or judgment and if made after verdict or judgment then the full contract price. | Applicable to all cases – amount of liability on settlement or compromise<br><br>[EML – This statutory provision applies where an attorney's client settles with the defendant(s) without the plaintiff's attorney's knowledge or consent.  Under these circumstances, and in order to protect the attorney's lien, the plaintiff's attorney may recover the fees provided under the contingent fee contract *from the defendant*.  Where the settlement occurs *before* verdict or judgment, the fee is limited to 33.3%; where the settlement occurs *after* verdict or judgment, the attorney may recover the full amount of the contract] | OKLA .STAT. tit.5, § 9 |
| Oklahoma | Attorney can contract for a portion of the proceeds of a client's cause of action not to exceed 50% of the net amount of such judgment as may be recovered | Applicable to all cases – contingent fee – limitation on amount – compromise or settlement – effect on lien – certain contracts void<br><br>[EML – This is the standard provision.  An attorney may enter into a contingent fee contract with a client so long as the percentage does not exceed 50%] | OKLA .STAT. tit.5, §7<br><br>*NOTE: HB 1602 which proposed lowering the cap to 33% appears to be superceded by HB 1959 which keeps the limit at 50% with minimal changes.<br><br>[EML – HB 1602 proposes a *referendum* be put to the electorate approving of a lowering of the cap to 33%.  If approved by the Senate, the referendum would be on the November 2, 2010 ballot.  HB 1959, which was approved by the Oklahoma House merely alters the language of § 7 by replacing "chapter" with "title"] |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| | | | |
| Oregon | | | |
| Pennsylvania (*Lawrence County*) | Court will approve 33 1/3%. All fees in excess shall be considered on a case by case basis | Compromise of a minor's claim | LAWRENCE CO., PA. R. CIV. P. L2039 |
| Rhode Island | | | |
| South Carolina | | | |
| South Dakota | | | |
| Tennessee | Shall be determined by the court, not to exceed 33 1/3% of all damages awarded to the claimant. | Medical malpractice | TENN. CODE § 29-26-120<br><br>2009 TN H.B. 1453 (NS) [does not affect contingency fee limit] |
| Texas | | | |
| Utah | 33 1/3% of the amount recovered. | Medical malpractice | UTAH CODE § 78B-3-411 |
| Vermont | | | |
| Virginia | | | |
| Washington | | | |
| West Virginia | | | |
| Wisconsin | 33 1/3 % of the first $1,000,000 recovered. However, 25% of the first $1,000,000 recovered if liability is stipulated within 180 days after the date of the filing of the original complaint and not later than 60 days before the first day of trial.<br><br>20% of any amount in excess of $1,000,000<br><br>A court may approve attorney fees in excess of these limitations upon a showing of exceptional | Medical malpractice | WIS. STAT. § 655.013 |

| State | Attorney Fee Limits | Actions to Which the Limits Apply | Statute |
|---|---|---|---|
| | circumstances, including an appeal | | |
| Wyoming | Any party may seek a review of reasonableness of a contingent fee from the Committee on Resolution of Fee Disputes of the Wyoming State Bar and that determination may be appealed in the court system; no specific limit is imposed but certain percentages are deemed presumptively reasonable | Casualty and wrongful death cases | Wyo. Contingent Fees Ct. R. 5(f) (2005) |