UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCIA ROSS                          MDL Docket No. 1657

     Plaintiff,

vs.

MERCK & COMPANY, INCORPORATED,
a Foreign Corporation,

     Defendant.

_____/

### STATEMENT OF NOTICES SENT
### (Pursuant to Pre-Trial Order No. 29)

     Pursuant to Pre-Trial Order No. 29, Claimant Marcia Ross sent Document

Preservation Notices to the following individuals and entities. Copies of the Notices sent are

attached and marked as Exhibit 1.

**PHARMACIES:**                      Kel-Save Discount Drugs
                                     38 East Main St.
                                     Sylva, NC 28779


**MEDICAL PROVIDERS:**               Mountain Neurological Center
                                     97 Vanderbilt Park Drive
                                     Ashville, NC 28803

                                     Harris Regional Hospital
                                     68 Hospital Road
                                     Sylva, NC 28779

                                     Dr. Robert Bourgeois
                                     9800 S. Healthpark Dr.
                                     Suite 202
                                     Fort Myers, FL 33908

                                     Dr. Matt Mahar
                                     81 Medical Park Loop
                                     Suite 202
                                     Sylva, NC 28779

Dr. Earl Haddock
80 Healthcare Dr.
Suite 201
Sylva, NC 28779

**EMPLOYERS:** NONE

Dated April 6th, 2009

VILESAND BECKMAN, LLC

By: /s/ Marcus W. Viles
    Marcus W. Viles, Esq.
    6350 Presidential Court
    Suite A
    Fort Myers, FL 33919
    Phone: 239-334-3933
    Fax: 239-334-7105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing STATEMENT OF NOTICES SENT (Pursuant to Pre-Trial Order No.29) has been served on Liason Counsel, Russ Herman and Phillip Whittmann, by U.S. Mail and E-Mail, on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918 by U.S. Mail, on Williams & Connolly LLP, 725 Twelfth Street, NW, Washington, DC 20005-5901, and upon all parties by electronically uploading the same to LexisNexis File and Serve Advance in accordance with Pre-Trial Order No.29, and this ᒐᵗʰ day of April, 2009.

**VILES & BECKMAN, LLC**

BY:     s/Marcus W. Viles
          Marcus W. Viles, Esquire
          Florida Bar No: 0516971
          6350 Presidential Court
          Suite A
          Fort Myers, Florida 33919
          Phone: (239) 334-3933
          Fax: (239) 334-7105

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*Admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC

### ATTORNEYS AT LAW

Robert Geltner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Horado

March 12, 2009

**CERTIFIED MAIL**

71 1573 5577 2100 0180 20

Kel-Save Discount Drugs
38 East Main Street
Sylva, NC 28779

RE: Our Client:          Marcia Ross
    Our File Number:      VX 9576
    Date of Injury:       06/25/2003
    Date of Birth:        4/05/1956
    Social Security #:    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
    Records to Preserve:  January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client <u>Marcia Ross</u> is currently pursuing a product liability claim against Merck & Co. Inc. for an injury dated on <u>06/25/2003</u>. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair her ability to pursue her legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 -- Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Hannah Knight
Case Manager
/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com


**UNITED STATES**
**POSTAL SERVICE.**

Date: 04/01/2009

hannah knight:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8020. The delivery record shows that this item was delivered on 03/16/2009 at 11:34 AM in SYLVA, NC 28779. The scanned image of the recipient information is provided below.

Signature of Recipient:

Delivery Section

Kathleen Collins

Address of Recipient:

38 E. Main

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also Licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted in US Superior Court*

# VILES & BECKMAN, LLC
### ATTORNEYS AT LAW

Robert Geltner
*Also Licensed in IN & IL*

Robert P. Kelley

Edward S. Rosado

March 12, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0180 37

Mountain Neurological Center
97 Vanderbilt Park Drive
Asheville, NC 28803

RE:     Our Client:              Marcia Ross
        Our File Number:         VX 9576
        Date of Injury:          06/25/2003
        Date of Birth:           4/05/1956
        Social Security #:       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
        Records to Preserve:     January 1, 1995 - Present

### PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client Marcia Ross is currently pursuing a product liability claim against Merck & Co. Inc. for an injury dated on 06/25/2003. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair her ability to pursue her legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Hannah Knight
Case Manager
/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com



**UNITED STATES**
**POSTAL SERVICE™**

Date: 04/01/2009

hannah knight:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8037. The delivery record shows that this item was delivered on 03/16/2009 at 11:35 AM in ASHEVILLE, NC 28803. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient:



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

# VILES & BECKMAN, LLC

## ATTORNEYS AT LAW

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*the Gravel in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*the licensed in AL & TX*
*admitted to U.S. Supreme Court*

Robert Geltner
*also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 12, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0180 44

Harris Regional Hospital - Administration
68 Hospital Road
Sylva, NC 28779

RE:   Our Client:            Marcia Ross
      Our File Number:       VX 9576
      Date of Injury:        06/25/2003
      Date of Birth:         4/05/1956
      Social Security #:     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
      Records to Preserve:   January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client <u>Marcia Ross</u> is currently pursuing a product liability claim against Merck & Co. Inc. for an injury dated on <u>06/25/2003</u>. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair her ability to pursue her legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 -- Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Hannah Knight
Case Manager
/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com



**UNITED STATES**
**POSTAL SERVICE.**

Date: 04/01/2009

hannah kinght:

The following is in response to your 04/01/2009 request for delivery information on your
Certified Mail(TM) item number 7115 7355 7721 0001 8044. The delivery record shows that
this item was delivered on 03/16/2009 at 12:14 PM in SYLVA, NC 28779. The scanned image
of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional
assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Haug
*Also licensed in AY & TX*
*admitted to U.S. Superior Court*

# VILES & BECKMAN, LLC

### ATTORNEYS AT LAW

Robert Geltner
*Also licensed in NC & IL*

Robert P. Kelley

Edward S. Rosado

March 12, 2009

**CERTIFIED MAIL**    71 1573 5577 2100 0180 51
Robert Bourgeois, MD
Lee Physicians Group
9800 S Healthpark Drive
Suite 202
Fort Myers, Florida 33908

RE:   Our Client:          Marcia Ross
      Our File Number:     VX 9576
      Date of Injury:      06/25/2003
      Date of Birth:       4/05/1956
      Social Security #:   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
      Records to Preserve: January 1, 1995 - Present

### PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client <u>Marcia Ross</u> is currently pursuing a product liability claim against Merck & Co. Inc. for an injury dated on <u>06/25/2003</u>. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair her ability to pursue her legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Hannah Knight
Case Manager
/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com


**UNITED STATES**
**POSTAL SERVICE.**

Date: 04/01/2009

hannah knight:

The following is in response to your 04/01/2009 request for delivery information on your
Certified Mail(TM) item number 7115 7355 7721 0001 8051. The delivery record shows that
this item was delivered on 03/13/2009 at 11:30 AM in FORT MYERS, FL 33908. The scanned
image of the recipient information is provided below.

Signature of Recipient:

**Delivery Section**

Address of Recipient:

9RU - 202 Health Ful

Thank you for selecting the Postal Service for your mailing needs. If you require additional
assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also Licensed in TX*

Michael L. Beckman

Mark G. Menser

Kelly K. Huang
*Also Licensed in NY & TX*
*Admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC

### A T T O R N E Y S   A T   L A W

Robert Gelzner
*Also Licensed in DC & FL*

Robert P. Kelley

Edward S. Rosado

March 12, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0180 68

Dr. Matt Mahar
81 Medical Park Loop
Wellsprings Family Practice
Suite 202
Sylva, NC 28779

RE:   Our Client:            Marcia Ross
      Our File Number:       VX 9576
      Date of Injury:        06/25/2003
      Date of Birth:         4/05/1956
      Social Security #:     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
      Records to Preserve:   January 1, 1995 - Present

### PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client <u>Marcia Ross</u> is currently pursuing a product liability claim against Merck & Co. Inc. for an injury dated on <u>06/25/2003</u>. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair her ability to pursue her legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Hannah Knight
Case Manager
/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com


**UNITED STATES POSTAL SERVICE**

Date: 04/01/2009

hannah knight:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8068. The delivery record shows that this item was delivered on 03/16/2009 at 11:50 AM in SYLVA, NC 28779. The scanned image of the recipient information is provided below.

