UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM YEARY                                   MDL Docket No. 1657

     Plaintiff,

vs.

MERCK & COMPANY, INCORPORATED,
a Foreign Corporation,

     Defendant.

_____/

### STATEMENT OF NOTICES SENT
### (Pursuant to Pre-Trial Order No. 29)

Pursuant to Pre-Trial Order No. 29, Claimant William Yeary sent Document Preservation Notices to the following individuals and entities. Copies of the Notices sent are attached and marked as Exhibit 1.

**PHARMACIES:**                     Med. Co. Health
                                    10225 Annie Oakley Drive
                                    Las Vegas, NV 89120

                                    Wal-Mart Pharmacy
                                    1619 Del Prado Blvd.
                                    Cape Coral, FL 33990

                                    Walgreen's Pharmacy
                                    1534 Cape Coral Parkway W.
                                    Cape Coral, FL 33914

                                    Publix Supermarket's Pharmacy
                                    1616 Cape Coral Parkway W.
                                    Cape Coral, FL 33914

**MEDICAL PROVIDERS:**              Cape Coral Hospital
                                    636 Del Prado Blvd.
                                    Cape Coral, Fl 33990

Health Park Medical Center
9981 S. Health Park Drive
Fort Myers, FL 33908

Southwest Florida Health Group/Dr. James Conrad
8540 College Parkway
Fort Myers, FL 33919

Dr. Joseph Salaz
5225 Clayton Court
Fort Myers, FL 33907

Dr. Kenneth Towe
708 Del Prado Blvd.
Cape Coral, FL 33990

**EMPLOYERS:** NONE

Dated April _10_, 2009

**VILESAND BECKMAN, LLC**

By: /s/ Marcus W. Viles___
    Marcus W. Viles, Esq.
    Florida Bar No.: 0516971
    6350 Presidential Court, Ste. A
    Fort Myers, FL 33919
    Phone: 239-334-3933
    Fax: 239-334-7105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing STATEMENT OF NOTICES SENT (Pursuant to Pre-Trial Order No.29) has been served on Liason Counsel, Russ Herman and Phillip Whittmann, by U.S. Mail and E-Mail, on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918 by U.S. Mail, on Williams & Connolly LLP, 725 Twelfth Street, NW, Washington, DC 20005-5901, and upon all parties by electronically uploading the same to LexisNexis File and Serve Advance in accordance with Pre-Trial Order No.29, and this ____ day of April, 2009.

**VILES & BECKMAN, LLC**

BY:   s/Marcus W. Viles____
Marcus W. Viles, Esquire
Florida Bar No: 0516971
6350 Presidential Court
Suite A
Fort Myers, Florida  33919
Phone: (239) 334-3933
Fax:  (239) 334-7105

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC
### ATTORNEYS AT LAW

Robert Geltner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

71 1573 5577 2100 0188 46

**CERTIFIED MAIL**
Med Co. Health
Attn: Medical Records Department
10225 Annie Oakley Drive
Las Vegas, NV 89120

RE:  Our Client:           William P. Yeary
     Our File Number:      VX9771
     Event Date:          December 26, 2002
     Products Liability:   VIOXX
     Date of Birth:        08/07/1942
     Social Security #:    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
     Records to Preserve:  January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure

6350 Presidential Court, Suite A, Fort Myers, Florida 33919
Toll Free (800) 64VILES • Phone (239) 334-3933 • Fax (239) 334-7105 • www.vilesandbeckman.com



**UNITED STATES**
**POSTAL SERVICE ™**

Date: 04/06/2009

Mary Turner:

The following is in response to your 04/06/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8846. The delivery record shows that this item was delivered on 04/02/2009 at 11:47 AM in FORT MYERS, FL 33919. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC
### ATTORNEYS AT LAW

Robert Gelzner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0188 15

Wal-Mart Pharmacy
Attn: Medical Records Department
1619 Del Prado Blvd.
Cape Coral, FL 33990

RE:  Our Client:          William P. Yeary
     Our File Number:     VX9771
     Event Date:          December 26, 2002
     Products Liability:  VIOXX
     Date of Birth:       08/07/1942
     Social Security #:   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
     Records to Preserve: January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 -- Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure



**UNITED STATES POSTAL SERVICE** ®

Home | Help | Sign In

**Track & Confirm**     **FAQs**

## Track & Confirm

### Search Results

Label/Receipt Number: **7115 7355 7721 0001 8815**
Status: **Electronic Shipping Info Received**

The U.S. Postal Service was electronically notified by the shipper on March 23, 2009 to expect your package for mailing. This does not indicate receipt by the USPS or the actual mailing date. Delivery status information will be provided if / when available. Information, if available, is updated every evening. Please check again later.

