UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to: | * | JUDGE FALLON |
| STELLA BENNETT AND CINDIA RATLIFF | * | MAG. JUDGE KNOWLES |

## RESPONSE TO RULE TO SHOW CAUSE

Now into Court come Plaintiffs, Stella Bennett and Cindia Ratliff, through undersigned counsel, who alleges they have complied with all requirements set forth in the Resolution Program in a timely manner as set forth in further detail below.

The Motion claims that the persons who signed the release for Ms. Bennett and Ms. Ratliff did not have the proper authority to do so. Undersigned Counsel had previous turned in Powers of Attorney by Ms. Bennett and Ms. Ratliff giving authority to act on their behalf to Carolyn Comeaux and Lucille Ratliff, respectively. On March 4, 2008, undersigned counsel filed a V2035 form for each claimant. (See Exhibit A). The next day, Carolyn Comeaux and Lucille Ratliff informed undersigned that their mothers had passed away. Based upon this information, undersigned counsel completed and filed a V2031 form on behalf of Stella Bennett on March 6, 2009 (See Exhibit B) and a V2031 on behalf of Cindia Ratliff on March 5, 2009. (See Exhibit C). Undersigned counsel contends this filing was timely and therefore the Plaintiff's claim should be allowed to proceed through the settlement process.

Thereafter, Counsel received notice that the Claims Administration did not believed they received a complete copy of Mrs. Bennett's Last Will with her V2031 and that not all of the heirs signed the original release for Ms. Ratliff. Undersigned resent another copy of

1

the Last Will on to the Claims Administration on March 30, 2009. (See Exhibit D) Counsel contacted Ms. Ratliff regarding the signatures of her brothers on the release. Ms. Ratliff informed us that she was obtaining a copy of the probate documents from Kentucky to prove that she was the proper person to sign. These documents consisted of her Ms. Ratliff's Last Will and Testament as well as the appointment of Lucille Ratliff as administrator of the estate. (See Exhibit E). The Last Will and Testament bequeaths everything except the life insurance proceeds to Lucille Ratliff. Undersigned Counsel sent a copy of these documents to the Claims Administration on April 4, 2009. (See Exhibit E).

Undersigned Counsel and Plaintiffs pray that this Honorable Court will rule that the Plaintiffs timely completed all enrollment documents and that Plaintiffs' claim be allowed to proceed through the settlement process.

Respectfully submitted,
/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr., (La Bar #2926)
Salvadore Christina, Jr. (LA Bar #27198)
Becnel Law Firm, L.L.C.
P.O. Drawer H
Reserve, LA 70084
(985) 536-1186 (phone)
(985) 536-6445 (fax)
dbecnel@becnellaw.com
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Rule to Show Cause has been served upon all parties by email and U.S. First Class Mail to Plaintiff and Defendant's Liaison Counsel.

On this 8th day of April 2008,

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr.

2