UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION   )   MDL NO. 1657
)
)   SECTION: L
)
)
)   JUDGE FALLON
)   MAG. JUDGE KNOWLES
)
)
**THIS DOCUMENT RELATES TO:**   )
Cellino & Barnes, P.C. Plaintiffs Identified in   )
Defendant's Motion, Document 18054, Exh. C   )
_____)

**PLAINTIFF'S RETURN TO DEFENDANT MERCK & CO., INC.'S *FIFTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET (*Deficiencies as to Notarization*)**

On March 25, 2009, defendant Merck & Co., Inc. ("Merck") filed its above-entitled motion requesting that an order to show cause issue as to why certain plaintiffs' individual claims should not be dismissed with prejudice. On March 27, 2009, this Court filed the requested order to show cause and ordered that oppositions be filed on or before April 8, 2009. The basis for this motion was that certain claimants' enrollment documents were deemed to lack proper notarization.

As to the deficiencies identified on Merck's Motion at Exhibit C regarding "Notary Issues for Derivative Claimants" (also known R-22, R-24, R-26 and R-28 deficiencies), counsel intends to dismiss these derivative claims in the same manner as all pending derivative claimant deficiencies. The attached e-mail exchange with Merck counsel and Case Coordinator Juliana MacPherson, documents the parties' intention to resolve derivative issues by stipulations of dismissal signed by the parties and presented

1

to this Court. (Exhibit A, Exhibit B.) As all claimants have entered into a settlement process that provides for no independent value for derivative claims, the derivative claimants have agreed to dismiss their claims so that the primary claimant may proceed unimpeded to resolution.

To date, plaintiffs have not received the stipulations from Merck. However, the parties have resolved numerous claims by analogous stipulations in the past and plaintiffs anticipate no issues arising between the parties as to completing this process. As the parties have stipulated to a process that cures the identified deficiencies, subject to Merck completing the process and this Court's approval or the Claims Administrator's administrative action, counsel respectfully requests that this Court discharge the order to show cause as to all Cellino & Barnes, P.C. claimants identified at Exhibit C to the above-captioned motion.

As to the deficiencies identified on Merck's Motion at Exhibit B regarding "Notary Issues for Primary Claimants," these claimants respond as follows. Initially, regarding the estate for deceased claimant Orlando C. Francione, decedent's son, Gary Francione, Esq., will provide the required notarized release to cure the R-16 deficiency prior to the hearing date. Counsel respectfully requests that this Court permit attorney Gary Francione a brief time extension necessary to comply. The remaining R-31 deficiency has been responded to by means of the CAP 2008-1 process as indicated in the deficiency "Cure" text.

Claimant Maria Gagliardi has no remaining deficiencies pursuant to the Claims Administrator's records at this time. (Exhibit C.) Counsel respectfully requests that this Court discharge the order to show cause with regard to Maria Gagliardi.

Claimants Tracy M. Lee's location is presently unknown. Counsel has assigned an investigator to locate and gain Ms. Lee's compliance. Counsel respectfully requests that this Court grant a brief time extension permitting the investigation to conclude and for her to comply. Alternatively, as this claimant is not willfully noncompliant, counsel respectfully requests that this Court dismiss her case without prejudice as has been done in response to prior motions where a plaintiff cannot be located.

Claimant Dorothy M. Link previously submitted a notarized release that in Merck's view was deficient due only to the notary failing to clearly indicate an expiration date. Counsel respectfully requests that this notarized release be deemed sufficient for settlement purposes. In the event that this Court requires further response, counsel asserts that Ms. Link's location is presently unknown. Counsel has assigned an investigator to locate and gain Ms. Link's compliance. Counsel respectfully requests that this Court grant a brief time extension permitting the investigation to conclude and for her to comply. Alternatively, as this claimant is not willfully noncompliant, counsel respectfully requests that this Court dismiss her case without prejudice as has been done in response to prior motions where a plaintiff cannot be located.

Claimant Shirley Priest previously submitted a notarized release that in Merck's view was deficient due only to the notary failing to sign. Counsel respectfully requests that this notarized release be deemed sufficient for settlement purposes. In the event that this Court requires further response, counsel respectfully requests that this Court grant a

brief time extension permitting her to comply. Alternatively, as this claimant is not willfully noncompliant an has submitted the release as notarized, counsel respectfully requests that this Court dismiss her case without prejudice as has been done in response to prior motions where a plaintiff cannot be located. As to the remaining R-22 derivative claimant notarization deficiency, counsel respectfully submits that he will stipulate to dismissing the derivative claimant in the same manner as with all other derivative claimants identified in Exhibit C to the motion.

Based upon the foregoing, counsel respectfully requests that this Court discharge the order to show cause as to all derivative claimants indentified at Exhibit C to the motion, to Maria Gagliardi and to the derivative claimant deficiency for Shirley Priest. Counsel respectfully requests that this Court discharge the order to show cause for Dorothy M. Link and Shirley Priest based upon their prior submissions or, in the event that this Court requires additional notarization, that they be provided 30 days to comply. Counsel additionally requests that this Court grant the same 30 day extension to the estate of Orlando Francione in the event that the Claims Administrator's records do not recognized the intended deficiency cure by the date on which this order to show cause is resolved.

DATED: April 9, 2009

Respectfully submitted,

CELLINO & BARNES, P.C.

By: _____

Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020

4