# RELEASE OF ALL CLAIMS

## CLAIMANT

| Name | First William | Middle | Last Williams |
|---|---|---|---|

| Address | Street 588 Shelbourne Lane | | |
|---|---|---|---|
| | City Dayton | State Ohio | Zip 45458 |

| Social Security Number | 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 | Date | 3 / (month) | 27 / (day) | 2008 (year) |
|---|---|---|---|---|---|

## DERIVATIVE CLAIMANTS (If none, check here: ☐)

| Name | First Betty | Middle | Last Britain |
|---|---|---|---|

| Address | Street 588 Shelbourne Lane | | |
|---|---|---|---|
| | City Dayton | State Ohio | Zip 45458 |

| Social Security Number | 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 | Date | 3 / (month) | 27 / (day) | 2008 (year) |
|---|---|---|---|---|---|

## CLAIMANT'S COUNSEL

| Law Firm | Becnel Law Firm, LLC |
|---|---|



Williams. William          1088374
435

EXHIBIT B  Blumberg No. 5119

## RELEASE OF ALL CLAIMS

I, the undersigned Releasor, am a plaintiff or tolling agreement claimant in the Merck & Co., Inc., a New Jersey corporation ("Merck"), Products Liability Litigation. I have enrolled to participate in the program (the "Program") set forth in the Settlement Agreement (the "Agreement") dated as of November 9, 2007. I understand that the terms of the Agreement govern the resolution of my claim. I further understand that, in order to submit my claim into the Program under the Agreement, I am required to submit a release of any and all claims I and the other Releasing Parties (as defined under "Releases" below) have, or may have in the future, against the Released Parties (as defined under "Releases" below) concerning and/or connected with VIOXX (sometimes referred to as "Vioxx" or "rofecoxib") ("VIOXX") and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part.

Accordingly, in consideration for Merck's agreement to establish the Program, the significant expenses being incurred by Merck in connection with the Program, Merck's waiver of defenses (except as reflected in the Program criteria themselves) solely in the context of the application of the Program, and the opportunity to submit my claim into the Program, I hereby give and make the following releases, waivers, acknowledgements and agreements for the benefit of the Released Parties (this "Release"). This Release is also entered into by any Derivative Claimant (as defined under "Releases" below) who executes a signature page hereto, in which case the agreement of such Derivative Claimant set forth on its signature page is incorporated in, and is part of, this Release. By signing this Release, both I and any such Derivative Claimant understand and acknowledge that there is no assurance as to the amount, if any, of payment to be made to any claimant under the Program, and this fact shall in no way affect the validity or effect of this Release.

1.  **Releases.**

(a)  On my own behalf and on behalf of each other Releasing Party, I hereby knowingly and voluntarily release, remise, acquit and forever discharge the Released Parties from (i) any and all rights, remedies, actions, claims, demands, causes of action, suits at law or in equity, verdicts, suits of judgments and/or Liens (as defined under "Liens and Other Third-Party Payor Claims" below), of any kind whatsoever ("Claims"), which I or any other Releasing Party may have ever had, may now have or at any time hereafter may have against any Released Party and (ii) any and all debts, liabilities, obligations, covenants, promises, contracts, agreements and/or obligations, of any kind whatsoever ("Liabilities"), which any Released Party may have ever had, may now have or at any time hereafter may have to me or any other Releasing Party, in the case of clause (i) and clause (ii), to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part. These Claims and Liabilities are the "Released Claims and Liabilities".

(b)  The term "Released Parties" means all the parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, including, but not limited to, Merck, all named defendants in any pending action concerning VIOXX and/or any such injury to



which I am (and/or any other Releasing Party is) a party, and all those who may have acted in concert with Merck, together with their respective insurers. These parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, also include, but are not limited to, manufacturers; suppliers of materials; distributors; other persons involved in development, design, manufacture, formulation, testing, distribution, marketing, labeling, regulatory submissions, advertising and/or sale of any product; physicians, pharmacists and other healthcare providers; sales representatives; pharmacies, hospitals and other medical facilities; advertisers; manufacturers of other products that I used before, while or after taking VIOXX; the respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, and transferees of the parties referred to in this paragraph; and the respective past, present and/or future shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph. Without limitation of the foregoing, the Released Parties include the parties listed on Attachment 1 hereto.

(c)  The term "Releasing Parties" means (i) myself and (ii) any and all persons who have or assert the right to sue Merck or any other Released Party, independently, derivatively or otherwise, by reason of their personal relationship with me, and/or otherwise by, through or under, or otherwise in relation to, me ("Derivative Claimants"). Derivative Claimants include, but are not limited to, my heirs, beneficiaries, surviving spouse (including, but not limited to, a putative or common law spouse), surviving domestic partner and/or next of kin, if any.

(d)  I acknowledge that I (and/or any other Releasing Party) may in the future learn of additional and/or different facts as they relate to VIOXX, the Released Parties' activities as they relate to VIOXX, and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part. I understand and acknowledge the significance and consequences of releasing all of the Released Claims and Liabilities and hereby (on my own behalf and on behalf of each other Releasing Party) assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims and Liabilities that I (and/or any other Releasing Party) may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case or other legal provision or authority (each, a "Law") may at any time purport to preserve my and/or any other Releasing Party's right to hereinafter assert any such unknown and/or unanticipated Claims and/or Liabilities, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) each Releasing Party's rights under such Law. I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having discussed it with such counsel to my satisfaction.

(e)  On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of each Released Party, and are intended to be as broad as can possibly be created.

(f)  WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT·SOME OR ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY MERCK, ANY OF THE OTHER RELEASED PARTIES, ANY RELEASING PARTY AND/OR ANY OTHER PERSON.  THIS RELEASE IS SPECIFICALLY INTENDED TO AND DOES INCLUDE, BUT IS NOT LIMITED TO, A RELEASE OF, AND COVENANT NOT TO SUE FOR, ANY WRONGFUL DEATH CLAIM THAT MAY BE BROUGHT AT ANY TIME BY OR ON BEHALF OF ANY OF THE RELEASING PARTIES IN CONNECTION WITH ANY OF THE FACTS, EVENTS AND/OR INCIDENTS THAT GAVE RISE TO ANY OF THE RELEASED CLAIMS AND LIABILITIES.

