UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| Plaintiff, Mary Frances McGee, listed | * | MAGISTRATE JUDGE |
| On Document 18049-3, No. 29-31 | * | KNOWLES |

*************************************************************************

### PLAINTIFFS MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET

Plaintiff Mary Frances McGee's counsel and her attorney Kathryn Harrington were named in Exhibits B of this Court's recent Order to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met. Plaintiff responds as follows:

1. Mary Frances McGee is deceased, having passed away on 12/1/2005. Mrs. McGee, on behalf of her family, was registered for the Vioxx Settlement (VCN 1067018).

2. Attorney, Kathryn Harrington, in accordance with local laws of the State of Mississippi had to petition the Chancery Court of Washington County Mississippi to appoint a representative for the estate of Mrs. McGee due to intestate laws. The Petition for Appointment of Administrator was filed on May 24th 2007. The Letters of Administrator were issued on June 4th 2007. Cause No. 0700639. See Exhibit A.

3. Due to issues relating to bonding requirements which excluded the living heirs from qualifying, attorney Kathryn Harrington was compelled to follow local

custom and allow the Chancery Clerk of Washington County, Mississippi, Marilyn Hansell to be appointed as administrator.

4. Since the time for enrollment began, attorney Kathryn Harrington has attempted numerous times to get the Administrator, Marilyn Hansell to sign and execute the proper release as required by the Vioxx settlement agreement. Attached as Exhibit B is one of those letters sent on October 21, 2008.

5. Marilyn Hansell, the administrator of the estate of Mary Frances McGee has refused to sign and execute the required release against the desires of the living heirs.  Mrs. Hansell has inaccurately stated that she could not sign the release without court approval.  See Exhibit C.

6. Kathryn Harrington has had multiple discussions with the administrator via telephone, email and correspondence attempting to give the administrator any needed information she may require in order to quell her flawed refusal to sign the release.  Furthermore, Kathryn Harrington has had multiple conversations with the Chancery Court Judge Marie Wilson who has assured Mrs. Harrington that there is no such state law requiring Judge Wilson to order a properly appointed administrator to perform her appointed duties.

7. Upon Mrs. Hansell's insistence Kathryn Harrington drafted a petition and order explicitly detailing the requirements of the settlement agreement and requesting Chancery Judge Marie Wilson to order Mrs. Hansell to sign the required release on March 4 2009 after learning of the new deadline requiring the release to be secured by March 6, 2009.  Judge Wilson re-affirmed her position that no such order is required by the laws of the State of Mississippi.  Marilyn Hansell

remained defiant in her refusal to execute the release. See attached petition Exhibit D.

8. Mrs. Hansell remained defiantly steadfast in her refusal to sign the release against Kathryn Harrington and the living heirs of Mary Frances McGee's request. Furthermore, Mrs. Hansell remained defiant in her belief that Judge Marie Wilson would have to order her to sign the release even after multiple conversations informing Mrs. Hansell of Judge Wilson's assurances that no such order is required.

9. On March 27, 2009, Defendant Merck & Co., Inc's Order to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met was granted by the Honorable Judge Eldon E. Fallon. Again Mrs. Harrington attempted to secure the release from the Administrator Marilyn Hansell. Mrs. Harrington further sent to Mrs. Hansell on March 31, 2009, a copy of the Order to Show Cause to Marilyn Hansell, the court appointed administrator of the estate of Mary Frances McGee informing her that her presence would be required along with that of Mrs. Harrington in New Orleans on April 15th 2009 if the release was not returned prior to that date. See attached Exhibit E.

10. On March 27, 2009, at the insistence of Mrs. Harrington, the Chancery Judge of Washington County, Mississippi, Marie Wilson granted an Order to Show Cause requesting the administrator, Marilyn Hansell to appear before her on April 1, 2009. See attached Exhibit F.

11. In response to both Orders to Show Cause, Marilyn Hansell, further prejudiced the estate of Mary Frances McGee by requesting a Motion to Withdraw as

> Administrator of the Estate of Mary Frances McGee some twenty-one months since her appointment and having performed none of her appointed duties. See Exhibit G.

12. On April 1, 2009 a hearing was conducted via conference call with Chancery Court Judge Marie Wilson, administrator Marilyn Hansell and attorney Kathryn Harrington.  At the conclusion of the hearing Judge Wilson granted Mrs. Harrington's order requiring Mrs. Hansell to sign and execute the release. Further, Judge Wilson granted Mrs. Hansell's order allowing her to withdraw as the appointed administrator.

13. As of April 8, 2009, attorney Kathryn Harrington has not received the executed release as required by Chancery Court Judge Wilson.  Furthermore, as a result of Judge Wilson's granting Marilyn Hansell's withdrawal of administration, Kathryn Harrington will be compelled to appear on April 15th 2009 at 9:00 a.m. in front of the Honorable Judge Eldon E. Fallon, while the administrator for twenty-one months will be excused to appear as she is now no longer the representative of the estate.  Mrs. Marilyn Hansell has been the sole reason for attorney Kathryn Harrington and the heirs of Mary Frances McGee failing to meet the enrollment deadline.

Pursuant to the Washington County, Mississippi Chancery Court Judge Marie Wilson's order requiring the former administrator to execute the release as a final performance of her duties, plaintiff's counsel is awaiting the executed release in order to cure this deficiency.  Plaintiff's counsel will continue to maintain contact with the

Chancery Court in overseeing this matters completion and at this time fully expects to produce the release timely.

Accordingly, the plaintiff and her counsel, Kathryn Harrington has demonstrated that they are making a good faith effort to cure the deficiency for Mary Frances McGee.  As a result, plaintiff's attorney should not be required to show up for the show cause hearing set April 15th, 2009 before Judge Fallon. .

Respectfully submitted, this 8th day of April, 2009.

Respectfully submitted,

/s/ Kathryn S. Harrington_____
Kathryn S. Harrington, Sum 002
Hollis, Wright & Harrington
505 North 20th Street, Suite 1500
Birmingham, Al 35203
Tel: 205-324-3600/ Fax 205-324-3636
kharrington@hollis-wright.com
Counsel for Plaintiffs

**CERTIFICATION OF SERVICE**

       I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657.

       /s/ Kathryn S. Harrington
Kathryn S. Harrington, Sum 002
Hollis, Wright & Harrington
505 North 20th Street
Financial Center, Suite 1500
Birmingham, Al 35203
Tel: 205-324-3600/ Fax 205-324-3636
kharrington@hollis-wright.com
Counsel for Plaintiffs