# EXHIBIT A

IN THE CHANCERY COURT OF WASHINGTON COUNTY, MISSISSIPPI

IN RE:        ESTATE OF MARY FRANCES MCGEE,
              DECEASED

                                    CAUSE NO. 0700639

MARILYN HANSELL, CHANCERY CLERK OF WASHINGTON COUNTY,
                        PETITIONER

                    LETTERS OF ADMINISTRATOR

STATE OF MISSISSIPPI

COUNTY OF WASHINGTON

        WHEREAS, MARILYN HANSELL, Chancery Clerk of Washington County, was on

the _____ day of May, June 2007, appointed by this Court as Administrator of the estate of MARY

FRANCES MCGEE, deceased; and

        WHEREAS, MARILYN HANSELL, Chancery Clerk of Washington County, has

executed the Oath of Administrator and posted bond as required by this Court;

        WE, therefore, by these Letters authorize MARILYN HANSELL, Chancery Clerk of

Washington County, as Administrator aforesaid, to discharge all the duties required of him by

law and by order of this Court.

        WITNESS the signature of the Chancery Court of Washington County, Mississippi, on

this 4th day of May, June 2007, the seal of the Court affixed hereto.

        ISSUED, this the 4th day of June, 2007.



                        MARILYN HANSELL,
                        CHANCERY CLERK OF WASHINGTON COUNTY
                        BY:



STATE OF MISSISSIPPI
COUNTY OF WASHINGTON

I, Marilyn Hansell, Clerk of the **Chancery Court in and for** said
County and State hereby **certify that the within and foregoing**
instrument is a true and correct copy of *Letters*
*of Administration*
as the same appears on file and of record in *Probate*
Book _____ 26 _____ Page _____ 517 _____
of the records in my office. at Greenville, Miss.

Witness my hand and official seal. this _____ 4th _____ day of
_____ June _____ A.D., _____ 07 _____

Marilyn Hansell
Clerk of Chancery Court of Washington County, Miss.

By _____ D.C.

# EXHIBIT B

# HOLLIS, WRIGHT, & HARRINGTON P.C.

ATTORNEYS AT LAW
FINANCIAL CENTER
505 NORTH 20TH STREET
SUITE 1500
BIRMINGHAM, ALABAMA 35203
(205) 324-3600
TOLL FREE (877) 324-3636

L. ANDREW HOLLIS, JR.
JOSH J. WRIGHT
KATHRYN S. HARRINGTON
STEVEN W. COUCH ***
JOSHUA FIRTH
GREG FOSTER

*** ALSO ADMITTED TO MISSISSIPPI BAR

October 21, 2008

**VIA CERTIFIED MAIL**
Washington County Courthouse
Attn: Marilyn Hansell obo
Mary Frances McGee
900 Washington Avenue, Rm. 2
Greenville, MS 38701



Re: Vioxx Settlement – Estate of Mary Frances McGee

Dear Marilyn:

    Enclosed please find a release of all claims that has to be signed by the administrator of the estate of Mary Frances McGee. It is imperative that we get this back as soon as possible.

    For your convenience, I have included a self-addressed federal express envelope for you to forward this release back to us. If you should have any questions, please do not hesitate to contact me immediately.

Sincerely,

Alana S. Pickett
Assistant to Kathryn S. Harrington

/asp

| CAP 2008-1 RELEASE OF ALL CLAIMS |
|---|

| CLAIMANT | | | |
|---|---|---|---|
| Name | First<br>Mary Frances | Middle | Last<br>McGee |
| Address | Street<br>1019 N. Broadway St. | | |
| | City<br>Greenville | State<br>Mississippi | Zip<br>38701 |
| Social Security Number | 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 | Date | 10 / 17 / 2008<br>(month)  (day)   (year) |

| | CLAIMANT'S COUNSEL |
|---|---|
| Law Firm | Hollis, Wright & Harrington |

## RELEASE OF ALL CLAIMS

I, the undersigned Releasor, am a plaintiff or tolling agreement claimant in the Merck & Co., Inc., a New Jersey corporation ("Merck"), Products Liability Litigation. I have enrolled to participate in the program (the "Program") set forth in the Settlement Agreement (the "Agreement") dated as of November 9, 2007. I understand that the terms of the Agreement govern the resolution of my claim. I further understand that, in order to submit my claim into the Program under the Agreement, I am required to submit a release of any and all claims I and the other Releasing Parties (as defined under "Releases" below) have, or may have in the future, against the Released Parties (as defined under "Releases" below) concerning and/or connected with VIOXX (sometimes referred to as "Vioxx" or "rofecoxib") ("VIOXX") and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part.

