Danny Bell #K-68611
.F.S.P.    S-AB2-40
P.O. Box 950
Folsom, CA 95763

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   APR - 2 2009  WP

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: VIOXX®

Products Liability Litigation

This document relates to:
Danny Bell, civ. No. 1243

Case No. MDL 1657 L (3)
Civ. No. 1243

ORIGINAL

NOTICE AND MOTION FOR RELIEF FROM JUDGMENT (F.R. Civ. Proc. §60(b))

To the Honorable Judge Fallon and Majustrate Judge Knowles of The Eastern Districtict Court of Louisiana.

Come Now, Plaintiff Danny Bell, Case No. 1243, Motioning the Court for relief from Judgment in that:

On the date of December 12, 2007 Liaison counsel for plaintiffs Alerted Plaintiff Bell of the existance of the Settlement Program, Inquiring to Plaintiff Bell to participate in the settlement program.

In choosing to participate in the settlement program, I have dilligently submitted all required documentation necessary for the participation in the settlement program, per Claims Administrator. TENDERED FOR FILING an inmate in California's overcrowded prison system!

APR 02 2009

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee_____
___ Process_____
_X_ Dktd_____
_X_ CtRmDep____
     Doc No._____

As so, the Claims Administrator is not affording Plaintiff Bell the fairness, reasonableness, adequacy and propriety of the settlement negotiated in that:

The Claims Administrator's conduct in inquiring plaintiff Bell for duplicative submissions of the registration and enrollment documents for participation in the Negotiated Settlement Program is being conducted in Bad Faith!

Also, in violation of the MDL Pretrial Order No. 17, (II) (G.); Fed. R. Civ. Procedure § 23 (b) & (c), the Claims Administrator, - is not coordinating and consolidating their request for production of documents from plaintiff Bell. (See Exhibits)

The Claims Administrator is making adjudications with respect to plaintiff Bell being a class member, which are dispositive of the non party members administering the Negotiated Settlement, making it merely impossible for plaintiff Bell to maintain class status by placing unattainable deadlines for duplicative submissions of documents under color of alledged discrepancies found in the documents submitted. (2) Sanctioning bad faith efforts to eliminate plaintiff' status as a class member with inferences that documents submitted by plaintiff Bell were never submitted.

2

Plaintiff Bell avers, the duplicative Request for documents by NON-party Claims Administrator Diann Bates, with deadline sanctions, are dispositive adjudications designed substantially to impair or impede Plaintiff Bell's ability to protect Bell's interest.

Plaintiff Bell concede the duplicative request by the claims Administrator is conducted in bad faith, vexatiously, wantonly or for oppressive reasons, in that:

1. As a class plaintiff and an incarcerated plaintiff, it is impossible for plaintiff Bell to meet a "ONE day" deadline in securing the signature of my 12 year old daughter who is a derivative claimant; who is not an incarcerated inmate at the facility wherein plaintiff Bell is incarcerated. The "one day" deadline request to attain the impossible feat of securing the signature of my derivative claimant (daughter) second/third submission of the Release. In essence, is denying my derivative claimant (daughter) opportunity to represent her interest.

On the date of December 12, 2007, PLC alerted plaintiff Bell of the Settlement Program and supplied Bell with Registration Affidavit and Informed Bell of the necessary Enrollment documents.

3

The "Discription Of Settlement Agreement" spicifically stated that, "In order to participate in the Settlement Program certain documents should be presented to the Claims Administrator by February 29, 2008.

Plaintiff Bell, has dilligently presented himself in accord with the Discription Of Settlement Agreement. Plaintiff has had his "Derivative Claimant" Jazzette Bell sign the Release on the date of January 28 2008, the same date of plaintiff's signing of the Release. The signed Release of 1-28-2008, is a Legal document.

## STANDARD OF REVIEW

The Claims Administrator's duplicative request for documents In violation of The MDL Court's Pretrial Order No. 17, (II)(G) And Federal Rules Of Civil Procedure, 23 (b)₁(C), the Claims Administrators duplicative request for documentation and refusal to accept the timely presentation of the documents already requested And presented is not affording the negotiated settlement's _fairness_, reasonableness Adequacy And propriety of **Negotiation's** Specific Performance.

In <u>Weinberger V Kendrick</u> (C.A.2.(N.Y) 1982) 698, F.2d. 61, 63, the Court has exceptional power to shift fees where Action has commenced or conducted in bad faith, vexatiously, wantonly or for oppressive reasons:

Here, their is no dispute that the required Release And Signatures

4

submissions of January 28, 2008, were in accord to the Specific "Performance of the "Discription Of Settlement Agreement."

Thus, in accord to the MDL Court's Pretrial Order No. 17, (II)(G) and Fed. R. Civ. Proc. 23.(b)-(c) The Honorable Court Should intervene the Negotiated settlement's process fair adjudication in accord to justice or for any other Order this Honorable Court deems in accord to the Court's powers.

Fed. R. Civ. Proc. 60.(b) provides remedy on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due dilligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; etc....

The MDL Court's appointed Curator did provide a degree of asisstance until the CLAIMS Administrator pointed out to the Pro Se Curator that he were not pro se plaintiff's attorney. I've heard nothing of the Pro Se Curator since.

5

## CONCLUSION

For the foregoing reasons, this Court should intervene: to assess whether the forms supplied by the Claims Administrator for participation in the Settlement Program, timely submitted and signed by myself and my derivative claimant are in fact legal document determinants as to whether the specific performance of the negotiated settlement is binding.

This Court should intervene to enforce sanctions in violation of Pretrial Order No. 17, (II)(G); Fed. R. Civ. Proc. 23(b)-(c), in that the Claims Administrator's duplicative request for documents without notice, and unattainable deadlines, are dispositive adjudications designed substantially to impair or impede plaintiff Bell's ability to protect Bell's interest (2) deny plaintiff's derivative claimants interest. Further, the Release signed and dated January 28, 2008, is a timely filed document warranting specific performance of Interim Settlement Payment, or for any other Order this Honorable Court deems just.

Respectfully Submitted By:

date: March 20, 2009

Danny Bell (Pro Se)
Plaintiff