# EXIBITS

## VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

March 1, 2009

---

**WARNING:  YOU MUST ACT BY MARCH 6, 2009, ON THE MATTERS DESCRIBED IN THIS LETTER TO REMAIN IN THE SETTLEMENT PROGRAM. THIS IS A FINAL DEADLINE!**

---

*By U.S. Mail*

Danny Bell
F.S.P., P.O. Box 950
Folsom, CA  95763

Re:   **Notice of Final March 6, 2009 Deadline to Cure All Enrollment Deficiencies
Vioxx Claim Number (VCN):  1058986**

Dear Claimant:

You submitted documents to enroll in the Vioxx Settlement Program.  Counsel for Merck have reviewed you submissions to determine if they are complete and sufficient to complete your Enrollment in the Settlement Program.  There are problems or "Deficiencies" in what you submitted.  This letter identifies those Deficiencies and explains what you have to do to cure them.

We have notified you of these problems before.  We have sent you notice of a series of deadlines for curing these Deficiencies that already have passed.  ***The Parties to the Vioxx Settlement Agreement have established March 6, 2009, as the final deadline by which all Enrollment Deficiencies must be cured.***  You can cure your Enrollment Deficiencies, but you must do so by submitting the documents identified in this letter with a postmark that is not later than Friday, March 6, 2009.  If you do not complete and return the materials described in this letter by March 6, 2009, you will not be able to participate in the Settlement Program.

**NOTE:**  You may have attempted to cure the Deficiencies described in this letter before; however, one or more deficiencies still exist.  If you feel you have already corrected your deficiencies, if you believe you received this letter in error, or if you have questions regarding what is being asked of you, do not ignore this letter!  Contact the Claims Administrator or the Pro Se Curator immediately at the telephone numbers or email addresses listed in the above letterhead and/or at the end of this letter.

## A. Release of All Claims

☒  If this box is checked, you submitted a Release, but it was deficient. **Complete the attached Release and mail it to the Claims Administrator with a postmark that is not later than Friday, March 6, 1009.**

Be certain that you: (1) verify all pre-printed claimant information and neatly line through and correct any errors; (2) sign on the line that appears below the word "Releasor" (this should be page 9 of the Release), if you are the Vioxx User/Claimant or if you are the Representative Claimant for a deceased or incapacitated Vioxx User/Claimant; (3) you have every Derivative Claimant sign his or her "Signature Page and Agreement by Derivative Claimant" (these pages generally begin at page 11); (4) ensure that every signature page is notarized, (5) ensure that the notary section of every signature page is completely filled in and that the notary has included a legible commission expiration date and a legible notary seal; and, (6) insure that every signature date matches the notary's signature date.

## B. Representative Claimants

☐  If this box is checked, you identified yourself as the Representative Claimant for a Vioxx User who is deceased *and* you have not provided proof that you have the legal authority to purse a claim. The Parties to the Vioxx Settlement Agreement have adopted certain changes to the procedures that appear in Claims Administration Procedure CAP 2008-1 (referred to as "CAP 2008-1") that relate to estate deficiencies. These changes relate to Releases and the Deficiencies must be cured by March 6, 2009.

Many Releases have Deficiencies related to the proof that is required to establish that the person who is identified as the Representative Claimant for a Deceased Claimant (Vioxx User) or for a Deceased Derivative Claimant has the legal authority to purse a claim. State law determines who has this authority to file a claim. We cannot advise you on the state law that applies to your claim.

CAP 2008-1 describes a process you can use to keep the claim moving in the Claims review process and receive a Notice of Points Award (if the claim is payable) and be paid if the Points Award is below 25 Points for a Testate Claimant or 15 Points for an Intestate Claimant, without having to open an estate to get an official appointed. To use CAP 2008-1, you are to fill out a Form V2031 and return it to us by March 6, 2009. When completed and returned to the Claims Administrator, the enclosed Form V2031 will allow a Claim to proceed through the Claims process and to receive a Notice of Points Award on claims that pass Gates Review before. *If you are a Representative Claimant and you have not already done so, complete the enclosed Form V2031 and/or*

*Form V2031DC and return it to the Claims Administrator immediately, along with any documents the Form requires.*

The CAP 2008-1 process works like this:

1.    **For Testate Claimants (those who died with a will):** If a deceased Vioxx User Claimant or deceased Derivative Claimant had a valid will at the time of death, and if no executor or other representative has been appointed by a court, complete the Form V2031 (or Form V2031DC for Deceased Derivative Claimants) form and submit it to the Claims Administrator with a copy of the valid will. The person designated as the representative of the estate in the will ("Designated Representative") may execute the Release on behalf of the deceased claimant. If the deceased Vioxx User Claimant or the deceased Derivative Claimant was married at the time of death, and if the Surviving Spouse is not the same person as the Designated Representative, then the Surviving Spouse must also sign the Release. Once this is done, the Claims Administrator can issue a Notice of Points Award, if the claim is found eligible. If the final Points Award on the claim is below 25 points, payment can be issued in the name of the Designated Representative, Surviving Spouse and/or Derivative Claimant, without submission of further proof of representative capacity. If a claim has a final Points Award of 25 points or more, an estate must be opened and proper proof of an order appointing a representative must be submitted to the Claims Administrator and accepted by Merck before payment can be issued.

2.    **For Intestate Claimants (those who died without a will):** If a deceased Vioxx User Claimant or deceased Derivative Claimant did not have a valid will at the time of death and if no estate has been opened and no representative appointed by a court, complete a Form V2031 (or Form V2031DC for deceased Derivative Claimants) form and submit it to the Claims Administrator. If the deceased claimant was survived by a Surviving Spouse, that person can sign the Release. If there was no Surviving Spouse or if the Surviving Spouse has died, the person(s) identified on the Form V2031 (or Form V2031DC) as the Successor(s) in Interest may execute the Release. After this is done, a Notice of Points Award may be issued, if the claim is found eligible. If the claim has a final Points Award below 15 points, payment can be made in the name of the Surviving Spouse and/or the Estate Successor(s) who signed the Release. If a claim is paid in this manner, the Surviving Spouse and/or Estate Successor(s) must acknowledge their duty to comply with state law regarding the distribution of funds to the proper beneficiaries, heirs and other parties (such as creditors). If the final Points Award on the claim is 15 points or more, proper proof of an order appointing a representative must be submitted to the Claims Administrator and accepted by Merck before payment can be issued.

## C. Stipulation of Dismissal

☐   If this box is checked, you had a pending law suit related to your Vioxx claim and have not submitted a Stipulation of Dismissal. Sign and date the enclosed Stipulation of Dismissal and mail it to the Claims Administrator with a postmark date that is not later than Friday,

3

March 6, 2009. If this box is not checked, then you have sent in a Stipulation of Dismissal and do not need to send another one now.

| **D. Final Deadline Warning** |
| :---: |

You must submit the required Enrollment documents and Form V2031 or Form V2031DC (if you need them) noted above with a *postmark that is not later than Friday, March 6, 2009. If you do not submit the documents by this date, you will not be able to participate in the Program.*

If you have any questions, please contact me toll free at (866)866-1729 or by email at dbates@browngreer.com, or contact the Pro Se Curator by telephone at (504)561-7799 or by email at cps@ahhelaw.com . Thank you.

Sincerely,

*Diann W. Bates*

Diann Bates
Pro Se Coordinator

Enclosures

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

**RELEASER:**

By _Danny Bell_ (signature)

Name: Danny Louis Bell
Title: PLAintiff Pro SE
Social Security No.: 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
Dated: JANUARY 25, 2008

Witness _Charles T. Walley_ (signature)

## NOTARIZATION OF RELEASER'S SIGNATURE

STATE OF _____, COUNTY OF _____                    SS.:

I hereby certify that on _____, 200__, _____

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his

or her act and deed.

_____
Notary Public of the State of _____

## SIGNATURE PAGE AND AGREEMENT BY DERIVATIVE CLAIMANT

I am a person having or asserting the right to sue Merck by reason of my relationship with Releasor (or, if Releasor is a legal representative of a VIOXX user, such VIOXX user). I hereby enter into the Release to which this signature page is attached and agree to be bound by all of its terms (and, without limitation, hereby give and make all releases, waivers, acknowledgements, agreements, representations and warranties therein) on the same basis as Releasor set forth therein (including, but not limited to, all joint and several indemnification obligations set forth therein). This agreement is effective as of the date set forth beneath my name below.

DERIVATIVE CLAIMANT:

By _____

Name: Jazzette Bell

Title: Daughter

Social Security No.: _____

Dated: 1-28-08

Witness _____

Witness _____

### NOTARIZATION OF DERIVATIVE CLAIMANT'S SIGNATURE

STATE OF _____, COUNTY OF _____     SS.:

I hereby certify that on _____, 200__, _____

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his

or her act and deed.

