UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| 2:05-cv-0143 (Norman) | * | |
| 2:05-cv-1046 (Hubbard) | * | |
| 2:05-cv-1051 (Sanuskar) | * | |
| 2:06-cv-0142 | * | MAGISTRATE JUDGE |
| 2:05-cv-1060 (Parker) | * | KNOWLES |
| 2:05-cv-0145 | * | |
| 2:05-cv-1045 (Barnett) | * | |
| 2:05-cv-1042 (DeVorse) | * | |
| 2:05-cv-1061 (Haley) | * | |
| 2:05-cv-1041 (Hampton) | * | |
| 2:05-cv-1040 (Buchholtz) | * | |

******************************************************************************

## RESPONSE TO ORDER TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET

COMES NOW Plaintiffs, by and through their attorney of record, and file their Response to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met for Plaintiffs to comply with the Court's Show Cause Order dated March 27, 2009, and states as follows:

1. As set forth below, good cause exists to show that Plaintiffs have cured, or have made good efforts to cure, all alleged deficiencies in the following manner:

    a. As of April 8, 2009, Lemuel Norman's deficiencies have been cured, as posted on the Vioxx Portal. Pursuant to the Order to Show Cause, his enrollment deficiencies have been cured which obviates his requirement to attend.

    b.    As of April 8, 2009, Joy Hubbard's deficiencies have been cured, as posted on the Vioxx Portal. Pursuant to the Order to Show Cause, her enrollment deficiencies have been cured which obviates her requirement to attend.

    c.    On March 18, 2009, Counsel received a duplicate and inaccurate deficiency for Lillie Barnett which stated Tahariah Ross had only signed as Releasor and not as a Derivative Claimant. However, Counsel submitted fully executed Releases to the Claims Administrator on November 21, 2008 and on March 6, 2009 in order to cure prior alleged deficiencies. On April 2, 2009, Counsel mailed to Tahariah Ross another Release for signature. As soon as the newly executed Release is received, Counsel will forward the Release for the third time to the Claims Administrator.

    d.    On March 7, 2009, Counsel received a duplicate and inaccurate deficiency for Roberta Parker which stated DeAnthony Parker had signed as Releasor and not as a Derivative Claimant. However, Counsel submitted a fully executed Release to the Claims Administrator on January 22, 2009 in order to cure prior alleged deficiencies. On March 10, 2009 and April 2, 2009, Counsel mailed to DeAnthony Parker another Release for signature. As soon as the newly executed Release is received, Counsel will forward the Release for the second time to the Claims Administrator.

  e.  On March 10, 2009, Counsel received a duplicate and inaccurate deficiency for Deceased Claimant Nadine Nutt. Counsel submitted a fully executed Release to the Claims Administrator on March 2, 2009 in order to cure prior alleged deficiencies. Further, Counsel sent emails to the Claims Administrator regarding the Deceased Claimant Nadine Nutt on October 20, 2008, November 19, 2008, January 2, 2009, and January 22, 2009 wherein Counsel notified the Claims Administrator that there is no documentation showing the authority of Diane Harbert as a Representative Claimant in a representative capacity for Nadine Nutt. Also noted was Missouri Revised Statute § 537.080.1(1), which allows "the spouse or children or their surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adopted" to pursue an action for a decedent without the need for a court approved document stating an executor or representative. Accordingly, after a Notice of Points have been awarded, my office will prepare a Petition for Approval of Wrongful Death Settlement and for Order under Missouri Revised Statute § 537.095 as to Merck with regard to the above Claimant. R. S. Mo. § 537.095 states that "if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may

        maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." Missouri law does not require a court document to appoint Diane Harbert to act on behalf of Nadine Nutt. Merck has previously removed deficiencies for Decedent claims in Missouri pursuant to the same rationale as set forth above on several claims which the undersigned currently handles and should therefore remove the deficiency regarding Nadine Nutt.

f.    On February 27, 2009, received a duplicate and inaccurate deficiency for Deceased Claimant Janet Sanuskar. Counsel submitted a fully executed Release to the Claims Administrator on February 18, 2009 in order to cure prior alleged deficiencies. Further, Counsel sent emails to the Claims Administrator regarding the Deceased Claimant Janet Sanuskar on October 20, 2008, November 19, 2008, January 2, 2009, and January 22, 2009 wherein Counsel notified the Claims Administrator that there is no documentation showing the authority of Albin Sanuskar as a Representative Claimant in a representative capacity for Janet Sanuskar. Also noted was Missouri Revised Statute § 537.080.1(1), which allows "the spouse or children or their surviving lineal descendants of any deceased children, natural or adopted,

legitimate or illegitimate, or by the father or mother of the deceased, natural or adopted" to pursue an action for a decedent without the need for a court approved document stating an executor or representative. Accordingly, after a Notice of Points have been awarded, my office will prepare a Petition for Approval of Wrongful Death Settlement and for Order under Missouri Revised Statute § 537.095 as to Merck with regard to the above Claimant. R. S. Mo. § 537.095 states that "if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." Missouri law does not require a court document to appoint Albin Sanuskar to act on behalf of Janet Sanuskar. Merck has previously removed deficiencies for Decedent claims in Missouri pursuant to the same rationale as set forth above on several claims which the undersigned currently handles and should therefore remove the deficiency regarding Janet Sanuskar.

