**MINUTE ENTRY**
**FALLON, J.**
**MARCH 27, 2009**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX                                    *        **MDL Docket No. 1657**
                                                 *
**PRODUCTS LIABILITY LITIGATION**  *        **SECTION "L"**
                                                 *
                                                 *        **JUDGE FALLON**
                                                 *
                                                 *        **MAGISTRATE JUDGE KNOWLES**
                                                 *
* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 45 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      <u>SETTLEMENT AGREEMENT</u>

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, <u>http://vioxx.laed.uscourts.gov</u>, information regarding the

1

JS10(02:30)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the

Master Settlement Agreement and exhibits, together with registration and enrollment forms and

instructions can be found at the Claims Administrators' website at

http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or

assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-

1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the

settlement program is available at the website sponsored by the MDL Plaintiffs' Steering

Committee:  http://www.officialvioxxsettlement.com.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee

arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus

reasonable costs.  In other words, pursuant to the Court's Order, all Vioxx claimants are entitled

to receive at least 68% of their settlement award, not including reasonable costs.  The Order and

Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On September 15, 2008, the Court issued an Order advising that it had several motions to

show cause why certain medical records providers should not be held in contempt for failing to

comply with requests made for the production of medical records (See Rec. Docs. No. 15702,

15857).  On of the motions (Rec. Doc. No. 15702) was set for hearing on September 23, 2008,

and the Court issued an Order on September 24, 2008, specifically in regards to the motion filed

by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents, that

ordered medical providers to produce records or show cause why they should not be held in

contempt and fined $1000 per day for every day after October 17, 2008, until such records are

produced.  Similar motions by other plaintiffs' counsel have also been filed and another motion

was filed by Herman, Herman, Katz & Cotlar, LLP, on December 5, 2008.  Medical records

continue to be received from providers.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and

to Appoint Fund Administrator Pursuant to Internal Revenue Code § 468B and Treasury

Regulations § 1.468B-1, et seq.  The Court will issue a separate order granting the motion.

On March 3, 2009, the PSC and Merck filed a Joint Motion to Lift the Discovery Stay in

Pre-Trial Order No. 20.  On March 20, 2009, Merck filed a supplement to the joint motion

regarding the Court's consideration and potential implementation of that motion.  Certain parties

have filed an opposition to the motion, requesting additional representation for certain types of

cases.  The parties discussed the matter further at the status conference and the Court will issue a

separate order on the matter.

II.    REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting

claims for registration.  BrownGreer, the Claims Administrator appointed under the Settlement

Agreement, provided the Court with a report detailing the status of the registration process as

well as the status of interim payments under the Settlement Program.

The Claims Administrator provided a detailed report on the status of the settlement

program.  The Claims Administrator also reported on the progress of the Extraordinary Injury

Fund.  For anyone who was unable to attend the conference, copies of the Claims

Administrator's full report are available on BrownGreer's website at

http://www.browngreer.com/vioxxsettlement. The report may be accessed by clicking on the

button labeled "MDL Status Conference Reports" on the left-hand side of the screen.  All of the

statistics and information provided to the Court at the status conference are available in this report, and the Court appreciates BrownGreer's efforts in making this information both available and easily accessible.

On March 25, 2009, Merck filed six Motions for Order to Show Cause concerning certain claimants who have failed to comply fully with the enrollment requirements of the Master Settlement Agreement.  The parties discussed the matter further at the status conference.  The Court issued separate orders setting the matter for hearing on Wednesday, April 15, 2009, at 9:00 a.m. CST in the Courtroom of Judge Eldon E. Fallon.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement.  On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans.  The Lien Administrator reported that it has agreements in place to deal with statutory liens on all ischemic stroke claims.  The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009, to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.  Counsel or claimants with questions about the settlement may call the Lien Administrator's Toll-Free Hotline at 1-877-774-1130 to speak with a representative regarding private lien resolution questions.  At the status

4

conference, the parties reported on the progress of the private lien resolution program.

IV.   SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have not begun reviewing appeals submitted under the terms of the Settlement Program.  At the conference, the Court urged counsel and the Special Masters to work together to anticipate and plan for bottlenecks in the process in order to avoid any unnecessary delays in distributing funds to claimants.

