| | | |
|---|---|---|
| IN RE:  VIOXX | * | MDL DOCKET NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document Relates to: | * | JUDGE FALLON |
| Loy Cryer | * | |
| Cleather Jones | * | MAG. JUDGE KNOWLES |
| William E. Miles | * | |
| Rena R. Trevathan | * | |
| Michael K. Watson | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONSE REGARDING ORDER TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET

COMES NOW Plaintiffs, by and through their attorney of record, and file their Response to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met pursuant to Orders executed by this Honorable Court on March 27, 2009, as follows:

**1.**

It has been confirmed with the Claims Administrator, John Bates, and Vioxx portal, that the documents required to cure the deficiencies concerning **LOY CRYER** were received and accepted on April 8, 2009 at 7:00 a.m. This Plaintiff is no longer deficient and has been accepted as current and eligible for Vioxx settlement.

**2.**

Patricia Jones, wife of deceased, **CLEATHER JONES,** executed the required Release, however, she only executed on behalf of herself, and did not sufficiently execute on behalf of her deceased husband, Cleather Jones.  To cure this deficiency, counsel has sent the Release back to Patricia Jones for her signature as the court-appointed heir of **CLEATHER JONES**.  Counsel is expecting receipt of same shortly.

**3.**

We filed electronically the unexecuted Release on behalf of **WILLIAM E. MILES** because counsel was unable to make contact with Mr. Miles and wanted to keep his claim current. However, counsel has still been unable to make contact with Mr. Miles for over two (2) years, therefore, will be unable to cure any deficiencies concerning this claim.

**4.**

Counsel forwarded numerous correspondence to **RENA R. TREVATHAN** over the past six (6) months. After numerous returned and unanswered correspondence, counsel performed an internet "people search" and was able to get in touch with her son. He explained that he had not responded to the multiple certified letters because he wasn't sure if they were actually related and meant for his mother. He further explained that his mother had moved away and gave power of attorney to his wife, Rena Trevathan's daughter-in-law. She is willing to cooperate and the required Release has been forwarded to the son's address for the daughter-in-law to execute on her behalf.

**5.**

Counsel forwarded numerous correspondence to **MICHAEL K. WATSON**, with no response. It was later discovered that Mr. Watson had been in prison for approximately 1 ½ years and, upon release, was immediately taken to the hospital where his leg was amputated. He is now confined to a wheelchair and after his recovery from surgery, contacted counsel. He did forward his original executed release to counsel, but it was not received timely. Another release was forwarded to Mr. Watson, and he has

been asked to execute and have notarized the release. He has been instructed to immediately return same.

## **CONCLUSION**

As indicated herein, Plaintiff have either cured their enrollment requirements, have been unable to cure the deficiencies, or will have cured their enrollment deficiencies by the April 29, 2009 hearing date.

WHEREFORE, Plaintiffs have made a proper showing that they are attempting to make a good faith effort to cure all deficiencies, as indicated herein.

LAW OFFICES OF RONNIE G. PENTON
209 HOPPEN PLACE
BOGALUSA, LOUISIANA  70427
PHONE        :        (985) 732-5651
TELECOPIER:        (985) 735-5579
E-MAIL        :        rgp@rgplaw.com


s/Ronnie G. Penton
Ronnie G. Penton
Trial Counsel for Plaintiffs
Louisiana Bar Roll Number 10462