UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This Document Relates To: | § | JUDGE FALLON |
| | § | |
| *See Attached Exhibit A* | § | MAGISTRATE JUDGE KNOWLES |

## CERTAIN PLAINTIFFS' RESPONSE TO DEFENDANT MERCK & CO., INC.'S FOURTH MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET
(Deficiencies as to Deceased Claimants)

Certain Vioxx Settlement Claimants file this response to Defendant Merck & Co., Inc.'s Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met (Deficiencies as to Deceased Claimants) (MDL-1657 Document 18053). This Court granted the order to show cause on March 27, 2009.

The undersigned Primary Counsel have three clients listed on Exhibit A and two on Exhibit B to Merck's Motion. On Exhibit A, the first one is Mrs. Wilma J. Chattos. Counsel has submitted the requested documents to the Claims Administrator and the status of her claim is "Pending." Accordingly, counsel asks that Mrs. Chattos's claim not be dismissed.

The second case on Exhibit A is Mr. Jerry D. Parker. Unfortunately, counsel has been unable to communicate with or locate Mr. Parker for at least six months. Accordingly, counsel is unable to cure the R-30 Deficiency for Mr. Parker.

The third case on Exhibit A is Billy J. Walker.  Counsel has been unable to communicate with or locate Mr. Walker for at least six months, too.  Accordingly, counsel is unable to cure the R-30 Deficiency for Mr. Walker.

On Exhibit B, the first case is Eugene C. Worden.  Instead of curing the R-30 Deficiency in his claim, Mr. Worden would rather abandon his Vioxx claim.

The last case is Mr. Leester G. Wright.  Mr. Wright's deficiency has been cured and is currently "NCD."  Accordingly, counsel asks that Mr. Wright's claim not be dismissed.

In conclusion, counsel respectfully requests that the Court do the following: (1) not dismiss the claims of Mrs. Chattos and Mr. Wright, (2) order pursuant to the Settlement Agreement that Mr. Worden has abandoned his claim, and (3) enter an order the Court believes is appropriate regarding Messrs. Parker and Walker.

April 14, 2009                                                          Respectfully submitted,

/s/Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
The Kaiser Firm, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: 713-223-0000
Facsimile: 713-223-0440

ATTORNEY FOR PLAINTIFFS

## EXHIBIT A

### Filed Cases
### (Deceased Claimants)

| | |
|---|---|
| Wilma J. Chattos v. Merck & Co., Inc. | 2:05-cv-02946-EEF-DEK |
| Jerry D. Parker v. Merck & Co., Inc. | 2:05-cv-02319-EEK-DEK |
| Billy J. Walker v. Merck & Co., Inc. | 2:05-cv-04124-EEK-DEK |

### Tolled Claimants
### (Deceased Claimants)

Eugene C. Worden v. Merck & Co., Inc.
Leester G. Wright v. Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above Plaintiffs' Response to Defendant Merck & Co., Inc's Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Resolution Program Enrollment Requirements Have Not Been Met (Deficiencies as to Deceased Claimants) has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U. S. Mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL-1657 on this 14th day of April, 2009.

/s/Grant Kaiser