UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>   PRODUCTS LIABILITY<br>   LITIGATION<br>_____<br>THIS RELATES TO:<br>  Bob Stephens,<br>  Individually, and as the<br>  Administrator for the Estate of<br>  Johnie Stephens, deceased<br><br>   v.<br><br>Merck & Co., Inc.<br><br>Civil Action No. E.D. La. 06-CV-1678<br>    ARE 4-06-CV-0259 WRW | MDL NO. 1657<br><br>Section: L<br><br>Judge Fallon<br>Magistrate Judge Knowles |

MEMORANDUM IN OPPOSITION
TO MOTION TO ENFORCE ATTORNEY'S LIEN

Comes now, Bob Stephens, Individually and as the Administrator for the Estate of Johnie Stephens, deceased (hereinafter "Stephens") and responds to the Motion to Enforce Attorney's Lien filed by Gary Eubanks & Associates, P.A. ("Eubanks") and would show as follows:

SUMMARY

Eubanks breached its fiduciary duty to Stephens, committed malpractice, and was terminated for cause. An attorney terminated for cause is not entitled to his contractual fee. Furthermore, an attorney who breaches his fiduciary to a client forfeits his fee.  The verified facts establish that Eubanks lost any right to a fee by failing to obtain and preserve vital evidence (pharmacy records establishing 27 months of continuous Vioxx use) that it knew to exist and that it knew was of utmost importance to Stephens' Vioxx claim. This failure resulted in a Points Award based upon 6 to 18 months of use (the duration that could be shown by a recent pharmacy

1

printout) as opposed to 18 to 30 months of use (the true duration that would have been shown by older records that were being held specifically for Eubanks by the pharmacy, but which it instructed them to destroy before obtaining copies).[1] This conduct was gross negligence and a breach of Eubanks' fiduciary duty. As a result, Eubanks forfeited its fee. Thus, this Court should deny Eubanks' motion, find that Eubanks committed malpractice and breached its fiduciary duty to obtain and preserve evidence, thereby forfeiting its fee and supplying good cause for its termination. In accordance therewith, this Court should direct the Claims Administrator to pay any settlement funds directly to Stephens.

Alternatively, should this Court find that disputed issues of fact exist regarding Eubanks' entitlement to fees, Stephens submits that the proper forum for resolution of this collateral dispute is the probate court administering the estate of the man who ingested the Vioxx, Johnie Stephens, from which Stephens' claim arises. The administration is open, that court has jurisdiction and control over the proper distribution of any funds obtained in settlement of Stephens' Vioxx claims, and any such funds can be placed in its registry pending its ruling on the proper distribution.[2]

## FACTS

The relevant facts are set forth in the sworn Declaration of Bob Stephens attached hereto as Exhibit 1. Those facts establish that Eubanks failed to obtain and preserve important evidence establishing Stephens' claim, authorized the third-party in possession of the evidence to destroy it, and failed to follow reasonable client instructions to continue efforts to obtain the evidence through other and additional means. Each of these actions was a breach of Eubanks' fiduciary duties and professional responsibilities, gave Stephens good cause to terminate Eubanks, and

---

[1] This lesser points award is currently on appeal to the Special Master.
[2] Eubanks filed its Notice of Attorney's Lien in both this court and the Arkansas probate court, apparently indicating that it does not oppose either court resolving this dispute.

caused Eubanks to forfeit its fee. See Declaration of Deron Dacus attached hereto as Exhibit 2.

## ARGUMENT AND AUTHORITIES

**I.  An attorney terminated for cause is not entitled to a lien or his contractual fee and Eubanks was terminated for cause.**

The Arkansas attorney's lien statute does not apply to cases in which an attorney is terminated for cause. See *Williams v. Ashley*, 319 Ark. 197, 890 S.W.2d 260, 261 (1995); *Mobley Law Firm v. Lisle Law Firm*, 353 Ark. 828, 120 S.W.3d 527, 540 n.2 (1987). Under the circumstances present here, there is no doubt that Eubanks was terminated for cause.  See Exhibits 1 & 2.  Thus, the lien does not attach.  Furthermore, the lien statute itself makes clear that notice must be signed by the client. Ark. Code Ann. § 16-22-304(a)(1). The notice filed by Eubanks contains no such signature. Finally, the settlement of this case this case was made with Eubanks' consent. Pursuant to Section 16-22-303(b)(1), a lien attaches only to settlements made without the attorney's consent. For each of these reasons, the Court should deny Eubanks' motion to enforce.

