# EXHIBIT 1-P

Confidential Information

| V2046B | POST-APPEAL NOTICE OF POINTS AWARD<br>Date of Notice: 2/13/09 | | |
|---|---|---|---|

### I. IDENTIFYING INFORMATION

| Claimant Name | Stephens, Johnie | | Social Security Number | 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 |
|---|---|---|---|---|
| Law Firm | Eubanks, Gary & Associates | | | |
| VCN Number | 1062642 | Enrollment Status | IP Enrolled | First Confirmed Vioxx Use | 7/8/02 |

### II. TOTAL POINTS CALCULATION

#### A. BASIS POINTS

| | | | | |
|---|---|---|---|---|
| 1. | Qualifying Event/Level | Injury Type :  MI | Injury Level :    1 | Date of Event:  3/15/03 |
| 2. | Age at Event | 80 years or older | | |
| 3. | Overall Duration of Vioxx Use | 6-18M | | |
| 4. | **Basis Points** | | | **208.33** |

#### B.  LABEL AND CONSISTENCY ADJUSTMENTS

| | | | |
|---|---|---|---|
| 5. | Label | -15 % | |
| 6. | Consistency | +20 % | |
| 7. | **Adjustment Total %** | +5 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | **218.75** |

#### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | Hypertension | Controlled | - 20 % | 175.00 |
| 10. | Prior Diagnosed Vascular Disease | Cerebrovascular Disease | - 10 % | 157.50 |
| 11. | **TOTAL POINTS** | | | **157.50** |

### III.  POINTS AWARD DETERMINATION

This Post-Appeal Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has issued this Post-Appeal Notice of Points Award in response to your appeal under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Claims Administrator conducted a *de novo* review of your claim and assessed the Point value above. This determination supersedes that which you previously appealed.

### IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Post-Appeal Notice of Points Award, select the "Accept Points Award" button. Acceptance of this determination will end your appeal and place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant is IP Enrolled and that the claim is not selected for quality control or audit pursuant to Article 10 of the Settlement Aggrement. Check the claimant's Enrollment Status in Section I of this Notice to determine whether the claimant is IP Enrolled or Enrolled.

*Confidential Information*

## V. APPEAL

This determination takes the place of the Points Award you previously appealed. If this determination provides all the relief requested in your appeal, your entire claim will be deemed accepted and placed in line for payment, subject to the provisions of Article 10. If it grants some but not all of the relief you requested, any issue on which there is agreement will be considered resolved and deemed accepted. For any issue on which there is disagreement you will receive an explanation of the Claims Administrator's decision which you can view on the secure web-portal.

After reviewing the Claims Administrator's explanation as to each issue you appealed, you may choose whether to appeal any or all issues directly to the Special Master or to withdraw any or all issues. If you withdraw all issues on appeal, your claim will be placed in line for payment, subject to the provisions of Article 10. If you choose to submit your appeal to the Special Master, you do not need to provide additional explanation for each issue you appealed. Your original comments on appeal and the Claims Administrator's explanation will be forwarded to the Special Master for consideration, along with your entire claims submission. **Any new materials not previously provided with the original appeal will not be considered by the Special Master.**

If this determination assesses for the first time a risk factor or applies an adjustment that is different from your original Points Award determination, you may appeal that aspect of this Post-Appeal Notice of Points Award. To appeal a new finding by the Claims Administrator, select the "Appeal" button and submit comments on the secure web-portal as you did when noting your original appeal. The process will then repeat itself as to the new issue. Any appeal to the Special Master on the original Notice of Points Award will be held until you decide whether to appeal the new issue to avoid piecemeal submissions to the Special Master.

Upon receipt of an appeal, the Special Master will conduct a *de novo* review of your claim, which may decrease its value if additional factors are uncovered. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master will notify the Claims Administrator of its determination, and the Claims Administrator will promptly following receipt of such notice notify counsel (or the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination.

## VI. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this Notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.



