# EXHIBIT 1-Z1



February 24, 2009

Bob Stephens
4005 Royal Oak
North Little Rock, AR 72116

Re: Johnie Stephens' Vioxx case

Dear Bob:

As you might imagine, from time to time, I have clients who wish to get me to reduce my fee by threatening to sue me for some pretended malpractice. It has been my practice over the years simply to ignore that and go on about my business knowing that I did not do anything wrong and that they are not going to get a lawyer who would file a frivolous action.

I now realize from our last meeting that you truly believe that you have a case against this firm. The fact of the matter is, you do not. I am going to try as best I can to share with you a basic time line and some facts about this situation. The first contact with Kroger in an attempt to obtain the pharmacy records was on November 12, 2004. If you will recall, you obtained this information from Woodrow Hill prior to employing us the next August.

At the time you went to Kroger in November of 2004 and requested copies of <u>all</u> of their prescriptions for Vioxx, you actually obtained all that were available at that time. The expunging or purging of their records had already occurred back to July of 2002. This is in keeping with our understanding of Kroger's policy of maintaining their records for two years.

You first employed us on August 29, 2005 and entered into a contract with the firm. You brought to us the Kroger printout at that time. On September 7, 2005, you completed the Plaintiff Profile Form. As I'm sure you understand, being a lawyer, this is the document that we had to rely upon in order to obtain the information for you. In response to the question regarding pharmacies, Kroger on McCain was the only pharmacy listed.

On October 3, 2005, Robert Rountree, the attorney handling the Vioxx files at the time, sent a preservation letter to the Kroger Division Office.

Being a lawyer, I'm sure you understand that it would not have been legally possible for us to obtain anything until you were actually appointed as Administrator of Johnie Stephens' estate. To have attempted to pass you off as the Administrator prior to your actually being admitted would have been tantamount to fraud. Therefore, for all practical purposes, this firm was not in a position to obtain either medical or pharmacy records from anyone in regard to your dad until January 24, 2006.

Pursuant to the authority given to us by you as Administrator of Johnie Stephens' estate, the full records from the Kroger Company from March 15, 1993 to March 17, 2003 were requested. As you know, the document which we received back was simply a duplicate of what you had received, since in November of 2004 you had actually obtained all of the records that were available at that time. After making the request for the records for March 15, 1993 to

708 West Second Street ♦ P.O. Box 3887 ♦ Little Rock, Arkansas 72203-3887
(501) 372-0266 ♦ (800) 522-5260 ♦ FAX (501) 688-7741 ♦ Web site: www.garyeubanks.com
622 Malvern Ave. ♦ Hot Springs, Arkansas 71901 ♦ (501) 623-2234 ♦ FAX (501) 623-4596



Stephens
2/24/2009
Page 2 of 2

March 17, 2003, Kroger insisted that an Order appointing you as Administrator be faxed to them prior to releasing the complete records to us. After faxing them a copy of the Court Order appointing you Administrator, we received the records from Kroger Pharmacy in response to our request for the complete history from 3/15/93 - 3/17/03. Kroger was still under the preservation request at the time these records were retrieved and sent.

On January 8, 2008, in response to a letter from me asking if there were any other existing pharmacy records, Kroger Division Office provided a time line of the preservation request. In that communication, Kroger advised that they even pulled their daily signature logs and found no records from 2000-2002. On January 21, 2008, for the first time, you informed us that Caremark was believed to carry the responsibility for the archived pharmacy records. We then requested records for 3/15/19-3/17/03 from Caremark. On April 18, 2008, we received an affidavit from Caremark advising that they had a record of an account for Johnie Stephens, but only maintained their records for 36 rolling months. This would mean that records prior to July of 2002 would have to have been requested before July of 2005. Since you did not employ us until August 29, 2005, nor did we have Letters of Administration until January of 2006, it would be impossible for us to have been responsible for the lack of records from Kroger Pharmacy or Caremark.

The archived records were obviously destroyed but, as you can see, the records from 2000 to mid-2002 were destroyed before our firm was ever involved. It was my sincere belief that your affidavit, along with the affidavit of Woodrow Hill, would be sufficient evidence to allow the Claims Administrator to modify their Points Award. This, however, did not happen. Let us hope that our appeal to the Special Master will be more fruitful.

I hope this has cleared up any misunderstandings, and I certainly don't want to have to file an abuse of process suit against you as a result of any unwarranted lawsuit against this firm. As you pointed out to me, any such action would certainly result in a tremendous amount of bad publicity and damage to our firm.

Please let me know if you have any questions.

Sincerely yours,

Gary L. Eubanks
Attorney at Law

GLE/af

708 West Second Street ♦ P.O. Box 3887 ♦ Little Rock, Arkansas 72203-3887
(501) 372-0266 ♦ (800) 522-5260 ♦ FAX (501) 688-7741 ♦ Web site: www.garyeubanks.com
622 Malvern Ave. ♦ Hot Springs, Arkansas 71901 ♦ (501) 623-2234 ♦ FAX (501) 623-4596

Z-1