# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY<br>LITIGATION | MDL NO. 1657<br><br>Section: L<br><br>Judge Fallon<br>Magistrate Judge Knowles |
| THIS RELATES TO:<br>Bob Stephens,<br>Individually, and as the<br>Administrator for the Estate of<br>Johnie Stephens, deceased<br><br>v.<br><br>Merck & Co., Inc.<br><br>Civil Action No. E.D. La. 06-CV-1678<br>               ARE 4-06-CV-0259 WRW | |

## DECLARATION OF DERON DACUS

My name is Deron Dacus. I am over eighteen (18) years of age and am fully competent to make this declaration. I have personal knowledge of the facts stated herein and they are all true and correct.

I am a partner with the law firm of Ramey & Flock, PC. I am licensed to practice law in the States of Texas. I am admitted to practice before the United States Court of Appeals for the Fifth Circuit and the United States District Courts for the Eastern and Northern Districts of Texas.

I am familiar with the standard of care for attorneys practicing in the field of personal injury and products liability litigation. As it pertains to the gathering, preservation and destruction of evidence, the standard is the same regardless of where the attorney practices. A

1

layperson, and certainly any licensed attorney, knows that in order to prove a drug-related products liability claim, one must prove that the plaintiff ingested the allegedly defective drug. Additionally, any reasonable attorney would know that the duration of use is extremely important in such a case. As a result, one of the very first things a reasonable attorney representing a plaintiff in a drug-related product liability case would do is obtain and preserve all evidence pertaining to the plaintiff's use of the allegedly defective drug. Indeed, once employed to handle such a case, an attorney owes the client a fiduciary duty to do so. Additionally, an attorney owes a client a fiduciary duty to carry out the client's instructions unless they are unreasonable or unethical.

I have read the Notice of Attorney's Lien, the Motion to Enforce Attorney's Lien and Brief in Support and all attachments thereto filed by Gary Eubanks & Associates, P.A. ("Eubanks"). I have also read the Declaration of Bob Stephens ("Stephens") and all exhibits attached thereto.

It is my professional opinion that Eubanks acted with gross negligence and breached its fiduciary duty by failing to obtain Kroger's records pertaining to Johnie Stephens as soon as possible after Eubanks was employed. Instead of obtaining the records as required by the standard of care and as instructed by Stephens, Eubanks merely instructed Kroger to maintain its records. Such action was a good first step, but Eubanks never followed up and obtained the records. Instead, before obtaining any records from Kroger, other than the one page printout provided by Stephens, Eubanks gave Kroger explicit permission to reinstate its purge process and thereby destroy records pertaining to Johnie Stephens. By doing so, Eubanks breached the standard of care and breached its fiduciary duty to Stephens. Eubanks' conduct gave Stephens good cause to terminate Eubanks immediately or at any time thereafter.

It is also my professional opinion that Eubanks breached its fiduciary duty to Stephens when it refused to take any further steps to attempt to obtain records from Kroger. Stephens has shown that despite reinstatement of its purge process, Kroger apparently still has some older records pertaining to Johnie Stephens, dating back to at least July 2002, and may have additional records in boxes at the Kroger store on McCain Blvd. in North Little Rock. As Stephens' lawyer, Eubanks owed Stephens a fiduciary duty to act with utmost loyalty and in Stephens' best interest. Such records, if they exist, would be extremely important to Stephens' Vioxx claim, even on appeal, as the Special Master might reopen the record. However, such records might also prove that Eubanks should have obtained them sooner. As a result, Stephens' interests would be furthered by obtaining the records, but Eubanks' interests would not. In this situation, Eubanks was still required to act in its client's best interest, follow the client's instructions, and attempt to obtain the records, regardless of the consequences. Instead, Eubanks refused thereby breaching its fiduciary duty and giving Stephens further good cause to terminate Eubanks.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated April 14, 2009

*/s/ Deron R. Dacus*
Deron Dacus