## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to<br>All Private Third-Party Payor<br>Cases | MAGISTRATE JUDGE KNOWLES |

### PRETRIAL ORDER NO. 38

Whereas, this Court has pending before it more than 45 claims by private health benefit providers ("third-party payors" or "TPPs," a list of which is attached as Exhibit A) that were either filed directly in the Court or transferred to this proceeding by the Judicial Panel on Multidistrict Litigation; and

Whereas Plaintiffs believe these MDL proceedings are now ripe to advance the adjudication of rights and responsibilities of the parties with respect to the claims brought by third party payors; and

Whereas Merck seeks to present dispositive motions to the Court challenging the legal sufficiency of plaintiffs' claims in the TPP cases; and

Whereas, the parties wish to proceed with merits discovery in the TPP cases in the event they are not dismissed; and

Whereas, the parties seek to advance the preparation of bellwether TPP claims for trial in this proceeding or their transferor courts;

**IT IS HEREBY ORDERED:**

I.      **APPLICABILITY OF ORDER**

        This Order shall govern:  (1) all TPP cases transferred to this Court by the

Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2)

any TPP actions subsequently transferred to this Court by the Judicial Panel on

Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and

(3) all related TPP cases originally filed in this Court or removed to this Court.  The

parties, after consultation, may seek additional orders relating to these claims, and the

Court may, sua sponte, supplement or amend this order at any time.  This Order

supplements PTO Nos. 16 and 17 and the amendments to those orders.  The deadlines

set forth in this Order supersede all deadlines in previous PTOs related to class action

cases pending in this MDL.

        Except as specifically provided in this order, the Federal Rules of Civil

Procedure shall apply to these proceedings.

II.     **FILING OF PRETRIAL ORDER NO. 38**

        A copy of this Order shall be filed in each TPP case transferred to this

District and shall apply to all such cases removed to, or transferred to, this Court and

cases filed in this Court that are within the subject matter of this Order.  In cases

subsequently filed, a copy will be provided by the Clerk to each plaintiff at the time of

filing the complaint.  In cases subsequently removed or transferred to this Court, a copy

will be provided by the Clerk to each new party upon removal or transfer.

III.    **TPP TRIAL CASE SELECTION**

        The following procedure will govern the identification and selection of six

TPPs whose claims will be adjudicated separately in a succession of bellwether trials.

A.     No later than April 6, 2009, each side shall select ten TPPs for the initial

discovery exchanges set forth in Section V.A of this Order (the

"Bellwether TPPs").  Any private TPP named as a plaintiff in any

complaint (class action or non-class action) asserting economic loss claims

shall be eligible for selection by the parties.  The parties shall endeavor to

select cases whose resolution through trial or dispositive motions will

provide helpful information to the Court and the parties about the TPP

claims.

B.     No later than June 10, 2009, each side shall identify five of the ten

Bellwether TPPs as lead trial cases (the "TPP Trial Cases").  If a party

fails to timely complete service of initial discovery exchanges pursuant to

Section V.A of this Order, the opposing side shall be entitled to elect to

delay the identification of TPP Trial Cases until 14 days after initial

discovery exchanges are completed.

C.     On September 8, 2009, or ninety days after TPP Trial Cases are identified

pursuant to Section III.B above, each side will be permitted to strike two

of the five cases identified by the opposing side.

D.     The Court will thereafter determine the order in which the six remaining

cases will be set for trial.

IV.   **DISPOSITIVE MOTIONS**

On April 20, 2009, or within 10 days of the filing of this Pretrial Order,

Plaintiffs may file amended complaints.

For any case in which Plaintiffs elect to file an amended complaint, Merck

shall have until June 25, 2009, or 15 days after the identification of TPP Trial Cases,

whichever is later, to answer or move to dismiss the amended complaint.  Merck shall file motions to dismiss or for judgment on the pleadings in all TPP Trial Cases, whether or not Plaintiffs file an amended complaint, by June 25, 2009, or within 15 days of the identification of TPP Trial Cases, whichever is later.  Plaintiffs shall file oppositions within 30 days of Merck's filing (expected by July 27, 2009), and Merck shall file replies 15 days thereafter (expected by August 11, 2009).

The Court will issue an order on Merck's motions to dismiss and/or for judgment on the pleadings following the completion of the foregoing briefing schedule and an opportunity for oral argument.  If such motions are denied, it shall be without prejudice to Merck's ability to file summary judgment motions after the conduct of discovery.

