UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *See Attached Exhibit A* | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S *FIRST SUPPLEMENTAL* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET**
*(Claimants Submitting Supplemental Deficient Releases)*

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants in the cases identified in the attached exhibits to show cause why they have failed to comply fully with the enrollment requirements of the Master Settlement Agreement ("MSA"). In support of this motion, Merck states as follows:

1. On March 25, 2009, Merck filed a series of motions directed at persons who had enrolled in the Resolution Program, but who had failed to submit non-deficient enrollment materials. In response to Merck's motions, numerous claimants submitted additional materials to cure the specified deficiencies. However, in doing so, some claimants provided materials that were nonetheless deficient in some way different than the original materials. This ***First Supplemental*** motion is directed at those claimants who provided cure materials that were nonetheless deficient.

2. All of the claimants listed on the attached Exhibit A were previously listed on one of the March 25, 2009 Orders to Show Cause, and all of those claimants submitted supplemental

- 2 -

enrollment materials that remain deficient in some manner.  The specific deficiencies are listed on the Exhibit.  These deficiencies include:

- The Releasor failed to execute the release (R-1);

- The Release contained material alterations or is missing pages of the Release text (R-6);

- No original Release provided (R-32);

- The Certification of Counsel for the Derivative Claimant is missing (R-12);

- A purported representative signed for claimant without acceptable proof of representative capacity (R-30);

- A purported representative signed for a derivative claimant without acceptable proof of representative capacity (R-31);

- A purported representative signed for a claimant but there are issues regarding representative capacity (R-37);

- A purported representative signed for a derivative claimant but there are issues regarding representative capacity (R-38).

- The Releasor's signature was not notarized (R-15);

- The Release is missing the notary's seal or stamp (R-16);

- The notary's commission expired, the expiration date was required under state law but not stated, or the expiration date was required under state law and is illegible (R-17, R-36);

- Merck has identified derivative claimants from the registration materials or other relevant litigation materials who have not executed the required release (an R-7 deficiency).

3. The claimants on the attached exhibits have been advised of the deficiencies by the Claims Administrator and have been provided opportunities to cure these deficiencies. Notwithstanding, claimants' deficiencies remain uncured.

- 3 -

4.       These uncured deficiencies interfere with the ability of the Claims Administrator to make expeditious final payments and thus potentially prejudice rights of tens of thousands of claimants who have properly fulfilled their own obligations under the Program.

5.       In addition, these uncured deficiencies present issues as to final resolution of those matters pending on this MDL docket.

6.       The Tolling Agreement also provides that "any dispute arising under this Agreement shall be submitted to the MDL court for resolution."

7.       Accordingly, Merck requests that this Court enter an Order to show cause as to why the deficiencies in the release have not been cured.  Specifically, Merck requests that the Court order plaintiffs and claimants on the attached exhibit to provide complete non-deficient enrollment materials by 6:00 p.m. Eastern time, May 5, 2009.  Absent a showing of good cause as to why non-deficient enrollment materials cannot be provided, the claims will be dismissed with prejudice and any rights under any tolling agreement will be extinguished and voided.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated:  April 21, 2009                                          Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

and

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

973397v.1

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing First Supplemental Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of April, 2009.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

- 5 -

973397v.1