UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibits A, B, C, D, E & F* | * | KNOWLES |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S *SECOND SUPPLEMENTAL* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RESOLUTION PROGRAM ENROLLMENT REQUIREMENTS HAVE NOT BEEN MET**
*(Additional Deficient Claimants)*

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants in the cases identified in the attached exhibits to show cause why they have failed to comply fully with the enrollment requirements of the Master Settlement Agreement ("MSA" or "Agreement"). In support of this motion, Merck states as follows:

1. On March 25, 2009, Merck filed a series of motions directed at persons who had enrolled in the Resolution Program, but who had failed to submit non-deficient enrollment materials. This *Second Supplemental* motion is directed to an additional set of people who were not named in the original series of motions – primarily because their eligibility status remained unclear at the time of the filing of the original motions. Whereas the March 25 series of motions consisted of six (6) separate motions directed at six different categories of deficiencies, this current *Second Supplemental* motion encompasses all categories of deficiencies.

973402v.1

2. As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in the MSA. By submitting an enrollment form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4.

3. Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice, or otherwise unilaterally exit the Program. *See* MSA § 1.2.3.

4. The opportunity to enroll in the Settlement Program was extended to Eligible Claimants, as defined in the Agreement, including qualifying plaintiffs in lawsuits pending against Merck and claimants who executed a Tolling Agreement as referenced in the Notice of Filing of Tolling Agreement which was filed in the MDL Court on June 9, 2005 and amended pursuant to the Notice of Amendment to Tolling Agreement filed in the MDL Court on March 7, 2007. *See* M.S.A. § 1.2.1; § 17.1.22.

5. The Agreement sets out a form release. *See* MSA Exhibit 1.2.2.3. As part of the enrollment process, claimants and derivative claimants must provide a notarized Release, and all Releases must be properly and fully executed. *See* MSA § 1.2.2.1. The Agreement sets out a form release that also requires a Certification of Counsel. *See* MSA Exhibit 1.2.2.3. This Certification, *inter alia,* documents that counsel for the claimant explained the terms of the Agreement to the claimant, that neither counsel nor claimant has any objections to the terms of the Agreement, and that counsel will ensure that all liens and other third-party payor claims related to the claimants claim are satisfied. *Id.*

- 3 -

6.     The laws of Arizona, Kansas, Ohio, Oklahoma and Texas have special requirements regarding releases. These requirements are incorporated into the form release. Specifically, releases for persons from these "special states" must include an attachment that specifically identifies all released parties and include references to the attachment within the text of the release itself. *See Id.*

7.     Additionally, there are claimants who are deceased and no estates have yet been opened on their behalf. Accordingly, the releases provided for these deceased claimants do not fully comply with the terms of the MSA because the person executing the release has not established his or her legal authority to do so.

8.     Recognizing, however, the numerous issues involved in opening an estate, the Claims Administrator adopted a process for expediting consideration of these claims while the estate issues were being resolved. *See* Claims Administration Procedure 2008-1 ("CAP 2008-1"). In short, this simplified procedure requires submission of a form and a copy of a will (if one exists). Although this procedure is not a substitute for procuring a legally authorized representative for the estate, it allows those claims to proceed through the Gates review and Points Assessment phases. These claimants, *inter alia,* have not complied with the CAP 2008-1 procedure.

9.     The claimants on the attached exhibits are plaintiffs in cases pending on this MDL docket, or are parties to a tolling agreement, who elected to enroll in the Resolution Program. However, the Releases they provided do not fully comply with the terms of the MSA.

10.    These deficiencies include the following:

   a.  **Exhibit A (Fundamental Flaws)**

      - The Releasor failed to execute the release (R-1);

- A person purportedly acting under a Power of Attorney signed the Releasor's name, rather than signing the POA's own name (R-4);

- The Release contained material alterations or is missing pages of the Release text (R-6);

- No original Release provided (R-32);

- The Release contained handwritten changes to the Releasor's last name that Merck is unable to verify (R-35(b)).

b. **Exhibit B (Certifications of Counsel)**

- The Certification of Counsel for the Releasor is missing or blank (R-9);

- The Certification of Counsel for the Releasor is missing the correct name of the Releasor or identifies a deceased or incompetent claimant (i.e. counsel certified that he or she explained the program to a deceased/incompetent person) (R-10, R-40, R-41);

