## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® ) | MDL NO. 1657 |
|     PRODUCTS LIABILITY ) | |
|     LITIGATION ) | Section: L |
| ) | |
| ——————————————— ) | Judge Fallon |
| ) | Magistrate Judge Knowles |
| THIS RELATES TO: ) | |
|     Bob Stephens, ) | |
|     Individually, and as the Administrator ) | |
|     for the Estate of Johnie Stephens, ) | |
|     deceased ) | |
| ) | |
| v. ) | |
| ) | |
| Merck & Co., Inc. ) | |
| ) | |
| Civil Action No: E.D. La 06-CV-1678 ) | |
|          ARE 4-06-CV-0259 WRW ) | |
| ) | |
| ——————————————— ) | |

## AFFIDAVIT OF GARY EUBANKS

Before the undersigned, an officer duly commissioned by the laws of the State of Arkansas,

on this 21st day of April, 2009, personally appeared Gary Eubanks who swears, deposes, and states

that:

1)      My name is Gary Eubanks.

2)      My business address is 708 West 2nd Street, Little Rock, Arkansas, 72201.

3)      My business telephone number is (501) 372-0266.

4)      I am of legal age and fully competent to execute this affidavit.

5)      I affirm that all information that I give in this statement is true.

1

I have reviewed the Memorandum in Opposition to Motion to Enforce Attorney's Lien, the Declaration of Bob Stephens and the Declaration of Deron Dacus that were forwarded to my office by Mr. Stephens' new attorney, E. Glenn Thames, Jr.   I disagree with several of the assertions made in these documents.

First, the assertion that Gary Eubanks and Associates, P.A. gave permission to Kroger Pharmacy to destroy Johnie Stephens' records is false.  In reality, Gary Eubanks & Associates, P.A. gave permission for Kroger to reinstate their electronic purge process once the firm had been assured that all of the available electronic records for Johnie Stephens had already been obtained.  This in no way affected the hard copy records, which Bob Stephens demonstrated with Exhibit 1-N of his Memorandum in Opposition to Motion to Enforce Attorney's Lien.

Second, in the Declaration of Bob Stephens, his time line includes a Preservation of Evidence letter sent by Gary Eubanks & Associates, P.A. in October of 2005, contact from Kroger asking when their "purge process" could begin again, suit being filed on Mr. Stephens' case, then authorization for Kroger to reinstate their "purge process".  Mr. Stephens' time line fails to include that between the time that a Preservation of Evidence letter was sent and the time that the electronic purge process was reinstated, Gary Eubanks & Associates, P.A. requested and received from Kroger Pharmacy a complete copy of Johnie Stephens' pharmaceutical records covering the period of March 15, 1993 through March 17, 2003.  At no time did Kroger indicate to Gary Eubanks & Associates, P.A. that they needed to take other steps or make additional requests for the same period of time to get different records.  Therefore, only after confirming that Kroger had provided all available records, did Gary Eubanks & Associates, P.A., give permission to reinstate the electronic purge.  As Kroger indicated, and as discussed above, this was not a destruction of all records.

Third, Mr. Stephens states that he met with Ashley Ohlde on December 12, 2007, and asserts as fact things that happened during his meeting with Ms. Ohlde.  Ashley Ohlde was not employed at Gary Eubanks & Associates, P.A. in December of 2007, therefore making this meeting between Ms. Ohlde and Mr.

2

Stephens impossible.

Fourth, Mr. Stephens assumed that simply because an email regarding his case from Susan Clayton of Kroger Division Office arrived in our office the same date that a letter was sent out advising of Jeff Weber's departure from our firm, that Mr. Weber was held responsible for some terrible wrongdoing regarding Mr. Stephens' case and was therefore terminated.   Jeff Weber left the firm of Gary Eubanks & Associates, P.A. voluntarily after giving his notice in December of 2006, a fact which Bob Stephens was advised of by Gary Eubanks when Mr. Stephens inquired about the situation.

Fifth, in the Declaration of Deron Dacus, Mr. Dacus asserts that Gary Eubanks & Associates, P.A. was fired for good cause because "[i]nstead of obtaining the records as required by the standard of care and as instructed by Stephens, Eubanks merely instructed Kroger to maintain its records.  Such action was a good first step, but Eubanks never followed up and obtained the records.  Instead, before obtaining any records from Kroger, other than the one page printout provided by Stephens, Eubanks gave Kroger explicit permission to reinstate its purge process and thereby destroy records pertaining to Johnie Stephens."  He further asserts that "Eubanks breached its fiduciary duty to Stephens when it refused to take any further steps to obtain records from Kroger."  Mr. Dacus' statements are inaccurate and misleading to the Court.  I have attached to this affidavit an outline of the events which actually occurred during the attempts of Gary Eubanks & Associates, P.A. to obtain Johnie Stephens' pharmacy records.

