UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® | ) | MDL NO. 1657 |
|     PRODUCTS LIABILITY | ) | |
|     LITIGATION | ) | Section: L |
| | ) | |
| _____ | ) | Judge Fallon |
| | ) | Magistrate Judge Knowles |
| THIS RELATES TO: | ) | |
|     Bob Stephens, | ) | |
|     Individually, and as the Administrator | ) | |
|     for the Estate of Johnie Stephens, | ) | |
|     deceased | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
|     Merck & Co., Inc. | ) | |
| | ) | |
|     Civil Action No: E.D. La 06-CV-1678 | ) | |
|                 ARE 4-06-CV-0259 WRW | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF REPLY TO RESPONSE TO MOTION TO ENFORCE ATTORNEY'S LIEN**

Comes now, Gary Eubanks and Associates, P.A. (hereinafter "the Firm"), and for its Memorandum in Support of Reply to Response to Motion to Enforce Attorney's Lien states:

**I. INTRODUCTION**

Plaintiff Bob Stephens, Individually and as Administrator of the Estate of Johnie Stephens, deceased (hereinafter "Stephens") response to the Firm's Motion to Enforce Attorney's Lien[1] is an attempt to nullify or avoid the valid lien possessed by the firm on this lawsuit. Specifically,

---

[1] Although the Firm received service of Stephens' response via U.S. Mail, it did not receive notification of service via the means prescribed by this Court. The Firm notes that Stephens' response is listed as "Deficient" on the MDL docket; however, due to the arguments and facts contained therein, the Firm believes that Stephens' Response warrants a Reply.

1

Stephens claims that the Firm is not entitled to its lien or fee because the Firm "breached its fiduciary duty to Stephens, committed malpractice, and was terminated for cause." (Doc. 18249, p. 1). While the issue of cause for termination may be relevant in some instances where an attorney seeks to enforce a lien, this is not such a case. As shown below, and without getting into the merits of a "malpractice" action which the Firm adamantly asserts would be unsuccessful and futile, there was no breach of fiduciary duty or malpractice committed by the Firm during the course of its representation of Stephens. Frankly, there was no cause for the Firm to be fired and Stephens is merely seeking to avoid payment of the attorney's fee owed to the Firm for its work.

## II. FACTS

The facts relevant to a determination of the issues at hand have been presented to the Court in both the Firm's Brief in Support of Motion to Enforce Attorney's Lien and Stephens's Response thereto. However, Stephens has misrepresented or left out portions of the facts that are vital to a fair adjudication of the matter of the Firm's attorney's lien. The portions of the Declaration of Bob Stephens (Doc. 18249, Ex. 1) that the Firm disputes, as well as the conclusions and allegations of fact contained in the Declaration of Deron Dacus (Doc. 18249, Ex. 2), are discussed more thoroughly in the Affidavit of Gary Eubanks attached hereto as Exhibit A and incorporated as if set forth herein. Based upon <u>all</u> the facts of this case, it is clear that good cause for termination <u>did not exist</u> when Stephens decided to fire the Firm.

## III. ARGUMENT AND AUTHORITIES

### A. The Firm is entitled to its attorney's fee.

The Firm does not dispute that the attorney's lien statute does not apply to cases in which an attorney is terminated for cause. *See Mobley Law Firm v. Lisle Law Firm*, 353 Ark. 828, 120

S.W.3d 537 (2003). Nevertheless, under the circumstances and facts of the Firm's representation of Stephens in the pursuit of his claim against Defendant Merck & Co., Inc., there was no cause to terminate the Firm. Furthermore, it was not necessary for the Firm to obtain Stephens's signature on the notice to enforce its lien because suit had commenced and the lien attached upon the signing of the pleading by the Firm. *See* Ark. Code Ann. § 16-22-304(b). *See also Froelich v. Graham*, 349 Ark. 692, 80 S.W.3d 360 (2002) (explaining that no notice is required once suit or a cause of action is filed). Notice of Attorney's Lien was filed shortly after Stephens's decision to terminate the Firm's representation of him in an attempt to not only to protect its lien, but also to provide notice to the Court, the Claims Administrator, and any subsequent counsel hired by Stephens. There is no doubt that under section 16-22-304(b) the Firm's attorney's lien was created the day Stephens's cause of action was filed.

