# EXHIBIT 1-H

*Confidential Information*

| V2046 | NOTICE OF POINTS AWARD |
|---|---|
| | Date of Notice: 11/20/08 |

### I. IDENTIFYING INFORMATION

| Claimant Name | Stephens, Johnie | | Social Security Number | 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 |
|---|---|---|---|---|
| Law Firm | Eubanks, Gary & Associates | | | |
| VCN Number | 1062642 | Enrollment Status: IP Enrolled | First Confirmed Vioxx Use | 7/8/02 |

### II. TOTAL POINTS CALCULATION

#### A. BASIS POINTS

| | | | |
|---|---|---|---|
| 1. | Qualifying Event/Level | MI Injury Level : 1 | Date of Event: 3/15/03 |
| 2. | Age at Event | 80 years or older | |
| 3. | Overall Duration of Vioxx Use | 6-18M | |
| 4. | Basis Points | | 208.33 |

#### B. LABEL AND CONSISTENCY ADJUSTMENTS

| | | | |
|---|---|---|---|
| 5. | Label | -15 % | |
| 6. | Consistency | +20 % | |
| 7. | Adjustment Total % | +5 % | |
| 8. | Subtotal Points | (Row 4 x Row 7) | 218.75 |

#### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | Hypertension | Controlled | -20 % | 175.00 |
| 10. | Prior Diagnosed Vascular Disease | Cerebovascular Disease | -10 % | 157.50 |
| 11. | **TOTAL POINTS** | | | 157.50 |

### III. POINTS AWARD DETERMINATION

This Points Award determination is subject to (i) appeal as set forth in Section 3.2.4 of the Settlement Agreement; (ii) acceptance of a Fixed Payment if the total Points award is less than ten points for an MI-related injury; and (iii) audit pursuant to Article 10, but otherwise shall be non-Appealable, final, and binding on the claimant.

### IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Points Award, select the button "Accept Points Award. Will Not Appeal." Acceptance of this Points Award will place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant is IP Enrolled and that the claim is not selected for audit pursuant to Article 10. Check the claimant's Enrollment Status in Section I of this Notice to determine whether the claimant is IP Enrolled or Enrolled.

"H"

*Confidential Information*

## V. APPEAL

Counsel who are appealing this Points Award on behalf of a claimant who has elected to Appeal must select the "Appeal" button. Selecting and submitting an appeal on the Claims Administrator's secure web-portal constitutes written notice of your appeal under section 3.2.4 of the Settlement Agreement. You must appeal within 15 days of the posting of this Notice, or the Points Award will be deemed accepted, final, and binding. If you appeal this Points Award, you must designate the issues you are appealing by selecting the specific factor(s). You must provide comments for each factor you select, stating specifically why you disagree with the Claims Administrator's findings and giving information about which medical record(s) support your position. The Claims Administrator will review your Appeal and will either issue a new Notice of Points Award if the amount of your Points changes, or provide an explanation if the Claims Administrator's original findings remain. When the Claims Administrator has reviewed your appeal and provided this explanation, you will have the opportunity either to withdraw your appeal or to submit your appeal directly to the Special Master. Upon receipt of an appeal, the Special Master will review the claim *de novo*. During either the Claims Administrator's or the Special Master's review during the appeal process, the number of points may decrease if additional factors are uncovered that lower the value of the claim. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master shall notify the Claims Administrator of its determination, and the Claims Administrator shall, promptly following receipt of such notice, notify Counsel, (or, the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination.

## VI. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points, the Claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the Claimant fails to elect a Fixed Payment within 30 days, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.

## VII. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling Claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

"H"

*Confidential Information*

| | A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS | |
|---|---|---|
| 1. | State Medicaid Participant | No |
| 2. | Medicaid Holdback Percentage | 0% |
| 3. | Federal Medicare Participant | Yes |
| 4. | Global Medicare Resolution Category and Amount | **Resolution Category 6**<br>**$143.27** |
| 5. | Other Government Program Obligations | No |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | 0% |

**B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES**

**Identification of Participants in Government Healthcare Programs.**

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*. It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A *Obligations to Government Healthcare Programs* is thought to be inaccurate.

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*, read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

**VIII. PAYMENTS AND WITHOLDINGS**

Claimants who are IP Enrolled and are not Special Marker QPC Claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the Claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered in Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

"H"