# EXHIBIT 3 (part 2 )

## COUNT II. NEGLIGENCE

34.  Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above, and further allege:

35.  Defendant had a duty to the Decedent to produce and sell a reasonably safe product in design and manufacture, and to warn of the dangerous and potentially deadly nature of Vioxx.

36.  Defendant breached its duty of reasonable care to the Decedent by the following acts and omissions:

a.    The Defendant knew or should have known that the use of Vioxx leads to an increased risk of serious adverse health effects;

b.    Defendant did not adequately test Vioxx prior to distribution and sales in the State of Arkansas;

c.    Defendant continued to manufacture, market, distribute and sell Vioxx notwithstanding their knowledge of the drug's dangerous nature;

d.    In marketing and selling Vioxx in the State of Arkansas Defendant failed to disclose the dangers and risks to the health of persons ingesting the drug;

e.    Defendant failed to warn adequately of the adverse effects of Vioxx;

f.    Defendant misrepresented in its advertisements, promotional materials and other materials among other things, the safety, potential side effects and efficacy of Vioxx;

g.    Defendant designed and manufactured a drug which when used leads to

7

serious adverse health effects including, but not limited to, heart attacks and strokes;

h.      Otherwise failing to exercise ordinary care under the circumstances, especially where the circumstances involve the health hazards and health risks of ingesting Vioxx.

37.   As a direct and proximate result of the carelessness, negligence, fault, silence, omission, and inaction of Defendant, Decedent and Plaintiff have suffered damages as set out below.

38.   As a direct and proximate result of the fault of Defendant, Decedent developed a stroke or heart disease, as more fully set out herein.  In addition, Plaintiffs have suffered and continue to suffer injuries including, but not limited to, pain, physical limitations, visual problems, paresthesias, paralysis, mental anguish, and death.

## COUNT III. NEGLIGENCE PER SE

39.   Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above and further allege:

40.   Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of Vioxx.

41.   Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, et seq., related amendments and codes and federal regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

8

42. Decedent, as purchaser, consumer and user of Vioxx, is within the class of persons the statutes and regulations described above are designed to protect and Decedent's injuries are the type of harm these statutes are designed to prevent.

43. Defendant's acts constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §331, and further constitute a breach of duty, subjecting Defendant to civil liability for all damages arising therefrom, under theories of negligence per se.

44. Defendant failed to meet the standard of care set by the following statutes and regulations, which were intended for the benefit of individuals such as Decedent, making Defendant negligent per se:

    a.    The labeling lacked adequate information on the use of the drug Vioxx [21 C.F.R. §201.56(a) and (d)];

    b.    The labeling failed to provide adequate warnings of severe and disabling medical conditions including, heart attack and stroke and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug [21 C.F.R. §201.57(e)];

    c.    There was inadequate information for patients concerning the safe and effective use of Defendant's drug [21 C.F.R. §201.57(f)(2)];

    d.    There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Defendant's drug [21 C.F.R. §201.57(f)(1)]; and

    e.    The labeling was misleading and promotional [21 C.F.R. §201.56(b)].

45.  As a result of the above described statutory violations, Decedent sustained a stroke or heart disease and has suffered injuries and damages as alleged herein, including but not limited to, pain, physical limitations, visual problems, paresthesias, paralysis, mental anguish, and death.

## COUNT IV. STRICT LIABILITY

46.  Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above, and further allege:

47.  Defendant was engaged in the business of manufacturing, assembling, selling and otherwise distributing pharmaceutical products.

48.  The pharmaceutical products were supplied by Defendant in a defective condition which rendered the drugs unreasonably dangerous and which defective condition was a proximate cause of the damages to Plaintiff and Decedent, as hereinafter described.  As a result of this defective condition, Defendant is strictly liable under the product liability laws of the State of Arkansas.

49.  Specific defects believed and alleged to have existed in the product include, but are not limited to, the following:

       a.     Vioxx is unreasonably and unnecessarily harmful to the health of users;

       b.     Defendant had the technology to remove the dangerous properties of its drug or to reduce the potentially deadly nature of their drug, but failed to do so;

       c.     Defendant had the technology to reduce the level of dangerous chemicals in its product.

50. Defendant's product was expected to and did reach Decedent without substantial change in the condition as manufactured, manipulated and sold by Defendants.

51. Decedent consumed the drug in the manner in which the drug was intended to be used, that is, for personal consumption, causing and subjecting Decedent to strokes and heart disease.

