UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to: | * | MAGISTRATE JUDGE KNOWLES |
| Stanley Bethea | * | |
| v. | * | |
| Merck & Co., Inc. | * | |
| Civil Action No. 2:05-cv-6775 | * | |

**DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
PLAINTIFF'S NOTICE OF REMOVAL**

Plaintiff Bethea's "Notice of Removal" asks the Court to return his case to the federal court from which it was transferred because he claims he is "no longer in the [Vioxx] settlement program." (Pl.'s Notice of Removal at 1.) As set forth below, plaintiff's motion is procedurally improper, factually wrong, and contrary to the objectives of the MDL statute. For all of these reasons, plaintiff's request should be denied.

**BACKGROUND**

Plaintiff Stanley Bethea filed suit *pro se* against Merck in September 2005 in state court in Pennsylvania, alleging that Vioxx caused him personal injuries. Merck removed plaintiff's suit to federal court, and the Judicial Panel on Multidistrict Litigation ("JPML") transferred it to this Court for coordinated pretrial proceedings. Plaintiff Bethea registered for the Vioxx Resolution Program in December 2007, and his claim is currently making its way through the

974041v.1

claims review process. (*See* Stanley Bethea, Registration Aff. (attached as Ex. 1).) Plaintiff filed a pleading in this Court styled as a "Notice of Removal" on February 3, 2009, seeking to have his case returned to the transferor court. Plaintiff Bethea argues that he is "no longer in the Merck & Co., Inc. Settlement Program" and therefore "remov[al]" is appropriate "pursuant to 28 U.S.C. § 1441." (Notice of Removal at 2.)

## ARGUMENT

Plaintiff's motion should be denied for multiple reasons.

***First***, plaintiff's filing is procedurally improper. For starters, this Court has previously entered an order barring plaintiff from filing motions or other documents in this case without prior authorization from the Court. (*See* Sept. 9, 2007 Order at 1 (plaintiff is "forbidden from filing any further documents in this action without prior Court approval").) To Merck's knowledge, plaintiff did not seek or obtain permission from the Court to file the notice of removal at issue. Moreover, plaintiff's "notice of removal" miscomprehends federal procedure, since his case is already in federal court and thus cannot be "removed." For purposes of responding, however, Merck assumes that the Court will accept the filing and treat it like a motion for suggestion of remand.

***Second,*** plaintiff's filing misstates the facts. The entire basis for plaintiff's request to have his case returned to the transferor district is that he is "no longer in the [Vioxx] settlement program." (Pl.'s Notice of Removal at 1.) But that is not the case. As set forth above, plaintiff Bethea registered in the Resolution Program as a *pro se* claimant, and his claims are currently being evaluated as part of the settlement review process. Merck does not know why plaintiff believes he is "no longer" in the settlement.

***Third***, even if plaintiff were not participating in the settlement program, that would not be a reason to remand his case to the transferor court. While MDL courts often help facilitate and administer settlements, that is obviously not their only purpose. Rather, the "objective of the [MDL statute] is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions." *See* H.R. Rep. 90-1130, 1968 U.S.C.C.A.N. 1898, 1899 (quoting 28 U.S.C. § 1407(a)); *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978) (coordination of overlapping cases furthers judicial economy and eliminates the potential for conflicting pretrial rulings); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (same); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) (same). While an MDL court need not wait until the completion of all pretrial matters before suggesting remand of a case, *see* 28 U.S.C. § 1407(a) (allowing for remand "at or before the conclusion of . . . pretrial proceedings"), the JPML "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause" by the party seeking remand, *In re South Central States Bakery Products Antitrust Litigation*, 462 F. Supp. 388, 390 (J.P.M.L. 1978). Similarly, the "transferee court, in considering whether to make a suggestion of remand, should be guided by the same standards for remand used by [the] Panel." *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, at *6 (S.D. Ohio Mar. 25, 2004) (citing *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001)). This "good cause" standard "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *Id*. at *6-7.

Here, "good cause" does not exist to remand plaintiff's case because continued coordination will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id*. at *7 (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)). This Court has an important ongoing role in addressing a wide variety of pre-trial issues that remain in the non-settling plaintiffs' cases. Before non-settling plaintiffs can bring their cases to trial, there will be numerous depositions and substantial motions practice (including dispositive motions, *Daubert* challenges and various motions *in limine*). This Court's unique familiarity with the legal and factual issues involved in the Vioxx litigation will enable it to resolve these questions in an efficient and informed manner, to the benefit of the parties and the transferor courts that will ultimately preside over non-settling plaintiffs' trials.

By contrast, if non-settling plaintiffs' cases are remanded to their transferor courts at this point, those courts would be forced to duplicate each others' work, and the parties would be required to argue duplicative pretrial motions in multiple jurisdictions. Such an approach would result in both inefficiency and inconsistency – the very things the MDL statute seeks to prevent. For all of these reasons, plaintiff's request should be denied.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that the Court: (1) treat plaintiff's filing like a motion for suggestion of remand; and (2) deny it.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

5

974041v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of April, 2009.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel