# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| Robert C. Fosseen | * | |
| | * | |
| v. | * | |
| | * | |
| Merck & Co., Inc. | * | |
| | * | |
| Civil Action No. 2:08-cv-3863 | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUGGESTION OF REMAND

Plaintiff Fosseen's motion seeks return of his case to the federal court from which it was transferred. As set forth below, plaintiff's motion is premature because coordinated pretrial proceedings have not been completed in this MDL proceeding.[1]

## BACKGROUND

Plaintiff Robert Fosseen filed suit against Merck on May 12, 2008 in the District of Minnesota, alleging that Vioxx caused him personal injuries. Mr. Fosseen's suit was transferred

---

[1] On March 20, 2009, Merck submitted a "Combined Opposition" to similar motions filed by 19 other non-settling MDL plaintiffs – represented by Michael Stratton and Ronald Benjamin – seeking to return their cases to their transferor districts. (*See* Def. Merck & Co., Inc.'s Combined Opp'n To Pls.' Mot. To Transfer Cases Not Participating In Global Settlement Agreement And Pls.' Mot. For Issuance By This Court Of Suggestion Of Remand, Dkt. No. 18044, Mar. 20, 2009.) Merck also submits, along with its opposition in this case, an opposition to the motion for suggestion of remand filed by plaintiff Stanley Bethea. (*See* Def. Merck & Co., Inc.'s Opp'n To Pl.'s Notice Of Removal.) The Court has indicated that it will address all of these motions at a hearing on April 29, 2009. (*See* Order, Dkt. No. 18218, Apr. 9, 2009.)

to this Court for coordinated pretrial proceedings by the Judicial Panel on Multidistrict Litigation ("JPML").  Plaintiff Fosseen filed a motion for suggestion of remand on February 2, 2009.

Plaintiff Fosseen seeks a suggestion of remand on the ground that "[c]ommon discovery and other coordinated pretrial proceedings have been completed in this case."  (Pl.'s Mem. Of Law In Support Of His Motion For Suggestion Of Remand Order ("Pl.'s Mot.") at 2.)  Plaintiff argues that he has "satisfied all requirements of Pretrial Order No. 29, having provided to Merck all required information, including the Lone Pine expert report."  (*Id.*)  According to plaintiff, "[s]ince Mr. Fosseen's case has been rejected from the settlement, he has no further recourse in the MDL."  (*Id.*)  Rather, plaintiff contends, "[a]ll remaining issues are case specific," and "[t]his case will not benefit from further coordinated proceedings as part of MDL 1657, and is ready to be remanded to the respective transferor jurisdiction."  (*Id.*)

## ARGUMENT

The purpose of an MDL proceeding is to provide centralized management of pretrial proceedings in order to ready cases for trial in their home districts in the most efficient manner. *See* H.R. Rep. 90-1130, 1968 U.S.C.C.A.N. 1898, 1899 (the "objective of the [MDL statute] is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions") (quoting 28 U.S.C. § 1407(a)); *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978) (coordination of overlapping cases furthers judicial economy and eliminates the potential for conflicting pretrial rulings); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (same); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) (same). While an MDL court need not wait until the completion of all pretrial matters before suggesting remand of a case, *see* 28 U.S.C. § 1407(a) (allowing for remand "at or before the conclusion

2

of . . . pretrial proceedings"), the JPML "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause" by the party seeking remand, *In re South Central States Bakery Products Antitrust Litigation*, 462 F. Supp. 388, 390 (J.P.M.L. 1978).  Similarly, the "transferee court, in considering whether to make a suggestion of remand, should be guided by the same standards for remand used by [the] Panel." *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, at *6 (S.D. Ohio Mar. 25, 2004) (citing *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001)).  This "good cause" standard "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *Id.* at *6-7.  Thus, courts have held that remand is inappropriate when continued coordination will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id.* at *7 (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)).

In *In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000), for example, plaintiffs sought a writ of mandamus ordering the JPML to grant remand on the ground that the MDL court had "cease[d] to conduct proceedings that are common to all" plaintiffs in the litigation.  Specifically, plaintiffs argued that the MDL court had begun "individual settlement negotiations and discovery" not common to all cases and therefore was no longer conducting "coordinated or consolidated pretrial proceedings." *Id.* at 142.  The U.S. Court of Appeals for the Third Circuit disagreed, noting that while "the [JPML] has the discretion to remand a case when everything that remains to be done is case-specific[,] [t]his does not mean that consolidated proceedings have concluded at the point that only case-specific proceedings remain." *Id.* at 145.  In the *Patenaude* litigation, the MDL court had experience with, *inter alia*, certain discovery and

screening issues that would likely arise in multiple cases.  *Id*.  As a result, the Third Circuit

concluded that continued coordinated proceedings before the MDL court would "promote the

just and efficient conduct of [the litigation]."  *Id*. at 145.

