UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT C. FOSSEEN,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | MDL Docket No. 1657<br>DOCKET NO.  E.D.La. #08-3863<br>D.Minn. #08-1294<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUGGESTION OF REMAND ORDER** |

The Vioxx settlement included one jarring surprise.  Though most litigants had no notice that resolution was near, the settlement excluded those cases—whatever their merit—that were not filed or tolled on the day the settlement was announced.  Robert Fosseen got ambushed by that secret deadline.  Though Mr. Fosseen suffered a diagnosed myocardial infarction while on Vioxx for more than two years and had no other risk factors, he was declared ineligible solely because his case was not filed on settlement day.  He filed his case within his applicable home state Minnesota statute of limitations, but is now in limbo, subject to a stay entered to allow focus on the settlement from which he is excluded.  If Merck gets its way, nothing can be done in his case until September, 2009.  (*See*  Doc. No. 18039, filed 3-20-2009, p. 2. (Merck seeks extended stay of "latecomer" cases, including that of Mr. Fosseen)).  In the meantime, Mr. Fosseen sits incapacitated from the anoxic brain injury caused by his Vioxx-induced heart attack.

80746583.1

The common pre-trial proceedings applicable to Mr. Fosseen's individual case have been completed in the MDL. Generic discovery and dispositive motions are done. Counsel has the trial package. Only individual issues remain before Mr. Fosseen's case is trial-ready. Under these circumstances, this Court has the discretion, and is compelled by fairness, to suggest remand to the District of Minnesota.

**I.      Mr. Fosseen's Case Will Not Benefit From Remaining in the MDL.**

This Court has recognized that this an "extremely mature litigation." (PTO No. 29, p. 6.) But for a few depositions of persons located in Minnesota, Mr. Fosseen's case is essentially trial-ready. The defendant speculates that there are "common or overlapping issues" remaining to be resolved. Not so with Mr. Fosseen's case. Causation and expert issues regarding myocardial infraction, the injury suffered by Mr. Fosseen, have already been fully addressed by this Court. Mr. Fosseen has met the requirements this Court has set forth for a case to go forward, such as the *Lone Pine* report and other requirements of Pretrial Order No. 29. Merck has made no claim that Mr. Fosseen's case is in anyway deficient.

The only issues that need to be resolved are specific to Mr. Fosseen's individual case. Clearly, "the Panel has the discretion to remand a case where everything that remains to be done is case specific." *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000). Indeed, the legislative history establishes that at such a point, remand is desirable. H.R. Report No. 1130, 1968 U.S.C.C.A.N. at 1901-1902, cited in *In re Patenaude*, 210 F.3d at 145 (noting at some point in the life of a MDL proceeding, "there will be a need for local discovery proceedings to supplement coordinated discovery proceedings, and that

- 3 -

consequently, remand . . . for this purpose is desirable."). As the Court noted in *In re Bridgestone/Firestone, Inc Tire Product Liability Litigation,* 128 F. Supp. 2d 1196 (S.D. Ind. 2001). In personal injury cases "where only case-specific discovery motion practice remains, and the plaintiffs' circumstances are compelling," remand may be appropriate. *Id.* at 1198.

The Vioxx litigation is essentially in the same position where remand was ordered in the massive *In re Diet Drugs Products Liability Litigation,* 2001 WL 497313, * 1 (E.D. Pa. 2001). There, the MDL judge initiated a program of suggesting remand of cases that had opted-out of the nationwide settlement after common fact and expert discovery was "substantially complete" and the court had ruled on a number of case-wide issues, such as discovery, preemption, *Daubert* and class certification   *Id.*[1] This Court has already overseen the completion of these same issues.

Merck relies heavily on *In re Patenaude*, but that case supports Mr. Fosseen's motion. In *Patenaude,* the court refused to remand some cases because there were hopes that they could be resolved in a global settlement, and the Third Circuit declined to issue a mandate reversing that decision. *See* 210 F. 3d at 145. The transferee court in *Patenaude* did, however, state that it would not resist motions to remand cases where the

---

[1] In *In re Wilson*, 451 F.3d 161 (3rd Cir. 2006), the Third Circuit refused to reverse by mandate the district court's denial of an *en masse* remand of thousands of Diet Drug cases. The court noted that there remained significant common issues, including issues concerning medical screening of many plaintiffs. No such over-riding common issues exist in the Fosseen case.

- 3 -

80746583.1

plaintiff was "seriously ill, or dying and all avenues of settlement were exhausted." *Id.* at 140.  That is Mr. Fosseen's plight.

Merck admits that there is good cause to remand if a particular case will not benefit from further coordinated proceedings.  Merck Memorandum, p. 3; *see also In re National Century Financial Enterprises,* 2004 U.S. Dist. LEXIS 10605, \*\* 6-7 (S.D. Ohio 2004) ("The exercise of discretion [whether to remand] turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL."). Here, continued inclusion of Mr. Fosseen's case in the MDL will harm rather than benefit the case.  The case will languish.  If Merck's Supplemental filing regarding the Joint Motion to Lift the Discovery Stay is granted, Mr. Fosseen's case will remain at a standstill at least until September 1, 2009.  Document No. 18039 (filed 3-20-2009), p. 2. (Seeking extended stay of "latecomers," including Mr. Fosseen's case).  By September 2009, all individual discovery and motion practice could be complete, and the case set for trial, in the District of Minnesota.  The transferee court "should consider when remand will best serve the expeditious disposition" of the case.  Federal Judicial Center, Manual for Complex Litigation (Fourth) § 20.133, p. 225 (2004).  Mr. Fosseen's case will be completed more expeditiously in Minnesota.

**II.    The Remaining Issues in the Fosseen Case Can Be Efficiently Adjudicated in Minnesota**

Remand poses no threat of conflicting rulings or duplicate discovery, since all that is left is fact-specific to Mr. Fosseen's case.  These case-specific efforts can not be

- 4 -

80746583.1

avoided through generic discovery, nor can they provide precedent broadly applicable to other cases in the MDL.

This Court's adept oversight and management of the Vioxx litigation will not be lost by remand. This Court has issued detailed Orders that can be readily understood and serve as guidance to the District of Minnesota in its application of Minnesota law. *Cf. In re Diet Drugs Product Liability Litigation*, 2001 WL 497313, *1 (when the legal issues are "case-specific . . . fact-intensive and subject to peculiarities of state law," remand is appropriate.)   The District of Minnesota is quite capable of overseeing the individual aspects of the Fosseen case. Indeed, it is the court in Minnesota, where trial will be held, that should take control of individual facts and evidence that will ultimately be presented at trial in that court.

## III.    Fairness Requires Remand

Mr. Fosseen is in terrible shape. His Vioxx-induced heart attack cut the flow of oxygen to his brain. The resulting brain injury rendered Mr. Fosseen unable to work, care for himself, and he requires constant supervision. Mr. Fosseen needs and deserves his claim be resolved as promptly as possible. This Court can allow that by suggesting that the Judicial Panel remand his case to the District of Minnesota. That is the only way to avoid making Mr. Fosseen a victim of the Vioxx settlement.

- 6 -

                                       **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

Dated:__April 25, 2009_____    By:  _/s/  Tara D. Sutton_____
                                             Tara D. Sutton (MN 23199X)
                                             Gary L. Wilson (MN 179012)
                                             Genevieve M. Zimmerman (MN 330292)

                                             2800 LaSalle Plaza
                                             800 LaSalle Avenue
                                             Minneapolis, MN 55402-2015
                                             (612) 349-8500

                                             **ATTORNEYS FOR PLAINTIFF**
                                             **ROBERT C. FOSSEEN**