# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 1657 |
| IN RE: VIOXX | : | |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO: CASES LISTED ON EXHIBITS A & B**

**<u>ORDER & REASONS</u>**

Currently pending before the Court are the cases of certain plaintiffs subject to this Court's Order to Show Cause Why Cases Should Not be Dismissed for Failure to Comply with Pre-Trial Orders 28 and 29 (Rec. Doc. 17108), and certain plaintiffs' Cross-Motions for Miscellaneous Relief (Rec. Docs 17574, 17575). For the following reasons, the Plaintiffs' cross-motions are DENIED, and their claims are hereby DISMISSED WITH PREJUDICE.

## I.     FACTUAL BACKGROUND

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims alleging a heart attack, sudden cardiac death, or stroke.[1]

---

[1] For a more detailed factual background describing the events that took place prior to the inception of this Multidistrict Litigation, see *In re Vioxx Prods. Liab. Litig.*, 401 F. Supp. 2d 565 (E.D. La. 2005) (resolving *Daubert* challenges to a number of expert witnesses). For a more detailed factual background describing the terms of the Vioxx Master Settlement Agreement and the events that took place after the parties reached a settlement, see *In re Vioxx Prod. Liab. Litig.*, MDL No. 1657, 2008 WL 3285912 (E.D. La. Aug. 7, 2008) (denying third-party payors' motions to enjoin interim payments).

-1-

Also on that date, the Court entered two pre-trial orders requiring plaintiffs and tolling agreement claimants to produce specified information regarding their claims if they are not eligible for or have not submitted their claims to the Vioxx Resolution Program.  Under Pre-Trial Order No. 28 ("PTO 28"), plaintiffs and tolling agreement claimants with claims pending as of November 9, 2007, must provide case-specific expert reports to Merck by certain dates based on the first letter of the plaintiff's last name.  Plaintiffs whose last names begin with the letters A through L were initially required to submit this information by May 1, 2008, and plaintiffs whose last names begin with the letters L through Z were initially required to submit this information by July 1, 2008.  Pre-Trial Order No. 29 ("PTO 29") imposes similar requirements on plaintiffs whose claims are filed or transferred to the MDL after November 9, 2007.  PTO 29 also sets deadlines, but it does so by reference to the date a claim is filed in, or transferred to, the MDL, rather than by reference to a specific calendar date.  (*See* PTO 29 at 3 (requiring each plaintiff to comply with discovery requirements within 45 days of filing a claim in the MDL, or within 45 days of transfer to the MDL, if the case was filed elsewhere)).

On December 10, 2007, certain plaintiffs, all of whom are represented by attorney Ronald Benjamin, appealed PTO 28 to the United States Court of Appeals for the Fifth Circuit.  The plaintiffs sought to have the Fifth Circuit vacate this Court's requirement that plaintiffs produce case-specific expert reports.  On March 28, 2008, the Fifth Circuit dismissed the plaintiffs' appeal without an opinion.  *See In re Vioxx Prods. Liab. Litig.*, Case No. 07-31164 (5th Cir. March 28, 2008) (per curiam).

On April 17, 2008, certain other plaintiffs filed a motion to suspend or modify the requirements of PTO 28.  These plaintiffs argued that it was premature to require case-specific

expert reports from those plaintiffs who alleged injuries for which the PSC had not yet developed general causation expert reports. According to these plaintiffs, PTO 28 did not allow eligible plaintiffs who chose not to enroll in the settlement sufficient time to develop expert reports or obtain new counsel. These plaintiffs essentially argued that PTO 28 "is unfair and unilaterally slanted in favor of Merck, both in general and specific causation." *See In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008).

