## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**In re: VIOXX**                                    **MDL Docket No. 1657**
**PRODUCT'S LIABILITY LITIGATION**

                                                    **SECTION L**

**This Document Relates to:**

**VERNE GAVITT**
        Plaintiff,

**v.**                                              **2:09-02403EEF-DEK**

**MERCK & COMPANY, INC., a foreign**
**corporation, BREE CARLIN, a Florida**
**Resident, and YVONNE MORROW,**
**a Florida resident,**
        Defendants
_____/

## RENEWED MOTION FOR REMAND
## (WITH MEMORANDUM)

        COMES NOW the Plaintiff, VERNE GAVITT,  and moves this Honorable Court for

entry of an order remanding this action to the Circuit Court of the Twentieth judicial Circuit in

and for the State of Florida as grounds therefore would show:

1.   This Motion For Remand was originally filed in the United States District Court for the

     Middle District of Florida, which deferred any ruling  to this Court.  (Ex. A)  The

     Plaintiff renewed the request before the JPML, which  ruled that the motion to remand

     would be passed on to this Court. (Ex.B)  There has been no ruling on the motion to this

     point, so the Plaintiff is specifically renewing the Motion To Remand at this time.

2.   The Plaintiff, Mr. Anderson, originally filed suit in the Circuit Court of the 20th Judicial

     Circuit in and for Lee County Florida.   The Complaint (Ex. C)  was filed against three

defendants; Merck & Company, Inc. ("Merck"), Bree Carlin ("Carlin"), and Yvonne Morrow ("Morrow").    Merck is the manufacturer of the prescription drug Vioxx®, while Carlin and Morrow are Pharmaceutical Representatives who marketed and promoted the drug to the Plaintiff and his physician.

3. Merck does business in Florida, while Carlin and Morrow (at all relevant times) were Florida residents. Unlike some other states, Florida specifically allows a consumer to sue both the drug manufacturer and pharmaceutical representatives. Thus, the Defendants were all properly joined.

4. Merck fraudulently removed this action to the United States District Court for the Middle District of Florida  by misstating the amount in controversy and  falsely  asserting that Carlin and Morrow were "fraudulently joined" as defendants.

5. Co-defendants Carlin and Morrow have never consented to removal or any waiver of their right to defend themselves in their own circuit court.

6. The Plaintiff filed a timely motion to Remand  while Merck simultaneously had this case identified as a potential "tag-along action".  Ultimately, a ruling on the motion for remand was deferred to this Court.

7. Merck has not, at any time, offered evidence that the amount in controversy exceeds $75,000.

8. Merck has not, at any time, established complete diversity of citizenship  nor has it procured consent to removal from the properly joined co-defendants.

9. The Plaintiff is entitled to remand at once, and is entitled to compensation for the costs and fees expended in this remand effort.

WHEREFORE the Plaintiff moves for remand of this action to the Circuit Court for the 20th Judicial Circuit of Florida plus costs and attorney's fees.

**MEMORANDUM OF LAW**

This is a motion to remand a properly filed state-court action back to the Florida Courts after months of unnecessary delay and needless expense to the victim. The Plaintiff is a resident of Florida. The Defendants include two Florida residents and a corporation that does business in the State of Florida. *Two of the three defendants have not consented to removal.*

The Complaint, in accordance with Florida law, seeks damages "in excess of $15,000" but does not specify any damages in excess of $75,000. To date, Merck has not offered a scintilla of evidence supporting any allegation that damages exceed $75,000.

1.  **The Plaintiff Is Entitled To Remand**

Federal courts are courts of limited jurisdiction and cannot enlarge that jurisdiction by judicial decree. *See, Rasul v. Bush*, 542 U.S. 466 (2004). This is particularly true in cases involving the removal of a properly filed state court action to a federal court. In fact, there is a strong presumption that removal was improper and that remand is appropriate. *See, Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Boone v. Citigroup Inc.,* 416 F.3d 382 (5th Cir. 2005). Federal courts are statutorily required to remand an action to the state court if, at any time, the absence of jurisdiction is shown. *See, Grupo Dataflex v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004); *McDonal v. Abbott Labs*, 408 F.3d 177 (5th Cir. 2005).

The Plaintiff is not required to disprove federal jurisdiction. Rather, it is Merck's burden to prove jurisdiction. *See, Manguno v. Prudential Property & Casualty Ins. Co.,* 276 F.3d 720 (5th Cir. 2002); *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332 (2006) In fact, Merck must prove

both jurisdiction and compliance with the removal statute. *See, Albonetti v. GAF Corp. Chem. Group,* 520 U.S. 825 ( S.D. Tex. 1981).

