# BECNEL LAW FIRM, LLC

ATTORNEYS AND COUNSELORS AT LAW
NOTARIES PUBLIC

DANIEL E. BECNEL, JR.*
DANIEL E. BECNEL, III*
DARRYL J. BECNEL
MATTHEW B. MORELAND
KEVIN P. KLIBERT
SALVADORE CHRISTINA, JR.
WILLIAM A. PERCY, III
JUANITA R. MARINO
CHRISTOPHER D. BECNEL
KATHRYN W. BECNEL*
KELLY M. MORTON
Of Counsel:
JUDGE RUCHE J. MARINO (RETIRED)

*Also Admitted in Colorado

Please Reply To:
☑ 106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084
(985) 536-1186
(985) 536-7904
FAX (985) 536-6445
E-MAIL: dbecnel@becnellaw.com
www.becnellaw.com

☐ 425 WEST AIRLINE HIGHWAY
SUITE B
LAPLACE, LOUISIANA 70068
(985) 651-6101
(985) 652-3643
(985) 652-3668
FAX (985) 651-6104
E-MAIL: becket@becnellaw.com

Kay K. Serven
  Office Administrator
Susan B. Williams
  Nurse

October 24, 2008

Scott Monroe
Brown Greer-Vioxx Claims
P.O. Box 85031
Richmond, VA 23285

RE:   VIOXX CORRECTED DOCUMENTS

Dear Mr. Monroe,

Please find enclosed the corrected CAP 2008-1 RELEASE OF ALL CLAIMS for Glenn Thompson (1088366) executed by Allen Thompson

I have also uploaded these documents via the web-portal. If you have any questions, please contact me.

Sincerely,

Salvadore Christina, Jr.

EXHIBIT B

# CAP 2008-1 RELEASE OF ALL CLAIMS

| CLAIMANT |||||
|---|---|---|---|---|
| **Name** | First: Glenn | Middle: G. || Last: Thompson |
| **Address** | Street: 96 Franklin Rd. ||||
| | City: Lebanon || State: Tennessee | Zip: 37087 |
| **Social Security Number** | 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 || **Date** | 10 (month) / 17 (day) / 2008 (year) |

| | CLAIMANT'S COUNSEL |
|---|---|
| **Law Firm** | Becnel Law Firm, LLC |

## RELEASE OF ALL CLAIMS

I, the undersigned Releasor, am a plaintiff or tolling agreement claimant in the Merck & Co., Inc., a New Jersey corporation ("Merck"), Products Liability Litigation. I have enrolled to participate in the program (the "Program") set forth in the Settlement Agreement (the "Agreement") dated as of November 9, 2007. I understand that the terms of the Agreement govern the resolution of my claim. I further understand that, in order to submit my claim into the Program under the Agreement, I am required to submit a release of any and all claims I and the other Releasing Parties (as defined under "Releases" below) have, or may have in the future, against the Released Parties (as defined under "Releases" below) concerning and/or connected with VIOXX (sometimes referred to as "Vioxx" or "rofecoxib") ("VIOXX") and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part.

Accordingly, in consideration for Merck's agreement to establish the Program, the significant expenses being incurred by Merck in connection with the Program, Merck's waiver of defenses (except as reflected in the Program criteria themselves) solely in the context of the application of the Program, and the opportunity to submit my claim into the Program, I hereby give and make the following releases, waivers, acknowledgements and agreements for the benefit of the Released Parties (this "Release"). This Release is also entered into by any Derivative Claimant (as defined under "Releases" below) who executes a signature page hereto, in which case the agreement of such Derivative Claimant set forth on its signature page is incorporated in, and is part of, this Release. By signing this Release, both I and any such Derivative Claimant understand and acknowledge that there is no assurance as to the amount, if any, of payment to be made to any claimant under the Program, and this fact shall in no way affect the validity or effect of this Release.

