**MINUTE ENTRY**
**FALLON, J.**
**APRIL 29, 2009**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference. At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 46 of Plaintiffs' and Defendants' Liaison Counsel. This monthly status conference was transcribed by Ms. Pinkey Ferdinand, Official Court Reporter. Counsel may contact Ms. Ferdinand at (504) 589-7781 to request a copy of the transcript. A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.

1

JS10(02:30)

The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs. In other words, pursuant to the Court's Order, all Vioxx claimants are entitled to receive at least 68% of their settlement award, not including reasonable costs. The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (See Rec. Docs. No. 15702, 15857). On of the motions (Rec. Doc. No. 15702) was set for hearing on September 23, 2008, and the Court issued an Order on September 24, 2008, specifically in regards to the motion filed by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents, that ordered medical providers to produce records or show cause why they should not be held in contempt and fined $1000 per day for every day after October 17, 2008, until such records are

produced. Similar motions by other plaintiffs' counsel have also been filed and another motion was filed by Herman, Herman, Katz & Cotlar, LLP, on December 5, 2008. Medical records continue to be received from providers.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1, et seq. The Court will issue a separate order granting the motion.

On March 3, 2009, the PSC and Merck filed a Joint Motion to Lift the Discovery Stay in Pre-Trial Order No. 20. On March 20, 2009, Merck filed a supplement to the joint motion regarding the Court's consideration and potential implementation of that motion. Certain parties have filed an opposition to the motion, requesting additional representation for certain types of cases. The parties discussed the matter further at the status conference and the Court will issue a separate order on the matter.

II.     REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration. BrownGreer, the Claims Administrator appointed under the Settlement Agreement, provided the Court with a report detailing the status of the registration process as well as the status of interim payments under the Settlement Program.

The Claims Administrator provided a detailed report on the status of the settlement program, as well as the progress of the Extraordinary Injury Fund. For anyone who was unable to attend the conference, copies of the Claims Administrator's full report are available on BrownGreer's website at http://www.browngreer.com/vioxxsettlement. The report may be accessed by clicking on the button labeled "MDL Status Conference Reports" on the left-hand

side of the screen. All of the statistics and information provided to the Court at the status conference are available in this report, and the Court appreciates BrownGreer's efforts in making this information both available and easily accessible.

On March 25, 2009, Merck filed six Motions for Order to Show Cause concerning certain claimants who have failed to comply fully with the enrollment requirements of the Master Settlement Agreement. The motions were heard by the Court on April 15, 2009. At that time, the motions were withdrawn as to claimants who had cured deficiencies, were deferred until April 29, 2009 as to claimants who had pending cures, and were deferred until May 8, 2009 as to certain claimants with special circumstances. Additionally, the motions were granted as to numerous non-compliant claimants and their cases were dismissed with prejudice. Additionally, on April 21, 2009, Merck filed two supplemental Motions for Orders to Show Cause concerning additional non-compliant claimants. These motions are set for hearing on May 8, 2009, at 9:00 a.m. The Court will issue a separate order addressing the resolution of the motions.

III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator reported that it has agreements in place to deal with statutory liens on all ischemic stroke claims. The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the PSC and certain third party payor counsel was

reached on January 15, 2009, to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans. Counsel or claimants with questions about the settlement may call the Lien Administrator's Toll-Free Hotline at 1-877-774-1130 to speak with a representative regarding private lien resolution questions. At the status conference, the parties reported on the progress of the private lien resolution program.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.

V.    STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2009.

VI.    CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed. By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical

Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m. why those cases should not be dismissed.  The Order also set briefing deadlines.  This Order renders moot Defendant's Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and Defendant's Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Class Action Complaint–both of which had been briefed and submitted to the Court.  It does not affect Defendant's Rule 12 Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court.  The parties discussed this matter further at the status conference and the Court indicated that it will issue a separate order resolving the matter.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

On December 12, 2007, the PSC filed with the Court an Emergency Motion to Lift Stay for Purposes of Conducting Discovery Regarding Certain Medical Records in the Possession of Express Scripts, Inc.  On May 14, 2008, a telephone status conference was held between the Court, ESI, and the parties to discuss the status of ESI's production of pharmacy records for claimants that are participating in the Vioxx Settlement Program.  On June 24, 2008, another telephone status conference took place with the Court.  The parties are continuing discussions with ESI in an attempt to obtain medical/pharmacy records from ESI for claimants enrolled in the Settlement Program.  Based upon directives from the Court, on June 30, 2008, the PSC issued a subpoena to ESI and further requested that ESI produce a representative for a 30(b)(6) corporate deposition.  On August 7, 2008, the PSC filed a Motion to Compel Express Scripts to comply with the subpoena request for prescription drug documents or data.  The matter has been continued.  ESI continues to produce records, and BrownGreer continues to post records as they

are received.

