


%AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
Southern District of Florida

CHERYL O. AILER, et al.
V.
MERCK, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-61450 CIV MOORE

TO: Kenneth James Benjamin, M.D./ER Physician
c/o Leonard Carter, Administrator's Office
Crisp Regional Hospital
902 N. 7th St., Cordele, GA 31015 tel. 229/276-3100

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all physicians' notes, consult dictations (transcriptions), pharmacy records and operative notes for your care of CLARA BROWN, whose date of birth is 04/03/1925 and whose social security nmber is 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 from the inception of your records through and including her date of death on 08/22/2002.

| PLACE   Glick Law Firm, P.A., 324 N. Swinton Ave., Delray Beach, FL 33444
Tel. 561/330-3559 | DATE AND TIME
2/3/2009 10:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
Brian J. Glick, Esquire, Plaintiffs' Counsel | DATE
1/24/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian J. Glick, Esquire, Glick Law Firm, P.A., 235 N. Swinton Ave., Delray Beach, FL 33444
Tel., 561/330-3559   FAX 561/330-3593

(See Federal Rule of Civil Procedure 45 (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

*EXHIBIT "A"*

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  01-24-04
                      DATE

SIGNATURE OF SERVER

ADDRESS

Brian J. Glick, Esquire
Glick Law Firm, P.A.
2255 Glades Rd., #324-A
Boca Raton, FL 33431

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

GLICK LAW FIRM, P.A.
2255 GLADES RD., SUITE 324-A
BOCA RATON, FL 33431
TELEPHONE (561) 391-0448
FACSIMILE (561) 330-3593

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION (PHI) UNDER HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA)

1. The undersigned patient named below, hereby executes this authorization in compliance with the Federal Health Insurance Portability and Accountability Act, HIPAA, 45 CFR 164.104.

2. This authorization is directed to the following healthcare provider, (including its agents, employees and associates): **KENNETH JAMES BENJAMIN MD**

3. The above-named healthcare provider is requested to release the protected health information (PHI) that is described below, to the patient's attorneys, **Glick Law Firm, P.A., 2255 Glades Rd., Suite 324-A, Boca Raton, FL 33431**; and

4. The protected health information released herein is specifically as follows:

All medical information of any nature whatsoever, from any source whatsoever, which is maintained by you in your records regarding the referenced patient and which is requested by my attorneys. If you are a physician or out-patient clinic, you are authorized to send your entire chart upon their request, including not only the records dictated or written up by you, but also insurance records, handwritten notes, telephone memoranda, outside records, correspondence, or any other tangible item maintained in my chart.

The records include but are not limited to the following items:

- ___ Most Recent History and Physical
- ___ Most Recent Discharge Summary
- ___ Initial Patient Paperwork/Questionnaires
- ___ Office Notes and Reports
- ___ Physical Therapy Records and Notes
- ___ Laboratory Reports and Results
- ___ X-ray and Imaging Reports
- ___ Consultation Reports from any other Physicians
- ✓ Entire Record and/or Chart
- ___ Final Narrative Reports & Impairment Ratings
- ✓ Itemized Bill for Services Rendered
- ___ Other _____

- ___ All From _____ to _____
- ___ All From _____ to _____
- ___ All From _____ to _____
- ___ All From _____ to _____
- ___ All From _____ to _____
- ___ All
- ___ All
- ___ All

___ Total Charges ___ Balance

### REQUIRED DISCLOSURES - 45 CFR 164.508©

A. This protected health information is to be used for the following purpose: A civil legal claim or proceeding.

B. This authorization may be revoked by a signed and properly dated written revocation, delivered to the healthcare provider named above, provided that this release cannot be revoked as to protected health information that had been previously released in reliance on this document.

C. The undersigned acknowledges that a refusal to sign this form will not result in a denial of health care by the hospital or any other health care provider and that this release has not been coerced by a health care entity or any of its business associates.

