EXHIBIT "A"

LAW OFFICES OF
# JOHNSON & BENJAMIN LLP

JONATHAN W. JOHNSON*  
MITCHELL D. BENJAMIN*  
*ALSO ADMITTED IN NY

567 LADONNA DRIVE  
DECATUR, GEORGIA 30032

TELEPHONE (404) 298-8995  
FACSIMILE (404) 298-0553

OF COUNSEL  
A. BRADLEY DOZIER, JR.  
MATTHEW C. BILLIPS  
JOHN R. ULMER

March 31, 2009

CERTIFIED MAIL  
– RETURN RECEIPT REQUESTED

Ms. Antoinette Jenkins  
2101 Harrison Ridge Ct.  
Lawrenceville, GA   30044

      RE:    Antoinette Jenkins – DCN1085702 -VIOXX  
             Cure for Deficiency Notice

Dear Antoinette:

      On March 25, the Vioxx Claims Committee denied your claim, on the basis that your injury was not the type covered by the Vioxx settlement program.

      Based on my review of your medical records, it appears that you had an aortic dissection and complications resulting from that. Your medical records do not support the claim for either a heart attack, or stroke. I do not believe we could ever prove that your injuries were caused by Vioxx because it worked by causing blood clots to lodge in vessels causing heart attacks or strokes.

      I would request your permission to simply dismiss the case at this point. If you are unwilling to consent to that, I am going to file a motion to withdraw as your counsel.

      I strongly recommend that you immediately seek other counsel if that is your desire. I would be happy to provide your file or assist you if you are able to locate another attorney to take over your file.

      In compliance with PTO No. 36, we hereby advise you of the following:

1. We are sending you a copy of PTO No.36;

2. You have thirty days from the date of the certified letter to:
   - (a) send a letter to the Court consenting to the Motion;
   - (b) send a letter to the Court opposing the Motion;
   - (c) send a letter to the Court indicating that you no longer wish to pursue your claim;
   - (d) secure new counsel; or

**JOHNSON & BENJAMIN LLP**

Ms. Antoinette Jenkins
Page 2

    (e)    contact the Pro Se Curator, Mr. Robert M. Johnson (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of your intention to proceed with your claim pro se, (that is without representation of counsel);

3. If you wish to pursue your claim, it is important to get a lawyer who is familiar with the law and procedures in Federal Court to represent you ; and

4. We request that you provide the name, address and telephone number of a relative or friend who can be contacted in the event that you cannot be located.

I wish you all the best in the future.

Warm regards,

Jonathan W. Johnson

JWJ/lrs
Enclosures

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |

* * * * * * * * * * * * * * * *

PRETRIAL ORDER NO. 36

Rules and Procedures Relating to Motions to Withdraw
From Representation of a Client

The Court has received from various counsel motions to withdraw from representation of a client. In order to ensure the uniform and orderly consideration of these motions, it is hereby **ORDERED** as follows:[1]

I.  **MOTIONS TO WITHDRAW BASED ON THE GROUND THAT PLAINTIFF CANNOT BE FOUND OR FAILS TO RESPOND TO COMMUNICATIONS FROM COUNSEL**

   A.  Counsel seeking to withdraw from the representation of a plaintiff who cannot be found or who fails to respond to communications from Counsel shall file a motion so stating.

   B.  Plaintiffs' Counsel shall attach to the Motion a Certification (attached hereto as Exhibit A) signed by Counsel stating that Counsel:

      1.  Placed an advertisement or notice in a newspaper of general circulation for three (3) consecutive days serving the community in which the plaintiff last resided for the purpose of attempting to ascertain the whereabouts of the plaintiff.

---

[1] All motions to withdraw must also comply with Local Rule 83.2.11. All counsel should be aware that the Lexis/Nexis File & Serve system does *not* file a motion with the Court. Rather, counsel must file their motion to withdraw using the Court's CM/ECF system and then use the Lexis/Nexis File & Serve service to serve their motion on the parties to this litigation.

2. Sent a letter to the plaintiff by certified mail to the plaintiff's last known address that included the following:

   a. The Motion to Withdraw;

   b. A copy of this Order;

   c. A statement that plaintiff shall have thirty (30) days from receipt of the letter to (i) contact his or her counsel, (ii) secure new counsel or (iii) contact the Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the plaintiff is proceeding with his or her lawsuit pro se (that is, without representation of counsel);

   d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

   e. An explanation that, unless plaintiff contacts current counsel, engages new counsel or contacts the Curator and proceeds pro se, the Motion to Withdraw will be considered by the Court and that, if the Court considers the steps taken to reach the plaintiff have been reasonable and without success, the Motion may be granted.

