FILED'09 MAY 11 13:24USDC-LAE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

_____/

THIS DOCUMENT RELATES TO:
Maria S. Sotomayor v. Merck & Co., Inc.
Civil Action No:  2:05-cv-00038-VMC-SPC

### DRAPER LAW FIRM P.L.'S NOTICE OF OBJECTION TO THE PSC/PLAINTIFF LIAISON COUNSEL'S MOTION FOR AWARD OF PLAINTIFF'S COMMON BENEFIT FEES AND REIMBURSEMENT OF EXPENSES

COMES NOW, DRAPER LAW FIRM, P.L., in accordance with this Honorable Court's

Order of April 16, 2009 (Doc No. 18624), and files this Notice of Objection to the

PSC/Plaintiff's Liaison Counsel's Motion for Award of Common Benefit Fees and

Reimbursement of Expenses.  While Draper Law Firm, P.L. expects the PSC to receive

reasonable compensation for the work it performed and the costs it incurred, Draper Law Firm,

P.L. objects to the PLC's Motion for the following reasons:

1.      The Plaintiff Liaison Counsel's request for an 8% common benefit fee is contrary

to the Full Participation Option the PLC prepared, advocated and executed.

2.      An 8% assessment (plus costs) is not warranted in this case.  First, this assessment

is not consistent with other pharmaceutical mass tort cases.  Second, the sheer number of Vioxx

claimants presumptively entitled to some compensation under the MSA (approximately 30,000

according to reports at the monthly MDL status conferences), warrants a lower assessment. Third, the NPC was negotiating for its own interests since each of its members had numerous cases that would benefit from any settlement.

3.     This Court has already significantly reduced the amount of attorney fees that individual attorneys may collect to a cap of 32% of the gross recovery.  By granting the PLC's motion to award 8% of the gross recovery as common benefit compensation, which must be paid out of the individual attorney's fees, the individual attorney's fees are effectively reduced to 24% of the gross award.  This is an unfair and unreasonable result for the individual attorneys who have invested considerable time and shouldered substantial costs in acquiring, screening, and preparing their clients' cases.  The Draper Law Firm, P.L.'s claimant's case had already been filed when the MDL was created, and therefore, the Draper Law Firm, P.L. had already expended numerous hours in research, medical records review and expert witness consultations prior to the creation of the PLC.

Dated this 8th day of May, 2009.               Respectfully submitted,

DRAPER LAW FIRM, P.L.


MARK A. DRAPER, Esquire
Florida Bar No.: 0988154
122 Nesbit Street, Suite 111
Punta Gorda, Florida 33950
Telephone: (941) 833-8383
Facsimile:  (941) 833-8384
mdraper@markdraperlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Notice of Objection has been served by electronic copy via LexisNexis File & Serve and hard copy by U.S. Mail on Liaison Counsel, Russ Herman and Phillip Wittman, and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 8, on this 8th day of May 2009.


MARK A. DRAPER, Esquire