UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: VIOXX** | : | |
| | : | **MDL Docket NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION L** |
| | : | |
| **This document relates to (FILL IN)** | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |
| | : | |

### [PROPOSED] PRETRIAL ORDER NO. < >

WHEREAS on January 15, 2009, the Plaintiffs' Steering Committee ("PSC") and the Negotiating Third Party Payor Counsel ("TPPC") entered into a Settlement Agreement that established a private lien resolution program for eligible claimants;

WHEREAS the Court has kept apprised of the program's progress and now elects to exercise its supervisory authority over the program;

WHEREAS the Court approves the Settlement Agreement with Third Party Payors; and

WHEREAS the Court has determined it is in the best interest of the parties to the agreement to undertake a confidential audit;

**IT IS HEREBY ORDERED:**

The Court hereby approves the PSC and TPPC's Settlement Agreement and the institution of the private lien reimbursement program. This MDL court recognizes efficiencies of scale in the Settlement Agreement that may not have been available in a non-MDL venue. The Master Settlement Agreement did not provide for the resolution of private liens and reimbursement obligations. This program offers an opportunity for eligible claimants and third party payors to resolve potential conflicts in an efficient manner. The Court will continue to act in a supervisory

capacity over the newly instituted private lien resolution program.

**IT IS FURTHER ORDERED:** The PSC and the TPPC may engage in the matching process contemplated by paragraphs 5 and 6 of the settlement agreement as outlined in the following protocol:

1) The list of non-exclusively federally insured eligible claimants, as provided by the Garretson Firm, shall be loaded into a database on a portable server provided by the TPPC (hereinafter, the "Garretson database").

2) All address data will be removed from the Garretson database. The TPPC will provide software to accomplish this task.

3) The Garretson database, scrubbed of address data, will be matched against the TPPC's list of known Vioxx users ("TPPC database").

4) The Garretson database and the TPPC database shall be matched on the basis of social security numbers, last names, and date of birth.

5) This matching process will generate the number of matches, or the number of individuals that appear in both databases. No list of individual names shall be generated, and no identifying information shall be recorded in process of generating the number of matches.

6) The parties will produce a participation percentage by dividing the number of matches by the total number of individuals in the TPPC database.

7) The parties will either physically destroy the hard drive/disks on the portable server or use the DBAN (http://www.dban.org/) disk wiping utility to wipe the disks on the portable server to ensure that all data in the Garretson database has been completely destroyed. If the DBAN utility is utilized (as opposed to physically destroying the hard drive/disk), the parties expect this to take 16-24 hours to run, given the vast amount of data. The DBAN utility will be allowed to run

overnight in order to complete the wiping process.

8) A consultant or employee of the Garretson Firm is encouraged to be present so that they may be satisfied that all data has been successfully erased. The Garretson Firm may inspect the machine and validate that all data has been destroyed before the machine is moved.

This matching process shall be blinded to the TPPC and PSC. The only information that shall be provided to the TPPC and PSC (aside from the initial loading of the Garretson database onto the portable server) is the count and percentage of participants' information contemplated by paragraphs 5 and 6 of the Settlement Agreement. None of the information above shall be admissible or utilized for the purposes of any current litigation or for filing future litigation, but the MDL court may use the information obtained as to the number or percentage of participants in implementing the private lien resolution program.

The parties shall take the precautions outlined above to ensure that no identifying information is recorded, exchanged, or otherwise retained. Should anyone inadvertently receive any identifying information, regardless of whether the information is used for any purpose, the Court shall bring its full weight and authority to bear and sanction the party and/or impose disciplinary sanctions.

New Orleans, Louisiana, this ____ day of _____, 2009.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE