**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION       )       MDL NO. 1657
                                         )
                                         )       SECTION:  L
                                         )
                                         )       JUDGE FALLON
                                         )       MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO:**
Sarah Roberts, *Sarah Roberts v. Merck & Co., Inc.*, 2:05-cv-03543-EEF-DEK and *Albright, et al., v. Merck & Co., Inc., et al.*, 2:06-cv-02204-EEF-DEK

## COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW

BRIAN A. GOLDSTEIN, ESQ., being duly sworn, deposes, and says:

1. I am attorney at Cellino & Barnes, P.C., attorneys for plaintiff. I am primary counsel for all Vioxx products liability actions brought by Cellino & Barnes, P.C and, as such, am fully familiar with the facts and circumstances herein.

2. I am authorized to move this Court to withdraw representation on behalf of myself, all attorneys of the Cellino & Barnes, P.C. law firm, and, where necessary, for the affiliated James C. MacGillis of the law firm Trepanier & MacGillis P.A. Counsel's motion is intended to relieve all affiliated counsel of the representation duties in this action and to permit plaintiff to proceed pro se.

3. I personally executed the retainer agreement with plaintiff under which New York law governs for purposes of withdrawing from representation. New York's Disciplinary Rule 2-110.C [1200.15] permits counsel to withdraw when counsel believes in good faith, in a proceeding before any tribunal, that the tribunal will find good cause for withdrawal. This court's PTO 36, section II.A., recognizes that a "fundamental disagreement as to what action should be taken in the case" constitutes such grounds for

1

withdrawal. The retainer agreement explicitly reserved counsel's right to withdraw from representation.

4. A fundamental disagreement as to the further prosecution of this lawsuit exists between plaintiff and counsel, the details of which are necessarily omitted as privileged within the attorney-client relationship. However, counsel attests that he possesses a good faith basis for his legal judgment and opinion, that plaintiff's opinion substantively differs, and that the disagreement cannot be reconciled.

5. I have fully complied with this Court's process as required by Pretrial Order No. 36 and completed the required certification which is attached as Exhibit B to this motion.

6. I have further complied with Local Rule 83.2.11 by advising plaintiff at the last known address, by certified mail, that there are no pending court appearance dates, court-imposed deadlines, and that future discovery deadlines are anticipated to be set following this Court resolving the motion to withdraw.

7. Based upon the fundamental disagreement between plaintiff and counsel, I respectfully request that this Court grant counsel's motion to withdraw and permit plaintiff's action to proceed pro se.

_____
Brian A. Goldstein, Esq.

Sworn to before me this
27th day of February, 2009

_____
Notary Public/Commissioner of Deeds

MARIA H. PIETRA'S
COMMISSIONER OF DEEDS
In and For the City of New York
My Commission Expires 12/31/20_10_

2