UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | Section L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  09-00048 | * | |
| | * | MAGISTRATE |
| GEORGE WILLIE BUFORD, III, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

### ANSWER OF DEFENDANT MERCK & CO., INC.

On October 2, 2006, plaintiff George Willie Buford, III, filed a false Uniform Commercial Code-1 form (the "Form") in Hunterdon County, New Jersey.  The Form referred to a document titled "MPC-4426-318-474," that contained a number of allegations concerning plaintiff's use of Vioxx, for which plaintiff seeks damages.  The Form, purporting to name Merck & Co., Inc. ("Merck") as a debtor, was filed without Merck's knowledge, consent or authorization.  On March 20, 2008, Merck sent Mr. Buford a demand, pursuant to Section 9-513(c)(4) of the UCC, that he file a termination statement because the Form was filed in violation of Section 9-509(a)(1).  Mr. Buford did not file the termination statement.  Merck accordingly filed a UCC Financing Statement Amendment and Termination, attesting that Mr. Burford had filed a false UCC-1 form fraudulently naming Merck as a debtor and requesting that

the UCC-1 form filed by Mr. Buford be terminated.

On September 22, 2008, Mr. Buford filed a "Pro Se Motion To Enforce Private Security Agreement" in the Federal District Court of New Jersey. *See Buford v. Merck & Co., Inc.*, No. 2:08-cv-04802-DMC-MF (D.N.J. 2008), D.E. # 1, 3. The District Court of New Jersey treated the filing as a complaint and issued a summons on December 31, 2008; the case was subsequently transferred to this Court. Plaintiff never served Merck with the converted complaint and summons.

Merck now answers the Complaint.[1] Merck generally and specifically denies every allegation concerning the Form, all documents referred to therein, and the whole thereof, and denies that plaintiff was injured or damaged in any sum, or at all, by reason of any act or omission of Merck or anyone acting on its behalf. Specifically as to the allegations contained in the alleged Form (MPC-4426-318-474), Merck answers as follows:

### RESPONSE TO "PREAMBLE"

Merck denies each and every allegation contained in the Preamble.

### RESPONSE TO CLAUSE I

Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's use of Vioxx, and on that basis denies the allegations. Merck denies the remainder of the allegations contained in Clause I.

### RESPONSE TO CLAUSE II

Merck denies each and every allegation contained in Clause II, except it admits that Raymond V. Gilmartin is no longer the Chief Executive Officer of Merck.

---

[1] To the extent the filing is treated as a motion instead of as a complaint (as currently docketed), Merck opposes any such motion and reserves all rights to file a formal opposition.

### RESPONSE TO CLAUSE III

Merck denies each and every allegation contained in Clause III.

### RESPONSE TO CLAUSE IV

Merck denies each and every allegation contained in Clause IV, except it admits that Vioxx was sold in 2002.

### RESPONSE TO CLAUSE V

Merck denies each and every allegation contained in Clause V.

### RESPONSE TO CLAUSE VI

Merck denies each and every allegation contained in Clause VI.

### RESPONSE TO CLAUSE VII

Merck denies each and every allegation contained in Clause VII.

### RESPONSE TO CLAUSE VIII

Merck denies each and every allegation contained in Clause VIII.

### RESPONSE TO CLAUSE IX

Merck denies each and every allegation contained in Clause IX.

### RESPONSE TO CLAUSE X

Merck denies each and every allegation contained in Clause X.

### RESPONSE TO CLAUSE XI

Merck denies each and every allegation contained in Clause XI.

### RESPONSE TO CLAUSE XII

Merck denies each and every allegation contained in Clause XII.

976515v.1

**AFFIRMATIVE DEFENSES**

For its affirmative and other defenses, Merck alleges as follows:

1.      As a first affirmative defense, Merck alleges that each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

2.      As a second affirmative defense, Merck alleges that the Complaint fails to state a claim upon which relief can be granted.

3.      As a third affirmative defense, Merck alleges that each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, laches, waiver or statutory and regulatory compliance.

4.      As a fourth affirmative defense, Merck alleges that if plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

5.      As a fifth affirmative defense, Merck alleges that to the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

6.      As a sixth affirmative defense, Merck alleges that if plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

7.      As a seventh affirmative defense, Merck alleges that plaintiff may have failed to exercise reasonable care to mitigate his alleged damages.

