IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *Sigfredo Collazo-Mendez, of Amadis Rosario, Gladys v. Merck and Co., Inc.;* and *Susan Yeager, of Bryan Keith Yeager, as Administrator of the Estate of Susan Yeager, deceased v. Merck & Co., Inc., et al* and *Stanley Pierce, of Rogelio Adames de La Rosa v. Merck & Co., Inc., et al* | * * * * * * * * * * * | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | MAG. JUDGE KNOWLES |

## MOTION FOR SPECIAL CONSIDERATION: EXPEDITED RELIEF FROM LIEN

**COME NOW** the Plaintiffs relative to the cases listed in the above captioned cause and file this their *Motion for Special Consideration: Expedited Relief From Lien* and state as follows:

1. Plaintiffs are represented by Primary Counsel E. Kirk Wood and Secondary Counsel Eric Quetglas and Archie C. Lamb, Jr. and have been notified of points awards and initial payments that are scheduled to be paid in May 2009.

2. Co-counsel Archie Lamb and his firm is involved in a contractual dispute with a financing company that involves complex issues associated with the financing of his entire practice.

3. Attorneys Wood and Quetglas have no relationship of any kind with Counsel

|  |  |
|---|---|
|  | Finance or any knowledge of Counsel Finance and its issues with Attorney Lamb. |
| 4. | Plaintiffs have no relationship of any kind with Counsel Finance or any knowledge of Counsel Finance and its issues with Attorney Lamb. |
| 5. | Without contact or discussion with Attorneys Quetglas or Wood, Counsel Finance and its attorneys have asserted by letter to the Claims Administrator, a non-judicial notice of lien that appears to claim *any and all settlement funds* due to be paid to Plaintiffs and directing those funds to be paid to Counsel Finance. *See Exhibit A: Counsel Finance Letter* |
| 6. | This letter has resulted in a hold on payments scheduled to be made to Plaintiffs on May 25, 2009 and the removal of Plaintiffs from the payment list for the May 25, 2009 payment. *See Exhibits B, B1 and B2. (Notices of Points Award)* |
| 7. | A timely objection has been made to the Notice of Lien in the Counsel Finance Letter noted above with a corresponding review by the Claims Administrator to be completed within 30 days. *See Exhibit C: Objection To Lien* |
| 8. | To remove Plaintiffs from the May payment list is unfair and unreasonable as even if a lien is proven in the Claims Administrator review process, the only funds that could be due and owing to Counsel Finance would be funds due to be paid to Attorney Lamb as fees. |
| 9. | Primary Counsel will hold in trust any fees due to Mr. Lamb until such time as the issues associated with the putative lien is resolved or direction from the appropriate judicial authority as to the resolution of the lien is provided. |

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request this Honorable Court to

enter an Order allowing payments to be made to Plaintiffs as scheduled on the May 25, 2009 payment date and returning Plaintiffs to the Payment List for payments on that date.

*Respectfully submitted,*

/s/ E. Kirk Wood, Esq.
E. Kirk Wood
Attorney at Law
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434
Direct Dial: 205-612-0243
Telecopy: 866-747-3905
ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, on this 20th day of May, 2009.

/s/ E. Kirk Wood, Esq.
E. Kirk Wood
Attorney at Law
Wood Law Firm, LLC
PO Box 382434
Birmingham, Alabama 35238-2434
Direct Dial: 205-612-0243
Telecopy: 866-747-3905
ekirkwood1@cs.com



R. Scott Williams
Direct Dial: 205.254.1435
rsw@hsy.com

Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
t. 205.251.1000 | f. 205.324.1133

May 4, 2009

## VIA OVERNIGHT MAIL AND FACSIMILE

Scott Monroe, Esq.
Senior Counsel
BrownGreer PLC
Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, Virigina 23219-4209

Re:   The Lamb Firm, LLC – Vioxx Cases

Dear Mr. Monroe:

Please be advised that Counsel Financial Services, LLC ("CFS") is the secured lender to The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. Pursuant to a certain Security Agreement entered into between CFS and The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. dated April 25, 2008 (the "Security Agreement"), The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. have granted to CFS a security interest of all of The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq.'s accounts and accounts receivable, (including the above case) which interest CFS has duly perfected.

