UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:<br>VIOXX PRODUCT LIABILITY LITIGATION | ) | MDL NO. 1657 |
| | ) | SECTION: L |
| | ) | JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| ***THIS DOCUMENT RELATES TO:***<br>*Bennett v. Merck & Co., Inc.*, 2:06-cv-08383 and<br>*Ahouse v. Merck & Co., Inc.*, 2:06-cv-02216 with<br>regard to Patricia Lunn only | ) | Fed. R. Civ. P. 60(b)(1) and<br>60(b)(6) |

**PLAINTIFFS' NOTICE OF MOTION, MOTION FOR RELIEF
FROM JUDGMENT AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES**

Plaintiffs Ms. Eleanor Bennett and Ms. Patricia Lunn, through their undersigned counsel, move this Court for entry of an order relieving them from the order of dismissal and judgment entered on May 13, 2009. In support of this motion, plaintiffs incorporate their memorandum of points and authorities as set forth below. Insofar as this Court desires counsel to appear regarding this matter, counsel respectfully requests that this motion be calendared for resolution on June 10, 2009, in conjunction with other matters for which counsel intends to appear.

**INTRODUCTION AND RELEVANT PROCEDURAL HISTORY**

On May 13, 2009, this Court dismissed four Cellino & Barnes, P.C. resolution program claimants for failing to submit necessary enrollment documentation. (Exhibit A, Order of May 13, 2009 at Exh. B. Nos. 5-8.) Counsel does not contest the dismissals of claimants Margaret Kline or Mary Lehmann who failed to tender their signed enrollment

1

documents. However, disabled claimants Eleanor Bennett and Patricia Lunn, though their powers of attorney, had tendered all necessary documents to cure their enrollment deficiencies. Ms. Lunn's dismissal order in fact identified no current deficiencies. (Exh. A, Order at Exh. B, No. 8.) Accordingly, Ms. Bennett and Ms. Lunn respectfully request that this Court grant them relief from judgment and permit their claims to be substantively resolved on their merits.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Merck's motion referenced no specific legal authority for dismissal but instead referred generally to this Court's authority over the resolution program. (*See generally* Settlement Agreement, Article 6 and Amendment to Settlement Agreement, sec. 1.2.6 [January 7, 2008].) Ms. Bennett and Ms. Lunn similarly appeal to this Court's "Chief Administrator" authority and its inherent judicial discretion pursuant to Rule 60(b) in asking that their claims be reinstated for resolution on the merits rather than by procedural default after they complied with the required process.

With regard to Ms. Lunn, who lacked any identified deficiency in this Court's order, counsel speculates that this relates to a May 8, 2009 Claims Administrator e-mail indicating that counsel "did not submit a copy of the applicable law under which the Representative Claimant is acting on behalf of the Incompetent Claimant." (Exh. B, p. 4.) Counsel promptly responded to this e-mail the same day, stating (1) that the applicable law appears on the face of the Statutory Short Form General Power of Attorney used by Ms. Lunn and (2) quoting in its entirety the relevant section granting litigation authority. (Exh. B, p. 1-3.) Counsel had previously corrected deficiencies of this type with substantively identical responses and lacks any information as to why

2

Ms. Lunn's claim was dismissed following this correction. Accordingly, Ms. Lunn respectfully requests that this Court grant her relief from judgment and reinstate her claim for substantive resolution on its merits.

With regard to Ms. Bennett, she is identified as having an R-37d deficiency indicating insufficient evidence that the signing Representative possessed authority to sign on the incompetent claimant's behalf. (Exh. A, Order at Exh. B, No. 5.) This resulted from Ms. Bennett's joint powers of attorney naming her children Gary Bennett and Gregory Bennett. (Exhibit C, p. 2.) On three occasions, counsel requested the powers of attorney to sign the claimant release form and received only Gregory Bennett's signature. On one occasion, Gary Bennett signed and returned a derivative release rather than the claimant release. While perhaps unsophisticated in their understanding of the process for signing and returning the required releases, Ms. Bennett's joint powers of attorney repeatedly attempted to comply on her behalf.

Despite these errors, upon receiving the Claims Administrator's May 6, 2009 e-mail advising of the deficiency and realizing Gary Bennett's last error, counsel's investigator personally secured his signature on the claimant release page and promptly e-mailed a copy to the Claims Administrator with the original following by overnight mail. (Exh. C.) Because the forms are not drafted in contemplation of joint powers of attorney, counsel both submitted a complete release package with Gary Bennett's signature and affirmatively granted permission to combine the Gary Bennett and Gregory Bennett packages as necessary. *Id.* This paralleled a similar process directed by the Claims Administrator to resolve signature or notarization deficiencies when not accompanied by complete release packages. Counsel received no Claims Administrator response advising

3

that the correction was in any manner deficient. Accordingly, Ms. Bennett respectfully requests that this Court grant her relief from judgment and reinstate her claim for substantive resolution on its merits.

Throughout this resolution process, the parties and the Claims Administrator have worked diligently and often cooperatively to resolve deficiencies. As this Court knows well, this often results in data changing rapidly prior to and even during the course of hearings. In this instance, it appears that Ms. Bennett and Ms. Lunn's deficiency corrections were submitted immediately in response to Claims Administrator e-mails but this Court lacked this data when Merck's motion was heard. Ms. Bennett and Ms. Lunn accordingly and respectfully submit that their substantive claims should not be extinguished on procedural grounds corrected prior to this Court's hearing and order.

## CONCLUSION

Based upon the foregoing, Ms. Bennett and Ms. Lunn respectfully request that this Court grant them relief from judgment and reinstate their claims for substantive resolution on its merits. Insofar as this Court desires counsel to appear regarding this matter, counsel further respectfully requests that this motion be calendared for resolution on June 10, 2009, in conjunction with other matters for which counsel intends to appear.

DATED:    May 22, 2009

                                            Respectfully submitted,

                                            **CELLINO & BARNES, P.C.**

By: _____
                                            Brian A. Goldstein
                                            Main Place Towers
                                            350 Main Street, 25th Floor
                                            Buffalo, NY 14202
                                            (716) 854-2020

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFFS' NOTICE OF MOTION, MOTION FOR RELIEF FROM JUDGMENT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES has been served on Liaison Counsel Russ Herman and Phillip Wittman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve Advanced in accordance with PTO 28, and that the foregoing was electronically filed with the Clerk of the court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on this 22nd day of May, 2009.

_____
Brian A. Goldstein, Esq.
Cellino & Barnes, P.C.
Attorneys for Plaintiffs
350 Main St., 25th Floor
2500 Main Place Tower
Buffalo, New York 14202-3725
Ph: (716) 854-2020
Fax: (716) 854-6291
brian.goldstein@cellinoandbarnes.com