## Michael Williams

**Subject:** RE: V2035 Forms Missing Documentation - Patricia Lunn (VCN 1076190) - Cellino & Barnes, P.C.

Jennifer, the PoA is the standard statutory form for New York and, as indicated on the document itself, is pursuant to New York General Obligations Law, Article 5, Title 15, Sections 5-1502A through 5-1503.

Copies of all relevant sections may be found here:
http://law.justia.com/newyork/codes/general-obligations/idx_gob0a5t15.html

The specific section relevant to power of attorney over claims and litigation is at New York General Obligations Law, Article 5, Title 15, Sections 5-1502H and is copied below in its entirety.

Please advise if you require anything further.
Thanks,
Mike

http://law.justia.com/newyork/codes/general-obligations/gob05-1502h_5-1502h.html

§ 5-1502H. Construction--claims and litigation. In a statutory short, form power of attorney, the language conferring general authority with respect to "claims and litigation, " must be construed to mean that the principal authorizes the agent:

1. To assert and to prosecute before any court, administrative board, department, commissioner or other tribunal, any cause of action, claim, counterclaim, offset or defense, which the principal has, or claims to have, against any individual, partnership, association, corporation, government, or other person or instrumentality, including, by way of illustration and not of restriction, power to sue for the recovery of land or of any other thing of value, for the recovery of damages sustained by the principal in any manner, for the elimination or modification of tax liability, for an injunction, for specific performance, or for any other relief;

2. To bring an action of interpleader or other action to determine adverse claims, to intervene or to interplead in any action or proceeding, and to act in any litigation as amicus curiae;

3. In connection with any action or proceeding or controversy, at law or otherwise, to apply for and, if possible, to procure a libel, an attachment, a garnishment, an order of arrest or other preliminary, provisional or intermediate relief and to resort to and to utilize in all ways permitted by law any available procedure for the effectuation or satisfaction of the judgment, order or decree obtained;

4. In connection with any action or proceeding, at law or otherwise, to perform any act which the principal might perform,

5/8/2009

including by way of illustration and not of restriction, acceptance of tender, offer of judgment, admission of any facts, submission of any controversy on an agreed statement of facts, consent to examination before trial, and generally to bind the principal in the conduct of any litigation or controversy as seems desirable to the agent;

5. To submit to arbitration, to settle, and to propose or to accept a compromise with respect to, any claim existing in favor of or against the principal, or any litigation to which the principal is, or may become or be designated a party;

6. To waive the issuance and service of a summons, citation or other process upon the principal, to accept service of process, to appear for the principal, to designate persons upon whom process directed to the principal may be served, to execute and to file or deliver stipulations on the principal's behalf, to verify pleadings, to appeal to appellate tribunals, to procure and to give surety and indemnity bonds at such times and to such extent as the agent shall think to be desirable or necessary, to contract and pay for the preparation and printing of records and briefs, to receive and to execute and to file or deliver any consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument which the agent shall think to be desirable or necessary in connection with the prosecution, settlement or defense of any claim by or against the principal or of any litigation to which the principal is or may become or be designated a party;

7. To appear for, to represent and to act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, whether of the principal or of some other person, with

respect to any reorganization proceeding, or with respect to any

receivership or application for the appointment of a receiver or trustee

which, in any way, affects any interest of the principal in any land,

chattel, bond, share, commodity interest, chose in action or other thing

of value;

8. To hire, to discharge, and to compensate any attorney, accountant, expert witness or other assistant or assistants when the agent shall think such action to be desirable for the proper execution by him of any of the powers described in this section;

9. To pay, from funds in his control or for the ccount of the principal, any judgment against the principal or any settlement which

Case 2:05-md-01657-EEF-DEK   Document 18841-2   Filed 05/22/09   Page 3 of 4

may be made in connection with any transaction enumerated in
section, and to receive and conserve any moneys or other things of value
  paid in settlement of or as proceeds of one or more of the
transactions enumerated in this section, and to receive and endorse
checks and to  deposit the same; and

    10. In general, and in addition to all  the  specific  acts  in
this section enumerated, to do any other act or acts, which the principal
can do  through  an  agent,  in  connection  with any claim by or against
the  principal or with litigation to which the principal is or may
become  or   be designated a party.

    All   powers   described  in  this  section  5-1502H  of  the
general  obligations law shall be exercisable equally with respect to
any  claim   or  litigation  existing  at  the  giving  of  the  power of
attorney or thereafter arising, and whether arising in the  state   of
New  York  or elsewhere.

---

**From:** Jennifer Goodwin [mailto:jgoodwin@browngreer.com]
**Sent:** Friday, May 08, 2009 9:29 AM
**To:** Michael Williams
**Cc:** Bill Atkinson
**Subject:** FW: V2035 Forms Missing Documentation - Patricia Lunn (VCN 1076190) - Cellino & Barnes, P.C.

Hello

Please see below.

---

**From:**  YouLee Kim

**Sent:**  Friday, May 08, 2009 9:27 AM

**To:**  Jennifer Goodwin

**Cc:**  Bill Atkinson; Jennifer Greene

**Subject:**  V2035 Forms Missing Documentation - Patricia Lunn (VCN 1076190) - Cellino & Barnes, P.C.

Jennifer,

Please inform the firm of the following:

This e-mail is in follow up to some V2035 Forms submitted by your firm. For each claim below, the
Forms were submitted, but you did not include some documentation requested in CAP 2008-8 for
Incompetent and Minor Claimants and Derivative Claimants, and Merck did not accept the V2035 as it
was submitted for each Claimant. Please see below for what is requested under CAP 2008-8 and send

this immediately.

1076190 - Lunn, Patricia - you did not submit a copy of the applicable law under which the Representative Claimant is acting on behalf of the Incompetent Claimant.

**Please respond with the requested information and materials immediately.**  Please let me know if you have any questions.

Thank you,

You Lee

**YouLee Kim**

**BROWNGREER PLC**

115 S. 15th Street, Suite 400

Richmond, Virginia  23219-4209

Telephone:  (804) 521-7247

Facsimile:  (804) 521-7299

www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

5/8/2009