UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

George Willie Buford, III,
    Plaintiff, <u>Pro Se</u>,

v.                                         2:08-cv-05059

Merck & Co., Inc.,
    Defendant.

RECEIVED
MAY 15 2009
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

## PLAINTIFF'S NOTICE OF COMMERCIAL DISHONOR AND ARBITRARY ACTION OF GOVERNMENT

Presently before this Court is defendant's Fourth Motion, Rule and Incorporated Memorandum To Show Cause...., and Order To Show Cause Why Cases Should Not Be Dismissed With Prejudice (signed by USDJ Mr. Eldon E. Fallon).

Plaintiff would first establish that the Due Process of Law Clauses of the Fifth and Fourteenth Amendments to the Constitution for these United States of America <u>REQUIRE</u> that <u>BEFORE</u> a person's in-

-1-

terest(s) in the right to enjoy his Life, Liberty or Property may be taken away at the hand of Government, he MUST first receive adequate notice of the Government's intention to alien these rights. Once adequate notice has been provided, the Government has the addition and weighty burden of providing the person subject to such notice an opportunity to be heard in a reasonable time and meaningful manner, appropriate to the proceeding at issue, on why such action of Government should not take place.

## ANALYSIS

The first step in this inquiry must necessarily entail a look into whether or not the Plaintiff has a protectible interest(s) in the property covered in the cause currently before the Court.

Proceeding pursuant to Uniform Commercial Code ("UCC") §§ 9-502(a), 9-516(b) and 9-520(a), Plaintiff registered in the Hunterdon County, New Jersey Clerk and Recorders Office Instrument 20061020000043600, a UCC 1 Financing Statement evidencing "... the creation of a security interest...," (Black's Law Dictionary, Abridged Sixth Edition, at 436-437) after Merck & Co., Inc., (hereinafter "Merck" or "defendant") defaulted on Private Security Agreement MPC-4426-318-474. Please PSA Clauses VII and VIII and XI.

Under Official Comment 2 to UCC §9-520 (2000 revision) if a financing statement satisfies UCC §9-520 (a) & (b) (2000 revision) and is accepted for filing, such filing is, at law, fully effective.

Mr. Buford has fully complied with the stated requirements of UCC §9-520(a) and (b) AND as can clearly be seen from its bar code and instrument number the UCC 1 Financing Statement was accepted for filing by Hunterdon County, New Jersey Clerk Dorothy Tirpok, 02 October 2006.

The UCC 1 Financing Statement is therefore, in law and fact, effective as evidence of a security interest in the property described therein.

Having thus established Mr. Buford legal and factual interests in the property at issue, we next turn to a discussion on whether or not he is being unlawfully deprived of the enjoyment of such right of interest, in violation of the Constitution or Laws of these United States of America.

"No person shall...be deprived of... property, without due process of law,...."

—Amendment V [1791]

"...[N]or shall any State deprive any person of... property, without due process of law;...."

—Amendment XIV [1868]

We herein note that the touchstone of the Due Process of Law Clauses of the 5th and 14th Amendments to the Constitution for these United States of America is protection of the individual [Mr. Buford] from the arbitrary action of Government. In the Anglo-American system of American Jurisprudence this protection is achieved by providing the person having the property interest with notification of an impending Governmental action intended to curtail, restrict or otherwise hinder the subject Citizen's enjoyment of his property. Our basic concepts of fairness and decency that lie at the heart of the American concept of ordered Liberty command Government to provide a person facing the deprivation of a protected Liberty interest an opportunity to be heard in a reasonable time and meaningful manner BEFORE the contemplated deprivation becomes effective.

In the case at Bar NO SUCH NOTICE or OPPORTUNITY TO BE HEARD HAS BEEN GIVEN Mr. Buford.

On or about 26 September 2008, Mr. Buford filed this action in the United States District Court for the District of New Jersey before the Honorable Mr. Dennis M. Cavannaugh, United States District Judge. Please

-4-

See 2:08-cv-04802-DMC-MF.

On 31 December 2008, said Court ordered the defendant to respond within 20 days. On the same date, the United States Judicial Panel on Multidistrict Litigation (hereinafter "PML") transferred the matter to the United States District Court for the Eastern District of Louisiana, the Honorable Mr. Eldon E. Fallon, USDJ, presiding.

The Plaintiff in this action HAS NOT REQUESTED TO BE INCLUDED IN ANY CLASS OF PLAINTIFFS NOW SUING THE DEFENDANT, HAVING SUED THE DEFENDANT OR CONTEMPLATING SUING THE DEFENDANT AT ANY FUTURE TIME.

The caption of this cause of action is George Willie Buford, III, v. Merck & Co., Inc. George Willie Buford, III, IS THE SOLE PLAINTIFF IN THIS ACTION.

When the PML transferred this action to this Court, His Honor DID NOT SERVE PLAINTIFF WITH ANY NOTICE THAT SUCH TRANSFER CONSTITUTES INCLUSION OF THIS PLAINTIFF WITH ANY OTHER PLAINTIFF(S) OR INCLUSION OF THIS ACTION WITH ANY OTHER ACTION BEFORE THIS COURT.

IN FACT, on and for the record of these proceedings: THIS COURT HAS TO DATE, ISSUED Mr. Buford ABSO-LUTELY NO ORDERS WHATSOEVER.

