UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| All Government Actions and | * | MAG. JUDGE KNOWLES |
| All Private Third-Party Payor | * | |
| Cases | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * *

**PRETRIAL ORDER NO. 13C**
**(HIGHLY CONFIDENTIAL INFORMATION)**

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate to the parties' confidential and proprietary information that may be subject to protection under Fed. R. Civ. P. 26(c); and

WHEREAS, the parties have provided and will provide a significant amount of discovery materials in this Action and the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

**Scope of Order**

1.  This Supplemental Protective Order shall govern all actions asserting Vioxx-related, private third-party payor claims and actions filed by or on behalf of any state, county, city, and/or other government entity (collectively, the "Action") and is intended to supplement this Court's Pretrial Order No. 13, entered May 24, 2005, and

Pretrial Order No. 13A, entered January 30, 2009, where discovery implicates "highly confidential" information as described herein.

2.  This Supplemental Protective Order applies to all documents, the information contained therein, and all other information produced or disclosed during these consolidated proceedings (the "Action") whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party or parties (the "Receiving Party").

3.  Third parties who so elect may, by written notice to the parties in this Action, avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order, and thereby become a Supplying Party for purposes of this Supplemental Protective Order.

4.  The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

5.  Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

**Highly Confidential Information**

6.  "Highly Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise

revealed, and that contains highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Supplemental Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Supplying Party. In designating discovery materials as Highly Confidential Information, the Supplying Party shall do so in good faith consistent with the provisions of this Supplemental Protective Order and the rulings of the Court.

7. Specific documents and discovery responses produced by a Supplying Party shall be designated as Highly Confidential Information by marking the pages of the document that contain Confidential Information as follows: "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 9 and 22, documents that do not bear the foregoing designation are not "Highly Confidential Information" as that term is used in this Order.

8. Information, other than .tiff images, produced in electronic form (including but not limited to electronic files, databases, programs, tapes, discs or other electronic information) ("Electronic Material") not physically marked as otherwise required under Paragraphs 6 and 7 above, may be designated as Highly Confidential Information by marking the outside of the storage medium on which the information is produced or by making the designation in writing. The Receiving Party shall mark any hard copy print-outs and the storage medium of any permissible copies of Electronic Material designated as Highly Confidential Information with the appropriate "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" legend.

9. Information disclosed at a deposition taken in connection with this Action may be designated as Highly Confidential Information by:

(a) designating on the record during the taking of the deposition that the deposition, or some part of it, constitutes Highly Confidential Information and subsequently complying with the provisions of paragraph 9(b) of this Order; or

(b) designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The letter shall direct the court reporter to indicate the portions designated as Highly Confidential Information and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. For any deposition previously identified as containing Highly Confidential Information under Paragraph 9(a), the court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "Highly Confidential-Subject to Further Confidentiality Review." Such transcripts will be treated as Highly Confidential Information and shall be fully subject to this Supplemental Protective Order, until the expiration of the 30-days after the transcript was circulated by the court reporter. If the Supplying Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Highly Confidential Information.

10. A party in this Action may designate as Highly Confidential Information any document or information produced, or testimony given, by any other person or entity that the party reasonably believes qualifies as such party's Highly Confidential

Information pursuant to this Supplemental Protective Order.  If any third party produces information that any party in good faith believes constitutes Highly Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information.  Any party receiving information from a third party shall treat such information as Highly Confidential Information pursuant to this Supplemental Protective Order during this 30-day period while all parties have an opportunity to review the information and determine if it should be designated as Highly Confidential.  Any party designating third party information as Highly Confidential shall have the same rights as a Supplying Party under this Order with respect to such information.

