# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 47 OF
## <u>PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL</u>

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")
submit this Joint Report No. 47.

## I.    <u>SETTLEMENT AGREEMENT</u>

On November 9, 2007, the parties announced the establishment of a Vioxx
Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death,
or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information
regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full
text of the Master Settlement Agreement and exhibits, together with registration and enrollment
forms and instructions can be found at Claims Administrator's website at
www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may
contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-

mail address, claimsadmin@browngreer.com..  Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (see Doc. No. 15702 and Doc. No. 15857).  The motion set for hearing on September 23, 2008, filed by Herman, Herman, Katz & Cotlar, LLP, was the subject of an Order entered September 24, 2008 that ordered medical providers to produce records or show cause why they should not be held in contempt and be fined $1,000.00 per day for every day after October 17, 2008, until such records are produced.  Similar motions by other plaintiffs' counsel have also been filed and another motion was filed by Herman, Herman, Katz & Cotlar, LLP on December 5, 2008.  Medical records continue to be received from providers. The parties will be prepared to discuss the Order of September 24, 2008 and other motions pending before the Court relating to the production of medical record providers who have not produced requested medical records.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq.  By Order entered February 11, 2009, the Court granted the motion.  U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

II.   REGISTRATION AND ENROLLMENT OF CLAIMS IN THE
      SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration and enrollment.   BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and enrollment process at the monthly status conference on May 29, 2009.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.   The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

On March 25, 2009, Merck filed six Motions for Orders to Show Cause concerning certain claimants who have filed to comply fully with the enrollment requirements of the Master Settlement Agreement.  The motions were heard by the Court on April 15, 2009.  At that time, the motions were withdrawn as to claimants who had cured deficiencies, were deferred until April 29, 2009 as to claimants who had pending cures, and were deferred until May 8, 2009 as to certain claimants with special circumstances.  Additionally, the motions were granted as to numerous non-compliant claimants and their cases were dismissed with prejudice.  The deferred matters were heard on April 29, 2009 and May 8, 2009.  At that time, the motions were withdrawn as to claimants who had cured deficiencies and were deferred a final time, until May 29, 2009 as to certain claimants who had pending cures and/or special circumstances.

Additionally, the motions were granted as to non-compliant claimants and their cases were dismissed with prejudice.

On April 21, 2009, Merck filed two supplemental Motions for Orders to Show Cause concerning additional non-compliant claimants.  These motions were heard by the Court on May 8, 2009.  At that time, the motions were withdrawn as to claimants who had cured deficiencies and were deferred until May 29, 2009 as to certain claimants who had pending cures and/or special circumstances.  The motions were granted as to non-compliant claimants and their cases were dismissed with prejudice.  The parties will be prepared to discuss these motions further at the monthly status conference on May 29, 2009.

### III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans (see *infra* Section XV).

- 4 -

## IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.

## V.  STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through August 31, 2009.

## VI. CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed.  By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m., why those cases should not be dismissed.  The Order also set briefing deadlines.  By Order entered May 5, 2009, the Court dismissed without prejudice the cases on the show cause order.  This Order renders moot Defendants' Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and

Defendants' Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint -- both of which had been briefed and submitted to the Court.  It does not affect Defendants' Rule 12 Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

VII.    STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee also has worked on coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on May 29, 2009.

VIII.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").  The

PLC and Curator will be prepared to discuss this further at the monthly status conference on May 29, 2009.

IX.    PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.

X.    THIRD PARTY PAYOR CASES

On April 14, 2009, the Court entered Pre-Trial Order No. 38 which governs and sets deadlines for third party payor cases.

On April 21, 2009, Merck propounded a First Set of Interrogatories and a First Set of Requests for Production of Documents to Bellwether, third party payor plaintiffs, pursuant to PTO 38.  On May 14, 2009, Bellwether Third Party Plaintiffs' propounded a Master Set of Interrogatories and Requests for Production to Merck.  The parties have not yet responded to the discovery.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

On May 19, 2009, the Court issued Pre-Trial Order No. 41 relative to appointment of private third party payor Bellwether Trial Committee.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

XI.    GOVERNMENT ACTIONS

On April 30, 2009, the Court issued Pre-Trial Order No. 39, Case Management Schedule for Government Actions.

Plaintiffs in the Government Actions have discussed the creation of an organizational structure and will be prepared to discuss this further with the Court at the monthly status conference on May 29, 2009.

