RECEIVED

APR 3 0 2009

U.S.

April 27, 2009

Judge Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, LA 70130

Re: Vioxx Case Number BC 340272

Your Honor:

I am appealing to you for intervention regarding the above case which was filed in Los
Angeles Superior Court on September 22, 2005.

I had originally retained the Law firm of Winer, McKenna & Davis located at
1999 Harrison Street Suite 600 in Oakland, CA 94612 to file and represent my father
Louis Ross who was a victim and who took Vioxx for a period of 25 months.

My father was hospitalized three times in 2003 with heart attacks which were evidenced
by Lab test results and EKG's.

My father passed away in December 2005 due to a Myocardial infarction.

On February 15, 2008 Winer, McKenna & Davis sent me a letter advising me that they
had transferred my case to Girardi & Keese Law firm in Los Angeles.

I found that very suspicious as I felt I should have been consulted prior to the transfer.
They should have had my authorization but they simply took the liberty to do so and
advised me only after the fact.

Since then I have been trying to establish a normal fiduciary relationship with the
attorney at Girardi & Keese who is in charge of the Vioxx cases, Mr. James O'Callahan,
to no avail.

Mr. O'Callahan does not seem to be familiar with any of the circumstances regarding my
father's case. He did not even know all the dates that my father had taken Vioxx.

The several times I have called to speak to Mr. O'Callahan he has treated me very rudly.
He has given me the impression he is working on behalf of Merck and not on our behalf.

He has only told me that the case was forwarded to Brown Greer and that the process of reviewing these cases has been a "painfully slow" process.

In February 2008 I signed the "Release" as instructed and only recently (February 2009) my mother was asked to sign another Release as the Surviving Spouse which was mailed back via Fedex on March 23, 2009 to Girardi & Keese Lawyers.

In the summer of 2008 I was assured that all medical records were being examined by Brown Greer and that partial payments would be going out in August 2008.

Although Brown Greer is supposed to be impartial it is my understanding they are trying to disqualify as many cases as possible or that in other words they are working on behalf of Merck.

I am enclosing a copy of a letter sent to me by Winer, McKenna Law firm and copy of the "Injury Gate Criteria". The attorney at Winer explained that Paragraph 4 of the Injury Gate Criteria is the most applicable to my father's situation because the medical records were silent about a myocardial infarction yet all the medical records which I have copies of (sent to me by Winer) indicate heart attacks (myocardial infarctions).

So far I had trusted and relied on the examination of all records by Brown Greer but given that much time has gone by and I have not heard anything from Girardi & Keese (Attorneys representing my mother and I), I most likely will have these medical records independently examined by outside Medical Doctors and Cardiologists who can ascertain that there were heart attacks suffered and provide me with written reports.

This process is something that Girardi & Keese should have taken the initiative to conduct if indeed they were representing us but so far they have not offered this to us.

I have in my possession copies (approximately 600 pages) of all Medical records and Pharmacy records, copy of Death Certificate, original Court filing, correspondence from both Law firms as well as all other documents that are relevant in this case.

On April 14, 2009 I submitted a packet containing copies of all the above to Girardi & Keese to the attention of Thomas Girardi as they have continued to give me the impression they were ignorant even of the dates that my father took Vioxx.

Your Honor, as you are the Judge presiding over the Vioxx Settlement Program, I plead that you would contact the parties involved in this matter so that my mother Rita Ross (the surviving spouse) and myself can be informed concerning the status of our claim.

Sincerely,

Vivian Ross

/22/2005 THU 13:58  FAX 5104331001 JOHN D. WINER                    002/038

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
EMILE A. DAVIS, ESQ. - BAR NO. 208394
LAW OFFICES OF JOHN D. WINER
ONE KAISER PLAZA, SUITE 1450
OAKLAND, CA  94612

TELEPHONE NO.: (510) 433-1000  FAX NO.: (510) 433-1001
ATTORNEY FOR (Name): Plaintiff, LOUIS ROSS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: IN AND FOR THE COUNTY OF LOS ANGELES
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA  90012-3117
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:  ROSS vs. MERCK COMPANY, INC., et al.

**FOR COURT USE ONLY**
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 2 2 2005

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
J. SUNGA

CASE NUMBER: BC340272
**BY FAX**
JUDGE:
DEPT.:

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | |

All five (5) items below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 10-Strict Liability/Failure to Warn, Negligence, Breach if Warranty, et al.
5. This case [ ] is [X] is not a class action suit.
Date: SEPTEMBER 22, 2005

EMILE A. DAVIS, ESQ. - BAR NO. 208394
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                CIVIL CASE COVER SHEET        [ ]        Cal. Rules of Court, rules 201.8, 1800–1812

Vivian Ross
13900 Panay Way #SR302
Marina del Rey, CA 90292

RETURN RECEIPT
REQUESTED

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7008 2810 0000 3780 7096

7013037385 0025

Judge Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, LA 70130

UNITED STATES
POSTAL SERVICE

0000

70130

U.S. POSTAGE
PAID
MARINA DEL REY, CA
90292
APR 27 09
AMOUNT
$5.49
0004-2892-12