SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.
120 Broadway, 18th Floor
New York, NY  10271
(212) 732-9000
Attorneys for Plaintiffs

|  |  |
|---|---|
| **IN RE: VIOXX LITIGATION** | UNITED STATES DISTRICT COURT<br><br>EASTERN DISTRICT OF LOUISIANA<br><br>MDL 1657<br><br>**NOTICE OF OBJECTION TO PLC'S MOTION FOR AWARD OF COMMON BENEFIT COUNSEL FEES AND REIMBURSEMENT OF EXPENSES** |

Sullivan Papain Block McGrath & Cannavo P.C., counsel for the Blanca Alicea et al.

plaintiffs ("Sullivan Papain plaintiffs")[1] hereby object to the PLC's  Motion for Award of

Common Benefit Fees and Reimbursement of Expenses.

The Sullivan Papain plaintiffs hereby state:

1.       Sullivan Papain plaintiffs executed a Full Participation Agreement (attached as

**Exhibit "1"** is a true and correct copy of the said agreement) on November 10, 2005, pursuant to

PTO 19.  The MDL Full Participation Agreement provided for an assessment of 3%, the sum of

2% fees and 1% costs of a claimant's gross recovery. This agreement, in conjunction with PTO

19, establishes the sole framework for resolving the issue of common benefit fees.

2.       In contrast to the Traditional Assessment Option and Limited Waiver Option, the

Full Participation Option, as Defined in PTO 19, does not permit modification of

---

[1] The 93 plaintiffs' actions handled by this firm are listed in **Exhibit "2,"** attached hereto.

3.      Despite the express terms of the Full Participation Option, the PLC, composed largely of counsel who are members of various MDL committees, redrafted the Full Participation Order while "negotiating" the global Vioxx settlement, and incorporated an 8 % assessment.   As it is clear from the other plaintiffs' objections submitted to the Court, the 8% assessment was incorporated without the consent of participating attorneys, including counsel for the Sullivan Papain plaintiffs, and without this Court's approval.

4.      The parties did not negotiate the common benefit fees provision of the Master Settlement Agreement ("MSA"), contrary to the PLC's assertion. In section 9.2.6 of the MSA, Merck emphasized that it "*takes no position* regarding…the award of common benefit fees."

5.      The agreement (**Exhibit 1**) between the PSC and the Sullivan Papain plaintiffs cannot be disregarded.  The agreement, drafted by the PSC and executed by the Sullivan Papain plaintiffs in the early days of the litigation, is fully binding upon the PSC.

6.      Section 1.2.8 of the MSA required Enrolling Counsel to recommend eligible claimants and secure 100% enrollment of such clients into the Resolution Program.   In evaluating whether clients should participate in the Resolution Program, attorneys did not have any opportunity to consider Section 9.2 on an arms' length basis. Under the terms of the agreement, which were not subject to review by individual counsel prior to the MSA being finalized, an attorney could not object to the 8% common benefit assessment while recommending enrollment to a client.

7.      An 8% assessment is not warranted in the Vioxx litigation. The assessment is far too high, and exceeds that awarded in other pharmaceutical mass tort cases. Second, the high number of Vioxx claimants presumptively entitled to compensation under MSA (approximately 30,000 according to monthly MDL status conference reports), warrants a lower assessment.

2

Third, the NPC was negotiating in its own self-interest.  Fourth, the NPC negotiated for a fixed fund of $4.85 billion, the enormous size of which undermines any argument for an assessment. Fifth, the common benefit assessment is 25% of the entire fee, a percentage more in keeping with an originating attorney's interest in the fee when that originating attorney has actually worked on or had responsibility for the file. This court has already significantly reduced the amount of attorney fees that individual attorneys may collect to a cap of 32% of the gross recovery.

8.      If the PLC were to be allowed to collect 8% of the gross recovery as common benefit compensation, as the assessment would be paid out of the individual's attorney's fees, the individual attorney's fees are effectively reduced to 24% of the gross award. This is an unfair and unreasonable result considering the effort and costs expended by the Sullivan Papain plaintiffs' counsel in litigating these cases. The discovery in these cases required substantial staffing and costs.

9.      In arriving at the 3% assessment, the Full Participation Agreement specifically contemplated (1) the inclusion of attorneys not associated with the PSC who may nonetheless be entitled to compensation for common benefit work and (2) the potential for a global settlement. The PLC has acknowledged that one of the PSC's primary responsibilities was to effectuate settlement. As such, the PLC's present argument is meritless.

For these reasons and others that may be submitted in a future brief, the Sullivan Papain plaintiffs hereby submit that the 3% assessment had been agreed upon, and there exist no grounds for increasing the assessment rate.

Respectfully Submitted,

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.
Attorneys for Plaintiffs
Blanca Alicea, et al.

By: _____
        Andrew J. Carboy

Dated: May 8, 2009