**MINUTE ENTRY**
**FALLON, J.**
**MAY 29, 2009**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference. At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 47 of Plaintiffs' and Defendants' Liaison Counsel. This monthly status conference was transcribed by Ms. Cathy Pepper, Official Court Reporter. Counsel may contact Ms. Pepper at (504)589-7779 to request a copy of the transcript. A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

JS10(02:00)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee:  http://www.officialvioxxsettlement.com.

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.  In other words, pursuant to the Court's Order, all Vioxx claimants are entitled to receive at least 68% of their settlement award, not including reasonable costs.  The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (See Rec. Docs. No. 15702, 15857).  On of the motions (Rec. Doc. No. 15702) was set for hearing on September 23, 2008, and the Court issued an Order on September 24, 2008, specifically in regards to the motion filed by Herman, Herman, Katz & Cotlar, LLP, on behalf of certain claimants it represents, that ordered medical providers to produce records or show cause why they should not be held in contempt and fined $1000 per day for every day after October 17, 2008, until such records are produced.  Similar motions by other plaintiffs' counsel have also been filed and another motion

was filed by Herman, Herman, Katz & Cotlar, LLP, on December 5, 2008.  Medical records continue to be received from providers.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1, et seq.  By Order entered February 11, 2009, the Court granted the motion.  U.S. Bank has recently requested an amendment to the Escrow Agreement and the parties reported that they have agreed on the amendment.  The Court will issue a separate order approving the amendment.

On March 3, 2009, the PSC and Merck filed a Joint Motion to Lift the Discovery Stay in Pre-Trial Order No. 20.  On March 20, 2009, Merck filed a supplement to the joint motion regarding the Court's consideration and potential implementation of that motion.  Certain parties have filed an opposition to the motion, requesting additional representation for certain types of cases.  The parties discussed the matter further at the status conference and the Court will issue a separate order resolving the motion.

II.  REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration.  At the status conference, BrownGreer, the Vioxx Claims Administrator, provided a detailed report on the status of the settlement program, the disbursement of interim payments, and the progress of the Extraordinary Injury Fund.  For anyone who was unable to attend the conference, copies of the Claims Administrator's full report are available on BrownGreer's website at http://www.browngreer.com/vioxxsettlement. The report may be accessed by clicking on the button labeled "MDL Status Conference Reports" on the left-hand

side of the screen. All of the statistics and information provided to the Court at the status conference are available in this report. The Court appreciates BrownGreer's efforts in making this information both publicly available and easily accessible.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, urging primary counsel to check the secure web portal daily.

On March 25, 2009, Merck filed six Motions for Orders to Show Cause concerning certain claimants who have failed to comply fully with the enrollment requirements of the Master Settlement Agreement. The motions were heard by the Court on April 15, 2009. At that time, the motions were withdrawn as to claimants who had cured deficiencies, were deferred until April 29, 2009, as to claimants who had pending cures, and were deferred until May 8, 2009 as to certain claimants with special circumstances. Additionally, the motions were granted as to numerous non-compliant claimants and their cases were dismissed with prejudice. The deferred matters were heard on April 29, 2009, and May 8, 2009. At that time, the motions were withdrawn as to claimants who had cured deficiencies and were deferred a final time, until May 29, 2009, as to certain claimants who had pending cures and/or special circumstances. The Court will issue a separate order resolving the motions.

III.   LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement

Agreement.  On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans.  The Lien Administrator reported that it has agreements in place to deal with statutory liens on all ischemic stroke claims.  The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the PSC and certain third party payor counsel was reached on January 15, 2009, to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.  Counsel or claimants with questions about the settlement may call the Lien Administrator's Toll-Free Hotline at 1-877-774-1130 to speak with a representative regarding private lien resolution questions.  At the status conference, the parties reported on the progress of the private lien resolution program.

IV.     SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.

V.      STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through June 30, 2009.

VI.     CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed.  By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m. why those cases should not be dismissed. By order dated May 5, 2009, the Court dismissed without prejudice the cases on the show cause order.  This Order renders moot Defendants' Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and Defendants' Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint–both of which had been briefed and submitted to the Court.  It does not affect Defendants' Rule 12 Motion to Dismiss the Purchase Claims, which has been briefed and submitted to the Court.

VII.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues.  The State Liaison Committee submitted to the Court an electronic database of all current motions to remand.  The State Liaison Committee further reported on extensive initial work in coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.  The Court has met with counsel in the government cases as well as counsel for various third-party payor cases.  Counsel for all parties

continue to exchange information concerning discovery and selection of cases.

VIII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in Section I above.  Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement.  Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants.  The Pro Se Curator filed a status report and advised the Court as to the efforts his office has undertaken in addressing the concerns of several pro se plaintiffs who have contacted the curator's office.

IX.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of access to the PSC trial packages.  The trial packages have previously been presented to the Court for review.

X.   THIRD PARTY PAYOR CASES

On April 14, 2009, the Court entered Pre-Trial Order No. 38, which governs and sets deadlines for third party payor cases.

On April 21, 2009, Merck propounded a First Set of Interrogatories and a First Set of Requests for Production of Documents to Bellwether, third party payor plaintiffs, pursuant to

PTO 38.  On May 14, 2009, Bellwether Third Party Plaintiffs propounded a Master Set of Interrogatories and Requests for Production to Merck.  The parties have not yet responded to the discovery.  On May 19, 2009, the Court issued Pre-Trial Order No. 41, relative to appointment of a Bellwether Trial Committee for the private third party payor cases.  At the monthly status conference, the parties discussed the status of these cases and the progress of discovery.

