FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUN -1 PM 3: 39

LORETTA G. WHYTE
CLERK

James D. Schneller         pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                    MDL DOCKET NO. 1657

    Products Liability Litigation

                                          SECTION : L

This Document Relates to:

                                          JUDGE FALLON
                                          MAG. JUDGE KNOWLES

    05 - cv - 5382

## MOTION TO FILE ANSWER TO MOTION TO DISMISS AND FOR EXTENSION OF TIME IN WHICH TO FILE PLAINTIFFS' EXPERT REPORT

    James D. Schneller, plaintiff, representing himself, on behalf of plaintiffs, moves the court for leave to answer the defendant's motion to dismiss after a delay, and for an extension of time within which to submit an expert report pursuant to Pretrial Order No. 28 regarding acts required of all claimants in this MDL..

    1)   Plaintiffs, pursuant to pretrial Order 28 in section II.A.8 were required to serve on defendant by July 1, 2008 a Rule 26(a)(2) case specific expert report attesting to a reasonable medical probability of causation by defendant's drug and certain other specific findings and attestations. This deadline was universally extended by the Court to August 1, 2008.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2) Defendant has included plaintiffs' case as worthy of dismissal in their seventh motion for rule based on Lone Pine requirements of pretrial Order No. 28.

3) According to defendant's motion the Court has entered a rule to show cause requiring plaintiffs to notify the pro se curator of their intent to pursue this claim, and to produce an expert report as required in pretrial Order No. 28 by May 29, 2009, or see the case dismissed.

4) Sole living plaintiff James D. Schneller ("plaintiff") was expressly granted an extension of time by defendant until May 27, 2009, to serve the required expert report.

5) Plaintiff left two messages in May 2009 with the pro se curator noting that the case is continuing and asking assistance with finding an expert who could assist with the expert report.

6) Plaintiff upon receipt of service of defendant's motion to dismiss, telephoned defendant's liaison counsel to inform them of the pending motion for extension of time and the extension of time granted by defendant. Defendant responded that the motion to dismiss would be adjusted so as to omit plaintiffs as a respondent.

7) Defendants have not filed any retraction or amendment of the motion to dismiss,

8) There is no non-compliance by plaintiffs except for the delay past the 14 day required time for filing an answer, because the Court's Order to Show Cause signed on April 27, 2009 has not been served on plaintiffs by the clerk.

9) Plaintiffs filed a motion for extension of time to submit their expert report, at least thirty (30) days before the August 1, 2008 deadline that was set for plaintiffs whose names start with M through Z for such filing.

10) Plaintiffs' inability to submit the expert report, rather than hinging on validity of this claim, is solely a function of plaintiffs' circumstances, the milieu of the Vioxx MDL, and the fact that plaintiff represents himself. These were the circumstances when plaintiffs filed their motion for extension of time in June of 2008.

11) Plaintiffs have met with overt refusal or inaction as to their subpoenas and demands for records and certifications of completeness of said records, and intend to file motions to compel compliance with pretrial Order Nos. 28 at the earliest opportunity.

12) Plaintiffs are only in possession of the records of the hospital treatment of the Vioxx victim because of their earlier diligence in a case in Montgomery County Pennsylvania which resulted in a Court order to produce said records. Otherwise, these records, which were produced for defendant in a timely manner at the time of service of the first PPFs, would to plaintiffs' belief, still not be in the possession of plaintiffs, much like those of other providers, many of them represented by the same firms.

13) Plaintiff James Schneller has claimed in his motion for extension of time that he is an impoverishee and an obstructed litigant and that this intentionally inflicted state of being obstructs his ability to find and finance an expert's services. This, further, infringes continually on time and resources needed to compile data and documentation and at the same time to litigate additional cases which unfortunately, and urgently, cry out for nurturing.

14) Plaintiffs have requested an agreeing to an extension of time from defendant.

