IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | MDL DOCKET NO. 1657 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | SECTION L |
| | * | |
| *Gladys Amadis Rosario, et al v. Merck and Co, Inc.;* and | * | JUDGE FALLON |
| | * | |
| *Rogelio Adames de La Rosa, et al vs. Merck and Co., Inc.;* and | * | |
| | * | |
| *Walter Bell, et al vs. Merck and Co., Inc.;* and | * | **MAG. JUDGE KNOWLES** |
| | * | |
| *Ramon Alvarado, et al v. Merck and Co., Inc.,* ; and | * | |
| | * | |
| *Jose Acevedo, et al v. Mercka nd Co., Inc.* | * | |

## MOTION FOR SPECIAL CONSIDERATION: EXPEDITED RELIEF FROM LIEN

COME NOW the Plaintiffs relative to the cases listed in the above captioned cause and files this their *Motion for Special Consideration: Expedited Relief From Lien* and state as follows:

1. Plaintiffs are represented by Primary Counsel E. Kirk Wood and Secondary Counsel Eric Quetglas and Archie C. Lamb, Jr.

2. Co-Counsel Archie Lamb and his firm is involved in a contractual dispute with a financing company (Counsel Finance) that involves complex issues associated with the financing of his entire practice.

3. Attorneys Wood and Quetglas have no relationship of any kind with Counsel Finance nor any knowledge of Counsel Finance and its issues with Attorney Lamb.

4. Plaintiffs have no relationship of any kind with Counsel Finance or any knowledge of Counsel Finance and its issues with Attorney Lamb.

5. Without contact or discussion with Attorneys Quetglas or Wood, Counsel Finance and its attorneys have asserted by letter to the Claims Administrator, a non-judicial notice of lien that appears to claim *any and all settlement funds* due to be paid to all Plaintiffs and directing those funds to be paid to Counsel Finance. *See Exhibit A: Counsel Finance Letter*

6. This letter has resulted in a hold on payments scheduled to be made to claimant Adela Rodriguez Alier on June 23, 2009 and the removal of said Plaintiff from the payment list for the June payment. *See Exhibit B (Notice of Point Award).*

7. This letter also puts a hold on any and all payments scheduled to be made in the future for all of the plaintiffs listed in the caption above that may be granted a Points Award.

8. A timely objection has been made to the Notice of Lien in the Counsel Finance Letter noted above with a corresponding review by the Claims Administrator to be completed within 30 days. *See Exhibit C: Objection to Lien.*

9. To remove Plaintiffs from the June payment list, or any Plaintiffs who may be granted a Points Award in the future, is unfair and unreasonable as even if a lien is proven in the Claims Administrator review process, the only funds that could be due and owing to Counsel Finance would be funds due to be paid to Attorney

Lamb as fees.

10. Primary Counsel will hold in trust any fees due to Mr. Lamb until such time as the issues associated with the putative lien is resolved or direction from the appropriate judicial authority as to the resolution of the lien is provided.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request this Honorable Court to enter an Order allowing payments to be made to the Plaintiff Adela Rodriguez-Alier as scheduled on the June 23rd, 2009 payment date. IT IS FURTHER requested that any Plaintiffs in the above referenced cases who may receive a Points Award in the future, that such Plaintiffs be paid in line with the regular payment schedule set forth by the Claims Administrator and be allowed to proceed through the normal process without interruption.

Dated this 5th day of June, 2009.

Respectfully submitted,

/s/ E. Kirk Wood, Esq.

E. KIRK WOOD, ESQ.
Wood Law Firm, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Direct Dial: 205-612-0243
Telecopy: 866-747-3905
Ekirkwood1@cs.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with te procedures established in MDL 1657, on this 5th day of June, 2009.

