UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *All Claimants on attached Exhibit At* | * | KNOWLES |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY RIGHTS OF <u>CERTAIN TOLLING CLAIMANTS SHOULD NOT BE EXTINGUISHED</u>**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring claimants identified in the attached exhibit to show cause why any rights they may have under the June 9, 2005 Tolling Agreement ("Tolling Agreement") and the November 9, 2007 Master Settlement Agreement ("MSA" or "Agreement") should not be extinguished. In support of this motion, Merck states as follows:

1. On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in the MSA. By submitting an enrollment form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. See MSA § 1.2.4.

2. Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice, or otherwise unilaterally exit the Program. See MSA § 1.2.3.

3. The opportunity to enroll in the Settlement Program was extended to Eligible Claimants, as defined in the Agreement, including qualifying plaintiffs in lawsuits pending against Merck and claimants who executed a Tolling Agreement as referenced in the Notice of Filing of Tolling Agreement which was filed in the MDL Court on June 9, 2005 and amended pursuant to the Notice of Amendment to Tolling Agreement filed in the MDL Court on March 7, 2007. *See* M.S.A. § 1.2.1; § 17.1.22.

4. The claimants on the attached Exhibit A have not filed lawsuits against Merck. Rather, they have asserted, or purported to assert, rights under the Tolling Agreement. Furthermore, according to the records of the Claims Administrator, these claimants commenced the enrollment process and enrolled in the Resolution Program.

5. The Tolling Agreement was terminated on April 23, 2008 via a notification letter issued by Defense Liaison Counsel to Plaintiffs' Liaison Counsel. Under the terms of the Tolling Agreement, all claims ceased to be tolled as of August 21, 2008. Furthermore, Section 7.2 of the MSA provided for termination of the Tolling Agreement as to all Enrolled Program Claimants. However, Section 7.2 also provided an additional 60-day tolling period for all Enrolled Program Claimants who exit the Resolution under circumstances such that his Release is returned to him.

6. The Tolling Agreement also provides that "any dispute arising under this Agreement shall be submitted to the MDL court for resolution."

7. The MSA sets out a form release. *See* MSA Exhibit 1.2.2.3. As part of the enrollment process, claimants and derivative claimants must provide a notarized Release, and all Releases must be properly and fully executed. *See* MSA § 1.2.2.1. Although the claimants on

- 3 -

Exhibit A enrolled in the Resolution Program, they never provided a Release of any kind (whether deficient or otherwise).

8.      Although claimants on the attached exhibit have been provided ample opportunity to provide a Release, they failed to do so.  In short, these claimants have completely defaulted on their obligations under the MSA.

9.      In order to resolve any potential ambiguity as to the continued tolling status of these claimants, as well as their status in the Resolution Program, Merck requests that this Court enter an Order to show cause as to why any rights under the Tolling Agreement and Master Settlement Agreement should not be extinguished.

980473v.1

**CONCLUSION**

      For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause as set forth above.

Dated: June 9, 2009                    Respectfully submitted,

                                             */s/ Dorothy H. Wimberly*
                                             Phillip A. Wittmann, 13625
                                             Dorothy H. Wimberly, 18509
                                             STONE PIGMAN WALTHER WITTMANN L.L.C.
                                             546 Carondelet Street
                                             New Orleans, Louisiana 70130
                                             Phone: 504-581-3200
                                             Fax:   504-581-3361

                                             Defendants' Liaison Counsel

                                                   —and—

                                             Douglas R. Marvin
                                             Eva Petko Esber
                                             M. Elaine Horn
                                             WILLIAMS & CONNOLLY LLP
                                             725 Twelfth Street, N.W.
                                             Washington, D.C. 20005
                                             Phone: 202-434-5000
                                             Fax:   202-434-5029

                                             Attorneys for Merck & Co., Inc.

980473v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of June, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel