UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
|     Products Liability Litigation | * |
| | * |
| This Document Relates to: | *   MDL No. 1657 |
| | * |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | *   SECTION L |
|     CALDWELL, JR., Attorney General, | * |
| | *   JUDGE ELDON E. FALLON |
|               Plaintiff, | * |
| | *   MAGISTRATE JUDGE |
|   versus | *   KNOWLES |
| | * |
| MERCK & CO., INC., | * |
| | * |
|               Defendant. | * |
| | * |
| Case No. 05-3700. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

    Defendant Merck & Co., Inc. respectfully moves the Court to dismiss plaintiff's Second Amended Complaint.

    As set forth in the accompanying memorandum, plaintiff's claims should be dismissed for multiple reasons.

    *First*, plaintiff's Medicaid-related claims fail because the State lacked discretion under state and federal Medicaid law to deny payment for Vioxx. Thus, Merck's conduct could not have caused the State's alleged loss.

    *Second*, each of plaintiff's claims fails for other reasons as well.

- Plaintiff's *redhibition* claim fails because the State does not have standing to bring such an action. Specifically, the State is not a "buyer" of Vioxx as required under the statute, and plaintiff thus cannot allege a redhibition claim based on the

State's payments for the drug. Furthermore, the State lacks statutory authority to bring redhibition claims on behalf of Louisiana citizens based on their Vioxx purchases.

- Plaintiff's claim under the *Louisiana Unfair Trade Practices Act ("LUTPA")* fails for several reasons. First, plaintiff is neither a "consumer" nor a "business competitor," as required under the statute, and thus cannot bring a LUTPA claim. Second, plaintiff has not pled a viable theory of causation. Third, Louisiana's Product Liability Act ("LPLA") precludes LUTPA claims based on a theory of product liability, like the one here. And fourth, even if plaintiff's LUTPA claims were viable, it could not pursue statutory penalties because those penalties were added to the statute after Vioxx was withdrawn from the market and do not apply retroactively.

- Plaintiff's claim under the *New Jersey Consumer Fraud Act ("NJCFA")* fails because Louisiana law governs plaintiff's claims and the NJCFA thus does not apply. Even if New Jersey law applied, plaintiff's claim would still fail because New Jersey law bars NJCFA claims premised upon an alleged failure to warn about the risks of a product. In any event, plaintiff's cause of action would still fail because the State is not a "consumer" and did not engage in a "consumer transaction" protected by the statute.

- And plaintiff's *unjust enrichment* claim fails because: (1) it is barred by the same LPLA exclusivity provision that bars plaintiff's LUTPA claim; (2) the Attorney General lacks capacity to exercise *parens patriae* authority on an unjust enrichment claim; and (3) unjust enrichment is, in any event, not available where, as here, the plaintiff alleges other causes of action under law.

WHEREFORE, Merck respectfully requests that the Court dismiss plaintiff's claims in their entirety.

Respectfully Submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC  20005

| | |
|---|---|
| Brian C. Anderson | John H. Beisner |
| Matthew M. Shors | Jessica Davidson Miller |
| O'MELVENY & MYERS LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 1625 Eye Street, N.W. | 1440 New York Avenue, N.W. |
| Washington, DC 20006 | Washington, DC 20005 |

**ATTORNEYS FOR MERCK & CO., INC.**

980492v.1

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Defendant's Motion to Dismiss Plaintiff's Amended Complaint has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 9th day of June, 2009.

                                                  /s/ Dorothy H. Wimberly

980492v.1