UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>   Products Liability Litigation<br><br>This Document Relates to:<br><br>   STATE OF LOUISIANA, *ex rel.* JAMES D.<br>   CALDWELL, JR., Attorney General,<br><br>              Plaintiff,<br><br>   versus<br><br>   MERCK & CO., INC.,<br><br>              Defendant.<br><br>Case No. 05-3700. | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

**MERCK & CO., INC.'S SUPPLEMENTAL STATEMENT OF JURISDICTION**

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, hereby submits this supplemental statement of jurisdiction to inform the Court that the above-captioned action is now subject to federal jurisdiction under the Class Action Fairness Act in addition to the grounds for jurisdiction previously asserted in Merck's Notice of Removal.[1]

In support of this Statement, Merck respectfully states:

---

[1] Merck files this Statement in an abundance of caution despite precedent from this Court indicating that a removing party need not amend its notice of removal upon the appearance of additional grounds for federal jurisdiction. *See, e.g., Nolan v. Boeing Co.*, 715 F. Supp. 152, 153 n.1 (E.D. La. 1989). If an amendment is necessary, Merck requests that the Court consider this filing an amendment. And if the Court requires leave to amend, Merck hereby requests that the Court construe this pleading as constituting a Motion for Leave to File Amendment to Notice of Removal.

980680v.1

1.     On May 11, 2009, plaintiff sought leave to file a Second Supplemental and Amending Complaint for Injunctive Relief and Damages ("Second Am. Compl."). On May 12, 2009, the Court granted leave to amend and the Second Amended Complaint was filed.

2.     Plaintiff's Second Amended Complaint alleges causes of action against Merck based upon the Louisiana law of redhibition, LA. CIV. CODE art. 2520, *et seq.*, the Louisiana Unfair Trade Practices Act, LA. REV. STAT. § 51:1401, *et seq.* ("LUTPA"), the New Jersey Consumer Fraud Act ("NJCFA"), and unjust enrichment, LA. CIV. CODE art. 2298. Merck is alleged to have violated these laws by marketing and selling the prescription drug Vioxx in a manner that misled potential consumers about the drug (*see* Second Am. Compl. ¶¶ 50-57, 63-80), and by failing to warn adequately of adverse health effects that Merck knew or should have known resulted from use of the drug (*see id.* ¶¶ 16-38, 102-09). Plaintiff alleges that, as a result, Louisiana citizens and the Department of Health & Hospitals ("DHH") spent substantial sums of money on Vioxx prescriptions at a time when other safer, cheaper, and effective drugs were available to them. (*See id.* ¶¶ 170-73.)

3.     The Second Amended Complaint alleges that Merck is liable to plaintiff in redhibition for return of the purchase price of Vioxx paid by Louisiana citizens and by the state Medicaid program, including interest, all expenses occasioned by the sale of Vioxx, costs, and attorneys' fees. (*Id.* ¶ 185.) It also seeks, pursuant to LUTPA, restitution for DHH and Louisiana citizens who purchased Vioxx, actual damages, statutory penalties, and an injunction barring the sale or marketing of Vioxx and concealment, deception or nondisclosure with respect to any Merck products. (*See id.* ¶¶ 192-93; Prayer ¶¶ 6-9.) It further seeks treble damages for economic losses, including return of the purchase price of Vioxx, in addition to attorneys' fees and costs pursuant to the NJCFA. (*See* Second Am. Compl. ¶¶ 208-09.) To the extent that these

remedies are inadequate, the Second Amended Complaint also seeks return of all payments to Merck resulting from its sale of Vioxx to DHH and Louisiana consumers on a theory of unjust enrichment. (*Id.* ¶ 214-15.) The Attorney General states that he brings this action "as *parens patriae* on behalf of the State of Louisiana and its citizens, the State of Louisiana . . . and the Louisiana Department of Health and Hospitals[.]" (Second Am. Compl., Preface.)

4.     The Court has original jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because there is at least minimal diversity of citizenship, the State brings this action in a representative capacity on behalf of more than 100 persons, and the aggregate amount in controversy exceeds $5 million.

5.     Plaintiff's Second Amended Complaint satisfies the definition of a class action under CAFA because it is a civil action brought under a "statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a) ("Definitions. . . . In this section, the terms 'class', 'class action', 'class certification order', and 'class member' shall have the meanings given such terms under section 1332(d)(1)."); *see also Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 430 (5th Cir. 2008) (upholding federal jurisdiction over Louisiana Attorney General's *parens patriae* action under CAFA).

