IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to All Private Third-Party Payor Cases | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

## NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM

TO:   Merck and Company, and its attorneys:
      Phillip A. Wittmann, Esq.
      Stone, Pigman, Walther, Wittmann, L.L.C.
      546 Carondelet Street
      New Orleans, Louisiana 70130-3588
      Merck & Co, Liaison Counsel

      Medco Health Solutions, Inc.
      100 Parsons Pond Drive
      Franklin Lakes, NJ 07417

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure and PTO 38, counsel for the Private Third-Party Payor Plaintiffs will take the deposition upon oral examination of the representatives or representative of Medco Health Solutions, Inc. ("Medco"), who is most knowledgeable regarding the matters designated in Exhibit A attached hereto. The deposition will take place on July 27, 2009 at Medco Health Solutions, Inc., 100 Parsons Pond Drive, Franklin Lakes, NJ 07417, at 9:00 A.M. or at another location mutually agreed upon by the parties, and will continue from day to day thereafter until completed. Non-party Medco is requested to designate one or more officers, directors, managing agents or other persons to testify on

its behalf as to matters known or reasonably available to Medco to testify with respect to the subject matter(s) on the list annexed hereto as Exhibit A.

Statement of Deposition Procedures – The deposition shall be taken pursuant to Pre-Trial Order No. 9 (Amended) (Deposition Guidelines) entered September 28, 2006.  The terms of such order are incorporated into this notice.

Primary Examiner:    A member of the Private Third Party Payor Bellwether Trial Committee

Videotaped Deposition:       Yes

Call-In Number:       1-218-339-4300, Conf. Id. No. 693085.

The deposition shall be taken before a notary public or another officer authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

The deposition shall be taken before a notary public or another officer authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Plaintiffs' Liaison Counsel files this as an accommodation and for the benefit of Third Party Payor Plaintiffs and pursuant to Pretrial Order No. 2.

Dated:  June 16, 2009               Respectfully submitted,

/s/  Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis ( Bar No. 14190)
*HERMAN, HERMAN, KATZ & COTLAR, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
Tel:     (504) 581-4892
Fax:    (504) 561-6024

*Plaintiffs' Liaison Counsel*

| | |
|---|---|
| James R. Dugan, II<br>MURRAY LAW FIRM<br>650 Poydras Street, Suite 2150<br>New Orleans, LA 70130<br>Tel: (504) 648-0180<br>Fax:(504) 648-0181<br>jdugan@dugan-lawfirm.com<br><br>Thomas M. Sobol<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>One Main Street, 4th Floor<br>Cambridge, Massachusetts 02142<br>Tel: (617) 482-3700<br>Fax: (617) 482-3003<br>Tom@hbsslaw.com | Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN<br>   & BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 3000<br>San Francisco, CA 94111-3339<br>Tel:  (415) 956-1000<br>Fax:  (415) 956-1008<br>ECABRASER@lchb.com<br><br>Richard A. Freese<br>FREESE & GOSS, PLLC<br>2031 Second Ave. North<br>Birmingham, AL 35203<br>Tel: (205) 871-4144<br>Fax:(205) 871-4104<br>richfreese@aol.com |

**PRIVATE THIRD PARTY PAYOR BELLWETHER TRIAL COMMITTEE CO-CHAIRS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Deposition and Subpoena Duces Tecum to non-party Medco Health Solutions, Inc., pursuant to Pretrial Order No. 38, has been served on Defendant's Liaison Counsel, Phillip A. Wittmann, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 16th day of June, 2009.

/s/ Leonard A. Davis_____
**Leonard A. Davis** (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Ave.
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com

**EXHIBIT A**

**Definitions**

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "Merck" means Defendant Merck & Co., Inc, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3. "Medco" shall mean Medco Health Solutions, Inc. and any of its past or present trustees, directors, executives, officials, officers, fiduciaries, representatives, assigns, employees, divisions, departments, predecessors (including but not limited to Merck-Medco Managed Care, LLC) or successors in interest, offices, subsidiaries, and affiliates as well as any person acting or purporting to act on its behalf, including but not limited to pharmacy benefit managers and pharmacy and therapeutics committees.

