IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to All Private Third-Party Payor Cases | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

**NOTICE OF FRE 30(B)(6) CONSUMER REFUND PROGRAM DEPOSITION
AND SUBPOENA DUCES TECUM**

TO:  Merck and Company, and its attorneys:
 Phillip A. Wittmann, Esq.
 Stone, Pigman, Walther, Wittmann, L.L.C.
 546 Carondelet Street
 New Orleans, Louisiana 70130-3588
 Merck & Co, Liaison Counsel

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure and PTO 38, counsel for the Private Third-Party Payor Plaintiffs will take the deposition upon oral examination of the representatives or representative of Defendant Merck & Co. Inc. who is most knowledgeable regarding the matters designated in Exhibit A attached hereto. The deposition will take place on July 28, 2009 at 9:00 A.M., at Merck & Co. Inc. Corporate Headquarters, One Merck Drive, Whitehouse Station, NJ 08889, or at another location mutually agreed upon by the parties, and will continue from day to day thereafter until completed. Defendant is requested to designate one or more officers, directors, managing agents or other persons to testify on its behalf as to matters known or reasonably available to Defendant to testify with respect to the subject matter(s) on the list annexed hereto as Exhibit A.

Statement of Deposition Procedures – The deposition shall be taken pursuant to Pre-Trial Order No. 9 (Amended) (Deposition Guidelines) entered September 28, 2006. The terms of such order are incorporated into this notice.

Primary Examiner:   A member of the Private Third Party Payor Bellwether Trial Committee

Videotaped Deposition:    Yes

Call-In Number:    1-218-339-4300, Conf. Id. No. 693085.

The deposition shall be taken before a notary public or another officer authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Plaintiffs' Liaison Counsel files this as an accommodation and for the benefit of Third Party Payor Plaintiffs and pursuant to Pretrial Order No. 2.

Dated:  June 16, 2009 Respectfully submitted,

/s/  Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis ( Bar No. 14190)
*HERMAN, HERMAN, KATZ & COTLAR, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
Tel:    (504) 581-4892
Fax:    (504) 561-6024

*Plaintiffs' Liaison Counsel*

| | |
|---|---|
| James R. Dugan, II<br>MURRAY LAW FIRM<br>650 Poydras Street, Suite 2150<br>New Orleans, LA 70130<br>Tel: (504) 648-0180<br>Fax:(504) 648-0181<br>jdugan@dugan-lawfirm.com<br><br>Thomas M. Sobol<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>One Main Street, 4th Floor<br>Cambridge, Massachusetts 02142<br>Tel: (617) 482-3700<br>Fax: (617) 482-3003<br>Tom@hbsslaw.com | Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN<br>  & BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 3000<br>San Francisco, CA 94111-3339<br>Tel:  (415) 956-1000<br>Fax:  (415) 956-1008<br>ECABRASER@lchb.com<br><br>Richard A. Freese<br>FREESE & GOSS, PLLC<br>2031 Second Ave. North<br>Birmingham, AL 35203<br>Tel: (205) 871-4144<br>Fax:(205) 871-4104<br>richfreese@aol.com |

<u>PRIVATE THIRD PARTY PAYOR BELLWETHER TRIAL COMMITTEE CO-CHAIRS</u>

## **CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing Notice of FRE 30(B)(6) Deposition and Subpoena Duces Tecum to Defendant Merck & Co., Inc. pursuant to Pretrial Order No. 38 has been served on Defendant's Liaison Counsel, Phillip A. Wittmann, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this the 16th day of June, 2009.

              /s/ Leonard A. Davis_____
              **Leonard A. Davis** (Bar No. 14190)
              *Herman, Herman, Katz & Cotlar, L.L.P.*
              820 O'Keefe Ave.
              New Orleans, Louisiana 70113
              Telephone: (504) 581-4892
              Facsimile: (504) 561-6024
              ldavis@hhkc.com

**EXHIBIT A**

**Definitions**

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "Merck" means Defendant Merck & Co., Inc, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3. "Person" means natural person, as well as corporate and/or governmental entity.

4. "Vioxx" means any product containing rofecoxib in any form, dosage, or mode of administration, either alone or in combination with other chemicals and also includes the product sold under the brand name Vioxx.

5. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6.      "Documents" as used in the Request is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Federal Rule of Civil Procedure 34. "Document" is used in its broadest sense, and means the original and any non-identical copy, regardless of origin or location. Typical categories of material included within the term "document" are: books, pamphlets, periodicals, memoranda (including those of telephone and in-person conversations), letters, reports, notes, telegraphs, statements, records, diaries, minutes, bulletins, circulars, brochures, studies, instructions, working papers, charts, work assignments, drawings, prints, flow sheets, graphs, invention disclosures, photographs, photomicrographs, microfilm, medical and hospital records and reports, x-ray photographs, drafts, advertisements, catalogs, paper, indices, tapes, disc, data sheet or data processing material, or any handwritten, recorded, transcribed, punched, taped, filmed or graphic matter, however, produced or reproduced in Your possession, custody or control or to which You have had access.  "Document" includes all electronic or optical media or other information storage means, including film, tapes, computer disks or cares, databases, or personal data assistant memory.  When any Document contains any marking not appearing on the original or altered from the original, such item shall be considered to be separate original documents.

7.      "Or" and "and" will be used interchangeably.

8.       "Reimburse" shall mean to pay back; refund; repay; or compensate in any manner for any expense or loss incurred.  "Reimbursement" shall be used as the act of reimbursing as well as the form of compensation.

9. Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 to present.

## Confidentiality

A confidentiality order has been entered in this case by the Honorable Eldon Fallon, Judge of the United States District Court of the Eastern District of Louisiana in the matter of *In Re: Vioxx Product Liability Litigation*, MDL 1957 (E.D.La).  A copy of the confidentiality order and its supplemental order pertaining to Private Third-Party Payor actions are attached hereto.

## Deposition Subject Matter

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Merck shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

## Consumer Refund Program

1. The person should be able to testify concerning Merck's policies and practices relating to any program by which Merck offered to refund, or refunded, the purchase price of Vioxx to patients and any other individuals or entities, including but not limited to the Vioxx Consumer Refund Program implemented by Merck after Vioxx was recalled.

2. The manner and procedures used for accounting for and tracking of reimbursement for unused portions of Vioxx.

3. The manner in which the policies and practices for reimbursement for unused portions of Vioxx came about.

    4.    The identity of any documents relating to the policies and practices for reimbursement for unused portions of Vioxx

    5.    The identities of those individuals and offices involved in the policies and practices relating to reimbursement for unused portions of Vioxx.

    6.    The identities of all recipients of reimbursements for unused portions of Vioxx.

## SUBPOENA DUCES TECUM

Merck (the "Witness") is requested to bring with him/her the following documents, whether held in her actual constrictive possession, to the extent not produced in response to prior discovery or other requests relating to his/her knowledge of Vioxx.

A complete copy of all documents, as that term is defined in the Federal Rules of Civil Procedure, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the Witness in anticipation of his/her testimony. This request includes, but not limited to:

    1.    The documents, data or other information considered by the Witness in preparation for her/his testimony relating to his/her knowledge of Vioxx.

    2.    Exhibits to be used as a summary or in support of his/her testimony.