UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### CURATOR'S STATUS REPORT NO. 13

Curator, Robert M. Johnston, submits this Status Report No. 13, in accordance with the Court's Order dated February 12, 2008.

**I.  MAILINGS TO PRO SE CLAIMANTS**

Since appointment, the curator has issued several large mailings to potential pro se claimants or litigants, and provided individualized mailings upon request to claimants, potential claimants, *pro se* litigants, and other parties of interest under the agreement.

In March 2008, the curator's office sent two mailings to claimants and litigants who were identified by the parties and the Claims Administrator as having not yet completed the requirements for claim package submission and/or enrollment.  This mailing generated a large response and

provided claimants and potential claimants with the information necessary to avail themselves of the settlement program, should they meet the program requirements. Additionally, this initial mailing was forwarded to those persons for whom the original mailing was returned, if new address information became available. In total, approximately 1400 initial mailing packets have been sent by the curator's office since March 2008. Since this initial mailing, the curator's office has continued to provide registration and enrollment forms upon request to any claimant, non-claimant, or litigant requesting same.

As the deadlines for submission of necessary documents regarding registration, enrollment, and claim package documents neared, the curator's office completed additional mailings to inform claimants and potential claimants of the necessary action and documents required to move forward in the settlement program. For example, in October 2008, a mailing was generated and sent to approximately 130 unregistered, potential claimants identified as having either incomplete registration or enrollment materials, advising them of the deadline to complete enrollment. Likewise, in November 2008, the curator forwarded another mailing to approximately 200 claimants identified as having potentially incomplete claim package submissions, in order to advise recipients of the deadline for completion of same.

In February 2009, upon request, the curator's office mailed materials to approximately 700 claimants notifying them of the private lien resolution program, its requirements, deadline for participation, and forms required in order to participate in the program. For those claimants who expressed a desire to take part in this program specifically, but had not yet submitted the required form, we also advised of the Lien Administrator's extension of time to apply for this program, on an individual basis.

In addition to the above mentioned group mailings, the curator provides individual mailings as they are requested. For example, as information, documents, or questions arise, the curator's office assists callers with inquiries as to the requirements of the settlement program, lien resolution program, Extraordinary Injury program, and pending motions before the court. In addition to providing documents relating to these issues, the curator's office processes calls and incoming documents to assist the pro se claimant to take part in the settlement program, continue with his/her pending suit, or to dismiss any claim or suit.

As previously reported, these mailings are logged on the Curator's Secure Portal Online Communication Log and handled in the same manner as other inquiries received by the Curator's office.

The curator defers to the Lien Administrator and Claims Administrator as to the details of the actual programs mentioned above.

**II.    RETURNED AND UNDELIVERABLE MAIL**

As discussed in prior reports, we continue to monitor returned and undeliverable or returned mailings and keep the parties, Court, Claims Administrator, and Lien Administrator apprised of any new information or documents received. Several Private Lien Resolution Program Packets were returned as undeliverable or because of an expired or unavailable forwarding order. These returned mailings are logged into the Curator's Communication log and maintained in the curator's file so that they can be forwarded if new address information is received.

**III.    LEGAL NOTICE PUBLICATIONS**

All the legal notices required to contact potential claimants have been published and we have received affidavits of publication from all but one publisher of these legal notices. These affidavits

certify the dates of publication, and provide a certified copy of the notice actually published. These affidavits are maintained in the Curator's file and will be submitted to the Court as part of the Curator's Certification.

For claimants, or their heirs, for whom new contact information has been received as a result of the publication of these legal notices, we forwarded that information to both the Claims Administrator and counsel for Merck. If new information is received in the future, we will continue to act accordingly. Similarly, we have received requests from counsel for Merck and withdrawing attorneys seeking information regarding claimants that they have been unable to contact. As these inquiries are received, we review our records and provide the requested information.

## IV.     CURATOR'S COMMUNICATIONS

The curator's office continues to receive numerous telephone calls, emails, facsimiles, and correspondence from potential and current claimants in the Settlement Program, pro se litigants, and represented claimants with pending Motions to Withdraw Counsel. Over the course of the past year, the type of call has changed from initial calls from claimants or potential claimants who had broad questions about the settlement program and its requirements, to much more specific communications regarding particular aspects of a claimant's suit or claim. As a result the progression of the Settlement Program, the number of calls has reduced slightly since our last report, but the complexity of each call has remained constant. Also, when the caller is in need of assistance from another source, such as the Claims Administrator, Lien Administrator, or counsel for Merck, we have attempted to facilitate direct communication of the request to the outside source, e.g. through conference calling and electronic mail with both the claimant, the curator, and the third-party.

