UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 48 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 47.

I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may

- 1 -

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On September 15, 2008, the Court issued an Order advising that it had several motions to show cause why certain medical records providers should not be held in contempt for failing to comply with requests made for the production of medical records (see Doc. No. 15702 and Doc. No. 15857). The motion set for hearing on September 23, 2008, filed by Herman, Herman, Katz & Cotlar, LLP, was the subject of an Order entered September 24, 2008 that ordered medical providers to produce records or show cause why they should not be held in contempt and be fined $1,000.00 per day for every day after October 17, 2008, until such records are produced. Similar motions by other plaintiffs' counsel have also been filed and another motion was filed by Herman, Herman, Katz & Cotlar, LLP on December 5, 2008. Medical records continue to be received from providers. The parties will be prepared to discuss the Order of September 24, 2008 and other motions pending before the Court relating to the production of medical record providers who have not produced requested medical records.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq. By Order entered February 11, 2009, the Court granted the motion. U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

## II.   REGISTRATION AND ENROLLMENT OF CLAIMS IN THE SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration and enrollment.  BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the registration process and enrollment process at the monthly status conference on June 24, 2009.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.  The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

On March 25, 2009, Merck filed six Motions for Orders to Show Cause concerning certain claimants who have filed to comply fully with the enrollment requirements of the Master Settlement Agreement.  The motions were heard by the Court on April 15, 2009.  At that time, the motions were withdrawn as to claimants who had cured deficiencies, were deferred until April 29, 2009 as to claimants who had pending cures, and were deferred until May 8, 2009 as to certain claimants with special circumstances.  Additionally, the motions were granted as to numerous non-compliant claimants and their cases were dismissed with prejudice.  The deferred matters were heard on April 29, 2009, May 8, 2009, May 29, 2009, and June 10, 2009.  At that time, the motions were withdrawn as to claimants who had cured deficiencies and the claims of those plaintiffs and tolling claimants who failed to cure were dismissed with prejudice or their tolling rights were extinguished.  All matters on these six motions have now been resolved.

On April 21, 2009, Merck filed two supplemental Motions for Orders to Show Cause concerning additional non-compliant claimants. These motions were heard by the Court on May 8, 2009 and May 29, 2009. At that time, the motions were withdrawn as to claimants who had cured deficiencies and were deferred until June 10, 2009 as to certain claimants who had pending cures and/or special circumstances. The motions were granted as to non-compliant claimants and their cases were dismissed with prejudice. All matters on these supplemental motions have now been resolved.

On June 10, 2009, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Rights of Certain Tolling Claimants Should Not be Extinguished. The motion is directed to tolling claimants who commenced the enrollment process and enrolled in the Resolution Program, but never provided a Release of any kind (whether deficient or otherwise), and completely defaulted on their obligations under the Master Settlement Agreement. The motion is set for hearing immediately following the conclusion of the monthly status conference on June 24, 2009.

Additionally, on June 11, 2009, Merck filed a Motion and Incorporated Memorandum to Dismiss Non-Submitting Program Claimants' Cases. The motion is directed to plaintiffs who submitted an enrollment form, but failed to comply fully with the terms of the Master Settlement Agreement, thereby becoming Non-Submitting Program Claimants ("NSPC") whose Stipulations for Dismissal With Prejudice and Releases are to be delivered to Merck which may file them in any relevant action or proceeding. The NSPC claimants subject to the motion submitted Stipulations for Dismissal With Prejudice that are materially deficient (or never submitted) and, despite ample opportunity to cure their deficiencies and appeal their NSPC

status to the Special Master, have failed to do so.  The motion is set for hearing on July 17, 2009 at 9:00 a.m.  The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

As the MI track of the Resolution Program draws to a close, some cases are exiting the Program because they have failed the Gates criteria (which require a threshold showing of injury and drug usage) and have been deemed ineligible.  These cases are exiting the Program through the use of a Future Evidence Stipulation ("FES") under the relevant provisions of the Master Settlement Agreement.  Because these cases enrolled in the Program, they were not subject to the preliminary *prima facie* evidence requirements set out in PTO No. 28.  Accordingly, now that these cases are returning to the active docket of this Court, Merck believes that some order similar to PTO No. 28 should be entered.  A proposed order is being submitted by Merck to the Court.  This Order was previously provided to the PSC for review and comment.  The parties will be prepared to discuss this at the monthly status conference on June 24, 2009.

