# United States District Court
### FOR THE EASTERN DISTRICT OF LOUISIANA

Valerie Rockingham, et al

**SUBPOENA IN A CIVIL CASE**

vs.
Merck & Co., Inc.

**CASE NUMBER:** 2:06-CV-7115-EEF-DEK

TO:   Custodian of Records for:   **Tift Regional Medical Center**
**901 East 18th Street**
**Tifton, GA 31794**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian: **901 East 18th Street Tifton, GA. 31794** | Within 14 days |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**901 East 18th Street**
**Tifton, GA. 31794**

**Any and all admission histories, History & Physicals, discharge summaries, and Emergency Room visits, FROM 2004 THROUGH THE PRESENT, pertaining to Charles W. Thomas, Sr. aka Wendell Thomas, DOB: 04/17/1934, SSN: 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.**

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian: **901 East 18th Street Tifton, GA. 31794** | Within 14 days |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] David P. Matthews* | 6-4-09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**David P. Matthews**
**Matthews & Associates**
**2905 Sackett St, Houston, TX 77098  713.222.8080**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Order No. 5845.005

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel the production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clauses (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or thins not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Valerie Rockingham, et al

vs.   CIVIL ACTION NO. 2:06-CV-7115-EEF-DEK
Merck & Co., Inc.

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Tift Regional Medical Center**
Records Pertaining To: **Charles W. Thomas, Sr. aka Wendell Thomas**
Type of Records: **Any and all admission histories, History & Physicals, discharge summaries, and Emergency Room visits, FROM 2004 THROUGH THE PRESENT, pertaining to Charles W. Thomas, Sr. aka Wendell Thomas, DOB: 04/17/1934, SSN: 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.**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are the medical records, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these medical records as the originals or true copies of the originals?

   Answer: _____

6. Please hand to the Officer taking this deposition copies of the medical records mentioned in Question No. 4. Have you complied? If not, why?

   Answer: _____

Order No. **5845.005**

7. Are the copies which you have handed to the Officer taking this deposition true and correct copies of all such medical records?

   Answer: _____

8. Were such medical records kept in the regular course of business of this facility?

   Answer: _____

9. Please state whether or not it was the regular course of business of the above mentioned facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record.

   Answer: _____

10. Were the medical records made by nurses, doctors and other employees or representatives made at or near the time when the acts, events, conditions, courses of treatment, diagnoses and other information contained therein occurred, were observed or rendered, or made reasonably soon thereafter?

    Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

Order No. 5845.005