UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   VIOXX<br>          Product Liability Litigation<br><br>Gene Weeks,<br><br>              Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>              Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>Case No. 2:05-cv-04578-EEF-DEK<br><br>Judge Fallon |

## PLAINTIFF COUNSEL MARTINEZ, MANGLARDI, DIEZ-ARGUELLES & TEJEDOR'S MOTION FOR RULE 11 SANCTIONS AGAINST RONALD R. BENJAMIN

COMES NOW, Plaintiff's Counsel, Martinez, Manglardi, Diez-Arguelles & Tejedor, and files this motion for Rule 11 sanctions against Ronald Benjamin and in support of the foregoing states the following:

## FACTS

The law firm of Martinez, Manglardi, Diez-Arguelles & Tejedor (herein referred to a "MMDT") undertook representation of Gene Weeks in his claim against Merck in March 2004. Mr. Weeks suffered a heart attack after ingesting Vioxx for a prolonged amount of time. Plaintiff's counsel filed a lawsuit against Merck on Mr. Weeks' behalf on September 30, 2005. Attached hereto as "Exhibit 1" is a copy of the complaint.

The lawsuit was filed with the United States District Court Eastern District of Louisiana. Merck filed an answer to the complaint on December 2, 2005. To date, Plaintiff's counsel has represented Mr. Weeks ethically and diligently, meeting every court deadline and complying with all discovery requirements. Since the inception of the case, Plaintiff's counsel has diligently communicated with Mr. Weeks. Such communications have been in person, by telephone and with

correspondence. Mr. Weeks has been fully informed of his case status and rights. At no time during the four (4) years Plaintiff's counsel has represented Mr. Weeks and prior to May 2009 has Mr. Weeks expressed any disapproval of our representation, or stated he was under duress by this law firm.

On November 21, 2007, Plaintiff's counsel mailed Mr. Weeks a detailed letter explaining the settlement program, enclosed with the letter was a Description of the Settlement Program and Claim Evaluation Examples attached hereto as "Exhibit 2." It was explained to Mr. Weeks that the decision to participate was his to make but we recommended he participate. At Mr. Week's request, a telephone conference was had in order to address questions he had regarding the settlement. Mr. Weeks discussing the matter with Maria Tejedor and reading the materials, Mr. Weeks elected to participate as evidenced in the 11/22/07 VIOXX Settlement Program Election to Participate form attached hereto as "Exhibit 3". On 12/15/08, the claims administrator issued a temporary notice of ineligibility in Mr. Weeks claim. In order to protect Mr. Weeks' claims Plaintiff's counsel was to file a future evidence stipulation. Doing so would allow Mr. Weeks to "exit" the settlement program and continue to pursue his claim. Prior to January 22, 2008, the law firm contacted the claims administrator with regard to Mr. Week's future evidence stipulation. The claims administrator advised the firm that the filing of such a form was "premature". Furthermore, that Mr. Weeks claim had not been denied and that Mr. Weeks may still make it through the gates committee and an award entered favorable to him. The firm contacted Mr. Weeks and advised him of the same by telephone and letter. I also advised Mr. Weeks that given the fact his claim had not been denied, the firm would continue to represent him and preserve all his rights, attached hereto as "Exhibit 4". On 2/6/09 the gate committee continued its review process of Mr. Weeks claim. On May 4, 2009 the firm successfully obtained the notice of eligibility. Mr. Weeks was notified of the same on May 5, 2009, attached hereto as "Exhibit 5." On May 8, 2009 the firm received a notice of points award, for a total award of 120.74

2

for an estimated settlement of $229,406.00. An appeal was filed on Mr. Weeks' behalf due to the fact he had received a deduction for high cholesterol and Mr. Weeks did not suffer from the same prior to the heart attack. On May 14, 2009 Mr. Weeks faxed a letter to the firm stating he was terminating our services, attached hereto as "Exhibit 6". Shortly thereafter, Plaintiff's counsel was successful in the points appeal and obtained a higher recover and award for Mr. Weeks than had been previously awarded for a total of 150.93 points for an estimated settlement award of $286,767.00, attached hereto as "Exhibit 7".

Prior to filing his motion to rescind and vacate, Ronald Benjamin had not provided notice to Plaintiff's counsel of his alleged representation of Mr. Weeks. At the time he filed his motion on April 22, 2009 to rescind the release and recuse this Court Mr. Weeks' was represented by this law firm. Mr. Benjamin failed to provide Plaintiff's counsel with service of said motion and to date has not contacted this to advise Plaintiff' counsel he represents Mr. Weeks.

The email dated January 22, 2009 was not read by me as the email was addressed to my personal email address. I did not recognize Mr. Weeks email address as it is not one listed on my personal address book, and further nothing in the address would suggest it was delivered by Gene Weeks, Mr. Weeks' email address is an unusual one of zippobuck@yahoo.com. I do not open emails sent me to not recognized by my buddy list or easily identifiable due to risk of spam mail and virus infection of my entire office system. I am not denying the email may have been sent. However, state the first time I received notice of Mr. Weeks termination of my services was by letter dated May 14, 2009.

The law firm email address is attorney@attorneystrialgroup.com. It is the address available to the public and on our website where clients are to send email correspondence.

## ARGUMENT

3

Plaintiff counsel request this Court sanction Ronald Benjamin for filing a sham pleading which contains allegations against the law firm of Martinez, Manglardi, Diez- Arguelles and Tejedor which are false and not supported by the evidence.

