UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   VIOXX<br>             Product Liability Litigation<br><br>Gene Weeks,<br><br>                    Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>                    Defendant. | MDL NO. 1657<br><br>SECTION: L<br><br>Case No. 2:05-cv-04578-EEF-DEK<br><br>Judge Fallon |

### PLAINTIFF COUNSEL MARIA TEJEDOR'S MOTION TO ENFORCE SETTLEMENT BETWEEN MERCK AND GENE WEEKS AS DEEMED TO HAVE BEEN ENTERED INTO KNOWINGLY AND VOLUNTARILY, AND ALLOW PLAINTIFF'S COUNSEL TO DISPERSE FUNDS TO GENE WEEKS AND COLLECT FEES AND COSTS

Comes Now, Plaintiff's Counsel, Maria D. Tejedor, pursuant to a written representation agreement entered into by the Plaintiff, Gene Weeks, and his Counsel, Maria D. Tejedor, hereby moves the Court to enforce the settlement between Merck and Gene Weeks as deemed to have been entered into knowingly and voluntarily, and allow Plaintiff's Counsel to disperse funds to Gene Weeks and collect fees and costs. The grounds for this motion are set forth as follows:

1. On March 04, 2005, the Plaintiff, Gene Weeks, entered into a written representation agreement with attorney, Maria D. Tejedor, and the law firm of Diez-Arguelles & Tejedor. (Please see attached Plaintiff's Exhibit "A" Representation Agreement).

2. Mr. Weeks knowingly and voluntarily entered into the written representation agreement hiring our law firm as Counsel for the case at hand. This written agreement specifically delineates the method of payment for fees and costs relating to Counsel's legal services. (Please see attached Plaintiff's Exhibit "A" Representation Agreement).

3. The law firm has represented Mr. Weeks diligently since March 04, 2005, and throughout the entire Multi District Litigation process. We have complied with all deadlines, court orders, and all requirements to date to ensure successful recovery for Mr. Weeks.

4. On November 22, 2007, Mr. Weeks knowingly and voluntarily endorsed an election to participate in the Vioxx Settlement Program after receiving and reading a complete description of the program's terms. (Please see attached Plaintiff's Exhibit "B" Correspondence Explaining Settlement Program, Complete Description of Settlement Program, Claims Evaluation Samples, and Election to Participate).

5. On January 30, 2008, Mr. Weeks knowingly and voluntarily endorsed a Release of All Claims in exchange for his participation in the Vioxx Settlement Program. (Please see attached Plaintiff's Exhibit "C" Release of All Claims). The law firm provided Mr. Weeks with a copy of the release and he was given the opportunity to carefully read and review the release prior to signing it.

6. On May 04, 2009, the law firm successfully obtained a Notice of Eligibility from the Vioxx claims administrator(s) and forwarded the same to Mr. Weeks' attention. (Please see attached Plaintiff's Exhibit "D" Notice of Eligibility). On May 08, 2009, after more than four (4) years of litigation, we obtained a Notice of Points Award and forwarded the same to Mr. Weeks' attention. (Please see attached Plaintiff's Exhibit "E" Notice of Points Award). Mr. Weeks was awarded 120.74 points for an award of approximately $229,406.00.

7. After providing over four (4) years of litigation, on May 14, 2009, ten (10) days after his claim was approved and six (6) days after he was awarded a settlement, the law firm received a letter from Mr. Weeks advising that he would no longer require our representation in this case as he was being represented by another law firm. (Please see Plaintiff's Exhibit "F" Correspondence from Mr. Weeks). Mr. Weeks failed to give any due cause for the requested termination.

8. Upon reviewing Mr. Weeks' Notice of Points Award, the law firm realized that there was a deduction error resulting in a twenty (20) percent decrease in total points awarded. As the law firm was not given cause for termination, and therefore, were still serving as Plaintiff's Counsel of record, we filed a Notice of Points Award Appeal. (Please see Plaintiff's Exhibit "G" Notice of Points Award Appeal). The law firm's efforts and successful appeal resulted in a substantial points increase for Mr. Weeks, changing his settlement amount from approximately $229,406.00 to $286,834.00. (Please see Plaintiff's Exhibit "H" Post-Appeal Notice of Points Award).

9. On April 22, 2009, Ronald Benjamin, an attorney who is now involved in this case, filed a Motion to Vacate, Rescind or Declare Releases Null and void as well as Motions to Recuse the Court on behalf of Mr. Weeks. However, despite being Plaintiff's Counsel of record up to that time, we had not been notified by Mr. Benjamin that he represents Mr. Weeks and were not served with the pleadings filed by Mr. Benjamin.

10. Mr. Benjamin agreed to represent Mr. Weeks while the claim and settlement thereof was already being handled by our law firm.

11. Mr. Weeks was represented by our law firm when his settlement claim was approved. Mr. Weeks then attempted to terminate our representation without due cause after this settlement was reached. Subsequently, the law firm prevailed on an appeal resulting in a significantly increased recovery for Mr. Weeks.

12. The diligent representation by our law firm over the past four (4) years has conferred a substantial benefit upon Mr. Weeks, and therefore, we are lawfully and rightfully entitled to collect attorneys' fees and costs owed pursuant to the representation contract and associated with the settlement of this case.

WHEREFORE, Plaintiff's Counsel respectfully request to have this Court enforce the settlement between Merck and Gene Weeks as deemed to have been entered into knowingly

and voluntarily, and allow Plaintiff's Counsel to disperse funds to Gene Weeks and collect fees and costs, as well as the common benefit attorney's fees and costs, and make payment of all liens associated with this case.

### LR 7.1(a) CERTIFICATE OF COMPLIANCE[i]

Counsel hereby certifies that he conferred in good faith with the defendant regarding the issues and they have no objection to the motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2009, I electronically filed the foregoing with the Clerk of the Court by utilizing the CM/ECF system, which will send a notice of electronic filing to Plaintiff's Liaison Counsel, Russ M. Herman, Esq., Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., New Orleans, LA 70113, Defendants' Liaison Counsel, Phillip A. Wittman, Esq., Stone, Pigman, Walther, Wittman, LLC, 546 Carondelet Street, New Orleans, LA 70130, Ronald R. Benjamin, Esq., 126 Riverside Dr., P.O. Box 607, Binghamton, NY 13902-0607, and a courtesy copy via U.S. Mail to Mr. Gene Weeks, 35241 CR 439 Eustis, FL 32736.

s/Maria D. Tejedor

Maria D. Tejedor, Esq.
FBN: 0095834
Diez-Arguelles & Tejedor
540 Semoran Blvd.
Orlando, FL 32807
(407) 381-4123