# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:

Plaintiff's Name:

Case Name:

Case Number:

## DEFENDANT MERCK & CO., INC.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Merck & Co., Inc. ("Merck"), by and through counsel, propounds on Plaintiff the following First Set of Interrogatories pursuant to Fed. Rule Civ. Pro. 33. Plaintiff shall answer fully in writing and under oath within the applicable deadlines.

The following Definitions and Instructions are applicable and are expressly incorporated into these Interrogatories:

## DEFINITIONS AND INSTRUCTIONS

1.      "Merck & Co., Inc." and "Merck" means any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant and by whatever name known, and all present and former officers, directors, employees,

trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

2.      "Plaintiff" or "you" or "your" or "yourself" means Plaintiff(s), any of his or her agents, representatives or assigns, as well as any person acting or purporting to act on his or her behalf.

3.      "Vioxx®" means the prescription drug with the chemical name rofecoxib which is the subject of this lawsuit.

4.      "Document" means any writing or record of any type, however produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries, minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind or description.

5.      The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

6.      A response to a request contained in these Interrogatories to "identify" a document shall be sufficient if the individual having custody of the document

is identified by name and address, and the document is identified or described by (a) the date, (b) the author, (c) the addressee(s), (d) the type of document (i.e., letter, memorandum, note, etc.), (e) the subject matter, and (f) the number of pages.  In lieu of identifying a document, you may attach a copy of such document or documents to your answers to these Interrogatories.

        7.    A request to "identify" a person shall be construed as a request for (a) the full name of such person, (b) all other names which such person has used for him or herself, (c) the social security number of such person, (d) the date and place of birth of such person, (e) the present employer of such person, (f) the present office or business address and business telephone number of such person, (g) the present residential address and residential telephone number of such person, (h) the nature of the relationship between the plaintiff and such person, (i) the dates of commencement and termination of that relationship, and (j) the reason for the termination of that relationship.  If you do not know or cannot determine the present address, telephone number or present employer of any person referred to in your answers to these Interrogatories, please give the last known address, telephone number or employer.

        8.    Throughout these interrogatories, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural.  Where the word "or" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or."  Where the word "include" or "including" appears, the meaning intended is "including, but not limited to."

        9.    When requested to "state each fact" or the "facts upon which you rely" relating to any allegation, fact, legal theory, contention or denial, please furnish a

full and complete statement of the factual basis of any such allegation, fact, legal theory,
contention or denial, the reason or rationale that such facts so relate or pertain and how
such facts so relate or pertain.

## **INTERROGATORIES**

INTERROGATORY NO. 1

      Please identify, for the present civil action, the title of the action, the civil
action number, the name of the court in which this action was filed, the name of the court
in which this action is currently pending, and the full name, address, telephone number,
and facsimile number of the principal attorney representing you in this action.

      ANSWER:

INTERROGATORY NO 2:

        Please identify each person having knowledge or information regarding the facts, circumstances, injuries, damages, or allegations contained in your Complaint.

        ANSWER:

INTERROGATORY NO. 3:

        Provide the factual basis and a computation for each category of damages you claim and identify all documents upon which you will rely in support of each category of damages.

        ANSWER:

INTERROGATORY NO. 4:

Please state whether you have been reimbursed or filed a claim under an insurance policy with respect to alleged injuries that form the basis of this action. If so, for each claim, identify the person with whom you filed a claim, the insurer, the policyholder, the policy number, and the claim number.

ANSWER:

INTERROGATORY NO. 5:

State whether you have undergone a physical examination in connection with any application for life insurance since January 1, 1990. If so, state the date of any such examination, where it was conducted, who conducted the examination, whether there is a report of such physical examination and the life insurance company on whose behalf the examination was conducted. If a report was made, attach a true copy. If any such physical examination resulted in denial of your application, please describe such action.

ANSWER:

INTERROGATORY NO. 6:

Identify all information, instructions, warnings, or precautions about Vioxx obtained by you from any source. For each item of information, instruction, warning, or precaution, identify the source, the date you received it, and if you relied upon it in any manner, describe what action you took or did not take as a result.

ANSWER:

INTERROGATORY NO. 7:

State whether you have ever filed a claim (including a worker's compensation or a social security disability claim) or instituted a legal proceeding for any personal, economic or other injury. If so, state the date and nature of the injuries and damages claimed, the date and place of filing for each such claim or legal proceeding, the full names and addresses of all parties to the action and their attorneys, if any, the name of the court or other forum, the title of the action and the case number, and the present states if each claim or legal proceeding. If terminated, give the final result of each such claim or legal proceeding, including any monetary judgment, settlement or award.

ANSWER:

<u>INTERROGATORY NO 8:</u>

Please identify whether you are in possession of any unused Vioxx.  If so, please identify the number of tablets or amount of oral suspension in your possession, the date of the prescription to which the unused Vioxx relates, and the current location of the unused Vioxx.

<u>ANSWER:</u>

<u>INTERROGATORY NO. 9:</u>

Please identify all communications, whether oral, written or electronic (including email, communications as part of internet "chat rooms" or e-mail groups), with others not including your counsel, regarding Vioxx or your alleged injuries.

