IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| IN RE: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE KNOWLES |
|---|---|

**THIS DOCUMENT PERTAINS TO:**

*James Franklin on behalf of the State of Colorado v. Merck & Co., Inc.*, (D. Colo., C.A. No. 1:06-2164; Transferee No. 07 2073)

*The State of Utah v. Merck & Co., Inc.*, (D. Utah, C.A. No. 2:06-406; Transferee No. 06 9336)

*State of Alaska v. Merck & Co., Inc.*, (D. Alaska, C.A. No. 3:06-18; Transferee No. 06 3132)

### AFFIRMATION OF RICHARD D. MEADOW, ESQ. IN SUPPORT OF THE LANIER LAW FIRM'S MOTION TO WITHDRAW AS COUNSEL

I, RICHARD D. MEADOW, ESQ., affirm that:

1.     I am the Managing Attorney of The Lanier Law Firm's ("LLF") New York Office and the Chair of the Pharmaceutical Litigation Department at LLF. I submit this Affirmation with full knowledge of the facts herein.

2.     LLF has been associated as co-counsel in the above-referenced actions. Two of the actions, involving Alaska and Utah, were brought on behalf of the Attorney General's office in those states.  One action, involving Colorado, is a citizens' action brought on behalf of the taxpayers of Colorado, in which plaintiff's

counsel is essentially acting as a private attorney general. These actions are collectively referred to throughout as the "AG" actions.

3.      As this Court is aware, the Plaintiffs' Steering Committee ("PSC") has previously submitted a motion to have the AG and Third Party Payor actions assessed. Any assessment ultimately levied and received by the PSC would inure to the benefit of the "Common Benefit" attorneys who have submitted applications for recompense of their services rendered in the Vioxx litigation.

4.      In recognition of the fact that LLF has submitted a Common Benefit application for certain fees and expenses, and in recognition of the fact that certain counsel in the AG litigation expressed concern over a potential assessment of the AG actions, and further expressed that the positions taken by the respective Attorney Generals was adverse to that of the PSC, LLF sought the advice of ethics counsel to determine whether LLF was in a potential conflict within its role as co-counsel in the AG actions.

5.      In response, LLF's counsel advised that there indeed existed a conflict of interest if LLF continued to remain as co-counsel within the AG actions.

6.      As a result of this conflict of interest, and the opinion that LLF obtained, LLF is hereby moving to withdraw as co-counsel in the above-captioned actions.

7.      Counsel has communicated with co-counsel for Plaintiffs, and explained to the Plaintiffs' co-counsel the reason(s) for seeking to withdraw from the representation of the Plaintiffs.

8.      Attached to this affirmation is a proposed Order granting the requested relief.

Dated: July 7, 2009                      Respectfully submitted,

                                         **THE LANIER LAW FIRM, PLLC**
                                         Attorneys for Plaintiffs

                                         /s/ Richard D. Meadow, Esq.
                                         Richard D. Meadow, Esq.
                                         rdm@lanierlawfirm.com
                                         126 East 56th Street, 6th Floor
                                         New York, New York 10022
                                         Phone: 212-421-2800
                                         Fax: 212-421-2878