

James D. Schneller       pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471


## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA


In Re: VIOXX                            MDL DOCKET NO. 1657

     Products Liability Litigation       :

                                    SECTION : L

                            :

This Document Relates to:          JUDGE FALLON
                                    MAG. JUDGE KNOWLES

     05 - cv - 5382            :


## PLAINTIFFS' RULE 60 MOTION FOR RECONSIDERATION OF THE ORDER WHICH DISMISSES THE COMPLAINTS


    Plaintiff James D. Schneller ("plaintiff"), representing himself, and on behalf of the heirs and beneficiaries of Marjorie C. Schneller, the Estate of Marjorie Schneller, and the Estate Of George H. Schneller, requests pursuant to F.R.C.P. 60, relief in the form of vacating, amendment, rehearing, or reconsideration of the order that was entered by the Court on June 12, 2009, which directs a final deadline for submission of an expert report, stating as follows:

1)   Under Rule 60 (b) the Court may provide relief from judgment of the type provided under Rule 59 including when " (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." F.R.C.P. 60, F.R.C.P. 59  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982, 106 S. Ct. 2895 (1986)  A district court will

____ Fee _____
____ Process _____
_X_ Dktd _____
____ CtRmDep _____
____ Doc. No. _____

grant a party's motion for reconsideration in any of the three situations: the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." New Chemic (U.S.), Inc. v. Fine Grinding Corp., 948 F.Supp. 17, 18-19 (E.D.Pa.1996)  Plaintiffs claim error of law  sufficient for the Court's grant of reconsideration, and claim error of fact in the opinion, all of which is of a volume that is believed to overcome the threshold required for reconsideration, and for vacating or amending the Order.  Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350 (5th Cir.1993)

2) Argument was not expressly notified of to plaintiffs and plaintiffs if hearing were ordered could in no way have made to the Court a full submission of their proofs.  Plaintiffs further, were not requested to respond to any discovery in this matter, which is the customary practice.  Defendants have sought to cause a harsh decision by way of the vacuum of evidence that resulted from their silence.  Evidence submitted, meanwhile, would support plaintiffs' claims in abundance, but at any point that defendants may have requested strict proofs and deeper proofs, and to plaintiffs' experience, this strategy would result in a record that could mushroom to many hundreds of pages, and some proofs by their nature needful of plaintiff's testimony under oath.  These are a victim of defendant's silence, since discovery would have easily afforded the proper venue.  Plaintiffs, because of their poverty, causing inability to ensure the submission of said documentary evidence, and because of their inability to predict defendants' case, therefore awaited this order, and request an opportunity to answer any allegations of defendants and submit proofs in defense of them, at the least.

3) Plaintiffs, also, were deluged with responsibilities on the day of the Court's session, and plaintiff made his best decision, believing in great part that the motion for extension of time would be granted, or in the alternative left pending, because of the unusual circumstances in this matter, and the failure to file answers.

4) The court, with all caution on the part of plaintiffs, may have erred in the law and misapprehended fact sufficient for vacating of the order, including by:

5) Defendant has not denied plaintiffs' claims nor requested discovery on the motion for extension of time, so all allegations may be considered by the Court as if admitted.

6) The Court has stated that a period of time of 18 months is sufficient or beyond the usual, for the submission of the expert report, but plaintiffs are forced to raise the fact that such a time frame is not unusual and that plaintiffs have encountered an extraordinary amount of obstruction, so that the Order is harsh or unfair and unreasonable.

7) Plaintiffs fear that they may experience a routine effort by defendant and/or other entities who stand to gain from such effort, to let it be known in the marketplace that experts must not offer their services to self represented plaintiffs in this case, at risk of retribution.

8) The Court has dismissed rather than discern which counts may proceed despite the Court's findings, which is claimed to be the state of affairs.   For instance, defendants are accused of fraud, conspiracy, damages, and infliction of emotional distress , and under Pennsylvania law, trial of these claims does not require any expert report in circumstances like those that are the basis of this case.

9) Plaintiffs claim that the proofs available to them in this case constitute a cause that is provable to any jury and any everyday observer without testimony by an expert because the medical proofs are readily understood by the common man, and/or constitute a cause of action for res ipsa loquitor, and as such require under Pennsylvania law no expert testimony, so that no expert report is required.   Said claims are abundantly supported by the fact that toxicity and the causative link have been proven in this MDL.

10) The extension of time agreed to by defendant until May 27, 2009, to serve the required expert report, was a good faith agreement by parties and did not include any element of finality nor admission of delay nor wrongdoing by plaintiffs in the agreement.

