UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| GENE WEEKS, KRISTINE CRAMER, | * | SECTION L |
| NATHAN WILKINS, VIRGINIA PICKET, | * | |
| SUSAN SMITH, on behalf of themselves and | * | JUDGE ELDON E. FALLON |
| all other similarly situated, | * | |
| | * | MAGISTRATE JUDGE |
|                 Plaintiffs, | * | KNOWLES |
| versus | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
|                 Defendant. | * | |
| | * | |
| Civil Action No. 2:09-cv-03713 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION AND INCORPORATED MEMORANDUM TO STAY
PROCEEDINGS PENDING DECISION ON MOTION TO STRIKE**

Defendant Merck & Co., Inc. ("Merck") respectfully moves the Court to stay discovery in this action pending the Court's decision on Merck's Motion To Strike Class Allegations In Plaintiffs' First Amended Complaint.

As set forth below, a stay of this action is appropriate to avoid unnecessary effort and expense because much (if not all) of the discovery requested by plaintiffs will be rendered irrelevant should Merck prevail on its motion to strike plaintiffs' class allegations.

**BACKGROUND**

In this proposed class action, originally filed before Judge Higbee, four named plaintiffs allege that they were "browbeaten" into participating in the Vioxx settlement (Compl. ¶ 73), and that the settlement is "unconscionable and contrary to public policy" (*id*. ¶ 19). Specifically,

984522v.1

plaintiffs claim that "the Plaintiff Liaison Committee . . . combined with a few other private attorneys . . . entered into negotiations with defendant Merck for the purpose of resolving all personal-injury claims in the United States" (*id.* ¶ 14), that the parties entered into a settlement agreement on November 9, 2007 (*see id.* ¶ 15), that "the aforesaid agreement was negotiated with no formal judicial supervision or approval," and that no "court has reviewed the fairness of the settlement" (*id.* ¶ 16). Plaintiffs also claim that Section 1.2.8 of the Agreement, regarding certain undertakings by lawyers to recommend the settlement to their clients, "contravene[s] New Jersey's Code of Professional Responsibility." (*See id.* ¶ 18.) Based on these allegations, plaintiffs seek: (1) to certify a class of "all litigants who had personal-injury actions pending in any jurisdiction of the United States alleging damages as a result of ingestion of Vioxx, subject to the 'all in' provisions of the MSA [who] consented to . . . accept the terms of the MSA ***for fear of losing their retained counsel***" (*id.* Relief Requested (emphasis added)); (2) a declaratory judgment that "the MSA [is] null, void, unenforceable and of no legal effect" (*id.*); (3) an order requiring Merck "to provide notice to each and every class member that they are not bound by the terms of the MSA" (*id.*); and (4) attorneys' fees (*id.*). Merck filed a motion to strike the class allegations in plaintiffs' complaint on June 22, 2009 arguing, *inter alia*, that plaintiffs' proposed class definition is entirely subjective and that the Court would be required to improperly delve into the merits of plaintiffs' claims to decide their class certification motion.

On June 10, 2009, plaintiffs served discovery requests on Merck. These requests sought information regarding, *inter alia*:

- "[E]ach and every person who participated in or had responsibility for drafting or writing the original, interim and final versions of the 'all in' provisions 1.2.8, 1.2.8.1 and 1.2.8.2 of the Master Settlement Agreement." (Interrog. No. 1.)

- "[E]ach communication between Merck and its representatives which discussed such 'all in' provisions and indicate the date(s) thereof." (Interrog. No. 5.)

2

- The "total number of lawsuits that was pending against you in any court in the United States as of November 9, 2007, in which damages were sought based on allegations that your product Vioxx was or is a cause of personal injury sustained by the plaintiff(s)." (Interrog. No. 7.)

- "[T]he total number of personal injury actions which were pending against you in, or became part of, MDL 1657 on or before November 9, 2007." (Interrog. No. 8.)

- "[T]he number of communications you have received from attorneys representing plaintiffs in Vioxx litigation in the United States who have resigned from representing particular plaintiffs." (Interrog. No. 14.)

Merck now moves to stay discovery in this case pending resolution of its motion to strike.

## ARGUMENT

Under Federal Rule of Civil Procedure 26(c), federal courts have the discretion to stay discovery when doing so would promote efficiency and prevent undue burden and expense. *See, e.g.*, *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir. 1983). A stay of discovery is particularly appropriate where – as here – resolution of a pending motion has the "potential[] [to] restrict[] the scope of discovery significantly." *U.S. v. Real Property Known as 1111 Wilma Ave., Savannah, Ga.*, No. CV 409-052, 2009 WL 1834149, at *1 (S.D. Ga. June 25, 2009) (citing *White v. Georgia*, No. 1:07-cv-01739-WSD, 2007 WL 3170105, at *2 (N.D.Ga. Oct. 25 2007)).

Plaintiffs in this case have served discovery requests that will be rendered largely irrelevant should the Court grant Merck's motion to strike. As noted above, plaintiffs have requested information regarding the number of personal injury suits pending against Merck at the time of the settlement and communications from *other* attorneys who have resigned from representing *other* plaintiffs. None of these requests would be remotely relevant if plaintiffs' class claims are dismissed. On the contrary, each of these requests is intended to collect evidence regarding putative class members. The Court and the parties should not be engaged in

3

class-related discovery issues until it is determined that plaintiffs' class allegations survive Merck's motion to strike. Indeed, that is the very reason why courts consider motions to strike – to forgo discovery if class certification issues can be resolved based on the pleadings. *See Bennett v. Nucor Corp.*, No. 3:04CV00291SWW, 2005 WL 1773948, at *2 n.1 (E.D. Ark. July 6, 2005) (granting motion to strike where "further discovery regarding the class certification issue would be futile"); *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. 07-4925, 2008 WL 4056244, at *7 (D.N.J. Aug. 26, 2008) (granting motion to strike and noting that "[a] defendant may move to strike class allegations prior to discovery" in cases where it is clear from complaint "that the requirements for maintaining a class action cannot be met").[1]

Allowing plaintiffs to proceed with their discovery now would be particularly inappropriate because the discovery they seek would impinge on numerous, privileged attorney-client communications. For example, plaintiffs are seeking information regarding "each and every person who participated in or had responsibility for drafting or writing the original, interim and final versions" of certain aspects of the settlement agreement, as well as "every communication" by Merck discussing those aspects of the settlement. (*See, e.g.*, Interrog. No. 1, 5.) As this Court is well aware, Merck's counsel played a substantial role in the development of the settlement provisions at issue. Requiring the Company to reveal the role of each individual involved in creating those provisions – as well as all communications by Merck representatives that mention them – would inevitably call for the disclosure of countless attorney-client communications and attorney work product materials.

---

[1]   Merck's motion should be granted for the further reason that this case is already subject to the temporary stay imposed by PTO 30. PTO 30 states that, with limited exceptions not applicable here, "[a]ll activities in this MDL proceeding (including all activities in each case in which a plaintiff is eligible to participate in the Resolution Program) are hereby stayed pending further order of this Court." PTO 30 contains no language to suggest the case at bar is otherwise exempt from its terms.

For all of these reasons, a stay of discovery would be in the interests of all parties and would conserve judicial resources.

## CONCLUSION

For all of the foregoing reasons, Merck respectfully requests that the Court grant its motion to stay discovery in this case pending the Court's decision on its motion to strike the class allegations in plaintiffs' amended complaint.

Dated:  July 13, 2009

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK & CO., INC.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Incorporated Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13thth day of July, 2009.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel