# EXHIBIT H



25962850

Jul 6 2009  2:08PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| All Government Actions | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| ********************************************* | * | |

**RESPONSES AND OBJECTIONS OF MERCK & CO., INC. TO
GOVERNMENT ACTION PLAINTIFFS' FIRST SET OF MASTER
DOCUMENT REQUESTS TO DEFENDANT MERCK & CO, INC.**

Merck & Co., Inc. ("Merck"), by and through its attorneys, responds and objects to

Government Action Plaintiffs' First Set of Master Document Requests to Defendant Merck &

Co., Inc. (the "Requests") as follows:

**PRELIMINARY STATEMENT**

By agreement of the parties[1], the information being provided herein is for the State of

Louisiana only; information relating to the other Government Action Plaintiffs will be provided

in accordance with the schedule agreed to by the parties.  In addition, Merck incorporates its

September 15, 2005 responses to the Plaintiffs' Steering Committee's First Request for

Production of Documents[2], which Merck's counsel previously shared with counsel for the

---

[1]  *See* June 19, 2009 email from Douglas Plymale to Brian Anderson and June 19, 2009 email from
Dawn Barrios to Brian Anderson.

[2]  As well as Merck's Oct 12, 2006 Amended and Supplemental Responses to Plaintiffs' Steering
Committee's First Request for Production of Documents.

Government Action Plaintiffs, to the extent those responses contain information relevant to the discovery sought herein.

**<u>GENERAL OBJECTIONS</u>**

1.      Merck objects to these Requests to the extent they are vague, ambiguous, argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck further objects to these Requests to the extent they seek information or documents, or otherwise purport to impose obligations upon Merck, beyond those permitted by the Federal Rules of Civil Procedure and/or any applicable Order of the Court.

2.      Merck objects to these Requests to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure.  Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to these Requests; on the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.      Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such

- 2 -

documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4. Merck objects to these Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®. Merck will not produce such information or documents.

5. Merck objects to these Requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. Merck objects further to these Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.  Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts, departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6. Merck objects to these Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent they seek information or documents:

- 3 -

      i)      Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

      ii)     Pertaining to alleged adverse experiences associated with Vioxx other than those claimed; or

      iii)    Pertaining to promotion or advertising other than that allegedly relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

      7.     Merck objects to these Requests to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential and proprietary, consists of trade secrets, and is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck will not produce such information.

      8.     Merck objects to these Requests to the extent they seek any other confidential or proprietary information or trade secrets. Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance upon the protective

order entered in this matter (*viz*. Pre-Trial Order Nos. 13, 13A, 13B, and 13C), and in some cases, only with additional confidentiality protections.  In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.      Merck objects to these Requests as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off.  The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible.

10.      Merck objects to these Requests as improper to the extent they call for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies. Except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia. This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside

- 5 -

the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports.  Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections.

11.     Merck objects to these Requests to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and would be irrelevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck will not produce such documents or information.  Merck further objects to these Requests to the extent they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law.  Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital, or other institution.

12.     Merck objects to these Requests to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx.  Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally

- 6 -

associated with a patient's treatment with Vioxx and reports those adverse experiences to the
FDA without regard to whether Vioxx causes such adverse experiences.  The reporting of an
adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or
contributed to the experience.

13.     Merck objects to these Requests to the extent they purport to require Merck to
provide a compilation, abstract, audit, and/or other document summary that does not currently
exist.

14.     Merck objects to these Requests to the extent they call for information or
documents that are unreasonably cumulative or duplicative; outside of Merck's possession,
custody or control; or obtainable from some other source that is more convenient, less
burdensome or less expensive.

15.     Merck is responding to these Requests without waiving or intending to waive, but
on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of
competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such
documents or information for any purpose, in whole or in part, in any subsequent proceedings, in
this action or in any other action; (b) the right to object on all grounds, at any time, to document
requests, interrogatories, or other discovery procedures involving or relating to the subject of
these Requests to which Merck has responded herein; and (c) the right at any time to revise,
correct, add to, or clarify any of the answers made herein.

16.     Because of the overly broad nature of these Requests, it is not possible for Merck to anticipate all possible grounds for objection with respect thereto.  Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"

1.     Merck objects to the "Instructions" to these Requests to the extent they attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court:  to the extent Merck agrees to produce documents or information, it will do so in accordance with Federal Rule of Civil Procedure 34(b)(2)(E), any applicable Order of this Court, or by agreement of the parties.

2.     Merck objects to the "Definitions" to these Requests to the extent they attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court.

3.     Merck objects to the terms "you," "your," "yours," and "Merck" as defined in Paragraph "23" of the "Definitions" on the grounds that they are vague and ambiguous, overly broad and unduly burdensome: the responses to these Requests are by and for Merck & Co., Inc. only.

4.     Merck objects to the terms "Document" and "Communication" as defined in paragraphs "3" and "5" of the "Definitions" on the grounds that they are overly broad and unduly

- 8 -

burdensome, and to the extent they attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court.

5.     Merck objects to the terms "Payment," "Indirect funding," "Indirect payments," and "Vendor" as defined in Paragraphs "13," "14," "17," and "20" of the "Definitions" on the grounds that they are overly broad and unduly burdensome, and to the extent they attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court.

## **PRODUCTION OF DOCUMENTS**

Subject to and in reliance on the protective orders entered in this matter (*viz.* Pre-Trial Order Nos. 13, 13A, 13B, and 13C), and in some cases, only with additional confidentiality protections, Merck will produce any responsive, non-objectionable documents on CD-ROMs, portable hard drive or other electronic format as ".tiff" images, together with an associated IPRO "load" file.  Merck reserves the right to seek reimbursement for costs associated with the production of documents.

