# EXHIBIT I



25962725

Jul 6 2009 2:05PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
|  | * |  |
| This Document Relates to: | * | SECTION L |
|  | * |  |
| All Government Actions | * | JUDGE ELDON E. FALLON |
|  | * |  |
|  | * | MAGISTRATE JUDGE |
|  | * | KNOWLES |
| ****************************************** | * |  |

**RESPONSES AND OBJECTIONS OF MERCK & CO., INC. TO
GOVERNMENT ACTION PLAINTIFFS' FIRST SET OF MASTER
INTERROGATORIES TO DEFENDANT MERCK & CO, INC.**

Merck & Co., Inc. ("Merck"), by and through its attorneys, responds and objects to the

Government Action Plaintiffs' First Set of Master Interrogatories to Defendant Merck (the

"Interrogatories") as follows:

**PRELIMINARY STATEMENT**

By agreement of the parties[1], the information being provided herein is for the State of

Louisiana only; information relating to the other Government Action Plaintiffs will be provided

in accordance with the schedule agreed to by the parties.  In addition, Merck incorporates its

September 15, 2005 responses to the Plaintiffs' Steering Committee's First Set of

Interrogatories[2], which Merck's counsel previously shared with counsel for the Government

---

[1]     *See* June 19, 2009 email from Douglas Plymale to Brian Anderson and June 19, 2009 email from
Dawn Barrios to Brian Anderson.

[2]     As well as Merck's Mar 01, 2006 Supplemental Responses to Plaintiffs' Steering Committee's
First Set of Interrogatories, and Oct 12, 2006 Second Supplemental Responses to Plaintiffs'
Steering Committee's First Set of Interrogatories.

Action Plaintiffs, to the extent those responses contain information relevant to the discovery sought herein.

## GENERAL OBJECTIONS

1.     Merck objects to these Interrogatories to the extent they are vague, ambiguous, argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck further objects to these Interrogatories to the extent they seek information or documents, or otherwise purport to impose obligations upon Merck, beyond those permitted by the Federal Rules of Civil Procedure and/or any applicable Order of the Court.

2.     Merck objects to these Interrogatories to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to these Interrogatories; on the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.     Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such

983509v.1

documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.      Merck objects to these Interrogatories to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®.  Merck will not produce such information or documents.

5.      Merck objects to these Interrogatories as overly broad and unduly burdensome to the extent they call for the identification of "each" or "all" documents when all relevant facts can be obtained from fewer than "each" or "all" documents.  Merck objects further to these Interrogatories to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.  Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts, departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6.      Merck objects to these Interrogatories as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent they seek information or documents:

983509v.1

(a)     Pertaining to Merck products other than Vioxx (by whatever name it is
known, including L-748,731 and MK-966), the product allegedly ingested
(however, this objection does not apply to information about another drug
that is necessary to understand something about Vioxx, such as where the
other drug is being used as a comparator in a Vioxx study or to documents
regarding a competing NSAID manufactured by another company or to
documents that discuss NSAIDs generally); or

(b)     Pertaining to alleged adverse experiences associated with Vioxx other than
those claimed; or

(c)     Pertaining to promotion or advertising other than that allegedly relied
upon.

Except where otherwise indicated, Merck will not produce such information or documents.

7.     Merck objects to these Interrogatories to the extent they seek Merck's chemistry
and manufacturing control information on the grounds that such information is highly
confidential and proprietary, consists of trade secrets, and is not relevant to the claims or
defenses of any party or to the subject matter involved in this action, nor reasonably calculated to
lead to the discovery of admissible evidence.  Merck will not produce such information.

8.     Merck objects to these Interrogatories to the extent they seek any other
confidential or proprietary information or trade secrets.  Merck will only produce such other
confidential or proprietary information or trade secrets, if relevant, subject to and in reliance on

983509v.1

the protective orders entered in this matter (*viz*. Pre-Trial Order Nos. 13, 13A, 13B, and 13C), and in some cases, only with additional confidentiality protections.  In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.     Merck objects to these Interrogatories as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off.  The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible.

10.     Merck objects to these Interrogatories as improper to the extent they call for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies. Except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia. This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside

983509v.1

the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports.  Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections.

11.     Merck objects to these Interrogatories to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and would be irrelevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck will not produce such documents or information.  Merck further objects to these Interrogatories to the extent they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law.  Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital, or other institution.

12.     Merck objects to these Interrogatories to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx.  Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally

- 6 -

983509v.1

associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences.  The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13.    Merck objects to these Interrogatories to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14.    Merck objects to these Interrogatories to the extent they call for information or documents that are unreasonably cumulative or duplicative; outside of Merck's possession, custody or control; or obtainable from some other source that is more convenient, less burdensome or less expensive.

15.    Merck is responding to these Interrogatories without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of these Interrogatories to which Merck has responded herein; and (c) the right at any time to revise, correct, add to, or clarify any of the answers made herein.

983509v.1

16.     Because of the overly broad nature of these Interrogatories, it is not possible for Merck to anticipate all possible grounds for objection with respect thereto.  Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"

1.     Merck objects generally to the twenty-five paragraphs of "Definitions" to these Interrogatories to the extent they are overly broad and/or attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court.

2.     Merck objects to the terms "Defendant," "you," "your," "yours," and "Merck" as defined in Paragraphs "5" and "25" of the "Definitions" on the grounds that they are vague and ambiguous, overbroad and unduly burdensome: the responses to these Interrogatories are by and for Merck & Co., Inc. only.

3.     Merck objects to the terms "Document" and "Communication" as defined in Paragraphs "3" and "6" of the "Definitions" on the grounds that they are overly broad and unduly burdensome, and to the extent they attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court.

