# EXHIBIT K



Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

**BENJAMIN R. BARNETT**

ben.barnett@dechert.com
+1 (215) 994-2887  Direct
+1 (215) 655-2887  Fax

July 13, 2009

**VIA E-MAIL AND FIRST CLASS MAIL**

Leonard A. Davis, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA  70113-116

Re: *In re: Vioxx Products Liability Litigation, MDL No. 1657*
Notices of 30(b)(6) Depositions in Third Party Payor and Government Action Cases

Dear Lenny:

This letter is in response to the four amended notices of 30(b)(6) depositions served on counsel for Merck & Co., Inc. ("Merck") on July 1, 2009. The specific notices addressed in this letter are:

1. Amended Notice of FRE[1] 30(b)(6) Consumer Refund Program Deposition and Subpoena Duces Tecum;

2. Amended Notice of FRE 30(b)(6) Governmental Investigations Deposition and Subpoena Duces Tecum;

3. Amended Notice of FRE 30(b)(6) Pricing Deposition and Subpoena Duces Tecum; and

4. Amended Notice of FRE 30(b)(6) Sales and Marketing Deposition and Subpoena Duces Tecum.

There are several issues with respect to these four Amended Notices. Our hope is that we can resolve these issues consistent with the Federal Rules of Civil Procedure and the applicable orders of this Court.

First, the Amended Notices were served without first consulting with counsel for Merck to schedule a mutually convenient time and location for the depositions. As you know, absent extraordinary circumstances, Pretrial Order No. 9 (as amended) requires such consultation prior to scheduling a deposition. Unfortunately, the dates set forth in the Amended Notices are not convenient (particularly given the extraordinary scope of topics identified therein), and Merck

---

[1] We assume the reference to FRE 30(b)(6) in the amended notices was actually intended to refer to Fed. R. Civ. P. 30(b)(6).



Leonard A. Davis, Esq.
July 13, 2009
Page 2

will not produce deponents on the dates set forth in the Amended Notices. That said, subject to resolving the issues identified below, we will work with you to schedule appropriate depositions on mutually convenient dates.

Second, these Amended Notices each purport to contain a "Subpoena Duces Tecum." We do not believe the Amended Notices in their current form constitute proper subpoenas under Federal Rule of Civil Procedure 45(a). As such, Merck will not respond to the purported subpoena under Rule 45. Subject to the concern discussed below, Merck is willing to treat these Amended Notices as requests for production of documents under Rule 34 and discuss what additional Vioxx-related documents may need to be produced to relevant counsel in the MDL.

Finally, we have significant concerns that the Amended Notices and attached document requests are largely duplicative of prior discovery conducted in the Vioxx litigation and are not reasonably calculated to lead to the discovery of admissible evidence. As you know, common discovery on issues relating to Vioxx has proceeded for over five years and has included productions of tens of millions of pages of documents and hundreds of depositions. Much of this discovery has related to sales, marketing, and pricing issues. We believe that prior testimony from Merck witnesses and documents produced by Merck already address many, if not all, of these requests. Moreover, many of these requests duplicate the AG Master Discovery to which Merck just responded; responses that included citations to specific Bates ranges of previously-produced documents available to counsel in the PSC repository. Further, we do not understand how Merck's interactions with various government investigations, documents produced in those investigations, or the identity of individuals involved in responding to the investigations is relevant to the Private Third Party Payor or Governmental Action cases.

Consistent with our prior practice in this MDL, we are willing to try to resolve these discovery issues. In order to make such future discussions productive, we request that Plaintiffs withdraw these Amended Notices and that we meet and confer with respect to what, if any, new discovery is now relevant and warranted at this stage of the MDL. Once we complete those discussions, we will be in a better position, consistent with Pretrial Order No. 9, to discuss the scheduling of depositions.

As always, please feel free to contact me to discuss further.

Very truly yours,

Benjamin R. Barnett

cc: Dawn Barrios, Esq. (via e-mail: dbarrios@bkc-law.com)