FILED '09 JUL 16 12:51 USDC-LAE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX <br> Products Liability Litigation <br><br> This Document Relates to: <br><br> GENE WEEKS, KRISTINE CRAMER, <br> NATHAN WILKINS, VIRGINIA PICKET, <br> SUSAN SMITH, on behalf of themselves and <br> all other similarly situated, <br><br> Plaintiffs, <br> versus <br><br> MERCK & CO., INC., <br><br> Defendant. <br><br> Civil Action No. 2:09-cv-03713 | • <br> • <br> • <br> • MDL No. 1657 <br> • <br> • SECTION L <br> • <br> • JUDGE ELDON E. FALLON <br> • <br> • MAGISTRATE JUDGE <br> • KNOWLES <br> • <br> • <br> • <br> • <br> • <br> • <br> • |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiffs, by and through their counsel, Gary P. Levin, Esq., hereby oppose the motion of defendant Merck & Co., Inc., to strike class allegations in plaintiffs' First Amended Complaint.

### STATEMENT OF FACTS

Plaintiffs are litigants who had actions pending in various states throughout the country alleging personal injuries as a result of ingesting the defendants product Recoxofib (trade name Vioxx), when, on November 9, 2007, defendant Merck & Co., Inc. ("Merck"), and certain attorneys purporting to negotiate on behalf of all Vioxx litigants nationwide entered into a Master Settlement Agreement

("MSA") in which Merck agreed to pay $4.85 billion to resolve all Vioxx claims pending in the United States.

The First Amended Complaint in this action seeks class action certification in order to challenge certain provisions of the MSA as being null, void and unenforceable, in the following allegations:

> 17.   That the MSA specifically provided that:
> 1.2.8.   While nothing in this agreement is intended to operate as a "restriction" on the right of any Claimant's counsel to practice law within the meaning of the equivalent to Rule 5.6 (b) of the ABA Model Rules of Professional Conduct in any jurisdictions in which Claimants counsel practices or whose rules may otherwise apply, it is agreed that (except to the extent waived by Merck in its sole discretion in any instance):
> 1.2.8.1   By submitting an Enrollment Form, the Enrolling Counsel affirms that he has recommended, or (if such Enrollment Form is submitted prior to February 28, 2008) will recommend by no later than the earlier of the date of the service of the Certification of Final Enrollment and February 28, 2008, to 100% of the Eligible Claimants represented by such Enrolling Counsel that such Eligible Claimants enroll in the program.
> 1.2.8.2   If any such Eligible Claimant disregards such recommendation, or for any other reason fails (or has failed) to submit a non-deficient and non-defective Enrollment Form on or before the earlier of the date of service of the Certification of Final Enrollment and June 30, 2008, and the 30th day after the date of service of the Certification of Final Enrollment (or, if such Enrolling Counsel first becomes an Enrolling Counsel after June 30, 2008, shall have, by the date such Enrolling Counsel so first became an Enrolling Counsel), to the extent permitted by the equivalent to Rules 1.16 and 5.6 of the ABA Model Rules of Professional Conduct in the relevant jurisdiction (s), (i) take (or have taken, as the case may be) all necessary steps to disengage and withdraw from the representation of such Eligible Claimant and to forgo any Interest in such Eligible Claimant and (ii) cause (or have caused, as the case may be) each other enrolling Counsel, and each other counsel with an Interest in any Enrolled Program Claimant, which has an Interest in such Eligible Claimant to do the same.

*First Amended Complaint, at para. 17.*   The complaint refers to the above

provisions as the "all-in" provisions, and goes on expressly to allege:

> 19. That the "all in" provisions of the agreement are unconscionable and contrary to public policy since they contravene the code of professional responsibility for every jurisdiction in the United States and the United States which has provisions similar to the aforesaid sections of the New Jersey Code of Professional Responsibility.
> 20. That the "all in" provisions effectively destroy the individual plaintiff's traditional right to make the final decision as to whether or not to accept a settlement offer, because when coupled with the threat of withdrawal by retained counsel that right becomes wholly illusory and as such, the MSA is per se null void and unenforceable.
> 21. That plaintiffs are entitled to a declaration that any consent given by plaintiffs and putative class members agreeing to the terms of the MSA is null void and unenforceable.

*Id., at paras. 19-20.*

Defendant Merck now seeks to strike the class allegations in the complaint on the ground that:

> Plaintiffs' class definition can only be ascertained by resolving a subjective question concerning state of mind: whether each putative class member "accept[ed] the terms of the MSA *for fear of losing their retained counsel.*" (Compl. Relief Requested (emphasis added).) Accordingly, determining class membership would require a tedious case-by-case analysis and would tread improperly on merits issues.

*See Merck's Memorandum of Law, at p. 5.*

Plaintiffs now turn to their argument opposing defendant Merck's motion to strike the class allegations in the complaint.

## ARGUMENT

The instant class action seeks declaratory relief providing that the MSA is null, void and unenforceable and of no legal effect against the putative class members on the grounds that it includes provisions that *required the attorneys for individual plaintiffs to recommend participation in the settlement to all of their*

*clients without exception and to withdraw from representing any client who did not consent to participate.* On the face of the MSA, the aforesaid "all-in" provisions effectively stripped class members of, and interfered with, their right to make an informed choice about whether or not to accept the terms of the settlement and deprived them of their right to retained counsel if they do not execute consents to accept the terms of the MSA.

Thus, the class is defined as all plaintiffs/clients whose attorneys complied with the "all-in" provisions of the MSA at sections 1.2.8, 1.2.8.1 and 1.2.8.2 thereof, which involved requirements violative of the applicable codes of responsibility. This is a class that can be readily identified by reference to the court records, in particular the Enrollment Form.

