UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| STATE OF LOUISIANA, ex rel. JAMES D. CALDWELL, ATTORNEY GENERAL | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| Case No. 05-3700 | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT MERCK, INC. TO PRODUCE DOCUMENTS PREVIOUSLY PRODUCED TO THE GOVERNMENT AND WITH RESPECT TO RELATED LITIGATION**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 2

    I.     BACKGROUND FACTS ................................................................................... 2

          A.     Defendant Has Previously Produced Vioxx-Related Documents To The Government ........................................................................................... 2

          B.     Merck's Government Production focuses on the same issues relevant to this litigation ....................................................................................... 3

          C.     Without a good faith basis, Defendant refuses to produce the Government Production to Plaintiffs ........................................................... 4

    II.    ARGUMENT ....................................................................................................... 7

          A.     The Government Production Is Relevant and Should Be Produced. ........... 7

    III.   CONCLUSION .................................................................................................... 8

## INTRODUCTION

Plaintiffs brought this suit against Defendant, Merck & Co., Inc. ("Defendant" or "Merck"), alleging that Merck engaged in unconscionable and deceptive marketing practices in connection with the marketing and sale of Vioxx. These same practices by Merck have been the target of a variety of governmental investigations, for which Merck has produced internal documents concerning its sales and marketing practices for Vioxx. These government investigations all concern the very same practices as Plaintiffs allege in this case and some of these investigations have resulted in settlements with the governmental entities. These documents are directly relevant to the core issues of Plaintiffs' allegations in this case, ie. Merck's sales and marketing practices for Vioxx, and are thus highly relevant and discoverable. Plaintiffs requested Merck to identify and produce these materials in discovery, but Merck has refused. Plaintiffs now move to compel Merck to produce documents, within 10 days, which are related to Vioxx and were previously produced to any governmental entity, including but not limited to the Department of Justice, the U.S. Attorney's Office for the District of Massachusetts, or the Attorney General of California.

## I.     BACKGROUND FACTS

### A.    Defendant Has Previously Produced Vioxx-Related Documents To The Government

Merck has been the subject of several federal and state investigations into its sales and marketing practices for Vioxx, the very issues about which Plaintiffs have sued, by the Department of Justice as well as various Attorney Generals. See, *e.g.*, Declaration of Douglas R. Plymale In Support of Motion To Compel ("Plymale Decl."), Ex. A (Memorandum dated May 5, 2005 by the House Committee on Oversight and Government Reform) (referencing Merck's production of documents related to, *inter alia*, Vioxx); Ex. B (Excerpt of Form 10-K filed by

Merck for the period ending 12/31/08, Item 3) (disclosing subpoenas served on Defendant by U.S. Attorney's Office related to Vioxx, ongoing discussions regarding Vioxx with the U.S. Securities and Exchange Commission, the State of California Attorney General, and investigations under state consumer protection laws related to Vioxx which were resolved on May 20, 2008 through civil settlements with 29 states and the District of Columbia);  Ex. C (Merck's press release from March 23, 2009) (reporting that it has received a letter from the U.S. Attorney's Office for the District of Massachusetts relating to an investigation into activities in connection with Vioxx, which has been ongoing since 2004).  During the course of these investigations, the governmental entities requested documents related to Vioxx. See, *e.g.*, Ex. A. In response, Merck produced documents related to Vioxx to those governmental entities (the "Government Production"). See, *e.g.*, Ex. B (after disclosing federal government's subpoenas and European governmental investigations, Merck stated: "The company is cooperating with these governmental entities in their respective investigations (the "Vioxx Investigations")." Similarly, regarding the investigation by the State of California Attorney General, Merck stated: "The company is cooperating with the Attorney General in responding to the subpoena."); Ex. C (Finally, in their recent press release, Merck stated: "Merck has responded and is continuing to respond to requests from the U.S. Attorney's Office for documents and information in connection with the ongoing investigation.").

> **B.** **Merck's Government Production focuses on the same issues relevant to this litigation**

Plaintiffs allege that Merck engaged in unconscionable and deceptive marketing practices in connection with the marketing and sale of Vioxx, by knowingly concealing the risks of significant adverse events.  The Louisiana Department of Health and Hospitals (LDHH) and Louisiana consumers spent millions of dollars on a drug which, had Merck revealed what it knew

3

about its deadly side effects, would never have been purchased in such quantities, and certainly not a such a premium price. The sales and marketing practices about which Plaintiffs complain have been and continue to be the subject of the government investigations.

