UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| GENE WEEKS, KRISTINE CRAMER, | * | SECTION L |
| NATHAN WILKINS, VIRGINIA PICKET, | * | |
| SUSAN SMITH, on behalf of themselves and | * | JUDGE ELDON E. FALLON |
| all other similarly situated, | * | |
| | * | MAGISTRATE JUDGE |
|                          Plaintiffs, | * | KNOWLES |
| versus | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
|                          Defendant. | * | |
| | * | |
| Case No. 2:09-cv-03713 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE CLASS
ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply in support of its motion to strike the class allegations in Plaintiffs' First Amended Complaint ("Compl.").

Plaintiffs' opposition offers no meaningful response to Merck's arguments that the class definition is not ascertainable. Instead, plaintiffs merely assert that: (1) their class is in fact based on objective criteria; and (2) their definition is proper because the predominant relief sought is injunctive. These arguments are without merit. ***First***, the class definition is wholly subjective because it defines its membership in terms of persons who fear losing their retained counsel. ***Second***, there is no support in law or logic for plaintiffs' argument that the type of relief requested can cure ascertainability problems. ***Finally***, plaintiffs' opposition ignores

Merck's argument that they propose an impermissible fail-safe class. For these reasons, as set forth further below, Merck's motion should be granted.

## ARGUMENT

Plaintiffs seek to certify a class of "all litigants who had personal-injury actions pending in any jurisdiction of the United States alleging damages as a result of ingestion of Vioxx, subject to the 'all in' provision of the MSA [who] consented to . . . accept the terms of the MSA *for fear of losing their retained counsel*." (Compl. Relief Requested (emphasis added).) As Merck explained in its opening brief, the law is clear that a proposed class like plaintiffs' – *i.e.*, one that defines its membership in terms of persons who "fear" a particular outcome – improperly calls for a subjective inquiry and cannot be certified. *See, e.g.*, *Rios v. Marshall*, 100 F.R.D. 395, 402 (S.D.N.Y. 1983); *Capaci v. Katz & Besthoff, Inc.*, 72 F.R.D. 71, 75-78 (E.D. La. 1976). Plaintiffs' arguments to the contrary all fail.

*First*, plaintiffs effectively concede that their class definition is improperly subjective by attempting to rewrite their class definition. They now contend that their proposed class is defined "as all plaintiffs/clients whose attorneys complied with the 'all-in' provisions of the MSA" (Pls.' Opp'n at 4), and that its membership "can be readily identified by reference to the court records," (*id*.). But plaintiffs' on-the-fly attempt to amend their class definition does not solve the ascertainability problem. For starters, that is not the class defined in the Complaint, and plaintiffs have not sought leave to amend their class definition. Indeed, the Court should treat this argument as a concession that the class definition proposed in the Complaint itself is not ascertainable and strike the class allegations for this reason alone.

But even if the Court permitted an amendment via opposition brief, plaintiffs' new definition merely highlights that the ascertainability problem in their Complaint is incurable.

Read literally, plaintiff's new class definition would encompass every plaintiff who settled Vioxx-related claims against Merck, since all their attorneys presumably complied with the settlement agreement. That cannot be what plaintiffs intend because plainly not every settlement enrollee believes he was wrongly enrolled in the settlement. Instead, as plaintiffs admit later in their brief, they intend to define a class that includes two limited sets of settlement enrollees: (a) individuals whose counsel "made the recommendation to consent to the MSA that was not based upon independent professional judgment"; and (b) individuals who consented to the settlement because they "faced loss of counsel." (*See id.* at 5-6.)[1]

Determining membership in this two-part class would be even more complicated than it would be under plaintiffs' original definition because it would entail two case-by-case subjective inquiries instead of one. Ascertaining the first set of class members – those whose counsel did not rely upon independent professional judgment in recommending settlement – would require an inquiry into counsel's state of mind and the facts surrounding each recommendation. Ascertaining the second set of class members – those who consented because they faced loss of counsel – would require an inquiry into each proposed class member's state of mind and the nature of the member's interactions with counsel concerning any threatened withdrawal. Such a task would not only be administratively impractical; it would also impermissibly tread upon the merits of plaintiffs' allegations. Thus, plaintiffs have simply offered more reasons to grant Merck's motion.

***Second***, plaintiffs assert that their class allegations are proper "because the predominate relief sought is injunctive and declaratory in nature," and the relief they seek would thus apply to the class as a whole. (*Id.* at 6.) Again, plaintiffs are wrong. The fact that a case involves

---

[1] This mismatch between the literal meaning of plaintiffs' new class definition and the actual membership they envision for it highlights their inability to offer an ascertainable class definition.

3

injunctive relief does not excuse it from ascertainability requirements – and this Court has so recognized.  In *In re Vioxx*, for example, the plaintiffs "sought to enjoin distribution of interim payments in the Vioxx Settlement Program," and this Court granted defendant's motion to strike the class allegations on ascertainability grounds.  No. MDL 1657, 2008 WL 4681368, at *1 (E.D. La. Oct. 21, 2008); *see also Zapka v. Coca-Cola Co.*, No. 99-CV-8238, 2000 WL 1644539, at *1 (N.D. Ill. Oct. 27, 2000) (class deemed not ascertainable even though plaintiff sought injunctive relief).  Plaintiffs' cases are not to the contrary.  Indeed, they have nothing whatsoever to do with ascertainability.  *See Bolin v. Patton*, 231 F.3d 970 (5th Cir. 2000) (stating the rule for class certification under Rule 23(b)(2)); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998) (generally discussing Rule 23(b)(2) certification).

Plaintiffs' argument is, in any event, illogical.  According to plaintiffs, injunctive relief avoids ascertainability problems because it is "generally applicable to the class."  (Pls.' Opp'n at 6 (citation and quotation marks omitted).)  But the same question remains – who is in the class and to whom is the relief generally applicable?  If plaintiffs mean to argue that ***all*** settlement enrollees are in the class, their class definition is too broad; certainly, plaintiffs do not argue that every settlement participant's attorney engaged in misconduct that caused him or her injury.  *See Fiber Sys. Int'l v. Roehrs*, 470 F.3d 1150, 1159 (5th Cir. 2006) (affirming denial of injunctive relief because "an injunction must be narrowly tailored to remedy the specific action necessitating the injunction" and the plaintiff had not shown that any wrong had occurred).  If instead plaintiffs mean only to include those persons identified in the class definition in their Complaint – *i.e.*, persons who "accept[ed] the terms of the MSA for fear of losing their retained counsel" – then ascertainability problems remain because the Court must determine who is subject to the request for relief.

*Finally*, plaintiffs do not even attempt to refute Merck's argument that their proposed class definition would require the Court to improperly tread on the merits of the case in order to decide class membership. As noted previously, the merits-based inquiries under plaintiffs' proposed amended class definition would be even more far-reaching. Thus, plaintiffs do not (and cannot) dispute that they seek to certify impermissible fail-safe classes.

For this reason too, the Court should strike plaintiffs' class allegations.

## CONCLUSION

For all of the foregoing reasons and those set forth in its opening brief, Merck respectfully requests that the Court strike the class allegations in Plaintiffs' First Amended Complaint.

Dated: July 20, 2009                                  Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK & CO., INC.

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of July, 2009.

                                                                           */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

6