UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCT LIABILITY LITIGATION | ) ) ) ) ) | MDL Docket No. 1657 |
| | ) | Judge Eldon E. Fallon |
| Sherry D. Swafford, et al., | ) ) | |
| Plaintiff, | ) ) | (Proposed) Order |
| vs. | ) ) | |
| MERCK & CO., INC., a foreign Corporation, | ) ) | CASE NO. 2:05-cv-05822 – EEF-DEK |
| Defendant. | ) | |

Based upon the information submitted by Plaintiff's counsel, Plaintiff's counsel's request to withdraw as counsel for the Plaintiff is granted.

IT IS HEREBY ORDERED, that Charles S. Zimmerman, Ronald S. Goldser, Stacy K. Hauer, and the law firm of Zimmerman Reed PLLP is withdrawn as counsel for plaintiff Sherry D. Swafford.

_____
U.S. District Court Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: VIOXX PRODUCT LIABILITY LITIGATION | MDL Docket No. 1657 <br> Judge Eldon E. Fallon |
| Sherry D. Swafford, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MERCK & CO., INC., a foreign Corporation, <br> Defendant. | AFFIDAVIT OF STACY K. HAUER IN SUPPORT OF MOTION TO ALLOW PLAINTIFF'S COUNSEL TO WITHDRAW AS ATTORNEY OF RECORD <br><br> CASE NO. 2:05-cv-05822 – EEF-DEK |

STATE OF MINNESOTA ) 
) ss.
COUNTY OF HENNEPIN )

COMES NOW YOUR AFFIANT, Stacy K. Hauer, upon being duly sworn, states and deposes as follows:

1. I am an attorney at the law firm of Zimmerman Reed.

2. On or about September 30, 2005, Zimmerman Reed filed a complaint on behalf of Sherry D. Swafford.

3. Zimmerman Reed was acting as local counsel for the law firms of Daniel E. Becnel, Jr. and Savage Bowersox Supperstein, LLP when it filed the Complaint for Ms. Swafford.

4. On September 22, 2006, the law firms of Daniel E. Becnel, Jr. and Savage Bowersox Supperstein, LLP filed a motion to withdraw as counsel of record for

2

Ms. Swafford; this motion did not list Zimmerman Reed as counsel seeking to withdraw.

5. On September 27, 2006 this motion was granted.

6. I have been advised by the Claims Administrator that Plaintiff is participating in the Vioxx resolution program as a Pro Se Claimant.

7. On or about June 18, 2009, I was advised by the Claims Administrator that Zimmerman Reed would need to sign a Stipulation of Dismissal on behalf of Ms. Swafford to cure a deficiency in her settlement materials.

8. On or about July 9, 2009, I contacted Hughes Hubbard to discuss Ms. Swafford's claim and advised Counsel for Merck & Co that Zimmerman Reed would withdraw as counsel of record for Ms. Swafford.

9. On or about July 16, 2008, I spoke with the Vioxx Curator's office and was told that the Curator's Office is aware of Ms. Swafford's *pro se* status and that she had received bulk mailings from that office.

10. On or about July 16, 2009, I contacted the Claims Administrator and asked for the contact information for Ms. Swafford in order to contact her to comply with Pre-Trial Order 36.

11. On or about July 17, 2009, I received Ms. Swafford's contact information from the Claims Administrator after they had obtained her consent to provide the information to me.

12. I have attempted to reach Ms. Swafford at the telephone number provided by the

3

      Claims Administrator and have not been able to reach her to obtain her consent to the withdrawal of Zimmerman Reed.

Further your affiant sayeth not.

Dated:                                                                        ZIMMERMAN REED, P.L.L.P.

                                                                                                _____
                                                                                               Stacy K. Hauer