# HOWARTH & SMITH
ATTORNEYS AT LAW
523 WEST SIXTH STREET
SUITE 728
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 955-9400
FAX: (213) 622-0791
www.howarth-smith.com

DARCY R. HARRIS  June 24, 2009  DHarris@howarth-smith.com
Direct Line: (213) 955-9400 Ext. 109



**VIA EMAIL AND FEDERAL EXPRESS**

Lynn C. Greer, Esq.
BrownGreer PLC
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209

Re: Vioxx Settlement Claim for Dr. Irving K. Loh; VCN 1073348

Dear Ms. Greer:

    We are in receipt of your June 19, 2009 letter regarding the Notice of Incomplete Claims Package for Dr. Loh and the deadline for submitting pharmacy records, if any, that the Administrator has set for this Claim.

    We do not agree with the interpretation of the guidelines set forth in your letter, particularly as applied to a Claim such as this where there are no pharmacy records showing Vioxx use by the Claimant. We note that Exhibit 1.3.1 to the Settlement Agreement which you reference also states in section 9 that "[a]n 'applicable pharmacy' is a pharmacy for which evidence exists that Enrolled Program Claimant previously filled his or her Vioxx prescriptions at that facility." As you know, Dr. Loh used Vioxx samples given to him directly by Merck salesmen and did not use a pharmacy, as is the practice of many doctors.

    We also do not agree that it comports with due process to unilaterally change the length of a deadline which is being relied on by the claimants and thereby prejudice a claimant working to comply with the deadlines. The email that you attached to your letter which was sent to Primary Counsel announcing the change in deadline from 30 days to 14 days, was sent on June 19, 2009, <u>after</u> the Notice of Incomplete Claims Package for Dr. Loh was issued on June 16, 2009, and <u>after</u> our letter was sent to the Administrator on June 18, 2009, requesting that Dr. Loh be accorded the full 30 days under the rules and requesting an "extension" of the incorrect deadline.

09:L330244.doc

Lynn C. Greer, Esq.
June 24, 2009
Page 2

In any event, we are in the process of locating any pharmacy records that might exist, even though there are none that fit the published criteria. Also enclosed is an affidavit from Dr. Loh concerning medications other than Vioxx which he used from August 2000 and June 2005 (the date of first Vioxx use through 3 months after the Eligible Event). Just as with Vioxx (as set forth in the previously submitted affidavits of Dr. Loh and Dr. Barry which have been accepted by the Gates Committee as sufficient Proof of Use), Dr. Loh often used samples provided by colleagues and/or directly by representatives from the pharmaceutical companies for these other medications, so there would not be pharmacy records evidencing this use. This affidavit, together with the other records already submitted with the Claim, should provide a sufficient basis for the Administrator to assess the presence or absence of risk factors under the Settlement Agreement.

We will also call Ms. Blankenship on June 26 as you suggest and give her a progress report on our efforts to locate pharmacy records, if there are any, for the requested period.

Very truly yours,

Darcy R. Harris

DRH:rp

Enclosure

cc:   Honorable Eldon E. Fallon, Chief Administrator (via email and U.S. mail)
      Russ M. Herman, Esq. (via email and U.S. mail)
      Andy D. Birchfield Jr., Esq. (via email and U.S. mail)
      Christopher A. Seeger, Esq. (via email and U.S. mail)
      Thomas V. Girardi, Esq. (via email and U.S. mail)
      Phillip A. Wittmann, Esq. (via email and U.S. mail)
      Douglas R. Marvin, Esq. (via email and U.S. mail)
      Suzelle M. Smith, Esq.

09:L330244.doc