UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   VIOXX<br>           Product Liability Litigation<br><br>Gene Weeks,<br><br>            Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>            Defendant. | MDL NO. 1657<br><br>SECTION:  L<br><br>Case No. 2:05-cv-04578-EEF-DEK<br><br>Judge Fallon |

**PLAINTIFF'S RESPONSE TO RONALD BENJAMIN'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RULE 11 SANCTIONS AND CROSS-MOTION FOR SANCTIONS AGAINST ATTORNEY TEJEDOR AND THE RECUSAL OF THIS COURT**

Comes Now, Plaintiff's Counsel, Maria D. Tejedor, files this Response to Ronald Benjamin's Memorandum of Law in Opposition to Motion for Rule 11 sanctions and Cross-Motion for Sanctions Against Attorney Tejedor and the Recusal of this Court and in support of the foregoing states the following:

1. Plaintiff is filing a response specifically to the issue of recusal of this Court. Plaintiff's counsel Ronald Benjamin's Motion to Request this Court to Recuse itself is baseless and not supported by any facts.

2. The fact that the Honorable Eldon E. Fallon is a chief administrator does in no way affect his impartiality to rule on these motions.

3. Benjamin's Motions fail to state that this law firm is not entitled to recover attorney fees.  Benjamin also fails to address the fact Gene Weeks has a lawful contract with this law firm for services resulting from a recovery of his Vioxx claim.  Gene Weeks entered into a contract with the undersigned on March 4, 2005.

4. Throughout the four years of litigation in Mr. Weeks case, the undersigned has acted diligently in representing his interests. We have taken every step necessary in this case to preserve his rights and comply with the terms of the settlement agreement. We provided the MDL and the Claims administrator with all of the information necessary to properly access his claim.

5. This law firm has legally earned its fee regardless whether an email was delivered in January, 2009 as this law firm earned its fee in full by this time.

6. It is important to note that Benjamin has done nothing to obtain a benefit for Mr. Weeks. Benjamin did not file a law suit in this case on September 30, 2005. Benjamin did not file a Plaintiff Profile Form, it was filed by this law firm. Benjamin did not prepare a Notice of Appeal on May 20, 2009 when the initial award was received in order to increase Mr. Weeks settlement. In fact, at the time Mr. Benjamin claimed to represent Mr. Weeks he failed to take a single action to appeal the award to ensure that his rights were preserved and he obtained a higher award. On the contrary this law firm did so and was successful in doing so, it was through the efforts of this law firm and not Ronald Benjamin that Mr. Weeks incurred a significant award in the amount of $289,030.95.

7. Pursuant to the Master Settlement Agreement (MSA) this firm would have been required to withdraw from counsel if Mr. Weeks opted to exit the settlement program and return to the tort system. We advised Mr. Weeks of this and he understood the same. However, it was also made very clear to him in writing and verbally through the settlement process we would continue to represent him as we did. There was nothing unethical or inappropriate about the position that we clearly explained to him.

8. Furthermore, it is important to note that this law firm never withdrew, never filed a Motion to Withdraw and again after January, 2008 continued to represent Mr. Weeks to his benefit and work on the case resulting in an increased settlement award.

9. In opposing our Motion to Approve the Settlement and allow us to disburse funds as well as attorney fees and costs, does Benjamin suggest that he be paid the fee in this case for doing nothing for the clients' benefit? Or does he suggest that a winfall be given to Mr. Weeks and this law firm not be paid for its services rendered pertaining to that recovery? It would only seem equitable as well as contractual that the Plaintiff pay this law firm its fees and costs in addition to the Claims Administrator fees and costs incurred in the successful resolution of this case.

Wherefore, Plaintiff's respectfully request that the Court deny all of Ronald Benjamin's Motions.

### LR 7.1(a) CERTIFICATE OF COMPLIANCE[i]

Counsel hereby certifies that he conferred in good faith with the defendant regarding the issues and they have no objection to the motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>28th</u> day of July, 2009, I electronically filed the foregoing with the Clerk of the Court by utilizing the CM/ECF system, which will send a notice of electronic filing to Plaintiff's Liaison Counsel, Russ M. Herman, Esq., Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., New Orleans, LA 70113, Defendants' Liaison Counsel, Phillip A. Wittman, Esq., Stone, Pigman, Walther, Wittman, LLC, 546 Carondelet Street, New Orleans, LA 70130, Ronald R. Benjamin, Esq., 126 Riverside Dr., P.O. Box 607, Binghamton, NY 13902-0607, and a courtesy copy via U.S. Mail to Mr. Gene Weeks, 35241 CR 439 Eustis, FL 32736.

s/Maria D. Tejedor
_____
Maria D. Tejedor, Esq.
FBN: 0095834
Diez-Arguelles & Tejedor
540 Semoran Blvd.
Orlando, FL 32807
(407) 381-4123