## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### JOINT REPORT NO. 49 OF
### PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")
submit this Joint Report No. 49.

I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx
Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death,
or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information
regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full
text of the Master Settlement Agreement and exhibits, together with registration and enrollment
forms   and   instructions   can   be   found   at   Claims   Administrator's   website   at
www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may
contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-

- 1 -

mail address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq. By Order entered February 11, 2009, the Court granted the motion. U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program. The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator. A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

II.    REGISTRATION AND ENROLLMENT OF CLAIMS IN THE
        SETTLEMENT PROGRAM

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have submitted claims for registration and enrollment. BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the enrollment process at the monthly status conference on July 31, 2009.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants

regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.   The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

On June 10, 2009, Merck filed a Motion, Rule and Incorporated Memorandum to Show Cause Why Rights of Certain Tolling Claimants Should Not be Extinguished.  The motion is directed to tolling claimants who commenced the enrollment process and enrolled in the Resolution Program, but never provided a Release of any kind (whether deficient or otherwise), and completely defaulted on their obligations under the Master Settlement Agreement.  The motion was heard at the conclusion of the monthly status conference on June 24, 2009, at which time the Court granted the motion.

Additionally, on June 11, 2009, Merck filed a Motion and Incorporated Memorandum to Dismiss Non-Submitting Program Claimants' Cases.  The motion is directed to plaintiffs who submitted an enrollment form, but failed to comply fully with the terms of the Master Settlement Agreement, thereby becoming Non-Submitting Program Claimants ("NSPC") whose Stipulations for Dismissal With Prejudice and Releases are to be delivered to Merck which may file them in any relevant action or proceeding.  The NSPC claimants subject to the motion submitted Stipulations for Dismissal With Prejudice that are materially deficient (or never submitted) and, despite ample opportunity to cure their deficiencies and appeal their NSPC status to the Special Master, have failed to do so.  The motion is set for hearing on July 31, 2009, immediately following the conclusion of the monthly status conference.

III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans (see *infra* Section XIV).  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.  At the monthly status conference, Special Master Juneau will report on the appeal process.

V.  <u>STATE COURT TRIAL SETTINGS</u>

No cases are set for trial in the state courts through December 31, 2009.

VI. <u>CLASS ACTIONS</u>

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed.  By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring).  The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m., why those cases should not be dismissed.  The Order also set briefing deadlines.  By Order entered May 5, 2009, the Court dismissed without prejudice the cases on the show cause order.  This Order renders moot Defendants' Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and Defendants' Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint -- both of which had been briefed and submitted to the Court.  It does not affect Defendants' Rule 12 Motion to Dismiss the Purchase Claims which has been briefed and submitted to the Court.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

- 5 -

VII.    STATE/FEDERAL COORDINATION -- STATE LIAISON
        COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on July 31, 2009.

VIII.    *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program.  Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").  The PLC and Curator will be prepared to discuss this further at the monthly status conference on July 31, 2009.

IX.    PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.

## X.   THIRD PARTY PAYOR CASES

On April 14, 2009, the Court entered Pre-Trial Order No. 38 which governs and sets deadlines for third party payor cases.  On April 21, 2009, Merck propounded a First Set of Interrogatories and a First Set of Requests for Production of Documents to Bellwether Third Party Payor Plaintiffs Pursuant to PTO 38.  On May 14, 2009, Bellwether Third Party Plaintiffs propounded a Master Set of Interrogatories and Requests for Production to Merck.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

On May 19, 2009, the Court issued Pre-Trial Order No. 41 relative to appointment of private third party payor Bellwether Trial Committee.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

## XI.   GOVERNMENT ACTIONS

On April 30, 2009, the Court issued Pre-Trial Order No. 39, Case Management Schedule for Government Actions.

On July 10, 2009, the Court issued Pre-Trial Order No. 44, relative to appointment of Government Actions Plaintiffs' Case Management Committee.

