UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | : | MDL Docket No. 1657 |
|       PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | |
| | : | MAGISTRATE JUDGE |
| | : | KNOWLES |
| ………………………………………………… | : | |

This document relates to:    ALL CASES

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER SETTING
PROCEDURE FOR ATTEMPTED LIENS AGAINST COUNSEL FEES**

BrownGreer PLC ("BrownGreer"), the Claims Administrator in the Vioxx Resolution Program, moves for an order allowing it to proceed with distribution of Interim Payments and Final Payments to any eligible claimants in the Vioxx Settlement Program whose payments may be affected by the assertion of an attempted lien for attorneys' fees and/or expenses or any other claim or lien against the fees of counsel to claimants in the Vioxx Resolution Program, on the following grounds.

## I.    INTRODUCTION

BrownGreer serves as the Claims Administrator under the Settlement Agreement dated November 9, 2007 between Merck & Co., Inc. and Counsel for claimants designated as Negotiating Plaintiffs' Counsel that created the Vioxx Resolution Program. In that Program, BrownGreer directs the payment of funds to eligible claimants by furnishing instructions to the Escrow Agent, US Bank, which then issues such payments by wire transfer or check to Primary Counsel for a claimant if the claimant is represented by counsel. Payments are made directly to unrepresented claimants by check.

BrownGreer has at times received documents from various law firms and lawyers attempting to assert a lien for attorneys' fees and/or expenses against the payments to be made by BrownGreer to eligible claimants in the Program.  BrownGreer also has received documents from other entities, such as vendors or finance companies, attempting to assert a claim or lien against the fees due to specific Vioxx counsel.

The attempted liens, referred to collectively as "Fee Liens" are directed at the attorneys' fees to be paid from claimant benefit payments to counsel for the claimant.  BrownGreer does not direct and the Escrow Agent, US Bank, does not distribute any funds specifically as attorney fees on Vioxx claims.  Instead, the payments directed by BrownGreer are total amounts determined payable on a claim under the terms of the Settlement Agreement to Primary Counsel for the benefit of a claimant, from which we assume that counsel for such claimants are paid or will deduct the attorney fees to which Attorneys are entitled at the time Settlement payments are distributed to their clients.  While it is clear that the Court has limited the maximum amount chargeable as attorneys fees to 32% of the recovery on the claim, BrownGreer has no knowledge of the actual arrangements between counsel and their clients or the specific amounts charged or payable as attorney fees, and thus has no ability to determine which portions of any settlement payment, if any, are subject to a lien against counsel proceeds.

## II.   ARGUMENT

These attempted Fee Liens interrupt the normal processing and schedule of payments in the Vioxx Settlement Program.  They add additional steps to BrownGreer's procedures for processing and distributing claimant benefit payments and may risk delaying or preventing payments to eligible claimants.  As a result, such lien attempts impose delay and additional costs on the Program.  Entry by the Court of an order setting a uniform procedure for the handling of

2

all attempted Fee Liens would enhance the efficiency of the distribution of Interim Payments and Final Payments to any affected claimants in the Vioxx Settlement Program and avoid delaying the claimant's receipt of Settlement benefits.

BrownGreer proposes that the proposed Order presented with its Motion will standardize and facilitate its disposition of all attempted Fee Liens in this matter by allowing payment of the claimant's share of a Settlement benefit while withholding the amount possibly due as attorneys' fees until an attempted Fee Lien has been resolved.  This Order would establish this procedure:

(1) The Claims Administrator (BrownGreer PLC) and the Escrow Agent (US Bank) for the Vioxx Resolution Program shall not be subject to, bound by, or have any liability relating to any attempted lien or other claim against or relating to any fees or expenses of counsel to any claimant in the Vioxx Resolution Program ("Fee Liens").

(2) The Claims Administrator shall forward to the affected Primary Counsel any Fee Lien received by the Claims Administrator.

(3) If any Settlement benefit payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator shall direct the Escrow Agent to withhold 32% of the amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees (the "Withheld Amount"), and shall distribute the remaining amount payable on the claim (the "Paid Amount") to Primary Counsel by wire transfer or check.

(4) Primary Counsel receiving the Paid Amount shall distribute to the Claimant the entire Paid Amount, less only any sums properly payable by the Claimant as costs or expenses, and shall not deduct or retain any of the Paid Amount as attorneys' fees.

(5) The Claims Administrator and Escrow Agent shall retain the Withheld Amount until the Claims Administrator receives satisfactory proof that the Fee Lien has been fully resolved by agreement, order, or judgment and at that time shall instruct US Bank to distribute the Withheld Amount in accordance with such resolution.

BrownGreer has reviewed this suggested Order with counsel for Merck and the Negotiating Plaintiffs' Counsel, who agree to the entry of the Order requested.

