UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Gene Weeks* | * | KNOWLES |
| v. | * | |
| *Merck & Co., Inc.* | * | |
| Docket No. 2:05-cv-4578-EEF-DEK | * | |
| | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC. OMNIBUS RESPONSE TO VARIOUS MOTIONS ARISING FROM THE DISPUTE <u>RELATING TO THE REPRESENTATION OF PLAINTIFF GENE WEEKS</u>

Attorney Ronald Benjamin has moved to rescind and vacate Mr. Weeks' consent to participate in the Vioxx Resolution Program and for sanctions against Mr. Weeks' counsel of record in the above captioned action, the law firm of Martinez, Manglardi, Diez-Arguelles & Tejedor (the "Tejedor Firm").[1]  The Tejedor Firm has opposed Mr. Benjamin's motion and asked for Rule 11 sanctions against Mr. Benjamin.  The Tejedor Firm has specifically requested a declaration that "Mr. Weeks entered into the settlement knowingly, willingly and without duress and that Maria Tejedor was the legal representative of Mr. Weeks at the time the settlement was awarded on Mr. Weeks' behalf and preclude Mr. Benjamin from filing any further pleadings on Mr. Weeks behalf before this Court."

---

[1] Mr. Benjamin separately initiated a new lawsuit on behalf of Mr. Weeks and others purporting to assert class action claims challenging the Resolution Program.  Merck's Motion to Strike those class allegations is currently pending before this Court.

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, submits this memorandum to oppose any efforts to invalidate Plaintiff Gene Weeks' participation in the Vioxx Resolution Program. Merck will not attempt to address the swirling set of facts contained in the various motion papers filed by Mr. Benjamin and the Tejedor Firm. Rather, based on the following dispositive facts, Mr. Benjamin's original motion should either be denied as moot, or denied on the merits:

- Mr. Weeks enrolled in the Resolution Program and provided a valid release on February 18, 2008.

- Mr. Weeks ultimately passed Gates and received a Gates Committee Notice of Eligibility on May 4, 2009.

- Mr. Weeks received an initial notice of points award on May 8, 2009. This initial points award was successfully appealed and a revised award issued on May 27, 2009. His total points award was 150.93 points.

- Since Mr. Weeks qualified for an interim payment, *a check in the amount of $115,612.38 was drawn and sent on June 22, 2009 to the Tejedor Firm on account of Mr. Weeks' claim* and a final payment (approximately 60% more) will be sent on or about September 30, 2009 ..

In short, Mr. Weeks voluntarily consented to the settlement of his claims, those claims have in fact been settled, and partial payment has been made. The relevant issues are discussed in more detail below.

1. On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. This Program established a fund of $4.85 billion from which claimants eligible to participate in the settlement would be compensated. To date, over $1 billion in payments have been made to thousands of claimants. Payments for qualifying myocardial infarction claims are expected to be completed by the end of the third quarter of this year.

2. The requirements of that Program are set out in the Master Settlement Agreement ("Agreement" or "MSA"). By submitting an Enrollment Form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4.

3. Plaintiff Gene Weeks enrolled in the Resolution Program on February 18, 2008, and submitted a valid notarized release that he had duly executed along with a valid stipulation of dismissal on that same date. Copies are attached as Exhibits A & B.

4. Under the terms of the Settlement Agreement, submission of an Enrollment Form is irrevocable, and a claimant may not withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program, other than in circumstances not present in this case. *See* MSA § 1.2.3.

5. It appears to be undisputed that at the time Mr. Weeks enrolled in the Resolution Program, he was represented by the Tejedor Firm. The Tejedor Firm registered as primary counsel for Plaintiff Weeks with the Claims Administrator, enrolled Mr. Weeks in the Program by submitting, *inter alia*, a Release duly signed by Mr. Weeks; and compiled and submitted on Mr. Weeks' behalf a Claims Package. Furthermore, although Mr. Ronald Benjamin has registered as primary counsel for dozens of plaintiffs with the Claims Administrator (although refusing to actually enroll any of them), he never made any attempt to change the designation of primary counsel for Mr. Weeks and substitute himself. Accordingly, all communications regarding Mr. Weeks' claim in the Program have been conducted with counsel of record, the Tejedor Firm.

