UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation | *<br>*<br>* |
| This Document Relates to: | *   MDL No. 1657<br>* |
| STATE OF LOUISIANA, *ex rel.* JAMES D.<br>    CALDWELL, JR., Attorney General, | *   SECTION L<br>* |
|                 Plaintiff, | *   JUDGE ELDON E. FALLON<br>*<br>*   MAGISTRATE JUDGE |
|     versus | *   KNOWLES<br>* |
| MERCK & CO., INC., | *<br>* |
|                 Defendant. | *<br>* |
| Case No. 05-3700. | *<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT MERCK, INC. TO PRODUCE DOCUMENTS PREVIOUSLY PRODUCED TO THE GOVERNMENT AND WITH RESPECT TO RELATED LITIGATIONS**

      Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, respectfully submits this Opposition to Plaintiff's Motion to Compel Defendant Merck, Inc. to Produce Documents Previously Produced to the Government and with Respect to Related Litigation (hereinafter "Plaintiff's Motion").

      Turning a blind eye to over four years of discovery in the Vioxx® MDL – including production of over 28 million pages of documents in response to over 200 requests for production and 100 interrogatories directed to Merck – Plaintiff asserts that all documents relating to Vioxx that Merck produced to any government entity in any investigation or lawsuit are "clearly relevant" to the claims and defenses at issue, and that

1

production of millions of largely duplicative documents will somehow "expedite production" in this case.[1]  To the contrary, Plaintiff's request has no real aim at furthering a just and efficient resolution of the litigation.  The breadth of Plaintiff's request, Plaintiff's inability to articulate a need (other than cursory claims that the documents sought "relate to Vioxx"), and Merck's substantial prior productions on a wide array of Vioxx-related topics show that the discovery sought is not relevant to a claim or defense in this case and would only cause unnecessary delay and expense.  Plaintiff's Motion should be denied.

## ARGUMENT

Plaintiff's sole argument for production of all documents Merck has previously produced in the course of various government investigations is that the documents "go to the heart of Plaintiffs' claims and meet the standard of Rule 26(b)(1)." Pls. Br. at 7.  This conclusory argument ignores both the nature of the discovery Plaintiff seeks and the fact that under the Federal Rules of Civil Procedure, the relevance of discovery sought must be counterbalanced by the need to avoid unnecessary and cumulative discovery.  Plaintiff's Motion should be denied for at least three independent reasons.

---

[1] Plaintiff's motion seeks all "documents . . . which are related to Vioxx and were previously produced to any governmental entity, including but not limited to the Department of Justice, the U.S. Attorney's Office for the District of Massachusetts, or the Attorney General of California."  Memorandum in Support of Plaintiffs' Motion to Compel Defendant Merck, Inc. to Produce Documents Previously Produced to the Government and with Respect to Related Litigation, at 2 (hereinafter cited as, "Pl. Br. at __").  Though there are substantive differences between the investigations and the corresponding documents produced in those matters, for the purposes of this response only, Merck herein collectively refers to the requested documents as "Government Investigation Documents."

2

*First*, Plaintiff's Motion seeks documents produced to the Department of Justice in the course of an ongoing investigation. Documents produced in grand jury proceedings are afforded heightened protections, and Plaintiff has failed to state the "particularized need" for disclosure of these documents under Supreme Court and Fifth Circuit case law.

*Second*, Plaintiff's relevance argument fails because Plaintiff has not articulated a "claim or defense" in this Louisiana-specific economic loss case under Rule 26 that warrants discovery of Government Investigation Documents *qua* Government Investigation Documents. Instead, Plaintiff's request and motion relate to *subject matter* discovery under Rule 26, i.e., discovery of Vioxx documents generally, as opposed to Vioxx documents directly relevant to a claim or defense in this case. Plaintiff has, therefore, not made the requisite showing of relevance necessary to warrant subject matter discovery in this case.

