UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | * | SECTION L |
|     CALDWELL, JR., Attorney General, | * | |
| | * | JUDGE ELDON E. FALLON |
|         Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
| versus | * | KNOWLES |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
|         Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

    Defendant Merck & Co., Inc. ("Merck") respectfully submits this Notice of Supplemental Authority to inform the Court of a recent decision that supports Merck's motion to dismiss plaintiff's Second Amended Complaint.

    In its briefing and at oral argument, Merck argued that plaintiff's claims all fail because the State cannot establish a causal nexus between Merck's alleged misconduct and the alleged losses for which the State seeks compensation. Specifically, Merck argued that: (1) LDHH was legally bound to cover Vioxx; and (2) plaintiff's theory that fewer Medicaid beneficiaries or (with respect to its *parens patriae* claims) fewer Louisiana citizens would have purchased Vioxx if Merck had disclosed its alleged risks is too attenuated and would effectively convert this case into an improper class action. Merck relied on two cases in support of the latter argument:

1

*Ironworkers Local Union No. 68 v. AstraZeneca Pharms. LP*, 585 F. Supp. 2d 1339 (M.D. Fla. 2008) and *In re Actimmune Mktg. Litig.*, No. 08-2376, 2009 U.S. Dist. LEXIS 36133, at *36-37 (N.D. Cal. Apr. 28, 2009).  (*See, e.g.*, Def.'s Mem. at 12-14.)

Judge Stanley Chesler of the U.S. District Court for the District of New Jersey recently reached the same conclusion as the *AstraZeneca* and *Actimmune* courts in *In re Schering-Plough Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC), 2009 U.S. Dist. LEXIS 58900 (D.N.J. July 10, 2009).  Plaintiffs in the *Intron* case brought suit on behalf of themselves and a putative class of third-party payors and individual consumers, alleging that the defendants marketed certain drugs for off-label uses and misrepresented their safety and effectiveness, fraudulently inducing physicians to prescribe the drugs and third-party payors to place them on their formularies.  *Id.* at *19-20.  According to plaintiffs, the defendants' conduct caused them to pay more than they otherwise would have because less expensive alternative treatments were available and the prices of the defendants' drugs were artificially inflated.  *Id*.  Plaintiffs sought relief under numerous causes of action, including federal and state RICO acts, the New Jersey Consumer Fraud Act ("NJCFA"), common law fraud, and unjust enrichment.  *Id.* at *6.

The court granted the defendants' motion to dismiss, holding, *inter alia*, that plaintiffs could not establish proximate causation either in the aggregate or at an individual level, and rejecting plaintiffs' reliance on *In re Zyprexa Product Liability Litigation*, 493 F. Supp. 2d 571 (E.D.N.Y. 2007), and *Desiano v. Warner-Lambert Co.*, 326 F.3d 339 (2d Cir. 2003).[1]  At an aggregate level, the plaintiffs had contended that they could prove that the defendants' alleged conduct had artificially inflated the price of the drug.  The court rejected this theory, explaining

---

[1]  Judge Chesler rejected Judge Weinstein's analysis in *Zyprexa* and found that it was "questionable" whether *Desiano* is still "good law." *Intron*, 2009 U.S. Dist. LEXIS 58900, at *86.

2

987401v.1

that "factors other than defendants' misrepresentation may have intervened and affected the demand and price." *Id.* at *87 (citation and internal quotation marks omitted). The court further found that plaintiffs' allegation of a uniform effect on all third-party payors, doctors, and patients was not plausible. Applying the pleading standard announced in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the court stated:

> Plaintiffs' summary pleadings ignore reality. Some doctors who prescribed the Subject Drugs for off-label uses may have been influenced by marketing information received from Schering while other physicians who routinely prescribe Temodar and the Intron Franchise Drugs for unapproved conditions may have never received any information from Schering.

But the court also found that proving causation on an individual basis would be impossible:

> [A] court or jury would have to determine whether each prescribing physician received fraudulent marketing information from the Defendants and whether each physician was influenced to prescribe the Subject Drugs on account of Schering's conduct. This sort of inquiry is impermissible.

*Intron*, 2009 U.S. Dist. LEXIS 58900, at *91-92. Thus, the court held, plaintiffs had not alleged an adequate theory of causation.[2]

The same is true here. Plaintiff alleges the same kind of implausible theory of causation rejected by the court in *Schering-Plough*. (*See, e.g.*, Second Amended Compl. ¶ 192 (alleging

---

[2] These holdings were reached in connection with the plaintiffs' state and federal RICO claims, but the court incorporated its reasoning by reference with respect to the plaintiffs' other claims, including their claims under the New Jersey Consumer Fraud Act and unjust enrichment, which require showings of causation that are similar to those required under Louisiana law. *See id.* at *111 (dismissing NJCFA claims because "[a]s the Court previously concluded with respect to Plaintiffs' RICO claims, Plaintiffs simply have not established that their purported injuries were proximately caused by Defendants' alleged illegal conduct"); *id.* at *120-21 ("The remoteness of the alleged injury to Defendants' actions also dooms Plaintiffs' unjust enrichment claim").

that plaintiff suffered economic losses because it paid a "premium price for Vioxx, as opposed to other, less expensive, pharmaceutical treatments"); *see also* Pls.' Opp. at 16 ("Louisiana consumers and LDHH alike where harmed by paying an unjustified premium price for Vioxx and by paying for prescriptions that would not have been written but for Merck's fraudulent marketing scheme").)  In order to prove that fewer Medicaid beneficiaries or fewer Louisiana citizens generally would have purchased Vioxx if Merck had disclosed the drug's alleged risks, the State would have to prove that "each prescribing physician received fraudulent marketing information from [Merck] and . . . was influenced to prescribe [Vioxx] on account of [Merck's] conduct.  As Judge Chesler rightly recognized, "this sort of inquiry is impermissible" *Id.*  Plaintiff's theory of causation thus fails as a matter of law.

Respectfully Submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Brian C. Anderson
Matthew M. Shors
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Notice of Supplemental Authority has been served upon Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand and e-mail and upon all parties electronically by uploading same to Lexis Nexis File & Serve in accordance with Pre-Trial Order 8B, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CMF/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, this 6th day of August, 2009.

                                                                     */s/ Dorothy H. Wimberly*