UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| STATE OF LOUISIANA, ex rel. JAMES D. CALDWELL, ATTORNEY GENERAL | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| Case No. 05-3700 | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT MERCK, INC. TO PRODUCE DOCUMENTS PREVIOUSLY PRODUCED TO THE GOVERNMENT AND WITH RESPECT TO RELATED LITIGATION**

1

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................... 3

II.  ARGUMENT ..................................................................................................................... 3

    A.   Merck Still Offers No Reason For Not Answering Interrogatory No. 48 ................................................................................................................. 3

    B.   Pre-Trial Order No. 39 Requires Merck To Identify By Bates Number Those Government Production Documents It Has Already Produced In This MDL. ................................................................ 3

    C.   The Requested Documents Are Relevant To Plaintiffs' Claims – Every Claim in Plaintiffs' Second Amended Complaint Concerns Merck's Sales and Marketing of Vioxx ........................................................ 5

    D.   Documents Merck Produced to the U.S. Department of Justice Are Relevant To Plaintiffs' Claims And Should Be Produced ................... 7

    E.   Merck Still Offers No Reason Why It Should Not Produce Documents It Produced In Any Governmental Investigation Other Than The U.S. Department Of Justice Investigation. ................................ 8

III. CONCLUSION .................................................................................................................. 9

## I.  INTRODUCTION

Merck fails to justify why it refuses to even identify all governmental investigations into the sales and marketing of Vioxx.  Likewise, for all but one governmental investigation, Merck offers no support or argument to justify its lack of identification or refusal to produce the documents it produced in the course those governmental investigation.  Merck continues to deny the relevance of these documents and refuses to identify the investigations or the documents purportedly already produced in this MDL, yet Merck's opposition memorandum to Plaintiffs' motion to compel essentially concedes that the documents Plaintiffs seek are relevant to this litigation because "most" of these documents have already been produced in this MDL.  Merck's own arguments are incongruent on their face.  Merck cannot eat its cake, and have it too.

## II.  ARGUMENT

### A.  Merck Still Offers No Reason For Not Answering Interrogatory No. 48.

Merck's opposition memorandum offers no support for its refusal to answer Interrogatory No. 48, which requests Merck to identify all governmental investigations concerning the sales and marketing of Vioxx.  Merck should be compelled to answer fully Interrogatory No. 48.

### B.  Pre-Trial Order No. 39 Requires Merck To Identify By Bates Number Those Government Production Documents It Has Already Produced In This MDL.

In Merck's response to Request for Production No. 10, it admitted that it "has also produced certain responsive, non-objectionable, non-privileged documents which Merck previously produced to Congress," without identifying or producing any such documents.  In Merck's opposition brief, *for the first time*, Merck admitted that it produced an unidentified and unknown number of documents that it previously produced in unnamed governmental investigations, beyond those it produced to Congress, in this MDL in response to unidentified discovery requests by the PSC.

Merck admits that "most of the documents produced in the context of government investigations are already in Plaintiff's possession." Notably, Merck does not identify which documents it has produced in governmental investigations that it has *not* previously produced in this MDL. However, Pre-Trial Order No. 39 requires Merck to identify these documents with specificity. Pre-Trial Order No. 39 Section III. C. states in pertinent part:

> If Merck believes that particular documents responsive to a request have been previously produced and currently exist in the PSC depositories, Merck, the propounding Plaintiff(s), and the PSC shall work cooperatively to identify those materials with sufficient specificity to allow Plaintiffs to locate them. Merck and Plaintiffs shall also work together and in good faith to reach agreement on the proper focus of requests for additional responsive documents that overlap with materials in the PSC depositories (i.e., if Plaintiffs request is general in nature and some specific documents responsive to that request have already been produced) in order to fairly balance the burden of producing such additional documents with their relevance to the litigation.

Merck has clearly not complied its obligations under this provision of Pre-Trial Order No. 39. In its discovery responses and during multiple meet-and-confers, Merck has never identified any Government Production documents with specificity, or indicated any willingness to do so.

