UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® ) <br>     PRODUCTS LIABILITY ) <br>     LITIGATION ) <br> ) <br> _____ ) <br> ) <br> ) <br> THIS RELATES TO: ) <br>     Bob Stephens, ) <br>     Individually, and as the Administrator ) <br>     for the Estate of Johnie Stephens, ) <br>     deceased ) <br> ) <br>     v. ) <br> ) <br>     Merck & Co., Inc. ) <br> ) <br>     Civil Action No: E.D. La 06-CV-1678 ) <br>                     ARE 4-06-CV-0259 WRW ) <br> ) <br> _____ ) | MDL NO. 1657 <br><br> Section: L <br><br> Judge Fallon <br><br> Magistrate Judge Knowles |

**MEMORANDUM IN SUPPORT OF RESPONSE TO
MOTION FOR ORDER SETTING PROCEDURE
FOR ATTEMPTED LIENS AGAINST ATTORNEYS' FEES**

    Gary Eubanks & Associates, P.A. (hereinafter "the Firm") does not oppose the Motion for Order Setting Procedure for Attempted Liens against Attorneys' Fees filed by BrownGreer PLC, the Claims Administrator in the Vioxx Resolution Program. However, the Firm writes separately in order to propose an additional recommendation for this Court to include in its order setting the procedure for processing the distribution of Interim Payments and Final Payments to any eligible claimants in the Vioxx Settlement Program whose payments may be affected by the assertion of an attempted lien for attorney's fees and/or expenses or any other claim or lien against the fees of

1

counsel to claimants in the Vioxx Resolution Program.

## I.  INTRODUCTION

On March 27, 2009, the Firm filed a Motion to Enforce Attorneys' Lien, pursuant to Ark. Code Ann. § 16-22-304 (Supp. 2007), upon the settlement recovery amount due to Plaintiff, Bob Stephens, individually and as administrator for the Estate of Johnie Stephens, deceased.  (Docs. 18105 & 18106).  While the legal basis for enforcement of the attorneys' lien for thirty-two (32) percent of the settlement proceeds due to Plaintiff Bob Stephens, Individually and as the Administrator for the Estate of Johnie Stephens, deceased, is set forth in the Firm's Motion and supporting memorandum, it is the timing of Plaintiff's decision to terminate his relationship with the Firm that is applicable to this Response.  Specifically, Plaintiff fired the Firm as his counsel on March 18, 2009, when his case was virtually complete and merely awaiting the special master's decision on Plaintiff's appeal.  Shortly after the Firm filed its Notice of Attorneys' Lien (Doc. 18082) and the Motion to Enforce Attorneys' Lien (Doc. 18105), Plaintiff hired new counsel.

## II. ARGUMENT

The Firm agrees with BrownGreer that a uniform procedure for the handling of attorneys' fee liens would aid in the efficiency of the distribution of Interim Payments and Final Payments of a claimant's Settlement benefits.  The Firm does not dispute that Plaintiff is entitled to his share of the Settlement benefit, and merely seeks to collect its fee as prescribed by Arkansas law.  As such, the Firm agrees that it would be beneficial and proper to order that the thirty-two (32) percent fee be withheld from any settlement disbursement or payment.

Additionally, the Firm proposes that when any Settlement benefit payment becomes due and payable in the Resolution Program to a Claimant, the Claims Administrator (BrownGreer) and

Primary Counsel be required to notify the party asserting a fee lien. This notification is necessary because the party asserting the lien is no longer entitled to notification that a Settlement benefit payment has become due. Specifically, in this case, since Plaintiff terminated the Firm and obtained new counsel, the Firm is no longer entitled to, and will not receive, notification of the Special Master's decision on Plaintiff's appeal. For this reason, the Firm respectfully requests that the Court add the following to its Order establishing procedure:

> Proposed (3b)   The Claims Administrator and Primary Counsel shall notify the Purported Lien Holder that a Settlement benefit payment has become due and payable in the Resolution Program to a Claimant.

This additional procedural requirement would further enhance the distribution of Interim Payments and Final Payments in that it would allow the Claimant and the Purported Lien Holder to begin further proceedings on the resolution of the lien.

