**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Marie Allen v. Merck & Co., Inc.,* No. 2:06-cv-02220-EEF- | * | KNOWLES |
| DEK (Gloria Wilson and MaryLou Otto only); and | * | |
| | * | |
| *Ronnie Allen, v. Merck & Co., Inc,* No. 2:06-cv-02212-EEF- | * | |
| DEK (Angelo Smiley only) | * | |

*************************************************************************

**DEFENDANT MERCK & CO., INC.'S *SECOND* MOTION, RULE AND**
**INCORPORATED MEMORANDUM TO SHOW CAUSE WHY**
**CASES SHOULD NOT BE DISMISSED WITH PREJUDICE UNDER RULE 25(a)(1)**

According to pleadings filed by plaintiffs' counsel in the above-referenced cases on October 3, 2008 and January 29, 2009, plaintiffs Gloria Wilson, MaryLou Otto and Angelo Smiley have died.  However, no motion for substitution has been filed, nor has any other indication been provided suggesting that any proper party wants to pursue these claims. Accordingly, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an order requiring plaintiffs to show cause why these claims should not be dismissed with prejudice under Federal Rules of Civil Procedure Rule 25(a)(1).

**ARGUMENT**

In the above-referenced cases, there has been a suggestion of death on the record through pleadings filed by plaintiffs' counsel on October 3, 2008 (as to plaintiffs Wilson and Smiley) and January 29, 2009 (as to plaintiff Otto and again as to plaintiff Smiley) in response to Merck's *Lone Pine* motions.  Under Rule 25(a), the Court may order substitution of a proper party within

987739v.1

90 days of a suggestion of death being made.  However, if no proper motion for substitution is made within 90 days, the case must be dismissed.  Specifically, the Rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.**  (Emphasis added.)

*See* Fed. R. Civ. P. 25(a)(1).

As of the filing of this motion, no motions for substitution have been served, and ***more than ten months*** (more than 300 days) have passed since the deaths of Ms. Wilson and Mr. Smiley were suggested on the record, and more than six months (more than 180 days) have passed since the death of Ms. Otto was suggested on the record.  Accordingly, Merck requests that plaintiffs (or a proper representatives) be instructed to appear and show cause at a hearing on September 17, 2009 why these cases should not be dismissed with prejudice.  A proposed order is attached.

**CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice under Rule 25(a)(1).

Respectfully submitted,

By:*/s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361
    Defendants' Liaison Counsel

2

987739v.1

3

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

987739v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Second Motion and Rule to Show Cause Why Cases Should Not Be Dismissed Pursuant to Rule 25(a)(1) has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this  11th day of August, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

987739v.1