UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, JR., Attorney General, | * * | SECTION L |
| | * | JUDGE ELDON E. FALLON |
|     Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
| versus | * | KNOWLES |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
|     Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**MERCK & CO., INC.'S SUR-REPLY TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT MERCK, INC. TO PRODUCE DOCUMENTS PREVIOUSLY PRODUCED TO THE GOVERNMENT AND WITH RESPECT TO RELATED LITIGATION**

       Plaintiff's reply brief fails to answer the critical issue posed by its motion to compel: what legitimate basis it has for seeking "Government Investigation Documents" in this litigation. Instead, Plaintiff makes a number of misstatements in an effort to sidestep the question of relevance and focus the Court's attention elsewhere. Merck respectfully submits this short sur-reply to address those misstatements.

       *First*, Plaintiff's claim that "Pre-Trial Order No. 39 requires Merck to identify documents produced in government investigations" mischaracterizes the Court's order. Pl. Reply Br. at 4. Pretrial Order No. 39 provided a mechanism by which Merck

1

could identify prior productions that are sufficient to respond to a ***proper*** discovery request. Given Merck's position that discovery regarding the government investigations is improper, the procedural short-cut provided by Pretrial Order 39 is irrelevant. Thus, Plaintiff's argument that Merck is under some obligation to identify all of the produced sales and marketing documents that also have been produced to government entities is not supported by Pretrial Order No. 39.

Indeed, Plaintiff's reliance on PTO 39 reveals what Plaintiff is really after. Plaintiff wants Merck to identify the documents that Merck produced to the Department of Justice ('DOJ") so that Plaintiff can try to learn about the nature and purpose of the DOJ's investigation. Plaintiff made this same request to the U.S. Government by serving a subpoena seeking Merck's production to the DOJ. That subpoena was served in the District of Massachusetts and, in part, is subject to the Federal Rules of Criminal Procedure, which provides certain protections to maintain the secrecy of grand jury proceedings. Plaintiff apparently now seek to accelerate resolution of the dispute over the same set of documents in this Court. As outlined in the Opposition to this Motion, there may be certain documents that were produced to the DOJ that were not produced to Plaintiff (the reverse is also likely true) because of different claims or areas of inquiry. This does not mean that Plaintiff has any right to discover the identity of those documents. Plaintiff should not be allowed to simply say: "give me everything you have given an investigating agency."

***Second***, Plaintiff's argument that it must "blindly sift through '28 million pages of documents' in an effort to identify the requested documents" severely mischaracterizes how documents have been produced for years in this MDL pursuant to

2

Pretrial Order No. 17.  Pl. Reply Br. at 4.  Merck's productions are fully text-searchable and contain a number of objective coding fields that are set forth in Pretrial Order No. 17A.  Further, Merck routinely prepares and produces to Plaintiffs' Steering Committee a comprehensive "objective coding report" that provides certain information pertaining to *every* document in *every* production made by Merck to date in the MDL.  Plaintiff here – like the numerous plaintiffs that have already proceeded to trial in Vioxx-related litigation – can easily search and sort all of these documents for whatever information sought by Plaintiff in this case.[1]

***Third***, Plaintiff still has not articulated any particularized need for documents produced to the DOJ and has provided no authority for its position.  Contrary to Plaintiff's claim, under *Texas v. United States Steel Corporation,* documents produced to a grand jury are provided heightened protections requiring a showing of particularized need.  *See* 546 F.2d 626 (5th Cir. 1977).  In that case, Texas sought, *inter alia*, "the production of any ***documents*** and transcripts of testimony by employees of defendants before the federal grand jury . . . ."  *Id.* at 628 (emphasis added).  Reviewing the procedural history, the Fifth Circuit stated, "After the defendants refused to surrender the ***documents*** and transcripts, the state's motions to compel production were granted by the trial court in an order directing all nine defendants to provide the State of Texas with the ***documents*** and transcripts."  *Id.* (emphasis added).  The Fifth Circuit then proceeded to

---

[1] In addition, the "28 million page figure" represents the total production to date in the MDL.  As part of its ongoing discovery efforts, Merck has also identified 14 Merck employees with likely relevance to the Louisiana AG case and has already produced hundreds of thousands of pages of documents for these custodians.

3

overturn the district court's order and held that the requesting party must show a particularized need for the materials.

As in *Texas v. United States Steel Corporation*, Plaintiff has made no such showing of particularized need for the documents sought here. Its failure in that regard shows the weakness of Plaintiff's claim in that the only "need" articulated by Plaintiff is for sales and marketing documents, not ***all*** documents produced to the DOJ. Moreover, this "need" is manufactured, not real. Both the Plaintiffs' Steering Committee and, more recently, the Government Action Plaintiffs have served a series of requests for production relating to the sales and marketing of Vioxx. Merck has produced millions of pages of documents in response to those requests. Given this procedural history, Plaintiff has not – and cannot – provide any particularized need for wholesale production of Government Investigation Documents. For this reason too, Plaintiff's Motion to Compel should be denied.

In sum, it is important to recognize that Plaintiff is not complaining about what Merck has produced to Plaintiff in response to any request for documents relating to a particular claim or defense. Merck has never refused to produce responsive, non-privileged documents related to any claim or defense in this case or in any case in the Vioxx MDL. Instead, Plaintiff seeks documents that Merck has produced to ***another*** party in a ***different*** proceeding governed by ***different*** rules and is urging this Court to compel Merck to make the same production that Merck made to the other party, ***without any regard to claims or defenses in this case***. Given Plaintiff's continued failure to articulate the relevance of this category of documents to any claim or defense, this Court should deny Plaintiff's Motion.

4

987809v.1

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA  70130

Defendants' Liaison Counsel

And

Benjamin R. Barnett
Eben S. Flaster
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Surreply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 11th day of August, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel