UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA HURST | * | CIVIL ACTION: 09-4373 |
| VERSUS | * | SECTION "L" |
| MICHAEL D. RILEY, CONTINENTAL | * | MAGISTRATE "3" |
| CASUALTY COMPANY AND | * | |
| MERCK & CO., INC. | * | |

*************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

### SUMMARY OF ARGUMENT

The plaintiff's motion to remand should be granted because diversity jurisdiction pursuant to 28 U.S.C. §1332 does not exist in this case and Merck & Co., Inc. ("Merck") has not satisfied the procedural requirements for removal. Merck's *Notice of Removal* is improper procedurally as all properly served defendants did not join in the removal as required by Federal law. Specifically, Michael D. Riley and Continental Casualty Company have been properly served and did not consent to the removal. (See Attached Exhibit A for service).

Furthermore, Merck claims that co-defendants Michael D. Riley and Continental Casualty Company have been improperly joined in this suit to such an extent that fraudulent misjoinder has occurred. When a defendant alleges fraudulent misjoinder in order to fulfill the complete diversity requirement for subject matter jurisdiction under 28 U.S.C. §1332 the defendant carries

a high burden of proof and in the case at hand the defendant has not met this standard because there is a reasonable basis of recovery in state court against the in-state defendant. As set forth in Plaintiff's *Petition for Damages,* this is primarily a legal malpractice action against an in-state defendant (wherein the underlying claim involves ingestion of the Vioxx medication) with only an alternative allegation that in the unlikely event plaintiff may still timely file suit for her personal injuries due to the ingestion of the same Vioxx medication she can still timely file a claim against Merck & Co., Inc. Because there is a possibility that the plaintiff can establish a cause of action against the non-diverse party in state court and there is a community of interests between the joined parties regarding the plaintiff's ingestion of Vioxx the parties are properly joined and as such this is a non-diverse case with the Vioxx issue being only a collateral claim. The claim against Merck is more appropriate for removal if the District Court finds that the time has not lapsed to bring this claim. If the Court finds that the claim is time barred as against Merck & Co., Inc. it lies solely and exclusively in a State cause of action against the individual attorney who is a non-diverse citizen.

## PERTINENT FACTS AND HISTORY

Plaintiff Sandra Hurst retained the services of Attorney Michael D. Riley, upon information and belief in May or June of 2005, to represent her for personal injuries sustained as a result of her ingestion of the prescription medication Vioxx. When Mr. Riley filed his petition on behalf of a number of Vioxx claimants Ms. Hurst was "left off" and not listed as a plaintiff. The "error" was not discovered until December of 2008 when Mr. Riley received a deficiency notification from the law firm administering the Vioxx settlement on behalf of Merck & Co., Inc.

that no suit has been filed on behalf of Sandra Hurst. Mr. Riley subsequently notified Ms. Hurst via certified letter on or about December 15, 2008 of the "error" and that she should seek the counsel of another attorney to investigate his possible malpractice in the matter. Ms. Hurst retained the services of Attorney Robert J Caluda on December 23, 2008 to pursue any and all claims on her behalf.

A *Petition for Damages and Trial by Jury* was filed on behalf of Plaintiff Sandra Hurst on June 5, 2009 in Civil District Court for the Parish of Orleans, State of Louisiana, bearing Docket No. 09-5852, Division "D" against Michael D. Riley, Continental Casualty Company and Merck & Co., Inc. alleging primarily legal malpractice by Attorney Michael D. Riley for his failure to timely file and prosecute a claim against Merck & Co., Inc. on behalf of Plaintiff, Sandra Hurst due to her ingestion of the prescription drug Vioxx.

In an abundance of caution Merck & Co., Inc. was also included as a defendant in said *Petition for Damages and Trial by Jury* on the alternative allegation that should the District Court find that the time has not lapsed to bring a Vioxx claim Ms. Hurst's right to recovery in the Vioxx MDL Class Action Settlement would be preserved.

