UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
VIOXX PRODUCT LIABILITY LITIGATION       )       MDL NO. 1657
                                         )
                                         )       SECTION: L
                                         )
                                         )       JUDGE FALLON
                                         )       MAG. JUDGE KNOWLES
                                         )
                                         )
*THIS DOCUMENT RELATES TO:*               )
                                         )
*Jeannette Connors v. Merck & Co., Inc.,*  )
2:06-cv-01190-EEF-DEK and                )
                                         )
*Marie Allen v. Merck & Co Inc.,*          )
2:06-cv-00233-EEF-DEK (as to Mary Kwiek only) )
                                         )

**PLAINTIFFS' RETURN TO THE ORDER TO SHOW CAUSE RESULTING FROM DEFENDANT MERCK & CO., INC.'S *NINTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 28**

On August 11, 2009, defendant Merck & Co., Inc. ("Merck") filed its Ninth *Lone Pine* motion requesting that an order to show cause issue as to why certain plaintiffs' individual claims should not be dismissed with prejudice. That motion included Cellino & Barnes, P.C. clients Jeanette Connors and Mary Kwiek. On August 13, 2009, this Court filed the requested order to show cause. (Docket N. 22243.)

Beginning with Merck's *Second* motion to dismiss on *Lone Pine* grounds, counsel has respectfully asserted that compelling an expert report when a fundamental disagreement exists as to presenting such a report places counsel in an untenable position. This Court has previously permitted counsel to withdraw under such circumstances and permitted the plaintiff the opportunity to proceed either with newly retained counsel

1

whose opinion may differ or to proceed pro se. While the claims of all such clients formerly represented by the undersigned were eventually dismissed either for the client failing to advise the pro se curator of an intent to proceed following counsel's withdrawal or for continued *Lone Pine* noncompliance, counsel nonetheless respectfully requests that Ms. Connors and Ms. Kwiwk be granted the opportunity to proceed pro se in an analogous manner to other plaintiffs from whose representation counsel withdrew.

Counsel's formal motion to withdraw was served and filed prior to this return on August 17, 2009. Due to the unlikelihood that this motion will be resolved prior to Merck's intended hearing date on the *Ninth* motion to dismiss on *Lone Pine* grounds, the plaintiffs' resulting uncertainty as to whether she should prosecute this litigation independent of her disagreeing counsel, and the potential that the plaintiff *pro se* or with substitute counsel may wish to proceed without fundamental disagreement to further prosecution, counsel respectfully submits that dismissal is unduly harsh. Counsel respectfully requests that this Court discharge any order to show cause resulting from Merck's motion, grant counsel's motion to withdraw and provide the *pro se* plaintiff an additional 30 days following withdrawal to meet her *Lone Pine* obligations under penalty of dismissal for failing to prosecute.

DATED:      August 19, 2009

                                              Respectfully submitted,

                                              **CELLINO & BARNES, P.C.**

By: _____

                                              Brian A. Goldstein
                                              Main Place Towers
                                              350 Main Street, 25th Floor
                                              Buffalo, NY 14202
                                              (716) 854-2020