UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX                                      :        MDL Docket No. 1657
       PRODUCTS LIABILITY LITIGATION  :        SECTION L
                                                   :
                                                   :        JUDGE FALLON
                                                   :
                                                   :        MAGISTRATE JUDGE
                                                   :        KNOWLES
……………………………………………………:
This document relates to:    ALL CASES

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER SETTING
PROCEDURE FOR ATTEMPTED LIENS AGAINST COUNSEL FEES**

**I.        INTRODUCTION**

On August 4, 2009, BrownGreer PLC ("BrownGreer"), the Claims Administrator in the Vioxx Resolution Program, filed a Motion for Order setting Procedure for Attempted Liens Against Counsel Fees (Rec. Doc. 21567).  This matter is set for hearing at 9:00 am CT on August 21, 2009.  Since the filing of the Motion, BrownGreer and the parties have received suggestions from two counsel for changes to the proposed procedure.  BrownGreer has reviewed these suggestions with Merck and the Negotiating Plaintiffs Counsel, who agree that the proposed procedure can be changed to accommodate them.  In addition, Merck requested certain modifications to the Order to make it clear that Merck, as well as the Claims Administrator and the Escrow Agent, are not liable for any attempted lien against counsel fees.  BrownGreer files this Supplemental Memorandum to apprise the Court of these changes and to submit a revised proposed Order for the Court's consideration.

## II. DISCUSSION

### A. Litigation Expenses of Former Counsel.

The Motion addresses attempted liens, referred to collectively as "Fee Liens," against the attorneys' fees to be paid from claimant benefit payments to counsel for the claimant. BrownGreer received an inquiry from Ms. Dawn Barrios regarding how BrownGreer would handle the issue of litigation expenses advanced by a law firm on behalf of a client whom the firm no longer represents. BrownGreer and the parties agree that the procedure should provide that, in addition to withholding the 32% permitted as counsel fees out of an Interim or Final Payment to a Vioxx claimant in the Settlement Program, the expenses documented by the former counsel who has asserted a lien for fees will also be withheld. Accordingly, the revised proposed Order adds to Paragraph (2) the requirement that BrownGreer will send notice of a fee lien to a Pro Se Claimant as well as to counsel for represented clients. The revised Order also alters Paragraph (3) to read as follows (changes shown in highlighting):

> (3) If any Settlement benefit payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator shall direct the Escrow Agent to withhold 32% of the amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees. ==If the Fee Lien was asserted by a former counsel of the Claimant, the amount withheld shall include any costs asserted by such former counsel. The Escrow Agent shall distribute to the Primary Counsel or Pro Se Claimant (as applicable) by wire transfer or check the amount remaining payable on the claim (the "Paid Amount") after the total of any withholdings (the "Withheld Amount").==

This added language would permit BrownGreer to withhold costs asserted by former counsel as well as the 32% fees and then disburse the remainder of the benefit payment to the claimant.

  **B.** <u>**Notice to the Lienholder of Payment on the Claim.**</u>

On August 10, 2009, Gary Eubanks & Associates filed a Response to BrownGreer's Motion, suggesting that the procedure include a step in which BrownGreer would alert the lawyer or other entity who had asserted a Fee Lien of an upcoming payment to the Vioxx claimant whose claim is subject to the lien. BrownGreer agrees that the procedure can address this issue, which would add this language to the proposed Order:

> (6) The Claims Administrator and Primary Counsel shall notify the person who asserted the Fee Lien that a Settlement Program benefit payment has become due and payable in the Resolution Program to the Claimant whose claim has given rise to the Fee Lien.

  **C.** <u>**No Liability for Liens.**</u>

As originally proposed the Order recited in Paragraph (1) that BrownGreer as the Claims Administrator and US Bank as the Escrow Agent were not liable for any attempted Fee Lien. Merck requested that the provision be expanded to make it clear that Merck is not responsible for any such lien as well and to add language to Paragraph (2) that Merck will forward to BrownGreer any Fee Liens it receives. These changes are appropriate and have been made to the revised suggested Order.

  **D.** <u>**Response by Counsel Financial Services.**</u>

On August 18, 2009, BrownGreer received a Response to the Motion by Counsel Financial Services, LLC, which does not object to the entry of the requested procedure. Counsel Financial asks that "the issue should be clarified" as to whether the word "judgment" in what is now paragraph (5) of the revised Order include "any judgment arising from any federal or state proceeding that has been or is due to be accorded full faith and credit." BrownGreer agrees that

the word "judgment" in the Order includes all such judgments, but does not see a need to expand upon the current wording of the proposed Order.

