UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | |
| | : | MAGISTRATE JUDGE |
| | : | KNOWLES |
| .................................................: | | |
| This document relates to:   ALL CASES | | |

## ORDER

The Court is in receipt of a Motion for Order Setting Procedure for Attempted Liens Against Counsel Fees and a Memorandum in Support of that Motion (Rec. Doc. _____).  IT IS ORDERED that:

(1) Neither the Claims Administrator (BrownGreer PLC), the Escrow Agent (US Bank) for the Vioxx Resolution Program, nor Merck shall be subject to, bound by, or have any liability relating to any attempted lien or other claim against or relating to any fees or expenses of counsel to any claimant in the Vioxx Resolution Program ("Fee Liens").

(2) The Claims Administrator shall forward to the affected Primary Counsel or Pro Se Claimant any Fee Lien received by the Claims Administrator, including any Fee Liens forwarded by Merck.

(3) If any Settlement benefit payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator shall direct the Escrow Agent to withhold 32% of the amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees. If the Fee Lien was asserted by a former counsel of the Claimant, the amount withheld shall include any costs asserted by such former counsel.  The Escrow Agent shall distribute to the Primary Counsel or Pro Se Claimant (as applicable) by wire transfer or check the amount remaining payable on the claim (the "Paid Amount") after the total of any withholdings (the "Withheld Amount").

(4) A Primary Counsel receiving the Paid Amount shall distribute to the Claimant the entire Paid Amount, less only any sums properly payable by the Claimant as costs

**EXHIBIT 1**

        or expenses incurred by that Primary Counsel, and shall not deduct or retain any of the Paid Amount as attorneys' fees.

(5)    The Claims Administrator and Escrow Agent shall retain the Withheld Amount until the Claims Administrator receives satisfactory proof that the Fee Lien has been fully resolved by agreement, order, or judgment and at that time shall instruct US Bank to distribute the Withheld Amount in accordance with such resolution.

(6)    The Claims Administrator and primary Counsel shall notify the person who asserted the Fee Lien that a Settlement Program benefit payment has become due and payable in the Resolution Program to the Claimant whose claim has given rise to the Fee Lien.

New Orleans, Louisiana, this ____ day of _____, 2009.

                                                                                   _____
                                                                                    ELDON E. FALLON
                                                                                    UNITED STATES DISTRICT JUDGE