UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | |
| VIOXX PRODUCT LIABILITY LITIGATION | ) | MDL NO. 1657 |
| | ) | |
| | ) | SECTION: L |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE KNOWLES |

*THIS DOCUMENT RELATES TO:*
Maryilou Billard, individually and as trustee of the estate of Dorothy Mack; 2:07-cv-01394-EEF-DEK
Dorothy Mack; 2:06-cv-02216-EEF-DEK
Barbara Dick; 2:06-cv-02217-EEF-DEK
Rita Ersing; 2:06-cv-01187-EEF-DEK
Bernice Goodman; 2:06-cv-02216-EEF-DEK
Andrew J. Holmes; 2:06-cv-02198-EEF-DEK
Francisco Martinez; 2:06-cv-02211-EEF-DEK
Henry Minney; 2:06-cv-02213-EEF-DEK
Veda Woods individually and as trustee of the estate of James Moore; 2:08-cv-00327-EEF-DEK
Wanda Prezioso; 2:06-cv-02216-EEF-DEK
Nancy Schreck; 2:06-cv-02198-EEF-DEK
Effie Watson; 2:06-cv-02201-EEF-DEK
Betty Wilson; 2:06-cv-02209-EEF-DEK

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
RELIEF FROM JUDGMENT AND TO SHORTEN TIME**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, plaintiffs identified above through their undersigned counsel, hereby move this Court for an Order relieving them from the Order of Dismissal with Prejudice filed for their individual claims. Plaintiffs respectfully submit that the Claims Administrator of the Vioxx Settlement Program found them to be Non-Submitting Program Claimants while similarly situated claimants continue to correct and supplement their claims, resulting in a

1

disproportionate discovery sanction when compared to the evolving processes in the settlement program.

Moreover, as this issue is calendared before this Court following the next status conference (Exhibit A, Docket No. 20864, 21463 [identifying an unspecified intended August 2009 hearing date following the next status conference]), plaintiffs respectfully request that their motion be heard contemporaneously. As announced following the July 2009 status conference, the next monthly status conference will be held on Thursday, September 17, 2009 at 9:00 a.m. (Docket No. 21503, p. 15.) A previously submitted version of this motion requested an August 2009 status conference hearing date in error. Pursuant to this Court's orders following the initial submission, counsel also received orders to show cause calendared for the September 17, 2009 hearing date. (Docket Nos. 22158 [Ninth *Lone Pine* motion], 22243 [Second FRCP 25(a)(1) motion].)

## MEMORANDUM OF LAW

## PROCEDURAL BACKGROUND

As relevant to this motion, each moving plaintiff filed a civil action within the States of New York or Minnesota, was removed to the relevant federal court and transferred before this Court, complied with this Court's orders including completing the Plaintiff Profile Form discovery process and completed enrollment in the Vioxx settlement program as directed by the Claims Administrator. This included tendering a stipulation of dismissal with prejudice as a mandatory part of the enrollment process. These stages are not at issue and none of the plaintiffs have previously been the subject of a motion before this Court alleging any discovery deficiencies on their part.

Counsel for plaintiffs subsequently uploaded required forms and documentation for over 1800 claimants. Throughout this process, counsel's staff conducted internal reviews to identify or were notified by Claims Administrator staff when a submission was missing, unreadable, or otherwise inaccessible to the Claims Administrator's staff. Counsel's staff routinely resubmitted materials to correct these issues and, to date, still sporadically identified possible errors or received Claims Administrator notices that documents are missing, unreadable or otherwise inaccessible. Counsel's staff continues to provide rapid corrections through e-mail or electronic upload.

Following the Claims Administrator's December 31, 2008 document submission deadline, one of many throughout this process, counsel's internal administrative processes identified a number of instances where an upload could not be confirmed. Documents were re-submitted in accord with the process previously accepted by the Claims Administrator and still used for corrective measures to date. Of these, seventeen plaintiffs were deemed Non-Submitting Program Claimants (NSPCs). A series of e-mail exchanges followed in which the claimants appealed this NSPC determination. Counsel received no e-mail notice of a decision and learned that the NSPC status was affirmed through the newly developed V4173 spreadsheet.

Defendant Merck subsequently delivered the NSPC plaintiffs' stipulations of dismissal to this Court where they were reduced to judgment. Their claims having returned to this Court for final action, the thirteen NSPC plaintiffs wishing to proceed with their claims respectfully request that this Court restore their claims either to litigation or to the settlement program for final resolution. Alternatively, the NSPC plaintiffs respectfully request that this Court return their claims to the settlement program

under the pre-existing V2100 re-entry process that would permit them a substantive review with the same restrictions as others whose files are incomplete while sanctioning them by precluding a return to litigation.

## LAW AND ARGUMENT

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason that justifies relief." The motion must be brought within a reasonable time and not more than one year for limited purposes excluding this Court's discretion for "any other reason that justifies relief." Relevant factors include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

In the instant matter, plaintiffs have jointly brought their motion promptly upon this Court filing the order of dismissals for each of them in order to minimize the judicial impact of resolving identical issues. (Exhibit B, Orders.) While the timing of Merck delivering the stipulations to this Court was outside of their control, the NSPC plaintiffs elected to bring their motion jointly upon the final dismissal as motions practice before this Court in the Vioxx MDL has generally been concentrated to resolve analogous multiparty issues within a single motion (e.g., defendant's series of *Lone Pine* motions).

