A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX : MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION : SECTION: L
: JUDGE FALLON
: MAG. JUDGE KNOWLES

This document relates to:
   06-11115, Betty Pickett v. Merck & Co., Inc.

## ORDER

Currently pending before the Court is Plaintiffs' Motion for Relief from Judgment (Rec. Doc. 20864). The motion is presently set for hearing on July 31, 2009, at 9 a.m. Considering the requirements of Pretrial Order No. 17, paragraph IV(D), IT IS ORDERED that the hearing date for the motion is CONTINUED. The motion shall be reset for hearing following the August monthly status conference.

New Orleans, Louisiana, this 30th day of July, 2009.

*/s/ Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® <br> Product liability Litigation | * <br> * <br> * | MDL Docket No. 1657 |
| This document relates to: | * <br> * | SECTION L |
| Betty Pickett <br> v. <br> Merck & Co., Inc., et al. | * <br> * <br> * <br> * | JUDGE FALLON <br><br> MAGISTRATE JUDGE KNOWLES |
| Docket No. 2:06-cv-1115 | * <br> * | |

**********************************

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BETTY PICKET'S MOTION FOR RELIEF FROM JUDGMENT

**I.     PROCEDURAL BACKGROUND**

The instant action was filed on September 28, 2006, in the Court of Common Pleas of Lawrence County, Ohio (Case No. 06 PI 905). On October 26, 2006, Defendant Merck & Co., Inc. ("Merck"), filed its Answer. Also on October 26, 2006, Merck filed its Notice of Removal to the United States District Court for the Southern District of Ohio, Western Division (Case No. 1:06 CV 720). On November 29, 2006, the Judicial Panel on Multidistrict Litigation filed its Conditional Transfer Order relating to the instant action. The action was formally ordered transferred to the instant Multidistrict Litigation on December 27, 2006.

In accordance with Pretrial Orders 18(C) and 23 filed in the instant Multidistrict Litigation, Plaintiff served her completed Plaintiff Profile Form and attachments on August 2, 2007.[1] Attached to her Plaintiff Profile Form were sufficient medical records to document that Plaintiff suffered multiple episodes of myocardial ischemia and infarction while consuming Vioxx® between approximately 1998 and September 30, 2004 (the date the drug was withdrawn

---

[1] Copies of Betty Pickett's Plaintiff Profile Form and attachments are in the Appendix as Exhibit 1.

from the American market). Plaintiff supplemented the information and attachments to her Plaintiff Profile Form on October 30, 2007.[2]

On March 31, 2008, Plaintiff served upon the Vioxx® Settlement Program Claims Administrator her fully-executed enrollment forms.[3] At the request of the Claims Administrator, Plaintiff submitted to a corrected Stipulation of Dismissal With Prejudice on April 30, 2008.[4] Plaintiff again supplemented her enrollment forms at the request of the Claims Administrator on October 28, 2008.[5] Plaintiff again supplemented her enrollment forms at the request of the Claims Administrator on January 12, 2009.[6]

Beginning on August 11, 2008, Plaintiff's counsel initiated the first of numerous attempts to obtain copies of the records of the plaintiff's family physician, Arlene Basedow, D.O.[7] On October 28, 2008, Plaintiff's counsel also initiated attempts to obtain copies of the records of David A. Caraway, M.D., who had prescribed Vioxx® to Plaintiff.[8] Despite Plaintiff's counsel having paid for the copies of the requested records in advance, neither of the medical providers in question have produced their records relating to the plaintiff.

Plaintiff's counsel regularly checked the information posted on his Vioxx® Settlement Portal maintained by the Claims Administrator; however, on March 31, 2009 (the day after the Claims Administrator added a new function to the Vioxx® Portal to make it easier to look up the status of all clients at one time), it was observed by Plaintiff's counsel for the first time that the

---

[2] Plaintiff's October 30, 2007 supplement to her Plaintiff Profile Form is in the Appendix as Exhibit 2.
[3] Copies of Plaintiff's enrollment forms are in the Appendix as Exhibit 3.
[4] A copy of Plaintiff's corrected Stipulation of Dismissal With Prejudice is in the Appendix as Exhibit 4.
[5] Plaintiff's October 28, 2008 supplement to her enrollment forms is in the Appendix as Exhibit 5.
[6] Plaintiff's January 12, 2009 supplement to her enrollment forms is in the Appendix as Exhibit 6.
[7] Correspondence between Plaintiff's counsel and Dr. Basedow is in the Appendix as Exhibit 7.
[8] Correspondence between Plaintiff's counsel and Dr. Caraway is in the Appendix as Exhibit 8.

