D

*Confidential Information*

| V2058 | FUTURE EVIDENCE STIPULATION<br>Date of Notice:<br>Deadline to Submit FES: |
|---|---|

### C. Signature by Claimant

A Claimant who is not deceased or legally incompetent must sign in this Section and indicate the date signed.

| Signature | | Date | ___/___/___<br>(month) (day) (year) |
|---|---|---|---|

### D. Signature by Representative Claimant

The authorized Representative acting for a deceased or legally incompetent Claimant who signed the Claimant's Release must sign in this Section. Fill in the name of the person acting as Representative and indicate the date signed. If the authorized Representative has changed since the Release was signed, the current authorized Representative must sign in this Section and you must attach to this Stipulation a copy of the Order, letters of administration, or other Court-issued document authorizing this Representative to act for the Claimant.

| Name | |
|---|---|
| Signature | |
| | Date ___/___/___ (month) (day) (year) |

### E. Notarization of Claimant's or Representative's Signature

I hereby certify that the person named above as the Claimant or Representative Claimant appeared on the date shown above and acknowledged under oath to my satisfaction that he/she: (a) is named and personally signed this document; and (b) signed, sealed and delivered this document as his or her act and deed.

| Signature | |
|---|---|
| Notary Public in and for the State of: | |
| Date Notary Commission Expires: | ___/___/___ (month) (day) (year) □ Check here if your Notary Commission has no expiration date under the law of your jurisdiction. |
| Place Notary Seal or Stamp in this Space: | |

### F. Mailing Address

Send this Stipulation and any required attachments to the Claims Administrator by US Mail or Overnight Delivery as follows:

*Mailing Address:*
Claims Administrator
P.O. Box 85031
Richmond, Virginia  23285-5031

*Delivery Address and Alternate Mailing Address:*
Claims Administrator
115 S. 15th Street, Suite 400
Richmond, Virginia  23219-4209

Do not e-mail or upload electronic images of this Stipulation to the Claims Administrator. You must send the original hard copy by mail or delivery.

*Confidential Information*

| V2058 | **FUTURE EVIDENCE STIPULATION** |
|---|---|
| | Date of Notice: |
| | Deadline to Submit FES: |

## Instructions

(1) The original of this Stipulation must be sent to the Claims Administrator postmarked or placed in the hands of a carrier on or before the Deadline to Submit FES shown above. The signatures on this Stipulation must be original. Facsimiles, photocopies, or pdf images will not be sufficient.

(2) Certain information in this Form has been pre-filled from information you provided in the claims process. Do not mark any changes to that information on this Form. If any of it seems incorrect to you, contact your CA Contact. Any changes to the pre-filled information will cause the Form to be rejected.

(3) You must fill out every space in this Stipulation. If a space does not apply to you, mark it "N/A." Any space left blank will cause your Stipulation to be rejected.

(4) The Claimant must sign this Stipulation in Section C below, or the Representative of a deceased or legally incompetent Claimant must sign in Section D. Any Stipulation without one of these signatures will be rejected.

(5) The signature must be dated on the date it was signed. A signature without a date will be rejected.

(6) This Stipulation must be notarized. The Notary section (Section E below) must be completely filled out and signed or the Stipulation will be rejected.

(7) Do not strike through, add to or otherwise alter anything in this Form. Any such attempted changes will cause the Form to be rejected.

(8) If a Stipulation is rejected, you will have to do a new one to replace it within 20 days after the date of the first notice of rejection.

(9) If you attempt to submit new evidence pursuant to Section B.5 below, you must do so on or before the Deadline to Submit FES shown above. **Submitting new evidence does not extend the Deadline to Submit FES.**

(10) Any attempt to submit new evidence pursuant to Section B.5 must be accompanied by a statement and documentation sufficient to establish a showing of due diligence and a good faith attempt to obtain the evidence before now. Such statement and documentation shall include, but is not limited to, a chronology of all contacts with the healthcare provider or pharmacy, copies of original document requests and all follow-up requests or correspondence, copies of any subpoenas issued, the dates of each contact or attempt, and the results of each contact or attempt. If you claim that you were unaware of the new evidence when submitting your claims package, you must explain the reasons why you were unaware and how you learned of the evidence.

