DANNY BELL #K-68611
F.S.P.     5/AB2/40
P.O. BOX 950
FOLSOM, CA 95763
(IN PRO PRIA PERSONIA)

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   AUG 1 7 2009

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX ) | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION ) | SECTION L. |
| ) | |
| THIS DOCUMENT RELATES TO: ) | JUDGE FALLON |
| DANNY BELL, 2:05-CV-01243 EEK DEK ) | Mag. JUDGE KNOWELS |

PLAINTIFF DANNY BELL, NOTICE AND MOTION FOR REQUEST FOR RELIEF
FROM JUDGMENT (F.R.Civ.P §60(b), REQUEST FOR REFORMATION OF CONTRACT
OR "REQUEST FOR TRIAL"

---

Plaintiff Danny Bell (Pro Se) Motions the Court in Response to Defendant's Merck & Co. Inc., et al, Claims Evaluation Processs' "denial Of Eligibility to proceed in the Settlement Program. the Claims Evaluation Process as incorporated by defendant Merck & Co. Inc., in behalf of Settlement Negotiation for all Defendants, has held in a dispositive finding that based on the Medical Records submission by Plaintifff Bell, that the Claims Administrator or the Gate Committee Review of the Medical Record Submission does not substantiates a finding of Primary or Secondary injury warranting Plaintiff Bell's eligibility to participate in the settlement program. (see EXHIBIT-A-)

Plaintiff Bell argues that, due to Inadvertence, mistake , neglect or Bad-Faith, the Claims Evaluation Process Administrators fails to concede Plaintiff Bell's claims of civil injury resulting from Inadequate Warnings, Personal injury and injury in fact, based on the Three Year consumption of Defendant's product, VIOXX by the Primary Care Provider Defendant Joseph Torruella M.D., has caused injury. The medical records displays plaintiff's more than three year consumption of VIOXX, Wherein the the failure to warn is a direct violation of the Food and Drug Administration rules which govern the responsibility of a manufacturer to make necessary changes that "add or strengthen" a warning to improve drug safety.

TENDERED FOR FILING
AUG 1 7 2009
U.S. DISTRICT COURT
Eastern District of Louisiana

Fee_____
Process_____
X  Dktd_____
X  CtRmDep_____
Doc No._____

Plaintiff is not an attorney, Plaintiff's claims of civil injury presented in his civil complaint, states plaintiff's continued inquiries as to the probability of whether it were indeed the drug VIOXX that caused the newly incurred shivering in plaintiff's heart, the new symptoms of pertension and Plaintiff's Anemia, are all resulting from Plaintiff's use of VIOXX. The Medical Technicians and Dr. Torruella the Primary Care Physician continually asserted that it were not the medication VIOXX that caused the symptoms I were experiencing. Had I known of the symptoms disclosed of Vioxx dangerousness before the Vioxx recall, I am asserted I would have sought less invasive treatment of my Ostheo Arthritis pain. I did complain to Dr. torruella of the excruciating experience I encountered the early morning hours of 4/1/2004. Currently Dr. Torruella, upon reviewing the medical files he prepared, stated he does not remember the complaints of that day and the reasons of my request to be taken off the drugg Vioxx,, neither did Dr. Torruella log the event in the medical file. It were based on said grounds that the Claims Evaluation Process Administrators "denied" my participation in the Settlement Program as an eligible claimant.;.. dispite my due diligence to cooperate and settle this litigation.

## JURISDICTION

Pursuant to the documents submitted, and the proceedings presently before the Court, this Honorable Court has jurisdiction.

**THE DISPOSITIVE FINDINGS BY THE DEFENDANT'S CLAIMS EVALUSTION PROCESS ADMINISTRATORS CREATES AN UNCONSCIONABLE CLAUSE IN THE NEGOTIATED SETTLEMENT WHICH EXPRESSLY LIMITS ACCEPTANCE TO THE TERMS OF THE NEGOTIATED SETTLEMENT, THEREBY MATERIALLY ALTERING THE NEGOTIATED SETTLEMENT CONTRACT. (UCC §§ 2-207(1),(2)(a),(b); 2-302(1),(2); 2-311))**

The Sixth - Amendment to the United States Constitution guarantees the right to a jury trial pursuant to dispositive issues of fact and law. The Fourteenth Amendment of the United States Constitution guarantees amongst other things, the right to due process of the laws.

Here, the defendant' Claims Evaluation Process Administrators has made specific inquiries for documentation for eligibility to receive compensation from the Negotiated Settlement after asserting to plaintiff that Plaintiff were indeed an Eligible Claimant to proceed in the Settlement Program and then made a finding based on the record that plaintiff does not qualify for eligibility for participation in the negotiated Settlement. Plaintiff Bell concede the conduct of the Claims Evaluation Process Administrators creates an unconscionable clause in the negotiated settlement by making additional terms in the settlement, which expressly limits acceptance to the terms of the offer which also materially alter the terms. Plaintiff argues, said conduct is violations of **UNIFORM COMMERCIAL CODE §§ 2-207(1),(2)(a)(b) and 2-302(1),(2).** It is unconscionable to think plaintiff would give up his right to jury trial for a Dispositive adjudication by parties who's interest are to allieviate as many eligible claimants as possible to lighten defendant's burden of liability.

