UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *Maryilou Billard individually and as* | * | KNOWLES |
| *trustee of the estate of Dorothy Mack;* | * | |
| *2:07-cv-01394-EEF-DEK* | * | |
| *Dorothy Mack; 2:06-cv-02216_EEF-DEK* | * | |
| *Barbara Dick; 2:06-cv-02217-EEF-DEK* | | |
| *Rita Ersing; 2:06-cv-01187-EEF-DEK* | | |
| *Bernice Goodman; 2:06-cv-02216-EEF-DEK* | | |
| *Andrew J. Holmes; 2:06-cv-02198-EEF-DEK* | | |
| *Francisco Martinez; 2:06-cv-02211-EEF-DEK* | | |
| *Henry Minney; 2:06-cv-02213-EEF-DEK* | | |
| *Veda Woods individually and as trustee of the estate of James Moore; 2:08-cv-00327-EEF-DEK* | | |
| *Wanda Prezioso; 2:06-cv-02216-EEF-DEK* | | |
| *Nancy Schreck; 2:06-cv-02198-EEF-DEK* | | |
| *Effie Watson; 2:06-cv-02201-EEF-DEK* | | |
| *Betty Wilson; 2:06-cv-02209-EEF-DEK* | | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby opposes plaintiffs' Motion for Relief from Judgment. Each of the cases at issue was dismissed in full accordance with the terms agreed to when plaintiffs' enrolled in the Vioxx Resolution

989680v.1

Program. Here, each of the plaintiffs was determined to be a "Non-Submitting Program Claimant" ("NSPC") by the Claims Administrator because, even after receiving an extension until December 30, 2008, they did not timely submit the materials necessary for their claim to be substantively evaluated for "gates" and points determinations. In addition, in each of the cases the Claims Administrators' determination of NSPC status was appealed to the Special Master by counsel for plaintiffs. After consideration, the Special Master denied each of the appeals and the notice of those denials was posted on the Claims Administrator's portal *on April 13, 2009.*[1] Under the explicit terms of the Settlement Agreement, the Special Master's decision is final. The denial of the appeals terminated plaintiffs' rights in the Resolution Program and entitled Merck to file the Stipulation of Dismissal tendered upon entering the Resolution Program. Thereafter, Merck acted fully in accordance with its rights in filing the stipulations of dismissal with this Court.

Despite the fact that the cases received due consideration in compliance with the terms of the Resolution Program, plaintiffs now request that the judgments of dismissal be revoked, and that they be permitted to litigate their cases. Such a request is wholly without foundation and inimical to the finality of resolution of claims in the Resolution Program, and the contractual agreement entered into in enrolling in the Resolution Program. Plaintiffs alternatively request that they be permitted to re-enter the Resolution Program. That request is

---

[1] Therefore, in addition to the failure to submit timely Claims packages, plaintiffs have brought this motion more than four months after the Special Master denied their appeals. Counsel appears to complain that they did not receive an e-mail notifying them that the Special Master had ruled on the appeal. This Court has repeatedly emphasized, however, that it is counsel's obligation to monitor the portal established by the Claims Administrator for the management of claims. In any event, the Claims Administrator can attest that counsel did *also* receive an e-mail from the Claims Administrator at the time the Special Master ruled on their appeals which alerted them that important information had been posted to their portal. Indeed, the Claims Administrator can verify that two of the notices on the portal were opened on May 17 and 18, 2009; the remaining notices have *still* never been opened.

equally without foundation and would prejudice the timely conclusion of the Resolution Program and the final distribution of settlement funds to all claimants.

## Discussion

1.  On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program.  The requirements of that Program are set out in the Master Settlement Agreement ("Agreement" or "MSA").  By submitting an Enrollment Form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement.  *See* MSA § 1.2.4.

2.  Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal with Prejudice or otherwise unilaterally exit the Program.  *See* MSA § 1.2.3.

3.  As part of the settlement process, claimants must submit properly and fully executed Releases and Medical and Employment Record Authorization Forms, s*ee* MSA §§ 1.3.1, 1.2.2.1, as well as properly and fully executed Stipulations for Dismissal With Prejudice for filed (as opposed to tolled) cases.  *See* MSA § 1.2.2.1.

4.  In addition, claimants must submit to the Claims Administrator (BrownGreer LLP) complete Claims Packages, including all of the required pharmacy, medical and event records.  *See* MSA § 1.3.1.  The Settlement Agreement established July 1, 2008 as the deadline for submission of Claims Packages.  *Id*.  However, the Settlement Agreement built-in grace periods until December 30, 2008, to allow claimants and counsel to submit documents after July 1, 2008 if they had difficulty obtaining records from pharmacies or healthcare provides.   Under the terms of the Agreement, Program claimants who failed to submit records in compliance with

the terms of the Agreement ceased to have any further rights under the Program and became Non-Submitting Program Claimants ("NSPC").  *See* MSA § 1.5.  At that point, subject to a right of appeal to the Special Master, the MSA directs the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck which Merck may file or cause to be filed in any relevant action or proceeding.  *Id*.  The purpose of these provisions is to ensure that the payment of claims is not forestalled by those claimants who, after receiving notice, fail to abide by the terms of the Agreement and submit complete claims packages.

