UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX ) | MDL NO. 1657 |
| Products Liability Litigation ) | |
| ) | SECTION: L |
| This Document Relates to: ) | |
| ) | HON. ELDON E. FALLON |
| STATE OF LOUISIANA, *ex rel.* ) | |
| JAMES D. CALDWELL, ) | MAG. JUDGE KNOWLES |
| ATTORNEY GENERAL ) | |
| Representative Plaintiff ) | |
| ) | |
| versus ) | |
| ) | |
| MERCK & CO., INC., ) | |
| Defendant ) | |
| ) | |
| Case No. 05-3700 ) | |
| ) | |

**PLAINTIFF ATTORNEY GENERAL JAMES D. CALDWELL'S RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Now comes Plaintiff, Attorney General James D. Caldwell, ("Plaintiff") and responds to Defendant Merck & Co., Inc. ("Defendant's") Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Plaintiff's responses and objections to these Interrogatories are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's response to all or any part of the Interrogatories should not be taken as an admission that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Interrogatories; or (2) Plaintiff has

1

in his/her possession, custody or control documents responsive to that Interrogatory; or (3) documents responsive to that Interrogatory exists. Plaintiff's response to all or any part of any Interrogatory is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his/her objection(s) to that Interrogatory.

Plaintiff and his/her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## **GENERAL OBJECTIONS**

1. Plaintiff objects to these Interrogatories to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Louisiana or any applicable scheduling order, case management order or other ruling of the Court.

2. Plaintiff objects to these Interrogatories to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

3. Plaintiff objects to these Interrogatories to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or

protective orders, the medical records privileges of Louisiana or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4. Plaintiff objects to these Interrogatories to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5. Plaintiff objects to these Interrogatories to the extent they seek information not available or known to Plaintiff.

6. Plaintiff objects to these Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7. Plaintiff objects to these Interrogatories to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8. Plaintiff objects to these Interrogatories to the extent they are vague, ambiguous, or incomprehensible, requiring Plaintiff to engage in conjecture as to their meaning.

9. Plaintiff objects to these Interrogatories to the extent that they seek information and documents from a time period that is overly broad.

10. Plaintiff objects to these Interrogatories to the extent they seek information or documents regarding drugs other than Vioxx. As such, these requests are overly broad, unduly burdensome and seek information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence. Plaintiff will only produce documents or information regarding Vioxx.

11. Plaintiff objects to these Interrogatories to the extent that they seek information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

12. Plaintiff objects to these requests to the extent they seek information that contains proprietary or confidential business information.

13. Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to these Interrogatories. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's Interrogatories is accurate or complete.

14. Plaintiff objects to the Interrogatories to the extent they purport to require Plaintiffs to disclose or produce documents concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

15. Plaintiff reserves its right to make additional objections to these Interrogatories and to supplement them and amend them as discovery continues.

16. All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

17. Plaintiff objects to these Interrogatories to the extent they constitute premature contention interrogatories. Production of such information, at this time, could irreparably prejudice

Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

## RESPONSES TO INTERROGATORIES

### Interrogatories Relating to the Administration of the Government Health Program

**Interrogatory Number 1:** Do You maintain any databases or other electronically stored information containing Documents Relating to prescriptions for Vioxx and Relevant Drugs that were written and/or filled for Beneficiaries by Healthcare Professionals and other medical treatment provided to Beneficiaries? If your response is anything other than an unequivocal "No," Identify all fields in Your databases or other electronically stored information from January 1, 1998 to the present.[1]

**Response:**

Yes, Plaintiff will produce an excel spreadsheet with the data fields for the Unisys database.

**Interrogatory Number 2:** If Your response to Interrogatory Number 1 is anything other than an unequivocal "No," Identify the Person(s) most knowledgeable about maintaining, updating, repairing, or otherwise servicing the databases or other electronically stored information You described in the response, whether that/those Person(s) be a present or former employee of Yours, a consultant, or a third party with whom You have contracted to provide services to You.

**Response:**

Jeff Raymond, employee of Unisys Corporation, which is a contractor for DHH.

**Interrogatory Number 3:** Identify all Persons responsible for deciding whether to place Vioxx and Relevant Drugs on the Formulary from January 1, 1998 to the present.

---

[1] Please see Instruction Number 12 before responding to this Interrogatory.

