UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | ) | MDL NO. 1657 |
| Products Liability Litigation | ) | |
| | ) | SECTION: L |
| This Document Relates to: | ) | |
| | ) | HON. ELDON E. FALLON |
| STATE OF LOUISIANA, *ex rel*. | ) | |
| JAMES D. CALDWELL | ) | MAG. JUDGE KNOWLES |
| ATTORNEY GENERAL | ) | |
| Representative Plaintiff | ) | |
| | ) | |
| versus | ) | |
| | ) | |
| MERCK & CO., INC., | ) | |
| Defendant | ) | |
| | ) | |
| Case No. 05-3700 | ) | |
| _____ | ) | |

## PLAINTIFF ATTORNEY GENERAL JAMES D. CALDWELL'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes Plaintiff Attorney General James D. Caldwell ("Plaintiff") and responds to Defendant Merck& Co., Inc. ("Defendant's") Second Request for Production of Documents as follows:

## PRELIMINARY STATEMENT

Plaintiff's responses and objections to these Document Requests are made for the sole purpose of this litigation. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, which objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. Plaintiff's response to all or any part of the Document Requests should not be taken as an admission

that: (1) Plaintiff accepts or admits the existence of any fact(s) set forth in or assumed by the Document Request; or (2) Plaintiff has in his/her possession, custody or control documents responsive to that Document Request; or (3) documents responsive to that Documents Request exists. Plaintiff's response to all or any part of any Document Request is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of his/her objection(s) to that Document Request.

Plaintiff and his/her counsel have not completed (1) investigation of the facts relating to this case, (2) discovery in this action, or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore are limited by, Plaintiff's present knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiff objects to these requests to the extent they are inconsistent with, or seek to impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Louisiana or any applicable scheduling order, case management order or other ruling of the Court.

2.      Plaintiff objects to these requests to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation

of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.

3.     Plaintiff objects to these requests to the extent they seek information that is confidential or private in nature, that is covered by third-party confidentiality agreements or protective orders, the medical records privileges of Louisiana or the state in which the patients and records are located, the Health Information Portability and Accountability Act of 1996, 29 U.S.C. §§ 1181, et seq. ("HIPPA"), the Federal Privacy Rule, 45 C.F.R. §§ 160, 164, Rule 26 of the Federal Rules of Civil Procedure, or any other applicable privilege, rule or doctrine.

4.     Plaintiff objects to these requests to the extent they purport to request information that is not relevant to the claims or defenses of the parties, nor reasonably calculated to lead to the discovery of admissible information.

5.     Plaintiff objects to these requests to the extent they seek information not available or known to Plaintiff.

6.     Plaintiff objects to these requests to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7.     Plaintiff objects to these requests to the extent they seek information that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the Plaintiff or others.

8.     Plaintiff objects to these requests to the extent they are vague, ambiguous, or incomprehensible, requiring Plaintiff to engage in conjecture as to their meaning.

9.     Plaintiff objects to these requests to the extent that they seek documents from a time period that is overly broad.

10.    Plaintiff objects to these requests to the extent they seek information or documents regarding drugs other than Vioxx.  As such, these requests are over broad, unduly burdensome and seek information or documents that are neither relevant to this action nor likely to lead to discovery of admissible evidence.  Plaintiff will only produce documents or information regarding Vioxx.

11.    Plaintiff objects to these requests to the extent they call for the production of documents in a mutually agreeable place. Plaintiff reserves the right to produce all documents kept in its ordinary course of business.

12.    Plaintiff objects to these requests to the extent that they seek information or documents that are already in Defendant's possession, custody or control, or are equally available to Defendant.

13.    Plaintiff objects to these requests to the extent they seek information that contains proprietary or confidential business information.

14.    Plaintiff reserves until the time of trial all objections as to the relevance or admissibility of any information provided in response to this request. The supplying of any information contained herein does not constitute an admission by Plaintiff that such document or information is relevant or admissible or that any statement or characterization in Defendant's requests is accurate or complete.

