

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

**EBEN S. FLASTER**

eben.flaster@dechert.com
+1 (215) 994-2407  Direct
+1 (215) 655-2407  Fax

July 27, 2009

**VIA EMAIL & FIRST CLASS MAIL**

Douglas R. Plymale, Ph.D.
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA  70130

Re:  *State of Louisiana,* ex rel. *James D. Caldwell, Attorney General v. Merck & Co., Inc.,*
     Meet-and-Confer Regarding Louisiana AG Master Discovery

Dear Dr. Plymale:

As mentioned during our July 24, 2009 teleconference, this letter responds to your
correspondence of July 21, 2009 in which Plaintiff sought to address various questions and
concerns raised by counsel for Merck & Co., Inc. ("Merck") regarding the Louisiana AG's
responses to Merck's Master Discovery Requests.  Note that we circulated an email earlier today,
as requested, memorializing the highlights of the July 24, 2009 meet-and-confer teleconference
regarding discovery issues affecting both the Louisiana AG case and the government actions in
general.

First, your letter states that Plaintiff would provide a privilege log, but you did not confirm that
Plaintiff also intended to produce responsive documents and information pertaining to "relevant
drugs" other than Vioxx as that term is defined in Merck's discovery requests.  Further, your
letter appears to confirm that Plaintiff intends to produce responsive documents containing
proprietary or confidential business information, but Plaintiff will not produce "supplemental
rebate agreements and the federal rebate agreements as they relate to the other drugs" based on a
claim of confidentiality (pursuant to 42 USCA 1396 r-8 and La. R.S. 44:4 (36)).  Please promptly
provide the requested confirmation.

Second, we asked Plaintiff to reconsider its position with respect to several objections to certain
case-specific discovery sought by Merck that we believe is appropriate, timely, and critical to the
merits of this case (viz., Interrogatory Nos. 10-12, 15-17, 22-24, 26-27, 37 and Request for
Production Nos. 20-28, 30).  In addition, you agreed to supplement Plaintiff's answer to
Interrogatory No. 37 regarding identification of fact witnesses that you intend to call at trial.  The
only fact witnesses identified in your letter, however, were the fourteen (14) individuals
previously identified by Merck's counsel in email correspondence on June 18, 2009.
Accordingly, we understand your response to confirm that Plaintiff:  (1) will not reconsider its



Douglas R. Plymale, Ph.D.
July 27, 2009
Page 2

position with respect to the above-referenced discovery requests; and (2) is not prepared to identify any additional fact witnesses at this time other than those previously identified by Merck.

Third, we received, just prior to the July 24, 2009 teleconference, the additional information requested from Plaintiff regarding its production of claims data. After we review this information, Merck's counsel will make an assessment of whether the claims data fields produced by Plaintiff were sufficient to give Merck what it requested in discovery. Further, we wanted to reiterate the agreement between parties that Merck's counsel will generate a list of ICD-9 codes associated with GI bleeds and perforated ulcers, and Plaintiff will then explore whether its discovery responses (namely, its answer to Interrogatory No. 30) can be supplemented to provide responsive information.

Fourth, your letter provides certain information regarding efforts by Plaintiff to identify and produce responsive documents associated with the seven (7) custodians identified as those from whom Merck seeks custodial file productions. As we understand your letter, Plaintiff has confirmed that "the files (including emails)" of Mary Terrebonne, Melwyn Wendt, and Harvey Taylor were searched and produced in 2006 and 2009. You advised that the files of Vincent Culotta were not searched because he was not a DHH employee, and Plaintiff has sought confirmation from ULM regarding Gina Biglane's files. Your letter further noted that Harvey Taylor (deceased) was apparently not the Undersecretary of DHH, but rather an employee in the Pharmacy Section; Germaine Becks-Moody took over Mr. Taylor's position (and his old files), and Charles Castille was and is the Undersecretary of DHH. In light of this additional information, Merck's counsel would ask Plaintiff to confirm that the files of Germaine Becks-Moody and Charles Castille were also searched in 2006 and 2009 and that any responsive documents have been produced to Merck in this case. Further, we request an opportunity to discuss with you the statement in your letter that the files of David Hood (Former Secretary of DHH) were not searched in either 2006 or 2009 and that "no files of his exist."

Fifth, on a related subject, your letter does not appear to address several concerns raised in Merck's July 17, 2009 correspondence regarding Plaintiff's implementation of a legal hold and its investigation regarding potential data loss. In light of the uncertainty of Plaintiff's responses on this subject, Merck's counsel had specifically requested Plaintiff to conduct a reasonable investigation into the matter, particularly with respect to the custodians previously identified by Merck (which should now include the two additional individuals identified in your letter), and confirm that Plaintiff's production is complete in that regard. Your letter reiterates that DHH's "previous email system was not retained" and suggests that archived email was not searched for Plaintiff's original 2006 production (and presumably no longer exists). Your letter provides no further explanation of the contours of any legal hold implemented, its effectiveness in ensuring preservation of relevant documents and information, and to what extent Plaintiff has conducted – or intends to conduct – an investigation regarding potential data loss. In fairness to Plaintiff, we


LLP

Douglas R. Plymale, Ph.D.
July 27, 2009
Page 3

acknowledge that our original July 17, 2009 letter requested that you report back to Merck's counsel on the status of your investigation by no later than Wednesday, July 29, 2009, and we do hope to hear from you by that date with more information on this particular subject.  Meanwhile, if Plaintiff requires additional time regarding this request, we ask that you promptly notify us.

Finally, we note that your letter provided no further response to two additional points raised in Merck's July 17, 2009 correspondence:  (1) Merck's position with respect to Plaintiff's request for documents and information concerning ongoing government investigations (presently the subject of a motion to compel in this case); and (2) the additional information and guidance that Merck's counsel provided Plaintiff with respect to its recent request for certain data purchased from IMS Health, Inc.  Those additional points have been the subject of further discussion in separate written communications regarding discovery issues affecting both the Louisiana AG case and the government actions in general.

As always, please do not hesitate to contact me to discuss these matters further.


Very truly yours,

Eben S. Flaster

ESF/lm


cc:      James R. Dugan, II, Esq. (via email: jdugan@dugan-lawfirm.com)
         Leonard A. Davis, Esq. (via email: ldavis@hhkc.com)
         Dawn Barrios, Esq. (via email: dbarrios@bkc-law.com)
         Tarek Ismail, Esq. (via email: tismail@goldmanismail.com)
         Travis J. Sales, Esq. (via email: travis.sales@bakerbotts.com)
         Stephen D. Brody, Esq. (via email: sbrody@omm.com)