UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   VIOXX PRODUCTS<br>              LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

## NOTICE OF APPEAL

Walter Umphrey, John Eddie Williams, Jr., Drew Ranier, Mikal Watts, and Grant Kaiser (collectively, the "Vioxx Litigation Consortium" or "VLC"), in conformity with Rules 3 and 4 of the Federal Rules of Appellate Procedure, hereby appeal to the United States Court of Appeals for the Fifth Circuit this Court's Order and Reasons of August 3, 2009, in which this Court stated that it granted in part and denied in part the VLC's Motion for Reconsideration filed on December 10, 2009.  This appeal encompasses the entirety of this Court's Order and Reasons of August 3, 2009, as well as the original August 27, 2008 Order and Reasons that the Court reconsidered.

{N2028914.2}                                         1

The VLC submits that the Order and Reasons of August 3, 2009 is a collateral final decision appealable under the doctrine established by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). First, this Court conclusively determined that it possessed jurisdiction and authority to limit contingency fee recovery to 32% notwithstanding private fee agreements, and this Court conclusively denied the VLC's right to enforce its fee agreements as written. Second, the Court decided issues that are entirely separate from, and thus collateral to, the merits of the plaintiffs' claims against Merck which will never be embodied in a traditional "final judgment" in part because the cases of the VLC's clients are being decided under a resolution program to which each is now bound (many have already been dismissed with prejudice). Third, the Court's ruling will be effectively unreviewable on appeal at a later time because, in denying the VLC's right to enforce its fee contracts as written, the Court has designed a procedure under which, if the VLC desires any fee other than 32%, the VLC must submit an objection and serve the objection on its own clients. The VLC and the clients, if the clients then decide to oppose the VLC, may submit evidence for and against the fee and, at the end of this now potentially-adversarial proceeding, a special master will make a recommendation and the Court will determine the fee. Costs will be charged to the VLC regardless of the outcome.[1] Such a procedure could create a dispute between the VLC and its clients where none previously existed. Such a controversy is artificial procedure and runs the risk of reversing a major reason the Court had no jurisdiction to change the contractual fees – no case or controversy exists. It also places the VLC in the untenable position of forcing the VLC into litigation against its own clients, which constitutes irreparable harm to the VLC.

As the Supreme Court stated in *Cohen*:

---

[1] Order and Reasons of August 3, 2009, p. 26.

{N2028914.3}                                             2

> [T]his order of the District Court did not make any step toward final disposition of the merits of the case, and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute [here the VLC's fee agreements], if it is applicable, will have been lost, probably irreparably.

*Id.* at 546.

The unusual procedural posture of this issue at this juncture results from the fact that this Court's Order and Reasons of August 27, 2008 were entered by the Court *sua sponte* – not in response to a motion filed by any party nor in response to a complaint by any client of the VLC. Further, that ruling was issued after the VLC's clients had already entered into the Vioxx Resolution Program and bound themselves to accept the results of that program. The VLC's reconsideration request was effectively denied on August 3, 2009, when this Court issued its Order and Reasons holding that the VLC could not enforce its fee agreements.

This unique posture has led to a lack of clarity over the proper course for appeal under the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and the United States Code. Is the order final under the collateral order doctrine or is it interlocutory requiring certification under 28 U.S.C. 1292(b) or Rule 54(b)? In order to preserve all possible avenues of appeal, the VLC, on August 13, 2009, timely requested that this Court certify the Order and Reasons under 28 U.S.C. § 1292(b) and/or Rule 54(b). The VLC also sought expedited consideration of the motion for certification in hopes that this Court would rule on the motion before thirty days had passed. However, this Court denied expedited consideration and set the motion for hearing on September 9, 2009. The September 9 hearing falls beyond the date for filing a timely notice of appeal if the Court's August 3, 2009 Order and Reasons are deemed final under the collateral order doctrine of the *Cohen* case. For this reason, the VLC is filing this

notice so that whether the Court's Order and Reasons are deemed final or interlocutory, all appellate remedies have been timely preserved.

This notice, if it is premature because the collateral order doctrine *does not* apply, does not deprive the Court of jurisdiction to render a decision on the pending motion for certification under 1292(b) and/or Rule 54(b) noticed for hearing on September 9, 2009.  *See, e.g.*, *Crowley Maritime Corp. v. Panama Canal Comm'n*, 849 F.2d 951, 953-54 (5th Cir. 1988); *Caruso v. Allstate Ins. Co.*, 2007 WL 1466824 (E.D. La. May 18, 2007) (Rule 1292(b) motion may be decided after notice of appeal if the notice is from a nonappealable order).

Even if the collateral order doctrine *does* apply and the judgment is final, this Court retains jurisdiction and has power to enter a Rule 54(b) order.  As explained by Wright & Miller:

> After a notice of appeal has been filed, a district court retains power to enter a certification that will make the order appealable under Civil Rule 54(b).  The purposes of the ordinary rule that a notice of appeal divests the district court of power to act further are not involved.  Dismissal of the appeal because the certification was belated would result in mere empty paper shuffling.  The bare addition of the certification after the notice of appeal does not create any potential for conflict between the district court and the court of appeals.  It would be anomalous, moreover, to adopt a rule that forecloses such district-court action – the seeming result would be that neither the court of appeals nor the district court has power to act on the order appealed from.  The rule that ordinarily divests district-court power is judge-made, and is sufficiently flexible to avoid such untoward consequences.

16A WRIGHT & MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 3939.1 (4th ed. 2009) at n. 41 citing *Local P-171, Amalgamated Meat Cutters & Butcher Workmen of North America v. Thompson Farms Co.*, 642 F.2d 1065, 1073-1074 (7th Cir. 1981).  *See also Olin Corp. v. Koppers Co., Inc.*, 986 F.2d 1419 (5th Cir. 1993) (per curiam) ("Following the notice of appeal, we asked the parties to discuss whether a final order had been entered.  Appellant then secured a

Rule 54(b) order certifying the decision as a final judgment subject to immediate appeal.  A Rule 54(b) certification entered nunc pro tunc after the notice of appeal is effective.").

                            Respectfully submitted,

                            /s/ *Harry S. Hardin III*
                            HARRY S. HARDIN III (# 6540)
                            MADELEINE FISCHER (# 5575)
                            ERIC MICHAEL LIDDICK (# 31237)
                            Jones, Walker, Waechter, Poitevent,
                              Carrère & Denègre, L.L.P.
                            201 St. Charles Avenue, 49th Floor
                            New Orleans, Louisiana  70170-5100
                            Telephone:     (504) 582-8208
                            Facsimile:     (504) 589-8208

                            JOHN J. McKETTA, III (Texas Bar No. 13711500)
                            BOYCE C. CABANISS (Texas Bar No. 03579950)
                            MATTHEW B. BAUMGARTNER
                              (Texas Bar No. 24062605)
                            Graves Dougherty Hearon & Moody,
                              A Professional Corporation
                            401 Congress Avenue, Suite 2200
                            Austin, Texas  78701
                            Telephone:     (512) 480-5600
                            Facsimile:     (512) 480-5816

                            *Attorneys for John Eddie Williams, Jr., Drew Ranier, Walter Umphrey, Mikal Watts, and Grant Kaiser (the "Vioxx Litigation Consortium")*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by

{N2028914.3}

using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on September 1, 2009.

        Respectfully submitted,

        /s/ *Eric Michael Liddick*
        ERIC MICHAEL LIDDICK