# AWS

**HELPING PEOPLE WITH DISABILITIES THRIVE**
8515 Bluffton Road, Fort Wayne, IN 46809

## A Fax From The Desk Of:

## Janice Baum
**Benefits Administrator**

Phone: (260) 207-5672
Fax: (260) 207-5673

**Date:** 8/28/09

**To:** Honorable Judge Eldon E. Fallon

No. Pages: _____   Including Cover

**Attention:** Judge Fallon

**Fax Number:** 1-504-589-6966 - 8066

## MESSAGE

My signed protest for such vote

permission to withdraw as my

legal counsel when Mr. Robert originated

my case even before it ever had a

chance for a day in court

August 28, 2009

Honorable Judge Eldon E. Fallon
Federal District Court

Re: VCN 1081541

Dear Judge Fallon:

This letter is to notify you of facts related to my Vioxx case representation that is currently still under the legal counsel of Price, Waicukaiski & Riley. At such a late date, I strongly OBJECT to their law firm's request to withdraw legal representation on my Vioxx damage claim for the following reasons:

Since I first was referred to Mr. Riley as a "highly competent, caring attorney" and subsequently contacted him in early October 2004, the same week Vioxx was pulled from the market, I have yet to meet him or anyone face-to-face in Price, Waicukanski & Riley. At most, I've been on possibly two conference calls with him and have dealt almost solely with his paralegal, Erin Amos. Please note that his office is in Indianapolis and I live on the southwest side of Fort Wayne, Indiana, less than a 2-hour drive from my home. Over the course of nearly 5 years, I have volunteered to drive down to Indianapolis on several occasions because my employer has an office in Indianapolis and I could incorporate my personal business with company business; however, I was always told this wouldn't be necessary by PW & Riley.

As recently as late June of 2009, I discussed with Erin Amos my availability of driving down to their office when the deadline to submit evidence was nearing. I waited for a phone call to schedule an appointment to verify my medical records were complete, but instead I received a phone call that a CD had been mailed for my review. During my "last hour" and ONLY review of this CD, I realized MOST Vioxx usage proof was missing from my files.

Ms. Amos' response to my HORRIFIED discovery was: "Your medical records were "subpoenaed" and it was the doctor's office responsibility to follow court orders for records that needed to be submitted to the courts." At that time, PW& Riley took NO blame for never asking or allowing me to review and verify my medical records as complete and accurate. I was informed they had done their part by filing the legal documents to get them. Mind you, they had these records for many, many months and possibly a couple of years, and I NEVER had the opportunity to review them...until such a time that I received the CD and discovered my missing data that was crucial to my case. At that time, it was already too late to submit additional Vioxx usage documentation.

During the course of their "legal representation" of my Vioxx damages claim, I was never given the opportunity to explore other avenues of legal action against Merck Pharmaceuticals...possibilities outside of the scope of the "class action settlement". Nor, was it ever explained to me that my health issues were NOT an allowed condition to receive any damage settlement...until much later as the settlement process progressed this past year. In fact, I was specifically told that I could go on the Vioxx Calculator website and get approximate settlements based on just my Vioxx usage alone. It wasn't until less than a year ago that I learned of the 14-day "proof of Vioxx usage" rule designed to basically rule out women's heart attack claims against Merck Pharmaceutical...many of whom were so frequently misdiagnosed at the time their cardiac infraction occurred, like I was. (I would have NEVER signed this settlement agreement if I'd had prior knowledge that my own particular and now critical health issues would be completely excluded or if I had had proper legal counsel at the time.)

PW & Riley pushed me into responding to their correspondences in a timely manner if I wanted PW & Riley representing me, though always adding their "disclaimer" there would be no guarantees of the outcome. (Correct me if I'm wrong, but I believe that's true in ALL lawsuits...both criminal and civil.) In an encouraging conversation, Ms. Amos went so far as telling me this past spring that her employer had seen SEVERAL originally denied cases come through with huge monetary settlements when they believed there was absolutely NO way a settlement would be given...always wagging a carrot in my face. (At this point, it's about being able to continue to pay for my ongoing and critical medical care expenses that are already over $20,000.00 that I still owe...on top of what's been paid the past 6 years in search of medical answers.)

