UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See attached list* | * | **KNOWLES** |
| | * | |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S *FIRST* MOTION, RULE AND INCORPORATED MEMORANDUM  FOR AN ORDER TO SHOW CAUSE WHY STIPULATIONS OF DISMISSAL SHOULD NOT BE FILED FOR FAILURE TO SUBMIT TIMELY FUTURE EVIDENCE STIPULATIONS AND PTO 43 LONE PINE REPORTS**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby moves for an Order to Show Cause why Stipulations for Dismissal should not be filed by Merck with respect to the claims of each of the plaintiffs listed on Exhibits A and B.  In each case, the "Future Evidence Stipulations" seeking to preserve the right to litigate the claim post failure to pass the "gates" in the Vioxx Resolution Program were untimely served.  Accordingly, as provided for by the terms of the Master Settlement Agreement, the releases and stipulations of dismissal for these claimants were delivered to Merck by the Claims Administrator for the Vioxx Resolution Program and, for that reason alone, Merck is entitled to file those Stipulations of Dismissal in accordance with the terms of the Agreement.

Moreover, each of these claimants also failed to submit a Lone Pine expert report in accordance with Pretrial Order No. 43 ("PTO 43").  PTO 43 requires a Lone Pine expert report to be submitted within thirty days of a plaintiff's service of a FES on the Claims

990581v.1

Administrator. For those on Exhibit A, the Lone Pine reports are overdue even based on calculating thirty days since the receipt of the *untimely* FES; with respect to *all* of the cases more than thirty days has passed since the FES was originally due.[1]

In further support of this motion, Merck states as follows:

1. On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in the Master Settlement Agreement ("Agreement" or "MSA"). By submitting an Enrollment Form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4.

2. Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program. *See* MSA § 1.2.3.

3. As part of the settlement process, claimants must submit to the Claims Administrator (BrownGreer) complete Claims Packages, including all of the required pharmacy, medical and event records, as well as properly and fully executed Releases and Medical and Employment Record Authorization Forms. *See* MSA §§ 1.3.1, 1.2.2.1. Additionally, claimants with lawsuits pending against Merck must provide properly and fully executed Stipulations for Dismissal With Prejudice. *See* MSA § 1.2.2.1.

4. In order to be eligible for payment, claimants must meet, among other criteria, the injury, duration, and proximity gate criteria as defined in the MSA and as determined by the Claims Administrator. *See* MSA §§ 2.1, 2.2, 2.3. If the Claims Administrator determines that a

---

[1] Plainly, plaintiffs should not be able to avail themselves of an extension of time to do a Lone Pine expert report under PTO 43 by submitting a late FES.


- 3 -

claimant does not meet the requisite gate requirements, the Gate Committee takes a further review.  *See* MSA § 2.5.  If the Gate Committee also determines that a claimant is not eligible, the claimant may appeal the Gate Committee's determination to the Special Master as set forth in the MSA.  *See* MSA § 2.6.  The Special Master's decision on whether the claimant is eligible is binding, final, and non-appealable.  *See* MSA § 2.6.3.

5.     Alternatively, program claimants who choose not to appeal the Gate Committee's determination of ineligibility may exit the Resolution Program, and obtain return of their release and stipulation of dismissal, by properly executing and delivering a Future Evidence Stipulation within thirty days of the Claims Administrator's notice to the claimant or their counsel of the notice of ineligibility.  See MSA § 2.7.3.  If the FES is not executed and delivered within thirty days, the MSA directs the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck which Merck may file or cause to be filed in any relevant action or proceeding.  *See* MSA § 2.7.2.

6.     The claimants on the attached Exhibits A and B are plaintiffs in cases pending on this MDL docket who enrolled in the Resolution Program and were eligible to execute a Future Evidence Stipulation.  In each instance, however, the FES was not delivered to the Claims Administrator within thirty days of the notice of ineligibility.  The instructions for delivery of an FES, as established by the Claims Administrator, require only that the FES be "postmarked or placed in the hands of a carrier" on or before the deadline.  Therefore, in accordance with the terms of the Settlement Program, these plaintiffs do not have any further rights under the Resolution Program, and Merck may file the Stipulations of Dismissal delivered to Merck by the Claims Administrator.

- 4 -

7. However, in order to preclude any contentions raised by plaintiffs seeking to explain and/or excuse the delay in submitting the FES, the record also reflects that with respect to each of these cases, plaintiffs *also* did not provide a Lone Pine expert report, in accordance with the provisions of PTO 43. In PTO 43 this Court ordered that all claimants who deliver an FES to the Claims Administrator shall file a Lone Pine expert report within thirty days. The plaintiffs listed on Exhibit A failed to submit their expert reports within thirty days of their untimely FES. Moreover, with respect to *all* of the plaintiffs on Exhibits A and B, thirty days has passed since PTO 43 was entered and their FES was originally due. Therefore, for that reason, as well, the claims of each of the plaintiffs listed in Exhibits A and B should be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, because all of the plaintiffs listed in the Exhibits to this Motion failed to file timely FESs in order to preserve their claims, as required under the Master Settlement Agreement, *and* also failed to comply with PTO 43 requiring, inter alia, case specific expert reports, Merck respectfully requests that this Court enter an order to show cause as to why the Stipulations of Dismissal delivered to Merck should not be entered, or these cases otherwise dismissed with prejudice.

990581v.1

- 5 -

Dated:  September 4, 2009

                        Respectfully submitted,


                        By: /s/ Dorothy H. Wimberly
                            Phillip A. Wittmann, 13625
                            Dorothy H. Wimberly, 18509
                            STONE PIGMAN WALTHER
                            WITTMANN L.L.C.
                            546 Carondelet Street
                            New Orleans, Louisiana 70130
                            Phone: 504-581-3200
                            Fax:    504-581-3361

                        Defendants' Liaison Counsel

                         —and—


                            Douglas R. Marvin
                            Eva Petko Esber
                            M. Elaine Horn
                            WILLIAMS & CONNOLLY LLP
                            725 Twelfth Street, N.W.
                            Washington, D.C. 20005
                            Phone: 202-434-5000
                            Fax:    202-434-5029


                       Attorneys for Merck & Co., Inc.

990581v.1

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd th day of September, 2009.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel

990581v.1