UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>*Orange County, New York v. Merck & Co., Inc.; Docket No. 08-5215* | **MDL 1657**<br><br><br>**HON. ELDON E. FALLON** |

**PLAINTIFF ORANGE COUNTY, NEW YORK'S
MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

_____

LEVY PHILLIPS & KONIGSBERG, LLP
Quakerbridge Executive Center
101 Grovers Mill Road
Lawrenceville, New Jersey 08648
New York, New York 10022

DePROSPO, PETRIZZO & LONGO
42 Park Place
Goshen, New York 10924

Of Counsel:

    Steven J. Phillips
    Diane Paolicelli
    Roxanne DeFrancesco
    William L. DeProspo

00145737.WPD

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      ORANGE COUNTY'S ACTION SHOULD BE REMANDED TO NEW JERSEY
        STATE COURT BECAUSE MERCK FAILS IN ITS BURDEN TO ESTABLISH
        A BASIS FOR REMOVAL TO FEDERAL COURT . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      Orange County's Case Should Be Remanded To New Jersey State
                Court Because Merck Fails To Sustain Its Burden Of Demonstrating
                That Plaintiff's State Law Causes Of Action Cannot Be Resolved
                Without The Resolution Of Substantial Issues Of Federal Law . . . . . . . . . . . . . 7

        B.      Federal Courts Consistently Repudiate Attempts To Expand Federal
                Jurisdiction Over Suits Comprised Of State Law Claims . . . . . . . . . . . . . . . . . . 14

        C.      Orange County's Claims Are Based Strictly On State Law And Do
                Not Require Resolution of Questions of Federal Law   . . . . . . . . . . . . . . . . . . . . 16

        D.      New Jersey State Court Is The Ideal Venue For Orange County's
                Action Against Merck . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**:

*Alaska v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 52783 (D. Alaska July 28, 2006) . . . . . . . . . . 8

*Batoff v. State Farm Ins. Co.,* 977 F.2d 848 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Biovail Corp. v. S.A.C. Capital Management* (D.N.J. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Blue Cross v. Philip Morris*, 3 N.Y.3d 200, 818 N.E.2d 1140, 785 N.Y.S.2d 399 (2004) . . . . . 18

*Boyer v. Snap-On-Tools Corp.,* 913 F.2d 108 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Caggiano v. Pfizer, Inc.*, 384 F. Supp.2d 689 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*County of Santa Clara v. Astra USA, Inc.,* 401 F. Supp.2d 1022 (N.D. Cal. 2005) . . . . 11, 12, 18

*Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121,
    165 L. Ed.2d 131 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 14

*Fagin v. Gilmartin*, 2007 U.S. Dist. LEXIS 7256 (D.N.J. Feb. 1, 2007) . . . . . . . . . . . . . . . 15, 16

*Fairfax Financial Holdings Limited v. S.A.C. Capital Management, LLC, et al.,*
    2007 U.S. Dist. LEXIS 39214 (D.N.J. May 15, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fairfax Financial*, 2007 U.S. Dist. LEXIS 39214 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for
    Southern Cal.*, 462 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12-14

*Gaidon v. Guardian Life Ins.*, 94 N.Y.2d 330, 725 N.E.2d 598, 704 N.Y.S.2d 177 (1999) . . . . 17

*Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314 (N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing,*
    545 U.S. 308 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Hawaii v. Abbott Labs, Inc.*, 469 F. Supp.2d 842 (D. Hawaii Oct. 27, 2006) . . . . . . . . . . . . . . . . 8

*Hemberger v. Mansfield Township Board. of Education*, 2007 U.S. Dist. LEXIS
    81512 (D.N.J. Nov. 1, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp.2d 551 (D.N.J. 1999) . . . . . . . . . . . . . . . . . 15

*In re Orthopedic "Bone Screw" Prods. Liability Litigation*, 132 F.3d 152 (3d Cir. 1997) . . . . . 5

*In re Vioxx Products Liability Litigation*, 501 F. Supp.2d 776 (2007) . . . . . . . . . . . . . . . . . . . . . 7

*In re Zyprexa Products Liability Litigation,* 375 F. Supp.2d 170 (E.D.N.Y. 2005) . . . . . . . 10, 11

*International Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*,
    192 N.J. 372 (N.J. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) . . . . . . . . . . 6, 11-14, 20

*Minnesota v. Pharmacia Corp.*, 2005 U.S. Dist. LEXIS 27638 (D. Minn. Oct. 22, 2005) . . . . . . 8

*Missouri v. Mylan Labs, Inc.*, 2006 U.S. Dist. LEXIS 32570 (E.D. Mo. May 23, 2006) . . . . . . . 8

*N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 842 A.2d 174
    (App. Div.), *certif. denied*, 178 N.J. 249, 837 A.2d 1092 (2003) . . . . . . . . . . . . . . . . . . . 17

*New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321 (5th Cir. 2008) . . . . . . . . . . . . . . 5

*New York v. Lutheran Ctr. for the Aging Inc.*, 957 F. Supp. 393 (E.D.N.Y. 1997) . . . . . . . . . . . 8

*Penn. Employees Benefit Fund*, 2007 U.S. Dist. LEXIS 74579 . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Pennsylvania Employees Health Benefit Trust Fund v. Eli Lilly & Co. et al.*,
    U.S. Dist. LEXIS 74579 (E.D.Pa. Oct. 5, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Pennsylvania v. TAP Pharmaceutical Prods., Inc.*, 415 F. Supp.2d 516 (E.D. Pa. 2005) . . . . . . 8

