LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
HERMAN N. JOHNSON, JR.

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
TONI BRAXTON
*ABBY RICHARDSON
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
DANIEL E. ARCINIEGAS
JACOB A. KISER

CANDIS A. McGOWAN
ELIZABETH B. PANTAZIS
*JOSHUA R. GALE
OF COUNSEL
*Not Licensed in Alabama

August 27, 2009

**VIA CERTIFIED MAIL**
Mr. Hervie Martin
Post Office Box 1623
Oxford, Mississippi 38655

    RE:    Martin v. Merck & Company et al.

Dear Mr. Martin:

    Please find enclosed our firm's Motion to Withdraw in the above-styled matter. I have been advised by your lead counsel, Beasley Allen Crow, Methvin, Portis & Miles that you have filed a Future Evidence Stipulation and will continue to pursue your claims. Please be advised that our firm **will not** represent you in this phase of the case. You should obtain other counsel immediately. I have also enclosed a copy of Pretrial Order #36 for your file and information. You have 30 days from receipt of this letter to (i) secure new counsel; or (ii) contact the Pro Se Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana 70131; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that you are proceeding with your lawsuit pro se (that is, without representation of counsel).

    By copy of this letter I am advising Beasely Allen of our Motion to Withdraw. If you have any questions, please do not hesitate to call. Thank you very much.

Sincerely,

Craig L. Lowell

CLL/mw
Enclosure

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  VIOXX | * | MDL No. 1657 |
| | * | |
| Products Liability Litigation | * | |
| | * | SECTION: L |
| | * | |
| This Document Relates To | * | Judge Fallon |
| | * | |
| Hervie Martin, | * | Magistrate Judge Knowles |
| | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | |
| Merck & Co., Inc., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Civil Action No.  05-3421 | * | |

* * * * * * * * * * * * * *

## MOTION TO WITHDRAW AS COUNSEL
## FOR PLAINTIFF HERVIE MARTIN

**COME NOW** the undersigned Craig L. Lowell and Williams C. Cunningham, and hereby moves this Court for an Order permitting them to withdraw as counsel for Plaintiff **Hervie Martin** in the above-styled case. Plaintiff's last known Address is:

Hervie Martin
P.O. Box 1623
Oxford, MS 38655

1. Counsel seeks to withdraw from representation of this Plaintiff as Plaintiff was represented by both undersigned counsel and Beasley Allen, Crow, Methvin, Portis & Miles. During the settlement phase of the case, Beasley, Allen was lead counsel. Plaintiff received a Notice of Ineligibility and has opted to file a Future Evidence Stipulation. Undersigned counsel is not going to represent Plaintiff in this action and

has advised Plaintiff of the same. ( See attached Exhibit A) This motion pertains only to Plaintiff **Hervie Martin**.

WHEREFORE, premises considered the undersigned Craig L. Lowell, respectfully requests this Honorable Court to enter an Order granting permission for attorneys Craig L. Lowell and William C. Cunningham's withdrawal as attorneys of record for Plaintiff **Hervie Martin**. This will not affect any of the other plaintiffs claims in MDL-05-3421.

Respectfully submitted, this 28th day of August, 2009.

ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT
William C. Cunningham
Craig L. Lowell

**COUNSEL FOR PLAINTIFF**
William C. Cunningham
William C. Cunningham, Attorney at Law
P.O. Box 624
Columbus, MS 39703

Craig L. Lowell
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PRETRIAL ORDER NO. 36

Rules and Procedures Relating to Motions to Withdraw
<u>From Representation of a Client</u>

The Court has received from various counsel motions to withdraw from representation of a client. In order to ensure the uniform and orderly consideration of these motions, it is hereby **ORDERED** as follows:[1]

I. **MOTIONS TO WITHDRAW BASED ON THE GROUND THAT PLAINTIFF CANNOT BE FOUND OR FAILS TO RESPOND TO COMMUNICATIONS FROM COUNSEL**

    A.    Counsel seeking to withdraw from the representation of a plaintiff who cannot be found or who fails to respond to communications from Counsel shall file a motion so stating.

    B.    Plaintiffs' Counsel shall attach to the Motion a Certification (attached hereto as Exhibit A) signed by Counsel stating that Counsel:

        1.    Placed an advertisement or notice in a newspaper of general circulation for three (3) consecutive days serving the community in which the plaintiff last resided for the purpose of attempting to ascertain the whereabouts of the plaintiff.

---

[1] All motions to withdraw must also comply with Local Rule 83.2.11. All counsel should be aware that the Lexis/Nexis File & Serve system does *not* file a motion with the Court. Rather, counsel must file their motion to withdraw using the Court's CM/ECF system and then use the Lexis/Nexis File & Serve service to serve their motion on the parties to this litigation.

