| V2038 | NOTICE OF ATTEMPTED LIEN |
|---|---|
| | (Date of Notice: 3/11/2009) |

Pursuant to instructions from the Parties and Article 12 of the Master Settlement Agreement ("MSA"), this Notice is in response to the attempted assertion of a Lien or other claim by a third party relating to the Program Claim of a Vioxx Program Claimant. This Notice of Attempted Lien is being sent to the third party claimant and to the Primary Counsel representing the Vioxx Program Claimant(s) indicated below, or to a *Pro Se* Claimant directly.

### A. THIRD PARTY CLAIMANT

**Notice to the Third Party Claimant:** Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator. Make sure you:

  a) Fill out everything you can in this Section A and in Section B that has not been pre-filled. If any pre-filled information requires correction, make those corrections on this Form.
  b) Identify the specific claim or group of claims as to whom the Lien is asserted against (**Questions 5-11**);
  c) Quantify the amount sought in the claim as to each Vioxx Program Claimant (**Question 12**);
  d) State the basis of the claim and provide a copy of the policy or document on which it is based; and
  e) Attach to this Form a copy of the insurance policy, contract, or other document that you rely upon as the basis of the lien or claim.

**WARNING:** If no response is made to this Notice within 30-days, or if an incomplete response is made, the Claims Administrator will disallow the attempted Lien and not take any other action relating to the attempted Lien.

| 1. Name of Third Party Claimant | Barrios Kingsdorf & Casteix, L.L.P./ James Minge & Associates | | | |
|---|---|---|---|---|
| 2. Primary Contact | Dawn M. Barrios | | | |
| 3. Mailing Address | Street/P.O. Box<br>One Shell Square, 701 Poydras Street, Suite 3650 | | | |
| | City<br>New Orleans | | State<br>LA | Zip<br>70139 |
| 4. Date Claims Administrator Received Attempted Lien | 1/13/2009 | | | |

### B. VIOXX PROGRAM CLAIMANT

| 5. Claimant Name<br>(attach separate Excel list if more than one Claimant) | Last<br>Smith | First<br>James | Middle<br>I. |
|---|---|---|---|
| 6. Social Security Number | | 7. Date of Birth | |
| 8. Primary Counsel (if applicable) | | | |
| 9. Attorney Name (if applicable) | | | |
| 10. Primary Counsel Address<br>(if applicable) | Street/P.O. Box | | |
| | City | State | Zip |

V2038v4
#344950v.4
9/8/08

EXHIBIT
E

| V2038 | **NOTICE OF ATTEMPTED LIEN** |
|---|---|
| | **(Date of Notice: 3/11/2009)** |

| 11. Check here if this attempted Lien is for an interest in the entire group of claims of the Primary Counsel identified in Question 8: ☐ | |
|---|---|
| 12. Specify the amount claimed as to this Program Claimant or group of Claimants.<br>(If individual amounts are sought against a group of Claimants, indicate the amount as to each Claimant in the Excel list attached in response to Question 5.) | $175,659.12 as fees and $3,786.91 as costs (based on a 40% contract). |

### C. NOTICE TO PRIMARY COUNSEL OR *PRO SE* CLAIMANT

Within 30 days from the date of this Notice, complete and return this Form to the Claims Administrator, stating:

☐   The Affected Claimant is participating in the Vioxx Private Lien Resolution Program, and this Lien will be resolved as part of that Program.

☐   No objection is made to the Lien or claim asserted by this Third Party Claimant and described in this Notice.

☐   Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this Notice.

**WARNING:** If no objection is timely made, the Claims Administrator will withhold from Settlement payments the amount claimed by the Third Party Claimant and will pay such amounts to the Third Party Claimant.

