UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This document relates to All Cases | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

**MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY, TO CONDUCT DISCOVERY,
AND TO SHORTEN PERIOD FOR RESPONDING TO DISCOVERY
AND/OR FOR CONTINUANCE OF SEPTEMBER 24, 2009 HEARING**

Walter Umphrey,[1] John Eddie Williams, Jr.,[2] Drew Ranier,[3] Mikal Watts,[4] and Grant Kaiser[5] (the "VLC") bring this motion requesting that this Court lift the stay on discovery and shorten the time for written discovery as is permitted under Federal Rule of Civil Procedure 34(b)(2)(A). The VLC seeks to discover documents and conduct depositions concerning the

---

[1] Provost Umphrey Law Firm, LLP.
[2] Williams Kherkher Hart Boundas, LLP.
[3] Ranier, Gayle & Elliot, LLC.
[4] The Watts Law Firm, LLP.
[5] The Kaiser Firm LLP.

original recommendation to impose a two (2) percent common benefit fee assessment (which this Court adopted in Pretrial Order 19) and the decision to raise the common benefit fee assessment to eight (8) percent, as set forth in Section 9.2.1 of the Agreement dated November 9, 2007

## BACKGROUND

On August 4, 2005, this Court issued PTO 19, which established a "Plaintiffs' Litigation Expense Fund" (the "Fund").[6] The Fund was established to receive funds that the Court would later use to compensate and reimburse attorneys for services performed and expenses incurred in the "common benefit" of the Vioxx MDL.[7]

PTO 19 approved several possible assessments and required that the VLC's members (as well as all other plaintiffs' attorneys) enter into one of three agreements with the Plaintiffs' Steering Committee.[8] These options were originally proposed by the Plaintiffs' Steering Committee in its June 29, 2005 Motion for Assessment Order.

The main variance found in the three options available under PTO 19 involved the amount of the common benefit fee assessment applied.[9] The VLC's members chose to enter into the "Full Participation Option," which provided for full participation and coordination with the MDL and the least-onerous assessment: "[T]hree (3) percent of the 'gross monetary recovery' (2% fees/1% costs)."[10] Accordingly, the VLC executed the agreement and was bound, according to the terms of PTO 19, to, at most, a two percent common benefit fund fee assessment.[11]

In November 2007, the PNC and counsel for Merck reached an agreement establishing the Vioxx Resolution Program. The parties entered into the Agreement on or about November 9,

---

[6] *See* PTO 19.
[7] *See id.*
[8] *See id.*
[9] *See id.*, ¶¶ 2(f)(1), (2), & (3).
[10] *See id.*, ¶ 2(f)(1).
[11] *See* Executed PTO 19 Exhibit A, attached here as Exhibit 1.

2007. In light of the agreement, this Court issued Pretrial Order 30, staying temporarily all activities in the Vioxx MDL.[12]

The Agreement raised an issue concerning the common benefit fee assessment. Importantly for purposes of this motion, Section 9.2.1 of the Agreement purported to retroactively (and unilaterally) alter the agreements entered into under PTO 19's available options. Section 9.2.1. increased the common benefit fee assessment to eight (8) percent of the gross amount recovered:

> [A]n assessment of common benefit attorneys' fees will be imposed at no more than 8% of the gross amount recovered for every client that registers under the terms of the Settlement Agreement . . . . The maximum 8% attorneys' fee assessment shall supersede the assessment provided to MDL common benefit attorneys pursuant to Pretrial Order No. 19.[13]

Consequently, on December 13, 2007, members of the VLC filed an emergency motion that, among other requests, asked that this Court "declare that notwithstanding any provision of the Settlement Agreement purporting to require an assessment of 'up to 8%,' that *as to counsel* that entered contracts in compliance with PTO 19, those contracts shall be honored, binding, and controlling as to any assessment."[14]

## ARGUMENT

In response to the problems associated with the Agreement, the VLC filed an emergency motion with this Court on December 13, 2007, and sought an emergency hearing.[15] Drew

---

[12] *See* PTO 30.
[13] *See* Settlement Agreement, § 9.2.1.
[14] *See* VLC's Emergency Motion for (1) Clarification and/or Modification of Pretrial Order No. 31 (Registration of Claims) and (2) Declaratory Judgment That Certain Provisions of the Settlement Agreement are Unenforceable. The VLC objected to the Agreement, as written, for additional reasons, including concerns of ethics and professional responsibility; however, the other objections are not pertinent to the present motion. *See* Transcript of December 14, 2007 Status Conference, pp. 40-42.
[15] *See id.* at p. 40.

Ranier, a member of the VLC, raised this motion during the status conference of December 14, 2007.[16] And, although the Court did not hear the motion at that time, the Court stated that it would allow time to conduct discovery with respect to the issues raised by the motion:

```
 3       THE COURT:  I won't hear it today but I'll give you 10
 4    days, I'll take it, I'll look at it and then I'll set it for
 5    hearing.  We'll set aside perhaps maybe three days on it.  I'll
 6    hear the, I'll give you-all an opportunity to discover it before
 7    the hearing, take the depositions of whomever you need to, give
 8    it to me and then I'll deal with it.  Meanwhile we'll go forward
 9    with the matter.  But I'll give 10 days to hear a response and
10    then I'll set a discovery schedule and I'll set a hearing
11    schedule.[17]
```

After the December 14, 2007 status conference, the VLC agreed to withdraw the emergency motion, but with an express understanding that the VLC could re-urge its motion at a later date.[18] As such, the discovery and hearing schedule anticipated by this Court in the December, 2007 status conference became temporarily unnecessary.

