**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: Vioxx<br>PRODUCTS LIABILITY<br>LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MDL Docket No. 1657**

**SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

*THIS DOCUMENT RELATES TO:*
**ALLEN, et al. vs. Merck & Co., Inc., No 2:06-cv-02220-EEF-DEK**
(pertaining to **Jean Kollin** only)

## COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW

BRIAN A. GOLDSTEIN, ESQ. being duly sworn, deposes, and says:

1.    I am attorney at Cellino & Barnes, P.C., attorneys for as applicable, plaintiff, plaintiff's estate, and/or any derivative plaintiffs (hereinafter referred to as "plaintiff" as indicated in the caption above.  I am primary counsel for all Vioxx products liability actions brought by Cellino & Barnes, P.C. and, as such, am fully familiar with the facts and circumstances herein.

2.    I am authorized to move this Court to withdraw representation on behalf of myself, all attorneys of the Cellino & Barnes, P.C. law firm, and, where necessary, for the affiliated James C. MacGillis of the law firm of Trepanier & MacGillis P.A. Counsel's motion is intended to relieve all affiliated counsel of the representation duties in this action and to permit plaintiff to proceed pro se.

3.    I personally executed the retainer agreement with plaintiff under which New York law governs for purposes of withdrawing from representation.  New York's Disciplinary Rule 2-110C [1200.15] permits counsel to withdraw when counsel believes in

good faith, in a proceeding before any tribunal, that the tribunal will find good cause for withdrawal.   This Court's PTO 36, section II.A., recognizes that a "fundamental disagreement as to what action should be taken in the case" constitutes such grounds for withdrawal.   The retainer agreement explicitly reserved counsel's right to withdraw from representation.

4.     A fundamental disagreement as to the further prosecution of this lawsuit exists between plaintiff and counsel, the details of which are necessarily omitted as privileged within the attorney-client relationship.   However, counsel attests that he possesses a good faith basis for his legal judgment and opinion, that plaintiff's opinion substantively differs, and that the disagreement cannot be reconciled.

5.     I have fully complied with this Court's process as required by Pretrial Order No. 36 and completed the required certification which is attached as Exhibit B to this motion.

6.     I have further complied with Local Rule 83.2.11 by advising plaintiff at the last known address, by certified mail, that there are no pending court appearance dates, court-imposed deadlines, and that future discovery deadlines are anticipated to be set following her change in status as a pro se plaintiff.

7.     Based upon the fundamental disagreement between plaintiff and counsel, I respectfully request that this Court grant counsel's motion to withdraw and permit plaintiff's action to proceed pro se.

_____
Brian A. Goldstein, Esq.

Sworn to before me this
_____10th_____ day of September, 2009

_____

Notary Public/Commissioner of Deeds

MARIA H. PIETRAS
COMMISSIONER OF DEEDS
In and For the City of Buffalo, New York
My Commission Expires 12/31/20_10