Tuesday, September 8, 2009

To: UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Vioxx ®                                    MDL Docket No. 1657

**PRODUCTS LIABILITY**                            SECTION L
**LITIGATION**
                                                  JUDGE FALLON
This document relates to:
                                                  MAGISTRATE JUDGE KNOWLES
Janet Sue Morgan, et al, v. Merck & Co.,
Inc.; Docket No. 2:05-cv-496 only regarding
James I. Smith

## MOTION TO DISMISS MEDIATION

## ANSWER AND AFFIRMATIVE DEFENSES

Count One

I.

Plaintiff James Ira Smith denies each and every allegation set forth in paragraphs one, two, three, four, and twelve. And Count One of Defendant's Dawn M. Barrios Motion to Set Mediation.

II.

Plaintiff specifically denies that the Defendant spend considerable amount of counseling with Plaintiff, as alleged in paragraph one, Count One of the Motion to Set Mediation, or that Defendant needs to show records of actual phone calls and counseling sessions that she has on file.

III.

Plaintiff admits to the allegations contained in paragraph two and Count One of the Motion to Set Mediation, except that I was appalled and embarrassed and totally confused on how someone could make such a mistake and it cost you. It did cost me an appeal when Dawn called me humiliating me and laughing at me about the obesity issue, causing me to appeal it rather than objecting to Brown and Greer and having this ridiculous obesity thrown out because there were over 40 records showing my height at 5-10 in and weigh at 190 pounds. Instead of the 5-5 in 210 pound record Dawn says and that Brown and Greer said they ruled on. The ruling was preposterous and absurd we have laughed at Dawn about this one many times. But it really hurt my case. In the end Brown and Greer agreed with us that I was not obese. If she had corrected the obese and the Hypertension issue in the beginning we would have had over 500 points or over1 million dollars.

1

Tuesday, September 8, 2009

IV.

Plaintiff admits the allegations of paragraph three, Count One of the Motion to Set Mediation except that my apprentice paralegal and I went through 2,000 medical records in 4 days with 6 hours a day and put together 80 pages of an organized package of records and documents attacking hypertension and my second heart attack and obtained Post-Appeal Notice of Points Award on May 21, 2009, attached hereto in Exhibit A. She didn't do this much for our case and she had 2 paralegals.

V.

Plaintiff denied each and every allegation in paragraph four, as story told in Exhibit B.

VI.

Plaintiff admits to the allegations of paragraph twelve, Count One of the Motion to Set Mediation because of the callus and malicious way she treaded on us that day of 1/6/09. I would have more than glad to have mediated this case but Dawn doesn't know how say i'm sorry, you Honor. She let it go way to far.

VII.

Dawn also tried to attack my height in saying that I was only 5 feet 5 inches, and we only found one record that was a medical error mistake on a nurse's part. Also, we sent to Brown & Greer the records and documents regarding my height issue, that I am not 5 feet 5 inches, I am 5 feet 10 inches, and won the appeal. Also, I put together 200 pages of organized records and documents for the EIF claim. So, how could she have evaluated and EIF claim, when it wasn't even time to file for an EIF claim at the time she quit. Mrs. Barrios argued me down about hypertension and my second heart attack, saying "that I did have hypertension, and that the second heart attack was not connected to the first. We proved Dawn Barrios wrong with her own medical records, which she had obtained from doctors and hospitals. If Mrs. Barrios had listened to me, there is no doubt in my mind that I would have been on a level 2 with over 500 points being awarded to me. Which, in turn would have been over 1 million dollars? I believe with all of my heart, that Dawn Barrios did not want me to have copied of my records, because she knew we would find all the discrepancies against her, and we did.

VIII.

We think very highly of mediation, and we appreciate Mr. Johnston very much. He has helped us in a tremendous way. Mr. Johnston has answered my questions and tried to help me anyway that he could. I think he has done a great job of trying to mediate this issue between Dawn Barrios and me. We think that the Pro Se Curator's are a great thing to try and mediate between two parties, and is very effective. It is so much better to have

Tuesday, September 8, 2009

someone to be in the middle of these issues instead of two opposing parties battling between the two. They have a hard job, and we believe that some people don't show them the credit. But, we will definitely show Mr. Johnston great appreciation for all the work and help he has done for us and his employee Ira.

### IX.

My apprentice paralegal and I are trying to file this motion quickly to get it to you, so please forgive us for any typo's that you may see. You're Honor, Judge Fallon we respect you highly, and just want justice to prevail. We tried to write this motion to the best of our ability.

Wherefore, plaintiff begs the court:

1. To please consider the $25,000.00 offer, which we believe is far more than Mrs. Barrios deserves; based on her own actions of firing me and running my sick wife and I off with a security guard at her office on January 6, 2009; just because I asked for a copy of my files to help decide the fate of my case;

2. That the motion to set mediation is dismissed, or that judgment is entered in plaintiff's favor against defendant.

BY:
James Ira Smith

3