*Confidential Information*

| VZ046B | **POST-APPEAL NOTICE OF POINTS AWARD** |
| | Date of Notice: 3/30/09 |

## I. IDENTIFYING INFORMATION

| Claimant Name | Smith, James I. | | Social Security Number | 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 |
| Law Firm | Pro Se | | | |
| VCN Number | 1014244 | Enrollment Status | IP Enrolled | First Confirmed Vioxx Use | 5/21/01 |

## II. TOTAL POINTS CALCULATION

### A. BASIS POINTS

| | | | | | Date of Event: 12/10/01 |
|---|---|---|---|---|---|
| 1. | Qualifying Event/Level | Injury Type : MI | Injury Level : 5 | | |
| 2. | Age at Event | 40 to 44 years | | | |
| 3. | Overall Duration of Vioxx Use | 6-18M | | | |
| 4. | Basis Points | | | | 265.42 |

### B. LABEL AND CONSISTENCY ADJUSTMENTS

| 5. | Label | | +15 % | |
|---|---|---|---|---|
| 6. | Consistency | | +20 % | |
| 7. | Adjustment Total % | | +35 % | |
| 8. | Subtotal Points | (Row 4 x Row 7) | | 358.32 |

### C. RISK FACTOR ADJUSTMENTS

| | Risk Factors | Finding | Adjustment | Cumulative Points |
|---|---|---|---|---|
| 9. | High Cholesterol | Controlled | - 20 % | 286.65 |
| 10. | **TOTAL POINTS** | | | 286.65 |

## III. POINTS AWARD DETERMINATION

This Post-Appeal Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has issued this Post-Appeal Notice of Points Award in response to your appeal under Section 3.2.4 of the Settlement Agreement. After receiving notice of your appeal, the Claims Administrator conducted a *de novo* review of your claim and assessed the Point value above. This determination supersedes that which you previously appealed.

## IV. ACCEPTANCE OF POINTS AWARD

If you wish to accept this Post-Appeal Notice of Points Award, select the "Accept Points Award" button. Acceptance of this determination will end your appeal and place this claim in line for payment (see Section VIII of this Notice), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment.

*Confidential Information*

## V. APPEAL

This determination takes the place of the Points Award you previously appealed. If this determination provides all the relief requested in your appeal, your entire claim will be deemed accepted and placed in line for payment, subject to the provisions of Article 10. If it grants some but not all of the relief you requested, any issue on which there is agreement will be considered resolved and deemed accepted. For any issue on which there is disagreement you will receive an explanation of the Claims Administrator's decision which you can view on the secure web-portal.

After reviewing the Claims Administrator's explanation as to each issue you appealed, you may choose whether to appeal any or all issues directly to the Special Master or to withdraw any or all issues. If you withdraw all issues on appeal, your claim will be placed in line for payment, subject to the provisions of Article 10. If you choose to submit your appeal to the Special Master, you do not need to provide additional explanation for each issue you appealed. Your original comments on appeal and the Claims Administrator's explanation will be forwarded to the Special Master for consideration, along with your entire claims submission. Any new materials not previously provided with the original appeal will not be considered by the Special Master.

If this determination assesses for the first time a risk factor or applies an adjustment that is different from your original Points Award determination, you may appeal that aspect of this Post-Appeal Notice of Points Award. To appeal a new finding by the Claims Administrator, select the "Appeal" button and submit comments on the secure web-portal as you did when noting your original appeal. The process will then repeat itself as to the new issue. Any appeal to the Special Master on the original Notice of Points Award will be held until you decide whether to appeal the new issue to avoid piecemeal submissions to the Special Master.

Upon receipt of an appeal, the Special Master will conduct a *de novo* review of your claim, which may decrease its value if additional factors are uncovered. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master will notify the Claims Administrator of its determination, and the Claims Administrator will promptly following receipt of such notice notify counsel (or the claimant directly if he/she is unrepresented), Merck and the NPC of the Special Master's determination.

