IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENTS RELATES TO: | * | |

*Gladys Amadis Rosario v. Merck & Co., et al*
*Jose Acevedo v. Merck & Co., Inc, et al*
*Rogelio Adames De Le Rosa v. Merck, et al*
                                                                   *
**************************************         MAG. JUDGE KNOWLES


**RESPONSE OF THE WOOD LAW FIRM, LLC** TO DEFENDANT MERCK & CO., INC.'S *FIRST* MOTION, RULE AND INCORPORATED MEMORANDUM FOR AN ORDER TO SHOW CAUSE WHY STIPULATIONS OF DISMISSAL SHOULD NOT BE FILED FOR FAILURE TO SUBMIT TIMELY FUTURE EVIDENCE STIPULATIONS AND PTO 43 LONE PINE REPORTS

**COME NOW** those plaintiffs represented by The Wood Law Firm, LLC, in the above captioned cause and file this their *Response to Defendant Merck & Co. Inc., First Motion, Rule and Incorporated Memorandum to For an Order to Show Cause Why Stipulations of Dismissal Should Not Be Filed For Failure To Submit Timely Future Evidence Stipulations and PTO 43 Lone Pine Reports*, and would state as follows:

1. Defendants filed their Motion on September 2, 2009 relative to "Future Evidence Stipulations" to be filed by plaintiffs seeking to preserve the right to litigate the claim after their claim failed the "gates" as addressed in the Vioxx Resolution Program.

2. Defendants submitted two Exhibits, A & B, both of which are entitled "Untimely FES Claimants."

3. Of the 42 Claimants listed on Exhibit A, that are represented by The Wood Law Firm, *have* in fact submitted a FES form to the Defendants prior to the filing of the defendant's motion.

*4.* As has been addressed previously throughout this entire case, that the claimants who reside in Puerto Rico have additional obstacles to overcome in order to comply with the requirements of the settlement program. Mailing of letters can take anywhere from seven to ten days to make its way from one destination to another; sometimes even when utilizing priority mail.

5. Defendants submitted as many as 78 notices of ineligibility on one (1) day. Each one of the cases had to be reviewed in its entirety to determine if the defendants had all of the records that the plaintiffs had submitted. There were numerous times the defendants <u>did not</u> have all of the records submitted by the plaintiffs and they had to search for them after the plaintiffs advised them that they did not have all the records. And, they were submitted, but the defendants could not locate them. Most of the cases had hundreds of pages of documents to be reviewed; and some had as many as a thousand or more pages. The FES could not be printed out, until such time as the plaintiffs agreed or disagreed that the documents contained in the defendant's file were the same as those contained in the Plaintiff's file.

6. After the files were reviewed and it was determined that the files were the same, or that the records were found, the FES was printed out and mailed to the claimant for signature in Puerto Rico. These were all mailed via priority mail in an effort to expedite the process. Plaintiffs then had to locate a Notary Public to

witness their signature; and, as the Court is already aware, a Notary Public in Puerto Rico is an attorney who has passed an additional Bar exam in order to hold this designation. Notaries are not as readily available to claimants in Puerto Rico as they are here on the mainland. Also, the cost of a notary is much higher in Puerto Rico.

7. Plaintiffs' counsel and the claimants have worked diligently to comply with the stringent time-frame set forth in the settlement program; but the additional hurdles to cross, i.e. language differences requiring translation of each document that is submitted to the claimants, as well as the difficulty in obtaining notary signatures and the difficulty in the time-frame for mail to be delivered; put an additional hardship on the Puerto Rico claimants; and makes compliance impossible.

8. Expert reports were not done on all cases because if the claim passed through the gates and obtained a Points Award, an expert report was not required.

9. It would have been necessary for an expert to review, and make an opinion, on every one of the cases within 30 days; of which no physician would be able to complete such a task. Especially when 78 cases were given in one day; and perhaps the very next day would have 40 or more; and then the next another 30 or more; making them all dues within days of each other.

10. When the claimant's cases were originally filed, (as was the case with most all cases enrolled) plaintiff's counsel did not have all of the medical records and documentation and had no way of knowing if they would be able to obtain the required supporting documentation that would pass all of the required gates. As a result, *until such time as the cases were deemed ineligible and the opportunity to*

> *obtain additional records had been closed; plaintiffs' counsel could not even determine whether or not the case was one that plaintiff's counsel would pursue in the trial courts.*

11. The date of submission of the FES, another PPF, more authorizations and the expert report has no bearing on the settlement process and the payment of funds to those claimants who have been deemed eligible. Further, the defendants already have all documentation that would make any change in the PPF from its original submission; and no additional records are permitted to be submitted in trial, so use of the authorizations is void and unnecessary.

12. Not to afford plaintiff's counsel sufficient time to determine if, in fact, they plan to even pursue a case by way of the trial courts that has been deemed ineligible, and permit a physician to render his opinion, so that counsel can make a proper determine on behalf of their client, is unjust.

13. For any claimant's case to be dismissed due to administrative reasons is unfair to the claimant.

Wherefore, plaintiffs respectfully request this Honorable Court to allow sufficient time for the Future Evidence Stipulations to be signed and submitted by the claimants; and for sufficient time to obtain expert reports for those cases that plaintiff's counsel believe may be submitted at trial.

Respectfully submitted,

/s/ E. Kirk Wood, Esq.
E. Kirk Wood
THE WOOD LAW FIRM, LLC
P.O. Box 382434

                                                    Birmingham, AL 35238-2434
                                                    (205) 612-0243

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, on this 11 day of September, 2009.

                                                  /s/ E. Kirk Wood, Esq.
                                                  E. Kirk Wood
                                                  THE WOOD LAW FIRM, LLC
                                                  P.O. Box 382434
                                                  Birmingham, AL 35238-2434
                                                  (205) 612-0243