UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| STATE OF LOUISIANA, ex rel. JAMES D. CALDWELL, ATTORNEY GENERAL | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| Case No. 05-3700 | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MERCK'S MOTION TO COMPEL THE STATE OF LOUISIANA TO PROVIDE INTERROGATORY RESPONSES AND DOCUMENT PRODUCTIONS**

1

**INTRODUCTION**

Merck seeks in its motion to compel Plaintiffs to answer multiple contention Interrogatories and Requests for Production that amount to the same, in four general areas. Plaintiffs will address each of these areas below, but to the extent not already answered, all of these Interrogatories and Requests for Production are premature and inappropriate, particularly in that much of the information was in Merck's exclusive possession, custody, or control, and has either only recently been produced, or Merck still refuses to produce in this case. In addition, no fact depositions have been taken by either side, and Merck's own document production has not yet concluded. Plaintiffs objected to each these Interrogatories and Requests for Production on the grounds that they constitutes premature contention interrogatories for which the Defendant has failed to meet its burden to justify requiring answers prior to the completion of essential discovery. See *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (N.D. Cal. 1985). Given the stage of this case *with fact discovery still ongoing, with Merck's document production not yet completed, with not a single fact deposition taken or even scheduled*, Plaintiffs maintain this objection: production of such information, at this time, could irreparably prejudice Plaintiff's further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiff and to unnecessarily delay and needlessly increase the cost of this litigation to all parties. Furthermore, Merck also seeks the inappropriate and premature disclosure of Plaintiffs' experts' testimony in advance of Plaintiffs' expert reports.

**ARGUMENT**

    **A.** **The identity of Merck employees who plaintiff alleges provided false or misleading information to the State of Louisiana or Louisiana citizens – or fraudulently concealed from the State or its citizens material information Merck had a duty to disclose – along with details about the contents of the information and how and when Merck provided (or failed to disclose) it. (See**

2

**Defendant's First Set of Interrogatories to Plaintiffs ("Def.'s Interrogatories") Nos. 10-12. (See Defendant's First Set of Requests for Production of Documents to Plaintiffs ("Def.'s RFPs") Nos. 20-21)**

The requested information exists in forms almost exclusively in the control of Merck, mainly in the sales representative call notes and employee files of its representatives that worked in Louisiana. Merck's call notes are contemporaneous records of what their employees told to Louisiana citizens, including representatives of the Louisiana Department of Health and Human Hospitals, prescribing physicians within the State of Louisiana, the Louisiana School of Pharmacy at Monroe, and the P & T committee members at Provider Synergies, the State of Louisiana's pharmacy benefit manager. To date, Merck has only recently produced a sampling of call notes of Louisiana sales representatives that were previously produced in the personal injury litigation. In addition to the call notes, the custodial files of Merck employees that contain information to these discovery request are still being produced by Merck on a rolling basis. Although Merck has not kept to its promised schedule of production of certain of these materials that remain outstanding, these productions are not due to be completed until September 25, 2009, and which will now be subject to a later deadline to be set in the amended pre-trial scheduling order. (See letter from Plaintiffs' counsel to Merck attached as Exhibit A). Plaintiffs' counsel is in the process of reviewing the call notes and custodial file materials that Merck has produced to date, and the disclosure at this point of which of these materials or communications represent fraudulent or misleading statements calls for disclosing privileged materials in that counsel's privileged work product, opinion and/or mental impressions would be used in selecting such materials. Additional information will no doubt be elucidated by fact witness depositions – but so far not one fact witness deposition has been taken. Plaintiffs have requested fact witness depositions for fourteen Merck employees, and Merck has requested fact witness depositions of several fact witnesses of Plaintiffs (See letters from Plaintiffs' counsel to Merck attached as

Exhibit B and Exhibit C). The parties intend to conduct these depositions in October, 2009. Furthermore, the contents of call notes, documents, and fact witness deposition testimony will be considered by Plaintiffs experts, and the disclosure of which materials Plaintiffs' experts rely upon for their expert opinion and testimony is premature at this point. The materials Plaintiffs' experts rely upon for their expert reports will be disclosed with those reports and in accordance with the pre-trial scheduling orders in this case.

