UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX <br>     Products Liability Litigation <br><br> This Document Relates to: <br><br> JAMES FRANKLIN on behalf of the STATE <br>     OF COLORADO, <br><br>                 Plaintiff, <br><br>   versus <br><br> MERCK & CO., INC., <br><br>                 Defendant. <br><br> Case No. 06-10485 | MDL No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE <br> KNOWLES |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED</u>**

Defendant Merck & Co., Inc. ("Merck") respectfully requests that the Court enter an order to show cause why Plaintiff's Complaint should not be dismissed on the ground that he lacks authority to sue on behalf of the State.

Plaintiff James Franklin seeks to recover money spent by the State of Colorado to reimburse Vioxx prescriptions through its Medicaid program. Over three months after Merck first served Plaintiff with basic discovery requests regarding his claims, Plaintiff has yet to provide Merck with *any* of the information sought. Indeed, based on Merck's discussions with counsel, Plaintiff does not have – and cannot obtain – any of the information possessed by the State that would be relevant to his allegations. Merck's understanding is that the State of Colorado has rejected all of Plaintiff's requests for information supporting this action, apparently

1

because the State does not view Plaintiff as authorized to act on its behalf in bringing this suit. Because Merck believes that these developments indicate that Plaintiff lacks authority to assert claims against Merck on behalf of the State, the Court should enter an order to show cause why Plaintiff's Complaint should not be dismissed in its entirety.

## BACKGROUND

Vioxx is a prescription nonsteroidal anti-inflammatory and pain-relief drug ("NSAID") manufactured by Merck for use in the treatment of osteoarthritis, rheumatoid arthritis, acute pain, primary dysmenorrhea, and migraine headaches. (*See* Compl. ¶¶ 9-11.) The United States Food & Drug Administration approved Vioxx for use in the treatment of osteoarthritis on May 20, 1999. (*See id.* ¶ 11.) Vioxx was available in the U.S. from May 1999 until it was voluntarily withdrawn from the market in September 2004. (*See id.* ¶¶ 11, 46.) Vioxx was included in the State of Colorado Medicaid Program's list of drugs subject to reimbursement. (*Id.* ¶ 12.)

Plaintiff alleges that Merck engaged in common law fraud by withholding the drug's alleged risks, causing the State of Colorado to make payments for Vioxx through its Medicaid program that it would not otherwise have made. (*See, e.g., id.* ¶ 49.) Plaintiff does not allege that he was prescribed Vioxx, that he purchased it, or that he was injured directly by any conduct of Merck. Instead, he purports to bring this action "derivatively on behalf of the State of Colorado and the Department of Health Care Policy and Financing." (*Id.* ¶ 4.) Plaintiff appears to believe that the simple fact that he is a Colorado citizen and taxpayer entitles him to bring suit on the State's behalf. (*See id.* (alleging that he "is a citizen of the State of Colorado and pays taxes to the State of Colorado").) However, through counsel, Plaintiff has indicated to Merck that even the most basic discovery the Company seeks in connection with this case is in the possession of the State. Moreover, Plaintiff has advised that despite his repeated attempts to

obtain the requested discovery from the State of Colorado, the State has refused to acknowledge his letters, much less provide him with any of the information underlying his claims.[1]

## ARGUMENT

Plaintiff's inability to provide any of the discovery relevant to his allegations illustrates a fundamental and inescapable problem with his claims – he is not the State of Colorado and he does not have authority to act on its behalf.

Colorado law does not authorize private plaintiffs to bring suit on behalf of the State. To the contrary, "[t]he Colorado Supreme Court has held that C.R.S. 1973, 24-31-101(1)(a) grants the Attorney General the exclusive right, in the absence of another statute providing otherwise, to represent the State in actions to protect its interests." *Mountain States Legal Found. v. Costle,* 630 F.2d 754, 771 (10th Cir. 1980) (citing *State Board of Pharmacy v. Hallett,* 88 Colo. 331, 296 P. 540 (1937)). As the U.S. Court of Appeals for the Tenth Circuit recognized in *Gallagher v. Continental Insurance Co.*, 502 F.2d 827 (10th Cir. 1974), no Colorado case or law permits a plaintiff to bring a derivative action to assert state rights. *Id.* at 832. In *Gallagher*, as in this case, the plaintiffs claimed that they had the right as citizens and taxpayers to bring suit against a private entity to recover funds allegedly owed to the State. The Tenth Circuit rejected this argument, noting that "Colorado has no constitutional or statutory authorization for maintenance of derivative actions on behalf of the state" and that no case had established any such right. *Id.* (also noting that "[i]t has been held that absent statutory authorization citizens and taxpayers may not bring a derivative suit on behalf of the state") (citation omitted). The court's holding in

---

[1] Plaintiff has suggested that he may seek the Merck-requested discovery by in turn serving third-party discovery on the State. But such discovery presumably will meet with objections from the real party in interest as to these purported claims (*i.e.*, the State of Colorado), further confirming the absurdity of allowing Plaintiff to proceed with the prosecution of claims that he has no authority to bring.

