UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO REINSTATE CURE PERIOD FOR SUBMISSIONS OF FUTURE EVIDENCE STIPULATIONS IN THE VIOXX RESOLUTION PROGRAM**

Ann B. Oldfather, Lead Counsel for the Ineligible or Not Enrolled Claims, moves the Court as Chief Administrator of the Vioxx Resolution Program to direct reinstatement of the 20 day cure period for the submission by ineligible claimants of Future Evidence Stipulations.

The Vioxx Resolution Program ("RP") allows a claimant to return to litigation if and when a claim is deemed ineligible. In order to return to litigation, a claimant is required to submit a Future Evidence Stipulation ("FES") to BrownGreer, PLC, the Claims Administrator. The Claims Administrator has historically notified ineligible claimants if their FES was defective as submitted. The claimant was then allowed a 20 day period within which to cure any defect in the FES.

Without prior notice or discussion, Merck and the Negotiating Plaintiffs' Counsel ("NPC," all of whom are members of the original PSC in this action) notified the Claims Administrator to forthwith discontinue the allowance of a 20 day cure period on defective FES forms. The Claims Administrator distributed notice of this change of course to all participating counsel on August 21, 2009, by the document attached at TAB 1.

Through email correspondence and telephone calls, the undersigned requested the NPC to seek reinstatement of the cure period, since failure to do so could result in the final dismissal of legitimate claims where the claimant, having been unsuccessful in the RP despite his/her desire to participate, wanted to return to the litigation (a major selling point by the NPC/PSC when promoting the reasons that all claimants should enroll in the RP).  It is significant that opportunities for cure, and indeed repeated opportunities for cure, have routinely been provided for just about every other significant phase of the RP, whether to facilitate enrollment or to aid in the processing of accepted claims.  Nevertheless, and for reasons that seem to have nothing to do with what is in the best interests of the litigants, the NPC has resisted all efforts by the undersigned to achieve a reinstatement of a limited 20 day cure period for persons desirous of returning their claim to litigation after they have been unsuccessful in their efforts to participate in the RP.

Once an FES is filed, there are only two potential outcomes: The claim will be returned to litigation or, if the FES remains defective even after a cure period, the Claims Administrator will deliver the dismissal documents to Merck and the claim will be dismissed.  A cure period has zero effect on the eligible claims, the calculation of payouts, or the closeout of the RP.  At the very worst, a cure period delays by 20 days when Merck will know it is finished with a particular claim, and adds one email to the Claims Administrator's work load.

The Court, in its role of Chief Administrator of the RP, is respectfully requested to allow unsuccessful enrollees in the RP the same latitude in completing their paperwork as has been routinely allowed throughout the rest of this process for compliance with the other requirements of the RP.  It was never a purpose of the RP to frustrate the return of claimants to the litigation if and when they were unable to participate in the RP.

There is absolutely no downside to a short, 20 day cure period. For months, the Claims Administrator thought it an appropriate remedy for a defective FES, as did the parties. The Court is respectfully requested to direct the Claims Administrator to reinstate the cure period on all Future Evidence Stipulations submitted on and after August 21, 2009.

Respectfully submitted,

s/ Ann B. Oldfather
Ann B. Oldfather
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
aoldfather@oldfather.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of September, 2009.

s/ Ann B. Oldfather
Ann B. Oldfather

**From:** Claimsadmin@browngreer.com [mailto:Claimsadmin@browngreer.com]
**Sent:** Friday, August 21, 2009 11:04 AM
**To:** Ann Oldfather
**Subject:** No Cure Period for Rejected Future Evidence Stipulations Generated Starting Today
**Importance:** High

Until now, a 20-day period was allowed to correct a Future Evidence Stipulation ("FES") submitted for a Claimant that was rejected for signature issues or other defects.  We have received instructions from the Parties to change that procedure. Starting today, for any FES you generate for a claimant on your Portal, there will be no cure period allowed for defective FES Forms submitted to us. As a result, you must make sure that every FES you submit from now on is properly completed, signed by the Vioxx User Claimant or authorized and appointed representative of a deceased or legally incompetent Vioxx User Claimant, properly and fully notarized, and postmarked to us on or before the Deadline to Submit FES shown at the top of the Claimant's FES Form. If it is not complete and properly signed or suffers from other defects, or if it is postmarked or given to a delivery service even one date late, it will be rejected and the claim will be closed. There will be no opportunity to cure whatever problem led to its rejection and the Claimant's Release and other Enrollment Documents will be delivered to Merck. For example, an FES with no signature or signed by a lawyer will be rejected, there will be no opportunity to cure that rejection and the Claimant's Release and other Enrollment Documents will be delivered to Merck.

**Vioxx Claims Administrator**
**BROWNGREER PLC**
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

TAB 1