UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| *See attached Exhibits A & B* | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S *FIRST* MOTION, RULE AND INCORPORATED MEMORANDUM FOR AN ORDER TO SHOW CAUSE WHY STIPULATIONS OF DISMISSAL SHOULD NOT BE FILED FOR FAILURE TO SUBMIT TIMELY FUTURE EVIDENCE STIPULATIONS**
(*As to Response of the Wood Law Firm*)

In further support of its original motion and in reply to the Response Memorandum filed by the Wood Law Firm, Merck states as follows:

1. As discussed in its opening memorandum, pursuant to the Master Settlement Agreement ("Agreement" or "MSA"), the Claims Administrator was required to deliver the releases and stipulations of dismissal of certain defaulting claimants to Merck. Rather than simply file the stipulations of dismissal, however, Merck filed the instant motion in an effort to procure finality on this issue and avoid future motions practice.

2. By enrolling in the Vioxx Resolution Program, a claimant agrees to be bound by the terms of the Agreement. Provision 2.7.3.2 of the MSA provides:

> "If such Enrolled Program Claimant fails to execute and deliver a Future Evidence Stipulation to the Claims Administrator within thirty (30) days of delivery to such Enrolled Program Claimant or its Counsel of the Claims Administrator notice described in Section 2.5.6, then promptly thereafter the Claims Administrator *shall* deliver the Enrolled Program Claimant's Dismissal With Prejudice Stipulation and Release to Merck (***and, without limitation, Merck shall be free to file or cause to be***

> *filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding*).

(emphasis added).

3. The foregoing provision is clear and unambiguous. It has been an integral part of this Agreement since its inception. As such, it must be enforced by its express terms. *See, e.g., Wilder v. Bernstein,* 153 F.R.D. 524, 527-28 (S.D.N.Y. 1994) ("if the language of the settlement agreement is unambiguous, its meaning must be discerned within the 'four corners' of that document"); *Northrup Contracting, Inc. v. Village of Bergen*, 129 A.D.2d 1002, 1003 (N.Y.A.D. 1987) ("Since the terms of the settlement agreement are unambiguous, it is the responsibility of the court to interpret it, and its meaning must be gleaned from the face of the instrument.").[1] It is undisputed that the identified claimants failed "to execute and deliver a Future Evidence Stipulation to the Claims Administrator within thirty (30) days" of receiving notice of failing Gates. Accordingly, Merck is entitled to receive and file the stipulations of dismissal for each of these claims.

4. Rather than provide evidence that they in fact complied with the provisions of the MSA, the Wood Law Firm claimants simply argue that this thirty day period provision should be ignored. According to plaintiffs' counsel, the provision should not applied to them because it is more difficult and/or time consuming to get the required interim steps accomplished in Puerto Rico. In support of these contentions, the Wood Law Firm claimants point to the fact that the issue of these "additional obstacles" have been noted "previously throughout this entire case." Wood Response ¶ 4.

5. These alleged "additional obstacles" are simply red herrings. The requirements regarding Future Evidence Stipulations (including an exemplar of the required form), and

---

[1] New York law governs interpretation of the MSA. *See* MSA § 16.3.

- 2 -

specifically the thirty day window, have been known since the MSA was first issued in November, 2007. Accordingly, claimants and their counsel had ample opportunity to plan on how to accomplish their compliance within the time allotted. Indeed, to the extent that these alleged "additional obstacles" for Puerto Rico residents had been identified previously, perhaps alternative measures should have been taken.[2]

6. In addition, the overwhelming majority of the FES materials that were ultimately submitted late have turned out to be facially invalid. Of the 222 FES stipulations submitted by the Wood Law Firm, 158 (over 70%) were actually executed by Mr. Wood rather than the individual client. In short, these FES stipulations are not only untimely but also are unenforceable.

7. Because the plaintiffs that are subject to this motion failed to submit an FES within the allotted thirty day time period set forth in the MSA, Merck is entitled to dismissal of those cases as required by the clear terms of the Agreement.

8. But, if an additional ground for dismissal were necessary, there is one. As noted in the opening memorandum, these plaintiffs have also failed to provide the Lone Pine expert report required by PTO 43. Even though this Court need not reach this issue, Merck notes that as of this date, the claimants have still not provided the PTO 43 Lone Pine report. In most instances, after more than 45 days, no expert report has yet been submitted.

9. For the foregoing reasons, and the reasons stated in its opening memorandum, plaintiffs have failed to show cause why their cases should not be dismissed. Thus, orders of dismissal should be entered.

---

[2] For instance, the required documents have been public since 2007, they could have been translated at any point prior to July, 2009. Similarly, if prior experience has shown that simple "priority mail" results in delays, then other means should have been used.

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

—and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck & Co., Inc.

992126v.1

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of September, 2009.

                                            */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

992126v.1