UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | |
| | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| This document relates to ALL CASES | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |

## PRETRIAL ORDER NO. 48

WHEREAS, on January 15, 2009, the Plaintiffs' Steering Committee ("PSC") and the Negotiating Third Party Payor Counsel ("TPPC") entered into a Settlement Agreement that established a private lien resolution program for eligible claimants;

WHEREAS, this Court has previously applauded the creation of a private lien resolution program:

"…it seems to me that it is a benefit to each side to utilize the economy of scale that an MDL affords and get benefits for each side.  On the side of the insurance companies, they minimize or exclude their transactional costs, so they come to benefit.  They've got a focal point from which they can collect all of their liens at one time…the plaintiffs or the claimants will get a tremendous discount on their liens, which they have to pay….and if they're not in this program they have to pay 100 percent of the liens.  They're going to be sued and the…amount is going to be collected.  So you have caps and you have tremendous discount.  So the claimants benefit from it….I think that this is a good program and I hope that future MDLs piggyback on this approach…"
(Hearing Tr., January 22, 2009 at 27-28.)

WHEREAS, the Garretson Firm was charged with implementing the private lien resolution program;

WHEREAS, notices have been sent to attorneys for Eligible Claimants informing them of the program, providing instructions for participation, and setting an initial participation deadline of March 20, 2009;

WHEREAS, on February 10, 2009, the PSC reported to the Court (i) that an information package including a list of participating insurers, the HIPAA compliant release, and a participation form had been

made available online and emailed to all relevant parties, (ii) all claimants' attorneys also received a draft letter outlining the program that could be sent to their clients, and (iii) the Garretson Firm set up a toll free number to answer attorneys' questions about the program;

WHEREAS, on February 10, 2009 the Garretson Firm provided a detailed explanation of the program to approximately 250 attorneys for Eligible Claimants during telephonic and in-person meetings and subsequently held similar meetings around the country;

WHEREAS, on March 27, 2009, the PSC informed the Court that approximately 17,000 eligible claimants had indicated participation in the program;

WHEREAS, also on March 27, 2009, the Garretson Firm extended the participation deadline to May 29, 2009, and reported having sent another email to Eligible Claimants' attorneys containing a supplemental list of approximately 70 additional private health plans that agreed to participate in the program.

WHEREAS, on April 23, 2009 the Garretson Firm sent additional letters to all claimants' attorneys informing them of the extended response deadline and asked them to reconsider joining the program in light of new insurers that had agreed to participate and sent targeted letters to attorneys for claimants who received pharmacy benefits through Medicare Part C;

WHEREAS, on May 29, 2009, the Garretson Firm reported that more than 1,800 additional claimants joined the program as a result of the most recent batch of letters.  Garretson anticipated receiving more forms later in the day, bringing the total participation to roughly 19,000 individuals.

WHEREAS, on May 19, 2009, the Court also approved a "matching process" in which a database of non-exclusively federally insured eligible claimants obtained by the Garretson Firm would be matched against the TPPC's list of known Vioxx users to determine the percentage of eligible claimants enrolled in the program (Pretrial Order No. 40 is attached hereto as Exhibit A);

WHEREAS, on June 29, 2009, the Garretson Firm informed the Court that (i) over 20,000 claimants had enrolled in the private lien resolution program, (ii) the matching process had yielded a list of approximately 6,700 eligible claimants with private insurance obligations who had not yet joined the lien resolution program, and (iii) the TPPC was still in the process of identifying false matches;

WHEREAS, it appears that up to 30% of the non-enrolled Eligible Claimants may be privately insured by the participating TPPS; and

WHEREAS, Eligible Claimants' attorneys have a duty to apprise their clients of all settlement offers;

**IT IS HEREBY ORDERED:**

Primary Counsel for *ALL* Eligible Claimants must provide notice to their clients. For Eligible Claimants who have not yet received formal written notice of the private lien reimbursement program, counsel is ordered to send formal written notice of the program, attached as Exhibit B, within five (5) business days of this Order.

New Orleans, Louisiana, this 15th day of September, 2009.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE