# EXHIBIT "B"

## NOTICE TO VIOXX CLAIMANTS YET TO ENROLL IN THE VIOXX PRIVATE LIEN RESOLUTION PROGRAM

One advantage of the Multi District Litigation (MDL) concept is that it affords an opportunity to establish a global resolution program, under which valid liens can be substantially discounted to the advantage of the recipient of medical services. Such a program has been established in this case, and Judge Eldon E. Fallon, the federal judge overseeing this MDL, has indicated that this is a fair program. The Court has authorized the Lien Resolution Administrator to extend the enrollment deadline for the Private Lien Resolution Program to September 15, 2009.

Judge Eldon E. Fallon strongly encourages your consideration of this Private Lien Resolution Program ("Program"), as it provides significant reductions and caps to healthcare liens described in detail on the following pages.

Private Health Insurance Providers are still working through other means to identify recipients of Vioxx settlement funds in order to assert their reimbursement rights. **If you choose not to participate in this Program, your Private Health Insurance Provider(s) may seek to recover all or part of your settlement amount pursuant to the terms of your insurance policy(s). Your Private Health Insurance Provider(s) will not offer you the reductions and caps provided under this Program.**

If Vioxx related injury treatment was paid for by any of the following, a private healthcare lien may exist:
- Medicare part C
- Medicare Advantage Plan
- Medicare/Medicaid Supplement
- HMO
- Health plan through an employer
- Health plan you purchased privately

If you are unsure who paid for the Vioxx related injury treatment, you are still strongly urged to consider participating. **Participation in the Program will ensure that no liens from participating plans can be asserted against you in the future.** (If no lien is found with a participating Private Health Insurance Provider, you will incur no expense related to this Program).

## PARTICIPATION IN THE VIOXX PRIVATE LIEN RESOLUTION PROGRAM WILL NOT DELAY DISBURSEMENT OF REMAINING SETTLEMENT FUNDS

Each client who voluntarily chooses to participate must submit **both** a signed *"Notice of Private Lien Resolution Program Offer and Acceptance"* and *"Authorization for Use and Disclosure of Protected Health Information"* (HIPAA Authorization) to the Lien Resolution Program Administrator by September 15, 2009.

# Vioxx Private Lien Resolution Program
## Claimant Information

### I.  General Information

**If you receive health insurance benefits from a Private Health Insurance Provider, please read the balance of this document and then take the immediate steps noted if you would like to participate in the Private Lien Resolution Program described below.**

**THIS PROGRAM OFFERS SIGNIFICANT LIEN RESOLUTION BENEFITS TO VIOXX CLAIMANTS WHO WERE COVERED BY CERTAIN PRIVATE HEALTH INSURANCE PROVIDERS OR CERTAIN OTHER PRIVATE BENEFIT PLANS.**

You were informed in prior educational materials that the Vioxx Settlement Program includes certain requirements concerning the resolution of Claimants' Vioxx-related reimbursement claims ("liens") and obligations related to governmental healthcare programs. [1]

That prior correspondence also explained that some Claimants may receive health care coverage and/or insurance from a source other than the government programs. Such sources may include a health plan provided by your employer, a health insurance policy that you purchased privately, disability insurance, Medigap insurance and a Medicare and/or Medicaid replacement/supplement offered through a private insurance company ("Private Health Insurance Providers"). Accordingly, you were informed that you may have an obligation under the terms of your contract with your Private Health Insurance Provider(s) to notify the Provider(s) of your claims against Merck and/or your anticipated Settlement Payment. **If this applies to you, you were instructed to notify your attorney. Similarly, if your insurance company, employee health plan, or other health provider sent you any correspondence about your claims against Merck and/or anticipated Settlement Payment, you were instructed to notify your attorney immediately.**

Judge Eldon E. Fallon the Federal Judge overseeing the Vioxx Settlement Program has authorized the Lien Resolution Administrator (The Garretson Firm Resolution Group, Inc.) to administer a program to assist with liens being asserted by Private Health Insurance Providers. **If you receive health insurance benefits from a Private Health Insurance Provider(s), please read the balance of this document and then take the immediate steps noted below if you would like to participate in the Private Lien Resolution Program.**

