## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: VIOXX                                         *
     Products Liability Litigation           *
                                                *
This Document Relates to:                           *   MDL No. 1657
                                                *
    STATE OF LOUISIANA, *ex rel.* JAMES D.   *   SECTION L
     CALDWELL, JR., Attorney General,       *
                                                *   JUDGE ELDON E. FALLON
            Plaintiff,   *
                                                *   MAGISTRATE JUDGE
   versus                                  *   KNOWLES
                                                *
MERCK & CO., INC.,                                  *
                                                *
            Defendant.   *
                                                *
Case No. 05-3700.                                   *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE STATE OF LOUISIANA TO PROVIDE INTERROGATORY RESPONSES AND DOCUMENT PRODUCTIONS

Earlier this summer, Plaintiff represented to the Court and Merck & Co., Inc. ("Merck") that it was prepared to try this four-year-old lawsuit two months from now, in November 2009. In response to that statement – and in an effort to prepare for such a trial – Merck asked Plaintiff to clarify what specific statements and alleged nondisclosures by Merck underlie its allegations, and what damages Plaintiff seeks. Merck requires this basic information to complete discovery, obtain responsive expert testimony, begin preparing pretrial motions, and plan for the trial itself.

Now, in an effort to avoid producing this discovery, Plaintiff argues that it cannot respond to Merck's requests until it receives additional discovery from Merck. This assertion rings hollow. Plaintiff should have been able, long ago, to describe in a concrete fashion the factual basis for its liability allegations and the nature and quantity of the damages it seeks.

After all, Merck has produced millions of pages of documents in this litigation, and there have been countless depositions of Merck witnesses.  Indeed, the items of discovery Plaintiff now claims are necessary to respond to Merck's requests are either:  (1) irrelevant to the subject matter of Merck's discovery inquiries; (2) duplicative of relevant information already in Plaintiff's possession; or (3) discovery demands that appear designed for the sole purpose of delaying Plaintiff's own obligation to respond to Merck's previously served discovery requests. For these reasons, as discussed further below, Merck's motion should be granted.

## ARGUMENT

**A.      Merck Is Entitled To Discovery Seeking Plaintiff's Specific Contentions Regarding Liability.**

Merck's Interrogatory Nos. 10-12 and Requests for Production Nos. 20-21 seek the identity of Merck employees whom Plaintiff alleges made misrepresentations to, or improperly concealed information from, the State of Louisiana or Louisiana citizens about Vioxx®.  These requests also seek details about what was said, to whom, when, and how, and documents supporting those allegations.  Plaintiff maintains that it cannot provide this information, notwithstanding the copious information it already has about Merck's allegedly unlawful conduct.  Rather, Plaintiff argues, it will only be able to specify its substantive allegations after it completes:  (1) further review of "call notes" authored by Merck professional representatives who visited Louisiana doctors; (2) review of "custodial files" of Merck employees that Merck allegedly has yet to produce; and (3) depositions of 15 Merck witnesses and several witnesses employed by the Louisiana Department of Health and Hospitals or its consultants and advisors. None of these assertions rings true.

Plaintiff first contends that it has not received a full production of call notes from Vioxx professional representatives.  (Pl.'s Mem. at 3.)  However, pursuant to agreement reached

2

between the parties, Merck has produced to Plaintiff relevant professional representative call-related information from its Field Activity and Customer Tracking System ("FACTS") database pertaining to 1,700 prescribing physicians located in Louisiana, as well as approximately 280,000 call notes relating to those Louisiana physicians.  Plaintiff never made a single claim of deficiency with regard to this production and never requested any additional data of this kind. Thus, this argument is baseless.

Plaintiff also contends that it cannot respond to the requests because Merck's rolling production of documents is not complete.  (*Id.*)  This claim, however, is flatly incorrect.  Merck completed its rolling production of documents associated with this case on August 4, 2009. Merck's production included fourteen custodial files of key Merck personnel involved with the Louisiana Medicaid program and additional documents relating to the Louisiana account – a completed production totaling over 680,000 pages of documents for Louisiana that was in Plaintiff's possession almost six weeks ago.  Merck also has met its obligations under its agreement with Plaintiff to produce, on a rolling basis, the documents described in Plaintiff's Exhibit A.  (*See* Letter from E. Flaster to J. Bloom, Sept. 15, 2009) (attached as Ex. A).)  Those documents were not part of Merck's custodial file production; rather, they were offered in lieu of putting up witnesses for 30(b)(6) depositions noticed by plaintiffs in the broader Government Actions case caption.

Finally, Plaintiff now says it needs to take and defend depositions of more than a dozen witnesses before it can formulate its basic liability contentions.  (Pl.'s Mem. at 5.)  Notably, Plaintiff did not request these depositions until last Friday.  Moreover, eight of these witnesses have already been deposed, and Plaintiff has had access to the transcripts of those depositions for many months.  Pretrial Order No. 39 obligates Plaintiff to review those transcripts before taking

depositions to avoid repeating the work done by other plaintiffs' attorneys in Vioxx proceedings that have occurred to date.  (Pretrial Order No. 39 ¶ III.C.)  Thus, it is not clear that Plaintiff has a right to take these depositions.  Further, Plaintiff does not even try to articulate what additional information these depositions would uncover that has not been developed through prior testimony – let alone how that information would be relevant to Merck's requests.  For this reason too, Plaintiff's objections are without merit, and Plaintiff should be compelled to respond to the discovery at issue.

