

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

**EBEN S. FLASTER**

eben.flaster@dechert.com
+1 (215) 994-2407  Direct
+1 (215) 655-2407  Fax

August 7, 2009

**VIA EMAIL & FIRST CLASS MAIL**

James R. Dugan, II, Esq.
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA  70130

Re:  *State of Louisiana,* ex rel. *James D. Caldwell, Attorney General v. Merck & Co., Inc.,*
       Plaintiff's Request for IMS Data Products

Dear Mr. Dugan:

This letter provides Plaintiff with an update regarding its request for certain data products licensed by Merck & Co., Inc. ("Merck") in the ordinary course of business from IMS Health, Inc. ("IMS") and specifically identified in Doug Plymale's email correspondence of July 15, 2009.

As indicated in both prior correspondence and meet-and-confers between the parties, Merck has conducted an investigation and analysis to determine:  (1) whether Merck possesses the IMS and related data products requested by Plaintiff; (2) the relevance of such data to this action; and (3) whether, assuming relevance, there are any technical or substantive limitations to the IMS data in Merck's possession that make it functionally impossible or excessively burdensome for Merck to provide the data in the manner sought by Plaintiff.

At the outset, we again note that the data requested by Plaintiff is governed by a licensing agreement with IMS.  As Merck's counsel reiterated on July 16, 2009 and again on July 22, 2009, under the terms of the licensing agreement, Merck is prohibited from disclosing any such proprietary IMS data without prior express authorization from IMS.  During the meet-and-confer teleconference on July 24, 2009, you reported that Plaintiff was in the process of contacting in-house counsel for IMS regarding obtaining the required prior consent.  In return, we have assured you that, if necessary, Merck's counsel are happy to be involved in those discussions with IMS.

Putting aside the question of whether IMS has or will consent to Merck's production of its proprietary data, we note that the relevance of all the requested IMS data products is



James R. Dugan, II, Esq.
August 7, 2009
Page 2

questionable. Moreover, in some instances, whatever marginal relevance the data may have to the issues in the case is not proportional to the burden and expense that Merck will have to bear to produce the data to Plaintiff in the form requested. As described below, Merck did not license from IMS some of the requested data, or it did not license the data from IMS in the form requested by Plaintiff. Producing some of this data will be prohibitively expensive, particularly where Plaintiff already has access to data or other information that is more definitive and reliable than the IMS data (which has inherent limitations, described below). Accordingly, should Plaintiff insist on a full production of all requested IMS data, without limitation, Merck reserves the right to seek cost-shifting under Rules 26(b)(2)(B) and 26(b)(2)(C) of the Federal Rules of Civil Procedure.

Notwithstanding these objections, Merck reiterates its position that, subject to IMS consent, the company will produce non-duplicative IMS data to the extent that such data is relevant to this case and not unduly burdensome. In that regard, the following information reflects the results of Merck's initial investigation into the four (4) IMS data products requested by Plaintiff:

### National Prescription Audit (NPA) Data

Merck has in its possession national NPA data that the company licensed from IMS on a monthly basis, beginning on the date that Vioxx was launched in the United States market through 2007. Merck has NPA data for the Arthritis and Analgesic ("A&A") therapeutic market, including data for some, but not all, of the proton pump inhibitors ("PPIs") identified by Plaintiff for the same time period. Specifically, Merck licensed NPA data for Prilosec®, Prevacid®, Nexium®, Protonix®, and Aciphex®. Merck also licensed NPA data for *omeprazole*, which is aggregated without reference to brand names.

Merck did not license from IMS, and does not have in its possession, any NPA data that is organized on a state-by-state basis. Further, we believe that the best evidence of information sought by Plaintiff's request for the NPA data likely exists in the claims data already in your possession. The burden associated with producing this particular data, however, is relatively small in comparison to the other IMS data products requested by Plaintiff. In light of that fact, Merck is prepared, pending consent from IMS and agreement with Plaintiff on the relevant timeframe, to produce in a timely manner the national NPA data for the A&A market that Merck has licensed from IMS.

### National Disease and Therapeutic Index (NDTI) Survey Data

NDTI data is a syndicated data package that IMS licenses to pharmaceutical companies, including Merck. The package is a compilation of physician survey data for *all* pharmaceutical companies



and *all* products. IMS provided the data to Merck on CDs, and specific IMS-licensed software is needed to access the data. Because of the limitations in the way in which IMS provided the data to Merck, the company has no functional ability to export the data according to state, company, or disease type, and it is, therefore, not reasonably accessible under Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

### Advertising Expenditures

IMS licensed to Merck a product called Integrated Promotional Services ("IPS"), which is a compilation of a number of IMS products and includes some of the advertising expenditures sought by Plaintiff in this case. Please note that Merck did not purchase from IMS any data relating to expenditures on CMEs.

The information provided in the IPS data package that Merck licensed from IMS generally contains data for the A&A market, including the following PPIs: Prilosec®, Prevacid®, Nexium®, Protonix®, and Aciphex®. In certain instances, however, the IPS data is limited to only a few products. The data covers the time period beginning on the date that Vioxx was launched in the United States market through 2007. As with the NPA and NDTI data, IPS data licensed by Merck is not tabulated or organized on a state-by-state basis.

Merck objects to Plaintiff's request for IPS data in the company's possession because the underlying expenditure data is duplicative of prior discovery provided by Merck (including disclosure of information regarding budget figures for national print and television advertising) in its responses to Master Discovery requests served by Plaintiffs' Steering Committee in the MDL. Moreover, Merck is a better source for such information than IMS, given that its data is generally not one-hundred percent accurate. (Rather, the data is a statistical projection based, in part, on proprietary algorithms employed by IMS.)

### Prescriber-Level Prescription Data

Merck licensed from IMS prescriber-level data organized on a monthly basis, for the A&A market. The prescriber-level data includes the following PPIs: Prilosec®, Prevacid®, Nexium®, Protonix®, and Aciphex®.

Importantly, Merck did not purchase prescriber-level data on a geographic basis. Although Merck has some ability to organize and/or aggregate prescriber-level data based on zip codes or street address and thereby provide prescriber-level data on a state-by-state basis, there are limitations to the reliability of this methodology. Again, the IMS prescriber-level data is not an



James R. Dugan, II, Esq.
August 7, 2009
Page 4

exact compilation of prescription totals, but rather an estimate of prescription totals based on IMS' proprietary algorithms. Moreover, based on our initial investigation, it would be prohibitively time-consuming and costly for Merck to provide *all* prescriber-level data on a state-by-state basis for the entire A&A market for the time period requested by Plaintiff.

Accordingly, we would like to discuss with you appropriate limitations on the size and scope of Merck's production of IMS prescriber-level data. Despite the costs and burdens associated with extraction, processing, and production of this particular data stream, however, Merck is willing to provide to Plaintiff the relevant A&A prescriber-level IMS data for the State of Louisiana.

At your earliest convenience, please contact me to discuss this matter further.

Very truly yours,

Eben S. Flaster

ESF/lm


cc:   Douglas R. Plymale, Esq. (via email: dplymale@dugan-lawfirm.com)
      Leonard A. Davis, Esq. (via email: ldavis@hhkc.com)
      Dawn Barrios, Esq. (via email: dbarrios@bkc-law.com)
      James D. Young, Esq. (via email: james.young@myfloridalegal.com)
      Benjamin R. Barnett, Esq. (via email: ben.barnett@dechert.com)
      Tarek Ismail, Esq. (via email: tismail@goldmanismail.com)
      Travis J. Sales, Esq. (via email: travis.sales@bakerbotts.com)