UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS<br>           LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

## AMENDED NOTICE OF APPEAL

Walter Umphrey, John Eddie Williams, Jr., Drew Ranier, Mikal Watts, and Grant Kaiser (collectively, the "Vioxx Litigation Consortium" or "VLC"), in conformity with Rules 3 and 4 of the Federal Rules of Appellate Procedure, hereby appeal to the United States Court of Appeals for the Fifth Circuit this Court's Order and Reasons of August 3, 2009 ("8/3/09 Order"), in which this Court stated that it granted in part and denied in part the VLC's Motion for Reconsideration filed on December 10, 2009.  The VLC timely filed its original Notice of Appeal on September 1, 2009, within thirty days of the entry of the 8/3/09 Order.

This Amended Notice of Appeal is filed because of recent developments in this Court that further clarify the finality of the 8/3/09 Order.  The original appeal and this amended appeal

encompass the entirety of this 8/3/09 Order, as well as the original August 27, 2008 Order and Reasons ("8/27/08 Order") that the Court reconsidered in the 8/3/09 Order.

The VLC submits that the 8/3/09 Order is a collateral final decision appealable under the doctrine established by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).  First, this Court conclusively determined that it possessed jurisdiction and authority to limit contingency fee recovery to 32% notwithstanding private fee agreements, and this Court conclusively denied the VLC's right to enforce its fee agreements as written.  Second, the Court decided issues that are entirely separate from, and thus collateral to, the merits of the plaintiffs' claims against Merck.  The plaintiffs' claims against Merck have been and/or are being decided under a resolution program to which each is now bound (many have already been dismissed with prejudice).  Third, the Court's ruling will be effectively unreviewable on appeal at a later time because there will be no appeal by Merck or the plaintiff concerning the plaintiffs' claims against Merck.  The issues decided in the 8/3/09 Order and the original 8/27/08 Order that were reconsidered in the 8/3/09 Order will never be merged in a traditional "final judgment" subject to appeal.  Thus, the time for filing an appeal is now.

As the Supreme Court stated in *Cohen*:

> [T]his order of the District Court did not make any step toward final disposition of the merits of the case, and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute [here the VLC's fee agreements], if it is applicable, will have been lost, probably irreparably.

*Id.* at 546.

The unusual procedural posture of this issue now results in part from the fact that the 8/27/08 Order that was reconsidered in the 8/3/09 Order was entered by the Court *sua sponte* – neither in response to a motion filed by any party nor in response to a complaint by any client of

the VLC. Further, that ruling was issued after the VLC's clients had already entered into the Vioxx Resolution Program and bound themselves to accept the results of that program. The VLC's reconsideration request was effectively denied in the 8/3/09 Order, when this Court ordered that the VLC could not collect the fees set forth in their fee agreements.

The 8/3/09 Order raised the prospect of further proceedings because, in addition to holding that the 32% fee agreements could not be enforced, the Court created a procedure by which an attorney could seek an increased fee by filing an objection and engaging in adversarial evidentiary hearings against his own clients (the "variance procedure"). The deadline for filing an objection and notice of intent to participate in the variance procedure was September 15, 2009. On that date, the VLC and several other attorneys filed objections, but only to the variance procedure itself, stating that they would not participate in adversarial evidentiary hearings against their clients. *No one* (the VLC or any other attorney) *elected to participate in the variance procedure*. Accordingly, there will be no further proceedings in this Court concerning the 32% contingent fee limitation and every aspect of the 8/3/09 Order has been conclusively determined.

The unusual posture of the attorney's fee limit has led to a lack of clarity over the proper course for appeal under the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and the United States Code. Believing that the potential for further proceedings under the variance procedure might render the 8/3/09 Order interlocutory, and to preserve all possible avenues of appeal, on August 13, 2009, the VLC timely requested that this Court certify the 8/3/09 Order for immediate appeal under 28 U.S.C. § 1292(b) and/or Rule 54(b). The VLC also sought expedited consideration of the motion in hopes that this Court would rule on the motion before thirty days had passed. The Court, however, denied expedited consideration and

set the motion for hearing on September 9, 2009.  Because the September 9 hearing fell beyond the date for filing a timely notice of appeal of a final collateral decision, the VLC had no choice but to timely file its original Notice of Appeal on September 1, 2009 from the 8/3/08 Order as a final collateral order under the *Cohen* doctrine.  On September 16, 2009, the day after the deadline for filing objections and noticing intent to participate in the variance procedure, the Court, without reasons, denied the VLC's motion for interlocutory appeal or certification.[1]  However, with the passing of the variance procedure deadline and it being now apparent that no further hearings as to any variance will take place, all matters embodied in the 8/3/09 Order have been unquestionably concluded.  Therefore, the proper course for appeal is an appeal as of right of a collateral order under *Cohen*.

For these reasons, the VLC files this amended notice.

Respectfully submitted,

/s/ *Harry S. Hardin III*
HARRY S. HARDIN III (# 6540)
MADELEINE FISCHER (# 5575)
ERIC MICHAEL LIDDICK (# 31237)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8208
Facsimile:      (504) 589-8208

JOHN J. McKETTA, III (Texas Bar No. 13711500)
BOYCE C. CABANISS (Texas Bar No. 03579950)
MATTHEW B. BAUMGARTNER
  (Texas Bar No. 24062605)
Graves Dougherty Hearon & Moody,
  A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, Texas  78701

---

[1] *See* Order of September 16, 2009, Rec. doc. 23870.

{N2040314.6}                                              4

        Telephone: (512) 480-5600
        Facsimile: (512) 480-5816

*Attorneys for John Eddie Williams, Jr., Drew Ranier, Walter Umphrey, Mikal Watts, and Grant Kaiser (the "Vioxx Litigation Consortium")*

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on September 21, 2009.

        Respectfully submitted,

        /s/ *Eric Michael Liddick*
        ERIC MICHAEL LIDDICK