IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | |
| | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| This document relates to ALL CASES | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |

[PROPOSED] ORDER CONCERNING CERTAIN HEALTH PLANS'
MOTION FOR PRELIMINARY INJUNCTION

WHEREAS, on January 15, 2009, the Plaintiffs' Steering Committee ("PSC") and the Negotiating Third Party Payor Counsel ("TPPC") entered into a Settlement Agreement that establishes a private lien resolution program ("LRP"); and

WHEREAS, the Court has kept apprised of the LRP's progress and has previously elected to exercise its supervisory authority over the LRP; and

WHEREAS, the matching program previously ordered by this Court in Pretrial Order No. 40 revealed the existence of at least 6,713 claimants who are privately insured but have not yet agreed to participate in the LRP; and

WHEREAS, the health plans participating in the LRP (the "Health Plans") have separately matched the names of Vioxx plaintiffs with the names of their insureds and have separately identified 6,403 claimants who are members of one or more of the Health Plans but have not agreed to participate in the LRP; and

WHEREAS, it appears that a number of firms representing Vioxx plaintiffs are not fully participating in the LRP; and

WHEREAS, the Court has considered the Memorandum In Support of Certain Health Plans' Motion for Preliminary Injunction as well as supporting material submitted

by the Health Plans;

**IT IS HEREBY ORDERED:**

Primary Counsel for Eligible Claimants are hereby enjoined from making payments of any portion of the final 15% of settlement proceeds to (i) the 6,418 Eligible Claimants identified on Exhibit F to the Declaration of Mark D. Fischer, Esq. in Support of Motion for Preliminary Injunctive Relief (the "Fisher Declaration"), and (ii) such additional Eligible Claimants who are determined to be insureds of the Health Plans (through the definitive matching process previously approved by this Court in Pretrial Order No. 40) and have not elected to participate in the Private Lien Resolution Program. Primary Counsel is so enjoined until such time as (i) Primary Counsel certifies in writing to The Garretson Firm that such Eligible Claimant has received actual written notice of the LRP and affirmatively communicated to counsel that they declined to participate in the LRP, or (ii) the Eligible Claimant elects to participate in the LRP, or (iii) further order of this Court.

The Garretson Firm shall provide a copy of the certification attached hereto to each of the firms identified on Exhibit F to the Fisher Declaration for use by Primary Counsel in making the required certification to The Garretson Firm.

New Orleans, Louisiana, this ___ day of September, 2009.

                                                                                          _____
                                                                                          ELDON E. FALLON
                                                                                          UNITED STATES DISTRICT JUDGE

*In Re: VIOXX Products Liability Litigation*
MDL No. 1657

**CERTIFICATION BY PRIMARY COUNSEL REGARDING WRITTEN NOTICE TO CLIENTS OF THE PRIVATE LEIN RESOLUTION PROGRAM AND CLIENT'S AFFIRMATIVE DECISION REGARDING PARTICIPATION IN THE PROGRAM**

Client's Name: _____
                First        Middle        Last

Principal Attorney: _____
                First        Middle        Last

Firm Name: _____

In accordance with the Order Concerning Certain Health Plans' Motion For Preliminary Injunction entered on [DATE] in *In Re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, I hereby certify as follows: (check each statement that applies)

_____   I am Primary Counsel (as Defined in the Master Settlement Agreement) for the above referenced client (the "Client");

_____   I have previously provided written notice to the Client by mailing a copy or copies of the materials regarding the existence and benefits of the private Lien Resolution Program, including the Private Lien Resolution Program Offer and Acceptance, to the Client; and

   _____   The Client has affirmatively represented to myself or a member of my firm that they received the materials regarding the Lien Resolution Program and have elected not to participate in that program

OR

   _____   The Client has agreed to participate in the Lien Resolution Program and I am including herewith a copy of the Private Lien Resolution Program Offer and Acceptance, executed by the Client.

Signed this _____ day of _____, 20__, under the PAINS and PENALTIES of perjury.

_____
NAME: _____