UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**THIS DOCUMENT RELATES TO ALL CASES.**

## Pretrial Order No. 50
### ESTABLISHING PROCEDURE FOR DEVIANCE FROM ORDER ESCROWING 32% OF EACH CLAIMANT'S FINAL AWARD

The Court has ordered that 32% of each claimant's final award from the heart attack fund be escrowed pending the appeal of its ruling capping all fees at 32%.

However, it is apparent that many firms have accepted the Court's Orders of August 27, 2008 and August 4, 2009. In the Vioxx Settlement Program, 1,064 firms or lawyers are designated as Primary Counsel. In addition, 796 firms or lawyers are designated as Affiliated Counsel, meaning that they serve as co-counsel with Primary Counsel in representing individual claimants. Of the more than 1850 firms or lawyers only three appeals to the Fifth Circuit Court of Appeals have been filed and only three objections have been filed to the procedure regarding fee adjustments set forth in the Court's order of August 3, 2009. By choosing not to appeal these orders, counsel for claimants have indicated that they do not and will not seek fees in an amount greater than 32%. For these firms, it is appropriate to establish a mechanism by which they may certify that they agree not to take more than 32% in attorneys' fees. For firms that so certify, it will be necessary to escrow only 8% of each claimants' final award until such time as the

Plaintiffs' Liaison Counsel's Motion for Award of Plaintiffs' Common Benefit Fees is finally determined.

Counsel for claimants who wish to participate in this mechanism may do so by certifying that he or she will neither seek nor charge claimants fees in excess of 32% and further certify that the 8% of funds escrowed will be withheld solely from attorneys fees, not in any fashion reducing the amount of payment to claimants. The certification (attached as Exhibit "A") shall be submitted to the Claims Administrator. For those Primary Counsel[1] who submit the required certification, the Claims Administrator shall release all but 8% of the claimants' final award.

WHEREFORE, IT IS HEREBY ORDERED that, unless Brown Greer receives an executed Certification in the form attached to this Order, the Claims Administrator shall hold in escrow 32% of the claimant's final award amount, which amount shall be deducted solely from the attorney fees portion of claimant or claimants disbursement. In the event the Claims Administrator does receive an executed Certification prior to the issuance of Primary Counsel's claimant or claimants final payment, 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement. To be clear, the entire amount held in escrow under this Order (either 32% or 8%), is for attorneys' fees and none of this amount is to be deducted from claimant's share of the award.

New Orleans, Louisiana, this the 23rd day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] For purposes of ease in administration and efficiency, the Claims Administrator throughout the Resolution Program has required that Primary Counsel be identified for each Program claimant, though multiple attorneys and law firms may be working in cooperation to represent the claimant. Primary Counsel in signing the Certification attached as Exhibit "A" indicating that only 32% in fees shall be charged to a client does so on behalf of all counsel for the claimants in question. Furthermore, though the common benefit fee assessment ultimately will be deducted from payments directed to Primary Counsel, the assessment should be borne by all counsel for claimants, not only Primary Counsel.

| V2115 | PRIMARY COUNSEL CERTIFICATION OF CONTINGENCY FEE IN AMOUNT OF 32% |
|---|---|
| | **DEADLINE FOR SUBMISSION: 9/29/09** |

### A. INSTRUCTIONS

(1) Only Primary Counsel must complete this Certification.

(2) To locate this Certification, log onto your Secure Web Portal. The Certification will be located on your home page.

(3) After reviewing this Certification, you may sign it electronically and submit it instantaneously.

(4) If you complete this in hard copy, fill out all sections, sign, date, scan it, and email it to your CA Contact.

### B. PRIMARY COUNSEL INFORMATION

| **Name** | Last | First | Middle |
|---|---|---|---|
| | | | |

| **Address** | Street/P.O. Box | | |
|---|---|---|---|
| | City | State | Zip |

| **Telephone Number** | | **Email** | |
|---|---|---|---|

### C. CERTIFICATION BY PRIMARY COUNSEL

By my signature below, I represent, warrant, and agree on behalf of the Primary Counsel firm identified below, that:

(a) Primary Counsel expressly and irrevocably waives any claim to attorneys fees in an amount greater than 32% of the gross amount awarded to his or her clients through the Vioxx Resolution Program.

(b) Primary Counsel acknowledge that the Claims Administrator will withhold the 8% Common Benefit Fee until further Order of the Court.

(c) Primary Counsel will deduct the 8% of funds escrowed by the Claims Administrator solely from the attorneys' fee portion and not in any fashion reduce the amount of compensation paid to the claimant.

### D. SIGNATURE BY PRIMARY COUNSEL

| **Signature** | | **Date** | ____/____/_____ (month) (day) (year) |
|---|---|---|---|
| **Printed Name** | First | MI | Last |
| **Primary Counsel Firm Name** | | | |

1