UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibit A* | * | KNOWLES |
| | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S *RENEWED FIRST* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE WITH THE DISCOVERY REQUIREMENTS OF PTO 28

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs identified in the attached Exhibit A to show cause why their individual claims should not be dismissed with prejudice for failure to comply fully with the discovery requirements of Pre-Trial Order No. 28 ("PTO 28").[1]  These plaintiffs were previously the subject of Merck's "First Motion" regarding Material Non-Compliance.  Although plaintiffs purported to cure their deficiencies by submitting some materials, subsequent review of those materials has revealed that these plaintiffs remain materially non-compliant.  Thus, Merck renews its motion as to these plaintiffs requesting that their cases be dismissed.

### BACKGROUND

On November 9, 2007, this Court entered PTO 28, which requires, *inter alia*, plaintiffs who did not enter the Resolution Program to provide certain *prima facie* evidence of usage, injury and causation.  *See* PTO 28 ¶II(A).  In addition to a case-specific expert report, plaintiffs

---

[1] All of the plaintiffs listed in the attached exhibit are represented by the law firm of Cellino & Barnes.

must provide, *inter alia*: (i) specified pharmacy records; (ii) a specified Plaintiff Profile Form; (iii) interrogatory responses; (iv) specified medical records; and (v) an affidavit from Plaintiff attesting that all required medical and pharmacy records had been collected and produced (with an index).  *Id.*  If plaintiffs fail to produce the required material, the Order provides for a 30-day cure period.  *See* PTO 28 ¶II(D).  After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

### Status of PTO Compliance by the Subjects of This Motion

The initial deadlines set forth in PTO 28 were extended, and ultimately plaintiffs with last names beginning with letters A through L had until July 1, 2008, to submit their *prima facie* discovery materials, and those plaintiffs with last names beginning with letters M through Z had until August 1, 2008.  *See* Order & Reasons, Doc. 14,567, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. May 30, 2008).[2]  As of August 13, 2008, none of the plaintiffs listed in the attached exhibit had submitted any of the required *prima facie* discovery materials.  Pursuant to PTO 28 ¶II(D), Merck notified counsel of record in each of those cases (Cellino & Barnes) of the material deficiency and provided the requisite 30-day period to cure.  On October 1, 2008, counsel provided case-specific expert reports for these plaintiffs, but failed to provide any of the other materials required by PTO 28.  Specifically, as of February 20, 2009, plaintiffs had not provided the following essential materials:

- An Amended and Supplemental Plaintiff Profile Form;[3]
- Pharmacy records;
- Medical records;

---

[2]  This Opinion is also available at 557 F. Supp.2d 741 (E.D. La. 2008).

[3]  PTO 28 provides that plaintiffs who submitted the original version of the Profile Form prior to November 9, 2007 were not required to resubmit the new version of the form.  However, these plaintiffs have never provided either version of the required profile form.

993557v.1

- Death certificate and autopsy report (if applicable);
- Interrogatory responses; and
- A Plaintiff's affidavit attesting to the collection and production of required pharmacy and medical records.

In short, of the seven categories of basic information required by PTO 28, plaintiffs provided information responsive to only one category.

As a result, on February 25, Merck filed a motion seeking dismissal under PTO 28. Plaintiffs sought and received additional time to address the issues raised by Merck's motion. Ultimately, plaintiffs produced additional materials and the original motion was withdrawn on June 11, 2009.

After careful review of all of the new materials submitted on behalf of the Cellino & Barnes clients who had submitted expert reports – a group that included dozens of other plaintiffs in addition to those plaintiffs on the original motion, counsel for Merck determined that many of the cases continued to have material deficiencies. On August 11, 2009, Merck's counsel sent plaintiffs' counsel a detailed letter setting forth all of the deficiencies that had been identified as to the entire group of Cellino & Barnes cases that had submitted *Lone Pine* expert reports.[4]  (Copy of letter attached as Exhibit B.)  As of September 21, 2009, plaintiffs' counsel had failed to respond to the August 11 letter, and had also failed to cure the noted deficiencies. No additional materials of any kind were submitted.

