# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibit A* | * | KNOWLES |
| | * | |
| | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S *SECOND* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE WITH THE DISCOVERY REQUIREMENTS OF PTO 28**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs identified in the attached Exhibit A to show cause why their individual claims should not be dismissed with prejudice for failure to comply fully with the discovery requirements of Pre-Trial Order No. 28 ("PTO 28").[1]

## BACKGROUND

On November 9, 2007, this Court entered PTO 28, which requires, *inter alia*, plaintiffs who did not enter the Resolution Program to provide certain *prima facie* evidence of usage, injury and causation.  *See* PTO 28 ¶II(A).  In addition to a case-specific expert report, plaintiffs must provide, *inter alia*: (i) specified pharmacy records; (ii) a specified Plaintiff Profile Form; (iii) interrogatory responses; (iv) specified medical records; and (v) an affidavit from Plaintiff attesting that all required medical and pharmacy records had been collected and produced (with

---

[1] All of the plaintiffs listed in the attached exhibit are represented by the law firm of Cellino & Barnes.

an index). *Id.* If plaintiffs fail to produce the required material, the Order provides for a 30-day cure period. *See* PTO 28 ¶II(D). After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown." *Id.*

### *Status of PTO Compliance by the Subjects of This Motion*

The initial deadlines set forth in PTO 28 were extended, and ultimately plaintiffs with last names beginning with letters A through L had until July 1, 2008, to submit their *prima facie* discovery materials, and those plaintiffs with last names beginning with letters M through Z had until August 1, 2008. *See* Order & Reasons, Doc. 14,567, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. May 30, 2008).[2] As of August 13, 2008, none of the plaintiffs listed in the attached exhibit had submitted any of the required *prima facie* discovery materials. Pursuant to PTO 28 ¶II(D), Merck notified counsel of record in each of those cases (Cellino & Barnes) of the material deficiency and provided the requisite 30-day period to cure. By October 1, 2008, counsel provided case-specific expert reports for all of these plaintiffs.[3] In February, 2009, Merck filed a motion to dismiss against other plaintiffs represented by the same counsel for failure to provide any of the other critical material required by PTO 28 other than an expert report. In response to that motion, supplemental materials were produced over the next several months on behalf of numerous plaintiffs represented by Cellino & Barnes, including plaintiffs that are the subject of the present motion.

After careful review of all of the materials submitted on behalf of the Cellino & Barnes clients who had submitted expert reports, counsel for Merck determined that many of the cases

---

[2]   This Opinion is also available at 557 F. Supp.2d 741 (E.D. La. 2008).

[3]   Six of the plaintiffs produced case specific expert reports within the 30-day cure period. The remainder only produced the required reports after being served with a *Lone Pine* motion.

continued to have material deficiencies.  On August 11, 2009, Merck's counsel sent plaintiffs' counsel a detailed letter setting forth all of the deficiencies that had been identified as to the entire group of Cellino & Barnes cases that had submitted *Lone Pine* expert reports.[4]  (Copy of letter attached as Exhibit B.)  As of September 21, 2009, plaintiffs' counsel had failed to respond to the August 11 letter, and had also failed to cure the noted deficiencies.  No additional materials of any kind were submitted.

## ARGUMENT

This Court should dismiss each of plaintiffs' claims listed on the attached Exhibit A with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).  Plaintiffs have failed to comply with PTO 28.  The express terms of the Order provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice."  PTO 28 ¶II(D).  Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).[5]

---

[4]  Of the 116 cases listed on PTO 46, Cellino & Barnes represents 68.

[5]  This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 28.  As this Court previously explained, PTO 28 simply requires the basic information needed to manage complex mass tort litigation.  *See In re Vioxx,* 557 F.Supp. 2d 741, 743-44 (E.D. La. 2008).  These types of orders "have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation." *Id.* (citations and internal quotation marks omitted).)  In light of the extensive work already performed in this MDL, this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury." *Id. See also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340  (5th Cir 2000) (noting that prior to filing suit, "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries").

Although plaintiffs have provided an expert report, they have not provided other basic information required by PTO 28 such as medical and pharmacy records and a plaintiff profile form. These omissions are both material and prejudicial. The PTO 28 discovery materials provide Merck with basic information necessary to defend these cases. Without this information, Merck lacks critical information about the background of the plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care, and other information necessary to pursue litigation. Further, as time passes without timely production of these materials, Merck is prejudiced as memories fade, medical records are destroyed or misplaced, and witnesses cannot be found or die.

*Summary of Material Deficiencies*

(1) ***Failed to Produce (i) the Required Amended & Supplemental Plaintiff Profile Form and (ii) also Failed to Produce Either Any Medical Records or Any Pharmacy Records.***

- Louise Amiss       (no pharmacy records; incomplete medical; also no interrogatory responses)
- Janet Barrett      (no medical records; incomplete pharmacy; also missing interrogatory responses)
- James Donahue      (no pharmacy records; incomplete medical records; also missing interrogatory responses)
- Charlene Miller    (no pharmacy records; incomplete medical records; also missing interrogatory responses)
- Brian Miskho       (no pharmacy records; incomplete medical records; also missing interrogatory responses)
- Richard Plambeck   (no pharmacy records; incomplete medical records; also missing interrogatory responses)
- Kathleen Webb      (no medical records; incomplete pharmacy; also missing interrogatory responses)

(2) ***Failed To Produce Either Any Medical Records, Any Pharmacy Records Or Both***

- Esther Johnson (no pharmacy records; incomplete medical)
- Renee Walker (missing both)

993558v.1

(3) ***Failed to Produce (i) the Required Amended & Supplemental Plaintiff Profile Form and (ii) also Failed to Produce Substantial Medical Records and/or Pharmacy Records***

- Jacqueline Barrett (also missing interrogatory responses)
- James Brown (also missing interrogatory responses)
- James Carter
- Judy Marble (also missing interrogatory responses)
- Charles Mertz (also missing interrogatory responses)
- Alan Mietlowski (also missing interrogatory responses)
- James Reilly (also missing interrogatory responses)
- Deborah Robinson (also missing interrogatory responses)
- Marlo Sackett (also missing interrogatory responses)
- Paula Werner-Vecellio (also missing interrogatory responses)

(4) Finally, none of the plaintiffs on Exhibit A produced the required affidavit attesting to the completeness of the PTO 28 production and an index or list identifying the source of the documents.

All of these plaintiffs submitted *Lone Pine* expert reports. Presumably, their experts based their reports on medical and pharmacy records and, therefore, it should have been a simple exercise for the plaintiffs to produce these records. And, there appears to be no excuse for not doing so. The plaintiffs identified in this motion have had more than ample opportunity to provide the required information. In light of plaintiffs' disregard for the mandatory requirements of PTO 28, Merck respectfully urges the Court to enforce the order as written and dismiss plaintiffs' cases with prejudice.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply fully with the discovery requirements of PTO 28.

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of September, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel