**MINUTE ENTRY**
**FALLON, J.**
**SEPTEMBER 17, 2009**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference. At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 50 of Plaintiffs' and Defendants' Liaison Counsel. This monthly status conference was transcribed by Ms. Toni Tusa, Official Court Reporter. Counsel may contact Ms. Tusa at (504)589-7778 to request a copy of the transcript. A summary of the monthly status conference follows.

I. SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the



JS10(01:15)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1, et seq. By Order entered February 11, 2009, the Court granted the motion. U.S. Bank has recently requested an amendment to the Escrow Agreement and the parties reported that they have agreed on the amendment.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program. The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator. A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov. Merck has filed several motions relating to Pre-Trial Order 43 and future evidence stipulations. Those motions were heard following the status conference, and separate orders will be issued regarding those motions.

## II. REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to Pre-Trial Order 31, plaintiffs and tolling claimants have been submitting claims for registration and enrollment. At the status conference, BrownGreer, the Vioxx Claims Administrator, provided a detailed report on the status of the settlement program, the disbursement of interim payments, and the progress of the Extraordinary Injury Fund. For anyone who was unable to attend the conference, copies of the Claims Administrator's full report are available on BrownGreer's website at http://www.browngreer.com/vioxxsettlement. The report may be accessed by clicking on the button labeled "MDL Status Conference Reports" on the left-hand side of the screen. All of the statistics and information provided to the Court at the status conference are available in this report. The Court appreciates BrownGreer's efforts in making this information both publicly available and easily accessible.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, urging primary counsel to check the secure web portal daily.

At the status conference, the Court emphasized the importance of maintaining firm deadlines in order to guarantee timely payments. Attorneys are encouraged to be diligent in meeting all deadlines as the deadlines are not flexible.

On August 21, 2009, Merck filed its Second Motion and Incorporated Memorandum to Dismiss Non-Submitting Program Claimants' Cases. The motion is directed to plaintiffs who

submitted an enrollment form, but failed to comply fully with the terms of the Master Settlement agreement, thereby becoming Non-Submitting Program Claimants ("NSPC") whose Stipulations for Dismissal With Prejudice and Releases are to be delivered to Merck which may file them in any relevant action or proceeding. The NSPC claimants subject to the motion submitted Stipulations for Dismissal With Prejudice that are materially deficient (or never submitted) and, despite ample opportunity to cure their deficiencies and appeal their NSPC status to the Special Master, have failed to do so. The motion was heard on September 8, 2009, at which time the Court granted the motion and dismissed the claimants' cases.

## III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement. On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans. The Lien Administrator reported that it has agreements in place to deal with statutory liens on all ischemic stroke claims. The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the PSC and certain third party payor counsel was reached on January 15, 2009, to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans. Counsel or claimants with questions about the settlement may call the Lien Administrator's Toll-Free Hotline at 1-877-774-1130 to speak with a representative regarding private lien resolution questions. At the status conference, the parties

reported on the progress of the private lien resolution program.

## IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.

## V. STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2009.

## VI. CLASS ACTIONS

On January 30, 2009, the PSC and Merck filed a Stipulated Motion to Dismiss the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring) and Motion for Order to Show Cause Why All Other Personal Injury and Medical Monitoring Class Action Complaints Should Not Be Dismissed. By Order dated February 2, 2009, the Court granted the motion and dismissed without prejudice the Third Amended Master Class Action Complaint (Personal Injury and Wrongful Death) and Second Amended Master Class Action Complaint (Medical Monitoring). The Court also ordered that plaintiffs in the cases listed on Appendix A to the Order show cause on the 5th day of March, 2009, at 9:00 a.m. why those cases should not be dismissed. By order dated May 5, 2009, the Court dismissed without prejudice the cases on the show cause order. This Order renders moot Defendants' Rule 12 Motion to Dismiss the Master Complaint for Medical Monitoring and Defendants' Motion to Strike Class Allegations in

Plaintiffs' Medical Monitoring Master Class Action Complaint–both of which had been briefed and submitted to the Court. It does not affect Defendants' Rule 12 Motion to Dismiss the Purchase Claims, which has been briefed and submitted to the Court.

VII. STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee continue to communicate on various issues. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.

VIII. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I above. Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants. The Pro Se Curator filed a status report and advised the Court as to the efforts his office has undertaken in addressing the concerns of several pro se plaintiffs who have contacted the curator's office.

IX. PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of

access to the PSC trial packages. The trial packages have previously been presented to the Court for review.

X. THIRD PARTY PAYOR CASES

On April 14, 2009, the Court entered Pre-Trial Order No. 38, which governs and sets deadlines for third party payor cases. On April 21, 2009, Merck propounded a First Set of Interrogatories and a First Set of Requests for Production of Documents to Bellwether, third party payor plaintiffs, pursuant to PTO 38. On May 14, 2009, Bellwether Third Party Plaintiffs propounded a Master Set of Interrogatories and Requests for Production to Merck. On May 19, 2009, the Court issued Pre-Trial Order No. 41, relative to appointment of a Bellwether Trial Committee for the private third party payor cases. At the monthly status conference, the parties advised that a settlement agreement has been negotiated under which all private Third Party Payor actions pending an this proceeding (as well as other actions and claims) would be resolved.

XI. GOVERNMENT ACTIONS

A. Louisiana Attorney General Action

Merck filed a Motion to Dismiss the Amended Complaint on June 9, 2009. A hearing on the motion took place on July 28, 2009, and the parties await a ruling from the Court.

On August 12, 2009, the Court issued a Minute Entry setting trial in the Louisiana AG case for April 12, 2010. The parties have been unable to agree to a revised pretrial schedule, as directed by that Order, and have submitted separate proposals, along with letters describing their views about those proposals. The parties discussed this issue further following the status conference, and a separate minute entry will be issued regarding that discussion.

On August 26, 2009, Merck filed a Motion to Compel the State of Louisiana to Provide Interrogatory Responses and Document Productions. Following the status conference, the parties discussed that motion. A separate minute entry will be issued regarding that discussion.

Plaintiffs served several 30(b)(6) notices for corporate depositions, and the parties have been discussing the extent to which Merck can produce documents in lieu of proceeding with some or all of these depositions. Plaintiffs have also requested that Merck produce certain third party discovery from IMS Health, Inc. ("IMS"). Merck has advised plaintiffs that the requested data is proprietary to IMS and cannot be disclosed without express authorization of IMS, and Merck has provided plaintiffs with contact information for in-house counsel at IMS in order to facilitate discussions regarding this matter. Following the status conference, the parties discussed these issues. A separate minute entry will be issued regarding that discussion.

B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009, and served written objections thereto on August 5, 2009. Document productions in these Government Actions have begun on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's Counsel have participated in two meet and confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.

The PLC has been informed that two (2) additional Government Actions have been filed but have not yet been transferred pursuant to a Conditional Transfer Order to the MDL. These include: (1) *Oklahoma Public Employees Health & Welfare Trust v. Merck*, Case No. 09-965 (W.D. Ok.); and (2) *Oklahoma State & Education Employees Group Insurance Board v. Merck*,

Case No. 09-966 (W.D. Ok.).

## XII. DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION WITH THIRD PARTY PAYOR AND GOVERNMENT ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A. On February 17, 2009, the Court issued Pre-Trial Order No. 13B. Both orders relate to the confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions. Additionally, on May 19, 2009, the Court entered Pre-Trial Order No. 13C, which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No.19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).

## XIII. PENDING PERSONAL INJURY CASES IN WHICH *LONE PINE* EXPERT REPORTS HAVE BEEN ISSUED

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing Ms. Oldfather as lead counsel for the Committee and Mr. Foster as a member of the Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

## XIV. THIRD PARTY PAYOR'S MOTIONS

On May 19, 2009, the Court issued Pre-Trial Order No. 40, which approved the Settlement negotiated with Third Party Payor Counsel to establish a Private Lien Resolution

Program for eligible claimants and to undertake a confidential audit.

On September 2, 2009, certain health plans filed a Motion for Preliminary Injunction seeking to enjoin BrownGreer from paying any portion of the final fifteen (15) percent of settlement proceeds to certain plan members. The matter is not yet set for hearing.

On September 15, 2009, the Court entered Pre-Trial Order No. 48 ordering primary counsel for all eligible claimants in the Settlement Program to provide notice to their clients of the Private Lien Reimbursement Program within five (5) days of the Order.

XV. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons and grounds for their request for common benefit fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiff's Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing, and argument. Numerous objections were filed with the Court.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. A separate order will be issued regarding this motion.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)). On February 2, 2009, the Court granted the motion and extended the deadline until further order.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion. The PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, unnecessary, and that if the Court determined that discovery was appropriate, then a scheduling order would be necessary. On February 27, 2009, the PLC filed a response in opposition to the motion. The Court reserved ruling on the motion pending receipt of notices of objection, the deadline for submission of which was May 8, 2009.

XVI. MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement program at 32% plus reasonable costs. The Order and Reasons are posted on the Court's website at http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of the Court's Order Capping Contingent Fees and Alternatively for Entry of Judgment. The Court appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose settlement awards will be affected

by the Court's Capping Order. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for a writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment Order pending further proceedings. On January 23, 2009, the Fifth Circuit denied the petition for writ of mandamus and stay. On January 30, 2009, the Court issued an Order advising that in the near future, the Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a schedule for briefing and argument to address the Motion to Reconsider. The Court further ordered that the Vioxx Litigation Consortium forward a copy of the Court's January 30, 2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order, on January 31, 2009, counsel for the VLC filed an affidavit stating that the VLC had complied the Court's order.

The VLC's Motion for Reconsideration came on for hearing on April 7, 2009. By Order entered August 3, 2009, the Court granted in part and denied in part the motion. The Order upheld the capping of fees at 32% plus reasonable costs, but allowed departure from the cap in extraordinary circumstances. The VLC and various other law firms representing Vioxx claimants have filed Notices of Appeal. Additionally, on August 13, 2009, the VLC moved for entry of an order certifying the fee-capping order for interlocutory appeal or for issuance of a final judgment pursuant to Rule 54(b), and for stay of the order. On August 18, 2009, the Court denied the motion for expedited consideration. The Tulane Law Clinic filed an opposition to the motion; the VLC filed a reply. The matter was deemed submitted on September 9, 2009.

## XVII. MERCK'S MOTIONS AND RULES ON PTOs

### A. PTO 28

Since September, 2008, Merck has filed eight motions, rules, and incorporated memoranda to show cause why cases should not be dismissed with prejudice for failure to comply with the Lone Pine requirements of PTO 28. All claims subject to those motions have been resolved. Additionally, Merck has filed its Ninth Motion, Rule, and Incorporated memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure to Comply With The *Lone Pine* Requirements of PTO 28. The motion was heard immediately following the status conference.

B. <u>PTO 29</u>

On June 17, 2009, Merck filed its Fifth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not be Dismissed with Prejudice for Failure to Comply with the Lone Pine Requirements of PTO 29. The matter was heard on July 31, 2009. All claims were resolved except for one claim that was heard following this status conference. Additionally, on September 17, 2009, Merck filed its Sixth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure to Comply With The *Lone Pine* Requirements of PTO 29. The motion was heard immediately following this status conference.

C. <u>PTO 43</u>

On August 19 and 20, 2009, Merck filed its First and Second Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply with the Lone Pine Requirements of PTO 43. These motions were heard immediately following this September status conference.

Additionally, on September 2, 2009, Merck filed its First Motion, Rule and Incorporated

Memorandum for an Order to Show Cause Why Stipulations of Dismissal Should Not Be Filed for Failure to Submit Timely Future Evidence Stipulations and PTO 43 Lone Pine Reports. This motion was heard immediately following the September status conference.

D. ADDITIONAL MOTIONS

On August 11, 2009, Merck filed its Second Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice Under Rule 25(a)(1). The motion was heard immediately following the September status conference.

On August 13, 2009, Merck filed two Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With the Registration Requirements of PTO 31. One motion addresses pro se claimants and one addresses represented plaintiffs. These motions were heard immediately following the September status conference.

XVIII. OTHER MOTIONS

On February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009 and filed an opposition to the Bethea motion on April 24, 2009. The motions have been taken under advisement by the Court.

XX. APPEALS

By Order and Reasons entered April 29, 2009, the Court granted Merck's Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure to Comply With The *Lone Pine* Requirements of PTO 28 and dismissed the cases. The Order also denied certain cross motions filed by plaintiffs. Plaintiffs have appealed the Order.

By Order and Reasons entered February 10, 2009, the Court granted Merck's Motion to Dismiss the Foreign Individual Cases Under the Doctrine of Forum Non Conveniens. Certain Plaintiffs have appealed the Order.

By Order entered June 11, 2009, the Court granted Merck's Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure to Comply With the Requirements of PTO 29. Pro se plaintiff George Willie Buford has appealed the Order.

## XXI. MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed. On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees. A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

## XXII. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Friday, October 23, 2009, at 9:00 a.m., central time. This conference will be held in the courtroom of Judge Helen G. Berrigan, Room C-552. Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 33193844 and the Chairperson will be Judge Fallon.