UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX® PRODUCTS<br>LIABILITY LITIGATION | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |
| **This document relates to all cases.** | ) | |

**MOTION OF GETTY & CHILDERS, PLLC
FOR CLARIFICATION OF PRETRIAL ORDER NO. 49**

The undersigned counsel, partners in the firm Getty & Childers, PLLC, hereby move the Court to clarify Pretrial Order No. 49 ("PTO 49"), which establishes an escrow account for attorneys' fees arising from successful claims in the VIOXX Settlement Program ("the Program"). In pertinent part, the Order states that "because of the pending appeals in this case [concerning the 32% cap on contingency fees] and because the final contingency fee percentage is not yet determined, it is necessary for the Court to order that the portion of the final payment related to attorneys' fees be held in escrow by the Claims Administrator." See PTO 49 at 4.

While counsel understands the Court's requirement that 32% of all final payments be held in escrow by the Claims Administrator, the Court does not address whether counsel who have fee agreements that exceed 32% of the settlement awards may, in order to prevent undue and burdensome expenses related to future collection efforts, hold in their own escrow accounts the portion of fees that exceed 32% of the total settlement payment.

1

For example, the undersigned counsel have 23 VIOXX clients, all of whom signed fee agreements for 40% of his or her total recovery plus reasonable expenses.  If the 32% contingency fee cap is overruled by Order of the Court of Appeals for the 5th Circuit, but counsel is <u>not</u> permitted to hold excess fees in escrow, the undersigned counsel will be faced with the task of recovering the remaining 8% of their fees from the clients in this matter – a task which could prove burdensome, expensive, and possibly fruitless.  Accordingly, counsel respectfully requests that the Court clarify[1] as to whether PTO 49 permits counsel to hold in escrow, pending resolution of the appeal, the portion of a contingency fee which exceeds 32% of a settlement award but is nevertheless covered by a written fee agreement with the client.

Respectfully submitted,

/s/ Richard A. Getty
RICHARD A. GETTY
      and
JOE F. CHILDERS

GETTY & CHILDERS, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone: (859) 259-1900
Facsimile: (859) 259-1909

---

[1] Given that final MI payments are imminent, counsel respectfully request that the Court expedite its ruling to the extent possible.

2

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, as well as Susan Giamportone, by U.S. Mail; and upon all parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with PTO No. 8; and filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, on this the 28th day of September, 2009.

/s/ Richard A. Getty
JOE F. CHILDERS