# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Attached List* | * | **KNOWLES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT MERCK & CO., INC.'S *THIRD* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH REQUIREMENTS OF PTO 28

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases identified in the attached Exhibit A to show cause why their individual claims should not be dismissed with prejudice for failure to comply with the discovery requirements of Pre-Trial Order No. 28 ("PTO 28") and Pre-Trial Order No. 29 ("PTO 29"), as applicable.[1]

## BACKGROUND

On November 9, 2007, this Court entered PTO 28, which requires, *inter alia*, plaintiffs who did not enter the Resolution Program to provide certain *prima facie* evidence of usage, injury and causation. *See* PTO 28 ¶II(A).[2]  In addition to a case-specific expert report,

---

[1]     All of the plaintiffs listed in Exhibit A are represented by the Law Office of Ronald R. Benjamin.

[2]     PTO 29 essentially mirrors PTO 28 and imposes the same substantive requirements. The primary difference between PTO 28 and PTO 29 is that PTO 28 applies to cases that were pending in this MDL as of November 9, 2007.  PTO 29 applies to cases that were transferred to the MDL after that date, as well as newly filed cases.  Mr. Benjamin represents some plaintiffs who had cases pending prior to November 9, 2007, but were not actually transferred into the MDL until after that date.  Thus, PTO 29 applies to those

*(continued . . .)*

plaintiffs must provide, *inter alia*:  (i) specified pharmacy records; (ii) a specified Plaintiff

Profile Form; (iii) interrogatory responses; (iv) specified medical records; and (v) an affidavit

from Plaintiff attesting that all required medical and pharmacy records had been collected and

produced (with an index).  *Id.*  If plaintiffs fail to produce the required material, the Order

provides for a 30-day cure period.  *See* PTO 28 ¶II(D).  After that cure period has lapsed, the

Order provides that "[n]o other extensions will be granted, except for good cause shown."  *Id.*

### *Status of PTO Compliance by the Subjects of this Motion*

The initial deadlines set forth in PTO 28 were extended, and ultimately, plaintiffs

with last names beginning with letters A through L had until July 1, 2008 to submit their *prima*

*facie* discovery materials, and those plaintiffs with last names beginning with letters M through Z

had until August 1, 2008.  *See* Order & Reasons, Doc. 14,567, *In re Vioxx Prods. Liab. Litig.*,

MDL No. 1657 (E.D. La. May 30, 2008).[3]

As of October 22, 2008, all of the plaintiffs listed in the attached exhibit (except

for three) had failed to comply with PTO 28, including failing to provide the required expert

report.  Pursuant to PTO 28 ¶II(D), Merck notified counsel of record in each of those cases (Mr.

Ronald Benjamin) of the material deficiency and provided the requisite 30-day period to cure.

As of November 23, 2008, these material deficiencies remained uncured, and on November 26,

2008, Merck filed an appropriate motion based on the missing expert reports.[4]  Ultimately,

---

*(. . . continued)*
        cases.  The requirements regarding the provision of *prima facie* evidence are identical in
        both Orders.

[3]      This Opinion is also available at 557 F. Supp.2d 741 (E.D. La. 2008).

[4]      The November 26, 2008 motion was directed at 61 plaintiffs represented by Mr.
      Benjamin who had failed to provide expert reports.  The only plaintiff who is currently
      listed on Exhibit A and who was not part of the November motion is Plaintiff Agard.

several of the plaintiffs listed on the original motion provided expert reports, and the motion was withdrawn as to those plaintiffs.  The remaining 46 cases were dismissed by an April 28, 2009 Order of this Court.  *See* Order & Reasons, Doc. 18,527, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La. April 28, 2009).[5]

As the parties began to turn to discovery, counsel for Merck reviewed non-expert materials that had been submitted for some of the plaintiffs represented by Mr. Benjamin.[6] Pursuant to PTO 28 ¶II(D), on February 26, 2009, counsel for Merck transmitted deficiency letters to a number of plaintiffs represented by Mr. Benjamin, notifying counsel of additional PTO 28 deficiencies and providing the requisite 30-day period to cure.  *See* Ex. B.  In response, Mr. Benjamin requested that Merck specifically identify all deficiencies with each of his plaintiffs.  *See* Ex. C.

On May 12, 2009, Merck sent to Mr. Benjamin an omnibus letter identifying material deficiencies as to the entire group of plaintiffs represented by Mr. Benjamin who had submitted *Lone Pine* expert reports.  *See* Ex. D.  This letter specifically identified the various deficiencies, plaintiff-by-plaintiff.  *Id.*  As reflected in the omnibus letter, as of May 12, 2009, counsel had failed to provide multiple categories of required material for all of the plaintiffs listed in Exhibit A.

The categories included basic discovery materials:

---

[5]     Mr. Benjamin has filed an appeal of that Order.

[6]     Of the 61 plaintiffs identified in Merck's November 2008 motion, twenty-nine (29) plaintiffs had not provided *any* of the discovery materials required under PTO 28 including the case specific expert report.  Thirty-two (32) plaintiffs had provided at least one of the items set forth in the discovery requirements of PTO 28, but not a case specific expert report.

- An Amended and Supplemental Plaintiff Profile Form;[7]
- Pharmacy records;
- Medical records;
- Death certificate and autopsy report (if applicable);
- Interrogatory responses; and
- A Plaintiff's affidavit attesting to the collection and production of required pharmacy and medical records.

As of September 25, 2009, Mr. Benjamin had failed to respond to the May 12 letter, and had also failed to cure any of the noted deficiencies.

## ARGUMENT

This Court should dismiss each of plaintiffs' claims listed on the attached Exhibit A with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because plaintiffs have failed to comply with this Court's Orders.  The express terms of the PTO 28, as well as PTO 29, provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice."  PTO 28 ¶II(D); PTO 29 ¶II(C). Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 28.  As this Court previously explained, PTO 28 simply requires the basic information needed to manage complex mass tort litigation.  *See In re Vioxx*, 557

---

[7]      PTO 28 provides that plaintiffs who submitted the original version of the Profile Form prior to November 9, 2007 were not required to resubmit the new version of the form. However, one of these plaintiffs has never provided either version of the required profile form, others have failed to provide the Amended and Supplemental Plaintiff Profile Form.

F.Supp. 2d 741, 743-44 (E.D. La. 2008).  These types of orders "have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation." *Id.* (citations and internal quotation marks omitted).  In light of the extensive work already performed in this MDL, this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury." *Id.  See also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340  (5th Cir. 2000) (noting that prior to filing suit, "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries").

Although plaintiffs have provided an expert report, they have not provided other basic information required by PTO 28 & 29 such as medical and pharmacy records and, in some cases, a plaintiff profile form.  These omissions are both material and prejudicial.  The missing discovery materials provide Merck with basic information necessary to defend these cases. Without this information, Merck lacks critical information about the background of the plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care, and other information necessary to pursue litigation.  Further, as time passes without timely production of these materials, Merck is prejudiced as memories fade, medical records are destroyed or misplaced, and witnesses cannot be found or die.

### *Summary of Material Deficiencies*

(1)     *Essentially Produced Nothing*

Three plaintiffs have failed to comply with the applicable PTO in any significant respect: **Ann Mannino and Frank Spencer**.  These plaintiffs have failed to produce any pharmacy

records, any medical records, the required plaintiff profile form, or the required affidavit

attesting to the completeness of the document production.

> (2)     ***Failed to Produce Any Pharmacy Records and Provided Incomplete Medical Records***

> - David Agard
> - Scott Berthel
> - Richard Core
> - Marjorie Curtis
> - James Demoski
> - Kristine Hia
> - Maurice Hoyt
> - Mary Kurtz (*no pharmacy and no medical records*)
> - Timothy Mack
> - Viola Santacrose

> (3)     ***Failed to Produce (i) the Required Amended & Supplemental Plaintiff Profile form and (ii) also Failed to Produce Substantial medical Records and/or Pharmacy Records***

> - James Demoski
> - Timothy Mack

(4)     Finally, none of the plaintiffs on Exhibit A produced the required affidavit attesting to the completeness of the PTO 28 production and an index or list identifying the source of the documents.

All of these plaintiffs purported to submit "expert reports."  Presumably, their experts

based their reports on medical and pharmacy records and, therefore, it should have been a simple

exercise for the plaintiffs to produce these records.  For example, Dr. Steven Rich renders an

expert opinion on the events surrounding an alleged myocardial infarction suffered by plaintiff

Mary Kurtz.  In that opinion, he cites to "pharmacy records from Eckerd Drugs" and renders an

opinion, which suggests he reviewed other records.  *See* Ex. E.  However, no medical or

pharmacy records whatsoever were produced for Mary Kurtz.  There appears to be no excuse for

plaintiffs failure to do so.  The plaintiffs identified in this motion have had more than ample

opportunity to provide the required information.

In light of plaintiffs' disregard for the mandatory requirements of this Court's Orders, Merck respectfully urges the Court to enforce the order as written and dismiss plaintiffs' cases with prejudice.

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why plaintiffs' claims plaintiffs should not be dismissed with prejudice for failure to comply fully with the discovery requirements of PTO 28 and PTO 29.

Dated:  September 29, 2009

Respectfully submitted,

By:/s/ *Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

  —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of September, 2009

                              */s/ Dorothy H. Wimberly*

                              Dorothy H. Wimberly, 18509
                              STONE PIGMAN WALTHER
                              WITTMANN L.L.C.
                              546 Carondelet Street
                              New Orleans, Louisiana  70130
                              Phone:  504-581-3200
                              Fax:     504-581-3361
                              dwimberly@stonepigman.com

                              Defendants' Liaison Counsel