JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

LAW OFFICES
WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029
www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

DAVID M. ZINN
JOSEPH C. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin, Esq.
Law Office of Ronald R. Benjamin
126 Riverside Drive
PO Box 607
Binghamton, New York 13902-0607

Re:   *In Re Vioxx Products Liability Litigation,* MDL No. 1657, Agard, David, et al v. Merck
&amp; Co., Inc., et al  04115764 (Agard, David)

Dear Ronald R. Benjamin:

We represent defendant Merck &amp; Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia,* all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 2

We have received materials from you relating to the discovery requirements of Section II of PTO 28. However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

<u>  X  </u>    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        <u>  X  </u>    No records have been provided; or

        <u>      </u>    Records have not been provided for:

<u>  X  </u>    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        <u>  X  </u>    No certification has been provided; or

        <u>      </u>    Certification has not been provided for:

<u>  X  </u>    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        <u>  X  </u>    No records have been provided; or

        <u>      </u>    Records have not been provided for:

<u>  X  </u>    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        <u>  X  </u>    No certification has not been provided; or

        <u>      </u>    Certification has not been provided for:

<u>      </u>    If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed. In that regard, the following materials have not been provided:

        <u>      </u>    Statement of allegation

M012838722

Ronald R. Benjamin, Esq.
February 26, 2009
Page 3

    _____ Death certificate

    _____ Autopsy Report

_____ An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

    _____ No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

    _____ No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

    _____ An ASPPF was provided, but the form was not completed in the following respects:

__X__ Records requested by the Amended and Supplemental Plaintiff Profile Form.

    __X__ No records have been provided; or

    _____ Records have not been provided for:

__X__ Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

    __X__ No authorizations were provided.

    _____ The provided authorizations were not complete in the following respects:

__X__ Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

    _____ No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

_____

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 4

_____    The case contains an allegation of Loss of Consortium, but
no answers "Defendant Merck & Co., Inc's First Set of
Interrogatories to Loss of Consortium Plaintiff" were
provided.

___X___    Interrogatory answers to "Defendant Merck & Co., Inc.'s
First Set of Interrogatories to Plaintiff" were provided, but
were not complete in the following respects:
**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not
  provided.

**Interrogatory No. 3**
- Computation for each category of damages not
  provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Claim number not provided.

**Interrogatory No. 6**
- Whether action taken/not taken was not provided.

**Interrogatory No. 7**
- Date of the injuries alleged not provided.
- Full names and addresses of all parties not provided.
- Full names and addresses of all attorneys not
  provided.
- Name of the court or other forum not provided.
- Title of the action not provided.
- Case number of the action not provided.
- Whether the matter is terminated was not provided.
- Final result not provided.

**Interrogatory No. 10**
- Current location of plaintiff's computer not provided.
- Whether plaintiff sent or received emails not
  provided.
- Whether plaintiff is in possession of those emails was
  not provided.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 5

_____   Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following respects:

___X___   An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff; (ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

    ___X___   No affidavit has been provided;

    _____   The affidavit does not address issue (i)

    _____   The affidavit does not address issue (ii)

    _____   The affidavit does not address issue (iii)

    _____   The affidavit does not address issue (iv)

_____   A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

    _____   No expert report has been provided;

    _____   The report does not address issue (i)

    _____   The report does not address issue (ii)

    _____   The report does not address issue (iii)

M012838725

Ronald R. Benjamin, Esq.
February 26, 2009
Page 6

_____   The report  does not address issue (iv)

_____   The report does not address issue (v)

_____   The report does not address issue (vi)

_____   The report does not address issue (vii).

_____   In addition, the materials that were received also indicate that there are
additional healthcare providers beyond those listed by you in connection
with Section I.D. of PTO 28.  Section I.D. requires that plaintiff serve a
statement listing the names of all pharmacies, healthcare providers and/or
employers to whom counsel served a notice to preserve records pertaining
to the plaintiff, along with copies of the notices themselves, and a
certification that they were sent.  We have been unable to locate copies of
the required notices to preserve records sent to the following pharmacies,
healthcare providers, and/or employers:

        Accordingly, notice is hereby given to cure the failure to comply with Section II
of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will
file a Motion for Order to Show Cause why the complaint should not be dismissed with
prejudice, as specified in Section II. D. of the Order.

        Very Truly Yours,

        M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

M012838726

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

<u>BY FIRST CLASS MAIL & TELECOPY</u>

Ronald R. Benjamin
Law Office of Ronald R. Benjamin
126 Riverside Dr
PO Box 607
Binghamton, New York 13902-0607

Re:     *In Re Vioxx Products Liability Litigation,* MDL No. 1657, Gates, Robert, et al v. Merck
        & Co., Inc. 3:05-CV-01315TJ (Berthel, Scott)

Dear Ronald R. Benjamin:

        We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

        Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

Ronald R. Benjamin
February 26, 2009
Page 2

      We have received materials from you relating to the discovery requirements of Section II of PTO 28. However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

    X    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____    Records have not been provided for:

    X    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        X    No certification has been provided; or

        _____    Certification has not been provided for:

    X    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____    Records have not been provided for:

    X    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        X    No certification has not been provided; or

        _____    Certification has not been provided for:

    _____    If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed. In that regard, the following materials have not been provided:

        _____    Statement of allegation

M012B36861

Ronald R. Benjamin
February 26, 2009
Page 3

_____ Death certificate

_____ Autopsy Report

_____ An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

      _____ No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

      _____ No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

      _____ An ASPPF was provided, but the form was not completed in the following respects:

__X__ Records requested by the Amended and Supplemental Plaintiff Profile Form.

      __X__ No records have been provided; or

      _____ Records have not been provided for:

__X__ Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

      __X__ No authorizations were provided.

      _____ The provided authorizations were not complete in the following respects:

__X__ Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

      _____ No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

M012B36862

Ronald R. Benjamin
February 26, 2009
Page 4

      _____ The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

    X_____ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not provided.

**Interrogatory No. 3**
- Factual basis for each category of damages not provided.
- Computation for each category of damages not provided.
- Identity of documents to support claim of damages not provided.

**Interrogatory No. 6**
- Date information, warning or precaution was received not provided.
- Whether plaintiff relied upon information, warning or precaution was not provided.
- Whether action taken/not taken was not provided.

**Interrogatory No. 7**
- Date of the injuries alleged not provided.
- Full names and addresses of all attorneys not provided.
- Title of the action not provided.
- Case number of the action not provided.
- Whether the matter is terminated was not provided.
- Final result not provided.

      _____ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following

M012B36863

Ronald R. Benjamin
February 26, 2009
Page 5

respects:

__X__   An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff; (ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

    __X__   No affidavit has been provided;

    _____   The affidavit does not address issue (i)

    _____   The affidavit does not address issue (ii)

    _____   The affidavit does not address issue (iii)

    _____   The affidavit does not address issue (iv)

__X__   A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

    _____   No expert report has been provided;

    _____   The report does not address issue (i)

    _____   The report does not address issue (ii)

    __X__   The report does not address issue (iii)

    __X__   The report  does not address issue (iv)

    _____   The report does not address issue (v)

M012B36864

Ronald R. Benjamin
February 26, 2009
Page 6


   X     The report does not address issue (vi)

   X     The report does not address issue (vii).

            In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28. Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent. We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:


        Accordingly, notice is hereby given to cure the failure to comply with Section II of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice, as specified in Section II. D. of the Order.

Very Truly Yours,

M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

M012B36865

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL R. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

## LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin
Law Office of Ronald R. Benjamin
126 Riverside Drive
PO Box 607
Binghamton, New York 13902

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Core, Richard F. et al v
       Merck & Co., Inc., et al 5:04-CV-01367 (Core, Richard)

Dear Ronald R. Benjamin:

        We represent defendant Merck & Co., Inc. ("Merck") in the action referenced
above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28
("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was
not eligible for submission to the Vioxx Resolution Program, or was eligible but was not
submitted to the Vioxx Resolution Program.

        Section II of PTO 28 requires that, certain discovery specified in the Order must
be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical
records since January 1, 1995, any death certificates and autopsy reports, an Amended and
Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an
affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific
expert report. The full details of these requirements are set forth in Section II, subsections A-B
of that same order, which is available on the Court's website at
http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for,
under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-
L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

M01283877G

Ronald R. Benjamin
February 26, 2009
Page 2

     We have received materials from you relating to the discovery requirements of Section II of PTO 28.  However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

    X    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____    Records have not been provided for:

    X    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        X    No certification has been provided; or

        _____    Certification has not been provided for:

    X    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____    Records have not been provided for:

    X    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        X    No certification has not been provided; or

        _____    Certification has not been provided for:

    X    If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.  In that regard, the following materials have not been provided:

        X    Statement of allegation

        X    Death certificate

M012838777

Ronald R. Benjamin
February 26, 2009
Page 3

    X     Autopsy Report

_____   An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

        _____   No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

        _____   No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

        _____   An ASPPF was provided, but the form was not completed in the following respects:

    X     Records requested by the Amended and Supplemental Plaintiff Profile Form.

          X    No records have been provided; or

        _____   Records have not been provided for:

    X     Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

          X    No authorizations were provided.

        _____   The provided authorizations were not complete in the following respects:

    X     Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

        _____   No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

        _____   The case contains an allegation of Loss of Consortium, but

_____

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

M012838778

Ronald R. Benjamin
February 26, 2009
Page 4

          no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

    X    Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Claim number not provided.

**Interrogatory No. 6**
- Date information, warning or precaution was received not provided.
- Whether action taken/not taken was not provided.

    _____    Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following respects:

    X    An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff; (ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

        X    No affidavit has been provided;

        _____    The affidavit does not address issue (i)

        _____    The affidavit does not address issue (ii)

M012838779

Ronald R. Benjamin
February 26, 2009
Page 5

          _____ The affidavit does not address issue (iii)

          _____ The affidavit does not address issue (iv)

  X       A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

          _____ No expert report has been provided;

          _____ The report does not address issue (i)

          _____ The report does not address issue (ii)

          X   The report does not address issue (iii)

          X   The report  does not address issue (iv)

          _____ The report does not address issue (v)

          X   The report does not address issue (vi)

          X   The report does not address issue (vii).

_____ In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28. Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent. We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:

M012838780

Ronald R. Benjamin
February 26, 2009
Page 6

        Accordingly, notice is hereby given to cure the failure to comply with Section II
of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will
file a Motion for Order to Show Cause why the complaint should not be dismissed with
prejudice, as specified in Section II. D. of the Order.

                           Very Truly Yours,

                           M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

M012338781

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin
Law Offices of Ronald R. Benjamin
126 Riverside Drive
PO Box 607
Binghamton, New York 13902-0607

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Connolly, Marjorie et al. v. Merck & Co., Inc. 06-cv-0429 (Curtis, Marjorie)

Dear Ronald R. Benjamin:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

Ronald R. Benjamin
February 26, 2009
Page 2

      We have received materials from you relating to the discovery requirements of Section II of PTO 28.  However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

    X    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____    Records have not been provided for:

    X    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        X    No certification has been provided; or

        _____    Certification has not been provided for:

    X    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____    Records have not been provided for:

    X    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        X    No certification has not been provided; or

        _____    Certification has not been provided for:

    _____    If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.  In that regard, the following materials have not been provided:

        _____    Statement of allegation

M012B36903

Ronald R. Benjamin
February 26, 2009
Page 3

        _____ Death certificate

        _____ Autopsy Report

_____ An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

        _____ No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

        _____ No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

        _____ An ASPPF was provided, but the form was not completed in the following respects:

   X    Records requested by the Amended and Supplemental Plaintiff Profile Form.

        X    No records have been provided; or

        _____ Records have not been provided for:

   X    Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

        X    No authorizations were provided.

        _____ The provided authorizations were not complete in the following respects:

   X    Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

        _____ No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

M012B36904

Ronald R. Benjamin
February 26, 2009
Page 4

_____ The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

___X___ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Claim number not provided.

**Interrogatory No. 6**
- Whether action taken/not taken was not provided.

**Interrogatory No. 7**
- Date of the injuries alleged not provided.
- Nature of the injuries alleged not provided.
- Date and place of filing each claim not provided.
- Full names and addresses of all parties not provided.
- Full names and addresses of all attorneys not provided.
- Name of the court or other forum not provided.
- Title of the action not provided.
- Case number of the action not provided.
- Whether the matter is terminated was not provided.
- Final result not provided.

_____ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following respects:

___X___ An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff;

M012B36905

Ronald R. Benjamin
February 26, 2009
Page 5

(ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

    X     No affidavit has been provided;

_____ The affidavit does not address issue (i)

_____ The affidavit does not address issue (ii)

_____ The affidavit does not address issue (iii)

_____ The affidavit does not address issue (iv)

    X     A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

_____ No expert report has been provided;

_____ The report does not address issue (i)

_____ The report does not address issue (ii)

    X     The report does not address issue (iii)

    X     The report  does not address issue (iv)

_____ The report does not address issue (v)

    X     The report does not address issue (vi)

    X     The report does not address issue (vii).

M012B36906

Ronald R. Benjamin
February 26, 2009
Page 6

      _____      In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28. Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent. We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:

      Accordingly, notice is hereby given to cure the failure to comply with Section II of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice, as specified in Section II. D. of the Order.

                      Very Truly Yours,

                      M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin
Law Office of Ronald R. Benjamin
126 Riverside Drive
PO Box 607
Binghamton, New York 13902

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Agard, David, et al v. Merck
& Co., Inc., et al  04115764 (Demoski, James)

Dear Ronald R. Benjamin:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

Ronald R. Benjamin
February 26, 2009
Page 2

      We have received materials from you relating to the discovery requirements of Section II of PTO 28.  However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

    X    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____  Records have not been provided for:

    X    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        X    No certification has been provided; or

        _____  Certification has not been provided for:

    X    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        X    No records have been provided; or

        _____  Records have not been provided for:

    X    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        X    No certification has not been provided; or

        _____  Certification has not been provided for:

    _____  If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.  In that regard, the following materials have not been provided:

        _____  Statement of allegation

M00EF15665

Ronald R. Benjamin
February 26, 2009
Page 3

_____  Death certificate

_____  Autopsy Report

___X___  An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit
A to PTO 28, available at the Court's website noted above).

     _____  No ASPPF was provided, and the alleged injury is MI, SCD or
Stroke for which a Claimant Form or Profile Form was not
submitted *before* November 9.[1]

     ___X___  No ASPPF was provided, and the alleged injury is something
other than MI, SCD or Stroke, which requires submission of an
ASPPF.

     _____  An ASPPF was provided, but the form was not completed in
the following respects:

___X___  Records requested by the Amended and Supplemental Plaintiff Profile
Form.

     ___X___  No records have been provided; or

     _____  Records have not been provided for:

___X___  Authorizations for Release of Records pursuant to PTO 18A, B or C, as
applicable.

     ___X___  No authorizations were provided.

     _____  The provided authorizations were not complete in the
following respects:

___X___  Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at
the Court's website noted above).

     _____  No answers "Defendant Merck & Co., Inc.'s First Set of
Interrogatories to Plaintiff" were provided.

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does
not satisfy the requirements of PTO 28.

M0DEF15666

Ronald R. Benjamin
February 26, 2009
Page 4

_____ The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

___X___ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:
**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present office or business phone number not provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Policyholder not provided.
- Policy number not provided.

**Interrogatory No. 5**
- Date(s) of exam(s) not provided.
- Who conducted each exam not provided.
- Whether there is a report for each exam is not provided.
- Copies of reports not included.
- Basis for any denial not provided.

**Interrogatory No. 7**
- Date and place of filing each claim not provided.
- Full names and addresses of all parties not provided.
- Full names and addresses of all attorneys not provided.
- Title of the action not provided.
- Case number of the action not provided.
- Whether the matter is terminated was not provided.

**Interrogatory No. 9**
- Who plaintiff communicated with not provided.
- Date of communications not provided.
- Means of communications not provided.

**Interrogatory No. 10**
- Current location of plaintiff's computer not provided.
- Whether plaintiff sent or received emails not provided.

M0DEF15667

Ronald R. Benjamin
February 26, 2009
Page 5

<ul>
<li>Whether plaintiff is in possession of those emails was not provided.</li>
</ul>

_____ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following respects:

<u>X</u>  An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff; (ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

   <u>X</u>  No affidavit has been provided;

_____ The affidavit does not address issue (i)

_____ The affidavit does not address issue (ii)

_____ The affidavit does not address issue (iii)

_____ The affidavit does not address issue (iv)

<u>X</u>  A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

_____ No expert report has been provided;

_____ The report does not address issue (i)

_____ The report does not address issue (ii)

M00EF15668

Ronald R. Benjamin
February 26, 2009
Page 6

       X     The report does not address issue (iii)

       X     The report  does not address issue (iv)

             The report does not address issue (v)

             The report does not address issue (vi)

       X     The report does not address issue (vii).

In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28.  Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent.  We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:

Accordingly, notice is hereby given to cure the failure to comply with Section II of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice, as specified in Section II. D. of the Order.

Very Truly Yours,

M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

M0DEF15669

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin, Esq.
Law Offices of Ronald R. Benjamin, Attorneys at Law
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Connolly, Marjorie et al. v. Merck & Co., Inc.  06-cv-0429 (Hoyt, Maurice)

Dear Ronald R. Benjamin:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 2

     We have received materials from you relating to the discovery requirements of Section II of PTO 28. However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

   **X**    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        **X**    No records have been provided; or

        _____    Records have not been provided for:

   **X**    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        **X**    No certification has been provided; or

        _____    Certification has not been provided for:

   **X**    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        **X**    No records have been provided; or

        _____    Records have not been provided for:

   **X**    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        **X**    No certification has not been provided; or

        _____    Certification has not been provided for:

   _____    If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed. In that regard, the following materials have not been provided:

        _____    Statement of allegation

M012B37020

Ronald R. Benjamin, Esq.
February 26, 2009
Page 3

_____    Death certificate

_____    Autopsy Report

_____    An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

     _____    No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

     _____    No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

     _____    An ASPPF was provided, but the form was not completed in the following respects:

     __X__    Records requested by the Amended and Supplemental Plaintiff Profile Form.

     __X__    No records have been provided; or

     _____    Records have not been provided for:

     __X__    Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

     __X__    No authorizations were provided.

     _____    The provided authorizations were not complete in the following respects:

     __X__    Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

     _____    No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 4

_____ The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

__X__ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not provided.

**Interrogatory No. 3**
- Factual basis for each category of damages not provided.
- Computation for each category of damages not provided.
- Identity of documents to support claim of damages not provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Policyholder not provided.
- Claim number not provided.

**Interrogatory No. 6**
- Date information, warning or precaution was received not provided.
- Whether action taken/not taken was not provided.

**Interrogatory No. 7**
- Date of the injuries alleged not provided.
- Date and place of filing each claim not provided.
- Full names and addresses of all parties not provided.
- Name of the court or other forum not provided.
- Title of the action not provided.
- Case number of the action not provided.
- Whether the matter is terminated was not provided.

_____ Interrogatory answers to "Defendant Merck & Co., Inc.'s

M012B37022

Ronald R. Benjamin, Esq.
February 26, 2009
Page 5

First Set of Interrogatories to Loss of Consortium Plaintiff"
were provided, but were not complete in the following
respects:

_X_ An affidavit signed by the Plaintiff (i) attesting that records have been
collected from all pharmacies that dispensed drugs to, or for, the plaintiff;
(ii) attesting that all medical records described in paragraph (2) above have
been collected; (iii) attesting that all records collected pursuant to
subparagraphs (1), (2) and (3) have been produced pursuant to the Order,
along with an index or list identifying the source of the records; and (iv)
citing the specific page of the medical records containing the diagnosis of
the alleged injury.

    _X_ No affidavit has been provided;

    _____ The affidavit does not address issue (i)

    _____ The affidavit does not address issue (ii)

    _____ The affidavit does not address issue (iii)

    _____ The affidavit does not address issue (iv)

_X_ A Rule 26(a)(2) case-specific expert report from a medical expert (i)
attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx
caused the injury, (iii) providing an explanation of the bases of the
attestation that Vioxx caused the plaintiff to suffer the injury; (iv)
identifying any other causes that were considered in formulating the
opinion; (v) providing a description of the specific injuries allegedly
suffered; (vi) describing the specific medical findings that support the
diagnosis of those injuries; and (vii) identifying all documents relied on by
the expert in forming his opinions.

    _____ No expert report has been provided;

    _____ The report does not address issue (i)

    _____ The report does not address issue (ii)

    _____ The report does not address issue (iii)

    _____ The report does not address issue (iv)

M012B37023

Ronald R. Benjamin, Esq.
February 26, 2009
Page 6

   \_\_\_\_\_    The report does not address issue (v)

   \_\_X\_\_    The report does not address issue (vi)

   \_\_X\_\_    The report does not address issue (vii).

\_\_X\_\_    In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28. Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent. We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:

- Varma, Haridas MD

      Accordingly, notice is hereby given to cure the failure to comply with Section II of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice, as specified in Section II. D. of the Order.

      Very Truly Yours,

M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

M012B37024

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T. FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F. LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

——————
OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin, Esq.
Law Offices of Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Kurtz, Mary v. Merck & Co.,
      Inc. 06-CV-05434 (Kurtz, Mary)

Dear Ronald R. Benjamin:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

M012B37007

Ronald R. Benjamin, Esq.
February 26, 2009
Page 2

        We have received materials from you relating to the discovery requirements of Section II of PTO 28.  However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

    __X__    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

        __X__    No records have been provided; or

        _____    Records have not been provided for:

    __X__    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

        __X__    No certification has been provided; or

        _____    Certification has not been provided for:

    __X__    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

        __X__    No records have been provided; or

        _____    Records have not been provided for:

    __X__    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

        __X__    No certification has not been provided; or

        _____    Certification has not been provided for:

    _____    If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.  In that regard, the following materials have not been provided:

        _____    Statement of allegation

Ronald R. Benjamin, Esq.
February 26, 2009
Page 3

      Death certificate

      Autopsy Report

      An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

      No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

      No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

      An ASPPF was provided, but the form was not completed in the following respects:

  X  Records requested by the Amended and Supplemental Plaintiff Profile Form.

    X  No records have been provided; or

      Records have not been provided for:

  X  Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

    X  No authorizations were provided.

      The provided authorizations were not complete in the following respects:

  X  Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

      No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 4

    _____ The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

    X Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not provided.

**Interrogatory No. 3**
- Factual basis for each category of damages not provided.
- Computation for each category of damages not provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Claim number not provided.

**Interrogatory No. 6**
- Whether action taken/not taken was not provided.

    _____ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following respects:

    X An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff; (ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

        X No affidavit has been provided;

Ronald R. Benjamin, Esq.
February 26, 2009
Page 5

     _____     The affidavit does not address issue (i)

     _____     The affidavit does not address issue (ii)

     _____     The affidavit does not address issue (iii)

     _____     The affidavit does not address issue (iv)

  X    A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

     _____     No expert report has been provided;

     _____     The report does not address issue (i)

     _____     The report does not address issue (ii)

     X     The report does not address issue (iii)

     X     The report  does not address issue (iv)

     _____     The report does not address issue (v)

     _____     The report does not address issue (vi)

     X     The report does not address issue (vii).

     _____     In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28. Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent. We have been unable to locate copies of

M012B37011

Ronald R. Benjamin, Esq.
February 26, 2009
Page 6

         the required notices to preserve records sent to the following pharmacies,
healthcare providers, and/or employers:

         Accordingly, notice is hereby given to cure the failure to comply with Section II
of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will
file a Motion for Order to Show Cause why the complaint should not be dismissed with
prejudice, as specified in Section II. D. of the Order.

         Very Truly Yours,

         M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACOBSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY C. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

BY FIRST CLASS MAIL & TELECOPY

Ronald R. Benjamin, Esq.
Law Offices of Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Connolly, Marjorie et al. v.
      Merck & Co., Inc. 06-cv-0429 (Hia, Kristine)

Dear Ronald R. Benjamin:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

M01283733

Ronald R. Benjamin, Esq.
February 26, 2009
Page 2

      We have received materials from you relating to the discovery requirements of Section II of PTO 28.  However, we have been unable to locate among the materials you provided one or more of the required categories of information listed below, as indicated.

   **X**    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the period from January 1, 1995 to the present.

     **X**    No records have been provided; or

     _____ Records have not been provided for:

   **X**    A signed certification from the respective pharmacy or pharmacies indicating that the production is complete.

     **X**    No certification has been provided; or

     _____ Certification has not been provided for:

   **X**    Medical records relating to the Plaintiff from all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form for the period from January 1, 1995 to the present.

     **X**    No records have been provided; or

     _____ Records have not been provided for:

   **X**    A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

     **X**    No certification has not been provided; or

     _____ Certification has not been provided for:

  _____ If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.  In that regard, the following materials have not been provided:

     _____ Statement of allegation

M012838734

Ronald R. Benjamin, Esq.
February 26, 2009
Page 3

     _____   Death certificate

     _____   Autopsy Report

_____   An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

     _____   No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

     _____   No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

     _____   An ASPPF was provided, but the form was not completed in the following respects:

   X   Records requested by the Amended and Supplemental Plaintiff Profile Form.

     X   No records have been provided; or

     _____   Records have not been provided for:

   X   Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

     X   No authorizations were provided.

     _____   The provided authorizations were not complete in the following respects:

   X   Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

     _____   No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

M01283873S

Ronald R. Benjamin, Esq.
February 26, 2009
Page 4

_____ The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

___X___ Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:
- Interrogatories not signed by Plaintiff.

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office or business phone number not provided.

**Interrogatory No. 3**
- Factual basis for each category of damages not provided.
- Computation for each category of damages not provided.
- Identity of documents to support claim of damages not provided.

**Interrogatory No. 7**
- Date of the injuries alleged not provided.
- Nature of the injuries alleged not provided.
- Date and place of filing each claim not provided.
- Full names and addresses of all parties not provided.
- Full names and addresses of all attorneys not provided.
- Name of the court or other forum not provided.
- Title of the action not provided.
- Case number of the action not provided.
- Whether the matter is terminated was not provided.
- Final result not provided.

**Interrogatory No. 9**
- Who plaintiff communicated with not provided.
- Date of communications not provided.
- Means of communications not provided.
- Whether communications were oral or written not provided.

M01283873b

Ronald R. Benjamin, Esq.
February 26, 2009
Page 5

   _____   Interrogatory answers to "Defendant Merck & Co., Inc.'s
First Set of Interrogatories to Loss of Consortium Plaintiff"
were provided, but were not complete in the following
respects:

X     An affidavit signed by the Plaintiff (i) attesting that records have been
collected from all pharmacies that dispensed drugs to, or for, the plaintiff;
(ii) attesting that all medical records described in paragraph (2) above have
been collected; (iii) attesting that all records collected pursuant to
subparagraphs (1), (2) and (3) have been produced pursuant to the Order,
along with an index or list identifying the source of the records; and (iv)
citing the specific page of the medical records containing the diagnosis of
the alleged injury.

     X     No affidavit has been provided;

   _____   The affidavit does not address issue (i)

   _____   The affidavit does not address issue (ii)

   _____   The affidavit does not address issue (iii)

   _____   The affidavit does not address issue (iv)

X     A Rule 26(a)(2) case-specific expert report from a medical expert (i)
attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx
caused the injury, (iii) providing an explanation of the bases of the
attestation that Vioxx caused the plaintiff to suffer the injury; (iv)
identifying any other causes that were considered in formulating the
opinion; (v) providing a description of the specific injuries allegedly
suffered; (vi) describing the specific medical findings that support the
diagnosis of those injuries; and (vii) identifying all documents relied on by
the expert in forming his opinions.

   _____   No expert report has been provided;

   _____   The report does not address issue (i)

   _____   The report does not address issue (ii)

     X     The report does not address issue (iii)

M01283737

Ronald R. Benjamin, Esq.
February 26, 2009
Page 6

                      **X**      The report  does not address issue (iv)

                                 The report does not address issue (v)

                                 The report does not address issue (vi)

                      **X**      The report does not address issue (vii).

In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28.  Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent.  We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:

Accordingly, notice is hereby given to cure the failure to comply with Section II of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice, as specified in Section II. D. of the Order.

Very Truly Yours,

M. Elaine Horn

cc:     Phillip A. Wittman, Esq. (via electronic mail)
        Russ M. Herman, Esq. (via electronic mail)

M012838738

JOHN W. VARDAMAN
PAUL MARTIN WOLFF
JOHN G. KESTER
WILLIAM E. McDANIELS
BRENDAN V. SULLIVAN, JR.
RICHARD M. COOPER
GERALD A. FEFFER
JERRY L. SHULMAN
ROBERT B. BARNETT
DAVID E. KENDALL
GREGORY B. CRAIG
JOHN J. BUCKLEY, JR.
TERRENCE O'DONNELL
DOUGLAS R. MARVIN
JOHN K. VILLA
BARRY S. SIMON
KEVIN T. BAINE
STEPHEN L. URBANCZYK
PHILIP J. WARD
F. WHITTEN PETERS
JAMES A. BRUTON, III
PETER J. KAHN
LON S. BABBY
MICHAEL S. SUNDERMEYER
JAMES T FULLER, III
BRUCE R. GENDERSON
CAROLYN H. WILLIAMS
F LANE HEARD III

STEVEN R. KUNEY
GERSON A. ZWEIFACH
PAUL MOGIN
HOWARD W. GUTMAN
MARK S. LEVINSTEIN
VICTORIA RADD ROLLINS
DANIEL F. KATZ
WILLIAM R. MURRAY, JR.
EVA PETKO ESBER
STEPHEN D. RABER
DAVID C. KIERNAN
LON E. MUSSLEWHITE
ROBIN E. JACORSOHN
HEIDI K. HUBBARD
GLENN J. PFADENHAUER
GEORGE A. BORDEN
ROBERT J. SHAUGHNESSY
DAVID S. BLATT
ARI S. ZYMELMAN
DANE H. BUTSWINKAS
LAURIE S. FULTON
DENNIS M. BLACK
PHILIP A. SECHLER
LYNDA SCHULER
PAUL K. DUEFFERT
R. HACKNEY WIEGMANN
ROBERT M. CARY
KEVIN M. HODGES

DAVID M. ZINN
JOSEPH G. PETROSINELLI
STEVEN M. FARINA
KEVIN M. DOWNEY
THOMAS G. HENTOFF
PAUL B. GAFFNEY
ROBERT A. VAN KIRK
MARCIE R. ZIEGLER
KENNETH C. SMURZYNSKI
JOHN E. SCHMIDTLEIN
CRAIG D. SINGER
JAMES L. TANNER, JR.
J. ANDREW KEYES
GILBERT O. GREENMAN
M. ELAINE HORN
ENU MAINIGI
MICHAEL F. O'CONNOR
PAUL T. HOURIHAN
WILLIAM J. BACHMAN
MARGARET A. KEELEY
MEGAN E. HILLS
EDWARD J. BENNETT
TOBIN J. ROMERO
BETH A. LEVENE
THOMAS G. WARD
WILLIAM T. BURKE
LISA M. DUGGAN
JOHN E. JOINER

NICHOLAS J. BOYLE
ADAM L. PERLMAN
ANDREW W. RUDGE
DENEEN C. HOWELL
ALEX G. ROMAIN
DAVID A. FORKNER
JONATHAN M. LANDY
CHRISTOPHER N. MANNING
RYAN T. SCARBOROUGH
JENNIFER G. WICHT
STEPHEN D. ANDREWS
MALACHI B. JONES
THOMAS H. L. SELBY
KEVIN HARDY
EDWARD C. BARNIDGE
JOSEPH M. TERRY
AARON P. MAURER
JON R. FETTEROLF

OF COUNSEL
RAYMOND W. BERGAN
JEREMIAH C. COLLINS
DAVID POVICH
J. ALAN GALBRAITH
ROBERT P. WATKINS
MARY G. CLARK
STEVEN A. STEINBACH
JACQUELINE E. MAITLAND DAVIES

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 26, 2009

<u>BY FIRST CLASS MAIL & TELECOPY</u>

Ronald R. Benjamin, Esq.
Law Offices of Ronald R. Benjamin, Attorneys at Law
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902

Re:   *In Re Vioxx Products Liability Litigation*, MDL No. 1657, Aljibory, Adnan, et al v.
Merck & Co., Inc., et al 04/115765 (Santacrose, Viola)

Dear Ronald R. Benjamin:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not eligible for submission to the Vioxx Resolution Program, or was eligible but was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that, certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, by July 1, 2008 for Claimants whose last name begins with A-L, and by August 1, 2008 for Claimants whose last name begins with M-Z.

Ronald R. Benjamin, Esq.
February 26, 2009
Page 2

      We have received materials from you relating to the discovery requirements of
Section II of PTO 28.  However, we have been unable to locate among the materials you
provided one or more of the required categories of information listed below, as indicated.

    __X__    Pharmacy records regarding the dispensing of drugs to the Plaintiff for the
period from January 1, 1995 to the present.

        __X__    No records have been provided; or

        _____    Records have not been provided for:

    __X__    A signed certification from the respective pharmacy or pharmacies
indicating that the production is complete.

        __X__    No certification has been provided; or

        _____    Certification has not been provided for:

    __X__    Medical records relating to the Plaintiff from all healthcare providers
requested in the Amended and Supplemental Plaintiff Profile Form for the
period from January 1, 1995 to the present.

        _____    No records have been provided; or

        __X__    Records have not been provided for:
- Advanced Radiology Services
- Baker, Matthew J MD
- Binghamton Family Care Center Medical Records Department
- Binghamton Family Care Center Patient Billing
- Campbell, Charles R MD
- Cardiology Associates Medical Records Department
- Cardiology Associates Patient Billing
- Centers for Medicare and Medicaid Services
- Collier Anesthesia PA Patient Billing
- Collier Neurologic Specialists Patient Billing
- DiMenna , John D MD
- Emergency Physicians of Naples Medical Records Department

M0DEFI15658

Ronald R. Benjamin, Esq.
February 26, 2009
Page 3

- Emergency Physicians of Naples Patient Billing
- Empire Medicare Services
- Empire Radiologists
- Endocrinology Care Center Medical Records Department
- Endocrinology Care Center Patient Billing
- Grandview Hospital
- Kmart Pharmacy
- Lim, James MD
- Lourdes Hospital Medical Records Department
- Lourdes Hospital Patient Billing
- Michaels, Robert M MD
- Minhas, Dr. Taseer A
- Mohapatra, Chitta R MD
- NCH Healthcare System Patient Billing
- Neuro Medical Care Associates  Patient Billing
- North Collier Hospital Medical Records Department
- North Collier Hospital Patient Billing
- Ramanujan, Ramajapur MD
- Schneider, Eric MD
- Shreck, Michael MD
- United Health Services Medical Records Department
- United health services Patient Billing
- Varma, Haridas K MD
- Wilson Memorial Regional Hospital Medical Records Department
- Wilson Memorial Regional Hospital Patient Billing
- Wolff, Brian D MD

__X__  A signed certification from each Healthcare Provider who has records relating to the Plaintiff indicating that all records in the possession, custody or control of the Provider have been produced.

    __X__  No certification has not been provided; or

    _____  Certification has not been provided for:

_____  If any death is claimed, a statement to that effect along with a copy of the death certificate and autopsy report, if one was performed.  In that regard, the following materials have not been provided:

M00EF15659

Ronald R. Benjamin, Esq.
February 26, 2009
Page 4

       _____   Statement of allegation

       _____   Death certificate

       _____   Autopsy Report

_____   An Amended and Supplemental Plaintiff Profile Form (attached as Exhibit A to PTO 28, available at the Court's website noted above).

       _____   No ASPPF was provided, and the alleged injury is MI, SCD or Stroke for which a Claimant Form or Profile Form was not submitted *before* November 9.[1]

       _____   No ASPPF was provided, and the alleged injury is something other than MI, SCD or Stroke, which requires submission of an ASPPF.

       _____   An ASPPF was provided, but the form was not completed in the following respects:

   X   Records requested by the Amended and Supplemental Plaintiff Profile Form.

       X   No records have been provided; or

       _____   Records have not been provided for:

   X   Authorizations for Release of Records pursuant to PTO 18A, B or C, as applicable.

       X   No authorizations were provided.

       _____   The provided authorizations were not complete in the following respects:

   X   Answers to the Interrogatories set out in Exhibit B to PTO 28 (available at the Court's website noted above).

---

[1] Submission of the older format Claimant Form or Profile Form after November 9, 2007 does not satisfy the requirements of PTO 28.

M00EF15660

Ronald R. Benjamin, Esq.
February 26, 2009
Page 5

_____   No answers "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided.

_____   The case contains an allegation of Loss of Consortium, but no answers "Defendant Merck & Co., Inc's First Set of Interrogatories to Loss of Consortium Plaintiff" were provided.

  X     Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Plaintiff" were provided, but were not complete in the following respects:

**Interrogatory No. 2**
- Social security number not provided.
- Date and place of birth not provided.
- Present employer not provided.
- Present office address not provided.
- Present office or business phone number not provided.

**Interrogatory No. 3**
- Factual basis for each category of damages not provided.
- Computation for each category of damages not provided.
- Identity of documents to support claim of damages not provided.

**Interrogatory No. 4**
- Person with whom the claim was filed not provided.
- Claim number not provided.

**Interrogatory No. 6**
- Date information, warning or precaution was received not provided.
- Whether action taken/not taken was not provided.

**Interrogatory No. 9**
- Date of communications not provided.
- Means of communications not provided.

_____   Interrogatory answers to "Defendant Merck & Co., Inc.'s First Set of Interrogatories to Loss of Consortium Plaintiff" were provided, but were not complete in the following respects:

Ronald R. Benjamin, Esq.
February 26, 2009
Page 6

   X      An affidavit signed by the Plaintiff (i) attesting that records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff; (ii) attesting that all medical records described in paragraph (2) above have been collected; (iii) attesting that all records collected pursuant to subparagraphs (1), (2) and (3) have been produced pursuant to the Order, along with an index or list identifying the source of the records; and (iv) citing the specific page of the medical records containing the diagnosis of the alleged injury.

       X     No affidavit has been provided;

      _____     The affidavit does not address issue (i)

      _____     The affidavit does not address issue (ii)

      _____     The affidavit does not address issue (iii)

      _____     The affidavit does not address issue (iv)

   X      A Rule 26(a)(2) case-specific expert report from a medical expert (i) attesting that the Plaintiff suffered an injury, (ii) attesting that Vioxx caused the injury, (iii) providing an explanation of the bases of the attestation that Vioxx caused the plaintiff to suffer the injury; (iv) identifying any other causes that were considered in formulating the opinion; (v) providing a description of the specific injuries allegedly suffered; (vi) describing the specific medical findings that support the diagnosis of those injuries; and (vii) identifying all documents relied on by the expert in forming his opinions.

      _____     No expert report has been provided;

      _____     The report does not address issue (i)

      _____     The report does not address issue (ii)

      X     The report does not address issue (iii)

      X     The report does not address issue (iv)

      X     The report does not address issue (v)

      X     The report does not address issue (vi)

M00EF15662

Ronald R. Benjamin, Esq.
February 26, 2009
Page 7

        <u>  X  </u>    The report does not address issue (vii).

<u>      </u>    In addition, the materials that were received also indicate that there are additional healthcare providers beyond those listed by you in connection with Section I.D. of PTO 28.  Section I.D. requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent.  We have been unable to locate copies of the required notices to preserve records sent to the following pharmacies, healthcare providers, and/or employers:

Accordingly, notice is hereby given to cure the failure to comply with Section II of PTO 28 within thirty (30) days. If any failure to comply with PTO 28 is not cured, Merck will file a Motion for Order to Show Cause why the complaint should not be dismissed with prejudice, as specified in Section II. D. of the Order.

Very Truly Yours,

M. Elaine Horn

cc:    Phillip A. Wittman, Esq. (via electronic mail)
       Russ M. Herman, Esq. (via electronic mail)

M00EF15663