UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY DE LA GARZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RUBEN T. PEREZ, DECEASED | § § § § § § | CASE NO.: 05-5543<br><br>Related to: MDL Case No. 1657<br>United States District Court for<br>the Eastern District of Louisiana<br>Section: L |
| *Plaintiffs*, | § § | |
| v. | § § | |
| | § | JUDGE FALLON |
| MERCK & CO., INC., also d/b/a MERCK, SHARP AND DOHME and d/b/a MSD SHARP & DOHME, GmbH | § § § § § | MAG. JUDGE KNOWLES |
| *Defendant*. | § § | |

**Plaintiff Estate of Ruben T. Perez's
Opposition to Miss De La Garza's Motion to Compel Arbitration**

"Arbitration under the FAA is a matter of consent, not coercion." *Equal Employment Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 299, 122 S.Ct. 754 (2002).[1] In determining whether parties have agreed to arbitrate a particular dispute, courts in the Fifth Circuit must first consider: "(1) whether a valid agreement between the parties exists; and (2) whether the dispute in question falls within the scope of the arbitration agreement." *OPE Int'l L.P. v. Chet Morrison Contractors, Inc*, 258 F.3d 443, 445 (5th Cir. 2001). Miss de la Garza's motion fails to meet either of these criteria; indeed it wholly fails to identify any agreement between Miss de la Garza and the Estate of Ruben T. Perez. Accordingly, this Court must deny Miss de la Garza's motion to compel arbitration.

---

[1] *See also Tittle v. Enron Corp.*, 463 F.3d 410 (5th Cir. 2006) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.") (quoting *Steelworkers v. Warrior's & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347 (1960)); 9 U.S.C. § 1, *et seq.* (encompassing the Federal Arbitration Act).

Page 1

Background

In late 2002, decedent Ruben T. Perez, Sr. ("Decedent" or "Mr. Perez"), a previously-divorced, 48 year-old single adult male with three children, suffered injuries and died as a result of his ingestion of and exposure to the Defendant's Vioxx product. *See generally* Plaintiff's Original Complaint; Plaintiff Estate of Ruben T. Perez's First Amended Complaint. The sole heirs and beneficiaries of Mr. Perez's will are his three children. *See* Holographic Will of Ruben T. Perez, Sr. (attached as attached Exhibit 1). The legal representative of Mr. Perez's estate (the "Estate") is his son Ruben T. Perez, Jr. (the "Independent Administrator"), who was appointed the Estate's independent administrator by the probate court, *see* Order Probating Will dated July 23, 2003, *In the Estate of Ruben T. Perez, Sr. Deceased*, Case No. 2822 in the County Court of Duval County, Texas (attached as Exhibit 2), and who has recently submitted an amended complaint in this action to protect it and the Decedent's chidren-heirs' interests. *See generally* Plaintiff Estate of Ruben T. Perez's First Amended Complaint

Miss Mary de la Garza, the Decedent's on-and-off girlfriend of roughly three years at the time of his death, initially filed this lawsuit. *See* Plaintiff's Original Complaint at p. 1. Despite her awareness of the probate matter and disclaimer of any rights related to the Estate, *see* Renunciation and Disclaimer of Mary de la Garza (attached as Ex. 3), Miss de la Garza erroneously claims in the original complaint to be the "representative of the estate of Ruben T. Perez, Deceased" and also states without explanation that Decedent was "Plaintiff's husband," *see* Plaintiff's Original Complaint at p. 1, ¶ 1—even though he was not. Miss de la Garza admits,

however, that "the estate . . . [is entitled to] compensation for Decedent's pain and mental anguish, medical expenses, and funeral and burial expenses." *See* Plaintiff's Original Complaint at p. 16, ¶ 50 and p. 24, ¶ 86.

Nevertheless, Miss de la Garza (either alone or with the assistance of counsel) purposefully concealed this matter from the Decedent's true legal representative and Decedent's children, heirs and beneficiaries—*i.e.*, the persons properly entitled to maintain this action[2]—and for a number of years attempted to recover solely for her own exclusive benefit and financial gain, as indicated by her counsel's submission of an enrollment form under the master Vioxx Settlement Agreement ("VSA") that neglected to disclose the existence of either the Decedent's will or his three surviving children.[3] Miss de la Garza and her counsel only eventually contacted the Estate and the Decedent's children-heirs[4] when the VSA claims administrator recently refused to finalize the processing of Miss de la Garza's VSA submission (and, consequently, disbursement of any final award) due to apparent questions regarding Miss de la Garza's authority to act on behalf of the Estate or its beneficiaries, her capacity to independently pursue the matter in suit and her

---

[2] *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 71.021(b) (under the survival statute "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person); Tex. Civ. Prac. & Rem. Code § 71.004(a) (noting that a wrongful death action is for the "exclusive benefit of the surviving spouse, children, and parents of the deceased").

[3] Counsel for the Estate has been unable to review or obtain (and consequently is unable at this time to provide the Court with) documents pertaining to the administration of Ms. De la Garza's VSA submission because both counsel for Miss de la Garza and the claims administrator have repeatedly refused to make such documents available to the Estate's counsel.

[4] Notably, despite his present adverse and hostile position to the Estate, when counsel for Miss de la Garza first called the children-heirs and the Independent Administrator a few weeks ago, he indicated in his initial phone calls (at least to the perception of a lay-person) that he represented and was acting for the Estate in this matter.

relationship to the Decedent (and, thus, her right to independently recover or receive any award under the VSA).

Discussion

Not surprisingly, a number of disputes and disagreements now exist between the Estate (via its Independent Administrator) and Miss de la Garza. Principle among the disputes of concern to this Court at this time are the following: (1) whether Miss de la Garza is a representative of the estate of Ruben T. Perez, Sr.; (2) whether the Decedent was Miss de la Garza's "husband" at the time of his death;[5] and—in light of the answers to the previous two questions—(3) who is entitled to manage this lawsuit and pursue recovery for claims arising out of and related to the injuries and death suffered by the Decedent.

Curiously, Miss de la Garza's motion suggests that these disputes concerning family-law, heirship, and probate-related matters must be arbitrated in this Court under the Vioxx Settlement Agreement. That is simply not the case nor does Miss de la Garza's motion provide any evidence or citations to substantiate her specious assertion.

"In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause." *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 435 F.3d 347, 353 (5th Cir. 2003). Miss de la Garza's motion does not identify any such contract and wholly failed to provide evidence of any contract between Miss de la Garza and the Estate, much less one containing an arbitration clause. Accordingly, in light of this absence of evidentiary proof, her

---

[5] Texas law presumes that he was not, *see* Texas Family Code § 2.401(b), and Louisiana law does not provide for the formation of informal marriages.

Page 4

motion must fail.  *See generally Brown v. Pacific Life Ins. Co.*, 462 F.3d 384 (5th Cir. 2006) (requiring a party seeking to arbitrate a dispute to first prove that the parties agreed to arbitrate the dispute); *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998) (noting that "arbitration is a matter of contract between the parties and a court cannot compel a party to arbitrate a dispute unless the court determines the parties agreed to arbitrate the dispute in question.").  *See also* Fed. R. Civ. P. 7(b)(1) (requiring motions "to state with particularity the grounds therefore");  Local Rule LR 7.4, Uniform Local Rules of the United States District Courts for the Eastern, Middle and Western Districts of Louisiana ("all motions shall be accompanied by a memorandum commonly referred to as a 'Memorandum in Support', which shall contain (1) a concise statement of reasons in support of the motion, and (2) citations of the authorities on which he relies or copies of these authorities. If the motion requires the consideration of facts not appearing of record, the movant shall also file with the clerk and serve upon opposing counsel a copy of all documentary evidence he or she intends to submit in support of the motion.") .

Miss de la Garza's motion also does not explain how her unilateral decision to enroll in the VSA binds the Estate to arbitrate any disputes it might have with her or how any reasonable interpretation of section 8 of the VSA could encompass disputes among plaintiffs about probate, heirship and family-law matters.  The VSA simply does not reach that far and her motion does not cite a single legal authority in support of her proposition. Thus, Miss de la Garza's motion also fails to meet the second prong of the test for determining arbitrability of a dispute.

Finally, federal courts have a long history of avoiding entanglements in probate and family

law matters, which are inherently issues of state law. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) (discussing the "probate exception" to federal court jurisdiction);[6] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (discussing abstention and the "domestic relations exception" to federal court jurisdiction).[7] The pertinent disputes that have arisen between the plaintiffs—who is a member of Decedent's family, whether the Decedent was married at the time of his death, who may advance claims on behalf of the Decedent's estate or as a result of Decedent's death—are exactly those type s of dispute. Such determinations are thus more appropriate for resolution in the Texas probate courts rather than via either arbitration or the determination of a federal court entertaining a case under its consolidated pre-trial MDL diversity jurisdiction.

For the foregoing reasons, this Court must deny Miss de la Garza's motion to compel arbitration.

---

[6] A federal court "has no jurisdiction to probate a will or administer an estate." *Id.* *See also Moore v. Lindsey*, 662 F.2d 354, 361 (5th Cir. 1981) (quoting *Markham*, 326 U.S. at 494) ( "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.").

[7] *See generally Dunn v. Cometa*, 248 F.3d 38 (1st Cir. 2001) (analyzing the "domestic relations exception" and fashioning a remedy staying the federal action until resolution via a state court action of underlying family law issues beacuae "The claims are based upon conduct in a family ontext, and whatever the parallels to non-family litigation, that context must affect the legal framework to be applied ").

Respectfully submitted,

LAW OFFICES OF CARL F. SCHWENKER

By:_____
Carl F. Schwenker, Attorney-in-charge
Texas Bar No. 00788374
1621 West Sixth Street
Austin, Texas 78703
Tel. (512) 480-8427
Fax (512) 857-1294
E-mail: cfslaw@swbell.net

ATTORNEYS FOR THE ESTATE OF RUBEN T. PEREZ, DECEASED, ACTING THROUGH ITS REPRESENTATIVE AND APPOINTED INDEPENDENT ADMINISTRATOR RUBEN T. PEREZ, JR.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the __6 th__ day of __**October**__, 2009, the foregoing document was served on all parties of record via the following method (check applicable method): ___ U.S. First Class Mail, sufficient postage prepaid; ___ facsimile; ___ hand-delivery; **X** Court CM/ECF system.

By:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY DE LA GARZA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RUBEN T. PEREZ, DECEASED<br><br>*Plaintiffs*,<br><br>v.<br><br>MERCK & CO., INC., also d/b/a MERCK, SHARP AND DOHME and d/b/a MSD SHARP & DOHME, GmbH<br><br>*Defendant*. | §§§§§§§§§§§§§§ | CASE NO.: 05-5543<br><br>Related to: MDL Case No. 1657 United States District Court for the Eastern District of Louisiana Section: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

## Order

The Court has considered Plaintiff Mary de la Garza's Motion to Compel Arbitration under Section 8 of the Vioxx Settlement Agreement and, having determined that the motion is not meritorious, hereby orders that the motion is DENIED.

Signed on this            day of                  , 2009.


Eldon E. Fallon
United States District Judge

Page 8