LOUISIANA UNITED STATED DISTRICT COURT  EASTERN DISTRICT

IN RE VIOXX PRODUCTS LIABILITY LITIGATION     MDL-1657 Master Case
                                              JUDGE FALLON

### PETITION FOR ORDER REQUESTING THE COURT ESTABLISH A QUALIFIED DISABILITY TRUST FOR CLARENCE T. HARVEY TO MAINTAIN MEDICAID QUALIFICATION

Petitioner, **CLARENCE THOMAS HARVEY, a** Plaintiff in the above styled action files this Petition for Order Requesting the Court Establish a Qualified Disability Trust For Clarence Thomas Harvey to Maintain Medicaid Qualification, pursuant to 42 U.S.C. § 1396p(d)(4)(A) and alleges:

#### A. BACKGROUND HISTORY

1. **CLARENCE THOMAS HARVEY** is a recipient of the Institutional Care Program (ICP) Medicaid in the State of Florida, as well as Social Security Disability Insurance (SSDI), A true and accurate copy of the Medicaid Notice of Case Action and the Notice from the Social Security Administration dated January 27, 2009 identifying the public assistance programs are attached hereto as Composite Exhibit "A."

2. **CLARENCE THOMAS HARVEY** resides at Regents Park Sunrise located in Sunrise, Florida. Regents Park Sunrise is a licensed skilled nursing facility.

3. **CLARENCE THOMAS HARVEY** suffered a stroke and two heart attacks. He ambulates in a wheelchair. He will be unable to be gainfully employed. He requires skilled nursing care and special equipment to meet his special needs.

#### B. THE VIOXX SETTLEMENT

4. **CLARENCE THOMAS HARVEY** is participating in the Vioxx global settlement.

#### C. PUBLIC ASSISTANCE ELIGIBILITY REQUIREMENTS[1]

5. In order for **CLARENCE THOMAS HARVEY** to maintain continued eligibility for the Institutional Care Program (ICP) Medicaid his monthly gross income must not exceed $2,022.00 and total countable assets must not exceed $3,000.00. See Financial Eligibility Standards, Economic Self Sufficiency Program Policy Manual Section 1640.0100 through l640.0205, copies of which are attached hereto as Composite Exhibit "B." SSDI is not a financially based program and therefore, there are no asset or income requirements.

---

[1] Pursuant to Florida Statute section 409.345, the State of Florida has a lien for Medicaid benefits paid to the ward during his life that is enforceable only upon the ward's death. No lien is imposed if the ward dies prior to age 55.

**IN RE: VIOXX PRODUCTS LIABILITY LITIGATION**
**CASE NO. MDL-1657 Master Case**
**PETITION TO ESTABLISH A QUALIFIED DISABILITY TRUST FOR CLARENCE THOMAS HARVEY**

---

6. The net proceeds from the settlement is considered "countable assets" under the Medicaid rules. "Countable assets" include all income and resources of the individual. See HCFA Transmittal No. 64 dated November 1994, section 3257B.3 a copy of which is attached hereto as Exhibit "C." **CLARENCE THOMAS HARVEY'S** receipt of the net proceeds from the settlement will result in him being disqualified from continuing to receive Medicaid benefits until his assets are spent down to the level of $3,000.00. See HCFA Transmittal No. 64 dated November 1994, section 3257B.1.

7. It is in the best interest of **CLARENCE THOMAS HARVEY** to maintain public assistance eligibility and simultaneously protect the net proceeds of the settlement which would be used to purchase services or products that would further enhance his quality of life and quality of medical care.

### D. QUALIFIED DISABILITY ("SPECIAL NEEDS") TRUST

8. In 1993, the United States Congress recognized that disabled individuals needed to maintain access to public assistance programs and have the opportunity to enjoy some quality of life by accepting a personal injury settlement or, inheritance. Congress enacted as law 42 U.S.C. §1396p(d)(4)(A). That law provides that on behalf of an individual who is under age 65, the parents, grandparents, guardian or court can place funds into a trust created for the disabled individual's sole benefit. The trust cannot be established by the disabled individual him or herself. The trust can only be set up to benefit an individual who meets the Supplemental Security Income disability criteria. The trust must provide that the State is named as the beneficiary of any funds remaining in the trust upon the death of the disabled individual as the State is entitled to be compensated to the extent of any assistance provided.

9. The funds placed in the trust are not considered available resources of **CLARENCE THOMAS HARVEY** beginning with the month they are placed into the trust. Moreover, the law provides that the funding of the trust does not constitute a transfer of resources or income which would normally be subject to imposition of a penalty (a period of ineligibility for assistance). Disbursements made from the trust to third parties (i.e. vendor) is not counted as income or resources to **CLARENCE THOMAS HARVEY** .

10. This law has been interpreted and made into policy which can be found in HCFA Transmittal No. 64 dated November 1994, section 3259.7A, and Economic Self Sufficiency Program

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION
CASE NO. MDL-1657 Master Case
PETITION TO ESTABLISH A QUALIFIED DISABILITY TRUST FOR CLARENCE THOMAS HARVEY

---

Policy Manual 1840.0109.04, true and accurate copies which are attached hereto as Composite Exhibit "D."

11. **CLARENCE THOMAS HARVEY** is age 58. A true and accurate copy of his Florida Identification Card is attached hereto as Exhibit "E."

12. Neither **CLARENCE THOMAS HARVEY'S** parents nor grandparents are living.

13. **CLARENCE THOMAS HARVEY** is a competent adult who does not require a Guardian.

14. **CLARENCE THOMAS HARVEY** believes that it is in his best interests for the Court to serve as grantor and execute a Qualified Disability Trust Agreement for his benefit, and to direct the deposit of the net proceeds of the settlement into an account titled in the name of the trust.

15. **CLARENCE THOMAS HARVEY** has chosen to have his brother Raymond Harvey serve as Trustee and in the event of his brother's incapacity of demise designated his son Steven Snead as First Successor Trustee, and his brother Vincent Harvey as Second Successor Trustee. **CLARENCE THOMAS HARVEY** has chosen to designate Raymond Harvey as residuary beneficiary after repayment of the Medicaid lien. A true and accurate copy of the proposed trust agreement is attached hereto as Composite Exhibit "F".

**WHEREFORE,** Petitioner respectfully requests that this Honorable Court grant the instant petition, and enter an order:

A. Finding that the Court has authority to serve as grantor and to execute the Qualified Disability Trust in order to maintain **CLARENCE THOMAS HARVEY'S** public assistance eligibility;

B. Authorizing the trial attorney to direct the deposit of the net proceeds of the settlement into an account titled in the name of the trust;

C. Authorizing **CLARENCE THOMAS HARVEY** to execute any instrument that may be necessary to effectuate the trust and the funding of the trust;

D. Directing the defendant(s) to issue checks for the net proceeds of the settlement payable to the **CLARENCE THOMAS HARVEY Qualified Disability Trust**;

E. Any such other and further relief as may be just and appropriate.

IN RE: VIOXX PRODUCTS LIABILITY LITIGATION
CASE NO. MDL-1657 Master Case
PETITION TO ESTABLISH A QUALIFIED DISABILITY TRUST FOR CLARENCE THOMAS HARVEY

---

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Executed this 21 day of May, 2009.

*Clarence Harvey*
CLARENCE THOMAS HARVEY

STEPHANIE L. SCHNEIDER, P.A.
Attorney for Clarence Thomas Harvey
1860 N. Pine Island Rd., Suite 111
Plantation, Florida 33322
Tel.: (954) 382-1997
Fax: (954) 382-9997

BY: *Stephanie L. Schneider*
STEPHANIE L. SCHNEIDER, ESQ.
Florida Bar No. 897711