LOUISIANA UNITED STATED DISTRICT COURT EASTERN DISTRICT

MDL-1657 Master Case
IN RE VIOXX PRODUCTS LIABILITY LITIGATION    JUDGE FALLON

### MEMORANDUM OF LAW IN SUPPORT OF CLARENCE THOMAS HARVEY'S PETITION FOR ORDER REQUESTING THE COURT SERVE AS GRANTOR AND ESTABLISH A QUALIFIED DISABILITY TRUST FOR THE PLAINTIFF TO MAINTAIN PUBLIC ASSISTANCE ELIGIBILITY

Petitioner, **CLARENCE THOMAS HARVEY**, a Plaintiff in the above referenced cause of action, pursuant to 42 U.S.C. § 1396p(d)(4)(A), by and through undersigned counsel, files this Memorandum of Law in Support of his Petition for Order Requesting the Court Serve as Grantor and Establish a Qualified Disability Trust for the Plaintiff to Maintain Public Assistance Eligibility.

### ISSUE

1. Whether 42 U.S.C. § 1396p(d)(4)(A) authorizes a Court of competent jurisdiction to serve as grantor of a qualified disability trust?

2. Whether the proposed Clarence Harvey Irrevocable Qualified Disability Trust satisfies all necessary requirements under federal and state law?

### APPLICABLE LAW

**A. A Court Is Authorized By Law To Serve as Grantor Of A Qualified Disability Trust**

3. When Congress enacted 42 U.S.C. § 1396p(d)(4)(A) it authorized the creation of irrevocable trusts for the benefit of individuals who are disabled so that the assets in their trusts would not be counted as resources under the Medicaid and Supplemental Security Income programs.

4. The federal Medicaid law authorizes specific individuals and entities to serve as grantor of what is called a qualified disability trust, also referred to as a special needs trust. The disabled person is not permitted to serve as grantor notwithstanding that the individual's assets are used to fund the trust. However, the disabled individual's parent, grandparent, legal guardian and a court may establish the trust. The pertinent provision of the statute provides as follows:

> (4) This subsection shall not apply to any of the following trusts:
>
> > (A) A trust containing the assets of an individual under age 65 who is disabled (as defined in section 1382c(a)(3) of this title) and which is established for the benefit of such individual by <u>a parent, grandparent, legal guardian of the individual, or a court</u> if the State will receive all amounts remaining in the trust upon the death of such

| | |
|---|---|
| In Re: CLARENCE THOMAS HARVEY | Case No. MDL-1657 |
| Memorandum Of Law | Page 2 |

       individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter (emphasis supplied).

5. Several courts in the country have recognized the authority of a Court to serve as grantor of a qualified disability trust when none of the individuals authorized by statute to serve as grantor exist. Most notably, in <u>In The Matter of Gillette</u>, 756 N.Y.S.2d 835 (Sur. Ct. 2003) the Court agreed to create a special needs trust for a person with disabilities under age 65 whose parents and grandparents were deceased. Mr. Gillette's attorney-in-fact under his power of attorney established a special needs trust for Mr. Gillette. The Social Security Administration determined that the trust was a countable resource that disqualified Mr. Gillette for supplemental security income because it was not set up by a parent, grandparent, legal guardian or court order. While that trust could not be corrected, the Court established a new special needs trust that complied with the federal law.

6. The Court in <u>King v. Savatiel</u>, Civil Action No. 5:05CV109 DCB-JCS (S.D. Miss. August 8, 2007) agreed to create a special needs trust to hold settlement proceeds for a disabled minor pursuant to 42 U.S. 1396p(d)(4)(A) where there was no court appointed guardian and no proceeding pending for the appointment of a guardian.

7. There are several advantages to Mr. Harvey to have this Court agree to serve as grantor of his special needs trust. The two most important benefits are that it is time and cost effective for the Court to create the special needs trust.

8. Ordinarily, when a competent adult, such as Mr. Harvey, wants to place his assets into a special needs trust and there is no living parent or, grandparent he would need to petition the state court for the appointment of a voluntary guardian. Under the federal law the guardian would then have legal authority to establish the special needs trust. A guardianship proceeding is neither time nor, cost effective. It can take six to eight weeks to have a voluntary guardian appointed. The delay in creating and funding the trust prevents Mr. Harvey from receiving necessary services and/or products which would enhance the quality of his life and medical care and that are not covered under the Medicaid program.

9. Additionally, a voluntary guardianship proceeding can cost several thousand dollars from inception to termination. These additional costs would only serve to deplete, rather than

In Re: CLARENCE THOMAS HARVEY                Case No. MDL-1657
Memorandum Of Law                            Page 3

enhance, Mr. Harvey's settlement proceeds which are needed to provide him with additional care, therapy, services and products not provided for by Medicaid.

10. The Court in <u>Gillette</u> recognized these benefits when it ruled that it could establish the trust by court order and "[t]he expense of a guardianship proceeding can be avoided for a person who is disabled, but not otherwise in need of a guardian."

11. Mr. Harvey is a competent adult who has determined that it is in his best interests to have his own individually tailored special needs trust as opposed to participating in an existing pooled trust. Mr. Harvey has the right to select his own trustee and to designate the residuary beneficiaries of the trust in the event there are assets remaining after satisfying the Medicaid lien.

**B. CLARENCE THOMAS HARVEY'S SPECIAL NEEDS TRUST AGREEMENT SATISFIES ALL LEGAL REQUIREMENTS**

12. The federal law provides that the following requirements must be met in order for the assets placed in a special needs trust to be exempt when determining an individual's entitlement to Medicaid and Supplemental Security Income:

   a. The person must be disabled ( SSA can make this determination);

   b. The person must be age 65 or younger;

   c. The trust must be created by the person's parents, grandparents, legal guardian or a court;

   d. The person with disabilities cannot be the trustee of the special needs trust;

   e. The trust must state that when the person dies anything left in the trust must repay the government up to the total amount of public assistance paid on behalf of the person.

13. These same requirements are mandated in Florida pursuant to the Medicaid Economic State Sufficiency Manual section 1640.0576.08. When a trust meets the criteria of a qualified disability trust the principal and any income placed in the trust are not counted as assets or, income to the individual with disabilities when determining entitlement to Medicaid.

14. Clarence Thomas Harvey's special needs trust satisfies all five requirements of the State of Florida Medicaid law. First, Mr. Harvey was determined to be disabled by the Social Security Administration. Supporting documentation is attached as Exhibit "A" to the Petition. Second,

In Re: CLARENCE THOMAS HARVEY                 Case No. MDL-1657
Memorandum Of Law                              Page 4

    Mr. Harvey was born on January 3, 1951 and is age 58 therefore, he satisfies the age requirement. Proof of Mr. Harvey's date of birth is attached to the Petition as Exhibit "E." Third, pursuant to the statutes and caselaw this Court can serve as the grantor. Fourth, the proposed trustee is Mr. Harvey's brother, Raymond Harvey. A copy of the proposed trust agreement is attached to the Petition as Exhibit "F." Fifth, Article II paragraph 2.02.03 provides that the State of Florida Medicaid agency has priority at Mr. Harvey's demise to receive reimbursement of the total public assistance it has paid on behalf of Mr. Harvey.

15.    Lastly, Clarence Thomas Harvey's trust satisfies the requirements of Florida's Trust Code found in Florida Statute § 736.0402. The qualified disability trust meets the five prong requirements: (a)The Court as Settlor has capacity to create the trust; (b) The Court indicates an intent to create the trust; (c.) The trust has a definite beneficiary who is Clarence Thomas Harvey; (d) the Trustee has specified duties to perform; and (e) the same person is not the sole trustee and the sole beneficiary.

## CONCLUSION

This Court has jurisdiction and venue over the person and subject matter of this proceeding, as well as legal authority to grant the petition and establish the Clarence Thomas Harvey Irrevocable Qualified Disability Trust.

                                    STEPHANIE L. SCHNEIDER, P.A.
                                    Attorney for Clarence Thomas Harvey
                                    1860 N. Pine Island Road, Suite 111
                                    Plantation, Florida 33322
                                    Telephone (954) 382-1997
                                    Telecopier (954) 382-9997

BY: _____
       STEPHANIE L. SCHNEIDER, ESQ.
       Florida Bar No. 897711

F:\CLIENTS\ClientFiles-2009\090011\MemorandumOfLaw

| | |
|---|---|
| In Re: CLARENCE THOMAS HARVEY | Case No. MDL-1657 |
| Memorandum Of Law | Page 5 |

## APPENDIX TO MEMORANDUM OF LAW

1. <u>In The Matter of Gillette</u>, 756 N.Y.S.2d 835 (Sur. Ct. 2003).

2. <u>King v. Savatiel</u>, Civil Action No. 5:05CV109 DCB-JCS (S.D. Miss. 2007)

3. HRS Integrated Public Policy Manual165-22, Section 1640.0576.08 and 1640.0576.09.