LOUISIANA UNITED STATED DISTRICT COURT EASTERN DISTRICT

MDL-1657 Master Case

IN RE VIOXX PRODUCTS LIABILITY LITIGATION  JUDGE FALLON

**ORDER GRANTING PETITION FOR ORDER AUTHORIZING CIRCUIT COURT TO ESTABLISH A QUALIFIED DISABILITY TRUST FOR CLARENCE T. HARVEY TO MAINTAIN PUBLIC ASSISTANCE ELIGIBILITY**

**THIS CAUSE** came before the court on _____ at _____A.M/P.M.. upon the Petition of CLARENCE T. HARVEY for an order authorizing the Court to establish a Qualified Disability Trust to Maintain CLARENCE T. HARVEY's Public Assistance Eligibility. The following individuals were present: _____
_____. The court having reviewed the Petition, the Memorandum of Law, the Affidavit of Stephanie L. Schneider, Esquire and the file, having determined that notice of the hearing and the petition was provided to all interested persons , and being otherwise fully advised in the premises therein, makes the following findings of fact:

**FINDINGS OF FACT**:

A. Based upon the federal law's restriction as to who can serve as a settlor of a qualified disability trust, CLARENCE T. HARVEY is unable to perform the acts for which court approval is being sought.

B. CLARENCE T. HARVEY's disability is likely to be of sufficiently long-term duration.

C. CLARENCE T. HARVEY has no dependents nor are there any other persons depending upon CLARENCE T. HARVEY for support. CLARENCE T. HARVEY's needs for support can be met from the Qualified Disability Trust assets. Upon funding the Qualified Disability Trust, Medicaid would continue to pay for the cost of his care and CLARENCE T. HARVEY will continue to receive public assistance in the form of Medicaid.

D. The funds placed in the trust are not considered available resources of the disabled individual beginning with the month they are placed into the trust. Moreover, the law provides that the funding of the trust does not constitute a transfer of resources or income which would normally be subject to imposition of a penalty (a period of ineligibility for assistance). Disbursements made

In Re:   **VIOXX PRODUCTS LIABILITY LITIGATION**        **MDL-1657 Master Case**
<u>Order Granting Petition for Order Authorizing Circuit Court To Establish A Qualified Disability Trust</u>

from the trust to third parties (i.e. vendor) is not counted as income or resources to the disabled individual. HCFA Transmittal No. 64 dated November 1994, section 3259.7A,Economic Self Sufficiency Program Policy Manual 1840.0109.04 , Section 1625.85.15.31 and 1625.85.15.31.05.

    E.    The proposed plan will maintain the petitioner's countable resources within the legal mandated limitation of $2,000.00 and CLARENCE T. HARVEY will continue to be eligible for Medicaid.

    F.    CLARENCE T. HARVEY is under the age of sixty-five.

    G.    CLARENCE T. HARVEY's attorney has filed an Affidavit attesting to her client's competency.  It is reasonable for a competent individual to request that someone authorized under federal law establish a Qualified Disability Trust and direct the deposit of his net proceeds of the personal injury settlement to the trust.   It is in the best interest of CLARENCE T. HARVEY to maintain public assistance eligibility and simultaneously protect the net proceeds of the settlement which would be used to purchase services or products that would further enhance CLARENCE T. HARVEY's quality of life and quality of care.

    Based upon the foregoing, it is

    **ORDERED and ADJUDGED**:

1. The Petition for Order Authorizing The Court to Establish a Qualified Disability Trust is granted.
2. It is necessary for the Court to serve as Settlor of a qualified disability trust for Clarence T. Harvey so that he may maintain his eligibility for Medicaid assistance.
3. The Court is authorized to and will execute the Qualified Disability Trust as Settlor, a true copy of which was attached to the Petition.
4. All settlement proceeds to which Clarence T. Harvey is entitled from the Vioxx settlement shall be issued to RAYMOND HARVEY as Trustee of the CLARENCE THOMAS HARVEY Qualified Disability Trust and delivered to the trustee.

In Re:   **VIOXX PRODUCTS LIABILITY LITIGATION**          **MDL-1657 Master Case**
<u>Order Granting Petition for Order Authorizing Circuit Court To Establish A Qualified Disability Trust</u>

5.  The court retains jurisdiction over the subject matter of this cause, and to enter such other and further orders and relief as may be just and appropriate.

   **DONE and ORDERED** in Chambers this _____ day of _____.

                                                            _____
                                                            Judge Fallon

Conformed copies to:
Stephanie L. Schneider, Esq.
Department of Children & Families
Sylvius von Saucken, Esq.


F:\CLIENTS\ClientFiles-2009\090011\OrderEstablishQDT

3