UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | Section L |
| This document relates to: | JUDGE FALLON |
| *Franklin v. Merck & Co., Inc.*<br>(USDC, District of Colorado)<br>Case No. 06-CV-02164-WYD-BNB | MAG. JUDGE KNOWLES |
| USDC, ED-LA Case No.: 07-2073 | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS VERIFIED RESPONSE TO DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED**

COMES NOW the Plaintiff above-named, by and through his counsel, the Law Offices of Stuart A. Kritzer, P.C. and Peter L. Kaufman, Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., and gives notice of the following supplemental authority in support of his Verified Response to Defendant's Motion for Order to Show Cause Why Plaintiff's Complaint Should Not be Dismissed. The attached case was published on September 23, 2009.

*Commonwealth of Massachusetts v. Kathleen Sebelius in her official capacity as Secretary of Health and Human Services, et al.*, 2009 WL 3103850 (D. Mass.) (September 23, 2009) "Although **§ 1396a(a)(25)(B) requires Medicaid to seek reimbursement from 'liable third parties,'** it does not create liability where none otherwise exists. **Section 1396a(a)(25)(B) creates a duty to seek reimbursement,** not a right to receive it." At *2. (Emphasis supplied)

Respectfully submitted this 10th day of October, 2009.

        LAW OFFICES OF STUART A. KRITZER, P.C.

By:   */s/Stuart A. Kritzer*
      Stuart A. Kritzer, Esquire
      140 East 19th Avenue, 3rd Floor
      Denver, CO 80203
      (303) 393-1111

LEVIN, PAPANTINO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
      Peter L. Kaufman, Esquire
      316 South Baylen Street, Suite 600
      Pensacola, FL 32502
      (850) 435-7000

      ATTORNEYS FOR PLAINTIFF JAMES FRANKLIN

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October, I electronically filed the foregoing Notice of Supplemental Authority in Support of His Verified Response to Defendant's Motion for Order to Show Cause Why Plaintiff's Complaint Should Not be Dismissed with the Clerk of the Court via the CM/ECF system which will send a Notice of Filing to all parties accepting electronic service.

      */s/Melanie J. King, Legal Assistant*
      Melanie J. King, Legal Assistant



Slip Copy
Slip Copy, 2009 WL 3103850 (D.Mass.)
**(Cite as: 2009 WL 3103850 (D.Mass.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.
Commonwealth of MASSACHUSETTS
v.
Kathleen SEBELIUS in her official capacity as Secretary of Health and Human
Services, et al, Defendants.
**C.A. No. 07-11930-MLW.**

Sept. 23, 2009.
Kenneth W. Salinger, Massachusetts Attorney General's Office, Boston, MA, for Commonwealth of Massachusetts.

Christopher R. Hall, U.S. Department of Justice, Washington, DC, for Defendants.

*MEMORANDUM AND ORDER*

WOLF, District Judge.

**\*1** This case arises out of plaintiff's attempts to obtain direct reimbursement from Medicare for certain medical services paid for by Massachusetts Medicaid. Plaintiff filed suit for declaratory and injunctive relief to require Medicare to pay Massachusetts Medicaid directly, and for Medicare to process four test claims for reimbursement filed by Massachusetts Medicare. Defendants moved to dismiss on the basis that the Complaint fails to state a claim upon which relief may be granted. Plaintiff filed a cross-motion for summary judgment. For the reasons summarized below and described in greater detail in court on September 21, 2009, defendants' Motion to Dismiss is being allowed.

Medicare provides federal health insurance for elderly and certain disabled individuals. *See* 42 U.S.C. 1395 *et seq.* Medicaid, funded both by the federal and state governments, is administered by the states and provides health insurance for America's poor. *See* 42 U.S.C. § 1396 *et seq.*

Some individuals, known as "dual eligibles," are covered by both Medicare and Medicaid. In the case of dual eligibles, federal law generally requires that Medicare bear the cost of medical services, because Medicaid is the payer of last resort. See 42 U.S.C. § 1396a(a)(25); *Arkansas Dept. of Health and Human Services v. Ahlborn,* 547 U.S. 268, 291, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006). However, Medicare and Medicaid eligibility determinations may occur at different times. Relevant to this case are instances where Medicaid pays for medical services for an individual, but a later determination establishes that the individual is retroactively eligible for Medicare coverage.

Plaintiff argues that in cases of retroactive dual eligibility, it should be able to collect reimbursement directly from Medicare because 42 U.S.C. § 1396a(a)(25)(B) provides that Medicaid must seek reimbursement from liable third parties. Defendants argue that direct payment is precluded by 42 U.S.C. § 1395f(a), which states that, with exceptions not relevant here, payments may be made only to providers. *See also* 42 C.F.R. § 424.33. The Department of Health and Human Services ("HHS"), the agency that administers the Medicare statute, *see* 42 U.S.C. §§ 1302, 1395f(a)(1), 1395hh, interprets the statutes and regulations to prevent Medicare from paying Medicaid directly because, as the parties agree, Medicaid is not a provider.

HHS's interpretation is entitled to deference under *Chevron U.S.A. v. Natural Resources Defense Counsel,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and its progeny. [FN1] Under *Chevron,* the court must determine "(1) whether the statute unambiguously forbids the Agency's interpretation, and, if not, (2) whether the interpretation, for other reasons, exceeds the bounds of the permissible." *Barnhart v. Walton,* 535 U.S. 212, 217-18, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002) (citing *Chevron,* 467 U.S. at 843). An agency's interpretation is impermissible if it is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron,* 467 U.S. at 844. Where an agency interprets its own regulations, its interpretation is controlling "unless 'plainly erroneous or inconsistent with the regulation.'" *Auer v. Robbins,* 519 U.S. 452, 460, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); *see also Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:05-md-01657-EEF-DEK   Document 25031   Filed 10/10/09   Page 4 of 5

Slip Copy
Slip Copy, 2009 WL 3103850 (D.Mass.)
(Cite as: 2009 WL 3103850 (D.Mass.))

Page 2

FN1. *Chevron* deference is appropriate where (1) Congress expressly left a legislative gap for the agency to fill (express authority) or (2) where it is apparent from the agency's generally conferred authority and other statutory circumstances that Congress would expect the agency to be able to speak with the force of law when it addresses ambiguity in the statute or fills a space in the enacted law, even one about which Congress did not actually have an intent as to a particular result. (implied authority). *United States v. Mead Corp.,* 533 U.S. 218, 229, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). This case involves express authority.

*2 Here, the statute and regulations are clear and support HHS's interpretation. Section 1395f (a) provides that Medicare payments for medical services may only be made to providers, and HHS interprets this section to mean that Medicare may not make payments to Medicaid. Moreover, even if § 1395f (a) were ambiguous, the court must defer to HHS's reasonable interpretation of the statute.

Although § 1396a(a)(25)(B) requires Medicaid to seek reimbursement from "liable third parties," it does not create liability where none otherwise exists. Section 1396a (a)(25)(B) creates a duty to seek reimbursement, not a right to receive it.

No case cited by the parties directly addresses the issue here. However the court finds persuasive the reasoning in two analogous cases, *Connecticut Dept. of Social Services v. Leavitt,* 428 F.3d 138, 142 (2d Cir.2005), and *New York v. Sebelius,* 2009 WL 1834599 (N.D.N.Y. June 22, 2009). In *Connecticut Department of Social Servies,* the Second Circuit, according *Chevron* deference to HHS, held that 42 U.S.C. § 1395f(a) and 42 C.F.R. § 424.33 require that Medicare pay only providers of services. *See* 428 F.3d at 146. The district judge in *New York v. Sebelius* held that 42 U.S.C. § 1396a(a)(25)(B) imposes a duty on Medicaid to seek reimbursement, but does not entitle Medicaid to wholesale reimbursement from Medicare. *See* 2009 WL 1834599, at *8.

In support of its position, plaintiff cites *New York State Dept. of Social Services v. Bowen,* 846 F.2d 129 (2d Cir.1988), and *Atlanticare Med. Ctr. v. Commissioner, Div. of Med. Assistance,* 439 Mass. 1, 785 N.E.2d 346 (2003). However, *New York State Dept. of Social Services* held only that Medicaid may represent Medicare beneficiaries for the purposes of certain administrative appeals. It did not discuss whether direct payments from Medicare to Medicaid are authorized. *Atlanticare* held that Massachusetts Medicaid may not sue providers to recover Medicaid payments that should have been made by Medicare. 439 Mass. at 14, 785 N.E.2d 346. The United States was not a party to *Atlanticare,* which was decided by the Supreme Judicial Court of the Commonwealth of Massachusetts without the benefit of briefing by the United States. The court respectfully disagrees with the Supreme Judicial Court's suggestion in *Atlanticare* that Medicaid may obtain direct reimbursement from Medicare. *See id.* at 11, 785 N.E.2d 346.

Finally, plaintiff attempts to draw a distinction in § 1395f between "payments for services," which pursuant to § 1395f may be made only to providers, and "reimbursement," which may sometimes be made to non-providers. In support of its position, plaintiff points to § 1395f (d)(2), which allows reimbursement directly to Medicare beneficiaries for certain emergency services. However, § 1395(d)(2) is an express exception to the rule stated in § 1395f (a) that payment must be made to providers. No comparable exception authorizes Medicare to pay Medicaid directly.

*3 Accordingly, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (Docket No. 10) is ALLOWED.

2. Plaintiff's Cross-Motion for Summary Judgment (Docket No. 12) is MOOT.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Respectfully submitted this 9th day of October, 2009.

                          LAW OFFICES OF STUART A. KRITZER, P.C.

                          By:   /s/Stuart A. Kritzer
                                  Stuart A. Kritzer, Esquire
                                  140 East 19th Avenue, 3rd Floor
                                  Denver, CO  80203
                                  (303) 393-1111

                          LEVIN, PAPANTINO, THOMAS, MITCHELL,
                          ECHSNER & PROCTOR, PA
                                  Peter L. Kaufman, Esquire
                                  316 South Baylen Street, Suite 600
                                  Pensacola, FL  32502
                                  (850) 435-7000

                        ATTORNEYS FOR PLAINTIFF JAMES FRANKLIN

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, I electronically filed the foregoing Plaintiff's Verified Response to Defendant's Motion for Order to Show Cause Why Plaintiff's Complaint Should Not Be Dismissed with the Clerk of the Court via the CM/ECF system which will send a Notice of Filing to all parties accepting electronic service.

                                     /s/Melanie J. King, Legal Assistant
                                    Melanie J. King, Legal Assistant

2