UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION I (3) |
| | : | |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| ALL CASES | : | MAG. JUDGE KNOWLES |

## Status Report and Motion for a Discovery/Briefing Schedule Relating to the Common Benefit Fee Application Objections

This Court appointed undersigned to act as liaison counsel for attorneys having objections to the common benefit fee application. The Court was particularly interested in having the parties work out a discovery/briefing schedule. To that end, objectors' liaison counsel has had several conferences and communications with Attorney Russ Herman who is acting on behalf of the fee applicants. The net result is that we are unable to agree on any aspect of how this issue should proceed.

It is the position of the fee applicants that discovery and briefing is untimely, and that even if it were timely, there are no factual issues that would permit discovery. As such, the objectors are left without any proposal from the applicants as to how to proceed.

Undersigned proposed the following process to the applicants and moves the Court to enter orders to commensurate with it:

1. There are two separate substantive objections: 1) the 8% fee application is improper in light of the full participation option ("FPO") contracts that limited the common benefit fee application under all circumstances to 2%; and 2) the 8% fee application is unreasonable in light of the work performed, the results achieved, the settlement methodology used and guiding case precedent in these types of mass torts.

2. The two issues should be bifurcated with the contract issue being handled first. This issue requires limited discovery and presents a discrete legal question. In particular, the only factual questions that require discovery are: 1) what was the PSC intent in formulating the contracts? 2) what was the effect of the offering of these contracts? 3) how did the settlement agreement with Merck come to contain a vitiation of these contracts and was there any bargaining or consideration for the insertion of this clause? Discovery would require very short focused depositions of 3-4 NPC and PSC members as well as a corporate representative from Merck. It could be accomplished in the course of a week, with each deposition lasting no more than 2-3

hours. Briefing could then follow the discovery, after which time oral argument would be permitted. Objectors are prepared to complete all discovery and briefing over the next 6-8 weeks, and have already provided Attorney Herman with drafts of their proposed deposition notices.

3. After resolution of the contract issue at the trial court level, discovery would then be permitted on the second "unreasonableness" issue. This discovery would be more searching with a wider focus on all the work performed, the hours claimed, the results achieved versus earlier representations, settlement provisions that were "ethically suspect" and arguably not in the common benefit, and the nature as to how the case was settled. Given the ongoing litigation, this type of discovery would be more intrusive and is best left until after the contract issue is resolved and the IS claims are paid.

Wherefore, the objectors request that this schedule be implemented, and that discovery be allowed in conformity with the above proposal.

Objectors' Liaison Counsel

By_____
MICHAEL A. STRATTON
CT 08166
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: 203-624-9500
FAX: 203-624-9100
mstratton@strattonfaxon.com

## CERTIFICATION OF SERVICE

I hereby certify that the above and forgoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 15th day of October, 2009.

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave., Suite 100
New Orleans, LA 70113

Phillip Wittmann
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130

Alan Schwartz
Iris Gafni-Kane
Usha-Kiran Ghia
Wiggin & Dana, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508

_____
Michael A. Stratton