UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:<br>VIOXX PRODUCT LIABILITY LITIGATION | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL NO. 1657 <br><br> SECTION: L <br><br> JUDGE FALLON <br> MAG. JUDGE KNOWLES |
| *THIS DOCUMENT RELATES TO:* <br><br> See Attached Exhibit A | ) <br> ) <br> ) <br> ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MERCK & CO., INC.'S *SECOND* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE WITH THE DISCOVERY REQUIREMENTS OF PTO 28**

On September 28, 2009, defendant Merck & Co., Inc. ("Merck") filed the above-entitled motion contending that certain Cellino & Barnes, P.C. plaintiffs not proceeding under the Master Settlement Agreement had failed to materially comply with their PTO 28 discovery obligations. (Document 24269.) This Court filed its Order to Show Cause relating to these plaintiffs on October 2, 2009. (Document 24675.)

Initially, each of these plaintiffs previously submitted an expert report pursuant to this Court's *Lone Pine* order and made Merck aware of their claims. Each plaintiff additionally directed their medical providers to preserve records in compliance with this Court's order. Additionally and contemporaneously with this response, each of the identified plaintiffs has tendered to Merck an updated Amended and Supplemental Plaintiff profile Form, updated interrogatory responses, and all pharmacy, medical and death-related records in their possession in order to materially comply with PTO 28.

1

While additional records have been ordered but not received, plaintiffs will provide Merck with copies promptly upon receipt. As plaintiffs cannot control the compliance of providers with their medical requests, they respectfully request that this Court permit them to supplement their discovery responses upon receipt and to tender their affidavits upon receiving the last of these records. As plaintiffs have materially complied with PTO 28 in terms of tendering expert reports, all written discovery, all documents produced to them to date and will complete production as previously-ordered documents arrive, dismissal is an unduly harsh penalty.

PTO 28 permits a time extension for good cause shown. Plaintiffs have tendered expert reports, document preservation notices, all written discovery and all documents in their possession. Plaintiffs will provide the remaining previously-ordered PTO 28 materials as they come into their possession. As Merck has not established prejudice under these circumstances and plaintiffs continue their good faith efforts to comply with all MDL requirements, they respectfully request that this Court discharge the order to show cause.

DATED:     October 16, 2009

Respectfully submitted,

**CELLINO & BARNES, P.C.**

By: _____
Brian A. Goldstein
Main Place Towers
350 Main Street, 25th Floor
Buffalo, NY 14202
(716) 854-2020