Plaintiff's Exhibit 16

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D.C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

www.wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 22, 2008

**FEDERAL EXPRESS & EMAIL**

Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

Dear Mr. Benjamin:

      As you know, Judge Fallon convened a conference on Monday for the express purpose, among others, of ensuring that counsel and plaintiffs have all of the information about the Vioxx Settlement Program available to them to make an informed decision about enrolling in the Program. As Judge Fallon indicated, he was neither encouraging nor discouraging plaintiffs to enroll. Instead, he wanted to ensure that the parties understood the settlement process.

      As part of that conference, you, as well as other counsel present, were afforded the opportunity to meet with Brown & Greer, the Claims Administrator, to discuss the range of amounts to which claimants would be entitled under the Vioxx Resolution Program. Both the Claim Administrator and Merck counsel were willing to sit down with you and your clients, if they were present, to calculate the sums of money your clients could expect to receive under the Program if they met the Gate Criteria. Virtually every other lawyer at this conference, as well as at similar conferences, took advantage of this opportunity. You, however, rejected this opportunity, as you have rejected past opportunities, to discuss what your clients may stand to receive were they to enroll in the Settlement Program.

      So that there can be no mistake, we wish to advise you that, while we do not have medical records for many of your clients and therefore are not able to calculate the number of points they would receive that would then correspond with actual sums of money, we have reviewed the records for some of your clients and have found that they would be eligible for payments in substantial amounts. For example, in one instance, our records reflect that one client would be entitled to approximately 240 points or about $450,000, assuming documents are submitted to show use that is consistent with the statements made in the Plaintiff Profile Form. Another would receive about $220,000, assuming the necessary documentation to meet the Gate

WILLIAMS & CONNOLLY LLP
Ronald R. Benjamin
October 22, 2008
Page 2

Criteria. Of course, these amounts would be available only if these clients were to enter the settlement program before the deadline. There is no program of any kind for claims outside the program.

We remain willing to review your cases to determine the range of amounts to which your clients would be entitled under the Vioxx Settlement Program so that your clients will be aware of our views on the amounts they would likely receive.

But, as you know, enrollment in the Program ends on October 30, 2008. After that date, no claimants will be accepted in the Program.

Suffice it to say that claims that do not enroll in the Program will be vigorously defended without any new settlement programs available to you or your clients who choose not to enroll. We recognize that you have not yet been involved in any discovery in this litigation and have not tried any Vioxx case. So, you may, or may not know, the scope of discovery that these cases entail. Once the discovery stay is lifted, we would commence discovery, taking the depositions of plaintiffs, family members and possibly friends and acquaintances who have information relevant to the case, experts designated in the case and doctors and other medical personnel with relevant information who treated the plaintiff. We hasten to add that the discovery we will seek, and the motions that we will file, in these cases will not be guided by the identity of counsel. Instead, the discovery and motions will be nothing more, nor less, than the type of discovery that the parties -- and the courts -- have considered necessary in the Vioxx cases that have previously gone to trial. (And, as you also know, Merck won most of the previous cases that went to trial. The relatively few that were lost at trial were eventually either won on appeal or are still subject to appeal.)

If you or your clients would be interested in learning more about the payment they could expect to receive under the Program, please let us know at the earliest opportunity. We would also be able to explain the favorable agreements that have been put in place with respect to Government liens or we could put you in touch directly with the Lien Administrator. Indeed, if you have any questions about the Program, let us know and we will try to answer them.

Sincerely,

Douglas R. Marvin