Plaintiff's Exhibit 19

# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

*Also Admitted in the District of Columbia*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

Phone 607-772-1442 / Fax 607-772-1678                    Email:ronbenjaminlaw@stny.rr.com

November 5, 2008

The Honorable Eldon E. Fallon
United States District Court for the
Eastern District of Louisiana
500 Poydras Street
Room C-456
New Orleans, LA 70130

**Re: In Re Vioxx Product Liability Litigation, MDL No. 1657**

Dear Judge Fallon:

Please let this letter serve as a request for a pre-motion conference for the purpose of staying further motions by Merck for noncompliance with PTO 28, for reasons which follow.

On August 8, 2008 Merck wrote counsel of its intent to move to dismiss for failure to comply with the preservation requirements set forth in PTO 28.

On October 22, 2008 Merck wrote counsel of its intent to move to dismiss 29 cases for failure to comply with the expert disclosure requirements set forth in PTO 28 (I am annexing herewith the list Merck sent with this letter). If Merck's position persists additional motions will follow in that plaintiffs presently represented by this office are awaiting the outcome of the Agard motion rather than unnecessarily burden the Court's calendar by bringing repetitive motions, raising identical issues to those pending in Agard.

As a result counsel has written and spoken with Merck's counsel seeking to have Merck hold off making any further motions to dismiss pursuant to Rule 41 (b) alleging failures to comply with PTO 28 until the Court has decided the Agard motion presently pending. Merck has refused and indicated that it will continue moving to dismiss, relying exclusively on the terms of PTO 28 and the allegations plaintiff has failed to comply with the same.

It is only necessary to preface the reasons for the relief sought by noting that each of these plaintiffs has acted diligently to the best of their ability prosecuting their actions, and that it is a

bitter irony that plaintiffs who are seeking a timely adjudication on the merits of the claims are now forced to seek a stay pending the Court's decision in the Agard motion.

It is only obvious Merck is seeking to increase the plaintiff's transactional costs in that plaintiffs would have to oppose each motion with the submission of fact sheets and whatever other additional information has been provided case-by-case, for purposes of demonstrating that if Merck is entitled to a remedy it would not be the extreme sanction of dismissal.

The Fifth Circuit has made clear that it is only in the face of a clear record of delay or contumacious conduct by the plaintiff that a sanction as severe as dismissal would be warranted pursuant to Rule 41 (b). Durham v. Florida East Coast Ry Co., 385 F. 2d 366, 368 (5th Cir. 1967). Indeed the Ninth Circuit observed that Rule 41 (b) " In large part a housekeeping measure". Nealy v. Transportation Maritima Mexicana., S. A. 662 F. 2d 1275, 1279 (9th Cir. 1980). Merck cannot deny the fact that the cases which it includes in the list annexed to its October 22, 2008 letter are claims which are meritorious, and perhaps more importantly that it has more than sufficient information to move forward in the discovery process, but simply refuses to do so because of the advantages it has achieved in securing PTO 28.

Merck is fully aware of the same. It is respectfully submitted Merck's intention is to generate as much satellite litigation as possible in an effort to avoid reaching the merits of the plaintiff's claims. Even if the Court rejects the arguments being made in the Agard motion, plaintiffs would hope the Court recognizes the same are made in good faith, and that permitting Merck to go forward in the absence of a decision from the Court opens the door to precisely the type of duplicative, time-consuming, and unnecessary motion practice that could be avoided once the issues plaintiff raises are resolved.

Thank you for your consideration regarding the above.

Respectfully,

Ronald R. Benjamin

RRB/dw
/Attachment
cc: Theodore V.H. Mayer, Esq/via email
    Russ M. Herman, Esq/via email
    Phillip Wittmann, Esq./via email

| Case | Docket Number | Plaintiff Last Name | Plaintiff First Name | MI |
|---|---|---|---|---|
| Adelberg, Carol v. Merck & Co., Inc. | 2:08-cv-04173-EEF-DEK | Adelberg | Carol | |
| Adelberg, Carol v. Merck & Co., Inc. | 2:08-cv-04173-EEF-DEK | Amendoeira | Antonio | |
| Alapeck, Geraldine M v. Merck & Co., Inc. | 2:08-cv-03221-EEF-DEK | Alapeck | Geraldine | M |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Alapeck | Geraldine | M |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Bilik | Helen | |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Boone | Elizabeth | |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Croft | Carolyn | S |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Mahar | Mary | J |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Santacrose | Dean | |
| Bilik, Helen v. Merck & Co., Inc. | 2:08-cv-04172-EEF-DEK | Simmons | Stasia | |
| Cadwell, Samuella v. Merck & Co., Inc. | 2:08-cv-04167-EEF-DEK | Cadwell | Albert | D |
| Cadwell, Samuella v. Merck & Co., Inc. | 2:08-cv-04167-EEF-DEK | Cadwell | Samuella | |
| Cadwell, Samuella v. Merck & Co., Inc. | 2:08-cv-04167-EEF-DEK | Corprew | Wilbert | |
| Cadwell, Samuella v. Merck & Co., Inc. | 2:08-cv-04167-EEF-DEK | Plocek | Elsa | |
| Cadwell, Samuella v. Merck & Co., Inc. | 2:08-cv-04167-EEF-DEK | Schaffer | Ronald | H |
| Cavallo, Matthew v. Merck & Co., Inc. | 2:05-cv-01513-EEF-DEK | Smith | Victoria | |

| Case | Docket Number | Plaintiff Last Name | Plaintiff First Name | MI |
|---|---|---|---|---|
| Connolly, Marjorie v. Merck & Co., Inc. | 2:06-cv-02708-EEF-DEK | Connolly | Marjorie | |
| Connolly, Marjorie v. Merck & Co., Inc. | 2:06-cv-02708-EEF-DEK | Harris, Jr. | Charles | |
| Croft, Caroline S. v. Merck & Co., Inc. | 2:08-cv-04171-EEF-DEK | Croft | Caroline | S |
| DeVincentiis, Carlo v. Merck & Co., Inc. | 2:05-cv-02297-EEF-DEK | Lindsey | Kimberly | |
| Dufresne, Lori v. Merck & Co., Inc. | 2:08-cv-03220-EEF-DEK | Spencer | Frank | |
| Gates, Robert D. v. Merck & Co., Inc. | 2:05-cv-06221-EEF-DEK | Gehm | Herbert | |
| Hoffner, Kathleen v. Merck & Co., Inc. | 2:06-cv-02238-EEF-DEK | Hoffner | Kathleen | |
| Holobosky, Rosemary v. Merck & Co., Inc. | 2:05-cv-01091-EEF-DEK | Smith | Sheila | |
| Mahar, Mary J. v. Merck & Co., Inc. | 2:08-cv-03222-EEF-DEK | Mahar | Mary | J |
| Pitcher, Kevin v. Merck & Co., Inc. | 2:08-cv-04170-EEF-DEK | Pitcher | Kevin | |
| Raftis, Marianne v. Merck & Co., Inc. | 2:08-cv-04166-EEF-DEK | Raftis | Marianne | |
| Santacrose, Dean v. Merck & Co., Inc. | 2:08-cv-04168-EEF-DEK | Santacrose | Dean | |
| Steinhoff, Margaret v. Merck & Co., Inc. | 2:08-cv-04169-EEF-DEK | Steinhoff | Margaret | |