Plaintiff's Exhibit 21

Ronald R. Benjamin *
Marya C. Young *
Mary Jane Murphy

Also Admitted in the District
Of Columbia

Phone: (607) 772-1442     •     Fax: (607) 772-1678     •

**LAW OFFICE OF RONALD R. BENJAMIN**
attorneys at law
126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

e-mail: ronbenjaminlaw@stny.rr.com

November 12, 2007

<u>*Via Fax: 212/422-4726*</u>:
Villia B. Hayes, Esq. (212/
Hughes Hubbard & Reed LLP
One Battery Park Place
New York, NY 10004-1482

<u>*In Re: New York Vioxx Product Liability Litigation*</u>

Dear Mr. Hayes:

In light of Judge Fallon's November 9, 2007 Orders regarding new disclosure obligations and deadlines, as well as staying the MDL proceedings, I trust the cases pending in New York will be affected with respect to outstanding discovery.

If you disagree, this letter will serve as plaintiff's request that you meet and confer with regard to the outstanding discovery issues which are addressed below. The meet-and-confer requirements set forth in CMO No. 1 VII (B) obviously contemplate more than sending form letters back and forth. Similarly, that same requirement in CMO 6 [10 (b) prior to making a compliance motion would compel the conclusion we should have a face-to-face meeting to resolve all outstanding issues prior to any motion practice.

I believe there are three areas I want to discuss and hopefully reach resolution on, short of motions practice. The first concerns deficiencies in PPFs which have already been provided, the second involves those cases where we have submitted a PPF designated for MDL 1657 which differs from that required by Judge Kornreich's May 31, 2007 order, and the third area involves PPFs that are currently outstanding.

Although I believe at least some of the information being requested in the deficiencies letters is pretty far afield from the issues being litigated, I have no intention of raising objections to the same since it would waste more time arguing over the merits than it would take to simply provide the information as best we can. In this regard many of the plaintiffs have difficulty remembering the answers to some of the questions being asked particularly in connection with length of employment, addresses for employers going back many years, and for each such an instance we will give you the best answer which may well be "cannot recall."

With respect to the former PPF form, what I propose is that you accept an addendum to the PPF that we have provided rather than having us to revise and send in a new PPF for each such client.

I acknowledge there are substantive differences in the PPF subject to the revised order by Judge

Page 2 of 2

Kornreich but submit again that you accept an addendum that substantively addresses the additional information as opposed to preparing a new PPF.

Finally, on the outstanding PPFs, I spoke with Jennifer Hecht last Thursday or Friday and advised her we would be able to complete the outstanding PPFs in another 30 days and would hope that it is acceptable. We can secure authorizations in advance if you want us to do that.

I have written a letter to counsel for Pfizer in connection with some outstanding discovery issues in cases that overlapped with some of the cases which are the subject matter of your letters, and invited you to attend a meeting being proposed on November 28, 2007. If you elect to attend that meeting, only finish discussing those joint cases, we can meet separately regarding the cases that are discussed herein. Alternatively, we can set up a separate time to meet for these cases.

Please have whoever you designate to take the lead on the issues discussed herein contact me so we can see if all discovery issues can be resolved without motions practice.

Thank you for your consideration regarding the above.

Very truly yours,

Ronald R Benjamin

RRB/mc
cc: Via Fax: 201/536-0799 to:
    Robert W. Brundige, Jr., Esq., and John N. Poulos, Esq.

**LAW OFFICE OF RONALD R. BENJAMIN**
**ATTORNEYS AT LAW**

Ronald R. Benjamin*                                        126 Riverside Drive
Marya C. Young*                                            P.O. Box 607
Mary Jane Murphy (of counsel)                              Binghamton, NY 13902-0607
*Also Admitted in the District of Columbia

Phone 607-772-1442        Fax 607-772-1678        Email:ronbenjaminlaw@stny.rr.com

May 21, 2008

**By Regular Mail**
Theodore V. Mayer, Esq.
Hughes, Hubbard & Reed
One Battery Park Plaza
New York, NY 10004-1482

    In Re:    **Vioxx Products Liability Litigation**

    Subject:    **Discovery Issues**

Dear Mr. Mayer:

This letter will serve as the effort on behalf of the plaintiffs represented by our firm to meet and confer on discovery and other pretrial matters before resort to motion practice.

Since I represent plaintiffs who have not agreed to the settlement, we are interested in proceeding to trial.

Obviously, we cannot force Merck to take depositions, but we are going to take the position that if depositions are not timely taken then they are waived.

The fact sheets contain far more information than is necessary to defend the cases, so if there are any technical deficiencies such as missing zip codes, the same should not result in delaying the depositions.

Since Merck has apparently settled the bulk of the cases pending in the MDL, and these plaintiffs have had their cases pending for over three years, the arguments pro and con for any further delay seems to iron each other out.

At a minimum, if Merck will agree to eight to ten cases going forward with all discovery to be completed within a reasonable time, that would be a possible way of moving ahead.

I also believe that the case specific discovery can be completed in the transferor courts in New York.

Similarly, if the summary judgment motions can be made in the transferor court, that would avoid the issue of whether or not the MDL district court can decide these motions, in view of the fact that it has conflicted itself by agreeing to serve as chief administrator in the Master Settlement Agreement. This would involve unnecessary satellite litigation which could be avoided.

I understand your position is that there is a stay in place. To the extent you are correct, the stay is unilateral and overrides the Federal Rules of Civil Procedure, especially with regard to the requirement that the plaintiffs make case specific expert disclosure without any corresponding obligation on the part of Merck. *See Rule 26 (a)( 2 )(C)*. In view of the same, if we cannot reach some agreement I will move to vacate the stay.

If you agreed to work toward completing discovery and remand, we can also avoid some sticky issues regarding the PSC. Although the PSC was charged with responsibility for representing all litigants, that has come to an end as a practical matter with the signing of the settlement agreement.

This is neither the time nor place to raise the issue of trade-offs involving waiver of claims that are viable in the court system in return for huge attorney's fees, and I mention that now only because any effort to suggest the PSC is still working on behalf of individual litigants who have refused to participate in the settlement borders on frivolous.

Also, as you must be aware, representatives of the PSC traveled throughout the country making presentations to individual counsel who represented litigants in this MDL with one of the selling points being that if they do not accept a settlement they would not resolve the cases for a "long time". Accordingly, while the PSC may have been a proxy for individual litigants at the outset of the litigation, that is no longer the case, and they are now much more Merck's friend, or perhaps ally would more accurately characterize the relationship.

In any event, this is another area where satellite litigation could be avoided simply by moving the cases to a conclusion. Parenthetically, I would note that these representations by the PSC could not have been made without the acquiescence of the district court, which is another reason litigating issues such as summary judgment motions should be carried out the transferor courts.

After all, both Merck and the PSC have taken the position that anyone who refused to participate in the settlement was free to proceed with their actions outside the agreement. Although I have no doubt you will disagree, the only way that the plaintiffs can go forward on a level playing field is in the transferor court, and it should not in any way diminish

Merck's obligation to move ahead with the cases as contemplated by the federal rules.

In any event I have asked that you, or whomever you designate, be the individual who can act with authority in connection with any discovery or other issues that come up so they can either be resolved without resort to motions practice, or if motions practice is necessary it can proceed without any issues about meet and confer, etc.

Thank you for your consideration of the above.

                                Very truly yours,


                                Ronald R. Benjamin

RRB/dw

LAW OFFICE OF RONALD R. BENJAMIN
ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

*Also Admitted in the District
of Columbia

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

Phone 607-772-1442 / Fax 607-772-1678
Email:ronbenjaminlaw@stny.rr.com

November 3, 2008

**By Facsimile Only**
*212- 422-4726*
Ted V. Mayer, Esq.
Hughes, Hubbard & Reed
One Battery Park Plaza
New York, NY 10004-1482

Re:     **Vioxx Products Liability Litigation, MDL No. 1657**

Dear Mr. Mayer :

I am writing to avoid any question with regard to trying to resolve issues prior to motion practice in connection with cases I have pending in the MDL.

I incorporate herein my letter of May 21, 2008 which is self-explanatory.

Since your colleague M. Elaine Horn has refused to hold off making additional motions in connection with PTO 28 I will send a letter to the Court seeking the same relief mentioned in my October 22, 2008 letter unless I hear from you promptly (by tomorrow or if you are not available then at your earliest convenience, providing the same is reasonable).

Instead of simply withdrawing your motion in the Oakley case you had me waste my time preparing opposition only to then withdraw the motion upon receipt of the opposition. I mention this only because some of the issues raised in the opposition will be brought to the Court's attention either in the pending Agard motion or separately.

The only additional issue I would raise now is in response to Mr. Marvin suggesting Merck will attempt to depose individuals who are likely distant degrees of consanguinity to the plaintiff, etc., and I propose we discuss the number of depositions Merck may take as well as the length of the same.

Although I anticipate for the time being a similar response to that received with regard to my May 21, 2008 letter, the potted plant days are over and I anticipate taking whatever appropriate action is necessary to move these cases to trial.

Very truly yours,

Ronald R. Benjamin

RRB/dw

LAW OFFICE OF RONALD R. BENJAMIN
ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

*Also Admitted in the District of Columbia

Phone 607-772-1442 / Fax 607-772-1678

Email:ronbenjaminlaw@stny.rr.com

February 27, 2009

Douglas R. Marvin, Esq.
Williams & Connolly, LLP
725 Twelfth Street, NW
Washington, DC 20005

**Re:     Vioxx Product Liability Litigation**

Dear Mr. Marvin:

  This letter will serve as plaintiff's response to the February 26 letters alleging deficiencies in discovery regarding the cases mentioned in the nine letters that were sent.

  Form letters in which boxes are merely checked off does not represent any type of meaningful discussion of issues that may be implicated by information that may be missing, does not address seeking information that is irrelevant and designed either to delay or harass plaintiff, and most importantly, does not address specifically what is needed and why the same is necessary to defend the action.

  Plaintiffs have made substantial disclosure, over and above what is necessary for you to defend your client in most instances. The purpose of this letter is to advise you that I am willing to meet and confer in connection with any particular case in which there is specific information that you contend Merck is lacking and which is necessary and relevant for Merck to properly defend itself.

  In light of the same I suggest that you or someone from your firm be prepared to discuss substantively what information is actually missing and how the same is relevant to the case. Especially significant in any conference would be discussing information Merck already has, substantial medical records which were obtained through Litigation Management, Inc., or otherwise obtained, since it is patently absurd to be asking for information that you already have.

  In some instances it is not so much a lack of information but a disagreement about what

Merck is entitled to, e.g., your contentions about deficiencies in the expert report submitted. You are aware that the Court has explained in subsequent decisions that it is not looking for full-blown Rule 26 reports with regard to the requirements of PTO 28. Our position on the expert reports is that they are adequate for purposes of PTO 28, and may be sufficient for discovery purposes absent a waiver to take the deposition of Dr. Rich.

Plaintiffs may consider supplementing the reports at some future date; however, that is in many respects dependent upon whether we can reach some agreement as to how to proceed in a manner that provides Merck what it is entitled to without unnecessarily burdening plaintiffs with duplicative discovery.

Since you are fully aware of arguments that have been raised in the past regarding PTO 28 I do not see any point belaboring matters by addressing those here, except to reiterate that we are fully prepared to comply with all reasonable discovery requirements, to provide Merck with information that is necessary for it to properly defend itself, but are not going to be subject to demands that are designed to delay the proceedings, impose undue burdens upon plaintiffs which have no other basis besides delay or harassment.

Finally, I am demanding that no further facsimiles be sent in connection with any deficiency letters or however else you want to characterize the letters sent February 26, 2009. We will accept e-mail or regular mail but facsimiles tie up our fax machine, waste a lot of paper and staff time. Please promptly advise if you consent to the same since it is an issue that would require motion practice if we cannot come to an agreement regarding the same.

I will be available to meet and confer either by phone or in person; however, prior to any such conference I would like you to provide specific information and reasons why the same is necessary to defend, etc. In the meantime I will be reviewing the letters and any information which is obviously missing and should be provided will be turned over.

                              Very truly yours,

                              Ronald R. Benjamin

RRB/dw