U.S. DISTRICT COURT
Eastern District of Louisiana

FILED  OCT 1 3 2009

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| THIS DOCUMENT RELATES TO:<br>Plaintiff Blake Dave Sarles, Jr. et ux<br>v. Merck & Co, Inc.<br>Docket# 2:06-cv-03122 | *<br><br>*<br><br>* | JUDGE FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, pro se plaintiffs Blake Dave Sarles, Jr. ("Blake Sarles") and wife, F. Colleene Bradshaw-Sarles ("Colleene Sarles") (collectively, "Plaintiffs") hereby move this Court for an Order denying Defendent Merck & Co, Inc.'s ("Merck") Third Motion To Dismiss Non-Submitting Program Claimant's Case. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs filed a civil action in the District Court of Harris County, Texas, their petition for injury suffered in the form of two Transient Ischemic Attacks brought about by Blake Sarles's use of Vioxx for a period in excess of 18 months.

2. Plaintiffs' civil action was removed to the relevant federal court and transferred before this Court, following which transfer Blake Sarles complied with this Court's orders including completion of the Plaintiff Profile Form, discovery requests and enrollment in the Vioxx settlement, as directed by the Claims Administrator, with the exception that the Stipulation of Dismissal with Prejudice was qualified upon Plaintiffs being deemed eligible to participate in the Settlement Agreement.

TENDERED FOR FILING

OCT 13 2009

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee_____
___ Process_____
_X_ Dktd_____
_X_ CtRmDep_____
___ Doc. No._____

3. Blake Sarles made several inquiries of Ms. Bates, CA Contact of Brown-Greer, as to whether his injuries, Transient Ischemic Attacks ("TIAs"), were considered to be eligible under the Settlement Agreement. Those inquiries were never answered. Later, Blake Sarles read the definition in the Settlement Agreement of a "Stroke" that excluded a TIA, clearly <u>denying eligibility</u> of Plaintiffs to participate in the Settlement Agreement inasmuch as Blake Sarles did not suffer death, heart attack or stroke as defined in the Settlement Agreement.

4. Only those plaintiffs electing to participate in the Master Settlement Agreement (MSA) were asked comply with the requirement to submit a fully executed Stipulation for Dismissal With Prejudice, and which Merck stated in the MSA that "claimants with lawsuits pending against Merck must provide…." Plaintiffs acknowledge and agree that a fully executed Stipulation for Dismissal with Prejudice has <u>not</u> been submitted in the form acceptable by Merck. Therefore Plaintiffs are <u>Not Enrolled Claimants.</u>

5. For the record, Plaintiffs stipulate that unless the MSA is amended to include their claim they unilaterally exit the Program represented by the MSA, and do not intend to submit a fully executed Stipulation for Dismissal with Prejudice.

2

## CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Motion For Relief From Judgment has been served by United States Certified Mail, Return Receipt Requested, upon each of the following: Defendant's Counsel, Dorothy H. Wimberly of STONE PIGMAN WALTHERWHITTMAN LLC, upon Diane Bates, Pro Se Coordinator of BROWN GREER PLC, upon Robert M. Johnston, Curator of JOHNSTON, HOEFER, HOLWADEL & ELDRIDGE, upon the Garretson Firm as the Lien Administrator, and upon Ann B. Oldfather, OLDFATHER LAW FIRM. The ORIGINAL SIGNED DOCUMENT HAS BEEN MAILED TO THE CLERK FOR FILING.

By: _/s/ Blake Dave Sarles, Jr._

Blake Dave Sarles, Jr., Plaintiff Pro Se

By: _/s/ Colleene Bradshaw-Sarles_

Colleene Bradshaw-Sarles, Plaintiff Pro Se