# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

- - - - - - - - - - - - - - - - - - - - - - - x

OKLAHOMA STATE AND EDUCATION
EMPLOYEES GROUP INSURANCE BOARD,

                         Plaintiff,

          V.

MERCK & CO., INC.,

                        Defendant.

This Document applies to:
   Case No. 09-6660

- - - - - - - - - - - - - - - - - - - - - - - x

MDL No. 1657

Judge Eldon E. Fallon
Magistrate Judge Knowles

**ANSWER AND JURY DEMAND
OF DEFENDANT MERCK &
CO., INC.**

**JURY TRIAL DEMANDED**

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers Plaintiff's Complaint ("Complaint") herein as follows:

With respect to the allegations contained in the unnumbered paragraph before paragraph 1 of the Complaint, Merck admits that Plaintiff purports to bring the referenced action, but denies there is any legal or factual basis for same.

## RESPONSE TO "I.  PARTIES"

1.  Upon information and belief, Merck admits the allegations contained in the first sentence of paragraph 1 of the Complaint.  With respect to the allegations contained in the second sentence of paragraph 1 of the Complaint, Merck admits that plaintiff purports to bring a government action, but denies there is any legal or factual basis for same.

2.  Denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal

place of business in New Jersey and that Merck is authorized to conduct business in Oklahoma.  Denies each and every allegation contained in the second and third sentences of paragraph 2 of the Complaint, except admits that admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "II.  JURISDICTION"

1.   The allegations contained in paragraph 1 of section II of the Complaint are legal conclusions as to which no responsive pleading is required.

2.   The allegations contained in the first sentence of paragraph 2 of section II of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 2 of section II of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the second sentence of paragraph 2 of section II of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "III.  VENUE"

1.   The allegations contained in paragraph 1 of section III of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

995875v.1

## RESPONSE TO "IV.  FACTS"

## RESPONSE TO "A.  BACKGROUND"

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph A, of the Complaint, except admits that in May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the referenced prescribing information for its full text and for Vioxx's indicated uses.  Merck further admits that Vioxx is the brand name for rofecoxib.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph A, of the Complaint except Merck admits that Vioxx is part of a class of medications known as NSAIDs.  Merck respectfully refers this Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses.

3.   The allegations contained in paragraph 3 of section IV, subparagraph A, of the Complaint are not directed at Merck and therefore no responsive pleading is required.

4.   The allegations contained in paragraph 4 of section IV, subparagraph A, of the Complaint are not directed at Merck and therefore no responsive pleading is required.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph A, of the Complaint, except admits that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

995875v.1

6.    The allegations contained in the first two sentences of paragraph 6 of section IV, subparagraph A, of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Merck denies each and every allegation contained in the third sentence of paragraph 6 of section IV, subparagraph A, of the Complaint.

7.    Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph A, of the Complaint.

**RESPONSE TO "B.  MERCK KNEW AND CONCEALED THE RISKS OF SERIOUS ADVERSE EVENTS ASSOCIATED WITH THE USE OF VIOXX WHEN PLANNING ITS VIOXX PRE-MARKETING CLINICAL TRIALS."**

1.    Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph B, of the Complaint.

2.    Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph B, of the Complaint, except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

3.    Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph B, of the Complaint.

4.    Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph B, of the Complaint, except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.

5.    Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph B, of the Complaint.

995875v.1

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph B, of the Complaint except admits that Merck conducted studies and clinical trials involving Vioxx and that Vioxx is referred to internally as MK-966.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph B, of the Complaint, except admits that Plaintiff purports to refer to a particular document and to the extent the referenced document is in writing, the actual contents of the document constitute the best evidence of its terms and Merck denies all allegations inconsistent with those contents.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph B, of the Complaint, except admits that Plaintiff purports to refer to a particular document and to the extent the referenced document is in writing, the actual contents of the document constitute the best evidence of its terms and Merck denies all allegations inconsistent with those contents.

9.   Merck denies each and every allegation contained in paragraph 9 of section IV, subparagraph B, of the Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

10. Merck denies each and every allegation contained in paragraph 10 of section IV, subparagraph B, of the Complaint, except admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

995875v.1

11. Merck denies each and every allegation contained in paragraph 11 of section IV, subparagraph B, of the Complaint, except admits that Plaintiff purports quote certain emails, but Merck avers that said quoted language is taken out of context.

12. Merck denies each and every allegation contained in paragraph 12 of section IV, subparagraph B, of the Complaint, except admits that Plaintiff purports to quote certain statements, but avers that the referenced quotations are taken out of context.

13. Merck denies each and every allegation contained in paragraph 13 of section IV, subparagraph B, of the Complaint, except admits that Merck met with the FDA prior to the approval of the drug and respectfully refers the Court to the minutes of those meetings for information regarding them.

14. Merck denies each and every allegation contained in paragraph 14 of section IV, subparagraph B, of the Complaint, except admits that Plaintiff purports to quote certain statements but avers those statements are taken out of context.  Merck further admits that in 1996 Merck proposed a study to investigate potential gastro-intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

15. Merck denies each and every allegation contained in paragraph 15 of section IV, subparagraph B, of the Complaint.

16. Merck denies each and every allegation contained in paragraph 16 of section IV, subparagraph B, of the Complaint, except admits that Dr. John Oates wrote letters to Merck scientists in 1997 and respectfully refers the Court to the referenced documents for their actual language and full text.

17. Merck denies each and every allegation contained in paragraph 17 of section IV, subparagraph B, of the Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.  Merck further admits that Plaintiff purports to quote from a document and respectfully refers the Court to said document for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of section IV, subparagraph B, of the Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

19. Merck denies each and every allegation contained in paragraph 19 of section IV, subparagraph B, of the Complaint.

20. Merck denies each and every allegation contained in paragraph 20 of section IV, subparagraph B, of the Complaint.

21. Merck denies each and every allegation contained in paragraph 21 of section IV, subparagraph B, of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

22. Merck denies each and every allegation contained in paragraph 22 of section IV, subparagraph B, of the Complaint.

995875v.1

**RESPONSE TO "C.  MERCK INTENTIONALLY OVERESTIMATED THE NUMBER OF ANNUAL DEATHS ATTRIBUTED TO NSAID GASTROPATHY IN ORDER TO BOLSTER THE IMAGE OF VIOXX"**

1.   Merck denies each and every allegation contained in the first sentence of paragraph 1 of section IV, subparagraph C, of the Complaint.  The allegations contained in the second and third sentences of paragraph 1 of section IV, subparagraph C, of the Complaint are not directed at Merck and therefore no responsive pleading is required.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph C, of the Complaint.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph C, of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph C, of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study and respectfully refers the court to the full transcript of the video segment for its actual language and full context.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph C, of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study and respectfully refers the court to the full transcript of the video segment for its actual language and full context.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph C, of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study and respectfully refers the court to the full transcript of the video segment for its actual language and full context.

995875v.1

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph C, of the Complaint, except admits that Dr. James Fries is associated with Stanford University and respectfully refers the court to the referenced studies for their actual language and full text.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph C, of the Complaint.

9.   Merck denies each and every allegation contained in paragraph 9 of section IV, subparagraph C, of the Complaint, except that it admits that the FDA review referenced in this paragraph exists, and respectfully refers the Court to said review for its actual language and full text.

### RESPONSE TO "D.  MERCK'S PRE-MARKET KNOWLEDGE OF VIOXX'S CARDIOTOXICITY AND PROTHOMBOTIC EFFECTS."

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph D, of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph D, of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.  Merck further admits that in May 1999

Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

### RESPONSE TO "E.  MERCK ENGAGED IN UNCONSCIONABLE AND DECEPTIVE MARKETING PRACTICES IN CONNECTION WITH THE MARKETING AND SALE OF VIOXX."

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph E, of the Complaint.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph E, of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and with state and federal law.  Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph E, of the Complaint.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph E, of the Complaint, except states that Plaintiff purports to quote a document and respectfully refer this Court to the referenced document for its actual language and full context.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph E, of the Complaint.

995875v.1

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph E, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph E, of the Complaint.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph E, of the Complaint.

## RESPONSE TO "F.  FDA APPROVAL OF VIOXX."

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph F, of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph F, of the Complaint, except admits that in 1999, when Merck received FDA approval to market the prescription medicine Vioxx, the FDA-approved prescribing information for Vioxx included a gastrointestinal warning.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

3.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph F, of the Complaint, except admits that in May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information

11

and respectfully refers the Court to the referenced prescribing information for its full text and for Vioxx's indicated uses.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph F, of the Complaint, except avers that the FDA approved Vioxx for the treatment of juvenile rheumatoid arthritis in children as young as 2 years old and who weighed at least 22 pounds.

### RESPONSE TO "G.   MERCK'S UNPRECEDENTED POST-LAUNCH MARKETING CAMPAIGN."

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph G, of the Complaint, except admits that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph G, of the Complaint.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph G, of the Complaint.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph G, of the Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph G, of the Complaint, except admits that it received a letter from

995875v.1

DDMAC dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph G, of the Complaint, except admits that it received a letter from DDMAC dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph G, of the Complaint.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph G, of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

9.   Merck denies each and every allegation contained in paragraph 9 of section IV, subparagraph G, of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

10. Merck denies each and every allegation contained in paragraph 10 of section IV, subparagraph G, of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

11. Merck denies each and every allegation contained in paragraph 11 of section IV, subparagraph G, of the Complaint.

995875v.1

12. Merck denies each and every allegation contained in paragraph 12 of section IV, subparagraph G, of the Complaint, except admits that Plaintiff purports to quote from the referenced documents but Merck avers that said quotations are taken out of context.

13. Merck denies each and every allegation contained in paragraph 13 of section IV, subparagraph G, of the Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

14. Merck denies each and every allegation contained in paragraph 14 of section IV, subparagraph G, of the Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

15. Merck denies each and every allegation contained in paragraph 15 of section IV, subparagraph G, of the Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

16. Merck denies each and every allegation contained in paragraph 16 of section IV, subparagraph G, of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17 of section IV, subparagraph G, of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of section IV, subparagraph G, of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

## RESPONSE TO "H.  THE VIGOR TRIAL THE VIOXX GASTROINTESTINAL RESEARCH ("VIGOR") STUDY."

1.    Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph H, of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

2.    Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph H, of the Complaint, except admits that Dr. Michael Weinblatt was Chair of the VIGOR Data Safety and Monitoring Board.

3.    Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph H, of the Complaint.

4.    Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph H, of the Complaint, except admits that Dr. Weinblatt and Merck entered into a consulting agreement and Merck respectfully refers the court to the referenced agreement for its actual language and full text.  Merck avers that Dr. Weinblatt informed Merck by letter dated September 19, 2000 that he would be assuming the position of the American College of Rheumatology ("ACR") at the end of October 2000 and requested a leave of absence from his consultancy to take effect at the end of October 2000.  Merck further avers that an article titled "Recommendations for the Medical Management of Osteoarthritis of the Hip and Knee" authored by the ACR Subcommittee on Osteoarthritis Guidelines was published in the September 2000 issue of the journal, and Merck respectfully refers the court to the article for its actual language and full text.

995875v.1

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph H, of the Complaint, except it admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph H, of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph H, of the Complaint, except admits that the referenced deposition occurred and respectfully refers the Court to the transcript from said deposition for its actual language and full context.  Merck further admits that the VIGOR study involving Vioxx exists and that Deborah Shapiro was a co-author of the VIGOR study and respectfully refers the Court to the referenced study for its actual conclusions and full text.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph H, of the Complaint, except it admits that the VIGOR study involving Vioxx and the referenced presentation exists, and it respectfully refers the Court to the study and presentation for their actual language and full text.

9.   Merck denies each and every allegation contained in paragraph 9 of section IV, subparagraph H, of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

995875v.1

10. Merck denies each and every allegation contained in paragraph 10 of section IV, subparagraph H, of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

11. Merck denies each and every allegation contained in paragraph 11 of section IV, subparagraph H, of the Complaint, except admits that the journal and editorial referenced therein exist and respectfully refers the Court to said editorial for its actual language and full text.

12. Merck denies each and every allegation contained in paragraph 12 of section IV, subparagraph H, of the Complaint, except admits that a set of slides entitled "VIOXX® Preliminary Cardiovascular Meta-Analysis" exists, and respectfully refers the Court to the referenced slide presentation for its contents.  Merck further admits that Dr. Scolnick has testified about the referenced slide presentation and respectfully refers the Court to the relevant transcripts of Dr. Scolnick's testimony for their actual language and full context.  Merck avers that it conducted a cardiovascular meta-analysis which showed that that Vioxx was not significantly different than placebo or non-naproxen NSAIDs, but was significantly different than naproxen, in the incidence of the Antiplatelet Trialists' Collaboration ("APTC") combined endpoint and the endpoint of myocardial infarction, and that Merck provided the APTC analysis and the myocardial infarction data to the FDA.

13. Merck denies each and every allegation contained in paragraph 13 of section IV, subparagraph H, of the Complaint, except admits that the referenced deposition occurred and respectfully refers the Court to the transcript from said deposition for its actual language and full context.

995875v.1

14. Merck denies each and every allegation contained in paragraph 14 of section IV, subparagraph H, of the Complaint.

15. Merck denies each and every allegation contained in paragraph 15 of section IV, subparagraph H, of the Complaint.

16. Merck denies each and every allegation contained in paragraph 16 of section IV, subparagraph H, of the Complaint, except admits that Plaintiff purports to quote certain portions of statements, but avers that any such statements are taken out of context.

17. Merck denies each and every allegation contained in paragraph 17 of section IV, subparagraph H, of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of section IV, subparagraph H, of the Complaint.

19. Merck denies each and every allegation contained in paragraph 19 of section IV, subparagraph H, of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

20. Merck denies each and every allegation contained in paragraph 20 of section IV, subparagraph H, of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

21. Merck denies each and every allegation contained in paragraph 21 of section IV, subparagraph H, of the Complaint.

18

## RESPONSE TO "I.  MERCK CONTINUED TO WITHHOLD ACCURATE VIGOR RESULTS FROM THE HEALTH COMMUNITY AND THE PUBLIC."

1.    Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph I, of the Complaint, except it admits that the VIGOR study involving Vioxx exists, and it respectfully refers the Court to the referenced study for its actual language and full text.

2.    Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph I, of the Complaint.

3.    Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph I, of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

4.    Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph I, of the Complaint, except avers that, on May 22, 2001, Merck issued a press release entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

5.    Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph I, of the Complaint, except Merck admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

6.    Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph I, of the Complaint, and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study

19

and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.  Merck further admits that the report referenced in the second sentence of that paragraph exists, and respectfully refers the Court to the referenced report for its actual language and full text.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph I, of the Complaint.

8.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of section IV, subparagraph I, of the Complaint except admits that an audio conference regarding Vioxx took place on June 21, 2000.

### RESPONSE TO "J.  MERCK CONTINUES TO DODGE DISCLOSURE OF VIOXX CARDIOVASCULAR RISKS EVEN WHEN FACED WITH ADDITIONAL PRESSURE FROM THE FDA."

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph J, of the Complaint.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph J, of the Complaint, except admits that Plaintiff purports to quote certain statements, but avers that the referenced quotations are taken out of context.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph J, of the Complaint, except Merck avers that Merck and the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee and Merck further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

Merck respectfully refers the Court to the referenced document for its actual language and full text.

4.   Merck denies each and every allegation directed at Merck in paragraph 4 of section IV, subparagraph J, of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph J, of the Complaint.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph J, of the Complaint and respectfully refers the Court to the press release that Plaintiff purports to quote from for its actual language and full text.

7.   Merck denies each and every allegation contained in the first sentence of paragraph 7 of section IV, subparagraph J, except admits that plaintiff purports to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 7 of section IV, subparagraph J, and respectfully refers the Court to the press release that Plaintiff purports to quote from for its actual language and full text.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph J, of the Complaint.

9.   Merck denies each and every allegation contained in paragraph 9 of section IV, subparagraph J, of the Complaint.

21

995875v.1

10. Merck denies each and every allegation contained in the first four sentences of paragraph 10 of section IV, subparagraph J, of the Complaint, except admits that the FDA sent Merck a labeling proposal on October 15, 2001.  Merck respectfully refers the Court to said proposal for its actual language and full text.  Merck denies each and every allegation contained in the remaining sentences of paragraph 10 of section IV, subparagraph J, of the Complaint, except admits that Plaintiff purports to quote from the referenced emails, but avers that said quotations are taken out of context.

11. Merck denies each and every allegation contained in paragraph 11 of section IV, subparagraph J, of the Complaint.

12. Merck denies each and every allegation contained in paragraph 12 of section IV, subparagraph J, of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

13. Merck denies each and every allegation contained in paragraph 13 of section IV, subparagraph J, of the Complaint.

14. Merck denies each and every allegation contained in paragraph 14 of section IV, subparagraph J, of the Complaint.

15. Merck denies each and every allegation contained in paragraph 15 of section IV, subparagraph J, of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

995875v.1

16. Merck denies each and every allegation contained in paragraph 16 of section IV, subparagraph J, of the Complaint, except admits plaintiff purports to quote from correspondence Merck received in September 2001 from Thomas W. Abrams of DDMAC, but respectfully refers the Court to the referenced correspondence for its actual language and full text.

17. Merck denies each and every allegation contained in paragraph 17 of section IV, subparagraph J, of the Complaint, including subparagraphs (a)-(i), except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of section IV, subparagraph J, of the Complaint, except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

19. Merck denies each and every allegation contained in paragraph 19 of section IV, subparagraph J, of the Complaint, except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

20. Merck denies each and every allegation contained in paragraph 20 of section IV, subparagraph J, of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully

995875v.1

refers the Court to the prescribing information for Vioxx for its actual language and full text.

21. Merck denies each and every allegation contained in paragraph 21 of section IV, subparagraph J, of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.  Merck further admits that Plaintiff purports to quote portions of a Merck press release regarding the changes approved by the FDA and respectfully refers the Court to the referenced press release for its actual language and full context.

### RESPONSE TO "K.  MERCK ATTEMPTS TO SILENCE ITS CRITICS"

1.  Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph K, of the Complaint.

2.  Merck denies each and every allegation contained in the first two sentences of paragraph 2 of section IV, subparagraph K, of the Complaint, except admits that some presentations by Dr. Singh were cancelled.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 2 of section IV, subparagraph K, of the Complaint, except admits that Plaintiff purports to quote portions of the letter referenced in said paragraph, but Merck avers that such quotes are taken out of context.  Merck denies each and every allegation contained in the fifth sentence of paragraph 2 of section IV, subparagraph K, of the Complaint, except admits that Merck received a letter from Dr. Fries and respectfully refers the Court to said letter for its actual language and full context.

995875v.1

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph K, of the Complaint, except admits the referenced correspondence exists and respectfully refers the Court to the referenced letter.

4.   Merck denies each and every allegation contained in the first three sentences paragraph 4 of section IV, subparagraph K, of the Complaint, except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck denies each and every allegation contained in the fourth sentence of paragraph 4 of section IV, subparagraph K, of the Complaint, and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPAGNA, S.A. (MSD).  Merck denies each and every allegation contained in the fifth and sixth sentences of paragraph 4 of section IV, subparagraph K, of the Complaint, and respectfully refers the Court to the referenced decision for its actual language and full context.

### RESPONSE TO "L.  MERCK WRESTLES WITH ADDITIONAL STUDIES EXPOSING VIOXX'S SAFETY CONCERNS"

Merck denies each and every allegation contained in the unnumbered paragraph following section IV, subparagraph L, of the Complaint.

### RESPONSE TO "a.  THE JAMA STUDY"

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph L, subpart a., of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

25

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph L, subpart a., of the Complaint, except it admits that the study referenced in the first sentence of that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text. Merck further avers that the plaintiff purports to quote a Merck press release but avers that the quote is taken out of context.  Merck respectfully refers the Court to the press release for its actual language and full text.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph L, subpart a., of the Complaint, and avers that the Plaintiff purports to quote a Merck press release but avers that the quote is taken out of context. Merck respectfully refers the Court to the press release for its actual language and full text.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph L, subpart a., of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph L, subpart a., of the Complaint, except admits the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph L, subpart a., of the Complaint, except admits that the referenced press release exists and that Plaintiff purports to quote a portion of the full

995875v.1

statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph L, subpart a., of the Complaint.

## RESPONSE TO "b.  THE ADVANTAGE STUDY"

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph L, subpart b., of the Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph L, subpart b., of the Complaint.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph L, subpart b., of the Complaint, except admits that the referenced study and article exist and respectfully refers the Court to said study and article for their actual conclusions and full text.

## RESPONSE TO "c.  THE KAISER PERMANENTE STUDY"

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph L, subpart c., of the Complaint, except it admits that the presentation and study referenced in that paragraph exist, and it respectfully refers the Court to the presentation and study for their actual language and full text.

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph L, subpart c., of the Complaint, except admits that the

27

presentation referenced in that paragraph exists, and respectfully refers the Court to the presentation for its actual language and full text.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph L, subpart c., of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph L, subpart c., of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph L, subpart c., of the Complaint, except admits the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph L, subpart c., of the Complaint.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph L, subpart c., of the Complaint.

<u>**RESPONSE TO "d.  THE APPROVE STUDY"**</u>

1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph L, subpart d., of the Complaint, except it admits that the study referenced in said paragraph exists, and it respectfully refers the Court to the study for its actual language and full text.

995875v.1

2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph L, subpart d., of the Complaint, except admits that the referenced trial was halted in September 2004.  Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph L, subpart d., of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph L, subpart d., of the Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

995875v.1

**RESPONSE TO "M.  MERCK'S BELATED WITHDRAWAL OF VIOXX"**

  1.   Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph M, of the Complaint, except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

  2.   Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph M, of the Complaint, and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.  Merck further admits that it was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

  3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph M, of the Complaint, except admits that the journal and the article contained therein exist, and respectfully refers the Court to the referenced article for its actual language and full text.

  4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph M, of the Complaint, except admits that the analysis referenced

995875v.1

in this paragraph exists, and it respectfully refers the Court to the analysis for its actual language and full text.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph M, of the Complaint, and respectfully refers the Court to the referenced study for its actual language and full text.

6.   Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph M, of the Complaint, and respectfully refers the Court to the referenced study for its actual language and full text.

7.   Merck denies each and every allegation contained in paragraph 7 of section IV, subparagraph M, of the Complaint, and respectfully refers the Court to the referenced study for its actual language and full text.

8.   Merck denies each and every allegation contained in paragraph 8 of section IV, subparagraph M, of the Complaint, and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

9.   Merck denies each and every allegation contained in paragraph 9 of section IV, subparagraph M, of the Complaint, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

10. Merck denies each and every allegation contained in paragraph 10 of section IV, subparagraph M, of the Complaint, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

11. Merck denies each and every allegation contained in paragraph 11 of section IV, subparagraph M, of the Complaint, except admits that the advisory committee

995875v.1

voted to allow Vioxx to be returned to the market, and respectfully refers the Court to the

minutes produced at the referenced meeting for their actual language and full text.

### RESPONSE TO "N.  MERCK'S (sic.) INSTITUTES A CONSUMER REFUND PROGRAM THAT DOES NOT INCLUDE END-PAYORS."

      1.   Merck denies each and every allegation contained in paragraph 1 of

section IV, subparagraph N, of the Complaint, except admits that it has posted

instructions to consumers on its website regarding how to obtain a refund for unused

Vioxx and respectfully refers the Court to those instructions for the full text.

### RESPONSE TO "O.  MERCK'S CONTINUED FRAUDULENT MARKETING CAMPAIGN CAUSED ACTIVE CONCEALMENT OF VIOXX' (sic.) DEFICIENCIES AND INFLATED PAYMENTS BY END-PAYORS FOR VIOXX."

      1.   Merck denies each and every allegation contained in paragraph 1 of

section IV, subparagraph O, of the Complaint.

      2.   Merck denies each and every allegation contained in paragraph 2 of

section IV, subparagraph O, of the Complaint, except that it admits that worldwide sales

of Vioxx in 2000 exceeded $2 billion.

      3.   Merck denies each and every allegation contained in paragraph 3 of

section IV, subparagraph O, of the Complaint.

      4.   Merck denies each and every allegation contained in paragraph 4 of

section IV, subparagraph O, of the Complaint, except avers that, on September 30, 2004,

Merck announced that in a prospective, randomized, placebo-controlled clinical trial

there was an increased relative risk for confirmed cardiovascular events beginning after

18 months of treatment in the patients taking Vioxx compared with those taking placebo

and that, given the availability of alternative therapies and questions raised by the data

from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

### RESPONSE TO "P.  MERCK'S SETTLEMENT OF NUMEROUS CRIMINAL AND CIVIL LAWSUITS WITH GOVERNMENTAL AND PERSONAL INJURY CLAIMANTS."

1.   Merck denies each and every allegation contained in the first sentence of paragraph 1 of section IV, subparagraph P, of the Complaint, except admits that in November 2004, Merck was advised by the staff of the SEC that it was commencing an informal inquiry concerning Vioxx and that in January 2005, Merck announced that it received notice that the SEC issued a formal notice of investigation.  Merck further admits that it received a subpoena from the U.S. Department of Justice requesting information related to the Company's research, marketing and selling activities with respect to Vioxx in a federal health care investigation under criminal statutes.  Merck denies each and every allegation contained in the remaining sentences of paragraph 1 of section IV, subparagraph P, of the Complaint.

2.   Merck denies each and every allegation contained in the first sentence of paragraph 2 of section IV, subparagraph P, of the Complaint, except avers that it has received a subpoena from the U.S. Department of Justice requesting information related to the Company's research, marketing and selling activities with respect to Vioxx in a federal health care investigation under criminal statutes.  The allegations contained in the second sentence of paragraph 2 of section IV, subparagraph P of the Complaint are not directed at Merck and therefore no responsive pleading is required.

3.   Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph P, of the Complaint, except admits that on November 9, 2007,

995875v.1

Merck and the law firms that comprised the executive committee of the Plaintiffs' Steering Committee of the federal multidistrict Vioxx litigation as well as representatives of plaintiffs' counsel in state coordinated proceedings entered into a Settlement Agreement (the "November 9, 2007 Settlement Agreement") to resolve state and federal myocardial infarction and ischemic stroke claims already filed against Merck in the United States.  Merck further admits that a multidistrict litigation proceeding entitled In re Vioxx Products Liability Litigation, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon.  Merck respectfully refers the Court to the November 9, 2007 Settlement Agreement for its actual language and full text.

4.   Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph P, of the Complaint, except admits that on or about February 7, 2008, the Department of Justice issued a press release regarding a settlement with Merck. Merck respectfully refers the Court to said press release for its actual language and full text.

5.   Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph P, of the Complaint, except admits that in May of 2008 Merck reached civil settlements with Attorneys General from 29 states and the District of Columbia to fully resolve investigations under state consumer protection laws related to past activities for Vioxx (the "Stipulated General Judgment").  Merck respectfully refers the Court to the Stipulated General Judgment for its actual language and full text.

995875v.1

### RESPONSE TO "Q.  MERCK MISREPRESENTED (sic.) THE EFFICACY AND SAFETY OF ITS DRUG VIOXX TO PLAINTIFF, PLAINTIFF'S AGENT, EMPLOYEES, AND BENEFICIARIES; AND/OR TO OTHER GOVERNMENTAL BODIES."

1.  Merck denies each and every allegation contained in paragraph 1 of section IV, subparagraph Q, of the Complaint.

2.  Merck denies each and every allegation contained in paragraph 2 of section IV, subparagraph Q, of the Complaint.

3.  Merck denies each and every allegation contained in paragraph 3 of section IV, subparagraph Q, of the Complaint.

4.  Merck denies each and every allegation contained in paragraph 4 of section IV, subparagraph Q, of the Complaint.

5.  Merck denies each and every allegation contained in paragraph 5 of section IV, subparagraph Q, of the Complaint.

6.  Merck denies each and every allegation contained in paragraph 6 of section IV, subparagraph Q, of the Complaint.

### RESPONSE TO "V.  CAUSES OF ACTION AGAINST MERCK"

### RESPONSE TO "A. FIRST CAUSE OF ACTION:  UNFAIR TRADE PRACTICES"

1.  With respect to the allegations contained in paragraph 1 of section V, subparagraph A, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.  Merck denies each and every allegation contained in paragraph 2 of section V, subparagraph A, of the Complaint, except admits that admits that Merck

995875v.1

manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.   Merck denies each and every allegation contained in paragraph 3 of section V, subparagraph A, of the Complaint.

4.   Merck denies each and every allegation contained in paragraph 4 of section V, subparagraph A, of the Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of section V, subparagraph A, of the Complaint.

6.   Merck denies each and every allegation contained in paragraph 6 of section V, subparagraph A, of the Complaint.

## RESPONSE TO "B.  SECOND CAUSE OF ACTION:  VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT"

1.   With respect to the allegations contained in paragraph 1 of section V, subparagraph B, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.   The allegations contained in paragraph 2 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

2.   The allegations contained in paragraph 3 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

995875v.1

3.   The allegations contained in paragraph 3 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

4.   The allegations contained in paragraph 4 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

5.   The allegations contained in paragraph 5 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

6.   Merck denies each and every allegation contained in paragraph 6 of section V, subparagraph B, of the Complaint.

7.   Merck denies each and every allegation contained in paragraph 7 of section V, subparagraph B, of the Complaint.

8.   Merck denies each and every allegation contained in paragraph 8 of section V, subparagraph B, of the Complaint.

9.   Merck denies each and every allegation contained in paragraph 9 of section V, subparagraph B, of the Complaint.

10. Merck denies each and every allegation contained in paragraph 10 of section V, subparagraph B, of the Complaint.

995875v.1

11. Merck denies each and every allegation contained in paragraph 11 of section V, subparagraph B, of the Complaint.

12. The allegations contained in paragraph 13 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

13. The allegations contained in paragraph 13 of section V, subparagraph B, of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14. Merck denies each and every allegation contained in paragraph 14 of section V, subparagraph B, of the Complaint.

15. Merck denies each and every allegation contained in paragraph 15 of section V, subparagraph B, of the Complaint.

**RESPONSE TO "C.  THIRD CAUSE OF ACTION:  UNJUST ENRICHMENT"**

1.   With respect to the allegations contained in paragraph 1 of section V, subparagraph C, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.   The allegations contained in paragraph 2 of section V, subparagraph C, of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

38

3.   The allegations contained in paragraph 3 of section V, subparagraph C, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

4.   Merck denies each and every allegation contained in paragraph 4 of section V, subparagraph C, of the Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of section V, subparagraph C, of the Complaint.

6.   Merck denies each and every allegation contained in paragraph 6 of section V, subparagraph C, of the Complaint.

7.   With respect to the allegations contained in paragraph 7 of section V, subparagraph C, of the Complaint, Merck admits that plaintiff purports to demand restitution, but denies that there is any legal or factual basis for relief sought.

8.   Merck denies each and every allegation contained in paragraph 8 of section V, subparagraph C, of the Complaint.

## RESPONSE TO "D.  FOURTH AND FIFTH CAUSES OF ACTION: DECEIT/FRAUD AND MISREPRESENTATION"

1.   With respect to the allegations contained in paragraph 1 of section V, subparagraph D, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.   The allegations contained in paragraph 2 of section V, subparagraph D, of the Complaint are not directed toward Merck and therefore no responsive pleading is

39

required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.   The allegations contained in paragraph 3 of section V, subparagraph D, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

4.   Merck denies each and every allegation contained in paragraph 4 of section V, subparagraph D, of the Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of section V, subparagraph D, of the Complaint.

6.   Merck denies each and every allegation contained in paragraph 6 of section V, subparagraph D, of the Complaint.

## RESPONSE TO "E.  SIXTH CAUSE OF ACTION:  NEGLIGENT MISREPRESENTATION"

1.   With respect to the allegations contained in paragraph 1 of section V, subparagraph E, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.   Merck denies each and every allegation contained in paragraph 2 of section V, subparagraph E, of the Complaint.

3.   The allegations made in paragraph 3 of section V, subparagraph E, of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

995875v.1

4.   Merck denies each and every allegation contained in paragraph 4 of section V, subparagraph E, of the Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of section V, subparagraph E, of the Complaint.

## RESPONSE TO "F.  SEVENTH AND EIGHTH CAUSES OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE"

1.   With respect to the allegations contained in paragraph 1 of section V, subparagraph F, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.   Merck denies each and every allegation contained in paragraph 2 of section V, subparagraph F, of the Complaint.

3.   The allegations made in paragraph 3 of section V, subparagraph F, of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

4.   The allegations made in paragraph 4 of section V, subparagraph F, of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

5.   Merck denies each and every allegation contained in paragraph 5 of section V, subparagraph F, of the Complaint, including subparagraphs a. and b.

6.   Merck denies each and every allegation contained in the first sentence of paragraph 6 of section V, subparagraph F, of the Complaint.  Merck denies each and

41

every allegation contained in the second sentence of paragraph 6 of section V,
subparagraph F, of the Complaint, except admits that plaintiff seeks damages but denies
that there is any factual or legal basis for such relief.

### RESPONSE TO "G.  NINTH CAUSE OF ACTION:  BREACH OF IMPLIED/EXPRESS WARRANTY"

1.   With respect to the allegations contained in paragraph 1 of section V,
subparagraph G, of the Complaint, Merck repeats and realleges each and every
admission, denial, averment, and statement contained in the preceding paragraphs of this
Answer with the same force and effect as though set forth here in full.

2.   The allegations contained in paragraph 2 of section V, subparagraph G, of
the Complaint are not directed toward Merck and therefore no responsive pleading is
required.  Should a response be deemed required, Merck denies each and every allegation
contained in said paragraph.

3.   Merck denies each and every allegation contained in paragraph 3 of
section V, subparagraph G, of the Complaint.

4.   Merck denies each and every allegation contained in paragraph 4 of
section V, subparagraph G, of the Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of
section V, subparagraph G, of the Complaint.

6.   Merck denies each and every allegation contained in paragraph 6 of
section V, subparagraph G, of the Complaint.

7.   Merck denies each and every allegation contained in paragraph 7 of
section V, subparagraph G, of the Complaint.

8.   Merck denies each and every allegation contained in paragraph 8 of section V, subparagraph G, of the Complaint.

**RESPONSE TO "H.  TENTH CAUSE OF ACTION:  PRODUCT LIABILITY"**

1.   With respect to the allegations contained in paragraph 1 of section V, subparagraph H, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

2.   The allegations contained in paragraph 2 of section V, subparagraph H, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.   Merck denies each and every allegation contained in paragraph 3 of section V, subparagraph H, of the Complaint.

4.   The allegations contained in paragraph 4 of section V, subparagraph H, of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

5.   Merck denies each and every allegation contained in paragraph 5 of section V, subparagraph H, of the Complaint.

**RESPONSE TO "VIII.  DAMAGES"**

1.   With respect to the allegations contained in paragraph 1 of section VIII of the Complaint, Merck repeats and realleges each and every admission, denial, averment,

995875v.1

and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

## RESPONSE TO "IX.  JURY DEMAND"

1.   Admits that plaintiff purports to request a trial by jury.

## RESPONSE TO "XI.  PRAYER"

The "Prayer" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph, including subparagraphs 1 through 9, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## AFFIRMATIVE DEFENSES

1. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

2.   The Complaint fails to state a claim upon which relief can be granted.

3.   The claims of the Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

4.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

5.   The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

6.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

995875v.1

7.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

8.   To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

9.   To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

10. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

11. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

12. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

995875v.1

13. To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

15. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, Rule 9(b) of the Federal Rules of Civil Procedure.

16. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

18. Plaintiff's claims are barred in whole or in part by the First Amendment.

19. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

20. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

21. This case is more appropriately brought in a different venue.

22. Venue in this case is improper.

995875v.1

23. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

24. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

25. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

26. The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

27. The claims of Plaintiff is barred, in whole or in part, by its failure to mitigate damages.

28. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

29. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

30. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

31. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

32. Plaintiff has not sustained any injury or damages compensable at law.

33. To the extent that Plaintiff seeks exemplary or punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

34. To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

35. Plaintiff's demand for exemplary or punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

36. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

37. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

38. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

39. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

40. With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their

995875v.1

labels and packaging, pursuant to the approval of the appropriate federal agencies and

applicable statues and regulations; approval of preparation of said product(s) was

obtained in compliance with all requirements pertaining to the preparation and/or

distribution of such product(s) and was accomplished pursuant to acceptable standards of

conduct.

41. Plaintiff may be barred, in whole or in part, from pursuing this action because

of the existence of a prior pending action in another court.

42. Plaintiff's tort-based claims are barred by the economic loss doctrine.

43. Plaintiff's claims are barred in whole or in part because Merck's conduct

conforms with medical knowledge.

44. Plaintiff cannot recover in the capacity in which they have sued because they

are not the real-party-in-interest with respect to Plaintiff's claims.

45. The federal FDA has implemented a comprehensive regulatory scheme

governing the safety and efficacy of prescription drugs.  Vioxx, the drug at issue in this

case, was approved by the FDA pursuant to the applicable statutes and regulations.  The

labeling for Vioxx was also approved by the FDA, and the marketing was conducted in

conformity with the FDA's rules and regulations.  Such actions and federal statutes and

regulations bar and preempt all of Plaintiff's claims under state law.

46. Plaintiff's claims are barred by federal Medicaid law which determines both

which drugs a state must cover under its Medicaid program and the limited circumstances

under which it can decline to pay for such drugs.  *See* 42 U.S.C. § 1396r-8.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

47. WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

48. Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:    504-581-3361

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of October, 2009.


  _/s/ Dorothy H. Wimberly_____

995875v.1