UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *See Attached Exhibits A & B* | * | |
| | * | |
| | * | |
| | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S *SEVENTH* MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE <u>FOR FAILURE TO COMPLY WITH REQUIREMENTS OF PTO 29</u>

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases identified in the attached exhibits to show cause why their individual claims should not be dismissed with prejudice for failure to comply with requirements of Pre-Trial Order No. 29 ("PTO 29") to provide a case-specific expert report.

### <u>BACKGROUND</u>

As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. In order to determine the scope of the litigation, particularly with respect to the cases remaining outside the Program, this Court also entered PTOs 28 and 29. These Orders require plaintiffs who do not enter the Resolution Program, to take steps to ensure the preservation of records relevant to the claims, and to provide other specified discovery including a Rule 26(a)(2) case-specific expert report.

995906v.1

PTO 29 applies to those cases ineligible for the Resolution Program because they were not filed or tolled until after November 9, 2007. Section II of PTO 29 sets forth discovery requirements that must be met within forty-five (45) days of the filing of the complaint in the MDL, or the issuance of the transfer order from the Judicial Panel on Multidistrict Litigation, or the Notice of Removal to the MDL, whichever is applicable. These include, among other things, the requirement for a case-specific expert report.[1] If plaintiffs fail to produce such discovery, including a case specific expert report, the Order provides for a 30-day cure period. *See* PTO 29 ¶ II.C. After that cure period has lapsed, the Order provides that "[n]o other extensions will be granted, except for good cause shown." *Id.*

As of March 10, 2009, none of the plaintiffs listed in the attached exhibits had submitted the required case specific expert report.[2] Pursuant to Pursuant to PTO 29 ¶ II.C., Merck notified counsel of record in each of those cases of the material deficiency and provided the requisite 30-day period to cure. As of March 10, 2009, these material deficiencies remained uncured.

---

[1] Section II of PTO 29 also requires the production of pharmacy and medical records, the plaintiff's affidavit attesting to the completeness of the records or the reasons why any of the required records no longer exist, an amended and Supplemental Plaintiff Profile Form, and answers to interrogatories. In addition, Section I.D. of PTO 29 requires that plaintiff serve a statement listing the names of all pharmacies, healthcare providers and/or employers to whom counsel served a notice to preserve records pertaining to the plaintiff, along with copies of the notices themselves, and a certification that they were sent.

[2] The plaintiffs on Exhibit A have not provided *any* of the materials required under PTO 29, including the case-specific expert report. The plaintiffs listed on Exhibit B have provided some materials in response to PTO 29, but have not provided the required case-specific expert report as well as other materials, including in particular the plaintiff affidavit as to the completeness of medical records.

## ARGUMENT

This Court should dismiss each of plaintiffs' claims listed on the attached Exhibits A & B with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because plaintiffs have failed to comply with PTO 29. The express terms of the Order provide that failure to "fully comply with the requirements of this Order" after ample opportunity to cure "shall lead to the dismissal of the claim with prejudice." PTO 29 ¶ II.D. Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted); *see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 28 and PTO 29. As this Court previously explained with respect to the parallel requirements of PTO 28, the expert report provisions of these orders are what is "commonly known as a *Lone Pine* order." May 30 Order at 3 (citing *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Super. Nov. 18, 1986). It noted that "*Lone Pine* orders have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation." *Id.* (citations and internal quotation marks omitted).) This Court further explained:

> [A]t this advanced stage of the litigation, it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury, whether that injury be deep vein thrombosis, a heart attack, an ulcer or some other malady. Surely if Plaintiffs' counsel believe that such claims have merit, they must have some basis for that belief; after all this time it is reasonable to require Plaintiffs to come forward and show the basis for their beliefs and some kind of basic evidence of specific causation.

*Id.* at 5.

In light of the extensive work already performed in this MDL,[3] this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury," and there must be some "minimal showing consistent with Rule 26 that there is some kind of scientific basis that Vioxx could cause the alleged injury." *Id.* at 5-6.

Here, plaintiffs have failed to make the minimal required showing. Indeed, they have made no showing *at all*. Accordingly, their claims should be dismissed. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (affirming dismissal of the claims of 1,600 plaintiffs for their failure to provide basic *Lone Pine* information )

## **CONCLUSION**

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply with the *Lone Pine* requirements of PTO 29.

---

[3] In rejecting certain plaintiffs' arguments that it was too early in this litigation to require case-specific expert reports, this Court summarized the massive amount of work accomplished to date in this MDL. It pointed to the document depository and Merck's production of 22 million pages of documents; to the hundreds of depositions and one thousand pretrial motion rulings; and to monthly status reports and six bellwether trials. *Id.* at 5. The Court further explained that the PSC's discovery "was not limited" to myocardial infarctions; "rather they conducted general discovery on the effects Vioxx may or may not have on individuals." *Id.*

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

995906v.1

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of October, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

995906v.1