U. S. DISTRICT COURT
Eastern District of Louisiana

Altina L. Pouncil
P.O. Box 47173
Wichita, Kansas 67201
(316) 312-2023

FILED   OCT - 5 2009

LORETTA G. WHYTE
Clerk

# UNITED STATES, DISTRICT COURT
# EASTERN DIVISION OF LOUSIANA

ESTATE OF WILLIE CLAY, -Vioxx Claim)
                      Plaintiff, )
                                )
vs.                                )
                                )
Phillip-Whittman -Merck      )
                Defendant. )

05-MD-1657 L(3)

Case No. VCN 1051991
MDL-1657

## MOTION TO RECONSIDER

      COMES NOW the Plantiff, Altina Pouncil, Pro Se, respectfully requests this Court.

C. BASIS FOR REQUEST FOR RELIEF

1. On or about July 10, 2009, the Administrator for the Estate of Willie S. Clay, Tina Pouncil received a letter from the Branch Law Firm which, at that point, was handling the claim for the estate.

2. The letter informed Ms. Pouncil that the claim arising out of Ms. Clay's death on February 3, 2002, did not "pass the first and second injury gate because the final diagnosis was not a myocardial infarction: On 1/11/02 the diagnosis was cardiac arrest and an on 2/3/02 the diagnosis was re current ventricular arrhythmias." Ms. Pouncil was given the option of either appealing to the Special Master or of submitting a future evidence stipulation.

TENDERED FOR FILING

OCT - 5 2009

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee _____
Process _____
X Dktd _____
X CtRmDep _____
Doc No. _____

3. At that point, Ms. Pouncil provided documentation to her previous counsel that her mother had been hospitalized a second time, from January 27, 2002 until her death on February 3, 2002. She submitted documentation as defined under Gate Criteria Exhibit 2.2.1.1, (4).

4. Based upon conversations with the Claims Administrator's office, Ms. Pouncil has reason to believe that medical records arising out of the second hospitalization at Via Christi from January 27, 2002 until her mothers' death on February 3, 2002, were not provided to the Claims Administrator's office by her previous counsels.

On August 14, 2009, Ms. Pouncil submitted documentation to the Claims administrator which she believes clearly indicates that Ms. Clay suffered from a silent myocardial infarction as defined under Injury Gate Criteria Exhibit 2.2.1.1. She asks that these documents be considered and that the Claims Administrator's office extend the deadline to review these documents.

5. Wherefore the plaintiff respectfully prays that this court order the Special Master to review the documents in question and reconsider this ruling.

Respectfully submitted,

_____
Pro Se

## NOTICE OF HEARING

Please take notice that the above and forgoing Motion to Reconsider will be heard On the 21st day of Oct, 2009, at 9:00 am., before the Honorable Eldon E. Fallon Court.

## CERTIFICATE OF SERVICE

I, Altina L. Pouncil, do herby certify that a true and correct copy of the above and Forgoing Motion to Reconsider was mailed, postage prepaid to: UNITED STATES DICTRICT COURT EASTERN DIVISION

On this 2nd day of October, 2009.

Also serve:
Phillip Wittman
546 Carondelet Street
New Orleans, LA 70130

Vioxx Constrioum
Eric Liddick
Harredion III
Madeline Fischer
201 Saint Charles Ave
Suite 5100
New Orleans, LA 70170

                                              **Altina** L Pouncil

                                              *[signature]*

                                              **Pro Se**

| V2033 | REQUEST FOR RELIEF FROM DEADLINE | | |
|---|---|---|---|
| **A. REQUESTING PARTY** ||||
| **Name of Vioxx User Claimant** | Last Clay | First Willie | Middle S |
| **VCN** | 1051991 | | |
| **Name of Representative Claimant, if any** | Last Pouncil | First Tina | Middle L |
| **Primary Counsel** | Law Firm Depew Gillen Rathbun & Mcinteer LC | | |
| **Attorney Name** | Last Rathbun | First Randall | Middle K |
| **B. APPLICABLE DEADLINE AND RELIEF REQUESTED** ||||
| **Deadline Date From Which Relief is Sought** | 7 / 22 / 2009 (month) (day) (year) | | |
| **Subject of the Deadline Date** | ☐ Enrollment Deadline Date<br>☐ Deadline for response to a Deficiency Notice from the Claims Administrator<br>☐ Submission of Additional Materials Following Claims Administrator Notice of Ineligibility<br>☒ Other [Specify: Deadline to submit additional information] | | |
| **Date of this Request** | 9 / 18 / 2009 (month) (day) (year) | **Date Need for Relief Discovered** | 8 / 14 / 2009 (month) (day) (year) |
| **Have Materials Been Submitted to the Claims Administrator?** | ☐ Submitted with Request for Relief<br>☐ Not Yet Submitted<br>☒ Submitted Previously: 8 / 14 / 2009 (month) (day) (year) | | |
| **Relief Requested** | ☒ Consider submitted materials timely, if applicable<br>☐ Additional time for submission [Specify days requested:   ] | | |
| **C. BASIS FOR REQUEST** ||||
| Attach a written statement of the reasons you feel this Request for Relief should be granted. Include: (a) the reasons for the delay in your submissions, including whether the reason was within your reasonable control; (b) the impact on Merck if the Request for Relief were granted; and (c) the impact on the progress of the Settlement Program and other Claimants if the Request for Relief were granted. ||||
| **D. SIGNATURE** ||||
| I swear under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above information and any information submitted with this Request for Relief are true and correct. ||||
| **Signature** | *Randall K [signature]* | **Date** | 9 / 18 / 09 (month) (day) (year) |
| **Printed Name** | First Randall | MI K. | Last Rathbun |

I obtained Another Lawyer to File These Documents For me and The Claims administrator still refused to look at the documents submitted Aug 14, 2009.

V2033
#344153v2
9/23/08

1

USPS Express Mail Flat Rate Mailing Envelope label (illegible handwritten addressing; postage $17.50, dated OCT 02 '09).