UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:     ALL CASES

### ORDER

At this time, the court has before it a number of motions from pro se claimants who have either been deemed ineligible to participate in the settlement program or whose cases have been dismissed and who now seek relief from this court. In addition to these motions, the Court is in receipt of a number of letters from pro se claimants requesting various forms of relief. Construed liberally, these letters might be interpreted as motions, and the Court will consider them as if they were motions. In light of the fact that the Claims Administrator will begin to disburse final payments this week, it is now appropriate to turn to these letters and motions.

On November 9, 2007, Merck and the PNC announced the establishment of the Vioxx Resolution Program ("Settlement Agreement"). The Settlement Agreement is a voluntary program by which plaintiffs who can establish that they suffered a heart attack, sudden cardiac death or stroke as a result of using Vioxx, may opt to settle their claims against Merck. Vioxx claimants may choose not to enroll in the program and instead pursue their claims in the tort system. However, once a plaintiff has decided to opt in to the program, the burden is on that plaintiff to fulfill certain minimal responsibilities in order to proceed to payment. Pursuant to the

Settlement Agreement, Merck has the power to file for the dismissal of any case that does not comply with these necessary obligations.

As this court has previously stated on the record, the Settlement Agreement is specifically designed so as to afford due process rights to all claimants. First, if the Claims Administrator declares a claimant ineligible for the settlement program then that case is submitted to a committee for review. If the committee upholds the Claims Administrators determination of ineligibility, the claimant then has to make a choice. They can either file a future evidence stipulation and re-enter the tort system, accept the Claims Administrator's decision and let their case be dismissed, or appeal the determination of ineligibility to the Special Master, who undertakes a de novo review of the claimant's complete claims package. If a claimant appeals to the Special Master, the Special Master's decision is final and binding. Thus, the Settlement Agreement allows for three levels of review, essentially giving the claimant three bites at the apple.

In order to avail themselves of these opportunities, claimants must be diligent in submitting the appropriate documents and records. Merck and the Claims Administrator, at the Court's direction, have been very accommodating in working with claimants to get the appropriate materials submitted and have even extended deadlines when such extensions were possible.

The best that this court can do for these claimants is to afford them the due process that they need in order to fairly pursue their claims. If claimants choose not to avail themselves of this process, or are ultimately unsuccessful in their claims, at least they have had a fair opportunity. At this late stage, the court cannot grant these claimants a fourth bite at the apple.

Accordingly, IT IS ORDERED that the attached letters from various claimants, which the

Court has liberally construed as motions, are hereby DENIED. IT IS FURTHER ORDERED that these letters shall be entered into the record. In addition, a copy of the correspondence shall be forwarded to liaison counsel to take whatever action, if any, they deem necessary. Liaison counsel is further directed to forward this Order to the interested claimants, if a forwarding address is available.

IT IS FURTHER ORDERED that Plaintiff Danny Bell's Motion for Relief From Judgment (Rec. Doc. 22706) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Lawrence W. Fitzgerald, Jr.'s Motion for Order to Show Cause (Rec. Doc. 23259) is DENIED.

Considering that the Court has already carefully considered these issues, IT IS FURTHER ORDERED that any future motions asking that this Court reconsider, disturb, or overrule in any way, determinations made pursuant to the optional and voluntary Settlement Agreement, for which due process has already been afforded, are prospectively DENIED.

New Orleans, Louisiana, this __9th__ day of __October__, 2009.

_____
UNITED STATES DISTRICT JUDGE