Fax

To... Judge Fallon
504 589-6966

From...    Jo Levitt...........Case 2:06-cv-09757-ee+dek.
Fax 816 444 9450
Phone  816 444 1300
ChocolateSoup.jo@gmail.com

Your Honor Judge Fallon,

May I beg your indulgence one more time.

I am attempting to defend my self.
I have become pro se by Merck's design...not mine.
I am still not certain that pretrial order 43 applies to my case. To my knowledge I did not
enroll in the vioxx resolution program. I did have a case pending November 9, 2007.

Merck in their answers, to my x-lawyer, regarding my suit, refers to:
Merck's legal, contractual, and equitable rights.
Merck, cautions...violate Merck's state and federal constitutional rights.
Merck reserves its right to ....... seek further relief for plaintiff's failure to provide it
with due process of law.
Merck, wherefore...demands....reasonable costs and disbursements, including attorney's
fees, together with such other and further relief that the Court may deem just and proper.
Merck hereby requests a trial by jury trial.

As it should be Merck believes it has a lot of rights. I hope that as an individual peon
without Merck's legal and financial clout behind me that I also have rights in our judicial
system.

Vioxx cases and settlement have pretty much proceeded at the pace Merck's strategist
decided upon. The settlements timing and its required loss of my lawyer, caught me and
my family in a time of crises and hardship. If Your Honor recalls I have previously
outlined these crises.  Sense December 2007, my family and I have been drowning in
death and emergency health and financial problems.
I will not believe the court would allow my case to be dismissed because I am an opt-out
of Merck's attempt to limit their financial exposure.
Merck's agreement, by design makes it complicated and expensive for plaintiffs losing
their legal council to dot all the i's and cross all the t's. The timing of the agreement
could not come a more horrendous time for me.

Your honor, please accept my apology for any inconvenience I might have caused the
court. It has never been my intent not to follow the courts rules.

The documents listed below are my attempt to show compliance. The attached files are
filled out copies of Pretrial Order 43 A&B, including expert report. For the most part they
are the same questions my lawyer and I answered for Merck in March & August of 2007
I do hope these rectify any deficiencies.

**_Certification of mailing of Preservation Notices...LexisNexis e-service March 5,
2008
18869836**

1

_Certification of mailing of Preservation Notices...LexisNexis e-service March 5, 2008
18869836

_Pretrial order no 18c 2006. [plaintiff Profile Form, Authorizations, and Merck profile Form]

Plaintiff Profile Forms, requested and sent March 12, 2007 sent to Susan Giamportone...LexisNexis file serve e-service 14095245

Supplemental data requested Aug 15, 2007 and provided by plaintiff, Sept 26, 2007...LexisNexis e-service 16456909

I know that Merck, Hughes Hubbard & Reed, litigation management, has my authorization for release of all records, I signed permission on Nov 12, 2006
I know that my records have been collected by Merck.

Your Honor, I rely not only on the rules of law but on your Honor's wise and just exercise of power. Please consider this letter as my affidavit that what is written is the truth and nothing but the truth. I humbly request that my case be reinstated.

Respectfully,


Jo Levitt




Documents sent to........SGiamportone@wcsr.com

Your Honor Judge Fallo1.doc (application/msword) 34.00K
vioxx PTO43.ExhibitB[1].pdf1.pdf (application/pdf) 270.00K
vioxx PTO43.exhibitA.revised[1].pdf (application/pdf) 1,319.00K
JIMANDJOFINANCIALINFORMATIONFORMERCK.xls (application/vnd.ms-excel) 24.00K
JIMANDJOSUMMARYOFVILLAGERINFORMATIONMERCK.xls (application/vnd.ms-excel) 27.00K
Dr. Rosamond Binder1.pdf (application/pdf) 2,959.00K

PRO-SE   CLAIMANT-DEBORAH DEE HAR
DEBORAH DEE HART RN
1006 PINEBOROUGH RD
CHARLOTTE, N.C.   28212

**RECEIVED**

**AUG 1 0 2009**

CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Deborah Hart, | ) Case No.: VIOXX 1112148 |
| | ) |
| Plaintiff, | ) PLEADING TITLE |
| | ) |
| vs. | ) |
| | ) |
| IN RE:  VIOXX,        PRODUCTS | ) |
| | ) |
| LIABILITY LITIGATION, | ) |
| | ) |
| Defendant | ) |

Dated this 3rd day of August, 2009

PRO-SE   CLAIMANT-DEBORAH
DEE HART

APPEAL FOR RECONSIDERATION AND MERCY OF THE COURT TO RECIEVE FAIR TREATMENT –

1

PRO-SE  CLAIMANT-DEBORAH DEE HAR

DEBORAH DEE HART RN

1006 PINEBOROUGH RD

CHARLOTTE, N.C.  28212

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

Deborah Hart,

        Plaintiff,

   vs.

IN RE:  VIOXX,          PRODUCTS

LIABILITY LITIGATION,

      Defendant

) Case No.: VIOXX 1112148
)
) PLEADING TITLE
)
) REFUSED,DENIED BECAUSE WAS NOT IN A
) TOLLING AGREEMENT,FOR 5 YEARS I HAVE
) DONE EVERYTHING IN MY POWER TO MEET
) ALL THE PAPER REQUIREMENTS,ATTORNEY
) JILL MALONE,WATSON/ANDREA LEON ALL
) WERE FIRED FROM THE WATTS LAW FIRM
) THAT I WAS WORKING WITH AND NO ONE
) COULD FIND MY TOLLING AGREEMENT, MY
LEGAL NOTARY CHINESE COLLINS
REMEMBERING NOTARIZING THESE PAPERS A
COUPLE YEARS AGO, I HAVE BEEN TALKING
WITH DIANE BATES FOR ALMOST 2 YEARS
AND RECENTLY WAS TOLD THAT I WAS NOT
QUALIFIED, ATTORNEY JOHNSON SAID SHE
WAS NOT TOLD OF THE TOLLING AGREEMENT
UNTIL NOW, I RECEIVED A LETTER FROM
ATTORNEY JOHNSON THAT I WAS
REGISTERED AS A CLAIMINANT, HOW COULD
A NURSE WHO HAS PAST OUT MERCK
MEDICINE 30 YEARS,AND ALMOST DIED
FROM TAKING MEDICINE THAT I THOUGHT
WAS SAFE AND BE REFUSED ASSISTANCE.
TODAY MY HEART HURT SO BAD THAT I
THOUGHT I WOULD COMPLETELY LEAVE THIS
WORLD, I HAVE NO INSURANCE, NO JOB,
NO HUSBAND, NO MEDICAID AND ALMOST TO
LOSE MY HOME.  PLEASE MERCY TO YOUR
COURT FOR ASSISTANCE IN THIS MATTER.

APPEAL FOR RECONSIDERATION AND MERCY OF THE COURT TO RECIEVE FAIR TREATMENT -

1

2

3       Dated this 3rd day of August, 2009

4       *Deborah Dee Hart*
        PRO-SE  CLAIMANT-DEBORAH
5       DEE HART

6       This country is
7       in sad shape
8       if people that
9       sue are rewarded
10      These are orginals
11      Keep these to
12
13      Remember what
14      America used to
15      be like!

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | **MDL NO. 1657** |
| PRODUCTS LIABILITY LITIGATION | : | **SECTION:  L (3)** |
|  | : | |
|  | : | **JUDGE FALLON** |
|  | : | **MAG. JUDGE KNOWLES** |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | |

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER

During the Monthly Status Conference held on January 18, 2008, the Plaintiffs' Liaison

Counsel (the "PLC") stated that he had been contacted by several *pro se* plaintiffs and *pro se*

tolling claimants (collectively, the "*Pro Se* Claimants") who requested that the Court appoint a

curator to provide legal counsel to them.  Accordingly, the Court hereby appoints Robert M.

Johnston of Johnston, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New

Orleans, Louisiana, as Curator; and after receiving an affidavit, attached to this Order as Exhibit

A, from Robert M. Johnston swearing that there is no ground for disqualification under 28

U.S.C. § 455.  This appointment is made pursuant to Rule 53 and the inherent authority of the

Court. The Court sets forth below the circumstances giving rise to the appointment, and the

duties and terms of the Curator's appointment.

On November 9, 2007,  the parties announced that Merck & Co., Inc.("Merck") and the

Plaintiffs' Steering Committee had reached a settlement to resolve Vioxx related claims in which

a claimant has suffered a heart attack, sudden cardiac death, or stroke.  Accordingly, the parties

-1-

entered into the Settlement Agreement, dated as of November 9, 2007, between Merck and the

Counsel Listed on the Signature Pages (the "Settlement Agreement") (a copy of the Settlement

Agreement can be viewed at http://www.officialvioxxsettlement.com/documents).

In connection with the Settlement Agreement, the Court entered Pre-Trial Orders 33 and

34 (Rec. Doc. Nos. 13071 and 13072, respectively).  Pre-Trial Orders No. 33 and 34 ordered the

PLC to initiate contact and communicate with any *Pro Se* Claimant with respect to the efficient

administration and management of the Vioxx settlement program.  The PLC was to make the

Master Settlement Agreement, Registration Affidavit, Enrollment Form, Claims Package and all

other necessary forms available to the *Pro Se* Claimants and assist them with any questions they

may have regarding these forms; the PLC would also advise any *Pro Se* Claimant that he/she

may retain counsel and would advise them of attorneys in their area handling Vioxx matters.

As stated above, after initiating contact with the *Pro Se*  Claimants, the PLC provided a

list to the Court of those *Pro Se* Claimants that inquired about legal representation so that the

Court could take the appropriate action.  The Court hereby appoints Robert M. Johnston of

Johnston, Hoefer, Holwadel & Eldridge, as Curator and shall exercise his rights and

responsibilities as follows:

(1)     The Curator shall assist the *Pro Se* Claimants by explaining their options regarding the

        prosecution of their Vioxx lawsuits, including whether to participate in the Settlement

        Program or not.  The Curator shall make the Master Settlement Agreement, Registration

        Affidavit, Enrollment Form, Claims Package and all other necessary forms available to

        the *Pro Se* Claimants, and shall assist the *Pro Se* Claimants with any questions they have

        regarding these forms, including, in the case of wrongful death claims, guidance in

-2-

obtaining and executing the necessary forms granting the claimant access to decedent's medical records.  The Curator shall also advise the *Pro Se* Claimants that they may retain separate counsel and he shall advise the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides.  Additionally, if a *Pro Se* Claimant chooses to participate in the Settlement Program, the Curator shall assist them in navigating the Settlement Program.

(2)   The Curator shall have the authority to engage support personnel to assist him in the discharge of his duties, subject to the approval of the NPC and Merck.

(3)   The Curator may initiate contact and communicate with the parties, any *Pro Se* Claimant, or counsel for any plaintiff, as the Curator deems appropriate, with respect to his advising the *Pro Se* Claimants.

(4)   The Curator shall be compensated from the Administrative Expenses Fund established pursuant to the Master Settlement Agreement.  The Curator shall be compensated in the amount of $250/hour for his services and $175/hour for the services of his associates.

(5)   Additional administrative personnel may be hired as necessary, subject to the prior approval of the NPC and Merck.

(6)   The Curator shall keep detailed time records regarding his service as Curator.  The Curator shall submit itemized bills on a bi-monthly basis to the NPC and Merck for approval.

(7)   The Curator shall submit to the Court, with copies to the Parties, monthly reports with respect to his/her responsibilities as Curator.

(8)     The Curator shall keep a log of calls received from *Pro Se* Claimants.  The log

shall include the name and contact information for the *Pro Se* Claimant and the

date of communication. The Curator shall also retain any and all written

information obtained from *Pro Se* Claimants.


New Orleans, Louisiana, this 12th day of February, 2008.

UNITED STATES DISTRICT JUDGE

-4-

09/30/2005 23:40 7045378497 DEBORAH HART RN PAGE 07
10/31/2005 01:40 FAX 704 373 2624 005/005

AH
235

03/11/05 12:58:24 HART,DEBORAH
ID: 411235
03/11/05 12:58:24

55 YEARS

| | |
|---|---|
| Vent. Rate: | 69 bpm |
| P Duration: | |
| QRS Duration: | 156 ms |
| PR Interval: | |
| QT Interval: | 456 ms |
| QTc Interval: | 471 ms |
| QT Dispersion: | 44 ms |
| P-R-T AXIS: | * 62° -37° |

Accelerated idioventricular rhythm
IV conduction defect
Lateral infarct - age undetermined
Possible inferior infarct - age undetermined

Abnormal ECG

* Unconfirmed Analysis *

NSR
Early precordial R/S QRS transition

aVR
V1
V4
aVL
V2
V5
aVF
V3
V6
II
II
II
SANGER CLINIC

# VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

Mailing Address:
P.O. Box 85031
Richmond, Virginia  23285-5031

Delivery Address:
115 South 15th Street, Suite 400
Richmond, Virginia  23219-4209

March 13, 2008

**By U.S. Mail**

Deborah Dee Hart
1006 Pineborough Road
Charlotte, NC  28212

*Copies — mailed back 3-17-08 & mailed Letter to Jason Wolf in Charlotte*

Re:     **Registration and Enrollment Materials Needing Your Immediate Attention**
        **Vioxx Claim Number (VCN): 1112148**

Dear Claimant:

        We received the Pro Se Registration Affidavit you submitted to the Vioxx Claims Administrator.  This letter describes your next steps in the Settlement Program.  Note that our sending you this letter does not necessarily mean that your claim is eligible for the Settlement Program.

## A.  Claims Administrator Contact

        As the Claims Administrator's Pro Se Coordinator, I will be your contact at the Claims Administrator's office for the duration of the Settlement Program.  This is my contact information:

| Name | Diann W. Bates |
|---|---|
| **Direct Dial Number** | (804) 521-7220 |
| **Email Address** | dbates@browngreer.com |

        I will answer your questions, receive all your future claims submissions, and provide notices to you on your claims as they move through the Program.  Feel free to call my direct dial number shown above, or use our toll free number also shown above and ask to speak to me.  You can also reach me by mail, email or facsimile using the addresses and number shown above.

## B.  Registration Affidavit

☐     Your Registration Affidavit is complete.  You do not need to take further action relating to your Affidavit.

V1020v1
#340015

*Enrollment Form sent — already*

*Please reply*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first set forth above.

**MERCK & CO., INC.**

By: _____

     Name:

     Title:

**NEGOTIATING PLAINTIFFS' COUNSEL**

_____

Andy D. Birchfield Jr.

Beasley, Allen, Crow, Methvin, Portis & Miles,
     P.C.

_____

Edward F. Blizzard

Blizzard, McCarthy & Nabers, LLP

_____

Thomas V. Girardi

Girardi and Keese

_____

Russ M. Herman

Herman, Herman, Katz & Cotlar, LLP

_____

Arnold Levin

Levin, Fishbein, Sedran & Berman

**[Signature Pages for Escrow Agreement]**

Christopher A. Seeger
Seeger Weiss LLP


**[ESCROW AGENT]**


By: _____
     Name:
     Title:


**[Signature Pages for Escrow Agreement]**

3/3

ATTORNEYS AT LAW
**JOHNSTON, HOEFER, HOLWADEL & ELDRIDGE**
601 POYDRAS STREET, SUITE 2490
NEW ORLEANS, LOUISIANA 70130
TELEPHONE (504) 561-7799
FACSIMILE (504) 525-1488

ADAMS, HOEFER, HOLWADEL & ELDRIDGE, LLC
ROBERT M. JOHNSTON, OF COUNSEL

March 19, 2008

Deborah Dee Hart
1006 Pineborough Rd.
Charlotte, NC 28212

Re:     *In re: Vioxx Products Liability Litigation*
        **MDL 1657**

Dear Vioxx Pro Se Registered in the Settlement Program:

By Order dated February 12, 2008, I was appointed by the Federal MDL Court, as Curator, to provide assistance to *pro se* plaintiffs and *pro se* tolling claimants in connection with the Court's pretrial order requiring the registration of claims and with the Vioxx Settlement Program.

The Claims Administrator has advised that you submitted a *Pro Se* Registration Affidavit. However, according to our records, as of this time you have not enrolled in the Vioxx Settlement Program.  The purpose of this letter is to explain the Enrollment process so that you can comply with those procedures if you are eligible for the Program and wish to enroll.  If you desire to participate in the Vioxx Settlement Program you can continue to represent yourself as a *pro se* litigant or claimant.  Alternatively, you may retain an attorney to represent you.

*Note that in order to qualify for an early, Interim Payment of your settlement award if you wish to enroll, you must complete and return the enrollment materials to the Claims Administrator by March 31, 2008.*

Before receiving this letter, you should have also received a letter dated December 12, 2007 from Herman, Herman, Katz & Cotlar, LLP, regarding the Vioxx Settlement Program.  The Settlement Program was announced November 9, 2007 to resolve certain Vioxx-related claims involving plaintiffs who have suffered a heart attack (including sudden cardiac death) or ischemic stroke. As relayed to you in that letter, Merck has agreed to pay one sum, $4.85 billion, which will be allocated among thousands of qualifying claims based upon an evaluation of each claimant's individual medical records. Details regarding the Settlement Program, including eligibility requirements and the claims valuation process, are enclosed.

Therefore, if you allege that you have a Vioxx claim because you suffered a heart attack

4/4

Page 2 of 2

or stroke (or are the personal representative of a Vioxx user who suffered a heart attack, stroke or sudden cardiac death), you should also evaluate whether you want to enroll to participate in the Vioxx Settlement Program. At this time, it appears that almost all of the claimants (more than 93%) eligible to participate in the Vioxx Settlement Program are electing to do so.

At this time, no one can tell you or any other Claimant what your precise settlement value will be under the Settlement Program, except to say that *if you have evidence of use of Vioxx and that you suffered a heart attack or stroke while you were using Vioxx or shortly thereafter as required by the terms of the Settlement Agreement, you will be entitled to receive some compensation for your injury.* If you are eligible to participate in the Settlement Program, you may also be eligible to receive an early interim settlement payment prior to completion of the entire valuation process, which could take more than one year. **However, to be eligible for such an Interim Payment, you must *enroll* in the Settlement Program by no later than March 31, 2008.** If you do enroll in the Program before March 31, 2008, submit your medical and other records promptly and the Claims Administrator determines that you are entitled to compensation, you would be eligible for an Interim Payment. Interim Payments may begin some time after August 1, 2008, for heart attack claimants. You may still enroll after March 31, 2008, but, under the current terms of the Agreement, you will not receive an Interim Payment if you enroll after that date. The final enrollment deadline is currently May 1, 2008.

*Enrolling* in the actual Vioxx Settlement Program is different than *registering* your Vioxx claim. While *everyone is required* to register their claims, actual *enrollment* in the settlement program is entirely voluntary and involves submitting documents and materials in addition to the registration papers. By now, you should have received enrollment forms from the Claims Administrator. If you have not, please contact the Claims Administrator at claimsadmin@browngreer.com or (866)-866-1729 to obtain a new enrollment package.

If you have questions regarding this letter or the Vioxx Settlement Program, you may contact me by email at cps@ahhelaw.com, or by calling 504-561-7799.

Very truly yours,

ROBERT M. JOHNSTON

RMJ
Enclosures

The Secretary of State
of the United States of America
hereby requests all whom it may concern to permit the citizen/
national of the United States named herein to pass
without delay or hindrance and in case of need to
give all lawful aid and protection.

Le Secrétaire d'Etat
des Etats-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer
le citoyen ou ressortissant des Etats-Unis titulaire du présent passeport,
sans délai ni difficulté et, en cas de besoin, de lui accorder
toute aide et protection légitimes.

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE

**NOT VALID UNTIL SIGNED**

UNITED STATES OF AMERICA

PASSPORT
PASSEPORT
USA

Type/Caté-
gorie
**P**

Code of issuing / code du pays
State        émetteur
USA

PASSPORT NO./NO. DU PASSEPORT

**084683820**

Surname / Nom
**HART**

Given names / Prénoms
**DEBORAH DEE**

Nationality / Nationalité
UNITED STATES OF AMERICA

Date of birth / Date de naissance
**05 JAN/JAN 50**

Sex / Sexe    Place of birth / Lieu de naissance
**F        NORTH CAROLINA, U.S.A.**

Date of issue / Date de délivrance
**25 JAN/JAN 96**

Date of expiration / Date d'expiration
**24 JAN/JAN 06**

Authority / Autorité
**PASSPORT AGENCY**

**NEW ORLEANS**

Amendments/
Modifications
SEE PAGE

**24**

P<USAHART<<DEBORAH<DEE<<<<<<<<<<<<<<<<<<<<<<<<
084683820 9USA5001057F0601245<<<<<<<<<<<<<0

PATIENT NAME: HART, DEBORAH D
SC#: 411235
PAGE 2

**FAMILY HISTORY:** Negative for any history of premature coronary artery disease.

**MEDICATIONS:** Aspirin 325 p.o. every day. Zoloft 50 mg p.o. every day started a few days ago. The patient also takes magnesium every day.

**MEDICAL ALLERGIES:** ROBINUL, AS WELL AS DARVOCET BOTH REACTIONS IN TERMS OF MEDICATIONS DESCRIBED AS "ANAPHYLACTIC SHOCK."

**REVIEW OF SYSTEMS:** Essentially negative, with the exception of that mentioned in the HPI and occasional arthralgias and swelling. The patient also notes some occasional ringing in the ears.

**CLINICAL EXAM:**
VITAL SIGNS: Height 5 feet 10 inches. Weight 205.2 pounds. Pulse 69. BP: Right arm supine 130/90, right arm standing 144/94.
HEENT: Atraumatic, normocephalic female.
NECK: No elevated JVP or bruits.
PULMONARY: Clear to auscultation. Good air movement.
CARDIOVASCULAR: S1, S2 with no S3 or S4. PMI is normal and diffuse. No parasternal heaves noted.
ABDOMEN: Soft. Bowel sounds are positive. No aortic or renal bruits auscultated. The exam is nontender.
GU/RECTAL/BREAST: Exam deferred.
EXTREMITIES: Negative for cyanosis, clubbing, or edema.
SKIN: Negative for any stasis dermatitis or any xanthoma.
NEUROLOGICAL: Mood and affect appear appropriate. The patient is alert and oriented x3.

EKG: The underlying rhythm is sinus. Mean QRS axis is slightly vertical. Intervals within normal limits. No significant ST-T wave changes noted. Interpretation of a lateral infarct is present.

**IMPRESSION:** Chest discomfort. The patient presents with a sign and symptom complex that is somewhat atypical in terms of myocardial ischemia. The patient is concerned that she has had two prior heart attacks, and after talking to the patient I believe it is appropriate to proceed with a stress test as a means for risk stratification.

**PLANS:**

5. **Indemnification for Released Claims and Liabilities.**

(a)  I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b)  Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "<u>Non-Merck Released Party</u>") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c)  Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

6. **Confidentiality.**  I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any),  except as may be required by applicable Law; <u>provided</u>, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information).  I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

7. **Medical Documentation Authorization.**  I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee



Hart, Deborah Dee          1112148

5. **Indemnification for Released Claims and Liabilities.**

(a) I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b) Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "Non-Merck Released Party") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c) Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

6. **Confidentiality.** I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any), except as may be required by applicable Law; provided, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information). I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

7. **Medical Documentation Authorization.** I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee



Hart, Deborah Dee          1112148

6

## The Vioxx® Litigation Consortium[42]

**Provost ⋆ Umphrey**
**Law Firm L.L.P.**

**Williams ♣ Bailey**
**Law Firm L.L.P.**

**Watts Law Firm L.L.P.**

**Ranier, Gayle & Elliot**
**L.L.C.**

**The Kaiser Firm,**
**L.L.P.**

P.o. Box 56078, Houston, Texas 77256-6708
Telephone: 1-800-706-8667  or  713-225-8667
Facsimile: 713-225-0515  Email: info@vioxxgroup.com
Attorneys may not be certified by the Texas Board of Legal Specialization

April 13, 2005

Ms. Deborah Hart
1006 Pineborough
Charlotte , NC  28212

Re: Texas Supreme Court – Rule 1.04

Dear Ms. Deborah Hart,

As of March 1, 2005, the Supreme Court of Texas issued new rules that impact your
contract with our firms. This new rule, Rule 1.04 of the Texas Disciplinary Rules of Professional
Conduct, changes the information that must be provided to clients regarding attorneys' fees.

The contract you signed was dated **after** March 1, 2005.  Therefore, we need you to sign
the enclosed contract and return it to us as soon as possible.  **The new contract does not
increase the total fee**; it simply shows how the fee will be shared by the different laws firms
involved in your case.

Please read the new contract, sign and date the back page, and return it to us in the
enclosed postage-paid envelope as soon as possible.

We apologize for any inconvenience and appreciate your cooperation.  If you have any
questions, please call us at 1-800-706-8667 and we will be happy to help you.

Sincerely,

Provost Umphrey Law Firm, L.L.P.

Williams Bailey Law Firm, L.L.P.

Ranier, Gayle and Elliot, L.L.C.

Watts Law Firm, L.L.P.

The Kaiser Firm, L.L.P.

---

[42] This is not a partnership of the attorneys specified above; it is a consortium of attorneys working together on the
development of the Vioxx® claims.

PO Box 85031
Richmond, VA 23285-5031

US POSTAGE

017H15502988
$2.670
11/03/2005
Mailed From 77027
—HASLER—

CERTIFIED MAIL™

7004 1350 0005 3906 6717

19493

12/11/86



In the NAme
of Jesus, the Lord
is your Judge

Deborah Dee Hart
1006 Pineborough Rd.
Charlotte, NC 28212

Mrs. Deborah D Hart
1006 Pineborough Rd
Charlotte, NC 28212

28212+7051-06 C001

THE VIOXX® LITIGATION CONSORTIUM
P.O. Box 56708
Houston, Texas 77256-6708

Judy
Medical Records
*Stipulation—
allready obtained
Dock & pleas 10)

ADDRESS SERVICE
REQUESTED





UNITED STATES POSTAGE
02 1M
0004234189
$ 00.420
JUN 24 2008
MAILED FROM ZIP CODE 23219
PITNEY BOWES

plaintiffs enroll in the settlement process: (a) 85 percent or more of all currently pending and tolled MI claims, (b) 85 percent or more of all currently pending and tolled ischemic stroke claims; (c) 85 percent or more of all eligible claims involving a death; and (d) 85 percent or more of all eligible claims alleging more than 12 months of use; and

• This agreement applies only to U.S. legal residents and those who allege that their MI or ischemic stroke occurred in the United States.

Under the agreement, separate funds will be created by the Company in the amount of $4 billion for MI claims and $850 million for ischemic stroke claims. Once triggered, Merck's total payment for both funds of $4.85 billion is a fixed amount to be allocated among qualifying claimants based on their individual evaluation. While at this time the exact number of claimants covered by this agreement is unknown, the total dollar amount is fixed. Payments to individual qualifying claimants could begin as early as August 2008 and then will be paid over a period of time. Merck retains its right to terminate this process without any payment to any claimant, and to defend each claim individually at trial if any of the participation conditions in the agreement are not met.

The Company expects to record a fourth-quarter 2007 pre-tax charge in the amount of $4.85 billion to cover the cost of the agreement.

"This agreement is the product of our defense strategy in the United States during the past three years and is consistent with our commitment to defend each claim individually through rigorous scientific scrutiny. Under the agreement, there will be an orderly, documented and objective process to examine individual claims to determine if they qualify for payment," said Bruce N. Kuhlik, senior vice president and general counsel of Merck. "This agreement also makes sense for the Company because since 2004, we have reserved approximately $1.9 billion for defending VIOXX litigation and, absent this agreement, could anticipate that the litigation might stretch on for years."

"Creating a process to look at individual claims is the fairest way to efficiently and quickly provide payment to qualified claimants," said Russ Herman, Liaison Counsel in the federal multidistrict VIOXX litigation and Chair of the Plaintiffs' Negotiating Committee. "Specific causation has been a very difficult issue. This is an opportunity to end a long and difficult litigation that has stretched on for more than three years. A fair resolution is in everybody's best interest. This agreement would only apply to claims already filed or tolled."

"This is the right time for an agreement," said Mr. Kuhlik. "Recent court rulings confirmed that the window has closed for filing suits in a number of states, consistent with our view that statutes of limitations have expired in almost every state. Additionally, three of the coordination judges have issued orders that require non-eligible and non-participating plaintiffs to provide documentation of the factual basis for their claims early in the litigation process. Merck reserves the right under this agreement to terminate our involvement unless the vast majority of eligible claimants elect to participate."

Forty-two states, Puerto Rico and the District of Columbia have statutes of limitations of three years or less. Already, New Jersey Superior Court Judge Carol Higbee and Federal District Court Judge Eldon Fallon have issued orders in cases from New Jersey and eight other jurisdictions ruling that the statutory period for making VIOXX personal injury claims has passed. Merck voluntarily withdrew VIOXX from the marketplace on Sept. 30, 2004.

The discussions between Merck and the plaintiffs were originally requested by Judge Fallon, Judge Higbee, California Superior Court Judge Victoria Chaney, and Texas County Court Judge Randy Wilson. Judges Fallon, Higbee and Chaney, who met with the parties prior to the agreement being signed, issued case management orders that will require plaintiffs seeking to pursue VIOXX claims outside this resolution process to provide in a timely fashion certified copies of their medical and pharmacy records, as well as expert causation opinions.

Merck has submitted a similar order to Judge Wilson.

**5.  Indemnification for Released Claims and Liabilities.**

(a)  I hereby agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless each Released Party from and against (i) any and all Claims that may be asserted, made or maintained at any time against any Released Party by, on behalf of or for the benefit of, or otherwise through or under, any Releasing Party with respect to any of the Released Claims and Liabilities and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me (or any Derivative Claimant executing this Release) of any of the terms of this Release.

(b)  Without limitation of the foregoing paragraph, I further agree, jointly and severally with any Derivative Claimant executing this Release, to indemnify and hold harmless the Merck Released Parties from and against (i) any and all Claims made or asserted (prior to, on or after the date of my claim under the Program) against any Merck Released Party by any Released Party that is not an Merck Released Party (a "Non-Merck Released Party") arising out of any Claim made or asserted at any time by me and/or any other Releasing Party against any Non-Merck Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with VIOXX and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time hereafter claim, VIOXX caused in whole or in part and (ii) any and all damages, losses, costs, expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, any Merck Released Party in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim).

(c)  Merck has the right to setoff all or any portion of any amount payable to any Merck Released Party pursuant to the indemnification provisions of the Release against an equal amount of any Settlement Payment.

**6.  Confidentiality.**  I agree to maintain in confidence, and shall not disclose to any person, the amount of any Settlement Payment (if any),  except as may be required by applicable Law; provided, that I understand that I may disclose such information to my immediate family members and to my counsel, accountants and/or financial advisors, if any (each of whom I shall, upon such disclosure, instruct to maintain and honor the confidentiality of such information).  I agree that if I breach this confidentiality provision, money damages would not be a sufficient remedy and, accordingly, without limitation of any other remedies that may be available at law or in equity, Merck shall be entitled to specific performance and injunctive or other equitable relief as remedies for such breach.

**7.  Medical Documentation Authorization.**  I have authorized my counsel to obtain and supply (or if I am not represented by counsel, I will obtain and supply) to Merck, the Claims Administrator, the Lien Resolution Administrator, the Special Master (and any Deputy Special Master) for the Program, the Chief Administrator for the Program, members of the Gate Committee



Hart, Deborah Dee          1112148

Faxed + mailed / 3/18/09 -

Vioxx Claims Administrator
115 South 15th Street Suit 400
Richmond, Virginia 23219-4209

Dear Diane Bates:

I have called the attorneys to get my tolling agreement, it was signed on March 1, 2005. As soon as I get my contract from the attorney, I will overnight express it. I am sending you my forms if there are anything you need you will have it.

I know you will be glad when all this litigation is settled, hats off for the undertaking. We been talking and you said everything was in line!

Deborah Hart
VCN : 1112148

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              2170
RECIPIENT ADDRESS     17139606096
DESTINATION ID
ST. TIME              12/13 11:42
TIME USE              01'35
PAGES SENT            10
RESULT               OK
```



**FedEx Kinko's.**
Office and Print Center

**Fax Cover Sheet**

①

---

FedEx Kinko's of Charlotte/Matthews, NC    Telephone: 704.321.2973    Fax: 704.321.2974

Date _12-18-05_                    Number of pages _____ (including cover page)

**To:** _Attention /_                    **From:**

Name _Attorney Michael Watson_    Name _Deborah Dee Street_

Company _The Vioxx Litigation Consortium_    Company _R/T Vioxx Claim_

Telephone _1-800-706-8667_    Telephone _704-537-8497_

Fax _1-713-760-6096_
_1-713-222-0515_

Comments _Please respond ASAP. I took Vioxx for 4 years_
_Enclosed is EKG from 3/30/01 & 3/4/05._
_Note I have myocardial damage / note ST-T wave_
_Flattening. My EKG was normal on 3/30/01 prior_
_to taking Vioxx._

More than 1,200 locations worldwide. For the location nearest you, call 1.800.254.6567. Visit our website at fedexkinkos.com.

# MEDICAL AND JOB WORKSHEET - ADULT

This worksheet can help you to prepare for your interview or to complete the Disability Report on the Internet. It lists some of the information we will ask you. You may want to write down some of this information in the space provided so you will have it at the interview. We will not collect this worksheet.

**A.** When did you become unable to work? (Month/Day/Year) _7/02/04_

**B.** What **medical condition(s), illness(es) or injury(ies)** limits your ability to work? _fibromyalgia, Heart attack, Osteoarthritis, lump in breast in R breast, Cardiac problems, Right hip pain, and depression, Asthma, weakness in legs & hips_

**C.** We will ask you about your medical treatment. What **doctor/HMO/therapist or other person treated your condition(s), illness(es) or injury(ies)** or whom do you expect to treat you in the future? What **month and year** were you there, or expect to go there next?

| Name, Address, Phone, and Patient ID Number(s) | Date(s) |
|---|---|
| The Sanger Clinic, PA  1001 Blythe Blvd Suit 300 Charlotte NC 282003 | 3/11/2005 |
| Dr. Sewalyn Spangtha 1-1918 Randolph Rd  Charlotte Lung & Health  Charlotte, N.C. 28207 | 2000 - 2004 |
| Catawha Valley Medical Center (ER visits)  Hickory NC. | 12/2004  5/2005 |
| Tallahasse Memorial Regional Center.  Magonolia Drive Tallahasse, Florida  1 32308-8257. | 4/11/98 |
| | |
| | |

**D.** What **hospitals, clinics, or emergency rooms** have you been to, or expect to go to? What **month and year** were you there, or expect to go there next?

| Name, Address, Phone and Hospital/Clinic Number(s) (SC #4/1235) | Date(s) |
|---|---|
| The Sanger Clinic, Charlotte, NC 2r203  1001 Blythe Blvd, Suit 300  704-373-0212 | 3/11/2005 |
| Catawba Valley Hospital Hickory, NC.  Medical Center (ER) visit | 5/12/2005 |
| Dr. Sedung Spangtha1  1918 Randolph Rd Charlotte NC  Charlotte Lung & Health, 28207  704-342-8143 | 2000 - 2004 |
| | |

Form SSA-3381 (8/2003)

**OVER**

PHARMACY NAME: CVS PHARMACY #3694
ADDRESS: 2325 VILLAGE LAKE DRIVE
CITY, ST, ZIP: CHARLOTTE          NC 282120000

PATIENT KEY:   02968701
PATIENT NAME:  DEBORAH HART
ADDRESS:       1006 PINEBOROUGH RD
CITY, ST, ZIP: CHARLOTTE          NC 282120000

TELEPHONE:     704-537-8497
BIRTHDATE:     01/05/1950
SEX:           F
RELATIONSHIP:  H

CVS PHARMACY #3694
PATIENT PRESCRIPTION RECORD
01/01/2004 THRU 12/31/2004

PAGE:   1
DATE: 05/04/2005   TIME: 10:41:31

CURRENT ALLERGIES ON RECORD:
15 SULFONAMIDE MOIETY-CONTAINING DRUGS
07 TETRACYLINE ANALOGUES
09 MACROLIDE ANTIBIOTICS

CURRENT CONDITIONS ON RECORD:
None communicated by the patient

| RX NUMBER | RFL NUMBER | NDC DRUG DESCRIPTION | PRESCRIBER NAME | DATE FILLED | RPH INT | QUANT DISP. | PRIMARY PAYER # | SCDRY PAYER # | TOTAL PRICE | PRIMARY PD AMT | SCDRY PD AMT | PATIENT PD AMT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 319085 | 2 | 00006011068 VIOXX 25 MG TABLET MSD | SPANGENTHAL, SELWYN* | 01/06/2004 GM PRIMARY AUTH #: | | 5 | 1 | SECNDRY AUTH #: | 18.19 | .00 | .00 | 18.19 |
| 319085 | 3 | 00006011068 VIOXX 25 MG TABLET MSD | SPANGENTHAL, SELWYN* | 04/12/2004 GM PRIMARY AUTH #: | 11 | | 1 | SECNDRY AUTH #: | 40.69 | .00 | .00 | 40.69 |
| 319085 | 4 | 00006011068 VIOXX 25 MG TABLET MSD | SPANGENTHAL, SELWYN* | 09/29/2004 JH PRIMARY AUTH #: | 15 | | 1 | SECNDRY AUTH #: | 54.59 | .00 | .00 | 54.59 |

SCRIPT COUNT:   3   TOTAL AMOUNTS:   113.47   .00   .00   113.47

_[Handwritten note:]_

I have my & the records, I will fax them
to you if you will give me your fax. I have
to request them from the Cardiologist. Thank you

Sincerely
Deborah Hart RN

# IMPORTANT INFORMATION
# FOR PATIENTS TAKING VIOXX® (rofecoxib)



September 30, 2004

### *Merck Voluntarily Withdraws VIOXX*

Dear VIOXX Patient:

Merck & Co., Inc. announced today a voluntary withdrawal of VIOXX®.

This decision is based on new data from a three-year clinical study. In this study, there was an increased risk for cardiovascular (CV) events, such as heart attack and stroke, in patients taking VIOXX 25 mg compared to those taking placebo (sugar pill). While the incidence of CV events was low, there was an increased risk beginning after 18 months of treatment. The cause of the clinical study result is uncertain, but our commitment to our patients is clear.

Patients who are currently taking VIOXX should contact their health care providers to discuss discontinuing use of VIOXX and possible alternative treatments. In addition, patients and health care professionals may obtain information from merck.com and vioxx.com or may call 1-888-368-4699.

Merck will reimburse all patients for their unused VIOXX. All dosage strengths and formulations of VIOXX are affected by this voluntary withdrawal. Information can be found at vioxx.com or at 1-888-368-4699.

Merck is notifying physicians and pharmacists and has informed the Food and Drug Administration of this decision.

We are taking this action because we believe it best serves the interests of patients. That is why we undertook this clinical trial to better understand the safety profile of VIOXX. And it's why we instituted this voluntary withdrawal upon learning about these data.

Be assured that Merck will continue to do everything we can to maintain the safety of our medicines.

Raymond V. Gilmartin,
Chairman, President & CEO

Please read the Patient Prescribing Information for VIOXX.



## PRO SE REGISTRATION AFFIDAVIT

By completing and signing this Registration Affidavit, I certify pursuant to 28 U.S.C. § 1746 to all the information in this Affidavit. I make this certification pursuant to the November 9, 2007 Order regarding registration of plaintiffs.

### A. PLAINTIFF INFORMATION

| Name | Last Hans | First Deborah | Middle Dee |
|---|---|---|---|
| Date of Birth | 01 / 05 / 50 (Month/Day/Year) | Social Security Number | 244 78 6800 |

| Current Address | Street 1006 Pinehurst Rd | | | |
|---|---|---|---|---|
| | City Charlotte | State Nc | Zip 28212 | Country Meck |

| Telephone Number | Daytime | Evening | Email |
|---|---|---|---|

### B. LAWSUIT INFORMATION

I represent myself in the following lawsuit:

| Case Caption | |
|---|---|
| Docket Number | | Date Filed | / / (Month/Day/Year) |

### C. INJURY INFORMATION

I claim that I sustained a personal injury as a result of taking Vioxx®. I have marked the category of my injury and specified the date and place of my injury below:

☒ Myocardial Infarction or Sudden Cardiac Death

☐ Ischemic Stroke (not a hemorrhagic stroke or a transient ischemic attack)

☒ All other Injuries 8/20/2001 pain, unable to function

| Date of Specified Injury | 8/17/2002 (Month/Day/Year) | Place of Injury | Home |
|---|---|---|---|

### D. USE OF VIOXX®

I took Vioxx before my claimed injury. I have specifically checked the category below that corresponds to my duration of Vioxx® use.

Check One:

☐ Duration of use up until the specified injury of 12 months or less

☒ Duration of use up until the specified injury of more than 12 months

### E. SIGNATURE

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | 03/17/08 (Month/Day/Year) | Deborah Dee Hans Pro Se Claimant |
|---|---|---|

**E. What medications do you take and why do you take them?  If they are prescribed, we will ask the doctor's name who prescribed them.** You can bring your prescription bottles with you.

| Name of Medication and Why You Take It | Doctor's Name |
|---|---|
| Vioxx / hip pain / chest pain | Dr. Spongethal |
| | Dr. Sewlyn Spongethal |
| Zoloft 50 mg = qd / depression = | Dr. Sewlyn Spongethal |
| Celebrex + hip pain | |
| ASA 355 mg qd (heart) problems + arrythmia | Dr. Naylor, The Songer Clinic |
| Nyordin = = Diarrhea = | Dr. Spongethal |
| Atrovent - asthma | |

**F. What medical tests have you had or are going to have?** We will ask the **name of the place** where you were tested, the **date of the test**, and the **name of the person who sent you** for the test(s).  —No insurance

Test need to be done

| Name of Test | Place Where Tested | Person Who Sent You | Date(s) |
|---|---|---|---|
| Echocardiogram | CMC | Needs | 3/11/2005 |
| Cardiac Wall Motion test | CMC | The Songer Clinic | 3/11/2005 |
| EKG - stress test | CMC | (Need)s " | 3/11/2005 |
| X Ray on (R) hip | CMC | (needs) Spongethal # | 3/11/2005 |
| (?) Maybe Cardiac Cath. | CMC | The Songer Clinic | 3/11/2005 |
| Dual isotope study needed + (need biopsy of @ breast lump + mammogram) | | | |

**G. What is your medical assistance number?** _____ none _____

**H. What kind of work have you done in the 15 years before you became disabled?** We will ask you for the information below.

| Job Title (e.g., Cook) | Type of Business (e.g., Restaurant) | Dates Worked (month & year) From: To: | Hours Per Day | Days Per Week | Rate of Pay (Per hour, week, year) |
|---|---|---|---|---|---|
| 1. RN | Nursing / Hospital & Hosp. | 1979 / 1986 | 8-9 | 40 | $ 7.25/hr |
| 2. RN | Nursing (Nrsg) | 1986 / 96 | 10-12 | 50 (16) | $ 18.00 |
| 3. RN | Nursing (Hospital) | 996 / 2000 | 8-10 | 40 | $ 20.00 |
| 4. RN | Nursing | 2000 / 2004 | | 40 ?? | $ 28.00/HR Cannot remove |
| 5. RN | Nursing | 2004 - 2006 2004 - 2 months | | | $ |
| unable to work | | | | | |

**Keep your appointment. Do not delay filing even if you do not have all of the information. We will help you get any missing information.**

Form SSA-3381 (8/2003)

*U.S. Government Printing Office: 2004—307-602

Merck & Co., Inc.
U.S. Human Health
P.O. Box 1000
North Wales, PA 19454-1099

July 24, 2009

 **MERCK**

Deborah D. Hart
1006 Pineborough Road
Charlotte, North Carolina  28212

      Re:  Vioxx Claim

Dear Ms. Hart:

You contacted Merck & Co. this week to seek clarification about the status of your Vioxx claim.  You stated that you submitted your claim in 2005.  However, Merck first learned of your claim in February 2008.  When you contacted Merck in 2008, you sent a package of information that included documents dated in 2005 regarding The VIOXX Litigation Consortium.  The VIOXX Litigation Consortium is a group of plaintiffs' lawyers who filed cases against Merck on behalf of people who claim to have taken VIOXX and suffered injuries.   This group never filed a complaint against Merck or otherwise alerted Merck to your claim.

When you contacted Merck in 2008, we referred you to Brown Greer, the claims administrator for the VIOXX settlement, and you acknowledge you have had discussions with Diann Bates from Brown Greer regarding your claim.  As Diann has explained to you many times, you are not eligible to participate in the settlement program.

To be eligible for participation in the program, each of the following conditions must be satisfied:

1) You (or the individual whose claim you are asserting) must be a legal resident of the United States or have suffered the claimed injury in the United States;

2) You (or the individual whose claim you are asserting) must have filed a lawsuit against Merck regarding your alleged Vioxx injury on or before November 9, 2007 or entered into a tolling agreement with Merck with regard to the claim; and

3) You (or the individual whose claim you are asserting) must claim to have suffered a myocardial infarction (heart attack), an ischemic stroke, or a sudden cardiac death.

The settlement program is the result of a private agreement; it is not a class-action settlement. One of the primary terms of the settlement is that it applies only to claims that had been asserted against the Company as of November 9, 2007 either as lawsuits or pursuant to a tolling agreement. It seems you are having difficulty understanding this element of eligibility.

You have completed and returned a number of forms to Brown Greer that relate to the settlement program – none of these forms is a tolling agreement. We have no record that you had a tolling agreement with Merck. Merck stopped entering into tolling agreements in April of 2007, so in order to have a tolling agreement with the Company, you or someone acting on your behalf would have had to have taken action prior to April of 2007. There is no form that you can complete now to satisfy this requirement.

While you contacted The Vioxx Litigation Consortium in 2005, no claim was asserted against Merck on your behalf and Merck had no knowledge of your claim until you contacted the Company in February of 2008. As a result, you are not eligible to participate in the settlement program. There is nothing further that Brown Greer can do for you.

Merck is not resolving VIOXX claims outside the settlement, so we cannot offer you the compensation you seek.

Sincerely,

Dionna K. Litvin
Assistant Counsel


cc:    Kim Ingham. Merck & Co., Inc.
       Diann Bates, Brown Greer

## PRO SE REGISTRATION AFFIDAVIT

By completing and signing this Registration Affidavit, I certify pursuant to 28 U.S.C. § 1746 to all the information in this Affidavit. I make this certification pursuant to the November 9, 2007 Order regarding registration of plaintiffs.

### A. PLAINTIFF INFORMATION

| Name | Last _Hant_ | First _Deborah_ | Middle _Dee_ |
|---|---|---|---|

| Date of Birth | 01 - 05 50 (Month/Day/Year) | Social Security Number | 264 78 6800 |
|---|---|---|---|

**Current Address**

| Street | 1006 Pinehonuf Rd | | | |
|---|---|---|---|---|
| City _Charlotte_ | | State _NC_ | Zip _28212_ | Country _Meck_ |

| Telephone Number | Daytime 828 729-6860 | Evening | Email _deb_hant@yahoo_ |
|---|---|---|---|

### B. LAWSUIT INFORMATION

I represent myself in the following lawsuit:

| Case Caption | Registration Order / Lis 1657 3-9-2005 |
|---|---|
| Docket Number | MDL Docket No 1657 — Date Filed 3-9-2005 (Month/Day/Year) With Attorney |

### C. INJURY INFORMATION

I claim that I sustained a personal injury as a result of taking Vioxx®. I have marked the category of my injury and specified the date and place of my injury below:

☒ Myocardial Infarction or Sudden Cardiac Death

☐ Ischemic Stroke (not a hemorrhagic stroke or a transient ischemic attack)

☒ All other Injuries 8/20/2001 pain, unable to function

| Date of Specified Injury | 8/20/2001 2/17/2002 (Month/Day/Year) | Place of Injury | Home |
|---|---|---|---|

### D. USE OF VIOXX®

I took Vioxx before my claimed injury. I have specifically checked the category below that corresponds to my duration of Vioxx® use.

Check One:

☐ Duration of use up until the specified injury of 12 months or less

☒ Duration of use up until the specified injury of more than 12 months

### E. SIGNATURE

I certify under penalty of perjury that the foregoing is true and correct.

| Date Signed | 03/17/08 (Month/Day/Year) | _Deborah Dee Hant_ Pro Se Claimant |
|---|---|---|

V2010

# MEDICAL AND JOB WORKSHEET - ADULT

**This worksheet can help you to prepare for your interview or to complete the Disability Report on the Internet.  It lists some of the information we will ask you.  You may want to write down some of this information in the space provided so you will have it at the interview. We will not collect this worksheet.**

**A.** When did you become unable to work? (Month/Day/Year) _____ 7/02/0*
*(the year appears overwritten)*

**B.** What **medical condition(s), illness(es) or injury(ies)** limits your ability to work? _fibromyalgia,_
Heart attack      Osteo arthritis    lump in breast in R breast
Cardiac problems, Right hip pain, and depression, Asthma
weakness in legs + hips-

**C.** We will ask you about your medical treatment.  What **doctor/HMO/therapist or other person treated your condition(s), illness(es) or injury(ies)** or whom do you expect to treat you in the future?  What **month and year** were you there, or expect to go there next?

| Name, Address, Phone, and Patient ID Number(s) | Date(s) |
|---|---|
| The Sanger Clinic, PA  1001 Blythe Blvd Suit 300  Charlotte NC 282003 | 3/11/2005 |
| Dr. Sewlyn Spangethol-1918 Randolph Rd  Charlotte Lung & Health  Charlotte, N.C. 28207 | 2000 - 2004 |
| Catawba Valley Medical Center (ER visits)  Hickory NC | 12/2004   5/2005 |
| Tallahasse Memorial Regional Center-  Magnolia Drive Tallahasee Florida  1 32308-8257 . | 4/11/98 |

**D.** What **hospitals, clinics, or emergency rooms** have you been to, or expect to go to? What **month and year** were you there, or expect to go there next?

| Name, Address, Phone and Hospital/Clinic Number(s) (SC #41235) | Date(s) |
|---|---|
| The Sanger Clinic, Charlotte, NC 28203  1001 Blythe Blvd, Suit 300  704.373-0212 | 3/11/2005 |
| Catawba Valley Hospital, Hickory, N.C.  Medical Center (ER) visit | 8/12/2005 |
| Dr. Selwyn Spangethol  1918 Randolph Rd Charlotte NC  Charlotte Lung & Health, 28207  704. 342-8143 | 2000 - 2004 |

Form SSA-3381 (8/2003)                                                    **OVER**

**E.** What **medications** do you take and **why** do you take them? **If they are prescribed,** we will ask the **doctor's name** who prescribed them. You can bring your prescription bottles with you.

| Name of Medication and Why You Take It | Doctor's Name |
|---|---|
| Vioxx / hip pain + chest pain | Dr Spangthal |
| Zoloft 50 mg: qd / depression | Dr. Sewley Spangthal |
| Celebrex + hip pain | Dr. Sewley Spangthal |
| ASA 355 mg, qd (heart) problem + arrythmia | Dr. Naylor |
| Nardmin — Incontinence | The Sanger Clinic |
| Atrovent — asthma | Dr. Spangthal |

**F.** What **medical tests** have you had or are going to have? We will ask the **name of the place** where you were tested, the **date of the test**, and the **name of the person** who sent you for the test(s).

Test need to be done - No insurance

| Name of Test | Place Where Tested | Person Who Sent You | Date(s) |
|---|---|---|---|
| Echocardigram | CMC | Need | 3/11/2005 |
| Cardiac Wall Motion test | CMC | The Sanger Clinic | 3/11/2005 |
| EKG stress test | CMC | (Need)s " | 3/11/2005 |
| X ray on (R) hip (?) | CMC | (needs) Spangthal " | 3/11/2005 |
| maybe Cardiac Cath. | CMC | The Sanger Clinic " | 3/11/2005 |

dual isotope study needed + (need biopsy of (R) breast lump + mammoiglom)

**G.** What is your **medical assistance number?** none

**H.** What **kind of work** have you done in the 15 years before you became disabled? We will ask you for the information below.

| Job Title (e.g., Cook) | Type of Business (e.g., Restaurant) | Dates Worked (month & year) From: To: | Hours Per Day | Days Per Week | Rate of Pay (Per hour, week, year) |
|---|---|---|---|---|---|
| 1. RN | Nursing (Hospit (Hosp.)) | 1979 / 1986 | 8-9 | 40 | $ 7.25/hr |
| 2. RN | Nursing (Nursg) | 1986 / 96 | 10-12 | 50 (16) | $ 18.00 |
| 3. RN | Nursing (Hospital) | 1996 / 2000 | 8-10 | 40 | $ 20.00 |
| 4. RN | Nursing | 2000 / 2004 | | 40 ?? | $ 28.00/HR Cannot remember |
| 5. RN | Nursing | 2004 - 2006 | | 60 | $ |
| unable to work | | 2006 - 2 months | 0 | | |

> **Keep your appointment. Do not delay filing even if you do not have all of the information. We will help you get any missing information.**

*U.S. Government Printing Office: 2004—307-602

## RELEASE OF ALL CLAIMS

| CLAIMANT | | | | |
|---|---|---|---|---|
| **Name** | First<br>Deborah | Middle<br>Dee | | Last<br>Hart |
| **Address** | Street<br>1006 Pineborough Rd. | | | |
| | City<br>Charlotte | | State<br>North Carolina | Zip<br>28212 |
| **Social Security Number** | 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 | | **Date** | 3 / 12 / 2008<br>(month)   (day)   (year) |

| DERIVATIVE CLAIMANTS (If none, check here: ✓) | | | | |
|---|---|---|---|---|
| **Name** | First | Middle | | Last |
| **Address** | Street | | | |
| | City | | State | Zip |
| **Social Security Number** | | | **Date** | /   /<br>(month)   (day)   (year) |

Hart, Deborah Dee          1112148

29/29

IN WITNESS WHEREOF, I have executed this Release effective as of the date set forth under my name below:

RELEASOR:

By _Deborah Dee Hart_

Name: Deborah Dee Hart

Title:

Social Security No.: 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

Dated: _244 - 78 - 6900_

## NOTARIZATION OF RELEASOR'S SIGNATURE

STATE OF _North Carolina_ COUNTY OF _Mecklenburg_ SS.:

I hereby certify that on _June 27_, 200_9_, _Deborah Dee Hart_

personally came before me and acknowledged under oath to my satisfaction that this person: (a) is

named and personally signed this document; and (b) signed, sealed and deliver this document as his

or her act and deed.

_Chaniese Stokes Collins_

Notary Public of the State of _NC_

my commission expires:
June 10, 2011

Sent | 2005
| 2007
| 2008
| 2009

Hart, Deborah Dee        1112148

9