KAren Sandlin
For JAmes Sandlin
14314 Saddlewood
N.L.R. Ark. 72117

(501) 961-2704
cell 412-4083

RECEIVED

OCT - 2 2009

CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

TO: Judge Eldon Falon.

We feel that James Sandlins
Vioxx case was not Handled Right.
First He took Vioxx from December 2003
till September 2004. You can see from
the pharmacy Records, he did not miss
a month or a day. Vioxx was taken off
the market in September 2004. He went
to the Doctor the 3rd week of September
2004 for a possible stroke. DR. Pledger
sent him for a Coratid Doppler test
September 14, 2004 and also a mRI/MPA
of the brain. Had all his medical
Records been gotten from Babtist memorial
Hospital at Springhill drive in North little
Rock, you would see he was being
Checked for a possible stroke.
He had left eye blindness and left leg
numbness and tingling. He had the
test done where they shock your
legs to check for nerve damage.
He had Bad enough damage the
Doctor who did his Quadruple bypass
In may 2005, said they couldn't
use the veins from the left leg

RECEIVED

OCT - 2 2009

CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLO.

From: Dearled Knotts
7207 Terra Cotta Rd.
San Diego, Ca 92114

To: The Honorable Federal Judge Fallen and the Special Master,

I Dearled Knotts, I,m writing to dispute the points given
and the points taken away by the board. I sent a letter prior
to this one rejecting there offer and appealing to the Special
Master. This is a perfect example of whats going on. The
Attorney that took over Claudia's place, who which just quit
or disappeared, I don*t know , she never contacted us at all.
This new Attorney (Ira), we haven't heard from him in a
couple of months! This Appeal he's requesting has already
been done on the form's and in the proper manner they requested.
I guess he woke-up. If you look at the notice of points awards
sheet enclosed, go to #2. Age of Event: 40-44, this is incorrect-
I started taking vioxx at the age of 39 years old, also my first
and second stroke was at age 39. I just turned 40 when I had my
first Heartattack. Since then, I had over 150 mini strokes over
the years. My Villa View Hospital Medical Records, shows this!
Being in the 30's taking vioxx gives me more points. The over
all duration of Vioxx Use: 6-18m, this is incorrect, I took
vioxx for 5½ years 3 times a day! Obesity: I never gained weight
until I had been on vioxx awhile. I'm 6'4" and I weighted 240pds
I wqs a kickboxer professional! I stayed in shape. When I stopp-
ed taking vioxx I was 480 pds. As of today, I'm 260 pds. Come
this Oct. I will be 50 years old, all the weight gain was from
the vioxx use. Length of Use: I was on vioxx for 5½ years, and
they have me down for 4 years with a startind date of 2000. I
started in 1999 and I had 2 strokes before age 40. Also, at the
age of forty I had my first heartattack. This is all in my Villa
View Hospital Records. To my understanding you get points by

2

category of 30's, 40's, 50's and so on, the 30's give you more
money.  Is this why my begining years at villa view is not there!
    Even when vioxx had been discontinued, my docter Ordered, that
I continued, because they could not find a subsitute, during
this time I suffer 2 more strokes and another heartattack. I
suffer still to this day.  I presently have a live-in/health
aide.  Smoking:  I started smoking after the accident. I was a
professional Kick boxer.  I was always in great shape. Smoking
doesn't ENLARGE THE HEART, nor does it give STROKES or HEARTAT
TACKS.  Smoking causes cancer!  The simptom's and the results
are totally different. I smoking has nothing to do with what
VIOXX! has done to my heart, body and life. 70 points is outrage-
eous.  High Blood Pressure: I never had high blood pressure until
after my first stroke while on Vioxx.  After stopping vioxx my
blood pressure went back to normal.  It's been normal ever
since.  Diabetus: I also never had diabetus till after my first
stroke.  High Cholesterol: I also didn't have high cholesterol
till after my second stroke. Vioxx has totally ruin my life.
    The offer they presented, I felt that was a slap in the face.
    It's fits with the missing documents and medicine bottles of
vioxx,  threats from the attorney.  I have sent my records by
federal express at least 10 times or more.  The attorney Claudia
Santanyo, sent me a copy of what was suppose to be submitted to
the board.  I was outraged all the important documents were miss-
ing and everything else was shuffle together!  I call Diana Bates
and express mail another copy of my file.  She stated that if I
hadn't put my care-giver's name on the return side of the packet,
she wouldn't have gotten it. Claudia Santanyo left the law firm
and didn't say a word to us.  After a month or so I tryed contact
you, Your Honor!  Only to find out by the new clerk that I'm not
to call you at all.  I finally find out who's taking over my
case, his name is Ira.  This appeal Ira requested, and gave us
six days to get in.  We had submitted this appeal two weeks ago,
    This is how far on the back burner we had been put.  The thre-

3

atening letter to go public got his attention!  Where was he
while this whole process was being done. I'm totally disabled
with a brain disorder,  Before the settlement, their were
only 30,000.00 people in the settlement, all were Phillips &
Assoc., it was announced on all the major news stations, that
the settlement was only for the 30,000.00 phillips & Assoc.
clients!  Were did this other 29,000.00 people come from.

 Also, why all the serious are being kick out and replaced
by a much less serious case.  I know I was kicked out!  Now
out of the 30,000.00 people, I was in the top 100 case they
were bring to court!  Out of the 100 cases I was told I was
in the top ten!  I am one of the youngest people and took
Vioxx longer than most. How did I go from one of the strongest
case in 30,000.00 people, to being kicked out, evidence being
removed from my record, threaten by my attorney, totally
being ignored.  But, most of all, I get offered spit for ruin-
ing my life!  What they offered, my monthly medicine bill
exceeds that amount.  Your Honor, I'm requesting that if poss-
ible for you to pull my case and you my the decision, based
on the documents I sent you!  I remember all the problems we had
concerning the problems then, and those records aren't totally
complete.  thanks to Phillips & Assoc., Your Honor's:  Calif-
ornia has a, Resolution 01-07-2002 amends California Civil
Code Section 3345, which a person can recover up to 3 times
the amount, due to unfair 0r decetive acts or practices or
unfair methods of competition. I hope you have something
equivalent, because whats being done to me is criminal.  Please
call me at (619) 267-1450, just to let me know at least received
the appeal/letter.

                                        Sincerely

                                        Dearled Knotts

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia 23285-5031 | Richmond, Virginia 23219-4209 |

August 25, 2009

**By U.S. Mail**

Dearied Knotts
7207 Terra Cotta Road
San Diego, CA 92114

Re:    **Claims Administrator Notice of Points Award**
       **Vioxx Claim Number (VCN): 1011037**

Dear Mr. Knotts:

Enclosed you will find a Claims Administrator Notice of Points Award for your Vioxx claim. You previously received a Notice of Eligibility notifying you that your claim satisfied the Eligibility Requirements set forth in the Settlement Agreement because it passed the Injury, Duration and Proximity Gates. A claim must pass all three Gates to be determined eligible, but must then undergo a review for Claims Package completeness and, when determined *complete,* a Points Assessment and Notice of Points Award. The purpose of this Notice is to tell you that your claim has completed its Points Assessment and to provide you with the enclosed Notice of Points Award. The Notice of Points Award is for your records and does not need to be returned to the Claims Administrator.

Now that you have received your Notice of Points Award, there are several options available to you related to your Points Assessment. You must use the enclosed Response to Notice of Points Award for Unrepresented Claimants to tell the Claims Administrator which one of those options you choose.

1.     The first option is for claimants who agree with their Notice of Points Award and want to accept it. Select "I Accept the Points Award and Will Not Appeal" on the Response to Notice of Points Award form, if you wish to accept your Award. Acceptance of this Points Award will place this claim in line for payment (see Section VIII of the Notice), assuming that your claim satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement. The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment. **Your Acceptance of this Notice of Points Award shall be final and binding.** Your Notice of Points Award may be subject to government lien obligations under the Settlement Agreement. If your claim is subject to government lien obligations as specified in Section VII of the Notice of Points Award and you select this option, you are agreeing to the payment of these liens from your benefits.

2.      The second option is for claimants who want to accept their Notice of Points Award, but who do not agree with their Governmental Lien Resolution amount in Section VII of the Notice of Points Award. Select "I Accept the Notice of Points Award but Object to the Governmental Lien Resolution Amount," if you object to the lien amount.  Read *Information About Resolving Governmental Medical Liens for the Vioxx Settlement Program* or contact the Lien Resolution Administrator at (877)774-1130, if you have any questions about your Government Lien Resolution amount.

3.      The third and final option is for claimants who do not agree with their Notice of Points Award and wish to appeal the Notice.  Select "I Appeal This Points Award and Have Listed the Factors I Wish to Appeal in the Chart Below," if you want to appeal your Notice of Points Award.  As identified in Section II of your Notice of Points Award, a number of factors determine your Total Points Calculation.  Those factors fall into three categories:  (1) Basis Points, (2) Label and Consistency Adjustments, and (3) Risk Factor Adjustments.  The determinations for your claim appear in Section II of the enclosed Notice of Points Award and are repeated in Section III of the enclosed Response to Notice of Points Award. If you select the option to appeal your Notice of Points Award, you must complete the Factor(s) to be Appealed section of the Response to Notice of Points Award and you must support your appeal by adding comments that either refer to the previously submitted medical records you believe support your position or provide a new record that supports the appeal.  If you wish to provide a new record in support of your appeal, that record *must* be sent with the Response to Notice of Points Award in order for it to be considered.  This will be your last opportunity to provide new materials or explanations during the appeal process.  You should be aware that during the appeal process the number of points may decrease, if additional factors are discovered that lower the value of the claim.

If you have any questions, you may contact the Claims Administrator's Pro Se Coordinator, Diann Bates, at the above mailing address, toll free at (866) 866-1729, by direct dial at (804) 521-7220, by email at dbates@browngreer.com, or by facsimile at (804)521-7299. You may also contact the Pro Se Curator, Robert M. Johnston, at (504) 561-7799 or by email at ijr@ahhelaw.com.  By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program.

Sincerely,

*Diann W. Bates*

Diann Bates
Pro Se Coordinator

Enclosures

V1004v.4
#345508
8/21/08

2

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
Facsimile: (804)521-7299
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia 23285-5031 | Richmond, Virginia 23219-4209 |

August 25, 2009

**_By U.S. Mail_**

Dearled Knotts
7207 Terra Cotta Road
San Diego, CA 92114

      **Re:**    **Claims Administrator Notices Regarding Your Claim**
            **Vioxx Claim Number (VCN): 1011037**

Dear Ms. Espinoza:

      Enclosed, you will find the following Notices regarding your Vioxx claim:

      1.    A Notice of Special Master Determination, which is in response to your appeal of your Failing Injury.

      2.    A Gate Committee Notice of Eligibility.

      3.    A Notice of Points Award

      If you have any questions, you may contact the Claims Administrator's Pro Se Coordinator, Diann Bates, at the above mailing address, toll free at (866) 866-1729, by direct dial at (804) 521-7220, by email at dbates@browngreer.com, or by facsimile at (804)521-7299. You may also contact the Pro Se Curator, Robert M. Johnston, at (504) 561-7799 or by email at ijr@ahhelaw.com. By Order dated February 12, 2008, the Court supervising the Vioxx Settlement Program appointed the Pro Se Curator to provide assistance to Pro Se Claimants in connection with the Settlement Program.

                      Sincerely,

                      *Diann W. Bates*

                      Diann Bates
                      Pro Se Coordinator

Enclosures

Confidential Information

| V2064 | NOTICE OF SPECIAL MASTER DETERMINATION<br>(Dual Injuries With only One Passing)<br>(Date of Notice: 8/25/09) | | |
|---|---|---|---|

## I.  CLAIMANT INFORMATION

| Claimant Name | Knotts, Dearled | | VCN | 1011037 |
|---|---|---|---|---|
| Law Firm | Pro Se | | | |

| Primary Injury: | IS | Date of Injury: | 11/14/00 | Secondary Injury: | MI | Date of Injury: | 7/14/04 |
|---|---|---|---|---|---|---|---|

## II.  SPECIAL MASTER DETERMINATION

The Special Master has made the following determination(s) regarding the Gates and Eligibility of the Primary and/or Secondary Injuries.  If all three Gates under the Primary or Secondary Injury are "Pass," that Injury Claim has been found Eligible either by the Claims Administrator, the Gate Committee or the Special Master.  If even one Gate under the Primary or Secondary Injury is "Fail," that means the Special Master has found that Injury Claim to be Ineligible.

| | GATE | Primary Injury | Secondary Injury |
|---|---|---|---|
| 1. | Duration | Pass | Fail |
| 2. | Proximity | Pass | Pass |
| 3. | Injury | Pass | Pass |
| 4. | Claim Determination | Eligible | Ineligible |

## III.  FINAL DETERMINATION

1. **Eligible Claim**.  The Claims Administrator will now commence Points review on the Eligible Injury Claim.  When reviewing this Claim for Eligibility, the Special Master did not review the Claims Package to determine whether it is complete under Section 1.3 of the Settlement Agreement.  The Claims Administrator will now conduct this completeness review.  If the Claims Package is deficient, you will receive a Notice of Incomplete Claims Package.  If the Claims Package is complete, the Claims Administrator will then review the claim for Points Assessment and will issue you a Notice of Points Award.  The Notice of Points Award may be subject to governmental lien obligations under Article 12 of the Settlement Agreement and/or an audit pursuant to Article 10 of the Settlement Agreement.

2. **Ineligible Claim**.  Pursuant to 2.6.3 of the Settlement Agreement, the Special Master's decision on this claim is final, binding, and Non-Appealable.  In accordance with Section 2.7.2, the Claimant has no further rights with regard to the Injury found Ineligible by the Special Master.

*Confidential Information*

| V2061 | GATE COMMITTEE NOTICE OF ELIGIBILTY |
|-------|--------------------------------------|
|       | (Date of Notice: 8/25/09)            |

## I. CLAIMANT INFORMATION

| Claimant Name | Knotts, Dearled | | VCN | 1011037 |
|---------------|-----------------|---|-----|---------|

| Primary Injury: | IS | Date of Event: | 11/14/00 | Secondary Injury: | N/A | Date of Event: | N/A |
|-----------------|----|----------------|----------|-------------------|-----|----------------|-----|

## II. GATE COMMITTEE DETERMINATION

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Gate Committee has determined that this claim satisfies the Eligibility Requirements set forth in the Settlement Agreement because it passes the Injury, Duration, and Proximity Gates. When reviewing the claim for Eligibility, the Gate Committee did not review the Claims Package to determine whether it is complete under Section 1.3 of the Settlement Agreement. The Claims Administrator will now conduct this completeness review. If the Claims Package is deficient, you will receive a Notice of Incomplete Claims Package. If the Claims Package is complete, the Claims Administrator will then review the claim for Points Assessment and will issue you a Notice of Points Award. The Notice of Points Award may be subject to governmental lien obligations under Article 12 of the Settlement Agreement and/or an audit pursuant to Article 10 of the Settlement Agreement.

| v2046A | **RESPONSE TO NOTICE OF POINTS AWARD**<br>**FOR UNREPRESENTED CLAIMANTS**<br>**Date of Notice: 8/25/09**<br>**Deadline for Noting an Appeal: 9/9/09**<br>**Deadline for the Submission of Documents in Support of Appeal: 9/24/09** |
|---|---|

### I. IDENTIFYING INFORMATION

| Claimant Name | Dearled Knotts | | | Social Security Number | | 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 |
|---|---|---|---|---|---|---|
| VCN Number | 1011037 | **Enrollment Status** | Enrolled | **First Confirmed Vioxx Use** | | 5/1/00 |

### II. CLAIMS ADMINISTRATOR POINTS AWARD DETERMINATION

The Notice of Points Award is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Points Award determination is subject to (i) appeal as set forth in Section 3.2.4 of the Settlement Agreement and (ii) quality control and audit procedures pursuant to Article 10 of the Settlement Agreement, but otherwise shall be non-Appealable, final, and binding on the claimant.

Your Total Points Award of **22.80** is listed in Section II, of the enclosed Notice of Points Award.   You have the following options for responding to your Notice of Points Award:

1.  You may accept the Points Award, or
2.  You may accept your Notice of Points Award, but object to the Governmental Lien Resolution amount assessed in Section VII.A. of the enclosed Notice of Points Award, or
3.  You may appeal your Notice of Points Award.

**Important Note: If you fail to appeal your Notice of Points Award by 9/9/09, the Notice of Points Award will be deemed accepted, final and binding.**  Indicate your Response to the Notice of Points Award by (1) checking **one** of the boxes in Section III below, (2) signing the Response in Section IV, and (3) returning the Response to Notice of Points Award to the Claims Administrator by 9/9/09 to the address listed in Section IV of this Response.

### III. REQUIRED RESPONSE TO NOTICE OF POINTS AWARD FOR UNREPRESENTED CLAIMANTS

You must select one of the following options related to your Notice of Points Award and return your Response to Notice of Points Award to the Claims Administrator by no later than 9/9/09.  After you select an option, complete any additional information required in that section before you return the Response.  If you do not return your Response to Notice of Points Award by 9/9/09 your Notice of Points Award determination will be deemed accepted, final and binding.

| 1. | ☐ **I ACCEPT THE NOTICE OF POINTS AWARD AND WILL NOT APPEAL.** |
|---|---|
| | Acceptance of this Points Award will place this claim in line for payment (see Section VIII of the Notice of Points Award), assuming that this claimant satisfies all other requirements to receive an Interim Payment and that the claim is not selected for audit under Article 10 of the Settlement Agreement.  The Points Award on any claim selected for audit may go up or down in audit, even if the claimant has accepted the Points Award and has received an Interim Payment.  Your Acceptance of the Notice of Points Award shall be final and binding. |

**Note: If you are appealing the Notice of Points Award, you must appeal by 9/9/09. If you fail to Appeal by 9/9/09, the Notice of Points Award will be deemed accepted, final, and binding.** Section II of the Notice of Points Award details three categories of factors which were considered in the calculation of your Total Points Award: (A.) Basis Points, (B.) Label and Consistency Adjustments and (C.) Risk Factor Adjustments. **If you appeal this Notice of Points Award, you must designate the issues you are appealing by listing the specific factor(s) you wish to appeal in the chart below. You must provide comments to support each factor you select, stating specifically why you disagree with the Claims Administrator's findings and by giving information about which medical record(s) support your position.**

When deciding whether to appeal, review Section II of your Notice of Points Award and decide which factors, if any, you believe have been assessed against your claim in error. For example, under Section II.A., Basis Points, if your age is listed incorrectly you can appeal that factor. In the chart below you would write "age" in the column next to Basis Points as a factor you wish to appeal. Then in the Comments column you would indicate your correct date of birth and which medical records support your position. Use this same process to review the Section II.B, Label and Consistency Adjustments, and Section II.C, Risk Factor Adjustments.

**Only list those factors you want to appeal**. For example, if you have been assessed for the risk factors of hypertension and smoking, and you disagree only with the hypertension assessment, list hypertension in the column next to Risk Factor Adjustments.

**If you wish to submit additional information in support of your appeal, you must do so by the date provided at the top of the Notice of Points Award.** Documents submitted more than 30 days after the date of the Notice of Points Award will not be considered by the Claims Administrator or the Special Master in reviewing your appeal. This deadline is binding and cannot be extended. The Claims Administrator will review your appeal, issue a Post-Appeal Notice of Points Award, and provide an explanation, you will have the opportunity either to withdraw your appeal or to submit your appeal directly to the Special Master. Upon receipt of an appeal, the Special Master will review the claim *de novo*. During either the Claims Administrator's or the Special Master's review during the appeal process, the number of points may decrease if additional factors are uncovered that lower the value of the claim. Any determination of the Special Master shall be final, binding and not subject to further appeal. The Special Master shall notify the Claims Administrator of its determination, and the Claims Administrator shall, promptly following receipt of such notice, notify the claimant, Merck and the NPC of the Special Master's determination. *You* are not required to submit additional information in order to appeal, but if you wish to do so you must do so within 30 days of the date of the Notice of Points Award. **This will be your last opportunity to provide additional materials or explanations during the appeal process.**

| CATEGORIES OF FACTORS | FACTOR(S) YOU WANT TO APPEAL | COMMENTS |
|---|---|---|
| **BASIS POINTS** | Duration of Vioxx Use Injury level | I took Vioxx almost 5yr's 3 times A day This add's up to 48 or more month of Vioxx Use! |
| **LABEL AND CONSISTENCY ADJUSTMENTS** | Label — Consistency — | We sent Empty Vioxx bottle + Med. document proving I consistently took Vioxx 3 times |

| CATEGORIES OF FACTORS | CON'T. FACTOR(S) to be APPEAL | CON'T Commets |
|---|---|---|
| | 4. DIAbetes— | 4. The records clearl show I became/ A Borderline Diabe AFTER the use c Vioxx! |
| RISK FACTORS ADJUSTMENTS CON4. | | |
| | 5. Smoking— | 5. YOUR A TOTAL OF 70% on Just Smo ing. I WAS the FLORIda STATE KicKing boxing CHAmp for YEAR before Vioxx I didn't smoke to after already USIN VIOXX! Smoking CAUSES CANCER, I doesn't cause you heart to ENLARGE 2½ times the no mal SIZE! |

From: Dearled Knotts
TCN # 1011037
207 Terra Cotta Road
San Diego, Ca.  92114

To: All whom it may concern:

The offer that was presented to me, in the amount of $4,251 0 a month, for a period of 4 years is a <u>slap</u> in the face!  That doesn't even cover my monthly medicine bill.  Let me explain som- ethings to you!  Phillips & Assoc. started as my attorney of record.  Phillips & Assoc. had about 30,000 clients during the Court procedures.  They took the top 100 cases to Court.  I was in the top 10 of that hundred. Check the Court records.  At that time the settlement was just for the Phillips & Assoc. clients only.  Then comes another 29,000 clients out of nowhere!  Motive, to remove the more serious cases and slide the minor cases in.

In order to retrieve alot of the settlement money back!  I know , I was one that was removed, and the Judge Fallen, had them put me back in the case.  I was quoted, in the millions, I would be receiving!  Now, your offering me $4,251.00 a month for a period of 4 years.  <u>WOW!</u> then from the point system your using, I went from 159 points to 22.80 from things that being on Vioxx caused.

I don't know what piece of a medical record your looking at, it's not your fault.  But, I'll let you know that I have proof and there been an abundance of strategic Illegal maneuvering to separate clients from their legal amount of money due to them

Examples, 1. Sending clients blank claim forms, knowing there's

2

no recourse they have signing when there is no amount offered.
2.  Changing the qualifications to be met, and not letting the
clients know of such a major change!  At first, it was proof of
strokes, heartattacks, length of use, damage done.  Now, it's
Primary Injury & Secondary Injury, which there was no explana-
tion of the qualification of primary or secondary Injury is.

   I, also tryed to hire another attorney, and he quit with-in
one week, after a phone call he got, in so many words threaten
him and also stayed I should watch my back.  His letter is in
my records you have.  Judge Fallen, then appointed Claudia San-
tanyo as my new attorney of record.  Now, she quit the law firm
or just disappeared, and didn't even contact me of anything.

   Now, before she left I had her send me copy of everything that
was submitted to you.  I then found out that all the important
documents were missing and all the empty pill bottles.  There
was nothing but garbage!  I then called Ms. Bates and express
mailed more copies of my file, just recently.  Also,, Judge
fallen had been over seeing my case and some others, but recent-
ly, I found out that his clerk nathan, is no longer working
there.  Also, the new clerk is working in Mercks behalf because
I've been blocked from contacting the Judge!  A few months ago
I sent Judge Fallen copies of all my records,except what Phillips
& Assoc. got rid of!  He then made copies and sent my copies
back to me.  Someone who works for him at that end, cut open
Federal mail to see what all the judge has.  Also, there's a

3

letter or note from the mailman addressing this matter. I crossed
check the documents and their was eleven pages missing.  All
these things and much more are not just coincidental!  There
is a conspired plot to block me from getting what's rightfully
mine from the life long damage from the use of Vioxx.  My sugge-
stion is to contact the Judge Fallen and see what he has and
make a ruling from his records.  Because, at this rate I will be
forced to Contact the Attorney General of the United States,
the FBI and also the media to launch an Investigation, also to
look into how many other clients had documents removed from their
records before being submitted to you!  Question? If my medicine
is more than the $4,251.00 that was offered a month for four year
s, then what do I get for the strokes, heartattacks, the thick
heart 2½ times the size of a normal heart and the other side eff-
ects that was caused by VIOXX!  Plus, pain & suffering the rest
of my life, which has been shorten because of VIOXX.  Oh! then
there's punitive damages and future medical expenses.  How and
why did this matter get so far off track?  All, I want is what's
rightfully mine, from the damage done to my body & life by VIOXX!

    Also, this interim payment thing is really out the question.

    It would be really nice to know what is the settlement agree-
ment, regarding section 3.3, 3.4, and any other sections involv-
ed in this case.

                                    Sincerely,

                                    Dearled Knotts

Thus the $10,000 in actual damages could lead to a $130,000 judgment. However a plaintiff equally damaged by racial, religious, national origin, familial status, sexual orientation, source of income or gender discrimination could recover only $10,000 plus up to a $30,000 penalty. This result is fair neither to other classes of plaintiffs nor to defendants.

IMPACT STATEMENT

This proposed resolution affects the Unruh Civil Rights Act, Civil Code §51 *et seq.*, and any other statute which allows the discretionary award of a penalty to seniors or disabled persons..

AUTHOR AND/OR PERMANENT CONTACT:  Martin S. Snitow, 28 N. First Street, Ste. 100, San Jose, California 95113; (408) 985-7575

RESPONSIBLE FLOOR DELEGATE:  Martin S. Snitow

**COUNTERARGUMENTS**

ORANGE COUNTY BAR ASSOCIATION

Resolution 01-07-2002 amends California Civil Code Section 3345 to limit the amount that a senior citizen or disabled person may recover for certain unfair or deceptive acts or practices or unfair methods of competition.  More specifically, the resolution limits the amount of recovery to a maximum of three times the actual damages sustained, rather than three times the amount awarded.

The proposed amendment undermines the purpose of this section in that Section 3345 was adopted to further penalize those who target senior citizens and disabled persons.  Reducing the potential amount of recovery for certain causes of action defeats the heart of the section and severely limits the penalty in many cases.

Further, the award of up to three times the amount is a discretionary act.  Accordingly, the trier of fact has the ability to determine how much of an additional penalty, if any, is warranted for each case.  It seems plausible and even likely that there are various circumstances in which the disabled person or senior citizen has been so wronged that treble penalties, even in addition to any previously imposed penalties such as the Unruh Act penalty, are warranted.  In other cases, a lesser amount may be more equitable.  Section 3345 as it stands allows the trier of fact to make that determination.   Adoption of the resolution would unduly limit the trier of fact's discretion.

SAN DIEGO COUNTY BAR ASSOCIATION

1-07-4