UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx<br>PRODUCTS LIABILITY<br>LITIGATION | ) MDL Docket No. 1657<br>)<br>) SECTION L<br>)<br>) JUDGE FALLON<br>)<br>) MAGISTRATE JUDGE KNOWLES<br>)<br>) |

*THIS DOCUMENT RELATES TO:*
**BIELAK,** *et al.* **vs. Merck & Co., Inc.,** No 2:06-cv-01205-EEF-DEK
(pertaining to **Sam Drumgoole** only)

### COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW

BRIAN A. GOLDSTEIN, ESQ. being duly sworn, deposes, and says:

1. I am attorney at Cellino & Barnes, P.C., attorneys for as applicable, plaintiff, plaintiff's estate, and/or any derivative plaintiffs (hereinafter referred to as "plaintiff" as indicated in the caption above. I am primary counsel for all Vioxx products liability actions brought by Cellino & Barnes, P.C. and, as such, am fully familiar with the facts and circumstances herein.

2. I am authorized to move this Court to withdraw representation on behalf of myself and all attorneys of the Cellino & Barnes, P.C. law firm, as well as the firm itself. Counsel's motion is intended to relieve all affiliated counsel of the representation duties in this action and to permit plaintiff to proceed *pro se* or to provide plaintiff sufficient time to secure new counsel.

3. I personally executed the retainer agreement with plaintiff under which New York law governs for purposes of withdrawing from representation. New York's Disciplinary Rule 2-110C [1200.15] permits counsel to withdraw when counsel believes in good

faith, in a proceeding before any tribunal, that the tribunal will find good cause for withdrawal. This Court's PTO 36, section II.A., recognizes that a "fundamental disagreement as to what action should be taken in the case" constitutes such grounds for withdrawal. The retainer agreement explicitly reserved counsel's right to withdraw from representation.

4.  A fundamental disagreement as to the further prosecution of this lawsuit exists between plaintiff and counsel, the details of which are necessarily omitted as privileged within the attorney-client relationship. However, counsel attests that he possesses a good faith basis for his legal judgment and opinion, that plaintiff's opinion substantively differs, and that the disagreement cannot be reconciled.

5.  Your deponent further advises that the attorney-client relationship has deteriorated to such a point that withdrawal is warranted.

6.  I have fully complied with this Court's process as required by Pretrial Order No. 36 and completed the required certification which is attached as Exhibit B to this motion.

7.  I have further complied with Local Rule 83.2.11 by advising plaintiff at the last known address by certified mail, that there are no pending court appearance dates, court-imposed deadlines, and that future discovery deadlines are anticipated to be set following his change in status as a *pro se* plaintiff.

8.  Based upon the fundamental disagreement between plaintiff and counsel, I respectfully request that this Court grant counsel's motion to withdraw and permit plaintiff's action to proceed *pro se*.

_____
Brian A. Goldstein, Esq.

Sworn to before me this
___26th___ day of October, 2009

_____
Notary Public/Commissioner of Deeds

MARIA H. PIETRAS
COMMISSIONER OF DEEDS
In and For the City of Buffalo, New York
My Commission Expires 12/31/20__