UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Vioxx® | ) | |
| | ) | |
| PRODUCTS LIABILITY | ) | MDL Docket No. 1657 |
| LITIGATION | ) | |
| | ) | SECTION L |
| *GENE WARMANN,* | ) | |
| | ) | JUDGE FALLON |
| Plaintiff, | ) | |
| | ) | MAGISTRATE |
| vs. | ) | JUDGE KNOWLES |
| | ) | |
| *MERCK & CO., INC. et al.* | ) | No: 2:05cv-06740 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF GENE WARMANN'S MOTION AND
INCORPORATED MEMORANDUM FOR RELIEF FROM JUDGMENT AND
TO SHORTEN TIME**

PURSUANT to Rule 60 (b) of the Federal Rules of Civil Procedure, Plaintiff Gene Warmann, by and through counsel hereby moves this Court for an Order relieving him from the Order of Dismissal with Prejudice filed for his claim.  Plaintiff submits that said dismissal was based on inadvertence and excusable neglect, and this Motion has been brought within a reasonable time since Order entered.  Plaintiff further requests that said matter be taken up for hearing and ruling on 10/29/09 or as soon after as same may be heard.

**STATEMENT OF FACTS AND MEMORANDUM OF LAW**

Plaintiff herein originally filed his civil action within the State of Missouri, same being removed to U.S. District Court for the Eastern District of Missouri, and then transferred to this pending MDL.  In August 2007, Plaintiff moved for voluntary dismissal without prejudice, subject to refiling within this MDL, as agreed to by this

court and ordered by this court. Thus, as of August 2007, Plaintiff did not have a pending claim herein, and had no pending claim on the date of issuance of PTO 31 in December 2007.  After August 2008, Plaintiff's counsel no longer received any electronic notices from LexisNexis in this matter.

In August 2008, Plaintiff filed his motion to reopen this case pursuant to the agreement of the prior voluntary dismissal.  This court granted same and said case was reinstated as of 8/20/08.  Plaintiff counsel then was able to resume access to LexisNexis electronic notices in this matter.  Counsel has attempted to review all notices for the one year Plaintiff Warmann's case was not pending, but did not believe PTO 31 pertained to his claim as he had no pending claim at the time of issuance and many deadlines for same had passed since before Plaintiff's case was reinstated.  Plaintiff anticipated that his claim would be subject to a different order with deadlines in accord with claims filed or refiled after issuance of PTO 31.

On Friday, 10/23/09, the U.S. District Court for the Eastern District of Missouri forwarded an electronic notice to Plaintiff's counsel main E-Mail (mmllaw@swbell.net) , notifying counsel that they had received an order dismissing case with prejudice for failure to comply with the requirements of pre-trial order 31 dated 9/24/09.

Counsel was unaware that said Plaintiff was subject to any pending motion, and began reviewing E-Mail/electronic notice in this matter regarding same.  Plaintiff was unable to locate any electronic notice for any Motion relative to this plaintiff going back through July 2009.  Counsel then reviewed deleted files and located 3 electronic notice E-Mails regarding this MDL litigation, and 1 of those deleted E-Mails concerned Defendant's Motion, Rule and incorporated Memo to Show Cause why cases should not

2

be dismissed with prejudice for failure to comply with the registration requirements of PTO 31.  An attached Exhibit thereto listed plaintiff Gene Warmann within said Motion.

That all 3 said e-mails involving this MDL litigation, including Defendant's Motion filed 8/13/09, were deleted by mistake, inadvertence or excusable neglect of counsel without any initial review of same.  That counsel's general procedure is to download all electronic E-Mail notifications in this MDL litigation to a separate E-Mail file for review by counsel, and that the 3 E-Mails mentioned above were simply inadvertently deleted, rather than moved to the appropriate folder, said delete and move folder buttons being located beside each other on counsel's E-Mail/Outlook screen.  As such, counsel for Plaintiff was unaware as to said pending Motion, or the need to respond to said Order to Show Cause regarding this plaintiff.

Rule 60 (b) of the Federal Rules of Civil Procedure provides that "on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect…(6) any other reason that justifies relief.  Said Motion must be brought within a reasonable time and not more than 1 year.  Relevant factors for the court to consider include whether there will be any prejudice to the non-moving party, the length of any delay or potential impact on judicial proceedings, the reason for delay, whether the reason for delay was within the reasonable control of movant, and whether the movant acted in good faith.  See *Pioneer Inv. Services Co. vs. Brunswick Assoc. Ltd Partnership*, 507 U.S. 380, 395 (1993).

In the pending matter, plaintiff has filed his Motion for Relief within several days of notice of same from USDC for the Eastern Dist. Of Missouri.  As such, there has not been significant delay between entry of order and filing of Motion for Relief.  Plaintiff's failure to respond to the Order to Show Cause was not as a result of any willfulness or bad faith, but rather due to the inadvertence and mistake of deleting an electronic notification that pertained to this Plaintiff.  Certainly, the inadvertent deleting of said electronic notice cannot be attributed to the client, as he receives no notice of same, and was unaware of same.  Additionally, though Plaintiff has not yet complied with PTO 31, Plaintiff proposes to file his registration immediately or at any designated date and time deemed appropriate by the Court, should the Court grant Plaintiff's Motion for Relief from Judgment.  Further, Plaintiff suggests that Plaintiff herein should not be sanctioned with dismissal due to counsel's mistake and excusable neglect in responding to the Order to Show Cause.  Counsel has no other cases pending in this MDL, or in any other MDL for that matter, and does not regularly participate in any class action matters.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests this Court to vacate the Order of Dismissal as to Plaintiff Gene Warmann, allow him to register and complete all other requirements of PTO 31, and to proceed thereafter with any other appropriate compliance under the PTO and/or settlement procedures herein.

Respectfully submitted,

MARTIN, MALEC & LEOPOLD P.C.

/s/Heidi L. Leopold /s/James M. Martin
Heidi L. Leopold – MBE #40473
James M. Martin – MBE #21297
1007 Olive – 5th Floor
St. Louis MO 63101
(314) 231-3323
(314) 231-6739 facsimile
E-Mail:  hleopold@swbell.net
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on liaison counsel Wittmann by U.S. Mail and E-Mail or by hand delivery and E-Mail upon all parties by electronically uploading the same to LexisNexis File and Serve and in accordance with pre-trial order No. 8 (B), and that the foregoing was electronically filed with the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accord with the procedures established in MDL 1657 on the 26th day of October, 2009.

/s/ Heidi L. Leopold