UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| *See Attached List* | * | |
| | * | |

*************************************************************************

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS *THIRD* MOTION, RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE
DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE
<u>WITH THE DISCOVERY REQUIREMENTS OF PTO 28</u>**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, submits this Reply Memorandum in support of its Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Material Non-Compliance With The Discovery Requirements Of PTO 28, and states as follows:

1. This Court ordered the twelve plaintiffs that are the subject of this motion ("Plaintiffs") to produce the PTO 28 discovery material at issue by August 1, 2008 (at the latest)—*i.e.*, more than one full year ago. Plaintiffs have had more than ample opportunity to comply with this Court's order, yet as of September 28, 2009, notwithstanding *repeated* prodding from Merck's counsel, they had failed to do so.

2. All of the plaintiffs that are the subject of this motion are represented by attorney Ronald Benjamin. The history of Merck's attempts to procure compliance from Mr. Benjamin with the requirements of this Court's PTO No. 28 as to these specific plaintiffs is set forth in Merck's Opening Memorandum (with exhibits). This failure to comply with the terms of PTO 28 as to

these specific plaintiffs is consistent with the general pattern of defiance and disregard for this Court's Orders and authority that has been exhibited on behalf of Mr. Benjamin's clients in this MDL litigation.

3. In short, this Court issued PTO No. 28 on November 9, 2007 – ***almost two full years ago***. Despite repeated efforts to procure compliance with the terms of the Order, including prior motions practice, materials that this Court ordered that plaintiffs produce long ago have still not been provided.

4. Instead, after exchanges of communications regarding these PTO 28 issues going back to the summer of 2008, Plaintiffs' counsel contends for the first time in response to the present motion that the discovery requirements of PTO 28 somehow do not apply to his clients, or alternatively, are somehow ambiguous and confusing. *See* Opposition at 3-4. This disingenuous attempt to sidestep the clear requirements of PTO 28 should be dismissed out of hand.

5. PTO 28 Provides, in express terms:

> "All Plaintiffs or Claimants who claim to have suffered an injury as a result of taking Vioxx must produce ***all of the information described in Section II*** unless . . . the Plaintiff or Claimant has submitted the claim to the Resolution Program."

PTO No. 28, Section II(A) (emphasis added).

6. Plaintiffs assert that because those plaintiffs who previously submitted a proper Profile Form pursuant to PTO 18 C did not have to submit a ***new*** Profile Form that those same plaintiffs also had no obligation to produce medical records. Plaintiffs contend that under PTO 18C, they only had to produce whatever records they had on hand plus a release.

7. Section II(A)(6), however, specifically instructs plaintiffs to produce medical records for the list of providers requested by the Amended and Supplemental Profile Form. That plaintiffs did not ***also*** have to complete and submit the entire ASPF as instructed by Section II(A)(3)

(because of their prior submission of a PPF) does not eliminate their independent obligation to produce the requested records.

8. One other key fact belies counsel's belated misreading of PTO 28: At the same time that PTO 28 was issued, this Court issued an Order otherwise staying discovery in these proceedings. That stay remained in place until August 21, 2009 when it was partially lifted as to certain cases under PTO No. 46. Thus, from November 7, 2007 until August 21, 2009, only plaintiffs had the ability to go out and collect their pharmacy and medical records. And, PTO 28 imposed upon plaintiffs the obligation to go out and do precisely that.

9. As a result of Merck's instant motion, Plaintiffs' counsel transmitted to Merck's counsel various e-mails and faxes in the two to three days leading up to October 16, 2009 – the response date for the present motion. Notably, the overwhelming majority of this material was simply the re-transmittal of the partial and incomplete discovery previously provided. Although additional pharmacy records were provided for many of the plaintiffs, none of the plaintiffs produced the missing medical records, and three of the plaintiffs still failed to produce the required Amended and Supplemental Profile Form. In short, Plaintiffs have still failed to comply with PTO 28.

10. PTO 28 imposes clear discovery obligations on plaintiffs. Simply sending a release and saying "Go fish!" is not sufficient.

11. Finally, even under the untenable reading of PTO 28 that Plaintiffs' counsel now proffers, three of the Plaintiffs are nonetheless materially deficient. As expressly noted in Merck's original motion –as well as the supporting deficiency letters sent to Mr. Benjamin – Plaintiffs James Demoski, Timothy Mack, and Ann Mannino were required to provide Amended & Supplemental Profile Forms but failed to do so. And, they have also failed to produce the required medical records.

12. For the foregoing reasons, Merck respectfully asks the Court to grant its motion and enter orders of dismissal.

Dated:  October 27, 2009

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of October, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel