UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
|     Products Liability Litigation | * |
| | * |
| This Document Relates to: | *   MDL No. 1657 |
| | * |
| JAMES FRANKLIN on behalf of the STATE OF COLORADO, | *   SECTION L |
| | * |
| | *   JUDGE ELDON E. FALLON |
|                  Plaintiff, | * |
| | *   MAGISTRATE JUDGE |
| versus | *   KNOWLES |
| | * |
| MERCK & CO., INC., | * |
| | * |
|                  Defendant. | * |
| | * |
| Case No. 06-10485 | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff Steve Franklin purports to bring this action against defendant Merck & Co., Inc. ("Merck"), a private pharmaceutical manufacturer, on behalf of the State of Colorado. As explained in Merck's opening brief, Plaintiff lacks the authority to bring suit on behalf of Colorado, and his Complaint should be dismissed.

Plaintiff's opposition misses the mark entirely. He argues that Colorado allows derivative suits, brought by citizens suing on behalf of the State, but all of his authority relates to different kinds of suits – derivative suits on behalf of municipalities and taxpayer suits *against* the State. None purports to recognize the authority claimed here – the right to sue on behalf of the State when the State itself has declined to sue. Thus, none can answer the authority cited by

1

Merck in its opening motion, which expressly held that Colorado *forbids* suits like this one. Plaintiff thus lacks the authority to sue, and his case should be dismissed.

Even if Plaintiff's cases applied to derivative suits on behalf of the State, the criteria for taxpayer standing established under those cases has not been met here. Plaintiff claims that his authority to sue arose when the State refused to sue Merck despite purportedly lacking discretion to make that decision. But the State does enjoy such discretion, as federal cases and statutes make clear. Thus, even under Plaintiff's fanciful reading of the cases, he lacks authority to bring suit for Colorado, and his case must be dismissed.

## ARGUMENT

### I.  COLORADO DOES NOT PERMIT CITIZENS TO SUE ON ITS BEHALF.

*First*, as clearly explained in Merck's motion, the State of Colorado does not permit private plaintiffs to bring suit on behalf of the State. Plaintiff argues that such authority has been recognized in several Colorado cases, but none supports his case. Rather, all of Plaintiff's cases concern materially different kinds of lawsuits – lawsuits on behalf of municipalities or taxpayer suits *against* the State.

Plaintiff first cites *Howard v. City of Boulder*, 290 P.2d 237, 239 (Colo. 1955). (Pl.'s Verified Resp. To Def.'s Mot. For Order To Show Cause Why Pl.'s Compl. Should Not be Dismissed ("Opp'n") at 3.) Plaintiff claims *Howard* stands for the proposition that Colorado not only "authorize[s] private plaintiffs to bring suit on behalf of the state, it embraces it." (*Id.*) That is not a fair reading of the case. As Merck explained in its opening brief, *Howard* is a taxpayer-standing case, which recognized the right of citizens to bring suit *against* the State, not *on behalf of* it. (*See* Def.'s Mem. In Supp. Of Mot. For Order To Show Cause Why Pl.'s Compl. Should Not Be Dismissed ("Mot.") at 4.) In *Howard*, the plaintiffs brought suit against the city of Boulder and other defendants, to challenge an action being taken by the city to amend its

charter. *Howard*, 290 P.2d at 237. The court relied on the significance of a taxpayer's interest in challenging actions taken by his own government to find that the plaintiff had standing. *Id.* at 238. Two other cases relied upon by Plaintiff – *Colorado State Civil Service Employees Association v. Love*, 448 P.2d 624 (Colo. 1968) and *Ainscough v. Owens*, 90 P.3d 851 (Colo. 2004) (Opp'n at 4) – likewise concern taxpayer standing in suits against the State. These cases have nothing to do with Plaintiff's purported authority to sue in this case. Merck has challenged Plaintiff's authority to sue on behalf of the State, not his standing under state-law principles. Thus, these cases are inapposite.

Plaintiff next relies on *McCroskey v. Gustafson, Quinn & Co., Inc.*, 638 P.2d 51 (Colo. 1981). (Opp'n at 5.) He contends that *McCroskey* recognizes the authority of a citizen to sue on behalf of the State when the State fails to perform a duty that it has no discretion not to perform. (Opp'n at 6.) Not so. True, *McCroskey* is a case about taxpayer derivative suits – unlike the other cases cited by Plaintiff. But it only discusses authority to sue on behalf of ***municipalities*** – not the ***State***. This distinction is critical because authority to sue on behalf of a municipality does not imply authority to sue on behalf of a sovereign state. *See Frothingham v. Mellon*, 262 U.S. 447 (1923) (contrasting taxpayer derivative standing on behalf of a municipality, which was permitted, with taxpayer standing on behalf of the federal government, which was not); *cf.* 13B Charles Alan Wright et al., *Federal Practice & Procedure* § 3531.10.1, at 37-39 (3d ed. 2008) ("[B]arring a qui tam statute or other specific authorization, a taxpayer cannot establish standing to recover money for the state," even though a "municipal taxpayer may have a better argument for standing."). *McCroskey* did not purport to authorize derivative suits on behalf of the State; nor has any court ever extended *McCroskey* to that context.

In contrast, as Merck pointed out in its opening brief, the U.S. Court of Appeals for the Tenth Circuit has twice rejected the type of claim advanced by Plaintiff here. (Mot. at 3-4.) In *Mountain States Legal Foundation v. Costle*, for example, the Tenth Circuit held that plaintiffs had no authority to sue on behalf of Colorado. Plaintiffs in *Mountain States* sought to challenge an EPA final rulemaking, arguing among other things that it violated Colorado's rights under the Tenth Amendment. 630 F.2d 754, 759 (10th Cir. 1980). The Tenth Circuit found no authority for the suit, finding that "the State of Colorado is the real party in interest" and that "[t]he Colorado Supreme Court has held that C.R.S. 1973, 24-31-101(1)(a) grants the Attorney General the exclusive right, in the absence of another statute providing otherwise, to represent the State in actions to protect its interests." *Id.* at 771 (citing *State Board of Pharmacy v. Hallett*, 296 P. 540 (1931)). In *Gallagher v. Continental Insurance Co.*, the Tenth Circuit turned away another challenge brought by private plaintiffs purporting to act on the State's behalf, explaining that "Colorado has no constitutional or statutory authorization for maintenance of derivative actions on behalf of the state." 502 F.2d 827, 832 (10th Cir. 1974).[1]

Plaintiff ignores *Mountain States* – which unequivocally bars this suit. He responds to *Gallagher*, seizing on language in that case suggesting that if Colorado did recognize authority for derivative suits on behalf of the state, "'the right would have to be implied.'" (Opp'n at 4 (quoting *Gallagher*, 502 F.2d at 832).) But the Tenth Circuit did not infer the right. Instead, it agreed "with the district court that it is not 'the province of the federal judiciary to fashion

---

[1] The U.S. Court of Appeals for the Ninth Circuit agreed with this approach in another case brought by two plaintiffs, purportedly on behalf of the state of Idaho, where the attorney general declined to take action at the plaintiffs' invitation. *Kidwell ex rel. Penfold v. Meikle*, 597 F.2d 1273 (9th Cir. 1979), *recognized as abrogated on other grounds in Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The Ninth Circuit explained that "[t]raditionally, a private party can sue as a relator in the name of the attorney general only if that official expressly or impliedly consents. . . . Such consent is lacking here," and plaintiffs' case was therefore dismissed: "we [cannot] find[] any precedent for permitting relators in a federal action in which the real party in interest is unwilling to give consent to it." 597 F.2d at 1287.

implied state rights of action.'" *Gallagher*, 502 F.2d at 832.[2]  The same is true here, particularly in light of the observation in *Mountain States* that Colorado has granted its attorney general the "exclusive right" to represent the State in actions affecting its interests.

For all of these reasons, Plaintiff has no standing under Colorado law to sue a private party on behalf of the State, and his Complaint must be dismissed.

## II. EVEN IF *MCCROSKEY* COULD BE CONSTRUED TO HOLD THAT COLORADO GRANTS AUTHORITY TO SUE ON ITS BEHALF, PLAINTIFF LACKS AUTHORITY UNDER *MCCROSKEY*.

Even if Plaintiff were right that *McCroskey* grants authority to sue on behalf of the State – and he is not – his suit would not satisfy its requirements.

The *McCroskey* test requires a showing of either:  (1) an unconditional obligation for the municipality to bring suit; or (2) in the absence of such an obligation, "fraud, collusion, bad faith, or *ultra vires* acts" by the municipality in choosing not to sue.[3]  *McCroskey*, 638 P.2d at 54. Plaintiff concedes the second of these requirements is not satisfied, but he argues the first is.  He is wrong.

---

[2]  This holding properly reflected the delicate federalism principles implicated by the plaintiff's claim.  The question of who has authority to represent a state in litigation goes to the organization of government itself – an issue inextricably linked to state sovereignty.  To the extent federal courts have any role to play in resolving that question – a dubious proposition at best – they certainly have no such role when the state itself is not a party to the suit.  *Cf. Mountain States*, 630 F.2d at 771 (Colorado is the "real party of interest" in a suit invoked by a private citizen on its behalf).  When a sovereign power is a necessary party, a case should not proceed without it, even if a state asserts sovereign immunity to avoid being made a party to the suit.  *See* Fed. R. Civ. P. 19(a); *cf. Republic of the Philippines v. Pimentel*, 128 S. Ct. 2180, 2194 (2008).

[3]  The court summarized the test as follows:

(1) That the municipality itself has the right and power to bring the action. . . . Also, . . . . he must allege that he has made a demand upon the municipality, which demand the municipality has refused . . . . and,

(2) That the taxpayer is bringing the action in a case in which the municipal corporation has the discretion to bring the action but has refused to do so because of fraud, collusion, bad faith, or ultra vires acts by the corporation, . . . . or in which the municipality has a specifically enjoined, non-discretionary duty to bring the action but has failed to do so.

*McCroskey*, 638 P.2d at 54.

Under *McCroskey*, a taxpayer may bring a derivative suit when a municipality has shirked an obligation to sue despite a "specifically enjoined, non-discretionary duty to bring the action." *Id.* Plaintiff asserts that Colorado has just such an obligation to sue Merck, claiming it was compelled to sue third parties for overpayments under the federal Medicaid law. This contention fails, as it rests on a fundamental misconception of the State's obligations under Medicaid.

Medicaid is a cooperative program between the states and the federal government. Under the program, states agree to comply with certain statutes and regulations in order to receive Medicaid funds. *See United States ex rel. Hixson v. Health Mgmt. Sys., Inc.*, No. 4:07-cv-0465, 2009 WL 3003258, at *2 (S.D. Iowa Sept. 21, 2009) ("Federal Financial Participation dollars ("FFP dollars"), [are] not available if Iowa fails to operate its State Medicaid plan in accordance with Medicaid regulations.") (citation omitted). Beyond the specific conditions established as part of federal Medical law, the states are free to administer their Medicaid programs as they see fit.

As a condition of participating in Medicaid, states are required to "take **all reasonable measures** to ascertain the legal liability of third parties." 42 U.S.C. § 1396a(a)(25)(A) (emphasis added). Plaintiff claims this provision created an obligation of the sort mentioned in *McCroskey* – a "non-discretionary duty to bring the action." (Opp'n at 6-8.) But it is well-settled that this provision does no such thing. Under 42 U.S.C. § 1396a(a)(25), states retain discretion over what "reasonable measures" should be taken. *See Tristani v. Richman*, 609 F. Supp. 2d 423, 486 (W.D. Pa. 2009) ("it cannot be said that [state Medicaid officials] had a 'ministerial duty' to impose liens on the settlement awards obtained by [Medicaid recipients]. The relevant actions taken by [the officials] were clearly 'discretionary' for purposes of qualified immunity.");

6

*Rathbun v. Health Net of the Northeast, Inc.*, No. UWYX01CV085012640S, 2009 WL 3086289, at \*9 (Conn. Sup. Ct. Aug. 21, 2009) ("The language of the relevant federal Medicaid statutes, however, does not dictate the method that states must employ" to determine liability).  Thus, there is no obligation for states to take action directly against a potentially liable tortfeasor; rather, a state is free to seek reimbursement *after* liability has been proven, through a private suit or otherwise.  *See State v. Peters*, 946 A.2d 1231, 1240 (Conn. 2008) ("We therefore reject the defendants' claim that the federal medicaid statutes require states to pursue third parties directly for reimbursement.").  Indeed, § 1396a(a)(25) does not obligate states to sue at all – only to take "reasonable measures."  *Barton v. Summers*, 293 F.3d 944, 954 (6th Cir. 2002) ("[w]hat Plaintiffs fail to realize is that the States are only required to undertake 'reasonable measures' in pursuing assigned claims" and failing to permit a civil rights action against the state for failure to seek reimbursement).  Thus, Colorado has no specifically enjoined, non-discretionary duty to bring suit under 42 U.S.C. § 1396a(a)(25)(A).[4]

In this case, Colorado has taken reasonable measures to ascertain whether it should proceed against Merck.  Based on Plaintiff's own assertions, the State asked for a presentation of the allegations; Plaintiff's counsel made such a presentation; and the State – having apparently determined that it did not believe the allegations to be worth pursuing – declined to take action to seek reimbursement.  (*See* Opp'n at 1 ("At the instigation and by invitation of the Colorado Attorney General's office, on or about September 6, 2006, Plaintiff's counsel made a presentation regarding the issues raised herein and the statutory mandates for seeking recovery of

---

[4]     Plaintiff's supplemental authority does not change the plain language of the statute or the meaning previously ascribed to it by the courts.  *See Commonwealth v. Sebelius*, No. 07-11930, 2009 WL 3103850 (D. Mass. Sept. 23, 2009).  Not only is this case factually inapposite, addressing a state's ability to recover overpayment amounts directly from Medicare, but it addresses only the requirement for a state to seek reimbursement once liability has been acknowledged or proven.  *Id.* at \*2.  It does not cite or discuss the requirement for a state to first take reasonable measures to ascertain liability and only then to seek reimbursement.  *Id.*

Medicaid funds from Merck.  Shortly thereafter, counsel was advised that the Attorney General would neither prosecute nor delegate prosecution of the within action.").)

In short, Colorado has satisfied Medicaid's requirements concerning ascertainment of third-party liability in this case, and it has no "specifically enjoined, non-discretionary" obligation to sue Merck.  For this reason, too, Plaintiff's suit fails.

## CONCLUSION

For all of the foregoing reasons and those set forth in Merck's opening brief, the Court should enter an order to show cause why Plaintiff's complaint should not be dismissed in its entirety.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA  70130

Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of October, 2009.

          */s/ Dorothy H. Wimberly*
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana  70130
          Phone:  504-581-3200
          Fax:     504-581-3361
          dwimberly@stonepigman.com

          Defendants' Liaison Counsel

996699v.1