UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Attached Exhibits A, B & C* | * | **KNOWLES** |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS *RENEWED* MOTION, RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE
DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE
WITH THE DISCOVERY REQUIREMENTS OF PTO 28**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, submits this Reply Memorandum in support of its *Renewed* Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Material Non-Compliance With The Discovery Requirements Of PTO 28, and states as follows:

1.  This Court ordered the thirty-one (31) plaintiffs that are the subject of this motion ("Plaintiffs") to produce the PTO 28 discovery material at issue by August 1, 2008 (at the latest) – more than one full year ago. Plaintiffs have had more than ample opportunity to comply with this Court's order, yet as of September 28, 2009, notwithstanding *repeated* prodding from Merck's counsel, they had failed to do so. These Plaintiffs are listed on Exhibit A.

2.  As a result of Merck's instant motion, Plaintiffs' counsel transmitted to Merck a large volume of material on October 16, 2009. *See* Exhibit B. Nevertheless, materials that this Court ordered to be produced long ago have still not been provided.

- 2 -

3. Based on the responses provided on October 16, 2009, Plaintiffs fall into three categories: (1) Plaintiffs for whom no additional compliance was made; (2) Plaintiffs for whom at least some compliance was attempted but for whom compliance remains incomplete; and (3) Plaintiffs raising additional issues warranting dismissal.

**(I) Material Non-Compliance Remains Uncured:  7 Plaintiffs**

4. This category includes (i) cases in which no additional material whatsoever was provided, nor were these individual plaintiffs listed in counsel's transmittal letter and (ii) cases in which counsel simply re-submitted material that had already been provided, but did not produce any of the missing materials specifically identified in Merck's deficiency letter.  Plaintiffs in this category have essentially failed to respond to the Order to Show Cause, and their cases should be dismissed with prejudice:

*Plaintiffs Excluded From October 16 Production*

- Edele Pierre
- Frank Scherf
- Marge Shahid
- Kathryn Tydus

*Plaintiffs Who Produced No New Material*

- Roberta Melton
- Linda Habecker
- Gladys Steerman

**(II) Cure Attempted-Compliance Remains Incomplete:  22 Plaintiffs**

5. As to the second category, at least some additional material was provided and some attempt to cure the noted deficiencies was made.  For some of these cases, however, it remains apparent that some key materials remain missing.  For the remaining cases in this category,

some medical and/or pharmacy records may remain missing, but the status of collection remains unclear and plaintiff has not provided the required affidavit attesting to the completeness of the PTO 28 production.

- *Some obvious gaps remain:*
    - Judith Eddy
    - Judith Greeley
    - Myriam Negron
    - Carol Webb
    - Donald Blankenship
    - Barbara Schultz

- *Status of collection unclear:*
    - Dianne Brown
    - Ann Albright
    - Marie Allen
    - Michael Mayeu
    - Scott McMurray
    - Arleen McPhaden
    - Mary Ellen Adams
    - Myrtle Butterfield
    - Deborah Byrd
    - Joan Carman
    - John Carroll
    - Margaret Desormeau
    - John Estep
    - Wilson Farnsworth
    - Kenneth Rarick
    - Roxana Weese

6. As to Plaintiffs in this second category, Merck requests that this motion be deferred until a hearing after the December 3, 2009 MDL conference and that the Court further instruct plaintiffs that on or before November 30, 2009, they must produce (i) any missing records and (ii) the PTO 28 affidavit attesting to the completeness of the PTO 28 production and an index or list identifying the source of the documents. To the extent that there are records still missing then plaintiff (or his counsel) must annex an exhibit to the affidavit that lists with specificity the

- 3 -

(i) records that are missing, (ii) the date the records were first requested, (iii) the name and contact information to whom any follow-up requests were directed, and (iv) the expected date of receipt, if known.

### (III) Additional Issues Warranting Dismissal:  2 Plaintiffs

7.  *Plaintiff Asa J. McDaniels*:  In its Opening Memorandum, Merck noted that Plaintiff McDaniels failed to comply with PTO 28 in any significant respect because he failed to produce any pharmacy records, any medical records, the required Amended and Supplemental Profile Form, or the required affidavit attesting to the completeness of the document production. Moreover, although Plaintiff McDaniels purported to submit a case specific expert report, review of that report reveals that the expert opines that the available evidence "would not allow a causal relationship."

8.  On October 16, counsel forwarded an Amended and Supplemental Profile Form, Answers to Interrogatories, medical records from one provider  and one set of pharmacy records. Although the Profile Form identifies additional providers exist, no other records were provided. This partial production is itself woefully deficient.  But a review of his lone pine expert report (attached as Exhibit C) when viewed in connection with the produced materials shows that this case should be dismissed.  The expert report states:

- "The interval between the last use of Vioxx as reported in or about August of 2002, and the development of the pulmonary embolism in or about August of 2003 ***would not allow a causal relation***.  The dose, duration and continuity of use of Vioxx and the event date are all contained within this individual's Plaintiff Profile Form which was certified under oath."  (p.1, Assessment) (emphasis added).
- "I ***cannot state*** within a reasonable degree of medical certainty ***that Vioxx caused and/or contributed to any injury*** given the length of time between the last use of

>Vioxx and the event as certified under oath by this individual." (Opinion No. 7) (emphasis added).

9. The ASPPF provided last week (but dated 5/5/09) contains the same information regarding usage and injury that Dr. Castaldo references in his report.

10. Because Plaintiff McDaniels (i) failed to comply with the PTO 28 requirement that he produce an expert report attesting that Vioxx caused his injury and (ii) failed to comply with the other requirements of PTO 28 in material respects, his claim should be dismissed with prejudice.

11. *Plaintiff June Edwards*:  In its Opening Memorandum, Merck noted that Plaintiff Edwards failed to provide any medical or pharmacy records.  In the October 16 response, Plaintiff's counsel states:  "Requests for medical records were pending receipt of documentation appointing a fiduciary for Ms. Edwards Estate.  Requested records have been ordered and will be forwarded upon our receipt of same."

12. . Plaintiff Edwards was required to produce these records in  July, 2008 – 15 months ago.  According to a Profile Form recently submitted on her behalf, Ms. Edwards died on **April 30, 2009.**  No explanation has been provided as to why the required materials (which were due in July 2008) were not collected –and apparently were not even requested—prior to April, 2009.

13. The profile form for Ms. Edwards was executed in May, 2009 by a Mr. Rich Lopko who was acting as her friend, POA, and as de facto representative.  Although this Profile Form was executed in May, apparently no legal representative has been appointed for Ms. Edwards' estate.

14. This case should be dismissed for non-compliance with PTO 28.  The materials at issue should have been collected and produced long before Ms. Edwards' death.  Alternatively, this case should be dismissed pursuant to Rule 25(a) because more than 90 days have passed since service of the PPF and no proper party has been substituted for Ms. Edwards.

- 5 -

15. For the foregoing reasons, Merck respectfully asks the court to grant its motion and enter orders as described above.

Dated:  October 27, 2009

Respectfully submitted,

By:*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

- 7 -

**CERTIFICATE OF SERVICE**

        I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of October, 2009.

                                            */s/ Dorothy H. Wimberly*
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER
                                            WITTMANN L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana  70130
                                            Phone:  504-581-3200
                                            Fax:     504-581-3361
                                            dwimberly@stonepigman.com

                                            Defendants' Liaison Counsel

996724v.1