**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| *See Attached Exhibits A & B* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS *SECOND* MOTION, RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE
DISMISSED WITH PREJUDICE FOR MATERIAL NON-COMPLIANCE
WITH THE DISCOVERY REQUIREMENTS OF PTO 28**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, submits this Reply Memorandum in support of its Second Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Material Non-Compliance With The Discovery Requirements Of PTO 28, and states as follows:

1. This Court ordered the eighteen plaintiffs that are the subject of this motion ("Plaintiffs") to produce the PTO 28 discovery material at issue more than one full year ago by August 1, 2008 (at the latest). Plaintiffs have had more than ample opportunity to comply with this Court's order, yet as of September 28, 2009, notwithstanding *repeated* prodding from Merck's counsel, they had failed to do so. These Plaintiffs are listed on Exhibit A.

2. As a result of Merck's instant motion, plaintiffs' counsel transmitted to Merck a large volume of material on October 16, 2009. *See* Exhibit B. Nevertheless, materials that this Court ordered to be produced long ago have still not been provided.

3. Based on the responses provided on October 16, 2009. the plaintiffs that are the subject of this motion fall into two categories: (1) Plaintiffs for whom no additional compliance was attempted and (2) Plaintiffs for whom at least some compliance was attempted but for whom compliance remains incomplete.

4. As to the first category – where the material non-compliance remains uncured – no additional material whatsoever was provided, nor were these individual plaintiffs listed in counsel's transmittal letter. Thus, these plaintiffs have essentially failed to respond to the Order to Show Cause, and their cases should be dismissed with prejudice:

- **James Brown**—still missing Amended PPF, interrogatory responses, and substantial medical records.[1]
- **Judy Marble**—still missing Amended PPF, interrogatory responses, and substantial medical records and pharmacy records.
- **Esther Johnson**—still missing any pharmacy records; incomplete medical records.
- **Deborah Robinson**—still missing Amended PPF, interrogatory responses, and substantial medical records and pharmacy records.
- **Kathleen Webb**—still missing Amended PPF, interrogatory responses, and any medical records; incomplete pharmacy records.

5. As to the second category, at least some additional material was provided and some attempt to cure the noted deficiencies was made. However, as to each of these plaintiffs, it appears that some medical and/or pharmacy records may remain missing, but the status of collection is unclear because the transmittal letter does not note what additional records have been sought, if any; nor has any of these plaintiffs provided the required affidavit attesting to the completeness of the PTO 28 production and an index or list identifying the source of the documents.

---

[1] Although Plaintiff James Brown was listed and discussed in the text of Merck's Opening Memorandum, and was also specifically discussed in Merck's prior deficiency letter, it appears that his name was inadvertently omitted from the Exhibit A spreadsheet.

- 2 -

- Louise Amiss
- Janet Barrett
- James Donahue
- Charlene Miller
- Brian Miskho
- Richard Plambeck
- Renee Walker
- Jacqueline Barrett
- James Carter
- Charles Mertz
- Alan Mietlowski
- James Reilly
- Marlo Sackett
- Paula Werner-Vecellio

6. Thus, as to plaintiffs in the second category, Merck requests that this motion be deferred until a hearing after the December 3, 2009 MDL conference and that the Court further instruct plaintiffs that on or before November 30, 2009, they must produce (i) any missing records and (ii) the PTO 28 affidavit attesting to the completeness of the PTO 28 production and an index or list identifying the source of the documents.  To the extent that there are records still missing then plaintiff (or his counsel) must annex an exhibit to the affidavit that lists with specificity the (i) records that are missing, (ii) the date the records were first requested, (iii) the name and contact information to whom any follow-up requests were directed, and (iv) the expected date of receipt, if known.

7. For the foregoing reasons, Merck respectfully asks the court to grant its motion and enter orders as described above.

Dated: October 27, 2009

        Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:   202-434-5029

    Attorneys for Merck & Co., Inc.

- 5 -

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of October, 2009.

                                          */s/ Dorothy H. Wimberly*
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana  70130
                                          Phone:  504-581-3200
                                          Fax:     504-581-3361
                                          dwimberly@stonepigman.com

                                          Defendants' Liaison Counsel

996728v.1