

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANNA

| | | |
|---|---|---|
| In re: VIOXX® | ..* | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \*

THIS DOCUMENT RELATES TO ALL
BANKRUPTCY & PROBATE RELATED CASES

### Motion To Establish Authority Of The Lien Resolution Administrator To Resolve Claims For All Probate And Bankruptcy-Related Cases

The Garretson Firm, as Lien Resolution Administrator ("LRA"), hereby moves this Court for an Order (i) to establish the authority of the LRA; and (ii) to approve the procedure provided by the LRA for resolution of liens that may be affected by probate or bankruptcy estates. In support of this Motion, Movant respectfully states as follows:

1. The Master Settlement Agreement terms are subject to the subject matter jurisdiction of the United States District Court, Eastern District of Louisiana.

2. The terms of the negotiated settlement appear fair and reasonable to the extent that similarly situated claimants were treated in a similar fashion that supports the cost-effectiveness of the LRA's resolution program.

3. This Court specifically authorizes the LRA to enter into the form of agreement with state or federal agencies that it, acting in its discretion, and through its cost effectiveness criteria, identifies as being in the best interests of each claimant who is a part of the Vioxx Settlement Program, regardless of whether that claimant is represented by another person who has the authority to act on his/her behalf through state court action.

4. The LRA has specific authority to address reimbursement obligations, rather than

subjecting each individual claimant for whom a trustee has asserted an interest in his/her settlement proceeds to potential changes that would result in similarly situated claimants being treated differently under the terms of the LRA's resolution program.

**WHEREFORE**, Movant respectfully requests that the Court make an Order:

1. That its LRA, the Garretson Firm, has the authority, following the terms of the Master Settlement Agreement, and through this Court's overseeing the Vioxx Settlement Program created by that Agreement, to verify, satisfy, resolve and discharge Medicaid and Medicare and other governmental healthcare agency reimbursement obligations using its resolution programs such that funds necessary to complete this program are maintained as part of the settlement and not distributable to claimant estates, whether probate or bankruptcy;

2. That its LRA, the Garretson Firm, has the authority, following the terms of the Master Settlement Agreement, and through this Court's overseeing the Vioxx Settlement Program created by that Agreement, to determine the propriety of entering into agreements as part of the Private Lien Resolution Program. The LRA has authority to resolve obligations under this program such that funds necessary to complete this program are maintained as part of the settlement and not distributable to claimant estates, whether probate or bankruptcy.

3. From the perspective of the Court overseeing the Vioxx Settlement Program, the terms of settlement to be fair and reasonable, based on similarly-situated claimants being treated the same following established settlement protocols and

      pursuant to this Court's subject matter jurisdiction over the settlement process, such that the LRA has the specific authority to process payments for any and all claims it has negotiated, subject to this Court's oversight and direction; and

4. That this Court recognizes in the case of deceased or incapacitated claimants, each respective state court's authority to review and/or approve the form each settlement takes following applicable state laws. Accordingly, to the extent applicable, the form of settlement, including who is to receive distributions through a claimant's estate, and in what proportions, is to be addressed by the state court located in the county in which a deceased claimant was domiciled at death, that exercises jurisdiction over the probate estate assets of the affected claimant, but also has the power to take judicial notice of this Courts actions with respect to the settlement process.

**DATED** this 23rd day of October 2009.

                                  Respectfully submitted,

                                  */s/ Matthew L. Garretson*

                                Matthew L. Garretson
                                Garretson Law Firm, LLC
                                7775 Cooper Road
                                Cincinnati, Ohio 45242
                                (513) 794-0400 (ph)
                                (513) 575-7201 (fx)
                                mlg@garretsonfirm.com

c: Counsel of Record