UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:    VIOXX PRODUCTS<br>              LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

**THE VIOXX LITIGATION CONSORTIUM'S NOTICE OF RULE 30(b)(6)
DEPOSITION OF MERCK & CO., INC. AND SUBPOENA DUCES TECUM**

TO:    Merck & Co., Inc., by and through Defendants' Liaison Counsel, Phillip A. Wittmann and Dorothy H. Wimberly, STONE, PIGMAN, WALTHER, WITTMANN, L.L.C., 546 Carondelet Street, New Orleans, LA 70130:

PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 30(b)(6), the Vioxx Litigation Consortium[1] ("VLC") will take the deposition upon oral examination of the corporate representatives of Merck & Co., Inc. ("Merck") on _____, _____, 2009, beginning at 9:00 a.m. at the offices of _____, and that such deposition will be continued from day to day until completed.  The deposition will be taken before and transcribed by a notary public or other officer authorized by law to administer oaths by the laws of the United States.  The deposition will be recorded stenographically and videotaped (sound and visual) for possible use at trial.  Members or representatives of the VLC, together with members or representatives of the Plaintiffs' Steering Committee ("PSC") and the Negotiating

---

[1] Provost Umphrey Law Firm L.L.P., Ranier, Gayle & Elliot L.L.C., Williams Kherkher Hart Boundas, L.L.P., The Watts Law Firm L.L.P., and The Kaiser Firm L.L.P.

Plaintiffs' Counsel ("NPC") may attend the deposition.  Merck should designate one or more officers, directors, managing agents or other persons who consent to testify on behalf of Merck with respect to all matters listed on the attached Schedule A.  Such persons should be sufficiently prepared to testify as to matters known or reasonably available to Merck.  Such person or persons should also produce at the deposition the documents listed on the attached Schedule B.

You are invited to attend and cross-examine the witness or witnesses.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
John J. McKetta, III
Texas State Bar No. 13711500
Christopher L. Elliott
Texas State Bar No. 06535400
Boyce C. Cabaniss
Texas State Bar No. 03579950
401 Congress Avenue, Ste. 2200
Austin, Texas 78767-0098
(512) 480-5600
(512) 480-5816 (Telecopy)

By: _____
   John J. McKetta, III

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
Harry S. Hardin III (# 6540)
Madeleine Fisher (# 5575)
Eric Michael Liddick (#31237)
210 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
(504) 582-8208
(504) 589-8208 (Telecopy)

**ATTORNEYS FOR THE VIOXX LITIGATION CONSORTIUM**

**CERTIFICATE OF SERVICE**

2

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on _____, 2009.

_____

John J. McKetta, III

**SCHEDULE A**
**30(b)(6) DEPOSITION TOPICS**

1. All negotiations or discussions between Merck and the Negotiating Plaintiffs' Counsel ("NPC"), or any individual member thereof (Russ Herman, Andy Birchfield, Jr., Christopher Seeger, Arnold Levin, Edward Blizzard and Thomas Girardi), and/or Plaintiffs' Steering Committee ("PSC"), or any individual member thereof (Andy Birchfield, Jr., Christopher Seeger, Arnold Levin, Thomas Kline, Richard Arsenault, Carlene Lewis, Shelly Stanford, Elizabeth Cabraser, Gerald Meunier, Troy Rafferty, Mark P. Robinson, Jr., Drew Rainier and Christopher Tisi), involving or pertaining to Article 9 of the Settlement Agreement entered into between Merck and the NPC on November 9, 2007, including but not limited to Section 9.2.1 that purports to supersede Pretrial Order No. 19 and raise the cap on attorneys' fees awarded to common benefit attorneys to 8% of the gross amount recovered. Please also be prepared to describe any concession or benefit Merck may have received in exchange for agreeing to any provision of Article 9 of the Settlement Agreement.

2. Any involvement and/or input Merck had in the drafting or submission of "PSC's Petition for an Order Securing an Equitable Allocation of Counsel Fees and Costs for MDL Administration and Common Benefit" filed by the Plaintiffs' Steering Committee on June 29, 2005, and/or the Court's issuance of Pretrial Order No. 19.

3. Any and all representations made by the NPC, or any member thereof, and/or the PSC, or any member thereof, regarding the scope of authority that the NPC and/or PSC purports, or purported, to have had, alone, or in conjunction with Merck, to supersede Pretrial Order No. 19 and/or the Full Participation Agreement signed by the Vioxx Litigation Consortium and the PSC, by way of the Master Settlement Agreement.

4. Merck's understanding of the scope of authority that the NPC and/or PSC had to negotiate the Master Settlement Agreement, or any portion thereof, on behalf of all participating plaintiffs and their attorneys, including the members of the VLC.

5. Merck's understanding of the purpose and effect of Pretrial Order 19, issued by Judge Fallon in this proceeding.

6. Merck's understanding of the purpose and effect of the various agreements designed for execution by the PSC and participating attorneys that were included in PTO 19.

7. Merck's position on the propriety of superseding PTO 19 by way of Section 9.2.1 of the Master Settlement Agreement.

8. Merck's experience in other multi-district litigation and whether any pre-trial orders were superseded by agreement in those proceedings.

## SCHEDULE B

### Instructions and Definitions

1.      A person is required to produce a document or tangible thing if it is within the person's possession, custody or control.  Possession, custody or control includes constructive possession, such that the person need not have actual physical possession.  As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

2.      The documents produced in response to this request should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and are being produced.  Otherwise, such documents shall be produced as they are kept in the usual course of business, including a production of the file from which such documents are taken.

3.      If any document or thing is withheld, in whole or in part, under any claim of privilege or protection as trial preparation material, with respect to each such document or thing describe the nature of the document or thing not produced in a manner that will enable the defendants to assess the applicability of the privilege or protection.

4.      The documents requested below shall be made available for inspection and copying at the offices of the undersigned on the date that the responses to this request are due.  If necessary, the undersigned counsel of record is available to discuss a mutually agreeable date, time, and place for the production.

5.      "Plaintiffs' Steering Committee" or "PSC" refers to the committee appointed by the Court in this proceeding comprised of Russ Herman, Andy Birchfield Jr., Christopher Seeger, Arnold Levin, Richard Arsenault, Elizabeth Cabraser, Thomas Kline, Shelly Sanford, Gerald Meunier, Drew Ranier, Mark Robinson Jr., Christopher Tisi and Troy Rafferty.

6.      "Negotiating Plaintiffs' Counsel" or "NPC" refers to the committee appointed by the Court in this proceeding comprised of Russ Herman, Andy Birchfield, Jr., Christopher Seeger, Arnold Levin, Edward Blizzard and Thomas Girardi.

7.      "Vioxx Litigation Consortium" or "VLC" refers to the consortium of the Provost Umphrey Law Firm L.L.P., Ranier, Gayle & Elliot L.L.C., Williams Kherkher Hart Boundas, L.L.P., The Watts Law Firm L.L.P., and The Kaiser Firm L.L.P.

8.      "Fee Allocation Committee" or "FAC" refers to the committee appointed by the Court in this proceeding comprised of Russ Herman, Andy Birchfield, Jr., Christopher Seeger, Arnold Levin, Edward Blizzard, Thomas Girardi, Mark Lanier, Perry Weitz and Troy Rafferty.

9.      "Master Settlement Agreement" or "MSA" refers to the settlement agreement executed November 9, 2007 between Merck & Co. Inc.  ("Merck") and the Negotiating Plaintiffs' Counsel.

10. "Documents" means any documents or electronically stored information, including writings, correspondence, memoranda, email, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, including computer disks, hard drives, computer storage devices, or any other electronic or magnetic storage medium. Designated documents shall be taken to include all attachments and enclosures. Electronically stored information shall be produced on a computer readable disc or discs. If production in the requested formats is not reasonably available, office personnel at the undersigned law firm are available to discuss alternative formats compatible and reasonably available to allow production to go forward.

## DOCUMENTS TO BE PRODUCED AT DEPOSITION

1. Please produce any and all documents and other tangible things, in whatever form, that evidence or relate to Merck's participation in or knowledge of the drafting, submission or purpose of "PSC's Petition for an Order Securing an Equitable Allocation of Counsel Fees and Costs for MDL Administration and Common Benefit" filed in this proceeding on June 29, 2005, including the three form agreements attached thereto as Exhibits A-C.

2. Please produce any and all drafts of the Master Settlement Agreement.

3. Please produce any and all documents and other tangible things, in whatever form, that evidence or relate to any communications, discussions or negotiations that occurred between any employee, agent or representative of Merck and the NPC, or any member of the NPC, or their agents, employees or representatives, involving or pertaining to, directly or indirectly, Article 9 of the MSA, including but not limited to Section 9.2.1.

4. Please produce any and all documents and other tangible things, in whatever form, that evidence or relate to any communications, discussions or negotiations that occurred between any employee, agent or representative of Merck and the PSC, or any member of the PSC, or their agents, employees or representatives, involving or pertaining to, directly or indirectly, Article 9 of the MSA, including but not limited to Section 9.2.1.

5. Please produce any and all documents and other tangible things, in whatever form, that evidence or relate to the scope of any authority the NPC purports, or purported, to have had, alone, or in conjunction with Merck, to supersede Pretrial Order No. 19 and/or the Full Participation Agreement signed by the Vioxx Litigation Consortium and the PSC, by way of the Master Settlement Agreement.

6. Please produce any and all documents and other tangible things, in whatever form, that evidence or relate to the scope of any authority the PSC purports, or purported, to have had, alone, or in conjunction with Merck, to supersede Pretrial Order No. 19 and/or the Full Participation Agreement signed by the Vioxx Litigation Consortium and the PSC, by way of the Master Settlement Agreement.

7.      Please produce copies of all agreements signed by participating plaintiffs' attorneys pursuant to Pretrial Order 19.

8.      Please produce copies of all documents, data, or compilations of information in whatever form, including electronically stored information, that reference or illustrate all plaintiff attorney work hours and expenses submitted as common benefit, including any and all analyses of that information by the FAC, NPC and/or PSC, as to which hours it believes were for the common benefit.

9.      Please produce copies of all documents, data, or compilations of information in whatever form, including electronically stored information, that reference or illustrate links between law firms and/or attorneys representing plaintiffs who signed agreements pursuant to PTO 19 and the number of eligible cases each such firm or attorney has or had in MDL 1657.