UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | |
| | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| This document relates to ALL ACTIONS | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |

**THE PLAINTIFFS LIAISON COUNSEL'S RESPONSE IN OPPOSITION TO MR. STRATTON'S MOTION FOR A DISCOVERY/BRIEFING SCHEDULE RELATING TO THE COMMON BENEFIT FEE APPLICATION OBJECTIONS**

**I. INTRODUCTION**

The Plaintiffs' Liaison Counsel hereby responds to the motion filed by Mr. Stratton in his capacity as liaison counsel for objectors to the common benefit fee application. The motion by Mr. Stratton seeks discovery from both the Negotiating Plaintiffs Counsel (NPC) and Plaintiffs Steering Committee (PSC) and Merck that is overreaching, excessive and irrelevant. Given the undue burden that would be imposed upon the NPC, PSC and Merck to respond to the discovery plan posed by Mr. Stratton, the Plaintiffs' Liaison Counsel submits that the Court should refuse to permit the discovery as proposed.

**II. FACTUAL BACKGROUND**

The PSC was appointed to represent plaintiffs in this multidistrict litigaiton pursuant to PTO No. 6. At the Court's direction a small number of members of the PSC, in conjuction with counsel and the Judges involved in the state litigations taking place in New Jersey, California and Texas, established the NPC. The NPC was directed to negotiate a settlement with Merck. The Settlement Agreement was ultimately memorialzed on November 9, 2007, and reported to the Court, sitting

with Judges Wilson, Higbee, and Chaney.

The Settlement proposed therein was in the form of an offer to all Vioxx claimants to participate in the program. To be entitled to receive the valuable benefits of the settlement, the plaintiffs had to register and voluntarily enroll in the program. By enrolling in the program, Plaintiffs agreed to accept ALL of the terms of the Settlement Agreement.

Article 9 of the settlement agreement addressed the issue of Attorneys fees. Specific to the dispute raised by the objectors, Section 9.2.1 states:

> To ensure that NPC, PSC, PEC, PLC, and common benefit attorneys (hereinafter referred to as "<u>Common Benefit Attorney</u>") are fairly compensated but that their fees are in conformance with reasonable rates, an assessment of common benefit attorneys' fees will be imposed at no more that 8% of the gross amount recovered for every client that registers under the terms of the Settlement Agreement. Any sum paid as a common benefit fee shall be deducted from the total amount of counsel fees payable under individual plaintiffs' counsel's retainer agreement. The maximum 8% attorneys' fees assessment shall supersede the assessment provided to MDL common benefit attorneys pursuant to Pretrial Order No. 19.

Although the objectors voluntarily entered the settlement program and are enjoying the benefits of the program, they now wish to avoid the costs associated with their decision. In particular, they disavow their agreement to abide by the terms of Section 9.2.1 to the Settlement Agreement and wish to revert to the superseded assessment of Pretrial Order No. 19.

On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses seeking common benefit fees of 8%. Following that motion, this Court, by Order dated April 16, 2009, directed any party that objected to the motion to file a notice of objection. In accordance with the Court's order, Mr. Stratton filed his objections on May 5, 2009. Others either joined in Mr. Stratton's objections or

filed their own papers. The Court appointed Mr. Stratton to act as these objectors' liaison counsel in Pretrial Order No. 52 on September 30, 2009.

Shortly thereafter, Mr. Stratton filed the instant motion seeking bifurcated discovery regarding two issues: what Mr. Stratton perceives to be a contract issue raised by the Full Participation Option of Pretrial Order No. 19 and the reasonableness of the 8% fee sought by Plaintiffs' Liaison Counsel's motion. As to the first issue alone, Mr. Stratton proposes to depose 3 to 4 NPC and PSC witnesses and a Merck representative. After briefing on this issue, Mr. Stratton would then propose to take even "more searching," "more intrusive" discovery with an even "wider focus" addressing the reasonableness of the work performed by common benefit counsel. Stratton Status Report at 3. This second round of discovery would be accompanied by yet another round of briefing and additional hearings by the Court.

As set forth below, Plaintiffs' Liaison Counsel submits that the objectors' agreement to participate in the settlement precludes them from challenging the terms of Section 9.2.1 of the Settlement Agreement. Further, because the first issue raised by Mr. Stratton presents a pure question of law, discovery on the matter would be counterproductive and wasteful. As to the second issue regarding the reasonableness of the fee award, Plaintiffs' Liaison Counsel is amenable to limited discovery focused on the multi-factored analysis of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974).

### III. ARGUMENT

In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the Supreme Court recognized that "[a] request for attorney's fees should not result in a second major litigation...." This is especially the case where no evidence of impropriety of collusion is even suggested, much less proven, the

threshold standard that courts employ to even allow such discovery. *See, e.g., Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir. 1987). Despite these admonitions, Mr. Stratton has proposed one round of intrusive discovery to be followed by yet another round of even "more intrusive" discovery. The Plaintiffs' Liaison Counsel submits that the discovery sought by Mr. Stratton goes too far and that this Court must act as the gatekeeper to ensure that only reasonable discovery is permitted.

To that end, Plaintiffs Liaison Counsel contends that no discovery should be permitted over the first legal issue presented regarding the effect of Section 9.2.1 of the Settlement Agreement over the Full Participation Option agreements of PTO No. 19. This issue presents a purely legal question involving whether a Vioxx claimants most recent agreement to enroll in the Settlement Agreement supercedes an earlier assessment order and the court's inherent authority with regard to counsel fees. No amount of discovery will illuminate this issue of law for the Court. Since questioning addressing this issue is irrelevant, it should be precluded.

Further, because participation in the Settlement Agreement was an entirely voluntary action on the part of the claimants, the discovery sought by Mr. Stratton is misdirected and designed merely to burden the NPC, PSC and Merck. Mr. Stratton proposes to inquire into what was the PSC's intent in formulating the contracts; what was the effect of the offering of these contracts; and why Section 9.2.1 is in the Settlement Agreement. Stratton Status Report at 2. These subjects are irrelevant to the Court's interpretation of the explicit language of Section 9.2.1, which states that it supercedes the Full Participation Option of PTO No. 19. Since the objectors never contend that the language of either is ambiguous, discovery into such extraneous subjects is unnecessary and wasteful of legal and judicial resources.

As to the second issue regarding discovery of the reasonableness of the fee request, Plaintiffs' Liaison Counsel recognizes that limited discovery related to the *Johnson* factors is appropriate under *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008). To this end, Liaison Counsel proposes that the highly intrusive discovery contemplated but not described by Mr. Stratton should not be tolerated.

Instead, Liaison Counsel submits that Mr. Stratton's interests in the work performed and the hours claimed by common benefit counsel is readily met by allowing him access to the time records that have been regularly submitted to the Court under seal. Since these records are of record (albeit under seal), provided Mr. Stratton will enter and abide by a confidentiality agreement, the PLC is amenable to him obtaining access to these documents.

In addition, Liaison Counsel will agree to submit to a deposition in which the questioning is narrowly tailored to address the *John*son factor inquiry. This deposition should not occur until after the Vioxx claimants are paid.[1]  In addition, to insure that Liaison Counsel is not subjected to unwarranted and irrelevant interrogation, the deposition should be restricted in time to only two (2) hours duration. *See In re Diet Drugs Products Liability Litigation*, MDL No. 1203, PTO No. 7437 (E.D.Pa. Sept. 25, 2007)(limiting deposition of class counsel in fee dispute to 2 hours)[Attached hereto as Exhibit "A"].

Under these limitations, Plaintiffs' Liaison Counsel is amenable to restricted discovery related to whether the *Johnson* factor analysis supports the fee award requested.

---

[1] Since the work of the Fee Allocation Committee is ongoing, any immediate inquiry is premature. Further, there may also be avenues of inquiry that are unwarranted given the internal deliberative review process that is ongoing. *Cf. May v. Dept. of Air Force*, 777 F.3d 1012, 1014 (5th Cir. 1985); *Standard Investment Chartered, Inc. v. National Assn of Securities Dealers, Inc.*, 2008 WL 199537, *5 (S.D.N.Y. Jan. 22, 2008).

## IV. CONCLUSION

For the reasons set forth above, the discovery sought by Mr. Stratton is over broad, overreaching, intrusive and not designed to lead to admissible evidence. It should be denied. Instead, the proposals set forth above for limited discovery related to Liaison Counsel should be adopted.

Respectfully submitted,

Date:   November 6, 2009            By: /s/ Russ M. Herman
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 6th day of November, 2009.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com