UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                                           MDL Docket No. 1657

PRODUCTS LIABILITY LITIGATION                           SECTION L

---

                                                        Judge Eldon E. Fallon
                                                        Magistrate Judge Knowles

---

THIS DOCUMENT RELATES TO:

    **Gene Weeks v. Merck & Co., Inc.,**       Case No. 2:05-cv-4578-EEF-DEK

---

### PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTS

TO:  DEFENDANT MERCK & CO., INC.
      c/o Phillip A. Wittmann, Esq.
      Stone Pigman Walther & Wittmann
      546 Carondelet Street
      New Orleans, LA 70130


      PLEASE TAKE NOTICE THAT plaintiff, through counsel, the Law Office of Ronald R. Benjamin, hereby formally requests pursuant to Fed.R.Civ.Pr. Rule 34 that defendant MERCK & CO., INC., produce and permit the inspection and copying or photographing by or on behalf of plaintiff of the documents and other tangible things designated below.

      PLEASE TAKE FURTHER NOTICE that the aforesaid defendant must serve upon the undersigned the items designated below within thirty (30) days of this Demand. A photostatic copy or like production of the materials concerning this action or its subject matter which are in your possession, custody or control, or, in the alternative, produce the said matter to permit inspection and copying to be kept for a reasonable time upon the receipt hereof and thereafter to complete said inspection and copying, or pursuant to such other arrangements as are mutually agreed upon between plaintiffs and the above-named defendants.

      PLEASE TAKE FURTHER NOTICE of the following matters:

    A.    If any materials are claimed to be privileged, please list the following for each item claimed to be privileged: (a) a brief description of the nature and contents of the matter claimed to be privileged; (b) the name, occupation and capacity of the individual from whom the privileged matter emanated; (c)

    the name, occupation, and capacity of the individual to whom the allegedly privileged matter was directed;
    (d) the date the item bears; and (e) the privilege claimed.

B.     This request is intended to cover all documents in possession of any of the defendants, or subject to their custody and control, or that of any of their partners, agents, employees, or representatives, including but not limited to, attorneys or other persons.

C.     As used in this request, the term "document" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, message pads, summaries or records of personal conversations or interviews, diaries, notebooks, notes, charts, test results, catalogs, sales brochures, manuals, instructions, price lists, advertising, promotional literature, specifications, comparisons, computer printouts, e-mails or other electronic transmissions, facsimile transmissions and records, sales records, receipts, invoices, vouchers, incident reports, consumer complaints, information stored in any computer program that can be printed out, computer disks, schematics, drawings, or other design documents, summaries or records of meetings or conferences, summaries or reports of investigations, opinions or reports of supervisors, letters, drafts, copies, outlines, marginal comments appearing on any document, and all other writings and electronic files and documentation, any marginal comments appearing on any document, and all other writings, information stored in any computer or other electronic program that can be printed out, computer disks, deleted e-mails, data files, program files, temporary files, backup files, archival tapes and internet information, if employed, recorded voice mails, minutes and summaries or records of meetings or conferences.

D.     Terms not otherwise defined in this request for production shall have the respective meanings ascribed to such terms in the complaint.

E.     "You", "your", "defendant" or "defendants" refers to the defendant to whom this request for production is addressed, and includes your officers, directors, partners, agents, employees, or representatives, including but not limited to, attorneys and persons under your control and direction. The use of the words "and" and "or" are to be interpreted as both disjunctive and conjunctive, so as to include in this request all documents that may be responsive, and not to exclude any documents that may be responsive.

F.     This request is continuing in character, so as to require the supplemental production of documents if further or different documents are obtained prior to trial.

## DESIGNATED DOCUMENTS REQUESTED

The documents requested to be produced are as follows:

1. Copies of any and all correspondence, including but not limited to letters, emails, faxes, between any and all representatives of defendant Merck & Co., Inc., and any officers, directors, agents, representatives or employees of the Law Office of Diez-Arguelles| Tejedor from February 19, 2009 to present.

2. Copies of all documents that describe or refer to telephone calls between one or more officers, directors, agents, representatives or employees of defendant Merck & Co., Inc., and Maria D. Tejedor and/or any officer, agent, representative or employee of the law firm of Diez-Arguelles| Tejedor from February 19, 2009 to present.

3. All documents that describe or refer to telephone calls between one or more officers, directors, agents, representatives or employees of Brown & Greer PLC and Maria D. Tejedor and/or any officer, agent, representative or employee of the law firm of Diez-Arguelles| Tejedor from February 19, 2009 to present.

4. All documents that describe or refer to telephone calls between one or more officers, directors, agents, representatives or employees of Brown & Greer PLC, in their capacity of Vioxx Claims Administrator and any officer, director, agent, representative or employee of Merck & Co., Inc., relative to the case of Gene Weeks from February 19, 2009 to present.

5. Any and all documents sent or received between Maria D. Tejedor, Merck & Co., Inc., and/or Brown & Greer PLC, in their capacity as Vioxx Claims Administrator relative to the case of Gene Weeks from February 19, 2009 to present.

6. All documents that describe or refer to telephone calls or conferences in which Maria D. Tejedor, alone or with others, participated with one or more of the officers, directors, agents, representatives or employees of defendant Merck & Co., Inc., and/or any directors, agents, representatives or employees of Brown & Greer, PLC during the period February 19, 2009 until the present.

Dated: November 11, 2009
      Binghamton, New York

RONALD R. BENJAMIN - Fed. Bar No. 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, NY 13902-0607
(607) 772-1442