UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® <br> PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br><br> Estate of KATHRYN L. OVERTON, deceased, <br> IRENE KIDWELL, individually and, <br> as Trustee of the Estate of <br> KATHRYN LOTHELIA OVERTON | MDL NO. 1657 <br><br> SECTION "L" <br><br> JUDGE FALLON <br> DOCKET NO. <br> 05-0530 <br><br> Civil Action No.: <br> 2:06-CV-03614 |

### Declaration of Claimant's Counsel Respecting The Proposed Distribution Of The Special Master's Award

Mark T. Hurt, being duly sworn, does hereby declare the following.

1. I am an attorney at law licensed in the Commonwealth of Virginia and am counsel of record for Claimant Irene Kidwell, individually and, as Trustee of the Estate of Kathryn Loethelia Overton ("Claimant") in connection with the above-referenced matter. I make this declaration based upon personal knowledge in connection with the Petition of Claimant for an Order to approve the distribution of the Final award after the deductions for the common attorneys fees and costs, and third party provider payors liens that was paid October 8, 2009 by the Claims Administrator pursuant to the Vioxx Settlement Program (the "Program") to Claimant for the beneficiaries of Kathryn Lothelia Overton ("Decedent").

**A.  The Award**

2. Pursuant to Sections 1.2 and 1.3 of the Master Settlement Agreement (the "MSA"), Claimant submitted a Claim Form, including pertinent medical records, in order to substantiate eligibility for payment under of the Program.

3. Pursuant to Article 2 of the MSA, the Claims Administrator has determined that Claimant is eligible for payment under the Program.

4. Pursuant to Article 3 of the MSA, the Claims Administrator issued Notice of Points Award, dated March 30, 2009 for a total of 133.88 points.

5. Pursuant to Article 4 of the MSA, the Claims Administrator issued an interim payment, dated May 22, 2009 of $102,552.08.

6. Pursuant to Article 4 of the MSA, the Claims Administrator issued the MI Final Settlement Payment, dated September 30, 2009, of $147,135.46.

7. Pursuant to Article 9 of the MSA, the Claims Administrator deducted the 8% common benefit attorney fees from the final settlement payment in the amount of $19,975.00.

8. Pursuant to Article 9 of the MSA, the Claims Administrator deducted 1% common benefit attorney costs from the final settlement payment in the amount of $2,496.88.

9. Pursuant to Article 12 of the MSA, the Claims Administrator deducted the Third Party Providers/Payors Liens from the final settlement payment in the amount of $2,581.14.

10. Pursuant to Article 4 of the MSA, on October 8, 2009, the Claims Administrator distributed the net amount of the Final Settlement Payment, after deductions, in the amount of $122,082.44.

**B.  Authorization Of Claimant To Receive Award**

11. On November 18, 2003, Kathryn L. Overton (hereafter, the "Deceased") died intestate and as a resident of Virginia.

12. On November 15, 2005, Irene Kidwell was appointed administratrix of the Estate of Kathryn L. Overton. A copy of the order of appointment and list of heirs that she filed are attached as Exhibit A.

13. On May 30, 2006, Irene Kidwell was appointed trustee for the heirs of the decedent by the Minnesota District Court for Hennepin County. A copy of the order of appointment is attached as Exhibit B.

14. Under both Virginia law, and Minnesota law, Kidwell had the authority to bring an action for the wrongful death of the Deceased. *See* Va. Code Ann. § 8.01-50; Minn. Stat. § 573.02.

15. On May 30, 2006, Kidwell, acting in her fiduciary capacity, brought this action in the United States District Court for the District of Minnesota.

16. Under Minnesota law, Kidwell had the authority to settle the wrongful death claims against Merck. *See* Minn. Stat. § 573.02.

17. On February 19, 2008, Kidwell agreed to release all claims asserted in this action in exchange for participation in the Program. The other beneficiaries of the wrongful death claim also indicated their agreement in writing.

### C. Beneficiaries Entitled To The Award

18. Because Decedent died as a resident of Virginia, and this wrongful death action was brought in Minnesota, the only possible relevant state laws governing the distribution are those of Virginia and Minnesota. Minnesota courts in which a wrongful death action has been brought have, under Minnesota choice of law rules, applied the distribution rules of decedent's state of residence. *See, e.g., Montpetit v. Allina Health Sys.*, 2000 Minn. App. LEXIS 1051 (Minn. App. 2000). However, the issue of which state law should apply is moot because, as shown below, the class of beneficiaries here is the same under both Virginia law and Minnesota law.

19. Decedent died a widow with four surviving children: Irene F. Kidwell, Larry

Overton, Douglas Overton, and Lawrence Overton, and one predeceased child, Dewey R. Overton, who had one child, Dewey R. Overton, Jr., then surviving (collectively, the "Beneficiaries"). See list of heirs attached as Exhibit A. All of the Beneficiaries are over the age of 21, *id.*, and are competent. There was no relative living with Decedent at her death who was primarily dependent upon her. Thus, pursuant to Va. Code Ann. § 8.01-53(A), the Beneficiaries are the only beneficiaries of any wrongful death action arising from the Decedent's death. *Id.* (where no surviving spouse and no relative primarily dependent on and living with decedent at the time of death, then the class of beneficiaries consists of "children of the deceased and children of any deceased child of the deceased").

20. Pursuant to Minnesota law, the proceeds of a wrongful death claim are "for the exclusive benefit of the surviving spouse and next of kin" of the decedent. Minn. Stat. § 573.02. The Decedent was a widow. Under Minnesota law, the "next of kin" for purposes of the statute means "those blood relations who are 'members of a class from which beneficiaries are chosen under the inheritance statute.'" *Wynkoop v. Carpenter*, 574 N.W.2d 422, 427 (Minn. 1998). Under that statute, the beneficiaries are "decedent's descendants by representation." Minn. Stat. § 524.2-103. Thus, the takers under Minnesota's wrongful death statute are also the Beneficiaries.

21. Accordingly, whether Virginia law or Minnesota law applies, the class of beneficiaries of the Award consists of the Beneficiaries.

22. The Beneficiaries have agreed in writing that the net proceeds of the final payment of the Award are to be split equally among them. See attached Exhibits C, D, E, F, and G.

D.  **Attorney's Fees And Costs**

23. Claimant, and attorney Mark Hurt ("Counsel for Claimant"), entered into a written fee agreement, dated November 18, 2005, for the prosecution of any claims against Merck arising out of her use of Vioxx, that set forth a contingency fee of 40%. A copy of the Fee Agreement is attached hereto as Exhibit H.

24. Pursuant to the Order of this Court, dated August, 27, 2008, Counsel for Claimant is entitled to have distributed to him as attorney fees out of the Award an amount not to exceed 32% of the total amount of the Award, to include the 8% payable to the Common Benefit Attorney fees.

25. Pursuant to the Fee Agreement, Counsel for Claimant is entitled to reimbursement for $78.35 in expenses, which are itemized in the attached Exhibit I.

E.  **Distribution Of The Award.**

26. On June 5, 2009, this Court authorized the distribution of the interim payment pursuant to Claimants' proposed distribution (Exhibit J).

27. Counsel for Claimant, Mark Hurt then distributed the interim payment as authorized by the Court.

28. Based upon the foregoing, the Final Payment of the Award of $147,135.46 should be distributed in the following manner:

| | | | |
|---|---|---|---|
| a. | Common Benefit - attorneys fees (8%) of total payment ($249,687.54) | | $19,975.00 |
| b. | Common Benefit - reimbursable expenses | | 2,496.88 |
| c. | Third Party Provider/Payors Lien - Medicare | | 2,581.14 |
| d. | Counsel for Claimant – attorney fees (24%) of total payment ($249,687.54) less the attorney | | |

|   |   |   |
|---|---|---|
|   | fees paid from the interim payment of the Award | 27,108.38 |
| e. | Counsel for Claimant – reimbursable costs | 78.35 |

**Payments to Beneficiaries**

| | |
|---|---|
| Irene Kidwell | $18,979.14 |
| Larry Overton | $18,979.14 |
| Lawrence Overton | $18,979.14 |
| Douglas Overton | $18,979.14 |
| Dewey R. Overton, Jr. | $18,979.14 |

29. Each Beneficiary has consented in writing to the proposed final payment of the Award distribution set forth in the above paragraph. See Exhibits C, D, E, F, and G.

30. I hereby certify that the foregoing statements made by me are true to the best of my knowledge and information. I further certify that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Mark T. Hurt