UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY
LITIGATION

This document relates to:

249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator

and

31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

BRIEF IN SUPPORT OF
SUPPLEMENTAL MOTION TO DISMISS ATTORNEY'S CHARGING LIEN
FILED ON BEHALF OF TERESA TORISEVA

1. Facts

a. Substance of the lien notice

A notice of attorney's charging lien was filed with this court on behalf of Attorney Teresa Toriseva on September 18, 2009. This notice states the following.

> PLEASE TAKE NOTICE THAT Teresa Toriseva, Esquire, ("Charging Party") ... asserts a lien over a portion of the settlement proceeds paid or payable to the plaintiffs in 563 cases, identified in the listing appended hereto as Appendix "1". Significantly, plaintiff's lien is limited to a 24% share of the proceeds of such settlement of such cases as this court has heretofore determined and set aside as plaintiffs' attorneys' fees, net of the 8% of such proceeds as the Court has set aside for attorneys whose services contributed to the common benefit of all plaintiffs. The circumstances and facts related to the lien asserted herein are more fully detailed in a Complaint filed in the Circuit Court of Ohio County, West Virginia which seeks declaratory relief, a true and correct copy of which is appended hereto as Appendix "2".

### b. Relief requested in the lien notice

The relief requested in the lien notice is for this court to order the 24% private attorney fee money for all affected claimants be paid "immediately" to a state court for a determination there on the merits, as stated in the notice's claim for relief quoted below.

> The Charging Party hereby requests that the Court forthwith direct that the funds to which the above described lien attaches, that being the 24% of the portion of the settlement proceeds in each of the 563 cases identified in the listing appended hereto as Appendix "1", immediately be paid over to and deposited with the Circuit Court of Ohio County, West Virginia, to be further disbursed as that Court shall declare and direct.

There is nothing else in the lien notice.

### c. Agreement not to exceed 32% of fee

The undersigned attorneys on behalf of themselves, their law firms, and their referring attorneys, have agreed to accept the 32% fee limit set by the court on all of their cases enrolled in the Resolution Program.

### d. Events transpiring since the lien notice was filed [1]

Pursuant to PTO 47,[2] the Claims Administrator compared the 563 names in the list attached to the lien notice with names of those who are enrolled in the Resolution Program

---

[1] *These events do not bear on the merits of the motion to dismiss the lien notice. They are presented solely for the purpose of giving the court a full perspective of what has taken place in connection with the lien notice.*

[2] Pretrial Order 47 states the following.

   ...

(2) The Claims Administrator shall forward to the affected Primary Counsel or Pro Se Claimant any Fee Lien received by the Claims Administrator ...

(3) If any Settlement benefit payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator shall direct the Escrow Agent to withhold 32% of the amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees.

If the Fee Lien was asserted by a former counsel of the Claimant, the amount withheld shall include any costs asserted by such former counsel. The Escrow Agent shall distribute to the Primary Counsel

and found 280 matches. By correspondence dated September 24, 2009. (Exhibit 1 and 2), the Claims Administrator notified Attorney Sol Weiss, who is registered with the Claims Administrator as primary counsel for 239 of the 280, and Attorney James Peterson, who is registered as primary counsel for the other 31, of the filing of the lien notice and the claimants to whom it attached. This correspondence was the first and only means by which the existence of the lien notice was conveyed to Attorneys Weiss and Peterson. [3]

The Claims Administrator's September 24, 2009, letters to Attorneys Weiss and Peterson provide a Form V2038 for use by Weiss and Peterson to object to the liens within 30 days. Both made this objection within 30 days by electronic submission of Form V2038 to the Claims Administrator, checking the box in Section C of the form indicating, "Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this notice."

The spread sheets included with the Claims Administrator's September 24, 2009, correspondence show 32% of the entire award being withheld from those of the 280 claimants to whom a final payment was due at that time as a result of the lien notice.

---

or Pro Se Claimant (as applicable) by wire transfer or check the amount remaining payable on the claim (the "Paid Amount") after the total of any withholdings (the "Withheld Amount").

(4) A Primary Counsel receiving the Paid Amount shall distribute to the Claimant the entire Paid Amount, less only any sums properly payable by the Claimant as costs or expenses incurred by that Primary Counsel, and shall not deduct or retain any of the Paid Amount as attorneys' fees.

(5) The Claims Administrator and Escrow Agent shall retain the Withheld Amount until the Claims Administrator receives satisfactory proof that the Fee Lien has been fully resolved by agreement, order, or judgment and at that time shall instruct US Bank to distribute the Withheld Amount in accordance with such resolution.

(6) The Claims Administrator and primary Counsel shall notify the person who asserted the Fee Lien that a Settlement Program benefit payment has become due and payable in the Resolution Program to the Claimant whose claim has given rise to the Fee Lien.

[3] Counsel for Toriseva did not serve the notice of attorney's charging lien on Weiss, Peterson, or Barry Hill, the only person as to whom the notice identifies a fee issue.

However, those claimants who had received an interim payment had 32% of the interim payment deducted for attorney fees. Thus withholding 32% of the total award from the final payment did not leave enough money to make these claimants' final payments in full.[4] Recognizing this, Hill sent a letter to the court, indicating the existence of this shortfall and the urgent need to address it. The court then asked Plaintiffs' Liaison Counsel to become involved as a mediator.[5]

Attorney Leonard Davis from the office of Plaintiffs' Liaison Counsel conducted a series of conference calls intended to produce an agreement that would allow release of the lien notice to the extent necessary to allow claimants to be paid in full. These calls resulted in a letter agreement sent to the Claims Administrator on October 13, 2009, a copy of which, *sans* exhibits, is attached as Exhibit 5.

On October 16, 2009, Toriseva filed a "Supplement to Notice of Attorney's Charging Lien," stating the following.

> Teresa Toriseva, Esquire, ("Charging Party") submits this supplement to make clear that the lien that she asserted by notice filed on September 14, 2009, does not extend to any funds properly otherwise dispersed to claimants, or counsel other than Barry Hill, Esquire, or any other funds properly disbursed in this matter. Rather, the lien extends only to the portion of the amount of each award designated by the Court as comprising attorneys' fees specifically the allocable to Barry Hill, Esquire. The Charging Party expressly stipulates and agrees that all other funds may properly be

---

[4] For example, and ignoring the difference between estimated point value and final point value, and ignoring litigation expenses for the purpose of illustration, if the claimant received a $100,000 award, the interim payment was $40,000, and the final payment is $60,000. The attorney fee on the entire award is $32,000, and the claimants' share is $68,000. A 32% attorney fee ($12,800) was deducted from the interim payment, leaving the award recipient with $27,200 from the first payment. The claimant is therefore entitled to $40,800 from the final payment ($68,000 - $27,200 = $40,800). However, withholding the entire $32,000 from the $60,000 final payment leaves only $28,000 available to pay the claimant. Thus the money available for the claimant's final payment is $12,800 (12.8%) short of the amount needed to make the final payment in full ($40,800 - $28,000 = $12,800).

[5] A previous motion to dismiss the lien notice and a brief supporting it were served though Lexis Nexis File and Serve on October 5, 2009 (Exhibit 3) and served on Toriseva's counsel on October 6, 2009 (Exhibit 4). Copies of the previous motion and brief were included with an October 7, 2009, letter faxed from Barry Hill to the court. However, the previous motion and brief were inadvertently not filed with the U.S.D.C., E.D. La. clerk. Thus, although this brief and the motion it supports are denominated as "supplemental," the court may chose to treat them as original filings.

dispersed free and clear of the lien. The appropriate amounts that are embraced by the Charging Party's lien in each affected case are set forth on the two attached spreadsheets, in column "R," labeled "Barry Hill fee". Those funds are the only amounts embraced by the lien.

The October 13, 2009, agreement covers 178 of the 280 claimants affected by the lien notice. The other 102 were not due a payment at that time, and Hill's share of a payment cannot be calculated without knowing the amount of the payment.

### 2. Argument

#### a. The lien notice does not present a justiciable controversy.

A justiciable controversy does not exist unless the court is presented with facts showing "a real and substantial controversy admitting of specific relief through a decree of conclusive character." *Merkey v Board of Regents*, 493 F.2d 790 (5th Cir. 1974). A justiciable controversy exists only when the court is presented with a "concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth* 300 U.S. 227 (1937).

The lien notice does not allege facts that support a real or substantial controversy for determination by this court. The requested money transfer does not present the court with an issue the resolution of which would conclude a controversy between parties with adverse interests, nor does the notice ask this court to determine the legal rights of the parties with respect to attorney fees in an adversarial proceeding. To the contrary, the only action requested of this court in the notice is to direct the transfer of money, which is little if anything more than an attempt to use this court as a tool to create prejudgment attachment of assets in the West Virginia state court case, something which could not be obtained in the state court case itself. The possibility that the state court might some day find that Toriseva

is entitled to something is insufficient to present this court with a justiciable controversy, because:

> A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop. *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir.1967).

**b. An order directing the requested transfer of money without a determination on the merits of the claim underlying the transfer request would constitute a denial of due process.**

The fundamental requirement of due process as guaranteed by the Fifth Amendment to the United States Constitution is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), *Bunol US v. George Engine Company*, 996 F2d 67 (5th Cir. 1993).

The lien notice asks the court to start at A (money transfer request), skip B (determination that the person requesting the transfer has a valid legal interest in the money), and go directly to C (ordering the money transferred). This is inherently and fundamentally at odds with due process. A court cannot take a person's property on the chance that another court might some day find that another person has an interest in it. No meaningful hearing on the money transfer request is possible under these circumstances.

**c. The lien notice does not allege sufficient facts to state a basis for affording relief.**

A charging lien notice states a claim for relief the same as a complaint in a civil action, and it is appropriate to treat a charging lien notice as a complaint for the purposes of a motion to dismiss.

> We will treat [Attorney] Wilson's notice of a charging lien in this matter as a complaint. Castleberry's motion to quash the charging lien will be considered by this Court as a motion [to dismiss a claim for failure to state a cause of action] under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. *Shaffer v. Charleston Area Medical Ctr.*, 199 W. Va. 428, 485 S.E.2d 12, 12-13 (1997)

To successfully resist a motion to dismiss a complaint, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Supreme Court expanded on *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009), stating the following.

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must... state a claim to relief that is plausible on its face....A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

> Iqbal's pleadings do not comply with Rule 8 under *Twombly*. Several of his allegations—that petitioners agreed to subject him to harsh conditions as a matter of policy, solely on account of discriminatory factors and for no legitimate penological interest; that Ashcroft was that policy's 'principal architect'; and that Mueller was 'instrumental' in its adoption and execution—are conclusory and not entitled to be assumed true.

The lien notice in the present case is a thrown-together stack of papers that does not provide a facially plausible basis for concluding that the notice provider is entitled to an order requiring transfer of funds to the custody of a state court. While *Twombly* and *Iqbal* are not directly controlling, they are analogous and provide the entire body of law developed under Federal Civil Rule 12(b)(6) for reference in ascertaining the factual content requirements a charging lien notice must meet to avoid dismissal, and the notice in the present case falls short of what is required.

**d. If the court does not dismiss the lien notice, the fee issue raised in it should be resolved on its merits in accordance with Article 8 of the Vioxx Master Settlement Agreement.**

This court has inherent authority to resolve attorney fee issues arising in, or in connection with, MDL 1657, and it also has expressed authority, as Chief Administrator, to resolve such issues under the terms of the Vioxx Master Settlement Agreement. (Order and Reasons,

MDL 1657, August 27, 2008, at p.14).   Section 8.1.2 of the Vioxx MSA provides the procedure under which a dispute, which is submitted or deemed to have been submitted, to the court in its capacity as Chief Administrator is to be resolved.

> 8.1.2. Except as specifically provided in this Agreement, any dispute that arises under or otherwise in connection with (i) this Agreement and/or any Program Claim and/or (ii) any other Administrative Agreement under which disputes are agreed to be handled in the manner set forth in this Article 8, shall be submitted to the Chief Administrator who shall sit as a binding arbitration panel and whose decision shall be final, binding and Non-Appealable. If any such dispute is brought to the Chief Administrator, each party who has a stake shall have 15 days (or as the Chief Administrator shall otherwise order) to submit papers and supporting evidence and to be heard on oral argument if the Chief Administrator desires oral argument.

Under 8.1.3 of the MSA, the court may also elect to refer the matter to a Special Master.

> 8.1.3. If the Chief Administrator concludes, for whatever reason, that he should not determine an issue arising under this Agreement or otherwise in connection with this Agreement and/or any Program Claim, the Special Master shall sit as a binding arbitration panel to decide the issue.

The lien notice should be dismissed for the reasons set out above.  However, if the court sees it differently and does not dismiss, the court is asked to deem the filing of the notice in this court as submission to this court's jurisdiction, as Chief Administrator of the Resolution Program, for a final determination on the merits of the attorney fee issue raised in the notice under Section 8 of the MSA. Proceeding either under 8.1.2 with the court as binding arbitrator, or under 8.1.3 with Special Master Patrick Juneau as binding arbitrator, is equally acceptable.

### 3. Conclusion

The lien notice should be dismissed, but if it is not, the attorney fee issue raised in the notice should be resolved under Section 8 of the Vioxx MSA.

Sol H. Weiss
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley PC
sweiss@anapolschwartz.com
1710 Spruce Street
Philadelphia PA 19103
215 735-1130 phone
215 735-2024 fax

James C. Peterson,
Hill, Peterson, Carper, Bee & Deitzler PLLC
jcpeterson@hpcbd.com
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax

D. Andrew List
Clark, Perdue and List LPA
alist@clarkperdue.com
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

By _____
Barry Hill

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS ATTORNEY'S CHARGING LIEN FILED ON BEHALF OF TERESA TORISEVA has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), upon counsel for Teresa Toriseva, Avrum Levicoff by email and regular mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of November, 2009.

Barry Hill
bhill@anapolschwartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
claimsadmin@browngreer.com

Mailing Address:                          Delivery Address:
P.O. Box 85031                            115 South 15th Street, Suite 400
Richmond, Virginia  23285-5031            Richmond, Virginia  23219-4209

September 24, 2009

***By Electronic Transmission***
Sol H. Weiss
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.
1710 Spruce Street
Philadelphia, PA 19103

Re:    <u>Notice of Attempted Third Party Lien for Multiple Claimants</u>

Dear Mr. Weiss:

We have received notice from a third party of an attempted subrogation claim or lien asserted against the Vioxx Claim(s) of one or more of the Vioxx Program Claimants for whom you serve as Primary Counsel.  We sent the enclosed Notice of Attempted Lien (Form V2038) to the Third Party Claimant in an effort to obtain additional information on this attempted lien.

This attempted lien is not asserted by a Governmental Authority Third Party Provider/Payor.  As a result, it is not being resolved by the Lien Resolution Administrator under Article 12 of the Settlement Agreement.

If you wish to object to this attempted lien, you must complete Section C on the enclosed Form V2038 and return it to us by email, facsimile or delivery so that we receive it ***no later than 30 days after the date of this Notice.***  Send a copy of your response to the Third Party Claimant as well.  These procedures will apply:

(1)    If we do not receive timely objection from you, we will assume that you agree to the claim asserted.  We will deduct from any Settlement payments the amount claimed (if quantified by the Third Party Claimant) and will pay such amount to the Third Party Claimant, with any balance of the Settlement payment made to the Claimant.

(2)    If you timely object to the attempted lien, we will withhold the amount claimed (if quantified by the Third Party Claimant), and will pay any balance of the Settlement payment to the Claimant.  We will hold the withheld claim amount until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant.  Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

V1024v1
#348289


EXHIBIT
1

(3) If the amount of the attempted lien is not quantified by the Third Party Claimant, then we have to withhold all Settlement payments on the claim of the affected Claimant(s) until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant. Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

We are now making Interim Payments to qualified Vioxx Program Claimants. These Interim Payments represent 40% of the projected full payment on the claim. For any Interim Payment to a Claimant who is subject to a lien amount and where a payment is to be made to the Third Party Claimant under the procedures above, we will deduct 40% of the lien amount from the Interim Payment and will pay such amount to the Third Party Claimant, with any balance of the Interim Payment paid to the Claimant. This procedure will apply unless the Claims Administrator is: (1) otherwise instructed by the Primary Counsel and the Third Party Claimant; or (2) directed by a court in a final, non-appealable order to make payments on a different basis. The Claims Administrator will pay the balance of the lien amount to the Third Party Claimant when the final Settlement payment is made to the Claimant, if the claims payment is sufficient to do so.

Please contact me or your CA Contact if you have any questions about this process. Thank you.

Sincerely,

Scott Monroe

Enclosure

| **V2038** | **NOTICE OF ATTEMPTED LIEN** |
|---|---|
| | **(Date of Notice:   9/24/2009)** |

Pursuant to instructions from the Parties and Article 12 of the Master Settlement Agreement ("MSA"), this Notice is in response to the attempted assertion of a Lien or other claim by a third party relating to the Program Claim of a Vioxx Program Claimant. This Notice of Attempted Lien is being sent to the third party claimant and to the Primary Counsel representing the Vioxx Program Claimant(s) indicated below, or to a *Pro Se* Claimant directly.

## A. THIRD PARTY CLAIMANT

**Notice to the Third Party Claimant:** Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator. Make sure you:

    a) Fill out everything you can in this Section A and in Section B that has not been pre-filled. If any pre-filled information requires correction, make those corrections on this Form.
    b) Identify the specific claim or group of claims as to whom the Lien is asserted against (**Questions 5-11**);
    c) Quantify the amount sought in the claim as to each Vioxx Program Claimant (**Question 12**);
    d) State the basis of the claim and provide a copy of the policy or document on which it is based; and
    e) Attach to this Form a copy of the insurance policy, contract, or other document that you rely upon as the basis of the lien or claim.

**WARNING: If no response is made to this Notice within 30-days, or if an incomplete response is made, the Claims Administrator will disallow the attempted Lien and not take any other action relating to the attempted Lien.**

| | | | | |
|---|---|---|---|---|
| **1.** | **Name of Third Party Claimant** | Teresa Toriseva, Esq. | | |
| **2.** | **Primary Contact** | Levicoff, Silko & Deemer, P.C. | | |
| **3.** | **Mailing Address** | Street/P.O. Box<br>Centre City Tower, Suite 1900, 650 Smithfield Street | | |
| | | City<br>Pittsburgh | State<br>PA | Zip<br>15222 |
| **4.** | **Date Claims Administrator Received Attempted Lien** | | 9/21/2009 | |

## B. VIOXX PROGRAM CLAIMANT

| | | | |
|---|---|---|---|
| **5.  Claimant Name**<br>(attach separate Excel list if more than one Claimant) | Last<br>See Attached List | First | Middle |
| **6.   Social Security Number** | | **7. Date of Birth** | |
| **8.   Primary Counsel** (if applicable) | Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C. | | |
| **9.   Attorney Name** (if applicable) | Sol H. Weiss | | |
| **10. Primary Counsel Address**<br>(if applicable) | Street/P.O. Box<br>1710 Spruce Street | | |
| | City<br>Philadelphia | State<br>PA | Zip<br>19103 |

V2038v4
#344950v.4
9/8/08

| **V2038** | **NOTICE OF ATTEMPTED LIEN**<br><br>**(Date of Notice:   9/24/2009)** |
|---|---|

| 11. | Check here if this attempted Lien is for an interest in the entire group of claims of the Primary Counsel identified in Question 8:  ☐ |
|---|---|

| 12. Specify the amount claimed as to this Program Claimant or group of Claimants.<br><br>(If individual amounts are sought against a group of Claimants, indicate the amount as to each Claimant in the Excel list attached in response to Question 5.) | |
|---|---|

## C. NOTICE TO PRIMARY COUNSEL OR *PRO SE* CLAIMANT

Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator, stating:

☐    **No objection is made to the Lien or claim asserted by this Third Party Claimant and described in this Notice.**

☐    **Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this Notice.**

**WARNING:**  If no objection is timely made, the Claims Administrator will withhold from Settlement payments the amount claimed by the Third Party Claimant and will pay such amounts to the Third Party Claimant.

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
claimsadmin@browngreer.com

Mailing Address:
P.O. Box 85031
Richmond, Virginia 23285-5031

Delivery Address:
115 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

September 24, 2009

**By Electronic Transmission**
James C. Peterson
Hill, Peterson, Carper, Bee & Deitzler, PLLC
500 Tracy Way
Charleston, WV 25311

Re:    **Notice of Attempted Third Party Lien for Multiple Claimants**

Dear Mr. Peterson:

We have received notice from a third party of an attempted subrogation claim or lien asserted against the Vioxx Claim(s) of one or more of the Vioxx Program Claimants for whom you serve as Primary Counsel. We sent the enclosed Notice of Attempted Lien (Form V2038) to the Third Party Claimant in an effort to obtain additional information on this attempted lien.

This attempted lien is not asserted by a Governmental Authority Third Party Provider/Payor. As a result, it is not being resolved by the Lien Resolution Administrator under Article 12 of the Settlement Agreement.

If you wish to object to this attempted lien, you must complete Section C on the enclosed Form V2038 and return it to us by email, facsimile or delivery so that we receive it *no later than 30 days after the date of this Notice.* Send a copy of your response to the Third Party Claimant as well. These procedures will apply:

(1) If we do not receive timely objection from you, we will assume that you agree to the claim asserted. We will deduct from any Settlement payments the amount claimed (if quantified by the Third Party Claimant) and will pay such amount to the Third Party Claimant, with any balance of the Settlement payment made to the Claimant.

(2) If you timely object to the attempted lien, we will withhold the amount claimed (if quantified by the Third Party Claimant), and will pay any balance of the Settlement payment to the Claimant. We will hold the withheld claim amount until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant. Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

V1024v1
#348289


EXHIBIT
2

(3) If the amount of the attempted lien is not quantified by the Third Party Claimant, then we have to withhold all Settlement payments on the claim of the affected Claimant(s) until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant. Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

We are now making Interim Payments to qualified Vioxx Program Claimants. These Interim Payments represent 40% of the projected full payment on the claim. For any Interim Payment to a Claimant who is subject to a lien amount and where a payment is to be made to the Third Party Claimant under the procedures above, we will deduct 40% of the lien amount from the Interim Payment and will pay such amount to the Third Party Claimant, with any balance of the Interim Payment paid to the Claimant. This procedure will apply unless the Claims Administrator is: (1) otherwise instructed by the Primary Counsel and the Third Party Claimant; or (2) directed by a court in a final, non-appealable order to make payments on a different basis. The Claims Administrator will pay the balance of the lien amount to the Third Party Claimant when the final Settlement payment is made to the Claimant, if the claims payment is sufficient to do so.

Please contact me or your CA Contact if you have any questions about this process. Thank you.

Sincerely,

Scott Monroe

Enclosure

| V2038 | NOTICE OF ATTEMPTED LIEN |
|---|---|
| | **(Date of Notice:  9/24/2009)** |

Pursuant to instructions from the Parties and Article 12 of the Master Settlement Agreement ("MSA"), this Notice is in response to the attempted assertion of a Lien or other claim by a third party relating to the Program Claim of a Vioxx Program Claimant.  This Notice of Attempted Lien is being sent to the third party claimant and to the Primary Counsel representing the Vioxx Program Claimant(s) indicated below, or to a *Pro Se* Claimant directly.

## A.  THIRD PARTY CLAIMANT

**Notice to the Third Party Claimant:** Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator.  Make sure you:

a) Fill out everything you can in this Section A and in Section B that has not been pre-filled.  If any pre-filled information requires correction, make those corrections on this Form.
b) Identify the specific claim or group of claims as to whom the Lien is asserted against (**Questions 5-11**);
c) Quantify the amount sought in the claim as to each Vioxx Program Claimant (**Question 12**);
d) State the basis of the claim and provide a copy of the policy or document on which it is based; and
e) Attach to this Form a copy of the insurance policy, contract, or other document that you rely upon as the basis of the lien or claim.

**WARNING:  If no response is made to this Notice within 30-days, or if an incomplete response is made, the Claims Administrator will disallow the attempted Lien and not take any other action relating to the attempted Lien.**

| 1. | **Name of Third Party Claimant** | Teresa Toriseva, Esq. | | |
|---|---|---|---|---|
| 2. | **Primary Contact** | Levicoff, Silko & Deemer, P.C. | | |
| 3. | **Mailing Address** | Street/P.O. Box<br>Centre City Tower, Suite 1900, 650 Smithfield Street | | |
| | | City<br>Pittsburgh | State<br>PA | Zip<br>15222 |
| 4. | **Date Claims Administrator Received Attempted Lien** | | 9/21/2009 | |

## B.  VIOXX PROGRAM CLAIMANT

| 5. | **Claimant Name**<br>(attach separate Excel list if more than one Claimant) | Last<br>See Attached List | First | Middle |
|---|---|---|---|---|
| 6. | **Social Security Number** | | **7. Date of Birth** | |
| 8. | **Primary Counsel** (if applicable) | Hill, Peterson, Carper, Bee & Deitzler, PLLC | | |
| 9. | **Attorney Name** (if applicable) | James C. Peterson | | |
| 10. | **Primary Counsel Address**<br>(if applicable) | Street/P.O. Box<br>500 Tracy Way | | |
| | | City<br>Charleston | State<br>WV | Zip<br>25311 |

| V2038 | NOTICE OF ATTEMPTED LIEN |
|---|---|
| | (Date of Notice:   9/24/2009) |

**11. Check here if this attempted Lien is for an interest in the entire group of claims of the Primary Counsel identified in Question 8:** ☐

| 12. Specify the amount claimed as to this Program Claimant or group of Claimants.<br><br>(If individual amounts are sought against a group of Claimants, indicate the amount as to each Claimant in the Excel list attached in response to Question 5.) | |
|---|---|

## C. NOTICE TO PRIMARY COUNSEL OR *PRO SE* CLAIMANT

Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator, stating:

☐   **No objection is made to the Lien or claim asserted by this Third Party Claimant and described in this Notice.**

☐   **Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this Notice.**

**WARNING:** If no objection is timely made, the Claims Administrator will withhold from Settlement payments the amount claimed by the Third Party Claimant and will pay such amounts to the Third Party Claimant.

Your transaction has been successfully submitted to LexisNexis File & Serve. Your transaction information appears below. To print this information for your records, click anywhere on the transaction information, then click the browser Print button. For a formatted copy of this information, obtain a transaction report.
To perform another transaction, click **Begin a New Transaction.**
To exit File & Serve, click **Return to My File & Serve.**

*TIP:* Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 27405827 |
| **Submitted by:** | Kathi Eastham, Hill Williams PLLC |
| **Authorized by:** | Barry M Hill, Hill Williams PLLC |
| **Authorize and file on:** | Oct 5 2009 3:22PM CDT |

| | |
|---|---|
| **Court:** | LA US District Court Eastern District E-Service-Vioxx |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-Vioxx |
| **Case Type:** | Product Liability-Pharmaceutical |
| **Case Number:** | MDL-1657 Master Case |
| **Case Name:** | In Re: VIOXX Products Liability Litigation MDL No 1657 |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | Vioxx |
| **Read Status for e-service:** | Not Purchased |

**Documents List**
**2 Document(s)**

**Attached Document, 8 Pages   Document ID: 24762967**

| **Document Type:** Motion | **Access:** Secure Public | PDF Format | Original Format **Statutory Fee:** $0.00 | **Linked:** |
|---|---|---|---|

**Document title:**
Emergency Motion to Dismiss Attorney's Charging Lien

**Attached Document, 3 Pages   Document ID: 24763002**
Related Document ID: 24762967

| **Document Type:** Brief | **Access:** Secure Public | PDF Format | Original Format **Statutory Fee:** $0.00 | **Linked:** |
|---|---|---|---|

**Document title:**
Brief in Support of Motion to Dismiss Attorney's Charging Lien

Expand All

⊟ **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Plaintiff | Interested Party | Hill, Barry M | Hill Williams PLLC | Attorney in Charge |

⊞ **Recipients (1764)**

⊞  Service List (1764)

⊟  Additional Recipients (0)

⊞ **Case Parties**

| Begin a New Transaction | Return to My File & Serve | Print | Transaction Report |
|---|---|---|---|

EXHIBIT
3


Copyright © 2009 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

Kathi Eastham

| | |
|---|---|
| From: | LexisNexis File & Serve [TransactionReceipt@fileandserve.lexisnexis.com] |
| Sent: | Monday, October 05, 2009 4:31 PM |
| To: | Kathi Eastham |
| Subject: | Case: MDL-1657 Master Case; Transaction: 27405827 Transaction Receipt |

**To: Kathi M Eastham**

**Subject: Transaction Receipt**

This email is to confirm receipt of your documents. The transaction option you selected was "Serve Only - Public". The details for this transaction are listed below.

| | |
|---|---|
| **Court:** | **LA US District Court Eastern District E-Service-Vioxx** |
| **Case Name:** | **In Re: VIOXX Products Liability Litigation MDL No 1657** |
| **Case Number:** | **MDL-1657 Master Case** |
| **Transaction ID:** | **27405827** |
| **Document Title(s):** | |

> **Emergency Motion to Dismiss Attorney's Charging Lien (8 pages)**
> **Brief in Support of Motion to Dismiss Attorney's Charging Lien (3 pages)**

| | |
|---|---|
| **Authorized Date/Time:** | **Oct 5 2009 3:22PM CDT** |
| **Authorizer:** | **Barry M Hill** |
| **Authorizer's Organization:** | **Hill Williams PLLC** |
| **Sending Parties:** | |

> **Plaintiff**

**Served Parties:**

> **Plaintiff**
> **Defendant**
> **Defendants Liaison Counsel**
> **Plaintiffs Liaison Counsel**

Thank you for using LexisNexis File & Serve.

Questions? For prompt, courteous assistance please contact LexisNexis Customer Service by phone at 1-888-529-7587 (24/7).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY
LITIGATION

This document relates to:

1. the attached list of 249 Vioxx claimants
for whom Sol H. Weiss is registered as
primary counsel with the Vioxx Claims
Administrator (Exhibit A) and

2. the attached list of 31 Vioxx claimants
for whom James C. Peterson is registered
as primary counsel with the Vioxx Claims
Administrator (Exhibit B)

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

## CERTIFICATE OF SERVICE

Date of service: October 6, 2009.

Type of service: Regular U.S. Mail, postage prepaid.

Person served: Avrum Levicoff, Levicoff Silko & Deemer, Centre City Tower, Suite 1900, 650 Smithfield Street, Pittsburgh PA 15222.

Items served: Emergency motion to dismiss attorney's charging lien and Brief in support of motion to dismiss attorney's charging lien.

_Sol H. Weiss_

Sol H. Weiss
Anapol Schwartz Weiss Cohan Feldman & Smalley PC
sweiss@anapolschwartz.com
1710 Spruce Street
Philadelphia PA 19103
215.7.5.1130 phone
215.735.2024 fax



EXHIBIT
4

# AnapolSchwartz
### A T T O R N E Y S   A T   L A W

Barry Hill
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax
bhill@anapolschwartz.com email

17 10 Spruce Street
Philadelphia, PA 19103

10 40 Kings Highway North
Suite 304
Cherry Hill, NJ 08034

25 2 Boas Street
Harrisburg, PA 17102

14 6 North 6th Street
Reading, PA 19601

23 0 North Monroe Street
Media, PA 19063

89 12th Street
Wheeling, WV 26003

86 6-735-2792 Toll Free

www.AnapolSchwartz.com

October 13, 2009

Lynn Greer
BrownGreer
Claims Administrator
P.O. Box 85031
Richmond, VA 23285-5031

**Subject:   Notice of charging lien filed in MDL 1657 on behalf of Teresa Toriseva on September 18, 2009**

Dear Lynn:

An agreement resolving several issues created by the Toriseva notice of charging lien was reached in a conference call today.  The participants in the call were:

1. you on behalf of the Claims Administrator,

2. Leonard Davis on behalf of Vioxx Liaison Counsel,

3. Avrum Levicoff on behalf of Toriseva, and

4. James Peterson, Andrew List, and me on behalf of the claimants, our referring attorneys, Anapol Schwartz, and ourselves.

The  agreement reached between no. 3 and no. 4 above is as follows.

a. The "private lien" amount being withheld by the Claims Administrator from final payments to claimants as to whose awards the Toriseva charging lien has attached is currently 24% of each of these claimants' final awards.

b. The Claims Administrator is authorized to reduce the amount being withheld from final payments to claimants as to whose awards the Toriseva charging lien has attached to the amount of my fee interest in each of these awards.

c. The amount of my fee interest in each of these awards is shown on the two spread sheets included with this letter.

**EXHIBIT
5**

Lynn Greer
October 13, 2009
Page 2

d. The amount of my fee interest for each award listed in the two included spread sheets is the new amount to be held back for each award to which the Toriseva charging lien has attached.

e. The amount being withheld in excess of my fee interest from final payment to each claimant as to whose award the Toriseva charging lien has attached  is released from the Toriseva charging lien.

f. This agreement does represent or implicate any agreement by any party to anything other than as is specifically set forth above.

In the conference call I was given authority to sign this letter of agreement on behalf of Attorneys Levicoff, Peterson, and List.  I am also authorized by Attorney Sol Weiss to sign on behalf of Anapol Schwartz.

Avrum Levicoff for Teresa Toriseva

D. Andrew List for Clark, Perdue & List LPA, its affected Vioxx clients, and its affected Vioxx referring attorneys

James C. Peterson for Hill, Peterson, Carper, Bee & Deitzler PLLC, its affected Vioxx clients, and its affected Vioxx referring attorneys

Sol H. Weiss on behalf of Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley PC and its affected Vioxx clients

Barry Hill for himself, his affected Vioxx clients, and his affected Vioxx referring attorneys