UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 |
| | SECTION L |
| | JUDGE FALLON |
| This document relates to: ALL CASES | MAGISTRATE JUDGE KNOWLES |

BRIEF IN SUPPORT OF MOTION TO AMEND PRETRIAL ORDER 47

Pretrial Order 47 was entered on August 26, 2009, in response to a motion by the Claims Administrator. PTO 47 adequately addresses the Claims Administrator's immediate concerns at that time, which were protection of it and the Escrow Agent from liability and a process by which the Claims Administrator could withhold money subject to a Fee Lien from being paid out by the Escrow Agent, pending resolution of the Fee Lien or other further action by the court.

However, PTO 47 does not address the content requirements for making a cognizable Fee Lien claim, nor does it establish a procedure by which the merits of Fee Liens will be decided. Presumably the court left this for a later day, and the moving parties suggest that the day has come, and it is time to address further issues, as outlined below, and as are incorporated into proposed Pretrial Order 47A filed herewith.

1. Fee Liens should be required to meet minimum specificity requirements

A charging lien notice states a claim for relief the same as a complaint in a civil action, and it is appropriate to treat a charging lien notice as a complaint for the purposes of a motion to dismiss.

> We will treat [Attorney] Wilson's notice of a charging lien in this matter as a complaint. Castleberry's motion to quash the charging lien will be considered by this Court as a motion [to dismiss a claim for failure to state a cause of action] under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. *Shaffer v. Charleston Area Medical Ctr.*, 199 W. Va. 428, 485 S.E.2d 12, 12-13 (1997)

To successfully resist a motion to dismiss a complaint, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Supreme Court expanded on *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009), stating the following.

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must... state a claim to relief that is plausible on its face....A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

The moving parties urge the court to require the following with respect to a claim of entitlement to all or part of the attorney fee and/or litigation expenses from a settlement payment benefit due and payable in the Resolution Program ("Fee Lien").

    a. A statement indicating whether the claim is being asserted against:

       (1) the claimant, as a client or former client, or

       (2) other attorneys.

    b. If the claim is based on a written contract, the contract must me filed with the Fee Lien.

    c. If the claim is based on an oral contract, the following information must be provided.

       (1) The parties to the contract.

       (2) When and where the contract was made.

       (3) The terms of the contract, including the percentage of the fee being claimed.

d. If a *quantum meruit* claim is being made, this must be stated with an indication as to whether the *quantum meruit* claim is exclusive or alternative to a contract claim.

e. A Fee Lien must meet the factual pleading content requirements of a complaint under Rule 8(a) of the Federal Rules of Civil Procedure and the above specificity requirements of this order, and the sufficiency of a Fee Lien to state a claim upon which relief can be granted may be challenged under the standards of Civil Rule 12(b)(6).

2. Fee Lien resolution procedure

This court has inherent authority to resolve attorney fee issues arising in, or in connection with, MDL 1657, and it also has expressed authority, as Chief Administrator, to resolve such issues under the terms of the Vioxx Master Settlement Agreement. (Order and Reasons, MDL 1657, August 27, 2008, at p.14). Section 8.1.2 of the Vioxx MSA provides the procedure under which a claim, which is related to the Vioxx Resolution Program, and which is, or is deemed to have been, submitted to the court in its capacity as Chief Administrator is to be resolved.

> 8.1.2. Except as specifically provided in this Agreement, any dispute that arises under or otherwise in connection with (i) this Agreement and/or any Program Claim and/or (ii) any other Administrative Agreement under which disputes are agreed to be handled in the manner set forth in this Article 8, shall be submitted to the Chief Administrator who shall sit as a binding arbitration panel and whose decision shall be final, binding and Non-Appealable. If any such dispute is brought to the Chief Administrator, each party who has a stake shall have 15 days (or as the Chief Administrator shall otherwise order) to submit papers and supporting evidence and to be heard on oral argument if the Chief Administrator desires oral argument.

Under 8.1.3 of the MSA, the court may also elect to refer the matter to a Special Master.

> 8.1.3. If the Chief Administrator concludes, for whatever reason, that he should not determine an issue arising under this Agreement or otherwise in connection with this Agreement and/or any Program Claim, the Special Master shall sit as a binding arbitration panel to decide the issue.

Accordingly, the moving parties propose that the court order that the merits of Fee Liens will be determined in accordance with the procedures set forth in Article 8 of the Vioxx Master Settlement Agreement, and a party filing a Fee Lien is deemed to have consented to resolution of the merits of the Fee Lien under Article 8 of the Master Settlement Agreement.

### 3. Effect on Fee Liens filed prior to entry of proposed PTO 47A

To avoid the possibility of prejudice to any party that could result from the revisions of PTO 47 contained in proposed PTO 47A, the moving parties suggest the following.

a. Fee Liens filed prior to entry of PTO 47A will be afforded a safe harbor period of 20 days from the date PTO 47A is entered, during which the provisions of PTO 47A that differ from those in Pretrial Order 47 will not be enforced against such prior Fee Liens.

b. Prior to expiration of the safe harbor period, a previously-filed Fee Lien may be withdrawn by filing a notice of withdrawal. A party filing such a withdrawal will not be deemed to have consented to a determination of the merits of the Fee Lien under Article 8 of the Master Settlement. A withdrawal will be deemed to be with prejudice with respect to refileing.

c. After expiration of the safe harbor period, a previously-filed Fee Lien is subject to, and controlled by, all the terms of proposed PTO 47A.

### 4. Change in withholding procedure

The Claims Administrator's implementation of PTO 47 results in withholding 32% of a claimant's entire award from the claimant's final payment, when a Fee Lien is being claimed. If a claimant received an interim payment, which is the case for most MI award recipients, this does not leave enough money to pay the claimant in full, irrespective of attorney fees, because most claimants who received an interim payment were charged an attorney fee on it at the time it was paid.

The following example is illustrative.[1]

a. The claimant receives points resulting in a $100,000 award.

b. An interim payment of $40,000 (40%) was made before the fee lien was filed.

c. A 32% attorney fee ($12,800) was deducted from the interim payment.

d. The award recipient received a net of $27,200 ($40,000 - $12,800 = $27,200) from the first payment.

e. The award recipient's final payment is $60,000.

f. An attorney fee of $19,200 is owed from the final payment (.32 x $60,000 = $19,200).

g. The award recipient's net from the final payment should be $40,800 ($60,000 - $19,200 = $40,800).

h. The Claim Administrator withholds $32,000, the fee on the entire $100,000 award, from the final payment.

i. The amount available to pay the claimant from the final payment is $28,000 ($60,000 - $32,000 = $28,000).

j. The amount available to pay the claimant is $12,800 less than the claimant is due from the final payment ($40,800 - $28,000 = $12,800).

This is unfair, at least where the Fee Lien is not being asserted against the client, and when the Fee Lien was filed after the interim payment was made, because it effectively attaches the Fee Lien retroactively to money that has already been disbursed by the Escrow Agent. Accordingly, the movants suggest that the court remedy the problem by clarify the application of PTO 47 by adding the following language contained in proposed PTO 47A.

---

[1] The example does not take into account the difference between estimated point value of $1,915 and final point value of $1,861.01. If this were taken into account, the amount the claimant comes up short would be marginally higher. Expenses are not considered, because they are irrelevant to the point of the example.

10. If any Settlement benefit payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator shall follow the following protocols.

a. If an interim payment *has not* been made to the claimant, direct the Escrow Agent to withhold 32% of the amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees.

b. If an interim payment *has* been made to the claimant, direct the Escrow Agent to withhold 32% of amount presently payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees.

c. The distinction between 10a and 10b is that the Claim Administrator is to direct the Escrow Agent to withhold 32% of the entire award if the claimant did not receive an interim payment, but if the claimant did receive an interim payment, the Claims Administrator is to direct the Escrow Agent to withhold only 32% of the final payment. This is intended to preclude withholding of 32% of money that was paid to the claimant prior to filing of the Fee Lien.

## 5. Conclusion

Proposed Pretrial Order 47A is a logical extension of existing Pretrial Order 47, and the proposed order resolves issues as to the process by which Fee Liens will be handled, minimum specificity requirements for Fee Liens, and unfairness to claimants that can result from allowing a Fee Lien to effectively be applied retroactively to money that has already been disbursed. The proposed order also provides the option to those who have filed Fee Liens to withdraw them if they do not wish to be bound by the terms of proposed PTO 47A.

…
…
…

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY PC
sweiss@anapolschwartz.com
1710 Spruce Street
Philadelphia PA 19103
215 735-1130 phone
215 735-2024 fax

James C. Peterson,
HILL, PETERSON, CARPER, BEE & DEITZLER PLLC
jcpeterson@hpcbd.com
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax

D. Andrew List
CLARK, PERDUE AND LIST LPA
alist@clarkperdue.com
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

by /s/ Barry Hill

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing BRIEF IN SUPPORT OF MOTION TO AMEND PRETRIAL ORDER 47 has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of November, 2009.

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax