UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 |
| | SECTION L |
| | JUDGE FALLON |
| This document relates to: ALL CASES | MAGISTRATE JUDGE KNOWLES |

PRETRIAL ORDER NO. 47A

The Court previously received a Motion for Order Setting Procedure for Attempted Liens Against Counsel Fees and a Memorandum in Support of that Motion (Rec. Doc. 21567) in response to which the court entered Pretrial Order No. 47 on August 26, 2009. Subsequently the court received a motion and memorandum in support of that motion to amend Pretrial Order No. 47. The motion to amend Pretrial Order 47 is granted to the extent changed by this order.

**ORDERED:**

**Applicability**

1. This order applies to all documents filed with the court and/or the Claims Administrator through which the filing party is claiming entitlement to all or part of the attorney fee and/or reimbursement of litigation expenses in connection with a settlement payment benefit due and payable to one or more award recipients in the Resolution Program. All such documents are referred to hereinafter as Fee Liens.

- 1 -

**No liability of the Claims Administrator or Escrow Agent**

2. Neither the Claims Administrator (BrownGreer PLC), the Escrow Agent (US Bank) for the Vioxx Resolution Program, nor Merck shall be subject to, bound by, or have any liability relating to any attempted lien or other claim against or relating to any fees or expenses of counsel to any claimant in the Vioxx Resolution Program.

**Fee Lien content requirements**

3. A claim of entitlement to all or part of the attorney fee and/or litigation expenses from a settlement payment benefit due and payable in the Resolution Program must contain the following.

    a. A statement indicating whether the claim is being asserted against:

        (1) the claimant, as a client or former client, or

        (2) other attorneys.

    b. If the claim is based on a written contract, the contract must me filed with the Fee Lien.

    c. If the claim is based on an oral contract, the following information must be provided.

        (1) The parties to the contract.

        (2) When and where the contract was made.

        (3) The terms of the contract, including the percentage of the fee being claimed.

    d. If a *quantum meruit* claim is being made, this must be stated with an indication as to whether the *quantum meruit* claim is exclusive or alternative to a contract claim.

4. A Fee Lien must meet the factual pleading content requirements of a complaint under Rule 8(a) of the Federal Rules of Civil Procedure and the above specificity requirements of this order, and the sufficiency of a Fee Lien to state a claim upon which relief can be granted may be challenged under the standards of Civil Rule 12(b)(6). If a motion to dismiss a Fee Lien is filed,

it will be decided before invoking the dispute resolution process under Article 8 of the Master Settlement Agreement addressed in paragraph 5 of this order.

**Procedure for resolving Fee Liens**

5. The merits of Fee Liens will be determined in accordance with the procedures set forth in Article 8 of the Vioxx Master Settlement Agreement, and a party filing a Fee Lien is deemed to have consented to resolution of the merits of the Fee Lien under Article 8 of the Master Settlement Agreement.

**Effect on Fee Liens filed prior to this order**

6. Fee Liens filed prior to entry of this order are afforded a safe harbor period of 20 days from the date of entry of this order during which the provisions of this order that differ from those in Pretrial Order 47 will not be enforced against such prior Fee Liens.

7. Prior to expiration of the safe harbor period, a previously-filed Fee Lien may be withdrawn by filing a notice of withdrawal. A party filing such a withdrawal will not be deemed to have consented to a determination of the merits of the Fee Lien under Article 8 of the Master Settlement. A withdrawal will be deemed to be with prejudice with respect to refiling.

8. After expiration of the safe harbor period, a previously-filed Fee Lien is subject to, and controlled by, all the terms of this order.

**Procedure to be followed by the Claims Administrator**

9. The Claims Administrator shall forward to the affected Primary Counsel or Pro Se Claimant any Fee Lien received by the Claims Administrator, including any Fee Liens forwarded by Merck.

10. If any Settlement benefit payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator shall follow the following protocols.

a. If an interim payment has *not* been made to the claimant, direct the Escrow Agent to withhold 32% of the amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees.

b. If an interim payment has been made to the claimant, direct the Escrow Agent to withhold 32% of amount presently payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys' fees.

c. The distinction between 10a and 10b is that the Claims Administrator is to direct the Escrow Agent to withhold 32% of the entire award if the claimant did not receive an interim payment, but if the claimant did receive an interim payment, the Claims Administrator is to direct the Escrow Agent to withhold only 32% of the final payment. This is intended to preclude withholding of 32% of money that was paid to the claimant prior to filing of the Fee Lien.

11. If the Fee Lien was asserted by a former counsel of the Claimant, the amount withheld shall include any costs asserted by such former counsel. The Escrow Agent shall distribute to the Primary Counsel or Pro Se Claimant (as applicable) by wire transfer or check the amount remaining payable on the claim (the "Paid Amount") after the total of any withholdings (the "Withheld Amount").

12. A Primary Counsel receiving the Paid Amount shall distribute to the Claimant the entire Paid Amount, less only any sums properly payable by the Claimant as costs or expenses incurred by that Primary Counsel, and shall not deduct or retain any of the Paid Amount as attorneys' fees.

13. The Claims Administrator and Escrow Agent shall retain the Withheld Amount until the Claims Administrator receives satisfactory proof that the Fee Lien has been fully resolved by agreement, order, binding arbitration decision under Article 8 of the Master Settlement Agreement, or judgment, and at that time shall instruct US Bank to distribute the Withheld Amount in accordance with such resolution.

14. The Claims Administrator and primary Counsel shall notify the person who asserted the Fee Lien that a Settlement Program benefit payment has become due and payable in the Resolution Program to the Claimant whose claim has given rise to the Fee Lien.

New Orleans, Louisiana, this _____ day of _____, 2009

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE