**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| *See Attached Exhibit A* | * | **KNOWLES** |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S *FOURTH* MOTION, RULE AND**
**INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES**
**SHOULD NOT BE DISMISSED WITH PREJUDICE**
**FOR FAILURE TO COMPLY WITH THE *LONE PINE* REQUIREMENTS OF PTO 43**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves

the Court for entry of an Order requiring plaintiffs in the cases identified in the attached Exhibit

A to show cause why their claims should not be dismissed with prejudice for failure to comply

with the requirements of Pre-Trial Order No. 43 ("PTO 43") to provide a case-specific expert

report.

On July 2, 2009 this Court entered Pretrial Order No. 43 ("PTO 43") which

applies to those plaintiffs "who enrolled in the Vioxx Resolution Program but who have

submitted a Future Evidence Stipulation ('FES') to the Claims Administrator under the terms of

the Settlement Agreement ('FES Claimant')."[1]  PTO 43 requires that such plaintiffs "[w]ithin

---

[1]   As this Court is well aware, on November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program.  The terms of the Vioxx Resolution Program provide that, in the event that a claimant fails to pass the threshold "gates" of the Resolution Program, and elects not to appeal that failure within the Program, the claimant may exit the Program provided that they supply a Future Evidence Stipulation.  In brief summary, a claimant

thirty (30) days of serving a FES on the Claims Administrator" provide a Rule 26(a)(2) case-specific expert report from a medical expert attesting, *inter alia*, (i) that the Plaintiff suffered an injury and (ii) that Vioxx caused the injury." *See* PTO 43, § II.A.2.  PTO 43 further provides that, "[i]f a FES Claimant fails to comply with the terms of this Order, the claim shall be dismissed with prejudice, except for good cause shown."  PTO 43, § II.B.

The plaintiffs listed on Exhibit A have served a FES on the Claims Administrator, but have failed to submit the case-specific expert report called for by PTO 43.  This Court has already reviewed the propriety and importance of the discovery requirements set forth in PTO 43.  In addressing the requirement for a case-specific expert report as set forth in PTO 28, applicable to those cases which did not enroll in the Vioxx Resolution Program, the Court observed that such requirements, "commonly known as a *Lone Pine* order" have been routinely used by courts to manage mass tort cases" and serve "to identify and cull potentially meritless claims and streamline litigation."   May 30 Order at 3 (citing *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Super. Nov. 18, 1986). (citations and internal quotation marks omitted).)    In light of the extensive work already performed in this MDL, this Court has concluded that "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that Vioxx caused them personal injury," and there must be some "minimal showing consistent with Rule 26 that there is some kind of scientific basis that Vioxx could cause the alleged injury." *Id.* at 5-6.

PTO 43, by its terms, provides for dismissal as the repercussion for failure to comply.  Moreover, Federal Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a

---

fails to pass the "gates" by failing to substantiate an alleged injury of heart attack, ischemic stroke or sudden cardiac death, and/or by failing to establish the requisite usage of Vioxx, and/or by failing to establish Vioxx usage in sufficient proximity to the alleged injury.  All of the plaintiffs on Exhibits A and B failed to pass at least one, and in many instances two or all three of the Program "gates".

998899v.1

party's claims as an appropriate sanction for failing to comply with a court order.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b).

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply with the *Lone Pine* requirements of PTO 43.

Respectfully submitted,

By:/s/ *Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

    Defendants' Liaison Counsel

    —and—

    Douglas R. Marvin
    Eva Petko Esber
    M. Elaine Horn
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, N.W.
    Washington, D.C. 20005
    Phone: 202-434-5000
    Fax:    202-434-5029

    Attorneys for Merck & Co., Inc.

998899v.1

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of November, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

998899v.1