# CLARENCE THOMAS HARVEY
## Qualified Disability Trust
*Table Of Contents*

ARTICLE I          Trust Funding

1.01   Initial Trust Funding
1.02   Additions to Trust

ARTICLE II         Distribution of Income and Principal

2.01   Distributions During Life of Beneficiary
       2.01.01    Distribution Provisions
       2.01.02    Intent Regarding Distributions
       2.01.03    Public Assistance Programs
       2.01.04    Payment of In-Kind Support and Maintenance
       2.01.05    Annual Evaluation To Update Beneficiary's Needs and Assure Appropriate Distributions
2.02   Distributions After Death of the Beneficiary or Cessation of Disability
       2.02.01    Permissible Payments
       2.02.02    Prohibited Expenses and Payments
       2.02.03    Reimbursement for Medical Assistance
       2.02.04    Distribution of Remaining Trust Estate
       2.02.05    Facility or Hold back of Payment
       2.02.06    Distribution and Reimbursement of Medical Assistance Upon Beneficiary No Longer Being Disabled

ARTICLE III        Powers of Trustee(s)

3.01   General Powers
       3.01.01    Non-Income Producing Investment
       3.01.02    Investment Authority
       3.01.03    Title to Property
       3.01.04    Distributions of Income and Principal
       3.01.05    Retention Of Under-Productive Property
       3.01.06    Borrow Money
       3.01.07    Compromise of Claims
       3.01.08    Execution of Documents
       3.01.09    Hiring of Professionals
       3.01.10    On-Going Professional Services
       3.01.11    Reacquisition of Trust Corpus
       3.01.12    Acquisition and Maintenance of Real Estate and Automobile
                  3.01.12.01   Real Estate
                  3.01.12.02   Automobile

**CLARENCE THOMAS HARVEY QUALIFIED DISABILITY TRUST**
*Table of Contents - Page 2*

|  |  |  |
|---|---|---|
|  | 3.01.13 | Enforceability of Loans |
|  | 3.01.14 | Acquisition and Maintenance of Insurance (Health & Life) |
|  | 3.01.15 | Compensation for Services Provided by Family of the Beneficiary |
| 3.02 | Trustee(s)' Powers to Deal With Environment Hazards | |
|  | 3.02.01 | General |
|  | 3.02.02 | Right to Refuse Contributions |
|  | 3.02.03 | Exoneration of Trustee(s) |

ARTICLE IV         Spendthrift Provisions

4.01    Inalienability

ARTICLE V          Provisions Concerning Trustee(s)

5.01    Resignation
5.02    Removal of Trustee(s)
5.03    Death or Incapacity
        5.03.01    Death or Incapacity
        5.03.02    "Incapacity" Defined
5.04    Successor Trustee(s)
5.05    Accounting
5.06    Limitations on Trustee(s) Powers
5.07    Bond
5.08    Additional Transfers of Property
5.09    Compensation
        5.09.01    Trustee Has Schedule of Compensation
        5.09.02    Trustee Has No Schedule of Compensation
        5.09.03    Per Court
5.10    Appointment of Special Trustee(s)
5.11    Special Multiple Trustee Provisions
        5.11.01    Delegation
        5.11.02    Establish Bank Accounts
        5.11.03    Establish Investment Accounts
        5.11.04    Approval Presumption
        5.11.05    Execution of Documents
        5.11.06    All Trustees Equal
5.12    Good Faith Actions Taken by Trustee(s)

ARTICLE VI         General Administrative Provisions

6.01    Irrevocability
        6.01.01    Limitations on Settlor's and Beneficiary's Powers

**CLARENCE THOMAS HARVEY QUALIFIED DISABILITY TRUST**
*Table of Contents - Page 3*

|  |  |  |  |
|---|---|---|---|
|  | 6.01.02 | Limited Power of Trustee(s) to Amend |  |
| 6.02 | Tax Provisions |  |  |
|  | 6.02.01 | Income Tax |  |
|  | 6.02.02 | Estate Tax |  |
|  | 6.02.03 | Tax Return Preparation |  |
|  | 6.02.04 | Tax Refunds |  |
|  |  | 6.02.04.01 | Signature Authority |
|  |  | 6.02.04.02 | Delivery to Trustee |
|  |  | 6.02.04.03 | Trustee's Obligation |
| 6.03 | Choice of Law |  |  |
| 6.04 | Definition of "Issue" |  |  |
| 6.05 | Protection Against Perpetuities Rule |  |  |
| 6.06 | Headings |  |  |
| 6.07 | Notice |  |  |
| 6.08 | Severability |  |  |
| 6.09 | Execution in Counterparts |  |  |

# CLARENCE THOMAS HARVEY
## Qualified Disability Trust

---

**THIS TRUST AGREEMENT** made and entered into this _____ day of _____, 20___, by and between **the HONORABLE JUDGE FALLON** hereinafter referred to as "Settlor", and **RAYMOND HARVEY**, as Trustee, hereinafter referred to as "Trustee".

The Trust established under this Agreement shall be known as the **CLARENCE THOMAS HARVEY *QUALIFIED DISABILITY TRUST*** and is written pursuant to 42 U.S.C. §1396p, as amended on August 10, 1993, by the Omnibus Budget Reconciliation Act of 1993, Pub.L.No. 103-66 for the benefit of **CLARENCE THOMAS HARVEY,** a disabled person as defined in §1614(a)(3) of the Social Security Act, hereinafter referred to as "Beneficiary".

It is intended that the Beneficiary continue to qualify for Medicaid and this Trust be an irrevocable trust pursuant to §SI 01 120.200.,D.2 of the Social Security Administration Program Operation Manual Section (POMS), Health Care Financing Administration Transmittal No. 64, November 1994, Section 3259.7; Economic Self-Sufficiency Public Assistance Manual Section 1640.0576.08 and 1640.0576.09. This Trust is intended to qualify as a 42 U.S.C. §1396p(d)(4)(A) Trust for the benefit of a person with disabilities under the age of sixty-five (65) years old. If the trust beneficiary regains the ability to be employed and no longer qualifies as "disabled", this trust shall continue.

## ARTICLE I
## TRUST FUNDING

1.01   Initial Trust Funding: This Trust shall be funded with the assets described in "Schedule A" attached hereto and shall be held by the Trustee(s) according to the terms of this instrument for the benefit of the Beneficiary.

1.02   Additions to Trust:   Other property, real or personal, may be transferred to the Trustee(s) by anyone with the consent of the Trustee(s). All property held by the Trustee(s) shall constitute the "trust estate".

## ARTICLE II
## DISTRIBUTION OF INCOME AND PRINCIPAL

2.01   Distributions During Life of Beneficiary: During the lifetime of the beneficiary, the Trustee(s) may distribute for the benefit of the Beneficiary from the principal or income, or both, of this Trust, for the satisfaction of the Beneficiary's supplemental care, as the Trustee(s), in the Trustee(s)' sole and absolute discretion, may from time to time deem reasonable or advisable, subject to the strict limitations set out in this instrument. Any income of the Trust not so distributed shall be added annually to the principal.

Qualified Disability Trust for the Benefit of **CLARENCE THOMAS HARVEY**    Page 21

---

STATE OF LOUISIANA    )
~~COUNTY~~ Parish OF Orleans    )  ss.:
    )

    I **Judge Fallon**, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as the **CLARENCE THOMAS HARVEY Qualified Disability Trust**.

_____
Judge Fallon, Settlor

    We, Jared Barnes and Kathry Wozencroft the witnesses, respectively, whose names are signed to the attached of foregoing instrument, having been sworn, declared to the undersigned officer that the Settlor in the presence of witnesses, signed this trust agreement and that they signed, and that each of the witnesses, in the presence of the Settlor and in the presence of each other, signed the trust as a witness.

_____
Witness

_____
Witness

    Acknowledged and subscribed before me by the Grantor(s), **Judge Fallon**, ✓ who is personally known to me or ___ who has produced _____ as identification; and sworn to and subscribed before me by the witnesses, Jared Barnes who is personally known to me or ___ who has produced _____ as identification; and Kathryn Wozencroft who is personally known to me or ___ who has produced ___ _____ as identification, and subscribed by me in the presence of the Grantor(s) and the subscribing witnesses, all on the 18th day of November, 2009.

_____
Notary Public, State of Louisiana

RUTH H. LEARD
Orleans Parish, Louisiana
Notary Public
Notary ID Number: 3892
My Commission is Issued for Life