UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to the following cases: | * | JUDGE FALLON |
| | * | |
| | * | |
| KURELIC, NOLA W. (05-02101) | * | |
| KJONAAS, JOAN OBO | * | MAG. JUDGE KNOWLES |
| LONNIE LEE KNONAAS (06-05654) | * | |
| CENTRELLA, KATHRYN OBO | * | |
| JOSEPH CENTRELLA (0-5-03164) | * | |
| HEAVNER, BARBARA (tolled) | * | |
| HUNT, ROBERT (06-015050) | * | |
| ROGERS, HOWARD (tolled) | * | |
| | * | |
| Individuals, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| Merck & Co., Inc., | * | |
| | * | |
| Defendant. | * | |

**CERTAIN THIRD PARTY PAYORS' RESPONSE TO MOTIONS FOR RELIEF FROM THE PRIVATE LIEN RESOLUTION AGREEMENT**

**INTRODUCTION**

Third Party Payors, UHC-Medica-IE and Blue Cross Blue Shield of Nebraska ("Responding TPPs") are participants in the Vioxx Private Lien Resolution Program, pursuant to the Memorandum of Understanding between their counsel, Levy Phillips & Konigsberg, LLP and Crowell & Moring, and the Lien Resolution Administrator (the "LRA"), the Garretson Law Firm. *See* Declaration of Diane Paolicelli ("Paolicelli Decl."), Exhibit A ("Ex." A). Responding TPPs hereby respond to the Motion for Relief from the Private Lien Resolution Program filed by

Movants Robert Hunt and Barbara Heavner ("Movants"),[1] and join in the opposition filed by Third Party Payors Noridian, Avmed, United and Anthem. In addition, TPPs assert that Movants' motion is frivolous and moot, and as such the relief improperly sought by their motion should be denied.

### I. TPPs Have Acted Diligently and Liens of Movants Hunt and Heavner Have Been Approved Thus Rendering This Motion Frivolous and Moot

At all times Responding TPPs and their counsel have worked diligently with the LRA and followed the LRA's procedures for submitting claims to ensure that the liens asserted against Movants were proper and efficiently finalized. *See* Paolicelli Decl., paragraph 2 ("para." 2). Furthermore, Movants' counsel had not once addressed the concerns raised by the instant motion directly with Responding TPPs, against whom Movants seek relief, prior to filing their motion in violation of Pretrial Order No. 17. *See id.*, para. 3. Pretrial Order No. 17, Section IV. A. "Pre-filing Consultation" reads:

> No motion shall be filed unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action. Such conferences may take place by telephone.

Had Movants conferred directly with counsel, counsel for Responding TPPs would have resolved Movants' concerns with the same diligence counsel has exhibited throughout their dealings with the LRA, and without frivolous motion practice. Indeed, ***within hours*** of Responding TPPs having been served with Movants' motion on October 27, 2009, counsel for Responding TPPs communicated with the LRA to ascertain the circumstances surrounding the LRA's holdbacks and audited lien amounts for Movants. *See* Paolicelli Decl., para. 4. At that

---

[1] Responding TPPs note that Movants prematurely submitted a Reply In Support of Motion for Relief from Private Lien Resolution Agreement. Movants filed and served their Motion for Relief from Private Lien Resolution Agreement on October 27, 2009. TPPs UHC-Medica-IE and Blue Cross Blue Shield Nebraska, who had asserted claims against Movants Robert Hunt and Barbara Heavner, and who are incorrectly identified by Movants, had not yet filed opposition to Movants' pending motion when Movants filed their Reply.

time, the LRA confirmed that it significantly reduced the holdback amounts for Movants. *See id.*, para. 5. Ultimately, following an audit by the Garretson Law Firm, the lien asserted by TPP UHC-Medica-IE (incorrectly identified as CIGNA Healthcare, Inc.) was reduced to zero and thus, Movant Robert Hunt's motion is moot. *See id.*, para. 6-7, Ex. B.

Similarly, Movants' assertion that the lien associated with Ms. Heavner's claim has not been finalized is also false. *See id.*, para. 7. The holder of Ms. Heavner's lien, Responding TPP Blue Cross Blue Shield of Nebraska, incorrectly identified by Movants as Blue Cross Blue Shield of North Carolina, has approved the audited lien amount presented by the LRA, and accordingly, Ms. Heavner's motion is moot. *See id.*

## CONCLUSION

The Court should deny the Motion for Relief from the Private Lien Resolution Program in so much as it is frivolous and moot.

Respectfully submitted,

Dated: November 16, 2009

By: /s/ Diane Paolicelli
Diane Paolicelli
Steven J. Phillips
Roxanne DeFrancesco
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 605-6200
Facsimile: (212) 605-6290
dpaolicelli@lpklaw.com

-and-

Andrew H. Marks
Robert T. Rhoad
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500

Facsimile: (202) 628-5116

Amy T. Tridgell
CROWELL & MORING, LLP
153 East 53rd Street, 31st Floor
New York, NY 10022-4611

*Third Party Payor Counsel*