EXHIBIT "A"

## Definitions

The following definitions apply to this Subpoena for Deposition and Production of Documents, and are deemed to be incorporated into each request for documents listed below:

1. "Merck" means Defendant Merck & Co., Inc. and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

2. "Person" means natural person, as well as corporate and/or governmental entity.

3. "Vioxx" means any product containing rofecoxib in any form, dosage, or mode of administration, either alone or in combination with other chemicals and also includes the product sold under the brand name Vioxx.

4. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

5. "Documents" as used in the Request is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the terms

"documents" and "tangible things" under Federal Rule of Civil Procedure 34. "Document" is used in its broadest sense, and means the original and any non-identical copy, regardless of origin or location. Typical categories of material included within the term "document" are: books, pamphlets, periodicals, memoranda (including those of telephone and in-person conversations), letters, reports, notes, telegraphs, statements, records, diaries, minutes, bulletins, circulars, brochures, studies, instructions, working papers, charts, work assignments, drawings, prints, flow sheets, graphs, invention disclosures, photographs, photomicrographs, microfilm, medical and hospital records and reports, x-ray photographs, drafts, advertisements, catalogs, paper, indices, tapes, disc, data sheet or data processing material, or any handwritten, recorded, transcribed, punched, taped, filmed or graphic matter, however, produced or reproduced in Your possession, custody or control or to which You have had access. "Document" includes all electronic or optical media or other information storage means, including film, tapes, computer disks or cares, databases, or personal data assistant memory. When any Document contains any marking not appearing on the original or altered from the original, such item shall be considered to be separate original documents.

6. "Or" and "and" will be used interchangeably.

Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 to present.

### Confidentiality

A confidentiality order has been entered in this case by the Honorable Eldon Fallon, Judge of the United States District Court of the Eastern District of Louisiana in the matter of In Re: Vioxx Product Liability Litigation, MDL 1957 (E.D.La), and can be obtained from the Court's website at www.laed.uscourts.gov.

### Documents to Produce:

1. All documents setting forth or relating to your participation in the VIGOR clinical trial published in New England Journal of Medicine on November 23, 2000, including but not limited to drafting and/or commenting upon the protocol for the conduct of the trial; draft versions of the article or manuscript; email, fax or other correspondence with Alise Reicin, Deborah Shapiro, Claire Bombardier, or any other author or co-author of the article, between November 1999 and the present; statistical analyses conducted by any person regarding gastrointestinal and/or cardiovacsular events and/or hypertension/edema/renal events; responses and/or draft responses to reviewer comments between May 18, 2000 and November 23, 2000; speaking engagements at any professional meeting or conference, between March 2000 and the present; press interviews; participation in the preparation of any video news releases or other video presentations regarding VIGOR; and financial compensation for all work relating to the VIGOR study.

2. All documents relating to work performed for Merck regarding rofecoxib, from 1997 to the present.

3. All documents setting forth agreements, contracts, or other arrangements between Merck and you for financial compensation for work relating to rofecoxib and/or etoricoxib, and the amounts of compensation received, from 1997 to the present.

4. All documents relating to your work on the clinical trial known of rofecoxib as Protocol 136, comparing rates of gastrointestinal events on Vioxx, ibuprofen and aspirin, from 2000 through 2004, including but not limited to trial protocols and data analysis plans; drafting of manuscripts for consideration by peer reviewed journals; responses or draft responses to peer reviewers; presentations at professional meetings or conferences from 2000 through 2004; and agreement, contracts, or other arrangements for financial compensation, and the amounts of such compensation, from 2000 through 2004.

5. All documents relating to your work on the clinical trials of rofecoxib known as Protocols 044 and/or 045, from 1997 through 2002, including but not limited to trial protocols and data analysis plans; determination of endpoint criteria; drafting of manuscripts for consideration by peer reviewed journals; responses or draft responses to peer reviewers; presentations at professional meetings or conferences from 2000 through 2004; and agreement, contracts, or other arrangements for financial compensation, and the amounts of such compensation, from 2000 through 2004.

6. All documents relating to your work on an updated pooled analysis of gastrointestinal events in rofecoxib clinical trials, between 2002 and 2004.

7. All documents relating to the "Expression of Concern" (EOC) and/or "Expression of Concern Reaffirmed" (EOC-R) published in the New England Journal of Medicine in December 2005-March 2006, including but not limited email, fax or other correspondence with Alise Reicin, Deborah Shapiro, Claire Bombardier, or any other author or co-author of the VIGOR article about the EOC and/or the EOC-R; contacts or correspondence with any other person, including but not limited to Merck employees and/or attorneys for Merck, about the EOC and/or EOC-R and the response or draft response of authors to the EOC and/or EOC-R, between December 8, 2005 and the present.

8. All documents setting forth or relating to "complicated" Perforations, Ulcers and Bleeds (PUBs) as defined in the VIGOR study, among study subjects categorized as using corticosteroids at baseline compared to those who were categorized as not using corticosteroids at baseline, between 1998 and the present, including but not limited to correspondence, emails, and/or statistical analysis of significance, relative risk, or interaction.