UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   VIOXX PRODUCTS<br>LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

**RESPONSE TO PLAINTIFF LIASON COUNSEL'S OPPOSITION TO MOTION FOR A
DISCOVERY/BRIEFING SCHEDULE RELATING TO THE COMMON BENEFIT FEE
APPLICATION OBJECTIONS AND CROSS-MOTION FOR PROTECTIVE ORDER**

Michael Stratton, Liaison Counsel for Objectors, respectfully submits, on behalf of all

Objectors, this Response to Plaintiff Liason Counsel's Opposition to Motion for a

Discovery/Briefing Schedule Relating to the Common Benefit Fee Application Objections and

Cross-Motion for Protective Order, and in support thereof would show the following:

**SUMMARY**

Mr. Herman asserts that *no discovery* on the issue of whether Objectors have valid

contracts approved by court order for 2% of common benefit attorneys' fees should be allowed.[1]

Mr. Herman's argument is based largely on the false premise that Objectors have waived the

right to assert their contracts for a 2% common benefit assessment by having enrolled their

clients in the Master Settlement Agreement ("MSA") program.   Contrary to Mr. Herman's

assertion, Objectors specifically preserved their right to dispute an 8% assessment by a

---

[1] *See* Dckt. # 26698 (PLC Response in Opposition) at p. 2.   Mr. Herman asserts that discovery on the
merits of common benefit attorneys' fees under the *Johnson v. Georgia Highway Express, Inc.* factors is
appropriate.   Objectors agree.

documented agreement with the NPC (including Mr. Herman). Because an 8% assessment is contrary to (i) a prior court order, and (ii) contracts for a 2% assessment, Objectors are entitled to discovery before the hearing on Mr. Herman's motion for an award of 8%.

**ARGUMENT**

I.      **Objectors Are Entitled to Know How the Claim for Common Benefit Fees Went from 2% to 8% at Their Expense.**

Early in the life of MDL 1657, Objectors executed Full Participation Options ("FPO"). The Plaintiffs Steering Committee ("PSC") proposed them and this Court approved them in Pretrial Order 19. Those agreements provided that participating plaintiffs' counsel would pay common benefit counsel a fee amounting to 2% of the settlement agreement. Acting with full knowledge of those agreements, NPC attorneys commenced settlement discussions with Merck's counsel. Objectors were excluded from those discussions and have no knowledge of them. NPC and Merck emerged from the secret settlement discussions with an "agreement" that purported to authorize plaintiffs' counsel to obtain a common benefit fee of 8% — quadruple the amount Objectors thought they would be paying (under contracts with the PSC, including Mr. Hermann) if the settlement were successful.

Having had their liability for common benefit fees purportedly quadrupled without being consulted, or even informed that any common benefit fee discussions were taking place between NPC and Merck, Objectors understandably seek to find out from the two parties that *were* involved how and why Objectors' liability purportedly went from 2% to 8%. Discovery allows attention to what justification, if any, existed for NPC obtaining a claim for dramatically increased benefits for themselves and others at Objectors' expense. Objectors are clearly entitled to know these facts before the hearing on Mr. Herman's motion for approval of an 8% fee.

2

## II.    Discovery is Warranted Under the Facts and the Law.

Mr. Herman advances two reasons Objectors should not be allowed discovery on the common benefit fee assessment issue: (1) that Objectors allegedly waived their right to their 2% contractual common benefit fee assessment by enrolling clients into the settlement program established by the master settlement agreement ("MSA"); (2) that Objectors advance a purely legal issue that needs no discovery.[2]  Mr. Herman is flatly wrong.  As to (1), he is contradicted by an NPC written assurance to an Objector that enrolling clients in the settlement program would not indicate an acceptance of the settlement agreement's common fee provision.  Mr. Herman is also mistaken as to (2).  Parties alleging breaches of contractual and other obligations are entitled to discovery into the facts and circumstances of the creation of the contractual and other obligations, as well as the alleged breach of those obligations.

### A.    Objectors Have Preserved the Right to Challenge the MSA's Purported Abrogation of Pretrial Order 19 and 2% Common Benefit Fee Contracts.

Mr. Herman argues that Objectors waived a right to claim that their 2% contracts – Court-approved in Pretrial Order 19 – are valid by accepting "ALL of the terms of the Settlement Agreement," including Section 9.2.1, which purports to "supersede the assessment provided to MDL common benefit attorneys pursuant to Pretrial Order No. 19."[3]  Mr. Herman is mistaken.

When presented with the MSA's provision that purported to abrogate Pretrial Order 19 and quadruple the amount of the common benefit fee that could be sought, Objectors did not simply enroll in the settlement with no objection.  Rather, John Eddie Williams (one of the Objectors) asked Edward Blizzard, an NPC member, "if a lawyer who enrolls in the Settlement

---

[2] *Id.* at pp. 2-4.

[3] *Id.* at p. 2.

3

is waiving his or her right to object to common benefit fee and expense issues." Mr. Blizzard responded:

> **I have consulted with the other member of the PNC and we all agree that by enrolling clients in the Settlement you are not waiving any right to later object to the amount of common benefit holdbacks or awards for fees or expenses.**

(emphasis added). This correspondence is attached as Exhibit A hereto. Mr. Herman was then a member of the NPC and personally received this correspondence that recited his agreement. Although Mr. Herman may have forgotten that the NPC made this agreement, it is clear that this NPC statement forecloses Mr. Herman's waiver argument.

## B.   Objectors Are Entitled to Discover the Facts and Circumstances of the 2% Contracts and the MSA 8% Common Benefit Fee Provision.

Mr. Herman further contends, without authority, that "no amount of discovery will illuminate this issue of law for the Court," and should be precluded.[4]   Mr. Herman's position is, apparently, that no action for breach of contract permits any discovery.   Objectors' claims include the right to enforce the FPO common benefit fee assessment, which is in the nature of a breach of contract action, but that fact does not preclude the right to discovery of facts germane to the FPO's formation and breach, and the formation of the settlement agreement in derogation of the FPOs and Pretrial Order 19.

The scope of discovery allows any documents and communications "relevant to the subject matter involved in the pending action" to be discovered. *Perez v. State Industries, Inc.*, 578 So.2d 1018, 1019 (La. Ct. App. 4 Cir. April 16, 1991).   Breach of contract claims, like any other cause of action, may be rife with fact issues. *See White v. Golder*, 982 So.2d 234, 241 (La. Ct. App. 2 Cir. May 29, 2008) (overturning summary judgment on breach of contract claim

---

[4] *See id.* at p. 4.

4

because a fact issue existed as to the defendants' willful intent regarding the making and breach of the contract).

There is no exception to this right to discovery in breach of contract claims, even when the contract at issue is a settlement agreement.[5]  *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009) ("Ford was entitled to discovery on Castillo's separate breach of contract claim regardless of the admission or contents of the affidavits"); *Quintero v. Jim Walter Homes*, 654 S.W.2d 442, 444 (Tex. 1983) ("The validity of the settlement agreement, however, may not be determined without proper pleadings and full resolution of the surrounding facts and circumstances."). Discovery is especially necessary where, as here, the settlement agreement is in plain violation of a prior court order. *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1126 (7th Cir. 1979) ("If the negotiations did proceed in violation of the trial court's pretrial order, we think that the plaintiff-objectors are entitled to discovery to determine whether the negotiations may have prejudiced the interests of the class.").[6]

Here, the facts and circumstances as of yet unknown to Objectors (and in no record before the Court) include:

- The intended scope of the Full Participation Agreements; *i.e.*, whether the FPOs were known and intended by Plaintiffs' Steering Committee attorneys to apply to the type of settlement that was reached;

- The extent and nature of the intended reliance on FPOs by participating attorneys; *e.g.*, whether the 2% common benefit assessment was intended to induce higher rates of participation;

---

[5] Mr. Herman confuses the right to broad discovery with the rule that contracts must, when possible, be interpreted by their terms rather than the surrounding circumstances of their formation. *E.g., Kenner Fire Fighters Ass'n Local No. 1427, I.A.F.F. v. City of Kenner*, __So.3d___, 2009 WL 3103973 (La. App. 5 Cir. Sept. 29, 2009). Objectors agree that the FPO 2% contracts are perfectly clear, but objectors are still entitled to discover the nature of the conduct of NPC attorneys in breaching these contracts.

[6] *In re General Motors Corp.* involved a class action settlement rather than a mass tort settlement agreement as here.

5

- What, if any, bargained-for justification exists for the common benefit fee provisions of the MSA (Merck asserts that *each and every provision is the result of months of arm's-length negotiations.*)"[7]

- NPC attorneys' knowledge of a conflict with Pretrial Order 19 and FPO agreements while negotiating Article 9 of the MSA with Merck;

- NPC attorneys' awareness that they were negotiating primarily for their own benefit rather than the interests of claimants or their attorneys under the FPOs to whom NPC attorneys had obligations;

Mr. Herman claims that the subjects on which Objectors seek discovery are "extraneous" and "wasteful of legal and judicial resources."[8] The topics proposed for discovery are, on their face, all germane to the issue of the common benefit fee assessment. Presently, there is *no* factual record to justify deviation from Pretrial Order 19 or the FPO contracts which it approved.

Mr. Herman further complains that such discovery is "highly intrusive,"[9] but it is his motion that asks the Court to order Objectors to pay him and others *quadruple* the common benefit fee that he himself proposed at the outset of the settlement discussions. It seems only fair that Objectors be given the opportunity to at least discover the facts and circumstances that led to the dramatic increase in Mr. Herman's (and others') share of the settlement at Objectors' expense, before the hearing on Mr. Herman's motion.

Finally, Mr. Herman contends that his motion is a typical "request for attorneys' fees" that "should not result in a second major litigation."[10] Mr. Herman's authority, *Hensley v. Eckerhart*, addressed the need for sufficient factual development for a fee-shifting award that did

---

[7] *Dckt # 26446* (Merck's objection to Objectors' Request for Discovery) at pp. 8 – 9 (emphasis added).

[8] Dckt. # 26698 (PLC Response in Opposition) at p. 4.

[9] *Id.* at 5

[10] *Id.* at 3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

not involve any breach of contract or other duties by the requesting attorney, and is therefore material only to the issue of the merits of the common benefit fee to be awarded.

The relevant authorities are the cases addressing the perverse incentives created "[w]hen competition among different sets of plaintiffs' counsel exists." *See Prezant v. Angelis*, 636 A.2d 915, 922 (Del. 1994) (citing *Mars Steel Corp.*, 834 F.2d at 681). In such cases, "there is the ever present danger that unscrupulous counsel may 'sell out' the class in order to receive a fee." *Id.* Here, examining only the participation agreement and the MSA raises the issue of whether the NPC sold out Objectors to receive a higher fee. In addition to "selling out" Objectors for their own (and others') benefit, the NPC appears to have completely disregarded the Court's Pretrial Order 19, thus providing a compelling need for discovery of their settlement discussions on common benefit fee issues. *See In re General Motors Corp.*, 594 F.2d at 1126 (discovery is warranted where aspects of settlement discussions violated a pretrial order).

The NPC entered into negotiations with Merck on the basis of a contractual agreement for a 2% fee, and then proceeded to craft a settlement that purports to quadruple his fee at Objectors' expense. It strains credulity that Mr. Herman now seeks to prevent Objectors from even discovering the facts and circumstances surrounding those events. Under these circumstances, Objectors are clearly entitled to reasonable discovery of NPC members and Merck.

## CONCLUSION

For the reasons stated above, Objectors respectfully disagree with Mr. Herman's Objections to their Motion for a Discovery/Briefing Schedule Relating to the Common Benefit Fee Application Objections, urge that such objections be overruled, and reassert their motion for a discovery and briefing schedule on the common benefit fee application objections.

Respectfully submitted,

Objectors' Liaison Counsel

By_____

    MICHAEL A. STRATTON
    CT 08166
    STRATTON FAXON
    59 ELM STREET
    NEW HAVEN, CT 06510
    TEL:   203-624-9500
    FAX:  203-624-9100
    mstratton@strattonfaxon.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon Liaison Counsels,

Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail,

and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced

in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with

the Clerk of Court of the United States District Court for the Eastern District of Louisiana by

using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the

procedures established in MDL 1657 on _____Nov. 9_____, 2009.


_____
MICHAEL A. STRATTON