UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibit A* | * | KNOWLES |
| | * | |
| | * | |
| | * | |

*************************************************************************

## DEFENDANT MERCK & CO., INC.'S FOURTH MOTION AND INCORPORATED MEMORANDUM TO DISMISS NON-SUBMITTING PROGRAM CLAIMANTS' CASES

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order dismissing the cases identified in the attached exhibit for failure to comply fully with the Master Settlement Agreement (the "Agreement" or "MSA"). In support of its motion, Merck states as follows:

1. On June 11, 2009, August 21, 2009, and October 1, 2009, respectively, Merck filed motions to dismiss directed at persons who had enrolled in the Resolution Program, were deemed Non-Submitting Program Claimants ("NSPC") by the Claims Administrator, and who had failed to provide proper stipulations for dismissal with prejudice as is required under the MSA. On August 3, 2009, September 8, 2009, and October 31, 2009, respectively, this Court entered its Orders granting Merck's motions. This fourth motion is directed to an additional set of people who were not named in the previous motions – primarily because their eligibility status remained unclear at the time of the filing of those motions.

2. On November 9, 2007, the parties in this litigation announced the establishment

1

of the Vioxx Resolution Program. The requirements of that Program are set out in the Agreement. By submitting an Enrollment Form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4.

3. Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program. *See* MSA § 1.2.3.

4. As part of the settlement process, claimants must submit complete Claims Packages, including all of the required pharmacy, medical and event records, as well as properly and fully executed Releases and Medical and Employment Record Authorization Forms. *See* MSA §§ 1.3.1, 1.2.2.1. Additionally, claimants with lawsuits pending against Merck must provide properly and fully executed Stipulations for Dismissal With Prejudice. *See* MSA § 1.2.2.1.

5. Program claimants who failed to comply fully with the terms of the Agreement by November 30, 2008 ceased to have any further rights under the Program and became NSPC. At that point, the MSA directs the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck which Merck may file or cause to be filed in any relevant action or proceeding. *See* MSA § 1.2.2.4, Exhibit 1.5.

6. The claimants on the attached exhibit are plaintiffs in cases pending on this MDL docket who enrolled in the Resolution Program. However, the Claims Packages they provided did not fully comply with the terms of the Agreement, and the Claims Administrator has declared them to be NSPC.

7. Accordingly, these NSPC claimants do not have any further rights under the Program, and Merck is entitled to file said claimants' Stipulations for Dismissal With Prejudice.

8. These NSPC claimants, however, never submitted Stipulations for Dismissal With Prejudice as is required under the MSA.

9. The NSPC claimants on the attached exhibit have been given ample opportunity to cure their deficiencies and further, have had the opportunity to appeal their NSPC status to the Special Master. Notwithstanding, these claimants remain NSPC.

10. WHEREFORE, for the foregoing reasons, Merck respectfully requests that this Court enter an Order dismissing, with prejudice, the cases for the NSPC claimants identified on the attached exhibit and for such other relief as the court deems just and proper.

Dated: November 19, 2009                    Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Stephen G. Strauss
Stefan A. Mallen
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of November, 2009.

                */s/ Dorothy H. Wimberly*
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana 70130
                Phone: 504-581-3200
                Fax:  504-581-3361
                dwimberly@stonepigman.com

                Defendants' Liaison Counsel

999480v.1