UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY
LITIGATION

This document relates to:

249 particular Vioxx claimants
for whom Sol H. Weiss is registered as
primary counsel with the
Vioxx Claims Administrator

and

31 particular Vioxx claimants
for whom James C. Peterson is registered
as primary counsel with the
Vioxx Claims Administrator

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

## REPLY TO TERESA TORISEVA'S RESPONSE TO
## SUPPLEMENTAL MOTION TO DISMISS ATTORNEY CHARGING LIEN NOTICE

### 1. Facts

a. Short summary of the undersigned's supplemental motion to dismiss the Toriseva charging lien notice

On November 16, 2009, the undersigned attorneys filed a supplemental motion to dismiss the Toriseva notice of charging lien, accompanied by a supporting brief and notice of hearing on the motion to be held on December 16, 2009. The three grounds upon which the supplemental motion to dismiss are based[1] all hinge on the fact that Toriseva's lien notice does not ask this court to address her attorney fee claim on its merits, but rather to

---

[1] The three grounds are: 1) lack of a justiciable controversy, 2) the relief requested in the lien notice cannot be granted consistent with due process, and 3) failure to allege sufficient facts to show Toriseva is entitled to the relief requested in the lien notice.

- 1 -

order Resolution Program money under the control of the Claims Administrator be transferred to a West Virginia state court for a determination there on the merits.

### b. Toriseva's response to the supplemental motion to dismiss the lien notice

On November 17, 2009, Toriseva filed a document titled "Motion to Adjourn Hearing," in response to the supplemental motion to dismiss; however, this document is not simply a request for a continuance or rescheduling of the hearing to a different date. It is primarily a substantive response to the supplemental motion to dismiss and should be treated as such. This response on behalf of Attorney Toriseva states the following.

> ... Toriseva has instituted a declaratory judgment action against Mr. Hill in the Circuit Court of Ohio County, West Virginia. That Court ... is the appropriate forum in which their dispute over the attorneys' fees should be adjudicated.
>
> ... the hearing on ... the supplemental motion to dismiss the attorney's charging lien, should be continued generally...
>
> ... There is no need for the Court to address the motion to dismiss, in that the attorneys' fee dispute between Ms. Toriseva and Mr. Hill will be determined ... in the Circuit Court of Ohio County, West Virginia, thereby making it unnecessary for this court to address the substance of the lien;
>
> ... this Court should simply enter an Order providing that the ... funds that are the subject of the attorneys' fee dispute... should be paid into the Circuit Court of Ohio County, West Virginia, such that the ultimate disposition of those funds can properly be directed by that Court ...

## 2. Argument

The language quoted above:

a. *admits* that Toriseva does not, and never did, have any intention of asking this court to address the merits of the claim underlying the lien notice;

b. *admits* that the only reason for filing the lien notice in this court was, and is, to attempt to get this court to summarily transfer Hill's fee money to another court without a hearing and without a finding by this court that there is merit to Toriseva's lien claim;

c. *effectively admits* that there is no law that supports the propriety of such a transfer by failing to cite any authority for such a proposition;

d. *effectively admits* that the charging lien notice does not present this court with a justiciable controversy by admitting that Toriseva is not asking this court to make an adjudication on the merits of her attorney fee claim;

e. *effectively admits* abuse of Pretrial Order 47 by taking advantage of its mandatory withholding procedure to deprive Hill of his attorney fees indefinitely, while simultaneously asking this court *never* to address the motion to dismiss the charging lien;

f. *effectively admits* that the charging lien notice was filed for the purpose of using this court as a tool for imposing prejudgment attachment of assets in connection with the state court case; and

g. *effectively admits* lack of opposition to the grounds cited in the supplemental motion for dismissing the lien notice by failing to offer any opposing facts or legal authority.

### 3. Conclusion

Accordingly, the supplemental motion to dismiss should be granted without a hearing, based on:

a. failure of the attorney's charging lien notice to present a justiciable controversy, and/or

b. deeming the grounds cited in support of the supplemental motion to dismiss as being unopposed, because of Toriseva's failure to offer any law, facts, or argument in opposition to them.

A proposed order dismissing the charging lien notice is attached.

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY PC
sweiss@anapolschwartz.com
1710 Spruce Street

Philadelphia PA 19103
215 735-1130 phone
215 735-2024  fax

James C. Peterson,
HILL, PETERSON, CARPER, BEE & DEITZLER PLLC
jcpeterson@hpcbd.com
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax

D. Andrew List
CLARK, PERDUE & LIST LPA
alist@clarkperdue.com
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax


by _____
    Barry Hill


### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing REPLY TO TERESA TORISEVA'S RESPONSE TO SUPPLEMENTAL MOTION TO DISMISS ATTORNEY CHARGING LIEN NOTICE has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), upon counsel for Teresa Toriseva, Avrum Levicoff by email and regular mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of November, 2009.

- 5 -

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax