UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br>VIOXX PRODUCTS LIABILITY<br>LITIGATION<br><br>This document relates to:<br><br>249 particular Vioxx claimants<br>for whom Sol H. Weiss is registered as<br>primary counsel with the<br>Vioxx Claims Administrator<br><br>and<br><br>31 particular Vioxx claimants<br>for whom James C. Peterson is registered<br>as primary counsel with the<br>Vioxx Claims Administrator | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

## ORDER DISMISSING NOTICE OF ATTORNEY'S CHARGING LIEN FILED ON BEHALF OF ATTORNEY TERESA TORISEVA

### FACTS

A notice of attorney's charging lien was filed with the court on behalf of Attorney Teresa Toriseva on September 18, 2009. This notice states the following.

> PLEASE TAKE NOTICE THAT Teresa Toriseva, Esquire, ("Charging Party") ... asserts a lien over a portion of the settlement proceeds paid or payable to the plaintiffs in 563 cases, identified in the listing appended hereto as Appendix "1". Significantly, plaintiff's lien is limited to a 24% share of the proceeds of such settlement of such cases as this court has heretofore determined and set aside as plaintiffs' attorneys' fees, net of the 8% of such proceeds as the Court has set aside for attorneys whose services contributed to the common benefit of all plaintiffs. The circumstances and facts related to the lien asserted herein are more fully detailed in a Complaint filed in the Circuit Court of Ohio County, West Virginia which seeks declaratory relief, a true and correct copy of which is appended hereto as Appendix "2".

The relief requested in the lien notice is for this court to order the 24% private attorney fee money for all affected claimants be paid "immediately" to a state court for a determination there on the merits, as stated in the notice's claim for relief quoted below.

> "The Charging Party hereby requests that the Court forthwith direct that the funds to which the above described lien attaches, that being the 24% of the portion of the settlement proceeds in each of the 563 cases identified in the listing appended hereto as Appendix '1', immediately be paid over to and deposited with the Circuit Court of Ohio County, West Virginia, to be further disbursed as that Court shall declare and direct."

The lien notice does not ask this court to make an adjudication on the merits of the attorney fee claim underlying the lien notice.

On October 5, 2009, the court received by fax a motion to dismiss the lien notice and a brief supporting it. There is a question as to whether this motion and brief were appropriately filed with the court's clerk; however, counsel for Toriseva acknowledges receipt of them,[1] indicating that he has been aware since early October 2009 of the legal grounds cited in support of both the motion to dismiss and the supplemental motion to dismiss. Toriseva did not file a response to the original motion to dismiss.[2]

On November 13, 2009, a supplemental motion to dismiss the lien notice and supporting brief were filed.[3] This motion cites three reasons in support of dismissing the lien notice: 1) lack of

---

[1] Toriseva's counsel states in a November 17, 2009, motion to adjourn, "Mr. Hill has filed a motion to dismiss the attorney's charging lien in this matter, and more recently filed a supplemental motion to dismiss."

[2] On October 16, 2009, Toriseva filed a "Supplement to Notice of Attorney's Charging Lien," which revised the scope of the charging lien, but does not contain anything relating to the grounds cited in support of the motion to dismiss or the supplemental motion to dismiss.

[3] The supplemental motion indicates it is being filed on behalf of:

> 1. The 249 Vioxx Claimants for whom Sol H. Weiss of the law firm of Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley PC (Anapol Schwartz) is registered with the Claims Administrator as primary counsel and from whose awards money is being, or will be, withheld by the Claims Administrator, pursuant to PTO 47, as a result of the charging lien. These claimants' cases were filed as lawsuits in New Jersey state court, and they are represented by the law firms of Anapol Schwartz; Hill, Peterson, Carper, Bee & Deitzler PLLC (Hill Peterson); Clark, Perdue & List LPA (Clark Perdue); and Attorney Barry Hill (Hill).

justiciable controversy, 2) inability to grant the relief requested in the lien notice without violating due process, and 3) failure of the lien notice to state a claim upon which relief can be granted.

In response to the supplemental motion to dismiss, Toriseva on November 17, 2009, filed a document titled "Motion to Adjourn Hearing," stating:

> "... Toriseva has instituted a declaratory judgment action against Mr. Hill in the Circuit Court of Ohio County, West Virginia. That Court ... is the appropriate forum in which their dispute over the attorneys' fees should be adjudicated."

> "... the hearing on ... the supplemental motion to dismiss the attorney's charging lien, should be continued generally..."

> "... There is no need for the Court to address the motion to dismiss, in that the attorneys' fee dispute between Ms. Toriseva and Mr. Hill will be determined ... in the Circuit Court of Ohio County, West Virginia, thereby making it unnecessary for this court to address the substance of the lien;"

> "... this Court should simply enter an Order providing that the ... funds that are the subject of the attorneys' fee dispute... should be paid into the Circuit Court of Ohio

---

2. The 31 Vioxx Claimants for whom James C. Peterson of the Hill Peterson law firm is registered with the Claims Administrator as primary counsel and from whose awards money is being, or will be, withheld by the Claims Administrator, pursuant to PTO 47, as a result of the charging lien. These were MDL 1657 cases, either by transfer from another federal court or under MDL 1657 tolling agreements. These claimants are represented by Hill Peterson, Clark Perdue, and Hill.

3. Anapol Schwartz on its own behalf, as attorneys with a fee interest in 249 of the awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

4. Hill Peterson on its own behalf, as attorneys with a fee interest in the 280 awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

5. Clark Perdue on its own behalf, as attorneys with a fee interest in the 280 awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

6. Hill on his own behalf, as an attorney with a fee interest in the 280 awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

7. Attorneys who referred many of the 280 claimants to Hill Peterson, Clark Perdue and/or Hill, and who have a fee interest in Vioxx Settlement awards to the claimants they referred.

County, West Virginia, such that the ultimate disposition of those funds can properly be directed by that Court ..."

Toriseva's motion for adjournment does not cite any opposing legal authority or otherwise attempt to refute the three grounds cited for dismissing the lien notice set forth in the supplemental motion to dismiss.[4]

## Discussion

Toriseva's November 17, 2009, "Motion to Adjourn Hearing" is not a mere request for a continuance of the hearing scheduled for December 16, 2009. It is a substantive response to the supplemental motion to dismiss the charging lien, and it will be treated as such.

This court has inherent authority to resolve attorney fee issues arising in, or in connection with, MDL 1657, and it also has expressed authority, as Chief Administrator, to resolve such issues under the terms of the Vioxx Master Settlement Agreement. (Order and Reasons, MDL 1657, August 27, 2008, at p.14). Accordingly, the court could assume jurisdiction to decide the attorney fee dispute underlying Toriseva's notice of charging lien, irrespective of whether Toriseva asks or wishes the court to do so. However, under the specific facts of the charging lien notice at issue, the court will not exercise this authority.

A justiciable controversy does not exist unless the court is presented with facts showing "a real and substantial controversy admitting of specific relief through a decree of conclusive character." *Merkey v Board of Regents*, 493 F.2d 790 (5th Cir. 1974). A justiciable controversy exists only when the court is presented with a "concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the

---

[4] The motion to adjourn indicates that Toriseva's attorney, Avrum Levicoff, has a conflict with the December 16, 2009, date set for hearing of the supplemental motion to dismiss; however, Attorney Levicoff does not request rescheduling the hearing to suit his availability. Instead he recommends that the court should never hear the motion, stating, "There is no need for the Court to address the motion to dismiss, in that the attorneys' fee dispute between Ms. Toriseva and Mr. Hill will be determined ... in the Circuit Court of Ohio County, West Virginia."

facts alleged." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth* 300 U.S. 227 (1937). A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop. *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir.1967).

Toriseva's "Motion to Adjourn Hearing" unequivocally indicates that the only relief being sought from this court is an order transferring Vioxx Resolution Program money from the control of this court and the Vioxx Claims Administrator to a West Virginia state court. Toriseva is asking the court to order the transfer without making any determination as to whether she has any legal right to the money sought to be transferred. This money transfer request, standing alone as the only relief requested, does not present the court with a real controversy admitting of specific relief through a decree of conclusive character, and it does not present a case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding. Therefore the Toriseva charging lien does not present the court with a justiciable controversy and thereby effectively fails to invoke the court's authority to grant any relief in connection with the charging lien.

The court finds that Toriseva has waived the right to a hearing on the question of whether a justiciable controversy by asking the court not to conduct one. Toriseva's motion to adjourn states, 1) "There is no need for the Court to address the motion to dismiss" and 2) "it [is] unnecessary for this court to address the substance of the lien". The court interprets "address," as used in the foregoing context, to mean "hold a hearing on."

## Order

**Ordered:**

1. The notice of attorney's charging lien filed on behalf of Attorney Teresa Toriseva on September 18, 2009, as originally filed and as supplemented on October 16, 2009, is hereby dismissed.

2. The Claims Administrator is directed to immediately cease withholding any and all money that is being withheld as a result of the Toriseva charging lien and to direct the Escrow Agent to make full disbursements to MI and IS claimants entirely free of the Toriseva charging lien notice.

New Orleans, Louisiana, this ___ day of _____, 2009

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE