11-17-09

3 Pages

Fax

To... Judge Fallon
504 589-6966

From... Jo Levitt...........Case 2:06-cv-09757-ee+dek.
Fax 816 444 9450
Phone 816 444 1300
ChocolateSoup.jo@gmail.com

Additional information re: request for reinstating my case.

*Letter from Merck*

LAW OFFICES
**WILLIAMS & CONNOLLY LLP**
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

L ELAINE HORN
(202) 434-5131
nehorn@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 3, 2009

<u>BY FIRST CLASS MAIL</u>

Ms. Jo Levitt
1247 W. 56th Street
Kansas City, MO 64113

Subject: <u>In Re Vioxx Products Liability Litigation</u>, MDL No. 1657
<u>Levitt, Jo v. Merck & Co., Inc.</u>
2:06-cv-09757-EEF-DEK
Pertaining to: Jo Levitt

Dear Ms. Levitt:

We represent defendant Merck & Co., Inc. ("Merck") in the action referenced above. Our records indicate that this action is subject to the provisions of Pretrial Order No. 28 ("PTO 28"), entered by the Honorable Eldon E. Fallon on November 9, 2007 as a case that was not submitted to the Vioxx Resolution Program.

Section II of PTO 28 requires that certain discovery specified in the Order must be produced to Merck. The Order requires production of, *inter alia*, all pharmacy and medical records since January 1, 1995, any death certificates and autopsy reports, an Amended and Supplemental Plaintiff Profile Form, answers to the Interrogatories attached to the Order, an affidavit from the plaintiff pertaining to document collection, and a Rule 26(a)(2) case specific expert report. The full details of these requirements are set forth in Section II, subsections A-B of that same order, which is available on the Court's website at http://vioxx.laed.uscourts.gov/Orders/Orders.htm. Compliance with PTO 28 was called for, under Section II.C. of the Order, and the dates for compliance by all claimants has now passed.

---

,Merck just dismissed me. Apparently they did not check to see what had been filed in my case , even after I informed them of filings. . They just assumed that a plaintiff whose lawyer dropped them was DOA.



Obviously the intension of their "lawyer withdrawal requirement' was to render non registering

plaintiffs effete.

> D. Plaintiffs or Claimants who fail to fully comply with the requirements of this Order shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown. If Plaintiff or Claimant fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel shall file a Motion to Show Cause why the claim should not be dismissed with prejudice or, if tolled, why the tolling for that Claimant should not be terminated. Plaintiff or Claimant shall thereupon have thirty (30) days to respond to the Notice to Show Cause. Any failure to respond to
>
> the Motion within the required period of time shall lead to the dismissal of the claim with prejudice or, if tolled, the termination of tolling for that claim, except for good cause shown.

I received nothing from the Merck or the court, to address any deficiencies in the filings in my case...I was not then given " Cure Period"....nor was I apprised of a pending order to Show cause why my case should not be dismissed.

.I obtained access to Pacer in June 2009 and their records showed that nothing was pending in my case. I do not have access to lexis/nexis

Merck asserts that "msa were carefully applied to insure that each litigant had representation..."...found in Merck's brief to court of appeals

I would emphatically disagree. I have had no representation since my lawyer dropped me in March of 2008

Merck states...In any event, the provision has not had the effect of stripping non-settling plaintiffs of their retained counsel........found in Merck's brief to court of appeals

I am record proof that the withdrawal requirement .provision of the msa denied someone of adequate representation in this litigation

I believe my case was mistakenly dismissed.

Respectfully,
Jo Levitt