## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | MDL Docket No. 1657 |
| | Section L |
| PRODUCTS LIABILITY LITIGATION | |
| | Judge Fallon |
| | Magistrate Judge Knowles |
| This document relates to: | Docket #:   2:06-cv-06-5996 |
| Patricia Lewis only | |
| v. | |
| Merck & Co., Inc. | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD MOTION TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH LONE PINE REQUIREMENTS OF PTO 43

Plaintiff, Patricia Lewis, by and through undersigned counsel, hereby responds to Defendant's Third Motion to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply with Lone Pine Requirements of PTO 43 to provide case specific expert reports as follows.

Plaintiff was enrolled in the Vioxx Settlement Program and undersigned counsel timely submitted a Claims Package on her behalf. On February 10, 2009, Plaintiff received a Notice of Ineligibility from the Claims Administrator. The undersigned timely forwarded this Notice to Plaintiff. Subsequently, on July 23, 2009, Plaintiff received a Gates Committee Notice of Ineligibility. In response to same, Plaintiff elected to file a

Future Evidence Stipulation. The Future Evidence Stipulation was timely filed. It was accepted by Defendant on November 11, 2009.

On or around October 9, 2009, Defendant filed a Third Motion, Rule and Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure to Comply With the Lone Pine Requirements of PTO 43 to provide case specific expert reports. This matter was originally scheduled for hearing on October 29, 2009. Because of difficulty communicating with Plaintiff, undersigned counsel contacted defense counsel to request a deferment of ruling on this Motion. Defense counsel agreed to defer this Motion until the next status conference, which is scheduled for December 3, 2009. During this time period, undersigned counsel attempted to communicate with Plaintiff. Plaintiff did not respond to telephone calls. Therefore, undersigned counsel forwarded correspondence to Plaintiff to ascertain how Plaintiff wished to proceed with the above-captioned matter. Plaintiff finally responded via correspondence dated November 24, 2009 which the undersigned received on November 30, 2009.

Undersigned counsel and Plaintiff have a fundamental disagreement as to the further prosecution of this lawsuit, the details of which are necessarily omitted as privileged within the attorney-client relationship. As such, on December 1, 2009, undersigned counsel filed a Motion to Withdraw as Counsel of Record in the above-captioned matter. Plaintiff both understood and acknowledged in writing that undersigned counsel intended to file a Motion to Withdraw as Counsel. She further indicated in writing that she wished to obtain new counsel. Based upon a conversation with Plaintiff on December 1, 2009, it is undersigned counsel's understanding that

Plaintiff has contacted The Gardner Law Firm and is in the process of forwarding her records to them for review.

Undersigned counsel attempted to contact defense counsel, Dorothy H. Wimberly, Esquire, to request additional time in light of the foregoing. However, as of the date of the filing of this Response, undersigned counsel has not received a reply from defense counsel.

Based upon undersigned counsel's fundamental disagreement with Plaintiff, Plaintiff's desire to seek new counsel and her contact with potential new counsel, Plaintiff respectfully requests that Defendant's Third Motion to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply with Lone Pine Requirements of PTO 43 be denied as to Patricia Lewis to allow her the opportunity to engage new counsel and submit an expert report as required by Pretrial Order 43.

Respectfully submitted,

THE MILLER FIRM, LLC

BY: _____
Michael J. Miller
Michele A. DiMartino

DATE: December 1, 2009