## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 52 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 52.

I.     SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx

Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death,

or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information

regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full

text of the Master Settlement Agreement and exhibits, together with registration and enrollment

forms  and  instructions  can  be  found  at  Claims  Administrator's  website  at

www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may

- 1 -

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq.  By Order entered February 11, 2009, the Court granted the motion.  U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program.  The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator.   A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov.  Merck has filed several motions relating to Pre-Trial Order 43 and future evidence stipulations.  *See infra* section XVII.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

II.     THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have submitted claims for enrollment.  BrownGreer, the Claims Administrator appointed under the

- 2 -

Agreement, will report on the status of the Program at the monthly status conference on December 3, 2009.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

On November 19, 2009, Merck filed its Fourth Motion and Incorporated Memorandum to Dismiss Non-Submitting Program Claimants' Cases. The motion was directed to plaintiffs who submitted an enrollment form, but who allegedly failed to comply fully with the terms of the Master Settlement Agreement, thereby becoming Non-Submitting Program Claimants ("NSPC") whose Stipulations for Dismissal With Prejudice and Releases are to be delivered to Merck which may file them in any relevant action or proceeding. Merck alleged that the NSPC claimants subject to the motion submitted Stipulations for Dismissal With Prejudice that are materially deficient (or never submitted) and, despite ample opportunity to cure their deficiencies and appeal their NSPC status to the Special Master, have failed to do so. The motion is scheduled for hearing immediately after the monthly status conference on December 3, 2009.

III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective

- 3 -

Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm will report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

On January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans. The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

On November 2, 2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and Bankruptcy-Related Cases. The motion is scheduled for hearing immediately after the monthly status conference on December 3, 2009. The Lien Administrator will be prepared to discuss this issue as well as the procedure it will undertake with respect to Special Needs Trust for certain Medicaid claimants who desire to preserve their Medicaid and who are eligible in the Vioxx Settlement Program.

IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing

1000541v.1

appeals submitted under the terms of the Settlement Program.  At the monthly status conference, Special Master Juneau will report on the appeal process.

## V.   STATE COURT TRIAL SETTINGS

No cases are set for trial in the state courts through December 31, 2009.

## VI.  CLASS ACTIONS

The only remaining class action pending involves Purchase Claims.  Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

## VII.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on December 3, 2009.

## VIII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007

- 5 -

advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").  The PLC and Curator will be prepared to discuss this further at the monthly status conference on December 3, 2009.

IX.    PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.

X.    THIRD PARTY PAYOR CASES

As the parties have advised the Court, a settlement agreement has been negotiated that will resolve private Third Party Payor actions pending in this proceeding (as well as other actions and claims).  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

XI.    GOVERNMENT ACTIONS

A.    Louisiana Attorney General Action

Merck filed a Motion to Dismiss the Amended Complaint on June 9, 2009.  A hearing on the motion took place on July 28, 2009, and the parties await a ruling from the Court.

On August 12, 2009, the Court issued a Minute Entry setting trial in the Louisiana AG case for April 12, 2010.  On September 30, 2009, the Court issued Pre-Trial Order No. 53,

- 6 -

setting forth an amended case management schedule.  The parties have been taking, and continue to take, fact witness depositions.

On November 5, 2009, the Court postponed the due date for Plaintiff's damages expert report until 22 days following the submission to Plaintiffs of the IMS data they had requested.  That IMS production, only for the Louisiana action, was completed on November 30, making Plaintiff's damages expert report due December 22, 2009.  On November 20, 2009, plaintiff served a Notice of Deposition for Dr. Alice Reicin, and Merck intends to object to such Notice in accordance with Pretrial Order No. 9 (Amended).

On November 24, 2009, the Court held a telephone status conference to discuss issues related to the scheduling of depositions of plaintiff's experts.  The Court directed the parties to meet and confer and to schedule as many depositions as they reasonably can during the week of December 28, 2009.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

B.     Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009.  Document productions in these Government Actions have begun and continue on a rolling basis.   Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in two meet and confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.

- 7 -

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

Merck filed a Motion for Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 15, 2009 against James Franklin, on behalf of the State of Colorado. Franklin filed Plaintiff's Verified Response to Defendant's Motion For Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 29, 2009. On October 10, 2009, Franklin filed Plaintiff's Notice of Supplemental Authority In support of his Verified Response to Defendant's Motion for Order to Show Cause why Plaintiff's Complaint should not be Dismissed. This motion is ripe for argument and submission to the Court.

XII.    DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION WITH THIRD PARTY PAYOR AND GOVERNMENT ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A and on February 17, 2009 issued Pre-Trial Order No. 13B, both of which relate to confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions. Additionally, on May 19, 2009 entered Pre-Trial Order No. 13C which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No. 19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion). The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

- 8 -

XIII.   PENDING PERSONAL INJURY CASES IN WHICH LONE
PINE EXPERT REPORTS HAVE BEEN SERVED

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing Ann Oldfather as lead counsel for the Committee and Shawn Foster as a member of the Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports.  On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.  On September 21, 2009, the Court issued a Minute Entry further clarifying the responsibilities of the Committee.

XIV.   THIRD PARTY PAYORS' MOTIONS

On May 19, 2009, the Court issued Pre-Trial Order No. 40 which approved the Settlement Agreement negotiated with Third Party Payor Counsel to establish a Private Lien Resolution Program for eligible claimants and to undertake a confidential audit.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

On September 2, 2009, certain health plans filed a Motion for Preliminary Injunction seeking to enjoin BrownGreer from paying any portion of the final fifteen (15%) percent of settlement proceeds to certain plan members.   The motion was subsequently withdrawn.

On September 15, 2009, the Court entered Pre-Trial Order No. 48 ordering primary counsel for all eligible claimants in the Settlement Program to provide notice to their clients of the Private Lien Reimbursement Program within five (5) days of the Order.

- 9 -

On October 9, 2009, the Court issued Pre-Trial Order No. 54, enjoining certain counsel identified on Exhibit F to the Declaration of Mark D. Fischer, Esq., in support of Certain Health Plans Motion for Preliminary Injunction from making payments of any portion of the final 15% of settlement proceeds of those eligible claimants identified on the Declaration, until a Certification in compliance with PTO 48 and a representation that the eligible claimants have been afforded a reasonable opportunity to opt in to the private Lien Resolution Program has been provided to the Garretson Firm.

On October 26, 2009, certain plaintiffs represented by the Beasley Allen firm filed a Motion for Relief from Private Lien Resolution Agreement.  The motion has been fully briefed and is scheduled for hearing immediately following the monthly status conference on December 3, 2009.

XV.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on

- 10 -

Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument.   Numerous objections were filed with the Court.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on December 3, 2009.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel.  The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court.  On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award.  This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.  On October 2, 2009, the Vioxx Litigation Consortium filed a Petition for Writ of Mandamus, United States Court of Appeals for the Fifth Circuit seeking to vacate PTOs 49 and 50 and to release from escrow all funds being held from the Consortium pursuant to PTOs 49 and 50.  Responses were filed prior to October 27, 2009.  The matter is presently pending before the United States Court of Appeals for the Fifth Circuit.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, not necessary or appropriate, and that if the Court determined that discovery was appropriate that a scheduling order would be necessary.  On February 27, 2009, PLC filed a response in opposition to the motion.  On September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as Liaison Counsel for common benefit fee application objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule.  Mr. Stratton subsequently filed a Motion for a Discovery/Briefing Scheduling Relating to the Common Benefit Fee Application Objections.  On November 18, 2009, a status conference was held to discuss the motion.  At the status conference, the Court denied the motion as premature, indicating that it will await ruling from the United States Court of Appeals for the Fifth Circuit on two issues presently pending before it that may have some significant impact on the issues raised by the motion.  The parties will be prepared to discuss the status at the monthly status conference on December 3, 2009.

XVI.   MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32%

- 12 -

plus reasonable costs.   The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment.  On December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic ("the Clinic") to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest.   On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings.   On January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus and stay.   On January 30, 2009, the Court issued an Order advising that in the near future, the Court would schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a briefing and argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30, 2009 Order to their clients who have enrolled in the Settlement.   In accordance with the Order, on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

The Vioxx Litigation Consortium's Motion for Reconsideration came on for hearing on April 7, 2009.  By Order entered August 3, 3009, the Court granted in part and denied in part the motion.   The Order upheld the capping of fees at 32% plus reasonable costs, but

1000541v.1

allowed departure from the cap in extraordinary circumstances.  The Vioxx Litigation Consortium and various other law firms representing Vioxx claimants have filed Notices of Appeal.  Additionally, on August 13, 2009, the Vioxx Litigation Consortium moved for entry of an order certifying the fee-capping order for interlocutory appeal or for issuance of a final judgment pursuant to Rule 54(b), and for stay of the order.  On August 18, 2009, the Court denied the motion for expedited consideration.  The Tulane Law Clinic filed an opposition to the motion; the Vioxx Litigation Consortium filed a reply.  The matter was deemed submitted on September 9, 2009.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.

## XVII.  MERCK'S MOTIONS AND RULES ON PTOs

### A.  PTO 28

Following the last status conference, the Court heard argument on Merck's First, Second, and Third Renewed Motions, Rules and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The  Requirements of PTO 28.  The Court granted the motions in part and deferred the motions as to certain plaintiffs.  As to those deferred plaintiffs, the motions will now be heard immediately following the monthly status conference on December 3, 2009.

### B.  PTO 29

On October 20, 2009, Merck filed its Seventh Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With The Requirements of PTO 29.  The motion is scheduled for hearing immediately following the monthly status conference on December 3, 2009.

- 14 -

C.      PTO 43

On November 16, 2009, Merck filed its Fourth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43.   The motion is scheduled for hearing immediately following the monthly status conference on December 3, 2009.

XVIII. OTHER MOTIONS

On February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.   Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009 and filed an opposition to the *Bethea* motion on April 24, 2009.  The motions have been taken under advisement by the Court.

XIX.   APPEALS

By Order and Reasons entered April 29, 2009, the Court granted Merck's Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The  Requirements of PTO 28 and dismissed the cases. The Order also denied certain cross motions filed by plaintiffs.  Plaintiffs have appealed the Order.

By Order and Reasons entered February 10, 2009, the Court granted Merck's Motion to Dismiss the Foreign Individual Cases Under the Doctrine of Forum Non Conveniens.

- 15 -

Certain plaintiffs have appealed the Order and a briefing schedule has been issued by the Fifth Circuit Court of Appeal.

By Order entered June 11, 2009, the Court granted Merck's Fourth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed for Failure to Comply With The Requirements of PTO 29.  Pro se plaintiff George Willie Buford has appealed the Order.  Buford's appeal was dismissed for failure to file a brief.

XX.    MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed.  On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees.  A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

On November 16, 2009, certain plaintiffs filed a Motion to Amend Pre-Trial Order No. 47 by entering a Pre-Trial Order No. 47A.  The parties will be prepared to discuss this further at the monthly status conference on December 3, 2009.  The motion is noticed for hearing on December 16, 2009 at 9:00 a.m.

- 16 -

XXI.   <u>MERCK'S CHANGE OF NAME</u>

On November 16, 2009, defendant Merck & Co., Inc. ("Former Merck") filed a Notice of Name Change to notify the Court and all parties to MDL 05-1657 that, effective as of November 4, 2009, it is now named Merck Sharp & Dohme Corp.  This name change results from Former Merck's merger with a Schering Plough Corporation subsidiary.  In connection with this merger, Former Merck has changed its name to Merck Sharp & Dohme Corp. and has become a wholly owned subsidiary of the entity formerly known as Schering Plough Corporation, which has been renamed Merck & Co., Inc.

Additionally, on November 17, 2009, the Court entered Pre-Trial Order No. 55 which orders that any and all stipulations of dismissal, orders, other pleadings or documents filed in or related to this proceeding or to the Vioxx Resolution Program, and that refer to the entity previously known as Merck & Co., Inc., *i.e.*, Former Merck, and that were executed or prepared prior to the date of this Order, are hereby reformed to correctly reflect the new name of defendant, Merck Sharp & Dohme Corp. and are valid and enforceable as if the new name of defendant were set forth therein.  A copy of Pre-Trial Order No. 55 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

- 17 -

XXII.  <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.


Respectfully submitted,


<table>
<tr><td>

/s/ Russ M. Herman<br>
Russ M. Herman (Bar No. 6819)<br>
Leonard A. Davis (Bar No. 14190)<br>
**Herman, Herman, Katz & Cotlar, LLP**<br>
820 O'Keefe Avenue<br>
New Orleans, LA  70113<br>
PH:  (504) 581-4892<br>
FAX:  (504) 561-6024<br>
<br>
**Plaintiffs' Liaison Counsel**

</td><td>

/s/ Dorothy H. Wimberly<br>
Phillip A. Wittmann (Bar No. 13625)<br>
Dorothy H. Wimberly (Bar No. 18509)<br>
Carmelite M. Bertaut (Bar No. 3054)<br>
**Stone Pigman Walther Wittmann L.L.C.**<br>
546 Carondelet Street<br>
New Orleans, LA  70130-3588<br>
PH:     (504) 581-3200<br>
FAX:   (504) 581-3361<br>
<br>
**Defendants' Liaison Counsel**

</td></tr>
</table>

1000541v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 52 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of December, 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

- 19 -

1000541v.1