UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION " L " |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## CURATOR'S STATUS REPORT NO. 17

Curator, Robert M. Johnston, submits this Status Report No. 17 in accordance with the Court's Order dated February 12, 2008.

**I.    CURATOR'S COMMUNICATIONS**

The curator's office continues to receive numerous telephone calls, emails and correspondence from claimants in the Settlement Program and from pro se litigants. At present, these communications largely involve questions concerning the completion of IS claims, the timing of review and payment of IS claims, lien issues and future evidence stipulations. A number of calls have been received from claimants whose attorneys are withdrawing from their representation.

Additionally, the curator's office continues to receive communications involving a wide range of issues.

The nature of the communications have changed over time as a result the progression of the Settlement Program. The number of communications decreased, but the communications became more involved. Initially, communications came from claimants or potential claimants who had broad questions about the Settlement Program and its requirements. Eventually, the communications became more specific and raised particular aspects of a claimant's claim or lawsuit and/or determinations made regarding those claims.

As to the curator's past efforts, we assisted a significant number of claimants who received notification of various deficiencies, helping them to understand the deficiencies and suggesting approaches to cure those deficiencies. For those claimants who were not able to clear deficiencies because of the particular facts of their claims, we advised and answered questions regarding their other options and provided reference and referral assistance, as needed. Both the Claims Administrator and the DLC were of great assistance in helping these claimants correct deficiencies.

Also, when a caller needed assistance from another source, such as the Claims Administrator, Lien Administrator, or counsel for Merck, we attempted to facilitate direct communication of the request to the outside source, e.g., through conference calling and electronic mail with both the claimant, the curator, and the third-party. We also contacted a number of claimants who were entitled to MI awards but had problems with representative capacity issues.

All communications continue to be recorded internally and are also being entered into the Claims Administrator's online communications log. This online communications log is available through the Claims Administrator's secure portal, and reports are available by date, by caller, or by individual taking the call. At the conclusion of this process, we will submit the entire

communications log to the Court. All completed outgoing mailings and curator communications as of the date of this report have now been uploaded to the secure portal.

With regard to written communications and documents forwarded by pro se or potential pro se claimants by U.S. Mail, facsimile, electronic mail and private courier companies, we continue to forward all documents pertaining to the Settlement Program to the Claims Administrator. A copy of these communications and documents is also maintained in the curator's file. With regard to the Private Lien Resolution Program, any documents received were forwarded to the Lien Administrator, both by electronic mail and by overnight delivery. Additionally, where the pro se claimant sought to comply with a pending Motion to Dismiss, we also forward information and documents to the DLC.

Also, we received requests from counsel for Merck and withdrawing attorneys seeking information regarding claimants that they have been unable to contact. As these inquiries were received, we reviewed our records and provided any available information which could be of assistance.

The curator's office received many inquiries from claimants and litigants having difficulties in obtaining medical records, or seeking relief from unreasonable costs of duplication of medical records, both needed to complete or supplement claims package submissions. The curator's office continues to receive calls of this nature. We have provided the claimants and litigants with copies of the Court's various orders regarding production of medical records and counseled them as to strategies for obtaining these records.

As noted in prior reports, the curator's office handled calls requesting assistance in obtaining records on deposit with the Litigation Records Repository or that remain in the possession of prior counsel for the claimant or litigant.

## II.  MAILINGS TO PRO SE CLAIMANTS

After being appointed by the Court, the curator's office issued several large mailings to potential pro se claimants or litigants, and provided individualized mailings upon request to claimants, potential claimants, pro se litigants, and other parties of interest under the agreement.

In March 2008, the curator's office sent two mailings to claimants and litigants who were identified by the parties and the Claims Administrator as having not yet completed the requirements for claim package submission and/or enrollment.  This mailing generated a large response and provided claimants and potential claimants with the information necessary to avail themselves of the settlement program, should they meet the program requirements.  Additionally, this initial mailing was forwarded to those persons for whom the original mailing was returned, if new address information became available.  In total, approximately 1400 initial mailing packets have been sent by the curator's office since March 2008.

As the deadlines for submission of necessary documents regarding registration, enrollment, and claim package documents neared, the curator's office completed additional mailings to inform claimants and potential claimants of the necessary action and documents required to move forward in the settlement program.  In October 2008, a mailing was sent to approximately 130 unregistered potential claimants identified as having either incomplete registration or enrollment materials, advising them of the deadline to complete enrollment.  Likewise, in November 2008, the curator forwarded another mailing to approximately 200 claimants identified as having potentially incomplete claim package submissions, in order to advise recipients of the deadline for completion of their submissions.

In February 2009, upon request, the curator's office mailed materials to approximately 700 claimants notifying them of the private lien resolution program, its requirements, the deadline for

participation, and forms required in order to participate in the program. For those claimants who expressed a desire to take part in this program specifically, but who had not yet submitted the required form, the curator's office also advised them, on an individual basis, of the Lien Administrator's extension of time to apply for this program.

In addition to the above mentioned group mailings, the curator provided individual mailings as they were requested. For example, the curator's office provided many registration and enrollment forms upon request to any claimant, non-claimant, or litigant requesting these forms. Also, other information or documents have been sent at the request of callers with inquiries as to the requirements of the Settlement Program, lien resolution program, extraordinary injury program, and pending motions before the court. These mailings have been logged on the Curator's Secure Portal Online Communication Log and handled in the same manner as other inquiries received by the curator's office.

As discussed in prior reports, we monitor returned and undeliverable or returned mailings and keep the parties, Court, Claims Administrator, and Lien Administrator apprised of any new information or documents received. Several Private Lien Resolution Program Packets were returned as undeliverable or because of an expired or unavailable forwarding order. These returned mailings are logged into the curator's communication log and maintained in the curator's file so that they can be forwarded if new address information is received.

### III.   LEGAL NOTICE PUBLICATIONS

All the legal notices required to contact potential claimants were published and we received affidavits of publication from all but one publisher of these legal notices. These affidavits certify the dates of publication, and provide a certified copy of the notice actually published. These

affidavits are maintained by the curator and will be submitted to the Court as part of the curator's certification.

For claimants, or their heirs, for whom new contact information was received as a result of the publication of these legal notices, we forwarded that information to both the Claims Administrator and counsel for Merck.

**IV.     REFERRAL ATTORNEY LIST**

As part of the Court's February 12, 2008 Order, the curator has the responsibility of advising "the *Pro Se* Claimants of the name and contact information for counsel handling Vioxx matters in the jurisdiction where the *Pro Se* Claimant resides." *See* Doc. No. 13365, Page 3. We were provided with information from the PLC regarding attorneys handling Vioxx matters in various jurisdictions, and we used this information as a basis to advise claimants of attorneys handling Vioxx matters in their area. We continue to provide this information, as required by the Court's Order, to pro se claimants or litigants requesting same. Additionally, since the appointment of Ann Oldfather as liaison counsel, we are advising of her appointment to the small group of pro ses that appear to have claims for which she is now assisting as liaison counsel.

**VI.     PRESENTATION AT NEXT STATUS CONFERENCE**

The curator will be prepared to address the items in this report to the Court, parties, and callers listening via telephone conference, as well as being available to address any questions, at the monthly status conference scheduled for December 3, 2009. Additionally, we will be available for all future status conferences, as dates are selected by the Court.

Respectfully submitted,

JOHNSTON, HOEFER, HOLWADEL
  & ELDRIDGE


  *s/ Robert M. Johnston*
ROBERT M. JOHNSTON  (Bar No. 7339)
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 561-7799
Facsimile: (504) 587-3794
Email:  rmj@ahhelaw.com

Pro Se Curator


**Certificate of Service**

I hereby certify that the above and foregoing Curator's Status Report No. 17 has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of December, 2009.


  *s/ Robert M. Johnston*
Robert M. Johnston  (Bar No. 7339)