UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| STATE OF LOUISIANA, ex rel. | * | JUDGE ELDON E. FALLON |
| JAMES D. CALDWELL, | * | |
| ATTORNEY GENERAL | * | MAGISTRATE |
| Plaintiff | * | JUDGE KNOWLES |
| | * | |
| Versus | * | |
| | * | |
| MERCK SHARP & DOHME CORP. | * | |
| | * | |
| Case No. 05-3700 | * | |

*******************************************

### DEFENDANT MERCK'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF DR. ALISE REICIN

Pursuant to Section II.L.1. of Pretrial Order No. 9 (Amended) ("PTO No. 9"), Defendant Merck Sharp & Dohme Corp. ("Merck"), by and through its counsel, hereby serves its Objections to Plaintiff's Notice of Deposition of Dr. Alise Reicin.

Plaintiff has noticed the deposition of Dr. Reicin, a Merck employee who has been deposed nine times and testified at 17 trials in the national VIOXX® litigation (including five trials in this MDL). Plaintiff has failed to provide – either in the Notice of Deposition or in its prior communications with Merck – a legitimate basis to justify yet another deposition of Dr. Reicin at this stage of the Vioxx litigation. As set forth in more detail below, the Notice of Deposition violates both this Court's PTO No. 9 and the Federal Rules of Civil Procedure and seeks to re-open general discovery on issues that have been thoroughly explored in prior Vioxx proceedings. Moreover, Plaintiff has failed to connect this deposition to the claims at issue in this particular case.

**FACTUAL BACKGROUND**

On September 10, 2009, counsel for Plaintiff requested depositions of 14 current and former employees for whom Merck had previously produced documents in connection with the Louisiana Attorney General action in addition to yet another deposition of Dr. Alise Reicin. *See* Correspondence on September 10, 2009 from James R. Dugan, II to Benjamin Barnett, attached hereto as "Exhibit A." In light of Dr. Reicin's extensive prior testimony on a broad range of issues in the national Vioxx litigation, coupled with the lack of any unique factual nexus between Dr. Reicin and this particular case, Merck asked Plaintiff to articulate a valid basis for proceeding with Dr. Reicin's deposition at this late stage of the litigation. *See, e.g.,* Email Correspondence on September 29, 2009 from Travis Sales to James R. Dugan, II, attached hereto as "Exhibit B."

On October 20, 2009, Plaintiff claimed that Dr. Reicin needed to be deposed yet another time because no deposition had occurred after June 22, 2004; subsequent to the production of documents by the New England Journal of Medicine ("NEJM"); or since Merck's production of "de-privileged" documents. *See* Correspondence on October 20, 2009 from James R. Dugan, II to Travis Sales, attached hereto as "Exhibit C." In fact, Dr. Reicin has been examined – in some instances, multiple times – following each of these events. Accordingly, Merck responded to Plaintiff by providing a more accurate account of Dr. Reicin's prior testimony. *See* Correspondence on October 22, 2009 from Travis Sales to James R. Dugan, II, attached hereto as "Exhibit D." Plaintiff never substantively responded to Merck's letter. Instead, on November 20, 2009, Plaintiff unilaterally noticed the deposition of Dr. Alise Reicin for January 7, 2010. *See* Notice of Deposition, attached hereto as "Exhibit E."

## **SPECIFIC OBJECTIONS**

**1.     Plaintiff's Notice of Deposition Violates the Court's Prohibition on Duplicative Depositions As Set Forth in Pretrial Order No. 9.**

Plaintiff's Notice of Deposition ignores the extensive discovery in this case, including the substantial prior testimony already provided by Dr. Alise Reicin over the course of five years of national Vioxx litigation. In this way, Plaintiff's Notice of Deposition of Dr. Alise Reicin violates the Court's PTO No. 9, which states in clear terms that "the plaintiffs in this MDL proceeding shall not, without good cause, re-notice the depositions of witnesses who have already been deposed" in other Vioxx-related proceedings. *See* Pretrial Order No. 9 (Amended), Section II.L.1. Indeed, PTO No. 9 was intended to foster cooperation and coordination among counsel and to avoid the unnecessary burdens and costs associated with conducting multiple depositions of the same witnesses.

To date, Dr. Reicin has been deposed nine times in various Vioxx cases and testified at 17 Vioxx trials, including five trials in this MDL. Between trial and deposition proceedings, Dr. Reicin has provided 44 days of testimony and has been cross-examined 26 times. Her combined sworn testimony in national Vioxx litigation amounts to 9,373 transcript pages, including 6,946 pages of trial testimony. This extensive repository of prior testimony provides Plaintiff with ample discovery regarding Dr. Reicin's knowledge of and involvement in Vioxx-related matters, and any further examination at this point would only result in duplicative testimony. As noted above, Merck has already produced to Plaintiffs' Liaison Counsel the transcripts of Dr. Reicin's prior testimony, and those transcripts should currently be available to

Plaintiff in the PSC repository.[1]  In light of the substantial prior testimony Dr. Reicin has previously provided in national Vioxx litigation, Plaintiff's Notice of Deposition violates the substance and spirit of PTO No. 9.

**2.     Plaintiff's Notice of Deposition Is Unreasonably Duplicative of Prior Discovery in Violation of the Federal Rules of Civil Procedure.**

Plaintiff's Notice of Deposition of Dr. Alise Reicin also violates the Federal Rules of Civil Procedure.  Rule 26 permits discovery of non-privileged information "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Accordingly, discovery may be denied if it is "unreasonably cumulative or duplicative" or if the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(2).  *See also Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 400 (1st Cir. 2005) ("[T]he trial court is required to balance the burden of proposed discovery against the likely benefit.").  Indeed, "Rule 26(b) is not a discovery blank check.  It requires balancing and imposes on the court the obligation to rein in overly broad, potentially abusive discovery. . . ." *BG Real Estate Servs. v. Am. Equity Ins. Co.*, No. 04-3408, 2005 U.S. Dist. LEXIS 10330, at *8 (E.D. La. May 18, 2005).  *See also Rowlin v. Ala. Dep't of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) ("[C]ourts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant.").  Given the substantial prior testimony Dr. Reicin has provided to date in national Vioxx litigation, Plaintiff's Notice of Deposition violates Rule 26 because it

---

[1]     Certain provisions of Pretrial Order No. 17 were designed to ensure that plaintiffs' counsel – including Plaintiff in this case – had access to deposition testimony given by Merck witnesses – including Alise Reicin – in related Vioxx litigation.  *See* Pretrial Order No. 17, Section III.B.1.

constitutes duplicative discovery that serves no legitimate benefit to Plaintiff in this particular case.

### 3. Plaintiff's Stated Rationale for the Deposition Is Based on Various Errors and Omissions Concerning Prior Testimony Provided by Dr. Alise Reicin.

Under PTO No. 9, Plaintiff has the burden to show how taking yet another deposition of Dr. Reicin in this case is somehow warranted at this stage of the Vioxx litigation. All of the reasons provided by Plaintiff to date simply fail to carry this burden.

Plaintiff argues that Dr. Reicin has not been deposed since June 22, 2004. *See* Correspondence on October 20, 2009 from James R. Dugan, II to Travis Sales. Plaintiff is mistaken in that regard. To the contrary, Dr. Reicin has been deposed four times since the June 22, 2004 deposition, the latest of which occurred on August 19, 2005 in the New Jersey Coordinated Litigation[2] and also testified and was cross-examined in 17 Vioxx trials that all took place after June 2004. *See* Correspondence on October 22, 2009 from Travis Sales to James R. Dugan, II.

Plaintiff is similarly mistaken in its statement that Dr. Reicin has not been deposed since the production of documents by the New England Journal of Medicine ("NEJM") and the deposition of Gregory Curfman between September 2005 and January 2006. To the contrary, Dr. Reicin testified in 15 Vioxx trials in courts across the country (including 5 trials in the MDL) from February through December 2006, during which time Dr. Reicin was fully cross-examined by competent plaintiffs' trial counsel on issues concerning the NEJM.

---

[2] The transcript of the August 19, 2005 deposition of Dr. Alise Reicin reflects that several members of the MDL Plaintiffs' Steering Committee attended that deposition.

Plaintiff is also mistaken that Dr. Reicin has not been deposed since Merck's production of what Plaintiff describes as "de-privileged" documents in August 2007.  *See* Correspondence on October 20, 2009 from James R. Dugan, II to Travis Sales.  Dr. Reicin testified in an October 2007 Vioxx trial thereby affording plaintiffs' counsel in that case ample opportunity to cross-examine her on any previously-designated privileged documents. Notwithstanding that fact, Plaintiff has also failed to articulate any specific connection between Merck's supplemental production of the "de-privileged" documents and Dr. Reicin that would warrant any further discovery at this time.[3]

**4.  Plaintiff Has Failed to Show How Another Deposition of Dr. Reicin Has Any Bearing on This Action Brought by the Louisiana Attorney General.**

Plaintiff has not articulated any specific reason or basis to explain how yet another deposition of Dr. Reicin would have any bearing on the facts or claims at issue in this particular action brought by the Louisiana Attorney General.  Further, Plaintiff did not include in the Notice of Deposition a description of the proposed subject matter of examination for which it seeks to re-depose Dr. Reicin.  As such, Merck is not in a position to know what, if any, additional areas of examination Plaintiff claims warrant this deposition.  Stated simply, Plaintiff has not met its burden of showing a valid basis for re-deposing Dr. Reicin in this case when she has already testified numerous times in the Vioxx litigation.

---

[3]  Plaintiff also mischaracterizes an offer made by Merck, over two years ago, to provide Dr. Reicin for a discovery deposition in Fall 2007 in association with a preservation deposition that was noticed prior to the global product liability settlement in an effort to relieve Dr. Reicin of further burdens associated with testifying in future Vioxx-related proceedings.  Clearly, an offer made by Merck two years ago to relieve Dr. Reicin of the burden of further testimony in the Vioxx litigation cannot legitimately be used to support Plaintiff's request now to re-depose Dr. Reicin.

## **CONCLUSION**

For the foregoing reasons, Merck objects to Plaintiff's Notice of Deposition of Dr. Alise Reicin.

Respectfully submitted,


 /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA  70130

Defendants' Liaison Counsel

And

Benjamin R. Barnett
Eben S. Flaster
Tara S. Lawler
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Defendant Merck's Objections to the Notice of Deposition of Dr. Alise Reicin on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd of December, 2009.

                                                                */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel