UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX                                         :        MDL Docket No. 1657
       PRODUCTS LIABILITY LITIGATION    :        SECTION L
                                                          :
                                                          :        JUDGE FALLON
                                                          :
                                                          :        MAGISTRATE JUDGE
                                                          :        KNOWLES
……………………………………………………:
This document relates to:    ALL CASES

## RESPONSE BY THE CLAIMS ADMINISTRATOR
## TO MOTION TO AMEND PTO 47

      BrownGreer PLC, the Claims Administrator for the Vioxx Resolution Program, files this Response to the Motion to Amend Pretrial Order 47 (Document No. 27174), filed by Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley PC.

### I.    INTRODUCTION

      BrownGreer applied for PTO 47 to establish uniform procedures for the handling of attempted liens asserting entitlement to a portion of a Settlement Payment to a Vioxx claimant in the Resolution Program as attorneys fees or expenses ("Fee Liens").  BrownGreer has received seven Fee Liens subject to PTO 47 from attorneys or third party claimants asserting an interest in attorneys fees out of a Vioxx Settlement Payment.  These Fee Liens affect 448 claimants who have received or remain eligible to receive Settlement Payments in the Resolution Program. BrownGreer has processed these Fee Liens in accordance with PTO 47.  For the 257 claimants to whom a Settlement Payment became due, BrownGreer directed the Escrow Agent to withhold 32% of the total amount otherwise payable to each claimant.  These withheld amounts, totaling

$5,022,790.47 to date, will be retained in the escrow account until BrownGreer receives satisfactory proof that the Fee Lien has been fully resolved by agreement, order or judgment. When that occurs, BrownGreer will instruct the Escrow Agent to distribute the withheld amounts in accordance with such resolution, as required in Paragraph (5) of PTO 47.

## II.     RESPONSE

### A.     The Relief Requested in the Motion to Amend.

#### 1.     Specificity Requirements.

The present Motion seeks to amend PTO 47 in four respects. First, the Motion proposes that all Fee Liens be required to contain certain specific information and meet the pleading requirements of a complaint under Fed.R.Civ.P. 8(a). These changes appear in Paragraphs 3 and 4 of the proposed Pretrial Order 47A submitted with the Motion to Amend.

BrownGreer does not oppose these requested changes. They present the issue, however, of how quickly disputes over compliance with these specificity requirements can be resolved. Paragraph 4 of the proposed Pretrial Order No. 47 offered by the movants would require a motion to dismiss a Fee Lien and then its resolution under Article 8 of the Settlement Agreement, which contemplates determination by the Court or by a Special Master approved by the Court.

We are concerned that this suggestion could burden the Court with motions over what really are administrative issues relating to the handling of attempted Fee Liens. The potential motions practice over the procedural sufficiency of a Fee Lien could delay payments to claimants while awaiting the briefing, argument, and decision on a motion challenging the pleading aspects of an attempted Fee Lien. BrownGreer receives and processes these Fee Liens. We can determine at the outset whether an attempted Fee Lien is sufficient to implement the withholding steps under PTO 47, without having a proceeding before the Court on every one of them.

Accordingly, if the Court grants the request to impose stricter pleading requirements on a Fee Lien, we suggest that the Court direct BrownGreer to determine, as an initial matter, whether a Fee Lien meets the specificity requirements before applying the withholding procedure of PTO 47 and to notify the party asserting the Fee Lien and the affected Primary Counsel (or Pro Se claimant) of its determination.  Any party who disagrees with BrownGreer's determination could then file a motion with this Court to assess the procedural sufficiency of the attempted Fee Lien. We doubt that many such disputes would reach that stage, for we expect that the third party would rather provide the requested specificity than incur a judicial proceeding over the sufficiency of its pleading.  BrownGreer includes language to this effect in Paragraph 5 of the draft Order submitted by BrownGreer with this Response.

2. **Fee Lien Resolution Procedure.**

PTO 47 was designed to avoid delay in a claimant's recovery of a Settlement Payment because of a dispute over fees.  It thus allows BrownGreer to issue payments while withholding 32% of the amount payable on the claim pending the resolution of the underlying fee dispute. PTO 47 did not specify where or how that underlying dispute over the substantive merits of the Fee Lien was to be resolved.  We assumed that the matters would largely be resolved by agreement.

The Motion asks that the Court provide the forum to resolve these fee disputes under §§ 8.1.2 and 8.1.3 of the Settlement Agreement.  Because the Memorandum in Support of the Motion quotes from the Settlement Agreement as written before the First Amendment to the Agreement, it refers to the Court as the "Chief Administrator," a title the Court does not have after the First Amendment.  As amended, § 8.1.2 refers to the Honorable Eldon E. Fallon as the binding arbitrator of disputes over issues relating to the Settlement Agreement, while § 8.1.3 allows the Court to refer any such disputes to a Special Master.

3

BrownGreer does not object to the proposal that the Court or its Special Master resolve the merits of disputes over fees and expenses. BrownGreer would hold in escrow any amounts withheld from payments until such matters are resolved. This provision appears in Paragraph 9 of the draft Order submitted with this Response.

      3.      **Previously Submitted Fee Liens**.

The Motion asks that any party that asserted a Fee Lien before any amendment to PTO 47 be given 20 days to withdraw a Fee Lien or re-plead it with specificity. BrownGreer does not oppose this requested change. Paragraph 6 of the draft Order submitted with this Response would implement this rule in more precise terms than that proposed by the movants.

      4.      **Proposed Change in Withholding Procedure**.

In the instances where withholding is required under PTO 47, the Motion asks that BrownGreer not withhold 32% of a claimant's total Vioxx Settlement Payment, but instead withhold only 32% of the claimant's last payment on the claim, if that claimant has received an Interim Payment on the claim. BrownGreer opposes this request.

In PTO 49, the Court required that BrownGreer withhold and escrow 32% of each claimant's "final award" during the pendency of appeals form the Court's Order of August 27, 2008 capping contingency fees at 32% of the amount recovered by a claimant in the Vioxx Program. Under PTO 50, the Court permitted BrownGreer to release all but 8% of a claimant's "final award" if the Primary Counsel for the claimant has submitted the Certification required by PTO 50 in which the firm waives any fees in excess of 32% of the gross amount awarded to a claimant in the Program.

The claimant's "final award" is the total amount payable on a Vioxx claim, and not just the last payment on that claim to a claimant who has received an Interim Payment of 40% of the final award. As a result, in implementing PTO 49 and PTO 50, BrownGreer holds in escrow 32% or

8% of the Claimant's total award amount, rather than only 32% or 8% of the portion of that award being paid in the final payment to a claimant who previously received a 40% Interim Payment. The withholdings under PTO 47 should match this method of holding funds in escrow, rather than establishing different rules for claims on which a Fee Lien has been filed. BrownGreer thus opposes this requested change in PTO 47. The draft Order submitted with this Response would not alter this language from that in PTO 47.

### B. Definition of Fee Lien.

The proposed PTO 47 presented with the Motion to Amend includes in Paragraph 1 a definition of Fee Lien that does not appear in PTO 47. That definition seems acceptable, with some refinements as shown in the draft Order presented with this Response.

### III. CONCLUSION

If the Court determines to grant any of the relief requested by the Motion to Amend, BrownGreer offers its draft Order for the Court's consideration. The draft incorporates all the original provisions of PTO 47 and those requested amendments to which BrownGreer does not object.

Respectfully submitted,

BROWNGREER PLC

By:    /s/ **Orran L. Brown**
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299
Email:  obrown@browngreer.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above Response by the Claims Administrator to Motion to Amend PTO 47 has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, on this 3rd day of December, 2009.

    /s/ Orran L. Brown
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia 23219
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
Email: obrown@browngreer.com