FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2009 DEC -4  PM 3:19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANNA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |

* * * * * * * * * * * * * * * * ** * *

**THIS DOCUMENT RELATES TO ALL
BANKRUPTCY & PROBATE RELATED CASES**

### Order Establishing Authority Of The Lien Resolution Administrator To Resolve Claims <u>For All Probate And Bankruptcy-Related Cases</u>

Upon Motion of the Garretson Firm, this Court's Lien Resolution Administrator (LRA) this Court being sufficiently advised, **Orders** that:

**I.   LRA AUTHORITY**

  A.   Its LRA, the Garretson Firm, has the authority, following the terms of the Master Settlement Agreement, and through this Court's overseeing the Vioxx Settlement Program ("Settlement Program") created by that Agreement, to verify, satisfy, resolve and discharge Medicaid and Medicare and other governmental healthcare agency reimbursement obligations using its resolution protocols such that funds necessary to complete this Settlement Program are maintained as part of the Vioxx Settlement Fund and not distributable to claimant estates, whether probate or bankruptcy.

  B.   Its LRA, the Garretson Firm, has the authority, following the terms of the Master Settlement Agreement, and through this Court's overseeing the Vioxx Settlement Program created by that Agreement, to determine the propriety of entering into agreements as part of the Private Lien Resolution Program. The LRA has authority to resolve obligations under this Settlement Program such that funds necessary to complete this Settlement Program are maintained as part of the Vioxx Settlement Fund and not distributable to claimant estates, whether probate or bankruptcy.

**II.   TERMS AND FORM OF SETTLEMENT**

  A.   From the perspective of the Court overseeing the Vioxx Settlement Program, the terms of settlement appear to be fair and reasonable, based on similarly situated claimants



    being treated the same following established settlement protocols and pursuant to this Court's subject matter jurisdiction over the settlement process, such that the LRA has the specific authority to process payments for any and all claims it has negotiated, subject to this Court's oversight and direction; and

B. That this Court recognizes in the case of deceased or incapacitated claimants, each respective state court's authority to review and/or approve the form each settlement takes following applicable state laws. Accordingly, to the extent applicable, the form of settlement, including who is to receive distributions through a claimant's estate, and in what proportions, is to be addressed by the state court located in the county in which a deceased claimant was domiciled at death, that exercises jurisdiction over the probate estate assets of the affected claimant, but also has the power to take judicial notice of this Courts actions with respect to the settlement process.

    New Orleans, Lousiana, this ___3___ day of __Dec__, 2009.

                       _____
                        ELDON E. FALLON
                        UNITED STATES DISTRICT JUDGE

c: Counsel of Record