UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| In re:  VIOXX               : | MDL Docket No. 1657 |
|      PRODUCTS LIABILITY LITIGATION  : | SECTION L |
| : | |
| : | JUDGE FALLON |
| : | |
| : | MAGISTRATE JUDGE |
| : | KNOWLES |

…………………………………………………………:
**This document relates to:    ALL CASES**

## PRETRIAL ORDER 47A

       A motion was filed on November 13, 2009, to Amend Pretrial Order 47, which set a procedure for attempted liens for attorneys' fees and expenses relating to Vioxx Settlement Payments.  The Claims Administrator filed a response on December 3, 2009, stating its position that the motion should be granted in part and denied in part.  No other responses to the motion were filed within the period for responses under Local Rule 7.5M.  The moving parties and the Claims Administrator then conferred and agreed to an order containing the terms set forth herein.  The Court accepts the recommendations of the moving parties and the Claims Administrator as to appropriate modifications to Pretrial Order 47.  Accordingly, IT IS ORDERED as follows:

       **1.**     *Definition of Fee Liens.*  This Order applies to all documents filed with the Court and/or the Claims Administrator through which the filing party (the "Lien Claimant") asserts an entitlement to all or part of a Vioxx Settlement Payment for attorneys fees, reimbursement of expenses or for any claim asserted against the attorneys fees portion of a Vioxx Settlement Payment ("Fee Liens").

       **2.**     *Liability.*  Neither the Claims Administrator (BrownGreer PLC), the Escrow Agent (US Bank) for the Vioxx Resolution Program, nor Merck shall be subject to, bound by, or have any liability relating to any attempted Fee Lien.

       **3.**     *Specificity Requirements.*  A Fee Lien must meet the specificity standards and contain the demand for relief required of a pleading under Fed.R.Civ.P 8(a)(1) and shall also contain the following:

       (a)     A statement indicating whether the claim is being asserted against:

             (1)     the claimant, as a client or former client; or

             (2)     other attorneys.

    (b)    If the claim is based on a written contract, a copy of the contract must be filed with the Fee Lien.

    (c)    If the claim is based on an oral contract, the Fee Lien must provide the following information:

        (1)    the parties to the contract;

        (2)    when and where the contract was made; and

        (3)    the terms of the contract, including the percentage of the fee being claimed.

    (d)    If a *quantum meruit* claim is being made, the Fee Lien must indicate whether the *quantum meruit* claim is exclusive or alternative to a contract claim.

**4.** *Forwarding of Fee Liens.* The Claims Administrator shall forward to the affected Primary Counsel or Pro Se Claimant any Fee Lien received by the Claims Administrator, including any Fee Liens received by Merck and sent by Merck to the Claims Administrator.

**5.** *Assessment of Procedural Sufficiency.* The Claims Administrator shall review each Fee Lien, determine whether it satisfies the pleading requirements of Paragraph 3 of this Order, and notify the Lien Claimant and the affected Primary Counsel or Pro Se Claimant of such determination within 21 days of entry of this order or within 21 days after receipt of the Fee Lien by the Claims Administrator, whichever is later. Any party who objects to such determination may challenge the procedural sufficiency of the Fee Lien by motion filed with this Court pursuant to Section 8.1.2 and Section 8.1.3 of the Settlement Agreement within 21 days after the date of the Claims Administrator's notice and shall serve a copy of such motion on the Claims Administrator. During the pendency of a motion under this Paragraph 5, the Claims Administrator shall follow its determination on the Fee Lien unless ordered otherwise by this Court. If no motion is timely filed, the Claims Administrator's determination shall become final.

**6.** *Fee Liens Submitted Before the Date of this Order.* This Order applies to any Fee Lien submitted before the date of this Order that has not been resolved by agreement. If the Claims Administrator determines that any prior Fee Lien does not satisfy the requirements of Paragraph 3 of this Order, the Claims Administrator shall within 21 days of the entry of this order notify the Lien Claimant and the affected Primary Counsel or Pro Se Claimant involved in the prior Fee Lien and shall send a copy of this Order to the Lien Claimant, who shall have 21 days from such notice to withdraw the Fee Lien or re-state it in compliance with this Order. A withdrawal of a Fee Lien under this circumstance shall be without prejudice to its refiling. If the Lien Claimant fails to respond within the 21-day period, the Fee Lien shall be invalid.

**7.** *Withholdings and Escrow Process.* If any Settlement Payments become due and payable in the Resolution Program to a Claimant as to whom the Claims Administrator has received a Fee Lien, the Claims Administrator and Primary Counsel shall notify the applicable

Lien Claimant that such Settlement Payment has become due and payable. The Claims Administrator shall direct the Escrow Agent to withhold 32% of the final award amount otherwise payable on the claim (or any lesser amount for good cause shown) as the amount payable to counsel for a Vioxx Claimant as attorneys fees. If the Fee Lien was asserted by a former counsel of the Claimant, the amount withheld shall include any costs asserted by such former counsel. The Escrow Agent shall distribute to the Primary Counsel or Pro Se Claimant (as applicable) by wire transfer or check the amount remaining payable on the claim (the "Paid Amount") after the total of any withholdings (the "Withheld Amount").

**8.** *Distributions by Primary Counsel.* A Primary Counsel receiving a Paid Amount shall distribute to the Claimant the entire Paid Amount, less only any sums properly payable by the Claimant as costs or expenses incurred by that Primary Counsel, and shall not deduct or retain any of the Paid Amount as attorneys fees.

**9.** *Resolution Process.* A Lien Claimant, Primary Counsel, or Pro Se Claimant may submit to this Court for resolution under Section 8.1.2 and Section 8.1.3 of the Settlement Agreement any Fee Lien not resolved by agreement among the parties. Each Lien Claimant is deemed to have consented to the resolution of the Fee Lien under Section 8.1.2 and Section 8.1.3 of the Settlement Agreement. A Lien Claimant whose Fee Lien was filed prior to entry of this order may avoid resolution under Section 8.1.2 and Section 8.1.3 of the Settlement Agreement by filing a Notice of Withdrawal of Fee Lien Claim within 21 days of entry of this order. Withdrawal of a Fee Lien Claim under this circumstance shall be with prejudice to refiling.

**10.** *Disposition of Withheld Amounts.* The Claims Administrator and the Escrow Agent shall retain the Withheld Amount until the Claims Administrator receives satisfactory proof that the Fee Lien has been fully resolved by agreement, order, or judgment and at that time shall instruct US Bank to distribute the Withheld Amount in accordance with such resolution.

New Orleans, Louisiana, this ____ day of _____, 2009.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE