UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX ) | MDL NO. 1657 |
| Products Liability Litigation ) | |
| ) | SECTION: L |
| This Document Relates to: ) | |
| ) | HON. ELDON E. FALLON |
| STATE OF LOUISIANA, ex rel. ) | |
| JAMES D. CALDWELL, ) | MAG. JUDGE KNOWLES |
| ATTORNEY GENERAL ) | |
| Plaintiff ) | |
| ) | |
| versus ) | |
| ) | |
| MERCK SHARP & DOHME CORP. ) | |
| ) | |
| Case No. 05-3700 ) | |
| _____) | |

TO:   Merck Sharp & Dohme Corp.
       through its attorney of record
       Travis Sales, Esq.
       Baker Botts, LLP
       910 Louisiana Street
       Houston, Texas 77002

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, Plaintiff State of Louisiana, ex rel. James D. Caldwell Attorney General, pursuant to Rule 30(b)(6) of the Federal rules of Civil Procedure, will take the deposition of a corporate representative of Provider Synergies, LLC on December 23, 2009 starting at 9:00 a.m., and ending at 5:00 p.m. at 10101 Alliance Rd., Ste. 201, Cincinnati, OH 45242.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to federal rule of Civil Procedure 28.

Dated: December 9, 2009

/s/ Justin Bloom_____
Justin Bloom
James R. Dugan, II (La. Bar No. 24785)
Douglas R. Plymale. (La. Bar No. 28409)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2009, a copy of the above Notice of Deposition has this day been served upon counsel of record pursuant to the Federal Rules of Civil Procedure and this Court's orders.

/s/ Justin Bloom_____

## ATTACHMENT "A"

### Definitions

The following definitions apply to this subpoena duces tecum and notice of deposition, including those matters set forth below, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Documents" as used in the Request is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Federal Rule of Civil Procedure 34. "Document" is used in its broadest sense, and means the original and any non-identical copy, regardless of origin or location. Typical categories of material included within the term "document" are: books, pamphlets, periodicals, memoranda (including those of telephone and in-person conversations), letters, reports, notes, telegraphs, statements, records, diaries, minutes, bulletins, circulars, brochures, studies, instructions, working papers, charts, work assignments, drawings, prints, flow sheets, graphs, invention disclosures, photographs, photomicrographs, microfilm, medical and hospital records and reports, x-ray photographs, drafts, advertisements, catalogs, paper, indices, tapes, disc, data sheet or data processing material, or any handwritten, recorded, transcribed, punched, taped, filmed or graphic matter, however, produced or reproduced in Your possession, custody or control or to which You have had access. "Document" includes all electronic or optical media or other information storage means, including film, tapes, computer disks or cares, databases, or personal data assistant memory. When any Document contains any marking not appearing on the original or altered from the original, such item shall be

considered to be separate original documents. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "Merck" means Defendant Merck & Co., Inc. and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3. "Or" and "and" will be used interchangeably.

4. "Parties" means all parties to the litigation, including Merck and the State of Louisiana, including the Louisiana Department of Health and Hospitals.

5. "Payment" means a tender of payment of money or money's worth in goods and services, including but not limited to any form or remuneration, grant, speakers fee, gift, free travel or accommodation, compensation or other benefit, and includes Indirect Payments and Indirect Funding.

6. "Person" means natural person, as well as corporate and/or governmental entity.

7. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

8. The term "Relevant Product(s)" means any product containing rofecoxib in any form, dosage, or mode of administration, either alone or in combination with other chemicals

and also includes the product sold under the brand name Vioxx, as well as all other NSAID and/or Cox-II drugs.

9. "You," "Your," "Yours," refers to Provider Synergies, LLC, as well as all its partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Provider Synergies, LLC. The terms "You" or "Your" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms "YOU" or "YOUR" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 through 2004.

## Confidentiality

A confidentiality order has been entered in this case by the Honorable Eldon Fallon, Judge of the United States District Court of the Eastern District of Louisiana in the matter of In Re: Vioxx Product Liability Litigation, MDL 1957 (E.D.La), and can be obtained from the Court's website at www.laed.uscourts.gov.

## Deposition Subject Matter

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Provider Synergies shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matter:

1. Your relationships with the Parties and any of their contractors and/or agents, including the negotiation of your initial and any subsequent agreements, the history of the relationships, and the scope of services that you have provided.
2. Your communications with the Parties regarding the cost, safety, and/or efficacy of the Relevant Products.
3. Any and all communications you had with either party regarding the Relevant Products.
4. Your own investigation and any analysis that you performed or had performed regarding clinical issues pertaining to the Relevant Products, along with any conclusions or views that were informed by any clinical evaluation.
5. Your responsibilities and practices concerning the consideration of prescription drugs by Plaintiff for inclusion, maintenance, and removal in their Preferred Product List, formulary, or PDL.
6. Your consideration of the Relevant Products for inclusion, maintenance, or removal from any formulary or PDL used by Plaintiff.
7. Your recommendations to Plaintiff regarding the Relevant Products and the basis for those recommendations.
8. Your negotiation of any supplemental rebate agreements pertaining to the Relevant Products with either Party.
9. The names of all persons, business units, or entities (including third parties) that were responsible for supervising or implementing your responsibilities and practices relating to Louisiana Department of Health and Hospitals, as discussed in the subject matter described above.

10. Your organizational structure.

11. Your records retention policies and systems for hard copy and electronic documents relating to your responsibilities and practices discussed above.

12. All efforts that you made to identify and produce documents responsive to each numbered request in this subpoena.

### Documents to Produce:

1. All documents concerning any and all communications you had with either party regarding the Relevant Products, including but not limited to your communications with the Parties regarding the cost, safety and/or efficacy of the Relevant Products.

2. All documents concerning your own investigations and any analysis that you performed or had performed regarding clinical issues pertaining to the Relevant Products, along with any conclusions or views that were informed by any clinical evaluation.

3. All documents concerning your consideration of the Relevant Products for inclusion, maintenance, or removal from any formulary or PDL used by Plaintiff.

4. All documents concerning your recommendations to Plaintiff regarding the Relevant Products and the basis for those recommendations.

5. All documents concerning your negotiation of any supplemental rebate agreements pertaining to the Relevant Products, including but not limited supplemental rebates for the Louisiana Department of Health and Hospitals.

6. All copies of dossiers or other manufacturer submissions in your possession pertaining to or including information about the Relevant Products.

7.  All documents reflecting all payments by Merck to Provider Synergies and/or Provider Synergies employees.