AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| STATE OF LOUISIANA | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL No. 1657 Case No. 05-3700 |
| MERCK & CO., INC., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Louisiana          ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Provider Synergies, LLC

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: 10101 Alliance Rd., Ste 201, Cincinnati, OH  45242 or another location mutually agreed on by the parties. | Date and Time: 12/23/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Video Deposition

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/19/2009

*CLERK OF COURT*                                OR               _____

_____                                   *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   STATE OF LOUISIANA, ex rel. JAMES D. CALDWELL, ATTORNEY GENERAL         , who issues or requests this subpoena, are:
Justin Bloom, Murray Law Firm, 650 Poydras Street, Suite 2150, New Orleans, LA 70130, jbloom@dugan-lawfirm.com, Tel: (504) 648-0180

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  MDL No. 1657 Case No. 05-3700

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A"

### Definitions

The following definitions apply to this subpoena duces tecum and notice of deposition, including those matters set forth below, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Documents" as used in the Request is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Federal Rule of Civil Procedure 34. "Document" is used in its broadest sense, and means the original and any non-identical copy, regardless of origin or location. Typical categories of material included within the term "document" are: books, pamphlets, periodicals, memoranda (including those of telephone and in-person conversations), letters, reports, notes, telegraphs, statements, records, diaries, minutes, bulletins, circulars, brochures, studies, instructions, working papers, charts, work assignments, drawings, prints, flow sheets, graphs, invention disclosures, photographs, photomicrographs, microfilm, medical and hospital records and reports, x-ray photographs, drafts, advertisements, catalogs, paper, indices, tapes, disc, data sheet or data processing material, or any handwritten, recorded, transcribed, punched, taped, filmed or graphic matter, however, produced or reproduced in Your possession, custody or control or to which You have had access. "Document" includes all electronic or optical media or other information storage means, including film, tapes, computer disks or cares, databases, or personal data assistant memory.  When any Document contains any marking not appearing on the original or altered from the original, such item shall be

considered to be separate original documents. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "Merck" means Defendant Merck & Co., Inc. and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3. "Or" and "and" will be used interchangeably.

4. "Parties" means all parties to the litigation, including Merck and the State of Louisiana, including the Louisiana Department of Health and Hospitals.

5. "Payment" means a tender of payment of money or money's worth in goods and services, including but not limited to any form or remuneration, grant, speakers fee, gift, free travel or accommodation, compensation or other benefit, and includes Indirect Payments and Indirect Funding.

6. "Person" means natural person, as well as corporate and/or governmental entity.

7. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

8. The term "Relevant Product(s)" means any product containing rofecoxib in any form, dosage, or mode of administration, either alone or in combination with other chemicals

and also includes the product sold under the brand name Vioxx, as well as all other NSAID and/or Cox-II drugs.

9. "You," "Your," "Yours," refers to Provider Synergies, LLC, as well as all its partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Provider Synergies, LLC. The terms "You" or "Your" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms "YOU" or "YOUR" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 through 2004.

## Confidentiality

A confidentiality order has been entered in this case by the Honorable Eldon Fallon, Judge of the United States District Court of the Eastern District of Louisiana in the matter of In Re: Vioxx Product Liability Litigation, MDL 1957 (E.D.La), and can be obtained from the Court's website at www.laed.uscourts.gov.

## Deposition Subject Matter

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Provider Synergies shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matter:

1. Your relationships with the Parties and any of their contractors and/or agents, including the negotiation of your initial and any subsequent agreements, the history of the relationships, and the scope of services that you have provided.

2. Your communications with the Parties regarding the cost, safety, and/or efficacy of the Relevant Products.

3. Any and all communications you had with either party regarding the Relevant Products.

4. Your own investigation and any analysis that you performed or had performed regarding clinical issues pertaining to the Relevant Products, along with any conclusions or views that were informed by any clinical evaluation.

5. Your responsibilities and practices concerning the consideration of prescription drugs by Plaintiff for inclusion, maintenance, and removal in their Preferred Product List, formulary, or PDL.

6. Your consideration of the Relevant Products for inclusion, maintenance, or removal from any formulary or PDL used by Plaintiff.

7. Your recommendations to Plaintiff regarding the Relevant Products and the basis for those recommendations.

8. Your negotiation of any supplemental rebate agreements pertaining to the Relevant Products with either Party.

9. The names of all persons, business units, or entities (including third parties) that were responsible for supervising or implementing your responsibilities and practices relating to Louisiana Department of Health and Hospitals, as discussed in the subject matter described above.

10. Your organizational structure.

11. Your records retention policies and systems for hard copy and electronic documents relating to your responsibilities and practices discussed above.

12. All efforts that you made to identify and produce documents responsive to each numbered request in this subpoena.

### Documents to Produce:

1. All documents concerning any and all communications you had with either party regarding the Relevant Products, including but not limited to your communications with the Parties regarding the cost, safety and/or efficacy of the Relevant Products.

2. All documents concerning your own investigations and any analysis that you performed or had performed regarding clinical issues pertaining to the Relevant Products, along with any conclusions or views that were informed by any clinical evaluation.

3. All documents concerning your consideration of the Relevant Products for inclusion, maintenance, or removal from any formulary or PDL used by Plaintiff.

4. All documents concerning your recommendations to Plaintiff regarding the Relevant Products and the basis for those recommendations.

5. All documents concerning your negotiation of any supplemental rebate agreements pertaining to the Relevant Products, including but not limited supplemental rebates for the Louisiana Department of Health and Hospitals.

6. All copies of dossiers or other manufacturer submissions in your possession pertaining to or including information about the Relevant Products.

7. All documents reflecting all payments by Merck to Provider Synergies and/or Provider Synergies employees.