UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                               MDL Docket No. 1657

PRODUCTS LIABILITY LITIGATION               SECTION L

------------------------------------------------------------------
                                            Judge Eldon E. Fallon
                                            Magistrate Judge Knowles
------------------------------------------------------------------

THIS DOCUMENT RELATES TO:

**PLAINTIFFS LISTED IN EXHIBIT A TO**
**MERCK "THIRD" MOTION TO DISMISS:**

| | |
|---|---|
| David Agard | 2:05-cv-01089-EEF-DEK |
| Scott Berthel | 2:05-cv-06221-EEF-DEK |
| Richard Core | 2:05-cv-02583-EEF-DEK |
| Marjorie Curtis | 2:06-cv-02708-EEF-DEK |
| James Demoski | 2:05-cv-01089-EEF-DEK |
| Kristine Hia | 2:06-cv-02708-EEF-DEK |
| Maurice Hoyt | 2:06-cv-02708-EEF-DEK |
| Mary Kurtz | 2:06-cv-05779-EEF-DEK |
| Timothy Mack | 2:05-cv-01088-EEF-DEK |
| Ann Mannino | 2:05-cv-01091-EEF-DEK |
| Viola Santacrose | 2:05-cv-01090-EEF-DEK |
| Frank Spencer | 2:08-cv-03220-EEF-DEK |

------------------------------------------------------------------

### COURT-ORDERED AFFIDAVIT ATTESTING TO COMPLIANCE OF ATTORNEY RONALD R. BENJAMIN WITH PRODUCING MEDICAL AND PHARMACY RECORDS TO MERCK AS IDENTIFIED PTO 28

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF BROOME     )

RONALD R. BENJAMIN, being duly sworn, deposes and says:

1. This affidavit in submitted in accordance with this Court's Order dated and filed October 30, 2009, in which it directed the parties to meet and confer on or before November 6,

2009; "that Mr. Benjamin shall produce the materials identified at this meet and confer to Merck on or before December 7, 2009"; and that, "Thereafter, the parties shall submit affidavits attesting to Mr. Benjamin's compliance no later than December 13, 2009."

2. Shortly after the October 29, 2009 hearing with the Court, for the meet-and-confer purposes, Merck's counsel, M. Elaine Horn, Esq., forwarded to my office a comprehensive listing of the "Key Missing Records" for each of the twelve (12) plaintiffs who are the subject of the pending motion to dismiss. Due to a mix-up in receiving the same by fax, there was a brief delay and counsel for the parties agreed to meet and confer in a telephonic conference which occurred on November 9, 2009.

3. Prior to the meet-and-confer, myself and attorney Marya Young as well as my staff undertook a coordinated review of Merck's list, compared the same with our files and the profile forms, contacted the plaintiffs for additional information and researched the various healthcare providers listed to determine whether there was duplication or mistakes in the list.

4. During the meet-and-confer, counsel discussed each individual plaintiff's listing and exchanged information concerning, *e.g.*, records already produced to Merck, correct names of multi-physician practices and hospitals, and similar information. This resulted in narrowing the records requests in some cases, as well as identifying unrelated or non-existent providers.

5. Over the course of the past five-plus weeks since the order, my office also undertook a massive effort to request and obtain medical records from all providers, and has consistently sent correspondence to Ms. Horn concerning the status of these requests and identifying estimated turn-around times for records. Annexed hereto are copies of the correspondence for each of the 12 plaintiffs:

    (1)    David Agard - *see **Exhibit A***

(2) Scott Berthel - *see Exhibit B*
(3) Richard Core - *see Exhibit C*
(4) Marjorie Curtis - *see Exhibit D*
(5) James Demoski - *see Exhibit E*
(6) Kristine Hia - *see Exhibit F*
(7) Maurice Hoyt - *see Exhibit G*
(8) Mary Kurtz - *see Exhibit H*
(9) Timothy Mack - *see Exhibit I*
(10) Ann Mannino - *see Exhibit J*
(11) Viola Santacrose - *see Exhibit K*
(12) Frank Spencer - *see Exhibit L*

6. We have not had any written response from Merck's counsel to the above correspondence, and, upon information and belief, there is no basis to dispute the matters set forth in the aforesaid correspondence with respect to the facts and circumstances set forth about the records of each of these plaintiffs.

7. The annexed correspondence reflects that my office has requested complete medical records for all of the healthcare providers on Merck's list for all of the 12 plaintiffs, which included pre-paying for most of the search services and for xerox copies of the same. Suzanne Young of my staff has spent numerous hours on the telephone in efforts to ascertain the correct sources of records and to expedite our requests where possible. We have also forwarded copies of all of the medical records we have received in response to those requests at the time this affidavit is prepared.

8. We have also informed Merck in the correspondence to Ms. Horn that there are certain providers who require a number of weeks to produce the records requested, and, therefore, those records are not yet in plaintiffs' possession or control. In any event, there is no reason to conclude that there has not been material and substantial compliance and a meaningful effort to comply in a timely a manner with this Court's October 30th Order. Thus, with respect to any records that have been requested and are pending receipt, it is respectfully submitted this

Court should conclude that the requests made by my office constitute a good faith effort to produce the records as directed.

9. It is also submitted that this good faith effort was undertaken even though this Court has not ruled on the plaintiffs' contention that PTO 28 did not clearly require them to produce complete medical records, and that this undertaking was the result of Merck's failure to use the blank authorizations that the plaintiffs had previously provided in compliance with PTO 18 even prior to the stay in PTO 30.

WHEREFORE, it is respectfully submitted that dismissal with prejudice of the cases of the above-captioned plaintiffs should be DENIED.

/s/ Ronald R. Benjamin
RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442

Attorneys for Individual Plaintiffs
in Above-Captioned Actions

SUBSCRIBED AND SWORN TO
before me this 12th day of December, 2009.

/s/ Diane E. Walter
Notary Public
My commission expires: 3/17/2011.

DIANE E. WALTER
Notary Public in the State of New York
Qualified in Broome County
No. 01WA6088956
My Commission Expires March 17, 20 11