David Agard -  Exhibit A

# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*Also Admitted in the District of Columbia*

Phone: (607) 772-1442
Fax   : (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

October 15, 2009

**BY E-MAIL and FAX: 202/434-5029**
Douglas R. Marvin, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

      Re:    **David Agard v. Merck & Co., Inc.**
               [Agard, et al., v. Merck & Co., Inc., EDLA 2:05-cv-01089-EEF-DEK]

Dear Mr. Marvin:

In response to the Order to Show Cause returnable October 16, 2009, on your client's Third Motion seeking to enforce PTO 28 in the Vioxx litigation, I am providing the following information which addresses the only deficiencies identified in Exhibit A pertaining to **David Agard**:

**Medical Records:** Plaintiff has met the obligation to produce medical records. In the first instance, Exhibit A to the Order to Show Cause does not list lack of a PPF, so I trust you acknowledge that Mr. Agard submitted his Plaintiff's Profile Form dated November 5, 2005, with the required signed authorizations for release of his healthcare records to Hughes Hubbard & Reed LLP at that time. This occurred prior to the issuance of PTO 28 on November 9, 2007.

The PPF submitted by Mr. Agard and the PPF attached as Exhibit A to PTO 28 are identical, and both limit the medical records to be produced by the plaintiff in the following express language:

### VI. DOCUMENTS
    Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking "**yes**" or "**no**". Where you indicated "**yes**," please attach the documents and things to your responses to this profile form.

The limited scope of the production required in the above provision in the PPF is entirely consistent with the fact that plaintiff was also required to, and did, provide signed authorizations

Page 2 of 3

for release of medical and other records to Merck's counsel along with the PPF. Since you indicate you have "Partial" records for Mr. Agard, I trust you have collected the same from my office and/or the healthcare providers. Although at the time it was served, Mr. Agard's PPF indicated no records were in his or our possession, custody or control, I am emailing to you under separate cover the medical records that have been collected ensure there is no dispute you have received the same. I am also repeating my request that you advise what records you do or do not have.

With respect to PTO 28, subparagraph (II)(A)(6) of PTO 28 only requires medical records to be produced as to "*all healthcare providers requested in the Amended and Supplemental Plaintiff Profile Form....*" Because Mr. Agard clearly submitted his PPF prior to November 9, 2007, he is by definition excluded from having to file an amended and supplemental PPF under the language in PTO 28 (II)(A)(3) stating "*unless Plaintiff . . . has of the date of this Order submitted a Plaintiff Profile Form . . . .*"

**Pharmacy Records**: With respect to PTO 28(II)(A)(1), Mr. Agard provides the following:

(1) Rite-Aid Pharmacy [formerly Eckerd Drugs #5088], 67-71 Robinson Street, Binghamton, NY 13901, is the only pharmacy that dispensed Vioxx to plaintiff. Enclosed are copies of the certified Rite-Aid/Eckerd pharmacy records for the periods 01/01/1998 through 02/11/2005 (*see Exhibit 1*), and 01/01/2005 to 10/13/2009 (*see Exhibit 2*).

(2) Kinney Drugs, 822 James Street, Clayton, NY 13624 - for the period June to September 2005 - Mr. Agard requested a certified copy of his complete pharmacy record from this pharmacy, but was told they had changed their system at or prior to the time PTO 28 was issued, and deleted all prior records, so they no longer exist. All of the medications dispensed by this pharmacy post-date his ingestion of Vioxx and injury.

(3) Kinney Drugs, 7998 State Route 32, Bridgeport, NY 13030, for the period August 2006 to November 2007 - - Mr. Agard is requesting and will produce a certified copy of his existing pharmacy record from this pharmacy. All of the medications dispensed by this pharmacy post-date his ingestion of Vioxx and injury.

(4) Publix Pharmacy, 1120 Bichara Blvd., Lady Lake, FL 32159, for the periods January-March 2005 and March-April 2007 - - Mr. Agard is requesting and will produce a certified copy of his complete pharmacy record from this pharmacy. All of the medications dispensed by this pharmacy post-date his ingestion of Vioxx and injury.

Page 3 of 3

**Affidavit of Completeness:**   With respect to the affidavit required by PTO 28(II)(A)(7), I am enclosing a copy of the plaintiff's affidavit of completeness, which is consistent with the matters set forth above. *See Exhibit 3*. I would note that, with reference to subparagraph (7)(ii), the same does not apply to him as he was not required by PTO 28 to file an amended and supplemental PPF. To the extent your client believes this affidavit should attest as to medical records collection, we will submit an amended affidavit of plaintiff after the medical records that have been collected by Merck and its counsel have been identified for that purpose.

This letter and enclosures will be annexed to the opposition to the Third Motion Order to Show Cause. I ask that you withdraw Merck's motion since dismissal of this plaintiff's case for any reason, and particularly for failure to prosecute, is clearly unwarranted in light of the above matters.

Very truly yours,

/S/

Ronald R. Benjamin

RRB/mc
Enclosures

## LAW OFFICE OF RONALD R. BENJAMIN
### ATTORNEYS AT LAW

Ronald R. Benjamin*  
Marya C. Young*

126 Riverside Drive  
P.O. Box 607  
Binghamton, NY 13902

*Also Admitted in the District of Columbia*

Phone: (607) 772-1442  
Fax    : (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

November 10, 2009

**By Facsimile Only: (202) 434-5029**  
M. Elaine Horn, Esq.  
Williams & Connolly, LLP  
725 Twelfth Street, N.W.  
Washington, DC 20005-5901

Re: **David Agard v. Merck - Vioxx Products Liability Litigation**

Dear Ms. Horn:

This letter memorializes the matters we discussed about plaintiff David Agard in our telephone meeting yesterday.

**Pharmacies**:
It is my understanding we can take the following pharmacies off the list, because Mr. Agard filled prescriptions at the following pharmacies on your list **after** Vioxx was taken off the market and **after** his injury, as follows:

(1) **Kinney Drugs** (not "Kenny Drugs"). Mr. Agard filled prescriptions at two Kinney locations in the periods noted below:
   -- Kinney Drugs, 822 James Street, Clayton, NY 13624 - for the period June to September 2005. Thus, all of the medications dispensed by this pharmacy post-date his ingestion of Vioxx and injury.
   -- Kinney Drugs, 7998 State Route 32, Bridgeport, NY 13030, for the period August 2006 to November 2007. Thus, all of the medications dispensed by this pharmacy post-date his ingestion of Vioxx and injury.

(2) **Publix Pharmacy**, 1120 Bichara Blvd., Lady Lake, FL 32159, for the periods January-March 2005 and March-April 2007. Thus, all of the medications dispensed by this pharmacy post-date his ingestion of Vioxx and injury.

Page 2 of 2

off the list.

**Physicians/Practices**:

(1) **United Medical Associates (UMA)/Galen Graham/Hisham Kashou**: Mr. Agard was seen at UMA by Dr. Graham only; he never saw or treated with Dr. Kashou. Dr. Graham was Mr. Agard's only "PCP", and treated him for his stroke. As we discussed, UMA records would include its doctors' records within the practice, and you indicated you have already received the UMA records. Thus, Drs. Graham and Kashou can be taken off the list.

(2) **Cardiology Associates/John Walters/Nicholas Stamato/William Phillips**: This practice is at two locations. Dr. Walters is his primary cardiologist. Mr. Agard saw Dr. Phillips at Cardiology Associates, but Dr. Phillips is no longer with the practice, and appears to be in Ithaca. The "PCP" column is incorrectly checked for these doctors. Since you list Cardiology Associates, please confirm that you did not get the records from the practice. If you did, then we should be able to take these off the list.

(3) **Orthopedic Associates of 65 Pennsylvania Ave/David Kammerman/Robert Capecci**: Mr. Agard actually saw Dr. Kammerman at UHS/Wilson Regional Medical Center for back pain, and this doctor prescribed Vioxx at that time and place, but otherwise Mr. Agard was not his patient and did not go to Orthopedic Associates for any follow-up with him. Instead, he saw Dr. Robert Capecci at Orthopedic Associates. Dr. Kammerman may have been covering for Dr. Capecci or was on call when he saw Mr. Agard at Wilson ER. Since you did not list Dr. Capecci, I assume you have the Orthopedic Associates records and we can take these providers off the list.

**Hospitals/Clinics**:

(1) **Upstate Medical Center, Syracuse, NY**: Mr. Agard was seen at this hospital in 1998, but not for anything to do with Vioxx or with cardiac injuries. Instead, he was seen for GERD and removal of a benign esophageal tumor. Please let me know if we can take this hospital off the list.

While we reserve our position that PTO 28 does not require the same, and that Mr. Agard provided blank signed authorizations to Merck for the purpose of obtaining these records long before the instant motions practice, we will continue to narrow the disclosure list in good faith and appreciate your efforts in that direction.

Very truly yours,

Marya C. Young

MCY/mc

# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*Also Admitted in the District of Columbia*

Phone: (607) 772-1442
Fax   : (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

December 1, 2009

**By Facsimile Only: (202) 434-5029**
M. Elaine Horn, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

**Re: David Agard v. Merck - Vioxx Products Liability Litigation**

Dear Ms. Horn:

This letter supplements my prior letter to you concerning the status of disclosures for plaintiff David Agard.

**Pharmacies:**
It is my understanding that no disclosure of pharmacy records remain outstanding.

**Physicians/Practices:**
It is my understanding that no disclosures of records for physicians/practices remain outstanding, except as follows:

(1) **Cardiology Associates/John Walters/Nicholas Stamato/William Phillips**: Please advise if we can take these providers off the list as per my prior correspondence.

(2) **Orthopedic Associates of 65 Pennsylvania Ave/David Kammerman/Robert Capecci**: Please advise if we can take these providers off the list as per my prior correspondence.

**Hospitals/Clinics:**

(1) **Upstate Medical Center, Syracuse, NY**: Please let me know if we can take this hospital off the list as per my prior correspondence.

(2) **Samaritan Medical Center ("Hospital")**: Forwarded herewith is a copy of the entire record from Samaritan, so this provider can be taken off the list.

Page 2 of 2

(3)  **<u>Wilson Memorial Hospital</u>**:   We have requested these records.

Please respond to the above matters as soon as possible so that we can ascertain the status of your list with respect to Mr. Agard's disclosures.

Very truly yours,

*Marya Young*

Marya C. Young

MCY/mc
Attachment

# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*Also Admitted in the District of Columbia

Phone: (607) 772-1442
Fax   : (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

December 11, 2009

***By Facsimile Only: (202) 434-5029***
M. Elaine Horn, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

### Re: David Agard v. Merck - Vioxx Products Liability Litigation

Dear Ms. Horn:

Faxed herewith is a copy of the certified medical record from the Cardiology Associates practice. Thus, this letter revises the status of your list as follows.

**Providers Not Listed or Already Obtained/Produced:**
(1)     CVS Pharmacy
(2)     Clintwood Pharmacy
(3)     Lourdes Hospital
(4)     United Medical Associates (UMA)/Galen Graham MD/Hisham Kashou MD
(5)     Cardiology Associates/John Walters/Nicholas Stamato/William Phillips
(6)     Samaritan Medical Center ("Hospital")

**Records Requested, Receipt Pending:**
(1)     Wilson Memorial Hospital

**Records Not Available or Not Applicable:**
(1)     Kinney Drugs
(2)     Publix Pharmacy
(3)     Walgreen's Pharmacy
(4)     Orthopedic Associates of 65 Pennsylvania Ave/David Kammerman/Robert Capecci
(5)     Upstate Medical Center, Syracuse, NY

Very truly yours,

Marya C. Young

MCY/mc
Attachment