```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2    ****************************************************************

 3
      IN RE:  VIOXX PRODUCTS                   MDL No. 1657
 4    LIABILITY LITIGATION                     Section: "L"
                                               New Orleans, Louisiana
 5                                             Thursday, May 21, 2009

 6
      ****************************************************************
 7

 8                    TRANSCRIPT OF MOTION PROCEEDINGS
                 HEARD BEFORE THE HONORABLE ELDON E. FALLON
 9                    UNITED STATES DISTRICT JUDGE

10


11    APPEARANCES:

12
      FOR THE DEFENDANTS
13    LIAISON COMMITTEE:             STONE, PIGMAN, WALTHER, WITTMANN
                                     BY:  DOROTHY H. WIMBERLY, ESQ.
14                                   546 Carondelet Street
                                     New Orleans, LA 70130
15

16

17

18    Official Court Reporter:       Karen A. Ibos, CCR, RPR, CRR
                                     500 Poydras Street, Room HB-406
19                                   New Orleans, Louisiana 70130
                                     (504) 589-7776
20

21

22        Proceedings recorded by mechanical stenography, transcript
      produced by computer.
23

24

25
```

```
              1                      P R O C E E D I N G S
              2                     (THURSDAY, MAY 21, 2009)
              3                       (MOTION PROCEEDINGS)
09:03:53      4
09:03:53      5          THE COURT:  Be seated, please.  Good morning.
09:03:56      6          MS. WIMBERLY:  Good morning, your Honor.
09:03:57      7          THE COURT:  Looks like you're the lone wolf.
09:03:59      8          MS. WIMBERLY:  Even Lenny is not here to object.  I guess
09:04:01      9  he's given up.
09:04:04     10          THE COURT:  I understand he is in New York, but we'll
09:04:07     11  record his objection.
09:04:08     12          MS. WIMBERLY:  Your Honor, we are here this morning on
09:04:10     13  five matters.  The first is matters that were deferred from the
09:04:13     14  Third Latecomers Motion, which was Record Document 17639.  This
09:04:18     15  involves six cases that have been reset pursuant to the Court's
09:04:24     16  Order, Record Document 18613.
09:04:28     17          As to the claims of Angela Purcell, her counsel had had
09:04:33     18  some medical record issues.  They have finally obtained the records
09:04:38     19  and some of which were actually located in Canada.  They have
09:04:44     20  complied with everything except the case specific expert report,
09:04:48     21  which they have assured us will be forthcoming and have requested a
09:04:52     22  final extension of 60 days which we have agreed to.  So we would
09:04:55     23  ask that the court defer as to Angela Purcell.
09:05:01     24          THE COURT:  I'll defer that for 60 days.
09:05:04     25          MS. WIMBERLY:  As for the other five plaintiffs, we
```

```
09:05:06  1   received no response.  This has been continued from March 5th, so
09:05:11  2   they've had over 90 days, in addition to the year and a half since
09:05:18  3   Pretrial Order 29 was entered.  And we would ask that these cases,
09:05:22  4   all of which are represented by Weitz and Luxenberg, and appear on
09:05:26  5   Exhibit B to a proposed order be dismissed with prejudice.
09:05:29  6             THE COURT:  Is that Ralph Gifford?
09:05:36  7             MS. WIMBERLY:  Yes, your Honor.
09:05:36  8             THE COURT:  Ralph Gifford, Sandra Johnson, Sylvia
09:05:42  9   Mullins, Reginald Parks, and Gladys Stilley?
09:05:44 10             MS. WIMBERLY:  Correct, your Honor.
09:05:46 11             THE COURT:  I'll dismiss those with prejudice, I assume
09:05:50 12   over the objection of the PSC.
09:05:53 13             These individuals have had, as you said, a year and a
09:05:57 14   half to respond.  I've given them a number of notices.  No
09:06:01 15   response.  There's proof of service of the notices, proof of
09:06:07 16   awareness of the notices.  We need to move on in this case, and
09:06:12 17   I'll dismiss those cases with prejudice.
09:06:14 18             MS. WIMBERLY:  Next, your Honor, are two matters that
09:06:16 19   were deferred from the fifth Lone Pine Motion, which was Record
09:06:21 20   Document 17653, which were reset for today pursuant to this Court's
09:06:25 21   Order, Record Document 18615.  The order only listed one plaintiff
09:06:32 22   on this, and that was Doris Maresico, a plaintiff in the Marie
09:06:40 23   Allen case.
09:06:41 24             However, in addition to that, there was one person who
09:06:41 25   was accidentally left off the order but whose counsel has e-mailed
```

```
09:06:44  1   me, indicated they will not be submitting a case specific expert
09:06:51  2   report.  And since they were on the original motion, has consented
09:06:53  3   to the dismissal with prejudice of the additional case as well.
09:06:58  4   And that is the claims of Karen Rivere, which is Case No. 05-3716.
09:07:04  5   And Ms. Maresico's Case No. 06-2220.
09:07:09  6           So, your Honor, we would ask that these claims be
09:07:12  7   dismissed with prejudice for failure to comply with the terms of
09:07:15  8   Pretrial Order 28.
09:07:17  9           THE COURT:  I'll dismiss them with prejudice for the same
09:07:19 10   reasons that I just articulated.
09:07:22 11           MS. WIMBERLY:  Next, your Honor, is four cases that were
09:07:25 12   deferred from Merck's sixth Lone Pine Motion, Record Document
09:07:31 13   17840.  Your Honor may recall these were the cases involving
09:07:34 14   Ms. Oldfather and her coordinating counsel, The Bubalo Firm.
09:07:40 15           Your Honor has since entered the order of dismissal.  I
09:07:46 16   agreed with Ms. Oldfather that we would defer these and I will go
09:07:50 17   ahead and send the notice.  We don't want to confuse these
09:07:54 18   plaintiffs into thinking that Ms. Oldfather or Mr. Bubalo have any
09:07:59 19   additional responsibility to them.  So I am going to serve them
09:08:01 20   with the original motion and with the proposed order that I've
09:08:05 21   provided to Nathan.
09:08:07 22           And we would ask that these be deferred until June the
09:08:12 23   10th.
09:08:12 24           THE COURT:  Okay.  That's Richard Allen, Lawrence
09:08:18 25   Butcher, Delbert Rakes and Carolyn Ward.
```

```
09:08:22  1              MS. WIMBERLY:  Correct, your Honor.
09:08:23  2              THE COURT:  I'll defer those then.
09:08:25  3              MS. WIMBERLY:  Next, your Honor, is Merck's First
09:08:28  4   Material Noncompliance Rule, Record Document 17841.  This rule
09:08:35  5   involved only plaintiffs represented by the Cellino & Barnes Law
09:08:39  6   Firm, which has been absolutely inundating Merck with discovery
09:08:43  7   materials and case specific expert reports.  The parties have
09:08:47  8   agreed to defer all of these matters listed on Exhibit A until
09:08:54  9   June 10th so that merck has an opportunity to review what has been
09:08:58 10   produced.
09:08:59 11              THE COURT:  And those are 36 cases in Exhibit A?
09:09:02 12              MS. WIMBERLY:  Yes, your Honor, all represented by
09:09:04 13   Cellino & Barnes.
09:09:06 14              THE COURT:  I'll defer those.
09:09:07 15              MS. WIMBERLY:  The final matter, your Honor, is Merck's
09:09:10 16   seventh Lone Pine Motion, Record Document 18407.  The motion was
09:09:14 17   filed with the court on April the 27th and involves multiple
09:09:19 18   plaintiffs on Exhibits A, B and C to the motion.  In fact, it was
09:09:26 19   143 plaintiffs.  The Court signed the order setting the matter for
09:09:28 20   hearing the same day.  The motion and the signed order were served
09:09:34 21   via Lexis-Nexis File and Serve on all counsel of record on that
09:09:37 22   same day April 27th.
09:09:40 23              Additionally, all of the pro se plaintiffs were served
09:09:43 24   via FedEx or Express Mail, depending upon if they had a post office
09:09:48 25   box address.  And we have received confirmation of service on 33 of
```

09:09:56  1   the 55 pro se plaintiffs.
09:10:00  2         As to the remaining 22, our notices have been returned,
09:10:06  3   there's no forwarding address. We received a variety of reasons
09:10:12  4   from FedEx, house boarded up, moved, no forwarding address, no one
09:10:19  5   has ever heard of this person, never lived here, a variety of
09:10:22  6   excuses or reasons for non-delivery of our notice. And we would
09:10:26  7   like to treat these separately.
09:10:28  8         What Merck proposes is that as to all plaintiffs on our
09:10:33  9   proposed Exhibit A, these are all plaintiffs who received notice
09:10:40 10   either via FedEx or Express Mail with confirmations of return and
09:10:45 11   proof of delivery as to the pro se plaintiffs. And as to the
09:10:49 12   represented plaintiffs, confirmation of service via Lexis-Nexis
09:10:54 13   File and Serve. We would ask your honor with respect to all of
09:10:54 14   the --
09:11:00 15         THE COURT: Sixty-seven?
09:11:01 16         MS. WIMBERLY: -- 112 cases, I've got a proposed revised
09:11:05 17   order.
09:11:05 18         THE COURT: I have Exhibit A but it's only 67 cases.
09:11:08 19         MS. WIMBERLY: Your Honor, let me hand this up. That was
09:11:11 20   attached to the original motion. This is a proposed judgment that
09:11:14 21   reflects --
09:11:15 22         THE COURT: These individuals are the ones that have been
09:11:18 23   notified?
09:11:18 24         MS. WIMBERLY: And we have confirmation of proof of
09:11:21 25   service. And there are 112 of those plaintiffs, including

```
09:11:25  1   represented plaintiffs and pro se plaintiffs.  And they have failed
09:11:29  2   to respond, other than I did receive a telephone call, I had a
09:11:33  3   telephone conversation with Mr. Frank D'Amico who represents --
09:11:43  4   let's see.  He is listed as No. 11 on Exhibit A, he has no
09:11:48  5   objection to the dismissal.  He has a pending motion to withdraw,
09:11:52  6   and he asks that the Court enter the Order Of Withdrawal.
09:11:56  7             THE COURT:  I will.  I'll withdraw.
09:11:59  8             MS. WIMBERLY:  And other than that, as to the 112 people
09:12:02  9   on Exhibit A, I've received no opposition or response and would ask
09:12:06 10   that the court dismiss the cases with prejudice for failure to
09:12:09 11   comply with the requirements of Pretrial Order 28.
09:12:12 12             THE COURT:  I'll do that.  I'll dismiss them with
09:12:19 13   prejudice for the reasons that I've already expressed.
09:12:19 14             MS. WIMBERLY:  Your Honor, with respect to the 22 pro se
09:12:22 15   plaintiffs listed on Exhibit B.  These are those 22 plaintiffs who
09:12:27 16   we were not able to establish proof of service of the motion.
09:12:31 17   These are people who have done nothing in this case in basically
09:12:39 18   four years, and we would ask as to these plaintiffs that their
09:12:42 19   cases be dismissed without prejudice.
09:12:50 20             THE COURT:  Okay.  I'll dismiss them without prejudice.
09:12:52 21             MS. WIMBERLY:  Finally, your Honor, Exhibit C to the
09:12:54 22   motion, these are eight additional plaintiffs represented by
09:12:57 23   Cellino & Barnes, and we would like to treat them the same as the
09:13:02 24   other Cellino & Barnes clients.  They have produced a volume of
09:13:08 25   material and we would like to defer the eight Cellino & Barnes
```

```
09:13:12   1   plaintiffs on Exhibit C until June 10th.
09:13:16   2              THE WITNESS:  This Exhibit C I have some 50 --
09:13:20   3              MS. WIMBERLY:  Your Honor, that's the original motion.
09:13:27   4   The Exhibit C was on the proposed judgment.
09:13:30   5              THE COURT:  Okay.
09:13:31   6              MS. WIMBERLY:  There are eight and we would ask that they
09:13:34   7   be deferred.
09:13:35   8              THE COURT:  Cellino & Barnes I'll defer.
09:13:37   9              MS. WIMBERLY:  We have one final plaintiff on Exhibit D,
09:13:39  10   a pro se plaintiff, who was included by error on the motion.
09:13:44  11   Mr. Schhneller immediately contacted us upon receipt of the motion
09:13:49  12   citing a prior agreement to give him an additional period of time
09:13:53  13   within which to respond to the requirements of Pretrial Order 28.
09:14:00  14   We discovered that was our mistake.
09:14:02  15              We had given him until May 27th to respond, so we would
09:14:05  16   like to withdraw without prejudice the motion as to Mr. Schneller,
09:14:12  17   with a note, which we've also advised him, that if the required
09:14:17  18   discovery and report are not received, we obviously reserve our
09:14:21  19   right to reurge the matter on a future motion.
09:14:23  20              THE COURT:  All right.  Prepare the motion for that and
09:14:25  21   I'll sign it, I'll grant that.
09:14:28  22              MS. WIMBERLY:  And, your Honor, I have, in fact, given
09:14:31  23   Nathan the proposed judgments, and I will e-mail them to him as
09:14:34  24   well since there are no changes to that.  We would ask that your
09:14:39  25   Honor go ahead and get them entered as quickly as possible.
```

```
09:14:42   1              THE COURT:  Okay.
09:14:42   2              MS. WIMBERLY:  Thank you.
09:14:43   3              THE COURT:  All Right.  Thank you very much.
09:14:45   4         The Court will stand in recess.
09:14:47   5              The Deputy Clerk:  Everyone rise.
09:14:48   6         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)
           7
           8                          * * * * *
           9
          10                     Reporter's Certificate
          11
          12         I, Karen A. Ibos, CCR, Official Court Reporter, United
          13    States District Court, Eastern District Of Louisiana, do hereby
          14    certify that the foregoing is a true and correct transcript, to the
          15    best of my ability and understanding, from the record of the
          16    proceedings in the above-entitled and numbered matter.
          17
          18                                  [signature: Karen A Ibos]
          19                                  _____
          20                                  Karen A. Ibos, CCR, RPR, CRR
          21                                  Official Court Reporter
          22
          23
          24
          25
```