```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2   ***************************************************************

 3
     IN RE:  VIOXX PRODUCTS                  MDL No. 1657
 4   LIABILITY LITIGATION                    Section: "L"
                                             New Orleans, Louisiana
 5                                           Wednesday, June 24, 2009

 6
     ***************************************************************
 7

 8                    TRANSCRIPT OF MOTION PROCEEDINGS
                 HEARD BEFORE THE HONORABLE ELDON E. FALLON
 9                     UNITED STATES DISTRICT JUDGE

10

11   APPEARANCES:

12   FOR THE PLAINTIFFS
     LIAISON COMMITTEE:               HERMAN, HERMAN, KATZ & COTLAR
13                                    BY:  RUSS M. HERMAN, ESQ.
                                           LEONARD A. DAVIS, ESQ.
14                                    820 O'Keefe Avenue
                                      New Orleans, LA 70113
15
     FOR THE DEFENDANTS
16   LIAISON COMMITTEE:               STONE, PIGMAN, WALTHER, WITTMANN
                                      BY:  DOROTHY H. WIMBERLY, ESQ.
17                                    546 Carondelet Street
                                      New Orleans, LA 70130
18

19   ALSO PRESENT:                    DANIEL A. BECNEL, III, ESQ.

20

21   Official Court Reporter:         Karen A. Ibos, CCR, RPR, CRR
                                      500 Poydras Street, Room HB-406
22                                    New Orleans, Louisiana 70130
                                      (504) 589-7776
23

24       Proceedings recorded by mechanical stenography, transcript
     produced by computer.
25
```

```
 1                    P R O C E E D I N G S
 2                   (WEDNESDAY, JUNE 24, 2009)
 3                     (MOTION PROCEEDINGS)
 4
 5          THE COURT:  Be seated, please.  We're here today to deal
 6   with some motions in the Vioxx matter.  I'll hear from the parties.
 7          MS. WIMBERLY:  Yes, your Honor, Dorothy Wimberly
 8   representing Merck.
 9          We only have one matter on the docket today and that is
10   Merck's motion, rule and incorporated memorandum to show cause why
11   rights of certain tolling claimants should not be extinguished, and
12   that appears at record document 19360.
13          The premise of the motion, your Honor, is that the 300
14   tolling claimants listed on Exhibit A to the motion submitted an
15   enrollment form.  That enrollment form is irrevocable and the
16   claimant may not, except as otherwise provided in the agreement,
17   withdraw the enrollment form, request return of the release or
18   stipulation, et cetera.
19          The 300 people on Exhibit A essentially did nothing more,
20   for the most part, than submit an enrollment form.  What they all
21   failed to do was submit any release.  And because of their failure
22   to submit a release, we're asking the court, since they don't have
23   a case that we can come in and move to dismiss, we're asking the
24   court to simply decree that their rights under the tolling
25   agreement are extinguished so that there is no question as to
```

1  whether their cases are open or closed.
2          With respect to all of the parties listed on Exhibit A,
3  the motion was filed in the main case since there were no filed
4  cases for all of these tolling claimants.  It was filed in the main
5  case, so it was served on LexisNexis File and Serve on all counsel
6  in the entire case.  Additionally, I personally served all of the
7  law firms who have tolling claimants identified here via e-mail.
8  And for the one lawyer or law firm that did not have an e-mail
9  address, sent a letter to him.
10         I FedExed the motion to all of the pro se plaintiffs
11 appearing in the Exhibit A.
12         I heard from three people, and that was the Beasley Allen
13 firm to advise that their two tolling claimants who were listed
14 were ones whom they had notified BrownGreer that they no longer
15 represented them and that was overlook in the preparation of
16 Exhibit A.
17         The same thing with respect to two Freese & Goss
18 claimants and with respect to one claimant represented by Jerry
19 Meunier's firm.  With respect to those five plaintiffs and Karen
20 Carpenter, who is number 1 on Exhibit A; Kinney Pender, No. 2 on
21 Exhibit A; Barbara Ealn, E-A-L-N, No. 12 on Exhibit A; Betty Posey,
22 No. 13 on Exhibit A; and Paula Jean Gibson, No. 14 on Exhibit A.
23 We would like to defer the motion as to them until July 17th.
24 Their counsel are going to provide their last known addresses to
25 me, and I will send a copy of the motion to those five tolling

1  claimants personally.
2         With respect to all others, we would ask that the court
3  grant the motion and extinguish whatever rights they have under the
4  tolling agreement for failure to submit a release and complete the
5  resolution program
6         MR. BECNEL:  May it please the court, Daniel Becnel.  I
7  was referred by a consortium of lawyers Andrew Sacks from
8  Philadelphia, Jack Harang, 336 cases.  When I didn't make the PLC
9  this was a among the 15, 1,600 cases that were taken away from me.
10 However, we have submitted claim forms for some on this list.
11        Under Harang, the ones I will give to her in yellow and
12 those are pending.  We've called Mr. Harang and he's relocated
13 after the hurricane to Mobile, we can't get them to respond to
14 anything.  We have talked to Andrew Sacks and he has been on
15 Mr. Harrang's case.  Apparently they had some kind of an
16 advertising program between the two of them.  But after I didn't
17 get on the PLC, they asked for all of their files back and I gave
18 them all.  And then we retained some of these files and they told
19 us, well, just fill these few that we didn't get back out.  Well,
20 we did the ones in yellow, Conway, Diederich, Dooley, Dunn, Hayes,
21 Hudson, Marlow.  On the next page Payton, Stahlman and Swicegood.
22 I will give her that list of those.
23        The others I don't have and I would like to make a part
24 of the record, your Honor, these 336 that were taken away from us.
25        THE COURT:  Okay.

1            MR. BECNEL:  I don't know, just in an abundance of
2   caution, our lawyers have done everything humanly possible by
3   calling, e-mailing, saying send us something so we can at least
4   register these people or do anything for them if you're not going
5   to do it.  And Harang is the only one that has the files
6   apparently.
7            THE COURT:  Okay.  What do we do that with, Dorothy?
8            MS. WIMBERLY:  Your Honor, what we're missing are the
9   releases.  What was submitted was essentially a pro forma type
10  claims package.  We can't proceed with that.  They've had notices
11  by the claims administrator to counsel.  I mean, we really have
12  nothing else that we can do, and based upon Mr. Becnel's
13  representations of the efforts he's made, I don't know what else he
14  can do.
15           THE COURT:  It makes it even worse, doesn't it, I mean
16  for these individuals.  Notwithstanding your good offices and
17  notwithstanding his good offices and his going beyond the call of
18  duty and trying to get people, even individuals that he did not
19  represent, to comply with the order and warn their attorneys,
20  nothing has been forthcoming.  Both of you all have done everything
21  you possibly can to protect the record.
22           And while I commend you for all of your work, Mr. Becnel,
23  and you, Ms. Wimberly, I am disappointed at the claimants and their
24  principal attorneys.  So I have no alternative but no grant the
25  motion to dismiss.

```
 1              MR. BECNEL:  Judge, I just wanted you to know, when they
 2   asked for the files back --
 3              THE COURT:  You gave it to them.
 4              MR. BECNEL:  -- we gave them the files, we didn't keep a
 5   list of anything other than the name.  We didn't get their address,
 6   security number and all of the data we had.  We purged our records
 7   because, you know, we're not supposed to have that if they don't
 8   want us to represent them.
 9              THE COURT:  Sure, I agree with you.  I appreciate you
10   being here and explaining it.  Okay.  Thank you very much.
11              MS. WIMBERLY:  Thank you, your Honor.
12              THE COURT:  Okay.  Thanks.  The court will stand in
13   recess.
14              THE DEPUTY CLERK:  Everyone rise.
15         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)
16
17                             *  *  *  *  *  *
18
19                          REPORTER'S CERTIFICATE
20
21     I, Karen A. Ibos, CCR, Official Court Reporter, United States
     District Court, Eastern District of Louisiana, do hereby certify
22   that the foregoing is a true and correct transcript, to the best of
     my ability and understanding, from the record of the proceedings in
23   the above-entitled and numbered matter.
24
                                  _____
25                                 Karen A. Ibos, CCR, RPR, CRR
                                   Official Court Reporter
```