```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
*****************************************************************

IN RE:  VIOXX PRODUCTS                   MDL No. 1657
LIABILITY LITIGATION                     Section: "L"
                                         New Orleans, Louisiana
                                         Friday, July 31, 2009
*****************************************************************

                  TRANSCRIPT OF MOTION PROCEEDINGS
              HEARD BEFORE THE HONORABLE ELDON E. FALLON
                     UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFFS
LIAISON COMMITTEE:           HERMAN, HERMAN, KATZ & COTLAR
                             BY:  LEONARD A. DAVIS, ESQ.
                             820 O'Keefe Avenue
                             New Orleans, LA 70113


FOR THE DEFENDANTS
LIAISON COMMITTEE:           STONE, PIGMAN, WALTHER, WITTMANN
                             BY:  DOROTHY H. WIMBERLY, ESQ.
                             546 Carondelet Street
                             New Orleans, LA 70130

                             BRYAN CAVE
                             BY:  STEFAN A. MALLEN, ESQ.
                             One Metropolitan Square
                             211 North Broadway, Suite 3600
                             St. Louis, MO 63102-2750


ALSO PRESENT:                THE KAISER LAW FIRM
                             BY:  GRANT KAISER, ESQ.
                             8441 Gulf Freeway, Suite 600
                             Houston, TX 77017-5051


Official Court Reporter:     Karen A. Ibos, CCR, RPR, CRR
                             500 Poydras Street, Room HB-406
                             New Orleans, Louisiana 70130
                             (504) 589-7776

    Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

```
 1                        P R O C E E D I N G S
 2                       (FRIDAY, JULY 31, 2009)
 3                       (MOTION PROCEEDINGS)
 4
 5         THE COURT:  Be seated, please.  We have some motions to
 6  take up?
 7         MS. WIMBERLY:  Yes, your Honor.  Dorothy Wimberly on
 8  behalf of Merck.
 9         On the docket this morning, your Honor, we have five
10  motions.
11         THE COURT:  All right.
12         MS. WIMBERLY:  Our first is one matter which was deferred
13  from Merck's seventh Lone Pine motion, which is Record Document
14  18407.  It applies solely as to plaintiff Dawn Rhoades, who is a
15  plaintiff in Case No. 06-1209.  Ms. Rhoades had requested
16  additional time, we've still received no PTO 28 materials, and we
17  would ask that the court dismiss the case with prejudice at this
18  time.
19         THE COURT:  Okay.  I'll dismiss it with prejudice, over
20  the objection of counsel for the PSC.
21         MS. WIMBERLY:  Next on the docket, your Honor, is one
22  matter deferred from Merck's fourth latecomers motion, which was
23  Record Document 18672.  The plaintiff as to whom the motion was
24  deferred was Robert Ito, Case No. 08-4934.  Mr. Ito has complied,
25  he has submitted his expert report, and his written discovery
```

1  responses, so we would withdraw the motion as to Mr. Ito at this
2  time.
3          THE COURT:  Okay.  Let that be withdrawn.
4          MS. WIMBERLY:  Next up on the docket is Merck's eighth
5  Lone Pine motion, Record Document 19658, filed with the court on
6  June the 17th, 2009.  This motion applies to 17 plaintiffs on
7  Exhibits A, B and C, none of whom responded to the motion.  They
8  have not submitted the documents and materials in compliance with
9  Pretrial Order 28, and we would ask that the court dismiss with
10 prejudice the cases of all plaintiffs subject to the eighth Lone
11 Pine motion.
12         THE COURT:  Okay.  Anyone speaking on that?  Over the
13 objection of plaintiff counsel for the PSC, I'll dismiss them with
14 prejudice.
15         MS. WIMBERLY:  Next up, your Honor, is Merck's fifth
16 latecomer's motion, Record Document 19650, also filed with the
17 court on June 17th, 2009.  This motion applied to five plaintiffs,
18 four of whom were represented by the Limberopoulos law firm, and
19 one pro se plaintiff, none of whom had at the time of filing
20 submitted materials in compliance with Pretrial Order 29.
21         Yesterday counsel for one plaintiff subject to the motion
22 indicated that the Pretrial Order 29 materials for that plaintiff
23 would be forwarded today to Merck.  To avoid any possibility that
24 we would have to come back and undo a dismissal, we would like to
25 defer the motion as to that one plaintiff, Bette Mae Terrill, who

1   is a plaintiff in Case No. 08-3959.
2           As to the remaining four plaintiffs who have not opposed
3   or otherwise complied with Pretrial Order 29, we would ask that the
4   court dismiss their claims with prejudice.
5           THE COURT:  Okay.  And that's Harold Currier, Donald
6   Gardner, Don Ivey and Oliver Johnson?
7           MS. WIMBERLY:  Correct.
8           THE COURT:  Over the objection of plaintiff's counsel for
9   the PSC, I'll dismiss those with prejudice.
10          MS. WIMBERLY:  Next, your Honor, is our final motion,
11  which was Merck's motion to dismiss non-submitting program
12  plaintiff cases, Record Document No. 19451, and Stefan Mallen from
13  the Bryan Cave firm will be presenting that motion.
14          THE COURT:  Okay.
15          MR. MALLEN:  Good morning, your Honor, Stefan Mallen from
16  Bryan Cave on behalf of Merck for the non-submitting program
17  claimants motion.
18          As part of the settlement process, as you may know,
19  claimants must submit claims packages which include required
20  pharmacy, medical and event records.  They also must submit fully
21  executed releases, employment medical authorizations, as well as
22  stipulations for dismissal with prejudice for filed cases.
23  Claimants who failed to fully comply with the terms of the
24  Settlement Agreement and did not submit claim s packages by
25  November 30th, 2008 were deemed non-submitting program claimants or

1  NSPC by the claims administrator.

2         At that point the claims administrator, per the terms of
3  the Settlement Agreement, returned the releases and stipulations to
4  Merck and Merck is entitled to file the stipulations in any
5  relevant proceeding.

6         The 21 claimants before the court today are enrolled in
7  this program in this docket, but the claims packages they provided
8  did not comply with the terms of the Settlement Agreement, the
9  claims administrator declared them NSPC, and they don't have any
10 further rights.  Merck is entitled to file their stipulations with
11 prejudice.

12        The problem, however, is that the stipulations for these
13 claimants are materially deficient.  In some cases counsel never
14 signed them, in some cases the stipulation failed to include the
15 proper party, such as named derivative claimants in the complaint
16 or named representatives on behalf of decedent claimants.  And in
17 some cases no stipulation was submitted at all.

18        Some of these cases the plaintiff has filed more than one
19 case and we just never got a stip for the second active case.
20 Therefore, we are asking that with respect to the 21 claimants on
21 Exhibit A attached the motion that the court enter an order
22 dismissing these claimants' cases with prejudice.

23        THE COURT:  How are they different -- go ahead, do you
24 want to speak?

25        MR. KAISER:  Just on behalf of two claimants, that's all,

```
 1   your Honor.
 2             THE COURT:  Okay, sure.
 3             MR. KAISER:  Grant Kaiser appearing for the Tony Lee
 4   Matlock case.
 5             THE COURT:  Which one is that?
 6             MR. KAISER:  It's No. 17 and No. 18, the Annie Wells
 7   case.
 8             THE COURT:  I got it.  Okay.
 9             MR. KAISER:  I would just like to advise the court and
10   counsel that these clients are deceased and we've done
11   extraordinary efforts to try to locate heirs and were either
12   non-cooperative or were unable to be find.  And I just wanted to
13   notify the court of that.
14             THE COURT:  I appreciate your work and efforts on that.
15   That sometimes happens.  But as I said before, the claimants have a
16   responsibility, too, it's not only the lawyers.  And when the
17   claimants don't respond to their lawyers or don't keep in touch
18   with their lawyers, they have to assume that responsibility and not
19   the lawyer.  The lawyer can't find them if they don't want to be
20   found.
21             And this attorney has done everything he can and still
22   can't find them, so I have no alternative but to dismiss those
23   cases.  So I'll dismiss them with prejudice over the objection of
24   counsel for the PSC.
25             MR. MALLEN:  Thank you, your Honor.
```

```
 1              THE COURT:  Anything further?
 2              MS. WIMBERLY:  No.
 3              THE COURT:  Okay.  Folks.  Thank you very much.  The
 4    court will stand in recess.
 5              THE DEPUTY CLERK:  Everyone rise.
 6         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)
 7
 8                            *  *  *  *  *  *
 9
10                        REPORTER'S CERTIFICATE
11
12      I, Karen A. Ibos, CCR, Official Court Reporter, United States
13    District Court, Eastern District of Louisiana, do hereby certify
14    that the foregoing is a true and correct transcript, to the best of
15    my ability and understanding, from the record of the proceedings in
16    the above-entitled and numbered matter.
17
18
19                         _____
20                          Karen A. Ibos, CCR, RPR, CRR
21                          Official Court Reporter
22
23
24
25
```