UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL NO. 1657 |
| | SECTION: L |
| | JUDGE FALLON |
| This Document Relates To: | MAG. JUDGE KNOWLES |
| CENTRAL REGIONAL EMPLOYEES BENEFIT FUND, THE NORTH JERSEY MUNICIPAL EMPLOYEE BENEFITS FUND, THE SOUTHERN NEW JERSEY REGIONAL EMPLOYEE BENEFITS FUND, THE BERGEN MUNICIPAL EMPLOYEE BENEFITS FUND, THE MUNICIPAL REINSURANCE HEALTH INSURANCE FUND and THE COUNTY OF UNION, | CIVIL ACTION NO. 09-6363 |
| | ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC. |
| Plaintiffs, | JURY TRIAL DEMANDED |
| vs. | |
| MERCK & CO., INC. | |
| Defendant | |

Defendant Merck & Co., Inc. ("Merck"), with its principal place of business located at One Merck Drive, Whitehouse Station, New Jersey 08889, by its undersigned attorneys, answers Plaintiffs' Complaint and Jury Demand ("Complaint") herein as follows:

With respect to the allegations contained in the unnumbered paragraph before paragraph 1 of the Complaint, Merck admits that Plaintiffs purport to bring the referenced action, but denies there is any legal or factual basis for same. All remaining allegations contained in the first unnumbered paragraph are denied.

## RESPONSE TO "NATURE OF THE ACTION AND JURISDICTIONAL FACTS"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint.

3.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint.

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint.

6.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint.

7.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

8.      Merck denies each and every allegation set forth in paragraph 8 of the Complaint, except admits that Merck is a New Jersey Corporation with its principal place of business in New Jersey, and that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint, except admits

1001942v.1

that Plaintiffs purport to bring the referenced action but denies that there is any legal or factual basis for same.

10.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation set forth in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation set forth in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint and its subparts are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Merck is authorized to do business in Louisiana.  Merck further avers that it is a leading, research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

14.     The allegations contained in paragraph 14 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

## RESPONSE TO "A.  BACKGROUND"

15.     Merck denies each and every allegation set forth in paragraph 15 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-

approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

16.     Merck admits the allegations contained in paragraph 16 of the Complaint.

17.     The allegations set forth in paragraph 17 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs"), which includes aspirin, ibuprofen, naproxen and diclofenac, is used to treat pain and inflammation.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that the prescription medicine Vioxx is part of a class of drugs known as NSAIDs and that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

20.     The allegations set forth in the first two sentences of paragraph 20 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first two

sentences of paragraph 20 of the Complaint.  Merck denies each and every allegation set forth in the third sentence of paragraph 20 of the Complaint.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint.

### RESPONSE TO "B.  MERCK KNEW AND CONCEALED THE RISKS OF SERIOUS ADVERSE EVENTS ASSOCIATED WITH THE USE OF VIOXX WHEN PLANNING ITS VIOXX PRE-MARKETING CLINICAL TRIALS"

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint except admits the referenced articles exist and respectfully refers the Court to the referenced articles for their actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Merck further admits that the article referenced in the third sentence of paragraph 25 of the Complaint exists and respectfully refers the Court to the referenced article for its actual language and full text.

26.     Merck denies each and every allegation contained in the first four sentences of paragraph 26 of the Complaint, except admits that Plaintiffs purport to be quoting from an April 14, 1999 article in the *Wall Street Journal* entitled "Merck's Health Hinges on Sales of Arthritis Pill," and respectfully refers the Court to said article for its actual language and full text.  Merck

denies each and every allegation contained in the fifth sentence of paragraph 26 of the Complaint, except admits that the referenced document exists, and respectfully refers the Court to said document for its actual language and full text.

27.    Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.    Merck denies each and every allegation in paragraph 28 of the Complaint except admits that Vioxx is referred to internally as MK-966.

29.    Merck denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Plaintiffs purport to quote from a document and respectfully refers the Court to said document for its actual language and full text.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Plaintiffs purport to quote from various documents and respectfully refers the Court to said documents for their actual language and full text.

31.    Merck denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

32.    Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that Plaintiffs purport to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

33.    Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that Plaintiffs purport to quote an email, but Merck avers that the email has been misquoted and respectfully refers the Court to the referenced email for its actual language and full text.

1001942v.1

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Plaintiffs purport to quote an email, but Merck avers that the email has been misquoted and respectfully refers the Court to the referenced email for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck met with the FDA prior to the approval of the drug and respectfully refers the Court to the minutes of those meetings for information regarding them.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint, except admits that Plaintiffs purport to quote certain statements but avers those statements are taken out of context.  Merck further admits that in 1996 Merck proposed a study to investigate potential gastro-intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to said study for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Dr. John Oates wrote letters to Merck scientists in 1997 and respectfully refers the Court to the referenced documents for their actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.  Merck further admits that Plaintiffs purport to quote from a document and respectfully refers the Court to said document for its actual language and full text.

1001942v.1

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at the time the Task Force conducted its evaluation these clinical trials were still blinded.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC, which was not a Warning Letter, and respectfully refers the Court to the referenced letter for its actual language and full text

## RESPONSE TO "C.  MERCK INTENTIONALLY OVERESTIMATED THE NUMBER OF ANNUAL DEATHS ATTRIBUTED TO NSAID GASTROPATHY IN ORDER TO BOLSTER THE IMAGE OF VIOXX"

45.     Merck denies each and every allegation contained in the first sentence of paragraph 45 of the Complaint.  The allegations contained in the second and third sentences of paragraph 45 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiffs appear to be citing to a 1997 study, and respectfully refers the Court to said study for its actual language and full text.

1001942v.1

46.    Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Merck denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study, , and respectfully refers the Court to the full transcript of the video segment for its actual language and full context.

48.    Merck denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study, and respectfully refers the Court to the full transcript of the video segment for its actual language and full context.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study, and respectfully refers the Court to the full transcript of the video segment for its actual language and full context.

50.    Merck denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study, and respectfully refers the Court to the full transcript of the video segment for its actual language and full context.

51.    Merck denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Dr. James Fries is associated with Stanford University, and respectfully refers the Court to the referenced studies for their actual language and full text.

52.    Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint, except admits that the FDA review referenced in this paragraph exists, and respectfully refers the Court to said review for its actual language and full text.

### RESPONSE TO "D.  MERCK'S PRE-MARKET KNOWLEDGE OF VIOXX'S CARDIOTOXICITY AND PROTHROMBOTIC EVENTS"

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

### RESPONSE TO "E.  MERCK ENGAGED IN UNCONSCIONABLE AND DECEPTIVE MARKETING PRACTICES IN CONNECTION WITH THE MARKETING AND SALE OF VIOXX"

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation contained in the first sentence of paragraph 57 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 57 of the Complaint, except admits that Merck employed professional representatives to have discussions with health care professionals regarding the prescription medicine Vioxx.  Merck denies each and every allegation contained in the third sentence of

1001942v.1

paragraph 57 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint, except admits that Plaintiffs purport to quote a document, and respectfully refers the Court to said document for its actual language and full text.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

### RESPONSE TO "F.  FDA APPROVAL OF VIOXX"

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

1001942v.1

65.      Merck denies each and every allegation contained in paragraph 65 of the Complaint, except admits that in 1999, when Merck received FDA approval to market the prescription medicine Vioxx, the FDA-approved prescribing information for Vioxx included a gastrointestinal warning.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

66.      Merck denies each and every allegation contained in paragraph 66 of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.  The allegations contained in footnote 4 in paragraph 66 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in footnote 4 in paragraph 66 of the Complaint.

67.      Merck denies each and every allegation set forth in paragraph 67 of the Complaint, except admits that in April 2002 the FDA approved Vioxx as safe and effective for use as recommended in the FDA-approved prescribing information for, among other indicated uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults.  Merck further avers that it has been reported in the medical literature that rheumatoid arthritis affects millions of Americans.

68.      Merck denies each and every allegation contained in paragraph 68 of the Complaint, except admits that in August 2004 the FDA approved Vioxx for the treatment of juvenile rheumatoid arthritis in children as young as 2 years old and who weighed at least 22 pounds.

## RESPONSE TO "G.  MERCK'S UNPRECEDENTED
## POST-LAUNCH  MARKETING CAMPAIGN"

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation set forth in paragraph 73 of the Complaint, except admits that it received a letter from DDMAC dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

74.     Merck denies each and every allegation set forth in paragraph 74 of the Complaint, except admits that it received a letter from DDMAC dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation set forth in paragraph 76 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated

1001942v.1

December 16, 1999, from which plaintiffs purport to quote, and respectfully refers the Court to the referenced letter for its actual language and full text.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which plaintiffs purport to quote, and respectfully refers the Court to the referenced letter for its actual language and full text.

78.     Merck denies each and every allegation set forth in paragraph 78 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which plaintiffs purport to quote, and respectfully refers the Court to the referenced letter for its actual language and full text.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint, except admits that it trained its professional representatives.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Plaintiffs purport to quote the referenced document but avers that said quotations are taken out of context.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

1001942v.1

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint, except admit that Plaintiffs' allegation purports to be quoting statements made by the FDA, and respectfully refers the Court to said statements for their actual language and full text.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint, except admits that the referenced FDA briefing document exists, and respectfully refers the Court to said document for its actual language and full text.

86.     Merck denies each and every allegation set forth in paragraph 86 of the Complaint, except admits that the referenced article exists and Plaintiffs purport to quote portions of said article, but Merck respectfully refers the Court to said article for its actual language and full text.

### RESPONSE TO "H.  THE VIGOR TRIAL"

### RESPONSE TO "1.  THE VIOXX GASTROINTESTINAL RESEARCH ("VIGOR") STUDY"

87.     Merck denies each and every allegation set forth in paragraph 87 of the Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

88.     Merck denies each and every allegation set forth in paragraph 88 of the Complaint, except admits that Dr. Michael Weinblatt was Chair of the VIGOR Data Safety and Monitoring Board.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

1001942v.1

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint, except admits Dr. Weinblatt and Merck entered into a consulting agreement and Merck respectfully refers the Court to the referenced agreement for its actual language and full text.  Merck avers that Dr. Weinblatt informed Merck by letter dated September 19, 2000 that he would be assuming the position of president of the American College of Rheumatology ("ACR") at the end of October 2000 and requested a leave of absence from his consultancy to take effect at the end of October 2000.  Merck further avers that an article titled "Recommendations for the Medical Management of Osteoarthritis of the Hip and Knee" authored by the ACR Subcommittee on Osteoarthritis Guidelines was published in the September 2000 issue of the journal, and Merck respectfully refers the Court to the article for its actual language and full text.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint, except admits that the referenced deposition occurred, and respectfully refers the Court to the transcript from said testimony for its actual language and full context.  Merck further admits that the VIGOR study involving Vioxx exists and that Deborah Shapiro was a co-author of the VIGOR study, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

94.     Merck denies each and every allegation set forth in paragraph 94 of the Complaint, except it admits that the VIGOR study involving Vioxx and the referenced presentation exist, and it respectfully refers the Court to said study and presentation for their actual language and full text.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint, except admits that the journal and editorial referenced therein exist and respectfully refers the Court to said editorial for its actual language and full text.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint, except admits that a set of slides entitled "VIOXX® Preliminary Cardiovascular Meta-Analysis" exists, and respectfully refers the Court to the referenced slide presentation for its contents.  Merck further admits that Dr. Scolnick has testified about the referenced slide presentation and respectfully refers the Court to the relevant transcripts of Dr. Scolnick's testimony for their actual language and full context.  Merck avers that it conducted a cardiovascular meta-analysis that showed that Vioxx was not significantly different from placebo or non-naproxen NSAIDs, but was significantly different from naproxen, in the incidence of the Antiplatelet Trialists' Collaboration ("APTC") combined endpoint and the endpoint of

myocardial infarction, and that Merck provided the APTC analysis and the myocardial infarction data to the FDA.

99.     Merck denies each and every allegation set forth in paragraph 99 of the Complaint, except admits that the referenced deposition occurred, and respectfully refers the Court to the transcript of said deposition for its actual language and full text.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint, except admits that Plaintiffs purport to quote certain portions of statements, but avers that any such statements are taken out of context.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint, except admits that worldwide Vioxx sales figures in 2000 exceeded $2 billion.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

- 18 -

107.     Merck denies each and every allegation contained in paragraph 107 of the Complaint.

**RESPONSE TO "I.  MERCK CONTINUED TO WITHHOLD ACCURATE VIGOR RESULTS FROM THE HEALTH COMMUNITY AND THE PUBLIC"**

108.     Merck denies each and every allegation set forth in paragraph 108 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

109.     Merck denies each and every allegation contained in paragraph 109 of the Complaint, except admits that Plaintiffs purport to quote certain portions of statements, but avers that any such statements are taken out of context.

110.     Merck denies each and every allegation contained in paragraph 110 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiffs for its actual language and full text.

111.     Merck denies each and every allegation set forth in paragraph 111 of the Complaint, except admits that Merck issued a press release on April 28, 2000 entitled "Merck Confirms Favorable Cardiovascular Profile of VIOXX" and respectfully refers the Court to the referenced press release for its actual language and full text.

112.     Merck denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that Merck issued a press release on April 28, 2000 entitled "Merck Confirms Favorable Cardiovascular Profile of VIOXX" and respectfully refers the Court to the referenced press release for its actual language and full text.

1001942v.1

113.    Merck denies each and every allegation contained in the first sentence of paragraph 113 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.  Merck denies each and every allegation set forth in the second, third and fourth sentences of paragraph 113 of the Complaint, except admits the memorandum referenced in the third sentence of that paragraph and the study referenced in the fourth sentence of that paragraph exist, and respectfully refers the Court to those documents for their actual language and full text

114.    Merck denies each and every allegation contained in paragraph 114 of the Complaint, except admits that in March 2000, Merck received an email from Dr. Martino Laurenzi purporting to describe Dr. Carlo Patrono's opinion about the VIGOR study, and respectfully refers the Court to the email for its actual text.

115.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint except admits that an audio conference regarding Vioxx took place on June 21, 2000.

### RESPONSE TO "J.  MERCK CONTINUES TO DODGE DISCLOSURE OF VIOXX CARDIOVASCULAR RISKS EVEN WHEN FACED WITH ADDITIONAL PRESSURE FROM THE FDA."

116.    Merck denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Merck denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Plaintiffs purports to quote certain statements, but avers that the referenced quotations are taken out of context.

- 20 -

118.     Merck denies each and every allegation set forth in paragraph 118 of the Complaint, except avers that Merck and the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee, and further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

119.     Merck denies each and every allegation directed at Merck contained in paragraph 119 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

120.     Merck denies each and every allegation contained in paragraph 120 of the Complaint.

121.     Merck denies each and every allegation contained in paragraph 121 of the Complaint and respectfully refers the Court to the press release that Plaintiffs purport to quote from for its actual language and full text.

122.     Merck denies each and every allegation set forth in the first sentence of paragraph 122 of the Complaint, except admits that Plaintiffs purport to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 122 of the Complaint and respectfully refers the Court to the press release that Plaintiffs purport to quote from for its actual language and full text.

123.     Merck denies each and every allegation contained in paragraph 123 of the Complaint.

124.     Merck denies each and every allegation contained in paragraph 124 of the Complaint.

1001942v.1

125.     Merck denies each and every allegation contained paragraph 125 of the Complaint, except admits that the FDA sent Merck a labeling proposal on October 15, 2001. Merck respectfully refers the Court to said proposal for its actual language and full text.

126.     Merck denies each and every allegation contained in paragraph 126 of the Complaint, except admits that Plaintiffs purport to quote from the referenced emails, but avers that said quotations are taken out of context.

127.     Merck denies each and every allegation contained in paragraph 127 of the Complaint.

128.     Merck denies each and every allegation contained in paragraph 128 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

129.     Merck denies each and every allegation contained in paragraph 129 of the Complaint.

130.     Merck denies each and every allegation contained in paragraph 130 of the Complaint.

131.     Merck denies each and every allegation contained in paragraph 131 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

132.     Merck denies each and every allegation contained in paragraph 132 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in

1001942v.1

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

133.     Merck denies each and every allegation contained in paragraph 133 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

134.     Merck denies each and every allegation contained in paragraph 134 of the Complaint, including subparagraphs (a) through (i), except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

135.     Merck denies each and every allegation contained in the first sentence of paragraph 135 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

136.     Merck denies each and every allegation contained in paragraph 136 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

137.     Merck denies each and every allegation contained in paragraph 137 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

1001942v.1

138.    Merck denies each and every allegation contained in paragraph 138 of the Complaint, except admits that Plaintiffs purport to quote portions of a Merck press release regarding the changes approved by the FDA and respectfully refers the Court to the referenced press release for its actual language and full context.

### RESPONSE TO "K.  MERCK ATTEMPTS TO SILENCE ITS CRITICS"

139.    Merck denies each and every allegation contained in paragraph 139 of the Complaint.

140.    Merck denies each and every allegation contained in the first sentence of paragraph 140 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 140 of the Complaint, except admits that some presentations by Dr. Singh were cancelled.  Merck denies each and every allegation contained in the third, fourth and fifth sentences of paragraph 140 of the Complaint, except admits that Plaintiffs purport to quote portions of the letters referenced in said paragraph, but Merck avers that such quotes are taken out of context.

141.    Merck denies each and every allegation contained in paragraph 141 of the Complaint, except admits that Plaintiffs purport to characterize and quote from certain statements, but respectfully refers the Court to those statements for their actual language and full context.

142.    Merck denies each and every allegation set forth in the first three sentences of paragraph 142 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck denies each and every allegation set forth in the fourth sentence of paragraph 142 of the Complaint and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology

was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPAGNA, S.A. (MSD).  Merck denies each and every allegation set forth in the fifth and sixth sentences of paragraph 142 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full context.

## RESPONSE TO "L. MERCK WRESTLES WITH ADDITIONAL STUDIES EXPOSING VIOXX'S SAFETY CONCERNS"

143.    Merck denies each and every allegation contained in paragraph 143 of the Complaint.

## RESPONSE TO "1.  THE JAMA STUDY"

144.    Merck denies each and every allegation contained in paragraph 144 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to said article for its actual language and full text.

145.    Merck denies each and every allegation contained in paragraph 145 of the Complaint, except admits that the referenced press releases exist and respectfully refers the Court to said documents for their actual language and full text.

146.    Merck denies each and every allegation contained in paragraph 146 of the Complaint, except admits that Plaintiffs purport to quote a Merck press release, but avers that the quote is taken out of context.  Merck respectfully refers the Court to the press release for its actual language and full text.

147.    Merck denies each and every allegation contained in paragraph 147 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to said article for its actual language and full text.

1001942v.1

148.     Merck denies each and every allegation contained in paragraph 148 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to said study for its actual language and full text.

149.     Merck denies each and every allegation contained in paragraph 149 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

150.     Merck denies each and every allegation contained in paragraph 150 of the Complaint.

## RESPONSE TO "2.  THE ADVANTAGE STUDY"

151.     Merck denies each and every allegation contained in paragraph 151 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

152.     Merck denies each and every allegation contained in paragraph 152 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

153.     Merck denies each and every allegation contained in paragraph 153 of the Complaint except admits that the referenced study and article exist and respectfully refers the Court to said documents for their actual conclusions and full text.

## RESPONSE TO "3.  THE KAISER PERMANENTE STUDY"

154.     Merck denies each and every allegation set forth in paragraph 154 of the Complaint, except admits that the presentation and study referenced in that paragraph exist, and respectfully refers the Court to said presentation and study for their actual language and full text.

155.    Merck denies each and every allegation set forth in paragraph 155 of the Complaint, except admits that the referenced presentation exists, and respectfully refers the Court to said presentation for its actual language and full text.

156.    Merck denies each and every allegation set forth in paragraph 156 of the Complaint, including subparagraphs (a) through (d), except admits that the referenced presentation and study exist, and respectfully refers the Court to said presentation and study for their actual language and full text.

157.    Merck denies each and every allegation set forth in paragraph 157 of the Complaint, except admits that the referenced presentation and study exist, and respectfully refers the Court to said presentation and study for their actual language and full text.

158.    Merck denies each and every allegation set forth in paragraph 158 of the Complaint, except admits that the referenced press release exists, and respectfully refers the Court to said press release for its actual language and full text.

159.    Merck denies each and every allegation set forth in paragraph 159 of the Complaint.

160.    Merck denies each and every allegation set forth in paragraph 160 of the Complaint.

## RESPONSE TO "4.  THE APPROVE STUDY"

161.    Merck denies each and every allegation contained in paragraph 161 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to said study for its actual conclusions and full text.

162.    Merck denies each and every allegation contained in paragraph 162 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External

Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

163.     Merck denies each and every allegation contained in paragraph 163 of the Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.  Merck further admits that the article referenced in the sixth sentence of paragraph 163 of the Complaint exists, and respectfully refers the Court to said article for its actual language and full text.

### RESPONSE TO "M.  MERCK'S BELATED WITHDRAWAL OF VIOXX"

164.     Merck denies each and every allegation contained in paragraph 164 of the Complaint, except admits that the referenced memorandum exists, and respectfully refers the Court to said memorandum for its actual language and full text.

165.     Merck denies each and every allegation set forth in the first two sentences of paragraph 165 of the Complaint, and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.  Merck denies each and

1001942v.1

every allegation contained in the third sentence of paragraph 165 of the Complaint, except admits that Plaintiffs purport to be referencing a November, 1999 meeting of the Data Safety Monitoring Board, and respectfully refers the Court to the minutes produced at said meeting for their actual language and full text.

166.    Merck denies each and every allegation contained in paragraph 166 of the Complaint except admits that the referenced article exists and that Plaintiffs purport to quote portions of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

167.    Merck denies each and every allegation contained in paragraph 167 of the Complaint except admits that the referenced article exists and that Plaintiffs purport to quote portions of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

168.    Merck denies each and every allegation contained in paragraph 168 of the Complaint, and respectfully refers the Court to the referenced study for its actual language and full text.

169.    Merck denies each and every allegation contained in paragraph 169 of the Complaint, and respectfully refers the Court to the referenced study for its actual language and full text.

170.    Merck denies each and every allegation contained in paragraph 170 of the Complaint, and respectfully refers the Court to the referenced study for its actual language and full text.

1001942v.1

171.   Merck denies each and every allegation contained in paragraph 171 of the Complaint, and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions

172.   Merck denies each and every allegation contained in paragraph 172 of the Complaint, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

173.   Merck denies each and every allegation contained in paragraph 173 of the Complaint, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

174.   Merck denies each and every allegation set forth in paragraph 174 of the Complaint, except admits that the advisory committee voted to allow Vioxx to be returned to the market, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

### RESPONSE TO "N.  MERCK'S INSTITUTES A CONSUMER REFUND PROGRAM THAT DOES NOT INCLUDE END-PAYORS"

175.   Merck denies each and every allegation set forth in paragraph 175 of the Complaint, except admits that Merck has posted instructions to consumers on its website regarding how to obtain a refund for unused Vioxx and respectfully refers the Court to those instructions for the full text.

### RESPONSE TO "O.  MERCK'S CONTINUED FRAUDULENT MARKETING CAMPAIGN CAUSED ACTIVE CONCEALMENT OF VIOXX' DEFICIENCIES AND INFLATED PAYMENTS BY END-PAYORS FOR VIOXX"

176.   Merck denies each and every allegation set forth in paragraph 176 of the Complaint.

- 30 -

177.    Merck denies each and every allegation set forth in paragraph 177 of the Complaint, except admits that worldwide Vioxx sales figures in 2000 exceeded $2 billion.

178.    Merck denies each and every allegation set forth in paragraph 178 of the Complaint.

179.    Merck denies each and every allegation set forth in paragraph 179 of the Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of the patients.

### RESPONSE TO "P. MERCK'S SETTLEMENT OF NUMEROUS CRIMINAL AND CIVIL LAWSUITS WITH GOVERNMENTAL AND PERSONAL INJURY CLAIMANTS"

180.    Merck denies each and every allegation set forth in paragraph 180 of the Complaint, except admits that in November 2004, Merck was advised by the staff of the SEC that it was commencing an informal inquiry concerning Vioxx and that in January 2005, Merck announced that it received notice that the SEC issued a formal notice of investigation.  Merck further admits that it received a subpoena from the U.S. Department of Justice requesting information related to the Company's research, marketing and selling activities with respect to Vioxx in a federal health care investigation under criminal statutes.  Merck denies each and every allegation contained in the remaining sentences of paragraph 180 of the Complaint..

181.    Merck denies each and every allegation set forth in the first sentence of paragraph 181 of the Complaint, except avers that it has received a subpoena from the U.S. Department of

- 31 -

Justice requesting information related to the Company's research, marketing and selling activities with respect to Vioxx in a federal health care investigation under criminal statutes.  The allegations contained in the second sentence of paragraph 181 of the Complaint are not directed at Merck and therefore no responsive pleading is required.

182.    Merck denies each and every allegation set forth in paragraph 182 of the Complaint, except admits that on November 9, 2007, Merck and the law firms that comprised the executive committee of the Plaintiffs' Steering Committee of the federal multidistrict Vioxx litigation as well as representatives of plaintiffs' counsel in state coordinated proceedings entered into a Settlement Agreement (the "November 9, 2007 Settlement Agreement") to resolve state and federal myocardial infarction and ischemic stroke claims already filed against Merck in the United States.  Merck further admits that a multidistrict litigation proceeding entitled In re Vioxx Products Liability Litigation, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon.  Merck respectfully refers the Court to the November 9, 2007 Settlement Agreement for its actual language and full text.

183.    Merck denies each and every allegation set forth in paragraph 183 of the Complaint, except admits that on or about February 7, 2008, the Department of Justice issued a press release regarding a settlement with Merck.  Merck respectfully refers the Court to said press release for its actual language and full text.

184.    Merck denies each and every allegation set forth in paragraph 184 of the Complaint, except admits that in May of 2008 Merck reached civil settlements with Attorneys General from 29 states and the District of Columbia to fully resolve investigations under state consumer protection laws related to past activities for Vioxx (the "Stipulated General

Judgment"). Merck respectfully refers the Court to the Stipulated General Judgment for its actual language and full text.

### RESPONSE TO "FIRST CAUSE OF ACTION: VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT, *N.J.S.A.* § 56:8-1 *ET SEQ.* (KNOWING CONCEALMENT, SUPPRESSION, OR OMISSION OF MATERIAL FACTS)

185.    With respect to the allegations contained in paragraph 185 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

186.    The allegations contained in paragraph 186 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 186 of the Complaint.

187.    The allegations contained in paragraph 187 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 187 of the Complaint.

188.    The allegations contained in paragraph 188 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 188 of the Complaint.

189.    Merck admits that in paragraph 189 of the Complaint Plaintiffs purport to quote a portion of the referenced Act and respectfully refers the Court to the referenced state law for its actual language and full context.

190.    Merck admits that in paragraph 190 of the Complaint Plaintiffs purport to quote a portion of the referenced Act and respectfully refers the Court to the referenced state law for its actual language and full context.

191.     Merck admits that in paragraph 191 of the Complaint Plaintiffs purport to quote a portion of the referenced Act and respectfully refers the Court to the referenced state law for its actual language and full context.

192.     Merck denies each and every allegation contained in paragraph 192 of the Complaint.

193.     Merck denies each and every allegation contained in paragraph 193 of the Complaint.

194.     Merck denies each and every allegation contained in paragraph 194 of the Complaint.

195.     The allegations contained in paragraph 195 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 195 of the Complaint.

196.     The allegations contained in paragraph 196 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 196 of the Complaint.

197.     The allegations contained in paragraph 197 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 197 of the Complaint.

198.     The allegations contained in paragraph 198 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 198 of the Complaint.

1001942v.1

199.     The allegations contained in paragraph 199 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 199 of the Complaint.

200.     Merck denies each and every allegation contained in paragraph 200 of the Complaint.

201.     Merck denies each and every allegation contained in paragraph 201 of the Complaint.

### RESPONSE TO "SECOND CAUSE OF ACTION: UNJUST ENRICHMENT"

202.     With respect to the allegations contained in paragraph 202 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

203.     The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 203 of the Complaint.

204.     The allegations contained in paragraph 204 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 204 of the Complaint.

205.     Merck denies each and every allegation contained in paragraph 205 of the Complaint.

206.     Merck denies each and every allegation contained in paragraph 206 of the Complaint.

1001942v.1

## RESPONSE TO "THIRD CAUSE OF ACTION: FRAUDULENT CONCEALMENT"

207.    With respect to the allegations contained in paragraph 207 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

208.    The allegations contained in paragraph 208 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 208 of the Complaint.

209.    Merck denies each and every allegation contained in paragraph 209 of the Complaint.

210.    Merck denies each and every allegation contained in paragraph 210 of the Complaint.

211.    The allegations contained in paragraph 211 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 211 of the Complaint.

212.    The allegations contained in paragraph 212 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 212 of the Complaint.

213.    The allegations contained in paragraph 213 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 213 of the Complaint.

1001942v.1

214.     The allegations contained in paragraph 214 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 214 of the Complaint.

215.     Merck denies each and every allegation contained in paragraph 215 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION: FRAUD"

216.     With respect to the allegations contained in paragraph 216 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

217.     The allegations contained in paragraph 217 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 217 of the Complaint.

218.     The allegations contained in paragraph 218 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 218 of the Complaint.

219.     The allegations contained in paragraph 219 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 219 of the Complaint.

220.     The allegations contained in paragraph 220 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 220 of the Complaint.

1001942v.1

221.    The allegations contained in paragraph 221 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 221 of the Complaint.

222.    Merck denies each and every allegation contained in paragraph 222 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

The unnumbered paragraph beginning with the word "WHEREFORE" which follows paragraph 222 of the Complaint does not contain allegations, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in the prayer for relief, except admits Plaintiffs purport to seek judgment and certain forms of relief, but denies there is any legal or factual basis for the relief sought.

## DEMAND FOR JURY TRIAL

## RESPONSE TO "JURY DEMAND"

223.    Merck admits Plaintiffs purport to demand a trial by jury on all claims so triable.

224.    Merck specifically denies each and every allegation set forth in the Complaint to which Merck has not otherwise admitted in the preceding paragraphs.

## AS FOR AFFIRMATIVE DEFENSES, MERCK ALLEGES:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

3.    Plaintiffs have not sustained any injury or damages compensable at law.

4.    Plaintiffs' claims are barred in whole or in part by the First and Fourteenth Amendments to the United States Constitution.

- 38 -

5.      Plaintiffs' claims are barred in whole or in part by Article 1, Section 1 of the New Jersey Constitution.

6.      To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

7.      Plaintiffs' claims are barred in whole or in part because Plaintiffs lack capacity and/or standing to bring such claims.  *Inter alia*, Plaintiffs lack standing to sue under the New Jersey Consumer Fraud Act because Plaintiffs are not consumers and did not engage in consumer transactions.

8.      Plaintiffs' claims are barred in whole or in part by the doctrine of remoteness.

9.      Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, ratification, and estoppel.

10.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have made statements or taken actions that preclude Plaintiffs from asserting claims or constitute a waiver of plaintiffs' claims.

11.     Plaintiffs' claims are barred in whole or in part by the res judicata effect of prior judgments.

12.     Plaintiffs' claims are barred in whole or in part by recoveries obtained or judgments entered in prior actions filed either by Plaintiffs or by third parties.

13.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14.     Plaintiffs' claims are barred in whole or in part from recovery by release as to Plaintiffs' claims.

15.     Plaintiffs' claims are barred in whole or in part on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

16.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to prescribing physicians.

17.     Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

18.     Plaintiffs' claims are subsumed by the New Jersey Product Liability Act.

19.     Plaintiffs' claims are barred in whole or in part by the intervening acts of third parties or other intervening causes.

20.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

21.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in the action under N.J.S.A. 2A:15-97.

22.     To the extent Plaintiffs allege claims of fraud, such claims are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity as required by Rule 4:5-8(a).

- 40 -

1001942v.1

23.     Plaintiffs' equitable claims are barred in whole or in part because Plaintiffs have an adequate remedy at law.

24.     Plaintiffs' equitable claims are barred in whole or in part by the doctrine of laches.

25.     Plaintiffs' equitable claims are barred in whole or in part by the doctrine of unclean hands.

26.     Plaintiffs' equitable claims are moot, in whole or in part.

27.     Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate damages.

28.     Plaintiffs' claims are barred in whole or in part by the voluntary payment doctrine.

29.     The claims of Plaintiffs are time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or because they are otherwise untimely.

30.     Plaintiffs' claims are barred in whole or in part from recovery, due to spoliation of evidence.

31.     Plaintiffs' claims are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

32.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

33.     Plaintiffs' claims are barred in whole or in part because there is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

- 41 -

34.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

35.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

36.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

37.     Plaintiffs' claims are barred in whole or in part under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

38.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

39.     Merck asserts all defenses available to it pursuant to N.J.S.A. 2A:58C-l, *et seq.*, otherwise known as the New Jersey Product Liability Act.

40.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

41.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

- 42 -

1001942v.1

42.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

43.     To the extent that Plaintiffs make a claim for punitive damages, Merck asserts that such plaintiffs have not complied with statutory requirements to recover punitive damages.

44.     Plaintiffs' claims are barred in whole or in part because with respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

45.     Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot show reasonable reliance as a matter of law.

46.     To the extent that Plaintiffs seek to recover only economic loss in tort, Plaintiffs' claims are barred by the economic loss doctrine.

47.     Plaintiffs cannot prove causation on an aggregate basis in this suit and allowing them to proceed in this manner would contravene Merck's due process right to a fair trial.

48.     To the extent that Plaintiffs' claims and allegations against Merck relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

49.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

50.     Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since any

1001942v.1

liability which would be found against it will be insufficient to impose joint liability.  In the alternative, the liability, if any, of Merck is limited by and pursuant to N.J.S.A. 2A:53A-l, *et seq*.

51.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

52.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, Merck respectfully prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck;

2.     Awarding Merck the costs and disbursements it incurred or may incur in connection with this action, including attorneys' fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

1001942v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: December 16, 2009                    Respectfully submitted,


                                            */s/ Dorothy H. Wimberly*
                                            Phillip A. Wittmann, 13625
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER WITTMANN
                                            L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana  70130
                                            Phone:  504-581-3200
                                            Fax:     504-581-3361

- 45 -

1001942v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of December, 2009.

*/s/ Dorothy H. Wimberly*

1001942v.1