UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|    Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| JAMES FRANKLIN on behalf of the STATE | * | SECTION L |
|    OF COLORADO, | * | |
| | * | JUDGE ELDON E. FALLON |
|                    Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
|    versus | * | KNOWLES |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
|                    Defendant. | * | |
| | * | |
| Case No. 07-2073 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS VERIFIED RESPONSE TO
DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S
COMPLAINT SHOULD NOT BE DISMISSED</u>**

Defendant Merck Sharpe & Dohme Corp. ("Merck") respectfully submits this response to Plaintiff's second notice of supplemental authority.

Plaintiff submitted notice of the recent decision in *Charlotte-Mecklenburg Hospital Authority v. North Carolina Department of Health and Human Services*, No. COA09-9, 2009 WL 3836672 (N.C. App. Nov. 17, 2009). That case observes that "[t]he Social Security Act . . . mandates that State Medicaid agencies ascertain the liability of third parties and seek reimbursement" under "42 U.S.C. § 1396a(a)(25)(A)," and that "federal regulations mandate that each State Medicaid program set up procedures to assess the legal liability of third parties." *Id.* at \*3-4 (citations, alterations, and internal quotation marks omitted).

1

The case is presumably cited in support of Plaintiff's argument that he is empowered to sue on behalf of the State of Colorado. In his briefing, Plaintiff relied upon *McCroskey v. Gustafson, Quinn & Co., Inc.*, 638 P.2d 51, 54 (Colo. 1981), which held that taxpayers may sue on behalf of municipalities (not the State) when there is an unconditional obligation for the municipality to bring suit.[1] (Opp'n, D.24,415, at 5-6.) Plaintiff argues that *McCroskey* authorizes his suit here because the State has ignored ostensibly nondiscretionary Medicaid obligations to seek reimbursement from third parties. As Merck has demonstrated and other cases have definitively held, *McCroskey* is inapposite here because it did not hold that taxpayers could sue on behalf of the State. (Reply, D.25,973, at 3-5.) And even if *McCroskey* could be cited as authority to sue on behalf of the State, Merck has shown it would not authorize such a suit here because Medicaid does not create a nondiscretionary duty to sue third parties for reimbursement. (Reply at 6-8.)

*Charlotte-Mecklenburg* does not change the analysis. It merely observes a point not in dispute – that the states are under a general obligation to "take ***all reasonable measures*** to ascertain the legal liability of third parties." 42 U.S.C. § 1396a(a)(25)(A) (emphasis added). As Merck has already explained, it is well-settled that § 1396a(a)(25)(A) does not create a nondiscretionary duty to bring an action because states retain discretion over what "reasonable measures" should be taken. (Reply at 6-7 (collecting authority).) *Charlotte-Mecklenburg* is not to the contrary, and indeed has nothing to do with that question. *See* 2009 WL 3836672, at *3-5 (explaining that Medicare has the primary payment responsibility for patients who are covered under both Medicare and Medicaid and that it is the responsibility of the provider rather than the

---

[1] The court also held that such standing may arise when the municipality exhibits "fraud, collusion, bad faith, or ultra vires acts" in choosing not to sue, but Plaintiff does not claim standing on this ground. *McCroskey*, 638 P.2d at 54.

state to seek reimbursement from Medicare when Medicaid payments have been made). Accordingly, Plaintiff's supplemental authority does not help his case. (*See also* Reply at 7 n.4 (addressing similarly inapposite supplemental authority).)

For the above reasons and those stated in Merck's prior briefing, the Court should enter an order to show cause why Plaintiff's complaint should not be dismissed in its entirety.

Dated: December 16th, 2009                                      Respectfully submitted,

/s/*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Plaintiff's Second Notice of Supplemental Authority in Support of his Verified Response to Defendant's Motion for Order to Show Cause Why Plaintiff's Complaint Should Not be Dismissed has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th of December , 2009.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel