UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   VIOXX PRODUCTS<br>              LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

### THE VIOXX LITIGATION CONSORTIUM'S MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY, OR IN THE ALTERNATIVE, RECONSIDER PRETRIAL ORDERS 49 AND 50

### I.
### INTRODUCTION

The Vioxx Litigation Consortium ("the Consortium") respectfully submits this Motion to Clarify, or in the Alternative, Reconsider, Pretrial Orders Nos. 49 and 50. This Motion is addressed solely to those cases in which the Consortium has fee agreements for, or is limited by applicable state law to recovering, less than 32% of a claimant's final payment. In those cases, Pretrial Order No. 49 has the inadvertent effect of escrowing claimant funds. This Motion asks the Court to clarify Pretrial Order No. 49 to exempt from its application particular cases in which the attorney will take a fee in an amount less than 32% of the final payment.

1

## II.
## THE NEED FOR CLARIFICATION

This Court issued Pretrial Order No. 49 on September 23, 2009, escrowing "32% of each claimant's final award from the heart attack fund pending further orders of this Court."[1] Also on September 23, the Court issued Pretrial Order No. 50, which provided a mechanism by which attorneys who did not appeal the Court's Order capping fees at 32% could recover their fees, except for 8% that is subject to the common benefit fee dispute.[2] Pretrial Order No. 50 was necessary, according to the Court, because those attorneys "have indicated that they do not and will not seek fees in an amount greater than 32%."[3] It did not, however, account for the fact that attorneys who seek fees greater than 32% in some cases may *also* have *other cases* in which they seek less than 32%.

The Consortium has 78 cases in which it "will not seek fees in an amount greater than 32%" of the final award, due to the fee agreements it has with those clients or limits imposed by applicable state law.[4] A list of the 78 Consortium clients affected by the escrowing of 32% of the final award is attached as Exhibit "A," *filed under seal*. The Court's escrow Orders freeze a portion of each one of these 78 claimants' funds.[5] Because the Court noted that it did not intend to escrow any claimants' funds,[6] the Consortium believes escrowing these claimants' funds to have been inadvertent. For that reason, the Consortium respectfully requests that the Court

---

[1] Dckt. # 24040 at 4.

[2] Dckt. # 24041.

[3] *Id.* at 1.

[4] *See* Affidavit of Grant Kaiser, attached hereto as Exhibit "B."

[5] *Id.*

[6] *See* Dckt. # 24041 at 2 ("To be clear, the entire amount held in escrow under this Order (either 32% or 8%), is for attorneys' fees and none of this amount is to be deducted from the claimants' share of the award.").

clarify its Orders to permit all settlement funds relating to these 78 cases to be released (except for 8% related to the common benefit fee dispute).

### III.
### THE COURT'S JURISDICTION TO CLARIFY PRETRIAL ORDERS 49 AND 50

This Motion presents no issue that is affected by any issue presently on appeal, either in the appeal of the Court's 32% fee capping Order (Appeal No. 09-30927), or the mandamus proceeding (Appeal No. 09-30946).

This Motion relates strictly to the Consortium's 78 cases in which attorneys' fees are less than 32% of the final payment. These cases are, therefore, not subject to, or part of Appeal No. 09-30927, appealing the 32% capping Order. "A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (per curiam). Simply put, the Consortium does not appeal the court's fee capping Order for these 78 cases, and so the Court retains jurisdiction to grant this Motion. *Id.* at 564-65 ("'the district court may proceed with matters not involved in the appeal.'") (quoting *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981)).

Nor is the Court's jurisdiction to consider this Motion affected by the Consortium's petition for writ of mandamus in Appeal No. 09-30946. The Consortium did not request, and the court of appeals did not issue, a stay of any district court proceedings pending the outcome of the mandamus proceeding.

Thus, the Court has jurisdiction to modify its prior Orders to the extent that they apply to cases in which attorneys' fees are, by agreement or applicable state law, less than 32% of the final award.

3

## IV.
## PROPOSED ORDER

This Court stated that for firms who "do not and will not seek fees in an amount greater than 32%...it is appropriate to establish a mechanism by which they may certify that they agree not to take more than 32% in attorneys' fees."[7] As noted, the Consortium does not and will not seek fees in an amount greater than 32% of the gross settlement funds available to the 78 clients identified in Exhibit "A" (sealed). However, the Court presently has no mechanism for releasing funds in these cases.

For the Court's convenience, the Consortium attaches a Proposed Order which clarifies that the Claims Administrator shall release all funds related to these 78 cases, except for 8% that is subject to the dispute over the appropriate common benefit fee assessment. Under the Court's rationale as explained in Pretrial Orders 49 and 50, cases in which the attorney does not seek more than 32% in fees require the withholding of only 8% of the gross settlement funds.[8] The Consortium's 78 cases to which this Motion applies clearly fall within that category, and entry of the Proposed Order is necessary to clarify that only 8% should be withheld in these 78 cases.

## V.
## CONCLUSION AND REQUEST FOR RELIEF

By granting this Motion, and entering the Proposed Order, this Court will ensure that no client settlement funds remain inadvertently escrowed by the Court's prior orders. Therefore, the Consortium respectfully requests that the Court grant this Motion and enter the Proposed Order.

---

[7] Dckt. # 24041 at 2.

[8] Dckt. # 24040 at 4 ("it would be appropriate to escrow only 8% of the gross fund for common benefit fees, but for the appeals and objections to the Court's order capping contingency fees at 32%.") Dckt. # 24041 at 2-3 (For firms that so certify [that they do not seek fees in an amount greater than 32%], it will be necessary to escrow only 8% of each claimants' final award until such time as the Plaintiff's Liaison Counsel's Motion for Award of Plaintiff's Common Benefit Fees is finally determined.")

4

Respectfully Submitted,

*/s/ Matthew B. Baumgartner*
JOHN J. McKETTA, III
Texas State Bar ID No. 13711500
BOYCE C. CABANISS
Texas State Bar No. 03579950
MATTHEW B. BAUMGARTNER
Texas State Bar ID No. 24062605
GRAVES DOUGHERTY HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, TX 78701
Telephone: (512) 480-5600
Facsimile: (512) 480-5816

HARRY S. HARDIN III (# 6540)
MADELEINE FISCHER (# 5575)
ERIC MICHAEL LIDDICK (# 31237)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8208
Facsimile:    (504) 589-8208

*ATTORNEYS FOR WALTER UMPHREY, JOHN EDDIE WILLIAMS, JR., DREW RANIER, MIKAL WATTS, AND GRANT KAISER ("VIOXX LITIGATION CONSORTIUM").*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657, on December 17, 2009.

/s/ Matthew B. Baumgartner
MATTHEW B. BAUMGARTNER

# Exhibit "A"

*filed under seal*

Exhibit "B"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS<br>LIABILITY LITIGATION<br><br>**This document relates to All Cases** | CIVIL ACTION<br><br>NO. 2:05-MD-01657-EEF-DEK<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br><br>DIVISION 3<br>MAGISTRATE DANIEL E. KNOWLES III |

COUNTY OF HARRIS
STATE OF TEXAS

**AFFIDAVIT OF GRANT KAISER**

Before me, the undersigned authority, on this day personally appeared GRANT KAISER, and after having been first duly sworn upon oath, states as follows:

1. My name is Grant Kaiser. I am over the age of eighteen years, of sound mind, and in all respects legally competent and duly authorized to make this affidavit. I have personal knowledge of the factual statements made herein.

2. I am one of five principal attorneys who together comprise the Vioxx Litigation Consortium ("the Consortium"). The Consortium represents almost two thousand claimants

1

enrolled in the Vioxx Resolution Program. The Consortium represents seventy-eight (78) claimants with whom it has attorney fee agreements for, or is limited by applicable state law to recovering, attorneys' fees in amounts less than 32%. These 78 claimants are identified in Exhibit A, filed under seal, attached to the Vioxx Litigation Consortium's Memorandum in Support of Motion to Modify, or in the Alternative, to Reconsider Pretrial Orders 49 and 50.

3. Each of the 78 claimants identified in Exhibit A is enrolled in, and is entitled to settlement funds through, the Vioxx Resolution Program. Because each of the 78 claimants is obligated to the Consortium for attorneys' fees in amounts less than 32% of the final award, the Court's Orders 49 and 50 escrowing 32% of the final award have escrowed a portion of each claimant's final award.

4. The Consortium believes the Court inadvertently escrowed claimant funds in these 78 cases, and files the Motion to Clarify, or in the Alternative to Reconsider Pretrial Orders 49 and 50 in order that the Court may rectify the unintended effect of its Orders with respect to these 78 cases.

FURTHER, AFFIANT SAYETH NOT.

_____
Grant Kaiser

SUBSCRIBED AND SWORN TO BEFORE ME on December 17, 2009.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

MEGHAN ELIZABETH SMITH
Notary Public, State of Texas
My Commission Expires
May 08, 2013

2