

Oasis Legal Finance, LLC 40 N Skokie Blvd, Northbrook, Illinois 60062
**P: 847-521-4427**
F: 847-521-4391
**www.oasislegal.com**

November 13, 2008

Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, VA 23219-4209

Re:  Notice of lien for Larry Long Case P-GA-85453- **$14,625.00– Valid Until January 20, 2009.**

Dear To Whom This May Concern:

Pursuant to the Purchase Agreement between Larry Long and Oasis Legal Finance, LLC, a total of **$14,625.00** is currently due and owing as of today's date, November 13, 2008. Payment is due within 10 days of your receipt of proceeds.

**This payoff amount will increase to $15,097.50 on January 21, 2009 and will continue to accrue fees until paid.**

Please send a check payable to Oasis Legal Finance, LLC to the following address:

**Oasis Legal Finance, LLC**
**40 N Skokie Blvd**
**5th Floor**
**Northbrook, IL  60062**
**Attn: Controller**
**Tax ID #331033375**

Please direct any questions or correspondence to me at 888-529-1253.

Sincerely,

Servicing & Collections

**EXHIBIT 3**

| **V2038** | **NOTICE OF ATTEMPTED LIEN**<br><br>**(Date of Notice:  3/25/2009)** |
|---|---|

Pursuant to instructions from the Parties and Article 12 of the Master Settlement Agreement ("MSA"), this Notice is in response to the attempted assertion of a Lien or other claim by a third party relating to the Program Claim of a Vioxx Program Claimant.  This Notice of Attempted Lien is being sent to the third party claimant and to the Primary Counsel representing the Vioxx Program Claimant(s) indicated below, or to a *Pro Se* Claimant directly.

## A. THIRD PARTY CLAIMANT

**Notice to the Third Party Claimant:** Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator.  Make sure you:

a) Fill out everything you can in this Section A and in Section B that has not been pre-filled.  If any pre-filled information requires correction, make those corrections on this Form.
b) Identify the specific claim or group of claims as to whom the Lien is asserted against (**Questions 5-11**);
c) Quantify the amount sought in the claim as to each Vioxx Program Claimant (**Question 12**);
d) State the basis of the claim and provide a copy of the policy or document on which it is based; and
e) Attach to this Form a copy of the insurance policy, contract, or other document that you rely upon as the basis of the lien or claim.

**WARNING:  If no response is made to this Notice within 30-days, or if an incomplete response is made, the Claims Administrator will disallow the attempted Lien and not take any other action relating to the attempted Lien.**

| 1. | **Name of Third Party Claimant** | Oasis Legal Finance, LLC | | | |
|---|---|---|---|---|---|
| 2. | **Primary Contact** | Controller | | | |
| 3. | **Mailing Address** | Street/P.O. Box<br>40 N. Skokie Blvd., 5th Floor | | | |
| | | City<br>Northbrook | | State<br>IL | Zip<br>60062 |
| 4. | **Date Claims Administrator Received Attempted Lien** | | 11/24/2008 | | |

## B. VIOXX PROGRAM CLAIMANT

| 5. | **Claimant Name**<br>(attach separate Excel list if more than one Claimant) | Last<br>Long | First<br>Larry | Middle | |
|---|---|---|---|---|---|
| 6. | **Social Security Number** | 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 | **7. Date of Birth** | | 3/6/1953 |
| 8. | **Primary Counsel** (if applicable) | The Miller Firm, LLC (PA) | | | |
| 9. | **Attorney Name** (if applicable) | Michael J. Miller   *Christopher Gomez* | | | |
| 10. | **Primary Counsel Address**<br>(if applicable) | Street/P.O. Box<br>555 East City Avenue, Suite 910 | | | |
| | | City<br>Bala Cynwyd | | State<br>PA | Zip<br>19004 |

| **V2038** | **NOTICE OF ATTEMPTED LIEN** |
|---|---|
| | **(Date of Notice:  3/25/2009)** |

**11. Check here if this attempted Lien is for an interest in the entire group of claims of the Primary Counsel identified in Question 8:**  ☐

| **12. Specify the amount claimed as to this Program Claimant or group of Claimants.** (If individual amounts are sought against a group of Claimants, indicate the amount as to each Claimant in the Excel list attached in response to Question 5.) | $18,697.50 which is good thru May 26, 2009. On May 27, 2009 the amt will increase to $19,447.50 |
|---|---|

## C. NOTICE TO PRIMARY COUNSEL OR *PRO SE* CLAIMANT

Within **30 days** from the date of this Notice, complete and return this Form to the Claims Administrator, stating:

☐   **The Affected Claimant is participating in the Vioxx Private Lien Resolution Program, and this Lien will be resolved as part of that Program.**

☐   **No objection is made to the Lien or claim asserted by this Third Party Claimant and described in this Notice.**

☐   **Primary Counsel and/or the Affected Claimant(s) object(s) to the Lien or claim asserted by this Third Party Claimant and described in this Notice.**

**WARNING:** If no objection is timely made, the Claims Administrator will withhold from Settlement payments the amount claimed by the Third Party Claimant and will pay such amounts to the Third Party Claimant.



Oasis Legal Finance, LLC 40 N Skokie Blvd, Northbrook, Illinois 60062
**P: 847-521-4427**
F: 847-521-4391
**www.oasislegal.com**

March 27, 2009

Vioxx Claims Administrator
115 S. 15th Street, Suite 400
Richmond, VA 23219-4209

      Re:    Notice of Lien for Larry Long Case P-GA-85453- **$18,697.50– Valid Until**
                  **May 26, 2009.**

To whom it may concern::

      Pursuant to the Purchase Agreement between Larry Long and Oasis Legal Finance, LLC, a
total of **$18,697.50** is currently due and owing as of today's date, March 27, 2009. Payment is due
within 10 days of your receipt of proceeds.

      **This payoff amount will increase to $19,447.50 on May 27, 2009 and will continue to**
**accrue fees until paid. Please note the following payoff schedule:**

| Next Change Date | Amount |
|------------------|-------------|
| 06/19/2009 | $20,197.50 |
| 07/21/2009 | $22,087.50 |

      Please send a check payable to Oasis Legal Finance, LLC to the following address:

              **Oasis Legal Finance, LLC**
              **40 N Skokie Blvd**
              **5th Floor**
              **Northbrook, IL  60062**
              **Attn: Controller**
              **Tax ID #331033375**

Please direct any questions or correspondence to me at 888-529-1253.

                    Sincerely,

                    Servicing Department

# PAYMENT INSTRUCTIONS

Parties: Larry Long is Seller and Oasis Legal Finance, LLC is Purchaser

Offer Date: February 25, 2008

Purchase Price to Seller:                    **$3,000.00**

Please send the purchase price to me by:

▫    A check sent in my name by U.S. First Class Mail with Delivery Confirmation (FREE); or

▫    A check sent in my name by Overnight Delivery ($28.00 deducted from purchase price-no out of pocket cost to you):

Street Address Apt/Unit # _____

City, State Zip _____

✗    Send purchase price via wire transfer to bank account in my name (3 to you ):



| Name o |
| --- |
| Bank's |
| Routing |
| Account |
| Bank's |
| Name o |

Note. The routing and account numbers may be in different places on your check.

Terms: Purchaser agrees to provide funds to the Seller as requested below by prior to Purchaser receiving full payment of the applicable Oasis Ownership / more ACH debit entries, as needed, from Seller's bank to satisfy outstanding from Purchaser are a purchase of property, not a loan, and that Purchaser own

**Oasis Ownership Amount**

| Payment Schedule | Oasis (Pay) |
| --- | --- |
| February 25, 2008 to August 24, 2008 | $4,500.00 |
| August 25, 2008 to February 24, 2009 | $4,950.00 |
| February 25, 2009 to May 24, 2009 | $6,750.00 |
| May 25, 2009 to August 24, 2009 | $7,500.00 |
| August 25, 2009 to February 24, 2010 | $8,250.00 |
| February 25, 2010 to August 24, 2010 | $9,750.00 |
| August 25, 2010 and thereafter | $10,500.00 |

In one or two sentences, please describe how we helped you during these difficult times: Great ly

_____

By signing below, I hereby agree to the terms of the Payment Instructions and understand that I am responsible for the information that I have provided on this form and that Purchaser is not responsible for any problem in delivery or transfer of funds, so long as it follows the instructions provided by the Seller.

Larry Long - Seller          Date 2/25/08          Oasis Legal Finance, LLC - Purchaser          Date 2/27/08

By:

Case ID: P-GA-85453          Alt Ver. 1.7

264896 0.0 #8483 200802251540519

## PURCHASE AGREEMENT
### PAGE 1 OF 8

| | |
|---|---|
| **Purchaser:** | Oasis Legal Finance, LLC (Oasis) |
| **Seller:** | Larry Long |
| **Purchase Price:** | $3,000.00 |

**Oasis Ownership Amount**

**Payment Schedule**

| | Oasis Ownership Amount (Payoff Amount) |
|---|---|
| February 25, 2008 to August 24, 2008 | $4,500.00 |
| August 25, 2008 to February 24, 2009 | $4,950.00 |
| February 25, 2009 to May 24, 2009 | $6,750.00 |
| May 25, 2009 to August 24, 2009 | $7,500.00 |
| August 25, 2009 to February 24, 2010 | $8,250.00 |
| February 25, 2010 to August 24, 2010 | $9,750.00 |
| August 25, 2010 and thereafter | $10,500.00 |

**IF SELLER COMPLIES WITH THIS PURCHASE AGREEMENT AND RECOVERS NOTHING FROM THE LEGAL CLAIM CITED BELOW, THEN PURCHASER SHALL RECEIVE NOTHING. SELLER IS NOT ENTITLED TO RECEIVE ANY PROCEEDS UNTIL PURCHASER HAS RECEIVED THE OASIS OWNERSHIP AMOUNT.**

**IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.5), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.6), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL, IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT, REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.**

**Fully Informed:** Seller fully understands the terms and conditions of this eight (8) page Purchase Agreement. Seller has had an opportunity to read this Purchase Agreement and to consult with such advisors as Seller deems appropriate, including attorneys and tax advisors. Seller has not relied on any statement, assurance, representation or warranty, whether written or oral, of Purchaser or any other person in connection with Seller's decision to enter into this Purchase Agreement.

**SELLER:** Larry Long     **Address:** mailing   PO Box 2335 Woodstock GA
308 Belshen Circle, Woodstock, GA 30188 OX
336 Burdock Tree Woodstock GA     30188

**Home Phone:** 770 6273864   **Work Phone:** _____   **Other Phone:** _____

**Drivers License #:** 053355719   **State Issued:** GA   **SS #:** _____   **Date of Birth:** 02/06/1953

**Legal Claim:** personal injury or other claim that is currently being pursued by my attorney Christopher a. Gomez. (See Section 1.1 for complete definition)

Seller sells and assigns all of Seller's right, title and interest in and to the Purchased Interest to Purchaser, and Purchaser purchases the Purchased Interest from Seller on the terms and conditions provided in this Purchase Agreement. The purchase of the Purchased Interest shall entitle Purchaser to receive the Oasis Ownership Amount (See above and Section 1.2). As consideration for the sale of the Purchased Interest, Purchaser shall pay the Purchase Price to Seller. Capitalized terms have the meanings set forth in Section 1 of this Purchase Agreement.

I certify that I have read and agree to the statements above and the entire Purchase Agreement consisting of eight (8) pages. I agree to be bound by the terms and conditions of this Purchase Agreement. This Agreement shall not be effective until the Purchase Price is paid to Seller.

| | | | |
|---|---|---|---|
| Seller's Signature | Date | Purchaser' Signature | Date |
| | 2/25/08 | | 3/27/08 |
| Larry Long | | Oasis Legal Finance, LLC | |

Case ID: P-GA-45453   All Ver. 1.7

204896 0.0 86453 ZEIRU22515461.9

# PURCHASE AGREEMENT
### PAGE 2 OF 8

**Background**

Seller is the plaintiff in the Legal Claim. In order to ensure the receipt of some proceeds in connection with the Legal Claim without regard to its outcome, Seller desires to sell an interest in the Proceeds to Purchaser. Purchaser desires to purchase an interest in the Proceeds from Seller of the Legal Claim.

**SECTION 1.     DEFINITIONS.**

1.1     "**Legal Claim**" means (a) the pending legal action and/or lawsuit to obtain money or property in which the Seller is engaged as a result of injuries and/or damages arising out of a personal injury or other claim; (b) all applicable proceedings, proceedings on appeal or remand, enforcement, ancillary, parallel, or alternative dispute resolution proceedings and processes arising out of or relating to such case; (c) any other proceedings founded on the underlying facts giving rise to such case in which Seller is a party; and (d) any arrangements made with Seller with another party to such case which resolves any of the Seller's claims against such party.

1.2     "**Oasis Ownership Amount**" is the amount Purchaser is to be paid out of the Proceeds and as determined as of the date Purchaser receives payment based on the Payment Schedule on Page 1 of this Purchase Agreement.

1.3     "**Present Value**" means, with respect to any payment received by Purchaser, the present value of the amount of such payment, discounted at the rate of 17% per annum (compounding annually on a 365 days year basis) from the date on which such payment is received by Purchaser to the date on which the Oasis Ownership Amount is determined.

1.4     "**Proceeds**" means all property or things of value payable on account of the Legal Claim including, without limitation, cash, negotiable instruments, contract rights, annuities and securities whether obtained by judgment, settlement, arbitral award or otherwise. Without limitation of the foregoing, "Proceeds" shall include a reasonable estimate of the monetary value of all non-cash benefits receivable by Seller on account of the Legal Claim.

1.5     "**Purchased Interest**" means the right to receive a portion of the Proceeds equal to the Oasis Ownership Amount on the further terms and conditions provided for in this Purchase Agreement.

1.6     "**Purchaser**" means Oasis Legal Finance, LLC (Oasis).

1.7     "**Seller**" means Larry Long.

1.8     "**Seller's Attorney**" means, collectively, Christopher s. Gomez, Esq., which is Seller's attorney(s) in respect of the Legal Claim and any substitute, new or additional attorney representing Seller in the Legal Claim.

**SECTION 2.     SELLER'S STATEMENTS.** Seller states to Purchaser as follows:

2.1     **Title; Capacity.** Seller believes the Legal Claim to be meritorious and filed in good faith. Seller is the plaintiff in the Legal Claim and has full right, title and interest in, to and under the Legal Claim and the Proceeds. Seller has the capacity and authority to enter into this Purchase Agreement and perform Seller's obligations set forth in this Purchase Agreement.

2.2     **Effect of Purchase Agreement; Binding and Enforceable.** The execution, delivery and performance of this Purchase Agreement and the obligations set forth in this Purchase Agreement do not conflict with, or result in the breach or termination of, any provision of, or constitute a default under, any instrument or Purchase Agreement to which Seller is a party. This Purchase Agreement constitutes the legal, valid and binding Purchase Agreement of Seller, enforceable in accordance with its terms.

2.3     **Information True, Complete and Correct.** Seller has provided Purchaser with true, correct and complete copies of all documents in connection with Purchaser's examination of the Legal Claim. Seller has truthfully and completely responded to all questions asked by Purchaser in connection with the Legal Claim. Seller has informed Purchaser of the status of all actions, facts and circumstances that materially affect or impair the Legal Claim, Seller's rights in connection with the Legal Claim or the amount of the Proceeds. All documents and responses provided to Purchaser do not

||||||| ||||||||||||||||||||||||||||||||||||||||||||||
284995 0.0 85453 X00022251 54519          Case ID: P-GA-85453                    All Ver. 1.7

## PURCHASE AGREEMENT
### PAGE 3 OF 8

make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**SECTION 3.** **SELLER'S ACKNOWLEDGEMENTS.** Seller acknowledges the following:

**3.1** **Risk of Loss; No Loan Transaction.** The purchase of the Purchased Interest and the other transactions contemplated by this Purchase Agreement involve a substantial economic risk and a bona fide risk of loss to Purchaser. The Oasis Ownership Amount has been negotiated to account for such risk. The sale and assignment of the Purchased Interest is an absolute assignment and not a loan secured by a collateral assignment of the Purchased Interest.

**3.2** **No Attorney-Client Relationship; No Obligations with Respect to Legal Claim.** Purchaser is not engaged in the practice of law and is not serving as Seller's attorney. Purchaser's sole obligation under this Purchase Agreement is to pay the Purchase Price hereunder. Purchaser does not assume or have any responsibility or obligation of any kind whatsoever to Seller or Seller's Attorney in connection with the Legal Claim, including, without limitation, any obligation to pay court costs or other expenses.

**3.3** **No Direction as to Use of Purchase Price.** Purchaser has imposed no conditions on Seller's use of the Purchase Price.

**3.4** **No Previous Assignment.** Seller has not sold, assigned, pledged, transferred, or encumbered any interest in the Legal Claim or the Proceeds. There are no pending or threatened claims, liens, assignments, encumbrances or judgments against Seller or Seller's assets that would materially impair the value, priority or collectibility of the Proceeds payable to Seller in connection with the Legal Claim or the amounts owed to Purchaser pursuant to this Purchase Agreement.

**SECTION 4. PURCHASER'S ACKNOWLEDGEMENT.**

**4.1** **Purchaser's Acknowledgment.** Purchaser acknowledges and agrees that Purchaser shall have no right to and will not make any decisions with respect to the conduct of the Legal Claim or any settlement or resolution thereof and that the right to make such decisions remains solely with Seller and Seller's Attorney.

**SECTION 5. SELLER'S AGREEMENTS.** Seller agrees as follows:

**5.1** **Treatment of Transaction.** Seller agrees to treat and report the sale and purchase of the Purchased Interest as a sale transaction and not as a loan for all purposes (including tax purposes).

**5.2** **Treatment in Bankruptcy.** If Seller commences or has commenced against it any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment of the full Oasis Ownership Amount to Purchaser, Seller shall cause the Purchased Interest to be described as an asset of Purchaser (and not as a debt obligation of Seller) in any oral or written communications, including, without limitation, any schedule or other document filed in connection with such case or proceeding.

**5.3** **No Further Assignment.** Seller shall not sell, assign, pledge, or transfer (whether voluntarily, by operation of law or otherwise) any interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser, except for transfers by intestate due to Seller's death. In the event an interest in the Legal Claim or the Proceeds is transferred by intestate due to Seller's death, Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller shall not permit or grant any security interest, lien, or encumbrance to attach to Seller's interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser.

**5.4** **Prosecution of Claim.** Seller intends to use its best efforts to prosecute the Legal Claim and to bring the Legal Claim to good faith settlement or final judgment. Upon settlement or final judgment, Seller shall use its best efforts to enforce collection of all sums due pursuant to any judgment or other award made with respect to the Legal Claim.

**5.5** **Requests for Information.** At Purchaser's reasonable request, Seller agrees (and Seller's Attorney is authorized by Seller) to provide to Purchaser copies of non-privileged materials including: (a) pleadings, notices, orders, motions, briefs or other documents filed in the Legal Claim by any person or party, (b) correspondence, Purchase Agreements,

Case ID: P-GA-85453

264885 0.0 85453 20080225164519

All Ver. 1.7

## PURCHASE AGREEMENT
### PAGE 4 OF 6

or written proposals, or written summaries of any oral Purchase Agreements or proposals, from or to Seller or Seller's Attorney or the Proceeds, (c) all medical records of Seller or information regarding any medical lien, and (d) documents relating to any other material developments with respect to the Legal Claim or the Proceeds.

    5.6    **Mandatory Documents and Reports of Supplementary Information.** Seller shall provide Purchaser with prompt written notice of: (a) any receipt by Seller or Seller's Attorney of Proceeds and (b) any notices of or documents evidencing any receipt of payments or promises to make payments on account of the Legal Claim.

    5.7    **Facilitation of Payments.** If Seller's Attorney or any other person possesses Proceeds that are payable to Purchaser, Seller shall execute and deliver such documents or other instruments and take such other actions as may be reasonably requested by any person to direct or otherwise facilitate the payment of such Proceeds to Purchaser.

    5.8    **Substitution of Attorneys in the Legal Claim.** If Seller determines to hire new or additional attorneys to represent Seller in the Legal Claim, Seller agrees that, prior to such hiring, Seller shall (a) provide Purchaser with written notice of such determination and (b) deliver a copy of the Irrevocable Letter of Direction to such new or additional attorney, (c) require such new or additional attorney to execute and deliver to Purchaser an Attorney Acknowledgement of the Irrevocable Letter of Direction. Any such new or additional attorney(s) shall be considered part of "Seller's Attorney in the Legal Claim" upon such hiring for all purposes of this Agreement.

    5.9    **Restrictive Agreement.** Seller shall use reasonable efforts not to enter into any settlement agreement or covenant that restricts Purchaser's access to (or Seller's obligation to provide to Purchaser) information relating to the Proceeds or any settlement in connection therewith.

    5.10    **Waiver of Defenses.** Seller waives any and all defenses with respect to the sale of the Purchased Interest and agrees not to avoid payment of any Proceeds that are payable to Purchaser. Seller has not, and shall not, directly or indirectly, in any manner, delay, seek to prevent, impair or frustrate the rights granted to Purchaser under this Purchase Agreement or payment of the Purchased Interest sold to Purchaser.

## SECTION 6. PAYMENT AND PRIORITY.

    6.1    **Priority Payment to Purchaser.** Purchaser and Seller acknowledge that the Purchased Interest may be worthless. Purchaser accepts the risk of loss with respect to the Purchased Interest. Seller's obligation to make payments to Purchaser pursuant to this Purchase Agreement is limited to amounts recovered by Seller in the Legal Claim unless Seller defaults under this Purchase Agreement. The Oasis Ownership Amount shall be determined as of the date Oasis receives payment in full from or on behalf of Seller. Seller shall not be entitled to receive any Proceeds until Purchaser has received the Oasis Ownership Amount. Purchaser shall have the option, but not the obligation, to accept non-cash consideration on account of the Oasis Ownership Amount and may require Seller to accept non-cash consideration while Purchaser receives cash consideration. If the Proceeds are insufficient to pay the Oasis Ownership Amount in full, Purchaser shall receive all of the Proceeds, subordinate to only attorneys' fees and costs and medical liens. In any settlement of the Legal Claim where non-cash consideration is being paid to Seller, Seller agrees to use its reasonable best efforts to cause the adverse party in the Legal Claim to include sufficient cash to pay the Oasis Ownership Amount to Seller in full upon the initial payment of Proceeds.

    6.2    **Timely Payment.** All amounts owing to Purchaser on account of the Purchased Interest shall be paid to Purchaser to the extent that Proceeds from the Legal Claim are available to make payments to Purchaser. Seller shall pay such amounts to Purchaser within ten days of receipt of the Proceeds in the Legal Claim by Seller or Seller's Attorney, whichever occurs first. Amounts that are not paid in this timely manner shall earn interest at the highest rate permitted by law until paid in full.

    6.4    **Costs of Collection.** In addition to the Oasis Ownership Amount, all costs and expenses incurred by Purchaser in collecting the Oasis Ownership Amount shall be and become an additional amount owed to Purchaser pursuant to this Purchase Agreement including legal fees and expenses.

    6.5    **Power of Attorney.** Seller irrevocably designates, makes, constitutes and appoints Purchaser (and all persons or entities designated by Purchaser) as Seller's true and lawful agent and attorney-in-fact for all matters relating to this agreement and the collection of payments due under this agreement and during the continuation thereof, with power, without

||||||| barcode |||||||
234555 0.0 53453 1000022151 5451 S

Case ID: P-GA-23453

All Ver. 1.7

# PURCHASE AGREEMENT
### PAGE 5 OF 8

notice to Seller, and at such time or times as Purchaser, in its sole and absolute discretion, may determine, in Seller's or Purchaser's name: (a) to provide Seller's Attorney with irrevocable written instructions that the Oasis Ownership Amount be paid directly to Purchaser in accordance with the terms of this Purchase Agreement; and (b) to do all acts and things necessary, in Purchaser's sole discretion, to fulfill Seller's obligations under this Purchase Agreement.

     **6.6**     **Manner of Payment.** All amounts payable to Purchaser pursuant to this Purchase Agreement shall be paid to Purchaser at the address for Purchaser provided in this Purchase Agreement or as otherwise provided by notice to Seller from Purchaser. Cash amounts shall be paid by check, in immediately available funds.

     **6.7**     **Installment Payments.** In the event the Proceeds are received by Seller or Seller's Attorney in two or more installment payments and the cash portion of the initial installment is less than the Oasis Ownership Amount (and Purchaser does not elect to satisfy the deficiency by any non-cash consideration available), the Present Value of each future installment payment received by Purchaser (and not the dollar amount of such payment) shall be applied to reduce the portion of the Oasis Ownership Amount remaining due to the Purchaser.

## SECTION 7.  EVENT OF DEFAULT; SPECIFIC DEFAULT; RIGHT OF RESCISSION.

     **7.1**     **Event of Default.** The breach by Seller of any of Seller's obligations under this Purchase Agreement shall constitute an "Event of Default" hereunder. In an Event of Default, Purchaser shall have all rights, powers, and remedies provided in the Purchase Agreement and as allowed by law or in equity.

     **7.2**     **Specific Default.** IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.5), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.6), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.5), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

     **7.3**     **Seller's Right of Rescission. CONSUMER'S RIGHT TO CANCELLATION:  YOU MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE THE PURCHASE PRICE FROM PURCHASER.**

**TO CANCEL THIS AGREEMENT, YOU MUST EITHER:**

     **(I)**     **RETURN THE FULL AMOUNT OF THE PURCHASE PRICE TO PURCHASER BY DELIVERING THE UNCASHED CHECK TO PURCHASER IN PERSON WITHIN FIVE (5) BUSINESS DAYS; OR**

     **(II)**     **MAIL NOTICE OF CANCELLATION ALONG WITH REPAYMENT (EITHER BY RETURN OF PURCHASER'S UNCASHED CHECK, REGISTERED OR CERTIFIED CHECK, OR MONEY ORDER) BY INSURED, REGISTERED OR CERTIFIED U.S. MAIL, POSTMARKED ON OR WITHIN FIVE (5) BUSINESS DAYS OF RECEIVING THE PURCHASE PRICE, TO PURCHASER'S ADDRESS AS SET FORTH IN SECTION 8.5 BELOW.**

## SECTION 8.  MISCELLANEOUS.

     **8.1**     **Expenses.** Except as otherwise provided in Section 8.11, all legal and other costs and expenses incurred in connection with this Purchase Agreement and the transactions contemplated hereby shall be paid by the party incurring such expenses.

     **8.2**     **Survival of Representations.** All of the representations, warranties, covenants and Purchase Agreements of the parties hereto contained in this Purchase Agreement or contained in any document furnished or to be furnished hereunder

Case ID: P-CIA-85453                                           All Ver. 1.7

284895 0.5 85453 20080225154319

## PURCHASE AGREEMENT
### PAGE 6 OF 8

shall survive the date of this Purchase Agreement.

    **8.3**    **Notices.** All notices and other communications given or made pursuant to this Purchase Agreement shall be in writing. All such notices or communications shall be deemed to have been given or made delivered personally or sent by registered or certified mail (postage prepaid, return receipt requested) or delivered by reputable overnight courier to the parties at the following addresses:

if to Purchaser, to:    Oasis Legal Finance, LLC
                40 North Skokie Blvd, Suite 500
                Northbrook, Illinois 60062
                Attn:    Controller

and if to Seller, to the address set forth on the first page of this Purchase Agreement, or at such other addresses as either of the parties hereto shall have specified in writing to the other.

    **8.4**    **Further Assurances.** Seller shall, at any time, and from time to time after the date hereof, upon request of Purchaser, do, execute, acknowledge and deliver, or cause to be done, executed, acknowledged and delivered, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances as may be reasonably required to carry out the terms of this Purchase Agreement and the transactions contemplated in this Purchase Agreement.

    **8.5**    **Financing Statements and Additional Documents.** Seller irrevocably authorizes Purchaser at any time and from time to time to file in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto. Purchaser may indicate the following information in such financial statements and amendments: (a) Purchaser's ownership interest in the Legal Claim; (b) that a portion of the proceeds that are derived from the Legal Claim are owned by Purchaser; and (c) any other information required, in Purchaser's discretion, by the Uniform Commercial Code in any relevant jurisdiction. Seller agrees to furnish any information reasonably requested by Purchaser to facilitate the objectives of this Section 8.5.

    **8.6**    **Release to Contact Third Parties.** As part of this Purchase Agreement it may be necessary to disclose information to third parties. Seller explicitly and irrevocably authorizes Purchaser to disclose any information to third parties as it deems appropriate. Seller releases Purchaser from any and all liability as a result of the release of any information.

    **8.7**    **Cumulative Rights.** Each and all of the various rights, powers, and remedies of the parties set forth in this Purchase Agreement shall be considered as cumulative, with and in addition to any other rights, powers, or remedies of such party. No one such right, power, or remedy is or shall be exclusive of the others or is exclusive of any other rights, powers, and remedies allowed by law or in equity. The exercise, partial exercise, or non-exercise of any rights, powers, or remedies shall not constitute either the election, nor the waiver, of any other rights, powers, or remedies. All rights, powers, and remedies of the parties shall survive the termination of this Purchase Agreement.

    **8.8**    **Waiver.** Any waiver by any party of its rights under this Purchase Agreement shall be in writing and signed by the party waiving such rights. The failure of either party to enforce, at any time, any of the provisions of this Purchase Agreement or any of the rights set forth in this Purchase Agreement, shall in no way be considered a waiver of such provisions, rights, or subsequent breaches thereof.

    **8.9**    **Headings; Number and Gender.** The sections and other headings contained in this Purchase Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Purchase Agreement. References to the singular or plural shall include the other and references to the masculine, feminine and neuter genders shall include the others, as appropriate.

    **8.10**    **Entire Agreement.** This Purchase Agreement constitutes the entire agreement between the parties and supersedes all other prior agreements and understandings, both oral and written, between the parties, with respect to the subject matter of this Purchase Agreement. This Purchase Agreement may only be modified or supplemented by a written amendment executed by all of the parties hereto.

204998 2.0 85453 20080225154519            Case ID: P-OA-85453            All Ver. 1.7

02/25/2008 21:48 FAX                                                                              ☐ 010/013

## PURCHASE AGREEMENT
PAGE 7 OF 8

**8.11    Governing Law and Forum.** This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement, shall be governed, construed and enforced in accordance with the laws of the State of Georgia.

The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

Each of the parties to the Contract further irrevocably consents to the service of process out of the Circuit Court of Cook County, Illinois by mailing copies thereof by Registered or Certified United States mail, postage prepaid, to each of the parties of the Purchase Agreement at its address specified in this Contract.

**8.12    Waiver of Jury Trial, Consolidation and Class Action; Costs.**

THE PARTIES HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY. THE PARTIES ALSO WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY WITH ANY PROCEEDING ON ANY LAWSUITS, DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.

THE PREVAILING PARTY IN ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY SHALL BE ENTITLED TO ALL REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND DISBURSEMENTS WITH RESPECT TO SUCH LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY.

**8.13    Attorneys' Fees.** In the event of a failure by any party to comply with the terms of this Purchase Agreement, the breaching party will pay all costs and expenses, including reasonable attorneys' fees, costs and expenses, incurred by the non-breaching party as a consequence of breaching party's failure to comply with this Purchase Agreement.

**8.14    Counterparts and Facsimile Signatures.** This Purchase Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same Purchase Agreement. This Purchase Agreement shall be deemed duly executed by Seller and Purchaser, respectively, upon the delivery of all of their respective executed signature pages by facsimile transmission to Seller or its attorney and Purchaser, as the case may be.

**8.15    Assignment; Use of Information.** Purchaser's rights and obligations under this Purchase Agreement may be assigned in its sole discretion without the consent of or notice to Seller. Seller's rights and obligations under this Purchase Agreement may not be assigned or transferred without the written consent of Purchaser, except for transfer by intestate due to Seller's death in which case Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller agrees that Purchaser may share information that Purchaser obtained about Seller (whether from Seller or other person or entity) with potential assignees to whom Purchaser may assign its rights and obligations under this Purchase Agreement, provided that: (i) such information is reasonably necessary to allow a potential assignee to make an informed decision whether to take assignment from Purchaser; and (ii) Purchaser enters into an appropriate confidentiality Purchase Agreement with any such potential assignee.

**8.16    No Third Party Beneficiaries; Successors and Assigns.** Subject to the provisions of Section 8.15, (a) this Purchase Agreement is solely for the benefit of Purchaser and Seller; and (b) this Purchase Agreement shall be binding upon and inure to the benefit of the parties' successors, heirs, estates, executors, personal representatives and permitted assigns.

294905 0.0 85453 20080225194819          Case ID: P-GA-85453                    All Ver. 1.7

# PURCHASE AGREEMENT
### PAGE 8 OF 8

**8.17    Severability.** If any provision of this Purchase Agreement or the application of any such provision to any party or circumstance shall be determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Purchase Agreement, or the application of such provision to such party or circumstances other than those to which it is so determined to be invalid or unenforceable, shall not be affected, and each provision of this Purchase Agreement shall be enforced to the fullest extent permitted by law. If any such court of competent jurisdiction declares that any term or provision of this Purchase Agreement is invalid or unenforceable, the parties hereto agree that such court shall have the power to modify the scope of such term or provision, to delete specific words or phrases, and to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable, and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Purchase Agreement shall be enforceable as so modified.

**8.18    Legal Representation.** Seller understands and acknowledges that: (a) Purchaser has recommended that Seller engage an attorney in connection with the execution and delivery of this Purchase Agreement; and (b) Seller has been represented by or has had the opportunity to be represented by an attorney of Seller's choosing in connection with the execution and delivery of this Purchase Agreement.

**8.19    Construction.** Without limitation of the provisions of Section 8.18, both parties have been represented by or have had the opportunity to be represented by an attorney of their choosing in connection with the execution and delivery of this Purchase Agreement. The parties intend that this Purchase Agreement be deemed to have been prepared by all of the parties and that no party shall be entitled to the benefit of any favorable interpretation or construction of any term or provision hereof under any rule or law with respect to the construction of this Purchase Agreement.

[Remainder of page intentionally left blank]

Case ID: P-GA-85453

All Ver. 1.7

**IRREVOCABLE LETTER OF DIRECTION**
Sent by Fax to (610) 660-0628 and by US Mail

February 25, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004



Dear Christopher a. Gomez,

I, Larry Long, hereby irrevocably direct Christopher a. Gomez or any subsequent attorney(s) and law firms that may represent me, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Oasis Ownership Amount per the Purchase Agreement I have executed with Oasis Legal Finance, LLC, before releasing any funds to me. If any dispute arises over the amount owed Oasis, I instruct you **NOT** to release any funds to me until that dispute is resolved. If a dispute is sent in my name, I hereby grant you a limited, irrevocable power of attorney to endorse and deposit my check into your trust account and pay Oasis Legal Finance, LLC, in full, before releasing any funds to me.

I have read the Purchase Agreement and fully understand my obligations. I understand that Oasis has relied on this Irrevocable Letter of Direction to fund the Purchase Agreement, that the purchase price is $3,000.00, and that the Oasis Ownership Amount will increase based on a multiple of the purchase price and the date Oasis receives payment per the Purchase Agreement. In the event that you no longer represent me, I instruct you to provide Oasis with any insurance, attorney or other information requested that will allow it protect its interest and to follow ~~irrevocable instructions. This letter may be executed in counterparts, each of which shall be deemed an original and all~~ shall together constitute on agreement. By signing the acknowledgement below, you acknowledge that this letter is ~~and that you comply with this Irrevocable Letter of Direction.

Sincerely,

_____
**Larry Long**

ERROR
NO LIENS   CAG
**ATTORNEY ACKNOWLEDGMENT**   2/28/08

- I, Christopher a. Gomez, Esq., acknowledge receipt of this Letter from my client.
- My fee agreement is on a contingency basis and there are liens (exclusive of attorneys fees and costs) against the case of approximately _____, and I will honor my client's irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees, costs and appropriate medical liens as per instructions above.
- I fully expect and anticipate that any settlement check will be sent to me from the defendant and/or insurance company, and not to the Plaintiff, and I agree that all disbursements of funds, including plaintiff's share of proceeds, will be through my attorney trust account.
- To the best of my knowledge, Larry Long has **NOT** received ~~previous cash advances on his/her legal claim(s).
- Without the prior written consent of Oasis Legal Finance ~~will not participate in or acknowledge any future cash advances for Larry Long.

_____
Christopher a. Gomez, Esq.

ow should we contact your office for case updates?

Cgomez @ doctoratlaw.com
E-mail is Preferred (or Fax Number)

||||||| |||| ||||||||| |||||| ||| |||||| ||||| |||| | || ||
284985 0.0 85453 20080225154519     Case ID: P-GA-85453     All Ver. 1.7

## IRREVOCABLE LETTER OF DIRECTION
Sent by Fax to (610) 660-0628 and by US Mail

February 25, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

Dear Christopher a. Gomez,

I, Larry Long, hereby irrevocably direct Christopher a. Gomez or any subsequent attorney(s) and law firms that may represent me, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Oasis Ownership Amount per the Purchase Agreement I have executed with Oasis Legal Finance, LLC, before releasing any funds to me. If any dispute arises over the amount owed Oasis, I instruct you NOT to release any funds to me until that dispute is resolved. If a check is sent in my name, I hereby grant you a limited, irrevocable power of attorney to endorse and deposit my check into your trust account and pay Oasis Legal Finance, LLC, in full, before releasing any funds to me.

I have read the Purchase Agreement and fully understand my obligations. I understand that Oasis has relied on this Irrevocable Letter of Direction to fund the Purchase Agreement, that the purchase price is $3,000.00, and that the Oasis Ownership Amount will increase based on a multiple of the purchase price and the date Oasis receives payment per the Purchase Agreement. In the event that you no longer represent me, I instruct you to provide Oasis with any insurance, attorney or other information requested that will allow it to protect its interest and to follow my irrevocable instructions. This letter may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute an agreement. By signing the acknowledgement below, you acknowledge that this letter is from me and that you comply with this Irrevocable Letter of Direction.

Sincerely,

X _Larry Long_
Larry Long

### ATTORNEY ACKNOWLEDGMENT

- I, Christopher a. Gomez, Esq., acknowledge receipt of this Letter from my client.
- My fee agreement is on a contingency basis and there are liens (exclusive of attorneys fees and costs) against the case of approximately $_____, and I will honor my client's irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees, costs and appropriate medical liens as per instructions above.
- I fully expect and anticipate that any settlement check will be sent to me from the defendant and/or insurance company, and not to the Plaintiff, and I agree that all disbursements of funds, including plaintiff's share of proceeds, will be through my attorney trust account
- To the best of my knowledge, Larry Long has NOT received any previous cash advances on his/her legal claim(s).
- Without the prior written consent of Oasis Legal Finance, LLC, I will not participate in or acknowledge any future cash advances for Larry Long.

How should we contact your office for case updates?

_____                    _____
Christopher a. Gomez, Esq.                          E-mail is Preferred (or Fax Number)

02/25/2008 Mon 16:50          Oasis Legal Finance   (847) 521-4316                    ID: #31256  Page 15 of 15

# **Oasis** Legal Finance

# NOTICE OF LIEN AND ASSIGNMENT

February 25, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

RE:   OUR CLIENT: Larry Long
      OUR CASE ID: P-GA-85453

Dear Christopher a. Gomez,

Oasis Legal Finance LLC has entered into a Purchase Agreement (attached) with Larry Long. Oasis Legal
Finance has purchased an interest in the potential proceeds from the legal claim of Larry Long.

**PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM THE CLIENTS
PORTION OF THE SETTLEMENT, JUDGEMENT OR OTHER RESOLUTION UNTIL OUR
PURCHASED INTEREST HAS BEEN SATISFIED.**

### OASIS OWNERSHIP AMOUNT

| Payment Schedule | Oasis Ownership Amount (Payoff Amount) |
|---|---|
| February 25, 2008 to August 24, 2008 | $4,500.00 |
| August 25, 2008 to February 24, 2009 | $4,950.00 |
| February 25, 2009 to May 24, 2009 | $6,750.00 |
| May 25, 2009 to August 24, 2009 | $7,500.00 |
| August 25, 2009 to February 24, 2010 | $8,250.00 |
| February 25, 2010 to August 24, 2010 | $9,750.00 |
| August 25, 2010 and thereafter | $10,500.00 |

Please call (866) 206-4800 (Press Option 6) or by fax at (847) 521-4392 to receive more information
about payment.

40 North Skokie Blvd, Suite 500, Northbrook, IL 60062
Phone (866) 206-4800 – Fax (847) 521-4392

284805 0.0 85453 20080225154518          Case ID: P-GA-85453               All Ver. 1.7

02/25/2008 21:43 FAX                                                                     003/013

# **Oasis Legal Finance**

## INFORMATION RELEASE

Oasis Legal Finance, LLC may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

PLEASE READ CAREFULLY: BY MY SIGNATURE BELOW, I hereby authorize, without any reservation any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by Oasis Legal Finance, LLC or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction and at any time after the transaction until I have completely satisfied my obligations under the agreement.

This authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act (FCRA).

Upon written request, we will tell you whether we have obtained a credit report and, if so, the name and address of the credit reporting agency that provided it. We also request that by signing below, you certify the information provided by you to Oasis Legal Finance, LLC in your application and underwriting process is true, accurate and complete.

Additionally, I the undersigned, direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Oasis Legal Finance, LLC ("Oasis"), or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections. A copy and/or facsimile of this authorization bearing the signature of the undersigned shall be deemed to be the equivalent of the original.

I certify that the information provided by me to Oasis in my application is true, accurate, and complete.

Signature
Larry Long

Date
432 04 7254
Social Security Number

770 627-3864
Telephone Number

03/06/1953
Date of Birth

336 Burdock Trace  Woodstock  GA  30188
Street Address          City          State  Zip Code
P O Box 2335  Woodstock, GA 30188 mailing

Case ID: P-GA-85453                         All Ver. 1.7

**Oasis** Legal Finance

# NOTICE OF LIEN AND ASSIGNMENT

February 25, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

RE:    OUR CLIENT: **Larry Long**
        OURCASE ID: **P-GA-85453**

Dear Christopher a. Gomez,

Oasis Legal Finance LLC has entered into a Purchase Agreement (attached) with Larry Long. Oasis Legal Finance has purchased an interest in the potential proceeds from the legal claim of Larry Long.

**PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM THE CLIENTS PORTION OF THE SETTLEMENT, JUDGEMENT OR OTHER RESOLUTION UNTIL OUR PURCHASED INTEREST HAS BEEN SATISFIED.**

### OASIS OWNERSHIP AMOUNT

| Payment Schedule | Oasis Ownership Amount (Payoff Amount) |
|---|---|
| February 25, 2008 to August 24, 2008 | $4,500.00 |
| August 25, 2008 to February 24, 2009 | $4,950.00 |
| February 25, 2009 to May 24, 2009 | $6,750.00 |
| May 25, 2009 to August 24, 2009 | $7,500.00 |
| August 25, 2009 to February 24, 2010 | $8,250.00 |
| February 25, 2010 to August 24, 2010 | $9,750.00 |
| August 25, 2010 and thereafter | $10,500.00 |

**Please call (866) 206-4800 (Press Option 6) or by fax at (847) 521-4392 to receive more information about payment.**

**40 North Skokie Blvd, Suite 500, Northbrook, IL 60062**
**Phone (866) 206-4800 – Fax (847) 521-4392**
@F211 1 (610) 660-0628 @
@F307 P-GA-85453 @
@F201 336018 @

03/18/08   19:29   PUBLIX #636 → 6263040833                NO.259   004

## PAYMENT INSTRUCTIONS

Parties:  Larry Long is Seller and Oasis Legal Finance, LLC is Purchaser

Offer Date:  March 18, 2008

Purchase Price to Seller:                **$3,000.00**

Please send the purchase price to me by:

☐   A check sent in my name by U.S. First Class Mail with Delivery Confirmation (FREE); or

☑   A check sent in my name by Overnight Delivery ($28.00 deducted from purchase price-no out of pocket cost to you):

Street Address Apt/Unit # _____

City, State Zip _____

☑   Send purchase price via wire transfer to bank account in my name ($37.0 to you ):



| | |
|---|---|
| Name of Ba |
| Bank's City, |
| Routing/AB |
| Account Num |
| Bank's Phon |
| Name on Acc |

Note: The routing and account numbers may be in different places on your check.

Terms:  Purchaser agrees to provide funds to the Seller as requested below by the S prior to Purchaser receiving full payment of the applicable Oasis Ownership Amou more ACH debit entries, as needed, from Seller's bank to satisfy outstanding amou from Purchaser are a purchase of property, not a loan, and that Purchaser owns a po

**Oasis Ownership Amount**

| Payment Schedule | Oasis Owne (Payoff Am |
|---|---|
| March 18, 2008 to September 17, 2008 | $4,500.00 |
| September 18, 2008 to March 17, 2009 | $4,950.00 |
| March 18, 2009 to June 17, 2009 | $6,750.00 |
| June 18, 2009 to September 17, 2009 | $7,500.00 |
| September 18, 2009 to March 17, 2010 | $8,250.00 |
| March 18, 2010 to September 17, 2010 | $9,750.00 |
| September 18, 2010 and thereafter | $10,500.00 |

In one or two sentences, please describe how we helped you during these difficult times:  House  note
d. car note, medical bill.  Larry  is a  kidney dialysis/
heart patient

By signing below, I hereby agree to the terms of the Payment Instructions and understand that I am responsible for the information that I have provided on this form and that Purchaser is not responsible for any problem in delivery or transfer of funds, so long as it follows the instructions provided by the Seller.

_Larry Long_  3/18/08                          _[signature]_  3/19/08
Larry Long - Seller          Date          Oasis Legal Finance, LLC - Purchaser   Date
                                          By:

Case ID: P-GA-85455                          All Ver. 1.7
275118 0.0 85455 20080318144528

03/18/2008 Tue 14:47                Oasis Legal Finance   (847) 621-4316                ID: 844345  Page 6 of 18

## PURCHASE AGREEMENT
### PAGE 1 OF 8

| | |
|---|---|
| **Purchaser:** | Oasis Legal Finance, LLC (Oasis) |
| **Seller:** | Larry Long |
| **Purchase Price:** | $3,000.00 |

**Oasis Ownership Amount**

| **Payment Schedule** | **Oasis Ownership Amount (Payoff Amount)** |
|---|---|
| March 18, 2008 to September 17, 2008 | $4,500.00 |
| September 18, 2008 to March 17, 2009 | $4,950.00 |
| March 18, 2009 to June 17, 2009 | $6,750.00 |
| June 18, 2009 to September 17, 2009 | $7,500.00 |
| September 18, 2009 to March 17, 2010 | $8,250.00 |
| March 18, 2010 to September 17, 2010 | $9,750.00 |
| September 18, 2010 and thereafter | $10,500.00 |

IF SELLER COMPLIES WITH THIS PURCHASE AGREEMENT AND RECOVERS NOTHING FROM THE LEGAL CLAIM CITED BELOW, THEN PURCHASER SHALL RECEIVE NOTHING. SELLER IS NOT ENTITLED TO RECEIVE ANY PROCEEDS UNTIL PURCHASER HAS RECEIVED THE OASIS OWNERSHIP AMOUNT.

IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.5), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.6), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT, REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

**Fully Informed:** Seller fully understands the terms and conditions of this eight (8) page Purchase Agreement. Seller has had an opportunity to read this Purchase Agreement and to consult with such advisors as Seller deems appropriate, including attorneys and tax advisors. Seller has not relied on any statement, assurance, representation or warranty, whether written or oral, of Purchaser or any other person in connection with Seller's decision to enter into this Purchase Agreement.

**SELLER:** _Larry Long_   **Address** _308 Balshan Circle, Woodstock, GA 30188_  336 Burdock Trace Woodstock GA 30189

**Home Phone:** 678508443   **Work Phone:** _____   **Other Phone** _____

**Drivers License #:** 053355719   **State Issued** GA   **SS #:** 432047254   **Date of Birth:** 02/06/1958

**Legal Claim:**   personal injury or other claim that is currently being pursued by my attorney Christopher a. Gomez. (See Section 1.1 for complete definition)

Seller sells and assigns all of Seller's right, title and interest in and to the Purchased Interest to Purchaser, and Purchaser purchases the Purchased Interest from Seller on the terms and conditions provided in this Purchase Agreement. The purchase of the Purchased Interest shall entitle Purchaser to receive the Oasis Ownership Amount (See above and Section 1.2). As consideration for the sale of the Purchased Interest, Purchaser shall pay the Purchase Price to Seller. Capitalized terms have the meanings set forth in Section 1 of this Purchase Agreement.

I certify that I have read and agree to the statements above and the entire Purchase Agreement consisting of eight (8) pages. I agree to be bound by the terms and conditions of this Purchase Agreement. This Agreement shall not be effective until the Purchase Price is paid to Seller.

**Seller's Signature** _Larry Long_   **Date** 3/18/08       **Purchaser Signature** _Oasis Legal Finance, LLC_   **Date** 3/19/08

Larry Long

Case ID: P-GA-85453   All Ver. 1.7

278118 0.0 85453 2806031814452I

# PURCHASE AGREEMENT
PAGE 2 OF 8

**Background**

Seller is the plaintiff in the Legal Claim. In order to ensure the receipt of some proceeds in connection with the Legal Claim without regard to its outcome, Seller desires to sell an interest in the Proceeds to Purchaser. Purchaser desires to purchase an interest in the Proceeds from Seller of the Legal Claim.

**SECTION 1.      DEFINITIONS.**

　　　1.1      **"Legal Claim"** means (a) the pending legal action and/or lawsuit to obtain money or property in which the Seller is engaged as a result of injuries and/or damages arising out of a personal injury or other claim; (b) all applicable proceedings, proceedings on appeal or remand, enforcement, ancillary, parallel, or alternative dispute resolution proceedings and processes arising out of or relating to such case; (c) any other proceedings founded on the underlying facts giving rise to such case in which Seller is a party; and (d) any arrangements made with Seller with another party to such case which resolves any of the Seller's claims against such party.

　　　1.2      **"Oasis Ownership Amount"** is the amount Purchaser is to be paid out of the Proceeds and as determined as of the date Purchaser receives payment based on the Payment Schedule on Page 1 of this Purchase Agreement.

　　　1.3      **"Present Value"** means, with respect to any payment received by Purchaser, the present value of the amount of such payment, discounted at the rate of 17% per annum (compounding annually on a 365 days year basis) from the date on which such payment is received by Purchaser to the date on which the Oasis Ownership Amount is determined.

　　　1.4      **"Proceeds"** means all property or things of value payable on account of the Legal Claim including, without limitation, cash, negotiable instruments, contract rights, annuities and securities whether obtained by judgment, settlement, arbitral award or otherwise. Without limitation of the foregoing, "Proceeds" shall include a reasonable estimate of the monetary value of all non-cash benefits receivable by Seller on account of the Legal Claim.

　　　1.5      **"Purchased Interest"** means the right to receive a portion of the Proceeds equal to the Oasis Ownership Amount on the further terms and conditions provided for in this Purchase Agreement.

　　　1.6      **"Purchaser"** means Oasis Legal Finance, LLC (Oasis).

　　　1.7      **"Seller"** means Larry Long.

　　　1.8      **"Seller's Attorney"** means, collectively, Christopher a. Gomez, Esq., which is Seller's attorney(s) in respect of the Legal Claim and any substitute, new or additional attorney representing Seller in the Legal Claim.

**SECTION 2.      SELLER'S STATEMENTS.** Seller states to Purchaser as follows:

　　　2.1      **Title; Capacity.** Seller believes the Legal Claim to be meritorious and filed in good faith. Seller is the plaintiff in the Legal Claim and has full right, title and interest in, to and under the Legal Claim and the Proceeds. Seller has the capacity and authority to enter into this Purchase Agreement and perform Seller's obligations set forth in this Purchase Agreement.

　　　2.2      **Effect of Purchase Agreement; Binding and Enforceable.** The execution, delivery and performance of this Purchase Agreement and the obligations set forth in this Purchase Agreement do not conflict with, or result in the breach or termination of, any provision of, or constitute a default under, any instrument or Purchase Agreement to which Seller is a party. This Purchase Agreement constitutes the legal, valid and binding Purchase Agreement of Seller, enforceable in accordance with its terms.

　　　2.3      **Information True, Complete and Correct.** Seller has provided Purchaser with true, correct and complete copies of all documents in connection with Purchaser's examination of the Legal Claim. Seller has truthfully and completely responded to all questions asked by Purchaser in connection with the Legal Claim. Seller has informed Purchaser of the status of all actions, facts and circumstances that materially affect or impair the Legal Claim, Seller's rights in connection with the Legal Claim or the amount of the Proceeds. All documents and responses provided to Purchaser do not

275118 0.0 85453 20080318144526          Case ID: P-GA-85453          All Ver. 1.7

## PURCHASE AGREEMENT
PAGE 3 OF 8

make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**SECTION 3. SELLER'S ACKNOWLEDGEMENTS.** Seller acknowledges the following:

    **3.1**    **Risk of Loss; No Loan Transaction.** The purchase of the Purchased Interest and the other transactions contemplated by this Purchase Agreement involve a substantial economic risk and a bona fide risk of loss to Purchaser. The Oasis Ownership Amount has been negotiated to account for such risk. The sale and assignment of the Purchased Interest is an absolute assignment and not a loan secured by a collateral assignment of the Purchased Interest.

    **3.2**    **No Attorney-Client Relationship; No Obligations with Respect to Legal Claim.** Purchaser is not engaged in the practice of law and is not serving as Seller's attorney. Purchaser's sole obligation under this Purchase Agreement is to pay the Purchase Price hereunder. Purchaser does not assume or have any responsibility or obligation of any kind whatsoever to Seller or Seller's Attorney in connection with the Legal Claim, including, without limitation, any obligation to pay court costs or other expenses.

    **3.3**    **No Direction as to Use of Purchase Price.** Purchaser has imposed no conditions on Seller's use of the Purchase Price.

    **3.4**    **No Previous Assignment.** Seller has not sold, assigned, pledged, transferred, or encumbered any interest in the Legal Claim or the Proceeds. There are no pending or threatened claims, liens, assignments, encumbrances or judgments against Seller or Seller's assets that would materially impair the value, priority or collectibility of the Proceeds payable to Seller in connection with the Legal Claim or the amounts owed to Purchaser pursuant to this Purchase Agreement.

**SECTION 4. PURCHASER'S ACKNOWLEDGEMENT.**

    **4.1**    **Purchaser's Acknowledgment.** Purchaser acknowledges and agrees that Purchaser shall have no right to and will not make any decisions with respect to the conduct of the Legal Claim or any settlement or resolution thereof and that the right to make such decisions remains solely with Seller and Seller's Attorney.

**SECTION 5. SELLER'S AGREEMENTS.** Seller agrees as follows:

    **5.1**    **Treatment of Transaction.** Seller agrees to treat and report the sale and purchase of the Purchased Interest as a sale transaction and not as a loan for all purposes (including tax purposes).

    **5.2**    **Treatment in Bankruptcy.** If Seller commences or has commenced against it any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment of the full Oasis Ownership Amount to Purchaser, Seller shall cause the Purchased Interest to be described as an asset of Purchaser (and not as a debt obligation of Seller) in any oral or written communications, including, without limitation, any schedule or other document filed in connection with such case or proceeding.

    **5.3**    **No Further Assignment.** Seller shall not sell, assign, pledge, or transfer (whether voluntarily, by operation of law or otherwise) any interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser, except for transfers by intestate due to Seller's death. In the event an interest in the Legal Claim or the Proceeds is transferred by intestate due to Seller's death, Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller shall not permit or grant any security interest, lien, or encumbrance to attach to Seller's interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser.

    **5.4**    **Prosecution of Claim.** Seller intends to use its best efforts to prosecute the Legal Claim and to bring the Legal Claim to good faith settlement or final judgment. Upon settlement or final judgment, Seller shall use its best efforts to enforce collection of all sums due pursuant to any judgment or other award made with respect to the Legal Claim.

    **5.5**    **Requests for Information.** At Purchaser's reasonable request, Seller agrees (and Seller's Attorney is authorized by Seller) to provide to Purchaser copies of non-privileged materials including: (a) pleadings, notices, orders, motions, briefs or other documents filed in the Legal Claim by any person or party, (b) correspondence, Purchase Agreements,

## PURCHASE AGREEMENT
PAGE 4 OF 8

or written proposals, or written summaries of any oral Purchase Agreements or proposals, from or to Seller or Seller's Attorney or the Proceeds, (c) all medical records of Seller or information regarding any medical lien, and (d) documents relating to any other material developments with respect to the Legal Claim or the Proceeds.

**5.6   Mandatory Documents and Reports of Supplementary Information.** Seller shall provide Purchaser with prompt written notice of: (a) any receipt by Seller or Seller's Attorney of Proceeds and (b) any notices of or documents evidencing any receipt of payments or promises to make payments on account of the Legal Claim.

**5.7   Facilitation of Payments.** If Seller's Attorney or any other person possesses Proceeds that are payable to Purchaser, Seller shall execute and deliver such documents or other instruments and take such other actions as may be reasonably requested by any person to direct or otherwise facilitate the payment of such Proceeds to Purchaser.

**5.8   Substitution of Attorneys in the Legal Claim.** If Seller determines to hire new or additional attorneys to represent Seller in the Legal Claim, Seller agrees that, prior to such hiring, Seller shall (a) provide Purchaser with written notice of such determination and (b) deliver a copy of the Irrevocable Letter of Direction to such new or additional attorney, (c) require such new or additional attorney to execute and deliver to Purchaser an Attorney Acknowledgement of the Irrevocable Letter of Direction. Any such new or additional attorney(s) shall be considered part of "Seller's Attorney in the Legal Claim" upon such hiring for all purposes of this Agreement.

**5.9   Restrictive Agreement.** Seller shall use reasonable efforts not to enter into any settlement agreement or covenant that restricts Purchaser's access to (or Seller's obligation to provide to Purchaser) information relating to the Proceeds or any settlement in connection therewith.

**5.10   Waiver of Defenses.** Seller waives any and all defenses with respect to the sale of the Purchased Interest and agrees not to avoid payment of any Proceeds that are payable to Purchaser. Seller has not, and shall not, directly or indirectly, in any manner, delay, seek to prevent, impair or frustrate the rights granted to Purchaser under this Purchase Agreement or payment of the Purchased Interest sold to Purchaser.

### SECTION 6.   PAYMENT AND PRIORITY.

**6.1   Priority Payment to Purchaser.** Purchaser and Seller acknowledge that the Purchased Interest may be worthless. Purchaser accepts the risk of loss with respect to the Purchased Interest. Seller's obligation to make payments to Purchaser pursuant to this Purchase Agreement is limited to amounts recovered by Seller in the Legal Claim unless Seller defaults under this Purchase Agreement. The Oasis Ownership Amount shall be determined as of the date Oasis receives payment in full from or on behalf of Seller. Seller shall not be entitled to receive any Proceeds until Purchaser has received the Oasis Ownership Amount. Purchaser shall have the option, but not the obligation, to accept non-cash consideration on account of the Oasis Ownership Amount and may require Seller to accept non-cash consideration while Purchaser receives cash consideration. If the Proceeds are insufficient to pay the Oasis Ownership Amount in full, Purchaser shall receive all of the Proceeds, subordinate to only attorneys' fees and costs and medical liens. In any settlement of the Legal Claim where non-cash consideration is being paid to Seller, Seller agrees to use its reasonable best efforts to cause the adverse party in the Legal Claim to include sufficient cash to pay the Oasis Ownership Amount to Seller in full upon the initial payment of Proceeds.

**6.2   Timely Payment.** All amounts owing to Purchaser on account of the Purchased Interest shall be paid to Purchaser to the extent that Proceeds from the Legal Claim are available to make payments to Purchaser. Seller shall pay such amounts to Purchaser within ten days of receipt of the Proceeds in the Legal Claim by Seller or Seller's Attorney, whichever occurs first. Amounts that are not paid in this timely manner shall earn interest at the highest rate permitted by law until paid in full.

**6.4   Costs of Collection.** In addition to the Oasis Ownership Amount, all costs and expenses incurred by Purchaser in collecting the Oasis Ownership Amount shall be and become an additional amount owed to Purchaser pursuant to this Purchase Agreement including legal fees and expenses.

**6.5   Power of Attorney.** Seller irrevocably designates, makes, constitutes and appoints Purchaser (and all persons or entities designated by Purchaser) as Seller's true and lawful agent and attorney-in-fact for all matters relating to this agreement and the collection of payments due under this agreement and during the continuation thereof, with power, without

## PURCHASE AGREEMENT
PAGE 5 OF 8

notice to Seller, and at such time or times as Purchaser, in its sole and absolute discretion, may determine, in Seller's or Purchaser's name: (a) to provide Seller's Attorney with irrevocable written instructions that the Oasis Ownership Amount be paid directly to Purchaser in accordance with the terms of this Purchase Agreement; and (b) to do all acts and things necessary, in Purchaser's sole discretion, to fulfill Seller's obligations under this Purchase Agreement.

      6.6    **Manner of Payment.** All amounts payable to Purchaser pursuant to this Purchase Agreement shall be paid to Purchaser at the address for Purchaser provided in this Purchase Agreement or as otherwise provided by notice to Seller from Purchaser. Cash amounts shall be paid by check, in immediately available funds.

      6.7    **Installment Payments.** In the event the Proceeds are received by Seller or Seller's Attorney in two or more installment payments and the cash portion of the initial installment is less than the Oasis Ownership Amount (and Purchaser does not elect to satisfy the deficiency by any non-cash consideration available), the Present Value of each future installment payment received by Purchaser (and not the dollar amount of such payment) shall be applied to reduce the portion of the Oasis Ownership Amount remaining due to the Purchaser.

**SECTION 7. EVENT OF DEFAULT; SPECIFIC DEFAULT; RIGHT OF RESCISSION.**

      7.1    **Event of Default.** The breach by Seller of any of Seller's obligations under this Purchase Agreement shall constitute an "Event of Default" hereunder. In an Event of Default, Purchaser shall have all rights, powers, and remedies provided in the Purchase Agreement and as allowed by law or in equity.

      7.2    **Specific Default.** IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.8), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

      7.3    **Seller's Right of Rescission.** CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE THE PURCHASE PRICE FROM PURCHASER.

TO CANCEL THIS AGREEMENT, YOU MUST EITHER:

      (I)    RETURN THE FULL AMOUNT OF THE PURCHASE PRICE TO PURCHASER BY DELIVERING THE UNCASHED CHECK TO PURCHASER IN PERSON WITHIN FIVE (5) BUSINESS DAYS; OR

      (II)    MAIL NOTICE OF CANCELLATION ALONG WITH REPAYMENT (EITHER BY RETURN OF PURCHASER'S UNCASHED CHECK, REGISTERED OR CERTIFIED CHECK, OR MONEY ORDER) BY INSURED, REGISTERED OR CERTIFIED U.S. MAIL, POSTMARKED ON OR WITHIN FIVE (5) BUSINESS DAYS OF RECEIVING THE PURCHASE PRICE, TO PURCHASER'S ADDRESS AS SET FORTH IN SECTION 8.3 BELOW.

**SECTION 8. MISCELLANEOUS.**

      8.1    **Expenses.** Except as otherwise provided in Section 8.11, all legal and other costs and expenses incurred in connection with this Purchase Agreement and the transactions contemplated hereby shall be paid by the party incurring such expenses.

      8.2    **Survival of Representations.** All of the representations, warranties, covenants and Purchase Agreements of the parties hereto contained in this Purchase Agreement or contained in any document furnished or to be furnished hereunder

## PURCHASE AGREEMENT
PAGE 6 OF 8

shall survive the date of this Purchase Agreement.

     **8.3**    **Notices.** All notices and other communications given or made pursuant to this Purchase Agreement shall be in writing. All such notices or communications shall be deemed to have been given or made delivered personally or sent by registered or certified mail (postage prepaid, return receipt requested) or delivered by reputable overnight courier to the parties at the following addresses:

if to Purchaser, to:     Oasis Legal Finance, LLC
                  40 North Skokie Blvd, Suite 500
                  Northbrook, Illinois 60062
                  Attn:    Controller

and if to Seller, to the address set forth on the first page of this Purchase Agreement, or at such other addresses as either of the parties hereto shall have specified in writing to the other.

     **8.4**    **Further Assurances.** Seller shall, at any time, and from time to time after the date hereof, upon request of Purchaser, do, execute, acknowledge and deliver, or cause to be done, executed, acknowledged and delivered, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances as may be reasonably required to carry out the terms of this Purchase Agreement and the transactions contemplated in this Purchase Agreement.

     **8.5**    **Financing Statements and Additional Documents.** Seller irrevocably authorizes Purchaser at any time and from time to time to file in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto. Purchaser may indicate the following information in such financial statements and amendments: (a) Purchaser's ownership interest in the Legal Claim; (b) that a portion of the proceeds that are derived from the Legal Claim are owned by Purchaser; and (c) any other information required, in Purchaser's discretion, by the Uniform Commercial Code in any relevant jurisdiction. Seller agrees to furnish any information reasonably requested by Purchaser to facilitate the objectives of this Section 8.5.

     **8.6**    **Release to Contact Third Parties.** As part of this Purchase Agreement it may be necessary to disclose information to third parties. Seller explicitly and irrevocably authorizes Purchaser to disclose any information to third parties as it deems appropriate. Seller releases Purchaser from any and all liability as a result of the release of any information.

     **8.7**    **Cumulative Rights.** Each and all of the various rights, powers, and remedies of the parties set forth in this Purchase Agreement shall be considered as cumulative, with and in addition to any other rights, powers, or remedies of such party. No one such right, power, or remedy is or shall be exclusive of the others or is exclusive of any other rights, powers, and remedies allowed by law or in equity. The exercise, partial exercise, or non-exercise of any rights, powers, or remedies shall not constitute either the election, nor the waiver, of any other rights, powers, or remedies. All rights, powers, and remedies of the parties shall survive the termination of this Purchase Agreement.

     **8.8**    **Waiver.** Any waiver by any party of its rights under this Purchase Agreement shall be in writing and signed by the party waiving such rights. The failure of either party to enforce, at any time, any of the provisions of this Purchase Agreement or any of the rights set forth in this Purchase Agreement, shall in no way be considered a waiver of such provisions, rights, or subsequent breaches thereof.

     **8.9**    **Headings; Number and Gender.** The sections and other headings contained in this Purchase Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Purchase Agreement. References to the singular or plural shall include the other and references to the masculine, feminine and neuter genders shall include the others, as appropriate.

     **8.10**    **Entire Agreement.** This Purchase Agreement constitutes the entire agreement between the parties and supersedes all other prior agreements and understandings, both oral and written, between the parties, with respect to the subject matter of this Purchase Agreement. This Purchase Agreement may only be modified or supplemented by a written amendment executed by all of the parties hereto.

# PURCHASE AGREEMENT
PAGE 7 OF 8

**8.11    Governing Law and Forum.** This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement, shall be governed, construed and enforced in accordance with the laws of the State of Georgia.

The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

Each of the parties to the Contract further irrevocably consents to the service of process out of the Circuit Court of Cook County, Illinois by mailing copies thereof by Registered or Certified United States mail, postage prepaid, to each of the parties of the Purchase Agreement at its address specified in this Contract.

**8.12    Waiver of Jury Trial, Consolidation and Class Action; Costs.**

THE PARTIES HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY. THE PARTIES ALSO WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY WITH ANY PROCEEDING ON ANY LAWSUITS, DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.

THE PREVAILING PARTY IN ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY SHALL BE ENTITLED TO ALL REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND DISBURSEMENTS WITH RESPECT TO SUCH LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY.

**8.13    Attorneys' Fees.** In the event of a failure by any party to comply with the terms of this Purchase Agreement, the breaching party will pay all costs and expenses, including reasonable attorneys' fees, costs and expenses, incurred by the non-breaching party as a consequence of breaching party's failure to comply with this Purchase Agreement.

**8.14    Counterparts and Facsimile Signatures.** This Purchase Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same Purchase Agreement. This Purchase Agreement shall be deemed duly executed by Seller and Purchaser, respectively, upon the delivery of all of their respective executed signature pages by facsimile transmission to Seller or its attorney and Purchaser, as the case may be.

**8.15    Assignment; Use of Information.** Purchaser's rights and obligations under this Purchase Agreement may be assigned in its sole discretion without the consent of or notice to Seller. Seller's rights and obligations under this Purchase Agreement may not be assigned or transferred without the written consent of Purchaser, except for transfer by intestate due to Seller's death in which case Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller agrees that Purchaser may share information that Purchaser obtained about Seller (whether from Seller or other person or entity) with potential assignees to whom Purchaser may assign its rights and obligations under this Purchase Agreement, provided that: (i) such information is reasonably necessary to allow a potential assignee to make an informed decision whether to take assignment from Purchaser; and (ii) Purchaser enters into an appropriate confidentiality Purchase Agreement with any such potential assignee.

**8.16    No Third Party Beneficiaries; Successors and Assigns.** Subject to the provisions of Section 8.15, (a) this Purchase Agreement is solely for the benefit of Purchaser and Seller; and (b) this Purchase Agreement shall be binding upon and inure to the benefit of the parties' successors, heirs, estates, executors, personal representatives and permitted assigns.

## PURCHASE AGREEMENT
### PAGE 5 OF 8

**8.17**    **Severability.** If any provision of this Purchase Agreement or the application of any such provision to any party or circumstance shall be determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Purchase Agreement, or the application of such provision to such party or circumstances other than those to which it is so determined to be invalid or unenforceable, shall not be affected, and each provision of this Purchase Agreement shall be enforced to the fullest extent permitted by law. If any such court of competent jurisdiction declares that any term or provision of this Purchase Agreement is invalid or unenforceable, the parties hereto agree that such court shall have the power to modify the scope of such term or provision, to delete specific words or phrases, and to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable, and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Purchase Agreement shall be enforceable as so modified.

**8.18**    **Legal Representation.** Seller understands and acknowledges that: (a) Purchaser has recommended that Seller engage an attorney in connection with the execution and delivery of this Purchase Agreement; and (b) Seller has been represented by or has had the opportunity to be represented by an attorney of Seller's choosing in connection with the execution and delivery of this Purchase Agreement.

**8.19**    **Construction.** Without limitation of the provisions of Section 8.18, both parties have been represented by or have had the opportunity to be represented by an attorney of their choosing in connection with the execution and delivery of this Purchase Agreement. The parties intend that this Purchase Agreement be deemed to have been prepared by all of the parties and that no party shall be entitled to the benefit of any favorable interpretation or construction of any term or provision hereof under any rule or law with respect to the construction of this Purchase Agreement.

**[Remainder of page intentionally left blank]**

**IRREVOCABLE LETTER OF DIRECTION**
Sent by Fax to (610) 660-0628 and by US Mail

March 18, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

Dear Christopher a. Gomez,

I, Larry Long, hereby irrevocably direct Christopher a. Gomez or any subsequent attorney(s) and law firms that may represent me, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Oasis Ownership Amount per the Purchase Agreement I have executed with Oasis Legal Finance, LLC, before releasing any funds to me.  If any dispute arises over the amount owed Oasis, I instruct you NOT to release any funds to me until that dispute is resolved.  If a check is sent in my name, I hereby grant you a limited, irrevocable power of attorney to endorse and deposit my check into your trust account and pay Oasis Legal Finance, LLC, in full, before releasing any funds to me.

I have read the Purchase Agreement and fully understand my obligations.  I understand that Oasis has relied on this Irrevocable Letter of Direction to fund the Purchase Agreement, that the purchase price is $3,000.00, and that the Oasis Ownership Amount will increase based on a multiple of the purchase price and the date Oasis receives payment per the Purchase Agreement.  In the event that you no longer represent me, I instruct you to provide Oasis with any insurance, attorney or other information requested that will allow it protect its interest and to follow my irrevocable instructions.  This letter may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute on agreement.  By signing the acknowledgement below, you acknowledge that this letter is from me and that you comply with this Irrevocable Letter of Direction.

Sincerely,

_____
**Larry Long**

### ATTORNEY ACKNOWLEDGMENT

- I, Christopher a. Gomez, Esq., acknowledge receipt of this Letter from my client.
- My fee agreement is on a contingency basis and there are liens (exclusive of attorneys fees and costs) against the case of approximately $____0____, and I will honor my client's irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees, costs and appropriate medical liens as per instructions above.
- I fully expect and anticipate that any settlement check will be sent to me from the defendant and/or insurance company, and not to the Plaintiff, and I agree that all disbursements of funds, including plaintiff's share of proceeds, will be through my attorney trust account
- To the best of my knowledge, Larry Long has NOT received any previous cash advances on his/her legal claim(s), except for the Purchase Agreement dated  Feb 27, 2008 with Oasis Legal Finance, LLC.
- Without the prior written consent of Oasis Legal Finance, LLC, I will not participate in or acknowledge any future cash advances for Larry Long.

How should we contact your office for case updates?

_____
Christopher a. Gomez, Esq.

Cgomez@doctoratlaw.com
E-mail is Preferred (or Fax Number)

275118 0.0 85453 20080318144526          Case ID: P-GA-85453          All Ver. 1.7

03/18/08     19:29     PUBLIX #636 → 6263040933                                   NO.259    D02

03/18/2008 Tue 11:47                    Oasis Legal Finance   (847) 521-4346                    ID: #41245 Page 14 of 15

## IRREVOCABLE LETTER OF DIRECTION
Sent by Fax to (610) 660-0628 and by US Mail

March 18, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

Dear Christopher s. Gomez,

I, Larry Long, hereby irrevocably direct Christopher a. Gomez or any subsequent attorney(s) and law firms that may represent me, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Oasis Ownership Amount per the Purchase Agreement I have executed with Oasis Legal Finance, LLC, before releasing any funds to me. If any dispute arises over the amount owed Oasis, I instruct you NOT to release any funds to me until that dispute is resolved. If a check is sent in my name, I hereby grant you a limited, irrevocable power of attorney to endorse and deposit my check into your trust account and pay Oasis Legal Finance, LLC, in full, before releasing any funds to me.

I have read the Purchase Agreement and fully understand my obligations. I understand that Oasis has relied on this Irrevocable Letter of Direction in fund the Purchase Agreement, that the purchase price is $3,000.00, and that the Oasis Ownership Amount will increase based on a multiple of the purchase price and the date Oasis receives payment per the Purchase Agreement. In the event that you no longer represent me, I instruct you to provide Oasis with any insurance, attorney or other information requested that will allow it protect its interest and to follow my irrevocable instructions. This letter may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute on agreement. By signing the acknowledgment below, you acknowledge that this letter is from me and that you comply with this Irrevocable Letter of Direction.

Sincerely,

X ~Larry Long~
Larry Long

## ATTORNEY ACKNOWLEDGMENT

- I, Christopher a. Gomez, Esq., acknowledge receipt of this Letter from my client.
- My fee agreement is on a contingency basis and there are liens (exclusive of attorneys fees and costs) against the case of approximately $_____, and I will honor my client's irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees, costs and appropriate medical liens as per instructions shown.
- I fully expect and anticipate that any settlement check will be sent to me from the defendant and/or insurance company, and not to the Plaintiff, and I agree that all disbursements of funds, including plaintiff's share of proceeds, will be through my attorney trust account.
- To the best of my knowledge, Larry Long has NOT received any previous cash advances on his/her legal claim(s), except for the Purchase Agreement dated Feb 27, 2008 with Oasis Legal Finance, LLC.
- Without the prior written consent of Oasis Legal Finance, LLC, I will not participate in or acknowledge any future cash advances for Larry Long.

How should we contact your office for case updates?

Christopher a. Gomez, Esq.                    E-mail is Preferred (or Fax Number)

275113 0.0 85453 ZBB00318144536          Case ID: P-GA-85453          All Ver. 1.7

03/18/08    19:29    PUBLIX #636 → 6263040833                                    NO.259    P03

03/18/2008 Tue 16:47              Oasis Legal Finance   (847) 524-4346              ID: 641345  Page 5 of 18

# Oasis Legal Finance

## INFORMATION RELEASE

Oasis Legal Finance, LLC may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

PLEASE READ CAREFULLY: BY MY SIGNATURE BELOW, I hereby authorize, without any reservation any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by Oasis Legal Finance, LLC or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction and at any time after the transaction until I have completely satisfied my obligations under the agreement.

This authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act. (FCRA).
Upon written request, we will tell you whether we have obtained a credit report and, if so, the name and address of the credit reporting agency that provided it. We also request that by signing below, you certify the information provided by you to Oasis Legal Finance, LLC in your application and underwriting process is true, accurate and complete.

Additionally, I the undersigned, direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Oasis Legal Finance, LLC ("Oasis"), or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections. A copy and/or facsimile of this authorization bearing the signature of the undersigned shall be deemed to be the equivalent of the original.

I certify that the information provided by me to Oasis in my application is true, accurate, and complete.

_____                    3/18/08
Signature                                    Date
Larry Jong

_____                    432 04 7254
Social Security Number

678 508 6431                                 03/06/1983
Telephone Number                             Date of Birth

336 Burdock Trace          _____        Woodstock, GA 30188
Street Address              City             State         Zip Code

Case ID: 1-GA-85453                          All Ver. 1.7
27511 10 00 85453 2008031601 44520

6263040833    13:03  2008/81/80

**Oasis** Legal Finance

# NOTICE OF LIEN AND ASSIGNMENT

March 18, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

RE:  OUR CLIENT: **Larry Long**
     OURCASE ID: **P-GA-85453**

Dear Christopher a. Gomez,

Oasis Legal Finance LLC has entered into a Purchase Agreement (attached) with Larry Long. Oasis Legal Finance has purchased an interest in the potential proceeds from the legal claim of Larry Long.

**PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM THE CLIENTS PORTION OF THE SETTLEMENT, JUDGEMENT OR OTHER RESOLUTION UNTIL OUR PURCHASED INTEREST HAS BEEN SATISFIED.**

### OASIS OWNERSHIP AMOUNT

| Payment Schedule | Oasis Ownership Amount (Payoff Amount) |
| --- | --- |
| March 18, 2008 to September 17, 2008 | $4,500.00 |
| September 18, 2008 to March 17, 2009 | $4,950.00 |
| March 18, 2009 to June 17, 2009 | $6,750.00 |
| June 18, 2009 to September 17, 2009 | $7,500.00 |
| September 18, 2009 to March 17, 2010 | $8,250.00 |
| March 18, 2010 to September 17, 2010 | $9,750.00 |
| September 18, 2010 and thereafter | $10,500.00 |

**Please call (866) 206-4800 (Press Option 6) or by fax at (847) 521-4392 to receive more information about payment.**

**40 North Skokie Blvd, Suite 500, Northbrook, IL 60062**
**Phone (866) 206-4800 – Fax (847) 521-4392**
@F211 1 (610) 660-0628 @
@F307 P-GA-85453 @
@F201 347292 @

## PAYMENT INSTRUCTIONS

Parties: Larry Long is Seller and Oasis Legal Finance, LLC is Purchaser

Offer Date:  July 18, 2008                         $3,118.-

Purchase Price to Seller:              $3,150.00       AH

Please send the purchase price to me by (Select Only One):    R+ #

☑ **SAME DAY Wire Transfer** to bank account in my name ($32.00 deducted

| | |
|---|---|
| | Name of Bank: |
| | Bank's City, Sta |
| | Routing/ABA N |
| | Account Numbe |
| | Bank's Phone N |
| | Name on Accou |

Note: The routing and account numbers may be in different places on your check.

☐ A check sent in my name by **Overnight Delivery** ($28.00 deducted from pur
    Overnight delivery does not include weekends):

Street Address Apt/Unit # _____

City, _____ State _____ Zip _____

☐ A check sent in my name by **U.S. First Class Mail** with Delivery Confirmation (FREE -- delivered within 5 to 10 days from
    post date. Not responsible for delays due to postal or bank holidays, or weekends).

Terms: Purchaser agrees to provide funds to the Seller as requested below by the Seller. In the event that Seller receives any Proceeds prior to Purchaser receiving full payment of the applicable Oasis Ownership Amount, Seller grants Purchaser the right to effect one or more ACH debit entries, as needed, from Seller's bank to satisfy outstanding amounts due Purchaser. Seller agrees that funds received from Purchaser are a purchase of property, not a loan, and that Purchaser owns a portion of the potential proceeds from the legal claim.

### Oasis Ownership Amount

| Payment Schedule | Oasis Ownership Amount (Payoff Amount) |
|---|---|
| July 18, 2008 to January 17, 2009 | $4,725.00 |
| January 18, 2009 to July 17, 2009 | $5,197.50 |
| July 18, 2009 to October 17, 2009 | $7,087.50 |
| October 18, 2009 to January 17, 2010 | $7,875.00 |
| January 18, 2010 to July 17, 2010 | $8,662.50 |
| July 18, 2010 to January 17, 2011 | $10,237.50 |
| January 18, 2011 and thereafter | $11,025.00 |

In one or two sentences, please describe how we helped you during these difficult times:  Financial

crisis - Thank you

By signing below, I hereby agree to the terms of the Payment Instructions and understand that I am responsible for the information that I have provided on this form and that Purchaser is not responsible for any problem in delivery or transfer of funds, so long as it follows the instructions provided by the Seller.

Larry Long - Seller          Date                    Oasis Legal Finance, LLC - Purchaser      Date
                                                     By:

Case ID: P-GA-85453          All Ver. 2.0

336113 0.0 85453 20080718081517

## PURCHASE AGREEMENT
PAGE 1 OF 8

| | |
|---|---|
| **Purchaser:** | Oasis Legal Finance, LLC (Oasis) |
| **Seller:** | Larry Long |
| **Purchase Price:** | $3,150.00 |

**Oasis Ownership Amount**

| **Payment Schedule** | **Oasis Ownership Amount** (Payoff Amount) |
|---|---|
| July 18, 2008 to January 17, 2009 | $4,725.00 |
| January 18, 2009 to July 17, 2009 | $5,197.50 |
| July 18, 2009 to October 17, 2009 | $7,087.50 |
| October 18, 2009 to January 17, 2010 | $7,875.00 |
| January 18, 2010 to July 17, 2010 | $8,662.50 |
| July 18, 2010 to January 17, 2011 | $10,237.50 |
| January 18, 2011 and thereafter | $11,025.00 |

IF SELLER COMPLIES WITH THIS PURCHASE AGREEMENT AND RECOVERS NOTHING FROM THE LEGAL CLAIM CITED BELOW, THEN PURCHASER SHALL RECEIVE NOTHING. SELLER IS NOT ENTITLED TO RECEIVE ANY PROCEEDS UNTIL PURCHASER HAS RECEIVED THE OASIS OWNERSHIP AMOUNT.

IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.8), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT, REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

**Fully Informed:** Seller fully understands the terms and conditions of this eight (8) page Purchase Agreement. Seller has had an opportunity to read this Purchase Agreement and to consult with such advisors as Seller deems appropriate, including attorneys and tax advisors. Seller has not relied on any statement, assurance, representation or warranty, whether written or oral, of Purchaser or any other person in connection with Seller's decision to enter into this Purchase Agreement.

| **SELLER:** | Larry Long | **Address:** | 308 Bahabay Circle, Woodstock, GA 30188 336 Burdock Trace Woodstock GA |
|---|---|---|---|
| **Home Phone:** | 6785086431 | **Work Phone:** | **Other Phone:** |
| **Drivers License #:** 430417254 | | **State Issued:** GA | **SS #:** 432047254 **Date of Birth:** 03/06/1953 |

**Legal Claim:** personal injury or other claim that is currently being pursued by my attorney Christopher a, Gomez. (See Section 1.1 for complete definition)

Seller sells and assigns all of Seller's right, title and interest in and to the Purchased Interest to Purchaser, and Purchaser purchases the Purchased Interest from Seller on the terms and conditions provided in this Purchase Agreement. The purchase of the Purchased Interest shall entitle Purchaser to receive the Oasis Ownership Amount (See above and Section 1.2). As consideration for the sale of the Purchased Interest, Purchaser shall pay the Purchase Price to Seller. Capitalized terms have the meanings set forth in Section 1 of this Purchase Agreement.

I certify that I have read and agree to the statements above and the entire Purchase Agreement consisting of eight (8) pages. I agree to be bound by the terms and conditions of this Purchase Agreement. This Agreement shall not be effective until the Purchase Price is paid to Seller.

| Seller's Signature _____ Date | Purchaser' Signature _____ Date |
|---|---|
| 7/18/08 | 7/21/08 |
| Larry Long | Oasis Legal Finance, LLC |

# PURCHASE AGREEMENT
PAGE 2 OF 6

### Background

Seller is the plaintiff in the Legal Claim. In order to ensure the receipt of some proceeds in connection with the Legal Claim without regard to its outcome, Seller desires to sell an interest in the Proceeds to Purchaser. Purchaser desires to purchase an interest in the Proceeds from Seller of the Legal Claim.

**SECTION 1.    DEFINITIONS.**

1.1    "**Legal Claim**" means (a) the pending legal action and/or lawsuit to obtain money or property in which the Seller is engaged as a result of injuries and/or damages arising out of a personal injury or other claim; (b) all applicable proceedings, proceedings on appeal or remand, enforcement, ancillary, parallel, or alternative dispute resolution proceedings and processes arising out of or relating to such case; (c) any other proceedings founded on the underlying facts giving rise to such case in which Seller is a party; and (d) any arrangements made with Seller with another party to such case which resolves any of the Seller's claims against such party.

1.2    "**Oasis Ownership Amount**" is the amount Purchaser is to be paid out of the Proceeds and as determined as of the date Purchaser receives payment based on the Payment Schedule on Page 1 of this Purchase Agreement.

1.3    "**Present Value**" means, with respect to any payment received by Purchaser, the present value of the amount of such payment, discounted at the rate of 17% per annum (compounding annually on a 365 days year basis) from the date on which such payment is received by Purchaser to the date on which the Oasis Ownership Amount is determined.

1.4    "**Proceeds**" means all property or things of value payable on account of the Legal Claim including, without limitation, cash, negotiable instruments, contract rights, annuities and securities whether obtained by judgment, settlement, arbitral award or otherwise. Without limitation of the foregoing, "Proceeds" shall include a reasonable estimate of the monetary value of all non-cash benefits receivable by Seller on account of the Legal Claim.

1.5    "**Purchased Interest**" means the right to receive a portion of the Proceeds equal to the Oasis Ownership Amount on the further terms and conditions provided for in this Purchase Agreement.

1.6    "**Purchaser**" means Oasis Legal Finance, LLC (Oasis).

1.7    "**Seller**" means Larry Long.

1.8    "**Seller's Attorney**" means, collectively, Christopher a. Gomez, Esq., which is Seller's attorney(s) in respect of the Legal Claim and any substitute, new or additional attorney representing Seller in the Legal Claim.

**SECTION 2.    SELLER'S STATEMENTS.** Seller states to Purchaser as follows:

2.1    **Title; Capacity.** Seller believes the Legal Claim to be meritorious and filed in good faith. Seller is the plaintiff in the Legal Claim and has full right, title and interest in, to and under the Legal Claim and the Proceeds. Seller has the capacity and authority to enter into this Purchase Agreement and perform Seller's obligations set forth in this Purchase Agreement.

2.2    **Effect of Purchase Agreement; Binding and Enforceable.** The execution, delivery and performance of this Purchase Agreement and the obligations set forth in this Purchase Agreement do not conflict with, or result in the breach or termination of, any provision of, or constitute a default under, any instrument or Purchase Agreement to which Seller is a party. This Purchase Agreement constitutes the legal, valid and binding Purchase Agreement of Seller, enforceable in accordance with its terms.

2.3    **Information True, Complete and Correct.** Seller has provided Purchaser with true, correct and complete copies of all documents in connection with Purchaser's examination of the Legal Claim. Seller has truthfully and completely responded to all questions asked by Purchaser in connection with the Legal Claim. Seller has informed Purchaser of the status of all actions, facts and circumstances that materially affect or impair the Legal Claim, Seller's rights in connection with the Legal Claim or the amount of the Proceeds. All documents and responses provided to Purchaser do not

339045 0.0 85453 20080717174444          Case ID: P-GA-85453          All Ver. 2.0

Case 2:05-md-01657-EEF-DEK   Document 30154-3   Filed 12/17/09   Page 35 of 48

From: The Miller Firm, LLC    To: 18475214380    Page: 7/16    Date: 7/18/2008 9:37:45 AM
07/18/2008 Fri 08:04    From: (047) 521-4315    Page: 8/17    Date: 7/16/2008 8:05:28 AM
Oasis Legal Finance    (847) 521-4315    ID: #101938   Page 8 of 17

## PURCHASE AGREEMENT
PAGE 3 OF 8

make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**SECTION 3. SELLER'S ACKNOWLEDGEMENTS.** Seller acknowledges the following:

    **3.1**    **Risk of Loss; No Loan Transaction.** The purchase of the Purchased Interest and the other transactions contemplated by this Purchase Agreement involve a substantial economic risk and a bona fide risk of loss to Purchaser. The Oasis Ownership Amount has been negotiated to account for such risk. The sale and assignment of the Purchased Interest is an absolute assignment and not a loan secured by a collateral assignment of the Purchased Interest.

    **3.2**    **No Attorney-Client Relationship; No Obligations with Respect to Legal Claim.** Purchaser is not engaged in the practice of law and is not serving as Seller's attorney. Purchaser's sole obligation under this Purchase Agreement is to pay the Purchase Price hereunder. Purchaser does not assume or have any responsibility or obligation of any kind whatsoever to Seller or Seller's Attorney in connection with the Legal Claim, including, without limitation, any obligation to pay court costs or other expenses.

    **3.3**    **No Direction as to Use of Purchase Price.** Purchaser has imposed no conditions on Seller's use of the Purchase Price.

    **3.4**    **No Previous Assignment.** Seller has not sold, assigned, pledged, transferred, or encumbered any interest in the Legal Claim or the Proceeds. There are no pending or threatened claims, liens, assignments, encumbrances or judgments against Seller or Seller's assets that would materially impair the value, priority or collectibility of the Proceeds payable to Seller in connection with the Legal Claim or the amounts owed to Purchaser pursuant to this Purchase Agreement.

**SECTION 4. PURCHASER'S ACKNOWLEDGEMENT.**

    **4.1**    **Purchaser's Acknowledgment.** Purchaser acknowledges and agrees that Purchaser shall have no right to and will not make any decisions with respect to the conduct of the Legal Claim or any settlement or resolution thereof and that the right to make such decisions remains solely with Seller and Seller's Attorney.

**SECTION 5. SELLER'S AGREEMENTS.** Seller agrees as follows:

    **5.1**    **Treatment of Transaction.** Seller agrees to treat and report the sale and purchase of the Purchased Interest as a sale transaction and not as a loan for all purposes (including tax purposes).

    **5.2**    **Treatment in Bankruptcy.** If Seller commences or has commenced against it any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment of the full Oasis Ownership Amount to Purchaser, Seller shall cause the Purchased Interest to be described as an asset of Purchaser (and not as a debt obligation of Seller) in any oral or written communications, including, without limitation, any schedule or other document filed in connection with such case or proceeding.

    **5.3**    **No Further Assignment.** Seller shall not sell, assign, pledge, or transfer (whether voluntarily, by operation of law or otherwise) any interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser, except for transfers by intestate due to Seller's death. In the event an interest in the Legal Claim or the Proceeds is transferred by intestate due to Seller's death, Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller shall not permit or grant any security interest, lien, or encumbrance to attach to Seller's interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser.

    **5.4**    **Prosecution of Claim.** Seller intends to use its best efforts to prosecute the Legal Claim and to bring the Legal Claim to good faith settlement or final judgment. Upon settlement or final judgment, Seller shall use its best efforts to enforce collection of all sums due pursuant to any judgment or other award made with respect to the Legal Claim.

    **5.5**    **Requests for Information.** At Purchaser's reasonable request, Seller agrees (and Seller's Attorney is authorized by Seller) to provide to Purchaser copies of non-privileged materials including: (a) pleadings, notices, orders, motions, briefs or other documents filed in the Legal Claim by any person or party, (b) correspondence, Purchase Agreements,

# PURCHASE AGREEMENT
PAGE 4 OF 8

or written proposals, or written summaries of any oral Purchase Agreements or proposals, from or to Seller or Seller's Attorney or the Proceeds, (c) all medical records of Seller or information regarding any medical lien, and (d) documents relating to any other material developments with respect to the Legal Claim or the Proceeds.

     **5.6**    **Mandatory Documents and Reports of Supplementary Information.** Seller shall provide Purchaser with prompt written notice of: (a) any receipt by Seller or Seller's Attorney of Proceeds and (b) any notices of or documents evidencing any receipt of payments or promises to make payments on account of the Legal Claim.

     **5.7**    **Facilitation of Payments.** If Seller's Attorney or any other person possesses Proceeds that are payable to Purchaser, Seller shall execute and deliver such documents or other instruments and take such other actions as may be reasonably requested by any person to direct or otherwise facilitate the payment of such Proceeds to Purchaser.

     **5.8**    **Substitution of Attorneys in the Legal Claim.** If Seller determines to hire new or additional attorneys to represent Seller in the Legal Claim, Seller agrees that, prior to such hiring, Seller shall (a) provide Purchaser with written notice of such determination and (b) deliver a copy of the Irrevocable Letter of Direction to such new or additional attorney, (c) require such new or additional attorney to execute and deliver to Purchaser an Attorney Acknowledgement of the Irrevocable Letter of Direction. Any such new or additional attorney(s) shall be considered part of "Seller's Attorney in the Legal Claim" upon such hiring for all purposes of this Agreement.

     **5.9**    **Restrictive Agreement.** Seller shall use reasonable efforts not to enter into any settlement agreement or covenant that restricts Purchaser's access to (or Seller's obligation to provide to Purchaser) information relating to the Proceeds or any settlement in connection therewith.

     **5.10**    **Waiver of Defenses.** Seller waives any and all defenses with respect to the sale of the Purchased Interest and agrees not to avoid payment of any Proceeds that are payable to Purchaser. Seller has not, and shall not, directly or indirectly, in any manner, delay, seek to prevent, impair or frustrate the rights granted to Purchaser under this Purchase Agreement or payment of the Purchased Interest sold to Purchaser.

## SECTION 6. PAYMENT AND PRIORITY.

     **6.1**    **Priority Payment to Purchaser.** Purchaser and Seller acknowledge that the Purchased Interest may be worthless. Purchaser accepts the risk of loss with respect to the Purchased Interest. Seller's obligation to make payments to Purchaser pursuant to this Purchase Agreement is limited to amounts recovered by Seller in the Legal Claim unless Seller defaults under this Purchase Agreement. The Oasis Ownership Amount shall be determined as of the date Oasis receives payment in full from or on behalf of Seller. Seller shall not be entitled to receive any Proceeds until Purchaser has received the Oasis Ownership Amount. Purchaser shall have the option, but not the obligation, to accept non-cash consideration on account of the Oasis Ownership Amount and may require Seller to accept non-cash consideration while Purchaser receives cash consideration. If the Proceeds are insufficient to pay the Oasis Ownership Amount in full, Purchaser shall receive all of the Proceeds, subordinate to only attorneys' fees and costs and medical liens. In any settlement of the Legal Claim where non-cash consideration is being paid to Seller, Seller agrees to use its reasonable best efforts to cause the adverse party in the Legal Claim to include sufficient cash to pay the Oasis Ownership Amount to Seller in full upon the initial payment of Proceeds.

     **6.2**    **Timely Payment.** All amounts owing to Purchaser on account of the Purchased Interest shall be paid to Purchaser to the extent that Proceeds from the Legal Claim are available to make payments to Purchaser. Seller shall pay such amounts to Purchaser within ten days of receipt of the Proceeds in the Legal Claim by Seller or Seller's Attorney, whichever occurs first. Amounts that are not paid in this timely manner shall earn interest at the highest rate permitted by law until paid in full.

     **6.4**    **Costs of Collection.** In addition to the Oasis Ownership Amount, all costs and expenses incurred by Purchaser in collecting the Oasis Ownership Amount shall be and become an additional amount owed to Purchaser pursuant to this Purchase Agreement including legal fees and expenses.

     **6.5**    **Power of Attorney.** Seller irrevocably designates, makes, constitutes and appoints Purchaser (and all persons or entities designated by Purchaser) as Seller's true and lawful agent and attorney-in-fact for all matters relating to this agreement and the collection of payments due under this agreement and during the continuation thereof, with power, without

# PURCHASE AGREEMENT
### PAGE 5 OF 8

notice to Seller, and at such time or times as Purchaser, in its sole and absolute discretion, may determine, in Seller's or Purchaser's name: (a) to provide Seller's Attorney with irrevocable written instructions that the Oasis Ownership Amount be paid directly to Purchaser in accordance with the terms of this Purchase Agreement; and (b) to do all acts and things necessary, in Purchaser's sole discretion, to fulfill Seller's obligations under this Purchase Agreement.

      **6.6**    **Manner of Payment.** All amounts payable to Purchaser pursuant to this Purchase Agreement shall be paid to Purchaser at the address for Purchaser provided in this Purchase Agreement or as otherwise provided by notice to Seller from Purchaser. Cash amounts shall be paid by check, in immediately available funds.

      **6.7**    **Installment Payments.** In the event the Proceeds are received by Seller or Seller's Attorney in two or more installment payments and the cash portion of the initial installment is less than the Oasis Ownership Amount (and Purchaser does not elect to satisfy the deficiency by any non-cash consideration available), the Present Value of each future installment payment received by Purchaser (and not the dollar amount of such payment) shall be applied to reduce the portion of the Oasis Ownership Amount remaining due to the Purchaser.

## SECTION 7. EVENT OF DEFAULT; SPECIFIC DEFAULT; RIGHT OF RESCISSION.

      **7.1**    **Event of Default.** The breach by Seller of any of Seller's obligations under this Purchase Agreement shall constitute an "Event of Default" hereunder. In an Event of Default, Purchaser shall have all rights, powers, and remedies provided in the Purchase Agreement and as allowed by law or in equity.

      **7.2**    **Specific Default.** IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.8), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

      **7.3**    **Seller's Right of Rescission.** CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE THE PURCHASE PRICE FROM PURCHASER.

TO CANCEL THIS AGREEMENT, YOU MUST EITHER:

      **(I)**    RETURN THE FULL AMOUNT OF THE PURCHASE PRICE TO PURCHASER BY DELIVERING THE UNCASHED CHECK TO PURCHASER IN PERSON WITHIN FIVE (5) BUSINESS DAYS; OR

      **(II)**    MAIL NOTICE OF CANCELLATION ALONG WITH REPAYMENT (EITHER BY RETURN OF PURCHASER'S UNCASHED CHECK, REGISTERED OR CERTIFIED CHECK, OR MONEY ORDER) BY INSURED, REGISTERED OR CERTIFIED U.S. MAIL, POSTMARKED ON OR WITHIN FIVE (5) BUSINESS DAYS OF RECEIVING THE PURCHASE PRICE, TO PURCHASER'S ADDRESS AS SET FORTH IN SECTION 8.3 BELOW.

## SECTION 8.   MISCELLANEOUS.

      **8.1**    **Expenses.** Except as otherwise provided in Section 8.11, all legal and other costs and expenses incurred in connection with this Purchase Agreement and the transactions contemplated hereby shall be paid by the party incurring such expenses.

      **8.2**    **Survival of Representations.** All of the representations, warranties, covenants and Purchase Agreements of the parties hereto contained in this Purchase Agreement or contained in any document furnished or to be furnished hereunder

## PURCHASE AGREEMENT
PAGE 6 OF 8

shall survive the date of this Purchase Agreement.

**8.3     Notices.** All notices and other communications given or made pursuant to this Purchase Agreement shall be in writing. All such notices or communications shall be deemed to have been given or made delivered personally or sent by registered or certified mail (postage prepaid, return receipt requested) or delivered by reputable overnight courier to the parties at the following addresses:

If to Purchaser, to:          Oasis Legal Finance, LLC
                              40 North Skokie Blvd, Suite 500
                              Northbrook, Illinois 60062
                              Attn:   Controller

and if to Seller, to the address set forth on the first page of this Purchase Agreement, or at such other addresses as either of the parties hereto shall have specified in writing to the other.

**8.4     Further Assurances.** Seller shall, at any time, and from time to time after the date hereof, upon request of Purchaser, do, execute, acknowledge and deliver, or cause to be done, executed, acknowledged and delivered, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances as may be reasonably required to carry out the terms of this Purchase Agreement and the transactions contemplated in this Purchase Agreement.

**8.5     Financing Statements and Additional Documents.** Seller irrevocably authorizes Purchaser at any time and from time to time to file in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto. Purchaser may indicate the following information in such financial statements and amendments: (a) Purchaser's ownership interest in the Legal Claim; (b) that a portion of the proceeds that are derived from the Legal Claim are owned by Purchaser; and (c) any other information required, in Purchaser's discretion, by the Uniform Commercial Code in any relevant jurisdiction. Seller agrees to furnish any information reasonably requested by Purchaser to facilitate the objectives of this Section 8.5.

**8.6     Release to Contact Third Parties.** As part of this Purchase Agreement it may be necessary to disclose information to third parties. Seller explicitly and irrevocably authorizes Purchaser to disclose any information to third parties as it deems appropriate. Seller releases Purchaser from any and all liability as a result of the release of any information.

**8.7     Cumulative Rights.** Each and all of the various rights, powers, and remedies of the parties set forth in this Purchase Agreement shall be considered as cumulative, with and in addition to any other rights, powers, or remedies of such party. No one such right, power, or remedy is or shall be exclusive of the others or is exclusive of any other rights, powers, and remedies allowed by law or in equity. The exercise, partial exercise, or non-exercise of any rights, powers, or remedies shall not constitute either the election, nor the waiver, of any other rights, powers, or remedies. All rights, powers, and remedies of the parties shall survive the termination of this Purchase Agreement.

**8.8     Waiver.** Any waiver by any party of its rights under this Purchase Agreement shall be in writing and signed by the party waiving such rights. The failure of either party to enforce, at any time, any of the provisions of this Purchase Agreement or any of the rights set forth in this Purchase Agreement, shall in no way be considered a waiver of such provisions, rights, or subsequent breaches thereof.

**8.9     Headings; Number and Gender.** The sections and other headings contained in this Purchase Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Purchase Agreement. References to the singular or plural shall include the other and references to the masculine, feminine and neuter genders shall include the others, as appropriate.

**8.10    Entire Agreement.** This Purchase Agreement constitutes the entire agreement between the parties and supersedes all other prior agreements and understandings, both oral and written, between the parties, with respect to the subject matter of this Purchase Agreement. This Purchase Agreement may only be modified or supplemented by a written amendment executed by all of the parties hereto.

# PURCHASE AGREEMENT
### PAGE 7 OF 8

**8.11    Governing Law and Forum.** This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement, shall be governed, construed and enforced in accordance with the laws of the State of Georgia.

The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

Each of the parties to the Contract further irrevocably consents to the service of process out of the Circuit Court of Cook County, Illinois by mailing copies thereof by Registered or Certified United States mail, postage prepaid, to each of the parties of the Purchase Agreement at its address specified in this Contract.

**8.12    Waiver of Jury Trial, Consolidation and Class Action; Costs.**

**THE PARTIES HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY. THE PARTIES ALSO WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY WITH ANY PROCEEDING ON ANY LAWSUITS, DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.**

**THE PREVAILING PARTY IN ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY SHALL BE ENTITLED TO ALL REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND DISBURSEMENTS WITH RESPECT TO SUCH LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY.**

**8.13    Attorneys' Fees.** In the event of a failure by any party to comply with the terms of this Purchase Agreement, the breaching party will pay all costs and expenses, including reasonable attorneys' fees, costs and expenses, incurred by the non-breaching party as a consequence of breaching party's failure to comply with this Purchase Agreement.

**8.14    Counterparts and Facsimile Signatures.** This Purchase Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same Purchase Agreement. This Purchase Agreement shall be deemed duly executed by Seller and Purchaser, respectively, upon the delivery of all of their respective executed signature pages by facsimile transmission to Seller or its attorney and Purchaser, as the case may be.

**8.15    Assignment; Use of Information.** Purchaser's rights and obligations under this Purchase Agreement may be assigned in its sole discretion without the consent of or notice to Seller. Seller's rights and obligations under this Purchase Agreement may not be assigned or transferred without the written consent of Purchaser, except for transfer by intestate due to Seller's death in which case Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller agrees that Purchaser may share information that Purchaser obtained about Seller (whether from Seller or other person or entity) with potential assignees to whom Purchaser may assign its rights and obligations under this Purchase Agreement, provided that: (i) such information is reasonably necessary to allow a potential assignee to make an informed decision whether to take assignment from Purchaser; and (ii) Purchaser enters into an appropriate confidentiality Purchase Agreement with any such potential assignee.

**8.16    No Third Party Beneficiaries; Successors and Assigns.** Subject to the provisions of Section 8.15, (a) this Purchase Agreement is solely for the benefit of Purchaser and Seller; and (b) this Purchase Agreement shall be binding upon and inure to the benefit of the parties' successors, heirs, estates, executors, personal representatives and permitted assigns.

## PURCHASE AGREEMENT
### PAGE 8 OF 8

**8.17    Severability.** If any provision of this Purchase Agreement or the application of any such provision to any party or circumstance shall be determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Purchase Agreement, or the application of such provision to such party or circumstances other than those to which it is so determined to be invalid or unenforceable, shall not be affected, and each provision of this Purchase Agreement shall be enforced to the fullest extent permitted by law. If any such court of competent jurisdiction declares that any term or provision of this Purchase Agreement is invalid or unenforceable, the parties hereto agree that such court shall have the power to modify the scope of such term or provision, to delete specific words or phrases, and to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable, and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Purchase Agreement shall be enforceable as so modified.

**8.18    Legal Representation.** Seller understands and acknowledges that: (a) Purchaser has recommended that Seller engage an attorney in connection with the execution and delivery of this Purchase Agreement; and (b) Seller has been represented by or has had the opportunity to be represented by an attorney of Seller's choosing in connection with the execution and delivery of this Purchase Agreement.

**8.19    Construction.** Without limitation of the provisions of Section 8.18, both parties have been represented by or have had the opportunity to be represented by an attorney of their choosing in connection with the execution and delivery of this Purchase Agreement. The parties intend that this Purchase Agreement be deemed to have been prepared by all of the parties and that no party shall be entitled to the benefit of any favorable interpretation or construction of any term or provision hereof under any rule or law with respect to the construction of this Purchase Agreement.

**[Remainder of page intentionally left blank]**

### IRREVOCABLE LETTER OF DIRECTION
Sent by Fax to (610) 660-0628 and by US Mail

July 17, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

Dear Christopher a. Gomez,

I, Larry Long, hereby irrevocably direct Christopher a. Gomez or any subsequent attorney(s) and law firms that may represent me, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Oasis Ownership Amount per the Purchase Agreement I have executed with Oasis Legal Finance, LLC, before releasing any funds to me. If any dispute arises over the amount owed Oasis, I instruct you NOT to release any funds to me until that dispute is resolved. If a check is sent in my name, I hereby grant you a limited, irrevocable power of attorney to endorse and deposit my check into your trust account and pay Oasis Legal Finance, LLC, in full, before releasing any funds to me.

I have read the Purchase Agreement and fully understand my obligations. I understand that Oasis has relied on this Irrevocable Letter of Direction to fund the Purchase Agreement, that the purchase price is $3,000.00, and that the Oasis Ownership Amount will increase based on a multiple of the purchase price and the date Oasis receives payment per the Purchase Agreement. In the event that you no longer represent me, I instruct you to provide Oasis with any insurance, attorney or other information requested that will allow it protect its interest and to follow my irrevocable instructions. This letter may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute an agreement. By signing the acknowledgement below, you acknowledge that this letter is from me and that you comply with this Irrevocable Letter of Direction.

Sincerely,


_____

**Larry Long**

### ATTORNEY ACKNOWLEDGMENT
*(Plus Oasis Items add)*

- I, Christopher a. Gomez, Esq., acknowledge receipt of this Letter from my client.
- My fee agreement is on a contingency basis and there are liens (exclusive of attorneys fees and costs) against the case of approximately $ 6000/____, and I will honor my client's irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees, costs and appropriate medical liens as per instructions above.
- I fully expect and anticipate that any settlement check will be sent to me from the defendant and/or insurance company, and not to the Plaintiff, and I agree that all disbursements of funds, including plaintiff's share of proceeds, will be through my attorney trust account
- To the best of my knowledge, Larry Long has NOT received any previous cash advances on his/her legal claim(s), except for the Purchase Agreements dated Feb 27, 2008 and Mar 19, 2008 with Oasis Legal Finance, LLC.
- Without the prior written consent of Oasis Legal Finance, LLC, I will not participate in or acknowledge any future cash advances for Larry Long.

_____
Christopher a. Gomez, Esq.

How should we contact your office for case updates?

Cgomez@ dichratbw.com
E-mail is Preferred (or Fax Number)

**IRREVOCABLE LETTER OF DIRECTION**
Sent by Fax to (610) 660-0628 and by US Mail

July 18, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

Dear Christopher a. Gomez,

I, Larry Long, hereby irrevocably direct Christopher a. Gomez or any subsequent attorney(s) and law firms that may represent me, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to me from the legal claim(s)/case(s) in which you represent me, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Oasis Ownership Amount per the Purchase Agreement I have executed with Oasis Legal Finance, LLC, before releasing any funds to me. If any dispute arises over the amount owed Oasis, I instruct you NOT to release any funds to me until that dispute is resolved. If a check is sent in my name, I hereby grant you a limited, irrevocable power of attorney to endorse and deposit my check into your trust account and pay Oasis Legal Finance, LLC, in full, before releasing any funds to me.

I have read the Purchase Agreement and fully understand my obligations. I understand that Oasis has relied on this Irrevocable Letter of Direction to fund the Purchase Agreement, that the purchase price is $3,150.00, and that the Oasis Ownership Amount will increase based on a multiple of the purchase price and the date Oasis receives payment per the Purchase Agreement. In the event that you no longer represent me, I instruct you to provide Oasis with any insurance, attorney or other information requested that will allow it protect its interest and to follow my irrevocable instructions. This letter may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute on agreement. By signing the acknowledgement below, you acknowledge that this letter is from me and that you comply with this Irrevocable Letter of Direction.

Sincerely,

_Larry Jong_

_____
Larry Long

**ATTORNEY ACKNOWLEDGMENT**

- I, Christopher a. Gomez, Esq., acknowledge receipt of this Letter from my client.
- My fee agreement is on a contingency basis and there are liens (exclusive of attorneys fees and costs) against the case of approximately $_____, and I will honor my client's irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees, costs and appropriate medical liens as per instructions above.
- I fully expect and anticipate that any settlement check will be sent to me from the defendant and/or insurance company, and not to the Plaintiff, and I agree that all disbursements of funds, including plaintiff's share of proceeds, will be through my attorney trust account
- To the best of my knowledge, Larry Long has NOT received any previous cash advances on his/her legal claim(s), except for the Purchase Agreements dated Feb 27, 2008 and Mar 19, 2008 with Oasis Legal Finance, LLC.
- Without the prior written consent of Oasis Legal Finance, LLC, I will not participate in or acknowledge any future cash advances for Larry Long.

How should we contact your office for case updates?


_____          _____
Christopher a. Gomez, Esq.          E-mail is Preferred (or Fax Number)


338113 0.0 85453 20080718091517          Case ID: P-GA-85453          All Ver. 2.0

# **Oasis** Legal Finance

# NOTICE OF LIEN AND ASSIGNMENT

July 17, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

RE:    OUR CLIENT: **Larry Long**
       OURCASE ID: **P-GA-85453**

Dear Christopher a. Gomez,

Oasis Legal Finance LLC has entered into a Purchase Agreement (attached) with Larry Long. Oasis Legal Finance has purchased an interest in the potential proceeds from the legal claim of Larry Long.

**PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM THE CLIENTS PORTION OF THE SETTLEMENT, JUDGEMENT OR OTHER RESOLUTION UNTIL OUR PURCHASED INTEREST HAS BEEN SATISFIED.**

### OASIS OWNERSHIP AMOUNT

| Payment Schedule | Oasis Ownership Amount (Payoff Amount) |
|---|---|
| July 17, 2008 to January 16, 2009 | $4,500.00 |
| January 17, 2009 to July 16, 2009 | $4,950.00 |
| July 17, 2009 to October 16, 2009 | $6,750.00 |
| October 17, 2009 to January 16, 2010 | $7,500.00 |
| January 17, 2010 to July 16, 2010 | $8,250.00 |
| July 17, 2010 to January 16, 2011 | $9,750.00 |
| January 17, 2011 and thereafter | $10,500.00 |

**Please call (866) 206-4800 (Press Option 6) or by fax at (847) 521-4392 to receive more information about payment.**

**40 North Skokie Blvd, Suite 500, Northbrook, IL 60062**
**Phone (866) 206-4800 – Fax (847) 521-4392**
**@F211 1 (610) 660-0628 @**
**@F307 P-GA-85453 @**
**@F201 416035 @**

## OASIS LEGAL FINANCE, LLC PRIVACY POLICY
Effective date February 2008

At Oasis Legal Finance we are committed to providing you the best service while earning your trust. A critical part of earning that trust is protecting your privacy rights. We acknowledge your right to keep your own non-public information confidential and, because of this, we have created this document to explain our privacy policy to you. In addition, we are complying with both state and federal laws which require financial services companies to notify you, our valued customers, about how we intend to treat your non-public personal information that you have entrusted us with.

We want our customers to be aware of what information Oasis collects and how it is handled, with whom the information may be shared, and the customer's "opt out" rights.

### I. NON-PUBLIC PERSONAL INFORMATION
To provide reliable, quality service Oasis Legal Finance must collect certain non-public personal financial, legal, and medical information regarding its customers and potential customers. This is information that you or your attorney provides to us on applications and other forms, by phone, fax, the internet, or other delivery services. This information may include, but is not limited to, your date of birth, employment and income information, specific medical information pertaining to your personal injury, specific case details and claims information, witness statements and police reports.

### II. OASIS LEGAL FINANCE'S COLLECTION AND USE OF INFORMATION

Generally, all non-public personal information that Oasis Legal Finance collects when you or your attorney speak to an Oasis Legal Finance representative, or via any of Oasis' web sites when you inquire about or complete and application for one or more of our products or services (or begin the inquiry or application process, whether you complete the process or not), is maintained solely by Oasis Legal Finance in accordance with this privacy statement.

Oasis Legal Finance uses non-public personal information (I) for the stated purpose for which such information is gathered; (II) for marketing analysis and sales planning purposes, (III) for servicing and collection purposes; (IV) for legal, financial, accounting and tax record keeping; (V) for other business purposes associated with its services and (VI) requirements imposed by governmental authorities.

However, in an effort to provide a diversity of product and service offers that may benefit our customers or potential customers, Oasis Legal Finance may provide non-public information on our customers to affiliated and unaffiliated companies. This non-public information may include, but is not limited to, name, address, phone number (s), details of Oasis' transaction with the customer, case details, related attorney information, and employment information. At no time will we ever disclose any medical information. If however, additional information is collected or maintained by any company other than Oasis Legal Finance, that other company's privacy policy will govern the treatment of information. Where possible, Oasis Legal Finance requires that such parties treat such information in accordance with this Privacy Policy.

#### A. Exceptions
Oasis Legal Finance will disclose non-public personal information that is collected and kept about any person to be confidential and will not disclose it to a third party unless and if (i) disclosure is necessary to render the Oasis Legal Finance services and to perform related business activities expressed in this privacy policy; (ii) disclosure is required pursuant a request for specific customer information to comply with a Subpoena, Court Order, and/or other legal instrument, legal proceeding or relevant law, including compliance with the USA Patriot Act; or (iii) there is an immediate, imminent threat to the safety of any person at Oasis Legal Finance. Upon a customer's act of submitting such information to Oasis Legal Finance, the customer acknowledges and agrees to the terms and conditions of this Privacy Policy, and the customer shall indemnify, defend and hold harmless Oasis Legal Finance, its parent company, agents, employees and subsidiaries, from and against any and all claims, loss, damage, cost or expense (including attorney's fees) to the extent such claims directly arise as a result of actions taken by Oasis Legal Finance or the within

Privacy Policy.

#### B. Oasis Legal Finance Web Sites
Oasis Legal Finance currently operates several web sites. The Oasis Legal Finance sites may also contain links to web sites that are not affiliated with Oasis Legal Finance that may or may not have similar practices in place to protect the privacy of information that you supply. Oasis Legal Finance encourages everyone to review the privacy statements of each of the sites that are linked to or accessed from Oasis Legal Finance's web site so that there will be no surprise as to how each visited site collects, uses and distributes information.

#### C. Cookies
Cookies are small text files that are utilized to enable a continuous connection to web sites, making it more convenient to visit pages within a web site without the need to download the web site each time. Cookies will only contain information that a user may choose to volunteer. Cookies are meant to assist the user to visit a web site in a seamless fashion. Cookies are particularly useful in facilitating Web transactions that span multiple pages, i.e., applications, making travel arrangements, online banking, Internet shopping.

As the customer transmits each subsequent page of information to the server, the server will ask the individual's computer for the Cookie to confirm the individual's identity without requiring the individual to login each time. The Cookie will not run any programs, will not carry viruses to or cause malfunction of a computer. The Cookie will only be read by Oasis Legal Finance's web server and used to expedite customer interaction with our web site.

### III. OASIS LEGAL FINANCE'S DATA RETENTION POLICY
Oasis Legal Finance's Corporate Policy for data retention pertaining to its customer's non-public personal information is for the life of the account, plus an additional two (2) years.

### IV. OASIS LEGAL FINANCE'S INFORMATION SECURITY
Oasis Legal Finance is committed to the confidential treatment of all non-public personal information that it receives from you, both on computer servers, physically or otherwise. We maintain physical, electronic, and procedural safeguards that comply with federal and state regulations to guard your non-public personal information, and secures your information from unauthorized access, use and disclosure in secure environments. To this end, we use industry-standard methods such as firewalls, encryption and system access controls, and our security practices are regularly reviewed against industry best practices by internal staff and independent third parties.

All non-public personal information that Oasis Legal Finance collects is accessible by Oasis Legal Finance employees and contractors, and to the extent required for the tax, accounting, legal and other professionals hired by Oasis Legal Finance to fulfill their fiduciary or representative duty. All such professionals are bound to maintain the confidentiality of information supplied to them by contractual or ethical obligations.

### VI. "OPT-OUT" PROVISION
Oasis Legal Finance offers any person the opportunity to "opt-out" of receiving future offers from Oasis or from affiliated and unaffiliated companies. To remove your information from our database so as not to receive future advertising communications, you can send an email to optout@oasislegal.com. Or you can send a written correspondence to the same effect to:
Opt-Out
Oasis Legal Finance, LLC
40 N. Skokie Blvd, Suite 500
Northbrook, IL 60062

Please note that it may take up to 60 days from the date of receipt of notification for your request to become active. In your opt-out instructions, so that we can accurately remove your record, please include your name, address, phone number, and attorney's name that handled your case.

### VII. REVISION OF THIS POLICY
This Privacy Policy may be revised from time to time by Oasis Legal Finance. Amendments to this policy will be effective when posted to our website at www.oasislegal.com.

Case 2:05-md-01657-EEF-DEK Document 30154-3 Filed 12/17/09 Page 45 of 48

07/18/2008 Fri 08:04    From: The Miller Firm, LLC    To: 18475214360    Page: 16/18    Date: 7/18/2008 9:37:46 AM
                        From: (847) 521-4315    Oasis Legal Finance    (847) 521-4315    Date: 7/18/2008 9:05:31 AM
                                                                                        ID: #101938  Page 17 of 17

339045 0.0 85453 20080717174444          Case ID: P-OA-85453          All Ver. 2.0

# **Oasis** Legal Finance

### CREDIT AND INFORMATION RELEASE

Oasis Legal Finance, LLC may obtain a consumer credit report and/or other financial and credit information as part of the proposed transaction.

PLEASE READ CAREFULLY: BY MY SIGNATURE BELOW, I hereby authorize, without any reservation any credit reporting agency, information service bureau, institution, attorney, or insurance company contacted by Oasis Legal Finance, LLC or its agents, to furnish a credit report, other financial, credit or legal information, information concerning liens and judgments against me and other information requested as part of the proposed transaction and at any time after the transaction until I have completely satisfied my obligations under the agreement.

This authorization is valid for purposes of verifying information given pursuant to business negotiations, or any other lawful purpose covered under the Fair Credit Reporting Act. (FCRA).
Upon written request, we will tell you whether we have obtained a credit report and, if so, the name and address of the credit reporting agency that provided it. We also request that by signing below, you certify the information provided by you to Oasis Legal Finance, LLC in your application and underwriting process is true, accurate and complete. You also authorize Oasis Legal Finance LLC to report this transaction and matters related to it to any of the above entities.

Additionally, I the undersigned, direct and authorize my attorney and any subsequent attorney(s) to cooperate and release to Oasis Legal Finance, LLC ("Oasis"), or its affiliates any and all information and documents pertaining to my current legal claim or lawsuit, including pleadings, discovery, investigation, contracts, medical records/reports, depositions, and all other information in the file not protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges or protections. A copy and/or facsimile of this authorization bearing the signature of the undersigned shall be deemed to be the equivalent of the original.

I certify that the information provided by me to Oasis in my application is true, accurate, and complete.

Larry Long

_____
Signature

_7 / 18 / 08_
Date

_432047254_
Social Security Number

_678508 6431_
Telephone Number

_03/06/1953_
Date of Birth

Mail
PO Box 2335 Woodstock GA          30188
Street Address
336 Burdock Trace   Woodstock GA 30188
City          State          Zip Code
Physica

# **Oasis** Legal Finance

# NOTICE OF LIEN AND ASSIGNMENT

July 18, 2008

Christopher a. Gomez, Esq.
555 East City Ave
Bala Cynwyd, PA 19004

RE:     OUR CLIENT: **Larry Long**
        OURCASE ID: **P-GA-85453**

Dear Christopher a. Gomez,

Oasis Legal Finance LLC has entered into a Purchase Agreement (attached) with Larry Long. Oasis Legal Finance has purchased an interest in the potential proceeds from the legal claim of Larry Long.

## **PLEASE BE ADVISED THAT YOU MAY NOT DISBURSE ANY FUNDS FROM THE CLIENTS PORTION OF THE SETTLEMENT, JUDGEMENT OR OTHER RESOLUTION UNTIL OUR PURCHASED INTEREST HAS BEEN SATISFIED.**

### **OASIS OWNERSHIP AMOUNT**

| **Payment Schedule** | **Oasis Ownership Amount (Payoff Amount)** |
|---|---|
| July 18, 2008 to January 17, 2009 | $4,725.00 |
| January 18, 2009 to July 17, 2009 | $5,197.50 |
| July 18, 2009 to October 17, 2009 | $7,087.50 |
| October 18, 2009 to January 17, 2010 | $7,875.00 |
| January 18, 2010 to July 17, 2010 | $8,662.50 |
| July 18, 2010 to January 17, 2011 | $10,237.50 |
| January 18, 2011 and thereafter | $11,025.00 |

**Please call (866) 206-4800 (Press Option 6) or by fax at (847) 521-4392 to receive more information about payment.**

**40 North Skokie Blvd, Suite 500, Northbrook, IL 60062**
**Phone (866) 206-4800 – Fax (847) 521-4392**
@F211 1 (610) 660-0628 @
@F307 P-GA-85453 @
@F201 416103 @

**OASIS LEGAL FINANCE, LLC PRIVACY POLICY**
Effective date February 2008



## **EXHIBIT 3**



Oasis Legal Finance, LLC 40 N Skokie Blvd, 5th Floor Northbrook, Illinois 60062
**P: (847) 521-4305**
F: 847-521-4391
**www.oasislegal.com**

October 5, 2009

**Via Email to smonroe@browngreer.com**
Scott Monroe
BrownGreer PLC

Re:   Payoff for Larry Long Case P-GA-85453- **$23,587.50 – Valid Until October 20, 2009**

Dear Mr. Greer:

Pursuant to the Purchase Agreement between Larry Long and Oasis Legal Finance, LLC, a total of **$23,587.50** is currently due and owing as of today's date, October 5, 2009. Payment is due within 10 days of your receipt of proceeds.

**This payoff amount will increase to $24,375.00 on October 21, 2009 and will continue to accrue fees until paid.**

Please send a check payable to Oasis Legal Finance, LLC to the following address:

**Oasis Legal Finance, LLC**
**40 N Skokie Blvd, 5th Floor**
**Northbrook, IL  60062**
**Attn: Controller**
**Tax ID #331033375**

Please direct any questions or correspondence to me at 888-529-1253.

Sincerely,

Minerva Fox
Servicing Department