02/25/2008 Mon 15:50          Oasis Legal Finance   (847) 821-4315         ID: #31256  Page 6 of 15

# PURCHASE AGREEMENT
## PAGE 1 OF 8

| | |
|---|---|
| Purchaser: | Oasis Legal Finance, LLC (Oasis) |
| Seller: | Larry Long |
| Purchase Price: | $3,000.00 |

**Payment Schedule** — Oasis Ownership Amount

| | Oasis Ownership Amount (Payoff Amount) |
|---|---|
| February 25, 2008 to August 24, 2008 | $4,500.00 |
| August 25, 2008 to February 24, 2009 | $4,950.00 |
| February 25, 2009 to May 24, 2009 | $6,750.00 |
| May 25, 2009 to August 24, 2009 | $7,500.00 |
| August 25, 2009 to February 24, 2010 | $8,250.00 |
| February 25, 2010 to August 24, 2010 | $9,750.00 |
| August 25, 2010 and thereafter | $10,500.00 |

IF SELLER COMPLIES WITH THIS PURCHASE AGREEMENT AND RECOVERS NOTHING FROM THE LEGAL CLAIM CITED BELOW, THEN PURCHASER SHALL RECEIVE NOTHING. SELLER IS NOT ENTITLED TO RECEIVE ANY PROCEEDS UNTIL PURCHASER HAS RECEIVED THE OASIS OWNERSHIP AMOUNT.

IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.8), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT, REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

**Fully Informed:** Seller fully understands the terms and conditions of this eight (8) page Purchase Agreement. Seller has had an opportunity to read this Purchase Agreement and to consult with such advisors as Seller deems appropriate, including attorneys and tax advisors. Seller has not relied on any statement, assurance, representation or warranty, whether written or oral, of Purchaser or any other person in connection with Seller's decision to enter into this Purchase Agreement.

SELLER: Larry Long    Address: 399 Balsam Circle, Woodstock, GA 30188
                              386 Burdock Trace Woodstock GA
                     mailing: PO Box 2335 Woodstock GA 30188

Home Phone: 770-627-3864    Work Phone: _____    Other Phone: _____

Drivers License #: 053355719    State Issued: GA    SS #: _____    Date of Birth: 02/06/1953

**Legal Claim:** personal injury or other claim that is currently being pursued by my attorney Christopher a. Gomez. (See Section 1.1 for complete definition)

Seller sells and assigns all of Seller's right, title and interest in and to the Purchased Interest to Purchaser, and Purchaser purchases the Purchased Interest from Seller on the terms and conditions provided in this Purchase Agreement. The purchase of the Purchased Interest shall entitle Purchaser to receive the Oasis Ownership Amount (See above and Section 1.2). As consideration for the sale of the Purchased Interest, Purchaser shall pay the Purchase Price to Seller. Capitalized terms have the meanings set forth in Section 1 of this Purchase Agreement.

I certify that I have read and agree to the statements above and the entire Purchase Agreement consisting of eight (8) pages. I agree to be bound by the terms and conditions of this Purchase Agreement. This Agreement shall not be effective until the Purchase Price is paid to Seller.

Seller's Signature    Date    Purchaser' Signature    Date
                      2/25/08                         2/27/08
Larry Long                    Oasis Legal Finance, LLC

Case ID: P-GA-85453

All Ver. 1.7

**EXHIBIT A**

02/25/2008 21:44 FAX                                                                                     ☒005/013

02/25/2008 MON 15:50    Oasis Legal Finance    (847) 621-4315           ID: #34256   Page 7 of 15

## PURCHASE AGREEMENT
PAGE 2 OF 8

**Background**

Seller is the plaintiff in the Legal Claim. In order to ensure the receipt of some proceeds in connection with the Legal Claim without regard to its outcome, Seller desires to sell an interest in the Proceeds to Purchaser. Purchaser desires to purchase an interest in the Proceeds from Seller of the Legal Claim.

**SECTION 1.   DEFINITIONS.**

1.1   "Legal Claim" means (a) the pending legal action and/or lawsuit to obtain money or property in which the Seller is engaged as a result of injuries and/or damages arising out of a personal injury or other claim; (b) all applicable proceedings, proceedings on appeal or remand, enforcement, ancillary, parallel, or alternative dispute resolution proceedings and processes arising out of or relating to such case; (c) any other proceedings founded on the underlying facts giving rise to such case in which Seller is a party; and (d) any arrangements made with Seller with another party to such case which resolves any of the Seller's claims against such party.

1.2   "Oasis Ownership Amount" is the amount Purchaser is to be paid out of the Proceeds and as determined as of the date Purchaser receives payment based on the Payment Schedule on Page 1 of this Purchase Agreement.

1.3   "Present Value" means, with respect to any payment received by Purchaser, the present value of the amount of such payment, discounted at the rate of 17% per annum (compounding annually on a 365 days year basis) from the date on which such payment is received by Purchaser to the date on which the Oasis Ownership Amount is determined.

1.4   "Proceeds" means all property or things of value payable on account of the Legal Claim including, without limitation, cash, negotiable instruments, contract rights, annuities and securities whether obtained by judgment, settlement, arbitral award or otherwise. Without limitation of the foregoing, "Proceeds" shall include a reasonable estimate of the monetary value of all non-cash benefits receivable by Seller on account of the Legal Claim.

1.5   "Purchased Interest" means the right to receive a portion of the Proceeds equal to the Oasis Ownership Amount on the further terms and conditions provided for in this Purchase Agreement.

1.6   "Purchaser" means Oasis Legal Finance, LLC (Oasis).

1.7   "Seller" means Larry Loup.

1.8   "Seller's Attorney" means, collectively, Christopher a. Gomez, Esq., which is Seller's attorney(s) in respect of the Legal Claim and any substitute, new or additional attorney representing Seller in the Legal Claim.

**SECTION 2.   SELLER'S STATEMENTS.**   Seller states to Purchaser as follows:

2.1   Title; Capacity. Seller believes the Legal Claim to be meritorious and filed in good faith. Seller is the plaintiff in the Legal Claim and has full right, title and interest in, to and under the Legal Claim and the Proceeds. Seller has the capacity and authority to enter into this Purchase Agreement and perform Seller's obligations set forth in this Purchase Agreement.

2.2   Effect of Purchase Agreement; Binding and Enforceable. The execution, delivery and performance of this Purchase Agreement and the obligations set forth in this Purchase Agreement do not conflict with, or result in the breach or termination of, any provision of, or constitute a default under, any instrument or Purchase Agreement to which Seller is a party. This Purchase Agreement constitutes the legal, valid and binding Purchase Agreement of Seller, enforceable in accordance with its terms.

2.3   Information True, Complete and Correct. Seller has provided Purchaser with true, correct and complete copies of all documents in connection with Purchaser's examination of the Legal Claim. Seller has truthfully and completely responded to all questions asked by Purchaser in connection with the Legal Claim. Seller has informed Purchaser of the status of all actions, facts and circumstances that materially affect or impair the Legal Claim, Seller's rights in connection with the Legal Claim or the amount of the Proceeds. All documents and responses provided to Purchaser do not

Case ID: F-GA-85453                                    AB Ver. 1.7

02/25/2008 16:21   6263840833   EASY LAWSUIT FUNDING   PAGE 07/15

## PURCHASE AGREEMENT
### PAGE 3 OF 8

make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

SECTION 3. SELLER'S ACKNOWLEDGEMENTS. Seller acknowledges the following:

3.1  **Risk of Loss; No Loan Transaction.** The purchase of the Purchased Interest and the other transactions contemplated by this Purchase Agreement involve a substantial economic risk and a bona fide risk of loss to Purchaser. The Oasis Ownership Amount has been negotiated to account for such risk. The sale and assignment of the Purchased Interest is an absolute assignment and not a loan secured by a collateral assignment of the Purchased Interest.

3.2  **No Attorney-Client Relationship; No Obligations with Respect to Legal Claim.** Purchaser is not engaged in the practice of law and is not serving as Seller's attorney. Purchaser's sole obligation under this Purchase Agreement is to pay the Purchase Price hereunder. Purchaser does not assume or have any responsibility or obligation of any kind whatsoever to Seller or Seller's Attorney in connection with the Legal Claim, including, without limitation, any obligation to pay court costs or other expenses.

3.3  **No Directions as to Use of Purchase Price.** Purchaser has imposed no conditions on Seller's use of the Purchase Price.

3.4  **No Previous Assignment.** Seller has not sold, assigned, pledged, transferred, or encumbered any interest in the Legal Claim or the Proceeds. There are no pending or threatened claims, liens, assignments, encumbrances or judgments against Seller or Seller's assets that would materially impair the value, priority or collectibility of the Proceeds payable to Seller in connection with the Legal Claim or the amounts owed to Purchaser pursuant to this Purchase Agreement.

SECTION 4. PURCHASER'S ACKNOWLEDGEMENT.

4.1  **Purchaser's Acknowledgment.** Purchaser acknowledges and agrees that Purchaser shall have no right to and will not make any decisions with respect to the conduct of the Legal Claim or any settlement or resolution thereof and that the right to make such decisions remains solely with Seller and Seller's Attorney.

SECTION 5. SELLER'S AGREEMENTS. Seller agrees as follows:

5.1  **Treatment of Transaction.** Seller agrees to treat and report the sale and purchase of the Purchased Interest as a sale transaction and not as a loan for all purposes (including tax purposes).

5.2  **Treatment in Bankruptcy.** If Seller commences or has commenced against it any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment of the full Oasis Ownership Amount to Purchaser, Seller shall cause the Purchased Interest to be described as an asset of Purchaser (and not as a debt obligation of Seller) in any oral or written communications, including, without limitation, any schedule or other document filed in connection with such case or proceeding.

5.3  **No Further Assignment.** Seller shall not sell, assign, pledge, or transfer (whether voluntarily, by operation of law or otherwise) any interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser, except for transfers by intestate due to Seller's death. In the event an interest in the Legal Claim or the Proceeds is transferred by intestate due to Seller's death, Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller shall not permit or grant any security interest, lien, or encumbrance to attach to Seller's interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser.

5.4  **Prosecution of Claim.** Seller intends to use its best efforts to prosecute the Legal Claim and to bring the Legal Claim to good faith settlement or final judgment. Upon settlement or final judgment, Seller shall use its best efforts to enforce collection of all sums due pursuant to any judgment or other award made with respect to the Legal Claim.

5.5  **Requests for Information.** At Purchaser's reasonable request, Seller agrees (and Seller's Attorney is authorized by Seller) to provide to Purchaser copies of non-privileged materials including: (a) pleadings, notices, orders, motions, briefs or other documents filed in the Legal Claim by any person or party, (b) correspondence, Purchase Agreements,

## PURCHASE AGREEMENT
### PAGE 4 OF 8

or written proposals, or written summaries of any oral Purchase Agreements or proposals, from or to Seller or Seller's Attorney or the Proceeds, (c) all medical records of Seller or information regarding any medical lien, and (d) documents relating to any other material developments with respect to the Legal Claim or the Proceeds.

**5.6   Mandatory Documents and Reports of Supplementary Information.** Seller shall provide Purchaser with prompt written notice of: (a) any receipt by Seller or Seller's Attorney of Proceeds and (b) any notices of or documents evidencing any receipt of payments or promises to make payments on account of the Legal Claim.

**5.7   Facilitation of Payments.** If Seller's Attorney or any other person possesses Proceeds that are payable to Purchaser, Seller shall execute and deliver such documents or other instruments and take such other actions as may be reasonably requested by any person to direct or otherwise facilitate the payment of such Proceeds to Purchaser.

**5.8   Substitution of Attorneys in the Legal Claim.** If Seller determines to hire new or additional attorneys to represent Seller in the Legal Claim, Seller agrees that, prior to such hiring, Seller shall (a) provide Purchaser with written notice of such determination and (b) deliver a copy of the Irrevocable Letter of Direction to such new or additional attorney, (c) require such new or additional attorney to execute and deliver to Purchaser an Attorney Acknowledgement of the Irrevocable Letter of Direction. Any such new or additional attorney(s) shall be considered part of "Seller's Attorney in the Legal Claim" upon such hiring for all purposes of this Agreement.

**5.9   Restrictive Agreement.** Seller shall use reasonable efforts not to enter into any settlement agreement or covenant that restricts Purchaser's access to (or Seller's obligation to provide to Purchaser) information relating to the Proceeds or any settlement in connection therewith.

**5.10   Waiver of Defenses.** Seller waives any and all defenses with respect to the sale of the Purchased Interest and agrees not to avoid payment of any Proceeds that are payable to Purchaser. Seller has not, and shall not, directly or indirectly, in any manner, delay, seek to prevent, impair or frustrate the rights granted to Purchaser under this Purchase Agreement or payment of the Purchased Interest sold to Purchaser.

### SECTION 6.   PAYMENT AND PRIORITY.

**6.1   Priority Payment to Purchaser.** Purchaser and Seller acknowledge that the Purchased Interest may be worthless. Purchaser accepts the risk of loss with respect to the Purchased Interest. Seller's obligation to make payments to Purchaser pursuant to this Purchase Agreement is limited to amounts recovered by Seller in the Legal Claim unless Seller defaults under this Purchase Agreement. The Oasis Ownership Amount shall be determined as of the date Oasis receives payment in full from or on behalf of Seller. Seller shall not be entitled to receive any Proceeds until Purchaser has received the Oasis Ownership Amount. Purchaser shall have the option, but not the obligation, to accept non-cash consideration on account of the Oasis Ownership Amount and may require Seller to accept non-cash consideration while Purchaser receives cash consideration. If the Proceeds are insufficient to pay the Oasis Ownership Amount in full, Purchaser shall receive all of the Proceeds, subordinate to only attorneys' fees and costs and medical liens. In any settlement of the Legal Claim where non-cash consideration is being paid to Seller, Seller agrees to use its reasonable best efforts to cause the adverse party in the Legal Claim to include sufficient cash to pay the Oasis Ownership Amount to Seller in full upon the initial payment of Proceeds.

**6.2   Timely Payment.** All amounts owing to Purchaser on account of the Purchased Interest shall be paid to Purchaser to the extent that Proceeds from the Legal Claim are available to make payments to Purchaser. Seller shall pay such amounts to Purchaser within ten days of receipt of the Proceeds in the Legal Claim by Seller or Seller's Attorney, whichever occurs first. Amounts that are not paid in this timely manner shall earn interest at the highest rate permitted by law until paid in full.

**6.4   Costs of Collection.** In addition to the Oasis Ownership Amount, all costs and expenses incurred by Purchaser in collecting the Oasis Ownership Amount shall be and become an additional amount owed to Purchaser pursuant to this Purchase Agreement including legal fees and expenses.

**6.5   Power of Attorney.** Seller irrevocably designates, makes, constitutes and appoints Purchaser (and all persons or entities designated by Purchaser) as Seller's true and lawful agent and attorney-in-fact for all matters relating to this agreement and the collection of payments due under this agreement and during the continuation thereof, with power, without

## PURCHASE AGREEMENT
### PAGE 5 OF 8

notice to Seller, and at such time or times as Purchaser, in its sole and absolute discretion, may determine, in Seller's or Purchaser's name; (a) to provide Seller's Attorney with irrevocable written instructions that the Oasis Ownership Amount be paid directly to Purchaser in accordance with the terms of this Purchase Agreement; and (b) to do all acts and things necessary, in Purchaser's sole discretion, to fulfill Seller's obligations under this Purchase Agreement.

6.6   Manner of Payment. All amounts payable to Purchaser pursuant to this Purchase Agreement shall be paid to Purchaser at the address for Purchaser provided in this Purchase Agreement or as otherwise provided by notice to Seller from Purchaser. Cash amounts shall be paid by check, in immediately available funds.

6.7   Installment Payments. In the event the Proceeds are received by Seller or Seller's Attorney in two or more installment payments and the cash portion of the initial installment is less than the Oasis Ownership Amount (and Purchaser does not elect to satisfy the deficiency by any non-cash consideration available), the Present Value of each future installment payment received by Purchaser (and not the dollar amount of such payment) shall be applied to reduce the portion of the Oasis Ownership Amount remaining due to the Purchaser.

### SECTION 7. EVENT OF DEFAULT; SPECIFIC DEFAULT; RIGHT OF RESCISSION.

7.1   Event of Default. The breach by Seller of any of Seller's obligations under this Purchase Agreement shall constitute an "Event of Default" hereunder. In an Event of Default, Purchaser shall have all rights, powers, and remedies provided in the Purchase Agreement and as allowed by law or in equity.

7.2   Specific Default. IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.5), AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT OF TWO TIMES (2X) THE HIGHEST OASIS OWNERSHIP AMOUNT REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

7.3   Seller's Right of Rescission. CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE THE PURCHASE PRICE FROM PURCHASER.

TO CANCEL THIS AGREEMENT, YOU MUST EITHER:

(I)   RETURN THE FULL AMOUNT OF THE PURCHASE PRICE TO PURCHASER BY DELIVERING THE UNCASHED CHECK TO PURCHASER IN PERSON WITHIN FIVE (5) BUSINESS DAYS; OR

(II)  MAIL NOTICE OF CANCELLATION ALONG WITH REPAYMENT (EITHER BY RETURN OF PURCHASER'S UNCASHED CHECK, REGISTERED OR CERTIFIED CHECK, OR MONEY ORDER) BY INSURED, REGISTERED OR CERTIFIED U.S. MAIL, POSTMARKED ON OR WITHIN FIVE (5) BUSINESS DAYS OF RECEIVING THE PURCHASE PRICE, TO PURCHASER'S ADDRESS AS SET FORTH IN SECTION 8.3 BELOW.

### SECTION 8. MISCELLANEOUS.

8.1   Expenses. Except as otherwise provided in Section 8.11, all legal and other costs and expenses incurred in connection with this Purchase Agreement and the transactions contemplated hereby shall be paid by the party incurring such expenses.

8.2   Survival of Representations. All of the representations, warranties, covenants and Purchase Agreements of the parties hereto contained in this Purchase Agreement or contained in any document furnished or to be furnished hereunder

## PURCHASE AGREEMENT
### PAGE 6 OF 8

shall survive the date of this Purchase Agreement.

    8.3    Notices. All notices and other communications given or made pursuant to this Purchase Agreement shall be in writing. All such notices or communications shall be deemed to have been given or made delivered personally or sent by registered or certified mail (postage prepaid, return receipt requested) or delivered by reputable overnight courier to the parties at the following addresses:

    If to Purchaser, to:    Oasis Legal Finance, LLC
                              40 North Skokie Blvd, Suite 500
                              Northbrook, Illinois 60062
                              Attn:    Controller

and if to Seller, to the address set forth on the first page of this Purchase Agreement, or at such other addresses as either of the parties hereto shall have specified in writing to the other.

    8.4    Further Assurances. Seller shall, at any time, and from time to time after the date hereof, upon request of Purchaser, do, execute, acknowledge and deliver, or cause to be done, executed, acknowledged and delivered, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances as may be reasonably required to carry out the terms of this Purchase Agreement and the transactions contemplated in this Purchase Agreement.

    8.5    Financing Statements and Additional Documents. Seller irrevocably authorizes Purchaser at any time and from time to time to file in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto. Purchaser may indicate the following information in such financial statements and amendments: (a) Purchaser's ownership interest in the Legal Claim; (b) that a portion of the proceeds that are derived from the Legal Claim are owned by Purchaser; and (c) any other information required, in Purchaser's discretion, by the Uniform Commercial Code in any relevant jurisdiction. Seller agrees to furnish any information reasonably requested by Purchaser to facilitate the objectives of this Section 8.5.

    8.6    Release to Contact Third Parties. As part of this Purchase Agreement it may be necessary to disclose information to third parties. Seller explicitly and irrevocably authorizes Purchaser to disclose any information to third parties as it deems appropriate. Seller releases Purchaser from any and all liability as a result of the release of any information.

    8.7    Cumulative Rights. Each and all of the various rights, powers, and remedies of the parties set forth in this Purchase Agreement shall be considered as cumulative, with and in addition to any other rights, powers, or remedies of such party. No one such right, power, or remedy is or shall be exclusive of the others or is exclusive of any other rights, powers, and remedies allowed by law or in equity. The exercise, partial exercise, or non-exercise of any rights, powers, or remedies shall not constitute either the election, nor the waiver, of any other rights, powers, or remedies. All rights, powers, and remedies of the parties shall survive the termination of this Purchase Agreement.

    8.8    Waiver. Any waiver by any party of its rights under this Purchase Agreement shall be in writing and signed by the party waiving such rights. The failure of either party to enforce, at any time, any of the provisions of this Purchase Agreement or any of the rights set forth in this Purchase Agreement, shall in no way be considered a waiver of such provisions, rights, or subsequent breaches thereof.

    8.9    Headings; Number and Gender. The sections and other headings contained in this Purchase Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Purchase Agreement. References to the singular or plural shall include the other and references to the masculine, feminine and neuter genders shall include the others, as appropriate.

    8.10    Entire Agreement. This Purchase Agreement constitutes the entire agreement between the parties and supersedes all other prior agreements and understandings, both oral and written, between the parties, with respect to the subject matter of this Purchase Agreement. This Purchase Agreement may only be modified or supplemented by a written amendment executed by all of the parties hereto.

## PURCHASE AGREEMENT
### PAGE 7 OF 8

8.11  **Governing Law and Forum**. This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement, shall be governed, construed and enforced in accordance with the laws of the State of Georgia.

The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

Each of the parties to the Contract further irrevocably consents to the service of process out of the Circuit Court of Cook County, Illinois by mailing copies thereof by Registered or Certified United States mail, postage prepaid, to each of the parties of the Purchase Agreement at its address specified in this Contract.

8.12  **Waiver of Jury Trial, Consolidation and Class Action; Costs**.

THE PARTIES HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY. THE PARTIES ALSO WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY WITH ANY PROCEEDING ON ANY LAWSUITS, DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.

THE PREVAILING PARTY IN ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY SHALL BE ENTITLED TO ALL REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND DISBURSEMENTS WITH RESPECT TO SUCH LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY.

8.13  **Attorneys' Fees**. In the event of a failure by any party to comply with the terms of this Purchase Agreement, the breaching party will pay all costs and expenses, including reasonable attorneys' fees, costs and expenses, incurred by the non-breaching party as a consequence of breaching party's failure to comply with this Purchase Agreement.

8.14  **Counterparts and Facsimile Signatures**. This Purchase Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same Purchase Agreement. This Purchase Agreement shall be deemed duly executed by Seller and Purchaser, respectively, upon the delivery of all of their respective executed signature pages by facsimile transmission to Seller or its attorney and Purchaser, as the case may be.

8.15  **Assignments; Use of Information**. Purchaser's rights and obligations under this Purchase Agreement may be assigned in its sole discretion without the consent of or notice to Seller. Seller's rights and obligations under this Purchase Agreement may not be assigned or transferred without the written consent of Purchaser, except for transfer by intestate due to Seller's death in which case, Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller agrees that Purchaser may share information that Purchaser obtained about Seller (whether from Seller or other person or entity) with potential assignees to whom Purchaser may assign its rights and obligations under this Purchase Agreement, provided that: (i) such information is reasonably necessary to allow a potential assignee to make an informed decision whether to take assignment from Purchaser, and (ii) Purchaser enters into an appropriate confidentiality Purchase Agreement with any such potential assignee.

8.16  **No Third Party Beneficiaries; Successors and Assigns**. Subject to the provisions of Section 8.15, (a) this Purchase Agreement is solely for the benefit of Purchaser and Seller, and (b) this Purchase Agreement shall be binding upon and inure to the benefit of the parties' successors, heirs, estates, executors, personal representatives and permitted assigns.

## PURCHASE AGREEMENT
### PAGE 8 OF 8

**8.17  Severability.** If any provision of this Purchase Agreement or the application of any such provision to any party or circumstance shall be determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Purchase Agreement, or the application of such provision to such party or circumstances other than those to which it is so determined to be invalid or unenforceable, shall not be affected, and each provision of this Purchase Agreement shall be enforced to the fullest extent permitted by law. If any such court of competent jurisdiction declares that any term or provision of this Purchase Agreement is invalid or unenforceable, the parties hereto agree that such court shall have the power to modify the scope of such term or provision, to delete specific words or phrases, and to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable, and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Purchase Agreement shall be enforceable as so modified.

**8.18  Legal Representation.** Seller understands and acknowledges that: (a) Purchaser has recommended that Seller engage an attorney in connection with the execution and delivery of this Purchase Agreement; and (b) Seller has been represented by or has had the opportunity to be represented by an attorney of Seller's choosing in connection with the execution and delivery of this Purchase Agreement.

**8.19  Construction.** Without limitation of the provisions of Section 8.18, both parties have been represented by or have had the opportunity to be represented by an attorney of their choosing in connection with the execution and delivery of this Purchase Agreement. The parties intend that this Purchase Agreement be deemed to have been prepared by all of the parties and that no party shall be entitled to the benefit of any favorable interpretation or construction of any term or provision hereof under any rule of law with respect to the construction of this Purchase Agreement.

[Remainder of page intentionally left blank]

Cust ID: P-GA-83453

All Ver. 1.7