**MINUTE ENTRY**
**FALLON, J.**
**DECEMBER 21, 2009**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  VIOXX | : | |
| | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| **THIS DOCUMENT RELATES TO:** | : | |
| *Martha Alvarado, et al. v. Merck* | : | JUDGE FALLON |
| *& Co.*, Case No. 06-5980 (as to | : | MAG. JUDGE KNOWLES |
| **Larry Long only**) | : | |

On this date, a show cause hearing was held in the Courtroom of Judge Eldon E. Fallon regarding the validity of a lien asserted against the settlement proceeds of Vioxx Plaintiff Larry Long by Oasis Legal Finance, Inc.  Deborah Long participated on behalf of her husband, Larry Long.  Russ Herman, Leonard Davis, and Andy Birchfield participated on behalf of the Plaintiffs' Steering Committee.  Michael Miller, Chris Gomez, and Michelle Dimartino participated on behalf of the Miller Law Firm.  Alan Miller, Gary Chodes, and Jennifer Clark participated on behalf of Oasis.  Doug Marvin participated on behalf of Merck.

At the conference, the Court reported that Oasis has agreed to waive the interest and fees on the $9,150 that they had previously provided to the Longs.  All prior payments in excess of $9,150 have already been remitted to the Longs.  Accordingly, the issue regarding the validity of the lien is moot.  Additionally, the Miller Firm indicated that it was favorably considering the possibility of deferring the Long's legal fees until they receive their final payment in light of the Long's financial hardship.  The Miller Firm shall communicate their final decision on this matter

1

JS10(00:40)

to all interested parties on or before Tuesday, December 22, 2009.

Additionally, the Court discussed with the parties the remaining liens asserted by Oasis against other Vioxx claimants. The Court indicated that the duties and responsibilities of the Claims Administrator are exclusively defined by the Vioxx Master Settlement Agreement ("the agreement"). Under the terms of the agreement, the Claims Administrator is not bound to honor any attempted lien that has not been approved by the parties to the agreement. Because Merck has not approved any of Oasis' attempted liens, the Claims Administrator is under no obligation to honor those liens. The Court notes that this does not mean that Oasis' asserted liens are invalid against the claimant. All parties stated on the record that they were in agreement with the Court's position on this issue.

This show cause hearing was transcribed by Ms. Cathy Pepper, Official Court Reporter. Counsel may contact Ms. Pepper at (504)589-7779 to request a copy of the transcript.