

United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
November 30, 2009

Charles R. Fulbruge III
Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   DEC 2 8 2009

LORETTA G. WHYTE
CLERK

No. 09-30260
Summary Calendar

MDO5-1657-L

D.C. Docket No. 2:06-CV-11333
D.C. Docket No. 2:07-CV-395
D.C. Docket No. 2:07-CV-1252
D.C. Docket No. 2:08-CV-1613
D.C. Docket No. 2:08-CV-1614
D.C. Docket No. 2:08-CV-1615
D.C. Docket No. 2:08-CV-1616
D.C. Docket No. 2:08-CV-1617
D.C. Docket No. 2:08-CV-1618

LILLIAN J. ADAMS; BRIDGET G. ADDISON; JOHN AITKEN; ALEXANDRINA ANDERSON, Individually and as Administrator of the Estate of, and pursuant to wrongful death beneficiaries of William Anderson, Deceased; AGNES WF ARCHIBALD; MARGARET BLANE; RONA ADAM, Individually & As Executrix of the Estate of THOMAS L. B. ADAM; MARGARET ANDERSON; JOHN CAMPBELL; MARION A. COLLINS; WILLIAM HAMILTON; HENRY REID; JOHN WILLIAMSON; ET AL

        Plaintiffs - Appellants

versus

MERCK & COMPANY INC.

        Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

Fee____
Process____
X Dktd____
CtRmDep____
Doc. No.____

# JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal.

ISSUED AS MANDATE: 28 DEC 2009

A True Copy
Attest    28 DEC 2009

Clerk, U.S. Court of Appeals, Fifth Circuit

By: Misty Fontenot
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2009

No. 09-30260
Summary Calendar

Charles R. Fulbruge III
Clerk

LILLIAN J. ADAMS; BRIDGET G ADDISON; JOHN AITKEN; ALEXANDRINA ANDERSON, Individually and as Administrator of the Estate of, and pursuant to wrongful death beneficiaries of Anderson, William, Deceased; AGNES WF ARCHIBALD; MARGARET BLANE; RONA ADAM, Individually & As Executrix of the Estate of THOMAS L. B. ADAM; MARGARET ANDERSON; JOHN CAMPBELL; MARION A COLLINS; WILLIAM HAMILTON; HENRY REID; JOHN WILLIAMSON; ET AL

Plaintiffs - Appellants

v.

MERCK & COMPANY INC.

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC 2:07-MD-1657

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case arises out of the litigation against Appellee Merck & Co., Inc. ("Merck") over the pain reliever Vioxx. The district court dismissed Appellants'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims under the doctrine of *forum non conveniens*. Because the district court did not abuse its discretion in doing so, we now AFFIRM.

## I. BACKGROUND

Vioxx is a non-steroidal anti-inflammatory ("NSAID") that was sold by prescription to treat acute or chronic inflammation, such as that associated with arthritis. Merck withdrew Vioxx voluntarily from the market in 2004 after studies showed that it increased the risk of cardiovascular thrombotic events like myocardial infarctions and ischemic strokes. *In re Vioxx Prods. Liab. Litig.*, 2009 WL 1636244, at *1 (E.D. La. Feb. 10, 2009). Thousands of lawsuits were subsequently filed, and the litigation was designated as a Multi-District Litigation ("MDL") and assigned to the district court below. Eleven of the consolidated suits were filed on behalf of purported classes of foreign citizens. In 2006 the district court dismissed the suits filed by French and Italian plaintiffs under the doctrine of *forum non conveniens*. *In re Vioxx Prods. Liab. Litig.*, 448 F.Supp. 2d 741, 649 (E.D. La. 2006). On May 16, 2008, Merck filed a motion seeking to dismiss the claims brought by the remaining foreign individuals, a total of 385 cases; it later agreed to withdraw the motion as to all plaintiffs except those who were not U.S. citizens and who received their prescriptions, ingested Vioxx, and received medical care for their alleged Vioxx-related injuries primarily outside of the United States. The district court dismissed the cases brought by these plaintiffs under the doctrine of *forum non conveniens*. *In re Vioxx*, 2009 WL 1636244, at *4. Plaintiffs living in England, Scotland, Wales and Northern Ireland and Eire timely appealed; it is this appeal that is before us.

## II. STANDARD OF REVIEW

We review rulings based on the doctrine of *forum non conveniens* for abuse of discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247-49 (1981). We will find that a district court has abused its discretion when its ruling is based either on an incorrect view of the law or on a clearly erroneous assessment of the

evidence. *Hinojosa v. Butler*, 547 F.3d 285, 292 (5th Cir. 2008). Where, however, "[the district] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co.*, 454 U.S. at 266.

### III. DISCUSSION

A defendant seeking to have a case dismissed under the doctrine of *forum non conveniens* must demonstrate "(1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor[s] dismissal." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). Availability and adequacy are two separate inquiries. "A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (internal quotation marks and citation omitted). Meanwhile, "[a] foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* at 221. The Supreme Court has specified that "[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *Piper Aircraft Co.*, 454 U.S. at 247.[1] Appellants argue that the district court abused its discretion because, in essence, the fora available to them in the United Kingdom are not adequate.[2]

---

[1] Contrary to Appellants' arguments, the district court did not improperly shift the burden of proof to Appellants below: in fact the adequacy of a foreign forum's substantive laws is presumed, absent any showing to the contrary. *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 392-93 (5th Cir. 1983), *overruled on other grounds by In re Air Crash Disaster*, 821 F.2d 1147, 1161 n.25 (5th Cir. 1987).

[2] Appellants appear to confuse adequacy and availability at times. "A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *Alpine View*, 205 F.3d at 221 (internal citation and quotation marks omitted). Merck has agreed to submit to the jurisdiction of the UK courts, *see In re Vioxx*, 2009 WL 1636244, at *5,

3

Appellants argue first that the district court erred in not considering the differences between English, Scottish, Welsh and Irish law in conducting its adequacy analysis. If this was error, however, Appellants invited it themselves. In the single paragraph devoted to this argument in their briefing before the district court, Appellants stated:

> In this case, a *forum non conveniens* dismissal deprives some of the Plaintiffs of all of their claims. Specifically, the spouses of the Plaintiffs who have been injured by Vioxx have no right to recover under U.K. law for loss or consortium [sic] or any other kind of damage they have suffered unless and until their spouse has died. Affidavits of Frank H. Lefevre (Exhibit A, ¶ 8, p. 5) and of adverse affiant Nicholas Underhill, Q.C. (Exhibit G, ¶ 56, p. 23). This means the spouse of any of the Plaintiffs who has been injured by Vioxx but who has survived has no claim at all in the U.K., and the complete lack of a claim under foreign law means the alternate forum cannot be adequate.[3]

Thus, in their briefing, Appellant referred to the law at issue as "U.K. law" and averred that "Plaintiffs who have been injured by Vioxx have no right to recover under U.K. law . . . unless and until their spouse has died." As the district court noted, this is simply not the case in all of the U.K., since English law allows recovery for costs incurred in caring for an injured plaintiff. *In re Vioxx*, 2009 WL 1636244, at *7. Appellants did not draw the district court's attention to the differences between Scottish and English law on this point, other than to cite generally to an affidavit about Scottish law as support for a claim about all of U.K. law, nor did they mention any differences that might exist (but were not

---

and therefore the alternative fora are indisputably *available*. Appellants' complaints about the alleged unavailability of certain forms of remedy in those fora are arguments about *adequacy*, not availability.

[3] The affidavit by Lefevre indicated that "other than on death of an individual the surviving spouse or partner has no right of claim in Scotland against a defendant." The affidavit by Underhill indicated that English law does not recognize a claim for loss of consortium, although it does recognize some claims that overlap with it.

4

briefed below or on appeal) between English law and Irish or Welsh law. Because Appellants invited the conflation of different bodies of law within the U.K. they may not now complain about the district court's adoption of the same conflation. *See United States v. Baytank, Inc.*, 934 F.2d 599, 606 (5th Cir. 1991) ("A party generally may not invite error and then complain thereof."). Further, to the extent that Appellants failed to provide any briefing or argument as to the adequacy of Welsh and Irish law, the district court was entitled to presume the adequacy of the fora. *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 392-93 (5th Cir. 1983), *overruled on other grounds by In re Air Crash Disaster*, 821 F.2d 1147, 1161 n.25 (5th Cir. 1987). Given Appellants' framing of the alternative forum as "the U.K.," the district court did not abuse its discretion in holding that the U.K. was an adequate forum. While loss of consortium may not be a viable claim in some parts of the U.K., English law, at least, allows for damages for losses incurred caring for an injured spouse, which means that those Appellants who are spouses of allegedly injured parties would not be left without any remedy in the forum identified below. Further, loss of consortium is a derivative cause of action that does not, standing alone, generally support maintaining jurisdiction in an inconvenient forum. *See, e.g., In re Vioxx*, 928 A.2d 935, 941 (N.J. App. Div. 2007) (rejecting argument by group of Vioxx plaintiffs that U.K. was inconvenient forum because it did not recognize loss of consortium as a claim). In sum, the district court did not abuse its discretion in finding the foreign forum adequate. *See Alpine View Co.*, 205 F.3d at 221.[4]

Appellants' other contention on appeal is that the district court abused its discretion in refusing to grant certain conditions to the *forum non conveniens*

---

[4] If the defendant has proved that there is an available and adequate alternative forum it still must show that the balance of public and private interest factors weigh in favor of dismissal. *Karim v. Finch Shipping Co.*, 265 F.3d 258, 268-69 (5th Cir. 2001) (listing private interest factors); *see also Gulf Oil v. Gilbert*, 330 U.S. 501, 508-08 (1947) (discussing public interest factors). Appellants do not challenge the district court's weighing of these factors here.

dismissal. In dismissing the case, the district court's order required Merck to (1) submit to service of process and jurisdiction in each of the appropriate forums, (2) agree to satisfy any final judgment rendered by a foreign forum relating to such claims, (3) agree not to include the time period that a suit was pending against it in a U.S. court in raising any statute of limitations defense, and (4) agree not to prevent Appellants from returning to the district court if the foreign fora declined to accept jurisdiction, provided that such action was filed in those foreign forums within 120 days of the district court's order. *In re Vioxx*, 2009 WL 1636244, at *12. Appellants argue that the district court abused its discretion by refusing to grant further conditions. Appellants asked for the following conditions below: "(1) that the parties shall have a trial by jury; (2) that the parties may obtain evidence pursuant to the Federal Rules of Civil Procedure; (3) that the parties shall be permitted to present testimony at trial in the form of oral, video, and written depositions, including depositions taken in prior cases; and (4) that Merck will identify, produce and authenticate all documents it has previously produced, authenticated, listed, or offered as exhibits in previous Vioxx cases or trials in the United States." *Id.* Assuming that Appellants are appealing the denial of all these conditions, despite the lack of clarity in their briefing on this question, the district court did not abuse its discretion in denying the conditions. The district court correctly noted that these were "institutional" conditions that go to the heart of policy differences between the United States and the foreign fora when it comes to the appropriate mechanisms for resolving civil disputes. *Id.* The requested conditions seek to replicate an American trial in a foreign forum. It was not an abuse of discretion on the part of the district court to consider the foreign fora adequate despite the absence of these factors, and it was similarly not an abuse of discretion to decline to attach conditions replicating these factors to the dismissal under *forum non conveniens*. *See Robinson v. TCI/US West Commc'ns.*, 117 F.3d 900, 902-03 (5th Cir. 1997)

6

(noting that given the "enormous scope" of discovery allowed under American law the appellant was no doubt correct that less discovery would be available under English law but that such differences did not make the forum inadequate).

## IV. CONCLUSION

For the foregoing reasons the district court's judgment is AFFIRMED.