UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                                    MDL Docket No.  1657

PRODUCTS LIABILITY LITIGATION          SECTION L

--------------------------------------------------------

                                                 Judge Eldon E. Fallon
                                                 Magistrate Judge Knowles

---------------------------------------------------------------------------------------------------

THIS DOCUMENT RELATES TO:

**Plaintiffs in Exhibit A to Merck's Tenth Motion and Rule:**

**Giordano, Margharita   2:09-cv-03610-EEF-DEK**
**Nobile, Lucretia           2:09-cv-03611-EEF-DEK**
**Orioles, Anthony          2:09-cv-03612-EEF-DEK**
**Singer, Cheryl             2:09-cv-03613-EEF-DEK**

**Transferred After November 9, 2007**

-------------------------------------------------------------------------------------------------

### PLAINTIFFS' OPPOSITION TO *TENTH* MOTION AND RULE OF DEFENDANT MERCK & CO., INC., TO DISMISS THEIR ACTIONS WITH PREJUDICE FOR FAILURE TO PROVIDE CASE-SPECIFIC EXPERT DISCLOSURE UNDER PTO 28

### INTRODUCTION

Defendant Merck & Co., Inc. ("Merck"), moves to dismiss the cases of the above-captioned plaintiffs whose actions were pending in New York state court on November 9, 2007, and were later removed to federal court and eventually transferred to MDL 1657 in 2009.  Merck's motion relies on PTO No. 28 to seek dismissal on the ground they have not served the *Lone Pine* case specific expert reports that PTO requires.

One of the above-captioned plaintiffs submits a case-specific expert report, and it is respectfully submitted dismissal should be denied in his case.   This Court should

not enter dismissal of other three plaintiffs before the Court for whom good cause is shown why their cases should not be dismissed.   In that regard, three of the captioned plaintiffs oppose the motion on the ground that they seek to prove emotional injury and damages under New York state substantive law, which does not require case-specific expert testimony to make out a prima facie case where ingestion of the drug is shown.   These plaintiffs have provided Merck with pharmacy records and authorizations, which, when read in conjunction with their verified Plaintiff Profile Forms (PPF) should be deemed as meeting the underlying purpose of the expert report provisions of PTOs 28 and 29, namely, to show some evidence of the claim they are making against Merck to support their claim of exposure to Vioxx and resultant emotional damages.

Second, these plaintiffs submit that the instant motion to dismiss should not be considered until after this Court decides the pending motion for recusal of this Court in the cases of similarly situated plaintiffs represented by attorney Ronald R. Benjamin.

They also seek to preserve for appeal the arguments made by *Agard, et al.,* that the Master Settlement Agreement (MSA) should not have been consummated without adherence to Rule 23; and that PTO 30 improperly prevents plaintiffs from propounding any discovery to Merck or the negotiating committee with regard to the negotiations leading up to the MSA, which is claimed to be a nonjudicial private resolution.

These plaintiffs now turn to the factual matters supporting their opposition to dismissal with prejudice.

## STATEMENT OF FACTS

"On November 9, 2007, the parties announced the establishment of a Vioxx
Resolution Program that encompasses all claims that allege a heart attack, sudden
cardic death, or stroke." *In re Vioxx Prods. Liab. Litig.*, 557 F.Supp.2d 741,742 (E.D.
La. 2008).  "Also on that date, the Court entered two pre-trial orders requiring
Plaintiffs to provide certain information to Merck by certain deadlines." *Id.*   In
addition to Pre-trial Order ("PTO") 28, the Court was referring to PTO 29. *Id.*, at
742, n.1.

That these orders apply only to nonsettling plaintiffs appears on the face of
each.  By its terms, PTO 28 applies "unless the claim is eligible for, and has been
submitted to, the Resolution Program." *Id.*, at p.1.  PTO 29 applies to later filed
(new) or transferred cases, which would obviously not have submitted an eligible
claim to the Resolution Program since they are continuing to litigate.

The MDL 1657 docket confirms that, prior to the entry of PTOs 28 through 30,
defendant Merck had not filed any Rule 37 motion to compel or based on spoliation of
evidence as to medical records.  However, PTOs 28 and 29 impose extensive and
costly preservation and discovery requirements only if a plaintiff did not submit a
claim under the MSA.  The orders place no preservation or discovery requirements or
costs on Merck.  Nor do these orders recite any factual rationale for the requirements
that plaintiffs produce certifications from third parties not before the court and
affidavits from plaintiffs making assertions about third-party custodial records that
are outside their personal knowledge.  These orders direct that Merck "shall" serve a
notice and seek an order to show cause why a plaintiff's case should not be dismissed

with prejudice for failure to meet the requirements within the stated deadlines.

PTOs 28 and 29 clearly impose new "discovery" and "preservation" requirements that were not previously in place, and imposed registration deadlines on plaintiffs that were required in order to opt in/out of the MSA settlement program, which these plaintiffs complied with.   This process required listing of all of counsel's Vioxx clients, whether in state or federal court and providing a myriad of information as to their claims and legal actions.

January 15, 2008, was the original opt in/out deadline, and after that date, the plaintiffs remaining on the docket in MDL 1657 were limited to non-settling plaintiffs.  However, the docket confirms orders have been issued that affect only the parties to the private agreement.  For example, on January 14, 2008, this Court entered an Order formally appointing a Special Master "pursuant to the terms of the Settlement Agreement, the inherent authority of the Court and any applicable Federal Rule of Civil Procedure."   1/14/08 Order (Document 13228), at p. 1.

On May 22, 2008, after extending the deadline for producing case-specific expert reports, this Court heard arguments by the Oldfather firm on its  motion to vacate and modify PTO 28 with regard to the case-specific expert report requirement. On May 30, 2008, this Court filed a decision denying the motion and setting new aphabetically applicable deadlines of July 1 and August 1, 2008. *See* May 30 Order, reported at *In re Vioxx Prods. Liab. Litig., supra*, 557 F.Supp.2d 741.

On June 30, 2008, prior to the above deadlines, plaintiffs' counsel filed motions under the caption Agard, et al., seeking, among other things, an order amending PTO 28 with respect to the requirement to file a case-specific expert report and a stay.

*See* Docket, Documents 14938, 14938-2 and 16803.

On September 22, 2008, plaintiffs' counsel submitted a reply memorandum in the pending <u>Agard</u> motion proceedings that attached as exhibits two case specific expert reports for two Benjamin plaintiffs that were prepared by Steven A. Rich, M.D., in compliance with this requirement of PTO 28. As the record reflects, annexed to each report is a statement for services that indicates this expert charged $1,500.00 and $1,000.00, respectively, and his rate is $500.00 per hour. PTOs 28 and 28 clearly require the plaintiffs to retain an expert since they cite Fed.R.Civ.Pr. 26(a)(2), but do not require Merck to provide contradictory reports according to deadlines required by that rule. Plaintiffs submit Merck cannot dispute that the aforesaid expert's hourly rate or time are the kind of expense each plaintiff must incur to comply with the *Lone Pine* order.

On December 3, 2009, undersigned counsel filed in the docket of MDL 1657 a Motion for Recusal of This Court in the case of 12 plaintiffs who are similarly situated to the instant 4 plaintiffs in that they are represented by attorney Ronald R. Benjamin. Plaintiffs incorporate the recusal moving papers by reference herein and respectfully submit the instant "Tenth" motion should be held in abeyance until said Motion for Recusal of This Court is decided, inasmuch as the substance thereof is equally applicable to their cases since the gravamen of the motion is based on apparent *ex parte* and nonjudicial communications about their counsel that adversely and prejudicially affect plaintiffs represented by Benjamin.

Thereafter, Merck filed the instant "*Tenth* Motion, Rule and Incorporated

Memorandum to Show Cause" (hereafter "Merck Motion"),/*[1] in which it seeks an

order  dismissing with prejudice the complaints of these four plaintiffs represented by

undersigned counsel for failure to provide a case-specific expert report as required by

PTO No. 28.

Plaintiffs herein now turn to their arguments.


**ARGUMENT**

**I.**

**DISMISSAL SHOULD NOT BE GRANTED AS TO
TRANSFERRED PLAINTIFFS WHO HAVE PROVIDED
CASE-SPECIFIC EXPERT REPORTS.**

A case-specific expert report is being or will be prepared and provided to Merck

for plaintiff ANTHONY ORIOLES prior to the hearing on the motion.   It is

respectfully submitted that the aforesaid disclosure is in compliance with PTO 28,

and, therefore, the same provides good cause not to dismiss his case.

Plaintiff submits that Merck's motion with respect to plaintiff ANTHONY

ORIOLES should be denied.


**II.**


**DISMISSALS ARE NOT WARRANTED AS TO ANY OF THESE
PLAINTIFFS BASED ON GOOD CAUSE SHOWN IN THAT THE TOXICITY
OF VIOXX HAS ALREADY BEEN PROVEN IN THIS LITIGATION AND,
THUS, PLAINTIFFS COMPLAINING OF EMOTIONAL DISTRESS
DAMAGES UNDER NEW YORK STATE SUBSTANTIVE LAW ON
TORT ARE REQUIRED TO SHOW INGESTION, BUT NOT TO MAKE**

---

[1] */The record should be clear that, although this is labeled as Merck's "Tenth"
motion, it is the first and only motion against the above-captioned plaintiffs.

-6-

## A FURTHER SHOWING BY RETAINED EXPERT TESTIMONY.

This Court has ruled that PTOs 28 and 29 are *Lone Pine* orders, and, thus, they must "strike a balance between efficiency and equity." *In re Vioxx Prods. Liab. Litig.*, 557 F.Supp.2d 741,743-44 (E.D. La. 2008).   Plaintiffs show good cause why their cases should not be dismissed for failure to provide case-specific expert reports under PTOs 28 and 29.

This Court has already engaged in a choice of law analysis and concluded that the substantive law of each plaintiff's jurisdiction must be applied to his or her respective claims.   In re Vioxx Prods. Liab. Litig., 239 F.R.D. 450, 456 (E.D. La. 2006). This Court has further recognized that in some of the claims pending before it plaintiffs seek compensatory damages for "emotional and other intangible injuries." *Id.*, at 462.

New York is one of the jurisdictions which recognizes claims for the negligent infliction of emotional distress even though no physical injury occurred.   Kennedy v. McKesson Co., 58 NY 2d 500, 504, 462 NYS 2d 421, 448 NE 2d 1332.   Plaintiffs submit that not requiring expert disclosure on emotional distress sustained by plaintiffs in the New York law is mirrored by the federal rules to the extent that no written reports are required for treating physicians to present opinions on causation. Hamburger v. State Farm Mutual Auto Ins. Co., 36 F.3dd 875, 882 (5th Cir. 2004).

In turning to the case specific expert disclosure portion of PTOs 28 and 29, this Court concluded that the argument "under scrutiny... amounts to little more than a thinly–veiled motion to vacate the order." Dec. 10 Decision, at p. 9. The Court, as well as Merck, fail to set forth any reasonable explanation as to why, when

information has been provided as to both ingestion and nature of the injury as well as time of onset, anything further is required outside the normal course of discovery since the <u>Daubert</u> hearings adequately demonstrated the cardiotoxicity of Vioxx. Moreover, all of these plaintiffs sustained the emotional distress of being exposed to a toxic substance and since existing state law does not require case specific expert disclosure to support these claims, the requirement in PTO 28 for case specific expert disclosure is inapplicable.

Moreover, plaintiffs submit, *Lone Pine* orders are not written in stone, nor do they require a motion to vacate.  *See* <u>Baker v. Chevron USA, Inc..</u>, 2006 WL 2251821 (S.D. Ohio), in which the district court found the magistrate's decision to revise a *Lone Pine* order was reasonable and promoted efficiency in litigation. *Id.*, at *3. Here, the Court has the discretion to modify the *Lone Pine* requirement to accommodate the law of New York.  Nor should *Lone Pine* orders inappropriately function as a summary judgment procedure that does not follow Rule 56(c) principles. *See* <u>Simeone v. Girard City Bd of Educ.</u>,  171 Ohio App.3d 633, 644-45,  872 N.E.2d 344 (Ct.App. 11th Dist. Ohio 2007).

Under the circumstances, these plaintiffs should not be put to the expense of retaining an expert, as opposed to presenting their treating physicians as witnesses, before they are ready (well in advance of a trial which is not on the horizon) in order to exalt the form of PTO 28 over the substance of the operative facts and law. With respect to New York law plaintiffs whose PPFs identify either bodily or no bodily injury, which entitles them to prove emotional distress damages based on ingestion, the fact that no case-specific expert report is legally required and the

plaintiffs provide pharmacy and medical records showing ingestion, Merck's overbroad and inequitable reading of PTOs 28 and 29 should be rejected.

The record of this case confirms that PTOs 28 and 29 were entered without notice or a motion made by Merck.  While this Court has explained the rationale for the case-specific expert reports, that rationale does not support the discovery obligations set forth in PTOs 28 and 29 that guarantee dismissal of cases that are viable under state law which this Court is bound to apply in making discovery orders.

Plaintiffs will not reiterate the arguments the Court has rejected as "hollow." December 10 Decision, at p.8.  It is, however, necessary to contrast the instant cases where Merck has been provided chapter and verse on ingestion and nature of the injury, as well as the applicable scientific evidence as it relates to cardiovascular injuries, with circumstances such as existed in Acuna v. Brown & Root, Inc.,200 F.3d 335 (5th Cir. 2000). In Acuna the court was facing some 1,600 plaintiff suing more than 100 defendants for injuries that spanned over 40 years. This Court's belief that alternative methods of proof would undermine its order is difficult to comprehend given the representations of Merck's counsel.  If, indeed, the Court is interested in only some kind of basic evidence of specific causation (which plaintiff contends constitutes an abuse of discretion on the facts and circumstances of cases before the court), requiring plaintiffs to provide more becomes a substitute for and supplants the rules on summary judgment motion practice.

This Court has indicated that PTOs 28 and 29 are "Lone Pine" orders which must "strike a balance between efficiency and equity." *In re Vioxx Prods. Liab. Litig.*, 557 F.Supp.2d 741,743-44 (E.D. La. 2008).  It is respectfully submitted that, because

the entry of PTOs 28 and 29 occurred without the due process protections that would have allowed the instant plaintiffs to raise these concerns before the orders were even entered, and in light of this Court's refusal to resign from its position as Chief Administrator of the MSA, plaintiffs submit recusal is warranted pursuant to 28 U.S.C. 455. Although this Court stated that it serves as Chief Administrator of the MSA "in an administrative capacity that has no substantive effect on its management of the MDL proceedings" (Decision, p. 6), plaintiffs respectfully submit that pursuant to the MSA this Court has ultimate authority for substantive decisions with regard to whether or not plaintiffs are eligible for compensation under the MSA. Although the Court may be able to sort out the different standards to be applied to the identical language in the MSA and in the definitions portion of PTO 28 excluding virtually all cardiovascular injuries except heart attacks, sudden cardiac death, and strokes, a layperson is hardly able to grasp such subtle distinctions and would harbor doubts about the Court's impartiality in adjudicating these issues. (*See, e.g.*, Agard Aff., Document 14938-3, paras. 57-58).

The arguments with regard to the expert disclosure required by PTOs 28 and 29 have already been advanced so the contentions herein are intended to show that plaintiffs have fully complied with the same or are in substantial compliance sufficient to defeat Merck's motion on the grounds of good cause shown in that their disclosures to Merck clearly confirm they are seeking compensation for emotional damages that are claims viable under New York law.

III.

## THIS COURT SHOULD NOT DECIDE THE INSTANT "TENTH MOTION" UNTIL THE PENDING MOTION FOR RECUSAL IS DECIDED.

Plaintiffs request that this Court rule on the most recent motion for recusal and incorporate the facts of that motion herein by reference in the interests of judicial economy. As the motion for recusal makes clear, the grounds therefor regard the same attorney representing them in the state court proceedings, and now representing them before this Court based on removal to federal court and transfer to MDL No. 1657. Thus, the grounds for the pending motion for recusal apply to the instant plaintiffs and should be considered good cause for denying or holding in abeyance Merck's instant motion against them.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully submit this Court should deny Merck's motion to dismiss their cases with prejudice for failure to provide a case-specific expert report under PTO 28.

Respectfully submitted,

RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442
Attorneys for Individual Plaintiffs
in Above-Captioned Actions

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2009, the above and foregoing Plaintiff's Opposition to Tenth Motion and Rule of Defendant Merck & Co., Inc., has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by US Mail and email, by electronically uploading the same to LexisNexis File& Serve in accordance with Pre-Trial Order No.8B, and that the foregoing was electronically filed with the Clerk of the District Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 1657.

    s/s Ronald R. Benjamin
Ronald R. Benjamin, Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P.O. Box 607
Binghamton, NY 13902-0607
607/772-1442
