

Feb 23 2009
2:31PM

RONALD R. BENJAMIN, ESQUIRE
Pro Hac Vice Application Pending
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

GARY P. LEVIN, ESQUIRE
1442 New Road, Suite 3
Northfield, New Jersey 08225
609/646-6100

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, ATLANTIC COUNTY

| | |
|---|---|
| WILLIAM COOK<br><br>　　　　Plaintiff,<br><br>- v.-<br><br>MERCK & CO., INC.,<br><br>　　　　Defendant. | Docket: ATL-L-16452-06 MT<br>VIOXX® Litigation<br><br>Case Code Number: 619<br><br>CIVIL ACTION |

### AFFIDAVIT OF RONALD R. BENJAMIN IN SUPPORT OF THE APPLICATION FOR HIS ADMISSION PRO HAC VICE HEREIN

STATE OF NEW YORK   )
　　　　　　　　　　　) ss:
COUNTY OF BROOME   )

RONALD R. BENJAMIN states under oath according to law the following matters:

1. This affidavit is made in response to the February 10, 2009, letter to this Court of Charles W. Cohen, Esq., of the firm of Hughes Hubbard, attorneys for defendant Merck & Co., Inc., stating its opposition to the application of plaintiff's counsel Gary Levin, Esq., for my admission pro hac vice in this action.

2. On behalf of Merck, Mr. Cohen contends that this Court should deny my admission pro hac vice on the alleged ground that Mr. Levin's certification intentionally failed to mention prior disciplinary actions against me, which are described in detail in the published decisions annexed to Mr. Cohen's letter. He goes on to ask the Court to consider a Third Circuit panel decision that affirmed dismissal of an MDL client's case based on concluding I engaged in discovery abuse regarding case-specific expert disclosures, as well as Judge Fallon's quoting of that decision in ruling against a motion I filed on behalf of certain plaintiffs in the ongoing proceedings in the Vioxx MDL litigation.

3. It is clearly appropriate that Mr. Cohen provides this Court with the decisions on the 1987 and 1994 New York disciplinary actions against me that also led to reciprocal discipline, which, I am sure he will agree, have been well known to himself and his firm for some time, most likely since as early as 1991 when a *Wall Street Journal* article reported the multi-million dollar verdict I obtained for the plaintiff in a DES product liability case in New York Supreme Court, which I ask the Court to consider as supporting my trial expertise in the drug product liability field. *See WSJ article annexed hereto as Exhibit A.* Indeed, Merck was a DES defendant represented by Hughes Hubbard and the firm has been litigating against

me in DES cases in New York since at least 1993 in its capacity as counsel for Merck and other DES defendants.

4. During the years since, I have represented numerous plaintiffs in products liability litigation, both in state coordinated and federal MDL proceedings, involving other drugs (diet drugs, Rezulin, Propulsid, Prempro/hormone replacement therapy, Viagra, and L-tryptophan), latex gloves, Factor VIII or IX Concentrate blood products, and breast implants.

5. Moreover, I am fully aware of the ease with which the published disciplinary decisions can be found on the computer, and fully anticipated these matters would be raised by Merck's counsel in opposing this application, thus confirming that neither Mr. Levin nor myself was trying to hide the same from this Court or opposing counsel by filing an abbreviated certification.

6. Rule 1:21-2 (d) clearly contemplates admission pro hac vice will be sought for attorneys upon whom "discipline has previously been imposed," and I do not dispute the discipline imposed that is fully disclosed in the decisions attached to Mr. Cohen's letter. Therefore, I respectfully ask this Court to consider the fact that the 1987 suspension occurred more than 20 years ago, and the 1994 discipline was public censure (after I challenged a lesser "private admonition") based on the Appellate Division's conclusion that, "The trial court was not misled by either the res judicata defense or the assertion of an agreement to continue discovery and both arguments were rejected by the trial court after short colloquies with respondent." *See decision annexed as Cohen's Exhibit C, at p. 2.*

7. In light of the above, I respectfully submit that, on the instant application, the primary issue is whether this Court should exercise its sound discretion to find good cause for my admission pursuant to R. 1:21-2 (e), even in the face of prior discipline imposed on me. Since Merck has now opposed my admission, I turn to the good cause bases for granting my admission pro hac vice.

8. Turning first to the Third Circuit's panel decision in the In Re Diet Drugs appeal, I would point out that the affected plaintiff had retained other appellate counsel and my effort to intervene and obtain a rehearing or rehearing en banc was subsequently rejected. *See copy of motion annexed hereto as Exhibit B.* At that time, I prepared a rehearing petition in anticipation of intervening, the contents of which I ask this Court to take into account in its finding on good cause, because it discusses the nature and significance of the extent to which the case-specific discovery, scheduling orders and dismissals with prejudice in the MDL mass tort context are sharp departures from the substantive and procedural protections that are applied in other civil actions. *See Exhibit C.*

9. I respectfully submit there is well-reasoned precedent for the motions regarding case-specific expert disclosures that I made in the Diet Drug case and am making in the Vioxx MDL. In earlier multi-district litigation, the Honorable John F. Grady observed that:

> Defendants' argument that they need to complete case-specific discovery before they can designate their common-issue expert witnesses is difficult to reconcile with the fact that they have deposed plaintiffs' common-issue experts without any indication that their interrogation has been hampered by a lack of case-specific information. To be consistent, it seems that defendants should have requested that

> case-specific discovery be completed before they undertook to determine by deposition what plaintiffs' common-issue experts will say at any trial that occurs. **But, of course, any such suggestion would turn the MDL proceeding on its head.** Section 1407 consolidations take place when there are "civil actions involving one or more common questions of fact..." **The multidistrict proceeding is not the appropriate mechanism for the conduct of case-specific discovery.**

In Re Factor VIII or IX Concentrate Blood Products Litigation, 169 F.R.D. 632, 638 (N.D.Ill. E.D. 1996) [emphases added; footnote omitted]. The motions I made to extend deadlines in the Diet Drugs litigation relied on Judge Grady's unequivocal and logical rulings by asserting, *inter alia*, that MDL plaintiffs should not be ordered to incur substantial expense for case-specific expert disclosures before Daubert decisions are completed on general causation, nor should the same be a ground for dismissal with prejudice.

10. With all due deference to the Third Circuit panel and Judge Fallon's reference to the panel's decision *(see Ex. F to Cohen letter)*, I submit those decisions actually support good cause for this Court, in light of its extensive and direct experience in this drug product liability litigation, to grant my application based on my 15-plus years of experience as a litigator in the complex field of drug product liability.

11. I submit Merck appears to be asking this Court not to exercise its sound discretion, but instead to reject my admission without reflecting on the substance of the motions practice I have in the past pursued and am pursuing in the Vioxx MDL before Judge Fallon, and to uncritically adopt the characterization of my conduct as mere obstinance lacking in merit. In that regard, Mr. Cohen invokes the fact that

"Merck currently has a motion pending to dismiss the cases of a number of the Applicant's clients because they failed to submit expert reports even after Judge Fallon denied the Applicant's motion" (Cohen letter, at p. 4). In response, I annex hereto copies of the separate oppositions (without exhibits) that I filed in response to Merck's motion (see *Exhibits D and E*), in which I believe the facts and legal issues are raised in a manner that evinces good cause for my admission pro hac vice as an experienced litigator in the complex field of law of drug products liability generally and as pertains to Vioxx specifically.

12. Mr. Levin seeks my admission as co-counsel in order to provide the plaintiff with experienced counsel in this complex field of law.

13. I ask the Court to consider the oppositions I filed to Merck's motions for dismissal in front of Judge Fallon on the further good cause ground that there is a lack of local counsel with adequate expertise in the field involved (R.1:21-2(b)(3)(C), as a consequence of the Master Settlement Agreement approved by Judge Fallon which appears to have resulted in plaintiffs' attorneys with the requisite expertise in the Vioxx litigation dropping clients who did not opt into the settlement program, such as plaintiff William Cook, and ending their involvement in any other Vioxx case in order to comply with the agreement. Since Merck bargained for this exclusivity, it has directly contributed to reducing the pool of available plaintiffs' attorneys in the field, and to increasing the good cause basis to grant my application.

WHEREFORE, I respectfully ask this Court to conclude there is good cause

to and to grant the application for my admission pro hac vice in this Vioxx litigation.

*[signature]*
RONALD R. BENJAMIN
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

SUBSCRIBED AND SWORN TO before me
this 23rd day of February, 2009.

*[signature]*
NOTARY PUBLIC
STATE OF NEW YORK

DIANE E. WALTER
Notary Public in the State of New York
Qualified in Broome County
No. 01WA6088956
My Commission Expires ~h 17, 2011