## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

- - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: VIOXX | : MDL No. 1657 |
|     Products Liability Litigation | : |
| | : SECTION L |
| This Document Relates to: | : |
| | : JUDGE ELDON E. FALLON |
| | : |
| STATE OF LOUISIANA, ex rel JAMES D. | : MAGISTRATE JUDGE |
| CALDWELL, ATTORNEY GENERAL, | : KNOWLES |
| | : |
| Plaintiff, | : **ANSWER AND JURY DEMAND** |
| | : **OF DEFENDANT MERCK** |
| v. | : **SHARP & DOHME CORP. TO** |
| | : **PLAINTIFF'S SECOND** |
| MERCK SHARP & DOHME CORP., | : **SUPPLEMENTAL AND** |
| | : **AMENDING COMPLAINT** |
| Defendant. | : |
| Case No. 05-3700. | : **JURY TRIAL DEMANDED** |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Merck Sharp & Dohme Corp. ("Merck"), by its undersigned attorneys, answers Plaintiff's Second Supplemental and Amending Complaint for Injunctive Relief and Damages ("Complaint") herein as follows:

## RESPONSE TO "NATURE OF THE ACTION AND JURISDICTIONAL FACTS"

1.  Merck admits that Plaintiff purports to bring this action, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of paragraph 1 of Plaintiff's Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second sentence of paragraph 1 of Plaintiff's Complaint.

2.   Denies each and every allegation contained in paragraph 2 of Plaintiff's Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that it is authorized to do business in the State of Louisiana.

3.   Merck denies each and every allegation contained in paragraph 3 of Plaintiff's Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

4.   Merck denies each and every allegation contained in paragraph 4 of Plaintiff's Complaint.

5.   Merck denies each and every allegation contained in paragraph 5 of Plaintiff's Complaint.

6.   Merck denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint.

7.   The allegations contained in paragraph 7 of Plaintiff's Complaint, including subparagraphs a. through g., are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation set forth in this paragraph, except admits that it is authorized to do business in the State of Louisiana.

8.   Merck denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint.

1003322v.1

## RESPONSE TO "FACTUAL ALLEGATIONS"

### Response to "A. Background"

9.   Denies each and every allegation in paragraph 9 of Plaintiff's Complaint except admits that Merck sought and, in May 1999, received approval from the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Vioxx is the brand name for rofecoxib.

10. Merck denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint, except admits that Vioxx is part of a class of medications known as NSAIDs.

11. The allegations contained in paragraph 11 of Plaintiff's Complaint are not directed at Merck and therefore no responsive pleading is required.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

13. Merck denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint, except admits that Vioxx is part of a class of drugs known as

3

NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).  Merck further admits that non-selective NSAIDs such as naproxen are believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

14. Merck denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15. Merck denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

**Response to "B. Merck Knew and Concealed the Risks of Serious Adverse Events Associated with the use of Vioxx when Planning Its Vioxx Pre-Marketing Clinical Trials."**

16. Merck denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Merck denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint, except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint, except admits the referenced articles exist and respectfully refers the Court to the referenced articles for their actual language and full text.

19. Merck denies each and every allegation contained in the first two sentences of paragraph 19 of Plaintiff's Complaint, except admits that alternative therapies for

1003322v.1

treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Merck denies each and every allegation contained in the remaining sentences of paragraph 19 of Plaintiff's Complaint, except admits the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

20. Merck denies each and every allegation contained in the first four sentences of paragraph 20 of Plaintiff's Complaint, except admits the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text. Merck denies each and every allegation contained in the last sentence of paragraph 20 of Plaintiff's Complaint, except admits that the Vioxx Product Development Plan exists and respectfully refers the Court to the referenced document for its actual language and full text.

21. Merck denies each and every allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint, except admits that Vioxx is referred to internally as MK-966.

23. Merck denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Merck denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

26. Merck denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint, except admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

27. Merck denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint, except admits that Plaintiff purports quote certain emails, but Merck avers that said quoted language is taken out of context.

28. Merck denies each and every allegation contained in paragraph 28 of Plaintiff's Complaint, except admits that Plaintiff purports to quote certain statements, but avers that the referenced quotations are taken out of context.

29. Merck denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint, except admits that Merck met with the FDA prior to the approval of the drug and respectfully refers the Court to the minutes of those meetings for information regarding them.

30. Merck denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint, except admits that Plaintiff purports to quote certain statements but avers those statements are taken out of context.  Merck further admits that in 1996 Merck proposed a study to investigate potential gastro-intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

31. Merck denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Merck denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint, except admits that Dr. John Oates wrote letters to Merck scientists

6

in 1997 and respectfully refers the Court to the referenced documents for their actual language and full text.

33. Merck denies each and every allegation contained in paragraph 33 of Plaintiff's Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.  Merck further admits that Plaintiff purports to quote from a document and respectfully refers the Court to said document for its actual language and full text.

34. Merck denies each and every allegation contained in paragraph 34 of Plaintiff's Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

35. Merck denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

36. Merck denies each and every allegation contained in paragraph 36 of Plaintiff's Complaint.

37. Merck denies each and every allegation contained in paragraph 37 of Plaintiff's Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

38. Merck denies each and every allegation contained in paragraph 38 of Plaintiff's Complaint, except admits that Merck received a letter from Spencer Salis of

DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

### Response to "C. Merck Intentionally Overestimated the Number of Annual Deaths Attributed to NSAID Gastropathy in Order to Bolster the Image of Vioxx."

39. Merck denies each and every allegation contained in the first sentence of paragraph 39 of Plaintiff's Complaint.  The allegations contained in the second and third sentences of paragraph 39 of Plaintiff's Complaint are not directed at Merck and therefore no responsive pleading is required.

40. Merck denies each and every allegation contained in paragraph 40 of Plaintiff's Complaint.

41. Merck denies each and every allegation contained in paragraph 41 of Plaintiff's Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study.

42. Merck denies each and every allegation contained in paragraph 42 of Plaintiff's Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study and respectfully refers the court to the full transcript of the video segment for its actual language and full context.

43. Merck denies each and every allegation contained in paragraph 43 of Plaintiff's Complaint, except admits that Dr. Laine participated in filming a Video News Release regarding the VIGOR study and respectfully refers the court to the full transcript of the video segment for its actual language and full context.

44. Merck denies each and every allegation contained in paragraph 44 of Plaintiff's Complaint, except admits that Dr. Laine participated in filming a Video News

Release regarding the VIGOR study and respectfully refers the court to the full transcript of the video segment for its actual language and full context.

45. Merck denies each and every allegation contained in paragraph 45 of Plaintiff's Complaint, except admits that Dr. James Fries is associated with Stanford University and respectfully refers the court to the referenced studies for their actual language and full text.

46. Merck denies each and every allegation contained in paragraph 46 of Plaintiff's Complaint.

47. Merck denies each and every allegation contained in paragraph 47 of Plaintiff's Complaint, except that it admits that the FDA review referenced in this paragraph exists, and respectfully refers the Court to said review for its actual language and full text.

### Response to "D. Merck's Pre-Market Knowledge of Vioxx's Cardiotoxicity and Prothombotic Effects."

48. Merck denies each and every allegation contained in paragraph 48 of Plaintiff's Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

49. Merck denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.  Merck further admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

### Response to "E. Merck Engaged in Unconscionable and Deceptive Marketing Practices in Connection With the Marketing and Sale of Vioxx."

50. Merck denies each and every allegation contained in paragraph 50 of Plaintiff's Complaint.

51. Merck denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and with state and federal law.  Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

52. Merck denies each and every allegation contained in paragraph 52 of Plaintiff's Complaint.

53. Merck denies each and every allegation contained in paragraph 53 of Plaintiff's Complaint, except states that Plaintiff purports to quote a document and respectfully refer this Court to the referenced document for its actual language and full context.

54. Merck denies each and every allegation contained in paragraph 54 of Plaintiff's Complaint.

10

55. Merck denies each and every allegation contained in paragraph 55 of Plaintiff's Complaint, except admits that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

56. Merck denies each and every allegation contained in paragraph 56 of Plaintiff's Complaint.

57. Merck denies each and every allegation contained in paragraph 57 of Plaintiff's Complaint.

**Response to "F.  FDA Approval of Vioxx"**

58. Merck denies each and every allegation contained in paragraph 58 of Plaintiff's Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

59. Merck denies each and every allegation contained in paragraph 59 of Plaintiff's Complaint, except admits that in 1999, when Merck received FDA approval to market the prescription medicine Vioxx, the FDA-approved prescribing information for Vioxx included a gastrointestinal warning.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

60. Merck denies each and every allegation contained in paragraph 60 of Plaintiff's Complaint, except admits that in May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the referenced prescribing information for its full text and for Vioxx's indicated uses.

61. Merck denies each and every allegation contained in paragraph 61 of Plaintiff's Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

62. Merck denies each and every allegation contained in paragraph 62 of Plaintiff's Complaint, except avers that the FDA approved Vioxx for the treatment of juvenile rheumatoid arthritis in children as young as 2 years old and who weighed at least 22 pounds.

### Response to "G.  Merck's Unprecedented Post-Launch Marketing Campaign"

63. Merck denies each and every allegation contained in paragraph 63 of Plaintiff's Complaint, except admits that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

64. Merck denies each and every allegation contained in paragraph 64 of Plaintiff's Complaint.

65. Merck denies each and every allegation contained in paragraph 65 of Plaintiff's Complaint.

66. Merck denies each and every allegation contained in paragraph 66 of Plaintiff's Complaint.

67. Merck denies each and every allegation contained in paragraph 67 of Plaintiff's Complaint, except admits that it received a letter from DDMAC dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

68. Merck denies each and every allegation contained in paragraph 68 of Plaintiff's Complaint, except admits that it received a letter from DDMAC dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

69. Merck denies each and every allegation contained in paragraph 69 of Plaintiff's Complaint.

70. Merck denies each and every allegation contained in paragraph 70 of Plaintiff's Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

71. Merck denies each and every allegation contained in paragraph 71 of Plaintiff's Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

72. Merck denies each and every allegation contained in paragraph 72 of Plaintiff's Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

1003322v.1

73. Merck denies each and every allegation contained in paragraph 73 of Plaintiff's Complaint.

74. Merck denies each and every allegation contained in paragraph 74 of Plaintiff's Complaint, except admits that Plaintiff purports to quote from the referenced documents but Merck avers that said quotations are taken out of context.

75. Merck denies each and every allegation contained in paragraph 75 of Plaintiff's Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

76. Merck denies each and every allegation contained in paragraph 76 of Plaintiff's Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

77. Merck denies each and every allegation contained in paragraph 77 of Plaintiff's Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

78. Merck denies each and every allegation contained in paragraph 78 of Plaintiff's Complaint.

79. Merck denies each and every allegation contained in paragraph 79 of Plaintiff's Complaint.

1003322v.1

80. Merck denies each and every allegation contained in paragraph 80 of Plaintiff's Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

**Response to "H.  The VIGOR Trial"**

**Response to "1.  The Vioxx Gastrointestinal Research ("VIGOR") Study"**

81. Merck denies each and every allegation contained in paragraph 81 of Plaintiff's Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

82. Merck denies each and every allegation contained in paragraph 82 of Plaintiff's Complaint, except admits that Dr. Michael Weinblatt was Chair of the VIGOR Data Safety and Monitoring Board.

83. Merck denies each and every allegation contained in paragraph 83 of Plaintiff's Complaint.

84. Merck denies each and every allegation contained in paragraph 84 of Plaintiff's Complaint, except admits that Dr. Weinblatt and Merck entered into a consulting agreement and Merck respectfully refers the court to the referenced agreement for its actual language and full text.  Merck avers that Dr. Weinblatt informed Merck by letter dated September 19, 2000 that he would be assuming the position of the American College of Rheumatology ("ACR") at the end of October 2000 and requested a leave of absence from his consultancy to take effect at the end of October 2000.  Merck further avers that an article titled "Recommendations for the Medical Management of Osteoarthritis of the Hip and Knee" authored by the ACR Subcommittee on Osteoarthritis

Guidelines was published in the September 2000 issue of the journal, and Merck respectfully refers the court to the article for its actual language and full text.

85. Merck denies each and every allegation contained in paragraph 85 of Plaintiff's Complaint, except it admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

86. Merck denies each and every allegation contained in paragraph 86 of Plaintiff's Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

87. Merck denies each and every allegation contained in paragraph 87 of Plaintiff's Complaint, except admits that the referenced deposition occurred and respectfully refers the Court to the transcript from said deposition for its actual language and full context.  Merck further admits that the VIGOR study involving Vioxx exists and that Deborah Shapiro was a co-author of the VIGOR study and respectfully refers the Court to the referenced study for its actual conclusions and full text.

88. Merck denies each and every allegation contained in paragraph 88 of Plaintiff's Complaint, except it admits that the VIGOR study involving Vioxx and the referenced presentation exists, and it respectfully refers the Court to the study and presentation for their actual language and full text.

89. Merck denies each and every allegation contained in paragraph 89 of Plaintiff's Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

1003322v.1

90. Merck denies each and every allegation contained in paragraph 90 of Plaintiff's Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

91. Merck denies each and every allegation contained in paragraph 91 of Plaintiff's Complaint, except admits that the journal and editorial referenced therein exist and respectfully refers the Court to said editorial for its actual language and full text.

92. Merck denies each and every allegation contained in paragraph 92 of Plaintiff's Complaint, except admits that a set of slides entitled "VIOXX® Preliminary Cardiovascular Meta-Analysis" exists, and respectfully refers the Court to the referenced slide presentation for its contents.  Merck further admits that Dr. Scolnick has testified about the referenced slide presentation and respectfully refers the Court to the relevant transcripts of Dr. Scolnick's testimony for their actual language and full context.  Merck avers that it conducted a cardiovascular meta-analysis which showed that that Vioxx was not significantly different than placebo or non-naproxen NSAIDs, but was significantly different than naproxen, in the incidence of the Antiplatelet Trialists' Collaboration ("APTC") combined endpoint and the endpoint of myocardial infarction, and that Merck provided the APTC analysis and the myocardial infarction data to the FDA.

93. Merck denies each and every allegation contained in paragraph 93 of Plaintiff's Complaint, except admits that the referenced deposition occurred and respectfully refers the Court to the transcript from said deposition for its actual language and full context.

94. Merck denies each and every allegation contained in paragraph 94 of Plaintiff's Complaint.

17

95. Merck denies each and every allegation contained in paragraph 95 of Plaintiff's Complaint.

96. Merck denies each and every allegation contained in paragraph 96 of Plaintiff's Complaint, except admits that Plaintiff purports to quote certain portions of statements, but avers that any such statements are taken out of context.

97. Merck denies each and every allegation contained in paragraph 97 of Plaintiff's Complaint.

98. Merck denies each and every allegation contained in paragraph 98 of Plaintiff's Complaint.

99. Merck denies each and every allegation contained in paragraph 99 of Plaintiff's Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

100. Merck denies each and every allegation contained in paragraph 100 of Plaintiff's Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

101. Merck denies each and every allegation contained in paragraph 101 of Plaintiff's Complaint.

**Response to "I.  Merck Continued to Withhold Accurate VIGOR Results From The Health Community and The Public"**

102. Merck denies each and every allegation contained in paragraph 102 of Plaintiff's Complaint, except it admits that the VIGOR study involving Vioxx exists, and it respectfully refers the Court to the referenced study for its actual language and full text.

18

103.  Merck denies each and every allegation contained in paragraph 103 of Plaintiff's Complaint.

104.  Merck denies each and every allegation contained in paragraph 104 of Plaintiff's Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

105.  Merck denies each and every allegation contained in paragraph 105 of Plaintiff's Complaint, except avers that, on May 22, 2001, Merck issued a press release entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

106.  Merck denies each and every allegation contained in paragraph 106 of Plaintiff's Complaint, except Merck admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

107.  Merck denies each and every allegation contained in paragraph 107 of Plaintiff's Complaint, and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.  Merck further admits that the report referenced in the third sentence of paragraph 107 of Plaintiff's Complaint exists, and respectfully refers the Court to the referenced report for its actual language and full text.

108.  Merck denies each and every allegation contained in paragraph 108 of Plaintiff's Complaint.

109.  Merck denies each and every allegation contained in paragraph 109 of Plaintiff's Complaint, except admits that an audio conference regarding Vioxx took place on June 21, 2000.

### Response to "J.  Merck Continues to Dodge Disclosure of Vioxx Cardiovascular Risks Even When Faced with Additional Pressure from the FDA."

110.  Merck denies each and every allegation contained in paragraph 110 of Plaintiff's Complaint.

111.  Merck denies each and every allegation contained in paragraph 111 of Plaintiff's Complaint, except admits that Plaintiff purports to quote certain statements, but avers that the referenced quotations are taken out of context.

112.  Merck denies each and every allegation contained in paragraph 112 of Plaintiff's Complaint, except Merck avers that Merck and the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee and Merck further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.  Merck respectfully refers the Court to the referenced document for its actual language and full text.

113.  Merck denies each and every allegation contained in paragraph 113 of Plaintiff's Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

114.  Merck denies each and every allegation contained in paragraph 114 of Plaintiff's Complaint.

115.  Merck denies each and every allegation contained in paragraph 115 of Plaintiff's Complaint and respectfully refers the Court to the press release that Plaintiff purports to quote from for its actual language and full text.

116.  Merck denies each and every allegation contained in the first sentence of paragraph 116 of Plaintiff's Complaint, except admits that plaintiff purports to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 116, and respectfully refers the Court to the press release that Plaintiff purports to quote from for its actual language and full text.

117.  Merck denies each and every allegation contained in paragraph 117 of Plaintiff's Complaint.

118.  Merck denies each and every allegation contained in paragraph 118 of Plaintiff's Complaint.

119.  Merck denies each and every allegation contained in paragraph 119 of Plaintiff's Complaint, except admits that the FDA sent Merck a labeling proposal on October 15, 2001.  Merck respectfully refers the Court to said proposal for its actual language and full text.

120.  Merck denies each and every allegation contained in paragraph 120 of Plaintiff's Complaint.

121.  Merck denies each and every allegation contained in paragraph 121 of Plaintiff's Complaint.

122. Merck denies each and every allegation contained in paragraph 122 of Plaintiff's Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

123. Merck denies each and every allegation contained in paragraph 123 of Plaintiff's Complaint.

124. Merck denies each and every allegation contained in paragraph 124 of Plaintiff's Complaint.

125. Merck denies each and every allegation contained in paragraph 125 of Plaintiff's Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

126. Merck denies each and every allegation contained in paragraph 126 of Plaintiff's Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

127. Merck denies each and every allegation contained in paragraph 127 of Plaintiff's Complaint, except admits Plaintiff purports to quote from correspondence Merck received in September 2001 from Thomas W. Abrams of DDMAC, but respectfully refers the Court to the referenced correspondence for its actual language and full text.

128.  Merck denies each and every allegation contained in paragraph 128 of Plaintiff's Complaint, including subparagraphs (a)-(i), except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

129.  Merck denies each and every allegation contained in paragraph 129 of Plaintiff's Complaint, except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

130.  Merck denies each and every allegation contained in paragraph 130 of Plaintiff's Complaint, except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

131.  Merck denies each and every allegation contained in paragraph 131 of Plaintiff's Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

132.  Merck denies each and every allegation contained in paragraph 132 of Plaintiff's Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.  Merck further admits that Plaintiff purports to quote portions of a Merck press release regarding

the changes approved by the FDA and respectfully refers the Court to the referenced press release for its actual language and full context.

**Response to "K.  Merck Attempts to Silence its Critics"**

133.  Merck denies each and every allegation contained in paragraph 133 of Plaintiff's Complaint.

134.  Merck denies each and every allegation contained in the first two sentences paragraph 134 of Plaintiff's Complaint, except admits that some presentations by Dr. Singh were cancelled.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 134 of Plaintiff's Complaint, except admits that Plaintiff purports to quote portions of the letter referenced in said paragraph, but Merck avers that such quotes are taken out of context.  Merck denies each and every allegation contained in the fifth sentence of paragraph 134 of Plaintiff's Complaint, except admits that Merck received a letter from Dr. Fries and respectfully refers the Court to said letter for its actual language and full context.

135.  Merck denies each and every allegation contained in paragraph 135 of Plaintiff's Complaint, except admits the referenced correspondence exists and respectfully refers the Court to the referenced letter.

136.  Merck denies each and every allegation contained in the first three sentences of paragraph 136 of Plaintiff's Complaint, except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text. Merck denies each and every allegation contained in the fourth sentence of paragraph 136 of Plaintiff's Complaint, and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK

SHARP & DOHME DE ESPAGNA, S.A. (MSD).  Merck denies each and every allegation contained in the fifth and sixth sentences of paragraph 136 of Plaintiff's Complaint, and respectfully refers the Court to the referenced decision for its actual language and full context.

### Response to "L.  Merck Wrestles With Additional Studies Exposing Vioxx's Safety Concerns."

137.  Merck denies each and every allegation contained in paragraph 137 of Plaintiff's Complaint.

### Response to "1.  The JAMA Study"

138.  Merck denies each and every allegation contained in paragraph 138 of Plaintiff's Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

139.  Merck denies each and every allegation contained in paragraph 139 of Plaintiff's Complaint and it respectfully refers the Court to the study for its actual language and full text.  Merck further avers that Plaintiff purports to quote a Merck press release but avers that the quote is taken out of context.  Merck respectfully refers the Court to the press release for its actual language and full text.

140.  Merck denies each and every allegation contained in paragraph 140 of Plaintiff's Complaint and avers that Plaintiff purports to quote a Merck press release but avers that the quote is taken out of context. Merck respectfully refers the Court to the press release for its actual language and full text.

1003322v.1

141.  Merck denies each and every allegation contained in paragraph 141 of Plaintiff's Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

142.  Merck denies each and every allegation contained in paragraph 142 of Plaintiff's Complaint, except admits the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

143.  Merck denies each and every allegation contained in paragraph 143 of Plaintiff's Complaint, except admits that the referenced press release exists and that Plaintiff purports to quote a portion of the full statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

144.  Merck denies each and every allegation contained in paragraph 144 of Plaintiff's Complaint.

### Response to "2.  The Advantage Study"

145.  Merck denies each and every allegation contained in paragraph 145 of Plaintiff's Complaint, except admits the referenced study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

146.  Merck denies each and every allegation contained in paragraph 146 of Plaintiff's Complaint.

147.  Merck denies each and every allegation contained in paragraph 147 of Plaintiff's Complaint, except admits that the referenced study and article exist and respectfully refers the Court to said study and article for their actual conclusions and full text.

**Response to "3.  The Kaiser Permanente Study"**

148.  Merck denies each and every allegation contained in paragraph 148 of Plaintiff's Complaint, except it admits that the presentation and study referenced in that paragraph exist, and it respectfully refers the Court to the presentation and study for their actual language and full text.

149.  Merck denies each and every allegation contained in paragraph 149 of Plaintiff's Complaint, except admits that the presentation referenced in that paragraph exists, and respectfully refers the Court to the presentation for its actual language and full text.

150.  Merck denies each and every allegation contained in paragraph 150 of Plaintiff's Complaint, including subparagraphs a. through d., except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

151.  Merck denies each and every allegation contained in paragraph 151 of Plaintiff's Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

152.  Merck denies each and every allegation contained in paragraph 152 of Plaintiff's Complaint, except admits the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

153.  Merck denies each and every allegation contained in paragraph 153 of Plaintiff's Complaint.

154.  Merck denies each and every allegation contained in paragraph 154 of Plaintiff's Complaint.

### Response to "4.  The APPROVe Study"

155.  Merck denies each and every allegation contained in paragraph 155 of Plaintiff's Complaint, except it admits that the study referenced in said paragraph exists, and it respectfully refers the Court to the study for its actual language and full text.

156.  Merck denies each and every allegation contained in paragraph 156 of Plaintiff's Complaint, except admits that the referenced trial was halted in September 2004.  Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

157.  Merck denies each and every allegation contained in paragraph 157 of Plaintiff's Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

**Response to "M.  Merck's Belated Withdrawal of Vioxx"**

158.  Merck denies each and every allegation contained in paragraph 158 of Plaintiff's Complaint, except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

159.  Merck denies each and every allegation contained in paragraph 159 of Plaintiff's Complaint, and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.  Merck further admits that it was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

160.  Merck denies each and every allegation contained in paragraph 160 of Plaintiff's Complaint, except admits that the journal and the article contained therein exist, and respectfully refers the Court to the referenced article for its actual language and full text.

161.  Merck denies each and every allegation contained in paragraph 161 of Plaintiff's Complaint, except admits that the analysis referenced in this paragraph exists, and it respectfully refers the Court to the analysis for its actual language and full text.

29

162.  Merck denies each and every allegation contained in paragraph 162 of Plaintiff's Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

163.  Merck denies each and every allegation contained in paragraph 163 of Plaintiff's Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

164.  Merck denies each and every allegation contained in paragraph 164 of Plaintiff's Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

165.  Merck denies each and every allegation contained in paragraph 165 of Plaintiff's Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

166.  Merck denies each and every allegation contained in paragraph 166 of Plaintiff's Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

167.  Merck denies each and every allegation contained in paragraph 167 of Plaintiff's Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

168.  Merck denies each and every allegation contained in paragraph 168 of Plaintiff's Complaint, except admits that the advisory committee voted to allow Vioxx to be returned to the market, and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

1003322v.1

**Response to "N.  Merck's (sic.) Institutes a Consumer Refund Program That Does Not Include End-Payors."**

169.  Merck denies each and every allegation contained in paragraph 169 of Plaintiff's Complaint, except admits that it has posted instructions to consumers on its website regarding how to obtain a refund for unused Vioxx and respectfully refers the Court to those instructions for the full text.

**Response to "O.  Merck's Continued Fraudulent Marketing Campaign Caused Active Concealment of Vioxx' (sic.) Deficiencies and Inflated Payments by End-Payors for Vioxx."**

170.  Merck denies each and every allegation contained in paragraph 170 of Plaintiff's Complaint.

171.  Merck denies each and every allegation contained in paragraph 171 of Plaintiff's Complaint, except that it admits that worldwide sales of Vioxx in 2000 exceeded $2 billion.

172.  Merck denies each and every allegation contained in paragraph 172 of Plaintiff's Complaint.

173.  Merck denies each and every allegation contained in paragraph 173 of Plaintiff's Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

**Response to "P.  Merck's Settlement of Numerous Criminal and Civil
Lawsuits with Governmental and Personal Injury Claimants."**

174.  Merck denies each and every allegation contained in the first sentence
paragraph 174 of Plaintiff's Complaint, except admits that in November 2004, Merck was
advised by the staff of the SEC that it was commencing an informal inquiry concerning
Vioxx and that in January 2005, Merck announced that it received notice that the SEC
issued a formal notice of investigation.  Merck further admits that it received a subpoena
from the U.S. Department of Justice requesting information related to the Company's
research, marketing and selling activities with respect to Vioxx in a federal health care
investigation under criminal statutes.  Merck denies each and every allegation contained
in the remaining sentences of paragraph 174 of Plaintiff's Complaint.

175.  Merck denies each and every allegation contained in the first sentence of
paragraph 175 of Plaintiff's Complaint, except avers that it has received a subpoena from
the U.S. Department of Justice requesting information related to the Company's research,
marketing and selling activities with respect to Vioxx in a federal health care
investigation under criminal statutes.  The allegations contained in the second sentence of
paragraph 175 of Plaintiff's Complaint are not directed at Merck and therefore no
responsive pleading is required.

176.  Merck denies each and every allegation contained in paragraph 176 of
Plaintiff's Complaint, except admits that on November 9, 2007, Merck and the law firms
that comprised the executive committee of the Plaintiffs' Steering Committee of the
federal multidistrict Vioxx litigation as well as representatives of plaintiffs' counsel in
state coordinated proceedings entered into a Settlement Agreement (the "November 9,
2007 Settlement Agreement") to resolve state and federal myocardial infarction and

ischemic stroke claims already filed against Merck in the United States.  Merck further admits that a multidistrict litigation proceeding entitled In re Vioxx Products Liability Litigation, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon.  Merck respectfully refers the Court to the November 9, 2007 Settlement Agreement for its actual language and full text.

177.  Merck denies each and every allegation contained in paragraph 177 of Plaintiff's Complaint, except admits that on or about February 7, 2008, the Department of Justice issued a press release regarding a settlement with Merck.  Merck respectfully refers the Court to said press release for its actual language and full text.

178.  Merck denies each and every allegation contained in paragraph 178 of Plaintiff's Complaint, including subparagraphs a. through e., except admits that in May of 2008 Merck reached civil settlements with Attorneys General from 29 states and the District of Columbia to fully resolve investigations under state consumer protection laws related to past activities for Vioxx (the "Stipulated General Judgment").  Merck respectfully refers the Court to the Stipulated General Judgment for its actual language and full text.

### RESPONSE TO "FIRST CAUSE OF ACTION:  REDHIBITION"

179.  With respect to the allegations contained in paragraph 179 of Plaintiff's Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

180.  Merck denies each and every allegation contained in paragraph 180 of Plaintiff's Complaint, except admits that Merck manufactured, marketed, and distributed

1003322v.1

the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

181.  Merck denies each and every allegation contained in paragraph 181 of Plaintiff's Complaint.

182.  Merck denies each and every allegation contained in paragraph 182 of Plaintiff's Complaint.

183.  Merck denies each and every allegation contained in paragraph 183 of Plaintiff's Complaint.

184.  Merck denies each and every allegation contained in paragraph 184 of Plaintiff's Complaint.

185.  Merck denies each and every allegation contained in paragraph 185 of Plaintiff's Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION:  UNFAIR TRADE PRACTICES"

186.  With respect to the allegations contained in paragraph 186 of Plaintiff's Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

187.  Merck denies each and every allegation contained in paragraph 187 of Plaintiff's Complaint.

188.  Merck denies each and every allegation contained in paragraph 188 of Plaintiff's Complaint.

189.  Merck denies each and every allegation contained in paragraph 189 of Plaintiff's Complaint.

1003322v.1

190.  Merck denies each and every allegation contained in paragraph 190 of Plaintiff's Complaint, including subparagraphs a. through d.

191.  Merck denies each and every allegation contained in paragraph 191 of Plaintiff's Complaint.

192.  Merck denies each and every allegation contained in paragraph 192 of Plaintiff's Complaint.

193.  Merck denies each and every allegation contained in paragraph 193 of Plaintiff's Complaint, except admits that Plaintiff purports to seek remedies under the Louisiana Unfair Trade Practices Act, but denies any legal or factual basis for the relief sought.

## RESPONSE TO "THIRD CAUSE OF ACTION:  VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT"

194.  With respect to the allegations contained in paragraph 194 of Plaintiff's Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

195.  Merck denies each and every allegation contained in paragraph 195 of Plaintiff's Complaint.

196.  The allegations contained in paragraph 196 of Plaintiff's Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 196 of Plaintiff's Complaint.

197.  Merck denies each and every allegation contained in paragraph 197 of Plaintiff's Complaint, except admits that Merck manufactured, marketed, and distributed

the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004

198.  The allegations contained in paragraph 198 of Plaintiff's Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

199.  The allegations contained in paragraph 199 of Plaintiff's Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

200.  The allegations contained in paragraph 200 of Plaintiff's Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

201.  Merck denies each and every allegation contained in paragraph 201 of Plaintiff's Complaint.

202.  Merck denies each and every allegation contained in paragraph 202 of Plaintiff's Complaint.

203.  Merck denies each and every allegation contained in paragraph 203 of Plaintiff's Complaint.

204.  The allegations made in paragraph 204 of Plaintiff's Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

205.  Merck denies each and every allegation contained in paragraph 205 of Plaintiff's Complaint.

206.  Merck denies each and every allegation contained in paragraph 206 of Plaintiff's Complaint.

207.  Merck denies each and every allegation contained in paragraph 207 of Plaintiff's Complaint.

208.  Merck denies each and every allegation contained in paragraph 208 of Plaintiff's Complaint.

209.  Merck denies each and every allegation contained in paragraph 209 of Plaintiff's Complaint.

210.  Merck denies each and every allegation contained in paragraph 210 of Plaintiff's Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION:  UNJUST ENRICHMENT"

211.  With respect to the allegations contained in paragraph 211 of Plaintiff's Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

212.  Merck denies each and every allegation contained in paragraph 212 of Plaintiff's Complaint.

213.  Merck denies each and every allegation contained in paragraph 213 of Plaintiff's Complaint.

1003322v.1

214. Merck denies each and every allegation contained in paragraph 214 of Plaintiff's Complaint.

215. Merck denies each and every allegation contained in paragraph 215 of Plaintiff's Complaint, except admits that Plaintiff purports to demand certain relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "PRAYER FOR RELIEF"

Plaintiff's "Prayer for Relief" is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, including subparagraphs 1 through 17, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "JURY TRIAL DEMAND"

216. Merck admits that Plaintiff purports to demand a trial by jury.

### AFFIRMATIVE DEFENSES

217. Each and every claim asserted or raised in Plaintiff's Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

218. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

219. The claims of Plaintiff may be barred, in whole or in part, from recovery because it has made statements or taken actions that preclude it from asserting claims or constitute a waiver of its claims.

220. The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

1003322v.1

221. Each and every claim asserted or raised in Plaintiff's Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

222. If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

223. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

224. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

225. If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

226. If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

227.  If Plaintiff has sustained injuries or losses as alleged in Plaintiff's Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

228.  To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in Plaintiff's Complaint, Merck's liability, if any, should be reduced accordingly.

229.  To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in Plaintiff's Complaint, such benefits are not recoverable in this action.

230.  Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, Rule 9(b) of the Federal Rules of Civil Procedure.

231.  Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

232.  To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

233.  Plaintiff's claims are barred in whole or in part by the First Amendment.

234.  Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

1003322v.1

235.  There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

236.  This case is more appropriately brought in a different venue.

237.  Venue in this case is improper.

238.  The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

239.  The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

240.  The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

241.  The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

242.  The claims of Plaintiff are barred, in whole or in part, by its failure to mitigate damages.

243.  To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

244.  The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

41

245.  The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

246.  Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

247.  Plaintiff has not sustained any injury or damages compensable at law.

248.  To the extent that Plaintiff seeks exemplary or punitive damages for the conduct which allegedly caused injuries asserted in Plaintiff's Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

249.  To the extent that Plaintiff seeks exemplary or punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of exemplary or punitive damages is barred.

250.  Plaintiff's demand for exemplary or punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

251.  Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

252.  Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

253.  Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

42

254.  Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

255.  With respect to each of Plaintiff's claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

256.  Plaintiff may be barred, in whole or in part, from pursuing this action because of the existence of a prior pending action in another court.

257.  Plaintiff's tort-based claims are barred by the economic loss doctrine.

258.  Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

259.  To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, et seq.

260.  To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

261.  Plaintiff cannot recover in the capacity in which it has sued because it is not the real-party-in-interest with respect to Plaintiff's claims.

262.  Plaintiff's claims are barred because Plaintiff is not authorized by state law to sue to recover the relief outlined in Plaintiff's Complaint.

263.  Plaintiff's claims are barred because Plaintiff is not a "buyer," "consumer" or "business competitor" under state law.

264.  Plaintiff's claims are barred to the extent that statutes authorizing the remedies Plaintiff seeks were enacted after Merck voluntarily withdrew Vioxx from the market and those statutory provisions do not have retroactive effect.

265.  The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.  Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations.  The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations.  Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

266.  Plaintiff's claims are barred by federal Medicaid law which determines both which drugs a state must cover under its Medicaid program and the limited circumstances under which it can decline to pay for such drugs.  *See* 42 U.S.C. § 1396r-8.


Inasmuch as Plaintiff's Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further

investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

1003322v.1

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Merck Sharp & Dohme Corp. has been served on Liaison Counsel, Russ

Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail

and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the

Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accord with the procedures established in MDL 1657, on this 31st

day of December, 2009.


          _/s/ Dorothy H. Wimberly_____

1003322v.1