UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx<br>PRODUCTS LIABILITY<br>LITIGATION | ) MDL Docket No. 1657<br>)<br>) SECTION L<br>)<br>) JUDGE FALLON<br>) MAGISTRATE JUDGE KNOWLES |

*THIS DOCUMENT RELATES TO:*
**BLODGETT**, *et al. vs. Merck & Co., Inc., No 2:06-cv-02210-EEF-DEK*
(pertaining to **DON BLODGETT** and **BERNICE E. BLODGETT** only)

## MOTION TO WITHDRAW AS COUNSEL OF RECORD

Pursuant to Local Rules 7.4 and 83.2.11, Brian A. Goldstein, Esq. of Cellino & Barnes, P.C., primary counsel for the above-identified plaintiff(s), moves this Court on behalf of himself, his firm and any other affiliated plaintiff's counsel (Michael J. Williams, Esq. of Cellino & Barnes, P.C. and/or James C. MacGillis of Trepanier & MacGillis P.A.) for permission to withdraw from representation of the above-identified plaintiff.

Primary counsel has sent notification of all deadlines and pending court appearances to plaintiff's last known address by certified mail and copied opposing counsel on this correspondence. (Exhibit A, Affidavit of Counsel). Primary counsel's Pretrial Order 35 Certification is attached as Exhibit B. Exhibit B identifies plaintiff's last known address and telephone number as required by Local Rule 83.2.11.

Primary counsel will advise LexisNexis File & Serve of the changed party/counsel status promptly upon receiving this Court's order granting withdrawal.

DATED : January 5, 2010

Respectfully submitted,
**CELLINO & BARNES, P.C.**

By: _____
Brian A. Goldstein, Esq.
17 Court Street, 7th Floor
Buffalo, NY 14202-3290
(716) 854-2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx<br>PRODUCTS LIABILITY<br>LITIGATION | ) MDL Docket No. 1657<br>)<br>) SECTION L<br>)<br>) JUDGE FALLON<br>)<br>) MAGISTRATE JUDGE KNOWLES<br>)<br>) |

*THIS DOCUMENT RELATES TO:*
**BLODGETT**, *et al.* vs. *Merck & Co., Inc., No 2:06-cv-02210-EEF-DEK*
(pertaining to **DON BLODGETT** and **BERNICE E. BLODGETT** only)

## COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW

BRIAN A. GOLDSTEIN, ESQ. being duly sworn, deposes, and says:

1. I am attorney at Cellino & Barnes, P.C., attorneys for as applicable, plaintiff, plaintiff's estate, and/or any derivative plaintiffs (hereinafter referred to as "plaintiff" as indicated in the caption above. I am primary counsel for all Vioxx products liability actions brought by Cellino & Barnes, P.C. and, as such, am fully familiar with the facts and circumstances herein.

2. I am authorized to move this Court to withdraw representation on behalf of myself, all attorneys of the Cellino & Barnes, P.C. law firm, and, where necessary, for the affiliated James C. MacGillis of the law firm of Trepanier & MacGillis P.A. Counsel's motion is intended to relieve all affiliated counsel of the representation duties in this action and to permit plaintiff to proceed pro se.

3. I personally executed the retainer agreement with plaintiff under which New York law governs for purposes of withdrawing from representation. New York's Disciplinary Rule 2-110C [1200.15] permits counsel to withdraw when counsel believes in good faith, in a proceeding before any tribunal, that the tribunal will find good cause for

withdrawal. This Court's PTO 36, Section II.A., recognizes that a "fundamental disagreement as to what action should be taken in the case" constitutes such grounds for withdrawal. The retainer agreement explicitly reserved counsel's right to withdraw from representation.

4. A fundamental disagreement as to the further prosecution of this lawsuit exists between plaintiff and counsel, the details of which are necessarily omitted as privileged within the attorney-client relationship. However, counsel attests that he possesses a good faith basis for his legal judgment and opinion, that plaintiff's opinion substantively differs, and that the disagreement cannot be reconciled.

5. I have fully complied with this Court's process as required by Pretrial Order No. 36 and completed the required certification which is attached as Exhibit B to this motion.

6. I have further complied with Local Rule 83.2.11 by advising plaintiff at the last known address, by certified mail, that there are no pending court appearance dates or court-imposed deadlines, and that Merck has begun the process of scheduling depositions.

7. Based upon the fundamental disagreement between plaintiff and counsel, I respectfully request that this Court grant counsel's motion to withdraw and permit plaintiff's action to proceed pro se.

_____
Brian A. Goldstein, Esq.

Sworn to before me this
____5th____, day of January 2010

_____
Notary Public/Commissioner of Deeds

MARIA H. PIETRAS
COMMISSIONER OF DEEDS
In the City of Buffalo, New York
My Commission Expires 12/31/20__

# CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL
(Paragraph II.C of PTO No. 36)

I hereby certify pursuant to 28 U.S.C. § 1746 and Paragraph I.B of PTO No. 36 as follows:

## A. COUNSEL INFORMATION

| | | | |
|---|---|---|---|
| **Name** | Last: Goldstein | First: Brian | Middle: A |
| **Name of Law Firm** | Cellino & Barnes | | |
| **Current Address** | Street: 17 Court Street | | |
| | City: Buffalo | State: NY   Zip: 14202 | Country: U.S. |
| **Telephone Number** | 716-854-2020 | Facsimile: 716-854-6291 | Email: Brian.goldstein@cellinoandbarnes.com |

## B. PLAINTIFF AND LAWSUIT INFORMATION
(Provide the last known information as to the Plaintiff)

| | | | |
|---|---|---|---|
| **Name** | Last: Blodgett | First: Don | Middle: |
| **Plaintiff Address** | Street: 6320 Lambert Street | | |
| | City: Victor | State: NY   Zip: 14564 | Country: U.S. |
| **Telephone Number** | | Facsimile: | Email: |
| **Case Caption** | BLODGETT, et al. vs. Merck & Co., Inc., et al. | | |
| **Case Number** | 2:06-cv-02210-EEF-DEK | | |
| **Court Where Case is Pending** | E.D.L.A. | | |

## C. FRIEND OR RELATIVE OF PLAINTIFF AS ALTERNATE CONTACT

☒ Check here if Plaintiff failed to provide an alternative contact.

| | | | |
|---|---|---|---|
| **Name** | Last: | First: | Middle: |
| **Address** | Street: | | |
| | City: | State:   Zip: | Country: |
| **Telephone Number** | | Facsimile: | Email: |
| **Relationship to Plaintiff** | ☐ Friend  ☐ Relative (specify relationship:_____) | | |

1

**CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**
(Paragraph II.C of PTO No. 36)

### D. COMPLIANCE WITH PTO NO. 36

[x] I filed a Motion to Withdraw pursuant to Section II of PTO No. 36 and a Declaration in accordance with Paragraph II.A of PTO No. 36 on __1__ / __5__ / __2010__. (*Record Docket No.* __2__)
    Month   Day   Year

[x] Within five days after filing such Motion to Withdraw, I sent a letter to the Plaintiff by certified mail including:

1. A copy of PTO No. 36;

2. A statement that Plaintiff had 30 days from the date of certified letter to: (a) send a letter to the Court consenting to the Motion; (b) send a letter to the Court opposing the Motion; (c) send a letter to the Court indicating that Plaintiff no longer wished to pursue his or her claim; (d) secure new counsel; or (e) contact the Pro Se Curator, Mr. Robert M. Johnston (Pan American Life Center, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, 70130; telephone 504-561-7799; email rmj@rmj-law.com) to apprise the Curator of the Plaintiff's intention to proceed with his/her claim *pro se*, (that is, without representation of counsel);

3. An explanation of the importance to a Plaintiff wishing to pursue his or her claim to retain a lawyer who is familiar with the law and the procedures in Federal Court to represent him or her; and

4. A request that the Plaintiff provide the name, address and telephone number of a relative or friend who can be contacted in the event that the plaintiff cannot be located.

### E. SIGNATURE

I certify under penalty of perjury that the foregoing is true and correct.

**Date Signed**   __1__ / __5__ / __2010__
(Month/Day/Year)

2