**MINUTE ENTRY**
**FALLON, J.**
**JANUARY 7, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 53 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Karen Anderson Ibos, Official Court Reporter.  Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

JS10(01:29)

Resolution Program, as well as the Pre-Trial Orders entered by the Court.  The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at the Claims Administrators' website at http://www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.  Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee:  http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1, et seq.  By Order entered February 11, 2009, the Court granted the motion.  U.S. Bank has recently requested an amendment to the Escrow Agreement and the parties reported that they have agreed on the amendment.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program.  The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator.  A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

II.   REGISTRATION OF CLAIMS IN THE SETTLEMENT AGREEMENT

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have submitted claims for enrollment.  At the status conference, BrownGreer, the Vioxx Claims

Administrator, provided a detailed report on the status of the settlement program, the disbursement of interim payments, and the progress of the Extraordinary Injury Fund. For anyone who was unable to attend the conference, copies of the Claims Administrator's full report are available on BrownGreer's website at http://www.browngreer.com/vioxxsettlement. The report may be accessed by clicking on the button labeled "MDL Status Conference Reports" on the left-hand side of the screen. All of the statistics and information provided to the Court at the status conference are available in this report. The Court appreciates BrownGreer's efforts in making this information both publicly available and easily accessible.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, urging primary counsel to check the secure web portal daily.

On November 19, 2009, Merck filed its Fourth Motion and Incorporated Memorandum to Dismiss Non-Submitting Program Claimants' Cases. The motion was directed to plaintiffs who submitted an enrollment form, but failed to comply fully with the terms of the Master Settlement agreement, thereby becoming Non-Submitting Program Claimants ("NSPC") whose Stipulations for Dismissal With Prejudice and Releases are to be delivered to Merck which may file them in any relevant action or proceeding. Merck alleged that the NSPC claimants subject to the motion submitted Stipulations for Dismissal With Prejudice that are materially deficient (or never submitted) and, despite ample opportunity to cure their deficiencies and appeal their NSPC status

to the Special Master, have failed to do so.  The motion was heard on December 3, 2009, and was granted by the Court.

III.    LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Settlement Agreement.  On January 18, 2008, the Court entered a HIPPA-compliant Qualified Protective Order to allow the Lien Administrator to provide a list of claimants to federal and state agencies in order to determine which claimants are beneficiaries of federal Medicare and/or state/territory Medicaid health plans.  The Lien Administrator reported that it has agreements in place to deal with statutory liens on all ischemic stroke claims.  The Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the PSC and certain third party payor counsel was reached on January 15, 2009, to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.  Counsel or claimants with questions about the settlement may call the Lien Administrator's Toll-Free Hotline at 1-877-774-1130 to speak with a representative regarding private lien resolution questions.

On November 2, 2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and Bankruptcy-Related Cases.  On December 3, 2009, the Court issued an Order establishing authority of the Lien Resolution Administrator to resolve claims for all probate and bankruptcy related cases.

IV.    SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master

under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret.) and Judge Marina Corodemus (Ret.) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.

V.     CLASS ACTIONS

The only remaining class action pending involves Purchase Claims.[1]  Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court.

VI.    STATE/FEDERAL COORDINATION - STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee has had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the various Third Party Payor and Government Action cases currently pending before the Court.

VII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement.  Issues regarding the MDL Settlement Program are discussed in Section I above.  Letters to *pro se* individuals were sent on December 12, 2007, advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with the PLC to discuss the Settlement Agreement.  Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnston of

---

[1] Counsel in *Deckowitz v. Merck*, Case No. 2:05-cv-2102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.

Johnston, Hoefer, Holwadel & Eldridge, as Curator for *pro se* plaintiffs and tolling claimants. The Pro Se Curator filed a status report and advised the Court as to the efforts his office has undertaken in addressing the concerns of several pro se plaintiffs who have contacted the curator's office.

VIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued Pre-Trial Order No. 37, which governs the terms of access to the PSC trial packages. The trial packages have previously been presented to the Court for review.

IX.   THIRD PARTY PAYOR CASES

The parties have advised the Court that a settlement agreement has been negotiated under which all private Third Party Payor actions pending in this proceeding (as well as other actions and claims) would be resolved.

X.   GOVERNMENT ACTIONS

    A.   Louisiana Attorney General Action

Merck filed a Motion to Dismiss the Amended Complaint on June 9, 2009. A hearing on the motion took place on July 28, 2009. Subsequently, on December 21, 2009, Merck withdrew its Motion to Dismiss Plaintiffs' Amended Complaint and advised that it plans to file a Motion for Summary Judgment in lieu thereof.

On August 12, 2009, the Court issued a Minute Entry setting trial in the Louisiana AG case for April 12, 2010. On September 30, 2009, the Court issued Pre-Trial Order No. 53, setting forth an amended case management schedule. Following a December 15, 2009 telephonic status conference, at the Court's direction, the parties agreed upon a revised schedule

that postpones various pretrial deadlines by approximately two weeks, without changing the April 12, 2010 trial date. A Second Amended Pre-Trial Order No. 53 was submitted to the Court on December 28, 2009, and a corrected version of that proposed Order was submitted on January 4, 2010. The parties have requested Court approval of the corrected proposed Order.

All expert reports have now been served except for Defendant's damages expert report (due January 21, 2010) and Plaintiff's damages expert rebuttal report (due January 28, 2009).

The Parties continue to schedule and take depositions. On November 20, 2009, Plaintiff served a Notice of Deposition for Dr. Alice Reicin, and, pursuant to Pre-Trial Order no. 9 (Amended), Merck served its objection to such Notice on December 2, 2009. Following the November MDL monthly status conference, the parties continued to meet and confer to address the appropriateness of any further deposition of Dr. Reicin. Despite those efforts, the parties have not been able to resolve this issue. At the status conference, the Court indicated that it does not believe that any further deposition of Dr. Reicin is necessary or appropriate at this time.

  B. <u>Other Government Actions</u>

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009, and served written objections thereto on August 5, 2009. Document productions in these Government Actions have begun on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's Counsel have participated in two meet and confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

Merck filed a Motion for Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 15, 2009, against James Franklin, on behalf of the State of Colorado. Franklin filed Plaintiff's Verified Response to Defendant's Motion for Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 29, 2009. On October 10, 2009, Franklin filed Plaintiff's Notice of Supplemental Authority in support of his Verified Response to Defendant's Motion for Order to Show Cause why Plaintiff's Complaint should not be Dismissed. The motion is ripe for argument and submission to the Court. Accordingly, the motion will be set for hearing, with oral argument, immediately following the next status conference.

XI.   DISCOVERY ISSUES AND OTHER ISSUES IN CONNECTION WITH THIRD PARTY PAYOR AND GOVERNMENT ACTIONS

On January 30, 2009, the Court issued Pre-Trial Order No. 13A. On February 17, 2009, the Court issued Pre-Trial Order No. 13B. Both orders relate to the confidential treatment of materials in the Plaintiffs' Steering Committee's document depository in connection with the Third Party Payor and/or Government Actions. Additionally, on May 19, 2009, the Court entered Pre-Trial Order No. 13C, which relates to certain documents that may be deemed highly confidential information.

On January 30, 2009, the Plaintiffs' Steering Committee filed a Motion to Extend the Assessment of Pre-Trial Order No.19 to Other Entities (one member of the PSC requested that his name be taken off this motion, as he is not participating in the motion).

XII.   THIRD PARTY PAYORS' MOTIONS

A settlement agreement has been negotiated that will resolve Third Party Payor actions pending in this proceeding (as well as other actions and claims). On December 18, 2009, Rust

8

Consulting, the Claim Administrator in the case, began mailing out claims checks to all participating plans.

## XIII. PENDING PERSONAL INJURY CASES IN WHICH *LONE PINE* EXPERT REPORTS HAVE BEEN ISSUED

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing Ms. Oldfather as lead counsel for the Committee and Mr. Foster as a member of the Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports.  On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

## XIV. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of affidavits submitted by firms and has reviewed the affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons and grounds for their request for common benefit fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiff's Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an

appropriate schedule for discovery, briefing, and argument. Numerous objections were filed with the Court.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court. On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award. This PTO orders that if Primary Counsel provides an executed certification in the form attached to PTO 50 prior to the issuance of a claimant's final payment, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement. On October 2, 2009, the Vioxx Litigation Consortium filed a Petition for Writ of Mandamus, United States Court of Appeals for the Fifth Circuit seeking to vacate PTOs 49 and 50 and to release from escrow all funds being held from the Consortium pursuant to PTOs 49 and 50. Responses were filed prior to October 27, 2009. The matter is currently pending before the United States Court of Appeals for the Fifth Circuit.

The Vioxx Litigation Consortium filed a Motion for Expedited Hearing of the Vioxx Litigation Consortium's Motion to Clarify, or in the Alternative, Reconsider Pre-Trial Orders 49 and 50. The matter was heard immediately following the monthly status conference on January 7, 2010. A separate order will be issued regarding this motion.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for

10

Extension of Time (re: Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted the motion and extended the deadline until further order.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion.  The PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, unnecessary, and that if the Court determined that discovery was appropriate, then a scheduling order would be necessary.  On February 27, 2009, PLC filed a response in opposition to the motion.

On September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as Liaison Counsel for common benefit fee objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule.  Mr. Stratton subsequently filed a Motion for a Discovery/Briefing Schedule Relating to the Common Benefit Fee Application Objections.  On November 18, 2009, a status conference was held to discuss the motion.  At the status conference, the Court denied the motion as premature, indicating that it will await ruling from the United States Court of Appeals for the Fifth Circuit on two issues presently pending before it that may have some significant impact on the issues raised by the motion.

XV.   MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement program at 32% plus reasonable costs.  The Order and Reasons are posted on the Court's website at http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation

Consortium) filed a Motion for Reconsideration/Revision of the Court's Order Capping Contingent Fees and Alternatively for Entry of Judgment. The Court appointed the Tulane Civil Litigation Clinic to represent the interests of claimants whose settlement awards will be affected by the Court's Capping Order. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for a writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment Order pending further proceedings. On January 23, 2009, the Fifth Circuit denied the petition for writ of mandamus and stay. On January 30, 2009, the Court issued an Order advising that in the near future, the Court will schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a schedule for briefing and argument to address the Motion to Reconsider. The Court further ordered that the Vioxx Litigation Consortium forward a copy of the Court's January 30, 2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order, on January 31, 2009, counsel for the VLC filed an affidavit stating that the VLC had complied the Court's order.

     The VLC's Motion for Reconsideration came on for hearing on April 7, 2009. By Order entered August 3, 2009, the Court granted in part and denied in part the motion. The Order upheld the capping of fees at 32% plus reasonable costs, but allowed departure from the cap in extraordinary circumstances. The VLC and various other law firms representing Vioxx claimants have filed Notices of Appeal. Additionally, on August 13, 2009, the VLC moved for entry of an order certifying the fee-capping order for interlocutory appeal or for issuance of a final judgment pursuant to Rule 54(b), and for stay of the order. On August 18, 2009, the Court denied the motion for expedited consideration. The Tulane Law Clinic filed an opposition to the

motion; the VLC filed a reply.  The matter was deemed submitted on September 9, 2009.

XVI.   MERCK'S MOTIONS AND RULES ON PTOs

    A.   PTO 28

On December 7, 2009, Merck filed its Tenth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With the Requirements of PTO 28.  The motion was heard immediately following the monthly status conference, along with the matters deferred from prior PTO 28 motions.  A separate order will be issued regarding this motion.

    B.   PTO 43

The matters deferred from Merck's Fourth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply PTO 43 were heard immediately following the monthly status conference.  Separate orders will be issued regarding this motion.

XVII.  OTHER MOTIONS

On February 6, 2009, pro se plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.  Merck filed a combined opposition to the Stratton Faxon and Benjamin motions on March 20, 2009 and filed an opposition to the Bethea motion on April 24, 2009.  The motions have been taken under advisement by the Court.

XVIII.  APPEALS

By Order and Reasons entered April 29, 2009, the Court granted Merck's Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed For Failure to Comply With The *Lone Pine* Requirements of PTO 28 and dismissed the cases.  The Order also denied certain cross motions filed by plaintiffs.  Plaintiffs have appealed the Order.

By Order and Reasons entered February 10, 2009, the Court granted Merck's Motion to Dismiss the Foreign Individual Cases Under the Doctrine of Forum Non Conveniens.  Certain Plaintiffs have appealed the Order and a briefing schedule has been issued by the Fifth Circuit Court of Appeal.

XIX.    MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed.  On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees.  A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

On November 16, 2009, certain plaintiffs filed a Motion to Amend Pre-Trial Order No. 47 by entering Pre-Trial Order No. 47A.  The motion is noticed for hearing on December 16, 2009, at 9:00 a.m.

XX.   MERCK'S CHANGE OF NAME

On November 16, 2009, defendant Merck & Co., Inc. ("Former Merck") filed a Notice of Name Change to notify the Court and all parties to MDL 05-1657 that, effective as of November 4, 2009, it is now named Merck Sharp & Dohme Corp.  This name change results from Former Merck's merger with a Schering Plough Corporation subsidiary.  In connection with this merger, Former Merck has changed its name to Merck Sharp & Dohme Corp. And has become a wholly owned subsidiary of the entity formerly known as Schering Plough Corporation, which has been renamed Merck & Co., Inc.

Additionally, on November 17, 2009, the Court entered Pre-Trial Order No. 55 which orders that any and all stipulations of dismissal, orders, other pleadings or documents filed in or related to this proceeding or to the Vioxx Resolution Program, and that refer to the entity previously known as Merck & Co., Inc., *i.e.*, Former Merck, and that were executed or prepared prior to the date of the Order are hereby reformed to correctly reflect the new name of defendant, Merck Sharp & Dohme Corp. and are valid and enforceable as if the new name of defendant were set forth therein.  A copy of Pre-Trial Order No. 55 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

XXI.   OASIS LEGAL FINANCE, INC. LOANS

On December 21, 2009, a hearing was held regarding the validity of a lien asserted against the settlement proceeds of a Vioxx claimant in the Settlement Program by Oasis Legal Finance, Inc.  While the matter was resolved prior to the hearing and the motion became moot, the Court discussed with the parties the remaining liens asserted by Oasis against other Vioxx claimants and indicated that the duties and responsibilities of the Claims Administrator are

exclusively defined by the Vioxx Master Settlement Agreement.  Under the terms of the Vioxx Master Settlement Agreement, the Claims Administrator is not bound to honor any attempted lien that has not been approved by the parties to the Vioxx Master Settlement Agreement.  The Court, without addressing the validity of all Oasis asserted liens, noted that Merck has not approved any of Oasis' attempted liens and therefore, the Claims Administrator is under no obligation to honor those liens.

## XXII.  NEXT STATUS CONFERENCE

The next monthly status conference will be held on Wednesday, February 3, 2010, at 9:00 a.m., central time.  This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-468.  Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163.  The access code will be 50168042 and the Chairperson will be Judge Fallon.