UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE JUDGE |
| *All Plaintiffs on attached Exhibit A* | * | KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * | * | |

### DEFENDANT MERCK SHARP & DOHME CORP.'S MOTION, RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE REGISTRATION REQUIREMENTS OF PTO 31

Defendant Merck Sharp & Dohme Corp. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the case identified in the attached exhibit to show cause why their individual claims should not be dismissed with prejudice for failure to comply with the requirements of Pre-Trial Order No. 31 ("PTO 31"). These plaintiffs have clearly shown that they do not intend to proceed with their cases, and the Court should therefore enter an order to show cause why these claims should not be dismissed with prejudice.

### BACKGROUND

As this Court knows, leading counsel for plaintiffs in the four major coordinating jurisdictions and Merck entered into an agreement to resolve the majority of claims alleging injury from the use of Vioxx in November 2007. PTO 31 set out a simple registration requirement for plaintiffs wishing to maintain claims in this proceeding. The Court explicitly contemplated dismissal of cases in which plaintiffs did not comply with PTO 31's

1005624v.1

requirements, and the plaintiffs listed on Exhibit A have not registered their claims under the Court's order after having more than ample time to do so.

## ARGUMENT

This Court should dismiss each of the plaintiff's claims listed on the attached Exhibit with prejudice, because these plaintiffs have failed to comply with the explicit instructions of PTO 31.

In order to take a census of the number and type of claims pending in this litigation, the Court entered PTO 31, which required "[a]ll Counsel of Record with claims pending in this proceeding" to "register (or ensure that other attorneys register) all claims in which they have an Interest ... that are pending in any court or tribunal in the United States." (PTO 31 ¶ l(c), Nov. 9, 2007.)  All of the plaintiffs listed in Exhibit A are involve cases where 1) a *pro se* plaintiff filed suit or 2) a motion to withdraw has been granted, and the plaintiffs are now *pro se*.  The express terms of PTO 31 state that "[p]ersons who represent themselves *pro se* in this litigation shall complete the Pro Se Registration Affidavit…and shall serve Defendant Merck, PLC, and the Claims Administrator, by no later than January 15, 2008." *Id.* ¶ 4.  PTO 31 also states that

> [t]he Court expects all Counsel and all Pro Se Plaintiffs and Tolling Claimants to Comply with this Order.  *Failure to meet the requirements of this Order by the deadlines set herein with subject non-compliant Counsel to a show cause hearing as to why they have not complied with this Order and as to why claims in which they have and interest should not be dismissed*.  *Id.* at ¶ 10 (emphasis added).

The plaintiffs identified on Exhibit A have not met the requirements of PTO 31, and it is clearly within the Court's inherent authority to dismiss these cases with prejudice for lack of prosecution to "achieve [an] orderly and expeditious disposition" of the MDL proceeding. *See, e.g., Link v. Wabash R.R.,* 370 U.S. 626 (1962).

The original deadline for registering claims under PTO 31 was January 15, 2008. (*See* PTO 31 ¶¶ 2,4.)  More than **two years** have now elapsed since that deadline and, during that intervening period, counsel for Merck have held numerous public conferences apprising claimants of their obligation to register their claims.

In addition, these plaintiffs have made no attempt to otherwise prosecute their claims since PTO 31 was entered.[1]  Courts in this District have repeatedly held that plaintiffs who fail to participate in their litigation should be dismissed.  *See Landry v. Marine Transport Lines, Inc.*, 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing plaintiff's personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.).  *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

Here, in addition to not complying with PTO 31, these plaintiffs have made no effort to litigate their claims for over a year.  As such, they have ceased participating in this litigation and their claims should be dismissed.  Accordingly, Merck requests that these plaintiffs be instructed to appear and show cause at a hearing on February 26, 2010 why their cases should not be dismissed with prejudice.  A proposed order is attached.

---

[1] As further evidence that plaintiffs have no significant interest in pursuing these cases, they have also failed to comply with the provisions of Pre-Trial Order No. 28 (PTO 28).  PTO 28 states that all plaintiffs, including those proceeding *pro se*, who had not been submitted to the Vioxx Resolution Program were required to provide to Merck, *inter alia*, preservation notices, answers to interrogatories, case-specific expert reports, and medical records.  The plaintiffs on the attached Exhibit have failed to comply with these requirements.

**CONCLUSION**

For the foregoing reasons, Merck respectfully asks the Court to enter an order to show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to comply with the registration requirements of PTO 31 and for failure to prosecute.

Dated: January 22, 2010

                                                   Respectfully submitted,

                                                   */s/ Dorothy H. Wimberly*
                                                   Phillip A. Wittmann, 13625
                                                   Dorothy H. Wimberly, 18509
                                                   STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                   546 Carondelet Street
                                                   New Orleans, Louisiana 70130
                                                   Phone: 504-581-3200
                                                   Fax:    504-581-3361

                                                   **Defendants' Liaison Counsel**

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of January, 2010.

                                                   */s/ Dorothy H. Wimberly*
                                                   Dorothy H. Wimberly, 18509
                                                   STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                   546 Carondelet Street
                                                   New Orleans, Louisiana  70130
                                                   Phone:  504-581-3200
                                                   Fax:     504-581-3361
                                                   dwimberly@stonepigman.com

                                                 **Defendants' Liaison Counsel**

1005624v.1