UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Vioxx ® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to: | JUDGE FALLON |
| Janet Sue Morgan, et al, v. Merck & Co., Inc.; Docket No. 2:05-cv-496 only regarding **James I. Smith** | MAGISTRATE JUDGE KNOWLES |

## <u>MOTION TO SET HEARING ON ATTORNEYS' FEES AND COST LIEN</u>

Dawn M. Barrios, Esq. of Barrios, Kingsdorf & Casteix, L.L.P. ("Barrios") moves this Court to order a hearing be held before this Honorable Court or before the Special Master on Barrios' Attorneys' Fees and Cost Lien ("Fee Lien") filed with Brown Greer against former client, James I. Smith, a Vioxx Resolution Program claimant assigned VCN 1014244, ("Plaintiff") and states, as follows:

1.   On November 14, 2004, Barrios and James Minge (collectively "Barrios") and Plaintiff entered into a Contingency Fee & Cost Employment Agreement for representation in the Vioxx Products Liability Litigation.[1] Exhibit A. Barrios was the primary attorney handling Plaintiff's Vioxx claim and spent a considerable amount of time counseling and meeting with Plaintiff, his wife and other family members, collecting and analyzing all medical

---

[1] Barrios' firm is a member of a consortium of firms jointly handling Vioxx claims; however, since the employment agreement with Plaintiff reflected only Barrios' name, Barrios brings this motion.

records, evaluating financial records for an EIF claim, and timely submitting a complete claims package to the Claims Administrator in the Vioxx Resolution Program.

2. On October 31, 2008, the Claims Administrator issued a Notice of Points Award in the Vioxx Resolution Program, attached hereto as Exhibit B.  Barrios notified Plaintiff of the award and received his permission to appeal the Claims Administrator's award for the unwarranted finding of obesity.

3. Barrios successfully appealed the finding of obesity and obtained a Post-Appeal Notice of Points Award on November 19, 2008, attached hereto as Exhibit C.

4. After the Post-Appeal Notice of Points Award, Plaintiff's actions created several fundamental disagreements with Barrios which led to Barrios being required to terminate the attorney-client relationship with Plaintiff on January 6, 2009.  Pursuant to Plaintiff's request that he receive a complete copy of his entire file, Barrios provided Plaintiff with a copy of the file in person on January 6, 2009.

5. Barrios filed a Motion to Withdraw as Counsel of Record.  A copy of the Order granting same is attached hereto as Exhibit D.

6. Plaintiff thereafter filed a motion to have Barrios removed, which was entered into the record by Order of the Court, attached hereto as Exhibit E.

7. On March 19, 2009, Barrios submitted a Notice of Attempted Lien to the Claims Administrator, attached hereto as Exhibit F.

8. On August 25, 2009 Plaintiff filed a Motion to Dismiss Third Party Attempted Lien, attached hereto as Exhibit G.

9. Plaintiff is appearing Pro Se.

10. At the June 24, 2009 Status Conference during the report of the Pro Se Curator, Robert Johnston ("Johnston"), the Court discussed appointment of the Pro Se Curator as mediator between claimants and former counsel and further suggested that should any counsel wish to employ this procedure, filing a motion to order mediation may be appropriate.

11. Barrios spoke with Johnston and requested that Johnston speak with Plaintiff about mediating the Fee Lien with Johnston as mediator and with Barrios paying the cost of the mediation.

12. Johnston spoke with Plaintiff about mediating the issue and, at Plaintiff's request, confirmed the details of the conversation in correspondence.

13. Plaintiff subsequently declined the offer to mediate, stating that he wanted the Court to resolve the issue.[2]

14. Plaintiff received his funds from the Claims Administrator on October 8, 2009.  The Claims Administrator withheld the Fee Lien amounts asserted.

15. On December 17, 2009, the Court issued PTO 47 A amending PTO 47 and setting forth the standards required to perfect a Fee Lien with the Claims Administrator or Court.  Paragraph 6 of PTO 47A states that the Claims Administrator will advise the Lien Claimant, affected Primary Counsel or Pro Se Claimant if a Fee Lien satisfied the pleading requirements of PTO 47A.

16. On January 6, 2010 the Claims Administrator notified Barrios that the Fee Lien  asserted was compliant with PTO 47A.  Exhibit I.

17. PTO 47A, paragraph 9 authorizes a Lien Claimant to submit the lien resolution to this Court under Section 8.1.2 and Section 8.1.3 of the Settlement Agreement.  (There is no possibility that the lien will be resolved without some judicial intervention.)

---

[2] Barrios filed a Motion to Set Mediation, which the Court denied.  Exhibit H.

18. Section 8.1.2 of the Settlement Agreement specifies that any disputes shall be submitted to the Honorable Eldon E. Fallon.  Section 8.1.3 provides that, if Judge Fallon concludes that he should not determine the issue, then the Special Master shall decide the issue.

19. Barrios requests that this Court resolve the Fee Lien asserted or, alternatively, that this Honorable Court authorize Special Master Patrick A. Juneau to resolve the Fee Lien.

20. The PSC and Claims Administrator have reviewed this Motion and Proposed Order and have no objection to the entry of same.

WHEREFORE, Dawn M. Barrios, Esq. of Barrios, Kingsdorf & Casteix, L.L.P. moves this Court for an Order setting a hearing for the resolution of the Fee Lien before this Court or, alternatively, authorizing Special Master Patrick A. Juneau to hear and resolve the Fee Lien dispute between Barrios and Vioxx Resolution Program claimant James I. Smith, VCN 1014244.

Dated:  January 26, 2010                    Respectfully submitted,

                                            BARRIOS, KINGSDORF & CASTEIX, L.L.P.

                              By:    /s/ Dawn M. Barrios
                                     Dawn M. Barrios, Esq.
                                     LA Bar Roll No. 2821
                                     701 Poydras Street, Suite 3650
                                     New Orleans, LA  70139
                                     Telephone: 504-524-3300
                                     Facsimile:  504-524-3313
                                     Email: barrios@bkc-law.com

## **CERTIFICATE OF SERVICE**

I herby certify that the above and foregoing Motion To Set Hearing On Attorneys' Fees And Cost Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, on Plaintiff, James I. Smith by U.S. Mail, and Certified Mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 26th day of January, 2010.

/s/ Dawn M. Barrios
Dawn M. Barrios, Esq.
LA Bar Roll No. 2821
Barrios, Kingsdorf & Casteix, L.L.P.
701 Poydras Street, Suite 3650
New Orleans, LA  70139
Telephone: 504-524-3300
Facsimile:  504-524-3313
Email: barrios@bkc-law.com