UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | MDL No. 1657 |
| | * | |
| This Document Relates to: | * | SECTION L |
| | * | |
| STATE OF LOUISIANA, ex rel JAMES D. | * | JUDGE FALLON |
| CALDWELL, JR. Attorney General, | * | |
|                  Plaintiff, | * | MAG. JUDGE KNOWLES |
| | * | |
|      versus | * | |
| | * | |
| MERCK & CO., INC., | * | |
|             Defendant | * | |
| | * | |
| **CASE NO. 05-3700** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LOUISIANA ATTORNEY GENERAL'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION
OF MOTION TO REMAND**

MAY IT PLEASE THE COURT:

The Louisiana Attorney General respectfully requests this Court to grant expedited

consideration of its pending Motion to Remand prior to ruling on dispositive motions and/or trial

of this matter.   While the Louisiana Attorney General is not averse to trial in this MDL forum, the

weight of authority holds that this federal court lacks jurisdiction to hear trial of this matter, and

judicial efficiency mandates that the jurisdictional question be resolved before the resources of this Court are wasted on a lengthy trial which would in all likelihood result in a nullity.

The sole grounds advanced by Merck for exercise of federal jurisdiction over this matter are diversity and purported federal question arising from the implication of certain federal statutes in the consideration of the State of Louisiana's state law claims.  There can be no diversity jurisdiction when, as here, one of the parties is the State of Louisiana.  Nor can there be any federal question when the State of Louisiana has not brought any claims under federal law.  Any judgment entered by this Court in the absence of jurisdiction would be a nullity. Accordingly, before this Court devotes considerable judicial resources to consideration of weighty dispositive motions and a prolonged and costly trial, this Court must resolve the issues raised by the State of Louisiana's Motion to Remand, which has been pending for over four years.

Merck has suggested that although no diversity lies where the State of Louisiana is a plaintiff, the real party at interest is the Louisiana Department of Health and Hospitals (LDHH), which Merck contends can be considered diverse.  Whether LDHH is the real party at interest is immaterial, because the Fifth Circuit has already held on multiple occasions that LDHH is the alter-ego of the state, and as such enjoys the same non-diverse status as the state.  In a surprising lack of candor to this Court, Merck made no mention whatsoever of the well-established controlling case law on this issue in its papers.

Merck also suggests that although the State has raised no claims under federal law, the mere need to consider certain federal statutes in deciding plaintiffs' claims gives rise to federal question jurisdiction.  Numerous recent decisions confirm that when states bring state law claims against

-2-

pharmaceutical companies such as those asserted by the state of Louisiana, the mere implication of certain federal medicaid and FDCA regulations does not give rise to federal question jurisdiction.

Since there is no diversity as to claims brought by the state of Louisiana or LDHH, and since the state law claims asserted by the state do not give rise to a federal question, this Court lacks jurisdiction to hear the matters raised in the state of Louisiana's lawsuit.  Accordingly, this Court must grant expedited consideration of the state's remand motion before considerable judicial resources are expended in a trial of a matter over which this Court lacks jurisdiction.

## I.      Procedural History

This matter was originally filed on July 6,2005 in the Civil District Court for the Parish of Orleans.  In this suit, the Louisiana Attorney General, on behalf of citizens of the state of Louisiana and on behalf of the Louisiana Department of Health and Hospitals, asserted claims under Louisiana law of redhibition and the Louisiana Unfair Trade Practices Act (LUTPA) for, *inter alia*, restitution of funds expended by the state as a result of Merck's fraudulent and unlawful marketing of the prescription drug Vioxx.  On August 5, 2005, Merck removed this action to this Honorable Court. On October 11, 2005, the state of Louisiana moved to remand the action for lack of federal jurisdiction.  On November 1, 2005, Merck filed its Opposition to Motion to Remand, and the matter has been pending ever since that time, with no hearing date set.

When the Attorney General first filed its motion to remand, this Court invited the Attorney General and other governmental action plaintiffs to make full use of this MDL forum to move their cases along in an orderly and expedited fashion.  The State of Louisiana has taken full advantage of this Court's offer to use the auspices of this MDL to move this case as far along as possible.  Under this Court's guidance, all discovery and non-dispositve motion practice has been completed.

-3-

Extensive written discovery has been propounded and responded to.  Hundreds of thousands of documents have been produced.  The parties have exchanged fifteen expert reports. Thirty-three fact and expert witness depositions will have been taken by the close of discovery next week.  Everything that can be done short of ruling on the merits has been done in this case.  All that is left to be done with respect to the State of Louisiana's claim is dispositive motion practice and trial, matters which this Court lacks jurisdiction to decide.  Trial of this matter is scheduled to commence on April 12, 2010.

## II.    Lack of Diversity

Merck does not dispute that the state of Louisiana is not a citizen for diversity purposes, and as such there can be no diversity jurisdiction. *See Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995). Merck argues, however, that the real party at interest is the Louisiana Department of Health and Hospitals (LDHH), on whose behalf the Attorney General has asserted claims.  This Court need not determine whether LDHH is the real party at interest, because the Fifth Circuit has already determined that LDHH is the alter ego of the state. *See Firemen's Fund Ins. Co. v. Dept. of Transp. and Development, State of Louisiana*, 729 F.2d 1373 (5th Cir. 1986); *Darlak v. Bobear*, 814 F.2d 1055 (5th Cir. 1987).  An entity such as LDHH that is the alter ego of the state, like the state itself, cannot be considered a citizen for diversity purposes. *Tradigrain, Inc. v. Mississippi State Port Authority*, 701 F.2d 1131 (5th Cir. 1983)

Merck has argued that LDHH is a citizen of the state, not its alter ego.  Merck attempts to argue under that under the Fifth Circuit's test for determining whether a state agency is an alter ego of the state, set forth in *Tradigrain, supra*, LDHH should be considered a citizen and not the alter-ego.  What Merck fails to mention is that the Fifth Circuit has already held that under the *Tradigrain*

test, LDHH *is* the alter-ego of the state.  *See Firemen's Fund,* 729 F.2d at , *citing Kurkiewicz v. State of La., through Dept. of Health and Human Resources*, 560 F.Supp. 911 (M.D. La. 1983).

In *Kurkiewicz*, the Middle District of Louisiana applied the *Tradigrain* test to determine whether the Louisiana Department of Health and Hospitals, then called the Department of Health of Human Resources, was an alter-ego of the state.  The *Kurkiewicz* court held that although several prongs of the *Tradigrain* test for determining whether an agency is a citizen were met as to LDHH, the all-important characteristic of the source of the department's funds required a finding that LDHH is the alter-ego of the state.  *Kurkiewicz*, 560 F.Supp. at 913.  The Fifth Circuit then adopted the *Kurkiewicz* holding in *Firemen's Fund*, *supra*, going on to hold that the Louisiana Department of Transportation and Development, which enjoys even broader powers to contract and hold property than does LDHH, was, like LDHH, an alter ego of the state under the *Tradigrain* test.[1]  Shockingly, Merck made no mention of either on-point holding in its Opposition to Plaintiffs' Motion to Remand.

Under controlling Fifth Circuit authority, LDHH is the alter-ego of the State of Louisiana, and as such cannot be considered a citizen for diversity purposes.  This Court has no diversity jurisdiction over this lawsuit.

---

[1]  *Kurkiewicz* and *Firemen's Fund* were both decided in the context of state sovereign immunity rather than diversity.  However, the Fifth Circuit has recognized "that the inquiry into an agency's citizenship for diversity jurisdiction and into its status for governmental immunity under the Eleventh Amendment are virtually the same..." *Jacintocorp. v. Greater Baton Rouge Port Comm'n*, 762 F.2d 435, 440 (5th Cir. 1985).  Indeed, the courts in both cases applied the *Tradigrain* test for consideration of alter ego in the diversity context.

### III.    Lack of Federal Question

Since there is no diversity jurisdiction, the only possible grounds for exercise of this Court's jurisdiction would be if the suit involved a federal question.  Citing the United States Supreme Court's decision in *Grable*, Merck has suggested that, although the State of Louisiana has brought only state law claims, the implication of certain federal statutes in deciding those state law claims gives rise to federal question jurisdiction.[2]  In its Memorandum in Support of Motion to Remand, the state of Louisiana has briefed why the instant case does not warrant exercise of "arising under" jurisdiction under *Grable*.  Additionally, one year after Merck invoked federal jurisdiction under *Grable*, the Supreme Court cautioned against broader application of *Grable*, noting that *Grable* exemplified a "special and small category" of federal jurisdiction.  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 2136 (2006).  That would explain why, in the more than four years since Merck first advanced this argument, numerous courts throughout the land have rejected Merck's over-broad construction of *Grable* and the contention that the implication of federal medicaid and FDCA statutes in consideration of claims brought by states against pharmaceutical manufacturers for reimbursement of medicaid expenditures gives rise to a federal question.

In support of its over-broad application of *Grable*, Merck cited to a single case, *In re Zyprexa Products Liab. Litig.,* 375 F.Supp.2d 170 (E.D.N.Y. 2005).  The reasons why this Court should not follow *Zyprexa* in this case have been fully briefed in plaintiffs' Memorandum in Support of Motion to Remand.  Notably, in the past four years, not a single court has embraced the *Zyprexa* holding to

---

[2]   *Grable & Sons Metal Product, In.c v. Darue Engineering & Mfg.,* 545 U.S. 308, 125 S.Ct. 236, 162 L.Ed. 2d 257 (2005)

find federal jurisdiction over a state's claim arising from the marketing of a pharmaceutical product, while numerous courts have rejected the rationale of that holding. *See e.g. Utah v. Eli Lilly & Co.*, 509 F.Supp. 2d 1016 (D. Utah 2007); *Pennsylvania v. Eli Lilly & Co.*, 511 F.Supp. 576 (E.D. Pa. 2007); *Texas v. Merck & Co., Inc.*, 385 F.Supp.2d 604, 608 (W.D.Texas 2005); *Allen v. GlaxoSmithKline*, PLC, 2008 WL 2247067 (E.D. Pa. 2007); *Charles Foti ex rel. State of Louisiana v. Janssen Pharmaceutica*, No. 04-2576, United States District Court for the Western District of Louisiana (unpublished Order, attached hereto as Exhibit 1); *South Carolina v. Eli Lilly & Co.*, 2007 WL 2261693; *Alaska v. Eli Lilly & Co.*, 2006 WL 2168831, at *4 (D.Alaska July 28, 2006); *and Hood ex rel. state of Mississippi v. Ortho-McNeil-Janssen Pharmaceuticals*, *Inc.*, 2009 WL 561575 (N.D. Miss. 2009); *Cox ex rel. State of Michigan v. Merck & Co., Inc.*, No. 1:08-CV-918, United States District Court for the Western District of Michigan (unpublished Order, attached hereto as Exhibit 2). Indeed, in 2008 the Court in *Allen, supra*, noted, "this Court cannot identify a case outside of the Eastern District of New York which has found jurisdiction over these kinds of Medicaid fraud cases." *Id.*, at 8.

Since Merck first attempted to invoke federal jurisdiction under the *Zyprexa* holding, the rationale of that decision has had more than four years to take hold. Tellingly, it has utterly failed to do so. The overwhelming weight of authority over the past four years confirms what the state of Louisiana asserted when this matter was first removed to this Court; this Court lacks subject matter jurisdiction over the state of Louisiana and/or LDHH's claims in this lawsuit.

## IV.   Any judgment issued by this Court in the absence of jurisdiction is a nullity.

It is well established that subject matter jurisdiction of a court can be challenged at any stage of the proceedings, even for the first time on appeal. *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).

The parties cannot confer federal jurisdiction on the courts merely by consenting to jurisdiction.  *Id.*  Moreover, even the party that asserted federal jurisdiction in the first place can raise a challenge to jurisdiction at any stage of the proceedings.  *Id.*  Hence, the state of Louisiana is faced with the very real dilemma that it could undergo all the expense of a trial and obtain a favorable verdict against Merck, only to have Merck undo the judgment by raising the very jurisdictional issues that the state has raised in its remand motion.  While the state of Louisiana might like to proceed to trial in this forum and resolve its dispute with Merck in an expeditious fashion, it has no choice but to raise the jurisdictional issue at this time, and demand that this Court remand the matter before significant resources are expended in trial of this matter.

## CONCLUSION

Throughout this litigation, when the governmental action plaintiffs have requested that the Court consider pending remand motions, this Court has encouraged those plaintiffs to use the auspices of this MDL forum to undertake whatever pre-trial practice could be accomplished here.  The State of Louisiana has done so, literally taking the instant case to the verge of trial.  Now that discovery is about to be complete and all that is left is ruling on the merits of the case, there is nothing left to be accomplished in this forum which lacks jurisdiction to hear the merits of this matter.  The State of Louisiana respectfully submits that with respect to its claims, the time to consider Louisiana's motion for remand is now.  This Court lacks jurisdiction to rule on the state law claims brought by the state of Louisiana, and the parties and this Court should not waste valuable resources in pursuit of a nullity.

BY:    MURRAY LAW FIRM

_s/ Stephen B. Murray, Jr._
James R. Dugan, II  (24785)
Stephen B. Murray  (9858)
Stephen B. Murray, Jr. (23877)
Douglas R. Plymale (28409)
Justin Bloom
650 Poydras Street, Suite 1100
New Orleans, Louisiana 70130
T:     504.525.8100
F:     504.584.5249

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
T:     225.326.6020
F:     225.326.6096

Francisco H. Perez
Kim Sullivan
General Counsel
LOUISIANA DEPARTMENT OF HEALTH AND
HOSPITALS
P.O. Box 3836
Baton Rouge, Louisiana 70821
T:     225.342.1188
F:     225.342.2232

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply to Notice of Supplemental Authority filed on behalf of the Louisiana Attorney General has been served on Liaison Counsel, Phillip A. Wittman and Russ M. Herman, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, on this the 29th day of January, 2010.

_/s/ Stephen B. Murray, Jr._
Stephen B. Murray, Jr.
MURRAY LAW FIRM
650 Poydras Street, Suite 1100
New Orleans, Louisiana 70130
T:     504.525.8100
F:     504.584.5249