## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | **Case Number: 2:05cv04981** |
| **Roger Carver, Individually and as representative of the Estate of Gail Carver** | PLAINTIFF |
| v. | |
| **Merck & Co., Inc.** | DEFENDANT |

### AFFIDAVIT OF ROGER CARVER

Comes now the Affiant, Roger Wesley Carver, after first being duly sworn, and states as follows:

1. My wife, Gayle Carver, died on October 16, 2002, at the age of 65. Her death was caused by a pulmonary embolism and deep vein thrombosis. Gayle took Vioxx continuously from 1999 until her death in 2002.

2. Following the publicity surrounding Merck's recall of Vioxx, I contacted an attorney in order to discuss a potential claim for Gayle's death. That attorney was Shari Wright. I worked with attorney Shari Wright from my initial contact to her in 2005 through 2008. I always responded promptly to any information requested of me. It was, and remains, my desire that any claim for Gayle's death ultimately reviewed on its merits.

3. Ms. Wright told me in approximately July 2008 that I needed to retain new counsel because she could not handle the case any longer. At her suggestion, I contacted Ms. Oldfather. Ms. Oldfather's office advised that it was unclear what the court would be doing with cases that had not been enrolled in the Resolution Program. Ms. Oldfather's office advised that the leadership structure for those cases was in the state of flux, and that she did not know whether the Plaintiffs' Steering Committee would retain the responsibility it had to people such as me, or not.

4. I later learned from Ms. Oldfather's office that my claim had been dismissed by the court on October 16, 2008. This was complete news to me, as I had never been told that a Motion to Dismiss was pending, nor had I ever been told by my attorney that it had been entered.

5. Ms. Oldfather's office told me that she would attempt to have the court reinstate my claim and this Affidavit is provided for that purpose.

6. Merck will not be prejudiced by the reinstatement of my claim. Merck has not, to my knowledge, changed its position in any way as a result of the dismissal. Merck has not foregone any discovery as a result of the dismissal. Merck's liability for its prescription drug, Vioxx, and the role that Vioxx played in my wife's death has yet to be reviewed on its merits by any court.

7. I am available to discuss this with Judge Fallon at his request.

   Further the Affiant sayeth naught.

                                                  _____
                                                  ROGER CARVER, AFFIANT


STATE OF MASSACHUSETTS      )
                            )SS:
COUNTY OF ESSEX             )


   I, a notary public within the State and County aforesaid, do hereby certify that on this 16th day of January, 2010, personally appeared before me, Roger Wesley Carver, to me personally known, who being by me first duly sworn, signed, acknowledged and delivered the foregoing document, as his voluntary act and deed.

   My Commission expires: 1/28/2016

                                                  _____
                                                  Notary Public



RHIANNON SCHIAVONE
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
January 28, 2016