UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY DRESSEL AND | * | |
| ANTOINE DRESSEL | * | CIVIL ACTION NO.: 05-4963 |
|     Plaintiffs | * | |
| | * | SECTION "L" |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| MERCK & CO., INC. | * | |
|     Defendant | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * *

**MOTION FOR RECONSIDERATION AND REVERSAL
OF ORDER OF DISMISSAL WITH PREJUDICE**

**NOW INTO COURT**, comes Antoine Dressel, named plaintiff herein and Administrator of the Succession of Mary Dressel who does oppose this Honorable Court's issuance of an Order of Dismissal with Prejudice on January 19, 2010, and who, with respect to same, does hereby respectfully request that same be reversed and set aside in favor of permitting this matter to proceed to a full trial on the merits. In support of his contentions, Plaintiff / Mover would respectfully show as follows:

**1.**

The above-captioned matter was originally filed as a State Court action in the Twenty-Third Judicial District Court, Docket No. 29, 204, Division "D."

**2.**

The State Court action was timely removed by Defendant Merck & Co., Inc. [Rec. Doc. 1] on October 14, 2005.

**3.**

Defendant Merck & Co., Inc. filed a Notice of Compliance [Rec. Doc. 2] and an Answer to the Complaint [Rec. Doc. 3] on this self-same date.

**4.**

It would appear that this matter was thereafter joined unto MDL-1657, Vioxx Products Liability Litigation, in accordance with Document 1-3 of Case 2:05-cv-04963-EEF-DEK.  See, http://vioxx.laed.uscourts.gov/.

**5.**

On September 15, 2006, Plaintiff Mary G. Dressel, died, ultimately leaving her husband and co-plaintiff herein as a Provisional Administrator of that portion of her Succession which claimed damages relative to Ms. Dressel's ingestion of the prescription medication Vioxx.

**6.**

In the interest of pleading the relevant facts with specificity, Plaintiff / Mover Antoine Dressel notes that he initially filed to open the Succession of Mary G. Dressel based upon his belief that she had died intestate.  Subsequently, a Last Will and Testament was produced by Clyde H. Richard, Jr., a child of Ms. Dressel from a former marriage, and this particular instrument established Mr. Richard as the Executor of the Estate of Mary G. Dressel.  An appropriate Amended Petition to Open Succession was filed, and, notably, Mr. Clyde H. Richard, Jr. specifically authorized Antoine Dressel to act on the Succession's behalf with regard to all matters pertaining unto the Vioxx litigation and claims.

**7.**

Starting in early 2008 and continuing into mid-2009, Mr. Antoine Dressel, both individually and as Provisional Administrator of the Succession of Mary G. Dressel, joined in a

settlement class being administered pursuant to the authority of this Honorable Court and managed by BrownGreer, PLC as the Claims Administrator for the Vioxx Settlement Program.

**8.**

During this time period, Mr. Antoine Dressel (both individually and in his representative capacity) provided all the required documentation, paperwork, and other substantiation necessary to support the asserted claims for damages.

**9.**

Unfortunately, on or about August 5, 2009, Ms. Dressel was denied membership in the Vioxx Settlement Class.

**10.**

Since Mr. Antoine Dressel (both individually and in his representative capacity) is no longer a member of the Settlement Class, he should now be permitted to return to this Honorable Court and proceed with his claims through routine litigation.

**11.**

Further, and at a minimum, the Plaintiffs' claims should not be summarily dismissed *sua sponte* and without an opportunity for hearing.

**12.**

In this matter, the Court's Order of Dismissal with Prejudice was filed without any prior notice and at a point when Plaintiffs' claims remain presently viable and actionable.

**13.**

As such, the present Motion for Reconsideration finds its basis in the provisions of Federal Rule of Civil Procedure 60(b).

**14.**

Rule 60(b) provides for relief in certain situation such as the matter at hand, where a manifest injustice would otherwise occur:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

**15.**

The case at bar would clearly subtend the element of "mistake" or "surprise." In addressing these issues, this Honorable Court has stated:

> In determining whether the moving party has established "excusable neglect" under Fed.R.Civ.P. 60(b)(1) or "manifest injustice" under Fed.R.Civ.P. 60(b)(6), the district court enjoys considerable discretion. Default judgments in particular call for great liberality in granting Rule 60(b) motions so that the court can decide the case on its merits. Based on the remedial nature of Rule 60(b), the discretion of the court to deny a motion for relief is limited. As long as the movant seeking timely relief has a meritorious defense, doubt should be resolved in favor of granting the motion for reconsideration.

<u>Albright v. City of New Orleans</u>, 1997 U.S. Dist. LEXIS 7385 (E.D. La. May 19, 1997), internal cites omitted.

**16.**

It is thus clear that this Honorable Court should resolve any doubt in the favor of the Plaintiffs herein, allowing the Plaintiffs an opportunity to seek relief for their claims through

regular litigation channels, where they have been denied membership in the Vioxx Settlement Program administered by BrownGreer, PLC.

**WHEREFORE**, the Plaintiff Antoine Dressel, both individually and in his capacity as Provisional Administrator of the Succession of Mary G. Dressel, respectfully prays this Honorable Court grant his Motion for Reconsideration and Reversal of Order of Dismissal with Prejudice and thereafter allow and permit this matter to proceed to a full trial on the merits.

*It Is So Moved.*

Respectfully Submitted,

**J. Christopher Alexander, Sr., Esq., LLC**
Attorneys and Counselors at Law

_____
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
jca@jcalaw.us
Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record herein via delivery of this self-same document into the Court's electronic filing system, which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the   29th   day of January, 2010, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

_____
J. Christopher Alexander, Sr., Esq.