UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY DRESSEL AND | * | |
| ANTOINE DRESSEL | * | CIVIL ACTION NO.: 05-4963 |
|     Plaintiffs | * | |
| | * | SECTION "L" |
| VERSUS | * | |
| | * | JUDGE ELDON E. FALLON |
| MERCK & CO., INC. | * | |
|     Defendant | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND REVERSAL OF ORDER OF DISMISSAL WITH PREJUDICE**

**NOW INTO COURT**, comes Antoine Dressel, named plaintiff herein and Administrator of the Succession of Mary Dressel who does file this Memorandum in Support of his Motion for Reconsideration and Reversal of Order of Dismissal with Prejudice and who, with respect to same, does hereby allege, aver, depose, attest, state, and claim as follows:

**I.     Factual Background**

The facts of Ms. Mary G. Dressel's claim are pled with specificity in her Petition for Damages which is of-record herein at Rec. Doc. 1-1, pp. 6-15.  Ms. Dressel's lawsuit was filed on September 21, 2005, and it alleged her damages relative to ingestion of the prescription medication, Vioxx.  The action was originally filed in State Court, and the action was thereafter timely removed by Defendant Merck & Co., Inc. [Rec. Doc. 1] on October 14, 2005.

Defendant Merck & Co., Inc. filed a Notice of Compliance [Rec. Doc. 2] and an Answer to the Complaint [Rec. Doc. 3] on this self-same date.  The action was combined into the Multi=District Litigation pursuant to Rec. Doc. 1-3.

On September 15, 2006, Plaintiff Mary G. Dressel, died, ultimately leaving her husband and co-plaintiff herein as a Provisional Administrator of that portion of her Succession which claimed damages relative to Ms. Dressel's ingestion of the prescription medication Vioxx.  Mr. Antoine Dressel notes that he initially filed to open the Succession of Mary G. Dressel based upon his belief that she had died intestate.  Subsequently, a Last Will and Testament was produced by Clyde H. Richard, Jr., a child of Ms. Dressel from a former marriage, and this particular instrument established Mr. Richard as the Executor of the Estate of Mary G. Dressel.  An appropriate Amended Petition to Open Succession was filed, and, notably, Mr. Clyde H. Richard, Jr. specifically authorized Antoine Dressel to act on the Succession's behalf with regard to all matters pertaining unto the Vioxx litigation and claims.

Starting in early 2008 and continuing into mid-2009, Mr. Antoine Dressel, both individually and as Provisional Administrator of the Succession of Mary G. Dressel, joined in a settlement class being administered pursuant to the authority of this Honorable Court and managed by BrownGreer, PLC as the Claims Administrator for the Vioxx Settlement Program.  During this time period, Mr. Antoine Dressel (both individually and in his representative capacity) provided all the required documentation, paperwork, and other substantiation necessary to support the asserted claims for damages.

A portion of the application to join the Vioxx Settlement Class included submission of a proposed Motion to Dismiss with Prejudice.  This document was signed and provided unto the Defendants for their use upon a final disposition of the claim.  This document did not represent a settlement of the claim, nor did it reflect any actual intention to settle or dispose the claim in the event Ms. Dressel was denied admission into the settlement class.  Unfortunately, on or about August 5, 2009, Ms. Dressel was denied membership in the Vioxx Settlement Class.

It would appear that the Defendant has now filed the provided Motion to Dismiss, attempting thereby to avoid liability for Ms. Dressel's claims, despite the fact that Ms. Dressel was never afforded an opportunity to join the class or effectively present her claims.  Again, and to be very clear, Ms. Dressel provided the proposed Motion to Dismiss as a tentative document which was only to be used in the event a settlement of her claims could be reached within the context of the Vioxx Settlement Class.  Where Ms. Dressel was denied membership in this class, it does not lie within the ambit of fairness to permit the Defendant to now file this dismissal—where the merits of Ms. Dressel's claims were never addressed.

## II. Legal Argument:

The Plaintiffs' claims should not be summarily dismissed *sua sponte* and without an opportunity for hearing.  The Defendants' (apparent) submission of the Motion to Dismiss which they required in advance of determining whether to permit Ms. Dressel to join the Settlement Class should not be allowed.  Again, the Defendants required that this Motion be prepared in anticipation of a settlement of the Plaintiffs' claims; the Plaintiffs could not apply to join the settlement class without submission of this proposed motion.  Now, once the Defendants have denied the Plaintiffs access unto the settlement class, they seek to avoid all responsibility for the Plaintiffs' losses (including Ms. Mary Dressel's ultimate death) by submission of a Motion which was prepared as a *proposed* filing to be used in the event a settlement could be reached.

In this matter, the Order of Dismissal with Prejudice was filed without any prior notice and at a point when Plaintiffs' claims remain presently viable and actionable.  As such, the Plaintiffs' Motion for Reconsideration finds its basis in the provisions of Federal Rule of Civil Procedure 60(b).  Rule 60(b) provides for relief in certain situation such as the matter at hand, where a manifest injustice would otherwise occur:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

The case at bar would clearly subtend the element of "mistake" or "surprise." In addressing these issues, this Honorable Court has stated:

> In determining whether the moving party has established "excusable neglect" under Fed.R.Civ.P. 60(b)(1) or "manifest injustice" under Fed.R.Civ.P. 60(b)(6), the district court enjoys considerable discretion. Default judgments in particular call for great liberality in granting Rule 60(b) motions so that the court can decide the case on its merits. Based on the remedial nature of Rule 60(b), the discretion of the court to deny a motion for relief is limited. As long as the movant seeking timely relief has a meritorious defense, doubt should be resolved in favor of granting the motion for reconsideration.

Albright v. City of New Orleans, 1997 U.S. Dist. LEXIS 7385 (E.D. La. May 19, 1997), internal cites omitted. It is thus clear that this Honorable Court should resolve any doubt in the favor of the Plaintiffs herein, allowing the Plaintiffs an opportunity to seek relief for their claims through regular litigation channels, where they have been denied membership in the Vioxx Settlement Program administered by BrownGreer, PLC.

### III.  Conclusion

**WHEREFORE**, the Plaintiff Antoine Dressel, both individually and in his capacity as Provisional Administrator of the Succession of Mary G. Dressel, respectfully prays this

Honorable Court grant his Motion for Reconsideration and Reversal of Order of Dismissal with Prejudice and thereafter allow and permit this matter to proceed to a full trial on the merits.

    *It Is So Moved*.

                                        Respectfully Submitted,

                                        **J. Christopher Alexander, Sr., Esq., LLC**
                                        Attorneys and Counselors at Law

                                        J. Christopher Alexander, Sr., Esq.
                                        Louisiana Bar Roll No.: 26,591
                                        3751 Government Street, Suite "A"
                                        Baton Rouge, Louisiana 70806
                                        225-761-9456 (telephone)
                                        225-761-7899 (facsimile)
                                        jca@jcalaw.us
                                        Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record herein via delivery of this self-same document into the Court's electronic filing system, which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the __29th__ day of January, 2010, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

                              J. Christopher Alexander, Sr., Esq.