8517 So. Claiborne Ave.
New Orleans, LA 70118
January 25, 2010

United States District Court
Eastern District of Louisiana
Judge Eldon Fallon
500 Poydras Street
Section L, Room C456
New Orleans, Louisiana 70130



Honorable Judge Fallon:
   This communication is to share with you my opposition to O'Quinn Law Firm's decision to reject me for inclusion in the VIOXX Settlement Program (see letters dated October 5, 2009 and October 21, 2009). I plea that you consider re-opening my case.

   My opposition is based on these facts. The letter dated December 21, 2009 stated that I have until Monday, February 8, 2010 to do one of two things. (1.) "You can fine a new attorney to represent you in this matter", or (2.) "You must contact the Pro Se Curator's Office within 60 days if you wish to proceed with your case."

   As per instructions, on Jan. 20, 2010, I did contact via phone, Pro Se Curator- Mr. Robert Johnson's Office and spoke with Miss. Jeannette. I gave her my file number 21119-0169 so she could check my case. The next day Miss. Jeannette referred to a letter that was supposedly mailed to me from O'Quinn Law Firm [dated Nov. 11, 2009, re: Future Evidence Stipulation (FES)]. I haven't gotten that letter. She then told me my case had been dismissed.

   O'Quinn stated their decision to drop my case was in part based on the fact that my medical records that were forwarded to O'Quinn from Ozark Law Firm were misplaced/ lost after the 2005 Katrina flood. Also O'Quinn Firm stated that I had not taken VIOXX long enough to qualify. This was refuted by Dr. Janice Nugent. (See Dr. Nugent's Memo) Dr. Nugent prescribed VIOXX for me in for a period in excess of one year.

   Honorable Judge Fallon, I plead that you will give me justice and re-instate my case. It was unfair to dismiss me when I just found proof through Dr. Janice Nugent who had relocated to another city in Louisiana.

Sincerely thanks,

Luvenia Breaux

8517 South Claiborne Ave.
New Orleans, LA 70118
October 5, 2009

The O'Quinn Law Firm
John Leach, Attorney at Law
2300 Lyric Centre Building
440 Louisiana
Houston, Texas 77002

Attorney Leach:

   This communication is a request to gain written response from your firm concerning my case, File Number 21119-0169, (Vioxx Suit).

   Numerous phone calls have gained verbal response from your staff at the paralegal level, only. No attorney has responded. No written statement has been forwarded by your firm.

   During your research, I responded to all inquiries for information. The lines of communication were open. You have received medical verifications of my heart attack and subsequent stroke. I have been unable to gain any information or response since the settlement of the case.

   After enduring heart attack and stroke caused by prescribed use of Vioxx, I have no doubt of my entitlement to compensation.

   I appreciate your timely response to this inquiry.

Sincerely,

*[signature]*

Luvenia Breaux

# THE O'QUINN LAW FIRM

M. Michael Meyer
Attorney at Law



October 21, 2009

Ms. Luvenia Breaux  *Via* **Overnight Delivery**
8517 South Claiborne Ave.
New Orleans, LA 70118

> Re:   Case No. ATL-05-5978 MT; ***Luvenia H. Breaux vs. Merck & Co., Inc.***; In the United States District Court Eastern District of Lousiana.
> Our File No.:  21119-0169

Dear Mrs. Breaux:

As you know, your claim was rejected for inclusion in the Vioxx settlement program and returned to federal court. We asserted that you suffered a myocardial infarction ("MI") on December 19, 2001, and that your MI was caused by Vioxx. The reason your claim was rejected was because there were no medical records from Medical Center of Louisiana at New Orleans, a division of Louisiana State University which were made at the time of your time of your MI which stated you did have an MI. The only medical records which said you had an MI was an Out Patient Department Progress Note dated February 7, 2002, which stated you were "[a]dmitted on 12/19 with atrial fibrillations, non-Q wave MI and pneumonia."

Another reason your claim was rejected was because there was a lack of pharmacy records showing how long you took Vioxx. We were able to obtain two documents, both dated before December 19, 2001, showing you took Vioxx. One document is an Emergency Department Sign-Out sheet dated April 1, 2000, and the other is a Progress Note dated September 19, 2000. Those records were simply not enough to show you took enough Vioxx, and took Vioxx long enough, to qualify for the settlement.

The court where your case is pending, the United States District Court for the Eastern District of Louisiana, has entered an order requiring that we produce an expert report showing that you had an MI and that your MI was caused by Vioxx. With no medical records for an expert to rely on it will not be possible, in my opinion, to produce such a report. Without such a report the Court will almost certainly dismiss your case.

I have, therefore, come to the conclusion that the only viable course of action is for you to dismiss your case. This is, of course, your decision. I am writing to ask your permission to dismiss your case. If you agree, please sign where indicated below and return a signed copy of this letter to me in the enclosed envelope. ***It is important that you understand that if you dismiss your claim you will have no more rights against Merck & Co., Inc. because of your MI and you will receive no compensation.***

2300 Lyric Centre Building   •   440 Louisiana   •   Houston, Texas 77002   •   Telephone (713) 223-1000   •   Telecopier (713) 222-6903

If you decide not to dismiss your case then I will file a motion to withdraw as your attorney. You also have a choice in this regard. You may consent to my withdrawing as your attorney or you may refuse to consent to my withdrawing as your attorney. The choice of whether to consent to my withdrawing as your attorney is yours. If you consent to my withdrawal as your attorney, please sign where indicated below and return a signed copy of this letter to me.

I am sorry that I need to take this action, but I believe it is the only viable course of action to take.

If you have any questions or comments, please call me at (713) 236-7606. Thank you.

Very truly yours,

M. Michael Meyer

MMM:aj

## OPTION 1

I agree that my attorney has my permission to dismiss my lawsuit against Merck & Co., Inc. *__I understand that I will have no more rights against Merck & Co., Inc. because of my injury and I will receive no compensation__*.

_____
Luvenia Breaux

## OPTION 2

I do not agree that my attorney has my permission to dismiss my lawsuit against Merck & Co., Inc. *__I do agree that my attorney has my permission to withdraw as my attorney__*.

_____
Luvenia Breaux

**Janice Nugent, MD**
Internal Medicine/Pediatrics
520 N. Lewis St. Suite 204
New Iberia, LA 70563
Phone: 337-365-6251
Fax: 337-365-7601

# Memo

**To:** Whom It May Concern

**From:** Dr. Janice Nugent

**Date:** 1/14/2010

**Re:** Luvenia Breaux (DOB: 07-15-1917)

---

I provided medical care for Mrs. Breaux at the Medical Center of Louisiana-New Orleans from September 1999 until September 2004. During 1999 until December 2000 Mrs. Breaux did take Vioxx for osteoarthritis.

Please contact me if I can be of further assistance in this matter.

Best regards,

Janice Nugent, MD

1



# THE QUINN LAW FIRM

M. Michael Meyer
Attorney at Law

December 21, 2009

Ms. Luvenia H. Breaux
8517 S. Clairborne Avenue
New Orleans, LA 70118

*Via* **Certified Mail**
**Return Receipt Requested**

Re: Case No. ATL-05-5978 MT
***Luvenia H. Breaux vs. Merck & Co., Inc.***
In the United States District Court Eastern District of Lousiana

Our File No.: 21119-0169

Dear Ms. Breaux:

    I am writing in response to your letter to the Client-Attorney Assistance Program of the State Bar of Texas. I wanted to write and explain once again why your claim was not accepted into the Vioxx settlement program and why this firm has decided to withdraw from further representation.

    On your Plaintiff Profile Form you asserted that you suffered two injuries as a result of your Vioxx use – a myocardial infarction (heart attack) in December, 2001, and a cerebrovascular incident (stroke) in December, 2004. Our nurses conducted a thorough review of all the medical records we received from Mr. Azar's office and medical records we received as a result of numerous requests to various health care providers. We were able to find only one reference to the heart attack and no references whatsoever to the alleged stroke.

    Throughout the process leading up to your filing a claim with for inclusion in the Vioxx settlement program you were told that we were having a very difficult time documenting your use of Vioxx and your injury.

    The only document we found that referred to any heart note was a handwritten progress note made in February, 2002, which stated that you had a "non-Q wave" heart attack in December, 2001. This is not a sufficient record to satisfy the requirements of the settlement. It was not made at the time of the heart attack and it had no additional evidence such as an EKG or any other doctor's notes. In addition to this problem, this type of heart attack (a non-Q wave heart attack) does not meet the settlement requirements.

    This left us with no evidence of any injury or event which would have qualified under the settlement. Even if we could have proved the necessary injury we would not have been able to prove it resulted from your use of Vioxx. We were only able to get two documents, both dated before December 19, 2001, showing you took Vioxx. One document is an Emergency Department Sign-Out sheet dated April 1, 2000, and the other is a Progress Note dated

September 19, 2000. These records were simply not enough to show you took enough Vioxx before your heart attack, and took Vioxx long enough, to qualify for the settlement.

On August 23, 2007, we informed you that we had been unable to obtain necessary medical records from some of your health care medical providers because the records were destroyed by hurricane Katrina. On November 26, 2007, we contacted you and informed you that our nurses had reviewed the medical records received from your referring attorney's office and concluded there was not enough evidence to permit you to qualify for a Vioxx settlement. On April 3, 2008, my office informed you that we had unable to obtain any records evidencing Vioxx usage prior to the alleged 2004 event.

Nevertheless, at your request you were enrolled in the Vioxx settlement program. In support of your claim, we submitted the following records to the Vioxx Claims Administrator:

- On August 18, 2008, we submitted twenty-one pages of medical records which we received from Louisiana Charity Hospital, twelve pages of medical records which we received from the Medical Center of Louisiana at New Orleans (Radiology Department), seven pages of medical records which we received from the Medical Center of Louisiana at New Orleans (Emergency Room) and 1,608 pages of medical records which we received from Ochsner Health System. Later, we were able to supplement this production with an additional twenty-one pages of medical records which we received from Louisiana Charity Hospital.

    These records were submitted in an attempt to establish that you had a myocardial infarction after you began taking Vioxx.

- That same day, we submitted to the Claims Administrator 7 pages of records from the Medical Center of Louisiana at New Orleans (Emergency Room) in an effort to establish that you had taken Vioxx. On November 25, 2008, we submitted an additional 68 pages of medical records from the Ochsner Clinic Foundation, again in an attempt to prove that you had taken Vioxx.

On February 19, 2009, we received a notice from the Vioxx Claims Administrator that your claim had been determined to be ineligible for inclusion in the settlement program. I have enclosed a copy of the notice of ineligibility with this letter. As I explained to you at that time, and as I later reemphasized in a telephone call and a letter which I sent you around the end of June, 2009, in order to qualify for payment under the Vioxx settlement agreement there were three "gates" which you needed to pass through – the injury gate, the proximity gate, and the duration gate. Your claim failed all three gates.

On February 27, 2009, we requested additional time from the Vioxx Claims Administrator to attempt to obtain additional medical records from The Medical Center of Louisiana. On April 3rd, we submitted additional records we received from The Medical Center of Louisiana to the Vioxx Claims Administrator. Frankly, those records did not provide any evidence that you had a compensable

injury, that your injury was the result of Vioxx, or that you had taken Vioxx for the required amount of time under the settlement agreement, but we submitted them in a desperate attempt to gain approval for your claim. We asked the Claims Administrator to conduct a second review of your claim.

On April 27, 2009, we received notice from the Vioxx Claims Administrator that your claim had again been denied. Your claim was automatically submitted to the Vioxx Gates Committee for a third review.

On July 6, 2009, we received a notice from the Vioxx Gate Committee that your claim had been determined to be ineligible for inclusion in the Vioxx settlement program. I have enclosed a copy of that notice to this letter.

At that point, you had two options. You could ask that your claim be reviewed by the Vioxx Special Master whose decision concerning your claim would be final and non-appealable, or you could filed a Future Evidence Stipulation and ask that your claim be returned to the court system.

On July 13, 2009, I wrote you a detailed letter informing you of the decision of the Gate Committee and your options. You chose to file a future evidence stipulation and ask that your claim be returned to the court system for further litigation and on August 5, 2009, we filed, on your behalf, a Future Evidence Stipulation. I informed you at that time that I would, in all likelihood, file a motion asking the Court to permit me to withdraw from further representation.

Your case was returned to federal court for further proceedings and on October 21st, I wrote you a very lengthy letter explaining that I would be filing a motion to withdraw and explaining your options in regard to the motion to withdraw.

I never heard from you in response to my letter of October 21st, and on October 27, 2009, I filed a motion asked United States District Judge Eldon Fallon to grant this firm and me permission to withdraw as your attorney.

On November 3rd I wrote you and advised you that I had filed the motion to withdraw.

On November 12th we received a notice that your Future Evidence Stipulation had been accepted.

On December 10th United States District Judge Eldon Fallon signed an order permitting the firm and me to withdraw from further representation. I have enclosed a copy of Judge Fallon's order with this letter.

This paragraph is very important. Neither this firm nor I are your attorneys in this matter. We have withdrawn. You have until <u>Monday, February 8, 2010</u>, to do one of two things:

1. You can find a new attorney to represent you in this matter, or

2. You must contact the *Pro Se* Curator's Office within 60 days if you wish to proceed with your case. You may contact the *Pro Se* Curator's Office by calling (504) 561-7799 or by writing

>Mr. Robert M. Johnston
>VIOXX *Pro Se* Curator
>400 Poydras Street
>Suite 2450
>New Orleans, Louisiana 70130

If you fail to do either your case will be dismissed with prejudice, which means that your case will be gone forever.

Please contact me at (713) 236-7606 with any questions or comments which you may have.

Very truly yours,

John R. Leach III

Very truly yours,

M. Michael Meyer

JRL:MMM:rlw

Enclosures

cc:   Ms. Luvenia H. Breaux
      8517 S. Clairborne Avenue
      New Orleans, LA 70118

*Via* First Class Mail

Ms. Luvenia H. Breaux
December 21, 2009
Page 5

cc:    Ms. Tonya Melnicheko                     *Via* First Class Mail
      FRANKLIN D. AZAR & ASSOCIATES, P.C.
      14426 East Evans Avenue
      Aurora, CO 80014-1474

| V3034 | CLAIMS ADMINISTRATOR NOTICE OF INELIGIBILITY |
| --- | --- |
| | (Date of Notice: 2/19/09) |

### I. CLAIMANT INFORMATION

| Claimant Name | Breaux, Luvenia H. | | VCN | 1090411 |
| --- | --- | --- | --- | --- |
| Law Firm | O'Quinn Law Firm, The | | | |
| Primary Injury: | MI | Date of Event: 12/19/01 | | |

### II. CLAIMS ADMINISTRATOR DETERMINATION

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has determined that this claim does not meet the Eligibility Requirements for the Settlement Program because it does not pass the following Gate(s):

| 1. | Injury | [X] |
| --- | --- | --- |
| 2. | Duration | [X] |
| 3. | Proximity | [X] |

### III. STATUS OF REQUIRED PME RECORDS

Section 1.3. and, by reference, Exhibit 1.3.1 require PME records, which, for eligibility determinations include Event Records and Proof of Vioxx Use. If either or both of the boxes in this section is checked, it is because the Claims Administrator has determined that your Claims Package did not include those required records. Without both Event Records and Proof of Use, a claim may not pass the Eligibility Requirements.

| 4. | No Event Records Submitted for Claimed Injury | [X] |
| --- | --- | --- |
| 5. | No Proof of Use Submitted | [ ] |

### IV. RIGHT TO SUBMIT ADDITIONAL INFORMATION

After you close out of this Notice, you will have the ability to choose one of the following three options within 14 calendar days: 1) I have not provided any additional information and do not intend on providing any additional information to the Claims Administrator. Send this Claim to the Gate Committee; 2) I need more time to gather additional information about my claim; 3) I have completed gathering all additional information about my claim, and I am submitting the following new records and information to the Claims Administrator for a Secondary Review. If you choose option 3, do not send information you previously submitted. The Claims Administrator will review any newly submitted information to determine if it renders the claim eligible. If it does, we will send you a *Claims Administrator Notice of Eligibility after Receipt of Additional Claims Material*. During the Secondary Review, the Claims Administrator may discover a passing Gate is now a failing Gate. If the additional Claims Material does not change the outcome, or if 14 days passes from the date of this Notice and you have not selected option 1, 2, or 3, we will send the claim and all information you have submitted to the Gate Committee, pursuant to Section 2.5 of the Settlement Agreement. If you choose option 2, you may change that choice before the expiration date to option 1 or 3. However, if you choose option 1 or 3, you may not change your response. Any new document submitted after the expiration of the 14 day period will be governed by Section 2.8 of the Settlement Agreement.

### V. GATE COMMITTEE REVIEW

The Gate Committee is comprised of three representatives appointed by Merck and three representatives appointed by the Negotiating Plaintiffs' Counsel. If your claim goes to the Gate Committee, it will review your submitted Claims Package and determine if you should be deemed a Qualifying Program Claimant who is eligible to receive benefits in the Settlement Program. If a majority of the Gate Committee decides that your claim is eligible, the Claims Administrator will notify you of that result and will then review the claim for Points Assessment. If the Gate Committee decides that your claim is not eligible, the Claims Administrator will send you a *Gate Committee Notice of Ineligibility*, which will outline the options available to you under the Settlement Agreement.

*Confidential Settlement Information*

| | | | |
|---|---|---|---|
| **V2065** | **GATE COMMITTEE NOTICE OF INELIGIBILITY** (Single Injury) **Date of Notice: 7/6/09** **Deadline to Appeal to Special Master: 7/21/09** **Deadline to Submit FES: 8/5/09** | | |

| **I. CLAIMANT INFORMATION** |||||
|---|---|---|---|---|
| **Claimant Name** | Breaux, Luvenia H. | | **VCN** | 1090411 |
| **Law Firm** | O'Quinn Law Firm, The ||||
| **Primary Injury** | MI | | **Injury Date** | 12/19/01 |

**II. GATE COMMITTEE DETERMINATION**

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Gate Committee has determined this claim does not meet the Eligibility Requirements for the Program because it does not pass the following Gate(s):

| | Gate | Primary Injury |
|---|---|---|
| 1. | Injury | X |
| 2. | Duration | X |
| 3. | Proximity | X |

**III. CLAIMANT'S RESPONSE TO THE NOTICE**

After you close out of this Notice, you will have the ability to choose one of the following two options:

1) **Appeal to the Special Master.** You must select this option on or before the Deadline to Appeal to Special Master shown above. The Special Master's decision will be final and binding and, if the Special Master finds the claim Ineligible, the Claims Administrator will deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck. You will not be able to submit materials to the Special Master on appeal that you have not previously submitted to the Claims Administrator.

2) **Submit a Future Evidence Stipulation.** You must submit the Future Evidence Stipulation on or before the Deadline to Submit FES shown above. Upon proper completion and delivery of the Future Evidence Stipulation, the Claimant's Dismissal with Prejudice Stipulation and Release shall, subject to Section 2.7.3.1, be returned to the Claimant.

After you have chosen one of these options, you may not change your response.

*If you neither Appeal nor submit a Future Evidence Stipulation on or before the respective deadlines shown above, the Claims Administrator shall deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck (and, without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding.)*

## IV. APPEAL TO THE SPECIAL MASTER

If you decide to appeal to the Special Master, pursuant to 2.6.3 of the Settlement Agreement, the Special Master will determine de novo whether the claim meets the Eligibility Requirements, based solely on (i) the Claims Package submitted for the claim, and (ii) in the Special Master's discretion, any records or other documentation in the Litigation Medical Records Depository available to the Special Master pursuant to Section 1.3.4 that the Special Master deems relevant. The Special Master's decision on this matter shall be binding, final and Non-Appealable. The Special Master shall notify the Claims Administrator of its decision, and the Claims Administrator shall promptly notify the Gate Committee and the Enrolled Program Claimant of the Special Master's decision.

## V. FUTURE EVIDENCE STIPULATION

If you decide to submit a Future Evidence Stipulation pursuant to 2.7.3 of the Settlement Agreement, you must first certify the Claims Package available to you on the portal. You may then view, download, and print the Future Evidence Stipulation. The Future Evidence Stipulation must be signed by the Claimant, notarized, and delivered to the Claims Administrator on or before the Deadline to Submit FES shown above. If the Stipulation is timely submitted and is properly completed, the Claimant's Release and Dismissal with Prejudice Stipulation shall, subject to Section 2.7.3.1, be returned to the Claimant. If the Claimant fails to properly execute and deliver the Stipulation on or before the FES submission deadline, then promptly thereafter, the Claims Administrator shall deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck, and without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding.

Pursuant to Pretrial Order No. 43, plaintiffs with cases pending in the United States District Court for the Eastern District of Louisiana as of November 9, 2007, must also produce within 30 days of serving a Future Evidence Stipulation on the Claims Administrator: 1) an Amended and Supplemental Plaintiff Profile Form, records requested therein, and executed Authorizations for Release of Records pursuant to Pretrial Order 18A, B or C, as applicable; and 2) a Rule 26(a)(2) case specific expert report from a medical expert. Pretrial Order 43 states that failure to comply with the terms of the order will result in the claim being dismissed with prejudice, except for good cause shown.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

: MDL NO. 1657
:
: SECTION: L
:
: JUDGE FALLON
: MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO:**   *Luvenia Breaux v. Merck & Co., Inc., et al.,*
Case No. 05-5978

### ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD

Considering the foregoing Motion to Withdraw as Counsel of Record (Rec. Doc. 26439),

IT IS ORDERED that the motion IS GRANTED, and all counsel of record are permitted to withdraw from representation of Luvenia Breaux.

IT IS FURTHER ORDERED that counsel shall send notification of this withdrawal to the Plaintiff's last known address, with further instructions that the Plaintiff must either obtain new counsel or contact the Pro Se Curator's Office within 60 days if the Plaintiff wishes to proceed with this suit, or else the case may be dismissed with prejudice. The Pro Se Curator's Office may be contacted by calling (504) 561-7799, or by writing to Robert M. Johnston, VIOXX Pro Se Curator, 400 Poydras St., Suite 2450, New Orleans, LA 70130.

New Orleans, Louisiana, this 10th day of December, 2009.

                                                         */s/ Eldon E. Fallon*
                                                    UNITED STATES DISTRICT JUDGE

1