UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: L |
| | * | |
| THIS RELATES TO: | * | JUDGE FALLON |
| | * | |
| Plaintiff: Joanne Eldridge | * | MAG. JUDGE KNOWLES |
| Case No. 05-04447 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**EMERGENCY MOTION FOR EXTENSION OF TIME TO COMPLY WITH FUTURE EVIDENCE STIPULATION ("FES") PURSUANT TO THE VIOXX GLOBAL MASTER SETTLEMENT AGREEMENT (Applies to Plaintiff Joanne Eldridge Only)**

**Motion**

    Plaintiff Joanne Eldridge hereby moves this Honorable Court for an order granting her a 90 day extension of time within which to comply with the terms of the Future Evidence Stipulation ("FES") pursuant to the Vioxx Global Master Settlement Agreement and Claims Administration procedure.

**Background**

    Ms. Eldridge submits the declaration of her attorney in support of this motion and further informs the court as follows:

    Ms. Eldridge suffered a vascular infarct following her use of 50 milligrams per day of Vioxx. Ms. Eldridge joined the settlement group and submitted her claim to the Claims Administrator for review. Ms. Eldridge's claim was rejected by the Gates Committee because

Page 1 - EMERGENCY MOTION FOR EXTENSION OF TIME TO COMPLY WITH
FUTURE EVIDENCE STIPULATION ("FES") PURSUANT TO THE VIOXX GLOBAL
MASTER SETTLEMENT AGREEMENT (Applies to Plaintiff Joanne Eldridge Only)

her vascular infarct occurred below the brain stem. The Master Settlement Agreement provides for vascular infarct compensation for claimants who sustained cerebral infarcts. Thus, Ms. Eldridge's claim was denied. The claim was resubmitted on appeal to the Gates Committee and was again denied. Ms. Eldridge elected not to appeal to the Special Master but rather to file an FES. Ms. Eldridge's FES is being submitted to the Claims Administrator via US mail with a postmark of February 17, 2010, which is timely under the Master Settlement Agreement and Claims Administration procedure.

In the interest of justice, Ms. Eldridge seeks additional time within which to obtain further medical records and prescription records to document the quantity and duration of her Vioxx usage.

Ms. Eldridge has informed us that her prior physician has left the clinic in which that physician was previously practicing. Repeated efforts have been made to obtain medical records from the Oregon Health and Sciences University clinic ("OHSU"), including Ms. Eldridge personally visiting the records department of the OHSU clinic to obtain the records. She has been informed that the records must be reviewed prior to their release. No indication was given as to when the records will be produced, though that should occur within 90 days. As discussed below, Ms. Eldridge could not subpoena these records because of a previous order of the court.

Moreover, one or more of the pharmacies from which Ms. Eldridge filled her prescriptions have been consolidated into other pharmacy corporations. We have requested records from Walgreens on an expedited basis and have been informed that no expedited request for records will be honored and that the documents will not be made available for a minimum of 30 to 60 days.

Page 2 - EMERGENCY MOTION FOR EXTENSION OF TIME TO COMPLY WITH
FUTURE EVIDENCE STIPULATION ("FES") PURSUANT TO THE VIOXX GLOBAL
MASTER SETTLEMENT AGREEMENT (Applies to Plaintiff Joanne Eldridge Only)

Ms. Eldridge has also sought to obtain records of her Vioxx usage through her health insurer, BlueCross BlueShield and its prescription administrator, Caremark, Inc. In both cases, the insurance company and the administrator have been unable to produce records documenting usage at this time. Additional efforts are being undertaken to obtain those records.

**Plaintiff's Compliance with Previous Orders of This Court**

Ms. Eldridge complied with PTO 28 and sent certified letters to known healthcare providers with enclosures informing those persons and/or entities of their duty to preserve records in accordance with this honorable court's order. A copy of the Statement of Notice Sent (Pursuant to Pre-Trial Order Number 28) is attached to Declaration of Counsel as Exhibit 1.

Plaintiff has diligently sought to comply with all requirements imposed upon her by order of the court and/or obligations of the Master Settlement Agreement. However, despite Ms. Eldridge's compliance with the court's orders, she has been unable to obtain pharmacy and medical records for use in this proceeding.

By prior order of this court, all individual discovery was stayed and Ms. Eldridge was without power or authority to have subpoenas issued that would have compelled these medical providers and/or pharmacies to produce records. Absent subpoena power, Ms. Eldridge has been forced to rely on the voluntary responses of these entities.

Plaintiff Eldridge has previously submitted records obtained from OHSU. However, because plaintiff lacked subpoena power, OHSU refused to certify that it was providing the complete record regarding plaintiff. (copies of two pages from OHSU specifically stating its refusal to certify its compliance with plaintiff's request for the complete medical record are

attached as Exhibit 2 to the Declaration of Counsel). Further demonstration of plaintiff's good faith and repeated efforts to obtain medical records is attached as Exhibit 3 to the Declaration of Counsel.

**Case Specific Expert Report**

Ms. Eldridge's efforts to comply with the FES requirement that a case specific expert report be filed within 30 days of the date of the FES cannot be accomplished without first obtaining the appropriate additional pharmacy and medical records. Plaintiff needs additional time to obtain this report after the necessary medical and prescription records have been obtained.

**CONCLUSION**

For these reasons, Ms. Eldridge respectfully requests that the court grant her motion to extend her deadline for compliance with the terms of the FES for 90 days from the date of the court's order.

Respectfully Submitted,

Dated: February 17, 2010.

/s/ Jeffrey A. Bowersox
Jeffrey A. Bowersox, OSB #81442
BOWERSOX LAW FIRM, P.C.
5285 Meadows Road, Suite 320
Lake Oswego, OR 97035
Telephone: 503-452-5858
Facsimile:  503-345-6893
Attorney for Plaintiff Joanne Eldridge

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing has been served on Liaison Counsels, Phillip Wittmann and Russ Herman by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advance in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of The United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send Notice of Electronic Filing in accordance with the procedures established in MDL 1657 on February 17, 2010.

       /s/ Jeffrey A. Bowersox
       Jeffrey A. Bowersox (OSB Bar No. 81442)