## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| **Roger Carver, Individually and as** | * | **KNOWLES** |
| **Representative of the Estate of Gail** | * | |
| **Carver,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **Merck & Co., Inc.** | * | |
| **Defendant.** | * | |
| | * | |
| **Case No.  2:05cv04981** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF CARVER'S MOTION TO SET ASIDE ORDER OF DISMISSAL

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby opposes Plaintiff's Motion to Set Aside Order of Dismissal.  Plaintiff's suit was dismissed with prejudice on October 16, 2008 for failure to comply with the requirements of the Court's Pretrial Order 28 ("PTO 28") – *more than one full year ago*.  Now, fourteen months after the dismissal and with no explanation for the delay or for his initial failure to comply with the Court's orders, Plaintiff asks the Court to "set aside" its Order of Dismissal and reopen his case.  Plaintiff's motion is untimely and without merit, and it should be denied.

Notably, Plaintiff cites no legal basis for the relief he seeks, and his motion papers are devoid of reference to any legal authority whatsoever.  The reason for that omission, perhaps, is that Rule 60 (b) of the Federal Rules of Civil Procedure clearly governs this motion and that

Rule builds a steep slope for any post judgment motion served more than ten days after entry of the judgment.  *See, e.g., Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc) (Any motion that requests relief beyond correction of a purely clerical error served more than ten days after judgment treated as a Rule 60(b) motion).  Under Rule 60(b), courts may reconsider a judgment or order only when the party seeking relief demonstrates:  "(1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The movant has the burden of establishing at least one of these "exacting substantive requirements." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

Plaintiff Carver has failed to make a showing under any of these categories.  He offers nothing more than a bare and unsupported request for reinstatement.  Because he has made no attempt to satisfy the "exacting substantive requirements" of Rule 60(b), his motion could be (and should be) denied for that reason alone.

But in addition to substantive requirements, Rule 60 also imposes certain basic procedural requirements of timeliness:  a party must seek relief under Rule 60(b) "no more than a year after the entry of the judgment or order" if proceeding under subsections 60(b)(1) through (3), or "within a reasonable time" if proceeding under the remaining subsections.  Fed. R. Civ. P. 60(c)(1).  Plaintiff's motion does not invoke any provision of Rule 60(b), but his motion is untimely no matter which of the Rule 60(b) provisions is applied.  Relief under subsections (b)(1) through (3) is unavailable because the instant motion was filed after their one-year

deadline.  Subsections (b)(4) and (b)(5) are plainly inapplicable to the facts of this case.  And

even if Plaintiff's request for relief were considered under subsection (b)(6) – which has long

been recognized by the courts as requiring a showing of especially exceptional circumstances

and "manifest injustice," *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993);

*Lavespere*, 910 F.2d at 173 – his  filing of this motion almost fourteen months after the dismissal

of his case does not comply with Rule 60's requirement that such a motion be made within a

reasonable time.

What constitutes a "reasonable time" under Rule 60 depends on the facts of each case,

"taking into consideration the interest in finality, the reason for delay, the practical ability of the

litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Travelers Ins.*

*Co. v. Liljeberq Enters., Inc.,* 38 F.3d 1404, 1410 (5th Cir. 1994).  Here, Plaintiff offers

essentially no explanation regarding the reason for the fourteen-month delay in filing this

motion.  He alleges that in July 2008—more than a year and a half ago—he was told by his

attorney that he needed to retain new counsel.  At some (undisclosed) point thereafter he sought

to retain his current counsel, and he eventually learned from his current counsel (again at some

undisclosed point in time), that his case had been dismissed without his knowledge.  The issue of

why it took more than a year for Plaintiff to bring this motion is simply not addressed.

At any point in the past fourteen months Plaintiff could have inquired into the status of

his case and learned of its dismissal.  Indeed, the Fifth Circuit has "pointedly announced that a

party has a duty of diligence to inquire about the status of a case." *Pryor v. U.S. Postal Serv.*,

769 F.2d 281, 287 (5th Cir. 1985).[1]  Plaintiff's complete failure to explain his long delay in

---

[1] Plaintiff's implicit attempt to blame his former counsel for the dismissal of his case does not
justify relief under Rule 60, for "it has long been held, particularly in civil litigation, that the
mistakes of counsel, who is the legal agent of the client, are chargeable to the client" *Id.* at

requesting relief falls far short of the timeliness requirements of Rule 60.  *See id* at 287-88

(denying as untimely under Rule 60 a motion filed **three months** after the dismissal where

motion provided no acceptable explanation for tardiness).

In short, relief under Rule 60(b) is not warranted here.  Well-established precedent makes

clear that Rule 60(b) relief is an "extraordinary" remedy that will be afforded only in "unique

circumstances," for courts are disinclined to disturb final judgments.  *Pryor*, 769 F.2d at 287; *see*

*also Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) ("[T]he desire for a judicial process

that is predictable mandates caution in reopening judgments." (citations and quotations

omitted)); *Swift Chemical Co. v. Usamex Fertilizers,* 490 F. Supp. 1343, 1350 (E.D.La. 1980)

("Weighing against the grant of a 60(b) motion is the desirability of finality in judgments. This is

particularly true where the reopening of a judgment could unfairly prejudice the opposing party. .

. . But even without such prejudice, the desirability of orderliness and predictability in the

judicial process speaks for caution in the reopening of judgments.").

Plaintiff Carver has asserted no "extraordinary" or "unique" circumstances that would

justify disturbing the finality of the fourteen-month old dismissal.  Instead of explaining why he

did not comply with the *Lone Pine* requirements of PTO 28 within the time limits set by the

Court, Plaintiff merely asserts that setting aside the order dismissing his case is appropriate

because it "will not prejudice Merck in any way."  But, how can Plaintiff make such a claim?  As

time elapses, records can be lost or destroyed and memories can fade.[2]  In light of Plaintiff's

failure to follow his own claim or to seek new counsel when he was advised to do so, Merck can

---

288-89 ("Were this Court to make an exception to finality of judgment each time a hardship
was visited upon the unfortunate client of a negligent or inadvertent attorney . . . meaningful
finality of judgment would largely disappear.")

[2]   For instance, the underlying complaint in this case alleged that Plaintiff's wife suffered a
heart attack in October, 2003 –- more than six years ago.

1008407v.1

hardly be put to the test of ascertaining whether evidence that once existed no longer exists or that memories, once fresh, remain fresh.  Plaintiff's bald assertion, particularly absent any explanation of Plaintiff's own multiple defaults, does not establish any entitlement to relief.

Furthermore, both Merck and the judicial system would indeed be prejudiced by granting this motion.  As this Court is well aware, the Vioxx litigation is essentially winding down. While there were literally tens of thousands of active cases pending in the courts at the end of 2007, today only a small fraction of those remain pending throughout the country.  It would do a grave disservice to the judicial process and to the reasonable settled expectations of Merck and other parties to suddenly start re-opening cases dismissed long ago.  Certainly some meaningful showing must be made that such relief is warranted.  This plaintiff has made none at all.

Rule 60(b) and the cases interpreting it set out clear substantive standards for when an otherwise final judgment should be disturbed, and clear procedural requirements for seeking such relief.  Plaintiff has failed to meet both the procedural requirements and the substantive standards of the Rule.  His motion should be denied.

## CONCLUSION

Because Plaintiff's motion was not timely filed, and because it does not allege any extraordinary circumstances that would justify disturbing the finality of the disposition of his case in October 2008, Plaintiff's motion should be denied.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1008407v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of February, 2010.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1008407v.1