UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| STATE OF LOUISIANA, ex rel. JAMES D. CALDWELL, ATTORNEY GENERAL | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| Case No. 05-3700 | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE TO EXCLUDE, THE EXPERT REPORT AND TESTIMONY OF STEVEN WIGGINS**

Merck proffers the expert opinion of Dr. Steven Wiggins, but failed to disclose the data and information that Dr. Wiggins considered in forming that opinion. For these reasons, detailed below, Dr. Wiggins's report and testimony should be struck for failure to comply with Federal Rule of Civil Procedure 26. In the alternative, Dr. Wiggins' report and testimony should be excluded pursuant to Federal Rule of Evidence 702, for failure to satisfy the standard for admissible expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993).

**BACKGROUND**

Merck hired the consulting firm Charles River Associates ("CRA") to write and submit its expert report on damages in this case. This CRA report was submitted to Plaintiffs on January 21, 2010 as purportedly authored by Dr. Steven Wiggins, an outside consultant for CRA. The CRA report was submitted without crucial data, computer programs, computer files, and other underlying materials (collectively "reliance materials"). Plaintiffs' expert, Dr. Jeffrey Harris informed Plaintiffs that without the missing reliance materials he could not perform any meaningful analyses of the CRA report. (See Exhibit A – January 22, 2010 email from Jeffrey Harris). Plaintiffs immediately requested that the missing reliance materials be supplied immediately. Defendant first told Plaintiffs that these materials were approximately 10MB in size and could be supplied on January 25, 2010. (See Exhibit B – A series of emails dated January 22, 2010). Plaintiffs complained that this delayed production of reliance materials was severely prejudicial to Plaintiffs because Plaintiffs expert rebuttal report on damages was due on January 27, 2010 and Plaintiffs' damages expert could not begin his rebuttal analyses without the reliance material. Thereafter, Defendant changed its mind and denied that it had to product all of the reliance materials, and produced a small fraction amounting to 311KB on January 22, 2010, and another 132KB on January 23, 2010 - less than 5% of the purported 10MB of material. (See Exhibit C – A series of emails dated January 22, 2010, and Exhibit D – an email dated January 23, 2010).

The lack of reliance materials prevented Plaintiffs damages expert from performing many essential analyses and submitting a rebuttal report. At his deposition on January 29, 2010, Plaintiffs' expert, Dr. Jeffrey Harris testified that the lack of reliance materials prevented him from performing many essential analyses, and that the limited reliance materials that were

supplied contained anomalies, inconsistencies, and gaps *e.g.* computer files with the date stamp deleted, or files dated after the date that the report had been submitted. (See Exhibit E – Excerpts from the January 29, 2010 deposition of Jeffrey Harris, M.D., Ph.D. at pp. 19:15-24:16, 87:2-93:12, 200:9-202:2, 203:15-24, and 212:20-216:10).   Dr. Wiggins was also required to bring all invoices and the missing reliance materials to his deposition on February 9, 2010.  (See Exhibit F - Deposition Notice of Steven Wiggins).  Dr. Wiggins had read the Deposition Notice Exhibit A and Dr. Harris' deposition transcript and still did not bring the missing reliance materials to his deposition. (See Exhibit G – Excerpts from the February 9, 2010 deposition of Steven Wiggins, Ph.D. at pp. 5:14-21, 7:9-14, and 132:17-135:21).

During Dr. Wiggins' deposition, it was revealed that the CRA report was the product of a team effort, with multiple authors.  Dr. Wiggins produced invoices from CRA to Defendant for time that various team members spent on the project. (See Exhibit H – CRA invoices).  Dr. Wiggins described the roles of the various team members, including that of Robert Maness, Vice-President of CRA, whom Dr. Wiggins described as the "Team Leader" and an author of the report. (See Exhibit G at pp. 47:14-50:25, 52:11-53:18, 58:3-58:11, 58:22-59:12, 59:24, 60:17-60:23, 61:2-61:18, 62:15-62:25, 134:9-136:21).  Merck itself referred to experts examining the Louisiana claims data as early as August, 2009. Dr. Wiggins could not testify whether these experts were the CRA Team Members. *Id*. These other CRA team members reviewed voluminous materials, which Dr. Wiggins did not. (*Id*. and See Exhibit I – Wiggins deposition Exhibit 5).  Only yesterday, February 18, 2010, were Plaintiffs supplied with invoices for Dr. Wiggins time billed on this project.  (See Exhibit J – February 18, 2010 letter from Travis Sales and Exhibit K – Invoices of Wiggins & Associates).

## I.     ARGUMENT

### A.     The Expert Report and Testimony of Steven Wiggins should be stricken for failure to comply with Fed. R. Civ. P. 26(a)(2)(B).

Fed. R. Civ. P. 26 governs expert disclosures.  Specifically, Fed. R. Civ. P. 26(a)(2)(B) requires that the disclosure of any witness "retained or specially employed to provide expert testimony in the case … must be accompanied by a written report … prepared and signed by the witness."  This report must contain, inter alia, "the data or other information considered by the witness" in forming his opinion.  Fed. R. Civ. P. 26(a)(2)(B)(ii).  A party must not only disclose information on which the expert relied, but also "all materials … that [the] expert generated, reviewed, reflected upon, read, and/or used in formulating his conclusions." *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005).  Fed. R. Civ. P. 26(e) further imposes a continuing duty to supplement expert disclosures.  The disclosure required by Rule 26 "make[s] a trial less a game of blindman's bluff and more of a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).  "The failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial." *Peña-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005).

Rule 37 provides that a party who fails to provide the necessary information under Rule 26(a) may not "use that information or witness to supply evidence . . . at a trial." Fed. R. Civ. P. 37(c)(1). *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (finding that district court acted within discretion to strike expert witnesses under Rule 37).

In contravention of Fed. R. Civ. P. 26(a)(2)(B), Defendant did not supply <u>any</u> reliance materials contemporaneously with the CRA report.  Defendants have identified over 10MB of reliance materials, however, to date have only produced a very small portion of this reliance material.  Plaintiffs' expert has testified that the missing reliance material is crucial for effective analyses of the CRA report, and the very limited material that has been produced is riddled with suspicious anomalies,

3

inconsistencies, and gaps. Altogether, this has caused extreme prejudice to Plaintiffs due to the inability of Plaintiffs and Plaintiffs' expert to examine these reliance materials.

Defendant also failed to identify all the witnesses who supplied the opinion contained in the CRA report. This has caused Plaintiffs severe prejudice by not being able to depose the other report authors, or conduct a corporate deposition of CRA, or subpoena CRA, or adequately prepare for trial.

Therefore, Plaintiffs move to strike the report and testimony of Dr. Wiggins due to noncompliance with Fed. R. Civ. P. 26(a)(2)(B).

### B. The Expert Report and Testimony of Steven Wiggins should be excluded because it is not the work of the identified expert.

The Federal Rules of Evidence govern the admissibility of expert testimony. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). By its terms, Federal Rule of Evidence 702 precludes the admission of expert testimony unless it (1) "is based upon sufficient facts or data, (2) . . . is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id*. Accordingly, given the tremendous sway an expert may have over a jury in scientific or technical matters, the Court is required to exercise a "gatekeeping role." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).

Due to the circumstances set forth above, it is unknown which specific contributions to the report and opinion were made by the CRA Team Members, the basis for those opinions, and what principles or methodology they used to arrive at those opinions, even though Defendant has had ample opportunity to disclose these. Plaintiffs move to exclude the report and testimony of Dr. Wiggins because it is impossible to determine, with the information available, whether the opinions in the report and testimony are reliable enough to satisfy the requirements of Rule 702 and the standard for admissible expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993).

## II.     CONCLUSION

For the foregoing reasons, the report and testimony of Dr. Steven Wiggins should be stricken due to noncompliance with Fed. R. Civ. P. 26(a)(2)(B), or in the alternative excluded because they fail to satisfy the requirements of Rule 702 and the standard for admissible expert testimony set forth in *Daubert.*

Dated: February 19, 2010

Respectfully submitted,

By: /s/   Douglas R. Plymale
James R. Dugan, II,
Douglas R. Plymale
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
***Murray Law Firm***
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181

**CO-CHAIR OF GOVERNMENT ACTIONS PLAINTIFFS' CASE MANAGEMENT COMMITTEE AND COUNSEL FOR PLAINTIFFS**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
***Louisiana Department of Justice***
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
General Counsel

5

Kim Sullivan
*Louisiana Department of Health and Hospitals*
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

**COUNSEL FOR PLAINTIFFS**