UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY | § | SECTION L |
| LITIGATION | § | |
| | § | JUDGE FALLON |
| This document relates to: | § | |
| | § | MAGISTRATE JUDGE |
| VALERIE ROCKINGHAM, | § | KNOWLES |
| (JOHN J. STAFISZ), et al., | § | |
| | § | CA No. 2:06-cv-07115 |
| V. | § | |
| | § | |
| MERCK SHARP & DOHME CORP., | § | |
| formerly known as MERCK & CO., INC. | § | |

**PLAINTIFF COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW**

DAVID P. MATTHEWS, being duly sworn, deposes, and says:

1. I am an attorney at Matthews & Associates, attorneys for Plaintiff John J. Stafisz, herein referred to as "Plaintiff". I am primary counsel for all Vioxx products liability actions brought by Matthews & Associates and, as such, am fully familiar with the facts and circumstances here.

2. I am authorized to move this Court to withdraw representation on behalf of myself, all attorneys of Matthews & Associates. Counsel's motion is intended to relieve all affiliated counsel of the representation duties in this action and to permit Plaintiff to proceed pro se.

3. A fundamental disagreement as to the further prosecution of this lawsuit exists between Plaintiff and counsel, the details of which are necessarily omitted as privileged within

the attorney-client relationship.

4. However, counsel attests that he possesses a good faith basis for his legal judgment and opinion, that Plaintiff's opinion substantively differs, and that the disagreement cannot be reconciled.

5. There is good cause to grant the motion to withdraw because Plaintiff's counsel informed Plaintiff on July 10, 2009 via certified letter that Matthews and Associates was unable to further represent Plaintiff's Vioxx lawsuit and Plaintiff must seek new counsel to further represent his Vioxx lawsuit.

6. On November 11, 2009, Plaintiff's counsel informed Plaintiff via certified letter that Matthews and Associates would file a motion to withdraw as Plaintiff's counsel and notified Plaintiff to inform Matthews and Associates immediately if Plaintiff retained new counsel. To date, Plaintiff has not informed Matthews and Associates that he has retained new counsel to represent his Vioxx lawsuit.

7. On December 3, 2009, Plaintiff appeared at the monthly Vioxx status conference without counsel and notified the Court that he was without counsel.

8. On January 28, 2010, Plaintiff confirmed to Matthews and Associates that he has not retained new counsel.

9. I have fully complied with this Court's process as required by Pretrial Order No. 36. In particular, I have communicated with the Plaintiff and have explained to the plaintiff the reasons for seeking to withdraw representation of the Plaintiff.

10. Based on the above reasons, I respectfully request that this Court grant Counsel's motion to withdraw and permit Plaintiff's action to proceed *pro se*.

_____
David P. Matthews

Sworn to and subscribed before me by Candace A. Capilongo on February 22, 2010.

_____
Notary Public in and for the State of Texas

CANDACE A. CAPILONGO
Notary Public, State of Texas
My Commission Expires
January 18, 2012

My Commission expires on:

1/18/2012