UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL<br>CLASS ACTION CASES | ) <br>) MDL NO. 1657<br>)<br>) SECTION: L<br>)<br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES<br>) SPECIAL MASTER RICE<br>) |

## MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR CASE MANAGEMENT ORDER GOVERNING ECONOMIC LOSS CASES

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully moves the Court for entry of a case management order with respect to the proposed economic loss class actions pending in this proceeding.

### BACKGROUND

Currently pending before this Court are 36 putative class actions in which plaintiffs allege claims for economic losses. Pursuant to PTO 16, plaintiffs filed a Purchase Claims Master Class Action Complaint on August 1, 2005, seeking to certify a nationwide class of "[c]onsumers . . . who purchased and/or paid for Vioxx not for resale during the period from May 20, 1999 through September 30, 2004, when Vioxx was withdrawn from the market" (Purchase Claims Master Class Action Compl. ¶ 4), or alternatively, various statewide classes. Plaintiffs assert claims for alleged violations of the New Jersey Consumer Fraud Act (*id.* ¶¶ 199-209), violations of other state consumer protection acts (*id.* ¶¶ 210-262), unjust enrichment (*id.* ¶¶ 263-267) and breach of the implied warranties of merchantability and fitness (*id.* ¶¶ 268-324).

Merck moved to dismiss plaintiffs' Purchase Claims Master Class Action Complaint on September 15, 2005. The Court held oral argument on that motion on February 2, 2006, but has

1

not ruled on the motion.  Instead, the Court stated on several occasions that it wanted to first give Judges Higbee and Chaney an opportunity to rule on the class certification motions pending in the economic loss class actions in the New Jersey and California state court coordinated proceedings.  (*See, e.g.*, Tr. 20:10-21:11, Mar. 5, 2009 (attached as Ex. 1).)

Those rulings have now been issued.  In the New Jersey action (*Martin/Kleinman*), Judge Higbee denied plaintiffs' motion for class certification on March 17, 2009, concluding that plaintiffs' claims turn on highly individualized proof that precludes findings of predominance, superiority and typicality.  *See* slip op., *Kleinman v. Merck & Co., Inc.*, No. ATL-L-3954-04, 2009 WL 699939 (N.J. Super. Ct. Law Div. Mar. 17, 2009) (attached as Ex. 2).  Judge Higbee found predominance lacking because resolution of plaintiffs' New Jersey Consumer Fraud Act claims would require individualized evidence regarding causation.  According to her ruling, "the decision of whether to prescribe a medication is made upon a host of individualized factors, including other risk factors the plaintiffs possessed and whether other drugs were effective in relieving the plaintiffs' pain." *Id*. at 13.  Thus, "an individualized determination would be required for each plaintiff to determine if the concealment of the CV risk information had a causal relationship on the decision made as to whether or not the patient used Vioxx." *Id.*

Judge Higbee reached the same conclusion regarding plaintiffs' unjust enrichment claims, noting that there is "no law in New Jersey that allows such a recovery in this type of claim." *Id*. at 15.  In her order denying plaintiffs' motion for reconsideration, Judge Higbee further explained that plaintiffs were unable to "demonstrate [any] New Jersey law which would allow recovery" in the form of disgorgement of all profits Merck allegedly obtained from the sale of Vioxx "under the facts alleged in this matter." *See Kleinman* Mem. Of Decision On Mot. For Reconsideration at 8 (attached as Ex. 3).

2

Judge Higbee also found "typicality" lacking in *Martin-Kleinman* because of the "multiple differences" in the named plaintiffs' prescription drug histories, holding that: "[a]lthough each plaintiff took Vioxx and paid some price for the drug, the similarities between the two plaintiff[s] end there." *Kleinman*, 2009 WL 699939, at 16.  For example, one named plaintiff's physician "indicated that he would still prescribe Vioxx if it was available, and he himself continued to take it after it was withdrawn from the market," making that plaintiff atypical of others whose doctors might refuse to prescribe the drug if it were available today.  *Id.* at 15-16.  Finally, Judge Higbee found that a class action would not be "superior to other available methods" of adjudication for similar reasons, noting that it "would be unfair to Merck to certify a class and allow a jury to reach a uniform determination of liability where results could vary from plaintiff to plaintiff."  *Id.* at 17.

Plaintiffs unsuccessfully sought appellate review of Judge Higbee's order.  Their motion for leave to appeal the order to the New Jersey Appellate Division was denied on September 29, 2009, and their motion for leave to appeal to the New Jersey Supreme Court was denied on January 12, 2010.

In the California Vioxx actions, Judge Chaney refused to certify a proposed class of all California Vioxx consumers and third-party payors in April 2009.  In her order denying class certification, Judge Chaney noted that in order to prevail on their claims under California law, "each class member must demonstrate . . . that the misrepresentation or nondisclosure influenced [his or her] prescription decisionmaking." Op. at 9, *In re Vioxx* (Cal. Super. Ct. Los Angeles County Apr. 30, 2009) (attached as Ex. 4).  The court found that this inquiry could not possibly be conducted on a classwide basis because of the myriad, patient-specific factors that influenced physicians to prescribe Vioxx.  *Id.* at 10-11.  Emphasizing that "[n]o evidence suggests

3

prescription decisions are made uniformly on the basis of advertising," the court held that reliance was not subject to common proof. *Id.* at 11. Similarly, Judge Chaney noted that whether each third-party payor would have decided to cover Vioxx if more information had been revealed was "an individualized question" not appropriate for a single class trial. *Id*.

Plaintiffs appealed Judge Chaney's order to the California Court of Appeal, arguing, *inter alia*, that the California Supreme Court's ruling in *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009), overruled the decision. The Court of Appeal disagreed and affirmed the denial of class certification in an opinion issued December 15, 2009. According to that opinion, even though *In re Tobacco II* held that plaintiffs alleging class claims under California's Unfair Competition Law ("UCL") need not prove that the absent class members meet the standing requirements of causation or injury, Vioxx claims still cannot be proven on a classwide basis. *In re Vioxx*, 180 Cal. App. 4th 116, 136 (2d Dist. Ct. App. 2009). As the court explained, in order to obtain classwide restitution under the UCL, plaintiffs need to establish the "difference between what the [proposed class members] paid and the value of what the [proposed class members] received." *Id*. at 131. Thus, "[e]ven if plaintiffs establish, class-wide, that Merck misrepresented the cardiovascular risks of Vioxx . . . no plaintiff would be able to recover without first identifying a proper comparator drug, the cost of which would provide the actual value to the patient of the Vioxx received." *Id*. at 136. Because "the issue of a proper comparator was a patient-specific issue, incorporating the patient's medical history, treatment needs and drug interactions," the appeals court held that "the trial court properly concluded that restitution could not be calculated

4

on a class-wide basis." *Id*. Plaintiffs' petition for review by the California Supreme Court was denied on February 10, 2010.[1]

## ARGUMENT

Now that Judges Higbee and Chaney have issued rulings denying class certification in the New Jersey and California class action cases, Merck believes the time is ripe for this Court to address plaintiffs' purported economic loss class actions as well. One way to proceed would be for the parties to submit supplemental briefing on Merck's long-pending motion to dismiss and for the Court to rule on that motion. This would admittedly be a cumbersome endeavor because it requires addressing each named plaintiff's claims under the appropriate state law. As an alternative, Merck proposes that the Court allow Merck to file a motion to strike the class action allegations in the Purchase Claims Master Complaint.[2] In that motion, Merck would affirmatively advance its arguments in opposition to class certification (*i.e.*, that plaintiffs cannot satisfy the predominance and typicality requirements by the very nature of their claims). Specifically, Merck proposes that such a motion be due March 29, that plaintiffs be given 21 days to respond (until April 19), and that Merck be given 10 days to file a reply (until April 29). Under such a schedule, the matter would be fully briefed by the end of April. Given how long these cases have been pending, and the fact that the parties have briefed these issues in state

---

[1] In addition to the California and New Jersey class actions, there are also proposed single-state class actions pending against Merck in Illinois, Indiana, Kentucky and Missouri. The court in Missouri has certified a statewide class in *Plubell v. Merck & Co., Inc.*, No. 04CV235817 (Cir. Ct. Jackson County, Mo.), the courts in Indiana and Kentucky have not ruled on class certification, and in Illinois, plaintiffs recently voluntarily dismissed three of the four remaining class action cases the day after their motion for class certification was due, *see* Order, *Amisch v. Merck & Co., Inc.*, No. 07L6719 (Cir. Ct. Cook County, Ill. Feb. 16, 2010) (attached as Ex. 5).

[2] Merck would, of course, preserve the state-by-state arguments set forth in its pending motion to dismiss in the event that further litigation of these cases is necessary after a ruling on class certification.

5

court, Merck believes that this would provide sufficient time to place the issues before the Court.[3]

## CONCLUSION

For the foregoing reasons, Merck respectfully asks the Court to enter the attached pretrial order.

Respectfully submitted,

/s/*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:   (504) 581-3361

---

[3] If the Court believes it is more appropriate for plaintiffs to first move for class certification, Merck requests that the Court set an accelerated schedule for briefing on any motion for class certification.

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Motion and Incorporated Memorandum in Support of Motion for Case Management Order to Governing Economic Loss Cases* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of February, 2010.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel