Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
IN RE:  VIOXX PRODUCTS          *       Docket MDL 1657-L
   LIABILITY LITIGATION         *
                                *       March 5, 2009
                                *
                                *       9:00 a.m.
* * * * * * * * * * * * * * * *
```

MOTIONS HEARD BEFORE THE
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiffs:           Herman Herman Katz & Cotlar
                              BY:  LEONARD A. DAVIS, ESQ.
                              820 O'Keefe Avenue
                              New Orleans, Louisiana 70113


For the Plaintiffs:           Lieff Cabraser Heimann & Bernstein
                              BY:  ELIZABETH J. CABRASER, ESQ.
                              275 Battery Street, Suite 3000
                              San Francisco, California 94111


For the Defendants:           Stone Pigman Walther Wittmann
                              BY:  DOROTHY H. WIMBERLY, ESQ.
                              546 Carondelet Street
                              New Orleans, Louisiana 70130

M010F63192

1   proposed judgments to Nathan with the attachments this
2   afternoon.
3           MR. FLYNN:  Thank you, Your Honor.
4           THE COURT:  Thank you.  Does that complete the
5   matters?
6           MS. WIMBERLY:  Yes, Your Honor.
7           THE COURT:  It's not really 9:30 yet, so I better
8   take a five-minute break and then we will come back and talk
9   about the third-party claims and the consumer class action.
10                  My thinking about the consumer cases, I've
11  spoken to the state judges, and they're two matters that are
12  being considered by state judges.  One is in New Jersey,
13  Judge Higbee, who has had argument before her nationwide class
14  certification of the consumer cases.  Judge Victoria Chaney in
15  California did not have oral argument yet but is scheduled for
16  oral argument.  I have been trying to coordinate my proceedings
17  with them.  We have been trying not to get in each other's way.
18                  My thinking on those cases is I'm not really
19  going to focus on the consumer cases until I give the state
20  courts an opportunity to express themselves.  That's one of the
21  reasons I haven't focused thus far on the third-party claims
22  because I had a nationwide class certification out of
23  New Jersey.  I didn't think it was a good practice in the whole
24  litigation for the state judge and the federal judge to get at
25  odds on nationwide class certification, so I didn't act on it

1  until that was resolved.  Now it's been resolved by the
2  Supreme Court of New Jersey, so that is going to be before me
3  now.
4            The consumer matters, I am inclined to take the
5  same approach.  Since motions are teed up before them, I want
6  to give them an opportunity, but I understand from them that a
7  ruling one way or the other is going to be forthcoming soon.
8  It's not a question of delaying unduly.  I've been sensitive to
9  the cooperation that I have received, and I think they have
10 been sensitive to the cooperation that they have received.  In
11 view of that, that's what my plan is.
12           I will talk with you-all about the third-party
13 payor claims.  I understand you-all have made some headway on
14 the attorney general claims.  We don't need to talk about that
15 at this point.
16           Also, I want to take the opportunity to express
17 my appreciation of counsel.  You have had a lot of issues that
18 you have been able to resolve in these cases and some you have
19 not, but the fact that you have not been able to resolve them
20 doesn't mean that you haven't tried hard and that you haven't
21 resolved a lot of issues.  I do appreciate you working.  You
22 need to know that.  I'll take a five-minute break while we get
23 everybody on the phone.
24           THE DEPUTY CLERK:  Everyone rise.
25           (WHEREUPON the Court took a brief recess.)

M010F63212