
FILED
AUG 13 2009
Carol E. Higbee, P.J.Cv.




Aug 13 2009
2:13PM

NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS

## SUPERIOR COURT OF NEW JERSEY
COUNTIES OF
ATLANTIC AND CAPE MAY

**CAROL E. HIGBEE, P.J.Cv.**

1201 Bacharach Boulevard
Atlantic City, NJ 08401-4527
(609) 343-2190

### MEMORANDUM OF DECISION ON MOTION
Pursuant to Rule 1:6-2(f)

| | |
|---|---|
| *CASE:* | Kleinman v. Merck & Co., Inc. |
| | Martin v. Merck & Co., Inc. |
| *DOCKET #:* | ATL-L-3954-04 |
| | ATL-L-24-05 |
| *DATE:* | August 13, 2009 |
| *MOTION:* | Motion for Reconsideration of Denial of Class Certification |
| *ATTORNEYS:* | Plaintiffs – Theodore M. Lieverman; Jeffrey L. Kodroff; Thomas M. Sobol; Steve W. Berman; Craig R. Spiegel; David J. Cohen; Christoper M. Cosley |
| | Defendants – Diane P. Sullivan; Elliot M. Gardner; Christina S. Keddie; John H. Beisner; Jessica D. Miller; Nina H. Ramos |

Having carefully reviewed the papers submitted and any response received, I have ruled on the above Motion as follows:

The plaintiffs Elaine Kleinman and Ronald Martin submitted a renewed motion for class certification on May 15, 2008. Plaintiffs brought claims under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -181, and for common law unjust enrichment. The class would include any individual consumer of Vioxx, excluding third-party payors, and sought compensation for economic harm, not for personal injury.

"The Judiciary of New Jersey is an equal Opportunity/Affirmative Action Employer"

The class definition the plaintiffs proposed is:

> All individual consumers in the United States (other than consumers in California) who from June 1, 1999 to October 1, 2004, inclusive paid some or all of the purchase price for the prescription drug Vioxx, manufactured by defendant Merck & Co., Inc. "Individual consumers" means those individual end-users who paid for all or any part of a prescription of Vioxx and does not include third-party payors. Excluded from the Class are (i) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors, assigns, and employees, and (ii) the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

[Pl.'s Mot. Class Cert. 1.]

On March 17, 2009, this court denied the motion for class certification, holding principally that the predominance and superiority requirements of New Jersey Court Rule 4:32-1 had not been met. Kleinman v. Merck & Co., Inc., ATL-L-3954-04 (Law Div. March 17, 2009) (slip op. at 18). Specifically, the court found that an overwhelming number of individualized issues preventing a finding of causal nexus as to all members of the class under the CFA resulted in a lack of predominance, and individualized issues applicable to each plaintiff as well as inconsistent outcomes in previous litigation resulted in a lack of superiority. Id. at 14, 17.

On May 1, 2009, the plaintiffs filed the instant motion for reconsideration, asserting the court's interpretation of the requirements of the CFA were in error. The plaintiffs argue that the interpretation of the causal nexus requirement of the CFA applies an inappropriately high standard of causation, which will operate as a bar to future consumer fraud class actions in New Jersey and is inconsistent with the policy of the CFA. Additionally, the plaintiffs argue that the court's reliance on International Union of Operating Engineers Local 68 Welfare Fund v. Merck & Co. (*Local 68*), 192 N.J. 389 (2007), was misplaced, as this case is distinguishable from the facts presented in this matter. The plaintiff also cites error in the court's discussion of the

M00F903863

typicality and superiority requirements under R. 4:32-1, and the rejection of the unjust enrichment claim.

Because the plaintiffs have failed to raise any new grounds for the court to consider and merely re-argues their previous motion for class certification, the court must deny the motion for reconsideration.

## STANDARD FOR RECONSIDERATION

Reconsideration is within the trial court's sound discretion. Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987). Under New Jersey Court Rule 4:49-2, a motion for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes *the court has overlooked or as to which it has erred.*" (emphasis added). Reconsideration should be limited to

> those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court did not consider, or failed to appreciate the significance of probative, competent evidence. Said another way, a litigant must initially demonstrate that the Court acted in an arbitrary, capricious, or unreasonable manner, before the Court should engage in the actual reconsideration process.
>
> [D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Chanc. Div. 1990).]

Reconsideration is not to be utilized to re-argue a motion. Capital Fin. Co. of Delaware Valley, Inc., v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

With these requirements in mind, the court considers the plaintiffs' arguments.

## DISCUSSION

The plaintiffs have failed to cite to any decisions or evidence which the court has overlooked or failed to consider. Rather, the plaintiffs have utilized their motion for reconsideration as an opportunity to re-argue the points contained within the motion for class certification. The plaintiffs clearly disagree with the court's interpretation of controlling

3

decisions and of the evidence presented. This, however, is not appropriate subject matter for a motion for reconsideration.

The plaintiffs first argue that the court erred by applying a higher standard of proof then is required by CFA. The plaintiffs believe that the court applied a reliance standard, rather then requiring only the demonstration of a causal nexus, and that the plaintiff's causal nexus theories should have sufficiently met the requirements of the CFA.

Under the CFA, a plaintiff must demonstrate the existence of "three elements: (1) unlawful conduct...; (2) an ascertainable loss...; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiffs ascertainable loss." New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12 (App. Div. 2003), certif. denied., 178 N.J. 249 (2003). The plaintiff is not required to demonstrate he or she *relied* on the defendant's unlawful conduct. Varacello v. Mass. Mutual Life Insurance Co., 332 N.J. Super. 31, 48 (App. Div. 2000).

The plaintiff advances three alternative bases for a finding of a causal nexus. These arguments are identical to those advanced in the motion for class certification, and present no new grounds for the court to examine. First, plaintiff argues that Varacello only requires prima facie causation. Id. at 49. This court considered has previously considered and rejected prima facie causation as inapplicable to the facts presented here. Kleinman, supra, slip op. at 13. The court will not re-examine this determination.

The remaining causal nexus theories are that defendant's misrepresentations and omissions allowed Vioxx to remain on the market despite its inherent health dangers, or that the evidence presented demonstrated that Merck set a launch price for Vioxx in excess of what the price otherwise would have been, absent Merck's wrongful omissions and disclosures, alone establish a causal nexus with all plaintiffs. These arguments were thoroughly briefed by the

4

M00F903865

plaintiffs in their prior motion for class certification. In rejecting these causal nexus theories, this court found that "[t]he individual proofs required to show a causal nexus preclude a class action." Kleinman, supra, slip op. at 14. The plaintiff argues this finding reads a reliance element into the CFA statute, because "[i]t requires the Class member to show that if he/she had known the truth, then he/she would not have taken the drug – that is, that the patient relied on the misrepresentations or omissions of the defendant." Pl.'s Br. Reconsideration at 7.

The court cannot agree with the plaintiff's interpretation of its decision. If reliance was indeed an element required by the court, I would have required "direct proof that the entire class relied on defendant's representations that omitted material facts." Varacello, supra, 332 N.J. Super. at 49. This court did not require this type of evidence; rather, the court merely found that the decision to prescribe a medication is an individualized determination, which includes the other risk factors of the plaintiff and whether other drugs were effective in relieving the plaintiff's pain. Kleinman, supra, slip op. at 13-14. These individualized, plaintiff-specific issues prevented a class-wide demonstration of a causal nexus between the loss of the plaintiff and the misrepresentations of the defendant.

Although plaintiff is not required to show reliance under the CFA, the determination of whether a causal nexus exists is still a fact-sensitive inquiry absent application of prima facie causation. There must be a factual relationship between the misrepresentations and the omissions and the resulting loss. See e.g., Matera v. M.G.C.C. Group, Inc., 402 N.J. Super. 30, 42 (Law Div. 2007) (examining the factual relationship between the concealment of the material fact and the loss alleged and concluding there was a nexus between the two); Bosland v. Warnock Dodge Inc., 197 N.J. 543, 560 (2009) (stating "that a plaintiff who cannot prove the causal link between the asserted regulatory violation and his loss cannot find relief within the CFA"); Cox v. Sears Roebuck & Co., 138 N.J. 2, 23 (1994) (stating that the plaintiff must prove

5

M00F903866

the unlawful practice resulted in his loss, and rejecting the contract price as a measure of loss because the fraud did not occur in the contract formation but rather the contract performance).

Accordingly, this court could, and did, appropriately examine the facts required for each plaintiff to demonstrate a causal nexus, and concluded that the facts would be individualized and could not be demonstrated in a class-wide manner. The determination that individualized decisions prevented a finding of a causal nexus on a class-wide basis is in line with Supreme Court precedent. Local 68, supra, 192 N.J. at 391. However, the plaintiffs also dispute the applicability of Local 68 to this matter. The plaintiffs argue that the Supreme Court's evaluation of the individual proofs required in Local 68 was not related to the issue of causation and this court's reliance on the Local 68 opinion for causation grounds was in error. This court must disagree.

In Local 68, the Court explicitly stated that the "plaintiff does not suggest that each of these proposed class members, receiving the same information from each defendant, reacted in a uniform or even similar manner." Id. at 390. The Court then discussed the individualized manner in which each third-party payor made determinations about which benefits would be available to its members. Id. at 390-391. The Supreme Court was clearly discussing the lack of a causal nexus between the ascertainable loss suffered by the third-party payor plaintiffs and the misrepresentations of Merck. The Supreme Court therefore concluded a causal nexus could not be shown in a class-wide manner. The plaintiff's differing interpretation of the Local 68 decision does not present a ground on which to reconsider the issue of a causal nexus in this matter.

The plaintiffs argument that the CFA "was intended to be one of the strongest consumer laws in the country" fails to advance a new point of law. Pl.'s Br. Reconsideration at 11. Plaintiff had abundant opportunity to argue the grounds in their original motion, and certainly

6

did. The policy behind the CFA does not present grounds for this court to reconsider its decision. The court has not denied, misread, or failed to consider the strong policy behind the CFA. The court cannot conclude, in light of the other problems detailed in the court's denial of the motion for class certification, that this policy alone merits reconsideration of that denial.

The plaintiff contends this court's discussion of the typicality requirement was in error as well. The plaintiff again fails to advance any new evidence or law that the court has failed to consider on this point. On examining the typicality requirement, it was apparent that the plaintiffs received a different benefit from the drug, and that Ms. Kleinman's doctor would have continued to prescribe the drug, knowing of the CV risks. Kleinman, supra, slip op. at 16. These facts demonstrated to the court that the potential plaintiffs would not be "well-served by the testimony of Ms. Kleinman's doctor." Ibid. No grounds are forwarded on which to reconsider this finding.

The plaintiff next raises an issue with the rejection of the plaintiff's unjust enrichment claim. In so holding, the court stated that "[d]isgorgement of profits is a punitive, not a compensatory, form of damages. There is no law in New Jersey that allows such a recovery in this type of claim." Kleinman, supra, slip op. at 15. In support of reconsideration, the plaintiffs argue that the remedy for unjust enrichment is restitution, which is not a punitive form of damages. Plaintiffs additionally argue that the theory of unjust enrichment "looks to the enrichment of the defendant rather than the damages to the plaintiff," and would then be applicable to this matter. Pl.'s Br. Reconsideration at 19.

The intent of unjust enrichment is to provide a disgorgement of profits, and this intent is akin to the intent of punitive damages, rather then compensatory damages. Compensatory damages are intended to compensate a plaintiff for an actual loss. Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48 (1984). Punitive damages, on the other hand, "are awarded as

7

punishment or deterrence for particularly egregious conduct." Id. at 49. As the plaintiffs note, unjust enrichment does not look to whether the plaintiff has suffered any loss at all; rather, it focuses entirely on the defendant's benefit. Pl.'s Br. Reconsideration at 19; see e.g., Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 109 (App. Div. 1966). Unjust enrichment only looks to whether the retention of the benefit received by the defendant would be unjust. Kleinman, supra, slip op at 15. The court concluded that the plaintiffs demonstrated no New Jersey law which would allow recovery of the benefits received by the defendant under the facts alleged in this matter. Ibid. The plaintiffs have still failed to demonstrate any case law that would alter this court's conclusion; rather, the plaintiffs have merely repeated the case law that identifies unjust enrichment as a valid theory of recovery generally.

Finally, the plaintiff argues that the inconsistent outcomes received in prior Vioxx litigation of CFA claims should not have prevented this court from making a finding of superiority. The plaintiffs argue that because of the likelihood of inconsistent results over a large population, a class action is merited.

Indeed, R. 4:32-1(b)(1)(A) states that a class action may be maintained if the litigation of separate actions creates a risk of inconsistent adjudication. However, R. 4:32-1(b)(3)(B) requires the court to consider "the extent and nature of any litigation concerning the controversy already commenced by ... members of the class." Litigation over the drug Vioxx has been ongoing for years. The court's consideration of the inconsistent verdicts received in prior Vioxx CFA litigation was based on the premise that the results in litigation have been shown to "vary from plaintiff to plaintiff." Kleinman, supra, slip op. at 17. Inconsistent verdicts were reached because of the different factual scenarios presented by each plaintiff, and the varying verdicts again demonstrated that a class action would not be an appropriate method of proceeding. Again, plaintiffs have forwarded no law which would alter the court's decision in this regard.

8

M00F903869

Accordingly, the motion for reconsideration is hereby denied.

_____
CAROL E. HIGBEE, P.J.Cv.

M00F903870