# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| **MARY DRESSEL AND ANTOINE DRESSEL** | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | |
| | * | |
| **MERCK & CO., INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Civil Action No. 2:05cv4963 | * | |

**********************************************************************

### DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF DRESSEL'S MOTION FOR RECONSIDERATION AND REVERSAL OF ORDER OF DISMISSAL WITH PREJUDICE

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby submits this memorandum in opposition to Plaintiff Antoine Dressel's motion to set aside the Order of Dismissal with Prejudice entered in his case, and states as follows:

1. Plaintiff Dressel's case was dismissed pursuant to entry of a Stipulation of Voluntary Dismissal that was delivered to Merck by the Claims Administrator for the Vioxx Resolution Program. The Claims Administrator delivered the Stipulation of Dismissal to Merck because Plaintiff Dressel failed to submit a timely "Future Evidence Stipulation" that would preserve his right to litigate the claim. This Court has previously determined that Merck may file stipulations that it receives from the Claims Administrator when claimants fail to submit timely

1008973v.1

FES materials.  *See* Sept. 24 2009 Order granting Merck's Motion, Rule and Incorporated Memorandum for an Order to Show Cause Why Stipulations of Dismissal Should Not Be Filed For Failure to Submit Timely Future Evidence Stipulations and PTO 43 Lone Pine Reports (R. Doc. 24217).  As described below, Plaintiff Dressel was provided the opportunity to present her claim in the Resolution Program, and was provided multiple notices of relevant deadlines.  Yet, he failed to comply with the terms of the Agreement.  Accordingly, entry of the stipulation of dismissal was proper and should not be set aside.

### Relevant Provisions of the Resolution Program and Settlement Agreement

2.   The history of the Vioxx Resolution Program is well known to this Court.  On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program.  The requirements of that Program are set out in the Master Settlement Agreement ("Agreement" or "MSA").  By submitting an Enrollment Form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement.  *See* MSA § 1.2.4.

3.   Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program.  *See* MSA § 1.2.3.

4.   As part of the settlement process, claimants must submit to the Claims Administrator (BrownGreer) complete Claims Packages, including all of the required pharmacy, medical and event records, as well as properly and fully executed Releases and Medical and Employment Record Authorization Forms.  *See* MSA §§ 1.3.1, 1.2.2.1.  Additionally, claimants

with lawsuits pending against Merck must provide properly and fully executed Stipulations for Dismissal With Prejudice.  *See* MSA § 1.2.2.1.

5. In order to be eligible for payment, claimants must meet, among other criteria, the injury, duration, and proximity gate criteria as defined in the MSA and as determined by the Claims Administrator.  *See* MSA §§ 2.1, 2.2, 2.3.  If the Claims Administrator determines that a claimant does not meet the requisite gate requirements, the Gate Committee takes a further review.  *See* MSA § 2.5.  If the Gate Committee also determines that a claimant is not eligible, the claimant may appeal the Gate Committee's determination to the Special Master as set forth in the MSA.  *See* MSA § 2.6.  The Special Master's decision on whether the claimant is eligible is binding, final, and non-appealable.  *See* MSA § 2.6.3.

6. Alternatively, program claimants who choose not to appeal the Gate Committee's determination of ineligibility may exit the Resolution Program, and obtain return of their release and stipulation of dismissal, by properly executing and delivering a Future Evidence Stipulation within thirty days of the Claims Administrator's notice to the claimant or their counsel of the notice of ineligibility.  See MSA § 2.7.3.  If the FES is not executed and delivered within thirty days, the MSA directs the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck which Merck may file or cause to be filed in any relevant action or proceeding.  *See* MSA § 2.7.2.

**Relevant Facts Regarding Plaintiff Dressel's Claim**

7. Plaintiff Dressel commenced the process of enrolling in the Vioxx Resolution Program on or about May 5, 2008.  *See* Vioxx Claims Administrator Summary of Claims Event Notices (attached as Exhibit A).  Dressel became enrolled as of January 8, 2009.  *Id* at 1.

8. Between January 8, 2009 and April 14, 2009, Primary Counsel for Dressel logged on to his secure Vioxx Portal on four separate occasions. On April 14, 2009, the Claims Administrator posted a *Notice of Ineligibility* to Primary Counsel's Portal and also sent Primary Counsel an email alerting him to the posting. The email was sent to *jca@jcalaw.us*. That Notice reported that the Dressel claim had failed the Injury and Proximity Gates and that the Claimant had 21 days to submit additional material. If no additional material was received within 21 days, then the claim would be forwarded on to the Gate Committee. *Id.*

9. The next day, April 15, 2009, Primary Counsel logged onto his Portal and viewed the Notice. *Id* at 2.

10. No additional action was taken with 21 days so the Dressel Claim was forwarded to the Gate Committee for review. The claim failed the review of the Gates Committee, and on July 6, 2009, the Claims Administrator posted a *Gate Committee Notice of Ineligibility* to Primary Counsel's Portal and also sent an email alerting Counsel of the posting. As with the April 14, 2009 email, this email was sent to *jca@jcalaw.us.* The Gate Committee Notice reported that the claim had once again failed the Injury and Proximity Gates. The Notice notes that the claimant had 15 days to appeal to the Special Master or 30 days to submit an FES. *Id.*

11. The next day, July 7, 2009, Primary Counsel logged onto his Portal and viewed the Notice. *Id.*

12. On July 16, 2009, the Claims Administrator sent a reminder email to Counsel at *jca@jcalaw.us* indicating that any Appeal must be filed within 5 days and any FES must be submitted within 20 days. *Id* at 3.

13. On July 26, 2009, another reminder email was sent to Primary Counsel at *jca@jcalaw.us* indicating that 20 days had passed since the Gate Committee Notice had issued

- 4 -

1008973v.1

and that any FES must be submitted within 10 days. *Id.* The email also explained that if Counsel did not submit an FES, the Release and Stipulation of Dismissal with Prejudice for the claim would be delivered to Merck. *Id.*

14. No action was taken on claimant's behalf prior to the expiration of the deadlines noted above. The Claims Administrator closed the claim on August 7, 2009. *Id.* Primary Counsel did not again log onto his Portal until August 13, 2009. *Id.*

**The Valid Order of Dismissal Should Not Be Disturbed**

15. Rather than provide evidence that he in fact complied with the provisions of the MSA, Plaintiff Dressel appears to argue that it is unfair for Merck to file the stipulation of dismissal when this claim was deemed ineligible:

> "Again, and to be very clear, Ms. Dressel provided the proposed [Stipulation of Dismissal] as a tentative document which was only to be used in the event a settlement of her claims could be reached within the context of the Vioxx Settlement Class. Where Ms. Dressel was denied membership in this class, it does not lie within the ambit of fairness to permit the Defendant to now file this dismissal—where the merits of Ms. Dressel's claims were never addressed.

*See* Dressel Memorandum at 3. This argument, however, ignores the clear terms of the Master Settlement Agreement.

16. By enrolling in the Vioxx Resolution Program, Plaintiff Dressel agreed to be bound by the terms of the Agreement. Provision 2.7.3.2 of the MSA provides:

> "If such Enrolled Program Claimant fails to execute and deliver a Future Evidence Stipulation to the Claims Administrator within thirty (30) days of delivery to such Enrolled Program Claimant or its Counsel of the Claims Administrator notice described in Section 2.5.6, then promptly thereafter the Claims Administrator ***shall*** deliver the Enrolled Program Claimant's Dismissal With Prejudice Stipulation and Release to Merck (***and, without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding***).

(emphasis added).

1008973v.1

17. The foregoing provision is clear and unambiguous. It has been an integral part of this Agreement since its inception. As such, it must be enforced by its express terms. *See, e.g., Wilder v. Bernstein,* 153 F.R.D. 524, 527-28 (S.D.N.Y. 1994) ("if the language of the settlement agreement is unambiguous, its meaning must be discerned within the 'four corners' of that document"); *Northrup Contracting, Inc. v. Village of Bergen*, 129 A.D.2d 1002, 1003 (N.Y.A.D. 1987) ("Since the terms of the settlement agreement are unambiguous, it is the responsibility of the court to interpret it, and its meaning must be gleaned from the face of the instrument.").[1]

18. Pursuant to the terms of the MSA, which Plaintiff Dressel voluntarily agreed to by enrolling in the Program, this claim received numerous layers of detailed review by trained reviewers at the Claims Administrator, by representatives of the PSC and Merck on the Gates Committee, and again by Merck. This undertaking involves a substantial expense borne by Merck, pursuant to its obligations under the Agreement. Plaintiff also had the opportunity to have this claim evaluated by a Special Master but failed to avail himself of that opportunity. Finally, Plaintiff had the opportunity to preserve his ability to litigate his claim in court pursuant to an FES, but once again failed to take timely action.

19. In short, the plaintiff was given every opportunity to present his claim. He was provided with notice every step of the way and the records indicate that he received such notices. Despite these notices, Plaintiff Dressel failed "to execute and deliver a Future Evidence Stipulation to the Claims Administrator" as required under the clear terms of the Agreement. Accordingly, the Claims Administrator, following the terms of the Agreement, delivered the stipulation of dismissal to Merck, and Merck was entitled to file it.

---

[1] New York law governs interpretation of the MSA. *See* MSA § 16.3.

1008973v.1

20. In sum, because Plaintiff Dressel failed to submit an FES within the allotted thirty-day time period set forth in the MSA, Merck was entitled to dismissal of the case as required by the clear terms of the Agreement. As this Court has found on multiple occasions, deadlines are meaningful and require compliance, just as the Agreement provides.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Reversal should be denied.

Respectfully submitted,

By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:   504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:   202-434-5029

Attorneys for Merck & Co., Inc.

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of February, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1008973v.1