UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX <br>    Products Liability Litigation <br><br> This Document Relates to: <br><br> STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, JR., Attorney General, <br><br>             Plaintiff, <br><br>    versus <br><br> MERCK SHARP & DOHME CORP., <br><br>             Defendant. <br><br> Case No. 05-3700. | MDL No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE KNOWLES |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT MERCK'S PROFITS, FINANCIAL STATUS, AND ALLEGED "PROFIT MOTIVE" RELATING TO VIOXX

The Court should exclude evidence of or argument relating to Defendant Merck Sharp & Dohme Corp.'s ("Merck's") Vioxx related profits or its financial status while Vioxx was on the market, as well as any alleged "profit motive." Such evidence has absolutely no place in a case like this one where Plaintiff is not claiming punitive damages. (*See* Second Supp. and Amend. Compl., Prayer for Relief.) Moreover, this case is about what the State of Louisiana and LDHH recognized about Vioxx's risks and benefits, what actions they took to make Vioxx available to the State's Medicaid patients, and what individual Louisiana physicians considered in prescribing Vioxx to their patients. Merck's Vioxx related profits or its financial status or alleged "profit motive" relating to Vioxx have nothing to do with these issues, and thus should be excluded as irrelevant.

1

**ARGUMENT**

I. **THIS COURT HAS PREVIOUSLY EXCLUDED THIS EVIDENCE IN THE PAST.**

In *Plunkett I* and *Plunkett II,* the Court granted Merck's motion to exclude evidence relating to the assets and profitability of Merck.  The Court reserved its rulings in *Barnett*, *Smith*, *Mason*, and *Dedrick*.

II. **EVIDENCE OF MERCK'S PROFITS AND ALLEGED "PROFIT MOTIVE" SHOULD BE EXCLUDED AS IRRELEVANT.**

The Court should bar Plaintiff from making the hyperbolic claim, as plaintiffs in other Vioxx cases have attempted, that Merck's former CEO and other employees managed the company to enrich themselves at the expense of product safety.  Such an assertion is not only completely baseless, but also irrelevant to Merck's liability.  Evidence of Merck's profits and alleged "profit motive" relating to Vioxx has no logical connection with any fact of consequence at issue in this case, and is thus inadmissible.  *See* FED. R. EVID. 402.

*First*, the fact that Plaintiff is not claiming it is entitled to punitive damages renders evidence of Merck's profits (or any other financial information) irrelevant.  *See Darby v. Sentry Ins. Auto. Mut. Co.,* 960 So.2d 226 (La. App. 1st Cir. 2007) (holding that defendants' financial information was not relevant since there were no viable claims by the plaintiff for exemplary damages, and thus granting defendants' motion *in limine* to exclude defendants' financial information).

*Second*, evidence of Vioxx revenues or Merck's corporate motives is not relevant to any key issue in this case.  For exactly this reason, federal courts routinely exclude evidence of a defendant's profits.  *See Kunz v. Utah Power & Light Co.*, 913 F.2d 599, 605 (9th Cir. 1990) (excluding evidence of power company's revenues in a negligence action brought by landowners against power company to recover damages caused by a release of water from lake used by

company on grounds that "evidence tending to prove a business motive for Utah Power's conduct was excludable as irrelevant pursuant to Fed. R. Evid. 402"); *In re Norplant Contraceptive Prods. Liab. Litig.*, 1997 WL 80526, *1 (E.D. Tex. Feb. 19, 1997) (excluding evidence of pharmaceutical company's profit margin in product liability action concerning an alleged failure to warn because it was not relevant to any failure to warn issue).

In *Gray v. Hoffman-La Roche, Inc.*, the Tenth Circuit upheld the district court's exclusion of evidence relating to whether profit concerns motivated pharmaceutical company Hoffman La-Roche's failure to issue a strong warning about Accutane's possible psychiatric side effects. 82 Fed. Appx. 639, 650 (10th Cir. 2003). Specifically, plaintiff sought to have its expert witness testify that La-Roche's failure to warn was attributable to its concern for loss of sales, and to introduce documents showing that Accutane sales decreased when it issued stronger warnings. *See id*. The Tenth Circuit affirmed, holding La-Roche's alleged motive for failing to issue a stronger warning was "immaterial" to any element of plaintiff's failure to warn products liability and negligence claims. *See id*. at 651.

## CONCLUSION

For these reasons, Merck respectfully requests that the Court exclude evidence or argument regarding Merck's profits, financial status, or alleged "profit motive" relating to Vioxx.

Dated: February 26, 2010

Respectfully submitted,

/s/Dorothy H. Wimberly
Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

3

1009072v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Exclude Evidence Or Argument About Merck's Profits, Financial Status, And Alleged "Profit Motive" Relating To Vioxx has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of February, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel