UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation<br><br>This Document Relates to:<br><br>STATE OF LOUISIANA, *ex rel.* JAMES D.<br>    CALDWELL, JR., Attorney General,<br><br>        Plaintiff,<br><br>    versus<br><br>MERCK SHARP & DOHME CORP.,<br><br>        Defendant.<br><br>Case No. 05-3700. | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 12, TO EXCLUDE TESTIMONY OR ARGUMENT REGARDING REPORTS PREPARED BY NICHOLAS JEWELL**

Pursuant to Rules 703, 801, and 802 of the Federal Rules of Evidence, Defendant Merck Sharp & Dohme Corp. ("Merck") moves to exclude any testimony or argument about reports prepared by Nicholas Jewell, a statistician and non-testifying, consulting expert for Plaintiffs in the Vioxx MDL.

Merck expects that the State will attempt to introduce testimony or argument that a two-page "report," prepared by Jewell for the sole purpose of this litigation, casts doubt on the gastrointestinal benefits that the VIGOR study attributed to Vioxx.  (*See* Nicholas Jewell Report, 9/17/09 ("9/17/09 Jewell Report") (attached as Ex. A)).  Based on an analysis of unspecified data files from the VIGOR study, the Jewell Report concludes that the lower incidence of gastrointestinal side effects reported in Vioxx users compared to naproxen users was "entirely

due" to the use of steroids by certain subjects of the VIGOR clinical trial. (9/17/09 Jewell Report at 1.) Merck also expects that the State will attempt to introduce evidence of other reports that Jewell prepared during the course of the MDL litigation, and which conclude – based on a retrospective recalculation of data from Merck's Vioxx trials – that Vioxx users were subjected to a statistically significant relative risk of adverse cardiac events. (*See* Nicholas Jewell, Analysis of Vioxx Data From the APPROVe, VICTOR & ViP Studies – Protocol 203, Exhibit A to the Supplemental Expert Report of John W. Farquhar, M.D., *In re Vioxx Prods. Liab. Litig.* (*Dedrick v. Merck & Co.*) ("Jewell Report") (attached as Ex. B); 6/21/06 Jewell Rebuttal Expert Witness Report ("Jewell Rebuttal Report") (attached as Ex. C).)

Jewell's unpublished, attorney-commissioned reports are inadmissible for a simple reason: they are hearsay not subject to any exception. For this reason, and for those set forth in Merck's *Daubert* motions to exclude the testimony of Drs. David Y. Graham and John MacGregor – the Court should exclude any testimony or argument, from any of the State's witnesses, about reports prepared by Nicholas Jewell.

### ARGUMENT

It is beyond dispute that Jewell's reports are hearsay. *See* Fed. R. Evid. 801, 802 (out-of-court statements offered to prove "the truth of the matter asserted" are barred by the prohibition against hearsay). Permitting the State to offer testimony or argument about the conclusions of those reports even though Jewell himself is not testifying would run afoul of the basic principle that "to admit the hearsay opinion of an expert not subject to cross-examination goes against the natural reticence of courts to permit expert opinion unless the expert has been qualified before the jury to render an opinion." *Bryan v. John Bean Div. of FMC Corp.,* 566 F.2d 541, 546 (5th Cir. 1978).

2

1009079v.1

The only hearsay exception that is conceivably relevant to Jewell's reports is contained in Rule 703 of the Federal Rules of Evidence, which in some circumstances permits an expert witness who *does* testify at trial to rely upon inadmissible hearsay – including reports prepared by non-testifying experts. *See* Fed. R. Evid. 703. But as set forth in Merck's motions to exclude the testimony of Drs. Graham and MacGregor, that exception does not apply here. Rule 703 permits expert testimony based on inadmissible hearsay evidence only where that evidence is "of a type reasonably relied upon by experts in the particular field." *Id.* The unpublished, attorney-commissioned Jewell reports fall far short of this standard.

To begin, Jewell's reports have not appeared in any peer-reviewed publication; to the contrary, they were prepared for the express purpose of litigation. Both of these attributes weigh heavily against a finding that any of the State's expert witnesses reasonably relied upon those reports. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993) ("The fact of publication (or lack thereof) in a peer reviewed journal . . . will be a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised."); *Soden v. Freightliner Corp.,* 714 F.2d 498, 503-05 (5th Cir. 1983) (upholding trial court's exclusion of expert testimony based on statistics that were "prepared strictly in anticipation of litigation" and were not "part of a published study"); *Vienne v. Am. Honda Motor Co.*, No. 99-3716, 2001 U.S. Dist. LEXIS 1301, at *10 (E.D. La. Jan. 26, 2001) (articles in driving magazines were not of a type reasonably relied on by experts and thus could not form basis of expert testimony); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1179 (N.D. Cal. 2007) (unpublished, non-peer-reviewed study "not a scientifically valid basis" for forming expert testimony); *In re Rezulin Prods. Liab. Litig.,* 309 F. Supp. 2d 531, 561-63 (S.D.N.Y. 2004) (expert could not rely

upon unpublished report prepared by FDA employee where the reliance was "not based on scientific method but on the expediencies of this particular litigation"); *In re Imperial Credit Indus. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003) (Rules 702 and 703 "do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation").

Nor do Jewell's reports bear any other traditional indicia of reliability. His most recent "report," for example, is less than two pages long. It does not reveal the methods employed to reach its proffered conclusions, and does not specify precisely what figures from the VIGOR study he used to perform many of his calculations. (*See generally* 9/17/09 Jewell Report.) Indeed, rather than being presented as a scientific report with full citations and documentation of the evidence to which it refers, each of Jewell's reports is instead organized and presented entirely to rebut opinions and arguments articulated in litigation. (*See id.*; *see generally* Jewell Report, Jewell Rebuttal Report.) Moreover, the State's testifying witnesses cannot attest to the reliability of the method and means by which Jewell reached his conclusions, and hence cannot vouch for the reliability of the reports themselves.

Because Jewell's reports are "so lacking in probative force and reliability that no reasonable expert could base an opinion" on it, *Ellipsis, Inc. v. Color Works, Inc.*, 428 F. Supp. 2d 752, 760 (W.D. Tenn. 2006) (citation omitted), it does not fall within the exception that Rule 703 creates to the ordinary bar against hearsay. For all of these reasons, the Court should preclude any of the State's witnesses from offering testimony or argument about any reports prepared by Nicholas Jewell.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant its motion in its entirety.

Dated: February 26, 2010

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
 WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Memorandum in Support of Motion to Exclude Evidence Testimony or Argument Regarding Reports Prepared by Nicholas Jewell has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of February, 2010.

        /s/ Dorothy H. Wimberly
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel

1009079v.1