UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | * | SECTION L |
|     CALDWELL, JR., Attorney General, | * | |
| | * | JUDGE ELDON E. FALLON |
|             Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
|    versus | * | KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|             Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 13 TO EXCLUDE EVIDENCE OR ARGUMENT THAT MERCK MISLED THE FOOD AND DRUG ADMINISTRATION**

This motion seeks to exclude evidence that Defendant Merck Sharp & Dohme Corp. ("Merck") committed "fraud" on the FDA, misled the FDA, or otherwise violated the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, and its implementing regulations (collectively "FDCA"). The Supreme Court has held that is the exclusive province of the FDA to police such alleged misconduct. *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341, 350, 353 (2001). Accordingly, the court should preclude such evidence or testimony.

1

**ARGUMENT**

I.  **EVIDENCE OR ARGUMENT ALLEGING THAT MERCK MISLED OR DID NOT OTHERWISE COOPERATE WITH THE FDA IS INADMISSIBLE UNDER *BUCKMAN***

Besides the obvious fact that the FDA has never suggested that Merck misrepresented or concealed data about Vioxx from the FDA, a civil courtroom is simply not the proper forum to address such allegations. Such "fraud-on-the-FDA" claims are preempted by the FDCA. The FDA itself is exclusively empowered to police disclosures made to it. *Buckman*, 531 U.S. at 350, 353.

In *Buckman*, the Supreme Court recognized the importance of allowing the FDA to police its regulatory process to achieve the difficult balance between the various competing goals of the FDCA, and it held that the FDCA impliedly preempts state law tort claims alleging that a pharmaceutical company defrauded FDA or violated FDCA disclosure requirements. *Id*. at 350, 353 (preempting claims that the defendant made fraudulent statements to the FDA to obtain approval to market a medical device and that, had the misrepresentations not been made, the devices would not have been approved and plaintiff would not have been injured).[1] The federal regulatory scheme empowers the FDA to control the details of the approval process and to punish and deter fraud where it occurs. *See id.* at 348. This balance is important as "the FDA is charged with the difficult task of regulating the marketing and distribution of medical devices without intruding upon decisions statutorily committed to the discretion of health care professionals." *Id.* at 350.

---

[1] Although *Buckman* involved medical devices, its reasoning and holding apply with equal force to cases involving pharmaceuticals. *See, e.g., Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 812 (N.D. Ohio 2002) ("The Court does not need to engage in searching analysis of *Buckman* to determine that claims of fraud on the FDA are preempted with respect to pharmaceuticals.") (citing *Kemp v. Medtronic, Inc.*, 231 F.3d 216, 236 (6th Cir. 2000)).

*Buckman* noted that "[s]tate-law fraud-on-the-FDA claims inevitably conflict with the FDA's responsibility to police fraud consistently with the Agency's judgment and objectives." *Id*.; *see also Flynn v. Am. Home Prods. Corp.*, 627 N.W.2d 342, 346-49 (Minn. Ct. App. 2001) (excluding evidence of fraud on the FDA and explaining that "[a]s in *Buckman*, the existence of state-law claims against applicants for, and recipients of, FDA drug approval for alleged violation of FDA regulations conflicts with the FDA's authority to consistently police fraud within the agency's powers"). Because such claims are preempted by federal law, Plaintiff here may not offer evidence or argument aimed toward establishing a fraud on the FDA. *See Flynn*, 627 N.W.2d at 346-49; *see also Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 812 (N.D. Ohio 2002) ("Evidence will be excluded outright when it is offered only to show that the FDA was misled, or that information was intentionally concealed from the FDA.").

The preemptive effect of *Buckman* is not limited to direct claims of fraud, but applies to any attempt to prove fraud on the FDA in state-law actions. *See, e.g.*, *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 965-66 (6th Cir. 2004) ("This case, however, presents a somewhat different legal regime from the one invalidated in *Buckman*. . . . This difference, however, is immaterial in light of *Buckman*. As the district court properly found, '*Buckman* teaches that state tort remedies requiring proof of fraud committed against the FDA are foreclosed since federal law preempts such claims.'") (citation omitted).

Plaintiff need not state that Merck engaged in overt "fraud" to trigger preemption under *Buckman*. Given the importance of allowing the FDA to regulate and maintain the necessary balance inherent in the FDCA, the Court must not allow Plaintiff to side-step the preemptive effect of the FDCA by introducing evidence suggesting there was fraud on the FDA without expressly identifying it as such. *See Webster v. Pacesetter, Inc.*, 259 F. Supp. 2d 27, 36 (D.C.

1009119v.1

Cir. 2003) ("plaintiffs cannot bootstrap their arguments regarding defendant's alleged failure to report and to investigate adverse incidents to the FDA into a defective warning case."); *Cupek v. Medtronic, Inc.*, 405 F.3d 421, 424 (6th Cir. 2005) (finding claim of negligence per se was a "disguised fraud on the FDA claim").

Merck anticipates Plaintiff will attempt to claim precisely what federal law preempts – that Merck attempted to defraud or mislead the FDA. Plaintiffs may further argue that Merck was uncooperative during the Vioxx approval or labeling process and that had Merck been more cooperative, the FDA might have acted differently. This contention is pure speculation. There is no indication that the FDA wanted any additional information that it did not receive. Moreover, such evidence or argument would be no more than a thinly-veiled attempt to suggest that Merck somehow was less than candid with the FDA. That is precisely what *Buckman* intended to preclude, as such a claim "exist[s] solely by virtue of the FDCA disclosure requirements." *Buckman*, 531 U.S. at 353; *see also id.* at 347 ("[T]he relationship between a federal agency and the entity it regulates is inherently federal in character because the relationship originates from, is governed by, and terminates according to federal law."). The Court should therefore preclude such evidence, regardless of its form.[2]

---

[2] Merck does not claim that all aspects of its interactions with the FDA should be excluded under *Buckman*. For example, if Plaintiff wishes to use otherwise admissible FDA evidence for a purpose other than proving the inadequacy of the FDA regulatory process for Vioxx or the lack of disclosure to the FDA, Plaintiff may do so. *See Buckman*, 531 U.S. at 352-53. Likewise, Merck may use FDA evidence to demonstrate that Merck fulfilled its duty as a drug manufacturer.

## **CONCLUSION**

For these reasons, Merck respectfully requests that the Court exclude evidence or argument that Merck misled the FDA in any way relating to Vioxx.

Dated: February 26, 2010

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
 WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1009119v.1

**CERTIFICATE OF SERVICE**

 I hereby certify that the above and foregoing Memorandum in Support of Motion to Exclude Evidence Or Argument That Merck Misled The Food And Drug Administration has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of February, 2010.

            /s/ Dorothy H. Wimberly
            Dorothy H. Wimberly, 18509
            STONE PIGMAN WALTHER
            WITTMANN L.L.C.
            546 Carondelet Street
            New Orleans, Louisiana  70130
            Phone:  504-581-3200
            Fax:     504-581-3361
            dwimberly@stonepigman.com

            Defendants' Liaison Counsel

1009119v.1