UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
|     Products Liability Litigation | * |
| | * |
| This Document Relates to: | *    MDL No. 1657 |
| | * |
| STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, JR., Attorney General, | *    SECTION L |
| | * |
| | *    JUDGE ELDON E. FALLON |
|     Plaintiff, | * |
| | *    MAGISTRATE JUDGE |
| versus | *    KNOWLES |
| | * |
| MERCK SHARP & DOHME CORP., | * |
| | * |
|     Defendant. | * |
| | * |
| Case No. 05-3700. | * |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT MERCK'S ALLEGED CONDUCT WITH NO NEXUS TO THIS CASE**

Defendant Merck Sharp & Dohme Corp. ("Merck") hereby moves the Court to exclude evidence of or argument regarding Merck's alleged conduct with no conceivable connection to Plaintiff or any issue in this case. For example, any out of state conduct, such as Merck's alleged conduct toward non-Louisiana consumers, physicians, and pharmacists, and Merck's alleged interactions with other state's agencies and Pharmacy and Therapeutics Committees ("P&T Committees") should be excluded. So too should evidence that Vioxx allegedly caused heart attacks or other injuries to Louisiana citizens.[1] This is a damages case about whether Merck made representations (or omitted information) about Vioxx that caused the State of Louisiana to

---

[1] Merck does not seek to exclude evidence of the existence of the personal injury cases, or the settlement program which resolved them.

1

pay for prescriptions it otherwise would not have covered in its Medicaid program, or caused individual Louisiana physicians to inappropriately prescribe Vioxx to Louisiana consumers. This purported evidence has no conceivable relevance to these issues and should be excluded.[2] Furthermore, the introduction of evidence of unrelated alleged wrongdoing would be prejudicial and indeed unconstitutional. The Court previously considered Merck's motions *in limine* on conduct with no nexus to the case in *Plunkett I* and *Plunkett II*, and the Court reserved ruling. Merck did not file a similar motion in the other MDL personal injury cases.

## ARGUMENT

### I. THE COURT SHOULD EXCLUDE EVIDENCE ABOUT MERCK'S ALLEGED CONDUCT WITH NO NEXUS TO THIS CASE AS IRRELEVANT

#### A. Unrelated Out Of State Evidence Lacks A Nexus To This Case

To the extent that Plaintiff seeks to introduce evidence of the nature or extent of Merck's interaction with non-Louisiana based consumers, physicians, pharmacists, state agencies or P&T Committees, this should be excluded. For example, any call notes from meetings between Merck representatives and non-Louisiana physicians clearly have no connection to this case. Nor can Merck's participation in, or presentations given to, any other state's P&T Committee meeting assist the trier of fact in determining the issues at stake with respect to Louisiana's claims here. Likewise, any evidence or argument allegedly showing that Merck attempted to influence other state's P&T Committee or Medicaid members' actions has no nexus to this case. Regardless, there is absolutely no evidence that any of these non-Louisiana events had any impact on the LDHH, the Louisiana P&T Committee, or any reimbursement decisions

---

[2] At the time of filing this motion, Plaintiff has not yet disclosed its exhibit list. Merck therefore reserves the right to supplement this motion by referencing any specific exhibits Plaintiff may designate for use at trial that relate to the subject matter of this motion, and also to request that the Court exclude other documents as they arise during the course of the trial.

1009124v.1

concerning Vioxx. Nor has Plaintiff produced any evidence demonstrating that any of these alleged out of state activities affected the prescribing decision of any Louisiana physician.

### B. Claims of Vioxx Related Personal Injury To Louisiana Citizens are Irrelevant and Prejudicial

In addition to inadmissible out of state conduct, the Court should likewise exclude evidence or argument that Vioxx allegedly caused heart attacks or other injuries to Louisiana citizens. This is not a personal injury case. In fact, Plaintiff has explicitly admitted it is not seeking to recover the cost of treating alleged Vioxx-related injuries suffered by Louisiana citizens. (*See* Pl. Resp. to Def. Second Set of Rogs, No. 19, attached as Ex. A.) The facts of consequence to the State's action include: the content of Merck's alleged representations; whether reliance on those representations by Provider Synergies, the LDHH, and the Louisiana P&T Committee caused the State to inappropriately reimburse Vioxx prescriptions under the Medicaid program; whether individual Louisiana physicians relied on these representations in inappropriately prescribing Vioxx to their patients; and how much money the State of Louisiana or its citizens would have saved (if any) in the absence of the challenged representations. Accordingly, such evidence about purported personal injuries caused by Vioxx has no place here. Any claim by an allegedly injured Vioxx patient in Louisiana has been addressed in separate litigation. Thus, except for the fact that such litigation has occurred and these claims have been resolved via the settlement program (thereby obviating the need for the State to sue on their behalf) this evidence is irrelevant to this action.

### II. THE ADMISSION OF OUT OF STATE CONDUCT AND UNRELATED EVIDENCE WOULD VIOLATE CONSTITUIONAL PRINCIPLES

The admission of out of state conduct and unrelated evidence would violate constitutional due process. Federal constitutional law flatly prohibits a damages award based on a defendant's alleged conduct in other states, or on its alleged conduct in the forum state unless it is connected

3

to the plaintiff's specific claim. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("A defendant should be punished for the conduct that harmed ***the plaintiff***, not for being an unsavory individual or business. Due process does not permit courts . . . to adjudicate the merits of other parties' hypothetical claims against a defendant.") (emphasis added); *BMW v. Gore*, 517 U.S. 559, 572-73 (1996) (holding that courts do not have the power to impose damages to punish a company "for conduct that was lawful where it occurred and that had no impact on [the plaintiff's home state] or its residents"); *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007) (barring a jury from punishing a defendant for "harms it is alleged to have visited on nonparties"). Due process principles require that any penalty be limited to the culpability of the specific conduct at issue.

Merck's conduct in states other than Louisiana cannot possibly have a bearing on the damages allegedly sustained by Plaintiff. In *State Farm*, the United States Supreme Court concluded it was error for the jury to consider an insurance company's own nationwide practices as a basis for punitive damages (as opposed to only that conduct with a nexus to the injury actually suffered by the plaintiff). The Supreme Court has similarly recognized that a jury may not, consistent with due process, award punitive damages to punish all of a defendant's supposed misdeeds. *Gore*, 517 U.S. at 573-74. In *Gore*, the Court determined that reliance on out of state conduct as the basis for a punitive damages award is improper and that consideration must only be given to in-state consumers "rather than those of the entire Nation." *Id*.; *see also id*. at 593 (Breyer, J. concurring) ("Larger damages might also 'double count' by including in the punitive damages award some of the compensatory, or punitive, damages that subsequent plaintiffs would also recover."). Evidence of Merck's conduct with no relationship to this case must therefore be excluded on constitutional grounds.

1009124v.1

## CONCLUSION

For these reasons, Merck respectfully requests that the Court exclude evidence or argument regarding Merck's alleged conduct with no nexus to this case, including Merck's alleged conduct toward non-Louisiana consumers, physicians, and pharmacists, Merck's alleged interactions with other state's agencies and P&T Committees, and heart attacks or other injuries suffered by Louisiana citizens allegedly caused by Vioxx.

Dated: February 26, 2010

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
 WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1009124v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Exclude Evidence Or Argument About Merck's Alleged Conduct With No Nexus To This Case has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of February, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1009124v.1