UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation<br><br>This Document Relates to:<br><br>STATE OF LOUISIANA, *ex rel.* JAMES D.<br>    CALDWELL, JR., Attorney General,<br><br>                      Plaintiff,<br><br>    versus<br><br>MERCK SHARP & DOHME CORP.,<br><br>                      Defendant.<br><br>Case No. 05-3700. | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MERCK SHARP & DOHME CORP.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE CERTAIN OPINION
<u>TESTIMONY OF MERCK'S EXPERT JERRY WELLS</u>**

Defendant Merck Sharp & Dohme Corp. ("Merck") respectfully files this Opposition to Plaintiff James D. Caldwell's Motion to Exclude Certain Opinion Testimony of Merck's Expert Jerry Wells. Merck has designated Jerry Wells as an expert in the structure, administration, and operations of state Medicaid programs, including the development of preferred drug lists and use of pharmacy benefits managers ("PBM's") in the negotiation of supplemental rebates and drug class reviews. Plaintiff contends Wells should be excluded because he is biased and unqualified to offer expert testimony. Because Plaintiff's arguments rely on a mischaracterization and misapplication of both the facts and the law, the Court should reject Plaintiff's motion.

1

I.  **BACKGROUND**

The State of Louisiana claims that Merck made misrepresentations about Vioxx that caused LDHH to pay for Vioxx prescriptions through the Louisiana Medicaid program.  (*See, e.g.*, Second Am. Compl. ¶ 193 (alleging that "citizens of Louisiana, the State of Louisiana, and/or DHH" spent "millions of dollars to purchase Vioxx for persons covered under the Louisiana Medicaid program" due to "Defendant's unlawful conduct."))  Because Plaintiff's claims implicate the Louisiana Medicaid program, Merck designated Jerry Wells as an expert in the structure, administration, and operations of state Medicaid programs, including the development of preferred drug lists and use of PBM's in the negotiation of supplemental rebates and drug class reviews.  (*See* Expert Report of Jerry F. Wells, BSPh, R.Ph. ("Wells Rpt.") (attached as Ex. A).)

Wells has over 24 years of experience in state Medicaid programs. (Dep. of Jerry F. Wells ("Wells Dep.") 8:22-9:4, Jan. 27, 2010 (attached as Ex. B).)  From 1992-2007, Wells served as the bureau chief in Florida for Medicaid Pharmacy Services, where he was responsible for day-to-day operations of program policy, management of both the Drug Utilization Review Committee and the Pharmaceutical & Therapeutics Committee, and management of Florida's Preferred Drug List.  (Wells Rpt. at 2; Wells Dep. 16:3-23.) Louisiana followed Florida's lead in developing a Preferred Drug List and hiring Provider Synergies as its PBM to negotiate supplemental rebates with manufacturers, to conduct drug class therapeutic reviews and to provide recommendations for inclusion or exclusion of drugs on Louisiana's Preferred Drug List.  (Dep. of Ben Bearden 56:14-19, Oct. 12, 2009 (attached as Ex. C) (**Q.** "Did I understand you correctly that one of the

models for the State with regard to moving from an open to a closed formulary was the system that the State of Florida had?" **A.** "Correct."); Dep. of David Hood 92:7-10 (attached as Ex. D) (**Q.** "Did the -- did Florida have a system that was similar to the one that Louisiana had moved to?" **A.** "Yes.").)  Given his breadth of experience with the type of state Medicaid program at issue in Louisiana, Wells is extremely qualified to opine on issues relevant to this case and his specialized knowledge of state Medicaid programs will assist the trier of fact to understand the evidence in this case.  *See* FED. R. EVID. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness . . . may testify thereto in the form of an opinion or otherwise . . ."); and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (noting that expert testimony is admissible to "assist the trier of fact to understand the evidence or to determine a fact in issue").

## II. ARGUMENT

Despite his qualifications and the clear relevance of his opinions, Plaintiff argues that Wells' testimony should be excluded for two reasons:  Plaintiff contends (1) that Wells' testimony is biased because Wells, when asked his opinion as the bureau chief of Florida Medicaid, told the Florida Attorney General that the State of Florida did not have a case against Merck regarding Vioxx; and (2) that Wells is unqualified because he has not previously given expert testimony in court and he was not privy to Merck's internal reasons for withdrawing Vioxx.  The Court should reject Plaintiff's arguments, as each misapplies the law and mischaracterizes Wells' testimony.

1009299v.1

> A. **Because This Case Is Set For A Bench Trial, Wells' Alleged Bias Is An Improper Ground For Exclusion Of His Testimony**

Without citing any on-point authority, Plaintiff argues Wells is "clearly biased" because Wells, as bureau chief of Florida Medicaid and consistent with his opinion here, stated that the State of Florida had no basis for a lawsuit against Merck with respect to Vioxx. (Pl.'s Mot. at 3-4.) Wells told the Attorney General of Florida that Florida was not damaged and advised Florida not to bring a lawsuit. (Wells. Dep. at 10:8-22.) Wells further testified that after he retired, a new Florida Attorney General decided to file suit anyway. (*Id.* at 10:8-11:1.) Plaintiff claims that Wells should not be allowed to testify because his "testimony has a 'potential for prejudice' [that] substantially outweighs its probative value and should be excluded." (Pl.'s Mot. at 3.)

To the contrary of evincing bias, this testimony shows instead that Wells, unlike several of Plaintiff's experts, has not changed his expert opinions in litigation from the expert opinions he held before being retained. There is no "bias," and certainly there is no legal basis to exclude Wells for doing his job. Plaintiff's argument is nonsensical and should be summarily rejected.

Even if Plaintiff were able to show bias in Wells' testimony, potential bias of a witness is a suitable subject for cross-examination, not for exclusion of testimony. *United States v. Leslie*, 759 F.2d 366, 379 (5th Cir. 1985); *United States v. Theriault*, 440 F.2d 713, 715 (5th Cir. 1971) ("[Witness] was subject to cross-examination on possible interest and bias, but he was not incompetent to testify.") Courts in this district consistently refuse to exclude expert testimony on the basis of bias. *Tumbleweed Props., Inc. v. Colony Ins. Co.*, No. 07-9187, 2009 WL 1605152, at *3 (E.D. La. June 5, 2009) ("Plaintiff can develop issues related to [an expert witness's] possible bias . . . and can

4

1009299v.1

vigorously dispute [his] conclusions. But the motion to exclude his testimony is denied."); *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 1930681, at *7 (E.D. La. Apr. 29, 2008) ("[P]otential bias is a fertile ground for cross-examination and may be the subject of contrary expert opinion and evidence, but it does not doom the admissibility of [an expert's] testimony."); and *Wallace v. Gen. Motors Corp.*, No. 94-2627, 1997 WL 269498, at *3 (E.D. La. May 19, 1997) ("The Court finds that the mere fact that [proposed witnesses] are [defendant's] employees does not preclude them from being experts. Rather, plaintiffs will have the right to cross-examine these witnesses.")

Also, the balancing test for admissibility of potentially prejudicial evidence is found in Federal Rule of Evidence 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the *jury*."[1] FED. R. EVID. 403 (emphasis added). This case is now set for a bench trial, and Rule 403 will therefore have only limited applicability. *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) ("This portion of Rule 403 has no logical application to benchtrials. Excluding relevant evidence in a benchtrial . . . on the basis of 'unfair prejudice' is a useless procedure."). The Supreme Court's prevailing concern in *Daubert* was the issue of exposing the jury to unreliable or confusing expert testimony. However, in the context of a bench trial, concerns about expert evidence misleading a jury are of lesser import. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place

---

[1] Plaintiff cites Federal Rule of Evidence 702 to support its contention that Wells' alleged bias merits exclusion. (Pl.'s Mot. at 3.) But Rule 702 governs the admissibility of expert testimony and outlines the factors to be considered in admissibility of such testimony, including the testimony's reliability and relevance. FED. R. EVID. 702. Rule 702 does not discuss "potential for prejudice" as Plaintiff's motion indicates.

of a jury."). Even where an expert's probative value and helpfulness are unclear, courts in this district recognize that in the context of a bench trial, "the dangers listed in Rule 403 are significantly reduced." *Brister v. Universal Sodexho*, No. 05-4034, 2006 WL 5156736, at *1 (E.D. La. Sept. 12, 2006) (denying a motion in *limine* to exclude expert testimony because the case was scheduled for a bench trial even though the expert's probative value and helpfulness were unclear); *see also Johnson*, 2008 WL 1930681, at *2, *5 (denying a motion to exclude allegedly prejudicial expert evidence and noting that the gatekeeping role of the court is less essential when the court itself is the ultimate trier of fact).

Moreover, while Rule 403 provides for the exclusion of prejudicial testimony, Rule 403 does not contemplate potential bias *of* an expert witness. To be excluded under Rule 403, the evidence must evoke prejudice to the *fact finder*, not in the *witness*. *See* FED. R. EVID. 403 advisory committee's note. Indeed, judicial applications of Rule 403 confirm that the focus should be on the evidence's potential to mislead or confuse a jury, not the expert's potential for bias. *Daubert*, 509 U.S. at 595; *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1247 (5th Cir. 1994). With nothing more than a conclusory, nonsensical allegation of "bias," Plaintiff argues that Wells' consistent belief that Florida Medicaid, like Louisiana Medicaid, was not damaged by Merck's actions with respect to Vioxx, amounts to prejudice. But Plaintiff points to no extraneous fact that would offset the probative value of Wells' testimony regarding state Medicaid programs.

Plaintiff's claim that Wells' alleged bias should be grounds for exclusion is without support and flatly contradicted by the courts of this district. As these courts have

1009299v.1

consistently held and the Federal Rules of Evidence contemplate, "bias" is not a sufficient basis for excluding expert testimony.

### B. Wells Is Qualified To Give Expert Testimony On State Medicaid Programs And As To Issues Relevant To This Case

Plaintiff also argues that Wells should be excluded because (a) he has not previously been qualified as an expert witness, and (b) Plaintiff claims Wells "can't even tell why Vioxx was taken off the market." (Pl.'s Mot. at 5-7.) Each of these arguments is meritless and should be rejected. First, based on his experience and specialized knowledge, Wells is eminently qualified to give expert testimony in this case. Secondly, Plaintiff's argument regarding Wells' knowledge of Vioxx's withdrawal is based on a distorted and incorrect reading of the transcript, and regardless is not grounds for exclusion.

Despite Plaintiff's motion contending differently,[2] the standard with respect to the qualifications of a testifying expert is clear. The admission of expert testimony is governed by Federal Rule of Evidence 702 and the principles detailed by the Supreme Court in *Daubert*. Under *Daubert,* Rule 702 requires "the trial judge [to] ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, the Supreme Court clarified that the relevance and reliability factors of *Daubert* and Rule 702 extended to non-scientific expert testimony. 526 U.S. 137, 147 (1999). According to *Kumho Tire*, when an expert's testimony is not scientific, reliance on "skill- or experience-based observation" is appropriate and sufficient to support opinion testimony. *Id.* at 151. In terms of the

---

[2] Plaintiff's cited authority does not match its argument. Plaintiff, intending to seek exclusion of Wells' testimony based on his alleged lack of sufficient *qualification*, cites five cases addressing the requirement that expert testimony be supported by adequate *methodology*. There is no argument that Wells' methodology is at issue here.

required amount of experience, the Fifth Circuit takes a liberal stance favoring the admission of testimony. "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

### 1. Prior Testimony Is Not A Legitimate Requisite For Admission Of An Expert

Given Wells' comprehensive experience in state Medicaid regimes nearly identical to the Louisiana Medicaid program at issue here and the inclusive attitude taken by the Fifth Circuit toward admitting expert testimony over objections to qualifications, Plaintiff's arguments for exclusion regarding Wells' qualifications are wholly meritless.

First, Plaintiff suggests that Wells' lack of experience providing expert testimony disqualifies him from giving expert testimony in this case.[3] Prior testimony is not a litmus test as to an expert's qualifications to testify. Such a standard senselessly presumes that the pool of qualified experts will never expand and that no proposed expert will ever gain sufficient expertise in the future. Accepting this logic would compel the absurd result that no expert in any field would ever be qualified to give opinion testimony, having never given such testimony before.[4]

For such good reason, the Federal Rules of Evidence and jurisprudence in this district reject any such "prior testimony" requirement. The Federal Rules of Evidence allow opinion testimony by any expert who is qualified by "knowledge, skill, experience, training, or education" and impose no "prior testimony" requirement. FED. R. EVID. 702.

---

[3] Plaintiff contends that Wells has only been hired as an expert in two cases. (Pl.'s Mot. at 6.) Wells has actually been hired in at least four cases. (Wells Dep. 35:9-24.)
[4] Wells did give similar expert deposition testimony in the Texas Attorney General case against Merck, but summary judgment was granted to Merck, so there was no trial.

Accordingly, courts in this district consistently admit the testimony of experts lacking prior testimonial experience in their proposed field of testimony as long as they are otherwise qualified. *See, e.g., Ostrowiecki v. Aggressor Fleet, Ltd.*, Nos. 07-6598, 07-6931, 2008 WL 2789142, at *7 (E.D. La. July 17, 2008); *Carrouche v. State Farm Fire & Cas. Co.*, No. 07-6532, 2008 WL 5561220, at *1 (E.D. La. June 26, 2008); *Nugent v. Hercules Offshore Corp.*, No. 98-3060, 2000 WL 381925, at *4 (E.D. La. Apr. 14, 2000); *Scurlock Marine, Inc. v. W.W. Patterson Co.*, No. 95-528, 1997 WL 573406, at *1 (E.D. La. Sept. 12, 1997).

Wells' qualifications easily meet the standards of *Daubert*, *Kumho Tire*, and *Huss*. Wells has 45 years of experience as a pharmacist and over 24 years experience administering state Medicaid programs. (Wells Dep. 8:22-9:4.) Wells has extensive experience in Medicaid issues directly relevant to the State's claims, having overseen the entire Medicaid program for the State of Florida, including the management of the Florida Pharmacy and Therapeutics Committee, the Drug Utilization Program and the Preferred Drug List. (Wells Dep. 16:3-23.) As noted above, Wells has worked with the same PBM and in the same process as Louisiana used, as the Louisiana Medicaid program was modeled after the Florida Medicaid program. Wells' education and experience in these fields of knowledge, including the professional insight he has gained managing the State of Florida's Medicaid Program, easily qualify him as an expert.

### 2. Wells Is Aware Of The Public Reasons For Vioxx's Withdrawal

Plaintiff also wrongfully claims that Wells is not qualified to testify in this case because, according to Plaintiff, Wells "can't even tell why Vioxx was taken off the market." (Pl.'s Mot. at 7.) Plaintiff rests upon the conclusory accusation that "Mr.

Wells' testimony cannot meet the Daubert standard if he can't even tell why Vioxx was taken off the market," yet nowhere in its motion does Plaintiff explain why knowledge of Vioxx's withdrawal is relevant to the subjects of Wells' opinion testimony. As noted above, Wells has been designated as an expert in state Medicaid programs, including the development of preferred drug lists and use of PBM's in the negotiation of supplemental rebates and drug class reviews; the reasons for Vioxx's withdrawal are entirely unrelated to these topics.

Further, an even cursory review of the testimony cited in Plaintiff's motion plainly contradicts Plaintiff's contention. (Wells Dep. 84:24-85:18.) In fact, Plaintiff's motion flagrantly mischaracterizes Wells' testimony. When asked about the reasons for Merck's withdrawal, Wells testified that "there was a press release related to the reporting of cardiovascular events." (Wells Dep. 84:24-85:7.) Wells, however, rightfully would not speculate as to Merck's private, internal reasons for the voluntary withdrawal. Plaintiff's argument is wholly misplaced and offers no basis upon which to exclude Wells.

1009299v.1

### III.  CONCLUSION

The State offers no grounds and no authority for excluding Wells' testimony. Wells is highly qualified to offer expert opinion on matters directly at issue in this case. Accordingly, the Court should deny Plaintiff's motion to exclude Jerry Wells.

Dated: March 1, 2010                                            Respectfully submitted,

/s/Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1009299v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Opposition has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of March, 2010.

        /s/ Dorothy H. Wimberly
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel