# Exhibit D

# O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO

December 9, 2009

OUR FILE NUMBER
574,760-141

WRITER'S DIRECT DIAL
(202) 220-5054

WRITER'S E-MAIL ADDRESS
rbjork@omm.com

**VIA E-MAIL DPLYMALE@DUGAN-LAWFIRM.COM**

Douglas R. Plymale, Esq.
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130

Re:   *Louisiana ex rel. Caldwell v. Merck Sharp & Dohme Corp.; Unresolved Discovery Issues*

Dear Mr. Plymale:

I write in response to your letter of December 4 and to follow up on remaining unresolved discovery issues in this matter. These follow-up issues, identified here, are significant.

First, Merck Sharp & Dohme Corp. ("Merck") served Requests for Production of Documents to Plaintiff on October 9, 2009. Pursuant to the Court's Pretrial Order No. 39, Plaintiff's responses were due on October 29, but to date, we have not received them. Please provide the required responses immediately; if you are unwilling to do so, we will raise the issue with the Court at the next scheduled biweekly telephone conference.

Assuming Plaintiff will provide responses to Merck's document requests, to the extent you intend to object to the first Request in that set—which seeks detailed information regarding any of Plaintiff's damages experts' calculations, including data sources, programming and intermediate output files—on the ground that it is premature (based on the December 22 deadline for damages experts' reports), we need a firm commitment from you that Plaintiff will produce all requested electronic files to Merck on the same day that it serves the expert(s') report(s). Prompt receipt of the supporting data and electronic files by Merck is critical due to the short period Merck will have to analyze and respond to Plaintiff's damages experts, as well as the intervening holidays during that short timeframe. Please confirm that Plaintiff will do so.

O'MELVENY & MYERS LLP
December 9, 2009 - Page 2

   Separately, thank you for providing answers to some of our questions about the State's Medicaid claims data produced to Merck on September 17. However, you will recall that in a teleconference with you, Ms. Sullivan, and representatives of Unisys, Inc., Jeff Raymond responded to several of our questions about the claims data by indicating that M. J. Terrebonne from the Department of Health and Hospitals ("DHH") would be able to answer them. As you also know, we asked her those questions while deposing her. She referred us back to Unisys on some of the questions, stating that the programmer would be the best person to answer them, and testified that she did not know the answers to others. The open questions are:

   1. Does the field "clq_payment" (or "Amount Paid") in the data include the dispensing fee paid to the pharmacy?

     a. In some cases, it appears to include dispensing fee in that the Amount Paid is equal to Quantity multiplied by Price plus the dispensing fee.

     b. However, in other instances, Amount Paid is only equal to Quantity multiplied by Price and, thus, appears to exclude the dispensing fee.

   2. If the claims data produced represent only paid claims (claim status = 1 or 2), why is Amount Paid equal to zero for some observations?

   3. What do negative values for Amount Paid represent? In some instances, observations with negative values for Amount Paid appear to reverse other claim lines in the data. However, in other instances, there are observations with negative values that do not appear to reverse other claim lines in the data.

   4. In some observations, why do the values of Days Supply and Quantity not correctly correspond with each other? For example, a claim in the data may contain a prescription in which the days supply equals 1 even though the quantity prescribed equals 30.

   5. If a patient receives two prescriptions for the same drug in different dosages at the same point in time, is this considered one prescription in the data?

   Please ask Mr. Raymond to consider these questions again and provide us with a complete response accordingly.

   We also request that you produce the data from DHH that Ms. Terrebonne described in her deposition relating to the amount of money paid by Merck and other drug manufacturers as rebate payments for Vioxx and relevant drugs. This information was requested in Merck's Request for Production Nos. 1 and 12 and Interrogatory Nos. 16 and 28, but to date, Plaintiff has not produced it.

O'MELVENY & MYERS LLP
December 9, 2009 - Page 3

       If you have any questions, do not hesitate to contact me.

                            Sincerely,

                            Rebecca S. Bjork

cc:   James R. Dugan II, Esq.
      Elysia M. Solomon, Esq.
      Stephen D. Brody, Esq.
      Brian C. Anderson, Esq.