# Exhibit E

## MURRAY LAW FIRM
SUITE 2150 POYDRAS CENTER
650 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

STEPHEN B. MURRAY*
STEPHEN B. MURRAY, JR.
JULIE A. ARDOIN**
ARTHUR M. MURRAY
NICOLE IEYOUB-MURRAY
JESSICA W. HAYES
JAMES R. DUGAN, II
JUSTIN BLOOM ****
DOUGLAS R. PLYMALE, Ph.D.
KOREY A. NELSON

\* CERTIFIED AS A SPECIALIST IN
   CIVIL TRIAL ADVOCACY BY THE NATIONAL
   BOARD OF TRIAL ADVOCACY
\*\* LICENSED IN LA & MS
\*\*\*LICENSED IN LA & TX
\*\*\*\* LICENSED IN FL & NY

TELEPHONE 504.525.8100
1.800.467.8100
FAX 504.584.5249
www.murray-lawfirm.com

OF COUNSEL

JOSEPH A RACE
ROBERT J. DILIBERTO***
DAMON A. KIRIN

WILLIAM W. GOODELL, JR., L.L.M.
Energy and Environment

December 14, 2009

**Via E-mail**

Rebecca Bjork, Esq.
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001

      Re:  Vioxx Product Liability Litigation, MDL 1657, Case No. 05-3700
            *State of Louisiana, ex rel. James D. Caldwell, Attorney General v. Merck & Co., Inc.*
            **Discovery Responses and Unisys data**

Dear Ms. Bjork:

I write in response to your letter of December 10, 2009 regarding Plaintiffs' discovery responses and your follow-up questions to our teleconference with Jeff Raymond of Unisys on October 13, 2009.

The files missing files referenced in your email of December 10, 2010: LIFT6297.NULL.NDC.CODES.FOUND.XLS and LIFT6297.zero.payments.FOUND.xls are being sent to Dorothy Wimberly today as they are too large to email.

Plaintiffs' discovery responses were served on November 6, 2009 on Lexis-Nexis File and Serve in accordance with Pretrial Order 8B. I apologize for not sending courtesy copies to you and your co-counsel. A copy is enclosed for your convenience. Regarding Document Request No. 1 therein, we have requested that Plaintiffs experts deliver this material contemporaneously with their reports. The production of responsive documents is being hand delivered to Dorothy Wimberly at Stone Pigman today. Please note that only one of the two attachments to Vioxx –

Rebecca Bjork, Esq.                                              MURRAY LAW FIRM
December 14, 2009
Page 2

LaAG – Vioxx-003173, described therein as "attachment #1" concerned Cox-II drugs and was thus responsive to Merck's discovery; "attachment #2" as described in item 1) of the email does not concern NSAIDs or Cox-II drugs and is not being produced.

I submitted your list of five questions to Mr. Raymond at Unisys. Below are the responses from Unisys:

1.  The amount paid does include the Dispensing Fee. It is 5.77 for all pharmacy claims with the exception of the following items that are designated by a 755 Pricing Action Code:
    - Insulin, diabetic supplies, catheters and catheter trays (maximum allowable reimbursement cost plus 50%). For these drugs the amount shown in the MAC AMOUNT column of the pricing file is the unit cost of the drug plus 50%.

    - Items with a Pricing Action Code of 750 or 7K0 do price with the units times the price + the Dispensing Fee.

2.  Pharmacy claims submitted with Third Party Payment may pay at zero. The TPL amount submitted is deducted from the calculated payment. If the TPL amount is greater than the calculated payment, then the payment is zero. Also, in some instances after TPL is deducted and the co-payment is deducted no reimbursement amount is left.

3.  It is possible for a claim to have a negative payment if the claim represents a void (reversal) transaction. In order to more accurately answer this question, Unisys is willing to further research if you will provide some sample ICNs.

4.  There may be rare instance in which a drug is prescribed for a day in which the recipient must take multiple doses. Unisys is willing to further research if you will provide an example of this. Also, please note that you should use the Metric Decimal Quantity for the units.

5.  If a recipient has two prescriptions for the same drug with different dosages, this is considered to be two claims. The UniDUR (prospective drug utilization) edits would deny the second claim unless the pharmacist submits an override.

Finally, concerning your request for "data from DHH that Ms. Terrebonne described in her deposition relating to the amount of money paid by Merck and other drug manufacturers as rebate payments for Vioxx and relevant drugs," please refer to Plaintiffs prior discovery responses where the Vioxx rebate information was previously disclosed and is already in Merck's possession and control, and was also produced by Merck to Plaintiffs, and rebate data for drugs other than Vioxx may not be disclosed per Federal Statute. I assume you mean the rebate claims audit data at DHH for Vioxx claims that are more than one year old, and thus are not already reflected in the claims data previously produced, about which Ms. Terrebonne testified; Plaintiffs will produce this information as soon as practicable.

Rebecca Bjork, Esq.                                                              MURRAY LAW FIRM
December 14, 2009
Page 3

       I remain,

                                        Very truly yours,

                                        /s/ *Douglas R. Plymale*

                                        Douglas R. Plymale, Ph.D.

Enclosures

cc:     Ben Barnett, Esq. (Via e-mail)
       Eben Flaster, Esq. (Via e-mail)
       Travis J. Sales, Esq. (Via e-mail)
       Stephen D. Brody, Esq. (Via e-mail)
       Bryan Anderson, Esq. (Via e-mail)
       Leonard A. Davis, Esq. (Via-email)
       Dawn Barrios, Esq. (Via e-mail)
       James Dugan, Esq. (Via e-mail)