CHARLES FOTI, ATTORNEY GENERAL,         27TH JUDICIAL DISTRICT COURT
EX REL, STATE OF LOUISIANA

VERSUS
                                        DOCKET NO. 04-C-3967-D
JANSSEN PHARMACEUTICA, INC.,
ET AL.
                                        ST. LANDRY PARISH, LOUISIANA

CONSOLIDATED WITH

CHARLES FOTI, ATTORNEY GENERAL,         27TH JUDICIAL DISTRICT COURT
EX REL, STATE OF LOUISIANA

VERSUS
                                        DOCKET NO. 04-C-3977-D
JANSSEN PHARMACEUTICA, INC.,
ET AL.
                                        ST. LANDRY PARISH, LOUISIANA

## REASONS FOR RULING

Currently pending before this Court are the following motions:

- The plaintiff's motion to strike the request for jury trial with regard to the plaintiff's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.*;

- The plaintiff's motion for summary judgment concerning the plaintiff's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.*;

- The defendants' motion for summary judgment;

- The defendants' motion *in limine* to preclude the testimony of the plaintiff's statistical experts, Meredith Rosenthal, Raymond Hartman, James Griffin, and Glenn Harrison; and

- The defendants' motion *in limine* to exclude or limit the testimony of the plaintiff's non-statistical experts, John D. Abramson, Laura M. Plunkett, Mordecai N. Potash, Peter Rost, Lon S. Schneider, and William C. Wirshing.

Oral argument on these motions was presented to the Court on December 15 and 16, 2009. Having carefully considered the memoranda submitted by the parties and the oral arguments presented by the parties, as well as the applicable law, my written reasons for ruling on these motions are set forth below.

## FACTUAL BACKGROUND

In this lawsuit, the Attorney General for the State of Louisiana, acting on behalf of the State, seeks to recover damages allegedly sustained by the State, when it paid, through the Medicaid program, for Louisiana Medicaid recipients' Risperdal prescriptions. Risperdal is a second-generation antipsychotic medication, which was manufactured by the defendants in this lawsuit. The State alleges that the defendants used misrepresentations and deceptive practices in marketing Risperdal in Louisiana, which resulted in the State being damaged.

## MOTION TO STRIKE THE JURY

The plaintiff filed a motion, seeking to strike the defendants' request for a jury trial with regard to the plaintiff's claim under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et seq.* ("LUTPA"), or, alternatively, seeking to bifurcate the trial of the LUTPA claim, so that the Trial Court Judge would decide whether the defendants are liable under LUTPA while the jury would decide whether damages should be awarded under LUTPA.

Article 1731 of the Louisiana Code of Civil Procedure entitles a defendant to a jury trial unless that right precluded by Article 1732 of the Louisiana Code of Civil Procedure[1] or "specifically denied by law."[2] LUTPA contains no express denial of the right to a jury trial, and no other statutory prohibition against jury trials of LUTPA claims was identified by the plaintiff or located by this court.

The plaintiff suggests, by analogy to other states' consumer protection laws and jurisprudence, that LUTPA claims present only legal questions, requiring that jury trials of LUTPA claims should be prohibited. A search of Louisiana jurisprudence revealed, however, no authority for the proposition that a LUTPA claim presents only questions of law to the exclusion of questions of fact and further revealed no reported decisions holding that LUTPA claims cannot be tried to a jury. To the contrary, there are numerous examples in Louisiana jurisprudence in which juries have

---

[1] Louisiana Code of Civil Procedure Article 1731(A).

[2] Louisiana Code of Civil Procedure Article 1732(6).

-2-

been permitted to decide what constitutes an unfair trade practice under LUTPA and/or whether a LUTPA violation occurred.[3]

It is well-settled that LUTPA's broad definition of the term "unfair trade practice" requires Louisiana courts to decide, on a case-by-case basis, precisely what constitutes an unfair trade practice.[4] But the reported Louisiana decisions holding that courts must decide what constitutes an unfair trade practice do not restrict the authority to make that important decision to Trial Court Judges rather than juries. As the Louisiana Supreme Court has noted, the word "court" is not necessarily synonymous with the word "judge;" instead, it may be synonymous with the term "trier of fact."[5] With regard to LUTPA claims, there is no statutory or jurisprudential language limiting the word "court" to mean "judge" rather than "factfinder." Therefore, it is logical that, regardless of the procedural vehicle employed is a bench trial or a jury trial, a court must decide whether what constitutes a LUTPA violation. This does not deprive a litigant of the right to trial by jury when LUTPA claims are asserted.

For these reasons, this Court finds that the defendants are entitled to a jury trial with regard to the plaintiff's LUTPA claim, and the plaintiff's motion to strike the jury with regard to the plaintiff's LUTPA claim and/or bifurcate the trial with regard to the LUTPA claim is, therefore, DENIED.

---

[3] See, e.g., *Levine v. First Nat'l Bank of Commerce*, 2006-0394 (La. 12/15/06), 948 So.2d 1051; *Frank's Casing Crew & Rental Tools, Inc.*, 2008-640 (La. App. 3 Cir. 02/18/09), 6 So.3d 298, *writ denied*, 2009-0664 (La. 05/15/09), 8 So.3d 585; *Harris v. Poche*, 2005-0664 (La. App. 4 Cir. 04/12/06), 930 So.2d 165, *writ denied*, 2006-1113 (La. 10/06/06), 938 So.2d 74; *Kimball v. Anesthesia Specialists of Baton Rouge, Inc.*, 2000-1954 (La. App. 1 Cir. 09/28/01), 809 So.2d 405, *writ denied*, 2001-3316 (La. 03/08/02), 811 So.2d 883, *writ denied*, 2001-3355 (La. 03/08/02), 811 So.2d 886; *SDT Industries, Inc. v. Leeper*, 34,655 (La. App. 2 Cir. 06/28/01), 793 So.2d 327, *writ denied*, 2001-2558 (La. 12/7/01), 803 So.2d 973; *Boncosky Services, Inc. v. Lampo*, 1998-2239 (La. App. 1 Cir. 11/05/99), 751 So.2d 278, *writ denied*, 2000-0322 (La. 03/24/00), 758 So.2d 798; *Barbe v. A.A. Harmon & Co.*, 1994-2423 (La. App. 4 Cir. 01/07/98), 705 So.2d 1210, *writ denied*, 1998-0526 and 1998-0529 (La. 05/15/98), 719 So.2d 462.

[4] See, e.g., *Laurents v. Louisiana Mobile Homes, Inc.*, 689 S.2d 536, 542 (La. App. 3 Cir. 02/05/97) ("it is left up to the courts to determine what constitutes unfair trade practices"); *Gautreau v. Southern Milk Sales, Inc.*, 509 So.2d 495, 497 (La. App. 3 Cir. 1987) ("[w]hat constitutes unfair trade practices is left up to the courts"); *Capitol House Preservation Co. v. Perryman Consultants, Inc.*, 1998-1514 (La. App. 1 Cir. 12/10/98), 725 So.2d 523, 529 ("courts decide what constitutes an unfair trade practice"); *Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc.*, 94-547 (La. App. 5 Cir. 02/15/95), 652 So.2d 44, 48 ("courts decide what constitutes unfair trade practices.")

[5] *Williams v. Kushner*, 449 So.2d 455, 457 (La. 1984).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff filed a motion for summary judgment with regard to its LUTPA claim, specifically requesting that this Court "(1) enter judgment that Defendants violated the Louisiana Unfair Trade Practices and Consumer Protection Law as a matter of law by making false and misleading statements regarding the prescription drug Risperdal and (2) impose a civil penalty for each such violation."

Under Louisiana law, a motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law.[6] A "genuine issue" is the same as a "triable issue;" it is an issue upon which reasonable persons could disagree.[7] A fact is material if its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute.[8]

As noted previously, LUTPA broadly proscribes "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce,"[9] requiring that Louisiana courts make a case-by-case determination of what constitutes an unfair trade practice.[10] Therefore, to resolve the plaintiff's LUTPA claim, this Court must determine whether any actions by the defendants violate the statute. Even if this Court were to find that there were no genuinely disputed issues of material fact concerning the defendants' actions, this Court finds that reasonable minds could disagree, in light of the evidence presented thus far, with regard to the defendants' motivations and intentions for those actions as well as with regard to the effects of the defendants' actions. Thus, this Court finds that, because reasonable minds could disagree, there are several genuinely disputed issues of material fact remaining to be resolved with regard to motivation, intent, and effect.

---

[6] Louisiana Code of Civil Procedure Article 966.

[7] *King v. Parish National Bank*, 2004-0337 (La. 10/19/04), 885 So.2d 540, 546.

[8] *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La. 7/5/94), 639 So. 2d 730, 751; *Penalber v. Blount*, 550 So. 2d 577, 583 (La. 1989).

[9] La. R.S. 51:1405.

[10] See, Footnote 4, supra.

Judgment in favor of plaintiff cannot be rendered, as a matter of law, as well. As a result, plaintiff's motion for summary judgment is DENIED.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendants filed a motion for summary judgment, in which they advanced four bases for seeking to have certain of the plaintiff's claims dismissed. First, the defendants seek dismissal of the plaintiff's negligence, fraud, and redhibition claims as well as their claims for violation of the Medical Assistance Programs Integrity Law ("MAPIL"), La. R.S. 46:438.2, and for violation of LUTPA, based on the theory that the plaintiff cannot demonstrate that its alleged damages were caused by the defendants' allegedly wrongful conduct because the plaintiff intends to use statistical evidence to prove causation. Second, the defendants argue that they are entitled to summary judgment on an estoppel basis because there is no genuine factual dispute concerning whether or what price plaintiff would have paid for Risperdal had it always known the information it contends was withheld from it. Third, the defendants seek dismissal of all of the plaintiff's claims on the basis that they are precluded by the exclusivity provision of the Louisiana Products Liability Act ("LPLA), La. R.S. 9:2800.51, *et seq*. Fourth, the defendants seek dismissal of the plaintiff's claim for civil penalties under LUTPA, on the basis that such penalties can be assessed only against a defendant for conduct occurring after June 2, 2006. Finally, the defendants seek summary dismissal of the plaintiff's accounting claim, arguing that Louisiana law does not permit a cause of action purely to obtain discovery and further arguing that substantial discovery has already been conducted in this lawsuit.

### 1. PROOF OF CAUSATION

In support of their motion for summary judgment as to all claims asserted by the plaintiff in this lawsuit, the defendants argue that the plaintiff cannot sustain its burden of proof on the issue of causation, a necessary element of each of the plaintiff's claims, because the plaintiffs are seeking to prove causation through the presentation of an aggregate statistical evidence articulated by its expert witnesses rather than through the presentation of individualized proof.

As a threshold matter, this Court makes the following observations:

- It is well-settled that aggregate or statistical evidence may be used – and is commonly used – for the purpose of proving damages in civil litigation.

- It is well-settled that aggregate or statistical evidence may be used to prove causation in criminal cases and in SEC matters.

- The proliferation of lawsuits, in various jurisdictions across the country, presenting factual allegations and claims similar to those presented in this suit, is causing legal scholars, judges, and juries to grapple with issues related to the theoretical and practical applicability of the use of aggregate and statistical evidence to prove causation.

- I share the concern that Judge Jack Weinstein articulated when he said, with reference to class certification of a lawsuit presenting issues very similar to those presented in this suit, that, "[i]ndividual litigation would constitute a waste of resources of the courts and the parties."[11]

- I am concerned about the scope of the allegations made by the plaintiff in this lawsuit concerning an allegedly widespread and pervasive scheme by the defendants to mislead health care providers about the efficacy and recommended uses of Risperdal. So many prescriptions for this drug were written, and for so many different uses, that it would be virtually impossible for our judicial system, as is currently exists, to physically and logistically litigate the enormous number of claims if statistical evidence of causation is not permitted. If the plaintiff is ultimately able to prove the pervasiveness of the alleged misrepresentations, it might be unfair to fail to litigate the plaintiff's claims simply because it would take so much in terms of human and financial resources to try the causation phase of the trial.

- Precluding the use of aggregate or statistical proof of causation in a case such as this one, in which there are allegations of pervasive and widespread deception of the public and their health care providers, might be a death knell for this type of litigation. Without the use of aggregate proof, this litigation could result in thousands of individual trials with overlap in scope, issues, testimony, and experts,

---

[11] *In Re Zyprexa Products Liability Litigation*, 253 FRD 69, 199 (E.D. N.Y. 2008) ("the Zyprexa Third-Party Payors litigation").

-6-

while permitting aggregate proof of causation might afford an efficient and manageable means of litigating this matter.

Therefore, as a practical matter, and in order to assure that the plaintiff is afforded its day in court, this Court must decide whether this is the type of lawsuit where aggregate or statistical proof of causation should be allowed.

This Court finds that the claims asserted by the Mississippi Attorney General in the suit styled *Jim Hood, Attorney General of the State of Mississippi v. Eli Lilly & Co.*, Docket No. 04-MD-1596, United States District Court, Eastern District of New York, and the claims asserted by the plaintiffs in this lawsuit are strikingly similar, and this Court finds that the decision rendered in *Hood* is sound, well-reasoned, and applicable to the issues raised in the defendants' motion for summary judgment, which seeks dismissal of the plaintiff's claims because the plaintiff intends to prove causation through the use of aggregate statistical evidence.

In the *Hood* decision, Judge Weinstein reviewed the jurisprudence concerning the use of aggregate evidence, and the *Hood* decision is incorporated herein as though copied in full. In particular, Judge Weinstein acknowledged that numerous decisions have held "that issues of reliance, loss-causation, and injury are inappropriate for aggregation, due to the need to prove these elements on an individualized basis for each victim or injured party."[12] He also acknowledged that some recent attempts to overcome the individualized proof requirement through expert analyses using advanced statistical methods have been rejected by some courts.[13] Judge Weinstein's thorough analysis of the jurisprudence led him to conclude that "this large body of case law constitutes a now widely held view of aggregate litigation, particularly in the products liability or fraud context, that statistical proof is in most instances insufficient to show reliance, loss-causation, or injury on the part of individual class members or claimants."[14] Judge Weinstein called this prevailing view "the Individualized Proof Rule."[15] But Judge Weinstein, in his detailed and well-reasoned opinion in *Hood*, also noted that "this view is far from universal."[16]

---

[12] *Hood* at 65.

[13] *Hood* at 66.

[14] *Hood* at 66.

[15] *Hood* at 66.

[16] *Hood* at 66.

In the suit brought by a class of Zyprexa Third-Party Payors, styled *In Re Zyprexa Products Liability Litigation*, reported at 253 FRD 69 (Eastern District of New York 2008), the Individualized Proof Rule was found to be inapplicable because all payors paid the allegedly inflated price for Zyprexa.[17] In the *Hood* decision, Judge Weinstein reached a consistent conclusion and carved out a particular species of claim that he determined can be proven by aggregate statistical evidence. He said this:

> The Individualized Proof Rule, in general, bars the generalized or aggregate proof outside of the securities fraud context to establish reliance, loss causation, or injury. The Third-Party Payors certification decision found that the Individualized Proof Rule did not apply where aggregate proof was used to establish an inflated price and resulting damages. An inflated price is paid by, and is detrimental to, all market participants, regardless of their knowledge or individual circumstances, obviating the need for separate proof with respect to each individual participant.[18]

He then explained that, in applying that same analysis to the claims asserted by the Mississippi Attorney General, in a case remarkably similar to this one, the exception to the Individualized Proof Rule articulated in the Third Party Payors' Zyprexa case would apply to Mississippi's consumer fraud act, negligence, and fraud claims -- to the extent that the Attorney General was seeking to recover the difference between the value received by Zyprexa patients and the market priced of Zyprexa that was reimbursed by the State of Mississippi to the drug purchasers.[19]

This Court finds that Judge Weinstein's analysis of the Individualized Proof Rule is sound and well-reasoned and further finds that Judge Weinstein's analysis concerning the applicability of the Individualized Proof Rule to the claims asserted in *Hood* is equally applicable to the claims asserted in this lawsuit. Consequently, this Court adopts the reasoning of *Hood*[20] and holds that the Individualized Proof Rule is not applicable to the plaintiff's redhibition, fraud, negligence, LUTPA, and MAPIL claims to the extent that the plaintiff is seeking to recover the difference between the

---

[17] *Hood* at 93, citing *Zyprexa* at 194-195.

[18] *Hood* at 96.

[19] *Hood* at 96.

[20] See, *Hood* at 93 ("the Third-Party Payors' claims were allowed by the trial court to proceed only on the basis of the difference between the actual value of Zyprexa to patients and a uniform, inflated price paid by all purchasers.) See, also, *Hood* at 96 ("the Third-Party Payors' exception to the Individualized Proof Rule would apply to Mississippi's CPA, fraud, and negligence claims, insofar as they seek to recover the difference between the value received by Zyprexa patients and the market price of Zyprexa reimbursed by the State.")

price charged by the defendants for Risperdal and the actual value of Risperdal to the patients for whom it was prescribed but does apply to those claims in all other respects. This Court further finds that the model for aggregate statistical proof of causation in this case, which is set forth in the reports of the plaintiff's expert witnesses is a valid model which, if presented at the trial of this matter and credited by the jury, will likely provide an aggregate statistical basis for proving causation of the plaintiff's claims. Consequently, the defendants' motion for summary judgment seeking dismissal of the plaintiff's redhibition, fraud, negligence, LUTPA, and MAPIL claims is GRANTED IN PART AND DENIED IN PART. The motion is DENIED to the extent that the plaintiff is seeking to recover the difference between the price charged by the defendants for Risperdal and the actual value of Risperdal to the patients for whom it, and it is GRANTED in all other respects.

Additionally, with regard to the defendants' motion for summary judgment on the plaintiff's MAPIL claim, this Court is guided by *State of West Virginia ex rel. Darrell V. McGraw, Jr., Attorney General vs. Johnson & Johnson et al.*, Civil Action No. 04-C-156, Circuit Court of Brooke County, West Virginia, which did not apply an aggregate proof theory with regard to violation of a West Virginia statute similar to MAPIL but, instead, "for the purposes of determining an appropriate civil penalty, the Court concludes as a matter of law that whenever false or misleading promotional materials that concern health is delivered to the public, or its healthcare providers, that such promotional materials in and of itself cause harm and injury."[21] In accordance with the *McGraw* decision, this Court finds that the analysis set forth in *Hood* is inapplicable to the plaintiff's MAPIL claim, as proof of delivery to the public or to healthcare providers of false or misleading promotional materials concerning Risperdal may be used by the plaintiff in an attempt to establish a MAPIL claim. This Court further finds that genuine issues of material fact exist, which preclude the entry of summary judgment on the plaintiff's MAPIL claim at this time. For these reasons, to the extent that the defendants' motion for summary judgment seeks dismissal of the plaintiff's MAPIL claim because the plaintiff intends to use aggregate statistical evidence to prove its claims, the defendants' motion is DENIED.

---

[21] *McGraw* at 63.

2. **ESTOPPEL**

The defendants posit an estoppel theory in support of their motion for summary judgment, arguing that the State's failure to curtail Risperdal prescriptions after learning of the defendants' allegedly deceitful marketing practices makes it impossible for the State to prove that, but for the defendants' allegedly wrongful conduction, it would not have paid what it did for Risperdal. This argument relies upon the establishment of numerous facts, which are disputed by the parties.

This Court finds that genuine issues of material fact exist, which preclude the entry of summary judgment on the plaintiff's LUTPA claim at this time. For that reason, to the extent that the defendants' seek summary judgment with regard to the plaintiff's claims under an estoppel theory based on the State's actions, the defendants' motion for summary judgment is DENIED.

3. **LPLA EXCLUSIVITY**

Under the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq.* ("the LPLA"), "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product...."[22] Although it is an undisputed fact that the defendants in this lawsuit are the manufacturers of the prescription drug Risperdal, the plaintiff did not assert an LPLA claim in its fourth supplemental and amending petition. The plaintiff "does not contend that Risperdal is defective or that the drug should be removed from the market. Instead, Plaintiff complains that [the defendants] engaged in false, deceptive and misleading sales tactics to convince the medical community that Risperdal was a superior choice for treating both on-label and off-label conditions – in violation of FDA rules and regulations and the Louisiana Unfair Trade Practices Act."[23] Thus, the plaintiff is not seeking to recover damages caused by an unreasonably dangerous condition of the product itself.

The defendants contend, however, that the exclusivity provision set forth in the LPLA mandates summary dismissal of the plaintiff's claims. In essence, the defendants argue that the only

---

[22] La. R.S. 9:2800.54.

[23] Plaintiff's memorandum supporting its motion for summary judgment and opposing the defendants' motion for summary judgment, at 49.

-10-

cause of action available to a plaintiff against the manufacturer of a product is an action under the LPLA. This is a much too restrictive reading of the LPLA.

The LPLA "establishes the exclusive theories of liability for manufacturers for damage *caused by their products*. A claimant may not recover from a manufacturer *for damage caused by a product* on the basis of any theory of liability that is not set forth in this Chapter."[24] But the plaintiff is not seeking to recover damages caused by the product. The plaintiff is seeking to recover damages allegedly caused by the conduct of the product's manufacturer in marketing the product. This is a critical distinction.

Because the plaintiff is not seeking to recover from the defendants for damages caused by an unreasonably dangerous condition of Risperdal, this Court finds that the LPLA's exclusivity provision is not triggered. For that reason, the defendants' motion for summary judgment based on the LPLA's exclusivity provision is DENIED.

### 4. LUTPA CIVIL PENALTIES

The defendants seek dismissal of the plaintiff's LUTPA claim, to the extent of that the plaintiff seeks to recover civil penalties under La. R.S. 51:1407(B). In 2006, LUTPA was amended to permit the recovery of civil penalties upon proof of a LUTPA violation.[25] This was a substantive change in the law, which can be applied prospectively only.[26] The defendants' alleged wrongdoing, on which this lawsuit is based, predates 2006. Therefore, to the extent that the defendants' motion for summary judgment seeks to preclude the imposition of civil penalties under LUTPA, the motion is GRANTED.

### 5. THE ACCOUNTING CLAIM

In Paragraphs 74 and 75 of its fourth supplemental and amending petition, the plaintiff articulated a cause of action seeking an accounting from the defendants "of the State Medicaid funds

---

[24] La. R.S. 9:2800.52 [emphasis added].

[25] La. R.S. 51:1407(B).

[26] La. R.S. 1:2; Louisiana Civil Code Article 6; *Sher v. Lafayette Ins. Co.* 2007-2441 (La. 04/08/08), 988 So.2d 186, 201 (increase in statutory penalty from 25% to 50% of damages held a substantive change in the law that can be applied prospectively only).

-11-

obtained by Defendants as payment for Risperdal prescriptions filled by State Medicaid recipients"[27] and requesting that the accounting provide certain specific detail expressly listed in the petition.[28] The defendants filed a motion for summary judgment, seeking dismissal of the plaintiff's accounting claim, arguing, first, that Louisiana law affords no statutory basis for such a claim and, second, that the plaintiff's request for an accounting has been subsumed within the massive discovery requests and responses already had in this litigation.

This Court finds that the plaintiff's cause of action for an accounting is, in essence, a discovery request and further finds that thousands of documents have been produced by the defendants over the course of this litigation. To the extent that the plaintiff attempted to couch this discovery request as a separate cause of action, this Court finds that there is no valid basis for the cause of action, and the defendants' motion for summary judgment is GRANTED.

However, this Court also cautions the parties that, if there are discovery requests that remain outstanding, this Court will, of course, entertain any appropriate and timely motions to compel discovery that a party might file.

## DEFENDANT'S MOTIONS IN LIMINE REGARDING THE PLAINTIFF'S EXPERT WITNESSES

The defendants filed two motions *in limine*, seeking to preclude or limit the testimony of the plaintiff's expert witnesses at trial. More particularly, the defendants seek to exclude the testimony of the plaintiff's statistical experts, Meredith Rosenthal, Raymond Hartman, James Griffin, and Glenn Harrison; and they seek to either exclude or limit the testimony of the plaintiff's non-statistical experts, John D. Abramson, Laura M. Plunkett, Mordecai N. Potash, Peter Rost, Lon S. Schneider, and William C. Wirshing.

This Court has reviewed the qualifications of the expert witnesses identified by the plaintiffs and has concluded that all of the plaintiff's experts will likely qualify as experts in their respective fields if called upon to testify at the trial of this matter. The arguments presented by the defendants in their motions *in limine*, seeking to preclude or limit the trial testimony of the plaintiff's experts, are unpersuasive. Upon qualification as an expert in a particular field, each of the plaintiff's experts

---

[27]  Plaintiff's fourth supplemental and amending petition, at ¶ 74.

[28]  Plaintiff's fourth supplemental and amending petition, at ¶ 75.

will be allowed to testify at the trial of this matter to the extent that his or her testimony falls within the particular area of expertise in which each such expert is qualified, subject to objection by the defendants on a question-by-question basis. No expert will be allowed to give specific opinions with regard to the defendants or the defendants' personnel concerning motivation, intent, or character. Further, no expert will be allowed to give any opinion that is not supported by underlying, generally accepted scientific theory. Thus, the parties are cautioned that no expert witness duly qualified to testify at the trial of this matter will be permitted by this Court to testify in a way that exceeds the scope of the witness's qualifications or expertise or in a way that invades the province of the jury.

Accordingly, the defendants' motions *in limine*, which seek to preclude or limit the trial testimony of the plaintiff's expert witnesses are DENIED.

It is further ordered that defendant prepare judgments in accord with these reasons within three (3) days. Judgment to be forwarded to the Court and simultaneously to plaintiff's counsel, where plaintiff will have three (3) days to object to substance or form. Cost as to Motion to Strike Jury are cast against State of Louisiana. Cost as to plaintiff's Motion for Summary Judgment are cast against State of Louisiana. Cost as to defendant's Motion for Summary Judgment are cast against State of Louisiana. Cost as to Motions *in limine* are cast against defendant.

Judgment to be submitted accordingly.

Signed this 7th day of January, 2010 in Opelousas, Louisiana.

JUDGE DONALD W. HEBERT
27TH JUDICIAL DISTRICT COURT