# Exhibit 12

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************

 4   IN RE:  VIOXX PRODUCTS
             LIABILITY LITIGATION
 5                                    MDL DOCKET NO. 1657
                                      NEW ORLEANS, LOUISIANA
 6                                    THURSDAY, JULY 6, 2006, 5:30 P.M.

 7   ****************************************************

 8
                         TRANSCRIPT OF MOTIONS HEARING
 9                HEARD BEFORE THE HONORABLE ELDON E. FALLON
                         UNITED STATES DISTRICT JUDGE
10

11
     APPEARANCES:
12
     FOR THE PLAINTIFF:       HERMAN HERMAN KATZ & COTLAR
13                            BY:  RUSS M. HERMAN, ESQUIRE
                              201 ST. CHARLES AVENUE, SUITE 4310
14                            NEW ORLEANS, LA 70170

15
                              BEASLEY ALLEN CROW METHVIN
16                            PORTIS & MILES
                              BY:  ANDY D. BIRCHFELD, JR., ESQUIRE
17                                 P. LEIGH O'DELL, ESQUIRE
                              234 COMMERCE STREET
18                            POST OFFICE BOX 4160
                              MONTGOMERY, ALABAMA 36103
19

20                            ROBINSON CALCAGNIE & ROBINSON
                              BY:  MARK P. ROBINSON, JR., ESQUIRE
21                            620 NEWPORT CENTER DRIVE, 7TH FLOOR
                              NEWPORT BEACH CA  92660
22

23                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                              BY:  DONALD C. ARBITBLIT, ESQUIRE
24                            EMBARCADERO CENTER WEST
                              275 BATTERY STREET, SUITE 3000
25                            SAN FRANCISCO, CA  94111-3339
```

1  Mr. Arbitblit said were really critically important and show why
2  this would be improper as rebuttal testimony. Here is what they
3  are worried about. Rebuttal testimony is supposed to rebut
4  something that our expert is saying. What they are worried about
5  is rebutting our cross-examination of their expert. But what
6  they said is when we cross-examine Dr. Farquhar and we said,
7  Dr. Farquhar, you're relying on Dr. Jewell, but you haven't
8  checked his work, they want a rebuttal expert to come in, not to
9  rebut something that our expert said, but to rebut a gap that
10 they had in their other expert. And rule, the federal rule on
11 rebuttal experts, 26(a)(2)(C), says that rebuttal reports contain
12 information, "intended solely to contradict or rebut evidence on
13 the same subject matter identified by another party under
14 paragraph 2 as," and then it goes on as expert testimony.
15         So, this isn't even real life rebuttal. And it is
16 prejudicial that late in the game, having declined our invitation
17 to let us take Jewell's deposition, they then try to turn him
18 into a testifying expert. And we are prejudiced by that,
19 Your Honor. It is untimely. And the notion that, well, the
20 order can be read to contemplate brand-new rebuttal experts, that
21 just doesn't make any sense in terms of the real-life schedule.
22         THE COURT: I understand the issue. I'm going to deny
23 the motion to designate an additional expert, Nicholas Jewell, as
24 a biostatistician and professor at the University of California
25 at Berkeley. I think it comes too late. It's prejudicial. And

1  I do think it's, I think that the 703 will allow Dr. Farquhar to
2  explain that situation and deal with it. I don't see this even
3  as a rebuttal expert. In any event, I feel it comes too late.
4     Okay, what's the next motion we have to deal with? I
5  understand that Bryan, that's been worked out.
6     MR. BECK: That we submitted on papers, Your Honor.
7     THE COURT: I thought that was agreed on.
8     MR. GOLDMAN: Flavahan was agreed upon. We withdrew
9  drew our motion on Farquhar. They withdrew theirs on Flavahan.
10 I think the only Daubert motion left is Bryan.
11    THE COURT: I have before me the plaintiffs' proposal to
12 call by deposition Dr. Curtis Bryan, the surgeon who performed
13 heart surgery on Gerald Barnett. The plaintiff took his
14 deposition and the defendant cross-examined the doctor. The
15 plaintiff seeks to exclude certain portions of Dr. Bryan's
16 deposition on the grounds that the defendant seeks to use
17 Dr. Bryan as an expert and they have not been given a report.
18 And two, Dr. Bryan cannot satisfy Daubert as to certain areas
19 covered by the defendant. Basically what the motions --
20    MR. ROBINSON: Your Honor, maybe if the Court, maybe if
21 you haven't really read my reply brief, the most recent brief --
22    THE COURT: I didn't.
23    MR. ROBINSON: I really think maybe we should put this
24 off until tomorrow because I think that that says, if you haven't
25 had a chance to read it, then maybe we could do that tomorrow.