**MINUTE ENTRY**
**FALLON, J.**
**FEBRUARY 26, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION "L"** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 54 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript.  A summary of the monthly status conference follows.

I.      SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information

1

JS10(00:55)

regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full

text of the Master Settlement Agreement and exhibits, together with registration and enrollment

forms and instructions can be found at Claims Administrator's website at

www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its email

address, claimsadmin@browngreer.com.. Further information regarding the settlement

program is available at the website sponsored by the MDL Plaintiffs' Steering Committee:

http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement

Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and

Treasury Regulations §1.468B-1, et seq. By Order entered February 11, 2009, the Court granted

the motion. U.S. Bank requested an amendment to the Escrow Agreement and the amendment

has been agreed to by the parties.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving

future evidence stipulations pursuant to the Vioxx Resolution Program. The Order applies to all

plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the

Settlement Program, but who have submitted a future evidence stipulation to the Claims

Administrator. A copy of Pre-Trial Order No. 43 is posted on the Court's website,

http://vioxx.laed.uscourts.gov.

II. THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have

submitted claims for enrollment. BrownGreer, the Claims Administrator appointed under the

Agreement, gave a report report on the status of the Program at the monthly status conference.

Subsequent to the August 20, 2008 monthly status conference and at the request

of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants

regarding the importance of frequently checking the Claims Administrator's Vioxx Portal

website, as any notice posted to the site constitutes valid notice to the attorney and triggers any

relevant deadlines for response or appeal. The notice is posted on the Court's website,

http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the

Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective

Order to govern the use of information relating to claims under federal Medicare and/or

state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm

reported on the lien administration process. Additionally, the Lien Administrator has established

a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third

Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien

obligations owed by privately funded or privately insured eligible claimants in the Vioxx

Settlement Program to private insurers and self-funded private health plans.  On November 2,

2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution

Administrator to Resolve Claims for all Probate and Bankruptcy-Related Cases. On December 3,

2009, the Court issued an Order establishing authority of the Lien Resolution Administrator to

resolve claims for all probate and bankruptcy related cases.

IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program. At the monthly status conference, Special Master Juneau reported on the appeal process.  The Special Master convened a hearing on January 21, 2010 and again on February 23, 2010 in connection with Article 10.4.2 of the Settlement Agreement pertaining to the claim of Velma Robinson.

V. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order.  The Court will set a hearing on this issue.

VI. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.

VII. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding

---

[1]Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.

4

*Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant

Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are

discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007

advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants

and tolling claimants have been in communication with PLC to discuss the Settlement Program.

Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of

Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana,

as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").

VIII. PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to

the PSC trial packages. The Trial Packages were presented to the Court previously for review.

IX. GOVERNMENT ACTIONS

A. Louisiana Attorney General Action

On August 12, 2009, the Court issued a Minute Entry setting trial in the Louisiana

AG case for April 12, 2010. On September 30, 2009, the Court issued Pre-Trial Order No. 53,

setting forth an amended case management schedule. Following a December 15, 2009

telephonic status conference, at the Court's direction, the parties agreed upon a revised schedule

that postpones various pretrial deadlines by approximately two weeks, without changing the

April 12, 2010 trial date. A Second Amended Pre-Trial Order No. 53 was entered by the Court

on January 7, 2010.

On February 17, 2010, Merck and Non-Party Dr. David R. Silvers filed a Motion

to Quash the Subpoena Duces Tecum served on Drug Research Services, Inc. Plaintiff's

opposition was filed on February 24, 2010. The motion was heard prior to the monthly status

conference on February 26, 2010.  A separate order will be issued.

Pursuant to Second Amended Pre-Trial Order No. 53, on February 19, 2010, the

parties filed numerous *Daubert* expert challenges. Oppositions are due on February 26, 2010,

and replies are due on March 5, 2010. All *Daubert* motions are noticed for hearing on March 12,

2010 at 9:00 a.m. The parties also filed Motions for Summary Judgment on February 19, 2010.

Oppositions are due on March 9, 2010, and replies are due on March 16, 2010. Both motions are

noticed for hearing on March 23, 2010 at 9:00 a.m. following the Vioxx monthly status

conference.

B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged

formal master discovery requests on June 5, 2009 and served written objections and responses

thereto on August 5, 2009. Document productions in these Government Actions have begun and

continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case

Management Committee and Merck's counsel have participated in several meet-and-confers to

discuss master discovery in these cases, and they continue to engage in good faith discussions

regarding same. The parties exchanged respective lists of claimed outstanding discovery

issues pertaining to the remaining Government Actions pending in the MDL and participated

in a meet-and-confer on February 24-25, 2010 to discuss the respect lists and other issues

relating to these cases.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied

onto hard drives the documents produced by Merck and third parties.

6

Merck filed a Motion for Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 15, 2009 against James Franklin, on behalf of the State of Colorado. Franklin filed Plaintiff's Verified Response to Defendant's Motion For Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 29, 2009. On October 10, 2009, Franklin filed Plaintiff's Notice of Supplemental Authority In support of his Verified Response to Defendant's Motion for Order to Show Cause why Plaintiff's Complaint should not be Dismissed. This motion is noticed for hearing on March 10, 2010.

X. PENDING PERSONAL INJURY CASES IN WHICH LONE PINE EXPERT REPORTS HAVE BEEN SERVED

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

XI. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and

explain their request for an entitlement to common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument. Numerous objections were filed with the Court.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court. On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award. This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement. On October 2, 2009, the Vioxx Litigation Consortium filed a Petition for Writ of Mandamus, United States Court of Appeals for the Fifth Circuit seeking to vacate PTOs 49 and 50 and to release from escrow all funds being held from the Consortium pursuant

8

to PTOs 49 and 50. Responses were filed prior to October 27, 2009. The appeals to the United

States Court of Appeals for the Fifth Circuit regarding the disputed portion of attorneys fees

have been voluntarily dismissed (Rec. Doc. Nos. 32158 and 32297).

The Vioxx Litigation Consortium filed a Motion for Expedited Hearing of the

Vioxx Litigation Consortium's Motion to Clarify, or in the Alternative, Reconsider Pre-Trial

Orders 49 and 50. The matter was heard immediately following the monthly status conference

on January 7, 2010.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion

for Extension of Time (re: Pre-Trial Order 6(D)). On February 2, 2009, the Court granted an

Order extending the deadline until further order of the Court.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed

with discovery in connection with the motion. PLC advised Mr. Miller that the matter would be

addressed with the Court and that such a request was premature, not necessary or appropriate,

and that if the Court determined that discovery was appropriate that a scheduling order would be

necessary. On February 27, 2009, PLC filed a response in opposition to the motion. On

September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as

Liaison Counsel for common benefit fee application objectors and directed him to meet and

confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule. Mr.

Stratton subsequently filed a Motion for a Discovery/Briefing Scheduling Relating to the

Common Benefit Fee Application Objections. On November 18, 2009, a status conference was

held to discuss the motion. At the status conference, the Court denied the motion as premature,

indicating that it will await ruling from the United States Court of Appeals for the Fifth Circuit

on two issues presently pending before it that may have some significant impact on the issues raised by the motion.

On January 27, 2010, the Court issued an Order directing representatives of the common Benefit Fee Applicants and Liaison Counsel for the Objectors to meet and confer in an attempt to agree upon an appropriate discovery and briefing schedule. Pursuant to that Order, a Joint Submission was filed with the Court on February 19, 2010 setting forth competing proposed discovery protocols.

## XII. MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs. The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment. On December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic ("the Clinic") to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest. On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings. On January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus

and stay. On January 30, 2009, the Court issued an Order advising that in the near future, the
Court would schedule a status conference with representatives of the Vioxx Litigation
Consortium and the Tulane Civil Litigation Clinic and that the Court would set a briefing and
argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and
further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30,
2009 Order to their clients who have enrolled in the Settlement. In accordance with the Order,
on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that
the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

      The Vioxx Litigation Consortium's Motion for Reconsideration came on for
hearing on April 7, 2009. By Order entered August 3, 3009, the Court granted in part and denied
in part the motion. The Order upheld the capping of fees at 32% plus reasonable costs, but
allowed departure from the cap in extraordinary circumstances. The Vioxx Litigation
Consortium and various other law firms representing Vioxx claimants have filed Notices of
Appeal. Additionally, on August 13, 2009, the Vioxx Litigation Consortium moved for entry of
an order certifying the fee-capping order for interlocutory appeal or for issuance of a final
judgment pursuant to Rule 54(b), and for stay of the order. On August 18, 2009, the Court
denied the motion for expedited consideration. The Tulane Law Clinic filed an opposition to the
motion; the Vioxx Litigation Consortium filed a reply. The matter was deemed submitted on
September 9, 2009. The appeals to the United States Court of Appeals for the Fifth Circuit
regarding the disputed portion of attorneys fees have been voluntarily dismissed. (Rec. Doc.
Nos. 32158 and 32297).

XIII. MERCK'S MOTIONS AND RULES ON PTOs

A. PTO 28

Matters deferred from Merck's First and Second Renewed Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 and from Merck's Ninth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 was heard immediately following the monthly status conference on February 26, 2010. A separate order will be issued.

B. PTO 43

Matters deferred from Merck's First, Third, and Fourth Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 were heard immediately following the monthly status conference on February 26, 2010. A separate order will be issued.

C. PTO 31

Matters deferred from Merck & Co., Inc.'s Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 31 was heard immediately following the monthly status conference on February 26, 2010. A separate order will be issued. Additionally, Merck's Motions, Rules and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 31 (represented plaintiffs and *pro se* plaintiffs) filed on January 22, 2010 were heard immediately following the monthly status conference on February 26, 2010. A separate order will be issued.

XIV. OTHER MOTIONS

On February 6, 2009, *pro se* plaintiff Stanley Bethea filed a Notice of Removal

stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on

February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global

Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of

a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and

Benjamin motions and filed an opposition to the *Bethea* motion. The motions have been taken

under advisement by the Court.

Several motions pertaining to Vioxx claimant, Gene Weeks, were argued on

January 27, 2010. By Order and Reasons entered February 18, 2010, the Court denied all

motions. (Rec. Doc. No. 34879).

XV. APPEALS

By *Per Curiam* dated February 2, 2010, the United States Court of Appeals for

the Fifth Circuit dismissed the appeal of *pro se* plaintiff Reginald K. Fears, No. 09-31007. By

*Per Curiam* dated February 8, 2010, the United States Court of Appeals for the Fifth Circuit

granted Merck's Motion to Dismiss for Lack of Jurisdiction the appeal of Debra Miller, 09-

21204. Certain other appeals from dismissals with prejudice remain pending with the Fifth

Circuit.

XVI. MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S

LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees

and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24,

2009, without oral argument, and further directed Liaison Counsel to work with the Claims

Administrator to develop an efficient method for resolving the liens or at least consenting to

holding any disputed funds in trust so that payments to claimants are not further delayed. On

August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted

liens against counsel fees. A copy of Pre-Trial Order No. 47 is posted on the Court's website,

http://vioxx.laed.uscourts.gov. On December 17, 2009, Pre-Trial Order No. 47A, which deals

with the establishment of a procedure for attempted liens for attorneys fees and expenses relating

to Vioxx Settlement payments, was entered by the Court.

## XVII. MERCK'S CHANGE OF NAME

On November 16, 2009, defendant Merck & Co., Inc. ("Former Merck") filed a

Notice of Name Change to notify the Court and all parties to MDL 05-1657 that, effective as of

November 4, 2009, it is now named Merck Sharp & Dohme Corp. This name change results

from Former Merck's merger with a Schering Plough Corporation subsidiary. In connection with

this merger, Former Merck has changed its name to Merck Sharp & Dohme Corp. and has

become a wholly owned subsidiary of the entity formerly known as Schering Plough

Corporation, which has been renamed Merck & Co., Inc.

Additionally, on November 17, 2009, the Court entered Pre-Trial Order No. 55

which orders that any and all stipulations of dismissal, orders, other pleadings or documents filed

in or related to this proceeding or to the Vioxx Resolution Program, and that refer to the entity

previously known as Merck & Co., Inc., *i.e.*, Former Merck, and that were executed or prepared

prior to the date of this Order, are hereby reformed to correctly reflect the new name of

defendant, Merck Sharp & Dohme Corp. and are valid and enforceable as if the new name of

defendant were set forth therein. A copy of Pre-Trial Order No. 55 is posted on the Court's

website, http://vioxx.laed.uscourts.gov.

XXII.   NEXT STATUS CONFERENCE

The next monthly status conference will be held on Tuesday, March 23, 2010, at 9:00

a.m., central time.  This conference will be held in the courtroom of Judge Eldon E. Fallon,

Room C-468.  Any interested persons unable to attend in person may listen-in via telephone at 1-

866-213-7163.  The access code will be 60379919 and the Chairperson will be Judge Fallon.

