UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br>VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>249 particular Vioxx claimants for whom<br>Sol H. Weiss is registered as primary counsel<br>with the Vioxx Claims Administrator<br><br>and<br><br>31 particular Vioxx claimants for whom<br>James C. Peterson is registered as primary<br>counsel with the Vioxx Claims Administrator | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

### CORRECTION AND CLARIFICATION OF THE RECORD REGARDING FEBRURARY 18, 2010, NOTICE OF HEARING RELATING TO TORISEVA FEE LIEN CLAIM

1. Correction

On February 18, 2009, the undersigned filed a notice that their supplemental motion to dismiss the Toriseva charging lien is set for hearing on March 24, 2010. A table setting out dates and events in that notice indicates that, when this motion was originally set for hearing in December 2009, the hearing was taken off the docket by a telephone message conveyed from the court's law clerk. This is incomplete and a disservice to the court that needs corrected by noting that the hearing was removed from the docket by a written court order entered on November 23, 2009, and stating:

> IT IS ORDERED that hearing on the Supplemental Motion to Dismiss Attorney's Charging Lien Filed on Behalf of Teresa Toriseva (Rec. Doc. 27172) shall be CONTINUED WITHOUT DATE pending resolution of the Motion to Amend/Correct Pretrial Order 47.

## 2. Clarification

### a. Two motions are pending and set for hearing on March 24, 2010

(1) The motion reset from December 2009, asking the court to dismiss the Fee Lien Notice identified above ("First Motion"), and

(2) New motion filed on March 3, 2010, to invalidate the Fee Lien under Pretrial Order 47A ("Second Motion").

### b. Differences in the two motions

The two motions seek similar results, but they are based on different grounds.

- **The First Motion addresses the original Notice of Attorney's Charging Lien ("Fee Lien") filed in September 2009.** The First Motion asks the court to dismiss the Fee Lien on three grounds:

1. the lien notice does not present this court with a justiciable controversy;

2. the relief requested in the lien notice cannot be granted without violating Due Process; and

3. the lien notice does not allege sufficient facts to state a claim upon which relief can be granted.

The Claims Administrator's decision made under Pretrial Order 47A is attached as Exhibit 1. It does not address grounds 1 and 2 above. With respect to ground 3, the Claims Administrator addressed some of the PTO 47A requirements relating to it, but, at least from the face of the decision, does not appear to have considered whether the Fee Lien "meets the specificity standards and contains the demand for relief required of a pleading under Fed.R.Civ.P 8(a)(1)," as required by PreTrial Order 47A.[1]

---

[1] PTO 47A specificity requirements:

Accordingly, with respect to the First Motion, the court is being asked to decide whether the Toriseva Fee Lien notice presents a justiciable controversy, whether the relief requested in it can be granted without violating Due Process, and whether it meets the specificity standards and contains the demand for relief required of a pleading under Fed.R.Civ.P 8(a)(1). The merits of the First Motion are addressed in a supporting brief, a response, and a reply filed before the original December 2009 hearing date.

- **The Second Motion addresses events in January and February 2010.** The Second Motion relates to events transpiring after the Claims Administrator's notice of deficiency was issued to Toriseva under Pretrial Order 47A on January 6, 2010. This notice gave Toriseva 21 days to file a restated Fee Lien or the original would become invalid pursuant to PreTrial Order 47A. The Second Motion asks the court to invalidate the Fee Lien on two grounds:

1. Toriseva failed to file a restated claim within the mandatory 21-day time for doing so; and

2. the restated Fee Lien claim should be stricken as a sanction for willful failure to file or serve the restated Fee Lien in accordance with this court's orders, rules, and

---

"A Fee Lien must meet the specificity standards and contain the demand for relief required of a pleading under Fed.R.Civ.P 8(a)(1) and shall *also* contain the following: (emphasis added)
(a) A statement indicating whether the claim is being asserted against:
   (1) the claimant, as a client or former client; or
   (2) other attorneys.
(b) If the claim is based on a written contract, a copy of the contract must be filed with the Fee Lien.
(c) If the claim is based on an oral contract, the Fee Lien must provide the following information:
   (1) the parties to the contract;
   (2) when and where the contract was made; and
(3) the terms of the contract, including the percentage of the fee being claimed.
(d) If a *quantum meruit* claim is being made, the Fee Lien must indicate whether the *quantum meruit* claim is exclusive or alternative to a contract claim.

procedures governing electronic filing and service in (a) all civil actions in the Eastern District of Louisiana generally and (b) the Vioxx MDL specifically.

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY PC
*sweiss@anapolschwartz.com*
1710 Spruce Street
Philadelphia PA 19103
215 735-1130 phone
215 735-2024 fax

James C. Peterson,
HILL, PETERSON, CARPER, BEE & DEITZLER PLLC
*jcpeterson@hpcbd.com*
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax

D. Andrew List
CLARK, PERDUE AND LIST LPA
*alist@clarkperdue.com*
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
*bhill@anapolschawartz.com*
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

by /s/ Barry Hill

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing CORRECTION AND CLARIFICATION OF THE RECORD REGARDING FEBRURARY 17, 2010, NOTICE OF HEARING RELATING TO TORISEVA FEE LIEN CLAIM has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, upon Avrum Levicoff, counsel for Toriseva, by email and regular mail, upon the Claims Administrator by email to Orran Brown, OBrown@browngreer.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on March 3, 2010.

_____
Barry Hill