## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
**VIOXX PRODUCTS LIABILITY LITIGATION**

**This document relates to:**

**249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator**

and

**31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator**

**MDL Docket No. 1657**

**SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

## MOTION TO INVALIDATE TORISEVA ATTORNEY FEE LIEN CLAIM AND ORDER THE CLAIMS ADMINISTRATOR TO RELEASE MONEY BEING WITHHELD BECAUSE OF THE CLAIM

### 1. Motion to invalidate the fee lien claim

The attorneys representing the 280 claimants whose award payments are subject to

a notice of attorney's charging lien filed in this MDL on behalf of Attorney Teresa

Toriseva ("Toriseva") move the court to invalidate the Toriseva lien notice on either or

both of the following grounds.

### a. Toriseva failed to file a restated claim within the mandatory time for doing so established by Pretrial Order 47A.

Pursuant to procedures established by Pretrial Order 47A entered on December 17,

2009 ("PTO 47A"), the Claims Administrator determined that the Toriseva charging lien

notice filed on September 18, 2009 ("Fee Lien"), is deficient for failure to state whether

the claim is based on contract, contract and quantum meruit, or quantum meruit only.

The Claims Administrator gave Toriseva's attorney notice of this determination electronically on January 6, 2010.

Under PTO 47A:

• Toriseva had 21 days from receipt of the Claims Administrator's January 6, 2010, notice to file a restated Fee Lien indicating whether the claim is based on contract, contract and quantum meruit, or quantum meruit only.

• Failure to file a restated Fee Lien within 21 days of the Claims Administrator's notice renders the Fee Lien invalid.

The last day in the 21-day period was January 27, 2010. The restated notice of attorney's charging lien was filed on February 4, 2010.[1]

**b. The restated Fee Lien claim should be stricken as a sanction for willful failure to file or serve the restated Fee Lien in accordance with this court's orders, rules, and procedures governing electronic filing and service in (a) all civil actions in the Eastern District of Louisiana generally and (b) the Vioxx MDL specifically.**

The court has inherent authority and authority under LR 83.2.8 to impose sanctions for failure to comply with its orders, rules, and procedures (collectively hereinafter "Mandatory Court Directives").  The restated Fee Lien was not filed or served as required by Mandatory Court Directives, and the willfulness of these defects is demonstrated both by their nature and their similarity to defective filing and service of previous documents.[2]

---

[1] The details of this filing are addressed in the accompanying memorandum in support of this motion.

[2] Mandatory Court Directives violated or disregarded: Vioxx MDL PTO 8B (electronic filing, LexisNexis File and Serve, and uniform certificate of service entered June 23, 2006), EDLA Notice pursuant to court order requiring electronic filing (published September 15, 2006 and effective January 1, 2007), EDLA Notice pursuant to court order requiring electronic filing (March 23, 2007), EDLA Administrative Procedures for Electronic Filing (October 2009), EDLA Notice pursuant to court order requiring electronic filing (October 19, 2009), LR 5.3 (Certificate of service), LR 83.2.8 (Familiarity with and Compliance with Rules), and LR 83.2.8.1E (Familiarity With the Record).

**2. Motion to order the Claims Administrator to release money being withheld because of the existence of the Toriseva Fee Lien**

Late filing of the restated Fee Lien and striking the restated Fee Lien both result in failure to file and serve a restated Fee Lien within the 21-day period for doing so under PTO 47A, which invalidates the Fee Lien and dissolves the basis for withholding payments from award recipients.

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY PC
sweiss@anapolschwartz.com
1710 Spruce Street
Philadelphia PA 19103
215 735-1130 phone
215 735-2024 fax

James C. Peterson,
HILL, PETERSON, CARPER, BEE & DEITZLER PLLC
jcpeterson@hpcbd.com
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax

D. Andrew List
CLARK, PERDUE AND LIST LPA
alist@clarkperdue.com
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

By _____
   Barry Hill

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MOTION INVALIDATE TORISEVA ATTORNEY FEE LIEN CLAIM AND ORDER THE CLAIMS ADMINISTRATOR TO RELEASE MONEY BEING WITHHELD BECAUSE OF THE CLAIM has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, upon Avrum Levicoff, counsel for Toriseva, by email and regular mail, upon the Claims Administrator by email to Orran Brown, OBrown@browngreer.com, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on March 3, 2010.

_____
   Barry Hill