UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY LITIGATION

This document relates to:

249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator

and

31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

**MEMORANDUM IN SUPPORT OF
MOTION TO INVALIDATE TORISEVA ATTORNEY FEE LIEN CLAIM
AND ORDER THE CLAIMS ADMINISTRATOR TO RELEASE
MONEY BEING WITHHELD BECAUSE OF THE CLAIM**

## 1. Court rules, orders, and procedures applicable to this motion[1]

### a. LR 83.2.8 (Familiarity with and Compliance with Rules):

"... every attorney permitted to practice in this court shall be familiar with these rules. Willful failure to comply with any of them, or a false certificate of compliance, shall be cause for such disciplinary action as the court may see fit, after notice and hearing."

### b. LR 83.2.8.1E (Familiarity with the Record):

"Counsel for a party in any civil matter in this court shall be familiar with the substance of all documents filed in the case and if the case is consolidated with one or more other cases, shall be familiar with the record of the consolidated cases. It is the responsibility of counsel representing a party joined in a case after its inception ... to become familiar with court orders ... previously filed in the record."

---

[1] The rules, orders, and procedures cited in this memorandum are, and have been since publication, posted on this court's website. Therefore: (1) they have been readily and conveniently available to anyone wishing or obligated to read them, and (2) they are not attached as exhibits.

- 1 -

c. **Vioxx MDL Pretrial Order 8B** ("Electronic Service," entered June 29, 2006):

• The parties will use LexisNexis File & Serve ("File & Serve") to provide electronic service.

• Within ten days of making an appearance, an attorney of record must sign up for electronic service by completing the application on the File & Serve website.

• In order to effect service of a document, the filing attorney must send the document to File & Serve electronically or by fax on the same day the document is filed with this court's clerk.

• File & Serve shall send an email to all registered users notifying them that the document has been posted to its website along with a hyperlink to the document.

• The following uniform certificate of service, which incorporates substantive requirements for serving documents, must be used.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing [DOCUMENT] has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of _____, 200[6].

d. **Notice** (regarding electronic filing) published by the clerk, United States District Court, Eastern District of Louisiana, at the court's direction on September 15, 2006: as of January 1, 2007, all documents other than those initiating a new case must be filed electronically.

e. **Notice** (regarding electronic filing) published by the clerk, United States District Court, Eastern District of Louisiana, at the court's direction on March 23, 2007:

- All documents other than those initiating a new case must be filed electronically

- Provides website address to register for electronic filing.

- "An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the court for an exemption. The application shall be in writing, filed with the clerk, and shall state the reason for the attorney's inability to comply."

f. **Administrative Procedures for Electronic Case Filing**, United States District Court, Eastern District of Louisiana (published October 2009):

### *Rule 1 – Scope of Electronic Filing*
"Except as expressly provided in these rules or as ordered by the court, and in exceptional circumstances preventing a Filing User from filing electronically, all pleadings and documents required to be filed with the court in a civil case must be electronically filed."

### *Rule 2 – Registration...*
"Attorneys... admitted pro hac vice...shall register as Filing Users of the court's Electronic Filing System..."

### *Rule 3 – Consequences of Electronic Filing*
"Electronic transmission of a document to the Electronic Filing System consistent with these rules, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes of the Federal Rules ... and the local rules ...and constitutes entry of the document on the docket... A document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the court. Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the court is located in order to be considered timely filed that day."

g. **Notice** (regarding electronic filing) published the clerk, United States District Court, Eastern District of Louisiana, at the court's direction on October 19, 2009:

"All documents filed in this court, except those specifically exempted, must be filed electronically..."

"An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the court for an exemption. The application shall be in writing, filed with the clerk, and shall state the reason for the attorney's inability to comply."

### h. Vioxx MDL Pretrial Order 47A (entered December 17, 2009):

"This Order applies to any Fee Lien submitted before the date of this Order that has not been resolved by agreement. If the Claims Administrator determines that any prior Fee Lien does not satisfy the requirements of Paragraph 3 of this Order, the Claims Administrator shall ... notify the Lien Claimant ... who shall have 21 days from such notice to withdraw the Fee Lien or re-state it in compliance with this Order...*If the Lien Claimant fails to respond within the 21-day period, the Fee Lien shall be invalid.*" (Paragraph 6) (Emphasis added)

### i. LR 5.3 (Certificate of Service)

Every pleading and every brief or memorandum filed in any proceeding in this court shall bear a certificate by the attorney...who files it that, *prior to filing, copies have been served on all parties or their attorneys...* (Emphasis added)

The foregoing rules, procedures, and orders are, from time-to-time hereinafter, referred to collectively as "Mandatory Court Directives."

## 2. Toriseva's counsel's document filing and service history in this litigation

Toriseva's counsel of record, Avrum Levicoff ("Levicoff") has generated four documents in the Vioxx MDL, and they are considered serially below.

### a. Document No. 1: Notice of Attorney's Charging Lien

The seminal document launching the Toriseva claim in this MDL is a Notice of Attorney's Charging Lien (hereinafter "Fee Lien"), signed by Levicoff, which was accepted by the clerk for filing on September 18, 2009.

The target of Toriseva's lien claim is Attorney Barry Hill ("Hill"), the owner of a law firm that existed from 2002 through 2008 and employed Toriseva from 2004 through March 2006. However, Levicoff was aware that the claimants against whose awards the

Fee Lien is asserted are represented by lawyers from three additional firms, as is apparent from the following quoted from an attachment to the Fee Lien.

> "As part of the process of developing Vioxx cases...Hill...entered into ...cooperative arrangements with other law firms including the Charleston, West Virginia firm of Hill, Peterson, Carper, Bee & Deitzler...the Ohio firm of Clark, Perdue, Arnold & Scott... and a Pennsylvania law firm called Anapol Schwartz... Under the terms of the cooperative arrangements, they agree to joint representation of any and all Vioxx plaintiffs who retained any of the cooperating law firms to represent them and to share equally...any attorney fees generated by such cases." (Exhibit 1)

Additionally, the identities of the individual lawyers at these firms and the nature of their interests were explained in detail in a supplemental motion to dismiss the Toriseva Fee Lien, served on Attorney Levicoff and filed November 17, 2009, with Sol H. Weiss, James C. Peterson, D. Andrew List, and Hill as signatories.[2]

---

[2] The first section of this motion identifies the "Parties on whose behalf this motion is brought" as:

    1. The 249 Vioxx Claimants for whom Sol H. Weiss of the law firm of Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley PC (Anapol Schwartz) is registered with the Claims Administrator as primary counsel and from whose awards money is being, or will be, withheld by the Claims Administrator, pursuant to PTO 47, as a result of the charging lien. These claimants' cases were filed as lawsuits in New Jersey state court, and they are represented by the law firms of Anapol Schwartz; Hill, Peterson, Carper, Bee & Deitzler PLLC (Hill Peterson); Clark, Perdue & List LPA (Clark Perdue); and Attorney Barry Hill (Hill).

    2. The 31 Vioxx Claimants for whom James C. Peterson of the Hill Peterson law firm is registered with the Claims Administrator as primary counsel and from whose awards money is being, or will be, withheld by the Claims Administrator, pursuant to PTO 47, as a result of the charging lien. These were MDL 1657 cases, either by transfer from another federal court or under MDL 1657 tolling agreements. These claimants are represented by Hill Peterson, Clark Perdue, and Hill.

    3. Anapol Schwartz on its own behalf, as attorneys with a fee interest in 249 of the awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

    4. Hill Peterson on its own behalf, as attorneys with a fee interest in the 280 awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

    5. Clark Perdue on its own behalf, as attorneys with a fee interest in the 280 awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

Levicoff mailed the Fee Lien to the clerk in paper format (Exhibit 2). The certificate of service filed with the notice (Exhibit 3) reads as follows.

> "I hereby certify that on September 14, 2009, I electronically filed the forgoing Notice of Attorney's Charging Lien with the Clerk of Court via first class U.S. mail (for filing with the Court and for entry upon CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com, which will send notification of such filing to the following CM/ECF participants."

(Nothing follows)

Comparison of this certificate with Mandatory Court Directives reveals striking deficiencies. This certificate:

• certifies something that is not true, *i.e.*, that the Fee Lien was filed electronically;

• deviates materially in form and substance from the requirements for service in Vioxx MDL PTO 8B quoted on page 2 above;

• ignores the requirement in PTO 8B to transmit documents to LexisNexis File and Serve for electronic service;

• does not reflect service on the affected claimants' attorneys;

• states an unfounded expectation that the clerk will perform the filer's duty to effect electronic service; and

• makes no sense in whatever it is attempting to indicate is expected from Liaison Counsel.

---

6. Hill on his own behalf, as an attorney with a fee interest in the 280 awards from which the Claims Administrator is, or will be, withholding money as a result of the charging lien pursuant to PTO 47.

The Fee Lien was not served through LexisNexis File and Serve, nor was it served on Hill, anyone at Hill Peterson, anyone at Clark Perdue, or anyone at Anapol Schwartz at any time, by anyone, by any means. (Affidavits attached as Exhibits 4, 5, 6, and 7, hereinafter referred to collectively as "Affidavits.") The attorneys for the affected claimants did not learn of the existence or filing of the Fee Lien until ten days after it was mailed to, and six days after it was received by, the clerk, when they received it as an attachment to a September 24, 2009, letter from the Claims Administrator (Affidavits and exhibits to the Weiss and Peterson affidavits).

### b. Document no. 2: Supplement to Notice of Charging Lien

Levicoff's certificate of service for this document:

> "I hereby certify that on October 16, 2009, I filed the foregoing Supplement to Notice of Charging Lien with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com.)" (Exhibit 8)

Comparison of this Levicoff certificate with Mandatory Court Directives again reveals marked deviations and deficiencies. This certificate:

• deviates materially in form and substance from the requirements for service in Vioxx MDL PTO 8B;

• ignores the requirement in PTO 8B to transmit documents to LexisNexis File and Serve for electronic service;

• does not reflect service on the affected claimants' attorneys; and

• states an unfounded expectation that the clerk will perform the filer's duty to effect electronic service.

This document was not served through LexisNexis File and Serve, nor was it served on anyone at Hill Peterson, Clark Perdue, or Anapol Schwartz at any time, by anyone, by any means. (Affidavits). Although not indicated in the certificate, this document was served by email on Hill (Exhibit 9).[3]

### c. Document No. 3: Motion to Adjourn Hearing

Levicoff's certificate of service for this document (Exhibit 10):

> "I hereby certify that on November 17, 2009, I filed the foregoing Motion to Adjourn Hearing with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com.) A hard copy has been mailed to Barry Hill, Esquire, Anapol Schwartz, 89 12th Street, Wheeling, West Virginia 26003."

Comparison of this Levicoff certificate with Mandatory Court Directives reveals the same type of deficiencies apparent in documents 1 and 2. Certificate no. 3:

• deviates materially in form and substance from the requirements for service in Vioxx MDL PTO 8B;

• ignores the requirement in PTO 8B to transmit documents to LexisNexis File and Serve for electronic service;

• does not reflect service on the affected claimants' attorneys other than Hill; and

• states an unfounded expectation that the clerk will perform the filer's duty to effect electronic service.

---

[3] One could perhaps make the argument that service of documents 2 and 3 on Hill constitutes service on Anapol Schwartz, because in January 2009, long after development of the facts underlying the Fee Lien claim, Hill joined the Anapol Schwartz firm. The movants will not argue this point, because it is a minor technicality that is not relevant to document 4, which is the focus of the motion, and which was served on no adverse counsel, and because the argument is unavailing as to failure to serve the Hill Peterson or Clark Perdue firms with any of the four documents.

This document was not served through LexisNexis File and Serve, nor was it served on anyone at Hill Peterson, anyone at Clark Perdue, or anyone at Anapol Schwartz at any time, by anyone, by any means. (Affidavits). It was served by regular mail on Hill.

### d. Document 4: Restated Notice of Attorney's Charging Lien

The Claims Administrator's notice of deficiency assessed pursuant to PTO 47A was transmitted electronically to Levicoff on January 6, 2010 (Exhibit 11). The 21-day period within which to file and serve a restated Fee Lien thus expired on January 27, 2010. After receiving nothing from Levicoff or through LexisNexis File and Serve in the 21-day period, Hill initiated the following series of email communications (Exhibit 12)

**Email 1.** January 27, 2010, from Hill to the Claims Administrator:

> "The 21-day period from the date of your January 6, 2010, notice within which to restate or withdraw this lien claim has expired."
>
> "None of us who represent the claimants whose awards have been affected by this lien claim has received anything from Toriseva, her attorney, you, LexisNexis File & Serve, or any other person or entity during the 21-day period relating to withdrawal or restatement of the lien claim. Therefore we assume nothing was submitted in this regard by Toriseva or her attorney."
>
> "'None of us' and 'we' as used in the preceding sentences includes Andy List, Jim Peterson, Greg Spizer, Sol Weiss, me, and everyone in our law firms."
>
> "Your January 6, 2009, notice says, 'If the Lien Claimant [Toriseva] fails to respond within 21 days, the attempted Fee Lien is rendered invalid.' This language in your notice comes directly from PTO 47A."
>
> "We ask that you take action in whatever form you deem appropriate to:
>
> 1. memorialize the invalidity of the Toriseva fee lien as of expiration of the 21-day period,
>
> 2. direct escrow agent US Bank to release all money that is currently being withheld on account of the Toriseva fee lien, and
>
> 3. ensure that the Toriseva fee lien does not attach to future award payments."

***Email 2.*** February 1, 2010, email from James Peterson to the Claims Administrator:

> "This is a follow up to my co-counsel's e-mail of Jan 28, 2010...inquiring whether funds have now been released on the Toriseva Lien which should have been declared invalid...on January 27, 2010 for failure to comply with the directives of PTO 47A, and whether all such retained fees by the CA were included in the Feb. payment or will be included in the March payment. We would appreciate some direct immediate response declaring the Lien invalid... and an affirmative statement as to when we can expect to receive payment on these retained funds."

***Email 3.*** February 2, 2010 email from the Claims Administrator to James Peterson, Andrew List, and Hill:

> "You are correct that the Toriseva lien should be considered invalid if no response was received by the Claims Administrator or the Court by 1/27/10. We are checking with our mail intake team to make sure that we have received no mailed responses that were submitted on or before 1/27/10. I will also check with Judge Fallon's clerk to make sure that they have not received any responses either. As soon as we can confirm that no responses from Toriseva to the PTO 47A Notice have been received, we will take steps to issue refunds for all affected claimants."

***Email 4.*** February 3, 2010, email from the Claims Administrator to James Peterson, Andrew List, Barry Hill, Sol Weiss, and Greg Spizer:

> "I talked to Judge Fallon's clerk, Jared, to see if they had received anything in this matter that had not been docketed yet. Yesterday, Jared faxed me the attached document ("Restated Notice of Attorney's Charging Lien"). It was filed by mail by Avrum Levicoff (counsel for Toriseva), and was received by the Court on 1/15/10. Jared said that he has given this document to the docket clerk, and they will be entering it into the record."

> "This Restated Notice addresses the procedural deficiency of the Toriseva Fee Lien that we identified in the PTO 47A Notice, as it indicates that the claim is based on quantum meruit, and is exclusive of any contractual claim. Thus, the Fee Lien now meets the procedural sufficiency requirements of PTO 47A, and we will need to continue to process this lien as we have thus far."

Unbeknown to the Claims Administrator and counsel for the claimants, Levicoff had mailed a Restated Fee Lien, certificate of service, and cover letter addressed to the

clerk of this court dated January 11, 2010. These documents are stamped "Received January 15 2010 Chambers of US District Judge Eldon E. Fallon" (Exhibit 13) and they were faxed by law clerk Jared Barnes to the Claims Administrator on February 2, 2010 (Exhibit 14).

Levicoff's certificate of service for the Restated Fee Lien (Exhibit 13, p.2) states:

> "I hereby certify that on January 11, 2010, I electronically filed the forgoing Restated Notice of Attorney's Charging Lien with the Clerk of Court via first class U.S. mail (for filing with the Court and for entry upon CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com, which will send notification of such filing to the following CM/ECF participants."

(Nothing follows)

In this certificate Levicoff returns to the wording used in September 2009 in his first certificate of service, and this one has the same defects. The Restated Fee Lien certificate of service:

- certifies something that is not true, *i.e.*, that the Restated Fee Lien was filed electronically;

- deviates materially in form and substance from the requirements for service in Vioxx MDL PTO 8B;

- ignores the requirement in PTO 8B to transmit documents to LexisNexis File and Serve for electronic service;

- does not reflect service on the affected claimants' attorneys;

- states an unfounded expectation that the clerk will perform the filer's duty to effect electronic service; and

• makes no sense in whatever it is attempting to indicate is expected from Liaison Counsel.

With regard to the Restated Fee Lien, Levicoff did not:

• serve it on Hill or anyone at Hill Peterson, Clark Perdue, or Anapol Schwartz at any time or in any manner (Affidavits);

• upload it to LexisNexis File and Serve, and therefore no one has been served with this document electronically by File and Serve (Affidavits); or

• serve the Restated Fee Lien on the Claims Administrator at any time or in any manner (Exhibit 12).

## 3. Argument

### a. The Restated Fee Lien was filed eight days late, which invalidates the Fee Lien under PTO 47A.

#### 1. The Restated Fee Lien was required to be filed electronically.

Since January 1, 2007 this court has required all documents other than those initiating a new case to be filed electronically. See Notice published by the clerk at the court's direction on September 15, 2006, quoted above on page 2. The Administrative Procedures for Electronic Case Filing, U.S. District Court, Eastern District of Louisiana contain the following requirements.

> "Except as expressly provided in these rules or as ordered by the court, and in exceptional circumstances preventing a Filing User from filing electronically, all pleadings and documents required to be filed with the court in a civil case must be electronically filed."

> "An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the court for an exemption. The application shall be in writing, filed with the clerk, and shall state the reason for the attorney's inability to comply."

> "Attorneys... admitted pro hac vice...shall register as Filing Users of the court's Electronic Filing System..."

The Restated Fee Lien does not come within any standing exception to the court's electronic filing rules. Levicoff has not attempted to show the existence of exceptional circumstances unique to him that could render him unable to comply with electronic filing requirements nor did he apply to the court for an exception from electronic filing requirements for the Restated Fee Lien.

### 2. The Restated Fee Lien was filed electronically on February 4, 2010

The Restated Fee Lien was filed electronically of February 4, 2010, as is indicated by the clerk's electronic notation of filing at the head of the document. (Exhibit 15). Earlier receipt of the document in the judge's chambers did not accomplish filing. Filing of a document, when, as here, electronic filing is mandatory, requires "Electronic transmission of a document to the Electronic Filing System..." EDLA Administrative Procedures for Electronic Case Filing, Rule 2.

It is not the court's responsibility to see to it that a document received in chambers is filed electronically. This burden falls on the filing attorney, who can have no reasonable expectation, in light unambiguous electronic filing rules conspicuously posted on the court's website, that the judge or the court clerk will do the attorney's filing for him.

**b. The restated Fee Lien claim should be stricken as a sanction for willful failure to file or serve the restated Fee Lien in accordance with this court's orders, rules, and procedures governing electronic filing and service in (a) all civil actions in the Eastern District of Louisiana generally and (b) the Vioxx MDL specifically.**

When Levicoff made his appearance in this MDL in September 2009 by filing the Toriseva Fee Lien, he was required to become familiar with the record, at least to the extent of orders with application to all documents filed and served in the litigation, such

as Pretrial Oder 8B. LR 83.2.8.1E ("It is the responsibility of counsel representing a party joined in a case after its inception... to become familiar with court orders... previously filed in the record.")

As noted above, Vioxx PTO 8B requires all attorneys within ten days of making an appearance in the Vioxx MDL to sign up for LexisNexis File and Serve for use in serving documents, which is distinct from, and in addition to, the requirement to register with the court as an electronic filer under Rule 2 of the court's Administrative Procedures for Electronic Case Filing. The only alternative a lawyer could have to service through File and Serve would be to obtain a list of all parties and directly serve the hundreds, perhaps thousands, of them.

Levicoff did not file the Restated Fee Lien electronically, nor did he serve it through File and Serve. The same is true for his three previous documents accepted for filing in this MDL. None was filed electronically by him, and none was served through File and Serve. However, the service problem goes beyond not using File and Serve. Levicoff is required to be familiar with the local rules under LR 83.2.8, including LR 5.3, which requires service of a document "prior to filing...on all parties or their attorneys." *Levicoff did not serve the Restated Fee Lien by any means at any time on adverse counsel.* His failure to serve Attorneys Weiss, Peterson, List, or Hill, when he unquestionably knew of their roles as adverse counsel is inexcusable.

LR 83.2.8 prohibits willful failure to abide by the court's rules, including false certificates of compliance with them. A certificate of service should come under this rule, and Levicoff's certificates of service appear to be crafted to give the appearance of electronic service on all parties and electronic filing, when in fact Levicoff filed nothing

electronically and served no one by any means with any of his four documents other than liaison counsel and Hill erratically on two occasions.

His certificates deviate in form and substance from requirements of PTO 8B, and they suggest that Levicoff expects the court clerk to serve his papers for him, but anyone who has read PTO 8B would know that electronic service in the Vioxx MDL is done exclusively through LexisNexis, not by the court clerk. The certificate of service for the Restated Fee Lien also suggests some sort of expectation that liaison counsel will take a role in effecting service, but the sentence suggesting this is incomplete, so one is left wondering what the scrivener intended to convey.

PTO 8B provides a specific form for a certificate of service, and this form embraces the substantive requirements for electronic service: (1) file electronically with the court, and (2) serve electronically by uploading to File and Serve. Levicoff's certificates of service show he did neither. Instead he invented his own system for serving documents and made up certificates to match.

A district court has inherent power, distinct from the Federal Rules of Civil Procedure, to impose sanctions for disregard of its orders, rules, and mandatory procedures. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). This inherent authority flows from the very nature of a court, from strict functional necessity. *Michaelson v. United States*, 266 U.S. 42 (1924). "Without authority to act promptly and independently the courts could not administer public justice or enforce the rights of public litigants." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418 450-51 (1911).

In addition to its inherent powers, a district court's authority to sanction attorneys for violations of local rules is well established. *Roadway Express Inc. v. Piper*, 447 U.S. 752, 766, (1980), *Dellatorre v. Preston,* 995 F.2d 231 (1993)

Such sanctions have punishment and deterrent components and are intended to reach conduct that is willful, reckless, or grossly negligent. *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989).

With respect to registering for electronic filing and service under Mandatory Court Directives, there are only two possibilities regarding Attorney Levicoff: (1) he ignored the requirements by not registering, or (2) he did register but refused to file or serve electronically. One is reckless, the other willful, and it is hard to say if one is worse than the other.

The same is true with respect to serving adverse counsel. Either Levicoff did not read the Mandatory Court Directives to learn how to accomplish service (reckless), or he did read them and decided not to follow them (willful), and in either event, a lawyer making a good faith effort to comply with the rules would never leave service of documents on adverse counsel to chance. Levicoff had names, mailing addresses, and email addresses for the four adverse attorneys (Weiss, List, Peterson, and Hill) for at least two months, *i.e.*, since November 17, 2009, when he mailed the Restated Fee Lien to the court.

This is not a case of an isolated occurrence that could be attributed to oversight or inadvertence. The list of Mandatory Court Directives violated on multiple occasions by Levicoff includes:

• LR 83.2.8 (Familiarity with and Compliance with Rules);

• LR 83.2.8.1E (Familiarity with the Record);

• LR 5.3 (Certificate of Service);

• Vioxx MDL Pretrial Order 8B ("Electronic Service," entered June 29, 2006);

• Electronic service Notice published by the clerk at the court's direction on September 15, 2006;

• Electronic service Notice published by the clerk at the court's direction on March 23, 2007;

• This court's Administrative Procedures for Electronic Case Filing (published October 2009); and

• Electronic service Notice published by the clerk at the court's direction on October 19, 2009.

An appropriate sanction under the circumstances is striking the Restated Fee Lien for willful, reckless, or grossly negligent disregard of Mandatory Court Directives applicable to the Restated Fee Lien, cast on a background of similar conduct with regard to filing and serving earlier documents.

Alternatively, the court could rule that the Restated Fee Lien was filed too late and use the evidence of violations of Mandatory Court Directives as additional justification for not allowing late filing.

### 4. Conclusion

The Toriseva Fee Lien should be invalidated under PTO 47A, and the Claims Administrator should be directed to release money being withheld from the award of any and all claimants affected by the Fee Lien.

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY PC
sweiss@anapolschwartz.com
1710 Spruce Street
Philadelphia PA 19103
215 735-1130 phone
215 735-2024 fax

James C. Peterson,
HILL, PETERSON, CARPER, BEE & DEITZLER PLLC
jcpeterson@hpcbd.com
NorthGate Business Park
500 Tracy Way
Charleston WV 25311
(304) 345-5667 phone
(304) 345-1519 fax

D. Andrew List
CLARK, PERDUE AND LIST LPA
alist@clarkperdue.com
471 East Broad Street, Suite 1550
Columbus OH 43215
614-460-1604 phone
614-469-1117 fax

Barry Hill
bhill@anapolschawartz.com
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax

by _____
Barry Hill

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION INVALIDATE TORISEVA ATTORNEY FEE LIEN CLAIM AND ORDER THE CLAIMS ADMINISTRATOR TO RELEASE MONEY BEING WITHHELD BECAUSE OF THE CLAIM has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, upon Avrum Levicoff, counsel for Toriseva, by email and regular mail, upon the Claims Administrator by email to Orran Brown,

OBrown@browngreer.com, and upon all parties electronically by uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on March 3, 2010.

_____
Barry Hill