professional practice to the development of Vioxx cases. They also understood, discussed and agreed that, correspondingly, the plaintiff would have to forego other professional endeavors; she would have to forego developing other potential clients, and she would be required to decline the representation of clients in other cases, so as to concentrate her efforts on the development of meritorious Vioxx cases.

12.     From the inception of the effort to develop Vioxx cases, the plaintiff and the defendants understood and explicitly agreed that in exchange for the above described commitment of the plaintiff to developing Vioxx cases, she, as a member of Hill, Toriseva & Williams, and as the member of the law firm primarily responsible for developing the Vioxx cases and securing the largest number of Vioxx plaintiff contingent fee agreements, she would share substantially in the attorneys' fees that the plaintiff and the defendants each expected to earn through the handling of Vioxx cases.

13.     Beginning almost immediately after the announcement of the recall of Vioxx from the market in September of 2004, and continuing throughout 2004 and 2005, the plaintiff did devote virtually the entirety of her professional practice to the development of Vioxx cases, and to the securing of contingent fee agreements with Vioxx plaintiffs, either directly or through contacts with referring attorneys. As aforesaid, because of the commitment to developing Vioxx cases, the plaintiff did decline representation in other cases, and did forego other professional endeavors.

EXHIBIT 1

14.     As part of the process of developing Vioxx cases, the plaintiff and the defendants, acting as the law firm of Hill, Toriseva & Williams, ultimately entered into several cooperative arrangements with other law firms including the Charleston, West Virginia firm of Hill, Peterson, Carper, Bee & Deitzler, PLLC, the Columbus, Ohio law firm of Clark, Perdue, Arnold

{L0293155.1 }                                   6

& Scott, Co., L.P.A., and a Philadelphia, Pennsylvania law firm called Anapol, Schwartz (hereinafter referred to as the "cooperating law firms"). Under the terms of the cooperative arrangements, they agreed to joint representation of any and all Vioxx plaintiffs who retained any of the cooperating law firms to represent them, and to share equally among the cooperating law firms any net attorneys' fees generating by such Vioxx cases under contingent fee agreements entered into by any or all of the cooperating law firms. Thus, under the agreements with cooperating law firms, Hill, Toriseva & Williams not only had an expectation of receiving attorneys' fees for the handling of Vioxx cases for plaintiffs who entered into contingent fee agreements with them, but they also had an expectation of receiving a pro rata share of attorneys' fees generated on the handling of Vioxx cases for plaintiff who had entered into contingent fee agreements with any of the other cooperating law firms.

15.     Ultimately, through the diligent efforts, hard work, skill, acumen and commitment of the plaintiff, together with members of the other cooperating law firms, contingent fee agreements were entered into with some 563 clients for whom lawsuits were filed asserting potentially meritorious claims for damages for bodily injuries arising out of the use of Vioxx. Attached hereto as Exhibit "E" is a true and correct copy of a list of the 563 Vioxx cases, current as of February 24, 2006. Under the contingent fee agreements entered into by each of the above described 563 plaintiffs, and with due regard for the agreements between Hill, Toriseva & Williams and the cooperating law firms, the defendants, Hill and Williams, and the plaintiff, Toriseva, individually and as members of Hill, Toriseva & Williams, had a contractual right to receive and a reasonable expectation of receiving a substantial amount of attorneys' fees based upon the net allocable portion of the total attorneys' fees that were expected to be generated for the filing, prosecution and eventual resolution of the 563 cases identified in Exhibit "E" hereto.

{L0293155.1}                                        7



AVRUM LEVICOFF†
ALAN T. SILKO
ELIZABETH E. DEEMER‡
BRETT C. SHEAR
CAREY L. CUMMINGS†
EDWARD I. LEVICOFF
SHARYN S. BOWSER
R. BRANDON McCULLOUGH
SARAH R. DENNE
LAURA A. KIBBY†‡
JONATHAN G. PRESTON✧

†Admitted in West Virginia
‡Admitted in Ohio
✧Admitted in New Jersey

### LEVICOFF, SILKO & DEEMER, P.C.
### ATTORNEYS AT LAW

Centre City Tower
Suite 1900
650 Smithfield Street
Pittsburgh, Pennsylvania 15222

Telephone (412) 434-5200
Facsimile (412) 434-5203
www.LSandD.net

September 14, 2009

**RECEIVED**
SEP 18 2009
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

*ALevicoff@LSandD.net*

Carolyn Stewart
United States District Court for the
  Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

RE:         VIOXX PRODUCTS LIABILITY LITIGATION MATTER
MDL NO.:    1657
OUR FILE NO.:   02551/999

Dear Ms. Stewart:

Per your conversation with my assistant Erin Bowser today, I am forwarding herewith the original of our *Notice of Attorney's Charging Lien* for filing with the Court in the above referenced matter.

If you have any questions or require any additional information please feel free to contact me at your convenience.

Again, thank you for permitting us to file this via paper format.

Very truly yours,

AVRUM LEVICOFF

AL/eab
Enclosure

EXHIBIT 2

{L0293391.1 }

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

**MDL NO. 1657**

IN RE: VIOXX
    **PRODUCTS LIABILITY LITIGATION**              **SECTION: L**

**JUDGE FALLON**

**MAG. JUDGE KNOWLES**

THIS DOCUMENT RELATES TO:  ALL CASES

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2009, I electronically filed the foregoing NOTICE OF ATTORNEY'S CHARGING LIEN with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com) which will send notification of such filing to the following CM/ECF participants.

By: _____
    Avrum Levicoff, Esquire
    W.Va. I.D. #:  4549
    Laura A. Kibby, Esquire
    W.Va. I.D. #. 10457
    Levicoff, Silko & Deemer, P.C.
    Centre City Tower, Suite 1900
    650 Smithfield Street
    Pittsburgh, PA 15222
    (412) 434-5200

    *Counsel for Teresa Toriseva, Esquire*

**EXHIBIT 3**

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
**VIOXX PRODUCTS LIABILITY LITIGATION**

This document relates to:

**249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator**

and

**31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator**

**MDL Docket No. 1657**

**SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

## AFFIDAVIT OF JAMES C. PETERSON

This affidavit is made in Kanawha County, West Virginia.

James C. Peterson, having first been sworn, states the following.

1. I am an attorney with the law firm of Hill, Peterson, Carper, Bee & Deitzler, PLLC, and my office is in Charleston, West Virginia.

2. I am counsel of record with the Vioxx Claims administrator for 31 Vioxx claimants whose awards have been, or may be, affected by the Notice of Attorney's Charging Lien (Fee Lien) filed by Attorney Avrum Levicoff ("Levicoff") on behalf of Attorney Teresa Toriseva.

3. I have not been served by anyone by any means at any time with the Fee Lien, which I learned after the fact was accepted for filing by the clerk of the United States District Court, Eastern District of Louisiana, on September 18, 2009.

EXHIBIT 4

4. I became aware of the Lien Claim Notice only when I received it as an attachment to a September 24, 2009, letter from the Claims Administrator to me, advising me of the existence of the Lien Claim Notice. (Exhibit 1).

5. I have not been served by anyone by any means at any time with a "Supplement to Notice of Attorney's Charging Lien," apparently transmitted by Attorney Levicoff to the court for filing on October 16, 2009.

6. I have not been served by anyone by any means at any time with a "Motion to Adjourn Hearing," apparently transmitted to the court for filing on November 17, 2009.

7. I have not been served by anyone by any means at any time with a "Restated Notice of Attorney's Charging Lien," which was apparently accepted for filing by the clerk of this court on February 4, 2010. I learned of the existence of this document from an email I received from the Claims Administrator on February 3, 2010.

8. Claimant's Counsel has not served any document on me by any means at any time in connection with the documents identified in paragraphs 3, 5, 6, and 7.

9. I have been signed up for service with LexisNexis File and Serve for the Vioxx MDL since 2005. I did not receive the documents identified in paragraphs 3, 5, 6, or 7 above through File and Serve

_____
James C. Peterson

State of West Virginia,

County of Kanawha, to wit:

Taken, sworn to and subscribed before me this 3rd day of March, 2010.

_____
Notary Public

My commission expires:

June 8, 2014
_____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
STEPHANIE GREEN
HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC
500 TRACY WAY
CHARLESTON, WV 25311
My commission expires June 8, 2014

# VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

September 24, 2009

**By Electronic Transmission**
James C. Peterson
Hill, Peterson, Carper, Bee & Deitzler, PLLC
500 Tracy Way
Charleston, WV 25311

EXHIBIT 1
TO PETERSON AFFIDAVIT

**Re:    Notice of Attempted Third Party Lien for Multiple Claimants**

Dear Mr. Peterson:

We have received notice from a third party of an attempted subrogation claim or lien asserted against the Vioxx Claim(s) of one or more of the Vioxx Program Claimants for whom you serve as Primary Counsel.  We sent the enclosed Notice of Attempted Lien (Form V2038) to the Third Party Claimant in an effort to obtain additional information on this attempted lien.

This attempted lien is not asserted by a Governmental Authority Third Party Provider/Payor.  As a result, it is not being resolved by the Lien Resolution Administrator under Article 12 of the Settlement Agreement.

If you wish to object to this attempted lien, you must complete Section C on the enclosed Form V2038 and return it to us by email, facsimile or delivery so that we receive it *no later than 30 days after the date of this Notice.*  Send a copy of your response to the Third Party Claimant as well.  These procedures will apply:

(1) If we do not receive timely objection from you, we will assume that you agree to the claim asserted.  We will deduct from any Settlement payments the amount claimed (if quantified by the Third Party Claimant) and will pay such amount to the Third Party Claimant, with any balance of the Settlement payment made to the Claimant.

(2) If you timely object to the attempted lien, we will withhold the amount claimed (if quantified by the Third Party Claimant), and will pay any balance of the Settlement payment to the Claimant.  We will hold the withheld claim amount until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant.  Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

V1024v1
#348289

(3)  If the amount of the attempted lien is not quantified by the Third Party Claimant, then we have to withhold all Settlement payments on the claim of the affected Claimant(s) until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant.  Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

We are now making Interim Payments to qualified Vioxx Program Claimants.  These Interim Payments represent 40% of the projected full payment on the claim.  For any Interim Payment to a Claimant who is subject to a lien amount and where a payment is to be made to the Third Party Claimant under the procedures above, we will deduct 40% of the lien amount from the Interim Payment and will pay such amount to the Third Party Claimant, with any balance of the Interim Payment paid to the Claimant.  This procedure will apply unless the Claims Administrator is: (1) otherwise instructed by the Primary Counsel and the Third Party Claimant; or (2) directed by a court in a final, non-appealable order to make payments on a different basis. The Claims Administrator will pay the balance of the lien amount to the Third Party Claimant when the final Settlement payment is made to the Claimant, if the claims payment is sufficient to do so.

Please contact me or your CA Contact if you have any questions about this process. Thank you.

Sincerely,

Scott Monroe

Enclosure

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
**VIOXX PRODUCTS LIABILITY LITIGATION**

**This Document Relates To:**

**249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator**

**and**

**31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator**

**MDL Docket No. 1657**

**SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

## AFFIDAVIT OF SOL H. WEISS

This Affidavit is made in Philadelphia County, Pennsylvania.

Sol H. Weiss, having first been sworn, states the following:

1. I am an attorney with the law firm of Anapol, Schwartz, Weiss, Cohan, Feldman and Smalley, P.C. and my office is in Philadelphia, Pennsylvania.

2. I am counsel of record with the Vioxx Claims Administrator for 249 Vioxx claimants whose awards have been, or may be, affected by the Notice of Attorney's Charging Lien (Fee Lien) filed by Attorney Avrum Levicoff ("Levicoff") on behalf of Attorney Teresa Toriseva.

3. I have not been served by anyone by any means at any time with the Fee Lien, which I learned after the fact was accepted for filing by the Clerk of the United States District Court, Eastern District of Louisiana, on September 18, 2009.

EXHIBIT 5

4. I became aware of the Fee Lien only when I received it as an attachment to a September 24, 2009 letter from the Claims Administrator to me advising me of the existence of the Lien Claim Notice. (Exhibit 1).

5. I have not been served by anyone by any means at any time with a "Supplement to Notice of Attorney's Charging Lien," apparently transmitted by Attorney Levicoff to the Court for filing on October 16, 2009.

6. I have not been served by anyone by any means at any time with a "Motion to Adjourn Hearing," apparently transmitted to the Court for filing on November 17, 2009.

7. I have not been served by anyone by any means at any time with a "Restated Notice of Attorney's Charging Lien," which was apparently accepted for filing by the Clerk of this Court on February 4, 2010. I learned of the existence of this document from an email I received from the Claims Administrator on February 3, 2010.

8. Claimant's Counsel has not served any document on me by any means at any time in connection with the documents identified in paragraphs 3, 5, 6, and 7.

9. I have served as Co-Liaison Counsel for the plaintiffs in the Consolidated Vioxx Litigation in Atlantic County from 2003.

_____
Sol H. Weiss

Commonwealth of Pennsylvania:

County of Philadelphia:

Sworn to and subscribed before me this 3rd day of March, 2010.

_____
Notary Public

My commission expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LESLIE I. LIPKIN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 8, 2010

# VIOXX Claims Administrator

Toll-Free Telephone: (866) 866-1729
claimsadmin@browngreer.com

Mailing Address:                             Delivery Address:
P.O. Box 85031                               115 South 15th Street, Suite 400
Richmond, Virginia  23285-5031               Richmond, Virginia  23219-4209

September 24, 2009

**By Electronic Transmission**
Sol H. Weiss
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.
1710 Spruce Street
Philadelphia, PA 19103

EXHIBIT 1
TO WEISS AFFIDAVIT

Re:   **Notice of Attempted Third Party Lien for Multiple Claimants**

Dear Mr. Weiss:

We have received notice from a third party of an attempted subrogation claim or lien asserted against the Vioxx Claim(s) of one or more of the Vioxx Program Claimants for whom you serve as Primary Counsel.  We sent the enclosed Notice of Attempted Lien (Form V2038) to the Third Party Claimant in an effort to obtain additional information on this attempted lien.

This attempted lien is not asserted by a Governmental Authority Third Party Provider/Payor.  As a result, it is not being resolved by the Lien Resolution Administrator under Article 12 of the Settlement Agreement.

If you wish to object to this attempted lien, you must complete Section C on the enclosed Form V2038 and return it to us by email, facsimile or delivery so that we receive it *no later than 30 days after the date of this Notice.*  Send a copy of your response to the Third Party Claimant as well.  These procedures will apply:

(1)   If we do not receive timely objection from you, we will assume that you agree to the claim asserted.  We will deduct from any Settlement payments the amount claimed (if quantified by the Third Party Claimant) and will pay such amount to the Third Party Claimant, with any balance of the Settlement payment made to the Claimant.

(2)   If you timely object to the attempted lien, we will withhold the amount claimed (if quantified by the Third Party Claimant), and will pay any balance of the Settlement payment to the Claimant.  We will hold the withheld claim amount until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant.  Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

(3) If the amount of the attempted lien is not quantified by the Third Party Claimant, then we have to withhold all Settlement payments on the claim of the affected Claimant(s) until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant. Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

We are now making Interim Payments to qualified Vioxx Program Claimants. These Interim Payments represent 40% of the projected full payment on the claim. For any Interim Payment to a Claimant who is subject to a lien amount and where a payment is to be made to the Third Party Claimant under the procedures above, we will deduct 40% of the lien amount from the Interim Payment and will pay such amount to the Third Party Claimant, with any balance of the Interim Payment paid to the Claimant. This procedure will apply unless the Claims Administrator is: (1) otherwise instructed by the Primary Counsel and the Third Party Claimant; or (2) directed by a court in a final, non-appealable order to make payments on a different basis. The Claims Administrator will pay the balance of the lien amount to the Third Party Claimant when the final Settlement payment is made to the Claimant, if the claims payment is sufficient to do so.

Please contact me or your CA Contact if you have any questions about this process. Thank you.

Sincerely,

Scott Monroe

Enclosure

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
**VIOXX PRODUCTS LIABILITY LITIGATION**

This document relates to:

249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator

and

31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

## AFFIDAVIT OF D. ANDREW LIST

This affidavit is made in Franklin County, Ohio.

D. Andrew List, having first been sworn, states the following.

1. I am an attorney with the law firm of Clark, Perdue & List Co, LPA (formerly known as Clark, Perdue, Arnold & Scott Co., LPA), and my office is in Columbus, Ohio.

2. I am co-counsel for the 280 Vioxx claimants whose awards have been, or may be, affected by the Notice of Attorney's Charging Lien (Fee Lien) filed by Attorney Avrum Levicoff ("Levicoff") on behalf of Attorney Teresa Toriseva.

3. I have not been served by anyone by any means at any time with the Fee Lien, which I learned after the fact was accepted for filing by the clerk of the United States District Court, Eastern District of Louisiana, on September 18, 2009.

EXHIBIT 6

4. I became aware of the Lien Claim Notice only when I received it as an attachment to September 24, 2009, letters from the Claims Administrator to Sol Weiss and James Peterson.

5. I have not been served by anyone by any means at any time with a "Supplement to Notice of Attorney's Charging Lien," apparently transmitted by Levicoff to the court for filing on October 16, 2009.

6. I have not been served by anyone by any means at any time with a "Motion to Adjourn Hearing," apparently transmitted to the court for filing on November 17, 2009.

7. I have not been served by anyone by any means at any time with a "Restated Notice of Attorney's Charging Lien," which was apparently accepted for filing by the clerk of this court on February 4, 2010. I learned of the existence of this document from an email I received from the Claims Administrator on February 3, 2010.

8. Levicoff has not served any document on me by any means at any time in connection with the documents identified in paragraphs 3, 5, 6, and 7.

9. I have been signed up for service with LexisNexis File and Serve for the Vioxx MDL since 2005. I did not receive the documents identified in paragraphs 3, 5, 6, or 7 above through File and Serve.


_____

D. Andrew List

State of Ohio,

County of Franklin, to-wit:

    Taken, sworn to and subscribed before me this 2ND ___ day of March, 2010.

_____
Notary Public

My commission expires:

_____

LINDA S. COLLINS
Notary Public, State of Ohio
My Commission Expires 10-22-2014

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
**VIOXX PRODUCTS LIABILITY LITIGATION**

**This document relates to:**

**249 particular Vioxx claimants for whom Sol H. Weiss is registered as primary counsel with the Vioxx Claims Administrator**

and

**31 particular Vioxx claimants for whom James C. Peterson is registered as primary counsel with the Vioxx Claims Administrator**

**MDL Docket No. 1657**

**SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

## AFFIDAVIT OF BARRY HILL

This affidavit is made in Ohio County, West Virginia.

Barry Hill, having first been sworn, states the following.

1. I am an attorney who since January 2009 has been a member of the law firm of Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.  From September 2002 through December 2008, I owned and operated my own law firm.  My office is, and has been since September 2002, located in Wheeling, West Virginia.

2. I am co-counsel for the 280 Vioxx claimants whose awards have been, or may be, affected by the Notice of Attorney's Charging Lien (Fee Lien) filed by Attorney Avrum Levicoff ("Levicoff") on behalf of Attorney Teresa Toriseva.

3. I am the principle target of the Toriseva Fee Lien in that Toriseva is claiming Vioxx fees based on her former employment at my law firm from January 2004 through March 2006.

EXHIBIT 7

4. I have not been served by anyone by any means at any time with the Fee Lien, which I learned after the fact was accepted for filing by the clerk of the United States District Court, Eastern District of Louisiana, on September 18, 2009.

5. I became aware of the Fee Lien when I received it as an attachment to September 24, 2009, letters from the Claims Administrator to Sol Weiss and James Peterson.

6. Levicoff served me by email with a "Supplement to Notice of Attorney's Charging Lien," on October 16, 2009.

7. Levicoff served me by regular mail with a "Motion to Adjourn Hearing," received on or about November 20, 2009.

8. I have not been served by anyone by any means at any time with a "Restated Notice of Attorney's Charging Lien," which was apparently accepted for filing by the clerk of this court on February 4, 2010.  I learned of the existence of this document from an email I received from the Claims Administrator on February 3, 2010.

9. I have been signed up for service with LexisNexis File and Serve for the Vioxx MDL since 2005.  I did not receive the documents identified in paragraphs 4, 6, 7, or 8 above through File and Serve.

Barry Hill

State of West Virginia,

County of Ohio, to-wit:

    Taken, sworn to and subscribed before me this _3rd_ day of March, 2010.


_Kathi M. Eastham_
Notary Public


My commission expires:

_Sept. 17, 2016_

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
KATHI M. EASTHAM
3712 Brightway
Wrton, WV 26062
My Commission Expires September 17, 2016

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

**MDL NO. 1657**

IN RE: VIOXX
     PRODUCTS LIABILITY LITIGATION     **SECTION: L**

**JUDGE FALLON**

**MAG. JUDGE KNOWLES**

**THIS DOCUMENT RELATES TO: ALL CASES**

### CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2009, I filed the foregoing SUPPLEMENT TO NOTICE OF ATTORNEY'S CHARGING LIEN with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com).

By

**EXHIBIT 8**

Avrum Levicoff, Esquire
W.Va. I.D. #: 4549
Laura A. Kibby, Esquire
W.Va. I.D. #. 10457
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
(412) 434-5200

*Counsel for Teresa Toriseva, Esquire*

| | |
|---|---|
| **From:** | Avrum Levicoff |
| **To:** | hhardin@joneswalker.com; rherman@hhkc.com; pwittmann@stonepigman.com; |
| **cc:** | LDAVIS@hhkc.com; Hill, Barry; |
| **Subject:** | Toriseva Charging Lien - Vioxx Products Litigation - MDL 1657 |
| **Date:** | Friday, October 16, 2009 4:50:36 PM |
| **Attachments:** | 2009.10.16 Supplement to Notice of Attorney"s Charging Lien (L0298839).PDF |
| | District Clerk letter 10.16.09 (L0298838).PDF |

Counsel,

Please find attached hereto a copy of the Supplement to Notice of Attorney's Charging Lien that I have sent to the Clerk via UPS Overnight for filing in the above referenced matter.

Avrum Levicoff, Esquire
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA  15222-3911
Phone - 412-434-5200
Fax - 412-434-5203
ALevicoff@LSandD.net

CONFIDENTIALITY NOTICE
This email transmission and any documents, files or previous email messages attached to it, are confidential and protected by the attorney-client privilege and/or work product doctrine.  If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, distribution, dissemination or use of any of the information within or attached to this email is STRICTLY PROHIBITED.  If you have received this transmission in error, please notify me and then delete this message and its contents from your computer.

EXHIBIT 9

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION        SECTION: L

JUDGE FALLON

MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO: ALL CASES

### CERTIFICATE OF SERVICE

     I hereby certify that on November 17, 2009, I filed the foregoing MOTION TO ADJOURN HEARING with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com). A hard copy has been mailed to: Barry Hill, Esquire, Anapol Schwartz, 89 12ᵗʰ Street, Wheeling, West Virginia 26003.

By:_____

Ayrum Levicoff, Esquire
W.Va. I.D. #: 4549
Laura A. Kibby, Esquire
W.Va. I.D. #. 10457
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
(412) 434-5200

*Counsel for Teresa Toriseva, Esquire*

EXHIBIT 10

**Hill, Barry**

| | |
|---|---|
| **From:** | Vioxx Claims Administrator [Claimsadmin@browngreer.com] |
| **Sent:** | Wednesday, January 06, 2010 4:48 PM |
| **To:** | alevicoff@lsandd.net; LAKibby@lsandd.net |
| **Cc:** | Weiss, Sol; Spizer, Gregory S.; Myers, Pamela; Del Valle, Edna; alist@clarkperdue.com; Hill, Barry; jcpeterson@hpcbd.com; stephanie@hpcbd.com |
| **Subject:** | Notice of Assessment of Procedural Sufficiency of Third Party Claim Against Attorneys' Fees |
| **Attachments:** | Teresa Toriseva, Notice, PTO 47A.pdf |

Please see the attached Notice pursuant to Pre-Trial Order Number 47A.

<<Teresa Toriseva, Notice, PTO 47A.pdf>>
**Vioxx Claims Administrator**
**BROWNGREER PLC**
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

EXHIBIT  11 · 3 PAGES

Ex.11, P.1

1

| **V2120** | **NOTICE OF ASSESSMENT OF PROCEDURAL SUFFICIENCY OF THIRD PARTY CLAIM AGAINST ATTORNEYS' FEES**<br><br>**(Date of Notice: 1/6/10)** |
|---|---|

## A. NOTICE TO PARTIES TO THIRD PARTY CLAIM

Pursuant to Pretrial Order 47A ("PTO 47A") dated December 17, 2009, the Claims Administrator is required to perform an assessment of the procedural sufficiency of all claims asserting an entitlement to all or part of a Vioxx Settlement Payment for attorneys' fees, reimbursement of expenses, or for any claim asserted against the attorneys' fees portion of a Vioxx Settlement Payment ("Fee Liens"). This Notice is to the filing party (the "Lien Claimant") and to the Primary Counsel representing the affected Vioxx Program Claimant(s), or to a Pro Se Claimant directly.

A copy of PTO 47A may be obtained from at http://www.browngreer.com/vioxxsettlement/images/pdfs/pto47a.pdf.

## B. LIEN CLAIMANT

| 1. | **Name of Third Party Claimant** | Teresa Toriseva, Esq. |
|---|---|---|
| 2. | **Primary Contact** | Levicoff, Silko & Deemer, P.C. |
| 3. | **Date Claims Administrator Received Third Party Claim** | 9/21/2009 |

## C. VIOXX PROGRAM CLAIMANT

| 4. | **Claimant Name**<br>(See attached Exhibit 1 if more than one Claimant) | Last<br>See attached Exhibit 1 | First | Middle |
|---|---|---|---|---|
| 5. | **Primary Counsel** (if applicable) | See attached Exhibit 1 | | |
| 6. | **Attorney Name** (if applicable) | See attached Exhibit 1 | | |

## D. ASSESSMENT OF PROCEDURAL SUFFICIENCY

After review of the procedural sufficiency of the above-referenced Fee Lien under Paragraph 3 of PTO 47A, the Claims Administrator has determined that:

☐    The Fee Lien meets the stated requirements of PTO 47A. No Further action is required under that Order.

☒    The Fee Lien **does not meet** the stated requirements of PTO 47A for the following reason(s):

    ☐   Fee Lien does not contain a demand for the relief sought.

    ☐   Fee Lien does not contain an indication of whether it is being asserted against a claimant or an attorney.

    ☐   Fee Lien does not contain a copy of a contract on which the claim is based (if based on a written contract).

    ☐   Fee Lien does not contain information regarding the parties to a contract, when and where the contract was made, and the terms of the contract (if based on an oral contract).

    ☒   Fee Lien does not indicate, if a *quantum meruit* claim is being made, whether the *quantum meruit* claim is exclusive or alternative to a contract claim.

EXHIBIT 11, P.2

| | NOTICE OF ASSESSMENT OF PROCEDURAL SUFFICIENCY OF THIRD PARTY CLAIM AGAINST ATTORNEYS' FEES |
|---|---|
| **V2120** | **(Date of Notice: 1/6/10)** |

### E. CONTESTING THE CLAIMS ADMINISTRATOR'S DETERMINATION

1.  Any party who objects to the Claims Administrator's determination may challenge the procedural sufficiency of the Fee Lien by motion filed with the Court within 21 days after the date of this Notice.

2.  If the Fee Lien was originally submitted prior to the issuance of PTO 47A, and the Claims Administrator has determined that the Fee Lien does not meet the procedural sufficiency requirements, the Lien Claimant has 21 days after the date of this Notice to withdraw Fee Lien or restate it in compliance with PTO 47A. A withdrawal under this circumstance is without prejudice to refiling. If the Lien Claimant fails to respond within 21 days, the attempted Fee Lien is rendered invalid.

EXHIBIT 11, P.3

**Hill, Barry**

*EXHIBIT 12 : 4 PAGES IN REVERSE CHRONOLOGICAL ORDER*

| | |
|---|---|
| **From:** | Scott Monroe [SMonroe@browngreer.com] |
| **Sent:** | Wednesday, February 03, 2010 1:58 PM |
| **To:** | Hill, Barry; James C. Peterson; Andrew List |
| **Cc:** | Orran L. Brown; Weiss, Sol; Spizer, Gregory S. |
| **Subject:** | RE: Vioxx MDL:  Toriseva charging lien notice |
| **Attachments:** | Fax Judge Fallon.pdf |

I talked to Judge Fallon's clerk, Jared, to see if they had received anything in this matter that had not been docketed yet.  Yesterday, Jared faxed me the attached document ("Restated Notice of Attorney's Charging Lien").  It was filed by mail by Avrum Levicoff (counsel for Toriseva), and was received by the Court on 1/15/10.  Jared said that he has given this document to the docket clerk, and they will be entering it into the record.

This Restated Notice addresses the procedural deficiency of the Toriseva Fee Lien that we identified in the PTO 47A Notice, as it indicates that the claim is based on quantum meruit, and is exclusive of any contractual claim. Thus, the Fee Lien now meets the procedural sufficiency requirements of PTO 47A, and we will need to continue to process this lien as we have thus far.

Andy - I will send you a separate list of the claimants currently eligible for payments in February, so you can add in the lien amounts to be withheld as per the agreement with Toriseva's counsel.

**Scott Monroe**
**BROWNGREER PLC**
115 S. 15th Street, Suite 400
Richmond, Virginia  23219-4209
Telephone:  (804) 521-7206
Facsimile:  (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

---

**From:** Hill, Barry [mailto:bhill@anapolschwartz.com]
**Sent:** Tuesday, February 02, 2010 11:16 AM
**To:** Scott Monroe; James C. Peterson; Andrew List
**Cc:** Orran L. Brown; Weiss, Sol; Spizer, Gregory S.
**Subject:** RE: Vioxx MDL: Toriseva charging lien notice

Thank you for attending to this.

As stated previously, and as is still the case, none of us (those representing affected claimants) have been served with anything by Toriseva or her attorney.

Barry Hill

**III Anapol Schwartz**
A T T O R N E Y S   A T   L A W
ANAPOL | SCHWARTZ | WEISS | COHAN | FELDMAN | SMALLEY PC
89 12th Street

1

*Ex. 12, P. 1*

Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax
304.280.8103 mobile
bhill@anapolschwartz.com email
www.anapolschwartz.com website

**PhiladelphiaOffice**
1710 Spruce Street
Philadelphia PA 19103
215.735.1130 phone

Of counsel to Clark, Perdue & List LPA, Columbus, Ohio

**From:** Scott Monroe [mailto:SMonroe@browngreer.com]
**Sent:** Tuesday, February 02, 2010 10:44 AM
**To:** James C. Peterson; Hill, Barry; Andrew List
**Cc:** Orran L. Brown
**Subject:** RE: Vioxx MDL: Toriseva charging lien notice

Jim/Barry/Andrew:

You are correct that the Toriseva lien should be considered invalid if no response was received by the Claims Administrator or the Court by 1/27/10. We are checking with our mail intake team to make sure that we have received no mailed responses that were submitted on or before 1/27/10. I will also check with Judge Fallon's clerk to make sure that they have not received any responses either. As soon as we can confirm that no responses from Toriseva to the PTO 47A Notice have been received, we will take steps to issue refunds for all affected claimants.

Thank you.

**Scott Monroe**
**BROWNGREER PLC**
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7206
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

**From:** Jim Peterson [mailto:JCPeterson@hpcbd.com]
**Sent:** Monday, February 01, 2010 3:23 PM
**To:** Vioxx Claims Administrator
**Cc:** Hill, Barry; Andrew List
**Subject:** FW: Vioxx MDL: Toriseva charging lien notice
**Importance:** High

To Scott Monroe/ Orran L. Brown or, To Whom It May Concern: This is a follow up to my co-counsel's e-mail of Jan 28, 2010 set forth below inquiring whether funds have now been released on the Toriseva Lien which should have been declared invalid and dismissed with prejudice on January 27, 2010 for failure to comply with the directives of PTO 47A, and whether all such retained fees by the CA were included in the Feb. Payment or will be included in the March payment. We would appreciate some direct immediate response declaring the Lien invalid, dismissed and an affirmative statement as to when we can expect to receive payment on these retained funds. Thanks.

2

Ex. 12, P. 2

# The Law Firm of
# Hill, Peterson, Carper, Bee & Deitzler, PLLC

James C. Peterson, Esq.

jcpeterson@hpcbd.com
304.345.5667 phone
304.345.1519 fax
304.550.3026 mobile
500 Tracy Way
Charleston, WV  25311
http://www.hpcbd.com website

This communication is privileged and confidential attorney work product.  Please disregard and delete if you are an unintentional recipient.

**From:** Hill, Barry [mailto:bhill@anapolschwartz.com]
**Sent:** Monday, February 01, 2010 2:34 PM
**To:** Jim Peterson
**Subject:** Vioxx MDL: Toriseva charging lien notice

**From:** Hill, Barry
**Sent:** Thursday, January 28, 2010 10:35 AM
**To:** 'Orran L. Brown'
**Cc:** 'Andrew List'; 'Jim Peterson'; Spizer, Gregory S.; Weiss, Sol; ldavis@hhkc.com
**Subject:** Vioxx MDL: Toriseva charging lien notice

The 21-day period from the date of your January 6, 2010, notice within which to restate or withdraw this lien claim has expired.

None of us who represent the claimants whose awards have been affected by this lien claim have received anything from Toriseva, her attorney, you, LexisNexis File & Serve, or any other person or entity during the 21-day period relating to withdrawal or restatement of the lien claim.  Therefore we assume nothing was submitted in this regard by Toriseva or her attorney.

"None of us" and "we" as used in the preceding sentences includes Andy List, Jim Peterson, Greg Spizer, Sol Weiss, me, and everyone in our law firms.

Your January 6, 2009, notice says, "If the Lien Claimant [Toriseva] fails to respond within 21 days, the attempted Fee Lien is rendered invalid."  This language in your notice comes directly from PTO 47A.

We ask that you take action in whatever form you deem appropriate to:

1.  memorialize the invalidity of the Toriseva fee lien as of expiration of the 21-day period,
2.  direct escrow agent US Bank to release all money that is currently being withheld in the on account of the Toriseva fee lien, and
3.  ensure that the Toriseva fee lien does not attach to future award payments.

Thank you.                              Ex. 12, P.3

Barry Hill

3

**Anapol Schwartz**
ATTORNEYS AT LAW
ANAPOL | SCHWARTZ | WEISS | COHAN | FELDMAN | SMALLEY PC
89 12th Street
Wheeling WV 26003
304.233.4966 phone
304.233.4969 fax
304.280.8103 mobile
bhill@anapolschwartz.com email
www.anapolschwartz.com website

**Philadelphia Office**
1710 Spruce Street
Philadelphia PA 19103
215.735.1130 phone

Of counsel to Clark, Perdue & List LPA, Columbus, Ohio

Ex.12, P.4

AVRUM LEVICOFF†
ALAN T SILKO
ELIZABETH E. DEEMEA‡
BRETT C SHEAR
CAREY L CUMMINGS†
EDWARD I LEVICOFF
R BRANDON McCULLOUGH
LAURA A KIBBY†‡
JONATHAN G PRESTON✦
MEGAN E. ARRINGTON
DENISE R ARNOTT†
ANDREW R THALMAN†✦✦

†Admitted in West Virginia
‡Admitted in Ohio
✦Admitted in New Jersey
✦Admitted in Indiana

**LS&D**

**LEVICOFF, SILKO & DEEMER, P.C.**
ATTORNEYS AT LAW

Centre City Tower
Suite 1900
650 Smithfield Street
Pittsburgh, Pennsylvania 15222

Telephone (412) 434-5200
Facsimile (412) 434-5203
www.LSandD.net

January 11, 2010

*ALevicoff@LSandD.net*

Carolyn Stewart
United States District Court for the
  Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

**RECEIVED**
JAN 15 2010
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

RE:          VIOXX PRODUCTS LIABILITY LITIGATION MATTER
MDL NO.:     1657
OUR FILE NO.: 02551/999

Dear Ms. Stewart:

    I am forwarding herewith the original of our *Restated Notice of Attorney's Charging Lien* for filing with the Court in the above referenced matter.

    If you have any questions or require any additional information please feel free to contact me at your convenience.

    Again, thank you for permitting us to file this pleading via paper format.

Very truly yours,

AVRUM LEVICOFF

**EXHIBIT 13
FOUR PAGES**

AL/eab
Enclosure

Ex. 13, P. 1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
      PRODUCTS LIABILITY LITIGATION      SECTION: L

JUDGE FALLON

MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:  ALL CASES

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2010, I electronically filed the foregoing RESTATED NOTICE OF ATTORNEY'S CHARGING LIEN with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittman and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com) which will send notification of such filing to the following CM/ECF participants.

By: _____
Avrum Levicoff, Esquire
W.Va. I.D. #:  4549
Laura A. Kibby, Esquire
W.Va. I.D. #. 10457
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
(412) 434-5200

*Counsel for Teresa Toriseva, Esquire*

EX.13, P.2

:

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
       PRODUCTS LIABILITY LITIGATION      SECTION: L

JUDGE FALLON

MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:  ALL CASES

## RESTATED NOTICE OF ATTORNEY'S CHARGING LIEN

TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Teresa Toriseva, Esquire, by counsel, Avrum Levicoff, Esquire, Levicoff, Silko & Deemer, P.C., having heretofore given notice of Attorney's Charging Lien, which has since been assessed for procedural sufficiency by the Claims Administrator, pursuant to Pretrial Order 47A, dated December 17, 2009, and the Claims Administrator having found the notice procedurally deficient in that it is based on *quantum meruit,* but does not explicitly state whether the *quantum meruit* claim is exclusive or alternative to a contract claim, hereby restates claim pursuant to Paragraph 6 of the aforesaid Order as follows:

1.      Although there is believed to be a contingent fee agreement between the plaintiff in each affected case and the primary counsel, which may dictate in whole or in part the total attorneys' fee which is appropriately reserved out of the total settlement award made to each plaintiff, to the extent that Teresa Toriseva asserts a lien against a portion of a portion of the attorneys' fees that would otherwise be due and payable to Barry Hill, Esquire, her claim vis a vis Mr. Hill is based upon *quantum meruit,* and it is exclusive of any express contractual claim.

Ex.13, P.3

{L0316396.1 }           1

Case 2:05-md-01657-EEF-DEK   Document 35994-2   Filed 03/03/10   Page 34 of 39

2.    Otherwise, the original Notice of Attorney's Charging Lien and supplement

thereto are incorporated herein and attached hereto for convenience.

By: _____

         Avrum Levicoff, Esquire
         W.Va. I.D. #: 4549
         Laura A. Kibby, Esquire
         W.Va. I.D. #. 10457
         Levicoff, Silko & Deemer, P.C.
         Centre City Tower, Suite 1900
         650 Smithfield Street
         Pittsburgh, PA 15222
         (412) 434-5200

         *Counsel for Teresa Toriseva, Esquire*

EX. 13, P. 4



# FAX TRANSMISSION

## United States District Court
### Chambers of Judge Eldon E. Fallon
Eastern District of Louisiana
500 Poydras Street - Room C-456
New Orleans, Louisiana 70130
(504) 589-7545
Fax: (504) 589-6966

**Date:** February 2, 2010

**To:** Scott Monroe, Esq.
Brown, Greer

**Fax No.** (804) 521-7299

**From:** Jared Barnes, Lawclerk to *JB*
Judge Eldon E. Fallon

EXHIBIT 14

**Re:** Vioxx Products Liability MDL 1657

**No. of Pages:** 4, pages, including cover page.

**Comments:**

RECEIVED
FEB 0 2 2010
BrownGreer PLC
Richmond

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

MDL NO. 1657

IN RE: VIOXX
     PRODUCTS LIABILITY LITIGATION     SECTION: L

JUDGE FALLON

MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO: ALL CASES

## RESTATED NOTICE OF ATTORNEY'S CHARGING LIEN

TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Teresa Toriseva, Esquire, by counsel, Avrum Levicoff, Esquire, Levicoff, Silko & Deemer, P.C., having heretofore given notice of Attorney's Charging Lien, which has since been assessed for procedural sufficiency by the Claims Administrator, pursuant to Pretrial Order 47A, dated December 17, 2009, and the Claims Administrator having found the notice procedurally deficient in that it is based on *quantum meruit*, but does not explicitly state whether the *quantum meruit* claim is exclusive or alternative to a contract claim, hereby restates claim pursuant to Paragraph 6 of the aforesaid Order as follows:

1.      Although there is believed to be a contingent fee agreement between the plaintiff in each affected case and the primary counsel, which may dictate in whole or in part the total attorneys' fee which is appropriately reserved out of the total settlement award made to each plaintiff, to the extent that Teresa Toriseva asserts a lien against a portion of a portion of the attorneys' fees that would otherwise be due and payable to Barry Hill, Esquire, her claim vis a vis Mr. Hill is based upon *quantum meruit*, and it is exclusive of any express contractual claim.

EXHIBIT 15 : 4 PAGES

{L0316396.1 }                1

EX. 15, P.1

2. Otherwise, the original Notice of Attorney's Charging Lien and supplement thereto are incorporated herein and attached hereto for convenience.

By: _____

Avrum Levicoff, Esquire
W.Va. I.D. #: 4549
Laura A. Kibby, Esquire
W.Va. I.D. #. 10457
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
(412) 434-5200

*Counsel for Teresa Toriseva, Esquire*

EX.15, P.2

{L0316396.1 }                                    2

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

**MDL NO. 1657**

IN RE: VIOXX
      PRODUCTS LIABILITY LITIGATION            **SECTION: L**

**JUDGE FALLON**

**MAG. JUDGE KNOWLES**

THIS DOCUMENT RELATES TO: ALL CASES

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2010, I electronically filed the foregoing RESTATED NOTICE OF ATTORNEY'S CHARGING LIEN with the Clerk of Court via first class, U.S. Mail (for filing with the Court and for entry upon the CM/ECF filing system which will send notification of such filing to CM/ECF participants), counsel for the VLC, Harry S. Hardin, III, by email (hhardin@joneswalker.com) and upon Liaison Counsel Phillip Wittmann and Russ Herman by email (rherman@hhkc.com and pwittmann@stonepigman.com) which will send notification of such filing to the following CM/ECF participants.

By: _____

Avrum Levicoff, Esquire
W.Va. I.D. #: 4549
Laura A. Kibby, Esquire
W.Va. I.D. #. 10457
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
(412) 434-5200

*Counsel for Teresa Toriseva, Esquire*

Ex.15, P.3

{L0016396.1}                    3

AVRUM LEVICOFF†
ALAN T. SILKO
ELIZABETH E. DEEMER‡
BRETT C. SHEAR
CAREY L. CUMMINGS†
EDWARD I. LEVICOFF
R. BRANDON McCULLOUGH
LAURA A. KIBBY†‡
JONATHAN G. PRESTON✦
MEGAN E. ARRINGTON
DENISE R. ABBOTT†
ANDREW R. THALMAN†✦♦

†Admitted in West Virginia
‡Admitted in Ohio
✦Admitted in New Jersey
♦Admitted in Indiana



**LEVICOFF, SILKO & DEEMER, P.C.**
ATTORNEYS AT LAW

Centre City Tower
Suite 1900
650 Smithfield Street
Pittsburgh, Pennsylvania 15222

Telephone (412) 434-5200
Facsimile (412) 434-5203
www.LSandD.net

January 11, 2010

*ALevicoff@LSandD.net*

Carolyn Stewart
United States District Court for the
   Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, LA 70130

> RECEIVED
> JAN 15 2010
> CHAMBERS OF
> U.S. DISTRICT JUDGE
> ELDON E. FALLON

     RE:     VIOXX PRODUCTS LIABILITY LITIGATION MATTER
     MDL NO.:   1657
     OUR FILE NO.:  02551/999

Dear Ms. Stewart:

    I am forwarding herewith the original of our *Restated Notice of Attorney's Charging Lien* for filing with the Court in the above referenced matter.

    If you have any questions or require any additional information please feel free to contact me at your convenience.

    Again, thank you for permitting us to file this pleading via paper format.

               Very truly yours,

               AVRUM LEVICOFF

AL/eab
Enclosure

EX. 15, P.4

{L0316401.1 }