UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:
VIOXX PRODUCTS LIABILITY LITIGATION

This document relates to:

249 particular Vioxx claimants for whom
Sol H. Weiss is registered as primary counsel
with the Vioxx Claims Administrator

and

31 particular Vioxx claimants for whom
James C. Peterson is registered as primary
counsel with the Vioxx Claims Administrator

MDL Docket No. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

## AFFIDAVIT OF JAMES C. PETERSON

This affidavit is made in Kanawha County, West Virginia.

James C. Peterson, having first been sworn, states the following.

1. I am an attorney with the law firm of Hill, Peterson, Carper, Bee & Deitzler, PLLC, and my office is in Charleston, West Virginia.

2. I am counsel of record with the Vioxx Claims administrator for 31 Vioxx claimants whose awards have been, or may be, affected by the Notice of Attorney's Charging Lien (Fee Lien) filed by Attorney Avrum Levicoff ("Levicoff") on behalf of Attorney Teresa Toriseva.

3. I have not been served by anyone by any means at any time with the Fee Lien, which I learned after the fact was accepted for filing by the clerk of the United States District Court, Eastern District of Louisiana, on September 18, 2009.

EXHIBIT 4

4. I became aware of the Lien Claim Notice only when I received it as an attachment to a September 24, 2009, letter from the Claims Administrator to me, advising me of the existence of the Lien Claim Notice. (Exhibit 1).

5. I have not been served by anyone by any means at any time with a "Supplement to Notice of Attorney's Charging Lien," apparently transmitted by Attorney Levicoff to the court for filing on October 16, 2009.

6. I have not been served by anyone by any means at any time with a "Motion to Adjourn Hearing," apparently transmitted to the court for filing on November 17, 2009.

7. I have not been served by anyone by any means at any time with a "Restated Notice of Attorney's Charging Lien," which was apparently accepted for filing by the clerk of this court on February 4, 2010. I learned of the existence of this document from an email I received from the Claims Administrator on February 3, 2010.

8. Claimant's Counsel has not served any document on me by any means at any time in connection with the documents identified in paragraphs 3, 5, 6, and 7.

9. I have been signed up for service with LexisNexis File and Serve for the Vioxx MDL since 2005. I did not receive the documents identified in paragraphs 3, 5, 6, or 7 above through File and Serve

_____
James C. Peterson

State of West Virginia,

County of Kanawha, to wit:

Taken, sworn to and subscribed before me this 3rd day of March, 2010.

_____
Notary Public

My commission expires:

June 8, 2014

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
STEPHANIE GREEN
HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC
500 TRACY WAY
CHARLESTON, WV 25311
My commission expires June 8, 2014

## VIOXX Claims Administrator
Toll-Free Telephone: (866) 866-1729
claimsadmin@browngreer.com

| Mailing Address: | Delivery Address: |
|---|---|
| P.O. Box 85031 | 115 South 15th Street, Suite 400 |
| Richmond, Virginia  23285-5031 | Richmond, Virginia  23219-4209 |

September 24, 2009

**_By Electronic Transmission_**
James C. Peterson
Hill, Peterson, Carper, Bee & Deitzler, PLLC
500 Tracy Way
Charleston, WV 25311

EXHIBIT 1
TO PETERSON AFFIDAVIT

Re:   **Notice of Attempted Third Party Lien for Multiple Claimants**

Dear Mr. Peterson:

We have received notice from a third party of an attempted subrogation claim or lien asserted against the Vioxx Claim(s) of one or more of the Vioxx Program Claimants for whom you serve as Primary Counsel. We sent the enclosed Notice of Attempted Lien (Form V2038) to the Third Party Claimant in an effort to obtain additional information on this attempted lien.

This attempted lien is not asserted by a Governmental Authority Third Party Provider/Payor. As a result, it is not being resolved by the Lien Resolution Administrator under Article 12 of the Settlement Agreement.

If you wish to object to this attempted lien, you must complete Section C on the enclosed Form V2038 and return it to us by email, facsimile or delivery so that we receive it *no later than 30 days after the date of this Notice.* Send a copy of your response to the Third Party Claimant as well. These procedures will apply:

(1) If we do not receive timely objection from you, we will assume that you agree to the claim asserted. We will deduct from any Settlement payments the amount claimed (if quantified by the Third Party Claimant) and will pay such amount to the Third Party Claimant, with any balance of the Settlement payment made to the Claimant.

(2) If you timely object to the attempted lien, we will withhold the amount claimed (if quantified by the Third Party Claimant), and will pay any balance of the Settlement payment to the Claimant. We will hold the withheld claim amount until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant. Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

V1024v1
#348289

(3) If the amount of the attempted lien is not quantified by the Third Party Claimant, then we have to withhold all Settlement payments on the claim of the affected Claimant(s) until we receive either: (a) written confirmation that the lien has been resolved; or (b) a copy of a final, non-appealable order from a court determining the amount, if any, to be paid to the Third Party Claimant. Upon receiving confirmation of (a) or (b), we will distribute the withheld amount in accordance with the instructions received.

We are now making Interim Payments to qualified Vioxx Program Claimants. These Interim Payments represent 40% of the projected full payment on the claim. For any Interim Payment to a Claimant who is subject to a lien amount and where a payment is to be made to the Third Party Claimant under the procedures above, we will deduct 40% of the lien amount from the Interim Payment and will pay such amount to the Third Party Claimant, with any balance of the Interim Payment paid to the Claimant. This procedure will apply unless the Claims Administrator is: (1) otherwise instructed by the Primary Counsel and the Third Party Claimant; or (2) directed by a court in a final, non-appealable order to make payments on a different basis. The Claims Administrator will pay the balance of the lien amount to the Third Party Claimant when the final Settlement payment is made to the Claimant, if the claims payment is sufficient to do so.

Please contact me or your CA Contact if you have any questions about this process. Thank you.

Sincerely,

Scott Monroe

Enclosure

V1024v1
#348289