## Hill, Barry

| | |
|---|---|
| **From:** | Vioxx Claims Administrator [Claimsadmin@browngreer.com] |
| **Sent:** | Wednesday, January 06, 2010 4:48 PM |
| **To:** | alevicoff@lsandd.net; LAKibby@lsandd.net |
| **Cc:** | Weiss, Sol; Spizer, Gregory S.; Myers, Pamela; Del Valle, Edna; alist@clarkperdue.com; Hill, Barry; jcpeterson@hpcbd.com; stephanie@hpcbd.com |
| **Subject:** | Notice of Assessment of Procedural Sufficiency of Third Party Claim Against Attorneys' Fees |
| **Attachments:** | Teresa Toriseva, Notice, PTO 47A.pdf |

Please see the attached Notice pursuant to Pre-Trial Order Number 47A.

<<Teresa Toriseva, Notice, PTO 47A.pdf>>
**Vioxx Claims Administrator**
**BROWNGREER PLC**
115 S. 15th Street, Suite 400
Richmond, Virginia 23219-4209
Telephone: (804) 521-7200
Facsimile: (804) 521-7299
www.browngreer.com

*This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*

EXHIBIT 11 : 3 PAGES

Ex. 11, P. 1

1

| V2120 | **NOTICE OF ASSESSMENT OF PROCEDURAL SUFFICIENCY OF THIRD PARTY CLAIM AGAINST ATTORNEYS' FEES** |
|---|---|
| | (Date of Notice: 1/6/10) |

### A. NOTICE TO PARTIES TO THIRD PARTY CLAIM

Pursuant to Pretrial Order 47A ("PTO 47A") dated December 17, 2009, the Claims Administrator is required to perform an assessment of the procedural sufficiency of all claims asserting an entitlement to all or part of a Vioxx Settlement Payment for attorneys' fees, reimbursement of expenses, or for any claim asserted against the attorneys' fees portion of a Vioxx Settlement Payment ("Fee Liens"). This Notice is to the filing party (the "Lien Claimant") and to the Primary Counsel representing the affected Vioxx Program Claimant(s), or to a Pro Se Claimant directly.

A copy of PTO 47A may be obtained from at http://www.browngreer.com/vioxxsettlement/images/pdfs/pto47a.pdf.

### B. LIEN CLAIMANT

| 1. | Name of Third Party Claimant | Teresa Toriseva, Esq. | |
|---|---|---|---|
| 2. | Primary Contact | Levicoff, Silko & Deemer, P.C. | |
| 3. | Date Claims Administrator Received Third Party Claim | 9/21/2009 | |

### C. VIOXX PROGRAM CLAIMANT

| 4. | Claimant Name (See attached Exhibit 1 if more than one Claimant) | Last<br>See attached Exhibit 1 | First | Middle |
|---|---|---|---|---|
| 5. | Primary Counsel (if applicable) | See attached Exhibit 1 | | |
| 6. | Attorney Name (if applicable) | See attached Exhibit 1 | | |

### D. ASSESSMENT OF PROCEDURAL SUFFICIENCY

After review of the procedural sufficiency of the above-referenced Fee Lien under Paragraph 3 of PTO 47A, the Claims Administrator has determined that:

- ☐ The Fee Lien meets the stated requirements of PTO 47A. No Further action is required under that Order.
- ☒ The Fee Lien **does not meet** the stated requirements of PTO 47A for the following reason(s):
  - ☐ Fee Lien does not contain a demand for the relief sought.
  - ☐ Fee Lien does not contain an indication of whether it is being asserted against a claimant or an attorney.
  - ☐ Fee Lien does not contain a copy of a contract on which the claim is based (if based on a written contract).
  - ☐ Fee Lien does not contain information regarding the parties to a contract, when and where the contract was made, and the terms of the contract (if based on an oral contract).
  - ☒ Fee Lien does not indicate, if a *quantum meruit* claim is being made, whether the *quantum meruit* claim is exclusive or alternative to a contract claim.

V2120v1
#367612
12/31/09

EXHIBIT 11, P.2

| V2120 | NOTICE OF ASSESSMENT OF PROCEDURAL SUFFICIENCY OF THIRD PARTY CLAIM AGAINST ATTORNEYS' FEES |
|---|---|
| | (Date of Notice: 1/6/10) |

### E. CONTESTING THE CLAIMS ADMINISTRATOR'S DETERMINATION

1. Any party who objects to the Claims Administrator's determination may challenge the procedural sufficiency of the Fee Lien by motion filed with the Court within 21 days after the date of this Notice.

2. If the Fee Lien was originally submitted prior to the issuance of PTO 47A, and the Claims Administrator has determined that the Fee Lien does not meet the procedural sufficiency requirements, the Lien Claimant has 21 days after the date of this Notice to withdraw Fee Lien or restate it in compliance with PTO 47A. A withdrawal under this circumstance is without prejudice to refiling. If the Lien Claimant fails to respond within 21 days, the attempted Fee Lien is rendered invalid.

EXHIBIT 11, P.3