UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>        PRODUCTS LIABILITY<br>        LITIGATION<br><br>_____<br>THIS RELATES TO:<br>    Bob Stephens,<br>    Individually, and as the<br>    Administrator for the Estate of<br>    Johnie Stephens, deceased<br><br>    v.<br><br>Merck & Co., Inc.<br><br>Civil Action No. E.D. La. 06-CV-1678<br>                    ARE 4-06-CV-0259 WRW | MDL NO. 1657<br><br>Section: L<br><br>Judge Fallon<br>Magistrate Judge Knowles |

MEMORANDUM IN OPPOSITION
TO MOTION FOR RESOLUTION OF FEE LIEN

Comes now, Bob Stephens, Individually and as the Administrator for the Estate of Johnie Stephens, deceased (hereinafter "Stephens") and responds to the Motion for Resolution of Fee Lien by Gary Holt & Associates, P.A. f/k/a Gary Eubanks & Associates, P.A. ("Eubanks") and would show as follows:

SUMMARY

Stephens agrees that this court should decide the fee dispute between Stephens and Eubanks. However, the 32% fee currently held in escrow by the Claims Administrator should be awarded to Stephens, not Eubanks.

{A35\8244\0001\W0420176.1 }

The sole question to be decided by the Court is whether Eubanks was terminated for cause.[1] The facts plainly establish that it was. Eubanks failed to carry out Stephens' explicit and reasonable instructions, failed to obtain and preserve important evidence, wrongfully authorized the destruction of evidence, and failed to notify Stephens of its errors. Each of these failures was a breach of Eubanks' fiduciary duty and gave Stephens good cause to terminate the relationship.

Eubanks' reliance on events such as the Special Master's award, and Stephens' dismissal of a malpractice suit, is misplaced. The proper time for judging the existence or absence of good cause is the moment Stephens terminated Eubanks. At that moment, Stephens had good cause. The fact that later events diminished the harm caused by Eubanks' failures is irrelevant. Good cause is not judged on the basis of harm done. Thus, Eubanks' invocation of the old saw, "no harm, no foul" rings hollow. Consider the attorney who wrongfully takes money from his client trust account for personal use, but later pays it back or the attorney who divulges his client's secrets at cocktail parties. Are their clients acting without cause when they terminate these lawyers? Of course not. Good cause is not judged by financial consequences. It is judged by the actions of the lawyer.

This Court should grant the motion for "resolution," deny Eubanks' purported lien, and award the amount held in escrow to Stephens.

---

[1] See generally *The Lowber Hendricks Law Firm, P.A. v. Scott*, 1999 WL 805056 (Ark. App. 1999). Although Eubanks' brief mentions a case recognizing quantum meruit for attorneys fired for cause, Eubanks has not sought quantum meruit and has submitted no evidence from which this Court could calculate a lodestar using the factors established in *Johnson v. Georgia Highway Express*. Furthermore, this court should follow the general rule that attorneys discharged for cause are not entitled to fees. *See* 1 Attorneys' Fees § 3:13 (3d ed.) (copy attached as Exhibit 2).

## FACTS

The relevant facts are set forth in detail in the prior filings concerning this dispute and the Declaration of Bob Stephens attached as Exhibit 1.[2] Those facts establish that Eubanks failed to carry out the client's reasonable instruction to immediately obtain the pharmacy records of Johnie Stephens. Instead, Eubanks' wrote the pharmacy a letter asking it to suspend its destruction policies. Eubanks did not obtain the records. In fact, it did not even ask for the records, much less subpoena them. Afterwards, and still without having obtained the records, Eubanks authorized the pharmacy to resume its destruction protocol. Later, when Stephens demanded that Eubanks continue efforts to remedy the situation, Eubanks refused. Stephens then terminated the relationship. At that time, the facts were clear. Eubanks had twice failed to carry out the reasonable instructions of its client and failed to obtain important evidence. Those failures had resulted in a points award that was lower than it should have been. At that time, without any doubt, Stephens had good cause to terminate Eubanks.

## ARGUMENT AND AUTHORITIES

**I. Eubanks cannot recover its contractual fee because it was terminated for cause.**

The Arkansas attorney's lien statute does not apply to cases in which an attorney is terminated for cause. See *Williams v. Ashley*, 319 Ark. 197, 890 S.W.2d 260, 261 (1995); *Mobley Law Firm v. Lisle Law Firm*, 353 Ark. 828, 120 S.W.3d 527, 540 n.2 (1987); see also *The Lowber Hendricks Law Firm, P.A. v. Scott*, 1999 WL 805056 (Ark. App. 1999). Under the circumstances present here, there is no doubt that Eubanks was terminated for cause. Thus, it is not entitled to a contractual fee and its lien is invalid.

---

[2] This declaration was filed previously in connection with the briefing on the Motion to Enforce Attorney's Lien, but appears to have been rejected by the clerk. It is attached to this filing in order to ensure a complete record.

**II.  Eubanks breached its fiduciary duty and thereby forfeited any fee.**

An attorney owes his client a fiduciary duty. See *Rice v. Ragsdale*, 2009 WL 331449, page 4 of attached copy, (Ark. App. Feb. 11, 2009). An attorney who commits a breach of that duty forfeits his fee.  Section 37 of the *Restatement (Third) of The Law Governing Lawyers* states in part: "A lawyer engaging in clear and serious violation of duty to a client may be required to forfeit some or all of the lawyer's compensation for the matter." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 37 (2000).  In this case, Eubanks' breached its duty.  It failed to carry out its client's reasonable instructions; it failed to obtain important evidence; it wrongfully authorized the destruction of evidence; and it failed to disclose its errors, thereby not keeping its client informed of important events and perhaps hoping he would not notice.

**III.     Events subsequent to termination are irrelevant.**

Logic dictates that the existence or absence of good cause is judged at the time of termination.  Subsequent events are irrelevant.  Good cause should be judged by the lawyer's conduct that led to termination, not the ultimate effect of that conduct. Whether the conduct that caused the client to terminate the relationship ultimately caused harm to the client cannot be the test for good cause. It may well affect the issues of proximate cause and damages in a malpractice case, but it has no bearing on whether the client had cause for termination. To hold otherwise would force clients to stick with lawyers who are chemically impaired, neglecting their cases, violating disciplinary rules, or even engaging in criminal conduct.  Clients should not have to wait until they have been harmed to fire lawyers whose conduct amounts to good cause for termination.

In this case, at the time Stephens fired Eubanks, Stephens knew of Eubanks failures and knew that those failures had resulted in him receiving a points award that was lower than it should have been. The fact that Stephens allowed Eubanks to file an appeal of the initial points award before being fired does not erase the good cause Stephens had for the termination.[3] Furthermore, to the extent this Court's decision condones a party's conduct, it should be Stephens' efforts to mitigate the harm, not the conduct of Eubanks that caused its termination and the harm to be mitigated.

## CONCLUSION

Eubanks was terminated for good cause and forfeited its fee. This Court should resolve this matter by denying Eubanks' Motion to Enforce Attorney's Lien and instructing the Claims Administrator to direct payment of the funds remaining in escrow directly to Stephens.

Respectfully submitted,

/s/ *E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
Texas Bar No. 00785097
POTTER MINTON, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)
glennthames@potterminton.com

**Attorneys for Bob Stephens, Individually and as Administrator for the Estate of Johnie Stephens, Deceased**

---

[3] Faced with an impending deadline, Stephens allowed Eubanks to file the appeal although Stephens did most of the work himself, including obtaining the additional evidence of duration which was attached.

CERTIFICATE OF SERVICE

I, E. Glenn Thames, Jr., hereby certify that the above and foregoing Memorandum in Opposition to Motion for Resolution of Fee Lien has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to the LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 4th day of March, 2010.

I further certify that the above and foregoing was served via electronic mail upon the following:

Gary Holt and Breean Walas
Gary Holt & Associates, P.A. f/k/a Gary Eubanks & Associates, P.A.
P.O. Box 3887
Little Rock, AR 72203
**holtg@garyholtlaw.com**
**walasb@garyholtlaw.com**

A copy of this pleading has also been forwarded to Vioxx Claims Administrator, Jennifer Goodwin, by email at **jgoodwin@browngreer.com**.

/s/ *E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
Texas Bar No. 00785097
POTTER MINTON, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
(903) 597-8311 (telephone)
(903) 593-0846 (facsimile)
glennthames@potterminton.com