Case 2:05-md-01657-EEF-DEK   Document 36059-2   Filed 03/04/10   Page 1 of 4

ATTYFEES § 3:13                              EXHIBIT 2                                    Page 1
1 Attorneys' Fees § 3:13 (3d ed.)

Attorneys' Fees

Database updated July 2009

Robert L. Rossi

Chapter
3. Factors Affecting Right To Compensation

III. DISCHARGE OF ATTORNEY

References

**§ 3:13. Discharge of attorney for cause**

Where an attorney is discharged for cause, the prevailing rule is that he may not recover any compensation at all, whether he was retained on the basis of a fixed fee or a contingent fee.[FN1] However, to deprive the attorney of all compensation, the discharge must be for good and sufficient cause.[FN2] Whether or not there was a good and sufficient cause is a question that must be determined by the facts and circumstances in each case.[FN3]

Despite the general rule as stated above, there are cases which hold or indicate that an attorney discharged for cause may nevertheless recover for his services on a quantum meruit basis.[FN4]

In Tennessee, an attorney discharged without cause is entitled to collect on the basis of quantum meruit or the contract price, whichever is greater, but if the client had cause to terminate the attorney, recovery is governed by the lesser of quantum meruit or the contract price, and in an action against an insurer for attorney's fees brought by a law firm that had been retained by the insurer to pursue subrogation cases on a contingency fee basis pursuant to a sliding-scale fee schedule and one year later was terminated for cause from all 152 pending cases, the court held that since the law firm was entitled to seek quantum meruit recovery for services rendered prior to discharge, the trial court erred in ruling that the law firm was not entitled to recover fees for its services because there had been no recovery on any of those cases at the time it was discharged. Mitch Grissim & Associates v. Blue Cross & Blue Shield of Tennessee, 114 S.W.3d 531 (Tenn. Ct. App. 2002), appeal denied, (Feb. 24, 2003).

An attorney who is discharged for cause is not entitled to any compensation, and where a law firm that was handling a case arising from a death due to medical malpractice failed to timely file a wrongful death claim, resulting in dismissal of that claim, and kept the fact of the untimely filing and the dismissal hidden from their client for three years while they pursued the related personal injury action, the client's discharge of the firm after being informed of the dismissal was for cause and the firm was therefore not entitled to any legal fee despite obtaining a $200,000 settlement of the personal injury action prior to being discharged. In re Spatola, 196 Misc. 2d 666, 763 N.Y.S.2d 463 (Sur. Ct. 2003).

In Tennessee, an attorney discharged without cause can elect to recover based on the full contract price

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

while an attorney discharged for cause may recover on the basis of quantum meruit or breach of contract, whichever is less, and in a breach of contract action for unpaid attorney's fees brought by an attorney against a former client who alleged that he had discharged the attorney because he had lost confidence in the attorney's ability to handle his criminal case, the court concluded that the trial court erred in directing a verdict for the attorney on the ground that the client had offered no expert proof to support his "discharge for cause" defense, since expert proof was not necessary in order for the client to prove he lost confidence in his attorney and discharged him with cause for that reason. In so ruling, the court held that a "for cause" firing includes the client's right to discharge the attorney whenever the client ceases to have absolute confidence in the relationship, and that to establish termination for cause on this ground, the client must prove that he actually did lose confidence in his attorney and that his reasons for the loss of confidence leading to the attorney's discharge were objectively reasonable. Rose v. Welch, 115 S.W.3d 478 (Tenn. Ct. App. 2003), appeal denied, (Sept. 2, 2003).

   In an action in which an attorney who represented a personal injury plaintiff pursuant to a 40% contingent fee agreement sought to recover a fee after he was discharged after having negotiated a $12,500 settlement which the client rejected, the court held that since the fee agreement specified that the contingency fee was to be based upon "final recovery," at the time that the attorney was terminated the contingency had not occurred and the attorney was therefore not entitled to recover a fee based upon the contract, although he might be entitled to a fee on the basis of quantum meruit, and therefore while summary judgment was properly granted on the contract claim, it was erroneously granted on the quantum meruit claim. In holding that recovery might be permitted on a quantum meruit basis, the court rejected the client's contention that the attorney was not be entitled to collect any fees because he engaged in misconduct by settling the case without her authority, concluding that forfeiture was not appropriate because the negotiated settlement was not enforced by the trial court and the client's claim was therefore not compromised. Lewis v. Smith, 274 Ga. App. 528, 618 S.E.2d 32 (2005), cert. denied, (Dec. 1, 2005).

   In an action for quantum meruit legal fees brought by a law firm against a former client who had been represented on a contingent fee basis and who decided, contrary to his attorney's advice, not to appeal from a summary judgment that had been entered against him in a case he brought against an insurance company, the court held that the client did not discharge the law firm without cause and did not violate the terms of the contingent fee contract when he refused to take an appeal, and therefore the firm was not entitled to recover a fee on a quantum meruit basis. Keck and Associates, P.C. v. Vasey, 359 Ill. App. 3d 566, 295 Ill. Dec. 905, 834 N.E.2d 486 (1st Dist. 2005).

   Under New York law, an attorney may be dismissed by a client at any time with or without cause. If the discharge is for cause, the attorney is not entitled to any fees. If the discharge of the attorney is without cause, the attorney may recover the value of services rendered in quantum meruit. While poor client relations, differences of opinion, or personality conflicts do not amount to "cause" for the discharge of an attorney, in a fee dispute between an attorney and a former client, the evidence was sufficient to support the determination that the attorney was discharged by his clients for cause on grounds of conflict of interest, and thus was not entitled to recover any fees; the attorney insisted on representing his clients jointly in a criminal proceeding, the waiver of conflict of interest was invalid, the clients testified that their attorney advised them that joint representation was critical to avoiding incarceration, and although the attorney moved to withdraw as counsel, one client testified that the day after she fired the attorney, he called her to say he was withdrawing. Garcia v. Teitler, 443 F.3d 202 (2d Cir. 2006).

   In a case in which a plaintiff who had agreed to a $90,000 settlement in his personal injury action sought to

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

deny compensation to his attorney based on the attorney's failure to inform him of a medical lien that purportedly reduced his monetary recovery, the court held that the plaintiff did not establish a basis to deprive counsel of his fee on the ground that he had been discharged for "cause," since plaintiff did not seek termination for cause until after the attorney had already completed his services and had obtained a settlement that was even more favorable than the trial court anticipated, and at outset of representation the firm had clearly warned the plaintiff that various liens would be deducted from his ultimate recovery. Friedman v. Park Cake, Inc., 34 A.D.3d 286, 825 N.Y.S.2d 11 (1st Dep't 2006).

An attorney who is discharged by the client based upon misconduct relating to the representation for which fees are sought forfeits all rights to compensation, and in a proceeding involving the division of a fee between a law firm that had been discharged during the pendency of a personal injury action and the law firm that took over the case and ultimately settled it for approximately $950,000, the court held that the lower court erroneously concluded that the discharged firm had committed misconduct warranting forfeiture of its fee, and awarded the firm its contingent fee share of the $600,000 offer that had been made prior to the firm's discharge, with the successor firm being awarded its negotiated share of the additional $350,000. Wingate, Russotti & Shapiro, LLP v. Friedman, Khafif & Associates, 41 A.D.3d 367, 839 N.Y.S.2d 469 (1st Dep't 2007), leave to appeal denied, 10 N.Y.3d 702, 853 N.Y.S.2d 544, 883 N.E.2d 371 (2008).

While an attorney who is discharged for cause is not entitled to compensation, where the claims of a woman who discharged her former attorney consisted solely of dissatisfaction with reasonable strategic choices regarding litigation, as a matter of law the discharge was not for cause, and the lower court therefore erred when it determined that the attorney was not entitled to any fee. Callaghan v. Callaghan, 48 A.D.3d 500, 852 N.Y.S.2d 273 (2d Dep't 2008).

Where a law firm that was discharged by the plaintiff in a malpractice case had twice threatened to stop working on the matter while a motion for summary judgment was pending and opposition papers were imminently due, and had tried to coerce or pressure its client into signing a new engagement agreement so the firm could receive proceeds from the settlement of another case to continue representing plaintiff in the malpractice action, the discharge was for cause and therefore the firm had no right to a charging or retaining lien. Brooks v. Lewin, 48 A.D.3d 289, 853 N.Y.S.2d 286 (1st Dep't 2008), leave to appeal dismissed in part, denied in part, 11 N.Y.3d 826, 868 N.Y.S.2d 593, 897 N.E.2d 1077 (2008).

---

[FN1] Fletcher v. Krise, 120 F.2d 809 (App. D.C. 1941); Dorsey v. Edge, 75 Ga. App. 388, 43 S.E.2d 425 (1947); Atwood v. Curtiss Candy Co., 22 Ill. App. 2d 369, 161 N.E.2d 355 (1st Dist. 1959); Miller v. Solomon, 49 Ill. App. 2d 156, 199 N.E.2d 660 (1st Dist. 1964) (overruling recognized by, Thomas P. Valenti, P.C. v. Swanson, 294 Ill. App. 3d 492, 228 Ill. Dec. 956, 690 N.E.2d 1031 (3d Dist. 1998)); Crowley v. Wolf, 281 N.Y. 59, 22 N.E.2d 234, 131 A.L.R. 970 (1939); Teichner by Teichner v. W & J Holsteins, Inc., 64 N.Y.2d 977, 489 N.Y.S.2d 36, 478 N.E.2d 177 (1985); Schwartz v. Tenenbaum, 7 A.D.2d 866, 182 N.Y.S.2d 51 (2d Dep't 1959); Marschke v. Cross, 82 A.D.2d 944, 440 N.Y.S.2d 740 (3d Dep't 1981); In re Zlobec, 133 A.D.2d 637, 519 N.Y.S.2d 745 (2d Dep't 1987); Burton v. Kaplan, 184 A.D.2d 408, 585 N.Y.S.2d 359 (1st Dep't 1992).

[FN2] Fivey v. Chambers, 199 Cal. App. 2d 457, 19 Cal. Rptr. 111 (1st Dist. 1962); Somuah v. Flachs, 352 Md. 241, 721 A.2d 680 (1998) (serious misconduct required for forfeiture of all compensation);

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Reynolds v. Polen, 222 Mich. App. 20, 564 N.W.2d 467 (1997) (must be disciplinable misconduct prejudicial to the client's case or conduct contrary to public policy to justify forfeiture of any fees).

*See* Matter of Schwartz, 235 A.D.2d 482, 652 N.Y.S.2d 624 (2d Dep't 1997) (attorney discharged as a result of fee dispute was not discharged for cause and was thus entitled to an award of reasonable attorney's fees for services rendered); DeLuccia v. Village of Monroe, 180 A.D.2d 897, 580 N.Y.S.2d 91 (3d Dep't 1992) (failure of accident victim's original counsel to attend depositions of two non-party witnesses in a companion action in which the client was sued and was represented by separate counsel, and counsel's failure to accompany his client to the physical examination by defendant's physician and to contact one of her doctors although the trial date was only one month away, did not establish misconduct which would warrant a discharge for cause and forfeiture of legal fees).

[FN3] Miller v. Solomon, 49 Ill. App. 2d 156, 199 N.E.2d 660 (1st Dist. 1964) (overruling recognized by, Thomas P. Valenti, P.C. v. Swanson, 294 Ill. App. 3d 492, 228 Ill. Dec. 956, 690 N.E.2d 1031 (3d Dist. 1998)).

[FN4] Crockett & Brown, P.A. v. Courson, 312 Ark. 363, 849 S.W.2d 938 (1993), on reh'g, (Apr. 26, 1993); Salopek v. Schoemann, 20 Cal. 2d 150, 124 P.2d 21 (1942); Fracasse v. Brent, 6 Cal. 3d 784, 100 Cal. Rptr. 385, 494 P.2d 9 (1972); Gostin v. State Farm Ins. Co., 224 Cal. App. 2d 319, 36 Cal. Rptr. 596 (4th Dist. 1964) (contingent retainer); Hensel v. Cohen, 155 Cal. App. 3d 563, 202 Cal. Rptr. 85 (2d Dist. 1984); Tobias v. King, 84 Ill. App. 3d 998, 40 Ill. Dec. 400, 406 N.E.2d 101 (1st Dist. 1980); O'Rourke v. Cairns, 683 So. 2d 697 (La. 1996); Campbell v. Bozeman Investors of Duluth, 1998 MT 204, 290 Mont. 374, 964 P.2d 41 (1998).

Westlaw. © 2009 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

ATTYFEES § 3:13

END OF DOCUMENT