# EXHIBIT 5

Confidential - Subject to Protective Order

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN RE: VIOXX PRODUCTS                MDL No. 1657
LIABILITY LITIGATION
                                     SECTION L

THIS DOCUMENT RELATES TO:
                                     JUDGE ELDON
STATE OF LOUISIANA, ex rel.,         E. FALLON
JAMES D. CALDWELL, JR.,
Attorney General,                    MAGISTRATE
                                     JUDGE KNOWLES
            Plaintiff,
       v.                            Case No.
MERCK & CO., INC.,                   05-3700

            Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

CONFIDENTIAL -
SUBJECT TO PROTECTIVE ORDER


DEPOSITION OF JOHN D. ABRAMSON, M.D.

Monday, January 11th, 2010
9:20 a.m.


Held At:
Hagens Berman Sobol Shapiro, LLP
55 Cambridge Parkway
Cambridge, Massachusetts


REPORTED BY:
Maureen O'Connor Pollard, RPR, CLR, CSR

Confidential - Subject to Protective Order

Page 69

1     A.     That's my intention. And I'm saying
2  that I have not gone back and cross-referenced
3  to make sure that it's complete, but I believe
4  to the extent that I have relied on a document
5  I've cited it in the report.
6     Q.     Are there any documents that you
7  relied upon for your opinions in this case that
8  are not specifically cited in your expert
9  report?
10    A.     There may be a few.
11    Q.     And how can I identify those?
12    A.     The simplest way would be for you to
13 ask what the document is that I relied upon for
14 an opinion, and we can see if it's in this list,
15 in the footnotes. And if it's not, I can
16 provide it.
17    Q.     That's not really going to be feasible
18 with a 100 page expert report.
19           So you understood it was your
20 obligation to identify all the materials you
21 were relying upon for your opinions in this
22 case? You've done this before, you know that's
23 what you're supposed to do, right?
24    A.     Yes.

Confidential - Subject to Protective Order

Page 70

1    Q.    And you've testified that you cite
2    specifically to the documents that you're
3    relying upon for your opinions, correct?
4    A.    Correct.
5    Q.    I asked a moment ago are there any
6    other documents that you're relying upon for
7    your opinions in this case that are not
8    specifically cited in your expert report, and
9    you said there may be.
10   A.    It's possible. My intention is that
11   all the documents that I relied upon are cited
12   in the report.
13   Q.    When you reviewed the report in the
14   last eighteen hours to prepare your corrections,
15   did you find any, or did you make note of any
16   documents that you're relying upon for your
17   opinions in this case that are not specifically
18   cited in your expert report?
19   A.    I did note that at one point I don't
20   have a reference to document the selection
21   criteria for the pre-approval osteoarthritis
22   studies ruling out the use of aspirin, and would
23   have preferred that it was there. I can't think
24   of another instance where there's a reference