UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation | *<br>*<br>* |
| This Document Relates to: | *  MDL No. 1657<br>* |
| STATE OF LOUISIANA, *ex rel.* JAMES D.<br>    CALDWELL, JR., Attorney General, | *  SECTION L<br>* |
|     Plaintiff, | *  JUDGE ELDON E. FALLON<br>* |
|     versus | *  MAGISTRATE JUDGE<br>*  KNOWLES<br>* |
| MERCK SHARP & DOHME CORP., INC., | * |
|     Defendant. | *<br>* |
| Case No. 05-3700. | *<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION OF MERCK SHARP & DOHME CORP. ("MERCK")
TO PLAINTIFF'S OMNIBUS MOTION *IN LIMINE***

In its untimely[1] omnibus motion *in limine*, Plaintiff asks the Court "to enter an Order adopting and incorporating several prior Motion in Limine pleadings initiated by Plaintiffs in the Vioxx Multidistrict Litigation, MDL No. 1657, as set forth [therein], as well as the Court's rulings thereon." (Pl.'s Mot. at 1.) For the vast majority of the motions *in limine* listed in Plaintiff's omnibus motion, many with overlapping or duplicative topics, the Court actually denied or reserved ruling in the pretrial hearings, and Merck has no objection to Plaintiff's motion requesting that the Court do the same here. (*See* Pl.'s Mots. Nos. 3, 4, 5, 7, 9, 11, 13, 15, and Section I below.) In some instances, such as the admission of the April 6, 2005 FDA Memorandum ("FDA Memo"), the Court reserved ruling in pretrial proceedings, but ultimately

---

[1]  Plaintiff filed its motion *in limine* on March 2, 2010, four days past the motion *in limine* deadline of February 26, 2010. *See, e.g., Walker v. Yellow Freight Sys., Inc.,* No. 98-3565, 1999 WL 955364, at *9-10 (E.D. La. Oct. 19, 1999) (court denied party's motion *in limine* because it was filed untimely).

1

1010701v.1

denied the plaintiffs' motions and admitted the evidence at trial. (*See* Section I below, Pl.'s Mots. Nos. 1, 8, 14, and 18.) Merck agrees that the Court should adopt these rulings as well. Merck also agrees with Plaintiff's request as to motion number 10 to exclude the Martin Report, as Merck filed a parallel motion *in limine* to exclude the Martin Report in this case. (*See* Merck's Mot. *in Limine* No. 14 to Exclude the Waxman Memo and the Martin Report, filed Feb. 26, 2010 ("Merck's Motion to Exclude Martin Report"); *see also* Section II below.)

However, Merck opposes Plaintiff's motions numbered 2, 6, 12, 16, and 17. Plaintiff's motion number 6, requesting Merck be precluded from discussing the total number of heart attacks in the United States, and motion number 16, requesting Merck be precluded from saying Vioxx is a potential cure for cancer, should be denied for the reasons addressed below in Section III. Motions numbered 2, 12, and 17 all concern personal use of Vioxx by Merck employees and are addressed together in the concurrently filed Opposition of Merck Sharp & Dohme ("Merck") to Plaintiff's Motions *in Limine* Nos. 2, 12 and 17.

## SECTION I

Merck agrees with Plaintiff's request to accept the Court's prior rulings for the motions listed below (which are organized topically) where the Court initially or ultimately denied the motion, or where it reserved ruling on the topic:

### A. April 6, 2005 FDA Memorandum And Class Effect (Numbers 1, 8, 14, 18)

Plaintiff references and incorporates motions *in limine* concerning the FDA Memo and class effect from *Plunkett I, Smith, Mason,* and *Dedrick*. As noted below, in pretrial proceedings, the Court reserved ruling in all these cases. The Court, however, ultimately overruled plaintiffs' motions at trial and admitted the FDA Memo in all these cases.

2

1. **PLAINTIFF'S MOTION IN LIMINE REGARDING THE APRIL 6, 2005 FDA STAFF MEMORANDUM ADDRESSING ANALYSIS AND RECOMMENDATIONS FOR AGENCY ACTION (Motion in Limine #13), 2:05cv02524, LexisNexis Transaction # 12754899.**

This motion *in limine* was filed in *Dedrick*. The Court reserved its ruling, explaining it "will decide if this comes in depending on the context in which it comes up." (Nov. 22, 2006 *Dedrick* Order, attached as Ex. A, at 9.) At trial, however, the Court admitted the FDA Memo. (*See* Dec. 4, 2006 *Dedrick* Trial Tr., attached as Ex. B, at 1552:11-1553:13.)

8. **PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE RE: THE April 6, 2005 FDA MEMORANDUM (Plaintiff's Motion in Limine No. 7), 2:06cv00810, LexisNexis Transaction #12482322.**

This motion *in limine* was filed in *Mason*. The Court reserved its ruling, explaining it "will decide if this comes in depending on the context in which it comes up." (Oct. 16, 2006 *Mason* Order, attached as Ex. C, at 8.) The Court, however, admitted the FDA Memo at trial. (*See* Nov. 1, 2006 *Mason* Trial Tr., attached as Ex. D, at 534:9-24.)

14. **PLAINTIFF'S MOTION IN LIMINE NO. 7 - PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE RE: THE APRIL 6, 2005 FDA MEMORANDUM, 2:05cv04379, LexisNexis Transaction #12003275.**

This motion *in limine* was filed in *Smith*. The Court reserved its ruling, explaining it "will decide if this comes in depending on the context in which it comes up." (Sept. 6, 2006 *Smith* Order, attached as Ex. E, at 10.) The Court, however, admitted the FDA Memo at trial. (*See* Sept. 18, 2006 *Smith* Trial Tr., attached as Ex. F, at 1740:21-1742:20; Sept. 22, 2006 *Smith* Trial Tr., attached as Ex. G, at 2792:5-10.)

      **18.**    **Motion in Limine No. 5 - PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND-OR ARGUMENT THAT THE FDA HAS CONCLUDED THERE IS A "CLASS EFFECT" FOR ALL NONSTEROIDAL ANTI INFLAMMATORY DRUGS ("NSAIDS"), 2:05cv04046, LexisNexis Transaction #7367010.**

      This motion *in limine* was filed in *Plunkett I*. In *Plunkett I*, the Court reserved its ruling, stating "will preview evidence before submitted to jury." (Nov. 18, 2005 *Plunkett I* Order, attached as Ex. H, at 7.) The FDA Memo, however, was offered and admitted at trial in *Plunkett I*. (*See* Dec. 2, 2005 *Plunkett I* Trial Tr., attached as Ex. I, at 818:16-19.)

      **B.**    **Deaths Attributable to NSAID Gastrointestinal Toxicity (Numbers 3, 9)**

      **3.**    **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MERCK WITNESSES FROM TESTIFYING ABOUT THE ANNUAL NUMBER OF DEATHS ATTRIBUTABLE TO NSAID GASTROINTESTINAL TOXICITY WITHOUT APPROPRIATE QUALIFICATIONS AND SCIENTIFIC SUPPORT (Motion in Limine #8), 2:05cv02524, LexisNexis Transaction #12753601.**

      This motion *in limine* was filed in *Dedrick*. The Court denied this motion, stating it was an "issue of fact." (Nov. 22, 2006 *Dedrick* Order at 8.)

      **9.**    **PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE CONCERNING ANNUAL DEATHS ATTRIBUTABLE TO NSAID GASTROPATHY (Plaintiff's Motion in Limine No. 6), 2:06cv00810, LexisNexis Transaction #12482278.**

      This motion *in limine* was filed in *Mason*. The Court denied this motion, stating it was an "issue of fact." (Oct. 16, 2006 *Mason* Order at 8.)

      **C.**    **Good Acts (Number 4)**

      **4.**    **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S REPUTATION AND OR "GOOD ACTS" (Motion in Limine #4), 2:05cv02524, LexisNexis Transaction #12753462.**

      This motion *in limine* was filed in *Dedrick*. The Court reserved its ruling because the motion was "too broad." (Nov. 22, 2006 *Dedrick* Order at 6.)

**D.     Merck Could Not Have Made Label Changes Without Prior FDA Approval (Number 5)**

**5.     PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MERCK FROM ARGUING THAT FDA REGULATIONS PROHIBITED THE COMPANY FROM MAKING LABEL CHANGES WITHOUT PRIOR AGENCY APPROVAL (Motion in Limine #6), 2:05cv02524, LexisNexis Transaction #12753337.**

This motion *in limine* was filed in *Dedrick*. The Court denied this motion, explaining "this is a question of fact, experts disagree about whether or not Merck could make label changes without prior approval." (Nov. 22, 2006 *Dedrick* Order at 7.)

**E.     Undisclosed Expert Testimony (Numbers 7, 11, 13)**

**7.     PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MERCK EMPLOYEE AND FORMER EMPLOYEE WITNESSES FROM OFFERING OPINION TESTIMONY WHICH THEY ARE UNQUALIFIED TO OFFER, WHICH HAS NOT PREVIOUSLY BEEN DISCLOSED, AND WHICH LACKS APPROPRIATE SUPPORT UNDER DAUBERT (Motion in Limine #9), 2:05cv02524, LexisNexis Transaction #12753081.**

This motion *in limine* was filed in *Dedrick*. The Court reserved its ruling, stating the motion was "too vague." (Nov. 22, 2006 *Dedrick* Order at 8.)

**11.    PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE CONCERNING MERCK EMPLOYEES OFFERING UNDISCLOSED EXPERT OPINIONS (Pl's MIL No. 5), 2:06cv00810, LexisNexis Transaction #12479768.**

This motion *in limine* was filed in *Mason*. The Court reserved its ruling, stating the motion was "too vague." (Oct. 16, 2006 *Mason* Order at 7.)

**13.    PLAINTIFF'S MOTION IN LIMINE NO. 5 - PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE CONCERNING MERCK EMPLOYEES OFFERING UNDISCLOSED EXPERT OPINIONS, 2:05cv04379, LexisNexis Transaction #12002364.**

This motion *in limine* was filed in *Smith*. The Court reserved its ruling, stating the motion was "too vague." (Sept. 6, 2006 *Smith* Order at 9.)

1010701v.1

  F. **Preamble to 71 FR 3922001 And Preemption (Number 15)**

  15. **PLAINTIFF'S MOTION IN LIMINE NO. 11: PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT MERCK FROM OFFERING ANY TESTIMONY OR ARGUMENT RE THE PREAMBLE TO 71 FR 3922001 AND ANY STATEMENT BY THE FDA REGARDING PREEMPTION, MDL-1657 Master Case, LexisNexis Transaction #11658728.**

  This motion *in limine* was filed in *Barnett*. The Court denied the motion as moot because the parties had "amicably resolved the [motion] and requested that [it] be withdrawn." (July 31, 2006 *Barnett* Order, attached as Ex. J, at 1, 2.)

## SECTION II

  Merck agrees with Plaintiff's request to exclude the Martin Report (Number 10):

  10. **PLAINTIFF CHARLES LARON MASON'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE REGARDING THE "MARTIN REPORT" (Plaintiff's Motion in Limine No. 10), 2:06cv00810, LexisNexis Transaction #12481648.**

  This motion *in limine* was filed in *Mason*. The Court granted the motion. (Oct. 16, 2006 *Mason* Order at 9.) In this case, Merck filed a motion to exclude the Martin Report similar to the one filed by plaintiff in *Mason*. (*See* Merck's Motion to Exclude Martin Report.) Because both Plaintiff and Merck ask the Court to exclude the Martin Report here, motion number 10 is moot.

## SECTION III

  Merck opposes motion numbers 6 and 16 for the reasons below. Merck also opposes motions numbered 2, 12, and 17; those motions are addressed together in the concurrently filed Opposition of Merck Sharp & Dohme ("Merck") to Plaintiff's Motions *in Limine* Nos. 2, 12 and 17.

  A. **Plaintiff's Motion *in Limine* No. 6 Should Be Denied**

  Plaintiff has moved to exclude evidence, testimony, or argument regarding the number of heart attacks in the United States. (*See* Pl.'s Mot. No. 6.) The motion *in limine* Plaintiff

references was filed in *Dedrick*. While the Court granted the motion in *Dedrick* (*see* Nov. 22, 2006 *Dedrick* Order), it should not be granted here.

Merck anticipates that Plaintiff will attempt to rely on a retrospective observational study conducted by Dr. David Graham.[2] In an article published in *The Lancet* in January 2005, Dr. Graham opined that Vioxx had caused between 88,000 to 144,000 excess cases of serious coronary events in the United States and that 44 percent of these excess cases were fatal. Merck has moved to exclude evidence of and testimony about Dr. Graham's conclusions in Merck's Motion *In Limine* No. 10, To Exclude Evidence Or Argument About Dr. David J. Graham's "Excess Event" Calculation, filed February 26, 2010. As explained in Merck's motion *in limine*, Dr. Graham's calculations are unreliable, irrelevant to Plaintiff's allegation that Merck's representations caused the State to pay for Vioxx when it otherwise would not have, and likely to cause unwarranted delay.

However, if the Court does not grant Merck's motion to exclude this evidence, Merck must be able to rebut Dr. Graham's flawed estimates by introducing evidence that Vioxx did not cause 144,000 excess heart attacks.[3] In such a case, a comparison of the number of pre-Vioxx heart attacks with the number of heart attacks that occurred while Vioxx was on the market would be highly probative and relevant.

In any event, Plaintiff has offered no legitimate basis for excluding all evidence regarding the annual number of heart attacks in the United States. The prior briefing adopted by Plaintiff expresses concerns over the unfairly prejudicial effect of such evidence (*see Dedrick*, Pl.'s Mot. in Limine No. 7 at 5), but these concerns are moot in a bench trial. *See Gulf States*

---

[2]   *See* David J. Graham, et al., *Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and non-selective non-steroidal anti-inflammatory drugs: nested case-control study*, LANCET 2005;365:475-81 (Jan. 25, 2005).

[3]   If evidence and testimony about Dr. Graham's calculations are excluded, Merck will not seek to offer this type of comparative evidence to demonstrate that Vioxx did not lead to an increase in heart attacks.

*Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) ("Excluding relevant evidence in a bench trial … on the basis of 'unfair prejudice' is a useless procedure.") For these reasons, the Court should deny Plaintiff's request to exclude evidence or argument about the number of heart attacks in the United States.

### B. Plaintiff's Motion *in Limine* No. 16 Should Be Denied

Plaintiff has also moved to exclude evidence, testimony, or argument that Vioxx is a potential cure for cancer. (Pl.'s Mot. No. 16.) The motion *in limine* Plaintiff references was filed in *Barnett*. Although the Court initially granted this motion in *Barnett*, it noted that "[t]his may be contextual and need to be reviewed if the need arises." (June 28, 2006 *Barnett* Order at 8, attached as Ex. K.) It ultimately permitted Dr. Morrison to discuss cancer at trial. (*See, e.g.*, Aug. 11, 2006 *Barnett* Trial Tr., attached as Ex. L, at 1991:6-12, 1999:9-16, 2033:14-18.) In *Dedrick*, the Court denied the motion. (*See* Nov. 22, 2006 *Dedrick* Order.) The Court should follow its considered precedent in *Dedrick* and likewise deny Plaintiff's motion here.[4]

Plaintiff's motion is presumably aimed at testimony like that given by Dr. Briggs Morrison, an oncologist and former Merck employee who joined the company to work on clinical trials testing whether COX-2 inhibitors such as Vioxx could prevent cancer. (*See* Feb. 14, 2006 *Plunkett II* Trial Tr. at 1517:11-1520:9, 1604:2-1607:13.) Dr. Morrison's and all other testimony about the relation between Vioxx and cancer is admissible because such testimony is highly relevant to the development and ongoing testing of Vioxx. Moreover, the APPROVe study – on which Plaintiff itself relies in arguing that Merck misrepresented the risks of Vioxx (*see* Compl. ¶¶ 155-57) – was a study to determine if Vioxx could help prevent the recurrence of

---

[4] In addition to *Barnett* and *Dedrick,* the Court has permitted Dr. Morrison's testimony about cancer in other cases as well. In *Plunkett II*, for instance, the Court allowed Dr. Morrison to testify about his background in oncology and his role on the Vioxx team. (Feb. 14, 2006 *Plunkett II* Trial Tr., attached as Ex. M, at 1517:11-1520:9, 1604:2-1607:13.)

8

cancerous colon polyps, thereby reducing the risk of colon cancer.  The VICTOR and ViP studies likewise considered the relationship between Vioxx and cancer.  In short, the suspected relationship between Vioxx and cancer is an integral part of the story of Vioxx's development and testing.

      Plaintiff's attempts to adopt the arguments from prior litigation are unavailing.  In *Dedrick*, for example, the plaintiff argued that he would be unduly prejudiced by testimony suggesting that "Plaintiff has, somehow, foreclosed the promise of a new cancer therapy." (*Dedrick,* Pl.'s Mot. in Limine No. 10 at 4.)  This argument is a straw man; Merck has never suggested that Vioxx plaintiffs have foreclosed the development of new cancer treatments, and does not intend to do so here.  And the argument that any testimony about cancer is improper expert testimony (*see Dedrick,* Pl.'s Reply in Supp. of Mot. in Limine No. 10 at 2) is misplaced, because witnesses will be testifying about their personal experiences and observations.  *See* Fed. R. Evid. 701 (lay witnesses may offer testimony based on their own firsthand experience).  For all of these reasons, Plaintiff's motion to exclude evidence or argument that Vioxx is a potential cure for cancer should be denied.

## **CONCLUSION**

For the reasons above, Merck respectfully requests that the Court deny Plaintiff's omnibus motion in limine as to motions numbered 6 and 16.  Merck does not contest Plaintiff's request to accept the Court's prior rulings for motions numbered 1, 3, 4, 5, 7, 8, 9, 11, 13, 14, 15, and 18, where the Court reserved ruling or ultimately denied the motion.  Merck believes motion number 10 is moot because both Merck and Plaintiff request the Court to exclude the Martin Report.

Dated: March 12, 2010                                                      Respectfully submitted,

*/s/Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Opposition Of Merck Sharp & Dohme Corp. ("Merck") To Plaintiff's Omnibus Motion In Limine has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of March, 2010.

    /s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1010701v.1