Case 2:05-md-01657-EEF-DEK   Document 36956-3   Filed 03/12/10   Page 1 of 13

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 OCT 16 PM 2:36
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

: MDL NO. 1657

**IN RE: VIOXX**                        :

**PRODUCTS LIABILITY LITIGATION**       :    SECTION: L

                                        :

                                        :    JUDGE FALLON

                                        :    MAG. JUDGE KNOWLES

................................................ :

**THIS DOCUMENT RELATES TO**
*Mason v. Merck & Co., Inc.*, 06-810

### ORDER

Before the Court are several Motions in Limine filed by both the Plaintiff and Defendant. The Court ruled on some of these motions on the record and as indicated more fully on the attached documents.

New Orleans, Louisiana, this ___13th___ day of ___October___, 2006.

　　　　　　　　　　　　　　　　　　　　　／s／ Eldon E. Fallon
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Proces._____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

M007A29040

| **PLAINTIFF'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| 1. **Miscellaneous Motion to Exclude or, in the Alternative, Motion in Limine and/or Request for Limiting Instructions (Rec. Doc. 7460)** | |

The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine and/or Request for Limiting Instructions. The Plaintiff argues that any reference to the following matters would be improper, irrelevant, and/or unduly prejudicial.

| | |
|---|---|
| a.  Any reference that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications. | Granted - 401/403 |
| b.  Any reference that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost of thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide. | Granted - 401/403 |
| c.  Any reference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly traded pharmaceutical manufacturer, or cause it or its employees any sort of financial hardship or loss of employment. | Granted - 401/403 |
| d.  Any reference that this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining insurance. | Granted - 401/403 |

| | |
|---|---|
| e.   Any reference that this case or any other Vioxx products liability case may cause an increase in the cost of purchasing medication for the public. | Granted - 401 |
| f.   Any reference to Health Canada's or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries. | Granted - 401/403 |
| g.   Any reference to whether the Plaintiff is covered by some form of insurance or other collateral source for the incident in question. | Granted - 401/411 |
| h.   Any reference that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law. | Granted - 401/403 |
| i.   Any reference to the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases. | Granted - 401/403 |
| j.   Any reference that Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation, advertise, seek to obtain clients in a manner different from that used by defense counsel, or routinely employ contingent fee arrangements [except as they relate to any fees in this case]. | Granted - 401/403 |

M007A29042

| | |
|---|---|
| k.     Any reference to other Vioxx cases and other cases involving Plaintiff's counsel or other drugs. | Deferred - too general |
| l.     Any reference that Vioxx was taken off the market due to "media hype" caused by attorneys or the media themselves. | Granted - 401/403 |
| m.     Any unsupported hearsay statements of health care providers | Deferred - too broad |
| n.     Any reference that any member of the public or medical community desire that Vioxx be placed back on the market. | Granted - 401 |
| o.     Any reference to the potential impact on pharmaceutical companies and/or the FDA, if any, of permitting state failure to warn claims to be asserted or of allowing a plaintiff in such a case to prevail. | Granted - 401 |
| p.     Any reference to the fees received and/or charged by Plaintiff's experts for work in lawsuits involving drugs other than Vioxx and reference to them as "paid litigation experts" or the like. | Deferred - likely to be irrelevant, but might be admissible for impeachment |
| q.     Any reference to the Plaintiff's alleged knowledge of cardiovascular risks associated with the use of Vioxx. | Denied |

M007A29043

| | |
|---|---|
| r. Any reference that typographical errors in Dr. Moye's report indicate that it was cut and pasted from another case. | Denied |
| s. Any reference that any of Plaintiff's counsel may have advertised for persons injured by the use of Vioxx or in any other manner. | Granted - 401/403 |
| t. Any reference that Mr. Mason's injury is his own fault or the fault of his prescribing and/or treating physicians and nurse practioners | Denied |
| u. Any reference that FDA approval of Vioxx means that Merck met its standard of care and/or fulfilled its duty to warn as a matter of law. | Granted - this is argument, not fact |
| v. Voir dire questions that discuss the wrong legal standard and contain argument. | Granted |
| w. Any reference to the use, identity, or presence of jury consultants. | Deferred - too broad |
| x. Any reference to settlement, negotiations, or the lack thereof. | Granted |

M007A29044

| | |
|---|---|
| y. Any reference to the refusal of either party to enter into a stipulation prior to trial, or otherwise seeking any stipulation from counsel in the presence of the jury. | Granted |
| z. Any reference to the filing of this motion in limine, its contents, and any agreements or proceedings in connection with this motion. | Granted |
| aa. Any reference to product labeling for other drugs taken by Mr. Mason. | Denied |
| bb. Any reference to Plaintiff's prior arrests and work related incidents | Granted in part and Denied in part - while the Plaintiff's prior arrests are not admissible, evidence of stress at work may be admissible |
| cc. Any reference to Plaintiff's Viagra use and erectile dysfunction | Denied |
| dd. Any reference to Mr. Mason's tobacco use | Denied |
| ee. Any testimony of Dr. Douglas Vogeler regarding his personal use of Vioxx and whether he would prescribe Celebrex and Vioxx, if it were still on the market | Denied |

2.  **Evidence or Argument that Merck Employees, Former Employees, or their Family Members Took Vioxx Prior to the Drug's Withdrawal from the Market (Rec Doc. 7435)**

Granted - 401/403

The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine concerning evidence or argument that Merck employees, former employees, or their family members took Vioxx prior to the drug's withdrawal from the market. The Plaintiff argues that such references are improper, irrelevant, and/or unduly prejudicial.

3.  **Evidence or Discussion Concerning Defendant's Alleged Good Reputation and/or "Good Acts" (Rec Doc. 7466)**

Deferred - too broad

The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine concerning any evidence or testimony as to the Defendant's good reputation and/or other good acts. Specifically, the Plaintiff references the following: (1) Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost or at a significantly reduced price; (2) Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana; (3) Merck's donation of medications to combat "River Blindness," which is a disease that strikes rural villages in Africa, to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and (4) the fact that Merck develops drugs that treat and cure disease. The Plaintiff's objections are based on Rule 401 relevance and Rule 403 prejudicial effect.

| | |
|---|---|
| 4. **Defendant's Argument that it was Prohibited by FDA Regulations from Making Label Changes Without Prior Approval (Rec. Doc. 7448)**<br><br>The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine concerning any evidence or argument that Merck was prohibited by FDA regulations from making label changes without prior approval. The Plaintiff asserts that this testimony is false and a misstatement of the law. | Denied - this is a question of fact, experts disagree about whether or not Merck could make label changes without prior approval. |
| 5. ***Daubert*-like challenge (Rec. Doc. 7461)**<br><br>The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine concerning Merck employees offering undisclosed expert opinions. The Plaintiff argues that Merck may try to use Rule 701, which allows employees to testify as to opinions rationally based upon the perception of the witness, as a *Daubert* loophole. Specifically, the Plaintiff argues that Dr. Briggs Morrison, an oncologist, should not be allowed to offer opinions in pharmacology and vascular biology because he lacks the requisite knowledge, skill, expertise, and training in these subjects. | Deferred - too vague |

M007A29047

| | |
|---|---|
| 6.   **Annual Deaths Attributable to NSAID Gastropathy (Rec. Doc. 7468)** | Denied - issue of fact |
| The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine concerning testimony about the annual deaths attributable to NSAID gastrointestinal toxicity without appropriate qualifications and scientific support. The Plaintiff challenges the testimony because it is speculative and offered without support or citation. | |
| 7.   **April 6, 2005 FDA Memorandum (Rec. Doc. 7469)** | Deferred - will decide if this comes in depending on the context in which it comes up |
| The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine concerning the April 6, 2005 FDA memorandum and all evidence or testimony that the FDA has concluded that there is a "class effect" for all NSAIDS. The Plaintiff claims that this information is false and overly prejudicial. | |
| 8.   **Reference to Mr. Mason's Left Anterior Descending Coronary Artery as a "Widow-Maker" (Rec. Doc. 7453)** | Granted - 403. Doctors should use medical terms and not street talk. |
| The Plaintiff has filed a Motion in Limine to preclude Merck from referring to Mr. Mason's left anterior descending coronary artery as a "widow-maker." The basis for this motion is Rule 403. | |

M007A29048

| | |
|---|---|
| **9.  Cause of Reta Mason Hurley's Death (Rec. Doc. 7467)**<br><br>The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine and/or Request for Limiting Instructions regarding the cause of Reta Mason Hurley's Death. The Plaintiff argues that (1) testimony about what the Plaintiff's nephew told him about the cause of Ms. Hurley's death is hearsay, and (2) Ms. Hurley's death certificate is ambiguous and contains opinions rather than facts and should not be admitted. | Denied - for the reasons stated at the October 12, 2006 hearing |
| **10.  The "Martin Report" (Rec. Doc. 7465)**<br><br>The Plaintiff has filed a Motion to Exclude or, in the alternative, a Motion in Limine regarding the "Martin Report." The Plaintiff argues that this report is hearsay, irrelevant, and furthermore should be excluded under Rule 403. | Granted - 801/403 |

| **MERCK'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| 1. **Reference to Merck's Defense of Other Vioxx-Related Lawsuits or to the Number of Times Merck Witnesses Have Testified Previously (Rec. Doc. 7444)**<br><br>Merck has filed a Motion in Limine to exclude improper reference to Merck's defense of other Vioxx-related lawsuits or to the number of times Merck witnesses have testified previously. Merck argues that these references are irrelevant and prejudicial. | Deferred - likely inadmissible unless witness is being impeached with prior testimony or if issue is made of Plaintiff's experts testifying in other cases |
| 2. **Improper Personal Opinions of David Graham Regarding the Food and Drug Administration (Rec. Doc. 7456)**<br><br>Merck has filed a Motion in Limine to exclude improper personal opinions of David Graham regarding the Food and Drug Administration. Merck argues that Dr. Graham's opinions concerning the rules of the FDA and that if more stringent standards were in place the FDA would never have approved Vioxx are irrelevant, misleading, prejudicial, and are not grounded in any established methodology as required by Rule 702. | Denied - for the reasons stated at the October 12, 2006 hearing |
| 3. **Dr. Graham's "Excess Events" Calculation (Rec. Doc. 7464)**<br><br>Merck has withdrawn this motion. | Denied as moot |

M007A29050

| | | |
|---|---|---|
| 4. | **Testimony or Argument that Merck (1) Could or Should Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged Its Feet" to Prevent the VIGOR Data From Being Added to the Vioxx Label (Rec. Doc. 7451)** | Denied |

Merck has filed a Motion in Limine to exclude testimony or argument that Merck (1) should or could have unilaterally changed the Vioxx label to include the VIGOR data; or (2) "Dragged Its Feet" to prevent the VIGOR data from being added to the Vioxx label. Merck argues that such evidence is irrelevant since Mr. Smith didn't start taking Vioxx until six months after the FDA approved a new Vioxx label incorporating the VIGOR data in April of 2002.

| | | |
|---|---|---|
| 5. | **"All-Cause" Mortality Data From Alzheimer's Disease Clinical Trials (Rec. Doc. 7457 & Rec. Doc. 7463);** | Denied as moot |

Merck has withdrawn this motion.

| | | |
|---|---|---|
| 6. | **Omnibus Motion to Exclude Evidence and Testimony Addressed in Motions Previously Granted by the Court (Rec. Doc. 7458)** | |

Merck has filed a Motion in Limine to exclude evidence and testimony on the following issues addressed in motions previously granted by the Court:

| | | |
|---|---|---|
| a. | Communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning. | Granted - 403/407 - might revisit if the issue of ability to reintroduce w/ black box comes up |

M007A29051

| | | |
|---|---|---|
| b. | The Fries Letter and related evidence. | Granted in part - the letter is inadmissible, but some related evidence may be admissible to show action or habit |
| c. | Evidence of Motive and Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees | Deferred - may be admissible to show motive |

7. **Omnibus Motion for Order Excluding Evidence and Testimony Raised by Motions Previously Denied by the Court (Rec. Doc. 7462)**

| | | |
|---|---|---|
| a. | Informal Communications from the FDA. | Denied |
| b. | Evidence relating to the "Expression of Concern" published in the *New England Journal of Medicine* in December 2005. | Deferred - probably admissible because of influence and effect of original article on giving treating physicians comfort in prescribing Vioxx |
| c. | Marketing and promotional materials unrelated to Mr. Mason or his prescribers. | Denied |
| d. | Use of adverse event reports and case reports to prove causation or culpability | Denied |
| e. | Unreliable and irrelevant medical and scientific evidence. | Deferred - too broad |
| f. | Testimony of Eric J. Topol, M.D. | Denied |

M007A29052