**EXHIBIT A**

- **AG-LA Opposition to MILs 2, 12 and 17**

| | |
|---|---|
| [2221:1] - [2222:3] | 8/14/2006   Barnett Trial v.11 (pages 2221- 2444 ) (Reicin) |

```
page 2221
1                           UNITED STATES DISTRICT COURT
2                           EASTERN DISTRICT OF LOUISIANA
3
4
5        IN RE: VIOXX PRODUCTS          *   MDL DOCKET NO. 1657
         LIABILITY LITIGATION           *
6                                       *
                                        *
7        THIS DOCUMENT RELATES TO       *   AUGUST 14, 2006, 8:30 A.M.
                                        *
8                                       *
         GERALD BARNETT V. MERCK        *   CASE NO. 06-CV-485-L
9          & CO., INC.                  *
         * * * * * * * * * * * * * * *
10
11
                                   VOLUME XI
12                            JURY TRIAL BEFORE THE
                            HONORABLE ELDON E. FALLON
13                        UNITED STATES DISTRICT JUDGE
14
         APPEARANCES:
15
16       FOR THE PLAINTIFF:             ROBINSON, CALCAGNIE & ROBINSON
                                        BY:  MARK P. ROBINSON JR., ESQ.
17                                      620 NEWPORT CENTER DRIVE
                                        NEWPORT BEACH, CALIFORNIA 92660
18
19       FOR THE PLAINTIFF:             BEASLEY ALLEN CROW METHVIN
                                           PORTIS & MILES
20                                      BY:  ANDY D. BIRCHFELD JR., ESQ.
                                        234 COMMERCE STREET
21                                      POST OFFICE BOX 4160
                                        MONTGOMERY, ALABAMA 36103
22
23       FOR THE DEFENDANT:             BARTLIT BECK HERMAN
                                           PALENCHAR & SCOTT
24                                      BY:  PHILIP S. BECK, ESQ.
                                             ANDREW L. GOLDMAN, ESQ.
25                                      54 W. HUBBARD STREET, SUITE 300
                                        CHICAGO, ILLINOIS 60601
page 2222
1
         OFFICIAL COURT REPORTERS:      CATHY PEPPER, CCR, RPR, CRR
2                                       TONI DOYLE TUSA, CCR, FCRR
                                        500 POYDRAS STREET, ROOM HB-406
3                                       NEW ORLEANS, LOUISIANA 70130
                                        (504) 589-7778
```

| | |
|---|---|
| [2274:15] - [2276:18] | 8/14/2006   Barnett Trial v.11 (pages 2221- 2444 ) (Reicin) |

```
page 2274
15               THE COURT:  I WANT TO VISIT WITH YOU AGAIN ON THE
16       QUESTION OF PERSONAL USE, AND LET ME GIVE YOU MY VIEW ON THIS
17       SO EVERYBODY IS CLEAR ON IT.  WE TALKED ABOUT IT BRIEFLY THIS
18       MORNING ABOUT PERSONAL USE WITH REGARD TO DR. REICIN, AND I
19       TOLD YOU AT THAT TIME THAT MY INITIAL FEELING AND MY FEELING
20       WAS THAT I WOULD ALLOW THAT TO COME OUT.
21               I'M REALLY CONCERNED ABOUT PERSONAL USE BECAUSE,
22       AS I MENTIONED TO YOU BEFORE, THE WAY I SEE IT, I THINK IT'S
23       RELEVANT.  I THINK IT'S A 401 RELEVANCY.  I THINK THE FACT THAT
24       SOMEBODY TOOK VIOXX IS RELEVANT TO WHETHER OR NOT THEY FEEL
25       IT'S SAFE.
page 2275
1                THE PROBLEM WITH IT, WITH PERSONAL USE, AS I SEE
2        IT, IS REALLY A 403 QUESTION.  AND IN 403 PROVIDES THAT,
3        ALTHOUGH RELEVANT, EVIDENCE MAY BE EXCLUDED IF ITS PROBATIVE IS
```

• AG-LA Opposition to MILs 2, 12 and 17

```
 4          SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE,
 5          CONFUSION OF THE ISSUES, OR MISLEADING TO THE JURY.  IT'S THE
 6          AREA OF MISLEADING TO THE JURY MORE THAN CONFUSION; ALTHOUGH,
 7          THERE ARE SOME SEEPAGE IN CONFUSION.
 8                  SO I ALLOWED IT IN THE CASE WITH TREATERS
 9          BECAUSE, AS I SAW IT, THE QUESTION WAS, WHY DID YOU GIVE VIOXX?
10          AND THIS WAS PART OF THE REASON THAT THEY GAVE VIOXX.  AND IT
11          WAS FOR FULL DISCLOSURE AND IT ALSO HAD SOME RELEVANCE.  AND I
12          WEIGHED THE 403 AND I FELT IT WAS APPROPRIATE FOR TREATERS WHO
13          HAD VIOXX TO AT LEAST SAY, "WELL, I TOOK VIOXX, AND I GAVE IT
14          TO OTHER PATIENTS, AND BECAUSE I GAVE IT TO OTHER PATIENTS, AND
15          BECAUSE EVEN I TOOK IT, I THOUGHT IT WAS GOOD FOR THIS
16          INDIVIDUAL."  SO I ALLOWED IT.
17                  I'M HAVING PROBLEMS WITH OTHER PEOPLE TESTIFYING
18          AS TO THEIR PERSONAL USE OF VIOXX AND USING THAT TO BOLSTER.
19          AND I'M RETHINKING IN THE LAST TWO HOURS OR THEREABOUTS, I'VE
20          RETHOUGHT THE POSITION WITH DR. REICIN.  THIS IS THE WAY I SEE
21          IT.  ALTHOUGH IT'S RELEVANT TO HER, I THINK THAT 403
22          PREDOMINATES IN FAVOR OF NOT ALLOWING HER TO DO IT.  HER AGE IS
23          DIFFERENT.  HER SEX IS DIFFERENT.  HER STRESS LEVEL IS
24          DIFFERENT.  HER CHOLESTEROL IS DIFFERENT.  THE AMOUNT OF HEART
25          DISEASE IS DIFFERENT FOR HER.  THEREFORE, I THINK IT'S
page 2276
 1          CONFUSING AND ALSO I THINK IT'S MISLEADING TO THE JURY TO SAY,
 2          "WELL, I USED IT; THEREFORE, IT'S GOOD."
 3                  BUT IN ADDITION TO THAT, THIS PARTICULAR CASE IS
 4          A WARNING CASE.  THIS PARTICULAR CASE, THE PLAINTIFF SAYS, "I
 5          DIDN'T KNOW IT.  MY DOCTOR DIDN'T KNOW IT OR MY DOCTOR DIDN'T
 6          TELL ME.  HAD I KNOWN IT, I WOULDN'T HAVE DONE IT."  NOW,
 7          DR. REICIN IS PROBABLY MORE KNOWLEDGEABLE ON VIOXX, ITS
 8          EFFECTS, ITS POTENTIAL, ITS GOOD BALANCE, ITS BAD VALUE, ITS
 9          RISKS OR WHATEVER.  SO WARNING TO HER IS OF NO RELEVANCE.  I
10          MEAN, THE FACT THAT SHE USED IT KNOWING WHAT SHE KNEW ABOUT THE
11          DRUG, KNOWING WHAT SHE KNOWS ABOUT HER OWN CONDITIONS, IT HAS
12          NO BENEFIT TO HER FROM THE WARNING ASPECT, AND I THINK FROM THE
13          STANDPOINT OF HER SITUATION, HER AGE, HER SEX, HER STRESS
14          LEVEL, ALL OTHER FACTORS WHICH SHE CAN EVALUATE ARE DIFFERENT
15          THAN THE FACTORS THAT THE PLAINTIFF IS FACING.
16                  SO I'M SORRY IF I AM CAUSING ANY PROBLEM WITH
17          YOU ALL, BUT I REEVALUATED IT AND I ASK THAT WE NOT GO INTO
18          THAT.  AND I ASK THAT YOU TELL THE DOCTOR.
```