**EXHIBIT B**

• AG-LA Opposition to MILs 2, 12 and 17

| | | |
|---|---|---|
| [1405:1] - [1406:4] | 12/4/2006   Dedrick Trial v.07 (pp. 1405-1662)(Scolnick, Furman) | |

```
page 1405
1                      UNITED STATES DISTRICT COURT
2                      EASTERN DISTRICT OF LOUISIANA
3
4
5        IN RE: VIOXX PRODUCTS          *     MDL DOCKET NO. 1657
         LIABILITY LITIGATION           *
6                                       *
         * * * * * * * * * * * * * * *
7                                       *
         THIS DOCUMENT RELATES TO:      *     DECEMBER 4, 2006, 8:30 A.M.
8                                       *
         ANTHONY WAYNE DEDRICK V.       *     CASE NO. 05-CV-2524-L
9           MERCK & CO., INC.           *
         * * * * * * * * * * * * * * *
10
11
12                                VOLUME VII
                              JURY TRIAL BEFORE THE
13                          HONORABLE ELDON E. FALLON
                           UNITED STATES DISTRICT JUDGE
14
15
         APPEARANCES:
16
17       FOR THE PLAINTIFF:             BEASLEY ALLEN CROW METHVIN
                                           PORTIS & MILES
18                                      BY:  ANDY D. BIRCHFIELD JR., ESQ.
                                             P. LEIGH O'DELL, ESQ.
19                                      234 COMMERCE STREET
                                        MONTGOMERY, ALABAMA 36104
20
21       FOR THE DEFENDANT:             BARTLIT BECK HERMAN
                                           PALENCHAR & SCOTT
22                                      BY:  PHILIP S. BECK, ESQ.
                                             MARK OUWELEEN, ESQ.
23                                           CARRIE A. JABLONSKI, ESQ.
                                        54 W. HUBBARD STREET, SUITE 300
24                                      CHICAGO, ILLINOIS 60601
25
page 1406
1        OFFICIAL COURT REPORTERS:     CATHY PEPPER, CCR, RPR, CRR
                                        TONI DOYLE TUSA, CCR, FCRR
2                                       500 POYDRAS STREET, ROOM HB-406
                                        NEW ORLEANS, LOUISIANA 70130
3                                       (504) 589-7778
4
```

| | | |
|---|---|---|
| [1408:15] - [1410:8] | 12/4/2006   Dedrick Trial v.07 (pp. 1405-1662)(Scolnick, Furman) | |

```
page 1408
15              MR. BECK:  YES, YOUR HONOR.  IN THE SPIRIT OF
16       ATTEMPTING TO GET 100 PERCENT ACCURACY, I JUST FIGURED OUT A
17       FEW MINUTES AGO THAT WE HAVE A SLIGHT ERROR IN OUR DESCRIPTION
18       OF WHAT HAPPENED IN PLUNKETT 1 IN THE TESTIMONY THAT WAS PLAYED
19       ABOUT ALISE REICIN'S PERSONAL USE.
20              WHAT HAD HAPPENED WAS THAT YOUR HONOR, IN THAT
21       TRIAL, ACTUALLY HAD RULED THAT SCOLNICK'S PERSONAL USE COULD
22       COME IN BECAUSE OF THE ATTACK ON HIM BUT THAT ALISE REICIN'S
23       COULD NOT.  TAREK -- AND I HAD FAILED TO COMMUNICATE CLEARLY
24       WITH TAREK ON THAT, AND THEN TAREK ASKED AND THEN YOU
25       SUBSEQUENTLY DECIDED THAT IT WAS OKAY AFTER ALL WITH REICIN.
page 1409
1        BUT, ANYWAY, THE FACTS WERE SLIGHTLY MORE COMPLICATED THAN --
2        AND I HADN'T REALIZED THAT WHEN THE PAPER GOT FILED, AND TAREK
3        REMINDED ME OF IT THIS MORNING.  I WANTED TO PUT THAT ON THE
4        RECORD.
5               THE COURT:  SURE.  WE HAD A COUPLE OF ISSUES WITH
```

- **AG-LA Opposition to MILs 2, 12 and 17**

```
 6          PERSONAL USE, AND I'VE GONE ON RECORD A NUMBER OF TIMES TO
 7          DISCUSS PERSONAL USE.  IT'S A DIFFICULT ISSUE BECAUSE IT'S, OF
 8          COURSE, RELEVANT IN 401.
 9                    THE ISSUE, AS I SEE IT, IS REALLY A 403 ONE.
10          THE COMPLICATION OF 403 IS THAT THE CLAIMS OF THE PLAINTIFF ARE
11          GENERALLY THAT THE DEFENDANT FAILED TO OR IMPROPERLY NOTIFY OR
12          WARN THEM OF RISKS WHICH THE DEFENDANT KNEW OR COULD HAVE
13          KNOWN, SHOULD HAVE KNOWN, AT AN EARLIER STAGE.  ALSO, THE
14          PLAINTIFFS TRADITIONALLY HAVE SOME RISK FACTORS:  THEY HAVE
15          ATHEROSCLEROSIS; THEY ARE GENERALLY MALE; THEY ARE OVER 50; AND
16          MANY OF THEM HAVE SOME STRESS FACTORS IN THEIR LIVES, WORK OR
17          WHATEVER.  SO THE PERSONAL USE OF SOMEONE IS REALLY SO
18          FACTS-SPECIFIC THAT IT PRESENTS COMPLICATIONS OR PROBLEMS TO
19          ALLOW IT TO BE USED.  IT'S A 403 ISSUE, AS I SAID.
20                    THE WAY THAT I'VE TRIED TO DEAL WITH IT IS THAT,
21          IF CREDIBILITY OF A PERSON BECOMES SUCH AN AT-LARGE FACTOR IN
22          THE SCOPE OF THE TESTIMONY, THEN THE 403 BEGINS TO TIP IN
23          ALLOWING THE USE; BUT WHEN IT IS NOT PRESENT, I'VE GENERALLY
24          KEPT IT OUT.  THAT'S WHERE I'VE BEEN ON IT.
25                    IT'S UNFORTUNATE, BUT IT'S A MOVING TARGET, AND
page 1410
 1          SO IT GETS IN IN SOME CASES AND IT GETS OUT IN SOME CASES.
 2          I'VE BEEN TRYING TO MAINTAIN SOME CONSISTENCY IN THESE CASES,
 3          BUT WITH THIS AREA, IT'S VERY DIFFICULT TO MAINTAIN CONSISTENCY
 4          BECAUSE, AS I SAY, IT'S A 401 CLEAR.  IT'S RELEVANT.  IT'S JUST
 5          A 403 ISSUE; AT LEAST, THAT'S THE WAY I SEE IT.  SO THE 403
 6          BALANCING TEST DEPENDS UPON WHO IS SITTING ON THE SEESAW OR THE
 7          TEETER-TOTTER, SO THE WEIGHT GENERALLY SOMETIMES SHIFTS AND
 8          CREATES THE IMBALANCE ONE WAY OR THE OTHER.
```