**EXHIBIT E**

• AG-LA Opposition to MILs 2, 12 and 17

[1:1] - [2:11]     2/3/2006    Plunkett II Trial - Hearing - Pre-Trial Motions

```
page 1
1                           UNITED STATES DISTRICT COURT
2                           EASTERN DISTRICT OF LOUISIANA
3
4
5
         In Re: VIOXX PRODUCTS            *
6        LIABILITY LITIGATION             *   MDL Docket No. 1657
                                          *
7                                         *
         This document relates to         *   New Orleans, Louisiana
8        Case No. 05-4046:                *
                                          *
9        EVELYN IRVIN PLUNKETT, et al     *   February 3, 2006
                                          *
10       versus                           *
                                          *   10:00 a.m.
11       MERCK & CO., INC.                *
         * * * * * * * * * * * * * * * * *
12
13
14                          PROCEEDINGS BEFORE THE
                          HONORABLE ELDON E. FALLON
15                       UNITED STATES DISTRICT JUDGE
16
17       APPEARANCES:
18
         For the Plaintiff:            Beasley Allen Crow Methvin
19                                        Portis & Miles
                                       BY:  ANDY D. BIRCHFELD, JR., ESQ.
20                                          LEIGH O'DELL, ESQ.
                                       234 Commerce Street
21                                     Post Office Box 4160
                                       Montgomery, Alabama 36103
22
23       For the Plaintiff:            Levin, Papantonio, Thomas,
                                         Mitchell, Echsner & Proctor
24                                     BY:  TROY RAFFERTY, ESQ.
                                       316 South Baylen Street, Suite 600
25                                     Pensacola, Florida 32502
page 2
1        Appearances, (Continued):
2
         For the Plaintiff:            Gainsburgh, Benjamin, David,
3                                         Meunier & Warshauer
                                       BY:  GERALD MEUNIER, ESQ.
4                                      1100 Poydras Street, Suite 2800
                                       New Orleans, Louisiana 70163
5
6        For the Defendant:            Bartlit Beck Herman
                                          Palenchar & Scott
7                                      BY:  PHILIP S. BECK,  ESQ.
                                            TAREK ISMAIL, ESQ.
8                                      54 W. Hubbard Street, Suite 300
                                       Chicago, Illinois 60601
9
10       Official Court Reporter:      Toni Doyle Tusa, CCR
                                       500 Poydras Street, Room HB-406
11                                     New Orleans, Louisiana 70130
                                       (504) 589-7778
```

[8:25] - [12:15]    2/3/2006    Plunkett II Trial - Hearing - Pre-Trial Motions

```
page 8
25             THE COURT:  Yes.  You all wanted to talk with me
page 9
1    about a couple of the motions in limine and make some
2    observations.  The ones that I have ruled on before, I probably
```

EXHIBIT E

- **AG-LA Opposition to MILs 2, 12 and 17**

```
 3    will rule on them that way again, but there are some issues.
 4    Phil, for example, brought up the issue about the person taking
 5    Vioxx.  I can see where at this point that might have some
 6    relevance because of the attack on her credibility that's going
 7    to be launched with the article and whatever it is.  My
 8    thinking on that is that I would let her do that now because it
 9    does go to the credibility.  I don't know whether you use it in
10    redirect or whether you use it in cross.  I guess it's cross
11    because he is going to -- who is going to call her, you?
12              MR. BIRCHFIELD:  Your Honor, is your ruling that it's
13    limited to just Alise Reicin?
14              THE COURT:  Yes.  I'm going to do that now, but there
15    may be something that comes up with credibility.  You see, it's
16    a credibility issue.  It doesn't have any relevance, as I see
17    it, unless the person says Vioxx is terrible and then they took
18    Vioxx and but for the fact it was taken off the market they
19    would still be taking Vioxx.  I see that as attacking the
20    credibility of somebody.  If somebody says Vioxx is just
21    wonderful, I don't see that as being essential, that they are
22    saying, "It's wonderful and I took it," but when you attack
23    that person and say that they're a liar, then it has some
24    relevance to credibility.
25              MR. BIRCHFIELD:  Your Honor, in that regard, I cannot
page 10
 1    argue very much that it's not relevant.  The question is is the
 2    probative value outweighed by that --
 3              THE COURT:  It's a 403 issue.
 4              MR. BIRCHFIELD:  I mean, the probative value is
 5    minimal because some folks are risk takers.  Some folks will
 6    take drugs with black box warnings.  Some people will smoke
 7    cigarettes knowing it causes that.  So just the fact she took
 8    it does not mean that she didn't know and appreciate the
 9    dangers.  Plus, without me having the benefit of her medical
10    records, I cannot even challenge --
11              THE COURT:  What's the situation there?  That's a
12    fair thing.
13              MR. BECK:  Well, Your Honor, we could get
14    prescription records that show that she is not lying when she
15    says she took Vioxx, but medical records -- I will be very
16    frank.  I am not going to ask anybody from our side to give
17    medical records to the PSC.  I'm not saying anything about
18    Andy, but this goes to everybody.  I'm not going to give
19    medical records out when probably 15 plaintiffs' lawyers have
20    been quoted in the paper as saying they are going to destroy
21    Alise Reicin.  I'm not giving her medical records out.  I think
22    that would be an outrageous invasion of privacy.
23                   If they want evidence of whether she is lying or
24    not about whether she took Vioxx, we can get prescription
25    records and that's fine, but they are not entitled to know
page 11
 1    whether she had a hysterectomy and confidential medical
 2    records, especially given their public proclamations about how
 3    they are going to assassinate her character.
 4              MR. BIRCHFIELD:  You haven't heard me or anybody on
 5    this trial team talk about an assassination of Alise Reicin.
 6              MR. BECK:   I have heard a lot of people who sat in
 7    in-chambers conferences on this case say that.
 8              THE COURT:  I got it.  Why do you need it, Andy?
 9              MR. BIRCHFIELD:  Your Honor, in order to effectively
10    cross-examine her, we need to know what was the condition that
11    she was taking it for.  It is a risk-benefit analysis.
12    Certainly if she has a very serious condition and extreme pain,
13    that's one thing in the risk-benefit analysis.  If she's taking
14    it for minor pain, that certainly goes to another issue.  What
15    was her cardiac condition at the time she was taking it?  What
16    were the risk factors that she had that were present there?
17    What was the duration that she took it?  How regularly did she
18    take it?  All of that is information that we need in order to
19    effectively cross-examine her on this issue that has minimal
20    probative value and tremendous prejudicial value.
21              MR. BECK:  Your Honor, I don't see the prejudicial
```

- **AG-LA Opposition to MILs 2, 12 and 17**

```
22   value.  From our point of view, they have a case right here
23   where it's a short-term use case at 25 milligrams and they're
24   saying that the people in our company knew that very short-term
25   use, less than 14 days, can cause a heart attack.  They're
page 12
1    saying that Alise Reicin is lying when she denies that was her
2    state of mind.  So it doesn't matter whether she took it for a
3    serious problem or a minor problem, whether she took it for a
4    long time or a short time.  Their theory here is even
5    short-term use, a couple doses can cause a heart attack, and
6    that Alise Reicin knew that and didn't give a damn about how
7    people were going to die because she cared about money for the
8    company and meanwhile she is taking it.
9             THE COURT:  I understand.  This is what I'm going to
10   do.  I will let the fact that she is taking it in, or let you
11   put it in if you choose to put it in, but I need the plaintiff
12   to know three things:  (1) The reason she was taking it and any
13   document to show the reason she was taking it; (2) the length
14   of time taking it; and (3) her cardiovascular condition at the
15   time.  What's the next area that we need to talk about?
```