UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, Attorney General, Plaintiffs | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| v. | |
| MERCK SHARP & DOHME CORP., Defendant | |
| Case No. 05-3700 | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE
AND ARGUMENT REGARDING MERCK'S ALLEGED ATTEMPTS TO PERSUADE
LOUISIANA OFFICIALS NOT TO ENACT LEGISLATION THAT CREATED THE
PREFERRED DRUG LIST**

(*Plaintiff's Opposition to Defendant's Motion in Limine No. 4*)

Plaintiffs hereby oppose Defendant's Motion in *Limine* to exclude evidence of regarding Merck's attempts to persuade Louisiana officials not to enact legislation that enabled the creation of the Louisiana Medicaid program's preferred drug list. The evidence that Defendant, Merck Sharp & Dohme Corp. ("Merck"), seeks to exclude is relevant and admissible at trial of this case. As such, Merck's motion should be denied.

**ARGUMENT**

The evidence Merck seeks to exclude is relevant to this case. Although seeking a blanket order, Merck identifies only three pieces of evidence regarding Merck's attempts to persuade Louisiana officials not to enact legislation that enabled the creation of the Louisiana Medicaid program's preferred drug list which it seeks to exclude. The August 1, 2001 transcript of the Louisiana Department of Health and Hospitals ("LDHH") pharmacy and therapeutics ("P&T") committee is a public record and makes no mention of Merck or any Merck employees. Merck provides no facts to support the exclusion of this document. Merck itself marked this document as an exhibit to the deposition of every LDHH fact witness.

The two other items of such evidence are deposition testimony of two Merck employee fact witnesses. Although the Noerr-Pennington doctrine holds that in general evidence of lobbying the government cannot be used to establish liability, such evidence is admissible to show Merck's motive, intent, state of mind, and conformity with routine practices. The two pieces of deposition testimony evidence certainly reflect Merck's motive, intent, state of mind, and conformity with routine practices. Evidence of Merck's attempts to persuade Louisiana officials not to enact legislation that enabled the creation of the Louisiana Medicaid program's preferred drug list is relevant and admissible evidence to show motive, intent, state of mind, and conformity with routine practices.

2

Federal Rule of Evidence 406(a) provides that evidence of habit or routine practice is admissible to prove that on a specific occasion a person or organization acted in conformity with the habit or routine practice. Federal Rule of Evidence 803(6) also provides the hearsay exception for "records of regularly conducted activity." Evidence of Merck's lobbying is part and parcel of its "national" promotional campaign for Vioxx, would be admissible under both Fed. R. Evid. 803(6) and 406(a).

Merck also seeks to exclude this evidence under Fed. R. Evid. 403 contending that any probative value is substantially outweighed by the danger of undue delay and waste of time due to needless litigation of collateral issues. Merck's profit motive in maximizing Vioxx sales, and its national promotional campaign of Vioxx, are hardly collateral issues, they are core issues in this case, and are thus admissible under Fed. R. Evid. 403.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Merck's motion.

Dated:  March 12, 2010                                  Respectfully submitted,

By:  /s/   Douglas R. Plymale
James R. Dugan, II,
Douglas R. Plymale
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
***Murray Law Firm***
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180

2

Facsimile: (504) 648-0181

**CO-CHAIR OF GOVERNMENT ACTIONS PLAINTIFFS' CASE MANAGEMENT COMMITTEE AND COUNSEL FOR PLAINTIFFS**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
*Louisiana Department of Justice*
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
General Counsel
Kim Sullivan
*Louisiana Department of Health and Hospitals*
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Plaintiffs' Memorandum in Opposition to Defendant's Motion *in Limine* No. 4 To Exclude Evidence And Argument Regarding Merck's Alleged Attempts To Persuade Louisiana Officials Not To Enact Legislation That Created The Preferred Drug List, has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, on this the 12th day of March, 2010.

          /s/   Douglas R. Plymale
          Douglas R. Plymale
          ***Murray Law Firm***
          650 Poydras Street, Suite 2150
          New Orleans, LA 70130
          Telephone:  (504) 648-0180
          Facsimile:  (504) 648-0181