UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX Products Liability Litigation | MDL No. 1657 |
| This Document Relates to: | SECTION L |
| STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, Attorney General, Plaintiffs | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| v. | |
| MERCK SHARP & DOHME CORP., Defendant | |
| Case No. 05-3700 | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OR
ARGUMENT ABOUT MERCK'S ALLEGED CONDUCT WITH NO NEXUS TO THIS
CASE**

(***Plaintiff's Opposition to Defendant's Motion in Limine No. 6***)

Plaintiffs hereby oppose Defendant's Motion *in Limine* to exclude evidence of unspecified out-of-state conduct and evidence that Vioxx caused personal injuries to Louisiana citizens. The evidence Merck seeks to exclude is relevant and admissible at trial of this case. Merck's argument that this evidence is unduly prejudicial is also without merit. As such, Merck's motion should be denied.

## ARGUMENT

As a threshold matter, *in limine* motions are not appropriate if they require the court to engage in an analysis of credibility or of evidence yet to be presented; Merck's motion should be denied for this reason. Requiring a trial court to rule on an evidentiary exclusion, without a showing of what that evidence actually is, requires ruling in a vacuum. Here, Merck has failed to identify any particular items of evidence or even a general type of evidence regarding its alleged misconduct with respect to Vioxx that it seeks to exclude, other than "evidence of the nature or extent of Merck's interaction with non-Louisiana based consumers, physicians, pharmacists, state agencies or P&T Committees" including call notes, and "evidence or argument that Vioxx allegedly caused heart attacks or other injuries to Louisiana citizens." Merck's attempt to obtain blanket exclusion fails to acknowledge the fact that evidence related to Merck's business practices is highly relevant in this case. Merck provides absolutely no factual support for its blanket claim that all such evidence should be excluded. Since there are varying grounds upon which the evidence at issue might be determined to be admissible, no blanket order can properly issue and the determination of whether any particular piece of evidence is admissible should be made at the time such evidence is actually presented and in response to an appropriate and timely objection from Merck.

I. **EVIDENCE REGARDING OUT OF STATE CONDUCT BY MERCK SHOULD BE ADMITTED BECAUSE IT IS RELEVANT**

Merck seeks to exclude unidentified evidence of its conduct with non-Louisiana citizens or entities. However, such evidence is highly relevant to Plaintiffs' claims that Merck failed to disclose or sought to minimize known cardiovascular ("CV") risks associated with Vioxx, failed to disclose that Vioxx actually lacked its purported gastrointestinal ("GI") safety benefits, and that the incidence rates of hospitalizations and associated costs provided no economic benefit whatsoever. Further, such evidence is directly relevant to Plaintiffs' claims that Merck engaged in conduct in violation of Louisiana statutes, including the Louisiana Unfair Trade Practices Act.

Merck has already conceded that its conduct outside of Louisiana is relevant in this case. Merck identified and produced custodial files for fourteen National and Regional Merck employees, stationed outside of Louisiana, who had direct responsibility for the Louisiana Medicaid Account (Second Set Of Responses And Objections Of Merck & Co., Inc. To Government Action Plaintiffs' First Set of Master Interrogatories As They Relate To The Claims Of The Louisiana Attorney General, No. 6) (attached to Declaration of Douglas R. Plymale ("Plymale Decl.") Exhibit A), (Second Set Of Responses And Objections Of Merck & Co., Inc. To Government Action Plaintiffs' First Set of Master Document Requests As They Relate To The Claims Of The Louisiana Attorney General, Nos. 11, 17) (attached to Plymale Decl. Exh. B). Most of these individuals were deposed at various locations around the country. Merck's motion could be considered as seeking a blanket exclusion of these witnesses' testimony, which would result in a colossal waste of time and resources. Merck further admitted that "while certain Vioxx related promotional materials might have had a targeted audience, the Vioxx promotional campaign was a national campaign directed at a national marketplace. (Second Set Of Responses And Objections Of Merck & Co., Inc. To Government Action Plaintiffs' First Set of Master

Interrogatories As They Relate To The Claims Of The Louisiana Attorney General, Nos. 38, 45, 46), (Second Set Of Responses And Objections Of Merck & Co., Inc. To Government Action Plaintiffs' First Set of Master Document Requests As They Relate To The Claims Of The Louisiana Attorney General, No. 43).

Federal Rule of Evidence 406(a) provides that evidence of habit or routine practice is admissible to prove that on a specific occasion a person or organization acted in conformity with the habit or routine practice. Federal Rule of Evidence 803(6) also provides the hearsay exception for "records of regularly conducted activity." Evidence of Merck's out-of-state conduct with third-parties, including any evidence of its "national" promotional campaign for Vioxx, would be admissible under both Federal Rule of Evidence 803(6) and 406(a).

The record is replete with evidence that sales and marketing materials used to influence Louisiana prescribers were generated by Merck headquarters as part of a national campaign. Deposition testimony from Warren Lambert, Merck's Regional Business Director responsible for Louisiana Medicaid, Deposition Transcript of Warren Lambert ("Lambert Tr.") 67:11-16, 96:1-13, 101:19-102:1 (excerpts attached to Plymale Decl. Exhibit C). Similarly, Stephen Shearer, Merck's National Account Executive assigned to Louisiana Medicaid's PBM, located in Ohio, provided them materials that were part of the national campaign, approved by Headquarters. Deposition Transcript of Stephen Shearer ("Shearer Tr.") 38:14-39:13 (excerpts attached to Plymale Decl. Exhibit D).

Merck's out-of-state conduct is highly relevant to this case. Merck had direct contact with third parties like Provider Synergies, Inc. ("Provider Synergies"). Provider Synergies was hired by the Louisiana Department of Health and Hospitals ("LDHH") to conduct therapeutic drug class reviews and negotiate supplemental rebates with pharmaceutical manufacturers

3

including Merck, and prepared the drug monographs upon which the LDHH pharmacy and therapeutics ("P&T") committee relied in recommending Vioxx be placed on the Louisiana Medicaid Preferred Drug List. A corporate deposition of Provider Synergies was taken in this case.

Likewise, Merck's conduct with respect to out-of-state Medicaid programs, physicians, and medicaid P&T committees is also very relevant to this case. For example, according to Dr. Goldberg, a Merck Regional Medical Director, the dossier prepared by Merck for consideration of its products by Louisiana Medicaid followed form from the submission made to the State of Oregon Medicaid Program. Deposition Transcript of Allan Goldberg, M.D. ("Goldberg Tr.") 143:11-145:14 (excerpt attached to Plymale Decl. Exhibit E). Accordingly, Merck's conduct with respect to Oregon Medicaid had a direct relationship to their representations to the Louisiana Medicaid program.

Provider Synergies was also hired by the Florida Medicaid program, and Louisiana modeled its Preferred Drug List on Florida's program. Deposition Transcript of Ben Bearden ("Bearden Tr.") 56:14-57:4, 112:4-113:7 (excerpts attached to Plymale Decl. Exhibit F). Merck even hired a Florida Medicaid pharmacist, Jerry Wells, to be an expert witness in this case. When Florida was considering changes to its Medicaid program that would have adversely affected Merck's interests, Merck's Government Affairs and Managed Care representatives mounted a response that prompted Mr. Lambert to instruct Merck's Louisiana National Account Executive, Mary Ogle, to coordinate with Florida representatives to learn about the situation and any proactive steps to protect Merck's interests in Louisiana Medicaid. Deposition Transcript of Mary Ogle. ("Ogle Tr.") 152:19-153:13 (excerpt attached to Plymale Decl. Exhibit G).

Merck's argument against damages on constitutional due process grounds is equally unavailing, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003). First, *State Farm* only concerned punitive damages, and thus does not apply to any other damages Plaintiffs seek here: money Plaintiffs actually spent on Vioxx. Second, Merck has admitted that it's "national' promotional campaign for Vioxx was actually used in Louisiana. Thus the "due process principles" that Merck invokes, even if they could apply to Plaintiffs damages, are satisfied because the specific conduct at issue is all part of Merck's "national" promotional campaign for Vioxx and is connected to Plaintiffs claims.

## II. EVIDENCE OF VIOXX RELATED PERSONAL INJURY TO LOUISIANA CITIZENS SHOULD BE ADMITTED BECAUSE IT IS RELEVANT AND IS NOT PREJUDICIAL

Evidence of injury to Louisiana citizens is directly relevant to this case. Merck claimed lower overall costs of Vioxx therapy due to lower GI toxicity and no increase CV risk. Had the true CV risks and lack of GI benefits been disclosed by Merck, the number of Vioxx prescriptions filled in Louisiana would have been vastly lower, as would the corresponding incidence rates of devastating personal injuries caused by Vioxx., including heart attacks and strokes, and the increased hospitalization costs.

Contrary to Merck's one-sentence, self-serving conclusory statement, the Court will not be confused, nor will Merck be unfairly prejudiced, by the introduction of evidence that Louisiana Citizens suffered personal injury from taking Vioxx. In our adversary system, parties generally offer evidence to help their cause and prejudice that of an adverse party. *Matter of S.L.E. Inc.*, 674 F.2d 359, 364 (5th Cir. 1982). '[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.' *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977), cert. denied, 435 U.S. 996 (1978). This is a bench trial before

5

the Court, the very same Court that has overseen the Vioxx MDL and the MDL personal injury settlement program over the last five years, and all that that entails. It is absurd that evidence of Louisiana citizens suffering personal injuries caused by Vioxx, which the Court is already intimately familiar with, will somehow be unfairly prejudicial to Merck.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Merck's motion.

Dated:  March 12, 2010

Respectfully submitted,

By:  /s/   Douglas R. Plymale
James R. Dugan, II,
Douglas R. Plymale
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
*Murray Law Firm*
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181

**CO-CHAIR OF GOVERNMENT ACTIONS PLAINTIFFS' CASE MANAGEMENT COMMITTEE AND COUNSEL FOR PLAINTIFFS**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
*Louisiana Department of Justice*
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020

Facsimile: (225) 326-6096

Francisco H. Perez
General Counsel
Kim Sullivan
***Louisiana Department of Health and Hospitals***
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Memorandum in Opposition to Defendant's Motion *In Limine* No. 6 To Exclude Evidence Or Argument About Merck's alleged Conduct With No Nexus To This Case and Declaration of Douglas R. Plymale, Esq. In Support Of Plaintiffs' Memorandum in Opposition to Defendant's Motion *In Limine* No. 6 To Exclude Evidence Or Argument About Merck's alleged Conduct With No Nexus To This Case has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U. S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance Pretrial Order No. 8B, on this the 12th day of March, 2010.

/s/   Douglas R. Plymale
Douglas R. Plymale
***Murray Law Firm***
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181