UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| This Document Relates To: | SECTION L |
| STATE OF LOUISIANA, *ex rel.*, JAMES D. CALDWELL, JR., Attorney General,<br>　　　　　Plaintiffs<br><br>　　v.<br><br>MERCK SHARP & DOHME CORP.,<br>　　　　　Defendants | JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE KNOWLES<br><br><br>Case No. 05-3700 |

PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT MERCK'S PROFITS, FINANCIAL STATUS AND ALLEGED "PROFIT MOTIVE" RELATING TO VIOXX

## **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **TABLE OF AUTHORITIES**

PAGE

*Gray v. Hoffman-LaRoche*,
    82 Fed. Appx. 639 (10th Cir. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Norplant Contraceptive Prods. Liab. Litig.*,
    1997 WL 80526, *1 (E.D. Tex. Feb. 19, 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kunz v. Utah Power & Light Co.*,
    913 F.2d 599, 605 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Monroe Medical Clinic v. Hospital Corp. of Am.*,
    622 So. 2d 760, 779 (La. App. 2d Cir.), writ denied, 629 So. 2d 1135 (La. 1993). . . . . . . 1

*Omnitech Int'l, Inc. v. Clorox Co.*,
    11 F.3d 1316, 1332 (5th Cir.), cert. denied, 115 S.Ct. 71 (1994). . . . . . . . . . . . . . . . . . . . 1

*Shelton v. Standard/700*,
    2001-0587 (La. 10/16/01), 798 So.2d at 64. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Turner v. Purina Mills, Inc.*,
    989 F.2d 1419, 1422 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*White v. Golden*,
    43,076 (La. App. 2d Cir. 4/30/08), 982 S.2d 234, 241. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATE STATUTES**

LS-R.S. 51:1408.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MAY IT PLEASE THE COURT:

Merck has sought to exclude all evidence not only of its financial condition and net worth, but also of its profit motive in promoting Vioxx. While the former may arguably not be relevant to the State's claims, the latter most certainly is. Plaintiffs are mindful of this Court's earlier rulings reserving evidence of financial condition to the punitive damages stage. However, evidence of Merck's profit motive and in particular Merck's actual profits from the sale of Vioxx are of particular relevance to the State's claims. Such evidence goes directly to questions of intent and unlawful business practice that are essential components of the State's restitution claim under LS-R.S. 51:1408.

Intent to obtain unfair advantage is an element of a fraud claim under Louisiana law. *Shelton v. Standard/700*, 2001-0587 (La. 10/16/01), 798 So.2d at 64. Proof intent will generally require that inferences be drawn from circumstantial evidence. *White v. Golden*, 43,076 (La. App. 2d Cir. 4/30/08), 982 S.2d 234, 241. Similarly, plaintiffs' LUTPA claim requires a showing of intent on Merck's part. To recover on this claim, plaintiffs must prove some element of fraud, misrepresentation, deception or other unethical conduct by defendants. A trade practice is unfair only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous. *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir.), cert. denied, 115 S.Ct. 71 (1994); *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993); *Monroe Medical Clinic v. Hospital Corp. of Am.*, 622 So. 2d 760, 779 (La. App. 2d Cir.), writ denied, 629 So. 2d 1135 (La. 1993). Evidence of profit motive, of Merck's need to make Vioxx succeed beyond the extremely limited market for which it would have been indicated, if at all (See Abramson report, paragraph 15), is highly probative of Merck's intent.

Tellingly, none of the cases cited by Merck in support of its assertion that Merck's profit motive is not relevant to the State's claims involved claims that required a showing of intent. In *Kunz v. Utah Power & Light Co.*, 913 F.2d 599, 605 (9th Cir. 1990), the Court excluded evidence of the defendant's profit motive because it was not relevant to the plaintiff's negligence claims. Similarly, *In re Norplant Contraceptive Prods. Liab. Litig.*, 1997 WL 80526, *1 (E.D. Tex. Feb. 19, 1997) and *Gray v. Hoffman-LaRoche*, 82 Fed. Appx. 639 (10th Cir. 2003) both involved failure to warn claims, not claims of intentional misrepresentation. These cases cited by Merck do not stand for the proposition that a court cannot consider evidence of profit motive offered to demonstrate the defendant's intent to defraud.

Finally, the State notes that this case is to be a bench trial. As such this Court can assure that evidence of Merck's financial state and profit motive is considered only for proper purposes such as proof of intent, and not to prejudice the finder of fact against Merck.

## CONCLUSION

For the foregoing reasons, Merck's Motion in Limine No. 8 should be denied, at least insofar as it seeks to exclude evidence of Merck's profit motive which is directly probative of the material question of intent.

Respectfully submitted, this 12th day of March, 2010.


SIGNATURE BLOCK ON NEXT PAGE

/s/ Stephen B. Murray, Jr.
James R. Dugan, II (La. Bar No. 24785)
Douglas R. Plymale. (La. Bar No. 28409)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
Justin Bloom
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Email: smurrayjr@murray-lawfirm.com

James D. Caldwell, Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020

Francisco H. Perez
Kim Sullivan
General Counsel
Louisiana Department of Health and Hospitals
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Opposition to Motion in Limine No. 8 to Exclude Evidence or Argument about Merck's Profits, Financial Status and Alleged "Profit Motive" Relating to Vioxx has this day been served on Liaison Counsel, Phillip A. Wittmann and Russ M. Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance to Pretrial Order No. 8B, on this the 12th day of March, 2010.

                                       */s/ Stephen B. Murray, Jr.*
                                       Counsel for Plaintiff