UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| This Document Relates To: | SECTION L |
| STATE OF LOUISIANA, *ex rel.*, JAMES D. CALDWELL, JR., Attorney General,<br>            Plaintiffs<br><br>    v.<br><br>MERCK SHARP & DOHME CORP.,<br>            Defendants | JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE KNOWLES<br><br><br>Case No. 05-3700 |

**PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* NO. 2
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
<u>HYPOTHETICAL AND SPECULATIVE SCENARIOS</u>**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    WHILE TESTIMONY OF WHAT LDHH WOULD HAVE DONE BUT FOR MERCK'S CONCEALMENT MAY BE INADMISSIBLE UNDER FED. R. EVID. 403 RELEVANCE, IT NOT INADMISSIBLE UNDER FED. R. EVID. 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    EXPERTS CAN GIVE OPINIONS AS TO WHAT REASONABLE DOCTORS AND P&T COMMITTEES WOULD HAVE DONE HAD INFORMATION NOT BEEN CONCEALED. . . . 2

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

PAGE

**STATE STATUTES AND REGULATIONS**

LSA-C.C. art. 2520. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LSA-R.S. 51:1408. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL STATUTES AND REGULATIONS**

Fed. R. Evid. 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MAY IT PLEASE THE COURT:

Having just moved for summary on the grounds that the State purportedly failed to provide any evidence that LDHH would have restricted payments for Vioxx had Merck disclosed information that the State contends was concealed, in an ironic twist, Merck now moves to exclude any testimony from LDHH personnel that they would have restricted payments for Vioxx had Merck disclosed certain information.  The State's claims fall under Civil Code 2520 and LSA-R.S. 51:1408, not "Catch-22."  To the extent the State is required to show reliance by showing it would have acted differently if not for Merck's fraudulent concealment, then testimony of LDHH witnesses on this point is admissible.

> **I.** **WHILE TESTIMONY OF WHAT LDHH WOULD HAVE DONE BUT FOR MERCK'S CONCEALMENT MAY BE INADMISSIBLE UNDER FED. R. EVID. 403 RELEVANCE, IT NOT INADMISSIBLE UNDER FED. R. EVID. 701.**

Plaintiffs agree with Merck that this Court should not and need not consider the testimony of LDHH employees regarding what they would have done but for Merck's fraudulent concealment. As was discussed at length in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, consideration of the State's reliance on Merck's fraudulent conduct is unnecessary and immaterial to the claims in redhibition and §1408 restitution asserted in this suit.  Additionally, such testimony is irrelevant to demonstrating reliance for purpose of plaintiffs' fraudulent concealment claims, since in those claims, reliance is proven not by reference to the plaintiff's conduct, but by materiality of the fact disclosed.  If the Court were to decline to hear testimony from LDHH personnel regarding what they would have done but for Merck's concealment on these grounds, then Plaintiff would join Merck in asking the Court to exclude such testimony.

However, Merck has not asserted that such testimony is inadmissible because it is irrelevant to the State's claims.  Indeed, Merck has asserted, erroneously, that plaintiff cannot prevail without such evidence.  Having argued that such testimony is essential to the State's success on the merits, Merck now asks the Court to exclude that very testimony because it fails to meet the standard for lay witness opinion testimony set forth in Fed. R. Evid. 701, because it would entail a lay witness offering opinion testimony on the basis of speculation.    Insofar as Merck seeks to exclude this evidence on Rule 701 grounds, this Court should deny Merck's motion.

While courts have held in fraudulent concealment cases that inquiry into what the plaintiff would have done may not be relevant because reliance is proven by the materiality of the fact concealed, defendants have failed to cite to a single case involving fraudulent concealment claims where the a court has excluded the plaintiff's testimony about what he or she might have done had information not been concealed on Rule 701 grounds.  Not one of the cases cited by Merck in which Courts have found testimony about what a plaintiff would have done under hypothetical situations inadmissible under Rule 701 involved testimony of a plaintiff in a fraudulent misrepresentation or concealment case testifying as to what he or she would have done if not for the concealment or misrepresentation.

## II.   EXPERTS CAN GIVE OPINIONS AS TO WHAT REASONABLE DOCTORS AND P&T COMMITTEES WOULD HAVE DONE HAD INFORMATION NOT BEEN CONCEALED.

Merck asserts that not even experts, who under the federal rules of evidence are allowed to speculate on hypothetical situations, can offer hypothetical testimony as to what a reasonable Medicaid payer like LDHH would have done with Merck's concealed information, because, according to Merck, there has been an insufficient showing of predicate facts for any opinions that

LDHH or Louisiana doctors would have acted differently. Merck argues that the opinions of Dr. John Abramson, an expert on the information doctors use in making prescribing decisions and Terry Leach, an expert on P&T committees, as to how reasonable doctors and P&T committees would have acted if critical information had not been concealed are not based on adequate predicate facts. Merck's purported basis for arguing there is no showing of predicate facts upon which these experts could base their conclusions? That no lay witnesses from LDHH or doctors can testify about what they would have done had information not been disclosed! This sort of reasoning is more in line with Alice in Wonderland that the Federal Rules of Evidence.

Plaintiff's experts need not rely on testimony from LDHH witnesses or Louisiana doctors to support their expert conclusions that reasonable professionals in the same position would not have prescribed or reimbursed prescriptions for Vioxx if Merck had not concealed key information. There are ample factual predicates from which Dr. Abramson and Dr. Leach can reach such opinions. Plaintiff's Statement of Contested Issues of Material Fact, to say nothing of the reports of these two experts, set forth the many concealed facts, which according to these two experts on how doctors and P&T committees make decisions about prescription drugs, would have been material to any reasonable doctor or P&T Committee. These facts, about what Merck knew, when Merck knew it, and what Merck did and did not reveal, form the predicate for these experts' opinions, and are far from speculative. In fact, this Court has found on at least two occasions that these facts are sufficient to support a finder of fact's conclusion that Merck concealed material information to plaintiffs' detriment. See e.g. *In re Vioxx Prods. Liab. Litig.* (*Barnett v. Merck,* 06-485) [See August 30, 2006 Order & Reasons, Tab A to Plaintiff's Opposition to Motion for Summary Judgment] (denying motion for new trial on concealment claims), *In re Vioxx Prods. Liab. Litig.* (*Edmonds, Stinson, and*

*Watson v. Merck*), 478 F.Supp.2d 897 (E.D. La. 2007) (denying summary judgment on statute of limitations because there remained genuine issue of fact as to whether Merck concealed information about Vioxx).

## CONCLUSION

Merck's "Catch-22" argument, that Plaintiff must prove reliance by showing what they would have done but for Merck's fraud but Plaintiff cannot show reliance by testifying to what Plaintiff would have done but for the fraud finds no support in the jurisprudence. Merck has not cited to a single case which has precluded a plaintiff in a fraudulent concealment or misrepresentation case from testifying to what he or she would have done but for the defendant's fraud. Moreover, there is ample factual predicate from which Plaintiff's expert can testify to what reasonable doctors and P&T Committees would have done but for Merck's fraudulent misrepresentations and omissions. Accordingly, Merck's Motion in Limine No. 2 should be denied.

Respectfully submitted, this 12th day of March, 2010.

> */s/ Stephen B. Murray, Jr.*
> James R. Dugan, II (La. Bar No. 24785)
> Douglas R. Plymale. (La. Bar No. 28409)
> Stephen B. Murray, Jr. (La. Bar No. 23877)
> Stephen B. Murray, Sr. (La. Bar No. 9858)
> Justin Bloom
> MURRAY LAW FIRM
> 650 Poydras Street, Suite 2150
> New Orleans, LA 70130
> Telephone: (504) 525-8100
> Email: smurrayjr@murray-lawfirm.com

James D. Caldwell, Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020

Francisco H. Perez
Kim Sullivan
General Counsel
Louisiana Department of Health and Hospitals
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiff's Opposition to Motion *in Limine* No. 2 To Exclude Evidence and Argument Regarding Hypothetical and Speculative Scenarios has this day been served on Liaison Counsel, Phillip A. Wittmann and Russ M. Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance to Pretrial Order No. 8B, on this the 12th day of March, 2010.

/s/ Stephen B. Murray, Jr.
Counsel for Plaintiff