# EXHIBIT 4



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP -6 AM 7: 51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                           :     MDL NO. 1657

PRODUCTS LIABILITY LITIGATION          :     SECTION: L

                                       :

                                       :     JUDGE FALLON

                                       :     MAG. JUDGE KNOWLES

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

THIS DOCUMENT RELATES TO
*Smith v. Merck & Co., Inc.*, 05-4379

## ORDER

Before the Court are several Motions in Limine filed by both the Plaintiff and Defendant. The Court ruled on the these motions on the record and as indicated more fully on the attached documents.

New Orleans, Louisiana, this ___31st___ day of ___August___, 2006.

_____
UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

-1-

| **PLAINTIFF'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| 1. **Miscellaneous Motion to Exclude, or, in the alternative, Motion in Limine and/or Request for Limiting Instructions (Rec. Doc. 6126)** | |

The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine and/or Request for Limiting Instruction. The Plaintiff argues that any reference to the following matters would be improper, irrelevant, and/or unduly prejudicial.

| | |
|---|---|
| a. Any reference that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medicines. | Granted - 401/403 |
| b. Any reference that a verdict for the Plaintiff will adversely affect the ability of any member of the jury to purchase or have available medications in the future, the cost of medicine, or the viability of the pharmaceutical industry. | Granted - 401/403 |
| c. Any reference that this case or any Vioxx case may have a negative impact on Merck's stock price or any other publicly traded pharmaceutical manufacturer. | Granted - 401/403 |
| d. Any reference that this case or any Vioxx case may cause an increase in the cost of purchasing or maintaining insurance. | Granted - 401/403 |
| e. Any reference that this case or any other Vioxx case may cause an increase in the cost of purchasing medication for the public. | Granted - 401 |

M007A14106

| | |
|---|---|
| f. Any reference to Health Canada's or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries. | Granted - 401/403 |
| g. Any reference to the medical condition of the Plaintiff or the Plaintiff's family that is unrelated to the injuries at issue in this case. The Plaintiff specifically refers to the following family members and conditions: 1) brother David who smoked and had cardiovascular problems, 2) parents who smoked and died from emphysema, 3) brother Ronnie's medication for high cholesterol, and 4) uncle's death from heart attack. | Deferred - some of these family conditions may be relevant to prove the Plaintiff's own risk factors |
| h. Any reference to the Plaintiff's non-criminal bad conduct. The Plaintiff anticipates the following personal attacks: (1) alleged infidelity, (2) use of Viagra and Levitra, and (3) use of alcohol. | Granted as to (1) and (3) - 401/403<br>Deferred as to (2) |
| i. Any reference to whether the Plaintiff is covered by some form of insurance for the incident in question. | Granted - 401/411 |
| j. Any reference that an award of punitive damages is unconstitutional, illegal, or not supported by law. | Granted - 401/403 |

M007A14107

| | |
|---|---|
| k.   Any reference to "litigation crisis," "lawsuit crisis," "lawsuit abuse," or any other similar term or phrase. | Granted - 401/403 |
| l.   Any reference that the Plaintiff's attorneys specialize in representing plaintiffs in personal injury or products liability litigation. | Granted - 401/403 |
| m.   Any reference to other Vioxx cases and other cases involving Plaintiff's counsel or other drugs. | Deferred - too general |
| n.   Any comment or personal anecdote from any witness or lawyer for the Defendant that they have or a family member has used Vioxx. | Granted - 401 |
| o.   Any reference that Vioxx was taken off the market due to "media hype" caused by attorneys or the media itself. | Granted - 401/403 |
| p.   Any reference that preemptively bolsters the unchallenged character or traits of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries. | Deferred - too broad |
| q.   Any reference to opinions in the medical records of healthcare personnel that are not witnesses in person or deposition at trial. The Plaintiff argues that such opinions are hearsay. | Deferred - too broad |

M007A14108

| | |
|---|---|
| r.   Any reference that any members of the public or medical community desire that Vioxx be placed back on the market. | Granted - 401 |
| s.   Any reference that state defect or failure to warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits. | Granted - 401 |
| t.   Any reference to the fees received and/or charged by Plaintiff's experts for work in lawsuits involving drugs other than Vioxx and reference to them as "paid litigation experts" or the like. | Deferred - likely to be irrelevant, but might be admissible for impeachment |
| u.   Any reference to the Plaintiff's alleged knowledge of cardiovascular risks associated with the use of Vioxx. | Denied |
| v.   Any reference that Kentucky is part of a so-called "stroke-belt." | Granted - 401/403 |
| w.   Any reference that typographical errors in Dr. Moye's report indicate that it was cut and pasted from another case. | Denied |

M007A14109

| | |
|---|---|
| x. Any reference that any of Plaintiffs' counsel may have advertised for persons injured by the use of Vioxx or in any other manner. | Granted - 401/403 |
| y. Any reference that Mr. Smith's injury is his own fault or the fault of his prescribing and/or treating physicians. | Denied |
| z. Any reference that FDA approval of Vioxx means that Merck met its standard of care and/or fulfilled its duty to warn as a matter of law. | Granted - this is argument, not fact |
| aa. Voir dire questions that discuss the wrong legal standard and contain argument. | Granted |
| bb. Addressing opposing counsel directly in the presence of the jury without Court permission. | Granted |
| cc. Any reference to the use, identity, or presence of jury consultants. | Deferred - too broad |
| dd. Any reference to settlement negotiations or the lack thereof. | Granted |

M007A14110

| | |
|---|---|
| ee. Any reference to the refusal of either party to enter into a stipulation prior to trial, or otherwise seeking any stipulation from counsel in the presence of the jury. | Granted |
| ff. Any reference to the filing of this motion in limine, its contents, or proceedings in connection with this motion. | Granted |
| gg. Plaintiff requests the Court to instruct defense counsel to inform all defense witnesses not to mention any matters enumerated in this motion. | Ruling not necessary |
| hh. Plaintiff requests the Court to instruct defense counsel that a violation of these orders would deprive the Plaintiff of a fair trial and may constitute contempt and/or necessitate a mistrial. | Ruling not necessary |
| ii. Any reference to the label on other drugs the Plaintiff may have took. | Denied |

M007A14111

2. **Evidence or Argument that Merck Employees, Former Employees, or their Family Members Took Vioxx Prior to the Drug's Withdrawal from the Market (Rec Doc. 6127)**

Granted - 401/403

The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine concerning evidence or argument that Merck employees, former employees, or their family members took Vioxx prior to the drug's withdrawal from the market. The Plaintiff argues that such references are improper, irrelevant, and/or unduly prejudicial.

3. **Evidence of Discussion Concerning Defendant's Alleged Good Reputation and/or "Good Acts" (Rec Doc. 6121)**

Deferred - too broad

The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine concerning any evidence or testimony as to the Defendant's good reputation and/or other good acts. Specifically, the Plaintiff references the following: (1) Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost or at a significantly reduced price; (2) Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana; (3) Merck's donation of medications to combat "River Blindness," which is a disease that strikes rural villages in Africa, to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and (4) the fact that Merck develops drugs that treat and cure disease. The Plaintiff's objections are based on Rule 401 relevance and Rule 403 prejudicial effect.

M007A14112

| | |
|---|---|
| 4. **Defendant's argument that it was Prohibited by FDA Regulations from Making Label Changes Without Prior Approval (Rec. Doc. 6128)** | Denied - this is a question of fact, experts disagree about whether or not Merck could make label changes without prior approval. |
| The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine concerning any evidence or argument that Merck was prohibited by FDA regulations from making label changes without prior approval. The Plaintiff asserts that this testimony is false and a misstatement of the law. | |
| 5. ***Daubert*-like challenge (Rec. Doc. 6129)** | |
| The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine to preclude any Merck employee or former Merck employee from testifying to opinions which they are unqualified to render, which has not been previously disclosed, and which lack appropriate support under *Daubert*. The Plaintiff argues that Merck may try to use Rule 701, which allows employees to testify as to opinions rationally based upon the perception of the witness, as a *Daubert* loophole. Specifically, the Plaintiff argues that Dr. Briggs Morrison, an oncologist, should not be allowed to offer opinions in pharmacology and vascular biology because he lacks the requisite knowledge, skill, expertise, and training in these subjects. | Deferred - too vague |

M007A14113

### 6. Annual Deaths Attributable to NSAID Gastropathy (Rec. Doc. 6130)

The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine concerning testimony about the annual deaths attributable to NSAID gastrointestinal toxicity without appropriate qualifications and scientific support. The Plaintiff challenges the testimony because it is speculative and offered without support or citation.

Denied - issue of fact

### 7. April 6, 2005 FDA Memorandum (Rec. Doc. 6131)

The Plaintiff has filed a Motion to Exclude, or, in the alternative, a Motion in Limine concerning the April 6, 2005 FDA memorandum and all evidence or testimony that the FDA has concluded that there is a "class effect" for all NSAIDS. The Plaintiff claims that this information is false and overly prejudicial.

Deferred - will decide if this comes in depending on the context in which it comes up

M007A14114

| **MERCK'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| 1. **Communications Between Merck and the FDA in 2005 About the Potential Reintroduction of Vioxx to the Market and/or any Proposed Black Box Warning (Rec. Doc. 6119)** | Granted - 403/407 - might revisit if the issue of ability to reintroduce w/ black box comes up |

Merck has filed a Motion in Limine to exclude communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning, including Plaintiff's Exhibits 1.1031 and 1.1220 (background package Merck prepared and presented to the FDA discussing reintroduction and black box warning), and 1.1219 (FDA meeting minutes reflecting such discussions). Merck claims that this evidence is irrelevant because it post-dates Mr. Smith's injury, and also inadmissible under Rule 407 as subsequent remedial measures.

| 2. **Testimony or Argument that Merck (1) Should or Could Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged Its Feet" to Prevent the VIGOR Data From Being Added to the Vioxx Label (Rec. Doc. 6122)** | Denied - this is a question of fact |

Merck has filed a Motion in Limine to exclude Testimony or Argument that Merck (1) Should or Could Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged Its Feet" to Prevent the VIGOR Data From Being Added to the Vioxx Label. Merck argues that such evidence is irrelevant since Mr. Smith didn't start taking Vioxx until six months after the FDA approved a new Vioxx label incorporating the VIGOR data in April of 2002.

M007A14115

3. **Marketing and Promotional Materials Unrelated to Mr. Smith or His Prescribing Physician Dr. Michael Grefer (Rec. Doc. 6123)**

Merck has filed a Motion in Limine to exclude evidence of, or reference to, marketing and promotional materials unrelated to Mr. Smith or his prescribing physician Dr. Michael Grefer. Merck argues that these materials are irrelevant since Dr. Grefer didn't see or rely on internal Merck documents.

Denied

4. **David Graham, M.D. (Rec. Doc. 6120)**

Merck has filed a Motion in Limine to exclude certain testimony of David Graham, M.D. as to: (1) Dr. Graham's estimate of the number of excess heart attacks and deaths allegedly caused by Vioxx, Merck claims that this evidence is irrelevant, overly prejudicial, scientifically unreliable, and based on flawed methodology; and (2) Dr. Graham's testimony criticizing the FDA, Merck claims that this evidence is irrelevant and overly prejudicial.

Denied

5. **(1) Evidence of Motive and (2) Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees (Rec. Doc. 6124)**

Merck has filed a Motion in Limine to exclude (1) evidence of motive and (2) evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees. Merck argues that such evidence is irrelevant and would be unfairly prejudicial, confuse the jury and waste time.

Deferred - but probably admissible to show motive

M007A14116

6. **Omnibus Motion to Exclude Evidence and Testimony on Issues Previously Addressed by the Court (Rec. Doc. 6125)**

Merck has filed a Motion in Limine to exclude evidence and testimony on the following issues previously addressed by the Court:

| | | |
|---|---|---|
| a. | All "Warning Letters" and other informal "Untitled Letters" from the FDA. Merck argues that these are irrelevant under Rule 401 and 403, and that they constitute inadmissible hearsay. | Denied |
| b. | Testimony of Eric J. Topol, M.D. as to (1) events that post-date February 2003, and (2) labeling and marketing. Merck argues that evidence of (1) is irrelevant, and evidence of (2) is beyond the scope of Dr. Topol's expertise. | Denied |
| c. | Evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault. Merck argues that these are irrelevant, prejudicial, and consist of unreliable hearsay. | Denied |
| d. | Unreliable and irrelevant medical and scientific evidence. Specifically, Merck seeks to exclude (1) statistically insignificant data, (2) investigator-reported data, and (3) "all-cause mortality figures from Alzheimer's disease clinical trials. | Deferred - too broad |
| e. | The Fries Letter and related evidence. Merck argues that this letter about an intimidating call from a Merck doctor is irrelevant, prejudicial, and relates hearsay. | Deferred - might be admissible to show action or habit |

M007A14117

|  |  |  |
|---|---|---|
| f. | Evidence relating to the "Expression of Concern" published in the *New England Journal of Medicine* in December 2005. Merck argues that these documents are irrelevant, prejudicial, and constitute inadmissible hearsay. | Deferred - probably admissible because of influence and effect of original article on giving treating physicians comfort in prescribing Vioxx |
| 7. | **Reference to Merck's Defense of Other Vioxx-Related Lawsuits and Questions or Argument Pertaining to Number of Times Merck Witnesses Have Testified Previously (Rec. Doc. 6565)**<br><br>Merck has filed a motion in liminie to exclude improper reference to Merck's defense of other Vioxx-related lawsuits and questions or argument pertaining to number of times Merck witnesses have testified previously. Merck argues that these references are irrelevant and prejudicial. As an example, Merck points to Plaintiff's counsel's arguments during the punitive phase of Barnett. | Deferred - likely inadmissible unless witness is being impeached with prior testimony or if issue is made of Plaintiff's experts testifying in other cases |