IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| | * | |
| *Amadis-Rosario, Gladys et al vs Merck &* | * | |
| *Co. Inc.;  2:05cv06234* | * | |
| *Bell, Walter et al vs. Merck & Co. Inc.;* | * | |
| *06-6997;* | * | |
| *Alvarado, Ramon et al vs. Merck & Co. Inc.* | * | |
| *06-7150;* | * | |
| *Acevedo, Jose et al vs. Merck & Co., Inc.;* | * | |
| *06-6997;* | * | |
| *Adames De La Rosa, et al vs Merck* | * | |
| *& Co. Inc.;06-6999;* | * | |
| *Yeager, Bryan Keith, et al vs. Merck &* | * | |
| *Co., Inc.; 2:05cv04663* | * | |
| *Kupcha, Ruth et al vs. Merck & Co., Inc.* | * | |
| *OKN - 06-533* | * | |
| | | |
| ************************************ | | MAG. JUDGE KNOWLES |

STATE OF ALABAMA )
JEFFERSON COUNTY )

### AFFIDAVIT OF E. KIRK WOOD

Before me the undersigned authority in and for said County and in said State, personally appeared E. Kirk Wood, who being known to me and being first duly sworn according to law, deposes and says the following:

1. My name is E. Kirk Wood and I am over the age of eighteen years. I am a resident of Birmingham, Alabama.

2. I am Primary Counsel for Vioxx cases that have been or are currently being processed in MDL 1657 by the Claims Administrator and listed in Exhibit 1 to this affidavit. *See Exhibit 1: Client Listing.*

3. Attorneys Eric Quetglas and Archie Lamb are noted as Co-counsel for many of these cases which either originated in Puerto Rico, and/or were filed in Puerto Rico and are hereinafter referred to as "Joint Cases." *See Exhibit 1: Client Listing*

4. The agreement between the participating Co-counsel concerning the processing of the Joint Cases provided for a division of labor, expenses and fees. The agreement provided for a division of fees with 40% of fees to Eric Quetglas and 60% of fees to Archie Lamb and me. Archie Lamb and I had previously agreed to share equally the fees resulting from the management of the Joint Cases.

5. The agreement provided further for all Joint Case expenses and paralegal support to be paid for and provided by Archie Lamb. Eric Quetglas and I were to actively interact with clients, manage the litigation, prepare, enter and participate in argument for court filings, interact with the claims administrator and account for and administer all claims payment. Archie Lamb's contribution was to provide financial and paralegal support. The agreement only related to Joint Cases.

6. In 2007 and 2008 Archie Lamb began to experience financial difficulties and I was required to pay some of the expenses associated with the processing of the Joint Cases in addition to my duties provided for in the division of labor. In 2008 and 2009, after paying what now appears to be approximately less than one half of the projected case expenses and paralegal support, Archie Lamb and his firm was no longer able to provide the agreed upon financial support.

7. Since that time Eric Quetglas and I have assumed and met and continue to meet all of the Joint Case management requirements as well as paying all case expenses and paralegal support.

8. Archie Lamb and his firm have been and continues to be involved in a contractual dispute with a financing company, Counsel Finance, that involve complex issues associated with the financing of his practice. Eric Quetglas and I do not have, and never have had, a relationship of any kind with Counsel Finance.

9. In May of 2009 Counsel Finance and its attorneys asserted a lien upon all settlement funds due on these Vioxx claims which has resulted in a hold on the payment of plaintiff distributions and attorney fees for all counsel. The Court has since released the lien as to plaintiff payments. All attorneys' fees due since the assertion of that Lien, continue to be the subject of that Lien and all attorney fees remain under the control of the Claims Administrator.

10. On January 28, 2010, Archie Lamb filed a bankruptcy petition in the Northern District of Alabama. That petition list Archie Lamb fees associated with the Joint Cases as an asset of his bankruptcy estate. I have met and conferred with counsel for the Bankruptcy Trustee and continue to keep the Bankruptcy Trustee informed as to the management of Joint Cases through counsel for the Bankruptcy Trustee. *See Exhibit 2: Lamb Bankruptcy Petition.*

11. Eric Quetglas and I, as required by the procedures established in PTO 47 and 47A, have asserted a lien upon the 30% of attorneys fees of Archie Lamb that are presently being held as a result of the actions of Counsel Finance in the amount of $286,788.80 less the amount to be collected from Plaintiffs. This amount is the amount of case expense that is due and owing as of the date of this affidavit from Archie Lamb in order for Mr. Lamb to maintain his 30% participation in attorney fees. The expenses credited to date equal $87,495.00 leaving an amount due to E. Kirk Wood and Eric Quetglas from Lamb fees of $199,293.80 as of the date of this Affidavit.

12. This lien is asserted only as to specific out-of-pocket case expense agreed to be paid by Archie Lamb. I have agreed to pay to the Trustee of the Archie Lamb bankruptcy estate as directed, all fees due to Archie Lamb and Archie Lamb's share of any and all additional future expense reimbursements paid by Plaintiffs to Co-counsel E. Kirk Wood and Eric Quetglas.

13. Expenses and costs continue to accrue on a daily basis and the amount will continue to increase until such time as the Joint Cases are completed.

14. Eric Quetglas and I have filed a motion with the MDL court seeking a release of our portion of attorney fees for Joint Cases as well as the above noted case expense due from Archie Lamb.

15. I have also asked in that motion for the release of fees due to me for the remaining unpaid fees on the individual case of Ruth Kupcha.

I further affirm that the information in the affidavit above is true and accurate.

DATED this the __16th__ day of March, 2010.

_____
E. KIRK WOOD

**STATE OF ALABAMA )**
**JEFFERSON COUNTY )**

Before me, the undersigned, a notary public in and for said county and state, personally appeared E. Kirk Wood, who is known to me and who being by me first duly sworn, deposes and says that he has read the above and that the facts set forth therein are true and correct. Sworn to and subscribed to before me this the __16th__ day of March, 2010.

My Commission Expires:

_Carla J. Baker_
NOTARY PUBLIC

SEAL