## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  VIOXX PRODUCTS LIABILITY LITIGATION | MDL No.  1657 |
| This Document Relates To: | SECTION L |
| STATE OF LOUISIANA, *ex rel.*, JAMES D. CALDWELL, JR., Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK SHARP & DOHME CORP.,<br><br>Defendants. | JUDGE ELDON E.  FALLON<br><br>MAGISTRATE JUDGE KNOWLES<br><br>Case No.  05-3700 |

## **PLAINTIFF'S REPLY TO MERCK'S STATEMENT OF MATERIAL FACTS**

**A.     None of the statements in Defendant's pleading contradicts the following undisputed facts:[1]**

1.     There were ten complicated GI events among the non-steroid users in the naproxen group compared to nine complicated GI events among the non-steroid users in the Vioxx group in the VIGOR study; the relative risk in this subgroup was 1.12 (not significant). (Julie Rep. at 11; Sales Dep. 31:2-10; 35:4-38:20; 41:3-46:7, January 26, 2010 ([SRL Decl. Exs. 6, 7].)

2.     There were 27 complicated GI events among the steroid users in the naproxen group compared to seven complicated GI events among the steroid users in the Vioxx group, in the VIGOR study; the relative risk in this subgroup was 3.85 and statistically significant (*Id.*)

3.     There was a statistically significant interaction between steroid use and treatment group, p=0.047.  (*Id.*)

4.     The data in paragraphs 1 through 3, above, do not appear in the Vioxx label, nor in the VIGOR article.  ([SRL Decl. Exs. 1, 8].)

5.     The Vioxx label effective April 11, 2002, stated:

> "The risk reduction for PUBs and complicated PUBs for VIOXX compared to naproxen (approximately 50%) was maintained in patients with or without the following risk factors for developing a PUB (Kaplan-Meier cumulative rate of PUBs at approximately 10 1/2 months, VIOXX versus naproxen, respectively): with a prior PUB (5.12, 11.47); without a prior PUB (1.54, 3.27); age 65 or older (2.83, 6.49); or younger than 65 years of age (1.48, 3.01).  A

---

[1] In all three cases that Merck cites for the proposition that Plaintiffs' motion should denied due to technical deficiency; *Baker v. Authement*, No. 01-1810, 2002 WL 34376590 (E.D. La. March 11, 2002), *Thibodeaux v. Exec Jet*, No. 00-3237, 2001 WL 699653 (E.D. La. June 18, 2001), and *Miller v. Slam Offshore*, 49 F. Supp. 2d 507 (E.D. La. 1999), the Court noted the failure to comply with Local Rule 56.1, but nonetheless decided the summary judgment motion on the merits.

- 1 -

> *similar risk reduction for* PUBs and *complicated PUBs (approximately 50%) was also maintained in patients with or without Helicobacter pylori or concomitant corticosteroid use*."

([SRL Decl. Ex. 1] (emphasis added).)

### B. Plaintiff provides the following responses to the assertions in Merck's Statement of Material Facts

**Response to Statement No. 1:**

The VIGOR label is not an "accurate reflection of the results of the VIGOR trial. The plain language of the label states that risk reduction in subgroups was maintained for "PUBs *and* complicated PUBs," rather than for PUBs alone as Merck's Statement asserts. ([SRL Decl. Ex. 1].) Statement No. 1 does not raise a disputed issue of material fact.

**Response to Statement No. 2:**

The FDA was not aware of the data showing the disparity in relative risk of complicated PUBs between steroid users and non-steroid users, because that data was omitted from Merck's Clinical Study Report. ([SRL Decl. Ex. 3].) Merck's proposed label provided the steroid and nonsteroid subgroup analysis only for the "PUBs" endpoint, and not for the "complicated PUBs" endpoint. (Def. Ex. 4.) Statement No. 2 does not raise a disputed issue of material fact.

**Response to Statement No. 3:**

Dr. Sales' testimony cited by Merck does not refer to which is the most clinically significant endpoint at all. Instead, Dr. Sales stated only that he did not base any of his opinions in the case "on the results of a subgroup analysis off [sic] the complicated PUB endpoint in VIGOR." (Def. Ex. 6.) This statement is irrelevant to the Plaintiff's motion. Statement No. 3 does not raise a disputed issue of material fact.

**Response to Statement No. 4:**

The VIGOR publication did not inform readers of the data showing the complicated

- 2 -

PUBs in the naproxen users compared to Vioxx users, for the steroid user/non-steroid user subgroup.  ([SRL Decl. Ex. 8].)  Statement No. 4 does not raise a disputed issue of material fact.

**Response to Statement No. 5:**

The references to the VIGOR study in the Provider Synergies monographs summarized the GI data from the VIGOR article, which did not inform readers of the data showing the complicated PUBs in the naproxen users compared to Vioxx users, for the steroid user/non-steroid user subgroup.  ([SRL Decl. Ex. 8].)  Statement No. 5 does not raise a disputed issue of material fact.

**Response to Statement No. 6:**

Valerie Taylor's deposition testimony agreed that the label meant there was a 50% reduction in "PUBs *and* complicated PUBs with or without concomitant steroid use."  ([SRL Decl. Ex. 4].)  Defendant's Opposition Memorandum contends that "with or without" only refers to "Helicobacter pylori" and does *not* refer to "concomitant steroid use."  (Def. Mem. at 8.)  Dr. Taylor's testimony is not compatible with Merck's interpretation of the label.  Statement No. 6 does not raise a disputed issue of material fact.

**Response to Statement No. 7:**

Provider Synergies could not rely on the complicated PUB analysis for steroid users compared to non-users, because Merck did not publish it.  There is undisputed evidence that Provider Synergies reviewed the complicated PUB analysis that Merck did publish, and which Provider Synergies referenced in the monograph ([SRL Decl. Ex. 4]), but both the published article and the monograph summary reported the complicated PUB analysis for the mixed population without showing the disparate subgroup risk data that had been blended together into a single relative risk.  Statement No. 7 does not raise a disputed issue of material fact.

- 3 -

**Response to Statement No. 8:**

Dr. Kaiser, Merck's Regional Medical Director, testified on two separate occasions that she went over the new VIGOR label, including the GI data, with Louisiana P&T Committee Chair Dr. Culotta. ([SRL Decl. Ex. 9].) Because the complicated PUB data were not shown in the label for steroid users compared to non users, Dr. Kaiser did not discuss that data with him. (*Id.*) Statement No. 8 does not raise a disputed issue of material fact.

**Response to Statement No. 9:**

The P&T Committee considered patient safety first. Cost was only a decisive consideration where competing drugs were thought to have comparable risks and benefits. The P&T Committee could not rely on the complicated PUB analysis for steroid/non-steroid user subgroups, because Merck did not publish that data. Instead, Plaintiff relied on the accuracy of what *was* shown in the label, and the state would not have approved reimbursement for Vioxx if the true data had been published. (Affs. of Hood, Culotta.)

**Response to Statement Nos. 10, 11:**

Plaintiff was misled by the Vioxx label and would not have approved Vioxx reimbursement if the true data had been disclosed. (*Id.*) Statement Nos. 10 and 11 do not raise a disputed issue of material fact.

Respectfully submitted, this 16th day of March, 2010.

                                                /s/ James R. Dugan
                                                James R. Dugan, II (La. Bar No. 24785)
                                                Douglas R. Plymale. (La. Bar No. 28409)
                                                Stephen B. Murray, Jr. (La. Bar No. 23877)
                                                Stephen B. Murray, Sr. (La. Bar No. 9858)
                                                **MURRAY LAW FIRM**
                                                650 Poydras Street, Suite 2150
                                                New Orleans, LA 70130

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
Kim Sullivan
General Counsel
Louisiana Department of Health and Hospitals
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Plaintiffs' Reply to Merck's Statement of Material Facts has this day been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced, in accordance to pretrial order No. 8B, on this the 16th day of March, 2010.

/s/ James R. Dugan