# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | * | SECTION L |
|     CALDWELL, JR., Attorney General, | * | |
| | * | JUDGE ELDON E. FALLON |
|     Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
|     versus | * | KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|     Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## REPLY IN SUPPORT OF DEFENDANT'S OMNIBUS MOTION FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY RAISED BY PRIOR MOTIONS BEFORE THIS COURT

Merck hereby submits this reply memorandum in support of its Omnibus Motion in Limine to exclude evidence and testimony addressed in motions in limine that have been previously presented to and denied or reserved by the Court. Plaintiff's opposition adds nothing substantive to the analysis of these subjects. For the reasons stated below and in Merck's prior briefing, the Court should exclude all of the following evidence: (i) evidence relating to the New England Journal of Medicine's ("NEJM's") December 2005 "Expression of Concern;" (ii) all "Warning Letters" and other informal "Untitled Letters" (collectively "DDMAC communications") from the Food and Drug Administration ("FDA") Division of Drug Marketing, Advertisement and Communication ("DDMAC"); (iii) unreliable and irrelevant medical and scientific evidence; and (iv) the testimony of Eric J. Topol, M.D.

**ARGUMENT**

I.  **THE COURT SHOULD EXCLUDE EVIDENCE RELATING TO THE NEJM'S DECEMBER 2005 EXPRESSION OF CONCERN**

Plaintiff does not disagree with the fact that this Court has never allowed the Expression of Concern into evidence in any form. (Merck's Mot. at 2.) For example, in *Plunkett v. Merck*, the Court sustained Merck's objection to plaintiff's designation of the portions of Dr. Curfman's testimony in which he attempted to read the Expression of Concern into the record. And in *Barnett*, the Court agreed that – at the very least – the Expression of Concern was irrelevant to plaintiff's case-in-chief, reserving judgment as to whether it could be raised on rebuttal or cross-examination to address credibility. (*See* June 28, 2006 Order re Merck's Motions in Limine at 10.) As Merck noted in its initial motion, the present facts of this case only further buttress Merck's contention that this document should be excluded.

As this Court is aware, Merck's witnesses have testified extensively (and will do so again in this case) about the facts surrounding the VIGOR trial -- its design, its results, its publication, and discussions Merck had about it with the FDA which ultimately resulted in the April 2002 label revision. The Expression of Concern – in which three NEJM editors suggest ***without foundation*** that Merck deliberately withheld and deleted information from drafts of VIGOR submitted to the journal for publication in 2000 – adds nothing to these facts. It is not probative of any issue of consequence in this case.[1]

Moreover, Plaintiff does not dispute that the Expression of Concern is hearsay but instead argues that the opinion piece qualifies as a learned treatise and that testimony about it should

---

[1]  Plaintiff contends that the editorial is relevant to Dr. Alise Reicin's credibility concerning her work. (Pl.'s Opp'n at 2.) In *Barnett*, the Court accepted this argument, holding that Dr. Reicin could be asked, during cross-examination, if she was aware of the document. (*See* Aug. 14, 2006 Tr. in *Barnett v. Merck*, attached as Ex. A, at 2389:9-2390:11.) Merck respectfully requests that the Court reconsider its prior decision and exclude testimony regarding the Expression of Concern.

therefore be permitted.  (*See* Pl.'s Opp'n at 3.)  Plaintiff is incorrect.  Plaintiff makes much of the fact that the NEJM is a "reliable authority," but, as explained in Merck's prior briefings incorporated by reference in its underlying motion, that is not sufficient to qualify the Expression of Concern as a learned treatise under Rule 803(18).  *E.g.*, *Meschino v. N. Am. Drager, Inc.*, 841 F.2d 429, 434 (1st Cir. 1988) ("In these days of quantified research, and pressure to publish, an article does not ready the dignity of a 'reliable authority' merely because some editor, even a most reputable one, sees fit to circulate it.").  Regardless of whether this Court may take judicial notice of the NEJM as a reliable source or whether scientific articles published in the NEJM have been admitted in other case's trials, the mere publication of an editorial in the NEJM does not suffice to render it a learned treatise.  And, contrary to Plaintiff's assertions, the editorial is neither reliable nor authoritative.[2]  The Court should reject Plaintiff's attempts to classify what is nothing more than an opinion piece as a learned treatise.

### II.     THE COURT SHOULD EXCLUDE ALL INFORMAL COMMUNICATIONS FROM THE FDA

Plaintiff advances several tenuous theories of relevancy in its attempt to demonstrate a logical connection between the DDMAC communications and the State's decision to place Vioxx on its PDL.  (*See* Pl.'s Opp'n at 6.)  In the personal injury cases, this Court accepted the argument linking these informal Warning Letter and Untitled Letters to the conduct of each plaintiff's individual treating physician.  Here, now, Plaintiff goes one step further and suggests that decision makers of the State would somehow not have included Vioxx on its PDL had they known of the contents of the DDMAC communications.  This assertion is without basis.  The

---

[2]   Although Plaintiff claims that the Expression of Concern is reliable because it was "peer-reviewed," this "review" consisted of having one person, who was personally selected by the authors, review the authors' statistical analyses. (Jan. 24, 2006 Dep. of Dr. Gregory Curfman at 77-78, attached to Pl.'s Opp'n as Ex. 18.)  This review is clearly not the equivalent of what is ordinarily meant by "peer review": the rigorous and anonymous panel review process that scientific articles are subjected to prior to their publication.

State decided to place Vioxx on its PDL in May 2003, more than a year after the Vioxx label was changed to reflect the results of the VIGOR study, and more than a year and a half after the issues raised by the FDA in the 2001 Warning letter arose and were resolved to the satisfaction of the agency. In the personal injury cases, the nexus was weak at best; here, the nexus is completely hypothetical and speculative.

Further, these informal FDA communications are hearsay. *See* Fed. R. Evid. 801. Rule 803(8)(B) – the only hearsay exception on which plaintiff relies – is inapplicable. FDA Warning Letters and Untitled Letters are not "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." *Id.* The FDA has stated unequivocally that it has no duty to issue Warning Letters. (*See* FDA Regulatory Procedures Manual, Chapter 4, Advisory Actions, Section 4-1-1, attached as Ex. B ("FDA is under no legal obligation to warn individuals or firms that they or their products are in violation of the law before taking enforcement action.").) And for the most part, the letters are based on hearsay reports, not observation.

### III. THE COURT SHOULD EXCLUDE UNRELIABLE AND IRRELEVANT MEDICAL AND SCIENTIFIC EVIDENCE

Plaintiff offers no new arguments in response to Merck's motion. As illustrated in Merck's initial omnibus motion, non-probative medical and scientific "evidence," such as statistically insignificant data and investigator-reported data, is unreliable, irrelevant, and unduly prejudicial. The Court should exclude all of these data and reports, as well as any lay or expert testimony predicated on such evidence.

### IV. THE COURT SHOULD EXCLUDE THE TESTIMONY OF ERIC J. TOPOL, M.D.

Plaintiff takes the position that Dr. Topol's reputation as a respected cardiologist and this Court's prior permission to allow him to testify on the labeling and marketing of Vioxx in the personal injury cases necessarily means that he should again be permitted to testify in this case

brought by the State of Louisiana.  Although stated previously in Merck's opening brief, it bears repeating: the facts of the present case are wholly distinct from the personal injury context.  In those cases, plaintiffs sought, and the Court allowed, the presentation of evidence on what impact, if any, Merck's marketing materials and practices had on ***an individual physician's*** prescribing decisions.  Here, Plaintiff's case turns on whether Merck made representations (or omitted information) about Vioxx that caused ***the State*** to pay for prescriptions it otherwise would not have covered in its Medicaid program.  While the Court accepted the personal injury plaintiffs' arguments that Dr. Topol may have had some relevant experience with regard to labeling and marketing of prescription drugs ***to individual physicians***, Plaintiff here has adduced no evidence suggesting that Dr. Topol's testimony or expertise is relevant to the complex policy and cost considerations that the State of Louisiana undertook when analyzing Vioxx for its PDL, or that his testimony is broadly applicable to every prescribing physician in Louisiana.  No matter how well respected a cardiologist is, that training and experience alone does not qualify him to opine on these subjects. The testimony at issue must be excluded.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant its motion in its entirety.

Dated: March 19, 2010                                   Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1011240v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 14 To Exclude The Waxman Memo And The Martin Report has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1011240v.1