UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | * | SECTION L |
|     CALDWELL, JR., Attorney General, | * | |
| | * | JUDGE ELDON E. FALLON |
|     Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
| versus | * | KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|     Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 5, TO EXCLUDE TESTIMONY OR ARGUMENT THAT MERCK SHOULD HAVE CHANGED THE VIOXX LABEL PRIOR TO APRIL 2002**

      Testimony or argument that Merck should have changed the Vioxx label prior to April 2002 is entirely irrelevant to Plaintiff's claims here. This is because, as explained in Merck's opening brief, until Louisiana implemented a prior authorization requirement in June 2002, federal and state law required it to reimburse all purchases of Vioxx – regardless of the contents of the drug's label. (*See generally* Def.'s Mot.) In response, Plaintiff advances the same erroneous argument contained in its opposition to Merck's Motion for Summary Judgment: that the contents of the pre-VIGOR label are relevant because, had the Louisiana Department of Health and Hospitals ("LDHH") possessed more information about the risks of Vioxx, it would have restricted reimbursement of the drug. As discussed in Merck's summary judgment reply, that argument lacks any support in the governing law or the evidentiary record.

1011255v.1

In support of its argument that LDHH would have restricted coverage of Vioxx if only it had more information about the potential side effects of the drug, Plaintiff argues that: (1) the department would have restricted reimbursement "through implementation of Drug Utilization Review prospective deny edits" (Pl.'s Opp'n at 1); and (2) LDHH could have excluded payments for Vioxx from its formulary altogether after the state legislature adopted an "open formulary" in July 2001 (*Id.*). But as Merck explained in its summary judgment reply, each of those arguments fails.[1]  ***First***, contrary to its assertion that it could have restricted coverage of Vioxx through use of a DUR program, Plaintiff has not presented (and cannot present) any evidence that LDHH could have implemented safety-based DUR restrictions without violating the federal Medicaid statute, *see Edmonds v. Levine*, 417 F. Supp. 2d 1323, 1330 (S.D. Fla. 2006); nor has Plaintiff shown that the State would have implemented such restrictions even if they were legally acceptable (*see* Merck's Summary Judgment Reply at 12).  ***Second***, Plaintiff's argument that it could have excluded coverage of Vioxx altogether when the legislature adopted an open formulary misconstrues the difference between an open formulary and an exclusive formulary, which permits states to exclude coverage of drugs in some circumstances – but which the State of Louisiana never adopted.  (*See id.* at 13-14.)  Because Plaintiff cannot show that it had discretion to deny coverage of Vioxx before June 2002, testimony or argument that Merck should have changed the drug's label before April 2002 is irrelevant to the State's claims.[2]

---

[1]  Merck incorporates its reply in support of summary judgment by reference.  (*See* Defendant's Reply in Support of Motion for Summary Judgment, filed on March 16, 2010 ("Merck Summary Judgment Reply").)

[2]  In any event, Plaintiff's argument that it "would have restricted reimbursements for Vioxx through implementation of [DUR] prospective deny edits" (Pl.'s Opp'n at 1) or imposed other restrictions on the drug if Merck had changed its label sooner is contradicted by the factual record.  Indeed, the argument is precisely backwards: the State elected to ***eliminate*** restrictions on Vioxx when it added the drug to its Preferred Drug List in May 2003 – more than a year after Merck changed the Vioxx label to reflect the VIGOR study.  For this reason, testimony or argument that the company delayed or "dragged its feet" in implementing the label change would be irrelevant even if the Court accepted Plaintiff's argument that federal law permitted it to impose DUR or other restrictions on Vioxx.

Plaintiff's other argument – that testimony that Merck should have changed the Vioxx label before April 2002 is relevant to the FDA's regulatory framework (*see* Pl.'s Opp'n at 2-3) – is unavailing for precisely the same reason.  In support of this argument, Plaintiff relies on the expert report of Dr. David Kessler, which describes the requirements that the Food, Drug, and Cosmetic Act imposes upon drug manufacturers, as well as the testimony of Dr. Thomas Bold, who described how that law's implementing regulations permit manufacturers, in some circumstances, to change a drug's label without prior FDA approval.  (Pl.'s Opp'n at 2.)  But opinion testimony about whether or not Merck was required to change its label in response to the VIGOR study (or was permitted to do so without prior approval) is of no consequence whatsoever to Plaintiff's claims.  This is because, for the entire time between the release of the VIGOR study results in March of 2000, until the warning label incorporating the VIGOR results was adopted in April 2002, the State had an open formulary program which required it to reimburse ***all*** Vioxx prescriptions – regardless of the contents of the drug's label.

Nor is the fact that the Court has permitted testimony about the pre-VIGOR label in prior personal injury cases dispositive here (*see id.* at 1, 3); unlike a claim that Merck's alleged negligence caused personal injury or death, the company's compliance or noncompliance with the applicable regulatory framework has no relevance to Plaintiff's claims given that the State lacked discretion over reimbursements prior to June 2002.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that the Court grant its motion in its entirety.


Dated: March 19, 2010                                         Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1011255v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 5 To Exclude Testimony or Argument That Merck Should Have Changed The Vioxx Label Prior to April 2002 has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1011255v.1