UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
|     Products Liability Litigation | * |
| This Document Relates to: | *    MDL No. 1657 |
| STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, JR., Attorney General, | *    SECTION L |
|     Plaintiff, | *    JUDGE ELDON E. FALLON |
| versus | *    MAGISTRATE JUDGE KNOWLES |
| MERCK SHARP & DOHME CORP., | * |
|     Defendant. | * |
| Case No. 05-3700. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
NO. 2, TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING HYPOTHETICAL
AND SPECULATIVE SCENARIOS**

Plaintiff's response to Merck's motion to exclude evidence and argument regarding hypothetical and speculative scenarios seeks to rely, like Plaintiff's Opposition to Merck's Motion for Summary Judgment, on a combination of obfuscation and untimely and self-serving affidavits to unpersuasively address the glaring evidentiary gaps in Plaintiff's case. In Plaintiff's opposition to Merck's Motion for Summary Judgment,[1] Plaintiff advanced an untenable interpretation of Louisiana's redhibition and restitution causes of action that does not require a showing of causation. Given the weakness of this legal position, Plaintiff also resorted to creating untimely affidavits from both its experts and previously undisclosed lay witnesses on

---

[1]  Filed on Mar. 9, 2010 (Record Docket No. 36598).

the eve of trial in an attempt to create triable issues of fact.[2] Plaintiff seeks to use the same unfounded arguments and untimely evidence here. First, Plaintiff erroneously argues that its claims do not require reliance (and that if the Court agrees with its strained interpretation, then hypothetical testimony about what the State would have done would be irrelevant). Second, Plaintiff alternatively argues if the Court determines that evidence of reliance is necessary, then excluding its untimely and speculative lay and expert evidence is unfair. Neither argument is correct. Indeed, Plaintiff fails to cite a single authority or a single fact in the record that suggests that either Plaintiffs lay or expert witnesses have a proper basis to opine on what the State would have done in a hypothetical scenario where Merck provided different representations regarding Vioxx, or that such rampant speculation is admissible at trial.

## ARGUMENT

In its March 16, 2010 Summary Judgment Reply, incorporated herein by reference, Merck has fully set forth its arguments and reasoning as to why Plaintiff's assertion that its claims do not require evidence of causation is without merit, and Merck will not repeat them here. As for Plaintiff's contention that, should causation be required, the Court should allow the untimely speculation of its witnesses to fill this evidentiary gap, these arguments, as discussed below, are likewise meritless.

### I. THERE IS NO EXCEPTION TO RULE 701 THAT APPLIES TO PLAINTIFF'S CLAIMS

Notwithstanding Plaintiff's argument that its fraud-based claims somehow are somehow exempt from the strictures of Rule 701, this is not the case. Rule 701 necessarily excludes *all*

---

[2] Merck hereby incorporates by reference its Motion To Strike Untimely Affidavits as if fully set forth herein. (*See* Motion To Strike Untimely Affidavits and Plaintiff's Third Amended Witness List, filed on March 16, 2010 (Record Docket No. 37378).) To the extent that Motion is denied, the instant Motion addresses the substantive reasons why those affidavits are improper speculation and should not be admitted.

such hypothetical and speculative lay testimony *regardless* of the cause of action (or a party's interpretation of a cause of action). Further, Plaintiff utterly fails to cite to a single authority that holds otherwise, let alone any authority even remotely suggesting that Rule 701 should not apply to the facts here.

Instead, Plaintiff attempts to cast the spotlight back on Merck by claiming that "defendants have failed to cite to a single case involving fraudulent concealment claims where the court has excluded the plaintiff's testimony about what he or she might have done had information not been concealed on Rule 701 grounds." (*Id.*) This is unavailing. The Federal Rules of Evidence are generally applicable to all cases in federal court. Fed. R. Evid. 1101. Indeed, Merck's cited cases cover a broad range of situations in which courts, including this Court and the Fifth Circuit, have applied Rule 701 to bar lay testimony regarding hypothetical scenarios. *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) (product liability); *Rhyce v. Martin*, No. 00-2623, 2003 U.S. Dist. LEXIS 135, at *12 (E.D. La. Jan. 6, 2003) (gender discrimination); *Radiofone, Inc. v. PriCellular Corp.*, No. 91-4306, 1992 WL 395207, at *7 (E.D. La. Dec. 11, 1992) (contract claim); *see also Kloepfer v. Honda Motor Co.*, 898 F.2d 1452, 1459 (10th Cir. 1990) (product liability); *Magoffe v. JLG Indus., Inc.*, No. 06-0973, 2008 WL 2967653, at *32 (D.N.M. May 7, 2008) (wrongful death and product liability); *Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 104 (D.D.C. 2007) (indemnification); *United States v. Burlington Res. Oil & Gas Co.*, No. H-98-611, 2000 U.S. Dist. LEXIS 22001, at *20 (S.D. Tex. May 18, 2000) (tax).

As noted in Merck's initial brief, the *Washington* case is particularly apposite because it involved a plaintiff seeking to testify as to what he would have done if he had had additional warning information—precisely as Plaintiff seeks to do in this case. As the Fifth Circuit held:

3

> Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses -- *i.e.*, testimony not based upon the witness's perception -- is generally considered inadmissible. At trial, Thomas attempted to testify as to what he *would have done* had he seen the warning label on the Shop Vac vacuum. Because such testimony would not have been based upon Thomas's perception, but upon his self-serving speculation, we hold that the district court did not abuse its discretion in excluding this evidence.

*See Washington*, 8 F.3d at 300. Plaintiff has provided no factual or legal reason for this Court to come to a different result.

II. **PLAINTIFF HAS NOT IDENTIFIED *ANY* FACTS TO SUPPORT SPECULATIVE TESTIMONY BY ITS EXPERT WITNESSES REGARDING A HYPOTHETICAL SCENARIO**

In its opposition, Plaintiff offers virtually no authority to rebut Merck's argument that Plaintiff's experts, like the lay witness, should not be permitted to testify on hypothetical and speculative scenarios based upon their newly held opinions and untimely affidavits. Plaintiff points broadly to its Statement of Contested Issues of Material Fact (filed a little more than one week ago) and to the reports of Dr. Leach and of Dr. Abramson. (Pl.'s Opp'n at 3.) But Plaintiff does not actually identify any specific fact in those documents that shows that Plaintiff's experts have the requisite basis and expertise to be able to opine under Rule 703 about how the Louisiana Department of Health and Hospitals ("LDHH") would have acted had Merck provided different information regarding Vioxx. Nor does Plaintiff address the fact that its experts newly formed opinions directly contradict the deposition admissions those same experts made just weeks ago that they had no basis on which to opine about what LDHH knew, or what it would have done differently had it been presented with different information. (*See* Merck's Memorandum in Support of Motion to Strike Untimely Affidavits and Plaintiff's Third Amended Witness List, filed March 16, 2010, at pp. 6-7.)

4

Moreover, Plaintiff's reliance on this Court's previous rulings in the personal injury cases is misplaced. In *Barnett*, for instance, this Court held that the jury's verdict was reasonable as to whether Merck "knowingly misrepresented or failed to disclose a material fact ***to [Plaintiff's] treating physicians*** in a circumstance where it was required to do so." (*Barnett v. Merck*, Order & Reasons, Aug. 30, 2006, at 2 (emphasis added).) The fact that the jury was presented with sufficient evidence at trial to make a factual determination has no bearing on whether the Plaintiff's experts here had an adequate basis at the time of their depositions to opine on how the LDHH, the Pharmacy and Therapeutics Committee, or the Drug Utilization Review Board might have behaved when presented with different information regarding Vioxx.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that the Court grant its motion in its entirety.

Dated: March 19, 2010

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:   (504) 581-3361

1011236v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 2 To Exclude Evidence and Argument Regarding Hypothetical and Speculative Scenarios has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1011236v.1