UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>   Products Liability Litigation<br><br>This Document Relates to:<br><br>STATE OF LOUISIANA, *ex rel.* JAMES D.<br>   CALDWELL, JR., Attorney General,<br><br>                              Plaintiff,<br><br>     versus<br><br>MERCK SHARP & DOHME CORP.,<br><br>                              Defendant.<br><br>Case No. 05-3700. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING MERCK'S ALLEGED ATTEMPTS TO PERSUADE LOUISIANA OFFICIALS NOT TO ENACT LEGISLATION THAT CREATED THE PREFERRED DRUG LIST**

In its Motion *in Limine* No. 4, Merck moved to exclude evidence of or argument regarding Merck's alleged efforts to persuade Louisiana officials or legislators not to enact legislation that allowed the creation of the preferred drug list ("PDL"). As mentioned in Merck's opening brief, Plaintiff produced documents in discovery, such as the August 8, 2001 LDHH P&T Committee transcript, suggesting that other pharmaceutical companies were opposed to and lobbied against the enacting of the PDL statute, but Plaintiff had yet to proffer such evidence as to Merck.[1]

---

[1] In its opposition, Plaintiff correctly notes that the August 8, 2001 LDHH P&T Committee transcript does not reference Merck. Merck cited this transcript merely to provide context for the broad subject of the motion, and was not seeking its exclusion by this motion.

1

Even if such evidence existed, Plaintiff does not dispute that Merck's lobbying efforts constitute protected speech and cannot form the basis of liability in this case. (*See* Pl.'s Opp'n at 1 ("the Noerr-Pennington doctrine holds that in general evidence of lobbying the government cannot be used to establish liability").)  Instead, Plaintiff argues, with no analysis or case support whatsoever, that such evidence is admissible to show Merck's motive, intent, and state of mind. (*See id.*).  Plaintiff claims that such evidence is relevant to "Merck's profit motive in maximizing Vioxx sales, and its national promotional campaign of Vioxx." (*See* Pl.'s Opp'n at 2.)  Plaintiff is simply wrong.  Plaintiff fails to explain how Merck's opinions about the legislation that allowed the creation of the PDL, and its petitioning activity to share those opinions with the State, proves that Merck intended to and did fraudulently misrepresent Vioxx's safety to State officials.  Nor does Plaintiff explain how Merck's undisputed and entirely proper financial motive in marketing and selling Vioxx differs in any way from any other for profit company in the United States, much less proves that Merck intended to and did defraud State officials about Vioxx's safety.[2]  Simply put, such evidence has no tie to Plaintiff's fraud claims.

Moreover, Plaintiff argues that evidence of Merck's lobbying is admissible under both Fed. R. Evid. 803(6) and 406[3] with no explanation.  Again, Plaintiff is wrong.  The Court cannot possibly be expected to decide if the hearsay exception for "records of regularly conducted activity" applies to unspecified documents.  And, evidence of Merck's alleged attempts to persuade Louisiana officials not to enact legislation that enabled the creation of the PDL is not admissible to show conformity with routine practices under Fed. R. Evid. 406.  First, any alleged Merck communications with Louisiana officials about the PDL legislation would be highly fact

---

[2]  (*See* Merck's Motion *in Limine* No. 8 Regarding Merck's Profits, Financial Status, and Alleged "Profit Motive" filed on February 26, 2010.)

[3]  Plaintiff erroneously claims that Fed. R. Evid. 406**(a)** is the applicable rule but Fed. R. Evid. 406(a) does not exist.

specific and do not qualify as evidence of Merck's "routine practice." Second, Rule 406 allows a party to offer evidence to prove the opposing party's action in conformity therewith "on a particular occasion." Plaintiff has not pointed to any "particular occasion" for which this evidence is directly relevant. For these reasons as well, Plaintiff's motion fails.

Therefore, for the reasons set forth above and in Merck's opening motion, Merck respectfully requests that the Court exclude evidence or argument regarding Merck's alleged attempts to persuade Louisiana officials or legislators not to enact legislation that created the PDL.

Dated: March 19, 2010

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1011237v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 4 To Exclude Evidence And Argument Regarding Merck's Alleged Attempts To Persuade Louisiana Officials Not To Enact Legislation That Created The Preferred Drug List has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1011237v.1