UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | * | SECTION L |
|     CALDWELL, JR., Attorney General, | * | |
| | * | JUDGE ELDON E. FALLON |
|                 Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
|     versus | * | KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|                 Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT MERCK'S ALLEGED CONDUCT WITH NO NEXUS TO THIS CASE**

Plaintiff's opposition to Merck's Motion *in Limine* No. 6 identifies no valid reason why evidence of or argument regarding Merck's alleged conduct with no connection to Plaintiff or any issue in this case should be admitted. As mentioned in Merck's opening motion, Merck's alleged conduct toward non-Louisiana consumers, physicians, and pharmacists, Merck's alleged interactions with other state's agencies and Pharmacy and Therapeutics Committees ("P&T Committees"), and evidence that Vioxx allegedly caused heart attacks or other injuries to Louisiana citizens have no nexus to the issues of this case. Furthermore, the introduction of such evidence would be unconstitutional. For the reasons discussed below and in Merck's opening motion, the Court should grant Merck's motion in full.

1

**ARGUMENT**

I.  **MERCK HAS ESTABLISHED THE NECESSARY PREDICATE FOR THIS MOTION.**

Plaintiff first asserts that Merck's motion should be denied because Merck has failed to identify what evidence it seeks to exclude. (*See* Pl.'s Opp'n at 1.) Plaintiff argues that "*in limine* motions are not appropriate if they require the court to engage in an analysis of credibility or of evidence yet to be presented." (*Id.*) Nothing could be further from the truth. Motions *in limine*, by their very nature, require a court to evaluate evidence that has "yet to be presented," and to make evidentiary rulings regarding such evidence in the interest of fairness and judicial economy. *See* Black's Law Dictionary 1033 (7th ed. 1999) (defining "motion *in limine*" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial").

The categories of evidence targeted by Merck's motion are clearly described and require no further explanation. Merck cannot possibly be expected to specify each and every document in order to obtain its requested relief, particularly given that the parties had not exchanged exhibit lists at the time of Merck's initial brief.[1]

II. **THE COURT SHOULD EXCLUDE EVIDENCE ABOUT MERCK'S ALLEGED CONDUCT WITH NO NEXUS TO THIS CASE AS IRRELEVANT**

A.   **Unrelated Out Of State Evidence Lacks A Nexus To This Case**

Plaintiff fails to show how Merck interactions with non-Louisiana based consumers, physicians, pharmacists, state agencies, or P&T Committees have any conceivable relevance to the issues of this case. Plaintiff argues that evidence of Merck's conduct with non-Louisiana citizens or entities is "highly relevant to Plaintiffs' claims that Merck failed to disclose or sought to minimize known cardiovascular ('CV') risks associated with Vioxx, failed to disclose that

---

[1] Objections to Plaintiff's Exhibit List are due March 29, and will certainly be informed by the Court's rulings on motions *in limine* following oral argument on March 26.

Vioxx actually lacked its purported gastrointestinal ('GI') safety benefits, and that the incidence rates of hospitalizations and associated costs provided no economic benefit whatsoever" and "directly relevant to Plaintiffs' claims that Merck engaged in conduct in violation of Louisiana statutes, including the Louisiana Unfair Trade Practices Act." (Pl.'s Opp'n at 2.) Such unsupported allegations do absolutely nothing to tie Merck's conduct with non-Louisiana citizens or entities to this case.

The fact that Merck identified and produced files for fourteen National and Regional Merck employees stationed outside of Louisiana who had responsibility for the Louisiana Medicaid account does not mean that Merck has conceded that its conduct outside of Louisiana is relevant in this case, as Plaintiff claims. Such a contention is totally baseless. And Plaintiff is incorrect that Merck's motion could be considered as seeking a blanket exclusion of these witnesses' testimony. As Merck made clear in its opening motion, it is seeking to exclude Merck's conduct with no connection to any issue in this case. To the extent these Merck employees had direct involvement in Louisiana Medicaid account decisions, such testimony could conceivably be relevant.

Additionally, Plaintiff claims that "the record is replete with evidence that sales and marketing materials used to influence Louisiana prescribers were generated by Merck headquarters as part of a national campaign." (Pl.'s Opp'n at 3.) But Plaintiff makes no attempt to explain how these materials actually affected the prescribing decision of any Louisiana physician.[2]

---

[2] *See* Merck's Motion *in Limine* No. 3 To Exclude Evidence And Argument Regarding Unrelated Marketing and Promotional Materials, filed February 26, 2010.

Plaintiff also argues, with no explanation, that evidence of Merck's out of state conduct with third parties is admissible under both Fed. R. Evid. 803(6) and 406.[3] Again, Plaintiff is wrong. The Court cannot determine if the hearsay exception for "records of regularly conducted activity" applies to unspecified documents. And, evidence of Merck's out of state conduct is not admissible to show conformity with routine practices under Fed. R. Evid. 406. First, any alleged Merck communications with non-Louisiana third parties would be fact specific and therefore not qualify as evidence of Merck's "routine practice." Second, Rule 406 allows a party to offer evidence to prove the opposing party's action in conformity therewith "on a particular occasion." Plaintiff has not pointed to any "particular occasion" for which this evidence would be directly relevant.

Nor does Plaintiff explain how Merck's conduct with respect to non-Louisiana Medicaid programs is relevant here. The fact that the dossier prepared by Merck for consideration of its products by Louisiana Medicaid "followed form" from the submission made to the State of Oregon Medicaid Program does not make Merck's conduct and communications with respect to Oregon Medicaid relevant here. (*See* Pl.'s Opp'n at 4.)

Merck agrees that its contacts with third party Provider Synergies, hired by LDHH, with respect to Louisiana Medicaid could be relevant. But Plaintiff goes too far by claiming that because Provider Synergies was also hired by the Florida Medicaid program and Louisiana modeled its PDL on Florida's program, Merck's conduct with respect to Florida Medicaid would be relevant here. Given that the heart of this case involves communications to and between LDHH, the P&T Committee, Provider Synergies, and Merck, communications in Florida, which

---

[3] Plaintiff erroneously claims that Fed. R. Evid. 406**(a)** is the applicable rule but Fed. R. Evid. 406(a) does not exist.

4

may or may not be substantially similar to those in Louisiana, are simply not probative of any fact at issue.

### B. Claims of Vioxx Related Personal Injury To Louisiana Citizens are Irrelevant and Prejudicial

Plaintiff argues that evidence of injury to Louisiana citizens is directly relevant to this case because: "Merck claimed lower overall costs of Vioxx therapy due to lower GI toxicity and no increase[sic] CV risk.  Had the true CV risks and lack of GI benefits been disclosed by Merck, the number of Vioxx prescriptions filled in Louisiana would have been vastly lower, as would the corresponding incidence rates of devastating personal injuries caused by Vioxx, including heart attacks and strokes, and the increased hospitalization costs."  (Pl.'s Opp'n at 5.) Plaintiff's hypothetical does not explain how evidence that Vioxx allegedly caused heart attacks or other injuries to Louisiana citizens is relevant to the issues of this case: whether Merck made representations (or omitted information) about Vioxx that caused the State of Louisiana to pay for prescriptions it otherwise would not have covered in its Medicaid program, or caused individual Louisiana physicians to inappropriately prescribe Vioxx to Louisiana consumers. Moreover, Plaintiff has no basis to opine on what would have happened to Vioxx usage or the nature of the State's reimbursement program itself in a hypothetical scenario where Merck provided different representations regarding Vioxx.[4]  Additionally, Plaintiff has put forward no quantification of these allegedly additional medical costs from improper Vioxx use, and without it, such statements are merely hyperbolic speculation, with no place in the courtroom.   And, in fact, Plaintiff has explicitly admitted it is not seeking to recover the cost of treating alleged Vioxx-related injuries suffered by Louisiana citizens.  (*See* Pl. Resp. to Def. Second Set of Rogs, No. 19.)  Accordingly, such evidence about purported personal injuries caused by Vioxx has no

---

[4]   (*See* Merck's Motion *in Limine* No. 2 To Exclude Evidence And Argument Regarding Hypothetical And Speculative Scenarios, filed February 26, 2010.)

place here.

### III. THE ADMISSION OF OUT OF STATE CONDUCT AND UNRELATED EVIDENCE WOULD VIOLATE CONSTITUTIONAL PRINCIPLES

Plaintiff claims that Merck's argument that the admission of out of state conduct and unrelated evidence would violate constitutional due process is "unavailing" because (1) *State Farm* only concerned punitive damages and thus does not apply to the damages Plaintiff seeks here, and (2) "Merck has admitted that its 'national' promotional campaign for Vioxx was actually used in Louisiana." (Pl.'s Opp'n at 5.)  Plaintiff is wrong on both accounts.  **First**, while it is true *State Farm* involved only punitive damages, it and its progeny stand for the broader proposition that a damages award may not be based on a defendant's alleged conduct in other states or on its alleged conduct in the forum state unless it is connected to the plaintiff's specific claim.  See *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("A defendant should be punished for the conduct that harmed ***the plaintiff***, not for being an unsavory individual or business.  Due process does not permit courts . . . to adjudicate the merits of other parties' hypothetical claims against a defendant.") (emphasis added); *BMW v. Gore*, 517 U.S. 559, 572-73 (1996) (holding that courts do not have the power to impose damages to punish a company "for conduct that was lawful where it occurred and that had no impact on [the plaintiff's home state] or its residents"); *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007) (barring a jury from punishing a defendant for "harms it is alleged to have visited on nonparties").  **Second**, that Merck's national promotional campaign for Vioxx was used in Louisiana does not negate the fact that Plaintiff must tie Merck's campaign to the damages allegedly sustained by Plaintiff in this case, which Plaintiff cannot do.  Therefore, evidence of Merck's conduct with no relationship to this case must therefore be excluded on constitutional grounds.

## CONCLUSION

For the reasons set forth above and in Merck's opening motion, Merck respectfully requests that the Court exclude evidence or argument regarding Merck's alleged conduct with no nexus to this case, including Merck's alleged conduct toward non-Louisiana consumers, physicians, and pharmacists, Merck's alleged interactions with other state's agencies and P&T Committees, and heart attacks or other injuries suffered by Louisiana citizens allegedly caused by Vioxx.

Dated: March 19, 2010               Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

1011299v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 6 To Exclude Evidence Or Argument About Merck's Alleged Conduct With No Nexus To This Case has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1011299v.1