UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
|     Products Liability Litigation | * |
| This Document Relates to: | *    MDL No. 1657 |
| STATE OF LOUISIANA, *ex rel.* JAMES D. CALDWELL, JR., Attorney General, | *    SECTION L |
|     Plaintiff, | *    JUDGE ELDON E. FALLON |
| versus | *    MAGISTRATE JUDGE KNOWLES |
| MERCK SHARP & DOHME CORP., | * |
|     Defendant. | * |
| Case No. 05-3700. | * |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT MERCK'S PROFITS, FINANCIAL STATUS, AND ALLEGED "PROFIT MOTIVE" RELATING TO VIOXX**

Plaintiff's opposition to Merck's Motion *in Limine* No. 8 identifies no valid reason why evidence or argument relating to Merck's Vioxx-related profits, financial status, or alleged "profit motive" should be admitted. For the reasons discussed below and in Merck's opening motion, the Court should grant Merck's motion in full.

**ARGUMENT**

**I.  PLAINTIFF CONCEDES THAT EVIDENCE OF MERCK'S FINANCIAL STATUS AND NET WORTH IS NOT RELEVANT TO THE STATE'S CLAIMS.**

Plaintiff concedes that evidence of Merck's financial condition and net worth "may arguably not be relevant to the State's claims." (Pl.'s Opp'n at 1.) Indeed, Plaintiff does not even try to explain how such evidence is possibly relevant here, presumably because it cannot.

1

Tellingly, Plaintiff asks the Court to deny Merck's Motion *in Limine* No. 8 "at least insofar as it seeks to exclude evidence of Merck's profit motive" (*id.* at 2) – with no mention of Merck's financial status. Thus, the Court should exclude evidence of or argument relating to Merck's financial condition and net worth.

II.  **PLAINTIFF HAS NOT DEMONSTRATED THAT EVIDENCE OF MERCK'S PROFITS AND ALLEGED "PROFIT MOTIVE" IS RELEVANT TO ITS CLAIMS.**

Plaintiff's opposition does not explain how Merck's profits and alleged "profit motive" in marketing and selling Vioxx are tied to the State's claims.

*First*, Plaintiff ignores Merck's argument that such evidence has absolutely no relevance to a case like this one where Plaintiff is not entitled to punitive damages. *See Darby v. Sentry Ins. Auto. Mut. Co.*, 960 So. 2d 226 (La. App. 1st Cir. 2007) (holding that defendants' financial information was not relevant since there were no viable claims by the plaintiff for exemplary damages, and thus granting defendants' motion *in limine* to exclude defendants' financial information). For this reason alone, the Court should grant Merck's motion.

*Second*, Plaintiff does not show how evidence of Vioxx revenues or Merck's corporate motives is relevant to any key issue in this case. Plaintiff claims that "evidence of Merck's profit motive and in particular Merck's actual profits from the sale of Vioxx are of particular relevance to the State's claims" because "[s]uch evidence goes directly to questions of intent and unlawful business practice that are essential components of the State's restitution claim under LS-R.S. 51:1408." (Pl.'s Opp'n at 1.) Plaintiff also argues that such evidence is relevant because its LUTPA claim requires a showing of intent on Merck's part. (*Id.*) Plaintiff fails to explain, however, how Merck's undisputed and entirely proper financial motive in marketing and selling Vioxx differs in any way from any other for profit company in the United States, much less proves that Merck intended to and did fraudulently misrepresent Vioxx's safety to the State or

prescribing physicians in Louisiana.  Nor does Plaintiff explain how Merck's alleged "profit motive" in selling Vioxx proves that Merck engaged in unlawful business practices.  Simply put, evidence of Merck's motives in marketing and selling Vioxx have nothing to with Plaintiff's fraud claims.

## CONCLUSION

For the reasons set forth above and in Merck's opening motion, Merck respectfully requests that the Court exclude evidence or argument regarding Merck's profits, financial status, or alleged "profit motive" relating to Vioxx.

Dated: March 19, 2010

Respectfully submitted,

/s/Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 8 To Exclude Evidence Or Argument About Merck's Profits, Financial Status, And Alleged "Profit Motive" Relating To Vioxx has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel