UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation<br><br>This Document Relates to:<br><br>STATE OF LOUISIANA, *ex rel.* JAMES D.<br>    CALDWELL, JR., Attorney General,<br><br>        Plaintiff,<br><br>    versus<br><br>MERCK SHARP & DOHME CORP.,<br><br>        Defendant.<br><br>Case No. 05-3700. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>KNOWLES |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 13 TO EXCLUDE EVIDENCE OR ARGUMENT THAT MERCK MISLED THE FOOD AND DRUG ADMINISTRATION**

The Court should grant Merck's Motion *in Limine* No. 13 to preclude testimony or argument that Merck somehow misled or did not cooperate with the FDA concerning Vioxx for the reasons discussed below and in Merck's opening motion.[1]

One of Plaintiff's liability theories is that the State of Louisiana is entitled to its Vioxx reimbursement expenditures because Vioxx would not have been approved (or would have been withdrawn sooner) but for Merck's fraud on the FDA. However, the Supreme Court determined in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001) that such fraud on the FDA claims are impliedly preempted by the Food, Drug, and Cosmetic Act ("FDCA"). And

---

[1] While Plaintiff has filed a joint opposition to Merck's Motions *in Limine* Nos. 1 and 13, this reply addresses only Plaintiff's arguments in opposition to Motion *in Limine* No. 13. Merck's response to Plaintiff's opposition to Motion *in Limine* No. 1 – to exclude evidence or argument criticizing the Food and Drug Administration and its approval of Vioxx – is contained in a separate reply brief.

1

case law is clear that all fraud on the FDA claims are preempted no matter how the claim is styled. *See*, *e.g.*, *Webster v. Pacesetter, Inc.*, 259 F. Supp. 2d 27, 36 (D.D.C. 2003) ("plaintiffs cannot bootstrap their arguments regarding defendant's alleged failure to report and to investigate adverse incidents to the FDA into a defective warning case"); *Cupek v. Medtronic, Inc.*, 405 F.3d 421, 424 (6th Cir. 2005) (finding claim of negligence *per se* was a "disguised fraud on the FDA claim"); *Baker v. St. Jude Medical, S.C., Inc.*, 178 S.W.3d 127, 139 (Tex. App. Houston 1st Dist. 2005) (plaintiffs cannot avoid preemption by disguising "fraud-on-the FDA" claims as other causes of action that simply include allegations of inadequate or false communications to the FDA); *see also McGuan, et al. v. Endovascular Tech., Inc. et al*, Nos H033287, H033290, Mar. 9, 2010 Order (Ca. App. Ct.), attached as Ex. A, at *13-14 (holding that *Buckman* applies to and preempts claims involving defendants' alleged fraud on patients and their physicians).

In its opposition, Plaintiff argues that it does not allege fraud claims against the FDA but against the State of Louisiana. (*See* Pl.'s Opp'n at 5 (Because "Plaintiff alleges fraud committed as to the state of Louisiana, evidence of Merck's conduct in relation to FDA is relevant, admissible, and not barred by *Buckman*.").) But Plaintiff's opposition is a red herring because this motion is not about representations Plaintiff alleges Merck made directly to the State. Rather, this motion is about the State's alternative argument that the Court can award the State damages based upon the argument that Vioxx would not have been approved or would have been withdrawn sooner but for Merck's alleged representations to the FDA. And, Plaintiff's protestations to the contrary, the underlying premise of Plaintiff's argument is exactly what is foreclosed under *Buckman*.

Therefore, for the reasons set forth above and in Merck's opening motion, Merck respectfully requests that the Court exclude evidence or argument that Merck misled the FDA regarding Vioxx.

Dated: March 19, 2010

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Defendant's Motion *In Limine* No. 13 To Exclude Evidence Or Argument That Merck Misled The Food And Drug Administration has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel