# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

## JOINT REPORT NO. 55 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 55.

### I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx

Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death,

or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information

regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full

text of the Master Settlement Agreement and exhibits, together with registration and enrollment

forms and instructions can be found at Claims Administrator's website at

www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq.  By Order entered February 11, 2009, the Court granted the motion.  U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2010.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program.  The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator.   A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov.  The parties will be prepared to discuss this further at the monthly status conference on March 23, 2010.

II.     THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have submitted claims for enrollment.  BrownGreer, the Claims Administrator appointed under the

Agreement, will report on the status of the Program at the monthly status conference on March 23, 2010.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily.

III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm will report on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On November 2, 2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and

Bankruptcy-Related Cases.   On December 3, 2009, the Court issued an Order establishing authority of the Lien Resolution Administrator to resolve claims for all probate and bankruptcy related cases.

On March 12, 2010, the Lien Administrator filed a Petition to Establish An End Date For Notifying the Lien Resolution Administrator of Other Governmental Statutory Obligations.  On March 12, 2010, the Court issued an Order finding that it is in the best interest of all parties to the Vioxx Settlement Program that the End Date for Notice by Claimants or their Counsel to the Lien Resolution Administrator of Other Governmental Statutory Obligations be set for March 18, 2010.  The parties will be prepared to discuss this further at the monthly status conference on March 23, 2010.

IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.   The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.  At the monthly status conference, Special Master Juneau will report on the appeal process.

V.   CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court.  On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order.  The parties will be prepared to discuss this further at the monthly status conference on March 23, 2010.

VI.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on March 23, 2010.

VII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program.

Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").  The PLC and Curator will be prepared to discuss this further at the monthly status conference on March 23, 2010.

### VIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.

### IX.   GOVERNMENT ACTIONS

#### A.   Louisiana Attorney General Action

On August 12, 2009, the Court issued a Minute Entry setting trial in the Louisiana AG case for April 12, 2010.  On September 30, 2009, the Court issued Pre-Trial Order No. 53, setting forth an amended case management schedule.   Following a December 15, 2009 telephonic status conference, at the Court's direction, the parties agreed upon a revised schedule that postpones various pretrial deadlines by approximately two weeks, without changing the April 12, 2010 trial date.  A Second Amended Pre-Trial Order No. 53 was entered by the Court on January 7, 2010. The parties subsequently submitted a Third Amended Pretrial Order No. 53 which provides for the following deadlines:

---

[1]     Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.  Merck's counsel will be prepared to discuss this situation at the monthly status conference on March 23, 2010.

1. <u>March 19, 2010</u> - Replies in Support of Motions in Limine shall be filed and served.

2. <u>March 23, 2010</u> – The Court will hear argument on dispositve motions at 9:00 a.m.

3. <u>March 25, 2010</u>- The parties shall serve deposition counter designations for witnesses.

4. <u>March 26, 2010</u>- The Court will hear argument on the parties' Daubert Motions, Motions in Limine, and the Motion to Strike.  The parties shall appear before the court for an initial pretrial conference at which trial structure, settlement, and other issues can be discussed.

5. <u>March 29, 2010</u>- Objections to exhibits and deposition designations as well as counter designations, shall be filed.

6. <u>April 5, 2010</u>- Joint Pre-Trial Report, including proposed findings of fact and conclusions of law and stipulations shall be filed.

7. <u>April 7, 2010</u>- Final Pre-Trial Conference will occur at 2:00 p.m.

8. <u>April 12, 2010-</u> Trial will begin 8:30 a.m. which will last 2 weeks.

B.      <u>Other Government Actions</u>

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009.  Document productions in these Government Actions have begun and continue on a rolling basis.   Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.  The parties exchanged respective lists of claimed outstanding discovery issues pertaining to the remaining Government Actions pending in the MDL and will participate in a meet-and-confer on February 24-25, 2010 to discuss the respect lists and other issues relating to

- 7 -

these cases.  At that meeting, the parties were able to narrow the discovery issues in dispute, and agreed to meet again in Philadelphia on April 6 and 7, 2010 in an effort to further narrow the issues, particularly with regard to databases used by all parties.  The parties have also exchanged schedules for discovery and argument on remand motions for all non-LA Government Actions, and expect that a consensus will be reached during or after the April meet and confer on this schedule, so that it can be presented to the Court at or before the April status conference.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

Merck filed a Motion for Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 15, 2009 against James Franklin, on behalf of the State of Colorado.  Franklin filed Plaintiff's Verified Response to Defendant's Motion For Order to Show Cause Why Plaintiff's Complaint should not be Dismissed on September 29, 2009.  On October 10, 2009, Franklin filed Plaintiff's Notice of Supplemental Authority In support of his Verified Response to Defendant's Motion for Order to Show Cause why Plaintiff's Complaint should not be Dismissed.  This motion is noticed for hearing immediately following the March monthly status conference.

Immediately following the regular monthly status conference, there will be a status conference for the Louisiana AG action and all other government actions.  The parties will be prepared to discuss these issues further at the monthly status conference on March 23, 2010.

X.    PENDING PERSONAL INJURY CASES IN WHICH LONE
PINE EXPERT REPORTS HAVE BEEN SERVED

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a

Committee to conduct and coordinate discovery in personal injury cases that were pending on the

date of the announcement of the Settlement Program, but either were ineligible for the Program

or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports.

On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management

order for these cases.

XI.    FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number

of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense

submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial

Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New

Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles,

California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and

explain their request for an entitlement to common fees and reimbursement of expenses.  On

January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common

Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an

Order directing any party who objected to the motion to file a Notice of Objection and serve it on

Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it

would convene a status conference with any objectors and representatives of the PSC to discuss

an appropriate schedule for discovery, briefing and argument.  Numerous objections were filed

- 9 -

with the Court.  Plaintiffs' Liaison Counsel will be prepared to discuss this further at the monthly status conference on March 23, 2010.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel.  The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs.  On December 17, 2009, the Court issued an Order regarding ongoing and additional costs. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2010.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court.  On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award.  This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.  On October 2, 2009, the Vioxx Litigation Consortium filed a Petition for Writ of Mandamus, United States Court of Appeals for the Fifth Circuit seeking to vacate PTOs 49 and 50 and to release from escrow all funds being held from the Consortium pursuant to PTOs 49 and 50.  Responses were filed prior to October 27, 2009.  The appeals to the United States Court of Appeals for the Fifth Circuit regarding the disputed portion of attorneys fees have been voluntarily dismissed (R. Doc. Nos. 32158 and 32297).

The Vioxx Litigation Consortium filed a Motion for Expedited Hearing of the Vioxx Litigation Consortium's Motion to Clarify, or in the Alternative, Reconsider Pre-Trial Orders 49 and 50. The matter was heard immediately following the monthly status conference on January 7, 2010.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)). On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

On January 29, 2009, Michael J. Miller requested that he be allowed to proceed with discovery in connection with the motion. PLC advised Mr. Miller that the matter would be addressed with the Court and that such a request was premature, not necessary or appropriate, and that if the Court determined that discovery was appropriate that a scheduling order would be necessary. On February 27, 2009, PLC filed a response in opposition to the motion. On September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as Liaison Counsel for common benefit fee application objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule. Mr. Stratton subsequently filed a Motion for a Discovery/Briefing Scheduling Relating to the Common Benefit Fee Application Objections. On November 18, 2009, a status conference was held to discuss the motion. At the status conference, the Court denied the motion as premature, indicating that it will await ruling from the United States Court of Appeals for the Fifth Circuit on two issues presently pending before it that may have some significant impact on the issues raised by the motion.

- 11 -

On January 27, 2010, the Court issued an Order directing representatives of the common Benefit Fee Applicants and Liaison Counsel for the Objectors to meet and confer in an attempt to agree upon an appropriate discovery and briefing schedule.  Pursuant to that Order, a Joint Submission was filed with the Court on February 19, 2010 setting forth competing proposed discovery protocols.  Plaintiffs' Liaison Counsel has requested that the Court set a status conference to further address these issues.  The parties will be prepared to discuss these issues at the monthly status conference on March 23, 2010.

XII.   MOTION FOR RECONSIDERATION/REVISION OF ORDER CAPPING CONTINGENT FEES

On August 27, 2008, the Court issued an Order and Reasons capping contingent fee arrangements for all counsel representing claimants in the Vioxx global settlement at 32% plus reasonable costs.   The Order and Reasons are posted on the Court's website, http://vioxx.laed.uscourts.gov.

On December 10, 2008, a group of five attorneys (identified as the Vioxx Litigation Consortium) filed a Motion for Reconsideration/Revision of Order Capping Contingent Fees and Alternatively for Entry of Judgment.  On December 19, 2008, the trial court entered an Order appointing the Tulane Civil Litigation Clinic ("the Clinic") to represent the Vioxx Litigation Consortium's clients in the fee dispute in light of a conflict of interest.  On December 31, 2008, the Vioxx Litigation Consortium filed an emergency petition for writ of mandamus and stay with the United States Fifth Circuit Court of Appeals requesting that the Fifth Circuit vacate the appointment order or stay the Order pending further proceedings.  On January 23, 2009, the Fifth Circuit Court of Appeals denied the petition for writ of mandamus

and stay.  On January 30, 2009, the Court issued an Order advising that in the near future, the Court would schedule a status conference with representatives of the Vioxx Litigation Consortium and the Tulane Civil Litigation Clinic and that the Court would set a briefing and argument schedule for addressing the Vioxx Litigation Consortium's Motion to Reconsider and further ordered that the Vioxx Litigation Consortium attorneys forward a copy of the January 30, 2009 Order to their clients who have enrolled in the Settlement.  In accordance with the Order, on January 31, 2009 counsel for the Vioxx Litigation Consortium filed an Affidavit stating that the Vioxx Litigation Consortium had complied with the January 30, 2009 Order.

The Vioxx Litigation Consortium's Motion for Reconsideration came on for hearing on April 7, 2009.  By Order entered August 3, 3009, the Court granted in part and denied in part the motion.  The Order upheld the capping of fees at 32% plus reasonable costs, but allowed departure from the cap in extraordinary circumstances.   The Vioxx Litigation Consortium and various other law firms representing Vioxx claimants have filed Notices of Appeal.  Additionally, on August 13, 2009, the Vioxx Litigation Consortium moved for entry of an order certifying the fee-capping order for interlocutory appeal or for issuance of a final judgment pursuant to Rule 54(b), and for stay of the order.  On August 18, 2009, the Court denied the motion for expedited consideration.  The Tulane Law Clinic filed an opposition to the motion; the Vioxx Litigation Consortium filed a reply.  The matter was deemed submitted on September 9, 2009.  The appeals to the United States Court of Appeals for the Fifth Circuit regarding the disputed portion of attorneys fees have been voluntarily dismissed.  (Rec. Doc. Nos. 32158 and 32297).  The parties will be prepared to discuss this further at the monthly status conference on March 23, 2010.

- 13 -

XIII.   <u>MERCK'S MOTIONS AND RULES ON PTOs</u>

A.   <u>PTO 28</u>

The remaining matters deferred from Merck's First and Second Renewed Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 and from Merck's Ninth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 will be heard immediately following the monthly status conference on March 23, 2010.

B.   <u>PTO 43</u>

The remaining matters deferred from Merck's First, Third, and Fourth Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 will be heard immediately following the monthly status conference on March 23, 2010.

C.   <u>PTO 31</u>

The remaining matter deferred from Merck & Co., Inc.'s Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 31 will be heard immediately following the monthly status conference on March 23, 2010.

D.   <u>PTO 29</u>

On March 1, 2010, Merck filed its Eighth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure

to Comply With PTO 29.  The motion is set for hearing immediately following the monthly status conference on March 23, 2010.

## XIV.   OTHER MOTIONS

On February 6, 2009, *pro se* plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.  Merck filed a combined opposition to the Stratton Faxon and Benjamin motions and filed an opposition to the *Bethea* motion.  The motions have been taken under advisement by the Court.

Two motions for reconsideration/reinstatement of cases are set for hearing immediately following the monthly status conference on March 23, 2010.

## XV.   APPEALS

By *Per Curiam* dated February 2, 2010, the United States Court of Appeals for the Fifth Circuit dismissed the appeal of *pro se* plaintiff Reginald K. Fears, No. 09-31007.  By *Per Curiam* dated February 8, 2010, the United States Court of Appeals for the Fifth Circuit granted Merck's Motion to Dismiss for Lack of Jurisdiction the appeal of Debra Miller, 09-21204.  Certain other appeals from dismissals with prejudice remain pending with the Fifth Circuit.

- 15 -

XVI.   MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S
LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed.   On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees.   A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov.   On December 17, 2009, Pre-Trial Order No. 47A, which deals with the establishment of a procedure for attempted liens for attorneys fees and expenses relating to Vioxx Settlement payments, was entered by the Court.

XVII.  NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

- 16 -

Respectfully submitted,

/s/ Russ M. Herman _____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly _____
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA 70130-3588
PH:     (504) 581-3200
FAX:   (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 55 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of March, 2010.

/s/ Leonard A. Davis _____
Russ M. Herman, #6819
Leonard A. Davis, #14190
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: 504-581-4892
Fax:     504-561-6024

Plaintiffs' Liaison Counsel