UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| This Document Relates To: | SECTION L |
| STATE OF LOUISIANA, *ex rel.*, JAMES D. CALDWELL, JR., Attorney General, | JUDGE ELDON E. FALLON |
| Plaintiffs, | MAGISTRATE JUDGE KNOWLES |
| v. | |
| MERCK SHARP & DOHME CORP., | Case No. 05-3700 |
| Defendants. | |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION IN LIMINE

Plaintiff's Omnibus Motion in Limine incorporates the Motions in Limine filed by plaintiffs in previous trials in this litigation, and asks the Court to adopt its rulings on those motions in the present case. Merck agrees with Plaintiff with respect to the bulk of the motions incorporated by Plaintiff, and the parties are therefore in agreement on motions numbered 3, 4, 5, 7, 9, 10, 11, 13, and 15.[1] (See Opp. Br. 1-2.)

The parties are not in agreement about the remaining motions. ***First***, Merck asks the court to deny Plaintiff's motion to exclude the April 6, 2005 FDA Memorandum ("FDA Memo"). In prior cases, this Court has reserved ruling on plaintiffs' motions to exclude testimony relating to the FDA Memo, in each case noting that the issue should be decided "depending on the context in which it comes up." (*See* June 28, 2006 Order re Merck's Motions in Limine at 7 ("*Barnett* Order"); Sept. 6, 2006 Order re Motions in Limine at 10 ("*Smith* Order"); Oct. 16, 2006 Order re Motions in Limine at 8 ("*Mason* Order"); Nov. 22, 2006 Order re Motions in Limine at 6 ("*Dedrick* Order"); Declaration of Jennifer Gross ("Gross Decl."), Exs. 1, 2, 3, 4, respectively.) Plaintiffs ask the Court to once again deny Merck's motion, and decide whether the FDA Memo is admissible in the context in which it is raised.

***Second***, Merck opposes Plaintiff's motion to exclude evidence that Merck employees and/or their family members took Vioxx. This Court reserved ruling on the same motion in *Barnett v. Merck*, holding that "it depends on context" but "generally [that it] will not be admissible since it is of no relevance . . ." (*Barnett* Order at 7). This Court then granted the same motion in the three trials following *Barnett*. (*Smith* Order at 8, *Mason* Order at 6, *Dedrick*

---

[1] Merck argues in a footnote that Plaintiff's Motion should be denied because it was late. As Merck knows, the parties were in discussion about an agreement to adjust deadlines at the time, including the deadline for oppositions to Daubert motions, which were scheduled for February 26, 2010, along with Motions in Limine. Merck did not, and does not allege, that it suffered any prejudice from the delay.

- 1 -

Order at 6.) Plaintiff asks the Court to once again grant this motion, as it has the last three times it was raised.

*Third*, the parties disagree about Plaintiff's motion to preclude discussion of the total number of heart attacks in the United States. Plaintiffs raised this motion in both *Barnett v. Merck* and *Dedrick v. Merck*, and in both cases, this Court granted the motion, finding not only that the testimony is prejudicial, confusing and misleading under Federal Rule of Evidence 403, but also that is irrelevant under Rule 401. (*Barnett* Order at 2, *Dedrick* Order at 8.) Plaintiff asks the Court to once again grant this motion. As in previous cases, this testimony is irrelevant, as well as prejudicial, confusing and misleading.

*Fourth*, the parties disagree about Plaintiff's motion to exclude evidence pertaining to Vioxx as a potential cure for cancer. In *Dedrick v. Merck*, this Court denied Plaintiff's motion to exclude such evidence. Plaintiff hereby incorporates the prior briefing on this matter, and requests that the Court reconsider its ruling in the context of the present case.

Respectfully submitted, this 19th day of March, 2010.

/s/ James R. Dugan
James R. Dugan, II (La. Bar No. 24785)
Douglas R. Plymale. (La. Bar No. 28409)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, LA 70130

- 2 -

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
Kim Sullivan
General Counsel
Louisiana Department of Health and Hospitals
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

Counsel for Plaintiff

- 3 -

862868.1
3/19/10 4:52 PM


James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

Francisco H. Perez
Kim Sullivan
General Counsel
Louisiana Department of Health and Hospitals
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

Counsel for Plaintiff

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply memorandum In Support of Plaintiff's Omnibus Motion in Limine has this day been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced, in accordance to pretrial order No. 8B, on this the 19th day of March, 2010.

/s/ James R. Dugan