# EXHIBIT A

## James Dugan

| | |
|---|---|
| **From:** | James Dugan |
| **Sent:** | Tuesday, August 18, 2009 1:04 PM |
| **To:** | Anderson, Brian |
| **Cc:** | Douglas Plymale; Anderson, Brian; Barnett, Ben; Flaster, Eben; Bjork, Rebecca; Dawn Barrios; Lenny Davis; Chris Seeger; Stephen Murray, Jr. |
| **Subject:** | Re: La AG Case/Draft Pretrial Scheduling Order |

Brian, it was not sent in error. Dougs main point and difference is that it doesn't make sense to have expert reports completed before discovery is completed. Our new proposal reflects that along with the deletion of unnecessary components of your draft. In addition, to have expert reports before a single deposition has been taken doesn't make sense either. I am on vacation this week so I suggest a call early next week to hopefully come to an agreement. If not, I suggest we have our competing proposals sent to Judge Fallon on September 10, one week before the September 17 status conferance, to have him make the final decision. What day works for your side next week? Thanks

Sent from my iPhone

On Aug 18, 2009, at 11:51 AM, "Anderson, Brian" <BAnderson@OMM.com> wrote:

> Doug:
>
> Last Wednesday, Jim sent me an email (on which you were not publicly copied) asking Merck to revise the proposed pretrial order I had sent him last Monday to (1) reflect the April 12, 2010 trial date rather than the March 29 date we had contemplated, (2) push all pretrial deadlines back approximately two weeks from our initial draft, including moving plaintiffs' expert report due date from August 31, 2009 to Sept. 15, 2009, (3) provide for La-specific status conferences coinciding with MDL status conferences, and (4) insert a settlement conference about a month before trial. Last Thursday, we sent Jim a new PTO reflecting those requests.
>
> Late Friday, we received your email and proposed timeline for the Louisiana AG case. That timeline is fundamentally different than the schedule to which Jim had in-principle agreed. Further, it omits reference to a number of necessary pretrial steps addressed in the earlier drafts. Our assumption is that this timeline was sent in error, and so I am again sending the revised PTO and related time-line I sent to Jim last Thursday in the expectation is that it will be acceptable to plaintiff.
>
> If the Friday timeline instead reflects a new position by plaintiff regarding the timing of pretrial activities, than we think it unworkable for a number of reasons.
>
> 1.   It assumes that any productions in response to your requests for IMS data will be completed by September 1 when, as explained in Eben Flaster's August 7 letter to Jim, Merck is not authorized to produce any such data without IMS' consent and some of what plaintiff requests is not readily available and/or is irrelevant to the litigation or duplicative of other, more relevant material already in the record. We have not yet received a response to Eben's August 7 letter, so it should not be assumed this issue will be resolved by September 1.

2.      A number of events that need to be completed in September - November of this year are deferred until December or later (or are simply not mentioned), thus requiring the parties to consolidate seven months of pretrial events into four months. This would create confusion and inefficiency in the first quarter of 2010 because various downstream events (e.g., finalizing exhibit lists; filing jury instructions) cannot occur until upstream events (finishing discovery, deciding summary judgment and Daubert motions) occur. In our view, we should use the five-month extension of the trial date to allow an orderly (but still expedited) process of meeting pretrial deadlines to occur.

3.      We should not delay exchanging expert reports until the December - February period (and after the discovery cutoff) given the critical role experts will play in this case. Instead, expert reports should be exchanged in the September/October time-frame so that expert depositions can be taken by early December (thus creating a basis for any summary judgment/Daubert motions that may be filed in January/February.)

4.      We need to identify each side's fact witnesses within the next few months so that depositions of such witnesses can occur before the discovery cutoff and their testimony can be used in downstream pretrial motions. Plaintiff's Friday draft contains no provision for identifying fact witnesses at all (much less before the discovery cutoff).

5.      Our PTO reflects Judge Fallon's well-established protocol of staggering exchanges of deposition designations and exhibit lists, thus preserving defendant's right to identify evidence responsive to the evidence upon which plaintiff relies. The Friday draft unworkably makes this a simultaneous exchange.

6.      PTO 39 contemplated a second-round of case-specific RFPs in this case to supplement responses to the parties' master RFPs. Our PTO includes deadlines for this activity; the Friday draft inexplicably does not mention it.

7.      Our PTO defers motion in limine briefing and decisions until after summary judgment and Daubert motions are likely to be decided, since rulings on such upstream motions are likely to affect what MILs are filed and how they are decided. We believe the Friday draft's idea of briefing all three kinds of motions simultaneously will create confusion and inefficiency -- which is exacerbated by deferring briefing, hearing and decisions on such motions so close to trial that it will be difficult for the parties to adjust their trial presentations in response to the Court's rulings on those motions.

8.      The Friday draft excludes various necessary pretrial activities (*e.g.,* fact witness designations, supplemental discovery requests, request for admission deadlines, expert witness deposition deadlines, objections to exhibits/deposition designations, submission of jury instructions/questionnaires, submission of pretrial order). Also, the proposed settlement conference is only ten days before the trial date, rather than the one month that Jim requested.

These are the major points of disagreement we see between the two drafts. Again, we hope the Friday draft was sent in error and that plaintiff will take another look at the PTO we sent last Thursday reflecting Jim's requests.

---

**From:** Douglas Plymale [mailto:dplymale@dugan-lawfirm.com]

**Sent:** Friday, August 14, 2009 5:02 PM
**To:** Anderson, Brian; Barnett, Ben; Flaster, Eben; jan.call@dechert.com; Brody, Stephen D.; Bjork, Rebecca; Beisner, John H; dmarvin@wc.com
**Cc:** James Dugan; Dawn Barrios; Lenny Davis; Seeger, Chris
**Subject:** RE: La AG Case/Draft Pretrial Scheduling Order

Brian,

James and I have reviewed and discussed Merck's proposed Pre-trial scheduling order.

We would like to have the IMS data issue resolved and the IMS production in place by September 1, 2009. Assuming that can be accomplished, we propose the attached schedule.

Thanks

Doug

Douglas R. Plymale, J.D., Ph.D.

Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Phone: (504) 648-0180
Fax:   (504) 648-0181

e-mail: dplymale@dugan-lawfirm.com

Electronic Mail Confidentiality Notice
This electronic mail message and all attachments may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution (electronic or otherwise), forwarding or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify us by telephone, facsimile, or e-mail to dplymale@dugan-lawfirm.com to arrange for return of the electronic email, attachments, or documents.

<#783829 v4 - Revised Pretrial Scheduling Order (setting trial in April 2010).doc>

<#783862 v4 - Amended Pretrial timeline.doc>

3/17/2010