UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
|     Products Liability Litigation | * | |
| | * | |
| This Document Relates to: | * | MDL No. 1657 |
| | * | |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | * | SECTION L |
|     CALDWELL, JR., Attorney General, | * | |
| | * | JUDGE ELDON E. FALLON |
|               Plaintiff, | * | |
| | * | MAGISTRATE JUDGE |
|   versus | * | KNOWLES |
| | * | |
| MERCK SHARP & DOHME CORP., | * | |
| | * | |
|                Defendant. | * | |
| | * | |
| Case No. 05-3700. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE UNTIMELY AFFIDAVITS AND PLAINTIFF'S THIRD AMENDED WITNESS LIST**

      The fundamental premise of Plaintiff's opposition to Merck's motion to strike is that Merck is somehow to blame for Plaintiff's effort to sandbag it with six new affidavits – after the deadline for witness disclosures, after the deadline for discovery and after Merck filed its motion for summary judgment. The Court should reject this blame-the-victim strategy. The Court long-ago denied Plaintiff's request for a different discovery timetable. Having lost that battle, Plaintiff cannot seriously argue that its total disregard for the Court's orders is somehow excused because, months ago, it stated on the record that it preferred a different schedule. It should go without saying that a party is required to abide by all of the Court's orders – even those it does

not like.[1]  Nor can Plaintiff argue that it did not realize it would be required to satisfy its burden of proof under the Louisiana Unfair Trade Practices Act ("LUTPA") and the State's redhibition statute until it read Merck's summary judgment motion.  Plaintiff's arguments – and its untimely affidavits – should therefore be rejected.

*First*, Plaintiff focuses its efforts on attempting to save the affidavits of its experts Mr. Leach and Dr. Abramson – but those affidavits rely in large part on the new fact affidavits of Drs. Vincent Culotta, Richard Doskey, and Brobson Lutz, the three never-disclosed P&T Committee members.  Thus, even if Plaintiff were correct that it is proper to provide new expert evidence in opposition to a motion for summary judgment that contradicts the two experts' prior deposition testimony, the untimely nature of the fact affidavits dooms the expert affidavits too.

*Second,* Plaintiff's attempt to explain its tardiness by asserting that Merck knew all along that the State may rely on P&T Committee member testimony is nothing short of astonishing.  As Merck explained in its opening brief, the State's initial witness list included 70 witnesses, as well as a generic category for "representatives of the Louisiana P&T committee."  Merck objected to this vague designation (which would have forced it to depose the 25-plus P&T Committee members), and the Court heard argument on the issue.  The Court ruled that individual designations would be required and, as a result, the State ultimately amended its fact witness list in December 2009, deleting any reference to P&T Committee members.  Merck relied on that deletion in good faith – it did not depose any P&T Committee members or prepare

---

[1] In any event, Plaintiff's argument is not wholly accurate.  The first schedule Plaintiff agreed to last year – set forth in PTO 39 (entered April 30, 2009) – called for expert reports to be exchanged *before* the close of fact discovery.

to refute their testimony at trial.  For Plaintiff to now say that Merck should have known better than to trust the State's designations simply highlights why these affidavits should be stricken.[2]

*Third*, Plaintiff's argument that the affidavits are "critical to rebut the fiction Merck raised for the first time in its motion for summary judgment, namely that the LDHH P&T committee . . . was thoroughly briefed on the alleged cardiovascular risks" (Opp. at 23) appears to forget who has the burden of proof in this case.  Plaintiff has sued Merck for redhibition and violations of LUTPA.  In order to establish liability under either cause of action, Plaintiff must show that Merck engaged in a misrepresentation, causing the State a loss.  *See* La. Rev. Stat. Ann. § 51:1405; La. Civ. Code art. 2521.  For this reason, Plaintiff's suggestion that it did not realize it must demonstrate the existence of a misrepresentation until it read Merck's summary judgment brief is simply not credible.  Plaintiff is essentially asking the Court to reopen discovery so that it can meet its primary burden of proof – a burden it knew about the day it filed its original Complaint in July 2005, alleging no less than 15 times that Merck engaged in misrepresentations or failed to disclose the risks of Vioxx.  (*See, e.g.*, Petition For Injunctive Relief And Damages ¶ 30 (alleging that Merck "failed to disclose and/or concealed redhibitory defects"); *id.* ¶ 17 (alleging that Merck engaged in "knowing misrepresentations with respect to the safety of Vioxx"), July 6, 2005.)

*Finally*, Plaintiff's opposition fails to refute Merck's argument that – if accepted – these new affidavits will completely derail the trial setting because substantial additional discovery will need to be conducted.  If the P&T Committee affidavits are accepted, Merck will be required not only to depose the three affiants themselves but also – in all likelihood – the 22 other

---

[2]     As Merck explained in its opening brief, Plaintiff's argument that the untimely fact witness disclosures were necessitated by Merck's production of call notes for the P&T Committee members in early January 2010 is similarly unpersuasive.  The new opinions in the

members of the P&T Committee, in order to determine whether the virtually identically worded statements of the three affiants hold true for all their fellow P&T Committee members.  After all, the views of three P&T Committee members say absolutely nothing about what the Committee would have done if the other 22 members disagree.  *See* LDHH P&T Committee Bylaws, Article VI ("Voting shall follow the majority rule method.") (attached as Ex. 1).  Thus, allowing the additional affidavits could require Merck to take three times as many fact witness depositions in the last few weeks before trial as it took during the entire past year of trial preparation.  Merck would also need to submit revised *Daubert* motions and may need to submit revised expert reports to address some of the new expert contentions by Mr. Leach and Dr. Abramson.  And of course, Merck would also need to re-depose Mr. Hood, Mr. Leach and Dr. Abramson regarding the recent and dramatic changes to their testimony.

In sum, Plaintiff has failed to refute the central arguments in Merck's motion to strike – and that failure simply highlights the utter unfairness of allowing Plaintiff to come in on the eve of trial with new fact witnesses and new, contradictory expert and lay testimony.  For all of these reasons, Merck's motion should be granted.

---

P&T Committee members' affidavits do not in any way depend on the information in those call notes.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Merck's opening brief, Merck's motion to strike should be granted.

Respectfully submitted,


*/s/Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

Defendants' Liaison Counsel

1011382v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply Memorandum in Support of Motion to Strike has been served on Liaison Counsel by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Plaintiff, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of March, 2010.

      */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1011382v.1