IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL DOCKET NO. 1657

In Re:  VIOXX

Products Liability Litigation

SECTION : L

This Document Relates to:

JUDGE FALLON
MAG. JUDGE KNOWLES

05 - cv - 5382

## AFFIDAVIT OF PLAINTIFF IN SUPPORT OF CONTINUING ABEYANCE OF MOTION TO DISMISS

I, James Schneller ("plaintiff"), solemnly affirm and attest to the truth of the following statements. I understand that false statements herein are made subject to penalty of perjury.

1) I have received since October of 2009, no notice nor any document of any kind in the mail nor email, nor by fax, nor did I receive any information by word of mouth or in any way, any notice regarding any Vioxx action, nor of the scheduling of this matter before the Court, nor of the Court's orders, which are stated to have occurred in year 2010, since October of 2009.

2) I am unable to attend Court tomorrow, Tuesday, March 23, 2010 because I will be travelling by train from 10:00 AM until 8:00 PM, and I own no cell phone.

TENDERED FOR FILING

MAR 2 5 2010

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

- 1 -

3) My motion for reconsideration of the prior order directing compliance with parts of PTO 28 mailed to the clerk in June of 2009 and served on all parties, has not been docketed, and this non-docketing of papers has occurred at prior instances.

4) I have submitted Plaintiff's profile form and comprehensive attachments thereto to defendant's counsel at the required times and these are evidence of the validity of my claim. I have upgraded and embellished these submissions at each requested time other than at the now looming time for submission of an expert report.

5) Attorneys in a case that I pursue against the treating hospital and physicians of the deceased have written the Court with matters regarding outside cases. See Items 21348, 21399. Those cases are not dismissed but rather have been corralled, to plaintiffs' detriment, through falsely induced injunctions, and plain inactivity, and this is evidence of the strength and validity of this case, which shares the same medical records, which in fact have likewise submitted to defendants in this case.

6) Unfortunately the realization by the defendants in said case that I would not settle led them to litigate to prevent any further access to records, notably, echocardiogram and stress test tapes, and a mystery has enshrouded that aspect, and these are an ultimate proof and I believe them to be necessary for an expert's report or testimony in this case.

7) The documentary evidence in my possession, which includes the EXHIBIT A with plaintiffs' motion for extension of time ( a copy of the discharge report pertaining to Marjorie C. Schneller's treatment, which states on page 1, at items 1 and 15, that Marjorie C. Schneller was treated for myocardial infarction during hospitalization) is supportive in dozens of clear cut ways, of said myocardial infarction, and causation of it by Vioxx, notably the fact that chemical imbalances indicative of myocardial infarction were present at the relevant time.

8) In said outside case, I have claimed and/or alleged fact clearly evidencing 1) a claim of physician knowledge of diagnosis of myocardial infarction and of reports made to defendant Merck, Wyeth Inc., and/ or other pharmaceutical firms, regarding the symptoms of their harmful drugs present in the deceased, and 2) a claim that employees of pharmaceutical firm(s) posed as nurses and entered the home where I resided with the deceased in order to examine Marjorie C. Schneller in regard to the effects of their harmful drugs.

9) Some counts in this case do not require an expert report. For instance, certain defendants are claimed to have acted under color of law, and all defendants are liable regardless of acting under color of law, under 42 USC § 1985(2) , 42 USC § 1985 (3), 42 USC § 1986, and for fail to warn, and neglect to prevent, and state created action claims. The Court has not addressed these and other issues which, despite their detail, deserve a cause by cause and party by party adjudication.

10) My inability to submit the expert report, rather than hinging on validity of this claim, is solely a function of plaintiffs' circumstances, the milieu of the Vioxx MDL, and the fact that I represents myself. These were the circumstances when I filed plaintiffs' motion for extension of time in June of 2008.

11) I am intentionally impoverished and obstructed because I am a litigant, and this intentionally inflicted state of being obstructs my ability to find and finance an expert's services. This, further, infringes continually on time and resources needed to compile data and documentation and at the same time to litigate additional cases which unfortunately, and urgently, cry out for nurturing.

12) I encounter a lack of cooperation by potential experts that is pronounced, even taking into account my pro se status.

13) That fiduciaries of the estates of the deceased, namely Marjorie Zitomer, and G. Richard Schneller, and others in collaboration with them, have refused to cooperate with this action and inflicted intentional eviction and impoverishment upon me, implemented for the purpose of obstructing, retaliating against, and intimidating me, in regard to this case, and other cases.

14) I have established in the Pennsylvania Courts the verity of my finite and ongoing complaints which regard, in part, medical services given the deceased, and the fact that the harms were severe.

15) The stay imposed by the Court remains in effect, as does the stay imposed in this action by the Eastern District of Pennsylvania on 10/12/2005 (05-cv-03785)

16) Defendants have shown bad faith in not providing copies of any documents submitted to the Court since plaintiffs' letter to them and the Court dated March 15, 2010.

17) I believe on the basis of experience that my persistence during a typical time frame, under any circumstances other than the obstructive and intimidating ones that I experience, would result in the attaining of an expert report that would fully comply with pretrial Order No. 28.

18) I have communicated with law firms that state a readiness of experts competent to testify and continue to explore that aspect of bringing this phase of trial to positive fruition.

19) I am immediately mailing the original, of this affidavit, signed, to the clerk, for filing.

I, James Schneller, solemnly affirm and attest under penalty of perjury that the statements made in this motion are true and correct.

_____
James D. Schneller            pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087    610-688-9471

Date: March 22, 2010

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

PRODUCTS LIABILITY LITIGATION

James D. Schneller, Trustee ad Litem for the
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al
plaintiffs

v.

Merck & Company, Inc.,     defendant

MDL DOCKET NO. 1657

Civil Action No. 05 - 5382

CERTIFICATE OF SERVICE

I, James D. Schneller, hereby certify that I served a true and correct copy of the within affidavit dated March 22, 2010 upon the following, as follows:

Phillip Wittmann Esquire
Dorothy Wimberly
Stone Pigman Walther Wittmann LLC
546 Carondelet St.
New Orleans, LA 70130

John Poulos Esquire
Hughes Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302

Russ Herman Esquire
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA   7017

Joshua G. Schiller Esquire
Dechert LLP
1717 Arch Street   Ste. 4000
Philadelphia, PA 19103

Jaqueline Reynolds Esquire
Wendy Bracaglia Esquire
Marshall, Dennehey, Warner, Coleman, & Goggin
620 Freedom Business Center Ste. 300
King of Prussia, PA 19406

Paul C Troy Esquire
Kane Pugh Knoell Troy & Kramer
510 Swede Street
Norristown, Pa 19401-4886

_/s/ James D. Schneller_                                        Date:   March 22, 2010
James D. Schneller



U.S. POSTAGE PAID
PHILADELPHIA, PA
19104
MAR 23, 10
AMOUNT
$3.24
0005101524

70130

CERTIFIED MAIL

7009 0960 0000 7732 4996

James Schneller
500 E. Lancaster  # 111 D
Radnor, PA 19087

Clerk
U.S. District Court for Eastern Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

70130+3357