# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

*Also Admitted in the District of Columbia

Phone: (607) 772-1442
Fax (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

April 2, 2010

*By E-Filing and Regular Mail*
Patrick A. Juneau, Esq.
Special Master's Office
400 Poydras Street
New Orleans, LA 70130

Re: Gene Weeks v. Merck & Co.

Dear Mr. Juneau:

I have had an opportunity to conference on the lien issues with Ms. Tejedor and it does not appear that any progress was made with regard to narrowing issues before the Court, although she did indicate that there was no split among firms and that she was able to address the lien issues with respect to an entitlement to attorney fees.

The position she conveyed to me is that she is entitled to one-hundred percent (100%) of the fee, without setting forth any rationale to support her contentions.

It would be my position that because she had a contingency agreement and was terminated by Mr. Weeks on January 22, 2006, at that time no funds were being ordered to Mr. Weeks because of the finding that he did not meet the proximity gate with regard to any injury.

As such, the only attorney's fees her firm would be entitled to would be based on quantum merit.

Although Judge Fallon noted she had filed an Appeal on the initial award, which did result in an increase, she was not authorized to represent Mr. Weeks at that time.

It is also my position that the only intervening event between the decision not to make any award to Mr. Weeks because of his failure to meet the proximity gate, and a reversal of that decision, was the appearance of my firm and the motion practice subsequently initiated. To the extent that issue will be contested, some discovery will be required with respect to the initial decision and the increase with regard to the basis for same.

Finally, I am writing to advise that any issue regarding attorney's fees may be

premature because Mr. Weeks does not agree with the Court's decision and is going to be taking an Appeal to the Fifth Circuit once the issues regarding the subsequent filings have been resolved. (The Stipulation was filed in which I advised Merck's counsel is improper in that it is not signed by me, nor agreed to by Mr. Weeks, and a Motion is being made to vacate the Order Judge Fallon signed March 30, 2010, based on the stipulation. In view of these facts it would appear the attorney fee issue is not yet ripe).

Thank you for your consideration regarding the above.

Respectfully yours,

Ronald R. Benjamin

RRB/sy
cc: Maria Tejedor, Esq.
Martinez Manglardi Diez-Arguelles & Tejedor
540 n. Samoran Blvd.
Orlando, FL 32807
By Facsimile - 888-611-7879