UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| This Document Relates To: | SECTION L |
| STATE OF LOUISIANA, *ex rel.*, JAMES D. CALDWELL, JR., Attorney General, Plaintiffs | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| v. | |
| MERCK SHARP & DOHME CORP., Defendants | Case No. 05-3700 |

**MOTION FOR RECONSIDERATION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, The State of Louisiana ex rel. Attorney General James D. Caldwell, and respectfully moves this Court for reconsideration of the its Order and Reasons dated March 31, 2010 granting in part and denying in part Merck's Motion for Summary Judgment. Particularly, plaintiff moves for reconsideration of this Court's findings that LDHH could not refuse to pay for certain prescriptions of Vioxx through its Drug Utilizations Review (DUR) process unless the Secretary of the United States Department of Health and Human Services added Vioxx to its list of excluded drugs. Plaintiff seeks reconsideration of this ruling on the following grounds:

-1-

1. Requests to include drugs on the Secretary of DHH's list of excluded drugs through a DUR process is a component of DUR retrospective review pursuant to 42 U.S.C.A. §1396r-8(g)(2)(B), not the prospective review process set forth in 42 U.S.C.A. §1396r-8(g)(2)(A).

2. State Medicaid authorities have both the authority and the affirmative duty to implement prospective DUR procedures to avoid drug therapy problems, including drug-disease contra-indications, regardless of whether the drug is on the Secretary of DHH's list of excluded drugs.

3. In his rebuttal argument to this Court, counsel for Merck John Beisner argued incorrectly that a DUR prospective edits could only be implemented if the Secretary of US DHH had included Vioxx on the Secretary's list of excluded drugs.

4. Plaintiff has introduced evidence to support the proposition that a reasonably prudent buyer in LDHH's shoes would and could have implemented a DUR to deny Vioxx prescriptions to patients who were not on steroids or who were on steroids but were at risk for cardiovascular disease.

5. Throughout the time Vioxx was on the market LDHH could have implemented such prospective review edits pursuant to the authority and duty imposed upon it by 42 U.S.C.A. §1396r-8(g)(2)(A), regardless of whether the Secretary of US DHH included Vioxx on the list of excluded drugs.

WHEREFORE, Plaintiff respectfully requests that this Court grant its Motion for Reconsideration and reverse the holding in its Order and Reasons that LDHH could not have refused to pay for Vioxx prescriptions through DUR prospective edits, and reverse summary judgment as to plaintiffs' claims for reimbursement of prescription costs from 1999 to June of 2001, insofar as LDHH could have refused to pay for certain prescriptions of Vioxx through its DUR prospective edits.

Respectfully submitted, this 6th day of April, 2010.

/s/ Stephen B. Murray, Jr.
James R. Dugan, II (La. Bar No. 24785)
Douglas R. Plymale. (La. Bar No. 28409)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Stephen B. Murray, Sr. (La. Bar No. 9858)
Justin Bloom
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Email: smurrayjr@murray-lawfirm.com

James D. Caldwell, Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
LOUISIANA DEPARTMENT OF JUSTICE
885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020

Francisco H. Perez
Kim Sullivan
General Counsel
Louisiana Department of Health and Hospitals
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Reconsideration has this day been served on Liaison Counsel, Phillip A. Wittmann and Russ M. Herman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance to Pretrial Order No. 8B, on this the 6th day of April, 2010.

                                              */s/ Stephen B. Murray, Jr.*
                                              Counsel for Plaintiff