# EXHIBIT A

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 1 | 1.0001 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | 401, 402 - Internal Merck documents irrelevant to knowledge of relevant actors | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 2 | 1.0002 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | 401, 402 | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 3 | 1.0004 | Email from Brian F. Daniels to Thomas Simon, et al. Re: GI Outcomes Trial Protocol | | | | Y or N |
| 4 | 1.0006 | Warning letter from Thomas Abrams to Raymond Gilmartin | 401, 402 - Merck Marketing activities irrelevant to this case; No evidence that matters identified in letter have any connection to relevant actors; 801 Warning letter also contains hearsay statements by non-Merck personnel | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 5 | 1.0008 | CV Card | 401, 402 - no evidence that any relevant actor in this case looked at CV Card; CV Card was no longer used after implementation of VIGOR label; marketing materials are irrelevant | Admitted in Barnett & Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 6 | 1.0009 | 2001 Profit Plan for Vioxx | MIL #8 (granted in part), 401, 402 | Admitted in Barnett, admissible in Irvin II. Document is relevant to this case for same reasons.  Goes to motive and failure to provide "fair and balanced" disclosure of safety. Calculation of cost to "diffuse" safety issue is highly relevant. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 7 | 1.0010 | Email from Edward Scolnick to Errol McKinney Re: Celebrex submission within 2 months - Schroders | 401, 402, 801, 802.  Stock analyst report is hearsay. Financial forecasts are irrelevant | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons. Analyst report is not presented for the truth of the matter asserted, but for effect it had on Merck to rush Vioxx to market. Finally, email is an admission that Merck placed marketing over research, and would not fully fund requested |  | Y or N |
| 8 | 1.0011 | E-mail from Scolnick:  Message | 401, 402, 801, 802. Stock analyst report is hearsay. Financial forecasts and sales data are irrelevant. Discussion of other medicines is irrelevant. | Admitted in Barnett. Document is relevant to this case for same reasons. Analyst report is not presented for the truth of the matter asserted, but for effect it had on Merck to rush Vioxx to market.  Finally, email is an admission that Merck placed marketing over research, and would not fully fund requested and necessary research. Scolnick testified that this was his thinking at the time, and that he was trying to convey a sense of urgency to his team. |  | Y or N |
| 9 | 1.0017 | Vioxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | 901, 602 - Unrelated document stuck on end of exhibit; 401, 402, incomplete this is preliminary trial data | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. |  | Y or N |
| 10 | 1.0021 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 Minutes | 401, 402 - predates VIGOR label | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. |  | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 11 | 1.0042 | Merck 1999 Annual Report | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 12 | 1.0061 | Bulletin for Vioxx Action Required: Response to New York Times Article | 401, 402 - Messages contained therein not relied upon by any relevant party; no evidence ever even communicated to any relevant party. | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 13 | 1.0062 | Bulletin for Vioxx: New Resource: Cardiovascular Card | 401, 402 - No evidence that any relevant actor in this case looked at CV Card; CV Card was no longer used after implementation of VIGOR label; marketing materials are irrelevant | Admitted in Barnett & Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 14 | 1.0079 | Memo from G. Block and S. Reines to Edward Scolnick Re: MK-966 AD Progression Trials (Protocol 091) Imabalance in the Number of Deaths | 401, 402 - Document concerns mortality and all-cause mortality, neither of which are at issue in this case | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 15 | 1.0079 | Memo from Joshua Chen to Raymond Bain RE: Combined Mortality Analysis Protocol 091 + Protocol 078 | 401, 402 - Document concerns mortality and all-cause mortality | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 16 | 1.0095 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR-TIMI 30 protocol | 801, 802 - The document is hearsay and should not be admitted | Admitted in Barnett. Not offered for truth of statement, but to show that Merck had notice of defective nature of drug. | | Y or N |
| 17 | 1.0118 | Email from Alise S. Reicin to Edward M. Scolnick, et al. Re: RA and CV Mortality | 801, 802 - Hearsay as to outside consultants' comments | Admitted in Barnett & Irvin II. Merck did not make hearsay objection, document falls under Rule 803(6) exception. | | Y or N |
| 18 | 1.0122 | Research Management Committee No. 96-10 -- Blue Bell | | | | Y or N |
| 19 | 1.0124 | Email from Edward Scolnick to Eve Slate Re: OPDRA Report vs. FOI | 401, 402, MIL #7 - Fries letter was excluded and so this document which is based entirely upon the hearsay therein should also be | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons. Document is relevant regardless of Fries letter. | | Y or N |
| 20 | 1.0131 | Email from Edward Scolnick to David W. Blois, et al. Re: VIOXX US Circular | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 21 | 1.0132 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: vigor | 401, 402 - Concerns preliminary analysis of data which was subsequently revised | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 22 | 1.0133 | Email from Alise Reicin to Edward Scolnick Re: An Article Stating the Potential Cardioprotective Effects of an NSAID | | | | Y or N |
| 23 | 1.0145 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | 401, 402 - Merck Marketing activities irrelevant to this case; No evidence that matters identified in exhibit have any connection to relevant actors | Highly relevant. Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 24 | 1.0152 | Press Release - Merck confirms favorable CV safety profile of Vioxx | 401, 402 - No evidence that anyone in this case saw or was influenced by Merck Press Releases | Admitted in Barnett. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 25 | 1.0154 | Letter from Spencer Salis to Ellen R. Westrick Re: Homemade Promotional Pieces | 401, 402 - Concerns homade marketing materials that have no connection to this case | Admitted in Barnett. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 26 | 1.0155 | VIOXX Launch Meeting - Remarks of Anstice - Remarks to Representatives | 401, 402 - Anstice remarks at Vioxx launch meeting are irrelevant | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 27 | 1.0156 | Email re: Vioxx Product Release Meeting, Ray Gilmartin Dinner Speech, Mar 4, Talking Points | | | | Y or N |
| 28 | 1.0158 | Email from David W. Anstice to Edward M. Scolnick Re: FW: Analyst Report on VIOXX | 801 - The analyst's report is hearsay, 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. Analyst report not offered for truth of the report, but for effect on Merck and those exposed to report. | | Y or N |
| 29 | 1.0192 | Vioxx AD Program Slide Set | | | | Y or N |
| 30 | 1.0234 | Original Label Submission For VIGOR | 401, 402 | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 31 | 1.0235 | Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S-007 Review of Cardiovascular Safety Database | | | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 32 | 1.0298 | Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC | 401, 402 - Reference to Dr. Fries should be omitted since MIL #7 was granted | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 33 | 1.0300 | Email from Edward Scolnick to Douglas Greene re: VIGOR approval letter | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 34 | 1.0304 | E. Scolnick email to D. Greene re: ASA use predicted PUB rate | 401, 402 | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 35 | 1.0305 | Email from Edward Scolnick to Bonnie J. Coldmann Re: VIOXX Label | 401, 402 | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 36 | 1.0309 | Email from Edward Scolnick to Douglas Greene Re: Vioxx AD  Safety Data - Imablance in the number of deaths. | 401, 402 - Document concerns mortality and all-cause mortality | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 37 | 1.0340 | Bulletin for Vioxx/Background and obstacle responses on retrospective observational analysis.- / Solomon article No. COX 04-023 | 401, 402 - Only witness who testified about Solomon testified did not rely on Bulletins when communicating with customers | Admitted in Barnett. Merck has admitted that its Vioxx promotion was a national campaign and national marektng materials from outside Lousiana were used in Louisiana. | | Y or N |
| 38 | 1.0386 | Scientific Advisors' Meeting May 3 -  May 6, 1998 Programmatic Review Vioxx Program | | | | Y or N |
| 39 | 1.0413 | Email from Linda Coppola to Russell Kosiorek Re:  CV Card (1 year) Revalidation for use in Promotion | 401, 402 - no evidence that any relevant actor in this case looked at CV Card; CV Card was no longer used after implementation of VIGOR label; marketing materials are irrelevant | Admitted in Barnett & Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 40 | 1.0466 | Vioxx Label April 2002 | | | | Y or N |
| 41 | 1.0498 | Email from James Bolognese to Alise Reicin, et al. Re: RA and CV Mortalllty | 401, 402 | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 42 | 1.0531 | Letter from Robert Silverman to Jonca Bull Attaching IND 46,894: VIOXX (rofecoxib) | | | | Y or N |
| 43 | 1.0538 | Draft GI Outcomes Protocol | | | | Y or N |
| 44 | 1.0541 | Email from Margie McGlynn to Alise Reicin | 401, 402, 403, 602, 801, 802. Analyst reports are inadmissible hearsay. Financial data are irrelevant | Analyst reeport not offered for truth of the matter, but to show motive and state of mind. | | Y or N |
| 45 | 1.0542 | Memo Re: Mk-0966 AD Progression Trial (Protocol #091) Imbalance in the Number of Deaths | 401, 402, 403.  Irrelevant because document concerns mortality and all-cause mortality | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 46 | 1.0581 | Press Release - Merck Informs Investigators of Preliminary Results of Gastrointestinal Outcones Study with Vioxx | 401, 402 - No evidence that anyone in this case saw or was influenced by Merck Press Releases | Admitted in Barnett & Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 47 | 1.0583 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | 401, 402 - No evidence that anyone in this case saw or was influenced by Merck Press Releases | Admitted in Barnett & Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 48 | 1.1084 | FDA Advisory Committee Briefing Document | | | | Y or N |
| 49 | 1.1087 | Excerpts from the Merck Manual - 16th Edition | 401, 402 - No evidence that any relevant actor in this case looked at the Merck Manual | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 50 | 1.1097 | Questions and Answers: VIOXX Voluntary Market Withdrawal | 401, 402, 403, 602.  Dr. Scolnick does not have personal knowledge of the document; the document is also irrelevant | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons.  As president of Merck labs at the time, Scolnick was one of the primary persons involved in decision to withdraw Vioxx, had personal knowledge of the decision prcess and the basis for the decision, and therefore personal knowledge of information in Q&A. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 51 | 1.1098 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | 401, 402 | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 52 | 1.1100 | VIOXX Outcomes Study Potential Designs | | | | Y or N |
| 53 | 1.1103 | In Response to Your Questions: Cardiovascular System - Clinical Profile in Osteoarthritis Studies | 401, 402 - No evidence that any relevant actor in this case looked at CV Card; CV Card was no longer used after implementation of VIGOR label; marketing materials are irrelevant | Admitted in Barnett & Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 54 | 1.1106 | Reicin email to Nies and Gertz, re: Carlo Patrono on VIGOR | 801, 802, the email contains hearsay statements from non Merck personnel | Admitted in Barnett & Irvin II. Business record under 803(6), Merck previously stipulated that document falls under 803(6). | | Y or N |
| 55 | 1.1135 | US Long Range Operating Plan Franchise: Analgesic & Anti-Inflammatory Products: Vioxx, Etoricoxib | 401, 402 - Sales data are irrelevant | Admitted in Barnett & Irvin II. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 56 | 1.1184 | Memo from Briggs Morrison to Alan Nies, et al regarding Manuscript for Protocol 023 | 801, 802, Hearsay -- contains out of court statements from non-Merck personnel followed by inadmissible draft article | Admitted in Barnett. Record kept in the course of business 803(6). | | Y or N |
| 57 | 1.1194 | Personnel File of Jan Weiner | 401, 402 - Individual employee's personnel file is not probative of any issue in this case. This employee's responsibilities involved press releases, which are not relevant given the facts of the case. (Ruled inadmissible in Smith) | Admitted in Barnett & Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 58 | 1.1220 | Background Package for FDA Meeting on the Potential Reintroduction of Vioxx to the US Market | 401, 402, 407 - Subsequent remedial label edits are inadmissible; no evidence that FDA would have approved this label | Admitted in Barnett. Document is relevant to this case for same reasons. The background package is a submission to government agency prepared in course of business. Any mention of a proposed label (when Vioxx was not even on the market) is minimal, and cannot be a proposed remedial measure when product was not marketed. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 59 | 1.1231 | Memo from Deborah Shapiro to Alise Reicin et al. regarding Cardiovascular Update - VIGOR | | | | Y or N |
| 60 | 1.1309 | Email from David Blois transmitting attachment 011015DraftVIOXXlabel.doc | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 61 | 1.1313 | GI Label Change for Vioxx, Public Affairs Plan | 401, 402 | Admitted in Barnett. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 62 | 1.1445 | Email from Alise Recin to Laura Demopoulos with attachment "Selective COX-2 Inhibitors are Associated with an Increased Risk of Cardiovascular Events" | 401, 402, Object to only attachment under 801, 802 - draft learned treatise | Admitted in Barnett. Document is relevant to this case for same reasons. Falls under hearsay exception 803(6) for record made in ordinary course of business. | | Y or N |
| 63 | 1.1491 | Slides from Presentation by Tom Cannell | 401, 402 - Sales data are irrelevant | Admitted in Barnett. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 64 | 1.1702 | Vioxx Sales Update Senior Management Discussion with Notes from David Anstice | 401, 402 - Sales and financial data are irrelevant | Highly relevant. Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 65 | 1.1734 | "Drug Regulations:  The Essentials, Medical Background" Merck Resource Document not to be used for detailing [Ex 1 Blake Depo 11/29/05]" | 801, 802 - Document is summary of federal regulations | This is a Merck document taken in the ordinary course of business, 803(6). | | Y or N |
| 66 | 1.1865 | NDA 21-042/S-007 Vioxx NDA21-052-S-004 Vioxx amendment to supplemental new drug application; Letter from Dr. Silverman to the FDA | 401, 402 | Admitted in Barnett. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 67 | 1.1866 | Email from Briggs Morrison to Barry Gertz et al. FW: FOR REVIEW [PEER]; 2001-ms-2470 [full paper] - DUE DATE MONDAY, 27 AUGUST 2001 | 401, 402,  For attachment only: 801, 802 - draft kearned treatise is inadmissible | Admitted in Barnett. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 68 | 1.1894 | | 801, 802 - draft learned treatise is inadmissible | Admitted in Barnett, admission under 801(d)(2)(A). | | Y or N |
| 69 | 1.1916 | Interim Review of NDA 21042/s030 by Lourdes Villalba, MD | | | | Y or N |
| 70 | 1.1959 | MRK-I8940075713  IND 46,894 Vioxx Annual IND Progress Report 12/17/01 to 12/16/02 | | | | Y or N |
| 71 | 1.2000 | Merck Dear Doctor letter to Dr. Mikolajczyk in response to PIR (Professional Information Request | 401, 402 - PIR to South Carolina Doctor has no relevance to this case | Admitted in Barnett. Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana. | | Y or N |
| 72 | 1.2118 | VIOXX-excerpts from primary review of NDA 21-042 Osteoarthritis Vioxx NDA 21-042-21-052 | | | | Y or N |
| 73 | 2.0017 | Relationship Between Selective Cyclooygenase-2 Inhibitors and Actue Myocardial Infarction in Older Adults by Daniel Solomon, et al., Circulation, Pg. 2068-2073 only title & acknowledgement | 801 - Exhibit as provided is entire copy of learned treatise | Circulation is learned treatise, not offered for truth of matter asserted. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 74 | 5.0022 | Plaintiff reserves the right to offer any exhibit listed by Defendant | No exhibit provided or identified | | | Y or N |
| 75 | 5.0023 | Plaintiff reserves the right to use any exhibit necessary for cross-examination | No exhibit provided or identified | | | Y or N |
| 76 | 5.0024 | Plaintiff reserves the right to use any exhibit necessary for rebuttal | No exhibit provided or identified | | | Y or N |
| 77 | 5.0025 | Plaintiff reserves the right to use any exhibit found through outstanding discovery | No exhibit provided or identified | | | Y or N |
| 78 | 5.0026 | Plaintiff reserves the right to use any exhibit found through any discovery requested but not yet produced | No exhibit provided or identified | | | Y or N |
| 79 | 5.0028 | Plaintiff reserves the right to use all depositions and any exhibits attached thereto for any future depositions taken in this matter | No exhibit provided or identified | | | Y or N |
| 80 | 1.0003 | Email from Scolnick to Greene in re Approvable letter | 401, 402 | Admitted in Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 81 | 1.0005 | Email from D. Anstice FW: Three Items | | | | Y or N |
| 82 | 1.0007 | Vioxx Dodgeball | Incomplete, 401, 402 | Admitted in Irvin II, admissible in Barnett. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. Claim that | | Y or N |
| 83 | 1.0012 | Email from Patrono to Laurenzi--preliminary VIGOR data | Incomplete, 801, 802. This email is inadmissible hearsay. Also incomplete because it contains only the first page of document. In Smith, Court | Admissible in Barnett. Business record, 803(6), showing state of mind, 803(1). | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 84 | 1.0013 | List of physicians to neutralize | 401, 402, 801, 802  No connection with relevant actors in present case | Admitted in Irvin II and found admissible in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 85 | 1.0015 | VICTOR KM Plot--Confirmed Thrombotic CV events | Incomplete, 401, 402 - Document provides preliminary data now superceded by final data. Document is incomplete | Document is relevant to case. Preliminary data is admissible. | | Y or N |
| 86 | 1.0019 | Letter from John Oates to Alan Nies Re: Effect of Vioxx on Prostacyclin Biosynthesis | 801, 802 - Hearsay of Non-Merck personnel | Admitted in Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 87 | 1.0029 | Analyses of Unadjudicated and Adjudicated Thromboembolic Adverse Experiences | | | | Y or N |
| 88 | 1.0033 | Standby Statement: Trials Of Vioxx (rofecoxib) in Alzheimer's disease | 401, 402 | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 89 | 1.0060 | VID:Be the Power 2S01 | Exhibit not provided - likely 401, 402 as relates to marketing by sales reps | Marketing video relevant to demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 90 | 1.0063 | Memo from Market Integration Team for Vioxx Re: Top Ten Obstacle Handlers and Obstacle Response Guide Vioxx | 401, 402 - No evidence that anyone in this case saw or used these | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marektng materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 91 | 1.0064 | Obstacle Jeopardy | 401, 402 - No evidence that anyone in this case ever saw this document | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marektng materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 92 | 1.0068 | Bulletin for Vioxx: Action Required: Response to JAMA, "Risk of Cardiovascular Events Associated with Selective COX-2 Inhibitors" | 401, 402 - Messages contained therein not relied upon by any relevant party; no evidence ever even communicated to any relevant party | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 93 | 1.0069 | Letter from Louis Sherwood to Healthcare Provider | 401, 402 - no evidence any relevant actor saw a letter to treating healthcare providers | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 94 | 1.0074 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | 401, 402 - No evidence that anyone in this case saw or was influenced by Merck Press Releases | Admitted in Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 95 | 1.0076 | Deaths in MK-0966 Studies 078, 091, 126 | Incomplete, 401, 402. Incomplete document; Relates to mortality and all-cause mortality | Document is relevant to case, showing risk-benefit profile of drug. Admissible in Barnett.  Merck did not object to "incomplete" document. Documents showing preliminary data are not "incomplete" documents, and preliminary data is admissible. | | Y or N |
| 96 | 1.0077 | Memo from J. Chen to R. Bain re: MK-0966 protocol 078 prevention trial / summary of the interim mortality analyses | 401, 402, Irrelevant because document concerns mortality and all-cause mortality | Relevant to risk-benefit profile of drug, information withheld from plaintiff. | | Y or N |
| 97 | 1.0078 | Memo from J. Chen to R. Bain re: MK-0966 protocol 091 first AD treatment trial / summary of the mortality analysis | 401, 402, Irrelevant because document concerns mortality and all-cause mortality | Relevant to risk-benefit profile of drug, information withheld from plaintiff. | | Y or N |
| 98 | 1.0082 | Memo from Thomas Musliner to B. Friedman, A. Nies and R. Spector; Subject: Anticipated consequences of NSAID Antiplatlet effects of cardiovascular events and effects of excluding low-dose aspirin use in the Cox-2 GI Outcomes Megatrial | | | | Y or N |
| 99 | 1.0084 | Letters between Michael Weinblatt & Alise Reicin Re: VIGOR Trial | 801, 802 - Hearsay statement by non-Merck personnel | Found admissible in Barnett.  803(6) hearsay exception for letter kept in the regular course of business. Also shows notice of CV events in VIGOR trial . | | Y or N |
| 100 | 1.0085 | Letter to Alise Reicin from Michael Weinblatt Re: Merck Management's Position on Serious Thrombotic and Embolic Cardiovascular Adverse Events | 801, 802 - Hearsay statement by non-Merck personnel | 801(d)(2)(A) and 803(6). | | Y or N |
| 101 | 1.0086 | Letter from Alise Reicin to Michael Weinblatt, MD re: Merck's for analyzing Adverse experiences in VIGOR | | | | Y or N |
| 102 | 1.0087 | Statistical Data Analysis Plan Amendment No. 1 for VIGOR by Deborah Shapiro, et al. | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 103 | 1.0088 | Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis | | | | Y or N |
| 104 | 1.0089 | Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis | | | | Y or N |
| 105 | 1.0091 | Draft VIOXX Label | 401, 402 | Admitted in Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 106 | 1.0092 | Email from Edward Scolnick to Laura Demopoulos Re: Topol Idea | | | | Y or N |
| 107 | 1.0093 | E. Scolnick email RE: Canine thrombosis paper | | | | Y or N |
| 108 | 1.0102 | Email from Edward Scolnick to Douglas Greene, et al. Re: CV Outcomes Studies with Vioxx | | | | Y or N |
| 109 | 1.0106 | Letter from John Oates to Barry Gertz re: origin of beta-oxidation metabolite of prostacyclin | 801, 802 - Hearsay statement by non-Merck personnel | Adoptive admission under 801(D)(2); business record under 803(6) showing present sense of impression of Merck employees under 803(1). | | Y or N |
| 110 | 1.0107 | Memo from Martino Laurenzi to Alan Nies Re: Proposal of Prof. Patrono in the fields of CV and Renal Physiopathology | | | | Y or N |
| 111 | 1.0108 | Letter from Carlos Patrono to Martino Laurenzi Re: Vivo Prostacyclin Biosynthesis | 401, 402, 801, 802. Stock analyst report is hearsay. Financial forecasts and sales data are irrelevant. Discussion of other medicines is irrelevant | Admitted in Irvin II. Document is relevant to this case for same reasons. Record kept in regular course of business hearsay exception 803(6). Reveals Merck was aware of cardiovascular risk of Vioxx before marketing. | | Y or N |
| 112 | 1.0116 | Alan Nies' Presentation to the Board of Advisors Re: VIGOR Preliminary Result | | | | Y or N |
| 113 | 1.0120 | Memo on protocol 136 results | | | | Y or N |
| 114 | 1.0125 | VIOXX Label Change Questions and Answers | 401, 402 | Document is relevant to case. | | Y or N |
| 115 | 1.0136 | Email from Alise Reicin to Deborah Shapiro, et al. Re: Update to thromboembolic CVD cases VIGOR | Incomplete, 401, 402, - Document provides preliminary data now superceded by final data. Document is incomplete | Document is relevant to case, and not incomplete because it shows preliminary data.  Preliminary data is admissible. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 116 | 1.0138 | Email from Jan Nissen to Marty Carroll Re: VIOXX Launch Meeting Theme Party | 401, 402 | Admitted in Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 117 | 1.0140 | Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex | 401, 402 | Admitted in Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 118 | 1.0142 | Vioxx HHPAC 5-17-00 Interim Review | 401 402 - Unidentified handwriting on first page | Relevant to Merck's business practices regarding Vioxx. | | Y or N |
| 119 | 1.0143 | Key Marketing Messages HHPAC | 401, 402 - Marketing materials are irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Louisana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's | | Y or N |
| 120 | 1.0147 | Memo from Dr. Grosser to HHPAC, et al. Re: Background material for HHPAC April 20, 2000 Vioxx and MK-0663 interim review | | | | Y or N |
| 121 | 1.0151 | Letter from David Anstice to Thomas Abrams Re: DDMAC's 9-17-01 Warning Letter | Conditional: 401, 402 -  if Warning letter is admitted. If the warnning letter is excluded, this letter is irrelevant | Document is relevant to case. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 122 | 1.0157 | Gilmartin Dinner Speech Talking Points | 401, 402 - Statements regarding marketing are irrelevant | Admitted in Barnett. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 123 | 1.0160 | Memo from Sherwood to Anstice Re: Academic Interactions | 401, 402, MIL #7 - Fries letter was excluded and so this document should also be excluded; 801, 802 - Contains hearsay by non-Merck personnel | Document is relevant to case, admissible in Barnett. Shows campaign to silence concerns, not limited to Fries issue. | | Y or N |
| 124 | 1.0164 | Memo from Richard Parfrey to Susan Baumgartner Re: Competitive feedback for Vioxx | 401, 402, 801, 802 - Irrelevant because no evidence that it relates to relevant actors. Also contains hearsay statements of non-Merck personnel | Document is relevant to case. Mot hearsay pursuant to Rule 801(d)(2)(a), and falls under hearsay exception for business record under Rule 803(6). | | Y or N |
| 125 | 1.0166 | Long Range Operating Plan: 2002-2007 for Vioxx & Arcoxia | 401, 402 - Sales data are irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national mareting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 126 | 1.0167 | Nies Handwritten Memo Re: Carlo Patrono | | | | Y or N |
| 127 | 1.0177 | Memo from Tracy Mills & Susan Baumgartner to Wendy Dixon, et al. Re: Scientific Communication Plan for VIOXX | 401, 402 - Marketing materials are irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national mareting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell | | Y or N |
| 128 | 1.0198 | Plan to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/III Vioxx (MK-0966) Osteoarthritis Clinical Trials | | | | Y or N |
| 129 | 1.0200 | E. Clinical Safety - MK-0966 Clinical Documentation | | | | Y or N |
| 130 | 1.0220 | Email from Nancy Santanello to Douglas Watson, et al. Re: Stroke Outcomes | | | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 131 | 1.0221 | Email from Douglas Watson to Thomas Capizzi, et al. Re VIGOR CV Events Analysis | | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 132 | 1.0225 | Email from Paul Fonteyene to Thomas Cannell RE Dorothy Hamill Quantitative Results | 401, 402 - DTC marketing is irrelevant | | | Y or N |
| 133 | 1.0226 | Email from Steven A. Nichtberger to Wendy L. Dixon Re: Conducting a CV Study | 401, 402 | Relevant to show risk-benefit profile of drug, information withheld from plaintiff; including marketing treatment of cv issues. | | Y or N |
| 134 | 1.0227 | Email fromRhoda Sperling to Alan Nies, et al. Re: Decision on CV meta-analysis journal selection | 401, 402 | Relevant to show risk-benefit profile of drug, information withheld from plaintiff. | | Y or N |
| 135 | 1.0229 | Email from Wendy Dixon to David Anstice Re: CV Outcomes Trial Press Release | 401, 402 - Public relations are irrelevant | Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana. | | Y or N |
| 136 | 1.0239 | Email from Edward Scolnick to Peter S. Kim Re: RA Study of Celebrex vs. Naproxen | | | | Y or N |
| 137 | 1.0265 | FDA's VIGOR Label | 401, 402 | Document is relevant to case. | | Y or N |
| 138 | 1.0268 | FDA Information Request--Alzheimer's CV mortality | 401, 402,  Irrelevant, and any probative value is outweighed by prejudicial effect | Relevant to show risk-benefit profile of drug, information withheld from plaintiff. | | Y or N |
| 139 | 1.0278 | Email from Deborah Shapiro to Eliav Barr, et al. Re: Alzheimer's studies | 401, 402 - Exhibit concerns mortality and all-cause mortality | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 140 | 1.0281 | Email from Briggs Morrison to Deborah Shapiro, et al. Re: Konstam JAMA Article | | | | Y or N |
| 141 | 1.0283 | DiCesare memo re: Clinical development oversight committee meeting / January 6 1999 | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 142 | 1.0287 | Attachments to Casola to Abrams letter | Conditional: 401, 402 - No objection if Warning letter is admitted.  If the warnning letter is excluded, this document is irrelevant because no relevant actor saw this letter or participated in the referenced conferences | Document is relevant to case. | | Y or N |
| 143 | 1.0311 | Email from Joshua Chen to Raymond Bain Regarding a Summary of MK-0966 Combined Mortality Analysis | 401, 402 - Document concerns mortality and all cause mortality | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 144 | 1.0328 | National Advocates - Call in Next 10 Business Days | 401, 402 | Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 145 | 1.0329 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | 401, 402, 801, 802--The document contains numerous hearsay statement by non-Merck personnel; the document is also irrelevant because it relates to presentations that no relevant actor attended | Admitted in Irvin II. Document is relevant to this case for same reasons. Business record under 803(6) that sets forth present sense impression of Merck employees under 803(1) and consititutes an admission of party opponent pursuant to 801(d)(2). | | Y or N |
| 146 | 1.0331 | DTC Spending Memo | 401, 402 - DTC advertising and amount spent thereon is irrelevant | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 147 | 1.0339 | Roadmap to CV Card | 401, 402 - no evidence that any relevant actor in this case looked at CV Card; CV Card was no longer used after implementation of VIGOR label; marketing materials are irrelevant | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 148 | 1.0352 | Email from Adam Schechter to Thomas Cannell, et al. Re: CV Study Design | | | | Y or N |
| 149 | 1.0353 | FDA Medical Officer NDA Review of Vioxx | | | | Y or N |
| 150 | 1.0357 | Email from Rebecca Higbee to Kyra Lindermann, et al. Re: Advantage Ideas | 401, 402  - No evidence anyone in this case was exposed to ADVANTAGE study PR messages. | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 151 | 1.0358 | Press Release - Cardiovascular Event Rates in Analysis of Combined Studies of Nearly 2,900 Elderly Patients Taking Vioxx or Placebo | 401, 402 - No evidence that any relevant actor saw or relied upon Merck Press Releases | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 152 | 1.0362 | Email from Martino Laurenzi to Brian Daniels, et al. Re: Patrono - Eular | 403, 602, 801, 802.  The statements attributed to Patrono are hearsay; No evidence that anyone involved in this case attended the presentation. | Admitted in Irvin II, admissible in Barnett.  Patrono statements are not hearsay under 801(d)(2).  Also shows notice and knowledge.  Business record under 803(6) that shows present sense impression of Merck employees 803(1). | | Y or N |
| 153 | 1.0364 | Email from Thomas Cannell to Jim Dunn Re: Whelton Q&A | | | | Y or N |
| 154 | 1.0372 | Email from Kathleen Metters to Peter Kim, et al. Re: Article on relationship bet cox2 expression and pgi2 synthesis | Incomplete. 801, 802 - Incomplete because does not include attachment. Contains hearsay | Substance of email stands alone from attachment.  Plaintiff will append attachment if needed. | | Y or N |
| 155 | 1.0374 | Email from Tom Baille to James Yergey-Subject Prostanoid assays | | | | Y or N |
| 156 | 1.0384 | Email from Denis Riendeau to Kathleen Metters, et al. regarding PGE synthesis | | | | Y or N |
| 157 | 1.0396 | Hui Quan Memo re: Safety Update for APPROVe | | | | Y or N |
| 158 | 1.0400 | Baumgartner Diary: 01/01/2001 to 09/27/2001 | 801, 802. The document contains multiple hearsay statements by non-Merck personnel | Admitted in Irvin II, found amissible in Barnett. Merck withdrew objection in Barnett.Not hearsay, 801(d)(2) admission of party opponent, also falls under exceptions 803(5), 803(6), 803(1). | | Y or N |
| 159 | 1.0401 | National Thought Leader Summary VIGOR Study | 401, 402, 602, 801, 802. Only witness could be offered with lacks personal knowledge. Document contains hearsay statements of non-Merck personnel. | Admissible in Barnett.  Document is relevant to case, shows Merck's attempt to disseminate an unjustified explanation for VIGOR.  Business record under 803(6) and constitutes adopted admission of party opponent under 801(d)(2)(B).  Not offered for truth but to show notice and knowledge that there was no data to show a protective effect of naproxen. | | Y or N |
| 160 | 1.0402 | USHH 2001-2009 Outlook for Vioxx (Vioxx Sales Data) | 401, 402 - Sales data are irrelevant | Admitted in Irvin II. Sales materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 161 | 1.0408 | Email from Bruce Freundlich to Susan Baumgartner RE Physicians to neutralize | 401, 402, 801, 802. Document does not relate to any relevant actors in this case.  Document contains hearsay statements by non-Merck personnel | Admitted in Irvin II, Barnett. Document is relevant to this case for same reasons. Business record under 803(6) that sets forth present sense impression of Merck employees under 803(1) and admission of party opponent 801(d)(2). | | Y or N |
| 162 | 1.0409 | Email from Caroline Yarbrough to Susan L Baumgartner Re: Background on Dr. Andrew Whelton | 401, 402 - Does not relate to any of the relevant actors | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 163 | 1.0411 | Email from Thomas McCready to Susan L. Baumgartner Re: Nov. 3rd Appointment with Dr. James McMillen | 401, 402, 801, 802 - Irrelevant because no evidence that it relates to relevant actors.  Also contains hearsay statements of non-Merck personnel. | Document is relevant to case. Business record under 803(6) that sets forth present sense impression of Merck employees under 803(1) and admission of party opponent 801(d)(2). | | Y or N |
| 164 | 1.0412 | Email from Daniel L. Hall - To Susan L Baumgartner Re: Gurkipal Singh | 401, 402, 801, 802 - Irrelevant because no evidence that it relates to relevant actors.  Also contains hearsay statements of non-Merck personnel. | Hearsay exception 803(6). | | Y or N |
| 165 | 1.0414 | Email from Leonardo Mendez to Susan Baumgartner, et al. Re: Physicians to neutralize | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 166 | 1.0415 | Memo from Susan Baumgartner to Charlotte McKines, et al. Re: Advocate Development Opportunity: Physicians to Neutralize | 401, 402 | Admitted in Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 167 | 1.0419 | Advocate Development Plan 2000 Vioxx | 401, 402 | Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 168 | 1.0423 | Email from Edward Scolnick to Peter Kim Re: coxib task force | | | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 169 | 1.0424 | Email from Peter M. DiBattiste to Barry J. Gertz, et al. Re: RMC Options for CV Outcome Trials | Incomplete document - cannot object without full review | Admitted in Irvin II, Barnett. This is the same pdf presented in Barnett. | | Y or N |
| 170 | 1.0425 | Email from Barry J. Gertz to Peter S. Kim, et al. Re:  Review of the Manuscript on the Relationship Between Selective COX-2 Inhibitors and Acute Myocardial Infarction | 801 - Contains learned treatise, 401, 402. | Hearsay exception 803(6). | | Y or N |
| 171 | 1.0430 | Memo from Michael Weinblatt to David Bjorkman, et al. Re: Cardiovascular Safety Analysis of VIGOR - Unblinded Minutes | 401, 402 - Irrelevant. The document discusses interim data.  More complete data are available. | Admitted in Barnett & Irvin II. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 172 | 1.0445 | Email from Susanne Eddowes to Raymond Bain, et al. Re: The Need to Set Up External DSMB for ongoing Vioxx AD Prevention Trial | 602 - There is no foundation for handwriting on document | Related testimony does not inquire about handwritten portion; handwriting is not offered. | | Y or N |
| 173 | 1.0460 | Clinical Study Report for Protocol 078 | | | | Y or N |
| 174 | 1.0463 | Vioxx Label Nov. '99 | 401, 402 - State could not exclude Vioxx at this time | Admitted in Barnett. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 175 | 1.0464 | Vioxx Label July 2000 | 401, 402 - State could not exclude Vioxx at this time | Admitted in Irvin II. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 176 | 1.0465 | Vioxx Label July 2001 | 401, 402 - State could not exclude Vioxx at this time | Admitted in Irvin II. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 177 | 1.0467 | Vioxx Label March 2004 | | | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 178 | 1.0477 | Email from Alan Nies to Barry Gertz and Briggs Morrison; Subject: FW: cox2 | | | | Y or N |
| 179 | 1.0479 | Charts re: VIGOR: Myocardial Infarctions Over Time | | | | Y or N |
| 180 | 1.0482 | VIGOR Data Analysis Plan | | | | Y or N |
| 181 | 1.0484 | Vioxx Final Label April 2002 | | | | Y or N |
| 182 | 1.0487 | Shapiro Meta-Analysis | | | | Y or N |
| 183 | 1.0489 | Changes to the VIGOR Data Analysis Plan 12-1-99 | | | | Y or N |
| 184 | 1.0497 | Email from Edward Scolnick to Deborah Shapiro Re: Update to thromboembolic CVD cases VIGOR | | | | Y or N |
| 185 | 1.0506 | Email from Edward Scolnick to Deborah Shapiro Re: Searle Recapturing Momentum in COX-2 Inhibitor Market | 401, 402, 801, 802 - Stock analyst report is hearsay. Financial data are irrelevant. | Document is relevant to case. Adopted admission of party opponent 801(d)(2)(B).  Not offered for truth, but to show notice and knowledge of market for Cox-2 inhibitors.  Shows motive and intent. | | Y or N |
| 186 | 1.0510 | Letter from John Oates to Edward Scolnick Re: Thrombotic Complications Occurring in Patients with Antiphospholipid Syndrome | 801, 802 - Hearsay statement by non-Merck personnel | Admissible in Barnett.  Not offered for truth of matters asserted gbut to show Merck's state of mind and that Dr. Oates clearly put Merck on notice of adverse events associated with Vioxx. | | Y or N |
| 187 | 1.0511 | Attachment #1, Dr. Alan Nies' write up for meeting of Board of Scientific Advisors on | | | | Y or N |
| 188 | 1.0514 | Draft letter to Jonca Bull re: Amendment to the Supplemental New Drug Application | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 189 | 1.0516 | Email from Alan Nies to Barry Gertz R: Patrono on VIGOR | 801, 802 - Only to hearsay statements from Non-Merck employee. | Admitted in Irvin II.  Not hearsay under 801(d)(2).  Admissible in Barnett, Merck withdrew hearsay objection. | | Y or N |
| 190 | 1.0518 | Email from Douglas Greene to Barry Gertz Re: William Harvey Research Conference | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 191 | 1.0520 | 906 Preliminary Analysis | | | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 192 | 1.0522 | Memo from T. Simon and H. Quan to S. Reines and R. Bain subject Preliminary interim Results for the Vioxx Low-Dose Aspirin Endoscopy Study (Protocol 136) | | | | Y or N |
| 193 | 1.0532 | MRL Epidemiology Department Technical Report No. EP07006.005.98 Final Results of an Analysis of the Incidence of Cardiovascular SAEs in the Phase IIb/III VIOXX Osteoarthritis Clinical Trials | | | | Y or N |
| 194 | 1.0535 | Email from Alan S. Nies to Barry K. Gertz, et al. Re: NSAIDs and Naproxen | 801, 802.  The email from Fitzgerald is hearsay. | Not hearsay under 801(d)(2). | | Y or N |
| 195 | 1.0544 | MRL Response to Comments for Interim Cardiovascular Meta-Analysis | Compound exhibit, 401, 402, 801, 802.  Exhibit combines two unrelated documents.  The document is hearsay, and contains hearsay | Document is relevant to case. Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. Business record | | Y or N |
| 196 | 1.0584 | Press Release  - Vioxx significantly reduced the risk of serious gastrointestinal side effects by more than half compared to naproxen in a new study | 401, 402 - No evidence that anyone in this case saw or was influenced by Merck Press Releases | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 197 | 1.0630 | Press Release: Merck Strongly Disagrees with Conclusions of Observational Analysis  Presented at International Medical Meeting | 401, 402 - No evidence that anyone in this case saw or was influenced by Merck Press Releases | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 198 | 1.0713 | Memo from Briggs Morrison to Beth Seidenberg, et al. discussing Protocol 023 data | | | | Y or N |
| 199 | 1.0726 | Email from Peter Kim to Alise Reicin regarding NO-Naproxen | 401, 402 - Post-withdrawal discussion about potential combinations of drugs that have never actually been combined | Admitted in Irvin II. Document is relevant to this case for same reasons. | | Y or N |
| 200 | 1.0727 | Email from Dawn Chitty to Christa Defusco, et al. regarding VIOXX CBE | | | | Y or N |
| 201 | 1.0728 | Email from Gregory Kylish to Jens Kasperzik et al attaching VIGOR - CV Obstacle Handling Aid | 401, 402 - Marketing is irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Louisana were used in Louisiana. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 202 | 1.0729 | Email from Edward Scolnick to Karen Grosser regarding Vioxx Circular | 401, 402 | Admitted in Irvin II. Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 203 | 1.0732 | Product Development Plan Stage 0 Review | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 204 | 1.0966 | Profit Plan 2002-Merck A&A Franchise | MIL #8 (granted in part), 401, 402 | Document is relevant to case, profit relevant to motive. | | Y or N |
| 205 | 1.0972 | Draft article "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial" | 801, 802 - The draft article contains hearsay from non-Merck authors.  Also, articles, including drafts, are inadmissible hearsay. | Not offered for truth of draft article, but to show Merck's state of mind and practice of scientific misconduct. | | Y or N |
| 206 | 1.0973 | Draft article "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial" | 801, 802 - The draft article contains hearsay from non-Merck authors.  Also, articles, including drafts, are inadmissible hearsay. | Not offered for truth of draft article, but to show Merck's state of mind and practice of scientific misconduct. | | Y or N |
| 207 | 1.1002 | A&A Operations Review | 401, 402, 801, 802.  The document contains profit and sales data, which are irrelevant. Survey responses are hearsay. | Document is relevant to case. Business record under 803(6). | | Y or N |
| 208 | 1.1004 | VIOXX® INTERIM STAGE REVIEW | | | | Y or N |
| 209 | 1.1014 | Memorandum from R.T. Bissett re: Meeting Minutes-5/17/2000 HH PAC Meeting | | | | Y or N |
| 210 | 1.1016 | Email from Anna Espisito to Peter DiBattiste RE: VALOR Study | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 211 | 1.1036 | Bulletin for Vioxx: FDA AAC Meeting for Vioxx | 401, 402 - Messages contained therein not relied upon by any relevant party; no evidence ever even communicated to any relevant party. | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 212 | 1.1044 | Merck & Co. Inc.-Code of Conduct for Clinical Trials | | | | Y or N |
| 213 | 1.1049 | Physicians Desk Reference-54th Edition 2003 | Portions of the book are 801. No objection to specific labels from book if identified. | Learned treatise.  Admissible in Barnett, Merck did not object. | | Y or N |
| 214 | 1.1052 | Physicians Desk Reference-51st Edition  2000 | Portions of the book are 801. No objection to specific labels from book if identified. | Learned treatise.  Admissible in Barnett, Merck did not object. | | Y or N |
| 215 | 1.1073 | E-mail from Edward Scolnick to Douglas Greene regarding Vigor approvable letter | 401, 402 | Document is relevant to case. | | Y or N |
| 216 | 1.1085 | Transcript of the Arthritis Advisory Committee Meeting | 801, 802 - Transcript is hearsay | Transcripts and reports of FDA and its committees are admissible under 803(8). | | Y or N |
| 217 | 1.1086 | Memo from Suzanne Pemrick to Project Team Members regarding Project Team Minutes for May 12, 1998 | | | | Y or N |
| 218 | 1.1091 | Excerpts from the Merck Manual - 17th Edition | 401, 402 - No evidence that any relevant actor in this case looked at the Merck Manual | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 219 | 1.1094 | Email from Peter Ernster to Edward Scolnick regarding Vioxx DTC | 401, 402 - DTC not relevant to this case | Part of marketing campaign that is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 220 | 1.1099 | Email from Alise Reicin to Edward Scolnick regarding Background Material for 4/18/00 | | | | Y or N |
| 221 | 1.1130 | Dear Doctor Letter from Jeffrey Melin | No objection, but will need to establish foundation | | | Y or N |
| 222 | 1.1132 | Excerpts from 6/29/00 sNDA | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 223 | 1.1140 | Letter to Brian Harvey from Diane Louie regarding IND 46,894 | Incomplete document. | Plaintiff will correct if image is incomplete. | | Y or N |
| 224 | 1.1141 | Email from Edward Scolnick to Douglas Greene et al regarding CV Study Design | | | | Y or N |
| 225 | 1.1144 | CSR for Protocol 088/089 (VIGOR) | | | | Y or N |
| 226 | 1.1188 | Support/Limit Statements | 401, 402 - Marketing training document for speciality sales reps. | Highly relevant. Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana. Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a | | Y or N |
| 227 | 1.1198 | Memo from L. R. Mandel to Licensing Management Committee Members regarding the agenda for 3/30/00 meeting | | | | Y or N |
| 228 | 1.1219 | Memo of Type A Face to Face Meeting of NDA 21-042 | 401, 402 - discussions regarding possible reintorduction of Vioxx to market not relevant | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 229 | 1.1227 | 2003 Year-End Review for Alise Reicin | 401, 402 | Document is relevant to case. | | Y or N |
| 230 | 1.1227 | 2003 Year-End Review for Alise Reicin | 401, 402 | Document is relevant to case. | | Y or N |
| 231 | 1.1234 | FDA Medical Officer Review for NDA 21-042 and NDA 21-052 | | | | Y or N |
| 232 | 1.1245 | VIGOR/RA SNDA Reviews: Response to Merck's Complete Response to Approvable Letter | 401, 402, 801 - draft unexecuted response not relevant, hearsay | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. . Admissible in Barnett, Merck did not object. | | Y or N |
| 233 | 1.1249 | Email from Christopher Lines to Eric Yuen regarding Vioxx Prot 078 Paper. | | | | Y or N |
| 234 | 1.1256 | Version 2 Standby Statement 0 Vioxx and Cardiovascular Events in VIGOR | 401, 402 - Press releases are not relevant, no evidence seen or relied upon by relevant actors. | Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana. | | Y or N |
| 235 | 1.1328 | Excerpt from "Drug Regulations: The Essentials, Medical Background" | 801 - Document is a summary of FDA regulations. | Admitted in Barnett. Learned treatise. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 236 | 1.1344 | Letter from Claire Bombardier to Robert Utiger Re: Manuscript Entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events | | | | Y or N |
| 237 | 1.1346 | Letter from Claire Bombardier to Robert Steinbrook Re: Manuscript Entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events | 401, 402, 801, 802 - Letter contains hearsay statements by Non-Merck personnel | Document is relevant to case. Found admissible in Barnett, offered to show knowledge of Bombardier and Reicin of additional heart attacks that they failed to disclose. | | Y or N |
| 238 | 1.1347 | Draft of article entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: the VIGOR Trial" | 401, 402, 801, 802 - Draft version of learned treatise is inadmissible hearsay. | Document is relevant to case. Found admissible in Barnett. Merck did not object. Article not offered for truth but to show failure pattern of failure to disclose. | | Y or N |
| 239 | 1.1348 | Screen Print of a document entitled "NEJM-VIGOR-final.doc" | Document is incomplete | Screen print is a separate document, offered only to show deleted portions of manuscript that is also offered into evidence under separate listing. | | Y or N |
| 240 | 1.1351 | Letter from Claire Bombardier to Marshall Kaplan, Associate Editor of NEJM, responding to his June 30th letter | 801, 802 - Contains hearsay comments of non-Merck personnel, further as Merck was denied the opportunity to depose peer reviewers, their hearsay comments should not be admitted into evidence | Found in admissible in Barnett. Merck did not object. | | Y or N |
| 241 | 1.1357 | Email from John Baron to Jeff Drazen Re: Approve cardiovascular | 401, 402, 801, 802 - Irrelevant and contains inadmissible hearsay. | Document is relevant to case. Not offered to show truth of matters asserted but to show the state of the manuscript when submitted. | | Y or N |
| 242 | 1.1358 | Letter from Gregory Curfman to John Baron Re: his manuscript entitled "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Adenoma Chemoprevention Trial" | 401, 402, 801, 802 - Irrelevant and contains inadmissible hearsay. | Admitted in Irvin II. Document is relevant to this case for same reasons. Not hearsay, not offered for truth of matter asserted. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 243 | 1.1363 | Investigator - Reported Cardiovascular Events | Incomplete document | Document is complete exhibit from deposition of Dr. Curfman. | | Y or N |
| 244 | 1.1394 | Email from Deborah Shapiro to David Bjorkman, et al. Re: Merck Management Requests to VIGOR DSMB" | 401, 402, 602, 801, 802 - No foundation for using this with a witness (like Dr. Curfman) who never saw it before. Also contains hearsay from non-Merck personnel. | Document is relevant to case.  Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. Not hearsay under 801(d)(2)(A), also falls under exception 803(6). | | Y or N |
| 245 | 1.1397 | Email from Linda Nelsen to Alise Reicin Re: Adjudication results for 11 events after 2/10/00 | 602 - Foundation objection if used with a witness (like Dr. Curfman) who has never seen it before. | Objection is premature. | | Y or N |
| 246 | 1.1437 | Email from Edward Scolnick to Douglas Greene, et al., Re: VIGOR ADV Meeting | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 247 | 1.1444 | Email from Laura Demopoulos to Peter M. DiBattiste Re: Follow up to Meeting with Eric Topol | | | | Y or N |
| 248 | 1.1446 | Email from Alan Nies to Laura Demopoulos, et al. Re: Topol Manuscript" | 801, 802. Hearsay and learned treatises are not admissible. Also 602 for the email on the first page since Topol has never seen it before. | Email is an admission under 801(d)(2)(A). | | Y or N |
| 249 | 1.1468 | Dr. Topol's Analysis of CV Events in Study 090 | Not evidence - demonstrative | Admissible in Barnett, without objection from Merck. | | Y or N |
| 250 | 1.1484 | Email from Susan Baumgartner to Tracy Mills Re: JAMA Review | | | | Y or N |
| 251 | 1.1485 | Email from Charlotte McKines to Susan Baumgartner Re: Background - Dr. Andrew Whelton | 401, 402. Irrelevant because not related to any of the relevant actors in the case. | Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 252 | 1.1486 | Email from Gregory Bell to Sandra Reiss, et al, Re: Belgium and Dr. Sigh's Position on VIGOR" | 401, 402, 801, 802 - The e-mail contains hearsay from non-Merck personnel. Also irrelevant as Dr. Singh is entirely unrelated to this case. | Document is relevant to case, shows pattern and practice to affect public understanding of Vioxx risks. Admission under 801(d)(2)(A).  Falls under exception 803(6). |  | Y or N |
| 253 | 1.1488 | The Merck Code of Conduct, http://www.merck.com/about/conduct_print.html" |  |  |  | Y or N |
| 254 | 1.1522 | Memo from Juan Pelayo to Sandra Cook Re: Consultation NDA 21-042 - Review of Cardiovascular and Renal Safety database | 801 | 803(6). |  | Y or N |
| 255 | 1.1530 | Email from Jim Dunn to Linda Coppola Re: New crop of arthritis drugs under safety cloud | 801, 802, 803 - News article included in e-mail | Admission under 801(d)(2)(A), and falls under business record exception 803(6). |  | Y or N |
| 256 | 1.1534 | Operations Review A&A Franchise Slides | 401, 402 | Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. |  | Y or N |
| 257 | 1.1555 | Handwritten notes of Jo Jerman | 401, 402 - Marketing is irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. |  | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 258 | 1.1556 | Email from Thomas Cannell to Mary Tilger, et al. Re: GI Risks Slim Jim | 401, 402 - Marketing is irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y  or  N |
| 259 | 1.1570 | Email from Dunn to Shaffer re: project offense | 401, 402 - Marketing is irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y  or  N |
| 260 | 1.1577 | Email from Robinson to Dunn, Lindstrom, Cannell, Krahe, Herrera, Randall re: WE RBG CFT Feedback/Needs on JAMA Article | 401, 402, 801, 802 - Irrelevant and contains inadmissible hearsay. | Document is relevant to case.  Admission under 801(d)(2)(A), and falls under business record exception 803(6). | | Y  or  N |
| 261 | 1.1582 | Email to Carroll from Hinckley re: 4 main components of Vioxx message.  Subject:  FYI and Notes for Vioxx meeting. | 401, 402 - Marketing is irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y  or  N |
| 262 | 1.1615 | Email from Alise Reicin to Thomas Bold et al., Re: MI Risk-short term use of rofecoxib" | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y  or  N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 263 | 1.1676 | Screen Print of Page 16 of Manuscript with Notes of Deleted Items (Curfman Deposition Exhibit #15) | Incomplete document. Cannot be used with witness (like Curfman) who lacks foundation. | Document is not incomplete but intended to show as a separate document the deleted Mis from the VIGOR article, which is also offered into evidence under separate listing. The "print screen" mechanism is necessary and the only way to show data that was present during the | | Y or N |
| 264 | 1.1681 | Letter from Dr. Claire Bombardier to Dr. Robert Steinbrook Regarding Additional Changes to Manuscript (Curfman Deposition Exhibit #21) | 801, 802 | Found admissible in Barnett. Not offered to show truth of matter asserted, but to show article was not finalized as of August 30, 2000. | | Y or N |
| 265 | 1.1686 | Page C-27, Figure C-2 of Comparison of Rofecoxib , A Highly Selective-Inhibitor of Cox-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events:  The VIGOR Trial" (Curfman Deposition Exhibit #27) | 601, 801, 802 - Incomplete document.  Cannot be used with witness (like Curfman) who lacks foundation. | Admission under 801(d)(2)(A) and exception as business record under 803(6). | | Y or N |
| 266 | 1.1691 | Email from Hui Quan to Christopher Lines, et al. RE: APPROVe-Urgent (Curfman Deposition Exhibit #34) | 401, 402, 602, 801, 802 - No foundation for using this with a witness (like Dr. Curfman) who never saw it before. Also contains hearsay from non-Merck personnel. Irrelevant | Document is relevant to case. Admission under 801(d)(2)(A) and exception as public record under 803(6).  Admissible in Barnett. | | Y or N |
| 267 | 1.1703 | Topol Handwritten Notes - Knowledge, what/when (Topol Deposition Exhibit #22) | 401, 402, 801, 802 - Topol's handwirtten notes are hearsay.  Also irrelevant since Topol's notes makes claims about what Merck knew, ways he believes Merck engaged in deception and suppressed data. | Document is relevant to case.  Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. Admissible with testimony from author, Topol. | | Y or N |
| 268 | 1.1711 | Merck Year-End Employee Input Form - Susan Baumgartner 2001 (Ex 1 Baumgartner Deposition 2/25/05) | 401, 402 - Baumgartner personnel records are irrelevant | Document is relevant to case. | | Y or N |
| 269 | 1.1717 | Email - To Sherrin Johnson; From Baumgartner; cc: Yarbrough; Re: Physicians to Neutralize [Ex 21 Baumgartner Deposition 2/25/05] | 401, 402, 801, 802 - These e-mails do not releate to any relevant actor and contain inadmissible hearsay. | Document is relevant to case. Efforts to neutralize doctors are part of marketing efforts that demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Admission under 801(d)(2)(A) and exception as public record under 803(6). | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 270 | 1.1718 | Email- cover to list, To Sherrin Johnson; From Baumgartner; cc: Yarbrough; Re: Physicians to Neutralize (Ex 25 Baumgartner Deposition 2/25/05) | 401, 402 | Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 271 | 1.1729 | Includes Mention of Cannuscio 'Relationship Between Selective Cyclooxygenase-2 Inhibitors and Acute Myocardial Infarction in Older Adults by Daniel Solomon, et al., Circulation, Pg. 2068-2073 [Ex 7 Cannuscio depo 10/08/04] | 401, 402, 801, 802 - hearsay, and learned treatises are not admissible | Document is relevant to case. Not offered for truth of matter asserted but to show change in authorship. | | Y or N |
| 272 | 1.1735 | Merck Performance Review Form, Mary Elizabeth Basaman, (Blake) [Ex 2 Blake Deposition 11/29/05] | 401, 402 | Admitted in Barnett. Document is relevant to this case for same reasons. | | Y or N |
| 273 | 1.1790 | Vioxx Going on OFFENSE  (Ex. 20 to Dixon depo 1/19/05) | 401, 402 - Marketing and sales irrelevant | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marektng materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 274 | 1.1833 | Results of Label Message Test for VIGOR | 401, 402 | Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 275 | 1.1889 | Raw footage of the filming of Video News Releases (mulitiple DVDs) | No exhibit provided - likely 801, 802 | Admitted in Barnett. Footage includes statements that are admissions under 801(d)(12)(A).  Shows knowledge that Vioxx is prothrombotic and that statements regarding GI deaths and hospitalization made by Merck were untrue. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 276 | 1.1890 | Email from Robert Bresalier to Christopher Lines re: APPROVe cardiovascular with attached draft of "Cardiovascular Events Associated with Rofecoxib in a 3-year Randomized Colorectal Adenoma Chemoprevention Trial" | 401, 402, 801, 802 - hearsay by non-Merck personnel, and learned treatises are not admissible | Document is relevant to case.  Not offered for truth of matter asserted but to show Merck pattern of conduct. Further, statements by Merck personnel in email exchange are 803(6).  Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 277 | 1.1892 | Confidential Memorandum of Invention | Privileged document - If it is "de-privileged", defense counsel will need to review. No exhibit provided | | | Y or N |
| 278 | 1.1893 | FDA News:  "FDA Issues Public Health Advisory on Vioxx as its Manufacturer Voluntarily Withdraws the Product" | 801, 802 | Hearsay exception 803(8). | | Y or N |
| 279 | 1.1896 | Summary of Prepared Testimony of Raymond Gilmartin before the United States Committee on Finance and the Prepared Testimony of Raymond Gilmartin before the United States Committee on Finance | 801, 802 | 803(6); public record admissible in Barnett and not objected to by Merck. | | Y or N |
| 280 | 1.1898 | Email string ending from Thomas Simon to Barry Gertz re:  CE Event Counts | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 281 | 1.1901 | Email from James Bolognese to Elliot Ehrich, et al. re:  MK-0966 serious CV AE info | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 282 | 1.1902 | Slide presentation of Preliminary Cardiovascular Safety Data from the APPROVe Study by Robert Bresalier, et al. | 801 - Hearsay statement of non-Merck witness, 601 | Admissible in Barnett without objection from Merck, 803(6). | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 283 | 1.1903 | Email from Ned Braunstein to Alise Reicin re: task list from VP Data Review meeting | | | | Y or N |
| 284 | 1.1904 | Email from Alise Reicin to Dena Ramey re: task list from VP Data Review meeting with attachment | | | | Y or N |
| 285 | 1.1909 | Email string from David Anstice to Wendy Dixon re:  Dorothy Quantitative Results | 401, 402 | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 286 | 1.1911 | Analysis of Protocol 203 | 401, 402, 801, 802 - Marketing is irrelevant. Handwritten comments als state that they are "hearsay" and "heard 3rd hand." | Document is relevant to case. Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Lousiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. 803(6). | | Y or N |
| 287 | 1.1913 | Summary of Minutes and Table of Contents from the FDA Joint Meeting of The Arthritis Advisory Committee and The Drug Safety and Risk Management Advisory Committee | 401, 402, 801, 802 | Document is relevant to case.  Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. Hearsay exception 803(8). | | Y or N |
| 288 | 1.1917 | Q&A for Media Briefing | 401, 402 | Highly relevant.  Merck has admitted that its Vioxx promotion was a national campaign and national marekting materials from outside Louisiana were used in Louisiana.  Sales and Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. | | Y or N |
| 289 | 1.1918 | Q&A for Testimony of Ray Gilmartin before Senate Finance Committee | 401, 402, 801 - Testimony of Merck executive before Finance committee is Hearsay | Document is relevant to case. Admissible in Barnett, Merck did not object on hearsay grounds. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 290 | 1.1919 | Powerpoint Slide of Effects of NSAIDs on Thromboxane and Prostacyclin (Exhibit 51 Peter Kim deposition) | 801 - Hearsay statement of non-Merck witness, 601 - No foundation or personal knowledge if used with Kim | 803(6). Admissible in Barnett, Merck did not object on hearsay. Foundation objection is premature. | | Y or N |
| 291 | 1.1920 | Email from Deborah Shapiro to Alise Reicin re: VIGOR analysis of death by age group | | | | Y or N |
| 292 | 10-12-09 Bearden Depo Ex. 1 | 1-page copy of document entitled "Executive, March 2003," plus attachments, LaAG-VIOXX 005629 - LaAG-VIOXX 005630, LaAG-VIOXX005713 - LaAG-VIOXX 005714 | | | | Y or N |
| 293 | 10-12-09 Bearden Depo Ex. 10 | 33-page copy of document dated 3/18/04 entitled "Louisiana Medicaid PDL Program Overview & Results" | | | | Y or N |
| 294 | 10-12-09 Bearden Depo Ex. 2 | 8-page copy of document entitled "Westlaw" | Legislative statute - not admissible. | Historical statutes are admissible | | Y or N |
| 295 | 10-12-09 Bearden Depo Ex. 24 | 15-page copy of document dated 8/11/04 entitled "Louisiana Department of Health and Hospitals, Medicaid Pharmaceutical and Therapeutics Committee Meeting," plus attachments,  LaAG-VIOXX-002775 - LaAG-VIOXX-002798 | | | | Y or N |
| 296 | 10-12-09 Bearden Depo Ex. 25 | 300-page copy of document dated 8/11/04 entitled "Transcript of Testimony of Hearing of the  Medicaid Pharmaceutical and Therapeutics Committee,"  LaAG-VIOXX-000640 - LaAG-VIOXX-000733 | | | | Y or N |
| 297 | 10-12-09 Bearden Depo Ex. 26 | 1-page copy of document dated 4/25/02 entitled "Fax," plus  attachments, MRK-AGLAAB0000402-MRK-AGLAAB0000418 | | | | Y or N |
| 298 | 10-12-09 Bearden Depo Ex. 6 | 3-page copy of document dated 7/1/02 entitled "Agreement Between State of Louisiana Department of Health and Hospitals, Bureau of Health Services Financing and The  University of Louisiana, College of Pharmacy, Office of Student and Professional Affairs," plus attachments, LaAG-VIOXX-002899 - LaAG-VIOXX-002916 | | | | Y or N |
| 299 | 10-12-09 Bearden Depo Ex. 7 | 1-page copy of E-mail dated 2/13/04 to M. J. Terrebonne Melwyn Wendt and Rachel Broussard  from Amy Ponti, plus attachments, LaAG-VIOXX-003803 - LaAG-VIOXX-003810 | | | | Y or N |
| 300 | 10-22-09 Jacques Depo Ex. 10 | E-mail chain ending from Terri Lee Bates MRK-MEE 0008686 - 8688 | 401, 402 - Document only relevant to sales activites post-withdrawal and therefore not for Vioxx | Highly relevant. Email by Merck employees discussing "Upcoming LA Medicaid P&T review" and supports Plaintiff allegations that Merck had a policy of actively targeting LA DHH P&T members pre & post Vioxx withdrawal. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 301 | 10-22-09 Jacques Depo Ex. 2 | Customer Profile Updated 8/25/03, Bates MRK-AGLAAD 0000706 - 712 | 401, 402 | Highly relevant. Customer profile document prepared by Holly Jacques (Merck employee) that outlines key contacts like David Hood, MJ Terrebonne, Vince Culotta and discusses LA Medicaid program, structure of P&T committtee, current status of Merck products including Vioxx, and Merck strategy & tactics like "unrestricted access for key merck products" and "continue to develop product advocates with Medicaid P&T and DUR committee members." Document goes to heart of Plaintiffs claim that Merck intentionally targeted LA DHH members and failed to fully disclose material information regarding Vioxx. | | Y or N |
| 302 | 10-22-09 Jacques Depo Ex. 3 | Memo from Holly Jacques, Bates MRK-EAWX 0095117 - 95119 | 401, 402 | Highly relevant. Memo from Holly Jacques (Merck) regarding LA Medicaid P&T committee meeting. Discusses structure of the committee, product review criteria, submission requirements, review process and the next P&T meeting. Merck to create team to develop clinical submission and businesss proposal. The memo goes to Plaintiffs claim that Merck was aware of structure of LA DHH P&T meetings and faiiled to disclose material information regarding Vioxx in the clinical submissions. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 303 | 10-22-09 Jacques Depo Ex. 4 | Memo from Holly Jacques, Bates MRK-EBES 0031261 - 31263 | 401, 402 | Highly relevant. Memo from Holly Jacques (Merck) regarding upcoming LA DHH P&T meeting on 1-9-02. Memo states the ULM based recommendations on indications, efficacy, drug interactions, tolerability, etc and "price" was not considered. Memo addresses Merck claim that price was the primary factor the P&T committee took into consideration for including Vioxx on the PDL. | | Y or N |
| 304 | 10-22-09 Jacques Depo Ex. 5 | Memo from Holly Jacques, Bates MRK-EBES 0031271 - 31275 | | | | Y or N |
| 305 | 10-22-09 Jacques Depo Ex. 6 | Summary of Meeting with Mary Ogle and Dr. Biglane and Holly, Bates MRK-MEH0006703 - 6706 | | | | Y or N |
| 306 | 10-22-09 Jacques Depo Ex. 9 | E-mail chain ending from Holly Jacques Bates MRK-MEE 0008680 - 8681 | 401, 402 | Highly relevant. Email from Holly Jacques to Doug Welch (both Merck employees) discussing La Medicaid P&T committee members. Email states "have placed an asterick next to the names of P&T members that are the most vocal during meetings." Supports Plaintiffs claims that Merck targeted P&T members and had a policy in place to persuade the most vocal members to include Vioxx on PDL. | | Y or N |
| 307 | 10-26-09 Lepore Depo Ex. 4 | E-mail chain, Bates MRK-EBER0058833 - 58835 | 401, 402, 901 - document contains electronic highlighting not in its original form. | Relevant. Email from 2003 to Wendy Lepore (Merck) addressing financial impact estimates on increasing supplemental authority for Vioxx in LA. By increasing rebate level, Merck continued campaign to promote and sell as much Vioxx in LA as possible. | | Y or N |
| 308 | 10-26-09 Lepore Depo Ex. 5 | Illinois and Louisiana Medicaid Coxib Class Bates MRK-EBER0030116 - 30120 | 401, 402 | Relevant. Market share graph of Coxhib Class for LA medicaid for December 2002. Includes Vioxx and Celebrex comparison | | Y or N |
| 309 | 10-28-2009 Biglane Depo Ex. 15 | Medicaid pharmaceutical & Therapeutics Committee Hearing Transcript, May 8, 2002 | No objection  (provided official dep exhibit is used and not counsel's copy which was the provided exhibit image) | Official dep exhibit will be used | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 310 | 10-28-2009 Biglane Depo Ex. 16 | Letter, dated May 24, 2002 | No objection (provided official dep exhibit is used and not counsel's copy which was the provided exhibit image) | Official dep exhibit will be used | | Y or N |
| 311 | 10-28-2009 Biglane Depo Ex. 2 | Contract, Dated July 1, 2003, LaAG-VIOXX-002917 | No objection (provided official dep exhibit is used and not counsel's copy which was the provided exhibit image) | Official dep exhibit will be used | | Y or N |
| 312 | 10-28-2009 Biglane Depo Ex. 21 | Letter, dated June 10, 2003 | No objection (provided official dep exhibit is used and not counsel's copy which was the provided exhibit image) | Official dep exhibit will be used | | Y or N |
| 313 | 10-28-2009 Biglane Depo Ex. 5 | Medicaid Pharmaceutical and Therapeutics Committee Meeting, September 5, 2001 Document | No objection (provided official dep exhibit is used and not counsel's copy which was the provided exhibit image) | Official dep exhibit will be used | | Y or N |
| 314 | 10-28-2009 Biglane Depo Ex. 7 | Medicaid Pharmaceutical & Therapeutics Committee Hearing | 801, 802 - Also exhibit image provided is not official dep. exhibit. | Official dep exhibit will be used. Document is not hearsay as multiple fact witnesses were present at this LDHH P&T committee meeting | | Y or N |
| 315 | 10-28-2009 Biglane Depo Ex. 8 | Memo, dated November 16, 2001 | 403 - nearly identical to Jacques Depo. Ex. 6, also image is no official dep. exhibit but instead is counsel's copy | Not identical. Official dep exhibit will be used | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 316 | 10-30-09 Welch Depo Ex. 13 | E-mail from Jacqueline Devone | 401, 402 | Highly relevant. Merck memo titled "Action Required: Vioxx Medicaid Plan. Team action plan to increase market share of vioxxby bringing the efficacy message and positive formulary position to our targeted physicians. Directs team to utilize approved resources, reprints, detail aids, managed care formulary card and the new 1S04 Vioxx card to deliver message for vioxx to LA. Supports Plaintiffs claim that Merck sought to increase Vioxx market share in LA medicaid but failed to fully disclose risks associated with Vioxx when it delivered reprints, detail aids and vioxx card to LA physicians and LA DHH P&T members. | | Y or N |
| 317 | 10-30-09 Welch Depo Ex. 16 | Pull-through performance expectations Bates MRK-AGLAAF 0001090 - 1094 | 401, 402 | Highly relevant. Merck memo requesting pull through messages for Vioxx at LA medicaid given the favorable formulary status and increasing market share by 6 share points. Memo shows overall plan of Merck to increase Vioxx use in LA with pre-planned messaging. | | Y or N |
| 318 | 10-30-09 Welch Depo Ex. 17 | E-mail chain ending from Michael Peoples, Bates MRK-AGLAAF 0002000 - 2001 | 401, 402 | Highly relevant. Merck email titled LA Medicaid Region Plan and requests team for a call to action within Merck approved contacts with Medicaid P&T members to deliver clinical messages. Specifically "target P&T members with call decks" and advocate for upcoming P&T review. Email goes to heart of Plaintiffs claim that Merck targeted LA DHH P&T members with call decks and clinical messages that did not fully disclose the material risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 319 | 10-30-09 Welch Depo Ex. 19 | E-mail chain ending from Michael Peoples Bates MRK-AGLAAF 0002195 - 2197 | 401, 402 | Highly relevant. Merck email for updated P&T related activities presentation. "Remember the vote is August 11 and as we discussed, we need to have sense of urgency as we call on our Medicaid flagged physicians and P&T members to follow through on our Medicaid Action plan. Deliver messages on CV data, which Plaintiffs claims was false and misleading when presented to LA DHH P&T members and medical community. | | Y or N |
| 320 | 10-30-09 Welch Depo Ex. 4 | E-mail with attachments from Michael Peoples, Bates MRK-AGLAAF0002195 - 2215 | 401, 402 | Highly relevant. Merck email with attached training plan for updated P&T related activities presentation. "We need to have sense of urgency as we call on our Medicaid flagged physicians and P&T members to follow through on our Medicaid Action plan. Deliver messages on CV data, which Plaintiffs claims was false and misleading when presented to LA DHH P&T members and medical community. | | Y or N |
| 321 | 10-30-09 Welch Depo Ex. 5 | E-mail chain, ending from Holly Jacques to Doug Welch, Bates MRK-MEE 0008678 - 8679 | 401, 402 | Relevant. Email from Jacques to Welch inquiring into the web address to obtain official list of LA DHH P&T members. Supports Plaintiffs claim that Merck intentionally targeted LA DHH P&T members. | | Y or N |
| 322 | 10-30-09 Welch Depo Ex. 6 | E-mail chain ending from Holly Jacques to Doug Welch, Bates MRK-MEE 0008680 - 8681 | 401, 402 | Relevant. Updated list of La DHH P&T members including "most vocal" members for Merck targeting. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 323 | 10-30-09 Welch Depo Ex. 8 | E-mail chain ending from Terri Lee To Doug Welch, Bates MRK-MEE0008686 - 8688 | 401, 402 - Document only relevant to sales activites post-withdrawal and therefore not for Vioxx | Relevant. Merck email addressing upcoming LA Medicaid P&T review and consistent with Merck policy, communicate directly with P&T committee members for purpose of proactively requesting member's positive consideration of Merck products. Continued support of Plaintiffs claim that Merck mislead and failed to disclose Vioxx information when communicating with LA DHH P&T members | | Y or N |
| 324 | 10-30-09 Welch Depo Ex. 9 | Proposed List of '04 SE Managed Care And Medicaid Influencers, Bates MRK-MEE 0005162 - 5177 | 401, 402 | Relevant. Merck document titled "Proposed list of of 04 SE managed care and medicaid influencers. Has listing of persons with address to contact for several states. Supports claim that Merck had a national policy of targeting P&T members with medicaid influencers. | | Y or N |
| 325 | 11-12-09 Fevurly Depo Ex. 1 | Performance Review Form, Bates MRK-AGTXAH0800000 | 401, 402 | Relevant to show Mr. Fevurly was a national account executive and played role medicaid negotiations and contracting for several states to maintain access of merck products including Vioxx on PDL. | | Y or N |
| 326 | 11-12-09 Fevurly Depo Ex. 11 | E-mail chain ending from John Harrington to Jacqueline McLarty, et al, Bates MRK-AGLAAD 0009918 - 9919 | 401, 402 - Sales data are irrelevant | Relevant. Merck email discussing 2002 impact of Vioxx on PDL for Medicaid sales in LA. | | Y or N |
| 327 | 11-12-09 Fevurly Depo Ex. 13 | E-mail from John Fevurly to Michael Kelly Bates MRK-EBBL 0056856 | 401, 402 | Relevant. Email from Fevurly discussing 9 steps to MC pull through for LA medicaid tactical plan with Merck employee, Warren Lambert. | | Y or N |
| 328 | 11-12-09 Fevurly Depo Ex. 15 | PIR, Bates MRK-AGTXAH 0000030 | | | | Y or N |
| 329 | 11-12-09 Fevurly Depo Ex. 16 | Letter to Dr. Taylor from Dr. Christiane Arsever, Bates MRK-AKT 1456746 - 1456765 | | | | Y or N |
| 330 | 11-12-09 Fevurly Depo Ex. 19 | PIR, Bates MRK-AGTXAH 0001342, 1341 | | | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 331 | 11-12-09 Fevurly Depo Ex. 6 | E-mail from Mary Ogle to Michael Davis Bates MRK-EBDE 0067336 - 67345 | 401, 402 | Highly relevant. Merck email from Ogle with attached State customer profile LA medicaid 1-31-03 revised. Identifies LA DHH P&T members, key contacts, overview of medicaid program and supports Plaintiff claims that Merck had a policy in place to target LA DHH P&T members and strategy to ensure favorable PDL listing for vioxx but failed to disclose all material risks. | | Y or N |
| 332 | 11-12-09 Fevurly Depo Ex. 7 | E-mail from Holly Jacques to Allan Goldberg, Bates MRK-MEH 0016614 | | | | Y or N |
| 333 | 11-18-09 Shearer Depo Ex. 9 | E-mail string, Bates MRK-AGLAAB0000393-396 | 401, 402 | Highly relevant. Merck email discussing LA medicaid and merck strategies with Provider Synergies. Includes comments regarding LA P&T process and whether conflict of interest exist with Provider Synergies. Fran Kaiser to travel with Holly Jacques to LA with hope of setting some clinical issues straight with legislators. Email is relevant to Plaintiffs claim that Merck worked with Provider Synergies, attended P&T meetings, and met with legislators in attempt to promote Vioxx without disclosing material information. | | Y or N |
| 334 | 11-5-09 Goldberg Depo Ex. 3 | E-mail string, Bates 131 MRK-MEH0015871 – 15873 | | | | Y or N |
| 335 | 11-5-09 Goldberg Depo Ex. 4 | E-mail string, Bates 146 MRK-AGLAAG0015905 – 15920 | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 336 | 11-5-09 Goldberg Depo Ex. 5 | E-mail string with 152 attachment, Bates MRK AGLAAB0000353 – 372 | Object to the attachment only as 401, 402. | Attachment is highly relevant. Outlines the LA state medicaid roles and responsibilities for different department and figure heads including the role of LA P&T committee members and DUR chair along with Merck contacts who meet with key persons to address product issues and deliver information. Attachment supports Plaintiff claim that Merck had policy in place to target LA DHH P&T members and DUR chairs to deliver information regarding Vioxx but failed to fully inform. | | Y or N |
| 337 | 11-5-09 Goldberg Depo Ex. 8 | E-mail string, Bates 178 MRK-MEH0016615 – 16616 | | | | Y or N |
| 338 | 11-9-09 Terrebonne Depo Ex. 16 | 17-page copy of e-mail from Geralyn Stockstill to Rachel Broussard, Jennifer Ducote, Travis Fabre, Amanda Fornea, et al. dated 7-11-03, with attachments, LaAG-VIOXX 003469 - LaAG-VIOXX003485 | | | | Y or N |
| 339 | 11-9-09 Terrebonne Depo Ex. 17 | 12-page copy of letter to M.J. Terrebonne from Chris Chapman dated 7-15-03, with attachments, LaAG-VIOXX-003212 - LaAG-VIOXX-003223 | | | | Y or N |
| 340 | 11-9-09 Terrebonne Depo Ex. 23 | 23-page copy of E-mail from M.J. Terrebonne to Amy Ponti, Melwyn Wendt, Rachel Broussard dated 9-30-04, with attachments, LaAG-VIOXX 003-3226 - LaAG-VIOXX003348 | Exhibit was not provided - likely 401, 402 | Exhibit not provided by court reporter in official transcript. Counsel's copy will be submitted and official copy requested from court reporter | | Y or N |
| 341 | 11-9-09 Terrebonne Depo Ex. 24 | 8-page copy of document from The New England Journal of Medicine dated 11-18-04 entitled "Medicaid Prior Authorization Programs and the Use of Cyclooxygenase-2 Inhibitors" | 801 - Learned treatise | properly admissible 803(18) learned treatise | | Y or N |
| 342 | 11-9-09 Terrebonne Depo Ex. 25 | 6-page copy of document entitled "DUR Board minutes" dated 1-26-05 | 401, 402 | Document is very relevant to show LDHH could and did change PDL status and impose prospective DUR edits on Cox-II inhibitors/NSAIDS in response to new safety information | | Y or N |
| 343 | 11-9-09 Terrebonne Depo Ex. 26 | 5-page copy of E-mail from Thomas Greene to M.J. Terrebonne dated 5-2-05, with attachments, LaAG-VIOXX-007024 - LaAG-VIOXX-007028 | 401, 402, 801, 802 | Document is very relevant to show LDHH could and did change PDL status and impose prospective DUR edits on Cox-II inhibitors/NSAIDS in response to new safety information | | Y or N |
| 344 | 11-9-09 Terrebonne Depo Ex. 28 | 24-page copy of document entitled "COX2 Inhibitors 032003," LaAG-VIOXX-003114 - LaAG-VIOXX-003136 | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 345 | 11-9-09 Terrebonne Depo Ex. 3 | 8-page copy of document dated 11-7-01 entitled "Louisiana Department of Health and Hospitals Medicaid Pharmaceutical and Therapeutics Committee Meeting," LaAG-VIOXX-0024446 - LaAG-VIOXX-002453 | | | | Y or N |
| 346 | 11-9-09 Terrebonne Depo Ex. 6 | 13-page copy of E-mail from Eddy Myers to Amy Ponti, with attachments, LaAG-VIOXX-003789 - LaAG-VIOXX-003801 | | | | Y or N |
| 347 | 12-10-2009 Castille Depo Ex. 1 | 40-page copy of document entitled  "Louisiana Medicaid Annual Report 2002-2003" | | | | Y or N |
| 348 | 12-10-2009 Castille Depo Ex. 11 | 21-page copy of document entitled "Agreement Between State of Louisiana Department  of Health and Hospitals Bureau of Health Services Financing and Provider Synergies," effective date 11-1-04,  LaAG-VIOXX-002868 - LaAG-  VIOXX-002888 | | | | Y or N |
| 349 | 12-10-2009 Castille Depo Ex. 19 | 11-page document entitled "Risk of NSAID-Associated  Gastro-Intestinal Complications,"  VIOXX-LaAG-2009-008243 -VIOXX-LaAG-2009-008253 | | | | Y or N |
| 350 | 12-10-2009 Castille Depo Ex. 20 | 1-page copy of E-mail from Amy Ponti to M.J. Terrebonne, Melwyn Wendt and Rachel Broussard dated  2-13-04, with attachments, LaAG-VIOXX-003803 - LaAG- VIOXX-003810 | | | | Y or N |
| 351 | 12-10-2009 Castille Depo Ex. 22 | 7-page copy of letter dated 7-14-03 to Dear Prescribing Practitioners and Pharmacy  Providers from Ben Bearden LaAG-VIOXX-002333 -  LaAG-VIOXX-002339 | | | | Y or N |
| 352 | 12-10-2009 Castille Depo Ex. 23 | 12-page copy of letter to M.J.  Terrebonne from Chris Chapman  dated 7-15-03, with attachments,  LaAG-VIOXX-003212 - LaAG-VIOXX-  003223 | | | | Y or N |
| 353 | 12-10-2009 Castille Depo Ex. 25 | 77-page copy of document entitled, "Hearing of the Medicaid Pharmaceutical and Therapeutics Committee," taken 12-17-03,  LaAG-VIOXX-000460 - LaAG-VIOXX- 000536 | | | | Y or N |
| 354 | 12-10-2009 Castille Depo Ex. 28 | 103-page copy of document entitled "Transcript of the Testimony of Hearing (5-5-04), Medicaid Pharmaceutical and Therapeutics Committee Hearing," LaAG-VIOXX- 000537 - LaAG-VIOXX-000639 | | | | Y or N |
| 355 | 12-10-2009 Castille Depo Ex. 29 | 2-page letter to dated 5-7-04 to  Dear Provider Synergies from Sausan Merali, RPh LaAG-VIOXX-003153 - LaAG-VIOXX-003154 | | | | Y or N |
| 356 | 12-10-2009 Castille Depo Ex. 30 | 8-page letter dated 5-12-04 to Frederick P. Cerise from  M.J. Terrebonne Re: P&T Committee  May 5, 2004 Recommendations,  LaAG-VIOXX-000228 - LaAG-VIOXX- 000235 | | | | Y or N |
| 357 | 12-10-2009 Castille Depo Ex. 32 | 20-page copy of document dated effective date 11-1-08, entitled "Preferred Drug List/Prior Authorization List" from Louisiana Medicaid | | | | Y or N |
| 358 | 12-10-2009 Castille Depo Ex. 33 | 9-page copy of letter dated 9-17-04 to Dear Pharmacy Provider from Ben Bearden, with attachments,  LaAG-VIOXX-002404 - LaAG-VIOXX- 002420 | | | | Y or N |
| 359 | 12-10-2009 Castille Depo Ex. 5 | 48-page copy of document dated 9-4-02 entitled "Louisiana Department of Health and  Hospitals Medicaid Pharmaceutical  and Therapeutics Committee  Meeting" | | | | Y or N |
| 360 | 12-10-2009 Castille Depo Ex. 7 | 26-page copy of document dated 11-7-01 entitled "Louisiana  Department of Health and  Hospitals Medicaid Pharmaceutical  and Therapeutics Committee Meeting," 00000194 - 00000219 | | | | Y or N |
| 361 | 12-14-09 Wendt Depo Ex. 10 | 5-page copy of E-mail from Thomas Greene to M.J. Terrebonne  dated 5-2-05, LaAG-VIOXX-007024 - LaAG-VIOXX-007028 | | | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 362 | 12-14-09 Wendt Depo Ex. 13 | 12-page copy of letter to M.J. Terrebonne from Chris Chapman dated 7-15-03, with attachments, LaAG-VIOXX-003212 - LaAG-VIOXX- 003223 | | | | Y or N |
| 363 | 12-14-09 Wendt Depo Ex. 14 | 2-page copy of letter dated 3-1-05 to Dear Prescribing Practitioner from Frederick P. Cerise, M.D., LaAG-VIOXX-007079 - LaAG-VIOXX-007080 | | | | Y or N |
| 364 | 12-14-09 Wendt Depo Ex. 4 | 3-page document entitled "Selective Cyclooxygenase   (COX)-2 Inhibitors, NSAIDs, Aspirin, and Myocardial Infarction" | | | | Y or N |
| 365 | 12-14-09 Wendt Depo Ex. 5 | 10-page copy of document entitled "Agreement Between State of Louisiana Department of Health and Hospitals Bureau of Health Services Financing and the University of Louisiana, College of Pharmacy, Office of Students and Professional Affairs," effective date 7-1-01, LaAG-VIOXX-002889 - LaAG-VIOXX-00298 | | | | Y or N |
| 366 | 12-14-09 Wendt Depo Ex. 6 | 1-page copy of E-mail from Amy Ponti to M.J. Terrebonne, Melwyn Wendt and Rachel Broussard dated 2-13-04, with attachments, LaAG-VIOXX-003803 - LaAG-  VIOXX-003810 | | | | Y or N |
| 367 | 12-14-09 Wendt Depo Ex. 9 | 1-page copy of E-mail from Melwyn Wendt to Melissa Dear dated 12-13-04, LaAG-VIOXX-007034 | | | | Y or N |
| 368 | 12-16-09 Ogle Depo Ex. 1 | Role of the National Account Executive, Who What & Where? MRK-AGLAAF000117 through 1231 | 401, 402 | Relevant. Merck training slides for the role of national account executives and managed care market. Training module is relevant to Merck's national policy and campaing for promoting Merck products including Vioxx to medicaid markets. | | Y or N |
| 369 | 12-16-09 Ogle Depo Ex. 10 | E-mail from Howard to Anderson and others dated 6/18/02 with attachments MRK-AGLAAD0009565 through 9679 | 401, 402 | Highly relevant. Merck email (2002) Holly Jacques with LA medicaid tactical plan which includes "action required" for sales representatives and business managers for targeting medicaid physicians and "call on "P&T members to ensure placement of Vioxx on PDL. Supports Plaintiffs claims that Merck targeted P&T members with field visits, medical resources, detail aids but failed to fully disclose risks associated with Vioxx. | | Y or N |
| 370 | 12-16-09 Ogle Depo Ex. 14 | FAQ Update sent by Ranita Howard dated 8/13/02 MRK-EBBL0058982 through 984 | 401, 402 | Relevant. Merck email titled "updated Medicaid tactical plan-how to report complaints on the PA process?" Shows Merck multifaceted campaign to put pressure on LA DHH to include merck products on PDL because of potential issues with PA process. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 371 | 12-16-09 Ogle Depo Ex. 16 | E-mail from Ogle dated 1/31/03 to Davis and others with attachments MRK-AGLAAB0000288 through 295 | 401, 402 | Highly relevant. Merck email from Ogle with attached State customer profile LA medicaid 1-31-03 revised. Identifies LA DHH P&T members, key contacts, overview of medicaid program and supports Plaintiff claims that Merck had a policy in place to target LA DHH P&T members and strategy to ensure favorable PDL listing for vioxx but failed to disclose all material risks. | | Y or N |
| 372 | 12-16-09 Ogle Depo Ex. 17 | E-mail from Jacques to Ogle dated 4/3/03 with attachment MRK-AGLAAD0010034 through 37 | 401, 402 | Highly relevant. Merck email from Jacques to Ogle discussing 2003 P&T committee meeting. "In preparation for upcoming meeting, it would be helpful to have our reps touch base with members of the committee to ensure that they have the latest and greatest information on products for review: vioxx." Supports Plaintiff claims that Merck directly targeted P&T members and failed to disclose material risks associated with Vioxx. | | Y or N |
| 373 | 12-16-09 Ogle Depo Ex. 2 | Memo to Fevurly and others from Lambert dated 7/20/01, MRK-EAWX0094688 | 401, 402 | Relevant. Merck email addressing recent La medicaid changes and prior approval process - What implications will system have on Merck's interest. | | Y or N |
| 374 | 12-16-09 Ogle Depo Ex. 20 | E-mail string, MRK-AGLAAD0012178 and 179 | 401, 402 | Highly relevant. Merck email discussing push through-pull tactical plans for LA medicaid and Ogle states she works with Gov Affairs and regional medical director to "regularly call on the chief of P&T and Pharmacy Director." Supports Plaintiff claims that Merck directly targeted P&T members and failed to disclose material risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 375 | 12-16-09 Ogle Depo Ex. 21 | E-mail to Fevurly and others from Ogle dated 7/24/03 with attachment MRK-AGLAAD0020750 through 752 | 401, 402 | Highly relevant. Merck email from Ogle with La medicaid tactical plan and enhancing relationships with P&T members. Supports Plaintiff claims that Merck directly targeted P&T members and failed to disclose material risks associated with Vioxx. | | Y or N |
| 376 | 12-16-09 Ogle Depo Ex. 23 | E-mail string, MRK-AGLAAD00211829 through 1837 | 401, 402 | Highly relevant. Merck email from Ogle with attached State customer profile LA medicaid updated 9-25-03. Identifies LA DHH P&T members, key contacts, overview of medicaid program and supports Plaintiff claims that Merck had a policy in place to target LA P&T members. | | Y or N |
| 377 | 12-16-09 Ogle Depo Ex. 24 | E-mail string with attachment MRK-EBDE0067428 through 7435 | 401, 402 | Highly relevant. Merck email from Ogle with attached State customer profile LA medicaid updated 9-18-03. Identifies LA DHH P&T members, key contacts, overview of medicaid program and supports Plaintiff claims that Merck had a policy in place to target LA P&T members. | | Y or N |
| 378 | 12-16-09 Ogle Depo Ex. 27 | E-mail to Jacques and others from Ogle dated 12/10/03 with attachment MRK-MEC0001311 through 1315 | 401, 402 | Highly relevant. Merck email from Ogle to Jacques regarding template for Medicaid influencers that will allow members of state medicaid teams to manage key targets. Supports Plaintiff claims that Merck targeted P&T members through merck product advocates. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 379 | 12-17-09 Edwards Depo Ex. 16 | Bulletin for Vioxx, Bates MRK-MED0000417 - 419 | 401, 402.  No evidence bulletin was used by sales representative while communicating to any relevant actor. | Highly relevant. Merck bulletin for Vioxx action required: Obstacle responses on Solomon Article; continue to deliver efficacy story for Vioxx outlined in Power Ahead campaign and do not initiate discussions on this article with physicians. Bulletin is relevant to support Merck's national campaign to avoid potentially harmful discussions on Vioxx safety issues and is consistent with LA campaign directed towards LA as referenced in Merck documents directing sales force to call on LA physicians and LA DHH P&T members. | | Y  or  N |
| 380 | 12-17-09 Edwards Depo Ex. 17 | E-mail chain with attached slide presentation, BatesMRK-MED0000649 – 709 | 401, 402.  Internal Merck document -- to presentation. | Highly relevant. Merck email regarding Vioxx slide deck with previously approved information on VIGOR and RA update to label. Other Merck documents reference slide decks used for LA medicaid campaign and support Plaintiffs claim that Merck failed to fully disclose all material information for vioxx when utilizing medical literature, sales aids, slide decks, CV cards to LA DHH P&T members. | | Y  or  N |
| 381 | 12-17-09 Edwards Depo Ex. 2 | Standard Operating  Procedure Template, Bates MRK-MED0000116 – 119 | 401, 402.  Internal Merck document. | Highly relevant. Merck SOP that addresses using slide decks for external customer presentations. Supports Plaintiff claims that Merck targetted La DHH P&T members with customer presentations utilizing Merck literature for Vioxx that contained misleading and false material and did not fully disclose risks associated with Vioxx. | | Y  or  N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 382 | 12-17-09 Edwards Depo Ex. 9 | 5/14/03 e-mail, Bates MRK-EBBL0011365 | 401, 402.  Internal Merck document. | Highly relevant. Merck email with proposed notes from teleconference on LA medicaid 5/14/03. Notes include "reps will continue to call on P&T members with new products or new studies." and asks if opportunity for Ogle to present clinical info on Vioxx to LA state officials (pharmacy and medical director). Email supports Plaintiff claim that Merck targeted LA DHH P&T members with new product info and medical studies that did not fully disclose the risks associated with Vioxx. | | Y or N |
| 383 | 12-18-09 Lambert Depo Ex. 10 | 1/24/02 memo from Mr. Lambert, Bates MRK-EBES0031269 - 31270 | 401, 402, 403 (duplicate exhibit) | Highly relevant. Merck memo on LA medicaid and teleconference on developing plan to meet with key decision-makers to educate on Merck's products and to contact each P&T member to make sure they are fully aware of benefits and features of products up for review which include Vioxx. Supports Plaintiff claims that Merck targeted La DHH P&T members and did not fully disclose risks associated with Vioxx. Defendant does not reference citation for duplicate exhibit and should not be considered cumulative. | | Y or N |
| 384 | 12-18-09 Lambert Depo Ex. 14 | E-mail string, Bates MRK-APZ0001774 - 1776 | 401, 402 | Highly relevant. Merck email regarding La medicaid and plan for conacting Provider Synergies with Vioxx info. Supports Plaintiff claims that Merck had a policy for LA medicaid and provided information to PS but failed to disclose all material risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 385 | 12-18-09 Lambert Depo Ex. 15 | Medicaid Blitz Initiative, Bates MRK-EBES0031283 - 31285 | 401, 402 | Highly relevant. Merck document titled Medicaid blitz strategy and reinforces Merck policy on targeting LA physicians and LA DHH P&T members for favorable placement of Vioxx on formulary. | | Y or N |
| 386 | 12-18-09 Lambert Depo Ex. 17 | E-mail string, Bates MRK-APZ0004543 - 4545 | 401, 402, includes 801 hearsay newspaper article. | Relevant. Merck email discussing new medicaid program with PA and PDL process and stressing sales teams to promote Merck products heavily. Email is a business record that falls within 803(6) hearsay exception. | | Y or N |
| 387 | 12-18-09 Lambert Depo Ex. 20 | E-mail string with attached PDL Gross Sales Analysis Louisiana Medicaid, Bates MRK-AGLAAD0009918 - 9942 | 401, 402 | Relevant. Merck email on Louisiana Medicaid and contains slide presentation by Lambert for measurig the impact of PDL on vioxx. Relevant to show impact of PDL system and Merck's campaign to ensure most favorable placement of Vioxx on forumulary with least restrictions to maintain sales goals. | | Y or N |
| 388 | 12-18-09 Lambert Depo Ex. 21 | Business Review for the ArkLaTex Region Prepared for Mike McClintock Bates MRK-EBES0071780 - 71784 | 401, 402 | Relevant. Merck business review for LA region including market share info and performance review of merck personnel and the promotion of Vioxx in LA medicaid system. Supports Plaintiff claims that Merck had a LA policy in place consistent with national campaign to promote Vioxx in LA. | | Y or N |
| 389 | 12-18-09 Lambert Depo Ex. 22 | E-mail string with attached Medicaid Pharmaceutical & Therapeutics Committee Bates MRK-AGLAAD0010034 - 10037 | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 390 | 12-18-09 Lambert Depo Ex. 23 | E-mail string with attached Louisiana Medicaid Data through July '03, Bates MRK-AGLAAD0015844 - 15850 | 401, 402 | Relevant. Merck document with La Medicaid data on Coxhib trends and vioxx and subsequent email from Merck employee on convincing physicians to replace Celebrex with Vioxx. Relevant to plaintiffs claim that Merck promoted Vioxx to ensure placement on La medicaid PDL but failed to disclose all material risks assoicated with Vioxx. | | Y or N |
| 391 | 12-18-09 Lambert Depo Ex. 28 | E-mail string, Bates MRK-AGLAAF0002000 - 2001 | 401, 402 | Highly relevant. Merck email on LA Medicaid Region plan and getting the clinical message out for Vioxx. Target P&T members with call decks and call to action relating to potential P&T advocacy for upcoming medical review. Supports Plaintiff claims that Merck targeted P&T members with vioxx messages but failed to disclose material risks. | | Y or N |
| 392 | 12-18-09 Lambert Depo Ex. 29 | E-mail string with attached P & T Related Activities slide presentation, Bates MRK-AGLAAF0002195 - 2215 | 401, 402 | Highly relevant. Merck email on updated P&T related activities presentation-includes training slides on P&T activities and delivering Vioxx message. Continued support for Plaintiff claims that Merck targeted and mislead P&T members with inaccurate clinical information for Vioxx. | | Y or N |
| 393 | 12-18-09 Lambert Depo Ex. 3 | ArkLaTex Region 2001 Tactical Plans, Bates MRK-EBES0000023 - 28 | 401, 402 | Highly relevant. Merck Tactical plan for vioxx: ArkLaTex Region with targeting, planning and analysis strategy for promoting vioxx by promoting efficacy and safety messages, use of CV card, and PIR to increase vioxx sales. Document is example of Merck LA specific campaign to promote vioxx by delivering safety/efficacy messages that do not fully disclose all material risks. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 394 | 12-18-09 Lambert Depo Ex. 6 | E-mail string with attached memo, Bates MRK-EAWX0094687 - 94688 | 401, 402 | Relevant. Merck email discussing changes in Medicaid prior approval process and need to understand implications for Merck products. Also discusses meeting with Hood and DHH to learn more about supplemental rebate programs in LA. | | Y or N |
| 395 | 12-18-09 Lambert Depo Ex. 7 | E-mail string, Bates MRK-MEH0006697 - 6698 | 401, 402 | Relevant. Merck email on setting up meeting with DHH to find out more information about PA program. Supports Plaintiff claims that Merck was in contact with DHH concerning all aspects of LA medicaid program and was in position to deliver merck messages to La DHH. | | Y or N |
| 396 | 12-18-09 Lambert Depo Ex. 8 | 11/9/02 memo from Mr. Lambert, Bates MRK-EBES0048579 - 48580 | 401, 402 | Relevant. Merck email on LA medicaid and merck team members for La. | | Y or N |
| 397 | 1-22-10 Leach Depo Ex. 10 | 5/17/04 Letter from Arsever to Taylor with Enclosure, LaAG-VIOXX-003290 through LaAG-VIOXX-003313 | | | | Y or N |
| 398 | 1-22-10 Leach Depo Ex. 11 | 5/24/02 Letter from Bearden toPrescribing Practitioners and Pharmacy Providers with Attachments, LaAG-VIOXX-002294 through LaAGG-VIOXX-002304 | | | | Y or N |
| 399 | 1-22-10 Leach Depo Ex. 5 | "Nonsteroidal Anti-inflammatories (NSAIDs) Review," MERCK-VIOXX-00793 through MERCK-VIOXX-00809 | | | | Y or N |
| 400 | 1-22-10 Leach Depo Ex. 6 | Pages 265-268 of JMCP "Relative Value of the NSAIDs, Including COX-2 Inhibitors and Meloxicam"Article | 801, 802 | properly admissable 803(18) learned treatise | | Y or N |
| 401 | 1-22-10 Leach Depo Ex. 7 | "Pharmacoeconomics of NSAIDs: Beyond Bleeds" Article | 801, 802 | properly admissable 803(18) learned treatise | | Y or N |
| 402 | 1-22-10 Leach Depo Ex. 8 | "A Cost Analysis of Four Benefit Strategies for Managing a Cox II Inhibitor" JMCP Article | 801, 802 | properly admissable 803(18) learned treatise | | Y or N |
| 403 | 1-22-10 Leach Depo Ex. 9 | Minutes of the 5/5/04 Louisiana Department of Health and Hospitals Medicaid Pharmaceutical and Therapeutics Committee Meeting | | | | Y or N |
| 404 | 1-29-10 Harris Depo Ex. 10 | Document titled "Cohort_Summary_Exh_D.DO" with attachments | 801 - equivalent of Expert Report | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 405 | 1-29-10 Harris Depo Ex. 11 | Document titled "LAMedicaid_Vioxx_RegVariations.log" with attachments | 401, 402 | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 406 | 1-29-10 Harris Depo Ex. 3 | Five pages of tabulations | 801 - equivalent of Expert Report | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 407 | 1-29-10 Harris Depo Ex. 4 | Document titled Documents Reviewed | 401, 402. 801, 802. Expert created document. | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 408 | 1-29-10 Harris Depo Ex. 5 | 1/22/10 e-mail with attachments | 401, 402. 801, 802. Expert created document. | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 409 | 1-29-10 Harris Depo Ex. 6 | Four pages of screen shots | 801 - equivalent of Expert Report | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 410 | 1-29-10 Harris Depo Ex. 7 | Document titled "1.  Append Harris's Data To Create 1 Database.do" with attachments | 801 - equivalent of Expert Report | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 411 | 1-29-10 Harris Depo Ex. 8 | Four pages of screen shots | 401, 402 | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 412 | 1-29-10 Harris Depo Ex. 9 | Document titled "2.  Vioxx Cohort Regressions 36 Month.do"  with attachments | 401, 402, 801 - Equivalent of expert report. | Document contains highly relevant programs, input, output and interim data that is not contained in expert report | | Y or N |
| 413 | 2-5-10 Davis Depo Ex. 1 | Personal Performance Grid, Bates MRK-AGTXAI080018-24 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex 1. Relevant. Personal performance document for Merck employee Davis with roles, responsibilites and achievements in La medicaid market. | | Y or N |
| 414 | 2-5-10 Davis Depo Ex. 16 | E-mail chain with  attachment, Bates MRK-AGTXAI0000669-72 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex. 16. Relevant. Merck email regarding PIR sent to Valerie Taylor of Provider Synergies along with "dr. doctor letter" and Merck press release" on Vioxx. Supports Plaintiff claims that merck provided misleading and false information re: vioxx to LA medicaid, Provider synergies, LA DHH and medical community. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 415 | 2-5-10 Davis Depo Ex. 17 | 3/29/04 e-mail with attachment, Bates MRK-AGTXAI0009101-10 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex. 17. Highly relevant. Merck email on medicaid flags and attached presentation slides with updated medicaid flags: enhanced targeting capabilities for increasing Vioxx sales. Pre-call planning for medicaid influencers. Supports Plaintiffs claims that Merck targeted and influenced La DHH P&T members with pre-planned messages. | | Y or N |
| 416 | 2-5-10 Davis Depo Ex. 18 | Updated Medicaid Flags, Enhanced Targeting  Capabilities Providing Opportunities forIncreased Sales, Bates  MRK-AGTXAI0009067-83 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis 18. Highly relevant. Medicaid flags presentation with field sales target list and to do list for Vioxx positioning on PDL. Supports Plaintiff claim that Merck had LA policy to target La DHH and LA medicaid to ensure vioxx placement on PDL but failed to disclose material safety information. | | Y or N |
| 417 | 2-5-10 Davis Depo Ex. 19 | E-mail chain with attachment, Bates MRK-AGLAAF0003594-3611 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex. 19. Relevant. Merck email with attachment for LA tactical medicaid plans successfully implemented to push and pull through merck business in response to medicaid PDL. Shows Merck's plan to target LA medicaid and deliver sales messages to gain favorable PDL status. | | Y or N |
| 418 | 2-5-10 Davis Depo Ex. 20 | E-mail chain with attachment, Bates MRK-AGTXAI0009152-9278 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis 20. Highly relevant. Merck email titled P&T influencers and discusses targeting physicians who are P&T members and need for field sales to target by product. Support Plaintiffs claims that Merck targeted medicaid physicians and P&T members thru sales reps | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 419 | 2-5-10 Davis Depo Ex. 3 | Medicaid Core Segment Team Strategy, June 24 2002, Bates  MRK-EAWX0004507-4530 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex. 3. Highly relevant. Merck slides for Medicaid team strategy and structure and increasing sales, delivering product messages, and overall strategy for PDL selection. Supports Plaintiff claims that Merck had well developed policy consistent with National campaign to promote and target LA medicaid with vioxx messages that were misleading and did not fully disclose material risks. |  | Y or N |
| 420 | 2-5-10 Davis Depo Ex. 4 | 2003 Personal Performance Grid, Bates MRK-AGTXAI0800051-57 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex 4. Relevant. Personal performance document (2003) for Merck employee Davis with roles, responsibilites and achievements in La medicaid market. |  | Y or N |
| 421 | 2-5-10 Davis Depo Ex. 5 | 2004 Year-End Review, BatesMRK-AGTXAI0800043-50 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex 5. Relevant. Personal performance and year end review document (2004) for Merck employee Davis with roles, responsibilites and achievements in La medicaid market. |  | Y or N |
| 422 | 2-5-10 Davis Depo Ex. 6 | 2004 Personal Performance Grid, Bates MRK-AGTXAI0800033-42 | Document provided does not match exhibit name or description - likely 401, 402 | Document properly labeled and described as Davis Ex 6. Relevant. Personal performance document (2004) for Merck employee Davis with roles, responsibilites and achievements in La medicaid market. |  | Y or N |
| 423 | 2-8-10 Hood Depo Ex. 10 | 5/8/02 P&T Committee Meeting Minutes |  |  |  | Y or N |
| 424 | 2-8-10 Hood Depo Ex. 11 | Transcript of 5/8/02 P&T  Committee Meeting, LaAG-VIOXX-002608 - LaAG-VIOXX-002668 |  |  |  | Y or N |
| 425 | 2-8-10 Hood Depo Ex. 12 | 5/21/02 Terrebonne Memo to Hood, Subject: P&TCommittee May 8, 2002Recommendations,  LaAG-VIOXX-000124 -  LaAG-VIOXX-000127 |  |  |  | Y or N |
| 426 | 2-8-10 Hood Depo Ex. 13 | Provider Synergies Document, "NonsteroidalAnti-inflammatories (NSAIDs)," LaAG-VIOXX-003338 -LaAG-VIOXX-003352 |  |  |  | Y or N |
| 427 | 2-8-10 Hood Depo Ex. 14 | 5/21/03 P&T Committee Meeting Minutes,  LaAG-VIOXX-002707 - LaAG-VIOXX-002719 |  |  |  | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 428 | 2-8-10 Hood Depo Ex. 15 | Transcript of 5/21/03 P&T Committee Meeting,  LaAG-VIOXX-000376 - LaAG-VIOXX-000459 | | | | Y or N |
| 429 | 2-8-10 Hood Depo Ex. 16 | 6/10/03 Terrebonne Memo to Hood, Subject: P&T Committee May 21, 2003Recommendations, LaAG-VIOXX-000192- LaAG-VIOXX-000199 | | | | Y or N |
| 430 | 2-8-10 Hood Depo Ex. 17 | 7/15/03 Pfizer Letter to Terrebonne, LaAG-VIOXX-003212 - LaAG-VIOXX-003223 | | | | Y or N |
| 431 | 2-8-10 Hood Depo Ex. 18 | 12/17/03 P&T Committee Meeting Minutes,LaAG-VIOXX-002720 -LaAG-VIOXX-002760 | | | | Y or N |
| 432 | 2-8-10 Hood Depo Ex. 2 | 2003 Organizational Chart | | | | Y or N |
| 433 | 2-8-10 Hood Depo Ex. 3 | 8/8/01 Medicaid  Pharmaceutical and Therapeutic Committee Meeting Minutes, LaAG-VIOXX-002454 - LaAG-VIOXX-002457 | | | | Y or N |
| 434 | 2-8-10 Hood Depo Ex. 4 | Transcript of 8/8/01 P&T Meeting, LaAG-VIOXX-002458 - LaAG-VIOXX-002518 | | | | Y or N |
| 435 | 2-8-10 Hood Depo Ex. 5 | 1/9/02 P&T Committee  Meeting Minutes,  LaAG-VIOXX-002687 - LaAG-VIOXX-002698 | | | | Y or N |
| 436 | 2-8-10 Hood Depo Ex. 6 | 3/6/02 P&T Committee Meeting Minutes | | | | Y or N |
| 437 | 2-8-10 Hood Depo Ex. 7 | 3/19/02 Agreement between Louisiana DHH and  Provider Synergies,  LaAG-VIOXX-002838 - LaAG-VIOXX-002865 | | | | Y or N |
| 438 | 2-8-10 Hood Depo Ex. 8 | 2/19/03 P&T Committee Meeting Minutes | | | | Y or N |
| 439 | 2-8-10 Hood Depo Ex. 9 | Provider Synergies Document, "Selective Cyclooxygenase (COX)-2 Inhibitors,"  LaAG-VIOXX-003322 -LaAG-VIOXX-003331 | | | | Y or N |
| 440 | 3-11-05 Bold Depo Ex. 5 | WPS&E Standard Operating Procedure, Processing of Adverse Experience Information, Effective Date 4/1/98 | Document provided does not match exhibit name or description - Current Bold 5 is 401, 402 | Def. is incorrect.  Ex. 5 to the 3-11-05 Bold Dep is the WPSE SOP, Bates LAU 0000067 - 106, and was admissible in Barnett. | | Y or N |
| 441 | 7-29-05 Bold Depo Ex. 30 | Memo to the File 1-20-00 AE Label Review: Rofecoxib | Document not provided | | | Y or N |
| 442 | 7-29-05 Bold Depo Ex. 31 | WAES Adverse Event Summary Sheets | Document not provided | | | Y or N |
| 443 | 7-29-05 Bold Depo Ex. 57 | E-mail 12-3-03 with attachment | Document not provided | | | Y or N |
| 444 | Abramson Expert Report | Abramson Expert Report | 801, 802 - Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 445 | Aff.1 | Hood Affidavit | 801, 802 | Properly admissible under 801(c) as statement by Declarant and admissible under 801(D)(2)(a) | | Y or N |
| 446 | Aff.2 | Abramson Affidavit from Plaintiff's response to Motion for Summary Judgment | 801, 802 - Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 447 | Aff.3 | Leach Affidavit from Plaintiff's response to Motion for Summary Judgment | 801, 802 - Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 448 | Aff.4 | Raymond Affidavit from Plaintiff's response to Motion for Summary Judgment | 801, 802 | Properly admissible under 801(c) as statement by Declarant and admissible under 801(D)(2)(a) | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 449 | Anstice 166 | Table of All deaths and/or Confirmed Adjudicated Serious Thromboembolic AEs from VIGOR | | | | Y or N |
| 450 | Avorn Ex. 17 | Memo from Doug Watson to Santanello, Cannuscio et al re recent abstracts | 401, 402. Internal Merck document. | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 451 | Avorn Ex. 18 | Email from Cannuscio to Solomon and Avorn RE interest in COXIB study | 401, 402,  - internal Merck document. | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 452 | Avorn Ex. 27 | Email from Solomon to Cannuscio RE: ACR Abstract | 401, 402. Internal Merck document. | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 453 | Avorn Ex. 28 | ACR 2003 | 801, 802. | Document was prepared in normal course of business, 803(6). | | Y or N |
| 454 | Avorn Ex. 29 | Email from Santanello to SolomonRE:  Thank you for your time | 401, 402.  Internal Merck document. | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 455 | Avorn Ex. 54 | Fax of letter to Solomon faxed Cannuscio from Solomon RE: MS# JOC31797, THE RELATIONSHIP BETWEEN SELECTIVE COX-2 INHIBITORS AND ACUTE MYOCARDIAL INFARCTION | 801, 802. | Fax and letter prepared in normal course of business, 803(6). | | Y or N |
| 456 | CM.0005 | List of Physicians with information provided by A&A with comments from National HSAs, RMDs, TBG, etc. | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 457 | CM.0008 | 2000 Profit Plan Extended Team Meeting for Vioxx | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 458 | CM.0009 | Year 2000 Advocate Plan for Merck Coxibs (Draft) | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 459 | CM.0034 | Email from Baumgartner to Hartenbaum re: Physicians to Neutralize; has Baumgartner email of 04/29/1999 attached. | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 460 | CM.0052 | Email string from Higbee to Johnson and McKines in regards to Intelligence/NEJM | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 461 | CM.0059 | Pharmaceuticals: The New Consumer Marketing Frontier by Tacconi. | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 462 | CM.0074 | Email from Straus to Kong, Pellissier and Watson in regards to FDA Warning Letter | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 463 | CM.0077 | Physician Action Plans - ADVOCATE | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | | | Y or N |
| 464 | Cona/McDarby 18 | Merck News Release - FDA Approves Label Changes | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.0236, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 465 | Cona/McDarby 40 | Email re: upcoming BB meet | Plaintiff did not timely disclose this exhibit. 401, 402.  Internal Merck document. | Merck received this document on April 1, 2010 and has suffered no prejudice. | | Y or N |
| 466 | Cona/McDarby 82 | Medical Officer Review: VIOXX | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.1234, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 467 | Cona/McDarby 96 | FDA Medical Officer Review with attachments | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.0353, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 468 | DUR Ex. 1 | Aug. 17, 2005 P&T Committee Meeting Minutes | 401, 402.  PTC Mtg after Vioxx removed from market is not relevant. | Document is very relevant to show LDHH could and did change PDL status and impose prospective DUR edits on Cox-II inhibitors/NSAIDS in response to new safety information | | Y or N |
| 469 | DUR Ex. 2 | Celebrex revised Label 7-29-05 | | | | Y or N |
| 470 | DUR Ex. 3 | Celebrex revised Label FDA label letter 7-29-05 | | | | Y or N |
| 471 | DUR Ex. 4 | DUR Annual Report 10-1-00 thru 9-30-01 | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 472 | DUR Ex. 5 | DUR Annual Report 10-1-04 thru 9-30-05 | 401, 402 | Document is very relevant to show LDHH could and did change PDL status and impose prospective DUR edits on Cox-II inhibitors/NSAIDS in response to new safety information | | Y or N |
| 473 | DUR Ex. 6 | DUR Annual Report 10-1-06 thru 9-30-07 | 401, 402 | Document is very relevant to show LDHH could and did change PDL status and impose prospective DUR edits on Cox-II inhibitors/NSAIDS in response to new safety information | | Y or N |
| 474 | Eiswirth 19 | Concato, John, et al., Randomized, Controlled Trials, Observational Studies, and the Hierarchy of Research Designs, NEJM, 6/22/2000 | 801, 802 | May be published although not admitted as learned treatise, relied on by defense expert in expert report. | | Y or N |
| 475 | Eiswirth 20 | Benson, Kjell, et al.,  A Comparison of Observational Studies and Randomized, Controlled Trials, NEJM, 6/22/2000 | 801, 802 | May be published although not admitted as learned treatise, relied on by defense expert in expert report. | | Y or N |
| 476 | Epstein Depo Ex. 19 | E-mail string | 401, 402. 801, 802 if for anyone other than those who make the statements contained in the exhibit. | Admissible in Barnett, without objection by Merck. | | Y or N |
| 477 | Epstein Depo. Ex. 1 | Curriculum Vitae of Stephen Edward Epstein, MD | 801, 802.  401, 402 | Merck suffers no prejudice; Merck received a copy of the document as a deposition exhibit. Proper statement by Declarant under 803(c). | | Y or N |
| 478 | Epstein Depo. Ex. 10 | Memo | | | | Y or N |
| 479 | Epstein Depo. Ex. 11 | E-mail | 401, 402 | Admissible in Barnett, without objection by Merck. | | Y or N |
| 480 | Epstein Depo. Ex. 13 | Cardiovascular Outcomes Study Consultant Meeting | 801, 802.  Internal Merck document.  Document has handwriting on it, there is no foundation if handwriting cannot be identified (602). | Admissible in Barnett, without objection by Merck. | | Y or N |
| 481 | Epstein Depo. Ex. 3 | E-mail string | 401, 402. 801, 802 if for anyone other than those who make the statements contained in the exhibit. | Admissible in Barnett, without objection by Merck. | | Y or N |
| 482 | Epstein Depo. Ex. 5 | E-mail string | 401, 402. 801, 802 if for anyone other than those who make the statements contained in the exhibit. | Admissible in Barnett, without objection by Merck. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 483 | Epstein Depo. Ex. 6 | E-mail string | 401, 402. 801, 802 if for anyone other than those who make the statements contained in the exhibit. | Admissible in Barnett, without objection by Merck. | | Y or N |
| 484 | Epstein Depo. Ex. 9 | E-mail string | 401, 402. 801, 802 if for anyone other than those who make the statements contained in the exhibit. | Admissible in Barnett, without objection by Merck. | | Y or N |
| 485 | Facts 1 | FACTS Production | Exhibit was not provided, 401, 402, 801, 802 - likely contains evidence irrelevant to the case and hearsay . | Exhibit is a database produced by Merck, of which it already has a copy. It contains highly relevant information, including call notes, of Merck's direct marketing to Louisiana physicians LDHH P&T committee members | | Y or N |
| 486 | Facts 2 | Supplemental FACTS Production | Exhibit was not provided, 401, 402, 801, 802 - likely contains evidence irrelevant to the case and hearsay . | Exhibit is a database produced by Merck, of which it already has a copy. It contains highly relevant information, including call notes, of Merck's direct marketing to Louisiana physicians LDHH P&T committee members | | Y or N |
| 487 | Gertz 103 | Annual Report 2002 | Plaintiff did not timely disclose this exhibit. Document untimely disclosed does not match description. 401, 402. | This document is the same as 1.0045, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 488 | Gertz 104 | Memo re DRAFT MC slides for 3/11 | Plaintiff did not timely disclose this exhibit. Likely 401, 402. | This document is the same as 1.1428, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 489 | Gertz 105 | VIOXX Project Team Updates March 2002 | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.1429, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 490 | Gertz 107 | Merck draft of 15 Feb 2002 with proposals resulting from 20 Feb 2002 FDA teleconference shown with revision marks | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.1430, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 491 | Gertz 108 | Memo re RMC Options for CV outcomes trials | Plaintiff did not timely disclose this exhibit. 401, 402. Internal Merck document. | This document is the same as 1.1535, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 492 | Gertz 110 | Memo re VIOXX CV OUTCOMES Study | Plaintiff did not timely disclose this exhibit. 401, 402. Internal Merck document. | This document is the same as 1.1537, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 493 | Gertz 112 | Memo re HHPAC DRAFT SLIDES | Plaintiff did not timely disclose this exhibit. 401, 402. Internal Merck document. | This document is the same as 1.1539, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 494 | Gertz 113 | Evaluation of the Cardiovascular Profile of COX-2 Inhibitors in High Risk CV Patients - A Proposal for Two Surrogate Endpoint Studies | Plaintiff did not timely disclose this exhibit. 401, 402. Internal Merck document. | This document is the same as 1.1540, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 495 | Gertz 114 | Biomarkers of CV Risk - Potential Assessment in Coxib Trials | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.1541, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 496 | Gertz 116 | Labeling Scenario | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.0018, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 497 | Gertz 14 | Memo re MK-966, Cox-2 Inhibitor Development Timelines | Plaintiff did not timely disclose this exhibit. Likely 401, 402. Internal Merck Document. 602 as to handwriting. | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 498 | Gertz 144 | Memo re Vioxx Prot 078 Paper | Plaintiff did not timely disclose this exhibit. Likely 401, 402. | This document is the same as 1.1552, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 499 | Gertz 146 | Draft re Manuscript NPP-04-0106, "A randomized, double-blind, study of rofecoxib in patients with mild cognitive impairment" - Author's responses to reviewers comments | Plaintiff did not timely disclose this exhibit. 401, 402. 801, 802. | This document is the same as 1.1553, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 500 | Gertz 17 | Memo re GI Outcomes Trial Protocol | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.0004, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 501 | Gertz 19 | Memo re MK-0966 (VIOXX) Project Team Minutes for December 9, 1997 | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.1838, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 502 | Gertz 20 | Project Team Meeting Minutes | Plaintiff did not timely disclose this exhibit. | This document is the same as 3-11-05 Bold Depo Ex. 2, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 503 | Gertz 22 | VIOXX Presentation | Plaintiff did not timely disclose this exhibit. | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 504 | Gertz 23 | Merck 1999 Annual Report | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.0042, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 505 | Gertz 35 | Cardiovascular Thrombotic Events Associated with Rofecoxib:  A Pooled Analysis of Patient Level Data. | Plaintiff did not timely disclose this exhibit. 801, 802 | This document is the same as 1.1250, which was on Plaintiff's list on March 15, 2010. Plaintiff timely disclosed this exhibit. No prejudice. | | Y or N |
| 506 | Gertz 47 | Memo re Attached please find the background material for the HH PAC Meeting on December 6, 2001 related to Coxib agenda items, consisting of updated slides | Plaintiff did not timely disclose this exhibit. 401, 402 | Merck suffers no prejudice; Merck received a copy of the document as a deposition exhibit. Relevant document for risk/benefit and knowledge of redhibitory defect. | | Y or N |
| 507 | Gertz 49 | Memo re VIOXX Consultants Meeting - Wednesday, March 31, 1999, The Rittenhouse Hotel, Philadelphia, PA | Plaintiff did not timely disclose this exhibit. 401, 402 | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 508 | Gertz 5 | Memo re Vioxx Product Development Team WG Meeting Summary and Assignments from Meeting on 8/28/01 | Plaintiff did not timely disclosure this exhibit. 401, 402 | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 509 | Gertz 53 | Memo re Vioxx Seeding Study Selection | Plaintiff did not timely disclose this exhibit. 401, 402 | This document is the same as 1.0388, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 510 | Gertz 54 | Memo re MK-0966 (VIOXX) Project Team Minutes for July 13, 1998 | Plaintiff did not timely disclose this exhibit. | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 511 | Gertz 55 | Draft: Coxib Publication Team Responsibilities, 8/16/05 | Plaintiff did not timely disclose this exhibit.  Likely 401, 402.  Draft document - 801, 802. | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 512 | Gertz 56 | VIOXX/ARCOXIA Publications Planning Meeting AGENDA | Plaintiff did not timely disclose this exhibit.  401, 402.  Internal Merck document. | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 513 | Gertz 57 | Memo re Summary of the 7/24/01 A&A WBST Meeting | Plaintiff did not timely disclose this exhibit. | Merck received notice of this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 514 | Gertz 61 | Memo re Summary of the 5/17/01 A&A WBST Meeting | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.1401, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 515 | Gertz 62 | Arthritis & Analgesia WBST, HHBT Briefing | Plaintiff did not timely disclose this exhibit.  401, 402. | This document is the same as 1.1402, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 516 | Gertz 7 | Memo re Three Items | Plaintiff did not timely disclose this exhibit. | This document is the same as 1.0523, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 517 | Gertz 91 | Merck Analyst Meeting - Valuation Projects Downside, But We Wouldn't Count on Positive Surprise | Plaintiff did not timely disclose this exhibit.  401, 402, 801, 802. | This document is the same as 1.1420, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 518 | Gertz 92 | Memo re Merck & Co (MRK) - First Call | Plaintiff did not timely disclose this exhibit.  801, 802 | This document is the same as 1.1421, which is on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 519 | Gertz 93 | Merck to Conduct Cardiovascular Outcomes Trial | Plaintiff did not timely disclose this exhibit. Document is draft. 801, 802. 401, 402. | This document is the same as 1.1422, which is on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 520 | Gertz 94 | Merck COX-2 Cardiovascular Safety Studies Will Enroll 30,000 Subjects | Plaintiff did not timely disclose this exhibit.  801, 802. | This document is the same as 2.0240, which is on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 521 | Gilmartin Depo Ex. 1 | "Key Messages," | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | This document is the same as 1.1439, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 522 | Gilmartin Depo Ex. 2 | E-mail 5-14-99 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | This document is the same as 1.0131, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 523 | Gilmartin Depo Ex. 23 | E-mails MRK-AEG0003239 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | This document is the same as 1.0379, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 524 | Gilmartin Depo Ex. 23 | "CEO pay at 100 of the largest companies" USA Today 3-31-05 (1 page) | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | Merck suffers no prejudice; Merck received a copy of the document as a deposition exhibit. Relevant document for risk/benefit and knowledge of redhibitory defect. | | Y or N |
| 525 | Gilmartin Depo Ex. 27 | Memo 7-10-00 "Merck Board of Scientific Advisors Meeting - 2000 - Human Health Chairman's Report" | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | This document is the same as 1.1204, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 526 | Gilmartin Depo Ex. 3 | "The Cure: With Big Drugs Dying, Merck Didn't merge -- It found New Ones -- Some Inspired Research, Aided by a Bit Of Luck, Saves Company's Independence --- The path  To a Novel Painkiller ---" Wall Street Journal reprint | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.0670, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit. No prejudice. |  | Y or N |
| 527 | Gilmartin Depo Ex. 34 | E-mails | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.0427, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit. No prejudice. |  | Y or N |
| 528 | Gilmartin Depo Ex. 37 | Letter 1-9-01 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.0176, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit. No prejudice. |  | Y or N |
| 529 | Gilmartin Depo Ex. 4 | Memo, 2-23-98 "VIOXX" | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.0140, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit. No prejudice. |  | Y or N |
| 530 | Gilmartin Depo Ex. 50 | "MK-0966 (COX-2 Inhibitor) Consultants' Meeting Phase III Monitoring of GI Clinical Events and Design of a GI Outcomes Mega-Trial" 9-28-96 Meeting Minutes | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.0524, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit. No prejudice. |  | Y or N |
| 531 | Gilmartin Depo Ex. 8 | Memo 9-12-96 "MRK-966 (L-748,731,COX-2) Project Team Minutes - September 4, 1996" | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.0020, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit. No prejudice. |  | Y or N |
| 532 | Graham Ex. No. 1 | Curriculum Vitae for David Graham, M.D., M.P.H. |  |  |  | Y or N |
| 533 | Graham Ex. No. 3 | Rofecoxib - Diagnosis & treatment: What went wrong? Can we avoid? | 801, 802. | May be published although not admitted as learned treatise. |  | Y or N |
| 534 | Graham Expert Report | Graham Expert Report | 801, 802.  Expert Report. | Properly admissible under 801(c) as statement by Declarant |  | Y or N |
| 535 | Graham Rebuttal Report | Graham Rebuttal Report | 801, 802.  Expert Report. | Properly admissible under 801(c) as statement by Declarant |  | Y or N |
| 536 | Harris Expert Report | Harris Expert Report | 801, 802.  Expert Report. | Properly admissible under 801(c) as statement by Declarant |  | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 537 | Julie Expert Report | Julie Expert Report | 801, 802. Expert Report. | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 538 | Julie Rebuttal Report | Julie Rebuttal Report | 801, 802. Expert Report. | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 539 | Kaiser 1 | Regional Medical Director (RMD) Activities | | | | Y or N |
| 540 | Kaiser 11 | Kaiser Quarterly Report | | | | Y or N |
| 541 | Kaiser 12 | Clinical Profile in Osteoarthritis Studies | 401, 402. Irrelevant. No evidence any actor ever saw this. Further, duplicative of other exhibits. | Highly relevant. Merck brochure on CV system and clinical profile in OA studies for Vioxx. Presents CV event profile and brochure used by Merck to promote vioxx in Medical community and to LA DHH P&T members as referenced in other documents directing sales force to call on DHH members. Merck consistently used medical literature and informational brochures but also instructed sales reps to not leave behind certain materials. Merck engaged in a LA campaign that mirrored its national campaign and plaintiff contends that Merck used the same false and misleading materials in LA and failed to fully inform LA DHH of the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 542 | Kaiser 13 | Bulletin for Vioxx: New Resource: Cardiovascular Card | 401, 402 - no evidence bulletin was used by a sales representative while communicating to any relevant actor. | Highly relevant to plaintiffs claims that from the time Merck submitted its NDA for Vioxx until the time the drug was withdrawn, Defendant engaged in a campaign to minimize and obscure adverse safety data and phsyicians concerns about cardiovascular safety. This is an internal Merck bulletin to its sales reps. The document speaks for itself. Merck consistently used medical literature and informational brochures but also instructed sales reps to not leave behind certain materials. Merck engaged in a LA campaign that mirrored its national campaign and plaintiff contends that Merck used the same false and misleading materials in LA and failed to fully inform LA DHH of the risks associated with Vioxx. | | Y or N |
| 543 | Kaiser 17 | Memo re Vioxx and Medicaid DUR board | 401, 402. 801, 802 as to Kaiser and anyone except authors.  Internal Merck document. | Highly relevant. Merck email regarding Vioxx and medicaid DUR board. Merck employees are to attend DUR meeting and develop advocate list to be present at DUR meetings to oppose any further restrictions. Supports Plaintiff claims that Merck targeted not only LA DHH but also DUR board and delivered misleading and false information regarding Vioxx safety profile. Document not hearsay but admissible under R. 803(6) hearsay exception. Email exchange between merck employees and kept in regular course of business. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 544 | Kaiser 18 | Arthritis & Analgesia (A&A) Core Franchise Team Meeting-Agenda | 401, 402. 602 as to handwriting. Internal Merck document. | Highly relevant. Merck document discussing market issues for Coxhib's. Need to deliver CV safety profile and generate data on GI safety to remain competitive in market and maintain sales. Document supports fact that to remain competitive, Merck had to promote Vioxx as safe and efficacious over other competitor Rx's but failed to fully disclose material risks. | | Y or N |
| 545 | Kaiser 19 | Memo re MK-0966 Combined Mortality Analysis, Protocol 091 + Protocol 078 | 401, 402, Irrelevant because document concerns mortality and all-cause mortality. 403 - Cumulative | Highly relevant. Goes to Plaintiffs claims concerning the safety of the drug and Merck's pattern of minimizing, failing to disclose, or delaying disclosure of critical safety data to the FDA, physicians, LA DHH, La medicaid and medical community. | | Y or N |
| 546 | Kaiser 2 | Memo re MK-0966 (VIOXX) Project Team Minutes for January 12, 1998 | Duplicative document. 602 as to handwriting. | Relevant to show Merck meeting minutes for Vioxx in 98 and discussion of CV safety issues and team objections while in negotiations with FDA. | | Y or N |
| 547 | Kaiser 20 | Letter to Dr. Silverman, Merck, re supplemental new drug applications | | | | Y or N |
| 548 | Kaiser 21 | Press Release re Vioxx clinical trials | | | | Y or N |
| 549 | Kaiser 22 | Reporting Mortality Findings in Trials of Rofecoxib for Alzheimer Disease or Cognitive Impairment:  A Case Study Based on Documents from Rofecoxib Litigation | 401, 402.  801, 802. | Relevant to support Plaintiffs claims that Merck mislead medical community by providing false information. Admissible under 803(8)-pulbic records or 803(18)-learned treatise. | | Y or N |
| 550 | Kaiser 23 | SC RMD Travel Outcomes - August 2002 | | | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 551 | Kaiser 24 | Kaiser/Davis/Cairns Year-End Summary of Quarterly Reports | 401, 402. | Highly relevant. Merck year end report(2002) for Kaiser and discusses formulary support, presentations and outcomes for LA medicaid P&T committee and responses to questions relating to Vioxx. Supports Plaintiff claim that Merck contacted LA DHH, delivered Vioxx messages but failed to disclose material risks. | | Y or N |
| 552 | Kaiser 26 | Vioxx Point RMD 2003 Accomplishments | 401, 402. | Relevant. List Merck accomplishments in LA for presentations conducted to Medicaid P&T committee. | | Y or N |
| 553 | Kaiser 27 | CDOC Development Projects | 401, 402 - internal Merck document. | Relevant. Merck document regarding Vioxx related studies. Shows Merck's knowledge of potential safety and CV concerns in 2000 and supports Plaintiff claims that Merck was aware of material risks but failed to disclose such risks to the medical community. | | Y or N |
| 554 | Kaiser 28 | Hypertension/Edema Agenda | 401, 402.  internal Merck document. | Relevant. Merck agenda and task force meeting for 1/8/01 and lists objectives to: further develop opinion leaders and confidence in CA and renal safety of vioxx and to continue to neutralize any percieved safety (CV) concerns. Document supports positin that Merck was aware of safety concerns but sought to neutralize those concerns instead of fully disclosing to medical community and La DHH members. | | Y or N |
| 555 | Kaiser 29 | Comparison of Cardiovascular Thrombotic Events in Patients with Osteoarthritis Treated with Rofecoxib versus Nonselective Nonsteroidal Anti-inflammatory Drugs (Ibuprofen, Diclofenac, and Nabumeton) | 801, 802. | Relevant to support Plaintiffs claims that Merck mislead medical community by providing false information. Admissible under 803(8)- pulbic records or 803(18)-learned treatise. | | Y or N |
| 556 | Kaiser 3 | Plant to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/II VIOXX (MK-0966) Osteoarthritis Clinical Trials | | | | Y or N |
| 557 | Kaiser 31 | Memo attaching background material for HH PAC Meeting 4/20/2000 re Vioxx | | | | Y or N |
| 558 | Kaiser 32 | Information Amendment - Clinical | | | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 559 | Kaiser 33 | A Comparison of Adverse Renovascular Experiences Among Osteoarthritis Patients Treated with Rofecoxib and Comparator Non-selective Non-Steroidal Anti-inflammatory Agents | | | | Y or N |
| 560 | Kaiser 34 | Table 75: Number (%) of Patients with Specific Clinical Hypertension-Type Adverse Experiences by Body System Entire Study | Partial document. Rule 106. | Document is not incomplete but is intended to show the adverse events experiences associated with Vioxx. Exhibit is taken from Merck internal protocol MRK 0966 No. 34 tables. | | Y or N |
| 561 | Kaiser 35 | Safety:  Predefined Limits of Change Assessment | Partial document. Rule 106. | Document is not incomplete but is intended to show the predefined limits of change for Vioxx. Exhibit is taken from Merck internal protocol MRK 0966 No. 34 tables. | | Y or N |
| 562 | Kaiser 37 | Coxib Renal Profile 23Mar01 | 401, 402 - internal Merck document. | Relevant. Merck email addressing renal profiles of Vioxx in relation to comparator NSAIDs. Document relevant to show what information merck provided internally and to medical community. | | Y or N |
| 563 | Kaiser 38 | Comparison of Upper Gastrointestinal Toxicity of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis | 801, 802. | Relevant to support Plaintiffs claims that Merck mislead medical community by providing false information. Admissible under 803(8)-pulbic records or 803(18)-learned treatise. | | Y or N |
| 564 | Kaiser 39 | Vioxx Interim Review | 401, 402.  801, 802. 602 as to handwriting.  Internal Merck document. | Highly relevant. Merck document addressing Vioxx Interim data including VIGOR results, CV outcomes, and conclusions for Vioxx studies in 2000. Shows Merck's knowledge of potential CV safety issues. Merck document is admissible under R. 803(6) as a business record kept in regular course of business. Supports Plaintiff claims that merck was fully aware of potential CV issues prior to marketing the Rx to La DHH and should have fully disclosed all material information. | | Y or N |
| 565 | Kaiser 4 | Final Results of an Analysis of the Incidence of Cardiovascular SAEs in the Phase IIb/III VIOXX Osteoarthritis Clinical Trials | | | | Y or N |
| 566 | Kaiser 40 | Selective Cyclooxygenase (COX)-2 Inhibitors | | | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 567 | Kaiser 41 | Alimentary Tract | 801, 802. | Relevant to support Plaintiffs claims that Merck mislead medical community by providing false information. Admissible under 803(8)-pulbic records or 803(18)-learned treatise. | | Y or N |
| 568 | Kaiser 42 | 7.2 Upper GI Safety - Overview and Special Studies | Partial document. Rule 106. | Document is not incomplete but is intended to show special studies re: upper GI safety. Exhibit is taken from Merck internal NDA 21-042/21-052 submissions. | | Y or N |
| 569 | Kaiser 43 | Letter to Ellen R. Westrick, Merck, re promo pieces | 401, 402. Concerns information that was never shown to relevant actors. | Highly relevant. DHH letter to Merck concerning misleading and false promotional materials for Vioxx. Relevant to show Merck's state of mind in promoting vioxx and targeted the medical community including La DHH members with false and misleading material that failed to fully inform the risks assoiciated with Vioxx. Merck's La campaign was consistent with its national campaign in delivering vioxx messages to increase sales and market share over public safety and disclosure. | | Y or N |
| 570 | Kaiser 44 | 2002 Vioxx Label | | | | Y or N |
| 571 | Kaiser 45 | Risk of Cardiovascular Events Associated with Selective COX-2 Inhibitors | | | | Y or N |
| 572 | Kaiser 46 | Letter to Dr. Taylor re request for Vioxx info | | | | Y or N |
| 573 | Kaiser 47 | Letter to Dr. Taylor re request for Vioxx info | | | | Y or N |
| 574 | Kessler Expert Report | Kessler Expert Report | 801, 802. | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 575 | Kessler Report 15 | Thromboembolic and Vascular Safety | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. Partial document (106). | This document is the same as 1.0353, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 576 | Kessler Report 16 | Memo to Deborah R. Shapiro from Reicin, Alise S. re VIGOR CV events analysis | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. | This document is the same as 1.0491, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 577 | Kessler Report 17 | Letter from Department of Health & Human Services to Dr. Silverman re new drug application | Exhibit not timely provided to Merck. Not provided until April 1, 2010. | This document is the same as 1.0028, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 578 | Kessler Report 18 | MedAdNews re Best New Product, Vioxx the Victor | Exibit not timely provided to Merck. Not provided until April 1, 2010. 801, 802. 401, 402 | Merck received this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 579 | Kessler Report 19 | Operations Review for Vioxx | Exibit not timely provided to Merck. Not provided until April 1, 2010. 401, 402. | This document is the same as 1.2512, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 580 | Kessler Report 2 | Clinical Documentation, Clincal Safety, Safety Experience from Other Indications - Rheumatoid Arthritis | Exhibit not timely provided to Merck. Not provided until April 1, 2010. Document not complete (106) | Merck received this exhibit on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 581 | Kessler Report 20 | Standard Operating Procedure for the Surveillance, Monitoring, and Adjudication of Acute Thromboembolic Vascular Events in Clinical Trials of COX-2 Specific Inhibitors | Exhibit not timely provided to Merck. Not provided until April 1, 2010. 106: Document not complete | This document is the same as 1.0094, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 582 | Kessler Report 21 | VIGOR Preliminary Results | Exhibit not timely provided to Merck. Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 583 | Kessler Report 22 | Memo to Cynthia Zansky from Alan S. Nies re Board of Advisors Vioxx/Vigor Presentation | Exhibit not timely provided to Merck. Not provided until April 1, 2010. 401, 402. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 584 | Kessler Report 26 | Letter to Claire Bombardier, M.D., accepting Article: "Comparison of Upper Gastrointestinal Toxicity of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis" | Exhibit not timely provided to Merck. Not provided until April 1, 2010. 401, 402, 801, 802. | This document is the same as 1.1354, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 585 | Kessler Report 3 | Memofrom Suzanne M. Pernrick, Ph.D., re MK-0966 (VIOXX) Project Team Minutes for 1/12/1998 | Exhibit not timely provided to Merck. Not provided until April 1, 2010. Duplicative document. 602 as to handwriting. | This document is the same as 1.2533, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 586 | Kessler Report 31 | CRRC Critical Activities, Vioxx Key Issues | Exhibit not timely provided to Merck. Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 587 | Kessler Report 32 | Rofecoxib Pooled Analysis | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 588 | Kessler Report 33 | Memo To Human Health PAC, VIOXX/MK-0663 CST Invitees, Additional Invitees for VIOXX/MK-0663; From Dr. K. Grosser re background material for HHPAC Meeting April 20, 2000 related to the VIOXX/MK-0663 Interim Review | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 401, 402 - Public relations are irrelevant | This document is the same as 1.0148, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 589 | Kessler Report 34 | Agenda WHHM Competitive Assessment Task Force Hypertension/Edema, January 8, 2001 2:00 p.m. - 5:00 p.m. | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 401, 402 | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 590 | Kessler Report 35 | Memo To:  Human Health PAC, VIOXX CST Invitees From VIOXX Commercialization Team re background material for HHPAC Meeting 3/20/2001 related to Vioxx Program Review | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 401, 402 | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 591 | Kessler Report 36 | CRRC Critical Activities, Vioxx Key Issues | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 592 | Kessler Report 37 | Clinical Investigations and Reports, Cardiovascular Thrombotic Events in Controlled, Clinical Trials of Rofecoxib | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 801, 802 | This document is the same as 2.0133, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 593 | Kessler Report 38 | Clinical Study Report | Exhibit not timely provided to Merck.  Not provided until April 1, 2010.  Partial document (106). | This document is the same as 1.0460, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely disclosed this exhibit.  No prejudice. | | Y or N |
| 594 | Kessler Report 39 | Merck Memo To W. Dixon, B. Gertz, S. Kornowski, R. Silverman; From K. Grosser, re Arthritis & Analgesia (A&A) Core Franchise Team Meeting--Agenda | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 602, 801, 802 as to handwriting.  Document is not relevant (401, 402) | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 595 | Kessler Report 4 | Reference P023 MRL Clinical Study Report, Multicenter Study:  A Double-Blind, Placebo-Controlled, Parallel-Group Study to Ebvaluate and Compare the Effedts of L-748, 731 (MK-0966), Indomethacin, and Placebo on Urinary Sodium Execretion and Other Parameters of Renal Function in Subjects Consuming a 200-mEq Sodium Diet (Protocol 023) | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 596 | Kessler Report 40 | Merck PowerPoint Arthritis & Immunology Domain | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 401, 402 | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 597 | Kessler Report 42 | Merck letter to Dr. Marvin Konstam, MD re conf. calls July 17 and 24 to discuss plans for a Rofecoxib CV meta-analysis paper. | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 598 | Kessler Report 44 | Report of Protocol 0966-136, VIOXX -Low Dose Aspirin Endoscopy Trial | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 599 | Kessler Report 45 | MK-0966 Prot. No. 010 Osteoarthritis Study, Section 4. Safety, Table 41, Number (%) of Patients With Specific Clinical Adverse Experiences by Body System Drug Related | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. Partial document (106). | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 600 | Kessler Report 47 | Draft Statistical Report Prepared By Erluo Chen | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. Partial document (106). | This document is the same as 1.2152, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 601 | Kessler Report 48 | Cox 482 Statistical Report | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. Partial document (106). | This document is the same as 1.2152, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 602 | Kessler Report 49 | Cox 482 Statistical Report, Table 69:  Change from Baseline in Diastolic Blood Pressure (mm Hg) | Exhibit not timely provided to Merck.  Not provided until April 1, 2010.  Partial document (106). | This document is the same as1.2458, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 603 | Kessler Report 50 | Cox 482 Statistical Report, Table 13:  Patients Exceeding Predefined Limits of Change, Vital Signs Test - P Values | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. Partial document (106). | This document is the same as 1.2550, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 604 | Kessler Report 52 | Table of Contents for Supplemental NDA 21-042 Rofecoxib - VIGOR | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. Partial document (106). | This document is the same as 1.1306, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 605 | Kessler Report 66 | Selective COX-2 inhibition and cardiovascular effects:  A review of the rofecoxib development program | Exhibit not timely provided to Merck.  Not provided until April 1, 2010. 801, 802. | This document is the same as 2.0022, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 606 | Kessler Report 67 | Merck letter to Brian E. Harvey, M.D., Ph.D., Acting Director, INFORMATION AMENDMENT-CLINICAL (Updated Cardiovascular Pooled Analysis) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.1140, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 607 | Kessler Report 9 | AE Task Force Agenda | Exhibit not timely provided to Merck. Not provided until April 1, 2010. 602, 801, 802 as to handwriting. | This document is the same as 1.2544, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. No prejudice. | | Y or N |
| 608 | Krahe Ex. No. 5 | Memo from Market Integration Team for Vioxx to All Field Personnel with Responsibility for Vioxx concerning and enclosing a complete Obstacle Handling Guide for Vioxx. | Document not timely provided to Merck. Likely 401, 402. | Admitted in Barnett. This marketing document is relevant to Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 609 | Krahe Ex. No. 8 | Email from Tyrus Barker to Marilyn Krahe et al. Subject: Project Powerplay Program for Vioxx - Daily Counts: 5700 received in the first week! | Document not timely provided to Merck. Likely 401, 402 | Admitted in Barnett. This marketing document is relevant to Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 610 | Kronmal Expert Report with First and Second Addendum | Kronmal Expert Report with First and Second Addendum | 801, 802: Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 611 | Laine 10 | Memo re Background Material for 4/18/2000 | | | | Y or N |
| 612 | Laine 11 | Email to Claire Bombardier and Loren Laine re VIGOR | | | | Y or N |
| 613 | Laine 13 | ABSTRACT -- use of traditional NSAIDs | 801, 802: Draft article is hearsay. | Objection is to draft article, not email. Draft article not offered for truth of matter asserted. | | Y or N |
| 614 | Laine 14 | Statistical Data Analysis Plan - Amendment No. 1 - VIOXX Gastrointestinal Outcomes Research (VIGOR) (Studies 088, 089) | | | | Y or N |
| 615 | Laine 15 | Email to Nies, Blois, Daniels re Paper | 801, 802: Draft article that is attached is hearsay. | Objection is to draft article, not email. Draft article not offered for truth of matter asserted. | | Y or N |
| 616 | Laine 16 | Hand edits on "A Large, Prospective Outcomes Study Comparing the Effects of Rofecoxib, a Specific Inhibitor of COX-2, and Naproxen on the Incidence of Clinically Important Upper Gastrointestinal Events: Results form the VIGOR Trial" | 602: No foundation as to whose handwriting appears on the document. | Objection is premature, testimony of witness is offered. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 617 | Laine 17 | Email to Dixon, McKines, Ruef, Hirsch, Lahner, Slater, Oppenheimer; CC: to Nies, Perlmutter, Yarbrough, Rode re VIGOR PAPER | 801, 802: Draft article is hearsay. | Objection is to draft article, not email. Draft article not offered for truth of matter asserted. | | Y or N |
| 618 | Laine 18 | Comparison of the Effects of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a dual COX-1/COX-2 inhibitor) on the incidence of Clinically Important Upper Gastrointestinal Events: Results form the VIGOR Trial | 801, 802: Draft article is hearsay. | Draft article not offered for truth of matter asserted. | | Y or N |
| 619 | Laine 19 | Email to Laine and Davis re: forwarding other NEJM materials | 801, 802: Draft article is hearsay. | Objection is to draft article, not email. Draft article not offered for truth of matter asserted. | | Y or N |
| 620 | Laine 2 | Forms 1099-MISC "Miscellaneous Income" for years 2002 - 2007 | 401, 402 | Relevant to show relationship between Laine and Merck. | | Y or N |
| 621 | Laine 23 | Email to Laine, Bombardier, Davis, Hawkey, Brett, Reicin re: Risk Factor Paper | 801, 802: Draft article is hearsay. | Objection is to draft article, not email. Draft article not offered for truth of matter asserted. | | Y or N |
| 622 | Laine 24 | Email message to Chris re Risk Factor Paper | | | | Y or N |
| 623 | Laine 26 | Email to Connors, Laine / cc: Krupa, Shapiro, Reicin re: please discard previous email | 801, 802: Draft tables are hearsay. | Objection is to draft article, not email. Draft tables not offered for truth of matter asserted. | | Y or N |
| 624 | Laine 27 | "Serious Lower GI Clinical Events With Non-Selective NSAID or COXIB Use: A Double-Blind GI Outcomes Trial of Naproxen vs. Rofecoxib" | | | | Y or N |
| 625 | Laine 29 | Email to Altmeyer, Reicin, Truitt / cc: Loran, Braunstein, Furey, Schiff, Reinhardt re: Protocol 966-136 has frozen! | 401, 402: The study referred to was never completed so final data does not exist; incomplete and unadjudicated data is not relevant. | Information about preliminary data and unadjudicated data is admissible. | | Y or N |
| 626 | Laine 3 | | | | | Y or N |
| 627 | Laine 30 | Ulcer Formation With Low-Dose Enteric-Coated Aspirin and the Effect of COX-2 Selective Inhibition:  A Double-Blind Trial | | | | Y or N |
| 628 | Laine 31 | Email to Laine re: forwarding Final-Revised post GASTRO-PN136 - Gastroenterology - 03-1735-00 For OSTIC resubmission | | | | Y or N |
| 629 | Laine 32 | Email to Laine re: Gastroenterology - 03-1735-00 | | | | Y or N |
| 630 | Laine 34 | Laine, Loren, et al., CLINICAL-ALIMENTARY TRACT -- Serious Lower Gastrointestinal Clinical Events With Nonselective NSAID or Coxib Use, Gastroenterology, 2003; 124:288-292 | 401, 402: This paper analyzes lower GI events; upper GI safety is in issue in this case, but not lower GI events. | Information about risk/benefit profile of Vioxx is relevant to show | | Y or N |
| 631 | Laine 35 | Stratifying the Risk of NSAID-Related Upper Gastrointestinal Clinical Events: Results of a Double-Blind Outcomes Study I Patients With Rheumatoid Arthritis | | | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 632 | Laine 36 | COXIB ADVISORY BOARDS | 401, 402: A large part of this document concerns etoricoxib, not Vioxx. | Risk-benefit profile, and Merck's failure to disclose, is relevant to Merck's effort to sell Vioxx despite knowledge of redhibitory defects. | | Y or N |
| 633 | Laine 4 | Memo re Draft VIGOR Manuscript | 801, 802: Draft manuscript is hearsay. | Objection is to draft article, not memo.  Draft article not offered for truth of matter asserted. | | Y or N |
| 634 | Laine 5 | Memo re VIGOR enclosing Merck document | 801, 802: Draft manuscript is hearsay. | Objection is to draft article, not memo.  Draft article not offered for truth of matter asserted. | | Y or N |
| 635 | Laine 6 | Memo enclosing final copy of paper sent to NEJM. | 801, 802: Submitted manuscript is not final published version but a draft, and therefore hearsay. | Objection is to attached manuscript, not email. Manuscript is not offered for truth of matter asserted. | | Y or N |
| 636 | Laine 7 | Letter to Claire Bombardier, M.D., re manuscript "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (A Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: The VIGOR Trial" | 801, 802 | Letter is document prepared in normal course of business, 803(6). | | Y or N |
| 637 | Laine 8 | Memo re "my new version of response" | 801, 802: Attached to the email are draft responses to reviewer comments, which are hearsay. | Reviewer comments are not offered for the truth of the matter asserted, but for affect on authors of paper. | | Y or N |
| 638 | Laine 9 | Faxcover to VIGOR steering committee enclosing revised manuscript sent to NEJM | 801, 802 | Manuscript is not offered for truth of matter asserted. | | Y or N |
| 639 | Leach Expert Report | Leach Expert Report | 801, 802: Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 640 | Leach References 1 | Academy of Managed Care Pharmacy Website. Available at: http://www.amcp.org/amcp.ark?c=pr&sc=glossary, Professional Resources, Glossary of Managed Care Pharmacy Terms, PBM. Accessed, November 1, 2009. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 641 | Leach References 10 | Stockl, K. et al. Gastrointestinal Bleeding Rates Among Managd Care Patients Newly Started on Cox-2 Inhibitors or Nonselective NSAIDS. J Manag Care Pharm. 2005;11(7):550-58. | Document not timely provided to Merck. Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 642 | Leach References 11 | Tucker G, et al. A Cost Analysis of Four Benefit Strategies for Managing a Cox II Inhibitor. J Manag Care Pharm. 2001;7(3)224-27. | Document not timely provided to Merck. Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 643 | Leach References 12 | The Academy of Managed Care Pharmacy's *Concepts in Managed Care Pharmacy*. Formulary Management. Accessed November 1, 2009. | Document not timely provided to Merck. Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 644 | Leach References 13 | The Academy of Managed Care Pharmacy's *Concepts in Managed Care Pharmacy*. Prior Authorization and the Formulary Exception Process. Accessed November 1, 2009. | Document not timely provided to Merck. Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 645 | Leach References 15 | Deposition of Ben Bearden. Monday, October 12, 2009. Exhibit Bearden-20. Nonsteroidal Anti-inflammatory Drugs (NSAIDs). December 2003. | Document not timely provided to Merck. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, Merck introduced the document in the underlying deposition, relevant to establish foundation for expert opinion. | | Y or N |
| 646 | Leach References 16 | Deposition of Ben Bearden. Monday, October 12, 2009. Exhibit Bearden-23. Merck & Co. Letter to Valerie Taylor, Pharm.D., Provider Strategies LLC. May 17, 2004. | Document not timely provided to Merck. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, Merck introduced the document in the underlying deposition, relevant to establish foundation for expert opinion. | | Y or N |
| 647 | Leach References 18 | Deposition of Ben Bearden. Monday, October 12, 2009. Exhibit Bearden-15. Bearden letter to Prescribing Practitioners and Pharmacy Providers. May 24, 2002. | Document not timely provided to Merck. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, Merck introduced the document in the underlying deposition, relevant to establish foundation for expert opinion. Same document as DX 2073 | | Y or N |
| 648 | Leach References 19 | Deposition of Ben Bearden. Monday, October 12, 2009. Exhibit Bearden-12. Selective Cyclooxygenase (COX)-2 Inhibitors. February 2002. | Document not timely provided to Merck. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, Merck introduced the document in the underlying deposition, relevant to establish foundation for expert opinion. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 649 | Leach References 2 | Deposition of Ben Bearden. Monday, October 12, 2009. Exhibit Bearden-21. Nonsteroidal Anti-Inflammatories (NSAIDS) Review. April 2004. | Document not timely provided to Merck. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, Merck introduced the document in the underlying deposition, relevant to establish foundation for expert opinion. Same document as DX 2203. | | Y or N |
| 650 | Leach References 3 | Deposition of Ben Bearden. Monday, October 12, 2009. | Admission of the entire deposition violates the agreement of the parties re: depositions in this case. Specific designations of this deposition have been subject to a separate admission process. | Document is relevant to establish foundation for expert opinion. Deposition designation process is for other purposes and expert is not required to make designations. | | Y or N |
| 651 | Leach References 4 | The AMCP Format for Formulary Submissions. Version 3.0. October 2009. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 652 | Leach References 5 | Academy of Managed Care Pharmacy Web site. Available at : http://www.amcp.org/amcp.ark?p=AA2BC1FB, Policy and Advocacy, Formularies. Accessed November 1, 2009. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 653 | Leach References 6 | Academy of Managed Care Pharmacy Website. Available at: http://www.amcp.org/amcp.ark?p=AA278106, Policy & Advocacy, Direct-to-Consumer Advertising. Accessed, November 4, 2009. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 654 | Leach References 7 | Curtiss FR. Editorial - Relative Value of the NSAIDs. Including Cox-2 Inhibitors and Meloxicam. J Manag Care Pharm. 2005;12(3):265-68. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 655 | Leach References 8 | Mullins CD, et al. Pharmacoeconomics of NSAIDs: Beyond Benefits. J Manag Care Pharm. 1997;3(4):25-30. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 656 | Leach References 9 | Ortiz E. Editorial - Market Withdrawal of Vioxx: Is it Time to Rethink the Use of Cox-2 Inhibitors? J Manag Care Pharm. 2004;10(6):551-5. | Document not timely provided to Merck.  Likely 801, 802. | There is no prejudice to Merck because the document was disclosed to Merck in the the expert's materials reviewed list, Merck had the opportunity to depose the expert regarding this document, it is admissible as a learned treatise under 803(18) | | Y or N |
| 657 | MacGregor Expert Report | MacGregor Expert Report | 801, 802: Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |
| 658 | MacGregor Rebuttal Report | MacGregor Rebuttal Report | 801, 802: Expert Report | Properly admissible under 801(c) as statement by Declarant | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 659 | Nies Depo Ex. 10 | "Clinical Study Report MK-0966, An Active-Comparator-Controlled,Parallel-group, 1-year, Double-Blind Study, Conducted Under In-House Blinding Conditions, to Assess the Safety and Efficacy of MK-0966 versus Diclofenac Sodium in Patients With  Osteoarthristis of the Knee or Hip (Protocol No. 034) | Document not timely provided to Merck.  Likely 801, 802. | This document is the same as Nies Ex. No. 10, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 660 | Nies Depo Ex. 19 | E-mails | Document not timely provided to Merck.  Likely 801, 802. | This document is the same as 1.0119, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 661 | Nies Depo Ex. 2 | Letter 2-17-98 with attachment | Document not timely provided to Merck.  Likely 801, 802. | This document is the same as 1.0473, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 662 | Nies Depo Ex. 21 | E-mails with attachment | Document not timely provided to Merck.  Likely 801, 802. | This document is the same as 1.0372, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. | | Y or N |
| 663 | Pechmann Plaintiff Exhibit 10 | Letter to Thomas M. Casola, Merck, re Vioxx corrective letters | 401, 402: Nothing to connect to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 664 | Pechmann Plaintiff Exhibit 11 | Blank page preceding memo re Vioxx Top Ten Obstacles and Merck Obstacle Response Guide | 401, 402: Nothing to connect to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 665 | Pechmann Plaintiff Exhibit 12 | West Point Selling Clinics March 2001 | 401, 402: Nothing to connect to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 666 | Pechmann Plaintiff Exhibit 13 | Be the Power Video | 401, 402: Nothing to connect to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 667 | Pechmann Plaintiff Exhibit 17 | No. GEN 1-055, Background, directions superseding all other directions, bulletins, and obstacle handling guides for VIGOR. | 401, 402: Marketing materials are not relevant to this case. | Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 668 | Pechmann Plaintiff Exhibit 18 | Letter to Karen Olsen, N.P., re occurrence of cardiovascular effects in patients receiving Vioxx | 401, 402: Nothing to connect to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 669 | Pechmann Plaintiff Exhibit 19 | Letter to Stanley Vandennort, MD,  re occurrence of cardiovascular effects in patients receiving Vioxx | 401, 402: The recipient of this letter resides in California, not in Louisiana. Statements made to California doctors are not relevant to this case.  No connection to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 670 | Pechmann Plaintiff Exhibit 21 | Reporting Period:  September/October 2001, What did the sales representative tell you about the product? | 401, 402: There is no indication the doctors responding in this document are located in Louisiana.  No connection to actor in this case. Also, 801, 802: the responses are all hearsay. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 671 | Pechmann Plaintiff Exhibit 22 | Vioxx Monthly EAR Review November 2001 | 401, 402: Marketing materials are not relevant to this case. | Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 672 | Pechmann Plaintiff Exhibit 24 | Awareness, Action & Attributes for the A & A Franchise | 401, 402: Marketing materials are not relevant to this case.  Also nothing to connect to actor in this case. | Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 673 | Pechmann Plaintiff Exhibit 27 | Agenda/PowerPoint re Vioxx | 401, 402: Marketing materials are not relevant to this case. | Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 674 | Pechmann Plaintiff Exhibit 4 | Annual Plan Vioxx 2002 | 401, 402: Marketing materials are not relevant to this case. | Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 675 | Pechmann Plaintiff Exhibit 5 | Vioxx Annual Plan 2003 | 401, 402: Marketing materials are not relevant to this case. | Marketing materials are highly relevant to this case because they demonstrate Merck's efforts to sell Vioxx despite its knowledge of Vioxx's redhibitory defects and as such was a bad faith seller. Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 676 | Pechmann Plaintiff Exhibit 9 | Letter to Thomas W. Abrams, FDA, re Vioxx | 401, 402: Nothing to connect to actor in this case. | Merck has admitted that its Vioxx promotion was a national campaign and national marketing materials from outside Louisiana were used in Louisiana. | | Y or N |
| 677 | Pl. MF. C 12 | MRL Memo from Qinfen Yu | Plaintiff failed to timely produce this document. 602 as to handwriting on document. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 678 | Pl. MID. Ex. 203 | 9/1/2000 Email string | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.2110, which was on Plaintiff's list on March 15, 2010.  Plaintiff timely provided this exhibit.  No prejudice. Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 679 | Pl. MID.Ex. 174 | Clinical Adverse Experiences | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | This document is the same as 1.2558-1.2561, which were on Plaintiff's list on March 15, 2010. Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 680 | Pl. Supp. Ex. 6 | Email re Follow-up to APPROVe Call | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | This document is the same as 1.2314, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice.  Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 681 | Pl.MID.Ex. 200 | E-mail re 078 Review | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 682 | Pl.MID.Ex. 3 | Consultants Meeting MK-0966 (COX-2 Inhibitor) Phase III Monitoring of GI Clinical Events September 28, 1996 Background Package | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | This document is the same as 1.524, which was on Plaintiff's list on March 15, 2010.  Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 683 | Pl.MID.Ex. 57 | CDOC Development Projects 10-4-00 | Plaintiff has not provided Merck with the proposed exhibit.  Exhibit description does not match exhibit provided. | Merck received this document on March 31, 2010 and has suffered no prejudice. | | Y or N |
| 684 | Pl.MID.Ex. 77 | Email from Janet Rush | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Merck received this document on April 6, 2010 and has suffered no prejudice. | | Y or N |
| 685 | PT Call note Production Ex. 1 | Excerpt from 1/8/10 MRK call note production, Call notes production in grid format for Donnie Batie, Bates MRK-AGLAAO0000001 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 686 | PT Call note Production Ex. 10 | Excerpt from 1/8/10 MRK call note production, Merck letter to Culotta re: vioxx withdrawal 10/26/04, Bates MRK-AGLAAP0000101 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 687 | PT Call note Production Ex. 11 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with customer, rep and reprint provided to Dr. Richard Doskey, Bates MRK-AGLAAQ0000005 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 688 | PT Call note Production Ex. 12 | Excerpt from 1/8/10 MRK call note production, Call notes production in grid format for Kinchen, Bates MRK-AGLAAS0000001 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 689 | PT Call note Production Ex. 13 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with legal ID, customer name, call date, sales rep and WIN # for Ernest Kinchen, Bates MRK-AGLAAT0000006 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 690 | PT Call note Production Ex. 14 | Excerpt from 1/8/10 MRK call note production, Preceptor agreement letter for Ernest Kinchen 8/1/00, Bates MRK-AGLAAT0000013 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 691 | PT Call note Production Ex. 15 | Excerpt from 1/8/10 MRK call note production, Tutorial agreement letter for Kinchen 7/24/00, Bates MRK-AGLAAT0000015 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 692 | PT Call note Production Ex. 16 | Excerpt from 1/8/10 MRK call note production, Doc with Ernest Kinchen listed as consultant for vioxx tutorial with program date and payment amount, Bates MRK-AGLAAT0000017 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 693 | PT Call note Production Ex. 17 | Excerpt from 1/8/10 MRK call note production, document with materials sent to Dr. Lutz re: Vioxx, Bates MRK-AGLAAX0000002 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 694 | PT Call note Production Ex. 18 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Lutz re: request for vioxx info (8/25/99), Bates MRK-AGLAAX0000003 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 695 | PT Call note Production Ex. 19 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Lutz regarding request for vioxx info, Bates MRK-AGLAAX0000005 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 696 | PT Call note Production Ex. 2 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with case number, detailed product action, contact name, product family and resource used for Donnie Batie, Bates MRK-AGLAAO0000015 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 697 | PT Call note Production Ex. 20 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Lutz regarding request for Vioxx info - concerns clinical study for Vioxx with aspirin, Bates MRK-AGLAAX0000028 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 698 | PT Call note Production Ex. 21 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Lutz regarding Vioxx and the VIGOR study 3/28/01, Bates MRK-AGLAAX0000031 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 699 | PT Call note Production Ex. 22 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with legal ID, customer name, call date, sales rep and WIN # for Dr. McKay, Bates MRK-AGLAAZ0000002 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 700 | PT Call note Production Ex. 23 | Excerpt from 1/8/10 MRK call note production, Call notes production in grid format for Dr. Osterberger, Bates MRK-AGLABA0000002 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 701 | PT Call note Production Ex. 24 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with legal ID, customer name, call date, sales rep and WIN # for Dr. Osterberger, Bates MRK-AGLABA0000013 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 702 | PT Call note Production Ex. 25 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Osteberger re: adverse event reported for patient who took Vioxx 1/21/02, Bates MRK-AGLABA0000053 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 703 | PT Call note Production Ex. 26 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Pope re: request for info on vioxx vs. celebrex 7/20/99, Bates MRK-AGLABB0000003 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 704 | PT Call note Production Ex. 27 | Excerpt from 1/8/10 MRK call note production, Call notes production in grid format for Dr. Pope, Bates MRK-AGLABB0000005 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 705 | PT Call note Production Ex. 28 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with legal ID, customer name, call date, sales rep and WIN # for Dr. Pope, Bates MRK-AGLABB0000007 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 706 | PT Call note Production Ex. 29 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with legal ID, customer name, call date, sales rep and WIN # for Dr. Weather, Bates MRK-AGLABD0000002 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 707 | PT Call note Production Ex. 3 | Excerpt from 1/8/10 MRK call note production, Merck Letter to Dr. Batie regarding Viox sample request, Bates MRK-AGLAAO0000017 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 708 | PT Call note Production Ex. 30 | Excerpt from 1/8/10 MRK call note production, medical reprints submitted to Dr. Weather, Bates MRK-AGLABD0000005 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 709 | PT Call note Production Ex. 4 | Excerpt from 1/8/10 MRK call note production, Call notes production in grid format for Vincent Culotta, Bates MRK-AGLAAP0000001 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 710 | PT Call note Production Ex. 5 | Excerpt from 1/8/10 MRK call note production, Spreadsheet with legal ID, customer name, call date, sales rep and WIN # for Culotta, Bates MRK-AGLAAP0000003 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 711 | PT Call note Production Ex. 6 | Excerpt from 1/8/10 MRK call note production, Document re: medical studies sent to Dr. Culotta, Bates MRK-AGLAAP0000010 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

**Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List**

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 712 | PT Call note Production Ex. 7 | Excerpt from 1/8/10 MRK call note production, Merck letter to Dr. Culotta regarding request for vioxx info, Bates MRK-AGLAAP0000011 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 713 | PT Call note Production Ex. 8 | Excerpt from 1/8/10 MRK call note production, Merck letter to Culotta re: VIGOR NEJM article - Reicin article, Bates MRK-AGLAAP0000079 | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 714 | PT Call note Production Ex. 9 | Excerpt from 1/8/10 MRK call note production, Merck letter to Culotta re: Vioxx info (8/2/02), Bates MRK-AGLAAP0000083 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely 401, 402. 801, 802 as to any non-Merck statement | All PT call notes were included in the FACTS and FACTS supplemental databases produced by Merck. In addition, these specific call notes were produced by Merck on 1.8.10 with MRK bates stamps and easily identifiable. The call notes are highly relevant and suport Plaintiffs claim that Merck specifically targeted LA DHH committee members and failed to disclose the CV risks associated with Vioxx. Also, admissible under R. 803(6) hearsay exception-call notes and records produced as business record kept in regular course of business. Documents shows Merck sales reps called on and targeted LA DHH P&T committee members with Merck literature but failed to disclose material information regarding the risks associated with Vioxx. | | Y or N |
| 715 | Reicin #1 | email from Eliav Barr to Alise Reicin | Exhibit not timely provided. Exhibit provided as Reicin #1 was provided untimely and does not match this description. | | | Y or N |
| 716 | Sales 36 | Singh, G. and Ramey, D.R., NSAID Induced Gastrointestinal Compilations: The ARAMIS Perspective - 1997, J. Rheumatology, 1998 | Exhibit not timely provided. Subject to its untimely production, 801/802. | Merck received this document on April 1, 2010 and has suffered no prejudice. | | Y or N |
| 717 | Unisys 1 | LDHH Medicaid pharmacy claims data for Relevant Drugs | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. Likely lacks foundation. | Exhibit is a database produced to Merck on 12/04/2009, it already has a copy. It contains highly relevant LDHH prescscription claims information for Vioxx and other drugs, and was used by both plaintiffs' expert Dr. Harris and Merck's expert Dr. Wiggins | | Y or N |
| 718 | Watson Depo Ex. 15 | "Literature Abstract Report: Doug Watson | Exhibit not timely provided | Merck received this document by April 1, 2010 and has suffered no prejudice. | | Y or N |

Plaintiffs' Responses to Merck's Objections to Plaintiffs' Final Pre-admit Exhibit List

| Master LAAG # | Exhibit # | Exhibit Description | Objection to Exhibit | Response to Objection | Court Ruling | Admissible y/n |
|---|---|---|---|---|---|---|
| 719 | Watson Depo Ex. 18 | Memo 11-19-01 "Preliminary Interim Results for the Vioxx Low-Dose Aspirin Endoscopy Study  (Protocol 136," | Exhibit not timely provided | This document is the same as 1.0129, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit. Merck received this document by April 1, 2010 and has suffered no prejudice. | | Y  or  N |
| 720 | Watson Depo Ex. 4 | "Safety" NDA MK-0966 Excerpts | Exhibit not timely provided | This document is the same as 1.0200, which was on Plaintiff's list on March 15, 2010. Plaintiff timely provided this exhibit.  No prejudice.  Merck received this document by April 1, 2010 and has suffered no prejudice. | | Y  or  N |
| 721 | | Attachment | Document not identifiable and not provided. | Artifact of Defendants sorting plaintiffs' spreadsheet. This attachment was part and incorporated in LAAG 611 (Laine dep exh 10) which was not objected to.  It is not a separate exhibit. | | Y  or  N |