UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| *See Attached Exhibit A* | * | KNOWLES |
| | * | |
| | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK SHARP & DOHME CORP.'S
MOTION AND INCORPORATED MEMORANDUM
TO DISMISS EXTINGUISHED CLAIMANTS' CASES**

Defendant Merck Sharp & Dohme Corp. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order dismissing the cases identified on the attached exhibit for failure to comply fully with the Master Settlement Agreement (the "Agreement" or "MSA"). In support of its motion, Merck states as follows:

1. On November 9, 2007, the parties in this litigation announced the establishment of the Vioxx Resolution Program. The requirements of that Program are set out in the Agreement. By submitting an Enrollment Form, claimants and their enrolling counsel agree to be bound by all of the terms and conditions of the Agreement. *See* MSA § 1.2.4.

2. Submission of an Enrollment Form is irrevocable, and a claimant may not, other than as specifically provided for under the Agreement, withdraw an Enrollment Form, request the return of his Release or Stipulation for Dismissal With Prejudice or otherwise unilaterally exit the Program. *See* MSA § 1.2.3.

3. As part of the settlement process, claimants must submit complete Claims

Packages, including all of the required pharmacy, medical and event records, as well as properly and fully executed Releases and Medical and Employment Record Authorization Forms.  *See* MSA §§ 1.3.1, 1.2.2.1.  Additionally, claimants with lawsuits pending against Merck must provide properly and fully executed Stipulations for Dismissal With Prejudice.  *See* MSA § 1.2.2.1.

4. In order to be eligible for payment, claimants must meet, among other criteria, the injury, duration, and proximity gate criteria as is defined in the MSA and is determined by the Claims Administrator.  *See* MSA §§ 2.1, 2.2, 2.3.  If the Claims Administrator determines that a claimant does not meet the requisite gate requirements, the Gate Committee takes a further review.  *See* MSA § 2.5.  If the Gate Committee also determines that a claimant is not eligible, the claimant may appeal the Gate Committee's determination to the Special Master as set forth in the MSA.  *See* MSA § 2.6.  The Special Master's decision on whether the claimant is eligible is binding, final, and non-appealable.  *See* MSA § 2.6.3.  Alternatively, as is set forth in the MSA, the claimant may choose not to appeal their eligibility determination to the Special Master, but instead submit a Future Evidence Stipulation ("FES").  *See* MSA § 2.7.

5. Program claimants who choose not to appeal the Gate Committee's determination of eligibility, and who choose not to timely submit a FES, are deemed by the Claims Administrator, in accordance with the MSA, to be closed, with their claims extinguished.  At that point, the MSA directs the Claims Administer to deliver such Program claimants' Stipulations for Dismissal With Prejudice and Releases to Merck which Merck may file or cause to be filed in any relevant action or proceeding.  *See* MSA § 2.7.

6. The claimants on the attached exhibit are plaintiffs in cases pending on this MDL docket who enrolled in the Resolution Program.  However, these claimants did not meet the

2

requisite gate criteria, chose not to submit a timely appeal of their eligibility determination to the Special Master, and chose not to timely submit a FES.

7. Accordingly, as is directed by the MSA, the Claims Administrator closed their claims. These claimants do not have any further rights under the Program, and Merck is entitled to file said claimants' Stipulations for Dismissal With Prejudice.

8. The claimants on the attached Exhibit A, however, never submitted Stipulations for Dismissal With Prejudice as is required under the MSA.

9. The claimants on the attached exhibit have been given ample opportunity to cure their deficiencies and further, have had the opportunity to appeal their status to the Special Master or submit a FES. Notwithstanding, the claims of these claimants remain extinguished.

10. WHEREFORE, for the foregoing reasons, Merck respectfully requests that this Court enter an Order dismissing, with prejudice, the cases for the claimants identified on the attached exhibit and for such other relief as the court deems just and proper.

Dated:   April 7, 2010                                              Respectfully submitted,


                     By:  */s/ Dorothy H. Wimberly*
                          Phillip A. Wittmann, 13625
                          Dorothy H. Wimberly, 18509
                          STONE PIGMAN WALTHER
                          WITTMANN L.L.C.
                          546 Carondelet Street
                          New Orleans, Louisiana 70130
                          Phone: 504-581-3200
                          Fax:    504-581-3361

                          Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Stephen G. Strauss
Stefan A. Mallen
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

Attorneys for Merck Sharp & Dohme Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of April, 2010.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel