UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**
*STATE OF LOUISIANA, ex rel. JAMES D. CALDWELL, ATTORNEY GENERAL v. MERCK AND CO., INC.*, Case No. 05-3700

## ORDER & REASONS

Pending before the Court is Plaintiff's Motion for Reconsideration (Rec. Doc. 39276). For the following reasons, the motion is DENIED.

In its Order and Reasons dated March 31, 2010 ("Order"), the Court granted in part and denied in part Merck's motion for summary judgment. The facts of this case are detailed in the Court's Order. Therefore, rather than recount the factual background, the Court will proceed directly to the substance of this motion.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). *See id.* A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's

ruling. *See id.* Plaintiff's motion in this case was filed on April 6, 2010. Therefore, Rule 59(e) governs Plaintiff's motion for reconsideration.

In *Washington v. CSC Credit Services, Inc.*, 180 F.R.D. 309 (E.D. La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311. The Court finds none of the above reasons for alteration of the Order applicable. Specifically, the Court does not read 42 U.S.C.A. §1396r-8(g)(2)(A) as granting authority on State Medicaid authorities to deny coverage of prescription drugs through their own prospective DUR edits.

Accordingly, Plaintiff's Motion for Reconsideration is hereby DENIED.

New Orleans, Louisiana, this 7th day of April, 2010.

_____
United States District Judge