UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                              MDL Docket No. 1657

PRODUCTS LIABILITY LITIGATION              SECTION L

                                           Judge Eldon E.. Fallon
                                           Magistrate Judge Knowles

THIS DOCUMENT RELATES TO:

Gene Weeks v. Merck & Co., Inc.,           Case No. 2:05-cv-4578-EEF-DEK

-----------------------------------------------------------------------

# PLAINTIFF'S MOTION FOR AN ORDER PURSUANT TO FED.R.CIV.PR. RULE 59(E) ALTERING OR AMENDING, OR IN THE ALTERNATIVE PURSUANT TO RULE 60(B) VACATING, THIS COURT'S ORDER OF DISMISSAL DATED MARCH 30, 2010, AND TO SUBSTITUTE THE PROPOSED ORDER ANNEXED AS EXHIBIT TO THE MOTION

Plaintiff Gene Weeks, by and through his counsel Ronald R. Benjamin, hereby moves this Honorable Court for an order pursuant to Fed.R.Civ.Pr. Rule 59(e) altering or amending, or in the alternative pursuant to Rule 60(b) vacating, this Court's order of dismissal dated March 30, 2010, on the grounds it does not accurately set forth the basis for dismissal and erroneously relies upon Fed. R. Civ. P. Rule 41, and substituting an order of dismissal with prejudice on the basis of the Court's Order and Reasons dated and filed February 18, 2010. In support of the instant motion, plaintiff states the following:

1. On or about March 29, 2010 a stipulation of dismissal with prejudice as to all defendants was filed by Stephen G. Straus, Esq., and purportedly signed by Maria D. Tejedor, Esq., as counsel for plaintiff Gene Weeks.

2. Upon reviewing the stipulation, plaintiff's undersigned counsel Ronald R.

Benjamin immediately telephoned Dorothy Wimberly, Esq., one of the counsel representing Merck whose name appeared on the stipulation and requested she withdraw the stipulation, since Benjamin was attorney for the plaintiff and had not and would not consent to executing any stipulation of dismissal.

3. Ms. Wimberly referred Benjamin to the signatory, Mr. Strauss, who initially advised he signed the document *pro forma* and that Benjamin would have to consult with Merck's counsel at the Williams & Connolly firm, and after a day or two advised Benjamin that Douglas Marvin would be sending a letter to the latter's office with respect to their position regarding the stipulation.

4. In the interim this Court signed the order of dismissal with prejudice dated March 30, 2010 (*Weeks, Document 2 filed 3/31/10*), on the basis of the stipulation filed March 29, 2010, which plaintiff now seeks to vacate and substitute with an order of dismissal based on the Court's February 18, 2010 decision, as aforesaid.

5. Although from the Court's perspective there appears to be some dispute about the date that Tejedor's representation of plaintiff came to an end, it noted that it could not have been any later than "at least May 14, 2009", *See* Order and Reasons dated February 18, 2010 (*MDL No. 1657 Document 34879*), p. 8.

6. In view of the fact that it is undisputed Tejedor no longer represented plaintiff in 2010 she was in no position to execute any stipulation, nor did she, since the stipulation itself appears to be dated September 4, 2008.

7. It is also undisputed that on April 21, 2009 plaintiff timely moved to rescind or to have the Court declare null, void, and unenforceable any documents signed or

otherwise consented to in connection with participation in the Vioxx settlement program, and have the Court recuse itself from deciding the motion, which motions were denied in its February 18, 2010 Decision and Order. *Id., at p. 14.*

8. It is respectfully submitted that providing the relief sought in the instant motion does no more than put this case in the proper procedural posture for review by the Court of Appeals.

9. Plaintiff is going to bring out one additional matter with respect to the Court's decision of February 18, 2010, and while it may fit neatly under the umbrella of misapprehending existing law it is raised for the Court to take a hard look at its own decision-making, plaintiff submits the factual finding described below adequately demonstrates how far this Court has removed itself from judicial fact-finding into a managerial role in which the end goal of affording Merck "peace" for the $4.85 billion paid into the settlement program used to supersede and override the rights of individual plaintiffs who refuse to participate in the program.

10. The arguments that the plaintiff made with regard to the conduct of Merck in forcing the NPC to bargain away the right and duty of retained counsel to exercise their professional judgment, have been sufficiently preserved for appeal, and will not be rehashed here. Plaintiff will however focus on one particular finding the Court made, namely:

> She was forthcoming with her client about the fact that if he chose not to enroll, her belief that enrolling in the Settlement Agreement was in his best interest would create a conflict of interest and she would have to withdraw from his representation.

*Id., at p. 13.* This finding contravenes a cornerstone of the attorney client relationship

which has served the country well for the past two centuries, namely, that the decision as to whether or not to settle belongs exclusively to the client.

11. It is respectfully submitted the Court's finding as set forth above adequately reflects the managerial role trumping the Court's judicial responsibilities in that no matter how socially desirable it may be to restrict the client's individual right to consent to settlement, in the absence of legislation and Article 3 the Court cannot artificially manufacture conflicts to reach a particular result in a matter however equitable it may appear to the Court to achieve that end.

12. Although the Court may well consider this merely another variation of the plaintiff's contention that a settlement of this size cannot be carried out on the basis of a legal fiction that it is a private agreement, it nevertheless may give the Court cause to pause and consider the merit of the plaintiff's argument that settlement machinations may well have driven this Court to exceed the boundaries of its authority to preside over a settlement this size outside the confines of Fed. R. Civ. P. 23.

13. In conclusion, plaintiff respectfully submits that the Court substitute the March 30, 2010 Order with the proposed order set forth in **Exhibit A**, as reflecting the reality of what transpired and placing the matter in the proper procedural context for the Court of Appeals.

*/s/ Ronald R. Benjamin*

RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442
Attorney for Plaintiff Gene Weeks

**EXHIBIT A**

to

**PLAINTIFF'S MOTION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | | SECTION L |
| | : | |
| | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:

Gene Weeks v. Merck & Co., Inc.,   Case No.: 2:05-CV-4578-EEF-DEK

### PROPOSED ORDER

Based on the reasons set forth in the February 18, 2010 Order and Reasons of the Honorable Eldon E. Fallon,

IT IS ORDERED that the claims of plaintiff Gene Weeks in the above-captioned case be and they hereby are dismissed with prejudice with each party to bear his or her own costs.

NEW ORLEANS, LOUISIANA, this _____, day of _____, 2010.

_____
DISTRICT JUDGE