UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX®                  MDL Docket No. 1657

PRODUCTS LIABILITY LITIGATION     SECTION L

Judge Eldon E. Fallon
Magistrate Judge Knowles

THIS DOCUMENT RELATES TO:

**Gene Weeks v. Merck & Co., Inc.,**    Case No. 2:05-cv-4578-EEF-DEK

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO ALTER, AMEND OR VACATE THIS COURT'S MARCH 30, 2010 ORDER OF DISMISSAL

Plaintiff Gene Weeks, by and through counsel, Ronald R. Benjamin, and moves for an order pursuant to Fed.R.Civ.Pr. Rule 59(e) altering or amending, or in the alternative pursuant to Rule 60(b) vacating, this Court's order of dismissal dated March 30, 2010, on the grounds it does not accurately set forth the basis for dismissal and erroneously relies upon Fed. R. Civ. P. Rule 41, and substituting an order of dismissal with prejudice on the basis of the Court's Order and Reasons dated and filed February 18, 2010.

### FACTS

On April 21, 2009, plaintiff timely moved to rescind or to have the Court declare null, void, and unenforceable any documents signed or otherwise consented to in connection with participation in the Vioxx settlement program,

-1-

and have the Court recuse itself from deciding the motion, which motions were denied in its Order and Reasons dated February 18, 2010 (*MDL No. 1657 Document 34879*), p. 14.

In the aforesaid Order and Reasons, this Court's ruled that Maria Tejedor's representation of plaintiff came to an end, it noted that it could not have been any later than "at least May 14, 2009", *See* Order and Reasons dated February 18, 2010 (*MDL No. 1657 Document 34879*), p. 8.

Although there is not doubt Ms. Tejedor's representation ended, on or about March 29, 2010 a stipulation of dismissal with prejudice as to all defendants was filed by Stephen G. Straus, Esq., and purportedly signed by Maria D. Tejedor, Esq., as counsel for plaintiff Gene Weeks.

Upon reviewing the stipulation, plaintiff's undersigned counsel Ronald R. Benjamin immediately telephoned Dorothy Wimberly, Esq., one of the counsel representing Merck whose name appeared on the stipulation and requested she withdraw the stipulation, since Benjamin was attorney for the plaintiff and had not and would not consent to executing any stipulation of dismissal. Ms. Wimberly referred Benjamin to the signatory, Mr. Strauss, who initially advised he signed the document *pro forma* and that Benjamin would have to consult with Merck's counsel at the Williams & Connolly firm, and after a day or two advised Benjamin that Douglas Marvin would be sending a letter to the latter's office with respect to their position regarding the stipulation.

In the interim this Court signed the order of dismissal with prejudice dated

March 30, 2010 (*Weeks, Document 2 filed 3/31/10*), on the basis of the stipulation filed March 29, 2010, which plaintiff now seeks to vacate and substitute with an order of dismissal based on the Court's February 18, 2010 decision, as aforesaid.

## ARGUMENT

Plaintiff Gene Weeks seeks an order pursuant to Fed.R.Civ.Pr. Rule 59(e) altering or amending, or in the alternative pursuant to Rule 60(b) vacating, this Court's order of dismissal dated March 30, 2010, on the grounds it does not accurately set forth the basis for dismissal and erroneously relies upon Fed. R. Civ. P. Rule 41. The instant motion also asks this Court to substitute an order of dismissal with prejudice, the proposed version of which is annexed to the motion as Exhibit A, on the basis of the Court's Order and Reasons dated and filed February 18, 2010.

In view of the fact that this Court's Order and Reasons made clear Tejedor no longer represented plaintiff in 2010, it is also clear she was in no position to execute any stipulation, nor did she, since the stipulation itself appears to be dated September 4, 2008. It is respectfully submitted that providing the relief sought in the instant motion does no more than put this case in the proper procedural posture for review by the Court of Appeals.

With respect this Court's decision of February 18, 2010, it is respectfully submitted that the arguments that the plaintiff made with regard to the conduct of Merck in forcing the NPC to bargain away the right and duty of retained

counsel to exercise their professional judgment, have been sufficiently preserved for appeal, and will not be rehashed here. However, plaintiff will focus on one particular finding the Court made, namely:

> She was forthcoming with her client about the fact that if he chose not to enroll, her belief that enrolling in the Settlement Agreement was in his best interest would create a conflict of interest and she would have to withdraw from his representation.

*Id., at p. 13.* This finding contravenes a cornerstone of the attorney client relationship which has served the country well for the past two centuries, namely, that the decision as to whether or not to settle belongs exclusively to the client.

It is respectfully submitted the Court's finding as set forth above adequately reflects the managerial role trumping the Court's judicial responsibilities in that no matter how socially desirable it may be to restrict the client's individual right to consent to settlement, in the absence of legislation and Article 3 the Court cannot artificially manufacture conflicts to reach a particular result in a matter however equitable it may appear to the Court to achieve that end.

Although the Court may well consider this merely another variation of the plaintiff's contention that a settlement of this size cannot be carried out on the basis of a legal fiction that it is a private agreement, it nevertheless may give the Court cause to pause and consider the merit of the plaintiff's argument that settlement machinations may well have driven this Court to exceed the boundaries of its authority to preside over a settlement this size outside the

confines of Fed. R. Civ. P. 23.

In conclusion, plaintiff respectfully submits that the Court substitute the March 30, 2010 Order with the proposed order set forth in **Exhibit A**, as reflecting the reality of what transpired and placing the matter in the proper procedural context for the Court of Appeals.

## CONCLUSION

Plaintiff's instant motion to alter, amend or vacate the March 30, 2010 order should be granted, and this Court should substitute therefor the proposed Order annexed to the motion as Exhibit A.

Respectfully submitted,

*/s/ Ronald R. Benjamin*

RONALD R. BENJAMIN Fed. No. 110131
LAW OFFICE OF RONALD R. BENJAMIN
126 Riverside Drive, P O. Box 607
Binghamton, New York 13902-0607
607/772-1442

Attorneys for Plaintiff Gene Weeks