UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
| Products Liability Litigation | * |
| | * |
| This Document Relates to: | *   MDL No. 1657 |
| | * |
| STATE OF LOUISIANA, *ex rel.* JAMES D. | *   SECTION L |
| CALDWELL, JR., Attorney General, | * |
| | *   JUDGE ELDON E. FALLON |
| | * |
| | *   MAGISTRATE JUDGE |
| versus | *   KNOWLES |
| | * |
| MERCK SHARP & DOHME CORP., | * |
| | * |
| | * |
| | * |
| Case No. 05-3700. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STIPULATION OF THE PARTIES**

The following constitutes a joint stipulation between Plaintiff State of Louisiana, *ex rel.* James D. Caldwell, attorney general ("Plaintiff") and Defendant Merck Sharpe & Dohme Corp. ("Merck"), to be entered in the above-styled case.

1.   Plaintiff contends from June 13, 2001 through September 30, 2004, the gross amount of Vioxx expenditures of the State of Louisiana is $13,594,576. Total rebates are $2,421,873. Net payments are $11,172,702, including pharmacy dispensing fees. (Exhibit A – Calculation by Dr. Jeffrey Harris)

2.   Merck contends that there is a $937,512 pharmacy dispensing fee that should be deducted from the net payment amount of $11,172,702 figure to bring Louisiana's net payment to $10,235,190. Louisiana disputes Merck's assertion.

1

3. Merck does not agree that Plaintiff is entitled to damages in this or any other amount. Merck also does not agree that June 13, 2001 is an appropriate date for any damage calculation or that net expenditures is an appropriate measure of damages.

4. Among other things, Merck contends that any amount sought by Plaintiff as damages for Louisiana Medicaid expenditures must be offset by the amount of expenditures which Louisiana Medicaid would have incurred on alternative drug treatment options for Louisiana Medicaid patients if Vioxx had not been reimbursed. Plaintiff contends that under the remedy of redhibition, what plaintiff would have done with the purchase price had it not paid for the defective item is immaterial, and has no bearing on the amount due in redhibition.

5. Plaintiff agrees that it will not call, either as live witnesses or by deposition testimony, Dr. Jeffrey Harris or Jeff Raymond at the trial of this matter in its case in chief, reserving its right to have Dr. Harris testify in rebuttal to Dr. Wiggins' trial testimony.

6. Plaintiff and Merck agree that the prior trial testimony of Alise Reicin and Briggs Morrison selected by the parties be submitted to the Court as evidence by written submission in lieu of live testimony.

Respectfully Submitted,

/s/ Douglas R. Plymale
James R. Dugan, II,
Douglas R. Plymale
Justin Bloom
Stephen B. Murray, Jr.
Stephen B. Murray, Sr.
**Murray Law Firm**

Donald C. Arbitblit
Jennifer Gross
Sarah London
**Lieff Cabraser Heimann & Bernstein, LLP**

James D. Caldwell
Attorney General
Trey Phillips
Bryan McMinn
L. Christopher Styron
Assistant Attorneys General
**Louisiana Department of Justice**

Francisco H. Perez
General Counsel
Kim Sullivan
**Louisiana Department of Health and Hospitals**

ATTORNEYS FOR PLAINTIFFS

/s/ Travis Sales
Travis Sales
Michael Cancienne
**Baker Botts L.L.P.**
910 Louisiana Street
Houston, Texas 77002
Telephone: 713.229.6200
Telecopy: 713.229.6100

Tarek Ismail
Joseph Tomaselli
Brian O'Donoghue
**Goldman Ismail Tomaselli Brennan & Baum LLP**
1 North Franklin Street, Suite 625
Chicago, Illinois 60606
Telephone: 312.881.5970
Fax: 312.629.8107

Phillip A. Whitmann
Dorothy H. Wimberly
**STONE PIGMAN WALTHER WHITMANN LLC**
546 Carondelet Street
New Orleans, LA 70130
Telephone: 504.581.3200
Fax: 504.593.3361

ATTORNEYS FOR DEFENDANT