UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| **Gene Weeks** | * | |
|         **Plaintiff,** | * | |
| | * | |
| v. | * | |
| | * | |
| **Merck & Co., Inc.** | * | |
|         **Defendant.** | * | |
| | * | |
| Case No. 2:05-cv-04578 | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WEEKS' MOTION TO AMEND OR VACATE THE COURT'S MARCH 30, 2010 ORDER DISMISSING HIS CASE WITH PREJUDICE**

This Plaintiff enrolled in the Settlement Agreement in February 2008. After retaining Mr. Benjamin as new counsel sometime in the spring of 2009, however, Plaintiff filed a motion to rescind and vacate his enrollment. This Court denied that motion, and Plaintiff now has received his final settlement payment. Based on the stipulation of dismissal Plaintiff submitted at the time he enrolled in the Settlement Agreement, Plaintiff's claims were dismissed with prejudice on March 30, 2010. Because Plaintiff's stipulation of dismissal was properly executed, filed, and relied upon by this Court, and because Plaintiff—if he so chooses—can appeal this Court's March 30, 2010 order as it presently stands, Plaintiff's motion should be denied.

**FACTUAL BACKGROUND**

On February 18, 2008, Plaintiff enrolled in the Resolution Program and provided a valid release and stipulation of dismissal. Plaintiff's decision to enroll in the Settlement Agreement is irrevocable, and he is bound by its terms. *See* Settlement Agreement §1.2.3; *see also* Feb. 18, 2010 Order (Doc. Rec. 34879) at 13.

The Settlement Agreement requires that claimants submit an executed stipulation of dismissal, which plaintiff did. *See* Settlement Agreement §§ 1.2.2.1 & 1.2.5. The stipulation is conditional; it can be used where a claimant has received a final payment under the Settlement Agreement, at which time the stipulation "shall be delivered to Merck (and, *without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation . . . in any relevant action or proceeding*)." (emphasis added) *Id.* § 7.3.

On April 21, 2009, Plaintiff—now affiliated with new counsel, Mr. Ronald Benjamin—filed a motion to rescind or vacate Plaintiff's enrollment in the Settlement Program (Rec. Doc. 18338). After a hearing on the matter—at which Mr. Benjamin failed to appear—that motion was denied by Order of this Court on February 18, 2010 (Rec. Doc. 38479). The Court found that "Mr. Weeks clearly understood the agreement that he was entering into, as evidenced by the 'Release of All Claims' that he signed on January 1, 2008. . . . *Plaintiff cannot now back out of the Settlement Agreement which he voluntarily entered*." (emphasis added) Order (Rec. Doc. 38479) at 13.

Plaintiff voluntarily entered the Settlement Agreement, agreed to this procedure, submitted the required stipulation of dismissal, and now has received his final payment. In sum, this Plaintiff's claims have been settled.

Accordingly, Plaintiff's executed stipulation of dismissal was delivered to Merck, and it was filed with this Court on March 29, 2010. Plaintiff's claims were dismissed with Prejudice on March 30, 2010.

**ARGUMENT**

Contrary to Mr. Benjamin's suggestion, there was nothing improper about the filing of Plaintiff's stipulation, nor was there anything improper with the Court dismissing Plaintiff's claims on that basis. To the contrary, under the plain terms of the Settlement Agreement, Merck was entitled to file the stipulation of dismissal as soon as final payment was made. *See* Settlement Agreement § 7.3. This Court has found that Plaintiff understood and agreed to this procedure: "Mr. Weeks clearly understood the agreement that he was entering into, as evidenced by the 'Release of All Claims' that he signed on January 1, 2008. . . . *Plaintiff cannot now back out of the Settlement Agreement which he voluntarily entered*." (emphasis added) Order (Rec. Doc. 38479) at 13. Plaintiff knowingly enrolled in the Settlement Agreement, he was deemed eligible to participate, and his award was calculated and paid according to the Agreement's terms. Accordingly, Merck was entitled to receive and file, "without limitation," Plaintiff's stipulation of dismissal, which it did on March 29, 2010. Settlement Agreement § 7.3.

Plaintiff is not asking this Court to reconsider the dismissal of Plaintiff's claims; rather, he objects to them being dismissed on the basis of Plaintiff's stipulation of dismissal. Instead, to "put this case in proper procedural posture for review by the Court of Appeals," Plaintiff requests that his claims be dismissed on the basis of this Court's February 18, 2010 Order. Mot. at ¶ 8. But Plaintiff already has a final appealable order that he can contest, if he chooses, at the Court of Appeals. Perhaps Mr. Benjamin has strategic reasons for preferring an appeal of the Court's

February 18 Order rather than the March 30 Order, but strategy is not a legal basis on which to request a Court to amend an order.

Although irrelevant to Plaintiff's present motion, it should be noted that Mr. Benjamin's general criticism of the Settlement Agreement and the Court's role in this litigation—which takes up the bulk of Plaintiff's motion—is misguided. As the Court has noted many times, "The Court played no role in drafting the private settlement agreement reached by the parties; the Court has taken no position as to what types of claims should or should not have been included in the settlement; and, finally, the Court has consistently stated that it neither encourages nor discourages participation in the settlement."

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court deny Plaintiff's motion.

Dated:  April 19, 2010                             Respectfully submitted,


                                                   By:  */s/ Dorothy H. Wimberly*
                                                       Phillip A. Wittmann, 13625
                                                       Dorothy H. Wimberly, 18509
                                                       STONE PIGMAN WALTHER
                                                       WITTMANN L.L.C.
                                                       546 Carondelet Street
                                                       New Orleans, Louisiana 70130
                                                       Phone: 504-581-3200
                                                       Fax:    504-581-3361

                                                       Defendants' Liaison Counsel

                                                       —and—

        Douglas R. Marvin
        Eva Petko Esber
        M. Elaine Horn
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Phone: 202-434-5000
        Fax:    202-434-5029

        Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of April, 2010.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1014256v.1