# EXHIBIT A

## CLIP ONE:

**Testimony before the Health and Welfare Committee from 5/22/2002**

Secretary Hood:  . . . There was brought up the concern about would this be a replay of the 1989 formulary that was put into effect.  The answer is no.  There was no prior authorization in 1989.  That meant that it was either you use the drug on the list or you don't get the drug, period.  But that's not the case now.  We do have prior authorization . . .

## CLIP TWO:

**Testimony before the Health and Welfare Committee from 5/9/2002**

Mrs. Schwegmann:  . . . Following up to Dr. Hines, I'm looking at Page 9 of the actual act at the bottom and are you saying that in this act that we passed last year, it looks like they used the words interchangeably pharmacopeia and formulary.  They keep saying one or the other or in some sections they say one and in another section, they say another.  So I'm assuming that the intent there was that they are pretty much equal.  Those two words.  It doesn't matter.  They're synonyms.

DHH Attorney:  Yes, ma'am.

Mrs. Schwegmann:  Are you saying that if, we had used instead of that language, preferred drug list, instead of those two terms, that we would have been less restrictive as far as . . .

DHH Attorney:  As far as the federal law, you would be less restrictive.  You would be held to a lower standard.

Mrs. Schwegmann:  Ok.

DHH Attorney:  I guess for lack of a better term.

Mrs. Schwegmann:  Well ok, well I'm not so much concerned about federal law as I am the effect on our citizens.

DHH Attorney:  Sure.

Mrs. Schwegmann:  And, so you are saying that you have interpreted this act but you are using the mentality, if you will, of the preferred drug list, which is the less restrictive way? Are we doing the . . .

DHH Attorney:  Well, it will be more restrictive when you're looking at recipients cause they have more access to more drugs using a PDL because they'll be no chance for us to exclude any drugs

1

Mrs. Schwegmann:   Oh, ok, yea

DHH Attorney:  So I'm kinda going back . . .

Mrs. Schwegmann:  When I say less restrictive or more restrictive, it depends on one's perspective.

DHH Attorney:  Yea, right.  Exactly.

Mrs. Schwegmann:  I understand but you all have taken the premise that you're going by preferred drug list.

DHH Attorney:  Right

Mrs. Schwegmann:  Ok, um, ok, I think I've gotcha.  That's fine.  Thank you very much.

The Chairman:  It's really more just semantics . .

Mrs. Schwegmann:  Right

The Chairman:   A different word for the same thing that we did. . .

Mrs. Schwegmann:  Right

The Chairman:  I mean there is nothing different from what pharmacopeia whatever you want to say.  We didn't do anything different other than say it's a preferred provider list.

Mrs. Schwegmann:  No, but they sat here and said that if they were strictly going by the word formulary, that they could say automatically these drugs are excluded . . .

The Chairman:  That's correct, that's correct . . .

Mrs. Schwegmann:  And no way no how.

The Chairman:  They never intended to do that.  The legislative intent that was never presented that way.  None of it was ever voted on it that way and I would have never even authored the bill with that type of language.  Our intent . . .

Mrs. Schwegmann:  But. . .

The Chairman:  I understand.  It semantics of word.  I concede that to you.

Mrs. Schwegmann:   Ok, so, what we're saying is, that we are, um, if someone wants to call this a drastic change, the way we have interpreted it, is a less drastic change than if we were going by the word, if we took it literally.  Is that correct?

DHH Attorney:  Right.

Mrs. Schwegmann:   Than what we have now?

DHH Attorney:  Right

Mrs. Schwegmann:  Ok.