**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | **Case Number: 2:05cv01011** |
| **Smita Sanjanwala** | PLAINTIFF |
| v. | |
| **Merck & Co., Inc.** | DEFENDANT |

**MOTION TO SET ASIDE ORDER OF DISMISSAL**
**and**
**REINSTATE CASE ON ACTIVE DOCKET OF THE COURT**

Ms. Sanjanwala's claim against Merck was dismissed during the time period when she had been granted leave by this Order to obtain counsel. Ms. Sanjanwala was notified that her claim was dismissed with prejudice when it should not have been, and it is within the Court's authority to set aside that Order of dismissal and allow Ms. Sanjanwala to proceed with her claim.

The Court has steadfastly emphasized the importance of each individual claimant's ability to have his case heard in these proceedings. It is only when a claimant has shown a steadfast and repeated unwillingness to proceed with a claim, or to conform to orders of Court, that the Court has been willing to dismiss an individual's claim.

Smita Sanjanwala filed her Vioxx claim in 2005. She has repeatedly proven her commitment to proceeding with this claim. Her claim was dismissed on October 30, 2009, despite an express Order from the Court entered on October 9, 2009, that allowed Ms. Sanjanwala a period of sixty (60) days to retain an attorney and to fully comply with PTO 43.

Ms. Sanjanwala was at that time *pro se*, and she had no attorney to help her understand the possible discrepancy between these two Orders.  *See* Orders attached to Affidavit of Ulhas Sanjanwala as TAB A and TAB B.  To make matters worse, in late December she received a letter from the Brown Greer "*Pro Se* Coordinator" that her claim was, in fact, dismissed, that she had no recourse through the Vioxx Resolution Program and no further recourse through any court.  *See* Affidavit of Ulhas Sanjanwala, TAB C.   At that point, Ms. Sanjanwala, and her husband who is her caretaker and who is assisting her in presenting this action, understandably felt that they had been failed by the judicial system.

Mr. Sanjanwala's Affidavit is attached.  Mr. Sanjanwala Affidavit encloses the referenced Orders of the Court and sets forth his understandable belief that the permission to find new counsel was superseded, and retracted, by the subsequent Order of Dismissal of Smita's claim.

Merck moved for this dismissal despite that it had extensive discovery from Ms. Sanjanwala, including substantial compliance with PTO 43, as follows:

| | |
|---|---|
| Answers to Merck's Interrogatories with 19 different electronic files of medical records | January 13, 2006 |
| Supplemental Answers to Merck's Interrogatories | August 14, 2006 |
| Compliance with Preservation Notice requirements of PTO 43 | March 12, 2008 |
| Amended and Supplemental Plaintiff Profile Form | July 30, 2008 |
| Answers to Interrogatories | July 30, 2008 |
| Sanjanwala Affidavit | July 30, 2008 |

The undersigned counsel is gathering the information that Merck already has.  Once all of Ms. Sanjanwala's materials are obtained from Brown Greer, from Merck's central medical records repository and from Ms. Sanjanwala's former counsel, the case specific report required by PTO 43 will be promptly obtained.  Ms. Sanjanwala's former counsel has already advised the Sanjanwalas that all other requirements of PTO 43 have been fully met.

Accordingly, Smita Sanjanwala moves the Court to set aside the Order of Dismissal entered October 30, 2009, and to provide her with sixty (60) days to fully comply with PTO 43.

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com
*Counsel for Plaintiff, Smita Sanjanwala*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been served upon Liaison Counsels, Phillip A. Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of April, 2010.

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com
*Counsel for Plaintiff, Smita Sanjanwala*

3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | **Case Number:  2:05cv01011** |
| **Smita Sanjanwala** | PLAINTIFF |
| v. | |
| **Merck & Co., Inc.** | DEFENDANT |

## ORDER

The motion of the Plaintiff to Set Aside the Order of Dismissal and to Reinstate this case on the active docket of the Court having come before the Court, and the Court having considered the arguments of counsel,

**IT IS HEREBY ORDERED** that the motion to set aside the Order of Dismissal entered herein on October 30, 2009, and to reinstate this case on the active docket of this Court be and the same hereby is **GRANTED**.  **IT IS ORDERED that** this matter shall be reinstated on the active docket of this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall have sixty (60) days from the entry of this Order to comply with PTO 43 and any other applicable Orders of this Court.

New Orleans, Louisiana, this _____ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

4