# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | Case Number: 2:06cv10987 |
| **Sandra Elliott** | PLAINTIFF |
| v. | |
| **Merck & Co., Inc.** | DEFENDANT |

## MOTION TO SET ASIDE ORDER OF DISMISSAL
### and
## REINSTATE CASE ON ACTIVE DOCKET OF THE COURT

Sandra Elliott's claim against Merck was fully presented in the Vioxx Resolution Program. Merck was aware of her desire to pursue her claim. Merck in fact knew that Ms. Elliott had heart related problems, including a heart attack of uncertain date, and an established course of Vioxx use. Ms. Elliott was advised that her Future Evidence Stipulation ("FES") was rejected, and she was never advised that the cure she attempted had been accepted. Ms. Elliott's former counsel were under the impression she was obtaining new counsel, and Ms. Elliott was completely unaware that Merck had moved forward with dismissal of her claim without first advising her, or without being advised by the Claims Administrator, that her FES had been accepted. Merck's assertion that it is entitled to dismissal due to the absence of a *Lone Pine* report as a material non-compliance with PTO 43 in these circumstances is quite debatable. It is within the Court's authority to set aside the Order of dismissal entered October 30, 2009, and to allow Sandra Elliott, a claimant who has always demonstrated her desire to pursue her claim, and

who never received the multiple notices of potential dismissal contemplated by these administrative orders, to proceed with her claim.

The Court has steadfastly emphasized the importance of each individual claimant's ability to have his case heard in these proceedings. It is only when a claimant has shown a steadfast and repeated unwillingness to proceed with a claim, or to conform to orders of Court, that the Court has been willing to dismiss an individual's claim. Merck's conduct here does not meet that stated goal. It moved for dismissal with no opportunity to cure, and its motion was barely a month after Ms. Elliott submitted her cured FES. The Order was entered three weeks later.

Ms. Elliott's Affidavit is attached. That Affidavit reflects that Ms. Elliott had heart failure and a heart attack of uncertain date diagnosed after approximately six months of Vioxx usage. With this sort of claim, it is arguable that Merck *already has* the case specific connection it presumably seeks with the *Lone Pine* report.

Nevertheless, the undersigned counsel is in the process of obtaining the case specific report contemplated by PTO 43, and believes that will be provided, and in all likelihood within the next two weeks if not sooner.

Merck moved for this dismissal despite that it had extensive discovery from Ms. Elliott, including substantial compliance with PTO 43, as follows:

| | |
|---|---|
| Plaintiff Profile Form and medical authorizations | April 5, 2007 |
| Supplement to PPF and additional information | August 28, 2007 |
| Enrollment in RP, with Claims Form, all medical records | Various, 2008-2009 |

The undersigned counsel is gathering the information that Merck already has. Once all of Ms. Elliott's materials are obtained from Brown Greer and from Merck's central medical records repository, counsel can determine whether any other requirements of PTO 43 remain to be met.

Accordingly, Sandra Elliott moves the Court to set aside the Order of Dismissal entered October 30, 2009, and to provide her with sixty (30) days to fully comply with PTO 43.

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com
*Counsel for Plaintiff, Sandra Elliott*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been served upon Liaison Counsels, Phillip A. Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of April, 2010.

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY   40208
502.637.7200
502.637.3999
aoldfather@oldfather.com
*Counsel for Plaintiff, Sandra Elliott*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | **Case Number:  2:06cv10987** |
| **Sandra Elliott** | PLAINTIFF |
| **v.** | |
| **Merck & Co., Inc.** | DEFENDANT |

## ORDER

The motion of the Plaintiff to Set Aside the Order of Dismissal and to Reinstate this case on the active docket of the Court having come before the Court, and the Court having considered the arguments of counsel,

**IT IS HEREBY ORDERED** that the motion to set aside the Order of Dismissal entered herein on October 30, 2009, and to reinstate this case on the active docket of this Court be and the same hereby is **GRANTED**.  **IT IS ORDERED that** this matter shall be reinstated on the active docket of this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the entry of this Order to comply with PTO 43 and any other applicable Orders of this Court.

New Orleans, Louisiana, this _____ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE