UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO ALL CASES

## MOTION TO ESTABLISH LEADERSHIP RESPONSIBILITIES FOR PTO 29 AND PTO 43 CLAIMANTS

Defendants benefit significantly from the coordination of proceedings required by multi-district litigation. Part of the trade-off justifying mandatory removal of plaintiffs from their home state federal courts is the potential advantage gained by those plaintiffs when they can coordinate efforts with other plaintiffs' counsel, in a manner not typically available to the plaintiffs' bar outside the context of mass tort litigation and multi-district proceedings. The process of coordinated work toward a common goal allows all plaintiffs counsel to build upon, and obtain the advantage of, the work efforts of other counsel. Those claimants in this action who participated in the Vioxx Resolution Program have benefitted greatly from those types of coordinated efforts. Unfortunately, the diligent efforts of the Plaintiffs' Steering Committee to develop and prosecute all the Vioxx claims ended abruptly with the announcement of the Master Settlement Agreement on November 9, 2007.

The undersigned is responsible for the small group of diverse cases subject to PTO 28. Merck has recently confirmed that not all PTO 28 cases had been identified on the original census, and Merck has refused to provide comprehensive information about the number of

pending PTO 29 and PTO 43 cases, which is not known to the undersigned nor to the original PSC or Liaison Counsel. The development of the cases under PTO 28 is not in the least different from the development of the cases under PTO 29 and PTO 43, and the undersigned cannot adequately represent this group with coordinating the efforts of all plaintiffs attorneys with any personal injury cases against Merck. The undersigned is also counsel of record in PTO 43 cases, and has been consulted and expects to appear in PTO 29 cases.

Merck has characterized this litigation in its pleadings as "winding down." The settlement of tens of thousands of claims is an overwhelmingly significant step, but it does not follow that those persons who did not benefit from that settlement are left in litigation that is either "winding down" or which is treated by Merck as if it has ended and only those with unworthy claims are left.

The undersigned counsel has for some time been concerned that there is no proactive leadership on the PTO 29 or PTO 43 cases as had been present in this case prior to the Master Settlement Agreement. The PTO 28 cases need this coordinated effort to have a realistic chance of succeeding. Further discussion in an open forum is not appropriate as it only benefits Merck whose interest, after all, is to achieve an end to every claim. As a result of these concerns, the undersigned counsel sent private correspondence to Mr. Herman dated March 19, 2010, for the purpose of exploring and resolving these issues. Unknown to the undersigned, Mr. Herman provided that correspondence to Mr. Marvin and to the Court, so it is attached here at TAB 1. At the March 23, 2010, Status Conference, the Court directed the parties to meet and confer regarding the issues raised in the letter of March 19, 2010. The parties did so.

During those conferences, which extended for several weeks, the PSC confirmed through Mr. Herman that it has "no responsibility to discover or litigate PTO 29 cases," and the PSC

2

would not commit to any discovery or coordination duties with respect to PTO 43 cases. Neither the PSC nor Liaison Counsel know how many cases are pending under PTO 29 or PTO 43, and they do not maintain contact lists for counsel in those cases, nor do they attempt to coordinate the cases between those counsel. Communication is the basic first step of any effort at coordination; with no communication between the claimants that remain in this action, the playing field is unfairly skewed and the path ahead is one where Merck will succeed by attrition.

The PSC and Liaison Counsel agreed that it would ask Merck to provide the undersigned with contact information for all remaining personal injury claimants. As a result, the undersigned immediately sent the letter attached at TAB 2 to Douglas Marvin. Mr. Marvin responded with his letter of April 20, 2010, attached at TAB 3 (the letter referenced by Mr. Marvin from the undersigned of April 19, 2010 is at TAB 4, solely because it is discussed by Mr. Marvin).

As a result of these efforts, the PSC has agreed to convene a meeting of its Science Committee with the representatives from the PTO 28 PSC on April 28, 2010. This is an excellent first step, but vigorous leadership is needed if these remaining claimants are to receive the same level of attention from this Court as was afforded to those claimants who have ultimately benefitted by their participation in the Resolution Program.

The three groups of personal injury claimants are identical in composition— all three groups have MI, IS and other injuries. There are those who were ineligible for or did not enroll in the Vioxx Resolution Program but who had filed suit as of November 9, 2007 (PTO 28), those who had not filed suit as of November 9, 2007 (PTO 29), and those who have not met the "gate" requirements of the Vioxx Resolution Program and who have opted to return to the litigation by filing Future Evidence Stipulations (PTO 43). All of these claimants are as entitled as those who

entered the Resolution Program to the benefits of this multi-district proceeding and the coordinated efforts of a Plaintiffs' Steering Committee vigorously representing their interests and attending to the prosecution and presentation of their claims.

There is no order of this Court known to counsel that terminated the obligation of the PSC under PTO 6 to these remaining claimants. PTO 6, among other responsibilities, requires the PSC to

- coordinate and conduct all pretrial discovery "on behalf of plaintiffs in all actions which are consolidated with the instant multi-district litigation"
- to "conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs"
- to "call meetings with counsel for plaintiffs for any appropriate purpose…[and to] initiate proposals, suggestions, schedules or joint briefs…"
- to "act as spokesperson for all plaintiffs at pretrial proceedings,…[to] oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC"
- to schedule meetings, keep minutes or transcripts of those meetings with a view toward accomplishing the overall purpose of the MDL, eg. expeditious, economical and just resolution oft his litigation *for all parties.*

Further, PTO 1, at paragraph 16, establishes the Court's intent in appointing the PSC to so that it will be the entity responsible "to conduct and coordinate the discovery stage of this litigation."

In conclusion, the Court is requested to establish leadership responsibilities for the PTO 29 and PTO 43 cases, so that the discovery and coordination of the remaining claims can progress with the same level of cooperation and coordination with Merck that has been accorded the settled claimants.

Respectfully submitted,

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY  40208
502.637.7200
502.637.3999
aoldfather@oldfather.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been served upon Liaison Counsels, Phillip Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of April, 2010.

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
Liaison Counsel/Lead Counsel
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY  40208
502.637.7200
502.637.3999
aoldfather@oldfather.com