# TAB 3

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DOUGLAS R. MARVIN
(202) 434-5400
dmarvin@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 20, 2010

**VIA EMAIL & FIRST CLASS MAIL**

Ann B. Oldfather
Oldfather Law Firm
1330 South Third Street
Louisville, Kentucky 40208

Dear Ann:

This is in response to your letter of April 14 seeking lists of cases subject to PTOs 29 and 43. This also is in response to your letter of April 19, in which you refuse our April 2 request for deposition dates in three of your PTO 28 cases.

### Request for Lists of PTO 29 and 43 Cases

This is now the third time, at least, where you have sought the names of plaintiffs represented by other counsel in proceedings that lie beyond the responsibilities assigned to you by the Court.

In August of last year, you asked the Court to instruct Merck to provide you with lists of pending cases that were not subject to PTO 28. The Court declined to do so and instructed the Committee for which you were appointed liaison counsel to focus on "investigating and marshalling issues regarding general causation" for the cases listed on the Exhibit to that Order, namely, the PTO 28 cases.

Then, the following month, on September 21, the Court again denied your request to expand your responsibilities beyond the PTO 28 cases. In a Minute Order, the Court "clarified" your responsibilities, stating that those responsibilities "extend only to those cases subject to PTO 28 *and not to those cases subject to PTO 29 cases or PTO 43 cases*." (emphasis added.)

The record is clear that you have not been appointed to represent PTO 29 and 43 cases. Accordingly, I do not believe that I am at liberty to provide information about a group of cases to any lawyer who is not duly appointed as the representative for that group.

WILLIAMS & CONNOLLY LLP

Ann B. Oldfather
April 20, 2010
Page 2

As for historical information on all Future Evidence Stipulations, in nearly every case, the claimant was represented by his or her own counsel. We assume that you are not asking for the names of plaintiffs -- and their lawyers -- who chose not to pursue their FES claims pursuant to PTO 43, withdrew their FES, or failed to cure deficiencies in their FES. We would expect that most counsel would object to another lawyer asking about their clients.

I agree that it is important for the remaining claimants to receive vigorous representation. But quite frankly, I do not see how you can draw the conclusion that these claimants have not been receiving vigorous representation from their own lawyers or the PSC.

### Case-Specific Discovery

Curiously, at the same time you are requesting information about other cases, you also are professing the inability to advance cases for which you are lead counsel. On April 19, you rejected our April 2 request for deposition dates in three of your cases based on your "organizational difficulties" in managing your workload and finding general causation experts. This seems to be a recurring issue.

Last summer, you expressed concern to Judge Fallon about dealing with case-specific depositions for the PTO 28 cases while searching for a general causation expert who would agree to testify in venous thrombosis cases. Specifically, you indicated both to me and the Court that you would like *four months* for that endeavor. After more than six months had expired, we renewed our inquiries about depositions, but you wanted more time. On April 2, 2010, after several additional months had passed, we sent you a letter requesting depositions in three of your cases. There is no legitimate basis for continued delay in advancing case-specific discovery.

As for *Butterfield*, although certain deficiencies in this plaintiff's medical records remain, Judge Fallon denied our PTO 28 motion for dismissal of this case. In light of Judge Fallon's order, we have undertaken to obtain Ms. Butterfield's, and other plaintiffs', missing medical records on our own, and we will request depositions in those cases when that collection process is complete. We fail to see which part of his ruling you would ask him to revisit. But more to the point -- as you noted in your letter's final sentence -- Ms. Butterfield's missing medical records have nothing to do with our present requests for depositions.

Sincerely,

Douglas R. Marvin