**TAB 4**

# OLDFATHER LAW FIRM
## ATTORNEYS AT LAW
1330 SOUTH THIRD STREET
LOUISVILLE, KENTUCKY 40208

ANN B. OLDFATHER†
aoldfather@oldfather.com

VICKI L. BUBA *
vbuba@oldfather.com

KIRSTEN R. DANIEL*
kdaniel@oldfather.com

R. SEAN DESKINS
sdeskins@oldfather.com

\* Also admitted in Indiana
† Board Certified in Civil Trial Advocacy

TELEPHONE 502.637.7200
FAX 502.637.3999
www.oldfather.com

April 19, 2010

**VIA EMAIL & U.S. MAIL**
Mr. Paul E. Boehm
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, D.C. 20005

Re:  *Vioxx Litigation*

Dear Paul:

      Doug Marvin can confirm that Merck's motion in 2009 to lift the stay of discovery was granted by the Court on the assurance that discovery would not be conducted in cases where I was counsel of record. I know that it will ultimately beappropriate to conduct case specific discovery on cases ultimately identified as trial cases in the MDL. That determination cannot be made until the general causation case for non-MI and non-IS claimants has been made by disclosure of appropriate experts and (if sought by Merck) *Daubert* hearings on their opinions.

      Due to the organizational difficulties encountered in the past six months, the significant re-direction of my time to procedural matters as Merck has continued apace with its efforts to dismiss claims under the procedural requirements of PTOs 28, 29 and 43, the significant time required to comply with those PTOs in cases where I am counsel of record, and other factors, we are still working on those general causation experts.

      It is worth observing that Judge Fallon's comment on March 23, 2010, regarding case specific discovery was made in the context of addressing your complaints of inadequate compliance in the *Butterfield* matter. Brian Goldstein and I have both gone back and looked through these records. Frankly, Paul, it looks plain to me that Merck has been brow-beating this plaintiff under the threat of dismissal; I cannot believe that you want to have Judge Fallon take a close look at this case. Here is what the record shows:

    1.    On May 2, 2009, Myrtle Butterfield provided a 47 page Verified Amended and Supplemental Plaintiff Profile Form. At the same time, Ms. Butterfield provided Merck with a comprehensive authorization for release of any of her medical records. Ms. Butterfield also provided sworn answers to interrogatories.

Mr. Paul Boehm
April 19, 2010
Page 2 of 3

2. Ms. Butterfield's May, 2009, compliance identifies multiple physicians by name and address and provides comprehensive and extensive information regarding Vioxx usage.

3. Merck has been provided with 51 pages of pharmacy records, and 413 pages of physician and hospital records. Two physicians' offices have responded that they have no records, and correspondence to another physician's office was undeliverable.

4. Mr. Goldstein has affirmed under oath that two of the physicians about whom Merck complains regarding an absence of records (Drs. Wasicek and Handlesman) were contacted on two occasions (July 7, 2005, and May 27, 2009) and received follow-up telephone requests on two occasions. Despite these efforts, Mr. Goldstein's office has been unable to secure Ms. Butterfield's records, and he so attested in his 2009 Affidavit.

5. On November 17, 2009, Brian Goldstein provided his Affidavit regarding efforts to obtain records from certain care providers.

6. On November 25, 2009, Ms. Butterfield provided her Affidavit regarding efforts made to obtain medical and pharmacy records.

7. At that point, there was nothing stopping Merck from using the Authorizations in its possession. To our knowledge, those Authorizations have not been used even up through today.

Paul, we have absolutely no objection to Merck's use of the subpoena power of this Court to obtain medical records when the request/authorization avenue has been unsuccessful. However, in terms of procedural compliance, Merck has no ground for complaint in the *Butterfield* case.

If Merck proceeds with its efforts for case specific discovery in cases where I am counsel of record, then I will ask Judge Fallon to reconsider his comments of March 23, 2010, and request that he take a close look at the record in the *Butterfield* case to determine the *bona fides* of Merck's position in this regard.

Please let me know your position with respect to this matter at your earliest convenience so that we can have this ready to be fully discussed on April 29, 2010, if necessary. Until then, I would prefer that we refrain from the depositions you have asked to schedule (none of which, by the way, deal with your represented problem in the *Butterfield* case).

Mr. Paul Boehm
April 19, 2010
Page 3 of 3

                                      Sincerely,

                                        Ann B. Oldfather

ABO/mas

c:     Michael Williams (via email only)
       Brian Goldstein (via email only)
       Shawn G. Foster, Esq. (via email)
       Grant Davis, Esq. (via email only)
       Thomas J. Preuss, Esq. (via email only)