UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT REPORT NO. 56 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 56.

I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.  The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement.  Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-mail address, claimsadmin@browngreer.com..  Further information regarding the settlement

program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq. By Order entered February 11, 2009, the Court granted the motion. U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program. The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator. A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov. The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

II.     THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have submitted claims for enrollment. BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the Program at the monthly status conference on April 29, 2010.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal

1014968v.1

website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal.  The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily. Further, at the last monthly status conference on March 23, 2010, the Court stated that no further extensions will be granted for ischemic stroke cases under claims review.  The Court's statement is also posted on the Court's website, http://vioxx.laed.uscourts.gov.

### III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On November 2, 2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and Bankruptcy-Related Cases.  On December 3, 2009, the Court issued an Order establishing authority of the Lien Resolution Administrator to resolve claims for all probate and bankruptcy related cases.

On March 12, 2010, the Lien Administrator filed a Petition to Establish An End Date For Notifying the Lien Resolution Administrator of Other Governmental Statutory Obligations.  On March 12, 2010, the Court issued an Order finding that it is in the best interest of all parties to the Vioxx Settlement Program that the End Date for Notice by Claimants or their Counsel to the Lien Resolution Administrator of Other Governmental Statutory Obligations be set for March 18, 2010.  The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.  At the monthly status conference, Special Master Juneau will report on the appeal process.

V.  CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court.  On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order.  As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties are conferring on how to proceed in

---

[1]      Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.  Merck's counsel will be prepared to discuss this situation at the monthly status conference on April 29, 2010.

1014968v.1

addressing these cases.  The parties will be prepared to report on their status at the next status conference regarding these cases.

      VI.      STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on April 29, 2010.

      VII.      *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").  The PLC and Curator will be prepared to discuss this further at the monthly status conference on April 29, 2010.

1014968v.1

VIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.

IX.   GOVERNMENT ACTIONS

A.   Louisiana Attorney General Action

Trial in the Louisiana AG case commenced on April 12, 2010.  On April 15, 2010, Merck filed a Rule 52(C) Motion for Judgment on Partial Findings.  Plaintiff filed its opposition on April 20, 2010.  The Court took the motion under submission.  Closing arguments were held on April 21, 2010.  Proposed Findings of Fact and Conclusions of Law are to be submitted on April 28, 2010, not later than noon, at which time the matter shall be taken under submission.  The parties will be prepared to discuss these issues further at the monthly status conference on April 29, 2010.

B.   Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009.  Document productions in these Government Actions have begun and continue on a rolling basis.  Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.  The parties exchanged respective lists of claimed outstanding discovery issues pertaining to the remaining Government Actions pending in the MDL and have participated in meet-and-confers to discuss the respective lists and other issues relating to these cases.  The parties have narrowed the discovery issues in dispute.

1014968v.1

On April 6-7, 2010, the parties participated in a two-day meet-and-confer to review the "data dictionaries" of certain Merck databases and systems and to discuss the form and content of the anticipated production from Plaintiffs' claims databases.  Prior to April 21, 2010, the non-Louisiana Government Action Plaintiffs circulated to Merck's counsel a draft of a letter they proposed to forward to the Court outlining their position on certain electronic discovery issues and on April 21, 2010 presented the letter to the Court.  Per subsequent discussions with Plaintiffs' counsel, Merck agreed to respond to the April 21st letter prior to the upcoming monthly status conference.

The parties have asked the Court to postpone the previously scheduled status conference in the Government Action cases, and, in its place, convene a telephone conference to discuss outstanding discovery issues raised in pre-conference correspondence to the Court submitted by both parties.  Further, the parties have also exchanged schedules for discovery and argument on remand motions for all non-LA Government Actions, and continue efforts to reach a consensus so that a single schedule may be presented to the Court.  The parties anticipate that the telephone conference with the Court on April 30, 2010 and the decisions reached therein will greatly benefit the parties and enable them to reach consensus on the schedule to be presented to the Court.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

X.    PENDING PERSONAL INJURY CASES SUBJECT TO PTO 28

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program

1014968v.1

or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases. The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

XI.   FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument. On January 27, 2010, the Court issued an Order directing representatives of the common Benefit Fee Applicants and Liaison Counsel for the Objectors to meet and confer in an attempt to agree upon an appropriate discovery and briefing schedule. Pursuant to that Order, a Joint Submission was filed with the Court on February 19, 2010 setting forth competing proposed discovery protocols. On September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as

- 8 -

Liaison Counsel for common benefit fee application objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule. Depositions of Liaison Counsel for Objectors and Plaintiffs' Liaison Counsel are scheduled for April 28, 2010. Further, the Court has scheduled a status conference on April 29, 2010 to discuss issues related to the objectors to the motion. Plaintiffs' Liaison Counsel and Liaison Counsel for Objectors will be prepared to discuss this further at the monthly status conference on April 29, 2010.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs. The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court. On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award. This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

XII.    MERCK'S MOTIONS AND RULES ON PTOs

A.    PTO 28

The remaining matter deferred from Merck's Ninth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 will be heard immediately following the monthly status conference on April 29, 2010.  The remaining matters from Merck's First and Second Renewed Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 which were heard on March 23, 2010 were deferred for sixty (60) days to enable the parties to access compliance and conduct discovery if needed.  The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

B.    PTO 43

The remaining matters deferred from Merck's First, Third, and Fourth Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 will be heard immediately following the monthly status conference on April 29, 2010.

On April 21, 2010, Merck filed its Fifth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43.  The motion will be heard on May 13, 2010 at 1:30 p.m.

1014968v.1

C.     PTO 29

The remaining matters differed from Merck's Eighth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 29 will be heard immediately following the monthly status conference on April 29, 2010.

D.     MOTION TO DISMISS EXTINGUISHED CLAIMANTS' CASES

On April 7, 2010, Merck filed a Motion to Dismiss Extinguished Claimants' Cases. The motion will be heard immediately following the monthly status conference on April 29, 2010.

XIII.   OTHER MOTIONS

On February 6, 2009, *pro se* plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.  Merck filed a combined opposition to the Stratton Faxon and Benjamin motions and filed an opposition to the *Bethea* motion.  The motions have been taken under advisement by the Court.

Two motions for reconsideration/reinstatement of cases are set for hearing immediately following the monthly status conference on April 29, 2010.

XIV.   APPEALS

By *Per Curiam* dated February 2, 2010, the United States Court of Appeals for the Fifth Circuit dismissed the appeal of *pro se* plaintiff Reginald K. Fears, No. 09-31007.  By *Per Curiam* dated February 8, 2010, the United States Court of Appeals for the Fifth Circuit

- 11 -

granted Merck's Motion to Dismiss for Lack of Jurisdiction the appeal of Debra Miller, 09-21204. Certain other appeals from dismissals with prejudice remain pending with the Fifth Circuit.

Two appeals from dismissals for noncompliance with PTOs 28 and 29 are now pending before the United States Court of Appeals for the Fifth Circuit -- the *Dier* and *Nobile* cases. A motion to consolidate those appeals has been filed. The court has advised that oral argument in the *Dier* case is tentatively scheduled for the week of June 7, 2010.

XV.   MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed. On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees. A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov. On December 17, 2009, Pre-Trial Order No. 47A, which deals with the establishment of a procedure for attempted liens for attorneys fees and expenses relating to Vioxx Settlement payments, was entered by the Court.

NEW MATTERS

XVI.   PENDING PERSONAL INJURY CASES SUBJECT TO PTO 29 AND PTO 43

On March 23, 2010, the Court instructed the parties to meet and confer regarding exchange of information pertinent to cases still before the Court and subject to PTO 28, PTO 29,

- 12 -

1014968v.1

or PTO 43.  The parties were also to meet and confer regarding leadership necessary to allow for the development and coordination of those cases.

On April 23, 2010, Ann Oldfather filed a Motion to Establish Leadership Responsibilities for PTO 29 and PTO 43 Claims.  The matter is not yet set for hearing.  The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

XVII.  NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Russ M. Herman                                      
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly                                 
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:     (504) 581-3200
FAX:   (504) 581-3361

**Defendants' Liaison Counsel**

1014968v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 56 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of April, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1014968v.1