**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:  VIOXX®PRODUCTS LIABILITY LITIGATION | MDL 1657<br>SECTION L<br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO: | <u>Case Number:  2:05cv04981</u> |
| **Roger Carver, Individually and as representative of the Estate of Gail Carver** | PLAINTIFF |
| v. | |
| **Merck & Co., Inc.** | DEFENDANT |

**<u>SUPPLEMENT TO ROGER CARVER'S MOTION TO SET ASIDE ORDER OF DISMISSAL</u>**

Comes the Plaintiff, Roger Carver, by counsel and supplements his Motion to Set Aside the Order of Dismissal entered on October 16, 2008, which terminated his claim for the wrongful death of his wife, Gail Carver, due to use of the drug Vioxx.

Roger Carver has made considerable effort to comply with everything required of him as a plaintiff in this litigation.  He has, over and over again, indicated his desire to proceed with this case.  For example, and never discussed in Merck's motion to dismiss this case, Mr. Carver completed all these steps:

| | | |
|---|---|---|
| a. | Plaintiff Profile Form | October 20, 2006 |
| b. | Answers to Discovery | October 20, 2006 |
| c. | Amended Plaintiff Profile Form | November 15, 2006 |
| d. | Answers to Interrogatories | November 15, 2006 |
| e. | Order Appointing Administrator | November 15, 2006 |

  f. Death Certificate  November 15, 2006

  g. Revised Medical Authorizations  November 15, 2006

  h. Listing of Diagnostic Tests  November 15, 2006

  i. Records from Express Scripts  November 15, 2006

  j. Additional Records from Express Scripts  November 15, 2006

  k. Medical Records from Lawrence General Hospital  November 15, 2006

  l. Stop-n-Shop Pharmacy  November 15, 2006

  m. Partial Compliance with PTO 28, regarding Preservation notices  March 3, 2008

The above steps are outlined in the Lexis/Nexis File and Serve case history, attached at TAB 1. None of these case steps, all of which show extensive compliance by Mr. Carver, are in the official court docket (*see* TAB 2) and hence would not have been known to the Court when the dismissal was granted.

  Mr. Carver's claim was dismissed pursuant to Merck's Second Motion to Dismiss Under PTO 28. Merck represented in its Motion (and the undersigned counsel has no reason to dispute this) that it provided a notice to Mr. Carver's counsel with a 30-day period to cure. However, when Mr. Carver's file was obtained from his former counsel, it contained no such letter. Merck's Second Motion to Dismiss Under PTO 28 addressed more than 360 claimants from more than 55 separate law firms. Merck's Motion also represents that the absence of one document, a *Lone Pine* report, is a "material deficiency" despite that every other requirement of PTO 28 was met. In essence, Merck's complaint is that unless there has been compliance with every single provision of PTO 28, then a claim should be dismissed administratively for failure to comply with the procedural requirements of PTO 28.

However, the Court has repeatedly stated that the purpose of the *Lone Pine* Order is to ensure that there is some nexus between the claim and the use of Vioxx. All of Mr. Carver's filings indisputably establish that Gail Carver died as a result of acute pulmonary emboli, and indeed that finding is on her death certificate. Both prior to and after the dismissal of the Carver claim, Merck has received innumerable Lone Pine reports from multiple physicians opining that pulmonary emboli *are* associated with the use of Vioxx.

The Court has also repeatedly underscored that it will not deny a plaintiff the opportunity to present his or her claim when that person has made reasonable efforts to move the case forward. It is indisputable that Mr. Carver has in fact made those efforts. Without waiving the attorney-client privilege, the undersigned counsel provides herewith several letters from Mr. Carver to his former counsel, which are representative of his effort to preserve, promote and pursue his claim for the death of his wife, Gail. *See* TAB 3.

Most importantly, Mr. Carver was never notified that there was an absolute deadline by which he needed to obtain new counsel, nor was he ever notified of any withdrawal by his former counsel. There have been repeated instances in this MDL proceeding where claimants have not been required to take any action in their cases for many months, and sometimes years, at a time. For Merck to conclude that Mr. Carver cannot reinstate his claim because he did not obtain new counsel promptly, after being told by his former counsel that he should be looking for one, is hardly equitable when no deadline is provided, former counsel have not withdrawn, Mr. Carver does not know his claim has been dismissed, and Mr. Carver is told of no particular date by which new counsel must appear.

Mr. Carver has obtained the *Lone Pine* report sought by Merck. *See* TAB 4.

Allowing Mr. Carver to proceed with his claim will serve the overall interests of justice. Merck has an unknown number of personal injury cases still pending against it, and termination of the *Carver* claim by a procedural rule in the face of this claimant's obvious interest in proceeding with his case accomplishes nothing in terms of addressing substantive rights. Merck now has the *Lone Pine* report it wanted in 2008, and nothing would be different today had it been provided then instead of now. Permanently excluding Mr. Carver from this litigation accomplishes nothing when the same claims are made by multiple other claimants.

Mr. Carver respectfully requests that the Court grant his motion to reinstate his case.

s/ Ann B. Oldfather
Ann B. Oldfather
KBA Bar #52553
OLDFATHER LAW FIRM
1330 S. Third Street
Louisville, KY  40208
502.637.7200
502.637.3999
aoldfather@oldfather.com
*Counsel for Roger Carver, Individually and as representative of the Estate of Gail Carver*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Motion has been served upon Liaison Counsels, Phillip A. Wittmann and Russ Herman, by U.S. mail and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of April, 2010.

      s/ Ann B. Oldfather
      Ann B. Oldfather
      KBA Bar #52553
      OLDFATHER LAW FIRM
      1330 S. Third Street
      Louisville, KY   40208
      502.637.7200
      502.637.3999
      aoldfather@oldfather.com
      *Counsel for Roger Carver, Individually and as representative of the Estate of Gail Carver*