**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: VIOXX ® | * | MDL DOCKET NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES:**

**THE PLAINTIFFS' STEERING COMMITTEE'S**
**OPPOSITION TO MOTION TO ESTABLISH LEADERSHIP**
**FOR PTO 29 AND PTO 43 CASES**

The Plaintiffs' Steering Committee opposes Ann B. Oldfather's Motion to Establish Leadership Responsibilities for PTO 29 and PTO 43 Claimants. Pre-Trial Order 45 appointed Ms. Oldfather as Lead Counsel for cases that were ineligible for or not enrolled in the Vioxx Resolution Program ("PTO 28 cases"). The motion by Ms. Oldfather to expand her responsibilities beyond the PTO 28 cases has been considered by this Court previously. Indeed, in a Minute Order, dated September 21, 2009, the Court clarified Ms. Oldfather's responsibilities when she previously sought to expand them. As the Court ruled, Ms. Oldfather's responsibilities "extend only to those cases subject to PTO 28 and not to those cases subject to PTO 29 Cases or PTO 43 Cases." Nothing has changed since then to wrest from the PSC the responsibilities conferred on it by this Court and confer those responsibilities on Ms Oldfather.

Pre-trial Order No. 6, entered April 8, 2005, sets forth the responsibilities of the Plaintiffs' Steering Committee ("PSC").  This PSC has been discharging its responsibilities in this litigation for more than 5 years now.  Ms. Oldfather was appointed as liaison counsel for the PTO 28 cases because many of those cases were eligible to enroll in the Settlement Program but chose not to do so and, since members of the PSC had negotiated the Master Settlement Agreement, the PSC did not oppose the selection of Ms. Oldfather for these cases as well as for those cases involving injuries that the PSC had announced it would not pursue beyond what had already been done.  The same is not true for the PTO 29 and 43 cases.  Many of these cases allege heart attacks and strokes.  These are precisely the injuries that the PSC has investigated for the past 5 years and is in the best position to assist the lawyers who have cases that are pending that involve those injuries.

Moreover, it is important to note that PTO 29 cases are stayed at this time.  Notwithstanding this fact, the PSC has conducted extensive discovery on most, if not all, of the injuries alleged in these cases.  The PSC trial package provides wide-ranging materials that relate not only to heart attack and stroke claims but also numerous other injuries that have been associated with the use of Vioxx.[1]  These materials are available to all eligible counsel for review and use.  To the degree that additional efforts are required, further efforts cannot be undertaken until the stay is lifted.  The Court previously denied a motion filed by Ms. Oldfather to appoint leadership for PTO 29 cases on January 22, 2010.  The PLC, Russ Herman, and the PSC urge this court to deny this motion as well.

---

[1] Though not the subject of Ms. Oldfather's motion, the extensive materials contained in the PSC trial package are also germane to the injuries alleged in PTO 28 cases.

PTO 43 cases are cases that allege heart attack or stroke, but were found not to have passed the "gates" for compensation in the Vioxx Resolution Program and have returned to litigation. The PSC has undertaken all of the discovery necessary to prepare a heart attack or stroke case for trial, except case specific discovery which is not a PSC responsibility under the mandates of PTO 6. Moreover, the PSC trial package and the MDL depository are replete with work product to assist counsel. In regard to the PSC's responsibilities for the preparation of PTO 43 cases, nothing further is needed.

On this date, Ms. Oldfather met with members of the Science Committee and visited the Vioxx depository.

The PLC, Russ Herman, and the PSC continue to vigorously and diligently fulfill their duties and responsibilities as to all cases pending in the MDL. Additional or other leadership for PTO 29 and PTO 43 cases is neither needed nor appropriate at this time. The motion should be denied.

Respectfully submitted,

Date: April 28, 2010    By: /s/ Russ M. Herman_____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of April, 2010.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com