**MINUTE ENTRY**
**FALLON, J.**
**APRIL 29, 2010**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:  VIOXX** | \* | **MDL Docket No. 1657** |
| | \* | |
| **PRODUCTS LIABILITY LITIGATION** | \* | **SECTION "L"** |
| | \* | |
| | \* | **JUDGE FALLON** |
| | \* | |
| | \* | **MAGISTRATE JUDGE KNOWLES** |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

**THIS DOCUMENT RELATES TO ALL CASES**

        The monthly status conference was held on this date in the Courtroom of Judge Eldon E.

Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the

Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the

conference, counsel reported to the Court on the topics set forth in Joint Report No. 56 of

Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by

Ms. Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779

to request a copy of the transcript.  A summary of the monthly status conference follows.

I. SETTLEMENT AGREEMENT

        On November 9, 2007, the parties announced the establishment of a Vioxx Resolution

Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke.

The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(01:30)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the

Master Settlement Agreement and exhibits, together with registration and enrollment forms and

instructions can be found at Claims Administrator's website at

www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its email

address, claimsadmin@browngreer.com.. Further information regarding the settlement program

is available at the website sponsored by the MDL Plaintiffs' Steering Committee:

http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement

Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and

Treasury Regulations §1.468B-1, et seq. By Order entered February 11, 2009, the Court granted

the motion. U.S. Bank requested an amendment to the Escrow Agreement and the amendment

has been agreed to by the parties.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving

future evidence stipulations pursuant to the Vioxx Resolution Program. The Order applies to all

plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the

Settlement Program, but who have submitted a future evidence stipulation to the Claims

Administrator. A copy of Pre-Trial Order No. 43 is posted on the Court's website,

http://vioxx.laed.uscourts.gov.

II. THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have

submitted claims for enrollment. BrownGreer, the Claims Administrator appointed under the

Agreement, reported on the status of the Program at the monthly status conference on April 29, 2010.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily. Further, at the last monthly status conference on March 23, 2010, the Court stated that no further extensions will be granted for ischemic stroke cases under claims review. The Court's statement is also posted on the Court's website, http://vioxx.laed.uscourts.gov.

III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm reported on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On November 2, 2009, the Lien Administrator filed a Motion to Establish

Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and

Bankruptcy-Related Cases. On December 3, 2009, the Court issued an Order establishing

authority of the Lien Resolution Administrator to resolve claims for all probate and bankruptcy

related cases.

On March 12, 2010, the Lien Administrator filed a Petition to Establish An End

Date For Notifying the Lien Resolution Administrator of Other Governmental Statutory

Obligations. On March 12, 2010, the Court issued an Order finding that it is in the best interest

of all parties to the Vioxx Settlement Program that the End Date for Notice by Claimants or their

Counsel to the Lien Resolution Administrator of Other Governmental Statutory Obligations be

set for March 18, 2010.

IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special

Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John

Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special

Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing

appeals submitted under the terms of the Settlement Program. At the monthly status conference,

Special Master Juneau reported on the appeal process.

V. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims. Merck's Rule

12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On

February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic

Loss Cases and submitted a proposed Order.  As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties are conferring on how to proceed in addressing these cases.  A status conference will be held in this matter following the next monthly status conference on June 3, 2010.

VI. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.

VII. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").

VIII. PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

5

IX. GOVERNMENT ACTIONS

A. Louisiana Attorney General Action

Trial in the Louisiana AG case commenced on April 12, 2010. On April 15,

2010, Merck filed a Rule 52(C) Motion for Judgment on Partial Findings. Plaintiff filed its

opposition on April 20, 2010. The Court took the motion under submission. Closing arguments

were held on April 21, 2010. Proposed Findings of Fact and Conclusions of Law were

submitted on April 28, 2010,  at which time the matter was taken under submission.

B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged

formal master discovery requests on June 5, 2009 and served written objections and responses

thereto on August 5, 2009. Document productions in these Government Actions have begun and

continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case

Management Committee and Merck's counsel have participated in several meet-and-confers to

discuss master discovery in these cases, and they continue to engage in good faith discussions

regarding same. The parties exchanged respective lists of claimed outstanding discovery issues

pertaining to the remaining Government Actions pending in the MDL and have participated in

meet-and-confers to discuss the respective lists and other issues relating to these cases. The

parties have narrowed the discovery issues in dispute.

On April 6-7, 2010, the parties participated in a two-day meet-and-confer to

review the "data dictionaries" of certain Merck databases and systems and to discuss the form

and content of the anticipated production from Plaintiffs' claims databases. Prior to April 21,

2010, the non-Louisiana Government Action Plaintiffs circulated to Merck's counsel a draft of a

letter they proposed to forward to the Court outlining their position on certain electronic discovery issues and on April 21, 2010 presented the letter to the Court. Per subsequent discussions with Plaintiffs' counsel, Merck agreed to respond to the April 21st letter prior to the upcoming monthly status conference.

The parties have asked the Court to postpone the previously scheduled status conference in the Government Action cases, and, in its place, convene a telephone conference to discuss outstanding discovery issues raised in pre-conference correspondence to the Court submitted by both parties. Further, the parties have also exchanged schedules for discovery and argument on remand motions for all non-LA Government Actions, and continue efforts to reach a consensus so that a single schedule may be presented to the Court. The parties anticipate that the telephone conference with the Court on April 30, 2010 and the decisions reached therein will greatly benefit the parties and enable them to reach consensus on the schedule to be presented to the Court.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

X. PENDING PERSONAL INJURY CASES SUBJECT TO PTO 28

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports.  On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

## XI. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument. On January 27, 2010, the Court issued an Order directing representatives of the common Benefit Fee Applicants and Liaison Counsel for the Objectors to meet and confer in an attempt to agree upon an appropriate discovery and briefing schedule. Pursuant to that Order, a Joint Submission was filed with the Court on February 19, 2010 setting forth competing proposed discovery protocols. On September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as Liaison Counsel for common benefit fee application objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule. Depositions of Liaison Counsel for Objectors and Plaintiffs' Liaison Counsel are scheduled for

April 28, 2010. Further, the Court held a status conference on April 29, 2010 following the monthly status conference to discuss issues related to the objectors to the motion.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs. The parties will be prepared to discuss this further at the monthly status conference on April 29, 2010.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court. On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award. This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)). On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

XII. MERCK'S MOTIONS AND RULES ON PTOs

A. PTO 28

The remaining matter deferred from Merck's Ninth Motion, Rule and

Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 were heard immediately following the monthly status conference on April 29, 2010. A separate order on this matter will be issued. The remaining matters from Merck's First and Second Renewed Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 28 which were heard on March 23, 2010 were deferred for sixty (60) days to enable the parties to access compliance and conduct discovery if needed.

B. PTO 43

The remaining matters deferred from Merck's First, Third, and Fourth Motions, Rules, and Incorporated Memoranda to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 were heard immediately following the monthly status conference on April 29, 2010.  A separate order on this matter will be issued.

On April 21, 2010, Merck filed its Fifth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43. The motion will be heard on May 13, 2010 at 1:30 p.m.

C. PTO 29

The remaining matters differed from Merck's Eighth Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 29 were heard immediately following the monthly status conference on April 29, 2010.  A separate order on this matter will be issued.

D.  MOTION TO DISMISS EXTINGUISHED CLAIMANTS' CASES

On April 7, 2010, Merck filed a Motion to Dismiss Extinguished Claimants' Cases.  The

motion was heard immediately following the monthly status conference on April 29, 2010.  A separate order on this matter will be issued.

XIII. OTHER MOTIONS

On February 6, 2009, *pro se* plaintiff Stanley Bethea filed a Notice of Removal stating his intent to seek transfer of his case back to the Middle District of Pennsylvania; on February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and Benjamin motions and filed an opposition to the *Bethea* motion. The motions have been taken under advisement by the Court.

Two motions for reconsideration/reinstatement of cases were heard immediately following the monthly status conference on April 29, 2010.  Separate orders on these matters will be issued.

XIV. APPEALS

By *Per Curiam* dated February 2, 2010, the United States Court of Appeals for the Fifth Circuit dismissed the appeal of *pro se* plaintiff Reginald K. Fears, No. 09-31007. By *Per Curiam* dated February 8, 2010, the United States Court of Appeals for the Fifth Circuit granted Merck's Motion to Dismiss for Lack of Jurisdiction the appeal of Debra Miller, 09-21204. Certain other appeals from dismissals with prejudice remain pending with the Fifth Circuit.

Two appeals from dismissals for noncompliance with PTOs 28 and 29 are now pending before the United States Court of Appeals for the Fifth Circuit -- the *Dier* and *Nobile*

11

cases. A motion to consolidate those appeals has been filed. The court has advised that oral argument in the *Dier* case is tentatively scheduled for the week of June 7, 2010.

## XV. MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed. On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees. A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov. On December 17, 2009, Pre-Trial Order No. 47A, which deals with the establishment of a procedure for attempted liens for attorneys fees and expenses relating to Vioxx Settlement payments, was entered by the Court.

## XVI.   PENDING PERSONAL INJURY CASES SUBJECT TO PTO 29 AND PTO 43

On March 23, 2010, the Court instructed the parties to meet and confer regarding exchange of information pertinent to cases still before the Court and subject to PTO 28, PTO 29, or PTO 43. The parties were also to meet and confer regarding leadership necessary to allow for the development and coordination of those cases.

On April 23, 2010, Ann Oldfather filed a Motion to Establish Leadership Responsibilities for PTO 29 and PTO 43 Claims. The matter is not yet set for hearing.

XXII.  NEXT STATUS CONFERENCE

The next monthly status conference will be held on Thursday June 3, 2010, at 9:00 a.m.,

central time.  This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-

468.  Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-

7163.  The access code will be 73086689 and the Chairperson will be Judge Fallon.

