# LAW OFFICE OF RONALD R. BENJAMIN
## ATTORNEYS AT LAW

Ronald R. Benjamin*
Marya C. Young*

*Also Admitted in the District of Columbia

126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902

Phone: (607) 772-1442  Fax (607) 772-1678

Email: ronbenjaminlaw@stny.rr.com

May 6, 2010

*By CM/ECF*
Special Master Patrick A. Juneau, Esq.
Special Master's Office
400 Poydras Street, Suite 2820
New Orleans, LA 70130

      Re:    Gene Weeks v. Merck & Co.

Dear Mr. Juneau:

      Please let this letter serve as a response to the April 26, 2010 letter of Mr. Weeks former counsel; as an update on the present proceedings and for permission to propound discovery as described below for reasons set forth herein.

      April 29, 2010 an appeal was taken to the fifth circuit from orders of Judge Fallon dated March 30, 2010 in April 23, 2010 which essentially seeks to reverse the Court's February 18, 2010 Order and Reasons refusing to vacate or otherwise declare null and void all settlement documents Mr. Weeks executed in this matter. I mention this only because there is at least an argument that the instant fee dispute is premature; however, there are equally compelling arguments the matter is ripe for adjudication at this time. Accordingly, having apprized the Court of the current status I will assume the matter is ripe for adjudication and proceed on that premise until further notice.

      The April 26, 2010 letter of Ms. Tejedor does not require any amplification of the positions I have set forth in my letters of March 31, 2010 and April 2, 2010 which I believe squarely define the issues with respect to entitlement to fees.

      The discovery that I seek relates to the issue of the results obtained on behalf of Mr. Weeks. Specifically I will be looking for the factual basis for reversing the initial decision to deny Mr. Weeks any recovery and the subsequent decision to increase his award. It seems to me the absence of any

additional facts submitted to the decision-maker would permit if not compel the conclusion that it was the motion to vacate that prompted a change resulting in the funds turned over to Mr. Weeks to date. It is not readily apparent interrogatories should be propounded to Merck, BrownGreer, or both. It is also unclear whether permission from the Court is necessary before propounding the interrogatories; whether there should be a meet and confer with representatives from either BrownGreer or Merck prior to propounding the interrogatories. Parenthetically, our position in the Fifth Circuit and any subsequent proceedings with Merck are that those funds are simply a down payment on any subsequent award achieved by either settlement or jury verdict.

I also believe that Mr. Weeks will be a critical witness to the extent there are going to be issues as to when former counsel's services came to an end by way of termination. I propose that Mr. Weeks testimony be taken by telephone; if that cannot be accomplished, his testimony be taken in Florida at a location convenient to him.

I believe this at least preliminarily raises issues that need to be addressed in connection with the instant fee dispute.

Thank you for your consideration regarding the above.

Very truly yours,

Ronald R. Benjamin

RRB/dw

cc: Maria Tejedor, Esq.
Martinez Manglardi Diez-Arguelles & Tejedor
540 N. Samoran Blvd.
Orlando, FL 32807
By Facsimile: 888-611-7879