UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL No. 1657 |
|     Products Liability Litigation | * | |
| | * | SECTION L |
| This Document Relates to: | * | |
| | * | JUDGE ELDON E. FALLON |
| *All Government Actions* | * | |
| | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

### (Production of Merck Database Documentation)

This matter comes before the Court upon correspondence dated April 21, 2010 from Government Actions Plaintiffs ("Plaintiffs") seeking production of certain database documentation from Merck Sharpe & Dohme Corp. ("Merck"). Merck responded to Government Action Plaintiffs in correspondence to the Court dated April 29, 2010. The Court convened a teleconference with the parties on April 30, 2010 to discuss this matter further.

WHEREAS, notwithstanding data productions previously made by Merck in the VIOXX® personal injury litigation and the Government Actions, Plaintiffs have requested data maintained in certain Merck databases and systems that relate to the unique claims, issues, and facts associated with these particular cases. Plaintiffs have requested the data dictionaries and data models for certain Merck databases and systems so that Plaintiffs can endeavor to target data that they contend is relevant to these cases while also seeking to minimize the burden on Merck arising from the potential production of such data;

IT IS ORDERED:

1. Merck shall produce to Randall M. Fox, Esq., Office of the New York State Attorney General, by May 12, 2010, an electronic and paper copy of the data dictionaries made available at the April 6 and 7, 2010 meeting between the parties and shall make a good faith effort to complete production, by May 30, 2010, of an electronic and paper copy of the remaining data dictionaries and data models for the databases and systems identified in correspondence from Plaintiffs' counsel to the Court dated April 21, 2010.

2. Merck's production of the above-referenced database documentation, which contains highly sensitive information constituting commercial trade secrets, shall be governed by the strict confidentiality protections set forth in Pretrial Order No. 13C. Furthermore, this production shall not be used for any regulatory, business, commercial or competitive purpose.

3. Randall M. Fox, Esq. may share the database documentation addressed herein as provided in Pretrial Order No. 13C and with the following individuals hereby designated by the Court: Dawn Barrios, Esq., Sheila Bossier, Esq., Elizabeth J. Cabraser, Esq., James R. Dugan, II, Esq., James E. Fosler, Esq., Stuart A. Kritzer, Esq., Seth R. Lesser, Esq., John Low-Beer, Esq., H. Vincent McKnight, Esq., Liz Natter, Esq., Diane Paolicelli, Esq., Bill Rossbach, Esq., Shelly Sanford, Esq., Mark C. Schultz, Esq., Joseph W. Steele V, Esq., James D. Young, Esq. Use of the database documentation by the foregoing designees must occur within the confines of and in compliance with Pretrial Order No. 13C .

4. In further recognition of the sensitivity of these materials, each Plaintiffs' counsel shall return all copies (in whatever format and wherever they may exist in Plaintiffs' possession, custody, or control) to Merck's counsel in compliance with Pretrial Order No. 13C.

5. No further distribution of this database documentation beyond the terms of Pretrial Order No. 13C is permissible under this Order without express leave of the Court, though Merck, upon written request from Plaintiffs' counsel and in its own discretion, is permitted to expand the scope of designees identified herein or expand the timeframe in which Plaintiffs are permitted to review and return the database documentation.

New Orleans, Louisiana, this 11th day of May 2010.

_____
The Honorable Eldon E. Fallon
United States District Court Judge