UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| Sandra Elliott | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Civil Action No. 2:06cv10987 | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF ELLIOTT'S MOTION TO SET ASIDE ORDER OF DISMISSAL**

This motion is the latest in a series of attempts by Plaintiffs' counsel (most notably, Ms. Oldfather and Mr. Benjamin) to reinstate claims that were, for good reason, dismissed with prejudice long ago. *See, e.g.*, *Dressel* Motion for Reconsideration and Reversal of Order of Dismissal with Prejudice (R. Docs. 33298 & 35486); *Carver* Motion to Set Aside Order of Dismissal (R. Docs. 33200 & 34888); *Weeks* Motion to Amend or Vacate the Court's March 30, 2010 Order Dismissing His Case With Prejudice (R. Doc. 40055). In this instance, Plaintiff asks the Court to overlook her *undisputed* failure to comply with Pre-trial Order 43 ("PTO 43"), for which her claims were dismissed with prejudice on October 30, 2009.

1016463v.1

Plaintiff's motion should be denied. Plaintiff had every opportunity to fulfill the obligations of Pre-trial Order 43 ("PTO 43") prior to her case's dismissal, but she affirmatively decided not to do so. In addition, it would be immensely prejudicial to Merck—particularly at this stage, when the litigation is winding down—if plaintiffs are allowed to reinstate claims that were legitimately and properly dismissed under the rules and procedures set forth by this Court. This motion represents an attempt, without justification, to unwind significant progress that has been achieved in resolving this litigation, and it should be summarily dismissed.

## FACTUAL BACKGROUND

### I. Relevant Provisions of the Settlement Agreement and Pre-Trial Order 43

As the Court is aware, in order to be eligible for payment under the Program, claimants must meet, among other criteria, the injury, duration, and proximity gate criteria as defined in the Master Settlement Agreement ("MSA"). *See* MSA §§ 2.1, 2.2, 2.3. If the Claims Administrator determines that a claimant does not meet one or more of these gates, the Gate Committee takes a further review. *See* MSA § 2.5. If the Gate Committee agrees that a claimant is not eligible, the claimant may appeal the Gate Committee's determination to the Special Master as set forth in the MSA. *See* MSA § 2.6. Alternatively, claimants may exit the Resolution Program by properly executing and delivering a Future Evidence Stipulation within thirty days of the Claims Administrator's notice of ineligibility. See MSA § 2.7.3.

Claimants who choose to execute a Future Evidence Stipulation are subject to the terms of PTO 43. PTO 43 requires that Claimants provide, within thirty (30) days of filing one's Future Evidence Stipulation, the following: (i) a supplemental Plaintiff Profile Form and (ii) a Rule 26(a)(2) case-specific expert report. PTO 43 is clear: "If a FES Claimant fails to comply

with the terms of this Order, the claims shall be dismissed with prejudice, except for good cause shown."

## II. Plaintiff's Claims Were Dismissed with Prejudice under PTO 43 for Failure to Submit a Rule 26(a)(2) Case-Specific Expert Report.

Plaintiff enrolled in the Resolution Program in April 2008. *See* Vioxx Claims Administrator Summary of Claims Event Notices (attached as Exhibit A). Because Plaintiff's medical records showed no evidence of Plaintiff having suffered the heart attack she alleged, however, her claims were deemed ineligible. The Claims Administrator sent Plaintiff a Notice of Ineligibility on April 29, 2009, and Plaintiff's counsel logged on to the secure Vioxx Portal and viewed the Notice on April 30, 2009. *Id.* The Gate Committee affirmed Plaintiff's ineligibility and issued a second Notice of Ineligibility on July 6, 2009, which Plaintiff's counsel viewed on July 13, 2009. *Id.*

Plaintiff filed a Future Evidence Stipulation on August 5, 2009. *Id.* The Stipulation was not notarized, however, and the Claims Administrator issued a Notice of Rejection to Plaintiff on August 20, 2009. Plaintiff submitted a corrected Future Evidence Stipulation on August 22, 2009.

Sometime after Plaintiff filed her corrected Future Evidence Stipulation, but before Merck filed its motion to dismiss Plaintiff's claims under PTO 43, Plaintiff asked her attorney to dismiss her case. *See* Plaintiff's Aff. at ¶¶ 4–5. Accordingly, Plaintiff never filed a Rule 26(a)(2) case-specific expert report, and Plaintiff was included on Merck's October 9, 2009 Third Motion, Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply with the Lone Pine Requirements of PTO 43. *See* R. Doc. 24995 & R. Doc. 24995-2 at line 19. To allow Plaintiff and others additional time to comply with the Pre-trial Order, the Court extended the deadline for compliance to October 29,

2009.  *See* R. Doc 25175.  Because Plaintiff made no effort to comply, her claims were dismissed with prejudice on October 30, 2009.  *See* R. Doc. 26346, Ex. A at line 16.

## ARGUMENT

### I.     Plaintiff Had Every Opportunity to Comply with Pre-Trial Order 43, But She Affirmatively Decided Not to Pursue Her Claims.

Plaintiff cannot—and does not—dispute that she did not comply with PTO 43.  Rather, Plaintiff asks the Court to overlook the requirements of PTO 43 because Plaintiff's attorney allegedly failed to inform her of Merck's motion to dismiss.  *See* Plaintiff's Aff. at ¶¶ 4–5.  That argument is both incongruous and irrelevant.  First, Plaintiff already had asked her attorneys to dismiss her claims—*before* Merck's motion was filed—and Plaintiff fails to provide any logical explanation of how learning of Merck's motion would have caused her to change her mind.

Second, and more importantly, the fact that Plaintiff's attorneys may have failed to inform Plaintiff of Merck's motion to dismiss her claims (after she already had requested their dismissal herself) is not grounds for vacating this Court's final order.  Although Plaintiff seeks to emphasize that she is not a lawyer, *see e.g.*, Plaintiff's Aff. ¶¶ 5–6, she was represented by counsel, Mr. Steven A. Fabbro, at all relevant times—at the time she enrolled in the Settlement Agreement, at the time she failed to qualify for the Settlement Agreement, at the time she submitted and then re-submitted Future Evidence Stipulations, at the time she requested that that her case be dismissed, and at the time Merck filed its motion to dismiss.

This Court routinely emphasizes the importance of deadlines established by the Court's various orders.  Here, Plaintiff was given every opportunity to meet those deadlines.  She was provided with notice at every step, and the records indicate that her counsel received each notice. Because Plaintiff failed to comply with PTO 43, Merck was entitled to request dismissal, and Plaintiff's motion to vacate this Court's order of dismissal should be denied.

- 5 -

## II. Plaintiff's Motion—and Others Like It—Threaten to Reverse, Without Justification, Much of the Progress that Has Been Made in Winding Down this Litigation.

This motion has implications that go beyond this particular case. As this Court is well aware, this litigation is highly complex and has involved tens of thousands of parties from across all fifty states. In a case of this size and complexity, deadlines and finality are essential to ensure a speedy, just, and orderly disposition of the claims pending before the Court.

In recent weeks, certain plaintiffs' counsel have filed a series of motions seeking to resuscitate claims that were dismissed with prejudice long ago. *See*, *e.g.*, *Dressel* Motion for Reconsideration and Reversal of Order of Dismissal with Prejudice (R. Docs. 33298 & 35486); *Carver* Motion to Set Aside Order of Dismissal (R. Docs. 33200 & 34888); *Weeks* Motion to Amend or Vacate the Court's March 30, 2010 Order Dismissing His Case With Prejudice (R. Doc. 40055). Each of these motions, including the present one, is an attempt to reverse the clock; to unwind the rules and procedures adopted by this Court for managing this litigation; and, without justification, to set aside legitimate rulings of this Court.

Granting any of these motions would invite a wave of additional such motions. Not only might this threaten to reverse much of the hard work the parties and this Court have achieved in winding down this litigation, it also would make it impossible for Merck to determine how many cases will remain once the Resolution Program is concluded.

**CONCLUSION**

For the foregoing reasons, Merck respectfully requests that the Court deny Plaintiff's motion.

Dated:  May 12, 2010	Respectfully submitted,


By: */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana 70130
    Phone: 504-581-3200
    Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of May, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel