UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION : | | |
| | : | SECTION L |
| | : | |
| This document relates to ALL ACTIONS | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| | : | |

**PLAINTIFF'S LIAISON COUNSEL'S RESPONSE TO THE
OBJECTORS' LIAISON COUNSEL'S MOTION FOR DISCOVERY
RELATED TO THE COMMON BENEFIT FEE APPLICATION**

Plaintiffs' Liaison Counsel ("PLC"), Russ M. Herman, submits this response to the motion of Objectors' Liaison Counsel, Michael A. Stratton, for discovery related to the common benefit fee application. Pursuant to the Court's Minute Entry of April 29, 2010, Mr. Stratton was permitted to identify the discovery he felt was needed and the reasons therefor. In response, Mr. Stratton has identified six areas of inquiry he desires to pursue. The PLC submits that Mr. Stratton's proposed discovery covers matters that are irrelevant, impertinent and improper. Having had every opportunity to inquire into matters pertaining to the objections presented against the fee application at Mr. Herman's April 28, 2010 deposition, Mr. Stratton takes the position that he is entitled to expand the breadth of inquiry well outside and in excess of matters germane to the dispute. Accordingly, the PLC asks that this Court deny any further discovery by Mr. Stratton, other than that specifically set forth below.[1]

**PLC's Response to Mr. Stratton's Individual Discovery Requests**

The PLC hereby responds in seriatim fashion to the six discovery requests propounded by

---

[1]Merck may separately object to Mr. Stratton's proposed discovery since it is already on record as having objected to inquiry of its settlement negotiations.

Objectors' Liaison Counsel:

1. Mr. Stratton requests access to the accountant's summary of hours submitted by all common benefit counsel. On several occasions, Mr. Herman offered to Mr. Stratton to make available for inspection at PLC's offices, the time records maintained by the court-appointed accountant, Phil Garrett, provided Mr. Stratton agrees to maintain the confidentiality of the time records when he reviews that material at PLC's office. This offer was made on the record in Mr. Herman's deposition and it was also made in the presence of the Court at the conference held on April 29, 2010. Mr. Stratton has yet to avail himself of this offer other than to request these records by means of the instant motion. The materials can be made available at the PLC's office upon 48 hours' notice between May 17 and May 24.

2. Mr. Stratton seeks the depositions of the members of the Negotiating Plaintiffs' Counsel ("NPC") and representatives for Merck regarding Article 9 of the Master Settlement Agreement ("MSA"). The PLC is opposed to any additional discovery on this subject for several reasons. First, Article 9 of the Settlement Agreement is plain and unambiguous. The issue presented by the objectors is the legal effect of Section 9.2.1 of the Settlement Agreement, which provides:

> To ensure that NPC, PSC, PEC, PLC, and common benefit attorneys (hereinafter referred to as "Common Benefit Attorneys") are fairly compensated but that their fees are in conformance with reasonable rates, an assessment of common benefit attorneys' fees will be imposed at no more than 8% of the gross amount recovered for every client that registers under the terms of the Settlement Agreement. Any sum paid as a common benefit fee shall be deducted from the total amount of counsel fees payable under individual plaintiffs' counsel's retainer agreement. The maximum 8% attorneys' fee assessment shall supersede the assessment provided to MDL common benefit attorneys pursuant to Pretrial Order No. 19.

By way of the MSA, the parties offered to plaintiffs and their counsel an opportunity to enter

into the $4.85 billion settlement by agreeing to the terms set forth in the MSA. Or, instead of accepting the terms of the MSA, plaintiffs and their counsel could choose to reject the offer and continue to litigate their Vioxx claims. By entering into the settlement program plaintiffs and their counsel expressly accepted the terms of the MSA. One provision of the MSA is Article 9. Article 9, as cited above, clearly and unambiguously provides that prior fee assessment agreements shall be superseded and that an assessment amount not to exceed 8% may be imposed.

The fact that this provision is part of the MSA is undisputed. The fact that each of the objectors voluntarily accepted the terms of the MSA by entering the settlement program is undisputed. Because this provision of the MSA which is challenged by the objectors is plain and unambiguous, no discovery regarding the various drafts or the intent of the parties is warranted. Therefore, Mr. Stratton's inquiry into the genesis of the language of Section 9.2.1 is irrelevant to the question as to whether the agreement by claimants and their counsel to participate in the Settlement Agreement supersedes the fee assessment of Pretrial Order No. 19.

Second, at the deposition of Mr. Herman, Mr. Stratton repeatedly questioned Mr. Herman on this subject. *See* Deposition of Russ M. Herman at 140-155. Despite the *ad hominem* attacks ("How many future PSC's do you think you're going to serve on..."; "That's pure corruption"; "What our PSC did is disgusting."), Mr. Herman fully answered Mr. Stratton's inquiry. *See* Herman Depo. at 145-147. Any additional discovery would be cumulative and cause an undue burden on other counsel. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (Fee litigation should not create a second satellite dispute).

Finally, the internal negotiations and communications by counsel for the NPC, as well as for Merck, are privileged and should not be the areas of any inquiry by the objectors. In addition to

3

being privileged, the matters are wholly irrelevant to the matters at issue.

      3. Objectors' Liaison Counsel seeks discovery of the NPC regarding any ethical opinions obtained regarding the so-called "all cases or no cases" provision in the Settlement Agreement. Inquiry into this extraneous avenue of discovery is inappropriate and unnecessary. Indeed, Mr. Stratton already engaged in litigation against the NPC and Merck on this subject. In that case, *Stratton Faxon v. Merck & Co., Inc.*, 2007 WL 4554190 (D.Conn. Dec. 21, 2007), the court summarily dismissed the action and determined that there was no case or controversy over the proposed area of discovery. Judge Underhill ruled:

> Stratton Faxon merely has a difficult decision to make about an ethical rule. It must either recommend that all of its clients accept the private and consensual settlement, none of its clients accept the settlement, or trust its interpretation of the Connecticut ethical rules that would place it, and its clients, in the safe harbor. There indeed may be adverse future consequences to any potential decision Stratton Faxon makes. But lawyers make difficult decisions about ethical rules on a daily basis. Not every difficult decision constitutes a "case of actual controversy."

*Id.* at *2.

    Mr. Stratton seeks to relitigate in this court the matter previously ruled upon by Judge Underhill. The PLC respectfully submits that the objectors should be estopped from relitigating this issue. As Judge Underhill previously found, the matter is irrelevant and presents no case or controversy worthy of consideration by this Court. Already, this Court and Judges Chaney, Higbee and Wilson have reviewed the MSA and found it to meet muster. Finally, Mr. Stratton's actions belie his contentions. He has acknowledged that he has placed certain clients of his into the Settlement Agreement while withholding several of his firm's clients from the Settlement. Moreover, after originally withholding a client from the settlement, months after the fact, Mr.

Stratton voluntarily sought to place that client into the settlement irrespective of his feigned ethical challenges.  *See* Deposition of Michael A. Stratton at 10.  Under these circumstances, no further discovery on this issue is due.

     4. Mr. Stratton reserves the opportunity to obtain further discovery based upon matters that are the subject of his request Nos. 1-3.  As set forth above, only the time records of counsel should be the subject of additional discovery.  Accordingly, further discovery based upon the other areas of inquiry proposed by Mr. Stratton should not be allowed.

     5. Mr. Stratton proposes to depose Andy Birchfield regarding the agreements approved in PTO No. 19.  At the deposition of Mr. Herman, Mr. Stratton already availed himself of the opportunity to inquire into this subject fully and completely.  *See* Herman Depo. at 61-80.  Further interrogation of other members of the NPC and PSC is cumulative, burdensome and unnecessary to understand the exhibits to Pretrial Order No. 19.  Although obvious, PTO No. 19 is an order of this Court.  The intent of this Court's order is not the subject of opinion by counsel.  The Order is a matter of record and this Court's determination thereof.  No further discovery on the subject is due.

     6. Objectors seek all contracts signed with the PLC relating to common benefit fees.  The PLC submits that this discovery is irrelevant.  PTO No. 19 is a matter of record.  The names and identities of those that agreed to the various provisions of PTO No. 19 would shed no light on the legal effect of any of the agreements of PTO No. 19 or Article 9 of the Settlement Agreement.  Allowing the objectors to obtain the identities of those counsel participating in MDL No. 1657 introduces an area of inquiry that is extraneous to the matters at issue and authorizes a fishing expedition by Mr. Stratton.  Further, such discovery poses an invasion of confidential information, and would impose undue burden into totally irrelevant subject matters.  No discovery on this issue

is due.

WHEREFORE, the PLC respectfully submits that Objectors' Liaison Counsel's motion should be denied with the exception that in the event that Mr. Stratton agrees to maintain the confidentiality of the time records previously offered to him for review, he may review that information at PLC's office.  In all other respects, the motion should be denied.  The PLC is prepared to make the information relative to Request No. 1 above available between May 17 and May 24 and requests that the Court order that Mr. Stratton conclude his review of the material available to him within that time so that the remaining issues involving common benefit fees can proceed without further delay.

                              Respectfully submitted,

Date:   May 17, 2010                     By:   /s/ Leonard A. Davis

                              **Russ M. Herman (Bar No. 6819)**
                              Leonard A. Davis (Bar No. 14190)
                              Stephen J. Herman (Bar No. 23129)
                              ***Herman, Herman, Katz & Cotlar, L.L.P.***
                              820 O'Keefe Avenue
                              New Orleans, Louisiana  70113
                              Telephone: (504) 581-4892
                              Facsimile: (504) 561-6024

                              **PLAINTIFFS' LIAISON COUNSEL**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 17th day of May, 2010.

    /s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com