## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY | * | **SECTION L** |
| LITIGATION | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| **Roger Carver, Individually and as** | * | **KNOWLES** |
| **Representative of the Estate of Gail** | * | |
| **Carver,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **Merck & Co., Inc.** | * | |
| **Defendant.** | * | |
| | * | |
| **Case No.  2:05cv04981** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF ROGER CARVER'S SUPPLEMENT TO MOTION TO SET ASIDE ORDER OF DISMISSAL

Plaintiff Roger Carver's lawsuit was dismissed with prejudice on October 16, 2008 for failure to comply with the requirements of PTO 28.  Well over a year later, in January 2010, Plaintiff sought to revive his claim with a "Motion to Set Aside Order of Dismissal," and he has now filed a Supplement to that Motion.  Because there is no legal basis for the relief Plaintiff requests, his Motion should be denied.

As in his original Motion, Plaintiff's Supplement does not cite any legal authority whatsoever for reinstating his long-dismissed claim.  That is because no such authority exists. The Court's ability to grant relief on a post-judgment motion filed over a year after its original judgment is limited to the narrow circumstances set forth in Federal Rule of Civil Procedure

60(b)(4)-(6).  *See Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir. 1986)

(en banc) (holding that any motion that requests relief beyond correction of a purely clerical

error served more than ten days after judgment be treated as a Rule 60(b) motion); Fed. R. Civ.

P. 60(c)(1) (requiring that a party must seek relief under Rule 60(b) "no more than a year after

the entry of the judgment or order" if proceeding under subsections 60(b)(1) through (3)).

Subsections (b)(4) and (b)(5) are plainly inapplicable to the facts of this case, and subsection

(b)(6) has long been recognized by the courts as requiring a showing of especially "exceptional

circumstances" and "manifest injustice."  *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357

(5th Cir. 1993); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.

1990).  The facts of this case fall far short of satisfying these "exacting substantive requirements"

of Rule 60(b)(6).  *Lavespere*, 910 F.2d at 173-174.

 Plaintiff argues that his lawsuit should be reinstated because his original counsel did not

notify him that his claim was subject to a motion to dismiss or that it had been dismissed, and he

was not given a deadline by which he was required to obtain new counsel.[1]  But Fifth Circuit

precedent makes clear that such circumstances do not justify relief under Rule 60(b), for a party

"may not escape the deficiencies of his chosen legal counsel merely by urging that he was

personally uninformed of the state of matters before the court."  *Pryor v. U.S. Postal Serv.*, 769

F.2d 281, 288 (5th Cir. 1985).  Rather, "the mistakes of counsel, who is the legal agent of the

client, are chargeable to the client . . . no matter how 'unfair' this on occasion may seem."[2]  *Id.*

---

[1] It appears that Plaintiff's original counsel has never withdrawn from this representation.  *See* Supp. to Roger Carver's Mot. to Set Aside Order of Dismissal at 3.

[2] It is also well established that Rule 60(b)'s "purpose is not to give relief to the client who does not choose the best lawyer for the job." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984).  Indeed, in the *Pryor* case, the Fifth Circuit concluded that the "proper recourse" for a client prejudiced by his attorney's inadvertence or negligence "is to seek malpractice damages from the attorney." *Pryor*, 769 F.2d at 289 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634

1016834v.1

(citation omitted) (noting that were the Court "to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency . . . meaningful finality of judgment would largely disappear"); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 & n.10 (1962) (confirming that "a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit").

Plaintiff's Supplement also argues that his case should not have been dismissed under PTO 28 because, while he failed to submit a case-specific expert report as required by PTO 28, he submitted other materials called for by the PTO. But the PTO made clear that a plaintiff must produce "all" the materials described in the Discovery Requirements section of that order, and that "*any* failure to respond to the [PTO] within the required period of time [would] lead to the dismissal of the claim with prejudice." PTO 28 ¶¶ II.A, II.D (emphasis added). Furthermore, the case-specific expert report required by PTO 28 is not a trivial technicality – rather, it is a central requirement of PTO 28. Indeed, over a year ago this Court stated with respect to other plaintiffs who had partially complied with PTO 28 but failed to provide case-specific expert reports in this litigation that as "[t]he plaintiffs have had more than enough time to cure any deficiencies in their submissions . . . , [a]t this stage of the proceedings, dismissal with prejudice is the only appropriate remedy for [their] repeated failure to produce reports in accordance with PTO[] 28 . . . ." *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2009 WL 1158887, at *3 (E.D. La. April 28, 2009). These words are even more true after the passing of an additional year.[3]

---

n.10 (1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under [the] circumstances, the client's remedy is against the attorney in a suit for malpractice.'"))

[3] Plaintiff suggests that his failure to provide a case-specific expert report was excusable because Merck has received expert reports relating to other plaintiffs' pulmonary emboli claims. This argument misses the whole point of PTO 28, which is for *each* plaintiff, "at this advanced stage

Lastly, with his Supplement, Plaintiff has now provided an expert report over two years after it was originally requested by PTO 28, and he asserts that "nothing would have been different today if it had been provided then instead of now." Pl.'s Supp. at 4. But Plaintiff's case has been closed since October 2008 as a result of his failure to provide that report, and Merck, in reliance on the finality of its dismissal, and has not taken any action to defend against Plaintiff's claims. The injuries alleged in this case occurred in 2002. With each year that passes, memories fade and evidence is lost. Given Plaintiff's failure to follow his own claim or to seek new counsel when he was advised to do so, Merck should not be subjected to the potential prejudice caused by Plaintiff's lengthy period of noncompliance with this Court's orders.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests the Court to deny Plaintiff's Motion to Set Aside Order of Dismissal.

Dated:  May 17, 2010

Respectfully submitted,

By:  /s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

of the litigation, . . . to provide some kind of evidence to support *their* claim that Vioxx caused *them* personal injury." *Id.* at *2 (quoting *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 744 (E.D. La. 2008)) (emphasis added).

- 4 -

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

1016834v.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of May, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1016834v.1