*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 4/29/10 | | |
|---|---|---|---|
| **CLAIMANT NAME** | Debra Miller | **VCN** | 1076336 |
| **PRIMARY COUNSEL** | Law Office of Ronald R. Benjamin<br>(Primary Counsel was Cellino & Barnes until 12/11/09) | | |
| **PRIMARY INJURY** | MI | **CLAIM STATUS** | Closed: Claim Extinguished – Gate Appeal Denied |

| | Date | Event/Notice |
|---|---|---|
| **1.** | 3/31/08 | Release received. |
| **2.** | 5/1/08 | Stipulation of Dismissal received. |
| **3.** | 7/12/08 | Supplemental Stipulation of Dismissal received. |
| **4.** | 7/19/08 | Supplemental Release received. |
| **5.** | 8/28/08 | Supplemental Release became NCD (no current deficiencies). |
| **6.** | 8/29/08 | *First Notice of Claims Package Deficiency* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting counsel to the posting. The Notice reported that no Claims Materials had been submitted, the deadline to submit a Claims Form and PME Records was 9/15/08, and if no Claims Materials were submitted by that date, the Claimant would receive a *Second Notice of Claims Package Deficiency*. Counsel never viewed this Notice. |
| **7.** | 9/18/08 | *Second Notice of Claims Package Deficiency* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting counsel to the posting. The Notice reported that no Claims Materials had been submitted, the deadline to submit a Claims Form and PME Records was 11/1/08, and if no Claims Materials were submitted by that date, the Claimant would receive a *Final Notice of Claims Package Deficiency*. Counsel never viewed this Notice. |
| **8.** | 10/22/08 | Supplemental Stipulation of Dismissal received. |
| **9.** | 11/6/08 | *Final Notice of Claims Package Deficiency* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting counsel to the posting. The Notice reported that no Claims Materials had been submitted, the deadline to submit a Claims Form and PME Records was 11/30/08, and if no Claims Materials were submitted by that date, the Claimant would become a Non-Submitting Program Claimant. |
| **10.** | 11/7/08 | Supplemental Stipulation of Dismissal became NCD (no current deficiencies). |

*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 4/29/10 | | |
|---|---|---|---|
| **CLAIMANT NAME** | Debra Miller | **VCN** | 1076336 |
| **PRIMARY COUNSEL** | Law Office of Ronald R. Benjamin<br>(Primary Counsel was Cellino & Barnes until 12/11/09) | | |
| **PRIMARY INJURY** | MI | **CLAIM STATUS** | Closed: Claim Extinguished – Gate Appeal Denied |

| | Date | Event/Notice |
|---|---|---|
| **11.** | 11/25/08 | Counsel viewed the *Final Notice of Claims Package Deficiency*, posted on 11/6/08, for the first time.<br>Primary Counsel submitted a *V2033 Request for Relief From Deadline*, asking for an extension of the 11/30/08 Claims Package Submission Deadline. The extension was granted until 12/30/08. |
| **12.** | 12/29/08 | Claims Form plus Pharmacy Records, Medical Records, and Event Records ("PME Records") received, and the claim joined the queue for a Gates Review. |
| **13.** | 3/31/09 | *Claims Administrator Notice of Ineligibility* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting counsel to the posting. The Notice reported that the claimed MI did not meet the Eligibility Requirements for the Settlement Program because the Primary Injury did not pass the Duration and Proximity Gates. The claim failed the Duration and Proximity Gates because all submitted drug proof showed Vioxx use occurred only after the alleged Event. The Notice gave the Claimant 14 calendar days to send the claim to the Gate Committee, request more time to gather additional information about the claim, or submit additional documentation and request a Secondary Review from the Claims Administrator.<br>Counsel viewed the *Claims Administrator Notice of Ineligibility* on this date. |
| **14.** | 3/31/09 | Primary Counsel requested additional time to gather information about the claim and re-submitted Pharmacy Records previously submitted on 12/29/08. |
| **15.** | 5/14/09 | Primary Counsel re-submitted Pharmacy Records previously submitted on 12/29/08 and 3/31/09. |
| **16.** | 5/19/09 | *Claims Administrator Notice of Ineligibility After Receipt of Additional Claims Material* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting counsel to the posting. The Notice reported that the Primary Injury failed the Duration and Proximity Gates, and the claim was being sent to the Gate Committee for review. |

*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 4/29/10 | | | |
|---|---|---|---|---|
| **CLAIMANT NAME** | Debra Miller | | **VCN** | 1076336 |
| **PRIMARY COUNSEL** | **Law Office of Ronald R. Benjamin**<br>(Primary Counsel was Cellino & Barnes until 12/11/09) | | | |
| **PRIMARY INJURY** | MI | **CLAIM STATUS** | Closed: Claim Extinguished – Gate Appeal Denied | |

| | Date | Event/Notice |
|---|---|---|
| **17.** | 5/21/09 | Counsel viewed the *Claims Administrator Notice of Ineligibility After Receipt of Additional Claims Material*, posted on 5/19/09, for the first time. |
| **18.** | 7/6/09 | *Gate Committee Notice of Ineligibility* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting Counsel to the posting. The Notice reported that the Gate Committee determined the claimed MI did not meet the Eligibility Requirements for the Program because the Primary Injury did not pass the Duration and Proximity Gates. The Notice allowed 15 calendar days to elect to Appeal the Gate Committee's finding to the Special Master, or 30 calendar days to submit a Future Evidence Stipulation ("FES"). |
| **19.** | 7/7/09 | Primary Counsel logged on to its secure Vioxx Portal and viewed the *Gate Committee Notice of Ineligibility*. |
| **20.** | 7/10/09 | *V4173 – Comprehensive Claimant Status Report* posted on Counsel's Vioxx Portal, with email sent to brian.goldstein@cellinoandbarnes.com alerting Counsel to the posting. The email asked Counsel to review the Report and contact the Claims Administrator if the Claimant's status was in error. Counsel viewed this Report on 7/13/09. |
| **21.** | 7/21/09 | Counsel timely appealed the Gate Committee's determination to the Special Master. |
| **22.** | 7/27/09 | *Special Master Notice of Ineligibility* posted to Primary Counsel's Vioxx Portal with email sent to brian.goldstein@cellinoandbarnes.com alerting counsel to the posting. The Notice reported that the Special Master had denied the Duration and Proximity Gates for the Primary Injury, the claimant had no further rights under the Settlement Program, and the Claims Administrator would deliver the claimant's Dismissal with Prejudice Stipulation and Release to Merck and close the claimant's file.<br><br>Claim was closed because the Gate Appeal was denied by the Special Master. |

*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 4/29/10 | | | |
|---|---|---|---|---|
| **CLAIMANT NAME** | Debra Miller | | **VCN** | 1076336 |
| **PRIMARY COUNSEL** | **Law Office of Ronald R. Benjamin**<br>(Primary Counsel was Cellino & Barnes until 12/11/09) | | | |
| **PRIMARY INJURY** | MI | **CLAIM STATUS** | Closed: Claim Extinguished – Gate Appeal Denied | |

| | Date | Event/Notice |
|---|---|---|
| **23.** | 7/31/09 | *V4173 – Comprehensive Claimant Status Report* posted on Counsel's Vioxx Portal, with email sent to brian.goldstein@cellinoandbarnes.com alerting Counsel to the posting. The email asked Counsel to review the Report and contact the Claims Administrator if the Claimant's status was in error. Counsel viewed this Report on 8/3/09. |
| **24.** | 8/14/09 | *V4173 – Comprehensive Claimant Status Report* posted on Counsel's Vioxx Portal, with email sent to brian.goldstein@cellinoandbarnes.com alerting Counsel to the posting. The email asked Counsel to review the Report and contact the Claims Administrator if the Claimant's status was in error. The email also reminded Primary Counsel that all notices of determinations made on claims are posted to the Vioxx Portal and that Primary Counsel must check the Vioxx Portal regularly to keep abreast of their clients' claims. Counsel viewed this Report on 8/18/09. |
| **25.** | 8/28/09 | *V4173 – Comprehensive Claimant Status Report* posted on Counsel's Vioxx Portal, with email sent to brian.goldstein@cellinoandbarnes.com alerting Counsel to the posting. The email asked Counsel to review the Report and contact the Claims Administrator if the Claimant's status was in error. Counsel viewed this Report on 8/31/09. |
| **26.** | 9/15/09 | Claimant emailed the Claims Administrator to explain that she had just received notification of the Special Master's denial of her claim and to inquire as to why her claim was denied. In her email, she referenced an affidavit from Dr. Ray Morris indicating that he had dispensed samples of Vioxx to her prior to her alleged Event. No such affidavit was ever received by the Claims Administrator. |
| **27.** | 9/16/09 | Jennifer Goodwin at the Claims Administrator's office responded to the Claimant's email. Ms. Goodwin explained that the Claims Administrator could not provide the Claimant with information about her claim because she was represented by counsel. Ms. Goodwin also explained that she would forward the Claimant's inquiry to Primary Counsel. |

*Confidential Settlement Information*

| V4189 | SUMMARY OF CLAIMS EVENT NOTICES<br>Date of Summary: 4/29/10 | | | |
|---|---|---|---|---|
| **CLAIMANT NAME** | Debra Miller | | **VCN** | 1076336 |
| **PRIMARY COUNSEL** | **Law Office of Ronald R. Benjamin**<br>(Primary Counsel was Cellino & Barnes until 12/11/09) | | | |
| **PRIMARY INJURY** | MI | **CLAIM STATUS** | **Closed: Claim Extinguished – Gate Appeal Denied** | |

| | Date | Event/Notice |
|---|---|---|
| **28.** | 10/21/09 | Counsel viewed the *Special Master Notice of Ineligibility*, posted on 7/27/09, for the first time. (Although Primary Counsel did not view the Notice until this date, there was an Event posted on their Vioxx Portal on 7/27/09 that reported that a *Special Master Notice of Ineligibility* had been posted, and there is a record that Counsel accessed their Portal on that date.)<br>Also on this date, *V4173 – Comprehensive Claimant Status Report* posted on Counsel's Vioxx Portal, with email sent to brian.goldstein@cellinoandbarnes.com alerting Counsel to the posting. The email asked Counsel to review the Report and contact the Claims Administrator if the Claimant's status was in error. Counsel viewed this Report on 10/22/09. |
| **29.** | 12/9/09 | *Notice of Appearance* filed by the Law Offices of Ronald R. Benjamin was entered by Judge Fallon. |
| **30.** | 12/11/09 | Claims Administrator noted change in Primary Counsel from Cellino & Barnes to Law Office of Ronald R. Benjamin. |

| V2049 | **FINAL NOTICE OF CLAIMS PACKAGE DEFICIENCY**<br>**(Date of Notice: 11/6/08)** |
|---|---|

| I. CLAIMANT INFORMATION |||||
|---|---|---|---|---|
| **Claimant Name** | Miller, Debra J. | | **VCN** | 1076336 |
| **Law Firm** | Cellino & Barnes, P.C. | | | |

| II. CLAIMS PACKAGE DEFICIENCIES ||||
|---|---|---|---|

The Claims Administrator has determined that this claim does not meet the requirements of Section 1.3 of the Settlement Agreement for the following reason(s):

| | | |
|---|---|---|
| 1. | No Claims Materials submitted. | X |
| 2. | Claims Materials submitted without a Claims Form. | ☐ |
| 3. | Only Claims Form submitted. | ☐ |
| 4. | Claims Materials not constituting required PME Records submitted with a Claims Form. | ☐ |
| 5. | Claims Materials not constituting required PME Records submitted without a Claims Form. | ☐ |

### III. DEADLINE FOR SUBMITTNG PME RECORDS

You have until November 30, 2008 to submit the required Claims Form and/or PME Records. If you are unable to submit the required documents by November 30, 2008, you may request an extension of the deadline, but you must submit this request to the Claims Administrator as described in Section IV below on or before November 30, 2008. If you neither submit the required materials nor request an extension on or before November 30, 2008, you will receive a Notice of Non-Submitting Program Claimant and will then have 15 Business Days to appeal such determination to the Special Master.

### IV. PROCEDURE FOR RESPONDING TO NOTICE

When you close out of this Notice, you will have two options, and you must choose one of these options on or before November 30, 2008, or you will be deemed a Non-Submitting Program Claimant:

1. If you have finished gathering the required information about your claim, select Option 1 and use the Upload feature to submit the required records to the Claims Administrator.

2. If you need more time to submit the required information, select Option 2 and use the Upload feature to submit a completed V2033 (Request for Relief from Deadline). Pursuant to Exhibit 1.5, ***no deadline will be extended beyond December 30, 2008.*** A fillable version of the V2033 can be found on the Vioxx Settlement Website at http://www.browngreer.com/vioxxsettlement/forms.htm. As mandated by Exhibit 1.5, your Request for Relief from Deadline must demonstrate (i) that you have made a diligent attempt to fully comply with the requirements of Section 1.3 or 1.5 by the original deadline, and (ii) it appears likely that you would be able fully to do so if given the extension. If you fail to apply for such an extension on or before November 30, 2008, you will be deemed a Non-Submitting Program Claimant. Any such requests made *after* November 30, 2008 will be denied. If your Request for Relief is granted, you will have until **December 30, 2008** to submit the required materials.

| V2049 | FINAL NOTICE OF CLAIMS PACKAGE DEFICIENCY<br>(Date of Notice: 11/6/08) |
|---|---|

**IMPORTANT:** *If you fail to choose one of the two options described above on or before November 30, 2008, you will be deemed a Non-Submitting Program Claimant, you will cease to have any rights under the Settlement Program, your lawsuit will be dismissed, and your Release and Dismissal Stipulation will be delivered to Merck*.

### V.  FUTURE DEFICIENCY REVIEW

Because of the nature of the deficiency specified in this Notice, the Claims Administrator is not able to commence its review of this Claim.   If you submit these materials and the Claim is ultimately found eligible and proceeds to a Points Assessment, the Claims Administrator may issue further deficiency notices at that time if it finds that the records submitted do not satisfy Section 1.3 of the Settlement Agreement.

| V3034 | CLAIMS ADMINISTRATOR NOTICE OF INELIGIBILTY<br>(Date of Notice: 3/31/09) |
|---|---|

| I. CLAIMANT INFORMATION ||||
|---|---|---|---|
| **Claimant Name** | Miller, Debra J. | **VCN** | 1076336 |
| **Law Firm** | Cellino & Barnes, P.C. | | |
| **Primary Injury:** | MI  **Date of Event:**  2/11/01 | | |

### II. CLAIMS ADMINISTRATOR DETERMINATION

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Claims Administrator has determined that this claim does not meet the Eligibility Requirements for the Settlement Program because it does not pass the following Gate(s):

| 1. | Injury | ☐ |
|---|---|---|
| 2. | Duration | ☒ |
| 3. | Proximity | ☒ |

### III. STATUS OF REQUIRED PME RECORDS

Section 1.3.1 and, by reference, Exhibit 1.3.1 require PME records, which, for eligibility determinations include Event Records and Proof of Vioxx Use. If either or both of the boxes in this section is checked, it is because the Claims Administrator has determined that your Claims Package did not include those required records. Without both Event Records and Proof of Use, a claim may not pass the Eligibility Requirements.

| 4. | No Event Records Submitted for Claimed Injury | ☐ |
|---|---|---|
| 5. | No Proof of Use Submitted | ☐ |

### IV. RIGHT TO SUBMIT ADDITIONAL INFORMATION

After you close out of this Notice, you will have the ability to choose one of the following three options within 14 calendar days: 1) I have not provided any additional information and do not intend on providing any additional information to the Claims Administrator. Send this Claim to the Gate Committee; 2) I need more time to gather additional information about my claim; 3) I have completed gathering all additional information about my claim, and I am submitting the following new records and information to the Claims Administrator for a Secondary Review. If you choose option 3, do not send information you previously submitted. The Claims Administrator will review any newly submitted information to determine if it renders the claim eligible. If it does, we will send you a *Claims Administrator Notice of Eligibility after Receipt of Additional Claims Material*. During the Secondary Review, the Claims Administrator may discover a passing Gate is now a failing Gate. If the additional Claims Material does not change the outcome, or if 14 days passes from the date of this Notice and you have not selected option 1, 2, or 3, we will send the claim and all information you have submitted to the Gate Committee, pursuant to Section 2.5 of the Settlement Agreement. If you choose option 2, you may change that choice before the expiration date to option 1 or 3. However, if you choose option 1 or 3, you may not change your response. Any new document submitted after the expiration of the 14 day period will be governed by Section 2.8 of the Settlement Agreement.

### V. GATE COMMITTEE REVIEW

The Gate Committee is comprised of three representatives appointed by Merck and three representatives appointed by the Negotiating Plaintiffs' Counsel. If your claim goes to the Gate Committee, it will review your submitted Claims Package and determine if you should be deemed a Qualifying Program Claimant who is eligible to receive benefits in the Settlement Program. If a majority of the Gate Committee decides that your claim is eligible, the Claims Administrator will notify you of that result and will then review the claim for Points Assessment. If the Gate Committee decides that your claim is not eligible, the Claims Administrator will send you a *Gate Committee Notice of Ineligibility*, which will outline the options available to you under the Settlement Agreement.

| V2081 | CLAIMS ADMINISTRATOR NOTICE OF INELIGIBILITY AFTER RECEIPT OF ADDITIONAL CLAIMS MATERIAL (Date of Notice: 5/19/09) |
|---|---|

| I. CLAIMANT INFORMATION | | | |
|---|---|---|---|
| **Claimant Name** | Miller, Debra J. | **VCN** | 1076336 |
| **Law Firm** | Cellino & Barnes, P.C. | | |
| **Primary Injury:** | MI | **Date of Event:** 2/11/01 | |

### II. CLAIMS ADMINISTRATOR DETERMINATION FOLLOWING REVIEW OF ADDITIONAL MATERIALS

This is an official Notification from BrownGreer PLC, the Vioxx Claims Administrator. After reviewing the additional claims material submitted in support of the claim, the Claims Administrator has determined that this claim does not meet the Eligibility Requirements for the Program because it does not pass the following Gate(s):

| 1. | Injury | ☐ |
|---|---|---|
| 2. | Duration | ☒ |
| 3. | Proximity | ☒ |

### III. STATUS OF REQUIRED PME RECORDS

Section 1.3.1 and, by reference, Exhibit 1.3.1 require PME records, which, for eligibility determinations include a completed Claims Form, Event Records and Proof of Vioxx Use. If any of the boxes in this section is checked, it is because the Claims Administrator has determined that your Claims Package did not include those required records. Without a completed Claims Form and both Event Records and Proof of Use, a claim may not pass the Eligibility Requirements.

| 4. | No Event Records Submitted for Claimed Injury | ☐ |
|---|---|---|
| 5. | No Proof of Use Submitted | ☐ |
| 6. | No Asserted Injury Date on Claims Form | ☐ |

### IV. STATUS OF CLAIMS FOLLOWING REVIEW OF ADDITIONAL MATERIALS

The Claims Administrator has reviewed all newly submitted information and has determined the claim to be ineligible. We will send the claim and all information you have submitted to the Gate Committee, pursuant to Section 2.5 of the Settlement Agreement. Submission of your claim to the Gate Committee is automatic and requires no further response or action on your part.

### V. GATE COMMITTEE REVIEW

The Gate Committee is comprised of three representatives appointed by Merck and three representatives appointed by the Negotiating Plaintiffs' Counsel. The Gate Committee will review your submitted Claims Package and determine if you should be deemed a Qualifying Program Claimant who is eligible to receive benefits in the Settlement Program. If a majority of the Gate Committee decides that your claim is eligible, the Claims Administrator will notify you of that result and will then review the claim for Points Assessment. If the Gate Committee decides that your claim is not eligible, the Claims Administrator will send you a *Gate Committee Notice of Ineligibility*, which will outline the options available to you under the Settlement Agreement.

*Confidential Settlement Information*

| V2065 | GATE COMMITTEE NOTICE OF INELIGIBILITY<br>(Single Injury)<br>Date of Notice: 7/6/09<br>**Deadline to Appeal to Special Master: 7/21/09**<br>**Deadline to Submit FES: 8/5/09** | | |
|---|---|---|---|
| | **I. CLAIMANT INFORMATION** | | |
| **Claimant Name** | Miller, Debra J. | **VCN** | 1076336 |
| **Law Firm** | Cellino & Barnes, P.C. | | |
| **Primary Injury** | MI | **Injury Date** | 2/11/01 |
| | **II. GATE COMMITTEE DETERMINATION** | | |

This is an official Notice from BrownGreer PLC, the Vioxx Claims Administrator. The Gate Committee has determined this claim does not meet the Eligibility Requirements for the Program because it does not pass the following Gate(s):

| | Gate | Primary Injury |
|---|---|---|
| 1. | Injury | ☐ |
| 2. | Duration | ☒ |
| 3. | Proximity | ☒ |

### III. CLAIMANT'S RESPONSE TO THE NOTICE

After you close out of this Notice, you will have the ability to choose one of the following two options:

**1) Appeal to the Special Master.** You must select this option on or before the Deadline to Appeal to Special Master shown above. The Special Master's decision will be final and binding and, if the Special Master finds the claim Ineligible, the Claims Administrator will deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck. You will not be able to submit materials to the Special Master on appeal that you have not previously submitted to the Claims Administrator.

**2) Submit a Future Evidence Stipulation.** You must submit the Future Evidence Stipulation on or before the Deadline to Submit FES shown above. Upon proper completion and delivery of the Future Evidence Stipulation, the Claimant's Dismissal with Prejudice Stipulation and Release shall, subject to Section 2.7.3.1, be returned to the Claimant.

After you have chosen one of these options, you may not change your response.

*If you neither Appeal nor submit a Future Evidence Stipulation on or before the respective deadlines shown above, the Claims Administrator shall deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck (and, without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding.)*

| |
|---|
| **IV. APPEAL TO THE SPECIAL MASTER** |
| If you decide to appeal to the Special Master, pursuant to 2.6.3 of the Settlement Agreement, the Special Master will determine de novo whether the claim meets the Eligibility Requirements, based solely on (i) the Claims Package submitted for the claim, and (ii) in the Special Master's discretion, any records or other documentation in the Litigation Medical Records Depository available to the Special Master pursuant to Section 1.3.4 that the Special Master deems relevant. The Special Master's decision on this matter shall be binding, final and Non-Appealable. The Special Master shall notify the Claims Administrator of its decision, and the Claims Administrator shall promptly notify the Gate Committee and the Enrolled Program Claimant of the Special Master's decision. |
| **V. FUTURE EVIDENCE STIPULATION** |
| If you decide to submit a Future Evidence Stipulation pursuant to 2.7.3 of the Settlement Agreement, you must first certify the Claims Package available to you on the portal. You may then view, download, and print the Future Evidence Stipulation. The Future Evidence Stipulation must be signed by the Claimant, notarized, and delivered to the Claims Administrator on or before the Deadline to Submit FES shown above. If the Stipulation is timely submitted and is properly completed, the Claimant's Release and Dismissal with Prejudice Stipulation shall, subject to Section 2.7.3.1, be returned to the Claimant. If the Claimant fails to properly execute and deliver the Stipulation on or before the FES submission deadline, then promptly thereafter, the Claims Administrator shall deliver the Claimant's Dismissal With Prejudice Stipulation and Release to Merck, and without limitation, Merck shall be free to file or cause to be filed such Dismissal With Prejudice Stipulation and/or Release in any relevant action or proceeding.<br><br>**Pursuant to Pretrial Order No. 43, plaintiffs with cases pending in the United States District Court for the Eastern District of Louisiana as of November 9, 2007, must also produce within 30 days of serving a Future Evidence Stipulation on the Claims Administrator: 1) an Amended and Supplemental Plaintiff Profile Form, records requested therein, and executed Authorizations for Release of Records pursuant to Pretrial Order 18A, B or C, as applicable; and 2) a Rule 26(a)(2) case specific expert report from a medical expert.  Pretrial Order 43 states that failure to comply with the terms of the order will result in the claim being dismissed with prejudice, except for good cause shown.** |

*Confidential Settlement Information*

| V2059 | SPECIAL MASTER NOTICE OF INELIGIBILITY<br>(Single Injury)<br>Date of Notice: 7/27/09 | | |
|---|---|---|---|
| **I. CLAIMANT INFORMATION** | | | |
| **Claimant Name** | Miller, Debra J. | **VCN** | 1076336 |
| **Law Firm** | Cellino & Barnes, P.C. | | |
| **Primary Injury** | MI | **Injury Date** | 2/11/01 |

**II. SPECIAL MASTER DETERMINATION**

This Special Master Notice of Ineligibility is an official notification from BrownGreer PLC, the Vioxx Claims Administrator. The Special Master has determined that this claim does not satisfy the Eligibility Requirements for the Program set forth in Section 2.2 of the Settlement Agreement because the alleged injury does not pass the following Gate(s):

| | Gate | Primary Injury |
|---|---|---|
| 1. | Injury | ☐ |
| 2. | Duration | ☒ |
| 3. | Proximity | ☒ |

**III. FINAL DETERMINATION**

Pursuant to Section 2.6.3 of the Settlement Agreement, the Special Master's decision on this claim is final, binding, and Non-Appealable. In accordance with Section 2.7.2, the Claimant has no further rights under the Program with regard to this claim.

The Claims Administrator shall deliver the Claimant's Dismissal with Prejudice Stipulation and Release to Merck, and without limitation, Merck shall be free to file or cause to be filed such Dismissal with Prejudice Stipulation and/or Release in any relevant action or proceeding. The Claims Administrator has closed the file on this Claimant.

## Jennifer Goodwin

**From:** Debra Miller [debjean@localnet.com]
**Sent:** Thursday, September 17, 2009 6:53 AM
**To:** Jennifer Goodwin
**Subject:** Re: my vioxx claim

Jennifer,

I do thank you for responding. I know I will hear it wasn't in the file in Jan. 2001 that he gave me the vioxx. I had a notarized affadivit from the doctor who gave me the doctor saying that he had given me the vioxx. It meets all the criteria of the duration and proximity. We people who were given samples have NOT been treated fairly. The outcome is the same, whether we had a prescription or samples. Nine years later and taking NO vioxx, I've had 0 heart problems - what does that say??????? Someone at Brown and Greer or Judge Fallon need to know this!!!!!!!!!!!!!!!!!!!!!!!!!!!!

Debra Miller

> ----- Original Message -----
> **From:** Jennifer Goodwin
> **To:** debjean@localnet.com
> **Sent:** Wednesday, September 16, 2009 7:01 AM
> **Subject:** RE: my vioxx claim
>
> Thank you for your inquiry. As you stated, you are represented by counsel. We cannot provide information about claims to individuals who are represented by counsel. Please contact your attorney to obtain information on your claim. I will forward your concerns to your law firm and ask them to respond.
>
> Thank you,
>
> Jennifer
>
> **Jennifer L. Goodwin**
> Senior Analyst
> **BROWNGREER PLC**
> 115 S. 15th Street, Suite 400
> Richmond, Virginia 23219
> Telephone: (804) 521-7285
> Facsimile: (804) 521-7299
> www.browngreer.com
>
> *This electronic mail is intended to be received and read only by certain individuals. It may contain information that is privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you received this in error, please notify me by replying and then delete this message and your reply. These restrictions apply to any attachment to this email.*
>
> **From:** Debra Miller [mailto:debjean@localnet.com]
> **Sent:** Tuesday, September 15, 2009 7:29 PM
> **To:** Vioxx Claims Administrator
> **Subject:** my vioxx claim

9/17/2009

My name is Debra Miller and my attorneys were Cellino & Barnes.

I am sending this email to you because I feel like a needle in a haystack.   My case was denied for proximity and duration 3 times and went to the Special Master and was denied which I just received notification of on Saturday, Sept. 12.

I was 45 years old and in perfect health when I had my heart attack in Feb. of 2001.  At that time my doctors and myself were shocked and ran various tests trying to find out why a healthy, 45 year old woman, with normal BP and weight and no family history of a MI had one.  I had an echocardiogram because Dr. Ray Morris detected a faint click and the heart was healthy in middle Jan, 2001.  When the word came out about Vioxx, it was like a light bulb went off.

When I was given the vioxx at my Jan. 3, 2001 appt., I was given samples which the doctor did not document in my file.  He documented it on a "Sample Sign Out Log" which from what I've gathered, is destroyed after two years.  Of course that was prior to me finding out and filing my lawsuit with Cellino and Barnes.  There is a notation in my file that I called my doctor in April, 2001 ----- prior to an appt that I would have with him later in April, 2001 questioning if I could still use the vioxx since I'd had the MI.  Of course the word wasn't out yet about the dangers of vioxx at that time.    But that notation means that I WAS GIVEN THE VIOXX AT ONE OF THE JAN., 2001 APPOINTMENTS!!!!  I had not seen Dr. Ray Morris from the Jan. 30 or 31st appt. until the late April, 2001 appt.

I had an affavidit, signed by Dr. Ray Morris, who signed with a notary that he had given me the samples.  Why wasn't that enough?  Dr. Ray Morris wasn't going to benefit in any way from this vioxx mess.  I've heard that affavidit's from people who's records were destroyed to Katrina were sufficient in approval of their claims.  As far as I'm concerned, they weren't in written records either.

I want an answer as to why it was denied for duration and proximity?  I was given the samples on Jan. 3, 2001 and had the heart attack around Feb. 10, 2001.

I have been given instructions to go further with this from various sources.  I am a victim of this also and was not given the compensation that I deserve.  I now have a pre-existing condition due to this drug and that to me is as bad as any damage that any of us have had other than death due to this horrible drug.

I would like an answer.  No one has given it to me yet...

Debra Miller
Jeromesville, OH
419/651-3109

9/17/2009

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | : | **NOTICE OF APPEARANCE** |
| | : | MDL 1657 |
| This document relates to: | : | SECTION: L |
| Kathleen Ackerman, et al. | : | |
| v. | : | JUDGE FALLON |
| Merck & Co., Inc., et al. | : | MAGISTRATE JUDGE KNOWLES |
| | : | |
| Only with regard to: | : | |
| Debra J. Miller and Douglas Miller | : | |
| | : | |
| Docket No.: 2:06-CV-02198 | : | |
| ------------------------------------------------- | : | |

**THIS DOCUMENT RELATES TO : Debra J. Miller and Douglas Miller v. Merck & Co., Inc.,          Case No.: 2:06-CV- 02198**

**PLEASE TAKE NOTICE**, the Law Offices of Ronald R. Benjamin located at 126 Riverside Drive, P.O. Box 607, Binghamton, New York 13902 will appear as attorney(s) of record for the plaintiffs in the above-entitled action.

_____
MARYA C. YOUNG, ESQ. Fed No. 301339
LAW OFFICE OF RONALD R. BENJAMIN
Attorney for Plaintiff
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

TO:  PHILLIP WITTMANN, ESQ.
     Defendant's Liaison Counsel
     Stone Pigman Walther Wittmann
     546 Carondelet Street
     New Orleans, Louisiana 70130

RUSS HERMAN, ESQ.
Plaintiff's Liaison Counsel
Herman Gerel LLP
820 O'Keefe Avenue, Suite 100
New Orleans, LA 70113

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION : | |
| : | MDL 1657 |
| This document relates to: | SECTION: L |
| Kathleen Ackerman, et al. : | |
| v. : | JUDGE FALLON |
| Merck & Co., Inc., et al. | MAGISTRATE JUDGE KNOWLES |
| | |
| Only with regard to: : | |
| Debra J. Miller and Douglas Miller : | |
| | |
| Docket No.: 2:06-cv-02198 : | |
| ------------------------------------------------- : | |

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2009, the above and forgoing Notice of Appearance has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by US Mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No.: 8B, and that the foregoing was electronically filed with the Clerk of the District Court for the Eastern District of Louisiana by using the CM/ECF system whcih will send a notice of electronic filing in accord with the procedures established in MDL 1657. I further certify that all parties on the attached service list have been served by US Mail.

_____
MARYA C. YOUNG