UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE |
| Brian Anderson, | * | KNOWLES |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Merck & Co., Inc. | * | |
| Defendant. | * | |
| | * | |
| Case No.  2:08-cv-01458 | * | |
| | * | |
| | * | |

**************************************************************************

**DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF ANDERSON'S MOTION FOR RECONSIDERATION**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby opposes Plaintiff's Motion for Reconsideration.  Plaintiff's suit was dismissed with prejudice on April 9, 2009 for failure to comply with the requirements of the Court's Pretrial Order 29 ("PTO 29").  On May 18, 2009, Plaintiff filed his Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1), invoking grounds of "excusable neglect" to explain his failure to provide a case specific expert report, as required by PTO 29.   Because Plaintiff has not demonstrated any excusable neglect that would entitle him to relief, Plaintiff's Motion should be denied.

Under Rule 60(b)(1), a court may reconsider a judgment or order only when the party seeking relief demonstrates "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ.

- 2 -

P. 60(b)(1). Whether a party's omission constitutes "excusable neglect" is an equitable determination implicating the following factors: "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 880 n.6 (5th Cir. 1998). Moreover, a movant under Rule 60(b)(1) must "make a showing of unusual or unique circumstances" justifying relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)).

PTO 29 required Plaintiff to provide a case specific expert report within forty-five days of the transfer of his case to the MDL, and Plaintiff's expert report was therefore due in April, 2008. To this day, no expert report has been provided.[1] While there is no indication that Plaintiff has acted in bad faith, both the length of the delay in complying with PTO 29 and the proffered reason for the delay weigh against a finding of excusable neglect. Without specifically identifying the basis for his claim of excusable neglect, Plaintiff seems to indicate that he was unable to obtain an expert opinion regarding his Vioxx use from his prison physician without a court order. However, Plaintiff was aware of PTO 29's requirement to provide an expert report for almost a full year prior to the dismissal of his case. *See* Ex. 1 (May 29, 2008 Letter to Brian

---

[1] Plaintiff's Motion for Reconsideration states that Merck's November 19, 2008 Motion to Show Cause confirmed that the Plaintiff had provided everything required by PTO 29 except for a case specific expert report. This is not correct. Rather, Merck's November 19, 2008 Motion to Show Cause merely noted that Plaintiff had "provided *some* materials in response to PTO 29." Def.'s Nov. 19, 2008 Mot. to Show Cause at 2, n.2 (emphasis added). Plaintiff has failed to submit additional materials required by PTO 29; for example, the medical records submitted by Plaintiff appear to be incomplete, and contain no records relating to his alleged injury. In addition, in an attempt to verify Plaintiff's claim, the Claims Administrator recently obtained sixty pages of medical records for Plaintiff from the Sterling Correctional Facility from 2003 and 2004. These records do not contain any support for Plaintiff's assertion that he suffered a myocardial infarction in April 2003.

Anderson from Eva Petko Esber).  Plaintiff had ample opportunity prior to the dismissal of his case to raise with the Court the issue of obtaining an opinion from the prison physician, and Plaintiff at any time could have sought an expert report from a private doctor in order to comply with PTO 29.  These options were fully within Plaintiff's control.

Furthermore, both Merck and the judicial system would be prejudiced by granting this motion.  As this Court is well aware, the Vioxx litigation is essentially winding down.  While there were literally tens of thousands of active cases pending in the courts at the end of 2007, today only a small fraction of those remain pending throughout the country.  It would do a grave disservice to the judicial process and to the reasonable settled expectations of Merck and other parties to suddenly start re-opening cases dismissed long ago.  This potential prejudice to Merck and harm to the judicial system also weigh against a finding of excusable neglect in this case.

Plaintiff's explanation for his failure to provide an expert report to this day, despite full knowledge that one was required by the terms of PTO 29, falls far short of demonstrating any "unusual or unique circumstances" and does not constitute excusable neglect within the meaning of Rule 60(b)(1).[2]  *Pryor*, 769 F.2d at 286; *see also* In re *Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (finding no excusable neglect under Rule 60(b)(1) where MDL plaintiffs were "nearly six months tardy" in submitting the Plaintiff Fact Sheets required by court order).

---

[2] The fact that Plaintiff is proceeding *pro se* does not excuse his noncompliance with PTO 29. The terms of PTO 29 explicitly apply to *pro se* plaintiffs as well as those plaintiffs who are represented by counsel, and this Plaintiff has received ample notice of the Court's requirements and opportunity to comply with those requirements.  *Cf. Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (rejecting excusable neglect claim of *pro se* habeas petitioner who failed to file a timely appeal, and noting that "[m]erely proceeding *pro se* does not confer an extension of the ordinary jurisdictional requirement of timely filing").

## CONCLUSION

After nearly two years, Plaintiff still has not complied with the requirements of PTO 29, and he has not demonstrated any excusable neglect that would entitle him to relief under Rule 60(b)(1), particularly in light of the prejudice to Merck and disruption to the judicial system were this motion to be granted. Plaintiff's motion should therefore be denied.

Respectfully submitted,

/s/ *Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1017316v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Plaintiff Brian Anderson via U.S. Mail at the following address:

> Brian Anderson, #64193
> S.C.F., P.O. Box 6000
> Sterling, CO 80751

The foregoing Memorandum in Opposition has also been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of May, 2010.

>                                     /s/ Dorothy H. Wimberly
>                                     Dorothy H. Wimberly, 18509
>                                     STONE PIGMAN WALTHER
>                                     WITTMANN L.L.C.
>                                     546 Carondelet Street
>                                     New Orleans, Louisiana  70130
>                                     Phone:  504-581-3200
>                                     Fax:     504-581-3361
>                                     dwimberly@stonepigman.com
>
>                                     Defendants' Liaison Counsel