**MINUTE ENTRY**
**FALLON, J.**
**JUNE 3, 2010**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

      The monthly status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the conference.  At the conference, counsel reported to the Court on the topics set forth in Joint Report No. 57 of Plaintiffs' and Defendants' Liaison Counsel.  This monthly status conference was transcribed by Ms. Cathy Pepper, Official Court Reporter.  Counsel may contact Ms. Pepper at (504) 589-7779 to request a copy of the transcript.  A summary of the monthly status conference follows.

I. SETTLEMENT AGREEMENT

      On November 9, 2007, the parties announced the establishment of a Vioxx Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death, or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information regarding the

1

JS10(01:35)

Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full text of the Master Settlement Agreement and exhibits, together with registration and enrollment forms and instructions can be found at Claims Administrator's website at www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its email address, claimsadmin@browngreer.com.. Further information regarding the settlement program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq. By Order entered February 11, 2009, the Court granted the motion. U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program. The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator. A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov.

II. THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have submitted claims for enrollment. BrownGreer, the Claims Administrator appointed under the

Agreement, reported on the status of the Program at the monthly status conference on June 3, 2010.

Subsequent to the August 20, 2008 monthly status conference and at the request of the Court, BrownGreer provided a notice for distribution to all counsel for enrolled claimants regarding the importance of frequently checking the Claims Administrator's Vioxx Portal website, as any notice posted to the site constitutes valid notice to the attorney and triggers any relevant deadlines for response or appeal. The notice is posted on the Court's website, http://vioxx.laed.uscourts.gov, and urges primary counsel to check the secure web portal daily. Further, at the last monthly status conference on March 23, 2010, the Court stated that no further extensions will be granted for ischemic stroke cases under claims review. The Court's statement is also posted on the Court's website, http://vioxx.laed.uscourts.gov.

III. LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Administrator under the Agreement. On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans. At the monthly status conference, the Garretson Firm reported on the lien administration process. Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payor Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On November 2, 2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and Bankruptcy-Related Cases. On December 3, 2009, the Court issued an Order establishing authority of the Lien Resolution Administrator to resolve claims for all probate and bankruptcy related cases.

On March 12, 2010, the Lien Administrator filed a Petition to Establish An End Date For Notifying the Lien Resolution Administrator of Other Governmental Statutory Obligations. On March 12, 2010, the Court issued an Order finding that it is in the best interest of all parties to the Vioxx Settlement Program that the End Date for Notice by Claimants or their Counsel to the Lien Resolution Administrator of Other Governmental Statutory Obligations be set for March 18, 2010.

IV. SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement. Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau. The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program. At the monthly status conference, Special Master Juneau reported on the appeal process.

V. CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims. Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court. On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic

Loss Cases and submitted a proposed Order. As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties are conferring on how to proceed in addressing these cases.

## VI. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.

## VII. *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*. Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure. Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").

## VIII. PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages. The Trial Packages were presented to the Court previously for review.

## IX. GOVERNMENT ACTIONS

A. Louisiana Attorney General Action

Trial in the Louisiana AG case commenced on April 12, 2010. On April 15, 2010, Merck filed a Rule 52(C) Motion for Judgment on Partial Findings. Plaintiff filed its opposition on April 20, 2010. The Court took the motion under submission. Closing arguments were held on April 21, 2010. Proposed Findings of Fact and Conclusions of Law were submitted on April 28, 2010, at which time the matter was taken under submission.

B. Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009. Document productions in these Government Actions have begun and continue on a rolling basis. Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.

A telephone conference to discuss outstanding discovery issues was held on April 30, 2010. Following the telephone conference, the Court issued an Order on May 14, 2010 requiring Merck to produce to Plaintiffs data dictionaries and data models for certain Merck databases and systems. Merck completed these productions on May 28, 2010. During the April 30, 2010 teleconference, the Court also requested that the parties attempt to submit an agreed upon scheduling order for the Court to enter.

The parties met and conferred in New York City on May 6, 2010 to discuss a scheduling order for discovery and ultimate remand/transfer for the Government Action cases,

but was unable to reach consensus. The Plaintiffs' Government Action and Merck's counsel presented competing proposed scheduling orders to the Court on May 24, 2010, and responded to

the each others' proposed scheduling orders on May 28, 2010.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

A status conference was held in this matter following the monthly status conference on June 3, 2010. The parties discussed the formulation of a scheduling order for the pending government action cases. The Court determined that the most appropriate course of action was to divide the cases into three groups with three schedules, with the first group consisting of cases arising out of New York, Pennsylvania, Oklahoma and Florida. The parties will submit to the Court proposed scheduling orders within one week. Further, Defendant will submit a list of outstanding discovery requests within one week. The Court will hold further status conferences on this matter as needed.

X. PENDING PERSONAL INJURY CASES SUBJECT TO PTO 28

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that have served Lone Pine expert reports. On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

XI. FEE ALLOCATION COMMITTEE

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet. Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses. On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses. On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument. On January 27, 2010, the Court issued an Order directing representatives of the common Benefit Fee Applicants and Liaison Counsel for the Objectors to meet and confer in an attempt to agree upon an appropriate discovery and briefing schedule. Pursuant to that Order, a Joint Submission was filed with the Court on February 19, 2010 setting forth competing proposed discovery protocols. On September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as Liaison Counsel for common benefit fee application objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule. Depositions of Liaison Counsel for Objectors and Plaintiffs' Liaison Counsel are scheduled for April 28, 2010.  Thereafter, a status conference with the Court occurred on April 29, 2010 to

discuss issues related to the objectors' motion and discovery. On April 29, 2010, the Court issued a Minute Entry directing Mr. Stratton to identify to the Court what additional discovery was

needed and for Fee Applicants to respond. On April 10, 2010, Mr. Stratton filed a Motion for Discovery and on April 17, 2010 both Plaintiffs' Liaison Counsel and Merck filed responses. The parties await further guidance from the Court.

On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs.

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court. On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award. This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re: Pre-Trial Order 6(D)). On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

XII. MERCK'S MOTIONS AND RULES ON PTOs

A. PTO 43

The remaining matters deferred from Merck's Fifth Motion to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 were heard immediately following the monthly status conference on June 3, 2010. A separate order on this matter will be issued.

XIII. OTHER MOTIONS

On February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand. Merck filed a combined opposition to the Stratton Faxon and Benjamin motions. The motions have been taken under advisement by the Court.

Two motions for reconsideration/reinstatement of cases were heard immediately following the monthly status conference on June 3, 2010. Separate orders in these matters will be issued.

XIV. APPEALS

Certain appeals from dismissals with prejudice for noncompliance with PTOs 28 and 29 are pending before the United States Court of Appeals for the Fifth Circuit, including the *Dier* and *Nobile* cases. A motion to consolidate those appeals was denied by the court. The court has advised that oral argument in the *Dier* case is tentatively scheduled for the week of June 7, 2010.

XV. MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed. On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees. A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov. On December 17, 2009, Pre-Trial Order No. 47A, which deals with the establishment of a procedure for attempted liens for attorneys fees and expenses relating to Vioxx Settlement payments, was entered by the Court.

XVI.   PENDING PERSONAL INJURY CASES SUBJECT TO PTO 29 AND PTO 43

On March 23, 2010, the Court instructed the parties to meet and confer regarding exchange of information pertinent to cases still before the Court and subject to PTO 28, PTO 29,or PTO 43. The parties were also to meet and confer regarding leadership necessary to allow for the development and coordination of those cases.

XVII. THIRD PARTY PAYOR SETTLEMENT

On May 18, 2010, the Court was advised by one of the co-chairs of the Private Third Party Payor Bellwether Trial Committee that the Settlement was completed and resolved and requested that an allocation of the common benefit fee be addressed by the Court, and a procedure put in place to address the fee.

XXIII. NEXT STATUS CONFERENCE

The next monthly status conference will be held on Tuesday July 27, 2010, at 9:00 a.m.,

central time. This conference will be held in the courtroom of Judge Eldon E. Fallon, Room C-468. Any interested persons unable to attend in person may listen-in via telephone at 1-866-213-7163. The access code will be 80284086 and the Chairperson will be Judge Fallon.