**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE JUDGE** |
| KATHLEEN ACKERMAN, et al., | * | **KNOWLES** |
| | * | |
| Plaintiffs, | * | |
| | * | |
| V. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Civil Action No. 2:06cv02198 | * | |
| | * | |
| *As to only:* | * | |
| *Debra J. Miller and Douglas Miller* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT MERCK & CO., INC.'S SUPPLEMENTAL RESPONSE TO MILLER PLAINTIFFS' RULE 60(b)(3) MOTION TO VACATE DISMISSAL

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby submits this supplemental memorandum in response to Plaintiffs Debra Miller's and Douglas Miller's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(3), and states as follows:

Attorney Ronald Benjamin filed this motion attacking the dismissal of the claims of Plaintiffs Debra Miller and Douglas Miller ("Miller Plaintiffs") who enrolled in the Vioxx Resolution Program, and whose claims were ultimately extinguished after an adverse determination of eligibility. The claim had been found ineligible under the Program, largely because of the lack of evidence of use of Vioxx. Merck filed an opposition to the motion on

May 17, 2010.  Subsequently, *former* counsel for the Miller Plaintiffs (Cellino & Barnes) filed an Amicus brief asserting *new* information regarding the facts and circumstances of Ms. Miller's underlying claim.  The Cellino & Barnes material reveals an error in communication (or transmission) regarding key information concerning Ms. Miller's claim during the time that it was pending before the Claims Administrator.  This communication error had not previously been known and resulted in key evidence regarding Ms. Miller's Vioxx usage not being previously considered.  Based on a review of the information provided by former counsel and consultation with the Claims Administrator, Merck has determined that Ms. Miller's underlying claim is indeed eligible for participation in the Resolution Program, and Ms. Miller's eligibility status has been modified.  Accordingly, pursuant to the terms of the Master Settlement Agreement, the Claims Administrator has issued a Notice of Eligibility.  Furthermore, the Claims Administrator has evaluated the merits of the Miller claim pursuant to the criteria set forth in the MSA and has issued a Points Award of 225 points.  Such a Points Award has a value of approximately $419,000.  This Award is currently being processed for payment.

As explained in Merck's original opposition papers, Ms. Miller voluntarily enrolled in the Program and provided the required stipulation of dismissal and release.  Based on the events as they had transpired as of the date of the opposition, Merck was clearly entitled to file that stipulation of dismissal, and no basis existed for granting Plaintiffs' motion to re-open their case.  But based on the events that have transpired subsequent to the filing of the opposition—the provision of additional information by former counsel—Merck exercised its right to push the underlying claim into the Program and the Claims Administrator has issued a Points Award.  Therefore, Merck remains entitled to receive Plaintiffs' stipulation of dismissal and release.  The motion should be denied.

2

\* \* \*

## The Cellino & Barnes Submission

1.      On May 28, 2010, former counsel for the Miller Plaintiffs filed an Amicus brief in support of the Millers' motion.  In its brief, former counsel explained that a physician affidavit (dated December 18, 2009) documenting Ms. Miller's Vioxx usage was submitted to the Claims Administrator in February 2009, and counsel explained the basis for their belief that this key affidavit was part of Ms. Miller's official claims package.

2.      Although the records of the Claims Administrator do not establish that the aforementioned affidavit was actually received by the Claims Administrator and incorporated into the Miller claims package as intended by former counsel, Merck accepts counsel's representations that (i) they intended to provide this information prior to March 6, 2009, (ii) they took reasonable steps to accomplish that submission, and (iii) they had a good faith belief that the materials had actually been submitted.

3.      As explained in Merck's original opposition, had this affidavit been part of Ms. Miller's claim package at the time of the initial consideration of her claim, this claim would ultimately have been deemed eligible pursuant to the evaluation mechanisms established by the MSA.

4.      As part of an initial review, claimants must meet, among other criteria, the injury, duration, and proximity gate criteria as defined in the MSA and as determined by the Claims Administrator.  *See* MSA §§ 2.1, 2.2, 2.3.  If the Claims Administrator determines that a claimant does not meet the requisite gate requirements, the Gate Committee takes a further review.  *See* MSA § 2.5.

5.      The Gate Committee shall have the right to receive and review any or all of the records provided to the Claims Administrator, "as well as any additional materials that such [Enrolled Claimant] may wish to provide . . . *or any material otherwise available*."  *See* MSA § 2.5.2 (emphasis added).

6.      As part of the Gate Committee review process, Merck's representatives on the Gate Committee may unilaterally deem any particular claimant to be a Qualifying Program Claimant "if there is evidence in the Claims Package and/or any of the other records or other documentation available to the Claims Administrator or the Gate Committee that such Enrolled Program Claimant's Product User suffered an Eligible Event and used Vioxx before such Event." *See* MSA § 2.5.5.3.  The December 18, 2009 physician affidavit provides evidence that Ms. Miller used Vioxx prior to her MI.

7.      Based on the material submitted by former counsel to this Court and the representations that accompanied it, Merck has elected to exercise its rights under MSA § 2.5.5.3 and has deemed Ms. Miller a Qualifying Program Claimant.

8.      Pursuant to the provisions of the MSA governing the claims valuation process, the Claims Administrator has determined that Ms. Miller's claim is entitled to a Points Award of 225 points.  Such a point award will result in a payment of approximately $419,000.

### Resolution of Pending Motion

9.      For the reasons stated in Merck's opposition brief (filed May 17, 2010), the Millers' Motion should be denied.  The motion is styled as a Rule 60(b)(3) motion which requires some showing of "fraud . . . misrepresentation, or misconduct by an opposing party." Plaintiffs' supporting papers do not establish any fraud or misconduct of any kind on the part of Merck; nor do the additional materials filed by Plaintiffs' former counsel.  No fraud,

1019455v.1

misrepresentations or misconduct has transpired.  Thus, on that basis alone, the motion should be denied.

10.     In the alternative, the Millers' Motion should now be denied as moot.  The apparent error that resulted in the Miller Claim being deemed ineligible has been corrected, and the claim is being processed through the Program.

11.     Plaintiffs have affirmed that they voluntarily enrolled in the Resolution Program. Ms. Miller acknowledges that she and her husband executed the relevant release and "put our reservations aside and participated in the program to the best of our ability."  Miller Aff. ¶¶ 27-28.  Thus, at a minimum, Plaintiffs fully intended to release all of their claims and accept a resolution payment calculated in accordance with the terms of the MSA.  As explained above, the Claims Administrator has conducted such an evaluation and issued an award of approximately $419,000.  Thus, any assertion that Plaintiffs' enrollment in the Program has left them with "no compensation and no lawsuit," Pl. Mem. at 8, 9, is misplaced.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated:  June 9, 2010

Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

5

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

1019455v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of June, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1019455v.1