## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WALTER HOLMES** | * | **CIVIL ACTION** |
| **SHIRLEY HOLMES** | * | |
| | * | **NO.  05-2814** |
| **VERSUS** | * | |
| | * | **SECTION: " L   "** |
| **MERCK & CO., INC.** | * | |
| | * | **MAG.  ( 3 )** |
| | * | |
| | * | **JURY TRIAL REQUESTED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF
### MOTION TO EXTEND DEADLINE TO PROVIDE
### CASE SPECIFIC EXPERT REPORT AND ADDITIONAL RECORDS

*MAY IT PLEASE THE COURT:*

Walter Holmes sustained a stroke on October 12, 2004 after using Vioxx for approximately

four months.  Walter and his wife filed a lawsuit on July 12, 2005, seeking to recover damages from

the defendant Merck & Co., Inc.  The case was then swept up into the class action lawsuit and has

progressed through that system.  The plaintiffs were initially notified that their claims were eligible

for the program until April 17, 2010, when the Gate Committee reversed its previous finding and

informed the plaintiffs that the claim was ineligible.  The plaintiff filed a Future Evidence Stipulation

Page 1

on May 17, 2010.  Under the existing pretrial orders in this district, the plaintiff is required to file a supplemental PPF.  This is being timely filed today.  However, the plaintiff seeks additional thirty days for the submission of a case specific expert report and any documentation required with the supplemental PPF which were also due today pursuant to the court's existing pretrial order.

The plaintiff has been unable to obtain a report as of this time as a result of a number of factors.  First, Walter Holmes' stroke was defined as a hemorrhagic stroke as opposed to an ischemic stroke.  This has created a greater complexity to the case as the defendant has not accepted liability for this type of stroke.  Second, plaintiff's counsel schedule has been full since being informed of the ineligibility.  Plaintiff seeks an additional thirty days to provide a case specific expert report and any additional documentation required by the existing pretrial orders.

There should be no prejudice to the defendant as the case is not currently set for trial.  Plaintiff has previously provided the documentation to the defendant through the class action.  Other than the case specific expert report, the defendant has been fully aware of the plaintiffs' claims.  The plaintiffs claims were originally timely filed, so the plaintiffs did not rely on any tolling provisions provided by the class action.

Respectfully submitted,
**S/ JAMES E. CAZALOT, JR.**
James E. Cazalot, Jr. (17510)
H. EDWARD SHERMAN, A.P.L.C.
1010 Common Street, Suite 1750
New Orleans, Louisiana   70112
Telephone: (504) 587-7100
Facsimile: (504) 587-7102

Page 2

jamescazalot@hotmail.com

## CERTIFICATE OF SERVICE

I, hereby certify that on June 16, 2010, I electronically filed the foregoing with the Clerk of Court by using the Lexis Nexis File and Serve system which will send a notice of electronic filing to the following:

1.   Wilfred P. Coronato, Hughes Hubbard & Reed, LLP 1010 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918

2.   Phillip A. Wittmann, Stone Pigman Walther Wittmann, LLC,

3.   Dimitriors Mavroudis at Dechert LLP

4.   Susan Giamportone, Womble, Carlyle Sandridge & Rice PLLC

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1.   Wilfred P. Coronato, Hughes Hubbard & Reed, LLP 1010 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918.

**s/   James E. Cazalot, Jr.**
JAMES E. CAZALOT, JR.