IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
----------------------------------------x
AvMed, Inc., et al.              :   CIVIL ACTION
              Plaintiff,         :
                                 :   No. 08-1633
       vs.                       :
                                 :   SECTION L, MAG. 3
Brown Greer PLC, U.S.            :
Bancorp, Inc. and John Does      :   HONORABLE ELDON E. FALLON
                                 :   HONORABLE DANIEL E. KNOWLES, III
              Defendants.        :
                                 :   In relation to: MDL No. 1657
                                 :
                                 :   In re: Vioxx Products Liability
                                 :   Litigation
----------------------------------------x
```

## CORRECTED DECLARATION OF MARK D. FISCHER, ESQ.

I, Mark D. Fischer, Esq., declare, pursuant to 28 U.S.C. § 1746, that:

1. I am the Chairman of Rawlings and Associates, PLLC (the "Rawlings Firm"), co-counsel for the Plaintiffs in this case. I, on behalf of the Rawlings Firm and the Plaintiff Plans, have been involved in negotiating and administering the Private Lien Resolution Program ("PLRP"). I have also been personally involved in isolating data to determine the identities of Eligible Claimants ("ECs") who have not participated in the PLRP. I make this Declaration on personal knowledge.

2. Following completion of the PLRP, we determined, in consultation with the court-appointed lien administrator, The Garretson Firm Resolutions Group, Inc. (the "Garretson Firm"), that approximately 56% of ECs had elected not to participate in the PLRP.

3. Pursuant to Plan Plaintiffs' request, on May 19, 2009, the Court ordered the PSC and the Plans to engage in a matching exercise to determine the extent to which the plans covered non-participating ECs. In this connection, on June 5, 2009, I met with representatives of the Garretson Firm at their offices in Cincinnati, Ohio. At that time, we "matched" a computer file of information I had gathered from the Plaintiff Plans with information concerning the ECs housed on the Garretson Firm's computer. From this matching process, on June 29, 2009, the Garretson Firm identified 6,713 ECs with private health insurance obligations who had not joined the PLRP.

4. I engaged in a process to identify as many nonparticipating ECs as possible for purposes of pursuing the Plaintiff Plans' reimbursement claims in this action. Specifically, I employed contractors to go state court clerks' offices and physically

retrieve every Vioxx related personal injury complaint filed in those courts. The contractors recorded the name, case name, case number, and attorney contact information for over 16,000 Vioxx plaintiffs.

5. I sent the list of 16,000 Vioxx plaintiff names to the Plaintiff Plans and requested each to match the Vioxx plaintiff names against their member enrollment files from May 1999 to the present. For each "matched" plaintiff name I requested the Plaintiff Plans to pull the matched Vioxx plaintiff's full medical history and send the full history to my firm along with a copy of the subrogation or reimbursement language in each member's plan document.

6. My firm then created lien histories for each matched Vioxx plaintiff using the exact same ICD-9 and CPT Code criteria agreed to and adopted by all parties for creating compensable liens in the PLRP. Matched Vioxx plaintiffs who did not have compensable liens based on the PLRP criteria were discarded and are not included in the proposed Second Amended Complaint.

7. Over 120 law firms represent matched Vioxx nonparticipating plaintiffs with compensable liens identified through this process. The proposed Second Amended Complaint names only 11 of the firms with the largest volume of nonparticipating liens.

8. I sent a notice letter to the named law firms that represent the identified ECs. A true and correct copy of one of these communications is annexed hereto as Exhibit B. Following this letter, most firms responded and identified matched plaintiffs which did not receive any Vioxx settlement recovery or which the firm did not represent. Matched plaintiffs identified by one of the named firms as not receiving any Vioxx related settlement proceeds were removed from the proposed Second Amended Complaint.

9. My firm, along with our co-counsel, drafted a proposed amended complaint, which I attach hereto as Exhibit C. Exhibit A represents the fruits of the efforts I described in paragraphs 2-8 above, which I attach hereto. This Exhibit is a list of all the liens we are asserting against the ECs. It is a chart of the name of the ECs, the names of their law firms, and the amount of the liens we are asserting in this case.

10. I understand that the substantial majority of the settlement proceeds were distributed to the law firms representing the ECs on Monday, June 14, 2010.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 18, 2010
LaGrange, Kentucky

MARK D. FISCHER, ESQ.

{1851 / DECL / 00101765.DOC v1}