### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Case No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| *This document relates to* | * | |
| | * | MAGISTRATE JUDGE |
| *LaDonna King v. Merck & Co., Inc.,* | * | KNOWLES |
| *2:06-cv-10270-EEF-DEK* | * | |
| | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S MOTION, RULE AND
### INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASE
### SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the

Court for entry of an order requiring Plaintiff LaDonna King to show cause why her individual

claim should not be dismissed with prejudice for failure to prosecute.  Merck has made repeated

attempts to procure necessary authorizations from Ms. King for the release of relevant medical

records.  In attempting to do so, Merck's counsel has learned that while Ms. King's counsel has

made efforts to obtain the required signatures, they have been unsuccessful in their attempts to

do so.  Pursuant to Federal Rules of Civil Procedure Rule 41(b) and this Court's broad discretion

to clear its calendar of abandoned cases, Merck respectfully moves the Court for an order

dismissing the claim of this non-responsive plaintiff who either cannot be found and who has

otherwise failed to participate in this litigation by maintaining contact with her counsel.

In support of this motion, Merck further states as follows:

1.      Plaintiff filed a claim against Merck for personal injuries alleged to have been

caused by Vioxx.  It is beyond dispute that Plaintiff's medical records and pharmacy records are

essential evidence in this case.

1021563v.1

2.      To facilitate the collection of medical records, plaintiffs in this litigation have been required to provide executed authorizations permitting their health care providers to release medical records to Merck.

3.      In many cases, medical records can be collected using a standard generic form executed by plaintiffs.  However, some providers require that special authorizations be executed, and they will release records only if presented with a one of their specially sanctioned forms. Such providers include the Social Security Administration, Veterans' Affairs (including all of its affiliated hospitals and medical centers), CVS/Caremark Pharmacy, and Wal-Mart Pharmacy.

4.      On April 6, 2010 and April 19, 2010, Merck's counsel contacted Ms. King's attorneys (Handler, Henning & Rosenberg LLP) requesting the execution of special authorizations required by the Social Security Administration, Caremark Pharmacy, and Bedford Memorial Hospital.[1]  Based on the information provided in Ms. King's Plaintiff Profile Form, the Bedford Hospital records in particular are expected to contain key records relating to her alleged injury.  No response was provided to either of these requests.

5.      On June 10, 2010, Merck's counsel renewed its request that Ms. King provide the requested authorizations.  On June 11, Merck's counsel received the following response from Handler, Henning's Office:

> For LaDonna King – *she is MIA and we cannot find her*.  *All attempts to reach her by phone and mail have been fruitless*. You can stop sending the authorization forms – we have 3 copies of them now.  *We have sent these forms to multiple addresses and made numerous phone calls, and have even involved our private investigator to try to track down Ms. King*.  However, like I said we have not been able to find her or get her to respond.  We are doing everything in our power to make this happen.

---

[1]      Ms. Ann Oldfather was copied on this correspondence.  (Copies of April 6, April 19 and June 10 letters attached as Exhibit A.)

1021563v.1

*See* June 11, 2010 E-Mail of Marc C. Prokopchak (Attached as Exhibit B).

6.       This Court has previously noted on many occasions in this litigation that a plaintiff who files a personal injury lawsuit as an obligation to stay in touch with his or her attorneys.  When an attorney has made numerous diligent efforts to communicate with his client but cannot do so, that plaintiff has essentially abandoned his or her claim.

7.       Likewise, Courts in this District have repeatedly held that the inability to find a plaintiff acts as an abandonment of plaintiff's claim and warrants dismissal of that claim.  *See Landry v. Marine Transport Lines, Inc.,* 2000 WL 1741881, *1 (E.D. La. 2000) (dismissing personal injury case because "plaintiffs' counsel and plaintiffs failed repeatedly to participate in the litigation and to prosecute their claims") (Fallon, J.); *Thomas v. Parker,* 2008 WL 782547 at * 1 (E.D. La. 2008) (dismissing *pro se* plaintiff's case under Rule 41(b) when "[n]otice sent to *pro se* plaintiff was returned by the United States Postal Service as undeliverable . . . Because plaintiff's whereabouts were unknown . . . .") (Barbier, J.); *Anderson v. Jackson,* 2007 WL 2903038 at * 1 (E.D. La. 2007) (dismissing plaintiff's claims because "[h]er present whereabouts in the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter.") (Lemelle, J.); *Sea-Land Service, Inc. v. Banca, de Republica de Monica*, 697 F.Supp. 253, 257 (E.D. La. 1988) (granting  Rule 41(b) dismissal when plaintiff had not responded to correspondence) (Collins, J.); *Shannon v. State of Louisiana,* 1988 WL 54768 at * 1 (E.D. La. 1988) (dismissal where plaintiff did not respond to court orders and a notice was returned by Post Office) (Moore, Mag., J.).  *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (dismissal by court for lack of prosecution is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their

3

own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Arkansas City Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (same).

8.     Here, Ms. King's counsel has apparently made numerous attempts to reach her by phone, mail and private investigator, yet all such attempts "have been fruitless."  In short, Ms. King has ceased participating in this litigation and her claims should be dismissed.  Merck requests that Ms. King be instructed to appear and show cause at a hearing on July 27, 2010 why her case should not be dismissed with prejudice.  A proposed order is attached.


Dated:  June 29, 2010                          Respectfully submitted,


                                               */s/ Dorothy H. Wimberly*
                                               Phillip A. Wittmann, 13625
                                               Dorothy H. Wimberly, 18509
                                               STONE PIGMAN WALTHER
                                               WITTMANN L.L.C.
                                               546 Carondelet Street
                                               New Orleans, Louisiana 70130
                                               Phone: 504-581-3200
                                               Fax:    504-581-3361

                                               Defendants' Liaison Counsel

                                                 —and—

                                               Douglas R. Marvin
                                               Eva Petko Esber
                                               M. Elaine Horn
                                               WILLIAMS & CONNOLLY LLP
                                               725 Twelfth Street, N.W.
                                               Washington, D.C. 20005
                                               Phone: 202-434-5000
                                               Fax:    202-434-5029

                                               Attorneys for Merck & Co., Inc.

1021563v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Liaison Counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 28th day of June, 2010.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1021563v.1