UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX Products Liability Litigation | * | MDL No. 1657 |
| This Document Relates to: | * | SECTION L |
| All Government Actions Except for *State of Louisiana ex rel. Caldwell v. Merck & Co., Inc.*, Case No. 05-3700 | * * * | JUDGE ELDON E. FALLON MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * *   *

**PRETRIAL ORDER NO. 39A**
Government Action Discovery and Remand/Transfer Scheduling Order (Except for
*State of Louisiana ex rel. Caldwell v. Merck & Co., Inc.*, Case No. 05-3700)

I.   **APPLICABILITY OF ORDER**

This Order shall supplement PTO 39 and is applicable to all cases governed by PTO 39 with the exception of *State of Louisiana ex rel. Caldwell v. Merck & Co., Inc.*, Docket No. 05-3700 ("State of Louisiana") as that case is governed by its own scheduling orders, PTO 53 and 53A, and has been tried.  Any matter set forth in PTO 39 that is not expressly addressed shall remain in full force and effect.

To the extent any conflict exists between this Order and any previous order regarding the Government Actions, this Order shall supersede such prior orders. Plaintiffs' State Liaison Counsel, Dawn M. Barrios ("Ms. Barrios"), shall promptly provide this Order to Plaintiffs in all Government Actions pending in this Court and subject to this Order, and to Plaintiffs in all Government Actions transferred to this Court as and when they are so transferred.  If any Government Action case is later transferred to this Court, Merck shall notify Ms. Barrios, and she will coordinate it with the

1

Government Action cases pending in the MDL pursuant to PTO 39, Paragraph IV.B.3.

## II.     DISCOVERY IN THE MDL

Pretrial Order No. 30 stayed all litigation proceedings pending in this MDL, and that stay was partially lifted in an Order signed by the Court on November 21, 2008 for the limited purpose of conducting common mutual discovery in the Government Actions. It is hereby ORDERED that the stay of litigation proceedings in Pretrial Order No. 30 is also hereby lifted for purposes of conducting the discovery contemplated herein in the Government Actions.  IT IS FURTHER ORDERED that all other portions of the stay, as set forth in Pretrial Order No. 30, remain in effect as to the remaining matters and cases in the MDL, except where the Court has previously ruled otherwise.

The Court now finds it appropriate and necessary to the completion of MDL proceedings to set deadlines related to discovery to proceed in the MDL and for consideration of jurisdictional motions to remand Government Action cases to state courts and/or motions to remand cases to their transferor courts.

The discovery contemplated to take place in the MDL is the fact discovery by the parties, including document/data discovery and depositions, and liability expert discovery, with depositions to occur in conformance with Pretrial Order No. 9. Other expert discovery limited to damages[1] will be addressed after remand or transfer.  As noted in Pretrial Order No. 39, the parties have the right to seek discovery from any non-party (whether document discovery or depositions) under the applicable procedural rules at any time.  With the exception of discovery related to damages experts, it is the intention of the Court and the parties that all fact and expert discovery will be completed by the parties in the MDL prior to consideration of the motions to remand/transfer.

---

[1] References to damages may include penalties, if applicable.

2

The Court will consider arguments regarding the scope of discovery to be conducted in the MDL in the context of specific discovery disputes that may arise in the Government Action cases.

Any and all activities in the MDL by the Government Action Plaintiffs pursuant to this Order shall not affect or waive their pending or future Remand Motions, Motions to Transfer, or the jurisdictional issues raised therein, except insofar as it relates to scheduling such motions.

The Court will schedule bi-weekly conference calls with the parties to address the parties' progress under this Order. Upon timely notice to the Court, the parties may jointly request that such conference calls be postponed or canceled, as necessary.

### A.     Grouping of Government Action Cases

Discovery in this MDL in the non-Louisiana Government Actions will proceed based upon groupings of Plaintiffs. "Group 1" will consist of Florida, New York (including Chautauqua County, Erie County, and Orange County), Oklahoma, and Pennsylvania. "Group 2" will consist of Alaska, District of Columbia, Montana, and Utah. "Group 3" will consist of Colorado, Kentucky, Mississippi, South Carolina and Santa Clara County.

To the extent more than one Plaintiff chooses to rely on the same experts, they may rely upon expert reports and depositions taken earlier in the MDL proceedings, including by a Plaintiff in an earlier Group of Government Action cases. It is the intent of the parties that the discovery previously completed in the MDL, particularly the expert reports and depositions of witnesses, except for good cause shown, be utilized without additional discovery of those witnesses. Plaintiffs anticipate taking perpetuation

depositions of several witnesses already deposed for discovery purposes in order to maximize use of the discovery already done.

Reasonable extensions to the deadlines set forth below will be available by consent of the parties or by Court order based upon a showing of good cause. Conversely, the parties are free to attempt to complete necessary discovery tasks more quickly than the deadlines contemplated below by, for example, avoiding discovery disputes or narrowing the scope of their discovery requests, utilizing discovery previously done and/or expert reports previously created to permit a given action to proceed more quickly. Hence, regardless of the briefing schedules herein for jurisdictional remand motions and JPML Rule 7.6 Suggestions of Remand, the Court may entertain such motions or conduct any trials, where appropriate, once it has determined that the MDL discovery contemplated herein with respect to a particular Plaintiff has been completed.

**B.     Group 1 Discovery Schedule**

The Group 1 Plaintiffs and Merck will complete in the MDL the discovery described above based upon the following schedule:

<u>Document Requests and Interrogatories</u>

1. To the extent it has not already done so, a party will send a letter identifying deficiencies in its adversary's discovery responses and objections by June 23, 2010;

2. A party receiving such deficiency letter shall respond to it within 3 weeks of receipt;

3. After receipt of such responding letters, the parties shall then have 3 weeks to engage in the meet-and-confer process as to any disputes;

4. Any disputes remaining after the process described above shall be raised with the Court and addressed in writing by all persons interested within 3 weeks of the meet-and-confer deadline;

5. The parties shall endeavor to finalize their responses and document productions to existing discovery requests in accordance with the parties' agreements and/or the Court's discovery rulings, within 30 days after the conclusion of the meet-and-confer deadline or Court Order, as applicable.

Merck's Requests for Database Information from Plaintiffs

6. To the extent it has not already done so, Merck may informally interview a person with knowledge of the claims-related databases for the Plaintiffs' Medicaid programs and other relevant programs, concerning relevant issues by June 30, 2010 or, if later, within 3 weeks of the later of entry of this Order or receipt of the respective Plaintiff's responses and objections to discovery.  Merck shall provide Plaintiffs questions 1 week in advance of the interview;

7. To the extent reasonable, Merck may provide a letter seeking information in follow up to such database interview within 2 weeks of such meeting;

8. A Plaintiff who has received a follow-up letter from Merck after an informal interview of persons with knowledge of claims-related databases for the Plaintiffs' Medicaid programs and other relevant programs shall respond to the additional requests by letter or telephone conference within 3 weeks of Merck's letter;

9. If Merck does not send a follow-up letter concerning databases as set forth above, it shall make a concrete request for specific database information within 3 weeks after the informal interview.  If Merck does send a follow-up letter, it shall make a concrete request for specific database information within 3 weeks after receiving the response from the Plaintiff to the follow-up letter;

10. If a Plaintiff objects to producing such database information, it will notify Merck of its objections in writing within 2 weeks after receiving the request;

11. Plaintiffs and Merck shall have 2 weeks after such objection letter to engage in a meet-and-confer process as to any disputes related thereto;

12. Any disputes concerning Merck's requests shall be raised with the Court and addressed in writing by all persons interested within 2 weeks after the meet-and-confer deadline;

13. The production of data from Plaintiffs' databases shall be concluded by Plaintiffs within 45 days after resolution of any disputes either by agreement of the parties or by order of this Court;

5

Plaintiffs' Requests for Database Information from Merck

14. Within 3 weeks after Plaintiffs' receipt of Merck's complete production of data dictionaries and data models addressed by the Court's May 12, 2010 Order, but by no later than June 18, 2010, Plaintiffs shall make a single, unified request for specific database information from those Merck databases and systems;

15. If Merck objects to producing such database information, it will notify Plaintiffs of its objections in writing within 2 weeks after receiving the request;

16. Plaintiffs and Merck shall have 2 weeks after such objection letter to engage in a meet-and-confer process as to any disputes related thereto;

17. Any disputes concerning Plaintiffs' requests shall be raised with the Court and addressed in writing by all persons interested within 2 weeks after the meet-and-confer deadline;

18. The production of data from Merck's databases and systems shall be concluded by Merck within 60 days after resolution of any disputes either by agreement of the parties or by order of this Court;

Depositions

19. Upon the completion of the foregoing document/data discovery, but no later than September 1, 2010, the parties shall exchange good-faith lists of fact trial witnesses who may or will be called and commence the depositions of fact witnesses; fact depositions will continue up through and including December 10, 2010;

Non-Damages Expert Disclosures and Depositions

20. For their non-damages experts, Plaintiffs shall make their expert disclosures and reports by January 10, 2011;

21. Merck may take depositions of Plaintiffs' non-damages experts beginning in January 2011;

22. For their non-damages defense experts, Merck shall make its expert disclosures and reports by February 14, 2011;

23. Plaintiffs may take depositions of Merck's non-damages experts beginning in February 2011;

Remand or Transfer Motions

24. Plaintiffs shall file remand or transfer motions, or supplement previously filed remand or transfer motions, by February 22, 2011;

25. Merck shall file any responses or supplemental responses to remand or transfer motions by March 8, 2011;

26. Plaintiffs shall file any replies to Merck's responses or supplemental responses by March 18, 2011;

27. The Court will set a date for hearing remand and transfer motions for a date following March 18, 2011.

C.     **Group 2 Discovery Schedule**

The Group 2 Plaintiffs and Merck will complete in the MDL the discovery described above based upon the following schedule:

Document Requests and Interrogatories

1. To the extent they have not already done so, the parties will respond to the master discovery previously served with written responses and document productions by August 2, 2010;

2. To the extent it has not already done so, a party will send a letter identifying deficiencies in its adversary's discovery responses and objections by August 30, 2010;

3. A party receiving such deficiency letter shall respond to it within 3 weeks of receipt;

4. After receipt of such responding letters, the parties shall then have 3 weeks to engage in the meet-and-confer process as to any disputes;

5. Any disputes remaining after the process described above shall be raised with the Court and addressed in writing by all persons interested within 3 weeks of the meet-and-confer deadline;

6. The parties shall endeavor to finalize their responses and document productions to existing discovery requests in accordance with party agreements and/or the Court's discovery rulings, within 30 days after the conclusion of the meet-and-confer deadline or Court Order, as applicable.

Merck's Requests for Database Information from Plaintiffs

7. To the extent it has not already done so, Merck may informally interview a person with knowledge of the claims-related databases for the Plaintiffs' Medicaid programs and other relevant programs, concerning relevant issues by August 16, 2010 or, if later, within 3 weeks of the later of entry of this Order or receipt of the respective Plaintiff's responses and objections to discovery; Merck shall provide Plaintiffs with questions 1 week in advance of the interview;

8. To the extent reasonable, Merck may provide a letter seeking information in follow-up to such database interview within 2 weeks of such meeting;

9. A Plaintiff receiving a follow-up letter from Merck shall respond to the additional requests by letter or telephone conference within 3 weeks of Merck's letter;

10. If Merck does not send a follow-up letter concerning databases as set forth above, it shall make a concrete request for specific database information within 3 weeks after the informal interview. If Merck does send a follow-up letter, it shall make a concrete request for specific database information within 3 weeks after receiving the response from the Plaintiff to the follow-up letter;

11. If a Plaintiff objects to producing such database information, it will notify Merck of its objections in writing within 2 weeks after receiving the request;

12. Plaintiffs and Merck shall have 2 weeks after such objection letter to engage in a meet-and-confer process as to any disputes related thereto;

13. Any disputes concerning Merck's requests shall be raised with the Court and addressed in writing by all persons interested within 2 weeks after the meet-and-confer deadline;

14. The production of data from Plaintiffs' databases shall be concluded by Plaintiffs within 45 days after resolution of any disputes either by agreement of the parties or by order of this Court;

Plaintiffs' Requests for Database Information from Merck

15. The Group 2 Plaintiffs will seek and obtain data from Merck's databases and systems together with the Group 1 Plaintiffs, as set forth above and subject to any further orders of the Court, production of which shall be completed 60 days after completion of Merck's data productions associated with the Group 1 Plaintiffs;

Depositions

16. Upon the completion of the foregoing document/data discovery, but no later than November 1, 2010, the parties shall exchange good-faith lists of fact trial witnesses who may or will be called and commence the depositions of fact witnesses; fact depositions will continue up through and including February 10, 2011;

Non-Damages Expert Disclosures and Depositions

17. For their non-damages experts, Plaintiffs shall make their expert disclosures and reports by March 10, 2011;

18. Merck may take depositions of Plaintiffs' common liability experts beginning in March 2011;

19. For their non-damages defense experts, Merck shall make its expert disclosures and reports by April 15, 2011;

20. Plaintiffs may take depositions of Merck's non-damages experts beginning in April 2011;

Remand or Transfer Motions

21. Plaintiffs shall file remand or transfer motions, or supplement previously filed remand or transfer motions, by April 21, 2011;

22. Merck shall file any responses or supplemental responses to remand or transfer motions by May 6, 2011;

23. Plaintiffs shall file any replies to Merck's responses or supplemental responses by May 18, 2011;

24. The Court will set a date for hearing remand and transfer motions for a date following May 18, 2011.

**D.     Group 3 Discovery Schedule**

The Group 3 Plaintiffs and Merck will complete in the MDL the discovery described above based upon the following schedule:

Document Requests and Interrogatories

1. To the extent they have not already done so, the parties will respond to the master discovery previously served with written responses and document productions by September 1, 2010;

2. To the extent it has not already done so, a party will send a letter identifying deficiencies in its adversary's discovery responses and objections by September 30, 2010;

3. A party receiving such deficiency letter shall respond to it within 3 weeks of receipt;

4. After receipt of such responding letters, the parties shall then have 3 weeks to engage in the meet-and-confer process as to any disputes;

5. Any disputes remaining after the process described above shall be raised with the Court and addressed in writing by all persons interested within 3 weeks of the meet-and-confer deadline;

6. The parties shall endeavor to finalize their responses and document productions to existing discovery requests in accordance with party agreements and/or the Court's discovery rulings, within 30 days after the conclusion of the meet-and-confer deadline or Court Order, as applicable.

Merck's Requests for Database Information from Plaintiffs

7. To the extent it has not already done so, Merck may informally interview a person with knowledge of the claims-related databases for the Plaintiffs' Medicaid programs and other relevant programs, concerning relevant issues by August 30, 2010 or, if later, within 3 weeks of the later of entry of this Order or receipt of the respective Plaintiff's responses and objections to discovery; Merck shall provide Plaintiffs with questions 1 week in advance of the interview;

8. To the extent reasonable, Merck may provide a letter seeking information in follow-up to such database interview within 2 weeks of such meeting;

9. A Plaintiff receiving a follow-up letter from Merck shall respond to the additional requests by letter or telephone conference within 3 weeks of Merck's letter;

10. If Merck does not send a follow-up letter concerning databases as set forth above, it shall make a concrete request for specific database information within 3 weeks after the informal interview. If Merck does send a follow-up letter, it shall make a

concrete request for specific database information within 3 weeks after receiving the response from the Plaintiff to the follow-up letter;

11. If a Plaintiff objects to producing such database information, it will notify Merck of its objections in writing within 2 weeks after receiving the request;

12. Plaintiffs and Merck shall have 2 weeks after such objection letter to engage in a meet-and-confer process as to any disputes related thereto;

13. Any disputes concerning Merck's requests shall be raised with the Court and addressed in writing by all persons interested within 2 weeks after the meet-and-confer deadline;

14. The production of data from Plaintiffs' databases shall be concluded by Plaintiffs within 45 days after resolution of any disputes either by agreement of the parties or by order of this Court;

Plaintiffs' Requests for Database Information from Merck

15. The Group 3 Plaintiffs will seek and obtain data from Merck's databases and systems together with the Group 1 Plaintiffs, as set forth above and subject to any further orders of the Court, production of which shall be completed 60 days after completion of Merck's data productions associated with the Group 2 Plaintiffs;

Depositions

16. Upon the completion of the foregoing document/data discovery, but no later than December 1, 2010, the parties shall exchange good-faith lists of fact trial witnesses who may or will be called and commence the depositions of fact witnesses; fact depositions will continue up through and including March 15, 2011;

Non-Damages Expert Disclosures and Depositions

17. For their non-damages experts, Plaintiffs shall make their expert disclosures and reports by April 15, 2011;

18. Merck may take depositions of Plaintiffs' non-damages experts beginning in April 2011;

19. For their non-damages defense experts, Merck shall make its expert disclosures and reports by May 20, 2011;

20. Plaintiffs may take depositions of Merck's non-damages experts beginning in May 2011;

Remand or Transfer Motions

21. Plaintiffs shall file remand or transfer motions, or supplement previously filed remand or transfer motions, by May 15, 2011;

22. Merck shall file any responses or supplemental responses to remand or transfer motions by June 7, 2011;

23. Plaintiffs shall file any replies to Merck's responses or supplemental responses by June 17, 2011;

24. The Court will set a date for hearing remand and transfer motions for a date following June 17, 2011.

The deadlines set forth herein are subject to reasonable extensions for good cause shown.

New Orleans, Louisiana this   28th   day of June 2010.

                                                   Judge Eldon E. Fallon
                                                   United States District Court Judge