UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW LOUISIANA

IN RE: VIOXX                                            MDL Docket No.: 1657

PRODUCTS LIABILITY LITIGATION                           SECTION L
-------------------------------------------------
                                                        Judge Eldon E. Fallon
                                                        Magistrate Judge Knowles

                                                        **ATTORNEY AFFIRMATION**

-------------------------------------------------------------------------------------------
THIS DOCUMENT RELATES TO:

| | |
|---|---|
| Pickett v. Merck & Co., | Case No.: 2:10-cv-00043 |
| Agard, et al., v. Merck & Co., [David Agard, James Demoski, and Edward Henderson] | Case No.: 2:05-cv-01089 |
| Aljibory, et al., v. Merck & Co., [Viola Santacrose] | Case No.: 2:05-cv-01090 |
| Cavallo, et al., v. Merck & Co., [Matthew Cavallo] | Case No.: 2:05-cv–1513 |
| Core, et al., v. Merck & Co., [Richard Core] | Case No.: 2:05-cv-02583 |
| Devincentiis, et al., v. Merck & Co., [Arthur Pratt] | Case No.: 2:05-cv-02297 |
| Gates, et al., v. Merck & Co., [Scott Berthel] | Case No.: 2:05-cv-06221 |
| Connolly, et al., v. Merck & Co., [Marjorie Curtis, Kristine Hia, and Maurice Hoyt] | Case No.: 2:06-cv-02708 |
| Kurtz v. Merck & Co., [Mary Kurtz] | Case No.: 2:06-cv-05779 |

-------------------------------------------------------------------------------------------

STATE OF NEW YORK   )
                    )ss:
COUNTY OF BROOME    )

RONALD R. BENJAMIN, an attorney duly licensed to practice before the Courts of the State of New York, hereby affirms under penalty of perjury the following:

1. I am the attorney for the plaintiff and make this affirmation in support of the instant motion to permit the case Pickett v. Merck & Co., Inc., to proceed to trial court as soon as possible, or in the alternative for issuance of a suggestion of remand, and for the Court to issue a decision on the previous motion for the suggestion of remand pending since March of 2009 in Agard, et al v. Merck & Co., Inc., as well as on

behalf of plaintiffs Aljibory; Cavallo; Core; Devicentiis; Gates; Connolly; and Kurtz; or in the alternative, to issue a scheduling order pursuant to Rule 16 for reasons set forth below.

2. Although the instant motion seeks relief with respect to the instant cases which are self-explanatory, the same is prefaced by a recent development discussed below which is raised so the Court may determine whether it should revisit the issue of recusal.

3. Plaintiffs have previously moved to have the Court recuse itself because of the Court serving in the dual role as Chief Administrator of the Settlement Agreement simultaneously to the role it exercises herein.

4. A recent development provides an additional basis for the Court to consider recusal is that, being advised of plaintiff's intention to seek their day in court at the June 4, 2010 status conference, the Court referred to the plaintiffs' cases together with those of another firm which also indicated an intention to take their cases to trial, as contaminating the good work accomplished in the Vioxx litigation to date.

5. If indeed the Court has such a view it is requested that the Court consider whether the same impedes the Court's ability to afford plaintiffs their right to proceed to trial.

6. Plaintiffs also ask the Court to consider its published views that the "global peace" achieved by this settlement similarly impair the Courts's ability to afford plaintiffs the right to their day in court.

7. As plaintiffs did not formally renew their motion for recusal they simply present the above for the Court's consideration. Plaintiffs now turn to the reasons for the relief sought herein.

8. When this Court was assigned to manage this litigation, its statutory duties were to complete discovery and other coordinated pretrial proceedings and these goals have been accomplished.

9. The Plaintiff's Steering Committee appointed by the Court made clear it was no longer engaging in any common discovery or other coordinated pretrial proceedings in the May 22, 2008 appearance before the Court.

10. Although there may be collateral matters the Court must address in the context of MDL 1657, that is not the case with respect to the personal injury claims still pending in this Court, or at a minimum, not with respect to plaintiffs who have sustained heart attacks and ischemic strokes.

11. Although Merck can undoubtedly muster up reasons to retain the personal-injury actions it would be difficult to demonstrate there is anything remaining except case specific issues which are outside the parameters of an MDL, at least generally speaking.

12. It is respectfully submitted that since September 9, 2007 Merck has had its way in all proceedings relating to personal injury claims ranging from assembly-line motion practice seeking dismissals, to simply doing nothing, while refusing to negotiate with regard to settlement, telling plaintiffs' counsel that those who have refused to settle had their chance to participate in the Settlement Agreement and must now suffer the consequences.

13. The consequences include Merck's counsel ignoring meet and confer requirements traditionally applicable as prerequisites to motion practice; and more importantly ensuring cases such as the instant cases linger in this Court without limitation.

14. The traditional ability of plaintiffs to use the threat of trial as bargaining power has been emasculated despite the fact that liability is clear and jury verdicts imposing punitive damages constitute circumstances that would under ordinary circumstances move a defendant similarly situated to the bargaining table with significant rapidity. Indeed, since the September 9, 2007 settlement there has been a complete breakdown of traditional binary system with Merck dictating when, where, and how motions are brought, with little recourse to plaintiffs, as evinced by the fact that with respect to the personal-injury cases, there has been no movement toward trial even for those cases where plaintiffs have sustained either heart attacks or strokes.

15. The Virginia Pickett case is a good example of the need for immediate relief, particularly since defendant has all the information necessary to proceed to trial, or can certainly acquire the same in short order. Moreover, if there is any outstanding information it is case specific, unrelated to any common issues which may be within the parameters of this MDL, and as such will more appropriately be completed in the transferor courts. There is some urgency in moving her case toward trial and I now turn to that issue.

16. She recently sustained a series of mini strokes and feels the stress of this litigation is going to kill her if it does not come to an end one way or another.

17. Her case involves a heart attack she sustained back in 2002 with subsequent cardiovascular consequences that need not be detailed here. She has submitted the expert report linking the heart attack to the Vioxx she ingested.

18. In her particular case because of prior proceedings in New Jersey Superior Court Merck has all information necessary to proceed to trial and as noted above, if

anything additional is required it is all case specific information and can be gotten in a fairly short period of time.

19. The urgency of her circumstances are more fully set forth in a letter she insisted be submitted together with the instant motion and so is annexed hereto as **Exhibit A**.

20. It is respectfully submitted Merck will nevertheless seek to demonstrate reasons for further delay as reflected by the fact that although she has held many jobs after graduating from high school ranging from a blackjack dealer to working as a mortgage advisor for a bank, Merck recently served a demand seeking her transcript from Baltimore County Community College.

21. Even if one wants to attach some credence to those records somehow being relevant it is difficult to see how discovery could take more than 60 days and indeed could be complete by the time the Court hears the instant motion.

22. It is respectfully submitted that it is not necessary to delve into the specific characteristics of each of the plaintiffs in that this Court has previously recognized the plaintiffs in this litigation are elderly and sick. In Re: Vioxx Prods. Litig. 2009 WL 240 8884, and the instant plaintiffs with the exception of Core fall into this category. Mr. Core is dead.

23. In conclusion, the plaintiffs have argued at length and in detail with respect to the reasons they should be afforded their day in court and the three years during which their cases remain under Merck's thumb leaving to Merck's sole discretion the decision to either move them toward trial or simply wait for the plaintiffs to die, speaks louder than any additional facts that can be mustered up in support of the instant motion and as such respectfully request that the Court reverse its position,

permit the Pickett case to go forward on expedited basis, issue a suggestion of remand in the remaining cases that are the subject of the instant motion or at minimum, issue a scheduling order so that the parameters of discovery are set for purposes of permitting trial to occur not later than sometime in 2010 or 2011.

                                      Respectfully submitted,

Dated: July 8, 2010

Ronald R. Benjamin/Fed. Bar Roll No.: 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorney for Plaintiffs
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442
ronbenjaminlaw@stny.rr.com

**Exhibit A to Attorney Affirmation**

June 28, 2010

The Honorable Eldon E. Fallon
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, C456
New Orleans, LA 70130

Re:   Virginia Pickett
      MDL Case No.: 1657

Dear Judge Fallon,

I am writing to you because I am in desperate need of your assistance and help.

I will give you a brief synopsis as to where I currently find myself in hopes that you will take into consideration the urgency of this letter.

I am a plaintiff with a case currently awaiting trial in the above-captioned matter. I took Vioxx for 30 months and filed a case against Merck in December of 2005. In 2002, I suffered a myocardial infarction and had to be hospitalized and stented. Since that event, I have had numerous cardiac events and have been stented a total of 8 times. My last occurrence being in January of 2008, which left me unable to breathe. I experience shortness of breath with little physical exertion.

June of 2009, I experienced blurry vision and vertigo. Although it was troublesome, it only lasted for a few minutes. I believed it to be a temporary and one-time event. However, the episodes continued. It is now one year later and the severity of these episodes has increased to more than once a day. I am unable to drive and need to undergo a battery of tests for a complete diagnosis. I have been told I am having ischemic strokes and need an MRI. I have a nodule in my right lung, a nodule in each of my kidneys, white matter disease and an abnormal CT of the brain.

Your Honor, I lost a job that I loved, a husband that I adored and the life I cherished. I have no insurance, no home, I can't drive and have no means to seek medical attention. I have used the emergency room for treatment, however, the emergency room is just a place to stabilize you and

send you to your family doctor. I went to my family doctor and my cardiologist and am unable to pay for the tests ordered. I can't afford the care, the prescriptions, or the tests needed to get well. I am doomed if I am unable to get the medical attention I need. Although I am collecting disability, I am not eligible for Medicare until December of 2012. The medicine I need to take costs $393.37 a month. I receive $1,015 a month. The tests I need cost $6,300.

I was represented by an attorney that bullied me and entered me into the settlement program against my wishes. He continued that representation and I was offered an award based on the incorrect information he submitted to the claims committee. However, during a Hearing with Judge Higbee, she released him as my attorney and allowed me out of the settlement program. Since then, I have a new attorney and am prepared to seek justice in your courtroom.

Please, Your Honor, take my situation into consideration and allow me my day in court. I have children and grandchildren that need me in their lives. They have lost their father and I am their only relative. I am just asking for my day in court before I expire.

Most sincerely,

Virginia Pickett
8596 Quentin Ave.
Baltimore, MD 21234