UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW LOUISIANA

IN RE: VIOXX                      MDL Docket No.: 1657

PRODUCTS LIABILITY LITIGATION     SECTION L

Judge Eldon E. Fallon
Magistrate Judge Knowles

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| Pickett v. Merck & Co., | Case No.: 2:10-cv-00043 |
| Agard, et al., v. Merck & Co., [David Agard, James Demoski, and Edward Henderson] | Case No.: 2:05-cv-01089 |
| Aljibory, et al., v. Merck & Co., [Viola Santacrose] | Case No.: 2:05-cv-01090 |
| Cavallo, et al., v. Merck & Co., [Matthew Cavallo] | Case No.: 2:05-cv-1513 |
| Core, et al., v. Merck & Co., [Richard Core] | Case No.: 2:05-cv-02583 |
| Devincentiis, et al., v. Merck & Co., [Arthur Pratt] | Case No.: 2:05-cv-02297 |
| Gates, et al., v. Merck & Co., [Scott Berthel] | Case No.: 2:05-cv-06221 |
| Connolly, et al., v. Merck & Co., [Marjorie Curtis, Kristine Hia, and Maurice Hoyt] | Case No.: 2:06-cv-02708 |
| Kurtz v. Merck & Co., [Mary Kurtz] | Case No.: 2:06-cv-05779 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUGGESTION OF REMAND**

The reason plaintiffs cannot expect any relief from this Court is that as a practical matter their cases no longer exist. It makes no difference whether the cases are disposed of by outright dismissal or by allowing them to wither away, the result is the same. Global peace has made its way into the vernacular in mass torts with a very specific meaning, namely, complete resolution of claims brought against a corporate entity. It is respectfully submitted that it is too late in the day for this

Court to deny that is precisely how the Court views $4.85 billion settlement achieved in this litigation.

The Court's remarks from the bench that the plaintiffs who are insisting on their right to their day in court have essentially contaminated the good work done in this litigation to date (see Benjamin affirmation at para 4 ) certainly permit the inference that the Court believes settlement in this litigation achieved a greater good, and this view has impeded plaintiffs receiving their day in court. To the extent there is room for debate about this point, there is no denying the fact that for at least the last two of the three years that these cases have lingered in this MDL there has been no work done on common issues. Id at para 9. It is respectfully submitted that the Court itself has provided the rationale for refusing to let these cases go despite the fact it has discharged its responsibilities as an MDL court with respect to the personal-injury actions in MDL 1657.

The Court's view of the settlement in this litigation was recently set forth as follows:

> With large corporations now seeking to achieve global peace by resolving mass tort litigation simultaneously in state and federal courts settlement agreements such as the one currently before the court will likely become more common. In Re Vioxx Prod. Liab. Lit., Order and Reasons, Docket No. 15722, at p. 11 (August 27, 2008) (citation excluded).

One commentator recently posed the question:

> A dozen years of mass tort litigation have put front and center the question of whether global peace– the final resolution of the defendants liability to thousands or even millions of possible plaintiffs– is possible in a legal system that begins with the premise that each individual has a right to her own day in court. David

Marcus, Some Realism About Mass Torts, 1950, University of Chi/ L. Rev. 75:1949.

Plaintiffs submit that outside the parameters of Rule 23 any effort to achieve the type of global peace contemplated by the Court is on a collision course with the Constitution of the United States including Article III, the Fifth Amendment and particularly its Due Process clause, and the Seventh Amendment guarantee of the right to trial by jury. It is respectfully submitted that in the absence of action by Congress, judicial efforts to achieve global peace however well-intentioned, will have to give way to the constitutional guarantees which include the right to a day in court.

It is only obvious plaintiffs' right to their day in court has been submerged beneath the September 9, 2007 Settlement Agreement and that despite Merck's best efforts to bury plaintiffs in a procedural morass for the express purpose of rendering the right to proceed to trial wholly illusory, in the absence of congressional action, the Court should reconsider its views of these plaintiffs and remand the cases to the transferor courts for trial.

This Court should also reject the notion that Merck purchased the right to sue from every plaintiff who has a personal injury in this country as a quid pro quo for $4.85 billion in that it is not only at odds with the Constitutional provisions set forth above but also the with the Rules Enabling Act 28 USC 2072. Moreover, any equitable considerations Merck may invoke can be adequately addressed through the doctrine of caveat emptor since it should be no surprise that the effort to purchase these cases under the rubric of "global peace" for a fraction of their true

value was ultimately doomed to failure.

## CONCLUSION

The Court should issue an order suggesting remand of these cases to their respective transferor jurisdictions.

Dated: July 8, 2010

_____
Ronald R. Benjamin/Fed. Bar Roll No.: 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorney for Plaintiffs
126 Riverside Drive, P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442
ronbenjaminlaw@stny.rr.com