UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ALL PERSONAL INSURY CASES | * | |

**************************************************************************

### DEFENDANT MERCK & CO., INC.'S CROSS-MOTION AND INCORPORATED MEMORANDUM SEEKING ENTRY OF A COMPREHENSIVE SCHEDULING ORDER FOR THE REMAINING PERSONAL INJURY CASES

In response to the Motion to Transfer And/Or Set Discovery/Trial Dates filed by attorney Michael Stratton on behalf of seven plaintiffs (the "Stratton Motion"), Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, cross-moves the Court for entry of an order entering a comprehensive scheduling order for all of the remaining personal injury cases in this MDL.[1] An exemplar proposed comprehensive scheduling order is attached as Exhibit A.

In support of this cross-motion, Merck further states as follows:

1.      There are currently approximately 215 personal injury cases pending in this MDL that remain to be litigated. This includes all of the personal injury actions (a) that were filed before the November, 2007 announcement of the Vioxx Resolution Program that were either eligible for the Program and chose not to enroll or were ineligible, (b) that were filed after the announcement of the settlement, and (c) all of the cases that entered the Resolution Program but

---

[1] Mr. Stratton filed his motion on July 2, 2010. Similar motions have been filed by other plaintiffs' counsel, including Mr. Ronald Benjamin. This cross-motion responds to any and all such pending motions.

1024492v.1

failed the Gates set up as requirements for participation in the Program and that subsequently submitted Future Evidence Stipulations and complied with PTO No. 43.

2.  This Court has already overseen extensive general discovery on issues common to all cases.  In addition, the Court has overseen case specific discovery with respect to certain myocardial infarction cases, and conducted trials of five bellwether myocardial infarction cases.  However, issues common to cases alleging all injuries remain, and case specific discovery has taken place recently in only a limited group of the non-bellwether cases, including cases alleging injuries other than myocardial infarction.  In short, none of the remaining cases are "trial ready," and given the amount of work remaining to be completed, remand back to the transferor courts is not appropriate at this time.

3.  Given this Court's detailed familiarity with the history of this litigation and experience with the key relevant issues, it would be the most efficient use of judicial resources for this Court to continue to supervise the remaining discovery in a coordinated fashion.

4.  The Stratton Motion seeks, as one form of relief, a scheduling order for the seven cases filed by that firm.  However, rather than establishing different scheduling plans for different firms, a plan for the completion of remaining discovery and the selection of additional bellwether cases (as appropriate) should be put in place to govern ***all*** remaining cases.  In short, rather than piecemeal plans applicable to the cases of individual attorneys, a comprehensive plan should be put in place for all remaining cases.

5.  An exemplar proposed comprehensive scheduling order is attached as Exhibit A. An order similar to the attached exemplar would establish a schedule for the expeditious completion of fact and expert discovery in all cases, and the prosecution of key dispositive and *Daubert* motions – motions which undoubtedly will have common issues across groups of

cases.[2]  This exemplar order also sets forth a process for selecting bellwether plaintiffs in the non-MI cases.

6. Entry of such an order will result in an efficient and expeditious resolution of the remaining personal injury actions in this MDL, and will allow this Court to try certain cases itself or remand cases back to their transferor courts in a "trial ready" posture, as the Court may choose..  It will also allow this Court to wrap up MDL 1657 by the end of next year.

7. Merck requests a period of 10 days to confer with the two Plaintiff Steering Committees appointed by this Court to coordinate the remaining cases to attempt to draft a joint proposed order along the lines of the attached exemplar.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be DENIED.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
Defendants' Liaison Counsel

---

[2] Exhibit A contemplates pursuing immediate discovery in all cases in which the alleged injury occurred on or before August 31, 2004.  Although Merck believes that discovery in all cases is appropriate at this time, regardless of the date of the alleged injury, at a minimum, discovery should proceed in cases with injuries that occurred prior to August 2004 because of the potential for the destruction of key medical records.  Health care providers are commonly required to retain records by state statute for only six or seven years.  To the extent that ongoing discovery reveals the existence of previously unknown or undisclosed relevant health care providers, the opportunity to collect records from those providers may otherwise soon be lost.

—and—

Douglas R. Marvin
Eva Petko Esber
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of July, 2010.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1024492v.1