IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

---

| | |
|---|---|
| AvMed, Inc., et al.<br>　　　Plaintiffs,<br><br>vs.<br><br>BrownGreer PLC, U.S.<br>Bancorp, Inc. and John Does<br><br>　　　Defendants. | CIVIL ACTION<br><br>No. 08-1633<br><br>SECTION L, MAG. 3<br><br>HONORABLE ELDON E. FALLON<br>HONORABLE DANIEL E. KNOWLES, III<br><br>In relation to: MDL No. 1657<br><br>In re: Vioxx Products Liability<br>Litigation |

**PLAN PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THE DEFENDANTS LAW FIRMS' RESPONSE IN OPPOSITION TO PLAINTIFFS' CORRECTED MOTION: (A) TO IDENTIFY LAW FIRMS REPRESENTING CERTAIN ELIGIBLE PLAINTIFFS IN PLACE OF THE "JOHN DOE" DEFENDANTS; (B) TO ADD FEDERAL EMPLOYEE HEALTH BENEFITS ACT ("FEHBA") AND MEDICARE ADVANTAGE REIMBURSEMENT CLAIMS; (C) TO SEAL THAT PORTION OF THE CORRECTED DECLARATION OF MARK D. FISCHER, ESQ. THAT CONTAINS PROTECTED HEALTH INFORMATION UNDER THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA"); AND (D) FOR A PRELIMINARY INJUNCTION IMPOSING A CONSTRUCTIVE TRUST AND PROHIBITING DISTRIBUTION OF IDENTIFIED SETTLEMENT FUNDS**

　　　　By this motion, Plan Plaintiffs seek an Order striking the Proposed Defendants Law Firms' Response in Opposition to Plaintiffs' Corrected Motion (A) to identify law firms representing certain eligible plaintiffs in place of the "John Doe" Defendants; (B) to add the Federal Employee Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.*, and Medicare Advantage reimbursement claims; (C) to seal that portion of the Corrected Declaration of Mark D. Fischer, Esq. that contains Protected Health Information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 160.103; and (D) for a

{1851 / BRF / 00103154.DOC v1}

preliminary injunction imposing a constructive trust and prohibiting distribution of identified settlement funds ("Plan Plaintiffs' Corrected Motion"), on ground that the Proposed Defendants Law Firms' Response in Opposition is untimely, in violation of Local Civil Rule 7.5E.

## I.  BACKGROUND

On June 17, 2010, Plan Plaintiffs sent to the Court their motion for filing ("Plan Plaintiffs' Motion"). Plan Plaintiffs served electronic copies of Plan Plaintiffs' Motion on the Proposed Defendants Law Firms by e-mail on June 21, 2010. (*See* St. Phillip Decl. at ¶ 2, Ex. A.)

As a result of a communication on June 17, 2010 from Proposed Defendant Law Firm Weitz & Luxenberg P.C., Plan Plaintiffs determined it was appropriate to remove certain eligible claimants from an Exhibit to the Motion, and discovered an error in the manner in which the papers referenced certain exhibits. As a result, on June 22, 2010, Plan Plaintiffs sent to the Court by overnight mail, a corrected version of Plan Plaintiffs' Motion.

Plan Plaintiffs served electronic copies of Plan Plaintiffs' Corrected Motion on the Proposed Defendants Law Firms by e-mail on June 22, 2010. (*Id.* at ¶ 3, Ex. B.) Additionally, Plan Plaintiffs' Corrected Motion was entered on the docket, by electronic case filing ("ECF"), on June 23, 2010. (*Id.* at ¶ 4.) On June 23, 2010, contemporaneously with entering the motion on the docket, the Court set a hearing date on the motion for July 27, 2010. (Docket No. 45429).

The Proposed Defendants Law Firms served their opposition to Plan Plaintiffs' Corrected Motion on July 21, 2010, by e-mail, after close of business. (*Id.* at ¶ 5, Ex. C.)

## II.  ARGUMENT

With their opposition, Proposed Defendants Law Firms have violated Local Rule 7.5E, which provides:

{1851 / BRF / 00103154.DOC v1}

> Each party opposing a motion shall file, in duplicate, a memorandum of the reasons advanced in opposition to the motion and a list of citations of the authorities upon which the opponent relies or copies of these authorities no later than the eighth calendar day prior to the noticed hearing date and shall at the same time serve a copy thereof on the opposing parties.

The "eighth calendar day prior to the noticed hearing date" was Monday, July 19. The Proposed Defendants Law Firms did not serve their Response until after the close of business on Wednesday, July 21. Accordingly, the Proposed Defendants Law Firms' Response in Opposition should be stricken as untimely filed.

### III.    CONCLUSION

For the foregoing reasons, the Court should strike the Proposed Defendants Law Firms' Response in Opposition to Plaintiffs' Corrected Motion as untimely filed.

Dated: July 23, 2010

                    Respectfully submitted,

                    RAWLINGS & ASSOCIATES, PLLC

                    By /s/ Robert Griffith
                    Mark D. Fischer
                    Jeffrey C. Swann
                    Robert Griffith
                    One Eden Parkway
                    LaGrange, Kentucky  40031
                    Telephone:  (502) 587-1279
                    Facsimile:   (502) 584-8580

LOWEY DANNENBERG COHEN & HART, P.C.
Richard W. Cohen
Peter D. St. Phillip
Gerald Lawrence
Karen Iannace
White Plains Plaza
Fifth Floor
One North Broadway
White Plains, New York  10601
Telephone:  (914) 997-0500

Facsimile: (914) 997-0035

*Attorneys for the Plan Plaintiffs*

{1851 / BRF / 00103154.DOC v1}