UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

JOINT REPORT NO. 58 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 58.

I.    SETTLEMENT AGREEMENT

On November 9, 2007, the parties announced the establishment of a Vioxx

Resolution Program that encompasses all claims that allege a heart attack, sudden cardiac death,

or stroke. The Court has posted on its website, http://vioxx.laed.uscourts.gov, information

regarding the Resolution Program, as well as the Pre-Trial Orders entered by the Court. The full

text of the Master Settlement Agreement and exhibits, together with registration and enrollment

forms and instructions can be found at Claims Administrator's website at

www.browngreer.com/vioxxsettlement. Parties seeking additional information or assistance may

contact the Claims Administrator via its toll-free telephone number, 1-866-866-1729, or its e-

mail address, claimsadmin@browngreer.com.. Further information regarding the settlement

- 1 -

program is available at the website sponsored by the MDL Plaintiffs' Steering Committee: http://www.officialvioxxsettlement.com.

On February 3, 2009, the PSC filed a Motion to Establish Qualified Settlement Fund and to Appoint Fund Administrator Pursuant to Internal Revenue Code §468B and Treasury Regulations §1.468B-1, et seq.  By Order entered February 11, 2009, the Court granted the motion.  U.S. Bank requested an amendment to the Escrow Agreement and the amendment has been agreed to by the parties. The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

On July 6, 2009, the Court issued Pre-Trial Order No. 43 relative to cases serving future evidence stipulations pursuant to the Vioxx Resolution Program.  The Order applies to all plaintiffs who had a case pending in this Court as of November 9, 2007 and who enrolled in the Settlement Program, but who have submitted a future evidence stipulation to the Claims Administrator.   A copy of Pre-Trial Order No. 43 is posted on the Court's website, http://vioxx.laed.uscourts.gov.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

II.      THE VIOXX SETTLEMENT PROGRAM

Pursuant to the Vioxx Resolution Program, plaintiffs and tolling claimants have submitted claims for enrollment.  BrownGreer, the Claims Administrator appointed under the Agreement, will report on the status of the Program at the monthly status conference on July 27, 2010.  U.S. Bank, the financial institution administering claims under the Agreement, will report on the financial status of the Program at the monthly status conference on July 27, 2010.

III.  LIEN ADMINISTRATOR

The Garretson Firm has been appointed as the Lien Resolution Administrator under the Agreement.  On January 18, 2008, the Court entered a HIPPA compliant Qualified Protective Order to govern the use of information relating to claims under federal Medicare and/or state/territory Medicaid health plans.  At the monthly status conference, the Garretson Firm will report on the lien administration process.  Additionally, the Lien Administrator has established a website, http://www.vioxxlienresolution.com, for parties seeking further information.

A Settlement Agreement between the Plaintiff Steering Committee and Third Party Payer Counsel was reached on January 15, 2009 to establish a program to resolve lien obligations owed by privately funded or privately insured eligible claimants in the Vioxx Settlement Program to private insurers and self-funded private health plans.

On November 2, 2009, the Lien Administrator filed a Motion to Establish Authority of the Lien Resolution Administrator to Resolve Claims for all Probate and Bankruptcy-Related Cases.  On December 3, 2009, the Court issued an Order establishing authority of the Lien Resolution Administrator to resolve claims for all probate and bankruptcy related cases.

On March 12, 2010, the Court issued an Order to Establish An End Date For Notifying the Lien Resolution Administrator of Other Governmental Statutory Obligations finding that it is in the best interest of all parties to the Vioxx Settlement Program that the End Date for Notice by Claimants or their Counsel to the Lien Resolution Administrator of Other Governmental Statutory Obligations be set for March 18, 2010.

On July 1, 2010, the Court issued an Order directing the Lien Resolution Administrator to establish and communicate a deadline of July 14, 2010 for participating Third

1024290v.1

Party Payers to submit to the Lien Resolution Administrator all outstanding audit approvals for claimants participating in the Private Lien Resolution Program.  The Order further requires all Third Party Payers that have submitted duplicate claims for identical claimants to communicate with each other and to submit to the Lien Resolution Administrator by July 14, 2010 their collective determination to allow the Lien Resolution Administrator to finalize the liens and process payment to the appropriate Third Party Payer.  The Lien Resolution Administrator will be prepared to discuss these issues further at the monthly status conference on July 27, 2010.

On July 12, 2010, the Court entered an Order to Establish End Date for Submitting Other Governmental Paid Claims to the Lien Resolution Administrator and Order to Show Cause for Failure to Comply with Such End Date.  The Court ordered that Other Governmental Programs submit itemized paid claims histories to the Lien Resolution Administrator by July 19, 2010 to establish closure and finality for claimants and their counsel, and that any other Governmental Program that fails to submit claims by July 19, 2010 are to appear at a show cause hearing on July 27, 2010.

IV.  SPECIAL MASTER AND DEPUTY SPECIAL MASTERS

On January 14, 2008, Mr. Patrick A. Juneau was appointed to serve as Special Master under the terms of the Settlement Agreement.  Further, on January 16, 2008, Justice John Trotter (Ret) and Judge Marina Corodemus (Ret) were appointed to serve as Deputy Special Masters to assist Special Master Patrick Juneau.  The Special Masters have been reviewing appeals submitted under the terms of the Settlement Program.  At the monthly status conference, Special Master Juneau will report on the appeal process.

1024290v.1

## V.   CLASS ACTIONS

The only remaining, pending class actions involve Purchase Claims.[1]  Merck's Rule 12 Motion to Dismiss the Purchase Claims has been briefed and submitted to the Court.  On February 22, 2010, Merck filed a Motion for Case Management Order Governing Economic Loss Cases and submitted a proposed Order.  As requested by the Court at the status conference regarding these cases held on April 7, 2010, the parties conferred and agreed on how to proceed in addressing these cases.

On June 30, 2010, Merck filed its Motion for Judgment on the Pleadings or to Strike the Class Allegations in Purchase Claims Master Complaint.  Plaintiffs opposition is due on August 23, 2010; Merck's reply is due on September 16, 2010.  The motion will be heard on September 22, 2010 at 9:00 a.m.

## VI.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The State Liaison Committee, together with Plaintiffs' Liaison Counsel, also has worked on coordinating the discovery efforts of the Government Action cases currently pending before the Court.  The parties will be prepared to discuss these issues further at the monthly status conference on July 27, 2010.

## VII.   *PRO SE* CLAIMANTS

On December 10, 2007, the Court issued Pre-Trial Orders 33 and 34 regarding *Pro Se* Plaintiff Registration and Enrollment Re: Settlement and *Pro Se* Tolling Claimant

---

[1]      Counsel in *Deckowitz v. Merck*, No. 2:05-cv-02102, has noted that the complaint in that action contains not only purchaser claims, but also securities claims brought on behalf of owners of Merck stock.  Merck's counsel will be prepared to discuss this situation at the monthly status conference on June 3, 2010.

1024290v.1

Registration and Enrollment Re: Settlement. Issues regarding the MDL Settlement Program are discussed in Section I, *infra*.  Letters to *pro se* individuals were sent on December 12, 2007 advising them of the Settlement Program and Registration Procedure.  Numerous *pro se* litigants and tolling claimants have been in communication with PLC to discuss the Settlement Program. Additionally, by Order entered February 12, 2008, the Court appointed Robert M. Johnson of Johnson, Hoefer, Holwadel & Eldridge, 601 Poydras Street, Suite 2490, New Orleans, Louisiana, as Curator for *Pro Se* plaintiffs and tolling claimants (collectively, the "*Pro Se* Claimants").  The PLC and Curator will be prepared to discuss this further at the monthly status conference on July 27, 2010.

#### VIII.   PSC MDL TRIAL PACKAGE

On May 20, 2008, the Court issued PTO 37 which governs the terms of access to the PSC trial packages.  The Trial Packages were presented to the Court previously for review.

#### IX.   GOVERNMENT ACTIONS

##### A.   Louisiana Attorney General Action

Trial in the Louisiana AG case commenced on April 12, 2010.   Closing arguments were held on April 21, 2010.  Proposed Findings of Fact and Conclusions of Law were submitted on April 28, 2010 and the matter was taken under submission.  On June 29, 2010, the Court issued its Findings of Fact & Conclusions of Law, ruling in favor of defendant Merck and dismissing the Louisiana AG's case redhibition claim with prejudice and costs.  The parties will be prepared to discuss these issues further at the monthly status conference on July 27, 2010.

1024290v.1

B.     Other Government Actions

Plaintiffs in the Government Actions other than Louisiana and Merck exchanged formal master discovery requests on June 5, 2009 and served written objections and responses thereto on August 5, 2009.  Document productions in these Government Actions have begun and continue on a rolling basis.   Representatives of the Government Actions Plaintiffs' Case Management Committee and Merck's counsel have participated in several meet-and-confers to discuss master discovery in these cases, and they continue to engage in good faith discussions regarding same.

On June 29, 2010, the Court entered Pre-Trial Order No. 39A which establishes a scheduling order for discovery and ultimate remand/transfer of the remaining Government Action cases.  The parties will be prepared to discuss these issues further at the monthly status conference on July 27, 2010.

Pursuant to requests from various Plaintiffs' AG's counsel, the PLC has copied onto hard drives the documents produced by Merck and third parties.

X.     PENDING PERSONAL INJURY CASES SUBJECT TO PTOS 28, 29 AND 43

On July 13, 2009, the Court issued Pre-Trial Order No. 45 appointing a Committee to conduct and coordinate discovery in personal injury cases that were pending on the date of the announcement of the Settlement Program, but either were ineligible for the Program or, if eligible, were not enrolled in the Program and that had served Lone Pine expert reports. These cases were governed by Pre-Trial Order No. 28.  On August 20, 2009, the Court issued Pre-Trial Order 46 which established a case management order for these cases.

On June 3, 2010, the Court held a conference to discuss the cases governed by Pre-Trial Order Nos. 29 and 43.  The conference was prompted by Ann Oldfather's Motion to

1024290v.1

Establish Leadership Responsibilities for Pre-Trial Order Nos. 29 and 43.  On June 14, 2010, the Court issued Pre-Trial Order No. 56 which modified the duties of the Plaintiffs' Steering Committee for Ineligible or Not Enrolled Claims to include certain cases governed by Pre-Trial Order Nos. 29 and 43.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

<div align="center">

XI.    FEE ALLOCATION COMMITTEE

</div>

Pursuant to Pre-Trial Order 6D, the Fee Allocation Committee received a number of Affidavits submitted by firms and has reviewed the Affidavits, as well as time and expense submissions previously submitted to Wegmann Dazet.  Presentations, as ordered in Pre-Trial Order 6D, took place on December 1, 2008 (Atlantic City, New Jersey), December 2, 2008 (New Orleans, Louisiana), December 3, 2008 (Houston, Texas), December 5, 2008 (Los Angeles, California), and on January 23, 2009 (New York) for counsel to discuss reasons, grounds and explain their request for an entitlement to common fees and reimbursement of expenses.  On January 20, 2009, Plaintiffs' Liaison Counsel filed a Motion for Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.  On April 16, 2009, the Court issued an Order directing any party who objected to the motion to file a Notice of Objection and serve it on Plaintiffs' Liaison Counsel on or before May 8, 2009, and thereafter, the Court advised that it would convene a status conference with any objectors and representatives of the PSC to discuss an appropriate schedule for discovery, briefing and argument.  On January 27, 2010, the Court issued an Order directing representatives of the common Benefit Fee Applicants and Liaison Counsel for the Objectors to meet and confer in an attempt to agree upon an appropriate discovery and briefing schedule.  Pursuant to that Order, a Joint Submission was filed with the Court on February 19, 2010 setting forth competing proposed discovery protocols.  On

September 30, 2009, the Court issued Pre-Trial Order No. 52 appointing Michael A. Stratton, as Liaison Counsel for common benefit fee application objectors and directed him to meet and confer with Plaintiffs' Liaison Counsel to discuss an appropriate discovery schedule. Depositions of Liaison Counsel for Objectors and Plaintiffs' Liaison Counsel took place April 28, 2010. Thereafter, a status conference with the Court occurred on April 29, 2010 to discuss issues related to the objectors' motion and discovery. On April 29, 2010, the Court issued a Minute Entry directing Mr. Stratton to identify to the Court what additional discovery was needed and for Fee Applicants to respond. On April 10, 2010, Mr. Stratton filed a Motion for Discovery and on April 17, 2010 both Plaintiffs' Liaison Counsel and Merck filed responses. The Court issued an Order on June 14, 2010 relating to Mr. Stratton's discovery motion. Thereafter, the Court issued an Order on July 6, 2010 regarding the confidentiality of the billing records pursuant to the Court's Order of June 14, 2010. Mr. Stratton then filed on July 8, 2010 a Motion to Obtain Gross Settlement Numbers from Each Firm Submitting Cases to the Master Settlement, on July 9, 2010 a Motion to Extend Briefing Schedule and Clarify Issues to be Briefed, and on July 15, 2010 a Motion for Clarification. The Court has not yet ruled on these motions. The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

       On August 3, 2009, a Motion to Set Reimbursement of Common Benefit Expenses was filed by Plaintiffs' Liaison Counsel. The matter was heard on August 21, 2009. On September 23, 2009, the Court issued Pre-Trial Order No. 51 relating to disbursement of costs. On December 17, 2009, the Court issued an Order regarding ongoing and additional costs. The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

1024290v.1

On September 23, 2009, Pre-Trial Order No. 49 was issued, requiring the claims administrator to hold in escrow 32% of each claimant's final award from the MI fund pending further Orders of the Court.  On September 23, 2009, the Court issued Pre-Trial Order No. 50, establishing a procedure for deviation from the Order escrowing 32% of each claimant's final award.  This PTO orders that if Primary Counsel provides prior to the issuance of a claimant's final payment, an executed certification in the form attached to PTO 50, then 8% of the claimant's final award amount shall be deducted solely from the attorney fees portion of claimant's disbursement.

On January 30, 2009, the Chairman of the Allocation Committee filed a Motion for Extension of Time (re:  Pre-Trial Order 6(D)).  On February 2, 2009, the Court granted an Order extending the deadline until further order of the Court.

## XII.   MERCK'S MOTION AND RULE ON PTO 43

The remaining matters deferred from Merck's Fifth Motion, Rule, and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Comply With PTO 43 will be heard immediately following the monthly status conference on July 27, 2010.

## XIII.   OTHER MOTIONS

On February 20, 2009, Stratton Faxon filed a Motion to Transfer Cases Not Participating in Global Settlement; and on March 12, 2009, Ron Benjamin filed a Motion for Issuance by This Court of a Suggestion of Remand.  Merck filed a combined opposition to the Stratton Faxon and Benjamin motions.  The motions have been taken under advisement by the Court.

1024290v.1

XIV.   APPEALS

Certain appeals from dismissals with prejudice for noncompliance with PTOs 28 and 29 are pending before the United States Court of Appeals for the Fifth Circuit, including the *Dier* and *Nobile* cases.   A motion to consolidate those appeals was denied by the court. Argument in the *Dier* case was heard the week of June 7, 2010.   On July 16, 2010, the Court issued a *per curiam* decision affirming the district court's ruling dismissing claims with prejudice for failure to comply with Pre-Trial Order No. 28.   The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

XV.   MOTION FOR ATTORNEY FEES AND TO ENFORCE ATTORNEY'S LIEN

On June 12, 2009, the Court issued an Order setting a Motion for Attorney Fees and to Enforce Attorney's Lien for hearing on the briefs at the status conference on June 24, 2009, without oral argument, and further directed Liaison Counsel to work with the Claims Administrator to develop an efficient method for resolving the liens or at least consenting to holding any disputed funds in trust so that payments to claimants are not further delayed.   On August 26, 2009, the Court issued Pre-Trial Order No. 47 that sets a procedure for attempted liens against counsel fees.   A copy of Pre-Trial Order No. 47 is posted on the Court's website, http://vioxx.laed.uscourts.gov.   On December 17, 2009, Pre-Trial Order No. 47A, which deals with the establishment of a procedure for attempted liens for attorneys fees and expenses relating to Vioxx Settlement payments, was entered by the Court.

XVI.   THIRD PARTY PAYOR SETTLEMENT

On May 18, 2010, the Court was advised by one of the co-chairs of the Private Third Party Payor Bellwether Trial Committee that the Settlement was completed and resolved and requested that an allocation of the common benefit fee be addressed by the Court, and a

- 11 -

procedure put in place to address the fee.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

**NEW ITEMS**

> XVII.  MERCK'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

On June 29, 2010, Merck filed a Motion, Rule and Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute in the *LaDonna King* matter.  The motion will be heard immediately following the monthly status conference on July 27, 2010.

> XVIII. MOTION TO TRANSFER AND/OR SET DISCOVERY/TRIAL DATES

On July 2, 2010, Michael Stratton filed a Motion to Transfer and/or Set Discovery/Trial Dates in seven pending cases.  Merck intends to file a response to the motion, which is not yet noticed for hearing.  The parties will be prepared to discuss this further at the monthly status conference on July 27, 2010.

> XIX.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.


Respectfully submitted,

| | |
|---|---|
| /s/ Russ M. Herman | /s/ Dorothy H. Wimberly |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| **Herman, Herman, Katz & Cotlar, LLP** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | **Stone Pigman Walther Wittmann L.L.C.** |
| New Orleans, LA  70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA  70130-3588 |
| FAX:  (504) 561-6024 | PH:    (504) 581-3200 |
| | FAX:   (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

1024290v.1

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing Joint Status Report No. 58 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of July, 2010.

<div style="margin-left:50%">

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

</div>