UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX : MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION : SECTION: L
: JUDGE FALLON
: MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO: Kathleen Ackerman, et al. v. Merck, et al. 06-2918**
    (*As to Debra and Douglas Miller only*)

## ORDER & REASONS

Before the Court is Debra and Douglas Miller's Motion for Recusal, Motion to Vacate, and Motion to Alter Judgment (Rec. Doc. No. 40518). For the following reasons, the motion is DENIED AS MOOT.

## I. THE MOTION

Before the Court are Plaintiffs Debra and Douglas Miller's Motion to Vacate the Release and Consent of Plaintiffs to participate in the Master Settlement Agreement ("MSA") and to Vacate this Court's Order of Dismissal dated December 12, 2009. Plaintiffs also request the Court recuse itself from entertaining this motion due to the Court's supervisory role over the Vioxx settlement program.

### A. Motion for Recusal

In each of his filings in the Vioxx matter, counsel for Plaintiffs, Mr. Benjamin, has requested the Court's recusal. In support of this request, he points to the fact that the Court also serves as the Chief Administrator of the Settlement Agreement. Title 28, United States Code, Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The Court, however, has

previously explained that serving as the Chief Administrator of the Settlement Agreement is not grounds for this Court's recusal (Rec. Doc. 17394, Order and Reasons, at 6.)  As the Court has stated:

> "[a]s Chief Administrator of the Vioxx Master Settlement Agreement, the Court serves in an administative capacity that has no substantive effect on its management of the MDL proceedings. The Court played no role in drafting the private settlement agreement reached by the parties; the Court has taken no position as to what types of claims should or should not have been included in the settlement; and, finally, the Court has consistently stated that it neither encourages nor discourages participation in the settlement."

*Id.* (citations omitted).  In light of the administrative nature of the Court's role as Chief Administrator, there is no risk of impartiality or the appearance of impartiality.  In fact, this is the role a Court assumes in every case in which the terms or effectuation of a settlement is contested.  It is the inherent power and concomitant duty of a Court over cases proceeding before it.  Thus, the instant motion is DENIED as to Plaintiffs' request for recusal.

### B. Motion to Vacate and/or Alter Judgment

When Plaintiffs originally filed this motion, Defendant, Merck & Co., had dismissed Plaintiffs' claim for failure to provide the required evidence of Vioxx usage.[1]  Since that time, Plaintiffs' former counsel, Cellino & Barnes, filed an amicus brief raising new information regarding the facts of Debra Miller's underlying claim. Based on a review of that new information, Merck has determined that the underlying claim is indeed eligible for participation in the Resolution Program. Therefore, pursuant to the terms of the MSA, the Claims Administrator has issued Plaintiff Debra Miller an award.  This award is currently being processed for payment. Seeing as Plaintiff Debra Miller has now been deemed eligible and will

---

[1] While this Motion is brought by both Debra and Douglas Miller, only one claim was brought on behalf of the Millers, for Debra Miller's ingestion of Vioxx.

be awarded a settlement amount, Plaintiffs' Motion to Vacate the Release and Consent from MSA and Alter Judgment is now MOOT.

**II.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion is DENIED in part and DENIED AS MOOT in part.

New Orleans, Louisiana this 26th day of July, 2010.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE