IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | ) | MDL 1657 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: L |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE |
| | ) | KNOWLES |

**COUNSELS' SUBMISSION REGARDING COURT'S AUTHORITY
TO SET THE COMMON BENEFIT FEE AND PERCENTAGE
AT WHICH THE COURT SHOULD FIX THE FEE**

The law firm of Davis & Norris, LLP submits the following brief in response to the Court's Order dated June 14, 2010 inviting all interested parties to submit to the Court briefs regarding the Court's Authority to set the Common Benefit Fee, and the reasonable percentage at which the Court should fix the Common Benefit Fee.

**I. Court's authority to set the common benefit fee**

It is well established that an award of attorney's fees in MDL's to attorneys whose work contributed to the common benefit of the MDL is within the sound discretion of the District Court Judge. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). While counsel is familiar with and accepts this statement of law, counsel does not agree with the amount of common benefit fee being sought by the Allocation Committee in this case.

1

## II. The Court should set the Common Benefit Fee at 3%

It is counsel's position that the common benefit attorneys are entitled to fair compensation for the work they performed in the MDL, however, the fee awarded to them should be capped at 3%, which is the amount originally agreed to by counsel back in November of 2005.

On June 29, 2005, the Plaintiffs Steering Committee ("PSC") in the VIOXX MDL filed with the Court its "Petition for an Order Securing an Equitable Allocation of Counsel Fees and Costs for MDL Administration and Common Benefit Work." The petition stated in part:

> The purpose of this motion is to seek an Order creating a "fund" consisting of the recoveries in the federal court cases and claim payments to plaintiffs in state courts that agree to coordination, from which the PSC and other attorneys performing 'common benefit work' for plaintiffs may obtain compensation for the benefits which they confer on plaintiffs.

(Motion at 6.)

The PSC requested that the court implement an assessment "effective immediately" that allowed counsel 90 days to choose to opt in all of their past, present and future clients into this agreement. (Motion at 14.) The PSC called this the "Full Participation Option" ("FPO"). The FPO would subject counsel's clients to an across-the-board assessment on all of their cases but would be limited to a **maximum** of 2% for fees and 1% for costs of any recovery made.[1] *Id.*

---

[1] There were two other options made available to counsel with differing percentages attached to the options, however, these are irrelevant as Counsel elected for the full participation option.

The PSC presented its petition for an assessment order to the Court on July 19, 2005. This court granted the petition and signed the requested form Pretrial Order No. 19 on August 4, 2005. The form agreements, attached to PTO 19 as Exhibits A, B & C, were incorporated by reference and made a part of the order. The original deadline to accept the full participation option agreements was November 2, 2005. The Law Firm of Davis & Norris, LLP timely accepted the agreement and submitted it prior to the deadline.

On November 16, 2005, a law firm filed a Motion for Clarification of Pretrial Order No. 19 in which it sought clarification of the PSC work product definition. The PSC filed its response to the Motion for Clarification and stated that the assessment agreements and accompanying order "were chosen for their precision, clarity, and effect" and that "PTO No. 19 provides a means to compensate and reimburse attorneys for services rendered and expenses incurred for MDL administration and common benefit." (Response at 1.) Counsel and the PSC continued to work under the terms of the FPO outlined in Pretrial Order No. 19 for the next two years without either side raising any issues about their agreement.

Then, on November 9, 2007, counsel for Merck and the PSC announced a proposed settlement in the Vioxx litigation. When the settlement documents were made available they contained an attorneys' fee provision contrary to that contained in PTO 19 and contrary to the agreement entered into between counsel and the PSC. Article 9 of the Settlement Agreement is entitled "Attorneys Fees"

3

and § 9.2 is entitled "Common Benefit Fees and Reimbursement of Litigation Costs." It states:

> 9.2.1. To insure that NPC, PSC, PEC, PLC, and common benefit attorneys (hereinafter referred to as "common benefit attorneys") are fairly compensated but that their fees are in conformance with reasonable rates, an assessment of common benefit attorneys fees will be imposed at no more that 8% of the gross amount recovered for every client that registers under the terms of the Settlement Agreement. Any sum paid as a common benefit fee shall be deducted from the total amount of counsel fees payable under individual plaintiffs' counsel's retainer agreement. The maximum 8% attorneys' fee assessment shall supersede the assessment provided to MDL common benefit attorneys pursuant to Pretrial Order No. 19.

This was the first time counsel, who was not party to the settlement negotiations, was made aware that the PSC was not going to honor the agreed upon assessments they requested from the Court in PTO 19.

Counsel accepted and agreed to the full participation option and remained in complete compliance with the requirements set forth in PTO 19. The assessment agreements entered in accordance with, and made an enforceable part of, PTO 19 should be honored, binding and controlling with respect to any assessment on the cases of participating counsel.

## **CONCLUSION**

For the reasons stated above, Counsel respectfully requests this Court recognize the original agreement entered into between Davis & Norris, LLP and the PSC as part of PTO 19 and limit the assessment to the common benefit attorneys to 3%.

          Respectfully submitted,

          /s/*D. Frank Davis*

OF COUNSEL
DAVIS & NORRIS, LLP
2154 Highland Ave. S
Birmingham, Alabama 35205
(205)930-9900
(205)930-9989
fdavis@davisnorris.com
jnorris@davisnorris.com
tvail@davisnoris.com
wbarnett@davisnorris.com

## CERTIFICATE OF SERVICE

  I hereby certify that the above and forgoing has been served on Liason Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and email and email upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 8(b), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___29th___ day of  July 2010.

          /s/*D. Frank Davis*
          Of Counsel