# EXHIBIT F

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE HANFORD NUCLEAR RESERVATION LITIGATION | NO.  CV-91-3015-WFN<br><br>**ORDER ESTABLISHING EQUITABLE RESERVE FUND** |

At the status conference held October 21, 2009, the Court granted Plaintiffs' Motion for Entry of Order for Equitable Reserve, filed August 4, 2009, Ct. Rec. 2322. This Order is entered to set forth the specific provisions regarding the establishment of the fund. Accordingly,

**IT IS ORDERED** that:

1. When the Court required the designation of lead counsel in this case it was contemplated that a reimbursement plan would be developed for costs and attorneys' fees for Plaintiffs' lead counsel. Certain other of Plaintiffs' attorneys have also acted for the common benefit of Plaintiffs over the course of the litigation. Two Plaintiffs have received trial judgments and four Plaintiffs have been dismissed on the representation that their claims have been settled. It is time to establish a fair system for the sequestration of a certain percentage of all payments made by Defendants in settlements or satisfactions of judgments (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to Plaintiffs' lead counsel and other attorneys who have performed work for the common benefit of

ORDER ESTABLISHING EQUITABLE RESERVE FUND - 1

Plaintiffs in this complex litigation (all such attorneys hereinafter referred to as "Common Benefit Attorneys"), subject to a proper showing in the future.

2. Future payments to the Common Benefit Attorneys from the equitable fund will not diminish an individual Plaintiff's recovery, if they are represented by counsel, because such payments are deducted from the share to which each Plaintiff's private counsel is entitled under his or her arrangement with the client.

3. Plaintiffs' Lead Counsel shall establish an insured, interest bearing escrow account at Washington Trust Bank, Attention Dale Sebo, in Spokane, Washington. Washington Trust Bank shall serve as the escrow agent. The account shall be maintained to receive and disburse funds as provided by orders of this Court. The account shall be designated as the "Hanford Litigation Common Benefit Fund" (hereinafter referred to as the "Common Benefit Fund").

4. No party or attorney has any individual right to any of the funds in the Common Benefit Fund except to the extent of amounts directed to be disbursed to such person by order of the Court.

5. Before making any claim payment to a Plaintiff in this litigation Defendants shall deduct from such payment an amount of thirteen percent (13%).

6. Defendants shall have primary responsibility for withholding thirteen percent (13%) of the claim payments and tendering such sums to the Common Benefit Fund as required by Paragraph 5. If, however, the Defendants fail to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by Defendants in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the Plaintiff and/or his or her counsel under terms that are just and equitable.

7. For each Plaintiff who has received a claim payment from Defendants in this litigation since 2003, the individual pro se Plaintiff or Plaintiff's counsel shall calculate

**ORDER ESTABLISHING EQUITABLE RESERVE FUND - 2**

thirteen percent (13%) of the amount paid. Each individual pro se Plaintiff or Plaintiff's counsel shall deposit the thirteen percent (13%) into the Common Benefit Fund no later than thirty (30) days from the date of this Order. Each pro se Plaintiff or Plaintiff's counsel shall provide Plaintiffs' Lead Counsel with a certificate that the thirteen percent (13%) has been deposited into the Common Benefit Fund.

8. Defendants, and Plaintiffs and their counsel, who are in any way affected by the creation of an obligation to make a deposit to the Common Benefit Fund are individually responsible for promptly reporting to the escrow agent the terms of any settlement or judgment that may be subject to this Order so that the agent can monitor compliance with this Order.

9. Should the escrow agent believe that a party has failed to comply with the requirements of this Order, the agent shall notify Plaintiffs' Lead Counsel by letter detailing the potential non-compliance within 30 days of the event.

10. No order of dismissal of any Plaintiff's claim in which recovery is received, and which is subject to this Order, shall be filed unless accompanied by a certificate of Plaintiff's and Defendants' counsel that the thirteen percent (13%) will be withheld and deposited into the Common Benefit Fund at the time any claim payment is made.

11. If, at the conclusion of this litigation, the amount in the Common Benefit Fund exceeds the amount needed to make all payments for common benefit fees and costs, the surplus will be returned to the individual Plaintiffs and their counsel who had the thirteen percent (13%) either withheld by the Defendants or who deposited thirteen percent (13%) of their recovery into the Common Benefit Fund pursuant to this Order.

12. Any disputes arising under this Order, which cannot be resolved by agreement of counsel, will be resolved by this Court in the exercise of its jurisdiction under the equitable principles of the common-fund, common benefit doctrine.

**ORDER ESTABLISHING EQUITABLE RESERVE FUND - 3**

1  13. Defendants bear no responsibility for administering or making disbursements from
2  the Common Benefit Fund, and shall not be subject to any liability arising from such
3  activities. Defendants' sole responsibility is to tender thirteen percent (13%) of any claim
4  payment to the Common Benefit Fund as required by Paragraphs 5 and 6.

5  The District Court Executive is directed to file this Order and provide copies to
6  counsel; Mediator Gary Bloom; **AND TO** pro se Plaintiffs Noreen L. Wynne, Marylin F.
7  Mlnarik, and Kerry L. Todd.

8  **DATED** this 12th day of November, 2009.

10                          s/ Wm. Fremming Nielsen
                        WM. FREMMING NIELSEN
11  H\O\11-1209              SENIOR UNITED STATES DISTRICT JUDGE

**ORDER ESTABLISHING EQUITABLE RESERVE FUND** - 4