# EXHIBIT G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL CASES. | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699<br><br>**PRETRIAL ORDER NO. 8A: AMENDMENT TO ORDER ESTABLISHING COMMON BENEFIT FUND** |

## I. SCOPE OF ORDER

1. <u>Order Applicable to All Cases in MDL Proceedings</u>. This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings.

2. <u>Amendment to Section A(1) of Pretrial Order No. 8 Only</u>. This Order shall amend and supersede only Section A(1) of Pretrial Order No. 8 relating to assessments for the common benefit fund, unless otherwise provided in this Order. Nothing in this Order shall be construed to amend any other portion of Pretrial Order No. 8, unless otherwise provided.

3. <u>Purpose of Amended Order</u>. On February 27, 2006, this Court issued Pretrial Order No. 8. Pursuant to the Court's authority under the common benefit doctrine,

-1-

1  Pretrial Order No. 8 established a common benefit fund and a system of voluntary assessments on
2  cases filed and/or transferred to this Court, as well as on cases filed in other jurisdictions where
3  common discovery and the work product of the MDL Plaintiffs' Steering Committee ("PSC"),
4  including all those performing PSC-approved common benefit work, might be used. While 90-
5  day participation agreements have been received from many of the firms which have cases
6  pending in or transferred to this Court, it has come to the Court's attention that, despite the low
7  initial assessments (2% costs and 2% fees) established under the 90-day participation options, a
8  few firms have failed to voluntarily agree to an assessment, even though they have received the
9  benefit of the PSC's extensive work product and discovery, as well as the benefit of common
10 expenses paid by the PSC. Given the extensive work, including discovery, expert, and bellwether
11 trial preparation, that has been conducted by Court-designated counsel, including Plaintiffs'
12 Liaison Counsel and the members of the PSC (including its subcommittees), and given the size
13 and length of the litigation, the Court finds that the current 2% costs and 2% fees assessment is
14 inadequate to properly reimburse members of the PSC for their out-of-pocket costs and to pay for
15 appropriate and necessary common benefit work. The Court therefore finds that an increased
16 assessment is warranted because the litigation has been pending for nearly three years and a
17 substantial amount of PSC-approved common benefit work has been done by Plaintiffs' Liaison
18 Counsel and the PSC. Absent this substantial and necessary common benefit work, the Court
19 would not otherwise approve an increased assessment.

20          4.      Scope of Common Benefit. The Court finds that any case transferred to or
21 filed in this Court benefits from PSC common benefit work product and discovery, and from the
22 expenses borne by the PSC. The Court further finds that the PSC's work and leadership relieves
23 the plaintiffs' attorneys in these cases of the prohibitively expensive and time-consuming
24 individual work that would be required absent this MDL, and that it is unfair and detrimental to
25 the MDL and federal/state coordination to allow firms to take the benefit of PSC work product
26 without providing any compensation.
27 /////
28 /////

II. **ASSESSMENT FOR THE COMMON BENEFIT FUND**

5. <u>Categories of Counsel</u>. All counsel with cases and/or claims alleging personal injury due to the ingestion of Bextra and/or Celebrex fall into one of the following categories:

    a. <u>Early Participating Attorneys</u>. The term "Early Participating Attorneys" shall refer to counsel who signed a "90-Day Participation Option Agreement" (Exhibit A to Pretrial Order No. 8) within ninety days of the entry of Pretrial Order No. 8, or within 45 days from the date of such counsel's initial filing of a personal injury claim relating to Celebrex or Bextra that became part of these MDL proceedings. All members of the MDL Plaintiffs' Steering Committee ("PSC"), any PSC sub-committee members, and any Court approved State Liaison Committee shall be required to sign the 90-Day Participation Option Agreement.

    b. <u>Later Participating Attorneys</u>. The term "Later Participating Attorneys" shall refer to counsel who signed a "Post 90-Day Assessment Option Agreement" (Exhibit B to Pretrial Order No. 8) more than ninety days after the entry of Pretrial Order No. 8 or more than 45 days from the date of such counsel's initial filing of a personal injury claim relating to Celebrex or Bextra that became part of these MDL proceedings.

    c. <u>Non-Participating Attorneys Settling an MDL Case</u>. The term "Non-Participating Attorneys Setting an MDL Case" shall refer to counsel who have not signed a "90-Day Participation Option Agreement" or a "Post 90-Day Assessment Option Agreement" and who settle a personal injury case in the MDL proceedings.

    d. <u>Non-Participating Attorneys Settling a Non-MDL Case</u>. The term "Non-Participating Attorneys Settling a Non-MDL Case" shall refer to counsel who have not signed a "90-Day Participation Option Agreement" or a "Post 90-Day Assessment Option Agreement" and who settle a personal injury case that is not in the MDL (*i.e.*, a case pending in state court, a case settled prior to transfer to these MDL proceedings, or an unfiled claim) ("a non-MDL case").

6. <u>Assessments</u>. All plaintiffs and their attorneys who agree or have agreed to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a

-3-

1  judgment for monetary damages or other monetary relief, including compensatory and punitive
2  damages, with respect to any Bextra and/or Celebrex personal injury claims are subject to an
3  assessment of the "gross monetary recovery," as provided in this paragraph. In measuring the
4  "gross monetary recovery," the parties shall exclude court costs that are to be paid by the
5  defendant but shall include the present value of any fixed and certain payments to be made in the
6  future.

7        a.  <u>Early Participating Attorneys</u>. Early Participating Attorneys who
8  settle: (i) any Bextra and/or Celebrex personal injury case in the MDL proceedings (including
9  cases later remanded to a state court), (ii) any other personal injury case filed in federal or state
10 court, and/or (iii) any unfiled personal injury claim (collectively, "a Participating Attorney case
11 and/or claim") shall, if such settlement is executed after or on April 1, 2008 but before the
12 termination of these MDL proceedings, pay a total of eight percent (8%) of the gross monetary
13 recovery in such cases and/or claims. Six percent (6%) shall be deemed fees to be subtracted
14 from the attorneys' fees portions of individual fee contracts, and two percent (2%) shall be
15 deemed costs to be subtracted from the client portion of individual fee contracts. This increased
16 assessment shall not apply to any settlements executed prior to April 1, 2008.

17       b.  <u>Later Participating Attorneys</u>. Later Participating Attorneys who
18 settle any Participating Attorney case and/or claim shall, if such settlement is executed after or on
19 April 1, 2008 but before the termination of these MDL proceedings, pay a total of ten percent
20 (10%) of the gross monetary recovery in such cases and/or claims. Eight percent (8%) shall be
21 deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two
22 percent (2%) shall be deemed costs to be subtracted from the client portion of individual fee
23 contracts. This increased assessment shall not apply to any settlements executed prior to April 1,
24 2008.

25       c.  <u>Non-Participating Attorneys Settling an MDL Case</u>. Non-
26 Participating MDL Attorneys who settle any Bextra and/or Celebrex personal injury case in the
27 MDL proceedings (including cases later remanded to a state court) shall, if such settlement is
28 executed after or on April 1, 2008 but before the termination of these MDL proceedings, pay a

-4-

1  total of twelve percent (12%) of the gross monetary recovery in such cases and/or claims. Ten
2  percent (10%) shall be deemed fees to be subtracted from the attorneys' fees portions of
3  individual fee contracts, and two percent (2%) shall be deemed costs to be subtracted from the
4  client portion of individual fee contracts. Any counsel with an MDL case who decides not to
5  become a Participating Attorney, but who desires access to MDL and/or PSC non-work-product
6  materials, including but not limited to non-work product portions of the virtual document
7  repository, shall be allowed access to such non-work product materials upon payment of
8  appropriate costs. This increased assessment shall not apply to any settlements executed prior to
9  April 1, 2008.
10         d.   <u>Non-Participating Attorneys Settling a Non-MDL Case</u>. Nothing in
11 this Order shall limit the PSC's right or ability to seek an equitable contribution from any gross
12 monetary recovery by a Non-Participating Attorney settling a non-MDL personal injury case in
13 which such counsel obtained access to, or the benefit of, MDL work product.
14         e.   <u>Assessments for Cases or Claims in Skin Injury Settlement
15 Program</u>. In any case or claim involving a plaintiff who has alleged a skin injury ("a skin injury
16 plaintiff") and whose claim has been evaluated in the Skin Injury Settlement Program, the
17 following assessments shall apply:
18             i.   <u>Skin Cases Pending in MDL Proceedings</u>. If the skin injury
19 plaintiff's attorney notified Pfizer of the skin claim in writing prior to April 1, 2008, and the case
20 is settled through the Skin Injury Settlement Program, such a settlement shall be subject to the
21 four percent (4%) assessment originally established by Pretrial Order No. 8. Where a skin injury
22 plaintiff's attorney did not notify Pfizer of the skin claim in writing prior to April 1, the case shall
23 be subject to the assessments imposed in paragraphs 6(a) through 6(c) of this Order, depending on
24 the counsel's participation status.
25             ii.  <u>Skin Claims Not Pending in MDL Proceedings</u>.
26                  A.   <u>Participating Attorneys</u>. If a skin injury plaintiff's
27 attorney notified Pfizer of the skin claim in writing prior to April 1, 2008, the claim is settled
28 through the Skin Injury Settlement Program, and the plaintiff's attorney is an Early or Later

-5-

PRETRIAL ORDER NO. 8A: AMENDMENT TO ORDER ESTABLISHING COMMON
BENEFIT FUND – M:05-CV-01699-CRB

1  Participating Attorney as defined by paragraphs 5(a) and 5(b) of this Order, such a settlement
2  shall be subject to the four percent (4%) assessment originally established by Pretrial Order No. 8.
3  If a skin injury plaintiff's attorney did not notify Pfizer of the skin claim in writing prior to April
4  1, 2008, and the plaintiff's attorney is an Early or Later Participating Attorney as defined by
5  paragraphs 5(a) and 5(b) of this Order, such a case shall be subject to the assessments imposed in
6  paragraphs 6(a) and 6(b) of this Order.
7       B.  Non-Participating Attorneys. If a skin injury
8  plaintiff's attorney notified Pfizer of the skin claim in writing prior to April 1, 2008, the claim is
9  settled through the Skin Injury Settlement Program, and the plaintiff's attorney is a Non-
10 Participating Attorney as defined by paragraph 5(d) of this Order, such a claim shall not be
11 subject to any assessment by this Court. This provision, however, shall not limit the PSC's right
12 or ability to seek an equitable contribution from any gross monetary recovery by a Non-
13 Participating Attorney settling a non-MDL skin injury case in which such counsel obtained access
14 to, or the benefit of, MDL work product.
15    7.  Parties' Obligations When Case Settled – Payments to Common Benefit
16 Fund and Certifications of Participation Status.
17      a.  Early Participating Attorneys – Certification of Early Participation
18 and Payment to Fund. When an Early Participating Attorney settles a Participating Attorney case
19 and/or claim, such counsel shall provide counsel for Pfizer with a Certification of Early
20 Participation, which shall include for the first case or claim settled by such counsel a signed copy
21 of the "90-Day Participation Option Agreement" (Exhibit A to Pretrial Order No. 8). Pfizer may
22 not disburse settlement proceeds to the Early Participating Attorney until Pfizer has received such
23 a certification and a signed stipulation of dismissal, and the Court will not dismiss any MDL
24 cases without such a certification. Upon receipt of such a certification, Pfizer shall pay the
25 assessment amount to the trust account established by Plaintiffs' Liaison Counsel (8% of the total
26 settlement amount, pursuant to paragraph 6(a) of this Order) and disburse the remainder to the
27 Early Participating Attorney. Any certification filed with the Court along with a dismissal shall
28 not disclose the amounts of any assessments paid to the common benefit fund.

-6-

      b.   <u>Later Participating Attorneys – Certification of Later Participation and Payment to Fund</u>. When a Later Participating Attorney settles a Participating Attorney case and/or claim, such counsel shall provide counsel for Pfizer with a Certification of Later Participation, which shall include for the first case or claim settled by such counsel a signed copy of the "Post 90-Day Assessment Option Agreement" (Exhibit B to Pretrial Order No. 8). Pfizer may not disburse settlement proceeds to the Later Participating Attorney until it has received such a certification and a signed stipulation of dismissal, and the Court will not dismiss any MDL cases without such a certification. Upon receipt of such a certification, Pfizer shall pay the assessment amount to the trust account established by Plaintiffs' Liaison Counsel (10% of the total settlement amount, pursuant to paragraph 6(b) of this Order) and disburse the remainder to the Later Participating Attorney. Any certification filed with the Court along with a dismissal shall not disclose the amounts of any assessments paid to the common benefit fund.

      c.   <u>Non-Participating Attorneys Settling an MDL Case – Certification of Non-Participation and Payment to Fund</u>. When a Non-Participating Attorney settles an MDL case (*i.e.*, when no certification of participation is provided as set forth above), such counsel shall pay the assessment amount to the trust account established by Plaintiffs' Liaison Counsel (12% of the total settlement amount, pursuant to paragraph 6(c) of this Order). Prior to disbursement of the settlement proceeds, such counsel must provide counsel for Pfizer with a Certification of Non-Participation and Payment to the Common Benefit Fund, which shall include as an exhibit proof of the amount paid to the fund. Pfizer may not disburse settlement proceeds until it has received such a certification and a signed stipulation of dismissal, and the Court will not dismiss any MDL cases without such a certification. Any certification filed with the Court along with a dismissal shall <u>not</u> include any exhibit with proof of the amount of payment or otherwise disclose the amount of any assessment paid to the common benefit fund. Pfizer shall retain copies of the exhibits with proof of the amount of payment for each case. These shall be made available only: (i) to the Special Master for an *in camera* inspection (*i.e.*, not to any counsel for Plaintiffs, including Plaintiffs' Liaison Counsel or any other PSC member); and (ii) for auditing purposes

/////

-7-

1  upon a showing of good cause (*e.g.*, if questions arise concerning the payment of assessments on
2  MDL cases).

3               d.   <u>Non-Participating Attorneys Settling a Non-MDL Case –
4  Certification of Non-Participation and Indemnification for Assessment</u>. When a Non-
5  Participating Attorney settles a non-MDL case, such counsel must provide counsel for Pfizer with
6  a Certification of Non-Participation and Indemnification for Assessment for each case, in the
7  event that the PSC later seeks an equitable contribution from any gross monetary recovery by the
8  Non-Participating Attorney. Pfizer may not disburse settlement proceeds until it has received
9  such a certification and indemnification. Plaintiff and his or her counsel are jointly responsible
10 for such indemnification. Pfizer shall retain copies of the certification and indemnification, as
11 well as documentation showing the settlement amount paid in each case. These shall be made
12 available only: (i) to the Special Master for an *in camera* inspection (*i.e.*, not to any counsel for
13 Plaintiffs, including Plaintiffs' Liaison Counsel or any other PSC member); and (ii) for auditing
14 purposes upon a showing of good cause (*e.g.*, if questions arise concerning the payment of
15 assessments where the Non-Participating Attorney received access to MDL work product).

16       8.   <u>PSC to Report Participation Status</u>. The PSC shall provide Defendants'
17 Liaison Counsel, all plaintiffs' counsel, the escrow agent, and the Court or its designee with a list
18 of counsel who are Early Participating Attorneys and Later Participating Attorneys on a periodic
19 basis, and not less than every three months. In the event there is a dispute as to whether a case is
20 subject to an assessment, the PSC shall resolve the matter with the particular plaintiff's counsel
21 either informally or upon motion. In such event, Pfizer shall not disburse any settlement proceeds
22 until the dispute or motion is resolved.

23       9.   <u>Pfizer to Report Counsel Who Have Settled Cases</u>. On a monthly basis,
24 beginning on May 31, 2008, Pfizer shall provide to Plaintiffs' Liaison Counsel a confidential list
25 of all counsel who settled MDL cases and/or non-MDL cases relating to Bextra and/or Celebrex
26 in the prior month and the participation status of such counsel (*e.g.*, Pfizer's May 31, 2008 report
27 shall list counsel who settled MDL cases and/or non-MDL cases relating to Bextra and/or
28 Celebrex in April 2008). Paragraph A(2)(e) of Pretrial Order No. 8 is hereby amended so that

-8-

1  Pfizer shall not be required to identify the specific claimants or plaintiffs whose cases it settled.
2  This provision shall not be construed to require Pfizer to disclose to Plaintiffs' Liaison Counsel
3  any information other than the counsel who settled MDL cases and/or non-MDL cases (*i.e.*, Pfizer
4  shall not be required to disclose the number of cases settled or the amounts of any settlements).
5  Plaintiffs' Liaison Counsel may not disclose the list to any other plaintiffs' counsel, including
6  other attorneys on the Plaintiffs' Steering Committee.
7              10.    <u>Order Does Not Preclude Future Agreements Regarding Common Benefits</u>.
8  Nothing in this Order shall preclude the PSC and Pfizer from agreeing to other provisions for
9  common benefit compensation or reimbursement, so long as such agreements are subject to the
10 approval of this Court and do not increase the assessment percentages paid by participating
11 plaintiffs.
12 **IT IS SO ORDERED.**
13
14 Dated: July 7, 2008                                    /s/
                                                _____
15                                              HONORABLE CHARLES R. BREYER
                                                UNITED STATES DISTRICT JUDGE