Signature of Recipient:

Jessica Rice
Jessica Rice

Address of Recipient:

81 Medical Park Loop Po.

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Haug
*Also licensed in NY & TX*
*Admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC

### ATTORNEYS AT LAW

Robert Geltner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 12, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0180 75

Dr. Earl Haddock
80 Healthcare Dr. Ste. 201
Sylva, NC 28779

| RE: | Our Client: | Marcia Ross |
|-----|-------------|-------------|
|     | Our File Number: | VX 9576 |
|     | Date of Injury: | 06/25/2003 |
|     | Date of Birth: | 4/05/1956 |
|     | Social Security #: | 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 |
|     | Records to Preserve: | January 1, 1995 - Present |

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client <u>Marcia Ross</u> is currently pursuing a product liability claim against Merck & Co. Inc. for an injury dated on <u>06/25/2003</u>. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair her ability to pursue her legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Hannah Knight
Case Manager
/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com



**UNITED STATES**
**POSTAL SERVICE™**

Date: 04/01/2009

hannah knight:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8075. The delivery record shows that this item was delivered on 03/16/2009 at 12:19 PM in SYLVA, NC 28779. The scanned image of the recipient information is provided below.

Signature of Recipient:

> Delivery Section
>
> ature   *Ja K Sulpl*
>
> ted
> me   *Dann Schling's*

Address of Recipient:

> very
> ress   *80 HEALTHCARE DRIVE #201*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 1657 |
| IN RE: VIOXX | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | |

## THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER #1
**Setting Initial Conference**

It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of February 16, 2005, merit special attention as complex litigation, it is, therefore,

ORDERED that:

1.     APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry

of a comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this Court

by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed

on Schedule A. This Order also applies to all related cases filed in all sections of the Eastern

District of Louisiana and  will also apply to any "tag-along actions" later filed in, removed to, or

transferred to this Court.

    2.    CONSOLIDATION---The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

    3.    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a.m. in Judge Eldon E. Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by March 11, 2005.

4.     POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by March 11, 2005 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

5.     APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through their  attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

6.     SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys and their office addresses and E-mail addresses.

-3-

7.     EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8.     MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX Products Liability Litigation" and the identification "MDL No. 1657 ". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to". The following is a sample of the pleading style:

In Re: VIOXX                                   MDL No. 1657
        Products Liability Litigation
                                               SECTION: L

This Document Relates to:                       Judge Fallon
                                                Mag. Judge Knowles

9.     FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

-4-

10.    DOCKETING---When an action that properly belongs as a part of <u>In Re: VIOXX</u> <u>Products Liability Litigation</u> is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

      a.     File a copy of this Order in the separate file for such action;

      b.     Make an appropriate entry on the master docket sheet;

      c.     Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

      d.     Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11.    APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived. Association of local counsel is not required.

12.    REMAND STIPULATIONS---In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13.    · PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess

15.   LIAISON COUNSEL---<u>Prior</u> to the initial conference, counsel for the plaintiffs and counsel for the defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters.  For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement.  Appointment of liaison counsel shall be subject to the approval of the Court.  At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

16.  PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee.  Applications/nominations for the

-7-

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's Clerk's Office on or before Monday, March 28, 2005. A copy must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk in an original and one copy on or before April 4, 2005. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

Discovery

(1)   Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(2)   Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)   Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and

-8-

documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)    Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meetings

(1)    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)    Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)    Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

-9-

Miscellaneous

(1) Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

(2) Negotiate and enter into stipulations with Defendants regarding this litigation.  All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation  shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(3) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(4) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys.

(5) Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

-10-

(6)     Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

(7)     Perform such other functions as may be expressly authorized by further orders of this Court.

(8)     Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

17.     COMMUNICATION WITH THE COURT---Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this 17ᵗʰ day of ___February___, 2005.

                                    /s/ Eldon E. Fallon
                                    ELDON E. FALLON
                                    UNITED STATES DISTRICT JUDGE
Attachments

-11-