---

**Track & Confirm**

Enter Label/Receipt Number.

_____

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

**Return Receipt (Electronic)**

Verify who signed for your item by email. ( Go > )

---

Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA



Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also Licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also Licensed in NY & TX*
*admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC

### ATTORNEYS AT LAW

Robert Geltner
*Also Licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**                  71 1573 5577 2100 0188 22

Walgreen's Pharmacy
Attn: Medical Records Department
1534 Cape Coral Parkway W.
Cape Coral, FL 33914

RE:   Our Client:            William P. Yeary
      Our File Number:       VX9771
      Event Date:            December 26, 2002
      Products Liability:    VIOXX
      Date of Birth:         08/07/1942
      Social Security #:     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
      Records to Preserve:   January 1, 1995 - Present

### PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure


**UNITED STATES**
**POSTAL SERVICE.**

Date: 04/01/2009

mary turner:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8822. The delivery record shows that this item was delivered on 03/24/2009 at 12:34 PM in CAPE CORAL, FL 33914. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC

### A T T O R N E Y S   A T   L A W

Robert Gebner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0188 39

Publix Supermarket's Pharmacy
Attn: Medical Records Department
1616 Cape Coral Parkway W.
Cape Coral, FL 33914

RE:   Our Client:          William P. Yeary
      Our File Number:     VX9771
      Event Date:          December 26, 2002
      Products Liability:  VIOXX
      Date of Birth:       08/07/1942
      Social Security #:   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
      Records to Preserve: January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure



**UNITED STATES POSTAL SERVICE**

Date: 04/01/2009

mary turner:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8839. The delivery record shows that this item was delivered on 03/24/2009 at 10:57 AM in CAPE CORAL, FL 33914. The scanned image of the recipient information is provided below.

Signature of Recipient:

Delivery Section

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
Board Certified Civil Trial Lawyer
Also licensed in TX

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
Also licensed in NY & TX
admitted to U.S. Supreme Court

# VILES & BECKMAN, LLC
### ATTORNEYS AT LAW

Robert Geltner
Also licensed in DC & FL

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0188 08

Cape Coral Hospital
Attn: Medical Records Department
636 Del Prado Blvd.
Cape Coral, FL 33990

RE:   Our Client:          William P. Yeary
      Our File Number:     VX9771
      Event Date:          December 26, 2002
      Products Liability:  VIOXX
      Date of Birth:       08/07/1942
      Social Security #:   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
      Records to Preserve: January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure


**UNITED STATES**
**POSTAL SERVICE.**

Date: 04/01/2009

mary turner:

The following is in response to your 04/01/2009 request for delivery information on your
Certified Mail(TM) item number 7115 7355 7721 0001 8808. The delivery record shows that
this item was delivered on 03/25/2009 at 08:24 AM in CAPE CORAL, FL 33915. The scanned
image of the recipient information is provided below.

Signature of Recipient:

**Delivery Section**

*KEITH WILLIAMS*

Address of Recipient:

*H oSP*

Thank you for selecting the Postal Service for your mailing needs. If you require additional
assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael J. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted to US. Supreme Court*

# VILES & BECKMAN, LLC

### A T T O R N E Y S   A T   L A W

Robert Geltner
*Also licensed in PC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

71 1573 5577 2100 0188 53

**CERTIFIED MAIL**
Health Park Medical Center
Attn: Medical Records Department
9981 S. Health Park Drive
Fort Myers, FL 33908

RE:   Our Client:            William P. Yeary
      Our File Number:       VX9771
      Event Date:            December 26, 2002
      Products Liability:    VIOXX
      Date of Birth:         08/07/1942
      Social Security #:     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
      Records to Preserve:   January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

VILES & BECKMAN, LLC

*Mary E. Turner*

Mary E. Turner
Case Manager

/Enclosure


**UNITED STATES**
**POSTAL SERVICE™**

Date: 04/01/2009

mary turner:

The following is in response to your 04/01/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8853. The delivery record shows that this item was delivered on 03/24/2009 at 01:14 PM in FORT MYERS, FL 33908. The scanned image of the recipient information is provided below.

Signature of Recipient:

**Delivery Section**

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC
### ATTORNEYS AT LAW

Robert Galtner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**

71 1573 5577 2100 0187 92

Southwest Florida Heart Group/Dr. James Conrad
Attn: Medical Records Department
8540 College Parkway
Fort Myers, FL 33919

RE:  Our Client:            William P. Yeaty
     Our File Number:       VX9771
     Event Date:            December 26, 2002
     Products Liability:    VIOXX
     Date of Birth:         08/07/1942
     Social Security #:     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
     Records to Preserve:   January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeaty is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure

## Mary Turner

| | |
|---|---|
| **From:** | U.S._Postal_Service_ [U.S._Postal_Service@usps.com] |
| **Sent:** | Monday, April 06, 2009 12:51 PM |
| **To:** | mturner@vilesandbeckman.com |
| **Subject:** | USPS Shipment Info for 7115 7355 7721 0001 8792 |

This is a post-only message. Please do not respond.

Mary Turner has requested that you receive the current Track & Confirm information, as shown below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7115 7355 7721 0001 8792

Service Type: First-Class Certified Mail

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Undeliverable as Addressed | FORT MYERS FL 33919 | 03/24/09  8:50am |
| Undeliverable as Arrival at Unit | FORT MYERS FL 33907 | 03/24/09  7:32am |
| Electronic Shipping Info Received | FORT MYERS FL 33919 | 03/23/09  4:23pm |
| Electronic Shipping | | |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at http://www.usps.com/shipping/trackandconfirmfaqs.htm

1

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also licensed in NY & TX*
*admitted in U.S. Supreme Court*

# VILES & BECKMAN, LLC
### ATTORNEYS AT LAW

Robert Geltner
*Also licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**                 71 1573 5577 2100 0188 77

Dr. Joseph Salaz
Attn: Medical Records Department
5225 Clayton Court
Fort Myers, FL 33907

| RE: | Our Client: | William P. Yeary |
|---|---|---|
| | Our File Number: | VX9771 |
| | Event Date: | December 26, 2002 |
| | Products Liability: | VIOXX |
| | Date of Birth: | 08/07/1942 |
| | Social Security #: | 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 |
| | Records to Preserve: | January 1, 1995 - Present |

### PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

**VILES & BECKMAN, LLC**

Mary E. Turner
Case Manager

/Enclosure



**UNITED STATES POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7115 7355 7721 0001 8877**
Status: **Arrival at Unit**

Your item arrived at 7:09 AM on March 24, 2009 in FORT MYERS, FL 33907. Information, if available, is updated every evening. Please check again later.

( Additional Details > )   ( Return to USPS.com Home > )

---

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

**Return Receipt (Electronic)**

Verify who signed for your item by email.   ( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

Marcus W. Viles
*Board Certified Civil Trial Lawyer*
*Also Licensed in TX*

Michael L. Beckman

Mark C. Menser

Kelly K. Huang
*Also Licensed in NY & TX*
*admitted to U.S. Supreme Court*

# VILES & BECKMAN, LLC
## ATTORNEYS AT LAW

Robert Geluso
*Also Licensed in DC & IL*

Robert P. Kelley

Edward S. Rosado

March 23, 2009

**CERTIFIED MAIL**          71 1573 5577 2100 0188 60
Dr Kenneth Towe
Attn: Medical Records Department
708 Del Prado Blvd.
Cape Coral, FL 33990

RE:   Our Client:        William P. Yeary
      Our File Number:   VX9771
      Event Date:        December 26, 2002
      Products Liability: VIOXX
      Date of Birth:     08/07/1942
      Social Security #: 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
      Records to Preserve: January 1, 1995 - Present

## PRESERVATION OF EVIDENCE NOTICE

Dear Sir or Madam:

Our client William Yeary is currently pursuing a product liability claim against Merck & Co. Inc. for injuries dated 12/26/2002. This clients medical records surrounding this period of time are considered critical evidence and any destruction of such would impair our client's ability to pursue their legal rights. Any records in regard to this plaintiff must be preserved as pursuant to PTO No.1 (Paragraph 13 – Preservation of Evidence), which was entered into court on February 17, 2005. *Please see the attached documentation for review.* A demand is respectfully made for the preservation of these records.

Please contact me so we can coordinate our efforts to preserve the evidence. Thank you for your cooperation.

Very truly yours,

VILES & BECKMAN, LLC

Mary E. Turner
Case Manager

/Enclosure


**UNITED STATES**
**POSTAL SERVICE.**

Date: 04/06/2009

Mary Turner:

The following is in response to your 04/06/2009 request for delivery information on your Certified Mail(TM) item number 7115 7355 7721 0001 8860. The delivery record shows that this item was delivered on 03/30/2009 at 10:18 AM in FORT MYERS, FL 33907. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 1657 SECTION: L JUDGE FALLON MAG. JUDGE KNOWLES |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER #1**
Setting Initial Conference

It appearing that civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005, merit special attention as complex litigation, it is, therefore, ORDERED that:

1.    APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed on Schedule A. This Order also applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any "tag-along actions" later filed in, removed to, or

transferred to this Court.

2.    CONSOLIDATION---The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3.    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a.m. in Judge Eldon E. Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by March 11, 2005.

4.     POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by March 11, 2005 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

5.     APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

6.     SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys and their office addresses and E-mail addresses.

-3-

7.     EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8.     MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX Products Liability Litigation" and the identification "MDL No. 1657". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to". The following is a sample of the pleading style:

In Re: VIOXX                                   MDL No. 1657
        Products Liability Litigation
                                               SECTION: L

This Document Relates to:                       Judge Fallon
                                               Mag. Judge Knowles

9.     FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

10.   DOCKETING---When an action that properly belongs as a part of In Re: VIOXX Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

    a.   File a copy of this Order in the separate file for such action;

    b.   Make an appropriate entry on the master docket sheet;

    c.   Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

    d.   Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11.   APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived.  Association of local counsel is not required.

12.   REMAND STIPULATIONS---In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13.   PRESERVATION OF EVIDENCE----All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess

materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.   Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the Court  to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.</u>

14.    FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

15.   LIAISON COUNSEL----Prior to the initial conference, counsel for the plaintiffs and counsel for the defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of liaison counsel shall be subject to the approval of the Court. At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

16. PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee. Applications/nominations for the

-7-

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's Clerk's Office on or before Monday, March 28, 2005. A copy must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk in an original and one copy on or before April 4, 2005. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

Discovery

(1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(2)    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)    Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and

-8-

documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)     Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meetings

(1)     Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)     Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)     Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

-9-

Miscellaneous

(1)     Submit and argue any verbal or written motions presented to the Court or
        Magistrate on behalf of the PSC as well as oppose when necessary any
        motions submitted by the defendant or other parties which involve matters
        within the sphere of the responsibilities of the PSC.

(2)     Negotiate and enter into stipulations with Defendants regarding this
        litigation. All stipulations entered into by the PSC, except for strictly
        administrative details such as scheduling, must be submitted for Court
        approval and will not be binding until the Court has ratified the stipulation.
        Any attorney not in agreement with a non-administrative stipulation  shall
        file with the Court a written objection thereto within ten (10) days after
        he/she knows or should have reasonably become aware of the stipulation.
        Failure to object within the term allowed shall be deemed a waiver and the
        stipulation will automatically be binding on that party.

(3)     Explore, develop, and pursue all settlement options pertaining to any claim
        or portion thereof of any case filed in this litigation.

(4)     Maintain adequate files of all pretrial matters and have them available,
        under reasonable terms and conditions, for examination by Plaintiffs or
        their attorneys.

(5)     Prepare periodic status reports summarizing the PSC's work and progress.
        These reports shall be submitted to the Plaintiffs' Liaison Counsel who will
        promptly distribute copies to the other plaintiffs' attorneys.

(6)   Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

(7)   Perform such other functions as may be expressly authorized by further orders of this Court.

(8)   Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

17.   COMMUNICATION WITH THE COURT---Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this 17th day of __February__, 2005.

/s/ Eldon E. Fallon
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-11-