2.  **Attorneys' Fees; Division of Any Settlement Payment.**  I understand that the Released Parties are not responsible for any attorneys' fees or costs I have incurred or may at any time incur, including, but not limited to, entering into this Release and any other documents.  I understand that, with respect to any payment that may be made to me under the Program (a "Settlement Payment"), any division of such Settlement Payment between me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release shall be determined by me and such other person(s), and such division, or any dispute in relation to such division, shall in no way affect the validity of this Release.

3.  **Pursuit of Certain Claims.**  I agree that I will never (i) take any legal or other action to initiate, pursue or maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or my pending legal action against Merck.

4.  **Liens and Other Third-Party Payor Claims.**

(a)  I agree that prior to the first time, if any, that a Settlement Payment is made to me, I shall identify to Merck and to the Lien Resolution Administrator for the Program all governmental authorities that are Third Party Providers/Payors (as defined below) known to me to hold or assert any lien, pledge, charge, security interest, assignment, encumbrance, subrogation right, third-party interest or other adverse claim of any nature whatsoever ("Lien") pursuant to any applicable statute with respect to any Settlement Payment (and/or the right to receive such Settlement Payment), through procedures and protocols to be established by the Lien Resolution Administrator, subject to approval by the Claims Administrator for the Program.



Williams, William          1088374
435

4

(b)  A "Third Party Provider/Payor" is any provider or payor (public or private) of (i) health, hospital, medical, physician, healthcare and/or pharmaceutical services, products or expenses and/or (ii) any other form of compensation, including, but not limited to, federal and state governmental authorities (or other persons) providing Medicare and/or Medicaid services or benefits.

(c)  I understand and acknowledge that satisfaction and discharge of any and all Liens with respect to any Settlement Payment (and/or the right to receive any Settlement Payment) is the sole responsibility of me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release and must, in relation to all governmental authorities that are Third Party Providers/Payors who hold or assert any Liens pursuant to any applicable statute, be established to the satisfaction of the Claims Administrator and Merck before any Settlement Payment (if any) can be disbursed to me.

(d)  Prior to the first time, if any, that a Settlement Payment is made to me, I shall, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), represent and warrant that any and all Liens with respect to any and all Settlement Payments (and/or the right to receive any and all Settlement Payments) have been satisfied and discharged.  Furthermore, upon request to the Lien Resolution Administrator, Merck shall be entitled to proof of satisfaction and discharge of any or all such Liens pursuant to any applicable statute in relation to all governmental authorities that are Third Party Providers/Payors.

(e)  In addition to and without limitation of the foregoing, I hereby agree, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), to indemnify and hold harmless the Merck Released Parties (as defined below) from and against (i) any and all Claims made or asserted at any time against any Merck Released Party by (x) any Third Party Provider/Payor in relation to, (y) any person at any time holding or asserting any Lien in relation to and/or (z) any other person at any time claiming by, through or under, me or any Derivative Claimant executing this Release, with respect to any funding payment by or for the account of Merck under the Program and/or any Settlement Payment (and/or the right to receive any such Settlement Payment) and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(f)  The term "Merck Released Parties" means (i) Merck and (ii) all other Released Parties, past, present and/or future, in any way and/or any time related to Merck, including, but not limited to, Merck's past, present and/or future parents, subsidiaries, divisions, affiliates and joint venturers; the respective past, present and/or future predecessors, successors, assigns and transferees of the parties referred to in this paragraph; and the respective past, present and/or future insurers, shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.



Williams. William          1088374
435

5.  **Indemnification for Released Claims and Liabilities.**

(a)  I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b)  Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "Non-Merck Released Party") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c)  Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

6.  **Confidentiality.**  I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any),  except as may be required by applicable Law; provided, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information).  I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

7.  **Medical Documentation Authorization.**  I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee



Williams, William          1088374

435

for the Program, all other persons provided for under the terms of the Agreement to consider claims, and their respective attorneys, agents, servants, employees and independent auditors and others deemed necessary by each to assist them, the medical or other documentation required for approval of an award under the Program along with any and all authorizations for the release of medical records required in my Enrollment Form under the Program or that may be required by a provider of such documentation, including, but not limited to, a specific authorization required by a particular hospital, pharmacy, physician or any other source of documentation. I agree to cooperate fully in providing any authorization for the release of records requested in the Program. I also authorize the foregoing persons to have access to my medical and other documentation available in any electronic depository through which Merck delivers medical records it collects by way of authorization or subpoena to counsel for plaintiffs in the VIOXX litigation.

8. **ACKNOWLEDGEMENT OF COMPREHENSION; NO GUARANTEE OF PAYMENT. I AM ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, MERCK OR ANY OTHER PERSON. I UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THE SECOND PARAGRAPH OF THIS RELEASE. I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AND THE AGREEMENT, AND I HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM. I FURTHER ACKNOWLEDGE THAT I HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL TO ME EXECUTING A "CERTIFICATION OF COUNSEL" ATTACHED TO THIS RELEASE, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION. I FURTHER ACKNOWLEDGE THAT I UNDERSTAND THIS RELEASE AND THE AGREEMENT AND THAT THERE IS NO GUARANTEE THAT I WILL RECEIVE ANY SETTLEMENT PAYMENT OR, IF ANY SETTLEMENT PAYMENT IS MADE, THE AMOUNT THEREOF.**

9. **Waiver of Certain Provisions Regarding Timing of Any Payments.** If I have any civil action pending in any jurisdiction that has enacted, promulgated or otherwise adopted any Law containing provisions that establish specific time periods within which settlement funds, if any, must be paid to me in connection with the settlement of such civil action and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such civil action (including, but not limited to, Pennsylvania Rule of Civil Procedure 229.1), I hereby (i) specifically and expressly waive (to the fullest extent permitted by applicable Law) my rights under any such provisions and (ii) agree that payment of any Settlement Payment shall be made solely in accordance with the terms and conditions of the Program.

10. **No Admission of Fault.** I understand and agree that Merck has entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall



Williams, William          1088374
435

7

not be construed at any time to be, an admission of liability, responsibility or fault of or by Merck or any other Released Party.

11. **Representations and Warranties.** I hereby represent and warrant that: I have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Except as set forth in the second sentence under "Attorneys' Fees: Division of Any Settlement Payment" above, I have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program. Neither I nor any other Releasing Party has sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

12. **GOVERNING LAW. THIS RELEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF NEW YORK, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.**

13. **Severability.** I agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

14. **Legal Representatives.** If I am signing this Release as a legal representative of a VIOXX user, then (i) all references in this Release to my use of, or injury from, VIOXX shall also mean the use of, or injury from, VIOXX by or of such VIOXX user, all references in this Release to any person claiming by, through or under, or in relation to, me shall also mean any person claiming by, through or under, or in relation to, such VIOXX user, and all references to me in the definition of Derivative Claimant shall also mean such VIOXX user, (ii) if such VIOXX user is not deceased, he or she shall also be a "Releasing Party", (iii) if such VIOXX user is deceased, I am executing this Release both individually and on behalf of the estate of such VIOXX user, and (iv) prior to the first time, if any, that a Settlement Payment is made to me, I will obtain judicial approval of this Release to the extent required under applicable Law.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

RELEASOR:

By    _____

      Name:  William  Williams
      Title:
      Social Security No.:  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
      Dated:_____

## NOTARIZATION OF RELEASOR'S SIGNATURE

STATE OF _____, COUNTY OF _____    SS.:

I hereby certify that on _____, 200__, _____

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his or

her act and deed.

_____
Notary Public of the State of _____

| ATTACHMENT 1 TO RELEASE OF ALL CLAIMS |
|---|

None

## CERTIFICATION OF COUNSEL

### (COUNSEL FOR RELEASOR)

I, _Daniel Becnel_ , hereby represent and declare that _William Williams_ ("Releasor") has at all relevant times been represented by the undersigned counsel. I have provided Releasor a copy of the Release to which this Certification of Counsel is attached and have made available to Releasor a copy of the Settlement Agreement referred to in the Release (which copies include all attachments). I discussed with Releasor the terms and legal effect of all of the foregoing documents and Releasor's decision to enroll to participate in the Program (as defined in the Release), and I answered any and all questions Releasor may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Releasor does not have, and I do not have, any objection to the terms of this Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality" section in this Release and my joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and Other Third-Party Payor Claims".

**BY COUNSEL FOR RELEASOR:**

By

Name: _Daniel Becnel_

Title: _Attorney_

Dated: _3-28-08_

## SIGNATURE PAGE AND AGREEMENT BY DERIVATIVE CLAIMANT

I am a person having or asserting the right to sue Merck by reason of my relationship with Releasor (or, if Releasor is a legal representative of a VIOXX user, such VIOXX user). I hereby enter into the Release to which this signature page is attached and agree to be bound by all of its terms (and, without limitation, hereby give and make all releases, waivers, acknowledgements, agreements, representations and warranties therein) on the same basis as Releasor set forth therein (including, but not limited to, all joint and several indemnification obligations set forth therein). This agreement is effective as of the date set forth beneath my name below.

DERIVATIVE CLAIMANT:

By X_Betty C. Brittain_

Name: BETTY C. BRITTAIN

Title: Representative

Social Security No.: 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

Dated: 2 - 7 - 08

## NOTARIZATION OF DERIVATIVE CLAIMANT'S SIGNATURE

STATE OF _OHIO_ , COUNTY OF _MONTGOMERY_ SS.:

I hereby certify that on _FEBRUARY 07_ , 2008, _BETTY C. BRITTAIN_

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his or

her act and deed.

JOSHUA THOMAS FOX
IN AND FOR THE STATE OF OHIO
MY COMMISSION EXPIRES OCT. 9, 2012
Notary Public of the State of OHIO

Williams, William          1088374
435

CERTIFICATION OF COUNSEL

(COUNSEL FOR DERIVATIVE CLAIMANT)

I, _Daniel Bernel_, hereby represent and declare that _____ ("Derivative Claimant") has at all relevant times been represented by the undersigned counsel. I have provided Derivative Claimant a copy of the Release to which this Certification of Counsel is attached and have made available to Derivative Claimant a copy of the Settlement Agreement referred to in the Release (which copies include all attachments). I have discussed with Derivative Claimant the terms and legal effect of all of the foregoing documents and I answered any and all questions Derivative Claimant may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Derivative Claimant does not have, and I do not have, any objection to the terms of this Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality" section of this Release and my joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and Other Third-Party Payor Claims".

BY COUNSEL FOR DERIVATIVE
CLAIMANT:

By    _____
      Name:
      Title:
      Dated: _____

Williams, William          1088374
435

13

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS
### (For claims of lost wages, earnings or earning capacity)

| Employee's Name | Last<br>Williams | | First<br>William | | Middle |
|---|---|---|---|---|---|
| Date of Birth | <u>8</u> / <u>19</u> / <u>1915</u><br>(Month/Day/Year) | Social Security<br>Number | | <u>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</u> | |
| Litigation<br>Case No. | | | | | |
| Records<br>Provider(s) | | | | | |

| | |
|---|---|
| 1. | I hereby authorize the Records Provider(s) identified above to release all existing records and information in its possession regarding the above-named person's employment, income and education to BrownGreer PLC, its agents, servants, employees and independent auditors, consider claims in the settlement Program under the Settlement Agreement dated November 9, 2007 (the "Program"). These records shall be used or disclosed solely in connection with the currently pending Vioxx litigation or claim involving the person named above. This Authorization shall cease to be effective as of the date on which the above-named person's Vioxx litigation or claim concludes. |
| 2. | I understand that this Authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive. |
| 3. | Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of the party sending you this Authorization. |
| 4. | I understand that information disclosed pursuant to this Authorization may be subject to re-disclosure by BrownGreer PLC to the Courts presiding over the Program, Merck & Co., Inc., the Special Master (and any Deputy Special Master), the Chief Administrator, members of the Gate Committee, and the Lien Resolution Administrator for the Program and all other persons provided for under the terms of the Agreement to consider claims in the Program, and their respective attorneys, agents, employees, consultants, independent auditors, and experts (the "Receiving Parties"), and others deemed necessary by the Receiving Parties to assist in this litigation or claim. |

| Date | _1/17/08_<br>(Month/Day/Year) | Signature | X _Betty Carol Britain_<br>[EMPLOYEE OR REPRESENTATIVE] |
|---|---|---|---|
| Print Name ▸ | _Betty Carol Britin_ | | |

If you are signing this Authorization as a representative on behalf of the employee identified at the top of this Form, describe your relationship to the employee and your authority to act on his/her behalf: _Representative Niece, Have Power of Attorney_

You must attach proper documentation (e.g., Power of Attorney, Letters of Administration) authorizing you to act in this representative capacity.

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS
### (For claims of lost wages, earnings or earning capacity)

| Employee's Name | Last Williams | | First William | | Middle |
|---|---|---|---|---|---|
| Date of Birth | 8 / 19 / 1915 (Month/Day/Year) | Social Security Number | | 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 | |
| Litigation Case No. | | | | | |
| Records Provider(s) | | | | | |

1. I hereby authorize the Records Provider(s) identified above to release all existing records and information in its possession regarding the above-named person's employment, income and education to BrownGreer PLC, its agents, servants, employees and independent auditors, consider claims in the settlement Program under the Settlement Agreement dated November 9, 2007 (the "Program"). These records shall be used or disclosed solely in connection with the currently pending Vioxx litigation or claim involving the person named above. This Authorization shall cease to be effective as of the date on which the above-named person's Vioxx litigation or claim concludes.

2. I understand that this Authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

3. Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of the party sending you this Authorization.

4. I understand that information disclosed pursuant to this Authorization may be subject to re-disclosure by BrownGreer PLC to the Courts presiding over the Program, Merck & Co., Inc., the Special Master (and any Deputy Special Master), the Chief Administrator, members of the Gate Committee, and the Lien Resolution Administrator for the Program and all other persons provided for under the terms of the Agreement to consider claims in the Program, and their respective attorneys, agents, employees, consultants, independent auditors, and experts (the "Receiving Parties"), and others deemed necessary by the Receiving Parties to assist in this litigation or claim.

| Date | 2/17/08 (Month/Day/Year) | Signature | X Betty Carol Britain [EMPLOYEE OR REPRESENTATIVE] |
|---|---|---|---|
| Print Name | Betty Carol Britain | | |

If you are signing this Authorization as a representative on behalf of the employee identified at the top of this Form, describe your relationship to the employee and your authority to act on his/her behalf: Representative Neice, Have Power of Attorney

You must attach proper documentation (e.g., Power of Attorney, Letters of Administration) authorizing you to act in this representative capacity.

Williams, William        1088374
435

Page 1 of 1

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO
## 45 C.F.R. § 164.508 (HIPAA)

| Patient Name | Last  Williams | First  William | Middle |
|---|---|---|---|

| Date of Birth | 8 / 19 / 1915  (Month/Day/Year) | Social Security Number | 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 |
|---|---|---|---|

| Litigation Case No. | |
|---|---|
| Records Provider(s) | |

1. I hereby authorize the Records Provider(s) identified above to release all existing medical records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to BrownGreer PLC, its agents, servants, employees and independent auditors, the medical or other documentation required to consider claims in the settlement Program under the Settlement Agreement dated November 9, 2007 (the "Program"). These records shall be used or disclosed solely in connection with the currently pending Vioxx litigation or the Program involving the person named above. This Authorization shall cease to be effective as of the date on which the above-named person's Vioxx litigation or claim concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or claim.

2. I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

3. This Authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, Forms, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

4. I understand that information disclosed pursuant to this Authorization may be subject to re-disclosure by BrownGreer PLC to the Courts presiding over the Program, Merck & Co., Inc., the Special Master (and any Deputy Special Master), the Chief Administrator, members of the Gate Committee, and the Lien Resolution Administrator for the Program and all other persons provided for under the terms of the Agreement to consider claims in the Program, and their respective attorneys, agents, employees, consultants, independent auditors, and experts (the "Receiving Parties"), and others deemed necessary by the Receiving Parties to assist in this litigation or claim and may no longer be protected by HIPAA. This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above Receiving Parties until the conclusion of the litigation or claim. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO**
**45 C.F.R. § 164.508 (HIPAA)**

taken action in reliance upon this Authorization, or if this Authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this Authorization. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation or claim that is disclosed to the Receiving Parties.

5. | Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of the party sending you this Authorization.

| Date | _2/12/08_ (Month/Day/Year) | Signature | _Dutty C. Bretini_ [PATIENT OR REPRESENTATIVE] |
|------|------|------|------|
| Print Name | _Betty   Carol   Britqin_ | | |

If you are signing this Authorization as a representative on behalf of the patient identified at the top of this Form, describe your relationship to the patient and your authority to act on his/her behalf: _Representative Thru, Power of Atty_

You must attach proper documentation (e.g., Power of Attorney, Letters of Administration) authorizing you to act in this representative capacity.

Prepared by/Return to
GREEN & GREEN, P.A.
W. T. Green, Esq.
Florida Bar Number 115027
9030 W. Fort Island Trail #5
Crystal River, FL 34429
Tel: (352) 795-4500 Fax: (352) 795-3300

## DURABLE POWER OF ATTORNEY
### UNDER §709.08, FLORIDA STATUTES

## KNOW ALL MEN BY THESE PRESENTS

THAT I, **WILLIAM KOHLER WILLIAMS**, referred to herein as **Principal**, designate my friend, **BETTY CAROL BRITAN**,  to be my attorney in fact and Agent (hereinafter called "**Agent**").

1.      <u>General Grant of Power</u>.  I hereby grant to my Agent full power and authority to exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may hereafter acquire, relating to any person, matter, transaction or any interest in property owned by me, including, without limitation, my interest in all real property, including homestead real property; all personal property, tangible or intangible, all property held in any type of joint tenancy, including a tenancy in common, joint tenancy with right of survivorship, or a tenancy by the entirety; all property over which I hold a general, limited or special power of appointment; choses in action; and all other contractual or statutory rights or elections in any probate or similar proceeding to which I am or may become entitled; all as to such property now owned or hereafter acquired by me.

Except as otherwise limited by applicable law, or by this durable power of attorney, my Agent has full power and authority to perform, without prior court approval, everything necessary in exercising any of the powers herein granted as fully as I might or could do if personally present, with full power of substitution or revocation, and even though my attorney in fact may also be acting individually or on behalf of any other person or entity interested in the same matters. I hereby ratify and confirm that my Agent shall lawfully have, by virtue of this durable power of attorney, the powers herein granted, including, but not limited to, the following:

a.      To acquire, purchase, transfer, deliver, exchange, grant options to sell, and sell and convey any and all of my real estate, lands, tenements, leases, leaseholds or other property partaking of the nature of real estate or any part or parcel thereof, which I now own or may hereafter acquire, or interests therein, including my homestead real property, at public or private sale, for such price and on such terms and conditions as my Agent shall deem proper; to execute any and all documents necessary to effectuate same including, but not limited to, contracts, deeds, affidavits, bills of sale, assignments and closing statements; provided, however, that if I am married, my Agent

William Kohler Williams Durable Power of Attorney
Page 1 of 5 pages

Initials

# DESIGNATION OF HEALTH CARE SURROGATE
## AND
## DECLARATION OF LIVING WILL
## OF
## WILLIAM KOHLER WILLIAMS

I, **WILLIAM KOHLER WILLIAMS**, of 4110 S. Colony Terrace, Homosassa, FL 34446, make this Health Care Surrogate Designation and Living Will to be used when I am unable to express my intentions concerning the consent necessary for initiation or cessation of medical care according to the intent expressed within this instrument.

## HEALTH CARE SURROGATE

I, **WILLIAM KOHLER WILLIAMS**, do hereby declare that in the event I have been determined to be incapacitated so that I would be unable to provide my informed consent for medical treatment and surgical and diagnostic procedures, I now designate as my surrogate for all health care decisions my friend, **BETTY CAROL BRITAN**

I fully understand that this designation will permit my designee to make health care decisions and to provide, withhold, or withdraw consent on my behalf, to apply for public benefits to defray the cost of health care; and to authorize my admission to or transfer from a health care facility.

I hereby grant to my Surrogate full power and authority to do everything necessary in exercising the powers herein granted as fully as I might or could do if I were personally above to make health care treatment decisions on my behalf, and I hereby grant the following specific powers to my Surrogate, without limiting any other rights and authority:

A. To contract in my name and on my behalf for all health care services, including, without limitation, medical, hospital and nursing care, which, in the opinion of my Surrogate, I may require;

B. To grant releases to medical personnel;

C. To employ and discharge medical personnel;

D. To have access to and to disclose medical records and other personal information of mine;

William Kohler Williams Designation and Declaration
Page 1 of 4 Pages

Initials

## RELEASE OF ALL CLAIMS

### CLAIMANT

| Name | First William | Middle | Last Williams |
|---|---|---|---|

| Address | Street 588 Shelbourne Lane | | |
|---|---|---|---|
| | City Dayton | State Ohio | Zip 45458 |

| Social Security Number | 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 | Date | 3 (month) | / | 27 (day) | / | 2008 (year) |
|---|---|---|---|---|---|---|---|

### DERIVATIVE CLAIMANTS (If none, check here:  □)

| Name | First Betty | Middle | Last Britain |
|---|---|---|---|

| Address | Street 588 Shelbourne Lane | | |
|---|---|---|---|
| | City Dayton | State Ohio | Zip 45458 |

| Social Security Number | 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 | Date | 3 (month) | / | 27 (day) | / | 2008 (year) |
|---|---|---|---|---|---|---|---|

### CLAIMANT'S COUNSEL

| Law Firm | Becnel Law Firm, LLC |
|---|---|

Williams, William          1088374
435

### RELEASE OF ALL CLAIMS

I, the undersigned Releasor, am a plaintiff or tolling agreement claimant in the Merck & Co., Inc., a New Jersey corporation ("Merck"), Products Liability Litigation. I have enrolled to participate in the program (the "Program") set forth in the Settlement Agreement (the "Agreement") dated as of November 9, 2007. I understand that the terms of the Agreement govern the resolution of my claim. I further understand that, in order to submit my claim into the Program under the Agreement, I am required to submit a release of any and all claims I and the other Releasing Parties (as defined under "Releases" below) have, or may have in the future, against the Released Parties (as defined under "Releases" below) concerning and/or connected with VIOXX (sometimes referred to as "Vioxx" or "rofecoxib") ("VIOXX") and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part.

Accordingly, in consideration for Merck's agreement to establish the Program, the significant expenses being incurred by Merck in connection with the Program, Merck's waiver of defenses (except as reflected in the Program criteria themselves) solely in the context of the application of the Program, and the opportunity to submit my claim into the Program, I hereby give and make the following releases, waivers, acknowledgements and agreements for the benefit of the Released Parties (this "Release"). This Release is also entered into by any Derivative Claimant (as defined under "Releases" below) who executes a signature page hereto, in which case the agreement of such Derivative Claimant set forth on its signature page is incorporated in, and is part of, this Release. By signing this Release, both I and any such Derivative Claimant understand and acknowledge that there is no assurance as to the amount, if any, of payment to be made to any claimant under the Program, and this fact shall in no way affect the validity or effect of this Release.

1. **Releases.**

(a) On my own behalf and on behalf of each other Releasing Party, I hereby knowingly and voluntarily release, remise, acquit and forever discharge the Released Parties from (i) any and all rights, remedies, actions, claims, demands, causes of action, suits at law or in equity, verdicts, suits of judgments and/or Liens (as defined under "Liens and Other Third-Party Payor Claims" below), of any kind whatsoever ("Claims"), which I or any other Releasing Party may have ever had, may now have or at any time hereafter may have against any Released Party and (ii) any and all debts, liabilities, obligations, covenants, promises, contracts, agreements and/or obligations, of any kind whatsoever ("Liabilities"), which any Released Party may have ever had, may now have or at any time hereafter may have to me or any other Releasing Party, in the case of clause (i) and clause (ii), to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part. These Claims and Liabilities are the "Released Claims and Liabilities".

(b) The term "Released Parties" means all the parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, including, but not limited to, Merck, all named defendants in any pending action concerning VIOXX and/or any such injury to



which I am (and/or any other Releasing Party is) a party, and all those who may have acted in concert with Merck, together with their respective insurers. These parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, also include, but are not limited to, manufacturers; suppliers of materials; distributors; other persons involved in development, design, manufacture, formulation, testing, distribution, marketing, labeling, regulatory submissions, advertising and/or sale of any product; physicians, pharmacists and other healthcare providers; sales representatives; pharmacies, hospitals and other medical facilities; advertisers; manufacturers of other products that I used before, while or after taking VIOXX; the respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, and transferees of the parties referred to in this paragraph; and the respective past, present and/or future shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph. Without limitation of the foregoing, the Released Parties include the parties listed on Attachment 1 hereto.

(c) The term "Releasing Parties" means (i) myself and (ii) any and all persons who have or assert the right to sue Merck or any other Released Party, independently, derivatively or otherwise, by reason of their personal relationship with me, and/or otherwise by, through or under, or otherwise in relation to, me ("Derivative Claimants"). Derivative Claimants include, but are not limited to, my heirs, beneficiaries, surviving spouse (including, but not limited to, a putative or common law spouse), surviving domestic partner and/or next of kin, if any.

(d) I acknowledge that I (and/or any other Releasing Party) may in the future learn of additional and/or different facts as they relate to VIOXX, the Released Parties' activities as they relate to VIOXX, and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part. I understand and acknowledge the significance and consequences of releasing all of the Released Claims and Liabilities and hereby (on my own behalf and on behalf of each other Releasing Party) assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims and Liabilities that I (and/or any other Releasing Party) may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case or other legal provision or authority (each, a "Law") may at any time purport to preserve my and/or any other Releasing Party's right to hereinafter assert any such unknown and/or unanticipated Claims and/or Liabilities, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) each Releasing Party's rights under such Law. I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having discussed it with such counsel to my satisfaction.

(e) On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of each Released Party, and are intended to be as broad as can possibly be created.



(f) **WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OR ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY MERCK, ANY OF THE OTHER RELEASED PARTIES, ANY RELEASING PARTY AND/OR ANY OTHER PERSON.  THIS RELEASE IS SPECIFICALLY INTENDED TO AND DOES INCLUDE, BUT IS NOT LIMITED TO, A RELEASE OF, AND COVENANT NOT TO SUE FOR, ANY WRONGFUL DEATH CLAIM THAT MAY BE BROUGHT AT ANY TIME BY OR ON BEHALF OF ANY OF THE RELEASING PARTIES IN CONNECTION WITH ANY OF THE FACTS, EVENTS AND/OR INCIDENTS THAT GAVE RISE TO ANY OF THE RELEASED CLAIMS AND LIABILITIES.**

2.   **Attorneys' Fees; Division of Any Settlement Payment.**  I understand that the Released Parties are not responsible for any attorneys' fees or costs I have incurred or may at any time incur, including, but not limited to, entering into this Release and any other documents.  I understand that, with respect to any payment that may be made to me under the Program (a "Settlement Payment"), any division of such Settlement Payment between me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release shall be determined by me and such other person(s), and such division, or any dispute in relation to such division, shall in no way affect the validity of this Release.

3.   **Pursuit of Certain Claims.**  I agree that I will never (i) take any legal or other action to initiate, pursue or maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or my pending legal action against Merck.

4.   **Liens and Other Third-Party Payor Claims.**

(a)  I agree that prior to the first time, if any, that a Settlement Payment is made to me, I shall identify to Merck and to the Lien Resolution Administrator for the Program all governmental authorities that are Third Party Providers/Payors (as defined below) known to me to hold or assert any lien, pledge, charge, security interest, assignment, encumbrance, subrogation right, third-party interest or other adverse claim of any nature whatsoever ("Lien") pursuant to any applicable statute with respect to any Settlement Payment (and/or the right to receive such Settlement Payment), through procedures and protocols to be established by the Lien Resolution Administrator, subject to approval by the Claims Administrator for the Program.



(b)  A "Third Party Provider/Payor" is any provider or payor (public or private) of (i) health, hospital, medical, physician, healthcare and/or pharmaceutical services, products or expenses and/or (ii) any other form of compensation, including, but not limited to, federal and state governmental authorities (or other persons) providing Medicare and/or Medicaid services or benefits.

(c)  I understand and acknowledge that satisfaction and discharge of any and all Liens with respect to any Settlement Payment (and/or the right to receive any Settlement Payment) is the sole responsibility of me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release and must, in relation to all governmental authorities that are Third Party Providers/Payors who hold or assert any Liens pursuant to any applicable statute, be established to the satisfaction of the Claims Administrator and Merck before any Settlement Payment (if any) can be disbursed to me.

(d)  Prior to the first time, if any, that a Settlement Payment is made to me, I shall, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), represent and warrant that any and all Liens with respect to any and all Settlement Payments (and/or the right to receive any and all Settlement Payments) have been satisfied and discharged.  Furthermore, upon request to the Lien Resolution Administrator, Merck shall be entitled to proof of satisfaction and discharge of any or all such Liens pursuant to any applicable statute in relation to all governmental authorities that are Third Party Providers/Payors.

(e)  In addition to and without limitation of the foregoing, I hereby agree, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), to indemnify and hold harmless the Merck Released Parties (as defined below) from and against (i) any and all Claims made or asserted at any time against any Merck Released Party by (x) any Third Party Provider/Payor in relation to, (y) any person at any time holding or asserting any Lien in relation to and/or (z) any other person at any time claiming by, through or under, me or any Derivative Claimant executing this Release, with respect to any funding payment by or for the account of Merck under the Program and/or any Settlement Payment (and/or the right to receive any such Settlement Payment) and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(f)  The term "Merck Released Parties" means (i) Merck and (ii) all other Released Parties, past, present and/or future, in any way and/or any time related to Merck, including, but not limited to, Merck's past, present and/or future parents, subsidiaries, divisions, affiliates and joint venturers; the respective past, present and/or future predecessors, successors, assigns and transferees of the parties referred to in this paragraph; and the respective past, present and/or future insurers, shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.



5.   **Indemnification for Released Claims and Liabilities.**

(a)  I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against·any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b)  Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "Non-Merck Released Party") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c)  Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

6.   **Confidentiality.**  I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any),  except as may be required by applicable Law; provided, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information).  I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

7.   **Medical Documentation Authorization.**  I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee



Williams, William            1088374
435

6

for the Program, all other persons provided for under the terms of the Agreement to consider claims, and their respective attorneys, agents, servants, employees and independent auditors and others deemed necessary by each to assist them, the medical or other documentation required for approval of an award under the Program along with any and all authorizations for the release of medical records required in my Enrollment Form under the Program or that may be required by a provider of such documentation, including, but not limited to, a specific authorization required by a particular hospital, pharmacy, physician or any other source of documentation. I agree to cooperate fully in providing any authorization for the release of records requested in the Program. I also authorize the foregoing persons to have access to my medical and other documentation available in any electronic depository through which Merck delivers medical records it collects by way of authorization or subpoena to counsel for plaintiffs in the VIOXX litigation.

**8.  ACKNOWLEDGEMENT OF COMPREHENSION; NO GUARANTEE OF PAYMENT. I AM ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, MERCK OR ANY OTHER PERSON. I UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THE SECOND PARAGRAPH OF THIS RELEASE. I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AND THE AGREEMENT, AND I HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM. I FURTHER ACKNOWLEDGE THAT I HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL TO ME EXECUTING A "CERTIFICATION OF COUNSEL" ATTACHED TO THIS RELEASE, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION. I FURTHER ACKNOWLEDGE THAT I UNDERSTAND THIS RELEASE AND THE AGREEMENT AND THAT THERE IS NO GUARANTEE THAT I WILL RECEIVE ANY SETTLEMENT PAYMENT OR, IF ANY SETTLEMENT PAYMENT IS MADE, THE AMOUNT THEREOF.**

9.  **Waiver of Certain Provisions Regarding Timing of Any Payments.** If I have any civil action pending in any jurisdiction that has enacted, promulgated or otherwise adopted any Law containing provisions that establish specific time periods within which settlement funds, if any, must be paid to me in connection with the settlement of such civil action and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such civil action (including, but not limited to, Pennsylvania Rule of Civil Procedure 229.1), I hereby (i) specifically and expressly waive (to the fullest extent permitted by applicable Law) my rights under any such provisions and (ii) agree that payment of any Settlement Payment shall be made solely in accordance with the terms and conditions of the Program.

10.  **No Admission of Fault.** I understand and agree that Merck has entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall



Williams, William          1088374
435

not be construed at any time to be, an admission of liability, responsibility or fault of or by Merck or any other Released Party.

   11. **Representations and Warranties.**  I hereby represent and warrant that: I have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Except as set forth in the second sentence under "Attorneys' Fees; Division of Any Settlement Payment" above, I have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program.  Neither I nor any other Releasing Party has sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

   12. **GOVERNING LAW.  THIS RELEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF NEW YORK, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.**

   13. **Severability.**  I agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified.  Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication was made and shall not affect such provision in any other jurisdiction.  To the fullest extent permitted by applicable Law, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

   14. **Legal Representatives.**  If I am signing this Release as a legal representative of a VIOXX user, then (i) all references in this Release to my use of, or injury from, VIOXX shall also mean the use of, or injury from, VIOXX by or of such VIOXX user, all references in this Release to any person claiming by, through or under, or in relation to, me shall also mean any person claiming by, through or under, or in relation to, such VIOXX user, and all references to me in the definition of Derivative Claimant shall also mean such VIOXX user, (ii) if such VIOXX user is not deceased, he or she shall also be a "Releasing Party", (iii) if such VIOXX user is deceased, I am executing this Release both individually and on behalf of the estate of such VIOXX user, and (iv) prior to the first time, if any, that a Settlement Payment is made to me, I will obtain judicial approval of this Release to the extent required under applicable Law.

[The remainder of this page is intentionally left blank.]

**ATTACHMENT 1 TO RELEASE OF ALL CLAIMS**

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

**RELEASER:**

By _Betty C Britain_

Name: Betty C Britain
Title: Designated Representative
Social Security No.:
Dated: _01-24-2009_

## NOTARIZATION OF RELEASER'S SIGNATURE

STATE OF _Ohio_, COUNTY OF _MONTGOMERY_ SS.:

I hereby certify that on _Jan. 24_, 200_9_, _Betty C. BRITAIN_

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his or

her act and deed.

_Linda J. Longo_

Notary Public of the State of _Ohio_

_my commission expires July 12, 2010_

**CERTIFICATION OF COUNSEL**

**(COUNSEL FOR RELEASOR)**

I, _Daniel Becnel_, hereby represent and declare that _Betty Brittain_ ("Releasor") has at all relevant times been represented by the undersigned counsel. I have provided Releasor a copy of the Release to which this Certification of Counsel is attached and have made available to Releasor a copy of the Settlement Agreement referred to in the Release (which copies include all attachments). I discussed with Releasor the terms and legal effect of all of the foregoing documents and Releasor's decision to enroll to participate in the Program (as defined in the Release), and I answered any and all questions Releasor may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Releasor does not have, and I do not have, any objection to the terms of this Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality" section in this Release and my joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and Other Third-Party Payor Claims".

**BY COUNSEL FOR RELEASOR:**

By _[signature]_

Name: _Daniel Becnel_

Title: _Attorney_

Dated: _1-27-09_

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

RELEASOR:

By _Betty C. Dicterini_

Name: Betty C Britain

Title:   Estate Successor

Social Security No.: 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

Dated:   01-2 4 2009

## NOTARIZATION OF RELEASOR'S SIGNATURE

STATE OF __Ohio__, COUNTY OF __MONTGOMERY__ SS.:

I hereby certify that on ____Jan 24____, 200 9, Betty C. BRITAIN

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document, and (b) signed, sealed and deliver this document as his or

her act and deed.

_NOTARIAL SEAL_
_STATE OF OHIO_

Linda J. Longo

_Linda J. Longo_

Notary Public of the State of __Ohio__

my Commission expires
July 12, 2010

## CERTIFICATION OF COUNSEL

### (COUNSEL FOR DERIVATIVE CLAIMANT)

I, _Daniel Becnel_, hereby represent and declare that _Betty Britain_ ("Derivative Claimant") has at all relevant times been represented by the undersigned counsel. I have provided Derivative Claimant a copy of the Release to which this Certification of Counsel is attached and have made available to Derivative Claimant a copy of the Settlement Agreement referred to in the Release (which copies include all attachments). I have discussed with Derivative Claimant the terms and legal effect of all of the foregoing documents and I answered any and all questions Derivative Claimant may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Derivative Claimant does not have, and I do not have, any objection to the terms of this Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality" section of this Release and my joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and Other Third-Party Payor Claims".

BY COUNSEL FOR DERIVATIVE CLAIMANT:

By _____

Name: _Daniel Becnel_

Title: _1-27-09_

Dated: _Attorney_

# BECNEL LAW FIRM, LLC

ATTORNEYS AND COUNSELORS AT LAW

NOTARIES PUBLIC

DANIEL E. BECNEL, JR.*
DANIEL E. BECNEL, III*
DARRYL J. BECNEL
MATTHEW B. MORELAND
KEVIN P. KLIBERT
SALVADORE CHRISTINA, JR.
WILLIAM A. PERCY, III
JUANITA R. MARINO
CHRISTOPHER D. BECNEL
KATHRYN W. BECNEL*
KELLY M. MORTON
*Of Counsel:*
JUDGE RUCHE J. MARINO (RETIRED)
   *Also Admitted in Colorado*

*Please Reply To:*
☑ 106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084
(985) 536-1186
(985) 536-7904
FAX (985) 536-6445
E-MAIL: dbecnel@becnellaw.com
www.becnellaw.com

☐ 425 WEST AIRLINE HIGHWAY
SUITE B
LAPLACE, LOUISIANA 70068
(985) 651-6101
(985) 652-3643
(985) 652-3668
FAX (985) 651-6104
E-MAIL: becket@becnellaw.com

Kay K. Serven
   *Office Administrator*
Susan B. Williams
   *Nurse*

March 5, 2009

Scott Monroe
Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209

VIA Federal Express:

   RE:   Enrollment Corrections

Dear Mr. Monroe,

Please find enclosed the V2031 forms for William Williams (1088374) and Cindia Ratliff
(1088356) and the release signature pages for Belita Burchett (1108618).

   Sincerely,

   Salvadore Christina, Jr.

| V2031 | REPRESENTATIVE CLAIMANT OF VIOXX USER |
|---|---|

### A. VIOXX USER CLAIMANT
(All Claimants complete this Section)

| Name | First<br>William | MI | Last<br>Williams |
|---|---|---|---|

| SSN | 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 | **VCN** | 1088374 |
|---|---|---|---|

| Date of Birth | 8 / 19 / 1915<br>(month) (day)   (year) | Date of Death | 4 / 7 / 2004<br>(month) (day)   (year) | **Was death caused by Vioxx use?**<br>☐ Yes    ☒ No |
|---|---|---|---|---|

| State/Territory/Country of Domicile of Vioxx User Claimant at Time of Death | Florida |
|---|---|

| Spouse of the Vioxx User Claimant | Was the Vioxx User Claimant survived by a spouse at the time of death? ☐ Yes ☒ No<br>If Yes, provide the following information on the surviving spouse: | | |
|---|---|---|---|
| | **Name** | First | MI | Last |
| | **SSN** | | Is the Spouse now deceased? ☐ Yes ☐ No |

### B. TESTATE VIOXX USER CLAIMANT
(Testate Claimants complete this Section)

☐ The Vioxx User Claimant had a valid Will at the time of death. **NOTE:** If the Claimant had no valid Will, complete Section C of this Form.

☐ A copy of the Will is submitted with this Form. **NOTE:** Fill out the remainder of Section B of this Form. If the person named in the Will as the Personal Representative, Administrator, or Executor is not serving, then provide this information on the person serving.

| Name of Personal Representative, Administrator, or Executor | First Name | MI | Last Name |
|---|---|---|---|

| Address | Street/P.O. Box | | |
|---|---|---|---|
| | City | State | Zip |

| Relationship to Vioxx User Claimant | ☐ Spouse    ☐ Parent    ☐ Child    ☐ Sibling<br>☐ Administrator    ☐ Executor    ☐ Other _____ (specify) |
|---|---|

| Status of the Will | ☐ This Will was submitted for probate proceedings. **NOTE:** If a Personal Representative, Administrator, or Executor has been appointed, submit a copy of such appointment document along with this Form. |
|---|---|
| | ☐ This Will has not been submitted for probate proceedings. |

| C. INTESTATE VIOXX USER CLAIMANT | |
|---|---|
| (Intestate Claimants complete this Section) | |

| ☒ | The Vioxx User Claimant had no valid Will at the time of death. |
|---|---|

| **Personal Representative** | ☐ A Personal Representative has been appointed for the estate of the Vioxx User Claimant. **NOTE:** If a Personal Representative has been appointed, submit a copy of such appointment document along with this Form. |
|---|---|
| | ☐ Estate proceedings have been filed but no Personal Representative has been appointed for the estate of the Vioxx User Claimant. |
| | ☒ No Personal Representative has been appointed for the estate of the Vioxx User Claimant and no estate proceedings have been filed. |

| **Intestate Succession** | Identify the state, territory or country whose laws of Intestate Succession apply to the Estate of the Vioxx User Claimant: | Florida |
|---|---|---|

If there was no surviving spouse at the time of the Vioxx User Claimant's death, or if under applicable law the surviving spouse is not the first to succeed to the estate, identify the person(s) who are the next to succeed. (Attach additional sheets if necessary):

| **Name** | First  Betty | MI | Last  Britian |
|---|---|---|---|

| **SSN** | 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 | **Date of Birth** | __ / __ / ____  (month) (day)  (year) |
|---|---|---|---|

| **Relationship to Vioxx User Claimant** | ☐ Spouse  ☐ Parent  ☐ Child  ☐ Sibling  ☐ Administrator  ☐ Executor  ☒ Other _Niece/Next of Kin_ (specify) |
|---|---|

| D. CERTIFICATION | |
|---|---|
| (All Claimants complete this Section) | |

| ☒ | I am counsel for the Vioxx User Claimant. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |
|---|---|
| ☐ | The Vioxx User Claimant is not represented by counsel. I am authorized to complete this form on behalf of the Vioxx User Claimant and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |

| **Signature** | _(signature)_ | **Date** | 3 / 5 / 09  (month) (day) (year) |
|---|---|---|---|

| **Name** | First  Daniel | MI  E | Last  Becnel, Jr |
|---|---|---|---|

| **Address** | Street/P.O. Box  P.O. Drawer H | | |
|---|---|---|---|
| | City  Reserve | State  LA | Zip  70084 |