Accordingly, in consideration for Merck's agreement to establish the Program, the significant expenses being incurred by Merck in connection with the Program, Merck's waiver of defenses (except as reflected in the Program criteria themselves) solely in the context of the application of the Program, and the opportunity to submit my claim into the Program, I hereby give and make the following releases, waivers, acknowledgements and agreements for the benefit of the Released Parties (this "Release"). This Release is also entered into by any Derivative Claimant (as defined under "Releases" below) who executes a signature page hereto, in which case the agreement of such Derivative Claimant set forth on its signature page is incorporated in, and is part of, this Release. By signing this Release, both I and any such Derivative Claimant understand and acknowledge that there is no assurance as to the amount, if any, of payment to be made to any claimant under the Program, and this fact shall in no way affect the validity or effect of this Release.

1. **Releases.**

(a) On my own behalf and on behalf of each other Releasing Party, I hereby knowingly and voluntarily release, remise, acquit and forever discharge the Released Parties from (i) any and all rights, remedies, actions, claims, demands, causes of action, suits at law or in equity, verdicts, suits of judgments and/or Liens (as defined under "Liens and Other Third-Party Payor Claims" below), of any kind whatsoever ("Claims"), which I or any other Releasing Party may have ever had, may now have or at any time hereafter may have against any Released Party and (ii) any and all debts, liabilities, obligations, covenants, promises, contracts, agreements and/or obligations, of any kind whatsoever ("Liabilities"), which any Released Party may have ever had, may now have or at any time hereafter may have to me or any other Releasing Party, in the case of clause (i) and clause (ii), to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part. These Claims and Liabilities are the "Released Claims and Liabilities".

(b) The term "Released Parties" means all the parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, including, but not limited to, Merck, all named defendants in any pending action concerning VIOXX and/or any such injury to

which I am (and/or any other Releasing Party is) a party, and all those who may have acted in concert with Merck, together with their respective insurers. These parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, also include, but are not limited to, manufacturers; suppliers of materials; distributors; other persons involved in development, design, manufacture, formulation, testing, distribution, marketing, labeling, regulatory submissions, advertising and/or sale of any product; physicians, pharmacists and other healthcare providers; sales representatives; pharmacies, hospitals and other medical facilities; advertisers; manufacturers of other products that I used before, while or after taking VIOXX; the respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, and transferees of the parties referred to in this paragraph; and the respective past, present and/or future shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.

(c)  The term "Releasing Parties" means (i) myself and (ii) any and all persons who have or assert the right to sue Merck or any other Released Party, independently, derivatively or otherwise, by reason of their personal relationship with me, and/or otherwise by, through or under, or otherwise in relation to, me ("Derivative Claimants").  Derivative Claimants include, but are not limited to, my heirs, beneficiaries, surviving spouse (including, but not limited to, a putative or common law spouse), surviving domestic partner and/or next of kin, if any.

(d)  I acknowledge that I (and/or any other Releasing Party) may in the future learn of additional and/or different facts as they relate to VIOXX, the Released Parties' activities as they relate to VIOXX, and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part.  I understand and acknowledge the significance and consequences of releasing all of the Released Claims and Liabilities and hereby (on my own behalf and on behalf of each other Releasing Party) assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims and Liabilities that I (and/or any other Releasing Party) may hereinafter incur or discover.  To the extent that any law, statute, ordinance, rule, regulation, case or other legal provision or authority (each, a "Law") may at any time purport to preserve my and/or any other Releasing Party's right to hereinafter assert any such unknown and/or unanticipated Claims and/or Liabilities, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) each Releasing Party's rights under such Law.  I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having discussed it with such counsel to my satisfaction.

(e)  On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of each Released Party, and are intended to be as broad as can possibly be created.

(f) WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OR ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY MERCK, ANY OF THE OTHER RELEASED PARTIES, ANY RELEASING PARTY AND/OR ANY OTHER PERSON. THIS RELEASE IS SPECIFICALLY INTENDED TO AND DOES INCLUDE, BUT IS NOT LIMITED TO, A RELEASE OF, AND COVENANT NOT TO SUE FOR, ANY WRONGFUL DEATH CLAIM THAT MAY BE BROUGHT AT ANY TIME BY OR ON BEHALF OF ANY OF THE RELEASING PARTIES IN CONNECTION WITH ANY OF THE FACTS, EVENTS AND/OR INCIDENTS THAT GAVE RISE TO ANY OF THE RELEASED CLAIMS AND LIABILITIES.

2. **Attorneys' Fees; Division of Any Settlement Payment.** I understand that the Released Parties are not responsible for any attorneys' fees or costs I have incurred or may at any time incur, including, but not limited to, entering into this Release and any other documents. I understand that, with respect to any payment that may be made to me under the Program (a "Settlement Payment"), any division of such Settlement Payment between me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release shall be determined by me and such other person(s), and such division, or any dispute in relation to such division, shall in no way affect the validity of this Release.

3. **Pursuit of Certain Claims.** I agree that I will never (i) take any legal or other action to initiate, pursue or maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or my pending legal action against Merck.

4. **Liens and Other Third-Party Payor Claims.**

(a) I agree that prior to the first time, if any, that a Settlement Payment is made to me, I shall identify to Merck and to the Lien Resolution Administrator for the Program all governmental authorities that are Third Party Providers/Payors (as defined below) known to me to hold or assert any lien, pledge, charge, security interest, assignment, encumbrance, subrogation right, third-party interest or other adverse claim of any nature whatsoever ("Lien") pursuant to any applicable statute with respect to any Settlement Payment (and/or the right to receive such Settlement Payment), through procedures and protocols to be established by the Lien Resolution Administrator, subject to approval by the Claims Administrator for the Program.

(b)  A "Third Party Provider/Payor" is any provider or payor (public or private) of (i) health, hospital, medical, physician, healthcare and/or pharmaceutical services, products or expenses and/or (ii) any other form of compensation, including, but not limited to, federal and state governmental authorities (or other persons) providing Medicare and/or Medicaid services or benefits.

(c)  I understand and acknowledge that satisfaction and discharge of any and all Liens with respect to any Settlement Payment (and/or the right to receive any Settlement Payment) is the sole responsibility of me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release and must, in relation to all governmental authorities that are Third Party Providers/Payors who hold or assert any Liens pursuant to any applicable statute, be established to the satisfaction of the Claims Administrator and Merck before any Settlement Payment (if any) can be disbursed to me.

(d)  Prior to the first time, if any, that a Settlement Payment is made to me, I shall, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), represent and warrant that any and all Liens with respect to any and all Settlement Payments (and/or the right to receive any and all Settlement Payments) have been satisfied and discharged.  Furthermore, upon request to the Lien Resolution Administrator, Merck shall be entitled to proof of satisfaction and discharge of any or all such Liens pursuant to any applicable statute in relation to all governmental authorities that are Third Party Providers/Payors.

(e)  In addition to and without limitation of the foregoing, I hereby agree, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), to indemnify and hold harmless the Merck Released Parties (as defined below) from and against (i) any and all Claims made or asserted at any time against any Merck Released Party by (x) any Third Party Provider/Payor in relation to, (y) any person at any time holding or asserting any Lien in relation to and/or (z) any other person at any time claiming by, through or under, me or any Derivative Claimant executing this Release, with respect to any funding payment by or for the account of Merck under the Program and/or any Settlement Payment (and/or the right to receive any such Settlement Payment) and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(f)  The term "Merck Released Parties" means (i) Merck and (ii) all other Released Parties, past, present and/or future, in any way and/or any time related to Merck, including, but not limited to, Merck's past, present and/or future parents, subsidiaries, divisions, affiliates and joint venturers; the respective past, present and/or future predecessors, successors, assigns and transferees of the parties referred to in this paragraph; and the respective past, present and/or future insurers, shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.

5.   <u>Indemnification for Released Claims and Liabilities</u>.

(a)  I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b)  Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "<u>Non-Merck Released Party</u>") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c)  Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

6.   <u>Confidentiality</u>.  I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any),  except as may be required by applicable Law; <u>provided</u>, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information).  I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

7.   <u>Medical Documentation Authorization</u>.  I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special

Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee for the Program, all other persons provided for under the terms of the Agreement to consider claims, and their respective attorneys, agents, servants, employees and independent auditors and others deemed necessary by each to assist them, the medical or other documentation required for approval of an award under the Program along with any and all authorizations for the release of medical records required in my Enrollment Form under the Program or that may be required by a provider of such documentation, including, but not limited to, a specific authorization required by a particular hospital, pharmacy, physician or any other source of documentation. I agree to cooperate fully in providing any authorization for the release of records requested in the Program. I also authorize the foregoing persons to have access to my medical and other documentation available in any electronic depository through which Merck delivers medical records it collects by way of authorization or subpoena to counsel for plaintiffs in the VIOXX litigation.

8. **ACKNOWLEDGEMENT OF COMPREHENSION; NO GUARANTEE OF PAYMENT.** I AM ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, MERCK OR ANY OTHER PERSON. I UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THE SECOND PARAGRAPH OF THIS RELEASE. I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AND THE AGREEMENT, AND I HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM. I FURTHER ACKNOWLEDGE THAT I HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL TO ME EXECUTING A "CERTIFICATION OF COUNSEL" ATTACHED TO THIS RELEASE, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION. I FURTHER ACKNOWLEDGE THAT I UNDERSTAND THIS RELEASE AND THE AGREEMENT AND THAT THERE IS NO GUARANTEE THAT I WILL RECEIVE ANY SETTLEMENT PAYMENT OR, IF ANY SETTLEMENT PAYMENT IS MADE, THE AMOUNT THEREOF.

9. Waiver of Certain Provisions Regarding Timing of Any Payments. If I have any civil action pending in any jurisdiction that has enacted, promulgated or otherwise adopted any Law containing provisions that establish specific time periods within which settlement funds, if any, must be paid to me in connection with the settlement of such civil action and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such civil action (including, but not limited to, Pennsylvania Rule of Civil Procedure 229.1), I hereby (i) specifically and expressly waive (to the fullest extent permitted by applicable Law) my rights under any such provisions and (ii) agree that payment of any Settlement Payment shall be made solely in accordance with the terms and conditions of the Program.

10. No Admission of Fault. I understand and agree that Merck has entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall

not be construed at any time to be, an admission of liability, responsibility or fault of or by Merck or any other Released Party.

11. <u>Representations and Warranties</u>. I hereby represent and warrant that: I have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Except as set forth in the second sentence under "<u>Attorneys' Fees; Division of Any Settlement Payment</u>" above, I have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program. Neither I nor any other Releasing Party has sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

12. <u>GOVERNING LAW</u>. THIS RELEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF NEW YORK, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

13. <u>Severability</u>. I agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

14. <u>Legal Representatives</u>. If I am signing this Release as a legal representative of a VIOXX user, then (i) all references in this Release to my use of, or injury from, VIOXX shall also mean the use of, or injury from, VIOXX by or of such VIOXX user, all references in this Release to any person claiming by, through or under, or in relation to, me shall also mean any person claiming by, through or under, or in relation to, such VIOXX user, and all references to me in the definition of Derivative Claimant shall also mean such VIOXX user, (ii) if such VIOXX user is not deceased, he or she shall also be a "Releasing Party", (iii) if such VIOXX user is deceased, I am executing this Release both individually and on behalf of the estate of such VIOXX user, and (iv) prior to the first time, if any, that a Settlement Payment is made to me, I will obtain judicial approval of this Release to the extent required under applicable Law.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

RELEASOR:

By _____
Name:  Marilyn  Hansell
Title:   Estate Successor
Social Security No.:
Dated:_____

NOTARIZATION OF RELEASOR'S SIGNATURE

STATE OF _____, COUNTY OF _____                    SS.:

I hereby certify that on _____, 200__, _____

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his or

her act and deed.

_____
Notary Public of the State of _____

## CERTIFICATION OF COUNSEL

### (COUNSEL FOR RELEASOR)

I,_____, hereby represent and declare that
_____ ("Releasor") has at all relevant times been represented by the undersigned counsel.
I have provided Releasor a copy of the Release to which this Certification of Counsel is attached and
have made available to Releasor a copy of the Settlement Agreement referred to in the Release (which
copies include all attachments). I discussed with Releasor the terms and legal effect of all of the
foregoing documents and Releasor's decision to enroll to participate in the Program (as defined in the
Release), and I answered any and all questions Releasor may have had. I hereby certify that, having
had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the
foregoing documents, Releasor does not have, and I do not have, any objection to the terms of this
Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality"
section in this Release and my joint and several obligations to provide representations and warranties
regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and
Other Third-Party Payor Claims".

BY COUNSEL FOR RELEASOR:

By _____

Name: _____
Title: _____
Dated: _____

# EXHIBIT C



MARILYN HANSELL
CHANCERY CLERK
WASHINGTON COUNTY
900 WASHINGTON AVENUE
P. O. BOX 309
GREENVILLE, MS  38702-0309
TELEPHONE (662) 332-1595
FAX (662) 334-2725

November 24, 2008

<u>VIA FACSIMILE</u>

Kathryn S. Harrington, Esq.
Hollis, Wright, & Harrington P.C.
Attorneys At Law
Financial Center
505 North 20th Street
Suite 1500
Birmingham, Alabama  35203

Dear Ms. Harrington:

This will acknowledge receipt of your correspondence dated November 19, 2008 regarding the Vioxx Settlement - Estate of Mary Frances McGee.

As I indicated several weeks ago to your assistant, Alana Pickett, I will be not able to sign the release in question unless I am authorized by the court to do so.  Under Mississippi law, I cannot sign this release without court authorization.  I strongly recommend that you contact a local attorney to file a petition in the Washington County Chancery Court regarding this matter.

If you have any questions, please feel free to contact me at (662) 332-1595.

Sincerely,

*334- 2685 -*
*Maria Wilson*

Marilyn Hansell
Chancery Clerk

MH/jn

# EXHIBIT D

# HOLLIS, WRIGHT & HARRINGTON, P.C.

ATTORNEYS AT LAW

FINANCIAL CENTER

505 NORTH 20TH STREET, SUITE 1500

BIRMINGHAM, ALABAMA 35203

L. ANDREW HOLLIS, JR.*
JOSHUA J. WRIGHT
KATHRYN S. HARRINGTON
STEVEN W. COUCH**
JOSHUA L. FIRTH
GREG W. FOSTER

*NATIONAL BOARD CERTIFIED TRIAL ADVOCATE
**ALSO MEMBER MISSISSIPPI BAR

TELEPHONE (205) 324-3600
TOLL FREE (877) 324-3636
FACSIMILE (205) 324-3636
WWW.HOLLIS-WRIGHT.COM

March 4, 2009

The Honorable Marie Wilson
Chancery Judge
Chancery Court Washington county
899 Washington Ave P.O. Box 309
Greenville, Me 38702-0309

Re: The Estate of Francis McGee; Cause No 0700639

Dear Judge Wilson:

Attached please find a petition on behalf of the estate of Frances McGee. I have also included a proposed order for your consideration.

Respectfully,

HOLLIS, WRIGHT & HARRINGTON, P.C.

STEVEN W. COUCH

SWC

## IN THE CHANACERY COURT OF WASHINGTON COUNTY, MISSISSIPPI

**IN RE: Estate of Mary Frances McGee, Deceased**

**Cause No 0700639**

### PETITION TO HAVE ADMINISTRATOR SIGN RELEASE

Comes now Petitioner Anthony McGee by and through his undersigned attorneys and hereby petitions this honorable court as follows:

1. Anthony McGee is the son and an heir of the Estate of Francis McGee. Marilyn Hansell is the duly appointed administrator of the estate. A copy of which is attached to this Petition as Exhibit 1.

2. The estate of Frances McGee has a claim pending against defendant Merck & Co. Inc as a result of her use of the drug Vioxx. The pending litigation is a multi district litigation claim currently before a federal multi district litigation court which is venued in the United States District Court for the Eastern District of Louisiana In Re VIOXX PRODUCTS LIABILITY LITIGATION 2;05-MD-01657. The litigation is currently the subject of global settlement agreement which has been approved by and is under the supervision of the multi district litigation Judge, Honorable Eldon Fallon.

3. As part of the settlement proceedings, the multi district litigation court has approved a global settlement procedure. This procedure requires that, in order for a claimant to participate in the settlement program, the claimant must sign a release of liability. This release is not predicated on an award of settlement but according to the terms and conditions of the settlement parameters must be signed without knowledge of if the claimant will be determined to be eligible to participate or if so determined the amount the claimant may be awarded in the settlement. The terms of the agreement do allow that should the participate be determined to be ineligible for a settlement award that he/she may petition for return of the release and allowed to advance heir/her claim to a standard litigation track. (See attached settlement terms re release and conditions of return of release attached as Exhibit 2). In accordance with these provision, if after the release is signed and returned to the settlement authority it is determined that the claimant does not qualify to participated in the settlement based upon the criteria approved by the court, upon petition to the court the release will be returned to the claimant and the claimant will be allowed to proceed with litigation but with certain restrictions. The pertinent part of the settlement agreement states as follows:

Section 1.2. Enrollment

1.2.2   As part of enrollment, each Eligible Claimant will be required to execute a Release, in the form of Exhibit 1.2.2.3 (a "<u>Release</u>"), to (without limitation) release, and indemnify and hold harmless, each Released Party according to the terms set forth therein.

1.2.3   Submission of an Enrollment Form is irrevocable. No Program Claimant (or related Derivative Claimant specified in Section 1.2.2) may under any circumstances or reason withdraw an Enrollment Form, request the return of his Release or Dismissal With Prejudice Stipulation (other than as specified in Section 2.7.3.1), or otherwise unilaterally exit the Program.

Section 2.7 <u>Resolution</u>

2.7.3   If (i) an Enrolled Program Claimant receives a notice from the Claims Administrator pursuant to Section 2.5.6. (Section 2.5.6 relates to Enrolled Program Claimants who were, based on a review of their records, deemed not to have qualified) and (ii) such Enrolled Program Claimant does not make an appeal to the Special Master pursuant to Section 2.6, such Enrolled Program Claimant must determine whether to execute and deliver to the Claims Administrator (for Merck) a Future Evidence Stipulation in the form of Exhibit 2.7.3 (the '<u>Future Evidence Stipulation</u>")

2.7.3.1   If such Enrolled Program Claimant executes and delivers a Future Evidence Stipulation to the Claims Administrator within thirty (30) days of delivery to such Enrolled Program Claimant or its Counsel of the Claims Administrator notice described in Section 2.5.6, then such Enrolled Program Claimant's Release and Dismissal With Prejudice Stipulation shall, be subject to Section 7.2, be returned to such Enrolled Program Claimant.

Section 7.2 <u>Tolling</u>

Without limitation of Section 7.1, in order to avoid the necessity of filing or pursuing a Vioxx-related claim, Merck hereby agrees, with the respect to each Enrolled Program Claimant who is a party to a Tolling Agreement (but not any other Tolling Agreement Party) and who exits the Program under circumstances such that his Release is returned to him, to toll, for 60 days following such exit, the running of any applicable statue of limitations that otherwise may apply to the EC Claim or such Enrolled Program Claimant. If such Enrolled Program Claimant does not, within such 60-day period file a complaint against Merck with respect to the EC Claim of such Enrolled Program Claimant, then the Claims Administrator shall deliver the Enrolled Program Claimant's Dismissal With Prejudice Stipulation and Release to Merck (and, without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding). All Tolling Agreements heretofore entered into between an Enrolled Program Claimant and Merck are otherwise terminated and superseded by this Agreement, except as provided above.

4. The attorneys in the law firm of petitioner's attorney are experienced mass tort attorneys. They have represented numerous Vioxx claimants since the inception of the litigation and are familiar with the terms and conditions of the settlement and the pros and cons of participation in the settlement.

5. After a review of the claims of the Estate of Francis McGee, petitioner's attorneys have advised that it is in the best interest of the estate to request participation in the settlement. All elements of the request for participation have been met except the release has not been signed by the administrator pending the requirement for an order from the Chancery Court.

6. WHEREFORE: The petitioner, Anthony McGee, by and through his attorneys and the attorneys for the estate of Ms McGee respectfully request the court order the administrator to sign the release a copy of which is attached to this petition as Exhibit 3.

Respectfully Submitted,

Steven W. Couch,
Mississippi Bar # 101408

Of Counsel:
Hollis, Wright & Harrington, P.C.
1500 North 20th Street, Suite 1500
Birmingham, Alabama 35203

TEL. 205-324-3600

FAX 205-324-3636

## IN THE CHANCERY COURT OF WASHINGTON COUNTY, MISSISSIPPI

IN RE:  ESTATE OF MARY FRANCES MCGEE – DECEASED

CAUSE NO.: 0700639

### ORDER

Comes now the court in the above styled matter and hereby directs Marilyn Hansell, the Administrator of the Estate of Mary Frances McGee, to sign the attached release regarding the Vioxx litigation referenced in the petition filed by an heir, to the estate Anthony McGee and the attorneys for the estate.

Done and ordered the _____ day of _____ 2009.


_____
Marie Wilson
Chancery Court judge

# EXHIBIT E

L. ANDREW HOLLIS, JR.
JOSH J. WRIGHT
KATHRYN S. HARRINGTON
STEVEN W. COUCH ***
JOSHUA FIRTH
GREG FOSTER

*** ALSO ADMITTED TO MISSISSIPPI B

# HOLLIS, WRIGHT, & HARRINGTON P.C.

ATTORNEYS AT LAW
FINANCIAL CENTER
505 NORTH 20TH STREET
SUITE 1500
BIRMINGHAM, ALABAMA 35203
(205) 324-3600
TOLL FREE (877) 324-3636

March 31, 2009

<u>VIA FACSIMILE & U.S. MAIL</u>
Marilyn Hansell
Chancery Clerk Washington County
P.O. Box 309
Greenville, MS 38702-0309

RE: Order to Show Cause; In re: Estate of Mary Frances McGee

Dear Mrs. Hansell:

The attached order requires the plaintiff to appear in New Orleans and show cause to the federal judge why the release has not been signed. You as the Administrator of the Estate of Mary Frances McGee are the plaintiff. As per District Court's order, if the release is signed and submitted to the court on or before April 13th 2009 you will not have to appear.

Sincerely,

Kathryn S. Harrington
Hollis, Wright, & Harrington, P.C.

KSH/bjb

# EXHIBIT F

## IN THE CHANCERY COURT OF WASHINGTON COUNTY, MISSISSIPPI

IN RE: ESTATE OF
MARY FRANCES MCGEE, DECEASED               CAUSE NO. 0700639

### ORDER TO SHOW CAUSE

**THIS CAUSE** having come before the court on the Petition to Have Administrator Sign Release filed by Petitioner Anthony McGee, and the Court having reviewed the pleadings in the above captioned matter, finds that it has jurisdiction of the parties and the subject matter herein. The Court further finds:

1.     That the Washington County Chancery Court appointed Marilyn Hansell, Chancery Clerk of Washington County, Mississippi administrator of the Estate of Mary Frances McGee, Deceased on June 4, 2007.

2.     That the court is advised that the estate of the decedent, being represented by Katherine Harrington, Esq., is part of a class presently involved in litigation against Merck & Co. Inc. as a result of the decedent's use of the drug Vioxx. As part of the global settlement procedure in this class action, a claimant must sign a release of liability in order to participate in the settlement program.

3.     That the court is further advised by Katherine Herrington, Attorney for the estate, that time is of the essence regarding inclusion in the pending class action litigation. Further that Marilyn Hansell's refusal to sign the release of liability precludes the estate from participation in the pending class action litigation and jeopardizes the potential of significant funds being awarded to the decedent's estate.

FILED   3-27-09
MARILYN HANSELL
CHANCERY CLERK
BY   B Holmes   D.C.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Marilyn Hansell, administrator for the Estate of Mary Frances McGee, Deceased is hereby directed to personally appear before the Court at 10:00 a.m. on Wednesday, April 1, 2009, to show cause why a release in the aforementioned class action litigation should not be signed by the administrator of the estate.

SO ORDERED, ADJUDGED, AND DECREED this the 27th day of March, 2009.

_____
CHANCELLOR

# EXHIBIT G

MAR-31-2009  15:58        WASH.CO.CHANCERY COURT              662 334 2782      P.02

IN THE CHANCERY COURT OF WASHINGTON COUNTY, MISSISSIPPI

IN RE: ESTATE OF
MARY FRANCES MCGEE, DECEASED                    CAUSE NO. 0700639

## MOTION TO WITHDRAW AS ADMINISTRATOR

COMES NOW Marilyn Hansell, Administrator, in the above styled and numbered

cause, and move the Court for authority to withdraw as Administrator in the Estate of

Mary Frances McGee and request that the Court appoint a family member or a local

attorney as Administrator, and in support would show the following:

1.

The Estate was filed on May 24, 2007 requesting that the undersigned be

appointed as Administrator by the law firm of Hollis, Wright & Harrington, P.C. of

Birmingham, Alabama.

2.

At the time of this appointment, said firm represented and had retainer agreements

with Anthony McGee and, upon information and belief, the remaining heirs of the estate

of Mary Frances McGee, deceased.

3.

That based upon the execution of said documents, the family members were and

are qualified to serve as Administrators.  Further, the law firm does not have a retainer

with the Administrator authorizing her to act on behalf of the estate.

FILED _____ 3/6/9
MARILYN HANSELL
CHANCERY CLERK
BY _____ D.C.

4.

That subsequent to the appointment, counsel representing the estate and litigating the Vioxx claim has refused to provide the Administrator with necessary information to enable her to make an informed decision on the issue of settlement.

5.

That counsel presented the undersigned with a Release without providing information as to how it arrived at the amount to be paid to the McGee beneficiaries or whether it's in the best interest of the estate.

6.

That the undersigned contends that she is court appointed and this Court should require the counsel to make full disclosure to the Administrator and Court in accordance with law and to require them to bring the beneficiaries into Court and show cause why the settlement of the estate claim should be approved.

7.

That the undersigned has received numerous complaints from the beneficiaries questioning the handling of the Vioxx claim and the Administrator does not believe she should be held accountable to the Court nor to the beneficiaries without all these facts being known to the Court.

8.

As a result, the undersigned Administrator respectfully requests that she be allowed to withdraw.

WHEREFORE, the undersigned Administrator requests that she be authorized to withdraw.

RESPECTFULLY SUBMITTED, this the _3/st_ day of March, 2009.

_Marilyn Hansell_

Marilyn Hansell, Chancery Court
Clerk

## CERTIFICATE OF SERVICE

I, Marilyn Hansell, Chancery Court Clerk, do hereby certify that I have this date

forwarded via regular U.S. Mail, postage prepaid, a true and correct copy of the forgoing

Motion to Withdraw to Honorable Kathryn S. Harrington, 505 North 20th Street, Suite

1500, Birmingham, Alabama 35203, attorney for the estate herein.

This the _3/st_ day of March, 2009.

_Marilyn Hansell_

Marilyn Hansell