_____

Notary Public of the State of _____

Bell, Danny Louis          1058986                                        11

# HERMAN, HERMAN, KATZ & COTLAR
L.L.P.
Attorneys at Law

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
_____
Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone (504) 581-4892    Facsimile (504) 561-6024
Http://www.hhkc.com

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman, Mathis, Casey,
Kitchens & Gerel, LLP

December 12, 2007

Re:   *In re: Vioxx Products Liability Litigation*
      **MDL 1657**

Dear Vioxx *Pro Se*:

After more than three years of hard-fought and difficult litigation, Merck has agreed to a settlement program to resolve certain Vioxx-related claims involving plaintiffs who have suffered a heart attack (including sudden cardiac death) or ischemic stroke. Merck has agreed to pay one sum, $4.85 billion, which will be allocated among thousands of qualifying claims based upon an evaluation of each claimant's individual medical records by a Claims Administrator. Details regarding the Settlement Program, including eligibility requirements and the claims valuation process, are enclosed. Also, for information regarding MDL 1657, you can visit the Court's website at www.vioxx.laed.uscourts.gov.

## I.   PARTICIPATION

You may want to retain an attorney. Alternatively, you can continue to represent yourself as a *pro se* litigant or claimant. Although we make no recommendation to you since you are     not a client of our firm, you may desire to participate in the Program.

Please consider the following facts:

- Vioxx was withdrawn from the U.S. market on September 30, 2004. Currently, there are approximately 26,000 Vioxx injury lawsuits pending in the State and Federal Courts on behalf of approximately 47,000 claimants. To date, only 18 Vioxx cases have been tried, resulting in 15 verdicts. Of these verdicts, plaintiffs have won 5 cases and Merck has won ten (10). Three cases are awaiting a new trial. Merck has appealed or otherwise challenged each of the five cases in which the plaintiff was victorious, and all of those appeals are still pending. The estimated cost to the plaintiff to try any one of those cases can range from $400,000 to over one million dollars. Thus, any case that proceeds to trial is likely to be very expensive and will take far longer to resolve than a claim processed under the proposed settlement plan.

Claims Administrator
11 S. S. 15ᵗʰ Street
Suite 400
Richmond VA 23219-4209

December 12, 2007
PAGE 2

- In each of the cases that have proceeded to trial, Merck has defended itself by claiming that the plaintiff had certain common "risk factors" for cardiovascular disease that caused the plaintiff's injuries, rather than their ingestion of Vioxx. These "risk factors" include but are not limited to: high blood pressure, high cholesterol, atherosclerosis (pre-existing undetected heart disease), smoking, diabetes, obesity, family history of heart attack or stroke, and age. The presence of any of these conditions has tended to either reduce or bar the plaintiffs from recovery in many of the cases that have gone to trial.

- To date, not even the five plaintiffs who prevailed in Court have received their awards. The first verdict in favor of a plaintiff was in August 2005, more than two years ago. Merck has not yet paid any of these verdicts and it has no legal obligation to do so unless and until all appeals are exhausted and the verdict in favor of the plaintiff is upheld. It can be expected that Merck will appeal any verdict against it in the future, making the time to payment of any judgment far longer than that proposed for the payment of claims under the settlement plan.

- If Merck insists on taking each individual case to trial, including your case, it could take decades to obtain verdicts in all the Vioxx-related cases currently pending against Merck, and additional years for Merck to exhaust its appeals in cases in which the plaintiff prevailed.

- At this time, the United States Supreme Court and other courts are considering cases that could result in changes in the law that would limit the ability of a plaintiff to recover against a drug company, when their drug was approved for marketing by the FDA. One United States Supreme Court case will be heard early in 2008. A negative result in that case or one or more of the other cases could extinguish your claim for damages but will not affect any award made under the settlement plan.

Participation in the Settlement Program provides an opportunity for you to receive fair compensation for your Vioxx claims in the foreseeable future.

## II.  WHAT YOU NEED TO DO RIGHT NOW

If you choose to participate in this Settlement Program, you should **carefully review** all of the enclosed documents, and then sign and return the enclosed *Pro Se Registration*

December 12, 2007
PAGE 3

*Affidavit.* You can complete the *Pro Se* Registration Affidavit either online by downloading a copy from the Claims Administrator's website located at    www.browngreer.com/vioxxsettlement  or alternatively by requesting that one be e-mailed to you from the Claims Administration at 115 S. 15th Street, Suite 400, Richmond, VA 23219-4209, Main Number: (804) 521-7200 and e-mail claimsadmin@browngreer.com.

You must sign and date the Registration Affidavit and file it with the Claims Administrator timely.

If you have access to e-mail, you must serve the *Pro Se* Registration Affidavit no later than January 15, 2008 by sending an e-mail (with the    *Pro Se* Registration completely filled out and signed as an attachment) to the following:

    a.      Merck at registration@hugheshubbard.com
    b.      The PEC at vioxx@hhkc.com
    c.      The Claims Administrator at claimsadmin@browngreer.com

If you do not have e-mail and will be submitting the *Pro Se* Registration Affidavit by mail, it must be postmarked no later than January 8, 2008 and sent to Claims Administrator, 115 S. 15th Street, Suite 400, Richmond, VA 23219-4209.

## A.  What happens if Merck Opts Not to Fund the Settlement?

Please note, however, that Merck has the option not to fund the Settlement Program and to terminate the Settlement Program if a minimum number of potentially eligible Claimants nationwide does not agree to participate. In the event of such a termination by Merck, any Release you sign in the future would be void, your claim would return to the tort system, and you would be returned essentially to the same position you are in today.

## B.  How much is my Claim Worth?

At this time no one can tell you or any other Claimant what your precise settlement value will be under the Settlement Program. This is because the settlement fund for Claimants alleging a heart attack/myocardial infarction ("MI") under the Settlement Program is limited to $4 billion, and the settlement fund for Claimants alleging a stroke is limited to $850 million, from which all potentially eligible, participating claimants must be paid.

December 12, 2007
PAGE 4

The *Claims Administrator* will not be able to determine the precise value of any claim until he knows: (a) how many of the potentially eligible Claimants nationwide will be participating in the Settlement Program; and (b) what each participating Claimant's medical records state regarding each Claimant's injury type, level of injury, duration of Vioxx use, and certain other aspects of the Claimant's Vioxx use and medical history that would be expected to affect the value of the Claimant's claim within the tort system.

Participating Claimants' precise settlement values will not be known until that process is complete. Although, an interactive website is available at   www.OfficialVioxxSettlement.com for you to input basic information about your claim to determine an   *estimate* of its settlement value based on the information you input, you must be aware that this is only a rough estimate. Only the Claims Administrator can accurately determine the amount of any settlement value and his determination will be based on the actual medical records submitted on your behalf.  The information found in your medical, pharmacy and other records are what will govern the valuation process and what the Claims Administrator will use.  For instance, a potential Claimant may believe that he or she never had high cholesterol and may answer the question about this risk factor "No" but if his/her records show high cholesterol – the records govern.

### C.  How long will this take?

Due to the volume of cases to be reviewed by the *Claims Administrator*, we anticipate that the claim review and valuation process will take at least two years.

### D.  Are there any benchmark for when payments will be made?

The Settlement Program provides that an initial payment of approximately forty percent (40%) of a qualifying Claimant's *estimated* final gross settlement value as determined by the Claims Administrator will be made to each participating Claimant whose properly executed Release and medical records are timely submitted to the Claims Administrator.   The remainder of a Claimant's final gross settlement value will be paid when all qualifying, participating claims nationwide have been fully processed, which is currently expected to be in approximately one to two years.

## III.    FACTORS TO CONSIDER

**The decision whether to participate in the Settlement Program is yours to make.** If you agree to participate, please note that by doing so you are agreeing both to give up your right to a

December 12, 2007
PAGE 5

trial against Merck and to accept the settlement value that your claim will be accorded through the Settlement Program.

As you know, trial is risky because you could win or lose you case against Merck. If you go to trial, the jury could award you more, less, or no money from this Defendant. In addition, even if you are successful at trial, a Defendant always has the right to appeal your jury award. The appeal process may take several years to complete and will result in additional costs and expenses in your case. Any monies awarded by the jury cannot be paid to you until the appeal process is complete and a finding has been made in your favor. Further, an appeal could also result in a new trial being ordered and the entire litigation process would then start over again. Further, any award will be reduced by the cost/expenses incurred in handling your case and these could be substantial. Thus, provided you have a qualifying claim, there is little doubt that you will receive compensation for your claim more quickly under the Settlement Program than through the tort system.

The enclosed *Description of Settlement Program* explains the Program in more detail. Also enclosed is a checklist to assist you in registering your claim timely.

Please remember that you must keep the terms of this Settlement Program, including the estimated amount of your settlement, confidential.

## IV.   WHAT DO YOU NEED TO DO NOW?

If you desire to participate in the Settlement Program, you need and return to the Claims Administrator the *Pro Se* Registration Affidavit and immediately send the original signed documents to the Claims Administrator at the address set forth in Section II above.

Very truly yours,

*HERMAN, HERMAN, KATZ & COTLAR, LLP*

HHKC/lmf
Enclosures

# DESCRIPTION OF SETTLEMENT AGREEMENT[1]

Merck & Co., Inc. ("Merck") has entered into a Settlement Agreement ("Agreement") with certain plaintiffs' counsel ("Negotiating Plaintiffs' Counsel") in order to establish a nationwide settlement program to resolve the claims of certain individuals who have suffered a heart attack, stroke, or sudden cardiac death resulting from their use of Vioxx (the "Vioxx Claimant(s)").

## Activation of the Settlement Program

In order for claims to be paid under the Settlement Program, counsel representing Vioxx Claimants must file with the relevant court no later than January 15, 2008, a Registration Affidavit for every Vioxx client they represent as primary counsel, regardless of whether the client suffered a heart attack, ischemic stroke, or sudden cardiac death, resulting from Vioxx.  The Registration Affidavit will contain basic information about each client and the injury the client alleges.

After the Registration Affidavits have been submitted, the Claims Administrator will calculate the total number of Vioxx Claimants that are eligible to participate ("Eligible Claimants") in the Settlement Program.  A Vioxx Claimant will be considered eligible to participate in the Settlement Program if:

- prior to November 9, 2007, the Claimant has filed a Vioxx lawsuit pending in any jurisdiction or  a Vioxx claim that was tolled under the Tolling Agreement established by the MDL Court; and
- the Claimant alleged in his/her lawsuit or tolling paperwork that the Claimant (or the Deceased or minor for whom the Claimant is the Legal Representative) suffered a heart attack, ischemic stroke, or sudden cardiac death as a result of Vioxx ingestion.

In order for the Settlement Program to be activated and for Merck to be required to fund the settlement, at least 85% of all Eligible Claimants must agree to participate in the Settlement Program.  All documents necessary for a Vioxx Claimant to participate in the Settlement Program must be submitted to the Claims Administrator by March 1, 2008.  Sufficient numbers of Eligible Claimants from each of the following categories must agree to participate in the Settlement Program in order for the Program to be Activated:

- Vioxx Claimants registered as alleging a heart attack or myocardial infarction ("MI Eligible");
- Vioxx Claimants registered as alleging a stroke or other qualifying ischemic cerebrovascular event ("IS Eligible");
- Vioxx Claimants registered as alleging use of Vioxx for more than 12 months prior

---

[1] This Description of Settlement Agreement is an overview and is meant as a summary to describe the Settlement Program only in a general way.  For a complete description, it is necessary to refer to the specific terms of the settlement documents themselves.

to a qualifying heart attack ("MI") or qualifying stroke ("IS");
- Vioxx Claimants registered as alleging death as an injury.

## Eligible Claimants - Required Documents

_____The following documents (the "Claims Package") must be submitted to the Claims Administrator in order for an Eligible Claimant to participate in the Settlement Program:

- a Release and Dismissal Stipulation, signed by the Eligible Claimant (and, under some circumstances, by any other individual who may have an interest in the claim ("Derivative Claimant") must be submitted to the Claims Administrator by the Eligible Claimant's lawyer no later than February 29, 2008; and
- medical records documenting the injury ("Event Records"), including a death certificate and autopsy report (if performed) in death and/or sudden cardiac death cases, follow-up medical records, and records documenting Vioxx usage, (together, the "Claims Package") all must be submitted no later than July 1, 2008.

## Qualifying for Compensation in the Settlement Program

In order for an Eligible Claimant to qualify for compensation through the Settlement Program, the following threshold criteria must be met:

- medical records must confirm that the Eligible Claimant suffered a heart attack, ischemic stroke, or sudden cardiac death; and
- medical or pharmacy records must establish that the Eligible Claimant received at least 30 Vioxx pills within 60 days prior to the injury; and
- medical or pharmacy records must confirm that Vioxx was being used by the Eligible Claimant within 14 days of the Vioxx-related heart attack, ischemic stroke, or sudden cardiac death.

_____**Please note that there is no need for an Eligible Claimant to contact his/her attorneys regarding proof of medical condition or Vioxx use. An Eligible Claimant's Primary Counsel will contact the Eligible Claimant if further information is needed.**

A determination by the Claims Administrator that an Eligible Claimant does not qualify for payment through the Settlement Program will be reviewed by a Committee. The Claims Administrator shall give written notice of the Committee's decision to the relevant Eligible Claimant's Primary Counsel.

If the Eligible Claimant is determined not to qualify for payment under the terms of the Program, the Eligible Claimant may (a) return to the tort system and receive back the Release and Dismissal Stipulation, upon the submission of a Future Evidence Stipulation to the Claims Administrator; or (b) take no action for thirty (30) days, after which the Eligible Claimant's Vioxx case shall be dismissed; or (c) appeal the negative determination to the Special Master, who will

undertake a de novo review of the Eligible Claimant's complete Claims Package. If the Eligible Claimant appeals the negative determination to the Special Master and loses the appeal, the Eligible Claimant's case shall be dismissed and the Eligible Claimant shall have no further rights under the Settlement Program or in the tort system. If the Eligible Claimant wins his/her appeal to the Special Master, the relevant claim shall be submitted to the Program's valuation process.

If an Eligible Claimant is determined by the Claims Administrator, Committee, or Special Master to qualify for payment under the Settlement Program (the "Qualifying Claimant"), the value of the claim will then be assessed by the Claims Administrator using a grid point system. Claims shall be evaluated by the Claims Administrator in the order in which the Claims Administrator receives a complete Claims Package.

## Valuation Process for Qualifying Claims

A point system is being used in order to ensure that the valuation of claims is consistent across similarly situated Qualifying Claimants and reflects the likely relative value of each claim within the tort system. Once the total number of Qualifying Claimants is known, as well as all Qualifying Claimants' verified injury levels and risk factors, the Claims Administrator will be able to determine the precise dollar value of each valuation point. To determine the precise dollar value of each MI point, the Claims Administrator will divide the total number of points awarded to Qualifying Claimants who alleged a heart attack or sudden cardiac death into the total MI Aggregate Settlement Amount of approximately $4 billion. Similarly, the total number of points assigned to Qualifying Claimants who alleged an ischemic stroke or death from stroke will be divided into the total IS Aggregate Settlement Amount of approximately $850 million to determine the precise dollar value of each IS point.

Under the point system, the Claims Administrator will be individually evaluating the medical records in support of each Qualifying Claimant along several dimensions. The claim will first be assigned a base point total, which will reflect the Qualifying Claimant's injury type (i.e., MI or IS), level of injury within the injury type, age at the time of the MI or IS, and duration of Vioxx use. Claims involving longer Vioxx use, a younger Vioxx Claimant, and a more severe injury will be assigned more points than claims involving briefer Vioxx use, an older Vioxx Claimant, and a less severe injury.

Each Qualifying Claimant's base point total will then be adjusted by the Claims Administrator based on various standardized liability adjustments and risk factor adjustments. These adjustments reflect aspects of the Qualifying Claimant's Vioxx use and medical history that would be expected to affect the value of the Qualifying Claimant's claim within the tort system, and will be based upon a Qualifying Claimant's Event Records, follow-up records, and any Profile Form submitted to Merck or the Court.

The liability adjustments are:

•       consistency of the Qualifying Claimant's Vioxx usage in the twelve (12) months

3

preceding the Event; and
- whether the Qualifying Claimant's Vioxx use and the MI or IS occurred prior to March 9, 2000, between March 9, 2000 and April 11, 2002, or after the April 11, 2002 label change.

The <u>risk factor adjustments</u> are:

- smoking history
- high cholesterol
- hypertension
- diabetes
- obesity
- family history of heart attack or ischemic stroke or other ischemic event
- alcohol abuse
- heart attack or coronary artery bypass surgery (CABG) before starting Vioxx
- coronary artery disease (CAD) before starting Vioxx
- illicit drug use within 5 years of the event
- diagnosed vascular diseases before starting Vioxx
- stroke or TIA (transient ischemic attack) before starting Fioxx (IS cases only)
- carotid artery disease or carotid artery procedure before starting Vioxx (IS cases only)
- atrial fibrillation or heart failure before starting Vioxx (IS cases only)
- migraine headaches (IS cases only)
- use of hormone replacement therapy within 1 month of event if initiated within 1 year of event (IS cases only)
- vigorous exercise within two hours of event
- total joint arthroplasty or other major surgery within 5 days of event
- head trauma within 5 days of event (IS cases only)

The Claims Administrator shall notify each Qualifying Claimant of his/her total point award. A Qualifying Claimant may appeal that award to the Special Master, who shall undertake a de novo review of the claim; this means that the number of points accorded the claim by the Special Master may increase, decrease, or stay the same relative to the number of points originally awarded by the Claims Administrator. The decision of the Special Master shall be final, binding, and non-appealable.

Because, as explained above, each Qualifying Claimant's total number of points is ultimately subject to determination by the Claims Administrator upon a review of the Qualifying Claimant's medical and other records, and because the precise dollar value of each MI and IS point cannot be known with certainty until the total number of points of all Qualifying MI and IS Claims is known, the precise settlement value of a claim cannot be known at this time. In the meantime, however, a Vioxx Claimant may calculate the *approximate likely range* of values for his/her claim, assuming that the claim qualifies, by completing the questionnaire available on the internet at <u>www.OfficialVioxxSettlement.com</u>. This website was set up by the Plaintiffs' Negotiating

4

Committee to assist in evaluating and understanding the Settlement Program. In addition, two examples of Claims Valuation calculations are attached to this "Description of Settlement Agreement."

## Total Value of Settlement and
## Number of Potentially Qualifying Claimants

The total gross payments to be made to Qualifying Claimants under the Agreement is $4.85 billion, with approximately $4 billion of that sum to be allocated among MI Qualifying Claimants and approximately $850 million of that sum to be allocated among IS Qualifying Claimants. At the present time, there are estimated to be approximately 29,000 potentially eligible Claimants nationwide alleging MI, and approximately 17,000 potentially eligible Claimants nationwide alleging IS.

In addition to the above funds, Merck shall deposit an initial $3 million into an Administrative Expense Fund to pay for the claims evaluation and other processes under the Settlement Agreement. In addition, the net investment earnings on the funds deposited by Merck into each of the MI and IS Settlement Funds shall be periodically transferred by the Escrow Agent to the Administrative Expense Fund.

## Payment of Qualifying Claims

Interim Settlement Payments

Qualifying Claimants who have submitted a properly and fully executed Release no later than February 29, 2008, and who are not eligible for a Fixed Payment (see below) shall be eligible for an Interim Payment. No Interim Payment to any Qualifying MI or IS Claimant shall be less than $5,000.00.

The amount of such Interim Payments for MI claims shall be determined by the Claims Administrator after approximately August 1, 2008. The Claims Administrator shall estimate the total number of points that will ultimately be awarded to all Qualifying MI Claimants, and the estimated value of each MI point. Interim payments in the amount of 40% of each Qualifying MI Claimant's gross estimated Final Settlement Payment shall be made on a rolling basis.

Similarly, the amount of such Interim Payments for Qualifying IS Claimants shall be determined by the Claims Administrator after approximately February 1, 2009. The Claims Administrator shall estimate the total number of points that will ultimately be awarded to all Qualifying IS Claimants, and the estimated value of each IS point. Interim payments in the amount of 40% of each Qualifying IS Claimant's gross estimated Final Settlement Payment shall be made on a rolling basis.

The per-point value of Interim Payments may change as more claims are processed and better

5

information is available regarding the likely ultimate value of each MI and IS point.

Fixed Payments

       Qualifying Claimants who are notified by the Claims Administrator that their total MI or IS points are less than a specified amount shall have the option to receive a gross Fixed Payment of $5,000 instead of the (likely much smaller) award they would receive if all appropriate risk factor and liability adjustments were made to their base point total. Qualifying Claimants eligible for the Fixed Payment who do not choose to receive the Fixed Payment shall receive de novo review of their claim by the Special Master. The Special Master shall award 0 to 5 points to each such MI claim, and shall award 0 to 1 point for each such IS claim, and the determination of the Special Master shall be final and non-appealable.

Extraordinary Injury Payments

       Qualifying Claimants who would like their claim to be considered as an Extraordinary Injury may apply through their Primary Counsel to receive an Extraordinary Injury Payment ("EI Payment"). Such Qualifying Claimant may be eligible for an EI Payment if: (a) the Qualifying Claimant is not eligible for a Fixed Payment; and (b) the Qualifying Claimant has specified, documented, economic damages of at least $250,000. Such damages include the Qualifying Claimant's past or future out-of-pocket medical expenses and the Qualifying Claimant's past lost wages to the extent that such expenses or lost wages are the result of the Qualifying Claimant's heart attack or stroke and have neither been reimbursed nor are eligible for reimbursement from any other source.

       Each Qualifying Claimant who qualifies for, and timely applies for, an EI Payment shall receive such a payment in an amount to be based on criteria to be determined by the Claims Administrator, not to exceed $600,000 for economic damages. Any such EI Payment shall be in addition to the Qualifying Claimant's Final Payment (see below). EI Payments for all Qualifying MI Claimants shall not in the aggregate exceed $195 million; EI Payments for all Qualifying IS Claimants shall not in the aggregate exceed $105 million. All proposed EI Payments shall be reduced pro rata if necessary to meet these restrictions.

Final Payment

       After, and only after, (i) all Qualifying Claimants have completed the claims valuation process and all points awards have become final; and (ii) all possible Fixed Payments and Extraordinary Injury Payments have been determined; and (iii) all audits have been completed, the Claims Administrator shall determine the MI and IS Point Values.

       The total gross value of each Qualifying MI and IS Claimant's claim can then be determined by multiplying the Qualifying Claimant's total number of points by the MI or IS Point Value, as appropriate. The final gross payment to be made to each such Qualifying Claimant shall be the total value of the claim, minus any Interim Payment made to the Qualifying Claimant. In addition, the

Final Payment shall be made only when the Claimant and his/her Primary Counsel represent and warrant that any and all Vioxx-related Governmental Authority (e.g., Medicare and Medicaid) liens that exist on the Qualifying Claimant's settlement monies have been satisfied and discharged.

## Attorneys' Fees and Litigation Costs and Expenses

The attorney's fees to be paid by each settling Qualifying Claimant to his/her individual attorney(s) shall not exceed those set forth in the Qualifying Claimant's attorney-client contract. In order to compensate the "Common Benefit Attorneys" who developed the Vioxx litigation against Merck and ultimately negotiated the Settlement Program, an assessment of common benefit attorneys' fees will be imposed at no more than 8% of the gross amount recovered for every Qualifying Claimant who is registered under the terms of the Agreement.  This attorneys' fees assessment shall not increase the total attorneys' fees payable by any Qualifying Claimant, but shall be deducted from the total amount of attorneys' fees payable by each Qualifying Claimant under his/her individual attorney-client contract.

The total expenses to be reimbursed by each settling Qualifying Claimant will include case-specific expenses and general expenses (consistent with the terms of the Qualifying Claimant's individual attorney-client contract), as well as common benefit expenses.  Case-specific expenses are those that benefit a specific client (e.g., the costs of obtaining a particular client's medical or pharmacy records).  General expenses are those that benefit a larger group of clients represented by the same attorney (e.g., the fees paid a medical expert), and are allocated equally or on a pro-rata basis (depending on the terms of the individual attorney-client contract) across the group of benefitted clients.  Common benefit expenses are those incurred by the Common Benefit Attorneys in their work on behalf of Vioxx Claimants nationwide, and shall be as approved by the Claims Administrator.

## Irrevocability of the Submission of a Release

**Submission of a Release by an Eligible Claimant or the Eligible Claimant's Primary Counsel is irrevocable.**  No Eligible Claimant may under any circumstances or for any reason request the return of his/her Release or Dismissal Stipulation, or otherwise unilaterally exit the Settlement Program, unless specifically provided for in the Settlement Program Agreement.

**By submitting the Release, the Eligible Claimant is agreeing to be bound by all terms and conditions of the Settlement Program, including agreeing to accept the final value accorded the Eligible Claimant's claim under the Program's claim valuation process, if the Eligible Claimant qualifies for compensation through the Settlement Program.**

7

# VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

January 16, 2008

**By U.S. Mail**

Danny Louis Bell
F.S.P.
P.O. Box 950
Folsom, CA 95763

Re:    **Registration and Enrollment Materials**

Dear Claimant:

I will be your Claims Administrator, or CA, Contact for the duration of the VIOXX Settlement Program.  This is my contact information:

| Name | Diann W. Bates |
|---|---|
| **Direct Dial Number** | (804) 521-7220 |
| **Email Address** | dbates@browngreer.com |

I will answer your questions, receive all your future claims submissions, and provide notices to you on your claims as they move through the Program.  Feel free to call my direct dial number shown above, or use our toll free number also shown above and ask to speak to me.  You can also reach me by mail, email or facsimile using the addresses and number shown above.

We have reviewed the Registration Affidavit you submitted.  This letter describes the next steps in the Settlement Program.

## A.  Registration Affidavit

☒    Your Registration Affidavit is complete.  You do not need to take further action relating to your Affidavit.

☐    Your Registration Affidavit was not fully completed.  You must complete all the answers in a new Registration Affidavit, sign it, and send it to us as soon as possible.  A new Affidavit Form is enclosed for your use.

V1004v.4

**B.  Enrollment Forms**

You must complete the Forms required to Enroll in the Settlement Program under Section 1.2 of the Settlement Agreement.  Three Forms are enclosed:

1) a Release of All Claims;

2) an Authorization for Release of Medical Records; and

3) an Authorization of Release for Employment Records.

You need to complete and sign the first two of these Forms and return them to us.  If you wish to seek Extraordinary Injury Payments under Section 4.2 of the Settlement Agreement, you also have to complete and sign the third Form as well and return it to us.

If you have a lawsuit pending, you will also have to sign and file a Stipulation of Dismissal With Prejudice.  When you return the enclosed Forms, tell us if you have a lawsuit pending that needs to be dismissed and we will help you with that step.

If you filed a lawsuit, there are two additional steps you must take when completing the Release:

(1)  **Attachment 1:**  If you:  (i) are living now, (ii) lived in at the time of Primary Injury or Secondary Injury, and/or (iii) filed lawsuits in Arizona, Kansas, Ohio, Oklahoma, or Texas ("Special State Claimants"), you are responsible for making sure that the Release of All Claims includes any co-defendants named in the lawsuit.  If the information on your Registration Affidavit placed you in Special State Claimant status, you must complete Attachment 1 on which you must provide by writing in or typing all co-defendants named in the lawsuit.  If the co-defendant is a corporate entity, you must list it using the co-defendant's proper corporate name.  If there were no co-defendants named in the lawsuit, write "None" on Attachment 1.

(2)  **Derivative Claimant Information:**  If there are Derivative Claimant(s) who are associated with your claim, any such Derivative Claimant must also sign the Release.  A Derivative Claimant is someone who, because of their relation to you, could have a legally recognizable cause of action based on your use of Vioxx.  Derivative Claimants include heirs, beneficiaries, a surviving spouse, surviving domestic partner and next of kin.

We do not know if there are Derivative Claimants associated with your Claim.  If there is a Derivative Claimant, he/she must sign the Release, and you must do the following:

a)  The cover page to the Release contains space to enter the information for one Derivative Claimant.  Write in the name, address, Social Security Number of the Derivative Claimant and date the information.  If there is more than one Derivative Claimant associated with your claim, photocopy the cover page as many times as you

need to have a page for each Derivative Claimant, before you write on it. Fill in the space on each cover page with the Derivative Claimant information and attach any additional pages to the back of the Release.

b)  The Release has a blank signature page for one Derivative Claimant. If there is more than one Derivative Claimant associated with your claim, before you write on it, photocopy the Derivative Claimant signature page as many times as you need to have a page for each Derivative Claimant. Each Derivative Claimant must sign a signature page. Attach any additional Derivative Claimant signature pages to the back of the Release.

Note that our making these Forms available to you does not in any manner imply that you are eligible for the Program or ultimately will receive benefits in the Program. The Settlement Agreement requires these executed Forms to begin the process. Eligibility will be determined at a later stage based upon the Claims Package submitted.

**WARNING:** *Under Section 1.2.2.2 of the Settlement Agreement, all claimants must be enrolled no later than February 29, 2008, to be considered for an Interim Settlement Payment under Section 4.1 of the Settlement Agreement. All claimants must be fully enrolled no later than March 1, 2008, to be eligible to be considered for any payments in the Program.*

Please contact me if you have any questions or comments. Thank you.

Sincerely,

*Diann W. Bates*

Diann W. Bates
CA Contact

Enclosures

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

Mailing Address:
P.O. Box 85031
Richmond, Virginia 23285-5031

Delivery Address:
115 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

February 26, 2008

**_By U.S. Mail_**

Danny Louis Bell
F.S.P., P.O. Box 950
Folsom, California 95763

Re:   **Notice of News and Developments Related to the Vioxx Settlement Program**
      **Your Vioxx Claim Number (VCN): 1058986**

Dear Claimant:

   We are writing to inform you about two issues relating to the Vioxx Settlement Program. Read the following information carefully and make sure that you act by the deadlines described in this letter.

| A. Immediate Action Needed to Enroll |
| --- |

   To seek any benefits, you must Enroll in the Program. The parties to the Program recently agreed to an Amendment to make it easier to Enroll. Now you have to:

(1)   Fill out and sign the enclosed Enrollment Form, and mail it back to us **_no later than February 29, 2008._** You must act immediately. Make sure you mail this back, postmarked on or before February 29, 2008.

(2)   Prepare and mail to us**_, no later than March 31, 2008_**_,_ the rest of the documents you must submit to Enroll, if you have not already done so:

   (a)   A Release of All Claims;
   (b)   An Authorization for Release of Medical Records;
   (c)   If you are seeking an Extraordinary Injury Payment, an Authorization for Release of Employment Records;
   (d)   If you have a pending lawsuit, a Stipulation of Dismissal for that suit.

We mailed those other forms to you with a letter titled Registration and Enrollment Materials after we received your Pro Se Registration Affidavit. That letter instructed you to complete and

V1019v1
#338708

return those Enrollment documents by February 29, 2008, but the parties have agreed to give you until March 31, 2008, to return them to us.

## B. Claimants with Government Medical Liens or Obligations

The Vioxx Settlement Program includes strict requirements concerning reimbursement claims (or "liens") and obligations related to government healthcare programs, such as Medicare, Medicaid, the Department of Veterans Affairs (VA), TRICARE, Department of Defense or Indian Health Services. The Settlement Program also establishes certain requirements for private health insurance reimbursement claims, such as for employer health plans, privately purchased health insurance policies, disability insurance, Medigap insurance, and/or Medicare or Medicaid replacement or supplements offered through a private insurance company. To learn the important details regarding government medical liens or obligations read the attached document titled: Claimant Educational Materials on Government Medical Liens/Obligations.

If you are the recipient of Medicare, Medicaid and/or any other government healthcare program you should read carefully the Claimant Educational Materials on Government Liens/Obligations, complete the attached Government Medical Lien Questionnaire, and return it to the Vioxx Lien Resolution Administrator at the address on the Questionnaire, *no later than March 31, 2008.*

If you receive health care coverage and/or insurance from a source other than the specified government programs listed on the Educational Materials document (Section II), you may have a contractual obligation to notify your private healthcare provider or insurer of your claim against Merck and/or your anticipated Settlement Payment. Details regarding Non-Government Programs may be found in Section III of the Educational Materials document. Before you can become eligible to receive a Settlement Payment from the Vioxx Settlement Program, all of the strict requirements concerning reimbursement claims ("liens") and/or private health insurance reimbursement claims must be met.

Please contact me if you have any questions or comments. Thank you.

Sincerely,

Diann W. Bates

Diann W. Bates
CA Contact

Enclosures

2

ATTORNEYS AT LAW
### JOHNSTON, HOEFER, HOLWADEL & ELDRIDGE
601 POYDRAS STREET, SUITE 2490
NEW ORLEANS, LOUISIANA 70130
TELEPHONE (504) 561-7799
FACSIMILE (504) 525-1488

ADAMS, HOEFER, HOLWADEL & ELDRIDGE, LLC
ROBERT M. JOHNSTON, OF COUNSEL

March 19, 2008

Danny Louis Bell
F.S.P., P.O. Box 950
Folsom, CA 95763

Re:   *In re: Vioxx Products Liability Litigation*
      **MDL 1657**

Dear Vioxx Pro Se Registered in the Settlement Program:

By Order dated February 12, 2008, I was appointed by the Federal MDL Court, as Curator, to provide assistance to *pro se* plaintiffs and *pro se* tolling claimants in connection with the Court's pretrial order requiring the registration of claims and with the Vioxx Settlement Program.

The Claims Administrator has advised that you submitted a *Pro Se* Registration Affidavit. However, according to our records, as of this time you have not enrolled in the Vioxx Settlement Program. The purpose of this letter is to explain the Enrollment process so that you can comply with those procedures if you are eligible for the Program and wish to enroll. If you desire to participate in the Vioxx Settlement Program you can continue to represent yourself as a *pro se* litigant or claimant. Alternatively, you may retain an attorney to represent you.

*Note that in order to qualify for an early, Interim Payment of your settlement award if you wish to enroll, you must complete and return the enrollment materials to the Claims Administrator by March 31, 2008.*

Before receiving this letter, you should have also received a letter dated December 12, 2007 from Herman, Herman, Katz & Cotlar, LLP, regarding the Vioxx Settlement Program. The Settlement Program was announced November 9, 2007 to resolve certain Vioxx-related claims involving plaintiffs who have suffered a heart attack (including sudden cardiac death) or ischemic stroke. As relayed to you in that letter, Merck has agreed to pay one sum, $4.85 billion, which will be allocated among thousands of qualifying claims based upon an evaluation of each claimant's individual medical records. Details regarding the Settlement Program, including eligibility requirements and the claims valuation process, are enclosed.

Therefore, if you allege that you have a Vioxx claim because you suffered a heart attack

Page 2 of 2

or stroke (or are the personal representative of a Vioxx user who suffered a heart attack, stroke or sudden cardiac death), you should also evaluate whether you want to enroll to participate in the Vioxx Settlement Program. At this time, it appears that almost all of the claimants (more than 93%) eligible to participate in the Vioxx Settlement Program are electing to do so.

At this time, no one can tell you or any other Claimant what your precise settlement value will be under the Settlement Program, except to say that *if you have evidence of use of Vioxx and that you suffered a heart attack or stroke while you were using Vioxx or shortly thereafter as required by the terms of the Settlement Agreement, you will be entitled to receive some compensation for your injury*. If you are eligible to participate in the Settlement Program, you may also be eligible to receive an early interim settlement payment prior to completion of the entire valuation process, which could take more than one year. **However, to be eligible for such an Interim Payment, you must *enroll* in the Settlement Program by no later than March 31, 2008**. If you do enroll in the Program before March 31, 2008, submit your medical and other records promptly and the Claims Administrator determines that you are entitled to compensation, you would be eligible for an Interim Payment. Interim Payments may begin some time after August 1, 2008, for heart attack claimants. You may still enroll after March 31, 2008, but, under the current terms of the Agreement, you will not receive an Interim Payment if you enroll after that date. The final enrollment deadline is currently May 1, 2008.

*Enrolling* in the actual Vioxx Settlement Program is different than *registering* your Vioxx claim. While *everyone is required* to register their claims, actual *enrollment* in the settlement program is entirely voluntary and involves submitting documents and materials in addition to the registration papers. By now, you should have received enrollment forms from the Claims Administrator. If you have not, please contact the Claims Administrator at claimsadmin@browngreer.com or (866)-866-1729 to obtain a new enrollment package.

If you have questions regarding this letter or the Vioxx Settlement Program, you may contact me by email at cps@ahhelaw.com, or by calling 504-561-7799.

Very truly yours,

ROBERT M. JOHNSTON

RMJ
Enclosures

# VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

June 2, 2008

***By U.S. Mail***

Danny Louis Bell
F.S.P., P.O. Box 950
Folsom, CA  95763

Re:   **Claims Package Materials Needing Your Immediate Attention**
      **Vioxx Claim Number (VCN):  1058986**

Dear Claimant:

The Vioxx Claims Administrator received the Enrollment Materials you submitted for participation in the Settlement Program.  To continue the claims process and have your claim reviewed for eligibility for Settlement benefits, you must now complete a Claims Package.

The purpose of this letter is to tell you what you must do to submit a Claims Package. Our sending you this letter does not mean that we have determined your claim to be eligible for the Settlement Program; however, if you wish to continue to seek benefits, you must complete a Claims Form and submit all required documentation to the Claims Administrator in accordance with the instructions in this letter.

> ### A.  You Must Complete and Submit Your Claims Package by July 1, 2008

***To have your claim reviewed for benefit eligibility, you must complete your Claims Package and submit it to the Claims Administrator with a postmark that is no later than July 1, 2008, or place it in the hands of a carrier*** (like Federal Express or UPS) ***no later than July 1, 2008.***  Submit your Claims Package to the Claims Administrator after you obtain the following documents:

| Required Claims Package Documents | | |
|---|---|---|
| 1. | **Claims Form** | The Claims Form you must complete and sign is enclosed.  **See Section B** below for Instructions on how to complete your Claims Form.  **Follow these instructions carefully as you fill out your Claims Form.** |

| | Required Claims Package Documents | |
|---|---|---|
| 2. | **Pharmacy, Medical, and Event Records ("PME" Records)** | These are the medical records you must collect and submit to prove your Vioxx use and support your claimed injury. **Section C** below provides instructions for obtaining and submitting records. |
| 3. | **Certification of Custodian of Records** | A certification from the custodian of records must accompany the records from each hospital, pharmacy, or doctors' office that sends you records you request. A copy of a Certification you can send with your request for records is enclosed. See **Section C** below. |

---

## B. Instructions for Completing Your Claims Form and Attachment A

The Claims Form you must complete is enclosed. To help you complete the Claims Form, certain information you previously submitted to the Claims Administrator on your Registration Affidavit and in your Enrollment Materials has been pre-filled. **To simplify the process of completing the Claims Form, you should refer to the Instructions below as you fill it out, because they will guide you through the Form, section by section.**

| | Claims Form Section | Action You Need to Take | |
|---|---|---|---|
| 1. | **Section A - Instructions.** | a. | Review the Instructions before completing the form. |
| | | b. | Review and verify for accuracy **all** pre-filled information. If you find any errors or have other changes to make, carefully line through the information you wish to change and neatly print the new information. |
| | | c. | Answer every question on the Claims Form. If a question does not apply to you, write in "N/A." Do not leave any question unanswered. |
| 2. | **Section B – Vioxx User Information** | Answer any questions that were not pre-filled with information you previously submitted. | |
| 3. | **Section C - Representative Claimant Information for Deceased or Incapacitated Claimants** | a. | **If you are the Vioxx User** and are completing this Claims Form for yourself, check "No" on Question 10 and skip to Section D. |
| | | b. | **If you are a Representative Claimant** filing on behalf of a Vioxx User who is Deceased or Incapacitated, check "Yes" on Question 10 and complete Questions 11 – 14. |
| 4. | **Section D – Counsel Information** | a. | Because you are receiving this Claims Form as an Unrepresented or Pro Se Claimant, you will likely mark this section "N/A." Do not complete this section unless you are currently represented by an attorney. |
| | | b. | Do not fill in the name of any law firm that previously represented you, but that no longer represents your claim. |
| | | c. | If the Pro Se Curator, Robert Johnston, or anyone in his office have answered questions related to your claim, do not fill in their names. They do not represent you. |
| | | d. | If you have spoken with the Pro Se Coordinator, Diann Bates, or anyone else at the Vioxx Claims Administrator's office, do not fill in their names. They do not represent you. |
| 5. | **Section E – Lawsuit Information** | a. | You must complete this section if you or an attorney acting on your behalf previously filed a civil action lawsuit alleging injuries. |
| | | b. | If a lawsuit **was not** filed by you or on your behalf, check "No" for Question 21 and skip to Section F. |

| | Claims Form Section | Action You Need to Take |
|---|---|---|
| | | c.     If a lawsuit **was** filed by you or on your behalf, check "Yes" for Question 21, and complete Questions 22 -27. |
| 6. | **Section F: Injury Information** | a.     **Question 28 – Primary Injury**. Check the box next to the main injury that you allege and enter the date (month/day/year) that injury occurred. Do not check more than one injury on this question and do not write in any other injuries. Only the injuries listed on the Claims Form are eligible under the Settlement Program. |
| | | b.     **Question 29 – Secondary Injury**. If you suffered a second Settlement Program injury, check the box next to the second injury you allege and enter the date (month/date/year) the second injury occurred. Do not check more than one injury on this question and do not write in any other injuries. Only the injuries listed on the Claims Form are eligible under the Settlement Program. If you did not have a second injury, answer "N/A" to this question. |
| | | c.     **Question 30 – Extraordinary Injury Claims**. If you intend to file for an Extraordinary Injury Payment for out-of-pocket medical expenses and lost wages, check "Yes." If you do not intend to file for an Extraordinary Injury Payment, check "No." You must submit an Authorization for Release of Employment Records by June 30, 2008 to preserve the right to seek an Extraordinary Injury Payment. <br><br> If you answer "Yes" to Question 31, your claimed out-of-pocket medical expenses and lost wages must (i) result from the Injury you claim in Question 29, (ii) be documented through Medical Records, Billing Records, Tax Returns, Social Security Earnings Statements or any other documentation, and (iii) not have been reimbursed by insurance, Medicare, Medicaid, or other reimbursement programs, or be eligible for reimbursement. If you are seeking Extraordinary Injury, you must submit detailed records proving lost wages, income, or out-of-pocket expenses with your Claims Form. |
| 7. | **Attachment A** | a.     **Section A -- Medical Background of Product User**. Check any and all boxes that apply to the Vioxx User. If additional information is requested for a checked box, fill in that information. |
| | | b.     **Section B – Family History**. Answer all questions as they apply to the Vioxx User's family members (mother, father, sister, and/or brother). |
| | | c.     **Section C - Product Usage**. For each period of time that you took Vioxx, fill in the date you started taking Vioxx, the date you stopped taking Vioxx, and the dosage you took between those dates. If you cannot recall the dosage, you may leave that blank, but the typical dosage was either 12.5 mg or 25 mg. Do not leave the dates blank. You do not need to fill in each row, only as many as you need to provide full information about your Vioxx use. |
| | | d.     **Certification and Authorization**. By completing this section, you (i) attest that the information you provided on your Claims Form is true and correct to the best of your knowledge, information and belief, and (ii) certify that all required medical records (the "PME Records"), certification of the medical records, are included with your Claims Package. Your Claims Form will not be complete until you sign this section, so do not sign it until you can say with certainty that all of the information is correct and that you have gathered and are providing to the Claims Administrator all required documentation. |

| | C. Instructions for Obtaining and Submitting Your Required Pharmacy, Medical and Event Records ("PME Records") |
|---|---|

The following instructions provide general information related to obtaining and submitting your medical records and provide more specific information on the records that are required for proving the specific injury you claim.

| | Medical Records Needed to Prove Your Claim | Action You Need to Take |
|---|---|---|
| 1. | **General Instructions –** Review these Instructions before requesting your medical records. | a.       The Settlement Agreement (Section 1.3 and Exhibit 1.3.1) requires a Vioxx User or the Representative Claimant, if the Vioxx User is deceased or incapacitated, to submit certified Pharmacy, Medical, and Event Records ("PME Records") with their Claims Form. |
| | | b.       **Pharmacy Records** are records from all pharmacies that dispensed any medication to you for the entire period of time spanning the first alleged use of Vioxx through three months after the alleged injury. |
| | | c.       **Event Records** are records relating to the immediate medical care and treatment of the claimed Injury.  Event Records include **Medical Records** from the hospital, medical center, or healthcare facility that treated you immediately during or after your injury. |
| | | d.       Each Vioxx User or Representative Claimant is responsible for obtaining the medical records required for his or her claimed injury.  If you have Primary and Secondary Injuries, you must obtain the records that are required for each Injury.  Each Claimant is responsible for paying any costs associated with obtaining his or her Medical Records. |
| | | e.       Each PME Record you submit with your Claims Package must be accompanied by a dated and signed certification from the facility's custodian of records.  The custodian of records must swear (i) that he or she is the duly authorized custodian of records for the facility producing the records and that he or she has the authority to certify the records, and (ii) that the attached records are true and correct copies of the complete file for the Vioxx User as kept in the ordinary course of business.  A "Certification of Custodian of Records" is attached for your use when requesting your records from a facility. |
| | | f.       You must submit all records that you receive from any custodian of records.  You cannot remove records you believe to be irrelevant or those that cover time periods that are before or after the time period that is required to support your claim. |
| | | g.       Do not highlight, write on, or change any of your Medical Records. |
| 2. | **If you claim you had a Myocardial Infarction (heart attack), you must** submit these PME Records: | a.       Event Records; |
| | | b.       Pharmacy Records; and |
| | | c.       Medical Records from all cardiologists who provided care and treatment to you during the entire period of time from the date of the myocardial infarction (heart attack) through one year after the myocardial infarction. |
| | | d.       If you are not able to provide the records required in a, b and c, you must submit Medical Records from your primary care physician(s) for the three year period that was before the date of your injury. |

| | Medical Records Needed to Prove Your Claim | Action You Need to Take |
|---|---|---|
| 3. | If you claim you had an Ischemic Stroke, you must submit these PME Records: | a.    Event Records;<br><br>b.    Pharmacy Records;<br><br>c.    Medical Records from all neurologists who provided care and treatment to you during the entire period of time from the date of the Ischemic Stroke through one year after the Ischemic Stroke; and<br><br>d.    Medical Records from all rehabilitation facilities (both inpatient and outpatient) where you received care and treatment during the entire period of time from the date of the Ischemic Stroke through one year after the Ischemic Stroke.<br><br>e.    If you are not able to provide the records required in a, b and c, you must submit Medical Records from your primary care physician(s) for the three year period that was before the date of your injury. |
| 4. | If you are a Representative Claimant who claims that the Vioxx User died from a Fatal Myocardial Infarction (Fatal Heart Attack), or from Sudden Cardiac Death, or from a Fatal Ischemic Stroke, you must submit these PME Records: | a.    Event Records;<br>b.    Pharmacy Records;<br>c.    Death Certificate;<br>d.    Report of Autopsy (if one was performed); and<br>e.    Medical Records from the Vioxx User's primary care physician(s) for three years prior to the date of death. |
| 5. | If you took Vioxx Samples, additional PME Records may be required. | a.    If you claim that you took Vioxx samples for any period of time, you must submit:  (i) the Medical Records of all physicians or other healthcare providers who you claim dispensed samples for the period of alleged distribution, and (ii) the Medical Records of your primary care physician(s), to the extent they are not included in (i) for the three year period preceding the Injury.<br><br>b.    Samples are free Vioxx pills given to you by a healthcare provider.  If you received Samples from a friend or family member, the Claims Administrator will not consider them as Vioxx ingestion because they were not given to you by a healthcare provider. |
| 6. | If your Pharmacy Records no longer exist because the records were destroyed as the result of a records retention policy, natural disaster, or for some other reason that is independent of you, you must: | a.    Produce an affidavit or other notarized evidence from any "applicable pharmacy" stating (i) that the records proving your Vioxx prescriptions no longer exist and (ii) the reason the records do not exist.  An "applicable pharmacy" is a pharmacy for which evidence (such as references in insurance records, pill bottles, references in medical records, etc.) exists that you previously filled you Vioxx prescriptions at that facility.<br><br>b.    Provide other contemporaneous Medical Records documenting Vioxx use and the amount of such usage shall be determined pursuant to Section 5(A) of Exhibit 2.2.2 of the Settlement Agreement.  Contemporaneous Medical Records are records from hospitals, medical centers, healthcare facilities or primary care physicians that may have documented your Vioxx usage prior to your Injury. |

## D. Where Do I Send My Claims Package?

After completing the Required Claims Package Documents (See **Section A** above), you must *send your Claims Package to the Claims Administrator with a U.S. Mail postmark or an overnight delivery pickup date that is not later than July 1, 2008.*

| | Method of Claims Package Delivery You Choose | Address You Should Use |
|---|---|---|
| 1. | **U.S. Mail** | VIOXX Claims Administrator<br>PO Box 85031<br>Richmond, VA 23285-5031 |
| 2. | **Overnight/Express-type Delivery (such as Federal Express, UPS)** – You must use the street address for any overnight deliveries. | VIOXX Claims Administrator<br>115 South 15th Street, Suite 400<br>Richmond, VA 23219-4209 |

### E. Who Can I Contact If I Have Questions About Completing My Claims Package?

1.     The Claims Administrator's Pro Se Coordinator, Diann Bates.  You may contact the Pro Se Coordinator:  (i) toll free, at (866)866-1729, (ii) by direct dial at (804)521-7220, (iii) by email at dbates@browngreer.com, or (iv) by facsimile at (804)521-7299.

2.     The Pro Se Curator, Robert M. Johnston.  By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program.  You may contact the Pro Se Curator at (504) 561-7799 or by email at cps@ahhelaw.com.

Please contact me if you have any questions.  Thank you.

Sincerely,

*Diann W. Bates*

Diann W. Bates
Pro Se Coordinator

Enclosures

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

June 13, 2008

***By U.S. Mail***

Danny Louis Bell
F.S.P., P.O. Box 950
Folsom, CA  95763

Re: **Medical Records Related to Your Vioxx Claim**
**Vioxx Claim Number (VCN):  1058986**

Dear Claimant:

The Vioxx Claims Administrator mailed you a letter dated June 2, 2008, regarding "Claims Package Materials Needing Your Immediate Attention." A Claims Form for Unrepresented Claimants was enclosed with that letter for you to complete and return with the medical records you have to support your claim.

## A.   Availability of Records at Litigation Medical Records Depository

During litigation and before the Settlement Agreement was announced on November 9, 2007, Merck collected records for many plaintiffs who had filed lawsuits. These records were gathered and stored in the Litigation Medical Records Depository ("LMRD") and are now available there for claimants' use in supporting their claims. We contacted the LMRD on your behalf and confirmed that they had records that relate to your claim. They sent the file containing your medical records to the Claims Administrator, and we have printed these and enclose them with this letter. The LMRD will not be obtaining additional records on your behalf. It is your responsibility to obtain any additional records you believe are needed to support your claim.

We have not analyzed, reviewed, or made any assessment of the contents of these records. As a service to you, we have simply copied the medical records that the LMRD had for your claim and are providing them to you at no charge. The Claims Administrator has not maintained copies of these medical records with your file. If you wish for any or all of these records to be considered as proof for your claim, you must return the records you choose to support your claim with your Claims Package. By providing these records, we are not, in any way, implying that you have an eligible claim or that these are the only records that are needed to support your claim. Determinations of eligibility will be made only after you submit your entire Claims Package, which includes the Claims Form and all required records.

You still bear the responsibility of making sure you obtain all of the records that are necessary to support a claim, as described in Section C of the June 2, 2008 letter. You are responsible for obtaining and paying for any additional records that are required for your claim.

---

**B. Where do I send my Claims Package?**

As a reminder, after completing the Required Claims Package Documents (See Section A of the June 2, 2008 letter), you must *send your Claims Package to the Claims Administrator with a U.S. Mail postmark or an overnight delivery pickup date that is not later than July 1, 2008.*

| | Method of Claims Package Delivery You Choose | Address You Should Use |
|---|---|---|
| 1. | **U.S. Mail** | VIOXX Claims Administrator<br>PO Box 85031<br>Richmond, VA  23285-5031 |
| 2. | **Overnight/Express-type Delivery (such as Federal Express, UPS)** – You must use the street address for any overnight deliveries. | VIOXX Claims Administrator<br>115 South 15th Street, Suite 400<br>Richmond, VA  23219-4209 |

---

**C. Who can I contact if I have questions regarding my Claims Package?**

If you have questions, you may contact either of the following:

1.   The Claims Administrator's Pro Se Coordinator, Diann Bates. You may contact the Pro Se Coordinator: (i) toll free, at (866)866-1729, (ii) by direct dial at (804)521-7220, (iii) by email at dbates@browngreer.com, or (iv) by facsimile at (804)521-7299.

2.   The Pro Se Curator, Robert M. Johnston. By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program. You may contact the Pro Se Curator at (504) 561-7799 or by email at cps@ahhelaw.com.

Please contact me if you have any questions. Thank you.

Sincerely,

*Diann W. Bates*

Diann W. Bates
Pro Se Coordinator

Enclosures

# VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

October 17, 2008

***By U.S. Mail***

Danny Louis Bell
F.S.P., P.O. Box 950
Folsom, CA  95763

Re:   **Notice of Final Enrollment Deadline:  October 30, 2008**
        **Vioxx Claim Number (VCN):  1058986**

Dear Claimant:

        **The final Enrollment Deadline for the Vioxx Settlement Program is October 30, 2008.**  According to our records, your claim is not Enrolled.  This means either you have not submitted any Enrollment Materials to the Claims Administrator or you have not submitted all of the forms that are necessary to consider you Enrolled.  You can cure this situation, but you must do so by October 30, 2008.  All of the referenced forms were previously sent to you by the Claims Administrator, but please contact us if you need new forms.  In order to meet the **Enrollment Deadline, you must submit your documents to the Claims Administrator with a U.S. Mail postmark date that is not later than October 30, 2008 or an overnight delivery pickup date that is not later than October 30, 2008.** ***Note: Only the boxes that are marked with an "X" below need your attention.  If you believe you have already sent these Enrollment Materials, please contact the Claims Administrator.***

**A.  Release of All Claims**

☐      You have not submitted a Release.  Complete and submit the Release that was previously mailed to you or contact the Claims Administrator for a new copy.  To avoid receiving a deficiency notice on this form, you should:  Verify any pre-printed information and neatly line through and correct any errors.  To avoid receiving another deficiency notice, your completed Release must include:  (1) all pages (1 through 11) of the Release; (2) your signature or the signature of the Representative Claimant (if the Vioxx user is deceased or incapacitated) on Page 9; (3) the signature and stamp of a Notary on Page 9; (4) complete information for you and for any Derivative Claimants on Page 1; (5) if applicable, the signature of any Derivative Claimant on Page 11; (6) if applicable, the signature and stamp of a Notary on Page 11; and (7) a completed Page 10.

### B. Authorizations for the Release of Medical Records

☐ You have not submitted an Authorization for Release of Medical Records Form. Complete and submit the Authorization for Release of Medical Records that was previously mailed to you or contact the Claims Administrator for a new copy. To avoid receiving a deficiency notice on this form you should: Verify all pre-printed information and neatly line through and correct any errors. To avoid receiving another deficiency notice, your completed form must include: (1) your Litigation Case Number, if any, on Page 1; (2) your signature or the signature of the Representative Claimant on Page 2; (3) your printed name or the printed name of the Representative Claimant on Page 2; and (4) if you are a Representative Claimant, your relationship to the Vioxx user in the box below your printed name on Page 2. Do not fill in the Records Provider line on Page 1 or the Date on Page 2.

### C. Authorization for the Release of Employment Records

☐ You have not submitted an Authorization for the Release of Employment Records Form. This Form is required only if you are seeking Extraordinary Injury payments under Section 4.2 of the Settlement Agreement. If you are not claiming those injuries, you do not need to submit this Form. If you are claiming those injuries, sign and submit the Authorization for Release of Employment Records that was previously mailed to you. If you no longer have this form, contact the Claims Administrator for a new copy. To avoid receiving a deficiency notice on this form, you should: Verify all pre-printed information and neatly line through and correct any errors. To avoid receiving another deficiency notice, your completed form must include: (1) your Litigation Case Number; (2) your signature or the signature of the Representative Claimant; (3) your printed name or the printed name of the Representative Claimant; and (4) if you are a Representative Claimant, your relationship to the Vioxx user in the box below your printed name. Do not fill in the Records Provider line or fill in the Date next to the signature line.

### D. Stipulation of Dismissal

☒ You have not submitted a Stipulation of Dismissal. If you do not have a pending lawsuit related to your alleged Vioxx injury, you do not need to submit a Stipulation of Dismissal. If you do have a pending lawsuit, you must submit a Stipulation of Dismissal. If you need to submit a Stipulation of Dismissal, use the attached form.

### E. Representative Claimants

☐ You submitted documents as the Representative Claimant for a Vioxx user. Although you do not have to submit the documents authorizing you as Representative by the October 30, 2008, you will need to send them before the claim can receive a Notice of Points Award in the Program. This is a reminder that you must provide the Claims

Administrator with proper documentation (for example, power of attorney, letters of administration, etc.) authorizing you to act as a lawful Representative. The question of who can act as a Representative on behalf of the estate of a deceased claimant or for an incompetent person is determined by the law of the state that applies to the claim. We cannot tell you what laws apply to your claim.

### F. Enrollment Form – Unrepresented Claimants

☐   You have not submitted an Enrollment Form – Unrepresented Claimants. Sign and submit the Enclosed Enrollment Form - Unrepresented Claimants.

### G. Deadline Warning

**The final Deadline for Enrolling in the Vioxx Settlement Program is October 30, 2008.** If any or all of the required Enrollment documents listed above are missing, you must submit them to the Claims Administrator by October 30, 2008 to complete Enrollment of your claim. In order to meet the **Enrollment Deadline**, you must submit your documents to the Claims Administrator with a **U.S. Mail postmark that is not later than October 30, 2008 or an overnight delivery pickup date that is not later than October 30, 2008.** If you do not Enroll, you will not be able to participate in the Settlement Program.

If you have any questions, need new copies of the specified documents, or believe that you have already sent these documents, please contact me toll free at (866)866-1729 or by email at dbates@browngreer.com, or contact the Pro Se Curator by telephone at (504)561-7799 or by email at cps@ahhelaw.com . Thank you.

Sincerely,

Diann W. Bates

Diann Bates
Pro Se Coordinator

(COMPLY §§2463-2015.5)
28 U.S.C. §1746)

I, _Danny Bell_____, declare under the penalty of perjury that:

I am the _Plaintiff_____ in the attached matter;  I have read the foregoing document(s) and know the contents thereof;  and the same is true of my own personal knowledge, or upon information and belief therein that they are true;  that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _27_ day of _March__, _2009_, at California State Prison / Represa, California  95671.

(Signature) _Danny Bell_____
Declarant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I _Danny Bell_____, declare:    That I am a resident of California State Prison , State of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066;  I served the attached document(s) entitled:

_Notice And Motion For Relief From Judgment_

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison /          Represa, California, addressed as follows:

Clerk Of Court
United States District Court
Eastern District Of Louisiana
500 Poydras St. Rm. C-151
New Orleans, LA 70131

Vioxx Claims Administrator
P.O. Box 85031
Richmond, Virginia 23285-5031

Johnston, Hoefer, Holwadel & Eldridge
601 Poydras St.  Suite 2490
New Orleans, Louisiana 70130

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _27_ day of _March__, _2009_ at California State Prison /          , Represa, California  95671.

(Signature) _Danny Bell_____
Declarant

Danny Bell # K-68611
FSP S-182-46
P.O. Box 950
Folsom, CA 95763

- CONFIDENTIAL -
LEGAL MAIL

Closed

PRISON GENERATED MAIL
FOLSOM STATE PRISON
PO BOX 715071
REPRESA, CA 95671

Label 107R, January 2008



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com



CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 Poydras St.   Rm. C-151
New Orleans, LA 70

UNITED STATES POSTAGE
$ 04.95⁰