g. On March 7, 2009, received a duplicate and inaccurate deficiency for Deceased Claimant Ann Watkins. Counsel submitted a fully

executed Release to the Claims Administrator on August 1, 2008 and February 19, 2009 in order to cure prior alleged deficiencies. Further, Counsel sent emails to the Claims Administrator regarding the Deceased Claimant Ann Watkins on October 20, 2008, November 19, 2008, January 2, 2009, and January 22, 2009 wherein Counsel notified the Claims Administrator that there is no documentation showing the authority of Robbie Carothers as a Representative Claimant in a representative capacity for Ann Watkins.  Also noted was Missouri Revised Statute § 537.080.1(1), which allows "the spouse or children or their surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adopted" to pursue an action for a decedent without the need for a court approved document stating an executor or representative.  Accordingly, after a Notice of Points have been awarded, my office will prepare a Petition for Approval of Wrongful Death Settlement and for Order under Missouri Revised Statute § 537.095 as to Merck with regard to the above Claimant.  R. S. Mo. § 537.095 states that "if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any

        other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." Missouri law does not require a court document to appoint Robbie Carothers to act on behalf of Ann Watkins. Merck has previously removed deficiencies for Decedent claims in Missouri pursuant to the same rationale as set forth above on several claims which the undersigned currently handles and should therefore remove the deficiency regarding Ann Watkins.

h.    On April 2, 2009, received a duplicate and inaccurate deficiency for Deceased Claimant Alex Haley, Jr. Counsel submitted a fully executed Release to the Claims Administrator on March 29, 2009 in order to cure prior alleged deficiencies. Further, Counsel sent emails to the Claims Administrator regarding the Deceased Claimant Alex Haley, Jr. on December 30, 2008 and January 22, 2009 wherein Counsel notified the Claims Administrator that there is no documentation showing the authority of Alex Haley, III as a Representative Claimant in a representative capacity for Alex Haley, Jr. Also noted was Missouri Revised Statute § 537.080.1(1), which allows "the spouse or children or their surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adopted" to pursue an action for a decedent

without the need for a court approved document stating an executor or representative. Accordingly, after a Notice of Points have been awarded, my office will prepare a Petition for Approval of Wrongful Death Settlement and for Order under Missouri Revised Statute § 537.095 as to Merck with regard to the above Claimant. R. S. Mo. § 537.095 states that "if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." Missouri law does not require a court document to appoint Alex Haley, III to act on behalf of Alex Haley, Jr.  Merck has previously removed deficiencies for Decedent claims in Missouri pursuant to the same rationale as set forth above on several claims which the undersigned currently handles and should therefore remove the deficiency regarding Alex Haley, Jr.

i. Counsel is still working on obtaining the Releases and/or materials to cure deficiencies for Earl DeVorse, Clarence Hampton and Diana Buchholtz.  As soon as those documents are received, Counsel will forward those documents to the Claims Administrator.

      i.      On March 4, 2009, Counsel received a duplicate and inaccurate deficiency for Earl DeVorse. Counsel has made numerous attempts to retrieve the Release of All Claims from his surviving spouse. Counsel has mailed the Release to Mrs. DeVorse on January 27, 2009, February 26, 2009 and March 7, 2009.

      ii.      On February 5, 2009, Counsel received a duplicate and inaccurate deficiency for Clarence Hampton. Counsel has made numerous attempts to retrieve the Release of All Claims from his surviving spouse. Counsel has mailed and the Release to Mrs. Hampton on January 27, 2009, February 10, 2009 and March 6, 2009. The CAP 2008-1 Release was sent to the Claims Administrator on December 17, 2008.

      iii.      On January 1, 2009, Counsel received a duplicate and inaccurate deficiency for Diana Buchholtz. Counsel has made numerous attempts to retrieve the Release of All Claims from her surviving children. Counsel has mailed the Release to Nick Matheny on December 17, 2008, January 27, 2009, February 9, 2009 and March 7, 2009.

2. As good cause exists to show that Plaintiffs have cured, or have made good efforts to cure all alleged deficiencies, it would be a hardship and impossibility for these Plaintiffs to attend the Show Cause Hearing on April 15, 2009.

WHEREFORE, Plaintiffs have made a proper showing that their Releases have met the criteria of the Vioxx Settlement Program. Furthermore, Counsel has demonstrated that they are making a good faith effort to cure all alleged deficiencies as indicated herein. As a result, Counsel and Plaintiffs should not be required to appear for the Show Cause Hearing set for April 15, 2009.

Dated: April 8, 2009                                    SIMON LAW FIRM, PC


                                                         /s/ Todd S. Hageman
                                                        Todd S. Hageman, Missouri Bar No. 44770
                                                        701 Market Street, Suite 1450
                                                        Saint Louis, Missouri 63101
                                                        Telephone: (314) 241-2929
                                                        Facsimile: (314) 241-2029


                                                        ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Response to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met has been served on Liaison Counsel, Phillip A. Whitman and Russ Herman, by U.S. Mail and upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the *CM/ECF* system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657.

SIMON LAW FIRM, PC


 /s/ Todd S. Hageman
Todd S. Hageman, Missouri Bar No. 44770
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029


ATTORNEY FOR PLAINTIFFS