V.   STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2009.

VI.   CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed.  By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m. why those cases should not be dismissed.  The Order also set briefing deadlines.  This Order renders moot Defendant's Rule 12

Motion to Dismiss the Master Complaint for Medical Monitoring and Defendant's Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Class Action Complaint–both of which had been briefed and submitted to the Court.  It does not affect Defendant's Rule 12 Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court.  The parties discussed this matter further at the status conference and the Court indicated that it will issue a separate order resolving the matter.

VII.   DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another telephone status conference took place with the Court.  The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program.  Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition.  On August 7, 2008, the PSC filed a Motion to Compel Express Scripts to comply with the subpoena request for prescription drug documents or data.  The matter has been continued.  ESI continues to produce records, and BrownGreer continues to post records as they are received.

On January 21, 2009, ESI communicated with the PLC requesting additional payment for compensation to ESI for efforts it claims to have incurred in responding to requests for

prescription drug claims data.  On January 30, 2009, the PLC responded and on February 3, 2009, ESI provided additional information to the PLC.  Additionally, the Court held a telephone status conference on February 13, 2009, to discuss these issues.  Since then, the parties have exchanged correspondence in an attempt to resolve this matter, but the matter has not yet been resolved.  Both parties have indicated to the Court that resolution is likely, and ESI continues to produce records as they are requested to avoid any unnecessary delays in the process.  The Court will continue to monitor this situation.

VIII.   <u>STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE</u>

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  The State Liaison Committee submitted to the Court an electronic database of all current motions to remand.  The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various Government Action cases currently pending before the Court.  The Court has met with counsel in the government cases as well as counsel for various third-party payor cases.  Counsel for all parties continue to exchange information and are currently preparing to agree on a formal schedule for trial and discovery.

IX.   <u>*PRO SE* CLAIMANTS</u>

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in Section I above.  Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement.

7

Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of

Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

The Pro Se Curator submitted a status report prior to the monthly status conference.  In

the report, the Pro Se Curator advises that the time spent responding to calls has recently

increased significantly.  According to the Pro Se Curator, claimants have begun asking much

more in-depth questions regarding the status of their cases as the settlement process develops.

Many of these questions require significant amounts of time and research to answer properly.

The Pro Se Curator continues to address pro se claimants' questions and the Court appreciates

these efforts.

X.    VIOXX SUIT STATISTICS

As of December 31, 2008, Merck had been served or was aware that it had been named

as a defendant in approximately 10,800 lawsuits, which include approximately 26,800 plaintiff

groups, alleging personal injuries resulting from the use of Vioxx, and in approximately 242

putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits,

approximately 8,850 lawsuits representing approximately 22,050 plaintiff groups are or are

slated to be in the federal MDL and approximately 165 lawsuits representing approximately 165

plaintiff groups are included in a coordinated proceeding in New Jersey before Judge Carol E.

Higbee.  Of the plaintiff groups described above, most are currently in the Vioxx Settlement

Program.

Merck advises that it defines a "plaintiff group" as one user of the product and any

derivative claims emanating from that user (such as an executor, spouse, or other party).

Further, Merck advises that there are more Plaintiffs identified than lawsuits because many

8

lawsuits include multiple Plaintiffs in the caption.

XI.    PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of access to the PSC trial packages.  The trial packages were presented to the Court previously for review.  Several counsel have made requests for access to the packages pursuant to Pre-Trial Order No. 37., and Plaintiffs' Liaison Counsel has sent copies of the trial packages to a number of counsel who have made proper requests.

XII.   THIRD PARTY PAYOR CASES

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates.  On July 11, 2008, the Court convened a status conference to discuss the *Louisiana Attorney General v. Merck* matter.  Since the last status conference, the parties (Merck, the PLC, and many of the AGs) have continued the discussions regarding possible common discovery and other issues.  The parties participated in status conferences following the December 18, 2008, January 22, 2009, and February 10, 2009, monthly status conference, as well asa special status conference on March 5, 2009, to address issues unique to these cases.  On March 4, 2009, the third party payors and Merck submitted separate proposed scheduling orders.  The Court directed the parties to continue to exchange information and work together to agree on a schedule for trial and discovery consistent with the Court's guidance on this matter.

Following the January 22, 2009, status conference, the parties to the Government Actions discussed an order providing for plaintiffs in the Government Action cases to obtain access to the Plaintiff's Steering Committee's document depository.  On January 30, 2009, the Court issued Pre-Trial Order No. 13A, and on February 17, 2009, issued Pre-Trial Order No. 13B, both

of which relate to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Government Actions.  On January 30, 2009, the Plaitniffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).  The parties discussed the matter further at the monthly status conference, and the Court reserved ruling on the motion pending additional discussions between counsel.

XIII.   <u>MOTION TO DISMISS FOREIGN INDIVIDUAL CASES</u>

On May 16, 2008, Merck filed a Motion for an Order to Show Cause Why the Foreign Individual Cases Should Not Be Dismissed Under the Doctrine of *Forum Non Conveniens*.  The motion was heard on September 11, 2008, and was taken under advisement by the Court.  By Order & Reasons entered February 11, 2009, the Court granted Merck's motion and dismissed the foreign individual claimants.  On March 10, 2009, Joseph Blanks, counsel for certain plaintiffs subject to the order, filed a notice of appeal.  The issue is now before the United States Court of Appeals for the Fifth Circuit.

XIV.   <u>THIRD PARTY PAYORS' MOTIONS</u>

Following lengthy negotiations with the AvMed Plaintiffs, a settlement agreement was reached on January 15, 2009.  The Settlement Agreements resolves the AvMed claims and establishes a program for the adjudication and resolution of medical and pharmacy reimbursements/lien obligations owed by various privately funded or privately insured eligible claimants participating in the Vioxx Settlement Program in a fair, speedy, and cost-effective manner.  The 1199 SEIU Greater New York Benefit Fund and the New York State Teamsters

10

Council Health and Hospital Fund have also agreed to the settlement.  The parties discussed this matter further at the monthly status conference and the Court will continue to monitor the status of the settlement going forward.

XV.    MERCK'S MOTION AND RULE ON PTO 28 NON-COMPLIANCE

On November 26, 2008, Merck filed its Third Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 28.  That motion was set for hearing on January 9, 2009 and was taken under advisement by the Court.

On December 5, 2008, Merck filed its Fourth Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 28.  That motion was set for hearing on the January 22, 2008 monthly status conference.  Additionally, as to plaintiffs on Exhibits B-1 and B-2 to that motion, counsel are ordered to serve a copy of the motion and order on those plaintiffs.  In turn, those plaintiffs are ordered to take certain steps to contact the Curator and advise as to their plans for prosecution of the cases and other matters.  The Court will issue a separate order as to this motion.

On January 21, 2009, Merck filed its Fifth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply with the Lone Pine Requirements of PTO 28.  That motion was heard on March 5, 2009.  By Order entered March 13, 2009, the Court dismissed with prejudice the claims of certain plaintiffs, deferred the motion as to certain other plaintiffs, withdrew the motion as to certain plaintiffs, and dismissed without prejudice the claims of other plaintiffs.

On February 25, 2009, Merck filed its Sixth Motion, Rule and Incorporated

Memorandum to Show Cause Why Cases Should Not be Dismissed With Prejudice for Failure to

Comply with the Lone Pine Requirements of PTO 28 and filed its First Motion, Rule and

Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice

for Material Non-Compliance with PTO 28.  Both of these motions were heard following the

monthly status conference, and the Court will issue a separate order resolving them.

XVI.   DECISION QUEST, INC.

On February 2, 2009, Decision Quest, Inc., filed a Motion for Payment of Consulting

Fees and Expenses, and an Ex Parte Motion to Expedite Hearing.  On February 3, 2009, the

Court granted the Motion to Expedite Hearing and directed Liaison Counsel to place Decision

Quest's motion on the agenda so the Court could arrange a schedule for briefing and argument.

Since that time, DecisionQuest and the PSC have resolved the matter and entered into a binding

stipulation and agreement which was filed with the Court on March 18, 2009.  The parties

discussed the matter further and the Court will continue to monitor the status of the settlement.

XVII.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of

affidavits submitted by firms and has reviewed the affidavits, as well as time and expense

submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial

Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New

Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles,

California), and on January 23, 2009 (New York) for counsel to discuss reasons and grounds for

their request for common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs'

12

Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and
Reimbursement of Expenses.  At a later date, the Court will post the motion on the Court's
website and set a briefing schedule.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for
Extension of Time (re: Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted the
motion and extended the deadline until further order.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with
discovery in connection with the motion.  The PLC advised Mr. Miller that the matter would be
addressed with the Court and that such a request was premature, unnecessary, and that if the
Court determined that discovery was appropriate, then a scheduling order would be necessary.
On February 27, 2009, the PLC filed a response in opposition to the motion.  The Court will
consider the motion at a later date.

XVIII. MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING
       CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee
arrangements for all counsel representing claimants in the Vioxx global settlement program at
32% plus reasonable costs.  The Order and Reasons are posted on the Court's website at
http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation
Consortium) filed a Motion for Reconsideration/Revision of the Court's Order Capping
Contingent Fees and Alternatively for Entry of Judgment.  The Court appointed the Tulane Civil
Litigation Clinic to represent the interests of claimants whose settlement awards will be affected
by the Court's Capping Order.  On December 31, 2008, the Vioxx Litigation Consortium filed an

emergency petition for a writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment Order pending further proceedings.  On January 23, 2009, the Fifth Circuit denied the petition for writ of mandamus and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a schedule for briefing and argument to address the Motion to Reconsider.  The Court further ordered that the Vioxx Litigation Consortium forward a copy of the Court's January 30, 2009 Order to their clients who have enrolled in the Settlement.  In accordance with the Order, on January 31, 2009, counsel for the VLC filed an affidavit stating that the VLC had complied the Court's order.

By Order entered February 26, 2009, the Court established a scheduling order for briefing on the Vioxx Litigation Consortium's Motion for Reconsideration and set the matter for oral argument on April 7, 2009, at 9:00 a.m.  On March 17, 2009, the Clinic filed its opposition to the Vioxx Litigation Consortium's memorandum in reply and supplementation is due by March 31, 2009.

## XIX.   MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

On November 19, 2008, Merck filed its First Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 29.  The motion was heard following the monthly status conference on December 19, 2009.  The Court deferred the motion as to certain plaintiffs and dismissed the claims of other plaintiffs.  As to the deferred plaintiffs, the motion will be heard on March 5, 2009, at 9:00 a.m.

14

On December 8, 2008, Merck filed its Second Motion, Rule, and Incorporated Memorandum To Show Cause Why Cases Should Not Be Dismissed For Failure To Comply With The Lone Pine Requirements Of PTO 29.  The motion was heard on January 22, 2009.  By Order dated February 3, 2009, the Court dismissed with prejudice the claims of certain plaintiffs, withdrew the motion as to three plaintiffs, and deferred the motion until February 10, 2009, as to the remaining plaintiffs.

On January 20, 2009, Merck filed its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With the Lone Pine Requirements of PTO 29.  The matter was heard on March 5, 2009, at 9:00 a.m.  By Order entered on March 13, 2009, the Court deferred the motion as to certain plaintiffs, dismissed with prejudice the claims of certain plaintiffs, and dismissed without prejudice the claims of other plaintiffs.

XX.   MERCK'S MOTION ON PTO 31 NON-COMPLIANCE

On March 2, 2009, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice for Material Non-Compliance with the Registration Requirements of PTO 31.  The motion was heard immediately following the monthly status conference.  The Court will issue a separate order resolving the motion.

XXI.  NEXT STATUS CONFERENCE

The next monthly status conference will be held on Wednesday, April 29, 2009, at 9:00 a.m., central time.  Counsel, plaintiffs, and any interested persons unable to attend in person may

listen-in via telephone at 1-866-213-7163.  The access code will be 92906423 and the

Chairperson will be Judge Fallon.