**II. An attorney who breaches his fiduciary duty to a client forfeits his fee and Eubanks breached its fiduciary duty.**

An attorney owes his client a fiduciary duty. See *Rice v. Ragsdale*, 2009 WL 331449, page 4 of attached copy, (Ark. App. Feb. 11, 2009). Without question, Eubanks committed a clear and serious breach of that duty by failing to follow Stephens' instructions, failing to act in Stephens' best interest by failing to obtain vitally important records, and by attempting to shield himself from liability by refusing to take additional steps to obtain proof regarding duration of use in the face of information that such evidence may still exist. See Exhibits 1 & 2.

An attorney who commits a breach of fiduciary duty forfeits his fee.  Section 37 of the *Restatement (Third) of The Law Governing Lawyers* states in part: "A lawyer engaging in clear

and serious violation of duty to a client may be required to forfeit some or all of the lawyer's compensation for the matter." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 37 (2000).  In this case, Eubanks' conduct caused Stephens' great harm. Eubanks' conduct, both in authorizing the destruction of important evidence and in refusing to carry out Stephens' instructions to try to remedy the situation, was done willfully. The value of any service provided to Stephens has been greatly diminished because Stephens is now likely to recover approximately $77,000 less than he should. As a result, this Court should hold that Eubanks is not entitled to any fee from Stephens' recovery or at least reduce Eubanks' fee by the amount of harm it caused.

**III. The procedure that should be followed by this Court.**

As argued above and shown by the supporting evidence, this court should deny Eubanks a fee.  Alternatively, should the Court find that there are fact issues preventing it from resolving this dispute or that this dispute is more properly resolved in the state courts of Arkansas, it should follow *Pomtree v. St. Farm*, 353 Ark. 657, 121 S.W.3d 147 (2003) and direct the Claims Administrator to pay 68% of any award directly to Stephens and tender the remaining 32% that is in dispute into the registry of the Arkansas' court with jurisdiction over any funds obtained.

## CONCLUSION

Eubanks was terminated for good cause and forfeited its fee.  Its Motion to Enforce Attorney's Lien should be denied.  This Court should instead find that Eubanks is not entitled to any fee and should instruct the Claims Administrator to direct payment of any settlement proceeds directly to Stephens.  Alternatively, the Court should direct the Claims Administrator to direct payment of 68% of any settlement proceeds directly to Stephens and the remaining 32% to the Clerk of the Circuit Court of Pulaski County, Arkansas for deposit into the registry of the

court presiding over Circuit - Probate No. PDE-2005-2209; Estate of Johnie Stephens, Deceased.

        Respectfully submitted,

        /s/ *E. Glenn Thames, Jr.*
        E. Glenn Thames, Jr.
        Texas Bar No. 00785097
        POTTER MINTON, A Professional Corporation
        110 North College, Suite 500
        Tyler, Texas 75702
        (903) 597-8311 (telephone)
        (903) 593-0846 (facsimile)
        glennthames@potterminton.com

        **Attorneys for Bob Stephens, Individually and as Administrator for the Estate of Johnie Stephens, Deceased**

CERTIFICATE OF SERVICE

I, E. Glenn Thames, Jr., hereby certify that the above and foregoing Memorandum in Opposition to Motion to Enforce Attorney's Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to the LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of April, 2009.

I further certify that the above and foregoing was served via U.S. Mail upon the following:

    Gary Eubanks
    Gary Eubanks & Associates, P.A.
    P.O. Box 3887
    Little Rock, AR 72203

        /s/ *E. Glenn Thames, Jr.*
        E. Glenn Thames, Jr.
        Texas Bar No. 00785097
        POTTER MINTON, A Professional Corporation
        110 North College, Suite 500
        Tyler, Texas 75702
        (903) 597-8311 (telephone)
        (903) 593-0846 (facsimile)
        glennthames@potterminton.com