## VII. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling Claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

### A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS

| | | |
|---|---|---|
| 1. | State Medicaid Participant | **No** |
| 2. | Medicaid Holdback Percentage | **0%** |
| 3. | Federal Medicare Participant | **Yes** |
| 4. | Global Medicare Resolution Category and Amount | **Resolution Category 6** **$143.27** |
| 5. | Other Government Program Obligations | **No** |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | **0%** |

### B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES

#### Identification of Participants in Government Healthcare Programs.

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*. **It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A *Obligations to Government Healthcare Programs* is thought to be inaccurate.**

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*, read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

*" P "*

*Confidential Information*

## VIII.  PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC Claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the Claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

# BROWNGREER ‖ PLC - VIOXX SETTLEMENT

Home
News and Developments
Primary Counsel Profile
Upload Files
Download Files
Claimant Search
Enrollment
Claims
Lien
Overlap Claimants
FAQ
Sign Out

## Post - Appeal Notice of Points Award

| | |
|---|---|
| **Claimant Name:** | Stephens, Johnie |
| **Law Firm:** | Eubanks, Gary & Associates |
| **VCN:** | 1062642 |
| **Injury Type:** | MI-Fatal |
| **Date of Event:** | 3/15/2003 |
| **First Confirmed Vioxx Use:** | 7/8/2002 |

<< Back to Claimant Event Details

Print/View Notice

After receiving your appeal and reviewing your claim, the Claims Administrator has issued a Post-Appeal Notice of Points Award. This determination takes the place of that which you previously received and appealed. This page describes the options available to you after receiving a Post-Appeal Notice of Points Award.

### Results of the Claims Administrator's Review

If this determination grants all of the relief requested in your appeal, it shall be deemed to be accepted. If the determination grants some but not all of the relief you requested, any issue on which there is agreement will be considered resolved and deemed accepted. Any issue on which the Claims Administrator has agreed cannot be appealed further to the Special Master.

If there is an aspect of your appeal that has not been resolved in the Claimant's favor, an explanation of that decision is provided in the comments box corresponding to that issue. After viewing that explanation, you may choose either to withdraw the issue or submit it directly to the Special Master. If you choose to submit your appeal to the Special Master, you do not need to provide additional explanation of your position. The comments you originally submitted on appeal and the Claims Administrator's explanation will be forwarded to the Special Master for consideration.

During review of your appeal, the Claims Administrator may have, for the first time, assessed a risk factor or applied an adjustment that is different from your original determination and which you have not previously appealed. If so, these items will appear in blue text below. Under those circumstances you may appeal that aspect of this determination by selecting the "Appeal" button and submitting your comments on the secure web-portal, just as you did with your original appeal. In order to avoid piecemeal submissions to the Special Master, the remainder of your appeal, if any, will be held until you decide whether to appeal the new issue.

### Options for Responding to a Post-Appeal Notice of Points Award

In responding to this determination you have the following options:

1. **Accept the Points Award.** If you accept the Post-Appeal Notice of Points Award, select the "Accept Points Award and Withdraw Appeal" option. Acceptance of a Points Award will end your appeal and place this claim in line for payment in accordance with and subject to all provisions of the Settlement Agreement, including Article 10. Note that if this determination grants all of the relief your requested in your appeal, it is deemed accepted and will be processed for payment, and there is nothing further you need to do.

2. **Submit Your Appeal Directly to the Special Master.** If this determination does not grant all of the relief requested in your appeal, you may choose to submit your appeal directly to the Special Master after viewing the explanation provided by the Claims Administrator. You must submit your appeal to the Special Master within 15 days of this determination or it will be deemed accepted by the Claims Administrator. Upon receipt of an appeal, the Special Master will conduct a de novo review of your claim, which may decrease its value if additional factors are uncovered. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master

will notify the Claims Administrator of its determination, and the Claims Administrator will promptly notify counsel (or the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's decision.

**3. Appeal a Newly Assessed Risk Factor or Adjustment.** If this determination assesses for the first time a risk factor or adjustment that is different from your original determination and which you have not previously appealed, you may appeal that aspect of the determination now by following the appeal procedures used in noting your original appeal on the secure web-portal. You must appeal this newly assessed factor or adjustment within 15 days of this determination. The remainder of your appeal, if any, will be held and not released to the Special Master until you decide whether to appeal the new issue.

☐ Accept Points Award and Withdraw Appeal

### A. BASIS POINTS

| Appeal | | | |
|---|---|---|---|
| | Injury Level | 1 | Add |
| | Age at Event | 80 years or older | Add |
| | Overall Duration | 6-18M | View |

### B. LABEL AND CONSISTENCY ADJUSTMENTS

| Appeal | | | |
|---|---|---|---|
| | Label Adjustment | -15% | Add |
| | Consistency Adjustment | +20% | Add |

### C. RISK FACTOR ADJUSTMENTS

| Appeal | Risk Factors | Finding | Adjustment | Cumulative Points | Comments |
|---|---|---|---|---|---|
| | Hypertension | Controlled | 0.200 | 175.00 | Add |
| | Prior Diagnosed Vascular Disease | Cerebrovascular Disease | 0.100 | 157.50 | Add |
| | Comments: | | | | |

**Firm Comments:**

**Global Medicare Resolution Case No.:**

**Total Points:** 157.50

### D. FEDERAL MEDICARE LIEN OBLIGATION

John Stephens was first prescribed Vioxx in November of 2000 and took Vioxx from that time until his death in [redacted] 2002. Records were not available due to age for the 11/2000-7/2002 period. There, therefore Claimant is [?] submitting evidence and supporting documentation from the family caregiver for Mr. Stephens as well as the pharmacist who supervised the pharmacy where Mr. Stephens' prescriptions were filled. Please see Uploaded

**CX Comments:**

In explaining the Minimum Duration requirements under the Duration Gate Criteria, Exhibit 2.2.1.2 provides that qualifying Vioxx pills must have been dispensed prior to the date of the claimant's Eligible Event. Sections 1.A(1)(a) and (b) of Exhibit 3.2.1 state that if a claimant "is dispensed a number of pills at a time that exceeds the number of days remaining until the Eligible Event, the number of pills from that last filled prescription shall be prorated for

○ Submit Issue to Special Master   ○ Withdraw Appeal on this Issue

Save   Cancel

☐ By checking this box, you are indicating you have completed your review of this determination and have selected one of the options outlined above. You must check this box to activate the SUBMIT button.

Submit

Comments

Firm
Comments:
Johnie Stephens was first prescribed Vioxx in November of 2000, and took
Vioxx from that time until his death in March of 2003. Records were not
available due to age for the 11/2000-7/2002 period of time, therefore Claimant
is submitting affidavits and supporting documentation from the family
caregiver for Mr. Stephens as well as the pharmacist who worked at the
pharmacy where Mr. Stephens' prescriptions were filled. Please see Uploaded
Affidavits from Bob Stephens and Woodrow Hill.

CA
Comments:
In explaining the Minimum Duration requirements under the Duration Gate
Criteria, Exhibit 2.2.1.2 provides that qualifying Vioxx pills must have been
dispensed prior to the date of the claimant's Eligible Event. Sections 1.A(1)(a)
and (b) of Exhibit 3.2.1 state that if a claimant "is dispensed a number of pills
at a time that exceeds the number of days remaining until the Eligible Event,
the number of pills from that last filled prescription shall be prorated for the
purposes of calculating Overall Duration at one pill per day." Prescriptions
filled after the date of the Eligible Event do not count towards the Overall
Duration.

The Eligible Event occurred on March 15, 2003. Prescriptions for Vioxx were
filled prior to the Eligible Event from July 8, 2002, to March 12, 2003, with a
total of 244 pills.

Based on the prescription records submitted, the claimant was correctly
credited with a total of 244 pills used prior to the date of the Eligible Event.
According to the terms of the Settlement Agreement, the Overall Duration
applied to this claim is 6 to 18 months.