## V.    DISCOVERY AND TRIAL

### A.    Schedule

The following schedule shall govern discovery regarding the claims asserted in this proceeding by any TPP named as a plaintiff in any complaint (class action or non-class action) asserting economic loss claims:

1.    By April 10, 2009, the Bellwether TPPs shall disclose the identity of any pharmacy benefits manager (PBM) or third-party administrator (TPA) used by the TPP for the provision of pharmacy benefits to its members, beneficiaries, or insureds during the time period January 1, 1998, through December 31, 2006 (the "Relevant Time Period"), and shall file a notice with the Court certifying the disclosure to Merck.[1]

---

[1] Counsel for TPP Plaintiffs will disclose all available information by April 10, 2009, and reserves the right to supplement these disclosures should such supplementation prove necessary.

2.      By May 8, 2009, each remaining TPP shall disclose the identity of any PBM or TPA used by the TPP for the provision of pharmacy benefits to its members, beneficiaries, or insureds during the Relevant Time Period, and shall file a notice with the Court certifying the disclosure to Merck.  The parties disagree on the issue of whether discovery related to the remaining TPPs should be permitted while the discovery of Bellwether TPPs and TPP Trial Cases is ongoing, and will present the issue to the Court at a future date.

3.      No later than May 27, 2009, each Bellwether TPP shall serve Merck the following:

a.      The number of prescriptions reimbursed, and amount paid for those prescriptions, by drug and by month for the Relevant Time Period, for the following drugs, listed as branded (generic) (hereinafter referred to as the "Revelant Drugs"):

(1)     Anthrotec (diclofenac/misoprostol)

(2)     Bextra (valdecoxib)

(3)     Celebrex (Celecoxib)

(4)     Daypro (oxaproxin)

(5)     Ibuprofen

(6)     Mobic (meloxicam)

As provided below, Merck shall have 45 days to respond from the date of any such supplementation.

(7)     Naprosyn, Anaprox, Naprelan, Aleve (naproxen)

(8)     Relafen (nabumetone)

(9)     Vioxx (rofecoxib)

(10)    Voltaren (diclofenac);

b.     Copies of all formularies for prescription drugs used during the Relevant Time Period;

c.     Rosters or lists of members of any P&T Committee (or related committees) making formulary decisions for the TPP's pharmaceutical/prescription drug benefits plan(s) during the Relevant Time Period, including the name, address, and affiliated entity of each member;

d.     Minutes of any P&T Committee (or related committees) making formulary decisions for the TPP's pharmaceutical/prescription drug benefits plan(s) pertaining to review of the Relevant Drugs for the Relevant Time Period;

e.     Documents sufficient to show the benefit design for pharmaceutical benefits the TPP provided to members in any pharmaceutical benefits plan, including Documents showing any changes to the benefit design during the Relevant Time Period;

f.     Documents showing the amount of rebates, discounts, or price concessions that the TPP received from any suppliers

or manufacturers of the Relevant Drugs, or from PBMs or TPAs, for purchases or utilization of the Relevant Drugs during the Relevant Time Period;

g.  Any communications between the TPP, on the one hand, and the suppliers or manufacturers of the Relevant Drugs, the P&T Committee, or any PBM or TPA, on the other, regarding the Relevant Drugs during the Relevant Time Period;

h.  Documents sufficient to identify all self-insured plans for which the TPP asserts claims;

i.  Copies of any promotional materials or advertisements relating to the Relevant Drugs that the TPP received;

j.  Identification of the TPP's senior-most employee(s) or consultant(s) that interacted with Merck National Account Executives (NAEs) and/or Contract Managers (CMs) during the Relevant Time Period; and

k.  Identification of the TPP's senior-most employee(s) with responsibility for administration of its pharmacy benefits during the Relevant Time Period.

4.  By May 27, 2009, or within 45 days of the disclosure of the identity of any PBM or TPA used by the Bellwether TPPs, whichever is later, Merck shall serve the following:

a.   The identity of NAEs or CMs who called on or interacted with the Bellwether TPPs or their PBMs or TPAs during the Relevant Time Period (to be produced before May 27, 2009 if practicable);

b.   Communications between Merck NAEs and CMs and each Bellwether TPP and/or their PBMs regarding Vioxx contained in the relevant NAE or CM custodial file;

c.   Identification of the senior-most Merck employees, consultants and/or independent contractors having responsibility for advertising, promoting, marketing and/or selling Vioxx either to each Bellwether TPP or to physicians writing prescriptions located in the primary state of service of each TPP;

d.   The identity of all NAEs and CMs for whom Merck has already produced custodial files in the New Jersey TPP Litigation, and the identity of any PBM or TPA contract file that has been produced in the New Jersey TPP Litigation;[2]

e.   To the extent reasonably available, information showing the total rebates paid, or discounts or price concessions provided, to each Bellwether TPP and/or its PBM or TPA for purchases of Vioxx;

---

[2] The parties agree to meet and confer on the mechanics of production of any materials previously produced in New Jersey no later than ten days prior to the date of production.

f.      Any calculations, projections, or analyses conducted by Merck relating to the utilization of each Bellwether TPP, including any discounts or rebates calculations based on such utilization for Relevant Products, that are contained in the custodial file of any NAE or CM identified in subparagraph a., above; and

g.      To the extent not already produced in the New Jersey TPP litigation, the custodial file of any NAE or CM that called on the TPPs or the PBMs or TPAs that served the Bellwether TPPs during the Relevant Time Period.

5.      By April 21, 2009, or within 15 days of the selection of the Bellwether TPPs, each party may propound up to ten (10) interrogatories to the opposing party in each case.  These interrogatories shall not be counted against the limits imposed by Federal Rule of Civil Procedure 33, which shall be applicable to discovery under Section V.A.7.

6.      By April 21, 2009, or within 15 days of the selection of the Bellwether TPPs, each party may propound up to five (5) requests for production of documents on discovery topics that are not necessarily specific to Bellwether TPPs.

7.      Upon the identification of TPP Trial Cases, the parties may commence written discovery and depositions with respect to the

TPP Trial Cases as permitted by the Federal Rules of Civil Procedure.

8.      Absent leave of Court, written discovery and fact depositions in the TPP Trial Cases shall be completed by October 9, 2009.

9.      Plaintiffs' Expert Disclosures in the TPP Trial Cases shall be served no later than August 1, 2009.

10.     Merck's Expert Disclosures in the TPP Trial Cases shall be served no later than September 1, 2009.

11.     Plaintiffs' Rebuttal Expert Reports in the TPP Trial Cases shall be served no later than September 14, 2009.

12.     All dispositive motions, including summary judgment and *Daubert* motions, in the TPP Trial Cases shall be filed no later than September 15, 2009.

13.     All oppositions to summary judgment and *Daubert* motions shall be filed no later than October 2, 2009.

14.     All replies to oppositions to summary judgment and *Daubert* motions shall be filed no later than October 13, 2009.

15.     Trial in the first TPP Trial Case selected for trial by the Court shall commence in November 2009.

The dates contemplated above are set forth in the following chart:

| Event | Anticipated Date |
|---|---|
| Identification of Bellwether TPP Plaintiffs (20 total) | April 6, 2009 |
| Bellwether TPPs shall disclose the identity of any PBM or TPA used | April 9, 2009 |

| | |
|---|---|
| during the Relevant Time Period | |
| Each party may propound up to ten (10) interrogatories to the opposing party in each case. | April 21, 2009 |
| Each party may propound up to five (5) requests for the production of documents to the opposing party in each case | April 21, 2009 |
| Remaining TPPS to disclose the identity of any PBM or TPA used during the Relevant Time Period | May 8, 2009 |
| Initial Discovery Exchanges by Bellwether TPPs and Merck | May 27, 2009 |
| Each side to identify five TPP Trial Cases | June 10, 2009 |
| Merck shall file motions to dismiss or for judgment on the pleadings in the TPP Trial Cases | June 25, 2009 |
| Plaintiffs shall file oppositions to Merck's motions to dismiss | July 27, 2009 |
| Service of Plaintiffs' expert reports in TPP Trial Cases | August 1, 2009 |
| Merck shall file replies in response to Plaintiffs' oppositions to Merck's motions to dismiss or for judgment on the pleadings | August 11, 2009 |
| Service of Merck's expert reports in TPP Trial Cases | September 1, 2009 |
| Each side will be permitted to strike two of the five TPP Trial Cases identified by the opposing side | September 8, 2009 |
| Service of Plaintiffs' rebuttal expert reports in TPP Trial Cases | September 14, 2009 |
| Any Rule 56 or *Daubert* motions, and | September 15, 2009 |

| | |
|---|---|
| proposed common questions (in the form of Rule 49 jury questions and/or proposed findings for the Court) to be filed and served | |
| Any Oppositions to Rule 56 or *Daubert* motions to be filed and served | October 2, 2009 |
| Written discovery and fact depositions in the TPP Trial Cases shall be completed | October 9, 2009 |
| Replies (if any) to Rule 56 or *Daubert* motions to be filed and served | October 13, 2009 |
| First TPP Trial | November 2009 |

B.    **Use of Prior Discovery**

Third party payor counsel, the TPPs and Merck shall utilize to the fullest extent practicable discovery previously taken in these MDL proceedings.  The PSC shall ensure that counsel for the TPPs has full access to the MDL discovery (documents, databases, depositions, answers to interrogatories, expert reports, trial transcripts, trial exhibits, and formal discovery and other relevant information to claims relating to Vioxx) along with the trial package(s).

The Court reserves its ruling until a later date on the assessment for the use of these materials.  Use of these materials shall not constitute a waiver of any privilege associated with the materials.

Documents produced by Merck in discovery in the New Jersey TPP Litigation shall be deemed produced in any given TPP action.  The parties shall meet and confer concerning the identification and production of materials produced by Merck

in the New Jersey TPP litigation.  Questions about admissibility of these materials into evidence is not being addressed in this Order and is reserved for future consideration.

To ensure the closest coordination of TPP discovery between this MDL and the New Jersey TPP Litigation, Merck shall provide notice of each deposition to be taken in the New Jersey TPP Litigation (as soon as practicable from the date or original scheduling or rescheduling) to counsel for the Bellwether TPPs.  Merck and/or counsel for the Bellweather TPPs may thereafter cross-notice any such deposition.  Similarly, counsel for the Bellwether TPPs shall provide notice of each deposition to be taken in this MDL relating to TPP litigation (as soon as practicable from the date of original scheduling or rescheduling) to plaintiffs' counsel in the New Jersey TPP Litigation (and such counsel may cross-notice such depostions).

C.   **Confidentiality of Documents**

TPP counsel and Merck shall execute (if necessary), abide by, and utilize PTO No. 13, relating to the confidentiality of documents.  In addition, the parties shall prepare and agree to any additional protective order that is necessary to allow use of discovery from the New Jersey TPP Litigation.

New Orleans, Louisiana, this ___14th___ day of ___April___, 2009.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

## Exhibit A -- List of TPPs

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 1 | Allied Services Division Welfare Fund | Alexander, Betty and Allied Services Division Welfare Fund, on behalf of themselves and other similarly situated Representative Plaintiffs v. Merck | 05-0059 | E.D. Louisiana | N/A |
| 2 | American Federation of State County and Municipal Employees | Seitz, Christine , American Federation of State & Federal Employees, et al v. Merck | 05-0749 and Purchase Claims Master Class Action Complaint | E.D. Louisiana | N/A |
| 3 | Blue Cross of Northeastern Pennsylvania, individually and on behalf of all others similarly situated | Blue Cross of Northeastern Pennsylvania, individually and on behalf of all others similarly situated v. Merck | 05-03115 | N.D. Alabama | 05-1070 |
| 4 | Bricklayers of Indiana Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 5 | Cavalier Homes, Inc. | Cavalier Homes, Inc. v. Merck | 05-1075, 05-04850 and Purchase Claims Master Class Action Complaint | D. New Jersey | 04-6383 and 05-03796 |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 6 | Commonwealth Care Alliance, Healthcare For All | Commonwealth Care Alliance, Healthcare For All and Emily Feinberg v. Merck | 05-cv-02923 and Purchase Claims Master Class Action Complaint | D. Massachusetts | 05-10931 |
| 7 | County of Suffolk, New York | The County of Suffolk NY v. Merck | 05-02294 and Purchase Claims Master Class Action Complaint | E.D. New York | 05-1582 |
| 8 | Dealers-Unions Insurance Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 9 | Frankenmuth Financial Group | Frankenmuth Financial Group and Linda Watters v. Merck | 05-2280 and Purchase Claims Master Class Action Complaint | E.D. Michigan | 05-71577 |
| 10 | Health Plan of San Mateo | Health Plan of San Mateo v. Merck | | E.D. Louisiana | 09-3115 |
| 11 | Health Plus of Louisiana | Health Plus of Louisiana v. Merck | 05-01644 | E.D. Louisiana | N/A |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 12 | HMO Louisiana | HMO Louisiana v. Merck | | E.D. Louisiana | 09-3116 |
| 13 | IBEW 673 Fringe Benefit Funds | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 14 | IBEW Local 129 Fringe Benefit Funds | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 15 | IBEW Local 32 Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 16 | IBEW Local 683 Fringe Benefit Funds | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 17 | Indiana Bricklayers Local No. 6 Welfare Trust Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 18 | Indiana Carpenters Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 19 | Indiana Electrical Workers Benefit Trust | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 20 | Indiana State Council of Carpenters Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 21 | Indiana State Council of Roofers Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 22 | Indiana State District Council of Laborers and Hod Carriers Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 23 | Linda Watters, Commissioner, Offices of Financial and Insurance Services for the State of Michigan in her capacity as Liquidator of Michigan Health Maintenance Organization Plans, Inc., formerly known as | Frankenmuth Financial Group and Linda Watters v. Merck | 05-2280 and Purchase Claims Master Class Action Complaint | E.D. Michigan | 05-71577 |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 24 | Linda Watters, Commissioner, Offices of Financial and Insurance Services for the State of Michigan in her capacity as Rehabilitator of The Wellness Plan. | Frankenmuth Financial Group and Linda Watters v. Merck | 05-2280 and Purchase Claims Master Class Action Complaint | E.D. Michigan | 05-71577 |
| 25 | Local 237 Teamsters Brentwood School District Health & Welfare Trust Fund | Teamsters Local 237 Health & Welfare Fund, et al v. Merck | 05-516 and Purchase Claims Master Class Action Complaint | S.D. New York | 04-9248 |
| 26 | Local 237 Teamsters North Babylon School District Health & Welfare Trust Fund | Teamsters Local 237 Health & Welfare Fund, et al v. Merck | 05-516 and Purchase Claims Master Class Action Complaint | S.D. New York | 04-9248 |
| 27 | Local 237 Teamsters Plainview Old Bethpage Central School District Health & Welfare Trust Fund | Teamsters Local 237 Health & Welfare Fund, et al v. Merck | 05-516 and Purchase Claims Master Class Action Complaint | S.D. New York | 04-9248 |
| 28 | Local 237 Teamsters Retirees Benefit Fund | Teamsters Local 237 Health & Welfare Fund, et al v. Merck | 05-516 and Purchase Claims Master Class Action Complaint | S.D. New York | 04-9248 |
| 29 | Local 237 Teamsters Suffolk Regional Off Track Betting Corporation Health & Welfare Trust Fund | Teamsters Local 237 Health & Welfare Fund, et al v. Merck | 05-516 and Purchase Claims Master Class Action Complaint | S.D. New York | 04-9248 |
| 30 | Louisiana Health Service Indemnity Co d/b/a BlueCross/BlueShield of Louisiana | Louisiana Health Service Indemnity Co d/b/a BlueCross/BlueShield of Louisiana on behalf of itself and others similarly situated v. Merck | 05-0713 | E.D. Louisiana | N/A |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 31 | Michiana Area Electrical Workers Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 32 | Midwest Operating Engineers Health & Welfare Fund | Midwest Operating Engineers Health & Welfare Fund v. Merck AND Anderson, Christie et al v. Merck<br><br>Note: Case on both TPP and Consumer Lists | 05-3424, 05-4850, 05-2525 and Purchase Claims Master Class Action Complaint | D. New Jersey | 05-03796 |
| 33 | Motion Picture Laboratory Technicians and Film Editors Local 780 Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 34 | Ohio State IBEW Health & Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 35 | Painters District Council No 30 Health and Welfare | UFCW 1776 and Participating Employers Health & Welfare Fund & Painters District Council No. 30 Health & Welfare Fund v. Merck | 05-1111 and Purchase Claims Master Class Action Complaint | E.D. Pennsylvania | 05-CV0020 |
| 36 | Painters Local No. 469 Health and Welfard Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 37 | Painting Industry Insurance and Annuity Funds | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 38 | Pipe Trades Industry Health and Welfare Plan | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 39 | Plumbers and Steamfitters Local 42 Health and Welfare Plan | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 40 | Plumbers and Steamfitters Local 440 Health and Welfare Plan | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 41 | Plumbers and Steamfitters Local No. 166 Health and Welfare Plan | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 42 | Plumbers Local No. 210 Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 43 | Service Employee International Union Local No. 3 Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |

| | Plaintiff | Case Name | MDL Docket No. | Fed. District Court | Fed District Court Case No. |
|---|---|---|---|---|---|
| 44 | Sheet Metal Workers Local No. 20 Welfare and Benefit Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 45 | Southern Ohio Painters Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |
| 46 | Teamsters Local 237 Welfare Fund | Teamsters Local 237 Health & Welfare Fund, et al v. Merck | 05-516 and Purchase Claims Master Class Action Complaint | S.D. New York | 04-9248 |
| 47 | UFCW Local 1776 | UFCW 1776 and Participating Employers Health & Welfare Fund & Painters District Council No. 30 Health & Welfare Fund v. Merck | 05-1111 and Purchase Claims Master Class Action Complaint | E.D. Pennsylvania | 05-CV0020 |
| 48 | United Food and Commercial Workers Union-Employer Health and Welfare Fund | Sheet Metal Workers Local No. 20 Welfare | 05-2269 | S.D. Indiana | 05-0349 |