- Releasor's counsel failed to sign the Certification (R-11);

- The Certification of Counsel for the Derivative Claimant is missing (R-12);

- The Certification of Counsel for the Derivative Claimant has missing or inaccurate information or identifies a deceased or incompetent claimant (i.e. counsel certified that he or she explained the program to a deceased/incompetent person) (R-13, R-42, R-43);

- Counsel failed to sign the Certification of Counsel for the Derivative Claimant (R-14).

c. **Exhibit C (Special State Releases)**

- The Releasor failed to provide the proper attachment (R-33(a), R-33(b));

- The text of the release did not comply with state requirements (R-39).

d. **Exhibit D (Deceased Claimants)**

- A purported representative signed for the claimant without acceptable proof of representative capacity (R-30);

- A purported representative signed for a derivative claimant without acceptable proof of representative capacity (R-31);

- A purported representative signed for a claimant but there are issues regarding representative capacity (R-37);

- A purported representative signed for a derivative claimant but there are issues regarding representative capacity (R-38).

e. **Exhibit E (Notary Issues)**

   i. As to Releases from *Primary Claimants*:

- The Releasor's signature was not notarized (R-15);

- The Release is missing the notary's seal or stamp (R-16);

- The notary's commission expired, the expiration date was required under state law but not stated, or the expiration date was required under state law and is illegible (R-17, R-36);

- The notary identified the incorrect name for the Releasor (R-19);

- The notary's signature date is prior to the Releasor's signature date (R-21).

   ii. As to Releases from *Derivative Claimants*:

- The Derivative Claimant's signature was not notarized (R-22);

- The notary's commission expired, the expiration date was required under state law but not stated, or the expiration date was required under state law and is illegible (R-24);

- The notary identified the incorrect name for the Derivative Claimant (R-26);

- The notary's signature date is prior to the Releasor's signature date (R-28).

f. **Exhibit F (Derivative Claimants)**

- Merck has identified derivative claimants from the registration materials or other relevant litigation materials who have not executed the required release (an R-7 deficiency).

11. The claimants on the attached exhibits have been advised of the deficiencies by the Claims Administrator and have been provided opportunities to cure these deficiencies. Notwithstanding, claimants' deficiencies remain uncured.

12. These uncured deficiencies interfere with the ability of the Claims Administrator to make expeditious final payments and thus potentially prejudice rights of tens of thousands of claimants who have properly fulfilled their own obligations under the Program.

13. In addition, these uncured deficiencies present issues as to final resolution of those matters pending on this MDL docket.

14. The Tolling Agreement also provides that "any dispute arising under this Agreement shall be submitted to the MDL court for resolution."

15. Accordingly, Merck requests that this Court enter an Order to show cause as to why the deficiencies in the release have not been cured, and also requests the following relief:

- Exhibits A, C & D:  the identified claimants must provide non-deficient enrollment materials by 6:00 p.m. Eastern time, May 4, 2009, or their claims may be dismissed with prejudice and/or their rights under any Tolling Agreement extinguished and voided.

- Exhibit B:  the identified claimants' counsel must provide non-deficient certifications by 6:00 p.m. Eastern time, May 4, 2009, or they will be fined $1,000 daily until such non-deficient materials are provided.

- Exhibit E:  the identified claimants must provide non-deficient enrollment materials by 6:00 p.m. Eastern time, May 4, 2009, or their releases will be deemed valid and enforceable for all purposes and plaintiffs/claimants and/or their affiliates shall be estopped from contesting the validity of said releases in any future proceedings.

- Exhibit F:  the identified claimants must provide non-deficient enrollment materials by 6:00 p.m. Eastern time, May 4, 2009, or their derivative claims will be dismissed with prejudice and/or their rights as derivative claimants under any Tolling Agreement extinguished and voided.

973402v.1

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated: April 21, 2009                                          Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

and

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

973402v.1

## CERTIFICATE OF SERVICE

        I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of April, 2009.

                                                */s/ Dorothy H. Wimberly*
                                                Dorothy H. Wimberly, 18509
                                                STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana  70130
                                                Phone:  504-581-3200
                                                Fax:     504-581-3361
                                                dwimberly@stonepigman.com

                                                Defendants' Liaison Counsel

973402v.1