Sixth, Bob Stephens executed an affidavit on December 3, 2008, which stated that he had reviewed the information received from Caremark and understood Alex Hunter's affidavit to cover the period of time from 2000-2002.  Mr. Stephens represented to the Claims Administrator, through his affidavit, that everything had been done that could be done to obtain the pharmacy records for his father's case.  Now, less than six months later, Mr. Stephens is asserting to this Court that nothing was done to obtain his father's pharmacy records.

Moreover, Stephens' recent acquisition of "hard copy" pharmacy records for July 2002, September

3

2002 and March 2003, (Doc 18249, Ex 1-N) demonstrates precisely what Kroger had already told Gary Eubanks & Associates, P.A. – hard copy records can only be obtained with an exact Rx number. The only hard-copy records Mr. Stephens obtained were records that he knew the exact Rx number to, as the Rx number is listed on the pharmacy printout. Gary Eubanks & Associates, P.A. did not gather the hard-copies of these records because we already had the pharmacy printout from which Stephens found these Rx numbers, and this was all the evidence needed as proof of the Vioxx ingestion for that period of time. Mr. Stephens did not gather any hard-copy records prior to July of 2002 because, as we were told by Susan Clayton of the Kroger Division Office, without the exact Rx number, the records are impossible to locate. This was the reason for attempting to obtain the Caremark records – so that exact Rx numbers could be found to pull hard-copy records. No such information was ever made available to Gary Eubanks & Associates, P.A. Further, Gary Eubanks & Associates, P.A. has been advised by Kroger that they have reviewed their signature logs and found no proof of any earlier prescriptions. It is unreasonable to assume that Gary Eubanks & Associates, P.A., upon twice receiving responses from Kroger that there are no indications that any other prescriptions exist, should have somehow forced Kroger to go manually through every box containing two years worth of prescriptions, searching for something Kroger has indicated may not be there.

Lastly, the accusation by Mr. Dacus in his Declaration that our firm did not acquire the additional records from Kroger Pharmacy because it would not be in the firm's interests is absurd. As the attorney's fee is calculated as a percentage of any award received, the firm's fee would increase as the amount of the award increases. It is therefore in the client's and the firm's best interest to develop as complete a record as possible in order to recover the maximum amount possible in the client's case. Gary Eubanks & Assocaites, P.A. did so in this case.

It is my opinion that there was no good cause for Stephens to fire Gary Eubanks & Associates, P.A., and his doing so is merely an attempt to avoid payment of the fee for the work done by our firm on his case.

4

Respectfully submitted,

GARY EUBANKS & ASSOCIATES, P.A.
P.O. Box 3887
Little Rock, Arkansas 72203
(501) 372-0266
eubanksg@garyeubanks.com

Gary L. Eubanks, 60014

## ACKNOWLEDGMENT

**STATE OF ARKANSAS**                    )
                                         )SS
**COUNTY OF** Pulaski                    )

Subscribed to and sworn before me, a Notary Public, this 22 day of April, 2009.

Notary Public

My Commission Expires:

8/31/2015

OFFICIAL SEAL
ANGELA M. FLOURNOY
NOTARY PUBLIC-ARKANSAS
PULASKI COUNTY
MY COMMISSION EXPIRES: 08-31-15

5

## CERTIFICATE OF SERVICE

I, Gary L. Eubanks, hereby certify that the above and foregoing Notice of Attorney's Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22ⁿᵈ day of April, 2009.

I further certify that the above and foregoing was served via U.S. Mail upon the following:

E. Glenn Thames, Jr.
POTTER MINTON
110 North College, Suite 500
Tyler, TX 75702

Jennifer Goodwin
Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, VA 23219-4209

Gary L. Eubanks
AR BIN 60014
Attorney for Plaintiff
GARY EUBANKS & ASSOCIATES, P.A.
P.O. BOX 3887
LITTLE ROCK, ARKANSAS 72203-3887
PHONE: (501) 372-0266
FAX: (501) 688-7738
eubanksg@garyeubanks.com

6