**B. The Firm did not breach its fiduciary duty and, therefore, did not forfeit its fee.**

A person standing in a fiduciary relationship with another is subject to liability to the other for harm resulting from a breach of the duty imposed by the relationship. *See Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761 (1996). This includes the attorney-client relationship. *See Rice v. Ragsdale*, ___ Ark. App. ___, ___ S.W.3d ___, 2009 Ark. App. LEXIS 198 (Ark. App. Feb. 11, 2009).[2] However, an attorney that breaches this fiduciary duty does not automatically forfeit his fee as Stephens suggests. Rather the lawyer "may be required to forfeit some or all of the lawyer's compensation for the matter." Restatement (Third) of the Law Governing Lawyers § 37 (2000). In Arkansas, the only "requirement" of a forfeiture of the fee may be found in Arkansas Code Annotated § 16-22-306, which provides as follows:

---

[2] A copy of this opinion was attached to Stephens's response.

If any suit in any court of record in this state is dismissed on account of the negligence of any attorney at law, or for his nonattendance at the court without having a just and reasonable excuse for such absence, it shall be at the costs of the attorney at law. Such attorney at law shall be liable for all damages his client may have sustained by the dismissal or by any other neglect by the attorney at law of his duty, in an action in any court within this state having jurisdiction thereof.

Ark. Code Ann. § 16-22-306.

This statute is inapplicable here. First, Stephens's case has not been dismissed. Second, the Firm successfully obtained a settlement in Stephens's favor. Third, the case is virtually completed with the only remaining aspect to be a determination by the Special Master of Stephens's appeal and disbursement of the settlement. As such, it cannot be said that the Firm forfeited its fee in any manner during the course of this litigation. There was no harm caused by <u>anything</u> that the Firm did while employed as Stephens's attorneys in this matter.

### C. This Court has jurisdiction to determine the matter at hand.

Stephens request that the Court should (a) deny the Firm's request to enforce its attorney's lien or (b) find that there are fact issues more properly resolved in the Arkansas state courts. This is not necessary. It is clear that the "procedure for enforcing an attorney's lien may be by motion in the court where the action is pending, or may be by a separate suit in said court." *Monsanto Chemical Co. v. Grandbush*, 162 F.Supp. 797, 802 (W.D. Ark. 1958) (citing *Missouri Pac. Trans. Co. v. McDonald*, 206 Ark. 270, 174 S.W.2d 944 (1943)). *See also Pomtree v. State Farm Mut. Auto. Ins. Co.*, 353 Ark. 657, 121 S.W.3d 147 (2003) (explaining that the proper venue to establish a lien is in the court where the lawsuit was pending). That is what has been done in this case, and it would be proper for the Court to proceed and direct that the Firm be paid its fee upon

disbursement of Stephens's settlement.

## IV.  CONCLUSION

For the reasons set forth herein, as well as the Firm's memorandum in support of its motion to enforce attorney's lien, the Firm requests that the Court find that Stephens lacked cause to terminate the attorney-client relationship with the Firm, enforce the attorney's lien upon any award due to Stephens, and issue an order requiring satisfaction of this lien upon disbursement of the settlement proceeds.

>
> Respectfully submitted,
>
> GARY EUBANKS & ASSOCIATES, P.A.
> P.O. Box 3887
> Little Rock, Arkansas 72203
> (501) 372-0266
> eubanksg@garyeubanks.com
>
> /s/ Gary L. Eubanks
> Gary L. Eubanks, 60014

**CERTIFICATE OF SERVICE**

  I, Gary L. Eubanks, hereby certify that the above and foregoing Notice of Attorney's Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of April, 2009.

  I further certify that the above and foregoing was served via U.S. Mail upon the following:

E. Glenn Thames, Jr.
POTTER MINTON, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702

Jennifer Goodwin
Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, Virginia 23219

            /s/ Gary L. Eubanks
            Gary L. Eubanks
            AR BIN 60014
            GARY EUBANKS & ASSOCIATES, P.A.
            P.O. BOX 3887
            LITTLE ROCK, ARKANSAS 72203-3887
            PHONE: (501) 372-0266
            FAX: (501) 688-7738
            eubanksg@garyeubanks.com