52. Decedent was not aware of, and reasonably could not have discovered, the harmful effects of the Defendant's product.

53. Defendant's drug constitutes a product unreasonably dangerous for normal use due to its defective design, defective manufacture, and the Defendant's inadequate warnings to Decedent .

54. As a direct and proximate result of the fault of the Defendant, Decedent developed strokes, or heart disease and have suffered and continue to suffer injuries and damages including, but not limited to, pain, physical limitations, paresthesias, paralysis, mental anguish and death.

## COUNT V. BREACH OF EXPRESS WARRANTY

55. Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above, and further allege:

56. Defendant expressly warranted that Vioxx was safe and well tolerated by patients studied.

57. Vioxx did not conform to these express representations because Vioxx is not safe and has serious adverse health effects, including life threatening effects.

58. As a direct and proximate result of the breach of said warranties, Plaintiff and Decedent suffered injury, harm and economic loss as alleged herein.

11

## COUNT VI. BREACH OF IMPLIED WARRANTY

59.  Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above, and further allege:

60.  At the time Defendant marketed, sold, and distributed Vioxx for use by Decedent, Defendant knew of the use of which Vioxx was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

61.  Decedent and his physicians reasonably relied upon the skill and judgment of Defendant as to whether Vioxx was of merchantable quality and safe and fit for its intended use.

62.  Contrary to such implied warranty, Vioxx was not of merchantable quality or safe or fit for its intended use, because the product was, and is, unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

63.  As a direct and proximate result of the breach of an implied warranty, Plaintiff and Decedent suffered injury, harm and economic loss as alleged herein.

## COUNT VII. UNJUST ENRICHMENT

64.  Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the  paragraphs above, and further allege:

65.  Defendant is the manufacturer, seller and/or supplier of the drug Vioxx.

66.  Decedent paid for Vioxx as a safe and effective treatment for the pain of arthritis.

67.  Defendants accepted payment by the Plaintiffs for the purchase of Vioxx.

68.  Decedent did not receive a safe and effective treatment for the symptoms for which he  paid.

12

69. It would be inequitable for the Defendant to keep this money where the Decedent did not in fact receive a safe and effective treatment for his arthritis. The inequities are such that Defendant would be unduly enriched if allowed to retain these funds, and hereby seeks, the disgorgement and restitution of Defendant's wrongful profits, revenue and benefits, to the extent, and in the amount deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

## COUNT VIII. WRONGFUL DEATH DAMAGES

70. Plaintiff realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above, and further allege:

71. As a direct and proximate result of the Defendant's conduct, the heirs of Decedent Johnie Stephens have lost the Decedent as well as his companionship, society and care. Heirs of the Decedent Johnie Stephens include the following:

| | | |
|---|---|---|
| A. Rosie Stephens | Spouse | 4801 North Hills Blvd., Apt. 505 North Little Rock, AR 72116 |
| B. Bob Stephens | Son | 4005 Royal Oak Dr., North Little Rock, AR 72116 |
| C. Larry Stephens | Son | 5916 Hascall Omaha, NE 68106-3739 |

72. Bob Stephens, as Administrator of the Estate of Johnie Stephens, deceased, seeks damages for each of the foregoing persons as well as other damages available under ARK. CODE. ANN. §16-62-102. Further, the Estate of the Decedent suffered loss of future earnings, burial expenses, and the loss of the Decedent's life.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against the Defendant and award the following relief:

1.   For general damages in a sum in excess of the jurisdictional minimum of this Court;

2.   Medical, incidental, hospital, and service expenses according to proof;

3.   Pain, suffering and mental anguish experienced by the Decedent prior to his death;

4.   Loss of future earnings and earning capacity;

5.   Funeral Expenses;

6.   Damages for the Decedent's loss of life;

7.   All damages available under ARK. CODE ANN. § 16-62-102 for Plaintiff, Decedent and each and every heir of Decedent as provided under Arkansas wrongful death statutes;

8.   Pre-judgement and post-judgement interest as provided by law;

9.   Full refund of all purchased costs paid by Decedent for Vioxx;

10.   Compensatory damages in excess of the jurisdictional minimum of the Court, according to proof;

11.   Consequential damages in excess of the jurisdictional minimum of the Court, according to proof;

12.   Punitive and exemplary damages;

14

13.     Attorneys' fees, expenses, and costs of this action;

14.     Such further relief as this Court deems necessary, just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

Respectfully submitted,

GARY EUBANKS & ASSOCIATES
P.O. BOX 3887
LITTLE ROCK, ARKANSAS 72203-3887
(501) 372-0266


William Gary Holt,          Ark. #81090
Attorney at Law

15



Attorneys at Law

December 14, 2007

Ms. Susan Clayton                    *Via Facsimile (901) 765-4213*
Kroger Division Office

      RE:    Johnie Stephens
              SSN #: 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
              File No.: GE&A 213867

Dear Ms. Clayton:

      I am enclosing a copy of a letter which you received from my associate, Robert Rountree, on October 3, 2005, regarding preservation of the pharmaceutical records of Johnie Stephens.

      Since that time, Mr. Stephens has become deceased and it is my understanding that you have been furnished a copy of Order of Administration of his son, Bobby Stephens, as administrator of his estate.

      This firm represents Mr. Stephens' estate in regard to his claim against Merck, Inc. for the ingestion of VIOXX. We have received from your company a copy of Mr. Stephens' prescriptions as far back as July of 2002. Mr. Stephens commenced his prescription of VIOXX shortly after his hospitalization on November 26, 2000, and according to his son, has had a regular prescription of VIOXX since that time which was purchased at your pharmacy. This information is needed for the current VIOXX settlement and it is very important that I have this information prior to January 15th. I would appreciate your prompt attention to this matter and will pay you for any inconvenience that it might cause.

                              Sincerely yours,

                              Gary L. Eubanks

GLE:jd

Enclosure        **EXHIBIT "E"**

708 West Second Street ◆ P.O. Box 3887 ◆ Little Rock, Arkansas 72203-3887
(501) 372-0266 ◆ (800) 522-5260 ◆ FAX (501) 688-7741 ◆ Web site: www.garyeubanks.com
622 Malvern Ave. ◆ Hot Springs, Arkansas 71901 ◆ (501) 623-2234 • FAX (501) 623-4596

1/15/2008  11:35 AM                                                    Page 1 of 2

## Case Note - Page 91 of 92

**Date:** 01/10/2008 05:04 PM  **Staff:** ANGI          **Topic:** E-mail Received

-----Original Message-----
From: susan.clayton@kroger.com [mailto:susan.clayton@kroger.com]
Sent: January 08, 2008 3:30 PM
To: Angi
Subject: File No.: GE&A 213867 - Johnie Stephens


Hi Angie,

Just a quick follow up to our telephone conversation today.  Listed below
is a breakdown of events that took place with respect to the above
referenced file.

October 2005:  Received a letter from Robert Roundtree with Gary Eubanks
office requesting we take all necessary steps to preserve discoverable
evidence on Johnie Stephens, until further notice.

Within 3 weeks of receipt of the letter, I had all electronic purges put on
hold until further notice as requested.

February 7, 2006:  I contacted Robert Roundtree's office to obtain an
estimated time when we could start our purge process again.  Ashley
informed me that all motions would be filed by 5/1/06 and we could enable
our process after that date.

May 1, 2006:  I contacted Ashley in Robert Roundtree's office to confirm
the ability to begin the purge process and was told all motions had been
filed and we could reinstate the purge process - which we did immediately.

December 14, 2007:  Until this date, there was no other communication
between Robert Roundtree's office and Kroger.  On 12/14/07 I received a
letter from Gary Eubanks requesting records from 2000 to 2002.

I had the pharmacy pull all of their daily signature logs from 2000 to 2002
to see if we could locate any prescriptions prior to 9/13/02 and we had no
evidence of a prescription being filled at this pharmacy during that
period.

The only information I can offer you that may be helpful is that you should
be able to contact the insurance company that processed the prescription
claims for Mr. Stephens, and have them release their records to you.  Their
data would show everything about every prescription that they paid for with
regard to this patient.  It would give you the prescription #, pharmacy
address, prescriber Info., date the rx was written and dispensed, as well
as any refill information.  Hope that helps some.

If you have any questions, please don't hesitate to call me.  I'll be glad
to help in any way I can.

Thanks,
Susan Clayton
Pharmacy HIPAA Privacy Coordinator
& Special Projects Mgr.
The Kroger Company - Delta Division
Phone:  (901) 765-4157
E:mail:  susan.clayton@kroger.com

**EXHIBIT "F"**

This communication and any file transmitted with it contain information
which is confidential and may be privileged and exempt from disclosure
under applicable law.  It is intended solely for the use of the individual
or entity to which it is addressed.  If you are not the intended recipient

1/15/2008  11:35 AM

Page 2 of 2

## Case Note - Page 91 of 92

or entity to which it is addressed.  If you are not the intended recipient,
you are hereby notified that any use, dissemination or copying of this
communication is strictly prohibited.  If you received this communication
in error, please notify the sender.  Thank you for your cooperation.



Attorneys at Law

March 6, 2009

Mr. Bob Stephens
4005 Royal Oak
North Little Rock, AR  72116

Dear Bob,

To the best of my knowledge, this firm has exhausted all efforts to obtain additional VIOXX records from Kroger.  If you have any information to the contrary, please feel free to obtain it.

Sincerely yours,

Gary L. Eubanks

GLE:jd

**EXHIBIT "G"**

708 West Second Street ◆ P.O. Box 3887 ◆ Little Rock, Arkansas 72203-3887
(501) 372-0266 ◆ (800) 522-5260 ◆ FAX (501) 688-7741 ◆ Web site: www.garyeubanks.com
622 Malvern Ave. ◆ Hot Springs, Arkansas 71901 ◆ (501) 623-2234 • FAX (501) 623-4596

Issued by the
## CIRCUIT COURT
## PULASKI County, Arkansas

FILED 03/26/09 11:58:40

~~CR3 By~~

~~Pat O'Brien Pulaski Circuit~~ Clerk

CR3 By _____

*IN THE MATTER OF THE*     **SUBPOENA IN A CIVIL CASE**

*ESTATE OF JOHNIE STEPHENS,*   **CASE NUMBER** *PDE 2005-2209*

*DECEASED*

*15TH* _____ **DIVISION**

TO: *KROGER PHARMACY 02 500639*
*2509 MCCAIN BOULEVARD, NLR, AR 72116*

☐ YOU ARE COMMANDED to appear in the Circuit Court of Pulaski County, Arkansas, at the place, date, and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| ☐ Pulaski County Courthouse, 401 West Markham, Little Rock, AR | |
| ☐ Juvenile Center, 3001 West Roosevelt, Little Rock, AR | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| | |

☒ YOU ARE COMMANDED, at the time of trial, hearing or deposition described above, to produce and permit inspection and copying of the following documents or objects (list documents or objects):

*PRODUCE WRITTEN PRESCRIPTION RECORDS FOR JOHN STEPHENS FROM NOVEMBER 2000 THROUGH DEC 2001 PRODUCE THESE RECORDS AS SOON AS POSSIBLE TO BOB STEPHENS FOR PRESENTATION TO THE SPECIAL MASTER*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Arkansas Rules of Civil Procedure 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Date |
|---|---|
| *ADMINISTRATOR OF THE ESTATE OF JOHNIE STEPHENS* *Bob Stephens   Bob Stephens* | |

Issuing Officer's Name, Address, and Phone Number

*Ron _____ Deputy Clerk*     *25th March 2009*

## EXHIBIT "H"

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED | 3-25-09 | KROGER PHARMACY  2509 McCAIN BLVD  NLR, AR 72116 |
| Served On (Print Name) | | Manner of Service |
| JILL FRAZIER | | HAND DELIVERED |
| Served By (Print Name) | | Title |
| BOB STEPHENS | | ADMINISTRATOR OF THE ESTATE OF JOHN'ESTO DEE. |

## DECLARATION OF SERVER

I declare, under penalty of perjury, under the laws of the State Of Arkansas that the following information contained in the Proof of Service is true and correct.

Executed on  3-25-09
Date

Bob Stephens
Signature of Server

4005 ROYAL OAK D
NLR, AR 72116
Address of Server

(501) 771-2178

### NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Regardless of his or her county of residence, a witness subpoenaed for examination at a trial or hearing must be properly served with a subpoena at least two days prior to the trial or hearing, or within a shorter time if the court so orders. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness residence to the place of trial or hearing. Rule 45(d),Ark. R. Civ. P.

A witness subpoenaed in connection with a deposition must be properly served with a subpoena at least five business days prior to a deposition, or within a shorter time if the court so orders. The witness is required to attend a deposition at any place within of where he or she resides, is employed, or transacts business in person, or at such other convenient place set by court order. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness residence to the place of the deposition. Rule 45(e),Ark. Civ. P.

A subpoena may command the person to whom it is directed to produce for inspection any books, papers, documents, or tangible things designated in the subpoena. The person subpoenaed may ask the court to quash or modify the subpoena if it is unreasonable or oppressive or to require that the person on whose behalf the subpoena is issued pay the reasonable cost of such production. Rule 45(b),Ark. R. Civ. P. If the subpoena is issued in connection with a deposition, the person subpoenaed may object in writing to inspection or copying of any or all of the designated materials or seek a protective order from the court. If a written objection is made within ten days of service of the subpoena or on or before the time specified for compliance if such time is less than ten days, the party causing the subpoena to be issued is not entitled to inspect the materials unless the court so orders. Rule 45(d), Ark. R. Civ. P.

When a witness fails to attend in obedience to a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the witness before the court to give testimony and answer for contempt. Rule 45(g),Ark. R. Civ. P.

ROBERT L. STANLEY, M.D.          GARETH HOBSON, M.D.
                                 JACK T. FENDLEY, M.D.
T. BEN WILSON, M.D.
2215 WILDWOOD AVENUE
SUITE 201
SHERWOOD, AR 72120-5074
501-833-8400  501-833-8900

NAME  _Johnie Stephens_

ADDRESS _____  DATE 7-8-0

**Rx**  (Please Print)

V, oxx 25 →

T L. O. 9 D

# 30

**PRESCRIPTION TAG**
RX# 6724826 07/08/02 TX# 0321328
CASH: ZZ
RPH: JILL M FRAZIER TECH:
JOHNIE STEPHENS
4801 NORTH HILLS
N LITTLE ROCK AR (000) 71-0650
VIOXX TAB 25MG
Mfg: MERCK
NDC: 00006-0110-68 DAW: 0
T/1/T/QD/
QTY:30 REFILL:1 DOB:06/27/191
PRICE: $86.29
M CHURCH
DEA#: BC0680199 F: (501) 833-026
2215 WILDWOOD AVE #202
SHERWOOD AR 72120 V: (501) 833-840

☐ LABEL
REFILL ___ TIMES   PRN   NR
☐ PRODUCT SUBSTITUTION PERMITTED
☐ DO NOT SUBSTITUTE

_____ M.D.
19-OCT-99                01-100138880-5-11807_0026

photocopy          VOID



Name _____   Date _____

Address _____   4-13-02

R

RX# 6729594  09/13/02  TX: 0336042  Last Filled: 09/13/02  Ong: 09/13/02
RPH: JILL M FRAZIER                    FILLS: 5.0  DAW: 0
JOHNIE  STEPHENS                              DOB: 06/27/1914
4801 NORTH HILLS N LITTLE ROCK AR            (000) 771-0650
Ord:                                    G HENSON MD
VIOXX TAB 25MG                          DEA#: BH1470816
Mfg: MERCK                              F: (501) 833-0266
NDC: 00006-0110-68                      NLR
Order Qty: 30    Disp Qty: 30           NORTH LITTLE ROCK AR 72116
                                        V (501) 833-8400
Take one (1) tablet(s)
daily

**Prescription Request for: G HENSON**
Voice Line: (501) 833-8400
2215 WILDWOOD, SHERWOOD, AR 72120

DEA: BH1470816   PI: V
Fax Number: (501) 833-0266

**This request is from:**
Kroger Pharmacy # 00639
2509 McCain Boulevard
No. Little Rock, AR. 72116

Date: 03/12/2003   Time: TIME_STAMP
Fax Line: (501) 758-9308
Voice Line: (501) 758-9307

Rx Number: 6729594     Last Date Dispensed: 02/08/2003
Patient: JOHNIE STEPHENS
Address: 4801 NORTH HILLS N LITTLE ROCK AR

Original Date Written: 09/13/2002
Date of Birth: 06/27/1914

Drug Dispensed: VIOXX TAB 25MG
Last Quantity: 30.000
Directions:     Take one (1) tablet(s) daily

NDC: 00006-01'

Original refills authorized:
Authorized:                                    5 refills
Denied:                                Once ____ plus additional refills authorized 1
Message to Patient:
Comments:
Print name if authorized by a different Prescriber:
Prescriber DEA # if authorized by a different Prescriber:
Authorized by:
Please note: Unless DAW is written on this prescription, a generic drug may be used.

Signature: _____
                                 DAW

Signature: _____

RX# 6743784  3/12/03  TX: 0378988
RPH: WOODY HILL
JOHNIE STEPHENS
4801 NORTH HILLS N LITTLE ROCK AR
Ord:
VIOXX TAB 25MG
Mfg: MERCK
NDC: 00006-0110-68
Order Qty: 30   Disp Qty: 30

Take one (1) tablet(s)
daily

Written: 03/12/03  Orig: 03/12/03
FILLS: 99.0  DAW: 0
                    DOB: 06/27/1914
                    (000) 771-0650
G HENSON MD
DEA#: BH1470816
F: (501) 833-0266
2215 WILDWOOD
SHERWOOD AR 72120
V (501) 833-8400

NEW

VOID

Photocopy

Libby   OK lyre