Similarly, in *In re Wilson*, 451 F.3d 161, 169-70 (3d Cir. 2006), plaintiffs claimed that

remand was appropriate because the MDL court had completed all common discovery and

"MDL treatment is unnecessary when remaining discovery is case specific."  *Id*. at 169.  In

rejecting that argument, the Third Circuit explained that the "test [for issuing a suggestion of

remand] is not whether proceedings on issues common to all cases have concluded; it is whether

the issues overlap, either with MDL cases that have already concluded or those currently

pending."  *Id*. at 170.  Moreover, the court recognized that "overlapping issues do not necessarily

need to touch the [moving plaintiffs'] particular cases" as long as coordination will generally

facilitate the efficient resolution of claims in the litigation.  *Id*.  According to the court, the MDL

court had a unique "familiarity" with the litigation, and therefore "was in a better position than

any transferor court to facilitate discussions" between the parties related to various pretrial issues.

*Id*. at 171.  As a result, the court concluded that the JPML properly refused to authorize remand

and urged the plaintiffs "to continue to avail themselves of the efficiencies provided by

inclusion" in the MDL.  *Id*. at 173.

Here too, plaintiff cannot establish that the benefits of coordinated pretrial proceedings

have come to an end.

Plaintiff first contends that there would be no benefit to his continued participation in the

MDL because – pursuant to PTO 29 – he has already submitted a "Lone Pine expert report" to

the Court and therefore "[c]ommon discovery and other coordinated pretrial proceedings have

been completed in this case."  (*See* Pl.'s Mot. at 2.)  But the specific causation discovery ordered

974042v.1

in PTO 29 is hardly the last step before trial.  This Court has an important ongoing role in addressing a wide variety of pre-trial issues that remain in Mr. Fosseen's case.  Before Mr. Fosseen and other plaintiffs can bring their cases to trial, there will be numerous depositions and substantial motions practice (including dispositive motions, *Daubert* challenges and various motions *in limine*).  This Court's unique familiarity with the legal and factual issues involved in the Vioxx litigation will enable it to resolve these questions in an efficient and informed manner, to the benefit of the parties as well as the transferor court that will ultimately preside over Mr. Fosseen's trial.

Plaintiff's suggestion that remand is appropriate because he is not participating in the Vioxx Resolution Program, and therefore "the MDL offers no prospect that his case will be resolved by the MDL court" (*id.* at 4), fails for the same reasons.  The purpose of an MDL proceeding is not simply to resolve claims through settlement; rather, as set forth above, MDL courts have responsibility for coordinating pretrial matters and returning cases to their transferor courts when they are "trial-ready."  *See* H.R. Rep. 90-1130, 1968 U.S.C.C.A.N. 1898, 1899.  As noted above, because this Court has significant experience in overseeing discovery related to Vioxx cases, it is in the best position to supervise that process.  Similarly, the Court's unique familiarity with the legal and factual issues involved in this litigation makes it best suited to resolve pre-trial dispositive motions.

By contrast, if the Court begins remanding cases to their transferor courts at this point, those courts would be forced to duplicate each others' work, and the parties would be required to argue duplicative pretrial motions in multiple jurisdictions.  Such an approach would result in both inefficiency and inconsistency – the very things the MDL statute seeks to prevent.

974042v.1

In sum, plaintiff has not presented any factual or legal arguments establishing "good cause" to remand his case prior to the conclusion of coordinated pretrial proceedings.  Assuming that the Court grants the parties' joint motion to lift the stay, the Court will soon have the opportunity to address the remaining common issues in this and other non-settling actions in a coordinated and efficient manner.  Once those coordinated proceedings are complete, the Court will be in a position to address remand of trial-ready cases to their home jurisdictions.

## **CONCLUSION**

For all of the foregoing reasons, Merck respectfully requests that the Court deny plaintiff's motion for a suggestion of remand.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

6

974042v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of April, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

974042v.1