On May 30, 2008, the Court granted in part and denied in part the plaintiff's motion to vacate PTO 28, explaining that PTO 28 "is a type of pre-trial order commonly known as a *Lone Pine* order," and that "[t]he United States Court of Appeals for the Fifth Circuit has recognized the value of and approved the use of *Lone Pine* orders in mass tort litigation." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (holding that it is within a district court's discretion to issue a *Lone Pine* scheduling order that essentially requires the production of "information that plaintiffs should have had before filing their claims")). In light of the advanced stage of the Vioxx litigation, the Court explained that, after nearly a decade of discovery, "it is not too much to ask a plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury, whether the injury be deep vein thrombosis, a heart attack, an ulcer, or some other malady." *Id.*[2] To ensure that all plaintiffs had a fair

---

[2] The Court went on to explain that PTO 28 was particularly appropriate given the advanced stage of the Vioxx litigation, both in the federal MDL and the state courts:

> [I]n the present case, a *Lone Pine* order may not have been appropriate at an earlier stage before any discovery had taken place since little was known about the structure, nature and effect of Vioxx by anyone other than perhaps the manufacturer of the drug. But this case is no longer in its embryonic stage. It has existed in state courts for over seven years and in this Court for over three years, and much discovery has taken place.... For nearly a decade, Plaintiffs' counsel throughout the

opportunity to comply with the requirements of PTO 28, however, the Court granted the plaintiffs' request to extend the deadlines for providing case-specific expert reports, providing that plaintiffs whose last names begin with the letters A through L would be required to submit their reports by July 1, 2008, and claimants whose last names begin with the letters M through Z would be required to submit reports by August 1, 2008. *Id.*

One month later, on June 30, 2008–the day before their PTO 28 filings were due–attorney Ronald Benjamin's clients filed a motion seeking miscellaneous relief, including extension of the deadlines to produce expert reports to October 31, 2008, this Court's recusal, and, in the alternative, an order vacating PTOs 28 and 29 or vacating the Master Settlement Agreement. On November 5, 2008, five days after the latest deadline proposed in his earlier motion, Mr. Benjamin filed a request for a pre-motion conference to stay any further motions by Merck seeking dismissal for noncompliance with PTO 28. On December 10, 2008, the Court denied the plaintiffs' motion and request in its entirety. *See* Rec. Doc. 17394.

---

> country have been studying, exploring, and discovering all of the effects of Vioxx on the human body. In this MDL, the PSC did not selectively discover only MI's or strokes, but rather they conducted general discovery on the effects Vioxx may or may not have on individuals. All of this material is and has been available to counsel in the individual cases.
>
> The Court finds that at this advanced stage of the litigation, it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury, whether that injury be deep vein thrombosis, a heart attack, an ulcer, or some other malady. Surely if Plaintiffs' counsel believe that such claims have merit, they must have some basis for that belief; after all this time it is reasonable to require Plaintiffs to come forward and show some kind of basic evidence of specific causation.

*In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d at 744.

## II. PRESENT MOTIONS

On November 26, 2008, Merck filed its Third Motion for Order to Show Cause Why Certain Plaintiffs' Cases Should Not be Dismissed for Failure to Comply with the Court's *Lone Pine* Orders. *See* Rec. Doc. 16989. On December 3, 2009, the Court granted the motion and ordered the plaintiffs, all of whom are represented by attorney Ronald Benjamin, to show cause on January 9, 2009, why their cases should not be dismissed for failing to produce case-specific expert reports. *See* Rec. Doc. 17108.

The majority of the plaintiffs subject to the order did not produce expert reports, but instead filed responses in opposition to the show cause order, asserting a variety of reasons in support of their argument that the deadlines imposed by PTO's 28 and 29 either do not apply to them or should be modified or extended. In addition, the plaintiffs also filed cross-motions for various relief, including, *inter alia*, extensions of time to comply, and this Court's recusal from any further consideration of their motions.

## III. LAW & ANALYSIS

This Court has previously held that PTO's 28 and 29 are enforceable, that the deadlines for compliance will not be extended further, and that recusal is not warranted given the facts of this case. *See In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008); Order & Reasons, Rec. Docs. 17394. For purposes of this opinion, the Court adopts its earlier reasoning and finds that the plaintiffs' redundant requests for recusal, additional extensions of time, or modification of PTO's 28 and 29 are without merit.

Further, the Court has afforded the plaintiffs more than enough time to comply with PTO's 28 and 29. Indeed, the plaintiffs have had since November 2007 to produce case-specific

expert reports but have failed to do so. Even after counsel's earlier appeal was denied by the Fifth Circuit without an opinion, the Court extended the deadlines for compliance to afford all plaintiffs additional time to produce cases-specific expert reports. Since then, the Court has repeatedly enforced PTO's 28 and 29 as to plaintiffs who have failed to comply with the deadlines. These plaintiffs do not warrant any additional consideration beyond that which the Court has afforded to other plaintiffs also subject to PTO's 28 and 29. Indeed, it is now a year and a half since many of the plaintiffs in these cases were first directed to produce expert reports, but, rather than simply comply with the Court's orders, their attorney continues to argue that the deadlines are either too harsh or are inapplicable. As a result, the plaintiffs' request for further extensions is, to say the least, not persuasive. In addition, the Court finds that the plaintiffs' attorney's argument that dismissal is inappropriate as to any plaintiffs who have only partially complied with the order is similarly without merit. The plaintiffs have had more than enough time to cure any deficiencies in their submissions. At this stage of the proceedings, dismissal with prejudice is the only appropriate remedy for the plaintiffs' repeated failure to produce reports in accordance with PTOs 28 and 29.

Mr. Benjamin's attempts to circumvent valid discovery orders on behalf of his clients are not unique to this litigation. *See, e.g., In re Diet Drugs Prods. Liab. Litig.*, 30 F. App'x 27, 28-29 (3d Cir. 2002). In the *In re Diet Drugs* litigation, the Third Circuit affirmed the district court's dismissal of certain of Mr. Benjamin's cases for failure to comply with similar discovery orders. As the Third Circuit explained, "counsel had numerous opportunities to comply with the District Court's long-standing discovery order, yet stubbornly clung to his argument that he should hot have to [do so]. Neither multiple express rejections of this already-rejected argument,

nor threats of dismissal ameliorated counsel's defiance of the discovery schedule." *Id.* Describing Mr. Benjamin's numerous discovery abuses as "a parade of obstinance," the Third Circuit explained that his refusal to comply with the district court's discovery orders had "ultimately cost his clients their day in court." *Id.*[3] Given this history, it is unfortunate, though perhaps not surprising, that Mr. Benjamin has attempted to pursue the same failed tactics in this litigation.

## IV. CONCLUSION

IT IS ORDERED that the plaintiffs' cross-motions (Rec. Docs. 17574, 17575) are DENIED.

IT IS FURTHER ORDERED that the plaintiffs listed in Exhibits A and B are hereby DISMISSED WITH PREJUDICE.[4]

New Orleans, Louisiana, this __28th__ day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Recently, the Superior Court of New Jersey, one of the coordinate Vioxx jurisdictions, denied Mr. Benjamin admission to practice *pro hac vice*, because the court found that, among other things, Mr. Benjamin had failed to disclose a lengthy history of ethical violations and sanctions in his application to practice *pro hac vice*.

[4] During the course of briefing, the parties advised the Court that a number of the plaintiffs initially subject to the show cause order are now in compliance. These plaintiffs, all of whom have been excepted from the scope of this order, include Scott Berthel, Matthew Cavallo, Richard F. Core, Marjorie Curtis, James Demoski, Edward Henderson, Kristina Hia, Maurice Hoyt, Mary Kurtz, Wilson Lord, Ann M. Mannino, Arthur Pratt, Viola Santacrose, Frank Spencer, and Timothy Mack. The remaining plaintiffs listed on Exhibits A and B have either provided no discovery at all or have provided some discovery but have failed to produce case-specific expert reports as set forth in PTO's 28 and 29.

**EXHIBIT A: PLAINTIFFS SUBJECT TO PTO 28**

| CASE | DOCKET NUMBER | PLAINTIFF LAST NAME | FIRST NAME | MIDDLE |
|---|---|---|---|---|
| Agard v. Merck & Co., Inc. | 2:05-cv-01089 | Darrow | Rodney | |
| Agard v. Merck & Co., Inc. | 2:05-cv-01089 | O'Connor | Ronald | R |
| Aljibory v. Merck & Co., Inc. | 2:05-cv-01090 | Aljibory | Adnan | A |
| Aljibory v. Merck & Co., Inc. | 2:05-cv-01090 | Robinson | Rosanna | |
| Cavallo v. Merck & Co., Inc. | 2:05-cv-01513 | DeRosa | Alphonse | V |
| Cavallo v. Merck & Co., Inc. | 2:05-cv-01513 | Smith | Victoria | |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Connolly | Marjorie | |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Donahue | Kristina | |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Harris, Jr. | Charles | |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Hickok | Sheila | L |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Hochrun | Joanne | |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Holdredge | Suzanne | |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Kunik | Frank | P |
| Connolly v. Merck & Co., Inc. | 2:06-cv-02708 | Patrick | William | |
| DeVincentiis v. Merck & Co., Inc. | 2:06-cv-02297 | DeVincentiis | Carlo | |
| DeVincentiis v. Merck & Co., Inc. | 2:06-cv-02297 | Lindsey | Kimberly | |
| Dier v. Merck & Co., Inc. | 2:05-cv-01088 | Dier | Glenn | L |
| Gates v. Merck & Co., Inc. | 2:05-cv-06221 | Gates | Robert | |
| Gates v. Merck & Co., Inc. | 2:05-cv-06221 | Gehm | Herbert | |
| Hoffner v. Merck & Co., Inc. | 2:05-cv-02238 | Carniero | Manuel | |
| Hoffner v. Merck & Co., Inc. | 2:05-cv-02238 | Hoffner | Kathleen | |
| Hoffner v. Merck & Co., Inc. | 2:05-cv-02238 | Roman | Thomas | J |
| Holobosky v. Merck & Co., Inc. | 2:05-cv-01091 | Holobosky | Rosemary | T |
| Holobosky v. Merck & Co., Inc. | 2:05-cv-01091 | Smith | Sheila | |
| Holobosky v. Merck & Co., Inc. | 2:05-cv-01091 | Sullivan | Thomas | J |

**EXHIBIT B: PLAINTIFFS SUBJECT TO PTO 29**

| CASE | DOCKET NUMBER | PLAINTIFF LAST NAME | FIRST NAME | MIDDLE |
|---|---|---|---|---|
| Adelberg v. Merck & Co., Inc. | 2:08-cv-04173 | Adelberg | Carol | |
| Adelberg v. Merck & Co., Inc. | 2:08-cv-04173 | Amendoeira | Antonio | |
| Alapeck v. Merck & Co., Inc. | 2:08-cv-03221 | Alapeck | Geraldine | M |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Alapeck | Geraldine | M |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Bilik | Helen | |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Boone | Elizabeth | |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Croft | Carolyn | S |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Mahar | Mary | J |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Sanatcrose | Dean | |
| Bilik v. Merck & Co., Inc. | 2:08-cv-04172 | Simmons | Stasia | |
| Cadwell v. Merck & Co., Inc. | 2:08-cv-04167 | Cadwell | Albert | D |
| Cadwell v. Merck & Co., Inc. | 2:08-cv-04167 | Cadwell | Samuella | |
| Cadwell v. Merck & Co., Inc. | 2:08-cv-04167 | Corprew | Wilbert | |
| Cadwell v. Merck & Co., Inc. | 2:08-cv-04167 | Plocek | Elsa | |
| Cadwell v. Merck & Co., Inc. | 2:08-cv-04167 | Schaffer | Ronald | H |
| Croft v. Merck & Co., Inc. | 2:08-cv-04171 | Croft | Caroline | S |
| Mahar v. Merck & Co., Inc. | 2:08-cv-03222 | Mahar | Mary | J |
| Pitcher v. Merck & Co., Inc. | 2:08-cv-04170 | Pitcher | Kevin | |
| Raftis v. Merck & Co., Inc. | 2:08-cv-04166 | Raftis | Marianne | |
| Santacrose v. Merck & Co., Inc. | 2:08-cv-04168 | Santacrose | Dean | |
| Steinhoff v. Merck & Co., Inc. | 2:08-cv-04169 | Steinhoff | Margaret | |