The removing party must show that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. *See, Arbaugh v. Y & H Corp.* , 546 U.S. 500 (2006).

### *Statement of the Case:*

In this case, the Plaintiff has filed suit against three properly-joined defendants; Merck, Carlin and Morrow.  Merck is the manufacturer and marketer of Vioxx®, while Carlin and Morrow are pharmaceutical representatives who promoted and sold Vioxx ® to the Plaintiff's physician.

The Complaint consists of five counts, alleging (Count I) Failure to Warn, (Count II) Fraud, (Count III) Strict Liability, (Count IV) Negligence and (Count V) False Advertising.  Counts 2 and 5 relate specifically to Carlin and Morrow, while Counts I, II, III and IV relate to Merck. The complaint seeks damages "in excess of $15,000" pursuant to Florida law.

Merck removed this action to federal court despite the lack of diversity and in spite of the refusal of co-defendants Carlin and Morrow to waive state-court jurisdiction.  To overcome this deficiency, Merck retreated to its chronic argument of "fraudulent joinder".

Curiously, Merck provided Affidavits from Carlin and Morrow that are significant for the following reasons:

1. Although both affidavits contain protestations of "lack of privity", neither Affidavit consents to removal to federal court.

2. Both affidavits , again, rely upon a misplaced "lack of privity" argument, alleging that Carlin and Morrow did not sell Vioxx "directly" to the Plaintiff. ***Lack of privity between a Pharmaceutical Representative and a patient  is not a defense under Florida law.***

3. Both Affidavits confess that the defendant sold Vioxx to physicians and do not deny selling Vioxx to the Plaintiff's doctor.

These deficiencies were pointed out to the United States District court for the Middle District of Florida. Unfortunately, the Hon. Judge Lazzara did not rule on the Motion for Remand but elected to defer the decision to this Court.

## Discussion:

At the outset the Plaintiff would respectfully point out that the mere fact that this case has been filed against Merck, and involves Vioxx®, does not end the remand issue. Merck/Vioxx cases have been and continue to be remanded throughout the United States where there is a failure on the part of Merck to establish federal diversity jurisdiction. *See, Salinas v. Merck & Company*, 2006 WL 582035 ( S.D. Tex); *Sanders v. Merck & Company*, 2007 WL 924497 (S.D. Ill.); *McClelland v. Merck & Company*, 2006 WL 3531431 (D. Hawai'i) ; *Martin v. Merck & Company*, 2005 WL 1984483 (E.D. Cal.) ; *Davis v. Merck & Company*, 2006 WL 2794935 (S.D. Tex.). Furthermore, in most cases Merck falsely accused the plaintiffs of "fraudulent joinder". *See also Alegre v. Aguayo, M.D. and Merck & Company*, 2007 WL 141891 (N.D. Ill.) ; *In re Vioxx Product's Liability Litigation*, 2005 WL 3542885 (E.D.La.)

Merck has the absolute duty of proving that the amount in controversy in this case exceeds $75,000. Merck has not met that burden. In its memorandum in support of removal, Merck presents no evidence regarding the value of this specific case,  but it relies heavily upon canards and propaganda regarding "Florida juries" and "Florida verdicts", specifically accusing "Florida juries" of  making large awards without regard for the evidence.

Merck has the obligation to offer actual evidence establishing the value of the case or amount in controversy. *See, Saberton v. Sears, Roebuck & Company* , 392 F.Supp. 1358 (M.D.

Fla. 2005)  The mere fact that, under Florida law, a plaintiff pleads damages as being "in excess

of $15,000"[1]  does not establish, prove or support a claim of federal jurisdiction or damages in

excess of $75,000. *See, Negron v. Sears Roebuck & Company*, 2006 WL 1169697 (M.D. Fla.)

As noted in *Golden v. Dodge-Markham Co.*, 1 F.Supp.2d 1360 (M.D. Fla. 1998):

> When an *ad damnum* clause includes a demand for a specific amount of damages which is less
> than the jurisdictional amount, the defendant is "required to prove to a *legal certainty* that
> plaintiff, if [he or] she prevailed, would not recover below [$75,000]." *Burns v. Windsor Ins.
> Co.*, 31 F.3d 1092,1097 (11th Cir. 1994) (emphasis added)  In other words, the defendant must
> show that "an award below the jurisdictional amount would be outside the range of permissible
> awards because the case is clearly worth more than [$75,000]. *Id* at 1096.  However, to sustain
> federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as
> filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to
> prove by the preponderance of the evidence that the amount in controversy, exclusive of interest
> and costs, exceeds $75,000.

The mere fact that this case will be tried in Florida does not prove the amount in

controversy any more than the race or religion of the venire pool.  Merck's only "evidence" boils

down to a bigoted perception of Florida juries and rank speculation regarding damages in a case

where there is no discovery.   Speculation is not evidence of damages.   *See, Wendy's

International v. City of Birmingham*, 868 F.2d 433 (11th Cir. 1989);   *Vax-D Technologies,LLC

v. Evanston Insurance Company*, 2005 WL 2675021 (M.D. Fla.)

In addition to the absence of any evidence of damages (much less a "preponderance") ,

Merck has failed to overcome the absence of diversity.

Co-defendants Carlin and Morrow were Florida residents at all times relevant to this

action , and they have never consented to removal of their case to federal court .  This is

significant given the fact that Carlin and Morrow provided affidavits to Merck claiming certain

---

[1] That phrase actually goes to the establishment of the minimum jurisdiction of the Florida
Circuit Court and is not an actual "claim for damages".

affirmative defenses ("lack of privity") , yet never once gave consent to removal. *See, Nathe v. Pottenberg*, 931 F. Supp. 822 (M.D. Fla. 1995)

Merck alleges "fraudulent joinder" in this case because this is a standard Merck defense raised without regard for the facts or the law in virtually every case involving a non-diverse co-defendant.

In *Parent v. Wyeth*, 2003 WL 25568554 (M.D. Fla.) Judge Steele  wrote:

Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant.  If there is even a possibility that a state court  would find that the complaint raises a cause of action against any one of the resident defendants, the federal court must find  that the joinder was proper and remand the case to state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for joinder to be legitimate.

If there is any possibility of a judgment in favor of the Plaintiff, a remand to state court is mandatory. *See Tran v. Waste Management, Inc.* , 290 F.Supp.2d 1286 (M.D. Fla. 2003).

In *Shellhammer v. Roche Laboratories*, 2008 WL 2782689 (M.D. Fla.) the Court stated that a defendant alleging "fraudulent joinder"  must demonstrate "either" (1) that there is no possibility  that the plaintiff can establish a cause of action against the defendant, "or"  (2)  the plaintiff has fraudulently pled jurisdictional facts  to bring the resident defendant  into state court.

In this case, Merck cannot meet the first requirement because, under Florida law, both a drug manufacturer and the "detail man" (pharmaceutical representative who sells to doctors) may be held liable in tort for misrepresentations regarding the safety or quality of drugs. *See, Albertson, Inc. v. Richardson-Merrell, Inc.* , 441 So.2d 1146 (Fla. 4th DCA 1983).   Since Pharmaceutical Representatives deal with doctors and not directly with patients,  there is no "privity defense" as asserted by Morrow and Carlin.    While Merck may argue the weight of the

evidence, it cannot seriously question the existence of a "possible" basis for an adverse judgment. *See, Rabe v. Merck & Co., etc. et al*, 2005 WL 2094741 (S.D. Ill.)

Merck has never alleged fraudulent pleading so that point will not be discussed.

The proverbial "bottom line" is that the Defendant has never established federal jurisdiction by virtue of any pleading in any court, and it has never offered a scintilla of evidence in support of its jurisdictional arguments.

Remand is mandatory. *See, In re Vioxx Product's Litigation*, 2005 WL 3542885 (E.D. La.)

### 2. Attorney's Fees and Costs

The Plaintiff, pursuant to 28 U.S.C. §1447, requests attorneys fees and costs   in compensation for having to seek remand in three different federal courts (the Middle District of Florida, the JPML, and this Court).   In the case of *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) the Supreme Court held that the party seeking remand may be entitled to attorney's fees based upon the "reasonableness of removal".   In this case, where "removal" was purely tactical on Merck's part, the tactic was unreasonable because:

A. Merck failed to represent to the federal courts that Florida law recognized a cause of action against Carlin and Morrow.

B. Merck submitted frivolous affidavits asserting a non-existent "privity defense" which, even if arguable, only created an issue for the state court trier of fact and did not defeat state-court jurisdiction.

C. Merck failed to allege or show the existence of any cause of action  that met the $75,000 jurisdictional threshold of the Court.

D. Merck's "removal" was supported by nothing more than Merck's fear of "Florida jury verdicts".

The Plaintiff has suffered and incurred needless expense chasing Merck's nonsense from court to court. Now that the claims have been "run to ground" and can be resolved, the Plaintiff is entitled to an award of attorneys fees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing RENEWED MOTION FOR REMAND (WITH MEMORANDUM) have been served on Liason Counsel, Russ Herman and Phillip Whittmann, by U.S. Mail and electronically filed, and on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918 by U.S. Mail and electronically filed, and on Williams & Connolly LLP, 725 Twelfth Street, NW, Washington, DC 20005-5901 by U.S. Mail and electronically filed, and upon all parties by electronically uploading the same to LexisNexis File and Serve Advance on this ___4th__ day of May, 2009.

VILES & BECKMAN, LLC

BY:    _s/Marcus W. Viles____
       Marcus W. Viles, Esquire
       Florida Bar No: 0516971
       6350 Presidential Court
       Suite A
       Fort Myers, Florida  33919
       Phone: (239) 334-3933
       Fax:  (239) 334-7105

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

VERNE GAVITT,

     Plaintiff,

v.                                                             CASE NO:  2:08-cv-755-FtM-UA-DNF

MERCK & COMPANY, INC.,
a foreign corp., BREE CARLIN,
a Florida resident, and YVONNE
MORROW, a Florida resident,

     Defendants.

_____/

## O R D E R

     Pending before the Court is Defendant Merck & Co., Inc.'s motion and supporting memorandum of law to stay all proceedings in this case pending a transfer decision by the Judicial Panel on Multidistrict Litigation (JPML) to *In re VIOXX Marketing, Sales Practices and Products Liability Litigation* (MDL-1657), the Multidistrict Litigation (MDL) established in the Eastern District of Louisiana to coordinate all products liability cases involving alleged health risks from the drug Vioxx. See In re VIOXX Products Liability Litigation, 360 F. Supp. 2d 1352 (JPML 2005).[1]  Plaintiff has filed a response and objection,[2] as well as a motion and supporting memorandum for remand to state court and for costs and attorneys' fees.[3]

---

[1]  See docket 7.

[2]  See docket 12.

[3]  See docket 13.

Plaintiff sued Merck and two of its pharmaceutical representatives in state court for damages allegedly caused by the pharmaceutical drug VIOXX.[4]  Merck removed the case to this Court based on diversity jurisdiction in which it claimed that the individual Defendants were fraudulently joined.[5]  As noted, Merck then moved to stay all proceedings in this case pending transfer to MDL-1657 to which Plaintiff responded with an objection and a motion for remand.  Plaintiff contends that there is a complete absence of diversity jurisdiction because Merck has failed to establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold and that the two individual Defendants have been fraudulently joined.  Plaintiff requests, therefore, that the Court deny the motion to stay, consider the merits of the motion for remand, and ultimately enter an order remanding this case to state court.  After careful consideration of the parties arguments and submissions, the Court concludes that the motion to stay should be granted and that the issues raised in the motion for remand should be deferred to the district court presiding over MDL-1657.

The Court is aware from past experience with cases involving the drug VIOXX that there is a high probability that this case will ultimately be transferred by the JPML pursuant to 28 U.S.C. § 1407 as a "tag along" case to MDL-1657 for consolidated pretrial proceedings.  And, although the Court is well aware that it possesses the jurisdiction to resolve a motion to remand prior to a transfer of a case by the JPML, see Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Court is also aware of the holding "that the MDL panel has jurisdiction to transfer a case in which a jurisdictional objection is pending." In re Ivy, 901 F. 2d 7, 9 (2nd Cir. 1990); see also Grispino v. New England Mut. Life Ins. Co., 358 F.3d 16, 19 n.3 (1st Cir. 2004) (noting that "[t]he fact that there were pending jurisdictional objections did not deprive the MDL

---

[4]   See docket 2.

[5]   See docket 1.

panel of the ability to transfer the case.") (citing <u>Ivy</u>, 901 F.2d at 9); <u>In re Vioxx Products Liability Litigation</u>, 360 F.Supp.2nd at 1354 (holding that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and that "motions to remand [in the pending cases], as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge."). As the <u>Ivy</u> court further observed, "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." 901 F.2d at 9.[6]

ACCORDINGLY, because it is reasonable to assume that the JPML will eventually transfer this case to MDL-1657, and in an effort to preserve judicial and client resources and to promote consistency and economy with regard to jurisdictional objections, it is **ORDERED and ADJUDGED** as follows:

1)    Defendant Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation (Dkt. 7) is **granted.**

2)    The Court defers ruling on Plaintiff's Motion for Remand to the district court presiding over MDL-1657.

3)    All proceedings in this case are stayed until further order of this Court.

4)    The clerk is directed to administratively close this case during the pendency of the stay.

5)    Defendant Merck shall proceed with all due dispatch in effectuating transfer of this case to MDL-1657.

---

[6]    The Court notes the decisions of other district courts which have stayed cases awaiting transfer to MDL-1657 in which there were pending motions for remand involving the issue of fraudulent joinder. <u>See, e.g.,</u> <u>McClelland v. Merck & Co.,</u> 2007 WL 178293 (D. Hi. 2007); <u>Beal v. Merck & Co., Inc.,</u> 2005 WL 3279285 (W.D. Tenn. 2005); <u>Krieger v. Merck & Co., Inc.,</u> 2005 WL 2921640 W.D. N.Y. 2005).

6)     The parties are directed to notify this Court immediately in the event the JPML declines to transfer this case to MDL-1657, in which event the Court will lift the administrative stay and reopen the case.

**DONE AND ORDERED** at Tampa, Florida, on October 20, 2008.

s/Richard A. Lazzara
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

-4-



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    FEB - 4 2009

LORETTA G. WHYTE
CLERK

A CERTIFIED TRUE COPY
ATTEST

By Macca Thompson on Feb 04, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 04, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1657

TRANSFER ORDER

**Before the entire Panel*:**  Plaintiffs in the nineteen actions listed on Schedule A move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the *Panel* to vacate its orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in MDL No. 1657. Defendant Merck & Co., Inc., opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 1657 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

CLERK'S OFFICE
A TRUE COPY

FEB - 9 2009

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

---

* Judges Heyburn, Motz and Hansen took no part in the disposition of this matter.

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1657

### SCHEDULE A

| | EDLA SEC. L/3 |
|---|---|
| **Middle District of Florida** | |
| Lester John Anderson v. Merck & Co., Inc., et al., C.A. No. 2:08-746 | **09-2395** |
| Laura M. Lundberg v. Merck & Co., Inc., et al., C.A. No. 2:08-747 | **09-2396** |
| Osvaldo Lopez v. Merck & Co., Inc., et al., C.A. No. 2:08-748 | **09-2397** |
| Kurt Jung v. Merck & Co., Inc., et al., C.A. No. 2:08-749 | **09-2398** |
| George Audette v. Merck & Co., Inc., et al., C.A. No. 2:08-750 | **09-2399** |
| Michael Cohen v. Merck & Co., Inc., et al., C.A. No. 2:08-752 | **09-2400** |
| Roland Fick v. Merck & Co., Inc., et al., C.A. No. 2:08-753 | **09-2401** |
| Thelma Greaves v. Merck & Co., Inc., et al., C.A. No. 2:08-754 | **09-2402** |
| Verne Gavitt v. Merck & Co., Inc., et al., C.A. No. 2:08-755 | **09-2403** |
| Charles Johnson v. Merck & Co., Inc., et al., C.A. No. 2:08-756 | **09-2404** |
| Dorothy Miller v. Merck & Co., Inc., et al., C.A. No. 2:08-757 | **09-2405** |
| Marcia Ross v. Merck & Co., Inc., et al., C.A. No. 2:08-758 | **09-2406** |
| Marjorie Sarvis v. Merck & Co., Inc., et al., C.A. No. 2:08-759 | **09-2407** |
| Patricia Schweitzer v. Merck & Co., Inc., et al., C.A. No. 2:08-760 | **09-2408** |
| Marie Stevens v. Merck & Co., Inc., et al., C.A. No. 2:08-761 | **09-2409** |
| Wendy Walters v. Merck & Co., Inc., et al., C.A. No. 2:08-762 | **09-2410** |
| Winston Wood v. Merck & Co., Inc., et al., C.A. No. 2:08-763 | **09-2411** |
| William P. Yeary v. Merck & Co., Inc., et al., C.A. No. 2:08-764 | **09-2412** |

**Southern District of Mississippi**

| | |
|---|---|
| Catherine Holt Singleton, et al. v. Merck & Co., Inc., C.A. No. 4:08-98 | **09-2413** |

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____

Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*        J. Frederick Motz*
Kathryn H. Vratil                    David R. Hansen*
W. Royal Furgeson, Jr.               Frank C. Damrell, Jr.

9/11/2008 5:36 PM Filed Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

VERNE GAVITT,

        Plaintiff,

vs.

MERCK & COMPANY, INCORPORATED,
A Foreign Corporation, BREE CARLIN, a
Florida resident, and YVONNE MORROW,
Florida resident,

        Defendants.

CASE NO.: 08 — CA — 023501
- Judge: McHugh, Michael T

_____/

## COMPLAINT

COMES NOW, the Plaintiff, VERNE GAVITT ("Plaintiff"), and sues the Defendants, MERCK & COMPANY, INC. ("MERCK"), BREE CARLIN ("CARLIN"), and YVONNE MORROW ("MORROW"), and alleges as follows:

1.    This is an action for damages in excess of Fifteen Thousand dollars ($15,000.00).

2.    The Plaintiff is *sui juris* and a resident of Florida.

3.    The Defendant, MERCK, at all times relevant hereto was and is an American pharmaceutical company incorporated under the laws of New Jersey with its principle place of business located at One Merck Drive, Whitehouse Station, New Jersey, 30889-0100.

3.    At all times relevant hereto, the Defendant, MERCK, did business in the State

of Florida, entered into contracts in the State of Florida, manufactured products for use in the State of Florida, sold and delivered products in the State of Florida, maintained offices, agents and employees in the State of Florida, and advertised and solicited business in the State of Florida. MERCK has, in addition, appointed CT Corporation Systems in Plantation, Florida, as its agent for acceptance of service of process in Florida. Sufficient minimum contacts exist to place MERCK within and under the jurisdiction of this Court.

4.   At all times relevant hereto, CARLIN and MORROW, were Florida residents, and engaged in the business of serving as sales representatives for, *inter alia,* Vioxx.

5.   MERCK designed, invented, developed, tested, manufactured, sold, distributed and advertised a product known as "Vioxx".

6.   Vioxx is the retail or brand-name of a drug known as Rofecoxib. All references to Vioxx in this Complaint are references to Rofecoxib.

7.   Vioxx is a non-steroidal, anti-inflammatory drug, or NSAID, designed to act as what is called a "COX-2" inhibitor.

8.   At all times relevant hereto, MERCK knew that COX-2 inhibitors, including Vioxx, interfered with blood-clotting mechanisms and could cause a variety of reactions or injuries to users, including myocardial infarctions, resuscitated cardiac arrest, sudden and unexplained death, ischemic stroke and transient ischemic attacks.

9.   At all times relevant hereto, MERCK failed to disclose this information to the public.

2

10. At all times relevant hereto, MERCK engaged in a pattern of false and misleading advertising, cover-ups, lies and deception for the express purpose of withholding information regarding the complications set forth in (9) above from the public. In fact, MERCK was cited by the Federal Food and Drug Administration ("FDA") in September of 2001 for lying and false or deceptive advertising as to the marketing and promotion of Vioxx. The Plaintiff does not possess the warning at this time but will produce it upon receipt from the Defendant.

11. In June of 1999, and again in September 2001, the FDA warned MERCK to stop lying to doctors regarding the complications stemming from the use of Vioxx. Copies of these FDA warnings are not available at this time but will be obtained and produced through discovery.

12. The Defendant, MERCK, withdrew Vioxx from the market in November, 2004.

13. The FDA estimates that over 100,000 victims have died as a result of Vioxx use, with tens of thousands of others injured.

## COUNT I
## STRICT LIABILITY: FAILURE TO WARN

14. The Plaintiff realleges paragraphs (1)-(14) and incorporates them by reference

herein.

15. The Plaintiff was prescribed Vioxx.

3

16.    At the time Vioxx was prescribed to Plaintiff, the Defendant, MERCK, knew of the dangers inherent in the use of Vioxx and had a duty to warn the public of any dangers associated with the use of its product and known to the Defendant.

17.    The Plaintiff was not provided with any warnings or information by MERCK regarding the dangers of Vioxx as they pertained to stroke or other side effects as set forth above. Vioxx, as marketed and sold to the Plaintiff, was not accompanied by appropriate warnings regarding the risks associated with Vioxx use.

18.    MERCK was in a superior position to the Plaintiff to know of the dangers related to Vioxx use. The Plaintiff is not a doctor, chemist or person trained or qualified to test or prescribe medicines, including Vioxx. Accordingly, MERCK had a duty to warn the Plaintiff of any dangerous side effects associated with the use of Vioxx.

19.    The specific prescription for Vioxx given to the Plaintiff was written by a doctor, who was one of the class of doctors lied to by MERCK, regarding Vioxx, as pointed out in the 1999 warning issued to MERCK by the FDA.

20.    As a direct and proximate result of the Defendant's misconduct, the Plaintiff consumed and ingested Vioxx in accordance with the prescribed dosage, to Plaintiff's detriment.

21.    As a direct and proximate result of the Defendant's misconduct and failure to warn, the Plaintiff suffered compensable injuries due to the use and ingestion of Vioxx, as well as other side effects, and has been exposed to the danger of side effects which have not yet manifested themselves.

22.    As a direct and proximate result of the Defendant's misconduct, the Plaintiff has suffered injury, pain, mental anguish and loss of enjoyment of life and has incurred the expense of hospitalization, medical and nursing care.

23.    But for the Defendant's failure to warn, the Plaintiff would not have taken Vioxx.

24.    The Defendant, MERCK, is strictly liable for its failure to warn.

WHEREFORE, the Plaintiff demands judgment from the Defendant for compensatory and punitive damages including, where allowed by law, prejudgment interest, costs, attorney's fees and trial by jury.

## COUNT II
## FRAUD - MISREPRESENTATION

25.    The Plaintiff realleges paragraphs (1)-(14) and (23) and incorporates them by reference herein.

26.    At all times relevant to this action, MERCK, CARLIN and MORROW knew or reasonably should have known of the dangerous side effects associated with the use of Vioxx.

27.    At all times relevant hereto, MERCK, CARLIN and MORROW engaged in a deliberate, conscious and willful campaign of lies, distortions, half-truths and omissions regarding the drug, Vioxx.

28.    The FDA caught MERCK in the act of lying to customers, including doctors and patients, as set forth above.

29.    Notwithstanding Defendants' receipt and possession of test-data indicating

5

problems with Vioxx, and express FDA demands to cease lying to doctors, the Defendants, and each of them, undertook a campaign of false and fraudulent and deceptive advertising to promote Vioxx.

30. The sales and advertising campaign waged by defendants was knowingly false and was specifically intended to deceive and defraud doctors and the public, in order that the targets of the fraud would purchase Vioxx from MERCK.

31.    The Plaintiff was defrauded by MERCK, MORROW and CARLIN due to the Defendants' campaign of lies and deceit and was induced to purchase Vioxx.

32.    As a direct and proximate result of fraud by MERCK, MORROW and CARLIN, the Plaintiff was injured as set forth above.

WHEREFORE, the Plaintiff demands judgment against the Defendants, MERCK, MORROW and CARLIN, for compensatory and punitive damages including, where provided by law, costs, prejudgment interest, attorney's fees and trial by jury.

## COUNT III
## STRICT LIABILITY: PRODUCTS LIABILITY

33.    The Plaintiff realleges paragraphs (1)-(14) and (23) and incorporates them by reference herein.

34.    The Defendant, MERCK, at all times relevant hereto, manufactured Vioxx and placed Vioxx in the stream of commerce, with the intention of selling Vioxx and delivering Vioxx to consumers in the State of Florida, including the Plaintiff.

35.    The product known as Vioxx causes increased risk of injury and illness as set forth above.

6

36.    The Defendant knew or reasonably should have known of the risks associated with the use of Vioxx but caused Vioxx to be sold to, distributed to, and consumed by, consumers in the State of Florida, including the Plaintiff.

37.    The Defendant's conduct was willful, intentional, profit-driven and committed with reckless disregard for the life, health, safety or well being of the Plaintiff.

38.    As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered injury as set forth above.

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages from the Defendant, as well as other relief where permitted by law, including costs, attorney's fees, prejudgment interest and trial by jury.

## COUNT IV
## NEGLIGENCE

39.    The Plaintiff realleges paragraphs (1)–(14) and (23) and incorporates them by reference herein.

40.    The Defendant had a duty to exercise reasonable care in the manufacture, sale, testing, quality assurance, quality control and/or distribution of the drug Vioxx, in that the Defendant knew or should have known that the drug, when used, created a high risk of unreasonable side effects, including myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke and transient ischemic attacks which can cause extraordinary suffering and death.

41.    Defendant was negligent in the design, manufacture, testing, advertising, marketing and sale of Vioxx in that, among other things, it:

7

a.    Failed to use due care in designing and manufacturing Vioxx so as to avoid the aforementioned risk to individuals.

b.    Failed to accompany its product with proper warnings regarding all possible adverse side effects associated with the use of Vioxx.

c.    Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of the drug Vioxx.

d.    Failed to provide adequate training and instruction to medical care providers for appropriate use of the drug Vioxx.

e.    Failed to warn Plaintiff, prior to actively encouraging the sale of Vioxx, either directly or indirectly, orally or in writing, about the dangerous side effects of Vioxx.

f.    Failed to warn that the risks associated with Vioxx would exceed the risks of comparable forms of pain relief.

g.    Were otherwise careless or negligent.

42.    Despite the fact that the Defendant knew or should have known that Vioxx caused unreasonable, dangerous, side effects which many users would be unable to remedy by any means, Defendant continued to market Vioxx to consumers, including Plaintiff, when there were safer alternative medications available.

43.    The Defendant, at all times relevant hereto, knew or should have known that consumers, including the Plaintiff, would foreseeably suffer injury as a result of the Defendant's failure to exercise ordinary care as described above.

44.    The Defendant's negligence was the proximate cause of the injuries, including increased risk of harm suffered by the Plaintiff as previously set forth herein.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory and punitive damages, and any other legal or equitable relief provided by

law, as set forth below, costs, attorney's fees where permitted by law and demands trial by jury.

## COUNT V – FALSE ADVERTISING

45.    The Plaintiff realleges paragraphs  (1)–(44) and incorporates them by reference herein.

46.    The Defendants, MERCK, MORROW and CARLIN, and each of them caused to be made or disseminated  in the State of Florida misleading advertisements, to or before the public, or any portion thereof, and other persons, and including Plaintiff and/or Plaintiff's physicians, statements in oral, written, or printed form, and on the radio and television airwaves, and in person, and in seminars and presentations, and via medical journal articles which were falsified,  statements made which were known or in the exercise of reasonable care or investigation could or might have been ascertained to be untrue or misleading, and which were made with the intent or purpose, either directly or indirectly, of selling the dangerously unsafe and defective VIOXX pills which were unfit for their intended purpose.

47.    Pursuant to Section 817.40 *et seq.* Fla. Stat., the aforesaid misleading communications or advertisements are statutorily declared or deemed to be fraudulent and unlawful, designed and intended for obtaining money by false pretenses, and subject the Defendants, and each of them, to liability unto Plaintiff for actual compensatory damages, costs, punitive damages, and attorney's fees.

48.    Plaintiff has suffered actual damages and has or will incur substantial attorney's fees to his undersigned counsel.

9

WHEREFORE, Plaintiff demands judgment for actual and punitive damages, costs and attorneys fees against Defendants, MERCK, MORROW and CARLIN, and demands a trial by jury.

Dated this _11 TH_ day of September, 2008.

**VILES & BECKMAN, LLC**
Attorneys for Plaintiff
6350 Presidential Court
Suite A
Fort Myers, Florida 33919
Telephone: (239) 334-3933
Facsimile: (239) 334-7105

By: _____
Marcus W. Viles, Esquire
Florida Bar No.: 0516971

10

9/11/2008 5:36 PM Filed Lee County Clerk of Courts

VX21375/MWV/ty

## CIVIL COVER SHEET (FORM 1.997)

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

## I.  CASE STYLE

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION                **08 – CA – 023501**
CASE NO.: _ Judge: McHugh, Michael T

VERNE GAVITT,

     Plaintiff,

vs.

MERCK & COMPANY, INCORPORATED,
A Foreign Corporation, BREE CARLIN, a
Florida resident, and YVONNE MORROW,
Florida resident,

     Defendants.
_____/

**II.**    **TYPE OF CASE**  (Place an X in one box only.  If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ( )  Simplified dissolution | ( )  Professional Malpractice | ( )  Contracts |
| ( )  Dissolution | ( X)  Product Liability | ( )  Condominium |
| ( )  Support - IV-D | ( )  Auto negligence | ( )  Real Property/ Mortgage foreclosure |
| ( )  Support - Non IV-D | ( )  Other negligence | ( )  Eminent domain |
| ( )  URESA- IV-D |  | ( )  Other |
| ( )  URESA - Non IV-D |  |  |
| ( )  Domestic Violence |  |  |
| ( )  Other Domestic relations |  |  |

**III.**    **Is Jury Trial Demanded in Complaint?**
(X )  Yes
( )  No

Date: _9/11/08_

**VILES & BECKMAN, LLC**
Attorney for Plaintiff
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: (239) 334-3933
Facsimile: (239) 334-7105

By: _____
    Marcus W. Viles, Esquire
    Florida Bar No. 0516971