1. Releases.

(a) On my own behalf and on behalf of each other Releasing Party, I hereby knowingly and voluntarily release, remise, acquit and forever discharge the Released Parties from (i) any and all rights, remedies, actions, claims, demands, causes of action, suits at law or in equity, verdicts, suits of judgments and/or Liens (as defined under "Liens and Other Third-Party Payor Claims" below), of any kind whatsoever ("Claims"), which I or any other Releasing Party may have ever had, may now have or at any time hereafter may have against any Released Party and (ii) any and all debts, liabilities, obligations, covenants, promises, contracts, agreements and/or obligations, of any kind whatsoever ("Liabilities"), which any Released Party may have ever had, may now have or at any time hereafter may have to me or any other Releasing Party, in the case of clause (i) and clause (ii), to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part. These Claims and Liabilities are the "Released Claims and Liabilities".

(b) The term "Released Parties" means all the parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, including, but not limited to, Merck, all named defendants in any pending action concerning VIOXX and/or any such injury to

which I am (and/or any other Releasing Party is) a party, and all those who may have acted in concert with Merck, together with their respective insurers. These parties, past, present and/or future, in any way and/or at any time connected with VIOXX and/or with any injury I (or any other Releasing Party) have ever claimed, or hereafter claim, VIOXX caused in whole or in part, also include, but are not limited to, manufacturers; suppliers of materials; distributors; other persons involved in development, design, manufacture, formulation, testing, distribution, marketing, labeling, regulatory submissions, advertising and/or sale of any product; physicians, pharmacists and other healthcare providers; sales representatives; pharmacies, hospitals and other medical facilities; advertisers; manufacturers of other products that I used before, while or after taking VIOXX; the respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, and transferees of the parties referred to in this paragraph; and the respective past, present and/or future shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.

(c)  The term "Releasing Parties" means (i) myself and (ii) any and all persons who have or assert the right to sue Merck or any other Released Party, independently, derivatively or otherwise, by reason of their personal relationship with me, and/or otherwise by, through or under, or otherwise in relation to, me ("Derivative Claimants"). Derivative Claimants include, but are not limited to, my heirs, beneficiaries, surviving spouse (including, but not limited to, a putative or common law spouse), surviving domestic partner and/or next of kin, if any.

(d)  I acknowledge that I (and/or any other Releasing Party) may in the future learn of additional and/or different facts as they relate to VIOXX, the Released Parties' activities as they relate to VIOXX, and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, VIOXX caused in whole or in part. I understand and acknowledge the significance and consequences of releasing all of the Released Claims and Liabilities and hereby (on my own behalf and on behalf of each other Releasing Party) assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims and Liabilities that I (and/or any other Releasing Party) may hereinafter incur or discover. To the extent that any law, statute, ordinance, rule, regulation, case or other legal provision or authority (each, a "Law") may at any time purport to preserve my and/or any other Releasing Party's right to hereinafter assert any such unknown and/or unanticipated Claims and/or Liabilities, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) each Releasing Party's rights under such Law. I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having discussed it with such counsel to my satisfaction.

(e)  On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of each Released Party, and are intended to be as broad as can possibly be created.

(f) WITHOUT LIMITATION OF THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OR ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, MALICE, AND/OR CONDUCT OF ANY TYPE BY MERCK, ANY OF THE OTHER RELEASED PARTIES, ANY RELEASING PARTY AND/OR ANY OTHER PERSON. THIS RELEASE IS SPECIFICALLY INTENDED TO AND DOES INCLUDE, BUT IS NOT LIMITED TO, A RELEASE OF, AND COVENANT NOT TO SUE FOR, ANY WRONGFUL DEATH CLAIM THAT MAY BE BROUGHT AT ANY TIME BY OR ON BEHALF OF ANY OF THE RELEASING PARTIES IN CONNECTION WITH ANY OF THE FACTS, EVENTS AND/OR INCIDENTS THAT GAVE RISE TO ANY OF THE RELEASED CLAIMS AND LIABILITIES.

2. **Attorneys' Fees; Division of Any Settlement Payment.** I understand that the Released Parties are not responsible for any attorneys' fees or costs I have incurred or may at any time incur, including, but not limited to, entering into this Release and any other documents. I understand that, with respect to any payment that may be made to me under the Program (a "Settlement Payment"), any division of such Settlement Payment between me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release shall be determined by me and such other person(s), and such division, or any dispute in relation to such division, shall in no way affect the validity of this Release.

3. **Pursuit of Certain Claims.** I agree that I will never (i) take any legal or other action to initiate, pursue or maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any of the Released Claims and Liabilities of or against any Released Party, (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or with any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against any Released Party in any legal action described in clause (ii) or my pending legal action against Merck.

4. **Liens and Other Third-Party Payor Claims.**

(a) I agree that prior to the first time, if any, that a Settlement Payment is made to me, I shall identify to Merck and to the Lien Resolution Administrator for the Program all governmental authorities that are Third Party Providers/Payors (as defined below) known to me to hold or assert any lien, pledge, charge, security interest, assignment, encumbrance, subrogation right, third-party interest or other adverse claim of any nature whatsoever ("Lien") pursuant to any applicable statute with respect to any Settlement Payment (and/or the right to receive such Settlement Payment), through procedures and protocols to be established by the Lien Resolution Administrator, subject to approval by the Claims Administrator for the Program.

(b) A "Third Party Provider/Payor" is any provider or payor (public or private) of (i) health, hospital, medical, physician, healthcare and/or pharmaceutical services, products or expenses and/or (ii) any other form of compensation, including, but not limited to, federal and state governmental authorities (or other persons) providing Medicare and/or Medicaid services or benefits.

(c) I understand and acknowledge that satisfaction and discharge of any and all Liens with respect to any Settlement Payment (and/or the right to receive any Settlement Payment) is the sole responsibility of me, any Derivative Claimant executing this Release and our respective counsel (if any) executing a Certification of Counsel attached to this Release and must, in relation to all governmental authorities that are Third Party Providers/Payors who hold or assert any Liens pursuant to any applicable statute, be established to the satisfaction of the Claims Administrator and Merck before any Settlement Payment (if any) can be disbursed to me.

(d) Prior to the first time, if any, that a Settlement Payment is made to me, I shall, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), represent and warrant that any and all Liens with respect to any and all Settlement Payments (and/or the right to receive any and all Settlement Payments) have been satisfied and discharged. Furthermore, upon request to the Lien Resolution Administrator, Merck shall be entitled to proof of satisfaction and discharge of any or all such Liens pursuant to any applicable statute in relation to all governmental authorities that are Third Party Providers/Payors.

(e) In addition to and without limitation of the foregoing, I hereby agree, jointly and severally with any Derivative Claimant executing this Release (and with our respective counsel (if any) executing a Certification of Counsel attached to this Release), to indemnify and hold harmless the Merck Released Parties (as defined below) from and against (i) any and all Claims made or asserted at any time against any Merck Released Party by (x) any Third Party Provider/Payor in relation to, (y) any person at any time holding or asserting any Lien in relation to and/or (z) any other person at any time claiming by, through or under, me or any Derivative Claimant executing this Release, with respect to any funding payment by or for the account of Merck under the Program and/or any Settlement Payment (and/or the right to receive any such Settlement Payment) and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(f) The term "Merck Released Parties" means (i) Merck and (ii) all other Released Parties, past, present and/or future, in any way and/or any time related to Merck, including, but not limited to, Merck's past, present and/or future parents, subsidiaries, divisions, affiliates and joint venturers; the respective past, present and/or future predecessors, successors, assigns and transferees of the parties referred to in this paragraph; and the respective past, present and/or future insurers, shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators and personal representatives (or the equivalent thereto) of the parties referred to in this paragraph.

### 5. Indemnification for Released Claims and Liabilities.

(a) I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b) Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "Non-Merck Released Party") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c) Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

### 6. Confidentiality.
I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any), except as may be required by applicable Law; provided, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information). I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

### 7. Medical Documentation Authorization.
I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special

Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee for the Program, all other persons provided for under the terms of the Agreement to consider claims, and their respective attorneys, agents, servants, employees and independent auditors and others deemed necessary by each to assist them, the medical or other documentation required for approval of an award under the Program along with any and all authorizations for the release of medical records required in my Enrollment Form under the Program or that may be required by a provider of such documentation, including, but not limited to, a specific authorization required by a particular hospital, pharmacy, physician or any other source of documentation. I agree to cooperate fully in providing any authorization for the release of records requested in the Program. I also authorize the foregoing persons to have access to my medical and other documentation available in any electronic depository through which Merck delivers medical records it collects by way of authorization or subpoena to counsel for plaintiffs in the VIOXX litigation.

8. <u>ACKNOWLEDGEMENT OF COMPREHENSION; NO GUARANTEE OF PAYMENT</u>. I AM ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, MERCK OR ANY OTHER PERSON. I UNDERSTAND AND ACKNOWLEDGE THE NATURE, VALUE AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THE SECOND PARAGRAPH OF THIS RELEASE. I ACKNOWLEDGE THAT I HAVE READ THIS RELEASE AND THE AGREEMENT, AND I HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THESE DOCUMENTS AND MY DECISION TO ENROLL TO PARTICIPATE IN THE PROGRAM. I FURTHER ACKNOWLEDGE THAT I HAVE DISCUSSED ALL THESE MATTERS WITH THE COUNSEL TO ME EXECUTING A "CERTIFICATION OF COUNSEL" ATTACHED TO THIS RELEASE, AND SUCH COUNSEL HAS ANSWERED ALL MY QUESTIONS TO MY SATISFACTION. I FURTHER ACKNOWLEDGE THAT I UNDERSTAND THIS RELEASE AND THE AGREEMENT AND THAT THERE IS NO GUARANTEE THAT I WILL RECEIVE ANY SETTLEMENT PAYMENT OR, IF ANY SETTLEMENT PAYMENT IS MADE, THE AMOUNT THEREOF.

9. <u>Waiver of Certain Provisions Regarding Timing of Any Payments</u>. If I have any civil action pending in any jurisdiction that has enacted, promulgated or otherwise adopted any Law containing provisions that establish specific time periods within which settlement funds, if any, must be paid to me in connection with the settlement of such civil action and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such civil action (including, but not limited to, Pennsylvania Rule of Civil Procedure 229.1), I hereby (i) specifically and expressly waive (to the fullest extent permitted by applicable Law) my rights under any such provisions and (ii) agree that payment of any Settlement Payment shall be made solely in accordance with the terms and conditions of the Program.

10. <u>No Admission of Fault</u>. I understand and agree that Merck has entered into this Release and the Agreement solely by way of compromise and settlement. These documents are not, and shall

not be construed at any time to be, an admission of liability, responsibility or fault of or by Merck or any other Released Party.

**11. Representations and Warranties.** I hereby represent and warrant that: I have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Except as set forth in the second sentence under "Attorneys' Fees: Division of Any Settlement Payment" above, I have the sole right to receive any and all Settlement Payments, if any, with respect to my claim under the Program. Neither I nor any other Releasing Party has sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part.

**12. GOVERNING LAW. THIS RELEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF NEW YORK, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.**

**13. Severability.** I agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication was made and shall not affect such provision in any other jurisdiction. To the fullest extent permitted by applicable Law, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive any provision of Law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

**14. Legal Representatives.** If I am signing this Release as a legal representative of a VIOXX user, then (i) all references in this Release to my use of, or injury from, VIOXX shall also mean the use of, or injury from, VIOXX by or of such VIOXX user, all references in this Release to any person claiming by, through or under, or in relation to, me shall also mean any person claiming by, through or under, or in relation to, such VIOXX user, and all references to me in the definition of Derivative Claimant shall also mean such VIOXX user, (ii) if such VIOXX user is not deceased, he or she shall also be a "Releasing Party", (iii) if such VIOXX user is deceased, I am executing this Release both individually and on behalf of the estate of such VIOXX user, and (iv) prior to the first time, if any, that a Settlement Payment is made to me, I will obtain judicial approval of this Release to the extent required under applicable Law.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

RELEASOR:

By _____Allen Thompson_____
Name: Allen Thompson
Title: Designated Representative
Social Security No.:
Dated: _10-22-08_

[Notary Seal: REBECCA LEHEW, STATE OF TENNESSEE NOTARY PUBLIC, WILSON COUNTY]

### NOTARIZATION OF RELEASOR'S SIGNATURE

STATE OF __TN__, COUNTY OF __Wilson__ SS.:

I hereby certify that on __October 22__, 200_8_, __Allen Thompson__ personally came before me and acknowledged under oath to my satisfaction that this person: (a) is named and personally signed this document; and (b) signed, sealed and deliver this document as his or her act and deed.

_____Rebecca Lehew_____
Notary Public of the State of __TN__
my comm expires 8-14-11

## CERTIFICATION OF COUNSEL

### (COUNSEL FOR RELEASOR)

I, __Daniel Becnel__, hereby represent and declare that __Allen Thompson__ ("Releasor") has at all relevant times been represented by the undersigned counsel. I have provided Releasor a copy of the Release to which this Certification of Counsel is attached and have made available to Releasor a copy of the Settlement Agreement referred to in the Release (which copies include all attachments). I discussed with Releasor the terms and legal effect of all of the foregoing documents and Releasor's decision to enroll to participate in the Program (as defined in the Release), and I answered any and all questions Releasor may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Releasor does not have, and I do not have, any objection to the terms of this Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality" section in this Release and my joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and Other Third-Party Payor Claims".

BY COUNSEL FOR RELEASOR:

By _____
Name: Daniel Becnel
Title: Attorney
Dated: 10-24-08

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

RELEASOR:

By _____Allen Thompson_____
Name: Allen Thompson
Title: Estate Successor
Social Security No.: 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
Dated: 10-22-08

[Notary Seal: Rebecca Lehew, State of Tennessee Notary Public, Wilson County]

## NOTARIZATION OF RELEASOR'S SIGNATURE

STATE OF __TN__, COUNTY OF __Wilson__ SS.:

I hereby certify that on __22__, 200_8_, __October, Allen Thompson__ personally came before me and acknowledged under oath to my satisfaction that this person: (a) is named and personally signed this document; and (b) signed, sealed and deliver this document as his or her act and deed.

_____Rebecca Lehew_____
Notary Public of the State of __TN__
My comm expires 8-14-11

## CERTIFICATION OF COUNSEL

### (COUNSEL FOR RELEASOR)

I, _Daniel Becnel_, hereby represent and declare that _Allen Thompson_ ("Releasor") has at all relevant times been represented by the undersigned counsel. I have provided Releasor a copy of the Release to which this Certification of Counsel is attached and have made available to Releasor a copy of the Settlement Agreement referred to in the Release (which copies include all attachments). I discussed with Releasor the terms and legal effect of all of the foregoing documents and Releasor's decision to enroll to participate in the Program (as defined in the Release), and I answered any and all questions Releasor may have had. I hereby certify that, having had a full opportunity to read, understand, and inquire of counsel about the terms and conditions of the foregoing documents, Releasor does not have, and I do not have, any objection to the terms of this Release or any of the other foregoing documents. I further agree to be bound by the "Confidentiality" section in this Release and my joint and several obligations to provide representations and warranties regarding the satisfaction of, and indemnification with respect to, Liens set forth under "Liens and Other Third-Party Payor Claims".

BY COUNSEL FOR RELEASOR:

By _[signature]_
Name: Daniel Becnel
Title: ~~Lef~~ Attorney
Dated: 10/24/08