On January 21, 2009, ESI communicated with the PLC requesting additional payment for compensation to ESI for efforts it claims to have incurred in responding to requests for prescription drug claims data. During the status conference, the parties advised the Court that the matter had been resolved.

## VIII.   STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The State Liaison Committee submitted to the Court an electronic database of all current motions to remand. The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various government action cases currently pending before the Court. The Court has met with counsel in the government cases as well as counsel for various third-party payor cases. Counsel for all parties continue to exchange information. Further, counsel for the government cases are currently preparing a formal proposed schedule for trial and discovery.

## IX.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of

Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.

The Pro Se Curator submitted a status report prior to the monthly status conference. In the report, the Pro Se Curator advises that the time spent responding to calls has increased significantly over the last several months. According to the Pro Se Curator, claimants have begun asking much more in-depth questions regarding the status of their cases as the settlement process develops. Many of these questions require significant amounts of time and research to answer properly. The Pro Se Curator continues to address pro se claimants' questions and the Court appreciates these efforts.

X.   <u>VIOXX SUIT STATISTICS</u>

As of December 31, 2008, Merck had been served or was aware that it had been named as a defendant in approximately 10,800 lawsuits, which include approximately 26,800 plaintiff groups, alleging personal injuries resulting from the use of Vioxx, and in approximately 242 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,850 lawsuits representing approximately 22,050 plaintiff groups are or are slated to be in the federal MDL and approximately 165 lawsuits representing approximately 165 plaintiff groups are included in a coordinated proceeding in New Jersey before Judge Carol E. Higbee. Of the plaintiff groups described above, most are currently in the Vioxx Settlement Program.

Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.

XI. <u>PSC MDL TRIAL PACKAGE</u>

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of access to the PSC trial packages. The trial packages were presented to the Court previously for review. Several counsel have made requests for access to the packages pursuant to Pre-Trial Order No. 37, and Plaintiffs' Liaison Counsel has sent copies of the trial packages to a number of counsel who have made proper requests.

XII. <u>THIRD PARTY PAYOR CASES</u>

Plaintiffs in certain third party payor cases have requested that the Court consider setting trial dates. Counsel representing numerous third party payors and AGs have participated in a number of status conferences in which several matters have been discussed pertaining to the actions brought by various third party payors and state governmental entities, including coordination of common discovery in the MDL and selection of cases for trial. On April 14, 2009, the Court entered Pre-Trial Order No. 38, which governs and sets deadlines for third party payor cases. The Court has also been provided a proposed Pre-Trial Order to govern and set deadlines in the governmental action cases. The Court will issue a separate order setting deadlines in those cases in the near future.

On April 17, 2009, the Court issued an order in both the third party payor and AG cases scheduling a status conference on April 29, 2009, immediately following the monthly status conference.

On April 21, 2009, Merck propounded a first set of interrogatories and a first set of requests for production of documents to third party payor plaintiffs, pursuant to PTO 38. Plaintiffs have not yet responded to discovery.

9

Following the January 22, 2009 status conference, the parties to the government actions discussed an order providing for plaintiffs in those cases to obtain access to the PSC's document depository. Shortly thereafter, the Court issued Pre-Trial Orders 13A and 3B, both of which relate to confidential treatment of materials in the PSC's document depository in connection with the governmental actions. On January 30, 2009, the PSC filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities. The Court has reserved ruling on the motion pending resolution of the governmental action trial schedule.

## XIII. THIRD PARTY PAYORS' MOTIONS

Following lengthy negotiations with the AvMed plaintiffs, a settlement agreement was reached on January 15, 2009, which resolves the AvMed claims and establishes a program for the adjudication and resolution in a fair, speedy, and cost effective manner of the medical and pharmacy reimbursements/lien obligations which are owed by privately funded or privately insured eligible claimants participating in the Vioxx Settlement Program to private insurers, self-funded private health plans, or other private health benefit providers. The 1199 SEIU Greater New York Benefit Fund and the New York State Teamsters Council Health and Hospital Fund have also agreed to the settlement. On April 10, 2009, the third party payors elected not to exercise their option to terminate the agreement under Part A.2 of the agreement.

## XIV. MERCK'S MOTIONS AND RULES ON PTO 28 NON-COMPLIANCE

Since September, 2008, Merck has filed six motions, rules, and incorporated memoranda to show cause why cases should not be dismissed with prejudice for failure to comply with the Lone Pine requirements of PTO 28. Immediately following the monthly status conference on April 29, 2009, the Court heard certain matters that were deferred from the previously filed Lone

Pine motions. The Court will issue separate orders resolving the motions.

## XV. DECISION QUEST, INC.

On February 2, 2009, Decision Quest, Inc., filed a Motion for Payment of Consulting Fees and Expenses, and an Ex Parte Motion to Expedite Hearing. DecisionQuest, Inc. And the PSC have resolved the matter and entered into a Stipulation and Agreement which was filed with the Court on March 18, 2009. The parties discussed the matter during the status conference and the Court will continue to monitor the progress of the settlement closely.

## XVI. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons and grounds for their request for common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiff's Liaison Counsel on or before May 8, 2009. Shortly thereafter, the Court will convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing, and argument.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for

Extension of Time (re: Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted the motion and extended the deadline until further order.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  The PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, unnecessary, and that if the Court determined that discovery was appropriate, then a scheduling order would be necessary.  On February 27, 2009, the PLC filed a response in opposition to the motion. The Court has reserved ruling on the motion pending receipt of notices of objection.

XVII.  MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement program at 32% plus reasonable costs.  The Order and Reasons are posted on the Court's website at http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of the Court's Order Capping Contingent Fees and Alternatively for Entry of Judgment.  The Court appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose settlement awards will be affected by the Court's Capping Order.  On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for a writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment Order pending further proceedings.  On January 23, 2009, the Fifth Circuit denied the petition for writ of mandamus and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the

Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a schedule for briefing and argument to address the Motion to Reconsider. The Court further ordered that the Vioxx Litigation Consortium forward a copy of the Court's January 30, 2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order, on January 31, 2009, counsel for the VLC filed an affidavit stating that the VLC had complied the Court's order.

By Order entered February 26, 2009, the Court established a scheduling order for briefing on the Vioxx Litigation Consortium's Motion for Reconsideration and set the matter for oral argument on April 7, 2009, at 9:00 a.m. On March 17, 2009, the Clinic filed its opposition to the Vioxx Litigation Consortium's memorandum in reply and supplementation is due by March 31, 2009. The motion came on for hearing on April 7, 2009, with oral argument. The Court has taken the matter under submission.

## XVIII. MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

Certain matters which were deferred from Merck's previously filed motions, rules, and incorporated memoranda to show cause why cases should not be dismissed with prejudice for failure to comply with the Lone Pine requirements of PTO 29 were scheduled to be heard immediately following the monthly status conference. The Court will issue separate orders resolving the motions.

## XIX.  MERCK'S MOTION ON PTO 31 NON-COMPLIANCE

On March 2, 2009, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice for Material Non-Compliance with the Registration Requirements of PTO 31. The motion was originally set for hearing on March

13

27, 2009.  Pursuant to agreement of the parties, the motion was deferred.  The Court will issue a separate order resolving the motion.

XX.     OTHER MOTIONS

On February 2, 2009, Robins, Kaplan, Miller & Ciresi filed a Motion for Suggestion of Remand Order in the *Fosseen* cases, Case No. 08-cv-3863; on February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, counsel for Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ronald Benjamin filed a Motion for Issuance of a Suggestion of Remand.  Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009, and filed oppositions to the Fosseen and Bethea motions on April 24, 2009.  The matters were set for hearing on the briefs following the monthly status conference.  The Court will issue a separate order resolving the motions.

XXI.    NEXT STATUS CONFERENCE

The next monthly status conference will be held on Friday, May 29, 2009, at 9:00 a.m., central time.  Counsel, plaintiffs, and any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 98649943 and the Chairperson will be Judge Fallon.

14