*PLEASE NOTE: a copy of this Authorization shall be treated as an original*

D.  The undersigned acknowledges that once the PHI is disclosed, it may be re-disclosed to individuals or organizations that are not subject to the federal privacy regulations such as expert witnesses, litigants, insurance companies, and even may become public record if filed with a court of law.

E.  This authorization will expire twelve (12) months after the date executed, unless earlier revoked in writing.

Printed Name of patient: Clara F. Brown

Signed: Charlie Brown

Name: Charlie Brown

Dated: 01-23-09

D.O.B.: 4/3/25

S.S.#: _____

Witness: Anthony Brown

-2-

**PLEASE NOTE:** *a copy of this Authorization shall be treated as an original*

GEORGIA PROBATE COURT
STANDARD FORM

STATE OF GEORGIA

COUNTY OF DOUGHERTY

## LETTERS OF ADMINISTRATION
(Bond Waived and/or Certain Powers Granted at Time of Appointment)

By NANCY S. STEPHENSON, Judge of the Probate Court of said County.

WHEREAS, __CLARA FRANCIS BROWN__ died intestate (check one:)

_✓_ domiciled in this County;
___ not domiciled in this State, but owning property in this County;

and this Court granted an order appointing __CHARLIE BROWN, JR.__ as Administrator of the estate of said decedent, on condition that said Administrator give oath as required by law; and the said Administrator having complied with said condition; the Court hereby grants unto said Administrator full power to collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will extend, according to law, and then to pay over the balance, if any, to the heirs of said decedent, and to do and perform all other duties as such Administrator, according to the laws of this State. In addition, this Court has:

(Initial all which apply:)

_NW_ a. waived the bond of the administrator and granted to the administrator the power to serve without filing an inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the income beneficiaries, at least annually, a statement of receipts and disbursements

___ b. granted to the administrator all of the powers contained in O.C.G.A. §53-12-232 not included in (a) above.

___ c. granted to the administrator only those certain powers contained in O.C.G.A. §53-12-232 which are set forth in Exhibit "A" attached to the petition upon which the Court entered an order dated _____

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this _5th_ day of _September_, 2008.

_____
Judge of the Probate Court

DOUGHERTY COUNTY, GEORGIA

I HEREBY CERTIFY that the above and foregoing is a true copy of the original document on file and still in force and effect, in this office, the Probate Court of Dougherty County, Georgia.

This ___ day of _____, 20___.

_____
NANCY S. STEPHENSON, JUDGE
Dougherty County Probate Court

GPCSF 49

Effective 1/98

Oct 27 06 12:41p       Christina J Brown                           405-470-3867           p.2

# CERTIFICATE OF DEATH / STATE OF GEORGIA

No. 827  041890

| Field | Value |
|---|---|
| Name | Clara Frances Brown Clark |
| Sex | Female |
| Date of Death | Aug. 23, 2002 |
| Race | Black |
| Origin | American |
| Date of Birth | April 3, 1925 |
| Age | 77 |
| County of Death | Dougherty |
| City | Albany |
| Hospital | Phoebe Putney Memorial Hospital — Inpatient |
| State | GA. North |
| Country | USA |
| Marital Status | Married |
| Spouse | Charlie Brown Jr. |
| SSN | 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 |
| Occupation | Housewife |
| Residence | Dorsett Ave., Albany, GA 31701 |
| State | Georgia |
| County | Dougherty |
| City | Albany |
| Mother's Name | Louvenia Langley |
| Father's Name | Oscar Clark |
| Informant | Charlie Brown Jr., 425 Dorsett Ave. Albany, GA 31701, Husband |
| Disposition | Burial 08-27-02 |
| Place | Floral Memory Garden, Albany, GA 31701 Dougherty |
| Funeral Home | Ward & Ward Mortuary, 806 Highland Ave., Albany, Georgia 31701 |

Cause of Death:
- Cardiac dysrhythmia — Seconds
- Electrolyte imbalance / Acidosis — Several hours
- Renal failure — Several days

Heart failure

Robert V. Brown
9/3/2002   5:30 A.m.
Robert V. Brown, Jr. MD   036161   1909 Aberdeen Rd #101 Albany GA 31701
9-3-02

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE CERTIFICATE FILED WITH THE STATE OFFICE OF VITAL RECORDS, GEORGIA DEPARTMENT OF HUMAN RESOURCES. THIS CERTIFIED COPY IS ISSUED UNDER THE AUTHORITY OF CHAPTER 31-10, CODE OF GEORGIA AND 290-1-3 DHR RULES AND REGULATIONS.

STATE REGISTRAR AND CUSTODIAN
GEORGIA STATE OFFICE OF VITAL RECORDS

DATE   OCT 2 0 2006

(VOID WITHOUT IMPRESSED SEAL OR IF ALTERED OR COPIED)

**FedEx Express US Airbill**  Sender's Copy

FedEx Tracking Number: 8626 7496 4184

**1 From**
Date: 01-24-09
Sender's FedEx Account Number: 2675-9076-1
Sender's Name: Brian Glick
Phone: 561-330-7000
Company: GLICK LAW FIRM, PA
Address: 2255 GLADES RD STE 324A
City: BOCA RATON    State: FL    ZIP: 33431-8571

**2 Your Internal Billing Reference:** CLARA BROWN - VIOXX 229/276-3600

**3 To**
Recipient's Name: Dr. KENNETH BENJAMIN
Company: C/O LEONARD CANTER, ADMIN OFFICE
Recipient's Address: CRISP REGIONAL HOSPITAL
Address: 902 N 7 ST
City: CORDELE    State: GA    ZIP: 31015

0370550561

**4a Express Package Service:** FedEx Standard Overnight (checked)

**5 Packaging:** FedEx Envelope (checked)

**6 Special Handling:** No dangerous goods

**7 Payment:** Sender

519

## Detailed Results

Printable Version

Enter tracking number

| Detailed Results | Notifications |
|---|---|

Tracking no.: 862674964184

**Delivered**

Initiated — Picked up — In transit — Delivered

Delivered
Signed for by: J.GARLAND

**Shipment Dates**

Ship date: Jan 24, 2009
Delivery date: Jan 26, 2009 10:39 AM

**Destination**

Signature Proof of Delivery

**Shipment Facts**

| Service type | Standard Envelope | Delivered to Reference | Shipping/Receiving CLARA BROWN-VIOXX |
|---|---|---|---|

**Shipment Travel History**

Select time zone: Select                                      Select time format

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Jan 26, 2009 10:39 AM | Delivered | | |
| Jan 26, 2009 8:43 AM | On FedEx vehicle for delivery | ALBANY, GA | |
| Jan 26, 2009 7:49 AM | At local FedEx facility | ALBANY, GA | |
| Jan 26, 2009 3:15 AM | At dest sort facility | TALLAHASSEE, FL | |
| Jan 25, 2009 4:19 PM | Departed FedEx location | MEMPHIS, TN | |
| Jan 25, 2009 9:29 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Jan 24, 2009 6:52 PM | Left FedEx origin facility | FORT LAUDERDALE, FL | |
| Jan 24, 2009 10:20 AM | Picked up | FORT LAUDERDALE, FL | |



The new FedEx Tracking is here.
Register for a chance to win big!



FedEx Tracking: Learn about the new feat
View demo



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

January 27, 2009

Dear Customer:

The following is the proof-of-delivery for tracking number 862674964184.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | C O CHRISP REGINAL ONCOLOGY 31015 |
| Signed for by: | J.GARLAND | Delivery date: | Jan 26, 2009 10:39 |
| Service type: | Standard Envelope | | |

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 862674964184 | Ship date: | Jan 24, 2009 |

**Recipient:**
DR KENNETH BENJAMIN
C/O LEONARD CARTER ADMIN OFFIC
902 N 7 ST CRISS REGIONAL HOSP
31015 US

**Reference**

**Shipper:**
BRIAN G
GLICK LAW FIRM, PA
2255 GLADES RD STE 324A
334318571 US

CLARA BROWN-VIOXX

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339