C. The Court will not consider any Motion to Withdraw pursuant to this Section I for a period of at least sixty (60) days after the filing of the Motion to allow counsel additional time to communicate with the plaintiff.

D. If the plaintiff has not been located or fails to respond to any communication from Counsel within sixty (60) days of filing the Motion, Plaintiff's Counsel shall file with the Clerk of Court a signed Certification (attached hereto as Exhibit B) that evidences that:

   1. Plaintiff's counsel has complied with all of the foregoing requirements of this Order;

   2. Plaintiff's Counsel has been unable to locate or communicate with the plaintiff;

   3. No Notice of Appearance for plaintiff has been filed by any other Counsel; and

   4. The Curator has not been contacted by the plaintiff.

       5.      Thereupon, the Court will consider the Motion to Withdraw, provided it meets the requirements of this Order, and, if it considers the steps taken to contact the plaintiff to be reasonable and unavailing, the Court will grant the Motion and plaintiffs' counsel shall be deemed to be released from further responsibility to the Court as counsel for plaintiff in this proceeding.

  E.    If a plaintiff engages new counsel, plaintiff shall provide a copy of this Order to his newly engaged counsel and the new Counsel shall file a Notice of Appearance within five (5) days of the engagement.

## II. MOTIONS TO WITHDRAW BASED ON GROUNDS OTHER THAN THE GROUND THAT THE PLAINTIFF CANNOT BE FOUND OR FAILS TO RESPOND TO COMMUNICATIONS FROM COUNSEL

  A.    Counsel seeking to withdraw from the representation of a plaintiff for reasons other than the inability to locate or communicate with the plaintiff shall file a motion stating the reasons for the withdrawal, *e.g.*, that Counsel and the plaintiff have a fundamental disagreement as to what action should be taken in the case and attach to the motion a declaration signed by Counsel stating:

       1.      Counsel has communicated with the plaintiff;

       2.      Counsel has explained to the plaintiff the reasons for seeking to withdraw from the representation of the plaintiff; and

       3.      If the plaintiff consents to withdrawal, the fact that the plaintiff has consented.

  B.    Within five (5) days of filing such a Motion to Withdraw, if Counsel is unable to represent that the plaintiff consents to the withdrawal of representation by the Counsel, Plaintiffs' Counsel shall send a letter to the plaintiff by certified mail that will include the following:

       1.      A copy of this Order;

       2.      A statement that plaintiff shall have thirty (30) days from the date of the certified letter to (a) send a letter to the Court consenting to the Motion; (b) send a letter to the Court opposing the Motion; (c) send a letter to the Court indicating that plaintiff no longer wishes to pursue his claim; (d) secure new counsel; or (e) contact the Curator, Mr. Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of the plaintiff's intention to proceed with his claim *pro se*, that is, without representation by a lawyer;

3. An explanation of the importance to a plaintiff wishing to pursue his or her claim to retain a lawyer who is familiar with the law and the procedures in Federal Court to represent him or her; and

4. A request that the plaintiff provide the name, address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located.

C. Plaintiff's Counsel seeking to withdraw shall file with the Clerk of Court, within ten (10) days of the date of filing the Motion to Withdraw, a Certification (attached hereto as Exhibit C) that both evidences that Plaintiff's Counsel has complied with all of the foregoing requirements of this Order and provides the plaintiff's last known address and last known telephone number as well as the address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located (if the plaintiff complies with the request to provide an alternative contact).

D. Forty-five (45) days after the filing of a Motion to Withdraw pursuant to this Section II, the Court will consider the Motion to Withdraw if the Motion meets the requirements of this Order and, if it considers the reasons for withdrawal to be to be released from further responsibility to the Court as counsel for plaintiff in this civil action.

E. If a plaintiff engages new counsel, plaintiff shall provide a copy of this Order to his newly engaged counsel and the new Counsel shall file a Notice of Appearance within five (5) days of the engagement.

New Orleans, Louisiana, this 6th day of May, 2008.

*Eldon E. Fallon*

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Antoinette Jenkins
2101 Harrison Ridge Ct.
Lawrenceville, GA 30044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7003 2260 0001 8156 9334

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

LAW OFFICES OF
**JOHNSON & BENJAMIN LLP**
567 LADONNA DRIVE
DECATUR, GEORGIA 30032

7003 2260 0001 8156 9334

Ms. Antoinette Jenkins
2101 Harrison Ridge Ct.
Lawrenceville, GA 30044

FORWARD TIME EXP  RTN TO SEND
JENKINS
1925 KESWICK PLACE DR
LAWRENCEVILLE GA 30043-5655

RETURN TO SENDER

LAW OFFICES OF
# JOHNSON & BENJAMIN LLP

JONATHAN W. JOHNSON*  
MITCHELL D. BENJAMIN*  
*ALSO ADMITTED IN NY

567 LADONNA DRIVE  
DECATUR, GEORGIA 30032

TELEPHONE (404) 298-8995  
FACSIMILE (404) 298-0553

OF COUNSEL  
A. BRADLEY DOZIER, JR.  
MATTHEW C. BILLIPS  
JOHN R. ULMER

April 3, 2009

CERTIFIED MAIL  
– RETURN RECEIPT REQUESTED

Ms. Antoinette Jenkins  
1925 Keswick Place Dr.  
Lawrenceville, GA   30043

RE:   Antoinette Jenkins – DCN1085702 -VIOXX  
Cure for Deficiency Notice

Dear Antoinette:

We have not been able to reach you.   The certified letter we sent to you on March 31, 2009 was returned for "forward time expired".

On March 25, the Vioxx Claims Committee denied your claim, on the basis that your injury was not the type covered by the Vioxx settlement program.

Based on my review of your medical records, it appears that you had an aortic dissection and complications resulting from that.   Your medical records do not support the claim for either a heart attack, or stroke.   I do not believe we could ever prove that your injuries were caused by Vioxx because it worked by causing blood clots to lodge in vessels causing heart attacks or strokes.

I would request your permission to simply dismiss the case at this point.   If you are unwilling to consent to that, I am going to file a motion to withdraw as your counsel.

I strongly recommend that you immediately seek other counsel if that is your desire.   I would be happy to provide your file or assist you if you are able to locate another attorney to take over your file.

In compliance with PTO No. 36, we hereby advise you of the following:

1. We are sending you a copy of PTO No.36;

2. You have thirty days from the date of the certified letter to:
    (a)   send a letter to the Court consenting to the Motion;
    (b)   send a letter to the Court opposing the Motion;
    (c)   send a letter to the Court indicating that you no longer wish to pursue your claim;
    (d)   secure new counsel; or

JOHNSON & BENJAMIN LLP

Ms. Antoinette Jenkins
Page 2

      (e)    contact the Pro Se Curator, Mr. Robert M. Johnson (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of your intention to proceed with your claim pro se, (that is without representation of counsel);

3. If you wish to pursue your claim, it is important to get a lawyer who is familiar with the law and procedures in Federal Court to represent you ; and

4. We request that you provide the name, address and telephone number of a relative or friend who can be contacted in the event that you cannot be located.

I wish you all the best in the future.

                                                   Warm regards,

                                                   Jonathan W. Johnson

JWJ/lrs
Enclosures

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

PRETRIAL ORDER NO. 36

Rules and Procedures Relating to Motions to Withdraw
<u>From Representation of a Client</u>

The Court has received from various counsel motions to withdraw from representation of a client. In order to ensure the uniform and orderly consideration of these motions, it is hereby **ORDERED** as follows:[1]

I. **MOTIONS TO WITHDRAW BASED ON THE GROUND THAT PLAINTIFF CANNOT BE FOUND OR FAILS TO RESPOND TO COMMUNICATIONS FROM COUNSEL**

   A. Counsel seeking to withdraw from the representation of a plaintiff who cannot be found or who fails to respond to communications from Counsel shall file a motion so stating.

   B. Plaintiffs' Counsel shall attach to the Motion a Certification (attached hereto as Exhibit A) signed by Counsel stating that Counsel:

      1. Placed an advertisement or notice in a newspaper of general circulation for three (3) consecutive days serving the community in which the plaintiff last resided for the purpose of attempting to ascertain the whereabouts of the plaintiff.

---

[1] All motions to withdraw must also comply with Local Rule 83.2.11. All counsel should be aware that the Lexis/Nexis File & Serve system does *not* file a motion with the Court. Rather, counsel must file their motion to withdraw using the Court's CM/ECF system and then use the Lexis/Nexis File & Serve service to serve their motion on the parties to this litigation.

    2.    Sent a letter to the plaintiff by certified mail to the plaintiff's last known address that included the following:

        a.    The Motion to Withdraw;

        b.    A copy of this Order;

        c.    A statement that plaintiff shall have thirty (30) days from receipt of the letter to (i) contact his or her counsel, (ii) secure new counsel or (iii) contact the Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the plaintiff is proceeding with his or her lawsuit pro se (that is, without representation of counsel);

        d.    An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

        e.    An explanation that, unless plaintiff contacts current counsel, engages new counsel or contacts the Curator and proceeds pro se, the Motion to Withdraw will be considered by the Court and that, if the Court considers the steps taken to reach the plaintiff have been reasonable and without success, the Motion may be granted.

C.    The Court will not consider any Motion to Withdraw pursuant to this Section I for a period of at least sixty (60) days after the filing of the Motion to allow counsel additional time to communicate with the plaintiff.

D.    If the plaintiff has not been located or fails to respond to any communication from Counsel within sixty (60) days of filing the Motion, Plaintiff's Counsel shall file with the Clerk of Court a signed Certification (attached hereto as Exhibit B) that evidences that:

    1.    Plaintiff's counsel has complied with all of the foregoing requirements of this Order;

    2.    Plaintiff's Counsel has been unable to locate or communicate with the plaintiff;

    3.    No Notice of Appearance for plaintiff has been filed by any other Counsel; and

    4.    The Curator has not been contacted by the plaintiff.

5. Thereupon, the Court will consider the Motion to Withdraw, provided it meets the requirements of this Order, and, if it considers the steps taken to contact the plaintiff to be reasonable and unavailing, the Court will grant the Motion and plaintiffs' counsel shall be deemed to be released from further responsibility to the Court as counsel for plaintiff in this proceeding.

E. If a plaintiff engages new counsel, plaintiff shall provide a copy of this Order to his newly engaged counsel and the new Counsel shall file a Notice of Appearance within five (5) days of the engagement.

## II. MOTIONS TO WITHDRAW BASED ON GROUNDS OTHER THAN THE GROUND THAT THE PLAINTIFF CANNOT BE FOUND OR FAILS TO RESPOND TO COMMUNICATIONS FROM COUNSEL

A. Counsel seeking to withdraw from the representation of a plaintiff for reasons other than the inability to locate or communicate with the plaintiff shall file a motion stating the reasons for the withdrawal, *e.g.*, that Counsel and the plaintiff have a fundamental disagreement as to what action should be taken in the case and attach to the motion a declaration signed by Counsel stating:

1. Counsel has communicated with the plaintiff;

2. Counsel has explained to the plaintiff the reasons for seeking to withdraw from the representation of the plaintiff; and

3. If the plaintiff consents to withdrawal, the fact that the plaintiff has consented.

B. Within five (5) days of filing such a Motion to Withdraw, if Counsel is unable to represent that the plaintiff consents to the withdrawal of representation by the Counsel, Plaintiffs' Counsel shall send a letter to the plaintiff by certified mail that will include the following:

1. A copy of this Order;

2. A statement that plaintiff shall have thirty (30) days from the date of the certified letter to (a) send a letter to the Court consenting to the Motion; (b) send a letter to the Court opposing the Motion; (c) send a letter to the Court indicating that plaintiff no longer wishes to pursue his claim; (d) secure new counsel; or (e) contact the Curator, Mr. Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of the plaintiff's intention to proceed with his claim pro se, that is, without representation by a lawyer;

  3. An explanation of the importance to a plaintiff wishing to pursue his or her claim to retain a lawyer who is familiar with the law and the procedures in Federal Court to represent him or her; and

  4. A request that the plaintiff provide the name, address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located.

C. Plaintiff's Counsel seeking to withdraw shall file with the Clerk of Court, within ten (10) days of the date of filing the Motion to Withdraw, a Certification (attached hereto as Exhibit C) that both evidences that Plaintiff's Counsel has complied with all of the foregoing requirements of this Order and provides the plaintiff's last known address and last known telephone number as well as the address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located (if the plaintiff complies with the request to provide an alternative contact).

D. Forty-five (45) days after the filing of a Motion to Withdraw pursuant to this Section II, the Court will consider the Motion to Withdraw if the Motion meets the requirements of this Order and, if it considers the reasons for withdrawal to be to be released from further responsibility to the Court as counsel for plaintiff in this civil action.

E. If a plaintiff engages new counsel, plaintiff shall provide a copy of this Order to his newly engaged counsel and the new Counsel shall file a Notice of Appearance within five (5) days of the engagement.

New Orleans, Louisiana, this 6th day of May, 2008.

*Eldon E Fallon*

**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**