8. As an eighth affirmative defense, Merck alleges that any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

9. As a ninth affirmative defense, Merck alleges that if plaintiff has sustained injuries or losses alleged in the Complaint, such injuries or losses were only so sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10. As a tenth affirmative defense, Merck alleges that if plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held responsible.

11. As an eleventh affirmative defense, Merck alleges that if plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of Vioxx.

12. As a twelfth affirmative defense, Merck alleges that plaintiff's claims are barred in whole or in part because the subject pharmaceutical product manufactured or distributed by Merck is a prescription medication that is "unavoidably unsafe" with the meaning of Comment k to Section 402A of the Restatement (Second) of Torts and because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

13. As a thirteenth affirmative defense, Merck alleges that plaintiff's claims are barred in whole or in part because the subject pharmaceutical product manufactured or distributed by Merck "provides net benefits for a class of patients" within the meaning of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

14. As a fourteenth affirmative defense, Merck alleges that plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

15. As a fifteenth affirmative defense, Merck alleges that plaintiff's claims of fraud and concealment are barred by reason of plaintiff's failure to allege the circumstances constituting the alleged fraud and concealment with particularity.

16. As a sixteenth affirmative defense, Merck alleges that if plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

17. As a seventeenth affirmative defense, Merck alleges that plaintiff's claims, and demand for punitive damages, if any, are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

18. As an eighteenth affirmative defense, Merck alleges that plaintiff's claims are barred in whole or in part by the First Amendment.

19. As a nineteenth affirmative defense, Merck alleges that plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity and/or standing to bring such claims.

20. As a twentieth affirmative defense, Merck alleges that to the extent that plaintiff

asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

21. As a twenty-first affirmative defense, Merck alleges that it did not enter into any contract or security agreement with plaintiff and is not a debtor to plaintiff.

22. As a twenty-second affirmative defense, Merck alleges that to the extent that plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

23. As a twenty-third affirmative defense, Merck alleges that to the extent plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

24. As a twenty-fourth affirmative defense, Merck alleges that there is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

25. As a twenty-fifth affirmative defense, Merck alleges that to the extent there were any risks associated with the use of the product that is the subject of this action that Merck knew or should have known and that gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

26. As a twenty-sixth affirmative defense, Merck alleges that Merck reserves the right to dismiss the Complaint and seek further relief for plaintiff's failure to provide it with due process of law.

27. As a twenty-seventh affirmative defense, Merck alleges that to the extent that plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of this state's Constitution.

28. As a twenty-eighth affirmative defense, Merck alleges that plaintiff's claims may be barred, in whole or in part, from recovery because plaintiff has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

29. As a twenty-ninth affirmative defense, Merck alleges that plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

30. As a thirtieth affirmative defense, Merck alleges that this case is more appropriately brought in a different venue and that venue in this case is improper.

31. As a thirty-first affirmative defense, Merck alleges that any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

32. As a thirty-second affirmative defense, Merck alleges that plaintiff has not sustained any injury or damages compensable at law.

33. As a thirty-third affirmative defense, Merck alleges that plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

34. As a thirty-fourth affirmative defense, Merck alleges that to the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

35. As a thirty-fifth affirmative defense, Merck alleges that plaintiff's claims may be barred, in whole or in part, by governing state laws.

36. As a thirty-sixth affirmative defense, Merck alleges that plaintiff's claims may be barred, in whole or in part, from recovery due to spoliation of evidence.

37. As a thirty-seventh affirmative defense, Merck alleges that plaintiff's claims may be barred, in whole or in part, from recovery by release as to his claims.

Inasmuch as the Complaint does not describe the underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

## JURY DEMAND

Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a trial by jury.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A. Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B. Award Merck its cost of suit and attorney's fees, under any applicable statute; and

976515v.1

C. Grant such other and further relief as this Court deems just and equitable.


Dated:  May 19, 2009

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

and

Douglas Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Defendant Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman, and on George Willie Buford III, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 19th day of May, 2009.

　　　　　　　　　　　　　　　　　　　　　_/s/ Dorothy H. Wimberly_____

976515v.1