In accordance with the Security Agreement and U.C.C. §9-607(a), upon an event of default by The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq., CFS may notify each person (including, but not limited to, any account debtor) obligated with respect to any of the accounts or accounts receivable subject to CFS's security interest and direct such person to make each payment with respect thereto directly and solely to CFS.

This letter constitutes notice to you that an event of default has occurred under the Security Agreement and CFS is exercising its right to direct payment of The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq.'s accounts to CFS. Accordingly, until further notice, please remit all amounts due The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. to CFS at the following address:

Counsel Financial Services, LLC
6400 Main Street, Suite 120
Williamsville, New York 14221

www.hsy.com


PLAINTIFF'S EXHIBIT A

Scott Monroe, Esq.
May 4, 2009
Page Two

    Please be advised that the remittance of future account payments directly to The Lamb Firm, LLC and/or Archie C. Lamb, Jr., Esq. will NOT relieve you of the obligation to remit payments to CFS hereunder, and WILL result in an action against you by CFS to recover the improperly remitted payment in accordance with *Manufacturers and Traders Trust Co. v. Pro-Mation, Inc.*, 115 A.D.2d 976, 497 N.Y.S.2d 541 (N.Y.A.D. 4 Dept., 1985).

    Thank you for your anticipated cooperation in this matter. Please contact the undersigned if you have any questions concerning this notice.

Very truly yours,

R. Scott Williams

RSW/va

cc:    Mr. Archie C. Lamb, Jr., Esq.
       The Lamb Firm, LLC
       2900 First Avenue
       Birmingham, Alabama 35233

3192942_1.DOC

*Confidential Information*

| V2046 | NOTICE OF POINTS AWARD<br>Date of Notice: 4/15/09<br>Deadline for Noting an Appeal: 4/30/09<br>Deadline for the Submission of Documents in Support of Appeal: 5/15/09 |||
|---|---|---|---|
|  | **I. IDENTIFYING INFORMATION** ||||

| **Claimant Name** | Collazo-Mendez, Sigfredo | **Social Security Number** | 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 |
|---|---|---|---|
| **Law Firm** | Lamb Firm, LLC, The | | |
| **VCN Number** | 1050811 | **Enrollment Status** | IP Enrolled | **First Confirmed Vioxx Use** | 10/5/00 |

### II. TOTAL POINTS CALCULATION

#### A. BASIS POINTS

| 1. | Qualifying Event/Level | Injury Type: MI | Injury Level: 3 | Date of Event: 7/27/04 |
|---|---|---|---|---|
| 2. | Age at Event | 60 to 64 years | | |
| 3. | Overall Duration of Vioxx Use | 2-6M | | |
| 4. | **Basis Points** | | | 295.31 |

#### B. LABEL AND CONSISTENCY ADJUSTMENTS

| 5. | Label | | 0 % | |
|---|---|---|---|---|
| 6. | Consistency | | -30 % | |
| 7. | **Adjustment Total %** | | -30 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | | 206.72 |

#### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | High Cholesterol | Controlled | - 20 % | 165.37 |
| 10. | Hypertension | Controlled | - 20 % | 132.30 |
| 11. | **TOTAL POINTS** | | | 132.30 |

### III. POINTS AWARD DETERMINATION

This Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. This Points Award determination is subject to (i) appeal as set forth in Section 3.2.4 of the Settlement Agreement; (ii) acceptance of a Fixed Payment if the total Points award is less than ten points for a MI-related injury or less than two points for an IS-related injury; and (iii) quality control and audit procedures pursuant to Article 10 of the Settlement Agreement, but otherwise shall be non-Appealable, final, and binding on the claimant.

### IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Points Award, select the button "Accept Points Award. Will Not Appeal." Acceptance of this Points Award will place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment. **Your Acceptance of this Notice of Points Award shall be final and binding.**

V2046v1    VIOXX CLAIMS ADMINISTRATOR
BROWNGREER PLC


PLAINTIFF'S EXHIBIT B

Page 1 of 3

## V. APPEAL

Counsel appealing this Points Award on behalf of a claimant who has elected to Appeal must select the "Appeal" button. Selecting and submitting an appeal on the Claims Administrator's secure web-portal constitutes written notice of your appeal under section 3.2.4 of the Settlement Agreement. **You must appeal within 15 days of the posting of this Notice, or the Points Award will be deemed accepted, final and binding.** If you appeal this Points Award, you must designate the issues you are appealing by selecting the specific factor(s). Any issue not appealed within 15 days of the posting of this Notice will be deemed accepted. You must provide comments for each factor you select stating specifically why you disagree with the Claims Administrator's findings and giving information about which medical record(s) support your position. **If you wish to submit additional information in support of your appeal, you must do so by the date provided at the top of this Notice. Documents submitted more than 30 days after the posting of this Notice will not be considered by the Claims Administrator or the Special Master in reviewing your appeal. This deadline is binding and cannot be extended.** The Claims Administrator will review your Appeal, issue a Post-Appeal Notice of Points Award, and provide an explanation of each issue appealed. When the Claims Administrator has reviewed your appeal and provided this explanation, you will have the opportunity either to withdraw your appeal or to submit your appeal directly to the Special Master. Upon receipt of an appeal, the Special Master will review the claim *de novo*. During either the Claims Administrator's or the Special Master's review during the appeal process, the number of points may decrease if additional factors are uncovered that lower the value of the claim. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master shall notify the Claims Administrator of its determination, and the Claims Administrator shall, promptly following receipt of such notice, notify Counsel, (or, the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination.

## VI. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this Notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.

## VII. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed

*Confidential Information*

| | claimants and claimants' counsel on how to report liens asserted by Other Government Programs. | |
|---|---|---|
| | **A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS** | |
| 1. | State Medicaid Participant | **No** |
| 2. | Medicaid Holdback Percentage | **0%** |
| 3. | Federal Medicare Participant | **Yes** |
| 4. | Global Medicare Resolution Category and Amount | **Resolution Category 2**<br>**$116.62** |
| 5. | Other Government Program Obligations | **No** |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | **0%** |

### B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES

**Identification of Participants in Government Healthcare Programs.**

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency.  If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*. **It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A** *Obligations to Government Healthcare Programs* **is thought to be inaccurate.**

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*, read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

### VIII. PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment.  A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

*Confidential Information*

| V2046 | NOTICE OF POINTS AWARD<br>Date of Notice: 4/28/09<br>Deadline for Noting an Appeal: 5/13/09<br>Deadline for the Submission of Documents in Support of Appeal: 5/28/09 |
|---|---|

| I. IDENTIFYING INFORMATION |||||
|---|---|---|---|---|
| **Claimant Name** | Yeager, Susan | | **Social Security Number** | 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 |
| **Law Firm** | Lamb Firm, LLC, The ||||
| **VCN Number** | 1051258 | **Enrollment Status** IP Enrolled | **First Confirmed Vioxx Use** | 1/2/02 |

### II. TOTAL POINTS CALCULATION

#### A. BASIS POINTS

| | | | | |
|---|---|---|---|---|
| 1. | Qualifying Event/Level | Injury Type: SCD | Injury Level: 1 | Date of Event: 6/19/03 |
| 2. | Age at Event | 40 to 44 years | | |
| 3. | Overall Duration of Vioxx Use | 2-6M | | |
| 4. | **Basis Points** | | | 609.38 |

#### B. LABEL AND CONSISTENCY ADJUSTMENTS

| | | | | |
|---|---|---|---|---|
| 5. | Label | | 0 % | |
| 6. | Consistency | | -30 % | |
| 7. | **Adjustment Total %** | | -30 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | | 426.57 |

#### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | **Cumulative Points** |
|---|---|---|---|---|
| 9. | **TOTAL POINTS** | | | 426.57 |

### III. POINTS AWARD DETERMINATION

This Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. This Points Award determination is subject to (i) appeal as set forth in Section 3.2.4 of the Settlement Agreement; (ii) acceptance of a Fixed Payment if the total Points award is less than ten points for a MI-related injury or less than two points for an IS-related injury; and (iii) quality control and audit procedures pursuant to Article 10 of the Settlement Agreement, but otherwise shall be non-Appealable, final, and binding on the claimant.

### IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Points Award, select the button "Accept Points Award. Will Not Appeal." Acceptance of this Points Award will place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment. **Your Acceptance of this Notice of Points Award shall be final and binding.**

V2046v1

**VIOXX CLAIMS ADMINISTRATOR**
BROWNGREER ‖ PLC


PLAINTIFF'S EXHIBIT B1

Page 1 of 3

| V. APPEAL |
|---|
| Counsel appealing this Points Award on behalf of a claimant who has elected to Appeal must select the "Appeal" button. Selecting and submitting an appeal on the Claims Administrator's secure web-portal constitutes written notice of your appeal under section 3.2.4 of the Settlement Agreement. **You must appeal within 15 days of the posting of this Notice, or the Points Award will be deemed accepted, final and binding.** If you appeal this Points Award, you must designate the issues you are appealing by selecting the specific factor(s). Any issue not appealed within 15 days of the posting of this Notice will be deemed accepted. You must provide comments for each factor you select stating specifically why you disagree with the Claims Administrator's findings and giving information about which medical record(s) support your position. **If you wish to submit additional information in support of your appeal, you must do so by the date provided at the top of this Notice. Documents submitted more than 30 days after the posting of this Notice will not be considered by the Claims Administrator or the Special Master in reviewing your appeal. This deadline is binding and cannot be extended.** The Claims Administrator will review your Appeal, issue a Post-Appeal Notice of Points Award, and provide an explanation of each issue appealed. When the Claims Administrator has reviewed your appeal and provided this explanation, you will have the opportunity either to withdraw your appeal or to submit your appeal directly to the Special Master. Upon receipt of an appeal, the Special Master will review the claim *de novo*. During either the Claims Administrator's or the Special Master's review during the appeal process, the number of points may decrease if additional factors are uncovered that lower the value of the claim. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master shall notify the Claims Administrator of its determination, and the Claims Administrator shall, promptly following receipt of such notice, notify Counsel, (or, the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination. |

| VI. FIXED PAYMENT |
|---|
| Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this Notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement. |

| VII. GOVERNMENTAL LIEN RESOLUTION |
|---|
| A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied. |
| The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed |

claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

### A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS

| 1. | State Medicaid Participant | No |
|---|---|---|
| 2. | Medicaid Holdback Percentage | 0% |
| 3. | Federal Medicare Participant | No |
| 4. | Global Medicare Resolution Category and Amount | $0 |
| 5. | Other Government Program Obligations | No |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | 0% |

### B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES

**Identification of Participants in Government Healthcare Programs.**

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program.* **It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A** *Obligations to Government Healthcare Programs* **is thought to be inaccurate.**

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program*, read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

### VIII. PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

*Confidential Information*

| V2046 | NOTICE OF POINTS AWARD<br>Date of Notice: 4/28/09<br>Deadline for Noting an Appeal: 5/13/09<br>Deadline for the Submission of Documents in Support of Appeal: 5/28/09 |||
|---|---|---|---|
|  | **I. IDENTIFYING INFORMATION** |||
| **Claimant Name** | Pierce, Stanley J. | **Social Security Number** | 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 |
| **Law Firm** | Lamb Firm, LLC, The |||
| **VCN Number** | 1051071 | **Enrollment Status** IP Enrolled | **First Confirmed Vioxx Use** 10/24/02 |

### II. TOTAL POINTS CALCULATION

#### A. BASIS POINTS

| | | | | |
|---|---|---|---|---|
| 1. | Qualifying Event/Level | Injury Type: MI | Injury Level: 2 | Date of Event: 6/9/04 |
| 2. | Age at Event | 65 to 69 years | | |
| 3. | Overall Duration of Vioxx Use | 18-30M | | |
| 4. | **Basis Points** | | | 458.33 |

#### B. LABEL AND CONSISTENCY ADJUSTMENTS

| | | | | |
|---|---|---|---|---|
| 5. | Label | | -15 % | |
| 6. | Consistency | | +20 % | |
| 7. | **Adjustment Total %** | | +5 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | | 481.25 |

#### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | High Cholesterol | Controlled | - 20 % | 385.00 |
| 10. | Hypertension | Controlled | - 20 % | 308.00 |
| 11. | **TOTAL POINTS** | | | 308.00 |

### III. POINTS AWARD DETERMINATION

This Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. This Points Award determination is subject to (i) appeal as set forth in Section 3.2.4 of the Settlement Agreement; (ii) acceptance of a Fixed Payment if the total Points award is less than ten points for a MI-related injury or less than two points for an IS-related injury; and (iii) quality control and audit procedures pursuant to Article 10 of the Settlement Agreement, but otherwise shall be non-Appealable, final, and binding on the claimant.

### IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Points Award, select the button "Accept Points Award. Will Not Appeal." Acceptance of this Points Award will place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment. **Your Acceptance of this Notice of Points Award shall be final and binding.**


PLAINTIFF'S EXHIBIT B2

*Confidential Information*

## V. APPEAL

Counsel appealing this Points Award on behalf of a claimant who has elected to Appeal must select the "Appeal" button. Selecting and submitting an appeal on the Claims Administrator's secure web-portal constitutes written notice of your appeal under section 3.2.4 of the Settlement Agreement. **You must appeal within 15 days of the posting of this Notice, or the Points Award will be deemed accepted, final and binding.** If you appeal this Points Award, you must designate the issues you are appealing by selecting the specific factor(s). Any issue not appealed within 15 days of the posting of this Notice will be deemed accepted. You must provide comments for each factor you select stating specifically why you disagree with the Claims Administrator's findings and giving information about which medical record(s) support your position. **If you wish to submit additional information in support of your appeal, you must do so by the date provided at the top of this Notice. Documents submitted more than 30 days after the posting of this Notice will not be considered by the Claims Administrator or the Special Master in reviewing your appeal. This deadline is binding and cannot be extended.** The Claims Administrator will review your Appeal, issue a Post-Appeal Notice of Points Award, and provide an explanation of each issue appealed. When the Claims Administrator has reviewed your appeal and provided this explanation, you will have the opportunity either to withdraw your appeal or to submit your appeal directly to the Special Master. Upon receipt of an appeal, the Special Master will review the claim *de novo*. During either the Claims Administrator's or the Special Master's review during the appeal process, the number of points may decrease if additional factors are uncovered that lower the value of the claim. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master shall notify the Claims Administrator of its determination, and the Claims Administrator shall, promptly following receipt of such notice, notify Counsel, (or, the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination.

## VI. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this Notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.

## VII. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling claimants who have been or who currently are entitled to such state or federal benefits. **Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released.** However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving any reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed

*Confidential Information*

claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

| | A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS | |
|---|---|---|
| 1. | State Medicaid Participant | No |
| 2. | Medicaid Holdback Percentage | 0% |
| 3. | Federal Medicare Participant | Yes |
| 4. | Global Medicare Resolution Category and Amount | **Resolution Category 1**<br>**$2,581.14** |
| 5. | Other Government Program Obligations | No |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | 0% |

### B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES

**Identification of Participants in Government Healthcare Programs.**

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program.* **It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A** *Obligations to Government Healthcare Programs* **is thought to be inaccurate.**

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program,* read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

### VIII. PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

| V2038 | NOTICE OF ATTEMPTED LIEN |
|---|---|
| | (Date of Notice: 5/5/2009) |

11. Check here if this attempted Lien is for an interest in the entire group of claims of the Primary Counsel identified in Question 8: ☐

12. Specify the amount claimed as to this Program Claimant or group of Claimants.
(If individual amounts are sought against a group of Claimants, indicate the amount as to each Claimant in the Excel list attached in response to Question 5.)

### C. NOTICE TO PRIMARY COUNSEL OR *PRO SE* CLAIMANT

Within 30 days from the date of this Notice, complete and return this Form to the Claims Administrator, stating:

☐ The Affected Claimant is participating in the Vioxx Private Lien Resolution Program, and this Lien will be resolved as part of that Program.

☐ No objection is made to the Lien or claim asserted by this Third Party Claimant and described in this Notice.

☒ Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this Notice.

WARNING: If no objection is timely made, the Claims Administrator will withhold from Settlement payments the amount claimed by the Third Party Claimant and will pay such amounts to the Third Party Claimant.

V2038v4
#344950v.4
9/8/08



PLAINTIFF'S
EXHIBIT
C