Plaintiff's only ORDER signed by Mr. Fallon came in the mail today, 11 May 2009, from Mrs. Dorothy Wimberly COUNSEL for the DEFENDANT.

Plaintiff has not been served with Pre-Trial Order (hereinafter "PTO") 29 or any other PTO. Plaintiff SHOULD NOT be served with any copy of the PTOs in this cause because this Plaintiff IS NOT A PARTY TO ANY CAUSE OF ACTION TO WHICH SUCH PTOs PERTAIN.

NONE of the alleged "...22 million pages of documents; ...hundreds of depositions... one thousand pretrial motion rulings;... monthly status reports [or] six bellweather trials, ..." was EVER served upon Mr. Buford, either before or after his cause was transferred to Mr. Fallon's courtroom.

The requirement that a person facing the deprivation of the enjoyment of a protected property interest is, at once, fundamental. It is implicitly guaranteed in the federal Constitution. Concurrently, the notice requirement of the 5th and 14th Amendments' Due Process of Law Clauses is substantial in its tenor and reach. Notice, in its legal sense, is information concerning a fact, ACTUALLY communicated to apprise a person of some proceeding in which his interest(s) are involved, or informing him of some fact which it is his right to know and the duty of the notifying party to communicate.

Rule 5(a)(1)(A-E) CLEARLY sets forth the requirement that EVERY PARTY must be served with orders, pleadings (except where there are numerous defendants, which is NOT the case here), discovery papers, written motions, notices, appearances, demands, offers of judgment or similar papers. In this case, there is not one iota of evidence indicating that the Requirement of Rule 5(a)(1)(A-E), Federal Rules of Civil Procedure have been complied with.

Mr. Fallon is a judicial officer of the United States, acting and/or purporting to act under grant of Article III judicial faculty. HE HAS NOT PROVIDED Plaintiff ANY NOTICE OF CLASS INCLUSION, MAKING SUCH INCLUSION ONE OCCURRING ABSENT DUE PROCESS OF LAW.

An arbitrary act of Government occurs whenever governmental actors intentionally act to deprive persons of rights, privileges and/or immunities secured by the Constitution and/or Laws of these United States of America.

Mr. Buford has a right to the enjoyment of the property covered by PSA MPC-4426-318-474 and Instrument 20061002000043600 which Mr. Fallon is intentionally impeding by refusing to enter the defendants default while surrepticiously attempting to include Mr. Buford in a class of plaintiff's having

-7-

no legitimate claim to Mr. Buford's lawfully established protectable property interest(s).

Establishing that no notice has been provided Mr. Buford of his contemplated inclusion by force into said class of plaintiffs, we next turn to whether Mr. Fallon has afforded Mr. Buford an opportunity to be heard in a reasonable time and meaningful manner. The record established in Mr. Fallon's court shows that Mr. Buford has filed a Notice regarding the defendant's non-response AND a Motion for Default, neither of which have been heard as of the date of this writing.

The defense informs the plaintiff that a hearing will be held 10 June 2009 at 9:00 a.m. Mr. Fallon never told Plaintiff this. Mr. Buford is a federal prisoner. Does this mean Mr. Fallon will dismiss this cause if (when) Mr. Buford does not show up for the hearing? How fair is that?

The foregoing serves to deprive Mr. Buford of the right to enjoy his property absent the protections of the Due Process of Law Clauses of the 5th and 14th Amendments to the Constitution for these United States of America.

<mark>-8-</mark>

THEREFORE, Plaintiff MOVES this Court to RESCIND its 07 May 2009 ORDER as it pertains to George Willie Buford, III, to DENY defendant's Fourth Motion, Rule ...., to STOP its action to include Plaintiff in a legally foreign class of plaintiffs having NOTHING to do with Plaintiff, to GRANT Plaintiff's previous DEFAULT motions and to ORDER the defendant to immediately surrender Plaintiff's property.

Respectfully,

11 May 2009
(date)

*George Willie Buford III*

George Willie Buford, III
Apostille 2009 - 5853
Convention de la Haye
du 5 Octobre 1961
Secured Party Creditor
Without Prejudice, UCC § 1-207.4
Without Recourse, UCC §§ 3-415 &
3-501 et seq.
[Fed. Reg. # 30024-074]
United States Penitentiary
P.O. Box 33
Terre Haute, Indiana 47808

## CERTIFICATE OF SERVICE

I, George Willie Buford, III, do hereby CERTIFY that the foregoing has been served upon opposing counsel by delivering same to FCC Terre Haute corrections officer H. Smith, per lock down protocol, First Class postage pre-paid, and addressed to the following:

Mrs. Dorothy H. Wimberly
c/o Stone Pigman Walther Wittman, L.L.C.
546 CARONDELET STREET
NEW ORLEANS, LOUISIANA
70130-3588

Mrs. Eva Petko Esber
c/o Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C.
20005-5901

11 May 2009

Attest True
*George Willie Buford IV* (signature)
George Willie Buford, III
A2009 5853

Mr. George W. Buford III
Name
[30024-074]
Reg. No.

Federal Correctional Complex
P.O. Box 33
Terre Haute, IN 47808

LEGAL MAIL

ATTN.: CLERK OF COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
C-456 U.S. Courthouse
500 POYDRAS STREET
NEW ORLEANS, LOUISIANA
70130

INMATE
IDENTIFICATION
CONFIRMED

TERRE HAUTE IN 478