**Permissible Disclosure of Highly Confidential Information**

11. The Receiving Party may disclose Highly Confidential Information only to the following people:

(a) Outside Counsel for Plaintiffs in the Action subject to this Order, including attorneys, paralegals, stenographic and clerical staff employed by such counsel who are working on the Action under the direction of such counsel and to whom it is necessary that the Highly Confidential Information be disclosed for purposes of the Action;

(b) In-house attorneys for Plaintiffs who are primarily responsible for the litigation and prosecution of the Action.  In-house attorneys for Plaintiffs who are not responsible for the litigation and prosecution of the Action, including any in-house attorneys with business relationships with any Plaintiff or Merck or with any other day-

5

to-day interactions with any Plaintiff or Merck shall not have access to Highly Confidential Documents outside of those produced by the individual Plaintiff;

   (c) Outside counsel for Defendant Merck & Co., Inc. ("Merck"), including attorneys, paralegals, stenographic and clerical staff employed by such counsel who are working on the Action under the direction of such counsel and to whom it is necessary that the Highly Confidential Information be disclosed for purposes of the Action;

   (d) In-house attorneys for Merck who are primarily responsible for the litigation and defense of the Action. In-house attorneys for Merck who are not responsible for the litigation and defense of the Action, including any in-house attorneys with business relationships with any Plaintiff or with any other day-to-day interactions with any Plaintiff shall not have access to Highly Confidential Documents outside of those produced by Merck;

   (e) The Court, provided that the Highly Confidential Information is filed under seal as set forth in Paragraph 26 below;

   (f) Stenographic employees and court reporters recording or transcribing testimony in this Action;

   (g) Any outside consultant or expert that has signed the certification described in Paragraph 14 and subject to Paragraph 15;

   (h) Any witness during a deposition, provided that such witness is provided with a copy of this Supplemental Protective Order and agrees on the record that

6

he or she is bound by the terms of this Order. Where a witness is a current or former employee, consultant to, or agent of another plaintiff or third party that engages in the same or substantially similar business activities to the entity to which the Highly Confidential Information relates, the parties shall meet and confer on an appropriate deposition protocol that protects Highly Confidential information.

12.     Subject to the restrictions imposed by Paragraph 11(h), if after a deposition is noticed, the Supplying Party objects to Highly Confidential Information being shown to that witness during a deposition, the Supplying Party shall attempt to confer with counsel to resolve the issue. If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief. Where Highly Confidential Information is shown to a deponent during a deposition, such document(s) or information will remain Highly Confidential and the deposition transcript will be designated accordingly.

13.     Before disclosing any Highly Confidential Information to any person as permitted by this Order (other than the Court and its staff), such person shall be provided with a copy of this Supplemental Protective Order, which he or she shall read. Upon reading this Order, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Supplemental Protective Order and shall abide by its terms. These certifications are strictly confidential. Counsel for each party shall maintain the certifications without giving copies to the other side. The parties expressly agree, and it is hereby ordered that, except in the event of a violation of this Order, they will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. If the Court finds that any disclosure is necessary to

investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.  Persons who come into contact with Highly Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

14. Before disclosing Highly Confidential Information to any person who is not enumerated in ¶11(a)-(h), the party wishing to make such disclosure shall give at least ten (10) days advance notice in writing to the counsel for the party who designated such information as Highly Confidential, providing the counsel who designated such information as Highly Confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made.  The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision.  If a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion. Because only the party seeking to make the disclosure may know who the proposed

recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this Paragraph.

15. Disclosure of Highly Confidential Information beyond the terms of this Supplemental Protective Order may be made only if the Supplying Party designating the material as Highly Confidential Information consents in writing to such disclosure, or if the Court, after reasonable notice to all affected parties, orders such disclosure.

**Use of Highly Confidential Information**

16. The Receiving Party, and any other persons having knowledge of Highly Confidential Information by virtue of their participation in this Action, or by virtue of obtaining documents produced or disclosed in this Action pursuant to this Supplemental Protective Order, shall use such Highly Confidential Information only as permitted herein.

17. This Supplemental Protective Order does not address the offering of Highly Confidential Information in evidence at trial or any court hearing, but nothing contained in this Order shall preclude any party from moving the Court at an appropriate time for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure

18. Nothing contained in this Supplemental Protective Order shall preclude any party from using its own Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

**Protection of Highly Confidential Information**

19. Counsel shall take all reasonable and necessary steps to assure the security of any Highly Confidential Information and limit access to those persons authorized by this Order.

20. Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

21. If a Receiving Party learns of any unauthorized disclosure of Highly Confidential Information, it shall immediately upon learning of such disclosure (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure; (b) make all reasonable efforts to prevent disclosure by each unauthorized person who received such information; and (c) make its best efforts to retrieve copies of the Highly Confidential Information.

22. Upon the conclusion of any attorney's last case in this Action, including any appeals related thereto, at the written request and option of the Supplying Party, all discovery materials produced by the Supplying Party and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned within thirty (30) calendar days to the Supplying Party, provided, however, that counsel may retain their privileged communications, work product, certifications pursuant to Paragraph 13, and all court-filed documents even though they contain

discovery materials produced by the Supplying Party, but such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Supplemental Protective Order.  At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Supplying Party shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Supplying Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Supplying Party in accordance with the terms of this Supplemental Protective Order.

**Changes in Designation of Information**

23. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its Highly Confidential nature or preclude the Supplying Party from designating such document or information as Highly Confidential Information at a later date.

24. Any Supplying Party may designate as Highly Confidential Information, or withdraw a such a designation from, any material that it has produced.  Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and simultaneously producing a re-designated copy of such material.  Upon receipt of any re-designation that designates material as Highly Confidential Information, the Receiving Party shall:  (a) treat such material in accordance with this

11

Order; (b) take reasonable steps to notify any persons known to have possession of any such material of the re-designation under this Supplemental Protective Order; and (c) promptly endeavor to retrieve all copies of such material from any persons known to have possession of such material who are not authorized to receive it under this Order.

25. Any party may object to the propriety of the designation (or re-designation) of specific material as Highly Confidential Information by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand-delivery or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the document will have its designation removed unless within thirty (30) days after written notice that the parties' negotiations are ended, the Supplying Party moves the Court for an order upholding the designation. Counsel may agree to reasonable extensions of the thirty (30) day period, if necessary. On such a motion, the Supplying Party shall have the burden of proving that the material is entitled to protection as Highly Confidential Information under applicable law. The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

**Filing Papers in Court Records**

26. The Parties will use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing, or attaching Highly Confidential Information: any such material shall be filed in a sealed envelope, labeled with the case name, case number, the motion to which the documents relate, and a listing of the titles of the documents in the envelope (such titles not to reveal Highly Confidential Information), and shall bear the legend: THIS DOCUMENT CONTAINS HIGHLY CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT. Such material shall be kept under seal until further order of the Court; however, such materials shall be available to the Court, and to all persons entitled to receive such information under the terms of this Order. The parties shall take reasonable steps to minimize such sealing.

27. When submitting Highly Confidential Information pursuant to the previous Paragraph, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript, document, or other matter containing Highly Confidential Information that are cited, referred to, or relied on by the submitting party.

28. Use of Highly Confidential Information at trial shall be determined by subsequent agreement of the parties or order of this Court.

**Miscellaneous Provisions**

29. It is expressly understood by and between the parties that in producing Highly Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Supplemental Protective Order.

30. No provisions of this Supplemental Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Highly Confidential Information, provided that in rendering such advise, counsel shall not disclose any other party's Highly Confidential Information other than in a manner provided for in this Supplemental Protective Order.

31. By written agreement of the parties, or upon motion and order of the Court, the terms of this Supplemental Protective Order may be amended or modified. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

32. Highly Confidential Information shall not be disclosed to anyone except as provided herein, and the contents thereof shall not be used for any regulatory, business, commercial or competitive purpose. Any use of Highly Confidential Information other than as permitted herein will be deemed a violation of this Supplemental Protective Order, and may be subject to sanctions or other applicable penalties under the law.

33. Defendants shall produce a confidentiality log or logs consistent with this order and Paragraph 26 of Pretrial Order No. 13.

New Orleans, Louisiana, this 19th day of May, 2009.

*[signature: Eldon E. Fallon]*

Honorable Eldon E. Fallon
United States District Court Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| All Government Actions and | * | MAG. JUDGE KNOWLES |
| All Private Third-Party Payor | * | |
| Cases | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATION**

I hereby certify that I have read the Supplemental Protective Order entered in the above captioned action and that I understand the terms thereof.

I agree to be bound by the Supplemental Protective Order.

I further agree to submit to the jurisdiction of this Court for the purposes of enforcing the Supplemental Protective Order, and I understand that the Court may impose sanctions on me for any violation of the Supplemental Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that, except in the event of a violation of this order, the parties will make no attempt to seek copies of the certifications or to

determine the identities of the persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their client that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date: _____                    _____
                                                                  (Signature)

                                          Name: _____
                                                                (Typed or Printed)