Plaintiffs and Merck have exchanged drafts of initial discovery and have had numerous telephonic discussions and a meet and confer, face-to-face, on May 21, 2009, to discuss discovery issues. The parties have also scheduled another meet and confer to take place on May 28, 2009. Although PTO 39 establishes that discovery will be exchanged on June 1, 2009, the parties have agreed to extend the date for exchange of discovery to a date prior to June 5, 2009. The State of Louisiana's Amended Complaint was accepted for filing on May 15, 2009; the parties agreed to extend the due date for Merck's response to June 9, 2009. The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

XII.   DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION
       WITH THIRD PARTY PAYOR AND GOVERNMENT
       ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A and on February 17, 2009 issued Pre-Trial Order No. 13B, both of which relate to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions. Additionally, on May 19, 2009 entered Pre-Trial Order No. 13C which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested

- 8 -

that his name be taken off this motion, as he is not participating in the motion).  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

XIII.    PENDING  PERSONAL INJURY CASES IN WHICH LONE
         PINE EXPERT REPORTS HAVE BEEN SERVED

On April 28, 2009, the Court held a Case Management Conference with counsel for a number of personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On April 28, 2009, the Court issued an Order appointing Ann Oldfather to serve as Liaison Counsel for plaintiffs in these cases and Doug Marvin to serve as Liaison Counsel for defendant.  The Court also scheduled an additional status conference with Liaison Counsel on May 14, 2009, which conference was postponed.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

XIV.    THIRD PARTY PAYORS' MOTIONS

On May 19, 2009, the Court issued Pre-Trial Order No. 40 which approved the Settlement Agreement negotiated with Third Party Payor Counsel to establish a Private Lien Resolution Program for eligible claimants and to undertake a confidential audit.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

XV.    MERCK'S MOTIONS AND RULES ON PTO 28 NON-COMPLIANCE

Since September, 2008, Merck has filed six Motions, Rules and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 28.  Immediately following the monthly

- 9 -

status conference on April 29, 2009, certain matters that were deferred from these previously filed *Lone Pine* motions were heard.  By Order and Reasons entered April 29, 2009, the Court granted Merck's Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28 and dismissed the cases.  The Order also denied certain cross motions filed by plaintiffs. Plaintiffs have appealed the Order.

Additionally, on April 27, 2009, Merck filed its Seventh Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 28.  That motion was heard by the Court on May 21, 2009.  At that time, the Court dismissed with prejudice certain claims, withdrew the motion as to one claim, deferred the motion until June 10, 2009 as to certain claims, and dismissed without prejudice the claims of certain *pro se* claimants.  The parties will be prepared to discuss the motions further at the monthly status conference on May 29, 2009.

XVI.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and as reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common

Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument.  Numerous objections were filed with the Court.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on May 29, 2009.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, not necessary or appropriate, and that if the Court determined that discovery was appropriate that a scheduling order would be necessary.  On February 27, 2009, PLC filed a response in opposition to the motion.  PLC will be prepared to discuss this at the monthly status conference on May 29, 2009.

XVII. <u>MOTION   FOR   RECONSIDERATION/REVISION   OF   ORDER CAPPING CONTINGENT FEES</u>

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.   The  Order  and  Reasons  are  posted  on  the  Court's  website, http://vioxx.laed.uscourts.gov.

- 11 -

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment.  On December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic ("the Clinic") to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest.  On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings.  On January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the Court would schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a briefing and argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30, 2009 Order to their clients who have enrolled in the Settlement.  In accordance with the Order, on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

The Vioxx Litigation Consortium's Motion for Reconsideration came on for hearing on April 7, 2009 at 9:00 a.m. and the parties await a ruling on the motion.

By Order entered March 5, 2009, the Court established the guidelines by which the Clinic may communicate with each enrolled Vioxx settlement claimant who contacts the Clinic.  Further, the Order required that other attorneys who filed motions for reconsideration

similar to the Vioxx Litigation Consortium's motion to notify their clients of the Court's appointment of the Clinic and, on or before March 21, 2009, file into the record an affidavit stating their compliance with the Order.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

## XVIII.   MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

Certain matters which were deferred from Merck's previously filed Motions, Rules and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 29 were heard by the Court on April 29, 2009.  At that time, the motion was withdrawn as to certain plaintiffs who had complied with PTO 29, and the claims of other plaintiffs were dismissed with prejudice for failure to comply with PTO 29.

Additionally, on May 7, 2009, Merck filed its Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 29.  The motion is set for hearing on June 10, 2009 at 9:00 a.m.  The parties will be prepared to discuss this further at the monthly status conference on May 29, 2009.

## XIX.   MERCK'S MOTION ON PTO 31 NON-COMPLIANCE

On March 2, 2009, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Material Non-Compliance

with the Registration Requirements of PTO 31.  The motion was originally set for hearing  on March 27, 2009.  Pursuant to the agreement of the parties, the motion was deferred and will now be heard on June 10, 2009 at 9:00 a.m.

XX.   OTHER MOTIONS

On February 2, 2009, Robins, Kaplan, Miller & Ciresi filed a Motion for Suggestion of Remand Order in the *Fosseen* case, no. 2:08-cv-3863; on February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.  Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009 and filed oppositions to the *Fosseen* and *Bethea* motions on April 24, 2009.  The matters were taken under advisement by the Court.

- 14 -

XXI.   <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.


Respectfully submitted,


<u>/s/ Russ M. Herman</u>
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

<u>/s/ Dorothy H. Wimberly</u>
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA  70130-3588
PH:     (504) 581-3200
FAX:   (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 47 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of May, 2009.

/s/ Leonard A. Davis
Leonard A. Davis, #14190
HERMAN, HERMAN, KATZ &
          COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Phone:  504-581-4892
Fax:      504-561-6024
ldavis@hhkc.com

Plaintiffs' Liaison Counsel