XI.   GOVERNMENT ACTIONS

On April 30, 2009, the Court issued Pre-Trial Order No. 39, regarding a Case Management Schedule for Government Actions.  Plaintiffs in the Government Actions reported that they have discussed the creation of an organizational structure but have not yet reached a final agreement.  The Court urged the parties to reach agreement and stressed the importance of developing an organizational structure to move forward with these cases.

Plaintiffs and Merck reported that they have exchanged drafts of initial discovery and have had numerous telephonic discussions and a meet and confer, face-to-face, on May 21, 2009, to discuss various discovery issues.  The parties also conducted an additional meet and confer on May 28, 2009.  Although PTO 39 establishes that discovery will be exchanged on June 1, 2009, the parties have agreed to extend the date for exchange of discovery to a date prior to June 5, 2009.  The State of Louisiana's Amended Complain was accepted for filing on May 15, 2009; the parties reported that they have agreed to extend the due date for Merck's response to June 9, 2009.

At the status conference, the Court stressed the importance of developing an organizational structure for the Government Actions, similar to what the parties have already established in the private third-party payor cases.  *See* Pre-Trial Order No. 41.  Several counsel

in the Government Actions indicated to the Court that they were close to reaching such an agreement and advised the Court that they would provide a status update as to their progress within one week of the conference.

XII. DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION WITH THIRD PARTY PAYOR AND GOVERNMENT ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A.  On February 17, 2009, the Court issued Pre-Trial Order No. 13B.  Both orders relate to the confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions.  Additionally, on May 19, 2009, the Court entered Pre-Trial Order No. 13C, which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No.19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).  The parties discussed the motion at the status conference.  The Court has reserved ruling on the motion.

XIII. PENDING PERSONAL INJURY CASES IN WHICH *LONE PINE* EXPERT REPORTS HAVE BEEN ISSUED

On April 28, 2009, the Court held a Case Management Conference with counsel for a number of personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program that have served *Lone Pine* expert reports.  On April 28, 2009, the Court issued an Order appointing Ann Oldfather to serve as Liaison Counsel for plaintiffs in these cases and Doug Marvin to serve as Liaison Counsel for defendant.  The Court also scheduled an additional

status conference with Liaison Counsel on May 14, 2009. The conference was postponed, however, to afford counsel additional time to collect information.

## XIV. THIRD PARTY PAYOR'S MOTIONS

On May 19, 2009, the Court issued Pre-Trial Order No. 40, which approved the Settlement negotiated with Third Party Payor Counsel to establish a Private Lien Resolution Program for eligible claimants and to undertake a confidential audit.

## XV. MERCK'S MOTIONS AND RULES ON PTO 28 NON-COMPLIANCE

Since September, 2008, Merck has filed six motions, rules, and incorporated memoranda to show cause why cases should not be dismissed with prejudice for failure to comply with the Lone Pine requirements of PTO 28. Immediately following the monthly status conference on May 29, 2009, the Court heard certain matters that were deferred from the previously filed Lone Pine motions. The Court will issue separate orders resolving the motions.

## XVI. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons and grounds for their request for common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party

who objected to the motion to file a Notice of Objection and serve it on Plaintiff's Liaison Counsel on or before May 8, 2009.  Shortly thereafter, the Court will convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing, and argument.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted the motion and extended the deadline until further order.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  The PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, unnecessary, and that if the Court determined that discovery was appropriate, then a scheduling order would be necessary. On February 27, 2009, the PLC filed a response in opposition to the motion. The Court reserved ruling on the motion pending receipt of notices of objection, the deadline for submission of which was May 8, 2009.  The Court discussed the motion at the monthly status conference and will issue a separate order on the matter.

## XVII. MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement program at 32% plus reasonable costs.  The Order and Reasons are posted on the Court's website at http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of the Court's Order Capping

11

Contingent Fees and Alternatively for Entry of Judgment. The Court appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose settlement awards will be affected by the Court's Capping Order. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for a writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment Order pending further proceedings. On January 23, 2009, the Fifth Circuit denied the petition for writ of mandamus and stay. On January 30, 2009, the Court issued an Order advising that in the near future, the Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a schedule for briefing and argument to address the Motion to Reconsider. The Court further ordered that the Vioxx Litigation Consortium forward a copy of the Court's January 30, 2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order, on January 31, 2009, counsel for the VLC filed an affidavit stating that the VLC had complied the Court's order.

By Order entered February 26, 2009, the Court established a scheduling order for briefing on the Vioxx Litigation Consortium's Motion for Reconsideration and set the matter for oral argument on April 7, 2009, at 9:00 a.m. On March 17, 2009, the Clinic filed its opposition to the Vioxx Litigation Consortium's memorandum in reply and supplementation is due by March 31, 2009. The motion came on for hearing on April 7, 2009, with oral argument. The Court has taken the matter under submission.

XVIII. <u>MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE</u>

On May 7, 2009, Merck filed its Fourth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice for Failure to Comply with the

Lone Pine Requirements of PTO 29. The motion is set for hearing on June 10, 2009, at 9:00 a.m.

## XIX. MERCK'S MOTION ON PTO 31 NON-COMPLIANCE

On March 2, 2009, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice for Material Non-Compliance with the Registration Requirements of PTO 31. The motion was originally set for hearing on March 27, 2009. Pursuant to agreement of the parties, the motion was deferred. The Court will issue a separate order resolving the motion.

## XX. OTHER MOTIONS

On February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, counsel for Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ronald Benjamin filed a Motion for Issuance of a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009, and filed an opposition to the Bethea motion on April 24, 2009. The matters were set for hearing on the briefs following the monthly status conference. The Court will issue a separate order resolving the motions.

## XXI. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Wednesday, June 24, 2009, at 9:00 a.m., central time. Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 12996559 and the Chairperson will be Judge Fallon.