15) Because defendant granted a case-specific extension of time to plaintiffs, added cause exists for extension of time, whether by defendant's agreement or by the Court, because the circumstances of the case warrant good faith acts to prevent injustice and see the case to a full and fair adjudication.

16) Plaintiffs have met with expert obstruction and fraud in their other litigation and must proceed with caution.

17) Plaintiffs case meets the threshold requirements of validity and unfrivolousness by the record as it exists today. The record and facility records, which are possessed by the defendant, show that Vioxx was prescribed, purchased, and ingested daily for at least 16 months by the victim, and that the discharge notes from the hospital stay of the victim state a diagnosis of myocardial infarction. Those hospital records are arguably certified pursuant to pretrial Order No. 28 and, as stated above, were served on plaintiffs pursuant to Court order in Montgomery, PA, Court of Common Pleas in case No. 04-06045.

18) Plaintiff is encountering a lack of cooperation by potential experts that is pronounced, even taking into account his pro se status. Plaintiff at the same time persists and is convinced that he will obtain a report, and will arrange expert testimony for trial in a typical time frame.

19) Plaintiffs have acted diligently in discovery also by working out means for providing the required authorizations for release of information, offering additional assistance to defendant where needed, and ironing out issues of a HIPAA nature with third parties where possible.

20) Defendant's service of the motion is insufficient, and the insufficient notice must be remedied. The certificate of service states only service by uploading to File and Serve, but File and Serve has not permitted pro se parties to register with them for the duration of this MDL. Equally insufficient is the fact that many parties, being in the category of pending motions to withdraw as attorney, and/or as parties who have failed to comply, may be out of touch with their former or inactive attorney, or debilitating circumstances may have affected them or their attorney, and so may not be notified of the motion. In these cases the motion must be served on the plaintiff, in addition to their attorney.

21) Defendant has not provided a service list with their certificate of service. Because File and Serve has not ever permitted non attorney parties to register, unrepresented, self represented, parties have no way of serving answers to the motion without gleaning each mailing address from the Pacer docket access, which is greatly prejudicing to them. This, further, is prejudicing to their ability to meet and discuss their cases with other self-represented plaintiffs, which is a deprival of due process and of fairness, access to remedy for injury, and access to the Court.

22) As a matter of law, unequal treatment results from the Rule to show cause, because unrepresented parties are not granted additional time to submit an expert report beyond the deadline, whereas parties who have attained new or rejuvenated counsel are ordered only to file an appearance or provide the name of the attorney within the same deadline.

23) Plaintiff incorporates the first-filed motion for extension of time filed in June of 2008 and reprints said motion as follows, changing only the paragraph numbers.

24) Plaintiffs have been delayed by a set of unpreventable factors which have caused substantial delay. and request that such reasons be found good cause for delay in complying with the requirement of said section.

25) Plaintiffs in support of the Courts' grant of extension of time claim:

26) That fiduciaries of the estates of the deceased, namely Marjorie Zitomer, G. Richard Schneller, T. Sergeant Pepper Esquire, and Hepburn Wilcox Hamilton & Putnam LLP, who are appellees in a concurrent action, have inflicted intentional eviction and impoverishment upon plaintiff, implemented for the purpose of obstructing, retaliating against, and intimidating plaintiff, in regard to this case, and other cases.

27) Plaintiff James Schneller ("plaintiff") contested said acts in the Orphan's Court of Chester County Pennsylvania. Appeal of various decisions of that Court has now culminated in denial of a petition for allowance of appeal to the Supreme Court of Pennsylvania, from quashal by the Superior Court of Pennsylvania: 143 MM 2007 denied June 3, 2008 from 1157 EDA 2006 quashed May 22, 2007. [Plaintiff's petition for writ of certiorari to the United States Supreme Court No. 08-6912 from said denial was denied and rehearing denied on May 7, 2009 ].

28) Plaintiff has testified and argued in those and related proceedings to his belief that wrongful use of proceedings, abuse of process, depletion, and many other torts were fraudulently inflicted upon him and the deceased, and their estates and trusts, in an extraordinary amount of error, including the absence of an indispensible party, the appointed corporate trustee, and also filed suit : Chester County No. 03-05641, now Chester County No. 07-05040. Said harms are claimed to have intentionally created an express obstruction of justice to plaintiffs' litigation and have deprived plaintiff of capital necessary for the production of expert reports. Despite worthy litigation by unrepresented plaintiff, the said Orphan's Court refused, despite subsequent submission of convincing and overwhelming evidence, to free the trusts and estates from the violating clutch of the defendants. Unlawful and unconstitutional obstruction, retaliation, and intimidation pervaded the trust estates. Said policy was then adopted by the court-appointed unofficial trustee, and continues up to present. A strong facet of ineffective counsel and collaboration of counsel was present in said proceedings.

29) Plaintiffs intend to file a new request to said Court for an Order directing the trustee to provide expert fees to plaintiffs, which, as before, in a motion to the same effect which was denied, is supported abundantly by the terms of the deeds of trust which, briefly stated, encourage preservation and enhancement of the principal, rather than the personal goals of the former trustee, who has renounced..

30) Plaintiffs have established in the Pennsylvania Courts the verity of their finite and ongoing complaints which regarding medical services given the deceased, and the fact that the harms were severe.

31) Plaintiff is hampered in his efforts to retain counsel in any of his actions because of the new professional liability rules promulgated in Pennsylvania in 2001 Pa.R.C.P. 1042.1 et seq, , the age of the victim, the contentious estate litigation, and by the very volume of harm, which in it's magnitude and scope causes an expensive and complex litigation.

32) The said intentional, retaliatory, and obstructive witholding of funds bequeathed to plaintiff, and of direct outlays from the estate principal, has prevented the availability of expert review that is necessary in this action.

33) Plaintiff suffered debilitating illness as a result of the acts of all defendants, and such affects him as plaintiff and as representative.

34) The defense attorneys in the actions filed by plaintiffs, as time has shown plaintiff to be unswerving, have pooled their resources and strategies and filed dozens of pleadings, up to present, in order to infringe upon and deplete plaintiff's limited resources. This, along with a policy of alleging false matter, has led to unfavorable decisions in error, leading to numerous and expensive appeals, with reproduced records often exceeding 500 pages.

35) The above activities have directly caused plaintiffs' inability to submit an expert report, because he cannot afford the costs of an experts' time for meaningful review of the records. Plaintiffs' inability to conform is a direct result of the actions of the defendants. Had the deceased lived up to present or grown ill and passed away without the tortious acts complained of in this case, issues as to fees for expert review would not exist.

36) Plaintiff despite the above, again approached the trust with a request for the fee for an expert report in this case. Plaintiff's trustee, for the first time, and in a surprise to plaintiff, recently stated that they will provide an expert fee for this case only.

37) Plaintiffs, rather than having familiar experts at their disposal as might an attorney or firm, must proceed judiciously. Plaintiff lives a subsistence lifestyle and is prepared to submit voluminous proof that he has no cash nor convertible assets.

38) Plaintiffs have consistently conformed with the orders of the court and schedules directed therein and have consistently complied with requests by defendants regarding compliance with said orders.

39) Plaintiff was and is delayed in negotiations with experts by difficulties in locating experts who have time, who are in an appropriate geographical region, for the pertinent scope requested by plaintiff, and by negotiations for costs for said review, and terms of agreements. Further, experts are repelled and/or costs are multiplied in such deliberations by plaintiff's circumstances including the large size of the medical record in this case, and plaintiff's lack of counsel.

40) Plaintiffs have this month tentatively submitted their records and a request for preliminary review, with intent to request a case specific expert report, to a Pennsylvania cardiologist who is a practicing licensed cardiologist for at least five (5) years up to present.

41) [Plaintiffs attach] The discharge report pertaining to Marjorie C. Schneller's treatment, [which] states on page 1, at items 1 and 15, that Marjorie C. Schneller was treated for myocardial infarction during hospitalization. Said hospitalization has been sworn by plaintiff to have occurred during the 18th month of Vioxx ingestion. Plaintiffs' pharmaceutical records have been obtained in part by defendants, and in part by plaintiffs, and plaintiff is otherwise in possession of substantial additional evidence of successive refills, and daily imbibing of the defendants drug, for the duration of said eighteen (18) months.

## Conclusion

42) Today is the day falling eleven (11) months from the day on which plaintiffs filed their request for additional time of one hundred and twenty days.

43) In Pennsylvania state law, filing of a motion for extension of time for certificate of merit, that being the threshold expert certification requirement, which was enabled to prevent unfounded professional liability suits, causes an indefinite period during which "There are no restrictions on the number of Orders that a Court may enter extending the [60 days'] time for

filing a certificate of merit . . . " Official Note to <u>Pa.R.C.P. 1042.3 (d)</u> [content added reflects <u>Pa.R.C.P. 1042.3(d)</u>]

44) Plaintiff is convinced on the basis of experience that his persistence during an additional short time will result in the attaining of an expert report that will fully comply with pretrial Order No. 28.

WHEREFORE, plaintiffs respectfully request the Court's Order striking plaintiffs and plaintiffs' case No. 05-5382 from defendant's seventh motion for rule and dismissal.

WHEREFORE, plaintiffs respectfully request the Court to extend by ninety (90) days from today, the time within which plaintiffs must submit the pretrial expert report against the defendants in this action, under Pretrial Order 28.

I, James Schneller, solemnly affirm and attest that the statements made in this motion are true and correct. I understand that false statements herein are made subject to penalty of perjury.

_/s/ James D. Schneller_                                                                     Date: May 27, 2009
James D. Schneller           pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087       610-688-9471

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                                             :        MDL DOCKET NO. 1657

PRODUCTS LIABILITY LITIGATION
                                                                                    :

James D. Schneller, Trustee ad Litem for the                 Civil Action No.  05 - 5382
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al   :
                              plaintiffs
v.

Merck & Company, Inc.,      defendant                        :


CERTIFICATE OF SERVICE


    I, James D. Schneller, hereby certify that I served a true and correct copy of the within Motion upon the following, by electronic mail, as follows:
:
Phillip Wittmann Esquire
Dorothy Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet St.
New Orleans, LA 70130
dwimberly@stonepigman.com

John Poulos Esquire
Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302
poulos@hugheshubbard.com

M. Elaine Horn, Esquire
Williams & Connolly, LLP
725 Twelfth St., NW
Washington, DC 20005
ehorn@wc.com

Russ Herman Esquire
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA  70170
rherman@hhkc.com


Mrs. Susan Giamportone Esquire
Womble Carlyle Sandridge & Rice PLLC
2530 Meridian Parkway, Suite 400 (Durham), 27713, P.O. Box 13069
Research Triangle Park, North Carolina 27709
sgiamportone@wcsr.com

Joshua G. Schiller Esquire
Dechert LLP
1717 Arch Street   Ste. 4000
Philadelphia, PA 19103
Joshua.schiller@dechert.com

Gregory L. Kallett Esquire
Eckert Seamans Cherin & Mellott LLC
1818 Market Street   13th Floor
Philadelphia, PA 19103
gkallet@eckertseamans.com

Arnold Levin
Levin, Fishbein, Sedrad & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3875
alevin@lfsblaw.com

Thomas R. Kline
Kline & Specter, PC
1525 Locust St., Suite 1900
Philadelphia, PA 19102
tom.kline@klinespecter.com

Andy D. Birchfield, Jr.
Beasley, Allen, Crow, Methvin, Portis &  Miles, PC
Post Office Box 4160
Montgomery, AL 36103
andy.birchfield@beasleyallen.com

Richard J. Arsenault
Neblett Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71309-1190
rarsenault@nbalawfirm.com

Goforth & Lewis, LLP
1111 Bagby, Suite 2200
Houston, TX 77002
Shellysanford@goforthlewis.com

Troy A. Rafferty
Levin, Papantonio
P.O. Box 12308
Pensacola, FL 32591
trafferty@levinlaw.com

Mark P. Robinson, Jr.
Robinson, Calcagnie & Robinson
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660
mrobinson@rcrlaw.net

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
cseeger@seegerweiss.com

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 30th Floor
San Francisco, CA 94111
ecabraser@lchb.com

Gerald E. Meunier
Gainsburgh, Benjamin, Davis, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
gmeunier@gainsben.com

Drew Ranier
Ranier Gayle & Elliot
1419 Ryan St.
Lake Charles, LA 70601
dranier@rgelaw.com

Christopher V. Tisi
Ashcraft & Gerel, LLP
2000 L St. NW, Suite 400
Washington, DC 20036
Cvtisi@aol.com

John H. Beisner
O'Melveny & Meyers LLP
1625 Eye St.
Washington, DC 20006
jbeisner@omm.com

Richard C. Stanley
Stanley, Flanagan & Reuter, LLC
909 Poydras St., Suite 2500
New Orleans, LA 70112
rcs@sfr-lawfirm.com


*/s/ James D. Schneller*
James D. Schneller

Date:   May 27, 2009

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX

PRODUCTS LIABILITY LITIGATION  :  MDL DOCKET NO. 1657

James D. Schneller, Trustee ad Litem for the

Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al   THIS RELATES TO :
                  plaintiffs     :
v.   U.S.D.C. E.D.La. Civil Action No. 05 - 5382

Merck & Company, Inc.,     defendant

CERTIFICATE OF SERVICE of PTO 28 SUPPLEMENT
TO PLAINTIFF'S PROFILE FORM

    I, James D. Schneller, hereby certify that I served a true and correct copy of the plaintiffs' supplement to plaintiffs profile form and exhibits A to L upon the following, by electronic mail :

Michael P. McIlhinney Esquire
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
michael.mcilhinney@dechert.com

John Poulos Esquire
Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302
poulos@hugheshubbard.com

M. Elaine Horn, Esquire
Williams & Connolly, LLP
725 Twelfth St., NW
Washington, DC 20005
ehorn@wc.com

and by
USPS mail

- 11 -

Russ Herman Esquire
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA   70170
rherman@hhkc.com

Dorothy Wimberly
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130
dwimberly@stonepigman.com

Mrs. Susan Giamportone Esquire
Womble Carlyle Sandridge & Rice PLLC
2530 Meridian Parkway, Suite 400 (Durham), 27713, P.O. Box 13069
Research Triangle Park, North Carolina 27709
sgiamportone@wcsr.com

Joshua G. Schiller Esquire
Dechert LLP
1717 Arch Street   Ste. 4000
Philadelphia, PA 19103
Joshua.schiller@dechert.com

Marjorie Zitomer, executrix of the estate of Marjorie C. Schneller
c/o Gregory L. Kallett Esquire
Eckert Seamans Cherin & Mellott LLC
1818 Market Street   13th Floor
Philadelphia, PA 19103
gkallet@eckertseamans.com


_____ James D. Schneller         Date:   May 28, 2009
               pro se

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:   VIOXX

Products Liability Litigation

This Document Relates to:

05 - cv - 5382

MDL DOCKET NO. 1657

SECTION : L

JUDGE FALLON
MAG. JUDGE KNOWLES

## NOTICE OF MOTION

TO:   Joshua Schiller Esquire, Phillip A. Wittmann Esquire

PLEASE TAKE NOTICE that I will apply to the above named Court, Judge Eldon E. Fallon presiding, at 500 Poydras Street, New Orleans, LA 70130, on June 17, 2009, at 9:00 A.M, for an Order which grants plaintiff leave to answer defendant's seventh motion to dismiss and for an extension of time to file an expert report as required under PTO 28.

_James Schneller_   pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471

Dated:  May 27, 2009

- 2 -