/s/ E. Kirk Wood, Esq.
E. KIRK WOOD, ESQ.
Wood Law Firm, LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Direct Dial: 205-612-0243
Telecopy: 866-747-3905
Ekirkwood1@cs.com



**Haskell | Slaughter**
attorneys at law

R. Scott Williams
Direct Dial: 205.254.1435
rsw@hsy.com

Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
t. 205.251.1000 | f. 205.324.1133

May 4, 2009

**VIA OVERNIGHT MAIL AND FACSIMILE**

Scott Monroe, Esq.
Senior Counsel
BrownGreer PLC
Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, Virigina 23219-4209

Re: The Lamb Firm, LLC – Vioxx Cases

Dear Mr. Monroe:

Please be advised that Counsel Financial Services, LLC ("CFS") is the secured lender to The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. Pursuant to a certain Security Agreement entered into between CFS and The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. dated April 25, 2008 (the "Security Agreement"), The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. have granted to CFS a security interest of all of The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq.'s accounts and accounts receivable, (including the above case) which interest CFS has duly perfected.

In accordance with the Security Agreement and U.C.C. §9-607(a), upon an event of default by The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq., CFS may notify each person (including, but not limited to, any account debtor) obligated with respect to any of the accounts or accounts receivable subject to CFS's security interest and direct such person to make each payment with respect thereto directly and solely to CFS.

This letter constitutes notice to you that an event of default has occurred under the Security Agreement and CFS is exercising its right to direct payment of The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq.'s accounts to CFS. Accordingly, until further notice, please remit all amounts due The Lamb Firm, LLC and Archie C. Lamb, Jr., Esq. to CFS at the following address:

Counsel Financial Services, LLC
6400 Main Street, Suite 120
Williamsville, New York 14221

www.hsy.com


PLAINTIFF'S EXHIBIT A

Scott Monroe, Esq.
May 4, 2009
Page Two

    Please be advised that the remittance of future account payments directly to The Lamb Firm, LLC and/or Archie C. Lamb, Jr., Esq. will NOT relieve you of the obligation to remit payments to CFS hereunder, and WILL result in an action against you by CFS to recover the improperly remitted payment in accordance with *Manufacturers and Traders Trust Co. v. Pro-Mation, Inc.*, 115 A.D.2d 976, 497 N.Y.S.2d 541 (N.Y.A.D. 4 Dept., 1985).

    Thank you for your anticipated cooperation in this matter. Please contact the undersigned if you have any questions concerning this notice.

Very truly yours,

R. Scott Williams

RSW/va

cc:   Mr. Archie C. Lamb, Jr., Esq.
       The Lamb Firm, LLC
       2900 First Avenue
       Birmingham, Alabama 35233

3192942_1.DOC

*Confidential Information*

| V2046 | NOTICE OF POINTS AWARD<br>Date of Notice: 5/11/09<br>Deadline for Noting an Appeal: 5/26/09<br>Deadline for the Submission of Documents in Support of Appeal: 6/10/09 | |
|---|---|---|

## I. IDENTIFYING INFORMATION

| Claimant Name | Rodriguez-Alier, Adela | Social Security Number | 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 |
|---|---|---|---|
| Law Firm | Lamb Firm, LLC, The | | |
| VCN Number | 1051137 | Enrollment Status: IP Enrolled | First Confirmed Vioxx Use: 7/31/01 |

## II. TOTAL POINTS CALCULATION

### A. BASIS POINTS

| 1. | Qualifying Event/Level | Injury Type: IS | Injury Level: 5 | Date of Event: 4/22/03 |
|---|---|---|---|---|
| 2. | Age at Event | 80 years or older | | |
| 3. | Overall Duration of Vioxx Use | >30M | | |
| 4. | **Basis Points** | | | 21.88 |

### B. LABEL AND CONSISTENCY ADJUSTMENTS

| 5. | Label | | 0 % | |
|---|---|---|---|---|
| 6. | Consistency | | +20 % | |
| 7. | Adjustment Total % | | +20 % | |
| 8. | **Subtotal Points** | (Row 4 x Row 7) | | 26.26 |

### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | High Cholesterol | Controlled | - 10 % | 23.63 |
| 10. | Hypertension | Controlled | - 30 % | 16.54 |
| 11. | Prior Atrial Fibrillation or Heart Failure | Atrial Fibrillation | - 40 % | 9.92 |
| 12. | **TOTAL POINTS** | | | 9.92 |

## III. POINTS AWARD DETERMINATION

This Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. This Points Award determination is subject to (i) appeal as set forth in Section 3.2.4 of the Settlement Agreement; (ii) acceptance of a Fixed Payment if the total Points award is less than ten points for a MI-related injury or less than two points for an IS-related injury; and (iii) quality control and audit procedures pursuant to Article 10 of the Settlement Agreement, but otherwise shall be non-Appealable, final, and binding on the claimant.

## IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Points Award, select the button "Accept Points Award. Will Not Appeal." Acceptance of this Points Award will place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment. **Your Acceptance of this Notice of Points Award shall be final and binding.**

EXHIBIT B

V2046v1

VIOXX CLAIMS ADMINISTRATOR
BROWNGREER ‖ PLC

| V2038 | NOTICE OF ATTEMPTED LIEN |
|---|---|
| | (Date of Notice: 5/5/2009) |

11. Check here if this attempted Lien is for an interest in the entire group of claims of the Primary Counsel identified in Question 8: ☐

12. Specify the amount claimed as to this Program Claimant or group of Claimants.
(If individual amounts are sought against a group of Claimants, indicate the amount as to each Claimant in the Excel list attached in response to Question 5.)

### C. NOTICE TO PRIMARY COUNSEL OR *PRO SE* CLAIMANT

Within 30 days from the date of this Notice, complete and return this Form to the Claims Administrator, stating:

☐ The Affected Claimant is participating in the Vioxx Private Lien Resolution Program, and this Lien will be resolved as part of that Program.

☐ No objection is made to the Lien or claim asserted by this Third Party Claimant and described in this Notice.

☒ Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this Notice.

WARNING: If no objection is timely made, the Claims Administrator will withhold from Settlement payments the amount claimed by the Third Party Claimant and will pay such amounts to the Third Party Claimant.

V2038v4
#344950v.4
9/8/08



PLAINTIFF'S EXHIBIT

UNITED STAES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                      )
     PRODUCT LIABILITY LITIGATION    )   MDL NO. 1657
                                        )
                                        )   SECTION: L
                                        )
                                        )   JUDGE FALLON
                                        )   MAG. JUDGE KNOWLES

_____/

**This document relates to:**
    05-6234, Amadis-Rosario, et al v. Merck & Co., Inc.
    05-6999, De La Rosa, et al v. Merck & Co., Inc.
    06-6998, Bell, et al v. Merck & Co., Inc.
    06-6997, Acevedo et al v. Merck & Co., Inc.
    06-7150, Alvarado et al v. Merck & Co., Inc.

## ORDER

Currently pending before the Court is Plaintiffs' Motion for Special Consideration: Expedited Relief From Lien (Rec. Doc. _____). The motion came on for hearing before the Court on _____, 2009, at _____ o'clock. Accordingly, IT IS ORDERED that the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Vioxx Claims Administrator proceed with distribution of interim payment to Adela Rodriguez-Alier who is scheduled to receive interim payment on June 23, 2009 as scheduled.

**IT IS FURTHER ORDERED** that any plaintiffs in the above captioned cases that receive Points Awards in the future be placed in line to proceed through the payment process without interruption.

**IT IS FURTHER ORDERED** that primary counsel hold in trust any fees subject to the lien at issue, and, if necessary, the Court will resolve the lien at a later date. Because this lien

deals solely with counsel's recovery, it is important that the lien not cause any further delays to the distribution of these claimants' settlement awards.

New Orleans, Louisiana, this ___ day of _____, 2009.

_____
UNITED STATES DISTRICT JUDGE