6.     The doctrine of *parens patriae* is a rule of judicial procedure authorizing the State to bring a representative action on behalf of its citizens. *See, e.g.*, *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 557 (1996) (characterizing "*parens patriae* actions by state governments" as an example of an "accepted common-law practice permit[ting] one person to sue on behalf of another"). Congress intended such actions to be removable to federal court under the provisions of CAFA even if they are not labeled "class

actions" by the named plaintiff. S. Rep. 109-14, at 35 (2005) ("the definition of 'class action' is to be interpreted liberally [and] should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff. . . . Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purposes of applying these provisions.").

7. Plaintiff's Second Amended Complaint – unlike his original complaint – seeks "return of the purchase price of Vioxx paid for by . . . the citizens of Louisiana" (Second Am. Compl. ¶ 185) and restitution and actual damages incurred by the citizens of Louisiana who purchased Vioxx (*see id.* ¶¶ 192-93). While plaintiff does not label its Second Amended Complaint as a class action, it does seek restitution on behalf of Louisiana citizens under LUTPA, which can only be brought in a representative capacity. *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 175 (5th Cir. 2004) ("LUTPA does permit the state attorney general to sue on behalf of the state and its consumers and to pursue restitutionary relief on behalf of a class of aggrieved consumers") (citing La. Rev. Stat. Ann. §§ 51:1404(B), 1407, 1408, 1414; *State ex rel. Guste v. GMC*, 370 So. 2d 477, 487 (La. 1978)).

8. Based on these and other allegations, plaintiff has now brought a class action and the number of individuals that plaintiff purports to represent is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

9. Plaintiff purports to bring this action on behalf of the citizens of Louisiana and the DHH. (Second Am. Compl., Preface.) There is complete diversity of citizenship between Louisiana consumers – Louisiana citizens who are the only real plaintiff-parties in interest – and defendant, a corporate citizen of New Jersey. *See Caldwell v. Allstate Ins. Co.*, 536 F.3d at 429 (holding that, in *parens patriae* action brought on behalf of Louisiana citizens, the citizens were the real parties in interest). By definition, the citizens of Louisiana who purchased Vioxx are

citizens of Louisiana. The Attorney General is merely their advocate and a formal party to this litigation whose non-citizen status does not defeat diversity.

10. Merck is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11. Thus, at least one proposed class member and one defendant are diverse. *See* 28 U.S.C. § 1332(d)(2)(A) (defining diversity of citizenship under CAFA as including situations where "any member of a class of plaintiffs is a citizen of a state different from any defendant").

12. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Under this standard, plaintiff's claims easily meet the jurisdictional threshold.

13. Based on allegations that Merck misrepresented the risks of Vioxx, plaintiff seeks to recover return of the purchase price of Vioxx paid for by the State and Louisiana citizens (*see* Second Am. Compl. ¶¶ 185, 193), actual damages (*id.*), statutory penalties for each allegedly unlawful act (*id.*, Prayer ¶¶ 4-5), treble damages (*see id.* ¶¶ 208-09), and attorneys' fees (*id.* ¶ 210).

14. In seeking financial restitution and damages, plaintiff alleges that the "citizens of Louisiana, the State of Louisiana and/or DHH . . . spent millions of dollars to purchase Vioxx[.]" (*Id.* ¶ 193.) Plaintiff also requests awards of statutory penalties totaling $5,000 for each alleged unlawful trade practice committed with intent to defraud, and an additional $5,000 for each such act targeted at an elderly or disabled person. (*Id.*, Prayer ¶¶ 4-5.) Plaintiff further requests treble damages and attorneys' fees under the NJCFA. (*Id.*, Prayer ¶ 14.) Given the large number of

Vioxx users in Louisiana, the $5 million amount-in-controversy requirement is easily satisfied. *See Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("assuming that 250,000 strollers were sold in California for $20.00 each, the court concludes that defendants have established by a preponderance of the evidence that compensatory damages likely would exceed $5,000,000"); *Fiore v. First Am. Title Ins. Co.*, No. 05-CV-474-DRH, 2005 WL 3434074, at *3 (S.D. Ill. Dec. 13, 2005) (concluding aggregate amount in controversy under CAFA satisfied where class consisted of over 8 million members; if each class member's claim averaged less than a dollar, "the jurisdictional threshold would be surpassed").

15. Accordingly, CAFA's amount-in-controversy requirement is satisfied in this case.

WHEREFORE, defendant Merck hereby submits its Supplemental Statement of Jurisdiction.

Respectfully Submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Brian C. Anderson
Matthew M. Shors
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

**ATTORNEYS FOR MERCK & CO., INC.**

980680v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Merck & Co., Inc.'s Supplemental Statement of Jurisdiction has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 11th day of June, 2009.

                                                                                         /s/ Dorothy H. Wimberly

980680v.1