4. "You" or "you' shall mean Medco.

5. The term "policy" shall mean the written document issued by a third-party payor to the policy owner, representing the written contract between the third-party payor and the policy owner, and describing the term, coverage, premiums, and deductibles.

6. The term "formulary" shall mean the list of prescription drugs covered under a benefit plan or policy, as well as any written or electronic materials that accompany that list, including but not limited to preferred drug lists, tiered drug lists, information about co-payments, and information about FDA approved and off-label uses.

7. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. "Documents" as used in the Request is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Federal Rule of Civil Procedure 34.

9. "Person" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

10. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

11. "Any" includes the word "all" and vice-versa.

12. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in

the preparation of or concerning the preparation of the documents.

13. "Vioxx" means any product containing rofecoxib in any form, dosage, or mode of administration, either alone or in combination with other chemicals and also includes the product sold under the brand name Vioxx.

14. Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 to present.

## Confidentiality

A confidentiality order has been entered in this case by the Honorable Eldon Fallon, Judge of the United States District Court of the Eastern District of Louisiana in the matter of *In Re: Vioxx Product Liability Litigation*, MDL 1957 (E.D.La). A copy of the confidentiality order and its supplemental order pertaining to Private Third-Party Payor actions are attached hereto.

## Deposition Subject Matter

Medco's P&T Committee:

1. The history, role, and function of the Medco P&T Committee.

2. The responsibilities of the P&T Committee.

3. Medco's role in providing support to the P&T Committee

4. The selection of drugs for the P&T Committee, including the process by which drugs receive the Committee's consideration and its deliberations with respect to formulary status.

5. Materials reviewed by the P&T Committee prior to meetings.

6. The P&T Committee's practices and interactions relating to Vioxx.

7. The role that Merck played in all of the above.

<u>Medco's Formulary Programs:</u>

8. The history, role, and function of Medco's Formulary Programs.

9. The effect of P&T Committee decisions on formulary and other clinical services.

10. The inclusion, maintenance, and removal of Vioxx on any formulary developed or used by Medco.

11. The role that Merck played in all of the above.

<u>Medco's Relationship with Merck:</u>

12. Your relationships with Merck and any of its agents, relating or in any way pertaining to Vioxx, including the negotiation of your initial and any subsequent contracts with Merck, the history of the relationships, and the scope of the services that you and Merck have provided.

13. Any and all rebate contracts or agreements between You and Merck relating or in any way pertaining to the prescription, promotion, distribution, dispensing, placement on a formulary, and/or sale of Vioxx.

14. In addition to the above paragraph, any and all types or forms of compensation, remuneration, payment, or quantifiable benefit provided by Merck or any of its agents to You, relating or in any way pertaining to the prescription, promotion, distribution, dispensing, placement on a formulary, and/or sale of Vioxx.

<u>General:</u>

15. Any communications that you had with Merck, or any other persons or entities regarding Vioxx.

16. Your organizational structure.

17. Your record retention policies and systems for hard copy and electronic documents relating to your responsibilities and practices discussed herein.

18. All efforts that you made to identify and produce documents responsive to each numbered request in the Subpoena.

## **SUBPOENA DUCES TECUM**

Medco (the "Witness") is requested to bring with him/her the following documents, whether held in her actual constrictive possession, to the extent not produced in response to prior discovery or other requests relating to his/her knowledge of Vioxx.

A complete copy of all documents, as that term is defined in the Federal Rules of Civil Procedure, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the Witness in anticipation of his/her testimony. This request includes, but not limited to:

1. The data or other information considered by the Witness in preparation for her/his testimony relating to his/her knowledge of Vioxx.

2. Exhibits to be used as a summary or in support of his/her testimony.