Generally, these communications involve notices of deficiencies in either enrollment or claim

materials submitted; questions related to recent mailings about the Private Lien Resolution Program and Extraordinary Injury program; questions regarding the status of claim review; explanations of claimant options during and after receiving notices of deficiencies/ineligibility or notices of points awards; and inquiries as to how to respond to Motions to Dismiss filed on behalf of Merck. These communications continue to be recorded internally and are also being entered into the Claims Administrator's online communications log. This online communications log is available through the Claims Administrator's portal, and reports are available by date, by caller, or by Curator taking the call. At the conclusion of this process, we will submit the entire communications log to the Court. At this point, all completed outgoing mailings and curator communications as of the date of this report have now been uploaded to the secure portal. Future mailings will be similarly logged, and incoming calls are immediately logged by the individual receiving the call.

With regard to written communications and documents forwarded by potential pro se claimants via U.S. Mail, facsimile, electronic mail, and private shipping companies (Federal Express, DHL, and UPS), as referenced in Section I, we continue to forward all documents pertaining to the settlement program to the Claims Administrator, both via electronic mail as a PDF attachment, and via overnight delivery, in order to assist in compliance with the deadlines set forth in the Settlement Agreement, and extensions agreed to by the parties. A copy of these communications and documents is also maintained in the Curator's file. With regard to the Private Lien Resolution Program, any documents received are forwarded to the Lien Administrator, both by electronic mail as a PDF attachment, and by overnight delivery. Additionally, where the pro se claimant is seeking to comply with a pending Motion to Dismiss, we also forward information and documents to the DLC.

When requested, we have and will continue to assist in reestablishing communications

between a claimant/litigant and his or her attorney of record, or attorney seeking to withdraw from representation.

Additionally, we assist a number of callers seeking regular "status checks" of their claims, or who are specifically seeking a change in their eligibility status from either the Claims Administrator or the DLC. For those claimants with deficiencies, we have assisted them in understanding the deficiency and approaches to cure the deficiency. For those claimants who are not able to clear deficiencies because of the particular facts of their claims, we advise and answer questions regarding their other options and provide reference and referral assistance, as needed. Both the Claims Administrator and the DLC has been of great assistance in helping these claimants correct deficiencies by re-sending the required documents, or by verifying that the database reflects any corrective action taken. As these calls continue, we will assist and coordinate efforts with the Claims Administrator and the DLC to assure pro se claimants have every opportunity to assure that their enrollment and claim package materials are as complete as possible.

The Curator's office has continued to receive inquiries from claimants and litigants having difficulties in obtaining medical records, or seeking relief from unreasonable costs of duplication of medical records, both needed to complete or supplement claims package submissions. We have provided the claimants and litigants with copies of the Court's various orders regarding production of medical records and counseled them as to strategies for obtaining these records.

As noted in prior reports, we handled calls requesting assistance in obtaining records on deposit with the Litigation Records Repository or that remain in the possession of prior counsel for the claimant or litigant.

**V.    MERCK'S MOTIONS TO DISMISS**

The curator's office has received a number of communications from *pro se* and represented litigants who are subject to a Motion to Dismiss filed, pending, or granted on behalf of Merck. We are working with counsel for Merck to assure that all communications and documents received by the curator's office are forwarded to counsel for Merck, as well as to the Claims Administrator. We would like to thank the Court's staff for assuring that the Curator has received copies of correspondence forwarded directly to the Court. Additionally, where a claimant or litigant expresses a desire not to proceed with their pending suit, we record the communication and pass it along to the relevant parties involved. We will continue to assist these callers, as well as any litigant corresponding with the curator, and will continue to advise that we cannot act as counsel of record for any litigant, but can be a resource for the litigant. We defer to counsel for the parties as to the status of any remaining motions to dismiss.

## VI.    REFERRAL ATTORNEY LIST

As part of the Court's February 12, 2008 Order, the Curator has the responsibility of advising "the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides." *See* Document No. 13365, Page 3. As previously reported, we have been provided with information from the PLC regarding attorneys handling Vioxx matters in various jurisdictions, have reorganized this information into a list, sorted by location, of attorneys handling Vioxx matters, and continue to provide this information, as required by the Court's Order, to pro se Claimants requesting same.

Additionally, since the appointment of Ann Oldfather as liaison counsel, we are advising of her appointment to the small group of pro ses that appear to have viable claims for which she is now assisting as liaison counsel.

**VII.    PRESENTATION AT NEXT STATUS CONFERENCE**

The curator will be prepared to address the items in this report to the Court, parties, and callers listening via telephone conference, as well as being available to address any questions, at the monthly status conference scheduled for June 24, 2009. Additionally, we will be available for all future status conferences, as dates are selected by the Court.

        Respectfully submitted,

        JOHNSTON, HOEFER, HOLWADEL
          & ELDRIDGE

        *s/ Robert M. Johnston*
        ROBERT M. JOHNSTON  (Bar No. 7339)
        400 Poydras Street, Suite 2450
        New Orleans, Louisiana 70130
        Telephone: (504) 561-7799
        Facsimile: (504) 587-3794
        Email:  rmj@ahhelaw.com

        Pro Se Curator

## Certificate of Service

I hereby certify that the above and foregoing Curator's Status Report No. 13 has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of June, 2009

      *s/ Robert M. Johnston*
      Robert M. Johnston  (Bar No. 7339)