### III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans (see *infra* Section XIV).

IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.

V. STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through September 30, 2009.

VI. CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed. By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical

Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m., why those cases should not be dismissed.  The Order also set briefing deadlines.  By Order entered May 5, 2009, the Court dismissed without prejudice the cases on the show cause order.  This Order renders moot Defendants' Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and Defendants' Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint -- both of which had been briefed and submitted to the Court.  It does not affect Defendants' Rule 12 Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court.  The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

### VII.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on June 24, 2009.

### VIII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007

advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants"). The PLC and Curator will be prepared to discuss this further at the monthly status conference on June 24, 2009.

### IX.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

### X.   THIRD PARTY PAYOR CASES

On April 14, 2009, the Court entered Pre-Trial Order No. 38 which governs and sets deadlines for third party payor cases. On April 21, 2009, Merck propounded a First Set of Interrogatories and a First Set of Requests for Production of Documents to Bellwether Third Party Payor Plaintiffs Pursuant to PTO 38. On May 14, 2009, Bellwether Third Party Plaintiffs propounded a Master Set of Interrogatories and Requests for Production to Merck. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

On May 19, 2009, the Court issued Pre-Trial Order No. 41 relative to appointment of private third party payor Bellwether Trial Committee. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

XI. GOVERNMENT ACTIONS

On April 30, 2009, the Court issued Pre-Trial Order No. 39, Case Management Schedule for Government Actions.

Plaintiffs in the Government Actions have discussed the creation of an organizational structure and have forwarded to the Court a proposed Pre-Trial Order regarding such structure. The parties await a ruling on an organizational structure. The parties will be prepared to discuss this further with the Court at the monthly status conference on June 24, 2009.

Plaintiffs and Merck exchanged formal master discovery on June 5, 2009. Although PTO 39 establishes that responses and objections to such discovery will be exchanged on July 6, 2009, the parties to the Government Actions other than the State of Louisiana have agreed to extend the date for serving such responses for an additional 30 days. The Government Action counsel and Merck have had numerous discussions on details of the production, and continue to engage in discussions to facilitate a smooth exchange of discovery.

The parties to the State of Louisiana action plan to exchange responses and objections to the master discovery requests as they pertain to the Louisiana action on July 6, 2009. The parties to that action have had several in-person and telephonic meet-and-confers to discuss ways to provide relevant discovery consistent with the expedited pre-trial schedule in that case.

Merck filed a Motion to Dismiss the Amended Complaint on June 9, 2009. The State of Louisiana's response is due on July 9, 2009, and Merck's reply is due on July 20, 2009. The parties have requested that the motion be heard at the July status conference. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

XII. DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION WITH THIRD PARTY PAYOR AND GOVERNMENT ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A and on February 17, 2009 issued Pre-Trial Order No. 13B, both of which relate to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions. Additionally, on May 19, 2009 entered Pre-Trial Order No. 13C which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion). The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

XIII. PENDING PERSONAL INJURY CASES IN WHICH LONE PINE EXPERT REPORTS HAVE BEEN SERVED

On April 28, 2009, the Court held a Case Management Conference with counsel for a number of personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On April 28, 2009, the Court issued an Order appointing Ann Oldfather to serve as Liaison Counsel for plaintiffs in these cases and Doug Marvin to serve as Liaison Counsel for defendant. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

XIV. THIRD PARTY PAYORS' MOTIONS

On May 19, 2009, the Court issued Pre-Trial Order No. 40 which approved the Settlement Agreement negotiated with Third Party Payor Counsel to establish a Private Lien Resolution Program for eligible claimants and to undertake a confidential audit. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

XV. MERCK'S MOTIONS AND RULES ON PTO 28 NON-COMPLIANCE

Since September, 2008, Merck has filed seven Motions, Rules and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 28. All claims subject to those motions have been resolved except for two claims which have been deferred and will be heard on July 17, 2009. Additionally, on June 17, 2009, Merck filed its Eighth Motion, Rule, and Incorporated memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 28. The motion will be heard on July 17, 2009 at 9:00 a.m. The parties will be prepared to discuss the motions further at the monthly status conference on June 24, 2009.

XVI. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and as reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and

- 11 -

explain their request for an entitlement to common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument.  Numerous objections were filed with the Court.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on June 24, 2009.

Over the past several weeks, the Fee Allocation Committee has conducted numerous meetings and phone conferences with representatives of various law firms that have submitted requests for reimbursement of common benefit costs.  Furthermore, Phil Garrett, the court appointed CPA, has continued to update and review submitted costs.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on June 24, 2009.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, not necessary or appropriate, and that if the Court determined that discovery was appropriate that a scheduling order would be

necessary. On February 27, 2009, PLC filed a response in opposition to the motion. PLC will be prepared to discuss this at the monthly status conference on June 24, 2009.

### XVII. MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs. The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment. On December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic ("the Clinic") to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings. On January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus and stay. On January 30, 2009, the Court issued an Order advising that in the near future, the Court would schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a briefing and argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30,

2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order, on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

The Vioxx Litigation Consortium's Motion for Reconsideration came on for hearing on April 7, 2009 at 9:00 a.m. and the parties await a ruling on the motion.

By Order entered March 5, 2009, the Court established the guidelines by which the Clinic may communicate with each enrolled Vioxx settlement claimant who contacts the Clinic. Further, the Order required that other attorneys who filed motions for reconsideration similar to the Vioxx Litigation Consortium's motion to notify their clients of the Court's appointment of the Clinic and, on or before March 21, 2009, file into the record an affidavit stating their compliance with the Order. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

### XVIII. MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

On May 7, 2009, Merck filed its Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine* Requirements of PTO 29. The motion was heard on June 10, 2009. At that time, the motion was withdrawn as to certain plaintiffs who had complied with PTO 29, was deferred as to one plaintiff until July 17, 2009, and the claims of other plaintiffs were dismissed with prejudice for failure to comply with PTO 29. Additionally, on June 17, 2009, Merck filed its Fifth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The *Lone Pine*

Requirements of PTO 29. The motion will be heard on July 17, 2009 at 9:00 a.m. The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

### XIX.  OTHER MOTIONS

On February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009 and filed an opposition to the *Bethea* motion on April 24, 2009. The motions have been taken under advisement by the Court.

NEW MATTERS

### XX.  APPEALS

By Order and Reasons entered April 29, 2009, the Court granted Merck's Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The *Lone Pine* Requirements of PTO 28 and dismissed the cases. The Order also denied certain cross motions filed by plaintiffs. Plaintiffs have appealed the Order.

By Order and Reasons entered February 10, 2009, the Court granted Merck's Motion to Dismiss the Foreign Individual Cases Under the Doctrine of Forum Non Conveniens. Certain plaintiffs have appealed the Order.

XXI. MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed.  The parties will be prepared to discuss this further at the monthly status conference on June 24, 2009.

XXII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:   (504) 581-3361

**Defendants' Liaison Counsel**

980551v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 48 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of June, 2009.

      /s/ Dorothy H. Wimberly
      Dorothy H. Wimberly, 18509
      STONE PIGMAN WALTHER WITTMANN L.L.C.
      546 Carondelet Street
      New Orleans, Louisiana  70130
      Phone:  504-581-3200
      Fax:      504-581-3361
      dwimberly@stonepigman.com

      Defendants' Liaison Counsel