The law firm of Martinez, Manglardi, Diez-Arguelles, and Tejedor has acted at all times in Mr. Weeks' best interest. Plaintiff's counsel has ethically and diligently represented his interests through the case. The law firm filed suit and complied with every court order and deadline required of them and in doing so has protected Mr. Weeks every interest and in doing so obtained a successful recovery of an estimated $286,767.00. The firm also communicated all necessary information in regards to the settlement program to Mr. Weeks. Mr. Weeks' voluntarily entered into the program. The law firm recommended he participate in the program as it was in Mr. Week's best interest.

Mr. Benjamin falsely states that Mr. Weeks' participation in the program is irreversible. As stated in the future evidence stipulation, if denied eligibility by the claims committee Mr. Weeks could "exit" the settlement program and proceed to a trial on his case and the release he signed would be returned to him.

Mr. Benjamin falsely states in his motion that Plaintiff's counsel did not act in Mr. Week's best interest in recommending Mr. Weeks participate in the settlement program. To the contrary it would have been unethical and legal malpractice to fail to recommend his participation in the program. Had the firm not recommended participation in the program he would have never obtained such an award, deadlines for participation expired and Mr. Weeks ability to obtain a successful recovery forever barred.

Participation in the program has not prejudiced Mr. Weeks rather he has received a very favorable gain. In the event Mr. Weeks' claim had been denied, he still would have had the ability to pursue his claim outside of the settlement. For these reasons, Mr. Benjamin claims that Plaintiff's counsel acted unethically, not in his best interest and that Mr. Weeks did not enter into

4

the settlement program voluntarily should be stricken from the record as they are baseless and not supported by the facts and arise to a sham pleading.

Mr. Benjamin's conduct in obstructing and intervening with an existing attorney client relation (4) four years after representation calls for appropriate sanctions. Mr. Benjamin's last minute attempts to intervene in this case appears to be an attempt to unjustly enrich himself from this law firm's work and not in Mr. Weeks best interest. Mr. Week's termination of our firm is totally without cause. MMDT has diligently worked, secured a favorable and significant award. Mr. Benjamin has done nothing to protect Mr. Weeks claim.

Regardless of whether the email was sent or delivered, by January 22, 2009, this law firm had represented Mr. Weeks for almost 4 years in the case and done all the work that needed to be done to protect his claim and secure a significant recovery and any termination of our law firm at the time was also without cause. Furthermore Mr. Weeks had elected to participate in the VIOXX settlement some 14 months earlier and during that time never voiced and desire to rescind the election. At the time he contends the email was sent in January of 2009 had failed to request we withdraw his election to participate. It was not until April of 2009, when Mr. Benjamin filed his motion to rescind and vacate that first mention was made of Mr. Weeks desire to forfeit his $286,767.00 Vioxx award. It is reasonable to assume the rejection is based on Mr. Benjamin recommendations.

Mr. Benjamin's recommendations that Mr. Weeks forfeit his $286,767.00, award is not in Mr. Week's best interest and will likely result in a significant prejudice to Mr. Weeks.

From Mr. Benjamin's motion, it is reasonable to assume he has advised Mr. Weeks that he is likely to obtain a better recovery outside of the settlement program. Such a recommendation is clearly not in Mr. Weeks' best interest given Mr. Benjamin has failed to obtain a single expert report or opinion in Mr. Weeks' case to support such a position and has continually violated court orders and deadlines on other such similar cases before this court and other courts. (See Third

5

Circuit Court's findings, the refusal of Mr. Benjamin to comply with discovery orders has ultimately cost his clients their day in court. See page 7 of this Court's "Orders and Reasons"; citing In re Diet Drugs Prods. Liab. Litig., 30 F. App'x 27, 28-29 (3d Cir. 2002). In this case, Mr. Benjamin's failure to comply with court discovery orders makes it highly unlikely that Mr. Benjamin will secure Mr. Weeks a more favorable recovery than we have obtained for him in this case.

## CONCLUSION

For the foregoing reasons Plaintiff counsel requests this Honorable court sanction Mr. Benjamin by striking the allegations made as to the actions of the Plaintiff's counsel particularly that we committed fraud or duress in the handling of Mr. Weeks' claim, find that Mr. Weeks entered into the settlement knowingly, willingly and without duress and that Maria Tejedor was the legal representative of Mr. Weeks at the time the settlement was awarded on Mr. Weeks' behalf and preclude Mr. Benjamin from filing any further pleadings on Mr. Weeks behalf before this Court.

## LR 7.1(a) CERTIFICATE OF COMPLIANCE[i]

Counsel hereby certifies that he conferred in good faith with the defendant regarding the issues and they have no objection to the motion.

## RULE 11 (c)(1)(a) CERTIFICATION OF 21-DAY SERVICE[ii]

Plaintiff's counsel hereby certifies that she served this motion on Ronald Benjamin more than 21 days before filing it, and the challenged paper has not been withdrawn.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2009, I electronically filed the foregoing with the Clerk of the Court by utilizing the CM/ECF system, which will send a notice of electronic filing to Plaintiff's Liaison Counsel, Russ M. Herman, Esq., Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., New Orleans, LA 70113, Defendants' Liaison Counsel, Phillip A. Wittman, Esq., Stone, Pigman, Walther, Wittman, LLC, 546 Carondelet Street, New Orleans, LA 70130, Ronald R. Benjamin, Esq., 126 Riverside Dr., P.O. Box 607, Binghamton, NY 13902-0607, and a courtesy copy via U.S. Mail to Mr. Gene Weeks, 35241 CR 439 Eustis, FL 32736.

                                          **s/Maria D. Tejedor**

                                          Maria D. Tejedor, Esq.
                                          FBN: 0095834
                                          Diez-Arguelles & Tejedor
                                          540 Semoran Blvd.
                                          Orlando, FL 32807
                                          (407) 381-4123