<u>ANSWER:</u>

INTERROGATORY NO 10:

Please identify whether you conducted any research on your computer regarding Vioxx, the current location of your computer, whether you ever sent and/or received any emails relating to Vioxx or your alleged injuries (other than those from your attorney), and whether you are in possession of the emails sent or received relating to Vioxx or your alleged injuries.

ANSWER:

**I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the foregoing answers are true and correct.**

| _____ | _____ | _____ |
| Signature | Print Name | Date |

Plaintiff's Counsel:

Name:_____

Address:_____

_____

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:

Plaintiff's Name:

Case Name:

Case Number:

## DEFENDANT MERCK & CO., INC.'S
## FIRST SET OF INTERROGATORIES TO LOSS OF CONSORTIUM PLAINTIFF

Defendant Merck & Co., Inc. ("Merck"), by and through counsel,

propounds on Plaintiff the following First Set of Interrogatories pursuant to Fed. Rule

Civ. Pro. 33. Plaintiff shall answer fully in writing and under oath within the applicable

deadlines.

The following Definitions and Instructions are applicable and are

expressly incorporated into these Interrogatories:

## DEFINITIONS AND INSTRUCTIONS

1.      "Merck & Co., Inc." and "Merck" means any of the subsidiaries,

divisions, departments, affiliates, predecessors, successors or offices of the defendant and

by whatever name known, and all present and former officers, directors, employees,

trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

2.     "Plaintiff" or "you" or "your" or "yourself" means Plaintiff(s) any of his or her agents, representatives or assigns, as well as any person acting or purporting to act on his or her behalf.

3.     "Vioxx®" means the prescription drug with the chemical name rofecoxib which is the subject of this lawsuit.

4.     "Document" means any writing or record of any type, however produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries, minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, x-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind or description.

5.     The term "communications" means all occasions on which information was conveyed from one person to another (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical or electronic device.

6.     A response to a request contained in these Interrogatories to "identify" a document shall be sufficient if the individual having custody of the document is

2

identified by name and address, and the document is identified or described by (a) the date, (b) the author, (c) the addressee(s), (d) the type of document (i.e., letter, memorandum, note, etc.), (e) the subject matter, and (f) the number of pages. In lieu of identifying a document, you may attach a copy of such document or documents to your answers to these Interrogatories.

       7.     A request to "identify" a person shall be construed as a request for (a) the full name of such person, (b) all other names which such person has used for him or herself, (c) the social security number of such person, (d) the date and place of birth of such person, (e) the present employer of such person, (f) the present office or business address and business telephone number of such person, (g) the present residential address and residential telephone number of such person, (h) the nature of the relationship between the plaintiff and such person, (i) the dates of commencement and termination of that relationship, and (j) the reason for the termination of that relationship. If you do not know or cannot determine the present address, telephone number or present employer of any person referred to in your answers to these Interrogatories, please give the last known address, telephone number or employer.

       8.     Throughout these interrogatories, including the definition of terms, words used in the masculine gender include the feminine; and words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusion "or" i.e., "and/or" Where the word "include" or "including" appears, the meaning intended is "including, but not limited to."

       9.     When requested to "state each fact" or the "facts upon which you rely" relating to any allegation, fact, legal theory, contention or denial, please furnish a full and

complete statement of the factual basis of any such allegation, fact, legal theory,

contention or denial, the reason or rationale that such facts so relate or pertain and how

such facts so relate or pertain.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

      With respect to your current marriage, please state the date and place of your

marriage, whether you and/or your spouse have ever separated, legally or otherwise, for

any period of time, and if so, please set forth the dates of separation and the reasons.

      ANSWER:

INTERROGATORY NO. 2:

      Please describe in detail each and every injury and damages (economic or

otherwise) that you claim to have suffered in connection with your claim for loss of

consortium.  If you claim economic loss, please set forth the basis for your calculation of

such loss.

      ANSWER:

INTERROGATORY NO 3:

State all facts that support the computation of damages that you claim to have incurred as a result of your spouse's ingestion of Vioxx, and specifically identify all testimony, documents, and things that you rely upon for these computations.

ANSWER:

INTERROGATORY NO. 4:

Please identify all communications, whether oral, written or electronic (including email, communications as part of internet "chat rooms" or e-mail groups), with others not including your counsel, regarding Vioxx, your spouse's alleged injuries, your alleged injuries.

ANSWER:

INTERROGATORY NO 5:

      Please identify whether you conducted any research on your computer regarding Vioxx, the current location of your computer, whether you ever sent and/or received any emails relating to Vioxx or your alleged injuries (other than those from your attorney) and whether you are in possession of the emails sent or received relating to Vioxx or your alleged injuries.

      <u>ANSWER:</u>

<u>INTERROGATORY NO. 6</u>:

With respect to your current marriage, please state whether you and/or your spouse has ever sought counseling for marital problems or marital difficulties and if so, please identify the person from whom each of you sought counseling, the dates counseling was obtained, and the location where counseling was obtained.  Please also provide a detailed description of the reasons for seeking counseling.

<u>ANSWER</u>:

**I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the foregoing answers are true and correct.**

| _____ | _____ | _____ |
| Signature | Print Name | Date |

Plaintiff's Counsel:

Name:_____

Address:_____

_____