11) The records and notably the certifications of completeness of records in this case, that are refused to be provided by certain medical providors who treated the Vioxx ingesting

plaintiff, are feasibly and, in fact, likely to be, very prohibitive to any expert's ability or willingness to certify this case.

12) The Court may have not misapprehended or fully weighted plaintiffs' claim of intentional, retaliatory, conspiratorial, and obstructive witholding of funds and depletion of resources of plaintiffs, which has prevented the availability of expert review that is necessary in this action.

13) Even if plaintiffs' trustee has recently stated that funds may be available for an expert, this trustee formerly, for more than two years, expressly denied such funds, causing circumstances where Courts perceived plaintiffs as being without resources and as causing the delays encountered, which the conspirators, which are likely to include defendant, including due to the the availability of time caused by their dilatoriness, utilized to falsely portray the plaintiffs as the delaying party, whereas in reality these are characterizations that are not based on reality, but the results further including a stigma to plaintiffs and a further, albeit unfounded, impetus to courts and experts to avoid credence otherwise grantable to plaintiffs' circumstances.

14) The stay imposed by the Court remains in effect and the plaintiffs at the same time have complied to the best of their ability to comply with pretrial Order No. 28

15) Defendants despite phone calls failed to answer the objections in any way until plaintiff wrote them a second time

16) Defendants have shown bad faith in failing to answer plaintiffs' objections to defendant's Merck Profile Form, which stood likely to substantially affect this matter.

17) The Merck Profile Form contains so little information as to support a claim by plaintiffs that defendant conceals or delays information improperly

18) Plaintiffs due to circumstances, are beholden to claim that PTO 30 unfairly and in a deprival of rights, prevents plaintiffs from serving discovery on defendants and related parties as to the MSA negotiation process, that the Master Settlement Agreement should not have been finalized without adherence to Rule 23, and that the sum of activity and avenues directed in PTO 28 et al, including the latter objections,  and objections in plaintiffs' other pleadings in this case, inflicts an unfair and unreasonable burden on self

represented litigants that causes losses of rights to access to courts, remedy for injury, and justice, all of these inflicted in circumstances of egregious acts' of defendants, knowingly made, that are the basis of this MDL.

19) Such other reasons as exist or arise.


WHEREFORE, plaintiffs respectfully request that reconsideration be granted of the order which directs a final extension of time, and that the order be vacated, with a finding that the case may proceed to trial.


WHEREFORE, plaintiffs respectfully request that the Court amend said Order so that counts may remain in force against the pertinent defendants, as determined on a count-by-count basis.


WHEREFORE, plaintiffs respectfully request the Court to direct plaintiffs to apprise the Court at 45 day intervals what efforts they have made to obtain any required expert report.


I, James Schneller, solemnly affirm and attest that the statements made in this motion are true and correct. I understand that false statements herein are made subject to penalty of perjury.


James D. Schneller                pro se
500 East Lancaster Ave.  # 111d
Radnor, PA 19087      610-688-9471

Date:  June 25, 2009

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                          :        MDL DOCKET NO. 1657

PRODUCTS LIABILITY LITIGATION

                                                       :

James D. Schneller, Trustee ad Litem for the
Individuals Entitled to Relief Due to the                       Civil Action No.  05 - 5382
Wrongful Death of Marjorie C. Schneller, et al  :
                                    plaintiffs
v.                                                     :

Merck & Company, Inc.,      defendant          :


CERTIFICATE OF SERVICE


        I, James D. Schneller, hereby certify that I served a true and correct copy of the within
Motion upon the following, by electronic mail or by fax, as follows:
:
Phillip Wittmann Esquire
Dorothy Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet St.
New Orleans, LA 70130
dwimberly@stonepigman.com

John Poulos Esquire
Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302
poulos@hugheshubbard.com

M. Elaine Horn, Esquire
Williams & Connolly, LLP
725 Twelfth St., NW
Washington, DC 20005
ehorn@wc.com

Russ Herman Esquire
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA   70170
rherman@hhkc.com


Mrs. Susan Giamportone Esquire
Womble Carlyle Sandridge & Rice PLLC
2530 Meridian Parkway, Suite 400 (Durham), 27713, P.O. Box 13069
Research Triangle Park, North Carolina 27709
sgiamportone@wcsr.com

Joshua G. Schiller Esquire
Dechert LLP
1717 Arch Street    Ste. 4000
Philadelphia, PA 19103
Joshua.schiller@dechert.com

Gregory L. Kallett Esquire
Eckert Seamans Cherin & Mellott LLC
1818 Market Street   13th Floor
Philadelphia, PA 19103
gkallet@eckertseamans.com

Arnold Levin
Levin, Fishbein, Sedrad & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3875
alevin@lfsblaw.com

Thomas R. Kline
Kline & Specter, PC
1525 Locust St., Suite 1900
Philadelphia, PA 19102
tom.kline@klinespecter.com

Andy D. Birchfield, Jr.
Beasley, Allen, Crow, Methvin, Portis &  Miles, PC
Post Office Box 4160
Montgomery, AL 36103
andy.birchfield@beasleyallen.com

Richard J. Arsenault
Neblett Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71309-1190
rarsenault@nbalawfirm.com

Goforth & Lewis, LLP
1111 Bagby, Suite 2200
Houston, TX 77002
Shellysanford@goforthlewis.com

Troy A. Rafferty
Levin, Papantonio
P.O. Box 12308
Pensacola, FL 32591
trafferty@levinlaw.com

Mark P. Robinson, Jr.
Robinson, Calcagnie & Robinson
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660
mrobinson@rcrlaw.net

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
cseeger@seegerweiss.com

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 30th Floor
San Francisco, CA 94111
ecabraser@lchb.com

Gerald E. Meunier
Gainsburgh, Benjamin, Davis, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
gmeunier@gainsben.com

Drew Ranier
Ranier Gayle & Elliot
1419 Ryan St.
Lake Charles, LA 70601
dranier@rgelaw.com

Christopher V. Tisi
Ashcraft & Gerel, LLP
2000 L St. NW, Suite 400
Washington, DC 20036
Cvtisi@aol.com

John H. Beisner
O'Melveny & Meyers LLP
1625 Eye St.
Washington, DC 20006
jbeisner@omm.com

Richard C. Stanley
Stanley, Flanagan & Reuter, LLC
909 Poydras St., Suite 2500
New Orleans, LA 70112
rcs@sfr-lawfirm.com

The Branch Law Firm
2025 Rio Grande Boulevard NW
Albuquerque, New Mexico 87104

Cellino and Barnes P.C.
2500 Main Place Tower
350 Main Street
Buffalo, New York 14202

Carey & Danis
8235 Forsyth Blvd., Suite 1100
St. Louis, Missouri 63105
Law Offices of Frank J. D'Amico, Jr.
622 Baronne St.
New Orleans , LA 70113

Griffin & Associates
P.O. Box 968
Jackson , MS 39205-0968

Michael Hingle & Associates, Inc.
220 Gause Blvd.
Suite 200
P. O. Box 1129
Slidell , LA 70459

Susana Valencia-Bernal
P. O. Box 740733
Boynton Beach, FL 33474-0733

Ronald Benjamin Esquire
126 Riverside Drive
Binghamton, NY 13902

Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 - 19th Street North
Birmingham, Alabama 35203

Jones, Swanson, Huddell & Garrison, L.L.C.
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

Kelley & Ferraro LLP
2200 Key Tower
127 Public Square
Cleveland, Ohio 44114

McAfee Law Firm, P.C.
P.O. Box 656
1033 Virginia Avenue
Norton, Va 24273

The Singleton Law Firm
4050 Linwood Ave.
Shreveport, LA 71108

The Simon Law Firm, P.C.
701 Market St., Suite. 1450
St. Louis, MO 63101

_James D. Schneller_

James D. Schneller

Date:   June 26, 2009

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

     Products Liability Litigation

This Document Relates to:

     05 -  cv - 5382

:

:

:

:

:

MDL DOCKET NO. 1657

SECTION : L

JUDGE FALLON
MAG. JUDGE KNOWLES

ORDER

AND NOW, this _____day of _____, 2009, upon consideration of plaintiff 's Motion for relief from the Order granting final extension of time, it is hereby ORDERED that the Order is vacated.   Plaintiffs' counts for

_____

_____ do not require any expert report and may proceed.

Plaintiff shall file a status report pertaining to efforts to obtain expert report by July 10, 2009

_____

UNITED STATES DISTRICT JUDGE

- 1 -

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

      Products Liability Litigation

This Document Relates to:

      05 - cv - 5382

:

:

:

:

:

MDL DOCKET NO. 1657

SECTION : L

JUDGE FALLON
MAG. JUDGE KNOWLES

**NOTICE OF MOTION**

TO:   Joshua Schiller Esquire, Dorothy H. Wimberly

PLEASE TAKE NOTICE that I will apply to the above named Court, Judge Eldon E. Fallon presiding, at 500 Poydras Street, New Orleans, LA 70130, on July 8, 2009 , at 9:00 A.M, or such time as decided upon by the Court, for an Order which grants amendment, rehearing, and reconsideration of the Order which directs a final extension of time to file an expert report as required under PTO 28.

Dated:  June 25, 2009

James Schneller         pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471