The documents Merck is producing from an individual's files consist of those non-objectionable Vioxx documents located upon a search of that individual's (1) paper files likely to contain Vioxx documents, (2) e-mail, and (3) electronic documents from the individual's desktop computers and network "home" drives, but not other shared drives or databases to which the individual may have access.  With respect to categories (2) and (3), Merck has collected electronic documents from the individual's files or folders reasonably believed to contain Vioxx

983508v.1

documents and those electronic documents from the individual's other files or folders found in a search designed to select Vioxx documents.  Merck collects and converts to .tiff format electronic documents in any of over 490 file types of graphics, PDF, presentation, projects, spreadsheet, text, web page, and word processing documents.  These include the most common file types, such as Adobe Acrobat and Microsoft Word, Excel, and PowerPoint files as well as many lesser-known file types.  However, Merck cannot convert to .tiff format certain electronic file types such as database files, including Microsoft Access and certain SAS files, and Merck has not collected them.  Merck excludes from production or redacts certain categories of documents as outside the scope of permissible discovery as described in its general and specific objections.

Merck also redacts information generated by an automatically updating field, such as an auto-date, because the information that would appear on the printed page is unrelated to anything the owner of the document would have ever seen.

### RESPONSES TO INDIVIDUAL DOCUMENT REQUESTS

Merck incorporates its General Objections in the responses that follow.  Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections.  To the extent Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance on the protective orders entered in this matter (*viz.* Pre-Trial Order Nos.13, 13A, 13B, and 13C), and in some cases, only with additional confidentiality protections.

983508v.1

**REQUEST FOR PRODUCTION NO. 1:**

All transcripts and recordings of all depositions, including errata sheets, of all current and former Merck employees, agents, representatives and experts, and all non-party witnesses in any litigation concerning VIOXX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General[3], Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 2:**

All exhibits from the depositions of all current and former Merck employees, agents, representatives and experts, and all non-party witnesses in any litigation concerning VIOXX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 3:**

All transcripts and recordings of testimony given in any action or before any tribunal, agency, or governmental or regulatory body, whether in the United States or abroad, concerning the safety, efficacy, design, testing, marketing, or sale of VIOXX.

---

[3]       *See* June 19, 2009 email from Douglas Plymale to Brian Anderson.

983508v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 4:**

**All exhibits admitted into evidence in open court in all trials and hearings in or before any tribunal, agency, or governmental or regulatory body, whether in the United States or abroad, concerning the safety, efficacy, design, testing, marketing, or sale of VIOXX.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 5:**

**All reports of any expert or fact witnesses submitted by Merck in connection with any litigation concerning VIOXX.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

983508v.1

**REQUEST FOR PRODUCTION NO. 6:**

All sworn or written statements or testimony concerning VIOXX, including but not limited to affidavits, certifications, declarations, and witness statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 7:**

All of Merck's discovery responses in any litigation concerning VIOXX, including responses to interrogatories, requests for admissions and requests for production of documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 8:**

All records (including transcripts, exhibits, and briefing) on appeal submitted in each of the appeals taken in any litigation concerning VIOXX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's

- 13 -

responses to the other Government Action Plaintiffs' discovery requests.

## REQUEST FOR PRODUCTION NO. 9:

**All documents, including databases, previously produced in this MDL and in the consolidated VIOXX proceedings in New Jersey, California and Texas, particularly the databases containing Call Notes related to or referencing VIOXX, including but not limited to the Field Activity Customer Tracking System database.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Merck objects to this Request to the extent it is duplicative of Request No. 111 of

Plaintiffs' Steering Committee's First Request for Production of Documents and therefore

cumulative and unduly burdensome.

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial

Order No. 21, it has previously produced responsive, non-objectionable case-specific

information, to the extent it exists, as part of its standard Field Activity Customer Tracking

System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call

notes.  Merck states that it has also produced an extract containing a national sample of hundreds

of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District

of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General

previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana

prescribing physicians.  Further responding, as previously represented to counsel for the

Louisiana Attorney General[4], Merck has agreed to re-produce the Merck Profile Forms

("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana

physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.  Further responding,

---

[4]       *See* June 18, 2009 email from Eben Flaster to James Dugan.

- 14 -

Merck states that it has previously made productions of Vioxx-related information from certain

databases, which productions are readily accessible by counsel for the Louisiana Attorney

General, and Merck is providing, as Appendix "A" to these responses, a list of Merck's database

productions, together with a brief description of the data included, the size of the production, and

the corresponding Bates ranges.

**REQUEST FOR PRODUCTION NO. 10:**

**All documents, data and information produced by You, whether voluntarily or involuntarily, concerning any governmental investigation initiated by any governmental entity, including the United States Senate, the FDA, the United States Department of Justice, or any state Attorney General that relate to the development, manufacture, testing, marketing, sales or distribution of VIOXX.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Merck objects to this Request to the extent it is duplicative of Requests for Production

No. 31-35 and 105 of Plaintiffs' Steering Committee's First Request for Production of

Documents and therefore cumulative and unduly burdensome.  Merck objects further to this

Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase

"voluntarily or involuntarily."  Merck objects further to this Request on the grounds that it is

overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or

defenses of any party or to the subject matter involved in this action, nor reasonably calculated to

lead to the discovery of admissible evidence, particularly insofar as it seeks documents

"concerning any governmental investigation initiated by any governmental entity."  Merck

objects further to this Request to the extent that it improperly seeks production of documents

produced pursuant to government subpoena, in that such disclosure could reveal the nature and

conduct of an ongoing investigation.  Merck objects further to this Request to the extent it seeks

983508v.1

information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure.

Subject to and without waiving its objections, Merck states that a production of communications between Merck and the FDA regarding Vioxx (including communications with DDMAC and a production of 2253 Forms), identified at Bates range MRK-AAF 0000001-0017703, has been made in response to Plaintiffs' Steering Committee's First Request for Production of Documents Nos. 31-35 and 105, which responses Merck's counsel previously shared with counsel for the Government Action Plaintiffs.  Further responding, Merck states that it has also produced certain responsive, non-objectionable, non-privileged documents which Merck previously produced to Congress.

**REQUEST FOR PRODUCTION NO. 11:**

**All documents concerning communications relating to VIOXX between Merck and officials, agents, employees and representatives of the Government Entity or agencies and any agents of such Government Entity (including outside vendors) responsible for administering Government Health Programs in and for the Government Entities, including, but not limited to, the contents of EDossier.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Merck objects to this Request on the grounds that it is argumentative, overly broad, vague and ambiguous, particularly with respect to the phrase "including, but not limited to, the contents of EDossier."

Subject to and without waiving its objections, Merck states that "eDossier" is an application that enables Merck employees to search for regulatory submissions; it does not contain communications with the Government Entities.  Merck states further that Vioxx-related regulatory submissions have been previously produced to Plaintiffs' Liaison Counsel in the

- 16 -

MDL, as described in Merck's responses to Requests for Production Nos. 28-32, 35, and 36 of Plaintiffs' Steering Committee's First Request for Production of Documents, which responses Merck's counsel previously shared with counsel for the Government Action Plaintiffs.  Further responding, as previously represented to counsel for the Louisiana Attorney General[5], Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.  Further responding, Merck states that it is producing the contract files for the Louisiana Medicaid

---

[5]  *See* June 18, 2009 email from Eben Flaster to James Dugan.

983508v.1

account and the contract files for Provider Synergies, L.L.C., Louisiana's Prescription Benefits

Manager for Medicaid, which may contain information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

**All documents concerning communications relating to VIOXX between Merck and officials, agents, employees and representatives of the Government Entity or agencies and any agents of such Government Entity other than the ones responsible for administering the Government Health Programs in and for the Government Entity, including, but not limited to, the contents of EDosssier.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Government Action Plaintiffs,

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 13:**

**All documents concerning communications relating to VIOXX between Merck and officials, agents, employees and representatives of the Centers for Medicare & Medicaid Services (CMS) (including under its previous name, the Health Care Financing Administration (HCFA)).**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

983508v.1

**REQUEST FOR PRODUCTION NO. 14:**

All "Key Territory Information" sheets or other documents describing each sales territory recognized and used by Merck in the promotion of VIOXX that encompasses any part of the political subdivisions and/or the Government Health Program of any Government Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.


**REQUEST FOR PRODUCTION NO. 15:**

Complete data concerning each VIOXX Representative who worked within the political subdivisions of each Government Entity, including: (a) last name; (b) first name; (c) middle name; (d) maiden or other name; (e) last 4 digits of the Social Security number; (f) job title(s); (g) date of hire; (h) date of termination; (i) cluster; (j) territory; (k) supervisor(s); (l) last known address(es) and telephone number(s); and (m) current employment status with Merck (e.g., active or terminated).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Merck objects to this Request to the extent it is duplicative of Requests for Production

No. 136 of Plaintiffs' Steering Committee's First Request for Production of Documents and

Interrogatory No. 24 of Plaintiffs' Steering Committee' First Set of Interrogatories, and therefore

cumulative and unduly burdensome.  Merck objects further to this Request insofar as it seeks

confidential employee information on the grounds that such discovery is not relevant to the

claims or defenses of any party or to the subject matter involved in this action, nor reasonably

calculated to lead to the discovery of admissible evidence, and would invade the privacy rights of

the affected individuals.  Merck objects further to this Request on the grounds that it is overly

broad, vague and ambiguous, particularly with respect to the phrase "complete data concerning."

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes. Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia. In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians. Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

## REQUEST FOR PRODUCTION NO. 16:

**Complete data concerning the Health Care Providers called upon by each VIOXX Representative who worked within the political subdivisions of each Government Entity, including (a) the names of such Health Care Providers, (b) the dates of each such call; (c) the written materials the VIOXX Representative showed to the Health Care Provider at each such call; (d) the written materials the VIOXX Representative gave to or left with the Health Care Provider at each such call; and (e) the samples and other materials and goods the VIOXX Representative provided to the Health Care Provider at each such call.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Merck objects further to this Request on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrase "complete data concerning."

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

**REQUEST FOR PRODUCTION NO. 17:**

**Complete data concerning the Government Health Programs called upon by each VIOXX Representative who worked within the political subdivisions of each Government Entity, including (a) the names of such representative of the Government Health Program, (b) the dates of each such call; (c) the written materials the VIOXX Representative showed to the Government Health Program at each such call; (d) the written materials the VIOXX Representative gave to or left with the Government Health Program at each such call; and (e) the samples and other materials and goods the VIOXX Representative provided to the Government Health Program at each such call.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Merck objects further to this Request on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrase "complete data concerning."

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-

- 22 -

selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition,

Merck states that it will re-produce to the Louisiana Attorney General previously-produced,

Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

Further responding, as previously represented to counsel for the Louisiana Attorney General,

Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to

Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed

Vioxx, and Merck refers counsel to those MPFs.

## REQUEST FOR PRODUCTION NO. 18:

**All data maintained by Merck concerning contacts of VIOXX Representatives with any Health Care Provider working within the political subdivision of any Government Entity, including, but not limited to, data maintained on the Field Activity Customer Tracking System (FACTS) and the Insight system.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Subject to and without waiving its objections, Merck states that, as previously

represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation

to identify the Merck employees who had significant responsibility with respect to the Louisiana

Medicaid account and has identified fourteen employees (including Government Affairs

Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C.,

Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional

Business Directors, and Regional Medical Directors) who held such positions during the relevant

time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle

(National Account Executive); Doug Jordan (National Account Executive); Doug Welch

(National Account Executive); John Fevurly (National Account Executive for relevant PBM);

- 23 -

Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official). Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes. Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia. In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians. Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

**REQUEST FOR PRODUCTION NO. 19:**

      **All data maintained by Merck concerning contacts of VIOXX Representatives with any Government Health Program working within the political subdivision of any**

- 24 -

**Government Entity, including, but not limited to, data maintained on the Field Activity Customer Tracking System (FACTS) and the Insight system.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Merck objects to this Request to the extent it is duplicative of Request for Production No. 111 of Plaintiffs' Steering Committee's First Request for Production of Documents, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame. Those employees are: Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official). Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has

previously produced responsive, non-objectionable case-specific information, to the extent it

exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production

obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has

also produced an extract containing a national sample of hundreds of thousands of randomly-

selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition,

Merck states that it will re-produce to the Louisiana Attorney General previously-produced,

Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

**REQUEST FOR PRODUCTION NO. 20:**

**All data maintained by Merck concerning educational programs relating to VIOXX that were attended by any Health Care Provider working within the political subdivision of any Government Entity, including, but not limited to data maintained in or accessible using the iMed and MESA applications.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Merck objects to this Request to the extent it is duplicative of Request for Production No.

111 of Plaintiffs' Steering Committee's First Request for Production of Documents, and

therefore cumulative and unduly burdensome.  Merck further objects to this Request to the extent

the requested information was not tracked in the ordinary course of Merck's business and is

therefore not available.

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial

Order No. 21, it has previously produced responsive, non-objectionable case-specific

information, to the extent it exists, as part of its standard Field Activity Customer Tracking

System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call

- 26 -

notes.  Merck states that it has also produced an extract containing a national sample of hundreds

of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District

of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General

previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana

prescribing physicians.  Further responding, as previously represented to counsel for the

Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs")

previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana

physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

Finally, Merck refers counsel to Merck's production of Vioxx-related data from the iMed

and MESA databases, identified at Bates range MRK-IMED 0000001-0000022.

## REQUEST FOR PRODUCTION NO. 21:

**All data maintained by Merck concerning educational programs relating to VIOXX that were attended by any Government Health Program working within the political subdivision of any Government Entity, including, but not limited to data maintained in or accessible using the iMed and MESA applications.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Merck objects to this Request to the extent it is duplicative of Request for Production No.

111 of Plaintiffs' Steering Committee's First Request for Production of Documents, and

therefore cumulative and unduly burdensome.  Merck further objects to this Request to the extent

the requested information was not tracked in the ordinary course of Merck's business and is

therefore not available.

Subject to and without waiving its objections, as previously represented to counsel for the

Louisiana Attorney General, Merck has conducted an investigation to identify the Merck

983508v.1

employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition,

983508v.1

Merck states that it will re-produce to the Louisiana Attorney General previously-produced,

Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

Finally, Merck refers counsel to Merck's production of Vioxx-related data from the iMed

and MESA databases, identified at Bates range MRK-IMED 0000001-0000022.

**REQUEST FOR PRODUCTION NO. 22:**

**All data maintained by Merck concerning VIOXX samples given by VIOXX Representatives to Health Care Providers working within the political subdivision in any Government Entity including, but not limited to, data maintained on the Sample Accountability Management (SAM) database.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 23:**

**All data maintained by Merck concerning VIOXX samples given by VIOXX Representatives to Government Health Program working within the political subdivision in any Government Entity including, but not limited to, data maintained on the Sample Accountability Management (SAM) database.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

983508v.1

**REQUEST FOR PRODUCTION NO. 24:**

      **All data maintained by Merck concerning contacts relating to VIOXX that were made by or on behalf of Health Care Providers working within the political subdivision in any Government Entity to Merck's National Service Center and National Business Group, including, but not limited to, data maintained in the Cornerstone database.**

**RESPONSE O REQUEST FOR PRODUCTION NO. 24:**

      Merck objects to this Request to the extent it is duplicative of Request for Production No. 111 of Plaintiffs' Steering Committee's First Request for Production of Documents, and therefore cumulative and unduly burdensome.

      Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

      In addition, Merck refers counsel to Merck's production of Vioxx-related data from the iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022, and

responses to Vioxx-related Professional Information Requests ("PIRs") from the Mercury

database, identified with the Bates range MRK-AKT 0000001-4391197.

## REQUEST FOR PRODUCTION NO. 25:

**All data maintained by Merck concerning contacts relating to VIOXX that were made by or on behalf of any Government Health Program working within the political subdivision in any Government Entity to Merck's National Service Center and National Business Group, including, but not limited to, data maintained in the Cornerstone database.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Merck objects to this Request to the extent it is duplicative of Request for Production No.

111 of Plaintiffs' Steering Committee's First Request for Production of Documents, and

therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, as previously represented to counsel for the

Louisiana Attorney General, Merck has conducted an investigation to identify the Merck

employees who had significant responsibility with respect to the Louisiana Medicaid account and

has identified fourteen employees (including Government Affairs Executives, National Account

Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription

Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and

Regional Medical Directors) who held such positions during the relevant time frame. Those

employees are: Holly Jacques (Government Affairs Executive); Mary Ogle (National Account

Executive); Doug Jordan (National Account Executive); Doug Welch (National Account

Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer

(National Account Executive for relevant PBM); Michael Davis (National Account Executive for

relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business

- 31 -

Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

In addition, Merck refers counsel to Merck's production of Vioxx-related data from the iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022, and responses to Vioxx-related Professional Information Requests ("PIRs") from the Mercury database, identified with the Bates range MRK-AKT 0000001-4391197.

- 32 -

## REQUEST FOR PRODUCTION NO. 26:

All documents concerning plans, including, but not limited to, business plans, promotional plans, strategic plans, tactical plans, and business updates, for the promotion of VIOXX within the political subdivisions of each Government Entity and, separately, to any Government Health Programs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Merck objects to this Request to the extent it is duplicative of Requests for Production Nos. 11, 12, 118 and 120 of Plaintiffs' Steering Committee's First Request for Production of Documents, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck

- 33 -

states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.  Further responding, Merck refers counsel to the documents identified in Merck's responses to Plaintiffs' Steering Committee's First Request for Production of Documents Nos. 11, 12, 118, and 120, which responses Merck's counsel previously shared with counsel for the Government Action Plaintiffs.

**REQUEST FOR PRODUCTION NO. 27:**

**All documents concerning the activities of VIOXX Representatives to promote VIOXX within the political subdivisions of each Government Entity and, separately, to the Government Health Program.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Merck objects to this Request to the extent it is duplicative of Request for Production No. 106 of Plaintiffs' Steering Committee's First Request for Production of Documents, and therefore cumulative and unduly burdensome.  Merck objects further to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the phrase "the activities of Vioxx Representatives to promote Vioxx."

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account

- 34 -

Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians. Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.  In addition, Merck refers counsel to Merck's production of Vioxx-related data from the iMed and MESA databases, identified at Bates range

- 35 -

MRK-IMED 0000001-0000022, and responses to Vioxx-related Professional Information

Requests ("PIRs") from the Mercury database, identified with the Bates range MRK-AKT

0000001-4391197.

Further responding, Merck refers counsel to Merck's prior production of responsive, non-

objectionable documents, including but not limited to professional promotional materials for

Vioxx, identified with the Bates range MRK-P 0000001-0011470, and professional

representative training materials, identified with the Bates range MRK-AAR 0000001-0073264.

## REQUEST FOR PRODUCTION NO. 28:

**All documents concerning the reach and frequency and effectiveness of efforts to
promote VIOXX within the political subdivisions of each Government Entity and,
separately, to any Government Health Program.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Merck objects to this Request to the extent it is duplicative of Requests for Production

Nos. 108 and 128-132 of Plaintiffs' Steering Committee's First Request for Production of

Documents, and therefore cumulative and unduly burdensome. Merck objects further to this

Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect

to the phrase "reach and frequency and effectiveness of efforts to promote Vioxx."

Subject to and without waiving its objections, as previously represented to counsel for the

Louisiana Attorney General, Merck has conducted an investigation to identify the Merck

employees who had significant responsibility with respect to the Louisiana Medicaid account and

has identified fourteen employees (including Government Affairs Executives, National Account

Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription

Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and

- 36 -

Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians. Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed

- 37 -

Vioxx, and Merck refers counsel to those MPFs.

Further responding, Merck refers counsel to Merck's prior production of responsive, non-objectionable documents, including but not limited to professional promotional materials for Vioxx, identified with the Bates range MRK-P 0000001-0011470, and professional representative training materials, identified with the Bates range MRK-AAR 0000001-0073264. Further responding, Merck refers counsel to Merck's responses to Requests for Production Nos. 108 and 128-132 of Plaintiffs' Steering Committee's First Request for Production of Documents, which responses Merck's counsel previously shared with counsel for the Government Action Plaintiffs, and to the documents identified therein.

**REQUEST FOR PRODUCTION NO. 29:**

**All documents concerning performance reviews of VIOXX Representatives relating to their work within the political subdivisions of each Government Entity and, separately, to the Government Health Programs including, but not limited to, field trip reports, sales performance reviews, personal performance grids, year end reviews, and year end employee input forms.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Merck objects to this Request insofar as it seeks confidential employee information on the ground that such discovery is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, and would invade the privacy rights of the affected individuals.  Merck objects further to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the phrase "Vioxx Representatives."

- 38 -

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning the compensation, in any form, of VIOXX Representatives who worked within the political subdivisions of each Government Entity or with any Government Health Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Merck objects to this Request insofar as it seeks confidential employee information on the ground that such discovery is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, and would invade the privacy rights of the affected individuals. Merck objects further to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the phrase "Vioxx Representatives."

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs. In addition, Merck refers counsel to Merck's production of Vioxx-related data from the iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022.

**REQUEST FOR PRODUCTION NO. 31:**

All training, motivational and promotional materials concerning VIOXX You provided to VIOXX Representatives who worked within the political subdivisions of each Government Entity or who promoted VIOXX to any Government Health Program, including, but not limited to, sales guides, scripts, sales instructions, broadcast voice-mails, sales aids, detail aids, visual aids, and information bulletins.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Merck objects to this Request to the extent it is duplicative of Requests for Production

- 39 -

Nos. 112, 115, and 125 of Plaintiffs' Steering Committee's First Request for Production of Documents, and therefore cumulative and unduly burdensome.  Merck objects further to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the phrases "motivational ... materials concerning Vioxx" and "Vioxx Representatives."

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has

983508v.1

previously produced responsive, non-objectionable case-specific information, to the extent it

exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production

obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has

also produced an extract containing a national sample of hundreds of thousands of randomly-

selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition,

Merck states that it will re-produce to the Louisiana Attorney General previously-produced,

Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

Further responding, as previously represented to counsel for the Louisiana Attorney General,

Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to

Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed

Vioxx, and Merck refers counsel to those MPFs.

Further responding, Merck refers counsel to Merck's prior production of responsive, non-

objectionable documents, including but not limited to professional promotional materials for

Vioxx, identified with the Bates range MRK-P 0000001-0011470, and professional

representative training materials, identified with the Bates range MRK-AAR 0000001-0073264.

Further responding, Merck refers counsel to Merck's responses to Requests for Production Nos.

112, 115, and 125 of Plaintiffs' Steering Committee's First Request for Production of

Documents, which responses Merck's counsel previously shared with counsel for the

Government Action Plaintiffs, and to the documents identified therein.

## REQUEST FOR PRODUCTION NO. 32:

**All documents concerning the dissemination, distribution and availability of the
following items to VIOXX Representatives who worked within the political subdivisions of
each Government Entity or who promoted VIOXX to any Government Health Program:**

(a) obstacle responses concerning VIOXX, (b) materials concerning "Obstacle JeopardXX," (c) materials concerning "Dodgeball: VIOXX," (d) materials concerning the "Cardiovascular Card" or "CV Card"; and (e) the "V-Squad/Be the Power" videos.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it

exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production

obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has

also produced an extract containing a national sample of hundreds of thousands of randomly-

selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition,

Merck states that it will re-produce to the Louisiana Attorney General previously-produced,

Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

Further responding, as previously represented to counsel for the Louisiana Attorney General,

Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to

Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed

Vioxx, and Merck refers counsel to those MPFs.

Further responding, Merck refers counsel to Merck's prior production of responsive, non-

objectionable documents, including but not limited to professional promotional materials for

Vioxx, identified with the Bates range MRK-P 0000001-0011470, and professional

representative training materials, identified with the Bates range MRK-AAR 0000001-0073264.

**REQUEST FOR PRODUCTION NO. 33:**

**All documents concerning communications relating to VIOXX between Merck and Health Care Providers working within the political subdivisions of the Government Entities, including but not limited to "Dear Doctor" and/or "Dear Health Provider" letters, call notes, materials from educational meetings and seminars, and documents concerning Professional Information Requests.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial

Order No. 21, it has previously produced responsive, non-objectionable case-specific

information, to the extent it exists, as part of its standard Field Activity Customer Tracking

- 43 -

System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

Further responding, Merck refers counsel to Merck's prior production of "Dear Doctor"/"Dear Healthcare Provider" letters, identified at Bates ranges MRK-P 0002475-0002481, 0002613-0002619, 0002733-0002739, 0002740-0002744, 0002796-0002802, 0002923-0002929, 0002930-0002935, 0005095-0005101, 0005718-0005723, 0006353-0006359, 0006808-0006813, 0007154-0007171, 0007492-0007497, 0011207-0011208, 0011253-0011259, 0011358-0011363, and 0011429-0011439 and distribution lists therefor, identified at Bates range MRK-AVH 0000001-0033152; and responses to Professional Information Requests ("PIRs") from the Mercury database, identified at Bates range MRK-AKT 0000001-4391197.  In addition, Merck refers counsel to Merck's production of Vioxx-related data from the iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022.

**REQUEST FOR PRODUCTION NO. 34:**

**All documents concerning communications relating to VIOXX between Merck and Government Health Programs working within the political subdivisions of the Government Entities, including but not limited to "Dear Doctor" and/or "Dear Health Provider" letters,**

- 44 -

call notes, materials from educational meetings and seminars, and documents concerning
**Professional Information Requests.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving its objections, Merck refers counsel to Merck's response

to Request for Production No. 33, *supra*, and to the documents identified therein.  Further

responding, Merck states that it is producing the contract files for the Louisiana Medicaid

account and the contract files for Provider Synergies, L.L.C., Louisiana's Prescription Benefits

Manager for Medicaid, which may contain information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

**All documents concerning the targeting of Health Care Providers and/or
Government Health Programs working within the political subdivision of the Government
Entities for the promotion of VIOXX, including, but not limited to, documents concerning
Top 50 A&A Target lists and Victory 50 Target lists.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Merck objects to this Request on the grounds that it is argumentative, vague and

ambiguous, particularly with respect to the phrase "the targeting of Health Care Providers and/or

Government Health Programs."

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial

Order No. 21, it has previously produced responsive, non-objectionable case-specific

information, to the extent it exists, relating to Merck's identification of Louisiana prescribing

physicians as "Top 50 A&A Targets" or "Victory 50 Targets" as part of Merck's standard Field

Activity Customer Tracking System ("FACTS") production obligations in the MDL.  In addition,

Merck states that it will re-produce to the Louisiana Attorney General previously-produced,

Vioxx-related FACTS data associated with Louisiana prescribing physicians.

- 45 -

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning the targeting of Government Health Programs working within the political subdivision of the Government Entities for the promotion of VIOXX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Merck objects to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the phrase "the targeting of Government Health Programs."

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive; Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck

- 46 -

states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

In addition Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

**REQUEST FOR PRODUCTION NO. 37:**

**All documents concerning the VIOXX, COX-2 and NSAID prescription-writing habits of Health Care Providers working within the political subdivision of the Government Entities that were shared with or made available to VIOXX Representatives, including, but not limited to, data concerning such Health Care Providers on the Insight system, flags, grades and category ratings applied to Health Care Providers Monthly Physician Change Reports, Cox II Tracker reports, VIOXX Cox2 Tracker reports, Cox2 Top 75 VIOXX Tracker reports, Weekly Top 75 Coxib Tracker reports, Top 50 VIOXX Coxib Tracker reports, Coxib Monitor reports, Customer Flag and Factoid Reports, and Medicaid Flag and Factoid Reports.**

983508v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an

- 48 -

extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

**REQUEST FOR PRODUCTION NO. 38:**

**All documents concerning the VIOXX, COX-2 and NSAID prescription-writing habits of Government Health Programs working within the political subdivision of the Government Entities that were shared with or made available to VIOXX Representatives, including, but not limited to, data concerning such Health Care Providers [sic] on the Insight system, flags, grades and category ratings applied to Health Care Providers Monthly Physician Change Reports, Cox II Tracker reports, VIOXX Cox2 Tracker reports, Cox2 Top 75 VIOXX Tracker reports, Weekly Top 75 Coxib Tracker reports, Top 50 VIOXX Coxib Tracker reports, Coxib Monitor reports, Customer Flag and Factoid Reports, and Medicaid Flag and Factoid Reports.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those

- 49 -

employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.  Further responding, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

983508v.1

**REQUEST FOR PRODUCTION NO. 39:**

All "Defendant Merck Case Profile Forms" prepared in connection with any litigation related to VIOXX concerning patients or Health Care Providers working in the political subdivision of each Government Entities.  (A sample form from the MDL appears at http://vioxx.laed.uscourts.gov/Forms/Final%20Merck%20Profile%20Form.pdf).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Request will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning programs relating to VIOXX that were attended or participated in by (a) Health Care Providers or Government Health Programs working within the political subdivision of, or (b) Government Health Program working with, each Government Entity, including, but not limited to, Health Education Learning (HEL) programs, symposia, colloquia, forums, tutorials, speeches, roundtables, outreach programs, exhibits, facilitated programs, audio conferences, clinical discussion groups, lunch & learn sessions, educational sessions, peer-to-peer speaker programs, and preceptorships.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Merck objects to this Request to the extent the requested information was not tracked in the ordinary course of Merck's business and is therefore not available.

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription

- 51 -

983508v.1

Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and
Regional Medical Directors) who held such positions during the relevant time frame.  Those
employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account
Executive); Doug Jordan (National Account Executive); Doug Welch (National Account
Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer
(National Account Executive for relevant PBM); Michael Davis (National Account Executive for
relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business
Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical
Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy
official); and Chuck Grezlak (Government Affairs & Policy official).  Further responding, Merck
states that it has produced or will produce responsive, non-objectionable documents from the
custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has
previously produced responsive, non-objectionable case-specific information, to the extent it
exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production
obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has
also produced an extract containing a national sample of hundreds of thousands of randomly-
selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition,
Merck states that it will re-produce to the Louisiana Attorney General previously-produced,
Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.
Further responding, as previously represented to counsel for the Louisiana Attorney General,
Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to

983508v.1

Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed

Vioxx, and Merck refers counsel to those MPFs.

In addition, Merck refers counsel to Merck's production of Vioxx-related data from the

iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022.

**REQUEST FOR PRODUCTION NO. 41:**

**All documents concerning the communications made by Thought Leaders for VIOXX with the Government Health Programs, any agent or representative of a Government Entity, or with any Health Care Providers working within the political subdivision of each Government Entity.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the undefined term "Thought Leader."  Merck objects further to this Request on

the ground that it seeks documents or information or documents that are outside of Merck's

possession, custody or control to the extent it seeks communications "made by" such Thought

Leaders.

Subject to and without waiving its objections, and interpreting the term "Thought

Leader" as used in this Request to be consistent with Merck's use of that term in the ordinary

course of its business, Merck states that to the extent such documents exist in Merck's

possession, custody or control, they may be contained in the custodial files of the fourteen

employees Merck previously identified in response to Request for Production No. 11, *supra*:

Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug

Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly

(National Account Executive for relevant PBM); Steven Shearer (National Account Executive

- 53 -

for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy

Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser

(Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg

(Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck

Grezlak (Government Affairs & Policy official).

In addition, Merck refers counsel to Merck's production of Vioxx-related data from the

iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022.

## REQUEST FOR PRODUCTION NO. 42:

**All documents concerning any gifts and payments made directly or indirectly by Merck to any Health Care Professional working within the political subdivision of each Government Entity including, but not limited to, honoraria, travel, meals, tickets to events, and any form of gift or compensation.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Merck objects to this Request on the grounds that it is argumentative, vague and

ambiguous, particularly with respect to the phrases "any gifts and payments made" and "directly

or indirectly."

Subject to and without waiving its objections, as previously represented to counsel for the

Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs")

previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana

physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.  In addition, Merck

refers counsel to Merck's production of Vioxx-related data from the iMed and MESA databases,

identified at Bates range MRK-IMED 0000001-0000022.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning Merck's budgets for promoting VIOXX in and with the Government Entities or Government Health Programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "in and with the Government Entities or Government Health Programs."

Subject to and without waiving its objections, Merck states that the Vioxx promotional campaign was a national campaign directed at a national marketplace and, as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Louisiana.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning grants made by Merck from funds budgeted to VIOXX to persons or entities located within the political subdivision of the Government Entities including, but not limited to, grants to medical schools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "grants" and the phrase "funds budgeted to Vioxx."

Subject to and without waiving its objections, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning market research related to VIOXX that was performed within the political subdivisions of the Government Entities or by or concerning persons,

- 55 -

**Health Care Providers, Government Health Programs or entities working or located within the political subdivision of the Government Entities.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "performed within the political subdivisions of the Government Entities or by or concerning persons, Health Care Providers, Government Health Programs or entities working or located within the political subdivision of the Government Entities."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents or information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck refers counsel to its responses to Interrogatory No. 28 of the Plaintiffs' Steering Committee's First Set of Interrogatories and Requests for Production Nos. 107, 108, 128, and 132 of Plaintiffs' Steering Committee's First Request for Production of Documents, which responses Merck's counsel previously shared with counsel for the Government Action Plaintiffs.

**REQUEST FOR PRODUCTION NO. 46:**

**All documents concerning direct-to-consumer advertising of VIOXX that was published aired or otherwise disseminated in the political subdivisions of the Government Entities or the Government Health Programs.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "published aired or otherwise disseminated" and "political subdivisions of the Government Entities or the Government Health Programs."

- 56 -

Subject to and without waiving its objections, Merck states that it has previously produced non-objectionable documents containing information responsive to this Request, including but not limited to a spreadsheet containing data regarding national and regional print and television advertising for Vioxx during the period in which Vioxx was approved by the FDA for marketing in the United States, indicating for each such advertisement the intended media marketplace, the nature of media (print or television), the identity of the media outlet, the dates during which the advertisements ran, and references (by Bates number) to images of the advertisements that are included within Merck's production of documents or other media. This spreadsheet was previously produced to Plaintiffs' Liaison Counsel in the MDL with the Bates range MRK-AMI 0000001-0001709. Further responding, Merck refers counsel to Merck's prior production of responsive, non-objectionable documents, including but not limited to consumer advertising materials for Vioxx, identified at Bates ranges MRK-A 0000001-0005103, and multimedia advertising materials, identified at Bates range MRK-V 0000001-0000062.

## REQUEST FOR PRODUCTION NO. 47:

**All documents concerning any groups or taskforces established at or by Merck with a purpose of analyzing products for or promoting products to Medicaid programs, including, but not limited to, all documents concerning the Regional Medicaid Sales Taskforces.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Merck objects to this Request on the grounds that it is overly broad, vague and ambiguous, particularly with respect to phrase "analyzing products for or promoting products to."

Subject to and without waiving its objections, Merck states that, as previously

- 57 -

represented to counsel for the Louisiana Attorney General, Merck has conducted an investigation

to identify the Merck employees who had significant responsibility with respect to the Louisiana

Medicaid account and has identified fourteen employees (including Government Affairs

Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C.,

Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional

Business Directors, and Regional Medical Directors) who held such positions during the relevant

time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle

(National Account Executive); Doug Jordan (National Account Executive); Doug Welch

(National Account Executive); John Fevurly (National Account Executive for relevant PBM);

Steven Shearer (National Account Executive for relevant PBM); Michael Davis (National

Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert

(Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards

(Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee

(Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy

official).  Further responding, Merck states that it has produced or will produce responsive, non-

objectionable documents from the custodial files of these individuals.

**REQUEST FOR PRODUCTION NO. 48:**

      **All documents concerning the promotion of VIOXX to or Government Health
Programs.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

      Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

983508v.1

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

## REQUEST FOR PRODUCTION NO. 49:

**All documents produced in any VIOXX proceeding.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Request will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

## REQUEST FOR PRODUCTION NO. 50:

**All sales data for all VIOXX sales, including but not limited to all IMS reports or
data.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "all sales data for all Vioxx sales."  Merck objects further to this

Request on the grounds that it is overly broad, unduly burdensome, and seeks documents and

information that are neither relevant to the claims or defenses of any party or to the subject

matter involved in this action, nor reasonably calculated to lead to the discovery of admissible

evidence, particularly insofar as it is not limited to the relevant Government Entities.  Merck

objects further to this Request insofar as it would require Merck to provide a compilation,

abstract, audit, and/or other document summary that does not currently exist because Merck does

not maintain information relating to sales of Vioxx on a state-specific basis.

Subject to and without waiving its objections, Merck states that it sold Vioxx to wholesalers and retailers located throughout the United States, which wholesalers and retailers made subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the United States; Merck did not make or direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales may have been made.  Further responding, Merck states that it is producing the contract files for the Louisiana Medicaid account and the contract files for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid, which may contain information responsive to this Request.

## REQUEST FOR PRODUCTION NO. 51:

**The entire Merck Contract File for each Government Entity and Government Health Program.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Merck objects to this Request on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrase "the entire Merck Contract File."

Subject to and without waiving its objections, Merck states that it is producing the contract files for the Louisiana Medicaid account and the contract files for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid.

## REQUEST FOR PRODUCTION NO. 52:

**All documents identified or described in the responses to the Government Action Plaintiffs' First Set of Master Interrogatories.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

983508v.1

with respect to the phrase "documents identified or described."

Subject to and without waiving its objections, Merck respectfully refers counsel to Merck's Responses and Objections to Government Action Plaintiffs' First Set of Master Interrogatories, and to the documents referred to therein.

Respectfully submitted,

_/s/ Dorothy H. Wimberly_
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

983508v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Merck's Responses and Objections have been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B on this 6th day of July, 2009.

_/s/ Dorothy H. Wimberly_____

983508v.1