4.     Merck objects to the terms "Government Program" and "Government Health Program" as defined in Paragraph "10" of the "Definitions" on the grounds that it is overly broad

- 8 -

and vague and to the extent it seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Merck objects to the term "Health Care Provider" as defined in Paragraph "11" of the "Definitions" on the grounds that it is overly broad and to the extent it seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Merck objects to the terms "Payment," "Indirect funding," "Indirect payments," and "Vendor" as defined in Paragraphs "14," "15," "18," and "22" of the "Definitions" on the grounds that they are overly broad and unduly burdensome, and to the extent they seek information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Merck objects to the term "Merck Contract File" as defined in Paragraph "16" to the extent it is argumentative and overly broad.

8.     Merck objects to the nineteen paragraphs (with subparts) of "Instructions" to these Interrogatories to the extent they are overly broad and unduly burdensome; seek information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence; and to the extent they attempt to impose obligations on Merck other than those authorized by the Federal Rules of Civil Procedure and/or any applicable Order of this Court

- 9 -

983509v.1

## RESPONSES TO INDIVIDUAL INTERROGATORIES

Merck incorporates its General Objections in the responses that follow.  Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections.  To the extent Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance on the protective orders entered in this matter (*viz*. Pre-Trial Order Nos. 13, 13A, 13B, and 13C), and in some cases, only with additional confidentiality protections.

## INTERROGATORY NO. 1:

**Please state whether You maintain any records and/or documents about the total sales and utilization of VIOXX by any Eligible Recipient who resided within the jurisdiction of the Government Entities from 1999 through 2004, and, if so, describe separately for each Government Entity those records and/or documents.**

## RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General[3], Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 2:

**Please state whether You received payment directly from any Government Program for any of the VIOXX prescribed for Eligible Recipients residing within the jurisdiction of the Government Entities from 1999 through 2004, and if so, please set forth separately for each Government Entity (a) all such payments and the dates thereof, (b) specify the number of units (by NDC) purchased under this arrangement by these payments, (c) state the total revenue from such sales each year, and (d) identify all documents, records or policies that describe the annual dollar sales from 1999 through 2004.**

---

[3]        *See* June 19, 2009 email from Douglas Plymale to Brian Anderson.

## RESPONSE TO INTERROGATORY NO. 2:

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 3:

**Please state whether You received payment from a Prescription Benefit Plan, Pharmacy Benefit Manager, Third Party Administrator, Pharmacy or wholesaler, acting as a subcontractor or agent for any Government Program, for any of the VIOXX prescribed for Eligible Recipients residing within the jurisdiction of the Government Entities, and if so, please set forth with detail, separately for each Government Entity, (a) all such payments, (b) the date on which they were received, (c) specify the number of units (by NDC) purchased by these payments, and (d) identify documents, records, or policies that describe these payments.**

## RESPONSE TO INTERROGATORY NO. 3:

Merck objects to this Interrogatory on the grounds that it is compound, overly broad, and unduly burdensome.

Subject to and without waiving its objections, Merck states that it is producing documents containing information regarding the Government Programs, which will include contract and payment data in the form such data are kept in the ordinary course of Merck's business. Further responding, Merck states that it is continuing its investigation into the subject matter of this Interrogatory; however, as represented to counsel for the Louisiana Attorney General[4], Merck may require additional information from Plaintiffs, including but not limited to identification of the "Prescription Benefit Plan, Pharmacy Benefit Manager, Third Party Administrator, Pharmacy

---

[4]     *See* June 30, 2009 email from Eben Flaster to Douglas Plymale.

or wholesaler, acting as a subcontractor or agent for any Government Program" with respect to

each of the relevant Government Programs.

**INTERROGATORY NO. 4:**

Please state whether any Eligible Recipient obtained VIOXX through any
pharmacy, wholesaler or Prescription Benefit Plan, not previously identified in
Interrogatories Nos. 1 through 3, from 1999 through 2004, and, if so, please state,
separately for each Government Entity, (a) the number of units (by NDC) dispensed by
such entities, (b) the payment received by You for these units, (c) the date on which
payment was received, and (d) identify documents, records, or policies that describe the
total utilization, sale, and payments.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 5:**

Please identify with particularity and separately for each Government Entity, (a)
each agent and/or employee of the Government Programs, if any, to whom You or Your
agents presented any invoices, claims or request for payment respecting the VIOXX
purchased for use by Eligible Recipients who reside within the jurisdiction of the
Government Entities, and (b) all records and documents that reflect these invoices, claims,
and requests for payment.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

983509v.1

**INTERROGATORY NO. 6:**

Please identify all Merck personnel (including, but not limited to National Account Executives, Customer Contract Managers, medical Directors and Directors) whose job responsibilities included (i) sale of VIOXX to Government Programs, (ii) negotiating or paying, directly or indirectly rebates or discounts associated with the payment for VIOXX by Government Programs, (iii) promotion or marketing of VIOXX to Government Programs; (iv) promotion or marketing of VIOXX to Health Care Providers who treat Eligible Recipients, (v) sales of VIOXX for use by Eligible Recipients, (vi) providing information regarding the risks and efficacy of VIOXX to Government Programs, (vii) promoting or marketing of VIOXX to Eligible Recipients, (viii) overseeing the VIOXX sales program for the Government Entities.

**RESPONSE TO INTERROGATORY NO. 6:**

Merck objects to this Interrogatory on the grounds that it is compound, overly broad, and unduly burdensome.  Merck objects further to this Interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the undefined term "Directors."

Subject to and without waiving its objections, Merck states that, as represented to counsel for the Louisiana Attorney General[5], Merck has conducted an investigation to identify the Merck employees who had significant responsibility with respect to the Louisiana Medicaid account and has identified fourteen employees (including Government Affairs Executives, National Account Executives (both for Louisiana and for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid), Customer Managers, Regional Business Directors, and Regional Medical Directors) who held such positions during the relevant time frame.  Those employees are:  Holly Jacques (Government Affairs Executive); Mary Ogle (National Account Executive); Doug Jordan (National Account Executive); Doug Welch (National Account Executive); John Fevurly (National Account Executive for relevant PBM); Steven Shearer

---

[5]   *See* June 18, 2009 email from Eben Flaster to James Dugan.

983509v.1

(National Account Executive for relevant PBM); Michael Davis (National Account Executive for relevant PBM); Wendy Lepore (Customer Manager); Warren Lambert (Regional Business Director); Fran Kaiser (Regional Medical Director); Kerry Edwards (Regional Medical Director); Allan Goldberg (Regional Medical Director); Terri Lee (Government Affairs & Policy official); and Chuck Grezlak (Government Affairs & Policy official).  Merck states that it has produced or will produce responsive, non-objectionable documents from the custodial files of these individuals.

Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians. Further responding, as previously represented to counsel for the Louisiana Attorney General[6], Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs.

---

[6]       *See* June 18, 2009 email from Eben Flaster to James Dugan.

983509v.1

**INTERROGATORY NO. 7:**

Please Identify all of Your present and/or former employees, representatives, and/or other Persons acting on Your behalf whose job duties related to any program by which You offered to refund, or refunded, the purchase price of VIOXX, including but not limited to the VIOXX Consumer Refund Program implemented by You after VIOXX was recalled.

**RESPONSE TO INTERROGATORY NO. 7:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrases "other Persons acting on Your behalf" and "any program by which You offered to refund, or refunded, the purchase price of Vioxx."

Subject to and without waiving its objections, Merck states that it is continuing its investigation of the subject matter of this Interrogatory and will produce responsive, non-objectionable information to the extent it exists.

**INTERROGATORY NO. 8:**

Please describe by volume per Government Program the number of refunds You provided under the VIOXX Consumer Refund Program implemented by Merck after the recall.  Identify all documents regarding the offer of the refunds, the refunds sought, and the refunds given, and separately for each Government Entity identify each payee and the date and amount of each Payment for any Eligible Recipient or Government Program.

**RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving its objections, Merck states that it is continuing its investigation of the subject matter of this Interrogatory and will produce responsive information related to Louisiana to the extent it exists and in the form kept in the ordinary course of Merck's business.  Further responding, Merck states that it has produced the contract files for the Louisiana Medicaid account and the contract files for Provider Synergies, L.L.C., Louisiana's

- 15 -

Prescription Benefits Manager for Medicaid, which may contain information responsive to this Interrogatory.

**INTERROGATORY NO. 9:**

     **Please describe each agreement concerning VIOXX You and any Government Program entered into.**

**RESPONSE TO INTERROGATORY NO. 9:**

     Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 10:**

     **Separately for each Government Entity, describe in detail and by calendar quarter, all rebates paid for VIOXX and the sales of VIOXX to which those rebates relate by dollar volume, units and National Drug Code (NDC) from 1999 through 2004.**

**RESPONSE TO INTERROGATORY NO. 10:**

     Merck objects to this Interrogatory to the extent it seeks information that is not limited to the relevant Government Programs.

     Subject to and without waiving its objections, Merck states that it is producing the contract files for the Louisiana Medicaid account and the contract files for Provider Synergies, L.L.C., Louisiana's Prescription Benefits Manager for Medicaid, which may contain information responsive to this Interrogatory.  Further responding, Merck states that it is continuing its investigation into the subject matter of this Interrogatory and will provide additional responsive information to the extent it exists and in the form kept in the regular course of Merck's business.

983509v.1

**INTERROGATORY NO. 11:**

Please describe separately for each Government Entity, Merck's cost of selling VIOXX to Eligible Recipients and the net amount earned by Merck in revenue from those sales.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 12:**

Identify each agreement and/or contract with Minnesota Multistate Contracting Alliance for Pharmacy (MMCAP) for VIOXX.

**RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 13:**

What was Merck's gross income earned from the sale of VIOXX, by calendar quarter and by Government Entity?

**RESPONSE TO INTERROGATORY NO. 13:**

Merck objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 10 of Plaintiffs' Steering Committee's First Set of Interrogatories and therefore cumulative and unduly burdensome.  Merck objects further to this Interrogatory on the grounds that it is vague

983509v.1

and ambiguous, particularly with respect to the term "gross income."  Merck objects further to this Interrogatory on the grounds that it seeks information that is not related to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that it does not maintain state-specific revenue information for Vioxx and, therefore, does not have information responsive to this Interrogatory.

**INTERROGATORY NO. 14:**

**For each calendar quarter and National Drug Code for VIOXX, please state the WAC, AWP, AMP, and Best Price.**

**RESPONSE TO INTERROGATORY NO. 14:**

Subject to and without waiving its objections, Merck states that it will provide data concerning WAC, AWP, AMP, and Best Price information for Vioxx.

**INTERROGATORY NO. 15:**

**Please state whether agents and representatives of Merck presented any written materials or other communications that mentioned VIOXX to Government Programs, including but not limited to Drug Utilization Review Board members and pharmacy staff, between 1999 and 2004 and, if so, identify all of the documents, records, and other materials given to them.**

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

983509v.1

**INTERROGATORY NO. 16:**

Please state whether agents and employees of Merck communicated with the agents and representatives of the Government Entities between 1999 and 2004 and, if so, please provide, separately for each Government Entity, the following:

      a)     the date of each such communication;

      b)     the substance, in details, of each communication including the identity of the representative of Merck and the representative of Government Entity who were parties to the communication; and

      c)     identify each document or record that memorializes and/or refers to the communication.

**RESPONSE TO INTERROGATORY NO. 16:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 17:**

Please state whether agents and/or employees of Merck met with any person with responsibility for administering the prescription benefits of each Government Entity's Medicaid program, including where relevant, but not limited to, Drug Utilization Review Board members and pharmacy staff, between 1999 and 2004, and in the course of such visit mentioned or discussed VIOXX.  If so, please state separately for each Government Entity:

      a)     the name and address of each agent or representative of Merck who did so;

      b)     identify the location of the meeting and the persons attending:

      c)     the date and time that each such visit occurred; and

      d)     describe and identify all documents and records that reference or discuss each such face-to-face visit.

**RESPONSE TO INTERROGATORY NO. 17:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 18:**

**Respecting each Government Entity, please identify all VIOXX Representatives with any authority to present information to, meet or visit with, negotiate with, sell to, communicate with or contract with a Government Entity from 1999 through 2004.**

**RESPONSE TO INTERROGATORY NO. 18:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 19:**

**For each person listed in answer to Interrogatory No. 18, please identify, by Government Entity, the Health Care Providers the VIOXX Representatives were assigned to visit, including their contact information, and for each such Health Care Provider, state whether Merck knew or believed the Health Care Provider treated Eligible Recipients.**

**RESPONSE TO INTERROGATORY NO. 19:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 20:**

**For each of the VIOXX Representatives listed in your response to Interrogatory No. 18, and the Health Care Providers listed in your response to Interrogatory No. 19, please identify, separately for each Government Entity, all notes, records, and documents that**

- 20 -

discuss or describe the contact, sales, and communication between Merck and the Health Care Provider.

## RESPONSE TO INTERROGATORY NO. 20:

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 21:

Please state whether you were aware of the clinical trial known as "VIOXX Gastrointestinal Outcomes Research" ("VIGOR Study") published in the New England Journal of Medicine on November 23, 2000, and, if so, please state when You or any of Your agents or representatives first became aware of this study, and how You or Your agents and representatives became aware of this study.

## RESPONSE TO INTERROGATORY NO. 21:

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 22:

Please state whether You and/or Your representatives ever discussed the VIGOR Study with any of the Health Care Providers listed in your response to Interrogatory No. 19.  If so, please state separately for each such Health Care Providers, by Government Entity:

    a)    the date of each such communication;

    b)    the identity of the parties to the communication;

    c)    the substance of each such communication; and

    d)    the identity of each and every document or record that discusses, records, and/or makes reference to these communications.

983509v.1

**RESPONSE TO INTERROGATORY NO. 22:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 23:**

Please state whether VIOXX Representatives of Merck ever used "The Cardiovascular Card" or quoted, and/or summarized the information on "The Cardiovascular Card" in the course of communicating with any of the persons listed in your Response to Interrogatory No. 18 or other Health Care Providers.  If so, please state separately for each such person, by Government Entity:

      a)     the date of each such communication;

      b)     the identity of the parties to the communication;

      c)     the substance of each such communication, and,

      d)     the identity of each and every document or record that discusses, records, and/or makes reference to these communications.

**RESPONSE TO INTERROGATORY NO. 23:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 24:**

Please state whether, with respect to each Government Entity, agents and employees of Merck developed a sales and marketing plan for the Government Entity and the Government Programs; and whether a marketing plan was specifically devised for any Government Entity or Government Program, or not, please describe Your efforts to promote, distribute and sell VIOXX to the Government Programs between 1999 and 2004.

**RESPONSE TO INTERROGATORY NO. 24:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrases "a sales and marketing plan" and "efforts to promote, distribute and sell Vioxx."

Subject to and without waiving its objections, Merck states that non-objectionable documents containing information responsive to this Interrogatory have been or will be produced, including but not limited to the professional promotional materials for Vioxx, identified at Bates range MRK-P 0000001-0011470; Profit Plans for 1999-2004, identified at Bates range MRK-AAO 0000001-0000213; and documents from the custodial files of Holly Jacques, Mary Ogle, Doug Jordan, Doug Welch, John Fevurly, Steven Shearer, Michael Davis, Wendy Lepore, Warren Lambert, Fran Kaiser, Kerry Edwards, Allan Goldberg, Terri Lee, and Chuck Grezlak, as identified in response to Interrogatory No. 6, *supra*.

**INTERROGATORY NO. 25:**

**Please identify per Government Program and describe per Government Program all records, documents, and/or materials that describe or discuss this plan and Your efforts to implement the plan.**

**RESPONSE TO INTERROGATORY NO. 25:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrases "describe or discuss this plan" and "efforts to implement the plan."

Subject to and without waiving its objections, Merck states that non-objectionable documents containing information responsive to this Interrogatory have been or will be produced, including but not limited to the professional promotional materials for Vioxx,

- 23 -

identified at Bates range MRK-P 0000001-0011470; Profit Plans for 1999-2004, identified at

Bates range MRK-AAO 0000001-0000213; and documents from the custodial files of Holly

Jacques, Mary Ogle, Doug Jordan, Doug Welch, John Fevurly, Steven Shearer, Michael Davis,

Wendy Lepore, Warren Lambert, Fran Kaiser, Kerry Edwards, Allan Goldberg, Terri Lee, and

Chuck Grezlak, as identified in response to Interrogatory No. 6, *supra.*

## INTERROGATORY NO. 26:

**For the period of 1999 through 2004, identify all medications (by NDC code, brand name and/or generic name) other than VIOXX, available either over the counter or by prescription, that were available in the arthritis or analgesic market during the time VIOXX was on the market, which were indicated for the same conditions for which VIOXX was prescribed.**

## RESPONSE TO INTERROGATORY NO. 26:

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 27:

**With respect to any of the sales data requested in any interrogatory above, please state whether this information is maintained in electronic format.  If so, describe the format and state whether your software can produce reports containing the requested sales data in Excel or Access format, and whether these reports can be subdivided or otherwise searched by Government Entity.**

## RESPONSE TO INTERROGATORY NO. 27:

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

- 24 -

responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 28:

Please state whether agents or representatives from any of the Government Programs herein ever communicated with You about the safety or efficacy of VIOXX, and if so, please state separately for each Government Program, (a) the identity of the agents or representatives of the Government Program and Merck, (b) the substance of each such communication and Your response thereto, and (c) identify any records or documents that memorialize and/or make reference to these communications.

## RESPONSE TO INTERROGATORY NO. 28:

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 29:

Please state whether agents or representatives of any Government Program ever reported any adverse health incident involving any Eligible Recipients. If so, please state separately for each Government Program:

a) the substance of each such report;

b) the date of each such report;

c) the identity of the person who made the report on behalf of the Government Program;

d) the identity of the person who received the information for Merck;

e) the description of the adverse event and injury reported;

f) each and every action You took in response to the report; and,

g) whether You recorded any of the information responsive to subsections (a) through (f), and if so, please identify each such record.

## RESPONSE TO INTERROGATORY NO. 29:

Subject to and without waiving its General Objections, Merck states that, pursuant to the

- 25 -

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

## INTERROGATORY NO. 30:

**Please identify all training and educational programs that discussed VIOXX
sponsored in whole or in part by You or Your agents, and attended by any Health Care
Provider who worked in the state, county, city or political subdivisions represented by the
Government Entities.**

## RESPONSE TO INTERROGATORY NO. 30:

Subject to and without waiving its objections, Merck refers counsel to Merck's

production of Vioxx-related data from the iMed and MESA databases, identified at Bates range

MRK-IMED 0000001-0000022, which contain relevant information regarding Merck-sponsored

education and speaker programs.  Merck further states that, as previously represented to counsel

for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms

("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana

physicians who prescribed Vioxx, which also include relevant Vioxx-related information from

the iMED and MESA databases.  Further responding, Merck states that, pursuant to Pre-Trial

Order No. 21, it has previously produced responsive, non-objectionable case-specific

information, to the extent it exists, as part of its standard Field Activity Customer Tracking

System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call

notes.  Merck states that it has also produced an extract containing a national sample of hundreds

of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District

of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General

983509v.1

previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana

prescribing physicians.

## INTERROGATORY NO. 31:

**Please state whether You or Your agents presented payments, honoraria, and/or gifts out of funds budgeted for VIOXX promotion, to any Health Care Provider who worked in one of the political subdivisions represented by the Government Entities.**

## RESPONSE TO INTERROGATORY NO. 31:

Merck objects to this Interrogatory on the grounds that it is argumentative, particularly

insofar as it is suggestive of an improper financial relationship with any healthcare provider, and

vague and ambiguous, particularly with respect to the phrases "payments, honoraria, and/or

gifts" and "out of funds budgeted for Vioxx promotion."

Subject to and without waiving its objections, Merck states that, as previously

represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the

Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL

that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those

MPFs for information responsive to this Interrogatory.  Further responding, Merck states that,

pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable

case-specific information, to the extent it exists, as part of its standard Field Activity Customer

Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-

related call notes.  Merck states that it has also produced an extract containing a national sample

of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and

the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana

983509v.1

Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

## INTERROGATORY NO. 32:

Please Identify all Payments by You or on Your behalf to physicians, physician's offices, hospitals, practice groups, or other Health Care Providers concerning VIOXX, within a political subdivision represented by the Government Entities, setting forth for each Payment 1) the name and business address of the physician, physician's office, hospital, practice group, or other Health Care Provider, 2) the date and amount of each Payment, 3) a description of the reason each Payment was made, and 4) the names of Your agents or employees who authorized and processed the Payment.  In addition, please identify each and every document or record by specific Government Entity that memorializes and/or makes reference to the Payment, gift, or honoraria and/or the reasons for such Payment, gift, or honoraria.

## RESPONSE TO INTERROGATORY NO. 32:

Merck objects to this Interrogatory on the grounds that it is argumentative, particularly insofar as it is suggestive of an improper financial relationship with any healthcare provider, and vague and ambiguous, particularly with respect to the terms "payments," "gifts," and "honoraria."

Subject to and without waiving its objections, Merck states that, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those MPFs for information responsive to this Interrogatory.  Further responding, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, as part of its standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL, including millions of Vioxx-

related call notes.  Merck states that it has also produced an extract containing a national sample of hundreds of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District of Columbia.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

**INTERROGATORY NO. 33:**

**Please identify each Health Care Provider who worked in a political subdivision represented by the Government Entities and who was identified by Merck as a "Medicaid Influencer."**

**RESPONSE TO INTERROGATORY NO. 33:**

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, relating to Merck's identification of Louisiana prescribing physicians as "Medicaid Influencers" as part of Merck's standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data associated with Louisiana prescribing physicians.

**INTERROGATORY NO. 34:**

**Please identify each Health Care Provider who worked in a political subdivision represented by the Government Entities to whom Merck assigned a "Medicaid Flag" in the Insight system.**

**RESPONSE TO INTERROGATORY NO. 34:**

Subject to and without waiving its objections, Merck refers counsel to Merck's responses to Interrogatory No. 33, *supra*, and to the documents and information identified therein.

- 29 -

**INTERROGATORY NO. 35:**

Please identify each Health Care Provider who worked in a political subdivision represented by the Government Entities whom Merck identified as a "target" or "hypertarget" for VIOXX.

**RESPONSE TO INTERROGATORY NO. 35:**

Subject to and without waiving its objections, Merck states that, pursuant to Pre-Trial Order No. 21, it has previously produced responsive, non-objectionable case-specific information, to the extent it exists, relating to Merck's identification of Louisiana prescribing physicians as "targets" or "hypertargets" as part of Merck's standard Field Activity Customer Tracking System ("FACTS") production obligations in the MDL.  In addition, Merck states that it will re-produce to the Louisiana Attorney General previously-produced, Vioxx-related FACTS data associated with Louisiana prescribing physicians.

**INTERROGATORY NO. 36:**

Please identify each Health Care Provider who worked in a political subdivision represented by the Government Entities who received a PIR letter from You or Your agents, and identify each and every document concerning the provisions of the PIR letter to each such provider.

**RESPONSE TO INTERROGATORY NO. 36:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrases "You or Your agents" and "each and every document concerning the provisions of the PIR letter."

Subject to and without waiving its objections, Merck states that, as previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those

- 30 -

MPFs for information responsive to this Interrogatory.  Further responding, Merck refers counsel

to Merck's prior production of responses to Vioxx-related Professional Information Requests

("PIRs") from the Mercury database, identified with the Bates range MRK-AKT 0000001-

4391197, and states that this production may be searched by state.


**INTERROGATORY NO. 37:**

  **Please identify each "Thought Leader" or consultant for VIOXX designated by You to communicate with Health Care Providers in the political subdivisions represented by the Government Entities.**

**RESPONSE TO INTERROGATORY NO. 37:**

  Merck objects to this Interrogatory on the grounds that it is vague and ambiguous,

particularly with respect to the term "consultant."

  Subject to and without waiving its objections, Merck states that, as previously

represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the

Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL

that relate to Louisiana physicians who prescribed Vioxx, and Merck refers counsel to those

MPFs for information responsive to this Interrogatory.  Further responding, Merck refers counsel

to its response to Interrogatory No. 6, *supra*, and to the custodial files of Holly Jacques, Mary

Ogle, Doug Jordan, Doug Welch, John Fevurly, Steven Shearer, Michael Davis, Wendy Lepore,

Warren Lambert, Fran Kaiser, Kerry Edwards, Allan Goldberg, Terri Lee, and Chuck Grezlak, as

identified therein.

  Further responding, Merck refers counsel to Merck's production of Vioxx-related data

from the iMed and MESA databases, identified at Bates range MRK-IMED 0000001-0000022,

which contain relevant information regarding Merck-sponsored education and speaker programs,

and Merck "Thought Leaders," respectively.  In addition, Merck states that, pursuant to Pre-Trial

Order No. 21, it has previously produced responsive, non-objectionable case-specific

information, to the extent it exists, as part of its standard Field Activity Customer Tracking

System ("FACTS") production obligations in the MDL, including millions of Vioxx-related call

notes.  Merck states that it has also produced an extract containing a national sample of hundreds

of thousands of randomly-selected Vioxx-related call notes from all fifty states and the District

of Columbia.  Finally, Merck states that it will re-produce to the Louisiana Attorney General

previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana

prescribing physicians.

## INTERROGATORY NO. 38:

**Please state, separately and for each Government Entity, the amount budgeted by
Merck for promotion of VIOXX in the political subdivisions represented by the
Government Entity for each quarter, and please state, separately and for each Government
Entity, the amounts spent each quarter.**

## RESPONSE TO INTERROGATORY NO. 38:

Subject to and without waiving its objections, Merck states that the Vioxx promotional

campaign was a national campaign directed at a national marketplace, and as such, there were no

funds or allowances of funds specifically budgeted for advertising Vioxx in Louisiana.

However, Merck states that certain information responsive to this Interrogatory is included in

Merck's prior productions, including but not limited to Profit Plans for 1999-2004, identified at

Bates range MRK-AAO 0000001-0000213.  Further responding, Merck refers counsel to

Merck's response to Interrogatory No. 6, *supra*, and to the custodial files of Holly Jacques, Mary

Ogle, Doug Jordan, Doug Welch, John Fevurly, Steven Shearer, Michael Davis, Wendy Lepore,

Warren Lambert, Fran Kaiser, Kerry Edwards, Allan Goldberg, Terri Lee, and Chuck Grezlak, as

identified therein.

**INTERROGATORY NO. 39:**

Please identify all communications between Merck and the Center for Medicare and Medicaid Services ("CMS," formerly known as the Health Care Finance Administration or "HCFA") concerning VIOXX.

**RESPONSE TO INTERROGATORY NO. 39:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 40:**

Please identify all outside Vendors or third parties retained by Merck to (i) communicate directly with Health Care Providers concerning VIOXX, (ii) arrange for or promote physician advocates for VIOXX, (iii) arrange for or promote educational sessions and other programs concerning VIOXX that were attended by Health Care Providers, (iv) arrange for, organize, or promote clinical studies of VIOXX; and for each such vendor and/or third party describe and identify all documents setting forth the full scope of the duties and obligations under its agreement with Merck to provide these services.

**RESPONSE TO INTERROGATORY NO. 40:**

Merck objects to this Interrogatory on the grounds that it is compound, overly broad,

unduly burdensome, and seeks information that is not related to the claims or defenses of any

party or to the subject matter involved in this action, nor reasonably calculated to lead to the

discovery of admissible evidence.  Merck objects further to this Interrogatory on the grounds that

it is vague and ambiguous, particularly with respect to the terms "arrange for" and "organize"

and the phrases "physician advocates" and "promote clinical studies."

Subject to and without waiving its objections, in response to subparagraphs (i) and (iii), Merck states that it worked with the following vendors and third parties with respect to Vioxx: CollaGenex Pharmaceuticals, Inc.; IPhysicianNet; and Boron, Lepore & Associates, Inc.

Further responding, in response to subparagraph (iv), that Merck frequently used third-party vendors, such as Contract Research Organizations ("CRO"s), to manage certain aspects of clinical trials (for instance, getting product to trial sites for use in clinical trials, or logistical coordination with trial sites).  Similarly, Merck contracted with outside laboratories to do routine testing of samples in clinical trials, and used third parties to store clinical trial samples.  Merck states that the names of these third parties were provided to the FDA in the Clinical Study Reports ("CSR"s) for Vioxx and Merck refers counsel to Merck's response to Interrogatory No. 40 of the Plaintiffs' Steering Committee's First Set of Interrogatories, and specifically to Appendix "B" thereto, which identifies by Bates range all Vioxx-related CSR's and related documents for Vioxx-related studies.

**INTERROGATORY NO. 41:**

**Please identify all taskforces, units, and other groups within Merck that had as one of their purposes to promote or assist in the promotion of VIOXX in the Medicaid segment or otherwise for use by Eligible Recipients, and for each such taskforce, unit or group, describe fully its mission and goals, and state when it was formed and identify the persons who were the leaders and members.**

**RESPONSE TO INTERROGATORY NO. 41:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

983509v.1

**INTERROGATORY NO. 42:**

**Identify all NDC codes for VIOXX.**

**RESPONSE TO INTERROGATORY NO. 42:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the

agreement reached between Merck's counsel and counsel for the Louisiana Attorney General,

Merck's response and objections to this Interrogatory will be due at the same time as Merck's

responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 43:**

**Identify each database or electronic system Merck used concerning the promotion of VIOXX and communications with Health Care Providers concerning VIOXX, and for each such database or electronic system, (a) describe the business purpose for which Merck used the database or system; (b) identify the type of database or system (*e.g.*, Access, DB2, *etc.*); (c) identify the tables contained in such database or system, and for each table, list the fields and their data definition; (d) state the size of the database or system (*e.g.*, in megabytes, gigabytes, terabytes, *etc.*); and (e) state the volume of data (*e.g.*, in megabytes, gigabytes, terabytes, *etc.*) in such database or system relating to promotions and/or communications concerning VIOXX with respect to each Government Entity and Health Care Providers within the jurisdiction of each Government Entity.**

**RESPONSE TO INTERROGATORY NO. 43:**

Merck objects to this Interrogatory on the grounds that it is compound, overly broad,

unduly burdensome, vague and ambiguous, and to the extent it seeks information or documents

that are not relevant to the claims or defenses of any party or to the subject matter involved in

this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that the subject matter of this

Interrogatory has been the topic of extensive prior discovery and negotiations between Merck's

counsel and Plaintiff's Liaison Counsel (in both the MDL and the New Jersey Coordinated

Litigation) and is the subject of ongoing discussions between counsel for Merck, Plaintiff's

Liaison Counsel, and counsel for the Government Action Plaintiffs.  In particular, Merck refers counsel to Merck's response to Interrogatory No. 31 of the Plaintiffs' Steering Committee's First Set of Interrogatories, which Merck's counsel previously shared with counsel for the Government Action Plaintiffs, and to the databases identified therein.

In addition, Merck states that it has previously made productions of Vioxx-related information from certain databases, which productions are readily accessible by counsel for the Louisiana Attorney General, and Merck is providing, as Appendix "A" to these responses, a list of Merck's database productions, together with a brief description of the data included, the size of the production, and the corresponding Bates ranges.

Further responding, Merck states that a large volume of data from relevant Merck databases and systems is available in the Merck Profile Forms ("MPFs"), which were produced consistent with Merck's obligations under MDL Pretrial Order Nos. 18, 18A, 18B and 18C (governing production of Merck Profile Forms) and Pre-Trial Order No. 21 (governing production of data from Merck's Field Activity Customer Tracking System ("FACTS")).  As previously represented to counsel for the Louisiana Attorney General, Merck has agreed to re-produce the Merck Profile Forms ("MPFs") previously produced to Plaintiffs' Liaison Counsel in the MDL that relate to Louisiana physicians who prescribed Vioxx, in addition to the previously-produced, Vioxx-related FACTS data and call notes associated with Louisiana prescribing physicians.

Notably, Merck's MPF productions provide a broad array of information concerning particular plaintiffs and their prescribing physicians and/or sample providers, including documents and data relating to the distribution of Dear Doctor/Healthcare Professional letters

- 36 -

and Professional Information Request ("PIR") responses; sales representative detail and sample

activity; retention of prescribing physicians and/or sample providers as clinical investigators,

consultants, or Merck Speakers, including attendance at Merck-sponsored speaker programs;

designation of prescribing physicians and/or sample providers as "thought leaders" by Merck;

various payment information to prescribing physician and/or sample providers and the affiliated

"entity" in which he or she practices, including any honoraria and grant payments thereto;

contacts and communications from anyone relating to plaintiffs, including calls to Merck's

National Service Center and any adverse event reporting data concerning plaintiffs

communicated to Merck's Worldwide Product Safety (and supporting documentation, including

MedWatch forms); and comprehensive advertising information relating to the media outlets of

both plaintiffs and their prescribing physician and/or sample providers.

## INTERROGATORY NO. 44:

**Please Identify all databases within Merck's control containing any information relating to VIOXX.**

## RESPONSE TO INTERROGATORY NO. 44:

Merck objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, and to the extent it seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action, nor reasonably

calculated to lead to the discovery of admissible evidence.  Merck further objects to this

Interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the

phrase "databases within Merck's control."

Subject to and without waiving its objections, Merck refers counsel to Merck's response to Interrogatory No. 43, *supra*, and Merck further refers counsel to Merck's response to Request for Production No. 9 of the Government Action Plaintiffs' First Set of Master Document Requests and to the databases identified therein.

Further responding, Merck states that the following Merck systems may contain information relevant to the Government Action Plaintiffs' claims, depending on the nature of the specific claims brought by each individual Plaintiff:

Customer Communications and Support (CCAS)

Order Management System (OMS)

Legacy Medicaid System

GenCord

Further responding, Merck states that it is continuing its investigation into the existence of systems containing information relevant to the Government Action Plaintiffs' claims and will continue to discuss the appropriateness and feasibility of production of any relevant, non-objectionable information from such databases and systems with Plaintiffs' Liaison Counsel and counsel for the Government Action Plaintiffs, or whether any such relevant, non-objectionable information can be obtained from alternative sources that are more convenient, less burdensome, or less expensive.

**INTERROGATORY NO. 45:**

**Did Merck employ or use the same promotional efforts for VIOXX with all Health Care Providers, regardless of whether the Health Care Providers treated patients who were Medicaid Eligible Recipients?  If Your response is anything other than an unequivocal "Yes", describe each way Merck's promotional efforts concerning Health Care Providers who treated or who were believed to have treated Medicaid Eligible**

- 38 -

**Recipients differed from the promotional efforts concerning Health Care Providers who did not treat Medicaid Eligible Recipients, and identify all documents which indicate the differing promotional efforts.**

**RESPONSE TO INTERROGATORY NO. 45:**

Merck objects to this Interrogatory on the grounds that it is augmentative, harassing, compound, overly broad, unduly burdensome, and vague and ambiguous.  Merck objects further to this Interrogatory on the ground that it is not comprehensible and fails to identify the information sought with reasonable particularity.

Subject to and without waiving its objections, Merck states that while certain Vioxx-related promotional materials might have had a targeted audience, the Vioxx promotional campaign was a national campaign directed at a national marketplace.

**INTERROGATORY NO. 46:**

**Did Merck employ or use the same promotional efforts for VIOXX in every jurisdiction of every Government Entity?  If Your response is anything other than an unequivocal "Yes", describe each way Merck's promotional efforts differed depending on the jurisdiction, and identify all documents which indicate the differing promotional efforts.**

**RESPONSE TO INTERROGATORY NO. 46:**

Merck objects to this Interrogatory on the grounds that it is augmentative, harassing, compound, overly broad, unduly burdensome, and vague and ambiguous.  Merck objects further to this Interrogatory on the ground that it is not comprehensible and fails to identify the information sought with reasonable particularity.

Subject to and without waiving its objections, Merck states that while certain Vioxx-related promotional materials might have had a targeted audience, the Vioxx promotional campaign was a national campaign directed at a national marketplace.

- 39 -

**INTERROGATORY NO. 47:**

Identify any and all communications and contacts with and between Merck and Cardinal Health and all of Cardinal Health's affiliates and subsidiaries.

**RESPONSE TO INTERROGATORY NO. 47:**

Subject to and without waiving its General Objections, Merck states that, pursuant to the agreement reached between Merck's counsel and counsel for the Louisiana Attorney General, Merck's response and objections to this Interrogatory will be due at the same time as Merck's responses to the other Government Action Plaintiffs' discovery requests.

**INTERROGATORY NO. 48:**

Please Identify all governmental investigations initiated by any governmental entity, including, the United States Senate, the United States House of Representatives, the United States Senate, the United States Food and Drug Administration ("FDA"), the United States Department of Justice and any state Attorney General, that relate to the development, manufacture, testing, marketing, sales or distribution of VIOXX.

**RESPONSE TO INTERROGATORY NO. 48:**

Merck objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 36 of Plaintiffs' Steering Committee's First Set of Interrogatories and therefore cumulative and unduly burdensome.  Merck objects further to this Interrogatory on the grounds that it is overly broad, unduly burdensome, unnecessarily cumulative, and seeks information that is privileged or not subject to disclosure under various federal rules.  Further, Merck objects to this Interrogatory as neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  In that regard, Merck specifically states that the purposes of, and standards used by, a governmental agency in an "investigation" can materially differ from the procedures and evidentiary rules used in privately-brought civil products liability actions.  Merck objects further to this Interrogatory to

- 40 -

983509v.1

the extent it seeks information that is in the possession of third parties or otherwise outside of

Merck's possession, custody or control, and to the extent it seeks information in the public

domain, on the ground that the burden of obtaining such information is substantially the same for

Plaintiffs as it is for Merck.

Subject to and without waiving its objections, Merck states that a production of

communications between Merck and the FDA regarding Vioxx has been made in response to

Plaintiffs' Steering Committee's First Request for Production of Documents Nos. 31 and 105.

Pursuant to Federal Rule of Civil Procedure 33(d), Merck refers counsel to those documents for

information responsive to this Interrogatory.  Further responding, Merck states that it has

produced certain responsive, non-objectionable, non-privileged documents which Merck

previously produced to Congress.

## INTERROGATORY NO. 49:

**Identify all expert witnesses You intend to use at trial, including their likely testimony.**

## RESPONSE TO INTERROGATORY NO. 49:

Subject to and without waiving its objections, Merck states that it has not yet determined

the witnesses it will call to testify at the trial of this action; once such determination has been

made, Merck will exchange this information with Plaintiffs in the time and manner required by

the Federal Rules of Civil Procedure, any applicable Orders of this Court, or by agreement of the

parties.

## INTERROGATORY NO. 50:

**Identify all fact witnesses You intend to call at trial, including their likely testimony.**

**RESPONSE TO INTERROGATORY NO. 50:**

Subject to and without waiving its objections, Merck states that it has not yet determined the witnesses it will call to testify at the trial of this action; once such determination has been made, Merck will exchange this information with Plaintiffs in the time and manner required by the Federal Rules of Civil Procedure, any applicable Orders of this Court, or by agreement of the parties.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

983509v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Responses and Objections have been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B on this 6th day of July, 2009.


_/s/ Dorothy H. Wimberly_____

983509v.1