The objective criteria underlying the definition of the class are the professional standards with which clients are entitled to have their counsel comply in representing them, which are expressly identified in section 1.2.8 of the MSA, which required their retained counsel to recommend that their clients, without exception, participate in the Master Settlement Agreement, and withdraw from representing any client who did not. Indeed, the provisions challenged by the class are *per se* null and void in the first instance because they contravene the Code of Professional Responsibility of virtually every state of the United States, as well as the federal bar, which all uniformly require that counsel use their independent professional judgment in making recommendations to their respective clients, including whether to participate in a particular settlement. In addition, the terms of the MSA not only contravened the requirement to use professional judgment uninfluenced by financial considerations, the Codes uniformly provide counsel may

not withdraw under circumstances where the client's interests would be adversely impacted, and under no circumstances could counsel withdraw merely because the client refused to follow the recommendation or advise of said counsel.

Each of the plaintiffs were subject to the aforesaid provisions, and comprise the members of the class. Therefore, the defendant Merck's reliance on the descriptive characteristics it claims should be striken as subjective criteria – including but not limited to plaintiffs who consented to participate in the agreement for fear of losing their retained counsel – are, in fact, unnecessary to the adjudication of the class definition or issues in that every person subject to these provisions suffered one of the following harms :

(a) plaintiffs whose attorneys made the recommendation to consent to the MSA that was not based upon independent professional judgment, and that was, objectively, impacted or influenced by financial considerations of their counsel who were subject to the "all-in" provisions and were representing more than one plaintiff in this litigation, which plaintiffs allege constitutes a substantial number of counsel making recommendations to their clients to accept the MSA; or,

(b) in the alternative, plaintiffs whose attorneys were required to withdraw from representing clients who did not consent to the settlement, and who accepted the terms and conditions of the settlement under the requirement that their retained counsel would withdraw from representing them in this complex litigation, which plaintiffs allege constitutes a substantial number of plaintiffs who faced loss of counsel if they did not consent to participate in the MSA.

In the instant action, the class allegations are proper because the predominant relief sought is injunctive and declaratory in nature. *See* <u>Allison v.</u>

Citgo Petroleum Corp., 151 F.3d 402, 411 (5th Cir.1998).   Citing the "all-in" provisions in the complaint in the case at bar clearly confirms that "the plaintiffs have alleged behavior generally applicable to the class."   Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 975 (5th Cir. 2000).

Contrary to movant Merck's contention that it would be necessary to determine the extent of individual reliance, the degree of fear by any individual plaintiff, or any other individual characteristic, the same are simply immaterial to the class allegations and to the adjudication of the relief sought by the instant class.

WHEREFORE, defendant Merck's motion to strike the class allegations in the First Amended Complaint should be DENIED.

Respectfully submitted,

*/s/ Gary P. Levin*

GARY P. LEVIN
1442 New Road, Suite 3
Northfield, New Jersey 08225
609/646-6100
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>Products Liability Litigation<br><br>This Document Relates to:<br><br>GENE WEEKS, KRISTINE CRAMER,<br>NATHAN WILKINS, VIRGINIA PICKET,<br>SUSAN SMITH, on behalf of themselves and<br>all other similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>versus<br><br>MERCK & CO., INC.,<br><br>　　　　　　　　Defendant.<br><br>Civil Action No. 2:09-cv-03713 | • MDL No. 1657<br>• SECTION L<br>• JUDGE ELDON E. FALLON<br>• MAGISTRATE JUDGE<br>• KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Opposition to Defendant's Motion to Strike has been served on Defendants' Liaison Counsel Dorothy H. Wimberly, Stone Pigman Walther Wittmann LLC., and Plaintiff's Liaison Counsel Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of July, 2009.

　　　　　　　　　　　　　　　　/s/ Gary P. Levin, Esq.
　　　　　　　　　　　　　　　　GARY P. LEVIN
　　　　　　　　　　　　　　　　1442 New Road, Suite 3
　　　　　　　　　　　　　　　　Northfield, New Jersey 08225
　　　　　　　　　　　　　　　　609/646-6100
　　　　　　　　　　　　　　　　Attorney for Plaintiffs

# LAW OFFICES
## Gary P. Levin, LL.M., J.D., M.B.A.
### Master of Laws in Health Law

**GARY P. LEVIN, ESQ.**
Member of the Bar: State of New Jersey
State of Pennsylvania
U.S. Court of Appeals for Veterans Claims
Supreme Court of The United States of America

**ROBERT S. REIMAN, ESQ.**
Member of the Bar: State of New Jersey

**THOMAS P. LUTZ, ESQ.**
Member of the Bar: State of New Jersey
State of New York
State of Pennsylvania
State of Massachusetts

July 13, 2009

**VIOXX CLERK**
U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

      RE:    Gene Weeks, et als. v. Merck
              Civil Action No.: 2:09-cv-03713

Dear Vioxx Clerk:

    Enclosed please find Opposition to Motion and Certificate of Service in the above referenced matter. Please file and return a conformed copy in the enclosed envelope.

    Thank you for your assistance in this matter.

Sincerely,

*Gary P. Levin*
Gary P. Levin, Esquire

GPL/dll

---

1442 New Road, Suite 3, Northfield, New Jersey 08225
**(609) 646-6100 · (609) 646-0039 [FAX] · garylevin@garylevin.com**

LAW OFFICES
**Gary P. Levin**, LL.M., J.D., M.B.A.
Master of Laws in Health Law

1442 New Road, Suite 3, Northfield, New Jersey 08225

VIOXX CLERK
U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

First Class Mail

U.S. POSTAGE PAID
NORTHFIELD, NJ
08225
JUL 13 '09
AMOUNT
$1.73
0003484401

1000  70130