In Merck's 10-K form for 2008, it states that "the Company has received subpoenas from the DOJ requesting information related to the Company's research, marketing and selling activities with respect to Vioxx in a federal health care investigation under criminal statutes" and that it "received a subpoena in September 2006 from the State of California Attorney General seeking documents and information nrelated to the placement of Vioxx on California's Medi-Cal formulary."  Plymale Decl. Ex. C. at p. 34.

In fact, based on public reports, it appears that Merck's Government Production included documents clearly relevant here.  See Plymale Decl. Ex. D. (Reuters article dated March 23, 2009); Ex. E. (Wall Street Journal article dated February 1, 2008).  To date, the Government Production documents have not been identified or produced in this MDL or in any State Court Litigation.  Thus, Plaintiffs do not have access to these very relevant and discoverable materials. Plaintiffs requested that Defendant produce the Government Production in the Governmental Actions Master Discovery Requests, but Merck has refused to identify or produce these materials[1].

### C.    Without a good faith basis, Defendant refuses to produce the Government Production to Plaintiffs

On April 30, 2009, this Court entered Pre-Trial Order ("PTO") 39, lifting the stay of discovery in Governmental Action cases and setting forth a schedule for future discovery.  On May 11, 2009, pursuant to PTO 39 the Government Action plaintiffs exchanged draft Master

---

[1] The Private Third-Party Payors also requested the Government Production in their Master Discovery Requests, and Merck also refused to produce these materials in response to those Requests.

4

Discovery Requests with Merck. On May 21, 2009, the Government Action plaintiffs and Merck held an all day meet-and-confer in New York City regarding the draft Master Discovery Requests. On May 28, 2009 the Government Action plaintiffs and Merck held a second meet-and-confer in New Orleans regarding the draft Master Discovery Requests. At each of these meet-and-confers, Merck's counsel indicated that Merck would not willingly produce the Government Production. On June 5, 2009, the Governmental Action Plaintiffs propounded their First Set of Master Discovery Requests to Merck. See Plymale Decl., Ex. F (Government Action Plaintiffs' First Set Of Master Interrogatories To Defendant Merck & Co, Inc.); Ex. G (Government Action Plaintiffs' First Set Of Master Document Requests To Defendant Merck & Co, Inc.). Among other things, the Requests sought:

> INTERROGATORY NO. 48:
>
> Please Identify all governmental investigations initiated by any governmental entity, including, the United States Senate, the United States House of Representatives, the United States Senate, the United States Food and Drug Administration ("FDA"), the United States Department of Justice and any state Attorney General, that relate to the development, manufacture, testing, marketing, sales or distribution of VIOXX.

Ex. F, ¶¶ 48. and

> REQUEST FOR PRODUCTION NO. 10:
>
> All documents, data and information produced by You, whether voluntarily or involuntarily, concerning any governmental investigation initiated by any governmental entity, including the United States Senate, the FDA, the United States Department of Justice, or any state Attorney General that relate to the development, manufacture, testing, marketing, sales or distribution of VIOXX.

Ex. G, ¶¶ 10.

On July 6, 2007 the Louisiana Attorney General exchanged discovery responses to the Master Sets of Discovery with Merck[2]. In its Responses, Defendant has refused to identify a single investigation in response to Interrogatory 10, but directed Plaintiffs to certain communications between Merck and the FDA. Plymale Decl., Ex. H (Responses and Objections of Merck & Co., Inc. To Government Action Plaintiffs' First Set Of Master Interrogatories To Defendant Merck & Co, Inc. dated July 6, 2009, at ¶¶ 48, pp. 40-41). In response to Request for Production No. 10, Merck directs Plaintiffs to these same documents and merely states that it "has also produced certain responsive, non-objectionable, non-privileged documents which Merck previously produced to Congress," without identifying or producing any such documents. Plymale Decl., Ex. I (Responses and Objections of Merck & Co., Inc. To Government Action Plaintiffs' First Set Of Master Document Requests To Defendant Merck & Co, Inc. dated July 6, 2009, at ¶¶ 10 pp. 15-16). Plaintiffs consider these responses wholly deficient.

Plaintiffs met and conferred with Defendant regarding this issue, among others, on July 13, 2009. During the course of that meet and confer, Plaintiffs' counsel raised the issue of the lack of response to the discovery requests concerning the Government Production. In response, Merck's counsel stated that a forthcoming letter to Plaintiffs' Liaison counsel would further address or somehow clarify the issue. However, that letter, dated later that day, was still completely non-responsive to these requests, and merely stated "Further, we do not understand how Merck's interactions with various government investigations, documents produced in those investigations, or the identity of individuals involved in responding to the investigations is relevant to the Private Third Party Payor or Governmental Action cases." See Plymale Decl. Ex.

---

[2] By agreement of the parties, Merck responded to a limited set of the Government Actions Master Discovery Requests in the Louisiana Attorney General case on July 6, 2009. The Requests at issue here were part of that limited set. See Plymale Decl. Ex. J (email from Douglas R. Plymale dated June 19, 2009).

K (letter from Benjamin Barnett to Leonard Davis dated July 13, 2009).  Thus, after multiple meet-and-confers, this issue is now ripe for consideration by the Court.

## II.     ARGUMENT

Rule 26(b)(1) of the Federal Rules of Civil Procedure expressly provides that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…
>
> \*     \*     \*
>
> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Here, as set forth above, the Government Production Docuemnts go to the heart of Plaintiffs' claims and meet the standard of Rule 26(b)(1).

### A.     The Government Production Is Relevant and Should Be Produced.

Merck's Government Production, including but not limited to documents produced to the Department of Justice or the state Attorney Generals, is clearly relevant to the claims here. Both the government investigations and this lawsuit clearly focus on Merck's sales and marketing practices with respect to Vioxx. Merck has admitted that it has produced responsive documents to the respective governmental entities.  Public reports indicate that documents relevant to this litigation were included in Merck's Government Production. See *e.g.* Plymale Decl. Ex. B.

Case law is clear that documents produced to governmental entities are appropriate for requests to produce in related civil litigation. See, e.g., In re Sulfuric Acid Antitrust Litig., 235 F.R.D. 407, 427 (N.D. Ill. 2006) (granting motion to compel documents produced to the Department of Justice); Clark v. Experian Info. Solutions, Inc., 2006 U.S. Dist. LEXIS 13808 (N.D. Ill. Jan. 6, 2006) (granting motion to compel documents produced to the Federal Trade Commission and stating "There is no basis for protecting from discovery any documents … that is, business records that existed prior to the commencement of the FTC's investigation but were furnished to the FTC following the instigation of the investigation."); In re Columbia/HCA Healthcare Corp., 192 F.R.D. 575, 576 (M.D. Tenn. 2000) (granting motion to compel documents produced to the Department of Justice).

Aside from relevancy and responsiveness, there is good reason to compel the production of documents produced to governmental entities: the documents have already been culled for relevancy and privilege, and thus are a way to expedite production in complex litigation and reduce burden. For this reason, the court in In re Pharmaceutical Industry Average Wholesale Price ("AWP") Lit., MDL No. 1456, No. 01-12257 (D. Mass.), entered an early Case Management Order that stayed discovery generally while the court considered defendants' motions to dismiss, but ordered defendants to produce within approximately 45 days:

> Existing or Previous Investigations: A copy of the set or sets of documents, if any, previously produced by a defendant to any federal or state executive or legislative agency or entity in connection with any investigation into, in whole or in part, the use of the average wholesale price ("AWP") in the pricing or reimbursement of a drug manufactured by that defendant during the Class Period. Such document[sic] shall include a copy of the document request, subpoena or other demand under which the documents were produced by the defendant.

Plymale Decl., Ex. L (Case Management Order No. 5 dated October 28, 2002 from In re AWP Lit.). Thus, the court recognized the expediency of having the government productions produced to allow the parties to sort through the facts.

Thus, the objections raised to date by Merck to preclude the Government Objection have no basis in the case law and should be rejected. Plaintiffs request that Defendant be ordered to produce the Government Production within 10 days.

## III.   CONCLUSION

Despite the fact that Merck has been aware of these Requests since May 11, 2009, more than 60 days ago, Defendant has yet to produce a single substantive document or even identify a single governmental investigation.  Defendant's refusal is particularly egregious given that there are documents that have already been culled and reviewed for privilege, namely the documents produced to any governmental entities, and given the schedule set forth in PTO 39.  Defendant's dilatory tactics should not be countenanced. Accordingly, Plaintiffs respectfully request that this

Court order Defendant to respond to Interrogatory 48 and produce all documents responsive to Request No. 10 within 10 days.

Dated: July 16, 2009          Respectfully submitted,

By: /s/  Douglas R. Plymale
James R. Dugan, II,
Douglas R. Plymale
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
*Murray Law Firm*
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181

**CO-CHAIR OF GOVERNMENT ACTIONS PLAINTIFFS' CASE MANAGEMENT COMMITTEE AND COUNSEL FOR PLAINTIFFS**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
*Louisiana Department of Justice*
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
General Counsel
Kim Sullivan
*Louisiana Department of Health and Hospitals*
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

**COUNSEL FOR PLAINTIFFS**