Plaintiffs and Merck exchanged formal master discovery on June 5, 2009. Although PTO 39 establishes that responses and objections to such discovery will be exchanged on July 6, 2009, the parties to the Government Actions other than the State of Louisiana have agreed to extend the date for serving such responses.  The Louisiana AG responses have already been provided.  In addition, Merck has provided written responses to certain Master Discovery requests prioritized by the Louisiana AG and will provide written responses to the remainder of that discovery by the agreed deadline of August 5, 2009.  Merck anticipates completion of its

rolling production of documents responsive to all pending Louisiana AG Master Discovery by July 31, 2009.  The Government Action counsel and Merck have had numerous discussions on details of their respective discovery obligations in these cases, and continue to engage in discussions to facilitate a smooth exchange of discovery.

On July 16, 2009, plaintiffs filed a Motion to Compel Merck to produce documents previously produced to the Government with respect to related litigation.  The parties have met and conferred and have established a briefing schedule so that a hearing can be scheduled in mid-August.  The outcome of this hearing may impact the timing of expert reports and the 30(B)(6) corporate deposition notice issued to Merck regarding the government investigation.  Further, plaintiffs have requested that Merck produce certain third party discovery from IMS Health, Inc. ("IMS").  Merck has advised plaintiffs that the requested data is proprietary to IMS and cannot be disclosed without express authorization of IMS, and Merck has provided plaintiffs with contact information for in-house counsel at IMS in order to facilitate discussions regarding this particular discovery.  Plaintiffs' counsel has been in communication with counsel for IMS regarding this matter.  The parties continue to discuss this matter, as well as other depositions that have been noticed.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

Merck filed a Motion to Dismiss the Amended Complaint on June 9, 2009.  A hearing on the motion took place on July 28, 2009, and the parties await a ruling from the Court. The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

XII.   DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION
WITH THIRD PARTY PAYOR AND GOVERNMENT
ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A and on February 17, 2009 issued Pre-Trial Order No. 13B, both of which relate to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions.  Additionally, on May 19, 2009 entered Pre-Trial Order No. 13C which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

XIII.   PENDING  PERSONAL INJURY CASES IN WHICH LONE
PINE EXPERT REPORTS HAVE BEEN SERVED

On April 28, 2009, the Court held a Case Management Conference with counsel for a number of personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On April 28, 2009, the Court issued an Order appointing Ann Oldfather to serve as Liaison Counsel for plaintiffs in these cases and Doug Marvin to serve as Liaison Counsel for defendant.

On June 25, 2009, the Court issued Pre-Trial Order No. 42 announcing the Court's intent to appoint a Committee to conduct and coordinate discovery in those cases. Nominations for the Committee were to be filed by July 8, 2009 and objections by July 10, 2009.

Two individuals, Ann Oldfather and Shawn G. Foster, applied for appointment to the Committee.  On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing  Ms. Oldfather as lead counsel for the Committee and Mr. Foster as a member of the Committee.  The Court has scheduled a status conference to take place, in chambers, on July 30, 2009 with Plaintiffs' Liaison Counsel, Ann Oldfather, and Defendants' Liaison Counsel, Doug Marvin.

## XIV.   THIRD PARTY PAYORS' MOTIONS

On May 19, 2009, the Court issued Pre-Trial Order No. 40 which approved the Settlement Agreement negotiated with Third Party Payor Counsel to establish a Private Lien Resolution Program for eligible claimants and to undertake a confidential audit.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

## XV.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and as reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it

would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument.  Numerous objections were filed with the Court.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on July 31, 2009.

Over the past months, the Fee Allocation Committee has conducted numerous meetings and phone conferences with representatives of various law firms that have submitted requests for reimbursement of common benefit costs.  Furthermore, Phil Garrett, the court appointed CPA, has continued to update and review submitted costs.  The Fee Allocation Committee will be filing a motion with the Court regarding reimbursement of common benefit costs.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on July 31, 2009.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, not necessary or appropriate, and that if the Court determined that discovery was appropriate that a scheduling order would be necessary.  On February 27, 2009, PLC filed a response in opposition to the motion.  PLC will be prepared to discuss this at the monthly status conference on July 31, 2009.

XVI.   MOTION   FOR   RECONSIDERATION/REVISION   OF   ORDER
       CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent

fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32%

plus reasonable costs.    The Order and Reasons are posted on the Court's website,

http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx

Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping

Contingent Fees and Alternatively for Entry of Judgment.  On December 19, 2008, the trial court

entered an Order appointing the Tulane Civil Litigation Clinic ("the Clinic") to represent the

Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest.  On

December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of

mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the

Fifth Circuit vacate the appointment order or stay the Order pending further proceedings.  On

January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus

and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the

Court would schedule a status conference with representatives of the Vioxx Litigation

Consortium and the Tulane Civil Litigation Clinic and that the Court would set a briefing and

argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and

further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30,

2009 Order to their clients who have enrolled in the Settlement.  In accordance with the Order,

on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that

the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

The Vioxx Litigation Consortium's Motion for Reconsideration came on for hearing on April 7, 2009 at 9:00 a.m. and the parties await a ruling on the motion.

By Order entered March 5, 2009, the Court established the guidelines by which the Clinic may communicate with each enrolled Vioxx settlement claimant who contacts the Clinic.  Further, the Order required that other attorneys who filed motions for reconsideration similar to the Vioxx Litigation Consortium's motion to notify their clients of the Court's appointment of the Clinic and, on or before March 21, 2009, file into the record an affidavit stating their compliance with the Order.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

XVII.  <u>MERCK'S MOTIONS AND RULES ON PTO 28 NON-COMPLIANCE</u>

Since September, 2008, Merck has filed seven Motions, Rules and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The  Requirements of PTO 28.  All claims subject to those motions have been resolved except for two claims which have been deferred and will be heard immediately following the conclusion of the monthly status conference on July 31, 2009.  Additionally, on June 17, 2009, Merck filed its Eighth Motion, Rule, and Incorporated memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The Requirements of PTO 28.  The motion will be heard immediately following the conclusion of the monthly status conference on July 31, 2009.  The parties will be prepared to discuss the motions further at the monthly status conference on July 31, 2009.

XVIII.  MERCK'S MOTIONS AND RULES ON PTO 29 NON-COMPLIANCE

On May 7, 2009, Merck filed its Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The  Requirements of PTO 29.  The motion was heard on June 10, 2009.  At that time, the motion was withdrawn as to certain plaintiffs who had complied with PTO 29, was deferred as to one plaintiff until July 31, 2009, and the claims of other plaintiffs were dismissed with prejudice for failure to comply with PTO 29.  Additionally, on June 17, 2009, Merck filed its Fifth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The Requirements of PTO 29.  The motion will be heard immediately following the conclusion of the monthly status conference on July 31, 2009.  The parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

XIX.  OTHER MOTIONS

On February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.   Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009 and filed an opposition to the *Bethea* motion on April 24, 2009.  The motions have been taken under advisement by the Court.

XX.   <u>APPEALS</u>

By Order and Reasons entered April 29, 2009, the Court granted Merck's Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The  Requirements of PTO 28 and dismissed the cases. The Order also denied certain cross motions filed by plaintiffs.  Plaintiffs have appealed the Order.

By Order and Reasons entered February 10, 2009, the Court granted Merck's Motion to Dismiss the Foreign Individual Cases Under the Doctrine of Forum Non Conveniens. Certain plaintiffs have appealed the Order and a briefing schedule has been issued by the Fifth Circuit Court of Appeal.

By Order entered June 11, 2009, the Court granted Merck's Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The Requirements of PTO 29.  Pro se plaintiff George Willie Buford has appealed the Order.

XXI.   MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S
LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed. Liaison Counsel and the Claims Administrator have developed a suggested proposal and the parties will be prepared to discuss this further at the monthly status conference on July 31, 2009.

XXII.  NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Russ M. Herman_____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly_____
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:     (504) 581-3200
FAX:   (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 49 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of July, 2009.

/s/ Leonard A. Davis
Leonard A. Davis (#14190)
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Ave.
New Orleans, Louisiana  70113
Phone:  504-581-4892
Fax:     504-561-6024
ldavis@hhkc.com

Plaintiffs' Liaison Counsel