### III. CONCLUSION

Accordingly, BrownGreer submits that its Motion for entry of the Order described above should be granted.

>Respectfully submitted,
>
>BROWNGREER PLC
>
>By:    **s/ Orran L. Brown**
>Orran L. Brown
>Virginia State Bar No. 25832
>BrownGreer PLC
>115 South 15th Street, Suite 400
>Richmond, Virginia 23219
>Telephone: (804) 521-7201
>Facsimile: (804) 521-7299
>Email: obrown@browngreer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I have served a copy of the forgoing on the following by electronic mail:

| **Primary Counsel** | **Purported Lien Holder** |
|---|---|
| Kirk E. Wood, Esquire<br>The Wood Law Firm, LLC<br>P.O. Box 382434<br>Birmingham, AL 32538<br>ekirkwood1@cs.com | Counsel Financial Services, LLC<br>c/o R. Scott Williams, Esquire<br>Haskell Slaughter Young & Rediker, LLC<br>1400 Park Place Tower, 2001 Park Place North<br>Birmingham, AL 35203<br>rsw@hsy.com |
| David McQuade Leibowitz, Esquire<br>Law Offices of David McQuade Leibowitz<br>First National Bank Building<br>6243 IH 10 West, Suite 1000<br>San Antonio, TX 78201<br>intake@leibowitzconsumerlaw.com | Counsel Financial Services, LLC<br>Philip B. Abramowitz, General Counsel<br>6400 Main Street, Suite 120<br>Williamsville, NY 14221<br>pabramowitz@counselfin.com |
| Kenneth W. Smith, Esquire<br>Law Offices of Kenneth W. Smith<br>225 Reinekers Lane<br>Suite 690<br>Alexandria, VA 22314<br>lawsmith@cavtel.net | Justin G. Witkin, Esquire<br>Aylstock, Witkin Kreis & Overholtz, PLLC<br>55 Baybridge Drive<br>Gulf  Breeze, FL 32561<br>baylstock@awkolaw.com |
| E. Glenn Thames, Jr., Esquire<br>Potter Minton. PC<br>500 Plaza Tower<br>110 North College Avenue<br>Tyler, TX 75702<br>glennthames@potterminton.com | Gary Eubanks, Esquire<br>Gary Eubanks and Associates, P.A.<br>P.O. Box 3887<br>Little Rock, AR 72203<br>eubanksg@garyeubanks.com |
| Shelly A. Sanford, Esquire<br>Shelly A. Sanford, PLLC<br>2016 Bissonnet Street<br>Houston, TX 77005<br>ssanford@sanfordbarlow.com | Eberhard D. Garrison, Esquire<br>Jones, Swanson, Huddell & Garrison, L.L.C.<br>601 Poydras Street, Suite 2655<br>New Orleans, LA 70130<br>egarrison@jonesswanson.com |

| **Primary Counsel** | **Purported Lien Holder** |
|---|---|
| Michael O'Day, Esquire<br>Law Offices of Michael O'Day<br>437 Grant Street Suite 825<br>Pittsburgh, PA 15219<br>MPOlaw@hotmail.com | Lee B. Balefsky, Esquire<br>Kline & Specter, P.C.<br>1525 Locust Street, Nineteenth Floor<br>Philadelphia, PA 19102<br>Lee.Balefsky@KlineSpecter.com |
| Gary P. Levin, Esquire<br>Law Offices of Gary P. Levin<br>1442 New Road<br>Suite 3<br>Northfield, NJ 08225<br>rxlawyer@prodigy.net | Steven B. Stein, Esquire<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA  94104<br>sbs@lskg-law.com |
|  | Dawn M. Barrios, Esquire<br>Barrios Kingsdorf & Casteix, L.L.P.<br>One Shell Square, 701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>DBarrios@bkc-law.com |
|  | Brian J. Glick, Esquire<br>Glick Law Firm, P.A.<br>2255 Glades Rd., #324-A<br>Boca Raton, FL  33431<br>lawboca@aol.com |
|  | Jonathan B. Andry, Esquire<br>The Andry Law Firm L.L.C.<br>610 Baronne Street<br>New Orleans, LA 70113<br>johnandry@yahoo.com |

I also certify that on the same date a true and correct copy of the foregoing has been served by first-class mail, postage prepaid, on the following:

| **Pro Se Claimant** |
|---|
| Mr. James I. Smith<br>110 Luther Davis Rd.<br>Picayune, MS 39466 |
| Mr. Bryan Lee Roberts<br>500 43rd Street<br>Marathon, FL 33050 |

          **s/ Orran L. Brown**
          Orran L. Brown
          Virginia State Bar No. 25832
          BrownGreer PLC
          115 South 15th Street, Suite 400
          Richmond, Virginia  23219
          Telephone:  (804) 521-7201
          Facsimile:  (804) 521-7299
          Email:  obrown@browngreer.com