6. As this Court is aware from both the terms of the MSA and from the numerous presentations made by the Claims Administrator in open court, the Gates review process contains

987224v.1

multiple steps of review.  The Claims Administrator conducts the initial review.  If a claim fails this initial administrative review, it is then reviewed by the Gates Committee.  The Gates Committee has considerably more discretion than does the Claims Administrator to evaluate the totality of the materials provided by a specific claimant to determine whether the criteria established by the Settlement Agreement have been satisfied.  Mr. Weeks' claim passed through the Gates, and he was issued a Notice of Eligibility on May 4, 2009.

7. After being found eligible, Mr. Weeks claim was reviewed for the purposes of determining the number of points to which he was entitled.  He was issued a Notice of Points Award on May 8, 2009.  This Award was appealed on May 20, 2009 (based on a negative adjustment for high cholesterol), and revised on May 27, 2009.   His final points award was 150.93 points, and he received an interim payment of $115, 612.38 on June 22, 2009.[2]  (Notices attached as Exhibits C, D, E & F.)

8. In sum, Mr. Weeks' claims have been unequivocally settled.  Merck is clearly entitled to receive Mr. Week's Release and will also be entitled to file the stipulation of dismissal once final payment is made.[3]

9. Even though irrelevant to the facts of Mr. Weeks' case, one specific misstatement contained in Mr. Benjamin's motion papers regarding the Resolution Program must be addressed.  Mr. Benjamin argues that  "Merck could pay [Mr. Weeks] no compensation whatsoever even though he met two of the three criteria gates, and yet "at the same time [Mr. Weeks} would lose any right to continue pursuing his lawsuit against Merck."  Benjamin Motion

---

[2] The balance due to Mr. Weeks will be paid out with the final MI payments issuing this fall.

[3] The Claims Administrator retains all releases and stipulations until the specific claims are closed.  *See* MSA §7.3.

to Rescind at p. 7.  This statement represents a fundamental misunderstanding of the Program. As this Court is aware, any claimant who enrolls in the Resolution Program, but who ultimately fails to pass the Gates has the option to submit a timely Future Evidence Stipulation and continue to pursue his claim in Court.  *See* MSA §2.7.3.  However, in this instance, Mr. Weeks did pass Gates and therefore is not entitled to rescind or vacate his consent to participate in the Program and decide instead to pursue his claim outside the Program.

### Motion for Recusal

Mr. Benjamin has launched numerous challenges to the Resolution Program in this Court and others over the past 20 months.  In doing so, Mr. Benjamin has also sought this Court's recusal from addressing the merits of his various challenges.  Mr. Benjamin again asks that this Court recuse itself from ruling on this controversy.  For the reasons previously stated by this Court, this request for recusal should be denied:  "The Court played no role in drafting the private settlement agreement reached by the parties; the Court has taken no position as to what types of claims should or should not have been included in the settlement; and, finally, the Court has consistently stated it neither encourages nor discourages participation in the settlement." *Agard v. Merck*, December 10, 2008 Order at 6.  Mr. Benjamin's effort to take his case to another adjudicator should be denied once again.

987224v.1

**CONCLUSION**

For the foregoing reasons, Mr. Benjamin's motions should be denied

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

 —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

987224v.1

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing Omnibus Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of August, 2009.

       */s/ Dorothy H. Wimberly*
       Dorothy H. Wimberly, 18509
       STONE PIGMAN WALTHER
       WITTMANN L.L.C.
       546 Carondelet Street
       New Orleans, Louisiana  70130
       Phone:  504-581-3200
       Fax:     504-581-3361
       dwimberly@stonepigman.com

       Defendants' Liaison Counsel