*Third*, to the extent this Court finds that Plaintiff's discovery requests are related to a claim or defense in this case, the documents Plaintiff seeks are almost entirely cumulative of documents produced in response to previous requests for production. To the extent that certain other documents were produced to the government as a result of idiosyncratic elements of a government investigation, those documents are not relevant to the claims and defenses at issue here. Thus, contrary to Plaintiff's assertion that "the documents have already been culled," Pl. Br. at 8, Merck would need to conduct a relevance and confidentiality review for these documents consistent with the MDL confidentiality orders. This would unnecessarily prolong this litigation, which is subject to a fast-track trial preparation schedule, at a stage when millions of pages of documents

relevant to almost any conceivable claim in this case have already been produced in prior Vioxx-related proceedings and/or are currently being produced in response to Government Action Plaintiffs' Master Discovery in these cases.

I.  PLAINTIFF SEEKS DOCUMENTS THAT IMPLICATE A PENDING GRAND JURY PROCEEDING AND HAS NOT MET ITS BURDEN FOR DISCLOSURE OF DOCUMENTS.

Plaintiff's Motion seeks documents that were produced in the course of an ongoing grand jury investigation pending in the District of Massachusetts.  Contrary to Plaintiff's assertions, it is far from routine for civil defendants involved in a federal investigation to produce all documents that were previously provided to the government. Indeed, the Fifth Circuit has repeatedly cautioned that documents disclosed during the course of a grand jury investigation are subject to heightened scrutiny and that a plaintiff must show a "particularized need" for the documents before any such production will be ordered.  *See Texas v. United States Steel Corp.*, 546 F.2d 626 (5th Cir. 1977).  This showing is necessary to protect both Merck's right to secrecy during a grand jury proceeding and the course of the government investigation itself.  Plaintiff has failed to make any showing that it has a particularized need for documents produced to government entities *per se*, and this Court should deny Plaintiff's motion.

> A.  Plaintiff Has Failed to Make Any Showing of Particularized Need for Production of Government Investigation Documents.

Courts have long recognized the interplay between civil and criminal proceedings and have repeatedly cautioned against disclosures that could impinge upon a defendant's right to secrecy in a grand jury proceeding.  In order to protect that right, the party requesting the release of grand jury materials must show a "particularized need" in

4

order to protect the "long-established policy that maintains the secrecy of the grand jury proceeding in the federal courts." *United States v. Procter & Gamble*, 356 U.S. 677, 681 (1958). The Supreme Court explained that the secrecy "must not be broken except when there is a compelling necessity . . . [which] must be shown with particularity." *Id.* at 682. *See, e.g., Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) (requiring showing of particularized need).

In *Texas v. United States Steel Corp.*, the State of Texas brought a civil antitrust suit against a number of steel companies. Texas sought, *inter alia*, all documents produced by defendants' employees to a federal grand jury that returned an indictment against the defendants. 546 F.2d at 628. In overturning the District Court's decision to grant the plaintiff's motion to compel, the Fifth Circuit held that the interests of grand jury secrecy discourage disclosure of grand jury information, including documents provided to a grand jury, absent a specific showing of need by the requesting party. *See id.* at 630-31 (citing *United States v. Proctor & Gamble*, 356 U.S. 677, 681-82 (1958)). In considering "the importance of . . . the cloak of grand jury secrecy," the Fifth Circuit held, "[W]e are not free to adopt any such broadcast rule of automatic discovery as that for which [Plaintiff] contends." *Id.* at 629-30.

Here, Plaintiff's formulation of discovery is no different than that which was expressly rejected in *United States Steel*. Plaintiff maintains that disclosure to a grand jury should automatically lead to disclosure in civil litigation. This argument, however, was specifically rejected by the *United States Steel* court and this Court should do the same.

5

B.   Plaintiff Has Not Made The Requisite Showing Because Plaintiff
     Already Has Millions of Pages of Documents Relevant to this Case.

Further, Plaintiff makes no attempt to offer a particular need for the documents produced to the grand jury – because Plaintiff cannot. Merck has produced millions of pages of documents in response to hundreds of requests for production on myriad topics relating to Vioxx, both in personal injury lawsuits and, more recently, in the private Third Party Payor and Government Action litigations. Merck continues to produce documents specific to the Louisiana AG case and continues to produce documents in response to Government Action Plaintiffs' Master Discovery in these cases.

There is no suggestion that Merck has failed to produce relevant, responsive documents in response to a proper topical request. Merck's objection to the discovery now sought by Plaintiff is that wholesale production of documents – many of which duplicate Merck's previous and continued document productions to the extent relevant to this litigation and others that concern matters irrelevant to this litigation – simply because Merck produced them to another government entity is inappropriate both on relevance and burden grounds. Further, permitting such discovery would violate Merck's rights regarding matters currently pending before the grand jury.[2] Thus, absent some further showing by Plaintiff, the motion should be denied.

Plaintiff cites to three District Court cases that it contends support production of materials provided to the government. Those cases are not on point. First,

---

[2]   Merck does not claim that production to the Department of Justice of a document created in the ordinary course of business created any privilege for the document. Indeed, the vast majority of the documents produced to the Department of Justice have already been produced to the PSC.

6

none of these cases are decided under relevant Fifth Circuit case law. Second, none of the cases address production of documents produced to the government when relevant documents have been produced elsewhere in the litigation. Both *In re Sulfuric Acid Antitrust Litigation* and *In re Columbia/HCA Healthcare Corp.* solely consider the issue of waiver of privilege and do not address whether wholesale production is appropriate. *See In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407 (N.D. Ill. 2006); *In re Columbia/HCA Healthcare Corp.*, 192 F.R.D. 575 (M.D. Tenn. 2000). The third case, *Clark v. Experian Information Solutions, Inc.*, relates to a claim by the resisting party that all documents provided to the Federal Trade Commission were protected as settlement negotiations under Federal Rule of Evidence 408. *See* Case No. 03 C 7882, 2006 WL 626820, at *1 (N.D. Ill. 2006). Merck has made no such claim here.

Plaintiff has the burden of showing a particularized need for documents provided in the course of government investigations, and it has failed to meet that burden. For this reason alone, the motion to compel should be denied.

II.   **PLAINTIFF'S DISCOVERY REQUESTS DO NOT RELATE TO A CLAIM OR DEFENSE IN THIS CASE.**

Plaintiff argues that Rule 26(b)(1) governs the relevance determination for these discovery requests. Merck agrees. Plaintiff omits, however, a critical portion of the rule that governs this dispute. In its whole, Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to ***any party's claim or defense*** – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. ***For good cause, the court may order discovery of any matter relevant to the subject***

7

987234v.1

> ***matter involved in the action.*** Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1) (emphasis added). This version of Rule 26(b)(1) is the result of the December 2000 amendments to the Federal Rules. As numerous courts have noted, the standard under the current articulation of Rule 26(b)(1) is narrower than the older standard. *See, e.g., Thibault v. Bellsouth Tellcom., Inc.*, Civ. Act. No. 07-200, 2008 WL 4808893, at *2 (Oct. 30, 2008 E.D. La.).

Thus, Rule 26(b)(1) provides two avenues of discovery: (1) broad discovery regarding matters relevant to a ***claim or defense*** in the case; or (2) court-approved discovery regarding the ***subject matter*** of the action. The former is guided by the Complaint and Answer in this case. The latter is a more general inquiry into the subject matter and requires a showing of good cause, as well as court approval. The discovery requests at issue in Plaintiff's Motion are *subject matter* discovery, and Plaintiff has not and cannot make the requisite showing of good cause needed for such an order.

Discovery related to "claims or defenses" is confined to what Plaintiff has alleged in its Complaint and any defenses asserted to those claims. Plaintiff's Second Supplemental and Amending Complaint brings four causes of action: (1) Redhibition; (2) Unfair Trade Practices; (3) Violation of the New Jersey Consumer Fraud Act; and (4) Unjust Enrichment. *See* Plaintiff's Second Supplemental and Amending Complaint for Injunctive Relief and Damages ("Pl. Sec. Supp. Comp.") at 57-64 (attached as Exhibit A). All four of these counts pertain to Vioxx-related activities leading up to and

8

including Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004. Importantly, however, none of these claims have a necessary element of proof related to any government investigation.[3]

Though undoubtedly many of the documents contained in the Government Investigation Documents relate to claims and defenses in this case, Plaintiff has proven itself well-equipped to explore topics of relevant interest in the vast amount of civil discovery in this MDL over the last four years, including the 50 Interrogatories and 52 Requests for Production recently served by plaintiffs as Master Discovery under the Government Action caption.  Merck has already produced documents responsive to these requests and continues to do so in these cases.  Merck does not exclude non-privileged responsive documents merely because they were also previously produced to a government entity.

The Eastern District of Louisiana has previously considered the distinction at issue here between "claim or defense" discovery and "subject matter" discovery and ruled in favor of limiting discovery that was not aimed at uncovering facts relevant to a specific claim or defense.  In *Thibault v. Bellsouth Telecommunications, Inc.*, the court considered a motion to compel responses to certain discovery requests.  *See Thibault*, 2008 WL 4808893, at *1.  In rejecting the outmoded form of subject matter discovery, the court explained:

> [T]he Committee Note is also clear that the parties and the court should 'focus on the actual claims and defenses

---

[3] Indeed, the mere fact of a parallel government investigation, whether civil or criminal, is inadmissible at trial.  *See* Fed. R. Evid. 404.

9

> involved in the action,' and that "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings.

*Id.* at *2 (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2008, at 24-25 (Supp. 2008)).

The *Thibault* court further explained that in considering the distinction between discovery aimed at a claim or defense and discovery aimed at the subject matter, "district courts have examined the relationship of the requested discovery and ***the facts it is intended to uncover*** to the specific claims and defenses raised by the parties." *Id.* at *2 (emphasis added). Indeed, the general approach of limiting discovery to those requests relevant to claims and defenses in a particular case is consistent with recent Supreme Court recognition of the substantial burdens of discovery. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (requiring plaintiff allege a set of facts sufficient to entitle the plaintiff to relief, in part, because "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed a the point of minimum expenditure of time and money by the parties and the court.") (internal quotations omitted); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (U.S. 2009) (extending *Twombly* to all civil cases).

The relevant question, therefore, becomes whether Interrogatory No. 48 or Request for Production No. 10 seeks to uncover facts related to a specific claim or defense as described in Plaintiff's Complaint. They do not. Both Interrogatory No. 48 and Request for Production No. 10 seek the identification of all government investigations related to Vioxx and all documents produced in those investigations. The fact that there are government investigations pertaining to Vioxx does not itself relate to

any of Plaintiff's four claims for relief in this case or any defense asserted by Merck. A blanket assertion by Plaintiff that the discovery seeks information produced in investigations related to "the development, manufacture, testing, marketing, sales or distribution of VIOXX," therefore, does not itself satisfy Plaintiff's relevance burden. *See, e.g., Volvo Trucks N.A., Inc. v. Crescent Ford Truck Sales, Inc.*, Civ. A. No. 02-3398, 2006 WL 378523, at *3-4 (Feb. 17, 2006 E.D. La.) (rejecting broad argument, without specific support, that discovery relates to claims in the case and holding that "even insofar as defenses are concerned the Court does not consider them in the abstract but rather with respect ***to the specific claim being asserted***") (emphasis added).

Without a showing that there is some claim or defense asserted in this case that relates to the other government investigations as to which Plaintiff seeks discovery, Plaintiff must meet the "good cause" standard under Rule 26(b)(1). *See Thibault*, 2008 WL 4808893, at *3 (applying "good cause" standard from Rule 26(c) to subject matter discovery and requiring the requesting party to show necessity "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"). Plaintiff has failed to make any such demonstration. Further, with over 100 interrogatories and 200 requests for production served on Merck in this MDL, there is no need for broad subject matter discovery when Plaintiff has had – and continues to have – a full and adequate opportunity to explore the claims and defenses in this case. For this additional reason, the Court should deny Plaintiff's motion.

11

III.   PLAINTIFF'S PROPOSED DISCOVERY IS UNNECESSARILY CUMULATIVE AND WILL NOT EXPEDITE THE LITIGATION.

Finally, to the extent this Court finds that Plaintiff's discovery requests do relate to a claim or defense in this case, Plaintiff's Motion should be denied because it constitutes cumulative discovery that would unnecessarily delay the just and efficient resolution of this litigation.

A.   Plaintiff's Request Is Improper Under Rule 26(b)(2).

Plaintiff's motion asks this Court to ignore the extensive discovery conducted to date on matters relevant to this case.  Rule 26 permits discovery of non-privileged information "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Nevertheless "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Accordingly, discovery may be denied if it is "unreasonably cumulative or duplicative" or if the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(2).  *See also Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 400 (1st Cir. 2005) ("[T]he trial court is required to balance the burden of proposed discovery against the likely benefit.").  Indeed, "Rule 26(b) is not a discovery blank check.  It requires balancing and imposes on the court the obligation to rein in overly broad, potentially abusive discovery. . . ."  *BG Real Estate Servs. v. Am. Equity Ins. Co.*, No. 04-3408, 2005 U.S. Dist. LEXIS 10330, at *8 (E.D. La. May 18, 2005).  *See also Rowlin v. Ala. Dep't of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) ("[C]ourts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant.").

Here, Plaintiff's request for production of documents previously produced to government investigators comes on the heels of over four years of discovery in this MDL. As the Court is well aware, discovery in this proceeding has been ably conducted by attorneys representing the interests of plaintiffs on a wide range of topics concerning Vioxx, and the various respects in which different plaintiffs contend that Merck acted unlawfully in connection with that product. For example, the initial "Master Discovery," served on Merck by the PSC, alone contained 57 Interrogatories and 161 Requests for Production. *See* Plaintiffs' Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc. (attached as Exhibit B); *See* Plaintiffs' Steering Committee's First Set of Requests for Production of Documents to Defendant Merck & Co., Inc. (attached as Exhibit C). The PSC has also served follow-up discovery as appropriate. In addition, more recently, the Government Action Plaintiffs have served their own set of Master Discovery, which, as noted above, encompass an additional 50 Interrogatories and 52 Requests for Production. *See* Government Action Plaintiffs' First Set of Master Document Requests to Defendant Merck & Co., Inc.; Government Action Plaintiffs' First Set of Master Interrogatories to Defendant Merck & Co., Inc. (attached as exhibits to Plaintiff's Motion to Compel). Taken as a whole, these discovery requests cover the virtual waterfront as it relates to the development, manufacture, testing, marketing, sales, and distribution of Vioxx.

In response to those requests, Merck has produced over 28 million pages of documents to the PSC. This production is ongoing as it relates to the Government Action Plaintiffs' case-specific requests. Further, Merck has not refused to produce any documents relevant to Plaintiff's claims in this case on the basis that they were also

produced in the context of a government investigation. To the contrary, most of the documents produced in the context of government investigations are already in Plaintiff's possession.[4]

Instead, what Plaintiff seeks here is a "repackaging" of many of the documents already in their possession in an attempt, perhaps, to gain a roadmap to the investigational theories of the government investigators or to uncover a "smoking gun" document when plaintiffs have had access to relevant documents throughout the ordinary course of discovery. In a similar context, from prior proceedings in this MDL, your Honor cautioned against such an approach:

> Lastly, the Court notes that Mr. Martin had access to the same employees and materials to which the PSC has had access since the inception of this litigation. The Plaintiffs cannot rely on Mr. Martin's investigation to uncover a 'smoking gun' when they have had access to the same materials by 'other means,' namely in the normal course of discovery."

*In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2007 WL 854251, at *6 (Mar. 6, 2007 E.D. La.). Although your Honor's decision on the Martin Report was grounded in preserving attorney work product, the underlying concern expressed in the Court's opinion is equally applicable here. Under Rule 26(b)(2)(C)(ii), this Court may limit discovery if it finds that the party seeking discovery has had ample opportunity to obtain

---

[4]  As discovery is limited by the claims and defenses in a case, Merck is under no obligation to produce documents not relevant to a particular case. For example, the Government Action Plaintiffs have served a number of discovery requests related to Vioxx rebate practices, which are relevant to their claims. Many of these documents were not previously produced to the Vioxx personal injury plaintiffs because they were not relevant, despite some superficial connection to Vioxx.

987234v.1

the information by discovery in the action. Here, the government investigations *per se* are not relevant to this case. The only arguably relevant materials are certain Vioxx-related documents produced during the course of those investigations. Merck has not, however, withheld on that basis any relevant documents that are responsive to the numerous discovery requests in this MDL. Thus, Plaintiff's motion should be denied because Plaintiff has always had (and continues to have) ample opportunity to explore the merits of its claims in this case through ordinary discovery channels.

B.  <u>Plaintiff's Request Will Delay, Not Expedite, This Case.</u>

Plaintiff maintains that production of the Government Investigation Documents will expedite discovery and "allow the parties to sort through the facts." Pl. Br. at 8. That claim is not accurate. In support of its motion, Plaintiff cites an unpublished case management order from *In re Pharmaceutical Industry Average Wholesale Price Litigation*. Pl. Br. at 8. This case management order appears to be an early pretrial order issued at a time when all other discovery in the litigation was stayed pending a motion to dismiss.[5] Needless to say, Plaintiff's case is in a very different procedural posture.

Unlike the case management order in the *Average Wholesale Price* litigation, discovery in this case is significantly advanced. Numerous trials have occurred in this MDL. All of these trials centered on Merck's development, sale, and marketing of Vioxx, which are the very same issues at the core of Plaintiff's Complaint. Further, production of the Government Investigation Documents is not as simple as "pushing a

---

[5]  The details surrounding this order are unclear, including whether the plaintiff in that case made any showing of particularized need for the requested documents.

15

button." To the extent the Court orders Merck to make such a production, Merck would require adequate time to review the productions for relevance and confidentiality. Given the advanced stage of this litigation, Merck respectfully submits that the time and cost of such a review is inconsistent with Plaintiff's purported goal of a swift trial and the burden/benefit calculus for Rule 26(b)(2)(C)(iii).

## CONCLUSION

For the foregoing reasons, as well as any expressed in subsequent briefing or oral argument, Merck respectfully requests that this Court deny Plaintiff's Motion to compel production of documents previously produced to any government entity.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA  70130

Defendants' Liaison Counsel

And

Benjamin R. Barnett
Eben S. Flaster
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104

Attorneys for Merck & Co., Inc.

987234v.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Opposition to Motion to Compel has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of August, 2009.

                                                  */s/ Dorothy H. Wimberly*
                                                  Dorothy H. Wimberly, 18509
                                                  STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                  546 Carondelet Street
                                                  New Orleans, Louisiana  70130
                                                  Phone:  504-581-3200
                                                  Fax:    504-581-3361
                                                  dwimberly@stonepigman.com

                                                  Defendants' Liaison Counsel

987234v.1