In addition, it would be patently unfair and severely prejudicial to require Plaintiffs to blindly sift through "28 million pages of documents" in an effort to identify the requested documents. Plaintiffs point out that on November 9, 2007, Pre-Trial Order No. 30 stayed all actions including the private third-party payor litigations, the governmental entity cases, and the instant case. This case was stayed until April 30, 2009, when Pre-Trial Order No. 39 lifted the stay and implemented the current case specific schedule that sets a discovery cutoff date of September 1, 2009. Therefore, Merck's assertion that Plaintiffs are ignoring four-years of discovery efforts is simply not accurate. It would be patently unfair to, as Merck suggests, have

4

Plaintiffs in this case sift through "28 million pages of documents" produced to the PSC by September 1, 2009.

Merck should be compelled to comply with its obligations under Pre-Trial Order 39 to identify any Governmental Production documents previously produced in this MDL.

Merck also argues that producing any not-previously produced Governmental Investigation Documents would be burdensome due to the time and cost to review these documents for relevance and confidentiality. But this argument is belied by Merck's own admission that "most of the documents produced in the context of government investigations are already in Plaintiff's possession." If "most" of the documents have already been produced in this MDL, then the burden on Merck must be substantially lower to produce any responsive documents that have not yet been produced. Identifying Governmental Production documents previously produced and producing any not-produced documents for all governmental investigations is entirely consisted with efficiency and swiftly proceeding to trial in this case. The Court should compel Merck to identify all Governmental Production documents with specificity (ie. by Bates no. ranges), and to produce all Governmental Production documents that have not been produced in this MDL.

    **C.    The Requested Documents Are Relevant To Plaintiffs' Claims – Every Claim in Plaintiffs' Second Amended Complaint Concerns Merck's Sales and Marketing of Vioxx**

This is a case brought by the Louisiana Attorney General against Merck for its sales and marketing practices for Vioxx. Plaintiffs' request for documents Merck produced to government investigations into its sales and marketing practices for Vioxx are clearly related to Plaintiffs' claims in this case. Every Claim in Plaintiffs' Second Amended Complaint concerns Merck's sales and marketing of Vioxx. Merck even admits in its opposition brief that "many of the documents contained in the Government Investigation Documents relate to claims and defenses

in this case." See Merck's Opposition Brief at p. 9. The investigations by other States' Attorneys General, among other governmental investigations, all sought documents concerning Merck's sales and marketing practices for Vioxx. Merck produced responsive documents in those investigations, which in some cases led to settlements of those claims. In Merck's opposition brief, *for the first time*, Merck admitted that it produced an unidentified and unknown number of documents that it previously produced in unnamed governmental investigations, beyond those it produced to Congress, in this MDL in response to unidentified discovery requests by the PSC. Nevertheless, Merck considered certain unidentified Governmental Production documents relevant to certain unidentified PSC discovery requests. The PSC discovery requests were primarily directed at issues concerning personal injury litigation. Nevertheless, Merck considered certain unidentified Governmental Production documents relevant to certain unidentified PSC discovery requests. Merck now asserts that these same documents are not relevant to this case, a case specifically based on Merck's sales and marketing practices for Vioxx. Merck's two diametrically opposed positions on the relevance of the requested documents cannot be made congruent. Merck has admitted that the requested documents are relevant and should be compelled to identify responsive documents already produced in this MDL, and to produce any additional responsive documents that have not been produced in this MDL.

Merck's argument that it may produce responsive documents in response to the Governmental Actions Master Discovery Requests at some point in the future should be rejected on its face because Plaintiffs' motion to compel is directed toward two of those very same discovery requests, that have been the subject of multiple meet-and-confer sessions. The deadline for Merck to respond to the Governmental Action Master Discovery Requests as they

pertain to the Louisiana AG case have come and gone.  The Louisiana AG case is on an expedited schedule, and it would unfairly prejudice Plaintiffs to allow Merck to produce responsive documents to other Governmental Action plaintiffs long after the discovery cutoff in this case.

### D. Documents Merck Produced to the U.S. Department of Justice Are Relevant To Plaintiffs' Claims And Should Be Produced

The documents Merck produced to the United States Department of Justice ("DOJ") are clearly relevant to the claims here.  That investigation and this lawsuit clearly focus on Merck's sales and marketing practices with respect to Vioxx.  The DOJ investigation sought internal Merck business records pertaining to the sales and marketing practices with respect to Vioxx.  Merck has publicly stated that it was cooperating with the DOJ investigation and produced relevant documents to the DOJ.

The documents Merck produced to the DOJ are discoverable and Plaintiffs' authorities cited are on point.  Plaintiffs need not show a "particularized need" for these documents.  Merck cites to distinguishable Fifth Circuit authority.  See *Texas v. United States Steel Corp.*, 546 F.2d 626 (5th Cir. 1977).  The holding in that case was limited to the *testimony and deposition transcripts* of corporate witnesses that testified before the grand jury.  The reasons for protecting the testimony of witnesses testifying at a criminal DOJ grand jury proceeding do not apply to the documents requested here – business documents generated prior to the initiation of the grand jury investigation and kept in the ordinary course of business by Merck concerning its sales and marketing practices for Vioxx.  Furthermore, Merck has admitted that it has produced "most" of these documents in the MDL, and as such, has waived any right to secrecy to such documents.

To the extent that this Court finds that Plaintiffs need to show a "particularized need" for any of these documents, Plaintiffs assert that they do have a particularized need for these

documents. Plaintiffs need to have Merck identify all documents it produced to the DOJ and to have Merck produce any documents not previously available to Plaintiffs in sufficient time to review them under the case schedule in order to prepare for trial. All these documents pertain to Merck's sales and marketing of Vioxx. Merck has admitted in its discovery responses that, at all times, the sales and marketing of Vioxx was a national campaign. Each and every claim of Plaintiffs' Second Amended Complaint is directed at Merck's sales and marketing of Vioxx. Merck has admitted that documents pertaining to the sales and marketing of Vioxx are relevant to this case, and admits to already producing "most" of these documents. If there are documents pertaining to the sales and marketing of Vioxx that were produced to the DOJ but have not yet been produced in this MDL, Plaintiffs have a "particularized need" to be able to timely review them, and Merck should be compelled to identify and produce such documents.

      **E.**    **Merck Still Offers No Reason Why It Should Not Produce Documents It Produced In Any Governmental Investigation Other Than The U.S. Department Of Justice Investigation.**

Merck's arguments and authority in its opposition brief are directed solely towards not producing documents that it previously produced to the currently pending U.S. Department of Justice ("DOJ") grand jury criminal investigation. Merck proffers no argument or authority that it should not produce documents it previously produced in a number of other governmental investigations, several of which Plaintiffs already identified, and all of which concern Merck's sales and marketing practices for Vioxx. Merck's opposition memorandum collectively refers to the documents it produced in response to a number of different governmental investigations as the "Government Investigation Documents" and then sets forth arguments as to why it should not produce documents it produced to the U. S. Department of Justice. Merck then collectively implies that these arguments apply to documents it produced to all other governmental investigations. Since, Merck has refused to produce these documents, or to set forth any basis or

reason justifying why it will not produce them, Merck should be compelled to produce the documents it previously produced to all the other governmental investigations aside from the DOJ.

### III.   CONCLUSION

For the reasons set forth above, and in Plaintiffs' Memorandum in Support of Motion to Compel Defendant Merck & Co., Inc. to Produce Documents Previously Produced to the Government and with Respect to Related Litigation, Plaintiffs' Motion should be granted.

Dated:  August 8, 2009

Respectfully submitted,

By:  /s/   Douglas R. Plymale
Douglas R. Plymale
James R. Dugan, II
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
***Murray Law Firm***
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181

**CO-CHAIR OF GOVERNMENT ACTIONS PLAINTIFFS' CASE MANAGEMENT COMMITTEE AND COUNSEL FOR PLAINTIFFS**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
***Louisiana Department of Justice***
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
General Counsel
Kim Sullivan
***Louisiana Department of Health and Hospitals***
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Reply Memorandum in Support of Motion to Compel Defendant Merck & Co., Inc. to Produce Documents Previously Produced to the Government and with Respect to Related Litigation has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, on this the 8th day of August, 2009.

      /s/   Douglas R. Plymale
Douglas R. Plymale
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181