### III. CONCLUSION

Accordingly, the Firm submits that its proposed procedural requirement be added to BrownGreer's Proposed Order (Doc. 21567-3) and that BrownGreer's Motion for entry of an Order Setting Procedure for Attempted Liens Against Attorneys' Fees be granted

Respectfully submitted,

GARY EUBANKS & ASSOCIATES, P.A.
P.O. Box 3887
Little Rock, Arkansas 72203
(501) 372-0266
eubanksg@garyeubanks.com


/s/   Gary L. Eubanks
Gary L. Eubanks, 60014

3

**CERTIFICATE OF SERVICE**

I, Gary L. Eubanks, hereby certify that the above and foregoing electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of August, 2009.

I further certify that the above and foregoing was served via electronic mail upon the following:

Orran L. Brown, Esquire
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia 23219
obrown@browngreer.com

E. Glenn Thames, Jr., Esquire
Potter Minton, P.C.
500 Plaza Tower
110 North College Avenue
Tyler, Texas 75702
glennthames@potterminton

Kirk E. Wood, Esquire
The Wood Law Firm, LLC
P.O. Box 382434
Birmingham, AL 32538
ekirkwood1@cs.com

Counsel Financial Services, LLC
c/o R. Scott Williams, Esquire
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower, 2001 Park Place North
Birmingham, AL 35203
rsw@hsy.com

David McQuade Leibowitz, Esquire
Law Offices of David McQuade Leibowitz
First National Bank Building
6243 IH 10 West, Suite 1000
San Antonio, TX 78201
intake@leibowitzconsumerlaw.com

Counsel Financial Services, LLC
Philip B. Abramowitz, General Counsel
6400 Main Street, Suite 120
Williamsville, NY 14221
pabramowitz@counselfin.com

Kenneth W. Smith, Esquire
Law Offices of Kenneth W. Smith
225 Reinekers Lane, Suite 690
Alexandria, VA 22314
lawsmith@cavtel.net

Justin G. Witkin, Esquire
Aylstock, Witkin Kreis & Overholtz, PLLC
55 Baybridge Drive
Gulf Breeze, FL 32561
baylstock@awkolaw.com

Shelly A. Sanford, Esquire
Shelly A. Sanford, PLLC
2016 Bissonnet Street
Houston, TX 77005
ssanford@sanfordbarlow.com

Eberhard D. Garrison, Esquire
Jones, Swanson, Huddell & Garrison, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
egarrison@jonesswanson.com

Michael O'Day, Esquire
Law Offices of Michael O'Day
437 Grant Street Suite 825
Pittsburgh, PA 15219
MPOlaw@hotmail.com

Gary P. Levin, Esquire
Law Offices of Gary P. Levin
1442 New Road, Suite 3
Northfield, NJ 08225
rxlawyer@prodigy.net

Dawn M. Barrios, Esquire
Barrios Kingsdorf & Casteix, L.L.P.
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Dbarrios@bkc-law.com

Jonathan B. Andry, Esquire
The Andry Law Firm L.L.C.
610 Baronne Street
New Orleans, LA 70113
johnandry@yahoo.com

Lee B. Balefsky, Esquire
Kline & Specter, P.C.
1525 Locust Street, Nineteenth Floor
Philadelphia, PA 19102
Lee.Balefsky@KlineSpecter.com

Steven B. Stein, Esquire
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
sbs@lskg-law.com

Brian J. Glick, Esquire
Glick Law Firm, P.A.
2255 Glades Rd., #324-A
Boca Raton, FL 33431
lawboca@aol.com

    I also certify that on the same date a true and correct copy of the foregoing has been served by first-class mail, postage prepaid, on the following Pro Se Claimants:

Mr. James I. Smith
110 Luther Davis Rd.
Picayune, MS 39466

Mr. Bryan Lee Roberts
500 43rd Street
Marathon, FL 33050

    /s/ Gary L. Eubanks
    Gary L. Eubanks
    AR BIN 60014
    GARY EUBANKS & ASSOCIATES, P.A.
    P.O. BOX 3887
    LITTLE ROCK, ARKANSAS 72203-3887
    PHONE: (501) 372-0266
    FAX: (501) 688-7738
    eubanksg@garyeubanks.com