## LAW AND ARGUMENT

### I. Defendant's Notice of Removal is Procedurally Defective

The notice of removal of a civil action shall be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings settling forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446. When multiple defendants are named, all must timely join in the removal and the thirty (30) day time

limit begins the day the first defendant was served. *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254 (5th Cir. 1988). Importantly though, passive acquiescence is not sufficient. The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been properly served must either join in the removal, or file a written consent to the removal. *Getty*, 841 F. 2d at 1261. Consent must be submitted within the thirty (30) day period prescribed by § 1446. *Getty*, 841 F. 2d at 1261, 1262.

### A. Michael D. Riley and Continental Casualty Company

In Defendant's *Notice of Removal* they incorrectly stated that all Defendants had consented to removal. Ignoring for the moment Defendant's assertion that Michael D. Riley and Continental Casualty Company were improperly joined, Michael D. Riley and Continental Casualty Company were properly served on June 10, 2009 and June 15, 2009 respectively and both defendants failed to join in the removal or file a written consent to the removal.

Accordingly, Defendant Merck & Co., Inc.'s removal of this case is procedurally deficient and this matter should be remanded to state court.

### II. Subject Matter Jurisdiction

As this Court is undoubtedly aware, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d. 848 (5th Cir. 1999). Further, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert denied*, 114 S. Ct. 685 (1995). It is the recognized burden of the party invoking federal jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if, appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegations." *St. Paul Mercury Indemnity Co., v. Red Cab Co.*, 303 U.S. 283, 287 n. 10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 381 F. 2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

## A. Diversity

The removing party has the burden of establishing diversity. *Peters v. Pumpkin Air, Inc.*, 635 F. Supp 825 (M.D. La. 1986). Defendant Merck & Co., Inc. alleges there is a complete diversity of citizenship in that plaintiff is a resident of, and domiciled in the State of Louisiana and defendant Merck & Co., Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.

As set forth in Plaintiff's *Petition for Damages and Trial by Jury,* the defendant Michael D. Riley is a person of the full age of majority, domiciled in an unknown parish but at all times mentioned hereinafter a licensed attorney practicing law in the Parish of Orleans, State of Louisiana. Additionally, defendant Riley's liability insurance carrier, Continental Casualty Company is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois it is a corporation licensed to do and doing business in the State of Louisiana.

Complete diversity is lacking because the plaintiff and at least one of the defendants (most importantly the individual defending the state-law claim of legal malpractice) are Louisiana citizens. As such the defendant has failed to meet their burden and so Plaintiff

respectfully requests that this matter be remanded to state court.

## B. Fraudulent Joinder

Defendant Merck has asserted that co-defendants Michael D. Riley and Continental Casualty Company were fraudulently joined. The fraudulent joinder doctrine constitutes a narrow exception to the rule of complete diversity. *McDonal v. Abbott Laboratories,* No. 02-60773 (Fed. 5th Cir. 2005). It bears emphasizing that the burden of demonstrating fraudulent joinder is a heavy one. *Id., Carriere v. Sears, Roebuck & Co.,* 893 F. 2d 98 at 100 (5th Cir. 1990), cert denied, 498 U.S. 817 (1990); *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545 at 549 (5th Cir. 1981) ("strict standard" for establishing fraudulent joinder); *Green v. Amerada Hess Corp.,* 707 F.2d 201 at 205 (5th Cir. 1983), *cert denied,* 464 U.S. 1039 (1984); *15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure,* § 102.21 [5] [a] (3rd ed. 1998). The removing defendant must prove that there is no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant(s) in state court. *Rodriguez v. Sabatino,* 120 F.3d 589 at 592-592 (5th cir. 1997), cert denied, 140 L.Ed. 2d. 655 (1998); *Green v. Amerada Hess Corp.,* 707 F.2d 201 at 205 (5th Cir. 1983), *cert denied,* 464 U.S. 1039 (1984) ("absolutely no possibility"). The court must examine whether the defendant has demonstrated "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McDonal v. Abbott Laboratories, supra.* Under this standard, if there is any possibility of establishing a valid claim against the non-diverse defendant, there is no diversity and the case is properly cognizable only in the state courts. *B., Inc.* at 550. In making its

review the Court must assume all the facts alleged by the plaintiff to be true and resolve all uncertainties regarding state substantive law against the defendants. *Tedder v. F.M.C. Corp.*, 590 F.2d 115 at 117 (5th Cir. 1979).

In determining whether a case was properly removed, the district courts must not "pretry" substantive factual issues in order to answer the discrete threshold question of whether joinder of an in-state defendant is fraudulent. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th cir.1992; *Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983), *cert denied*, 464 U.S. 1039 (1984) *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981). Still further, removal statutes are to be strictly construed against removal. See *Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). When subject matter is doubtful, remand is appropriate. 14 B.C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3d § 3739.

The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that a non-diverse defendant has been fraudulently joined, the **removing party must show either that there is no possibility** that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *Miller Brewing*, 663 F.2d at 549. (Emphasis added). The district courts must evaluate all of the factual allegations of the parties contained in their pleadings, depositions and affidavits in the light **most favorable to the plaintiff,** resolving all contested issues of substantive fact in favor of the plaintiff. *Miller Brewing*, 663 F.2d at 549, citing authorities. Moreover, the district court **must resolve any uncertainties as to the current state if controlling substantive law in favor of the plaintiff.**

*Miller Brewing*, 663 F.2d at 550. **If there is even a possibility** that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, the **federal court must find that the in-state defendants have been properly joined**, that there is incomplete diversity, and that the case must be remanded to the state courts. *Miller Brewing*, 663 F.2d at 550. In other words, **the question is whether there is arguably a reasonable basis** for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham and is not fraudulent in facto or in law. *Miller Brewing*, 663 F.2d at 550.

The defendant does not contend in its Notice of Removal that there is no possibility that Plaintiff will be able to establish a cause of action against the in-state defendant in state court. Instead, the defendant rests their basis for removal on the claim that the actions against Merck and against Mr. Riley and his insurance company are totally unrelated. Merck substantiates this claim by citing Louisiana Code of Civil Procedure Article 463 and arguing that there is no community of interest between the parties. The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. *Albarado v. Union Pacific R.R. Co.* 787 So.2d 431 (La.App. 4 Cir. 2001). Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together. *Id.* In the suit at hand there is enough of a factual overlap because in a legal malpractice claim a central issue that must be proven is whether the plaintiff would have prevailed on the underlying cause of action, specifically here, the claim against Merck. *Costello v. Hardy*, 864 SO.2d 129 (La. 2004) and *Guidry v. Coergis, Ins. Co.*,

896 So.2d 164 (La. 2004).

Defense also cites *In re: Rezulin Prod. Liab. Litig.*, 00 Civ. 2843, Pre-trial Order No. 150, 2003 WL 21276425 (LAK)(S.D.N.Y. June 2, 2003) but this case is distinguishable from the one at hand. In *In re: Rezulin* it was not necessary to prove the malpractice claim by proving the plaintiff would have prevailed on any type of underlying claim because it was a medical malpractice claim at issue, not a legal malpractice claim such as the one in the instant action. In contrast, there is substantial factual overlapping in regards to the claims of the two present defendants and as such a community of interest exists between the properly joined defendants. Because the claim against Mr. Riley is related to the claim against Merck joinder of the defendants is proper.

Considering the foregoing, it is submitted that the removing defendant has not carried its heavy burden of proving fraudulent joinder in this case, and that this matter should clearly be remanded back to state court.

## **CONCLUSION**

In examining the record as it stands when the notice of removal was filed, it is clear that the Defendant, Merck & Co., Inc. has failed to meet the procedural requirements for removal. Further, plaintiff has asserted a valid cause of action against the defendants Michael D. Riley and Continental Casualty Company, in the Civil District Court for the Parish of Orleans. For the reasons set forth herein and upon the strength of the law and authorities cited, Plaintiff has established this case should be remanded to the Civil District Court for the Parish of Orleans for all further proceedings. Plaintiff further requests an award of attorney's fees in an amount

deemed appropriate by this Honorable Court for having to prepare and file this motion.

Respectfully Submitted,

s/Robert J. Caluda
ROBERT J. CALUDA
La. Bar No. 3804
Attorney for Plaintiff
The Caluda Law Firm
3232 Edenborn Avenue
Metairie, Louisiana 70002
Telephone: (504)586-0361
Facsimile: (504) 522-5161
**rcaluda@rcaluda.com**

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009 a copy of the foregoing Motion to Remand was submitted to the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel in this matter.

s/Robert J. Caluda
ROBERT J. CALUDA