### III.     CONCLUSION

Accordingly, BrownGreer submits that the revised Order described above and submitted along with this Supplemental Memorandum should be entered.  For the Court's convenience, a copy of the Order showing all the changes from the originally submitted Order is attached to this Supplemental Memorandum as Exhibit 1.

                Respectfully submitted,

                BROWNGREER PLC

By:     **s/ Orran L. Brown**
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299
Email:  obrown@browngreer.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I have served a copy of the forgoing on the following by electronic mail:

| Primary Counsel | Purported Lien Holder |
| --- | --- |
| Kirk E. Wood, Esquire<br>The Wood Law Firm, LLC<br>P.O. Box 382434<br>Birmingham, AL 32538<br>ekirkwood1@cs.com | Counsel Financial Services, LLC<br>c/o R. Scott Williams, Esquire<br>Haskell Slaughter Young & Rediker, LLC<br>1400 Park Place Tower, 2001 Park Place North<br>Birmingham, AL 35203<br>rsw@hsy.com |
| David McQuade Leibowitz, Esquire<br>Law Offices of David McQuade Leibowitz<br>First National Bank Building<br>6243 IH 10 West, Suite 1000<br>San Antonio, TX 78201<br>intake@leibowitzconsumerlaw.com | Counsel Financial Services, LLC<br>Philip B. Abramowitz, General Counsel<br>6400 Main Street, Suite 120<br>Williamsville, NY 14221<br>pabramowitz@counselfin.com<br><br>R. Scott Williams, Esquire<br>Haskell Slaughter Young & Rediker, LLC<br>1400 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL  35203<br>rsw@hsy.com |
| Kenneth W. Smith, Esquire<br>Law Offices of Kenneth W. Smith<br>225 Reinekers Lane<br>Suite 690<br>Alexandria, VA 22314<br>lawsmith@cavtel.net | Justin G. Witkin, Esquire<br>Aylstock, Witkin Kreis & Overholtz, PLLC<br>55 Baybridge Drive<br>Gulf  Breeze, FL 32561<br>baylstock@awkolaw.com |
| E. Glenn Thames, Jr., Esquire<br>Potter Minton. PC<br>500 Plaza Tower<br>110 North College Avenue<br>Tyler, TX 75702<br>glennthames@potterminton.com | Gary Eubanks, Esquire<br>Gary Eubanks and Associates, P.A.<br>P.O. Box 3887<br>Little Rock, AR 72203<br>eubanksg@garyeubanks.com |

| Primary Counsel | Purported Lien Holder |
|---|---|
| Shelly A. Sanford, Esquire<br>Shelly A. Sanford, PLLC<br>2016 Bissonnet Street<br>Houston, TX 77005<br>ssanford@sanfordbarlow.com | Eberhard D. Garrison, Esquire<br>Jones, Swanson, Huddell & Garrison, L.L.C.<br>601 Poydras Street, Suite 2655<br>New Orleans, LA 70130<br>egarrison@jonesswanson.com |
| Michael O'Day, Esquire<br>Law Offices of Michael O'Day<br>437 Grant Street Suite 825<br>Pittsburgh, PA 15219<br>MPOlaw@hotmail.com | Lee B. Balefsky, Esquire<br>Kline & Specter, P.C.<br>1525 Locust Street, Nineteenth Floor<br>Philadelphia, PA 19102<br>Lee.Balefsky@KlineSpecter.com |
| Gary P. Levin, Esquire<br>Law Offices of Gary P. Levin<br>1442 New Road<br>Suite 3<br>Northfield, NJ 08225<br>rxlawyer@prodigy.net | Steven B. Stein, Esquire<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA  94104<br>sbs@lskg-law.com |
|  | Dawn M. Barrios, Esquire<br>Barrios Kingsdorf & Casteix, L.L.P.<br>One Shell Square, 701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>DBarrios@bkc-law.com |
|  | Brian J. Glick, Esquire<br>Glick Law Firm, P.A.<br>2255 Glades Rd., #324-A<br>Boca Raton, FL  33431<br>lawboca@aol.com |
|  | Jonathan B. Andry, Esquire<br>The Andry Law Firm L.L.C.<br>610 Baronne Street<br>New Orleans, LA 70113<br>johnandry@yahoo.com |

I also certify that on the same date a true and correct copy of the foregoing has been served by first-class mail, postage prepaid, on the following:

| **Pro Se Claimant** |
|---|
| Mr. James I. Smith<br>110 Luther Davis Rd.<br>Picayune, MS 39466 |
| Mr. Bryan Lee Roberts<br>500 43rd Street<br>Marathon, FL 33050 |

      **s/ Orran L. Brown**
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299
Email:  obrown@browngreer.com