If the plaintiffs have erred in understanding this Court's preferences for coordinated MDL motions practice, the error was in good faith reliance on this prior litigation pattern.

With regard to the substance of their motion, this Court has considered a motion to vacate judgment for NSPC plaintiffs as discovery issue subject to this Court's broad discretion. (Exhibit A, Document 21463 [ordering compliance with PTO 17, sec. IV(D) for resolving discovery disputes].) Plaintiffs proceed accordingly in recognition that Rule 37(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a lawsuit with prejudice when a party fails to comply with a discovery order. However, dismissal with prejudice is the most extreme sanction and warranted only under limited circumstances:

> Because of the severity of this sanction, dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct.

*Coane v. Ferrara Pan Candy Company*, 898 F.2d 1030, 1032 (5th Cir. 1990). Moreover, the sanctioned conduct must be "attributable to the client rather than the attorney" and "the misconduct must substantially prejudice the opposing party and a lesser sanction must be an inefficacious deterrent."

Applying the *Coane* factors, the plaintiffs have complied by submitting their claims forms, releases and all available medical records. The only issue is whether they complied in accord with the Claims Administrator deadline timed months before any of their claims would have been substantively reviewed. No record of bad faith exists, nor have these plaintiffs previously been before this Court for violating any discovery order. The NSPC plaintiffs further lacked control over when their counsel received documents or when these documents were submitted. Additionally, no prejudice attaches to Merck

5

as the requested relief merely restores plaintiffs to the settlement program and, if the alternative V2100 re-entry process is employed, as discussed below, without any risk of additional liability as these re-entered claims would never return to litigation.

Finally, less extreme sanctions that fully address the NSPC plaintiff's deficiencies are readily available. Rule 37(b)(2)(A)(ii) would address the lack of submission by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" in the settlement process. An order applying Rule 37(b)(2)(A)(ii) would seamlessly compliment the Claims Administrator's pre-existing Form V2051 Notice of Incomplete Claims Package process.

This process permits the Claims Administrator, at the time of substantively reviewing a file, to determine that a claimant has provided insufficient documentation. (Exhibit C.) The claimant is permitted 14 days to submit corrective documentation. If the claimant does not, a Final Notice of Incomplete Claims Package is issued giving the claimant seven days to decide between being designated a Non-Submitting Program Claimant or having the claim reviewed based on all available records with a substantial points penalty. As the substantive review process provides for a mechanism to sanction incomplete claims submissions for similarly situated claimants, the sanction of dismissal for the 12 NSPC plaintiffs is unnecessarily extreme. Moreover, should plaintiff attempt to return their claims to litigation, the "future evidence stipulation" mirrors Rule 37(b)(2)(A)(ii) prohibitions on introducing new evidence. (Exhibit D.)

However, if this Court deems some sanction approximating a dismissal to be appropriate, the NSPC plaintiffs respectfully request consideration of the V2100 limited

re-entry process that the Claims Administrator previously used to process two dismissed claims. (Exhibit E.) The Claims Administrator advised of the V2100 process as follows:

> Claimants ("Re-Entry Claimants") may be permitted to re-enter the Settlement Program and proceed through the Claims Review Process *except that* if the Claims Administrator issues a Final Notice of Ineligibility on the claim under Section 2.5.6 of the Settlement Agreement, the Claimant shall have only the option of appeal to the Special Master under Section 2.6 of the Settlement Agreement and will not have the option of executing a Future Evidence Stipulation ("FES") under Section 2.7.3 of the Settlement Agreement.

This re-entry is expeditious, permitting only three days for response, and strongly mirrors Rule 37(b)(2)(A)(ii) in prohibiting future evidence and Rule 37(b)(2)(A)(v) in dismissing the case while granting the NSPC plaintiffs a partial review that has been accorded similarly situated dismissed plaintiffs.

The settlement process as administered by the Claims Administrator has evolved to include Rule 37-equivalent sanctions for incomplete claims packages at the time that substantive reviews are conducted. The NSPC plaintiffs were procedurally barred with the most extreme sanction when the lesser sanctions applied to all similarly situated claimants would suffice. The NSPC plaintiffs respectfully request that this Court vacate the order of judgment and reinstate their claims subject to for substantive review under the Form V2051 Notice of Incomplete Claims Package process and sanctions. Alternatively, if this Court believes that dismissal remains appropriate, the NSPC plaintiffs respectfully request that this Court reinstate their claims for substantive review under the Form V2051 Notice of Incomplete Claims Package process and subject to the V2100 process prohibition on returning to litigation.

## CONCLUSION

Based upon the foregoing, the NSPC plaintiffs respectfully request that this Court

vacate the order of dismissal and return their claims to the settlement program for substantive resolution. Alternatively, the NSPC plaintiffs respectfully request that this Court affirm the order of dismissal but restore their claims to the settlement program for substantive resolution under the V2100 limitation prohibiting a return to litigation. Finally, the NSPC plaintiffs respectfully request that this Court shorten time so that this motion may be heard contemporaneously with the September 17, 2009 motions.

DATED:   August 19, 2009

Respectfully submitted,

**CELLINO & BARNES, P.C.**

By: _____
Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020