status of Plaintiff's claim was changed to "closed" for failing to timely disagree with the Claims Administrator's determination that Plaintiff is a "Non-Submitting Program Claimant." According to the Claims Administrator, a notice was posted on Plaintiff's counsel's portal on December 12, 2008, allegedly advising that Plaintiff had been determined to be a "Non-Submitting Program Claimant;" however, Plaintiff's counsel never observed such a posting, nor were any emails ever received from the Claims Administrator advising of such determination or that the time to appeal the determination expired on December 29, 2009.[9] The Claims Administrator asserts that such email notification was sent to Plaintiff's counsel on December 5, 2008; however, a search of all of the emails received by Plaintiff's counsel reveals no such emails having been received from the Claim Administrator.

On or about June 23, 2009, Merck filed the Stipulation of Dismissal With Prejudice, which Plaintiff had submitted to the Claims Administrator as part of her Vioxx® Settlement Program enrollment forms. On June 25, 2009, the Court signed and filed Merck's proposed Order of Dismissal With Prejudice, which had been submitted contemporaneously with the Stipulation of Dismissal With Prejudice.

II.   **LAW AND ARGUMENT**

FRCP 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), . . . not more than one year after the judgment, order, or proceeding was entered and taken.

---

[9] See the emails exchanged between the Claims Administrator and Plaintiff's Counsel on March 31, 2009, hard copies of which are in the Appendix as Exhibit 9.

Rule 60(b) "must be equitably and liberally applied to achieve substantial justice."[10] This rule, which allows the trial court to reopen a case, is:

> most liberally applied to default judgments; its main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. (Citations omitted.) The purpose of the motion is to permit the trial judge to reconsider such matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal.[11]

The U.S. Supreme Court has also decreed that the determination of whether one party's neglect to adhere to a deadline is excusable should take into account all relevant circumstances surrounding the delay.[12] Relevant factors include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[13]

The Court in the present case should order the plaintiff relieved from its June 25, 2009 Order of Dismissal With Prejudice, pursuant to FRCP 60(b)(1), (5) and/or (6), and order Plaintiff's claim returned to the Vioxx® Settlement Program. It is only because of mistake, inadvertence, surprise, and/or excusable neglect that Plaintiff did not timely appeal the Claims Administrator's determination that she was a non-submitting claimant. Plaintiff also respectfully submits that it is obvious error and/or a great injustice to dismiss her action with prejudice because of the refusal of her medical providers to cooperate in timely producing her records.

---

[10] *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980). Accord, *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965).
[11] *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977).
[12] See *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).
[13] Id. at 395, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74.

Indeed, Plaintiff and her counsel acted in good faith at all times while participating in the Vioxx® Settlement Program. Under such circumstances, it is simply not equitable to permit the final dismissal of the instant action to stand, the merits of Plaintiff's claims against the Vioxx® Settlement Program never having been considered. Ordering the instant action returned to the Vioxx Settlement Program also will result in little, if any, delay or impact on the Vioxx® products liability litigation. In fact, the present case is exactly the type the 5th U.S. Circuit Court of Appeals held in *Fackelman* to be most appropriate for FRCP 60(b). Accordingly, the Court should grant Plaintiff's 60(b) motion, ordering the present case relieved from the June 25, 2009 Dismissal With Prejudice and returned to the Vioxx® Settlement Program.

### III. CONCLUSION

For the forgoing reasons, and pursuant to FRCP 60(b)(1), (5) and/or (6), the Court in the present case should order Plaintiff, Betty Pickett, relieved from the Court's June 25, 2009 Order of Dismissal With Prejudice, and order Plaintiff's claim returned to the Vioxx® Settlement Program.

Respectfully submitted,

[signature]

ROBERT W. KERPSACK
Ohio Bar #0041851
ROBERT W. KERPSACK CO., LPA
655 Metro Place South, Suite 255
Columbus, OH 43017-5389
Telephone: (614) 766-2000
Facsimile: (614) 766-2005

*Attorney for Betty Pickett*

Dated: July 10, 2009

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of July, 2009.

ROBERT W. KERPSACK
Ohio Bar #0041851
ROBERT W. KERPSACK CO., LPA
655 Metro Place South, Suite 255
Columbus, OH 43017-5389
Telephone: (614) 766-2000
Facsimile: (614) 766-2005

*Attorney for Betty Pickett*