(11) Pursuant to Pretrial Order No. 43, plaintiffs with cases pending in the United States District Court for the Eastern District of Louisiana as of November 9, 2007, must also produce within 30 days of serving a Future Evidence Stipulation on the Claims Administrator: 1) an Amended and Supplemental Plaintiff Profile Form, records requested therein, and executed Authorizations for Release of Records pursuant to Pretrial Order 18A, B or C, as applicable; and 2) a Rule 26(a)(2) case specific expert report from a medical expert. Pretrial Order 43 states that failure to comply with the terms of the order will result in the claim being dismissed with prejudice, except for good cause shown.

### A. Claimant Information

| Name | First | MI | Last | |
|---|---|---|---|---|
| SSN | | VCN | | |
| Law Firm | | | | |
| Primary Injury Claimed | | Secondary Injury Claimed | | |

*Confidential Information*

| V2058 | **FUTURE EVIDENCE STIPULATION**<br>Date of Notice:<br>Deadline to Submit FES: |
|---|---|

### B. Stipulation Terms

This Stipulation pertains to the Settlement Agreement ("the Agreement") dated November 9, 2007, incorporated herein by reference, including but not limited to the program for resolution of claims relating to the use of Vioxx described therein (generally and collectively referred to herein as the "Resolution Program" or "the Program").

I hereby stipulate and agree to the following:

1. I have received a determination from the Claims Administrator that I have not been found to be a Qualifying Program Claimant under the terms of the Agreement. I understand that the Claims Administrator has found under the terms of the Agreement that I [or the individual for whom I act as an agent or representative with respect to their claims, or as personal representative of their estate, or the individual with respect to whom I brought a derivative claim]: (a) did not experience a myocardial infarction ("MI" or heart attack), sudden cardiac death ("SCD"), or ischemic stroke, as those injuries are defined by the Agreement; and/or (b) did not have sufficient evidence to establish receipt of 30 Vioxx pills within a 60 day period as required by the Program; and/or (c) did not experience a MI, SCD or ischemic stroke within fourteen days of the last use of Vioxx as required by the Program. I further understand that the Gates Committee has not subsequently overturned the determination of the Claims Administrator, or otherwise deemed me to be a Qualifying Program Claimant.

2. I understand that I now have the option of (a) taking no further action under the Program; (b) seeking an appeal within the terms of the Program or (c) taking steps to exit from the Program under the terms of the Agreement.

3. By executing this Stipulation, I elect not to appeal the claim in the Program, and I understand that, under the terms of the Agreement, following the execution of this Stipulation, the Release and Stipulation of Dismissal I provided under the Agreement will be returned to me on or before Final Payments are made for the injury I alleged.

4. I further understand and specifically acknowledge and stipulate that if I should decide to pursue the claim outside of the Program, I may not make any allegations or introduce any evidence regarding: (a) Vioxx usage, including but not limited to the dose, duration, consistency of Vioxx usage, and/or alleged proximity of use of Vioxx to the date of alleged injury; (b) medical history; and/or (c) alleged injury, other than as were made and included in the Program through the Claims Package associated with my claim. I have reviewed the contents of the Claims Package associated with my claim and have certified its contents.

5. I further understand and stipulate that the limitations imposed under paragraph four, above, remain applicable even if I obtain new evidence or documentation after the date of this Stipulation. However, I also understand that if I do obtain new evidence and submit it to the Claims Administrator on or before the Deadline to Submit FES shown above, I can re-submit the claim to the Program in which case my claim will be reviewed by the Claims Administrator anew in accordance with the Program's criteria and procedures. New evidence will only be considered for the Program if the Claims Administrator determines that (i) I was not aware of the new evidence at the time I submitted my original claims package, or that I had made a diligent and good faith attempt to produce the new evidence as part of my original claims package, and (ii) the new evidence is material to a determination as to whether I meet the Program's Eligibility Requirements. Evidence is "material" only if it is sufficient to satisfy the Gates criteria as set forth in the Settlement Agreement. I also understand that, if my Release and Dismissal With Prejudice Stipulation has been returned to me by the Claims Administrator, I will be required to execute and deliver a new Release and Dismissal With Prejudice Stipulation, as well as all other materials required for Enrollment.

6. I stipulate that I will not attempt to introduce in any court of law or tribunal any evidence contrary to, or in addition to, the allegations, facts or records that were presented to the Program's Claims Administrator, as contained in my Claims Package, or allege an injury connected with Vioxx other than the injury or injuries I claimed through the Program, which is/are reflected in Section A of this Stipulation.