Further, The UNIFORM COMMERCIAL CODE does not require a contract to be made invalid by the fact that it leaves particulars of performance to be specified by one of the parties. Plaintiff Bell, argues, the Claims Evaluation Process Administrators specific finding that injury is not found in the record is not made in good faith.**(see UCC §2-311)**

Plaintiff were only supplied with a document entitled **"DISCRIPTION OF SETTLEMENT AGREEMENT"** which exhibited the process and grounds the negotiated settlement were based on.

It were only after the Claims Administrator's finding that plaintiff Bell were ineligible to participate in the negotiated settlement program that the Claims Administrator alerted Plaintiff Bell that there were a **"MASTER SETTLEMENT AGREEMENT"** upon which the determination of plaintiff's claims of injury, and products usage would be based, after reviewing the medical record. Plaintiff Bell has made several request for the **"MSA"**, of which, -to date- Plaintiff Bell has not received.

In concerns the Contract Negotiated. On the date of December 12 2007, Plaintiff Bell received a letter from PLC stating an settlement agreement had been reached between parties counsel, that in order for the settlement to be activated, at least 85% of all eligible

3.

claimants must agree to particiption in the settlement program (some 47.000 claimants). the Plaintiff' Liaison Counsel submitted to plaintiff Bell a document entitled "DISCRIPTION OF SETTLEMENT AGREEMENT" (DSA). The "DSA" held that, sufficient numbers of eligible claimants from each of the following categories must agree to participate in the settlement program in order for the Program to be Activated:

    1. Vioxx Claimants alleging a heart attack or (Myocardial Infraction)

    2. Vioxx Claimants alleging a stroke (ischemic cerebrovascular event)

    3. Vioxx Claimants alleging 12 months Vioxx use.

The "DSA" require Eligible Claimants to submit documents (the claims package)

"A RELEASE and DISMISSAL stipulation and MEDICAL RECORDS documenting the injury (event records) and records of vioxx use, to be submitted by 7/1/2008.

In evalustion of said Claims Package documents. Defendant' Claims Evaluation Process Administrators, after reviewing the Medical Records submission by plaintiff Bell -an inmate in the Federally held Unconstitutional" California Department Of Corrections and Rehabilitations("CDCR").

It is the practice of medical staff at CDCR and Folsom Prison (wherein plaintiff is a ward) to not record in the medical record, complained of events." The Medical Staff only supply the record with the treatment received during the Doctors visit, or the prescribed medication received or discontinued. This practice has been held by a "THREE JUDGE COURT" to be unconstitutional. (see Case No.<u>Civ. 3:01-01351-TEH</u> United States Eastern & Southern District Court of California and the Ninth Circuit Court of Appeals.

In reaching the agreement to participate in the settlement program, all parties are bound by Uniform Commercial Code § 1-201,(11). Defendant Merck & Co. Inc., choose to represent settlement negotiations in behalf of all defendants. The Federal Courts do not find clearly established law just from the existence of Constitutional Amendments of which a plaintiff may rely, or from very general statements in case law about broad constitutional ideas. Instead, the plaintiff must show as much similarity as possible between the conduct, complained of and conduct that case law have held Unconstitutional. (**ANDERSON V. CREIGHTON, 483, U.S. 635, 639-640 (1987)**

Here, it is the exact conduct of procedure of Plaintiff custodian and Primary Care Provider, that the "THREE JUDGE COURT" panel of the United States Eastern District Court of California and the Ninth Circuit Courts of Appeals has held Unconstitutional. For the foregoing reasons Defendant Merck & Co. Inc., Claims Evaluation Process Administration's denial of eligibility fails to conceed Stare DECISIS. (**WYETH V. LEVINE, U.S. SUPREME COURT, NO. 06-1249, March 4, 2009;** COLEMAN V. SCHWARZENEGGER, THREE JUDGE COURT, NO. 3:01-cv-01351-TEH, AUGUST 4, 2009; ELDER V. HOLLOWAY, 114 S.CT. 1019,1021 (1994).,

further, without a Copy of the "MASTER SETTLEMENT AGREEMENT" Plaintiff could not know what a miocardial infraction or an ischemic cerbrovascular event is as defined by the Defendant' Claims evaluation process administrators, or the fact that plaintiff could claim both types of injuries.

For the foregoing reasons, this Honorable Court should intervene and consider the Reformation of the agreed upon Contract ("THE DISCRIPTION OF SETTLEMENT AGREEMENT") document (**EXHIBIT -B-**)due to the unconscionable alteration of the Contract by Defendant' Claims Evaluation Program, which made dispositive findings without affording plaintiff opportunity to rebut finding based on core criteria of the contract, not Disclosed to plaintiff Bell, is Fraud and a blatant denial of plaintiff' Sixth Amendment of the United States Constitution, right to dispositive determination of plaintiff; injuries by a jury approved by the Constitution. (ii) grant plaintiff Request For Trial,

The foregoing are presented in accord to the laws of perjury and are true and accurate to the best of my knowledge and belief.

RESPRCTFULLY SUBMITTED BY:

DATE AUGUST    2009            _____
                                DANNY BELL (PRO SE) PLAINTIFF



Danny Bell # K-18141
R.S.P  S/ABS/110
P.O. Box 950
Folsom, LA 95763

— CONFIDENTIAL —
LEGAL MAIL

CLERK OF COURT
UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF LOUISIANA
500 Poydras St  Rm. C-151
New Orleans, La  70130