5. All of the plaintiffs at issue in this motion received a Final Notice of Claims Package Deficiency on November 6, 2008 advising them that they had not submitted a Claims Package.  *See* Ex. A hereto (Final Notices of Claims Package Deficiency).[2]  They were also advised in that notice that they could seek an extension of the November 30, 2008 deadline, with the notice explicitly stating that "***no deadline will be extended beyond December 30, 2008***." (emphasis in original).

6. Through its database, the Claims Administrator is able to monitor if and when counsel actually check their portal and whether they actually open the various notices that have been posted there.  On November 24, 2008, counsel viewed the November 6, 2008 notices for the first time. Thereafter, they requested the extension until December 30, 2008.

7. Although counsel submitted additional materials in December 2008 for each of the plaintiffs at issue in this motion, the materials submitted did not include the medical records required to be submitted with a Claims Package.  Such records are essential to a proper

---

[2] Ten of the twelve claimants, who enrolled earlier than the others, also received two additional  notices on August 29, 2008 and September 18, 2008 that they had failed to submit their claims packages.

evaluation of claims under the terms of the Program. As a result of the failure to abide by the Agreement and submit the necessary records, each of the plaintiffs received a Notice of Non-Submitting Program Claimant on January 10, 2009, advising them of their NSPC status, and of their right to appeal to the Special Master. *See* Ex. B hereto (Notices of Non-Submitting Program Claimant).

8. Each of the plaintiffs at issue in this motion appealed the determination that they were a NSPC to the Special Master. In each instance, that appeal was denied by the respective Special Master. *See* Ex. C (Notices of Special Master Ruling on Non-Submitting Program Claimant Appeal.)

9. Thus, in each case plaintiff received a notice of their deficiency, an extension of time to cure the deficiency, and an opportunity to appeal. It was only after the claimants repeatedly failed to honor their obligations under the Agreement that Merck exercised its right to file the stipulations of dismissal for each of the cases in this Court.

10. Plaintiffs' motion incorrectly characterizes the dismissal of their claims in this action as a discovery sanction, and argues that such a sanction is too severe. *See* Plaintiffs' Motion at 5. Plaintiffs argue, *inter alia*, that they have not previously been the subject to any discovery sanction motions in this litigation. *Id*. The dismissals here, however, were not at all a matter of discovery sanctions. They are, instead, a matter of contract arising from the plaintiffs' agreement to participate in the Vioxx Resolution Program. As the Court is well aware, given that the Resolution Program involves a fixed fund which must be allocated among qualifying claimants, the payment of any claimant is dependent upon finalizing the evaluation of *all* claims. There is not, and cannot be, unlimited time for participants to provide the materials necessary for

- 5 -

a claim to proceed and be evaluated.[3]  The plaintiffs' failure to comply with the deadline to provide the materials needed for claims evaluation simply extended beyond the eleventh hour. Citing the numerous opportunities that have already been given to them in the past to supply materials or correct errors, it appears that plaintiffs' counsel simply want the opportunity to do so to remain open ended.[4]  To grant plaintiffs request to remain in the Program so that they can submit records that are long past due would thwart the expectations of other claimants to receive timely payments; to allow plaintiffs to ignore the terms of the Agreement and pursue their claims outside the Program would prejudice Merck; and, finally, any action overturning the Special Masters' rulings would render the finality accorded these decisions meaningless.

---

[3]    There is much more involved than even just the substantial time required for the Claims Administrator to review the materials submitted.  For example, adequate time must be provided for the Gates Committee to review gates failures, and for the Special Master to review appeals from both gates failures and points determinations.  None of this can be accomplished without enforcing the deadlines for Claims Package submission.

[4]    Plaintiffs also mistakenly seek to analogize themselves to those claimants who executed a "V2100" with the Claims Administrator, noting that those claimants continued to participate in the Resolution Program.  The situation of those claimants, however, is wholly different.  Those claimants had deficiencies with their releases or stipulations of dismissal, with the deficiencies belatedly corrected after dismissal of their case.  The issue was not deficiencies with their Claims Packages.  Their deficiencies did not interfere with the Claims Administrator's ability to evaluate and finalize points determinations for all claimants.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

    Attorneys for Merck & Co., Inc.

989680v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Motion to Alter Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of August, 2009.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

989680v.1