**Response:**

From January 1998 until 2001, DHH had an open formulary and DHH paid for drugs in which the drug manufacturer participated in the Federal Drug Rebate Program, the drug was not in one of the drug categories listed in the OBRA 90 excluded drug list as a category that does not have mandatory coverage by the state and the drug was not a DESI drug.

In 2001 the P&T Committee was established by with Act 495 of the 2001 Regular Legislative Session.  Act 495 created the P&T Committee, which reviews clinical and financial information of certain therapeutic drug classes.  From their review of therapeutic drug class information, the P&T Committee makes recommendations to DHH for which drugs in the therapeutic class require Prior Authorization.  The PDL/PA process is in addition to the drug coverage criteria listed above. Plaintiff will produce a list of P&T Committee members.

**Interrogatory Number 4:** Identify all Relevant Drugs Including Vioxx that have been placed on the Formulary from January 1, 1998 to the present, and Identify the dates that each such drug was on the Formulary.

**Response:**

Plaintiff will produce Preferred Drug Lists that contain responsive information.

**Interrogatory Number 5:** Identify whether Vioxx and any of the Relevant Drugs were placed by You on any lists of preferred drugs, preferences or other tiers, or were subject to prior authorization, co-pay, step therapy, or other requirements, or were exempted from any such lists or requirements, and Identify the dates that each such drug was subject to such preferences and requirements.

**Response:**

Plaintiff will produce Preferred Drug Lists that contain responsive information, which began in 2001.  If a drug is not on the list, it required prior authorization during that time

6

period. Prior to 2001, Louisiana Medicaid had an open formulary.

**Interrogatory Number 6:** Have You implemented any methods for restricting or limiting Coverage of prescription drugs for Beneficiaries between January 1, 1998 and the present, Including prior authorization requirements, lists of preferred drugs, sub-categories of lists of preferred drugs, tiers or other preferences, exclusions, step therapy requirements, or co-payments that are applicable to Relevant Drugs? If Your response is anything other than an unequivocal "No," Identify all such methods and Identify the dates during which time those requirements were or have been in place.

**Response:**

The Preferred Drug List/Prior Authorization (PDL/PA) process was established with Act 495 of the 2001 Regular Legislative Session. Act 495 created the P&T Committee, which reviews clinical and financial information of certain therapeutic drug classes.

**Interrogatory Number 7:** Identify any and all drugs for which You have restricted or limited Coverage for Beneficiaries because they were required by the Food and Drug Administration to carry a black box warning from January 1, 1998 to the present.

**Response:**

None.

**Interrogatory Number 8:** Identify all Persons responsible for analyzing the clinical risks and benefits of Vioxx and Relevant Drugs and for conducting or reviewing drug utilization studies for the Government Health Program from January 1, 1998 to the present, Identifying the time periods for which they have provided such services.

7

**Response:**

Provider Synergies (2002 to the present)
Steve Liles
5181 Natorp Blvd., Suite 205
Mason, OH 45040
(513) 774-8500

University of Louisiana – Monroe, College of Pharmacy (2001 to the present),
700 University Ave
Monroe, LA 74209
(318) 342-3801
Contact: Dr. Stephen Richters

**Interrogatory Number 9:** Identify all members of Your P & T Committee from January 1, 1998 to the present, Identifying the dates of their service.

**Response:**

Please see Response to Interrogatory #3.

**Interrogatory Number 10:** Identify all present or former Merck employees or Persons acting on Merck's behalf that You allege provided false or misleading information upon which You relied, and Identify with specificity what information they provided, to whom they provided it, how they provided it, and when they provided it.

**Response:**

Plaintiff objects to this Interrogatory to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information. Plaintiff objects to these Interrogatories to the extent they constitute premature contention interrogatories. Production of such information, at this time, could irreparably prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose

8

other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

**Interrogatory Number 11:**   Identify all present or former Merck employees or Persons acting on Merck's behalf that You allege fraudulently concealed or failed to disclose material information that Merck had a duty to disclose to You, and Identify with specificity what material information they concealed/failed to disclose, from whom they concealed/failed to disclose it, how they concealed/failed to disclose it, and when they concealed/failed to disclose it.

**Response:**

Please see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 12:**   Identify each of the factual allegations in Your complaint that you contend constituted misrepresentations by Merck to You.

**Response:**

Please see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 13:**   Identify all Persons who have participated in the negotiation of Your supplemental rebate agreements with pharmaceutical manufacturers Relating to Vioxx and Relevant Drugs between January 1, 1998 and the present, if any.

**Response:**

Louisiana Medicaid did not have supplemental rebates until 2001.  Since that time, Provider Synergies has negotiated the supplemental rebate agreements on behalf of Louisiana Medicaid.

**Interrogatory Number 14:**  To the extent they Relate to Vioxx and Relevant Drugs, Identify all Persons who, from January 1, 1998 to the present, have had Communications with the Government Health Program Relating to:  the creation or maintenance of databases or other electronically stored information; decisions Relating to which drugs should be placed on the Formulary for the

9

Government Health Program and their clinical risks and benefits; drug utilization studies; and rebates, discounts, or other price concessions from pharmaceutical manufacturers.

**Response:**

Provider Synergies, Unisys Corporation, ULM College of Pharmacy

**Interrogatories Relating to Damages You Seek**

**Interrogatory Number 15:** State the types of damages You seek to recover in this lawsuit and state with specificity the factual and legal basis for each such claim for relief, the amount of damages You seek under each claim for relief, the factual basis for how You calculate the amount of damages You seek for each claim for relief, and the amount of money, if any, You have received as a result of any settlement Relating to Vioxx.

**Response:**

Please see Plaintiff's Second Amended and Supplemental Complaint. Please see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 16:** Do You seek to recover from Merck expenditures made by You to pay for Vioxx prescriptions for Beneficiaries? If Your response is anything other than an unequivocal "No," state the amount of money You seek, whether any part of that amount was paid by any other federal, state, or local government entity, the amount paid by such entities (if any), and the amount subject to rebate payments, discounts, or price concessions (if any).

**Response:**

Yes, Plaintiff will produce claims data with responsive information. Please see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 17:** Identify the number of reimbursements made by the Government Health Program for Vioxx and Relevant Drugs for each year since January 1, 1998, and Identify

10

the prices reimbursed for each such Relevant Drug, itemizing the prices by date if they varied over time.

**Response:**

Please see Plaintiff's Response to Interrogatory number 16.

**Interrogatory Number 18:** Identify the number of reimbursements made by the Government Health Program for Proton Pump Inhibitors for each year since January 1, 1998, and Identify the prices reimbursed for each such Proton Pump Inhibitor, itemizing the prices by date if they varied over time.

**Response:**

Plaintiff will produce claims data containing responsive information.

**Interrogatory Number 19:** Do You seek to recover from Merck the cost of treating alleged Vioxx-related injuries suffered by Beneficiaries? If Your response is anything other than an unequivocal "No," Identify each such affected Beneficiary, Identify the injury he or she allegedly suffered, and state with specificity each legal basis You contend supports Your claim for relief, the types and amount of damages You seek to recover, the factual basis for how You calculate that amount, and the amount of money You spent for medical treatment of such injuries.

**Response:**

No.

**Interrogatory Number 20:** Do You seek to recover from Merck damages on behalf of Persons whom You contend individually have claims against Merck for the purchase of Vioxx by virtue of Your status as *parens patriae* or as a representative plaintiff? If Your response is anything other than an unequivocal "No," Identify each such Person, and state with specificity each legal

11

basis You contend supports Your claim for relief on their behalf, the types and amount of damages You seek to recover on their behalf, and the factual basis for how You calculate that amount.

**Response:**

Yes, Plaintiff will produce claims data containing responsive information. Please also see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 21:** Do You seek to recover damages on behalf of a government entity by virtue of Your status as a *qui tam* plaintiff, relator, taxpayer, or informer? If Your response is anything other than an unequivocal "No," state with specificity each legal basis You contend authorizes You to bring and proceed with this lawsuit, the types and amount of damages You seek to recover on the government's behalf, and the factual basis for how You calculate that amount.

**Response:**

No.

**Interrogatory Number 22:** Do You seek disgorgement and/or restitution of funds Merck obtained as a result of the sale of Vioxx? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the amount of money You seek, and the factual basis for how You calculate that amount.

**Response:**

Please see Plaintiff's Response to Interrogatory number 16.

**Interrogatory Number 23:** Do You seek punitive and/or exemplary damages from Merck? If Your response is anything other than an unequivocal "No," state with specificity each legal basis

under which You contend You are entitled to such relief, the amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:**

Please see Plaintiff's Response to Interrogatory number 15.

**Interrogatory Number 24:** Do You seek to recover statutory penalties from Merck? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the amount of such penalties You seek, and the factual basis for how You calculate that amount.

**Response:**

Please see Plaintiff's Response to Interrogatory number 15.

**Interrogatory Number 25:** Do You seek to recover damages Relating to costs incurred by any self-insured health, welfare or benefit plans? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the types and amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:**

No.

**Interrogatory Number 26:** Do You seek to recover any other relief, either monetary or injunctive, that is not covered in any other Interrogatory? If Your response is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such relief, the types and amount of such damages You seek, and the factual basis for how You calculate that amount.

**Response:**

Please see Plaintiff's Response to Interrogatory number 15.

**Interrogatory Number 27:** Do You seek to recover attorneys' fees from Merck? If Your answer is anything other than an unequivocal "No," state with specificity each legal basis under which You contend You are entitled to such fees and Identify the amount You seek.

**Response:**

Please see Plaintiff's Response to Interrogatory number 15.

**Interrogatory Number 28:** Were any of the expenditures You seek to recover paid for, in whole or in part, by any private sector or other government entities or programs besides You (Including administrative services only entities, healthcare insurance providers, health, welfare or benefit plans, Pharmacy Benefit Managers, the federal government, states, counties, or cities)? If Your response is anything other than an unequivocal "No," Identify each such entity or program, and state the amount paid to You by each such entity or program.

**Response:**

No.

**Interrogatory Number 29:** Is the Government Health Program administered by, in whole or in part, any private sector or other government entities or programs besides You (Including administrative services only entities, healthcare insurance providers, health, welfare or benefit plans, Pharmacy Benefit Managers, the federal government, states, counties, or cities)? If Your response is anything other than an unequivocal "No," Identify each such entity or program and state the amount You paid each such entity or program.

**Response:**

No.

**Interrogatory Number 30:** Identify the amount of money You spent annually treating gastrointestinal bleeds or perforated ulcers Relating to Beneficiaries who were prescribed non-Cox-2 NSAIDs from January 1, 1998 to the present.

**Response:**

Plaintiff does not possess this information.

**Interrogatory Number 31:** Identify the amount of money You spent annually for Vioxx and each of the Relevant Drugs prescribed for Beneficiaries for each year since January 1, 1998 to the present.

**Response:**

Plaintiff will produce claims data with responsive information.

**Interrogatory Number 32:** Identify the total amount of money the Government Health Program spent annually on Vioxx prescriptions for each year since January 1, 1998 to the present.

**Response:**

Plaintiff will produce claims data with responsive information.

**Interrogatory Number 33:** Identify the total amount of money the Government Health Program spent annually on Celebrex prescriptions for each year since January 1, 1998 to the present.

**Response:**

Plaintiff will produce claims data with responsive information.

**Interrogatory Number 34:** Identify the amount of money the Government Health Program spent annually on the concomitant use of Proton Pump Inhibitors with the Relevant Drugs by Beneficiaries for each year since January 1, 1998 to the present.

**Response:**

Plaintiff will produce claims data with responsive information.

**Miscellaneous Interrogatories**

**Interrogatory Number 35:**  Do you now, or have You previously operated or participated in any joint programs, educational programs, or symposia, or entered into any agreements with any medical school, pharmacy school, medical association, medical organization, or medical specialty society Relating to decisions about Your Formulary?  If Your response is anything other than an unequivocal "No," Identify all Persons with whom You have had Communications Relating to such joint programs and agreements.

**Response:**

No.

**Interrogatory Number 36:**  Identify all expert witnesses You intend to use at trial, Including their likely testimony.

**Response:**

Please see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 37:**  Identify all fact witnesses You intend to call at trial, Including their likely testimony.

**Response:**

Please see Plaintiff's Response to Interrogatory number 10.

**Interrogatory Number 38:**  Have You put in place a legal hold to ensure the preservation of all relevant Documents and information Relating to Your lawsuit? If so, Identify the date that hold was put in place.

**Response:**

Yes, September 2006.  Plaintiff is unsure of the specific date.

Plaintiffs' Liaison Counsel files this as an accommodation and for the benefit of Government Action Plaintiffs and pursuant to Pretrial Order No. 2.

                                                  Respectfully submitted,

                                                  /s/ Russ M. Herman

                                                  _____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| **Dawn Barrios**<br>BARRIOS, KINGSDORF & CASTIEX, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139-3650<br>Tel: (504) 524-3300<br>Fax: (504) 524-3313<br>dbarrios@bkc-law.com<br>**State Liaison Counsel** | **H. Vincent McKnight**<br>ASHCRAFT & GEREL, LLP<br>2000 L Street, N.W., Suite 400<br>Washington, D.C.20036<br>Tel: (202) 783-6400<br>Fax: (202) 416-6392<br>vmcknight@ashcraftlaw.com<br>**Representing the District of Columbia in a Taxpayer Representative Capacity** |
| **Sheila Bossier**<br>BOSSIER & ASSOCIATES, PLLC<br>1520 North State Street<br>Jackson, Mississippi 39202<br>Tel: (601) 352-5450<br>Fax: (601) 352-5452<br>sbossier@bossier-law.com<br>**Representing the State of Mississippi** | **Diane Paolicelli**<br>LEVY PHILLIPS & KONINGSBERG, LLP<br>800 Third Ave. 13th Floor<br>New York, NY 10022<br>Tel: (212) 605-6250<br>Fax: (212) 605-6290<br>dpaolicelli@lpklaw.com<br>**Representing the New York Counties of Chautauqua, Erie, and Orange** |

| | |
|---|---|
| **Elizabeth J. Cabraser**<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, Suite 3000<br>San Francisco, CA 94111-3339<br>Tel:  (415) 956-1000<br>Fax:  (415) 956-1008<br>ECABRASER@lchb.com<br>**Representing the Plaintiffs Steering Committee Purchase Claims Committee**<br><br>**James R. Dugan, II**<br>MURRAY LAW FIRM<br>650 Poydras Street, Suite 2150<br>New Orleans, LA 70130<br>Tel: (504) 648-0180<br>Fax:(504) 648-0181<br>jdugan@dugan-lawfirm.com<br>**Representing the State of Louisiana**<br><br>**Randall M. Fox**<br>OFFICE OF ANDREW M. CUOMO,<br>NEW YORK STATE ATTORNEY<br>GENERAL<br>Office of the Attorney General, Medicaid Fraud Unit<br>120 Broadway – 13th Floor<br>New York, NY 10271<br>Tel: (212) 417-5390<br>Fax: (212) 417-5335<br>randall.fox@oag.state.ny.us<br>**Representing the State of New York**<br><br>**Seth R. Lesser**<br>KLAFTER OLSEN & LESSER LLP<br>1250 Connecticut Ave., N.W., Suite 200<br>Washington, DC 20036<br>Tel: (202) 261-3553<br>Fax: (202) 261-3533<br>slesser@klafterolsen.com<br>**Representing the County of Santa Clara, California** | **Bill Rossbach**<br>ROSSBACH HART BECHTOLD, PC<br>401 North Washington Street<br>P.O. Box 8988<br>Missoula, Montana 59807<br>Tel: (406) 543-5156<br>Fax: (406) 728-887<br>bill@rossbachlaw.com<br>**Representing the State of Montana**<br><br>**Shelly Sanford**<br>SANFORD BARLOW, LLP<br>2016 Bissonnet Street<br>Houston, TX 77005<br>Tel: (713) 524-6677<br>ssanford@sanfordbarlow.com<br><br>**Mark C. Schultz**<br>COHEN, PLACITELLA & ROTH<br>2001 Market St., Suite 2900<br>Philadelphia, PA 19103<br>Tel: (215) 567-3500<br>mschultz@cprlaw.com<br>**Representing the Commonwealth of Pennsylvania**<br><br>**Pam Slate**<br>SLATE KENNEDY, LLC<br>One Commerce Street, Suite 850<br>Montgomery, Alabama 36104<br>Tel: (334) 262-3300<br>Fax: (334) 262-3301<br>pslate@slatekennedy.com |

| | |
|---|---|
| **John Low-Beer**<br>NEW YORK CITY LAW DEPARTMENT<br>Affirmative Litigation Division<br>100 Church Street<br>New York, NY 10007<br>Tel: (212) 788-1007<br>JLowBeer@law.nyc.gov<br>**Representing the City of New York** | **James D. Young**<br>OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA<br>Office of the Attorney General, Special Counsel<br>1300 Riverplace Blvd, Suite 405,<br>Jacksonville, Florida 32207<br>Tel: (904) 348-2720<br>Fax: (904) 858-6918<br>james.young@myfloridalegal.com<br>**Representing the State of Florida** |

**PROPOSED CO-CHAIRS AND COMMITTEE MEMBERS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 6th day of July, 2009.

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Ave.
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
rherman@hhkc.com