15.    Plaintiff objects to these requests to the extent they constitute premature contention interrogatories and/or requests for production.  Production of such information, at this time, could irreparably prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties.

16.     Plaintiff objects to the Document Requests to the extent they purport to require Plaintiffs to disclose or produce documents concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

17.     Plaintiff reserves its right to make additional objections to these requests and to supplement them and amend them as discovery continues.

18.     All responses given below incorporate the above General Objections and no response given by Plaintiff shall be deemed to constitute a waiver of any such objections.

19.     A response by Plaintiff that it "will produce documents responsive to this request" means that Plaintiff will produce those documents in its possession, custody, or control, but does not constitute statements that (a) Plaintiff has completed its review of documents; (b) Plaintiff has the documents in its possession, custody, or control; or (c) any such documents exist.

## RESPONSES TO REQUESTS FOR PRODUCTION

### Requests Relating to the Administration of The Government Health Program

**Request Number 1:** Produce Documents describing all databases or other electronically stored information You use to record or analyze prescriptions for drugs and other medical

treatment paid for or reimbursed by the Government Health Program, Including Documents Identifying all data fields contained within those databases.[1]

**Response:**

Plaintiff will produce an excel spreadsheet with the data fields for the Unisys database.

**Request Number 2:**  If Your response to Interrogatory Number 1 is anything other than an unequivocal "No," produce Documents Relating to the Person(s) Identified in Your response to Interrogatory Number 2 that Relate to facts implicated in Your lawsuit, Documents Relating to Communications between You and that/those Person(s) that Relate to facts implicated in Your lawsuit, and any other Documents that Relate to Your response to Interrogatory Number 2.

**Response:**

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection. Plaintiff will not produce such information.  Subject to and without waiving the foregoing objections, no responsive non-privileged documents exist.

**Request Number 3:**  If Your response to Interrogatory Number 6 is anything other than an unequivocal "No," produce Documents Relating to the methods Identified in Your response, and any other Documents that Relate to the response.

**Response:**

---

1 Please see Instruction Number 14 before responding to this Request.

Please see the Pharmacy Rules, State Plan previously produced, and Plaintiff will produce the Medicaid PA process provided to Medicaid providers in regards to the Prior Authorization process.  Also please see La R.S. 46:153.3, which created the P&T Committee and allowed for the prior authorization process.

**Request Number 4:**  Produce organizational charts of the entities that manage or administer the Government Health Program from January 1, 1998 to the present.

**Response:**

Please see the organizational charts for DHH previously produced.

**Request Number 5:**  Produce all Documents provided to, or generated by, the P & T Committee Relating to Vioxx and Relevant Drugs, Including minutes of meetings, transcripts of meetings, meeting agendas, and studies or analyses of any kind from January 1, 1998 to the present.

**Response:**

Please see P&T Committee minutes, transcripts, and agendas previously produced, and Plaintiff will produce the copyrighted monographs.

**Request Number 6:**  Produce all Documents provided to, or generated by, the Drug Utilization Review Board Relating to Vioxx and Relevant Drugs, Including minutes of meetings, transcripts of meetings, meeting agendas, and studies or analyses of any kind from January 1, 1998 to the present.

**Response:**

Plaintiff will produce the DUR Annual Reports from 1996 through 2006.  These reports contain the DUR members, minutes, educational articles, etc about NSAIDS.  DUR does not have transcripts of meetings.

**Request Number 7:**  Produce all Communications Relating to Vioxx and Relevant Drugs provided under the Government Health Program from or between You and (1) the Centers for Medicare and Medicaid Services; (2) Pharmacy Benefit Managers, to the extent they Relate to safety, efficacy, pricing, or Coverage; (3) consultants, to the extent they Relate to safety, efficacy, pricing, or Coverage; (4) administrative services only entities, to the extent they Relate to safety, efficacy, pricing, or Coverage; (5) private healthcare insurance providers, to the extent they Relate to safety, efficacy, pricing, or Coverage; and (6) administrators of health, welfare or benefit plans or their delegates or agents, to the extent they Relate to safety, efficacy, pricing, or coverage.

**Response:**

Other than the monographs, which include safety, efficacy and pricing, Plaintiff does not have anything else responsive to this request.

**Request Number 8:**  Produce Documents Relating to all Communications between Merck and any Person employed by, under contract with, or acting on behalf of the Government Health Program Relating to Vioxx and Relevant Drugs from January 1, 1998 to the present.

**Response:**

Plaintiff will produce documents from Provider Synergies that contain communications with Merck as it relates to the supplemental rebate agreements for Vioxx.  Plaintiff will also produce a letter Medicaid received on Oct 1, 2004 from Merck announcing the withdrawal of Vioxx.  Plaintiff previously produced email communications with Merck.

**Request Number 9:**  Produce Documents Relating to all Communications between the Food and Drug Administration and any Person presently or formerly employed by, under contract

with, or acting on behalf of the Government Health Program Relating to Vioxx and Relevant Drugs from January 1, 1998 to the present.

**Response:**

Please see emails previously produced that contain the FDA public health advisory of 12/23/04 that is referenced in the March 2005 letter to MDs and pharmacists.

**Request Number 10:** Produce copies of the Formulary for the Government Health Program from January 1, 1998 to the present, Including all drafts and amendments.

**Response:**

Prior to 2001 there was an open formulary. Plaintiff will produce all Preferred Drug Lists.

**Request Number 11:** Produce copies of the State Plan for the Government Health Program from 1998 to the present, Including all drafts and amendments.

**Response:**

Plaintiff will produce the State Plan for the Pharmacy Program.

**Request Number 12:** Produce copies of all rebate agreements and supplemental rebate agreements with pharmaceutical manufacturers, designating them as "Attorneys Eyes Only," Relating to Vioxx and Relevant Drugs for the Government Health Program from 1998 to the present and Documents sufficient to show the amount of rebates paid to You under those agreements.

**Response:**

Plaintiff will produce this information to the extent available from Provider Synergies in regards to Vioxx only. Plaintiff believes the supplemental rebate agreements and the federal rebate agreements as they relate to the other drugs are confidential pursuant to 42 USC A 1396 r-8 and La R.S. 44:4 (36).

**Request Number 13:**  Produce all Documents, designating them as "Attorneys Eyes Only," Relating to any discounts or price concessions that You received from any suppliers or the manufacturers of Vioxx and Relevant Drugs Relating to Vioxx and Relevant Drugs from January 1, 1998 to the present.

**Response:**

Please see Plaintiff's Response to Request number 13.

**Request Number 14:**  Produce copies of all statutes, regulations, opinion letters, policy manuals, policies and procedures, and rules Relating to the administration of the Government Health Program, Including rules Relating to Healthcare Professionals who have prescribed Vioxx and Relevant Drugs, rules Relating to pharmacies who seek reimbursements for such prescriptions, and rules Relating to developing or revising the Formulary, to the extent they pertain to Vioxx or Relevant Drugs.

**Response:**

Plaintiff will produce the Pharmacy Rule, State Plan, Point of Sale Manual, Pharmacy Manuals, March 2005 letter to Medicaid providers, and La R.S. 46:153.3.

**Request Number 15:**  Produce copies of all agreements between You and the federal government, other government entities, pharmaceutical manufacturers, consultants, Pharmacy Benefit Managers, and Healthcare Professionals that have been in force at any time between January 1, 1998 and the present, to the extent they Relate to the prescribing of Vioxx and Relevant Drugs.

**Response:**

Please see Plaintiff's Response to Request number 13.  Plaintiff will produce the supplemental rebate agreement for Vioxx and the State Plan.

**Request Number 16:**  Produce all Documents Relating to Beneficiaries switching between Vioxx, any of the Relevant Drugs, and any other drug or therapy.

**Response:**

The only responsive data Plaintiff possesses is the Unisys claims data being produced, which will include all prescriptions for the Relevant Drugs.

**Request Number 17:**  Produce copies of all Communications between You and Healthcare Professionals that Relate to Vioxx or Relevant Drugs Including letters, newsletters, reports, educational materials, prescribing or treatment algorithms, or interventions.

**Response:**

Plaintiff will produce the March 2005 letter to providers and the DUR annual reports which have educational pamphlets sent to providers.

## Requests Relating to Your Claims for Damages

**Request Number 18:**  If Your response to Interrogatory Number 16 is anything other than an unequivocal "No," produce Documents Relating to prescriptions written for or received by Beneficiaries for Vioxx and Relevant Drugs from January 1, 1998 to the present, and any other Documents that Relate to the response.

**Response:**

DHH does not retain written original prescriptions.  All information will be contained in the Unisys claims data being produced.

**Request Number 19:**  If Your response to Interrogatory Number 19 is anything other than an unequivocal "No," produce Documents Relating to all medical services and treatment received by Beneficiaries who received prescriptions from Healthcare Professionals for Vioxx and Relevant Drugs from January 1, 1998 to the present.  Include all Documents

(Including medical records, medical and laboratory reports, hospital records, Documents Relating to diagnoses, and notes made by Healthcare Professionals) that Relate to (1) the writing and filling of prescriptions for those Beneficiaries, (2) injuries allegedly suffered by those Beneficiaries, (3) the amount of money You spent on medical treatment of those injuries, and (4) any other Documents that Relate to the response.

**Response:**

DHH does not possess medical records on Medicaid recipients.

**Request Number 20:** If Your response to Interrogatory Number 20 is anything other than an unequivocal "No," produce (1) Documents Relating to each prescription of Vioxx received by each Person Identified in the response, (2) Documents Relating to the evidence that You believe shows that Merck's alleged misconduct caused the damages You seek to recover on behalf of such Persons, (3) Documents Relating to the amount of damages You seek to recover on behalf of such Persons, and (4) any other Documents that Relate to the response.

**Response:**

Plaintiff objects to this request to the extent that it constitutes a premature contention interrogatory and/or requests for production. Production of such information, at this time, could irreparably prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties. Plaintiff objects to this Document Requests to the extent it purports to require Plaintiff to disclose or produce documents concerning any expert or other person or entity retained by Plaintiff's counsel to assist in the preparation of Plaintiff's case: (a) to the extent any such person or

entity will not be designated by Plaintiff as a trial witness on the grounds that such disclosure is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) on the grounds that any such present disclosure is prejudicial to Plaintiff's preparation of this case and is not required by the Federal Ruled of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff does not possess any responsive non-privileged documents.

**Request Number 21:**  If Your response to Interrogatory Number 21 is anything other than an unequivocal "No," produce (1) all Documents Relating to Your compliance with all legal requirements, Including procedural and notice requirements, for initiating and proceeding with Your lawsuit, (2) all Documents Relating to Vioxx and Relevant Drugs, (3) Documents Relating to the evidence that You believe shows that Merck's alleged misconduct caused the damages for You seek to recover on behalf of the government, (4) Documents Relating to the amount of damages You seek to recover on behalf of the government, and (5) any other Documents that Relate to the response.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 22:**  If Your response to Interrogatory Number 22 is anything other than an unequivocal "No," produce all Documents Relating to the factual basis for Your calculation of disgorgement or restitution damages You seek, and any other Documents that Relate to the response.

**Response:**

Please see Plaintiff's Response to Request number 20.

**<u>Request Number 23:</u>** If Your response to Interrogatory Number 23 is anything other than an unequivocal "No," produce all Documents Relating to the factual basis for Your calculation of punitive or exemplary damages You seek, and any other Documents that Relate to the response.

**<u>Response:</u>**

Please see Plaintiff's Response to Request number 20.

**<u>Request Number 24:</u>** If Your response to Interrogatory Number 24 is anything other than an unequivocal "No," produce all Documents Relating to the factual basis for Your calculation of the statutory penalties You seek, and any other Documents that Relate to the response.

**<u>Response:</u>**

Please see Plaintiff's Response to Request number 20.

**<u>Request Number 25:</u>** If Your response to Interrogatory Number 25 is anything other than an unequivocal "No," produce Documents Relating to the amount of damages You seek to recover on behalf of self-insured health, welfare, or benefit plans, copies of any agreements, contracts, or plan documents Relating to such plans, and any other Documents that Relate to the response.

**<u>Response:</u>**

Please see Plaintiff's Response to Request number 20.

**<u>Request Number 26:</u>** If Your response to Interrogatory Number 26 is anything other than an unequivocal "No," produce all Documents Relating to the factual basis for Your calculation of the other monetary damages You seek, and any other Documents that Relate to the response.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 27:** If Your response to Interrogatory Number 27 is anything other than an unequivocal "No," produce Documents Relating to any fee agreements, work records, and invoices Relating to the attorneys' fees You seek, Documents Relating to the factual basis for Your calculation of the amount of such fees You Identified in the Response, and any other Documents that Relate to the response.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 28:** If Your response to Interrogatory Number 28 is anything other than an unequivocal "No," produce Documents Relating to any agreements, statutes, or regulations governing the relationship between You and the private sector or government entities Identified in the response (Including contracts and plan documents), Documents sufficient to show the amount of money such entities paid You, and any other Documents that Relate to the response.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 29:** If Your response to Interrogatory Number 29 is anything other than an unequivocal "No," produce Documents Relating to any agreements, statutes, or regulations governing the relationship between You and the private sector or government entities Identified in the response (Including contracts and plan documents), Documents sufficient to show the amount of money You paid such entities, and any other Documents that Relate to the response.

**Response:**

Plaintiff possesses no responsive documents.

**Request Number 30:**  Produce all Documents Relating to damages You seek to recover in this lawsuit that You did not produce in response to any other Request.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 31:**  Produce Documents sufficient to show the amount of money, if any, You have received as a result of any settlement Relating to Vioxx.

**Response:**

Plaintiff possesses no responsive documents.

**Request Number 32:**   Produce all studies, reports, analyses, and data compilations (Including utilization, outcome, and pharmacoeconomic studies) Relating to the concomitant use of Proton Pump Inhibitors with the Relevant Drugs by Beneficiaries.

**Response:**

Plaintiff will produce responsive documents to the extent they exist and are in Plaintiff's possession.

**Requests Relating to Your Knowledge of the Risks of Vioxx and Relevant Drugs**

**Request Number 33:**   Produce all Documents in your possession Relating to studies, analyses, and/or evaluations Relating to Vioxx and Relevant Drugs, Including utilization reports, pharmacoeconomic studies, periodic reports, and/or medical journal articles Relating to the clinical risks and benefits and/or health effects of those drugs, Including any studies or analyses performed by or for You.

**Response:**

Plaintiff will produce responsive documents to the extent they exist and are in Plaintiff's possession.

**Request Number 34:**  If Your response to Interrogatory Number 35 is anything other than an unequivocal "No," produce Documents Relating to any joint programs, educational programs, symposia, or agreements between You and any medical school or affiliated personnel, pharmacy school or affiliated personnel, medical association, medical organization, or medical specialty society Relating to decisions about Your Formulary from January 1, 1998 to the present, and any other Documents that Relate to the response.

**Response:**

Plaintiff possesses no responsive documents.

**Request Number 35:**   Produce all Communications between You and Healthcare Professionals, medical schools, pharmacy schools, medical associations, medical organizations, or medical specialty societies, and Beneficiaries Relating to the utilization or clinical risks and benefits of Vioxx and Relevant Drugs from January 1, 1998 to the present.

**Response:**

Plaintiff will produce the March 2005 letter to providers.  Plaintiff possesses no other responsive documents

**Request Number 36:**   Produce all Documents in Your possession written, published, generated or otherwise created by any medical schools, medical associations, medical organizations, and medical specialty societies Relating to Vioxx and Relevant Drugs from January 1, 1998 to the present.

**Response:**

Plaintiff possesses no responsive documents.

**Request Number 37:**   Produce copies of all promotional materials or advertisements Relating to Vioxx and Relevant Drugs that You received or reviewed.

**Response:**

Plaintiff has produced or will produce all responsive materials to the extent they exist and are in Plaintiff's possession.

### Miscellaneous Requests

**Request Number 38:**   Produce copies of all engagement letters between You and any private counsel representing You in this lawsuit, Including all Documents Relating to the negotiation of such representation.

**Response:**

Plaintiff objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privilege, that otherwise constitute material prepared for or in anticipation of litigation, or are protected from disclosure by any other applicable privilege or protection.  Plaintiff further objects to this requests to the extent it seeks information that contains proprietary or confidential business information.  Plaintiff will not produce such information.

**Request Number 39:**   Produce all Documents You had in Your possession Relating to any changes to the FDA-approved label or product insert for Vioxx and Relevant Drugs during the time that Vioxx was on the market.

**Response:**

Please see Plaintiff's Response to Request number 8.

**Request Number 40:**  Produce Documents sufficient to show, on a yearly basis and a monthly basis for each year, the number of Beneficiaries entitled to Coverage.

**Response:**

Plaintiff will produce documents containing this information.

**Request Number 41:**  Produce Documents Relating to any monetary effect Vioxx or any Relevant Drug (Including its presence, absence, and status on the Formulary) was expected to have or did have on Your budget from January 1, 1998 to the present.

**Response:**

Plaintiff possesses no responsive documents.

**Request Number 42:**  Produce Documents Relating to the amount of money You spent annually on Proton Pump Inhibitors for Beneficiaries for each year since January 1, 1998 to the present.

**Response:**

Plaintiff will produce claims data.

**Request Number 43:**  Produce all expert reports for those experts You Identify in Your response to Interrogatory Number 31.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 44:**  Produce copies of all witness statements for the fact witnesses You Identify in Your response to Interrogatory Number 32.

**Response:**

Please see Plaintiff's Response to Request number 20.

**Request Number 45:**  Produce copies of all exhibits You intend to use at trial.

**Response:**

Please see Plaintiff's Response to Request number 20.

      Plaintiffs' Liaison Counsel files this as an accommodation and for the benefit of Government Action Plaintiffs and pursuant to Pretrial Order No. 2.

                                  Respectfully submitted,

                                  /s/ Russ M. Herman

                                  **Russ M. Herman (Bar No. 6819)**
                                  Leonard A. Davis (Bar No. 14190)
                                  Stephen J. Herman (Bar No. 23129)
                                  ***Herman, Herman, Katz & Cotlar, LLP***
                                  820 O'Keefe Avenue
                                  New Orleans, LA  70113
                                  PH:    (504) 581-4892
                                  FAX:  (504) 561-6024
                                  **Plaintiffs' Liaison Counsel**

| | |
|---|---|
| **Dawn Barrios**<br>BARRIOS, KINGSDORF & CASTIEX, LLP<br>701 Poydras Street, Suite 3650<br>New Orleans, LA 70139-3650<br>Tel: (504) 524-3300<br>Fax: (504) 524-3313<br>dbarrios@bkc-law.com<br>**State Liaison Counsel** | **H. Vincent McKnight**<br>ASHCRAFT & GEREL, LLP<br>2000 L Street, N.W., Suite 400<br>Washington, D.C.20036<br>Tel: (202) 783-6400<br>Fax: (202) 416-6392<br>vmcknight@ashcraftlaw.com<br>**Representing the District of Columbia in a Taxpayer Representative Capacity** |
| **Sheila Bossier**<br>BOSSIER & ASSOCIATES, PLLC<br>1520 North State Street<br>Jackson, Mississippi 39202<br>Tel: (601) 352-5450<br>Fax: (601) 352-5452<br>sbossier@bossier-law.com<br>**Representing the State of Mississippi** | **Diane Paolicelli**<br>LEVY PHILLIPS & KONINGSBERG, LLP<br>800 Third Ave. 13th Floor<br>New York, NY 10022<br>Tel: (212) 605-6250<br>Fax: (212) 605-6290<br>dpaolicelli@lpklaw.com<br>**Representing the New York Counties of Chautauqua, Erie, and Orange** |

**Elizabeth J. Cabraser**
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Tel:  (415) 956-1000
Fax:  (415) 956-1008
ECABRASER@lchb.com
**Representing the Plaintiffs Steering
Committee Purchase Claims Committee**

**James R. Dugan, II**
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel: (504) 648-0180
Fax:(504) 648-0181
jdugan@dugan-lawfirm.com
**Representing the State of Louisiana**

**Randall M. Fox**
OFFICE OF ANDREW M. CUOMO,
NEW YORK STATE ATTORNEY
GENERAL
Office of the Attorney General, Medicaid
Fraud Unit
120 Broadway – 13th Floor
New York, NY 10271
Tel: (212) 417-5390
Fax: (212) 417-5335
randall.fox@oag.state.ny.us
**Representing the State of New York**

**Seth R. Lesser**
KLAFTER OLSEN & LESSER LLP
1250 Connecticut Ave., N.W., Suite 200
Washington, DC 20036
Tel: (202) 261-3553
Fax: (202) 261-3533
slesser@klafterolsen.com
**Representing the County of Santa Clara,
California**

**Bill Rossbach**
ROSSBACH HART BECHTOLD, PC
401 North Washington Street
P.O. Box 8988
Missoula, Montana 59807
Tel: (406) 543-5156
Fax: (406) 728-887
bill@rossbachlaw.com
**Representing the State of Montana**

**Shelly Sanford**
SANFORD BARLOW, LLP
2016 Bissonnet Street
Houston, TX 77005
Tel: (713) 524-6677
ssanford@sanfordbarlow.com

**Mark C. Schultz**
COHEN, PLACITELLA & ROTH
2001 Market St., Suite 2900
Philadelphia, PA 19103
Tel: (215) 567-3500
mschultz@cprlaw.com
**Representing the Commonwealth of
Pennsylvania**

**Pam Slate**
SLATE KENNEDY, LLC
One Commerce Street, Suite 850
Montgomery, Alabama 36104
Tel: (334) 262-3300
Fax: (334) 262-3301
pslate@slatekennedy.com

| **John Low-Beer** | **James D. Young** |
|---|---|
| NEW YORK CITY LAW DEPARTMENT | OFFICE OF THE ATTORNEY |
| Affirmative Litigation Division | GENERAL, STATE OF FLORIDA |
| 100 Church Street | Office of the Attorney General, Special |
| New York, NY 10007 | Counsel |
| Tel: (212) 788-1007 | 1300 Riverplace Blvd, Suite 405, |
| JLowBeer@law.nyc.gov | Jacksonville, Florida 32207 |
| **Representing the City of New York** | Tel: (904) 348-2720 |
| | Fax: (904) 858-6918 |
| | james.young@myfloridalegal.com |
| | **Representing the State of Florida** |

**PROPOSED CO-CHAIRS AND COMMITTEE MEMBERS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 6th day of July, 2009.

/s/ Russ M. Herman
**Russ M. Herman** (Bar No. 6819)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Ave.
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
rherman@hhkc.com