For your insight, please take into consideration my very recent confirmation of Primary Pulmonary Hypertension (August 21, 2009; Boston Medical Center, Dr. Harrison Farber), a disease known to be caused by Peripheral Vascular Disease. Prior to my Boston trip, my Fort Wayne doctor's all agreed that I had all the symptoms of PPH; however, they refused to investigate further after I inadvertently discovered in the scope of my job for my employer as "Benefits Administrator" a probable Medicaid fraud (currently under investigation) that involves my former oxygen provider and my former pulmonologist. I was first diagnosed with PVD after a Mayo Clinic visit in November 2003...11 months prior to Merck Pharmaceutical's public acknowledgement of the deadly conditions connected with Vioxx usage. PVD has been directly connected to Vioxx usage, and I'm the only one 7 siblings and our parents to have this disease, or who ever took Vioxx. (I've never been a smoker or lived with a smoker, not have I been an abuser of illegal drugs or the user of the diet drugs known to cause Primary Pulmonary Hypertension.)

Below is what I have been dealing with by Mr. Riley's own admission and why he never pursued my personal Vioxx damage claim in a professional or competent manner. Mr. Riley took matters into his own hands and prejudged my health situation showing his complete ignorance in my doctor's diagnosis/patient relationship and the many other life threatening Vioxx damages that are completely outside the scope of Merck Pharmaceutical's class action settlement. The following is a partial email to me dated

July 29, 2009. It's from Mr. Riley showing his pre-judging me on my ongoing critical health issues and what has transpired and led to my recent trip to Dr. Farber in Boston...costing me an additional $5000.00 as an "out of network" provider.

"Dear Ms. Baum:

There was no malpractice in your matter. You simply were not injured by your use of Vioxx. There are no peer reviewed medical research studies that link your perceived PPH with Vioxx usage. None of your doctors support your claim, because they have not even provided you with a final diagnosis of PPH, and it now appears that your own cardiology group has dismissed you from their care. For your own peace of mind I suggest you let this claim go. There exists no recognized proof for your claim, either with regard to your unconfirmed PPH issue or Vioxx usage in relation to PPH and/or your vascular issues causing purple feet and other conditions. The settlement overseen by Judge Fallon established a process to resolve cases that are scientifically appropriate for resolution in Federal Court. PPH, high blood pressure and purple feet are not injuries supported by scientifically reliable evidence to be caused by Vioxx usage. The American legal system does not exist to compensate those who are not injured by the wrong doing of another. I am sorry you feel the need to blame someone for your situation and now evidently that desire extends to me, my firm, and your doctors. I cannot make a claim when one does not exist."

Again, I'm strongly objecting to Price, Waicukauski & Riley's request to withdraw from my case at such a late date. We had a signed agreement before the Merck Pharmaceutical settlement was in the picture. Based on that agreement and their lack of professionalism or investigation on the specifics of my personal Vioxx damage claim, I very strongly feel PW & Riley should be required to bring closure to a case Mr. Riley so eagerly took on in October 2004. He did nothing further on my behalf because he'd pre-judged my situation and labeled me as not being a "money maker" for his firm. He didn't do his research on Vioxx.

Thank you for your consideration on this very important matter.

Sincerely,

Janice M Baum
6638 Quail Ridge Lane
Fort Wayne IN 46804
(260) 466-2568 Cell
(260) 207-5672 Work Direct Line

8/28/2009

**From:** Janice Baum
**Sent:** Friday, August 28, 2009 3:16 PM
**To:** 'Robert M. Johnston'; Karen Cavosie; mmj@rmj-law.com
**Cc:** William Riley; Erin Amos
**Subject:** RE: Plea for reconsideration...VCN 1081541
**Importance:** High

Mr. Johnston, I truly apologize.

My letter from Price Waicukauski & Riley was full of completely wrong contact information to protest this withdrawal...accident, I think no!!!! However, I now have the correct information.

The person to contact in the letter to protest their withdrawal as counsel, on my desk as I type this, is listed as Robert M Johnston, Curator on the letter dated July 29th. Plus, the email address for you was listed as:

rmj@rmg-law.com

Janice Baum

**From:** Robert M. Johnston [mailto:RMJ@ahhelaw.com]
**Sent:** Friday, August 28, 2009 2:38 PM
**To:** Karen Cavosie; rmj@rmj-law.com
**Cc:** William Riley; Erin Amos; Janice Baum
**Subject:** RE: Plea for reconsideration...VCN 1081541

Ms. Cavosie—it is my understanding that your firm remains as counsel for Janice Baum. I have no information that the motion to withdraw has been signed by the court. As court appointed curator, I am not allowed to perform any legal services on behalf of represented parties. If you learn that the motion to withdraw has been granted, please notify me by email. Do not send any paperwork to me under the circumstances. I am sending a copy of this to Janice Baum.

Robert M. Johnston
Law Offices of Robert M. Johnston, L.L.C.
400 Poydras Street, Suite 2450
New Orleans, LA 70130

The information contained in this e-mail and any attachments to it are CONFIDENTIAL and may be legally PRIVILEGED. This e-mail and any attachments are intended only for the use of the individual or entity to which it is addressed. If the reader is not the intended recipient, please notify us by contacting the sender at (504) 581-2606, or by replying to the sender by e-mail. Please delete the e-mail and any attachments from your system. You should not copy the e-mail or any attachments, or disclose the content to any person or entity.

**From:** Karen Cavosie [mailto:kcavosie@price-law.com]
**Sent:** Friday, August 28, 2009 8:51 AM
**To:** Robert M. Johnston; mmj@rmj-law.com
**Cc:** William Riley; Erin Amos
**Subject:** FW: Plea for reconsideration...VCN 1081541

Johnston:

I left you a voicemail yesterday with respect to the email below. Can you please advise whether you need any paperwork from us? We filed our Motion to Withdraw with the Court on July 29, 2009.

Thank you.

Karen Cavosie
Paralegal
Price Waicukauski & Riley, LLC
317-633-8787

From: Janice Baum [mailto:jbaum@awsusa.com]
Sent: Wednesday, August 26, 2009 6:22 PM
To: rmj@rmj-law.com
Cc: Claimsadmin@browngreer.com; William Riley
Subject: Plea for reconsideration....VCN 1081541

Mr. Riley--

According to the email below, you are legally still representing me. Because of this, I would very much appreciate the necessary paperwork prepared for me that needs to be in the hands of Curator, Robert M. Johnston no later than 30 days from the date of your letter to me dated July 29th. I am copying him on this matter.

Gregory N Baum is my husband, but I would also like to add the following as my contacts:

Laura G. Turner, RPh., daughter
(260) 637-9345 Home
(260) 705-9345 Cell
(780) 483-2174 Work

Ryan D Geiger, son
(260) 760-8474 Cell/Work
(760) 220-3201 Home

Thank you for your cooperation.

Janice Baum

From: William Riley [mailto:wriley@price-law.com]
Sent: Wednesday, August 26, 2009 4:47 PM
To: Brian Earman; Karen Cavosie; Erin Amos; Kim Richardson
Cc: Janice Baum; Joe Williams
Subject: RE: Plea for reconsideration....VCN 1081541

Dear Brian,

You have our permission to contact and speak with Janice Baum, VCN1081541.

Regards,

Riley

From: Brian Earman [mailto:Bearman@browngreer.com]
Sent: Wednesday, August 26, 2009 11:03 AM
To: William Riley; Karen Cavosie; Erin Amos; Kim Richardson
Subject: FW: Plea for reconsideration....VCN 1081541
Importance: High

se see the email below which we received last night from Claimant Janice Baum, VCN 1081541. Our office will
d morning.

Aug. 28.
2009
3 39PM
No. 1472    P. 6
8/28/2009

be happy to contact Ms. Baum with respect to the Program's requirements regarding Future Evidence Stipulations and evaluations of new evidence submitted after the filing an FES.

Because this Claimant is represented by your firm, we will not discuss these matters with her without your permission.

Please advise if you would like us to contact Ms. Baum to discuss the Future Evidence Stipulation and submission of new evidence with her.

Brian

Brian S. Earman
Senior Analyst
BROWNGREER PLC
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7290
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

To whom it may concern:

**From:** Janice Baum [mailto:jbaum@awsusa.com]
**Sent:** Tuesday, August 25, 2009 10:48 PM
**To:** Vioxx Claims Administrator
**Cc:** Constance Cumbey
**Subject:** Plea for reconsideration...VCN 1081541
**Importance:** High

Because Walczukalski & Riley, who in nearly FIVE years of allegedly representing me "diligently and to the best of our ability", never once requested to meet me in person to discuss face-to-face other options outside of the Merck Pharmaceutical court settlement. In fact, Mr. Riley RECENTLY told me I could never prove any kind of Vioxx damage that would qualify my particular critical health issues for any type of claim against Merck Pharmaceuticals. Therefore, because of Mr. Riley's personal and very biased beliefs and his astonishing lack of knowledge of proven Vioxx damage, I was NEVER given the opportunity to review my personal medical records that they assured me were complete, but were only very recently discovered to be missing MOST of my nearly three years of continuous Vioxx usage.

I was pushed and pushed through this lawsuit with Mr. Riley knowing fully well that my personal Vioxx damage in no way qualified under the terms of this settlement, something that was never explained to me by anyone from his office. I was always told that in order for them to continue to pursue their representation of me I had to follow their explicit deadlines even though "there are no warrantees". It was only brought to my attention in early July when I received a DVD that allegedly contained all of my Vioxx mileage and medical records...when it was too late to do anything about the crucial missing records! (I live just under 2 hours from Annapolis, so distance should NOT have been an excuse when I volunteered to drive to meet face-to-face on several occasions because my employer has offices located there, too.)

As you know, Peripheral Vascular Disease has been proven to be caused by Vioxx, and I was diagnosed with this disease in 2003 after a Mayo Clinic visit. This diagnostic visit to Mayo Clinic was ordered by my cardiovascular doctor when my "angioplasty" revealed absolutely NO blockages in my arteries. (I was on Vioxx at the time, but the connection had yet to be announced to the public.) I'm certain that my Peripheral Vascular Disease will be directly related to the cause of my recently diagnosed and confirmed Primary Pulmonary Hypertension (August 21, 2009, at Boston Medical Center). I was tested for this very rare condition by world renowned PPH researcher, Dr. Harrison (Hap) Farber. I've NEVER taken any of the weight loss drugs associated with this fatal disease nor have I EVER been a user of illegal drugs. (Trying "pot" at the age of 41 and 51 is the extent of my drug abuse...I've never been a user of cigarettes let alone know how to inhale anything remotely like them.) The official report will be available within 15 business days, or approximately around the 11th of September.

No. 1472

8/28/2009

Due to unforeseen medical issues that came up regarding the removal of my appendix on July 9th, 2009, and then my subsequent Coronary Intensive Care stay from July 26th through July 28th, my confirmation testing for Primary Pulmonary Hypertension had to be delayed until my strength was regained from the emergency appendix removal surgery and heart attack symptoms ICU hospitalization. Because of Mr. Riley's lack of concern during the past, and my subsequent yet serious health issues, I'm pleading that you reconsider the missed deadline for additional evidence to pursue my Vioxx case outside of the statement. I will forward all medical reports on my PPH testing that had to be delayed through no fault of my own...as soon as I get them. At such a late date, I don't know where else to go for help on this request. (I will be notifying the courts, Curator, Robert Mr. Johnston, of my desire to continue on with my Vioxx case and request that he disallow Price Waicukauski & Riley to withdraw from my case until such time that I'm able to secure further legal counsel qualified to represent and think "outside of the box" of Merck Pharmaceutical's out-of-court settlement on Vioxx related health damages.)

In the meantime, for further confirmation and verification of my Aug. 21st Boston procedure and the subsequent confirmation/diagnosis of Primary Pulmonary Hypertension, you can call Dr. Harrison Farber at Boston Medical Center at: 617-4-4545 or 617-414-4290. You can also talk with his partner, Al Silva, who assisted on all testing...617-638-6117.

Janice M. Baum, VCN: 1081541
(260) 466-2568 cell
8638 Quail Ridge Lane
Fort Wayne, IN 46804

From: Carol Nolan [mailto:cnolan@price-law.com]
Sent: Thursday, August 20, 2009 2:18 PM
To: Janice Baum
Cc: Erin Amos; William Riley
Subject: FW: New Evidence Determination (Price Waicukauski & Riley)

Ms. Baum:

This email has been forwarded to you at the request of William Riley. A hard copy will be forwarded to you via U.S. Mail.

With kindest regards,

*Carol A. Nolan*

Carol A. Nolan
Legal Assistant to William N. Riley &
Janie Kendall
cnolan@price-law.com

PRICE
WAICUKAUSKI
& RILEY, LLC
ATTORNEYS AT LAW

Hammond Block Building
 Massachusetts Ave.
anapolis, Indiana 46204
Office (317)633-8787
(317)633-8797
www.price-law.com

The information contained in this electronic message is confidential and intended only for the use of the named recipient. It is subject to the Electronic Communications Privacy Act, 18 U.S.C. sections 2510-2521, and may be protected by attorney-client privilege. If you are not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this message in error, please immediately notify us by telephone at (317) 633-8787 or by reply to this electronic message and delete this message from your computer.

28.
2009
40PM
2009

Au
8/28/2009

**From:** Vioxx Claims Administrator [mailto:Claimsadmin@browngreer.com]
**Sent:** Thursday, August 20, 2009 11:15 AM
**To:** William Riley; Karen Cavosie; Erin Amos; Kim Richardson
**Cc:** Brian Barman
**Subject:** New Evidence Determination (Price Waioukauski & Riley)

No. 1472

| CCN | Name |
| --- | --- |
| 081541 | Baum, Janice M. |

The Claims Administrator has reviewed the Claims Material you submitted in conjunction with the Future Evidence Stipulation (FES), to determine whether it satisfies the criteria for New Evidence in Paragraph B.5 of the FES. The information you submitted does not satisfy the requirement that the New Evidence must be material to the Eligibility Requirements in the Settlement Agreement. Because the New Evidence is not material, it will not be considered by the Claims Administrator, and it will not be included in the Claims Package associated with this Claim.

Vioxx Claims Administrator
**BROWNGREER PLC**
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

---

Privacy Statement:

This message may contain client health information which is protected according to HIPAA and other state and federal regulations. Only the intended recipient is allowed access to this information.

---

Privacy Statement:

This message may contain client health information which is protected according to HIPAA and other state and federal regulations. Only the intended recipient is allowed access to this information.

This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.

# AWS

**HELPING PEOPLE WITH DISABILITIES THRIVE**
8515 Bluffton Road, Fort Wayne, IN 46809

## A Fax From The Desk Of:

## Janice Baum
### Benefits Administrator

Phone: (260) 207-5672
Fax:    (260) 207-5673

**Date:** 8/28/09

**To:** Honorable Judge Eldon E. Fallon

**Attention:** Judge Fallon

**Fax Number:** 1-504-589-6966 - 8966

Including Cover

No. Pages: 3

## MESSAGE

The attached letter gives me no
instructions to contact you.
only information to contact
Mr. Robert Johnston, Curator with an
incorrect email address

Jennifer Goodwin

Federal 3:52

3504-564-7045
Federal Courts
Judge

PRICE
WAICUKAUSKI
& RILEY, LLC

CLASS ACTION AND TRIAL ATTORNEYS

**William N. Riley**
Attorney at Law

July 29, 2009

**VIA CERTIFIED MAIL**

Janice Baum
6638 Quail Ridge Lane
Ft. Wayne, Indiana 46804

RE:    Vioxx litigation

Dear Ms. Baum:

As indicated in my email of July 29, 2009, we have filed a Motion for Withdrawal of Counsel. Counsel for Merck has told us that if we file our withdrawal of appearance before the deadlines established by Pre-Trial Order 43, then they will not seek to enforce the outstanding deadlines until a 45-day waiting period (for our withdrawal of appearance to be ordered) has elapsed. A copy of the Motion to Withdraw is enclosed for your reference.

The Court has provided instructions for attorneys seeking to withdraw their appearances in Pre-Trial Order No. 36. A copy of this pre-trial order is enclosed for your reference. Pursuant to Pre-Trial Order No. 36, you will have 30 days from the date of this letter to either:

- notify the Court of your consent or objection to our Motion to Withdraw
- notify the Court that you no longer wish to pursue this claim
- secure new counsel
- contact the Curator, Robert M. Johnston to apprise him of your intention to proceed with the claim pro se (without representation by a lawyer).

Mr. Johnston's contact information is: Robert M. Johnston, Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana 70130; telephone number 504-561-7799; email: rmj@rmj-law.com. Additionally, please provide our office with the name and address of a friend or relative who can be contacted in the event you cannot be located. Currently we have advised the Court to contact your husband, Gregory Baum, if it cannot reach you.

As you know, and as indicated in our emails and letters of July 7, 2009 and July 24, 2009, respectively, Pre-Trial Order No. 43 establishes certain deadlines for claimants who have entered into a Future Evidence Stipulation ("FES"). According to Pre-Trial Order No. 43 you have 30

Hammond Block Building
301 Massachusetts Ave
Indianapolis, IN 46204

**317-633-8787**
Fax 317-633-8797

wriley@price-law.com

days from the date your PFS was submitted to provide Merck with a Supplemental and Amended Plaintiff Fact Sheet, copies of all referenced medical records, and updated Authorizations. As stated above, in your case, Merck has indicated that they will not enforce this deadline until a 45-day waiting period (for our withdrawal of appearance to be ordered) has elapsed. I am enclosing a copy of the email correspondence we received from Bret Nelson, Esq., local counsel for Merck, indicating this fact, for your reference. Therefore, I recommend that you retain new counsel as soon as possible.

If you are unable to retain new counsel, please note that all of the necessary documentation as well as medical records in our possession have been previously provided to you as enclosures with our July 7th and 24th letters. That is, we have drafted a Supplemental and Amended Plaintiff Profile Form, printed the required authorizations, and provided you a CD that contains all of your medical records in our possession. The Supplemental and Amended Plaintiff Profile Form and authorizations were provided to you on July 24, 2009, and links to the Court's website where the necessary documents could be obtained as well as a CD containing your medical records was sent to you on July 7, 2009.

In the interim, if you have any questions, please feel free to contact us.

Sincerely,

William N. Riley

WNR/ena

Enclosures