*PNC Bank v. PPI Electric Utilities Corp.*, 189 Fed. Appx. 101 (3d Cir. 2006) . . . . . . . . . . . . . 14

*Railway Labor Executives Ass'n v. Pittsburgh & L.E.R. Co.*, 858 F.2d 936 (3d Cir. 1988) . . . . 20

*Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959) . . . . . . . . . . . . . . . . . . . 6

*Samuel- Bassett v. KIA Motors Am. Inc.*, 357 F. 3d 392 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . 5

iii

*Scott v. Sysco Food Service of Metro New York, L.L.C.*, 2007 U.S. Dist. LEXIS 79519 . . . . . . . 6

*South Carolina v. Eli Lilly & Co.*, 2007 U.S. Dist. LEXIS 56847 (D. S.C. Aug. 3, 2007) . . . . . . 7

*South Carolina v. Jannsen Pharmaceutical, Inc.*, 2007 U.S. Dist. LEXIS 49904
    (D.S.C. July 10, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*State v. Estate of Frankel*, 65 A.D.2d 788 (App. Div.2d Dept. 1978) . . . . . . . . . . . . . . . . . . . . . 18

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Utah v. Eli Lilly & Co.*, 2007 U.S. Dist. LEXIS 65571 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Weinstock v. J.C. Penney Co.*, 2007 N.Y. Misc. LEXIS 481 (N.Y. Sup. Ct. 2007) . . . . . . . . . . 18

*Wisconsin v. Abbott Labs*, 390 F. Supp.2d 815 (W.D. Wis. 2005) . . . . . . . . . . . . . . . . . . . . . . . 8

*Wyeth v. Levine*, 555 U.S. ____ (2009), 2009 WL 529172 . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 11

**Statutes**:

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

28 U.S.C. § 1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

General Business Law § 349(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

New Jersey Consumer Fraud Act 56:8-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

New York False Claims Act, NYCLS STFIN Sections 187-190 . . . . . . . . . . . . . . . . . . . . . . 3, 19

New York Finance Law § 187 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

New York General Business Law, NY CLS Gen. Bus. Sections 349 and 350 . . . . . . . . . . . . . . 3

New York Social Services Law Section 145-b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 18

**PRELIMINARY STATEMENT**

Plaintiff Orange County ("Plaintiff" or "Orange County") filed this action against Defendant Merck & Co., Inc. ("Merck" or "Defendant") in the New Jersey Superior Court, Atlantic County, to recover the substantial public funds it expended for the prescription painkiller, Vioxx, as a consequence of a fraudulent marketing scheme perpetrated by Merck.  In so doing, Plaintiff's action became one of thousands of Vioxx cases presided over by the Honorable Carol Higbee for the last five years in the New Jersey Vioxx Coordinated Proceedings.  Orange County's Complaint alleges violations of New Jersey and New York statutory and common law, and is founded upon Merck's campaign of misrepresentations, suppression and concealment of the dangers of Vioxx. Plaintiff alleges no violations of federal law, nor do any of the state law claims asserted remotely require the resolution of any federal issue.

Against this background, Merck removed this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  Plaintiff now moves this Court for remand of the case to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c), inasmuch as there is patently no basis for federal jurisdiction, and the claims asserted in the Complaint are, at bottom, garden variety state law claims.

Plaintiff carefully and properly chose the New Jersey Vioxx Coordinated Proceedings as the forum for this lawsuit.  New Jersey is Merck's home state, and the decisions underlying Defendant's fraudulent marketing activities emanated from New Jersey.  Jurisdiction is patently proper in New Jersey State Court.

Further, Judge Higbee is intimately familiar with the litigation, having presided over thousands of Vioxx cases in the last five years, and sat through several Vioxx personal injury and consumer fraud trials.  Judge Higbee has decided innumerable Vioxx motions, including crucial substantive motions respecting the New Jersey Consumer Fraud Act ("CFA"), violations of which

are alleged in Plaintiff's Complaint, along with New York state claims.  Indeed, Judge Higbee is currently presiding over a number of so-called "third-party payor" actions brought by health insurers, unions, and others who – like Plaintiff – claim that Merck is liable to reimburse them for Vioxx expenditures.

In short, as set forth in Point I, *infra*, Plaintiff's motion for remand should be granted because it will preserve judicial resources, and is otherwise appropriate given the lack of federal subject matter jurisdiction.  Merck, of course, has been actively defending thousands of cases before Judge Higbee, and would suffer no prejudice or inconvenience in having this case heard in New Jersey State Court.

But more to the point, this case does not belong in federal court because there simply is no basis for federal subject matter jurisdiction. As set forth *infra*, Merck failed to identify a single specific substantive question of federal law that must be decided in order to determine Merck's liability.  Without claiming such a question, Merck cannot satisfy its heavy burden of demonstrating federal subject matter jurisdiction.  Moreover, Plaintiff can establish Merck's liability on its state and local law claims without having to resolve any actually disputed and substantial questions of federal law that could appropriately be decided by a federal court.

Plaintiff's claims are about Merck's fraudulent conduct, perpetrated through its army of highly scripted sales representatives, who sought to increase sales of Vioxx by concealing the drug's substantial cardiovascular risks.  To establish liability under its causes of action, Plaintiff will show that Merck had knowledge of Vioxx's heightened risk of heart attacks and strokes and lack of comparative efficacy, but, in order to preserve and increase Merck's profits, embarked on a campaign to conceal or minimize the significance of these risks and mislead physicians and

consumers.   As a direct consequence, doctors in Orange County wrote thousands of Vioxx prescriptions for which Plaintiff paid.  Plaintiff's causes of action thus involve garden variety state law claims, not federal law, and do not open the door to federal court.

## FACTUAL BACKGROUND

On September 8, 2008, Orange County filed its complaint against Merck in Superior Court of New Jersey Law Division, Atlantic County.  Atlantic County, New Jersey is the home to the New Jersey Coordinated Vioxx Proceedings where thousands of individual, third party payor and other cases alleging claims arising out of substantially the same set of facts have been pending. Orange County's Complaint alleges that while the prescription drug Vioxx was on the market, Orange County, on behalf of the beneficiaries for whom it pays prescription drug costs, paid for Vioxx where it would not have, or paid more for Vioxx than it otherwise should have, due to the unlawful marketing, advertising, promotion and sale of the drug.  Orange County asserts claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.,* New York General Business Law, NY CLS Gen. Bus. Sections 349 and 350; violation of the New York Social Services Law Section 145-b; and the New York False Claims Act, NYCLS STFIN Sections 187-190, breach of express and implied warranties, common law fraud and misrepresentation, unjust enrichment and restitution.

Plaintiff alleges that Merck misrepresented and concealed material facts in information given to end users, physicians, pharmacies, the general public and third party payors such as Orange County concerning the cardiovascular and gastrointestinal risks associated with Vioxx. Additionally, Merck made false and intentionally misleading representations and omitted material facts about the safety and efficacy of Vioxx as compared with alternative non-steroidal anti-

inflammatory drugs. [Complaint ¶ 8.] Merck's VIGOR Study, completed in 2000, showed that Vioxx patients were five times more likely to suffer heart attacks than patients on the pain medication naproxen. [Complaint ¶¶ 40]  In its communications to physicians and consumers, Merck sought to minimize the negative information about the cardiovascular effects of Vioxx. [Complaint ¶ 57.] Merck also engaged in a massive direct-to-consumer advertising campaign that failed to warn consumers about the cardiovascular effects of Vioxx.  [Complaint ¶ 61.]  Not until September 2004 did Merck remove Vioxx from the market because of its cardiovascular risk, including increased risk of heart attack and stroke.  [Complaint ¶ 75.]

On October 10, 2008 Defendant removed this case from the Superior Court of New Jersey, Atlantic County to the United States District Court for the District of New Jersey.  On October 17, 2008 Defendant filed a motion to stay the proceedings pending its possible transfer to MDL 1657.  In the interests of judicial economy, on October 31, 2008 Plaintiff filed a response to Defendant's motion indicating that it did not formally oppose a stay of the action pending a decision of the Panel, and reserving its right to challenge subject matter jurisdiction.  On December 5, 2008 Magistrate Judge Joel Schneider granted Defendant's motion for a stay pending the possible transfer, and on the same day the Panel entered a Conditional Transfer Order transferring the case to the MDL.  On December 23, 2008 the Panel finalized the Transfer Order and lifted the stay.

## ARGUMENT

**I.**    **ORANGE COUNTY'S ACTION SHOULD BE REMANDED TO NEW JERSEY STATE COURT BECAUSE MERCK FAILS IN ITS BURDEN TO ESTABLISH A BASIS FOR REMOVAL TO FEDERAL COURT**

As an initial matter, it is important to note that Plaintiff herein filed its Complaint in New Jersey - Merck's home state - as part of the existing coordinated Vioxx proceedings.  For years,

Merck has been actively involved in defending these New Jersey filed cases.  To Plaintiff's knowledge, there are dozens of cases, which include third party payor cases like Plaintiff's, in which Merck has not attempted to argue lack of subject matter jurisdiction, as it does here, on the slim basis that Vioxx was approved by a federal agency.  Furthermore, such an argument fails since earlier this year the United States Supreme Court held in *Wyeth v. Levine*, 555 U.S. ____ (2009), 2009 WL 529172, that the FDCA does not preempt state failure to warn claims.  Like the facts in *Wyeth* and the other consumer and third party payor Vioxx actions pending in state court, this case involves garden variety state law claims.  This case, too, properly belongs in the New Jersey Coordinated Vioxx Proceedings because Merck has not, and cannot meet its burden to show that federal subject matter jurisdiction is appropriate.

It is undisputed that as the party which removed this action, pursuant to 28 U.S.C. § 1441, Merck bears the burden of demonstrating that federal subject matter jurisdiction exists. *See, e.g., New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 327 (5th Cir. 2008)*; Samuel-Bassett v. KIA Motors Am. Inc.*, 357 F. 3d 392, 396 (3d Cir. 2004); *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir. 1995)*; Boyer v. Snap-On-Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990). This burden is not easily met, as federal courts strictly construe Section 1441 against removal.  *See, e.g., Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992).  *See also In re Orthopedic "Bone Screw" Prods. Liability Litigation*, 132 F.3d 152, 155 (3d Cir. 1997) (finding that remand is mandatory where the party removing the action fails to sustain its burden).  In addition, our nation's highest Court has long construed federal question jurisdiction as a limited power.  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807 (1986); *Verlinden B.V. v. Central Bank*

*of Nigeria*, 461 U.S. 480, 494-5 (1983); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 379 (1959).

In order to satisfy its heavy burden Merck must show that the "face of plaintiff's properly pled complaint" presents a federal question. *See Scott v. Sysco Food Service of Metro New York, L.L.C.*, Civ. A. No. 07-3656 (SRC), 2007 U.S. Dist. LEXIS 79519 (D.N.J. October 26, 2007)(*quoting Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This requirement is known as the "well pleaded complaint rule." *Id.* "[T]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Caterpillar, Inc.*, 482 U.S. at 398-399. Because Merck cannot establish that a federal question exists on the face of plaintiff's complaint it invokes an exception to the well-pleaded complaint rule on which federal jurisdiction may exist:

> (1)  where state law creates the cause of action, federal jurisdiction will exist where in order to adjudicate the cause of action it is necessary to resolve a substantial, disputed federal issue; <u>and</u>
>
> (2)  where plaintiff's claim is really one of federal law and comity calls for the exercise of federal subject matter jurisdiction.

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2131, 165 L. Ed. 2d 131 (2006); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing*, 545 U.S. 308 (2005); *Merrell Dow Pharmaceuticals*, 478 U.S. 804, 813; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 462 U.S. 1, 17-18 (1983). As demonstrated in greater detail below, this exception does not save Merck's attempts at removing this case from its original and proper venue in New Jersey State Court.

A.    **Orange County's Case Should Be Remanded To New Jersey State Court Because Merck Fails To Sustain Its Burden Of Demonstrating That Plaintiff's State Law Causes Of Action Cannot Be Resolved Without The Resolution Of Substantial Issues Of Federal Law**

In the instant matter, Merck has identified two federal statutory schemes - the Food, Drug & Cosmetic Act ("FDCA") and federal Medicaid law as it basis for removal. [Notice of Removal at ¶ 8.]   Yet, Merck has not identified a single federal issue, actually disputed and substantial, that must be resolved in order to establish its liability. Critically, since Merck filed its Notice of Removal in this case, the United States Supreme Court has held that the FDCA does not preempt a state law failure to warn claim.  *Wyeth*, 555 U.S. at  ___, 2009 WL 529172 at *13. Similarly, this Court has held that individual personal injury "plaintiffs' [failure to warn] claims against Merck in this multidistrict litigation are not preempted in any respect because they do not actually conflict with federal law."  *In re Vioxx Products Liability Litigation*, 501 F. Supp.2d 776, 789 (2007).

Furthermore, federal courts have routinely granted remand motions and rejected arguments that state law claims give rise to federal jurisdiction based on the FDCA and federal Medicaid laws.  *See*, *e.g., Utah v. Eli Lilly & Co.*, 2007 U.S. Dist. LEXIS 65571 (remanding action seeking to recover Medicaid funds from maker of prescription drug Zyprexa under a state False Claims Act because no federal question was essential to resolution of the state law claims and congressional intent was that federal jurisdiction would not be proper); *South Carolina v. Eli Lilly & Co.*, No. 7:07-18750HMH, 2007 U.S. Dist. LEXIS 56847 (D. S.C. Aug. 3, 2007) (remanding a Zyprexa case seeking recovery of Medicaid funds); *South Carolina v. Jannsen Pharmaceutical, Inc.*, No.6:07-1452-HMH, 2007 U.S. Dist. LEXIS 49904, at *5 (D.S.C. July 10, 2007) (remanding action seeking recovery of Medicaid funds concerning the prescription drug Risperdal); *Hawaii v. Abbott*

*Labs, Inc.*, 469 F. Supp. 2d 842 (D. Hawaii Oct. 27, 2006) (remanding False Claims Act case seeking recovery of Medicaid funds based on fraudulent setting of Average Wholesale Prices ("AWP") of prescription drugs); *Alaska v. Eli Lilly & Co.*, No. 3:06-cv-88 TMB, 2006 U.S. Dist. LEXIS 52783 (D. Alaska July 28, 2006) (remanding Zyprexa case seeking recovery of Medicaid funds); *Missouri v. Mylan Labs, Inc.*, No. 4:06CV603 HEA, 2006 U.S. Dist. LEXIS 32570 (E.D. Mo. May 23, 2006) (remanding action seeking recovery of state funds due to fraudulent setting of AWP); *Caggiano v. Pfizer, Inc.*, 384 F. Supp.2d 689 (S.D.N.Y. 2005) (remanding plaintiff's case although it was "peppered with allegations that manufacturers violated federal law"); *Minnesota v. Pharmacia Corp.*, No. 05-1395(PAM/JSM), 2005 U.S. Dist. LEXIS 27638 (D. Minn. Oct. 22, 2005) (remanding Medicaid Fraud Act case concerning setting of AWP); *Wisconsin v. Abbott Labs*, 390 F. Supp.2d 815 (W.D. Wis. 2005) (remanding action seeking recovery of state funds due to fraudulent setting of AWP); *Pennsylvania v. TAP Pharmaceutical Prods., Inc.*, 415 F. Supp.2d 516 (E.D. Pa. 2005) (remanding AWP case); *New York v. Lutheran Ctr. for the Aging Inc.*, 957 F. Supp. 393, 400-1 (E.D.N.Y. 1997) (remanding plaintiff's case which contained state law claims based on wrongfully obtaining New York Medicaid benefits).

Merck chiefly relies on the narrow ground of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing,* 545 U.S. 308, to support its removal of this action to federal court. In *Grable*, the United States Supreme Court provided an alternate route to federal court if the following question could be answered affirmatively -

> [D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable*, 545 U.S. at 314.  Accordingly, to answer this question, this Court must examine the causes of action in Plaintiff's Complaint and decide whether Merck's liability can only be established by first resolving issues of federal law which are both "actually disputed and substantial," and appropriate for federal court.

However, as a prerequisite to this making any determination, Merck must articulate what "issues of federal law" actually exist.  Merck has identified the FDCA and the federal Medicaid law. [Notice of Removal at ¶ 8.]  Yet, Merck has not identified a single federal issue, actually disputed and substantial, that must be resolved in order to establish its liability.  In its Notice of Removal, Merck asserts that "the claim in this case is implicitly and explicitly premised upon alleged violations of *federal* Food, Drug & Cosmetic Act . . .," and "plaintiff's claim for recovery of monies spent by Orange County on Vioxx necessarily implicates federal laws and regulations related to Medicaid . . .".  *See Id.*  However, simply reciting these federal laws and some of their provisions falls afoul of the *Grable* standard.  Merck must demonstrate that Plaintiff's state law claims "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues . . .," and it has not done so.  *Id.* at 312.

Moreover, the number of cases which have been removed successfully under *Grable* are a "special and small category".  *Empire Healthchoice Assur.*, 126 S. Ct. 2121, 2136.  In fact *Grable* has been identified as "exemplary." *Id.*  As explained by the *Empire Healthchoice* Court:

> The dispute [in *Grable*] centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as "substantial," and its resolution was both dispositive of the case and would be controlling in numerous other cases . . . *Grable* presented a nearly "pure issue of law," one that could be

> settled once and for all and thereafter would govern numerous tax
> sale cases.

*Id.* at 2137.   Accordingly, it is clear that our nation's highest Court does not view the *Grable*

exception as one which serves as a basis for federal jurisdiction routinely or easily, but rather as an

onerous road to federal court.

　　　　In its attempt to assert federal jurisdiction under *Grable*, Merck cites to portions of

Plaintiff's Complaint which Merck alleges identifies disputed, substantial federal issues.  [Notice

of Removal at ¶¶ 11-20.]  Merck relies heavily on *In re Zyprexa Products Liability Litigation,* 375

F. Supp.2d 170 (E.D.N.Y. 2005), a less than three-page New York district court opinion, to support

its contention that "[o]ther courts have recognized that federal jurisdiction exists under *Grable* over

actions, like this one, in which Plaintiffs' state law claims are premised on violations of the FDCA

and cases in which Plaintiffs seek to reimbursement of Medicaid expenditures."  [Notice of Removal

at ¶ 21.]  However, unlike *Zyprexa*, Plaintiff here is not pursuing any claim against Merck for

improper off-label use.  *Id.* at 172.  As the *Zyprexa* Court found: "The specific allegations and subtle

distinctions in pleadings among pharmaceutical cases...," is what will qualify federal jurisdiction.

*Id.*

　　　　While the complaint in *Zyprexa* alleged "violation of federal law through improper

off-label use," and the court found this might entail "a core of substantial issues more federally

oriented than those in *Merrell Dow*," the same cannot be said here.  *Id.* at 172-3.  Plaintiff's case is,

at bottom, a consumer fraud case that belongs in state court.  Merck has essentially conceded as

much in the Vioxx actions pending before Judge Higbee in the coordinated proceedings.  Each and

every one of those actions are premised on the sale of an FDA approved drug in the precise manner

as Orange County's claim, and Merck has not sought to remove any of them to Plaintiff's knowledge

00145737.WPD                                11

on the purported grounds that one-time FDA approval of Vioxx means that the litigation belongs in federal court. Critically, since Merck filed its notice of removal in this case, the United States Supreme Court has held that the FDCA does not preempt a state law failure to warn claim. *Wyeth v. Levine*, 555 U.S. ___ (March 4, 2009).

Nor is the fact that the federal government established a Medicaid program any reason to keep this in federal court. Again, New York State law explicitly allows counties like Orange County to bring actions in state court against parties who caused the payment of County Medicaid funds under false or fraudulent pretense, as Orange County claims here. This is state law consumer fraud, no more and no less.

Similarly, Merck's reliance on *County of Santa Clara v. Astra USA, Inc.,* 401 F. Supp.2d 1022, 1026 (N.D. Cal. 2005) is also misplaced. There, Plaintiff's claim for an accounting alleged that defendants charged in excess of the amount required by federal statute and contract. Here, Plaintiff's claims are not at all based on the existence of any federal statute governing the price charged for Vioxx. Rather, Plaintiff claims that it paid for more Vioxx than it should have because of Merck's improper marketing practices. Merck's practices led to greater demand for Vioxx and the drafting of more prescriptions by physicians. This is consumer fraud, a creation of state law. Orange County's claims seek disgorgement of funds improperly or fraudulently obtained by Merck in total. There will be no need to calculate statutory overcharges or to compensate for statutory discounts not paid as in *Santa Clara.*

Merck's mere mention of federal laws which touch upon Orange County's claims is not grounds for removal. *Merrell Dow Pharmaceuticals Inc.*, 478 U.S. 804, 813. For example, in *Franchise Tax Board of Calif.*, 463 U.S. 1, 28, the Supreme Court remanded the Plaintiff's case back

to the Superior Court of California and held that a "suit by tax authorities both to enforce its levies against funds held in trust pursuant to an ERISA-covered employee benefit plan, and to declare the validity of the levies, notwithstanding ERISA, is neither a creature of ERISA itself nor a suit of which the federal courts will take jurisdiction because it turns on a question of federal law."  Even though the central issue in *Franchise Tax Board* hinged on the meaning of ERISA, 29 U.S.C. § 1001 et seq., the U.S. Supreme Court still held that federal jurisdiction was lacking. *Id.*; *see also Merrell Dow*, 478 U.S. at 809.  Accordingly, Merck's suggestion of an implicit or explicit federal scheme in Plaintiff's claims is insufficient to rob the state court of jurisdiction.

Further, there is no private right of action for the federal claims mentioned in Merck's Notice of Removal. That is, Congress specifically chose not to allow private plaintiffs to sue in federal court based on the precise federal statutes Merck is attempting to use as a basis for removal, the FDCA and the federal Medicaid laws.  Although Merck dismisses this as a non-issue, [Notice of Removal at ¶ 10,] it is clearly indicative of Congressional intent to preserve such matters for the state.  *Grable*, 545 U.S. at 311-12.

In *Merrell Dow Pharmaceuticals Inc.,* the Supreme Court specifically addressed "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private actions for violations of that federal action, makes the action one 'arising under the Constitution, laws, or treatises of the United States.'" 478 U.S. at 805.  Count IV of the *Merrell Dow* plaintiff's complaint alleged that the drug Benedictin was misbranded in violation of the FDCA.  *Id.* at 805.  Specifically, the plaintiff's causes of action identified the FDCA as an available measure of Merrell Dow's alleged negligence.  *Id.* at 807.  Among other arguments, the petitioner in *Merrell Dow* argued, as Merck does here, that federal question

jurisdiction was appropriate because "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* at 813. [Notice of Removal at ¶ 10.]

Rejecting this argument, the Supreme Court cited to *Franchise Tax Board* and "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Id.* The Court went on to conclude that:

> [T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal- question jurisdiction.

*Id.* at 814. While the *Grable* Court later held that the absence of a private right of action is indeed "relevant to, but not dispositive of" congressional intent, it still embraced the principles and reasoning of *Merrell Dow* finding that permitting federal jurisdiction over state-law tort cases "implicating federal law" would present a "potentially enormous shift of traditionally state cases into federal courts." 545 U.S. at 318. *Grable* concludes that: "[i]n this situation, no welcome mat meant keep out. *Merrell Dow's* analysis fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." *Id.* As such, Merck cannot make short shrift of the fact that the both the FDCA and the federal Medicaid provisions do not permit a private right of action.

## B. Federal Courts Consistently Repudiate Attempts To Expand Federal Jurisdiction Over Suits Comprised Of State Law Claims

The United States District Courts for the District of New Jersey and the Eastern District of Pennsylvania consistently apply *Grable, Merrell Dow, Franchise Tax, and Empire*

*Healthchoice, supra*, to deny federal jurisdiction to cases, like Orange County's, which are firmly grounded in state law.  Most recently, in *Hemberger v. Mansfield Township Board. of Education*, Civ. A. No. 07-3805 (MLC), 2007 U.S. Dist. LEXIS 81512 (D.N.J. Nov. 1, 2007) a federal court granted an order to show cause and remanded the plaintiff's state-law based employment case. Although the plaintiff in *Hemberger* never raised a federal cause of action, the defendant, relying on *Grable, supra*, and *PNC Bank v. PPI Electric Utilities Corp.*, 189 Fed. Appx. 101 (3d Cir. 2006), argued that federal jurisdiction was proper because plaintiff alleged she was fired as a result of reporting to the New Jersey Division of Youth and Family Services that preschool autistic children were being mistreated in violation of the Individuals with Disabilities Act and other federal laws. The Court held that "*Grable* and this case are 'poles apart', as the dispute in *Grable* centered on the action of a federal agency (IRS) and its compatibility with a federal statute . . . this employment action was not triggered . . . by the action of any federal department, agency, or service."  *Id.* at *2.

Similarly, in *Pennsylvania Employees Health Benefit Trust Fund v. Eli Lilly & Co. et al.*, Civ. A. No. 07-2057, 2007 U.S. Dist. LEXIS 74579 (E.D.Pa. Oct. 5, 2007), an employee benefit fund filed suit against three pharmaceutical manufacturers alleging under state law that "the Defendants ha[d] each promoted and marketed their respective drugs for non-medically necessary uses, and ha[d] caused the Fund's participants to improperly submit claims for reimbursement to the Fund related to non-medically necessary uses."  *Id*. at *4.  Defendants removed the case to federal court under *Grable* stating that the claims raised by plaintiff implicated issues arising under the FDCA.  *Id.* at *5.  In its analysis, the Court found that in order to establish liability, the Fund had to prove that the "Defendants' fraudulent promotion of their respective drugs caused false or fraudulent claims to be submitted to the Fund for reimbursement . . .," and that the "central question

00145737.WPD                                           15

is whether the Defendants' advertising and promotion methods violate Pennsylvania tort law . . .". *Id.* at *13.  The Court refuted outright Defendants' argument that the meaning of the terms "medically necessary" or "medically accepted indication," under federal law presented either a disputed or substantial federal issue.  *Id.* at *15-16.

In *Fairfax Financial Holdings Limited v. S.A.C. Capital Management, LLC, et al.*, Civ. A. No. 06-cv-4197 (DMC); 2007 U.S. Dist. LEXIS 39214 (D.N.J. May 15, 2007), plaintiff's complaint contained six counts, all alleging claims pursuant to New Jersey's RICO Statute and New Jersey common law.  *Id.* at *4.  Defendants removed the case, citing *Grable*, on the grounds that the predicate acts essential to the RICO claim were all violations of federal law.  *Id.* at *5.  The Court, citing to two other opinions with nearly identical claims, rejected defendants argument and remanded the case.  *Id.* (*citing Biovail Corp. v. S.A.C. Capital Management,* Civ. A. No. 06-1625; (D.N.J. 2007); *Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp.2d 551 (D.N.J. 1999)).

In *Fagin v. Gilmartin*, Civ. A. No. 03-2631 (SRC); 2007 U.S. Dist. LEXIS 7256 (D.N.J. Feb. 1, 2007), plaintiffs brought a shareholder derivative action against directors and officers of Merck and Medco Health Solutions Inc., alleging state law claims for unjust enrichment, breach of fiduciary duty, and contribution and indemnification.  *Id.* at *2-3.  Specifically plaintiffs alleged that defendants improperly listed pharmacy co-payments as company revenue on public documents, including SEC filings.  *Id.* at 3.  Remanding the action to state court, the *Fagin* Court provided the following instruction:

> That a court may be called upon to evaluate the offending conduct in light of what federal securities laws and regulations require does not federalize the claims for unjust enrichment, breach of fiduciary duty and contribution and indemnification.  The claims pled require the evaluation of duties that are at their core defined by state law.

*Id.* at \*15.   Plaintiff's allegations for state law fraud and misrepresentation are likewise not "federalized" merely because the FDA once approved Vioxx or the dollars spent by Orange County on Vioxx were for Medicaid recipients.

### C.   Orange County's Claims Are Based Strictly On State Law And Do Not Require Resolution of Questions of Federal Law

Analyzing each of Plaintiff's state law claims demonstrates clearly that not one of the seven counts in Orange County's Complaint requires the resolution of actually disputed or substantial issue of federal law.   Rather, each state law claim stands on its own and should and can be properly vetted in New Jersey State Court.

Count I of Plaintiff's Complaint alleges Merck's violation of the New Jersey Consumer Fraud Act ("NJCFA") (N.J.S.A. 56:8-1 *et seq.*).   The NJCFA imposes liability for any "person" including a corporation such as Merck, that employs "unconscionable" or "deceptive" conduct in connection with the sale or marketing of a product.   N.J.S.A. 56:8-2.   In this case it is alleged that:

> a.   Defendant knowingly suppressed and concealed from Plaintiff, the medical community, and end-users truthful and complete efficacy and safety information regarding Vioxx®, particularly comparative information between Vioxx® and traditional NSAIDs;

> b.   Defendant provided, disseminated, marketed, and otherwise distributed direct to consumer advertising and other information to end-users, physicians, and Plaintiff that omitted adequate warnings and suppressed material medical information regarding the use of Vioxx®;

> c.   Defendant misrepresented the safety and efficacy of Vioxx® in its advertising, promotional, and safety materials and information disseminated to end-users, physicians, and Plaintiff; and/or;

> d. Defendant engaged in unconscionable commercial practices in promoting Vioxx® as a drug with a greater safety and efficacy profile as compared to its NSAID competitors when the purported safety and efficacy benefits were unfounded.

*See* Pl. Compl. at ¶ 92. To succeed on this claim, Plaintiff will need only demonstrate that "three elements: (1) unlawful conduct . . .; (2) an ascertainable loss . . .; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *International Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (N.J. 2007) (*citing N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12-13, 842 A.2d 174 (App. Div.), *certif. denied*, 178 N.J. 249, 837 A.2d 1092 (2003)).

Count II alleges Merck's violation of New York General Business Laws ("GBL") §§ 349 and 350, New York State's consumer protection and false advertising laws. In violation of these laws, Plaintiff alleges that Merck willfully and intentionally, and in reckless disregard for the rights of Plaintiff and consumers, engaged in deceptive acts, including false advertising, which injured and damaged them. [Complaint at ¶¶ 97-104.] In order to satisfy GBL 349, "plaintiff's claim must be predicated on a deceptive act or practice which is 'consumer orientated.'" *Gaidon v. Guardian Life Ins.*, 94 N.Y.2d 330, 340, 725 N.E.2d 598, 704 N.Y.S.2d 177 (1999). In addition, the plaintiff must establish that he sustained an 'actual injury' *See, e.g., Blue Cross v. Philip Morris*, 3 N.Y.3d 200, 205-206, 818 N.E.2d 1140, 785 N.Y.S.2d 399 (2004)." *Weinstock v. J.C. Penney Co.*, 2007 N.Y. Misc. LEXIS 481, *3-4 (N.Y. Sup. Ct. 2007).

Under General Business Law § 349(h) "'[a] prima facie case requires … a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof'. . . .  Additionally, the allegedly deceptive acts, representations or omissions must be misleading to 'a reasonable consumer'." *Goshen v. Mut. Life*

*Ins. Co.*, 98 N.Y.2d 314, 324 (N.Y. 2002) (internal citations omitted).  The proofs are identical for section 350, only with specific focus on the act of false advertising.  *Id.*

Plaintiff's third count alleges that Merck violated New York Social Services Law § 145-b.  "Section 145-b of the Social Services Law gives 'the local social services district or the state' . . . the right to recover treble damages where public funds have been obtained fraudulently."  *State v. Estate of Frankel*, 65 A.D.2d 788 (App. Div. 2d Dept. 1978).  Simply put, section 145-b makes it unlawful for Merck to have knowingly obtained by means of false statement, concealment, or other fraudulent means, payment from Orange County's Medicaid dollars.  As previously stated, because this is not a claim to recover an overcharge,[1] Merck's citation to various and allegedly "implicated" federal Medicaid laws is not on point. [Notice of Removal at ¶¶ 12-16.]  Proof of this claim simply requires Plaintiff to show that Merck knowingly and fraudulently obtained Orange County's Medicaid funds for Vioxx, that the funds were spent for Medicaid recipients does not "federalize" claims that are patently a creation of New York State statutes.

In Count IV of Plaintiff's Complaint, Merck's violation of the New York False Claims Act, N.Y. Finance Law § 187 *et seq.* is alleged.  Plaintiff contends that Merck is liable pursuant to section 189, which imposes liability for one who:

>      (a)      knowingly presents, or causes to be presented, to any employee, officer or agent of the state or local government, a false or fraudulent claim for payment or approval;
>
>      (b)      knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or local government;
>
>      ©      conspires to defraud the state or a local government by getting a false or fraudulent claim allowed or paid;...

---

[1]      *See County of Santa Clara v. Astra USA, Inc.* discussed in Section I A *supra*.

> (d)      pay or transmit money or property to the state or a local shall
> be liable . . . Merck's liability on these grounds can be established by
> the multitude of false statements made to the public and Plaintiff
> through its aggressive marketing and advertising of Vioxx.

Counts V, VI, VII, and VIII allege common law claims for Breach of Express Warranty, Breach of Implied Warranty, Common Law Fraud and Misrepresentation, and Unjust Enrichment respectively.  As to the warranty claims, Plaintiff alleges that Merck both expressly and impliedly through its advertising, promotional and safety materials, to both Plaintiff and the public, warranted that Vioxx was safe and reasonably suitable and fit for its intended purpose.  To succeed on these claims, Plaintiff will show that Orange County, as a third party payor for Vioxx, suffered substantial money damages which stem directly from the falsity of Merck's advertising, promotional and safety materials.  As to the common law fraud and misrepresentation claims, Plaintiff alleges that Merck breached a duty it owed to Plaintiff to provide truthful and complete representations to third party payors such as Plaintiff, PBMs, physicians and the healthcare community, end-users and governmental entities, all of whom were foreseeable recipients of its representations.  Plaintiff alleges that Merck possessed superior knowledge and knew or should have known that such recipients would rely upon its misinformation and omissions.  To succeed on its claim Plaintiff will show that Merck knowingly misrepresented and omitted material information about Vioxx to Plaintiff and other foreseeable recipients with an intent that they rely upon it, and as a result of the reliance by these parties, Plaintiff suffered damages.

For its unjust enrichment claim, Orange County will demonstrate that Merck was unjustly compensated time and time again for a product, Vioxx, which was neither safe nor efficacious. And, by and through its deception regarding the true nature of the product, Merck forced Orange County to pay for a drug which had little or no value.

It is clear from an analysis of these claims that they do not "necessarily raise" any "actually disputed and substantial" issues of federal law.  These claims in no way rise and fall on sections of the FDCA nor the complexities of federal Medicaid law.  Insofar as Defendant invites this Court to look into the merits of Plaintiff's Complaint to find these alleged "hooks," such analysis would be wholly improper.  *See, e.g., Fairfax Financial*, 2007 U.S. Dist. LEXIS 39214, at *11 (*citing Merrell Dow*, 478 U.S. at 808; *Railway Labor Executives Ass'n v. Pittsburgh & L.E.R. Co.*, 858 F.2d 936, 939 (3d Cir. 1988) and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-2 (1998)).

D.   **New Jersey State Court Is The Ideal Venue For Orange County's Action Against Merck**

Even if this Court were to conclude that Merck has sustained its burden to show that Plaintiff's claims necessarily raise a disputed and substantial issue of federal law, this Court may not properly maintain federal jurisdiction if doing so would disturb the balance of federal and state judicial responsibilities.  *See, e.g., Fairfax Financial*, 2007 U.S. Dist. LEXIS 39214, at * 13; *Penn. Employees Benefit Fund*, 2007 U.S. Dist. LEXIS 74579, *23 (*citing Grable*, 545 U.S. at 313.).  "[E]ven when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto . . . because courts must consider the nature of the federal  and state interests and the resulting effect that exercise of jurisdiction would have on the traditional balance of responsibilities between state and federal courts."  *Grable*, 545 U.S. at 313-14.

The State of New Jersey has a strong and clear interest in this litigation.  Orange County filed this case in the New Jersey Superior Court in Atlantic County - a venue that is currently home to thousands of coordinated Vioxx proceedings.  In fact, according to Merck's November 1,

2007 10-Q filing, there had been over 15,000 Vioxx cases pending in the same venue. Moreover,

Judge Higbee has already considered and ruled upon key legal issues raised in Plaintiff's action,

including the applicability of the New Jersey CFA to third party payor claims like Plaintiff's. These

facts should weigh heavily in favor of remanding Orange County's case. Merck is already actively

defending cases with similar claims in its home state, and can hardly claim prejudice or

inconvenience in having Plaintiff's case heard in New Jersey.


### CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks this Court to remand this

action to the Superior Court of New Jersey, Atlantic  where it was filed.

Dated: New York, New York
         September 2, 2009

                              **LEVY PHILLIPS & KONIGSBERG , LLP**

                              By: _____/s/ Diane Paolicelli_____
                                    Steven J. Phillips (SP9658)
                                    Diane Paolicelli (DP3067)
                                    Roxanne DeFrancesco (RD5870)
                                    Quakerbridge Executive Center
                                    101 Grovers Mill Road
                                    Lawrenceville, New Jersey 08648
                                    t: (212) 605-6200
                                    f: (212) 605-6290
                                    dpaolicelli@lpklaw.com

                                    - and -

                              **DePROSPO, PETRIZZO, LONGO**
                                    William L. DeProspo
                                    42 Park Place
                                    Goshen, New York 10924
                                    (845) 294-8246
                                    *Attorneys for Plaintiff*