2. Sent a letter to the plaintiff by certified mail to the plaintiff's last known address that included the following:

   a. The Motion to Withdraw;

   b. A copy of this Order;

   c. A statement that plaintiff shall have thirty (30) days from receipt of the letter to (i) contact his or her counsel, (ii) secure new counsel or (iii) contact the Curator, Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator that the plaintiff is proceeding with his or her lawsuit pro se (that is, without representation of counsel);

   d. An explanation of the importance of proceeding with current counsel or securing new counsel familiar with the law and procedures in Federal Court; and

   e. An explanation that, unless plaintiff contacts current counsel, engages new counsel or contacts the Curator and proceeds pro se, the Motion to Withdraw will be considered by the Court and that, if the Court considers the steps taken to reach the plaintiff have been reasonable and without success, the Motion may be granted.

C. The Court will not consider any Motion to Withdraw pursuant to this Section I for a period of at least sixty (60) days after the filing of the Motion to allow counsel additional time to communicate with the plaintiff.

D. If the plaintiff has not been located or fails to respond to any communication from Counsel within sixty (60) days of filing the Motion, Plaintiff's Counsel shall file with the Clerk of Court a signed Certification (attached hereto as Exhibit B) that evidences that:

   1. Plaintiff's counsel has complied with all of the foregoing requirements of this Order;

   2. Plaintiff's Counsel has been unable to locate or communicate with the plaintiff;

   3. No Notice of Appearance for plaintiff has been filed by any other Counsel; and

   4. The Curator has not been contacted by the plaintiff.

        5.      Thereupon, the Court will consider the Motion to Withdraw, provided it meets the requirements of this Order, and, if it considers the steps taken to contact the plaintiff to be reasonable and unavailing, the Court will grant the Motion and plaintiffs' counsel shall be deemed to be released from further responsibility to the Court as counsel for plaintiff in this proceeding.

E.    If a plaintiff engages new counsel, plaintiff shall provide a copy of this Order to his newly engaged counsel and the new Counsel shall file a Notice of Appearance within five (5) days of the engagement.

## II. MOTIONS TO WITHDRAW BASED ON GROUNDS OTHER THAN THE GROUND THAT THE PLAINTIFF CANNOT BE FOUND OR FAILS TO RESPOND TO COMMUNICATIONS FROM COUNSEL

A.    Counsel seeking to withdraw from the representation of a plaintiff for reasons other than the inability to locate or communicate with the plaintiff shall file a motion stating the reasons for the withdrawal, *e.g.*, that Counsel and the plaintiff have a fundamental disagreement as to what action should be taken in the case and attach to the motion a declaration signed by Counsel stating:

1. Counsel has communicated with the plaintiff;

2. Counsel has explained to the plaintiff the reasons for seeking to withdraw from the representation of the plaintiff; and

3. If the plaintiff consents to withdrawal, the fact that the plaintiff has consented.

B.    Within five (5) days of filing such a Motion to Withdraw, if Counsel is unable to represent that the plaintiff consents to the withdrawal of representation by the Counsel, Plaintiffs' Counsel shall send a letter to the plaintiff by certified mail that will include the following:

1. A copy of this Order;

2. A statement that plaintiff shall have thirty (30) days from the date of the certified letter to (a) send a letter to the Court consenting to the Motion; (b) send a letter to the Court opposing the Motion; (c) send a letter to the Court indicating that plaintiff no longer wishes to pursue his claim; (d) secure new counsel; or (e) contact the Curator, Mr. Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of the plaintiff's intention to proceed with his claim pro se, that is, without representation by a lawyer;

3. An explanation of the importance to a plaintiff wishing to pursue his or her claim to retain a lawyer who is familiar with the law and the procedures in Federal Court to represent him or her; and

4. A request that the plaintiff provide the name, address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located.

C. Plaintiff's Counsel seeking to withdraw shall file with the Clerk of Court, within ten (10) days of the date of filing the Motion to Withdraw, a Certification (attached hereto as Exhibit C) that both evidences that Plaintiff's Counsel has complied with all of the foregoing requirements of this Order and provides the plaintiff's last known address and last known telephone number as well as the address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located (if the plaintiff complies with the request to provide an alternative contact).

D. Forty-five (45) days after the filing of a Motion to Withdraw pursuant to this Section II, the Court will consider the Motion to Withdraw if the Motion meets the requirements of this Order and, if it considers the reasons for withdrawal to be to be released from further responsibility to the Court as counsel for plaintiff in this civil action.

E. If a plaintiff engages new counsel, plaintiff shall provide a copy of this Order to his newly engaged counsel and the new Counsel shall file a Notice of Appearance within five (5) days of the engagement.

New Orleans, Louisiana, this 6th day of May, 2008.

*Eldon E. Fallon*

**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**