V2038v4
#344950v.4
9/8/08

3/13/2009 11:18 AM  FROM: Fax BrownGreer PLC  TO: +1 (504) 5243313,,,,,10044  PAGE: 007 OF 013

OCT.11.2004  11:11AM  BK&C,LLP 504 524 3313                                NO.327  P.5/11

## VIOXX LITIGATION
## ATTORNEYS' CONTINGENT FEE & COST EMPLOYMENT AGREEMENT

I, the client, hereby retain and employ James Minge & Associates and Barrios, Kingsdorf & Casteix, LLP of New Orleans, Louisiana (hereinafter referred to as "Attorneys") to represent me in my claim against the manufacturers for damages arising out of use of a certain drug commonly known as Vioxx. Client specifically authorizes, directs and instructs Attorneys not to bring any claims (including but not limited to medical negligence claims) against any physicians, health care providers, doctors, or hospitals. Client acknowledges that certain statutes of limitations and/or prescriptive periods may apply to claims which are not being brought and after those periods expire, those claims are forever barred. Attorneys are not taking any position on the merits or availability of the claims which are not being brought and are not discouraging Client from pursuing these. In medical negligence cases, statutes of limitations have certain exceptions. Client should seek other legal counsel immediately regarding this issue if Client intends to pursue these type claims.

1. **CONTINGENT FEE**

   For such professional services I agree to pay attorneys' fees and the costs incurred. The attorneys fees shall be 40% out of the total amount recovered, whether by settlement or suit, which fee is calculated on the total gross recovery before reduction of costs, court imposed fees or assessments, and expenditures.

   In the event that a court-awarded fee is collected which exceeds the percentages as set forth above, the court-awarded fee shall apply in lieu of the above amounts.

   This employment is upon a contingent fee basis and unless a recovery is made there will be no obligation by the client to pay attorneys' fees to the firm.

2. **COSTS**

   This employment is on a contingent basis and unless a recovery is made there will be no obligation to pay costs incurred by the firm. If a recovery is made, then I will be responsible for all costs and expenses incurred in the handling of client's case. However, my responsibility for paying costs shall not exceed the gross recovery amount. I will be responsible for paying the attorneys' fees noted above in addition to costs.

   Costs shall include, but not be limited to, cash and noncash expenditures for filing fees; subpoenas; depositions; witness fees; in-house and outside investigation services; expert witness fees; medical records and reports; Lexis/Nexis/Westlaw and other computer research and on-line service costs; photographs; in-house and outside photocopies; facsimiles; long-distance telephone calls; postage and federal express, UPS and other overnight service charges; mediation fees; travel costs; out-of-town hotel, food and transportation charges; in-house and outside trial exhibits; in-house and outside multi-media services; outside legal fees and costs for estate, guardianship, bankruptcy and probate matters; and all other costs necessary for performance of legal services. Costs shall also include, if applicable, any "MDL Assessment" imposed by any Multi-District Litigation ("MDL") Court or withheld from any settlement or favorable judgment by any defendant.

In addition to the above listed individual costs, the firm also charges common benefit costs to clients in mass tort cases. Common benefit costs are costs expended by the firm for the common benefit of a group of clients. For example, if a deposition of a defendant expert witness is taken in one case, and this deposition can be used for and/or benefit the claims of many other clients, the firm classifies these costs as common benefit costs. Similarly, if the firm spends $30,000 to hire an expert to reach an opinion on a topic affecting many clients, then instead of charging the entire $30,000 to the first client who utilizes this expert, the firm spreads the costs among all the clients in the group. Thus, if the firm has 1,000 clients being represented in similar litigation, each client is charged $30 of the expert fee instead of the first client being charged $30,000. By using this common benefit cost system, no one client has to solely bear the costs which actually benefit the group as a whole, and many of the most substantial costs of litigation can be shared equally by all. Common benefit costs include any and all costs which can benefit a group of clients. For example, to the extent charges benefit a group of clients, common benefit charges may include postage, faxes, telephone, copies, experts, investigation, computer research, medical research, transportation, litigation group expenses and many of the costs incurred in actually trying one client's case before a jury.

Unless a recovery is made I will have no obligation to pay costs incurred by the firm.

### 3.   ASSOCIATE COUNSEL

I approve the association of any firm or other attorney Attorneys deem advisable and agree that the attorneys' fees set forth above will include fees due associate counsel, which fees shall be divided based upon the work performed by each participating firm. I will pay no more in fees with the inclusion of associate counsel than I would pay pursuant to this contract if Attorneys solely represented us. However, I do agree to pay costs incurred by associate counsel on my behalf in the same manner and to the same extent I have agreed to pay Attorneys' costs. I agree that Attorneys and associate counsel each will be responsible to represent my interests. However, I agree that Attorneys, its attorneys and/or its employees will not be financially responsible for any wantonness, willfulness and/or intentional misconduct of associate counsel, associate counsel attorneys and/or associate counsel employees, and in no event will Attorneys, its attorneys and/or employees be financially responsible for any punitive conduct and/or punitive damages arising out of the conduct of associate counsel, associate counsel attorneys and/or associate counsel employees, and/or anyone acting on the behalf of associate counsel.

### 4.   SETTLEMENT PROCEDURE IN MULTIPLE CLIENT CASES

Often times in cases where Attorneys represent multiple clients in similar litigation (for example, Baycol, asbestos, breast implant, Fen-Phen), the opposing parties (the defendants) attempt to settle Attorneys' cases in groups under a matrix type system whereby Attorneys' clients are offered varying settlement amounts depending upon the circumstances of the clients' case. Once a settlement value under the matrix is determined, the client is then given the opportunity to accept or reject the value being offered within the matrix system. Similarly, defendants may wish to settle Attorneys' cases as a group, meaning the defendants may attempt to settle clients' case along with a number of other similar cases the firm is handling. When this group settlement system is being offered by the defendant, the firm will get each client's authorization for a minimum gross amount for which the clients authorizes the firm to attempt to settle the client's case. The firm then adds up

the total of all clients' minimum authorized settlement values and attempts to settle the group for at least the minimum authorized by the clients. Finally, under some circumstances, the defendants offer to pay a certain sum to all the firm clients regardless of the circumstances of the individual cases. Thus, each client receives the same amount of money even though the clients may have different levels of injuries or liability. Just because a client's case settles with a group of others will not take away the client's right to approve or not approve his/her individual settlement. Moreover, if one client in the group does not wish to settle that does not affect another client's ability to settle or not to settle his/her case. Each client will always have the right to approve or not to approve his/her individual settlement.

## 5.  RECOVERY

I expressly grant power to the Attorneys to endorse and deposit into the attorneys' Trust Account any checks in the client's name, and authorize the Attorneys to deduct fees, costs, and expenses, and to pay all hospital and medical bills from my share of the recovery. Any unpaid bills for medical care shall remain my obligations.

## 6.  ESTATE, GUARDIANSHIP AND/OR PROBATE

The employment for an estate, guardianship, or probate matter is based on hourly work and is not covered under the contingent fee agreement. In the event a recovery is made, charges include attorney and paralegal fees plus probate costs. However, there remains no obligation to reimburse fees or costs incurred on my behalf if the firm makes no recovery.

## 7.  LEGAL CONSTRUCTION

In case any provision, or any portion of any provision, contained in this Agreement shall for any reason be held to be invalid, illegal and/or unenforceable in any respect, such invalidity, illegality and/or unenforceability shall not affect the validity and/or enforceability of any other provision or portion thereof, and this Agreement shall be construed as if such invalid, illegal and/or unenforceable provision or portion thereof was never contained herein.

Signed this __19__ day of __November__, 2004.

APPROVED BY:

By: _____
       Client
       James J Smith
       Print Name

11-19-04
Date

By: _____
       HARRIOS, KINGSDORF & CASTEIX, LLP

By: _____
       JAMES MINGE

_____
Date

11-19-04
Date