Modifications were made to the Agreement addressing certain concerns. Recognizing the interests of their clients in enrolling in the settlement, the VLC, through John Eddie Williams, Jr. asked the PNC whether enrollment would result in waiver of the VLC's objection to the effect of Section 9.2.1. of the Agreement.[19] The PNC agreed that enrollment would not result in waiver.[20]

On February 6, 2009, The Miller Firm filed a motion seeking discovery on the increase in common benefit fees assessment.[21] The PLC opposed The Miller Firm's motion on February 27,

---

[16] *See id.* at pp. 40-42.
[17] *See id.* at p. 41.
[18] *See* Status Conference Transcript of December 18, 2008, pp. 10.
[19] *See* E-mail from Edward Blizzard to John Eddie Williams, Jr., dated February 4, 2008, attached here as Exhibit 2.
[20] *See id.*
[21] *See* Rec. Doc. No. 17739.

{N2036434.1}                                    4

2009.[22]  And, although no action was formally taken on the motion, on April 16, 2009, this Court issued an Order in which it required all objectors to file a notice of objection by May 8, 2009. The Court again stated that it would set a period for discovery related to the common benefit fee issues:

> Shortly thereafter, the Court will convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule *for discovery*, briefing, and argument.[23]

The VLC and many others filed objections before May 8, 2009.  Consistent with this Court's position, the VLC now wishes to re-urge the portion of its earlier motion seeking a declaration that notwithstanding Section 9.2.1., the VLC's members are only obligated, by virtue of PTO 19, to contribute two percent to the common benefit fund for fees.  In so objecting, the VLC should be permitted to conduct focused discovery as originally ordered into the circumstances surrounding and reasons for the significant increase in common benefit fund assessment reflected in Section 9.2.1.

An attorney's right to fees is a recognized property right.  Section 9.2.1., however, deprives the VLC members of a significant percentage of their fees and disregards a prior agreement, *i.e.*, the Full Participation Option.  While the VLC members agreed to an assessment of two percent under the Full Participation Option set forth under PTO 19, the VLC members did not agree to the quadrupling called-for under Section 9.2.1.

Although this Court has according to the PLC set the common benefit assessment dispute for hearing on September 24, 2009, this notice and hearing is insufficient for purposes of due process.  Without discovery, the VLC cannot adequately brief the issues presented by the increase under Section 9.2.1. nor can the VLC adequately prepare for the hearing.  The briefing

---

[22] *See* Rec. Doc. No. 17881.
[23] *See* Order of April 16, 2009, Rec. Doc. No. 18264.

and hearing would effectively be incomplete. And, any decision upholding the unilateral quadrupling of the fee percentage would deprive the VLC members of their property in contravention of basic due process requirements.

Additionally, due process demands a reasonable time for discovery. The hearing set for September 24, 2009, occurs too soon and is unreasonably short. The VLC cannot properly conduct discovery, brief the issues presented, and prepare for the hearing in fifteen days. The VLC, therefore, respectfully submits that the Court should (1) postpone the hearing currently set for September 24, 2009 and (2) shorten the period for responding to discovery requests and noticing depositions as permitted by the Federal Rules of Civil Procedure. Alternatively, if the Court will not postpone the hearing, the time for responding to discovery should at minimum be shortened to 10 days.

Discovery and complete briefing will benefit not only the parties, but also this Court in reaching the appropriate ruling on the propriety of Section 9.2.1. Justice and equity, therefore, demand that this Court allow reasonable discovery to proceed and an adequate time within which to conduct such discovery.

Accordingly, and in light of this Court's stated intent to permit discovery into matters concerning the common benefit fee assessment, the VLC now requests that this Court permit limited discovery, shorten the period for responses to discovery and notices of deposition, and set a new date for hearing on these matters.

## CONCLUSION

The VLC now intends to re-urge their motion seeking a declaration that they are bound only by the assessment agreed to under PTO 19, paragraph 2(f)(1) and any other relief. Consistent with this Court's stated intent to permit discovery, the VLC requests that this Court lift the stay and shorten the time for responding to written discovery. The VLC further requests

that the September 24, 2009 hearing on this issue be postponed until such time as reasonable and adequate discovery -- commensurate with the importance of the issues -- and legal briefing be conducted.

          Respectfully submitted,

/s/ *Harry S. Hardin III*
HARRY S. HARDIN III (# 6540)
MADELEINE FISCHER (# 5575)
ERIC MICHAEL LIDDICK (# 31237)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8208
Facsimile:      (504) 589-8208

JOHN J. McKETTA, III (Texas Bar No. 13711500)
BOYCE C. CABANISS (Texas Bar No. 03579950)
MATTHEW B. BAUMGARTNER
  (Texas Bar No. 24062605)
Graves Dougherty Hearon & Moody,
 A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, Texas  78701
Telephone:     (512) 480-5600
Facsimile:      (512) 480-5816

*Attorneys for John Eddie Williams, Jr., Drew Ranier, Walter Umphrey, Mikal Watts, and Grant Kaiser (the "Vioxx Litigation Consortium")*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by

using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on September 9, 2009.

        Respectfully submitted,

        /s/ *Eric Michael Liddick*
        ERIC MICHAEL LIDDICK