## VI. FIXED PAYMENT

Pursuant to Section 3.3 of the Settlement Agreement, if the Total Points in this Notice are less than ten points for a MI-related injury or less than two points for an IS-related injury, the claimant may elect a Fixed Payment of $5,000 by selecting the "Accept $5,000 Fixed Payment" button on the secure web portal. If the claimant has a dual injury claim, the aggregate Grand Points Total on Page 1 of this Notice must be less than the 10-point or the 2-point threshold for the Fixed Payment option. If the claimant alleged both an IS and a MI injury, the Primary Injury identified on Page 1 of this Notice governs whether the Fixed Payment threshold is less than ten points for MI Claims or less than two points for IS Claims. If the claimant qualifies for a Fixed Payment but fails to elect a Fixed Payment within 30 days of this Notice, the claim shall be reviewed *de novo* by the Special Master, in accordance with Section 3.4 of the Settlement Agreement.

Case 2:05-md-01657-EEF-DEK   Document 23562-2   Filed 09/08/09   Page 3 of 7

*Confidential Information*

## VII. GOVERNMENTAL LIEN RESOLUTION

A previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* explained that the Lien Resolution Administrator ("LRA") is responsible for establishing a formal process for satisfying and discharging any statutory obligations to Medicare, Medicaid and/or other specific government healthcare programs for Enrolling Claimants who have been or who currently are entitled to such state or federal benefits. Under the terms of the Vioxx Settlement Program, any such Vioxx-related statutory obligations must be resolved in order for any final settlement monies to be released. However, the LRA has established procedures and protocols to allow disbursement of Interim Payments while the obligations (if any) described below are satisfied.

The LRA is resolving federal Medicare (Part A & B) and Medicaid's interest (if any) in the settlement awards of claimants determined to be entitled to federal Medicare and/or state Medicaid based upon the Social Security Numbers (SSNs) provided to the Claims Administrator. The LRA, Medicare and Medicaid assume no responsibility for the correctness of the SSNs provided to the Claims Administrator by claimants or their counsel. If the claimant's SSN in Section I of the Notice of Points Award is incorrect, the claimant or their counsel must contact the Claims Administrator immediately, as it could affect the correctness of the claimant's governmental lien obligations listed below. In addition to federal Medicare and state Medicaid, the LRA is resolving reimbursement obligations associated with Other Government Programs, such as Veterans Affairs (VA), TRICARE, Department of Defense (DOD), or Indian Health Services (IHS) which were reported to the LRA by the claimant or claimant's counsel. The previous communication entitled *Claimant Education Materials on Government Medical Liens/Obligations* instructed claimants and claimants' counsel on how to report liens asserted by Other Government Programs.

### A. OBLIGATIONS TO GOVERNMENT HEALTHCARE PROGRAMS

| | | |
|---|---|---|
| 1. | State Medicaid Participant | No |
| 2. | Medicaid Holdback Percentage | 0% |
| 3. | Federal Medicare Participant | Yes |
| 4. | Global Medicare Resolution Category and Amount | Resolution Category 2 $116.62 |
| 5. | Other Government Program Obligations | No |
| 6. | Resolution of Other Government Program Obligations (not to exceed the relevant Program's actual injury-related care expenditures on behalf of Claimant) | 0% |

### B. GOVERNMENTAL LIEN/ CLAIM RESOLUTION PROCEDURES

#### Identification of Participants in Government Healthcare Programs.

If "No" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, then you were determined by the LRA not to be a participant in that particular government program and you, therefore, do not have any liens to satisfy with respect to that healthcare program/agency. If "Yes" is displayed in any of Rows 1, 3 or 5 of Section VII.A above, the LRA determined that you are entitled to federal Medicare (Part A & B) and/or state Medicaid benefits and/or Other Government Programs (VA, TRICARE, DOD or IHS) and that you will have to satisfy reimbursement obligations or liens associated with injury-related care benefits that you may have received from those respective healthcare programs. Additional information about the procedures used by the LRA to identify and resolve these obligations are included within the separate, posted document titled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program.* It is imperative that all claimants and counsel review the information above in Section VII. A to confirm that it is correct. Claimants and/or their counsel should contact the office of the Lien Resolution Administrator at (877)-774-1130 immediately if the information in Section VII.A *Obligations to Government Healthcare Programs* is thought to be inaccurate.

All counsel should also download the document entitled *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program,* read it carefully, and provide it to their clients/claimants. This document is available on the "Lien" section of your secure web portal.

Confidential Information

## VIII. PAYMENTS AND WITHOLDINGS

Claimants who are IP Enrolled and are not Special Marker QPC Claimants will receive a 40% Interim Payment after the Points Award is accepted or the appeal is resolved, and no deductions will be made from the Interim Payment. A Special Marker QPC who elects the $5,000 Fixed Payment will receive the entire amount in one payment, less any applicable governmental or private liens. The $5,000 Fixed Payment will not be subject to a Common Benefit Fee deduction. The LRA (explained in Section VII) is not responsible for resolving private liens, which remain the responsibility of the Claimant and Primary Counsel. On August 27, 2008, the United States District Court for the Eastern District of Louisiana, which supervises the implementation of the Settlement Program, entered an Order (Document # 15722) that limited the attorneys' fees payable out of payments in the Settlement Program, including any Interim Payments, to 32%.

# JAMES IRA SMITH AND CYNTHIA DIANE SMITH

110 Luther Davis RD
Picayune, MS 39466

January 7, 2009

Dawn Barrios
701 Poydos St.
New Orleans, LA

Dear Dawn,

You asked me months ago when I would write you a letter to questioning things in my case to stop writing you letters. It offended me but I held on to try to finish with no trouble, and it bothered me when you told me on the phone not to call your office. Nevertheless, what you did to me and my wife yesterday is inexcusable. My wife is very sick with diabetes and you know my story of sickness. You knew it a was trick for me to come in and get my files rather than you sending them to me as I asked you to. For you to have a security guard sitting there for me and then fire me in your lobby and I'm the client is probably un heard of in the lawyer world. For these reasons and for prior reasons in the year, of you not filing my EIF claim and there is other reasons that I will not mention at this time. But mainly because you dropped out of my case of representing me with money on the table from Merck for all of us for these reasons **YOU ARE FIRED AND YOUR FIRM FROM REPRESENTING ME JAMES IRA SMITH AND CYNTHIA DIANE SMITH ON OUR VIOXX CLAIM.** This letter is being made according to your wishes that you quit yesterday on 1/6/09 and I feel legally obligated to give you this letter so that we may secure council from another attorney. The letter that you gave us Dawn disturbed us terribly to think that we would no longer be represented by Dawn Barrios for our claim that is on the table. In addition, we were disturbed when you said you would tell all the other litigators of the vioxx claim about us. We do not even know what that means.

Sincerely,

James Ira Smith and Cynthia Diane Smith

1/7/09

Exhibit
B



# JAMES IRA AND CYNTHIA DIANE SMITH

**110 Luther Davis Rd.**
**Picayune, Ms 39466**
**Phone: (601) 818-4740**
**Phone: (601) 569-1976**
**Fax: (601) 798-8389**

## CONTENTS

1. Cover Sheet
2. 3 pg MOTION TO DISMISS MEDIATION
3. 5 pg EXHIBIT A
4. 1 pg EXHIBIT B
5. 1 pg ORDER TO DISMISS MEDIATION

## FAX TRANSMITTAL FORM

---

**THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.** If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you may not disseminate, distribute, or copy this communication. If you have received this communication in error, please notify us immediately by telephone, and then destroy this transmission or return it to us at the above address by mail. Thank you.

---

**DATE:**  9/8/09

**TO:** HON. JUDGE E. FALLON

**FROM:** JAMES IRA SMITH

**MESSAGE:**

**TIME SENT:**  10:20 P.M.

**FAX NO:**  1-504-589-6966

**NUMBER OF PAGES:** 11

# BROWNGREER ‖ PLC

113 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

Direct Dial: (804) 521-7207
Office: (804) 521-7200
Facsimile: (804) 521-7299
pstrunk@browngreer.com

# FACSIMILE

*THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.* If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you may not disseminate, distribute, or copy this communication. If you have received this communication in error, please notify us immediately by telephone, and then destroy this transmission or return it to us at the above address by mail. Thank you.

**Date:** May 21, 2009

**To:** Mr. James Smith

**From:** Philip Strunk

**Message:**

**Time Sent:** 11:51 AM ET

**Fax No.:** (601) 798-8389

**Number of Pages (Including Coversheet):** *15*

If you do not receive all pages, please contact us immediately at (804) 521-7200.

Exhibit
A