> **B.    The type and amount of any compensatory damages, punitive damages, statutory penalties, attorneys' fees and other relief plaintiff seeks, along with the factual basis for the amount and the legal basis under which plaintiff contends it is entitled to the relief. (See Def.'s Interrogatories Nos. 15, 20, 22-24, 26-27.) (See Def.'s RFPs Nos. 20-27, 30.)**

Plaintiffs have responded as fully and completely as possible at this stage of the litigation. Plaintiffs maintain that the types of damages are sufficiently set forth in their latest Second Amended Complaint. The amount of Plaintiffs' damages will ultimately be the topic of Plaintiffs' expert testimony, bases on several data sources: 1) Louisiana Medicaid prescription claims data for Vioxx and other 'relevant drugs' (as that term was defined by Merck in its discovery requests) which Plaintiffs have already produced to Merck; 2) Vioxx sales data for Louisiana from third parties like IMS, which Merck has refused to produce and will be the subject of a forthcoming motion to compel from Plaintiffs (See letter from Merck re IMS data attached as Exhibit D); and 3) Merck's internal Vioxx sales data, which Merck has refused to produce. Notwithstanding Merck's cited authority, none of which concerns a pharmaceutical case where the drug sales data is not in Plaintiffs possession, it is premature and inappropriate to force Plaintiffs to quantify their damages without the benefit of expert testimony to that effect.

It is ironic that Merck refuses to produce its own Vioxx sales data and the IMS Vioxx sales data on the grounds that it is not relevant to Plaintiffs case, yet now demands that Plaintiffs prematurely disclose it damages model. This is particularly inappropriate when Plaintiffs

experts, *at Merck's request*, have specifically identified the IMS data necessary to perform their damage analyses, and Merck continues to deny its relevance.  Merck should not be allowed to pigeonhole Plaintiffs into a statement of damages without the benefit of their expert testimony this will be based on information Merck refuses to produce because it considers Louisiana Vioxx sales data not relevant to Plaintiffs' claims.

> **C.     The amount of money plaintiff spent on Vioxx that was reimbursed or otherwise paid for by private sector (e.g., employee benefit plans) and other governmental entities (e.g., the federal government). (See Def.'s Interrogatory No. 28.) (See Def.'s RFP No. 28.)**

Plaintiffs fully answered these discovery requests.  Plaintiffs are not required to entertain endless additional hypotheticals from Merck that go beyond the simple and straightforward responses Plaintiffs have provided.  To the extent that additional issues will arise in Plaintiffs experts' damages analyses, it will be disclosed by Plaintiffs experts at the appropriate time and Plaintiffs incorporate all of the reasons under section B. *supra* as to why those expert opinions should not be disclosed prior to Plaintiffs expert reports.

> **D.     The identity of fact witnesses that plaintiff intends to call at trial. (See Def.'s Interrogatory No. 37.)**

Plaintiffs have identified fourteen Merck fact witnesses that it may call at trial, and reserved their right to supplement this response as discovery proceeds.  Requiring further disclosure is very premature.  Not only has Merck not completed its document productions, but the depositions of the fifteen Merck fact witnesses Plaintiff seeks to depose, and the depositions of the five Plaintiffs' fact witnesses Merck seeks to depose, have yet to be scheduled.  These depositions, and further document production by Merck, may lead to identification of further fact witnesses that either side may wish to depose and/or call at trial.  The existing pre-trial schedule, or even the amended versions by each party currently before the Court, does not contemplate Plaintiffs' disclosing its trial witness lists at this point in the litigation.  Plaintiffs will supply

their trial witness lists in accordance with the Federal Rules of Evidence and future pre-trial scheduling orders of the court.

## II. CONCLUSION

For the reasons set forth above, Merck's Motion should be denied in its entirety.

Dated: September 14, 2009

Respectfully submitted,

By: /s/ Douglas R. Plymale
Douglas R. Plymale
James R. Dugan, II
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
*Murray Law Firm*
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181

**CO-CHAIR OF GOVERNMENT ACTIONS PLAINTIFFS' CASE MANAGEMENT COMMITTEE AND COUNSEL FOR PLAINTIFFS**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
*Louisiana Department of Justice*
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
General Counsel
Kim Sullivan
*Louisiana Department of Health and Hospitals*
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188

6

Facsimile: (225) 342-2232

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Plaintiffs' Memorandum In Opposition To Merck's Motion To Compel The State Of Louisiana To Provide Interrogatory Responses And Document Productions has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, on this the 14th day of September, 2009.

                                         /s/   Douglas R. Plymale
                                         Douglas R. Plymale
                                         Murray Law Firm
                                         650 Poydras Street, Suite 2150
                                         New Orleans, LA 70130
                                         Telephone:  (504) 648-0180
                                         Facsimile:  (504) 648-0181