3

*Gallagher* applies here as well – Plaintiff has pointed to no case or law permitting him to bring a derivative action on behalf of the State, and there is none.

To the extent Plaintiff suggests that he has the right as a taxpayer to bring his claims, he is incorrect. Taxpayer standing, as applied in Colorado, allows a taxpayer to challenge governmental action, but does not provide for independent actions against private entities whose conduct allegedly harmed the State. This doctrine is "grounded in th[e] recognition of taxpayers' interest in living under a constitutional government." *People ex rel. Salazar v. Davidson*, 79 P.3d 1221, 1229 n.4 (Colo. 2003) (citing *Howard v. City of Boulder*, 290 P.2d 237, 238 (Colo. 1955), *Colo. State Civil Serv. Employees Assoc. v. Love*, 448 P.2d 624, 627 (Colo. 1968)). Therefore, a Colorado taxpayer only has authority to bring suit against a governmental entity, and only to challenge actions taken by that governmental entity. *See Howard*, 290 P.2d at 238 ("[W]e can conceive of no greater interest a taxpayer can have than his interest in the form of government under which he is required to live, or in any proposed change thereof."). With respect to such cases, a citizen plaintiff has a right to sue where he alleges that "a governmental action that harms him is unconstitutional." *Ainscough v. Owens*, 90 P.3d 851, 856 (Colo. 2004) (en banc). Here, Plaintiff's allegations are directed at Merck's actions – not at any action taken by the State of Colorado. He makes no claims regarding governmental conduct whatsoever, much less any constitutional claims.[2]

Nor may Plaintiff bring claims on behalf of the State as a *qui tam* action. Unlike many states, Colorado does not have a False Claims Act under which private citizens may act as *qui*

---

[2] Plaintiff is also unable to bring his claims as a taxpayer derivative suit. This is because, in Colorado, taxpayer derivative suits may be brought on behalf of a municipal corporation only where "the municipality has the discretion to bring the action but has refused to do so because of fraud, collusion, bad faith, or ultra vires acts by the corporation." *McCroskey v. Gustafson*, 638 P.2d 51, 55-56 (Colo. 1981) (citation omitted). Plaintiff makes no such allegation here.

4

*tam* plaintiffs.  This is particularly telling given that Plaintiff in this case attempts to bring a cause of action for fraud on behalf of the State – the type of action that a plaintiff might allege is covered by a False Claims Act, had Colorado chosen to enact one.  *See* 31 U.S.C. § 3729 (anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . [or] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" to the United States government violates the federal False Claims Act, among other conduct).

Finally, Colorado does not permit private plaintiffs to bring actions on behalf of the State for violations of the Colorado Medical Assistance Act ("CMAA"), the statute that establishes Colorado's Medicaid program.[3]  Plaintiff purports to seek recovery on behalf of the State for sums it expended in reimbursing Medicaid recipients' Vioxx prescriptions.  (*See* Compl., Prayer.)  But the CMAA expressly provides that the Colorado State Department, not individual citizens, may bring an action for violations of the CMAA.  Colo. Rev. Stat. § 25.5-4-306.  Thus, it is clear that Colorado never intended to allow private plaintiffs to assert the types of claims alleged by Plaintiff here.

In sum, Plaintiff's inability to respond to very basic discovery requests by Merck sounds an alarm, warning that Plaintiff lacks authority to prosecute these claims and that allowing this litigation to continue will simply waste the Court's and the parties' time.

---

[3]  The CMAA makes it illegal to:  "(a) Intentionally or with reckless disregard make or cause to be made any false representation of a material fact in connection with a claim; (b) Intentionally or with reckless disregard present or cause to be presented to the state department a false claim for payment or approval; or (c) Intentionally or with reckless disregard present or cause to be presented any cost document required by the medical assistance program that the person knows contains a false material statement" among other conduct.  Colo. Rev. Stat. § 25.5-4-305.

**CONCLUSION**

For the foregoing reasons, Plaintiff lacks authority to assert claims on behalf of the State of Colorado, and the Court should enter an order to show cause why Plaintiff's Complaint should not be dismissed in its entirety.

Dated:  September 15, 2009                                      Respectfully submitted,

  /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005

ATTORNEYS FOR MERCK & CO., INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum in Support of Motion for Order to Show Cause Why Plaintiff's Complaint Should not be Dismissed has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th of September , 2009.

                                                          */s/ Dorothy H. Wimberly*
                                                          Dorothy H. Wimberly, 18509
                                                          STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                          546 Carondelet Street
                                                          New Orleans, Louisiana  70130
                                                          Phone:  504-581-3200
                                                          Fax:     504-581-3361
                                                          dwimberly@stonepigman.com

                                                          Defendants' Liaison Counsel