### II.  What Is The Private Lien Resolution Program?

The terms of your contract with your Private Health Insurance Provider(s) may state that the Provider can demand reimbursement for the cost of your Vioxx-related medical care from any Settlement Payment you receive. By way of example, if your Private Health Insurance Provider paid $10,000 to provide medical care for you related to your use of Vioxx and any resulting complications, the terms of your insurance policy contract may authorize the Provider to demand that you repay $10,000 out of your Settlement Payment. This is known as a "healthcare lien." The reasoning behind this is that Merck (the maker of Vioxx) is the entity that

---

[1] In that prior correspondence you were also informed that the Federal Court overseeing this Settlement Program appointed a Lien Resolution Administrator to establish a formalized process for satisfying and discharging any statutory obligations to healthcare programs offered through federal Medicare, state Medicaid, the Department of Veterans Affairs (VA), TRICARE, Department of Defense or Indian Health Services for Claimants who have been or who currently are entitled to such benefits. These Governmental reimbursement claims/liens currently are being resolved for the affected Claimants by the Lien Resolution Administrator according to the terms previously disclosed.

you claimed caused your injuries (and related medical care for those injuries) so the cost of that medical care ultimately should be paid out of your Settlement Payment to your healthcare plan.

The Private Lien Resolution Program has been established in order to efficiently address liens in a manner that is likely to be favorable to the affected Claimants.  You have the option of taking advantage of this program, or resolving the matter on your own with your Private Health Insurance Providers.  **The program is entirely voluntary.  However, if you choose not to participate, resolution of any lien claimed by your healthcare plan will be your responsibility, and your healthcare plan's lien resolution agents may not offer you the benefits provided by this program**.   This document explains the program's benefits should you choose to participate.  The Lien Resolution Administrator recommends that Claimants voluntarily elect to participate in the program according to its terms and conditions, regardless of whether their Private Health Insurance Provider has yet notified them of a Vioxx-related lien.

| III.  What Are The Terms and Conditions of The Private Lien Resolution Program? |
| --- |

**Eligibility** – If you have received healthcare benefits from any of the Private Health Insurance Providers, you are eligible to participate in this Private Lien Resolution Program.   Since many Claimants may not know the proper name of their health care program, if you have any doubt as to whether your insurance provider is participating in this Program, you should follow the steps below and the Lien Resolution Administrator will take appropriate steps to verify whether or not your specific Private Health Insurance Provider(s) is/are not currently participating. [Only after an Insurance Provider agrees to all the Program's terms and conditions will the Lien Resolution Administrator provide them any Claimant names or other Claimant information].

**Audit** – If you are eligible to participate, the Lien Resolution Administrator will obtain from your healthcare plan(s) documentation regarding the Vioxx-related expenditures your healthcare provider(s) claims it has made on your behalf ("claimed expenditures").   Sometimes claimed expenditures might accidentally include claims for charges which are not related to the injury for which a person receives a settlement.   These are known as "unrelated charges."

By performing an audit of all claimed expenditures, the program helps ensure that all unrelated charges will be identified and removed from the lien.   For example, if a lien for $10,000 contains $2,000 worth of unrelated charges, the auditing process will identify those and reduce the lien amount to $8,000 ("Injury-Related Lien Amount").   This ensures that the lien made against your Settlement Payment has not been inflated by claimed expenditures unrelated to Vioxx.

**Lien Reductions and Caps** - As part of the Private Lien Resolution Program, the participating Private Health Insurance Providers have agreed to reduce automatically all Injury-Related Lien Amounts by 50% ("Adjusted Lien Amount").   In addition to automatically reducing all liens by 50%, the participating Private Health Insurance Providers also have agreed to limit or "cap" all liens as follows ("Capped Lien Amount"):

(i) 15% of your Gross Settlement Amount (before attorneys' fees and litigation expenses are deducted) up to the first $100,000; (ii) 12.5% of your Gross Settlement Amount over $100,000 and up to $250,000; and (iii) 10% of your Gross Settlement Amount exceeding $250,000.    The Capped Lien Amount will not exceed the Adjusted Lien Amount.  The following examples demonstrate how this automatic reduction and "cap" work:

Example 1 (scenarios involving Gross Settlement Amounts (before attorneys' fees and litigation expenses are deducted) under $100,000): If your Gross Settlement Amount is $20,000 and your Private Health Insurance Provider paid $10,000 for your medical care related to Vioxx, the lien amount will be reduced by 50% to $5,000 (Adjusted Lien Amount).   The Adjusted Lien Amount will then be capped at only 15% of $20,000, which equals a Capped Lien Amount of $3,000 (See Scenario A in the chart immediately below).  However, if your Settlement Payment is $50,000 with the same Adjusted Lien Amount, then the maximum amount you must

reimburse will be the Adjusted Lien Amount of $5,000 because that amount is less than the Capped Lien Amount of $7,500 (15% of $50,000 equals $7,500). (See Scenario B in the chart immediately below).

|  | Scenario A | Scenario B |
|---|---|---|
| Settlement Payment | $20,000 | $50,000 |
| Injury-Related Lien Amount | $10,000 | $10,000 |
| Adjusted Lien Amount (50% reduction) | $5,000 | $5,000 |
| Capped Lien Amount | $3,000 | $7,500 |
| Amount You Must Reimburse | $3,000 | $5,000 |

Example 2 (scenarios involving Gross Settlement Amounts (before attorneys' fees and expenses are deducted) over $100,000): If your Gross Settlement Amount is $300,000 and your Private Health Insurance Provider paid $100,000 for your medical care related to Vioxx, the lien amount will be reduced by 50% to $50,000 (Adjusted Lien Amount). The Adjusted Lien Amount will then be "capped" as follows:

(i)     15% of your Settlement Payment up to the first $100,000 = $15,000
(ii)    12.5% of your Settlement Payment over $100,000 and up to $250,000 = $18,750
(iii)   10% of your Settlement Payment exceeding $250,000 = $5,000

The total of each of (i), (ii) and (iii) above is $38,750. There for, the Total Capped Lien Amount is $38,750.00. The chart below further demonstrates how Example 2 works.

| Settlement Payment | $300,000 |
|---|---|
| Injury-Related Lien Amount | $100,000 |
| Adjusted Lien Amount (50% reduction) | $50,000 |
| Capped Lien Amount | $38,750 |
| Amount You Must Reimburse | $38,750 |

These reductions and caps provide a great benefit to Claimants by substantially reducing the Claimant's reimbursement obligation. **Without these reductions and caps, your Private Health Insurance Provider(s) may be able to pursue the entire amount of its lien from your Settlement Payment**, even if that results in the Insurance Provider(s) receiving most or all of your net Settlement Payment. Participation in the voluntary Private Lien Resolution Program eliminates this risk to Claimants whose Vioxx-related medical expenses were paid by a Private Health Insurance Provider(s).

**States with "Anti-Subrogation" Laws** – If you currently live (or at the time of your Vioxx-related injury lived) in any of the following states, the Lien Resolution Administrator will first determine whether or not any state Anti-Subrogation Laws would apply that might eliminate your obligation to certain Private Health Insurance Providers. The states with Anti-Subrogation Laws are: Arizona, Connecticut, Kansas, Missouri, New Jersey, North Carolina, and Virginia.

**Limited Plan-Specific Analysis** - For Adjusted Lien Amounts exceeding $50,000, the Lien Resolution Administrator will examine the specific terms of your Private Health Insurance Provider(s)' plan's policies to determine the legal ability that the plan has to enforce a lien of that size. This may result in such liens being further reduced or even waived entirely by the Provider.

In consideration of the cost-effectiveness and other benefits offered by this Private Lien Resolution Program, the Private Health Insurance Providers only will participate in this individual "Plan-Specific" analysis for Adjusted Lien Amounts over $50,000. Nevertheless, the reductions and caps discussed above will apply to every lien resolved in the program, which will compensate for any weaknesses which might exist in the smaller

lien claims. This is an important point for you to consider. By choosing to participate in this Private Lien Resolution Program you are agreeing to participate exclusively under these terms.

**Automatic Payment** – If you elect to participate in this Private Lien Resolution Program and if the Lien Resolution Administrator determines you are eligible, then once your final lien obligation is determined, it will be automatically paid on your behalf to your Private Health Insurance Provider(s) out of your final Settlement Payment (after attorneys' fees and expenses are deducted). The remainder of your settlement monies will then be disbursed to you. You will not have to do anything to ensure payment of the final lien obligation amount to your Private Health Insurance Provider(s). Once your lien is resolved, the Lien Resolution Administrator will provide you a statement showing your final lien obligation amount and confirming that payment has been made to your Private Health Insurance Provider(s).

Accordingly, at the time you receive your final Settlement Payment (as opposed to any "interim" Settlement Payment) one of two scenarios will occur: 1) your final lien obligation amount plus the $150 administrative fee described below will be held back by the Claims Administrator; or 2) if the Lien Resolution Administrator has yet to finalize your lien obligation, the applicable Capped Lien Amount described above, plus the $150 administrative fee described below, will be held back by the Claims Administrator while the Lien Resolution Administrator works to finalize the precise amount of your lien obligation.

It is anticipated that Scenario 1 will apply to the vast majority of claimants. However, if scenario 2 applies to you, since the Capped Lien Amount is a "cap" on the final lien amount, if your final lien obligation is determined to be less than the applicable "cap," you will ultimately receive the difference between your final lien obligation amount and the Capped Lien Amount.

**Administrative Expense** – The Administrative Expense for a Claimant to participate in this Private Lien Resolution Program is a flat rate of $300.00. According to the terms of the Program, your Private Health Insurance Provider(s) will pay $150.00 of the fee and you will be responsible for paying the remaining $150.00 of the total fee.

**Multiple Private Health Insurance Providers** - In the unlikely event that you have received Vioxx-related medical benefits from multiple participating Private Health Insurance Providers, the Lien Reductions and Caps described above would apply to the liens of each of your Insurance Providers separately. You only would pay a single administrative fee of $150 to participate in the Lien Resolution Program, however, even if you received Vioxx-related medical benefits from multiple Private Health Insurance Providers.

**Confidentiality** – If you elect to participate in this Program, the Lien Resolution Administrator will be required to exchange certain information with the participating Private Health Insurance Providers including information regarding your claimed Vioxx-related injury, certain other Medical Information, and your Social Security Number. Other than for the purposes described in this document and the attachments described below, the Lien Resolution Administrator will hold your private information in the strictest confidence.

---

### IV. How Do I Participate In The Program?

---

If you would like to participate in the Private Lien Resolution Program as described above, you will need to sign and return (to the address listed below) **both** the attached "Notice of Private Lien Resolution Program

Offer and Acceptance" and the "Authorization for Use and Disclosure of Protected Health Information" **by September 15, 2009**. If these documents are not postmarked by September 15, 2009, you will not be able to participate in the Private Lien Resolution Program.

| **V. What If I Don't Participate?** |
|---|

As explained above, participation in the Private Lien Resolution Program is entirely voluntary. You are free to elect to not participate. If you choose not to participate in the Private Lien Resolution Program, your Private Health Insurance Provider(s) may contact you directly to resolve any claims it may have against your Vioxx settlement proceeds, pursuant to the terms of your insurance policy(s). You (and/or your attorney) will then need to address and resolve any such claims through your own efforts, and your Private Health Insurance Provider(s) lien resolution agents may not offer you the reductions and caps discussed above which will be provided under the Private Lien Resolution Program.

| **VI. What Do I Need To Do Next?** |
|---|

If you would like to participate in the Private Lien Resolution Program as described above, you must sign and return **both** the attached "Notice of Private Lien Resolution Program Offer and Acceptance" and the "Authorization for Use and Disclosure of Protected Health Information" **by September 15, 2009**. If you elect to participate and are determined by the Lien Resolution Administrator to be eligible (again, you are considered "eligible" to participate if your Private Health Insurance Provider(s) have agreed to participate in the Program), then work will begin immediately on the resolution of your healthcare plan's lien claim on your behalf. There is nothing further you need to do at this time.

Also, as stated above in Section III, even if your specific Private Health Insurance Provider is not listed on Exhibit 1, if you would like to participate in this Program, the Lien Resolution Administrator will make best efforts to contact your specific Private Health Insurance Provider to see if they would like to participate in the Private Lien Resolution Program according to the terms and conditions outlined in this document. If this pertains to you, you must provide the Lien Resolution Administrator a copy of your insurance card or any other documents showing which Private Health Insurance Provider paid for your healthcare related to your Vioxx-related injuries. This documentation along with **both** the "Notice of Private Lien Resolution Program Offer and Acceptance" and the "Authorization for Use and Disclosure of Protected Health Information" may be sent to the Lien Resolution Administrator at the following address:

> Private Lien Resolution Program Administrator
> The Garretson Firm Resolution Group, Inc
> PO Box 12540
> Charlotte NC 28220
> Phone: (877) 774-1130

# PRIVATE LIEN RESOLUTION PROGRAM OFFER AND ACCEPTANCE

## A. PARTICIPATING CLAIMANT INFORMATION

I have read and understand the document titled *"Vioxx Private Lien Resolution Program Claimant Information"* which explains the offer of the Private Lien Resolution Program. Having been fully informed of the offer, I elect to participate in the Private Lien Resolution Program according to the terms and conditions outlined in that document.

| Name | Last | | First | | Middle | |
|---|---|---|---|---|---|---|
| **SSN** | **\*\*Important\*\*** | | **VCN** | | | |
| **Signature** | | **\*\*Important\*\*** | **Date** | / / <br> (month) (day) (year) | | |

**NAME AND SSN OR INDIVIDUAL WHO TOOK VIOXX IF NOT THE SAME AS THE SIGNING PARTY:**

| Name | Last | First | Middle | SSN | |
|---|---|---|---|---|---|

Check the appropriate box that applies to you (check only one):

- ❑ *I am an adult claiming Vioxx-related injuries and signing for myself.*
- ❑ *I am the Parent or Legal Representative of a disabled adult or a minor who claims Vioxx-related injuries.*
- ❑ *I am the Authorized Representative of a deceased individual who took Vioxx.*

## B. PRIVATE HEALTH INSURANCE COVERAGE

Provide the following additional information. Identify each of the <u>Non-governmental</u> healthcare providers or insurers that you believe may have paid in any way for care related to your Vioxx-related injuries since the first date of your Vioxx use through December 2007. Be as specific as possible. If you have a copy of the applicable health insurance card, <u>enclose a copy of that card as well.</u>

### B.1. Private Health Insurance

| Plan Name | | Plan ID # | | Employer Name | |
|---|---|---|---|---|---|
| Plan Name | | Plan ID # | | Employer Name | |

### B.2. Medicare Advantage Plan through a Private Insurer Rather Than Through the Federal Government

| Plan Name | | Plan ID # | | Employer Name | |
|---|---|---|---|---|---|

### B.3. MediGap or Medicare Supplemental Insurance Through a Private Insurer Rather Than the Federal Government

| Plan Name | | Plan ID # | | Employer Name | |
|---|---|---|---|---|---|

### B.4. Other

| Plan Name | | Plan ID # | | Employer Name | |
|---|---|---|---|---|---|

If you have received correspondence from a Private Health Insurance Provider(s) inquiring about your Vioxx settlement, attach copies of the correspondence and return them with this questionnaire.

## C. RETURNING THIS FORM

Please return this Form and the "Authorization to Disclose Health Information Form" and any enclosures by the 5/29/2009 deadline to:

Private Lien Resolution Program Administrator
The Garretson Firm Resolution Group, Inc
PO Box 12540
Charlotte NC 28220
Phone: (877) 774-1130

**Authorization for Use and Disclosure of Protected Health Information**
**Pursuant to the *Health Insurance Portability and Accountability Act* of 1996 (HIPAA)**

**To: Vioxx LRP Participating Private Health Care Plans and Recovery Contractors**

**Re:** _____   _____(Name of Vioxx Claimant)

**Purpose**: This document will authorize the following person(s)/entity for purposes of resolving subrogation and/or reimbursement interests, if any, in my third-party claim. The entities and persons named below are authorized to request and receive from you any and all information related to this claim, and discuss, negotiate, and ultimately resolve this claim on my behalf.

**Person(s)/Entity Authorized to Receive and Use Information:**

    **The Garretson Firm Resolution Group, Inc., its agents, or any assigned agency possessing specialized knowledge needed in procuring judgment or settlement.**

    **Mailing Address:**
    **The Garretson Firm Resolution Group, Inc.**
    **PO Box 12540**
    **Charlotte NC 28220**

I hereby give any lien holder and its contract representatives permission to share the information described below with The Garretson Firm Resolution Group, Inc., and its representatives. It is understood that The Garretson Firm Resolution Group, Inc and its representatives may re-disclose this information in their efforts to resolve your interest. Furthermore, it is understood that this health-related information will no longer be protected by the Federal privacy regulations. Therefore, I release the lien holder and its contract representatives from all liability arising from the disclosure of health-related information under this Agreement.

**Information to be Disclosed:**

Lien information and confirming medical records regarding any conditional payments made, or medical care performed, by the lien holder relating to the injury or negligence charges for the period beginning with the date of incident.

This authorization will expire two (2) years from the date below.

_____   _____
**Signature**                                          **Date**