> **B.** **Merck Is Entitled To Discovery Seeking Plaintiff's Specific Contentions Regarding Damages.**

Merck's Interrogatory Nos. 15, 20, 22-24, 26-27, 28 and Requests for Production Nos. 20-27, 28 and 30 ask Plaintiff to describe the type and amount of different categories of damages, penalties, and other relief it seeks, and to provide documents supporting these allegations.  Merck served this discovery because Plaintiff's complaint offers only a vague description of the nature, amount, or basis of Plaintiff's various prayers for relief.  (*See, e.g.,* Second Amended Complaint ¶ 192 ("As a direct and proximate result of the Defendant's wrongful conduct . . . Plaintiffs and citizens of Louisiana have sustained financial losses in amounts as will be established at the trial of this matter"); *id.* Prayer for Relief ¶ 10 (praying that "Defendant be found liable, in solido, to Plaintiffs for financial restitution and such other ancillary monetary damages sustained by Plaintiffs, all of which will be established at the trial of this matter . . . .") (attached as Ex. B).)  Plaintiff's opposition memorandum maintains that:  (1) Plaintiff needs "sales data" generated by a third-party entity called IMS Health, Inc. ("IMS") before it can develop its damage/penalty allegations; and (2) Plaintiff should only have to disclose its damage allegations via an expert report (the production of which Plaintiff separately asks the Court to defer until December 21, 2009).

4

Plaintiff's accusation that Merck has "refused" to produce information it needs from IMS to formulate its damage theories is simply untrue.  (Pl.'s Mem. at 4.)  As Merck has repeatedly explained to Plaintiff – dating back as early as the first meet-and-confer on discovery issues in May 2009 and more recently in a letter to Plaintiff's counsel dated August 7, 2009 – Merck does not control IMS's proprietary data and is not authorized to disclose such data without the express consent of IMS.  (*See* Letter from E. Flaster to J. Dugan, Aug. 7, 2009) (attached as Ex. C).)  Merck explained to Plaintiff why IMS data is less probative of Plaintiff's Medicaid-related damages claims than the State's own claims database (*see id*. at 1-2.), and proposed a compromise production of IMS data that, upon receiving the required consent from IMS, Merck would be able to produce in relatively short order.  (*Id.* at 2, 4.)  Plaintiff has yet to respond to Merck's letter.  Notwithstanding this fact, Plaintiff does not even require access to this indirect, third-party information in order to decide what relief it seeks, in what amount, and on what basis.

Plaintiff also accuses Merck of refusing to produce internal Vioxx "sales data" necessary to its discovery responses.  (Pl.'s Mem. at 4.)  Merck is not sure what "sales data" Plaintiff is talking about.  Merck produced gross sales figures for Vioxx in response to the Government Actions Master Interrogatory No. 10, and explained to Plaintiff in its response to Louisiana's Request for Production No. 50 that it does not maintain sales data in state-specific form.

Plaintiff argues that its experts have not prepared damages reports and Plaintiff would be prejudiced by being compelled to do so now.  (*Id.* at 2.)  But Merck's motion does not ask for expert reports; rather, it asks for responses to contention interrogatories that Plaintiff could and should have responded to long ago.  The fact that Plaintiff's expert witnesses may opine on damages issues does not excuse Plaintiff from explaining what damages and other relief it seeks in this suit.

5

**C.      Merck Is Entitled To A List Of Plaintiff's Intended Trial Fact Witnesses.**

Merck's Interrogatory No. 37 seeks the identity of Plaintiff's intended trial fact witnesses. As noted in Merck's motion (Ex. F), Plaintiff's July 21, 2009 correspondence cannot be viewed as a serious response to this inquiry.  That letter merely restated the names of the 14 Merck "custodians" from whose files Merck produced documents, but did not identify a single witness from any State agency, and expressly "reserve[d] the right to supplement this response."  While Merck recognizes that the parties are discussing dates for exchanging fact witness lists as part of a pretrial order, it may properly employ a contention interrogatory to obtain identification of the Plaintiff's potential fact witnesses so that it can decide whom to depose before the close of discovery.

## CONCLUSION

In resisting Merck's discovery, Plaintiff is essentially asking that it be allowed to keep the details of its liability and damage allegations concealed until after the close of discovery, and only a few months before trial.  This strategy would deprive Merck of its due process right to conduct its own discovery based on a clear understanding of the allegations it faces, to craft an appropriate defense to those allegations, and to prepare for trial.  For all of these reasons, Merck's motion to compel should be granted.

Dated: September 16, 2009

Respectfully submitted,

/s/*Dorothy H. Wimberly*
Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

992231v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of September, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

992231v.1