## ARGUMENT

This Court should dismiss each of plaintiffs' claims listed on the attached Exhibit A with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).  Plaintiffs have failed to comply with PTO 28.  The express terms of the Order provide that failure to "fully comply with

---

[4]   Of the 116 cases listed on PTO 46, Cellino & Barnes represents 68.

the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice." PTO 28 ¶II(D). Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).[5]

Although plaintiffs have provided an expert report, they have not provided any of the other basic information required by PTO 28 such as medical and pharmacy records and a plaintiff profile form. These omissions are both material and prejudicial. The PTO 28 discovery materials provide Merck with basic information necessary to defend these cases. Without this information, Merck lacks critical information about the background of the plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care, and other information necessary to pursue litigation. Further, as time passes without timely production of these materials, Merck is prejudiced as memories fade, medical records are destroyed or misplaced, and witnesses cannot be found or die.

---

[5] This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 28. As this Court previously explained, PTO 28 simply requires the basic information needed to manage complex mass tort litigation. *See In re Vioxx,* 557 F.Supp. 2d 741, 743-44 (E.D. La. 2008). These types of orders "have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation." *Id.* (citations and internal quotation marks omitted).) In light of the extensive work already performed in this MDL, this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury." *Id. See also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (noting that prior to filing suit, "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries").

*Summary of Material Deficiencies*

(1)    ***Essentially Produced Nothing***

Plaintiff **Asa J. McDaniels** has failed to comply with PTO 28 in any significant respect. This plaintiff failed to produce any pharmacy records, any medical records, the required Amended and Supplemental Profile Form, or the required affidavit attesting to the completeness of the document production. Moreover, although Plaintiff McDaniels purported to submit a case specific expert report, review of that report reveals that the expert opines that the available evidence "would not allow a causal relationship."[6]

(2)    ***Failed To Produce Either Any Medical Records, Any Pharmacy Records Or Both***

- Dianne Brown (missing pharmacy; incomplete medical)
- Judith Eddy (missing both)
- June Edwards (missing both)
- Judith Greeley (missing pharmacy; incomplete medical)
- Myriam Negron (missing both)
- Edele Pierre (missing pharmacy; incomplete medical)
- Carol Webb (missing medical; incomplete pharmacy)

(3)    ***Failed to Produce (i) the Required Amended & Supplemental Plaintiff Profile Form and (ii) also Failed to Produce Substantial Medical Records and/or Pharmacy Records***

- Ann Albright (*also missing interrogatory responses*)
- Marie Allen
- Michael Mayeu (*also missing interrogatory responses-consortium*)
- Scott McMurray (*also missing interrogatory responses-consortium*)
- Arleen McPhaden (*also missing interrogatory responses-consortium*)
- Roberta Melton (*also missing interrogatory responses-consortium*)
- Frank Scherf

---

[6]   It must also be noted that Plaintiff McDaniels apparently died after this suit was filed. No representative has been substituted. Accordingly, this plaintiff may also be subject to dismissal under F.R.C.P. 25(a).

(4) *Production Includes Substantial Material Gaps in the Medical and/or Pharmacy Records*

- Mary Ellen Adams
- Donald Blakenship
- Myrtle Butterfield
- Deborah Byrd
- Joan Carman
- John Carroll
- Margaret Desormeau
- John Estep
- Wilson Farnsworth (*also missing interrogatory responses-consortium*)
- Linda Habecker (*also missing interrogatory responses-consortium*)
- Kenneth Rarick
- Barbara Schultz
- Marge Shahid
- Gladys Steerman
- Kathryn Tydus
- Roxana Weese

(5) Finally, none of the plaintiffs on Exhibit A produced the required affidavit attesting to the completeness of the PTO 28 production and an index or list identifying the source of the documents.

All of these plaintiffs purported to submit "expert reports." Presumably, their experts based their reports on medical and pharmacy records and, therefore, it should have been a simple exercise for the plaintiffs to produce these records. And, there appears to be no excuse for not doing so. The plaintiffs identified in this motion have had more than ample opportunity to provide the required information. In light of plaintiffs' disregard for the mandatory requirements of PTO 28, Merck respectfully urges the Court to enforce the order as written and dismiss plaintiffs' cases with prejudice.

993557v.1

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply fully with the discovery requirements of PTO 28.

Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

    Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of September, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel